UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * | CIVIL ACTION 2:07-MD-1873 |
| | * | JUDGE ENGLEHARDT - DIV. N |
| PERTAINS TO: NELSON versus GULFSTREAM, U.S.D.C. W.D. LA No. 07-921 | * * * | MAGISTRATE ROBY - MAG. 4 |

**************************************************************************

MEMORANDUM IN SUPPORT OF
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

MAY IT PLEASE THE COURT:

Plaintiffs, Kimberly Nelson, *et al.,* and respectfully move this Court for leave to file an amended complaint to provide further detail in support of their existing claims, name additional putative class representatives, name additional defendants, and raise further causes of action.

The only defendant who has filed a responsive pleading in this matter, Gulf Stream Coach, will not be prejudiced by this amendment, since Gulf Stream's motion to dismiss argues that plaintiffs have not alleged sufficient facts about their claims against Gulf Stream, which would be supplied by an amendment, even if this Court were to rule in favor of Gulf Stream. Gulf Stream is

already aware of the substance of plaintiffs' amended complaint due to the previously-filed lawsuits against Gulf Stream and due to the extensive media coverage and Congressional investigation of the hazardous FEMA trailers.

The undersigned contacted counsel for Gulf Stream Coach, Timothy Scandurro, the only defendant who has filed a responsive pleading to date, by telephone on September 25, 2007.  Mr. Scandurro indicated that he needed to consult with his client regarding this motion to amend and would inform the undersigned of Gulf Stream's position after he consulted with his client.  As of the date of this filing, Gulf Stream Coach should be considered as **not** consenting to this motion for leave to amend.

This motion was previously filed before Judge Melancon.  The Court in the Western District of Louisiana delayed ruling on this motion pending the decision of the Judicial Panel on Multi-District Litigation, which recently ordered consolidation and transfer of the pending cases concerning the FEMA trailers to Your Honor.  Plaintiffs, Kimberly Nelson, et al, now, respectfully urges this Court to hear and grant their motion for leave to file an amended complaint.

### Statement of Procedural History

Plaintiffs, Kimberly Nelson, et al, filed this lawsuit on May 30, 2007.  On July 25, 2007, Gulf Stream Coach's executed waiver of service was entered into the record.  To date, Fleetwood Enterprises has not responded to plaintiffs' request for a waiver of service.

Plaintiffs, out of an abundance of caution and in compliance with Local Rule 23.1.B, filed a motion to certify this matter as a class action on July 25, 2007, which this Court denied without prejudice on August 22, 2007.

After filing a motion for extension of time, Gulf Stream Coach filed a motion to dismiss on

September 6, 2007, which has been set for consideration on October 24, 2007 without oral argument. Gulf Stream's motion argues that plaintiffs have not alleged sufficient facts linking the plaintiffs claims to Gulf Stream's travel trailers.

During the time that this case has been pending, two major developments have occurred. First, congressional hearings exposed FEMA and the travel trailer manufacturers' continuing complicity in subjecting hurricane victims to formaldehyde in the quickly and shoddily built trailers. Second, a motion to transfer and consolidate all of the FEMA trailer cases presently pending in the Western District, Middle District and Eastern District of Louisiana has been filed with the Judicial Panel on Multidistrict Litigation, which will be argued on September 27, 2007.

To date, this Court has not conducted any hearings in this matter; initial disclosures have not been made; and a scheduling order has not been entered. Gulf Stream will not be prejudiced by this amendment. In fact, Gulf Stream's motion to dismiss could be rendered moot by this amendment, enabling this case to move forward.

**Law and Argument:**

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to file amended pleadings "shall be freely given when justice so requires." "This, and other federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Musso v. Progressive Northwestern Insurance Co.*, No. 06-4114 (E.D. La. 1/30/07) 2007 U.S. Dist. Lexis 6862 (*quoting Conley v. Gibson*, 355 U.S. 41, 48 (1957)).

The Fifth Circuit Court of Appeals has stated that the District Court's "discretion" to grant leave to file an amended complaint, "may be misleading, because Federal Rule of Civil Procedure

15(a) evinces a bias in favor of granting leave to amend.  As a result, absent a substantial reasons such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial.  Stated differently, district courts must entertain a presumption in favor of granting parties leave to amend." *Mayeaux v. Hyman*, 376 F.3d 420, 425 (5th Cir. 2004).  *See also Jacobson v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998); *Kansas City Southern Rail Way Co. v. Conagra Poultry Co.*, No. 06-0003 (W.D. La. 11/17/06) 2006 U.S. Dist. Lexis 83883.  "This policy is strongest when the motion challenged is the first motion to amend." *Musso v. Progressive Northwestern Insurance Co.*, No. 06-4114 (E.D. La. 1/30/07) 2007 U.S. Dist. Lexis 6862 (*citing Thompson v. New York Life Ins. Co.*, 644 F.2d 439, 444 (5th Cir. 1981)).

Here, the one defendant who has filed a responsive pleading to date will not be prejudiced by the amended complaint, and will even have their objections of insufficient pleading addressed by the amended complaint.  Naming additional class representatives, that are already within the proposed scope of the class will not change the underlying facts about the history of the ordering, manufacturing and defects of the FEMA trailers, which should already be well-known to the trailer manufacturers and FEMA, due to their own role in this public health crisis, the previously-filed lawsuits, extensive media coverage and congressional investigation and hearings.  Expanding the scope of claims in this litigation will conserve judicial resources, by avoiding the filing of another lawsuit regarding the FEMA trailers.

**WHEREFORE,** for the foregoing reasons, Plaintiffs, Kimberly Nelson, et al, pray that this Court grant plaintiffs leave to file the attached amended complaint.

Respectfully submitted,

__/s/ John K. Etter_____
ROY J. RODNEY, JR.(# 2079)
JOHN K. ETTER (# 25042)
RODNEY & ETTER, LLC
200 West Congress Street, Ste. 650
Lafayette, LA 70501
Telephone:(337) 232-6924
Fax: (337) 232-6854
**Counsel for Plaintiffs**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has this day been forwarded to all known counsel of record by electronic filing and transmission via this Court's ECF system.  A copy of the foregoing pleading was delivered to the Office of the United States Attorney for the Eastern District of Louisiana via U.S. mail postage prepaid or via hand delivery.  Signed this 1st day of November, 2007.

_____/s/ John K. Etter_____
JOHN K. ETTER