UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * | CIVIL ACTION 2:07-MD-1873 |
| | * | JUDGE ENGLEHARDT - DIV. N |
| PERTAINS TO:   NELSON versus GULF STREAM, U.S.D.C. W.D. LA No. 07-921 | * * * | MAGISTRATE ROBY - MAG. 4 |

**************************************************************************

MOTION FOR PRELIMINARY INJUNCTION
AND REQUEST FOR EXPEDITED HEARING

**NOW INTO COURT,** through undersigned counsel come, Plaintiffs, Kimberly Nelson, et al, who move this Court to enjoin and mandate action by the United States Department of Homeland Security Federal Emergency Management Agency ("FEMA") and its Administrator, R. David Paulison.[1]

---

[1] Plaintiffs hereby re-aver and incorporate by reference the allegations contained in their original and amended petitions in this matter, and hereby introduce and request admission and consideration of the exhibits referenced in the original and amended petitions, in support of this motion for preliminary injunction. Plaintiffs further request this Court to take judicial notice of the facts contained in the

Plaintiffs aver that this motion for preliminary injunction against FEMA is timely, for the reasons that the time for parties to oppose plaintiffs' motion for leave to file an amended complaint naming FEMA has elapsed without any oppositions being filed. Therefore, plaintiffs' motion for leave is unopposed and should be granted. A copy of this motion for preliminary injunction will be hand delivered to the Office of the United States Attorney for the Eastern District of Louisiana on the day this motion is filed. Plaintiffs have requested that this motion for preliminary injunction be heard four weeks after it is filed, so that issuance of summons and service upon FEMA can be accomplished at least fifteen days before the hearing date.

An expedited hearing is requested, because the plaintiffs are being poisoned every day that they continue to live in the FEMA trailers.

Plaintiffs move this Court to grant all FEMA trailer residents declaratory, injunctive and mandatory relief, under the Civil Rights Act, and other causes of action, including but not limited to:

1) **Ordering Paulison and FEMA to test all of the travel trailers and inform the residents of the formaldehyde levels that they have been exposed to;**

2) **Ordering Paulison and FEMA to immediately move all FEMA trailer residents who desire to leave out of the toxic trailers;**

3) **Ordering Paulison and FEMA to provide immediate medical services and on-going medical monitoring to all class members for their present and future formaldehyde-related injuries and medical conditions;**

---

original and amended petitions regarding the actions and omissions of FEMA since Hurricane Katrina and Hurricane Rita, which have resulted in thousands of people being exposed to formaldehyde.

4) **Ordering Paulison and FEMA to preserve all of the FEMA travel trailers that have and/or will be deactivated, so that testing for formaldehyde can be performed;**

5) **Ordering Paulison and FEMA to maintain an inventory, preserve, maintain, and produce any and all records, documents, databases, communications, and/or tangible items that reflect the contracting, specification, manufacturing, inspection, testing, delivery, occupancy, maintenance, and/or residence in the FEMA trailers;**

6) **Ordering Paulison and FEMA to contact and instruct all travel trailer manufacturers and contractors to preserve, maintain and produce any and all records, documents, databases, communications, and/or tangible items that reflect the contracting, manufacturing, inspection, testing, delivery, occupancy, maintenance, and/or residence in the FEMA trailers;**

7) **Ordering Paulison and FEMA to maintain, preserve and produce any and all records, documents, databases, communications, and/or tangible items that reflect the names, ages, addresses and other contact information concerning all persons who resided in the FEMA trailers, subject to appropriate protective orders to be determined by this Court and counsel;**

8) **Ordering Paulison and FEMA to contact and instruct all travel trailer manufacturers and contractors to maintain, preserve and produce any and all records, documents, databases, communications, and/or tangible items that reflect the names, ages, addresses and other contact information concerning all**

persons who resided in the FEMA trailers, subject to appropriate protective orders to be determined by this Court and counsel;

9) Ordering Paulison and FEMA to maintain, preserve and produce any and all records, documents, databases, communications, and/or tangible items that reflect complaints, inquiries, concerns and/or communications about formaldehyde exposure in the FEMA trailers, subject to appropriate protective orders to be determined by this Court and counsel;

10) Ordering Paulison and FEMA to contact and instruct all travel trailer manufacturers and contractors to maintain, preserve and produce any and all records, documents, databases, communications, and/or tangible items that reflect complaints, inquiries, concerns and/or communications about formaldehyde exposure in the FEMA trailers, subject to appropriate protective orders to be determined by this Court and counsel;

11) Ordering Paulison and FEMA to maintain, preserve and produce any and all records, documents, databases, communications, and/or tangible items that reflect testing for formaldehyde in FEMA travel trailers, whether performed by or at the direction of FEMA, FEMA contractors, other federal, state or local government agencies, trailer residents, public health entities, non-profit organizations, including but not limited to the Sierra Club, counsel and/or others;

12) Ordering Paulison and FEMA to contact and instruct all travel trailer manufacturers and contractors to maintain, preserve and produce any and all

      **records, documents, databases, communications, and/or tangible items that reflect testing for formaldehyde in FEMA travel trailers, whether performed by or at the direction of FEMA, FEMA contractors, other federal, state or local government agencies, trailer residents, public health entities, non-profit organizations, including but not limited to the Sierra Club, counsel and/or others; and**

13) **Ordering Paulison and FEMA to contact and instruct the United States Department of Homeland Security, the Environmental Protection Agency, the Agency for Toxic Substances and Disease Registry and/or other federal, state and/or local government agencies to maintain, preserve and produce any and all records, documents, databases, communications and/or tangible items that concern, reflect and/or relate to the topics listed in the above sub-sections 5 through 12.**

Plaintiffs further move for this Court to retain jurisdiction and supervise the conduct of FEMA for such time as may be necessary to assure that plaintiffs and those similarly situated are able provided safe housing and medical care.

**WHEREFORE**, for the foregoing reasons and for the reasons contained in the attached supporting memorandum, plaintiffs, Kimberly Nelson, et al, pray that this Court, after a contradictory evidentiary hearing, grant this motion and enter preliminary injunctions as described above.

Respectfully submitted,

__/s/ John K. Etter_____
ROY J. RODNEY, JR.(# 2079)
JOHN K. ETTER (# 25042)
RODNEY & ETTER, LLC
200 West Congress Street, Ste. 650
Lafayette, LA 70501
Telephone:(337) 232-6924
Fax: (337) 232-6854
**Counsel for Plaintiffs**

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has this day been forwarded to all known counsel of record , by placing same in the United States Mail, properly addressed and postage pre-paid, or via electronic filing and transmission. Signed this 14th day of November, 2007. A copy of this pleading will also be hand delivered to the Office of the United States Attorney for the Eastern District of Louisiana.

_____/s/ John K. Etter_____
JOHN K. ETTER