UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE FEMA TRAILER PRODUCTS LIABILITY LITIGATION** | **MDL DOCKET 1873** |
| | **SECTION "N" (4)** |
| **This Document Relates to:** | **JUDGE ENGELHARDT** |
| *Hillard v. U.S., et al.*, | |
| **Suit No. 06-2576** | **MAG. JUDGE ROBY** |

**MEMORANDUM IN SUPPORT OF RE-FILED MOTION TO DISMISS AND/OR STRIKE CLAIMS FOR CLASS ACTION RELIEF BY DEFENDANTS STARCRAFT RV, INC. AND PILGRIM INTERNATIONAL, INC.**

Defendants Starcraft RV, Inc. and Pilgrim International, Inc. (collectively "Starcraft and Pilgrim") have re-filed their motion to dismiss and/or strike the plaintiffs' claims for class action relief.[1]  Starcraft and Pilgrim submit this memorandum in support of their motion.

SUMMARY OF ARGUMENT

Uniform District Court Rule 23.1 unambiguously requires that "within 90 days after filing of a complaint in a class action, unless the period is extended on motion for

---

[1] The motion is based on Federal Rules 12(b)(6) and 12(f).  Starcraft and Pilgrim originally filed this motion on April 23, 2007.  See *Hillard*, Rec. Doc. No. 145.  Starcraft and Pilgrim have resubmitted this motion pursuant to the Court's November 6, 2007 order.

{B0478334.1}

good cause appearing, the plaintiff *shall move* for certification under FRCP 23(c)(1)...."[2]

At the time Starcraft and Pilgrim filed their original motion, the *Hillard* lawsuit had been pending for nearly one year. As of that time, the Plaintiffs had not (and still have not) moved for class certification or sought a timely extension of the deadline.[3] Consequently, the Court should dismiss, or, alternatively, strike the plaintiffs' request to proceed as a class action.

## LAW AND ARGUMENT

**1.    The Plaintiffs have not complied with Uniform Local Rule 23.1.**

Uniform Local Rule of 23.1(B) contains the following relevant provision:

> Within 90 days after the filing of a complaint in a class action, unless this period is extended on motion for good cause appearing, the plaintiff shall move for a certification under FRCP 23(c)(1), as to whether the case is to be maintained as a class action.

LR 23.1 tracks the language of Federal Rule 23, which requires the district court to "at an early practicable time—determine by order whether to certify the action as a class action."[4]  Based on that language, "the general notion is that, when feasible, the certification decision should be made promptly."[5]

---

[2] Emphasis added.

[3] Shortly after Starcraft and Pilgrim filed their initial motion, plaintiffs filed a belated motion for extension of time. *See Hillard*, Rec. Doc. No. 151. Starcraft, Pilgrim and other defendants opposed that motion. *See* Rec. Doc. Nos. 154, 155 and 156.

[4] FRCP Rule 23(b)(1)(A).

[5] Wright and Miller, *Federal Practice and Procedure*, §1785.3, p. 448.

{B0478334.1}                              2

Plaintiffs filed their complaint on May 18, 2006. Quickly thereafter, they filed two amendments to the complaint on May 23, 2006 and June 16, 2006. At the time Starcraft and Pilgrim filed their original motion, the plaintiffs' complaint has been pending for nearly a year—340 days to be precise. In that time-frame, plaintiffs did not move to certify the class or request an extension of time to do so. To date, plaintiffs have still not filed a motion to certify their putative class. Thus, under any interpretation, plaintiffs failed to comply with Uniform Rule 23.1 and the Court should dismiss plaintiffs' class claims in their entirety.

After Starcraft and Pilgrim filed their motion to dismiss and/or strike, the plaintiffs filed a belated motion for extension of time.[6] The defendants opposed that motion and noted that plaintiffs had not established "good cause" or demonstrated "excusable neglect" for their failure to meet the deadline.[7] In short, the plaintiffs offered no legitimate explanation as to why the Court should allow them more time to move for class certification. They still have not offered a sufficient explanation.

2.  **This Court and other courts in the Eastern District have routinely applied Uniform Rule 23.1 to dismiss class action claims.**

In a recent ruling issued in the *McGuire* case, another lawsuit within the MDL proceeding, the Court granted a motion to dismiss because the plaintiffs failed to move

---

[6] Rec. Doc. No. 151.

[7] *See* Rec. Doc. Nos. 156, p. 2. *See also* Rec. Doc. Nos. 154 and 155.

for certification within Rule 23.1 deadline.[8]  Observing that the *McGuire* plaintiffs failed to comply with the 90-day deadline <u>or</u> to seek an extension of that deadline timely,[9] Judge Lemmon dismissed the plaintiffs' class claims in their entirety.

