UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:   FEMA TRAILER                                      MDL No.  1873
         FORMALDEHYDE
         PRODUCTS LIABILITY LITIGATION
                                                           SECTION "N" (4)

"This Document Relates to All Cases"                       Judge Engelhardt
                                                           Magistrate Judge Roby

**APPLICATION FOR APPOINTMENT OF
PAUL A. DOMINICK TO THE PLAINTIFFS' STEERING COMMITTEE**

    A.    **Prosecution of the *Hillard* case**.

*Hillard, et al. v. Gulfstream Coach, et al. ("Hillard")*, Civil Action Number 06-2576, was filed in the Eastern District of Louisiana on May 18, 2006. The South Carolina firm of Nexsen Pruet, L.L.C., along with Sean Trundy, Esquire of Charleston, South Carolina and Rock Palermo of the Louisiana firm Bice, Palermo and Veron, represent the putative class in *Hillard*.

It appears *Hillard* was the initial case filed against FEMA which included the trailer manufacturers and, thus, tolled the statute of limitations for all Katrina and Rita victims who occupied the FEMA trailers.

Prior to the filing of most of the other cases, we invested substantial time and resources in prosecuting these claims. We hired Eagle Industrial Hygiene Association, Inc. ("Eagle"), of Baton Rouge, Louisiana, a company with air quality experts experienced in formaldehyde gas emissions. Eagle conducted some of the first air quality tests on the FEMA trailers, and confirmed that occupants of FEMA trailers were being exposed to elevated levels of formaldehyde gas. These test results confirmed information we had received through media contacts and interviews with FEMA

1

trailer occupants.

Additionally, *Hillard* counsel has consulted with experts in glued wood products concerning manufacturing methods and causes of excess formaldehyde gas emissions from these wood products and the impact on living conditions in a travel trailer.

Since filing suit, counsel for *Hillard* has aggressively prosecuted the case. This includes briefing and arguing several motions during two separate hearings in New Orleans. Had Defendants been successful on certain of these motions, *Hillard* case would have been dismissed. Such ruling could have been the end of this important litigation. *Hillard* counsel, however, was successful in sustaining claims against the key Defendants. Also, *Hillard* counsel served requests for the production of documents on March 28, 2007.

In arguing the motions, counsel from South Carolina attended the hearings in New Orleans along with *Hillard's* Louisiana counsel. At the direction of Judge Mary Ann Vial Lemmon, *Hillard* counsel met with counsel for the Defendants to discuss testing protocols which would govern trailer air quality testing.

South Carolina *Hillard* counsel (Trundy) travelled twice to Indiana to gather evidence related to one of the key Defendants, Gulfstream.

South Carolina *Hillard* counsel (Dominick and Trundy) travelled to New York to appear before the MDL Panel which assigned the case to this Court.

**B.     Appointment of Paul A. Dominick**

*Hillard* counsel requests the Court to appoint Paul A. Dominick to the Plaintiffs' Steering Committee. Mr. Dominick has practiced law for nearly 30 years, and is recognized among other distinctions, in Best Lawyers in America for "Bet the Company" and "Business Litigation".

The *Hillard* case focuses on property damages issues, as opposed to individual health issues. This case involves formaldehyde emissions caused by the building components incorporated into the trailers. Chief among the components at issue are glued wood products; in particular, particle board.

Mr. Dominick has substantial class action experience involving glued or manufactured wood products. His class action experience in glued wood products includes representing plaintiffs in cases involving glued wood products manufactured by Masonite, Georgia Pacific, Abitibi, Jefferson-Smurfit and Louisiana Pacific. Additionally, Mr. Dominick represented a defendant in the National class action involving asbestos in America's colleges and universities. As asbestos is a dangerous building product, his experience in both the property and personal injury asbestos cases is relevant to handling this case.

*Hillard* Counsel has significant resources to devote to this litigation. Mr. Dominick is a senior member of the Nexsen Pruet firm which has approximately 175 lawyers with over 300 staff members located in seven offices throughout North and South Carolina. Sean Trundy adds significant trial experience, and Rock Palermo adds trial experience, local knowledge, and local resources as valuable members of the team comprising the *Hillard* counsel.

The *Hillard* Counsel appreciates the Court's consideration of Paul A. Dominick as a member of the Plaintiffs' Steering Committee.

Respectfully submitted this day by Plaintiffs' attorneys:

s/ Paul A. Dominick
_____
PAUL A. DOMINICK
RICHARD L. TAPP, JR
DENNIS J. LYNCH
NEXSEN PRUET, L.L.C.
P. O. BOX 486
CHARLESTON, SC  29402
(843) 577-9440
(843) 720-1777

SEAN K. TRUNDY
SEAN KEVIN TRUNDY, L.L.C.
P. O. BOX 41343
NORTH CHARLESTON, SC  29423
(843) 747-4424
(843) 747-4489

J. MICHAEL VERON (#7570)
J. ROCK PALERMO (#21793)
BICE, PALERMO & VERON, L.L.C.
P. O. BOX 2125
LAKE CHARLES, LA  70602
(337) 310-1600
(337) 310-1601 (FAX)

**ATTORNEYS FOR Plaintiffs:  Keith Hillard, Lisa Hillard for themselves and as legal guardians for: Gabriell Hillard, Keith Hillard, Jr., Christopher Hillard, and Cydney Hillard; Amy L. Bordelon; Betty Carter for herself and as legal guardian for April Carter, and William Carter, Jr.; Emmett Lusich, Jenny Lusich for themselves and as legal guardians for Summer Lusich and Lacey Lusich; and On Behalf of Themselves and All Others Similarly Situated**

December 4, 2007

Charleston, South Carolina

4

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 30th day of November, 2007 served a copy of the foregoing via the Court's CM/ECF electronic filing system.

s/Paul A. Dominick