FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA.

03 FEB 13  AM 10:10

SIGN_____
by DEPUTY CLERK

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IN RE: 2000 EXXONMOBIL          MASTER DOCKET
RELEASE LITIGATION              NUMBER 00-MD-1-C-1

THIS RULING APPLIES TO ALL CONSOLIDATED CASES:

CV 01-1047; CV 01-1048;
CV 01-1074; CV 01-1090; and
CV 01-1112

### RULING ON MOTION FOR ENTRY OF A "LONE PINE" ORDER

This matter is before the court on the motion of defendant ExxonMobil Corporation for entry of a Lone Pine order. Record document number 7 in CV 01-1047-C-1.[1] The motion is opposed.[2]

This case consolidates five removed state court class action toxic tort suits which have over 370 named plaintiffs. Plaintiffs alleged that on or about November 22, 2000, they suffered personal injuries and other losses which resulted from the release of ethylene, ethylene oxide, hexane and carbon dioxide from defendant ExxonMobil's Baton Rouge Plastics Plant. Plaintiffs claimed to have sustained a variety of physical, mental and emotional injuries, fright, inconvenience, forced or precautionary evacuations or other intrusions into their personal lives,

---

[1] This motion was filed before these cases were consolidated and the Master Docket created.

[2] Record document numbers 12, 15, and 16 in CV 01-1047. Defendant ExxonMobil filed a reply memorandum. Record document number 12 in CV 01-1048, and record document number 10 in CV 01-1074.

DKT. & ENTERED
DATE 2-13-02  ScR BW
NOTICE MAILED TO: Hester McCowan
                  Cash Dumas
DATE_____ BY SH Cunard woods

INITIALS | DOCKET#
SH | 14

financial losses incurred by their businesses, property contamination, and other economic harms. However, the state court petitions did not identify the particular injury, illness, loss or other harm sustained by each plaintiff. Plaintiffs' state court petitions do not purport to identify which contaminant caused which injury or damage. Essentially, the plaintiffs alleged that the substances were released, they were exposed to them, and they were injured or otherwise suffered damages from the exposure.

Defendant ExxonMobil sought entry of a <u>Lone Pine</u> order as a practical means of gathering information about the plaintiffs and their claims, particularly the critical issues of each plaintiff's alleged exposure to contaminants and the causal link between the exposures and each plaintiff's injuries and damages. Defendant contends that the information required from the plaintiffs by a <u>Lone Pine</u> order "is nothing more than the information plaintiffs are required to know" before filing suit.[3] The <u>Lone Pine</u> order is a case management/discovery device useful in separating cases and plaintiffs with meritorious claims from those with unfounded claims, thereby reducing litigation expenses and conserving judicial resources.[4]

As defendant ExxonMobil explained, a <u>Lone Pine</u> order derives its name from the case of <u>Lore v. Lone Pine Corp.</u>, No. L33606-85,

---

[3] Record document number 8 in CV 01-1047, memorandum in support, pp. 3-4.

[4] <u>Id.</u>, p. 3.

(N.J. Super. Ct. Law Div. 1986). It is unnecessary to repeat in this ruling the development and application of Lone Pine orders.[5] As a discovery device, a Lone Pine order should result in the prompt development of relevant information about each individual plaintiff's exposure, injury and damage. In their opposition memoranda, the plaintiffs do not dispute that the information sought through the Lone Pine order requested by defendant ExxonMobil would be relevant to their claims and could be discovered through the use of interrogatories, document requests, subpoenas and depositions. Plaintiffs' main complaint is that compliance with the requested Lone Pine order will be very burdensome for them at this stage of the proceedings.[6] Plaintiffs further complained that ExxonMobil's request is premature, and one-sided since it only provides for the defendants to have preliminary discovery without offering something comparable to the plaintiffs.[7]

In ExxonMobil's view, a Lone Pine order also provides a basis for the court to eventually dismiss the claims of those plaintiffs who do not produce the required information. ExxonMobil's proposed order would provide that the failure to provide the required affidavits would result in automatic dismissal, with prejudice, of that portion of the non-compliant plaintiff's claims. With respect

---

[5] See, id., pp. 4-9.

[6] Record document numbers 15 and 16 in CV-01-1047, opposition memoranda, ¶3.

[7] Id., ¶4.

to this aspect of the proposed Lone Pine order, the plaintiffs argue that the order is a transparent attempt to employ a summary procedure without the associated safeguards.[8]

Plaintiffs' claims are based on the alleged exposure to harmful substances--in some cases identified, and in some cases not--which exposure caused them a variety of personal injuries and property damages. Before suit was filed, and at least by this time, one would expect that the plaintiffs would have some concrete, factual basis to make such claims. Plaintiffs do not contend that in the absence of a Lone Pine order they would not be asked to identify their health care providers, particularly any who treated them after their alleged exposure, and to produce medical records of such treatment, along with any medical evidence which establishes a causal link between the alleged exposure and the claimed injuries. The same is also true for business loss and property damage claims. Defendant ExxonMobil filed its motion for entry of a Lone Pine order nearly a year ago. During that time, nothing prevented the plaintiffs from at least preparing to obtain and produce the information sought by the defendant through the requested Lone Pine order. The order proposed by the defendant would allow the plaintiffs an additional six months to produce the

---

[8] Record document number 12 in CV 01-1047, opposition memorandum; record document numbers 15 and 16 in CV 01-1047, opposition memorandum, ¶3.

requested information.[9] If by that time a plaintiff cannot produce some evidence linking the exposure to a particular substance with an identified injury, illness, damage or other loss, then the court should be concerned with the viability of that plaintiff's claims.

The use of a Lone Pine order in this case should result in the production of relevant, discoverable information in a manner which reduces costs and saves time. Proceeding with ordinary discovery methods will likely be more expensive and take more time to complete than obtaining much the same information through the use of a Lone Pine order.

However, whether a plaintiff's failure to fully comply with a Lone Pine order is a sufficient basis to dismiss the plaintiff's claims is an entirely different matter. It would be premature to determine now what the consequences may be of failing to comply with a Lone Pine order. Rule 37(b)(2), Federal Rules of Civil Procedure, provides a source of adequate safeguards for the plaintiffs and relief for the defendant. Similarly, the plaintiffs' concerns about using a Lone Pine order to support summary dismissal of their claims is another matter the court does not need to resolve at this time. Certainly it could be expected that a plaintiff's failure to produce the information required by a Lone Pine order may be used to support a motion for summary

---

[9] The time for production would then be almost three years after the alleged release.

judgment by the defendant. Without some evidence of exposure, causation and damages, it would seemingly be impossible to avoid summary judgment. But even if a plaintiff produced some of the information required by a Lone Pine order, the character and quality of that information may still not be sufficient to overcome a motion for summary judgment. Whether a summary judgment for the defendant is appropriate in a particular case is a question separate and distinct from whether the plaintiff's claims should be dismissed as a discovery sanction.[10]

Accordingly, the motion of defendant ExxonMobil Corporation for entry of a Lone Pine order is granted, in part. A conference will be scheduled for the purpose of addressing other discovery issues. A case management order will be entered following that conference. The order will include a requirement that the plaintiffs produce affidavits from a qualified treating or other physician, and an affidavit from a qualified real estate appraiser or other real estate expert. The order will not provide for automatic dismissal of any claims for failure to timely produce these affidavits.

Baton Rouge, Louisiana, February 12, 2003.

/s/ Stephen C. Riedlinger
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[10] Rule 37(b)(2) permits the court to dismiss an action or any part of it as a sanction for failing to provide or permit discovery.