UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IN RE: 1994 EXXON CHEMICAL           MASTER DOCKET NUMBER
PLANT FIRE LITIGATION                94-MS-3-C-1

This ruling applies only to the following civil actions:

> 94-1668, 94-2521,
> 95-0768, 95-0796,
> 95-0859, 95-1639,
> 95-1640, 95-1641,
> 95-1642, 95-1643,
> 95-1645, 95-1647,
> 95-1648, 96-0113,
> 96-0115, 96-0117

## RULING ON MOTION FOR ENTRY OF A "LONE PINE" ORDER

This matter is before the court on the motion of defendant ExxonMobil Corporation for entry of a *Lone Pine* order. Record document number 1365.[1] The motion is opposed.[2]

Consolidated in this Master Docket are multiple state court toxic tort suits filed by numerous plaintiffs who lived in the vicinity of the ExxonMobil Chemical Plant located on Scenic Highway, Baton Rouge, Louisiana.[3] Plaintiffs alleged that on or about August 8, 1994, an explosion occurred at the defendant's

---

[1] Defendant also filed a motion for oral argument. Record document number 1367.

[2] Record document number 1372.

[3] Record document number 1349. Summary judgment was granted as to all named plaintiffs and putative class members located in the area of grid azimuth 283 degrees clockwise to grid azimuth 210 degrees, dismissing all claims for physical injuries and emotional injuries, except claims for intentional infliction of emotional distress.

plant which emitted hazardous and toxic chemicals into the air.[4] Plaintiffs claimed to have sustained variety of personal injuries and property damage, including:

- inconvenience, personal discomfort and annoyance
- distinct injuries to their health, including present emotional distress and mental anguish resulting from the knowledge of exposure to hazardous substances, fear and apprehension of future and unauthorized and repeated exposures
- economic and financial harm
- loss of enjoyment of life
- other consequential, incidental, general and special damages.[5]

The state court petitions did not identify the particular injury, illness, loss or other harm sustained by each individual named plaintiff. Plaintiffs' state court petitions do not identify which contaminant caused which injury or damage. Instead, the plaintiffs broadly alleged that substances were released, they were exposed to the substances, and they were injured or otherwise suffered damages from the exposure.

Defendant ExxonMobil sought entry of a *Lone Pine* order as a practical means of gathering information about the plaintiffs and their claims, particularly the critical issues of each plaintiff's alleged exposure to contaminants and the causal link

---

[4] *See e.g.*, record document number 1 in CV 94-1668, notice of removal, exhibit 1, petition for damages, ¶ 3.

[5] *Id.*, ¶ 28. *See also*, Record document number 923 in Master Docket 94-MS-3, ruling denying motion to remand, pp. 18-35. The ruling contains a summary of specific damages claimed by the plaintiff.

between the exposures and each plaintiff's injuries and damages. Defendant contended that the information required from the plaintiffs by a *Lone Pine* order "is nothing more than the information plaintiffs are required to know" before filing suit.[6] Defendant further asserted that the *Lone Pine* order is a case management/discovery device useful in separating cases and plaintiffs with meritorious claims from those with unfounded claims, thereby reducing litigation expenses and conserving judicial resources.[7]

As defendant ExxonMobil explained, a *Lone Pine* order derives its name from the case of *Lore v. Lone Pine Corp.*, 1986 WL 637507, (N.J.Super.L. 1986). It is unnecessary to repeat in this ruling the development and application of *Lone Pine* orders.[8] As a discovery device, a *Lone Pine* order should result in the prompt development of relevant information about each individual plaintiff's exposure, injury and damage.

Plaintiffs argued that the issuance of the *Lone Pine* order was only appropriate under the specific facts of *Lone Pine*, which are distinguishable from the facts in the instant case.[9] Plaintiffs specifically noted that information regarding the

---

[6] Record document number 1366, memorandum in support, p. 4.

[7] *Id.* at 3-4.

[8] *See*, *Id.* at 4-11.

