UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**FILED**

**April 29, 2005**

IN RE: 1994 EXXON CHEMICAL    MASTER DOCKET NUMBER
PLANT FIRE LITIGATION          94-MS-3-C-1

This ruling applies only to the following civil actions:

                        94-1668, 94-2521,
                                 95-0796,
                        95-0859, 95-1639,
                        95-1640, 95-1641,
                        95-1642, 95-1643,
                        95-1645,
                        95-1648, 96-0113,
                        96-0115, 96-0117

**SUPPLEMENTAL RULING ON MOTION FOR ENTRY OF A "LONE PINE" ORDER**

     This matter is again before the court on the motion of defendant ExxonMobil Corporation for entry of a *Lone Pine* order[1] following referral of the motion back to the undersigned magistrate judge for consideration of the objections filed by certain plaintiffs and the Plaintiffs' Steering Committee (PSC). Record document number 1382.

     Plaintiffs' objections have been considered. One aspect of their objections warrants a modification of the prior ruling.

     Plaintiffs objected that the ruling "does not apply equally to all plaintiffs, but only to plaintiffs in selected suits."[2]

---

     [1] Record document number 1365 in Master Docket 94-MS-3. Unless otherwise noted, docket number references are to the Master Docket.

     [2] Record document number 1378, objection by plaintiffs in CV 94-1668, CV 94-2521, CV 95-0796, CV 95-0859, CV 95-1639, CV 95-1640, CV 95-1641, CV 95-1642, CV 95-1643, CV 95-1645, CV 95-1648,
                                                            (continued...)

Plaintiffs also noted that the persons who would be subject to the *Lone Pine* order have not been identified.[3]

Defendant ExxonMobil responded that counsel for the plaintiffs would be in the best position to identify which of their clients are affected by the ruling.[4]

As to the plaintiffs's first argument, the prior ruling identified specific cases in which the named plaintiffs would be required to comply with the *Lone Pine* order.[5] Plaintiffs have not directed the court's attention to any other specific cases or plaintiffs which they believe should be covered by the *Lone Pine* order. Inasmuch as no class action has been certified, only the individual named plaintiffs are affected by the ruling at this time.

Only those named plaintiffs located in located in the area from grid azimuth 210 degrees clockwise to grid azimuth 283 degrees still have claims for physical and emotional injuries, except

---

[2](...continued)
CV 96-0113, CV 96-0115, and CV 96-0117, p. 1. The PSC adopted these plaintiffs' objections. Record document number 1379.

[3] *Id.* at 2.

[4] Record document number 1380, defendant's response memorandum, p. 2.

[5] The original ruling was modified slightly to remove the reference to two case, CV 95-0768 and CV 95-1647, because one was remanded to state court and the other was settled. Record document number 1376.

claims for intentional infliction of emotional distress.[6]  Both the plaintiffs and defendant ExxonMobil should have sufficient information to determine which plaintiffs will be subject to the *Lone Pine* order.  However, since it is the defendant that wants these plaintiffs to come forward with the information required by the *Lone Pine* order, the burden to identify which plaintiffs must do so fairly falls on the defendant.[7]

Accordingly, the April 7, 2005, ruling which granted, in part, the motion of defendant ExxonMobil Corporation for entry of a *Lone Pine* order is modified as follows.

After the delay for appealing this ruling to the district judge has lapsed, or upon denial of an appeal, a deadline will be set for defendant ExxonMobil to identify those plaintiffs who will

---

[6] See record document number 1339 (magistrate judge's report) and 1349 (ruling), dismissing the claims for physical injuries, and dismissing all claims for emotional injuries except claims for intentional infliction of emotional distress, as to all named plaintiffs and putative class members located in the area from grid azimuth 283 degrees clockwise to grid azimuth 210 degrees.
   See also record document number 1370 (magistrate judge's report) and 1381 (ruling), dismissing all claims for intentional infliction of emotional distress.

[7] The court will certainly consider applying the *Lone Pine* order to any individual plaintiff located in the relevant geographic area even though that person is not named as a plaintiff in the specific cases listed in the caption.
   It is apparent that the defendant will seek dismissal of the claims of those plaintiffs who do not comply with the *Lone Pine* order.  Identifying now, rather than later, all plaintiffs who must comply with the order will put them on notice that failure to do so may well lead to dismissal of their claims, either as a discovery sanction or by summary judgment.

be subject to the Lone Pine order.  Then, after further consultation with counsel for the parties regarding the time needed by the plaintiffs to provide the necessary affidavits and information, a case management (*Lone Pine*) order will be entered in conformity with this ruling and substantially as requested by the defendant.  The order will include a requirement that each plaintiff produce an affidavit from a qualified treating or other physician, and an affidavit from a qualified real estate appraiser or other real estate expert.  The order will not provide for automatic dismissal of any claims for failure to timely produce these affidavits.

Baton Rouge, Louisiana, April 29, 2005.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE