# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| In Re: FEMA TRAILER | ) | CIVIL ACTION 2:07-MD-1873 |
| FORMALDEHYDE PRODUCTS | ) | |
| LIABILITY LITIGATION | ) | |
| | ) | JUDGE ENGLEHARDT - DIV. N |
| PERTAINS TO:    NELSON v. | ) | |
| GULF STREAM, INC. | ) | |
| No. 07-7494 | ) | MAGISTRATE ROBY - MAG. 4 |
| | ) | |

===============================================================

**RESPONSE OF FEDERAL EMERGENCY MANAGEMENT AGENCY ("FEMA") AND R. DAVID PAULISON, IN HIS OFFICIAL CAPACITY AS ADMINISTRATOR OF FEMA, TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

JAMES LETTEN
United States Attorney

JOHN GAUPP
Civil Chief
Middle District of Louisiana

J. PATRICK GLYNN
Director

JOANN J. BORDEAUX
Deputy Director

HENRY T. MILLER
(D.C. Bar 411885)
Senior Trial Counsel
Civil Division, Torts Branch
United States Department of Justice
1331 Pennsylvania Ave., N.W. Rm 8220-N
Washington, D.C. 20004
Tel.: (202) 616-4223
Fax: (202) 616-4473
E-mail:  Henry.Miller@usdoj.gov

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

STUART SCHIFFER
Deputy Assistant Attorney General

MICHAEL SITCOV
Assistant Director

JACQUELINE COLEMAN SNEAD
(D.C. Bar 459548)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Mass. Ave. N.W., Rm. 7214
Washington, D.C.  20530
Tel.: (202) 514-3418
Fax: (202) 616-8470
E-mail: Jacqueline.Snead@usdoj.gov

**Attorneys for the Federal Emergency Management Agency and Administrator Paulison**

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITY. ................................................................................ iii

INTRODUCTION................................................................................................. 1

PROCEDURAL HISTORY.................................................................................. 2

STANDARD OF REVIEW. ................................................................................. 4

ARGUMENT. ....................................................................................................... 6

I.   PLAINTIFFS DO NOT HAVE A SUBSTANTIAL LIKELIHOOD
     OF SUCCESS ON THE MERITS OF THE CLAIMS ALLEGED
     IN THE PROPOSED AMENDED COMPLAINT. ................................. 6

     A.   The Court Lacks Subject Matter Jurisdiction Over Plaintiffs'
          Contemplated Civil Rights Act Claim Against FEMA and
          Administrator Paulison. ............................................................. 7

     B.   Plaintiffs Are Unlikely To Succeed On Their Contemplated
          Claims Under the Louisiana Civil Code. .................................. 8

     C.   The FTCA Does Not Waive Sovereign Immunity and
          Authorize Plaintiffs' Claims for Either Injunctive Relief
          or Money Damages. ................................................................... 9

          1.   The FTCA Does Not Waive Sovereign Immunity and
               Authorize Plaintiffs To Sue FEMA or Administrator
               Paulison............................................................................ 10

          2.   Plaintiffs Are Unlikely To Succeed on Their FTCA
               Claims Because They Have Failed To Exhaust Their
               Administrative Tort Remedies. ....................................... 10

          3.   Plaintiffs Are Unlikely To Succeed Because The FTCA
               Does Not Authorize The Court To Provide Grant
               Equitable Injunctive Relief. ........................................... 15

     D.   The Administrative Procedure Act Does Not Confer Jurisdiction
          on This Court Over Plaintiffs' Contemplated Claims Against
          FEMA and Administrator Paulison. ......................................... 16

     E.   This Court May Not Assume Jurisdiction Over Claims
          That Have Not Been Alleged. .................................................... 17

II.     PLAINTIFFS HAVE NOT DEMONSTRATED THAT THEY
        WILL BE IRREPARABLY HARMED IF THEIR MOTION IS
        DENIED..........................................................................................................18

III.    THE BALANCE OF HARMS AND PUBLIC INTEREST
        DO NOT SUPPORT GRANTING PLAINTIFFS' MOTION
        FOR A MANDATORY INJUNCTION. .............................................................20

CONCLUSION. .......................................................................................................21

# TABLE OF AUTHORITIES

**CASES**                                                    **PAGE(s)**

*Aguilar v. United States,*
    397 F.3d 840 (10th Cir. 2005). ....................................................... 15

*Allen v. United States,*
    517 F.2d 1328 (6th Cir. 1975). ........................................................ 14

*Allgeier v. United States,*
    909 F.2d 869 (6th Cir. 1990). ......................................................... 10

*Beale v. Blount,*
    461 F.2d 1133 (5th Cir. 1972). .......................................................... 8

*Bergquist v. FYBX Corp.,*
    2003 WL 21488117 (E.D. La., June 20, 2003). ............................... 5

*Black Fire Fighters Ass'n v. City of Dallas,*
    905 F.2d 63 (5th Cir. 1990). ............................................................ 5

*Block v. North Dakota ex rel. Bd. of Univ. & School Lands,*
    461 U.S. 273 (1983). ........................................................................ 6

*Bonvillain v. United States,*
    1999 WL 1072539 (E.D. La. 1999). .................................................. 8

*Bowen v. Massachusetts,*
    487 U.S. 879 (1988). ................................................................. 16, 17

*Brandon v. Holt,*
    469 U.S. 464 (1985). ........................................................................ 7

*Broadway v. Block,*
    694 F.2d 979 (5th Cir.1982). ........................................................... 7

*Canal Auth. v. Callaway,*
    489 F.2d 567 (5th Cir. 1974). .......................................................... 4

*Carr v. Veterans Admin.,*
    522 F.2d 1355 (5th Cir.1975). ........................................................ 10

*Caton v. United States,*
 495 F.2d 635 ( (9th Cir. 1974). ...................................................................... 14

*Cleghorn v. Herrington*,
 813 F.2d 992 (9th Cir. 1987). ...................................................................... 17

*Craig v. Gregg County,*
 988 F.2d 18 (5th Cir. 1993). ....................................................................... 19

*Cuevas v. Department of Homeland Sec.*, 233 Fed. Appx. 642, 2007 WL 1423746 (9th Cir. 2007). ......................................................................................................... 8

*Department of the Army v. Blue Fox, Inc.,*
 525 U.S. 255 (1999). ................................................................................... 6

*Ducharme v. Merrill-National Laboratories,*
 574 F.2d 1307 (5th Cir. 1978). .................................................................... 13

*Duplan v. United States,*
 188 F.3d 1195 (10th Cir. 1978). .................................................................. 14

*Enterprise Int'l, Inc. v. Corporacin Estatal Petrolera Ecuatoriana,*
 762 F.2d 464 (5th Cir. 1999). ................................................................... 4, 5

*Evergreen Presbyterian Ministries Inc. v. Hood,*
 235 F.3d 908 (5th Cir. 2000). ...................................................................... 4

*FDIC v. Meyer,*
 510 U.S. 471 (1994). ................................................................................... 6

*Founding Church of Scientology v. Director, Federal Bureau of Investigation,*
 459 F. Supp. 748 (D.D.C. 1978). ............................................................... 12

*GAF Corp. v. United States,*
 593 F. Supp. 703 (D.D.C. 1984). ............................................................... 13

