UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: FEMA TRAILER         * | CIVIL ACTION 2:07-MD-1873 |
| FORMALDEHYDE PRODUCTS | |
| LIABILITY LITIGATION        * | |
| * | JUDGE ENGLEHARDT - DIV. N |
| PERTAINS TO:   ALL CASES   * | MAGISTRATE ROBY - MAG. 4 |

*************************************************************************

MEMORANDUM IN SUPPORT OF
MOTION TO AMEND PROTECTIVE ORDER

**MAY IT PLEASE THE COURT:**

The Nelson plaintiffs and their counsel should receive direct notice of FEMA's formaldehyde testing plans, activities and data, since only the Nelson plaintiffs are seeking injunctive relief from FEMA. Similarly, counsel for the Nelson plaintiffs and experts retained by the Rodney & Etter law firm should obtain and review FEMA's formaldehyde testing plans, protocols, methods and results, since the Nelson plaintiffs' motion sought this Court's review of FEMA's actions, inactions and delays. Further, the appointed plaintiffs' liaison counsel and appointed member of the plaintiffs' steering committee are not representing clients seeking injunctive relief from FEMA. Instead, their clients are seeking compensatory damages from the trailer manufacturers.

**Statement of Procedural History:**

The Nelson plaintiffs first sought to amend their complaint to name FEMA and seek injunctive relief, after the House Committee hearings that disclosed FEMA's culpability,

involvement and delays in providing relief to hurricane victims, while this case was pending before Judge Melancon. Plaintiffs' unopposed motion for leave to file the amended complaint was deferred pending the multi-district litigation panel's decision. Judge Melancon denied plaintiffs motion for preliminary injunction, without prejudice, due to FEMA not being a party.

Once the Nelson case was transferred to this Court, the Nelson plaintiffs re-filed their unopposed motion for leave to file the factually-detailed amended complaint, followed by re-filing their motion for preliminary injunction. When this Court requested further briefing on the preliminary injunction motion, counsel for the Nelson plaintiffs responded. After FEMA filed extensive objections to this Court's jurisdiction and to the motion for preliminary injunction, the Nelson plaintiffs' filed a further reply memorandum addressing the issues raised by FEMA.

No other counsel have filed a motion for preliminary injunction, nor other pleadings seeking immediate relief from FEMA. Further, no other counsel responded to this Court's November 20, 2007 Order (Doc. 20), nor to FEMA's December 17, 2007 response (Doc. 61).

On December 19, 2007, this Court conducted a telephone conference that only included counsel for FEMA, counsel for the Centers for Disease Control, defense liaison counsel, plaintiffs' liaison counsel, Gerry Meunier, and plaintiffs' steering committee member, Linda Nelson (Doc. 68). That conference resulted in this Court modifying its prior protective order to require and permit notification, information disclosure and observation only to plaintiffs' liaison counsel, members of plaintiffs' steering committee and experts retained by those attorneys (Doc. 69). The modified protective order appears to prohibit plaintiffs' liaison counsel from sharing that information with counsel for the Nelson plaintiffs, who are pursing the injunctive claims against FEMA.

While this Court's efforts and resolution of the FEMA formaldehyde protocol and testing issues are commendable, the exclusion of the attorneys who are prosecuting the claims against

FEMA could result in prejudice to the clients that are seeking injunctive relief. This Court should now modify the protective order and rectify that omission.

## Law and Argument:

The Manual for Complex Litigation notes that "few decisions by the court in complex litigation are as difficult and sensitive as the appointment of designated counsel. . . . Because appointment of designated counsel will alter the usual dynamics of client representation in important ways, attorneys will have legitimate concerns that the clients' interests be adequately represented." Annotated Manual for Complex Litigation (4th Ed.), §10.224, p. 37 (West 2005). "The types of appointments and assignment of responsibilities will depend on many factors. The most important is achieving efficiency and economy without jeopardizing fairness to the parties." Manual for Complex Litigation, § 10.221, p. 36. Here, fairness and legal representation of the clients that desire injunctive relief from FEMA should be protected by including their counsel in the notification, information disclosure and expert review of FEMA's testing.

This Court has discretion to appoint either co-liaison counsel or sub-group liaison counsel with particular assignments, to protect the interests of certain plaintiffs. The Manual for Complex Litigation notes that "where diverse interests exist among the parties, the court may designate a committee of counsel representing different interests." Manual for Complex Litigation, § 10.224, p. 38. *See also* Manual for Complex Litigation, § 21.27, p. 311 ("If the certification includes the creation of subclasses reflecting divergent interests among class members, each subclass must have separate counsel to represent its interests.").

In this consolidated litigation, the attorneys who have extensively researched, prepared and filed extensive pleadings and memoranda seeking injunctive relief from FEMA should be appointed to direct and coordinate pursuit of the injunctive claims. Without such an appointment, this Court

and the other parties may not receive full and timely research, briefing and argument on those issues. This Court should exercise its discretion to appoint additional plaintiffs' steering committee members and should modify its protective order to assure that the interests of certain plaintiffs in injunctive relief from FEMA are efficiently and fully represented.

**WHEREFORE**, for the foregoing reasons, plaintiffs, Kimberly Nelson, et al, respectfully move this Court to modify this Court's Protective Order to require notification to John K. Etter and to permit and require formaldehyde testing information disclosure to Mr. Etter and to experts retained by the Rodney & Etter law firm.

Respectfully submitted,

  /s/ John K. Etter
ROY J. RODNEY, JR.(# 2079)
JOHN K. ETTER (# 25042)
RODNEY & ETTER, LLC
200 West Congress Street, Ste. 650
Lafayette, LA 70501
Telephone:(337) 232-6924
Fax: (337) 232-6854
**Counsel for Plaintiffs**

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing pleading has this day been forwarded to all known counsel of record via electronic filing. Signed this 21st day of December, 2007.

  /s/ John K. Etter
JOHN K. ETTER