UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|     FORMALDEHYDE | * | |
|     PRODUCTS LIABILITY | * | |
|     LITIGATION | * | SECTION: N(4) |
| | * | |
| This Document Relates to: ALL CASES | * | JUDGE: ENGELHARDT |
| | * | MAG: ROBY |

*******************************************************************************

**<u>MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER</u>**

**MAY IT PLEASE THE COURT:**

Defendants, Gulf Stream Coach, Inc., Recreation by Design, LLC, Fleetwood Enterprises, Inc., Coachmen Industries, Inc., Forest River, Inc., Pilgrim International, Inc., Starcraft RV, Inc., Jayco Enterprises, Inc., Thor Industries, Inc. and Keystone RV Company ("Defendants"), submit this Memorandum in Support of their Motion for Protective Order.

### I.  NATURE OF THE CASE

This case is the consolidation of various federal toxic tort suits in which Plaintiffs (individually and purportedly on behalf of thousands of potential class members) claim to have inhabited trailers that were provided to them by the Federal Emergency Management Agency (hereinafter "FEMA") as a result of the alleged uninhabitability of their residences due to Hurricane Katrina which made landfall in Louisiana on August 29, 2005.  Plaintiffs claim injuries resulting from the alleged release of formaldehyde and/or formaldehyde vapors in those trailers.  As a result of that claimed exposure, Plaintiffs have filed suit against Gulf Stream Coach, Inc.; Fleetwood; Monaco; KZRV, LP; Starcraft; Pilgrim; and Coachmen (among others) seeking recovery for alleged personal injury, personal discomfort, annoyance, fear of future

health related problems, and for additional temporary housing and emotional distress and mental anguish resulting from the knowledge of purported exposure to formaldehyde.

The number of trailers supplied to the victims of Hurricanes Katrina and Rita has been estimated at as many as one hundred forty-five thousand (145,000), with as many as one hundred five thousand (105,000) currently unoccupied. Counsel for Department of Justice, Henry Miller, provided a list of the serial numbers for all unoccupied trailers, and approximately 110,497 trailers are listed. The parties and the Court have actively debated the method of efficiently testing these trailers without disrupting FEMA's efforts to deactivate and dispose of the trailers, with input from FEMA, currently a non-party to the litigation. Defendants were recently made aware of FEMA's plan to begin <u>destroying</u> these trailers as early as April 15, 2008. Consequently, Defendants move this Court for a Protective Order precluding FEMA from destroying any trailers that were occupied or used by the specific group of plaintiffs who have retained counsel in this litigation. The specific group of plaintiffs is identified on the lists attached, *in globo*, to the Motion for Protective Order as Exhibit "A."

## II.    LAW AND ARGUMENT

**1.    Federal Rules of Civil Procedure Rule 26**

Federal Rules of Civil Procedure Rule 26 provides that parties may obtain discovery regarding any matter, not privileged, which is relevant to the issues raised by the claims or defenses of any party. Fed. R. Civ. P. 26(b). The Rule further instructs that:

> Upon motion by a party or by the person from whom discovery is sought ... and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (1) that the disclosure or discovery not be had;

> (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;
>
> (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;…

Fed. R. Civ. P. 26(c). Discovery of persons not party to the litigation is contemplated by the Rules. Although Rule 26(b) applies equally to discovery of nonparties, the Court in weighing the burdens imposed in the circumstances may consider nonparty status. *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 425 (Fed.Cir. 1993).

2.     **Proposed Destruction of Evidence**

As previously noted, the dispute made the subject of this Motion for Protective Order concerns FEMA's proposed destruction of the unoccupied trailers it is currently storing. These trailers are critical evidence in this litigation. During a February 20, 2008 telephone conference with liaison counsel and the Department of Justice attorneys, a reasonable means of testing the unoccupied trailers without unduly delaying FEMA's deactivation of the trailers was addressed. During this call, the parties learned that FEMA has already entered into a contract to begin destroying the trailers on or about April 15, 2008, and that any testing needs to be completed by that date (or within a reasonable period of time thereafter).

Setting aside the logistical impossibility of testing 110,497 trailers in fifty-four days (resulting in an average of 1.42 trailers tested per minute), the parties attempted to reach a compromise with FEMA. The Defendants requested that FEMA preserve those trailers associated with the plaintiffs that have retained counsel and are specifically identifiable in this litigation, or alternatively, provide the list of the foregoing trailers so that they could be tested before the April 15, 2008 deadline. See Exhibit "A." Citing Privacy Act concerns, FEMA is unwilling to release the list of trailers to Defendants absent an appropriate waiver signed by the individual plaintiffs. Thus, Defendants requested that FEMA preserve those trailers associated

with the plaintiffs that have retained counsel and are specifically identifiable in this litigation until the appropriate waivers are provided.[1] This option does not require that FEMA disclose any information to Defendants, and it does not delay FEMA's planned destruction of the trailers. FEMA can simply begin destroying the more than 100,000 trailers that were not occupied or used by the plaintiffs listed in Exhibit "A." Note, however, that FEMA's decision to destroy the evidence in light of the fact that Plaintiffs have advised that the Amended Master Complaint will seek to name FEMA as a defendant is FEMA's decision alone. The Defendants do not acquiesce to FEMA's decision in this regard.

