UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-4"<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE ROBY |

THIS DOCUMENT IS RELATED TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF
## PLAINTIFFS' MOTION FOR PROTECTIVE ODER

**MAY IT PLEASE THE COURT:**

As a result of discussions with counsel for the Federal Emergency Management Agency (FEMA) and the U.S. Department of Justice, it appears to undersigned Co-Liaison Counsel for plaintiffs that a protective order should issue from this Court for the purpose of preserving critically important and relevant evidence, i.e., travel trailers not yet tested for formaldehyde levels by experts retained by plaintiffs in this litigation. The proposed protective order submitted herewith both provides for the needed preservation of the evidence, and allows for appropriate deadlines by which steps will have to be taken in order to accomplish plaintiffs' objectives.

Specifically, there are two subject areas at issue:

(1) <u>INTENDED DESTRUCTIVE TESTING/DEMOLITION BY GOVERNMENT</u>

The undersigned are advised that the Center for Disease Control (CDC) and/or FEMA intend to conduct destructive testing as to certain travel trailers and demolish other travel trailers,

all still in the Government's custody.  In fairness, counsel for the Government have expressed a willingness to allow the parties an opportunity to (a) receive notice and attend the proposed destructive testing of trailers by the CDC, and (b) test at least a representative sample of the travel trailers FEMA intends to demolish, before demolition occurs.  However, not unexpectedly, "the devil is in the details."

The attached, proposed order stays the destructive testing and demolition activity proposed by the Government agencies, but not indefinitely.  As to the destructive testing by the CDC, the order requires that advance notice be given to Liaison Counsel, in order to allow a fair opportunity for the parties' representatives/experts to attend and monitor any destructive testing of evidence.  As to the demolition of mobile housing units or travel trailers, the order stipulates that no such demolition of any unit/trailer <u>previously occupied by a known and identified plaintiffs in these proceedings</u>, shall take place without plaintiffs' counsel being given a fair opportunity to conduct testing of at least a sufficient and representative sample, prior to demolition.  To implement this procedure, the lists of all plaintiffs who have retained counsel and wish to be identified by name for purposes of this order, are attached to the proposed protective order.  The lists are organized by attorney, and identified as Exhibits A through I.

(2)  <u>PLAINTIFFS' TESTING OF TRAVEL TRAILERS</u>

Plaintiffs' Co-Liaison Counsel have made it clear to counsel for the Government that plaintiffs wish to conduct sample testing of mobile housing units and trailers currently in the custody of the Government in three distinct categories: (a) units/trailers which have never been used or previously occupied (the Government has custody of approximately 1,000 units in this category); (b) previously-occupied units/travel trailers which already have been transported by

the Government to a Government or contractor site where they are scheduled for deactivation (i.e., they will be opened and cleaned out for possible re-use); and (c) previously-occupied units/travel trailers which no longer are being used by residents but which remain at the site of residency, awaiting transport by FEMA or its contractor to another site for deactivation purposes.

The attached order provides that, for purposes of the required sample testing in category (a) [never-occupied units/trailers], FEMA will provide its inventory list of these and only these units/trailers (again which are indicated to number roughly 1,000, according to Government's counsel), and will identify on the list the manufacturer and serial number in each case. This information will permit plaintiffs to then comply with the provision in the order to specify by a date certain the number of units/trailers, and which units/trailers (by manufacturer), they wish to test for formaldehyde levels in this Government inventory of never-used units/trailers.

For plaintiffs to determine the appropriate size of the test sample of trailers in categories (b) and (c) [previously-occupied units/trailers, both transported from a residency site and remaining at a residency site], it is acknowledged that plaintiffs' experts already have conducted certain testing of trailers still occupied by their clients. The assembly and review of these test results will inform plaintiffs, who in turn will inform the Government, of how many tests, and which trailers manufactured by which manufacturers, will need to be tested in categories (b) and (c). The order sets a deadline by which plaintiffs are to disclose this information, but also again anticipates that plaintiffs first will receive an inventory listing which fairly and reasonably allows them to discern plaintiff residents, manufacturers and serial numbers for all the previously-occupied units/trailers in categories (b) and (c) which remain the custody and control of the

Government.[1]

Counsel for the Government has expressed concerns about the Privacy Act [5 U.S.C. §552] in regard to furnishing specific information for units/trailers previously occupied by these identified plaintiffs. In particular, counsel for the Government has called upon plaintiffs' counsel to have each of their clients who wish to preserve for potential testing the unit/trailers he or she previously occupied, execute a written Privacy Act waiver as a condition of FEMA providing any information which links the unit/trailer to a prior resident.

Respectfully, this insistence on a Privacy Act waiver would assert rule over reason. The attached list of clients are those who actually are represented by counsel, which counsel, as officers of the Court, now identify them as such in the record. This commitment to litigation, in of itself, surely suffices to confirm that these citizens making claims do not expect their prior residency in a FEMA-provided unit/trailer to remain a private, undisclosed matter.

