UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                     MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION            SECTION "N-4"
                                        JUDGE ENGELHARDT
                                        MAG. JUDGE ROBY


THIS DOCUMENT IS RELATED TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
FEDERAL EMERGENCY MANAGEMENT AGENCY'S
EXHIBITS IN SUPPORT OF ITS RESPONSE AND OBJECTIONS
TO DEFENSE LIAISON COUNSEL'S MOTION FOR PROTECTIVE ORDER


EXHIBIT NO. 4

**U.S. Department of Justice**

Civil Division

Washington, D.C. 20530

February 11, 2008

<u>VIA ELECTRONIC MAIL w/Attachment</u>

Gerald E. Meunier, Esq.
Justin I. Woods, Esq.
Gainsburgh, Benjamin, David,
  Meunier & Warshauer, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2800
gmeunier@gainsben.com
jwoods@gainsben.com

   Re: *In re: FEMA Trailer Formaldehyde Prods. Liability Litig.,*
     *MDL No. 07-1873, SECT. N(4) (E.D. La.)*

Dear Counsel:

   The Government is in receipt of the subpoena dated January 28, 2008, issued by
Plaintiffs' Liaison Counsel to the Federal Emergency Management Agency ("FEMA"), in the
above-referenced litigation, and hereby responds to that subpoena. Pursuant to Federal Rule of
Civil Procedure 45(c)(2)(B), and as more fully stated below, the Government objects to
production of the information the subpoena seeks on grounds including, but not limited to, that
the subpoena's requests are premature and unduly burdensome, and seek documents that are
protected by the Privacy Act, are privileged, or contain confidential business information.

**The Subpoena is Premature**

   The Government objects to the subpoena because it is premature, as it seeks information
from FEMA prior to the filing of a Master Complaint or the entry of a Rule 16 Scheduling Order.
Moreover, under the law of this case, FEMA has no obligation to produce the broad discovery
the subpoena seeks at this time. *See* Pretrial Order No. 2 at 4-5, 8 (January 30, 2008) [Docket
No. 87] ("the parties contemplate [limited] discovery" before "the federal government appears in
and participates in this litigation"; parties shall respond to initial discovery within "sixty (60)
days of *May 1, 2008*"; each named Plaintiff shall complete a Plaintiff Fact Sheet "by *July 16,
2008*") (emphasis added); *see also Ortiz v. Jefferson County Sheriff's Dep't,* 2006 WL 2320467,
*8 (S.D. Ohio 2006) (discovery requests prior to Rule 16(b) scheduling conference are
premature); *E.E.O.C. v. McDonnell Douglas Corp.,* 960 F. Supp. 203, 205-206 (E.D. Mo. 1996)

(same).  The only legitimate justification for requiring production at this time would be a concern that FEMA may inadvertently destroy responsive documents or materials in its possession or control.  *Cf.* Fed. R. Civ. P. 27 (depositions may be taken prior to filing of complaint upon petition and court's finding that "perpetuating the testimony may prevent a failure or delay of justice").  In this case, because FEMA has placed a litigation hold on all documents and materials in its custody and control relating to this litigation, including any materials responsive to the subpoena, any such concern is unjustified.

**Requests For Production 1, 3, 4, and 9**

Requests for production 1, 3, 4, and 9 seek identifying and contact information for all victims of Hurricanes Rita and Katrina who obtained temporary emergency housing in travel trailers or mobile home units from FEMA.  The Government objects to these requests as unduly burdensome because the information they seek is not likely to lead to the discovery admissible evidence relevant to claims and defenses in this litigation.[1]  As an initial matter, Plaintiffs have not yet filed their Master Complaint.  Since Plaintiffs have not yet asserted any claims, it is impossible for them to assert that the requested information is relevant to a claim or defense in this litigation.  This is true even if the request is reviewed in light of the eighteen (18) individual Complaints that have been consolidated in this Multi-District Litigation because the subpoena's requests encompass information regarding persons who have neither filed suit nor administrative claims.  *See Wiwa*, 392 F.3d at 818, 820-822 (noting "[a] court may find that a subpoena presents an undue burden when [it] is facially overbroad"; court limited scope of subpoena to relevant information).

To the extent that the travel trailer or mobile housing units that either named Plaintiffs or administrative claimants resided in may be relevant to this litigation, the Government has voluntarily agreed to provide Liaison Counsel access to all such units in its possession and custody.  Therefore, there is no need to seek this information through the subpoena.  *See Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 376-377 (5th Cir. 2004) (court properly quashed subpoena for testimony as unduly burdensome that was obtainable by other means).

---

[1] The following factors must be reviewed in determining whether a subpoena *deuces tecum* imposes an undue burden: (1) the relevance of the requested information; (2) the need of the party for the requested information; (3) the scope of the request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed, including the expense and inconvenience, upon the nonparty.  *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

2

Moreover, the Government cannot produce the information sought through these requests because it is protected by the Privacy Act, 5 U.S.C. § 522a.[2]  *See Harbolt v. Dep't of State*, 616 F.2d 772 (5th Cir. 1980) (rejecting request for government to disclose names and addresses of nonparties based on privacy concerns); *Halloran v. Veteran's Admin.*, 874 F.2d 315, 324 (5th Cir. 1989) (same); *In re: Sealed Case*, 381 F.3d 1205, 1215-1216 (D.C. Cir. 2004) (court may allow disclosure of nonparty's private information only if the needs of the case outweigh the nonparty's privacy interest, even in absence of a privilege determination or statutory requirement such as the Privacy Act).

