UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE<br>PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-4"<br>JUDGE ENGELHARDT<br>MAG. JUDGE ROBY |

THIS DOCUMENT IS RELATED TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

FEDERAL EMERGENCY MANAGEMENT AGENCY'S
EXHIBITS IN SUPPORT OF ITS RESPONSE AND OBJECTIONS
TO DEFENSE LIAISON COUNSEL'S MOTION FOR PROTECTIVE ORDER

EXHIBIT NO. 5

# Miller, Henry (CIV)

| | |
|---|---|
| **From:** | ANDREW WEINSTOCK [andreww@duplass.com] |
| **Sent:** | Friday, February 22, 2008 11:37 AM |
| **To:** | Miller, Henry (CIV); Boyle, Michelle (CIV); Amanda_Ballay@laed.uscourts.gov |
| **Cc:** | Williams-Jones, Janice; Fried, Jordan; Glynn, J.Patrick (CIV); Gerald E. Meunier; jwoods@gainsben.com; a vonderhaar; amanda shelton; Carmen motes; carson strickland; crystle accardo; darrin forte; david bienvenu; Dewey Scandurro; donna uli; eddie hayes; ernie gieger; jason bone; jerry saporito; joe glass; jpercy@joneswalker.com; lyon garrison; madeleine fischer; rebecca phalen; Richard Hines; rose ; ryan Johnson; stewart tharp; Timothy Scandurro |
| **Subject:** | Protective Order |

Amanda,

After discussing this with the defendants, we would like to proceed with a Motion for Protective Order, which we would like heard next Friday morning as per your e-mail. We will file by Monday morning. The DOJ/FEMA is aware of what we are seeking and they are considering it.

Finally, as Henry Miller requested, the DOJ does not consider yesterday's option (for plaintiffs to produce privacy act releases before disclosure of the serial numbers) to be a "new" option.


Andy

## Miller, Henry (CIV)

| | |
|---|---|
| **From:** | ANDREW WEINSTOCK [andreww@duplass.com] |
| **Sent:** | Thursday, February 21, 2008 7:03 PM |
| **To:** | Miller, Henry (CIV) |
| **Cc:** | gmeunier@gainsben.com; jwoods@gainsben.com; dmartin@gainsben.com; Fried, Jordan; Williams-Jones, Janice; Glynn, J.Patrick (CIV); Boyle, Michelle (CIV); joe glass |
| **Subject:** | RE: Meeting with the Court |

Henry,

I have asked my group to convene a 10:00 am conference call to discuss our options. I will let you know what we decide.

---

**From:** Miller, Henry (CIV) [mailto:Henry.Miller@usdoj.gov]
**Sent:** Thursday, February 21, 2008 4:44 PM
**To:** ANDREW WEINSTOCK
**Cc:** gmeunier@gainsben.com; jwoods@gainsben.com; dmartin@gainsben.com; Fried, Jordan; Williams-Jones, Janice; Glynn, J.Patrick (CIV); Boyle, Michelle (CIV)
**Subject:** RE: Meeting with the Court

Andy,

As I understood it how we left it yesterday there are two categories of represented claimants (total number that is now apparently in excess of 3,000): (1) claimants whom Plaintiffs have the VIN# for units that they resided in and (2) Plaintiffs who do not have that information. For discussion purposes I understood that approximately 60% of claimants know the VIN# of the unit they occupied. As to those claimants, Plaintiffs and Defendants using the list provided by the government can locate and arrange to test those claimants' unit. As to Plaintiffs who do not have their VIN#, FEMA agreed that if Plaintiffs' provided a Privacy Act release for those persons it would search for VIN # for units occupied by those persons, produce that information to Plaintiffs, and that would then allow Plaintiffs and Defendants to locate and test units occupied by those persons. It appears that Defendant's through your request for Protective Order is needless seeking to involve the Court in this matter since as we left it yesterday this will result in production of the information you are apparently intending to request through your Protective Order.

As to your assertion that the government is requiring Defendants' to "jump through a bunch of hoops," I strongly disagree. Rather, from the government's prospective it appears that Defendants are simply trying to do an end run around the procedural process and bring this matter before the Court when there may not be a dispute.

