UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER                          MDL No. 07-md-01873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                 SECTION "N" (4)

                                             JUDGE ENGELHARDT
                                             MAG. JUDGE ROBY

THIS DOCUMENT RELATES TO 2007-5709

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

AMENDED AND RESTATED
CLASS ACTION COMPLAINT WITH JURY DEMAND

**NOW INTO COURT**, through undersigned counsel, come Joseph M. Pujol and

Stephanie G. Pujol, individually and on behalf of their minor children, Jessica R. Pujol and

Jill N. Pujol, on behalf of a class of similarly situated persons, and amend their previously

filed Class Action Complaint, naming additional Plaintiffs and Defendants, and aver as

follows:

1.

This Amended and Restated Class Action Complaint with Jury Demand is properly

filed because the one named Defendant in the Original Class Action Complaint, Pilgrim

International, Inc., has not served an Answer or any other responsive pleading upon the

Plaintiffs and, therefore, Plaintiffs are entitled to amend their Original Class Action

Complaint once as a matter of right.  FRCP 15(a)(1)(A).

2.

Plaintiffs restate and reaver the allegations set forth in paragraphs one through

thirty-six in their Original Class Action Complaint and such are incorporated herein by

reference.

3.

Paragraph two of the Original Class Action Complaint is amended to include the following additional Plaintiffs:

a.    Sean Gary Thomas, a person of the full age of majority and a resident of the Parish of St. Tammany, State of Louisiana;

b.    Phuong Kim Thomas, a person of the full age of majority and a resident of the Parish of St. Tammany, State of Louisiana;

c.    Isabella Nicole Thomas, a minor and a resident of the Parish of St. Tammany, State of Louisiana, through her natural tutors Sean Gary Thomas and Phuong Kim Thomas;

d.    Elizabeth Lisa Nguyen, a minor and a resident of the Parish of St. Tammany, State of Louisiana, through her natural tutor, Phuong Thomas;

e.    Thomas Anthony Bergens, a person of the full age of majority and a resident of the Parish of St. Tammany, State of Louisiana;

f.    Teresa Certoma Femia, a person of the full age of majority and a resident of the Parish of St. Tammany, State of Louisiana;

g.    Carol Eleanor Salassi, a person of the full age of majority and a resident of the Parish of Jefferson, State of Louisiana;

h.    Eric Albert Smith, a person of the full age of majority and a resident of the Parish of Orleans, State of Louisiana;

i.    Renay Marie Gardner, a person of the full age of majority and a resident of the Parish of Orleans, State of Louisiana; and

j.      LaRay Maurice Carey, a person of the full age of majority and a resident of the
        Parish of Orleans, State of Louisiana.

4.

Paragraph three of the Original Class Action Complaint is amended to include the
following additional Defendants:

a.      Gulf Stream Coach, Inc., a non-Louisiana corporation doing business in the State
        of Louisiana, and within this federal judicial district, with its domicile and principle
        place of business in the State of Indiana;

b.      Starcraft RV, Inc., a non-Louisiana corporation doing business in the State of
        Louisiana, and within this federal judicial district,  with its domicile and principle
        place of business in the State of Indiana; and

c.      Keystone RV Company, Inc., a non-Louisiana corporation doing business in the
        State of Louisiana, and within this federal judicial district, with its domicile in the
        State of Delaware and principle place of business in the State of Indiana.

5.

Even though Plaintiffs have already stated that all allegations and averments in the
Original Class Action Complaint are incorporated by reference, out of an abundance of
caution, Plaintiffs restate and reaver paragraph number four of the Original Class Action
Complaint to read as follows: the Defendants, Pilgrim International, Inc.; Gulf Stream
Coach, Inc.; Starcraft RV, Inc.; and Keystone RV Company, Inc., each do substantial
business in the State of Louisiana and within this federal district and, at all times relevant
hereto, they engaged in commerce both in this federal judicial district and in the State of
Louisiana.

6.

Even though Plaintiffs have already stated that all allegations and averments in the Original Class Action Complaint are incorporated by reference, out of an abundance of caution, Plaintiffs restate and reaver paragraph number thirty-two of the Original Class Action Complaint to read as follows: Defendants, Pilgrim International, Inc.; Gulf Stream Coach, Inc.;  Starcraft RV, Inc.; and Keystone RV Company, Inc.; as well as all other yet unnamed travel trailer manufacturers and distributors, were at all times material hereto under a duty to provide reasonably safe and non-dangerous housing units for use by the plaintiffs.

7.

