UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER | MDL NO. 1873 |
| FORMALDEHYDE | |
| PRODUCT LIABILITY LITIGATION | SECTION "N-4" |
| | JUDGE ENGELHARDT |
| | MAG. JUDGE ROBY |

THIS DOCUMENT IS RELATED TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## JOINT REPORT NO. 2 OF PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") respectfully submit this Joint Report No. 2.

### I. RECENTLY FILED ACTIONS:

**MISSISSIPPI:** *Charles Meshack, et al v. Circle B Enterprises, et al*, United States District Court, Southern District of Mississippi, filed on March 14, 2008, Civil Action No. 1:08-CV-92.

**ALABAMA:** *Betty White, et al v. Circle B Enterprises, et al*, United States District Court, Southern District of Alabama, filed on March 14, 2008, Civil Action No. 08-141.

Liaison Counsel are aware of only the two above actions being filed in federal district courts that raise the same issues and allegations at the center of this litigation. The

actions have not been transferred to this Court pursuant to the order of the Judicial Panel as of the date of this report.

## II. DECONSTRUCTIVE / DESTRUCTIVE PROCEDURE AT FEDERAL PRISON FACILITIES

The Department of Justice has informed counsel for the parties that FEMA contemplates entering into a Memorandum of Understanding with UNICOR and the Bureau of Federal Prisons to deconstruct / destroy five (5) travel trailer units as part of its scope of work determination process for disposal of the larger inventory of emergency housing units (ehu's). The deconstruction / destruction process will involve the testing of the work environment for levels of formaldehyde, mold, mildew, among other things pursuant to OSHA standards. The deconstruction / destruction of the five (5) ehu's will take place at one or more federal prison facilities.

Plaintiffs have asked to have representatives present for the deconstruction/ destruction process of the five (5) ehu's. Alternatively, the parties have requested access to allow for the videotaping of the process. Because of security concerns, the parties have been told by the Department of Justice that such requests cannot be honored absent a Court order directed to the Federal Bureau of Prisons. Absent further negotiations of this issue, the PLC and DLC may jointly request such an order. Counsel for the Department of Justice has assured liaison counsel that a litigation hold will be placed on the test results and supporting data from the OSHA testing.

## III. PLAINTIFF AND DEFENDANT TESTING PROTOCOLS

The Plaintiffs Steering Committee (PSC) will submit to the Court for review a testing protocol which will entail statistical sampling to aid in the possible extrapolation of test

results to those FEMA-provided ehu's in the same or similar categories which cannot or will not be tested. The PSC is waiting on further information from FEMA which will 1) identify the travel trailer units that FEMA has informed the parties were never occupied or placed into use at anytime; and 2) identify the units by location in FEMA storage facilities based upon provided information of clients of all plaintiff counsel. Such information is necessary in order to more accurately provide data necessary to establish and identify units sufficient to form a statistical sample. FEMA has begun a search for the requested data through their FRATS database and will provide the information pursuant to the Courts order entered on March 4, 2008 (DOC No. 104).

The Defendant Steering Committee (DSC) has previously communicated to the Court their proposed testing protocol which will involve 1) the testing of all units identified for testing by the PSC or plaintiff counsel; and 2) the testing of all units that have been occupied by clients heretofore identified by the PSC and/or plaintiff counsel which would total approximately 8,000 units.

## IV. FILING OF MASTER COMPLAINT

The PSC filed its Administrative Master Complaint (AMC) on March 18, 2008, pursuant to Pre-Trial Order Number 2 (DOC No. 87). The AMC adds the United States of America and FEMA as defendants for those plaintiffs with claims that have been pending administrative processing with FEMA for at least six (6) months. The AMC also adds additional manufacturer defendants that have been identified. The approximate total number of manufacturer defendants is sixty (60). The addition of the new manufacturer defendants may necessitate the extension of certain discovery deadlines put in place in Pre-Trial Order Number 2 (DOC No. 87).

## V. PLAINTIFF FACT SHEET

The Plaintiff Fact Sheet (PFS) has been finalized with the changes ordered by this Court (DOC No. 106). With the Court's approval, the PFS will be disseminated to counsel for all named plaintiffs for return service upon the DSC by July 16, 2008.

## VI. JOINT NOTICE PROTOCOL

Liaison counsel have discussed the possibility of a Joint Notice to be issued to all hurricane victims who were issued and/or resided in a FEMA-provided ehu. The PSC proposes that the Court enter an order directing FEMA to provide to a third party administrator the names and addresses of such individuals for a mass mailing. The PSC has solicited bids for this process and are willing to work with both manufacturer defendants and FEMA for an appropriate, Court-approved notice. The PSC believes that an efficient and fair adjudication of claims requires such a notice. The PSC has subpoenaed the relevant information from FEMA. FEMA has objected to the appropriateness of providing such a list citing Privacy Act concerns. The PSC will prepare a motion for the Court's consideration seeking to compel the production of the information requested in its subpoena.

The DSC will review any proposals presented by plaintiffs, but, at this time, have not agreed to participate in a joint notice protocol.

### VII.   Pretrial Publicity

Liaison counsel discussed the issue of pretrial publicity. The DSC expressed concern regarding recent statements in the media made by *certain* plaintiffs' counsel and other statements distributed by the national media. The DSC also expressed concern that continued statements might create a substantial likelihood of prejudicing

the Court's ability to conduct a fair trial. Given the statements and counsels' obligations under Rule 3.6 of the Louisiana Rules of Professional Conduct, the DSC wishes to discuss this issue with the Court. In addition, the DSC may, in the future, seek an order restricting extrajudicial statements by the parties and their counsel.

It is the position and intention of the PSC that no attorney in this case, regardless of which party that attorney represents, should make statements to the media which would "have a substantial likelihood of materially prejudicing" any "adjudicative proceeding" herein. *See* Rule 3.6(a), Louisiana Rules of Professional Conduct. The PSC also is aware that any judicial attempt to regulate or restrict free speech raises First Amendment issues.

Respectfully submitted:

**GERALD E. MEUNIER, #9471**
**JUSTIN I. WOODS, #24713**
PLAINTIFFS' CO-LIAISON COUNSEL
Gainsburgh, Benjamin, David, Meunier &
    Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-2800
Telephone: 504/522-2304
Facsimile: 504/528-9973

**ANDREW D. WEINSTOCK, #18495**
DEFENDANTS' LIAISON COUNSEL
Duplass, Zwain, Bourgeois, Morton, Pfister
    & Weinstock
3838 N. Causeway Bouelvard, Suite 2900
Metairie, Louisiana 70002
Telephone: 504/832-3700
Facsimile: 504/837-3119