UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION

MDL NO. 1873

SECTION "N-4"

JUDGE ENGELHARDT
MAG. JUDGE ROBY

THIS DOCUMENT IS RELATED TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

### PLAINTIFFS' COUNSEL'S TIME AND EXPENSE SUBMISSIONS

Reimbursement for costs and/or fees for services of all plaintiffs' counsel performing functions in accordance with this order will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing. The following standards and procedures are to be utilized by any counsel seeking fees and/or expense reimbursement.

I. **General Standards**

(1) All time and expenses submitted must be incurred only for work authorized in writing by the Plaintiffs' Steering Committee ("PSC").

(2) These Time and Expense Guidelines are intended for all activities performed and expenses incurred by counsel that relate to matters common to all claimants in this litigation.

(3) Only time spent and costs incurred on matters common to all claimants in this litigation will be considered in determining fees or costs. No time spent on developing or processing any case for an individual client (claimant) will be considered or should be submitted. No costs related to an individual client (claimant) will be considered or should be submitted.

(4) Plaintiffs' Liaison Counsel has retained and the Court approves the retention of the accounting firm of Bourgeois Bennett, LLC ("BBLLC") to assist and provide accounting services to the PSC and the Court in this litigation. BBLLC will be assisting in compiling submissions and will provide reports to Justin Woods and Matt Moreland as Co-Chair of the PSC Audit and Finance Committee, who shall file them with the Court on a quarterly basis. These reports will include both time and expenses and will summarize the submissions of all firms. Submission of time and expense records to BBLLC and the Court shall be considered as if filed under seal.

(5) Time and expense submissions must be submitted timely, on a monthly basis to BBLLC. The first submission is due to BBLLC on the 15th of each month following the end of the calendar month during which this Order is signed. Thereafter, time records shall be submitted to BBLLC on the 15th of each month.

(6) All submissions shall be transmitted electronically utilizing Microsoft Excel templates substantially in the form set forth in Exhibit A to this Order for time submissions and Exhibit B to this Order for expense submissions. Any hard copy documentation supportive of a firm's time and expense submission should be sent by email to dennism@bb-cpa.com or via first class mail to BBLLC, attention Dennis McCartney at PO Box 60600, New Orleans, LA 70160-0600.

(7) BBLLC will compile all submissions and provide a summary report to Justin Woods and Matt Moreland as Co-Chair of the PSC Audit and Finance Committee by the 30th day of each month.

II. **Time Reporting**

(1) Time shall be submitted only by those firms who are members of the PSC or who have signed the subscriber agreement and are current with all assessments and are listed and have been approved as eligible to submit common benefit time. Co-Liaison Counsel for plaintiffs shall provide to BBLLC on or about the first of each month the list of those eligible to submit common benefit time, after first circulating the list to members of the PSC for their review.

(2) No eligible non-PSC subscribing attorney's time shall be considered compensable unless the time allocation or job has been approved in writing by a PSC member on a form prescribed by the PSC.

(3) All time must be accurately and contemporaneously maintained. All counsel shall keep a daily record of their time spent in connection with this litigation, recorded in tenth-of-an-hour increments, indicating with specificity the hours, location and particular activity performed (such as "conduct of deposition of A.B."). The failure to maintain such records, as well as insufficient description of the activity may result in a forfeiture of fees.

(4) Each time entry must be assigned to a specific individual and a Litigation Task Category from the list contained in Exhibit C to this Order. Each individual must also be categorized to one of the Titles also listed on Exhibit C to this Order.

(5) BBLLC will provide each reporting firm a summary report of all time records submitted for each quarterly reporting period, summarizing the total of the firm's submitted time broken down by each separate name of time keeper and Litigation Task Definition.

(6) The summary report form shall be certified each month attesting to the accuracy and correctness of the monthly submission.

III. **Expense Reporting**

(1) Advanced costs will be deemed as either "Shared" or "Held." as further described below:

(a) Shared Costs are costs that will be paid out of a separate PSC Expense Fund account to be established by the PLC and to be funded by all members of the PSC and others as determined by the PSC.

