**U.S. Department of Justice**

Civil Division

Washington, D.C. 20530

February 1, 2008

**VIA ELECTRONIC MAIL w/Attachment**

Gerald E. Meunier, Esq.
Justin I. Woods, Esq.
Gainsburgh, Benjamin, David,
 Meunier & Warshauer, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2800
gmeunier@gainsben.com
jwoods@gainsben.com

Andrew D. Weinstock, Esq.
Duplass, Zwain, Bourgeois, Morton,
 Pfister & Weinstock
Three Lakeway Center
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
andreww@duplass.com

    Re:    **In re: FEMA Trailer Formaldehyde Prods. Liability Litig.,**
           MDL No. 07-1873, SECT. N(4) (E.D. La.)

Dear Counsel:

    This correspondence addresses the request by Liaison Counsel to inspect and test the Federal Emergency Management Agency's occupied and unoccupied travel trailers and mobile home units (hereinafter collectively referred to as "units"). Units fall into essentially two categories, (1) Unoccupied Units, and (2) Occupied Units. The unoccupied units are currently located at various FEMA storage areas and staging facilities in the Gulf Coast, while the occupied units are currently being used as emergency housing for Hurricanes Katrina and Rita disaster victims. The following describes Government's counsels' understanding of the status of negotiations between the parties and the Government regarding the inspection of the units.

EXHIBIT II

## I. Deactivated Unoccupied Units Issued By FEMA In Response To Hurricanes Katrina & Rita

The Government has agreed that on or before February 15, 2008, it will produce a list of unoccupied units in its possession and custody which were used as temporary emergency housing in response to Hurricanes Katrina and Rita. The list will identify: (1) FEMA storage and staging area where the unit is located; (2) FEMA bar code number; (3) vehicle identification number ("VIN"); and (4) Manufacturer. The Government proposes that on or before March 5, 2008, Liaison Counsel will identify the units that they want to inspect. Government and Liaison counsel will then arrange a mutually agreeable date for Liaison Counsel to inspect the selected units. The government further proposes that absent good cause shown, Liaison Counsel will complete their inspections of selected units on or before April 15, 2008.

Further, Liaison Counsel will circulate to all counsel of record, the list of unoccupied units, and a list of units that have been identified for testing. In the event that any counsel of record makes a request to inspect an unoccupied unit, they will provide that information to their respective Liaison Counsel, who will arrange with Government Counsel to make that unit available for inspection. It is understood that any such units will be made available for inspection on the same date(s) that Liaison Counsel is provided access to the location where that unit is located.

Prior to commencement of any inspections, Liaison Counsel will provide to the Government a copy of their inspection protocols. Liaison Counsel also agrees to share and provide copies of all data and information generated as a result of their inspections. Further, it is agreed that after Liaison Counsel completes their inspection, FEMA may dispose of its inventory of unoccupied units and it is understood that FEMA's disposal of unoccupied units will not constitute basis for asserting spoliation of evidence.[1]

## II. Testing Of Occupied Travel Trailers & Mobile Home Units Issued By FEMA In Response To Hurricanes Rita & Katrina

Hurricanes Katrina and Rita disaster victims occupy approximately 40,000 units in Mississippi, Louisiana, and Texas. Approximately 39,000 of these units are on private property. Plaintiffs' Liaison Counsel has requested permission to test a representative number of the occupied units prior to placement of the units in a FEMA staging and storage facility. Plaintiffs understand and agree that they have access to, and, can examine and test any units that are currently occupied by any of the seven-hundred and twenty-three (723) named Plaintiffs.

---

[1] In the event any Plaintiff or Defendant disagrees and requests that the Government retain any unoccupied units, the Government is amenable to retaining such units; however, the party(ies) requesting that units be retained shall be responsible after April 15, 2008, for any and all storage costs and the Government will issue an invoice monthly to that counsel for storage and maintenance costs.

2

Furthermore, as previously discussed, FEMA has agreed to allow Liaison Counsel access unoccupied units, including any of the units in its possession and custody that were actually occupied by claimants. See supra Section I.

