UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL NO. 1873

SECTION "N-4"
JUDGE ENGELHARDT
MAG. JUDGE ROBY

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

DEFENDANT UNITED STATES OF AMERICA'S EXHIBITS
IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FTCA AND
CONTRACT CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION

U.S. EXHIBIT NO. 32

...RTIFIED TO BE A TR... ...PY OF THE ORIGIN...

Wednesday May 9, 2007

Joseph M. Pujol
or
Stephanie G. Pujol
1612 Vegas Drive
Metairie, LA. 70003
(504) 289-5738
Fema # 939476822

To Whom It May Concern:

I am writing to provide the additional informations to you in regards to my request for rental reimbursement as well as continued rental assistance until we can get on our feet.

① My previous - landlord
Mrs. Patricia K. Garner
1612 Vegas Dr.
Metairie, LA. 70003
(504) 469-3615
Rent: $425.00/month.

② I am severly disabled along with my 13yo daughter. I requested a handicapped trailer and we got one that was not handicapped assesible. Propane tanks were in the trailer. Could not fit a

FEMA-00438

CERTIFIED TO BE A T...
...PY OF THE OR'G...

pg 2
Fema # 939476822

a walker through the doors. My youngest daughter had multiple medical problem and ended up with a diagnosis of seizures and bipolar. My husband ended up with a C-Pap machine. Health reasons we could not stay there any longer.

③ The reason for our need for rental assistance is that the cost of rent and utilities increased drastically. Also our medical bills, cost of medicine increased dramatically. We are in a 1year lease. This place was the cheepest at the time. We tried finding cheeper rent and it was unheard of, we even tried to buy a house ~~thing~~ thinking that would be cheeper and with insurance it was unaffordable. We tried working with Brennan Mortgage Co. (504) 456-8988
Prudential Gardner 301 W. Airline Hwy Lapl 70068 (985) 652-3304
Re/Max 4141 Veterans Memorial Blvd Met. LA. 70002. (504) 888-9900
Larry Trunk Realty 2412 David Dr. Met, LA. 70003 (504) 885-9544
We also had to replace personal property.

RTIFIED TO BE A
PY OF THE ORIG

pg 3
Fema #
939476822

In October we will actively be searching for a cheeper place. I search the classifieds daily for rental and for sale properties. I can not afford to break a lease. As more rental properties are repaired and migrant workers leave the rent hopefully will get cheeper. If we have to evacuate again we may not come back to this state.

Apt - (504) 734-9788 Starting at $990.⁰⁰/mo
(504) 888-7313 $975.⁰⁰/mo
(504) 421-6025 $1450⁰⁰/mo
(504) 469-8374/495-3817 $1200⁰⁰/mo

I even had friends looking for me: Leza Thomas (504) 468-8865.

④ When in the TT it had a amonia smell after it was picked up a recall on the Domectic refrigerators which was an appliance that was in our TT.

⑤ Lease is already on file
⑥ My husbands salary will decrease soon because overtime will be over!
Thank you
Sincerely
Stephanie G. Pujol

FEMA-00440

1603   Joseph Pujol                     939471622
                                        7/11

To Whom It May Concern:

We have found more permanent housing and more comfortable housing for our family. We are requesting transition rental assistance. I (Stephanie G. Pujol) and my 13yo daughter (Jessica R. Pujol) both have Hepatitis C, there is leakages of plumbing in the trailer. I (Stephanie G. Pujol) have multiple orthopedic problems and am obese and have trouble navigating through the trailer, also I will be starting an investigational drug study for Hepatitis C consisting of Interferon, Ribavirin, and an investigational drug. My 11yo daughter (Jill N. Pujol) is having stress induced seizures. My husband (Joseph M. Pujol) have been started on a CPAP machine and the trailer has propane tanks and run with gas.

The people where we are residing want the trailer off their property and doesn't want us to occupy the rental property any longer. Nothing inside has been really started.

