## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA
## NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                          MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                 SECTION "N-4"
                                             JUDGE ENGELHARDT
                                             MAG. JUDGE ROBY

**THIS DOCUMENT IS RELATED TO FOLLOWING CASES**

*Oldenburg v. United States*, Civ. No. 07-2961 (E.D. La.)
*Curley v. United States*, Civ. No. 07-7389 (E.D. La.)
*Joseph v. United States*, Civ. No. 2:08-CV-01672 (E.D. La.)

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### DEFENDANT UNITED STATES OF AMERICA'S MEMORANDUM IN
### SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FTCA CLAIMS
### FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR FAILURE TO
### EFFECTUATE SERVICE WITHIN 120 DAYS OF FILING THE COMPLAINT

### INTRODUCTION

Defendant United States of America (United States) files this Memorandum in support of

its Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction Plaintiffs'

Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, claims asserted in following

three actions:  (1) *Oldenburg v. United States*, Civ. No. 07-2961 (E.D. La.), (2) *Curley v. United

States*, Civ. No. 07-7389 (E.D. La.), and (3) *Joseph v. United States*, Civ. No. 2:08-CV-01672

(E.D. La.).  Plaintiffs in each of these actions seeks to recover money damages for alleged

personal injuries resulting from exposure to formaldehyde in a trailer issued to them by the

Federal Emergency Management Agency (FEMA).  Dismissal of Plaintiffs' FTCA claims is

required because the claimants in these three actions failed to exhaust their administrative

remedies prior to filing suit.  28 U.S.C. §2675(a).

Alternatively, the Court should grant the United States' motion and dismiss *Oldenburg v. United States*, Civ. No. 07-2961 (E.D. La.), and *Curley v. United States*, Civ. No. 07-7389 (E.D. La.) because Plaintiffs in these actions failed to comply with Fed. R. Civ. P. 4(i) & (m) and effectuate service within 120 days of filing their Complaints. Plaintiffs failed to comply with the requirements of Fed. R. Civ. P. 4(i) &(m), even though the United States notified Plaintiffs' counsel by letter on November 14, 2007, of the requirements of Fed. R. Civ. P. 4(i) & (m), and Plaintiffs' nevertheless have failed to comply with Fed. R. Civ. P. 4(i) and effectuate service of the Complaint upon the United States. *See* Exhibit 1, November 14, 2007, Letter.

### STANDARD OF REVIEW

The United States, pursuant to Fed. R. Civ. P. 12(b)(1), has moved to dismiss Plaintiffs' FTCA and Stafford Act claims for lack of subject-matter jurisdiction. Federal courts are courts of limited jurisdiction and only possess the power authorized by the Constitution and statute, which is not to be expanded by judicial decree. *See Kokkonen v. Guardian Life Ins., Co.*, 511 U.S. 375, 377 (1994). Accordingly, it is "presumed that a cause lies outside a federal court's limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id. See also Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

### ARGUMENT

**I.     The Court Should Dismiss For Lack Of Subject Matter Jurisdiction All FTCA Claims Because Plaintiffs Have Failed To Exhaust Their Administrative Remedies.**

**A.     The FTCA Administrative Claim Requirement.**

The consent of the United States to be sued cannot be implied, but must be unequivocally expressed. *See United States v. Sherwood*, 312 U.S. 584, 586 (1941). "[T]he 'terms of [the

United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). *Accord Drake v. Panama Canal Comm'n*, 907 F.2d 532, 534 (5th Cir. 1990).

The United States, through the FTCA has "waived [its] sovereign immunity . . . for certain torts committed by federal employees." *Meyer*, 510 U.S. at 475. *Accord Guile v. United States*, 422 F.3d 221, 229 (5th Cir. 2005). The FTCA constitutes a limited waiver of sovereign immunity and its provisions must be strictly construed with any ambiguities resolved in favor of the sovereign. *See McLaurin v. United States*, 392 F.3d 774, 780 (5th Cir. 2004). As the Fifth Circuit has noted, "suits filed [under the FTCA] must be filed in exact compliance with the terms of [the Act]." *Gregory v. Mitchell*, 634 F.2d 199, 204 n.2 (5th Cir. 1981) (citation omitted).

