UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE<br>PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-4"<br>JUDGE ENGELHARDT<br>MAG. JUDGE ROBY |

THIS DOCUMENT IS RELATED TO FOLLOWING CASES

*Oldenburg v. United States*, Civ. No. 07-2961 (E.D. La.)
*Curley v. United States*, Civ. No. 07-7389 (E.D. La.)
*Joseph v. United States*, Civ. No. 2:08-CV-01672 (E.D. La.)

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**DEFENDANT UNITED STATES OF AMERICA'S EXHIBITS
IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS'
CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION**

U.S. EXHIBIT NO. 1

**U.S. Department of Justice**

Civil Division

---

Washington, D.C. 20530

November 14, 2007

**VIA ELECTRONIC MAIL**

Daniel E. Becnel, Jr.
Darryl J. Becnel
Matthew B. Moreland
Becnel Law Firm, LLC
P.O. Drawer H
106 W Seventh St.
Reserve, LA 70084
dbecnel@becnellaw.com
darrylbecnel@becnellaw.com
mmoreland@becnellaw.com

Gerald E. Meunier
Gainsburgh, Benjamin, David,
Meunier & Warshauer
Energy Centre
1100 Poydras St., Suite 2800
New Orleans, LA 70163-2800
gmeunier@gainsben.com

Jerrold S. Parker
Parker & Waichman, LLP
111 Great Neck Rd., Suite 101
Great Neck, NY 11021
jerry@yourlawyer.com

Ronnie G. Penton
Law Offices of Ronnie G. Penton
2250 Gause Blvd. E, Suite 310
Slidell, LA 70458
fedcourtmail@rpglaw.com

Re:   **In re: FEMA Trailer Formaldehyde Prods. Liability Litig.**,
MDL No. 07-1873, SECT. N(4) (E.D. La.)

Oldenburg, et al. v. United States, et al., No. 07-2961
Curley v. United States, et al., No. 07-7389

Dear Counsel:

    I have been assigned to represent the United States of America in the above-referenced litigation. In August, I contacted Mr. Darryl Becnel regarding Oldenburg, et al. v. United States, et al. to determine whether Plaintiffs intended to pursue their claims or to correct a procedural deficiency and refile their May 24, 2007, Ex Parte Motion to Dismiss the United States of America Without Prejudice. Based upon that discussion, the United States understood that Plaintiffs intended to refile and renew that Motion. To date, Plaintiffs have not done so. Instead, you have initiated a second class action lawsuit, Curley v. United States, et al., that asserts claims against the United States identical to those asserted in Oldenburg.

    For reasons I discussed with Mr. Becnel, the United States requests that Plaintiffs refile and renew their Motion in Oldenburg and dismiss all tort claims against the United States because the Court lacks jurisdiction over any such claims. In addition, for these same reasons,

the United States requests that Plaintiffs voluntarily dismiss their tort claims against the United States in Curley.

As I explained to Mr. Becnel in August, Plaintiffs should dismiss their tort claims against the United States because the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"), constitutes the exclusive remedy for claimants seeking to recover money damages for personal injury or property damage from the United States. See, e.g., FDIC v. Meyer, 510 U.S. 471, 474-475 (1994). Under the FTCA, each and every claimant, including any unidentified putative class claimant, prior to filing suit, must exhaust administrative remedies. 28 U.S.C. § 2675(a); Keene Corp. v. United States, 700 F.2d 836, 841-42 (2d Cir. 1983); Tucker v. United States Postal Service, 676 F.2d 954, 959 (3d Cir. 1982). Moreover, it is well established that a claimant cannot retroactively cure the jurisdictional defect resulting from the premature filing of suit because such a rule would render the exhaustion requirement "meaningless" and impose an unnecessary burden on the judicial system. Sparrow v. United States Postal Service, 825 F. Supp. 252, 254-55 (E.D. Cal. 1993); see also McNeil v. United States, 508 U.S. 106, 112 (1993); Stevens v. United States, 2002 WL 1156027 *2 (D. Kan. 2002).

In accord with this rule, the courts in the Eastern District of Louisiana have consistently dismissed individual and unidentified putative class claimants' FTCA claims for failure to exhaust the administrative claim process prior to filing suit. See April 27, 2007, Order at 3-5, Berthelot, et al. v. BOH Bros. Constr. Co., Civil Action No. 05-4182 (Duval, J.); July 19, 2006, Order at 29-33, O'Dwyer, et al. v. United States, et al., Civil Action No. 05-4181 (Duval, J.); May 24, 2006, Order at 3, 12, In Re: Ingram Barge Co. Owner of ING4727, Civil Action No. 05-4419 (Berrigan, J.); April 12, 2006, Order, Dahlgren v. United States, Civil Action No. 06-0188 (Livaudais, J.); Hoskins v. United States, 2001 WL 175237 *3 (Feb. 20, 2001) (Berrigan, J.). In conformity with these unambiguous holdings, Plaintiffs should voluntarily dismiss their tort claims against the United States because neither the named Plaintiffs in either Oldenberg or Curley, nor the unidentified putative class claimants, exhausted their administrative remedies prior to the filing these actions.

Further, dismissal of Oldenburg is also required because Plaintiffs have failed to comply with Fed. R. Civ. P. 4(i) and (m) and effect service of the Complaint in a timely manner. Rule 4 requires service of the Complaint upon "the United States attorney for the district in which the action is brought" and upon the Attorney General of the United States within 120 days of the date the Complaint is filed. Plaintiffs have failed to do so and as such that action must be dismissed.

Please give me a call if you have any questions regarding any of these matters or disagree with the United States' position that the Court lacks subject matter jurisdiction over Plaintiffs' tort claims against the United States. In the event Plaintiffs refuse to voluntarily dismiss those claims, and assuming that Plaintiffs effect service of the Complaints in manner required by Fed. R. Civ. P. 4, the United States will file, in lieu of an Answer, a Motion to Dismiss the claims for lack of subject matter jurisdiction and will seek its appropriate costs.

The following is my contact information. For overnight mail services such as Federal Express, please use the following address:

>Henry T. Miller
>Senior Trial Counsel
>U. S. Dept. of Justice, Civil Division
>1331 Penn. Ave., NW, Rm 8220-N
>Washington, D.C. 20004

For materials sent via regular U.S. Postal Service, please use the following address:

>Henry T. Miller
>U.S. Dept. of Justice, Civil Division
>P.O. Box 340, Ben Franklin Station
>Washington, D.C. 20044

>Phone: (202) 616-4223
>Fax: (202) 616-4473
>Henry.Miller@USDOJ.Gov

Sincerely,

HENRY T. MILLER
Senior Trial Counsel
U.S. Department of Justice

cc: John Gaupp
Janice Williams-Jones
Michelle Boyle
J. Patrick Glynn

3