UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: FEMA TRAILER<br>FORMALEDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DECARLO MCGUIRE, ET AL. | ) | |
| | ) | CIVIL ACTION NO. 06-5659 |
| versus | ) | SECTION B |
| | ) | |
| GULF STREAM COACH, INC., | ) | |
| ET AL. | ) | |

### **DEFENDANT FOREST RIVER'S RESERVATION OF DEFENSES UNDER RULE 12(b)**

NOW INTO COURT, through undersigned counsel, comes defendant Forest River, Inc. ("Forest River"), who hereby respectfully reserves the following defenses and objections to plaintiffs' Petition. Although this matter is currently pending in multi-district litigation, titled *In re: FEMA Trailer Formaldehyde Products Liability Litigation*, MDL No. 1873, Section N (4), defendant Forest River raises and hereby preserves the following defenses available under Rule 12(b):

1. Plaintiffs failed to effectuate service upon defendants.

2. Plaintiffs fail to state a claim for punitive damages. Punitive damages are not available in Louisiana based upon the facts alleged in the complaint.

3. Plaintiffs fail to state a claim for which relief can be granted as to the redhibition cause of action. Rather than specifically stating a claim for redhibition, plaintiffs state a claim for breach of implied and express warranties which fail because there is no privity of contract between the plaintiffs and the manufacturer.

4. Plaintiffs fail to state a claim for medical monitoring because none of the plaintiffs have alleged manifest injury or disease resulting from actual exposure.

5. Plaintiffs fail to state a claim for injunctive relief because none of the theories pled allows for equitable relief.

6. Plaintiffs fail to state a claim upon which relief can be granted because their complaint fails to identify a particular plaintiff with alleged exposure linked to a particular manufacturer's product.

7. Plaintiffs fail to state a claim for which relief can be granted as to claims of negligence, negligence per se, gross negligence, recklessness, willfulness, and strict liability, in that they are precluded by the Louisiana Products Liability Act which is the exclusive remedy.

WHEREFORE, Forest River, Inc. prays that the objections and defenses described above be preserved if the suit is remanded to this Court at a later date. Defendant requests the right to brief any Rule 12(b) motion in full and requests the right to oral arguments on the merits of any such motion.

Respectfully Submitted,

  /s/ Jason D. Bone
Ernest P. Gieger, Jr. (T.A.) (6154)
Jason D. Bone (28315)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011

ATTORNEYS FOR FOREST RIVER, INC.

## CERTIFICATE OF SERVICE

I do certify that on this 19th day of May, 2008, I served a copy of the foregoing on all counsel of record via the electronic notice system of the court.

  /s/ Jason D. Bone