UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER       MDL NO. 07-1873
FORMALEDEHYDE PRODUCTS
LIABILITY LITIGATION      SECTION N

UNITED STATES DISTRICT COURT

IN THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| CHARLES MESHACK, ET AL. ) | |
| ) | |
| ) | CIVIL ACTION |
| versus ) | NO. 1:08cv92-HSO-JMR |
| ) | |
| CIRCLE B ENTERPRISES., ET AL. ) | |

### DEFENDANT FOREST RIVER'S RESERVATION OF DEFENSES UNDER RULE 12(b)

NOW INTO COURT, through undersigned counsel, comes defendant Forest River, Inc. ("Forest River"), who hereby respectfully reserves the following defenses and objections to plaintiffs' Petition. Although this matter is currently pending in multi-district litigation, titled *In re: FEMA Trailer Formaldehyde Products Liability Litigation*, MDL No. 1873, Section N (4), defendant Forest River raises and hereby preserves the following defenses available under Rule 12(b):

1. Plaintiffs failed to effectuate service upon defendants.

2. Plaintiffs fail to state a claim for which relief can be granted as the complaint fails to identify a particular plaintiff with alleged exposure to a particular defendant manufacturer's product.

3. Plaintiffs fail to state a claim for which relief can be granted as to medical monitoring. Plaintiffs do not specifically request medical monitoring but rather future medical expenses. To the extent a claim for medical monitoring is sought, medical monitoring in Mississippi is not permitted without evidence of present manifestation of injury.

4. Plaintiffs fail to state a claim for which relief can be granted as to plaintiffs' claim for breach of express warranty as plaintiffs do not rely on any representation by any seller as a basis of the bargain.

5. Plaintiffs fail to state a claim upon which relief can be granted for injunctive relief as none of the theories of recovery invoked by plaintiffs provide equitable relief as sought.

6. Plaintiffs fail to state a claim upon which relief can be granted for punitive damages.

7. Plaintiffs fail to state a claim for attorneys' fees as there is no basis under Mississippi law.

8. A Rule 9 motion is also applicable as plaintiffs have failed to plead fraud with particularity.

WHEREFORE, Forest River, Inc. prays that the objections and defenses described above be preserved if the suit is remanded to this Court at a later date. Defendant requests the right to brief any Rule 12(b) motion in full and requests the right to oral arguments on the merits of any such motion.

Respectfully Submitted,

/s/ Jason D. Bone
Ernest P. Gieger, Jr. (T.A.) (6154)
Jason D. Bone (28315)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011

ATTORNEYS FOR FOREST RIVER, INC.

## CERTIFICATE OF SERVICE

I do certify that on this 19th day of May, 2008, I served a copy of the foregoing on all counsel of record via the electronic notice system of the court.

/s/ Jason D. Bone