UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: FEMA TRAILER<br>FORMALEDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAYNE PHILLPOTT, WIFE OF/AND )<br>WAYNE PHILLPOTT, WAYNE PHILLPOTT, JR. )<br>WILLIAM PHILLPOTT AND )<br>WESLEY PHILLPOTT, plaintiffs )<br>)<br>versus )<br>)<br>)<br>FOREST RIVER, INC., defendant ) | CIVIL ACTION NO. 07-7263<br>SECTION N (4) |

## DEFENDANT FOREST RIVER'S RESERVATION OF DEFENSES UNDER RULE 12(b)

NOW INTO COURT, through undersigned counsel, comes defendant Forest River, Inc. ("Forest River"), who hereby respectfully reserves the following defenses and objections to plaintiffs' Petition. Although this matter is currently pending in multi-district litigation, titled *In re: FEMA Trailer Formaldehyde Products Liability Litigation*, MDL No. 1873, Section N (4), defendant Forest River raises and hereby preserves the following defenses available under Rule 12(b):

1. Plaintiffs failed to effectuate service upon defendants.

2. Plaintiffs fail to state a claim for which relief can be granted as the Original Petition fails to identify a particular plaintiff with alleged exposure in a particular manufacturer's trailer.

3. Plaintiffs' claims are prescribed under Louisiana's one year prescriptive period for claims made on behalf Louisiana residents and/or the applicable statute of limitations has run as to claims made on behalf of Alabama and Mississippi residents.

4. Louisiana claims of negligence, gross negligence, recklessness and strict liability should be stricken as they are precluded by the Louisiana Products Liability Act.

5. Plaintiffs' original petition fails to set forth damages sought by plaintiffs and the claim should be dismissed as no relief can be granted.

6. To extent a claim for medical monitoring is sought, plaintiffs are not entitled to recover for same.

7. To the extent plaintiffs seek property damages under AL, LA, or MS law, plaintiffs are not entitled to recover same.

8. Plaintiffs lack standing as they are not purchasers or buyers from defendants.

9. Plaintiffs fail to state a claim upon which relief can be granted for their Louisiana medical monitoring claim.

10. Plaintiffs fail to state a claim upon which relief can be granted for injunctive relief as none of the theories of recovery invoked by plaintiffs provide equitable relief as sought.

11. Plaintiffs fail to state a claim upon which relief can be granted for punitive damages.

12. Plaintiffs fail to state a claim upon which relief can be granted as plaintiffs' claim for relocation expenses and provisions for replacement trailers should be dismissed due to privity of contract with defendants.

13. Plaintiffs' claims under the Federal Tort Claims Act and 42 USCA Sec. 1983 fail, as those claims are not applicable as to private entity defendants.

14. Plaintiffs' claims under Louisiana Civil Code Articles 2315, 2317, 2317.1, 2322, 2682, 2684, 2696, 2697, and/or 2698 fail, as defendants have not violated their duties as property owners and landlords.

15. Plaintiffs' claims for attorneys fees as to defendants should be dismissed as there is no basis under Louisiana law and/or federal law.

16. Plaintiffs fail to state a claim for which relief can be granted as to plaintiffs' claim for breach of express warranty as plaintiffs do not rely on any representation by any seller as a basis of the bargain.

WHEREFORE, Forest River, Inc. prays that the objections and defenses described above be preserved if the suit is remanded to this Court at a later date. Defendant requests the right to brief any Rule 12(b) motion in full and requests the right to oral arguments on the merits of any such motion.

Respectfully Submitted,

_/s/ Jason D. Bone_
Ernest P. Gieger, Jr. (T.A.) (6154)
Jason D. Bone (28315)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011

ATTORNEYS FOR FOREST RIVER, INC.

## CERTIFICATE OF SERVICE

I do certify that on this 19th day of May, 2008, I served a copy of the foregoing on all counsel of record via the electronic notice system of the court.

_/s/ Jason D. Bone_