UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|     FORMALDEHYDE | * | |
|     PRODUCTS LIABILITY | * | |
|     LITIGATION | * | SECTION: N(4) |
| | * | |
| This Document Relates to:  ALL CASES | * | JUDGE: ENGELHARDT |
| | * | MAG: ROBY |

**************************************************************************

**RULE 12(B) PRESERVATION LISTING
FILED ON BEHALF OF FRONTIER RV, INC.**

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Frontier RV, Inc., who, in responding to Pretrial Order No. 4 (4), respectfully submits the following list of defenses pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, in the underlying referenced lawsuits, which is submitted in addition to the joint defenses, including Rule 9 and Rule 12 defenses, that are being submitted by defense liaison counsel.  Defendant's listing is limited to only those underlying cases in which it is named as a party, and Defendant specifically objects to insufficient service of process, insufficient process, and/or lack of personal jurisdiction in those suits where it has been named without proper process/service of process, and/or in those suits where the court lacks personal jurisdiction over Defendant, where applicable.  This listing is being submitted by Defendant without prejudice to its rights to raise any other applicable motions and/or defenses that may later be necessary.

**I.**    **JEROME ANTHONY CULLER, ET AL v. GULF STREAM COACH, ET AL**
        **EASTERN DISTRICT, LOUISIANA, 2:07-CV-04018**

Although Defendant is listed as a named Defendant in the Complaint, Defendant submits that, upon information and belief, it has not been served/properly served with the Complaint and without making a general appearance in this matter, Defendant specifically raises defenses under 12(b)(2) lack of personal jurisdiction, 12(b)(4) insufficient process, and 12(b)(5) insufficient service of process as follows:

1. Defendant raises insufficient service of process under Rule 12(b)(5) and insufficient process under Rule 12(b)(4), as it has not been properly served with the Complaint.

2. Defendant further raises Rule 12(b)(2) lack of personal jurisdiction to the extent plaintiffs have failed to obtain proper service making Defendant subject to the jurisdiction of this Court.

Subject to the foregoing defenses, and in accordance with the Court's direction, Defendant submits the following 12(b)(6) defenses for failure to state a claim upon which relief can be granted that are anticipated to be raised should this underlying matter proceed forward against Defendant:

1. Failure to state a claim upon which relief can be granted to the extent the Original Complaint fails to identify a particular plaintiff with alleged exposure in a product manufactured by Defendant.

2. Failure to state a claim upon which relief can be granted as plaintiffs' claims are prescribed under Louisiana's one year prescriptive period.

3. Failure to state a claim upon which relief can be granted as plaintiffs' claims of negligence, gross negligence, and recklessness should be stricken as they are precluded by the Louisiana Products Liability Act.

4. Failure to state a claim upon which relief can be granted for punitive damages as Louisiana law/federal law does not provide for the awarding of punitive damages based upon the facts alleged in the complaint.

5. Failure to state a claim upon which relief can be granted as plaintiffs have not alleged a specific or manifest injury or disease resulting from the alleged exposure, nor are plaintiffs entitled to medical monitoring damages to the extent plaintiffs seek same.

6. Plaintiffs fail to state a claim upon which relief can be granted as to the redhibition claim. Rather than specifically stating a claim for redhibition, plaintiffs state claims for breach of implied and expressed warranties which fail because there is no privity of contract between the plaintiffs and the manufacturer.

7. Failure to state a claim upon which relief can be granted for injunctive relief as none of the theories of recovery invoked by plaintiffs provide equitable relief as sought.

8. Failure to state a claim upon which relief can be granted regarding strict liability as there is no basis under Louisiana law for same.

9. Failure to state a claim upon which relief can be granted for attorney's fees as there is no basis under Louisiana and/or Federal law.

10. Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek property damages under Louisiana law, as such claims are precluded.

11. Failure to state a claim upon which relief can be granted to the extent plaintiffs seek to impose joint and several and/or solidary liability upon manufacturing defendants, as such claims are precluded by applicable law.

## II. CHARLES MESHACK v. CIRCLE B. ENTERPRISES, ET AL SOUTHERN DISTRICT, MISSISSIPPI; 1:08-CV-00092

Although Defendant is listed as a named Defendant in the Complaint, Defendant submits that, upon information and belief, it has not been served/properly served with the Complaint and without making a general appearance in this matter, Defendant specifically raises defenses under 12(b)(2) lack of personal jurisdiction, 12(b)(4) insufficient process, and 12(b)(5) insufficient service of process as follows:

1. Defendant raises insufficient service of process under Rule 12(b)(5) and insufficient process under Rule 12(b)(4), as it has not been properly served with the Complaint.

2. Defendant further raises Rule 12(b)(2) lack of personal jurisdiction to the extent plaintiffs have failed to obtain proper service making Defendant subject to the jurisdiction of this Court.

Subject to the foregoing defenses, and in accordance with the Court's direction, Defendant submits the following 12(b)(6) defenses for failure to state a claim upon which relief can be granted that are anticipated to be raised should this underlying matter proceed forward against Defendant.

