UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | MDL No. 1873 |
| | SECTION N(4) |
| DeCarlo McGuire, *et al.* v. Gulf Stream Coach, *et al.* E.D. Louisiana, C.A. No. 06-CV-5659-S-M4 | JUDGE ENGLEHART MAGISTRATE ROBY |

### MEMORANDUM IN SUPPORT OF MORGAN'S MOTION TO DISMISS PURSUANT TO RULES 12(b)(2), 12(b)(1) AND 12(b)(6) WITH RESPECT TO LOUISIANA PLAINTIFFS' CLAIMS

Morgan Buildings & Spas, Inc. (Morgan Buildings) and Morgan Building Systems, Inc.[1] (Morgan Systems, and collectively with Morgan Buildings, Morgan) file this memorandum in support of their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(1) and 12(b)(6) with respect to the Louisiana plaintiffs' claims.[2] The Court is without jurisdiction over Morgan, the Louisiana plaintiffs have no standing (causing the Court to lack subject matter jurisdiction), and Plaintiffs fail to state a claim against Morgan. Thus, for the reasons more fully explained below, the Louisiana plaintiffs' claims against Morgan Buildings and Morgan Systems should be dismissed with prejudice.

### Background

Plaintiffs filed "*DeCarlo McGuire, et al. v. Gulf Stream Coach, Inc., et al.*," a putative class action lawsuit in the Civil District Court for the Parish of Orleans against manufacturers of FEMA trailers, delivery contractors and others, alleging that plaintiffs who occupied FEMA trailers after Hurricanes Katrina and Rita were exposed to hazardous levels of formaldehyde. On

---

[1] Morgan Building Systems, Inc., which merged into Morgan Buildings & Spas, Inc. on January 19, 1994, no longer exists.
[2] A separate motion to dismiss addresses the claims by Mississippi and Alabama plaintiffs against Morgan.

August 31, 2006, the suit was removed to this Court as Civil Action No. 06-5659. While Morgan Buildings was named a defendant in *McGuire*, Morgan Systems was not. Morgan Buildings, along with other defendants, filed multiple motions to dismiss on several grounds, including a motion to dismiss plaintiffs' class action claims for failure to timely file the motion to certify class. On April 20, 2007, the *McGuire* Court granted defendants' motion to dismiss plaintiffs' class action claims. *McGuire* Docket Nos. 135 and 139.

On May 23, 2007, *McGuire* was consolidated with "*Keith Hillard, et al. v. United States of America, et al.,*" Civil Action No. 06-2576, Eastern District of Louisiana. Plaintiffs later filed a voluntary motion to dismiss, without prejudice, several defendants. *Hillard* Docket No. 180. The Court entered an order on July 3, 2007 dismissing, without prejudice, five defendants including Morgan Buildings. *McGuire* Docket No. 152. (Morgan Systems was never made a defendant in either *Hillard* or *McGuire*).

*Hillard* and *McGuire* (among other cases) were consolidated with this multidistrict litigation on November 5, 2007. Docket No. 3. On March 18, 2008, plaintiffs filed an Administrative Master Complaint in this MDL naming Morgan Buildings and Morgan Systems as "manufacturer" defendants.[3] Docket No. 109.

## Law and Argument

### A. The Court has No *In Personam* Jurisdiction over Morgan for the Louisiana Plaintiffs' Claims

The purpose of a transfer to multidistrict litigation is to coordinate and consolidate pretrial proceedings. The ultimate goal of the district court to which the multidistrict litigation has been transferred is "to promote the just and efficient conduct of such actions." 28 U.S.C. §1407(a); *see also In Re: Clients and Former Clients of Baron & Budd, P.C.*, 482 F.3d 835, 836

---

[3] Neither Morgan Buildings nor Morgan Systems manufactures trailers.

2

(5th Cir. 2007). Thus, consolidation of cases under 28 U.S.C. §1407 is procedural, and does not "expand the jurisdiction of either the transferor or the transferee court." *In re Showa Denko, K.K. L-Tryptophan Products Liability Litigation – II*, 953 F.2d 162, 165 (4th Cir. 1992). A transferee court's jurisdiction is limited to persons who are proper parties in the transferred cases. *Id., citing Hartland v. Alaska Airlines*, 544 F.2d 992, 1002 (9th Cir. 1976).

