## UNITED STATED DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | : | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | : | |
| LIABILITY LITIGATION | : | |
| | : | SECTION "N" (4) |
| | : | |
| | : | JUDGE ENGELHARDT |
| | : | MAGISTRATE KAREN ROY |

### MEMORANDUM BY COACHMEN INDUSTRIES, INC. IN SUPPORT OF RULE 12(B)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

NOW INTO COURT, through undersigned counsel comes defendant, Coachmen Industries, Inc., which presents this memorandum in support of its motion to dismiss for lack of personal jurisdiction, praying that this Honorable Court dismiss all claims against it pursuant to Federal Rule of Civil Procedure 12(b)(2).

## I.   Introduction and Facts

Plaintiffs erroneously allege in their Administrative Master Complaint that Coachmen Industries, Inc. (hereinafter "Coachmen") manufactured housing units that were eventually utilized by FEMA as temporary housing for victims of Hurricane Katrina and Hurricane Rita beginning in 2005. Coachmen does not manufacture recreational vehicles.  Coachmen's indirect subsidiaries, however, Coachmen Recreational Vehicle Company, L.L.C. (hereinafter "CRV"), Coachmen Recreational Vehicle Company of Georgia, LLC (hereinafter "CRV-Ga") and Viking Recreational Vehicles, LLC (hereinafter "Viking") are manufacturers of recreational vehicles and did manufacture units that were utilized by FEMA in connection with the hurricane relief effort.  CRV, one of the manufacturing entities, has also been named a party defendant in plaintiffs' Administrative Master Complaint.

455330.1

Specifically, plaintiffs alleged in paragraph 8(c)vii of their Administrative Master Complaint that: "Coachmen Industries, Inc. is upon information and belief an Indiana corporate entity which conducts business in the states of Louisiana, Mississippi, and Alabama, and Texas and which manufactured and supplied FEMA trailers or housing units as defined below pursuant to contracts with FEMA for use in those states."

Coachmen is indeed an Indiana corporation and it is licensed to do business in Indiana.[1] However, it does no business in the States of Louisiana, Mississippi, and Alabama, the jurisdictions from where suits against Coachmen were consolidated and transferred into the above captioned MDL proceeding, or in Texas as also alleged in the Administrative Master Complaint.[2]

Coachmen maintains separate bank accounts, accounting systems, budgets and financial records from each of CRV, CRV-Ga and Viking.[3]  Coachmen and each of CRV, CRV-Ga and Viking maintain separate corporate officers.[4] Significant in this analysis is the fact that Coachmen and each of CRV, CRV-Ga comply with the requisite corporate formalities.[5]

Coachmen does not conduct business in any jurisdiction, except the State of Indiana.[6] Coachmen: (1) does not and has not owned real or personal property in Louisiana, Mississippi, Alabama, or Texas; (2) is not and has not been licensed to do business in Louisiana, Mississippi, Alabama, Texas;  (3) does not and has not paid taxes in Louisiana, Mississippi, Alabama, or Texas; (4) does not and has not have employees in Louisiana, Mississippi, Alabama, or Texas; (5) does not and has not sold any goods or provided any services in Louisiana, Mississippi,

---

[1] Exhibit A (Affidavit of Colleen Zuhl)
[2] Exhibit A (Affidavit of Colleen Zuhl)
[3] Exhibit A (Affidavit of Colleen Zuhl)
[4] Exhibit A (Affidavit of Colleen Zuhl)
[5] Exhibit A (Affidavit of Colleen Zuhl)
[6] Exhibit A (Affidavit of Colleen Zuhl)
455330.1

Alabama, or Texas; and (6) has not placed advertisements in Louisiana, Mississippi, Alabama, or Texas.[7] CRV, CRV-Ga, and Viking on the other hand do business in these states.[8]

In short, Coachmen has no contacts with the States of Louisiana, Mississippi, or Alabama or Texas. Accordingly, Coachmen's 12(b)(2) motion to dismiss for lack of personal jurisdiction should be granted.

