UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | MDL No. 1873 |
| | SECTION N(4) |
| Betty White, et al. v. Circle B. Enterprises, et al., S.D. Alabama, C.A. No. 1:08-141 (E.D. Louisiana, C.A. No. 08-1969) | JUDGE ENGLEHART |
| Charles Meshack v. Circle B. Enterprises, et al., S.D. Mississippi, C.A. No. 1:08-92 (E.D. Louisiana, C.A. No. 08-1970) | MAGISTRATE ROBY |

## MEMORANDUM IN SUPPORT OF MORGAN'S MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) AND 12(b)(6) WITH RESPECT TO MISSISSIPPI AND ALABAMA PLAINTIFFS' CLAIMS

Morgan Buildings & Spas, Inc. (Morgan Buildings) and Morgan Building Systems, Inc.[1] (Morgan Systems, and collectively with Morgan Buildings, Morgan) file this memorandum in support of their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) with respect to the Mississippi and Alabama plaintiffs' claims.[2] This Court lacks subject matter jurisdiction over the claims, and plaintiffs fail to state a claim against Morgan under either Mississippi or Alabama law. Thus, for the reasons more fully explained below, the Mississippi and Alabama plaintiffs' claims against Morgan Buildings and Morgan Systems should be dismissed with prejudice.

### Background

On October 24, 2007, the Multidistrict Litigation Panel transferred one civil action to the Eastern District of Louisiana to form this multidistrict putative class action litigation concerning plaintiffs' alleged exposure to formaldehyde while residing (after Hurricanes Katrina and Rita) in

---

[1] Morgan Buildings Systems, Inc., which merged into Morgan Buildings & Spas, Inc. on January 19, 1994, no longer exists.

[2] Morgan has filed a separate motion to dismiss the Louisiana plaintiffs' claims.

FEMA trailers manufactured by defendants. Docket No. 1. Thereafter, on November 5, 2007, several other FEMA trailer formaldehyde cases were consolidated with this MDL. Docket No. 3. Plaintiffs filed an Administrative Master Complaint naming Morgan Buildings and Morgan Systems as "manufacturer" defendants[3] on March 18, 2008. Docket No. 109.

On March 14, 2008, plaintiffs filed "*Charles Meshack v. Circle B. Enterprises, Inc., et al.*," Civil Action No. 08-92, United States District Court, Southern District of Mississippi and "*Betty White, et al. v. Circle B. Enterprises, Inc., et al.*," Civil Action No. 08-141, United States District Court, Southern District of Alabama. Both *Meshack* and *White* are putative class actions against manufacturers of trailers, seeking damages for plaintiffs' alleged exposure to formaldehyde while residing in FEMA trailers after Hurricanes Katrina and Rita. Morgan Buildings and Morgan Systems were named as manufacturer defendants in *Meshack* and *White*.

*Meshack* and *White* have been transferred to this Court for consolidated pretrial proceedings in this MDL, pursuant to a conditional transfer order. *Meshack*, Docket No. 3, *White*, Docket No. 5, and MDL Docket No. 150.

## Law and Argument

### A. Plaintiffs' Claims Against Morgan Should be Dismissed for Lack of Subject Matter Jurisdiction

Rule 12(b)(1) challenges a court's subject matter jurisdiction over a certain matter. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Association of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998), *quoting Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996).

---

[3] Neither Morgan Buildings nor Morgan Systems manufactures trailers.

