UNITED STATED DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | : | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | : | |
| LIABILITY LITIGATION | : | |
| | : | SECTION "N" (4) |
| | : | |
| | : | JUDGE ENGLEHARDT |
| | : | MAGISTRATE KAREN ROY |

PERTAINS TO:   CULLER versus
GULF STREAM, ET AL
U.S.D.C., E.D. LA.
No. 2:07-04018

HILLARD versus
UNITED STATES OF AMERICA, ET AL
U.S.D.C., E.D. LA.
No. 06-2576

MCGUIRE versus
GULF STREAM, ET AL
U.S.D.C., E.D. LA.
No. 06-5659

MESHACK versus
CIRCLE B ENTERPRISES, ET AL
U.S.D.C., SOUTHERN DISTRICT
OF MISSISSIPPI
No. 1:08-92

WHITE versus
CIRCLE B. ENTERPRISES, ET AL
U.S.D.C, SOUTHERN DISTRICT OF
ALABAMA (Mobile)
No. 1:08-00141

### LIST OF SPECIFIC PRESERVATION DEFENSES PURSUANT TO PRETRIAL ORDER NUMBER 4

NOW INTO COURT, through undersigned counsel comes, Coachmen Industries, Inc. defendant in the above captioned MDL proceeding who, pursuant to Pretrial Order Number 4, provides the following listing of specific defenses in those underlying individual cases

consolidated and transferred into the MDL proceeding in which Coachmen Industries, Inc. has been named a defendant as follows:

I. ***Jerome Anthony Culler, Individually and on Behalf of the Estate of Joan Culler, et al vs. Gulf Stream Coach, Inc.***, et al, Civil Action No. 07-4018, Sect. 1 Mag 2, United States District Court, Eastern District of Louisiana.

1. 12(b)(5) (Insufficiency of Service of Process)

    Defendant has not been served. Pursuant to the instructions of Judge Englehardt, this defense is asserted first in the list of defenses to be preserved.

2. 12(b)(1)(Lack of subject matter jurisdiction)

    Because suit was not filed as a class action, plaintiffs' individual claims are insufficient to satisfy amount in controversy for diversity jurisdiction; plaintiffs did not make factual or legal allegations to demonstrate the court has jurisdiction and because suit was not filed as a class action, plaintiffs' individual claims are insufficient to satisfy amount in controversy for diversity jurisdiction; plaintiffs did not make factual or legal allegations to demonstrate the court has jurisdiction and instead make conclusory statement that federal question and diversity jurisdiction exist.

3. 12(b)(6)(Failure to State a Claim)

    A. Plaintiffs' Louisiana Products Liability Act tort based and breach of warranty claims are barred by the applicable prescriptive periods.

    B. Plaintiffs' claims of negligence, negligence per se, gross negligence, recklessness and willfulness, strict liability, and breach of express and implied warranties are precluded by the Louisiana Products Liability Act which is the exclusive remedy.

    C. Failure to state a claim for punitive damages. Punitive damages are not available in Louisiana based upon the facts alleged in the complaint.

    D. Plaintiffs fail to state a claim for which relief can be granted as to a redhibition cause of action. Rather than specifically stating a claim for redhibition, plaintiffs state a claim for breach of implied and express warranties which fail because there is no privity of contract between the plaintiffs and the manufacturer.

    E. Plaintiffs fail to state a claim for medical monitoring because none of the plaintiffs has alleged present manifest injury or disease resulting from actual exposure.

        F.      Plaintiffs fail to state a claim for injunctive relief because none of the theories pled allows for injunctive relief.

        G.      Plaintiffs fail to state a claim for attorneys' fees because attorneys' fees are not recoverable under the LPLA and because they have not alleged any other viable theory of recovery in which attorneys' fees can be awarded.

        H.      Plaintiffs fail to state a claim upon which relief can be granted because their complaint fails to identify and link a particular plaintiff with alleged exposure and injuries to a particular manufacturer's product.

4.    12(e) (Motion for More Definite Statement)

Due to the lack of particularized allegations about any individual plaintiff (no allegations connecting plaintiff to particular defendant, no allegations regarding plaintiff's particular injuries (if any), the dates on which plaintiffs occupied units, and no allegations connecting any particular plaintiff with any particular defendant's product) more definite statement of the complaint should be ordered.

