UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | MDL No. 1873 |
| DeCarlo McGuire, et al. v. Gulf Stream Coach, et al. E.D. Louisiana, C.A. No. 06-CV-5659-S-M4 | SECTION: N(4) |
| Betty White, et al. v. Circle B. Entreprises, et al., S.D. Alabama, C.A. No. 1:08-141 (E.D. Louisiana, C.A. No. 08-1969) | JUDGE ENGELHARDT |
| Charles Meshack v. Circle B. Entreprises, et al., S.D. Mississippi, C.A. No. 1:08-92 (E.D. Louisiana, C.A. No. 08-1970) | MAGISTRATE ROBY |

## MORGAN'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FRAUD CLAIMS PURSUANT TO FED.R.CIV.P. 12(b)(2) AND RULE 9(b)

Morgan Buildings & Spas, Inc. (Morgan Buildings) and Morgan Buildings Systems, Inc.[1] (Morgan Systems and collectively with Morgan Buildings, Morgan), pursuant to Fed. R. Civ. P. 12(b)(2) and 9(b), file this memorandum in support of their motion to dismiss with respect to any fraud claims that have been advanced by plaintiffs.

### Background

Plaintiffs filed "*DeCarlo McGuire, et al. v. Gulf Stream Coach, Inc., et al.*," a putative class action lawsuit in the Civil District Court for the Parish of Orleans against manufacturers of FEMA trailers, delivery contractors and others, alleging that plaintiffs who occupied FEMA trailers after Hurricanes Katrina and Rita were exposed to hazardous levels of formaldehyde. On August 31, 2006, the suit was removed to this Court as Civil Action No. 06-5659. While Morgan Buildings was named a defendant in *McGuire*, Morgan Systems was not.

---

[1] Morgan Buildings Systems, Inc., which merged into Morgan Buildings & Spas, Inc. on January 19, 1994, no longer exists.

On May 23, 2007, *McGuire* was consolidated with "*Keith Hillard, et al. v. United States of America, et al.*," Civil Action No. 06-2576, Eastern District of Louisiana. Plaintiffs later filed a voluntary motion dismissing several defendants without prejudice. *Hillard*, Docket No. 180. The court entered an order on July 3, 2007 dismissing, without prejudice, five defendants including Morgan Buildings. *McGuire*, Docket No. 152. (Morgan Systems was never made a defendant in either *Hillard* or *McGuire*).

*Hillard* and *McGuire* (among other cases) were consolidated with this multidistrict litigation on November 5, 2007. Docket No. 3. On March 14, 2008, plaintiffs filed "*Charles Meshack v. Circle B. Enterprises, Inc., et al.*," Civil Action No. 08-92, United States District Court, Southern District of Mississippi and "*Betty White, et al. v. Circle B. Enterprises, Inc., et al.*," Civil Action No. 08-141, United States District Court, Southern District of Alabama. Both *Meshack* and *White* are putative class actions against manufacturers of trailers, seeking damages for plaintiffs' alleged exposure to formaldehyde while residing in FEMA trailers after Hurricanes Katrina and Rita. Morgan Buildings and Morgan Systems were named as defendants in *Meshack* and *White*.

On March 18, 2008, plaintiffs filed an Administrative Master Complaint in this MDL naming Morgan Buildings and Morgan Systems as "manufacturer" defendants.[2] Docket No. 109. *Meshack* and *White* have been transferred to this Court for consolidated pretrial proceedings, pursuant to a conditional transfer order. *Meshack*, Docket No. 3, *White*, Docket No. 5, and MDL Docket No. 150.

## Law and Argument

**A. The Court Has No *In Personam* Jurisdiction over Morgan for Plaintiffs' Fraud Claims**

---

[2] Neither Morgan Buildings nor Morgan Systems manufactures trailers.

