# Justin Woods

| | |
|---|---|
| From: | Mary C. DeVany [mdevany@earthlink.net] |
| Sent: | Thursday, May 15, 2008 4:33 PM |
| To: | Justin Woods |
| Subject: | Review of Representative Formaldehyde Communications by FEMA and Other Federal Agencies |

Dear Mr. Woods,

I have received several documents that you provided to me this past Tuesday. These represent communications with residents of temporary housing units initiated by FEMA or other Federal agencies about possible formaldehyde contamination. You requested that I review these materials and respond with my comments regarding my impressions, particularly in regard to the adequacy, relevancy, and effectiveness of these communications.

It is my understanding that these provided documents are representative of the communications with residents, and that I have not been given every single document. As a result, in addition to my comments below, I reserve the right to make additional remarks on other materials as they become available to me.

*****************

Rather than prepare an exhaustive dissection of each document's contents, I will summarize my general impressions and then give specific examples of each.

A. Misleading Document Titles

Many of these documents have titles that do not match the contents of the materials. For example, referring to Bates # CDC-000117, this is a slide entitled, "Figure 2. Graphic Representation of Formaldehyde Levels and Associated Health Effects". However, nowhere on this document are associated health effects given. The only reference to this is on the first line of the 100 row, which mentions a risk of irritation.

This is misleading because the conclusion that one would draw is that a transient risk of irritation is the only health effect. The overall impression is that formaldehyde exposure is not a matter of much concern.

In good faith the average citizen expects complete and accurate information on a document that is issued by the CDC. By not providing adequate information, FEMA and the CDC are misrepresenting the true hazards, and exposed individuals are unable to make informed choices regarding their personal health.

B. Incomplete and Ineffective Information


PLAINTIFF'S EXHIBIT 1

1

In some documents information is presented in such a general way as to actually give no information. For example, refer to Bates # CDC-000117, a slide entitled "What Is Formaldehyde?" There are three bullet points, and each is so general that it could apply to hundreds of materials. For example, carbon monoxide is also a colorless gas found in nature, in the human body, in air along busy streets and in almost all homes throughout America. We are exposed to it every day in small quantities that cause little harm – yet the toxicity of carbon monoxide is widely known.

The information presented would never allow the reader to draw the conclusion that relatively, formaldehyde is more than 100 times more toxic than Carbon Monoxide. The information is crafted in such a way that the logical conclusion is that "exposure to formaldehyde is no big deal."

C. Minimizing Health Effects

Refer to the document with Bastes #FEMA09-00038, "Important Formaldehyde Information for FEMA Housing Occupants". This document tells people that formaldehyde is common indoors and can be found in nearly all homes and buildings. What is not explained is that although this is true, the levels in traditional homes are very, very low compared to the levels found in these temporary housing units.

There is a section called "How might formaldehyde affect me and my family?" In this section exposures are compared to the common cold, the flu, and other pollutants. It goes on to say that some people are sensitive and some are not. Watery eyes, runny nose, fatigue, headache, and a burning sensation in the eyes, nose and throat are listed. No mention is made that these symptoms can persist for days, weeks, or months; that they recur whenever someone is re-exposed; and they only go away when people leave the area of overexposure (their homes).

This section also goes on to mention that people with eye, skin, respiratory or allergic conditions are more likely to feel the effects; however, no mention is made that exposure to formaldehyde can *cause* these effects.

D. Not Disclosing Detrimental Health Effects

Nowhere in any of these documents does FEMA state that skin rashes and dermatitis can be caused by airborne exposures to formaldehyde, although this is a side effect that is well-known in the health community.

Another specific example of not disclosing detrimental health effects: Refer once again to the document with Bastes #FEMA09-00038, "Important Formaldehyde Information for FEMA Housing Occupants". Under the section called "How might formaldehyde affect me and my family?" no mention is made that overexposure to formaldehyde, especially in children, can

2

cause changes to the immune system. This can result in increased susceptibility to a whole host of diseases, since the body is no longer able to respond effectively to prevent disease onset. In addition, passing mention that extended exposure can cause a small but increased risk of some forms of cancer is made, but without any other information, including the types of cancer, which include nasal cancer and throat cancer (pharyngeal cancer); and that a link has been found between formaldehyde and brain cancer.

E. Presenting Factual Inaccuracies in an Attempt to Subdue Concerns

In the "Guide to Notification of Air Quality Testing Results," Bates #CDC-000147, at the bottom of the page it states that, "Your level is approximately the same or slightly higher than most homes in America." Although this may be a true statement for individual units with concentrations at the 10 ppb level, this is definitely not true for housing units that test at the 50-100 ppb levels. To state this is an attempt to minimize perceived risk and in my opinion, to subdue the health concerns of the occupants.

In the same document on the page with Bates #CDC-000148, under the section called "High Range (>100 ppb)" it states that, "Individuals who are sensitive to the smell of formaldehyde may develop symptoms such as cough, runny nose, watery eyes, or difficulty breathing." This is simply not true. Being sensitive to the *smell* is irrelevant. It is the *concentration* of formaldehyde gas in the air, not whether or not one is able to *smell* it, that makes the difference. The average person cannot smell formaldehyde at the low concentrations that can cause adverse health effects.

Further down on this page, in the second to last paragraph, it states that "…[Formaldehyde] causes cancer in the nose. Formaldehyde has not been known to cause any other type of cancer." Once again, this is not true.

F. Ethical Issues

As a representative of the American Industrial Hygiene Association, the world's largest organization of environmental occupational and community health, I served a four-year term on the joint international industrial hygiene ethics committee, a ten-person board. I am well-versed in issues that can be considered or construed as ethical concerns.

Although FEMA is involved as a defendant in thousands of legal claims involving the formaldehyde contamination of these temporary housing units, nowhere in any of these documents are people being told this. If this fact were disclosed, occupants could be able to draw the conclusion that it is in FEMA's interest to downplay the health effects of formaldehyde. However, this is not disclosed; and since many of these materials are presented as joint documents prepared by the CDC and FEMA, the reader would naturally assume that this information from the government is prepared for the benefit of its citizens, and represents full and appropriate disclosure of the known potential health hazards. At best this omission is misleading. In addition, this failure to disclose the conflict of interest, as well as the attempt to

downplay the potential risks, can be viewed as possible breaches of the ethical duty of the scientists and medical personnel who contributed to these materials.

**In summary**, my overall impression of this information is as follows. Rather than completely disclose the health hazards associated with formaldehyde exposure so that trailer residents can be fully informed, FEMA has collaborated with the CDC to minimize the risk, to carefully craft the presentation of the data to misrepresent the true hazards, to not disclose serious short-term and long-term diseases that are caused by formaldehyde exposures, and to give factually inaccurate information.

Please do not hesitate to contact me if you need further explanation of any of this information or if I can be of any additional assistance.

Respectfully submitted,

*Mary C. DeVany*

Mary C. DeVany, MS, CSP, CHMM

-----

NOTICE: INFORMATION IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE RECIPIENT(S) NAMED ABOVE This message is sent by or on behalf of a lawyer at the law firm listed above, and is intended only for the use of the individual or entity to whom it is addressed. This message contains information and/or attachments that are privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or is not the employee or agent responsible for delivering this message to the intended recipient, please do not read, copy, use or disclose this communication to others. Please notify us immediately at 360-546-0999 if you receive this message in error, and immediately delete this message and all of its attachments. Thank you.