UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

### No. 07-30229



BRIAN A. AUDLER, on his own behalf
and on behalf of all others similarly situated,

*Plaintiff-Appellant,*

versus

CBC INNOVIS INC et al., on their own behalf
and on behalf of all others similarly situated,

*Defendants-Appellees.*

On appeal from the United States District Court
for the Eastern District of Louisiana
Civil Action No. 06-6525, Hon. Kurt D. Engelhardt, presiding.

### MOTION OF DEFENDANTS/APPELLANTS
### FIRST AMERICAN REAL ESTATE SOLUTIONS OF TEXAS, L.P.
### and WELLS FARGO INSURANCE, INC.
### TO DISMISS APPEAL AS TO THEM

| | |
|---|---|
| Terrence K. Knister (La. 7755) | Charles A. Newman |
| GORDON, ARATA, McCOLLAM, | Elizabeth C. Carver |
| DUPLANTIS & EAGAN, L.L.P. | BRYAN CAVE LLP |
| 201 St. Charles Avenue, 40th Floor | One Metropolitan Square |
| New Orleans, LA 70170-4000 | 211 N. Broadway, Suite 3600 |
| Phone: (504) 582-1111 | St. Louis, MO 63102-2750 |
| Fax: (504) 528-1121 | Phone: (314) 259-2000 |
| | Fax: (314) 259-2020 |

*Attorneys for Defendants/Appellants First American Real Estate Solutions of
Texas, L.P. and Wells Fargo Insurance, Inc.*



U.S. COURT OF APPEALS
FILED

JUN 1 8 2007

CHARLES R. FULBRUGE III
CLERK

EXHIBIT
// 1

## Certificate of Interested Persons

### No. 07-30229, *Brian A. Audler v. Flood Zone Determination*

The undersigned counsel certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

A.   **Parties:**

Plaintiff-Appellant:        BRIAN A. AUDLER, on his own behalf and on behalf of all others similarly situated

Defendants-Appellees:   FLOOD ZONE DETERMINATION SERVICES, et al., on their own behalf and on behalf of all others similarly situated

B.   **Attorneys:**

For Plaintiff-Appellant:   David A. Bowling
Susannah C. McKinney
Wilson & Bowling, A.P.L.C.
201 St. Charles Avenue, Suite 2411
New Orleans, Louisiana 70170

R. Glenn Cater
Cater & Associates, L.L.C.
124 South Clark Street
New Orelans, Louisiana 70119

i

Mark W. Davis
Martin D. Crump
Davis & Feder, P.A.
1015 Pass Road, Suite F (39501)
P.O. Box 6829
Gulfport, Mississippi 39506

For Defendants–Appellees:

(a) **Flood Zone Determination Services:** A corporation with its principal
place of business in Missouri.
**Counsel for Flood Zone Determination Services:**
No appearance known.

(b) **1ˢᵗ Flood of Norwalk, L.L.C.:** A corporation with its principal place of
business in Ohio.
**Counsel for 1ˢᵗ of Norwalk, L.L.C.:**
No appearance known.

(c) **AFC/Accuflood:** A corporation with its principal place of business in
Pennsylvania.
**Counsel for AFC/Accuflood:**
No appearance known.

(d) **Advantage Air, Land & Sea, Inc.:** A corporation incorporated in Illinois,
having its principal place of business in Illinois. This corporation is not a
subsidiary of any parent company, is not the parent of any subsidiary
company, and is not a publicly traded company.
**Counsel for Advantage Air, Land & Sea, Inc.:**
Paul H. Spaht
Cole B. Smith
Kantrow, Spaht, Weaver & Blitzer

(e) **America's Flood Services, Inc.:** A corporation incorporated in California,
having its principal place of business in California. This corporation is not a
publicly traded company.
**Counsel for America's Flood Services, Inc.:**
Anthony J. Rollo

ii

Larry Feldman, Jr.
F. Sherman Boughton, Jr.
McGlinchey Stafford PLLC

(f) **American Flood Research, Inc.:** A corporation with its principal place of business in Texas that has no parent corporation. No publicly held company owns 10% or more of the stock.
**Counsel for American Flood Research, Inc.:**
Jerome J. Reso, Jr.
Lance J. Arnold
Baldwin Haspel, LLC
Steven A. Levy
David R. Lidow
Matthew K. Organ
Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, LTD

(g) **CBCInnovis:** A corporation with its principal place of business in Colorado and with parent corporation of CBC Companies, Inc. No publicly held corporations hold 10% more of the stock.
**Counsel for CBCInnovis:**
Marshall M. Redmon
Virginia Y. Trainor
Holly G. Hansen
Christopher Michael Capitelli
Phelps Dunbar LLP

(h) **Credit Bureau of Louisiana:** Retail Merchants Association, Inc. d/b/a Credit Bureau of Louisiana is a Louisiana corporation with its principal place of business in Louisiana. It has no parent corporation, and no publicly held corporation owns 10% or more of the stock.
**Counsel for Credit Bureau of Louisiana:**
William J. Wegmann, Jr.
Orr Adams, Jr.
Law Firm of William J. Wegmann

(i) **FNIS Flood Services d/b/a LSI Flood Services:** A Delaware partnership that has as its general partner FNIS Flood Group, LLC, a Delaware limited liability company that is a subsidiary of Fidelity National Information

iii

Solutions, Inc., and has as its limited partner FNIS Flood of California, LLC, a Delaware limited liability company that is a subsidiary of Fidelity National Information Solutions, Inc. Fidelity National Information Solutions, Inc. is a subsidiary of Fidelity National Information Services, Inc., which is a publicly traded company (NYSE: FIS).

