UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | ) | MDL NO. 07-1873 |
| FORMALDEHYDE PRODUCT | ) | |
| LIABILITY LITIGATION | ) | SECTION "N-4" |
| | ) | |
| | ) | JUDGE ENGELHARDT |
| | ) | |
| THIS DOCUMENT IS RELATED TO | ) | MAG. JUDGE ROBY |
| THE ADMINISTRATIVE MASTER | ) | |
| COMPLAINT | ) | |

**MEMORANDUM IN SUPPORT OF NEWLY ADDED DEFENDANT
PALM HARBOR HOMES, INC.'S MOTION TO DISMISS**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Palm Harbor Homes, Inc. (hereafter "PHH, Inc.") respectfully requests this Court dismiss it as a party to this civil action due to Plaintiffs' failure to state a claim against PHH, Inc. upon which relief can be granted.

## INTRODUCTION

Plaintiffs filed this action against PHH, Inc. purporting to represent a class of similarly-situated individuals. Plaintiffs' claims against PHH, Inc. should be dismissed as a matter of law because the Administrative Master Complaint ("AMC") fails to state a claim against PHH, Inc. upon which relief can be granted.

Simply stated, Plaintiffs fail to make any independent allegations against PHH, Inc., which is a once-removed parent company of Palm Harbor Mfg., L.P. ("Palm Mfg.") and Palm Harbor Albemarle, LLC ("Palm Albemarle"), which are

1

the companies that manufactured the temporary housing units ("THUs") potentially at issue in this litigation and which are appearing via motions to dismiss despite not having been named in or served with the AMC.

All of Plaintiffs' pertinent allegations are directed only toward PHH, Inc.'s (a Florida corporation) manufacturing subsidiaries, Palm Mfg. (a Texas L.P.) and Palm Albemarle (a Delaware corporation).  As regards each other, all are wholly separate and distinct legal entities.

For the following separate and several reasons, PHH, Inc. should be dismissed.  First, it appears that PHH, Inc. was mistakenly named as a defendant in this action because Plaintiffs believed that it manufactured the THUs sold to FEMA.  This belief is belied by the fact that PHH, Inc. did not manufacture any of the housing units at issue.  Second, the mere existence of parent/subsidiary relationship alone is insufficient as a matter of law to hold PHH, Inc. liable for its subsidiaries' products.  Third, Plaintiffs makes absolutely no allegations that PHH, Inc. is derivatively liable for the actions of its subsidiaries, Palm Mfg. and Palm Albemarle.  As a result, Plaintiffs' claims against PHH, Inc. should be dismissed under Rule 12(b)(6) for failure to state a claim against PHH, Inc. upon which relief can be granted.

## MOTION TO DISMISS STANDARD

In deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "the district court accepts as true those well-pleaded factual allegations in the complaint." *Test Masters Educ. Servs. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005) (citing *C.C. Port, Ltd. v. Davis-Penn Mortgage Co.*, 61 F.3d 288, 289 (5th Cir. 1995)). Although the court "must accept all well-pleaded facts alleged in the complaint as true and must construe the allegations in the light that is most favorable to the plaintiff" the court need "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Cent. Laborers' Pension Fund v. Integrated Elec. Servs.*, 497 F.3d 546, 550 (5th Cir. Tex. 2007). "Taking the facts alleged in the complaint as true, if it appears certain that the plaintiff cannot prove any set of facts that would entitle it to the relief it seeks, dismissal is proper. *Id*.

## LEGAL ARGUMENT

### A. PHH, Inc. Should Be Dismissed As a Defendant Because It Did Not Manufacture The Homes At Issue in the AMC.

Palm Mfg., Palm Albemarle and PHH, Inc. are separate and distinct legal entities. Defendant PHH, Inc., a Florida corporation, is the parent company of Palm Mfg. and Palm Albemarle.

Despite the legally distinct nature of PHH, Inc. and its subsidiaries, Plaintiffs' allegations – both factual and substantive – relate only to the

3

manufacturers of the THUs in question.  Plaintiffs never set forth any independent allegations against any entity other than the manufacturers.  Indeed, Plaintiffs' AMC is completely devoid of allegations relating to any wrongdoing on the part of PHH, Inc. since it did not manufacture the units in question, and none of the elements of any of the offenses are pled with respect to PHH, Inc..

Plaintiffs fails to offer even a single independent allegation relating to PHH, Inc.  Accordingly, Plaintiffs' allegations do not raise a claim of entitlement to relief against PHH, Inc., and this Court should dismiss PHH, Inc. as a defendant to the instant lawsuit.

