UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER          *          MDL NO. 1873
     FORMALDEHYDE        *
     PRODUCTS LIABILITY  *
     LITIGATION          *          SECTION:  N(4)
                         *
This Document Relates to:  ALL CASES   *          JUDGE: ENGELHARDT
                         *          MAG: ROBY

*************************************************************************

### FEDERAL RULE OF CIVIL PROCEDURE RULE 12(B) PRESERVATION LIST FILED ON BEHALF OF GULF STREAM COACH, INC.

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Gulf Stream

Coach, Inc., which, pursuant to Pre-Trial Order Number 4, dated April 21, 2008, and without

prejudice to its right to assert any other allowable preliminary pleadings, dispositive motions or

affirmative defenses in these or any other case in which it is subsequently named and properly

served, submits for preservation the following list of specific Federal Rule of Civil Procedure

Rule 12(b) Motions in the following cases currently pending in the MDL:

I.    *Aldridge, et al. v. Gulf Stream Coach, Inc., et al.*, originally filed in the United States
    District Court for the Eastern District of Louisiana, under civil action number 07-9228.

      1.    12(b)(3) – Improper venue based on contractual forum selection clause contained
          in the manufacturer's Warranty Contract, which also contractually limits the
          warranties.

      2.    12(b)(1) - Lack of subject matter jurisdiction because suit was not filed as a class
          action and plaintiffs' individual claims are insufficient to satisfy amount in
          controversy for diversity jurisdiction; plaintiffs did not make factual or legal
          allegations to demonstrate the court has jurisdiction and instead make conclusory
          statement that federal question and diversity jurisdiction exist.

      3.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent
          that it is established that any claimant (J. Aldridge, A. Aldridge, or other named
          plaintiff) knew or should have known of his or her cause of action more than a
          year before November 30, 2007, rendering all claims prescribed under Louisiana
          law.

4.  12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as no claimant (J. Aldridge, A. Aldridge, or other named plaintiff) has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury due to alleged formaldehyde exposure.

5.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek attorneys fees under federal or state law inasmuch as such claims are precluded.

6.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert punitive damages under federal or state law inasmuch as such claims are precluded.

7.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert redhibition/implied warranty claims under Louisiana law, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

8.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically seek property damages under Louisiana law, inasmuch as such claims are precluded.

9.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the manufacturing defendants, inasmuch as the applicable law precludes such reapportionment of fault.

10. 12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiff's negligence, negligence per se, gross negligence, recklessness, willfulness, strict liability, and breach of implied warranties claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

11. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek injunctive relief as none of the theories invoked by plaintiffs provide recovery for injunctive relief sought by plaintiffs and plaintiffs have not alleged a sufficient basis to entitle them to injunctive relief.

II. *Jerome Anthony Culler, et al. v. Gulf Stream Coach, Inc., et al.*, originally filed in the United States District Court for the Eastern District of Louisiana, under civil action number 07-4018.

1.  12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

2.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent
that it is established that any claimant (J. Culler or other named plaintiff or
putative class member) knew or should have known of his or her cause of action
more than a year before August 7, 2007, rendering all claims prescribed under
Louisiana law.

3.      12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as
no claimant (J. Culler or other named plaintiff or putative class member) has
specifically claimed any current injury, but rather has generally claimed
unspecified current and future injury due to alleged formaldehyde exposure.

4.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent
that plaintiffs later specifically seek attorneys fees under federal or state law
inasmuch as such claims are precluded.

5.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent
that plaintiffs specifically assert punitive damages under federal or state law
inasmuch as such claims are precluded.

6.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent
that plaintiffs specifically assert redhibition/implied warranty claims under
Louisiana law, inasmuch as such claims are precluded due to lack of contractual
sale, privity and/or reliance.

7.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent
that plaintiffs specifically seek property damages under Louisiana law, inasmuch
as such claims are precluded.

