803740.2

Case 2:07-md-01873-KDE-MBN   Document 240-1   Filed 05/19/08   Page 1 of 5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 07-1873 |
| FORMALDEHYDE PRODUCT | * | |
| LIABILITY LITIGATION | * | SECTION "N-4" |
| | * | |
| | * | JUDGE KURT D. ENGELHARDT |
| THIS DOCUMENT IS RELATED TO | * | |
| THE ADMINISTRATIVE MASTER | * | MAG. JUDGE KAREN WELLS ROBY |
| COMPLAINT. | * | |

## MEMORANDUM IN SUPPORT OF
## 12(e) MOTION FOR A MORE DEFINITE STATEMENT

**MAY IT PLEASE THE COURT:**

Newly Added Defendant, Indiana Building Systems, L.L.C., d/b/a Holly Park ("IBS"),

moves this Court to dismiss Plaintiffs' claims against it, as provided for in its Motion to Dismiss.

In the alternative, IBS respectfully requests that this Court order Plaintiffs to provide a more

definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. As will be

shown below, Plaintiffs' Administrative Master Complaint ("AMC") fails to adequately plead

sufficient detail to enable IBS to articulate a reasonable and responsible answer or any possible

defenses. Accordingly, IBS moves this Court for an order requiring Plaintiffs to allege certain

specific facts in support of their case.

## I.    FACTS

As this Court is well aware, a number of related suits were transferred to this Court on

October 24, 2007, by the Judicial Panel on Multi-District Litigation. Those cases were all filed

in the aftermath of Hurricanes Katrina and Rita by and on behalf of individuals in Louisiana,

Mississippi, Alabama, and Texas. Therein, the Plaintiffs alleged that, while residing in

803740.2

manufactured units, they were exposed to harmful levels of formaldehyde.  See AMC, ¶¶17, 32.
On November 6, 2007, this Court entered its Pretrial Order No. 1, which consolidated these
actions under the heading "*In re FEMA Formaldehyde Products Liability Litigation*, MDL No.
1873."  Pursuant to the Court's Pretrial Order No. 2, Plaintiffs filed their AMC on March 18,
2008.

        In the AMC, Plaintiffs seek, among other things, compensatory damages, expenses for
medical monitoring, and punitive damages from sixty-two "Manufacturing Defendants."[1]
Plaintiffs allege that these sums are due from the Manufacturing Defendants based upon the laws
of Louisiana, Mississippi, Alabama, and Texas and under theories of product liability,
negligence, and breach of implied warranty.[2]  However, in support of these claims, Plaintiffs
only provide broad, over-sweeping assertions, as will be shown below.  As such, IBS moves this
Court to issue an order requiring Plaintiffs to provide a more definite statement as to certain
preliminary matters.

## II.    STANDARD FOR A 12(e) MOTION

        "If a complaint is ambiguous or does not contain sufficient information to allow a
responsive pleading to be framed, it is appropriate to grant a motion for more definite statement."
*Gilbert v. Sears, Roebuck & Co.*, 826 F. Supp. 433, 436 (M.D. Fla. 1993).  Plaintiffs are
responsible for setting forth sufficient facts to allow defendants to fully understand the
allegations made against them.  In addition to addressing vagueness and ambiguity in a pleading,
Fed. R. Civ. P. 12(e) is also appropriate to force plaintiffs to plead facts from which threshold

---

[1]   As this Honorable Court is aware, Plaintiffs also named "The United States of America through the Federal
Emergency Management Agency" as a defendant.

[2]   Plaintiffs' allegations under each state's law vary.  For example, Plaintiffs only assert a claim for negligence
under Texas law, and they does not assert claims for punitive damages under Louisiana law.

defenses may be raised in a subsequent motion under Fed. R. Civ. P. 12(b). *Oresman v. G.D. Searle & Co.*, 321 F. Supp. 449, 457-58 (D. R.I. 1971); *Berkholtz v. Renard*, 188 F. Supp. 888, 892 (S.D. N.Y. 1960). (In both of these cases, motions for more definite statements were granted so that amended complaints could provide specific information that could lead to motions for dismissal.)

It is far more expedient and appropriate to require plaintiffs to allege facts that may lead to a substantial defense in the early stages of litigation. See generally Wright & Miller, Federal Practice and Procedure, § 1376. More importantly, Rule 12(e) motions are appropriate when, in response to a vague pleading, the opposing party cannot respond, even with a simple denial, without prejudice to itself. *Betancourt v. Marine Cargo Management, Inc.*, 930 F. Supp. 606 (S. D. Fla. 1996). See also *Frito-Lay, Inc. v. Wapco Constructors, Inc.*, 520 F. Supp. 186 (M.D. La. 1981) and *Fisk v. Texas Parks and Wildlife Dept.*, 644 F.2d 1056 (5th Cir. 1981).

## III.    PLAINTIFFS' DEFICIENCIES

Plaintiffs' AMC is factually deficient and fails to provide basic information which is necessary for IBS to formulate its answer and responses. For example, there are absolutely no allegations that any Plaintiff ever lived in a home manufactured by IBS. Without such information, IBS is unable to adequately and fully respond to Plaintiffs' AMC. Indeed, such information is necessary for determining whether Plaintiffs even have standing to bring their claims and whether they have stated a claim upon which relief can be granted.

Even if some of the Plaintiffs resided in an IBS home, the AMC further fails to allege where such homes were located or for how long the individuals resided in each such home. Plaintiffs have also failed to provide any identifying factors of each such homes, including, but not limited to serial numbers and model names and/or numbers. Without such information, IBS

is unable to adequately and fully respond to Plaintiffs' AMC and cannot answer the vague, ambiguous, and arbitrary assignments of liability made against it. Requiring IBS to respond without sufficient information to do so serves to prejudice IBS.

Accordingly, IBS moves this Court to issue an order requiring Plaintiffs to provide a more definite statement regarding their claims and to indicate therein information including, but not limited to, (1) which Plaintiffs, if any, resided in a home manufactured by IBS; (2) where each such home was located during a Plaintiff's residency therein; (3) the length of time any Plaintiff resided in each such home; and (4) identifying information for each home that any Plaintiff resided in.

## III.    CONCLUSION

IBS vigorously maintains that Plaintiffs' claims against it should be dismissed for failure to state a claim upon which relief can be granted. In the alternative, IBS respectfully requests that this Court order Plaintiffs to amend their AMC to include a more definite statement as to their claims.

Without a more definite statement concerning the basis for Plaintiffs' allegations, IBS simply cannot fully and adequately respond to Plaintiffs' AMC in a responsible manner. IBS sincerely wants to understand the nature of these allegations. Moreover, with additional information from Plaintiffs, IBS can provide concise and accurate answers and defenses to the allegations and can, perhaps, narrow this case to only those items which remain in contention. Most importantly, without alleging such basic facts as requested by IBS, Plaintiffs can not demonstrate standing to bring the claims asserted in their AMC.

RESPECTFULLY SUBMITTED,

BREAZEALE, SACHSE & WILSON, L.L.P.
One American Place, 23rd Floor
Post Office Box 3197
Baton Rouge, Louisiana 70821-3197
Telephone: 225-387-4000
Fax: 225-381-8029


/s/ David R. Kelly
David R. Kelly, T.A. (#1457)
Stephen R. Whalen (#27401)
Jennifer C. Dyess (#31144)

**Counsel for Indiana Building Systems, L.L.C.,
d/b/a Holly Park**

803740.2