UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|     FORMALDEHYDE | * | |
|     PRODUCTS LIABILITY | * | |
|     LITIGATION | * | SECTION: N(4) |
| | * | |
| This Document Relates to: ALL CASES | * | JUDGE: ENGELHARDT |
| | * | MAG: ROBY |

**************************************************************************

## MANUFACTURING DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR JOINT RULE 9(b) MOTION TO DISMISS

**MAY IT PLEASE THE COURT:**

American Homestar Corporation; Oak Creek Homes, L.P.; Oak Creek Homes, Inc.; Coachmen Recreational Vehicle Company, LLC; Coachmen Industries, Inc.; Recreation by Design, LLC; Jayco Enterprises, Inc.; Pilgrim International, Inc.; Starcraft RV, Inc.; Thor California, Inc.; Keystone RV Company; KZ RV, L.P.; Monaco Coach Corporation; R-Vision, Inc.; DS Corporation; Dutchmen Manufacturing, Inc.; Gulf Stream Coach, Inc.; Forest River, Inc.; Horton Homes, Inc.; Silver Creek Homes; TL Industries, Inc.; Frontier RV, Inc.; Skyline Corporation; Layton Homes Corporation; Fairmont Homes, Inc.; Fleetwood Canada, Ltd.; Fleetwood Homes of North Carolina, Inc.; Fleetwood Enterprises, Inc.; and any other Fleetwood subsidiary that may be deemed to be the real party in interest ("Manufacturing Defendants") respectfully submit this Memorandum in Support of their Joint Rule 9(b) Motion to Dismiss. Plaintiffs have failed to adequately plead with particularity any specific facts, information, or conduct that was in any way fraudulent, misleading, or otherwise inappropriate. Plaintiffs' Administrative Master Complaint ("AMC") contains generalized, conclusory allegations

of unspecific fraudulent behavior with no factual background and no specifics regarding the time, place and contents of the alleged fraudulent behavior as required by Rule 9(b). For these reasons, any and all allegations of fraud, concealment, or any other alleged inappropriate or improper behavior by the Manufacturing Defendants should be dismissed pursuant to Rule 9(b) and the relevant jurisprudence.

I.  INTRODUCTION

   (A)  **STATEMENT OF FACTS**

The facts of this MDL are well known to the Court and for purposes of brevity will not be recited herein. Relevant to this motion is the allegation(s) contained in Paragraph 31 of the AMC wherein Plaintiffs assert that Manufacturing Defendants fraudulently conspired to conceal information regarding formaldehyde in FEMA trailers. The specific allegations of Paragraph 31 are as follows:

> 31. Plaintiffs submit that Manufacturing Defendants ignored or deliberately and fraudulently concealed and/or condoned the concealment, and/or conspired with, advised, encouraged, or aided others and/or each other to conceal that the housing units, both those which were manufactured prior to the hurricanes and those later manufactured, and purchased by FEMA, contained dangerous levels of formaldehyde due to the Manufacturing Defendants' use of certain materials in their construction, and/or posed the threat of producing dangerous levels of formaldehyde due to the Federal Government's intended use of the housing units as temporary residences for at least 18 months, all in order to sell the Manufacturing Defendants' products, and/or avoid the litigation by persons injured by formaldehyde emissions.[1]

As is evident from the face of the quoted pleading, Plaintiffs do not make one single specific factual assertion regarding who allegedly conspired to conceal information, who were the alleged co-conspirators, what specific information was

---

[1] *See* AMC, Rec. Doc. No. 109, at ¶ 31.

allegedly concealed and by which particular Defendant.  All of these omissions are fatal to Plaintiffs' cause because the AMC lacks the particularity required by Rule 9(b) and relevant jurisprudence.

## II.     LAW AND ARGUMENT

### (A)     Rule 9(b) Particularity Requirements

Rule 9(b) of the Federal Rules of Civil Procedure provides that in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. One of the primary purposes of Rule 9(b) is to protect a Defendant's reputation from the harm that general, unsubstantiated fraud accusations will cause, and preventing a claimant from searching for a valid particular claim after filing suit. *American Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 Fed. Appx. 662, 667 (5th Cir. 2004). "What constitutes particularity for purposes of Rule 9(b) 'necessarily differ[s] with the facts of each case and hence the [Fifth] Circuit has never articulated the requirements of Rule 9(b) in great detail.'" *Id.* (quoting *Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992)). However the U.S. Court of Appeals for the Fifth Circuit has established that "Rule 9(b) requires the plaintiff to allege the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby." *Id.* (citation omitted); *see also Williams v. WMTX Technologies, Inc.,* 112 F.3d 175, 177 (5th Cir. 1997), *citing Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994); *Melder v. Morris*, 27 F.3d 1097, 1100, n.5 (5th Cir. 1994); *Shushany v. Allwaste*, 992 F.2d 517, 520 (5th Cir. 1993).

