UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | **MDL NO. 1873**<br>**SECTION "N" (4)**<br>**Civil Action File No.**<br>**2:07-md-1873-KDE-KWR**<br>**JUDGE ENGELHARDT** |

**FLEETWOOD ENTITIES' LIST OF DEFENSES AND RULE 12 MOTIONS TO BE PRESERVED**

Pursuant to Pretrial Order No. 4 (Rec. Doc. No. 130), defendants Fleetwood Enterprises, Inc., Fleetwood Canada, Ltd., Fleetwood Homes of North Carolina, Inc., and any other Fleetwood subsidiary that may be deemed to be the real party in interest ("Fleetwood entities") submit the following list of defenses and Federal Rule 12 motions to be preserved in the following underlying actions which are currently pending in the above-captioned multidistrict litigation proceeding:

1. In *James H. Aldridge and Angela L. Aldridge, et al. v. Gulf Stream Coach, Inc., et al.*, originally filed in the United States District Court for the Eastern District of Louisiana, Civil Action Number 07-9228, the Fleetwood entities preserve the following defenses:

   a. Rule 12(b)(5): Insufficiency of service of process.

   b. Rule 12(b)(6): Failure to state a claim for negligence, strict liability, and breach of express and implied warranties under Louisiana law because those claims are barred by the Louisiana Products Liability Act.

   c. Rule 12(b)(6): Failure to state a claim for medical monitoring damages because plaintiffs have not alleged a present and manifest injury.

   d. Rule 12(b)(6): To the extent that plaintiffs seek punitive damages, plaintiffs have failed to state such claim under Louisiana law.

e. Rule 12(b)(6): Plaintiffs' claims are barred by the applicable prescriptive periods.

f. Rule 12(b)(3): Improper venue as to plaintiffs who reside outside the Eastern District of Louisiana.

g. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically seek property damages inasmuch as such claims are precluded under applicable law.

h. 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the manufacturing defendants, inasmuch as the applicable law precludes such reapportionment of fault.

i. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically seek attorneys fees under federal or state law inasmuch as such claims are precluded.

j. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek injunctive relief as none of the theories invoked by plaintiffs provide recovery for injunctive relief sought by plaintiffs and plaintiffs have not alleged a sufficient basis to entitle them to injunctive relief.

2. In *Jerome Anthony Culler, et al. v. Gulf Stream Coach, Inc., et al.* originally filed in the United States District Court for the Eastern District of Louisiana, Civil Action Number 07-4018, the Fleetwood entities preserve the following defenses:

a. Rule 12(b)(5): Insufficiency of service of process.

b. Rule 12(b)(6): Failure to state a claim for negligence, strict liability, and breach of express and implied warranties under Louisiana law because those claims are barred by the Louisiana Products Liability Act.

c. Rule 12(b)(6): Failure to state a claim for medical monitoring damages because plaintiffs have not alleged a present and manifest injury.

d. Rule 12(b)(6): To the extent that plaintiffs seek punitive damages, plaintiffs have failed to state such claim under Louisiana law.

e. Rule 12(b)(6): Failure to state a claim because plaintiffs failed to make any particularized allegations regarding their injuries and damages, and failed to make any particularized allegations connecting any particular plaintiff to conduct by any particular defendant.

f. Rule 12(b)(6): Plaintiffs' claims are barred by the applicable prescriptive periods.

g. Rule 12(e): Motion for more definite statement of the complaint based on plaintiffs' failure to make particularized allegations about their injuries and damages and failure to make any particularized allegations about any particular defendants' alleged conduct.

h. Rule 12(b)(6): Plaintiffs' claims should be dismissed for lack of standing because the allegations fail to connect any particular plaintiff with a particular defendant.

i. Rule 12(b)(3): Improper venue as to plaintiffs who reside outside the Eastern District of Louisiana.

j. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically seek property damages inasmuch as such claims are precluded under applicable law.

k. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the manufacturing defendants, inasmuch as the applicable law precludes such reapportionment of fault.

l. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically seek attorneys fees under federal or state law inasmuch as such claims are precluded.

m. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek injunctive relief as none of the theories invoked by plaintiffs provide recovery for injunctive relief sought by plaintiffs and plaintiffs have not alleged a sufficient basis to entitle them to injunctive relief.

