UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | ) | MDL NO. 07-1873 |
| FORMALDEHYDE PRODUCT | ) | |
| LIABILITY LITIGATION | ) | SECTION "N-4" |
| | ) | |
| | ) | JUDGE ENGELHARDT |
| | ) | |
| THIS DOCUMENT IS RELATED TO | ) | MAG. JUDGE ROBY |
| THE ADMINISTRATIVE MASTER | ) | |
| COMPLAINT | ) | |

**RULE 12 MOTION TO DISMISS
ADMINISTRATIVE MASTER COMPLAINT
ON BEHALF OF NEWLY ADDED DEFENDANT
SCOTBILT HOMES, INC.**

Comes Now the newly added Defendant, ScotBilt Homes, Inc., by and through its undersigned counsel, and rather than set forth the briefing a second time at length, hereby adopts as if fully set forth at length herein, joins in and asserts the grounds raised in the similarly situated[1] co-defendants' Rule 12 Motions to Dismiss filed in response to Plaintiffs' Administrative Master Complaint ("AMC") and the pursuant to the court's scheduling order[2]. The grounds adopted and asserted include, but are not limited to the following:

---

[1] This would be the co-defendants CMH Manufacturing, Inc., Southern Energy Homes, Inc., Giles Industries, Inc., SunRay RV, LLC, Palm Harbor Mfg., LP and Palm Harbor Albemarle, LLC' Motion to Dismiss the Administrative Master Complaint (Docket Number 230 in Civil Action No. 07-1873) , and the Joint Rule 12(b)(6) Motion filed by the Manufacturing Defendants (including American Homestar Corporation) through their counsel (Andrew Weinstock, Esq.) (Docket Number 210 in Civil Action No. 07-1873)..

[2] Defendant ScotBilt Homes, Inc. objects to the deadlines in this matter, as it has only been involved in the case for less than 30 days and is being required to file Rule 12 motions in a time frame mandated by a scheduling order issued and drafted prior to it being added as a Defendant, as being in violation of

1. First, as a threshold matter, Plaintiffs have failed to satisfy their burden of establishing Article III standing against ScotBilt Homes, Inc., and thus this Court does not have subject matter jurisdiction over Plaintiffs' claims against it.

**2.** Second, Plaintiffs' AMC should be dismissed because the filing is a fictitious procedural creature with no basis or support in the Federal Rules of Civil Procedure or the Rules of Procedure of the Judicial Panel on Multidistrict Litigation or its enabling statute.

3. Third, the named Plaintiffs have improperly joined whatever individual claim each may theoretically have against a Defendant (including ScotBilt Homes, Inc.) with claims that other Plaintiffs may or may not have against other Defendants and have failed to demonstrate any common evidentiary link between either Plaintiffs' claims or the Defendants. Accordingly, the claims levied against ScotBilt Homes, Inc. solely as members of the "industry" should be dismissed.

4. Fourth, ScotBilt Homes, Inc. asserts, adopts and incorporates many standard Rule 12 defenses and expressly joins in and adopts those presented in the Joint Motion to Dismiss of the Manufacturing Defendants filed concurrently herewith, including:

   (1) Plaintiffs' claims sounding in Breach of Express Warranty for Property Damage and Personal Injury fail under Alabama, Mississippi, and Texas law;

   (2) Plaintiffs' claims sounding in Breach of Implied Warranty of Merchantability for Property Damage fail under Alabama, Mississippi, and Texas law;

---

Defendants rights to equal protection and due process under the law. Defendant also has not been served with the *Pujol* lawsuit (Docket No. 08-3217) and has not agreed to waive service in that matter.

(3) Plaintiffs' claims sounding in Breach of Implied Warranty for Fitness for a Particular Purpose for Property Damage and Personal Injury fail under Alabama, Mississippi, and Texas law;

(4) Plaintiffs claims are barred by the Economic Loss Rule under Alabama, Mississippi, Texas, and Louisiana law;

(5) Plaintiffs' claims for Medical Monitoring are precluded by Alabama, Mississippi, Texas, and Louisiana law;

(6) Plaintiffs fail to state a claim because they make collective allegations that do not connect any particular Plaintiff to any of the Manufacturing Defendants (alternatively, Manufacturing Defendants move that the Court order Plaintiffs to amend their pleadings under Rule 12(e)); and

(7) Plaintiffs fail to state a claim because they lack standing.

(8) Failure to State a Claim Upon Which Relief May Be Granted;

(9) Failure of Service of Process;

(10) Insufficiency of Service of Process;

(11) Lack of Personal Jurisdiction;

(12) Improper Venue;

(13) Inconvenient Venue;

(14) Plaintiff's "failure to warn" claim under the Louisiana Products Liability Act fails as a matter of law as to the manufactured housing defendants. As Plaintiffs' counsel admits in the AMC, HUD mandated a warning concerning formaldehyde exposure and promulgated the text of the warning in the Code of Federal Regulations. Under *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380 (1947), all persons are charged with constructive knowledge of the published federal laws, rules and regulations. Under Louisiana Civil Code Article 5, no person may claim ignorance of the law. Even if one or more of the Plaintiffs could demonstrate that there was no HUD-mandated warning posted in one of the manufactured houses, the Plaintiffs' claim of a failure to warn would still fail as a matter of law because they are charged with knowledge of the warning in any event because it is published in the Code of Federal Regulations.;

3

(15)   Manufacturing Defendants' Joint Rule 12(b)(6) Motion to Dismiss Under Louisiana, Alabama, Mississippi and Texas Law and supporting Memorandum;

(16)   Manufacturing Defendants' Joint Rule 9(b) Motion to Dismiss and supporting Memorandum; and

(17)   Federal Rule of Civil Procedure Rule 12(B) Preservation Lists Filed on Behalf of Existing Defendants.

WHEREFORE, and by incorporation and adoption of the motions to dismiss filed by all other Defendants, ScotBilt Homes, Inc. respectfully requests that this Court dismiss it from this action and that the court will tax costs to the Plaintiffs.

Respectfully submitted:

NIELSEN LAW FIRM, LLC

/S/   Thomas C. Pennebaker
Thomas C. Pennebaker, LA. Bar No. 24597
William R. DeJean, LA Bar No. 22762
3838 N. Causeway Blvd., Suite 2850
Metairie, LA 70002
Phone: (504) 837-2500
Fax: (504) 832-9165
Email: tpennebaker@nielsenlawfirm.com
            wdejean@nielsenlawfirm.com

and

GORDON, ARATA, McCOLLUM, DUPLANTIS
      & EAGAN, L.L.P.

Terrence K. Knister, La. Bar No. 7755
Anne P. Birdsong, La. Bar No. 21478
201 St. Charles Ave., 40th Floor
New Orleans, LA 70170
Phone: (504) 582-1111
Fax: (504) 582-1121
Email: tknister@gordonarata.com
            abirdsong@gordonarata.com

Counsel for ScotBilt Homes, Inc.

4

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of May, 2008, a copy of the foregoing Federal Rule of Civil Procedure Rule 12 Motion to Dismiss filed on behalf of ScotBilt Homes, Inc. was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

    /s/ Thomas C. Pennebaker
    Thomas C. Pennebaker, La. Bar 24597