UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION:  N(4) |
| | * | |
| This Document Relates to:  ALL CASES | * | JUDGE: ENGELHARDT |
| | * | MAG: ROBY |

************************************************************************

## FEDERAL RULE OF CIVIL PROCEDURE RULE 12(B) PRESERVATION LIST FILED ON BEHALF OF SCOTBILT HOMES, INC.

NOW INTO COURT, comes undersigned counsel, comes Defendant, ScotBilt Homes,

Inc., which, pursuant to Pre-Trial Order Number 4, dated April 21, 2008, and without prejudice

to its right to assert any other allowable preliminary pleadings, dispositive motions or affirmative

defenses in these or any other case in which it is subsequently named and properly served,

submits for preservation the following list of specific Federal Rule of Civil Procedure Rule 12(b)

Motions[1].  Defendant, ScotBilt Homes, Inc.  hereby incorporates and adopts all the filings of the

---

[1]  ScotBilt Homes, Inc. has only been named in and served with the Amended Master Complaint in case number 07-1873 in the U.S. District Court for the Eastern District of Louisiana.  There are no underlying lawsuits in which ScotBilt has been named which have been served upon ScotBilt, but ScotBilt expects to be served with the *Pujol* lawsuit, which Defendant understands to have been assigned Docket Number 08-3217 in the U.S. District Court, Eastern District of Louisiana but for which Defendant has not been served or waived service at the time of this filing.  To the extent required at this time by the court, and without waiving service, ScotBilt would assert the below and any other grounds for Rule 12 Motions discovered in this proceeding in the *Pujol* lawsuit.  ScotBilt has only been involved in this case for less than 30 days, and objects to the requirement to file this list as it has not been given an appropriate amount of time to evaluate the claims and formulate its defenses in this matter, in violation of the Defendant's rights to equal protection and due process under the law.   Defendant also objects because until the Plaintiffs identify who it is that is suing ScotBilt Homes, Inc., there is no way for Defendant to evaluate the propriety of the venue, the subject matter jurisdiction of the court, the in personam jurisdiction over the Defendant by the court (if any), or the viability of an Article III case or controversy as it relates to ScotBilt Homes, Inc., or the possibility of filing any other motions pursuant to Rule 12 of the Federal Rules of Civil Procedure.  This preservation list is being filed out of an abundance of caution, and Defendant reserves its right to supplement and

items listed in the preservation lists of all the named co-defendants in the Multi-District

Litigation in all of the underlying cases, and all Rule 12 Motions filed by the various co-

defendants, as if fully set for the at length herein as its own, including but not limited to the

following issues:

1.   12(b)(3) – (a) Improper venue in any of the states whose laws are at issue in this
     lawsuit based on contractual forum selection clause / mandatory arbitration clause
     contained in the manufacturer's Warranty Contract, which also contractually
     limits the warranties;  (b) no named Plaintiff has been identified as having been
     provided a ScotBilt Homes, Inc. home within the pleading such that there is an
     ability to evaluate the propriety of the proposed venue, but in any event, no named
     Plaintiff has alleged that they lived in a ScotBilt home in any of the states whose
     laws are at issue ; (c) no minimum contacts with one or more of the relevant states
     whose laws are at issue, including but not limited to the issue that ScotBilt
     Homes, Inc. does not do business in the state of Texas.

2.   12(b)(1) – (a) Lack of subject matter jurisdiction because no actual underlying
     lawsuit was filed; (b) the amended master complaint is not a valid pleading for
     purposes of Rule 4; (c) the amended master complaint was not filed as a class
     action; (d) plaintiffs' individual claims are insufficient to satisfy the amount in
     controversy for diversity jurisdiction; (e) plaintiffs did not make factual or legal
     allegations to demonstrate the court has jurisdiction and instead make conclusory
     statement that federal question and diversity jurisdiction exist; (f) no Article III
     case or controversy before the court and no concrete damages; (g) there is a
     mandatory arbitration clause in the warranty.

3.   12(b)(6) – (a) Failure to state a claim upon which relief can be granted under any
     state's law: (a) to the extent that there is no named Plaintiff associated with any
     ScotBilt manufactured home so there is no Article III case or controversy and no
     concrete harm for purposes of Article III;  (b) failure to state a claim to the extent
     that it is established that any named Plaintiff  knew or should have known of his
     or her cause of action before the filing of the amended master complaint such that
     all such claims are time-barred, rendering all claims prescribed/preempted/time
     barred under Louisiana, Alabama, Texas or Mississippi law;  (c) failure to state a
     claim in that there is no market-share liability under the Louisiana Products
     Liaibility Act;  (d) all persons are charged with knowledge of the published
     federal laws, rules and regulations and the HUD mandated warning concerning
     formaldehyde exposure is promulgated as a federal regulations as per the
     Amended Master Complaint- under *Federal Crop Ins. Corp. v. Merrill,* 332 U.S.
     380 (1947) all persons are charged with knowledge of the published federal laws

---

amend its preservation list in the future as further discovery may warrant and require, and in accordance with any
and all subsequently filed or served lawsuits naming ScotBilt Homes, Inc. as a party defendant, including but not
limited to the *Pujol* lawsuit.

rules and regulations, and under Louisiana Civil Code Article 5, no person may claim ignorance of the law;  (e) federal law preempts state law as everything ScotBilt Homes, Inc. manufactured was in accordance with HUD's guidelines, and as such, conflicting state law provisions are preempted; (f) failure to properly present a claim under the warranty as required / breach of the contract by the Plaintiff;   (g) there was no sale to or contract with any named Plaintiff so there is no standing to sue.

