UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | ) | MDL NO. 07-1873 |
| FORMALDEHYDE PRODUCT | ) | |
| LIABILITY LITIGATION | ) | SECTION "N-4" |
| | ) | |
| | ) | JUDGE ENGELHARDT |
| | ) | |
| THIS DOCUMENT IS RELATED TO | ) | MAG. JUDGE ROBY |
| THE ADMINISTRATIVE MASTER | ) | |
| COMPLAINT | ) | |

**MOTION TO DISMISS
ADMINISTRATIVE MASTER COMPLAINT
ON BEHALF OF NEWLY ADDED DEFENDANTS
CMH MANUFACTURING INC., SOUTHERN ENERGY HOMES, INC.,
GILES INDUSTRIES, INC., SUNRAY RV, LLC,
PALM HARBOR MFG., LP, AND
<u>PALM HARBOR ALBEMARLE, LLC</u>**

Comes Now, newly added Defendants CMH Manufacturing, Inc.,[1] Southern Energy Homes, Inc., Giles Industries, Inc., SunRay RV, LLC,[2] Palm Harbor Mfg., LP and Palm Harbor

---

[1] CMH Manufacturing, Inc. ("CMH") appears to have been improperly named in this suit both as Golden West Homes and Oakwod Homes, LLC. "Golden West" and "Oakwood" are both trade names for certain CMH manufactured homes, but there are no CMH corporate entities under those names. CMH Manufacturing, Inc. has never been served with the Administrative Master Complaint ("AMC"), which was actually served on corporate entities that have no relation whatsoever to CMH.

Despite these facts, CMH is appearing herein to respond to any claims made based upon Golden West or Oakwood homes for which CMH might have legal liability. CMH, however, acquired the Golden West and Oakwood trade names after a bankruptcy and has no liability for many Golden West and Oakwood homes in use. Accordingly, CMH makes this appearance without waiver of any defenses it might have to liability for homes manufactured prior to the Oakwod bankruptcy.

[2] Neither Giles Industries, Inc. ("Giles") nor SunRay RV, LLC ("SunRay") manufactured or sold any manufactured homes to FEMA that are at issue in the FEMA Trailer Litigation. Accordingly, Giles and SunRay are separately filing herewith a Motion for Summary Judgment setting forth the legal grounds and evidence on which they should be dismissed from this case as a matter of law. Giles and SunRay join in this Motion to Dismiss out of an abundance of caution and to avoid waiver of any rights or defenses.

01640509.1

Albemarle, LLC[3] (collectively hereinafter referred to as "New Defendants"), and hereby file this Motion to Dismiss Plaintiffs' Administrative Master Complaint ("AMC"). As its basis for this motion, New Defendants are filing herewith a Memorandum in Support of Motion to Dismiss which is incporporated by reference. In further support of the Motion to Dismiss, New Defendants state as follows.

1. First, as a threshold matter, Plaintiffs have failed to satisfy their burden of establishing Article III standing against the New Defendants, and thus this Court does not have subject matter jurisdiction over Plaintiffs' claims against New Defendants.

2. Second, Plaintiffs' AMC should be dismissed because the filing is a fictitious procedural creature with no basis or support in the Federal Rules of Civil Procedure or the Rules of Procedure of the Judicial Panel on Multidistrict Litigation or its enabling statute.

3. Third, the named Plaintiffs have improperly joined whatever individual claim each may theoretically have against a Defendant with claims that other Plaintiffs may or may not have against other Defendants and have failed to demonstrate any common evidentiary link between either Plaintiffs' claims or the Defendants. Accordingly, the claims levied against the New Defendants solely as members of the "industry" should be dismissed.

4. Fourth, New Defendants assert, adopt and incorporate many standard Rule 12 defenses and expressly join in other such motions filed concurrently herewith, including:

· Failure to State a Claim Upon Which Relief May Be Granted;

---

[3] Plaintiffs have improperly named and sued Palm Harbor Homes, Inc. ("PHH") which is a parent company that neither manufactures nor sells homes. Two subsidiaries of PHH, Palm Harbor Mfg., Inc. and Palm Harbor Albemarle, LLC, both of which manufactured and sold homes to FEMA under the "Palm Harbor" trade name appear herein and move to dismiss the AMC. PHH is filing a separate, stand-alone motion to dismiss on the basis that it is improperly named in the AMC, it did not manufacture the homes at issue in this case and there is no evidence that would support any derivative liability for the actions of its separate subsidiary corporations. Out of an abudance of caution, PHH joins in this Motion to Dismiss as well.

- Failure of Service of Process;

- Insufficiency of Service of Process;

- Lack of Personal Jurisdiction;

- Improper Venue;

- Inconvenient Venue;

- Plaintiff's "failure to warn" claim under the Louisiana Products Liability Act fails as a matter of law as to the manufactured housing defendants. As Plaintiffs' counsel admits in the AMC, HUD mandated a warning concerning formaldehyde exposure and promulgated the text of the warning in the Code of Federal Regulations. Under *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380 (1947), all persons are charged with constructive knowledge of the published federal laws, rules and regulations. Under Louisiana Civil Code Article 5, no person may claim ignorance of the law. Even if one or more of the Plaintiffs could demonstrate that there was no HUD-mandated warning posted in one of the manufactured houses, the Plaintiffs' claim of a failure to warn would still fail as a matter of law because they are charged with knowledge of the warning in any event because it is published in the Code of Federal Regulations.;

- Manufacturing Defendants' Rule 12(b)(6) Motion to Dismiss Under Louisiana, Alabama, Mississippi and Texas Law and supporting Memorandum;

- Manufacturing Defendants' Rule 9(b) Motion to Dismiss and supporting Memorandum; and

- Federal Rule of Civil Procedure Rule 12(B) Preservation Lists Filed on Behalf of Existing Defendants.

3

WHEREFORE, for the reasons stated in the attached memorandum and by incorporation and adoption of the motions to dismiss filed by all other Defendants, New Defendants respectfully request that this Court dismiss New Defendants from this action.

Respectfully submitted,

/s/ *James K. Carroll*
James K. Carroll
One of the Attorneys for New Defendants

**OF COUNSEL:**

FOWLER RODRIGUEZ & CHALOS
400 Poydras Street, 30th Floor
New Orleans, Louisiana 70130
Telephone: 504-523-2600
Fax: 504-523-2705

- and -

Lee E. Bains, Jr.
Thomas W. Thagard, III
Edward A. "Ted" Hosp
Edward S. Sledge IV
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2616
Telephone: (205) 254-1000
Fax: (205) 254-1999

5

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 19, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document by first-class mail to all counsel of record who are non-CM/ECF participants.

                              */s/ James K. Carroll*
                              Of Counsel

01640509.1