UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE | : | MDL NO. 2:07-md-1873 |
| PRODUCT LIABILITY LITIGATION | : | SECTION "N" (4) |
| THIS DOCUMENT IS RELATED TO THE ADMINISTRATIVE MASTER | : | JUDGE ENGELHARDT |
| COMPLAINT | : | MAGISTRATE JUDGE ROBY |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND VENUE,
OR, ALTERNATIVELY FOR TRANSFER OF VENUE, AND
MOTION TO DISMISS ADMINISTRATIVE MASTER COMPLAINT
FILED BY DUTCH HOUSING, INC.**

MAY IT PLEASE THE COURT:

Dutch Housing, Inc. (Dutch) file this memorandum in support of its Motion to Dismiss for Lack of Personal Jurisdiction and Venue, or, Alternatively, for Transfer of Venue, and in support of its adopted motions to dismiss, which adopted motions and supporting memoranda are incorporated herein by reference thereto.

**FACTS**

This Court does not have personal jurisdiction over Dutch because Dutch has insufficient contacts with Louisiana to satisfy the constitutional due process requirements of personal jurisdiction. As set forth in the affidavit of Joseph Kimmell, General Manager

1

of Dutch Housing, Inc., attached hereto as Exhibit 1:

Dutch is an Michigan corporation with its corporate headquarters, principal offices and place of business located at 1500 N. Detroit Street, Lagrange, Indiana. Dutch does not sell, design or manufacture any products in the State of Louisiana, is not licensed to do business in the State of Louisiana, does not own property or have any employees in the State of Louisiana and does not otherwise conduct business in the State of Louisiana. In addition, Dutch did not enter into any contract with the United States Federal Emergency Management Agency (FEMA).

And, in further support of the lack of personal jurisdiction defense, the improper venue defense and all of the adopted defenses, no named plaintiff has alleged that they occupied, lived in, or otherwise suffered harm from a temporary housing unit sold, designed or manufactured by Dutch.

## LAW AND ARGUMENT

**A.    This Court Does Not Have Personal Jurisdiction Over Dutch Housing, Inc.**

**1.    Standard of Review:**

This Court's standard of review of motions to dismiss for lack of personal jurisdiction was summarized by the Fifth Circuit in *Wilson v. Belin,* 20 F.3d 644, 648 (5th Cir. 1994), as follows:

> "When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Stuart v. Spademan,* 772 F.2d 1185, 1192 (5th Cir.1985). When the district court rules on the motion without an evidentiary hearing, the plaintiff may bear his burden by presenting a *prima facie* case that personal jurisdiction is proper. *Thompson*

*v. Chrysler Motors Corp.,* 755 F.2d 1162, 1165 (5th Cir.1985). "Moreover, on a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for personal jurisdiction exists." *Bullion,* 895 F.2d at 217 (quoting *D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.,* 754 F.2d 542, 545 (5th Cir.1985)).

While plaintiffs uncontested allegations are entitled to deference, their conclusory allegations are not. *Panda Brandywine Corp. v. Potomac Elec. Power Co.,* 253 F.3d 865, 868-69 (5th Cir. 2001) (the *prima-facie*-case requirement does not require a court to credit a plaintiff's conclusory allegations that lack foundational support or require the court to draw tortured inferences, citing *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n,* 142 F.3d 26, 34 (1st Cir. 1998)).

### 2.     The Legal Standards Governing Personal Jurisdiction:

In *Wilson, supra*, the Fifth Circuit also reviewed the law governing a court's personal jurisdiction over a non-resident defendant, which is quoted below, with citations omitted, as follows:

> In a diversity suit, a federal court has personal jurisdiction over a nonresident defendant to the same extent that a state court in that forum has such jurisdiction. The reach of this jurisdiction is delimited by: (1) the state's long-arm statute; and (2) the Due Process Clause of the Fourteenth Amendment to the federal Constitution. Because the Texas long-arm statute extends to the limits of federal due process, [footnote omitted] our two-step inquiry is reduced to an analysis of whether requiring Blakey and Belin to defend a defamation suit in Texas would impinge on their individual liberty interests--not to be subjected to suits in a distant forum with which they have little connection--that are protected by the Due Process Clause. [Footnote omitted.]
>
> The exercise of personal jurisdiction over a nonresident will not violate due process principles if two requirements are met. First, the nonresident

defendant must have purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with that forum state. And second, the exercise of jurisdiction over the nonresident defendant must not offend "traditional notions of fair play and substantial justice."

