UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

|  |  |  |
|---|---|---|
|  | ) | MDL NO. 1873 |
| IN RE: FEMA TRAILER | ) | SECTION "N" (4) |
| FORMALDEHYDE PRODUCTS | ) |  |
| LIABILITY LITIGATION | ) | JUDGE ENGELHARDT |
|  | ) | MAG. JUDGE ROBY |

THIS DOCUMENT IS RELATED TO ALL CASES

MANUFACTURING DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL
MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL

**MAY IT PLEASE THE COURT:**

Pursuant to Pretrial Order No. 7, the Manufacturing Defendants, through the Defense Steering Committee, file this response to Plaintiffs' Steering Committee's supplemental memorandum in support of their motion to compel. The Manufacturing Defendants maintain their objection to pre-certification notice, despite Plaintiffs' continued insistence. The Manufacturing Defendants have two primary objections: first, a court-directed notice cannot be sent that simply mimics one litigant's paid expert's "opinion" as to the substantive issue of the litigation; second, the Court can properly determine whether a class should be certified without having every putative class member's "claims data" before it.

**I.     No Court-Directed Pre-Certification Notice Should Be Sent Containing Disputed Scientific Statements Regarding Formaldehyde.**

As has already been argued by Defense Liaison Counsel and counsel for the government, no pre-certification notice should be sent in this case. Plaintiffs, however, urge that such a notice should be given and argue for their own litigation position to be included in such a notice. Plaintiffs attached a "report" (not an affidavit) from Mary DeVany that purports to point out inaccuracies with the communications, including alleged misrepresentations of the health effects

of formaldehyde. However, the government is engaged in a public health issue and its communications should not be dictated by a litigant's paid expert. Likewise, this Court should not approve any notice that simply mimics Plaintiffs' position in this litigation. The Plaintiffs' statements on the alleged health effects of formaldehyde are disputed by the Manufacturing Defendants. During the course of this litigation, the Court will hear testimony, read motions, and study scientific articles on the purported health effects of formaldehyde. At this juncture, however, the Court is not in a position to approve one litigant's position in a court-directed notice to putative class members. Plaintiffs can advertise their views in many ways, but disputed scientific positions should not appear as though they are the Court's view.

## II.    The Court Can Determine Class Certification Without Having "Claims Data" On Each Putative Class Member.

In further effort to obtain a pre-certification notice, Plaintiffs claim that the MDL would be more fairly and efficiently conducted if "comprehensive claims data is obtained" before the Court's decision on class certification. Supp. Mem. of PSC at 4. However, Plaintiffs cannot even timely process the Plaintiff's Fact Sheets for the plaintiffs that are currently named, much less any plaintiffs they may engage through a pre-certification notice. Plaintiffs have already told the Court that they can only process 200 Plaintiff's Fact Sheets per week and represent in the latest filing that they have over 17,000 plaintiffs signed up. *Id.* at 6. By that calculation, it will be January 2010 before they can even process the plaintiffs that they have already signed up; it is disingenuous for Plaintiffs to suggest that they seek pre-certification notice for fairness and efficiency when they cannot timely process what they have before them. Federal Rule of Civil Procedure 23 requires the court "[a]t an early practicable time" to determine class certification.

While it would be helpful in deciding class issues to have "comprehensive claims data" for every putative class member, it is not realistic in this case. By their own estimation, Plaintiffs

will have processed only 2,400 of 17,000 claims forms by the class discovery deadline. Although the Manufacturing Defendants believe this information is imperative for certification, Plaintiffs clearly do not agree (otherwise they would find a way to speed up their claims form process). Based upon the Plaintiffs' approach, why do they need more than 14,600 blank claims forms to decide class issues? Do they really believe that 20,000 or 30,000 blank forms would better assist the Court in deciding class issues?

Under Pretrial Order No. 8, Plaintiffs are required to name half of the class representatives by July 1, 2008 and half by August 1, 2008, as well as provide completed Plaintiff Fact Sheets for those so designated. With that information and other discovery that the parties will be conducting, the parties will be able to provide ample evidence to the Court on the class certification issue. Plaintiffs will have no complaint that this process is not fair or efficient.

## CONCLUSION

For the reasons stated above, the Manufacturing Defendants object to any pre-certification notice to putative class members.

Respectfully submitted:

/s/ Andrew D. Weinstock
ANDREW D. WEINSTOCK
JOSEPH G. GLASS
Duplass, Zwain, Bourgeois, Morton,
Pfister & Weinstock
3838 N. Causeway Boulevard
Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
Fax: (504) 837-3119

***DEFENSE LIAISON COUNSEL***

3

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has this date been served on all counsel of record in this proceeding by:

( )   Hand Delivery          ( )   Prepaid U.S. Mail

( )   Facsimile              ( )   Federal Express

(XX)  CM/ECF

New Orleans, Louisiana this 27th day of May, 2008.

/s/ Andrew D. Weinstock
ANDREW D. WEINSTOCK