UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | ) | MDL NO. 07-1873 |
| FORMALDEHYDE PRODUCT | ) | |
| LIABILITY LITIGATION | ) | SECTION "N-4" |
| | ) | |
| | ) | JUDGE ENGELHARDT |
| | ) | |
| THIS DOCUMENT IS RELATED TO | ) | MAG. JUDGE ROBY |
| THE ADMINISTRATIVE MASTER | ) | |
| COMPLAINT | ) | |

**NEWLY ADDED DEFENDANTS GILES INDUSTRIES, INC.'S AND SUNRAY RV, LLC'S NARRATIVE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Newly Added Defendants Giles Industries, Inc. and SunRay RV, LLC, by and through their undersigned counsel, hereby submit this Narrative Statement of Undisputed Facts in Support of Their Motion for Summary Judgment. In support of this Narrative Statement of Undisputed Facts, New Defendants Giles Industries and SunRay RV have previously filed an Evidentiary Submission providing the evidentiary basis for the facts set forth herein.

**Narrative Statement of Undisputed Facts**

1. Purporting to represent a class of similarly-situated individuals, Plaintiffs filed the Administrative Master Complaint against the Federal Government and various manufacturers and suppliers of travel trailers, park models, and mobile homes. See Doc. No. 109.

2. Plaintiffs allege that the travel trailers, park models, and mobile homes (collectively the "housing units") provided by the Defendants contained harmful levels of formaldehyde due to defects in the manufacture of the housing units. Id.

1

3. Based on alleged personal injuries purportedly resulting from exposure to this formaldehyde, Plaintiffs assert various state law claims against the Defendants, including Newly Added Defendants Giles Industries, Inc. and SunRay RV, LLC, under Louisiana, Mississippi, Alabama, and Texas law. Id.

    **1)**  **Source of the Housing Units At Issue in the AMC.**

4. All housing units that were sold to FEMA under the names "Giles Industries" or "SunRay RV" were manufactured and sold on or before March 4, 2006. See Exhibit 1 to Evidentiary Submission, ¶¶ 5-8.

5. Manufactured homes manufactured and sold under the name "Giles Industries" before February 8, 2006 were manufactured and sold by a company named Giles Industries of Tazewell, Incorporated ("the Tennessee Corporation"). See Exhibit 1 to Evidentiary Submission, ¶¶ 7-8 and Exhibit 2 to Evidentiary Submission.[1]

6. Giles Industries of Tazewell, Incorporated was a Tennessee corporation incorporated June 6, 1968. See Exhibit 2 to Evidentiary Submission.

7. Travel trailers manufactured and sold under the name "SunRay RV" before March 4, 2006 were manufactured and sold by SunRay RV, LLC (the "Tennessee LLC"). See Exhibit 1 to Evidentiary Submission, ¶¶ 5-6 and Exhibit 3 to Evidentiary Submission.

8. SunRay RV, LLC was a Tennessee limited liability company organized June 23, 2003. See Exhibit 3 to Evidentiary Submission.

    **2)**  **Sale of Assets.**

9. The assets of the Tennessee Corporation and the Tennessee LLC, respectively, were purchased on March 20, 2006 by two entities: i) Giles Acquisition Corp., an Alabama

---

[1] The entity Giles Industries of Tazewell, Incorporated no longer exits under that name. See Exhibit 5 to Evidentiary Submission.

corporation (the "Alabama Corporation"); and ii) SunRay Acquisition, LLC, an Alabama limited liability company (the "Alabama LLC") (this transaction is hereinafter referred to as the "Acquisition").  See Exhibit 4 to Evidentiary Submission.

10. Under the terms of the Asset Purchase Agreement, the Alabama Corporation and the Alabama LLC acquired substantially all the assets of the Tennessee Corporation and the Tennessee LLC, specifically including "[a]ll of the inventory . . . including raw materials, work-in-process, finished goods and inventory", and both companies' names and all of their respective patents, trademarks, service marks and trade names.  See Exhibit 4 to Evidentiary Submission, §§ 1.2A(ii), (vii).

11. Under this same agreement, the Alabama Corporation and the Alabama LLC specifically and expressly did not assume any product liability and warranty claims:

> **1.4    Li**a**bilities Not Assumed**.  Other than the Assumed Liabilities, Purchasers shall not accept, assume, become or be liable for or subject to any liability, indebtedness, obligation or responsibility of Sellers or of any other person or entity in any way related to the ownership or operation, or both, of the Purchased Assets or the Business prior to the Closing Date [March 20, 2006], whether said liability, indebtedness, obligation or responsibility arises before or after the Closing....  **It is expressly agreed, without limiting the effect of the preceding sentence, that Purchasers shall not be obligated to assume or become liable for**, without Purchasers' express written consent, any of Sellers' liabilities, debts or commitments of any kind whatsoever, known or unknown, fixed or contingent, or, without limitation, . . . **liabilities which relate to any product liability or warranty claim with respect to products sold by Industries or SunRay or sold after the Closing Date but produced prior to the Closing Date ....**

See Exhibit 4 to Evidentiary Submission, §§ 1.3, 1.4 (emphasis added).

### 3) Change of Corporate Names.

12. Immediately following the Acquisition, all four entities changed their names to effectuate the transfer of the trade names and associated rights from the selling Tennessee

3

entities (the "predecessor entities") to the purchasing Alabama entities (the "successor entities"). See Exhibit 4 to Evidentiary Submission, § 9.5.

13. On March 21, 2006, the name of the Tennessee Corporation was changed to Giles Family Holdings, Inc. and the name of the Tennessee LLC was changed to SunRay Investments, LLC. See Exhibits 5 and 6 to Evidentiary Submission, respectively.

14. Likewise, on March 23, 2006, the name of the Alabama Corporation was changed to Giles Industries, Inc. and the name of the Alabama LLC was changed to SunRay RV, LLC. See Exhibits 7 and 8 to Evidentiary Submission, respectively.

Wherefore, New Defendants Giles Industries, Inc. and SunRay RV, LLC hereby respectfully submit this Narrative Statement of Undisputed Facts in support of their previously filed Motion for Summary Judgment.

Respectfully submitted,

/s/ *James K. Carroll*
James K. Carroll (La. Bar Roll No. 3898)
FOWLER RODRIGUEZ & CHALOS
400 Poydras Street, 30th Floor
New Orleans, Louisiana 70130
Telephone: 504-523-2600
Fax: 504-523-2705

Counsel for Newly Added Defendants

**OF COUNSEL:**

Lee E. Bains, Jr.
Thomas W. Thagard, III
Edward A. "Ted" Hosp
Edward S. Sledge IV
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2616
(205) 254-1000

01636452.4

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 23, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document by first-class mail to all counsel of record who are non-CM/ECF participants.


                                       */s/ James K. Carroll*
                                       Of Counsel

5