**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | ) | MDL NO. 07-1873 |
| FORMALDEHYDE PRODUCT | ) | |
| LIABILITY LITIGATION | ) | SECTION "N-4" |
| | ) | |
| | ) | JUDGE ENGELHARDT |
| | ) | |
| THIS DOCUMENT IS RELATED TO | ) | MAG. JUDGE ROBY |
| THE ADMINISTRATIVE MASTER | ) | |
| COMPLAINT | ) | |

**REPLY MEMORANDUM
IN SUPPORT OF
MOTION TO STAY OR TO EXTEND
DISCOVERY, TESTING AND PROCEDURAL DEADLINES
SOLELY AS THEY RELATE TO NEW DEFENDANTS
CMH MANUFACTURING INC., SOUTHERN ENERGY HOMES, INC.,
GILES INDUSTRIES, INC., PALM HARBOR MFG., LP, AND
PALM HARBOR ALBEMARLE, LLC**

Newly Added Defendants CMH Manufacturing, Inc., Southern Energy Homes, Inc., Giles Industries, Inc., Palm Harbor Mfg., LP and Palm Harbor Albemarle, LLC (collectively hereinafter referred to as "New Defendants") hereby respectfully offer this reply memorandum in support of their motion, pursuant to Fed. R. Civ. P. 26(c), for an order staying all discovery, testing and procedural deadlines solely as they relate to New Defendants, pending this Court's ruling upon New Defendants' Motion to Dismiss Administrative Master Complaint.

As overwhelmingly demonstrated by the New Defendants' Motion to Dismiss and Motion to Stay, this Court simply does not have subject matter jurisdiction over the Plaintiffs'

01647951.1

claims against the New Defendants because the Plaintiffs do not have the requisite Article III standing against any of them. **Perhaps most dispositive is that Plaintiffs do not even contest this fact in their Memorandum in Response to Motions to Stay. (Pacer Doc. No. 300).** As such, this civil action should not proceed against the New Defendants unless and until this Court has determined whether it has subject matter jurisdiction over the Plaintiffs' claims against the New Defendants. Such an order staying all deadlines relating to the New Defendants would allow all other parts of the case to proceed generally against the existing Defendants in the matter, just not as to those housing units manufactured by any New Defendant.[1]

In point of fact, Plaintiffs, in their Response, do not even address the requested stay of deadlines as it relates to discovery and procedural issues.[2] Further, they expressly do not oppose the extension of testing deadlines as applicable to the New Defendants. (Pacer Doc. No. 300). Plaintiffs' only substantive response to the Motion to Stay is that Plaintiffs should not be prohibited from testing the never occupied units of New Defendants in order to complete their statistical modeling. This last argument, however, is totally unsupported, and Plaintiffs provide no substantive explanation or basis as to why the exclusion of New Defendants' units from their statistical model would in any way compromise its results as it might relate to the existing defendants over which this Court has subject matter jurisdiction (or why data from New Defendants' units cannot be supplemented in to the "model" later if jurisdiction is established).[3]

---

[1] In *Ford v. NYL Care Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 332 n.1 (5th Cir. 2002), the Fifth Circuit recognized "the fundamental point that wherever possible, Article III standing must be addressed before other issues 'because it determines the court's fundamental power even to hear the suit.'"

[2] While the United States has not filed any formal response to the Motion to Stay, its interests would, of course, relate only to the testing deadlines and not to the discovery and procedural deadlines.

[3] Furthermore, as New Defendants have informed the United States, at such time as New Defendants' units are slated for disposal, New Defendants will certainly test the units on whatever time frame is necessary to allow FEMA to carry out its governmental responsibilities. If this does not satisfy the United States and the United States does

(*Footnote continued on next page*)

In light of this unsupported opposition, it is absolutely clear that the necessity of determining the threshold issues of Article III standing and subject matter jurisdiction, as well as the dictates of *Bell Atlantic Corp., et al v. Twombly,* 127 S.Ct. 1955 (2007), common sense, fundamental fairness and judicial economy all mandate a stay of discovery, testing and procedural issues as they relate to the New Defendants. New Defendants' Motion to Dismiss may dispose of this case entirely as to them, and therefore, a stay of these deadlines and matters is necessary to allow this Court to consider the threshold issues of Article III standing and subject matter jurisdiction.

Furthermore, given their recent entry into this on-going litigation and the substantive and regulatory differences between them and the existing defendants, New Defendants should be accorded additional time to prepare their defense, consider and retain experts, develop protocols and make other practical considerations crucial to the defense of Plaintiffs' claims. From any perspective, it makes sense, logically, legally and factually, to treat the New Defendants (manufactured housing defendants) differently and to put them on a separate defensive track. Such track will not affect in any way the existing pre-trial orders of this Court as they relate to the existing parties.

WHEREFORE, New Defendants respectfully request that this Court grant their motion to stay or extend discovery, testing and procedural deadlines solely as they relate to New Defendants, until this Court rules upon New Defendants' motion to dismiss. Such an order should allow all other parts of the case to proceed generally against the existing defendants in the matter, just not as to those housing units manufactured by any New Defendant.

---

(*Footnote continued from previous page*)
file a formal response to the Motion to Stay, New Defendant may wish to reply with additional arguments at that time.

Respectfully submitted,

/s/ *James K. Carroll*
James K. Carroll
One of the Attorneys for New Defendants

**OF COUNSEL:**

FOWLER RODRIGUEZ VALDES-FAULI
400 Poydras Street, 30th Floor
New Orleans, Louisiana 70130
Telephone: 504-523-2600
Fax: 504-523-2705

- and -

Lee E. Bains, Jr.
Thomas W. Thagard, III
Edward A. "Ted" Hosp
Edward S. Sledge IV
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2616
Telephone:  (205) 254-1000
Fax:  (205) 254-1999

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document by first-class mail to all counsel of record who are non-CM/ECF participants.

*/s/ James K. Carroll*
Of Counsel