UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873 (07-1873)<br><br>SECTION "N-4"<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE ROBY |
| THIS DOCUMENT IS RELATED TO:<br>*Administrative Master Complaint* | |

**DEFENDANT, SCOTBILT HOMES, INC.'S, THIRD-PARTY COMPLAINT AGAINST ALLIANCE HOMES, INC. D/B/A ADRIAN HOMES, AND XYZ INSURANCE COMPANIES NUMBERS 1 THROUGH 25 WHICH ARE UNKNOWN INSURERS FOR ALLIANCE HOMES, INC. D/B/A ADRIAN HOMES.**

  COMES NOW the Defendant, ScotBilt Homes, Inc., by and through its undersigned counsel, and files this third-party complaint.

## PARTIES

1. Made third-party plaintiff herein is ScotBilt Homes, Inc., ("ScotBilt") a Georgia corporation, named as a defendant in the Amended Master Complaint in this Multi-District Litigation No. 07-1873, pending in the United States District Court for the Eastern District of Louisiana.

2. Made third-party defendant herein is Alliance Homes, Inc. ("Alliance") d/b/a Adrian Homes,

        a Georgia corporation registered to and doing business in the State of Louisiana, which may be served through its registered agent for service of process, CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, Louisiana, 70808.

3. Made Defendants herein are XYZ Insurance Companies numbers 1 through 25, who are unknown insurers for Alliance Homes, Inc. d/b/a Adrian Homes and which issued one or more policies of insurance which may be available to satisfy all or any part of any judgment in this case.

## JURISDICTION AND VENUE

4. Jurisdiction is proper pursuant to 28 U.S.C. § 1331, as third-party defendant, Alliance, has placed its products "in commerce," and said products are "affecting commerce" within the meaning of the Commerce Clause of the U.S. Constitution. See, *U.S. v. Bollinger*, 395 F.3d 1218, 1231 (11th Cir. 2005) and *U.S. v. McFarland*, 311 F.3d 376, 418 (5th Cir. 2002).

5. *In personam* jurisdiction is proper as Alliance does business in the States of Louisiana, Mississippi, Alabama, and/or Texas, thereby placing their products "in commerce" and thereby "affecting commerce," and as the acts and events in question, and the contract by and between Alliance and ScotBilt occurred in whole or in part in the State of Louisiana, and are the direct cause of the institution of these proceedings against ScotBilt Homes, Inc. by the Plaintiffs.

6. Jurisdiction is proper pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).

7. Jurisdiction is proper as the September 19, 2005, contract between the parties was confected with the express purpose of ScotBilt constructing for and supplying Alliance with 275 standard manufactured homes so that Alliance could fulfill its September 19, 2005 contract

with the Federal Emergency Management Agency ("FEMA"), (said contract being FEMA Order # HSFEHQ-05-Q-4000). The standard manufactured homes ("Units")[1] are among those at issue in this multi-district litigation ("MDL") and said Units were placed into the boundaries of the states encompassing this MDL.

8. Supplemental jurisdiction is proper pursuant to 28 U.S.C. § 1367(a), as the matters complained of herein arise from the same series of events and forms part of the same case or controversy as the captioned matter.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c), as a substantial portion of the acts or omissions alleged herein occurred in this district and/or there exists *in personam* jurisdiction over Alliance.

10. Venue is also proper pursuant to 28 U.S.C. § 1407, as this Honorable Court has been named the transferee court for this MDL and all acts and/or omissions complained of herein are related to the captioned MDL.

## FACTS AND ALLEGATIONS

11. On September 19, 2005, Alliance and ScotBilt entered into a "Subcontract" ("the contract") and the contract is attached hereto and made a part hereof as if copied *in extenso*, as **"Exhibit 1."**

12. The "Recitals" of the contract state that Alliance had entered into a contract with FEMA to build and supply 1381 Units to FEMA, and that Alliance subcontracted with ScotBilt for ScotBilt to construct 275 of said Units.

---

[1] The term "Units" throughout this pleading refers to ScotBilt Homes's manufactured homes. The term "Units" was used in the Subcontract at issue herein, therefore the term is used in this pleading for consistency of terminology.

13. Section Five of the contract between ScotBilt and Alliance is entitled "Indemnity," and stated the following with regard to the "Contractor," that being Alliance:

    (i) Contractor hereby agrees to warrant and service all Units manufactured and delivered to FEMA and indemnify and hold Subcontractor (ScotBilt) harmless from all claims, demands, damages, actions, suits, costs, attorney fees, or expenses arising out of Contractor's performance of this Subcontract or Contractor's performance of the contract with FEMA. Subcontractor agrees to reimburse Contractor for all transit damages and promptly supply parts for warranty service. The cost of any failure to comply with the specifications will be borne by the Subcontractor. Any audit of transportation costs by FEMA which results in a claim for reimbursement will be the responsibility of the Subcontractor.

