## Justin Woods

| | |
|---|---|
| **From:** | Miller, Henry (CIV) [Henry.Miller@usdoj.gov] |
| **Sent:** | Monday, June 16, 2008 10:37 AM |
| **To:** | Justin Woods; Denise Martin; Gerald E. Meunier |
| **Cc:** | Glynn, J.Patrick (CIV); Jordan Fried; Janice Williams-Jones; Boyle, Michelle (CIV); Andrew Weinstock; tthagard@maynardcooper.com; joe glass |
| **Subject:** | RE: Formaldehyde Litigation |

Justin,

Filing any such motion is premature, because as I have repeatedly explained FEMA is willing to run such a search if PSC provides us with the information. As such, I do not believe that we have any dispute justifying judicial intervention.

However, please be aware that until FEMA gets Privacy Rights Act waivers all FEMA can produce, consistent with Court's Order relating to the Privacy Rights Act is the identity of a trailer that was occupied by a claimant, the Court Order does not allow FEMA to reveal or match up individual claimants to an individual unit. If you require or are seeking such information you will need to either produce a Privacy Rights Act waiver and/or obtain an Order from the Court allowing FEMA to disclose that information to the PSC and DSC. This is information that I believe both PSC and DSC want, rather than require FEMA to rerun the search at a later date to match up claimants to specific units at a substantial cost to PSC and DSC, i encourage to either produce the release or obtain the necessary Court Order waiving the requirements of the Privacy Rights Act before FEMA runs this search.

Finally, to speed up the search process using any such information, please produce the lists of claimants with their corresponding FEMA ID numbers that you want searched, and agree that PSC will cover FEMA's costs for conducting these searches. FEMA will attempt to complete that search in a timely manner. To avoid the piecemeal approach resulting from PSC producing lists of claimants in piecemeal fashion, please provide to DOJ and FEMA a complete list of all claimants names and corresponding FEMA ID numbers that you want searched and once that list is provided, and Privacy Rights Act issued sorted out, FEMA will commence the search.

Regards,

Henry Miller
US Dept. of Justice

---

**From:** Justin Woods [mailto:jwoods@gainsben.com]
**Sent:** Monday, June 16, 2008 10:51 AM
**To:** Miller, Henry (CIV); Denise Martin; Gerald E. Meunier
**Cc:** Glynn, J.Patrick (CIV); Jordan Fried; Janice Williams-Jones; Boyle, Michelle (CIV); Andrew Weinstock; tthagard@maynardcooper.com
**Subject:** RE: Formaldehyde Litigation

Henry,

Upon further investigation of this issue, it has come to my attention that we have, on numerous occasions, provided the government with names **AND** FEMA I.D. #'s for individuals but we were not provided any matching or corresponding information for those individuals. The PSC is seeking to have the Court enforce its Order requiring the government to comply as it relates to these individuals.

Justin.

EXHIBIT
PSC-3

1

**From:** Miller, Henry (CIV) [mailto:Henry.Miller@usdoj.gov]
**Sent:** Monday, June 16, 2008 9:45 AM
**To:** Justin Woods; Denise Martin; Gerald E. Meunier
**Cc:** Glynn, J.Patrick (CIV); Jordan Fried; Janice Williams-Jones; Boyle, Michelle (CIV); Andrew Weinstock; tthagard@maynardcooper.com
**Subject:** RE: Formaldehyde Litigation

Justin,

Thank you for e-mail and notice of PSC's intent to file a motion to compel.  As I have explained in numerous e-mails, FEMA as part of the the FRRATS search ran the name search and attempted to match names with FEMA ID numbers. What you will be seeking to compel is a search that has already been done.  As a result of the initial concern you expressed and you statement that you called up FEMA and they could provide you with you FEMA ID number, I asked Michelle to contact FEMA to confirm my understanding of the search FEMA ran to ensure that I was not mistaken. Michelle has confirmed with FEMA that as part of the FRRATS search, FEMA also ran the names through its data base in an attempt to identify persons FEMA ID number in hopes that this would result in FEMA being able to identify more units that claimants occupied.  PSC is simply going to seek to compel a search that has already been done.

Accordingly, I encourage the PSC to reconsider its decision.  In any event, if PSC moves forward with the motion, the Government will oppose the motion on grounds that the requested action -- a search seeking to match names with FEMA ID numbers and then run that information through the FRRATS system has already been done as part of the FRRATS search and PSC has been provided with the results of that search, sans the FEMA ID numbers because that information is protect by the Privacy Act.  Further, there are several additional procedural objections the United States will in all likely raise in opposition to any such motion, including, but not limited to (1) no underlying discovery request requiring the action Plaintiffs seek to compel and (2) potential Privacy Rights Act issues.

Finally, per Government's correspondence with PSC, I again urge PSC to provide the United States with the claimants completed Information Data Sheet with their FEMA ID number and Privacy Act waivers so that FEMA and the other Defendants can identify the units that each claimant occupied and pull and produce claimants' FEMA files to the parties.

Regards,

Henry Miller

---

**From:** Justin Woods [mailto:jwoods@gainsben.com]
**Sent:** Monday, June 16, 2008 10:00 AM
**To:** Miller, Henry (CIV); Denise Martin; Gerald E. Meunier
**Cc:** Glynn, J.Patrick (CIV); Jordan Fried; Janice Williams-Jones; Boyle, Michelle (CIV); Andrew Weinstock; tthagard@maynardcooper.com
**Subject:** RE: Formaldehyde Litigation

Henry,

I just left a voice mail message for you.

