**FEDERAL EMERGENCY MANAGEMENT AGENCY**
**INDIVIDUALS AND HOUSEHOLDS PROGRAM (IHP)**
**OCCUPANT DWELLING LEASE**                    TTP

This lease, made and entered into on 2-25-06, 200__, between the Federal Emergency Management Agency, herein called the "Landlord," and JENNY CARTER, herein called the "Tenant."
6005 CORKERN LN LAKESHORE

| REGISTRATION # | STATE OF (Location of Temporary Residence) | COUNTY OF (Location of Temporary Residence) |
|---|---|---|
| 92-1150544 | MS | Hancock |

| Federal Disaster Declaration No.: | Federal Disaster Declaration Date: |
|---|---|
| 1604 | 8-29-5 |

1. The Landlord hereby leases to the Tenant the following described premises: 6005 CORKERN LN LAKESHORE MS 39558
   (Complete address, including unit number. Attach map or narrative description if rural route.)

   ☐ Manufactured Home (MH)    ☑ Travel Trailer (TT)    ☐ Other (Specify)_____
   ☑ Furnished                  ☐ Unfurnished           Number of bedrooms 2   Number of bathrooms 1

   Additional description of premises V.I.N# 1SABSO2R761CK6911
   Bar code # 12015738

   This assistance is to be used exclusively for purposes of a family residence solely for Tenant's household listed as follows:
   JENNY CARTER, EMMETTE JR CARTER, LACEY CARTER, SUMMER CARTER
   Tenant must notify Landlord in writing within 7 days of any change in household composition to the address indicated in paragraph eleven (11) hereof. Landlord reserves the right to relocate Tenant to other premises at any time.

2. The initial term of this Lease will begin on 2-25, 2006 and end on the last day of that same month. The Lease may thereafter be renewed for successive terms of one calendar month each, subject to recertification of continuing eligibility for direct housing assistance, the termination provisions in paragraph nine (9) hereof, and 44 CFR §206.117. Tenant acknowledges that the premises provided herein are temporary and it is expressly understood that this Lease in no way guarantees continued assistance beyond the initial term.

3. Tenant agrees to diligently undertake to obtain permanent accommodations at the earliest possible date. Tenant further agrees to accept adequate alternate housing when it becomes available.

4. Rent may be charged pursuant to the provisions of paragraphs five (5) and ten (10) hereof.

5. If Tenant is eligible for any payments or allowances for temporary housing needs from insurance, such as Additional Living Expenses (ALE), Tenant agrees to reimburse FEMA at the monthly fair market rent for the unit provided, or the housing portion of the monthly ALE benefit, whichever is less.

6. Tenant is responsible for the payment of all utility charges during the term of occupancy.

7. Maintaining Unit

   a. Tenant agrees to promptly notify the Landlord or Party identified by Landlord responsible for maintenance when any damage or defect is found so that repairs can be made as necessary. The Party responsible for providing maintenance services is FEMA _____ and can be reached at (Phone) 866-35 __ 25.31. If damages or injury occur as a result of Tenant's failure to report any damage or defect found within the leased premises, Tenant will be liable for the resultant damages and injury.

   b. Tenant will make no major repairs to the leased premises without Landlord's prior written consent. Landlord will not pay for repairs made by Tenant without prior written consent.

   c. Tenant agrees to keep the leased premises in a clean and orderly condition. Tenant agrees to surrender the leased premises in as good a state and condition as it was in at the commencement of the term of this Lease, less ordinary wear and tear. Tenant will be charged for any costs or repairs that are the result of abuse or negligence of Tenant, Tenant's family or guests.

   d. The condition of the leased premises, and the furnishings and other property provided in the leased premises by Landlord, will be inspected for condition and will be inventoried at the commencement date of this Lease. A copy of the inspection and inventory checklist of such property and leased premises will be signed by the Tenant and will be attached to and made a part of this Lease. At the expiration of the term of this Lease, Tenant will return the furnishings and other property in the condition existing at the time of move-in, less ordinary wear and tear, or will pay Landlord the reasonable value for any items not returned to Landlord in such condition. All personal property placed in the leased premises will be at the sole risk of Tenant, for which Landlord assumes no liability.

