UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-4"<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE ROBY |

THIS DOCUMENT IS RELATED TO:
*DeCarlo McGuire, et al v. Gulfstream Coach, et al,* No. 07-2961

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CLAIMS FOR LACK OF PERSONAL JURISDICTION BECAUSE DEFENDANTS ARE NOT NAMED IN ANY UNDERLYING COMPLAINT [Doc. 211]**

MAY IT PLEASE THE COURT:

Defendant-movants Morgan Buildings and Spas, Inc. and Morgan Building Systems, Inc. assert grounds for dismissal under FRCP 12(b)(1), 12(b)(2), and 12(b)(6). They argue the lack of *0in personam* jurisdiction over them because they are not named as defendants in any case underlying the Master Complaint. They allege a lack of standing on plaintiffs' part because of the failure in pleadings to link a particular plaintiff to a particular defendant; and they argue plaintiffs to fail to state a claim under the Louisiana Products Liability Act (LPLA) and/or for medical monitoring relief.

At the outset, it is important to clarify the status of these particular defendants. Both were named as defendants in the Master Complaint. It was not necessary to name them as defendants in the later-filed *Pujol* underlying complaint, because they previously had been named in other individually-filed actions prior to the filing of the Master Complaint.

After being named in the Master Complaint, these "Morgan defendants" through counsel furnished affidavit statements to the effect that they did not design or manufacture any housing units furnished to FEMA for hurricane disaster relief. On this basis, they were voluntarily dismissed without prejudice.

Subsequently, however, plaintiffs learned through investigation that "Morgan" labels and/or logo appeared on certain housing units occupied by some of the represented plaintiffs in this matter. Accordingly, the PSC now has filed a motion to amend the Master Complaint to rename Morgan Buildings & Spas, Inc. as a defendant (it is not necessary or appropriate to rename Morgan Building Systems, Inc. as a defendant). The motion and order proposing this amendment to the Master Complaint is attached for reference as Attachment I and has been circulated among opposing counsel. As of this time, plaintiffs await word from defendants whether any defendant(s) will oppose or not oppose the filing of this motion for leave to amend. On the assumption, that Morgan Building & Spas, Inc. in any event will again to be a named defendant in the Master Complaint, plaintiffs respond to the instant motion.

The contention by Morgan that it was not named as a defendant in an underlying complaint is not accurate. This defendant was named in *McGuire, et al v. Gulfstream Coach, Inc., et al*, No. 07-2961 (EDLA). In fact, the very case in which the instant motion is filed serves as an "underlying" complaint for purposes of the Master Complaint.

The defendants' challenge to standing based upon the lack of declared links or matches between particular plaintiffs and particular defendants, is fully discussed in the PSC opposition to a motion to dismiss by certain manufacturers, <u>See</u> PSC Memo in opposition to Doc. 230. Plaintiffs respectfully incorporate that discussion for present purposes.

In regard to the failure to state claim under the LPLA or for medical monitoring, the following is noted:

In considering a motion to dismiss for a failure to state a claim pursuant to Rule 12(b)(6) courts have found that dismissal pursuant to this provision is "viewed with disfavor and is rarely granted." *Lowery v. Texas A & M University System*, 117 F.3d 242, 247 (5th Cir. 1997); *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). The Court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiffs. *Ferrer v. Chevron Corp.* 484 F.3d 776, 780 (5th Cir. 2007); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *American Waste & Pollution Control Co. v. Browning-Ferris, Inc.*, 949 F.2d 1384 (5th Cir. 1991). In addition, the court must resolve any doubts as to the sufficiency of the claim in plaintiffs' favor. *Vulcan Materials Company v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001).

The Federal Rules of Civil Procedure require that in order to state a claim for relief a pleading must contain (1) a short and plain statement of the grounds of the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. *Fed. R. Civ. P. Rule 8(a)*. Under the Louisiana Products Liability Act ("LPLA"), La. R.S. §9:2800.51. *et seq.*, a manufacturer is liable to consumers if a condition of its product caused harm to the consumer, the condition made the product unreasonably dangerous to normal use and the condition existed at the time the product left the manufacturers control. Therefore, to sufficiently state a claim under the LPLA, a plaintiff must allege each element of the action. Specifically, the plaintiffs must allege that the defendant is a manufacturer of an unreasonably dangerous which causes the plaintiffs harm. The plaintiffs in the present case

have fulfilled this obligation.

Defendants suggest that plaintiffs have failed to state a cause of action under the LPLA, because they have failed to allege that "Morgan" manufactured a defective trailer and that the defect was a legal cause of the plaintiffs' alleged injuries.[1]  Reading the Administrative Master Complaint as a whole, however, makes clear that plaintiffs have sufficiently stated a claim against Morgan under the LPLA.  The Master Complaint (MC) sets forth the allegation that Morgan was a manufacturer of a defective trailer.  In ¶8 of the MC, Morgan is identified as a "Manufacturing Defendant" and is alleged to have manufactured and supplied FEMA trailers or housing units to FEMA for use in Louisiana, Mississippi, Alabama, and Texas. Plaintiffs further allege, in ¶ 30 of the MC, that the units FEMA purchased contained dangerous levels of formaldehyde and/or posed the threat of producing dangerous levels of formaldehyde, and in ¶ 135, the MC alleges that the products that contain formaldehyde constitute a defect.

Morgan also contends that plaintiffs failed to allege that the defect was a legal cause of the plaintiffs' alleged injuries. But the MC alleges that the defectiveness of the housing units led to the emission of formaldehyde at dangerously unhealthy levels, and resulted and will continue to result in injury to the plaintiffs, ¶ 39 of the MC.

Morgan's contention that the plaintiffs have failed to state a claim under the LPLA proceeds from considering the allegations of the AMC separate and apart from each other. The Fifth Circuit in *General Star Indem. Co. v. Vesta Fire Ins. Co.*, 173 F.3d 946, 951 (5th Cir. 1999), and this Honorable Court in *Creighton v. Fleetwood Enterprises, Inc.*, 2008 WL 1746953,

---

[1]As indicated in the attached Motion to Amend the Master Complaint, Morgan's logo or label on certain trailers makes this company a "manufacturer" within the meaning of the LPLA.

*2 (E.D.La. 2008), both have chosen to read complaints as a whole, not in pieces. When read as a whole, the MC sufficiently makes clear the allegations of plaintiffs that Morgan "manufactured" defective trailers and that this was the legal cause of the plaintiffs' injuries.

As to the argument that plaintiffs have failed to state a case for medical monitoring, the PSC respectfully adopts and incorporates its arguments set forth in the memorandum filed in opposition to certain other defendant manufacturers' motion to dismiss, See PSC Memo in Opposition to Doc. 210.

For all these reasons, the instant motion should be denied.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**


BY:  s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:     504/528-9973
gmeunier@gainsben.com


s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304

       Facsimile:   504/528-9973
       jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
RONNIE PENTON, #10462

### CERTIFICATE OF SERVICE

    I hereby certify that on June 18, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

        s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471