UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL NO. 1873

SECTION "N-4"

JUDGE ENGELHARDT
MAG. JUDGE ROBY

THIS DOCUMENT IS RELATED TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PSC UNOPPOSED MOTION FOR LEAVE
TO FILE FIRST SUPPLEMENTAL AND
AMENDED COMPLAINT**

NOW INTO COURT, through undersigned members of the Plaintiffs' Steering Committee (PSC), come plaintiffs in this matter, who respectfully represent that it is both necessary and appropriate to add, delete, and/or substitute certain named defendants and language in the original Master Complaint, for the reasons more fully set forth in the memorandum attached hereto, and who further represent that opposing counsel for defendants do not oppose this motion for leave to file a First Supplemental and Amended Master Complaint for this purpose.

Respectfully submitted:

FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

BY:   s/Gerald E. Meunier
      GERALD E. MEUNIER, #9471
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier &
      Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street


EXHIBIT I

New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
jwoods@gainsben.com


**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
    ANTHONY BUZBEE, Texas # 24001820
    RAUL BENCOMO, #2932
    FRANK D'AMICO, #17519
    MATT MORELAND, #24567
    LINDA NELSON, #9938
    RONNIE PENTON, #10462


## CERTIFICATE OF SERVICE

    I hereby certify that on _____, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                      s/Gerald E. Meunier
                                      GERALD E. MEUNIER, #9471

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL NO. 1873

SECTION "N-4"

JUDGE ENGELHARDT
MAG. JUDGE ROBY

THIS DOCUMENT IS RELATED TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## RULE 7.6 CERTIFICATE

Pursuant to Local Rule 7.6, undersigned counsel for plaintiffs certifies that opposing counsel have been consulted and have consented to the filing of the foregoing motion for leave to amend.

Respectfully submitted:

FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

BY: s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
PLAINTIFFS' CO-LIAISON COUNSEL
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:   504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:  504/522-2304
Facsimile:  504/528-9973
jwoods@gainsben.com


**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
RONNIE PENTON, #10462


## CERTIFICATE OF SERVICE

I hereby certify that on _____, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

s/Gerald E. Meunier
GERALD E. MEUNIER, #9471

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                     MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION            SECTION "N-4"

                                        JUDGE ENGELHARDT
                                        MAG. JUDGE ROBY

THIS DOCUMENT IS RELATED TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

PSC MEMORANDUM IN SUPPORT OF
UNOPPOSED MOTION FOR LEAVE
TO FILE FIRST SUPPLEMENTAL AND
AMENDED COMPLAINT

MAY IT PLEASE THE COURT:

Since the filing of the original Master Complaint herein, certain motion practice and developments have informed plaintiffs of the need to amend the original Master Complaint by adding some defendants and dismissing or substituting others, and by deleting certain language. The reasons for doing so more specifically are as follows:

**Giles Family Holdings, Inc. should be substituted as a named defendant for both Giles Industries, Inc. and Giles Industries of Tazewell, Incorporated**

The original Master Complaint named Giles Industries, Inc. As a defendant. On May 19, 2008, defendants Giles Industries, Inc. and SunRay RV, LLC filed a motion for summary judgment (Doc. 239), which, *inter alia*, avers with supporting documentation that:

(1)   All emergency housing units under the name of "Giles Industries" which were sold to FEMA for use by the victims of Hurricanes Katrina and Rita, were units

-1-



        manufactured and sold on or before February 8, 2006. *See* Exhibit 1 to Evidentiary Submission, ¶¶7-8, attached to Giles Motion for Summary Judgment (Doc. 239).

(2)    The assets of Giles Industries of Tazwell, Incorporated, a Tennessee corporation, were purchased on March 20, 2006 by Giles Acquisition Corporation, an Alabama corporation. *See* Exhibit 4 to Evidentiary Submission, Giles Motion for Summary Judgment (Doc. 239).

(3)    Under the terms of the referenced purchase agreement, however, Giles Acquisition Corporation did not assume "liabilities which relate to any product liability or warranty claim with respect to products sold [prior to the corporate purchase/acquisition date]." *See* Exhibit 4 to Evidentiary Submission, §§1.3 & 1.4, Giles Motion for Summary Judgment (Doc. 239).

(4)    Giles Industries of Tazwell, Inc., the entity retaining liabilities for the housing units at issue in this case, on March 21, 2006 changed its corporate name to Giles Family Holdings, Inc. *See* Exhibit 5 to Evidentiary Submission, Giles Motion for Summary Judgment (Doc. 239).

