UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-4"<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE ROBY |

THIS DOCUMENT IS RELATED TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PSC MEMORANDUM IN OPPOSITION TO RULE12(b) AND 9(b) MOTIONS TO DISMISS BY DEFENDANT DUTCH HOUSING, INC. [Doc. 250, 279, 280]**

**MAY IT PLEASE THE COURT:**

Pursuant to FRCP 12(B)(2), Defendant Dutch Housing, Inc. seeks dismissal based, among other things, on the Court's alleged lack of personal jurisdiction. All other issues raised by this defendant's motions have been addressed elsewhere in other opposition memoranda filed by plaintiffs. The PSC respectfully adapts and incorporates those memoranda. See PSC Memo in Opposition to Defendant Motions to Dismiss, Docket No's 210 and 230.

As to the personal jurisdiction argument, the following is submitted:

Plaintiffs allege in the Administrative Master Complaint (Doc #109) that Defendant, Dutch Housing, Inc. (hereinafter "Dutch"), manufactured temporary housing units, made the subject of this litigation, which were utilized by FEMA to house victims of hurricanes Katrina and Rita in Texas, Louisiana, Mississippi, and Alabama.[1] Dutch asserts that it "does not sell, design or manufacture

---

[1] Administrative Master Complaint, p. 12.

any products in the State of Louisiana,"[2] and has provided the Affidavit of Joseph Kimmell who testifies to the same effect that Dutch does not sell, design or manufacture any products in the forum state.[3]  Nevertheless, Dutch products were used by FEMA, evidenced by a search of the government's FRRATS database provided by FEMA.[4]  Because Dutch products, made the subject of this litigation, were used by FEMA, Dutch has the requisite "minimum contacts" for this Court to assert *in personam* jurisdiction over it.

Dutch alleges that this Court may not exercise *in personam* jurisdiction over it.  "To meet a challenge to *in personam* jurisdiction prior to trial, [a] plaintiff need only make a *prima facie* showing of jurisdiction, so that the allegations of the complaint are taken as true except as controverted by the defendant's affidavits and conflicts in the affidavits are resolved in the plaintiff's favor."[5]

This Court may assert *in personam* jurisdiction over Dutch so long as the Due Process Clause of the Fourteenth Amendment is not offended.  "The Due Process Clause ... permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.' "[6] The analysis is two-fold:  first, a determination of whether the requisite 'minimum contacts' exist between  Dutch and the forum states; and second,

---

[2] Dutch Housing, Inc.'s Rule 12(b)(2) Motion to Dismiss, p. 2.
[3] Exhibit A, Affidavit of Joseph Kimmell p.1.
[4] Exhibit B, FEMA FRRATS Information for THU of Holly Roberts.
[5]  *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784 (5th Cir. 1990), citing *Travelers Indemnity Co. v. Calvert Fires Ins. Co.*, 798 F.2d 826, 831 (5th Cir. 1986), modified on other grounds, (836 F.2d 850 (1988)).
[6] *Id.* (Citations omitted).

of ensuring that traditional notions of fair play and substantial justice are not offended. Plaintiffs treat the issues in that order.

  A. **Minimum Contacts**

Minimum contacts may be established either through specific jurisdiction or general jurisdiction.[7] "*Specific jurisdiction* over a nonresident corporation is appropriate when that corporation has purposefully directed its activities at the forum state and the litigation results from alleged injuries that *arise out of or relate to those activities*. *General jurisdiction*, on the other hand, will attach where the nonresident defendant's contacts with the forum state, although *not* related to the plaintiffs' cause of action, are *continuous and systematic*."[8] In this case, products designed, manufactured, and sold by Dutch are the subject of this litigation; consequently, Plaintiffs submit that this Court holds specific jurisdiction over Dutch and continues now with that analysis.

Dutch designs, manufactures, and sells "manufactured homes."[9] Dutch has either sold its products directly to FEMA, sold its products to retailers who then sold them to FEMA, or manufactured and/or sold its products in such a way that it should have foreseen that those products would reach the forum states. The Fifth Circuit has recognized the importance of foreseeability in the 'minimum contacts' analysis: "...foreseeability that is critical to due process analysis ... is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there."[10]

---

[7] *Id.*, See *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

[8] *Kelly v. Syria Shell Petroleum Development*, 213 F.3d 841, 854 (5th Cir. 2000) (emphasis added) (internal quotation marks and citation omitted).

[9] Exhibit C, (Dutch Housing Inc. Website).

[10] *Alpine View Co. Ltd. v. Atlas Copco*, 205 F.3d 208 (5th Cir. 2000) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) (quoting *World-Wide Volkswagon Corp. v. Woodson* 444 U.S. 297 (1980))).

In satisfying the foreseeability requirement, Plaintiffs need only demonstrate that Dutch placed its products within the stream of commerce, knowing they would be used in the States of Texas, Louisiana, Mississippi, and Alabama.[11]  The Fifth Circuit noted in *Ruston Gas Turbines v. Donaldson Co., Inc.* that it "has continued to follow the original 'stream-of-commerce' theory established by the majority opinion of *World-Wide Volkswagon*, and has rejected the 'stream-of-commerce-plus' theory advocated by the *Asahi* plurality."[12]  Plaintiffs, therefore, need not demonstrate any "additional conduct" to satisfy the stream-of-commerce analysis but need only demonstrate that Dutch could have foreseen that the products might end up in Texas, Louisiana, Mississippi, and Alabama.[13]

Plaintiffs have alleged that Dutch designed, manufactured, and sold the products made the subject of this litigation and that those products, through the stream of commerce, have reached the forum states.  Dutch merely contests that it does not design, manufacture or sell its products in Louisiana; however, it does not contest Plaintiffs' allegation that it placed its products in the stream of commerce and could have foreseen that the products would reach the hurricane ravaged states of Texas, Louisiana, Mississippi, and Alabama, given those states' extreme lack of housing due to hurricanes Katrina and Rita. In fact, Dutch's products did reach the forum states, evidenced by government's FRRATS database.[14]  Consequently, Dutch has sufficient minimum contacts with the States of Texas, Louisiana, Mississippi, and Alabama for this Court to exercise specific jurisdiction over them.

