UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-4"<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE ROBY |

THIS DOCUMENT IS RELATED TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### PSC MEMORANDUM IN OPPOSITION TO MANUFACTURING DEFENDANTS' MOTION TO DISMISS [DOC. 259]

**MAY IT PLEASE THE COURT:**

Certain manufacturing defendants (CMH Manufacturing, Southern Energy Homes, Giles Industries, SunRay RV, Palm Habor Mfg. and Palm Harbor Albermarle) move to dismiss on a number of grounds which also have been asserted in other defendant motions filed in response to the Master Complaint. The PSC respectfully adopts and incorporates plaintiffs' arguments and authorities set forth elsewhere, in opposition memoranda filed in response to these other motions. *See* PSC Memo in Opposition to Defendant Motions, Doc. Nos. 210 & 230).

In addition, however, the PSC in this opposition memorandum will address two specific arguments made by defendant-movants which have not been addressed elsewhere:

(1)   improper venue; and

(2)   the unavailability of plaintiffs' "failure to warn" claims under the Louisiana Products Liability Act (LPLA) inasmuch as plaintiffs were charged with

-1-

constructive knowledge of the risks at issue.

Venue is proper herein pursuant to the Transfer Order issued on October 24, 2007 by the United States Panel on Multi-District Litigation. That order is consistent with the statutory authority for this MDL, namely 28 U.S.C. §1407(a), which authorizes the transfer of actions to any district "for coordinated or consolidated pre-trial proceedings," when multiple actions involve one or more common questions of fact. Accordingly, the Panel's authority to transfer is not subject to venue restrictions or objections. *See Manual for Complex Litigation*, 4th Ed., §20.13.

In regard to the second issue to be addressed, the challenge to LPLA failure to warn claims based upon constructive knowledge and formaldehyde exposure, defendants refer to a health notice regarding formaldehyde exposure required by the U.S. Department of Housing & Urban Development (HUD) to be posted in mobile homes. But clearly, whether this "health notice" is considered a true warning, and, if so, whether it is an adequate warning, are important questions which cannot be resolved at this stage of litigation.

The standard to be applied when deciding a Rule 12(b)(6) motion for failure to state a claim, is whether the plaintiff has stated enough facts in the complaint to allow a court to conclude that it is "plausible" that the plaintiff is entitled to relief. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). The Court must accept as true all well-plead allegations and resolve all doubts in favor of the plaintiff. *See Tanglewood East Homeowners v. Charles-Thomas, Inc.*, 849 F.2d 1568, 1572 (5th Cir. 1988).

The AMC pleads in detail as to the health risks associated with formaldehyde and the Manufacturing Defendants' knowledge of the dangers but failure to adequately warn the

Plaintiffs and the class about such dangers. *See* AMC, § IV, ¶¶ 17-39. As to the LPLA claims, Plaintiffs assert that:

> The defects in the Manufacturing Defendants' housing units are the result of and/or include, but are not limited to the following:
> …
> c.   In providing housing units to the plaintiffs, by virtue of a lack of an adequate warning(s) were unreasonably dangerous under reasonably anticipated use.
> …
> g.   In failing to warn plaintiffs of the unreasonably dangerous nature of the housing units or of the presence of excessive levels of emissions of formaldehyde and the hazards associated with the excess levels of emissions of formaldehyde.

AMC, ¶ 138(c) and (g).

In their referenced motions to dismiss, the Mobile Home Manufacturing Defendants assert that these LPLA failure to warn claim should be dismissed as failing to state a claim because: 1) HUD has mandated that all mobile home manufacturers post a health notice concerning formaldehyde exposure in their mobile homes; and 2) Plaintiffs and the class are charged with knowledge of that warning, regardless of whether it was posted or not, and regardless of the manner in which it was posted.

This HUD "Health Notice", appears at 24 C.F.R. § 3280.309(a). The language in this notice was first promulgated in 1984, and has not changed since then.[1] The Notice states:

> Important Health Notice
>
> Some of the building materials used in this home emit formaldehyde. Eye, nose, and throat irritation, headache, nausea, and a variety of asthma-like

---

[1] Promulgated by 49 FR 32012, Aug. 9, 1984; Amended by 54 FR 46049, Nov. 1, 1989 (to correct a typographical error outside of the notice) and 58 FR 55007, Oct. 25, 1993 (which provided that the notice need no longer appear in red)

> symptoms, including shortness of breath, have been reported as a result of formaldehyde exposure. Elderly persons and young children, as well as anyone with a history of asthma, allergies, or lung problems, may be at greater risk. Research is continuing on the possible long-term effects of exposure to formaldehyde.
>
> Reduced ventilation resulting from energy efficiency standards may allow formaldehyde and other contaminants to accumulate in the indoor air. Additional ventilation to dilute the indoor air may be obtained from a passive or mechanical ventilation system offered by the manufacturer. Consult your dealer for information about the ventilation options offered with this home.
>
> High indoor temperatures and humidity raise formaldehyde levels. When a home is to be located in areas subject to extreme summer temperatures, an air-conditioning system can be used to control indoor temperature levels. Check the comfort cooling certificate to determine if this home has been equipped or designed for the installation of an air-conditioning system.
>
> If you have any questions regarding the health effects of formaldehyde, consult your doctor or local health department.

