# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA
### NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                              MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION            SECTION "N-4"

                                                          JUDGE ENGELHARDT
                                                          MAG. JUDGE ROBY

**THIS DOCUMENT IS RELATED TO ALL CASES**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PSC MEMORANDUM IN OPPOSITION TO RULE 12(b)(2) MOTION TO DISMISS BY FAIRMONT HOMES, INC. [DOC. 222]

**MAY IT PLEASE THE COURT:**

The defendant Fairmont Homes seeks dismissal from these proceedings on two grounds:

(1)      that under FRCP 12(b)(2) the Court lacks personal jurisdiction over the company

in these proceedings; and

(2)      that under Rules 12(b)(1) and 12(b)(6) plaintiffs fail to secure subject matter

jurisdiction over this defendant or state a claim against it, because Fairmont is not

the subject of any "underlying suit."

As to the latter argument first, the defendant-movant is, with all due request, incorrect.

"Fairmont Homes" is named as a defendant in the underlying case of *McGuire, et al v. Gulf

Stream Coach, et al*, No. 06-CV-5659-S-M4.

With respect to the personal jurisdiction argument, Fairmont submits an affidavit from

James Shea, the Company's President and CEO, to the effect that Fairmont does build

"manufactured housing," but sells same through dealers outside of Louisiana, Mississippi,

Alabama and Texas.  Mr. Shea further avers that Fairmont "did not contract with FEMA to sell

or supply housing units to FEMA" in connection with hurricanes Katrina or Rita.  Finally, the

affidavit states that Fairmont and the defendant Gulf Stream are separately incorporated, and that

Fairmont has no manufacturing facilities in Louisiana, Mississippi, Alabama or Texas.

This Court may assert *in personam* jurisdiction over a defendant so long as the Due

Process of the Fourteenth Amendment is not offended.  That clause permits the exercise of

personal jurisdiction over a non-resident defendant when (1) that defendant has purposefully

availed himself of the benefits and protections of the forum state by establishing "minimum

contacts" with the forum state; and (2) the exercise of jurisdiction over that defendant does not

offend "traditional notions of fair play and substantial justice."[1]  The analysis then is twofold,

comprising: first, a determination of whether the requisite "minimum contacts" exist between the

defendants and the forum state; and second, of ensuring that traditional notions of fair plan and

substantial justice are not offended.

Minimum contacts may be established either through specific jurisdiction or general

jurisdiction.[2]  "*Specific jurisdiction* over a non-resident corporation is appropriate when that

corporation has purposefully directed its activities at the forum state and the litigation results

from alleged injuries that *arise out of or relate to those activities*.  *General jurisdiction,* on the

---

[1]*Asarco, Inc. v. Glenara, Ltd.,* 912 F.2d 784 (5th Cir. 1990), citing *Travelers Indemnity Co. v. Calvert Fires Ins. Co.,* 798 F.@d 826, 831 (5th Cir. 1986), modified on other grounds, (836 F.2d 850 (1988)).

[2]*See Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

other hand, will attach where the non-resident defendant's contacts with the forum state, although *not* related to the plaintiffs' cause of action, are *continuous and systematic*.[3]   In this case, defendants' actions are the subject of this litigation; therefore, plaintiffs submit that this Court holds specific jurisdiction over defendants.

Whether the defendant Fairmont, as a manufacturer and seller of housing units, purposefully directed its business activities and products into the states of Texas, Louisiana, Mississippi, and Alabama, surely cannot be determined on the present record.  The Fifth Circuit has recognized the importance of foreseeability in the "minimum contacts" analysis: "...foreseeability that is critical to due process analysis...is that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into Court there.[4]  But this is a fact-intensive inquiry; it cannot be short-circuited pursuant to an affidavit asserting only certain dealership locations.  Fairmont obviously sold housing capable of being moved to and used in any number of states.  In satisfying the foreseeability requirement, plaintiffs need only demonstrate that defendants placed their products within the stream of commerce knowing they might be used in the states of Texas, Louisiana, Mississippi, and Alabama.

The question whether Fairmont should be made subject to the jurisdiction of this Court based upon the fact that it shares a parent corporation with the defendant Gulf Stream, also gives

---

[3]*Kelly v. Syria Shell Petroleum Development*, 213 F.3d 841, 854 (5th Cir. 2000) (emphasis added) (internal quotation marks and citation omitted).

[4]*Alpine View Co. Ltd. v. Atlas Copco*, 205 F.3d 308 (5th Cir. 2000) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462 (1985) (quoting *World-Wide Volkswagon Corp. v. Woodson,* 444 U.S. 297 (1980)).

rise to a factually-oriented analysis.  Plaintiffs have set forth in their memorandum in opposition to another defendants' motion to dismiss, the multiple factors under which one corporation may be considered the "alter ego" of another.  *See* PSC Memo in Opposition to Defendant Motion to Dismiss, Doc. 213, at pp. 5-7.  These factors cannot be properly analyzed on the present record, much less upon the conclusory statements in Mr. Shea's affidavit.

For the foregoing reasons, it is respectfully submitted that the motion by this defendant be denied.  Only after further discovery will a record be sufficient to assess the defenses which Fairmont seeks to raise under Rule 12.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
          GERALD E. MEUNIER, #9471
          **PLAINTIFFS' CO-LIAISON COUNSEL**
          Gainsburgh, Benjamin, David, Meunier &
          Warshauer, L.L.C.
          2800 Energy Centre, 1100 Poydras Street
          New Orleans, Louisiana 70163
          Telephone:    504/522-2304
          Facsimile:      504/528-9973
          gmeunier@gainsben.com


          s/Justin I. Woods
          JUSTIN I. WOODS, #24713
          **PLAINTIFFS' CO-LIAISON COUNSEL**
          Gainsburgh, Benjamin, David, Meunier &
          Warshauer, L.L.C.
          2800 Energy Centre, 1100 Poydras Street
          New Orleans, Louisiana 70163
          Telephone:    504/522-2304
          Facsimile:      504/528-9973
          jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'**
**STEERING COMMITTEE**
> ANTHONY BUZBEE, Texas # 24001820
> RAUL BENCOMO, #2932
> FRANK D'AMICO, #17519
> MATT MORELAND, #24567
> LINDA NELSON, #9938
> RONNIE PENTON, #10462

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

> s/Gerald E. Meunier
> GERALD E. MEUNIER, #9471