UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-4"<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE ROBY |

THIS DOCUMENT IS RELATED TO:
*Pujol v. The United States of America*, No. 08-3217

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### PSC MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR LEAVE TO FILE FIRST SUPPLEMENTAL AND AMENDED COMPLAINT

**MAY IT PLEASE THE COURT:**

Since the filing of the original Complaint herein, certain motion practice and developments have informed plaintiffs of the need to amend the original Complaint by adding some defendants and dismissing or substituting others. The reasons for doing so more specifically are as follows:

**Giles Family Holdings, Inc. should be substituted as a named defendant for both Giles Industries, Inc. and Giles Industries of Tazewell, Incorporated**

The original Complaint named Giles Industries, Inc. As a defendant. On May 19, 2008, defendants Giles Industries, Inc. and SunRay RV, LLC filed a motion for summary judgment (Doc. 239), which, *inter alia*, avers with supporting documentation that:

(1)    All emergency housing units under the name of "Giles Industries" which were

-1-

sold to FEMA for use by the victims of Hurricanes Katrina and Rita, were units manufactured and sold on or before February 8, 2006. *See* Exhibit 1 to Evidentiary Submission, ¶¶7-8, attached to Giles Motion for Summary Judgment (Doc. 239).

(2)  The assets of Giles Industries of Tazwell, Incorporated, a Tennessee corporation, were purchased on March 20, 2006 by Giles Acquisition Corporation, an Alabama corporation. *See* Exhibit 4 to Evidentiary Submission, Giles Motion for Summary Judgment (Doc. 239).

(3)  Under the terms of the referenced purchase agreement, however, Giles Acquisition Corporation did <u>not</u> assume "liabilities which relate to any product liability or warranty claim with respect to products sold [prior to the corporate purchase/acquisition date]." *See* Exhibit 4 to Evidentiary Submission, §§1.3 & 1.4, Giles Motion for Summary Judgment (Doc. 239).

(4)  Giles Industries of Tazwell, Inc., the entity retaining liabilities for the housing units at issue in this case, on March 21, 2006 changed its corporate name to Giles Family Holdings, Inc. *See* Exhibit 5 to Evidentiary Submission, Giles Motion for Summary Judgment (Doc. 239).

Under these facts and circumstances, established based upon the submissions of counsel for Giles Industries, Inc. and Giles Industries of Tazwell, Incorporated, plaintiffs now are prepared to substitute "Giles Family Holdings, Inc." for Giles Industries, Inc. and for Giles Industries of Tazwell, Incorporated, wherever the latter two defendants are named in the original Complaint. Plaintiffs expressly reserve their right to rename these substituted companies as

defendants, should further investigation and discovery provide a factual and legal basis for doing so.

**SunRay Investments LLC should be substituted for the defendant SunRay RV, LLC**

The original Complaint named SunRay RV, LLC as defendant.  In the above-referenced motion for summary judgment filed on May 19, 2008 by counsel for SunRay RV, LLC (Doc. 239), the following is averred:

(1) All emergency housing units under the name "SunRay RV" sold to FEMA for use by the victims of Hurricanes Katrina and Rita were manufactured and sold on or before March 4, 2006.  *See* Exhibit 1 to Evidentiary Submission, ¶¶5-6, SunRay Motion for Summary Judgment (Doc. 239).

(2) The assets of SunRay RV, LLC were purchased on March 20, 2006 by SunRay Acquisition, LLC, an Alabama corporation.  *See* Exhibit 4 to Evidentiary Submission, SunRay Motion for Summary Judgment (Doc. 239).

(3) In the asset purchase agreement, SunRay Acquisition LLC did <u>not</u> assume "liabilities which relate to any product liability warranty claim with respect to products sold [prior to the corporation purchase/acquisition date]."  *See* Exhibit 4 to Evidentiary Submission, ¶¶1.3 & 1.4, SunRay Motion for Summary Judgment (Doc. 239).

(4) On March 23, 2006, the corporate name of SunRay RV, LLC, the entity retaining liability for the claims herein, was changed to SunRay Investments, Inc.  *See* Exhibit 6 to Evidentiary Submission, SunRay Motion for Summary Judgment (Doc. 239).

Accordingly, under facts represented and submitted in the record in a motion for summary judgment filed by counsel for SunRay, plaintiffs are prepared to substitute the name "SunRay Investments, LLC" wherever the name of defendant SunRay RV, LLC is used in the Complaint. Plaintiffs expressly reserve their right to rename the latter company as a defendant, should further investigation and discovery provide a factual and legal basis for doing so.

**CMH Manufacturing, Inc. should be added as a defendant manufacturer of both "Golden West" units and "Oakwood" units**

The original Complaint named both Golden West Homes and Oakwood Homes, LLC, as defendants. On May 19, 2008, a motion to dismiss filed by a number of newly-named defendants herein stated that CMH Manufacturing, Inc. manufactured housing units under the trade names "Golden West" and "Oakwood." *See* Defendants' Memo in Support of Motion to Dismiss (Doc. 230), at pg. 1, fn. 1.

