UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-4"<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE ROBY |

THIS DOCUMENT IS RELATED TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

<u>**PSC MEMORANDUM IN SUPPORT OF
UNOPPOSED MOTION FOR LEAVE
TO FILE FIRST SUPPLEMENTAL AND
AMENDED COMPLAINT**</u>

**MAY IT PLEASE THE COURT:**

Since the filing of the original Master Complaint herein, certain motion practice and developments have informed plaintiffs of the need to amend the original Master Complaint by adding some defendants and dismissing or substituting others, and by deleting certain language. The reasons for doing so more specifically are as follows:

<u>**Giles Family Holdings, Inc. should be substituted as a named defendant for both Giles Industries, Inc. and Giles Industries of Tazewell, Incorporated**</u>

The original Master Complaint named Giles Industries, Inc. As a defendant. On May 19, 2008, defendants Giles Industries, Inc. and SunRay RV, LLC filed a motion for summary judgment (Doc. 239), which, *inter alia*, avers with supporting documentation that:

(1) All emergency housing units under the name of "Giles Industries" which were sold to FEMA for use by the victims of Hurricanes Katrina and Rita, were units

-1-

manufactured and sold on or before February 8, 2006.  *See* Exhibit 1 to Evidentiary Submission, ¶¶7-8, attached to Giles Motion for Summary Judgment (Doc. 239).

(2)   The assets of Giles Industries of Tazwell, Incorporated, a Tennessee corporation, were purchased on March 20, 2006 by Giles Acquisition Corporation, an Alabama corporation.  *See* Exhibit 4 to Evidentiary Submission, Giles Motion for Summary Judgment (Doc. 239).

(3)   Under the terms of the referenced purchase agreement, however, Giles Acquisition Corporation did <u>not</u> assume "liabilities which relate to any product liability or warranty claim with respect to products sold [prior to the corporate purchase/acquisition date]."  *See* Exhibit 4 to Evidentiary Submission, §§1.3 & 1.4, Giles Motion for Summary Judgment (Doc. 239).

(4)   Giles Industries of Tazwell, Inc., the entity retaining liabilities for the housing units at issue in this case, on March 21, 2006 changed its corporate name to Giles Family Holdings, Inc.  *See* Exhibit 5 to Evidentiary Submission, Giles Motion for Summary Judgment (Doc. 239).

Under these facts and circumstances, established based upon the submissions of counsel for Giles Industries, Inc. and Giles Industries of Tazwell, Incorporated, plaintiffs now are prepared to substitute "Giles Family Holdings, Inc." for Giles Industries, Inc. and for Giles Industries of Tazwell, Incorporated, wherever the latter two defendants are named in the original Master Complaint.  Plaintiffs expressly reserve their right to rename these substituted companies as defendants, should further investigation and discovery provide a factual and legal basis for

doing so.

**SunRay Investments LLC should be substituted for the defendant SunRay RV, LLC**

The original Administrative Master Complaint named SunRay RV, LLC as defendant. In the above-referenced motion for summary judgment filed on May 19, 2008 by counsel for SunRay RV, LLC (Doc. 239), the following is averred:

(1) All emergency housing units under the name "SunRay RV" sold to FEMA for use by the victims of Hurricanes Katrina and Rita were manufactured and sold on or before March 4, 2006. *See* Exhibit 1 to Evidentiary Submission, ¶¶5-6, SunRay Motion for Summary Judgment (Doc. 239).

(2) The assets of SunRay RV, LLC were purchased on March 20, 2006 by SunRay Acquisition, LLC, an Alabama corporation. *See* Exhibit 4 to Evidentiary Submission, SunRay Motion for Summary Judgment (Doc. 239).

(3) In the asset purchase agreement, SunRay Acquisition LLC did <u>not</u> assume "liabilities which relate to any product liability warranty claim with respect to products sold [prior to the corporation purchase/acquisition date]." *See* Exhibit 4 to Evidentiary Submission, ¶¶1.3 & 1.4, SunRay Motion for Summary Judgment (Doc. 239).

