# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

### NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCT LIABILITY LITIGATION | * | SECTION "N-4" |
| | * | JUDGE ENGELHARDT |
| | * | MAG. JUDGE ROBY |

**THIS DOCUMENT IS RELATED TO ALL CASES**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## JOINT REPORT NO. 4 OF LIAISON AND GOVERNMENT COUNSEL

Plaintiffs' Liaison Counsel ("PLC"), Manufacturing Defendants' Liaison Counsel ("MDLC") and U.S. Government Counsel ("GC") respectfully submit this Joint Report No. 4.

**I.    REPORT OF CLAIMS AND CASE INVENTORY:**

MDLC reports that a total of 23 actions now have been filed, or transferred into, this MDL. MDLC is unaware of any other actions filed in other districts that currently are awaiting transfer into the MDL. MDLC further reports that there currently are approximately 863 plaintiffs named in all actions pending, or awaiting transfer into, the MDL. The following claims were filed since the last Joint Report:

**LOUISIANA:**

*Keith Johnson, et al v. United States of America, et al*, United States District Court, Eastern District of Louisiana, filed on May 30, 2008, Civil Action No. 1:08-CV-3602.

*Yvette Joseph v. United States of America, et al.*, United States District Court, Eastern District of Louisiana, filed on April 16, 2008, Civil Action No. 2:08-CV-1672.

1



FEMA estimates that approximately 6,000 persons have filed administrative claims against the United States Government/FEMA, which appear to pertain to the allegations giving rise to this MDL.

## II.   AMENDMENT TO PLEADINGS

PLC intends to seek to amend the Administrative Master Complaint (Doc. No. 109) and *Pujol, et al* v. *United States of America* (Doc. No. 103) to substitute and correct the named defendants. MDLC and GC have no objection to PLC filing the Amended Complaints. GC and MDLC wish to confirm that responsive pleadings are required for the Administrative Master Complaint, but responsive pleadings are not required for the underlying Complaints and Petitions related to *Pujol, et al v. United States, et al.*, No. 08-3217.

## III.   WRITTEN DISCOVERY

Pursuant to Pre-Trial Order No. 2 (Doc. No. 87) responses to written merits discovery propounded by the parties are due on July 1, 2008.

PLC and MDLC have discussed arrangement necessary for the production of information requested in the aforesaid written discovery that exists in electronic format. On June 11, 2008 MDLC provided PLC with a list of search terms that the manufacturing defendants intend to use when conducting searches of the electronically stored data. Due to the extremely expensive nature of the searches, MDLC has requested that the PLC advise of any additional terms that Plaintiffs wish to have incorporated into the search parameters. PLC is editing/adding terms to the list and will provide to DLC.

PLC has established and are operating a central claims office located at 4731 Canal Street, New Orleans, Louisiana. PLC advises that it anticipates delivering completed Plaintiff Fact Sheets for the 863 named plaintiffs by the July 16, 2008 deadline contained in Pre-Trial

Order No. 2 (Doc. No. 87). Thereafter, assuming appropriate staffing and operation, PLC hopes to produce Plaintiff Fact Sheets to defendants on a rolling basis, at the rate of approximately 800 per month.

## IV.   TESTING OF TRAILERS

The testing of Temporary Housing Units, both occupied and unoccupied/never occupied, continues at numerous locations.

**Never occupied unit testing**

Plaintiffs' and Defendants' testing of never occupied units have been completed at FEMA's sites in Selma, AL, Lottie, LA, Cumberland, MD, and Baton Rouge, LA.

Given logistical problems at FEMA's Frostburg, MD site, including the burden on FEMA to move units around to permit testing and the expense of testing at this site, the MDLC agreed to make every effort to identify sufficient numbers of units at FEMA's Hope, Arkansas site and to complete their testing at that site. As the MDLC has made clear to FEMA, a final decision as to whether defendants can limit their never occupied unit testing to the Hope site is dependent on obtaining the complete list of units tested by Plaintiffs at Hope and a review by all defendants of those lists to determine if sufficient units are available at Hope to allow all testing to be performed there (defendants need to insure that Hope has a sufficient number of each of their models from each production facility for each manufacturer). Defendants selection process has been delayed because Plaintiffs are continuing to test units at Hope and the defense group has received lists from PLC of only 300 of those tested units, which the defense group understands to be only a small percentage of the units that will ultimately be tested by Plaintiffs at Hope. Once the logistical problems are solved, defendants will begin testing at Hope, Arkansas.

