UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCT LIABILITY LITIGATION | * | SECTION "N-4" |
| | * | JUDGE ENGELHARDT |
| | * | MAG. JUDGE ROBY |

THIS DOCUMENT IS RELATED TO ALL CASES

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MANUFACTURING DEFENDANTS' JOINT OBJECTIONS TO PLAINTIFFS' FIRST INTERROGATORIES, REQUESTS FOR ADMISSION, AND REQUESTS FOR PRODUCTION OF DOCUMENTS

**General Objection**

The Manufacturing Defendants first object to each Request for Admission, Interrogatory, and Request for Production of Documents because Plaintiffs served this discovery out of time. *See* Pretrial Order No. 8, § 1.B. Further, Plaintiffs have failed to tailor to this discovery to either the Manufacturing Defendants or governmental defendants, and have imposed an undue burden on the Manufacturing Defendants by requesting them to respond to discovery that is not specifically directed at them. Finally, the Manufacturing Defendants reserve the right to state additional objections that individuals defendants may have when their responses are served.

### OBJECTIONS TO REQUESTS FOR ADMISSIONS

1. Objection. Due to the preliminary stage of this litigation, Manufacturing Defendants are not in a position to know the status of all submittals made by proposed class representatives or denials made by the United States. Furthermore, Plaintiffs make this request of the wrong party. Either the United States or the proposed class members who actually prepared the forms are the proper parties from whom to seek this discovery.

2. Objection. First, to the extent that the Request calls for a legal conclusion that the forms were "legally sufficient," Manufacturing Defendants are not in a position to offer such a conclusion. Second, due to the preliminary stage of this litigation, Manufacturing Defendants are not in a position to know the status of all submittals made by proposed class representatives or denials made by the United States. Furthermore, Plaintiffs make

this request of the wrong party. Either the United States or the proposed class members who actually prepared the forms are the proper parties from whom to seek this discovery.

3. Objection. Due to the preliminary stage of this litigation, Manufacturing Defendants are not in a position to know the status of the United States' payments or settlements to proposed class representatives. Furthermore, Plaintiffs make this request of the wrong party. The United States is the proper party to from whom to seek this discovery.

4. The Manufacturing Defendants object to the extent that it violates any settlement or confidentiality agreement to disclose this information. Because the Manufacturing Defendants are presently unaware of who the designated Class Representatives will be, they are unable to respond to this Request at this time.

5. Objection. To the extent that the Request calls for a legal conclusion that the proposed class representatives have "satisfied statutory conditions," Manufacturing Defendants are not in a position to offer such a conclusion. Furthermore, because the Manufacturing Defendants are presently unaware of who the designated Class Representatives will be, they are unable to respond to this Request at this time.

6. Objection. To the extent that the Request calls for a legal conclusion that the proposed class representatives have "suffered damages," Manufacturing Defendants are not in a position to offer such a conclusion. Furthermore, because the Manufacturing Defendants are presently unaware of who the designated Class Representatives will be, they are unable to respond to this Request at this time.

7. Objection. To the extent that the Request calls for a legal conclusion that the "members of the class are so numerous that joinder of all such persons and entities in this action is impracticable," Manufacturing Defendants are not in a position to offer such a conclusion.

8. Objection. To the extent that the Request calls for a legal conclusion that the "members of the class are so geographically dispersed that joinder of all such persons and entities in this action is impracticable," Manufacturing Defendants are not in a position to offer such a conclusion.

9. Objection. To the extent the Request calls for a legal conclusion that individual actions "would create the risk of inconsistent or varying adjudications," Manufacturing Defendants are not in a position to offer such a conclusion.

10. Objection. To the extent that the Request calls for a legal conclusion that individual actions "would substantially impair or impede the ability of some class members to protect their interests," Manufacturing Defendants are not in a position to offer such a conclusion.

11. Objection. To the extent that the Request calls for a legal conclusion that there are issues common to all proposed class members, Manufacturing Defendants are not in a position to offer such a conclusion.

12. Objection. To the extent that the Request calls for a legal conclusion that there are issues common to all proposed class members, Manufacturing Defendants are not in a position to offer such a conclusion.

13. Objection. To the extent that the Request calls for a legal conclusion that there are issues common to all proposed class members, Manufacturing Defendants are not in a position to offer such a conclusion.

