UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * * | MDL NO. 1873<br><br>SECTION "N" (4)<br><br>JUDGE ENGELHARDT |

* * * * * * * * * * * * * * * *

## NOTICE OF VIDEO-TAPED FEDERAL RULE 30(b)(6) DEPOSITION OF BOURGET'S OF THE SOUTH, L.L.C.

**TO:** To all Non-Governmental Defendants and their respective counsel, Through Manufacturers' Defense Liaison Attorney of Record:
Andrew D. Weinstock, Esq.
Duplass, Zwain, Bourgeois & Morton
3838 N. Causeway Blvd., 2900
Metairie, Louisiana 70002-8330

Henry T. Miller, Esq.
Senior Trial Attorney
U.S. Department of Justice,
Civil Division
1331 Pennsylvania Avenue, NW,
Room 8220-N
Washington, D.C. 20004

**PLEASE TAKE NOTICE** that Plaintiffs, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, will take the video-taped deposition of one or more officers, directors, managing agents or other persons designated by **Bourget's of the South, L.L.C.** to testify on their behalf concerning the matters as set forth on Exhibit A and B attached hereto.

This deposition will take place on Thursday, July 10, 2008, commencing at 9:00 o'clock a.m. Central Standard Time, at the Becnel Law Firm, LLC, 425 West Airline Highway, Suite B, LaPlace, Louisiana, 70068, or as otherwise agreed upon. The deposition will continue from day to day, as necessary, thereafter, weekends and holidays excluded, until complete. The depositions will be taken before a Notary Public

or some other officer authorized to administer oaths under the law. You are invited to attend and examine the witnesses if you so desire. Bourget's of the South, L.L.C. is requested to designate and identify each officer, director, or managing agent, or other person who will testify on its behalf, and to set forth, for each person designated, the matters on which the person will testify.

Plaintiffs reserve the right to record the deposition stenographically, as well as by videotape, audiotape, and case view, and will be transcribed. The deposition is being taken for the purposes of discovery, for use at trial, or for such other purposes as are permitted under the Federal Rules of Civil Procedure.

In connection with and pursuant to the Federal Rules of Civil Procedure the deponent(s) is requested to designate and produce for inspection and copying documents responsive to this Notice five (5) business days prior to the deposition as identified on Exhibit "B" at Lambert & Nelson, PLC, 701 Magazine Street, New Orleans, Louisiana, 70130.

## DEFINITIONS

1. "You" and its various forms such as "your" and "yourself" shall mean the person subject to this notice and/or subpoena and/or request for production and all present and former agents, employees, representatives, attorneys, custodian of records, and all other persons acting on behalf of such person, including, but not limited to, deponent, its divisions, parents, subsidiaries, related companies or corporations, predecessors, successors, and all present and former officers, directors, agents, employees, representatives, and attorneys, and all other persons acting or purporting to act on behalf of deponent.

2. "Documents" shall mean or refer to all written or graphic matter of every kind of description, however, produced or reproduced, whether draft or final, original or reproduction, and all tangible things within the scope of Federal Rule of Civil Procedure 30(b)(6), specifically including, but not limited to: writings, graphs, charts, photographs, satellite and/or radar

imagery, telephone records, data compilations (from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), letters, correspondence, e-mail communications, memoranda, minutes, notes, contracts, agreements, books, diaries, time sheets, laboratory books, logs, bulletins, circular, notices, rules, regulations, prospects, directions, teletype messages, inter-office communications, intra-office communications, reports, company worksheets, credit files, evidence of indebtedness, negotiable instruments, telegrams, mailgrams, books, news releases, newspapers, magazines, advertisements, periodicals, pamphlets, sketches, drawings, statements, reports, articles of incorporation, by-laws, directives, minutes of meetings, balance sheets, income and loss statements, profit and loss statements, inventories, operating budgets, accounting worksheets, financial accounts, bills, vouchers, bank checks, proposals, offers, orders, acknowledgments, receipts, invoices, checks, working papers, telephone messages (whether written or recorded), notebooks, post cards, evaluations, recommendations, annual reports, confirmations, leases, analyses, feasibility or market studies, disbursement requests or orders, charts, graphs, indices, projections, forms, data sheets, data processing discs, or readable computer-produced interpretations thereof, booklets, articles, manuals, speeches, stenographic notes, maps, studies, tests, surveys, cables, tape and disc recordings (both audio and video), blueprints, containers, cartons, package labels, slides, audit reports, tender offers or invitations, personal interviews, and summaries, abstracts, compilations or paraphrases of any of the foregoing, or material similar to any of the foregoing, however denominated, which are in the possession, custody or control of the party upon whom this subpoena and/or request for production of documents is served or to which said party can obtain access. The subpoena and/or request for production of documents calls for originals, unless otherwise specified, and for all copies when originals are not available. If a document has been prepared in several copies, or additional copies have been made and the copies are not identified (or by reason of subsequent modification of the copy by additions or notations, or other modifications, are no longer identical), each non-identical copy is a separate "document."

