Not Reported in F.Supp.  Page 1
Not Reported in F.Supp., 1997 WL 79289 (E.D.La.)
**(Cite as: Not Reported in F.Supp., 1997 WL 79289 (E.D.La.))**

H
Blair v. Source One Mortg. Services Corp.
E.D.La.,1997.
Only the Westlaw citation is currently available.
United States District Court, E.D. Louisiana.
James J. BLAIR, et. al,
v.
SOURCE ONE MORTGAGE SERVICES CORP.
No. 96-2497.

Feb. 24, 1997.

PORTEOUS, District Judge.
**\*1** This cause came on for hearing on a previous day on the motion of defendant, Source One Mortgage Services Corporation, for protective order and to stay merits discovery. Doc. 18. Oral argument was not requested and the matter was taken under submission on the briefs.

The Court, having studied the legal memoranda submitted by the parties and the law, is now fully advised in the premises and ready to rule.

*R E A S O N S*

In this class action, plaintiffs, James J. Blair, Jane A. Blair, and Jose E. Balado, claim that defendant, Source One Mortgage Services Corporation ("Source One"), "intentionally, knowingly, and deliberately charged and collected from plaintiffs PMI [private mortgage insurance] premiums that they are not obligated to pay ..." Plaintiffs also allege that Source One failed to provide them with a "written agreement" regarding the specific requirements for PMI.

Plaintiffs served Source One with a consolidated first set of interrogatories and first request for production, which relate to both class certification issues and the merits of the suit. Plaintiffs had not yet moved for class certification as required by Rule 1.12(B) of the Uniform Local Rules of the United States District Courts for the Eastern, Middle and Western Districts of Louisiana.

Local Rule 1.12(B) states:

Within 90 days after the filing of a complaint in a class action, unless this period is extended on motion for good cause appearing, the plaintiff shall move for a certification under FRCP 23(c)(1), as to whether the case is to be maintained as a class action.

Source One has now filed a motion for protective order, pursuant to Fed.R.Civ.P. 23(c)(1) and (26)(c), staying discovery regarding the merits of this action until the Court rules upon plaintiffs' motion to certify the putative class and until the Court rules upon a motion to dismiss to be filed by Source One. Since the Court has not yet had the opportunity to rule on the class certification issue, Source One argues that discovery on the merits is premature. Thus Source One contends that it should not respond to merits discovery and has so indicated in its objections and responses to plaintiffs' discovery.

Source One notes that it will be filing a motion to dismiss based on failure to state a claim and failure to satisfy the prerequisites of a class action.Fed.R.Civ.P. 23(a).

Plaintiffs oppose the motion for a protective order, arguing that an order staying discovery will only delay the case, and many, if not all, of the Rule 23 issues are "merits" issues. In addition, on February 20, 1997, plaintiffs filed their motion for class certification and noticed it for hearing on April 16, 1997.

Under Fed.R.Civ.P. 23(c)(1), a district court must address the question of class certification as soon as practicable after commencement of a class action. *Washington v. Brown & Williamson Tobacco Corp.,* 959 F.2d 1566, 1570-71 (11th Cir. 1992).

This suit was filed in the 21st Judicial District Court, Parish of Tangipahoa, on July 8, 1996 and

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 2:07-md-01873-KDE-MBN   Document 408-4   Filed 07/01/08   Page 2 of 3

Not Reported in F.Supp.                                                                                                 Page 2
Not Reported in F.Supp., 1997 WL 79289 (E.D.La.)
**(Cite as: Not Reported in F.Supp., 1997 WL 79289 (E.D.La.))**

was removed to this Court on July 26, 1996. Plaintiffs filed a motion to remand which was denied by this Court on November 13, 1996.

**\*2** Whether discovery will be allowed in connection with a motion for class certification "lies within the discretion of the trial court."*Stewart v. Winter,* 669 F.2d 328, 331 (5th Cir. 1982). The trial court has broad discretion in limiting the scope of discovery. *Id.* In *Stewart* the Fifth Circuit stated:

In light of the mandate of Rule 23(c)(1) that a certification determination be made "[a]s soon as practicable after the commencement of [the] action," we think it imperative that the district court be permitted to limit pre-certification discovery to evidence that, in its sound judgment, would be "necessary or helpful" to the certification decision. Our prior decisions make it clear, however, that in most cases "a certain amount of discovery is essential in order to determine the class action issue and the proper scope of a class action."*Pittman v. E.I. duPont de Nemours & Co.,* 552 F.2d 149, 150 (5th Cir. 1977).

*Id.*

Plaintiffs argue that even if the class is not certified as a nationwide class, the information obtained in discovery can be and will be used for other purposes, including later filed actions that plaintiffs will bring against this defendant. Plaintiffs rely on the *Manual for Complex Litigation, Second* § 30.12 (1985), which stated:

Often, however, such bifurcating [between class and merits] discovery ... will be counterproductive. Discovery relating to 'class issues' is not always distinguishable from other discovery. Nor will discovery into matters affecting other members of the putative class necessarily be wasted if a class is not certified, for in many cases this information will be valuable as circumstantial evidence.

The Court takes notice that there is now a *Manual for Complex Litigation, Third* (1995), which states at § 30.12:

Bifurcating class and merits discovery can at times be more efficient and economical (particularly when the merits discovery would not be used if certification were denied), but can result in duplication and unnecessary disputes among counsel over the scope of discovery. To avoid this, the court should call for a specific discovery plan from the parties, identifying the depositions and other discovery contemplated and the subject matter to be covered. Discovery relating to class issues may overlap substantially with merits discovery. A key question in class certification may be the similarity or dissimilarity between the claims of the representative parties and those of the class members - an inquiry that may require discovery on the merits and development of basic issues. If merits discovery is stayed, the discovery plan should make appropriate provision for the lifting of the stay after completion of class discovery.

In accordance with the *Manual for Complex Litigation, Third,* the Court will order the parties to meet with Magistrate Judge Chasez to set up a specific discovery plan, rather than to issue a protective order at this time. The Court seeks to avoid duplication and unnecessary disputes among counsel over the scope of discovery. With the able assistance of Magistrate Judge Chasez, the parties are to develop a specific discovery plan which will identify the depositions and other discovery contemplated and the subject matter to be covered, as recommended in the *Manual for Complex Litigation, Third* (1995). As the *Manual* points out, there might not even be a need for discovery prior to the class certification motion.

**\*3** Accordingly,

IT IS ORDERED that the motion of defendant, Source One Mortgage Services Corporation, for protective order and to stay merits discovery, be, and the same is hereby DENIED without prejudice at this time.

IT IS FURTHER ORDERED that all parties APPEAR at a status conference with Magistrate Judge

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 2:07-md-01873-KDE-MBN    Document 408-4    Filed 07/01/08    Page 3 of 3

Not Reported in F.Supp.
Not Reported in F.Supp., 1997 WL 79289 (E.D.La.)
**(Cite as: Not Reported in F.Supp., 1997 WL 79289 (E.D.La.))**

Page 3

Chasez on March 5, 1997 at 10:00 a.m. in Chambers B347 to develop a specific discovery plan which will identify the depositions and other discovery contemplated and the subject matter to be covered, and which does not result in duplication or unnecessary depositions being taken at this stage of the case.

The Clerk is directed to mail this minute entry to Magistrate Judge Chasez and to all counsel of record.

E.D.La.,1997.
Blair v. Source One Mortg. Services Corp.
Not Reported in F.Supp., 1997 WL 79289 (E.D.La.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.