UNITED STATED DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | : : : : : : : | MDL NO. 1873<br><br>SECTION "N" (4)<br><br>JUDGE ENGELHARDT<br>MAGISTRATE KAREN ROBY |

<u>REPLY MEMORANDUM BY COACHMEN INDUSTRIES, INC.
IN SUPPORT OF RULE 12(B)(2) MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION</u>

<u>MAY IT PLEASE THE COURT:</u>

Coachmen Industries, Inc. (hereinafter "Coachmen") presents this reply memorandum in support of its motion to dismiss for lack of personal jurisdiction (Doct. #213), responding to the opposition of plaintiffs (Doct. #344) and praying that this Honorable Court dismiss all claims against it pursuant to Federal Rule of Civil Procedure 12(b)(2).

Plaintiffs erroneously allege in their Administrative Master Complaint that Coachmen manufactured travel trailers that were utilized by FEMA as temporary housing for victims of Hurricane Katrina and Hurricane Rita beginning in 2005. (Doct. #109). Coachmen responded by filing a F.R.C.P. 12(b)(2) motion to dismiss for lack of personal jurisdiction over Coachmen. Coachmen argued that it did not have sufficient minimum contacts with the states of Louisiana, Mississippi, Alabama, or Texas to satisfy personal jurisdiction requirements because it did not manufacture travel trailers utilized by FEMA in connection with the hurricane relief effort as

1

alleged and plaintiffs could not otherwise show that Coachmen acted as a "single business entity" with any of its manufacturing subsidiaries.[1]

Plaintiffs argue in their opposition brief that Coachmen is subject to personal jurisdiction because it is in fact a manufacturer of travel trailers that were utilized by FEMA and that Coachmen is also the alter ego of its manufacturing subsidiaries.

## A. Plaintiffs Ignore Coachmen's Status as a Parent Corporation---Coachmen Is Not a Manufacturer of Travel Trailers

Plaintiffs' opposition brief makes the following statements in support of their contention that Coachmen Industries, Inc. is an actual manufacturer of travel trailers subject to the personal jurisdiction of this Court:

1.) "An internet search for Coachmen produces a link to the Coachmen Industries, Inc. website along with a brief description of the company which reads: 'Manufacturer of recreational vehicles, modular homes, and related products.'" (Plaintiffs' Opposition, p, 2).

2.) "Coachmen's 2007 Annual Report, however, includes statistics for Coachmen's sales of Mobile Homes, Travel Trailers, and Parts/ Supplies." (Plaintiffs' Opposition, p, 2).

3.) "In response to the inquiry initiated by the Committee on Oversight and Government Reform of the United States House of Representatives, Rick Lavers, President and Chief Executive Officer of Coachmen, state that '"we know that a proportionately small number of our products were used by FEMA'." (Plaintiffs' Opposition, p, 2).

4.) "In Coachmen's 2007 Annual Report, however, it describes itself as follows: 'Coachmen Industries, Inc is one of America's leading manufacturers of recreational vehicles (RV's), systems built homes and multi-family residential structures'." (Plaintiffs' Opposition, p, 4).

---

[1] In connection with its 12(b)(2) motion, Coachmen submitted the affidavit of its Chief Financial Officer, Colleen Zuhl, which in part identified the Coachmen subsidiaries that manufactured travel travels utilized by FEMA in response to the hurricanes at issue. Since that affidavit was executed it has come to light that another Coachmen entity was involved in manufacturing units that were used by FEMA. Colleen Zuhl has executed a supplemental affidavit identifying the additional manufacturer which is attached hereto as Exhibit A.

2

Plaintiffs' selected statements are taken completely out of context and serve to mislead. First, the caption of a Yahoo web search that links to Coachmen's website is not evidence. Had plaintiffs taken the time to fully and accurately disclose the public information contained on Coachmen's website, from which plaintiffs undoubtedly collected their supporting documentation, there would be no argument on this point.

The very first sentence on the homepage of Coachmen.com, Coachmen's website, states, "**Our <u>subsidiaries</u>** are among America's leading builders of recreational vehicles and systems-built homes." (Coachmen.com, "Homepage" section attached as Exhibit B). (Emphasis added). The point is again clearly made on the very first sentence on the "Company Profile" section of the website which states, "Founded in Middlebury, Indiana in 1964, Coachmen Industries, Inc., **through its <u>prominent industry subsidiaries</u>**, is one of America's leading manufacturers of recreational vehicles (RV's) and systems built family homes and multi-family structures." (Emphasis added). (Coachmen.com, "Company Profile" section attached as Exhibit C). The "Recreational Vehicles" section of the website further explains the function of some of its RV subsidiaries as manufacturers. (Coachmen.com, "Recreational Vehicles" section attached as Exhibit D). Coachmen is quite clear in explaining the role of its subsidiaries.

