UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                                   MDL NO. 07-1873
FORMALDEHYDE PRODUCTS
LIABILITY LITIGATION                                      SECTION "N" (4)

**FAIRMONT HOMES, INC.'S REPLY MEMORANDUM IN SUPPORT OF
RULE 12(b)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION,
OR ALTERNATIVELY FOR LACK OF SUBJECT MATTER JURISDICTION AND/OR
FAILURE TO STATE A CLAIM, AND FOR OTHER RELIEF**

Fairmont Homes, Inc. ("Fairmont") submits this reply memorandum in support of its motion (Doc. 222) to dismiss the claims against it asserted in the Administrative Master Complaint for lack of personal jurisdiction, and alternatively for lack of subject matter jurisdiction and/or failure to state a claim upon which relief can be granted.

Fairmont argued in the original motion that it had not been named in any underlying suit, and was a defendant in the administrative master suit only, having been voluntarily dismissed from the *McGuire* case (*see* Doc. 113 in Docket No. 06-5659) after the McGuires' counsel could not identify a plaintiff in a Fairmont unit. However, the no-underlying-suit issue has since been made moot by the plaintiffs' recent filing of the *Meshack* and *Johnson* suits, both of which name Fairmont as a defendant.

Nonetheless, plaintiffs are no closer to establishing this Court's jurisdiction over Fairmont, or to stating a claim against Fairmont for which relief can be granted, because there is still no plaintiff that has been identified as having lived in a Fairmont unit. The plaintiffs' sole allegation against Fairmont in the Administrative Master Complaint is in paragraph 8(c)(xiv),

which alleges that Fairmont "conducts business in the states of Louisiana, Mississippi, Alabama and Texas, and which manufactured and supplied FEMA trailers or housing units as defined below pursuant to contracts with FEMA for use in those states." In fact, as established by the uncontroverted evidence submitted with Fairmont's motion (Doc. 222), Fairmont had no meaningful jurisdictional presence in Louisiana, Mississippi, Alabama or Texas, either at the time of Hurricanes Katrina and Rita or now, has no dealers and sells no products in those states, and sold no travel trailers to FEMA.

There is no general jurisdiction over Fairmont because there is no evidence of any continuous and systematic contacts with any relevant forum. See Dalton v. R & W Marine, Inc., 897 F.2d 1359, 1361-2 (5th Cir. 1990).

There is no specific jurisdiction over Fairmont because there is no evidence of any purposeful contact with any relevant forum out of which any plaintiff's cause of action arises. See Villar v. Crowley Maritime Corp., 990 F.2d 1489, 1496 (5th Cir. 1993).

Plaintiffs contend that the affidavits from Fairmont are not conclusive. However, it is plaintiffs' burden to establish prima facie evidence of personal jurisdiction. Wyatt v. Kaplan, 686 F.2d 276, 34 Fed.R.Serv.2d 1328 (5th Cir. 1982) ("On a motion to dismiss for lack of personal jurisdiction, the plaintiff rather than the movant has the burden of proof"). Absent any evidence from plaintiffs, it is insufficient for them merely to argue that Fairmont has not proven a negative.

The "stream of commerce" theory only works if that stream actually flowed into one of the potential forum states. Plaintiffs have made no such showing, and FEMA documents only show that some never-occupied Fairmont units are stored in Arkansas and Maryland. Plaintiffs contend that the mere ability to move a product to another state creates personal jurisdiction

there, but plaintiffs have not shown that a Fairmont unit was *actually* moved into a potential forum state. If the possibility alone were adequate to establish jurisdiction, there would be 50-state jurisdiction over any manufacturer of any product that is not an immovable. The plaintiffs' theory might be better positioned if they could identify a resident that actually lived in a Fairmont unit. They apparently cannot do so – neither the FRRATS list nor anything submitted to the Court indicates there is even one Fairmont-housed plaintiff or putative class member.

Finally, Fairmont adopts, to the extent applicable, the arguments of the other "newly added defendants" with respect to the lack of Article III standing where there are no identified plaintiffs or putative class members who have ever resided in the respective manufacturers' temporary housing units.

## Conclusion

Fairmont does no business in any of the potential forum states. Fairmont had no contract with FEMA. FEMA has not identified any Fairmont trailers in the forum states. There do not appear to be any named plaintiffs, or even any putative class members, who live in or lived in a Fairmont unit. The claims against Fairmont should be dismissed for lack of personal jurisdiction, for failure to state a claim for which relief can be granted, and for lack of subject matter jurisdiction because there is no case or controversy as to Fairmont.

Respectfully submitted,

  /s/ Timothy D. Scandurro
**SCANDURRO & LAYRISSON, L.L.C.**
TIMOTHY D. SCANDURRO, Bar #18424, TA
DEWEY M. SCANDURRO, Bar #23291
607 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 522-7100

-and-

**DUPLASS, ZWAIN, BOURGEOIS,
 MORTON, PFISTER & WEINSTOCK**
Andrew D. Weinstock, Esq.
Joseph Glass, Esq.
3838 N. Causeway Blvd., Suite 2900
Metairie, Louisiana  70002

*Counsel for Fairmont Homes, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion has been served on all known counsel via CM/ECF or United States Postal Service, first class mail, properly addressed and postage prepaid this day, July 2, 2008:

 /s/ Timothy D. Scandurro
TIMOTHY D. SCANDURRO

X:\Docs\4206 GULF STREAM\PLDGS\Fairmont Reply Memo IN SUPPORT OF MTN - LACK OF PERSONAL JURISDICTION.doc