UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | : | MDL NO. 2:07-MD-1873 |
| | : | SECTION "N" (4) |
| THIS DOCUMENT IS RELATED TO THE ADMINISTRATIVE MASTER COMPLAINT | : | JUDGE ENGELHARDT |
| | : | MAGISTRATE JUDGE ROBY |

\* \* \* \* \* \* \* \* \* \* \* \* \*

REPLY BRIEF IN SUPPORT OF
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND VENUE, OR,
ALTERNATIVELY FOR TRANSFER OF VENUE, AND MOTION TO DISMISS
ADMINISTRATIVE MASTER COMPLAINT
[DOC. NO. 280]

Dutch Housing, Inc. ("Dutch") respectfully submits this Reply Brief in further support of its Motion to Dismiss for Lack of Personal Jurisdiction and Venue, or, Alternatively for Transfer of Venue, and Motion to Dismiss Administrative Master Complaint [Doc. No. 280].

Motion to Dismiss Administrative Master Complaint

In response to the Opposition filed by Plaintiffs [Doc. No. 354], Dutch hereby adopts and joins in on the Reply Brief [Doc. No. 414] filed by The "Manufacturing Defendants" in this matter. Dutch further shows that the arguments in such Brief apply equally to all claims against Dutch for the reasons stated therein.

1

Dutch also hereby adopts and joins in on the Reply Brief [Doc. No. 416] filed by Newly Added Defendants CMH Manufacturing, Inc., Southern Energy Homes, Inc., Giles Industries, Inc., SunRay RV, LLC, Palm Harbor Mfg., LP, and Palm Harbor Albemarle, LLC, in this matter. Dutch further shows that the arguments in such Brief apply equally to all claims against Dutch for the reasons stated therein.

The odds are extremely high that Dutch has a very limited role in this litigation. While the precise number of Dutch units delivered to FEMA that could have been occupied cannot readily be ascertained at this time, Dutch manufactured homes that were sold together with homes manufactured by three other manufacturers as part of a 2000 unit sale. Given the number of unused Dutch units that remain in FEMA's inventory, it is likely that less than 500 homes manufactured by Dutch were occupied by individuals possibly affected by Hurricanes Katrina and Rita, reducing Dutch's involvement to an extremely low percentage.[1] No Plaintiff has alleged that they resided in a Dutch manufactured home. Yet, Dutch continues to incur thousands of dollars in fees and expenses just to keep pace with the testing of unoccupied units and class certification and merits discovery, while its motion requiring the plaintiffs to satisfy a fundamental requirement of pleading (identification of any individual who alleges harm as a result of having lived in a Dutch manufactured home) is pending.

It is respectfully submitted that this Court give serious consideration to separating

---

[1] FEMA's records indicate that the number of "occupied" units sold to FEMA totaled 135,509. Of that total, if Dutch manufactured 500 of those units, that represents 0.0036897 of the total.

the Newly Added Defendants from the main body of this case, so that issues of fundamental fairness and equity can be preserved.

Motion to Dismiss for Lack of Personal Jurisdiction

Plaintiffs essentially rely on two (2) factors to oppose Dutch's motion to dismiss for lack of personal jurisdiction: First, they argue that a match of the name "Holly Roberts" in FEMA's FRRAT database establishes Dutch's manufactured homes were used by FEMA, which in turn satisfies the minimum contacts necessary for this Court to assert personal jurisdiction over Dutch; and Second, that because Dutch placed its manufactured homes in the "stream of commerce", the minimum contacts necessary for personal jurisdiction is satisfied because Dutch should have expected its manufactured home would be used in this forum.

Plaintiffs' opposition to Dutch's motion to dismiss for lack of personal jurisdiction is flawed, as established by the same Fifth Circuit and Supreme Court jurisprudence plaintiffs cite in their opposition.

The following quote from *Alpine View Company Limited v. Atlas Copco AB*, 205 F.3d 208 (5th Circuit 2000), plainly demonstrates why plaintiffs' version of the "stream of commerce" principle should be rejected by this Court:

> As we noted in *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370 (5th Cir. 1987), when a nonresident's contact with the forum state "stems from a product, sold or manufactured by the foreign defendant, **which has caused harm in the forum state**, the court has [specific] jurisdiction if it finds that the defendant delivered the product into the stream of commerce with the expectation that it would be purchased by or used by consumers in the forum state." Id. at 374 (citing *World-Wide Volkswagon [Corp. v. Woodson]*, 444 U.S. [286,] 298 [1980]). (Emphasis added.)

As plainly demonstrated, the stream of commerce theory becomes relevant to the question of specific jurisdiction (which Plaintiffs concede is the arguably applicable theory of personal jurisdiction in this case) when the foreign defendant's product has "caused harm in the forum state[.]" Plaintiffs have presented no evidence that any home manufactured by Dutch has caused harm in Louisiana. Plaintiffs' attempt to boot strap the match between the person named "Holly Roberts" and a Dutch home in FEMA's inventory into a contact with Louisiana, but offer no evidence that the Dutch home was located in Louisiana when she arguably resided in the home. Since Plaintiffs provided the names to FEMA to be matched against the FRRATS, this glaringly omission from Plaintiffs' opposition can only mean one thing - Holly Roberts did not occupy a Dutch manufactured home in Louisiana.

Plaintiffs' have offered no proof that any Dutch manufactured home was occupied by any plaintiff in Louisiana and, as a result, this Court lacks personal jurisdiction over Dutch and should dismiss Dutch from this action.

WHEREFORE, for these reasons and for the reasons stated in the Reply Brief filed by the "Manufacturing Defendants" [Doc. No. 414] and the Reply Brief filed by Newly Added Defendants CMH Manufacturing, Inc., Southern Energy Homes, Inc., Giles Industries, Inc., SunRay RV, LLC, Palm Harbor Mfg., LP, and Palm Harbor Albemarle, LLC [Doc. No. 416], Dutch respectfully requests that this Court dismiss Plaintiffs' claims against Dutch with prejudice.

Alternatively, if the Court does not dismiss those claims, the Court should order Plaintiffs to amend their pleadings under Rule 12(e) to provide a more definite statement.

> Respectfully submitted
> Voorhies & Labbé
> (A Professional Law Corporation)
>
> /s/ Lamont P. Domingue
> Lamont P. Domingue - #20787
> Post Office Box 3527
> 700 St. John Street
> Lafayette, Louisiana 70502-3527
> Telephone: (337) 232-9700
> ATTORNEYS FOR Dutch Housing, Inc.
> E-Mail: lpd@volalaw.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of July, 2008, a copy of the foregoing Reply Memorandum in Support of Motion to Dismiss for Lack of Personal Jurisdiction and Venue, or Alternatively for Transfer of Venue, and Motion to Dismiss Administrative Master Complaint filed by Dutch Housing, Inc. was filed electronically with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

/s/ Lamont P. Domingue
Lamont P. Domingue - #20787
Post Office Box 3527
700 St. John Street
Lafayette, Louisiana 70502-3527
Telephone: (337) 232-9700
ATTORNEYS FOR Dutch Housing, Inc.
E-Mail: lpd@volalaw.com

382593