UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-4" |
| This Pleading Pertains To:<br>The Administrative Master Complaint | JUDGE ENGELHARDT<br>MAG. JUDGE ROBY |

**SCOTBILT HOMES, INC.'S MEMORANDUM IN SUPPORT OF REPLY TO PLAINTIFFS' OPPOSITION TO SCOTBILT'S RULE 12(b)(6) MOTION TO DISMISS (Doc. No. 244)**

COMES NOW the Defendant, ScotBilt Homes, Inc., by and through its undersigned counsel, and submits this Reply to the Plaintiffs' Opposition (Document No. 358) to ScotBilt's Rule 12(b)(6) Motion to Dismiss (Document No. 244).

ScotBilt Homes, Inc. hereby adopts and incorporates and asserts as if fully set forth at length herein the Joint Reply Memoranda of the Manufacturing Defendants (Docket No. 414) and Reply Memorandum of co-defendant CMH Manufacturing, Inc. (Docket No. 416), and all other arguments filed by all other co-defendants, in support of its own Motion (Docket No. 244) and in Reply to Plaintiffs' Opposition (Docket No. 358). In addition, ScotBilt Homes, Inc. makes the following

1

additional points:

***Twombley* Standard Applied to Plaintiffs' Complaint:**

In their Administrative Master Complaint (Document No. 109), the Plaintiffs allege at ¶¶ 23 and 26-39, a series of "may be's, could be's, and might be's" with regard to the Manufacturing Defendants's behavior, including ScotBilt. However, at no point in the Plaintiffs' allegations with regard to ScotBilt's manufactured housing do the Plaintiffs cite to any specific fact which would show that ScotBilt's housing is actually deficient, contains any unsafe or impermissible amount of formaldehyde, or was constructed with substandard materials. The Plaintiffs' claims amount to "a wholly conclusory statement of claim" in the hope that "the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Twombley*, 127 S.Ct. at 1968. The Plaintiffs' Master Administrative Complaint amounts to nothing more than a "fishing expedition."

Indeed, the Plaintiffs' allegations are not even consistent. For example, at ¶ 28 of the Complaint, Plaintiffs' submit that "there existed no Governmental specifications addressed to the design/manufacture/construction and/or warnings relative to formaldehyde levels in the housing units." However, Plaintiffs then cite in its entirety the warning labelled as "Important Health Notice" found at 24 C.F.R. § 3280.309 at ¶ 33 of the Complaint. Again, ScotBilt urges that no Plaintiff can allege successfully a failure to warn claim under the LPLA because both under La. C.C. Article 5, which prohibits someone from claiming ignorance of the law, and under *Federal Crop Ins. Corp. v. Merrill,* 332 U.S. 380 at 384-385 (1947) all plaintiffs are charged with constructive knowledge of the formaldehyde warning because it is published both in the Code of Federal Regulations and in the Federal Register. As a second example, Plaintiffs again contradict there own allegations with

regard to no standards being in existence with regard to formaldehyde for the materials used to construct manufactured homes. At ¶ 36 of the Complaint, Plaintiffs cite to the H.U.D. regulations regarding formaldehyde found at 24 C.F.R. § 3280.308.

As stated by the Supreme Court, "Here, in contrast, we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombley*, 127 S.Ct. at 1974. The Plaintiffs in the instant matter have not "nudged their claims across the line from conceivable to plausible" either, therefore, their complaint must be dismissed.

**Plaintiffs' Louisiana Medical Monitoring Allegations are Insufficient:**

With regard to the Plaintiffs' allegations regarding medical monitoring in their Complaint and the cases cited in Plaintiffs' Opposition Memorandum (Doc. No. 349), medical monitoring in Louisiana is **only** available when the injury or disease is "manifest." La. C.C. art. 2315. "Manifest" has been defined as:

> Evident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evident, and self-evident. In evidence, that which is clear and requires no proof; that which is notorious.

*Black's Law Dictionary*, (West Pub., 6th ed. 1998) at p. 664.

Nowhere in the Plaintiffs' Complaint, nor in its Opposition, do the Plaintiffs provide the Court with evidence of a "manifest" injury such that medical monitoring could be available to them. The complained of injuries are all speculative. Therefore, under Louisiana law, Plaintiffs' claims for medical monitoring should be dismissed. Additionally, under federal law, the Plaintiffs have

"not nudged their claims across the line from conceivable to plausible." *Twombley*, 127 S.Ct. at 1974.

## CONCLUSION

WHEREFORE, ScotBilt Homes, Inc. prays that this Honorable Court will deem this reply to Plaintiffs' Ooppposition to the its Rule 12(b)(6) motion (Docket No. 244) to dismiss to be good and issue an order dismissing Plaintiffs' claims against ScotBilt Homes, Inc.

> Respectfully submitted,
> NIELSEN LAW FIRM, L.L.C.
>
> */s/ Thomas C. Pennebaker*
> THOMAS C. PENNEBAKER, LA.S.B. 24597
> WILLIAM R. DeJEAN, LA.S.B. 22762
> 3838 N. Causeway Blvd., Suite 2850
> Metairie, Louisiana 70002
> Tel. (504) 837-2500
> Fax (504) 832-9165
> Email: tpennebaker@nielsenlawfirm.com
>    wdejean@nielsenlawfirm.com
>
> AND
>
> GORDON, ARATA, McCOLLUM, DUPLANTIS
> & EAGAN, L.L.P.
>
> TERRENCE KNISTER, LA.S.B. 7755
> 201 St. Charles Avenue, 40th Floor
> New Orleans, Louisiana  70170
> Tel. (504) 582-1111
> Fax (504) 582-1121
> Email: tknister@gordonarata.com
>
> Counsel for ScotBilt Homes, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of this pleading was served upon all counsel of record participating by the CM/ECF system, and that if there are any counsel that do not participate in the CM/ECF system, a copy will be sent to such counsel by U.S. mail, postage prepaid and properly addressed, this 2nd day of July, 2008.

*/s/ Thomas C. Pennebaker*