# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | MDL No. 1873 |
| | SECTION N(4) |
| *DeCarlo McGuire, et al. v. Gulf Stream Coach, et al.* E.D. Louisiana, C.A. No. 06-CV-5659-S-M4 | JUDGE ENGELHARDT MAGISTRATE ROBY |

## REPLY MEMORANDUM IN SUPPORT OF MORGAN'S MOTION TO DISMISS (R. DOC. 211) AND IN RESPONSE TO LOUISIANA PLAINTIFFS' OPPOSITION (R. DOC. 351)

Morgan Buildings & Spas, Inc. (Morgan Buildings) and Morgan Building Systems, Inc. (Morgan Systems, and collectively with Morgan Buildings, Morgan) were voluntarily dismissed from all cases related to this multidistrict litigation on June 2, 2008.  R. Doc. 304.  The voluntary dismissal occurred after Morgan filed its motions to dismiss on May 19, 2008.  R. Docs. 211, 214 and 217.

On June 23, 2008, Plaintiffs filed their First Supplemental and Amended Master Complaint to, among other things, rename Morgan Buildings (only) as a defendant.  R. Doc. 379. Morgan Buildings has not been served with the First Supplemental and Amended Master Complaint, nor has it been renamed in, or served with, any supplemental or amended *underlying* complaint.

Despite Morgan's presently not being before the Court, Plaintiffs have opposed Morgan's motions to dismiss.  This places Morgan in an awkward position.  Thus, without waiver of any defenses, including those that may be related to Plaintiffs' voluntary dismissal of Morgan, Morgan appears solely for the purpose of responding to the arguments raised by Plaintiffs in their respective oppositions.

In this limited capacity, Morgan files this reply memorandum in support of its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(1) and 12(b)(6) with respect to the Louisiana Plaintiffs' claims (R. Doc. 211)[1] and to specifically address the arguments raised by the Louisiana Plaintiffs in opposition to Morgan's motion (R. Doc. 351).  As more fully addressed in Morgan's motion to dismiss, the claims against Morgan Buildings and Morgan Systems should be dismissed, because the Court is without jurisdiction over Morgan, the Louisiana Plaintiffs have no standing, and the Louisiana Plaintiffs fail to state a cause of action against Morgan.

## Law and Argument

**A.    Because Morgan is not a Party to Any Underlying Lawsuit by the Louisiana Plaintiffs, the Court has no *In Personam* Jurisdiction over Morgan for the Louisiana Plaintiffs' Claims**

Plaintiffs apparently misunderstand the basis of Morgan's Rule 12(b)(2) motion, which is that Morgan currently is not a defendant in *any* underlying lawsuit by a Louisiana Plaintiff. Plaintiffs purport to "clarify" the status of Morgan Buildings and Morgan Systems, stating that both were named as defendants in the Administrative Master Complaint and in *"DeCarlo McGuire, et al. v. Gulf Stream Coach, Inc., et al.,"* Civil Action No. 06-5659, Eastern District of Louisiana.  Plaintiffs' statement is only partially accurate and does not defeat Morgan's motion.

Morgan Buildings originally was named as a defendant in *McGuire*, which was later consolidated with *"Keith Hillard, et al. v. United States of America, et. al.,"* Civil Action No. 06-2576, Eastern District of Louisiana.  The facts and procedural history of *McGuire* are more fully set forth in Morgan's memorandum in support of its motion to dismiss (R. Doc. 211-2, pp. 1-2), and will not be repeated in this reply memorandum with the exception of two key points:  (1) Morgan Systems was never made a defendant in *McGuire* (or any other underlying lawsuit

---

[1] A separate motion to dismiss addresses the claims by the Mississippi and Alabama plaintiffs against Morgan.  R. Doc. 214.

involving Louisiana plaintiffs);[2] and (2) Morgan Buildings was voluntarily dismissed from *McGuire* on July 3, 2007, four months *before McGuire* was consolidated with this multidistrict litigation.[3]  Plaintiffs simply ignore these pivotal facts.

The effect of Morgan Buildings' voluntary dismissal from *McGuire* left *McGuire* as if Morgan Buildings had never been named as a defendant and completely terminated the action as to Morgan Buildings. *See* Fed. R. Civ. P. 41; *Long v. Board of Pardons and Paroles of Texas*, 725 F.2d 306 (5th Cir. 1984); *American Cyanamid Company v. McGee*, 317 F.2d 295, 297 (5th Cir. 1963).  Therefore, when the Administrative Master Complaint was filed, neither Morgan Buildings nor Morgan Systems was a defendant in any *underlying lawsuit* by a *Louisiana* plaintiff, nor are they named defendants in such a lawsuit today.

