UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | MDL No. 1873 |
| | SECTION N(4) |
| *White, et al. v. Circle B. Enterprises, et al.* S.D. Alabama, C.A. No. 08-141 (E.D. Louisiana, C.A. No. 08-1969) | JUDGE ENGELHARDT |
| *Meshack v. Circle B. Enterprises, et al.*, No. 08-1970 S.D. Mississippi, C.A. No. 08-92 (E.D. Louisiana, C.A. No. 08-1970) | MAGISTRATE ROBY |

___

**REPLY MEMORANDUM IN SUPPORT OF MORGAN'S MOTION
TO DISMISS (R. DOC. 214) AND IN RESPONSE TO MISSISSIPPI AND
ALABAMA PLAINTIFFS' OPPOSITION (R. DOC. 352)**

Morgan Buildings & Spas, Inc. (Morgan Buildings) and Morgan Building Systems, Inc. (Morgan Systems, and collectively with Morgan Buildings, Morgan) were voluntarily dismissed from all cases related to this multidistrict litigation on June 2, 2008.  R. Doc. 304.  The voluntary dismissal occurred after Morgan filed its motions to dismiss on May 19, 2008.  R. Docs. 211, 214 and 217.

On June 23, 2008, Plaintiffs filed their First Supplemental and Amended Master Complaint to, among other things, rename Morgan Buildings (only) as a defendant.  R. Doc. 379. Morgan Buildings has not been served with the First Supplemental and Amended Master Complaint, nor has it been renamed in, or served with, any supplemental or amended *underlying* complaint.

Despite Morgan's presently not being before the Court, Plaintiffs have opposed Morgan's motions to dismiss.  This places Morgan in an awkward position.  Thus, without waiver of any defenses, including those that may be related to Plaintiffs' voluntary dismissal of Morgan,

Morgan appears solely for the purpose of responding to the arguments raised by Plaintiffs in their respective oppositions.

In this limited capacity, Morgan files this reply memorandum in support of its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) with respect to the Mississippi and Alabama Plaintiffs' claims (R. Doc. 214) and to specifically address Plaintiffs' opposition to Morgan's motion (R. Doc. 352). Plaintiffs' opposition, which merely incorporates their arguments in R. Doc. 350 (Plaintiffs' opposition to the "newly added" defendants' motion to dismiss, R. Doc. 259)[1] and R. Doc. 349 (Plaintiffs' opposition to the manufacturing defendants' motion to dismiss, R. Doc. 210), fails to address many of the grounds for dismissal raised by Morgan. Morgan's motion is, therefore, largely unopposed. Morgan's motion to dismiss should be granted.

## Law and Argument

**A.     The Court Lacks Subject Matter Jurisdiction Because Plaintiffs Lack Standing**

Morgan moved to dismiss the Mississippi and Alabama Plaintiffs' claims for lack of subject matter jurisdiction, because they lack constitutional standing to bring their claims against Morgan. In opposition to Morgan's Rule 12(b)(1) motion, Plaintiffs incorporated their arguments in R. Doc. 350, their opposition to the "newly added" defendants' motion to dismiss, R. Doc. 259.[2] These same arguments also were incorporated in the Louisiana Plaintiffs' opposition to Morgan's motion to dismiss the Louisiana Plaintiffs' claims for lack of standing. R. Doc. 351.

---

[1] A separate motion to dismiss addresses the claims by the Louisiana plaintiffs against Morgan. R. Doc. 211.
[2] Plaintiffs refer to the "newly added" defendants' motion as R. Doc. 230, which was deficient and was re-filed as R. Doc. 259. Plaintiffs actually filed two memoranda in opposition to R. Doc. 259, R. Docs. 350 and 355. Only R. Doc. 350 includes arguments related to Morgan's Rule 12(b)(1) motion.

Morgan addressed the Louisiana Plaintiffs' standing arguments in its reply memorandum, R. Doc. 412-3. In order to avoid repeating the arguments in R. Doc. 412-3, equally applicable here, Morgan adopts and incorporates those reply arguments herein in support of its motion to dismiss the Mississippi and Alabama Plaintiffs' claims, because they lack standing as to Morgan in the same manner as the Louisiana Plaintiffs lack standing as to Morgan. *See* R. Doc. 412-3, § B, pp. 4 - 7.

