UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-4"<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE ROBY |

THIS DOCUMENT IS RELATED TO ALL CASES

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PSC MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION FOR PROTECTIVE ORDER
ON MERITS DISCOVERY [DOC. 408]**

**MAY IT PLEASE THE COURT:**

In their Motion for Protective Order on Merits Discovery [Doc. 408], defendant manufacturers seek twofold relief: (1) an Order striking from any plaintiffs' notice of the FRCP 30(b)(6) deposition of any manufacturing defendant certain topics identified in the memorandum in support of defendants' motion as being related to merits and not class certification issues; and (2) limiting to four hours of examination, with a limit of two depositions per location and per day, any such FRCP 30(b)(6) depositions of manufacturing defendants.  *See* Memorandum in Support of Defendants' Motion for Protective Order [Doc. 408-2], at p. 15.

The latter request for relief now has been addressed and resolved by Judge Engelhardt in his order of July 2, 2008.  What remains to be resolved is the issue of the scope of plaintiffs' proposed 30(b)(6) deposition notices of manufacturing defendants, and specifically the question whether the specific topics identified and objected to in the instant motion should be stricken

from the proposed notices.

Defendants identify the following three topics as being objectionable in plaintiffs' 30(b)(6) notice:

(1) a series of proposed questions regarding defendants' awareness of or familiarity with general formaldehyde health issues and concerns related to the housing units which they manufactured and which were resided in by plaintiff class members;

(2) the potential impact on the health of class members resulting from specific formaldehyde levels found in the actual testing of defendants' housing units conducted by the federal government's Center for Disease Control; and

(3) communications between defendant manufacturers and government officials concerning the housing units which were to be provided to individuals displaced by hurricanes Katrina and Rita.

At the outset it is critical to emphasize that there rarely can be a bright-line distinction between so-called "merits discovery" and precertification discovery, particularly in a tort action such as this involving disputed product liability claims against numerous housing unit manufacturers. It long has been recognized that precertification discovery specifically is made necessary "when the facts relevant to any of the certification requirements are disputed...or when the opposing party contends that proof of the claims or defenses unavoidably raises individual issues." *Manual for Complex Litigation* (4th Ed.), §21.14, at p. 255. Moreover, the

> application of the Rule 23 criteria requires the judge to examine the <u>elements of the parties' substantive claims and defenses</u> in order to analyze commonality, typicality, and adequacy of representation under Rule 23(a), as well as the satisfaction of Rule 23(b)'s maintainability requirements.

*Id.*, and case law cited therein [emphasis added].

This need to discover substantive claims and defenses at least to some extent in precertification discovery, is supported by a common sense reading of Rule 23. The required "maintainability" of a Rule 23 class action must be demonstrated by plaintiffs through a showing (1) that common issues of law and fact not only exist, but <u>predominate</u> over individual issues, and (2) that the class action device is "superior to other available methods for fairly and efficiently adjudicating the controversy." *See* Rule 23(b)(3), Fed. Rules of Civ. Pro. When the plaintiffs' substantive claims of defendant fault and causation are disputed, as here, and when the manufacturing defendants are insisting — and will insist at the class certification hearing — that individual issues of formaldehyde exposure, etc. predominate over any common issues or fault in general causation, it clearly behooves plaintiffs to demonstrate otherwise through precertification discovery. This will require plaintiffs to show, for example, that the known circumstances and levels of formaldehyde risk among the various manufacturers of the emergency housing in this case, were so prevalent as to give rise to a fair warning of the risk, and thus constitute a provable common issue of fault in any prospective class action trial of common issues. This also will require plaintiffs to demonstrate commonality among the manufacturing defendants in a recognition of the health implications of the CDC testing results. Precertification discovery linking all or many defendants in this regard also should focus on any communications with government officials prior to the furnishing of these housing units to hurricane victims.

In one of its most recent pronouncements on the applicability of Rule 23 to actions involving class-wide toxic exposure, the Fifth Circuit has made it clear that

> [w]hether common issues predominate and whether the class action is a superior method to resolve the controversy requires an <u>understanding of the relevant claims, defenses, facts and</u>

<u>substantive law presented in the case</u>.

