UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | ) | MDL NO. 07-1873 |
| FORMALDEHYDE PRODUCT | ) | |
| LIABILITY LITIGATION | ) | SECTION "N-4" |
| | ) | |
| | ) | JUDGE ENGLEHARDT |
| | ) | |
| THIS DOCUMENT IS RELATED TO: | ) | MAG. JUDGE ROBY |
| *Johnson v. United States*, No. 3602 | ) | |

NEWLY ADDED DEFENDANT
GILES INDUSTRIES, INC.'S
MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT AND
NARRATIVE STATEMENT OF UNDISPUTED FACTS

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Newly Added Defendant Giles Industries, Inc., by and through its undersigned counsel, hereby submits this Memorandum in support of its Motion for Summary Judgment on Plaintiffs' claims on the basis that there is no genuine dispute of material fact, and Giles Industries, Inc. is therefore entitled to be dismissed as a matter of law. In support of this Memorandum, Giles Industries relies on the Evidentiary Submission in support of its Motion for Summary Judgment filed concurrently filed herewith.

I.  INTRODUCTION

All of Plaintiffs' claims relate to the sale to FEMA of certain housing units after the landfalls of Hurricanes Katrina and Rita in August and September of 2005 and the provision of those housing units to Plaintiffs. Contrary to Plaintiffs' assertions, however, Giles Industries, Inc. did not manufacture or sell any of these housing units to FEMA. Rather, the housing units in question were sold to FEMA by a corporate entity from which Giles Industries, Inc. purchased assets. Accordingly, Giles Industries, Inc. is not liable for any of the housing units at issue in

this dispute and as a result, respectfully request that this Honorable Court dismiss this action in its entirety.[1]

## II.  MOTION FOR SUMMARY JUDGMENT

### A.  Standard of Review

Summary judgment is appropriate when the pleadings, affidavits, and other summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Triple Tee Golf, Inc. v. Nike, Inc., 485 F.3d 253, 261 (5th Cir. 2007).  The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact.  Id.  The burden then shifts to the nonmovant to show the existence of a genuine fact issue for trial; however, the nonmovant may not rest upon allegations in the pleadings to make such a showing.  Id.  When deciding whether there is a genuine issue of material fact, the Court must view all evidence in the light most favorable to the non-moving party.  Id.

### B.  Narrative Statement of Undisputed Facts

1.      Purporting to represent a class of similarly-situated individuals, Plaintiffs filed a complaint (the "Johnson Complaint") against the Federal Government and various manufacturers and suppliers of travel trailers, park models, and mobile homes.  See Johnson v. United States, No. 3082.

---

[1] Giles Industries, Inc. notes that it has already been dropped from the Administrative Master Complaint based on evidence presented in its previously filed Motion for Summary Judgment (Pacer Doc. 239).  Plaintiffs sought leave to amend the AMC to dismiss Giles Industries and substitute its predecessor in interest.  This Court granted Plaintiffs' motion (Pacer Doc. 380), and Plaintiffs filed their First Supplemental and Amended Master Complaint (Pacer Doc. 379) dropping Giles Industries, Inc.

2. Plaintiffs allege that the travel trailers, park models, and mobile homes (collectively the "housing units") provided by the Defendants contained harmful levels of formaldehyde due to defects in the manufacture of the housing units. Id.

3. Based on alleged personal injuries purportedly resulting from exposure to this formaldehyde, Plaintiffs assert various claims against the Defendants, including Giles Industries, Inc.

### 1) Source of the Housing Units At Issue.

4. All housing units that were sold to FEMA under the name "Giles Industries" were manufactured and sold on or before March 4, 2006. See Exhibit 1 to Evidentiary Submission, ¶¶ 7-8.

5. Manufactured homes manufactured and sold under the name "Giles Industries" before February 8, 2006 were manufactured and sold by a company named Giles Industries of Tazewell, Incorporated. See Exhibit 1 to Evidentiary Submission, ¶¶ 7-8 and Exhibit 2 to Evidentiary Submission.[2]

6. Giles Industries of Tazewell, Incorporated was a Tennessee corporation incorporated June 6, 1968. See Exhibit 2 to Evidentiary Submission.

