UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | ) | MDL NO. 07-1873 |
| FORMALDEHYDE PRODUCT | ) | |
| LIABILITY LITIGATION | ) | SECTION "N-4" |
| | ) | |
| | ) | JUDGE ENGLEHARDT |
| | ) | |
| THIS DOCUMENT IS RELATED TO | ) | MAG. JUDGE ROBY |
| *Johnson v. United States*, No. 3602 | ) | |
| | ) | |

**NEWLY ADDED DEFENDANT GILES INDUSTRIES, INC.'S
NARRATIVE STATEMENT OF UNDISPUTED FACTS
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Newly Added Defendant Giles Industries, Inc., by and through their undersigned counsel, hereby submits this Narrative Statement of Undisputed Facts in support of its Motion for Summary Judgment.  In support of this Narrative Statement of Undisputed Facts, New Defendants Giles Industries and SunRay RV have previously filed an Evidentiary Submission providing the evidentiary basis for the facts set forth herein.

**Narrative Statement of Undisputed Facts**

1.  Purporting to represent a class of similarly-situated individuals, Plaintiffs filed a complaint (the "Johnson Complaint") against the Federal Government and various manufacturers and suppliers of travel trailers, park models, and mobile homes.  See Johnson v. United States, No. 3082.

2.  Plaintiffs allege that the travel trailers, park models, and mobile homes (collectively the "housing units") provided by the Defendants contained harmful levels of formaldehyde due to defects in the manufacture of the housing units.  Id.

1

3.     Based on alleged personal injuries purportedly resulting from exposure to this formaldehyde, Plaintiffs assert various claims against the Defendants, including Giles Industries, Inc.

### 1)   Source of the Housing Units At Issue.

4.     All housing units that were sold to FEMA under the name "Giles Industries" were manufactured and sold on or before March 4, 2006. See Exhibit 1 to Evidentiary Submission, ¶¶ 7-8.

5.     Manufactured homes manufactured and sold under the name "Giles Industries" before February 8, 2006 were manufactured and sold by a company named Giles Industries of Tazewell, Incorporated. See Exhibit 1 to Evidentiary Submission, ¶¶ 7-8 and Exhibit 2 to Evidentiary Submission.[1]

6.     Giles Industries of Tazewell, Incorporated was a Tennessee corporation incorporated June 6, 1968. See Exhibit 2 to Evidentiary Submission.

### 2)   Sale of Assets.

7.     The assets of Giles Industries of Tazewell, Incorporated, a Tennessee corporation, were purchased on March 20, 2006 by Giles Acquisition Corp., an Alabama corporation (this transaction is hereinafter referred to as the "Acquisition"). See Exhibit 4 to Evidentiary Submission.

8.     Under the terms of the Asset Purchase Agreement, Giles Acquisition Corp. acquired substantially all the assets of Giles Industries of Tazewell, Incorporated, specifically including "[a]ll of the inventory . . . including raw materials, work-in-process, finished goods

---

[1] The entity Giles Industries of Tazewell, Incorporated no longer exits under that name. See Exhibit 5 to Evidentiary Submission.

and inventory", and both companies' names and all of their respective patents, trademarks, service marks and trade names. See Exhibit 4 to Evidentiary Submission, §§ 1.2A(ii), (vii).

9. Under this same agreement, Giles Acquisition Corp. specifically and expressly did not assume any product liability and warranty claims:

> **1.4 Liabilities Not Assumed.** Other than the Assumed Liabilities, Purchasers shall not accept, assume, become or be liable for or subject to any liability, indebtedness, obligation or responsibility of Sellers or of any other person or entity in any way related to the ownership or operation, or both, of the Purchased Assets or the Business prior to the Closing Date [March 20, 2006], whether said liability, indebtedness, obligation or responsibility arises before or after the Closing.... **It is expressly agreed, without limiting the effect of the preceding sentence, that Purchasers shall not be obligated to assume or become liable for**, without Purchasers' express written consent, any of Sellers' liabilities, debts or commitments of any kind whatsoever, known or unknown, fixed or contingent, or, without limitation, . . . **liabilities which relate to any product liability or warranty claim with respect to products sold by Industries or SunRay or sold after the Closing Date but produced prior to the Closing Date ....**

See Exhibit 4 to Evidentiary Submission, §§ 1.3, 1.4 (emphasis added).

### 3) Change of Corporate Names.

10. Immediately following the Acquisition, both Giles Acquisition Corp. and Giles Industries of Tazewell, Incorporated changed their names to effectuate the transfer of the trade names and associated rights from the selling/predecessor Tennessee entity (Giles Industries of Tazewell, Incorporated) to the purchasing/successor Alabama entity (Giles Acquisition Corp.). See Exhibit 4 to Evidentiary Submission, § 9.5.

11. On March 21, 2006, the name of Giles Industries of Tazewell, Incorporated was changed to Giles Family Holdings, Inc. See Exhibit 5 to Evidentiary Submission.

12. Likewise, on March 23, 2006, the name of Giles Acquisition Corp. was changed to Giles Industries, Inc. See Exhibits 7 to Evidentiary Submission.

3

01661485.1

Wherefore, New Defendant Giles Industries, Inc. hereby respectfully submits this Narrative Statement of Undisputed Facts in support of its Motion for Summary Judgment.

Respectfully submitted,

/s/ *Stephanie Skinner*
Stephanie Skinner
One of the Attorneys for Giles Industries, Inc.

**OF COUNSEL:**

FOWLER RODRIGUEZ VALDES-FAULI
400 Poydras Street, 30th Floor
New Orleans, Louisiana 70130
Telephone: 504-523-2600
Fax: 504-523-2705

Lee E. Bains, Jr.
Thomas W. Thagard, III
Edward A. "Ted" Hosp
Edward S. Sledge IV
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2616
(205) 254-1000

## **CERTIFICATE OF SERVICE**

  I hereby certify that on July 7, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document by first-class mail to all counsel of record who are non-CM/ECF participants.

              */s/ Stephanie Skinner*
              Of Counsel

01661485.1