UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|     FORMALDEHYDE | * | |
|     PRODUCTS LIABILITY | * | |
|     LITIGATION | * | SECTION: N(4) |
| | * | |
| This Document Relates to: | * | JUDGE: ENGELHARDT |
| *Pujol, et al. v. The United States of America, et al.,* | * | MAG: ROBY |
| Civil Action No. 08-3217 | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**<u>FEDERAL RULE OF CIVIL PROCEDURE RULE 12(B) PRESERVATION LIST
FILED ON BEHALF OF SCOTBILT HOMES, INC.</u>**

**NOW INTO COURT**, comes undersigned counsel, comes Defendant, ScotBilt Homes, Inc., which, pursuant to Pre-Trial Order Number 4, dated April 21, 2008, and without prejudice to its right to assert any other allowable preliminary pleadings, dispositive motions or affirmative defenses in these or any other case in which it is subsequently named and properly served, submits for preservation the following list of specific Federal Rule of Civil Procedure Rule 12(b) Motions[1] as it relates to the original Complaint and Amended Complaint filed in *Pujol, et al. v. The United States of America, et al.,* Civil Action No. 08-3217.[2]  Defendant, ScotBilt Homes,

---

[1] ScotBilt originally filed its Rule 12(b) preservation list to the Amended Master Complaint (Docket No. 252 in MDL 1873 (civil action no. 07-1873) and in FN.1 to that pleading asserted that the preservation list would also be applicable to the instant *Pujol* lawsuit as it had not yet been served, but out of an abundance of caution Defendant is also filing the instant preservation listed. ScotBilt would assert the below and any other grounds for Rule 12 Motions discovered in the Amended Master Complaint proceeding in the *Pujol* lawsuit.

[2] ScotBilt objects to the requirement to file this list as it is in violation of the Defendant's rights to equal protection and due process.   Until the Plaintiffs identify who it is that is suing ScotBilt Homes, Inc., there is no way for Defendant to evaluate the propriety of the venue; the applicable laws under which the Defendant is being sued (Louisiana, Texas, Mississippi, or Alabama, or some combination thereof) so as to formulate the proper defenses; the subject matter jurisdiction of the court; the *in personam* jurisdiction over the Defendant by the court (if any), or

Inc. hereby incorporates and adopts all the filings of the items listed in the preservation lists of all the named co-defendants in the Multi-District Litigation 07-1873 in all of the underlying cases, and all Rule 12 Motions filed by the various co-defendants, as if fully set for the at length herein as its own, including but not limited to the following issues:

1. 12(b)(3) – (a) Improper venue in any of the states whose laws are at issue in this lawsuit based on contractual forum selection clause / mandatory arbitration clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties; (b) no named Plaintiff has been identified as having been provided a ScotBilt Homes, Inc. home within the pleading such that there is an ability to evaluate the propriety of the proposed venue, but in any event, no named Plaintiff has alleged that they lived in a ScotBilt home in any of the states whose laws are at issue ; (c) no minimum contacts with one or more of the relevant states whose laws are at issue, including but not limited to the issue that ScotBilt Homes, Inc. does not do business in the state of Texas.

2. 12(b)(1) – (a) Lack of subject matter jurisdiction because no actual underlying lawsuit was filed; (b) the amended master complaint is not a valid pleading for purposes of Rule 4; (c) the amended master complaint was not filed as a class action; (d) plaintiffs' individual claims are insufficient to satisfy the amount in controversy for diversity jurisdiction; (e) plaintiffs did not make factual or legal allegations to demonstrate the court has jurisdiction and instead make conclusory statement that federal question and diversity jurisdiction exist; (f) no Article III case or controversy before the court and no concrete damages; (g) there is a mandatory arbitration clause in the warranty.

3. 12(b)(6) – (a) Failure to state a claim upon which relief can be granted under any state's law: (a) to the extent that there is no named Plaintiff associated with any ScotBilt manufactured home so there is no Article III case or controversy and no concrete harm for purposes of Article III; (b) failure to state a claim to the extent that it is established that any named Plaintiff knew or should have known of his or her cause of action before the filing of the amended master complaint such that all such claims are time-barred, rendering all claims prescribed/preempted/time barred under Louisiana, Alabama, Texas or Mississippi law; (c) failure to state a claim in that there is no market-share liability under the Louisiana Products Liaibility Act; (d) all persons are charged with knowledge of the published federal laws, rules and regulations and the HUD mandated warning concerning formaldehyde exposure is promulgated as a federal regulations as per the

---

the viability of an Article III case or controversy as it relates to ScotBilt Homes, Inc., or the possibility of filing any other motions pursuant to Rule 12 of the Federal Rules of Civil Procedure. This preservation list is being filed out of an abundance of caution, and Defendant reserves its right to supplement and amend its preservation list in the future as further discovery may warrant and require, and in accordance with any and all subsequently filed or served lawsuits naming ScotBilt Homes, Inc. as a party defendant.

    Amended Master Complaint- under *Federal Crop Ins. Corp. v. Merrill,* 332 U.S. 380 (1947) all persons are charged with knowledge of the published federal laws rules and regulations, and under Louisiana Civil Code Article 5, no person may claim ignorance of the law;  (e) federal law preempts state law as everything ScotBilt Homes, Inc. manufactured was in accordance with HUD's guidelines, and as such, conflicting state law provisions are preempted; (f) failure to properly present a claim under the warranty as required / breach of the contract by the Plaintiff;   (g) there was no sale to or contract with any named Plaintiff so there is no standing to sue.

