UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | * * * * | MDL NO. 07-1873 |
| | | SECTION "N-4" |
| | * | JUDGE KURT D. ENGELHARDT |
| THIS DOCUMENT IS RELATED TO | * | |
| *Pujol v. The United States of America, et al.*, Civil Action No. 08-3217 | * * | MAG. JUDGE KAREN WELLS ROBY |

### FEDERAL RULE OF CIVIL PROCEDURE RULE 12(B) PRESERVATION LIST FILED ON BEHALF OF INDIANA BUILDING SYSTEM LLC (D/B/A HOLLY PARK HOMES)

NOW INTO COURT, through undersigned counsel, comes Defendant, Indiana Building System (d/b/a Holly Park Homes) (hereinafter "IBS"), which, pursuant to Pre-Trial Order Number 4, dated April 21, 2008, and without prejudice to its right to assert any other allowable preliminary pleadings, dispositive motions or affirmative defenses in these or any other case in which it is subsequently named and properly served, submits for preservation the following list of specific Federal Rule of Civil Procedure Rule 12(b) Motions as it relates to the original Complaint and Amended Complaint filed in *Pujol, et al v. The United States of America, et al*, Civil Action No. 08-3217.[1] Defendant, IBS, hereby incorporates and adopts all the filings of the

---

[1] IBS is filing this Preservation List out of an abundance of caution. Pretrial Order No. 4(4) required that, by May 19, 2008, Defendants provide the Court with a list of specific defenses as to each pending case before the MDL. At that time, *Pujol* was not one of the pending cases, and thus, IBS was not required to file its list of defenses before May 19, 2008. No subsequent Pretrial Order has provided a date for the listing of defenses in *Pujol*. As such, IBS provides this list out of an abundance of caution. IBS objects to the requirement to file this list as it is in violation of the Defendant's rights to equal protection and due process. Until the Plaintiffs identify who it is that is suing IBS, there is no way for Defendant to evaluate the propriety of the venue; the applicable laws under which the Defendant is being sued (Louisiana, Texas, Mississippi, or Alabama, or some combination thereof) so as to formulate the proper defenses; the subject matter jurisdiction of the court; the *in personam* jurisdiction over the Defendant by the court (if any), or the viability of an Article III case or controversy as it relates to IBS, or the possibility of filing any other motions pursuant to Rule 12 of the Federal Rules of Civil Procedure. This preservation list is being filed out of an abundance of caution, and Defendant reserves its right to supplement and amend its preservation list in the

812295.1

items listed in the preservation lists of all the named co-defendants in the Multi-District Litigation 07-1873 in all of the underlying cases, and all Rule 12 Motions filed by the various co-defendants, as if fully set forth at length herein as its own, including, but not limited to, the following issues:

1. 12(b)(3) - (a) Improper venue in any of the states whose laws are at issue in this lawsuit based on contractual forum selection clause/mandatory arbitration clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties; (b) no named Plaintiff has been identified as having been provided an IBS home within the pleading such that there is an ability to evaluate the propriety of the proposed venue, but in any event, no named Plaintiff has alleged that they lived in an IBS home in any of the states whose laws are at issue; (c) no minimum contacts with one or more of the relevant states whose laws are at issue.

2. 12(b)(6) - (a) Failure to state a claim upon which relief can be granted under any state's law: (a) to the extent that there is no named Plaintiff associated with any IBS manufactured home so there is no Article III case or controversy and no concrete harm for purposes of Article III; (b) failure to state a claim to the extent that it is established that any named Plaintiff knew or should have known of his or her cause of action before the filing of the amended master complaint such that all such claims are time-barred, rendering all claims prescribed/preempted/time barred under Louisiana, Alabama, Texas or Mississippi law; (c) failure to state a claim in that there is no market-share liability under the Louisiana Products Liability Act; (d) all persons are charged with knowledge of the published federal laws, rules and regulations and the HUD mandated warning concerning formaldehyde exposure is promulgated as a federal regulation as per the Complaint - under *Federal Crop Ins. Corp. v. Merrill,* 332 U.S. 380 (1947), all persons are charged with knowledge of the published federal laws, rules and regulations, and under Louisiana Civil Code Article 5, no person may claim ignorance of the law; (e) federal law preempts state law as everything IBS manufactured was in accordance with HUD's guidelines, and as such, conflicting state law provisions are preempted; (f) failure to properly present a claim under the warranty as required/breach of the contract by the Plaintiff; (g) there was no sale to or contract with any named Plaintiff so there is no standing to sue.

3. 12(b)(6) - (a) Failure to state a claim upon which relief can be granted under any state's law inasmuch as no claimant has specifically claimed

---

future as further discovery may warrant and require, and in accordance with any and all subsequently filed or served lawsuits naming IBS as a party defendant.

