UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER                                          MDL 07-1873
FORMALDEHYDE PRODUCTS
LIABILITY LITIGATION                                         SECTION "N"(4)

### ORDER AND REASONS

This matter came before the Court on July 9, 2008, for oral argument on the **Motion for Protective Order on Merits Discovery (Rec. Doc. No. 408)** filed by the Manufacturing Defendants Liaison Counsel ("MDLC"). Participating at the hearing were Plaintiffs' Liaison Counsel, Gerald E. Meunier, accompanied by attorneys Frank D'Amico, Jr., Justin I. Woods and Linda Nelson, and Defendants' Liaison Counsel, Andrew D. Wienstock, accompanied by attorneys Jerry L. Saporito, Ben Mayeaux, Randall Mulcahy, and Larry Feldman.[1]

**I.      Background**

This multi-district litigations arises from the state and federal claims brought by the plaintiffs, and on behalf of putative class members, potentially totaling over 30,000 people, who claim to have been injured as the result of the alleged release of formaldehyde and/or formaldehyde vapors in the temporary housing units ("THUs") provided to them by the Federal Emergency Management Agency ("FEMA"), in the aftermath of Hurricanes Katrina and Rita.

---

[1] The United States filed a Statement of Non-Appearance (Rec. Doc. No. 450).

Pursuant to the scheduling orders of the District Judge, the parties have noticed and initiated the Fed. R. Civ. P. 30(B)(6) depositions of the numerous corporate defendants for purposes of the class certification hearing. The MDLC seeks through this motion to limit the scope of the information sought at these depositions.

The MDLC argues that the plaintiffs have sought information relative to the merits of the case, rather than limiting the depositions to information and documents needed for class certification. The Plaintiff's Steering Committee ("PSC") filed an opposition (Rec. Doc. No. 447)

## II.     Positions of the Parties

In the motion, and at the hearing, MDLC argued that the plaintiffs seek information related to the study and testing of formaldehyde and related health issues, the defendants' knowledge of these matters, and communications between the manufacturers and the government. The defendants argue that these issues address the merits of the case and are not relevant to class certification. The parties have not sought a defendant class certification. Thus, any commonality between defendants, with respect to knowledge or communications, would no assist in classifying the plaintiffs. Furthermore, if the plaintiff wish to pursue information regarding the existence vel non of any warnings, that can be accomplished through more direct and limited discovery efforts at a later time.

The defendants also aver that the plaintiffs have been provided other discovery regarding the planned defenses and any defendants' actual knowledge of formaldehyde studies would be irrelevant under Louisiana products liability laws. Counsel also argued that the plaintiffs discovery related to the testing is overly broad and unlimited in time. Counsel expressed the MDLC's willingness to accept revised deposition notices in light of their objections and argument.

In opposition, the PSC argues that the plaintiffs must be allowed to pursue information which will establish predominance of issues and the superior vehicle for the case. Counsel argued at the hearing that the information sought in the specific notice items to which defendants have objected provide information relevant to the risk of exposure to formaldehyde. This, counsel argued, is the crux of the case which will be influential in the Court's decision to certify the class. Counsel further argued that federal law does not recognize a bright line between what is need for class certification versus the merits. In addition, the time limitations already imposed on the depositions will necessitate that counsel limit questions not relevant to certification.

### III. Standards of Review

The decision to enter a protective order is within the Court's discretion. *Thomas v. Int'l Bus. Mach.*, 48 F.3d 478, 482 (10th Cir. 1995). Rule 26(c) governs the issuance of protective orders. It provides in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

Fed. R. Civ. P. 26(c). Specifically, under subsection (c)(1)(g) of Rule 26, a protective order may be entered "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."

Rule 26(c), however, contains a requirement that good cause be shown to support the issuance of a protective order, providing that "the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished

from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998).

**IV.    Analysis**

During the hearing, the PSC reviewed the deposition notices in an effort to accommodate the objections brought by the defendants and other matters raised by the Court during argument. As a result, the PSC proposed the following concessions and changes in the deposition notices at issue.

A.    Section (5) Health Issues and Concerns:

   (1)   Subpart (a) of the notice will be changed to read as follows:
         "a.    The circumstances through and under which you first became aware of health hazards associated with exposure to formaldehyde and/or urea-formaldehyde-based resins in the THUs manufactured or provided in response to Hurricanes Katrina and Rita."

   (2)   Subpart (d) of the notice will be changed to read as follows:
         "d.    Studies concerning the health effects of formaldehyde emissions in the THUs by any non-governmental agencies."

   (3)   Subpart (e) of the notice will be changed to read as follows:
         "e.    What you understand or consider to be a safe level or safe levels of formaldehyde concentrations in indoor air for residents or users of THUs."

   (4)   Subparts (f) and (g) of the notice will be deleted.

B.    Section 6(f) of the notice will be changed to read as follows:
      "f.    Communications, made or had prior to providing THUs to persons displaced by Hurricanes Katrina and Rita, internally and/or by or between any local, state, or federal governmental agency, members of Congress, and/or members of the Executive Branch of government, Defendants, manufacturers and/or suppliers of THUs regarding the risk of formaldehyde exposure in THUs provided to individuals displaced by Hurricanes Katrina and Rita."

These modifications were acceptable to the MDLC and the Court. The defendants who have already complied with the production request have indicated that they will supplement the response as necessary in light of the Court's ruling. The Court finds that the parties have shown good cause

for these revisions to the deposition notices and preserve the integrity of the depositions limited to the class certification issues.  Accordingly,

**IT IS ORDERED** that the **Motion for Protective Order on Merits Discovery (Rec. Doc. No. 408)** filed by the Manufacturing Defendants Liaison Counsel is **GRANTED in part** as to the limitations agreed upon and restated in this Order and **DENIED in part** to the extent further limitations were requested in the motion.

New Orleans, Louisiana, this 9th day of July, 2008.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**