UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE | : | MDL NO. 2:07-MD-1873 |
| PRODUCT LIABILITY LITIGATION | : | SECTION "N" (4) |
| | : | JUDGE ENGELHARDT |
| THIS DOCUMENT IS RELATED TO: | : | MAGISTRATE JUDGE ROBY |

*Stephanie G. Pujol, et al v. The United States of America, et al,* NO. 08-3217

*Keith Johnson, et al v. United States of America, et al,* No. 08-3602

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

CAVALIER HOME BUILDERS, LLC'S
AND CAVALIER HOMES, INC.'S
<u>PRESERVATION OF DEFENSES</u>

Defendants Cavalier Home Builders, LLC ("CHB") and Cavalier Homes, Inc. ("CHI")[1], respectfully submit the following list of defenses to be preserved in the following actions pending in this multi-district litigation. [2] CHB and CHI reserve the right to amend

---

[1] CHI was voluntarily dismissed from the MDL, but nonetheless file this Preservation of Defenses out of an abundance of caution to the extent CHI continues to be named as a party in any underlying action.

[2] CHB and CHI are filing this Preservation of Defense out of an abundance of caution. Pretrial Order No. 4(4) required by, by May 19, 2008, Defendants provide the Court with a list of specific defenses as to each pending case before the MDL. At that time, ***Stephanie G. Pujol, et al v. The United States of America, et al, No. 08-3217, Eastern District of Louisiana*** *(Pujol)* and ***Keith Johnson, et al v United States of America, et al, No. 08-3602, Eastern District of Louisiana*** *(Johnson)* were not any of the pending cases, and thus, CHB and CHI were not required to file its list of defenses before May 19, 2008.  No subsequent Pretrial Order has provided a date for the listing of defenses in *Pujol* and *Johnson*.  As such, CHB and CHI provide this list out of an abundance of caution.  CHB and CHI object to the requirement to file this list as it

or supplement these defenses and to file appropriate preliminary pleading and dispositive and other motions in the following cases and in any other cases in which it has been or will be named and properly served.

**Stephanie G. Pujol, et al v. The United States of America, et al, No. 08-3217, Eastern District of Louisiana:**

CHB and CHI have not been served in this action and objects to being required to provide any response at this time. CHB and CHI have been named in this action, however, CHB and CHI provide the following defenses subject to the defenses of insufficient service of process, insufficient process, and lack of personal jurisdiction:

1.  Plaintiffs fail to establish that the court has subject matter jurisdiction over their claims.

2.  Plaintiffs lack standing.

3.  Plaintiffs fail to state a claim upon which relief under the products liability laws of Alabama, Louisiana, Mississippi, and/or Texas.

4.  The claims against CHB and CHI are barred by the applicable statute of limitations, prescriptive and preemptive periods, and/or laches.

5.  Each plaintiff's negligence contributed to their alleged injury.

6.  Plaintiffs fail to state a claim for medical monitoring damages because they have not alleged a specific or manifest injury.

---

is in violation of the Defendants rights to equal protection and due process. Until the Plaintiffs identify who it is that is suing CHB and CHI, there is no way for Defendants to evaluate the propriety of the venue; the applicable laws under which the Defendants are being sued (Louisiana, Texas, Mississippi, or Alabama, or some combination thereof) so as to formulate the proper defenses; the subject matter jurisdiction of the court; the *in personam* jurisdiction over the Defendants by the court (if any), or the viability of an Article III case or controversy as it relates to CHB and CHI, or the possibility of filing any other motions pursuant to Rule 12 of the Federal Rules of Civil Procedure. This preservation list is being filed out of an abundance of caution, and Defendants reserve their right to supplement and amend its preservation list in the future as further discovery may warrant and require, and in accordance with any and all subsequently filed or served lawsuits naming CHB and CHI as a party defendant.

