UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | : : | MDL NO. 2:07-MD-1873 SECTION "N" (4) |
| | : | JUDGE ENGELHARDT |
| THIS DOCUMENT IS RELATED TO: Stephanie G. Pujol, et al v. The United States of America, et al, NO. 08-3217 | : | MAGISTRATE JUDGE ROBY |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

DUTCH HOUSING, INC.'S
PRESERVATION OF DEFENSES

Defendant Dutch Housing, Inc. ("Dutch") respectfully submits the following list of defenses to be preserved in the following action pending in this multi-district litigation. Dutch reserves the right to amend or supplement these defenses and to file appropriate preliminary pleading and dispositive and other motions in the following cases and in any other cases in which it has been or will be named and properly served.

**Stephanie G. Pujol, et al v. The United States of America, et al, No. 08-3217, Eastern District of Louisiana**[1]:

---

[1] Dutch is filing this Preservation of Defense out of an abundance of caution. Pretrial Order No. 4(4) required by, by May 19, 2008, Defendants provide the Court with a list of specific defenses as to each pending case before the MDL. At that time, *Pujol* was not one of the pending cases, and thus, Dutch was not required to file its list of defenses before May 19, 2008. No subsequent Pretrial Order has provided a date for the listing of defenses in *Pujol*. As such, Dutch provides this list out of an abundance of caution. Dutch objects to the requirement to file this list as it is in violation of the Defendant's rights to equal protection and due

Dutch has been named in this action and provides the following defenses subject to the defenses of insufficient service of process, insufficient process, and lack of personal jurisdiction:

1. Plaintiffs fail to establish that the court has subject matter jurisdiction over their claims.

2. Plaintiffs lack standing.

3. Plaintiffs fail to state a claim upon which relief under the products liability laws of Alabama, Louisiana, Mississippi, and/or Texas.

4. The claims against Dutch are barred by the applicable statute of limitations, prescriptive and preemptive periods, and/or laches.

5. Each plaintiff's negligence contributed to their alleged injury.

6. Plaintiffs fail to state a claim for medical monitoring damages because they have not alleged a specific or manifest injury.

7. Plaintiffs fail to state a claim for attorney's fees and costs.

8. Plaintiffs fail to state a claim for punitive damages.

9. Plaintiffs fail to state a claim for property damages.

10. Plaintiffs fails to state a claim for injunctive relief.

11. Plaintiffs' theory of joint and several liability, or market share liability, is precluded by applicable law.

---

process. Until the Plaintiffs identify who it is that is suing Dutch, there is no way for Defendant to evaluate the propriety of the venue; the applicable laws under which the Defendant is being sued (Louisiana, Texas, Mississippi, or Alabama, or some combination thereof) so as to formulate the proper defenses; the subject matter jurisdiction of the court; the *in personam* jurisdiction over the Defendant by the court (if any), or the viability of an Article III case or controversy as it relates to Dutch , or the possibility of filing any other motions pursuant to Rule 12 of the Federal Rules of Civil Procedure.  This preservation list is being filed out of an abundance of caution, and Defendant reserves its right to supplement and amend its preservation list in the future as further discovery may warrant and require, and in accordance with any and all subsequently filed or served lawsuits naming Dutch as a party defendant.

12. Plaintiffs have failed to plead fraud or misrepresentation with particularity.

13. The claims asserted by plaintiffs are barred by the doctrines of waiver, ratification, unclean hands and/or estoppel.

14. The claims asserted by plaintiffs are barred by the principles of res judicata and/or collateral estoppel.

15. The claims asserted by plaintiffs should be dismissed, or alternatively, his damages (the existence of which damages is denied) should be reduced due to each plaintiff's own negligent conduct, lack of care, comparative fault, breaches of contract, fraud or legal fault.

16. Plaintiffs have not sustained any damages proximately caused by Dutch.

17. Any damages sustained by plaintiffs (the existence of which damages is denied) were the result of acts or omissions of parties other than Dutch for which Dutch is not legally responsible.

18. Some or all of plaintiffs' claims may be subject to binding arbitration.

19. This Court lacks personal jurisdiction over Dutch.

Respectfully submitted,

**VOORHIES & LABBÉ**
(A Professional Law Corporation)


_/s/ Lamont P. Domingue_
Lamont P. Domingue - #20787
Post Office Box 3527
700 St. John Street
Lafayette, Louisiana 70502-3527
Telephone: (337) 232-9700
ATTORNEYS FOR Dutch Housing, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of July, 2008, a copy of the foregoing Preservation of Defenses was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service this filing to the following non-CM/ECF participants:

>Jeffery N. Luthi
>One Columbus Circle, NE
>Federal Judiciary Bldg., Room G-255
>Washington, DC 20002.

/s/ Lamont P. Domingue

382913