UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * MDL NO. 1873 <br> * <br> * SECTION: N(4) <br> * <br> * JUDGE ENGELHARDT |
| This Document Relates to: No. 08-3602, Keith Johnson et al. v. U.S.A., et al. | * <br> * MAGISTRATE JUDGE ROBY |

*******************************************

### FEDERAL RULE OF CIVIL PROCEDURE PRESERVATION LIST FILED ON BEHALF OF FAIRMONT HOMES, INC. IN THE MATTER OF KEITH JOHNSON, ET AL. v. U.S.A., ET AL.

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Fairmont Homes, Inc., which, pursuant to Pre-Trial Order Number 4, dated April 21, 2008, and without prejudice to its right to assert any other allowable preliminary pleadings, dispositive motions or affirmative defenses in these or any other case in which it is subsequently named and properly served, submits for preservation the following list of specific Federal Rule of Civil Procedure Rule 12(b) Motions in the following recently filed case currently pending in the MDL, a copy of which was first received by Fairmont Homes, inc., on June 18, 2008:

> *Johnson, et al. v. United States of America, et al.*, originally filed in the United States District Court for the Eastern District of Louisiana under civil action number 08-3602.

Fairmont Homes, Inc. respectfully asserts that it preserves and incorporates herein all defenses previously raised and briefed in its Motion to Dismiss the Administrative Master Complaint (Doc. 222 in MDL No. 1873), as well as in the Manufacturing Defendants' Joint Rule

12(b)(6) Motion to Dismiss (Doc. 210) and the Manufacturing Defendants' Joint Rule 9(b) Motion to Dismiss (Doc. 242), and further asserts the following:

1. 12(b)(2) – Lack of Personal Jurisdiction over Fairmont Homes, Inc.

2. 12(b)(5) - Insufficiency of Service of Process inasmuch as Fairmont Homes, Inc. has not been properly served in this matter.

3. 12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

4. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant (Keith Johnson or any other named plaintiff or putative class member) knew or should have known of his or her cause of action more than a year before May 30, 2008, rendering all claims prescribed under Louisiana law. Alternatively, insofar as Alabama's or Mississippi's respective statutes of limitation are applicable, to the extent that any claimant failed to timely file his or her claim, the claims should be dismissed.

5. 12(b)(6) – Failure to state a claim inasmuch as no claimant (Keith Johnson or any other named plaintiff or putative class member) has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

6. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek attorneys fees under state law inasmuch as such claims are precluded.

7. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek punitive damages under federal or state law inasmuch as such claims are precluded.

8. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert redhibition/implied warranty claims under Louisiana law, Mississippi law and/or Alabama law inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

9. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Louisiana law, Mississippi law and/or Alabama law inasmuch as such claims are precluded.

10. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the manufacturing defendants, inasmuch as the applicable law precludes such reapportionment of fault.

11. 12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' negligence, negligence *per se*, gross negligence, recklessness, failure to inspect, breach of implied warranty and "failing to act in a prudent and careful way" claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

12. 12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by the provisions of the Louisiana Products Liability Act since the representative plaintiffs fail to allege that they ever occupied or were injured by a product manufactured by Fairmont Homes, Inc.

13. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek injunctive relief and fail to seek equitable relief.

Respectfully submitted:

**SCANDURRO & LAYRISSON, L.L.C.**

   s/Timothy D. Scandurro
**Timothy D. Scandurro #18424**
**Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
Telephone: (504) 522-7100
tim@scanlayr.com
dewey@scanlayr.com

**and**

**DUPLASS, ZWAIN, BOURGEOIS, MORTON, PFISTER & WEINSTOCK**

**Andrew D. Weinstock (#18495)**
**Joseph G. Glass (#25397)**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
andreww@duplass.com
jglass@duplass.com

**Counsel for Defendant, Fairmont Homes, Inc.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2008, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the court's electronic filing system.

                                     s/Timothy D. Scandurro
                                     Timothy D. Scandurro

X:\Docs\4206 GULF STREAM\PLDGS\Keith Johnson Preservation Defenses.doc