## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA
## NEW ORLEANS DIVISION

IN RE: FEMA TRAILER
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL NO. 1873

SECTION "N-4"

JUDGE ENGELHARDT
MAG. JUDGE ROBY

THIS DOCUMENT IS RELATED TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PLAINTIFFS' FIRST INTERROGATORIES, REQUEST FOR ADMISSIONS, AND REQUESTS FOR PRODUCTION OF DOCUMENTS

PURSUANT to Case Management and Scheduling Order (CMO) No.6

(Document 135) and Fed. R. Civ. P. 33, 34, and 36, Plaintiffs propound the following

discovery concerning class certification upon the Defendants, The United States of

America through the Federal Emergency Management Agency ("FEMA"), and all

Manufacturing Defendants designated in the Administrative Master Complaint.

Plaintiffs request that each Defendant produce responsive documents at the

offices of Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC, 2800 Entergy

Centre, 1100 Poydras Street, New Orleans, LA 70163, within the time limits established

by this Honorable Court.

## DEFINITIONS

As used in these discovery requests, the following words and phrases shall have

the following meanings, and, where Interrogatories and Request for Production are

concerned, any other reasonable reading that might broaden the scope of a given

request.

**Class Representatives** means all persons described in ¶ 6 and 7 of the Administrative Master Complaint, and each of them.

**Complaint** means the Administrative Master Complaint filed in this action on March 18, 2008.

**Describe** or **Specify** means the following:

(i)     to offer a detailed description of the thing sought including where appropriate, to **identify** the thing;

(ii)    to set forth the matter which you are asked to "describe" or "specify", and do so fully in detail, by reference to underlying facts rather than reference to ultimate facts or conclusion of fact and law;

(iii)   to state particulars as to **(i)** time and **(ii)** place;

(iv)   "Identify" the "person" participating, present or involved at any time; and

(v)    to set forth all facts necessary to a complete understanding of the "fact", process, or thing in questions.

**Document** has the meaning given it under the Federal Rules of Civil Procedure and refers to documents in your custody, possession, and/or control as defined by federal law.  The term "document" shall mean any written, printed, non-printed, typed, photocopied, photographic, reproduced or graphic matter of any kind or character, and any recorded or stored information, however produced or reproduced, **(i)** in "your" possession or control, or **(ii)** known by "you" to exist including (without limiting the generality of the foregoing), affidavits, agreements, books, calendars, communications, contracts, correspondence, desk pads, diaries, diary or calendar entries, interim or tentative drafts, journals and journal entries, ledger and ledger entries, lists,

memoranda, minutes and minute entries, notes, photographs, print-outs, records of meetings, conferences and telephone or other conferences, conversations or communications, reports, statements, studies, telegrams, telexes, printed copies of electronic mail, teletypes and/or work papers, x-rays and information stored in computers or other data storage or processing equipment, or in magnetic or electronic media, microfilm or microfiche or other form which can be retrieved or printed out or reduced to readable form through proper programming, decoding or processing, together with necessary instructions for understanding, using or reproducing same. The term "document" includes originals and all copies of documents containing notes, notations, comments, observations, remarks, underscoring, marks made for emphasis, highlighting, or encircling, relating or referring in any way to the subject matter of these requests.

**Identify** means the following:

(i)     with regard to a document or tangible thing, to describe it with sufficient specificity to distinguish it from all other documents and tangible things, and to identify its current custodian (or, if it has been destroyed, to identify its last known custodian and the date of its loss or destruction); state the type of "document" (for example, a letter, a memorandum, etc); state the dates upon which the "document" was prepared and executed; the name and address of its author; the name and address of the recipients of the "document" or copies of the "document"; if the "document" constitutes or memorializes an agreement or contract, state the names of each party to the agreement or contract, the date on which it was entered into, the place where it was connected, its terms and conditions, the present location of any original copies thereof, the name and address of the custodian of each original copy, and the contents thereof.  If the agreement or contract has been amended or supplemented, this must be stated and the above information furnished on each such amendment or supplement; state whether "you" are in possession of the original "document" and "identify" the person having custody.  If you do not possess the original "document", identify **(i)** the "person" who has custody of, and **(ii)** the location of the original "document";

(ii)     with regard to a natural person, to give their full name, address, telephone number, and to set forth information sufficient to discern their role or involvement in the matter at hand (e.g., their job title or the relevant information they possess, etc.); state the person's name, present address, if known, or most recent past address if the present address is not known, and telephone number; state the person's relationship to you, "identify" his present employer and the person's position with that employer, and state the person's title which is derived from that position;

(iii)    with regard to a corporation, to state its full name, its state of incorporation, and its principal place of business, and state the corporation's relationship to you; and

(iv)     with regard to a "person" other than an individual or a corporation means to state the person's official name, the person's organizational form and the person's present address.

