UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | ) MDL NO. 1873 <br> ) SECTION "N" (4) <br> ) <br> ) JUDGE ENGELHARDT <br> ) |

**MANUFACTURING DEFENDANTS'**
**INITIAL WRITTEN DISCOVERY TO PLAINTIFFS**

TO:   ATTORNEYS FOR PLAINTIFFS:

Manufacturing Defendants, pursuant to Pre-Trial Order No. 8 in this matter, propound the following Interrogatories and Requests for the Production of Documents to Plaintiffs to be answered, under oath, within thirty (30) days of service herein, exclusive of the day of service.

YOU ARE FURTHER NOTIFIED that the below Interrogatories and Requests for the Production of Documents shall be deemed to continue from the time of service until the time of the trial of this case so that if your answers should change, or need alteration or modification, from knowledge or information which you or your representative or attorney should acquire after the service of your answers, such new or amended answers shall be promptly transmitted by service of a copy thereof upon the undersigned, all in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

**INSTRUCTIONS**

1.   When answering and responding to these Interrogatories and Requests for the Production of Documents, you are requested to furnish all information available to you, your attorneys, investigators, accountants, representatives, agents or any other

person acting on your behalf, and not merely such information that is within your own personal knowledge. If you cannot answer or respond in full after exercising due diligence to secure the information, answer or respond to the extent possible, specifying the reason or reasons for your inability to answer or respond to the remainder.

2. If, in responding to any of these Interrogatories and Requests for the Production of Documents, you withhold any requested information by reason of a claim of privilege or attorney work product or you object to any part of these Interrogatories and Requests for the Production of Documents, please state the nature of the privilege or objection and provide sufficient information to permit a full determination of whether the claim or objection is proper. For any information that is withheld, please identify all information for which the claim of privilege is made or to which the objection relates, and specify the basis for the claim of privilege or attorney work product.

3. If you object to any portion or subpart of these Interrogatories and Requests for the Production of Documents, please state the objection to such portion or subpart and answer any unobjectionable portion(s) or subpart(s) and/or provide the unobjectionable information requested.

**DEFINITIONS**

As used herein, the following terms shall have the meanings set forth below:

1. The term "Plaintiffs," to whom these Interrogatories are directed, refers to the named Plaintiffs and any later identified individuals in the Putative Class.

2. The term "document" is synonymous in meaning and equal in scope to the usage of this term in Federal Rules of Civil Procedure 26 and 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. The term "communication" means any oral or written statement, dialogue, colloquy, discussion, conversation, agreement, or expression of any kind.

4. The term "electronically stored information" is synonymous in meaning and equal in scope to the usage of this term in Federal Rules of Civil Procedure 26 and 34(a). It also includes all information created, manipulated, communicated, stored, and best utilized in digital form, requiring the use of computer hardware and software as well as email of any type, category, or status, including, incoming, outgoing, draft, or deleted email.

5. "Identify," when referring to a person or entity, means to give, to the extent known, the person or entity's full name, present or last known address, and telephone number.

6. "Identify," when referring to a document, means to give, to the extent known, the following information: (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; (d) the authors, addresses and recipients of the document; (e) the location of the document; (f) the identity of the person who has custody of the document; and (g) whether the document has been destroyed and, if so, (i) the date of its destruction, (ii) the reason for its destruction and (iii) the identity of the person who destroyed it.

7. "Defendants," unless otherwise specified, refers to the named defendants in this action collectively; and any other named defendants hereinafter joined in this action.

8. "Person" shall refer to any natural person, firm, association, partnership, corporation, group, organization or other form of legal business entity, including any

such entities' officers, directors, employees, partners, associates, staff members, agents, representatives, corporate parent, subsidiaries, affiliates, predecessors in interest or any other related entity.

9. "THUs" shall refer to the manufactured housing, travel trailers, park models and any other temporary housing provided through FEMA in which Plaintiffs claim to have resided, entered or spent time.

## INTERROGATORIES

1. With respect to Plaintiffs' contention in their Position Paper on Elements of Class Certification that "there are tens of thousands of victims of governmental misconduct, manufacturer negligence and product liability who will fall within the class definition(s) which will be sought herein," state each fact, identify each witness, and identify each document that supports such contention.

2. With respect to Plaintiffs' contention in their Position Paper on Elements of Class Certification that "by the time of the certification hearing, the claims on many thousands of victims will have been timely perfected under the Federal Torts Claims Act," state each fact, identify each witness, and identify each document that supports such contention.

