IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-4"<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE ROBY |

**THIS DOCUMENT IS RELATED TO ALL CASES**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF PROPOSED "STIPULATED PROTECTIVE ORDER"

*May it please the Court:*

The Plaintiffs' Steering Committee (PSC) diligently has been working with the defendants in this matter to confect a Protective Order agreeable to all parties which will facilitate the production of discovery documents in this matter which may contain confidential or otherwise sensitive information. The parties have succeeded in drafting a mutually acceptable Protective Order in all but two respects.

Exhibit 1 attached to the PSC's memorandum is a draft of the Protective Order with the disputed language highlighted. The disputed provisions are contained in paragraphs 3, 11 and 22. The language indicated in red underline in paragraph 3 has been suggested by the United States of America to which the manufacturing defendants object. The PSC takes no position with regard to

1

the insertion of this language.

The language highlighted in paragraphs 11 and 22 of Exhibit 1 is included in the PSC's version of the Protective Order sought to be approved and entered by the Court, to which the defendants object.  The plaintiffs take the position that it is the burden of the party which produced and designated a document as "confidential" to move to limit or exclude the use at trial or entry of the document into evidence at the trial of this matter.  The defendants object to the highlighted language, insisting that a party seeking to use or offer into evidence a document marked "confidential" must affirmatively seek Court-authority to so use the document.

The Federal Rules of Civil Procedure and Fifth Circuit jurisprudence both clearly establish that it is the party claiming privilege which has the burden when seeking protection from disclosure:

> A party asserting a privilege exemption from discovery bears the burden of demonstrating its applicability.[FN7] Federal Rule of Civil Procedure 26(b)(5) provides that a party claiming a privilege "shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." ...
>
> FN7. *See generally* 8 Charles Alan Wright & Richard L. Marcus, Federal Practice and Procedure § 2016.1 (2d ed.1994). *See also Hodges, Grant & Kaufmann,* 768 F.2d at 721. Fifth Circuit cases clearly hold that the privilege claimant's burden extends to proof of preliminary facts showing that the matter is eligible for protection. *See, e.g., United States v. Rodriguez,* 948 F.2d 914, 916 (5th Cir.1991) ( "As to the claimed violation of privilege, [defendant] has never indicated any document from the seized file which constituted a communication or described a communication between herself and her attorney. The burden of establishing privilege rests on the party who invokes it." ).

*In re Santa Fe Intern. Corp.*, 272 F.3d 705, 710 (5th Cir.  2001).

In this case, the parties have confected an agreed upon protective order in order to facilitate discovery. The defendants have complete discretion as to what documents they will designate as "confidential" under the stipulated protective order. This is in the nature of a "blanket" protective order, where documents are designated and produced without initial challenge to the designation. By its very nature, the stipulated "blanket" protective order is overinclusive. *See Holland v. Summit Autonomous, Inc*. 2001 WL 930879, * 4 (E.D.La. 2001). Under these circumstances, where the document designated in discovery as "confidential" is then sought to be used at trial by a non-producing party, the burden still resides with the producing party to establish the document's confidential nature. *Id.*

The jurisprudence further supports the PSC's position regarding the trade secrets privilege, as the burden for asserting and proving the factual basis for this, or any other asserted privilege falls upon the party seeking protection from disclosure. *See* 26 Charles Alan Wright, Kenneth W. Graham, Jr., FEDERAL PRACTICE & PROCEDURE EVIDENCE § 5652. It is also generally agreed that with respect to state secrets (although it is not believed the Government will be providing documents which fall under this privilege) the government has the burden of proof on all elements of the state secrets privilege. 26 Charles Alan Wright, Kenneth W. Graham, Jr., FEDERAL PRACTICE & PROCEDURE EVIDENCE § 5671.

For all of the foregoing reasons, the PSC avers that its version of the Stipulated Protective Order, attached to its Motion and marked "Exhibit A" should be entered by this Court.

            Respectfully submitted:

            **FEMA TRAILER FORMALDEHYDE**
            **PRODUCT LIABILITY LITIGATION**

BY: s/Gerald E. Meunier
**GERALD E. MEUNIER, #9471**
**PLAINTIFFS' CO LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522 2304
Facsimile: 504/528 9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522 2304
Facsimile: 504/528 9973
jwoods@gainsben.com

**COURT APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
RONNIE PENTON, #10462

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and

the notice of electronic filing by first class mail to all counsel of record who are non CM/ECF participants.

s/Justin I. Woods<br>
JUSTIN I. WOODS, #24713