UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  FEMA TRAILER FORMALDEHYDE PRODUCTSLIABILITY LITIGATION | MDL DOCKET 1873<br><br>SECTION "N" (4)<br><br>JUDGE ENGELHARDT<br><br>MAGISTRATE JUDGE ROBY |

**STIPULATED PROTECTIVE ORDER**

    WHEREAS the Parties wish to expedite and facilitate the production of documents in this matter, including commercially sensitive, trade secret, and proprietary information;

    WHEREAS it is the stated intent of the Parties to protect documents and information reasonably deemed by the party producing the documents or information to be commercially sensitive, trade secret, confidential and/or proprietary information from being used for any purpose other than in the current MDL litigation and also to prevent documents, declarations, testimony and any other information from being reviewed or disclosed to persons not authorized under this Stipulated Protective Order (hereinafter the "Order").

THEREFORE, it is hereby stipulated and agreed to, by and between the Parties through their respective counsel, and subject to the approval of this Court, that the following Order be entered in this matter:

1. When used in this Order, the following words shall have the following meanings:

(a) *"Documents"* means (1) all written, recorded or graphic matter whatsoever and information electronically stored and/or produced on computer disks or tapes, including all "writing" as the term is defined in Federal Rule of Civil Procedure 34(a) and (2) any copies, reproductions, or summaries of the foregoing, including microfilmed, imaged or electronic copies.

(b) *"Discovery Materials"* means (1) Documents or other information produced by any party or third person, whether pursuant to the Federal Rules of Civil Procedure, subpoena or by agreement, other than Documents which are publicly available; (2) interrogatory or other discovery responses; and (3) deposition testimony of any party or third person, taken in this action, exhibits thereto and/or any video or transcripts thereof, whether in written or computer format; and (4) all contents of the foregoing.

(c) *"Producing Party"* means any party or third person producing Discovery Materials, whether pursuant to the Federal Rules of Civil Procedure, subpoena or by agreement.

(d) *"Disclose"* (and any variant thereof) means to show, give, make available,

reproduce, or communicate any Discovery Materials, or any part or content thereof.

(e) *"Confidential Discovery Material"* means any Discovery Materials which are designated in good faith as "Confidential" by any party or third person. Confidential Discovery Materials include, but are not limited to, information or Documents that constitute or contain proprietary information such as costs, pricing, budgets, vendor, distribution, customer lists and data, distributor lists and agreements, personnel files and other private and personal information relating to employees, manufacturing procedures and standards, financial data, identity of suppliers, identity of manufacturers, trade secrets, consumer data, confidential research, business plans and strategies, marking plans and strategies and data, and other proprietary information not shared or disclosed to third-parties.

(f) *"Attorneys of Record"* means attorneys of record for any of the Parties to this action and members of the firm of the attorneys of record for the Parties.

2. Confidential Discovery Material produced by the Producing Party and designated as such shall be used solely for the purposes of this litigation. Otherwise, except by order of the Court or otherwise authorized or required by law, including for purposes of law enforcement or the enforcement of any laws, no Confidential Discovery Materials shall be used by any party other than the Producing Party for any other purpose, including, without limitation, any business or commercial purpose.

3. No Confidential Discovery Materials shall be disclosed to any person or entity

except in accordance with the terms, conditions, and restrictions of this Order or other than authorized or required by law, or for purposes of law enforcement or the enforcement of any laws.

    4.    Subject to the terms, conditions, and restrictions of this Order, Confidential Discovery Materials may be disclosed only to the following persons and only to the extent such persons have a legitimate need-to-know the particular Confidential Discovery Materials Disclosed to them:

    (a)    Persons employed by the Court and jury in connection with the handling of this action;

    (b)    Attorneys of Record;

    (c)    Employees of the Attorneys of Record working under the direct supervision of such Attorneys;

    (d)    Outside experts or consultants to the extent Attorneys of Record determine that such Disclosure is required to assist in the prosecution, defense or resolution of this action on a need-to-know basis, provided that prior to any disclosure the Attorney of Record must obtain such expert's or consultant's agreement to the Non-Disclosure Agreement described in paragraph five (5) below and maintain a copy of the executed Non-Disclosure Agreement at the offices of said Attorney of Record;

(e) Certified shorthand reporters and videotape operators for the purpose of recording the testimony of deposition witnesses and preparing a written or videotaped record of testimony;

(f) Any person who is the author or addressee of any Document or a person who, as a matter of record, has actually received any Document designated as Confidential other than through discovery or through attorney-client communications relating to litigation or legal advice; and

(g) Any other person who is designated by written stipulation of the Parties to have access to Confidential Discovery Materials, or by order of the Court after notice to all Parties upon a showing of good cause why such person shall be so designated and opposing parties have had an opportunity to be heard in opposition thereto.