In another recent decision, *Dickerson v. City of Gretna*,[10] the Court dismissed class claims for violation of Rule 23.1.  There, the plaintiffs waited approximately one year to file the motion to certify and only did so after the defendants raised the issue in a motion to dismiss.  Rejecting the plaintiffs' belated attempts to certify the class, the Court denied the motion and dismissed the class action claims.[11]

Other cases in the Eastern District have reached a similar result and dismissed class claims when the plaintiff failed to move to certify within 90 days:

- *Williamson v. Swiss Re*, 2003 WL 22326518 (E.D. La. 10/8/2003)(Suit No. 03-CV-1089).  In that case, Judge Africk applied the 90-day rule to dismiss the plaintiffs' class certification request.  *Williamson* was originally filed in Civil District Court on March 7, 2003, and was removed on April 16, 2003.

---

[8] *See McGuire, et al v. Gulf Stream Coach, et. al*, Suit No. 06-5659, Rec. Doc. No. 135.

[9] Although Rule 23.1 provides for a possible extension of the period "for good cause," the plaintiffs have not requested a timely extension and their attempt to do so after the fact is inappropriate and too late.  *See Mayer v. Lamarque Ford, Inc.*, 2000 WL 1140497 (E.D. La. 8/11/2000)(Judge Clement permitted extension of 90-day time period under Rule 23.1 because plaintiff filed motion for extension *before* deadline expired).

[10] USDC, Eastern District of Louisiana, Suit No. 05-6667, Section "S"(5).

[11] *Id.*, Rec. Doc. No. 32 (3/30/07).

{B0478334.1}                                         4

The court noted that over 170 days had elapsed from the time the case was removed until the motion to certify was filed.

- *Lauer v. Chamale Cove, et al.*, 2007 WL 203974 (E.D. La. 1/24/07)(Suit No. 06-CV-1423). In *Lauer*, Judge Berrigan dismissed the plaintiffs' class action claims because plaintiffs waited until 295 days after removal to file their motion to certify. Even though the 90-day deadline had already expired, plaintiffs moved for an extension, arguing that potential class members could not be located after Hurricane Katrina. Judge Berrigan rejected the motion for extension and dismissed the class claims, even though she noted her sympathy for "Lauer's alleged difficulty in locating potential plaintiffs."[12]

- *Cook v. Illinois Central RR Company*, 1995 WL 110621 (E.D. La. 3/13/95)(Suit No. 93-3967). Judge Vance granted a motion to strike the class action allegations for failure to comply with the 90-day rule (then known as Local Rule 1.12). Judge Vance observed that plaintiffs did not move for certification pursuant to Federal Rule 23 or offer an excuse for their failure to do so.

- *Stewart v. Project Consulting Services, Inc.*, 2001 WL 1000732 (E.D. La. 8/29/2001)(Suit No. 99-CV-3595). In *Stewart*, Judge Fallon granted the defendants' motion to dismiss the class action claims as untimely because they failed to move for certification, even where the court granted

---

[12] *Lauer*, Rec. Doc. No. 38, p. 3.

plaintiffs more time within which to file the motion. The court concluded plaintiffs failed to raise the class action claims timely.

## CONCLUSION

Plaintiffs have failed to comply with Local Rule 23.1. They have not moved for class certification within 90 days of the time when they filed suit, nor have they requested any extensions within the relevant time period. Moreover, the Court should not consider their belated attempts to seek an extension after the defendants filed their motion.

For the reasons explained in this memorandum, and consistent with this Court's rulings in similar cases, the Court should grant the instant motion and either dismiss or strike the plaintiffs' class claims in their entirety.

Respectfully submitted,

/s/ Ryan E. Johnson

_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
8555 United Plaza Blvd., 5th floor
Building Four
Baton Rouge, LA  70809
Telephone: (225) 248-2000
Facsimile:  (225) 248-3080

-and-

> Nan Roberts Eitel (La. Bar No. 19910)
> Madeleine Fischer (La. Bar No. 5575)
> Jones, Walker, Waechter, Poitevent,
>   Carrère & Denègre, L.L.P.
> 201 St. Charles Avenue, 49th floor
> New Orleans, LA  70170
> Telephone:  (504) 582-8000
> Facsimile:  (504) 589-8208
>
> *Attorneys for Defendants Starcraft RV, Inc. and Pilgrim International, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this day a true and correct copy of the foregoing memorandum on behalf of Starcraft RV, Inc. and Pilgrim International, Inc. was filed electronically using the CM/ECF system.  Notice of this filing will be sent to the Panel Service List and also to counsel through the court's electronic filing system.

Baton Rouge, Louisiana this 29th day of November, 2007.

*/s/ Ryan E. Johnson*
_____
Ryan E. Johnson