[9] Record document number 1372, opposition memoranda, p. 2.

pollution problem of the Lone Pine landfill had been cataloged and evaluated by the Environmental Protection Agency prior to the issuance of the *Lone Pine* order.[10] Therefore, all discovery related to the alleged pollution from the landfill had essentially been conducted by the EPA. Plaintiffs asserted that while issuance of a *Lone Pine* order was appropriate when all fact and expert discovery that the plaintiffs would have conducted was done for them, it is inappropriate in the instant case, where the discovery process has been stayed and class certification is still pending.

    The order issued in *Lone Pine* required the plaintiffs to produce evidence demonstrating each plaintiff's injuries and damages and actual exposure to pollution.[11] Contrary to the instant plaintiffs' contention, the EPA records did not assist the *Lone Pine* plaintiffs in producing evidence pursuant to the order. In fact, certain information in the reports contradicted the plaintiffs' evidence.[12]

    The Fifth Circuit Court of Appeal recently upheld the district court's issuance a *Lone Pine* order in *Acuna v. Brown & Root, Inc.*, 200 F.3d 335 (5th Cir. 2003). The court noted that this pre-discovery scheduling order is designed to handle complex

---

[10] *Lone Pine*, 1986 WL 637507 at 1.

[11] *Id*. at 1-2.

[12] *Id*. at 2.

issues and potential burdens on defendants and the court in mass tort litigation.[13]  The court further recognized that in the federal courts, such orders are within the wide discretion afforded district judges over the management of discovery under Rule 16, Fed.R.Civ.P.[14]

Plaintiffs' claims are based on the alleged exposure to harmful substances--in some cases identified, and in some cases not--which exposure caused them a variety of personal injuries and property damages.  Before these suits were filed, and at least after the many years since filing them, one would expect that the remaining plaintiffs would have some concrete, factual basis to support their claims.  Plaintiffs do not contend that in the absence of a *Lone Pine* order they would not be asked to identify their health care providers, particularly any who treated them after their alleged exposure, and to produce medical records of such treatment, along with any medical evidence which establishes a causal link between the alleged exposure and the claimed injuries.  The same is also true for alleged financial losses and property damage claims.

The order proposed by the defendant would require the plaintiffs to produce some evidence linking each named plaintiff's alleged exposure to a particular substance with an

---

[13] *Acuna*, 200 F.3d at 340.

[14] *Id*.

5

identified injury, illness, damage or other loss.  If a plaintiff is unable to do this, then the court should be concerned with the viability of that plaintiff's claims.  The use of a *Lone Pine* order in this case should result in the production of relevant, discoverable information in a manner which reduces costs and saves time.  Proceeding with ordinary discovery methods will likely be more expensive and take more time to complete than obtaining much of the same information through the use of a *Lone Pine* order.

Plaintiffs' alternative assertion that issuance of a *Lone Pine* order is premature until the district court decides whether to certify a class is equally unpersuasive.[15]  Whether a class is certified or not, the plaintiffs will still be required to produce evidence to support their claims.

Defendants proposed *Lone Pine* order also sought an automatic dismissal with prejudice of that portion (personal injury or property damage) of a plaintiff's claims without the necessity of any further action upon his or her failure to comply with the *Lone Pine* order.  Whether a plaintiff's failure to fully comply with a *Lone Pine* order is a sufficient basis to dismiss the plaintiff's claims is an entirely different matter.  It would be premature to determine now what the consequences may be of failing to comply with a *Lone Pine* order.  Rule 37(b)(2),

---

[15] Record document number 1372, opposition memoranda, p. 2.

Fed.R.Civ.P., provides a source of adequate safeguards for the plaintiffs and relief for the defendant.

Accordingly, the motion of defendant ExxonMobil Corporation for entry of a *Lone Pine* order is granted, in part.  After the delay for appealing this ruling to the district judge has lapsed, or upon denial of an appeal, and upon consultation with counsel for the parties regarding the time needed by the plaintiffs to provide the necessary affidavits and information, a case management order will be entered in conformity with this ruling and substantially as requested by the defendant.  The order will include a requirement that each plaintiff produce an affidavit from a qualified treating or other physician, and an affidavit from a qualified real estate appraiser or other real estate expert.  The order will not provide for automatic dismissal of any claims for failure to timely produce these affidavits.

Defendant's motion for oral argument is denied as moot.

Baton Rouge, Louisiana, April 7, 2005.

*signature: Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

7