*Galvin v. Occupational Safety & Health Admin.,*
 860 F.2d 181 (5th Cir. 1988). ..................................................................... 10

*Gollehon Farming v. United States,*
 17 F. Supp.2d 1145 (D. Mont. 1998), *aff'd*, 207 F.3d 1373 (Fed. Cir. 2000). ............... 12

*Green v. United States,*
 2003 WL 21500553 (E.D. La., June 24, 2003). ............................................. 12

*Gregory v. Mitchell,*
    634 F.2d 199 (5th Cir. 1981). ....................................................................... 8

*Harris v. Wilters,*
    596 F.2d 678 (5th Cir. 1979). ....................................................................... 5

*Hatahley v. United States,*
351 U.S. 173 (1956). ....................................................................................... 15

*Hercules, Inc. v. United States,*
    516 U.S. 417 (1996). ..................................................................................... 6

*Hodge v. Dalton,*
    107 F.3d 705 (9th Cir. 1997). ....................................................................... 7

*Hohri v. United States,*
    586 F. Supp. 769 (D.D.C. 1984), *aff'd*, 847 F.2d 779 (Fed. Cir. 1988)......................... 12

*Honda v. Clark,*
    386 U.S. 484 (1967). ................................................................................. 6, 7

*Hoskins v. United States,*
    2001 WL 175237 (E.D. La., Feb. 20, 2001). ............................................. 12

*Industrial Constructors Corp. v. Unites States Bureau of Reclamation,*
    15 F.3d 963 (10th Cir. 1994). ....................................................................... 13

*In re "Agent Orange" Prod. Liab. Litig.,*
    818 F.2d 194 (2d Cir. 1987)........................................................................ 12

*In re: FEMA Formaldehyde Trailer Litigation, Civ. Act. 2:07-MD-1873, pertaining*
  *to Hillard v. United States,*
    Civil Action No. 06-2576 (E.D. La., Feb. 28, 2007) Docket No. 138. .............................. 9

*Justin Indus., Inc. v. Choctaw Sec.,*
    920 F.2d 262 (5th Cir. 1990). ....................................................................... 5

*Kantor v. Kahn,*
    463 F. Supp. 1160 (S.D.N.Y. 1979)............................................................ 12

*Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara,*
    335 F.3d 357 (5th Cir. 2003). ....................................................................... 4

*Kokotis v. United States,*
    223 F.3d 275 (4th Cir. 2000). ....................................................................... 13

*Lane v. Pena,*
    518 U.S. 187 (1996). ................................................................................ 6

*Lehman v. Nakshian,*
    453 U.S. 156 (1981). ................................................................................ 6

*Lockett v. FEMA,*
    836 F. Supp. 847 (S. D. Fla. 1993). ........................................................ 2

*Lunsford v. United States,*
    570 F.2d 221 (8th Cir. 1977). ................................................................ 12

*Luria v. Civil Aeronautics Bd.,*
    473 F. Supp. 242 (S.D.N.Y. 1979) ........................................................ 12

*Mack v. Alexander,*
    575 F.2d 488 (5th Cir. 1978). .............................................................. 7, 8

*Manko v. Unites States,*
    830 F.2d 831 (8th Cir. 1987). ................................................................ 13

*Mars v. Hanberry,*
    752 F.2d 254 (6th Cir. 1985). ................................................................ 10

*Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of America Co.,*
    195 F.3d 765 (5th Cir. 1999). .................................................................. 2

*McNeil v. United States,*
    508 U.S. 106 (1993). .................................................................. 12, 13, 14

*Meis v. Sanitas Serv. Corp.,*
    511 F.2d 655 (5th Cir. 1975). .................................................................. 5

*Mississippi Power & Light Co. v. United Gas Pipe Line Co.,*
    760 F.2d 618 (5th Cir. 1985). ................................................................ 21

*Montoya v. United States,*
    841 F.2d 102 (5th Cir. 1988). .......................................................... 12, 13

*Moon v. Takisaki,*
    501 F.2d 389 (9th Cir. 1974). ................................................................ 15

*Nero v. Cherokee Nation of Oklahoma,*
    892 F.2d 1457 (10th Cir. 1989). ............................................................ 13

vi

*Orff v. United States,*
    545 U.S. 596 (2005)...................................................................... 6

*Peak v. Small Business Administration,*
    660 F.2d 375 (8th Cir. 1981). ...................................................... 8

*Pennsylvania v. National Ass'n of Flood Insurers,*
    520 F.2d 11 (3d Cir. 1975).................................................... 12, 13

*Planned Parenthood v. Sanchez,*
    403 F.3d 324 (5th Cir. 2005). ...................................................... 4

*Quince Orchard Valley Citizens Ass'n v. Hodel,*
    872 F.2d 75 (4th Cir. 1989). ...................................................... 19

*Rdzanek v. Hospital Serv. Dist. #3,*
    2004 WL 74312 (E.D. La., Jan. 15, 2004). .................................. 5

*Redland Soccer Club, Inc. v. Department of Army,*
    55 F.3d 827 (3d Cir. 1995).......................................................... 15

*Resident Council v. HUD,*
    980 F.2d 1043 (5th Cir. 1993). .................................................... 7

*Reynolds v. United States,*
    748 F.2d 291 (5th Cir. 1984). .................................................... 13

*Rosas v. Brock,*
    826 F.2d 1004 (11th Cir. 1987). .................................................. 2

*Rush v. National Bd. of Medical Examiners,*
    268 F. Supp. 2d 673 (N.D. Tex. 2003). ........................................ 5

*Ryko Mfg. Co. v. Delta Servs. & Equip., Inc.,*
    1992 WL 245549 (E.D. La., Sept. 10, 1992). .............................. 19

*Sanchez v. Rowe,*
    870 F.2d 291 (5th Cir. 1989). ...................................................... 8

*Smith v. Johnson,*
    440 F.3d 262 (5th Cir. 2006). .................................................... 19

*Steel Co. v. Citizens for a Better Environment,*
        523 U.S. 83 (1998)............................................................. 17, 18

*TJM Corp. v. Xerox Corp.,*
        1992 WL 125374 (E.D. La., May 18, 1992)........................... 19, 20

*Talbert v. United States,*
        932 F.2d 1064 (4th Cir. 1991). ........................................ 15

*Tate v. American Tugs, Inc.,*
        634 F.2d 869 (5th Cir. 1981). .......................................... 18

*Tough Traveler, Ltd. v. Outbound  Prods.,*
        60 F.3d 964 (2d Cir. 1995)................................................ 19

*Transco Leasing Corp. v. United States,*
        896 F.2d 1435 (5th Cir. 1990). ......................................... 12

*Travelers Health Network v. Orleans Parish School Bd.,*
        842 F. Supp. 236 (E.D. La. 1994). .................................... 5

*United States v. Gaubert,*
        499 U.S. 315 (1991)......................................................... 9

*United States v. Mitchell,*
        463 U.S. 206 (1983)......................................................... 6

*United States v. Sherwood,*
        312 U.S. 584 (1941)......................................................... 6

*United States v. Smith,*
        499 U.S. 160 (1991). ....................................................... 16

*Wardsworth v. United States,*
        721 F.2d 503 (5th Cir. 1983). .......................................... 13