Upon information and belief, FEMA agrees in principle to preserving the trailers of the specifically identified plaintiffs (Exhibit "A") while appropriate waivers are obtained and subsequent testing is undertaken. However, FEMA was unable to formally agree without an appropriate Motion before the Court. The Defendants respectfully submit that it is physically impossible to conduct testing on the entire universe of unoccupied trailers before the April 15, 2008 deadline imposed by FEMA. Likewise, under the Case Management Order currently in place Defendants have no means of obtaining before the FEMA imposed deadline the prerequisite waivers from the specifically identifiable plaintiffs. Thus, a reasonable compromise is to require that FEMA preserve the trailers previously occupied or used by the plaintiffs identified in Exhibit "A." In the meantime, if FEMA's decides to engage in the destruction of trailers, it can start on the more than 100,000 trailers not included in the trailers associated with the plaintiffs identified in Exhibit "A."[2]

---

[1] Defendants understand that additional plaintiffs may retain attorneys in this matter. Defendants would ask the trailers of any newly identified plaintiffs be preserved as well.

[2] Defendants will attempt to identify the location of the trailers for which they have serial numbers from the FEMA spreadsheets that they are expected to receive this week.

### III.     CONCLUSION

**Wherefore,** considering the foregoing, Defendants, Gulf Stream Coach, Inc., Recreation by Design, LLC, Fleetwood Enterprises, Inc., Coachmen Industries, Inc., Forest River, Inc., Pilgrim International, Inc., Starcraft RV, Inc., Jayco Enterprises, Inc., Thor Industries, Inc. and Keystone RV Company, respectfully request that this Honorable Court issue an Order requiring FEMA to preserve the trailers used by the individuals identified in the lists attached, *in globo*, to the Motion for Protective Order as Exhibit "A" until such time as the specific trailers can be identified to the parties and subsequently tested.

Respectfully submitted,

**DUPLASS, ZWAIN, BOURGEOIS, MORTON, PFISTER & WEINSTOCK**

s/Andrew D. Weinstock

_____
**ANDREW D. WEINSTOCK #18495**
**JOSEPH G. GLASS #25397**
3838 N. Causeway Blvd., Suite 2900
Metairie, LA 70002
(504) 832-3700

**SCANDURRO & LAYRISSON**

s/Timothy D. Scandurro

_____
Timothy D. Scandurro #18424
Dewey M. Scandurro #23291
607 St. Charles Avenue
New Orleans, LA 70130
Telephone: (504) 522-7100
tim@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

**THE PRESTON LAW FIRM, L.L.P.**

s/Lyon H. Garrison
_____
Lyon H. Garrison
Darrin Forte
909 Poydras Street, Suite 1800
New Orleans, LA 70112
527-0109
lgarrison@prestonlawfirm.com
**Counsel for Defendant, Recreation by Design, LLC**

**LEAKE & ANDERSSON, L.L.P.**

s/Jerry L. Saporito
_____
Jerry L. Saporito
Edward T. Hayes
1100 Poydras Street, Suite 1700
New Orleans, LA 70163-1701
585-7500
jsaporito@leakeandersson.com
ehayes@leakeandersson.com

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**

s/Richard K. Hines, V
_____
Richard K. Hines, V
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6154
richard.hines@nelsonmullins.com
**Counsel for Defendant, Fleetwood Enterprises, Inc.**

**TAYLOR, PORTER, BROOKS & PHILLIPS, LLP**

s/John Stewart Tharp
_____
John Stewart Tharp
David Bienvenu
451 Florida Street, 8th Floor
Baton Rouge, LA 70801
(225) 387-3221
stewart.tharp@taylorporter.com
**Counsel for Defendant, Coachmen Industries, Inc.**

**GIEGER, LABORDE & LAPEROUSE, LLC**

s/Ernest P. Gieger, Jr.
_____
Ernest P. Gieger, Jr.
Jason D. Bone
701 Poydras Street, Suite 4800
New Orleans, LA 70139
561-0400
egieger@glllaw.com
jbone@glllaw.com
**Counsel for Defendant, Forest River, Inc.**

**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**

s/James C. Percy
_____
James C. Percy
Ryan E. Johnson
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA  70809
(225) 248-2130
jpercy@joneswalker.com
rjohnson@joneswalker.com
**Starcraft RV, Inc., Jayco Enterprises, Inc., Thor Industries, Inc. and Keystone RV Company**

## **C E R T I F I C A T E**

I hereby certify that on the 25th day of February, 2008, a copy of the foregoing Memorandum in Support of Motion for Protective Order was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495
andreww@duplass.com