Neither should FEMA be heard to analogize the need for a plaintiff waiver of the Privacy Act to the required procedure (under HIPAA) to obtain the medical records of a plaintiff seeking personal injury damages only pursuant to that plaintiff's signed authorization. In the case of medical records, it is self-evident that certain information contained in records may prove to have little or nothing to do with the personal injury claim at issue, so that the plaintiff (patient) <u>should</u> signify in writing a willingness to have such potentially-unrelated matters disclosed to third

---

[1] Liaison Counsel now have received, with a February 22, 2008 cover letter from Michelle Boyle, counsel at the Department of Justice, a CD containing "FEMA's inventory of mobile homes and travel trailers," including a version of that inventory which the parties reportedly "can modify and/or sort." But it is clear that plaintiffs cannot sort this inventory to associate specific units (identifiable by manufacturers and serial number) with the plaintiffs identified by name on the lists attached to the proposed order.

parties.  Here, the serial number or other specific information about a travel trailer previously occupied by a plaintiff, necessarily has relevance to the asserted claim at issue, i.e., that the plaintiff may have been exposed to unsafe levels of formaldehyde while residing in the trailer.

Accordingly, while plaintiffs anticipate that the Government will argue in opposition to this motion that specific and signed waivers of the Privacy Act are required by the identified plaintiffs on a case-by-case basis, the Court is asked to recognize that such a waiver *de facto* already has occurred by the listing of the individuals as plaintiffs in these proceedings.  It also should be obvious that requiring named plaintiffs to execute a Privacy Act waiver before any information could be furnished about the units/trailers they once occupied, would interject such delay in the process at hand that FEMA itself (and the taxpayers of this country) will experience an undue burden in having to delay the appropriate disposition (demolition, deactivation, etc.) of Government property.

Moreover, the prohibition against the disclosure of information in the Privacy Act sets forth a number of circumstances in which disclosure expressly <u>will</u> be permitted, one of which is disclosure "pursuant to the order of a court of competent jurisdiction."  5 U.S.C. §522a(b)(11).  The proposed order in this case contains an express direction by the Court that the disclosure of information about units/trailers previously occupied by identified plaintiffs in this litigation, does not require a written waiver for purposes of the Privacy Act.

As noted *supra*, FEMA has been responsive to some extent in regard to plaintiffs' requests for preservation and testing of the trailers.  The Government appears to understand that issues of spoilation and adverse evidentiary inferences should be avoided in this case.  Be that as it may, it should be made clear for the record that the Government's <u>duty</u> to preserve material

evidence in this case is not dependent upon it being named yet as a defendant. Rather, such a duty is recognized to exist not only during an entity's involvement as a named party in the litigation, but also in periods prior to litigation when that entity reasonably should know that evidence in its custody may be relevant to the anticipated litigation. *See Silvestri v. General Motors Corp.*, 271 F.3d 583 (4th Cir. 2001); *Kronisch v. United States*, 150 F.3d 112 (2nd Cir. 1998). Hence, the fact that FEMA is not yet named as a defendant (although it will be in plaintiffs' Master Complaint due to be filed by March 18, 2008) is a distinction without a difference for purposes of the instant motion. The Government, as custodian of certain evidence, has a duty to preserve the evidence, and this Court clearly has the authority to enforce adherence to that duty where the preservation of evidence is at issue.

It also is clear that orders directing parties to preserve materials or evidence or documents are common in circumstances where the evidence is subject to being destroyed or lost. *See Capricorn Power Co. Inc. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 431 (W.D. Pa. 2004). In that case, the Court enumerated three factors to be used when deciding a motion to preserve documents, things and land: "(1) the level of concern the Court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; (2) any irreparable harm likely to result to the party seeking the preservation of evidence absent an order directing preservation, and (3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved, not only as to the evidence's original form, condition or contents, but also the physical, spatial and financial burdens created by ordering evidence preservation." *Id.* at 433-434.

These criteria are satisfied in the matter at hand. Before the Government destroys, alters,

or moves units/trailers in a way that jeopardizes the measurement of formaldehyde levels in these units/trailers, procedures should be in place, so that plaintiffs can proceed with the testing of a statistically-sufficient sample of units/trailers.

For the foregoing reasons, plaintiffs respectfully submit that the Court should enter the protective order attached hereto.

Respectfully submitted:

**FORMALDEHYDE TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**


BY:   s/Gerald E. Meunier
      GERALD E. MEUNIER, #9471
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone:    504/522-2304
      Facsimile:    504/528-9973
      gmeunier@gainsben.com


      s/Justin I. Woods
      JUSTIN I. WOODS, #24713
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone:    504/522-2304
      Facsimile:    504/528-9973
      jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
    ANTHONY BUZBEE, Texas # 24001820
    RAUL BENCOMO, #2932
    FRANK D'AMICO, #17519
    MATT MORELAND, #24567
    LINDA NELSON, #9938
    RONNIE PENTON, #10462

**CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                        s/Gerald E. Meunier
                                        GERALD E. MEUNIER, #9471