Apart from the parties, claims, and defenses at issue in this litigation, the subpoena apparently seeks a "mailing list" of potential plaintiffs or class members.  *See* E-mail from Jerry Meunier to Henry Miller, dated February 8, 2008.  As an initial matter, the Government notes that the parties evidently have chosen not to seek class certification pursuant to Rule 23 and therefore such request is not before the Court at this time.  *See* Joint Report No. 1 of Plaintiffs' and Defendants' Liaison Counsel (February 1, 2008) [Docket No. 89] ("Joint Report") ¶ 9. Moreover, Plaintiffs' Liaison Counsels' desire to inform new, potential plaintiffs of the lawsuit is not a sufficient reason to invade the FEMA aid recipients' privacy, since such information can be disseminated by other, less intrusive means, such as a media advertisement.  *See Buford v. Howe*, 10 F.3d 1184, 1187, 1189 (5th Cir. 1994) (court properly quashed subpoena of medical records that were privileged when seeking party's objective could be accomplished by "less obtrusive" means, *even though* personal identifiers were deleted).

**Requests For Production 5-8**

Subpoena requests for production 5, 6, 7, and 8 seek information with respect to policy and implementation decisions made by FEMA to provide temporary emergency housing to victims of Hurricanes Katrina and Rita pursuant to the Stafford Act, 42 U.S.C. § 5121, *et seq*. The requests seek documents that include, but are not limited to, internal communications within FEMA; communications between FEMA and other agencies; and communications between FEMA and various trailer manufacturers.  FEMA objects to these requests because the information they seek is protected by the deliberative process privilege; constitutes confidential business information; and is unduly burdensome because much, if not all, of the non-privileged information can more readily be obtained from the Defendant manufacturers.

The deliberative process privilege shields predecisional documents that are generated as the result of the inter-agency or intra-agency policymaking process.  *See Dep't of the Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001); *NLRB v. Sears, Roebuck, & Co.*, 421 U.S. 132, 149-151 (1975); *May v. Dep't of Air Force*, 777 F.2d 1012, 1014 (5th Cir. 1985);

---

[2]  The Privacy Act provides, in pertinent part, "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency," except by written consent of that person, subject to certain exceptions, none of which is present in this case.  5 U.S.C. § 522a(b).

*Skelton v. U.S. Postal Serv.*, 678 F.2d 35, 38 (5th Cir. 1982).  This privilege protects "the decision-making process from the inhibiting effect that disclosure of predecisional advisory opinions and recommendations might have on 'the frank discussion of legal or policy matters in writing.'"  *Skelton*, 678 F.2d at 38, *citing Sears*, 421 U.S. at 150 (*quoting* S. Rep. No. 813, 89th Cong., 1st Sess. 9 (1965)).  In this case, FEMA's internal documents, or documents exchanged with other agencies, regarding FEMA's consideration of its disaster assistance housing policies, or contract terms with trailer manufacturers, or other, similar information, is protected by the deliberative process privilege.  *See, e.g., May*, 777 F.2d at 1014-1015 (FOIA provision coextensive with deliberative process privilege barred disclosure of predecisional personnel documents); *Skelton*, 678 F.2d at 42 (same).

Moreover, many such documents contain confidential business information, which weighs against their production pursuant to this subpoena.  Courts are reluctant to order production of such confidential information without, at the very least, analyzing its relevance and need in the context of the litigation, and entering an appropriate protective order.  *See* Fed. R. Civ. P. 45 Ad. Comm. Notes (2007 ed.) at 264 (provisions of Rule 45(c) are intended to mirror those of Rule 26(c) regarding protective orders and to tailor the scope of discovery to avoid undue burden on the producing party); *Sanders v. Shell Oil Co.*, 678 F.2d 614, 618-619 (5th Cir. 1982) (court properly entered protective order for confidential business information after weighing the parties' need for the information in light of limited scope of case).  In this case, no protective order yet exists that would apply to discovery such as that sought here and therefore any production of this material would be improper at this time.  *See* Joint Report No. 1 ¶ 9.

Finally, these requests are unduly burdensome as the need to obtain such materials from FEMA is small, since the requested information relating to FEMA's purchase of the units is available from the Defendant trailer manufacturers, who are in a better position to assess their confidentiality needs.  *See Sanders*, 678 F.2d at 618-619 (court granted motion for protective order of party's documents containing confidential business information supported by party's affidavits); *see also Buford*, 10 F.3d at 1189 (information sought should be obtained by less burdensome means); *Positive Black Talk, Inc.*, 394 F.3d at 376-377 (same).

**Request For Production 2**

Request for production 2 seeks to discover the physical location of sites where travel trailers have been placed after being used by victims of Hurricanes Katrina and Rita.  The government objects to this request because it is premature and the information it seeks is not likely to lead to the discovery of admissible evidence relevant to claims or defenses.  Nevertheless, without waiving these objections, attached is a list that contains such information.

Based on the above facts, the Government would again urge Plaintiffs' Liaison Counsel to withdraw the subpoena at this time because it seeks information that is not discoverable. Nevertheless, please note that the Government will continue to work with the parties as it has done in the past by providing access and documents related to its inventory of travel trailers and mobile home units.

Please do not hesitate to contact Henry Miller or me if you wish to discuss any of the matters contained in this letter.

Sincerely,

*Michelle G. Boyle*

MICHELLE G. BOYLE
Trial Attorney
U.S. Department of Justice

cc:    Gaupp
      Glynn
      Hall
      Fried
      Martin
      Miller
      Weinstock
      Williams-Jones
      Defense Steering Committee