Finally, I cannot speak to FEMA's knowledge regarding its contract for demolition of trailers. However, the April 15, 2008, deadline that I proposed in my letter to Liaison Counsel was based upon (1) the demonstrated ability of Liaison Counsel at the Hope, AR, and Texarkana, AR, facilities to initiate and complete testing of units in a prompt and timely manner, (2) the government's understanding from the Chambers Conference that to move this case along the Court wanted Liaison Counsel to complete testing as quickly as possible; and (3) FEMA's desire to have the litigation hold on disposal of trailers removed as quickly as possible so that it could commence with disposal of excess units so as to reduce costs and expenses associated with storing those units. The April 15, 2008, date, as I stated in my letter, and reiterated many times yesterday, was the a proposed deadline not a firm deadline. Further, to ensure fairness to all, I propose that if Liaison Counsel wanted FEMA to retain units after the agreed to deadline for completion of testing, it would do so with the requirement that the party requesting retention of the unit pay costs associated the storage and maintenance of that unit. Accordingly, even if as you apparently have assumed, that April 15th is a firm deadline, the proposal simply shifted the cost of maintaining units after that date from the taxpayer to the Liaison Counsel.

Finally, I have no objection to producing this string of e-mails to the Court with the caveat that Plaintiffs' Liaison Counsel must agrees to its production, as I believe otherwise it would potentially constitute an ex parte communication by the government and

02/26/2008


Defense counsel to the Court.

Regards,

Henry

---

**From:** ANDREW WEINSTOCK [mailto:andreww@duplass.com]
**Sent:** Thursday, February 21, 2008 4:24 PM
**To:** Miller, Henry (CIV)
**Cc:** Gerald E. Meunier; jwoods@gainsben.com; Hall, Christopher (CIV); janice williams-jones; jordan fried; Boyle, Michelle (CIV)
**Subject:** RE: Meeting with the Court

Do you mind of I forward this to the court? As I understand it, yesterday you said you would not discuss these issues in court without a motion. Are you now saying you want a subpoena first (which you are telling me in advance you are going to object to rather than provide the requested information)? I don't understand why you are requiring the defendants to jump through a bunch of hoops to get basic information when we are also faced with a FEMA imposed April 15th deadline for testing. Since FEMA must have known it was putting the destruction contract out for bid prior to the January 30 meeting with the court, I can't imagine why we were not informed the reason for the April 15 deadline at that time. It appears that the government is trying to prevent defendants from testing until after the trailers have been destroyed. Finally, the court is asking about availability for next Friday.

---

**From:** Miller, Henry (CIV) [mailto:Henry.Miller@usdoj.gov]
**Sent:** Thursday, February 21, 2008 2:13 PM
**To:** ANDREW WEINSTOCK
**Cc:** Gerald E. Meunier; jwoods@gainsben.com; Hall, Christopher (CIV); janice williams-jones; jordan fried; Boyle, Michelle (CIV); Glynn, J.Patrick (CIV)
**Subject:** RE: Meeting with the Court

Andy,

It appears based upon my understanding of our discussion yesterday that Defendants request is premature because: (1) Defendants have not issued any request to FEMA for production of such documents or materials; (2) FEMA already has a document hold in place so what is there that needs to be protected; (3) FEMA has provided you with trailer inventory list identifying units in its possession and control; (4) Plaintiffs have information for majority of claimants regarding units that they occupied that combined with FEMA list will allow you to identify and locate where the trailer at issue is located; (5) as to claimants that Plaintiffs do not have trailer identification issue FEMA agreed that it could provide that information to Plaintiffs if they provided FEMA with Privacy Act release for those persons and it was my understanding that Plaintiffs were going investigate ability to obtain those release.  Moreover, the task that you are asking of FEMA appear pretty much impossible given Plaintiffs' Liaison Counsel's statement yesterday that at this time they do not know and cannot identify all of the claimants who have retained an attorney in the MDL Litigation.  Moreover, given that the number of claimants seems to being increasing expodentially -- it has increased from January 18th hearing from 723 to apparently more than 3,000 persons it is impossible to assess the exact scope of what you are requesting.  As such, I respectfully request that you reconsider your request to the Court to entertain a some unspecified motion seeking some unspecified sort of relief next Thursday.

Regards,

Henry

---

**From:** ANDREW WEINSTOCK [mailto:andreww@duplass.com]
**Sent:** Thursday, February 21, 2008 2:43 PM

02/26/2008

**To:** Amanda_Ballay@laed.uscourts.gov
**Cc:** Gerald E. Meunier; jwoods@gainsben.com; Hall, Christopher (CIV); Miller, Henry (CIV); janice williams-jones; jordan fried; Boyle, Michelle (CIV)
**Subject:** Meeting with the Court

Amanda,

As a result of our phone conference with the DOJ and the plaintiffs yesterday, the defendants intend to file a motion for protective order requiring FEMA provide the serial numbers and locations for all travel trailers that were/are occupied by individuals who have retained an attorney in MDL litigation (not all putative class members, just those that have actively retained attorneys). Henry Miller, Gerry Meunier, Justin Woods and I are available next Thursday (Feb. 28) first thing in the morning. Is the Judge available? If so, would he entertain the motion at that time?

                                                                    Andy Weinstock

02/26/2008