Even though Plaintiffs have already stated that all allegations and averments in the Original Class Action Complaint are incorporated by reference, out of an abundance of caution, Plaintiffs restate and reaver paragraph number thirty-five of the Original Class Action Complaint to read as follows: Defendants, Pilgrim International, Inc.; Gulf Stream Coach, Inc.; Starcraft RV, Inc.; and Keystone RV Company, Inc.; as well as all other yet unnamed travel trailer manufacturers and distributors, breached their duty and were negligent, negligent *per se,* grossly negligent, and reckless in providing Housing Units that were unreasonably dangerous due to their high level of formaldehyde.

8.

Even though Plaintiffs have already stated that all allegations and averments in the Original Class Action Complaint are incorporated by reference, out of an abundance of caution, Plaintiffs restate and reaver paragraph number thirty-four of the Original Class Action Complaint to read as follows: as a result of the negligence and fault of Defendants,

Plaintiffs suffered and continue to suffer injuries and damages.

9.

Even though plaintiffs have already stated that all allegations and averments in the Original Class Action Complaint are incorporated by reference, out of an abundance of caution, plaintiffs restate and reaver paragraph number thirty-five of the Original Class Action Complaint to read as follows: the Defendants were negligent and at fault in the following non-exclusive particulars:

1.    Distributing unreasonably dangerous Housing Units to the Plaintiffs;

2.    Manufacturing unreasonably dangerous Housing Units;

3.    Failing to warn Plaintiffs of the unreasonably dangerous nature of the Housing Units;

4.    Failing to ensure that the Housing Units they manufactured and distributed to the Plaintiffs were suitable for their intended use;

5.    Failing to adhere to an express or implied warranty of fitness and safety for the Housing Units Defendants manufactured and distributed;

7.    Manufacturing and distributing Housing Units which were unduly dangerous due to their emissions of formaldehyde;

8.    Failing to act in a prudent and careful manner under the situation and circumstances;

9.    Failing to remedy the dangerous nature of the Housing Units they manufactured  and distributed; and

10.   Such other actions of negligence and fault as will be shown at the trial of this matter.

## REQUEST FOR JURY TRIAL

10.

Plaintiffs are entitled to and demand a trial by jury.

**W H E R E F O R E**, your Plaintiffs pray:

1.      That a summons be issued to the Defendants so that they can be served with such along with a copy of the Original Class Action Complaint and the Amended and Restated Class Action Complaint Complaint and be cited to appear and answer same;

2.      That after due proceedings are conducted, this action be certified as a class action pursuant to the provisions of F.R.C.P. 23 and the applicable local rules, as alleged herein above for the purposes of determining the common issues of liability for compensatory damages;

3.      That upon certification of the class action, the Court call for the formulation of a suitable management plan pursuant to the Federal Rules of Civil Procedure;

4.      That after due proceedings are conducted, there be a judgment in this matter in favor of the Plaintiffs and against the Defendants, declaring that the Defendants are liable to the Plaintiffs and all members of the class for all applicable damages and thereafter;

5.      That the rights of the Plaintiffs and all members of the class to establish their entitlement to compensatory damages, and the amount thereof, be reserved for determination in their individual actions when appropriate; and

6.      That Plaintiffs recover their costs for the prosecution of this class action and receive interest on all damages from the date of judicial demand until paid.

Respectfully submitted,

 /s/Hugh P. Lambert
Hugh P. Lambert (LA Bar Number 7933)
Linda J. Nelson (LA Bar Number 9938)
E. Alexis Bevis (LA Bar Number 29091)
Lambert & Nelson, P.L.C.
701 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-1750
Facsimile: (504) 529-2931

*Attorneys for the Plaintiffs*

**Please Serve the Original Class Action
Complaint and Amended and Restated
Class Action Complaint:**

1.      Pilgrim International, Inc.
        *Through its registered agent for service of process*
        Ronald Steve Bennett
        14489 U.S. 20
        Middlebury, Indiana 46540

2.      Gulf Stream Coach, Inc.
        *Through its registered agent for services of process*
        Kenneth C. Brinker
        503 South Oakland
        Napannee, Indiana 46550

3.      Starcraft RV, Inc.
        *Through its registered agent for services of process*
        Glenn E. Killoren
        317 W. Franklin Street
        Elkhart, Indiana 46516

4.     Keystone RV Company, Inc.
       *Through its registered agent for service of process*
       David G. Thomas
       2642 Hackberry Drive
       Goshen, Indiana 46526

**Please Withhold Service:**

Yet Unnamed Travel Trailer Manufacturers and Distributors