(b) Held Costs are those that will be carried by each attorney in this litigation and reimbursed as and when determined by the PSC. Only Held costs are to be submitted as common benefit costs to BBLLC.

(2) Each member of the PSC and any others will contribute to the PSC Expense Fund at times and in amounts sufficient to cover the administration of this litigation. The timing and amount of each assessment will be determined by the PSC.

A. <u>Shared Costs</u>

(1) Shared Costs are costs that will be paid out of a separate PSC Expense Fund account to be established by the PSC and to be funded by all members of the PSC and others as determined by the PSC.

(2) All costs of a substantial nature that fall under the categories identified as Shared Costs in Exhibit D shall be considered Shared Costs and qualify only to be submitted and paid directly from the PSC Expense Fund account.

(3) The PSC shall prepare and be responsible for distributing reimbursement procedures and the forms associated therewith. Request for payments should include sufficient information to allow the PSC to properly account for costs and to provide adequate detail to the Court. All requests shall be subject to review and approval by the PSC Audit and Finance Committee.

B. <u>Held Costs</u>

(1) All costs of a substantial nature that fall under the categories identified as Held Costs in Exhibit D to this Order shall be considered Held Costs and qualify only to be submitted to BBLLC for accumulation and future consideration for reimbursement by the PSC and the Court.

(2) The following limitations apply to held costs submitted:

(a) Airfare. Only the lowest-priced available coach airfare at time of booking, either at restricted coach rates or rates which allow the reservation to be re-booked without surcharge and other agency fees, for a reasonable itinerary will be reimbursed.  Notwithstanding the foregoing, first class airfare shall be allowed for cross country flights that are in excess of four hours non-stop flight time or international flights.

(b) Mileage. Mileage claims must be documented by stating origination point, destination, total actual miles for each trip. A standard rate of 48.5 cents per mile, the current maximum rate allowed by the IRS, should be used for all mileage expenses.

(c) Hotel. Hotel room charges will be reimbursed up to the greater of (a) $250 per night excluding taxes, or (b) the average available room rate of the Hyatt, Hilton, and Marriott hotels in that city.

(d) Meals. Meal expenses must be reasonable and include the names of attendees and business purpose of the meal.

(e) Ground Transportation. Auto rental charges should be supported by an invoice from the vendor. Luxury rental automobile rentals will not be fully reimbursed, unless only luxury automobiles were available. If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed. Taxicab fares will be reimbursed at actual costs.

(f) Other Travel Expenses. Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, pay telephone, etc.) will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

(g) Fax: Contemporaneous records should be maintained and submitted showing faxes sent and received. A standard charge of $1.00 per page should be used for all long-distance telefax charges submitted and $0.50 per page should be used for all local telefax charges submitted.

(h) Copying: In-house copy charges must be supported by a contemporaneous photocopy log or other supporting documentation. A standard charge of $0.30 per page for black and white and $1.00 per page for color should be used for all in-house copy charges submitted.

(i) Postage: A contemporaneous postage log or other supporting documentation must be

maintained and submitted. Postage charges are to be reported at actual cost.

(j) Shipping: All claimed expenses for shipping, courier and overnight delivery must be documented with bills showing the sender, origin of the package, recipient, and destination of the package.

(k) Research: Computerized research claims for Lexis, Westlaw, and other computerized legal research expenses should be in the exact amount charged to the firm for these research services, and the nature of the research should be included in the description of the charge.

(l) Telephone: Long distance and cellular telephone charges must be documented. Copies of the telephone bills must be submitted with notations as to which charges relate to this litigation.

(m) Other: All costs incurred that do not fit in any of the specified categories should be submitted as other costs. All other costs should be supported by invoices.

Questions regarding the guidelines or procedures or the completion of any forms should be directed to the PSC and BBLLC or the Court.

New Orleans, Louisiana, this __24th__ day of __March__, 2008.

_____
United States District Judge Kurt Engelhardt