Therefore at issue is Plaintiffs' Liaison Counsel's request to inspect units currently assigned to persons who have neither filed suit nor administrative tort claims for the alleged reasons that those units may produce evidence relevant to Plaintiffs' claims. The Government cannot provide Plaintiffs with access to the occupied units for several reasons. First, FEMA lacks authority to authorize Liaison Counsel to access the vast majority of the occupied units because they are on private property and the Privacy Act prohibits FEMA from disclosing the identity and address of FEMA aid recipients. Second, because of health and safety concerns FEMA does not have the facilities to take possession, custody and control of an unoccupied unit prior to deactivation which may include drainage of any black water, flushing of the sewer system, and removal of foodstuff, organic matter, and insect infestation.

On January 30, 2008, Government and Liaison Counsel attended a Chambers Conference where we discussed these issues and reached an agreement. It was agreed that a independent government contractor, to be reimbursed by Liaison Counsel, would retrieve selected vacated units scheduled for transfer to FEMA and deliver them to a location selected and operated by Liaison Counsel. Liaison Counsel agreed to take possession, custody and control of the units at that location, including legal responsibility for the units while in their possession, custody and control, and test the units at that location. Upon completion of testing, the independent government contractor would retrieve the unit and transport it to a deactivation center.

The next day, Plaintiffs' Liaison Counsel informed the Government that it was unable to conduct testing in accordance with the representations made during the Chamber's Conference. Plaintiffs' Liaison Counsel, now allege that the occupied units must be tested at their present location. As a result of this change in position, Government and Liaison Counsel are attempting to reach an alternative solution without the Court's intervention. For this purpose, at Plaintiff Liaison's request, FEMA is attempting to compile a list of units located at FEMA and contractor operated group sites. FEMA believes that it may be possible to allow Liaison Counsel's experts, to access units at those sites after the units are vacated and before they are relocated. Assuming FEMA is able to access the requested information, Liaison Counsel will then review the list to determine whether the number of units at these location will provide an adequate sample.

### III.   Plaintiffs' Liaison Counsel's Subpoena To FEMA

On a related matter, the Government is in receipt of Plaintiffs' Liaison Counsel's Fed. R. Civ. P. 45 Subpoena which was received by Government counsel after the Chamber's Conference on Wednesday. See Attached Subpoena. The subpoena requires, in part, that FEMA identify all persons who occupy travel trailers or mobile homes and provide contact information, address and telephone numbers, for those persons. See Attached Subpoena, Exhibit A 1, 3, 4, 9. In other words, FEMA to comply with the subpoena must disclose the identity and contact information for of all FEMA aid recipients who are neither Plaintiffs nor claimants in this

litigation.

The Government requests that the Plaintiffs' Liaison Counsel withdraw its request for this information. One of the purpose of our agreement Wednesday and ongoing negotiations was to find a mutually agreeable procedure that would allow the Government to safeguard the privacy and property rights of nonparty FEMA aid recipients, while providing Plaintiffs' Liaison Counsel with an opportunity to test units before they were deactivated and relocated to FEMA staging areas or storage facilities. Plaintiffs' Liaison Counsel's request for information relating to nonparty FEMA aid recipients is inconsistent with the agreement the parties reached on Wednesday and disclosure of that information would moot the need for our ongoing negotiations. Accordingly, because the requested information is protected by the Privacy Act and the request for that information is inconsistent with our ongoing negotiations, the Government respectfully requests that Plaintiffs' Liaison Counsel withdraw their request for this information.

As to the Government's formal response to the subpoena, FEMA is in process of reviewing the requests and, consistent with Fed. R. Civ. P. 45, will formally respond to the subpoena on or before February 11, 2008.

If you have any questions, or would like to discuss any matters addressed herein, please give me a call.

Sincerely,

HENRY T. MILLER
Senior Trial Counsel
U.S. Department of Justice

cc: Honorable Judge Engelhardt
Gaupp
Glynn
Boyle
Scandurro
Hall
Fried
Williams-Jones