Sincerely,

Stephanie G. Pujol

11/29/2006 15:48 FAX 3035452391    NEXT LEVEL BOULDER                    ☐ 010

16003    Joseph Pujol    9394716822

# RESIDENTIAL LEASE
Revised June 1999

10/11

RTIFIED TO BE A TRU
PY OF THE ORIGI

Standard form of: New Orleans Metropolitan Association of REALTORS®, Inc.,
St. Tammany Boards of REALTORS®, Inc., Jefferson Board of REALTORS®, Inc.,
Tangipahoa Board of REALTORS®, Inc.

Date: November 27, 2006

PARTIES CHRIS/VALERIE RUPPERT RUPPERT DEV. 4-PLEX (hereinafter referred to as Lessor)

hereby leases to M/M JOSEPH Pujol
(hereinafter referred to as Lessee) the following described property:

PREMISES: 4053 IDAHO ST.                      Apt. # D

in Kenner   (City)   La   (State)   70065   (Zip)   for use by Lessee as a private residence only.

TERM This lease is for a term of 12 months commencing on the 7th day of December 2006
and ending on the last calendar day of December, 2007

MONTH TO MONTH RENEWAL. If Lessor, or Lessee, desires that this lease terminate at the expiration of it's term he must give to the other party written notice at least 30 days prior to that date. Failure of either party to give this required notice automatically renews this lease and all of the terms thereof except that the lease will then be on a month to month basis.

RENT This lease is made for and in consideration of a monthly rental of $980.00 ($950.00 if paid by 3rd of each month)
dollars payable in advance on or before the 1st day of each month at 19 Chateau Du Jardin Dr. Kenner La 70065

Lessee agrees to pay lessor the sum of $710.00 _____ dollars
which is prorated rental for the period Dec 8, 2006 through Dec 31, 2006. If rent is paid by the 3rd
of the month, Lessee shall be entitled to a deduction of $30.00 dollars per month provided, however, that if the rent due is not
received by the 3rd of the month Lessor shall be considered delinquent. If Lessee pays by check and said check is not honored
on presentation for any reason whatsoever, Lessee also agrees to pay an additional sum of $50.00 as a penalty. This penalty
provision is not to be considered a waiver or release thereof of any of the other rights or remedies of Lessor. At Lessor's discretion after receipt of NSF
check, Lessor may require all future payments in the form of money orders or certified funds. Lessor shall give written notice to Lessee of this
requirement.
                                                                                        in $50 payments
                                                                                        each month
SECURITY DEPOSIT Upon execution of this lease, Lessee agrees to deposit with Lessor, the sum of $600.00 Balance of $450
This deposit shall be non-interest bearing and is to be held by Lessor as security for the full and faithful performance of the terms and conditions of this
lease. This security deposit is not an advance rental and Lessee may not deduct portion of the deposit from rent due to Lessor. This security deposit is not
to be considered liquidated damages. In the event of forfeiture of the security deposit due to Lessee's failure to fully and faithfully perform all of the
terms and conditions of this lease, Lessor retains all of his other rights and remedies. Lessee does not have the right to cancel this lease and avoid his
obligations hereunder by forfeiting said security deposit.

Deductions will be made from the security deposit to reimburse Lessor for the cost of repairing any damage to the premises or equipment or the cost of
replacing any of the articles or equipment that may be damaged beyond repair, lost or missing at the termination of this lease. Deductions will also be
made to cover any unpaid amounts owed for rent or any damage, loss, or charges occurring prior to termination of this lease and for which Lessee is
responsible. In the event that damages or other charges exceed the amount of the security deposit, Lessee agrees to pay all expenses and cost to Lessor.
In the event there has been a forfeiture of the security deposit, excess charges shall be paid in addition to the amount of the said security deposit.

Should there be any damage to the leased premises or equipment therein, reasonable wear and tear excepted, caused by Lessee, his family, guests or
Agents, Lessee agrees to pay Lessor when billed the full amount necessary to repair or replace the damaged premises or equipment. This includes but
is not limited to garbage disposal, plumbing problems due to improper usage, also water problems due to improper bath/shower usage.