In 1966, Congress amended the FTCA and expressly prohibited commencement of a tort action against the United States before administrative remedies have been exhausted:

> An action *shall not be instituted* upon a claim against the United States for money damages for injury or loss of property . . . *unless the claimant shall have first presented the claim to the appropriate Federal agency* . . . .

28 U.S.C. §2675(a) (emphasis added). Congress imposed these requirements to: (1) reduce the burden placed on federal courts by facilitating settlement of FTCA claims at the administrative level; (2) decrease the government's cost of processing tort claims; and (3) promote fair and equitable treatment of claimants. H.Rep. No. 132, 89th Cong., 2d Sess. 6 (1966); S.Rep. No. 1327, 89th Cong., 2d Sess. 11, reprinted in 1966 U.S. Code Cong. & Ad. News 2515, 2524. *See generally Tucker v. United States Postal Service*, 676 F.2d 954, 958-59 (3d Cir. 1982); *Dondero v. United States*, 775 F. Supp. 144, 147 (D. Del. 1991).

To initiate the administrative tort claim process and satisfy the requirements of §2675(a) a

3

claimant must submit to the appropriate federal agency:  (1) a description sufficient to enable the agency to initiate and investigate the claim; (2) a "sum certain" that the claimant seeks to recover; and (3) if the claim is submitted by a representative on behalf of another, the submitting party must be the legal representative of the claimant and authorized to file and administratively resolve the claim on the claimant's behalf.  *See Montoya v. United States*, 845 F.2d 102, 104-05 (5th Cir. 1988) (claimant must identify a sum certain); *Transco Leasing Corp. v. United States*, 896 F.2d 1435 (5th Cir. 1990) (claim must be filed by claimant or authorized legal representative); *Green v. United States*, 2003 WL 21500553 (E.D. La., June 4, 2003) (Duval, J.) (each claimant must file an individual claim and satisfy the administrative jurisdictional prerequisites unless the person is the legal representative or is legally authorized to file on behalf of the claimant); *Hoskins v. United States*, 2001 WL 175237 *3 fn.6 (E.D. La., Feb. 20, 2001) (Berrigan, J.) (class administrative claim deficient because person submitting claim lacks authority to file and submit claim on behalf putative class claimants).  After submission to the appropriate federal agency of a claim that satisfies the requirements of §2675(a), a claimant may commence suit either upon the agency's denial of the claim or the agency's failure to dispose of the claim within six months.  28 U.S.C. §2675(a).

Commencing an FTCA lawsuit without first satisfying the requirements of §2675(a) and exhausting administrative remedies leaves "the district court . . . without subject matter jurisdiction."  *Price v. United States*, 81 F.3d 520, 521 (5th Cir. 1996).  *See also Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995); *Montoya*, 845 F.2d at 104-05.  Moreover, premature commencement of a lawsuit cannot be cured through exhaustion of the administrative process during pendency of the prematurely filed lawsuit.  *See McNeil v. United States*, 508 U.S. 106,

4

112 (1993); *Gregory*, 634 F.2d at 204.

>    **B.**    **Plaintiffs' FTCA Claims Must Be Dismissed For Lack Of Subject-Matter Jurisdiction Because They Failed To Exhaust Their Administrative Remedies Before Filing Suit.**

Dismissal of Plaintiffs' FTCA claims is required because they failed to comply with §2675(a) and exhaust their administrative remedies before instituting this lawsuit.[1]/  Plaintiffs commenced their actions against the United States prior filing an administrative claim and exhausting their administrative remedies.  The jurisdictional defect resulting from Plaintiffs' failure to comply with §2675(a) cannot be cured by the Court holding the FTCA claims in abeyance pending class certification and/or exhaustion of administrative remedies.  *See McNeil*, 508 U.S. at 111-13; *Price*, 69 F.3d at 54.  In *McNeil*, at issue before the Supreme Court was whether an FTCA action "may be maintained when the claimant failed to exhaust his administrative remedies prior to filing suit, but did so before substantial progress was made in the litigation."  508 U.S. at 107.  The claimant filed suit four months before presenting his claim to