1. Failure to state a claim upon which relief can be granted to the extent the Original Complaint fails to identify a particular plaintiff with alleged exposure in a product manufactured by Defendant.

2. Failure to state a claim upon which relief can be granted as plaintiffs have not alleged a specific or manifest injury or disease resulting from the alleged exposure, nor are plaintiffs entitled to medical monitoring damages to the extent plaintiffs seek same.

3. Failure to state a claim upon which relief can be granted as plaintiffs' claims are barred as the applicable Mississippi statute of limitations has run.

4. Failure to state a claim upon which relief can be granted for injunctive relief as none of the theories of recovery invoked by plaintiffs provide equitable relief as sought.

5. Failure to state a claim upon which relief can be granted for punitive damages as neither Mississippi nor Federal law allow for the awarding of punitive damages based upon the facts alleged in the complaint.

6. Failure to state a claim upon which relief can be granted for attorney's fees as there is no basis under Mississippi law/Federal law for the awarding of attorney's fees based upon the facts alleged in the complaint.

7. Failure to state a claim upon which relief can be granted to the extent that plaintiffs assert express or implied warranty claims under Mississippi law as such claims are precluded as plaintiffs do not rely on any privity of contract.

8. Failure to state a claim upon which relief can be granted to the extent plaintiffs' seek property damages under Mississippi law, a plaintiffs are not entitled to recover same.

9. Failure to state a claim upon which relief can be granted to the extent plaintiffs seek to impose joint and several and/or solidary liability upon manufacturing defendants, as such claims are precluded by applicable law.

Further, to the extent it is necessary to plead same in this listing, Defendant reserves its rights to assert a Rule 9 Motion regarding plaintiffs' fraud claims being made without particularity.

### III.   BETTY WHITE, ET AL v. CIRCLE B. ENTERPRISES, ET AL
   SOUTHERN DISTRICT, ALABAMA; 1:08-CV-00141

Although Defendant is listed as a named Defendant in the Complaint, Defendant submits that, upon information and belief, it has not been served/properly served with the Complaint and without making a general appearance in this matter, Defendant specifically raises defenses under 12(b)(2) lack of personal jurisdiction, 12(b)(4) insufficient process, and 12(b)(5) insufficient service of process as follows:

1. Defendant raises insufficient service of process under Rule 12(b)(5) and insufficient process under Rule 12(b)(4), as it has not been properly served with the Complaint.

2. Defendant further raises Rule 12(b)(2) lack of personal jurisdiction to the extent plaintiffs have failed to obtain proper service making Defendant subject to the jurisdiction of this Court.

Subject to the foregoing defenses, and in accordance with the Court's direction, Defendant submits the following 12(b)(6) defenses for failure to state a claim upon which relief can be granted that are anticipated to be raised should this underlying matter proceed forward against Defendant:

1. Failure to state a claim upon which relief can be granted to the extent the Original Complaint fails to identify a particular plaintiff with alleged exposure in a product manufactured by Defendant.

2. Failure to state a claim upon which relief can be granted as plaintiffs' claims are barred as the applicable Alabama statute of limitations has run.

3. Failure to state a claim upon which relief can be granted for injunctive relief as none of the theories of recovery invoked by plaintiffs provide equitable relief as sought.

4. Failure to state a claim upon which relief can be granted to the extent plaintiffs seek property damages under Alabama law, as plaintiffs are not entitled to recover same.

5. Failure to state a claim upon which relief can be granted to the extent plaintiffs seek punitive damages as neither Alabama nor Federal law allow for the awarding of punitive damages based upon the facts alleged in the complaint.

6. Failure to state a claim upon which relief can be granted as plaintiffs have not alleged a specific or manifest injury or disease resulting from the alleged exposure, nor are plaintiffs entitled to medical monitoring damages to the extent plaintiffs seek same.

7. Failure to state a claim upon which relief can be granted to the extent that plaintiffs assert express or implied warranty claims under Alabama law as such claims are precluded as plaintiffs do not rely on any privity of contract.

8. Failure to state a claim upon which relief can be granted to the extent plaintiffs seek to impose joint and several and/or solidary liability upon manufacturing defendants, as such claims are precluded by applicable law.

9. Failure to state a claim upon which relief can be granted for attorney's fees as there is no basis for the awarding of attorney's fees based upon the facts alleged in the complaint and applicable law.

        Respectfully submitted,
*/s/ Randall C. Mulcahy*
LYON H. GARRISON, Bar No. 19591
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
GARRISON, YOUNT, LORMAND,
FORTE & MULCAHY, LLC
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Attorney for defendant,
Frontier RV, Inc.
Email: rmulcahy@garrisonyount.com

## CERTIFICATE OF SERVICE

    I hereby certify that on May 19, 2008, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

        */s/ Randall C. Mulcahy*
        RANDALL C. MULCAHY, Bar No. 26436