*McGuire* has been consolidated into this MDL. The *McGuire* record shows, however, that Morgan Buildings was voluntarily dismissed, without prejudice, on July 3, 2007. *McGuire* Docket No. 152. Thus, at the time of the Court's November 5, 2007 consolidation order, Morgan Buildings was not a party to *McGuire* or any other consolidated matter. Furthermore, Morgan Systems has never been named in any of the district court litigation consolidated in this MDL.

The effect of a voluntary dismissal, without prejudice, under Fed. R. Civ. P. 41 leaves the action as if it had never been brought between the parties, and completely terminates the litigation between them. *Long v. Board of Pardons and Paroles of Texas*, 725 F.2d 306, (5th Cir. 1984), *citing Pilot Freight Carriers, Inc. v. International Brotherhood of Teamsters*, 506 F.2d 914 (5th Cir.), *cert. denied*, 422 U.S. 1048, 95 S.Ct. 2665, 45 L. Ed. 2d 700 (1975); *American Cyanamid Company v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963). "After a dismissal, the action is no longer pending in the court and no further proceedings in the action are proper." *Id.* at 307, *citing 9, Wright & Miller, Federal Practice and Procedure*, §2367, p. 186 (1971).

When faced with a Rule 12(b)(2) motion, "it is important to bear in mind that the plaintiff bears the burden of establishing the district court's jurisdiction...." *Gundle Lining Construction Corp. v. Adams Country Asphalt, Inc.*, 85 F.3d 201, 204 (5th Cir. 1996), *citing Stuart v.*

3

*Spademan*, 772 F.2d 1185, 1992 (5th Cir. 1985). Plaintiffs claim that the Court has personal jurisdiction over the defendants, because they do substantial business in Louisiana and within the Eastern District. Docket No. 109, ¶10. Plaintiffs also claim that the original district court, upon remand from the MDL court, would have personal jurisdiction over the defendants as well. *Id.* Contrary to plaintiffs' allegations, however, neither Morgan Buildings nor Morgan Systems is a defendant over which this Court has personal jurisdiction, because no district court has personal jurisdiction over either Morgan Buildings or Morgan Systems with respect to the Louisiana plaintiffs' claims.

Because Morgan Buildings has been dismissed from *McGuire* and Morgan Systems is not a party in any of the consolidated cases asserting claims by Louisiana plaintiffs, this MDL Court does not have *in personam* jurisdiction over either Morgan Buildings or Morgan Systems with respect to the Louisiana plaintiffs' claims. Thus, Morgan should be dismissed from the Louisiana plaintiffs' claims in the Administrative Master Complaint.

**B.     Plaintiffs' Claims Against Morgan Should be Dismissed for Lack of Subject Matter Jurisdiction**

Rule 12(b)(1) challenges a court's subject matter jurisdiction over a certain matter. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Matte v. Sunshine Mobil Homes, Inc.*, 270 F.Supp.2d 805, 812 (W.D. La. 6/9/03), *quoting Home Builders Association of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (*quoting Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)).

Article III of the Constitution confines a federal court to adjudicating actual "cases and controversies." *Allen v. Wright*, 468 U.S. 737, 750, 104 S.Ct. 3315, 82 L. Ed.2d (1984). A federal district court lacks subject matter jurisdiction over a case unless a plaintiff has standing to

4

bring the action. "In the absence of standing, there is no 'case or controversy' between the plaintiff and defendant which serves as the basis for the exercise of judicial power under Article III of the Constitution." *Matte* at 813, *citing Warth v. Seldin*, 422 U.S. 490, 498–499, 95 S.Ct. 2197, 45 L. Ed.2d 343 (1975); *see also Doe v. Tangipahoa Parish School Board*, 494 F.3d 494, 496-497, (5th Cir., 2007). ("Standing to sue must be proven, not merely asserted, in order to provide a concrete case or controversy and to confine the courts' rulings within our proper judicial sphere.") The Court must ask whether the plaintiff has "alleged such a personal stake in the outcome of the controversy" as to warrant federal court jurisdiction. *Matte*, 270 F.Supp.2d at 813 *citing Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962).