## II.   **Argument Supporting Lack of Personal Jurisdiction Over Coachmen Industries, Inc.**

"Absent any dispute as to the relevant facts, the issue of whether personal jurisdiction may be exercised over a nonresident defendant is a question of law to be determined *de novo* by this Court."[9] "When alleged jurisdictional facts are disputed, we must resolve all conflicts in favor of the party seeking to invoke the court's jurisdiction."[10]

"The exercise of jurisdiction over a nonresident defendant by this Court must comport with the principles of due process.[11] "The due process inquiry is two-fold and both requirements must be met.[12] "First, the nonresident defendant must have affirmatively availed himself of the protection and benefits of the forum state to such an extent that he has established minimum contacts with that forum.[13] "Second, the exercise of personal jurisdiction by this Court over the non-resident defendant must not 'offend traditional notions of fair play and substantial justice.'[14] However, even if the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice," a state may not exercise "personal jurisdiction over a defendant who

---

[7] Exhibit A (Affidavit of Colleen Zuhl)
[8] Exhibit A (Affidavit of Colleen Zuhl)
[9] *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.,* 9 F.3d 415, 418 (5th Cir. 1993) (citations omitted).
[10] *Ruston Gas,* 9 F.3d at 418 (citations omitted).
[11] *Dickson Marine, Inc. v. Panalpina, Inc.,* 961 F.Supp. 947, 950 (E.D. La. 1997).
[12] *Dickson Marine,* 961 F.Supp. at 950.
[13] *Dickson Marine,* 961 F.Supp. at 950 (citing *Felch v. Transportes Lar-Mex Sa De CV,* 92 F.3d 320, 323 (5th Cir. 1996)).
[14] *Dickson Marine,* 961 F.Supp. at 950 (quoting *Felch,* 92 F.3d at 320).

455330.1

does not have the requisite minimum contacts."[15]  This discussion will focus on Coachmen's lack of "minimum contacts" with the States of Louisiana, Mississippi, Alabama, and Texas which defeats personal jurisdiction.

<u>"Minimum Contacts" Analysis</u>

The "minimum contacts" analysis is different depending upon whether plaintiffs are alleging specific or general jurisdiction."[16]  In this case, plaintiffs appear to be alleging specific jurisdiction.  "[T]o find specific jurisdiction, the Court 'must determine whether the present litigation resulted from injuries arising out of or related to the nonresident defendants' contacts with the forum."[17]

"The 'minimum contacts' prong, for specific jurisdiction purposes, is satisfied by actions, or even just a single act, by which the non-resident defendant 'purposefully avails itself of the privilege of conducting activities with the forum state, thus invoking the benefits and protections of its laws."[18]  "The non-resident's 'purposeful availment,' must be such that the defendant 'should reasonably anticipate being haled into court' in the forum state."[19]

Plaintiffs erroneously believe Coachmen to be a manufacturer that supplied temporary housing in connection with the 2005 hurricanes.  If Coachmen's presence as a party defendant is simple error, the issue is easily resolved as Coachmen is not a manufacturer. On the other hand, if plaintiffs base their argument on the assertion that Coachmen, as the parent corporation, is subject to personal jurisdiction based upon the activities of its indirect subsidiaries, CRV, CRV-Ga, and Viking, then the "corporate relationship" theory of personal jurisdiction must be addressed.

---

[15] *Certain Underwriters at Lloyd's London v. Frichelle Limited,* 1997 WL 16635, p. 5 (E.D. La. 1997).
[16] *Dickson Marine,* 961 F.Supp. at 951.
[17] *Dickson Marine,* 961 F.Supp. at 950 (quoting *Felch,* 92 F.3d at 324).
[18] *Ruston Gas,* 9 F.3d at 419 (citations omitted).
[19] *Ruston Gas,* 9 F.3d at 419 (citations omitted).