Article III of the Constitution confines a federal court to adjudicating actual "cases and controversies." *Allen v. Wright*, 468 U.S. 737,750, 104 S.Ct. 3315, 82 L.Ed.2d (1984). A federal district court lacks subject matter jurisdiction over a case unless a plaintiff has standing to bring the action. "In the absence of standing, there is no 'case or controversy' between the plaintiff and defendant which serves as the basis for the exercise of judicial power under Article III of the Constitution." *Matte v. Sunshine Mobil Homes, Inc.*, 270 F.Supp.2d 805, 813 (W.D. La. 6/9/03), *citing Warth v. Seldin*, 422 U.S. 490, 498–499, 95 S.Ct. 2197, 45 L. Ed.2d 343 (1975); *see also Doe v. Tangipahoa Parish School Board*, 494 F.3d 494, 496-497 (5th Cir., 2007) ("Standing to sue must be proven, not merely asserted, in order to provide a concrete case or controversy and to confine the courts' rulings within our proper judicial sphere.") The Court must ask whether the plaintiff has "alleged such a personal stake in the outcome of the controversy" as to warrant federal court jurisdiction. *Matte*, 270 F.Supp.2d at 813, *citing Baker v. Carr,* 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962).

The court's jurisdiction over plaintiffs' claims against Morgan depends upon whether the named plaintiffs have standing to pursue the alleged claims. In order for a plaintiff to have standing, he must satisfy three constitutional elements: (1) the plaintiff must have suffered an injury in fact which is concrete and particularized and may not be speculative or hypothetical; (2) there must be a casual connection between the injury and the conduct complained of; and (3) it must be likely as opposed to merely speculative that the injury will be rectified by a favorable decision. *Id., citing United States v. Hays*, 515 U.S. 737, 742-743, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995), *quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992).

In *Matte*, relying upon the requirements found in *Hays* and *Lujan*, the court dismissed plaintiffs' claims for lack of standing. The *Matte* plaintiffs, in a putative class action, sued defendants for manufacturing allegedly defective mobile homes. The defendants filed motions to dismiss under Fed. R. Civ. P. 12(b)(1), arguing that the court lacked subject matter jurisdiction over the plaintiffs' claims. The court granted defendants' motions, holding that the plaintiffs lacked constitutional standing to bring the claims, because they could not state with certainty that any particular plaintiff lived in a mobile home manufactured by a particular manufacturer defendant, nor could they properly allege that any of the plaintiffs suffered damage or injury as a result of occupying a mobile home. *Matte*, 270 F.Supp.2d at 814. The court also rejected plaintiffs' argument that the standing requirement should be relaxed because the plaintiffs filed their claims as a putative class action. *Id.* at 821.[4]

As with the plaintiffs in *Matte*, the Mississippi and Alabama plaintiffs fail to allege any specific link between a particular plaintiff and a particular defendant. Instead, the plaintiffs generally allege that they were exposed to formaldehyde while residing in FEMA trailers. *Meshack*, Docket No. 1, ¶¶10,13; *White*, Docket No. 1, ¶¶10, 13; Docket No. 109, ¶¶17, 32. Furthermore, not one of the plaintiffs has claimed that he or she has ever resided in a FEMA trailer manufactured by Morgan or experienced any injury from a Morgan trailer. In fact they cannot, because Morgan does not manufacture trailers. As a result, plaintiffs lack constitutional standing to bring claims against Morgan, and the Court should dismiss Morgan, with prejudice, for lack of subject matter jurisdiction over the Mississippi and Alabama plaintiffs' claims.

---

[4] "The Supreme Court has spoken clearly on this issue. While the suit may be a class action ... adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that the injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." (internal quotation marks and citations omitted).

4

### B. Plaintiffs Fail to State a Claim Against Morgan under Mississippi or Alabama Law

A party may move a court to dismiss an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In evaluating a motion to dismiss for failure to state a claim, the court must accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996), *citing McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992). A plaintiff must plead specific facts, not mere conclusory allegations in order to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992), *quoting O'Quinn v. Manuel*, 773 F.2d 605 (5th Cir. 1985). The complaint's dismissal is proper when it is silent regarding an element required to obtain relief. *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006)(citations omitted).

In a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court requires "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, _US_, 127 S.Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.*, 127 S.Ct. at 1965 (internal citations and quotation marks omitted). After the Supreme Court's ruling in *Twombly*, plaintiffs' vague allegations will not survive a Rule 12(b)(6) motion.