5.    12(b)(2) (Lack of Personal Jurisdiction)

Coachmen Industries, Inc. is not actually a travel trailer manufacturer, and its non-manufacturing activities are not related to plaintiffs' claims; overall lack of minimum contacts sufficient to support personal jurisdiction.

6.    Defendant further preserves and incorporates, as if set forth fully herein, all defenses raised responsively by motion by the manufacturing defendants to the Master Complaint filed in the above captioned MDL proceeding.

II.    ***Keith Hillard, et al vs United States of America, et al***, Civil Action No. 06-2576, Sect. "S" Mag. 4, United States District Court, Eastern District of Louisiana.

1.    12(b)(2) (Lack of Personal Jurisdiction)

Coachmen Industries, Inc. is not actually a travel trailer manufacturer, and its non-manufacturing activities are not related to plaintiffs' claims; overall lack of minimum contacts sufficient to support personal jurisdiction.

2.    12(b)(5) (Insufficiency of Service of Process)

Defendant has not been served. Pursuant to the instructions of Judge Englehardt, this defense is asserted first in the list of defenses to be preserved.

3.    12(b)(6) Plaintiffs' claims are barred by the applicable prescriptive periods.

4. 12(e) (Motion for More Definite Statement)

Due to the lack of particularized allegations about any individual plaintiff (no allegations connecting plaintiff to particular defendant, no allegations regarding plaintiffs' particular injuries (if any), the dates on which plaintiffs occupied units, and no allegations connecting any particular plaintiff with any particular defendants' product) more definite statement of the complaint should be ordered.

5. 12(b)(2) (Lack of Personal Jurisdiction)

Coachmen Industries, Inc. is not actually a travel trailer manufacturer, and its non manufacturing activities are not related to plaintiffs' claims; overall lack of minimum contacts sufficient to support personal jurisdiction.

6. Defendant further preserves and incorporates, as if set forth fully herein, all defenses previously raised in Hillard by motion on behalf of manufacturer defendants.

7. Defendant further preserves and incorporates, as if set forth fully herein, all defenses raised responsively by motion by the manufacturing defendants to the Master Complaint filed in the above captioned MDL proceeding.

III. *DeCarlo McGuire, et al vs. Gulf Stream Coach, Inc., et al*, Civil Action No. 06-5659, Sect. "S" Mag. 4, United States District Court, Eastern District of Louisiana.

1. 12(e) (Motion for More Definite Statement)

Due to the lack of particularized allegations about any individual plaintiff (no allegations connecting plaintiff to particular defendant, no allegations regarding each plaintiff's particular injuries (if any), the dates on which plaintiffs occupied units, and no allegations connecting any particular plaintiff with any particular defendants' product) more definite statement of the complaint should be ordered.

2. 12(b)(2) (Lack of Personal Jurisdiction)

Coachmen Industries, Inc. is not actually a travel trailer manufacturer, and its non-manufacturing activities are not related to plaintiffs' claims; overall lack of minimum contacts sufficient to support personal jurisdiction.

3. Plaintiffs' claims are barred by the applicable prescriptive periods.

4. Defendant further preserves and incorporates, as if set forth fully herein, all defenses previously raised in McGuire by motion on behalf of manufacturer defendants.

5. Defendant further preserves and incorporates, as if set forth fully herein, all defenses raised responsively by motion by the manufacturing defendants to the Master Complaint filed in the above captioned MDL proceeding.

IV. *Charles Meshack vs. Circle B Enterprises, Inc., et al*, Civil Action No. 1:08-92 HSO-JMR, United States District Court, Southern District of Mississippi.

    1. 12(b)(2) (Lack of Personal Jurisdiction)

        Coachmen Industries, Inc. is not actually a travel trailer manufacturer, and its non-manufacturing activities are not related to plaintiffs' claims; overall lack of minimum contacts sufficient to support personal jurisdiction.

    2. 12(b)(6)(Failure to State a Claim)

        A. Failure to state a claim for which relief can be granted as the complaint fails to identify a particular plaintiff with alleged exposure to a particular defendant manufacturer's product.

        B. To the extent a claim for medical monitoring is sought, medical monitoring in Mississippi is not permitted without evidence of present manifestation of injury.