2

The purpose of a transfer to multidistrict litigation is to coordinate and consolidate pretrial proceedings. The ultimate goal of the district court to which the multidistrict litigation has been transferred is "to promote the just and efficient conduct of such actions." 28 U.S.C. §1407(a); see also *In Re: Clients and Former Clients of Baron & Budd, P.C.*, 482 F. 3d. 835, 836 (5th Cir. 2007). Thus, consolidation of cases under 28. U.S.C. §1407 is procedural, and does not "expand the jurisdiction of either the transferor or the transferee court." *In re Showa Denko, K.K. L.-Tryptophan Products Liability Litigation – II*, 953 F.2d 162, 165 (4th Cir. 1992). A transferee court's jurisdiction is limited to persons who are proper parties in the transferred cases. *Id., citing Hartland v. Alaska Airlines*, 544 F.2d 992, 1002 (9th Cir. 1976).

*McGuire* has been consolidated into this MDL. The *McGuire* record shows, however, that Morgan Buildings was voluntarily dismissed, without prejudice, on July 3, 2007. *McGuire*, Docket No. 152. Thus, at the time of the Court's November 5, 2007 consolidation order, Morgan Buildings was not a party to *McGuire* and is not now a party to any transferred action which advances fraud claims on behalf of Louisiana plaintiffs.[3] The same applies to Morgan Systems.

With respect to the Mississippi and Alabama plaintiffs, a review of the *Meshack* and *White* complaints shows that there is no claim for fraud or concealment as appears in the Administrative Master Complaint. Docket No. 109, ¶31. Because the Administrative Master Complaint's purpose is to consolidate existing claims from the transferor courts, the Mississippi and Alabama plaintiffs' fraud claims in the Administrative Master Complaint are not properly before this Court.

---

[3] Furthermore, the *McGuire* court previously granted Morgan's Motion for Partial Dismissal of Plaintiffs' Fraud Claims. *McGuire*, Docket Nos. 61 and 121. *See* further argument on the effect of the *McGuire* voluntary dismissal at pages 3-4 of Morgan's Motion to Dismiss Pursuant to Rules 12(b)(2), 12(b)(1) and 12(b)(6) With Respect to Louisiana Plaintiffs' Claims filed concurrently with this motion.

3

Pursuant to the Court's Pretrial Order No. 2 (Docket No. 87), plaintiffs filed their Administrative Master Complaint, which is not to be given "the same effect as a traditional complaint, but shall be considered as an administrative device to aid efficiency and economy … ." Docket No. 109, ¶5. As with multidistrict litigation generally, the Administrative Master Complaint cannot expand the jurisdiction of the transferee court. Because this MDL Court does not have *in personam* jurisdiction over either Morgan Buildings or Morgan Systems with respect to plaintiffs' fraud and concealment claims, the claims are not properly before the Court. Thus, plaintiffs' fraud and concealment claims in the Administrative Master Complaint should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(2).

**B.     Plaintiffs Fail Rule 9(b)'s Requirements**

In addition to the Court's having no *in personam* jurisdiction over plaintiffs' fraud claims against Morgan, the claims are also subject to dismissal under Fed. R. Civ. P. 9(b). Plaintiffs' fraud claims are as follows:

> Plaintiffs submit that Manufacturing Defendants ignored or deliberately and fraudulently concealed and/or condoned the concealment, and/or conspired with, advised, encouraged, or aided others and/or each other to conceal that the housing units, both those which were manufactured prior to the hurricanes and those later manufactured, and purchased by FEMA, contained dangerous levels of formaldehyde due to the Manufacturing Defendants' use of certain materials in their construction, and/or posed the threat of producing dangerous levels of formaldehyde due to the Federal Government's intended use of the housing units as temporary residences for at least 18 months, all in order to sell the Manufacturing Defendants' products, and/or avoid the litigation by persons injured by formaldehyde emissions.

Docket No. 109, ¶31.

Rule 9(b) provides that, in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. One of the primary purposes of Rule 9(b) is to protect a defendant's reputation from the harm that general, unsubstantiated fraud

4

accusations will cause, and preventing a claimant from searching for a valid particular claim after filing suit. *American Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 Fed. Appx. 662, 667 (5th Cir. 2004). "What constitutes particularity for purpose of Rule 9(b) 'necessarily differ[s] with the facts of each case and hence the [Fifth] Circuit has never articulated the requirements of Rule 9(b) in great detail.'" *Id.* quoting *Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992). The Fifth Circuit, however, has established that "Rule 9(b) requires the plaintiff to allege the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentations and what that person obtained thereby." *Id.* (citation omitted); *see also Williams v. WMTX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997), *citing Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994); *Melder v. Morris*, 27 F.3d 1097, 1100, n.5 (5th Cir. 1994); *Shusany v. Allwaste*, 992 F.2d 517, 520 (5th Cir. 0993).