**Counsel for FNIS Flood Services:**
Charles F. Gay, Jr.
Jeffrey E. Richardson
Christopher J. Kane
Adams & Reese LLP

(j)     **Federal Flood Certification Corporation:** A Texas corporation having its principal place of business in Texas. This corporation is not a publicly traded company, is owned by First Horizon National Corporation; First Tennessee Bank National Association; FHMSH, Inc.; and FT Mortgage Holding Corporation. First Horizon National Corporation is a publicly traded company.

**Counsel for Federal Flood Certification Corporation:**
Anthony J. Rollo
Larry Feldman, Jr.
F. Sherman Boughton, Jr.
McGlinchey Stafford PLLC

(k)     **First American Real Estate Solutions of Texas, LP:** This corporation is an indirect subsidiary of the First American Corporation, a publicly held company traded on the NYSE. The general partner is First American Real Estate Solutions, LLC, a California limited liability company. The legal entities held by this corporation include originally named entities First American Flood Data Services; Transamerica Flood Hazard Certification, LLC; and CBA Information Solutions.

**Counsel for First American Real Estate Solutions of Texas, LP:**
Charles Newman
Elizabeth C. Carver
Bryan Cave LLP
Terrence K. Knister
Gordon, Arata, McCollam, Duplantis & Eagan, LLP

iv

(l)   **First Lenders Data, Inc.:**  A corporation with its principal place of business in Texas.
**Counsel for First Lenders Data, Inc.:**
No appearance known.

(m)   **Flood Insurance Services, Inc.:**  A corporation with its principal place of business in Texas.
**Counsel for Flood Insurance Services, Inc.:**
No appearance known.

(n)   **Flood Zone Correction, Inc.:**  A corporation with its principal place of business in Florida.
**Counsel for Flood Zone Correction, Inc.:**
No appearance known.

(o)   **Floodgard, Inc.:**  A Louisiana corporation with its principal place of business in Louisiana.  This corporation went by the previous names of Floodfax, Inc. and Power of Seven, Inc.
**Counsel for Floodgard, Inc.:**
Kevin L. Cole
B. Wesley Pitts
Kimberly A. Diamond
Galloway, Johnson, Tompkins, Burr & Smith

(p)   **Geotrac, Inc.:**  A subsidiary of Fidelity National Solutions, Inc.  Fidelity National Information Solutions, Inc. is a subsidiary of Fidelity National Information Services, Inc., which is a publicly traded company (NYSE: FIS).
**Counsel for Geotrac, Inc.:**
Charles F. Gay, Jr.
Jeffrey E. Richardson
Christopher J. Kane
Adams & Reese LLP

(q)   **Integrated Loan Services:**  A corporation with its principal place of business in Connecticut.
**Counsel for Integrated Loan Services:**
Nancy J. Marshall

Deutsch, Kerrigan & Stiles, L.L.P.

(r)    **Landsafe Flood Determination, Inc.:** A California corporation having its principal place of business in Texas, this corporation is not a publicly traded company. This corporation is a wholly owned subsidiary of Landsafe, Inc.; which is a wholly owned subsidiary of Countrywide Financial Corporation, a publicly traded corporation.
**Counsel for Landsafe Flood Determination, Inc.:**
Anthony J. Rollo
Larry Feldman, Jr.
F. Sherman Boughton, Jr.
McGlinchey Stafford PLLC

(s)    **My Flood Zone:** A corporation with its principal place of business in Pennsylvania.
**Counsel for My Flood Zone:**
No appearance known.

(t)    **National Flood Research, Inc. a/k/a NFR, Inc. a/k/a Grokking, Inc.:** A Colorado corporation with its principal place of business in Colorado.
**Counsel for National Flood Research, Inc. a/k/a NFR, Inc. a/k/a Grokking, Inc.:**
Susan Fahey Desmond
Watkins Ludlam Winter & Stennis, P.A.

(u)    **Old Republic Site Management Services, Inc.:** A corporation with its principal place of business in Texas.
**Counsel for Old Republic Site Management Services, Inc.:**
None known.

(v)    **Property Research Data, Ltd.:** A corporation with its principal place of business in Illinois that has no parent corporation. No publicly held corporation owns 10% or more of its stock.
**Counsel for Property Research Data, Ltd.:**
C. David Vasser, Jr.
Claude D. Vasser
Vasser & Vasser

(w) **Stewart Mortgage Information d/b/a Stewart Lender Services, Inc.:** A Texas corporation with its principal place of business in Texas. This corporation is a wholly owned subsidiary of Stewart REI Group, Inc.; which is a wholly owned subsidiary of Stewart Title Company; which is a wholly owned subsidiary of Stewart Information Services Corporation, a publicly traded corporation.
**Counsel for Stewart Mortgage Information:**
Anthony J. Rollo
Larry Feldman, Jr.
F. Sherman Boughton, Jr.
McGlinchey Stafford PLLC

(x) **Stormwater Research Group (SRG):** A corporation with its principal place of business in Texas with no parent corporation. No publicly owned company owns 10% or more of SRG's stock.
**Counsel for Stormwater Research Group**
Vincent J. Booth
Booth & Booth

(y) **Trans Union Settlement Solutions a/k/a Trans Union Flood Compliance Services:** A Delaware corporation that is a direct or indirect subsidiary of various other entities, all of which use the name "Trans Union" in some fashion. Neither the corporation nor any of its direct or indirect parents are publicly held.
**Counsel for Trans Union Settlement Solutions a/k/a Trans Union Flood Compliance Services:**
Glenn P. Orgeron
Lisa A. Easterling
Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, LLP
Stephen J. Newman
Stroock, Stroock & Lavan, LLP

(z) **Nationwide Total Flood Services, Inc.:** A California corporation having its principal place of business in California. The corporation is not a publicly traded company, and is a wholly owned subsidiary of CTG Real Estate Services, Inc., a wholly owned subsidiary of Capital Title Group, Inc., a wholly owned subsidiary of Land America Financial Group, Inc. The latter is a publicly traded company.