**B.     PHH, Inc. Should Be Dismissed As a Defendant For the Additional Reason That Plaintiffs Have Failed To Plead That PHH, Inc. Is Liable For Its Subsidiaries' Alleged Misconduct.**

Not only do Plaintiffs make any allegations that would establish direct liability against PHH, Inc., Plaintiffs' AMC also fails even to allege that PHH, Inc. is derivatively liable for the conduct of its manufacturing subsidiaries.  As a matter of law, a parent-subsidiary relationship alone is insufficient to impose liability upon PHH, Inc.  *See DeJesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 69 (2d Cir. 1996) (*"DeJesus"*) (holding, in an action against an insurer and its parent company for alleged RICO violations and other violations of state and federal law, that naming an entity as a defendant solely because of its relationship as a parent company alone is insufficient to withstand a Rule 12(b)(6) motion).

Indeed, as the United States Supreme Court has stated, "[i]t is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998). Accordingly, the mere fact that a parent-subsidiary relationship exists among two or more corporations does not *ipso facto* make the parent liable for the torts of its affiliates. *Id.*

In limited circumstances Louisiana law allows for an exception to this general rule. As the Supreme Court of Louisiana has stated:

> [t]here are limited exceptions to the rule of non-liability of shareholders for the debts of a corporation, where the court may ignore the corporate fiction and hold the individual shareholders liable. Generally, that is done where the corporation is found to be simply the "alter ego" of the shareholder. It usually involves situations where fraud or deceit has been practiced by the shareholder acting through the corporation. Another basis for piercing the corporate veil is when the shareholders disregard the requisite corporate formalities to the extent that the corporation ceases to be distinguishable from its shareholders.

*Riggins v. Dixie Shoring Co.*, 590 So. 2d 1164, 1168 (La. 1991) (stating that "[b]ecause of the beneficial role of the corporate concept, "the limited liability attendant to corporate ownership should be disregarded only in exceptional circumstances.") (internal citations omitted). To pierce the corporate veil, however, Plaintiffs "bear a heavy burden of proving that the shareholders

5

01638168.1

disregarded the corporate entity to such an extent that it ceased to become distinguishable from themselves" by showing one of the following:

    1) commingling of corporate and shareholder funds;

    2) failure to follow statutory formalities for incorporating and transacting corporate affairs;

    3) undercapitalization;

    4) failure to provide separate bank accounts and bookkeeping records; or

    5) failure to hold regular shareholder and director meetings.

*Id.*; *Riddle v. Simmons*, 922 So. 2d 1267, 1280 (La. App. 2d Cir. 2/16/06) ("[T]he party seeking to disregard the corporate shield must show the exceptional circumstances which merit piercing the corporate veil and holding the individual shareholders liable.").

    Plaintiffs' AMC is, of course, completely devoid of <u>any</u> such allegations relating to the showing required for piercing the corporate veil. As a result, PHH, Inc. should be dismissed as a Defendant to this lawsuit. *See DeJesus*, 87 F.3d at 70 (dismissing corporate "parent" in an action against an insurer and its parent company for alleged RICO violations and other violations of state and federal law when the complaint failed to allege facts from which it may be inferred that piercing of the corporate veil was warranted).

In the absence of such allegations, PHH, Inc. should be dismissed as a Defendant to this action.

## **CONCLUSION**

Plaintiffs have not alleged any independent wrongdoing that would establish liability against PHH, Inc. and have failed to allege that PHH, Inc. is liable for the purported wrongdoing of its manufacturing subsidiaries, Palm Mfg. and Palm Albemarle. As a result, Plaintiffs has not alleged any set of facts that would entitle Plaintiffs to relief against PHH, Inc. Accordingly, this Court should dismiss PHH, Inc. as a Defendant to this lawsuit.

                                      Respectfully submitted,

                                      /s/ *James K. Carroll*
                                      James K. Carroll
                                      One of the Attorneys for New Defendants

**OF COUNSEL:**

FOWLER RODRIGUEZ & CHALOS
400 Poydras Street, 30th Floor
New Orleans, Louisiana 70130
Telephone: 504-523-2600
Fax: 504-523-2705

- and -

Lee E. Bains, Jr.
Thomas W. Thagard, III

Edward A. "Ted" Hosp
Edward S. Sledge IV
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2616
Telephone: (205) 254-1000
Fax: (205) 254-1999

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document by first-class mail to all counsel of record who are non-CM/ECF participants.

*/s/ James K. Carroll*
Of Counsel