8.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent
that plaintiffs seek to impose joint and several and/or solidary liability upon the
manufacturing defendants, inasmuch as the applicable law precludes such
reapportionment of fault.

9.      12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as
plaintiffs' negligence, negligence *per se*, gross negligence, recklessness,
willfulness, strict liability and breach of implied warranties claims are barred by
the exclusivity provisions of the Louisiana Products Liability Act.

10.     12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as
plaintiffs' claims are barred by the provisions of the Louisiana Products Liability
Act since the only representative plaintiffs fail to allege that they were injured by
a specific product manufactured by Gulf Stream Coach, Inc.

11.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent
that plaintiffs seek injunctive relief as none of the theories invoked by plaintiffs

provide recovery for injunctive relief sought by plaintiffs and plaintiffs have not alleged a sufficient basis to entitle them to injunctive relief.

III. *Robert Devlin, Luca Devlin and Johnnie Speer v. Fleetwood Enterprises, Inc. and Gulf Stream Coach, Inc.*, originally filed in the United States District Court for the Eastern District of Louisiana, under civil action number 07-7018.

1. 12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

2. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant knew or should have known of his or her cause of action more than a year before October 18, 2007, rendering all claims prescribed under Louisiana law.

3. 12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as Luca Devlin has not specifically claimed any current injury, but rather has generally claimed unspecified current and future injury due to alleged formaldehyde exposure.

4. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek attorneys fees under federal or state law inasmuch as such claims are precluded.

5. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically assert punitive damages under federal or state law inasmuch as such claims are precluded.

6. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically assert redhibition/implied warranty claims under Louisiana law, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

7. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Louisiana law, inasmuch as such claims are precluded.

8. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the manufacturing defendants, inasmuch as the applicable law precludes such reapportionment of fault.

9. 12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' negligence, negligence *per se*, gross negligence, recklessness, willfulness, failure to inspect, breach of implied warranties and "failing to act in a

prudent and careful way" claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

10.    12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by the provisions of the Louisiana Products Liability Act since the only representative plaintiffs fail to allege that they were injured by a specific product manufactured by Gulf Stream Coach, Inc.

11.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek injunctive relief as none of the theories invoked by plaintiffs provide recovery for injunctive relief sought by plaintiffs and plaintiffs have not alleged a sufficient basis to entitle them to injunctive relief.

IV.    *Henry Gautreaux, Individually, and as the legal representative of Raymond Gautreaux, Sr. v. Gulf Stream Coach, Inc.*, originally filed in the United States District Court for the Eastern District of Louisiana, under civil action number 08-1094.

1.    12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

2.    12(b)(6) – Failure to state a claim to the extent that it is established that the decedent knew or should have known of his cause of action more than a year before November 16, 2007 (date of death), rendering all claims except the wrongful death claim prescribed.

3.    12(b)(6) – Failure to state a claim to the extent that plaintiff seeks special and general damages for his own alleged physical and mental injuries deriving from the death of his father.

4.    12(b)(7) – Failure to join all parties necessary for just adjudication to the extent that Plaintiff's brother, Raymond Gautreaux, Jr., should be joined under FRCP Rule 19.

5.    12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiff's negligence, negligence *per se*, gross negligence, recklessness, failure to inspect, breach of implied warranty, concealment, misrepresentation and "failing to act in a prudent and careful way" claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

V.    *Keith Hillard, et al. v. United States of America, et al.*, originally filed in the United States District Court for the Eastern District of Louisiana, under civil action number 06-2576.

Gulf Stream Coach, Inc. respectfully submits that it previously filed several Rule 12(b) Motions in this matter prior to transfer to the MDL.  To the extent that any of these Motions have

not been ruled upon, Gulf Stream Coach, Inc. seeks to preserve these Motions for determination. Out of an abundance of caution, Gulf Stream Coach, Inc. specifically seeks to preserve the following Motions, should they still be available:

1. 12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

2. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant (K. Hillard or putative class member) knew or should have known of his or her cause of action more than a year before May 18, 2007, rendering all claims prescribed under Louisiana law.  Alternatively, insofar as Alabama's, Texas' or Mississippi's respective statutes of limitation are applicable, to the extent that any claimant failed to timely file his or her claim, the claims should be dismissed.