More specifically, to properly articulate the elements of fraud "with particularity

requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams, supra*, at 177 (citations omitted). *See also Melder v. Morris*, 27 F.3d 1097, 1100. n.5 (5th Cir. 1994) (citations omitted). "At a minimum, Rule 9(b) requires that a plaintiff set forth the who, what, where, when, and how of the alleged fraud." *United States ex rel Doe v. Dow Chem. Co.*, 343 F.3d 325, 328 (5th Cir. 2003). In addition, although scienter may be alleged generally, case law amply demonstrates that pleading scienter requires more than a simple allegations that a defendant had fraudulent intent. "To plead scienter adequately, a plaintiff must set forth *specific facts* that support an inference of fraud." *American Realty Trust Inc., supra*, at 667 (emphasis in original).

### (B) Plaintiffs Failed to Allege Fraud or Misrepresentation with the Specificity Required by Rule 9(b)

Plaintiffs' conclusory allegations of fraudulent concealment and conspiratorial behavior are woefully short of the Rule 9(b) particularity requirements. Plaintiffs have not specified who allegedly conspired to conceal information regarding allegedly dangerous levels of formaldehyde in the travel trailers. Plaintiffs have not specified which travel trailers were the subject of any concealment or when the fraudulent conspiracy began. These grossly unsupported accusations have caused and will continue to cause irreversible damage to the Defendants' reputations, damage that is especially pronounced because of the magnitude of the disaster wrought by Hurricanes Katrina and Rita. Plaintiffs' sweepingly vague allegations fail Rule 9(b)'s particularity requirements.

First, the allegations improperly lump all of the Manufacturing Defendants together without separating and specifying the allegedly fraudulent conduct of each particular Manufacturing Defendant. Plaintiffs' *en globo* assertions against all

Manufacturing Defendants fail Rule 9(b) because "[w]here multiple defendants must respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud." *Eizenga v. Stewart Enterprises, Inc.*, 124 F. Supp. 2d 967, 981 (E.D. La. 2000); *Christensen v. WMA Consumer Serv., Inc*., 2003 WL 22174240, at *3 (E.D. La. 9/5/2005). Plaintiffs' AMC lacks specific allegations of misrepresentation or fraud particularized to any of the Manufacturing Defendants but merely sets forth general allegations aimed at all Manufacturing Defendants jointly. Rule 9(b) requires more and these pleading deficiencies are fatal to Plaintiffs' fraud or conspiracy claims.

Second, and more fundamental than the first deficiency discussed above, Plaintiffs' allegations fail Rule 9(b) because they do not provide the basic factual information Defendants need to receive proper notice. As it stands, the Manufacturing Defendants have been provided no information regarding the "who, what, where, when, and how of the alleged fraud." *Dow Chem. Co.*, *supra*, at 328. Plaintiffs have also failed to "allege the particulars of time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby." *American Realty Trust*, *supra*, at 667.

Plaintiffs' AMC contains nothing more than vague, overly broad, sweeping allegations of fraudulent conspiracy that provide the Manufacturing Defendants absolutely no relevant information upon which to respond. Rule 9(b) serves to protect a Defendant's reputation from the harm that these types of general, unsubstantiated fraud accusations can cause. *Id.* Therefore, the Manufacturing Defendants respectfully suggest that this Court should enforce the letter and intent of Rule 9(b) and dismiss any and all

fraud, mistake, concealment, conspiracy, or other similar allegations contained in Plaintiffs' AMC because of these glaring pleading deficiencies.

### III.  CONCLUSION

For all of the above and foregoing reasons, the Manufacturing Defendants respectfully requests that the Court grant its Rule 9(b) Motion to Dismiss and dismiss any and all fraud, mistake, concealment, conspiracy, or other similar claims contained in Plaintiffs' AMC with full prejudice.

    Respectfully submitted:

    /s/ Andrew D. Weinstock
    ANDREW D. WEINSTOCK
    JOSEPH G. GLASS
    Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock
    3838 N. Causeway Boulevard
    Suite 2900
    Metairie, Louisiana 70002
    Telephone: (504) 832-3700
    Fax: (504) 837-3119

    ***DEFENSE LIAISON COUNSEL***

- 7 -

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has this date been served on all counsel of record in this proceeding by:

( )   Hand Delivery          ( )   Prepaid U.S. Mail

( )   Facsimile              ( )   Federal Express

(XX)  CM/ECF

New Orleans, Louisiana this 19th day of May, 2008.

/s/ Andrew D. Weinstock
ANDREW D. WEINSTOCK