3. In *Robert Devlin, Luca Devlin, and Johnnie Speer v. Fleetwood Enterprises, Inc. and Gulf Stream Coach, Inc.*, originally filed in the United States District Court for the Eastern District of Louisiana, Civil Action Number 07-7018, the Fleetwood entities preserve the following defenses:

a. Rule 12(b)(6): Failure to state a claim for negligence, strict liability, and breach of express and implied warranties under Louisiana law because those claims are barred by the Louisiana Products Liability Act.

b. Rule 12(b)(6): Failure to state a claim for medical monitoring damages to the extent that plaintiffs have not alleged a present and manifest injury.

c. Rule 9(b): Concealment and misrepresentation claims should be dismissed for failure to plead such claims with adequate particularity.

d. Rule 12(b)(6): Plaintiffs' claims are barred by the applicable prescriptive periods.

e. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically seek property damages inasmuch as such claims are precluded under applicable law.

f. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the manufacturing defendants, inasmuch as the applicable law precludes such reapportionment of fault.

4. In *Shelton Charles Duplessis, et al. v. Fleetwood Enterprises, Inc., et al.*, originally filed in the United States District Court for the Eastern District of Louisiana, Civil Action Number 07-7783, the Fleetwood entities preserve the following defenses:

a. Rule 12(b)(5): Insufficiency of service of process.

b. Rule 12(b)(6): Failure to state a claim for negligence and breach of express and implied warranties under Louisiana law because those claims are barred by the Louisiana Products Liability Act.

c. Rule 12(b)(6): To the extent that plaintiffs are seeking a claim for medical monitoring, plaintiffs have failed to state such claim because they have not alleged a present and manifest injury.

d. Rule 12(b)(6): Failure to state a claim for breach of express and implied warranties under Alabama and Mississippi law.

e. Rule 12(b)(6): Failure to state a claim because plaintiffs failed to make any particularized allegations regarding their injuries and damages, and failed to make

any particularized allegations connecting any particular plaintiff to conduct by any particular defendant.

f. Rule 12(b)(6): Plaintiffs' claims are barred by the applicable prescriptive periods.

g. Rule 12(e): Motion for more definite statement of the complaint based on plaintiffs' failure to make particularized allegations about their injuries and damages and failure to make any particularized allegations about any particular defendants' alleged conduct.

h. Rule 12(b)(6): Plaintiffs' claims should be dismissed for lack of standing because the allegations fail to connect any particular plaintiff with a particular defendant.

i. Rule 12(b)(3): Improper venue as to plaintiffs who reside outside the Eastern District of Louisiana.

j. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically seek property damages inasmuch as such claims are precluded under applicable law.

k. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the manufacturing defendants, inasmuch as the applicable law precludes such reapportionment of fault.

l. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically seek attorneys fees under federal or state law inasmuch as such claims are precluded.

5. In *Keith Hillard, et al. v. United States of America, et al.*, originally filed in the United States District Court for the Eastern District of Louisiana, Civil Action Number 06-2576, the Fleetwood entities preserve the following defenses:

a. Rule 12(b)(6): Failure to state a claim for negligence, strict liability, and breach of express and implied warranties under Louisiana law because those claims are barred by the Louisiana Products Liability Act.

b. Rule 12(b)(6): Failure to state a claim because plaintiffs failed to make any particularized allegations regarding their injuries and damages, and failed to make

any particularized allegations connecting any particular plaintiff to conduct by any particular defendant.

c. Rule 12(b)(6): Failure to state a claim for punitive damages under Louisiana law.

d. Rule 12(b)(6): Failure to state a claim for medical monitoring damages under Louisiana, Alabama, and Mississippi law because plaintiffs have not alleged a present and manifest injury.

e. Rule 12(b)(6): Failure to state a claim for breach of express warranty under Alabama, and Mississippi law.

f. Rule 12(b)(6): Failure to state a claim for breach of implied warranty under Alabama, and Mississippi law.

g. Rule 12(b)(6): Plaintiffs' claims are barred by the applicable prescriptive periods.

h. Rule 12(e): Motion for more definite statement of the complaint based on plaintiffs' failure to make particularized allegations about their injuries and damages and failure to make any particularized allegations about any particular defendants' alleged conduct.

i. Rule 12(b)(6): Plaintiffs' claims should be dismissed for lack of standing because the allegations fail to connect any particular plaintiff with a particular defendant.

j. Rule 12(b)(3): Improper venue as to plaintiffs who reside outside the Eastern District of Louisiana.

k. Rule 12(b): Motion to dismiss class action allegations for failure timely to file a motion for class certification pursuant to Uniform Local Rule 23.1.

l. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically seek property damages inasmuch as such claims are precluded under applicable law.

m. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the manufacturing defendants, inasmuch as the applicable law precludes such reapportionment of fault.

n. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically seek attorneys fees under federal or state law inasmuch as such claims are precluded.

o. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek injunctive relief as none of the theories invoked by plaintiffs provide recovery for injunctive relief sought by plaintiffs and plaintiffs have not alleged a sufficient basis to entitle them to injunctive relief.