4.      12(b)(6) – (a) Failure to state a claim upon which relief can be granted under any state's law inasmuch as no claimant has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

5.      12(b)(6) – (a) Failure to state a claim upon which relief can be granted under any state's law to the extent that plaintiffs later specifically seek attorneys fees under federal or state law inasmuch as such claims are precluded.

6.      12(b)(6) – (a) Failure to state a claim upon which relief can be granted under any state's law to the extent that plaintiffs specifically assert punitive damages under federal or state law inasmuch as such claims are precluded.

7.      12(b)(6) – (a) Failure to state a claim upon which relief can be granted under any state's law to the extent that plaintiffs specifically assert redhibition/implied warranty claims, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

8.      12(b)(6) – (a) Failure to state a claim upon which relief can be granted under any state's law to the extent that plaintiffs specifically seek property damages, inasmuch as such claims are precluded.

9.      12(b)(6) – (a) Failure to state a claim upon which relief can be granted under any state's law to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the manufacturing defendants, inasmuch as the applicable law precludes such reapportionment of fault and there is no market-share liability; ScotBilt Homes, Inc. cannot be held responsible for more than its own share of any potential damage award and is not liable for the acts, errors or omissions of any other party or non-party to this litigation.

10.     12(b)(6) – (a) Failure to state a claim upon which relief can be granted under any state's law inasmuch as plaintiff's negligence, negligence per se, gross negligence, recklessness, willfulness, strict liability, and breach of implied warranties claims are barred (including but not limited to being barred by the exclusivity provisions of the Louisiana Products Liability Act).

11.     12(b)(6) –  (a) Failure to state a claim upon which relief can be granted under any state's law to the extent that plaintiffs seek injunctive relief as none of the theories invoked by plaintiffs provide recovery for injunctive relief sought by plaintiffs

and plaintiffs have not alleged a sufficient basis to entitle them to injunctive relief. ScotBilt Homes, Inc. does not own or control any of the units at issue or where any potential plaintiff at issue may reside.

12.     12(b)(2) – (a) lack of jurisdiction over ScotBilt Homes, Inc. under in Louisiana or any other State as there is no identified Plaintiff suing ScotBilt Homes, Inc.; (b) there is no minimum contacts with one or more of the states whose laws have been placed at issue so as to warrant or allow jurisdiction over the Defendant;

13      12(b)(4) – (a) insufficiency of process in that the underlying Master Amended Complaint is not a valid pleading and ScotBilt Homes, Inc. has not been validly sued at this point; (b) there is no underlying lawsuit naming ScotBilt Homes, Inc. as a defendant; (c) there is no named Plaintiff with standing to sue ScotBilt Homes, Inc. and (d) there is no Article III case or controversy;

14.     12(b)(5) – (a) insufficiency of service of process. The underlying Master Amended Complaint is not a valid pleading and ScotBilt Homes, Inc. has not been validly sued at this point; (b) there is no underlying lawsuit naming ScotBilt Homes, Inc. as a defendant; (c) there is no named Plaintiff with standing to sue ScotBilt Homes, Inc. and there is no Article III case or controversy;

15.     12(b)(7) – (a) failure to join a necessary and indispensible party – the suppliers of the materials used in construction of the homes have not been added as parties; there is a contractual indemnification provision between ScotBilt Homes, Inc. and the company that contracted with ScotBilt Homes, Inc. for manufacture of such homes (Alliance Homes, Inc. d/b/a Adrian Homes) ; (b) failure to join the manufacturers of the furniture or other FEMA mandated furnishings which contain formaldehyde.

16.     All Rule 12(b) motions filed in the underlying MDL case by the co-defendants, including Docket Nos. 210, 230, 232 and the Rule 9(b) Motion of the co-defendants (which has not been filed as of this submission and for which there is no docket number).

Finally, ScotBilt Homes, Inc. respectfully asserts that it preserves all defenses raised and briefed in the Manufacturing Defendants' Joint Rule 12(b)(6) Motion to Dismiss and the Manufacturing Defendants' Joint Rule 9(b) Motion to Dismiss, and the similarly situated Defendants Motion to Dismiss (Docket Nos. 210 and 230, and as of the time of this filing, no docket number has been assigned to a Joint Rule 9(b) Motion filed by the co-defendants).

Respectfully submitted:

NIELSEN LAW FIRM, LLC

/S/   Thomas C. Pennebaker
Thomas C. Pennebaker, LA. Bar No. 24597
William R. DeJean, LA Bar No. 22762
3838 N. Causeway Blvd., Suite 2850
Metairie, LA 70002
Phone: (504) 837-2500
Fax: (504) 832-9165
Email: tpennebaker@nielsenlawfirm.com
         wdejean@nielsenlawfirm.com

and

GORDON, ARATA, McCOLLUM, DUPLANTIS
         & EAGAN, L.L.P.

Terrence K. Knister, La. Bar No. 7755
Anne P. Birdsong, La. Bar No. 21478
201 St. Charles Ave., 40th Floor
New Orleans, LA 70170
Phone: (504) 582-1111
Fax: (504) 582-1121
Email: tknister@gordonarata.com
         abirdsong@gordonarata.com

Counsel for ScotBilt Homes, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of May, 2008, a copy of the foregoing Federal Rule
of Civil Procedure Rule 12(b) Preservation List on Behalf of ScotBilt Homes, Inc.  was filed
electronically with the Clerk of Court using the CM/ECF system.  Notice of this file will be sent
to all known counsel of record by operation of the court's electronic filing system.

/s/  Thomas C. Pennebaker
Thomas C. Pennebaker, La. Bar 24597