The "minimum contacts" prong of the inquiry may be further subdivided into contacts that give rise to "specific" personal jurisdiction and those that give rise to "general" personal jurisdiction. Specific jurisdiction is appropriate when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. General jurisdiction, however, will attach, even if the nonresident defendant's contacts with the forum state are not directly related to the cause of action, if the defendant's contacts with the forum state are both "continuous and systematic."

If a nonresident defendant has sufficient related or unrelated minimum contacts with the forum, we must then consider whether the "fairness" prong of the jurisdictional inquiry is satisfied. The Supreme Court has stated that the "fairness" of requiring a nonresident to defend a suit in a distant forum is a function of several factors, including the "interests of the forum State." n3

> n3 The factors considered in the fairness inquiry are:
>
> The burden upon the nonresident defendant; (2) the interests of the forum state; (3) the plaintiff's interest in securing relief; (4) "the interstate judicial system's interest in obtaining the most efficient resolution of controversies"; and (5) "the shared interest of the several States in furthering fundamental substantive social policies."

20 F.3d at 646-647. These legal principles are equally applicable to personal jurisdiction in a Louisiana-based diversity case because Louisiana's long-arm statute also extends to the limits of federal due process. See La. R.S. 13:3201(B).

### 3. Dutch Has Insufficient Contacts with the State of Louisiana to Satisfy the Minimum Contacts Required for Personal Jurisdiction.

Dutch does not sell, design or manufacture any product in the State of Louisiana.

It has no employees or property in this State. It is not licensed to do business in this State and does not otherwise conduct business here. And, significantly, no plaintiff has alleged that they occupied a temporary housing unit (THU) sold, designed or manufactured by Dutch or that any such unit has caused any specific plaintiff injury or damage. As a result, Dutch has no general or specific contacts with Louisiana, much less the minimum contacts necessary to satisfy the constitutional due process requirements of personal jurisdiction. Pursuant to Fed. Rule Civ. Proc. 12(b)(2), plaintiffs claims against Dutch should therefore be dismissed for lack of personal jurisdiction.

## B.     The Eastern District of Louisiana is an Improper Venue for Civil Actions Against Dutch.

Pursuant to Fed. Rule Civ. Proc. 12(b)(3), Dutch objects to venue in this district because Dutch has no contacts with Louisiana or this Court's territorial jurisdiction, and no named plaintiff has alleged that they lived in any temporary housing unit (THU) manufactured by Dutch in this district or anywhere else.

Principles of venue are not relaxed by class action allegations. *Carolina Casualty Insurance Company v. International Brotherhood of Teamsters,* 136 F.Supp. 941, 943 (N.D. Ala. 1956) ("None of the venue statutes accord different treatment to a class action than is accorded to nonclass actions"); *Bourns, Inc. v. Allen-Bradley Company,* 1971 U.S. Dist. LEXIS 13873 (N.D. Ill. 1971); 7A CHARLES ALLEN WRIGHT & ARTHUR MILLER, ET AL, FEDERAL PRACTICE AND PROCEDURE § 1757, pp. 111-112 (3d ed. 2005). Like

5

personal jurisdiction, when a defendant objects to venue, plaintiffs must establish[1] that venue is proper for each named plaintiff and defendant. *United States ex rel. Lois Sero v. Preiser*, 506 F.2d 1115, 1129 (2nd Cir. 1974). As previously discussed, while uncontested allegations in a motion to dismiss are entitled to deference, conclusory allegations that lack foundational support or require the court to draw tortured inferences are not. Plaintiffs venue allegations are conclusory and not supported by any of their factual allegations. Dutch has no connection with this District sufficient to support venue here, and plaintiffs have failed to properly allege any connection. As a result, the Eastern District of Louisiana is not the proper venue for plaintiffs' claims against Dutch and their claims should be dismissed.