    (ii) Contractor hereby agrees to indemnify and hold Subcontractor harmless from any liquidated damages under Contractor's contract with FEMA and this Subcontract, so long as Subcontractor is not in material breach of the terms and conditions of this Subcontract.

14. ScotBilt performed all terms and conditions of the contract between it and Alliance.

15. Pursuant to the contract between Alliance and ScotBilt, Alliance agreed to warrant all Units which were delivered to FEMA. Pursuant to the contract between Alliance and ScotBilt, Alliance agreed to indemnify and hold ScotBilt harmless from all claims, demands, damages, actions, suits, costs, and attorney fees, or expenses arising out of Alliance's performance of the contract with ScotBilt, or arising out of Alliance's performance of its contract with FEMA.

16. All 275 Units manufactured by ScotBilt pursuant to the contract were made to specifications dictated by FEMA and provided to ScotBilt by Alliance.

17. ScotBilt denies any liability to the Plaintiffs. However, in the event it is found that there were any defect(s) or omission(s) in any of the 275 Units manufactured by ScotBilt pursuant to the contract, said defect(s) or omission(s) were the result of Alliance's performance of the

contract or Alliance's performance of its contract with FEMA, and ScotBilt is entitled to be held harmless and indemnified by Alliance in the instant lawsuit, or any other legal proceeding.

18. ScotBilt denies any liability to the Plaintiffs. However, in the event that liability is assessed to ScotBilt, then ScotBilt is entitled to be held harmless and indemnified by Alliance from all claims, demands, damages, actions, suits, costs, and attorney fees, or expenses as a result thereof pursuant to the contract.

19. The nature of the allegations in the instant captioned matter entitle ScotBilt to be indemnified and have all its costs, attorney fees, and/or expenses be borne by Alliance pursuant to the contract.

20. Amicable demand was made upon Alliance for performance to no avail.

### COUNT I - BREACH OF CONTRACT/SPECIFIC PERFORMANCE BY ALLIANCE

21. All liability arising from the performance of the subcontract by ScotBilt lies with Alliance, not ScotBilt.

22. Alliance has breached the subcontract with ScotBilt by failing to hold harmless and indemnify ScotBilt as per the terms of the agreement.

23. ScotBilt Homes, Inc. prays for an Order from the Court::

    A. Requiring Alliance to perform under the terms of the contract; and

    B. Holding Alliance responsible for any and all judgments, awards, damages, penalties, interest, attorney fees, or any other damages awarded against ScotBilt Homes, Inc. if any such awards occur;

    C. Awarding damages as a result of the breach of the contract by Alliance in the form

of all costs and expenses, attorneys fees, damages awarded to Plaintiffs (if any), plus interest, penalties, and any and all other relief that ScotBilt may be entitled to in law or in equity.

### COUNT II - DECLARATORY RELIEF AS TO ALLIANCE

24. ScotBilt Homes, Inc. is unsure of the rights and obligations under the terms of the subcontract between itself and Alliance Homes.

25. ScotBilt Homes, Inc. therefore seeks to have the Court declare the rights and obligations that exist between it and Alliance Homes, Inc.

26. ScotBilt Homes, Inc. therefore prays for an Order from the court interpreting the rights and obligations that exist by and between it and Alliance Homes, Inc. d/b/a Adrian Homes as it relates to the instant litigation and the responsibilities of the parties under the contract.

### COUNT III - CONTRIBUTION / INDEMNIFICATION / COMPARATIVE FAULT CLAIMS AGAINST ALLIANCE

27. ScotBilt Homes, Inc. denies any and all liability in this matter to the plaintiffs[2]. However, should ScotBilt Homes, Inc. be found liable to any Plaintiff, ScotBilt performed the contract in accordance with the request and design parameters provided to it by Alliance Homes, Inc. d/b/a Adrian Homes.

---

[2] As of the filing of this Third Party Demand, no Plaintiff has been identified as having any standing to sue ScotBilt Homes, Inc. or as having been a resident of any of the ScotBilt homes in question in this lawsuit. As such, ScotBilt Homes, Inc. is not on notice of which of the four states' laws at issue in this case are at issue - those being the laws of Texas, Mississippi, Louisiana or Alabama. As such, ScotBilt Homes, Inc. reserves its right to supplement and amend this Third Party Demand against Alliance Homes, Inc.d/b/a Adrian Homes once ScotBilt is put on notice of which state's laws are at issue, and a determination can be made if there are any additional causes of action or claims that can be asserted by ScotBilt against Adrian under the laws of those states.

28. If ScotBilt Homes, Inc. is found liable to any Plaintiff, then Alliance Homes, Inc. d/b/a Adrian Homes is liable for the acts, errors and omissions and owes contribution and indemnification to ScotBilt Homes, Inc. for the damages, or in the alternative, has comparative fault in this matter and is liable to the Plaintiffs for its own share of liability in this proceeding.