The PSC intends upon filing a Motion to Enforce Court's Order of March 4, 2008 (Document 104).  We are seeking an Order enforcing FEMA to comply with and to conducts searches of its databases for Plaintiff information.

Justin.

---

**From:** Miller, Henry (CIV) [mailto:Henry.Miller@usdoj.gov]
**Sent:** Monday, June 16, 2008 8:11 AM
**To:** Denise Martin; Gerald E. Meunier
**Cc:** Justin Woods; Glynn, J.Patrick (CIV); Jordan Fried; Janice Williams-Jones; Justin Woods; Boyle, Michelle (CIV);

Andrew Weinstock; tthagard@maynardcooper.com
**Subject:** RE: Formaldehyde Litigation

Jerry,

I apologize for not responding sooner, but our office was shut down on Friday because of a power outage and computers were down this weekend.

The United States has no objection to PSC's request.

Justin also left a message on my voice-mail Friday wanting to discuss a motion PSC wanted to file.  I assume that this is matter he wanted to discuss, if not he should give me a call so we can discuss that matter.

Regards,

Henry Miller

---

**From:** Denise Martin [mailto:dmartin@gainsben.com]
**Sent:** Friday, June 13, 2008 3:39 PM
**To:** Miller, Henry (CIV); Boyle, Michelle (CIV)
**Cc:** Justin Woods
**Subject:** Formaldehyde Litigation

Dear Counsel:

Please advise whether the Government will oppose our request to exceed the 25-page limit on plaintiffs' brief in opposition to the Government 12(b) motion to dismiss.  We will ask the Court to allow a 50-page limit for our brief.

Your advices would be appreciated as soon as possible, so that we know how to serve this request up to Judge Engelhardt.

Sincerely,
Jerry

Denise M. Martin
Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163
Telephone: 504-522-2304
Direct Line:  504-297-1767
Facsimile: 504-528-9973
Email: dmartin@gainsben.com

www.gainsburghbenjamin.com

CONFIDENTIALITY NOTICE: INFORMATION IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE RECIPIENT(S) NAMED ABOVE This message is sent by or on behalf of a lawyer at the law firm listed above, and is intended only for the use of the individual or entity to whom it is addressed. This message contains information and/or attachments that are privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or is not the employee or agent responsible for delivering this message to the intended recipient, please do not read, copy, use or disclose this communication to others. Please notify us immediately at 504-522-2304 if you receive this message in error, and immediately delete this message and all of its attachments. Thank you.

## Justin Woods

**From:** Justin Woods
**Sent:** Friday, June 06, 2008 12:37 PM
**To:** 'Miller, Henry (CIV)'; Andrew Weinstock; Gerald E. Meunier
**Cc:** Boyle, Michelle (CIV); Janice Williams-Jones; Denise Martin; Jordan Fried; tthagard@maynardcooper.com; Glynn, J.Patrick (CIV)
**Subject:** RE: FEMA - Formaldehyde Litigation

Henry,

Simply put:  I have a hard time believing that a "proper" search was conducted.  If I can call and easily get my name matched to my FEMA I.D. number, I do not understand the poor result of the search produced to the PSC.  AGAIN, my concerns may easily be addressed, perhaps by an affidavit from the FEMA employee detailing how the search was conducted.

Your attempts to deflect and attempt to address the "short-comings" of the plaintiffs is of no moment to this argument.  We will one day have the information that you think we should, however that is not the case at the present moment.

Believe me, I would prefer to resolve this without the Court's involvement but I believe that if the Government were more forthcoming with information (meaning information from a technical person as opposed to a lawyer), we might be able to resolve this issue.

Quite frankly, I believe you could have easily addressed and squashed any concerns that I have raised some time ago as opposed to writing novellas.

Justin.

-----Original Message-----
From: Miller, Henry (CIV) [mailto:Henry.Miller@usdoj.gov]
Sent: Friday, June 06, 2008 10:13 AM
To: Justin Woods; Andrew Weinstock; Gerald E. Meunier
Cc: Boyle, Michelle (CIV); Janice Williams-Jones; Denise Martin; Jordan Fried;
tthagard@maynardcooper.com; Glynn, J.Patrick (CIV)
Subject: RE: FEMA - Formaldehyde Litigation

Justin,

I still think you do not understand -- FEMA ran the name search as part of its FRRATS search -- FEMA needs the additional information to obtain any higher level of accuracy.  Contrary to your belief, it is in the Government and other Defendants interest to match up potential Plaintiffs with identifying information as quickly as possible.  FEMA wants to match it up so that everyone can complete any and all testing ASAP and it can get rid of the trailers, and the other Defendants want it matched up so that know which units they need to test.  PSC has in its possession, custody, and control the information FEMA needs to mine its data base for the information that PSC, FEMA and the Defendants all want.  The bottleneck is PSC apparent inability or refusal to obtain and provide in a prompt manner the information that FEMA needs to run the search.  As such, if anything it is the Government and Defendants who should be asking the Court for relief. Ultimately what I truly find astounding is that PSC has apparently signed over 18,000 claimants and when it signed them up apparently failed to collect from them any basic information relevant to their claims such as their FEMA ID numbers, dates that they occupied FEMA provided temporary housing units, a waiver authorizing PSC to collect Privacy Rights protected information.  The information all the parties require could be readily accessed from the FEMA data base and shared.