REGISTRATION NO. 92-118054L

e. Tenant will not make any structural alterations or changes to the leased premises; will not paint any portion of the leased premises; and will not install any awnings, or other projections including, but not limited to radio or television aerials or satellite dishes on the leased premises, without the prior written consent of Landlord.

f. Landlord will retain duplicate keys to all of the doors of the leased premises. Subject to a minimum of twenty-four (24) hours prior written notice, Landlord, or its managing agency, will have access to the leased premises during reasonable business hours to make inspections or to make repairs. In the case of an emergency, prior notice is not required. Tenant will not, without Landlord's prior written consent, alter, re-key or install any locks to the premises or install any security system.

8. Tenant will not sublet all or any part of the leased premises or assign this Lease. In the event Tenant vacates the leased premises, with or without notice to Landlord, this Lease will be deemed terminated, and Landlord will have the right to re-enter and take immediate possession. Tenant accepts liability for any unpaid rent, utilities or other damages if applicable. If Tenant vacates the premises without giving notice, Tenant accepts liability for damages resulting from vandalism.

9. Landlord may terminate this Lease, at any time, by giving Tenant a written Notice of Termination, 15 days prior to the date of termination. Reasons for termination include, but are not limited to, the following: (a) adequate alternate housing is available; (b) failure to pay rent, utility, or other appropriate charges; (c) failure to utilize and maintain the leased premises in a manner normally expected of tenants of rental housing; (d) failure to reimburse Landlord when funds are received from insurance coverage; (e) determination that temporary housing assistance was obtained though misrepresentation or fraud; (f) use, or permitting to be used, the leased premises for any unlawful or illegal purpose, or doing or permitting any unlawful act in or upon the leased premises; (g) causing or permitting any disturbing noises, objectionable or improper conduct, or any other act which will unreasonably interfere with the rights, comforts or convenience of other tenants; and (h) Tenant's failure to comply with any term of this Lease. The Notice of Termination will state: (1) the reasons for termination; (2) the date of termination (no less than 15 days after receipt of the notice); and (3) the administrative procedures required for appeal if Tenant wishes to dispute the termination. Upon termination of this Lease, or upon breach of any term of this Lease by Tenant, Landlord shall have the right to re-enter and take possession of the leased premises by legal process from the court having jurisdiction in the premises.

10. If Tenant does not vacate the premises at the termination of this Lease, Tenant will be responsible for rent, based upon the fair market rent of the accommodations being furnished the date of termination until an eviction process is concluded.

11. Tenant may terminate this Lease by giving Landlord 15 days written notice, delivered to Landlord at FEMA JFO 3250 Beach Blvd, Biloxi, MS 39531
(Address of Managing Agency)

12. The Tenant agrees to abide by the park rules if the leased premises is a mobile home or travel trailer situated on a group site maintained by Landlord, or its managing agency, or if the leased premises is a mobile home or travel trailer situated in a commercial park. Failure to abide by the park rules will constitute grounds for terminating this Lease.

13. Landlord and Tenant covenant and agree that this Lease agreement, with any attachments hereto, constitutes the entire agreement of the parties. Any modifications or changes to this Lease must be in writing, signed by the parties, and attached to this Lease.

14. Federal law applies to the extent applicable; otherwise the law of the state in which the leased premises are located will apply.

15. It is understood and agreed that the premises leased herein are provided under emergency conditions as disaster relief with the assistance of the United States of America and that the use and occupancy of the leased premises will, in addition to the terms and conditions set forth, be governed by rules, regulations, decisions, and emergency authority of the United States of America acting by and through the Federal Emergency Management Agency or its managing agency.

The parties hereby agree to the terms of this Lease:

2-25-06  Jerry Flecas                     2-25-06  Jaquins Kubach Carter
Date     FEMA Representative              Date              Tenant

                                          2-25-06
                                          Date              Spouse/Co-Tenant

In the care of property sublet by the Government, the name, address and telephone number of the owner/agent is to be provided for maintenance requests.

| NAME (Owner/Agent) | | TELEPHONE NO. |
|---|---|---|
| | Landlord: FEMA/Managing Agency | |
| | NAME | |
| | TITLE | DATE |

DISASTER TEMPORARY HOUSING ASSISTANCE PROGRAM