Under these facts and circumstances, established based upon the representations and submissions of counsel for Giles Industries, Inc. and Giles Industries of Tazwell, Incorporated, plaintiffs now are prepared to substitute "Giles Family Holdings, Inc." for Giles Industries, Inc. and for Giles Industries of Tazwell, Incorporated, wherever the latter two defendants are named in the original Master Complaint. Plaintiffs expressly reserve their right to rename these substituted companies as defendants, should further investigation and discovery provide a factual

and legal basis for doing so.

### SunRay Investments LLC should be substituted for the defendant SunRay RV, LLC

The original Administrative Master Complaint named SunRay RV, LLC as defendant. In the above-referenced motion for summary judgment filed on May 19, 2008 by counsel for SunRay RV, LLC (Doc. 239), the following is averred:

(1) All emergency housing units under the name "SunRay RV" sold to FEMA for use by the victims of Hurricanes Katrina and Rita were manufactured and sold on or before March 4, 2006. *See* Exhibit 1 to Evidentiary Submission, ¶¶5-6, SunRay Motion for Summary Judgment (Doc. 239).

(2) The assets of SunRay RV, LLC were purchased on March 20, 2006 by SunRay Acquisition, LLC, an Alabama corporation. *See* Exhibit 4 to Evidentiary Submission, SunRay Motion for Summary Judgment (Doc. 239).

(3) In the asset purchase agreement, SunRay Acquisition LLC did not assume "liabilities which relate to any product liability warranty claim with respect to products sold [prior to the corporation purchase/acquisition date]." *See* Exhibit 4 to Evidentiary Submission, ¶¶1.3 & 1.4, SunRay Motion for Summary Judgment (Doc. 239).

(4) On March 23, 2006, the corporate name of SunRay RV, LLC, the entity retaining liability for the claims herein, was changed to SunRay Investments, Inc. *See* Exhibit 6 to Evidentiary Submission, SunRay Motion for Summary Judgment (Doc. 239).

Accordingly, under facts represented and submitted in the record in a motion for

-3-

summary judgment filed by counsel for SunRay, plaintiffs are prepared to substitute the name "SunRay Investments, LLC" wherever the name of defendant SunRay RV, LLC is used in the Master Complaint. Plaintiffs expressly reserve their right to rename the latter company as a defendant, should further investigation and discovery provide a factual and legal basis for doing so.

## Morgan Building & Spas, Inc. should be renamed as a defendant

On June 2, 2008, the PSC agreed to voluntarily dismiss Morgan Building & Spas, Inc. as a named defendant. This was done on the basis of an affidavit furnished by Hicks B. Morgan dated May 28, 2008, averring that this entity did not design or manufacture any of the housing units at issue in this litigation. *See* Plaintiffs' Notice of Voluntary Dismissal and attached Affidavit (Doc. 304).

Since this dismissal, however, counsel for certain plaintiffs have furnished photographic and website evidence showing that the trade name or logo "Morgan" appears on housing units or travel trailers in which certain plaintiffs resided. *See* photos and website images attached as Exhibit I. This is critical, since the Louisiana Product Liability Act [LPLA] expressly includes in the definition of a "manufacturer" suable under the Act, an "entity [which] labels a product as [its] own or [which] otherwise holds [itself] out to be the manufacturer of the product." LSA-R.S. 9:2800.53(1)(a). Accordingly, plaintiffs believe it is necessary to rename Morgan Buildings & Spas, Inc. as a defendant in these proceedings.

## CMH Manufacturing, Inc. should be added as a defendant manufacturer of both "Golden West" units and "Oakwood" units

The original Master Complaint named both Golden West Homes and Oakwood Homes,

-4-

LLC, as defendants. On May 19, 2008, a motion to dismiss filed by a number of newly-named defendants herein stated that CMH Manufacturing, Inc. manufactured housing units under the trade names "Golden West" and "Oakwood." *See* Defendants' Memo in Support of Motion to Dismiss (Doc. 230), at pg. 1, fn. 1.

Accordingly, plaintiffs' believe it is appropriate and necessary to add CMH Manufacturing, Inc. as a named defendant in these proceedings.

### Palm Harbor Mfg., Inc. and Palm Harbor Albermarle, LLC should be added as defendants

The original Master Complaint named Palm Harbor Homes, Inc. as defendant. On May 19, 2008, certain newly-added defendants filed a Motion to Dismiss, which stated that Palm Harbor Homes, Inc. is a parent company that "neither manufactures nor sells homes," and that two subsidiaries of Palm Harbor Homes, Inc., namely, Palm Harbor Mfg., Inc. and Palm Harbor Albermarle, LLC, "manufactured and sold homes to FEMA under the 'Palm Harbor' trade name...." *See* Memo in Support of Defendants' Motion to Dismiss (Doc. 230) at p. 2, fn. 3. The above statement pertinent to the parent company Palm Harbor Homes, Inc., does not address or resolve the important question whether the corporation manufactured housing units at some time in the past, which units may have been used by FEMA for the victims of Hurricanes Katrina and Rita.