---

[11] *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 298 (1980).
[12] *Ruston Gas Turbines, Inc. v. Corchran, Inc.*, 9 F.3d 415, 420 (5th Cir. 1993).
[13] *Id.*
[14] Exhibit B, FEMA FRRATS Information for THU of Holly Roberts.

### B. Fair Play and Substantial Justice

"Even if minimum contacts exist, the exercise of personal jurisdiction over a non-resident defendant will fail to satisfy due process requirements if the assertion of jurisdiction offends 'traditional notions of fair play and substantial justice.' "[15] Plaintiffs submit that this Court's assertion of *in personam* jurisdiction does not offend traditional notions of fair play and substantial justice. Again in *Ruston*, the Fifth Circuit lists the factors in the fairness examination.

> In determining this fundamental fairness issue we must examine (1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in furthering fundamental social policies.[16]

#### 1. Defendant's Burden

In this case, Dutch would *not* be unreasonably burdened by defending itself in this Court. New Orleans is located centrally to the States of Texas, Louisiana, Mississippi, and Alabama, in which the products made the subject of this litigation were used. Plaintiffs submit that this Court is the least burdensome forum to conduct this litigation given the experience this Court has with hurricane related issues, the nearness to the occurrences of harm, and the general convenience of having the majority of the witnesses and evidence located in relative close proximity. Moreover, the Fifth Circuit has stated, "[i]t is not unfair or unjust to require the manufacturer of a good that is knowingly delivered to a specific state to respond to a lawsuit arising out of defects in the good in that state."[17]

Dutch manufactured or sold the products made the subject of this litigation. Dutch knew

---

[15] *Id.*, at 421 (citations omitted).
[16] *Id.*
[17] *Id.*

its products were being utilized in the States of Texas, Louisiana, Mississippi, and Alabama. Consequently, to require the Dutch to defend themselves in this Court is not unfair or unreasonably burdensome.

### 2.  Forum State's Interests

The forum state, Louisiana, has the most significant interest in the outcome of this litigation as it affects an occurrence (i.e. hurricanes) to which Louisiana is extremely prone. More importantly, Louisiana is located, geographically, in the middle of the States where Dutch's products were used. Consequently, of the possible forum states, Louisiana has the most significant interest in the outcome of this litigation.

### 3.  Plaintiffs' Interests

The Plaintiffs have a significant interest in obtaining the most convenient and effective relief possible. Due to this Honorable Court's location and knowledge of hurricane related issues, it is the most capable of providing effective relief and is the most convenient forum in which Plaintiffs may seek relief for Dutch's harm.

### 4.  Judicial System's Interest

The Judicial System has a great interest in obtaining the most efficient resolution to this litigation. Plaintiffs submit that bringing all Defendants to this centrally located forum will provide the most efficient resolution to the issues present in this litigation and will provide the best opportunity to avoid duplicative litigation.

### 5.  Shared States' Interests

The States of Texas, Louisiana, Mississippi, and Alabama have a significant interest in the outcome of this litigation as it relates to social policy and, specifically, temporary housing in

emergency situations. Again, New Orleans provides a central locale for conducting this litigation in such a way that comports with the maximum amount of fairness to the relevant States' interests. Furthermore, these States' shared interest would be best served by resolving the matter in the area most vulnerable to hurricane related housing shortages

### III.    Conclusion

Dutch's challenge of this Court's *in personam* jurisdiction is without merit. Plaintiffs need only make a *prima facie* showing of jurisdiction and, in addition, Plaintiffs' allegations are to be taken as true unless contested by affidavits submitted by Dutch.[18] Dutch has only contested Plaintiffs' allegation that it designed, manufactured, and sold products in Louisiana. Dutch has not contested Plaintiffs' allegation that it produced products which, through the stream of commerce, reached these four states. Plaintiffs, therefore, maintain that Dutch has the requisite "minimum contacts" with the States of Texas, Louisiana, Mississippi, and Alabama. This Court may exercise specific jurisdiction over Dutch because it has purposefully availed themselves of the laws and benefits of these states by producing and placing into the stream of commerce products made the subject of this litigation which they could have reasonably foreseen would reach the mentioned states. Furthermore, conducting this litigation in this forum would not offend traditional notions of fair play and substantial justice because this Court presents the most convenient and effective forum for reaching an efficient resolution and effective relief for the relevant parties.

                Respectfully submitted:

                **FEMA TRAILER FORMALDEHYDE**
                **PRODUCT LIABILITY LITIGATION**

---

[18]  *Asarco,* 912 F.2d 784 (citations omitted).

BY: s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:      504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:      504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
RONNIE PENTON, #10462

**CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of

record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

s/Gerald E. Meunier<br>GERALD E. MEUNIER, #9471