However, under the LPLA, simply because a "warning" is given does not mean it is adequate and does not mean that Mobile Home Manufacturer Defendants have met their burden to warn as a matter of law. It is a fact question as to whether the "warning" is adequate under the circumstances.

This Court recently set out the standards for a failure to warn claim under the LPLA. *See Wilson v. Thompson/Center Arms Co.*, Civil Action No. 05-6493, 2007 WL 2809991 (E.D. La. 2007). First and foremost, this Court noted that, "**[w]hether a particular warning on a product is adequate is a question for the trier of fact.**" *See Wilson* at *5 (emphasis added)(citing *Perez v. Michael Weinig, Inc.*, 2005 WL 1630018 (W.D. La. 2005); *Bloxom v. Bloxom*, 512 So.2d 839, 844 (La. 1987); *Black v. Gorman-Rupp*, 655 So.2d 717 (La. App. 4 Cir. 1995)); *see also Williams v. Super Trucks, Inc.*, 842 So.2d 1210, 1227-28 (La. App. 2 Cir. 2003), *Jack v. Alberto-Culver USA,*

*Inc.*, 949 So.2d 1256, 1259 (La. 2007).

This Court continued, "a product is unreasonably dangerous because an adequate warning about the product has not been provided if, at the time the product left its manufacturer's control[2], the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product." *Wilson,* at *3 (citing La. R.S. 9:2800.57(A)).

This court added that, "[i]n determining whether a warning is adequate, the trier of fact undergoes a balancing test, including the following considerations: (1) the severity of the danger; (2) the likelihood that the warning will catch the attention of those who will foreseeably use the product and convey the nature of the harm to them; (3) the intensity and the form of the warning, and (4) the cost of improving the strength or mode of the warning. *Id*. at *5 (citing *Bloxom v. Bloxom*, 512 So.2d 839 (La.1987)).  This Court continued, "[s]imilarly, the Fifth Circuit has ruled that to be adequate, a warning must: (1) be properly worded to signify the intensity of the inherent danger in the product; (2) be properly placed on the product so that the consumer cannot avoid seeing it, and (3) convey to the consumer that injury or damage can result from a normal or intended use of the product." *Wilson,* at * 5 (citing *Hooker v. Super Products Corp.*, 751 So.2d 889, 905 (5th Cir.1999); *Clark v. Jesuit High School of New Orleans*, 572 So .2d 830 (La. App. 4 Cir.1990), writ denied, 576 So.2d 48 (La.1991)).

---

[2] Along these lines, the LPLA provides "[a] manufacturer of a product who, after the product has left his control, acquires knowledge of a characteristic of the product that may cause damage and the danger of such characteristic, or who would have acquired such knowledge had he acted as a reasonably prudent manufacturer, is liable for damage caused by his subsequent failure to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product." La. R. S. 9:2800.57.  In other words, "the manufacturer's duty to warn is a continuing one." *Bunge Corporation v. GATX Corporation*, 557 So.2d 1376, 1384 (La. 1990).

Even assuming as true the Mobile Home Manufacturing Defendants' proposition that all Plaintiffs and the class are charged with knowing the HUD notice language, it is a fact question as to whether this "warning" is adequate. Plaintiffs have pled that it is not, especially in light of the scientific developments in the 24 years since HUD promulgated the notice language. As noted herein and in the AMC, since 1984, there have been numerous studies that demonstrate the more severe health risks of formaldehyde exposure, including its classification as a known carcinogen, and that Defendants have known this, but failed to provide adequate warning to Plaintiffs and the class.

Whether the health notice is properly worded to convey the nature and intensity of the inherent danger of formaldehyde or whether it was properly placed so that it would catch the Plaintiffs and class' attention, such that they cannot avoid seeing it, and whether Mobile Home Manufacturing Defendants should have provided more detailed warnings after governmental and international agencies classified formaldehyde as a carcinogen, and based on the are all classic fact issues. These fact issues are simply not ripe for determination at this stage of the litigation.

Therefore, accepting as true all well-plead allegations in the AMC, and resolving all doubts in favor of the Plaintiffs, it is clear that the AMC states a claim that the Mobile Home Manufacturing Defendants failed to provide adequate warning to the Plaintiffs and the class.

For the foregoing reasons, and those contained in the other opposition memoranda incorporated herein, the instant motion should be denied.

    Respectfully submitted:

    **FEMA TRAILER FORMALDEHYDE   PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:      504/528-9973
gmeunier@gainsben.com


s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:      504/528-9973
jwoods@gainsben.com


**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
RONNIE PENTON, #10462


**CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document

and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                                                      s/Gerald E. Meunier
                                                                      GERALD E. MEUNIER, #9471