Accordingly, plaintiffs' believe it is appropriate and necessary to add CMH Manufacturing, Inc. as a named defendant in these proceedings.

**Palm Harbor Mfg., Inc. and Palm Harbor Albermarle, LLC should be added as defendants**

The original Complaint named Palm Harbor Homes, Inc. as defendant. On May 19, 2008, certain newly-added defendants filed a Motion to Dismiss, which stated that Palm Harbor Homes, Inc. is a parent company that "neither manufactures nor sells homes," and that two subsidiaries of Palm Harbor Homes, Inc., namely, Palm Harbor Mfg., Inc. and Palm Harbor Albermarle, LLC, "manufactured and sold homes to FEMA under the 'Palm Harbor' trade name...." *See* Memo in Support of Defendants' Motion to Dismiss (Doc. 230) at p. 2, fn. 3. The above statement pertinent to the parent company Palm Harbor Homes, Inc., does not address or

-4-

resolve the important question whether the corporation manufactured housing units at some time in the past, which units may have been used by FEMA for the victims of Hurricanes Katrina and Rita.

Accordingly, plaintiffs believe it is appropriate to add as defendants both of the acknowledged subsidiary manufacturers, Palm Harbor Mfg., Inc. and Palm Harbor Albermarle, LLC, while still maintaining as a named defendant at this time the parent company Palm Harbor Homes, Inc.

**Coachmen Industries, Inc., Coachmen Recreational Vehicle of Georgia, LLC and Viking Recreational Vehicles, LLC should be added as defendants**

The original Complaint names as a defendant Coachmen Recreational Vehicle Company, LLC. A motion to dismiss filed by Coachmen Industries, Inc., a defendant in the Master Complaint, states, with a supporting affidavit, that Coachmen Industries, Inc. is the parent corporation of three subsidiary companies which actually manufactured the housing units at issue in this litigation. *See* Defendant Coachmen Motion to Dismiss (Doc. 213). Specifically, in an affidavit by Colleen Zuhl, dated May 19, 2008 attached to this motion, it is stated that the three subsidiaries of Coachmen Industries, Inc. which manufactured units are: Coachmen Recreational Vehicle Company, LLC, Coachmen Recreational Vehicle Company of Georgia, LLC, and Viking Recreational Vehicles, LLC.

Accordingly, plaintiffs believe it is appropriate to name as additional defendants both the parent corporation Coachmen Industries, Inc. and the two subsidiaries of Coachmen Industries, Inc. which have not yet been named as manufacturers herein, namely Coachmen Recreational

Vehicle Company of Georgia, LLC and Viking Recreational Vehicles, LLC.[1]

Under Rule 15(a)(2), amendments to complaints should be freely permitted "when justice so requires." The PSC submits that, in all of the above instances, both justice and appropriate case management justify the requested amendments and substitutions as to certain named defendants. Plaintiffs therefore request leave to file the First Supplemental and Amended Complaint attached hereto.

        Respectfully submitted:

        **FEMA TRAILER FORMALDEHYDE**
        **PRODUCT LIABILITY LITIGATION**


        BY:    s/Gerald E. Meunier
                 GERALD E. MEUNIER, #9471
                 **PLAINTIFFS' CO-LIAISON COUNSEL**
                 Gainsburgh, Benjamin, David, Meunier &
                 Warshauer, L.L.C.
                 2800 Energy Centre, 1100 Poydras Street
                 New Orleans, Louisiana 70163
                 Telephone:    504/522-2304
                 Facsimile:    504/528-9973
                 gmeunier@gainsben.com

                 s/Justin I. Woods
                 JUSTIN I. WOODS, #24713
                 **PLAINTIFFS' CO-LIAISON COUNSEL**
                 Gainsburgh, Benjamin, David, Meunier &
                 Warshauer, L.L.C.
                 2800 Energy Centre, 1100 Poydras Street
                 New Orleans, Louisiana 70163
                 Telephone:    504/522-2304
                 Facsimile:    504/528-9973
                 jwoods@gainsben.com

---

[1] Plaintiffs will be opposing the motion to dismiss by the parent corporation Coachmen Industries, Inc., on the ground that SEC filing information suggests that this particular parent company operates as a single business enterprise with the subsidiaries in question.

       **COURT-APPOINTED PLAINTIFFS'**
       **STEERING COMMITTEE**
         ANTHONY BUZBEE, Texas # 24001820
         RAUL BENCOMO, #2932
         FRANK D'AMICO, #17519
         MATT MORELAND, #24567
         LINDA NELSON, #9938
         RONNIE PENTON, #10462

## CERTIFICATE OF SERVICE

 I hereby certify that on June 20, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

               s/Gerald E. Meunier
               GERALD E. MEUNIER, #9471