(4) On March 23, 2006, the corporate name of SunRay RV, LLC, the entity retaining liability for the claims herein, was changed to SunRay Investments, Inc. *See* Exhibit 6 to Evidentiary Submission, SunRay Motion for Summary Judgment (Doc. 239).

Accordingly, under facts represented and submitted in the record in a motion for

summary judgment filed by counsel for SunRay, plaintiffs are prepared to substitute the name "SunRay Investments, LLC" wherever the name of defendant SunRay RV, LLC is used in the Master Complaint. Plaintiffs expressly reserve their right to rename the latter company as a defendant, should further investigation and discovery provide a factual and legal basis for doing so.

**Morgan Building & Spas, Inc. should be renamed as a defendant**

On June 2, 2008, the PSC agreed to voluntarily dismiss Morgan Building & Spas, Inc. as a named defendant. This was done on the basis of an affidavit furnished by Hicks B. Morgan dated May 28, 2008, averring that this entity did not design or manufacture any of the housing units at issue in this litigation. *See* Plaintiffs' Notice of Voluntary Dismissal and attached Affidavit (Doc. 304).

Since this dismissal, however, counsel for certain plaintiffs have furnished photographic and website evidence showing that the trade name or logo "Morgan" appears on housing units or travel trailers in which certain plaintiffs resided. *See* photos and website images attached as Exhibit I. This is critical, since the Louisiana Product Liability Act [LPLA] expressly includes in the definition of a "manufacturer" suable under the Act, an "entity [which] labels a product as [its] own or [which] otherwise holds [itself] out to be the manufacturer of the product." LSA-R.S. 9:2800.53(1)(a). Accordingly, plaintiffs believe it is necessary to rename Morgan Buildings & Spas, Inc. as a defendant in these proceedings.

**CMH Manufacturing, Inc. should be added as a defendant manufacturer of both "Golden West" units and "Oakwood" units**

The original Master Complaint named both Golden West Homes and Oakwood Homes,

LLC, as defendants. On May 19, 2008, a motion to dismiss filed by a number of newly-named defendants herein stated that CMH Manufacturing, Inc. manufactured housing units under the trade names "Golden West" and "Oakwood." *See* Defendants' Memo in Support of Motion to Dismiss (Doc. 230), at pg. 1, fn. 1.

Accordingly, plaintiffs' believe it is appropriate and necessary to add CMH Manufacturing, Inc. as a named defendant in these proceedings.

**Palm Harbor Mfg., Inc. and Palm Harbor Albermarle, LLC should be added as defendants**

The original Master Complaint named Palm Harbor Homes, Inc. as defendant. On May 19, 2008, certain newly-added defendants filed a Motion to Dismiss, which stated that Palm Harbor Homes, Inc. is a parent company that "neither manufactures nor sells homes," and that two subsidiaries of Palm Harbor Homes, Inc., namely, Palm Harbor Mfg., Inc. and Palm Harbor Albermarle, LLC, "manufactured and sold homes to FEMA under the 'Palm Harbor' trade name...." *See* Memo in Support of Defendants' Motion to Dismiss (Doc. 230) at p. 2, fn. 3. The above statement pertinent to the parent company Palm Harbor Homes, Inc., does not address or resolve the important question whether the corporation manufactured housing units at some time in the past, which units may have been used by FEMA for the victims of Hurricanes Katrina and Rita.

Accordingly, plaintiffs believe it is appropriate to add as defendants both of the acknowledged subsidiary manufacturers, Palm Harbor Mfg., Inc. and Palm Harbor Albermarle, LLC, while still maintaining as a named defendant at this time the parent company Palm Harbor Homes, Inc.