It is the United States' position that the June 30, 2008 extended deadline for testing of new and unused units at the Hope, Arkansas site should remain fixed. The Government does not oppose a reasonable extension after June 30 at Hope, for Defendants' testing because Defendants can only conduct their testing after Plaintiffs have completed their testing. The Government does not believe that any further extensions are warranted for testing of these new and unused units, which no one has ever lived in, because they are not at issue in the litigation. Thus, despite the efforts of all parties to perform and complete this testing, the burden on all the parties, at this point, outweighs any evidentiary benefit of testing additional new and unused units that are not located by FEMA staff and tested by Plaintiffs as of June 30, 2008.

The PSC requires an extension of the June 30, 2008 deadline due to the logistical problems encountered at the Hope, Arkansas facility. The PSC is working diligently to conclude testing at Hope of units necessary to complete its statistical sample model. Due to inclement weather, site conditions and FEMA's inability to locate units that have been requested for testing, the PSC has requested an extension of the deadline.

**Currently occupied unit testing:**

Plaintiffs and defendants have been working to coordinate testing of occupied units. The protocols call for plaintiff to identify the occupied units, to notify the defendants of their intention to test these units at least 48 hours before testing begins, and then to place their testing devices in the units and return 24 hours later to recover those devices. Defendants testing teams arrive at the unit at the time plaintiffs testing team arrives to recover their devices at which time defendants place their testing device in the units. Defendants' testing teams then return 24 hours later and remove their devices.

4

In conjunction with Plaintiffs' prospective testing of occupied Temporary Housing Units, PLC and MDLC have filed a Joint Motion for Disclosure of Plaintiff Testing Activity (Doc. No. 339). The government has requested a modification to paragraph 5 of that Order.

**Previous occupied units, previously tested by Plaintiffs testing:**

Last week PLC provided MDLC with a list of 1182 units that Plaintiffs had previously tested while those units were still occupied. The parties are working together and with FEMA to identify which of those 1182 units are still occupied, and where they are located, so that Defendants may test those previously tested but still occupied units in an efficient manner. Defendants have suggested to Plaintiffs that a court order be issued advising these occupants of the need to cooperate with Defendants testing, that Defendants would set up a schedule by geographical area of units it would be testing during any particular calendar week(s), and occupants could call into the call center to schedule testing. Plaintiffs' counsel would have access to the call center and be kept apprised of the test schedules. Since Defendants have no information at this time about the number, or locations, of any still occupied units previously tested by Plaintiffs, we are unable to predict when that testing could get underway or how long it will take.

In regards to those Temporary Housing Units that have been tested by Plaintiffs and Defendants, or offered for testing that was declined by the parties, FEMA has notified PLC and MDLC that it may dispose of such trailers. PLC and MDLC have no objection to such disposal, except to the extent that any destructive testing is conducted on any of the Temporary Housing Units. GC will disclose to PLC and MDLC its plans for units that may be used for any such testing and will give them a reasonable opportunity to test those units prior to such testing.

In regards to units located on FEMA property that were previously occupied, but have

not yet been tested, the Government has produced to PLC and MDLC an updated list of FEMA's

inventory of such units, and is awaiting responses as to which units PLC and MDLC would like

to test between now and the September 2, 2008 deadline.

## V.    MOTION PRACTICE

PLC has filed a Motion to Enforce the Court Order of March 3, 2008 (Doc. No. 343),

which the Government currently opposes.  However, the parties are working together to resolve

any outstanding issues associated with this Motion.