14. Objection. To the extent that the Request calls for a legal conclusion that the proposed class representatives are adequate to protect the interests of the proposed class members, Manufacturing Defendants are not in a position to offer such a conclusion.

15. Objection. To the extent that the Request calls for a legal conclusion that causation is ascertainable on a class-wide basis, Manufacturing Defendants are not in a position to offer such a conclusion.

16. Objection. Due to the preliminary stage of this litigation, Manufacturing Defendants are not in a position to know whether the United States has performed analysis of the extent of formaldehyde exposure. Furthermore, Plaintiffs make this request of the wrong party. The United States is the proper party from whom to seek this discovery. Moreover, this Request calls for an expert opinion as to what is an "appropriate level of confidence," an improper Request.

17. Objection. Due to the preliminary stage of this litigation, Manufacturing Defendants are not in a position to know the outcome of any analysis performed by the United States, if such analysis took place. Furthermore, Plaintiffs make this request of the wrong party. The United States is the proper party from whom to seek this discovery. Moreover, this Request calls for an expert opinion as to what is an "elevated level[] of formaldehyde emission," an improper Request.

18. Objection. This Request calls for an expert opinion as to what is an "appropriate level of confidence" and whether statistical analysis is an appropriate methodology, issues that are improper in a Request.

19. Objection. Due to the preliminary stage of this litigation, Manufacturing Defendants are not in a position to assess the CDC testing. This Request calls for an expert opinion as to whether a proposed class member's health could be affected by formaldehyde, which is an improper Request.

20. Objection. Due to the preliminary stage of this litigation, Manufacturing Defendants are not in a position to assess the CDC testing. This Request calls for an expert opinion to assess the CDC testing, which is an improper Request.

21. Objection. Due to the preliminary stage of this litigation, Manufacturing Defendants are not in a position to know the significance of the United States' analysis, if such analysis took place. Furthermore, Plaintiffs make this request of the wrong party. The United States is the proper party from whom to seek this discovery. Manufacturing Defendants cannot speculate as to CDC's future plans and it is improper to include this speculation in a Request.

22. Objection. Due to the preliminary stage of this litigation, Manufacturing Defendants are not in a position to know whether the United States plans to consult experts on health issues. Furthermore, Plaintiffs make this request of the wrong party. The United States is the proper party from whom to seek this discovery. Manufacturing Defendants cannot speculate as to CDC's future plans and it is improper to include this speculation in a Request.

23. Objection. This request is vague as to the meaning of "federal standards, rules and regulations." Manufacturing Defendants further object to this Request to the extent that it assumes each Defendant, whether the defendant manufactured travel trailers, park models, or manufactured housing, is subject to identical "federal standards, rules, and regulations."

24. Objection. This request is vague as to the meaning of "policies and procedures." Manufacturing Defendants further object to this Request to the extent that it assumes each Defendant, whether the defendant manufactured travel trailers, park models, or manufactured housing, is subject to identical "federal rules and regulations."

25. Objection. To the extent that the Request calls for a legal conclusion that the Manufacturing Defendants fell out of compliance with federal standards, Manufacturing Defendants are not in a position to offer such a conclusion.

26. Objection. To the extent that the Request seeks to impose a legal standard of testing or monitoring finished THUs, Manufacturing Defendants are not in a position to offer such a conclusion.

27. Objection. Due to the preliminary stage of this litigation, Manufacturing Defendants are not in a position to know how long the United States intended on using THUs. Furthermore, Plaintiffs make this request of the wrong party. The United States is the proper party from whom to seek this discovery. Manufacturing Defendants cannot respond regarding USA's or FEMA's intent.

28. Objection. Due to the preliminary stage of this litigation, Manufacturing Defendants are not in a position to know how long the United States intended on using THUs.

29. Objection. Due to the preliminary stage of this litigation, Manufacturing Defendants are not in a position to know how long the United States intended on using THUs.

30. Objection. This Request seeks a legal conclusion as to what constitutes "elevated levels of formaldehyde," an improper request.

## **OBJECTIONS TO INTERROGATORIES**

1. Objection. Manufacturing Defendants object to the extent that this Interrogatory seeks information that is protected by the attorney-client privilege and work-product doctrine.

2. Objection. To the extent that this Interrogatory calls for a legal conclusion as to numerosity, Manufacturing Defendants are not in a position to offer such a conclusion.