3. With respect to the production of any documents which are claimed to be privileged, a statement shall be provided by the attorneys for the respondent setting forth as to each such documents (and, where applicable, each attachment thereto):

    a. the name of the sender, if any, of the documents;
    b. the name of the author of the document;
    c. the name of the person, if any, to whom the document and copies were sent;

        d.    the date of the document;
        e.    the date on which the document was received by those having possession of the document;
        f.    a description of the nature and the subject matter of the document;
        g.    the statute, rule or decision which is claimed to give rise to the privilege;
        h.    the last-known custodian of the document and the present location of the document;
        i.    attachments to the document;
        j.    the number of pages comprising the document;
        k.    whether the document is handwritten, typewritten or otherwise prepared; and
        l.    any other information which is useful in identifying or is necessary to identify the document.

4. Whenever appropriate, the singular form of the word shall be interpreted in the plural and vice versa.

5. All words and phrases shall be construed as masculine, feminine, or neutral gender according to the context.

6. "And" as well as "or" shall be construed either disjunctively as necessary to bring within the scope of the subpoena and/or request for production of documents any matters which might otherwise be construed to be outside of the scope of the subpoena and/or request for production of documents.

7. "Identify" with regard to a natural person, means to provide the name, last known address, last known telephone number; whether ever employed by you, and if so, dates of employment, descriptions and/ or title of each position held, and the reasons for termination; and, current employer and/or last known employer and position held.

"Identify," *with regard to a corporation*, means to provide the name of the entity along with its primary business address and telephone number.

"Identify," *with regard to documents or other inanimate objects*, means to provide the date, author, address, number of pages, subject matter, custodian of the document, and location of the document.

8. **Class Representatives** means all persons described in ¶ 6 and 7 of the Administrative Master Complaint, and each of them.

9. **Complaint** means the Administrative Master Complaint filed in this action on March 18, 2008.

10. **Describe** or **Specify** means the following:

   (A) to offer a detailed description of the thing sought including where appropriate, to **identify** the thing;

   (B) to set forth the matter which you are asked to "describe" or "specify", and do so fully in detail, by reference to underlying facts rather than reference to ultimate facts or conclusion of fact and law;

   (C) to state particulars as to **(I)** time and **(ii)** place;

   (D) "Identify" the "person" participating, present or involved at any time; and

   (E) to set forth all facts necessary to a complete understanding of the "fact", process, or thing in questions.

11. FEMA means the Federal Emergency Management Agency and includes the Department of Homeland Security and any governmental or other related agency.

12. THUs means Temporary Housing Units and is defined as travel trailers, mobile homes, park homes or any similar type of housing provided by FEMA.

13. CDC means Center for Disease Control or any related entity.

14. ATSDR means Agency for Toxic Substances and Disease Registry or any related entity.

15. NIOSH means the National Institute of Occupational Safety and Health or any related entity.

16. EPA means the Environmental Protection Agency or any related entity.

**THIS DEPOSITION IS NOT FOR RECORDS ONLY.**

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:  s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:   504/528-9973
gmeunier@gainsben.com


s/Justin I. Woods

JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:   504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
RONNIE PENTON, #10462

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of June, 2008, I electronically mailed the foregoing to Andrew Weinstock, Manufacturers' Defense Liaison, and Henry Miller, Esq., on behalf of the United States of American, through The Federal Emergency Management Agency.