Plaintiffs submit, as Exhibit C to their brief, the purported statement of Rick Lavers, Coachmen Chief Executive Officer, in what it calls a "Press Release". This article is taken from an industry publication and constitutes hearsay and is not competent evidence. Nonetheless, and assuming *arguendo* the purported quote of Mr. Lavers is accurate, it is meaningless in establishing whether or not Coachmen Industries, Inc, as opposed to its subsidiaries, manufactures travel trailers. The full purported quote reads "While Coachmen did not sell any trailers directly to FEMA, we know that a proportionately small number of products were used

3

by FEMA. Nevertheless, we will make every effort to cooperate fully with the Committee's request for information on our products." (Plaintiff's opposition, Exhibit C). Coachmen is a corporate parent of many subsidiaries, some of whom are travel trailer manufactures. It is not misleading or improper for Coachmen to collectively refer to products that are produced by companies that it owns as Coachmen products. The company in fact often does just that as explained in its 10 K Reports.

Page 2 to of the 10K report attached to the Coachmen Industries, Inc. 2007 Annual Report specifically states that "All references to the Company (defined in the prior sentence as Coachmen Industries, Inc.) include its wholly owned **subsidiaries** and divisions." (Emphasis added). (Page 2, Coachmen 10K Report attached as Exhibit B to plaintiffs' opposition brief). Plaintiffs' assertion, that Coachmen Industries, Inc. manufactures travel trailers based upon public information supplied by Coachmen, is simply unsupportable and omits the truth contained in Coachmen's public literature and website information.

Plaintiffs have not produced any documentation to support their contention. The public records to which they refer state quite the opposite. The remaining question then is whether plaintiffs can show that Coachmen Industries, Inc. is a single business entity with its manufacturing so as to subject it to personal jurisdiction.

B. **Plaintiffs' Claims of Personal Jurisdiction Fail Because The Allegations of Their Complaint Do Not Articulate a Basis or make a *Prima Facie* Showing That Coachmen and Its Subsidiaries Acted as a Single Business Entity**

Plaintiffs correctly cite the standard for meeting a challenge to *in personam* jurisdiction which first requires that the plaintiff make a *prima facie* showing of jurisdiction, so that the allegations of the complaint are taken as true. Asarco, Inc. V. Gleanara, Ltd., 912 F.2d 826, 831 (5th Cir. 1986). However, plaintiffs' pleadings are silent in this regard. At no place in plaintiffs'

Administrative Master Complaint or Amended Administrative Master Complaint is a *prima facie* showing of personal jurisdiction made against Coachmen. At no place in plaintiffs' Administrative Master Complaint or Amended Administrative Master Complaint do plaintiffs allege that Coachmen is subject to personal jurisdiction because it operates as a single business entity with any of its subsidiaries. At no place in plaintiffs' Master Complaint or Amended Master Complaint are any facts alleged that would give rise to a claim that Coachmen and any of its subsidiaries acted as a single business entity. Taking plaintiffs' complaints as true, there is no allegation made to suggest that Coachmen and its manufacturing subsidiaries act as a single business entity. Plaintiffs failed to make the required *prima facie* showing. The single business entity analysis should proceed no further and Coachmen's motion should be granted.

C.  **The Arguments and Documents Contained in Plaintiffs' Memorandum Also Fall Well Short of Showing that Coachmen and Its Subsidiaries Form a Single Business Entity**

Should the Court continue in its analysis, Coachmen maintains that plaintiffs' brief and supporting documentation do not demonstrate that Coachmen is the alter ego of any of its subsidiaries. Plaintiffs properly rely on *Hargrave v .Fibreboard Corp.* 710 F.3d 1154 (5th Cir. 1983) and *Dickson Marine, Inc. v. Panalpina, Inc.*, 179 F.3d 331 (5th Cir. 1999) which annunciate the factors that should be weighed when considering whether related entities constitute a single business entity in a personal jurisdiction analysis. Plaintiffs, however, fall well short in their effort.