Morgan Buildings and Morgan Systems *were* named defendants in the Administrative Master Complaint.  Simply being named in the Administrative Master Complaint (or the First Supplemental and Amended Master Complaint), however, does not confer personal jurisdiction.  As previously stated in Morgan's motion to dismiss (R. Doc. 211-2, pp. 2-4), the consolidation of cases under 28 U.S.C. § 1407 is procedural and does not "expand the jurisdiction of either the transferor or the transferee court." *In re Showa Denko K.K. L-Tryptophan Products Liability Litigation – II,* 953 F.2d 162, 165 (4th Cir. 1992).  This Court's jurisdiction is limited to persons who *are parties* in the transferred, underlying cases. *See id.* (citing *Hartland v. Alaska Airlines*, 544 F.2d 992, 1002 (9th Cir. 1976)).  Neither Morgan Buildings nor Morgan Systems is a party in any *underlying case* by a Louisiana Plaintiff.

The Louisiana Plaintiffs have not presented any argument or statutory or jurisprudential support to the contrary.  In fact, Plaintiffs completely ignore their legal quandry, and apparently

---

[2] *See McGuire* R. Doc. 1.
[3] *See McGuire* R. Doc. 152, dismissing Morgan Buildings.

suggest that the Administrative Master Complaint (and, presumably now, the First Supplemental and Amended Master Complaint) resurrected Morgan Buildings as a defendant in *McGuire*. And, without linkage to relevant argument, Plaintiffs seemingly accuse Morgan of wrongdoing in connection with its dismissal from this MDL.[4]

Plaintiffs ignore well-settled law that the Court's jurisdiction in multidistrict litigation is limited to those persons who are proper parties in transferred cases. Neither Morgan Buildings nor Morgan Systems is currently a party in an underlying case by a Louisiana Plaintiff. The Administrative Master Complaint does not give new life to claims against Morgan Buildings, which was dismissed months before *McGuire* was consolidated with this matter. The Court, therefore, does not have personal jurisdiction over Morgan Buildings or Morgan Systems as to a claim by a Louisiana Plaintiff, and the Louisiana Plaintiffs' claims against them should be dismissed.[5]

**B.     The Court Lacks Subject Matter Jurisdiction Because Plaintiffs Lack Standing**

Morgan moved to dismiss the Louisiana Plaintiffs' claims for lack of subject matter jurisdiction, because they lack constitutional standing to bring their claims against Morgan. *See* R. Doc. 211-2, pp. 4-6. In opposition to Morgan's Rule 12(b)(1) motion, Plaintiffs incorporate their arguments in R. Doc. 350, their opposition to the "newly added" defendants' motion to dismiss (R. Doc. 259).[6] Plaintiffs' opposition is based on the "juridical link" doctrine, raised in *La Mar v. H&B Novelty & Loan, Co.*, 489 F.2d 461 (9th Cir. 1973). The *La Mar* court's *dicta*

---

[4] Plaintiffs claim that, after Morgan Buildings submitted its affidavit that it did not design or manufacture housing units furnished to FEMA, they allegedly "discovered" Morgan labels or logos on unidentified housing units allegedly occupied by unidentified plaintiffs. Morgan reserves for another day the inquiry of how Plaintiffs suddenly became aware of signage (that seems now to matter) only *after* the voluntary dismissal was filed.

[5] Because there is no underlying lawsuit against Morgan by a Louisiana Plaintiff, the remaining objections are based on the allegations in the Administrative Master Complaint.

[6] Plaintiffs refer to the "newly added" defendants' motion as R. Doc. 230, which was deficient and re-filed as R. Doc. 259. Plaintiffs actually filed two memoranda in opposition to R. Doc. 259, R. Docs. 350 and 355. Only R. Doc. 350 includes arguments related to Morgan's Rule 12(b)(2) motion.

discussion of the juridical link doctrine *did not*, as Plaintiffs suggest, allow named and unnamed class plaintiffs' claims to "go forward," in the absence of standing.