**B.     Plaintiffs Fail to State a Claim Against Morgan Under Mississippi or Alabama Law**

In attempting to sidestep Morgan's argument, Plaintiffs fail to address the appropriate standard for a Rule 12(b)(6) motion to dismiss. Plaintiffs simply ignore *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965, (2007), and its requirement that "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the allegations are true (even if doubtful in fact)." *Twombly* mandates "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

Plaintiffs, apparently in denial about *Twombly*, harken to the pre-*Twombly* plaintiffs' mantra that the Court "must take all well-pleaded factual allegations of the complaint as true." R. Doc. 349, p. 1. In light of *Twombly* and Mississippi and Alabama law, the Mississippi and Alabama Plaintiffs fail to state a claim against Morgan.

**1.     Plaintiffs fail to state a claim against Morgan under Mississippi law.**

The Mississippi Plaintiffs attempt to assert a claim under the Mississippi Product Liability Act. It is not clear that the Mississippi Plaintiffs are asserting a claim for breach of express warranty, but it is addressed below in an abundance of caution.

### (a)  Plaintiffs have not opposed Morgan's argument regarding their failure to state a claim under Mississippi's Product Liability Act.

It is as though the Mississippi Plaintiffs have forgotten that their claims are rooted in Mississippi's product liability law: *Meshack v. Circle B. Enterprises, et al.*, No. 08-1970, S.D. Mississippi, C.A. No. 08-92, "Count 1: Strict Products Liability, MS Code Annotated §11-1-63" and the Administrative Master Complaint, "Count 5: Strict Products Liability, MS Code Annotated §11-1-63." *Meshack*, R. Doc. 1, pp. 14-16 and MDL, R. Doc. 109, pp. 60-63.

Morgan moved to dismiss Plaintiffs' claims under Mississippi's Product Liability Act, Miss. Code Ann. §11-1-63, because they have not alleged that they experienced an actual injury as a result of a defective product manufactured by Morgan. *See* R. Doc. 214-2, pp. 5-7. Morgan has scoured the oppositions incorporated by Plaintiffs into their opposition to Morgan's motion (R. Docs. 349 and 350), and has found *no* argument by Plaintiffs addressing Morgan's motion to dismiss Plaintiffs' claims under Mississippi's Product Liability Act.

Because the Mississippi Plaintiffs fail to allege injury by exposure to formaldehyde from a Morgan-manufactured trailer, they fail to state a claim against Morgan under Miss. Code Ann. §11-1-63. Moreover, Morgan's motion is unopposed and should be granted for the reasons urged in R. Doc. 214-2.

### (b)  Plaintiffs have not stated a claim for breach of warranty under Mississippi law.

Although the Mississippi Plaintiffs' claims in the Administrative Master Complaint and the underlying *Meshack* case sound in product liability, Morgan moved to dismiss any claim for breach of express warranty under the UCC that the Mississippi Plaintiffs attempted to make.[3] *See* R. Doc. 214-2, pp. 7-8. Outside of the Mississippi Product Liability Act, the only claim

---

[3] Plaintiffs' sole allegation relating to a warranty claim under Mississippi law states: "the product breached an express warranty and/or failed to conform to other express factual representations upon which the claimant justifiably relied in electing to use the product." *Meshack*, R. Doc. 1, ¶44 and MDL, R. Doc. 109, ¶151.

available to Plaintiffs based on an alleged breach of warranty is found in Article 2 of the UCC as codified in the Mississippi Code at §§ 75-2-101, *et seq.*[4]

Article 2 of the UCC encompasses "sales," and provides exclusive relief to "buyers" and "sellers" to a "contract for sale" as defined therein. *See* Miss. Code Ann. §§75-2-103 (a " 'buyer' means a person who buys or contracts to buy goods; 'seller' means a person who sells or contracts to sell goods"); 75-2-106 (" '[c]ontract for sale' includes both a present sale of and a contract to sell goods at a future time"); and 75-2-401 (a " 'sale' consists in the passing of title from the seller to a buyer for a price").

Plaintiffs misapprehend that Morgan argues privity as a necessary element of a warranty claim. Morgan has not advanced a privity argument. What Morgan argues (which Plaintiffs have not addressed) is that not only have Plaintiffs failed to identify Morgan as an alleged seller, they have not even claimed that they *purchased* a FEMA trailer.

Any express warranty claim advanced by Plaintiffs must be rooted in Miss. Code Ann. §§75-2-101, *et seq.* (Article 2 of the UCC). It is axiomatic that such a claim must be advanced by a *purchaser* against a seller. Putting aside the seller requirement, Plaintiffs have not alleged that they are purchasers. Thus, they fail to state a claim against Morgan for breach of warranty, and any putative warranty claim against Morgan should be dismissed.

    **2.**    <u>**Plaintiffs fail to state a claim against Morgan under Alabama law.**</u>

The causes of action that the Alabama Plaintiffs attempt to assert are provided for by the Alabama Extended Manufacturer's Liability Doctrine (AEMLD) and the UCC.