*Steering Committee v. Exxon Mobil Corporation*, Civil Action No. 05-30781 (5th Cir. 8/18/06), 461 F.3d 598, at 601. This required understanding of not only the plaintiffs' substantive <u>claims</u> but also the <u>defenses</u> in a case, makes it obvious that precertification discovery is appropriate to determine what the defendant manufacturing group, individually and/or collectively, knew about the formaldehyde risk in their products, and when. Were formaldehyde levels addressed at all in the "curing" process when these particular units were made? What, if any, health risks do defendants themselves associate with these levels?

In the same case of *Steering Committee v. Exxon*, *supra*, the Fifth Circuit was critical of plaintiffs' attempt to certify a class because plaintiffs had failed to demonstrate that class-wide, common issues of fault and causation could be tried in a way that made the class action device not only manageable, but "superior" to a mass joinder, case-by-case trial plan. *See Steering Committee v. Exxon Mobil Corp., supra*, at 461 F.3d at 602-605. How can plaintiffs demonstrate a manageable and superior trial plan in this case, if it were to be handled as a class action, without being able to identify those issues of potential fault (danger of product) and general causation (relationships between product danger and medical harm) which arguably link <u>all</u> manufacturing defendants? Again, this requires some inquiry into the three topics to which defendants object:

Knowledge on the part of each manufacturer (and the resulting appropriateness of a warning of risk) will be important to identify as part of the class certification analysis whether the issue of product defect/fault can be tried to a single jury in a class action trial plan, in a way that properly adjudicates the issue as to either all defendants or selected sub-groups of defendants.

Plaintiffs likewise are entitled to precertification discovery into how each defendant

manufacturer interprets the CDC testing results of trailers made by that manufacturer, which arguably shows the relationship between actual formaldehyde levels and medical or health risks. If most or all manufacturers interpret the results to mean that class members have been exposed to injurious levels of formaldehyde, then plaintiffs will be in a far better position to argue that both the common issue predominance and class action superiority requirements of Rule 23 have been met, laying the groundwork for an orderly trial plan to adjudicate common issues on a class-wide basis.

Finally, inquiring into communications between the manufacturers' and government officials regarding the housing units before they were provided to plaintiffs, becomes relevant to discern the extent to which the risks of formaldehyde were ever identified or discussed between the government and the manufacturing defendants.  To the extent there was communication about the risk, this topic again bears upon the level of risk awareness among the manufacturing defendants prior to the time these housing units were provided to plaintiffs.  A basic grasp of the substantive claims and defenses in this product liability case surely requires that, again, plaintiffs be entitled to delve into what the manufacturing defendants knew about the risks in this case concerning their products that were being furnished to plaintiffs, and when they knew it.

Perhaps the final word on the subject at hand is found in the express language of the *Manual for Complex Litigation*.  The instant attempt by defendants to foreclose discovery on the above topics seems patently inconsistent with the need for precertification discovery in the very type of case addressed by the Manual, and now presented in this MDL:

> Generally, discovery into certification issues pertains to the requirements of Rule 23 and tests whether the claims and defenses are susceptible to class wide proof; discovery into merits pertains to the strength or weaknesses of the claims or defenses and tests whether they are likely to succeed.  <u>There is not always a bright</u>

> line between the two. Courts have recognized that information about the nature of the claims on the merits and the proof that they require is important to deciding certification. Arbitrary insistence on the merits/class discovery distinction sometimes thwarts the informed judicial assessment that current class certification practice emphasizes.
>
> Allowing some merits discovery during the precertification period is generally more appropriate for cases that are large and likely to continue even if not certified.

*Manual for Complex Litigation* (4th Ed.), §21.14, at p. 256.

For the foregoing reasons, plaintiffs respectfully ask that defendants' motion to strike the above topics from the plaintiffs' proposed notices of the 30(b)(6) depositions of manufacturing defendants, be denied.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE**
**PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
      GERALD E. MEUNIER, #9471
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier &
      Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone:   504/522-2304
      Facsimile:   504/528-9973
      gmeunier@gainsben.com


      s/Justin I. Woods
      JUSTIN I. WOODS, #24713
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier &
      Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street

        New Orleans, Louisiana 70163
Telephone:	504/522-2304
Facsimile:	504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
    ANTHONY BUZBEE, Texas # 24001820
    RAUL BENCOMO, #2932
    FRANK D'AMICO, JR., #17519
    MATT MORELAND, #24567
    LINDA NELSON, #9938
    RONNIE PENTON, #10462

### CERTIFICATE OF SERVICE

    I hereby certify that on July 7, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

        s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471