### 2) Sale of Assets.

7. The assets of Giles Industries of Tazewell, Incorporated, a Tennessee corporation, were purchased on March 20, 2006 by Giles Acquisition Corp., an Alabama corporation (this transaction is hereinafter referred to as the "Acquisition"). See Exhibit 4 to Evidentiary Submission.

---

[2] The entity Giles Industries of Tazewell, Incorporated no longer exits under that name. See Exhibit 5 to Evidentiary Submission.

8. Under the terms of the Asset Purchase Agreement, Giles Acquisition Corp. acquired substantially all the assets of Giles Industries of Tazewell, Incorporated, specifically including "[a]ll of the inventory . . . including raw materials, work-in-process, finished goods and inventory", and both companies' names and all of their respective patents, trademarks, service marks and trade names. See Exhibit 4 to Evidentiary Submission, §§ 1.2A(ii), (vii).

9. Under this same agreement, Giles Acquisition Corp. specifically and expressly did not assume any product liability and warranty claims:

> **1.4    Liabilities Not Assumed**. Other than the Assumed Liabilities, Purchasers shall not accept, assume, become or be liable for or subject to any liability, indebtedness, obligation or responsibility of Sellers or of any other person or entity in any way related to the ownership or operation, or both, of the Purchased Assets or the Business prior to the Closing Date [March 20, 2006], whether said liability, indebtedness, obligation or responsibility arises before or after the Closing.... **It is expressly agreed, without limiting the effect of the preceding sentence, that Purchasers shall not be obligated to assume or become liable for**, without Purchasers' express written consent, any of Sellers' liabilities, debts or commitments of any kind whatsoever, known or unknown, fixed or contingent, or, without limitation, . . . **liabilities which relate to any product liability or warranty claim with respect to products sold by Industries or SunRay or sold after the Closing Date but produced prior to the Closing Date ....**

See Exhibit 4 to Evidentiary Submission, §§ 1.3, 1.4 (emphasis added).

### 3)    Change of Corporate Names.

10. Immediately following the Acquisition, both Giles Acquisition Corp. and Giles Industries of Tazewell, Incorporated changed their names to effectuate the transfer of the trade names and associated rights from the selling/predecessor Tennessee entity (Giles Industries of Tazewell, Incorporated) to the purchasing/successor Alabama entity (Giles Acquisition Corp.). See Exhibit 4 to Evidentiary Submission, § 9.5.

11. On March 21, 2006, the name of Giles Industries of Tazewell, Incorporated was changed to Giles Family Holdings, Inc. See Exhibit 5 to Evidentiary Submission.

4

01661115.1

12.     Likewise, on March 23, 2006, the name of Giles Acquisition Corp. was changed to Giles Industries, Inc. See Exhibits 7 to Evidentiary Submission.

### C. As a Matter of Law, Giles Industries, Inc. Is Not Liable For Alleged Defects in Any Housing Units Sold On Or Before March 20, 2006.

#### 1) Giles Industries, Inc. Did Not Assume Any Liabilities In The Purchase of Assets.

Although Giles Industries, Inc. happened to have acquired the name of its predecessor entity that manufactured and sold housing units to FEMA in the aftermath of Hurricanes Katrina and Rita, it is in no way liable for this predecessor entity's alleged conduct or for liability associated with its products.

It is a well established and generally accepted rule of law that where one corporate entity sells or otherwise transfers all of its assets to another corporate entity, the transferee is not liable for the debts and liabilities of the transferor.  See Joseph v. Apache Stainless, 1999 U.S. Dist. LEXIS 18146, at *10 (E.D. La. Nov. 16, 1999); Lloyd Noland Found., Inc. v. City of Fairfield Healthcare Auth., 837 So. 2d 253, 265 (Ala. 2002); Huff v. Shopsmith, 786 So. 2d 383, 387 (Miss. 2001); Lockheed Martin Corp. v. Gordon, 16 S.W.3d 127, 135 (Tex. App. 2000).

Here, it is undisputed that all housing units that were sold to FEMA under the name "Giles Industries" were manufactured and sold on or before March 4, 2006. See Exhibit 4 to Evidentiary Submission, ¶¶ 7-8   It is further undisputed that Giles Industries, Inc. did not manufacture or sell any of these units but rather, merely acquired the assets (and NOT the liabilities) of a company that did.  See generally Exhibit 4 to Evidentiary Submission.   As such, Giles Industries, Inc. is entitled to judgment as a matter of law.