4. 12(b)(6) – (a) Failure to state a claim upon which relief can be granted under any state's law inasmuch as no claimant has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

5. 12(b)(6) – (a) Failure to state a claim upon which relief can be granted under any state's law to the extent that plaintiffs later specifically seek attorneys fees under federal or state law inasmuch as such claims are precluded.

6. 12(b)(6) – (a) Failure to state a claim upon which relief can be granted under any state's law to the extent that plaintiffs specifically assert punitive damages under federal or state law inasmuch as such claims are precluded.

7. 12(b)(6) – (a) Failure to state a claim upon which relief can be granted under any state's law to the extent that plaintiffs specifically assert redhibition/implied warranty claims, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

8. 12(b)(6) – (a) Failure to state a claim upon which relief can be granted under any state's law to the extent that plaintiffs specifically seek property damages, inasmuch as such claims are precluded.

9. 12(b)(6) – (a) Failure to state a claim upon which relief can be granted under any state's law to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the manufacturing defendants, inasmuch as the applicable law precludes such reapportionment of fault and there is no market-share liability; ScotBilt Homes, Inc. cannot be held responsible for more than its own share of any potential damage award and is not liable for the acts, errors or omissions of any other party or non-party to this litigation.

10. 12(b)(6) – (a) Failure to state a claim upon which relief can be granted under any state's law inasmuch as plaintiff's negligence, negligence per se, gross negligence, recklessness, willfulness, strict liability, and breach of implied warranties claims are barred (including but not limited to being barred by the exclusivity provisions of the Louisiana Products Liability Act).

11.     12(b)(6) – (a) Failure to state a claim upon which relief can be granted under any state's law to the extent that plaintiffs seek injunctive relief as none of the theories invoked by plaintiffs provide recovery for injunctive relief sought by plaintiffs and plaintiffs have not alleged a sufficient basis to entitle them to injunctive relief. ScotBilt Homes, Inc. does not own or control any of the units at issue or where any potential plaintiff at issue may reside.

12.     12(b)(2) – (a) lack of jurisdiction over ScotBilt Homes, Inc. in Louisiana or any other State as there is no identified Plaintiff suing ScotBilt Homes, Inc.; (b) there is no minimum contacts with one or more of the states whose laws have been placed at issue so as to warrant or allow jurisdiction over the Defendant;

13     12(b)(4) – (a) insufficiency of process in that the underlying Complaint and Amended Complaint fails to identify a Plaintiff with standing to sue and a viable Article III case or controversy; (b) there is no underlying lawsuit naming ScotBilt Homes, Inc. as a defendant; (c) there is no named Plaintiff with standing to sue ScotBilt Homes, Inc. and (d) there is no Article III case or controversy;

14.     12(b)(5) – (a) insufficiency of service of process. The underlying Complaint and Amended Complaint fails to identify a Plaintiff with standing to sue and a viable Article III case or controversy; ; (b) there is no underlying lawsuit naming ScotBilt Homes, Inc. as a defendant; (c) there is no named Plaintiff with standing to sue ScotBilt Homes, Inc. and there is no Article III case or controversy;

15.     12(b)(7) – (a) failure to join a necessary and indispensible party – the suppliers of the materials used in construction of the homes have not been added as parties; there is a contractual indemnification provision between ScotBilt Homes, Inc. and the company that contracted with ScotBilt Homes, Inc. for manufacture of such homes (Alliance Homes, Inc. d/b/a Adrian Homes) ; (b) failure to join the manufacturers of the furniture or other FEMA mandated furnishings which contain formaldehyde.

16.     All Rule 12(b) motions filed in the underlying MDL case (07-1873) by ScotBilt and the co-defendants, (including but not limited to Docket Nos. 210, 230, 242, 244, 252, 259, 466 and 491).

Finally, ScotBilt Homes, Inc. respectfully asserts that it preserves all defenses raised and briefed in ScotBilt's original motions in response to the Amended Master Complaint, and the Manufacturing Defendants' Joint Rule 12(b)(6) Motion to Dismiss and the Manufacturing Defendants' Joint Rule 9(b) Motion to Dismiss, and the similarly situated Defendants Motion to

Dismiss (including but not limited to Docket Nos. 210, 230, 242, 244, 252, 259, 466 and 491) in MDL 1873 (civil action no. 07-1873).

        Respectfully submitted:

        NIELSEN LAW FIRM, LLC

        /S/   Thomas C. Pennebaker
        Thomas C. Pennebaker, LA. Bar No. 24597
        William R. DeJean, LA Bar No. 22762
        3838 N. Causeway Blvd., Suite 2850
        Metairie, LA 70002
        Phone: (504) 837-2500
        Fax: (504) 832-9165
        Email: tpennebaker@nielsenlawfirm.com
           wdejean@nielsenlawfirm.com

        and

        GORDON, ARATA, McCOLLUM, DUPLANTIS
         & EAGAN, L.L.P.

        Terrence K. Knister, La. Bar No. 7755
        Anne P. Birdsong, La. Bar No. 21478
        201 St. Charles Ave., 40th Floor
        New Orleans, LA 70170
        Phone: (504) 582-1111
        Fax: (504) 582-1121
        Email: tknister@gordonarata.com
           abirdsong@gordonarata.com

        Counsel for ScotBilt Homes, Inc.

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 9th day of July, 2008, a copy of the foregoing Federal Rule of Civil Procedure Rule 12(b) Preservation List on Behalf of ScotBilt Homes, Inc.  was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

           /s/  Thomas C. Pennebaker
           Thomas C. Pennebaker, La. Bar 24597