812295.1

any current injury, but rather has generally claimed unspecified current and future injury.

4. 12(b)(6) - (a) Failure to state a claim upon which relief can be granted under any state's law to the extent that plaintiffs later specifically seek attorneys fees under federal or state law inasmuch as such claims are precluded.

5. 12(b)(6) - (a) Failure to state a claim upon which relief can be granted under any state's law to the extent that plaintiffs specifically assert punitive damages under federal or state law inasmuch as such claims are precluded.

6. 12(b)(6) - (a) Failure to state a claim upon which relief can be granted under any state's law to the extent that plaintiffs specifically assert redhibition/implied warranty claims, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

7. 12(b)(6) - (a) Failure top state a claim upon which relief can be granted under any state's law to the extent that plaintiffs specifically seek property damages, inasmuch as such claims are precluded.

8. 12(b)(6) - (a) Failure to state a claim upon which relief can be granted under any state's law to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the manufacturing defendants, inasmuch as the applicable law precludes such reapportionment of fault and there is no market-share liability; IBS cannot be held responsible for more than its own share of any potential damage award and is not liable for the acts, errors or omissions of any other party or non-party to this litigation.

9. 12(b)(6) - (a) Failure to state a claim upon which relief can be granted under any state's law inasmuch as plaintiff's negligence, negligence *per se*, gross negligence, recklessness, willfulness, strict liability, and breach of implied warranties claims are barred (including, but not limited to, being barred by the exclusivity provisions of the Louisiana Products Liability Act).

10. 12(b)(6) - (a) Failure to state a claim upon which relief can be granted under any state's law to the extent that plaintiffs seek injunctive relief as none of the theories invoked by plaintiffs provide recovery for injunctive relief sought by plaintiffs and plaintiffs have not alleged a sufficient basis to entitle them to injunctive relief. IBS does not own or control any of the units at issue or where any potential plaintiff at issue may reside.

11. 12(b)(2) - (a) lack of jurisdiction over IBS in Louisiana or any other State as there is no identified Plaintiff suing IBS; (b) there is no minimum

contacts with one or more of the states whose laws have been placed at issue so as to warrant or allow jurisdiction over the Defendant.

12. 12(b)(4) - (a) insufficiency of process in that the underlying Complaint and Amended Complaint fails to identify a Plaintiff with standing to sue and a viable Article III case or controversy; (b) there is no named Plaintiff with standing to sue IBS; and (c) there is no Article III case or controversy.

13. 12(b)(5) - (a) insufficiency of service of process. The underlying Complaint and Amended Complaint fails to identify a Plaintiff with standing to sue and a viable Article III case or controversy; and (b) there is no named Plaintiff with standing to sue IBS and there is no Article III case or controversy.

14. All Rule 12(b) motions filed in the underlying MDL case (07-1873) by IBS and the co-defendants (including, but not limited to Docket Nos. 210, 230, 240, 242, 244, 252, 259, 466 and 491).

Finally, IBS respectfully asserts that it preserves all defenses raised and briefed in Indiana Building System's (d/b/a Holly Park Homes) original motions in response to the Amended Master Complaint, and the Manufacturing Defendants' Joint Rule 12(b)(6) Motion to Dismiss and the Manufacturing Defendants' Joint Rule 9(b) Motion to Dismiss, and the similarly situated Defendants' Motion to Dismiss (including, but not limited to, Docket Nos. 210, 230, 240, 242, 244, 252, 259, 466 and 491) in MDL 1873 (Civil Action No. 07-1873).

RESPECTFULLY SUBMITTED,

BREAZEALE, SACHSE & WILSON, L.L.P.
One American Place, 23rd Floor
Post Office Box 3197
Baton Rouge, Louisiana 70821-3197
Telephone: 225-387-4000
Fax: 225-381-8029

/s/ David R. Kelly
David R. Kelly, T.A. (#1457)
Stephen R. Whalen (#27401)
Jennifer C. Dyess (#31144)

*Counsel for Indiana Building System, L.L.C., d/b/a Holly Park*

812295.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 07-1873 |
| FORMALDEHYDE PRODUCT | * | |
| LIABILITY LITIGATION | * | SECTION "N-4" |
| | * | |
| | * | JUDGE KURT D. ENGELHARDT |
| THIS DOCUMENT IS RELATED TO | * | |
| THE ADMINISTRATIVE MASTER | * | MAG. JUDGE KAREN WELLS ROBY |
| COMPLAINT. | * | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Federal Rule of Civil Procedure Rule 12(B) Preservation List Filed on Behalf of Indiana Building System, LLC (d/b/a Holly Park Homes) has this date been electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

/s/ David R. Kelly
_____
David R. Kelly

812295.1