7.   Plaintiffs fail to state a claim for attorney's fees and costs.

8.   Plaintiffs fail to state a claim for punitive damages.

9.   Plaintiffs fail to state a claim for property damages.

10.  Plaintiffs fails to state a claim for injunctive relief.

11.  Plaintiffs' theory of joint and several liability, or market share liability, is precluded by applicable law.

12.  Plaintiffs have failed to plead fraud or misrepresentation with particularity.

13.  The claims asserted by plaintiffs are barred by the doctrines of waiver, ratification, unclean hands and/or estoppel.

14.  The claims asserted by plaintiffs are barred by the principles of res judicata and/or collateral estoppel.

15.  The claims asserted by plaintiffs should be dismissed, or alternatively, his damages (the existence of which damages is denied) should be reduced due to each plaintiff's own negligent conduct, lack of care, comparative fault, breaches of contract, fraud or legal fault.

16.  Plaintiffs have not sustained any damages proximately caused by CHB or CHI.

17.  Any damages sustained by plaintiffs (the existence of which damages is denied) were the result of acts or omissions of parties other than CHB and CHI for which CHB and CHI are not legally responsible.

18.  Some or all of plaintiffs' claims may be subject to binding arbitration.

19.  This Court does not have personal jurisdiction over CHI.

***Keith Johnson, et al v United States of America, et al*** , No. 08-3602, **Eastern District of Louisiana**:

Because CHI has been named in this action, CHI provides the following defenses subject to the defenses of insufficient service of process, insufficient process, and lack of personal jurisdiction:

1.  Plaintiffs fail to establish that the court has subject matter jurisdiction over their claim.

2.  Plaintiffs lack standing.

3.  Plaintiffs fail to state a claim upon which relief under the products liability laws of Alabama, Louisiana, Mississippi, and/or Texas.

4.  The claims against CHI are barred by the applicable statute of limitations, prescriptive and preemptive periods, and/or laches.

5.  Each plaintiff's negligence contributed to their alleged injury.

6.  Plaintiffs fail to state a claim for medical monitoring damages because they have not alleged a specific or manifest injury.

7.  Plaintiffs fail to state a claim for attorney's fees and costs.

8.  Plaintiffs fail to state a claim for punitive damages.

9.  Plaintiffs fail to state a claim for property damages.

10. Plaintiffs fails to state a claim for injunctive relief.

11. Plaintiffs' theory of joint and several liability, or market share liability, is precluded by applicable law.

12. Plaintiffs have failed to plead fraud or misrepresentation with particularity.

13. The claims asserted by plaintiffs are barred by the doctrines of waiver, ratification, unclean hands and/or estoppel.

14. The claims asserted by plaintiffs are barred by the principles of res judicata and/or collateral estoppel.

15. The claims asserted by plaintiffs should be dismissed, or alternatively, his damages (the existence of which damages is denied) should be reduced due to each plaintiff's own negligent conduct, lack of care, comparative fault, breaches of contract, fraud or legal fault.

16. Plaintiffs have not sustained any damages proximately caused by CHI.

17. Any damages sustained by plaintiffs (the existence of which damages is denied) were the result of acts or omissions of parties other than CHI for

which CHI is not legally responsible.

18.     Some or all of plaintiffs' claims may be subject to binding arbitration.

19.     This Court does not have personal jurisdiction over CHI.

Respectfully submitted,

**VOORHIES & LABBÉ**
(A Professional Law Corporation)


/s/ Lamont P. Domingue
Lamont P. Domingue - #20787
Post Office Box 3527
700 St. John Street
Lafayette, Louisiana 70502-3527
Telephone: (337) 232-9700
ATTORNEYS FOR Cavalier Home Builders, LLC
and Cavalier Homes, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of July, 2008,  a copy of the foregoing

Preservation of Defenses was filed electronically with the Clerk of Court using the CM/ECF

system.  Notice of this filing will be sent by operation of the court's electronic filing system.

I also certify that I have mailed by United States Postal Service this filing to the following

non-CM/ECF participants:

Jeffery N. Luthi
One Columbus Circle, NE
Federal Judiciary Bldg., Room G-255
Washington, DC 20002.


/s/ Lamont P. Domingue