**FEMA** means the Federal Emergency Management Agency and includes the Department of Homeland Security and any other related agency.

**You** and **yours** shall refer to Defendants and all persons who, because of acting on your behalf, can furnish information, including any person acting as a representative in the investigation or preparation of this action and your agents, representatives, attorneys and investigators having knowledge of the matters which are the subject of this discovery.

## PLAINTIFFS' FIRST REQUESTS FOR ADMISSION

PURSUANT TO FED. R. CIV. P. 36, PLEASE ADMIT OR DENY THE TRUTH OF THE FOLLOWING STATEMENTS OR OPINIONS OF FACT OR THE APPLICATION OF LAW TO FACT:

1. Each class representative listed in the Administrative Master Complaint in ¶ 7(a) has submitted a Form 95 to the USA and has received a denial of claim from FEMA.

2. The Form 95 submitted by each respective Class Representative listed in the

Administrative Master Complaint in ¶ 7(a) was legally sufficient but the claims were denied by FEMA.

3.  The USA has not paid, settled, or otherwise resolved, in whole or in part, any claim set forth in any Form 95 submitted by any Class Representative.

4.  No Defendant has paid, settled, or otherwise resolved, in whole or in part, any claim asserted against it by any Class Representative related to this litigation.

5.  Each Class Representative listed in ¶ 7(a) of the Administrative Master Complaint has satisfied all statutory conditions precedent to maintenance of an action pursuant to 28 U.S.C. § 2671, *et seq.* (Federal Tort Claims Act).

6.  Each Class Representative suffered damages and/or was exposed to formaldehyde while residing in a temporary housing unit ("THU") provided by FEMA.

7.  Members of the Class are so numerous that joinder of all such persons and entities in this action is impracticable.

8.  Members of the Class are so geographically dispersed that joinder of all such persons and entities in this action is impracticable.

9.  The filing of an individual civil action for formaldehyde-related damages by each member of the Class would create the risk of inconsistent or varying adjudications among such actions.

10.  The filing of an individual civil action for formaldehyde-related damages by each member of the Class would create the risk of adjudications that would substantially impair or impede the ability of some class members to protect their interests.

11.  Exposure to formaldehyde while residing in a THU provided by FEMA is a

question that is common to every member of the Class.

12.  Whether the USA committed the negligent acts and omissions described in the Administrative Master Complaint is a question that is common to every member of the Class.

13.  Whether the Manufacturing Defendants committed the negligent acts and omissions described in the Administrative Master Complaint is a question that is common to every member of the Class.

14.  The attorneys (and their respective firms) appointed by the Court as Plaintiffs' Steering Committee are competent to fairly and adequately protect the interests of the Class.

15.  The causes of the losses suffered by members of the Class are susceptible to analysis and determination on a classwide basis.

16.  The USA, through the Center for Disease Control ("CDC"), has undertaken efforts to analyze and determine the extent of formaldehyde exposure to residents of the various types of THUs encompassed by the class definition through a statistical sampling to an appropriate level of confidence.

17.  Although formaldehyde levels varied by model, all types of THUs tested by CDC showed elevated levels of formaldehyde emission.

18.  Exposure to formaldehyde in each THU manufactured by the Manufacturing Defendants affecting any given class member is susceptible to analysis of statistical significance to an appropriate level of confidence as determined by expert witnesses.

19.  At the levels seen in THUs as a result of the CDC testing, health of class members could be affected.

20.  The testing performed by CDC on behalf of FEMA measured levels of formaldehyde which are likely to under-represent long-term exposures since formaldehyde levels tend to be higher in newer THUs and during warmer or more humid weather.

21.  The preliminary finding of the CDC testing performed for FEMA has "significant implications for public health" and thus future studies include a long-term study of children who resided in FEMA-supplied THUs.

22.  As a result of the preliminary findings of the testing performed by the CDC, FEMA/CDC will reconvene the panel of experts to identify and advise on "health issues" that could be associated with long-term residency in THUs.

23.  There were federal standards, rules, and regulations in place common to all Manufacturing Defendants which governed production requirements and standards involving the use of formaldehyde in wood resin and any other product incorporated into the production and manufacture of the THUs, including, but not limited to, the reduction and mitigation of formaldehyde emissions in the finished THUs.