3. Do Plaintiffs contend that the putative class representatives' claims arise from the same events, practice, or course of conduct as the other class members and are based on the same legal theories? If so, state each fact, identify each witness, and identify each document that supports such contention.

4. Do Plaintiffs contend that Defendants have acted or refused to act on grounds generally applicable to the class, such that final injunctive relief is justified in

favor of the class as a whole? If so, state each fact, identify each witness, and identify each document that supports such contention.

5. With respect to Plaintiffs' contention in their Position Paper on Elements of Class Certification that "the harm done to the class by the government and manufacturer is ongoing," state each fact, identify each witness, and identify each document that supports such contention.

6. With respect to Plaintiffs' contention in their Position Paper on Elements of Class Certification that "there is a sub-group of the class who are continuing to occupy unsafe trailers and mobile homes for whom injunctive relief may be appropriate and required to provide safe alternative facilities," state each fact, identify each witness, and identify each document that supports such contention.

7. With respect to Plaintiffs' contention in their Position Paper on Elements of Class Certification that "some issues clearly predominate" in satisfaction of Federal Rule of Civil Procedure 23(B)(3), to which issues are Plaintiffs referring? If Plaintiffs list any issues in response to this interrogatory, state each fact, identify each witness, and identify each document that supports the inclusion of each issue.

8. Do Plaintiffs contend that any level of formaldehyde in the subject THUs, no matter how large or small, creates a health hazard? If so, state each fact, identify each witness, and identify each document that supports such contention.

9. Do Plaintiffs contend that any level of formaldehyde in the subject THUs, no matter how large or small, diminishes the value of the THUs? If so, state each fact, identify each witness, and identify each document that supports such contention.

10. With respect to Plaintiffs' contention in their Position Paper on Elements of Class Certification that "levels and duration of exposure from all such units were sufficient to cause the symptoms and increased risk of cancer claimed by all class members," state each fact, identify each witness, and identify each document that supports such contention, including but not limited to specifically stating the 'level and duration of exposure' for each named class representative, stating which manufacturer-Defendant's THU occupied by each such named class representative and specifically stating how the level of exposure for each named class representative was calculated.

11. With respect to Plaintiffs' contention in their Position Paper on Elements of Class Certification that "defendant manufacturers all deviated in the same manner from specifications mandated by the governmental purchaser," state each fact, identify each witness, and identify each document that supports such contention.

12. With respect to Plaintiffs' contention in their Position Paper on Elements of Class Certification that "claimants were exposed at different levels, over varying lengths and under myriad conditions," state each fact, identify each witness, and identify each document that supports such contention.

13. With respect to Plaintiffs' contention in their Position Paper on Elements of Class Certification that "all members of the proposed class were provided with similar housing units, each with the identical defect, i.e. exposure to occupants of unsafe levels of formaldehyde," state each fact, identify each witness, and identify each document that supports such contention.

14. With respect to Plaintiffs' contention in their Position Paper on Elements of Class Certification that "the risk of future disease cannot likely be distinguished among

the class members, all of whom have been exposed to unsafe levels of the same toxin," state each fact, identify each witness, and identify each document that supports such contention.

15. With respect to Plaintiffs' contention in their Position Paper on Elements of Class Certification that claimants suffer from "respiratory symptomology, respiratory diagnoses, increased risk of carcinogenicity and concomitant fear of cancer," state each fact, identify each witness, and identify each document that supports such contention, including but not limited to stating the name, address and telephone number of each named class representative's physician or person rendering mental-health care that made any diagnosis or determination of the existence of a condition which is allegedly related to formaldehyde exposure, any and all tests performed upon each class representative, stating what each diagnosis was, the course of treatment prescribed, and the name, address and telephone number for each person or company that provided any care or treatment in accordance with each diagnosis.

16. With respect to Plaintiffs' contention in their Position Paper on Elements of Class Certification that "there are different damages sustained by class members," state each fact, identify each witness, and identify each document that supports such contention.

17. Do Plaintiffs plan to use a mathematical formula for determining damages in this case? If so, state what formula(s) Plaintiffs will use and explain the methodology of the formula(s), identify the names, addresses and telephone numbers of each person or company that assisted in creating or determining the mathematical formula, and state all

source material, reference material or research material used in creating or determining the mathematical formula.

18. With respect to Plaintiffs' contention in their Position Paper on Elements of Class Certification that "the amount of economic loss to each family can be computed by a formula common to the entire class," state each fact, identify each witness, and identify each document that supports such contention, identify the names, addresses and telephone numbers of each person or company that assisted in creating or determining the mathematical formula, and state all source material, reference material or research material used in creating or determining the mathematical formula.