5. Before Disclosing any Confidential Discovery Materials to any person specified in paragraphs 4(c), (d), (e), (g), above, discovering counsel shall advise said persons of this Order and said person must agree in writing to the Non-Disclosure Agreement attached hereto as Exhibit "A" which states that such persons agree (1) to be bound by the terms hereof, (2) to maintain and receive Confidential Discovery Materials in confidence, and (3) not to Disclose the received Confidential Discovery Materials to anyone other than in accordance with the terms of this Order. All deposition witnesses to whom Confidential Discovery Materials are Disclosed at

deposition are hereby ordered (1) to maintain the received Confidential Discovery Materials in confidence and (2) not to Disclose the received Confidential Discovery Materials to anyone other than in accordance with the terms of this Order. Each party shall maintain a file containing such certifications and upon good cause shown, forward those certifications to the Producing Party within fourteen (14) days of such request, with the exception of consulting experts that the party is not obligated to disclose under Federal Rule of Civil Procedure 26.

6.  Any party desiring to designate particular Discovery Materials as Confidential Discovery Material must place upon such materials in a conspicuous manner a marking which reads "CONFIDENTIAL".

7.  Discovery Material disclosed at a deposition may be designated by a party as Confidential by indicating on the record at the deposition, or subsequently in writing, that the specific part of the testimony and/or any exhibits marked for identification as Confidential and is subject to the provisions of the Order. In such situations, the questions and answers designated as Confidential may be transcribed separately from the remainder of the deposition. Counsel for any party may exclude from the room during any portion of a deposition any person not entitled under this Order to receive Confidential Discovery Material while such materials are being disclosed. A party may also designate Discovery Materials Disclosed at such depositions as Confidential by notifying all Parties in writing, within thirty (30) days of receipt of the transcript by the Attorneys of Record for the designating party, of the specific pages and lines of the

transcript that contain Confidential Discovery Material. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in his or her possession, custody or control. During such thirty (30) day period, all Discovery material shall be treated as Confidential. The designation of deposition testimony as Confidential will not *per se* deprive a party of the right to refer to such testimony, or offer it into evidence, at trial. But a party seeking to introduce deposition testimony designated as Confidential must seek leave of Court prior to referencing, displaying, discussing, and/or introducing such Confidential testimony.

      8.    Any documents containing designated Confidential Discovery Materials that are filed with the Court in connection with any pre-trial proceedings (*e.g.* memoranda, declarations or exhibits thereto) shall be filed or lodged under seal. Upon receipt of Documents containing designated Confidential Discovery Materials, the Clerk shall place the filing in a sealed envelope or other appropriately sealed container, which the requesting party shall furnish to the Clerk, on which shall be endorsed the title of this litigation, an indication of the nature of the contents of such envelope or other container, the notation "CONFIDENTIAL" and a statement that reads:

<u>In Re:  FEMA Trailer Formaldehyde Products Liability Litigation</u>

MDL 1873

CONFIDENTIAL

THIS ENVELOPE CONTAINS DOCUMENTS AND INFORMATION
SUBJECT TO A PROTECTIVE ORDER ISSUED BY THIS COURT, AND IT
IS NOT TO BE OPENED EXCEPT IN STRICT COMPLIANCE WITH THE
TERMS AND CONDITIONS OF SUCH PROTECTIVE ORDER.

9. By making any such Confidential Discovery Materials available during the course of this litigation, the Producing Party does not waive any trade secret or other confidential protection that might otherwise be afforded over those materials. Furthermore, by designating any Discovery Material "Confidential" the Parties do not acknowledge that any such Discovery Material is relevant or discoverable in this action. This Order shall not constitute a waiver of any right to seek discovery of, or alternatively to resist discovery of, any material in this action.