*Ware v. United States,*
        626 F.2d 1278 (5th Cir. 1980). ........................................ 8, 9

*Wenner v. Texas Lottery Comm.,*
        123 F.3d 321 (5th Cir. 1997). .......................................... 5

*West v. Atkins,*
        487 U.S. 42 (1988)........................................................... 7

*White v. Carlucci,*
862 F.2d 1209 (5th Cir. 1989). ................................................................. 18

*Wilkerson v. United States,*
67 F.3d 112 (5th Cir. 1995). .................................................................... 8

*Will v. Michigan Dep't of State Police,*
491 U.S. 58 (1989). ................................................................................ 7

## STATUTES

5 U.S.C. § 701(a)(1) ..................................................................................... 2

5 U.S.C. § 702 ............................................................................................... 2

5 U.S.C. § 704 ............................................................................................. 16

28 U.S.C. §1343. ............................................................................................ 8

28 U.S.C. §1346. .................................................................................... passim

28 U.S.C. §2675(a). .......................................................................... 11, 13, 14

28 U.S.C. §2679 ............................................................................................. 8

42 U.S.C. § 1983. ....................................................................................... 7, 8

42 U.S.C. § 5174. ...................................................................................... 2, 20

La. Civ. Code Arts. 2315, 2317, 2322, 2682, 2684, 2696, 2697, 2698. ....................... 8

## MISCELLANEOUS

*CDC to Begin Testing Trailers for Formaldehyde: FEMA continues efforts to move residents out of trailers*, published at www.cdc.gov/od/oc/media/pressrel/2007/r071213.
htm (Dec. 13, 2007). ................................................................................. 4

**INTRODUCTION**

Plaintiffs seek the extraordinary relief of a mandatory, preliminary injunction that would change, not preserve, the *status quo* before the Court has had an opportunity to decide the dubious merits of Plaintiffs claims against the Federal Emergency Management Agency ("FEMA") and R. David Paulison, the Administrator of FEMA.  Specifically, Plaintiffs request that the Court order FEMA and Administrator Paulison to conduct testing on trailers FEMA provided to victims of Hurricanes Katrina and Rita, to relocate all individuals currently residing in such trailers, and to provide medical services to anyone who ever resided in a FEMA-provided trailer.  That requested relief is all the more extraordinary because it is not sought from parties to this action.  FEMA and Administrator Paulison are *not* Defendants here.  While that is reason alone to deny Plaintiffs' request, an injunction that, as here, would change the *status quo* is only warranted where the law and facts clearly favor the requester.  That plainly is not the case here.

Plaintiffs seek to amend their Complaint to include claims against the federal government under the Civil Rights Act, 42 U.S.C. § 1983, various provisions of the Louisiana Civil Code, and the Federal Tort Claims Act ("FTCA").  Every one of these claims would fail for lack of jurisdiction.  Thus, preliminary relief – let alone a mandatory injunction – is wholly unwarranted.  Plaintiffs also have not demonstrated that they will suffer irreparable harm if the government is not enjoined between now and January 18, 2008, when the Court will consider Plaintiffs' proposed Complaint amendments, and therefore, on balance, the public interest clearly disfavors the requested interference with FEMA's administering of relief to victims of Hurricanes Katrina and Rita.  Accordingly, this Court should deny Plaintiffs' motion for a preliminary injunction.[1]

---

[1] Since, for the reasons discussed herein, Plaintiffs' proposed amendment to add FEMA and Administrator Paulison as Defendants would be futile because Plaintiffs' contemplated claims against the government fail for lack of jurisdiction, the Court also should deny Plaintiffs'

## PROCEDURAL HISTORY

On May 30, 2007, Plaintiffs filed this negligence class action against named and unnamed manufacturers of trailers that were provided by FEMA to victims of Hurricanes Katrina and Rita pursuant to its discretionary authority under the Stafford Act, 42 U.S.C. § 5174.[2]  Several months later, Plaintiffs moved to amend the Complaint to name FEMA and Administrator Paulison as Defendants and assert claims against them under the Civil Rights Act, Louisiana Civil Code, and the FTCA.  *See* Plaintiffs' Motion for Leave to File Amended Complaint (filed Sept. 26, 2007) [MDL Dkt. No. 21]; *see also* Proposed Amended and Restated Class Action Complaint with Jury Demand ("Proposed Amend. Compl.") ¶¶ 64-70.  For these alleged violations, Plaintiffs seek compensatory damages and injunctive and mandatory relief.  *See* Proposed Amend. Compl. ¶¶ 70-71.

---

motion to amend the Complaint.  *See Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of America Co.*, 195 F.3d 765, 771 (5th Cir. 1999) ("A district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.").  If the Court nevertheless permits that amendment, FEMA and Administrator Paulison intend to move to dismiss the claims against them, at a minimum, for the reasons discussed in Part I, *infra*.

[2]  Although Plaintiffs' Proposed Amended Complaint contains a passing reference to the Stafford Act, (Proposed Amend. Compl. ¶ 18), Plaintiffs do not allege any claims under that Act. To the extent Plaintiffs' purport to bring such a claim, such an amendment would be futile as judicial review of FEMA's actions here is precluded under the Stafford Act and Administrative Procedure Act.  *See* 5 U.S.C. §§ 701(a)(1), 702 (precluding judicial review where statute precludes such review); *e.g.*, 42 U.S.C. § 5148; *Rosas v. Brock*, 826 F.2d 1004, 1008 (11th Cir. 1987) ("By enacting [Section] 5148, Congress indicated its intent to preclude judicial review of all disaster relief claims based upon the discretionary actions of federal employees."); *see also Lockett v. FEMA*, 836 F. Supp. 847, 853 (S.D. Fla. 1993) (concluding that § 5148 "'is most certainly' clear and convincing evidence showing legislative intent to restrict access to judicial review").

While their motion to amend was pending, Plaintiffs moved this Court to "enjoin and mandate action by the United States Department of Homeland Security Federal Emergency Management Agency [] and its Administrator, R. David Paulison," *even though neither is a party to this action*.  *See* Plaintiffs' Memorandum in Support of Motion for Preliminary Injunction ("PI Mot.") (filed Nov. 16, 2007) [MDL Dkt. No. 8].  Plaintiffs specifically requested that the Court immediately join these non-parties as Defendants and order them to provide housing or hotel vouchers as well as medical information and services to all FEMA trailer residents, to conduct testing on occupied trailers to determine their formaldehyde levels, and to take steps to preserve documents and other tangible items.  *See* PI Mot. at 2-5.  Regarding "much of the requested relief . . . [as] related to discovery, expert testing in due course, or pertaining to compensable damages after trial on the merits," and thus appropriate for consideration at the January 18, 2008 status conference, the Court ordered Plaintiffs to "file a memorandum stating with specificity what particular relief is necessary to prevent irreparable harm between now and the January 18, 2008 conference."  Order of November 20, 2007 [MDL Dkt. No. 15].