Not withstanding any other provisions expressed or implied herein, it is specifically understood and agreed that the entire security deposit aforesaid
shall be automatically forfeited should Lessee vacate or abandon premises before the expiration of this lease, except where such abandonment occurs
during the last month of the term of this lease and Lessee has paid all rent covering the entire term and either party has given the other timely written
notice that his lease will not be renewed under its automatic renewal provisions. Forfeiture of the security deposit shall not limit Lessor's rights nor
Lessee's obligations.

The leased premises must be returned to the Lessor in as good condition as they were at the time the Lessee first occupied same, subject only to normal
wear and tear. Lessor agrees to deliver the premises clean and free of trash at the beginning of this lease and Lessee agrees to return the same in like
condition at the termination of this lease. At the termination of this lease, the Lessee shall be entitled to an accounting, and a return of the security
deposit within 30 days thereafter, providing all of the obligations of the Lessee have been fulfilled, including return of the keys to the Lessor. Lessee shall
provide Lessor with a forwarding address, in writing.

INITIALS Lessee ___  Lessee ___  Lessor ___  Lessor ___

FEMA-00499

11/29/2006 15:48 FAX 3035452391      NEXT LEVEL BOULDER                        ☒011

1603     Joseph Pujol                          9394476822

                                                                              11/11

228. MISCELLANEOUS PROVISIONS: No [illegible]... [illegible] only in designated areas. No holes shall be drilled in
229. the walls, woodwork, or floors and no alteration [illegible] or repainting of walls is permitted without written consent o
230. Lessee. Lessee shall not allow the cable/phone company to [illegible] ... [illegible] written permission. No waterbeds are allowed
231. No foil in windows is [illegible]... to be provided, garbage is to be placed on curb as prescribe
232. by law in a proper receptacle provided by Lessee.
233.
234. Lessee is to furnish Lessor with a list of [illegible] ... this is to be held by Lessor in case of dispute as t
235. move-in condition of property.
236.
237. SPECIAL CONDITIONS:
238. Temporary occupancy by Mr. [illegible]
239.
240. Lessor is a real estate agent w/ [illegible]
241.
242. Lessee may check w/ Child [illegible] Registry
243.
244.
245.
246.
247. LEAD-BASED PAINT, ASBESTOS HAZARD: Lessee [illegible]... that the premises may contain lead paint, asbestos, or other toxins which ma
248. cause serious injury or death if came in contact with the human body and are in the air or [illegible]. The "Protect Your Family From Lead in You
249. Home" pamphlet has been offered to both parties with respect to policies and information on lead-base paint. Having knowledge of these facts, Lessee
250. agrees to maintain the premises in a reasonable, safe condition to report [illegible]... which may lead to damage or injury because of lead
251. asbestos or other toxins, and Lessee further agrees to remain on the [illegible]... in the rental premises at his own risk and hereby release
252. Lessor, his agents and/or representatives, from any [illegible] ... and further agrees to hold harmless, defend
253. and indemnify Lessor, his agents and/or representatives from any claims made by Lessee, members of his household or others using the premises with
254. the consent and permission of Lessee.
255.
256. LESSOR:   Were there any structures built on the property prior to 1978?
257.
258.        Yes          No  X       Unknown
259.
260. If Yes or Unknown is checked, the Residential Lease is submitted with the [illegible]... notice on Lead-Based Paint and Lead-Based Pain
261. Hazards Form dated

262. INITIALS Lessee _____  Lessee _____   Lessee _____   Lessor _____

263. Time is of the essence. This document and any side deal/addendum contain this entire ... [illegible]... If all of this lease is or becomes contrary to law, the
264. remainder of this lease shall be unaffected. Any changes must be agreed upon in writing and signed by Lessor and Lessee.
265.
266. FOR REPAIRS/MAINTENANCE CALL:    Valerie Ruppert     468-2512
267.                                   Name                 Phone
                                                           914-4429
268.          We do business in accordance with Federal Fair Housing Laws.
269.               THIS IS A BINDING LEGAL DOCUMENT. READ CAREFULLY BEFORE SIGNING.