---

[1]/    On November 14, 2007, the United States requested Plaintiffs in *Oldenburg v. United States*, Civ. No. 07-2961 (E.D. La.), and *Curley v. United States*, Civ. No. 07-7389 (E.D. La.) to voluntarily dismiss their FTCA claims because neither the named Plaintiffs, nor the unidentified putative class claimants had exhausted their administrative remedies prior to filing suit.  Exhibit 1, November 14, 2007, Letter.

   *Joseph v. United States*, Civ. No. 2:08-CV-01672 (E.D. La.) was filed on April 16, 2008. On May 13, 2008, the United States asked Plaintiffs to voluntarily dismiss their FTCA claims because the Plaintiff had not exhausted her administrative remedies prior to filing suit.  Exhibit 2. On May 15, 2008, undersigned counsel spoke with Plaintiffs' representative and they indicated that they would voluntarily dismiss this action.  The United States seeks dismissal of this action, notwithstanding Plaintiffs' representatives apparent agreement to voluntarily dismiss her FTCA claims, to ensure compliance with the Court's instruction requiring Defendants to provide notice of jurisdictional defenses that counsel have a good faith basis to believe bar the Court from exercising jurisdiction over any individual action.

the appropriate federal agency.  The agency thereafter denied the claim.  The Court ruled that "[t]he command that an 'action shall not be instituted . . .  unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency . . . is unambiguous."  *Id*.  Because the claimant "had neither presented his claim . . . nor had his claim be finally denied by the agency prior to the docketing of the complaint, the action was premature" and the district court lacked subject matter jurisdiction.  *Id*.

The *McNeil* Court also explicitly rejected the argument that the failure to exhaust administrative remedies can be cured by exhaustion of administrative remedies during the pendency of the prematurely filed FTCA suit in district court.  The Court explained that "the statute . . . require[s] complete exhaustion of Executive remedies before invocation of the judicial process."  *Id*. at 112.  The Court reasoned that allowing exceptions to §2675(a)'s proscription of premature actions would "undermine the orderly administration" of FTCA litigation and unduly "burden . . . the judicial system and . . . the Department of Justice."  *Id*.  The Court concluded that "the FTCA bars claimants from bringing claims under the FTCA in federal court until they have exhausted their administrative remedies."  *Id*. at 113.[2]/

Accordingly, the Court must dismiss Plaintiffs' FTCA claims.

## II.     Dismissal *Oldenburg v. United States* and *Curley v. United States*, Is Required Because Plaintiffs Failed To Effectuate Service Upon The United States Within 120 Days Of Filing The Complaint.

The Court should also dismiss *Oldenburg v. United States*, Civ. No. 07-2961 (E.D. La.),

---

[2]/  Consistent with *McNeil*, the Fifth Circuit strictly applies §2675(a).  In *Gregory*, the claimant argued that the six-month requirement had become meaningless because the period had already run.  634 F.2d at 204.  The court rejected this argument and ruled that "§2675 is more than a mere statement of procedural niceties," and it "requires that jurisdiction exist at the time the complaint is filed."  *Id.  See also Saunders v. Bush*, 15 F.3d 64, 66 (5th Cir. 1994).

and *Curley v. United States*, Civ. No. 07-7389 (E.D. La.), and because Plaintiffs failed to

effectuate service upon the United States within 120 days of filing the Complaint even though the

United States notified Plaintiffs counsel on November 14, 2007, of the requirements of Fed. R.

Civ. P. 4(i) & (m) and the requirement that they effect service within 120 days of filing the

Complaints. *See* Exhibit 1, November 14, 2007, Letter.