The court's jurisdiction over plaintiffs' claims against Morgan depends upon whether the named plaintiffs have standing to pursue the alleged claims. In order for a plaintiff to have standing, he must satisfy three constitutional elements: (1) the plaintiff must have suffered an actual or eminent injury which is concrete and particularized and may not be conjectural or hypothetical; (2) there must be a casual connection between the injury and the conduct complained of; and (3) it must be likely as opposed to merely speculative that the injury will be redressed by a favorable decision. *Id., citing United States v. Hays*, 515 U.S. 737, 742-743, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995), *quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). (internal quotation marks omitted).

In *Matte*, plaintiffs in a putative class action sued defendants for manufacturing allegedly defective mobile homes. The defendants filed motions to dismiss under Fed. R. Civ. P. 12(b)(1), arguing that the court lacked subject matter jurisdiction over the plaintiffs' claims. The Court granted defendants' motion, holding that the plaintiffs lacked constitutional standing to bring the claims, because they could not state with certainty that any particular plaintiff lived in a mobile

5

home manufactured by a particular manufacturer defendant, nor could they properly allege that any of the plaintiffs suffered damage or injury as a result of occupying a mobile home. 270 F.Supp.2d at 814. The Court also rejected plaintiffs' argument that the standing requirement should be relaxed because the plaintiffs filed their claims as a putative class action. *Id.* at 821.[4]

As with the plaintiffs in *Matte*, the plaintiffs at bar fail to allege any specific link between a particular plaintiff and a particular defendant. Instead, the plaintiffs generally allege that they were exposed to formaldehyde while residing in FEMA trailers. Docket No. 109, ¶¶17, 32. Furthermore, not one of the plaintiffs has claimed that he or she has ever resided in a FEMA trailer manufactured by Morgan or experienced any injury from a Morgan trailer. In fact, they cannot, because Morgan does not manufacture trailers. As a result, plaintiffs lack constitutional standing to bring their claims against Morgan, and the Court should dismiss Morgan, with prejudice, for lack of subject matter jurisdiction over plaintiffs' claims.

## C. Plaintiffs Fail to State a Claim Against Morgan under Louisiana Law

Plaintiffs' Administrative Master Complaint also fails to state a claim against Morgan under the Louisiana Products Liability Act or for medical monitoring under Louisiana law. A party may move a court to dismiss an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In evaluating a motion to dismiss for failure to state a claim, the court must accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996), *citing McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992). A plaintiff must plead specific facts, not mere conclusory allegations in order to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278,

---

[4] "The Supreme Court has spoken clearly on this issue. While the suit may be a class action ... adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that the injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." (internal quotation marks and citations omitted).

6

281 (5th Cir. 1992), *quoting O'Quinn v. Manuel*, 773 F.2d 605 (5th Cir. 1985). The complaint's dismissal is proper when it is silent regarding an element required to obtain relief. *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006)(citations omitted).

In a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court requires "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, _US_, 127 S.Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.*, 127 S.Ct. at 1965 (internal citations and quotation marks omitted). After the Supreme Court's ruling in *Twombly*, plaintiffs' vague allegations in the Administrative Master Complaint will not survive a Rule 12(b)(6) motion.

**1. Plaintiffs fail to state a claim under the Louisiana Products Liability Act.**

Plaintiffs allege that Morgan "manufactured and supplied FEMA trailers . . . pursuant to contracts with FEMA." Docket No. 109, ¶8(c) xxxvi and xxxvii. In Count 4, plaintiffs claim that the defendants are manufacturers and their housing units constitute products under the Louisiana Products Liability Act, La. R.S. 9:2800 *et seq.* (LPLA), and that the housing units were defective in design or due to inadequate warning due to formaldehyde fumes from the housing units. *Id.*, ¶¶133, 138.