<u>"Corporate Relationship" Theory of Personal Jurisdiction</u>

There is no dispute that CRV, CRV-Ga, and Viking are subject to personal jurisdiction. The dispute is over whether there is personal jurisdiction over their parent, Coachmen Industries, Inc. While CRV, CRV-Ga, and Viking have substantial contacts with the states of Louisiana, Mississippi, Alabama, and Texas. Coachmen has no such contacts.

The Fifth Circuit in *Hargrave v. Fibreboard Corp*[20] summarized the principles applied when a plaintiff seeks to assert personal jurisdiction over a foreign parent corporation based on the contacts of the subsidiary. The logic applied in *Hargrave* is equally applicable in this case where plaintiffs seek to assert personal jurisdiction over Coachmen based on the contacts of a subsidiary. The *Hargrave* court stated as follows:

> Generally, a foreign parent corporation is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business there; the mere existence of a parent-subsidiary relationship is not sufficient to warrant the assertion of jurisdiction over the foreign parent. [However, in some circumstances,] a close relationship between a parent and its subsidiary may justify a finding that the parent 'does business' in a jurisdiction through the local activities of its subsidiaries. The rationale for such an exercise of jurisdiction is that the parent corporation exerts such domination and control over its subsidiary 'that they do not in reality constitute separate and distinct corporate entities but are one and the same corporation for purposes of jurisdiction.[21]

The *Hargrave* court further noted that

> [as] long as a parent and subsidiary maintain separate and distinct corporate entities, the presence of one in a forum state may not be attributed to the other....[Furthermore,] 100% stock ownership and commonality of officers and directors are not alone sufficient to establish an alter ego relationship between two corporations. Generally, our cases demand proof of control by the parent over the internal business operations and affairs of the subsidiary in order to fuse the two for jurisdictional purposes. The degree of control exercised by the parent must be greater than that normally associated with common ownership and directorship. All the facts and circumstances surrounding the operations of the parent and

---

[20] 10 F.2d 1154 (5th Cir. 1983).
[21] *Hargrave*, 710 F.2d at 1159 (citations omitted).
455330.1

subsidiary must be examined to determine whether two separate and distinct corporate entities exist.[22]

In summary, it is not alleged that Coachmen exerts dominion and control over CRV, CRV-Ga, and Viking or that it otherwise acts as their alter ego. Coachmen, CRV, CRV-Ga, and Viking are separate, distinct entities and follow all corporate formalities. As stated in *Hargrave*, the mere fact that a subsidiary does business in a state does not pave the way for personal jurisdiction over the parent, in this instance Coachmen. Such an argument is not sufficient to warrant the assertion of personal jurisdiction.

## IV.    Conclusion

The states of Louisiana, Mississippi, Alabama, and Texas lack "minimum contacts" with Coachmen which is supported by the affidavit of Colleen Zuhl, Jr. and cannot be disputed. CRV, CRV-Ga, and Viking's contacts with these states may not be imputed to their parent, Coachmen, who was erroneously alleged to be a temporary housing manufacturer. Coachmen Industries, Inc. prays that the Court grant its Rule 12(b)(2) motion to dismiss all claims for lack of personal jurisdiction.

By Attorneys,

**TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.**

By:    /s/ John Stewart Tharp_____
David M. Bienvenu #20700
John Stewart Tharp #24230
Chase Tower South, 8th Floor
451 Florida Street, 70801
Post Office Box 2471
Baton Rouge, LA 70821
Telephone: (225) 387-3221
Facsimile: (225) 346-8049
**Attorneys for Defendant Coachmen Industries, Inc.**

---

[22] *Hargrave,* 710 F.2d at 1160 (citations omitted).

455330.1

- CERTIFICATE –

    I certify that on this 19th day of May, 2008, a copy of the foregoing has been forwarded to all known counsel of record, by electronic filing and transmission via the Court's ECF system.

                            /s/ John Stewart Tharp