#### 1. Plaintiffs fail to state a claim against Morgan under Mississippi law.

The Mississippi plaintiffs allege that the defendants manufactured housing units known as FEMA trailers. *Meshack*, Docket No. 1, ¶3(a) xxxi and xiii; Docket No. 109, ¶8(c) xxxvi and xxxvii. In Count 1 of the *Meshack* complaint, plaintiffs seek damages pursuant to Mississippi Code Annotated §11-1-63 as a result of having been "exposed to dangerously high

concentrations of formaldehyde," which were allegedly present in FEMA trailers manufactured by defendants. *Meshack*, Docket No. 1, ¶13; Docket No. 109, ¶32.

Under Mississippi's Product Liability Act, a plaintiff must establish three elements before strict liability may be imposed: (1) that the plaintiff was **injured by the product**; (2) that the injury resulted from a defect in the product which rendered it unreasonably dangerous; and (3) that the defect existed at the time it left the hands of the manufacturer. *Hammond v. Coleman Company, Inc.*, 61 F.Supp.2d 533, 536 (S.D. Miss., 1999)(emphasis added), *citing Early-Gary, Inc. v. Lotros*, 294 So.2d 181 (Miss. 1974). *See also Miss. Code Ann.* §11-1-63; *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 228 (5th Cir. 2007).

In order to satisfy the first element, plaintiffs must allege *actual injury* caused by the defective product. The Mississippi Supreme Court has held, however, that exposure to a dangerous substance is not an injury: "[E]xposure to a potentially harmful substance does not in itself constitute a personal injury. 'Persons who allege only exposure are asking for a remedy without a wrong.'" *Paz v. Brush Engineered Materials, Inc.*, 949 So.2d 1, 5-6 (Miss. 2007)(internal citations omitted), *citing Owens-Illinois, Inc. v. Edwards*, 573 So.2d 704, 705-09 (Miss. 1990), and *quoting Schiro v. A.M. Tobacco Co.*, 611 So.2d 962, 965 (Miss. 1992). Plaintiffs herein merely allege that they have been exposed to a hazardous substance and may suffer an increased risk of contracting a disease. No actual injury is alleged. Docket No. 109, ¶91.

In addition to alleging actual injury, under Miss. Code Ann. §11-1-63, plaintiffs must allege that each experienced actual injury as a result of a defective product *manufactured by Morgan*. Because neither the Mississippi Supreme Court nor the Mississippi Court of Appeals has adopted the market share liability theory, plaintiffs herein must identify the manufacturer of

6

the product causing the injury. *M.S. Practice Encyclopedia, M.S. Law,* §57:19 (2007). The Mississippi plaintiffs fail to allege that any of them has been injured by exposure to formaldehyde from a trailer manufactured by Morgan. Thus, plaintiffs fail to state a claim against Morgan under Miss. Code Ann. §11-1-63, and Morgan should be dismissed with prejudice from the Mississippi plaintiffs' claims.

Further, to the extent that the Mississippi plaintiffs attempt to articulate a claim for breach of warranty under the Uniform Commercial Code (UCC), they fail to state a claim for relief under Mississippi law. Plaintiffs' sole reference to a warranty claim under Mississippi law states "the product breached an express warranty and/or failed to conform to other express factual representations upon which the claimant justifiably relied in electing to use the product." *Meshack,* Docket No. 1, ¶44, Docket No. 109, ¶151. Outside of the Mississippi Products Liability Act, the only claims available to a plaintiff based on an alleged breach of warranty are found in Article 2 of the UCC as codified (essentially verbatim to the model UCC) in the Mississippi Code at §§75-2-101 *et seq.*[5] Article 2 of the UCC encompasses "sales," and provides exclusive relief to "buyers" and "sellers" to a "contract for sale" as defined therein.[6] Without a buyer, a seller, and a sale (or at least a contract for sale),[7] there is neither recovery nor a right of action under the UCC.