        C. Failure to state a claim for which relief can be granted as to plaintiffs' claim for breach of express warranty as plaintiffs do not rely on any representation by any defendant as a basis of the bargain.

        D. Failure to state a claim upon which relief can be granted for injunctive relief as none of the theories of recovery invoked by plaintiffs provide equitable relief as sought.

        E. Failure to state a claim upon which relief can be granted for punitive damages.

        F. Plaintiffs fail to state a claim for attorneys' fees because they have not alleged any viable theory of recovery for which attorney's fees can be awarded.

        G. Plaintiffs' actions are barred by the applicable statutes of limitation.

    2. Rule 9 (failure to plead with particularity) Plaintiffs have failed to plead fraud with particularity as required by F.R.C.P. 9.

    3. Defendant further preserves and incorporates, as if set forth fully herein, all defenses raised responsively by motion by the manufacturing defendants to the Master Complaint filed in the above captioned MDL proceeding.

V. ***Betty White, et al vs. Circle B. Enterprises, Inc., et al***, Civil Action No. 08141, United States District Court, Southern District of Alabama.

    1.    12(b)(5) (Insufficiency of Service of Process)

    Defendant has not been served. Pursuant to the instructions of Judge Englehardt, this defense is asserted first in the list of defenses to be preserved.

    2.    12(b)(1)(Lack of subject matter jurisdiction)

    Because suit was not filed as a class action, plaintiffs' individual claims are insufficient to satisfy amount in controversy for diversity jurisdiction; plaintiffs did not make factual or legal allegations to demonstrate the court has jurisdiction and because suit was not filed as a class action, plaintiffs' individual claims are insufficient to satisfy amount in controversy for diversity jurisdiction; plaintiffs did not make factual or legal allegations to demonstrate the court has jurisdiction and instead make conclusory statement that federal question and diversity jurisdiction exist.

    3.    12(b)(6)(Failure to State a Claim)

        A.    Plaintiffs' claims are barred by the applicable statutes of limitations.

        B.    Failure to state a claim for punitive damages. Punitive damages are not available to plaintiffs under Alabama law based upon the facts alleged in the complaint.

        C.    Plaintiffs' claims for breach of implied and express warranties for property damages and personal injury fail under Alabama law.

        D.    Plaintiffs fail to state a claim for medical monitoring because none of the plaintiffs has alleged present manifest injury or disease resulting from actual exposure.

        E.    Plaintiffs fail to state a claim for injunctive relief because none of the theories pled allows for injunctive relief.

        F.    Plaintiffs fail to state a claim for attorneys' fees because as they have not alleged any viable theory of recovery for which attorneys' fees can be awarded.

        G.    Plaintiffs fail to state a claim upon which relief can be granted because their complaint fails to identify and link a particular plaintiff with alleged exposure and injuries to a particular manufacturer's product.

4.     12(e) (Motion for More Definite Statement)

    Due to the lack of particularized allegations about any individual plaintiff (no allegations connecting plaintiff to particular defendant, no allegations regarding plaintiffs' particular injuries (if any), the dates on which plaintiffs occupied units, and no allegations connecting any particular plaintiff with any particular defendants' product) more definite statement of the complaint should be ordered.

5.     12(b)(2) (Lack of Personal Jurisdiction)

    Coachmen Industries, Inc. is not actually a travel trailer manufacturer, and its non-manufacturing activities are not related to plaintiffs' claims; overall lack of minimum contacts sufficient to support personal jurisdiction.

6.     Defendant further preserves and incorporates, as if set forth fully herein, all defenses raised responsively by motion by the manufacturing defendants to the Master Complaint filed in the above captioned MDL proceeding.

    By Attorneys,

**TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.**

By: /s/ John Stewart Tharp
    David M. Bienvenu #20700
    John Stewart Tharp #24230
    Chase Tower South, 8th Floor
    451 Florida Street, 70801
    Post Office Box 2471
    Baton Rouge, LA 70821
    Telephone: (225) 387-3221
    Facsimile: (225) 346-8049
**Attorneys for Defendant Coachmen Industries, Inc.**

- CERTIFICATE –

I certify that on this 19th day of May, 2008, a copy of the foregoing has been forwarded to all known counsel of record, by electronic filing and transmission via the Court's ECF system.

    /s/ John Stewart Tharp

455142.1