More specifically, to properly articulate the elements of fraud "with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams, supra,* at 177 (citations omitted). *See also Melder v. Morris*, 27 F.3d 1097, 1100. n.5 (5th Cir. 1994) (citations omitted). "At a minimum, Rule 9(b) requires that a plaintiff set forth the who, what, where, when, and how of the alleged fraud." *United States ex rel Doe v. Dow Chem. Co.*, 343 F.3d 325, 328 (5th Cir. 2003). In addition, although scienter may be alleged generally, case law demonstrates that pleading scienter requires more than a simple allegation that a defendant had fraudulent intent. "To plead scienter adequately, a plaintiff must set forth *specific facts* that support an inference of fraud." *American Realty Trust Inc., supra,* at 667 (emphasis in original).

Plaintiffs' conclusory allegations herein of fraudulent concealment and conspiratorial behavior are woefully short of the Rule 9(b) particularity requirements. First, the allegations improperly lump all of the defendants together without specifying the allegedly fraudulent conduct of each particular defendant. Plaintiffs' *in globo* assertions against all defendants fail Rule 9(b) because "[w]here multiple defendants must respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud." *Eizenga v. Stewart Enterprises, Inc.*, 124 F.Supp. 2d 967, 981 (E.D. La. 2000) ; *Christinsen v. WMA Consumer Serv., Inc.*, 2003 WL 22174240, at *3 (E.D. La. 9/5/2005). The Administrative Master Complaint lacks specific allegations of fraud particularized to any of the defendants, and merely sets forth general allegations aimed jointly at all defendants. Because Rule 9(b) requires more, these pleading deficiencies are fatal to plaintiffs' fraud and concealment claims.

Second, and more fundamental than the first deficiency, plaintiffs' allegations fail Rule 9(b) because they do not provide the basic factual information defendants need to receive proper notice. The manufacturing defendants have been provided no information regarding the "who, what, where, when, and how of the alleged fraud." *Dow Chem. Co., supra,* at 328. Plaintiffs also have failed to "allege the particulars of time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby." *American Realty Trust, supra*, at 667.

Plaintiffs' Administrative Master Complaint contains nothing more than vague and overly broad allegations of fraudulent conspiracy that provide the defendants no relevant information upon which to respond. Rule 9(b) serves to protect a defendant's reputation from the harm that these types of general, unsubstantiated fraud accusations can cause. *Id.* Therefore, Morgan respectfully suggests that the Court enforce the letter and intent of Rule 9(b) and dismiss

any and all fraud, mistake, concealment, conspiracy, or other similar allegations contained in plaintiffs' Administrative Master Complaint.

## Conclusion

For the foregoing reasons, Morgan Buildings & Spas, Inc. and Morgan Buildings Systems, Inc. respectfully request that this Court grant their Motion to Dismiss Plaintiffs' Fraud Claims Pursuant to Fed. R. Civ. P. 12(b)(2) and 9(b).

Respectfully submitted:

**McGlinchey Stafford, PLLC**

s/ Christine Lipsey
Christine Lipsey (LA Bar Roll # 1182), T.A.
Dan E. West (LA Bar Roll #13372)
Kaye C. Templet (LA Bar Roll #27983)
One American Place, 14th Floor
Baton Rouge, LA 70825
Telephone: (225) 383-9000
Facsimile: (225) 343-3076
clipsey@mcglinchey.com
dwest@mcglinchey.com
ktemplet@mcglinchey.com

*Attorneys for Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc.*

## CERTIFICATE OF SERVICE

I certify that, on May 19, 2008, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the court's CM/ECF system. I also certify that there are no known non-CM/ECF participants.

s/Christine Lipsey
Christine Lipsey

297429.1

7