**Counsel for Nationwide Total Flood Services, Inc.:**
Anthony J. Rollo
Larry Feldman, Jr.
F. Sherman Boughton, Jr.
McGlinchey Stafford PLLC

(aa)  **Wells Fargo Insurance, Inc.:**  A corporation with 100% of its stock owned
directly and indirectly by a publicly-held corporation, Wells Fargo &
Company. Wells Fargo & Company has no parent corporation, and no
publicly-held corporation owns 10% or more of its stock.
**Counsel for Wells Fargo Insurance, Inc.:**
Charles Newman
Elizabeth C. Carver
Bryan Cave LLP
Terrence K. Knister
Gordon, Arata, McCollam, Duplantis & Eagan, LLP

(bb)  **Kroll Factual Data, Inc.:**  A privately held corporation with 100% of its
stock owned by a publicly-held corporation, Marsh & McLennan
Companies.
**Counsel for Kroll Factual Data, Inc.:**
Susan Fahey Desmond
Watkins Ludlam Winter & Stennis, P.A.
Edward T. Lyons, Jr.
Lucas T. Ritchie
Jones & Keller, PC

An Attorney of Record for Defendants/Appellants
First American Real Estate Solutions of Texas,
L.P. and Wells Fargo Insurance, Inc.

viii

**Motion of Defendants/Appellants
First American Real Estate Solutions of Texas, L.P. and
Wells Fargo Insurance, Inc.
to Dismiss Appeal as to Them**

Pursuant to Fed. R. App. P. 27, defendants/appellees First American

Real Estate Solutions of Texas, L.P. and Wells Fargo Insurance, Inc.

("Movants") move this Court to dismiss for lack of standing and jurisdiction

the appeal of plaintiff/appellant, Brian A. Audler ("Audler"), with respect to

any claims he avers against Movants.

Audler brings this appeal from the dismissal of his Petition, a putative

class action brought against 30 defendants, including Movants, and a

putative defendant class consisting of all entities that made flood

determinations in the State of Louisiana in connection with the putative

plaintiff class members' financing of real estate before Hurricanes Katrina

and Rita (*R. 766-67*, Petition ¶¶1-2). He avers that he and the other putative

plaintiff class members sustained flood damage to their property during

Hurricanes Katrina and/or Rita, but were without flood insurance because

the named defendants (and other members of the putative defendant class)

performed flood determinations on their property and incorrectly concluded

that their property was not within a Special Flood Hazard Area ("SFHA")

(*R. 766*, Petition ¶2). But because Audler does not (and cannot) aver that he

or his property had any connection with or sustained any injury due to the

1

conduct of Movants, Audler lacks standing to assert any claims against those defendants, and this Court lacks jurisdiction over the appeal concerning those claims. Movants therefore respectfully request, pursuant to Fed. R. App. P. 27, that this Court dismiss Audler's appeal with respect to the claims he avers against them. Pursuant to Fifth Circuit Rule 27.4, Movants contacted counsel for Audler and he opposes the dismissal of his claims against Movants.

## **Statement of Facts**

Audler filed his Petition, alleging negligence, negligent misrepresentation, failure to warn, breach of guaranty and/or warranty, and detrimental reliance, in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, on September 27, 2006 (*R. 766*).[1/] The case was timely removed to the United States District Court for the Eastern District of Louisiana on several grounds, including, but not limited to, jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d).

---

[1/]   After filing his Petition in state court, plaintiff filed his First Supplemental and Amended Complaint after removal, which corrected errors in the names of certain defendants. Because standing is determined at the time an action is brought, *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 460 & nn.20, 21 (5th Cir. 2005), all references to plaintiff's allegations are to the Petition. For the Court's convenience, a copy of the Petition is attached to this Motion as Exhibit A.

2

The Flood Disaster Protection Act, 42 U.S.C. §4012a(b)(1) (the "Act"), cited in the Petition, prohibits "regulated lenders" — banks and similar lending institutions — from making a loan secured by improved real estate located in an SFHA unless the property securing the loan is covered by flood insurance for the life of the loan. *See* 42 U.S.C. §§4104a, 4012a(b)(1); 42 U.S.C. §§4001-4129 (2006). Under the Act, a regulated lender may delegate to a third party the task of determining whether the property to be mortgaged falls within an SFHA. 42 U.S.C. §4104b(d). Plaintiff alleges that the 30 defendants were all engaged in the business of making flood determinations and issuing flood certificates prior to Hurricanes Katrina and Rita in August and September, 2005 (*R. 767*, Petition ¶¶3-4).

With respect to his individual claim that he himself was issued an "incorrect flood determination," Audler alleges that he obtained a mortgage on his home in Chalmette, Louisiana, and that a Standard Flood Hazard Determination was executed by defendant CBCInnovis, Inc. (*R. 780-81*, Petition ¶¶24-26).[2] Audler further alleged that: the flood determination erroneously determined that his property was not in an SFHA; his property

---

[2]     Plaintiff's Petition alleges that the flood determination on his property was performed by "Flood Zone Determination Services" (*R. 780-81*, Petition ¶¶24-26), which is a registered trade-name of The Credit Bureau, Inc., now known as CBCInnovis, Inc.

3

was damaged by floodwaters from Hurricane Katrina on August 29, 2005; and his property was not covered by a flood policy because of the incorrect flood zone determination by CBCInnovis, Inc. (*R. 780-81*, Petition ¶¶24-26).

Audler does not allege that he or his property had any connection to or suffered any injury in fact from the actions or omissions of any defendant named in his Petition other than CBCInnovis. Rather, he alleges that the other named defendants (and other members of the putative defendant class) performed erroneous flood determinations on property belonging to members of the proposed plaintiff class, and that as a result those putative plaintiff class members did not have flood insurance in place at the time their property was damaged as a result of Hurricanes Katrina and/or Rita (*R. 781-82*, Petition ¶¶27-29).