3. 12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as no claimant (K. Hillard or putative class member) has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

4. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek attorneys fees under federal or state law inasmuch as such claims are precluded.

5. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek punitive damages under federal or state law inasmuch as such claims are precluded.

6. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert redhibition/implied warranty claims under Louisiana law, Mississippi law, Texas law and/or Alabama law inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

7. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Louisiana law, Mississippi law, Texas law and/or Alabama law inasmuch as such claims are precluded.

8. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the manufacturing defendants, inasmuch as the applicable law precludes such reapportionment of fault.

9. 12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' negligence, negligence *per se*, gross negligence, recklessness,

willfulness, failure to inspect, strict liability, and breach of implied warranties claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

10.     12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by the provisions of the Louisiana Products Liability Act since the only representative plaintiffs fail to allege that they were injured by a specific product manufactured by Gulf Stream Coach, Inc.

11.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek injunctive relief as none of the theories invoked by plaintiffs provide recovery for injunctive relief sought by plaintiffs and plaintiffs have not alleged a sufficient basis to entitle them to injunctive relief.

VI.     *Gaynell P. Hunt Curley, et al. v. United States of America, et al.*, originally filed in the United States District Court for the Eastern District of Louisiana, under civil action number 07-7389.

1.     12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

2.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant (G. Hunt Curley or putative class member) knew or should have known of his or her cause of action more than a year before October 25, 2007, rendering all claims prescribed under Louisiana law. Alternatively, insofar as Alabama's or Mississippi's respective statutes of limitation are applicable, to the extent that any claimant failed to timely file his or her claim, the claims should be dismissed.

3.     12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as no claimant (G. Hunt Curley or putative class member) has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

4.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek attorneys fees under federal or state law inasmuch as such claims are precluded.

5.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek punitive damages under federal or state law inasmuch as such claims are precluded.

6.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert redhibition/implied warranty claims under

Louisiana law, Mississippi law and/or Alabama law inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

7.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Louisiana law, Mississippi law and/or Alabama law inasmuch as such claims are precluded.

8.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the manufacturing defendants, inasmuch as the applicable law precludes such reapportionment of fault.

9.  12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' negligence, negligence *per se*, gross negligence, recklessness, failure to inspect, breach of implied warranty and "failing to act in a prudent and careful way" claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

10.  12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiff's claims are barred by the provisions of the Louisiana Products Liability Act since the only representative plaintiff fails to allege that she was injured by a product manufactured by Gulf Stream Coach, Inc.

11.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek injunctive relief as none of the theories invoked by plaintiffs provide recovery for injunctive relief sought by plaintiffs and plaintiffs have not alleged a sufficient basis to entitle them to injunctive relief.

VII.  *James T. Kahl, et al. v. Fleetwood Enterprises, Inc., et al.*, originally filed in the United States District Court for the Eastern District of Louisiana, under civil action number 07-4012.

1.  12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

2.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant (Kahl, Miller or putative class member) knew or should have known of his or her cause of action more than a year before August 7, 2007, rendering all claims prescribed under Louisiana law. Alternatively, insofar as Alabama's or Mississippi's respective statutes of limitation are applicable, to the extent that any claimant failed to timely file his or her claim, the claims should be dismissed.

3.  12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as no claimant (Kahl, Miller or putative class member) has specifically claimed any

current injury, but rather has generally claimed unspecified current and future injury.

4.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek attorneys fees under federal or state law inasmuch as such claims are precluded.

5.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek punitive damages under federal or state law inasmuch as such claims are precluded.