6. In *Gaynell P. Hunt Curley v. United States of America, Fleetwood Enterprises, Inc., Fleetwood Canada, Ltd., et al.*, originally filed in the United States District Court for the Eastern District of Louisiana, Civil Action Number 07-7389, the Fleetwood entities preserve the following defenses:

a. Rule 12(b)(5): Insufficiency of service of process.

b. Rule 12(b)(6): Failure to state a claim for negligence and breach of express and implied warranties under Louisiana law because those claims are barred by the Louisiana Products Liability Act.

c. Rule 12(b)(6): Failure to state a claim for medical monitoring damages because plaintiffs have not alleged a present and manifest injury.

d. Rule 12(b)(6): Failure to state a claim for breach of express and implied warranties under Alabama and Mississippi law.

e. Rule 12(b)(6): Plaintiffs' claims are barred by the applicable prescriptive periods.

f. Rule 12(b)(6): Failure to state a claim because plaintiffs failed to make any particularized allegations regarding their injuries and damages, and failed to make any particularized allegations connecting any particular plaintiff to conduct by any particular defendant.

g. Rule 12(e): Motion for more definite statement of the complaint based on plaintiffs' failure to make particularized allegations about their injuries and damages and failure to make any particularized allegations about any particular defendants' alleged conduct.

h. Rule 12(b)(6): Plaintiffs' claims should be dismissed for lack of standing because the allegations fail to connect any particular plaintiff with a particular defendant.

i. Rule 12(b)(3): Improper venue as to plaintiffs who reside outside the Eastern District of Louisiana.

j. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically seek property damages inasmuch as such claims are precluded under applicable law.

k. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the manufacturing defendants, inasmuch as the applicable law precludes such reapportionment of fault.

l. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically seek attorneys fees under federal or state law inasmuch as such claims are precluded.

7. In *James T. Kahl and Joan Miller v. Fleetwood Enterprises, Inc., et al.*, originally filed in the United States District Court for the Eastern District of Louisiana, Civil Action Number 07-4012, the Fleetwood entities preserve the following defenses:

a. Rule 12(b)(6): Failure to state a claim for negligence and breach of express and implied warranties under Louisiana law because those claims are barred by the Louisiana Products Liability Act.

b. Rule 12(b)(6): To the extent that plaintiffs are seeking a claim for medical monitoring, plaintiffs have failed to state such claim because they have not alleged a present and manifest injury..

c. Rule 12(b)(6): Failure to state a claim for breach of express and implied warranties under Alabama and Mississippi law.

d. Rule 12(b)(6): Failure to state a claim because plaintiffs failed to make any particularized allegations regarding their injuries and damages, and failed to make any particularized allegations connecting any particular plaintiff to conduct by any particular defendant.

e. Rule 12(b)(6): Plaintiffs' claims are barred by the applicable prescriptive periods.

f. Rule 12(e): Motion for more definite statement of the complaint based on plaintiffs' failure to make particularized allegations about their injuries and damages and failure to make any particularized allegations about any particular defendants' alleged conduct.

g. Rule 12(b)(6): Plaintiffs' claims should be dismissed for lack of standing because the allegations fail to connect any particular plaintiff with a particular defendant.

h. Rule 12(b)(3): Improper venue as to plaintiffs who reside outside the Eastern District of Louisiana.

i. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically seek property damages inasmuch as such claims are precluded under applicable law.

j. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the manufacturing defendants, inasmuch as the applicable law precludes such reapportionment of fault.

8. In *Eldridge N. Klibert v. Fleetwood Enterprises, Inc. et al.*, originally filed in the United States District Court for the Eastern District of Louisiana, Civil Action Number 07-9073, the Fleetwood entities preserve the following defenses:

a. Rule 12(b)(5): Insufficiency of service of process.

b. Rule 12(b)(6): Failure to state a claim for negligence and breach of express and implied warranties under Louisiana law because those claims are barred by the Louisiana Products Liability Act.

c. Rule 12(b)(6): Failure to state a claim for medical monitoring damages because plaintiffs have not alleged a present and manifest injury.

d. Rule 12(b)(6): Failure to state a claim for breach of express and implied warranties under Alabama and Mississippi law.

e. Rule 12(b)(6): Plaintiffs' claims are barred by the applicable prescriptive periods.

f. Rule 12(b)(3): Improper venue as to plaintiffs who reside outside the Eastern District of Louisiana.

g. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically seek property damages inasmuch as such claims are precluded under applicable law.

h. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the manufacturing defendants, inasmuch as the applicable law precludes such reapportionment of fault.

i. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically seek attorneys fees under federal or state law inasmuch as such claims are precluded.