In their flawed AMC, plaintiffs' allege venue is proper in this Court because: (1) "... pursuant to 28 U.S.C. § 1391 ... a large portion of the negligent and wrongful acts of the defendants occurred in the Eastern District of Louisiana[;]" and (2) "... under the provisions of 28 U.S.C. § 1407, this Court [has] been determined [to be] the appropriate transferee Court pursuant to the order of the United States Judicial Panel on Multidistrict Litigation, entered October 24, 2007." (Doc. No. 109, p. 25 at ¶ 14 and ¶ 16, respectively.) These conclusory allegations are not supported by plaintiffs' other allegations or the actual facts.

No single plaintiff has a cause of action against more than one manufacturing

---

[1]*Beckley v. Auto Profit Masters, L.L.C.*, 266 F. Supp. 2d 1001, 1003 (S.D. Iowa 2003) (plaintiff bears the burden of establishing venue, citing *Cohen v. Newsweek, Inc.*, 312 F.2d 76, 78 (8th Cir.1963) (district court properly held that plaintiff-appellant had the burden of establishing venue); see also, *D'Anton Jos, S.L. v. Doll Factory, Inc.*, 937 F. Supp. 320, 321 (S.D.N.Y. 1996).

6

defendant. The plaintiffs' claims are premised upon their alleged exposure to formaldehyde in a THU they occupied that was manufactured by only one defendant. As a result, none of the negligent or wrongful acts alleged by any named plaintiff against any of the new defendants, including Dutch, could have occurred in this Court's district because no named plaintiff alleges that a specific new defendant manufactured the THU they occupied, much less that they occupied such a unit within the Eastern District. In fact, twenty-seven (27) of the sixty-three (63) plaintiffs named in individual and/or representative capacities, allege that they are residents of parishes, counties and states other than the Eastern district. (Doc. No. 109, pp. 2-10, at ¶ 7.) Plaintiffs also fail to allege that any THU was designed or manufactured in Louisiana. As a result, plaintiffs' allegation against Dutch and the other new defendants that "a large portion of the negligent and wrongful acts of the defendants occurred in the Eastern District of Louisiana" is not entitled to deference and does not satisfy plaintiffs' obligation of establishing that venue is proper for each named defendant. Add to this the fact that Dutch has no contacts with the Eastern District and plaintiffs' conclusory allegation in support of venue is completely eviscerated.

Plaintiffs' venue obligations are also not satisfied by their allegation that this Court is the proper Transferee Court of their claims against Dutch and the other new defendants. There is no civil action naming Dutch and the other new defendants that has been transferred to this Court. And, while plaintiffs have filed a Class Action Complaint (CAC) in the Eastern District that has been assigned to this Court, that CAC is identical to and has the same fatal flaws as the AMC.

Simply put, the AMC pleads **absolutely no connection** between Dutch (or any other new defendant) and any named plaintiff. Without such a connection, this Court is without personal jurisdiction over Dutch and it is a court of improper venue. For these reasons, and the other reasons assigned in the adopted motions, plaintiffs claims against Dutch should be dismissed.

**C.      Alternatively, Venue of the Claims Against Dutch Should be Transferred.**

Alternatively, and only if this Court refuses to dismiss the AMC against Dutch on any of the grounds set forth in this motion to dismiss and the motions to dismiss and supporting memoranda adopted by Dutch, then pursuant to 28 U.S.C. § 1404(a) this Court should transfer the claims against Dutch to the United States District Court for the Northern District of Indiana, which is the district of Dutch's principal business operations. In the further alternative, and to the extent this Court finds that the Northern District of Indiana is not a sufficiently convenient venue, then at the very least the claims of the named plaintiffs who allege that they reside outside the Eastern District of Louisiana should be transferred to the districts where they occupied any THU manufactured by Dutch, which districts are presently unknown due to plaintiffs' failure to allege that they occupied such a unit.