30. ScotBilt Homes, Inc. therefore prays for an Order holding Alliance Homes, Inc. d/b/a Adrian Homes liable for its share of contributory fault and seeks indemnification from Alliance. In the alternative, ScotBilt seeks an Order finding that Alliance is liable for its own comparative fault and ScotBilt seeks to be indemnified for Alliance's own share of fault.

**COUNT IV - CLAIMS AGAINST XYZ INSURANCE COMPANIES 1 THROUGH 25.**

31. XYZ Insurance Companies numbers 1 through 25 are unknown insurers for Alliance Homes, Inc. d/b/a Adrian Homes, and issued one or more policies of insurance which would be available to satisfy all or part of any judgment in this matter.

32. XYZ Insurance Companies owe a duty to hold harmless and indemnify ScotBilt Homes, Inc. as a result of the contract entered into by and between ScotBilt Homes, Inc. and its insured Allliance Homes, Inc. d/b/a Adrian Homes.

    A.    **Declaratory Relief**

33. ScotBilt Homes, Inc. is uncertain of the rights and obligations of these third-party insurers for Alliance Homes, Inc. and seeks to have the court issue a declaratory judgment declaring the rights and obligations of XYZ Insurance Companies numbers 1 through 25 under the policies of insurance at issue, specifically addressing if coverage is available under the policies for the alleged acts, events and harm at issue.

### B.   Breach of Contract/Specific Performance

34. XYZ Insurance Companies 1 through 25 are liable for any judgments or damages awards, costs, liabilities, attorneys fees or any other costs, damages or expenses arising out of the instant proceeding or any other litigation as a result of the subcontract entered into between Alliance Homes, Inc. d/b/a Adrian Homes and ScotBilt.

35. ScotBilt prays for an Order from the Court requiring XYZ Insurance Companies to perform according to the terms and conditions of the contract between ScotBilt and Alliance Homes, Inc. d/b/a Adrian Homes,and according to the terms of the policy (or policies) of insurance at issue.

36. In the alternative, ScotBilt asserts that the terms of the contract has been breached, and it is entitled to an award of damages against Alliance Homes, Inc. d/b/a Adrian Homes and XYZ Insurance Companies 1 through 25 for all damages, costs, expenses, attorneys' fees, consequential damages, and any and all other relief to which ScotBilt Homes, Inc. may be entitled to in law or equity.

### CONCLUSION

WHEREAS, third-party plaintiff, ScotBilt Homes, Inc., prays for an order interpreting the rights and obligations that exist under the contract by and between ScotBilt Homes, Inc. and Alliance Homes, Inc. d/b/a Adrian Homes, and under the policy (or policies) of insurance issued by XYZ Insruance Companies 1 through 25;  that after due deliberations are had, third-party defendant, Alliance Homes, Inc. d/b/a Adrian Homes, and/or its insurers XYZ Insurance Companies 1 through 25, are ordered to indemnify and hold ScotBilt harmless from all claims, demands, damages, actions, suits, costs, attorney fees, or expenses arising out of the instant (or any other related) litigation; and

that it be further ordered that Alliance and/or its insurers XYZ Insurance Companies 1 through 25 assume all costs, attorney fees, and/or expenses incurred by ScotBilt in the captioned matter and that Alliance by ordered to pay all such costs, attorney fees, and/or expenses to ScotBilt on a once-per-month basis or as justice dictates.

        Respectfully submitted,
        NIELSEN LAW FIRM, L.L.C.

        */s/ William R. DeJean*
        THOMAS C. PENNEBAKER, LA.S.B. 24597
        WILLIAM R. DeJEAN, LA.S.B. 22762
        3838 N. Causeway Blvd., Suite 2850
        Metairie, Louisiana 70002
        Tel. (504) 837-2500
        Fax (504) 832-9165
        Email: tpennebaker@nielsenlawfirm.com
              wdejean@nielsenlawfirm.com

        AND

        GORDON, ARATA, McCOLLUM, DUPLANTIS
        & EAGAN, L.L.P.

        TERRENCE KNISTER, LA.S.B. 7755
        ANNE P. BIRDSONG, LA.S.B. 21478
        201 St. Charles Avenue, 40th Floor
        New Orleans, Louisiana 70170
        Tel. (504) 582-1111
        Fax (504) 582-1121
        Email: tknister@gordonarata.com
              abirdsong@gordonarata.com

        Counsel for ScotBilt Homes, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this pleading was served upon all counsel of record participating by the CM/ECF system, and that if there are any counsel that do not participate in the CM/ECF system, a copy will be sent to such counsel by U.S. mail, postage prepaid and properly addressed, this 13th day of June, 2008.

/s/   *William R. DeJean*