1

Further, as to the Fact Sheets -- I do understand that PSC construed the Court's Order to mean it need only produce in mid-July Fact Sheets for initial 700+ named Plaintiffs and that the Court agreed with PSC's narrow interpretation, however, I also understood that there had been some modification and that PSC agreed to produce Fact Sheets for other claimants ASAP, and it was my understanding that they would be producing more than just initial 700 claimants in mid-July.  As to exactly what PSC agreed to I am not sure and would need to go back and review the record.

Regards,

Henry Miller
US Dept. of Justice


-----Original Message-----
From: jwoods@gainsben.com [mailto:jwoods@gainsben.com]
Sent: Friday, June 06, 2008 10:49 AM
To: Miller, Henry (CIV); Andrew Weinstock; Gerald Meunier
Cc: Boyle, Michelle (CIV); Janice Williams-Jones; Denise M. Martin; Jordan Fried;
tthagard@maynardcooper.com; Glynn, J.Patrick (CIV)
Subject: Re: FEMA - Formaldehyde Litigation

Henry,

I would simply ask the Court to enforce its Order which I believe the Government is not complying with.

Perhaps if you were to provide proof or refuting evidence that a name search is not as simple as what I conveyed was my personal experience, that may alleviate my concerns. If you believe that is not necessary, this argument is over.

Justin
Sent via BlackBerry by AT&T

-----Original Message-----
From: "Miller, Henry (CIV)" <Henry.Miller@usdoj.gov>

Date: Fri, 6 Jun 2008 10:21:38
To:"Justin Woods" <jwoods@gainsben.com>, <andreww@duplass.com>,        "Gerald E. Meunier"
<gmeunier@gainsben.com>
Cc:"Boyle, Michelle (CIV)" <Michelle.Boyle@usdoj.gov>,        "Williams-Jones, Janice"
<jwjones@dhs.gov>,        "Denise Martin" <dmartin@gainsben.com>,        "Jordan Fried"
<jordan.fried@dhs.gov>, <tthagard@maynardcooper.com>,        "Glynn, J.Patrick (CIV)"
<J.Patrick.Glynn@usdoj.gov>
Subject: RE: FEMA - Formaldehyde Litigation


Justin,

I am not sure what you intend to argue to the Court about given that the United States and FEMA voluntarily agreed to conduct the search at issue, and the further search you are requesting without the additional information FEMA has requested will simply duplicate the search that was already done .  As such, I would again encourage you to forego involving the Court and produce the additional information requested by FEMA given that (1) FEMA has already run the agreed to search and the search you are requesting will constitutes a waste of time without the additional information regarding the individual claimants, and (2) there exists no underlying basis to justify Court intervention at this time or support a motion to

compel -- no Interrogatory or Request for Production requesting FEMA to run the requested search.

Regards,

Henry Miller
US Dept. of Justice

----------------

From: Justin Woods [mailto:jwoods@gainsben.com]
Sent: Thursday, June 05, 2008 6:38 PM
To: Miller, Henry (CIV); andreww@duplass.com; Gerald E. Meunier
Cc: Boyle, Michelle (CIV); Williams-Jones, Janice; Denise Martin; Jordan Fried; tthagard@maynardcooper.com; Glynn, J.Patrick (CIV)
Subject: RE: FEMA - Formaldehyde Litigation

Henry,

I believe your understanding of the Court's order is wrong.

The Court has ordered the PSC to provide Plaintiff Fact Sheets (PFS's) to the Defendants by July 16, 2008 for all named plaintiffs (approximately 837 individuals). We will definitely not have "several thousand" fact sheets to turn over to the Defendants. Please refer to Pretrial Order No. 2 (DOC 87), Paragraph III.C. Pretrial Order No. 8 (DOC 287), Paragraph 3.B and 3.C only require the PSC to turn over PFS's for the proposed class representatives (no more than that) by July 1 and August 1.

I would hope that you would recall the conversation that took place in the Judge's chambers regarding the database search and privacy act concerns as well as the entry of the Order (DOC 104) wherein the Court ordered FEMA to search its databases. I understand that you believe that the information is best discovered by plaintiffs but unfortunately that is not the case. I continue to believe that a simple search can still be accomplished to achieve the sought after information. Indeed the search may require one more step in the process but I believe that it is not an onerous one (this will be our argument to the Court).

Justin.

From: Miller, Henry (CIV) [mailto:Henry.Miller@usdoj.gov]
Sent: Thursday, June 05, 2008 5:11 PM
To: Justin Woods; andreww@duplass.com; Gerald E. Meunier
Cc: Boyle, Michelle (CIV); Williams-Jones, Janice; Denise Martin; Jordan Fried; tthagard@maynardcooper.com; Glynn, J.Patrick (CIV)
Subject: RE: FEMA - Formaldehyde Litigation

Justin,

Your assertion that Government is not being forthright is simply absurd.

3

Further, I am not exactly sure what you are referring to regarding the Judge's wishes.  It is my understanding that what the Court wants is for parties to work together so that this matter can be tried and resolved in a prompt, timely and efficient manner.  Consistent with the this goal, one that I believe we all share, the United States before it was even a party to this litigation voluntarily produced information to PSC and DSC, including, but not limited to allowing the parties access to 1000s of EHUs, has produced thousands of pages of documents in response to PSCs requests for information relating to EHUs, and also agreed to conduct the name search that PSC requested so long as PSC agreed to cover the cost of that search.  The fact of matter is that the name search was not as successful as we all had hoped.  The United States immediately informed PSC that to increase accuracy of the search FEMA needed additional information from PSC.  As explained, the most effective and efficient way to mine the data that the parties seek from FEMA is for PSC to provide the above additional information regarding the claimant and then have FEMA rerun the search using that information.  I understand that you disagree, however, the government's position is based upon fact rather then speculation or your belief that your Government is not forthright.