Accordingly, plaintiffs believe it is appropriate to add as defendants both of the acknowledged subsidiary manufacturers, Palm Harbor Mfg., Inc. and Palm Harbor Albermarle, LLC, while still maintaining as a named defendant at this time the parent company Palm Harbor Homes, Inc.

### Coachmen Recreational Vehicle of Georgia, LLC and Viking Recreational Vehicles, LLC

-5-

### should be added as defendants

The original Master Complaint names as defendants both Coachmen Industries, Inc. and Coachmen Recreational Vehicle Company, LLC. In a motion to dismiss filed by Coachmen Industries, Inc., this defendant states, with a supporting affidavit, that Coachmen Industries, Inc. is the parent corporation of three subsidiary companies which actually manufactured the housing units at issue in this litigation. *See* Defendant Coachmen Motion to Dismiss (Doc. 213). Specifically, in an affidavit by Colleen Zuhl, dated May 19, 2008 attached to this motion, it is stated that the three subsidiaries of Coachmen Industries, Inc. which manufactured units are: Coachmen Recreational Vehicle Company, LLC, Coachmen Recreational Vehicle Company of Georgia, LLC, and Viking Recreational Vehicles, LLC.

Accordingly, plaintiffs believe it is appropriate to name as additional defendants the two subsidiaries of Coachmen Industries, Inc. which have not yet been named as manufacturers herein, namely Coachmen Recreational Vehicle Company of Georgia, LLC and Viking Recreational Vehicles, LLC.[1]

### Certain language in the Complaint should be deleted, to confirm that plaintiffs are not presenting claims of fraud at this time

Various Rule 12(b) motions filed by the manufacturing defendants in response to the Master Complaint, seek dismissal of any claims of fraud based on plaintiffs' failure to plead same with sufficient particularity.

---

[1] Plaintiffs will be opposing the motion to dismiss by the parent corporation Coachmen Industries, Inc., on the ground that SEC filing information suggests that this particular parent company operates as a single business enterprise with the subsidiaries in question.

The Master Complaint does not purport to present at this time a case based upon defendant fraud. Plaintiffs agree that there is an insufficient record at this time to plead the specific facts and circumstances which might support such a legal cause of action or claim for fraud on the part of <u>any</u> defendant, the Government included. Whether or not such facts and circumstances will be developed through investigation and/or formal discovery remains to be seen.

In paragraph 31 of the "General Allegations" section of the Complaint, the following sentence occurs:

> Plaintiffs submit that the Manufacturing Defendants ignored or deliberately <u>and fraudulently</u> concealed [dangerous levels of formaldehyde in the housing units].

Master Complaint, ¶31, p. 28 (Doc. 109) [emphasis added]. To eliminate any confusion and clarify this section of the pleading, the PSC respectfully asks to amend paragraph 31 by deleting the words "and fraudulently."

Under Rule 15(a)(2), amendments to complaints should be freely permitted "when justice so requires." The PSC submits that, in all of the above instances, both justice and appropriate case management justify the requested amendments and substitutions as to certain language and named defendants. Plaintiffs therefore request leave to file the First Supplemental and Amended Complaint attached hereto.

> Respectfully submitted:
>
> **FEMA TRAILER FORMALDEHYDE
> PRODUCT LIABILITY LITIGATION**

BY: s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:  504/522-2304
Facsimile:  504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:  504/522-2304
Facsimile:  504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
RONNIE PENTON, #10462

## CERTIFICATE OF SERVICE

I hereby certify that on _____, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel

-8-

of record who are non-CM/ECF participants.

s/Gerald E. Meunier<br>
GERALD E. MEUNIER, #9471

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL NO. 1873

SECTION "N-4"

JUDGE ENGELHARDT
MAG. JUDGE ROBY

THIS DOCUMENT IS RELATED TO ALL CASES

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER

Considering the foregoing motion,

IT IS ORDERED that plaintiffs through the Plaintiffs' Steering Committee (PSC) be granted leave to file the First Supplemental and Amended Master Complaint attached hereto.

THIS DONE the ____ day of _____, 2008, New Orleans, Louisiana.

_____
HONORABLE KURT ENGELHARDT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                    MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION           SECTION "N-4"

                                       JUDGE ENGELHARDT
                                       MAG. JUDGE ROBY

THIS DOCUMENT IS RELATED TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

FIRST SUPPLEMENTAL AND AMENDED
MASTER COMPLAINT

Plaintiffs through undersigned counsel respectfully supplement and amend their original Master Complaint in the following respects:

1.