**Coachmen Recreational Vehicle of Georgia, LLC and Viking Recreational Vehicles, LLC**

**should be added as defendants**

The original Master Complaint names as defendants both Coachmen Industries, Inc. and Coachmen Recreational Vehicle Company, LLC.  In a motion to dismiss filed by Coachmen Industries, Inc., this defendant states, with a supporting affidavit, that Coachmen Industries, Inc. is the parent corporation of three subsidiary companies which actually manufactured the housing units at issue in this litigation.  *See* Defendant Coachmen Motion to Dismiss (Doc. 213). Specifically, in an affidavit by Colleen Zuhl, dated May 19, 2008 attached to this motion, it is stated that the three subsidiaries of Coachmen Industries, Inc. which manufactured units are: Coachmen Recreational Vehicle Company, LLC, Coachmen Recreational Vehicle Company of Georgia, LLC, and Viking Recreational Vehicles, LLC.

Accordingly, plaintiffs believe it is appropriate to name as additional defendants the two subsidiaries of Coachmen Industries, Inc. which have not yet been named as manufacturers herein, namely Coachmen Recreational Vehicle Company of Georgia, LLC and Viking Recreational Vehicles, LLC.[1]


**Certain language in the Complaint should be deleted, to confirm that plaintiffs are not presenting claims of fraud at this time**

Various Rule 12(b) motions filed by the manufacturing defendants in response to the Master Complaint, seek dismissal of any claims of fraud based on plaintiffs' failure to plead same with sufficient particularity.

---

[1] Plaintiffs will be opposing the motion to dismiss by the parent corporation Coachmen Industries, Inc., on the ground that SEC filing information suggests that this particular parent company operates as a single business enterprise with the subsidiaries in question.

The Master Complaint does not purport to present at this time a case based upon defendant fraud. Plaintiffs agree that there is an insufficient record at this time to plead the specific facts and circumstances which might support such a legal cause of action or claim for fraud on the part of <u>any</u> defendant, the Government included. Whether or not such facts and circumstances will be developed through investigation and/or formal discovery remains to be seen.

In paragraph 31 of the "General Allegations" section of the Complaint, the following sentence occurs:

> Plaintiffs submit that the Manufacturing Defendants ignored or deliberately <u>and fraudulently</u> concealed [dangerous levels of formaldehyde in the housing units].

Master Complaint, ¶31, p. 28 (Doc. 109) [emphasis added]. To eliminate any confusion and clarify this section of the pleading, the PSC respectfully asks to amend paragraph 31 by deleting the words "and fraudulently."

Under Rule 15(a)(2), amendments to complaints should be freely permitted "when justice so requires." The PSC submits that, in all of the above instances, both justice and appropriate case management justify the requested amendments and substitutions as to certain language and named defendants. Plaintiffs therefore request leave to file the First Supplemental and Amended Complaint attached hereto.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

      BY:  s/Gerald E. Meunier
          GERALD E. MEUNIER, #9471
          **PLAINTIFFS' CO-LIAISON COUNSEL**
          Gainsburgh, Benjamin, David, Meunier &
          Warshauer, L.L.C.
          2800 Energy Centre, 1100 Poydras Street
          New Orleans, Louisiana 70163
          Telephone: 504/522-2304
          Facsimile: 504/528-9973
          gmeunier@gainsben.com

          s/Justin I. Woods
          JUSTIN I. WOODS, #24713
          **PLAINTIFFS' CO-LIAISON COUNSEL**
          Gainsburgh, Benjamin, David, Meunier &
          Warshauer, L.L.C.
          2800 Energy Centre, 1100 Poydras Street
          New Orleans, Louisiana 70163
          Telephone: 504/522-2304
          Facsimile: 504/528-9973
          jwoods@gainsben.com

      **COURT-APPOINTED PLAINTIFFS'**
      **STEERING COMMITTEE**
        ANTHONY BUZBEE, Texas # 24001820
        RAUL BENCOMO, #2932
        FRANK D'AMICO, #17519
        MATT MORELAND, #24567
        LINDA NELSON, #9938
        RONNIE PENTON, #10462

### CERTIFICATE OF SERVICE

  I hereby certify that on June 20, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-

CM/ECF participants.

                                          s/Gerald E. Meunier
                                          GERALD E. MEUNIER, #9471