On July 23, 2008, the following Motions are scheduled for hearing before the court:

1.    United States Motion to Dismiss Plaintiffs' FTCA and Contract Claims for Lack
of Subject Matter Jurisdiction (Doc. No. 196)

2.    Morgan's Motion to Dismiss Pursuant to Rules 12 (b)(2), 12(b)(1) and 12(b)(6)
with respect to Louisiana Plaintiffs' Claims (Doc. No. 211)

3.    Morgan's Motion to Dismiss Plaintiffs' Fraud Claims pursuant to FED.R.CIV.P.
12(b)(2) and 9(b) (Doc. No. 217)

4.    Morgan's Motion to Dismiss Pursuant to Rules 12 (b)(2), 12(b)(1) and 12(b)(6)
with respect to Mississippi and Alabama Plaintiffs' Claims (Doc. No. 214

5.    Motion to Dismiss Administrative Master Complaint obo Horton Homes, Inc.
(Doc. No. 233)

6.    Motion to Dismiss or in the Alternative 12(e) Mtn. for a more definite statement
(Doc. No. 240)

7.    Motion to Dismiss Administrative Master Complaint obo Newly Added
Defendants CMH Manufacturing Inc., Southern Energy Homes, Inc., Giles
Industries, Inc., Sunray RV, LLC, Palm Harbor MFG., LP, and Palm Harbor
Albemarle, LLC (Doc. No. 259)

## VI.    CLASS CERTIFICATION DISCOVERY

On June 13, 2008, PLC issued several 30(b)(6) Deposition Notices on both non-parties

and on named defendants.  Representatives for some of the non-parties have contacted PLC

and/or MDLC and indicated that there may be some motions filed concerning the deposition notices. Concerning the Notices to named defendants, PLC and MDLC are prepared to confer regarding issues of contention in an effort to resolve them. Only those issues that the parties are unable to resolve will be brought to the Court's attention.

Regarding the defendants added to the litigation by the Administrative Master Complaint, PLC and MDLC have been contact by counsel for some of the "newly named" defendants. The newly named defendants have expressed interest in extending the class certification deadlines contained in Pre-Trial Order No. 6 (Doc. No. 135). PLC, MDLC and GC have no opposition to extending the deadlines to accommodate the newly added defendants, if the Court deems an extension appropriate.

PLC without consulting with GC issued notices of depositions scheduled to commence on June 25, 2008 in (1) LaPlace, LA, (2) New Orleans, LA, (3) Reston, VA and (4) Alexandria, VA. The four-track deposition schedule continues from June 25 through July 2008. The United States has requested that Plaintiffs cancel those depositions and commence the deposition on or after July 7, 2008. The Court's scheduling Order requires the United States to file its reply brief in response to PLC opposition to the United States' motion to dismiss on or about June 30, 2008, and respond to PLC and MDLC's written discovery requests on July 1, 2008. The government lacks the ability to comply with the Court's existing scheduling deadlines and also appear in a meaningful manner at these depositions. Accordingly, because good cause exists, the United

States requests that the PSC vacate the scheduled depositions and postpone commencement of those depositions until July.

BY:    s/Gerald E. Meunier
       GERALD E. MEUNIER, #9471
       **PLAINTIFFS' CO-LIAISON COUNSEL**
       Gainsburgh, Benjamin, David, Meunier &
       Warshauer, L.L.C.
       2800 Energy Centre, 1100 Poydras Street
       New Orleans, Louisiana 70163
       Telephone:    504/522-2304
       Facsimile:    504/528-9973
       gmeunier@gainsben.com

       s/Justin I. Woods
       JUSTIN I. WOODS, #24713
       **PLAINTIFFS' CO-LIAISON COUNSEL**
       Gainsburgh, Benjamin, David, Meunier &
       Warshauer, L.L.C.
       2800 Energy Centre, 1100 Poydras Street
       New Orleans, Louisiana 70163
       Telephone:    504/522-2304
       Facsimile:    504/528-9973
       jwoods@gainsben.com

       s/Andrew D. Weinstock
       ANDREW D. WEINSTOCK, #18495
       **DEFENDANTS' LIAISON COUNSEL**
       Duplass, Zwain, Bourgeois, Morton, Pfister &
       Weinstock
       3838 N. Causeway Boulevard, Suite 2900
       Metairie, Louisiana 70002
       Telephone:    504/832-3700
       Facsimile:    504/837-3119
       andreww@duplass.com

s/Michelle G. Boyle
HENRY T. MILLER
Senior Trial Counsel
MICHELLE G. BOYLE, Va. Bar No. 73710
Trial Attorney
ATTORNEYS FOR THE UNITED STATES OF
AMERICA
United States Department of Justice
Civil Division - Torts Branch
P. O. Box 340, Ben Franklin Station
Washington, D.C. 20004
Telephone:     202/616-4447
Michelle.Boyle@usdoj.gov