3. Objection. To the extent that this Interrogatory calls for a legal conclusion as to typicality, Manufacturing Defendants are not in a position to offer such a conclusion.

4. Objection. To the extent that this Interrogatory calls for a legal conclusion as to the adequacy of proposed class representatives, Manufacturing Defendants are not in a position to offer such a conclusion.

5. Objection. Due to the preliminary stage of this litigation, Manufacturing Defendants are not in a position to list additional defenses they may have against proposed class representatives. Further, Manufacturing Defendants object to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and work-product doctrine. Manufacturing Defendants reserve the right to supplement this response.

6. Objection. To the extent this Interrogatory calls for a legal conclusion as to whether there are common questions of law or fact, Manufacturing Defendants are not in a position to offer such a conclusion. Further, Manufacturing Defendants object to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and work-product doctrine.

7. Objection. Due to the preliminary stage of this litigation, Manufacturing Defendants are not in a position to (i) identify questions or law or fact that affect proposed class members only or (ii) state whether any individual questions predominate over questions that are common to the proposed class members and proposed class representatives. To the extent that the request calls for a legal conclusion of commonality or predominance, Manufacturing Defendants are not in a position to offer such a conclusion. Further, Manufacturing Defendants object to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and work-product doctrine.

8. Objection. Due to the preliminary stage of this litigation, Manufacturing Defendants are not in a position to state whether a class action in the superior method to resolve this lawsuit. To the extent that the request calls for a legal conclusion of commonality or predominance, Manufacturing Defendants are not in a position to offer such a conclusion. Further, Manufacturing Defendants object to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and work-product doctrine.

9. Objection. Due to the preliminary stage of this litigation, Manufacturing Defendants are not in a position to identify and describe all difficulties to be encountered in the management of the proposed class action. This Interrogatory is premature.

10. Objection. The Standard Forms 95 are not submitted to the Manufacturing Defendants, but to the United States. Either the United States or the proposed class members who actually prepared the forms are the proper parties from whom to seek this discovery.

11. Objection. *See* Response to Interrogatory No. 10.

12. Objection. Manufacturing Defendants object to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and work-product doctrine. Manufacturing Defendants object to this Interrogatory on the grounds that it is vague and overly broad as to the information that Plaintiffs are seeking regarding "efforts" to estimate alleged damages with the result that this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. It is unclear that this Interrogatory is actually directed at the Manufacturing Defendants; rather, it appears to be directed at the governmental defendants. Due to the preliminary stage of this litigation, Manufacturing Defendants are not in a position to describe all "efforts" made to estimate alleged damages.

13. Manufacturing Defendants object to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and work-product doctrine.

14. Objection. The Standard Forms 95 are not submitted to the Manufacturing Defendants, but to the United States. Either the United States or the proposed class members who actually prepared the forms are the proper parties from whom to seek this discovery. It is unclear that this Interrogatory is actually directed at the Manufacturing Defendants; rather, it appears to be directed at the governmental defendants.

15. Objection. Due to the preliminary stage of this litigation, Manufacturing Defendants are not in a position to discuss the determinations made by the United States. Furthermore, Plaintiffs make this request of the wrong party. Either the United States or the proposed class members who actually prepared the forms are the proper parties from whom to seek this discovery. This Interrogatory should only be directed to the governmental defendants.

16. Objection. Manufacturing Defendants object to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and work-product doctrine. Plaintiffs are in an equally suitable situation to obtain federal standards, rules, and regulations regarding the use of formaldehyde. Manufacturing Defendants further object to this Request to the extent that it assumes each defendant, whether the defendant manufactured travel trailers, park models, or manufactured housing, is subject to identical "federal standards, rules, and regulations." This Interrogatory calls for a legal conclusion. Finally, Manufacturing Defendants object to this Interrogatory because it is overly broad,

particularly given that this is class discovery regarding the Katrina and Rita hurricanes, by seeking information back to 1992, with the result that this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

17. Objection. Manufacturing Defendants object to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and work-product doctrine This Interrogatory is vague in its meaning of "policies and procedures" and in requesting those policies "*amongst* the Manufacturing Defendants" (emphasis added). Manufacturing Defendants further object to this Request to the extent that it assumes each defendant, whether the defendant manufactured travel trailers, park models, or manufactured housing, is subject to identical "federal standards, rules, and regulations." This Interrogatory calls for a legal conclusion. Manufacturing Defendants object to this Interrogatory because it is overly broad, particularly given that this is class discovery regarding the Katrina and Rita hurricanes, by seeking information back to 1992, with the result that this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

18. Objection. Manufacturing Defendants object to the overly broad scope of this Interrogatory in seeking all communications both before and after the sale of units; only the communications prior to the sale of the units to FEMA could conceivably be reasonably calculated to lead to the discovery of admissible evidence.

## OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Objection. The Standard Forms 95 are not submitted to the Manufacturing Defendants, but to the United States. Either the United States or the proposed class members who actually prepared the forms are the proper parties to ask for copies of the forms. Because it is Plaintiffs' responsibility to produce the Standard Forms 95 to Manufacturing Defendants in this matter, this Request appears to be directed only to the governmental defendants.

2. Objection. *See* Response to Request for Production No. 1.

3. Objection. Due to the preliminary stage of this litigation, Manufacturing Defendants are not in a position to produce any estimate or calculation of the total dollar value of all claims asserted against the United States. *See* Response to Request for Production No. 1.

4. Objection. Manufacturing Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege and work-product doctrine.

5. Objection. Manufacturing Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege and work-product doctrine.

6. Objection. Due to the preliminary stage of this litigation, Manufacturing Defendants are not in a position to produce information about the number of persons provided each type

of THU. Indeed, this request appears to be directed to the governmental defendants and not the Manufacturing Defendants.

7. Objection. Due to the preliminary stage of this litigation, Manufacturing Defendants are not in a position to produce information about efforts made by Manufacturing Defendants to ensure that THUs were "safe and fit for habitation." Manufacturing Defendants further object to this Request on the grounds that it calls for a legal conclusion as to what is considered "safe and fit for habitation." This Request is also overly broad because it goes beyond the scope of allegations relating to formaldehyde, with the result that it is not reasonably calculated to lead to the discovery of admissible evidence.

8. Objection. Manufacturing Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege and work-product doctrine. Manufacturing Defendants further object to this Request to the extent that it assumes each defendant, whether the defendant manufactured travel trailers, park models, or manufactured housing, is subject to identical "federal standards, rules, and regulations." This Request calls for a legal conclusion. Manufacturing Defendants object to this Request because it is overly broad, particularly given that this is class discovery regarding the Katrina and Rita hurricanes, by seeking information back to 1992, with the result that this Request is not reasonably calculated to lead to the discovery of admissible evidence.

9. Objection. Manufacturing Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege and work-product doctrine This Request is vague in its meaning of "policies and procedures." Manufacturing Defendants further object to this Request to the extent that it assumes each defendant, whether the defendant manufactured travel trailers, park models, or manufactured housing, is subject to identical "federal standards, rules, and regulations." This Request calls for a legal conclusion. Manufacturing Defendants object to this Request because it is overly broad, particularly given that this is class discovery regarding the Katrina and Rita hurricanes, by seeking information back to 1992, with the result that this Request is not reasonably calculated to lead to the discovery of admissible evidence

10. Objection. Manufacturing Defendants object to this Request because it is overly broad, particularly given that this is class discovery regarding the Katrina and Rita hurricanes, by seeking information back to 1992, with the result that this Request is not reasonably calculated to lead to the discovery of admissible evidence.

11. Objection. Manufacturing Defendants object to this Request on the grounds that "relationships" is vague with the result that this Request is not calculated to lead to the discovery of admissible evidence.

                Respectfully submitted:

                /s/ Andrew D. Weinstock
                ANDREW D. WEINSTOCK #18495
                JOSEPH G. GLASS #25397
                **DUPLASS, ZWAIN, BOURGEOIS, PFISTER & WEINSTOCK**
                3838 N. Causeway Boulevard, Suite 2900
                Metairie, Louisiana 70002
                Telephone: (504) 832-3700
                Fax: (504) 837-3119
                andreww@duplass.com
                jglass@duplass.com
                **DEFENSE LIAISON COUNSEL**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has this date been served on all counsel of record in this proceeding by:

    ( )    Hand Delivery        ( )    Prepaid U.S. Mail

    ( )    Facsimile             ( )    Federal Express

    (XX)  CM/ECF

New Orleans, Louisiana this 27th day of June, 2008.

                /s/ Andrew D. Weinstock
                ANDREW D. WEINSTOCK