                                            s/Justin I. Woods
                                            JUSTIN I. WOODS, #24713

## EXHIBIT A

1. **Testing Issues:**

    a. Any and all testing performed by any governmental agency including, but not limited to, the testing performed by CDC, EPA, ATSDR, NIOSH, on behalf of FEMA, as well as measured levels of formaldehyde which are likely to under-represent long-term exposures since formaldehyde levels tend to be higher in newer THUs and during warmer months and/or months with greater humidity.

    b. The preliminary findings of the CDC testing performed for FEMA which were reported to have "significant implications for public health," and pursuant to which a long-term study of children who resided in FEMA-supplied THUs has been proposed and will be undertaken by the CDC.

    c. The test results, study methodologies and/or testing protocols for any testing performed by any Defendant, manufacturer or supplier of THUs, Center for Toxicology and Environmental Health (CTEH), Helix, and any other entity regarding formaldehyde and formaldehyde-based resins in THUs.

    d. The indoor and outdoor testing for formaldehyde emissions in THUs and/or in storage/staging areas performed by you or anyone on your behalf or currently in your possession.

2. **Codes, Standards, Laws, Regulations, and Industry Practices:**

    a. The use of materials containing formaldehyde in the aforementioned THUs from January 1, 1992 to the present, specifically including, but not limited to, the standards regarding length of habitation in these housing units.

    b. The standards and the underlying studies, reports, testing, and investigations concerning residential use of the aforementioned THUs from January 1, 1992 to the present.

    c. All standards, codes, regulations, guidelines, recommendations, industry practices, rules, policies, and/or procedures concerning the use of materials containing formaldehyde or formaldehyde-based resins in housing units which were the subject of contracts to which you were a party, from January 1, 1992 to the present.

    d. The codes, standards, studies, reports, investigations, industry recommendations, guidelines, regulations and/or laws used in the

purchase, manufacture, sale and/or distribution of THUs sold to FEMA or to any other person for distribution to refugees of hurricanes Katrina and Rita with respect to possible health effects of formaldehyde.

3. **Specifications, Manufacture, Design, and Distribution:**

   a. All specifications addressing or related to your company's design, manufacture, construction, materials composition, labeling, installation, sale, distribution, or use of THUs, as well as all studies, reports, testing, and investigations related thereto from January 1, 1992 to the present.

   b. The identification of all THUs provided by or through your company or agents acting on your behalf, to those persons displaced by hurricanes Katrina and Rita from August 29, 2005, including each manufacturer, model, labeling, type of unit (i.e. mobile home, travel trailer, park model) serial number, vehicle identification number, date of manufacture, date of delivery, date of pick up from the resident, and current or last known location, status, and disposition of each housing unit.

   c. The identity and chemical composition of all materials or construction components containing formaldehyde and/or urea-formaldehyde resin, including but not limited to, particle board, pressed wood, engineered wood, composite wood, plywood, press board, fiberboard, and/or adhesives or any other component in any housing unit designed, manufactured, labeled, sold, distributed, or used by of for you from January 1, 1992 to the present.

4. **Health Issues and Concerns:**

   a. The circumstances through and under which you first became aware of any health hazards associated with exposure to formaldehyde and/or urea-formaldehyde-based resins.

   b. The circumstances through and under which you first became aware of the existence of formaldehyde levels exceeding 0.008 ppm in the THUs provided to those persons displaced by hurricanes Katrina and Rita from August 29, 2005 to the present.

   c. The circumstances through and under which you first became aware of the existence of formaldehyde levels exceeding 0.03 ppm in the THUs provided to those persons displaced by hurricanes Katrina and Rita from August 29, 2005 to the present.

   d. Studies concerning the health effects of formaldehyde emissions in THUs including, but not limited to, studies by FEMA, CDC, ATSDR, OTPER,

        OSHA and NIOSH, and any non-governmental entity.

    e.    What you understand or consider to be a safe level or safe levels of formaldehyde concentrations in indoor air for residents or users of THUs, and any and all studies, publications, reports, testing, and test results utilized to identify or support your understanding of this level or these levels.

    f.    Your understanding of and familiarity with the government's position that "research is continuing on the possible long-term effects of exposure to formaldehyde" pursuant to representations made in 24 C.F. R. § 3280.309.

    g.    All health, medical, or scientific research, literature, journals, publications or material with respect to any potential health effect associated with formaldehyde or formaldehyde-based resins.

    h.    Steps taken to coordinate with any manufacturer or supplier to resolve concerns about formaldehyde emissions in THUs.