Plaintiffs first mistakenly assert that the entities herein are all located in Middlebury, Indiana. This statement is allegedly supported by plaintiffs' exhibits E, F, and G. Only one of those exhibits, Exhibit E, pertains to the address of a Coachmen subsidiary. Exhibit E is the contact information for Coachmen Recreational Vehicle Company, L.L.C. which is located in

Middlebury, Indiana. Exhibits F and G do not pertain to the physical headquarters of any of Coachmen's entities. However, if plaintiffs were inclined to further examine Coachmen's 2007 Annual Report to which their brief frequently cites, they would find the location information pertaining to Coachmen's recreational vehicle subsidiaries on the last page which is as follows:

>  Coachmen Recreational Vehicle Company, L.L.C.—Middlebury, Indiana
>  Coachmen Recreational Vehicle Company of Georgia, L.L.C.—Fitzgerald, Georgia
>  Viking Recreational Vehicles, L.L.C.—Centerville, Michigan

Plaintiffs, citing Exhibit I which is in fact a transcript from a quarterly conference call and not "minutes" as plaintiffs maintain, also make the following statement—"Coachmen . . . has upon numerous occasions relocated its subsidiaries' manufacturing operations to the Coachmen manufacturing facilities located at its headquarters in Middlebury, IN." A review of Exhibit I does not support such a statement. Page 4 and Page 12 simply state that corporate offices in Elkhart, IN were recently closed and moved Middlebury, IN.

Plaintiffs make numerous attempts to confuse the separateness of the Coachmen entities by making conclusory statements based upon their inability to comprehend the plain language contained in Coachmen's Annual Report and 10K filing from which they cite most of their proposed facts. (Plaintiffs' Exhibit B). As the publicly held parent corporation of numerous subsidiaries, Coachmen reports its results in a **combined and consolidated** format.

Part I, p. 2 of Coachmen's 10K report begins by specifically stating that all references to Coachmen **include** its wholly owned subsidiaries. The activities of those subsidiaries constitute Coachmen's entire business and are set forth publicly in combined reports. For plaintiffs to use that fact as the basis for their single business entity argument is misleading. Page 39 of the 10K Report contains the company's balance sheets and is entitled "Coachmen Industries, Inc. **and Subsidiaries** Consolidated Balance Sheets." (Emphasis added). Page 40 of the 10K Report

contains the company's statements of operations and is entitled "Coachmen Industries, Inc. **and Subsidiaries** Consolidated Statements of Operations." (Emphasis added). Page 41 of the 10K Report contains the company's statements of shareholders equity and is entitled "Coachmen Industries, Inc. **and Subsidiaries** Consolidated Statements of Shareholders Equity." (Emphasis added). Page 42 of the 10K Report contains the company's statements of cash flows and is entitled "Coachmen Industries, Inc. **and Subsidiaries** Consolidated Statements of Cash Flows." (Emphasis added). Page 43 of the 10K Report contains the company's notes to the financial statements and is entitled "Coachmen Industries, Inc. **and Subsidiaries** Notes to Consolidated Financial Statements." (Emphasis added).

Plaintiffs, on page 6 of their brief, make the unsupported statement that "Coachmen does not observe corporate formalities or maintain separate corporate records" and then repeatedly cite the aforementioned joint and consolidated records which **admittedly** combine the financial data of all of Coachmen's subsidiaries into one publication, used to report to its investors and the SEC. Clearly, an admittedly combined and consolidated report cannot be used to argue that Coachmen does not observe corporate formalities or maintain separate corporate records. None of plaintiffs' citations to Coachmen's public records support any of the statements they make. Plaintiffs' citations to Coachmen's public records do not contradict the statements made in Coachmen's Chief Financial Officer's original affidavit (attached to Coachmen's motion as Exhibit A) or her supplemental affidavit (attached to this reply brief as Exhibit A).

**D.    Conclusion**

Plaintiffs cannot show that Coachmen Industries had minimal contacts with Louisiana, Mississippi, Alabama or Texas for purposes of exercising personal jurisdiction. It does not manufacture travel trailers, and plaintiffs have not alleged in their pleadings that Coachmen and

its subsidiaries act as a single business entity. Alternatively, there is a complete absence of evidence that Coachmen's subsidiaries are not sufficiently separate from one another. Coachmen prays that its motion to dismiss for lack of personal jurisdiction be granted.

By Attorneys,

**TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.**

By:  /s/ John Stewart Tharp
David M. Bienvenu #20700
John Stewart Tharp #24230
Chase Tower South, 8th Floor
451 Florida Street, 70801
Post Office Box 2471
Baton Rouge, LA 70821
Telephone: (225) 387-3221
Facsimile: (225) 346-8049

**Attorneys for Defendant Coachmen Industries, Inc.**

- CERTIFICATE –

I certify that on this 2nd day of July, 2008, a copy of the foregoing has been forwarded to all known counsel of record, by electronic filing and transmission via the Court's ECF system.

/s/ John Stewart Tharp