*La Mar* addressed whether a plaintiff, having a cause of action against one defendant, could institute a class action against the defendant and an unrelated group of defendants who engaged in conduct similar to that of the single defendant on behalf of all persons injured by all the defendants. *Id.* at 462. The *La Mar* court concluded that the plaintiff in such a situation could not: "[T]he plaintiff may represent all those suffering an injury similar to his own inflicted by the defendant responsible for the plaintiff's injury, but...he cannot represent those having causes of action against other defendants against whom the plaintiff has no cause of action and from whose hands he suffered no injury." *Id.* In so holding, the *La Mar* court recognized that its decision did not "embrace situations in which all injuries are the result of a conspiracy or concerted schemes between the defendants" or where "all defendants are juridically related in a manner that suggests a single resolution of the dispute would be expeditious." *Id.* at 466[7] (footnotes and citations omitted).

Thus, the juridical link doctrine discussed in *La Mar* "is not relevant to the issue of standing," but may in some instances provide an exception to the Rule 23(a) requirement of typicality and/or adequacy of representation in class actions against multiple defendants. *Matte v. Sunshine Mobile Homes, Inc.*, 270 F. Supp. 2d 805, 828 (W.D. La. 2003). The *Matte* court also observed: "While other courts have applied the juridical links doctrine in limited cases, most

---

[7] Plaintiffs allege in the Administrative Master Complaint that the manufacturing defendants conspired with others and/or each other to conceal that the housing units contained dangerous levels of formaldehyde. R. Doc. 109, ¶ 31. Plaintiffs have not, however, raised conspiracy as the basis for their juridical link argument and have not alleged conspiracy with any particularity. To recover under a conspiracy theory of liability, Plaintiffs must prove that an agreement existed to commit a tortious act which resulted in their injury. *See Aranyosi v. Delchamps, Inc.*, 1998-1325 (La. App. 1 Cir. 6/25/99), 739 So.2d 911. Plaintiffs have not stated a claim for civil conspiracy because they have not alleged specific facts demonstrating an agreement between any of the defendants to commit a tortious act. Accordingly, Plaintiffs cannot rely on conclusory allegations of a conspiracy to defeat Morgan's Rule 12(b)(1) motion to dismiss. Moreover, Plaintiffs' conclusory assertion that the manufacturing defendants' contractual relationships with FEMA supplies a judicial link likewise fails.

often in Title VII, securities, or civil rights cases, the Fifth Circuit has not recognized the doctrine at all, in dicta or otherwise." *Id.* While the Fifth Circuit recently discussed the doctrine, it still has not recognized it as a basis for standing, in *dicta* or otherwise. *Audler v. CBC Innovis*, 519 F.3d 239, 248 (5th Cir. 2008).

In *Audler*, plaintiff, whose home flooded after Hurricane Katrina, sued CBC and other companies (Class Defendants) that provide flood zone determinations to lenders subject to the National Flood Insurance Act. CBC determined that the plaintiff's home was not in a special flood area. The Class Defendants argued that Audler had no standing to assert claims against them because none of them ever issued a flood determination for his property. The Fifth Circuit observed that standing, a jurisdictional requirement, had to be addressed before considering the merits of the plaintiff's claim. The juridical link doctrine, even if recognized, did not help Audler:

> Because no class has been certified and because, for the reasons discussed below, Audler's direct claims must be dismissed, he cannot serve as the representative of any properly certified class. Therefore, even if we were to recognize the juridical link doctrine as a basis for standing, Audler could not invoke it successfully. Without the prospect of class certification, *Audler*'s claims against Class Defendants are nothing more than attempts to assert the injuries of others and therefore must be dismissed for lack of standing.

*Audler*, 519 F.3d at 248 (citations omitted).

In this case, Plaintiffs' claims even lack the *Audler* connection. The Louisiana Plaintiffs have not pled a link between *any* plaintiff and *any* defendant, including Morgan. The litany of cases cited by Plaintiffs had this essential link between plaintiff and defendant. Plaintiffs recognize that the lack of a connection between the named plaintiffs and the named defendants is fatal to their claims, because they state that they *expect* to match each named plaintiff to a

manufacturing defendant, making "the specific holding in *Audler* inapplicable." *See* R. Doc. 350, p. 11. Plaintiffs have yet to do so.[8]

The specific holding in *Audler* remains applicable, and Morgan should not be forced to remain in this litigation waiting for Plaintiffs' *expected* matching of it to a plaintiff. It is incumbent upon Plaintiffs to properly plead a claim against Morgan, if one exists. They should not be permitted to bootstrap Morgan into this litigation without alleging that at least one plaintiff in fact resided in a Morgan trailer and suffered an injury because of it. Plaintiffs have no standing, and this Court lacks subject matter jurisdiction.