    (a)    **Plaintiffs have not opposed Morgan's argument regarding their failure to state a claim under the AEMLD.**

---

[4] *See* Miss. Code Ann. §§ 75-2-313 (express warranty claims), 75-2-314 (implied warranty of merchantability) and 75-2-315 (implied warranty of fitness for a particular purpose). No other Mississippi statute provides a cause of action based on breach of warranty.

It seems that the Alabama Plaintiffs, as with the Mississippi Plaintiffs, have forgotten that their claims are rooted in Alabama's products liability law: *White, et al. v. Circle B. Enterprises, et al.*, S.D. Alabama, C.A. No. 08-141, "Count 1: Alabama Extended Manufacturer's Liability Doctrine, Code of Ala. § 6-5-521"[5] and the Administrative Master Complaint, "Count 6: Alabama Extended Manufacturer's Liability Doctrine, Code of Ala. § 6-5-521." *White*, R. Doc. 1, pp. 16-18, and MDL, R. Doc. 109, pp. 64-68.  Morgan moved to dismiss Plaintiffs' AEMLD claims. *See* R. 214-2, pp. 8-10.  Again, Plaintiffs have failed to oppose this claim for dismissal.

The Alabama Plaintiffs have not stated a claim under the AEMLD, Alabama's modified version of strict liability. *See id.*  In order to establish liability under the AEMLD, a plaintiff must show that he suffered injury or damages by one who sold a product in a defective condition unreasonably dangerous to the plaintiff as the ultimate user or consumer. *Atkins v. American Motors Corp.,* 355 So.2d 134 (Ala. 1976).  An essential element of an AEMLD claim is a showing that "the defendant manufactured or designed or sold a defective product which, because of its unreasonably safe condition, injured the plaintiff or damaged his property when such product, substantially unaltered, was put to its intended use." *Id.* at 139.  Thus, an Alabama Plaintiff must allege facts sufficient to support that Morgan manufactured a trailer in a defective condition and that the defective condition caused the plaintiff actual injuries.

No Alabama Plaintiff alleges that he or she suffered an injury from his or her alleged exposure to formaldehyde in a trailer manufactured by Morgan.  Instead, the Alabama Plaintiffs seek damages under the AEMLD as a result of allegedly being exposed to "dangerously high

---

[5] The Alabama Plaintiffs rely on Ala. Code § 6-5-521 as the basis of their products liability claim.  This section, however, does not provide a cause of action for products liability; it merely defines "products liability" for the purpose of determining whether relief obtained from collateral sources is admissible.  Plaintiffs have not opposed Morgan's argument (R. Doc. 214-2, p. 8), and any claim based on §6-5-521 must be dismissed.

concentrations of formaldehyde." *White*, R. Doc. 1, ¶13; MDL, R. Doc. 109, ¶132. Such general allegations are insufficient to state a claim for damages against Morgan under the AEMLD. *See also Twombly,* 127 S. Ct. at 1964. For these reasons, including the reasons stated in Morgan's motion and Plaintiffs' failure to oppose, the Alabama Plaintiffs' AEMLD claims against Morgan should be dismissed for failure to state a claim.

### (b) The Alabama Plaintiffs have not stated a claim for breach of warranty.

Alabama Code § 7-2-313 provides for express warranties under Alabama's UCC.[6] This section requires a seller to make an affirmation or statement of fact concerning goods that becomes or is made "part of the basis of the bargain." Morgan moved to dismiss the claims for breach of warranty under the UCC, because the Alabama Plaintiffs failed to allege that they purchased a trailer from Morgan or that Morgan made any such statement or affirmation. *See* R. Doc. 214-2, p. 10. Plaintiffs have not opposed Morgan's argument.

Furthermore, while privity is not required for injuries to natural persons, Plaintiffs have not sufficiently alleged any such injuries, as discussed above. *Twombly*, *supra*; *see id.* For these reasons and those more fully addressed in Morgan's motion, Plaintiffs' claims for breach of express warranty under Alabama law should likewise be dismissed.

### (c) The Alabama Plaintiffs have alleged no privity with Morgan required to recover for economic loss.

Plaintiffs are barred from recovering economic or property damages from Morgan under a warranty theory, because they have made no allegations suggesting that Morgan sold the housing units at issue or that they otherwise have privity of contract with Morgan. *See* R. Doc. 214-2, p. 10. Plaintiffs acknowledge that they "arguably" cannot recover for any economic loss.

---

[6] Plaintiffs may not even assert a separate claim for breach of warranty, but merely acknowledge that products liability actions include claims for breach of express or implied warranties. *See* R. Doc. 214-2, p. 10.