#### 2) Plaintiffs Cannot Offer Any Evidence In Support of Any Exception to the General Rule.

5

Traditionally, there are -- at most -- only four exceptions to this general rule against successor liability:

- When the successor expressly or impliedly agrees to assume the liabilities of the predecessor;
- When the transaction may be considered a de facto merger;
- When the successor may be considered a "mere continuation" of the predecessor; or
- When the transaction was fraudulent.

Huff, 786 So. at 388; Joseph, 1999 U.S. Dist. LEXIS 18146, at *10-11 (stating that the three exceptions to the general rule of no successor liability are "(1) when the successor expressly or impliedly agrees to assume obligations of the predecessor, (2) when the transaction was entered into to escape liability to third parties, and (3) when the purchaser is merely a continuation of the selling corporation including instances such as mergers, consolidations, and sale of all assets."); Lloyd Noland Found., Inc., 837 So. 2d at 265 (no successor liability "unless (1) there is an express agreement to assume the obligations of the transferor, (2) the transaction amounts to a de facto merger facto merger or consolidation of the two companies, (3) the transaction is a fraudulent attempt to escape liability, or (4) the transferee corporation is a mere continuation of the transferor."); Lockheed Martin Corp. v. Gordon, 16 S.W.3d 127, 135 (Tex. App. 2000) ("The Act [TEX. BUS. CORP. ACT art. 5.10(B)(2)] specifies that purchase of all or substantially all of the assets of the seller's corporation 'does not make the acquiring [entity] responsible or liable for any liability or obligation of the selling corporation' unless the acquiring entity expressly assumes the liability or the obligation, or unless another statute expressly provides to the contrary").

Importantly, the plaintiff carries the burden of showing that any one of these exceptions to the general rule against successor liability exists. See generally Orion Ref. Corp. v. Dep't of

6

01661115.1

Revenue, 2005 Bankr. LEXIS 736 (Bankr. M.D. La. Apr. 27, 2005) ("[Plaintiff] has not met its burden of proving that [Defendant] is liable as [predecessor corporation's] successor."); Owners Ass'n of Pecan Square, Inc. v. Capri Lighting, Inc., 1992 WL 186261, at *3 (Tex. App. 1992) ("We conclude that successor liability is a form of vicarious liability that the plaintiff, not the defendant, must plead"). See also Jones v. Sig Arms, Inc., 2001 WL 1617187, at *4 (Tex. App. 2001); Hall v. Tomball Nursing Center, Inc., 926 S.W.2d 617, 621 (Tex. App. 1996).

To this end, Plaintiffs cannot carry their burden of showing that Giles Industries, Inc. should be held liable under a theory of successor liability. To the contrary, the Affidavit and the Asset Purchase Agreement provided herewith unequivocally demonstrate that (1) there was no express or implied agreement to assume the obligations of the transferor and, in fact, there was an express agreement not to assume the liabilities of the transferor, (2) the Acquisition was not a de facto merger but was an actual sale of assets, (3) the Acquisition was not a fraudulent attempt to escape liability but rather, a real arm's length transaction, and (4) the transferee corporation is not a mere continuation of the transferor since the new entities are subsidiaries of Southern Energy Homes.

As such, Giles Industries, Inc. is not liable for any conduct of its predecessor entity, and all claims asserted against it should be dismissed with prejudice.

### III.   CONCLUSION

For the reasons set forth above, this Honorable Court should grant Giles Industries, Inc.'s Motion for Summary Judgment and dismiss it from this case.

Respectfully submitted,

/s/ Stephanie Skinner
Stephanie Skinner
One of the Attorneys for Giles Industries, Inc.

7

01661115.1

**OF COUNSEL:**

FOWLER RODRIGUEZ VALDES-FAULI
400 Poydras Street, 30th Floor
New Orleans, Louisiana 70130
Telephone: 504-523-2600
Fax: 504-523-2705

Lee E. Bains, Jr.
Thomas W. Thagard, III
Edward A. "Ted" Hosp
Edward S. Sledge IV
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2616
(205) 254-1000

## CERTIFICATE OF SERVICE

  I hereby certify that on July 7, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document by first-class mail to all counsel of record who are non-CM/ECF participants.

                */s/ Stephanie Skinner*
                Of Counsel