24.  There were policies and procedures in place with the Manufacturing Defendants to ensure compliance with any federal rules and regulations governing the use of formaldehyde in any phase of the production and manufacture of the THUs.

25.  The Manufacturing Defendants failed to comply with federal standards relating to mitigation and reduction of formaldehyde emissions in the manufacture of the THUs.

26.  The Defendants failed to test or monitor the finished THUs for levels of formaldehyde emissions prior to allocating the THUs to the Class.

27.  The USA and FEMA intended on use of the THUs for periods of continuous habitation well in excess of two weeks, including and exceeding a period of eighteen months.

28.  The USA and FEMA contracted with the Manufacturing Defendants for the production of THUs intended for periods of continuous habitation well in excess of two weeks, including and exceeding a period of eighteen months.

29.  The Manufacturing Defendants knowingly, and without warning, provided the THUs to the USA and FEMA with the understanding that the THUs were to be used for periods of continuous habitation well in excess of two weeks, including and exceeding a period of eighteen months.

30.  The intended use of the THUs is for temporary and intermittent occupancy, and the FEMA and the Manufacturing Defendants were aware that long term continuous occupancy of the THUs could expose any occupant to elevated levels of formaldehyde.

## CLASS PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS

1.  For each Request for Admission you denied, or for which you qualified your answer, please provide the following: **(i)** a list of all persons, by name and title, you contacted in formulating your response; **(ii)** a description of the information they provided to you in formulating your response; and **(iii)** an explanation of the basis for your denial or qualification of your response.

2.  If you contend that the Fed. R. Civ. P. 23(a) numerosity requirement is not satisfied as to the Class, please **(i)** set forth every fact you believe supports your

contention, and **(ii)** identify every witness you believe possesses knowledge of such facts, including which such facts each witness possesses.  If you agree that the numerosity requirement is satisfied, please say so.

3. If you contend that any one or all of the respective claims set forth by the class representatives fails to satisfy the Fed. R. Civ. P. 23(a) typicality requirement with respect to the Class, please **(i)** set forth every fact you believe supports your contention, and **(ii)** identify every witness you believe possesses knowledge of such facts, including which such facts each witness possesses.  If you agree that the class representatives satisfy the typicality requirement, please say so.

4. If you contend that the Class Representatives, or any of them, will not fairly and adequately protect the interests of the Class, please **(i)** set forth every fact you believe supports your contention, and **(ii)** identify every witness you believe possesses knowledge of such facts, including which such facts each witness possesses.  If you agree that the Class Representatives will fairly and adequately protect the interests of the Class, please say so.

5. Based upon the claims form and/or all other information received to date, including the Administrative Master Complaint, please identify any defense you might set forth in response to any class member's claim against you that you would not set forth in any Class Representative's claim against you.  If the answer is "none known at this time" please say so.

6. Do you agree that there are some questions of law or fact common to the members of the Class, including the Class Representatives?

7.  Based upon the claim forms and/or all other information received to date, including the Administrative Master Complaint, please **(i)** identify all questions of law or fact affecting individual members of the Class that you contend would not also affect the Class Representatives, and **(ii)** state whether and in what way you contend that such individual questions predominate over questions that are common to the class members and the Class Representatives.

8.  Do you agree that a class action trial is the superior method for the fair and efficient adjudication of the controversies raised in this action *vis-a-vis* the members of the Class?  If not, please **(i)** state in detail why you disagree, and **(ii)** describe any and every procedure you contend would be superior, including in your description the reasons it would be superior.

9.  Please identify and describe in detail every difficulty you contend is likely to be encountered in the management of the class action proposed by the Administrative Master Complaint.

10.  Please state the total number of Standard Form 95 claims submitted which set forth claims by victims of hurricanes Katrina and Rita against FEMA for losses arising in connection with formaldehyde exposure while residing in a THU provided by FEMA.

11.  Please describe in detail the ways in which the information contained in the Form 95s described in the preceding interrogatory has been compiled and collated by any Defendant ( e.g., by ZIP code, by damage type, etc.,) including each format in which such compiled and/or collated information exists (e.g., database, spreadsheet, physical repository, etc.)

12.  Please describe **(i)** all efforts, if any, to date undertaken by you to estimate the number of persons who allege to have sustained damages covered by the Class, and **(ii)** describe all results or conclusions derived as a result of such efforts, specifically including in your response any estimate of the number of affected persons.

13.  Please identify by name, employer, position, and current professional address each person who has assisted in the formulation of responses to any of your responses to the Class Plaintiffs' First Set of Requests for Admission, Interrogatories, and Requests for Production, including in your response **(i)** the request(s) that each such person assisted in answering, and **(ii)** a general description of the assistance provided.