19. With respect to Plaintiffs' contention in their Position Paper on Elements of Class Certification that "they were knowingly subjected to a toxic hazard without means or knowledge to protect themselves," state each fact, identify each witness, and identify each document that supports such contention.

20. With respect to Plaintiffs' contention in their Position Paper on Elements of Class Certification that "certification of a class for the purpose of resolving this claim is even less problematic than that of personal injury issues," state each fact, identify each witness, and identify each document that supports such contention.

21. With respect to Plaintiffs' contention in their Position Paper on Elements of Class Certification that "the extent of this problem and possible remedies is under investigation," state each fact, identify each witness, and identify each document that supports such contention.

22. Please state the precise methodology used by Plaintiffs and/or Plaintiffs' experts to determine how Plaintiffs selected never occupied units, describe the testing

sample produced by employing this methodology, and identify any witness or document on which Plaintiffs may rely to support the validity of the above-referenced process, and state the manufacturer name, model number and serial number for each and every piece of testing equipment placed inside the THU's to gather the samples by Plaintiffs.

23. In testing the never occupied units, state whether Plaintiffs substituted any units for those originally selected through employing the methodology described in the preceding interrogatory and to the extent substitutions were made, describe those substitutions and provide the lists of never occupied units that incorporate those substitutions.

24. Please state, separately each type of unit, the precise methodology used by Plaintiffs and/or Plaintiffs' experts to determine the test protocols that to be used by Plaintiffs to test (a) never occupied units, (b) previously occupied units (c) currently occupied units, and provide copies of such protocols, explain the scientific basis for the protocol, and identify each witness and document on which Plaintiffs may rely to support the validity of each such protocol, specifically identifying all source material, research material or reference material used in creating each set of protocols.

25. Please state whether Plaintiffs modified or varied the protocols described above in testing of any (a) never occupied units, (b) previously occupied units, (c) current occupied units, and if any modifications or variations were made, state what those modifications or variations were, on which units those modifications or variations were utilized, the reason for those modifications or variations and who made the decision to make such modifications or variations, and identify each witness and document on which Plaintiff may rely to support the validity of such modifications or variations.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

1.   Any and all documents and electronically stored information referenced or relied upon in Plaintiffs' Answers to Defendants' Second Set of Interrogatories to Plaintiffs Numbers 1 through 16 and 18 through 21.

2.   Copies of all mathematical formulas or calculations relating to damages referenced in Interrogatory Number 17 above.

3.   Copies of all lists of never occupied units that resulted from employing the methodology for selection of units described in Interrogatory Number 22 above, and any documents that may be relied upon by Plaintiffs to support the validity of such methodology.

4.   Documents, including modified lists of never occupied units tested by Plaintiffs, which reflect any substitutions of such units for units described in Interrogatory Number 23 above which were initially selected for such testing through employing the methodology described by you in response to Interrogatory Number 22 above, and any documents that may be relied upon by Plaintiffs to support the validity of such substitutions.

5.   Copies of all test protocols referenced in Interrogatory Number 24 and any documents that may be relied upon by Plaintiffs to support the validity of such protocols.

6.   Copies of any documents, notes, correspondence, emails or other materials referencing modifications or variations to the test protocols referenced in Interrogatory Number 25 and any document relied upon Plaintiffs to explain or to support the validity of such modifications or variations.

7. Please have each named class representative sign the attached medical records release authorization.

8. Please provide a copy of each and every document or other item of evidence used by each Plaintiff/class representative in answering each Interrogatory propounded by Defendants.

        Respectfully submitted:

        /s/ Andrew D. Weinstock
        ANDREW D. WEINSTOCK #18495
        JOSEPH G. GLASS #25397
        Duplass, Zwain, Bourgeois, Morton,
        Pfister & Weinstock
        3838 N. Causeway Boulevard, Suite 2900
        Metairie, Louisiana 70002
        Telephone: (504) 832-3700
        Fax: (504) 837-3119
        ***DEFENSE LIAISON COUNSEL***

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has this date been served on all counsel of record in this proceeding by:

( )   Hand Delivery                    ( )   Prepaid U.S. Mail

( )   Facsimile                        ( )   Federal Express

( )   CM/ECF

New Orleans, Louisiana this _____ day of _____, 2008.

/s/ Andrew D. Weinstock
ANDREW D. WEINSTOCK