10. Inadvertent failure to designate Discovery Materials as Confidential at the time of production may be remedied by supplemental written notice, provided such notice is given within seven (7) calendar days of the party's discovery of the inadvertent disclosure. If such notice is given, the identified materials shall thereafter be fully subject to this Order as if they had initially been designated as Confidential Discovery Material, provided that there shall be no sanction for any use or disclosure of such material prior to designation. The inadvertent Disclosure by the Producing Party of Confidential Discovery Materials regardless of whether such material was so designated at the time of Disclosure shall not be deemed a waiver, in whole or in part, of a party's claim of confidentiality, either as to the specific Discovery Material Disclosed or as to any other Discovery materials relating thereto or on the same or related subject matter.

11. If a party receiving Confidential Discovery Materials desires to Disclose any part of them in any manner not in accordance with the terms of this Order, the party seeking to make

such Disclosure shall obtain the agreement of the Producing Party to so proceed or, in the absence of such agreement, shall seek the approval of the Court by way of a motion filed with the Court. Further, any party offering such document for trial must identify that document on the trial exhibit list. The producing party that is asserting the document is Confidential, bears burden of filing an appropriate motion in limine to either preclude use or request some other lesser action (such as redaction). ~~any party seeking to introduce Confidential Discovery Materials at trial must seek leave of court prior to referencing, displaying, discussin,g and/or introducing such Confidential Discovery Materials.~~

     12.    Inadvertent production of information or documents subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall notify the receiving party in writing of such inadvertent production within a three (3) business days after discovery of the inadvertent production. If notification is made within a three (3) business days after discovery, such inadvertently produced information or documents (including all copies thereof) as well as all notes or other work product reflecting the contents of such information or documents, shall be returned to the producing party or destroyed, upon request, and such retruned or destroyed material shall be deleted from any litigation support or other database. No use shall be made of such material during depositions or at trial, nor shall they be shown to anyone who was not given access to them prior to the request to return or

destroy then. The party returning such material may move the Court for an order compelling production of the material, but such motion shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent production.

13.     This Order is without prejudice to any party's right to assert the attorney-client, work-product, or other privileges or doctrines, or to any party's right to contest the designation of Confidential Discovery Materials.  However, a party wishing to contest the designation of any particular Discovery Material as being Confidential must object in writing, directed to the party designating the information as confidential, within thirty (30) days of the contesting party's receipt of the contested Discovery Materials.  If the parties cannot resolve their differences on the issue, the contesting party must move the Court for an order to that effect within thirty (30) days of its written objection to the producing party.  The party designating the information as Confidential shall have the burden of proof to establish that the information should be treated as Confidential pursuant to this Order. Any designated Confidential Discovery Materials shall remain as such under the terms of this Order until the Court makes a determination otherwise.

14.     All Discovery Materials provided by non-parties may be subject to the terms of this Order.  Such non-parties and/or the Parties may designate Discovery Materials as Confidential in accordance with this order.  Any designation by such non-parties shall have the same force and effect as if made pursuant to the terms of this Order.  The provisions of paragraph 12 relating to a challenge on the assertion of Confidential status shall apply to

Discovery Materials designated Confidential by non-parties.

15. At the conclusion of this litigation, including all appeals from any judgment or order entered by the Court or any retrial, at the written request of the Producing Party, the Discovering Party shall forward all executed Non-Disclosure Agreements, excluding those of non-designated experts / consultants and their respective staff members, to the Producing Party within thirty (30) days and, at the option of the Producing Party, within thirty (30) days either: (1) destroy all Discovery Materials, including but not limited to Confidential Discovery Materials, whether received or disseminated by such party and shall certify in writing that all such destruction has occurred; or (2) return all Discovery Materials received or disseminated, including but not limited to Confidential Discovery Materials, to the Producing Party and certify in writing that all such Discovery Materials have been returned. If the Producing Party is not notified of which option the Discovering Party has selected, it will be presumed that option (1) was chosen. However, in the event that any Confidential Discovery Materials are admitted as evidence at trial, that material remains with the Court's record and no party is under an obligation to return that material to the Producing Party.

16. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his or her client with respect to this litigation and, in the course thereof, referring to or relying upon his examination of Confidential Discovery Materials, provided, however, that in rendering such advice and in otherwise communicating with his client, the

–11–

attorney shall not Disclose the content of any Confidential Discovery Materials to anyone not entitled to receive such materials in accordance to this Order.

17. This Order shall be without prejudice to the right of the Parties or any third person to request additional protection under applicable laws for discovery requests hereafter by any party.