Purporting to respond to that Order, Plaintiffs filed a Response and Supplemental Memorandum in Support of Motion for Preliminary Injunction reiterating their request for the Court to join FEMA and Administrator Paulison as Defendants and to order them to conduct testing on FEMA trailers and provide relocation and medical services to all trailer residents.  *See* Response and Supplemental Memorandum in Support of Motion for Preliminary Injunction ("Pls. Supp. Mem.")  (filed Nov. 28, 2007) [MDL Dkt. No. 22].  After reviewing Plaintiffs'

supplemental submission *but without joining FEMA or Administrator Paulison as Defendants*,[3]

this Court ordered both non-parties to "have counsel present at the upcoming status conference"

and further ordered that they "respond in writing to the Supplemental Memorandum in Support

of Motion for Preliminary Injunction **on or before Monday, December 17, 2007**."[4]  Order of

November 29, 2007 [MDL Dkt. No. 26] (emphasis in original).  FEMA and Administrator

Paulison now respond to that Order.

## STANDARD OF REVIEW

A preliminary injunction should not be granted unless Plaintiffs "clearly" have carried

their "heavy burden" of establishing

> (1) a substantial likelihood that plaintiff will prevail on the merits, (2)
> a substantial threat that plaintiff will suffer irreparable injury if the
> injunction is not granted, (3) that the threatened injury to plaintiff
> outweighs the threatened harm the injunction may do to defendant,
> and (4) that granting the preliminary injunction will not disserve the
> public interest.

*See Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d

---

[3]  The Court noted, however, that it "intends to allow the[] amendments" to "name the Federal Emergency Management Agency ('FEMA') and its Administrator, R. David Paulison, as additional defendants."  Order of November 29, 2007 [MDL Dkt. No. 26].

[4]  The Court further ordered FEMA and Administrator Paulison to set forth in their response "a detailed plan for testing the FEMA trailer units and, if necessary, for providing alternative housing for the trailer residents."  Order of November 29, 2007 [MDL Dkt. No. 26]. FEMA and Administrator Paulison planned to move for reconsideration of that part of the Court's order in light of the jurisdictional deficiencies with Plaintiffs' proposed claims against the government.  However, on December 13, 2007, FEMA announced that later this month the Center for Disease Control ("CDC") and FEMA will test the formaldehyde levels in a sample of 500 trailers.  *See CDC to Begin Testing Trailers for Formaldehyde: FEMA continues efforts to move residents out of trailers*, published at www.cdc.gov/od/oc/media/pressrel/2007/r071213. htm (Dec. 13, 2007).  Thus, the plan called for by the Court's order is now public information and the contemplated motion for reconsideration effectively has been overtaken by recent events.

4

357, 363 (5th Cir. 2003) (quoting *Canal Auth. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974));

*see also Planned Parenthood v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005); *Evergreen*

*Presbyterian Ministries Inc. v. Hood*, 235 F.3d 908, 918-19 (5th Cir. 2000); *Enterprise Int'l, Inc.*

*v. Corporación Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 471 (5th Cir. 1985).  In this

Circuit, if, as here, the plaintiff fails to carry the burden on *any one* of the four requirements, "a

preliminary injunction may not issue."  *Id*. at 472; *see also Black Fire Fighters Ass'n v. City of*

*Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) ("The denial of a preliminary injunction will be upheld

where the movant has failed sufficiently to establish *any one* of the four criteria."); *Rdzanek v.*

*Hospital Serv. Dist. #3*, 2004 WL 74312, at *13 (E.D. La., Jan. 15, 2004) (same); *Bergquist v.*

*FYBX Corp.*, 2003 WL 21488117, at *1 (E.D. La., June 20, 2003) (same); *Travelers Health*

*Network v. Orleans Parish School Bd.*, 842 F. Supp. 236, 239 (E.D. La. 1994) (same).

Moreover, the issuance of a preliminary injunction is designed primarily to freeze the

*status quo* until a full hearing permits final relief.  *See Wenner v. Texas Lottery Comm.*, 123 F.3d

321, 326 (5th Cir. 1997); *see also Meis v. Sanitas Serv. Corp.*, 511 F.2d 655 (5th Cir. 1975).

Mandatory preliminary relief, which Plaintiffs here seek, however, "goes well beyond simply

maintaining the *status quo pendente lite*" and, thus, "is particularly disfavored."  *Rush v.*

*National Bd. of Medical Examiners*, 268 F. Supp. 2d 673, 678 (N.D. Tex. 2003).  Such relief

"should not be issued unless the facts and law clearly favor the moving party."  *Id.*; *see also*

*Justin Indus., Inc. v. Choctaw Sec.*, 920 F.2d 262, 268 n.7 (5th Cir. 1990) (concluding that such

relief should be granted only where a plaintiff has shown "clear entitlement" to it).  Indeed,

"[o]nly in rare instances is the issuance of a mandatory preliminary injunction proper."  *Harris v.*

*Wilters*, 596 F.2d 678, 680 (5th Cir. 1979) (per curiam).  This case is clearly not such an instance.

## ARGUMENT

I.   **PLAINTIFFS DO NOT HAVE A SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS OF THE CLAIMS ALLEGED IN THE PROPOSED AMENDED COMPLAINT.**

Plaintiffs do not have a substantial likelihood of success on any of the jurisdictionally deficient claims they seek to amend the Complaint to include against FEMA and Administrator Paulison. "'Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.'" *Department of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999) (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)); *see also United States v. Sherwood*, 312 U.S. 584, 586 (1941) ("United States, as sovereign, is immune from suit save as it consents to be sued"). "[A] waiver of sovereign immunity must be strictly construed in favor of the sovereign." *Orff v. United States*, 545 U.S. 596, 601-02 (2005) (citing *Blue Fox*, 525 U.S. at 261; *Lane v. Pena*, 518 U.S. 187, 192 (1996)). The "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *Sherwood*, 312 U.S. at 586; *Hercules, Inc. v. United States*, 516 U.S. 417, 422 (1996); *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *Meyer*, 510 U.S. at 475 ("[s]overeign immunity is jurisdictional in nature").

"A necessary corollary of this rule is that when Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied." *Block v. North Dakota ex rel. Bd. of Univ. & School Lands*, 461 U.S. 273, 287 (1983); *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981); *see also Honda v. Clark*, 386 U.S. 484, 501 (1967) ("[I]n many cases this Court has read

6

procedural rules embodied in statutes waiving immunity strictly, with an eye to effectuating a restrictive legislative purpose when Congress relinquishes sovereign immunity.").

The doctrine of sovereign immunity extends to agencies of the federal government and federal employees acting within their official capacities, and any action against an officer in his official capacity constitutes an action against the federal government. *See Brandon v. Holt*, 469 U.S. 464, 472 n. 21 (1985); *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, the relevant inquiry here is whether the Court has jurisdiction over Plaintiffs' contemplated claims against FEMA. Clearly the Court does not. Therefore, Plaintiffs cannot establish a necessary element for preliminary relief – a likelihood of success on the merits – and this Court accordingly should deny Plaintiffs' request.