270. X Joseph M Pujol                              X Valerie Ruppert   11/27/06
     Lessee Signature         Date                 Lessor Signature      Date

271. X Stephanie S. Pujol
272. Lessee Signature          Date                                      Date

273.
274. Agent Name         Company         Phone #             Listing Agent I.D. #

275.
276. Agent Name         Company         Phone #             Leasing Agent I.D. #

277. INITIALS Lessee _____  Lessee _____   Lessee _____   Lessor _____

                                                              Page 4 of 4

FEMA-00500

CERTIFIED TO BE A TRUE
COPY OF THE ORIGINAL   Jeff

## U.S. DEPARTMENT OF HOMELAND SECURITY
### FEDERAL EMERGENCY MANAGEMENT AGENCY
### EMERGENCY SHELTER - AGREEMENT TO RULES OF OCCUPANCY

| FEMA DR # 1603 | Location # 1612 Vegas Dr. | Lot # |
|---|---|---|
| Reg. ID # 93-947682 5A (2) | Metarie, LA 70003 | |

I acknowledge and understand that FEMA is providing this unit as a temporary shelter because the President declared a major disaster or emergency in the area and I am not able to live in my residence due to this event. I understand that this is a temporary shelter and that I may be required to move if any of the following occur: when housing options become available; if FEMA determines I am ineligible for this shelter unit; or when FEMA discontinues shelter operations. See 42 U.S.C. 5170B.

I have been informed and understand that violations of any of the rules listed below may result in my being required to leave the unit immediately. I agree that I:

(1) Must keep the unit and the surrounding area clean.
(2) Must not commit or allow crimes to occur in the unit or in the vicinity.
(3) Must not allow anyone, other than the individuals listed below, to live in the unit.
(4) Must accept other housing options, when they become available.
(5) Must occupy the unit continuously, and must seek approval from FEMA if leaving the unit for any extended period of time.
(6) Must respect the rights and privacy of other individuals in the park as outlined in the attached park rules.

| Name of Person Assigned to Shelter Unit (Please Print) | Signature of Person Assigned to Shelter Unit | Date |
|---|---|---|
| Joseph M. Pujol | X Joseph M. Pujol | 11/26/05 |

(To be Completed by Person Assigning the Shelter Unit)

### Family Composition - Occupant Information

| Name | Age | Sex |
|---|---|---|
| Joseph M. Pujol | 49 | M |
| Stephanie Pujol | 47 | F |
| Jessica Pujol | 12 | F |
| Jill Pujol | 10 | F |

| Site Control # | Unit Bar Code # | Unit VIN # |
|---|---|---|
| SC-03-032338 | 1280257 | 5L4TF2928S3010575 |

| Name of Person Assigning Shelter Unit (Please Print) | Signature of Person Assigning Shelter Unit | Date |
|---|---|---|
| Gary Broderick | G. Broderick | 11/26/05 |

FEMA-00506

CERTIFIED TO BE A TRUE
COPY OF THE ORIGINAL

A

## Applicant Pending Inspection

**Date:** 11/05/2005   **Assigned Contractor:**
**Site Control Number:** SC-03-032338   **Registrant ID:** 939476822A

### Site Information:
**Last Name:** PUJOL   **First Name, MI:** JOSEPH M
**Address:** 1612 VEGAS DR
**City:** METAIRIE   **State:** LA
**Parish:** Jefferson   **Zip:** 70,003
**Land Owner:** Patricia Garner
**Phone:** (504)4693615   **Alt. Phone:** (504)4306142
**Site Phone:** (504)2895738 Cell   **Site Alt. Phone:**
**Number of Trailers:** 1   **Number of Occupants:** 0

✓ Electric ___ Gas ✓ Water ✓ Sewer

| Call Attempts (Date): | 1 | 2 | 3 |

**Special Needs:**
DAUGHTER AND MOTHER HAS HEPATISIS C

**Site Feasible (from Call Center)?** (Yes)  No  Hold
**If No, Reason:**

**Site Assessor:** Scot Rodrigue   **Date of Assessment:** 11-18-05
**Site Description/Sketch:** 225-615-5467
OK
Feasible