Rule 4 of the Federal Rules of Civil Procedure is quite clear on the proper method for

effectuating service upon the United States. Under Rule 4(i)(2)(A) to effectuate service the

Plaintiff must serve the United States as specified in Rule 4(i)(1). *See* Fed. R. Civ. P. 4(i)(2)(A).

This rule required service of the summons and the complaint upon the appropriate United States

Attorney and upon the Attorney General of the United States. *See* Fed. R. Civ. P. 4(i)(1).

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If service of the summons and complaint is not made upon a defendant
> within 120 days after the filing of the complaint, the court, upon motion or
> on its own initiative after notice to the plaintiff, shall dismiss the action
> without prejudice as to that defendant or direct that service be effected
> within a specified time; provided that if the plaintiff shows good cause for
> the failure, the court shall extend the time for service for an appropriate
> period.

Fed. R. Civ. P. 4(m). More than 120 days have passed since Plaintiffs filed their complaints;

therefore, the claims against the United States are subject to dismissal.

Moreover, the Court should dismiss this action rather than extend the time for the

Plaintiffs to effectuate service because given the United States' November 14, 2007, letter

notifying Plaintiffs of the requirements of Fed. R. Civ. P. 4(i) & (m), and there exist no good

cause to extend the deadline to allow Plaintiffs' to effectuate service in these actions. *See* Ex. 1,

November 14, Letter.

## CONCLUSION

For all the reasons set forth herein, the Court should grant the United States' motion and dismiss these three actions for lack of subject matter jurisdiction.

Dated: May 17, 2008.                    Respectfully Submitted,

                                        Assistant Attorney General, Civil Division

                                        C. FREDERICK BECKNER III
                                        Deputy Assistant Attorney General, Civil Division

                                        J. PATRICK GLYNN
                                        Director, Torts Branch, Civil Division

                                        MICHELLE BOYLE
                                        Trial Attorney

                                        //S// *Henry T. Miller*
                                        HENRY T. MILLER (D.C. Bar No. 411885)
                                        Senior Trial Counsel
                                        United States Department of Justice
                                        Civil Division – Torts Branch
                                        P.O. Box 340, Ben Franklin Station
                                        Washington, D.C. 20004
                                        Telephone No: (202) 616-4223
                                        E-mail: Henry.Miller@USDOJ.Gov

                                        Attorneys for the United States of America

OF COUNSEL:

JORDAN FRIED
Associate Chief Counsel
JANICE WILLIAM-JONES
Trial Attorney
FEMA/DHS
Department of Homeland Security
500 C Street, SW
Washington, D.C. 20472

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2008, the foregoing Memorandum, and accompanying

Motion, and Exhibits were filed via the U.S. District Court's CM/ECF electronic filing system a

copy thereof was served upon Liaison Counsel.  In addition, true and accurate copies of this

Motion, Memorandum in support thereof, and Exhibits submitted in support thereof, were sent

by Electronic Mail and First-Class Mail, postage pre-paid to the following counsel:

Mr. Daniel E. Becnel, Jr.
Mr. Darryl J. Becnel
Mr. Matthew B. Moreland
Becnal Law Firm, LLC
P.O. Box Drawer H
106 W. Seventh St.
Reserve, LA 70094
dbecnel@becnellaw.com
darrylbecnel@becnellaw.com
mmoreland@becnelllaw.com

Mr. Bernard L. Charbonnet, Jr.
Mr. Darryl Harrison
Law Office of Bernard L. Charbonnet, Jr.
365 Canal Street
One Canal Place, Suite 155
New Orleans, Louisiana 70130
bcharbonnet@charbonnetassociates.com
dharrison@charbonnetlaw.com

Mr. Jerrold S. Parker
Parker & Waichman, LLP
111 Greater Neck Rd., Suite 101
Great Neck, NY 11021
jerry@yourlawyer.com

*//S// Henry T. Miller*
HENRY T. MILLER (D.C. Bar No. 411885)