An LPLA plaintiff must show: (1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product "unreasonably dangerous;" and (4) that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else. *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 261 (5th Cir. 2002), *citing* La. R.S. §9:2800.54(A). A fundamental requirement of the LPLA is plaintiff's obligation to identify the

7

manufacturer of the allegedly defective product. *Jefferson v. Lead Industries Assoc., Inc.*, 106 F.3d 1245, 1252 (5th Cir. 1997). Louisiana law requires a plaintiff to identify the product manufacturer, because market share liability has never been accepted as a means of circumventing the LPLA's product identification requirement and proximate causation. *Id.*

Under the LPLA, specific plaintiffs must allege facts to support that a trailer manufactured by Morgan was defective and that the alleged defect was a legal cause of plaintiffs' alleged injuries. *Id.* at 1251. The only reference to Morgan in the Administrative Master Complaint is in paragraph 8, where plaintiffs state that Morgan manufactured and designed FEMA trailers. No Louisiana plaintiff alleges that he or she was exposed to or lived in a trailer manufactured by Morgan. Moreover, *McGuire* (from which Morgan has been dismissed), is a non-class action with four individual plaintiffs, DeCarlo McGuire, Kevin Rodney, Dr. Marshall J. Stevenson, Jr. and Lynda Ward Stevenson,[5] none of whom alleged that they resided in a trailer manufactured by Morgan. *McGuire* Docket Nos. 131, 135 and 139. Thus, the Louisiana plaintiffs fail to state a claim against Morgan under the LPLA, and their claims against Morgan should be dismissed with prejudice.

**2. Plaintiffs fail to state a claim for medical monitoring under Louisiana law.**

Plaintiffs also seek the reasonable costs of medical monitoring due to their alleged formaldehyde exposure. Docket No. 109, p. 75. The Louisiana plaintiffs' medical monitoring claim is governed by La. Civ. Code art. 2315(B), which was amended in 1999 to specifically exclude as an element of damages "costs for future medical treatment, services, surveillance, or procedures of any kind **unless such treatment, services, surveillance or procedures are directly related to a manifest physical or mental injury or disease.**" (emphasis added). The

---

[5] The individual *McGuire* plaintiffs are not named in the Administrative Master Complaint.

8

Article 2315(B) amendment "was enacted with the exclusive purpose of excluding medical monitoring from the types of damages recoverable under Article 2315 unless the medical monitoring is directly related to a manifest physical or mental injury or disease." *Landry v. Avondale Indus.*, 03-0719 (La. 12/03/03), 864 So.2d 117, 123.

In order to obtain medical monitoring costs under Louisiana Law, the injury or disease must be manifest. The mere exposure to a hazardous substance does not equate to a manifest injury or disease, and is insufficient to state a claim for medical monitoring under Article 2315(B). *Atkins v. Ferro Corp.*, 534 F.Supp.2d 662, (M.D. La. 2008). Plaintiffs' allegation that they were exposed to formaldehyde while residing in FEMA trailers is insufficient to state a claim for medical monitoring under Louisiana law. Therefore, the claims for medical monitoring under Louisiana law against Morgan should be dismissed for failure to state a claim under Rule 12(b)(6).

## Conclusion

For the foregoing reasons, Morgan Building & Spas, Inc. and Morgan Building Systems, Inc. respectfully request that the Court grant their motion to dismiss because the Court lacks personal jurisdiction over Morgan, the Louisiana plaintiffs have no standing (causing the Court to lack subject matter jurisdiction), and plaintiffs fail to state a claim against Morgan.

Respectfully submitted:

**McGlinchey Stafford, PLLC**

*s/Christine Lipsey*
Christine Lipsey (LA Bar Roll # 1182), T.A.
Dan E. West (LA Bar Roll #13372)
Kaye C. Templet (LA Bar Roll #27983)
One American Place, 14th Floor
Baton Rouge, LA  70825
Telephone:  (225) 383-9000
Facsimile:  (225) 343-3076

clipsey@mcglinchey.com
dwest@mcglinchey.com
ktemplet@mcglinchey.com

*Attorneys for Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc.*

## CERTIFICATE OF SERVICE

I certify that, on May 19, 2008, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the court's CM/ECF system. I also certify that there are no known non-CM/ECF participants.

*s/Christine Lipsey*
Christine Lipsey

295745.1