Not only have plaintiffs herein failed to identify Morgan as an alleged seller, they have not even claimed that they purchased a FEMA trailer. In fact, the entire complaint is devoid of a factual allegation that *any contact*, much less a sale or contract for sale, existed between

---

[5] *See* Miss. Code Ann. §§ 75-2-313 (express warranty claims); 75-2-314 (implied warranty of merchantability); 75-2-315 (implied warranty of fitness for a particular purpose). No other Mississippi statutes provide a cause of action based on an alleged breach of warranty.

[6] *See* Miss. Code Ann. §§ 75-2-103 (a "'buyer' means a person who buys or contracts to buy goods; 'seller' means a person who sells or contracts to sell goods.")

[7] Miss. Code Ann. §§ 75-2-106 (" 'Contract for sale' includes both a present sale of and a contract to sell goods at a future time."); 75-2-401 (A "'sale' consists in the passing of title from the seller to the buyer for a price").

plaintiffs and Morgan. Plaintiffs, therefore, have not stated a claim against Morgan for a breach of warranty (whether express or implied) under the UCC. As a result, any attempted warranty claim against Morgan should be dismissed with prejudice.

**2. Plaintiffs fail to state a claim against Morgan under Alabama law.**

Plaintiffs attempt to state a products liability claim under Alabama law, but their reference to Ala. Code §6-5-521 (*White*, Docket No. 1, Count 1; Docket No. 109, Count 6) is misplaced; it does not provide a cause of action but is merely a part of a statutory evidence rule. Section 6-5-521 defines "products liability" actions for the purpose of determining whether relief obtained from collateral sources is admissible, so as to ensure that a plaintiff is not compensated twice for the same damages (thus abrogating the common law collateral source rule for such actions). Ala. Code §6-5-520. The causes of action that plaintiffs attempt to assert are provided for by the Alabama Extended Manufacturer's Liability Doctrine (AEMLD) and the UCC.

Plaintiffs claim that Morgan manufactured and supplied FEMA trailers in the state of Alabama. *White*, Docket No. 1, ¶3; MDL Docket No. 109, ¶8(c) xxxvi and xxxvii. Morgan does not manufacture trailers, and as such, specifically denies plaintiffs' allegations. Plaintiffs also allege that the manufacturing defendants "were negligent in the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packing or labeling of the subject housing units" under Alabama's Extended Manufacturer's Liability Doctrine (AEMLD). *White*, Docket No. 1, ¶33, and Docket No. 109, ¶161.

The AEMLD was judicially created in 1976 and is Alabama's modified version of strict liability set out in §402A of the *Restatement (Second) of Torts*. *See Casrell v. Altec Industries*,

8

335 So2d. 128 (Ala. 1976); *Atkins v. American Motors Corp.*, 335 So.2d 134 (Ala. 1976).[8] To establish liability under the AEMLD, a plaintiff must show that "**he suffered injury** or damages **to himself** or his property by one who sold a product in a defective condition unreasonably dangerous to the plaintiff as the ultimate user or consumer ..." *Atkins*, 335 So.2d at 140. (emphasis added); see also *Casrell*, 335 So.2d at 132. An essential element of an action under the AEMLD is a showing that "**the defendant manufactured** or designed or sold a defective product which, because of its unreasonably safe condition, **injured the plaintiff or damaged his property** when such product, substantially unaltered, was put to its intended use." *Atkins*, 335 So.2d at 139. (emphasis added).

Under the AEMLD, the plaintiff must prove "the existence of a defective condition and ... that the defect proximately caused his injuries." *Taylor v. General Motors Corp.*, 707 So.2d 198, 202 (Ala. 1997). Thus, the Alabama plaintiffs must allege facts sufficient to support that Morgan manufactured a trailer in a defective condition and that the defective condition caused the plaintiff actual injuries. A mere "concern" that a product might potentially cause physical harm does not constitute an "injury." *Hinton v. Monsanto Company*, 813 So. 2d 827, 829 (Ala. 2001).