### Proceedings in the District Court

On November 20, 2006, defendant, CBCInnovis, filed a motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Audler's Petition in its entirety for failure to state a claim, arguing, *inter alia*, that it owed no duty to Audler or any of the purported plaintiff class members (*R. 335*).

On that same date, all the other named defendants filed their separate Motion to Dismiss All Claims Against Defendants Unrelated to Plaintiff Brian Audler (*R. 361*). In that motion, the "unrelated defendants" —

4

including Movants — argued that all of plaintiff's claims against them should be dismissed because, *inter alia*, he lacked standing to sue them either in an individual or a representative capacity. The unrelated defendants also incorporated by reference the arguments for dismissal raised by CBCInnovis in its motion to dismiss.

The district court held a hearing on January 24, 2007, on both motions (*R. 829*). The court first heard argument on CBCInnovis' motion (*R. 834*). After counsel for Audler and CBCInnovis argued that motion, the following exchange took place between the court and all counsel present:

> THE COURT: ... Well does anybody else have anything they want to add on this particular motion? Because this motion being a substantive motion is sort of the linchpin before we get to the other motions.   Does anybody dispute that statement?
>
> MR. BOWLING [plaintiff's counsel]:   I don't think I dispute that statement Your Honor.
>
> MR. RICHARDSON [counsel for defendants FNIS Flood Services, L.P. and Geotrac, Inc.]: We agree, Your Honor. We joined in this motion. If you grant this motion, we're done here.
>
> MR. CATER [counsel for plaintiff]: On the plaintiff's side we agree, Your Honor.

(*R. 851*).

Following that exchange, the court briefly discussed CBCInnovis' argument that plaintiff had failed to state a claim, and concluded, "I'm going

5

to go ahead and grant the motion to dismiss, which would moot out the other motions at this point in time. I think the best legal result, in my opinion, is to go ahead and grant the motion to dismiss by CBCInnovis, Inc., as well as those who joined in that motion" (*R. 852-53*). The court did not otherwise mention or hear argument on the unrelated defendants' motion to dismiss for lack of jurisdiction.

The court entered its judgment that states in relevant part, "[f]or the reasons orally stated in open court on January 24, 2007; accordingly, IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of all Defendants, and against plaintiff, Brian A. Audler, dismissing plaintiff's Petition with prejudice and costs" (*R. 822*). The court did not expressly rule on the separate motion to dismiss filed by the defendants unrelated to Audler. Audler timely filed his notice of appeal on February 21, 2007 (*R. 825*).

## ARGUMENT

### Burden of Proof

Even at the appellate level, plaintiff-appellant bears the burden of establishing that the Article III standing criterion is met. *E.g., Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 103-04 (1998); *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990), *holding modified on other*

6

*grounds, City of Littleton v. Z.J. Gifts D-4, L.L.C.,* 541 U.S. 774 (2004);

*Rohm & Hass Texas, Inc. v. Ortiz Bros. Insulation, Inc.,* 32 F.3d 205, 208 &

n.12 (5th Cir. 1994) ("the putative appellant shoulders the burden of alleging

facts sufficient to demonstrate that it is a proper party to appeal").

## THIS COURT SHOULD DISMISS AUDLER'S APPEAL AGAINST MOVANTS FOR LACK OF JURISDICTION BECAUSE HE LACKS STANDING.

As this Court is well aware, the jurisdiction of federal courts is

limited. Whether a plaintiff has standing to invoke the power of the federal

courts involves both "constitutional limitations on federal-court jurisdiction

and prudential limitations on its exercise." *Warth v. Seldin,* 422 U.S. 490,

498 (1975); *Valley Forge Christian Coll. v. Americans United for*

*Separation of Church & State, Inc.,* 454 U.S. 464, 471 (1982). The standing

inquiry "is the threshold question in every federal case, determining the

power of the court to entertain the suit." *Warth,* 422 U.S. at 498; *see also*

*Steel Co.,* 523 U.S. at 94 ("'On every writ of error or appeal, the first and

fundamental question is that of jurisdiction'") (citation omitted).

Article III of the Constitution requires, "at an irreducible minimum,"

that the plaintiff establish three elements: "'that he personally has suffered

some actual or threatened injury as a result of the putatively illegal conduct

of the defendant,' and that the injury 'fairly can be traced to the challenged

7

action' and 'is likely to be redressed by a favorable decision.'" *Valley Forge Christian Coll.*, 454 U.S. at 472 (citations omitted). To establish the first criterion, "'the plaintiff must have suffered an "injury in fact" — an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.'" *Paterson v. Texas*, 308 F.3d 448, 451 (5th Cir. 2002) (quoting *United States v. Hays*, 515 U.S. 737, 743 (1995)). The power conferred by Article III "exists only to redress or otherwise to protect against injury to the complaining party, even though the court's judgment may benefit others collaterally." *Warth*, 422 U.S. at 499; *see also Rohm & Hass Texas, Inc.*, 32 F.3d at 208 & nn. 8 & 9.

The prudential dimension of standing likewise limits "the class of persons who may invoke the decisional and remedial powers" of the federal courts to those who allege injury from the conduct of the defendant. *Warth*, 422 U.S. at 499. The prudential limitations require that a "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Id.; see also Valley Forge Christian Coll.*, 454 U.S. at 474.

Even if Movants had not moved to dismiss Audler's Petition in the district court based on his lack of standing to assert claims against them, this Court has an "independent obligation to examine [its] own jurisdiction, and

8

standing 'is perhaps the most important of [the jurisdictional] doctrines.'" *FW/PBS, Inc*, 493 U.S. at 231 (citation omitted, second alteration original). As the Supreme Court has made plain, "Those who do not possess Art. III standing may not litigate as suitors in the courts of the United States." *Valley Forge Christian Coll.*, 454 U.S. at 475-76. When a federal court lacks jurisdiction, "'the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Steel Co.*, 523 U.S. at 94 (citation omitted).