6.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert redhibition/implied warranty claims under Louisiana law, Mississippi law and/or Alabama law inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

7.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Louisiana law, Mississippi law and/or Alabama law inasmuch as such claims are precluded.

8.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the manufacturing defendants, inasmuch as the applicable law precludes such reapportionment of fault.

9.  12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' negligence, negligence *per se*, gross negligence, recklessness, failure to inspect, breach of implied warranty and "failing to act in a prudent and careful way" claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

10. 12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by the provisions of the Louisiana Products Liability Act since the only representative plaintiffs fails to allege that they were injured by a product manufactured by Gulf Stream Coach, Inc.

11. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek injunctive relief as none of the theories invoked by plaintiffs provide recovery for injunctive relief sought by plaintiffs and plaintiffs have not alleged a sufficient basis to entitle them to injunctive relief.

VIII.   *Robert Lucien, Jr., et al. v. Gulf Stream Coach, Inc., et al.*, originally filed in the United States District Court for the Eastern District of Louisiana, under civil action number 07-9184.

    1.    12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

    2.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant (Lucien or putative class member) knew or should have known of his or her cause of action more than a year before November 28, 2007, rendering all claims prescribed under Louisiana law. Alternatively, insofar as Alabama's or Mississippi's respective statutes of limitation are applicable, to the extent that any claimant failed to timely file his or her claim, the claims should be dismissed.

    3.    12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as no claimant (Lucien or putative class member) has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

    4.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiff later specifically seeks attorneys fees under federal or state law inasmuch as such claims are precluded.

    5.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiff later specifically seeks punitive damages under federal or state law inasmuch as such claims are precluded.

    6.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiff specifically asserts redhibition/implied warranty claims under Louisiana law, Mississippi law and/or Alabama law inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

    7.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiff later specifically seeks property damages under Louisiana law, Mississippi law and/or Alabama law inasmuch as such claims are precluded.

    8.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiff seeks to impose joint and several and/or solidary liability upon the manufacturing defendants, inasmuch as the applicable law precludes such reapportionment of fault.

    9.    12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiff's negligence, negligence *per se*, gross negligence, recklessness, failure to inspect, breach of implied warranty and "failing to act in a prudent and careful

way" claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

10.    12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiff's claims are barred by the provisions of the Louisiana Products Liability Act since the only representative plaintiff fails to allege that he was injured by a product manufactured by Gulf Stream Coach, Inc.

11.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek injunctive relief as none of the theories invoked by plaintiffs provide recovery for injunctive relief sought by plaintiffs and plaintiffs have not alleged a sufficient basis to entitle them to injunctive relief.

IX.    *Decarlo McGuire, et al. v. United States of America, et al.*, originally pending in the United States District Court for the Eastern District of Louisiana, under civil action number 06-5659.

Gulf Stream Coach, Inc. respectfully submits that it previously filed several Rule 12(b) Motions in this matter prior to transfer to the MDL.  To the extent that any of these Motions have not been ruled upon, Gulf Stream Coach, Inc. seeks to preserve these Motions for determination. Out of an abundance of caution, Gulf Stream Coach, Inc. specifically seeks to preserve the following Motions, should they still be available:

1.    12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

2.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant (D. McGuire or putative class member) knew or should have known of his or her cause of action more than a year before August 4, 2006, rendering all claims prescribed under Louisiana law.

3.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that any claimant (putative class member) has not specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

4.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek attorneys fees under federal or state law inasmuch as such claims are precluded.

5.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek punitive damages under federal or state law inasmuch as such claims are precluded.

6.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert redhibition/implied warranty claims under

Louisiana law inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

7.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Louisiana law inasmuch as such claims are precluded.

8.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the manufacturing defendants, inasmuch as the applicable law precludes such reapportionment of fault.