9. In *DeCarlo McGuire, et al v. Gulf Stream Coach, Inc., et al.*, originally filed in the Civil District Court for the Parish of Orleans and removed to the United States District Court for the Eastern District of Louisiana, Civil Action Number 06-5659, the Fleetwood entities preserve the following defenses:

a. Rule 12(b)(6): Failure to state a claim for negligence and strict liability under Louisiana law because those claims are barred by the Louisiana Products Liability Act.

b. Rule 12(b)(6): Plaintiffs' claims are barred by the applicable prescriptive periods.

c. Rule 12(b)(6): Failure to state a claim under Louisiana Civil Code Articles 2317, 2317.1, and 2320.

d. Rule 9(b): Misrepresentation claims should be dismissed for failure to plead such claims with adequate particularity.

e. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically seek property damages inasmuch as such claims are precluded under applicable law.

f. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the manufacturing defendants, inasmuch as the applicable law precludes such reapportionment of fault.

g. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically seek attorneys fees under federal or state law inasmuch as such claims are precluded.

h. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek injunctive relief as none of the theories invoked by plaintiffs provide recovery for injunctive relief sought by plaintiffs and plaintiffs have not alleged a sufficient basis to entitle them to injunctive relief.

10. In *Charles Meshack v. Circle B Enterprises, et al.*, originally filed in the United States District Court for the Southern District of Mississippi, Civil Action Number 1:08-cv-92-HSO-JMR, the Fleetwood entities preserve the following defenses:

a. Rule 12(b)(5): Insufficiency of service of process.

b. Rule 12(b)(6): Failure to state a claim because plaintiffs failed to make any particularized allegations regarding their injuries and damages, and failed to make any particularized allegations connecting any particular plaintiff to conduct by any particular defendant.

c. Rule 12(b)(6): To the extent that plaintiffs are seeking a claim for medical monitoring, plaintiffs have failed to state such claim because they have not alleged a present and manifest injury.

d. Rule 12(b)(6): Failure to state a claim for breach of express and implied warranties under Mississippi law.

e. Rule 12(e): Motion for more definite statement of the complaint based on plaintiffs' failure to make particularized allegations about their injuries and damages and failure to make any particularized allegations about any particular defendants' alleged conduct.

f. Rule 12(b)(6): Plaintiffs' claims should be dismissed for lack of standing because the allegations fail to connect any particular plaintiff with a particular defendant.

g. Rule 12(b)(3): Improper venue as to plaintiffs who reside outside the Southern District of Mississippi.

h. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically seek property damages inasmuch as such claims are precluded under applicable law.

i. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the manufacturing defendants, inasmuch as the applicable law precludes such reapportionment of fault.

j. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically seek attorneys fees under federal or state law inasmuch as such claims are precluded.

k. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek injunctive relief as none of the theories invoked by plaintiffs provide recovery for injunctive relief sought by plaintiffs and plaintiffs have not alleged a sufficient basis to entitle them to injunctive relief.

11. In *Kimberly G. Nelson et al. v. Gulf Stream Coach, et al.*, originally filed in the United States District Court for the Western District of Louisiana, Civil Action Number 07-7494, the Fleetwood entities preserve the following defenses:

a. Rule 12(b)(6): Failure to state a claim for negligence and breach of express and implied warranties under Louisiana law because those claims are barred by the Louisiana Products Liability Act.

b. Rule 12(b)(6): To the extent that plaintiffs are seeking a claim for medical monitoring, plaintiffs have failed to state such claim because they have not alleged a present and manifest injury.

c. Rule 12(b)(6): Failure to state a claim for breach of express and implied warranties under Alabama and Mississippi law.

d. Rule 12(b)(6): Failure to state a claim because plaintiffs failed to make any particularized allegations regarding their injuries and damages, and failed to make any particularized allegations connecting any particular plaintiff to conduct by any particular defendant.