**1.      The Standards Applicable to Venue Transfers.**

The request for a transfer of venue based on the convenience of the parties and witnesses is governed by 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." As the party requesting

transfer, the defendant bears the burden of establishing that the transferee forum is more convenient than plaintiff's choice. *See Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). The Fifth Circuit addressed the standard and factors that must be considered before transferring venue under Section 1404(a) In *In re Volkswagen of America, Inc.*, 506 F.3d 376, 380 n.1 (5th Cir. 2007) (*In re Volkswagen II*) First, the court must address whether the suit could have been filed in the transferee venue. *In re Volkswagen II*, 506 F.3d at 380. Second, the court must give deference to the plaintiff's choice of forum, unless the defendant demonstrates "good cause" for the transfer in the form of convenience for the parties and witnesses. *Id.* at 384. When the transferee venue is clearly more convenient, a transfer should be ordered. *Id.*

While transfer under § 1404(a) is generally left to the sound discretion of the transferring court, *see Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988), there are certain "private interest" and "public interest" factors that courts must consider for consistency in decision-making. *In re Volkswagen II*, 506 F.3d at 380 n.1. The private interest factors the court must evaluate are: (1) the relative ease and access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.* at 380. The court must also consider public interest factors, which include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the

9

avoidance of unnecessary problems of conflict of laws or applying foreign law. *Id.* However, no single factor is considered dispositive of the issue." *Id.*

### 2. Plaintiffs' Claims Against Dutch Could Have Been Filed in the Home Districts of Either Dutch or Plaintiffs.

For each plaintiff's claim, there is but one manufacturing defendant – the defendant that manufactured the THU that allegedly harmed the plaintiff. As a result, in every instance there will be at least two districts in which venue would be proper: (1) the district in which the plaintiff occupied the THU and their alleged harm occurred, 28 U.S.C. § 1391(a)(2); and the district in which the THU the plaintiff occupied was manufactured, 28 U.S.C. § 1391(a)(1)-(2). For every plaintiff who occupied a THU outside this Court's district, both the district in which they occupied the THU and the district in which the THU was manufactured would be more convenient for the parties and witnesses and better serve the interest of justice.

### 3. The Plaintiffs' Choice of Venue Is Not Entitled to Deference in this Case.

Since no plaintiff has alleged that they occupied a THU manufactured by Dutch, there is no deference to accord there chosen venue. And, in every instance of a plaintiff who occupied a THU outside of the Eastern District, little to no deference should be given to their choice of venue in this District because they have no connection to this district, which raises the specter of improper forum shopping. *See In re Volkswagen II,* 506 F.3d at 387; *Bearry v. Beech Aircraft Corp.,* 818 F.2d 370, 377 (5th Cir. 1987); *Axa Re-Property and Cas. Ins. Co. v. Tetra Technologies, Inc.,* No. Civ. A. 02-1968, at *5, 2002 U.S. Dist.

LEXIS 23102 (E.D. La. Nov. 27, 2002); *Blanchard & Co. v. Spectrum Numismatics, Inc.,* Civ. A. No. 93-2554, at *4, 1994 U.S. Dist. LEXIS 15369 (E.D. La. Oct. 26, 1994).

### 4. The Private Interest Factors Weigh Heavily in Favor of Transfer.

All of the private interest factors weigh in favor of transferring the claims against Dutch to the Northern District of Indiana because no plaintiff has alleged that they occupied a THU manufactured by Dutch. All of the private interest factors also weigh in favor of transferring the claims of out-of-district-plaintiffs to either their home district or the district where the THU they occupied was manufactured. The reason is simple – in the case of out-of-district-plaintiffs, with the possible exception of experts, no witnesses or other evidence are in the Eastern District. The nature and extent of the plaintiff's exposure to formaldehyde, the medical treatment they received, and the potential liability of the manufacturing defendant will all be determined upon testimonial and documentary evidence that is present in the plaintiff's home district or the district of manufacture. While choosing between these two districts may occasionally prove difficult, choosing between either them and the Eastern District is easy when the plaintiff did not occupy a THU in this District.