As such, and as I have explained on multiple occasion,however, it bear repeating, FEMA has run the name search Plaintiffs requested and we have provided Plaintiffs with the result of that search -- FEMA was able to match up ~3500 names out of the ~18,000 names that Plaintiffs provided.  To get more accurate results FEMA needs more information.  Accordingly, please provide us with the requested Privacy Act waiver, your clients FEMA identification numbers, or in rare cases that they do not have their FEMA identification number, additional identifying information previously identified, and agree to cover costs of the search and FEMA will run a search and provide you with results.  Please provide this information and FEMA will rerun the search.

Finally, looking at the bigger picture, PSC is making an issue out of a non-issue.  PSC is required to obtain a Fact Sheets from each claimant.  That Fact Sheet is suppose to contain a Privacy Rights Act waiver and the information FEMA has indicated it needs to mine the data that PSC and DSC seeks from its data base.  FEMA is not refusing to run further searches of its data base given that PSC will bear cost for such a search, rather FEMA is simply asking PSC to provide it with the data that FEMA needs to effectively search its data base to identify the information PSC and DSC require.  Moreover, FEMA's request imposes absolutely no additional burdens on PSC, FEMA is simply asking PSC to provide it with the information that Plaintiffs are already under a Court Order to provide to Defendants.  On July 1, 2008, PSC is required to provide Fact Sheets for the half of the initial class representatives and on or about July 15, 2008, with several thousand such Fact Sheets.  With these Fact Sheets in hand PSC can provide the requested information to FEMA and FEMA can then run the searches and also because the Fact Sheets will contain the Privacy Rights Act waiver FEMA can also provide with no judicial involvement any other Privacy Act protected information in its possession or data base relating to the claimants.

Accordingly, consistent with all parties desire to resolve this case in a prompt, efficient and timely manner please provide the requested information so that FEMA can search for and produce the information sought by the PSC and DSC.

Regards,

Henry T. Miller
US Dept. of Justice


----------------

From: Justin Woods [mailto:jwoods@gainsben.com]

4

Sent: Thursday, June 05, 2008 4:43 PM
To: Miller, Henry (CIV); andreww@duplass.com; Gerald E. Meunier
Cc: Boyle, Michelle (CIV); Williams-Jones, Janice; Denise Martin; Jordan Fried;
tthagard@maynardcooper.com
Subject: RE: FEMA - Formaldehyde Litigation Henry,

I am sorry to continue to badger you about this issue but I firmly believe that the
Government has the capability to comply with the Judge's wishes.

For further information, I personally called the FEMA hotline (1-800-621-FEMA) to get an
update on my status with the agency.  Without providing my FEMA I.D. or SSN, the
representative was able to locate my FEMA I.D. number solely upon my name.  I offered my
address but I was told that it was not necessary.

My exercise today further confirms my belief that the Government is not be completely
forthright with information and its ability to search its own records.

I believe that FEMA can simply do a search on its applicant database by name and address of
damaged property to locate a FEMA I.D. number and then perform a FRATTS search once the FEMA
I.D. number is found.

Justin.


From: Miller, Henry (CIV) [mailto:Henry.Miller@usdoj.gov]
Sent: Thursday, June 05, 2008 2:26 PM
To: Justin Woods; andreww@duplass.com; Gerald E. Meunier
Cc: Boyle, Michelle (CIV); Williams-Jones, Janice; Denise Martin; Jordan Fried;
tthagard@maynardcooper.com
Subject: RE: FEMA - Formaldehyde Litigation

Justin,

I am not sure what you are going to bring to Court's attention.  FEMA has already provided
you with results of a name search.  Plaintiffs are apparently disappointed that name search
did not result in more hits -- I can assure you that the Government and other Defendants are
also disappointed with those results.  Both Michelle and I have explained to Plaintiffs on
multiple occasions that the best way to match up, locate and identify information that
both Plaintiffs and other Defendant seek is to provide FEMA with claimants FEMA ID -- which
you have indicated everyone who has one knows.  Alternatively, we have indicated that in
those rare cases where a person does not know their FEMA ID number, FEMA can search, but it
needs more than just a name (although even with additional information this would not be as
accurate a result as a FEMA ID number).  Thus, once again we are back where we started,
Plaintiffs need to gather either the FEMA ID number, or sufficient additional information
from each claimant so as to allow FEMA to better focus its search.

As for Privacy Act -- my recollection regarding discussion in Chambers with the Court
regarding this matter is a little different than yours, I understood that FEMA was to provide
PSC with language sufficient to constitute a Privacy Rights Act waiver (which we had already
provided) and that Plaintiffs Counsel was to get such waivers from their clients, and in
meantime Court agreed to enter an Order that constituted a limited waiver so as to give PSC
time to get the waivers from their client.  The Court may or may not be willing to extend
that Order to other matters, I do not know, but I believe at a bare minimum prior to entry of
any such Order given discussions on this matter, PSC would have to demonstrate good cause as
to why they have not yet obtained Privacy Rights Act waivers from their clients.