By substituting the name "Giles Family Holdings, Inc" for the names "Giles Industries, Inc." and "Giles Industries of Tazewell, Incorporated," wherever the latter two names appear as defendants in the original Master Complaint.

2.

By adding a subparagraph to the original Master Complaint, numbered paragraph 8(lxiv), to read as follows:

lxiv. Plaintiffs expressly reserve the right to rename Giles Industries, Inc. and/or Giles Industries of Tazewell, Incorporated as defendants, should further investigation and discovery provide a factual and legal basis for doing so. Plaintiffs further reserve the right to assert any and all arguments against the running of applicable statutes of limitations against these entities, should they be renamed as defendants in a subsequent pleading amendment or amendments.

[handwritten in margin: Master Complaint]

3.

By substituting the name "SunRay Investments, LLC" for the name "SunRay RV, LLC," wherever the latter is named as a defendant in the original Master Complaint.

4.

By adding a new paragraph to the original Master Complaint, numbered paragraph 8(lxv), to read as follows:

> lxv. Plaintiffs expressly reserve the right to rename SunRay RV, LLC as defendant, should further investigation and discovery provide a factual and legal basis for doing so. Plaintiffs further reserve the right to assert any and all arguments against the running of applicable statutes of limitations against this entity, should it be renamed as a defendant in a subsequent pleading amendment or amendments.

5.

By renaming Morgan Buildings & Spas, Inc. as a defendant in the original Master Complaint, and reasserting all claims, allegations and demands made against this defendant in the original Master Complaint.

6.

By adding to the defendants listed in original Master Complaint the name of "CMH Manufacturing, Inc.," through inclusion of the following paragraph, to be numbered paragraph 8(lxvi) and to read as follows:

> lxvi. **CMH Manufacturing, Inc.** is upon information and belief a Tennessee corporate entity, which conducts business in the states of Louisiana, Mississippi, Alabama and Texas, and which manufactured and supplied FEMA trailers or housing units as defined below pursuant to contracts with FEMA for use in those states. Specifically, this defendant on information and belief manufactured and sold housing units labeled as "Golden West" units and "Oakwood" units.

7.

By adding to the defendants listed in the original Master Complaint the names of "Palm Harbor Mfg., Inc." and "Palm Harbor Albermarle, LLC," through inclusion of the following paragraphs, to be numbered paragraphs 8(lxvii) and 8(lxviii) and to read as follows:

> lxvii. **Palm Harbor Mfg., Inc.** is upon information and belief a foreign corporate entity, which conducts business in the states of Louisiana, Mississippi, Alabama and Texas, and which manufactured and supplied FEMA trailers or housing units as defined below pursuant to contracts with FEMA for use in those states.
>
> lxviii. **Palm Harbor Albermarle, LLC** is upon information and belief a corporate entity, which conducts business in the state of Louisiana, Mississippi, Alabama and Texas, and which manufactured and supplied FEMA trailers or housing units as defined below pursuant to contracts with FEMA for use in those states.

8.

By adding to the defendants listed in the original Master Complaint the names "Coachmen Recreational Vehicles of Georgia, LLC," and "Viking Recreational Vehicles, LLC," through inclusion of the following paragraphs, to be numbered paragraphs 8(lxix) and 8(lxx) and to read as follows:

> lxix. **Coachmen Recreational Vehicles of Georgia, LLC** is upon information and belief an Indiana company, which conducts business in the states of Louisiana, Mississippi, Alabama and Texas, and which manufactured and supplied FEMA trailers or housing units as defined below pursuant to contracts with FEMA for use in those states.
>
> lxx. **Viking Recreational Vehicles, LLC** is upon information and belief a Michigan company, which conducts business in the states of Louisiana, Mississippi, Alabama and Texas, and which manufactured and supplied FEMA trailers or housing units as defined below pursuant to contracts with FEMA for use in those states.

9.

By deleting the words "and fraudulently" where these appear in the first line of paragraph 31 of the Master Complaint (at p. 28).

WHEREFORE, plaintiffs respectfully supplement and amend the original Master Complaint in the foregoing respects, and they otherwise reiterate and re-aver all of the allegations, claims and prayers for relief contained therein.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**


BY:   s/Gerald E. Meunier
      GERALD E. MEUNIER, #9471
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier &
      Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone:   504/522-2304
      Facsimile:   504/528-9973
      gmeunier@gainsben.com


      s/Justin I. Woods
      JUSTIN I. WOODS, #24713
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier &
      Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone:   504/522-2304
      Facsimile:   504/528-9973
      jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'**
**STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
RONNIE PENTON, #10462

**CERTIFICATE OF SERVICE**

I hereby certify that on _____, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

s/Gerald E. Meunier
GERALD E. MEUNIER, #9471