5. **Communications with or between Defendants and Putative Class Members:**

    a.    Communications with residents of THUs, specifically including, but not limited to, communications regarding health concerns and/or complaints of odors from residents and/or anyone on their behalf from August 29, 2005 to the present.

    b.    Communications with any manufacturer or supplier of THUs from January 1, 2005 to the present.

    c.    Communications from any manufacturer or supplier of THUs regarding possible formaldehyde emissions in THUs from January 1, 1992 to the present.

    d.    Communications with any manufacturer or supplier of THUs regarding the design, construction, installation and/or use of THUs for displaced residents from January 1, 1992 to present including hurricanes Katrina and Rita.

    e.    Communications (including internal communications) between any governmental agency or manufacturer or supplier or distributor of THUs regarding residential use of THUs from January 1, 1992 to the present.

    f.    Communications internally and/or by or between any local, state, or federal governmental agency, members of Congress, and/or members of

      the Executive Branch of government, Defendants, manufacturers and/or suppliers of THUs regarding providing housing to individuals displaced by hurricanes Katrina and Rita.

  g.  Communications from August 1, 2005 to the present concerning the aging and/or curing and/or off-gassing and/or "hot stacking" of materials containing formaldehyde or formaldehyde-based resins used in THUs.

  h.  Your participation in, or awareness of and familiarity with, the decision-making process to provide THUs to displaced residents following natural or man-made disasters, including hurricanes Katrina and Rita.

6. **Duties, Warnings, and Instructions:**

  a.  Your understanding of or familiarity with Congressionally-mandated duties and responsibilities requiring FEMA to provide safe housing to those persons displaced by natural or manmade disasters and the obligations/duties of any manufacturer or supplier.

  b.  Your understanding of, familiarity with, and/or participation in the nature, language or furnishing of any and all warnings, instructions, and use recommendations to FEMA and/or to the residents of THUs sold to FEMA or any other person for distribution to refugees of hurricanes Katrina and Rita.

7. **Prior Claims:**

  a.  Your awareness of any claims asserted by anyone alleging damages or injury as a result of exposure to formaldehyde in a THU provided by you prior to August 29, 2005.

8. **Contracts and Warranties:**

  a.  Contracts to which you and FEMA or you and any manufacturer, distributor, or supplier of THUs were a party from January 1, 1992 to the present and any and all compensation paid in return for manufacturing and/or providing THUs from January 1, 1992 to the present.

  b.  Contracts, agreements, material specifications, purchase orders, invoices, and bills for materials received from raw material supplier(s) and/or component supplier(s) for raw materials and finished material components for use in production of THUs sold to FEMA or to any person for distribution to refugees of hurricanes Katrina and Rita.

c.  Relationships, contractual and otherwise, between, and/or agreements with, any entity (party or non-party) involved in the sales, distribution, manufacture, contracting, production, and/or procurement of THUs.

d.  Warranties issued by anyone concerning the THUs involved herein, including but not limited to the manufacturer's warranty, owner's manuals, warranties by FEMA, and any documents of any kind that were issued with or accompanied any and all THUs supplied by FEMA to victims of hurricanes Katrina and Rita.

## EXHIBIT "B"

1. Any and all documents relative to Paragraph 1 a - d in Exhibit A

2. Any and all documents relative to Paragraph 2 a - d in Exhibit A

3. Any and all documents relative to Paragraph 3 a - c in Exhibit A

4. Any and all documents relative to Paragraph 4 a - h in Exhibit A

5. Any and all documents relative to Paragraph 5 a - h in Exhibit A

6. Any and all documents relative to Paragraph 6 a - b in Exhibit A

7. Any and all documents relative to Paragraph 7 a in Exhibit A

8. Any and all documents relative to Paragraph 8 a - d in Exhibit A

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
      GERALD E. MEUNIER, #9471
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone:   504/522-2304
      Facsimile:   504/528-9973
      gmeunier@gainsben.com

s/Justin I. Woods

JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:    504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
RONNIE PENTON, #10462

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2008, I electronically mailed the foregoing to Andrew Weinstock, Manufacturers' Defense Liaison, and Henry Miller, Esq., on behalf of the United States of America, through The Federal Emergency Management Agency.

s/Justin I. Woods
JUSTIN I. WOODS, #24713