**C.      Plaintiffs Fail to State a Claim Against Morgan under the LPLA or for Medical Monitoring**

In attempting to sidestep Morgan's argument, Plaintiffs fail to address the appropriate standard for a Rule 12(b)(6) motion to dismiss. Plaintiffs simply ignore *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007), and its requirement that "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the allegations are true (even if doubtful in fact)." *Twombly* mandates "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

Plaintiffs, apparently in denial about *Twombly,* harken to the pre- *Twombly* plaintiffs' mantra that the Court "must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiffs." R. Doc. 351, p. 3. In light of *Twombly* and Louisiana law, Plaintiffs fail to state a claim against Morgan under the Louisiana Products Liability Act (LPLA), because they have not alleged facts suggesting that a trailer manufactured by Morgan was defective and that the alleged defect was a legal cause of their alleged injuries. *See* R. Doc. 211-2, pp. 7-8. Furthermore, Plaintiffs also fail to state a claim against Morgan for medical

---

[8] The First Supplemental and Amended Master Complaint recently filed by Plaintiffs makes no attempt to match named plaintiffs with manufacturing defendants.

monitoring, because they have not alleged a manifest physical or mental injury or disease. *See id.*, pp. 8-9.

### 1. **Plaintiffs fail to state a claim under the LPLA.**

A fundamental requirement of the LPLA is a plaintiff's obligation to identify the manufacturer of the allegedly defective product. *Jefferson v. Lead Industries Assoc., Inc.*, 106 F.3d 1245, 1252 (5th Cir. 1997). Thus, a specific plaintiff must allege facts to support that a trailer manufactured by Morgan was defective and that the alleged defect was the legal cause of his or her injuries. *Id.* at 1251. Not one Louisiana Plaintiff has made such an allegation.

Plaintiffs rely on general allegations that the defendants were "manufacturers" and trailers supplied to FEMA contained allegedly dangerous levels of formaldehyde and/or posed a threat of producing dangerous levels of formaldehyde and that products containing formaldehyde constitute a defect. These general allegations are insufficient. *See id.* No Louisiana Plaintiff has alleged that he or she was exposed to or lived in a trailer manufactured by Morgan and was injured by such exposure. "Reading the Administrative Master Complaint as a whole," as suggested by Plaintiffs, provides no help. The Louisiana Plaintiffs fail in the most basic requisites for making a claim under the LPLA, and their LPLA claims must be dismissed.

### 2. **Plaintiffs fail to state a claim for medical monitoring under Louisiana law.**

For their argument opposing Morgan's motion to dismiss the Louisiana Plaintiffs' medical monitoring claim, Plaintiffs incorporate their argument in R. Doc. 349, which opposed the manufacturing defendants' Rule 12(b)(6) motion to dismiss, R. Doc. 210. The bottom line in that opposition is that this Court should not hold Plaintiffs to the requirements of Louisiana law, specifically, La. Civ. Code art. 2315(B) and caselaw interpreting the article.

Louisiana law could not be clearer that medical monitoring is not recoverable unless it is "directly related to a manifest physical or mental injury or disease." Article 2315(B) and R. Doc.

211-2, pp. 8-9. Plaintiffs' discussion of what Louisiana law *might* provide for in the future is just another way of acknowledging that they lack the fundamental requirement for a medical monitoring claim – its relation to a "manifest physical or mental injury or disease." Plaintiffs have failed to state a claim against Morgan for medical monitoring, and the claim should be dismissed.

## CONCLUSION

Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc. respectfully request that the Court grant their motion to dismiss, because the Court lacks personal jurisdiction over Morgan, the Louisiana Plaintiffs have no standing, and the Plaintiffs fail to state a claim against Morgan under Louisiana law.

Respectfully submitted:

**McGlinchey Stafford, PLLC**

*s/Christine Lipsey*
Christine Lipsey (LA Bar Roll # 1182), T.A.
Dan E. West (LA Bar Roll #13372)
Kaye C. Templet (LA Bar Roll #27983)
One American Place, 14th Floor
Baton Rouge, LA  70825
Telephone:  (225) 383-9000
clipsey@mcglinchey.com
dwest@mcglinchey.com
ktemplet@mcglinchey.com

***Attorneys for Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc.***

## CERTIFICATE OF SERVICE

I certify that, on July 2, 2008, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all known counsel of record by operation of the court's CM/ECF system.  I also certify that there are no known non-CM/ECF participants.

*s/Christine Lipsey*

Christine Lipsey

300336.1