*See* R. Doc 349, p. 6.  Accordingly, Morgan's motion to dismiss the Alabama Plaintiffs' economic loss claim should be granted for this reason.

**C.    The Mississippi and Alabama Plaintiffs Fail to State a Claim Against Morgan for Medical Monitoring**

Morgan moved to dismiss the claims for medical monitoring by the Mississippi and Alabama Plaintiffs, because the underlying lawsuits involving Morgan, (Mississippi *Meshack* case and Alabama *White* case) do not include claims for medical monitoring.  *See* R. Doc. 214-2, pp. 11-13.  Because the Administrative Master Complaint only consolidates existing claims from the transferor courts, the Mississippi and Alabama Plaintiffs' claims against Morgan for medical monitoring are not properly before the Court.  *In re Showa Denko, K.K. L-Tryptophan Products Liability Litigation – II*, 953 F.2d 162, 165 (4th Cir. 1992) (consolidation of cases under 28 U.S.C. § 1407 does not expand the jurisdiction of the transferee court).  Plaintiffs have not opposed Morgan's motion in this regard.  Instead, they simply incorporate their medical monitoring arguments advanced in R. Doc. 349.  *See* R. Doc. 352.

Even if the Court considers the medical monitoring claim in the Administrative Master Complaint, both Mississippi and Alabama recognize claims for medical monitoring only when there has been a showing of a manifest injury.  *See Paz v. Brush Engineered Materials, Inc.*, 949 So.2d 1 (Miss. 2007) (Absent a showing of physical injury, Mississippi law does not recognize a claim for medical monitoring); *Hinton v. Monsanto Co.*, 813 So.2d 827, 831-832 (Ala. 2001) (Alabama law does not recognize a cause of action for medical monitoring in the absence of a manifest physical injury or illness).

Plaintiffs argue that Alabama courts recently have refined the definition of manifest present injury to include injuries which may be undetectable to the patient, but which may be detected by medical science, citing *Griffin v. Unocal Corp.*, 2008 WL 20445 (Ala. 2008).

8

*Griffin* considered the issue of when a cause of action accrues for statute of limitations purposes in toxic-substance exposure cases. The court revised its definition of "accrue" in this context, but stayed true to the rule that a cause of action accrues only when there has occurred a manifest, present injury. In so doing, the court adopted a definition of "manifest" which means "an injury manifested by observable signs or symptoms or the existence of which is medically identifiable." *Id.* at 20. The court further stated that "manifest" does not mean that the injured person must be personally aware of the injury or know its cause or origin. There must in fact be, however, a physical injury manifested. *Id.*

Pretermitting the issue of whether the definition of "manifest" in the context of accrual of a cause of action even applies to the medical monitoring requirements, the Alabama Plaintiffs have not provided any information concerning their alleged manifested personal injuries. They fail to identify any specific condition or disease which they have suffered, much less provide signs, symptoms or other objective proof of an injury. Plaintiffs merely state in a conclusory manner that they have suffered past physical pain, suffering, impairments and disabilities. Even under *Griffin's* more liberal construction of a manifest present injury, the Alabama Plaintiffs do not state a claim for medical monitoring.

With respect to the Mississippi Plaintiffs' claim for medical monitoring, they merely argue that they have alleged a current injury (while conceding that the Mississippi Supreme Court has "declined to recognize a cause of action for medical monitoring in the absence of any current injury"), R. Doc. 349, p. 22. As discussed above, however, the Mississippi Plaintiffs have not alleged any specific physical injury caused by the alleged formaldehyde exposure. Accordingly, they are precluded from recovering costs for medical monitoring under Mississippi law. *See Paz*, 949 So.2d at 5-6 and *Twombly*.

9

## **CONCLUSION**

For the foregoing reasons, Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc. respectfully request that the Court grant their motion to dismiss, because the Mississippi and Alabama Plaintiffs have no standing and fail to state a claim against Morgan.

Respectfully submitted:

**McGlinchey Stafford, PLLC**

*s/Christine Lipsey*
Christine Lipsey (LA Bar Roll # 1182), T.A.
Dan E. West (LA Bar Roll #13372)
Kaye C. Templet (LA Bar Roll #27983)
One American Place, 14th Floor
Baton Rouge, LA  70825
Telephone:  (225) 383-9000
Facsimile:   (225) 343-3076
clipsey@mcglinchey.com
dwest@mcglinchey.com
ktemplet@mcglinchey.com

***Attorneys for Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc.***

## CERTIFICATE OF SERVICE

I certify that, on July 2, 2008, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the court's CM/ECF system. I also certify that there are no known non-CM/ECF participants.

*s/Christine Lipsey*_____
Christine Lipsey

300481.1