14.  Please state how many children (under the age of 18 years old) resided in the THUs provided by FEMA as a result of hurricanes Katrina and Rita.

15.  Please state in detail how the USA, FEMA and/or the CDC determined that the testing of 519 temporary housing units was necessary to test with a "level of significance of 5% (95% confidence) and power of 80%" a "cross-section of the most frequently used trailer types and manufacturers."

16.  Please list, identify, and describe any federal standards, rules, and regulations governing use of formaldehyde in any phase of the production and manufacturing process, including, but not limited to, the use of formaldehyde in wood resin, from 1992 to the present.

17.  Please list, identify, and describe the policies and procedures in place amongst the Manufacturing Defendants to adhere and comply with any federal

standards, rules, and regulations governing the use of formaldehyde in any phase of the production and manufacturing process, including, but not limited to, the use of formaldehyde in wood resin, from 1992 to the present.

18.  Please list, identify, and describe any communications of any kind between the Federal Government and the Manufacturing Defendants wherein the intended duration of occupancy of the THUs was discussed for the occupancy of displaced residents from hurricanes Katrina and Rita.

## CLASS PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS

1.  Please produce a copy of every Standard Form 95 that sets forth a claim by any victim of hurricanes Katrina and Rita against the United States of America including, but not limited to, the Federal Emergency Management Agency ("FEMA") for losses arising in connection alleged formaldehyde exposures while residing in a THU provided by FEMA.

2.  Please produce a copy of all electronic files, databases, spreadsheets or other documents that sort, collate, organize, categorize, or deal in some similar fashion with the Form 95s, or any of them, identified in the preceding request and/or any information contained in such Form 95s.

3.  Please produce a copy of each and every document that contains or reflects any estimate or precise calculation of the total dollar value of all claims asserted against the USA by way of the Form 95s identified in Request No. 1.

4.  Please produce a copy of each and every document that you believe supports your answers to any of the Interrogatories above.

5.  Please produce a copy of every document consulted, obtained, or

generated in connection with any activities described in response to any

of the Interrogatories above.

6.  Please produce a copy of each and every document that would establish, by state and by manufacturers, the number of persons provided with each type of THU as a result of hurricanes Katrina and Rita.

7.  Please produce any documents describing, evidencing, pertaining to, and/or recording any and all efforts utilized by you to assure that the THUs provided by you to the victims of hurricanes Katrina and Rita were safe and fit for habitation by victims of hurricanes Katrina and Rita.

8.  Please produce copies of any documents relating to federal standards, rules, and regulations governing the use of formaldehyde in any phase of the production and manufacturing process, including, but not limited to, the use of formaldehyde in wood resin, from 1992 to the present.

9.  Please produce copies of any documents relating to policies and procedures used by the Manufacturing Defendants to comply with the federal standards, rules, and regulations governing use of formaldehyde in any phase of the production and manufacturing process, including, but not limited to, the use of formaldehyde in wood resin, from 1992 to the present.

10.  Please produce copies of any communications of any kind from 1992 to the present, between the Federal Government and the Manufacturing Defendants wherein the intended duration of occupancy of the THUs was discussed.

11.  Please produce any and all documents which evidence relationships

between, and/or agreements with, any entity involved in the sales, distribution, manufacture, contracting, production, and/or procurement of THUs from August 29, 2005 to present.  Please produce the above requested documents which evidence such relationships and/or agreements with any other party and/or non-party including, but not limited to, the following non-parties:

a.    Berryland Motors Limited Liability, Inc.;
b.    Bourget's of South, LLC;
c.    Cavalier Homes, Inc.;
d.    Champion Home Builders Co.;
e.    Circle B Enterprises;
f.    Clayton of Lafayette, Inc. (f/k/a Clayton Homes, Inc.);
g.    CMH Manufacturing, Inc.;
h.    Design Homes, Inc.;
i.    Morgan Building Systems, Inc;
j.    Morgan Buildings & Spa, Inc;
k.    Morgan Building Transport;
l.    North America Catastrophe Services, Inc.;
m.    Oakwood Homes, LLC;
n    Superior Homes, LLC;
o.    Thor Industries, Inc.; and
p.    Tom Raper, Inc.

and/or any other related entities.

Respectfully submitted,

**FORMALDEHYDE TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:  504/522-2304
        Facsimile:    504/528-9973

gmeunier@gainsben.com

s/Justin I. Woods

JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:  504/522-2304
Facsimile:    504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
RONNIE PENTON, #10462