18. This Order is binding on all litigants and their counsel in matters docketed within MDL 1873, regardless of whether such actions or causes arose after the date of the entry of this Order. All actions subsequently transferred to MDL 1873, whether by action of the Judicial Panel on Multi-District Litigation or otherwise, will be subject to this Order upon expiration of the delay for objecting to the conditional transfer order, or upon acceptance by the MDL Court, whichever occurs earlier.

19. This Order shall continue to be binding after the conclusion of this litigation except that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of this Order. The Court shall retain jurisdiction to enforce or modify this Order.

20. Nothing contained in this Order shall preclude any party or representative of any party from using its own confidential information, documents, or materials in any manner it sees

fit, or from revealing such confidential information, documents, or materials to whomever it chooses (*e.g.*, production or disclosure outside of this litigation for the producing party's own business purposes), without the prior consent of any other party or the Court.

21.     Any non-party to this action may, for purposes of production of any materials or providing testimony during discovery, join this Order, if done in writing and upon notice to and consent from all counsel of record or upon further Order of the Court.  This Order will then protect the non-party's Confidential Information to the same extent as if it had been produced by a party, but the non-party will not acquire any right to access to information produced by any party.

22.     Should any document designated Confidential pursuant to this Order be admitted as evidence at any subsequent MDL proceeding and/or trial, the party offering such document must identify that document on the trial exhibit list. The producing party that is asserting the document is Confidential, bears burden of filing an appropriate motion in limine to either preclude use or request some other lesser action (such as redaction).

THUS DONE AND SIGNED this ____ day of July, 2008.

_____
Honorable Kurt D. Engelhardt

_____
United States District Judge

SO STIPULATED AND AGREED:
Dated: _____

_____
Michelle George Boyle
U.S. Department of Justice
Civil Division
1331 Pennsylvania Avenue, NW
Washington, DC 20004
202-616-4447
michelle.boyle@usdoj.gov
Attorney for United States of America

_____
James K. Carroll
Fowler Rodriguez (New Orleans)
400 Poydras St.
30th Floor
New Orleans, LA 70130
504-523-2600
jcarroll@frc-law.com
Attorney for _____
(Third Party Plaintiff)

*–14–*

_____
David Robert Kelly
Breazeale, Sachse & Wilson, L. L. P (Baton Rouge)
23rd Floor
P. O. Box 3197
Baton Rouge, LA 70821
225-387-4000
drk@bswllp.com
Attorney for _____
(Third Party Plaintiff)


_____
Gerald Edward Meunier
Gainsburgh, Benjamin, David, Meunier & Warshauer
Energy Centre
1100 Poydras St.
Suite 2800
New Orleans, LA 70163-2800
504-522-2304
504-528-9973 (fax)
gmeunier@gainsben.com
Attorney for _____
Plaintiffs' Liaison Counsel


_____
Henry Thomas Miller
Dept. of Justice, Civil Division, Torts Branch
P.O. Box 340
Ben Franklin Station
Washington, DC 20044
202-616-4223
henry.miller@usdoj.gov
Attorney for  United States of America

*−15−*

_____
Andrew D. Weinstock
Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock
Three Lakeway Center
3838 N. Causeway Blvd.
Suite 2900
Metairie, LA 70002
504-832-3700
andreww@duplass.com
Defendants' Liaison Counsel

_____
Justin I. Woods
Gainsburgh, Benjamin, David, Meunier & Warshauer
Energy Centre
1100 Poydras St.
Suite 2800
New Orleans, LA 70163-2800
504-522-2304
jwoods@gainsben.com
Plaintiffs' Liaison Counsel

**EXHIBIT "A"**

**NON-DISCLOSURE AGREEMENT**

I, _____, hereby certify my understanding that Confidential or Restricted Discovery Materials are being provided to me pursuant to the terms and restrictions of an Order entered by order of the United States District Court for the Eastern District of Louisiana (the "Court") in connection with an action entitled *In Re: FEMA Trailer Formaldehyde Products Liability Litigation*, MDL _ 1873.

I further certify that I have been provided a copy of and have read the Order and hereby agree to subject myself to the jurisdiction of the Court for purposes of enforcement of the terms and restrictions of the Order. I understand that intentional and deliberate violation of the Order is punishable as contempt of court.

Dated:_____    _____
                                                            Signature