A.   **The Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Contemplated Civil Rights Act Claim Against FEMA and Administrator Paulison.**

Plaintiffs' Proposed Amended Complaint does not state a claim against FEMA or Administrator Paulison under the Civil Rights Act, 42 U.S.C. § 1983. *See* Proposed Amend. Compl. ¶¶ 64-65. To state such a claim, Plaintiffs must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See* 42 U.S.C. § 1983; *see also West v. Atkins*, 487 U.S. 42, 48 (1988); *Resident Council v. HUD*, 980 F.2d 1043, 1053 (5th Cir. 1993). Neither federal agencies nor federal officials acting in their official capacity are subject to suit under Section 1983 because they are acting "under color of federal law rather than state law." *Id.*; *see also Broadway v. Block*, 694 F.2d 979, 981 (5th Cir.1982) (same); *Mack v. Alexander*,

575 F.2d 488, 489 (5th Cir. 1978) (same); *Bonvillain v. United States*, 1999 WL 1072539, at *4

(E.D. La. 1999) (same).[5]  Thus, Plaintiffs' contemplated civil rights claim fails on that element.

### B.      Plaintiffs Are Unlikely To Succeed On Their Contemplated Claims Under the Louisiana Civil Code.

Plaintiffs are also unlikely to succeed on their contemplated claims asserting violations of

various provisions of the Louisiana Civil Code.[6]  Any such claims are barred by sovereign

immunity because the federal government has not consented to suit under the Louisiana Civil

Code.  Instead, claims for damages against an administrative agency or federal employee acting

in their official capacity that sound in tort are cognizable exclusively under the FTCA, *see* 28

U.S.C. §2679(a); *see also Gregory v. Mitchell*, 634 F.2d 199 (5th Cir. 1981); *Peak v. Small*

*Business Administration*, 660 F.2d 375 (8th Cir. 1981), and any breach-of-contract claim based

upon a landlord-tenant relationship that Plaintiffs might assert cannot be brought in this Court.

*See* 28 U.S.C. §§1346(a)(2), 1491(a)(1) (providing that the Court of Federal Claims has

exclusive jurisdiction over contract claims in excess of $10,000); *see also Wilkerson v. United*

*States,* 67 F.3d 112, 118 (5th Cir. 1995) (constitutional claim against the United States for

damages in excess of $10,000 must be brought in Court of Federal Claims); *Ware v. United*

*States*, 626 F.2d 1278, 1286-87 (5th Cir. 1980) (contract claim against the United States for

---

[5]  Section 1343 of United States Code, Title 28 places original jurisdiction in the district courts when there is a substantive claim for violation of 42 U.S.C. §1983.  That statute, however, does not constitute a waiver of sovereign immunity.  *See Beale v. Blount*, 461 F.2d 1133, 1138 (5th Cir. 1972); *see also Cuevas v. Department of Homeland Sec.*, 233 Fed. Appx. 642, 2007 WL 1423746, at *1 (9th Cir. 2007).

[6]  Plaintiffs apparently assert that La. Civ. Code Arts. 2315, 2317, 2317.1, 2322, 2682, 2684, 2696, 2697, and 2698 impose tort or contractual obligations upon FEMA or Administrator Paulison to provide safe habitable housing.

damages in excess of $10,000 must be brought in Court of Federal Claims).[7]  Thus, Plaintiffs'

contemplated Louisiana Civil Code claims could not withstand dismissal for lack of jurisdiction.

**C.     The FTCA Does Not Waive Sovereign Immunity and Authorize
         Plaintiffs' Claims for Either Injunctive Relief or Money Damages.**

Contrary to Plaintiffs' assertion, the FTCA does not authorize the Court to exercise

jurisdiction here and grant injunctive relief and money damages.  *See* Proposed Amend. Compl. ¶

7 (alleging that the Court has jurisdiction under the FTCA).  The Court lacks subject-matter

jurisdiction over Plaintiffs' FTCA claims and therefore granting Plaintiffs leave to file any such

claims would be futile because:  (1) the FTCA does not authorize claims against federal agencies

or administrators of federal agencies acting in their official capacity; (2) Plaintiffs and the

unidentified putative class claimants have failed to exhaust their administrative tort remedies;

and (3) the FTCA does not authorize injunctive relief.[8]

---

[7]  Since Plaintiffs have alleged that their damages exceed $10,000, this Court would lack jurisdiction over their contemplated contract claims.  *See* Proposed Amend. Compl. ¶ 6 ("Plaintiffs allege that they have suffered damages in an amount in excess of $75,000 exclusive of interest and court costs, as to themselves and each proposed class member.").

[8]  Plaintiffs' FTCA claims are in all likelihood also barred by the discretionary function exception to the FTCA waiver of sovereign immunity.  *See* 28 U.S.C. § 2680(a).  To withstand dismissal pursuant to that exception, Plaintiffs affirmatively must show that the government's alleged wrongful conduct – providing trailers with elevated concentrations of formaldehyde or failing to relocate persons from such trailers – either: (1) violated a statute or regulation, or (2) was based on a decision susceptible to economic, social, or political policy considerations.  *See United States v. Gaubert*, 499 U.S. 315, 325 (1991); *In re: FEMA Formaldehyde Trailer Litigation, Civ. Act. 2:07-MD-1873, pertaining to Hillard v. United States*, Civil Action No. 06-2576, at 3-5 (E.D. La., Feb. 28, 2007) [Docket No. 138] (concluding that FEMA's decision to issue trailers was not subject to judicial review).

### 1.     The FTCA Does Not Waive Sovereign Immunity and Authorize Plaintiffs To Sue FEMA or Administrator Paulison.

Plaintiffs' contemplated FTCA claims against FEMA and Administrator Paulison would not withstand dismissal because the FTCA does not waive sovereign immunity and authorize suit against federal agencies *eo nomine* or against federal employees acting in their official capacity. 28 U.S.C. §§1346(b)(1), 2679(a); *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988); *Carr v. Veterans Admin.*, 522 F.2d 1355, 1356 (5th Cir.1975); *see also Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) ("[f]ailure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction."); *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985) (court lacked jurisdiction over FTCA action where *pro se* plaintiff failed to name the United States as a defendant).  Plaintiffs here improperly seek to amend their Complaint to bring an FTCA claim against FEMA and Administrator Paulison.  Since there is no waiver of sovereign immunity under the FTCA for either proposed Defendant, the Court would not have jurisdiction and therefore Plaintiffs are unlikely to succeed on their contemplated FTCA claims.  *See Galvin*, 860 F.2d at 183.

### 2.     Plaintiffs Are Unlikely To Succeed on Their FTCA Claims Because They Have Failed To Exhaust Their Administrative Tort Remedies.

Dismissal of Plaintiffs' FTCA claims also would be required because Plaintiffs and unidentified putative class claimants have failed to exhaust their administrative tort remedies before filing suit.  Section 1346(b)(1) of Title 28, United States Code, waives the federal government's sovereign immunity and confers on district courts jurisdiction over actions on certain tort claims against the United States as follows:

> (b)(1)  *Subject to the provisions of chapter 171 of this title*, the district courts * * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, * * * for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. §1346(b)(1) (emphasis added).

That language makes clear that the grant of subject-matter jurisdiction is expressly "subject to" the provisions of chapter 171 of Title 28, United States Code, entitled "Tort Claims Procedure," and the right to maintain an action under the FTCA therefore is conditioned upon the claimant's compliance with that procedure.  One such provision, entitled "Disposition by federal agency as prerequisite," provides that:

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. §2675(a).