**No. of People Housed:** 4   **No. of Bedrooms Needed:**
**Site Feasible (from Assessment)?** (Yes)  No  Hold
**If No, Reason**

LL 11-8-05 11:17am

2 adults one set of spouse
2 children 2 girls

Site Ready

FEMA-00507

CERTIFIED TO BE A TRUE
COPY OF THE ORIGINAL

| FEDERAL EMERGENCY MANAGEMENT AGENCY **LANDOWNER'S AUTHORIZATION INGRESS-EGRESS AGREEMENT** | 1. T.H. APPLICATION NO. 939476822A | See Reverse side for Instructions and Paperwork Burden Notice | O.M.B. No. 3067-0222 Expires September 30, 2005 |
|---|---|---|---|
| **2. LANDOWNER'S INFORMATION** | | **3. APPLICANT SITE INFORMATION** | |
| NAME: Jesse E. Garner | | NAME: Joseph M. Pujol | |
| ADDRESS (House No. and Street name): 1412 Vegas Dr | | SITE ADDRESS (House No. and Street name): 1612 Vegas Dr | |
| CITY AND STATE (Include Zip Code): Metairie, La. 70003 | | CITY AND STATE (Include Zip Code): Metairie, La. 70003 | |
| PHONE NO. (Include area Code): (504) 469-3615 | | NOTE: PROVIDE DIRECTIONS AND ATTACH MAP IF NECESSARY | |

4. In consideration of the President's Disaster Proclamation of __8-29-05__ __1603__ and the furnishings of a temporary
(date of declaration)  (DR#)
housing unit by the United States of America to the above applicant, a disaster victim, and other good and valuable consideration not herein expressly stated, and intending to be bound hereby, the Landowner (which term shall, for the purposes of this agreement, include the owner of record and any parties in possession) does hereby agree with the applicant as follows:

a. The Landowner hereby certifies that he/she is the owner of the above described property an authorizes placement of a temporary unit on his/her land for use of the subject applicant for the temporary housing period established by the United States Government.

b. The Landowner agrees that no indebtness of his/hers will become a lien on the said housing unit, and that he/she will not attempt to restrain the owner of the unit from removing it from the subject property.

c. The Landowner agrees to allow and maintain a route of ingress and egress for placing and removing the temporary housing unit along and across the subject property to the nearest reasonable access to a public street. This agreement includes the prohibition of structures and barriers upon the property which would hinder or preclude the normal and unusual connecting, parking, placing, hitching, or removing of the temporary housing unit.

d. The Landowner further agrees to maintain a reasonable route of ingress and egress along and across the property to and from the temporary housing unit for the applicant.

e. The Landowner has agreed the following alterations to the property may be made to assure adequate ingress and egress or to allow for utility connections to existing utility service on the property. No claim will be filed by Landowner for these actions. (List removal of trees, shrubs, fences, grading holes in driveway or foundation, etc.). Attach drawing of agreed-upon ingress and egress route.

5. This Agreement shall remain in force for 30 days following termination of occupant of the temporary housing unit in accordance with procedures and regulations promulgated by the Government.

6. Site preparation costs will be the responsibility of: (Check one) ☐ the applicant;  ☐ landowner;  ☐ other (specify)
Provide details if responsibility is divided:

7. Landowner intends to charge and applicant agrees to pay _____ /month rental for use of the property. (Mark "None" if no rental is to be charged).

| 8. SIGNATURES | DATES |
|---|---|
| a. OWNER/AGENT | 11/18/05 |
| b. APPLICANT | 11/18/05 |
| c. WITNESS  225-615-5467 | 11-18-05 |

FEMA Form 90-31, OCT 02    REPLACES ALL PREVIOUS EDITIONS. (This form was consolidated with FEMA #1 Nov 01)