No Alabama plaintiff in either *White* or the Administrative Master Complaint alleges that he or she suffered any injury from his or her alleged exposure to formaldehyde in a trailer manufactured by Morgan. Instead, the Alabama plaintiffs seek damages under the AEMLD as a result of allegedly being exposed to "dangerously high concentrations of formaldehyde" while residing in a FEMA trailer. *White*, Docket No. 1, ¶13; Docket No. 109, ¶32. Plaintiffs' general allegations are insufficient to state a claim for damages against Morgan under the AEMLD, because plaintiffs fail to allege that they suffered an actual injury caused by a defective Morgan

---

[8] *Cazrell* and *Atkins* were released at the same time and intended by the Alabama Supreme Court to be read together for a full understanding of the AEMLD. *Atkins*, 335 So.2d at 136.

9

trailer. Thus, the Alabama plaintiffs fail to state a claim against Morgan under the AEMLD, and their claims should be dismissed with prejudice.

Plaintiffs also reference "Products Liability – Breach of Expressed and Implied Warranty of Merchantability," but do not appear to allege a separate cause of action (or count) for same. *White*, Docket No. 1, ¶44, Docket No. 109, ¶173. Although Alabama law defines products liability actions as including claims for breach of express or implied warranties, it is Ala. Code § 7-2-313[9] which provides for the creation of express warranties under Alabama's UCC. Section 7-2-313 requires a seller to make an affirmation or statement of fact (whether tangibly or intangibly made) concerning goods that becomes or is made "part of the basis of the bargain." To the extent plaintiffs make a claim for warranty under the UCC, plaintiffs fail to allege that they purchased a trailer from Morgan or that Morgan made any such statement or affirmation.

Plaintiffs are also barred from recovering economic or property damages from Morgan under any warranty theory, as they have made no allegations suggesting that Morgan sold the housing units at issue to them or that they otherwise have privity of contract with Morgan. Alabama law requires privity of contract in order to recover for the breach of either an express or implied warranty, where no injuries to natural persons are involved. *See Wellcraft Marine v. Zarzour*, 577 So. 2d 414, 419 (Ala. 1990)(implied warranty); *Barre v. Gulf Shores Turf Supply, Inc.*, 547 So. 2d 503, 504 (Ala. 1989)(express warranty). Although privity is not required for injuries to natural persons, plaintiffs have not sufficiently alleged any such injuries, as discussed *supra*. *Twombly*, ___ U.S. ___, ___, 127 S.Ct. at 1964 (2007).

---

[9] Morgan bases its arguments upon Alabama law for the purpose of the instant motion, but reserves the right to argue that other states' laws may apply.

10

### 3. Plaintiffs claims for medical monitoring must be dismissed under Mississippi and Alabama law.

Although the Administrative Master Complaint mirrors, for the most part, the *Meshack* and *White* complaints, it includes a claim for medical monitoring not found in *Meshack* or *White*. Docket No. 109, p. 75. Because the Administrative Master Complaint's purpose is to consolidate existing claims from the transferor courts, the Mississippi and Alabama plaintiffs' claims against Morgan for medical monitoring are not properly before this Court.

The purpose of a transfer to multidistrict litigation is to coordinate and consolidate pretrial proceedings. The ultimate goal of the district court to which the multidistrict litigation has been transferred is "to promote the just and efficient conduct of such actions." 28 U.S.C. §1407(a); *see also In Re: Clients and Former Clients of Baron & Budd, P.C.*, 482 F.3d 835, 836 (5th Cir. 2007). Thus, consolidation of cases under 28 U.S.C. §1407 is procedural, and does not "expand the jurisdiction of either the transferor or the transferee court." *In re Showa Denko, K.K. L-Tryptophan Products Liability Litigation – II*, 953 F.2d 162, 165 (4th Cir. 1992).

Pursuant to the Court's Pretrial Order No. 2 (Docket No. 87), plaintiffs filed an Administrative Master Complaint, which is not to be given "the same effect as a traditional complaint, but shall be considered as an administrative device to aid efficiency and economy... ." Docket No. 109, ¶5. As with multidistrict litigation generally, the Administrative Master Complaint cannot create claims that have not been transferred to the MDL from a transferor district court. Thus, plaintiffs' claim for medical monitoring, found only in the Administrative Master Complaint, is not properly before this Court.