Here, it is clear from Audler's Petition that he lacks standing to assert his claims against any defendant other than CBCInnovis. He does not allege that any other defendant had anything to do with the flood zone determination on his property, or that any other defendant had any other connection at all with him or his property, much less that he sustained any injury as a result of the conduct of Movants. Because plaintiff does not (and cannot) allege that he personally suffered injury from any act of the Movants, he lacks standing to assert claims against them. *See, e.g., Valley Forge Christian Coll.*, 454 U.S. at 472; *Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 320 (5th Cir. 2002) (dismissing putative class action for lack of standing; "[i]t is not enough that Wyeth may have violated a legal duty owed

9

to some other patients; the plaintiffs must show that Wyeth violated a legal
duty owed to them").

Although Audler asserts that the named defendants and members of
the putative defendant class made erroneous flood zone determinations for
property belonging to the members of the putative plaintiff class, he cannot
invoke federal jurisdiction to redress the alleged injuries of third parties.
*See, e.g., Warth*, 422 U.S. at 499. That his Petition purports to bring a class
action to assert the rights and redress the alleged injuries of unidentified
third parties does not eliminate or otherwise alter Article III's standing
requirement. Indeed, in *Brown v. Sibley*, 650 F.2d 760, 771 (5th Cir. 1981),
this Court recognized that class allegations may not be used to circumvent
Article III's limitations on the power of federal courts:

> Inclusion of class action allegations in a complaint
> does not relieve a plaintiff of himself meeting the
> requirements for constitutional standing, even if
> the persons described in the class definition would
> have standing themselves to sue. If the plaintiff
> has no standing individually, no case or
> controversy arises.

*See also Thompson v. Bd. of Educ. of Romeo Cmty. Schs.*, 709 F.2d 1200,
1204 (6th Cir. 1983) ("Standing is a prerequisite to bringing suit, and
nothing in Fed.R.Civ.P. 23 alters this requirement").

10

## Dismissal of this Appeal is Warranted.

This Court has granted motions to dismiss appeals based on the plaintiffs' lack of standing. *See, e.g., In re Coho Energy Inc.*, 395 F.3d 198 (5th Cir. 2004) (bankruptcy dispute regarding amount of attorney's fees each of two law firms representing debtor was owed; previous law firm appealed settlement between debtor and subsequent attorney, and Court dismissed appeal on motion by subsequent attorney who challenged appeal for lack of standing); *Dugas v. Trans Union Corp.*, 99 F.3d 724 (5th Cir. 1996) (on the defendant's motion, dismissing the plaintiff's appeal of denial of class certification after he settled his individual claims against the defendant); *Rohm & Hass Texas, Inc.*, 32 F.3d at 212 (granting motion to dismiss appeal; party that alleged no stake in funds deposited in court in interpleader action lacked standing to seek review of district court's determination of priority).

Here, Audler chose to name Movants among the 30 defendants but does not allege he had any dealings with them, nor does he allege that he suffered any injury resulting from their conduct. Thus, because Audler lacks standing to pursue this appeal with respect to his claims against Movants, "there is an end of the matter" and the Court should dismiss the appeal as to those defendants without considering the merits. *See Rohm & Hass Texas,*

11

*Inc.*, 32 F.3d at 212 n.26 (quoting *International Longshoremen's & Warehousemen's Union, Local 37 v. Boyd*, 347 U.S. 222, 223 (1954)).

## CONCLUSION

FOR RELIEF and for the reasons stated, Movants, defendants/appellants First American Real Estate Solutions of Texas, L.P. and Wells Fargo Insurance, Inc. respectfully request that this Court grant this Motion and enter its Order dismissing Audler's appeal with respect to all claims against them for lack of jurisdiction, and grant them all other relief as this Court deems necessary and proper.

12

June 11, 2007

Respectfully submitted,

Charles A. Newman
Elizabeth C. Carver
BRYAN CAVE LLP
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, MO 63102-2750
Phone: (314) 259-2000
Fax: (314) 259-2020
*-and-*
Terrence K. Knister, La. #7755
GORDON, ARATA, McCOLLAM,
DUPLANTIS & EAGAN, L.L.P.
201 St. Charles Ave., 40th Floor
New Orleans, LA 70170
Phone: (504) 582-1111
Fax: (504) 528-1121

*Attorneys for First American Real
Estate Solutions of Texas, L.P. and
Wells Fargo Insurance, Inc.*

13

## Certificate of Service

I certify that, on this __11ᵗʰ__ day of June 2007, a copy of this motion (with the accompanying exhibit) was sent by Federal Express to the following persons:

David A. Bowling, Esq.  
Wilson & Bowling, A.P.L.C.  
Place St. Charles  
201 St. Charles Avenue  
Suite 2411  
New Orleans, LA 70170-2411  

R. Glenn Cater, Esq.  
Cater & Associates, L.L. C.  
124 South Clark Street  
New Orleans, LA 70119  

*COUNSEL FOR PLAINTIFFS*

I also certify that, on this same day, a copy of this motion was sent by regular First-Class Mail, and a .pdf copy of this motion (with accompanying exhibit) were emailed (when email address was available) to the following persons at the following addresses and email addresses:

Paul H. Spaht  
Email: PAUL@kswb.com  
KANTROW SPAHT WEAVER AND BLITZER  
445 North Boulevard, Suite 300  
Baton Rouge, LA 70802  
*COUNSEL FOR ADVANTAGE AIR, LAND & SEA, INC.*