9.  12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' negligence, strict liability, breach of implied warranties and intentional tort claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

10.  12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by the provisions of the Louisiana Products Liability Act to the extent that any plaintiff fail to allege that he or she was injured by a specific product manufactured by Gulf Stream Coach, Inc.

11.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek injunctive relief as none of the theories invoked by plaintiffs provide recovery for injunctive relief sought by plaintiffs and plaintiffs have not alleged a sufficient basis to entitle them to injunctive relief.

X.  *Mealancon, et al. v. United States of America, et al.*, originally filed in the United States District Court for the Eastern District of Louisiana, under civil action number 07-7389.

1.  12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

2.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant (Mealancon or putative class member) knew or should have known of his or her cause of action more than a year before June 20, 2007, rendering all claims prescribed under Louisiana law. Alternatively, insofar as Alabama's or Mississippi's respective statutes of limitation are applicable, to the extent that any claimant failed to timely file his or her claim, the claims should be dismissed.

3.  12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as no claimant (Mealancon or putative class member) has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

4.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek attorneys fees under federal or state law inasmuch as such claims are precluded.

5.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek punitive damages under federal or state law inasmuch as such claims are precluded.

6.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs assert redhibition/implied warranty claims under Louisiana law, Mississippi law and/or Alabama law inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

7.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Louisiana law, Mississippi law and/or Alabama law inasmuch as such claims are precluded.

8.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the manufacturing defendants, inasmuch as the applicable law precludes such reapportionment of fault.

9.      12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' negligence, negligence *per se*, gross negligence, recklessness, failure to inspect, breach of implied warranty and "failing to act in a prudent and careful way" claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

10.     12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by the provisions of the Louisiana Products Liability Act since the only representative plaintiff fails to allege that she was injured by a product manufactured by Gulf Stream Coach, Inc.

11.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek injunctive relief as none of the theories invoked by plaintiffs provide recovery for injunctive relief sought by plaintiffs and plaintiffs have not alleged a sufficient basis to entitle them to injunctive relief.

XI.   *Charles Meshack, et al. v. Circle B Enterprises, Inc., et al.*, originally filed in the United States District Court for the Southern District of Mississippi, under civil action number 08-92.

1.      12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

2.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant (C. Meshack or putative class member) failed to timely file his or her claim under Mississippi's applicable statute of limitation.  To the extent that the foregoing is established, the claims should be dismissed.

3.      12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as no claimant (C. Meshack or putative class member) has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

4.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek attorneys fees under federal or state law inasmuch as such claims are precluded.

5.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek punitive damages under federal or state law inasmuch as such claims are precluded.

6.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert express or implied warranty claims under Mississippi law inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

7.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Mississippi law inasmuch as such claims are precluded.

8.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the manufacturing defendants, inasmuch as the applicable law precludes such reapportionment of fault.

9.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek injunctive relief as none of the theories invoked by plaintiffs provide recovery for injunctive relief sought by plaintiffs and plaintiffs have not alleged a sufficient basis to entitle them to injunctive relief.

XII.    *Kimberly G. Nelson, et al. v. Gulf Stream Coach, Inc., et al.*, originally filed in the United States District Court for the Western District of Louisiana, under civil action number 07-921.

1.      12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

2.   12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant (K. Nelson or putative class member) knew or should have known of his or her cause of action more than a year before May 30, 2007, rendering all claims prescribed under Louisiana law.  Alternatively, insofar as Alabama's or Mississippi's respective statutes of limitation are applicable, to the extent that any claimant failed to timely file his or her claim, the claims should be dismissed.

3.   12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as no claimant (putative class member), other than Kimberly Nelson and her children, has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

4.   12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek attorneys fees under federal or state law inasmuch as such claims are precluded.

5.   12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek punitive damages under federal or state law inasmuch as such claims are precluded.

6.   12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert redhibition/implied warranty claims under Louisiana law, Mississippi law and/or Alabama law inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

7.   12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Louisiana law, Mississippi law and/or Alabama law inasmuch as such claims are precluded.