e. Rule 12(b)(6): Plaintiffs' claims are barred by the applicable prescriptive periods.

f. Rule 12(e): Motion for more definite statement of the complaint based on plaintiffs' failure to make particularized allegations about their injuries and damages and failure to make any particularized allegations about any particular defendants' alleged conduct.

g. Rule 12(b)(6): Plaintiffs' claims should be dismissed for lack of standing because the allegations fail to connect any particular plaintiff with a particular defendant.

h. Rule 12(b)(3): Improper venue as to plaintiffs who reside outside the Western District of Louisiana.

i. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically seek property damages inasmuch as such claims are precluded under applicable law.

j. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the manufacturing defendants, inasmuch as the applicable law precludes such reapportionment of fault.

k. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically seek attorneys fees under federal or state law inasmuch as such claims are precluded.

12. In *Robin Oldenburg, Austin Sicard, and Cindy McDonald v. United States of America, et al.*, originally filed in the United States District Court for the Eastern District of Louisiana, Civil Action Number 07-2961, the Fleetwood entities preserve the following defenses:

a. Rule 12(b)(5): Insufficiency of service of process.

b. Rule 12(b)(6): Failure to state a claim for negligence and breach of express and implied warranties under Louisiana law because those claims are barred by the Louisiana Products Liability Act.

c. Rule 12(b)(6): To the extent that plaintiffs are seeking a claim for medical monitoring, plaintiffs have failed to state such claim because they have not alleged a present and manifest injury.

d. Rule 12(b)(6): Failure to state a claim for breach of express and implied warranties under Alabama and Mississippi law.

e. Rule 12(b)(6): Failure to state a claim because plaintiffs failed to make any particularized allegations regarding their injuries and damages, and failed to make any particularized allegations connecting any particular plaintiff to conduct by any particular defendant.

f. Rule 12(b)(6): Plaintiffs' claims are barred by the applicable prescriptive periods.

g. Rule 12(e): Motion for more definite statement of the complaint based on plaintiffs' failure to make particularized allegations about their injuries and damages and failure to make any particularized allegations about any particular defendants' alleged conduct.

h. Rule 12(b)(6): Plaintiffs' claims should be dismissed for lack of standing because the allegations fail to connect any particular plaintiff with a particular defendant.

i. Rule 12(b)(3): Improper venue as to plaintiffs who reside outside the Eastern District of Louisiana.

j. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically seek property damages inasmuch as such claims are precluded under applicable law.

k. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the manufacturing defendants, inasmuch as the applicable law precludes such reapportionment of fault.

l. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically seek attorneys fees under federal or state law inasmuch as such claims are precluded.

13. In *Stephanie G. Pujol v. United States of America, et al.*, originally filed in United States District Court for the Eastern District of Louisiana, Civil Action Number 08-2317, the Fleetwood entities preserve the following defenses:

a. Rule 12(b)(5): Insufficiency of service of process.

b. Rule 12(b)(6): Failure to state a claim because plaintiffs failed to make any particularized allegations regarding their injuries and damages, and failed to make any particularized allegations connecting any particular plaintiff to conduct by any particular defendant.

c. Rule 12(b)(6): Failure to state a claim for medical monitoring damages because plaintiffs have not alleged a present and manifest injury.

d. Rule 12(b)(6): Failure to state a claim for breach of express and implied warranties under Alabama, Mississippi, and Texas law.

e. Rule 12(b)(6): Plaintiffs' claims are barred by the applicable prescriptive periods.

f. Rule 12(e): Motion for more definite statement of the complaint based on plaintiffs' failure to make particularized allegations about their injuries and damages and failure to make any particularized allegations about any particular defendants' alleged conduct.

g. Rule 9(b): Fraudulent concealment should be dismissed for failure to plead such claims with adequate particularity.

h. Rule 12(b)(6): Plaintiffs' claims should be dismissed for lack of standing because the allegations fail to connect any particular plaintiff with a particular defendant.

i. Rule 12(b)(3): Improper venue as to plaintiffs who reside outside the Eastern District of Louisiana.

j. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically seek property damages inasmuch as such claims are precluded under applicable law.

k. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the manufacturing defendants, inasmuch as the applicable law precludes such reapportionment of fault.

l. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically seek attorneys fees under federal or state law inasmuch as such claims are precluded.

m. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek injunctive relief as none of the theories invoked by plaintiffs provide recovery for injunctive relief sought by plaintiffs and plaintiffs have not alleged a sufficient basis to entitle them to injunctive relief.