### 5. The Public Interest Factors Also Weigh Heavily in Favor of Transfer.

The Eastern District has enough administrative responsibilities with the multitude of Hurricane-Katrina-related cases filed by the citizens that were damaged or reside within its territorial boundaries. There is no reason that this Court and the citizens of the Eastern District should be burdened with the claims of out-of-district-plaintiffs, many of whom will

be asserting claims under the laws of other states against manufacturing defendants who are also not residents and did not construct any THU's in this State. The burdens of Katrina-related litigation should be borne by and distributed among all of the states and districts along the Gulf Coast or that serve as the principal place of business for the manufacturing defendants. There simply is no justification for congesting the Eastern District with the claims filed by citizens allegedly injured elsewhere, by products manufactured and delivered elsewhere, or burdening the citizens residing in the Eastern District with jury duty over those claims.

## CONCLUSION

As set forth above, Dutch Housing, Inc., prays that the plaintiffs' claims against it be dismissed for lack of personal jurisdiction and venue. Dutch Housing, Inc. further prays that plaintiffs' claims against it be dismissed for the reasons set forth in the following motions to dismiss and supporting memoranda adopted by reference and incorporated herein:

(1) the **Motions to Dismiss Administrative Master Complaint** on Behalf of CMH Manufacturing, Inc., Southern Energy Homes, Inc., Giles Industries, Inc., SunRay RV, LLC, Palm Harbor Mfg., LP and Palm Harbor Albermarle, LLC;

(2) the **Manufacturing Defendants Joint Rule 12(b)(6) Motion to Dismiss** filed on behalf of American Homestar Corporation; Oak Creek Homes, L.P.; Oak Creek Homes, Inc.; Coachmen Recreational Vehicle Company, LLC; Coachmen Industries, Inc.; Recreation by Design, LLC; Jayco Enterprises, Inc.; Pilgrim International, Inc.; Starcraft RV, Inc.; Thor California, Inc.; Keystone RV Company; KZ RV, L.P.; Monaco Coach Corporation; R-Vision, Inc.; DS Corporation; Dutchmen Manufacturing, Inc.; Gulf Stream Coach, Inc.; Forest River, Inc.; Horton Homes, Inc.; Silver Creek Homes; TL Industries, Inc.; Frontier RV, Inc.; Skyline Corporation; Layton Homes

Corporation; Fairmont Homes, Inc.; Fleetwood Canada, Ltd.; Fleetwood Homes of North Carolina, Inc.; Fleetwood Enterprises, Inc.; and any other Fleetwood subsidiary that may be deemed to be the real party in interest ("Manufacturing Defendants"); and

(3)     the **Manufacturing Defendants Joint Rule 9(b) Motion to Dismiss**.

And, finally, in the event Dutch Housing, Inc., is not dismissed pursuant to the foregoing, then it prays that venue of the claims against it be transferred to the United States District Court for the Norther District of Indiana.

                            Respectfully submitted

                            Voohries & Labbe
                            (A Professional Law Corporation)

                            */s/ Lamont P. Domingue*
                            Lamont P. Domingue - #20787
                            Post Office Box 3527
                            700 St. John Street
                            Lafayette, Louisiana 70502-3527
                            Telephone: (337) 232-9700
                            ATTORNEYS FOR Dutch Housing, Inc.
                            E-Mail: lpd@volalaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19 th day of May, 2008, a copy of the foregoing Memorandum in Support of Motion to Dismiss for Lack of Personal Jurisdiction and Venue, or, Alternatively for Transfer of Venue, and Motion to Dismiss Administrative Master Complaint, filed by Dutch Housing, Inc. was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to:

   Gerald Edward Mennier - gmeunier@gainsben.com, dmartin@gainsben.com
   Andrew D. Weinstock - andreww@duplass.com, caccardo@duplass.com, cmotes@duplass.com
   Justin I. Woods - jwoods@gainsben.com, ssnyder@gainsben.com
   Henry Thomas Miller - henry.miller@usdoj.gov, etl.files@usdoj.gov

by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service this filing to the following non-CM/ECF participants:

   Jeffery N. Luthi
   One Columbus Circle, NE
   Federal Judiciary Bldg., Room G-255
   Washington, DC 20002.

                              /s/ Lamont P. Domingue
                              Lamont P. Domingue - #20787
                              Post Office Box 3527
                              700 St. John Street
                              Lafayette, Louisiana 70502-3527
                              Telephone: (337) 232-9700
                              ATTORNEYS FOR Dutch Housing, Inc.
                              E-Mail: lpd@volalaw.com