Again, I reiterate, I think the most efficient way to proceed is for Plaintiffs to get their Fact Sheets completed ASAP, a document that should contain a Privacy Act waiver, their FEMA ID number, and if no FEMA ID number, the  additional information they provide on Fact Sheet should provide sufficient background information for FEMA to identify their FEMA ID number and then identify unit that all Plaintiffs occupied.  I know that completion of those documents is an onerous task, but at this point in time and to date only entities that have been expending substantial resources that have resulted in production of any information or data have been the Government and other Defendants, and requiring Plaintiffs to contribute information that is in their possession and which they are in the best position to ascertain, information that will speed up and and to allow Government to identify information that both Plaintiffs and other Defendants seek from the Government, is reasonable and appropriate.

Finally, if you continue to believe that further rehashing of this matter via telephone is required, feel free to give me a call at (202) 616-4223.

Regards,

Henry Miller
US Dept. of Justice


----------------

From: Justin Woods [mailto:jwoods@gainsben.com]
Sent: Thursday, June 05, 2008 2:56 PM
To: Miller, Henry (CIV); andreww@duplass.com; Gerald E. Meunier
Cc: Boyle, Michelle (CIV); Williams-Jones, Janice; Denise Martin; Jordan Fried
Subject: RE: FEMA - Formaldehyde Litigation Henry,

Another reason why a phone conference would have been more efficient.....

We are trying to be armed with as much information as possible because this is clearly an issue that we will bring to the Court's attention.

We will have a technical person opine as to the possibilities of manipulating data in the control of FEMA.  It seems that there would be some method of searching a database given a name and address to determine a FEMA I.D. number.  Once that search yields the FEMA I.D. number then those results can be used to search the FRATTS database.  The government routinely updates this information.  Through my own personal experiences with FEMA, I am aware of the information on record for me as I am asked to verify during each and every call.

Concerning your Privacy Act argument, the Court has already indicated and has ordered FEMA to search its databases for information regarding individuals who are currently represented by counsel.  It would be the PSC's position that such searches should not be limited to the FRATTS database but should extend to all databases in which information can be discovered.

Justin.




From: Miller, Henry (CIV) [mailto:Henry.Miller@usdoj.gov]
Sent: Thursday, June 05, 2008 11:59 AM
To: Justin Woods; andreww@duplass.com; Gerald E. Meunier
Cc: Boyle, Michelle (CIV); Williams-Jones, Janice; Denise Martin; Jordan Fried
Subject: RE: FEMA - Formaldehyde Litigation

Justin,

FEMA cannot provide this information to you because it would violate the Privacy Act. Further, even if PSC can get around Privacy Act requirements, given the success rate or rather low success rate using a name search, it is unlikely that we would get sufficient matches to justify expense associated with that search, i.e., 3500 hits out of 18,000 names run.

I was under the impression that the Fact Sheets that each named Plaintiff and represented party/claimant is completing contains a FEMA Privacy Act waiver, and also requests each Plaintiff/Claimant to provide their FEMA ID number.  What I would suggest is that Plaintiffs delay any further FRRAT search request until after you get the Fact Sheets from your clients.  I assume based on our discussion the most if not all should have their FEMA ID number, and if some persons for whatever reason do not know their FEMA ID numbers, if you provide us with the Claimants signed Fact Sheet with the Privacy Act waiver, FEMA could run name search and hopefully with additional information contained in the Fact Sheet get a better match rate then prior name only search.

I gather that you want to try to get FEMA ID numbers more quickly than simply waiting for your clients to provide you with the information.  Unfortunately, as we are both aware the Name Search did not work out so well.  Unfortunately, it appears that most efficient way to identify your clients FEMA ID numbers is to get that information from your clients.

Regards,

Henry Miller
US Dept. of Justice


----------------

From: Justin Woods [mailto:jwoods@gainsben.com]
Sent: Thursday, June 05, 2008 12:42 PM
To: Miller, Henry (CIV); andreww@duplass.com; Gerald E. Meunier
Cc: Boyle, Michelle (CIV); Williams-Jones, Janice; Denise Martin
Subject: FEMA - Formaldehyde Litigation Henry,

Would you please inquire into the possibility of FEMA matching names to FEMA I.D. numbers?

Thanks.

Justin.

---

Justin I. Woods
Gainsburgh, Benjamin, David, Meunier & Warshauer 2800 Energy Centre 1100 Poydras Street New Orleans, Louisiana  70163
(504) 522 - 2304
(504) 528 - 9973 (facsimile)
www.gainsburghbenjamin.com

CONFIDENTIALITY NOTICE: INFORMATION IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE RECIPIENT(S) NAMED ABOVE This message is sent by or on behalf of a lawyer at the law firm listed above, and is intended only for the use of the individual or entity to whom it is addressed. This message contains information and/or attachments that are privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or is not the employee or agent responsible for delivering this message to the intended recipient, please do not read, copy, use or disclose this communication to others. Please notify us immediately at 504-522-2304 if you receive

this message in error, and immediately delete this message and all of its attachments. Thank you.