Section 2675(a) requires each and every claimant, including each and every unidentified putative class claimant, to exhaust their administrative tort remedies before filing suit.  To initiate the administrative tort claim process and satisfy the requirements of §2675(a), each

11

claimant must submit to the appropriate federal agency:  (1) a description sufficient to enable the agency to initiate and investigate the claim; (2) a "sum certain" that the claimant seeks to recover; and (3) if the claim is submitted by a representative on behalf of another, the submitting party must be the legal representative of the claimant or authorized to file and administratively resolve the claim on the claimant's behalf.  *See Montoya v. United States*, 841 F.2d 102, 104-05 (5th Cir. 1988) (claimant must identify a sum certain); *Transco Leasing Corp. v. United States*, 896 F.2d 1435, 1442 (5th Cir. 1990) (claim must be filed by claimant or authorized legal representative); *Green v. United States*, 2003 WL 21500553 (E.D. La., June 24, 2003) (Duval, J.) (each claimant must file an individual claim and satisfy the administrative jurisdictional prerequisites unless the person is the legal representative or is legally authorized to file on behalf of the claimant); *Hoskins v. United States*, 2001 WL 175237, at *3 n.6 (E.D. La., Feb. 20, 2001) (Berrigan, J.) (a class action may be brought under the FTCA only if each claimant has "individually satisfied the jurisdictional prerequisites for maintaining a suit" under the FTCA);[9] *accord McNeil v. United States*, 508 U.S. 106, 113 (1993) (requiring "strict adherence to the procedural requirements" of §2675(a) (internal citations and quotation marks omitted)).

---

[9] Consistent with this rule, courts are in complete accord in holding that class actions cannot be maintained under the FTCA unless each member of the putative class individually has exhausted administrative remedies.  *See, e.g., In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 194, 198 (2d Cir. 1987); *Lunsford v. United States*, 570 F.2d 221, 227 (8th Cir. 1977); *Pennsylvania v. National Ass'n of Flood Insurers*, 520 F.2d 11, 24 (3d Cir.), *rev'd in part on other grounds.,* 520 F.2d 11 (3rd Cir. 1975); *Gollehon Farming v. United States*, 17 F. Supp.2d 1145, 1160-61 (D. Mont. 1998), *aff'd*, 207 F.3d 1373 (Fed. Cir. 2000); *Hohri v. United States*, 586 F. Supp. 769, 793 (D.D.C. 1984), *aff'd*, 847 F.2d 779 (Fed. Cir. 1988); *Luria v. Civil Aeronautics Bd.*, 473 F. Supp. 242, 244-45 (S.D.N.Y. 1979); *Kantor v. Kahn*, 463 F. Supp. 1160, 1162-64 (S.D.N.Y. 1979); *Founding Church of Scientology v. Director, Federal Bureau of Investigation*, 459 F. Supp. 748, 754-55 (D.D.C. 1978).

None of the named Plaintiffs in this action has submitted legally sufficient administrative

claims to FEMA.  *See* Declaration of Edward A. Broyles ("Broyles Decl."), attached hereto as

Exhibit A.  FEMA records show that named Plaintiffs Kimberly G. Nelson, Griffin Champagne,

Baleigh Nelson, and John R. Roy have not submitted administrative claims.  *See* Broyles Decl. ¶¶

3-6.[10]  Although the law firm of Rodney & Etter, LLC submitted claims on behalf of named

Plaintiff Gina Smith and John J. Roy on or about October 3, 2007, neither claim identified a sum

certain damages.[11]  *See* Broyles Decl. ¶6 & Att. (asserting that claimed damages were "to be

determined" or "TBD").  Both claims are therefore insufficient as a matter of law.  *See Montoya*,

841 F.2d at 104-05 (claimant must identify a sum certain damages to initiate a tort claim).  This

Court therefore could not properly exercise jurisdiction over Plaintiffs' contemplated FTCA

---

[10]  Plaintiffs erroneously assert that they need not exhaust or pursue their administrative tort remedies before filing suit because to do so would be futile.  *See* Proposed Amend. Compl. ¶10.  It is well established that the futility exception is not applicable to the FTCA administrative claim requirement because "[n]either §2401(b) nor §2675(a) contains an exception for futile claims, and it would disrupt Congress's administrative-claims procedure for a court to carve out such an exception."  *Manko v. United States*, 830 F.2d 831, 840 (8th Cir. 1987); *see also Industrial Constructors Corp. v. United States Bureau of Reclamation,* 15 F.3d 963, 967 (10th Cir. 1994) (rejecting application of futility exception to FTCA administrative claim requirement); *Nero v. Cherokee Nation of Oklahoma*, 892 F.2d 1457, 1463 (10th Cir. 1989) (same); *Borntrager v. Stevas*, 772 F.2d 419, 421 (8th Cir. 1985) (same); *accord McNeil,* 508 U.S. at 113 (requiring "strict adherence to the procedural requirements" of §2675(a) (internal citations and quotation marks omitted)); *Reynolds v. United States*, 748 F.2d 291, 292-93 (5th Cir. 1984) (same); *Ducharme v. Merrill-National Laboratories*, 574 F.2d 1307, 1311 (5th Cir. 1978) (administrative procedure required under the FTCA cannot be waived).

[11]  The "sum certain" requirement gives effect to Congress' intent to "initiate a settlement procedure" and allow the reviewing agency to assess the settlement value of the claim.  *See Wardsworth v. United States*, 721 F.2d 503, 506 (5th Cir. 1983) (noting that the "sum certain requirement fulfills important statutory goals[ as i]t enables agency administrators to determine whether they have authority to settle claims"); *see also Kokotis v. United States*, 223 F.3d 275, 278 (4th Cir. 2000); *GAF Corp. v. United States*, 593 F. Supp. 703, 705-07 (D.D.C. 1984); *National Ass'n of Flood Insurers*, 520 F.2d at 23; *Allen v. United States*, 517 F.2d 1328 (6th Cir. 1975); *Caton v. United States*, 495 F.2d 635, 637 (9th Cir. 1974).

claims because Plaintiffs have failed to properly initiate the administrative tort claim process.

But even if Plaintiffs Smith and Roy had properly invoked that process, dismissal of their contemplated FTCA claims nevertheless would be required because they have failed to exhaust the administrative-claim process.  Congress provided the reviewing agency with six months to investigate and potentially settle a claim, and a claimant is barred from filing suit during that six-month period unless the reviewing agency affirmatively denies the claim.  *See* 28 U.S.C. § 2675(a).  Congress "intended to require complete exhaustion of Executive remedies before invocation of the judicial process."  *McNeil*, 508 U.S. at 112.  As the Supreme Court explained in *McNeil*:

> Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions.  Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims.  The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command.
>
> *   *   *
>
> As we have noted before, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."

*Id*. (citation omitted); *see also Duplan v. United States*, 188 F.3d 1195, 1199 (10th Cir. 1999*)* (allowing claimants to "bring suit under the FTCA before exhausting their administrative remedies and to cure the jurisdictional defect by filing an amended complaint would render the exhaustion requirement meaningless and impose an unnecessary burden on the judicial system").  Thus, on these alternative and independent grounds, Plaintiffs are unlikely to succeed on the merits of their contemplated FTCA claims.

14

### 3.  Plaintiffs Are Unlikely To Succeed Because The FTCA Does Not Authorize The Court To Grant Equitable Injunctive Relief.