FEMA-00508

# U. S. DEPARTMENT OF HOMELAND SECURITY
## FEDERAL EMERGENCY MANAGEMENT AGENCY
### READY FOR OCCUPANCY STATUS

| FEDERAL EMERGENCY MANAGEMENT AGENCY (Disaster Temporary Housing Program) | BAR CODE (B/c #) | CONTRACT WO NUMBER | SITE CONTROL NUMBER |
|---|---|---|---|
| ☐ MH ☒ TT ☐ OTHER | 12802 57 | 1603-0002-098 08 TN/P | SG-03-032338 |
| APPLICANT NAME Joseph M. Pujol | T.H. No. 93-9476822A G.B. | ADDRESS 1612 Vegas Dr. Metarie, LA 70003 | |

**1. INSPECTION (To be completed by Direct UNIT (DHOPS)**

INSTALLATION ON THE IDENTIFIED ABOVE IS COMPLETED AS FOLLOWS:

☒ Blocked          ☒ Sewer Connected       ☐ Permits (ele)      ☐ Permit Block & Tie
☒ Steps/Ramp       ☒ Electric Connected    ☐ Permit (meh)
☒ Water Connected  ☒ Gas Connected         ☐ Permits (gas)

COMMENTS - INSTALLATION OR SITE CONDITIONS:

VIN #: 5L4TF29285301057S

| INSPECTOR Gary Broderick | DATE 11/26/05 |
|---|---|

**II. TEMPORARY WAIVER OF UTILITY INSTALLATION**                                     G.B.

Because of my emergency housing needs, I agree to occupy a unit provided by the U.S. Department of Homeland Security/ Federal Emergency Management Agency without:

☐ Water Connection    ☐ Electricity Connection    ☐ Sewer Connection    ☐ Gas Connection

As a temporary measure until such time as it is possible for DHS/FEMA to make these connections.

| APPLICANT SIGNATURE | DATE | DHS/FEMA REPRESENTATIVE | DATE |
|---|---|---|---|
| | | | |

**TO:   DIRECT HOUSING OPERATIONS (DHOPS)**

Applicant will not occupy until the following utilities are connected:

☐ Sewer  ☐ Electricity  ☐ Permits (ele)  ☐ Water  ☐ Gas  ☐ Permits (meh)  ☐ Permits (gas)

Please notify Applicant Assistant Staff when these utilities are connected.

| SIGNATURE APPLICANT ASSISTANT SPECIALIST | DATE |
|---|---|

FEMA Form 90-24, JUL 05

FEMA-00509

CERTIFIED TO BE A TRUE COPY OF THE ORIGINAL

120251

# FEDERAL EMERGENCY MANAGEMENT AGENCY
## INDIVIDUALS and HOUSEHOLDS PROGRAM (IHP)
## TEMPORARY HOUSING OCCUPANCY AGREEMENT

FEMA APPLICATION/REGISTRATION NO.: 93-94 76822   Federal Disaster Declaration No.: 1603
LOCATION OF TEMPORARY RESIDENCE:
State: Louisiana            Parish/County: Jefferson Parish

This Agreement made and entered into on 11-26-2005, 2005, between the Federal Emergency Management Agency, herein called "FEMA" and Joseph M. Pujol herein called the "Occupant".

1. FEMA hereby allows Occupant use of the following described premises 1612 Vegas Dr. Metairie, LA. 70003 Jefferson Parish
   (Complete address, including unit number. Attach map or narrative description if rural route)

   ☒ Manufactured Housing Unit          ☒ Furnished          Number of bedrooms  2
   ☐ Other (Specify) _____            ☐ Unfurnished        Number of baths     1

   Additional description of premises: 120257
   . This assistance is to be used exclusively as a family residence and solely for Occupant's household listed as follows: Joseph M, Stephanie G, Jessica R, Jill N. Pujol
   . The Occupant must notify FEMA, in writing, within 7 days of any change in household composition. FEMA reserves the right to relocate Occupant to other premises at any time.