In the event, however, that the Court recognizes plaintiffs' claim in the Administrative Master Complaint, plaintiffs fail to state a claim under Mississippi or Alabama law for reasonable costs of medical monitoring, as a result of their alleged exposure to formaldehyde

while residing in FEMA trailers. Docket No. 109, p. 75. As a matter of law, medical monitoring claims are not allowed in Mississippi or Alabama absent a showing of physical injury.

The Mississippi Supreme Court, recently responding to a certified question from the United States Court of Appeals for the 5th Circuit,[10] held that absent a showing of physical injury, Mississippi law does not recognize a claim for medical monitoring. *Paz v. Brush Engineered Materials, Inc.*, 949 So.2d 1 (Miss. 2007). The court further noted that "it would be contrary to current Mississippi law to recognize a claim for medical monitoring allowing a plaintiff to recover medical monitoring costs for mere exposure to a harmful substance without proof of current physical or emotional injuries from that exposure." *Id.* at 5-6. Thus, without any specific allegation of physical injury caused by the alleged formaldehyde exposure, plaintiffs are precluded from recovering costs for medical monitoring under Mississippi law.

Likewise, Alabama law does not recognize a claim for medical monitoring in the absence of a manifest physical injury or illness. *Hinton v. Monsanto Company*, 813 So. 2d 827, 831-832, (Ala. 2001). In *Hinton*, the putative class members sought costs for medical monitoring after alleging that the class members had been exposed to harmful chemicals that had been released into the environment. Plaintiffs failed to allege that they sustained any physical injury or illness as a result of the exposure to the hazardous chemicals. The Alabama Supreme Court held that Alabama law does not recognize a distinct cause of action for medical monitoring in the absence of a manifest physical injury or illness. *Id.* The *Hinton* court concluded that, under Alabama's tort law, a mere "concern" that a product might potentially cause physical harm does not constitute an "injury." *Id.* at 829. Thus, exposure to a hazardous substance, without a present

---

[10] *Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809, 815 (5th Cir. 2006).

12

injury from the exposure, does not give rise to a claim for medical monitoring under Alabama law. *Id.*

In the Administrative Master Complaint, plaintiffs allege that they were exposed to formaldehyde and that they suffer a "risk" of contracting a serious disease from such exposure. Docket No. 109, ¶91. Plaintiffs fail to allege any present injury or physical manifestations of harm from the alleged formaldehyde exposure. Absent such allegations, plaintiffs are precluded from recovering costs for medical monitoring under Mississippi or Alabama law, and plaintiffs' medical monitoring claims against Morgan should be dismissed with prejudice.

## Conclusion

For the foregoing reasons, Morgan Buildings & Spas, Inc. and Morgan Buildings Systems, Inc. respectfully request that the Court grant their motion to dismiss, because the Mississippi and Alabama plaintiffs have no standing (causing the Court to lack subject matter jurisdiction) and because plaintiffs fail to state a claim against Morgan.

Respectfully submitted:

**McGlinchey Stafford, PLLC**

*s/ Christine Lipsey*
Christine Lipsey (LA Bar Roll # 1182), T.A.
Dan E. West (LA Bar Roll #13372)
Kaye C. Templet (LA Bar Roll #27983)
One American Place, 14th Floor
Baton Rouge, LA 70825
Telephone: (225) 383-9000
Facsimile: (225) 343-3076
clipsey@mcglinchey.com
dwest@mcglinchey.com
ktemplet@mcglinchey.com

*Attorneys for Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc.*

13

## CERTIFICATE OF SERVICE

I certify that, on May 19, 2008, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the court's CM/ECF system. I also certify that there are no known non-CM/ECF participants.

*s/Christine Lipsey*
Christine Lipsey

297408.1