Steven A. Levy  
Email: steven.levy@goldbergkohn.com  
Matthew K. Organ  
Email: matthew.organ@goldbergkohn.com  
David Lidow  
Email: david.lidow@goldbergkohn.com  
GOLDBERG KOHN  
55 East Monroe Street, Suite 3300  
Chicago, IL 60603  
   *and*

14

Lance J. Arnold
Email: arnold@baldwinhaspel.com
Jerome J. Reso, Jr.
Email: reso@baldwinhaspel.com
BALDWIN & HASPEL
1100 Poydras Street
Suite 2200 Energy Centre
New Orleans, LA 70163
*COUNSEL FOR AMERICAN FLOOD RESEARCH*

Larry Feldman, Jr.
Email: lfeldman@mcglinchey.com
F. Sherman Boughton, Jr.
Email: sboughton@mcglinchey.com
643 Magazine Street
New Orleans, LA 70130
   a*nd*
Anthony Joseph Rollo, Jr.
Email: arollo@mcglinchey.com
McGLINCHEY STAFFORD PLLC
301 Main Street
1 American Place
Baton Route, LA 70825
*COUNSEL FOR AMERICA'S FLOOD SERVICES, INC., LANDSAFE
FLOOD DETERMINATION, INC., FEDERAL FLOOD
CERTIFICATION CORPORATION, NATIONWIDE TOTAL FLOOD
SERVICES, INC. f/k/a DPSI FLOOD, STEWART MORTGAGE
INFORMATION*

Harry Alston Johnson, III
Virginia Trainor
Email: trainorg@phelps.com
Marshall M. Redmon
Email: redmonm@phelps.com
PHELPS DUNBAR LLP
City Plaza
445 North Boulevard, Suite 701
Baton Rouge, LA 70802
   a*nd*
Christopher Michael Capitelli

Email:  chris.capitelli@phelps.com
PHELPS DUNBAR LLP
Suite 2000
365 Canal Street
1 Canal Place
New Orleans, LA  70130-6534
*COUNSEL FOR CBC INNOVIS, INC. improperly named as FLOOD ZONE DETERMINATION SERVICES*

Broderick L. Young
Email:  BYoung@adhknox.com
ARNETT, DRAPER & HAGOOD
Suite 2300, First Tennessee Plaza
Knoxville, TN  37929-2300
*COUNSEL FOR CENTERPOINT FLOOD SERVICES, INC.*

Kevin L. Cole
Email:  KCole@gjtbs.com
B. Wesley Pitts
Email:  wpitts@gjtbs.com
GALLOWAY, JOHNSON, TOMPKINS, BURR AND SMITH
Three Sanctuary Boulevard, Suite 301
Mandeville, LA  70471
*COUNSEL FOR FLOODGARD, INC.*

Charles F. Gay, Jr.
Email:  charles.gay@arlaw.com
ADAMS AND REESE LLP
Fifth Third Center
424 Church Street, Suite 2800
Nashville, TN  37219
    *and*
Charles F. Gay, Jr.
Email:  charles.gay@arlaw.com
ADAMS AND REESE LLP
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, LA  70139
    *and*
Jeffrey E. Richardson
Email:  jeffrey.richardson@arlaw.com

16

Christopher J. Kane
Email: christopher.kane@arlaw.com
ADAMS AND REESE LLP
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, LA 70139
*COUNSEL FOR FNIS FLOOD SERVICES, L.P., GEOTRAC, INC.*

Nancy J. Marshall
Email: nmarshall@dkslaw.com
DEUTSCH, KERRIGAN & STILES LLP
755 Magazine Street
New Orleans, LA 70130
*COUNSEL FOR INTEGRATED LOAN SERVICES*

Susan F. Desmond
Email: sdesmond@watkinsludlam.com
WATKINS LUDLAM WINTER & STENNIS, PA
650 Poydras Street, Suite 1020
New Orleans, LA 70130
  *and*
Susan F. Desmond
Email: sdesmond@watkinsludlam.com
WATKINS LUDLAM WINTER & STENNIS, PA
2510 14th Street
Suite 1125
Gulfport, MS 39501
  *and*
Edward T. Lyons, Jr.; elyons@joneskeller.com
Lucas T. Ritchie; lritchie@joneskeller.com
JONES & KELLER, P.C.
1625 Broadway, Suite 1600
Denver, CO 80202
*COUNSEL FOR KROLL FACTUAL DATA (Incorrectly sued as*
*NATIONAL FLOOD RESEARCH)*

17

Claude D. Vasser, Jr.
Email: dave@vasserlaw.com
VASSER & VASSER
516 Myrtle Hill Drive
Baton Rouge, LA 70810
*COUNSEL FOR PROPERTY RESEARCH DATA, LTD.*

William J. Wegmann, Jr.
Email: wjwegmann@aol.com
WILLIAM J. WEGMANN, L. L. C.
110 Veterans Boulevard, Suite 440
Metairie, LA 70005
*COUNSEL FOR RETAIL MERCHANTS ASSOCIATION, INC.*
*Erroneously named CREDIT BUREAU OF LOUISIANA*

Clark Richards
Email: crichards@hbrfirm.com
David Rodriguez
Email: drodriguez@hbrfirm.com
HILGERS BELL & RICHARDS LLP
816 Congress Avenue, Suite 1200
Austin, TX 78701
   *and*
Vincent J. Booth
Email: vbooth@boothandbooth.com
BOOTH & BOOTH, PLC
138 North Cortez Street
New Orleans, LA 70119
*COUNSEL FOR STORMWATER RESEARCH GROUP (SRG)*

Stephen J. Newman
Email: snewman@stroock.com
Julia B. Strickland
Email: jstrickland@stroock.com
Deborah E. Barack
Email: dbarack@stroock.com
STROOCK, STROOCK & LAVAN
2029 Century Park East
Los Angeles, CA 90067
   *and*
Glenn P. Orgeron
Email: glenn.orgeron@keanmiller.com
Lisa A. Easterling
Email: lisa.easterling@keanmiller.com
KEAN MILLER HAWTHORNE D'ARMOND MCCOWAN &
JARMAN, L.L.P.
909 Poydras Street, Suite 1450
New Orleans, LA 70112
*COUNSEL FOR TRANS UNION SETTLEMENT SOLUTIONS, INC.*
*a/k/a TRANS UNION FLOOD COMPLIANCE SERVICES*

      Respectfully submitted,

      An attorney for Defendants/Appellees
      First American Real Estate Solutions
      of Texas, L.P. and Wells Fargo
      Insurance, Inc.