8.   12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the manufacturing defendants, inasmuch as the applicable law precludes such reapportionment of fault.

9.   12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' negligence, negligence *per se*, gross negligence, recklessness, failure to inspect, breach of implied warranty and "failing to act in a prudent and careful way" claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

10.   12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiff's claims are barred by the provisions of the Louisiana Products Liability Act since the only representative plaintiff fails to allege that she was injured by a product manufactured by Gulf Stream Coach, Inc.

11.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek injunctive relief as none of the theories invoked by plaintiffs provide recovery for injunctive relief sought by plaintiffs and plaintiffs have not alleged a sufficient basis to entitle them to injunctive relief.

XIII.    *Stephanie A. Pizani, et al. v. Gulf Stream Coach, Inc., et al.*, originally filed in the United States District Court for the Eastern District of Louisiana, under civil action number 07-9248.

1.    12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

2.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant (Pizani or putative class member) knew or should have known of his or her cause of action more than a year before December 3, 2007, rendering all claims prescribed under Louisiana law. Alternatively, insofar as Alabama's or Mississippi's respective statutes of limitation are applicable, to the extent that any claimant failed to timely file his or her claim, the claims should be dismissed.

3.    12(b)(6) – Failure to state a claim inasmuch as no claimant (Pizani or putative class member) has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

4.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek attorneys fees pursuant to federal civil rights statutes or later specifically seeks attorneys fee under state law inasmuch as such claims are precluded.

5.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek punitive damages under federal or state law inasmuch as such claims are precluded.

6.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert redhibition/implied warranty claims under Louisiana law, Mississippi law and/or Alabama law inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

7.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Louisiana law, Mississippi law and/or Alabama law inasmuch as such claims are precluded.

8.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the

manufacturing defendants, inasmuch as the applicable law precludes such reapportionment of fault.

9.  12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' negligence, negligence *per se*, gross negligence, recklessness, failure to inspect, breach of implied warranty and "failing to act in a prudent and careful way" claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

10.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek injunctive relief as none of the theories invoked by plaintiffs provide recovery for injunctive relief sought by plaintiffs and plaintiffs have not alleged a sufficient basis to entitle them to injunctive relief.

XIV.  *Joseph M. Pujol, et al. v. Gulf Stream Coach, Inc., et al.*, originally filed in the United States District Court for the Eastern District of Louisiana, under civil action number 07-5709.

1.  12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

2.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant (J. Pujol or putative class member) knew or should have known of his or her cause of action more than a year before September 19, 2007, rendering all claims prescribed under Louisiana law. Alternatively, insofar as Alabama's or Mississippi's respective statutes of limitation are applicable, to the extent that any claimant failed to timely file his or her claim, the claims should be dismissed.

3.  12(b)(6) – Failure to state a claim inasmuch as no claimant (J. Pujol or putative class member) has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

4.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek attorneys fees under state law inasmuch as such claims are precluded.

5.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek punitive damages under federal or state law inasmuch as such claims are precluded.

6.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert redhibition/implied warranty claims under Louisiana law, Mississippi law and/or Alabama law inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

7.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Louisiana law, Mississippi law and/or Alabama law inasmuch as such claims are precluded.

8.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the manufacturing defendants, inasmuch as the applicable law precludes such reapportionment of fault.

9.      12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' negligence, negligence *per se*, gross negligence, recklessness, breach of implied warranty and "failing to act in a prudent and careful manner" claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

10.     12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by the provisions of the Louisiana Products Liability Act since the only representative plaintiffs fails to allege that they were injured by a product manufactured by Gulf Stream Coach, Inc.

11.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek injunctive relief and fail to seek equitable relief.

XV.   *Steven Seal, et al. v. Fleetwood Enterprises, Inc., et al.*, originally filed in the United States District Court for the Eastern District of Louisiana, under civil action number 07-3893.