14. In *Steven Seal, et al. v. Fleetwood Enterprises, Inc., et al.*, originally filed in the United States District Court for the Eastern District of Louisiana, Civil Action Number 07-3893, the Fleetwood entities preserve the following defenses:

a. Rule 12(b)(6): Failure to state a claim for negligence and breach of express and implied warranties under Louisiana law because those claims are barred by the Louisiana Products Liability Act.

b. Rule 12(b)(6): To the extent that plaintiffs are seeking a claim for medical monitoring, plaintiffs have failed to state such claim because they have not alleged a present and manifest injury.

c. Rule 12(b)(6): Failure to state a claim for breach of express and implied warranties under Alabama and Mississippi law.

d. Rule 12(b)(6): Plaintiffs' claims are barred by the applicable prescriptive periods.

e. Rule 12(b)(3): Improper venue as to plaintiffs who reside outside the Eastern District of Louisiana.

f. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically seek property damages inasmuch as such claims are precluded under applicable law.

g. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the manufacturing defendants, inasmuch as the applicable law precludes such reapportionment of fault.

h. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically seek attorneys fees under federal or state law inasmuch as such claims are precluded.

15. In *Betty White, et al. v. Circle B Enterprises, et al.*, originally filed in the United States District Court for the Southern District of Alabama, Civil Action Number 1:08cv00141, the Fleetwood entities preserve the following defenses:

a. Rule 12(b)(5): Insufficiency of service of process.

b. Rule 12(b)(6): Failure to state a claim because plaintiffs failed to make any particularized allegations regarding their injuries and damages, and failed to make any particularized allegations connecting any particular plaintiff to conduct by any particular defendant.

c. Rule 12(b)(6): Failure to state a claim for breach of express and implied warranties under Alabama law.

d. Rule 12(b)(6): Plaintiffs' claims are barred by the applicable prescriptive periods.

e. Rule 12(b)(6): To the extent that plaintiffs are seeking a claim for medical monitoring, plaintiffs have failed to state such claim because they have not alleged a present and manifest injury.

f. Rule 12(e): Motion for more definite statement of the complaint based on plaintiffs' failure to make particularized allegations about their injuries and damages and failure to make any particularized allegations about any particular defendants' alleged conduct.

g. Rule 12(b)(6): Plaintiffs' claims should be dismissed for lack of standing because the allegations fail to connect any particular plaintiff with a particular defendant.

h. Rule 12(b)(3): Improper venue as to plaintiffs who reside outside the Southern District of Alabama.

i. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically seek property damages inasmuch as such claims are precluded under applicable law.

j. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the manufacturing defendants, inasmuch as the applicable law precludes such reapportionment of fault.

k. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically seek attorneys fees under federal or state law inasmuch as such claims are precluded.

l. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek injunctive relief as none of the theories invoked by plaintiffs provide recovery for injunctive relief sought by plaintiffs and plaintiffs have not alleged a sufficient basis to entitle them to injunctive relief.

Finally, in each of these cases, the Fleetwood entities preserve all defenses raised and briefed in the Manufacturing Defendants' Joint Rule 12(b)(6) Motion to Dismiss and the Manufacturing Defendants' Joint Rule 9(b) Motion to Dismiss.

This 19th day of May, 2008.

Respectfully submitted:

/s/ Richard K. Hines, V
Richard K. Hines, V
Georgia Bar No. 356300
Rebecca B. Phalen
Georgia Bar No. 575197
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)

Jerry L. Saporito
Louisiana Bar No. 11717
LEAKE & ANDERSSON, L.L.P.
1700 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-1701
(504) 585-7500 (phone)
(504) 585- 7775 (fax)

Counsel for Fleetwood Enterprises, Inc. and Fleetwood Canada, Ltd., Fleetwood Homes of North Carolina, Inc., Fleetwood Travel Trailers of California, Inc., Fleetwood Travel Trailers of Indiana, Inc., Fleetwood Travel Trailers of Maryland, Inc., Fleetwood Travel Trailers of Kentucky, Inc., Fleetwood Travel Trailers of Oregon, Inc., Fleetwood Travel Trailers of Ohio, Inc. and Fleetwood Travel Trailers of Texas, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has this date been served on all counsel of record in this proceeding by:

( ) Hand Delivery ( ) Prepaid U.S. Mail

( ) Facsimile ( ) Federal Express

( X ) CM/ECF

This 19th day of May, 2008.

/s/ Richard K. Hines, V
Richard K. Hines, V
Georgia Bar No. 356300