## Justin Woods

| | |
|---|---|
| **From:** | Boyle, Michelle (CIV) [Michelle.Boyle@usdoj.gov] |
| **Sent:** | Wednesday, June 04, 2008 3:52 PM |
| **To:** | ANDREW WEINSTOCK; Justin Woods; Miller, Henry (CIV); Gerald E. Meunier |
| **Cc:** | Denise Martin |
| **Subject:** | RE: FEMA Formaldehyde Litigation |

Counsel,

My understanding is that FEMA has run all names provided by PLC through FRRATS, with the exception of one short list of under 10 names. FEMA is waiting for PLC to respond as to whether PLC intends to send more names. If not, FEMA will run the remaining few names and provide the results.

As we stated in our cover letters to the FRRATS productions, there are a number of reasons for the low number of results relative to the total input, most notably, the fact that FEMA received only names, rather than FEMA ID numbers, from PLC. My understanding is that, given the information it received, FEMA has generated the most results possible.

Thus, we do not believe a call is necessary at this time. Let us know, though, if you have other questions that you believe require a call.

Thank you,
Michelle

---

**From:** ANDREW WEINSTOCK [mailto:andreww@duplass.com]
**Sent:** Wednesday, June 04, 2008 4:14 PM
**To:** Justin Woods; Miller, Henry (CIV); Boyle, Michelle (CIV); Gerald E. Meunier
**Cc:** Denise Martin
**Subject:** RE: FEMA Formaldehyde Litigation

No. An update of the FRATTS search concerns me as well. Can we talk at 3:00 central.

---

**From:** Justin Woods [mailto:jwoods@gainsben.com]
**Sent:** Wednesday, June 04, 2008 3:14 PM
**To:** ANDREW WEINSTOCK; Miller, Henry (CIV); Boyle, Michelle (CIV); Gerald E. Meunier
**Cc:** Denise Martin
**Subject:** RE: FEMA Formaldehyde Litigation

The issue is this: I would like to discuss the presumably ongoing search for matches of identified claimants. Thus far we only have received information on about 3500 claimants out of a total of over 18,000. i would like to discuss other options or possibilities for matching.

Andy may have no interest in this discussion.

---

**From:** ANDREW WEINSTOCK [mailto:andreww@duplass.com]
**Sent:** Wednesday, June 04, 2008 3:10 PM
**To:** Miller, Henry (CIV); Justin Woods; Boyle, Michelle (CIV); Gerald E. Meunier
**Cc:** Denise Martin
**Subject:** RE: FEMA Formaldehyde Litigation

I'm glad you said it, what exactly are we discussing? Nevertheless, I am available at 3:00 central tomorrow.

**From:** Miller, Henry (CIV) [mailto:Henry.Miller@usdoj.gov]
**Sent:** Wednesday, June 04, 2008 3:10 PM
**To:** ANDREW WEINSTOCK; Justin Woods; Boyle, Michelle (CIV); Gerald E. Meunier
**Cc:** Denise Martin
**Subject:** RE: FEMA Formaldehyde Litigation

Not sure what the issue is, but am pretty sure none of us want to have to do this twice, so let's get a time that is good for everyone.  Andy does anytime late tomorrow work for you, if not, what times on Friday work?

Henry

---

**From:** ANDREW WEINSTOCK [mailto:andreww@duplass.com]
**Sent:** Wednesday, June 04, 2008 3:28 PM
**To:** Justin Woods; Boyle, Michelle (CIV); Miller, Henry (CIV); Gerald E. Meunier
**Cc:** Denise Martin
**Subject:** RE: FEMA Formaldehyde Litigation

I may or may not be back from a DEQ hearing in Baton Rouge.

---

**From:** Justin Woods [mailto:jwoods@gainsben.com]
**Sent:** Wednesday, June 04, 2008 2:22 PM
**To:** Boyle, Michelle (CIV); Miller, Henry (CIV); ANDREW WEINSTOCK; Gerald E. Meunier
**Cc:** Denise Martin
**Subject:** RE: FEMA Formaldehyde Litigation

2 pm EST works for me.

---

**From:** Boyle, Michelle (CIV) [mailto:Michelle.Boyle@usdoj.gov]
**Sent:** Wednesday, June 04, 2008 1:09 PM
**To:** Justin Woods; Miller, Henry (CIV); ANDREW WEINSTOCK; Gerald E. Meunier
**Cc:** Denise Martin
**Subject:** RE: FEMA Formaldehyde Litigation

Justin,  This afternoon will not work for us - can we talk tomorrow at 2 pm (EST)?  -Michelle

---

**From:** Justin Woods [mailto:jwoods@gainsben.com]
**Sent:** Wednesday, June 04, 2008 1:04 PM
**To:** Boyle, Michelle (CIV); Miller, Henry (CIV); ANDREW WEINSTOCK; Gerald E. Meunier
**Cc:** Denise Martin
**Subject:** FEMA Formaldehyde Litigation

Henry and Michelle,

I would like to have a conversation regarding the FRRATS searches that have been performed and to discuss any updates regarding such searches.

Are either or both of you available later this afternoon – possibly 3 pm (CST)?

Justin

---

Justin I. Woods
Gainsburgh, Benjamin, David, Meunier & Warshauer

2

2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
(504) 522 - 2304
(504) 528 - 9973 (facsimile)
www.gainsburghbenjamin.com

CONFIDENTIALITY NOTICE: INFORMATION IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE RECIPIENT(S) NAMED ABOVE This message is sent by or on behalf of a lawyer at the law firm listed above, and is intended only for the use of the individual or entity to whom it is addressed. This message contains information and/or attachments that are privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or is not the employee or agent responsible for delivering this message to the intended recipient, please do not read, copy, use or disclose this communication to others. Please notify us immediately at 504-522-2304 if you receive this message in error, and immediately delete this message and all of its attachments. Thank you.