Even if the Court had jurisdiction over Plaintiffs' contemplated FTCA claims, which it does not, those claims nevertheless could not withstand dismissal to the extent Plaintiffs seek injunctive relief.  The FTCA plainly does not authorize the Court to provide such redress. Rather, the FTCA authorizes the Court to award "money damages, . . . for injury or loss of property, or personal injury or death."  28 U.S.C. §1346(b)(1).   It is well established that consistent with this language, the FTCA does not authorize a court to enjoin or issue injunctive relief.  *See Hatahley v. United States*, 351 U.S. 173, 182 (1956) ("the District Court did not possess the power [under the FTCA] to enjoin the United States"); *Aguilar v. United States*, 397 F.3d 840, 863 (10th Cir. 2005) ("the district court lacks subject matter jurisdiction under the FTCA to provide injunctive and declaratory relief"); *Redland Soccer Club, Inc. v. Department of Army*, 55 F.3d 827, 848 n.11 (3d Cir. 1995) (FTCA does not authorize Court to enjoin or require the United States to take remedial actions); *Talbert v. United States*, 932 F.2d 1064, 1065-66 (4th Cir. 1991) ("[t]he only relief provided for in the [FTCA] is 'money damages'" (internal citation omitted)); *Moon v. Takisaki*, 501 F.2d 389, 390 (9th Cir. 1974) (the FTCA "does not submit the United States to injunctive relief").  As such, even if the Court had jurisdiction over Plaintiffs' contemplated FTCA claims, the FTCA does not authorize the Court to entertain Plaintiffs' request for injunctive relief.  *See* Proposed Amend. Compl. ¶ 71.

15

**D.      The Administrative Procedure Act Does Not Confer Jurisdiction on This Court Over Plaintiffs' Contemplated Claims Against FEMA and Administrator Paulison.**

Without asserting any specific claim under the Administrative Procedure Act ("APA") in their Proposed Amended Complaint, Plaintiffs erroneously suggest that the Court would have jurisdiction under the APA over the contemplated claims against FEMA and Administrator Paulison.  *See* Proposed Amend. Compl. ¶ 7 (alleging that the Court has subject-matter jurisdiction pursuant to "5 U.S.C. § 701 et seq.").  Judicial review under the APA is limited to situations in which there is no other adequate remedy.  *See* 5 U.S.C. § 704 ("Agency action made reviewable by statute and final agency action for which there is no adequate remedy in a court are subject to judicial review").  Here, Plaintiffs' contemplated claims against the federal government are grounded in tort.  *See, e.g.,* Proposed Amend. Compl. ¶ 4 (alleging that "R. David Paulison, in his official capacity as, Administrator of the Federal Emergency Management Agency, . . . has acted under color of law in depriving plaintiffs and class members of the rights to safe and habitable housing, and has caused injuries and damages to plaintiffs and class members" and alleging that the "Federal Emergency Management Agency . . . has deprived plaintiffs and class members of the rights to safe and habitable housing, and has caused injuries and damages to class members and plaintiffs").  Thus, any relief from the United States lies under the FTCA, not APA.  *See United States v. Smith*, 499 U.S. 160, 166 (1991) (holding that the FTCA is "the exclusive mode of recovery for the tort of a Government employee even when the FTCA itself precludes Government liability").  This Court should not sanction Plaintiffs' attempt to circumvent the clear intent of the FTCA simply by their artfully pleading jurisdiction under the APA.  *See Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988) (stating that "Congress

did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action"); *cf. Cleghorn v. Herrington*, 813 F.2d 992, 995 (9th Cir. 1987) (concluding that plaintiff's artful pleading cannot transform a Title VII claim into an APA claim so as to permit evasion of Title VII's procedural requirements).  Thus, to the extent Plaintiffs invoke the APA for their contemplated claims against FEMA and Administrator Paulison, that effort too is unlikely to succeed on the merits.

> **E.    This Court May Not Assume Jurisdiction Over Claims That Have Not Been Alleged.**

In an effort to save their motion from denial, Plaintiffs suggest that even if "plaintiffs' amended complaint does not contain a sufficient statement of this Court's jurisdiction over FEMA," Plaintiffs can address that deficiency "by adding a few paragraphs to the complaint." *See* Pls. Supp. Mem. at 3 n.2 ("If, as Justice Department counsel has contended in correspondence to counsel, plaintiffs' amended complaint does not contain a sufficient statement of this Court's jurisdiction over FEMA, further amendment to assert jurisdiction under the Administrative Procedure Act, [], the Fifth Amendment . . . and the Equal Access to Justice Act . . . and claims pursuant to FEMA's leases with trailer residents can be readily accomplished by adding a few paragraphs to the complaint").[12]  That invitation for the Court to assume jurisdiction for purposes of granting the requested relief runs afoul of the Supreme Court's decision in *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (concluding that such is

---

[12]   In letters dated November 15, 2007 and November 20, 2007, government counsel explained to Plaintiffs' counsel that the contemplated claims against FEMA and Administrator Paulison were jurisdictionally deficient and requested that Plaintiffs voluntarily dismiss their motion to amend the Complaint to the extent the amendments sought to add federal defendants. Plaintiffs' counsel did not substantively respond to that request but included the above-cited language in their Supplemental Memorandum to the Court.

"beyond the bounds of authorized judicial action").  Since the Court does not have jurisdiction

over the claims as alleged in the Proposed Amended Complaint, Plaintiffs' request for a

preliminary injunction must be denied for failure to establish a likelihood of success on those

claims.  This Court could not, consistent with its constitutional authority, grant such relief based

on Plaintiffs' assertion that they could cure any jurisdictional defects with a "few paragraphs to

the complaint."  *See, e.g., id.* at 101-02 (noting that "[f]or a court to pronounce upon the meaning

or the constitutionality of a state or federal law when it has no jurisdiction to do so is, by very

definition for a court to act ultra vires").

## II.    PLAINTIFFS HAVE NOT DEMONSTRATED THAT THEY WILL BE IRREPARABLY HARMED IF THEIR MOTION IS DENIED.

Relying on unsworn, media reports, (*see* PI Mot. at 3-4), and a limited study by the

Agency for Toxic Substances and Disease Registry ("ATSDR"), Plaintiffs urge this Court to find

that they will suffer irreparable harm without a mandatory injunction.  *See* Pls. Supp. Mem. at 2

(asserting that "Irreparable Harm is Occurring Every Day").  As an "indispensable prerequisite to

issuance of a preliminary injunction," irreparable harm "must be satisfied *by independent proof*,

or no injunction may issue."  *Tate v. American Tugs, Inc.*, 634 F.2d 869, 870 (5th Cir. 1981)

(emphasis added); *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989).  Plaintiffs, however,

assert without proof that they are being exposed to formaldehyde levels "sufficient to cause acute

symptoms . . . [a]llergic sensitization[, and] increase[d] [r]isk of cancer."  Pls. Supp. Mem. at 2.

No affidavits, medical records, or other evidence specific to *Plaintiffs* substantiate that assertion.