2. All parties agree that this Agreement is not intended to, nor does it create, a relationship of Landlord and Tenant between FEMA and Occupant. Occupant further agrees and understands that this Agreement does not create a property interest of Occupant in the unit.

3. Occupant understands that FEMA is providing this unit as temporary housing assistance to respond to the disaster-related housing needs of Occupant. Temporary housing assistance, including direct housing assistance, is a discretionary benefit under 42 U.S.C. § 5174 and 44 CFR § 206.117. Occupancy of the above-described unit is subject to recertification of continuing eligibility for direct housing assistance, the termination provisions in paragraph nine (9) hereof, and 44 CFR § 206.117. Occupant acknowledges that the premises provided herein are temporary and it is expressly understood that this Agreement in no way guarantees continued assistance.

4. Occupant agrees to diligently work to obtain permanent accommodations at the earliest possible date. Occupant further agrees to accept adequate alternate housing when it becomes available.

5. If Occupant is eligible for any payments or allowances for temporary housing needs from insurance, such as Additional Living Expenses (ALE), Occupant agrees to reimburse FEMA for the cost of using the unit provided, or the housing portion of the monthly ALE benefit, whichever is less.

6. Occupant is responsible for the payment of all utility charges during the term of occupancy, including deposits.

7. Maintaining Unit:
   a. Occupant agrees to promptly notify FEMA or Party identified by FEMA responsible for maintenance when any damage or defect is found so that repairs can be made as necessary. The Party responsible for providing maintenance services is Crown Roofing and can be reached at (Phone) 800-495-2804 If damages or injury occur as a result of Occupant's failure to report any damage or defect found within the unit, Occupant will be liable for the resultant damages and injury.
   b. Occupant will make no major repairs to the unit without FEMA's prior written consent. FEMA will not pay for repairs made by Occupant without prior written consent.
   c. Occupant agrees to keep the unit in a clean and orderly condition. Occupant agrees to surrender the unit in as good a state and condition as it was in at the commencement of the Agreement, less ordinary wear and tear. Occupant will be charged for any costs or repairs that are the result of abuse or negligence of Occupant, Occupant's family or guests.
   d. The condition of the unit, and the furnishings and other property provided in the unit by FEMA, will be inspected and will be inventoried at the commencement date of this Agreement. A copy of the inspection and inventory checklist of such property and unit will be signed by the Occupant and will be attached to and made a part of this Agreement. At the expiration of this Agreement, Occupant will return the furnishings and other property in the condition existing at the time of move-in, less ordinary wear and tear, or will pay the reasonable value for any items not returned to FEMA in such condition. All personal property placed in the unit will be at the sole risk of Occupant, for which FEMA assumes no liability.

FEMA-00510

    e. Occupant will not make any changes or structural alterations, disable any safety devices (i.e. smoke detectors); paint any portion of the unit; and/or install any awnings, or other projections including, but not limited to, radio or television aerials or satellite dishes on the unit, without the prior written consent of FEMA.

    f. FEMA will retain duplicate keys to all of the doors of the unit. Subject to a minimum of twenty-four (24) hours prior written notice, FEMA or its managing agency, will have access to the unit during reasonable business hours to make inspections or to make repairs. In the case of an emergency, prior notice is not required. Occupant will not, without FEMA's prior written consent, alter, re-key or install any locks to the unit or install any security system.

8. Occupant will not assign or transfer this Agreement or sublet any portion of the unit described above. In the event the Occupant vacates the unit, with or without notice to FEMA, this Agreement, will be deemed terminated, and FEMA will have the right to re-enter and take immediate possession. Occupant accepts liability for any unpaid utilities, damages or other costs if applicable. If Occupant vacates the premises without giving notice, that is, abandons the unit, Occupant accepts liability for damages resulting from the abandonment.