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD
STATE OF LOUISIANA

NO.: *107.285*                                              DIVISION:

BRIAN A. AUDLER,
on his own behalf and on behalf of
all others similarly situated

VS.

FLOOD ZONE DETERMINATION SERVICES
ET. AL. on their own behalf and on behalf
of all others similarly situated

FILED: _____AUG 2 5 2006_____       _Lyna R. Torres_
                                         DEPUTY CLERK

## CLASS ACTION PETITION FOR DAMAGES

Brian A. Audler, on his own behalf and on behalf of all others similarly situated,
through undersigned counsel, respectfully submits the following Class Action Petition for
Damages as follows:

### PARTIES

1.

Plaintiff, Brian A. Audler, a person of the full age of majority and a resident of the
State of Louisiana and St. Bernard Parish, brings this action on behalf of himself and all
others similarly situated.

2.

Plaintiff institutes this class action against defendants on his own behalf and as a
representative of a class consisting of all homeowners and business owners who: 1) sustained
flood damage from Hurricanes Katrina and Rita in the State of Louisiana; 2) had no flood
insurance at the time of their flood losses; and 3) had a flood determination performed on
their home or business prior to Hurricanes Katrina and Rita, which incorrectly determined

Exhibit A

their property to be outside of a Special Flood Hazard Area ("SFHA") when, in fact, the property was located in a SFHA.

3.

Defendants are a putative class, pursuant to La. C.C.P. art. 591, consisting of all corporations, partnerships or other entities that made flood determinations in the State of Louisiana ("determination companies") in connection with plaintiffs' financing of real property prior to the landfall of Hurricane Katrina on August 29, 2005 and Hurricane Rita on September 21, 2005.

4.

Made defendants in their individual capacity and as representatives of a putative defendant class are:

a.   Flood Zone Determination Services, a corporation with its principal place of business in Missouri. At all relevant times, Flood Zone Determination Services was engaged in the business of making flood determinations and issuing flood certificates to mortgage companies, banks, lenders, homeowners and business owners within the State of Louisiana.

b.   1st Flood of Norwalk, LLC, a corporation with its principal place of business in Ohio. At all relevant times, 1st Flood of Norwalk, LLC was engaged in the business of making flood determinations and issuing flood certificates to mortgage companies, banks, lenders, homeowners and business owners within the State of Louisiana.

c.   AFC/Accuflood, a corporation with its principal place of business in Pennsylvania. At all relevant times, AFC/Accuflood was engaged in the business of making flood determinations and issuing flood certificates to

USCA5 767

mortgage companies, banks, lenders, homeowners and business owners within the State of Louisiana.

d.    Advantage Air, Land & Sea, Inc., a corporation with its principal place of business in Illinois. At all relevant times, Advantage Air, Land & Sea, Inc. was engaged in the business of making flood determinations and issuing flood certificates to mortgage companies, banks, lenders, homeowners and business owners within the State of Louisiana.

e.    America's Flood Services, Inc., a corporation with its principal place of business in California. At all relevant times, America's Flood Services, Inc. was engaged in the business of making flood determinations and issuing flood certificates to mortgage companies, banks, lenders, homeowners and business owners within the State of Louisiana.

f.    American Flood Research, Inc., a corporation with its principal place of business in Texas. At all relevant times, American Flood Research, Inc., was engaged in the business of making flood determinations and issuing flood certificates to mortgage companies, banks, lenders, homeowners and business owners within the State of Louisiana.

g.    CBA Information Solutions, a corporation with its principal place of business in New Jersey. At all relevant times, CBA Information Solutions was engaged in the business of making flood determinations and issuing flood certificates to mortgage companies, banks, lenders, homeowners and business owners within the State of Louisiana.

h.    CBC Innovis, a corporation with its principal place of business in Colorado. At all relevant times, CBC Innovis was engaged in the business of making flood determinations and issuing flood certificates to mortgage companies,

USCA5 768

banks, lenders, homeowners and business owners within the State of Louisiana.

i.   Centerpoint Flood Services, Inc., a corporation with its principal place of business in Tennessee. At all relevant times, Centerpoint Flood Services, Inc. was engaged in the business of making flood determinations and issuing flood certificates to mortgage companies, banks, lenders, homeowners and business owners within the State of Louisiana.

j.   Credit Bureau of Louisiana is a corporation with its principal place of business in Louisiana. At all relevant times, Credit Bureau of Louisiana was engaged in the business of making flood determinations and issuing flood certificates to mortgage companies, banks, lenders, homeowners and business owners within the State of Louisiana.

k.   Federal Flood Certification Corporation, a corporation with its principal place of business in Texas. At all relevant times, Federal Flood Certification Corporation was engaged in the business of making flood determinations and issuing flood certificates to mortgage companies, banks, lenders, homeowners and business owners within the State of Louisiana.

l.   First American Flood Data Services, a corporation with its principal place of business in Texas. At all relevant times, First American Flood Data Services was engaged in the business of making flood determinations and issuing flood certificates to mortgage companies, banks, lenders, homeowners and business owners within the State of Louisiana.

m.   Transamerica Flood Hazard Certification, Inc., a corporation with its principal place of business in California. At all relevant times, Transamerica Flood Hazard Certification, Inc. was engaged in the business of making flood