1.      12(b)(5) - Insufficiency of Service of Process inasmuch as Gulf Stream Coach, Inc. has not been served in this matter.

2.      12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

3.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant (S. Seal or putative class member) knew or should have known of his or her cause of action more than a year before July 30, 2007, rendering all claims prescribed under Louisiana law.  Alternatively, insofar as Alabama's or Mississippi's respective statutes of limitation are applicable, to the extent that any claimant failed to timely file his or her claim, the claims should be dismissed.

4.      12(b)(6) – Failure to state a claim inasmuch as no claimant (S. Seal or putative class member) has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

5.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek attorneys fees under state law inasmuch as such claims are precluded.

6.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek punitive damages under federal or state law inasmuch as such claims are precluded.

7.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert redhibition/implied warranty claims under Louisiana law, Mississippi law and/or Alabama law inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

8.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Louisiana law, Mississippi law and/or Alabama law inasmuch as such claims are precluded.

9.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the manufacturing defendants, inasmuch as the applicable law precludes such reapportionment of fault.

10.     12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' negligence, negligence *per se*, gross negligence, recklessness, failure to inspect, breach of implied warranty and "failing to act in a prudent and careful way" claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

11.     12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by the provisions of the Louisiana Products Liability Act since the only representative plaintiff fails to allege that he was injured by a product manufactured by Gulf Stream Coach, Inc.

12.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek injunctive relief and fail to seek equitable relief.

XVI.    *Betty White, et al. v. Circle B Enterprises, Inc., et al.*, originally filed in the United States District Court for the Southern District of Alabama, under civil action number 08-141.

1.      12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

2.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant (B. White or putative class member) failed

to timely file his or her claim under Alabama's applicable statute of limitation. To the extent that the foregoing is established, the claims should be dismissed.

3.   12(b)(6) – Failure to state a claim inasmuch as no claimant (B. White or putative class member) has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

4.   12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek attorneys fees under state law inasmuch as such claims are precluded.

5.   12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically seek punitive damages under federal or state law inasmuch as such claims are precluded.

6.   12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert express or implied warranty claims under Alabama law inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

7.   12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Alabama law inasmuch as such claims are precluded.

8.   12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the manufacturing defendants, inasmuch as the applicable law precludes such reapportionment of fault.

9.   12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek injunctive relief as none of the theories invoked by plaintiffs provide recovery for injunctive relief sought by plaintiffs and plaintiffs have not alleged a sufficient basis to entitle them to injunctive relief.

Finally, Gulf Stream Coach, Inc. respectfully asserts that it preserves all defenses raised and briefed in the Manufacturing Defendants' Joint Rule 12(b)(6) Motion to Dismiss and the Manufacturing Defendants' Joint Rule 9(b) Motion to Dismiss.

Respectfully submitted:

**SCANDURRO & LAYRISSON**

s/Timothy D. Scandurro

_____

Timothy D. Scandurro #18424
Dewey M. Scandurro #23291
607 St. Charles Avenue
New Orleans, LA 70130
Telephone: (504) 522-7100
tim@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

**and**

**DUPLASS, ZWAIN, BOURGEOIS, MORTON, PFISTER & WEINSTOCK**

s/Andrew D. Weinstock

_____

**ANDREW D. WEINSTOCK (#18495)**
**JOSEPH G. GLASS (#25397)**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
andreww@duplass.com
jglass@duplass.com

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on the 19th day of May, 2008, a copy of the foregoing Federal Rule

of Civil Procedure Rule 12(b) Preservation List on Behalf of Gulf Stream Coach, Inc. was filed

electronically with the Clerk of Court using the CM/ECF system.  Notice of this file will be sent

to all known counsel of record by operation of the court's electronic filing system.

s/Andrew D. Weinstock

_____

ANDREW D. WEINSTOCK #18495<br>
andreww@duplass.com