## Justin Woods

| | |
|---|---|
| **From:** | Miller, Henry (CIV) [Henry.Miller@usdoj.gov] |
| **Sent:** | Monday, April 07, 2008 4:19 PM |
| **To:** | Justin Woods; Boyle, Michelle (CIV) |
| **Cc:** | Gerald E. Meunier; Denise Martin; ANDREW WEINSTOCK; Glynn, J.Patrick (CIV); Williams-Jones, Janice; Fried, Jordan |
| **Subject:** | RE: FEMA - Formaldehyde Litigation |

Justin,

It does appear that these are matters that require the Court's attention given that:

1. As to unoccupied unused units, PSC have refused to pay for continued storage and maintenance of units and also refused to provided FEMA with a reasonable date certain by which PSC will complete testing of units. As I noted before we should bring this issue to the Court's attention so that we get a firm deadline by which PSC must test the units and a ruling on who should pay storage costs pending completion of that testing.

2. Again, I am sorry that you are not satisfied with the FEMA FRRATS record search. PSC requested the FRRATS search and FEMA can only produce the results of that search. Statements that the United States is "disingenuous" or unfounded assertions such as FEMA conducted am "incomplete search" because PSC is not satisfied with the results of that search serve no purpose and will not create information where none exists. To date, FEMA has gone out of it way to voluntarily accommodate Plaintiffs' informal discovery requests, and notwithstanding PSC's unfounded and unsupported claims that FEMA is acting in bad faith and/or is withholding information in the FRRATS system from PSC, the United States will continue its efforts to facilitate Liaison Counsel's identification and completion of testing of emergency housing units. Per my earlier e-mails, it is the United States' position that PSC may take as much time as they believe is necessary to identify units that they want to examine and test, the only condition that the United States requires is that after April 15, 2008, PSC's must bear the cost for maintenance storage of the EHUs.

Regards,

Henry

---

**From:** Justin Woods [mailto:jwoods@gainsben.com]
**Sent:** Monday, April 07, 2008 4:30 PM
**To:** Miller, Henry (CIV); Boyle, Michelle (CIV)
**Cc:** Gerald E. Meunier; Denise Martin; ANDREW WEINSTOCK; Glynn, J.Patrick (CIV); Williams-Jones, Janice; Fried, Jordan
**Subject:** RE: FEMA - Formaldehyde Litigation

Henry,

In response to your comments:

1. Our expert team was able to mobilize quickly when they were testing a total of five (5) units in Texarkana, AR. as well as the limited number of mobile home units. I would hope that you would agree that nearly 500 units at various locations is a significantly larger amount and would require more planning and a longer timeline. Take for example that when CDC conducted its testing at the end of last year, it took them approximately nine (9) weeks to test 519 units. To suggest that the PSC is trying to "drag this matter out" is beyond the pale of fairness and quite insulting. We are duty bound to our clients to move this case to as quick of a resolution as possible.

2. Concerning the FRRATS search and results, the actual results either represent a disingenuous and incomplete search at worse or sub-standard record keeping on the part of FEMA at best. Please explain how it is that FEMA is able to provide VIN information and bar code information for a unit, but cannot provide a corresponding manufacturer or model? As previously discussed, at length, and pursuant to our agreement, it was understood

1

that certain lawyers would not have the information necessary to perform an adequate search such as FEMA I.D. number. It appears that even if you had FEMA I.D. numbers for each and every occupant, FEMA still would not have been able to identify manufacturers or models for the occupied units. Such failure to do so can reasonably be expected to result in delays in identifying units for sample testing.

Justin.

---

**From:** Miller, Henry (CIV) [mailto:Henry.Miller@usdoj.gov]
**Sent:** Monday, April 07, 2008 1:23 PM
**To:** Justin Woods; Boyle, Michelle (CIV)
**Cc:** Gerald E. Meunier; Denise Martin; ANDREW WEINSTOCK; Glynn, J.Patrick (CIV); Williams-Jones, Janice; Fried, Jordan
**Subject:** RE: FEMA - Formaldehyde Litigation

Justin,

1. Please let me know how long it will take PSC to test the unoccupied units. PSC apparently suggests that it is unreasonable to expect them to test units within 14 days. I am not sure why such is the case given past experience that shows that PSC is able to mobilize their experts if you want to do the testing -- such as mobile homes at Hope & Texarkana, AR -- or if the Court instructs you to complete testing -- such as units at UNICOR/Bureau of Prisons. It appears to me that PSC is simply and unnecessarily dragging this matter because it does not want to expend money and resources to test the selected units. Accordingly, absent good reasons why PSC cannot complete testing within 14 days or alternate proposal as to when testing can be completed, this is an issue that should be brought to Court's attention so that we can get a firm deadline for PSC to complete the testing. If we can reach some reasonable compromise, we will need to memorialize that in a Stipulation and/or in statement in open Court similar to what was agreed for purposes of having FEMA run FRRATS search.