Instead, Plaintiffs base their claim of irreparable harm largely upon an ATSDR report based on a

sample of *unoccupied* trailers under exposure scenarios that expressly "were not intended to

18

represent those that people living in trailers would experience."  PI Mot. Ex. 1 at 4; *see also id.* at

5 (cautioning that "[this health consultation] does not assess formaldehyde levels in trailers under

actual use conditions").  Such evidence is hardly the independent proof required for issuance of a

preliminary injunction.  Indeed, that evidence is no proof at all that Plaintiffs will suffer any harm

whatsoever if their request for a mandatory preliminary injunction is denied.

       Plaintiffs' claim of irreparable harm is further undermined by their delay in seeking relief.

Such delay "undercuts the sense of urgency that ordinarily accompanies a motion for preliminary

relief and suggests that there is, in fact, no irreparable injury."  *Tough Traveler, Ltd. v. Outbound*

*Prods.*, 60 F.3d 964, 968 (2d Cir. 1995); *Quince Orchard Valley Citizens Ass'n, Inc. v. Hodel*,

872 F.2d 75, 80 (4th Cir. 1989) ("Since an application for preliminary injunction is based upon

an urgent need for the protection of [a] Plaintiff's rights, a long delay in seeking relief indicates

that speedy action is not required."); *see also, e.g., Smith v. Johnson*, 440 F.3d 262 (5th Cir.

2006) (denying preliminary injunction where plaintiff delayed challenging his execution); *Craig*

*v. Gregg County*, 988 F.2d 18, 20 (5th Cir. 1993) (denying preliminary injunction where "delay

in filing his lawsuit [challenging redrawn boundaries] made an injunction on the eve of the

election inequitable"); *Ryko Mfg. Co. v. Delta Servs. & Equip., Inc.*, 1992 WL 245549 (E.D. La.,

Sept. 10, 1992) (delay alone may justify denial of a preliminary injunction); *TJM Corp. v. Xerox*

*Corp.*, 1992 WL 125374 (E.D. La., May 18, 1992) (same).

       According to Plaintiffs, they were on notice as early as March 2006 that high levels of

formaldehyde had been detected in certain FEMA-provided trailers.  *See* Proposed Amend.

Compl. ¶28 (alleging that "[b]eginning in March, 2006, news articles started to report

dangerously high levels of formaldehyde in FEMA trailers").  Yet Plaintiffs' action was not filed

until September of this year, and their motion for mandatory preliminary relief was filed even

later.  Plaintiffs' suggestion that between now and January 18, 2008, they will suffer irreparable

harm if the Court does not require non-parties to this action immediately to conduct testing on

the FEMA trailers and provide medical services and alternative housing to trailer residents is

undermined by their delay and unsupported on this record.

## III.  THE BALANCE OF HARMS AND PUBLIC INTEREST DO NOT SUPPORT GRANTING PLAINTIFFS' MOTION FOR A MANDATORY INJUNCTION.

Plaintiffs do not even address the balance-of-harms or public interest elements of

preliminary relief in their submissions in support of the instant motion for an order requiring the

federal government to conduct immediate testing of FEMA-provided trailers and provide

relocation and medical assistance to trailer residents.  Such an order would frustrate Congress's

clear intention of granting broad discretion to FEMA in the provision of emergency assistance.

*See, e.g.*, 42 U.S.C. § 5174(b)(1) (providing that FEMA "*may* provide financial or other

assistance . . . to individuals and households to respond to the disaster-related housing needs of

individuals and households who are displaced from their predisaster primary residences or whose

predisaster primary residences are rendered uninhabitable . . . as a result of damage caused by a

major disaster" (emphasis added)).  FEMA's ability to provide disaster-relief assistance to the

American public would be severely undermined – to the public's detriment – if FEMA could not

make its own determinations as to how to allocate its finite resources, including whether and

when to test for formaldehyde in trailers provided under the circumstances here.

20

Requiring FEMA, moreover, to conduct testing on Plaintiffs' preferred schedule as opposed to that schedule recently announced by FEMA and the CDC only would delay that effort and thereby disserve the public interest.[13]  *See Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 633 (5th Cir. 1985) (Garwood, J., dissenting) (interpreting the disserve-the-public-interest element of a preliminary injunction as requiring that the court "not use its extraordinary interim equity powers to bring about a public harm which would not arise if the court stayed its hand pending resolution of the merits").  Since the public would be benefitted by this Court's refraining from involvement in FEMA's efforts – *already underway* – to respond to reports of high levels of formaldehyde in FEMA-provided trailers, the preliminary relief Plaintiffs seek is unwarranted.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion for the extraordinary relief of a mandatory preliminary injunction against non-parties to this action.

----

[13] On December 13, 2007, this Court purportedly entered an ex parte "protective order" imposing conditions on this scheduled testing.  This Court, however, did not have jurisdiction to issue that Order.  For the reasons explained herein, FEMA was not then and is not now a proper party to this lawsuit, and therefore FEMA does not intend to comply with that Order.  The conditions the Court sought to impose, moreover, implicate privacy and reliability concerns that would preclude the announced testing from going forward on schedule – if at all.

DATED: December 17, 2007

JAMES LETTEN
United States Attorney

JOHN GAUPP
Civil Chief
Middle District of Louisiana

J. PATRICK GLYNN
Director

JOANN J. BORDEAUX
Deputy Director

HENRY T. MILLER
(D.C. Bar 411885)
Senior Trial Counsel
Civil Division, Torts Branch
United States Department of Justice
1331 Pennsylvania Ave., N.W. Rm 8220-N
Washington, D.C. 20004
Tel.: (202) 616-4223
Fax: (202) 616-4473
E-mail:  Henry.Miller@usdoj.gov

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

STUART SCHIFFER
Deputy Assistant Attorney General

MICHAEL SITCOV
Assistant Director

        /s/ Jacqueline Coleman Snead
JACQUELINE COLEMAN SNEAD
(D.C. Bar 459548)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Mass. Ave. N.W., Rm. 7214
Washington, D.C.  20530
Tel.: (202) 514-3418
Fax: (202) 616-8470
E-mail: Jacqueline.Snead@usdoj.gov

**Attorneys for the Federal Emergency Management Agency and Administrator Paulison**

22

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re: FEMA TRAILER | ) | CIVIL ACTION 2:07-MD-1873 |
| FORMALDEHYDE PRODUCTS | ) | |
| LIABILITY LITIGATION | ) | |
| | ) | JUDGE ENGLEHARDT - DIV. N |
| PERTAINS TO:   NELSON v. | ) | |
| GULF STREAM, INC. | ) | |
| No. 07-7494 | ) | MAGISTRATE ROBY - MAG. 4 |
| | ) | |

**PROPOSED ORDER**

Upon consideration of Plaintiffs' Motion for Preliminary Injunction and supplemental

memorandum in support thereof, the Response of the Federal Emergency Management Agency

and Administrator Paulison, and the complete record in this case, it is hereby

ORDERED that Plaintiffs' motion is denied.

SO ORDERED.

Date:

_____
United States District Court Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2007, a copy of the foregoing Response to
Plaintiffs' Supplemental Memorandum in Support of Motion for Preliminary Injunction was filed
through the ECF system for the United States District Court for the Eastern District of Louisiana
and that the document is available for viewing on that system.

    /s/ Jacqueline Coleman Snead    
Jacqueline Coleman Snead