9. FEMA may terminate this Agreement, at any time, by giving Occupant a written Notice of Termination, 15 days prior to the date of termination. Reasons for termination, under this notice provision include, but are not limited to, the following: (a) adequate alternate housing is available; (b) the occupant(s) does not provide evidence documenting that they are working towards a permanent housing plan; (c) failure to reimburse FEMA when funds are received from insurance coverage; (d) the period of assistance expired under § 206.110(e); (e) failure to pay utility, or other appropriate charges; (f) failure to utilize and maintain the unit; (g) determination that temporary assistance was obtained through misrepresentation or fraud; (h) causing or permitting any disturbing noises, objectionable or improper conduct or any other act which will unreasonably interfere with the right, comforts or convenience of others; and (i) Occupant's failure to comply with any term of this Agreement.

FEMA may terminate this Agreement, at any time, by giving Occupant a written Notice of Termination, 24 hours prior to the date of termination for the following: acts or conduct which pose an imminent threat to public health or safety.

A Notice of Termination will state: (1) the reasons for termination; (2) the date of termination; and (3) the administrative procedures required for appeal if Occupant wishes to dispute the termination. Upon termination of the Agreement, FEMA shall have the right to re-enter and take possession of the unit.

10. If Occupant does not vacate the unit at the termination of this Agreement, Occupant will be responsible for reimbursing FEMA for use of the unit, accruing from the date of the notice to terminate.

11. If Occupant decides to move from or vacate the unit, Occupant must provide written notice to FEMA at the following address: 1-800-621-FEMA.

12. The Occupant agrees to abide by the park rules if the unit is a mobile home or travel trailer situated on a group site maintained by FEMA, or its managing agency, or if the unit is a mobile home or travel trailer situated in a commercial park. Failure to abide by the park rules will constitute grounds for terminating this Agreement.

13. For a private site, occupant agrees to comply with all relevant local ordinances. Failure to abide by local ordinances will constitute grounds for terminating this agreement. Occupant further agrees that FEMA is granted a right of entry on private property to repossess the unit in the event of termination as set forth in paragraph 9 and to hold FEMA and its agents harmless for any damage as a result thereof.

14. Occupant and FEMA agree that this Agreement, with any attachments hereto, constitutes the entire agreement of the parties. Any modifications or changes to this Agreement must be in writing, signed by the parties, and attached to this Agreement.

15. It is understood and agreed that the unit herein is provided under emergency conditions as disaster relief with the assistance of the United States of America, and that the use and occupancy of the unit will, in addition to the terms and conditions set forth, be governed by rules, regulations, decisions, and emergency authority of the United State of America acting by and through FEMA or its managing agency.

The parties hereby agree to the terms of this Agreement.

| Date | FEMA Representative | Date | Occupant |
|---|---|---|---|
| 6/26/06 | Maria Elena | 6/26/06 | Joseph M. Pujol |
| | | 6/26/06 | Stephanie G. Pujol (Spouse/Co-Occupant) |

FEMA-00511

CERTIFIED TO BE A TRUE
COPY OF THE ORIGINAL

## UNIT VERIFICATION

APPLICANT: Pujol, Joseph  REGISTRATION ID: 93-9476822

LEASE IN DATE: 11/26/06  MOVE OUT DATE:

DEACTIVATION DATE:  RECEIVED IN STAGING:

UNIT NUMBER:  MANUFACTURER: Pilgrim International

VIN NUMBER: 564TF29285301057  PURCHASE CONTRACTOR:

BAR CODE: 1280257  SET-UP CONTRACTOR:

DEACT CONTRACTOR:

SITE NUMBER:  WORK ORDER NUMBER:

SITE CITY: Metairie LA 70003  SITE COUNTY: Jefferson

SITE ADDRESS: 1612 Vegas Dr.

DIRECTIONS TO SITE:

### MAINTENANCE RECORD OF UNIT

MAINTENANCE WORK ORDER NUMBER:  DATE ISSUED:
MAINTENANCE WORK ORDER NUMBER:  DATE ISSUED:
MAINTENANCE WORK ORDER NUMBER:  DATE ISSUED:
MAINTENANCE WORK ORDER NUMBER:  DATE ISSUED:
MAINTENANCE WORK ORDER NUMBER:  DATE ISSUED:

FEMA-00514