USCA5 769

determinations and issuing flood certificates to mortgage companies, banks, lenders, homeowners, and business owners within the State of Louisiana.

u.  First Lenders Data, Inc., a corporation with its principal place of business in Texas.  At all relevant times, First Lenders Data, Inc. was engaged in the business of making flood determinations and issuing flood certificates to mortgage companies, banks, lenders, homeowners and business owners within the State of Louisiana.

o.  Flood Insurance Services, Inc., a corporation with its principal place of business in Texas.  At all relevant times, Flood Insurance Services was engaged in the business of making flood determinations and issuing flood certificates to mortgage companies, banks, lenders, homeowners and business owners within the State of Louisiana.

p.  Flood Zone Correction, Inc., a corporation with its principal place of business in Florida.  At all relevant times, Flood Zone Correction, Inc. was engaged in the business of making flood determinations and issuing flood certificates to mortgage companies, banks, lenders, homeowners, and business owners within the State of Louisiana

q.  Floodgard, Inc., a corporation with its principal place of business in Louisiana.  At all relevant times, Floodgard, Inc. was engaged in the business of making flood determinations and issuing flood certificates to mortgage companies, banks, lenders, homeowners and business owners within the State of Louisiana.

r.  FNIS Flood Services d/b/a LSI Flood Services, a corporation with its principal place of business in Texas.  At all relevant times, FNIS Flood Services d/b/a LSI Flood Services was engaged in the business of making flood

USCA5 770

determinations and issuing flood certificates to mortgage companies, banks, lenders, homeowners and business owners within the State of Louisiana.

s.      Geotrac, Inc., a corporation with its principal place of business in New Jersey. At all relevant times, Geotrac, Inc. was engaged in the business of making flood determinations and issuing flood certificates to mortgage companies, banks, lenders, homeowners and business owners within the State of Louisiana.

t.      Integrated Loan Services, a corporation with its principal place of business in Connecticut. At all relevant times, Integrated Loan Services was engaged in the business of making flood determinations and issuing flood certificates to mortgage companies, banks, lenders, homeowners and business owners within the State of Louisiana.

u.      Landsafe Flood Determination, Inc., a corporation with its principal place of business in Texas. At all relevant times, Landsafe Flood Determination, Inc. was engaged in the business of making flood determinations and issuing flood certificates to mortgage companies, banks, lenders, homeowners and business owners within the State of Louisiana.

v.      My Flood Zone, a corporation with its principal place of business in Washington. At all relevant times, My Flood Zone was engaged in the business of making flood determinations and issuing flood certificates to mortgage companies, banks, lenders, homeowners and business owners within the State of Louisiana.

w.      National Flood Research (NFR) a/k/a Factual Flood Data, a corporation with its principal place of business in Colorado. At all relevant times, National Flood Research (NFR) a/k/a Factual Flood Data was engaged in the business

USCA5 771

of making flood determinations and issuing flood certificates to mortgage companies, banks, lenders, homeowners and business owners within the State of Louisiana.

x.    Old Republic Site Management Services, Inc., a corporation with its principal place of business in Texas. At all relevant times, Old Republic Site Management Services, Inc. was engaged in the business of making flood determinations and issuing flood certificates to mortgage companies, banks, lenders, homeowners and business owners within the State of Louisiana.

y.    Property Research Data, Ltd., a corporation with its principal place of business in Illinois. At all relevant times, Property Research Data, Ltd. was engaged in the business of making flood determinations and issuing flood certificates to mortgage companies, banks, lenders, homeowners and business owners within the State of Louisiana.

z.    Stewart Mortgage Information, a corporation with its principal place of business in Texas. At all relevant times, Stewart Mortgage Information was engaged in the business of making flood determinations and issuing flood certificates to mortgage companies, banks, lenders, homeowners and business owners within the State of Louisiana.

aa.    Stormwater Research Group (SRG), a corporation with its principal place of business in Texas. At all relevant times, Stormwater Research Group (SRG) was engaged in the business of making flood determinations and issuing flood certificates to mortgage companies, banks, lenders, homeowners and business owners within the State of Louisiana.

bb.    Trans Union Settlement Solutions, Inc. a/k/a Trans Union Flood Compliance Services, a corporation with its principal place of business in New York. At

USCA5 772

all relevant times, Trans Union Settlement Solutions, Inc., a/k/a Trans Union
Flood Compliance Services, was engaged in the business of making flood
determinations and issuing flood certificates to mortgage companies, banks,
lenders, homeowners and business owners within the State of Louisiana.

cc.   Nationwide Total Flood Services, Inc. formerly known as DPSI Flood, a
corporation with its principal place of business in California. At all relevant
times, Nationwide Total Flood Services, Inc. was engaged in the business of
making flood determinations and issuing flood certificates to mortgage
companies, banks, lenders, homeowners and business owners within the State
of Louisiana.

dd.   Wells Fargo Insurance, Inc., a corporation with its principal place of business
in Minnesota. At all relevant times, Wells Fargo Insurance, Inc. was engaged
in the business of making flood determinations and issuing flood certificates
to mortgage companies, banks, lenders, homeowners and business owners
within the State of Louisiana.

## JURISDICTION AND VENUE

5.

As the subject matter of the plaintiffs' claims arises from the state laws of Louisiana,
this court has jurisdiction over the subject matter in this action pursuant to La. C.C.P. art. 2.

6.

The court has specific personal jurisdiction over the defendants pursuant to La. C.C.P.
art. 6 and LSA-R.S. 13:3201, as plaintiffs' claims arise out of the defendants' transaction
of business and the commission of tortious acts and breach of contract within the State of
Louisiana, and this Court has general personal jurisdiction over the defendants by virtue of
the defendants' substantial, continuous and systematic contacts with the State of Louisiana.

USCA5 773