2. As to the FRRATS search, not sure what you want the Court to do. We ran the search the Liaison Counsel requested and provided you with information resulting from that search. It is unfortunate that the database does not contain all information you had hoped for, but that is all that is available and FEMA explicitly warned PSC of shortcomings associated with that search. Moreover, PSC has access to all 20,000 represented parties and as I previously represented to Liaison Counsel and explained to the Court -- FEMA's search would be much more effective if PSC provided FEMA with Plaintiffs' FEMA ID Number, and or collected information from their clients and simply searched the FEMA storage inventory database provided to PSC back in February. PSC has apparently chosen not to invest time and effort to obtain the necessary information from their own clients, but rather to rely or hope that FRRATS database search would be sufficient. It is apparently not, but that is risk that PSC took by choosing to rely on the FRRATS database search instead of simultaneously pursuing other routes to identify a sufficient sample pool. As such, I believe that this issue is ripe for judicial review in that the Court should be asked to confirm April 15, 2008, as date by which FEMA can commence destruction of trailers or PSC pays cost for FEMA to keep units.

Regards,

Henry

---

**From:** Justin Woods [mailto:jwoods@gainsben.com]
**Sent:** Monday, April 07, 2008 1:53 PM
**To:** Miller, Henry (CIV); Boyle, Michelle (CIV)
**Cc:** Gerald E. Meunier; Denise Martin; ANDREW WEINSTOCK
**Subject:** RE: FEMA - Formaldehyde Litigation

Henry,

The two discrete issues (as of now) are:

1.  FEMA requests that Liaison Counsel complete testing of the identified units within 14 days after they have been located and set aside.  We have identified just under 500 units on the unused/unoccupied list at various storage facilities across the country.  The request to complete testing of those units within 14 days will be overly burdensome for our expert team; and
2.  We are unable to fully identify the units we wish to test identified in the FRRATS results spreadsheets because the pertinent information regarding manufacturer and model is missing for a great deal of residents and we have not been furnished the information on all of the individuals that have been submitted to FEMA thus far. We cannot comfortably identify a representative sample without the missing information and thus cannot meet the deadline imposed by FEMA to test units and then subsume the cost of storage, if not tested and released, by April 15, 2008.

Justin.

---

**From:** Miller, Henry (CIV) [mailto:Henry.Miller@usdoj.gov]
**Sent:** Monday, April 07, 2008 11:46 AM
**To:** Justin Woods; Boyle, Michelle (CIV)
**Cc:** Gerald E. Meunier; Denise Martin; ANDREW WEINSTOCK
**Subject:** RE: FEMA - Formaldehyde Litigation

Justin,

Please identify specifically what issue(s) you intend to present to the Court via any such conference call and what relief, if any, Plaintiffs intend to seek.

Assuming that the Court is willing to entertain PLC's request to talk about these matters via a conference call today or tomorrow, Michelle and I will adjust or modify our schedule as necessary to accommodate the Court's schedule.

Regards,

Henry

---

**From:** Justin Woods [mailto:jwoods@gainsben.com]
**Sent:** Monday, April 07, 2008 12:28 PM
**To:** Boyle, Michelle (CIV); Miller, Henry (CIV)
**Cc:** Gerald E. Meunier; Denise Martin; ANDREW WEINSTOCK
**Subject:** RE: FEMA - Formaldehyde Litigation

Michelle,

Thanks for the replacement file.

Considering that there is a great deal of information missing for each occupant on what we have been supplied thus far, it will be impossible for us to meet any deadline for identifying units for testing until we have complete information. The spreadsheets that have been sent so far are missing information regarding manufacturer and model for a large number of residents. We cannot identify units for testing based upon what we now have.

I believe that this is an issue that needs to be placed before Judge Engelhardt. I will contact Amanda and ask for a phone conference with the judge. What is your availability either for the remainder of today or tomorrow?

Justin.

---

**From:** Boyle, Michelle (CIV) [mailto:Michelle.Boyle@usdoj.gov]
**Sent:** Monday, April 07, 2008 11:22 AM
**To:** Justin Woods; Miller, Henry (CIV)
**Cc:** Gerald E. Meunier; Denise Martin; ANDREW WEINSTOCK
**Subject:** RE: FEMA - Formaldehyde Litigation

Justin,

Here is a replacement file. Feel free to contact me with any further questions.

Michelle
(202) 616-4447

---

**From:** Justin Woods [mailto:jwoods@gainsben.com]
**Sent:** Friday, April 04, 2008 5:00 PM
**To:** Miller, Henry (CIV); Boyle, Michelle (CIV)
**Cc:** Gerald E. Meunier; Denise Martin; ANDREW WEINSTOCK
**Subject:** FEMA - Formaldehyde Litigation

Michelle,

The CD containing the FRRATS data may be corrupt. The PDF which contains the Louisiana FRRATS results appears to be a document of 53 pages in length. I can only view 9 pages of the document, the remaining pages are blank. Could you please investigate for me? Thanks.

Justin.

---

Justin I. Woods
Gainsburgh, Benjamin, David, Meunier & Warshauer
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana  70163
(504) 522 - 2304
(504) 528 - 9973 (facsimile)
www.gainsburghbenjamin.com

CONFIDENTIALITY NOTICE: INFORMATION IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE RECIPIENT(S) NAMED ABOVE This message is sent by or on behalf of a lawyer at the law firm

listed above, and is intended only for the use of the individual or entity to whom it is addressed. This message contains information and/or attachments that are privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or is not the employee or agent responsible for delivering this message to the intended recipient, please do not read, copy, use or disclose this communication to others. Please notify us immediately at 504-522-2304 if you receive this message in error, and immediately delete this message and all of its attachments. Thank you.