UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY | * | SECTION "N-4" |
| LITIGATION | * | |
| | * | JUDGE: ENGELHARDT |
| This Document is Related to All Cases | * | MAG: ROBY |
| | * | |
| | * | |
| | * | |

**********************************************************************

## The Manufacturing Defendants' Response to Plaintiffs' Motion for Entry of the Proposed Stipulated Protective Order (Doc. Rec. No. 538)

**May It Please The Court:**

### Introduction

The Manufacturing Defendants object to the two provisions requested by the Government and the Plaintiffs for the Stipulated Protective Order. The Manufacturing Defendants first object to the overbroad language allowing any party to circumvent this Court and produce confidential documents with no oversight as proposed in Paragraph 3. The Manufacturing Defendants further object to the burden being on the Producing Party to move at the time of trial to exclude or redact any confidential document that any opposing party places on an exhibit list. The Manufacturing Defendants are not objecting, however, to the Producing Party bearing the burden of showing that it appropriately designated a document as confidential. To the extent that Plaintiffs argue otherwise, they misunderstand the Manufacturing Defendants' objections.

## Argument and Citation of Authority

**I.      No Party Should Be Permitted To Circumvent This Court And Disclose Confidential Documents Produced In This Litigation Without This Court's Approval.**

Paragraph 3 of Plaintiffs' Proposed Stipulated Protective Order is drafted with such broad language that it would permit any party to unilaterally decide that confidential documents could be disclosed merely by that party believing it is authorized to do so by law. As stated by Plaintiffs, the provision that the government is requesting (and which Plaintiffs state they take no position on[1]) states:

> No Confidential Discovery Materials shall be disclosed to any person or entity except in accordance with the terms, conditions, and restrictions of this Order <u>or other than authorized or required by law, or for purposes of law enforcement or the enforcement of any laws.</u>

The Manufacturing Defendants, however, propose that Paragraph 3 state:

> No Confidential Discovery Materials shall be disclosed to any person or entity except in accordance with the terms, conditions, and restrictions of this Order.

The language proposed by the Manufacturing Defendants would not permit any party to circumvent the authority of this Court to control the distribution of confidential documents that are produced in this litigation. Under Paragraph 4(g) of the proposed Stipulated Protective Order, others may be authorized to have access to confidential documents if the parties so stipulate or if this Court orders such access. Paragraph 4(g) provides the procedure that any party can use if it believes that confidential documents should be disclosed. It provides a safeguard by permitting the Producing Party to have notice and an opportunity to be heard should any other party desire to disclose its confidential documents. There is no prejudice in asking that all parties be governed

---

[1] Pls.' Mem. at 1 (Doc. Rec. No. 538).

by that procedure. Moreover, by maintaining the Court in this role, it will assure all parties a level of confidence that whether confidential documents should be disclosed to others is being decided by an impartial Court and not by the whim of one party that could unilaterally—and without notice—disclose confidential information based on a belief (formed without notice to the Producing Party or the Court) that it is "authorized by law."

This broad language, which is subject to different interpretation by different entities, takes away any protection afforded by the proposed protective order. It could permit documents produced in this litigation to be disclosed without oversight by this Court. Because of the prejudice that could result to Producing Parties, the narrower language sought by the Manufacturing Defendants should be used for the Stipulated Protective Order.

### II. At The Time Of Trial The Party Seeking To Introduce Confidential Information Should Have The Burden To Seek Leave To Use That Information.

The provisions sought in Paragraphs 11 and 22 by the government and Plaintiffs impose a burden on the Producing Party to file a motion at the time of trial to preclude or limit use of any confidential document that any opposing party places on an exhibit list. That burden, however, properly lies on the party that is seeking to use the confidential information and knows how it intends to use it. The Manufacturing Defendants are not arguing, as Plaintiffs' brief indicates, that the burden to show that the "Confidential" designation is appropriate should shift to the party seeking to use that information.[2] Additionally, the Manufacturing Defendants are seeking a provision that if any confidential document is used at trial that the Producing Party may request

---

[2] Indeed, paragraph 13 of the proposed Stipulated Protective Order, to which the Manufacturing Defendants do not object, already places that burden on the party designating information as confidential: "The party designating the information as Confidential shall have the burden of proof to establish that the information should be treated as Confidential pursuant to this Order."

that the "Confidential" designation be removed before the document is presented to a jury.

Paragraphs 11 and 22, as sought by the government and Plaintiffs contain the same provision:

> 11. If a party receiving Confidential Discovery Materials desires to Disclose any part of them in any manner not in accordance with the terms of this Order, the party seeking to make such Disclosure shall obtain the agreement of the Producing Party to so proceed or, in the absence of such agreement, shall seek the approval of the Court by way of a motion filed with the Court. Further, <u>any party offering such document for trial must identify that document on the trial exhibit list. The producing party that is asserting the document is Confidential, bears burden of filing an appropriate motion in limine to either preclude use or request some other lesser action (such as redaction).</u>
>
> 22.    Should any document designated Confidential pursuant to this Order be admitted as evidence at any subsequent MDL proceeding and/or trial, <u>the party offering such document must identify that document on the trial exhibit list. The producing party that is asserting the document is Confidential, bears burden of filing an appropriate motion in limine to either preclude use or request some other lesser action (such as redaction).</u>

The Manufacturing Defendants would like those paragraphs to read as follows:

> 11.    If a party receiving Confidential Discovery Materials desires to Disclose any part of them in any manner not in accordance with the terms of this Order, the party seeking to make such Disclosure shall obtain the agreement of the Producing Party to so proceed or, in the absence of such agreement, shall seek the approval of the Court by way of a motion filed with the Court. Further, <u>any party seeking to introduce Confidential Discovery Materials at trial must seek leave of court prior to referencing, displaying, discussing, and/or introducing such Confidential Discovery Materials.</u>
>
> 22.    Should any document designated Confidential pursuant to this Order be admitted as evidence at any subsequent MDL proceeding and/or trial, <u>the party offering such document will, upon request of opposing counsel, remove, redact or otherwise conceal the Confidential designation and will use only such form of the document before the jury.</u>

The provisions sought by the government and Plaintiffs ignore another provision in the

proposed Stipulated Protective Order. In Paragraph 13, parties are provided with a procedure to contest the Confidential designation of any document. Therefore, if a party receiving Confidential Discovery Materials has reason to believe that something marked Confidential should not have been marked Confidential, then that party can (within 30 days of receiving the material) object to the Producing Party. If the parties cannot resolve their differences, then the party challenging the designation must move the Court for an order as to the nature of a particular document. In that paragraph, the burden to establish the confidential nature of the documents is placed squarely on the Producing Party. This provision promotes efficiency among the parties and adjusts the parties' expectations regarding which documents should be designated confidential throughout the litigation, rather than waiting until the time of trial and overwhelming the parties and the Court with challenges to Confidential designations and use of confidential documents. Each party needs to be evaluating its case throughout litigation and timely objecting to any perceived inappropriate Confidential designations in order to resolve objections pre-trial so that discovery can proceed efficiently and smoothly.

Given this procedure, in which the party seeking to use confidential documents has already had an opportunity to object to confidential designations, the burden should not be placed on the Producing Party at the time of trial to challenge the use of confidential documents. By the time of trial, the question to be resolved by the parties (or addressed by the Court) should not be whether a Confidential designation is appropriate; rather it should be whether confidential information should be redacted or removed. Because that should be the issue, the burden to seek leave—not the burden to establish the confidential nature of the document—should be on the party seeking to use the information to introduce such confidential information. In *Holland v.*

*Summit Autonomous, Inc.*, cited by Plaintiffs, the magistrate judge addressed this very issue of which party should bring the motion and agreed with the Manufacturing Defendants on this point:

> Directing the party who challenges the designation to bring the motion is not overly burdensome. The same procedure is often utilized with respect to documents labeled as protected by attorney-client or work product privilege. Forcing the producing party to file a motion as to those documents to which the parties cannot agree would be of little benefit to the receiving party as that party would still have to respond in writing.

*Holland v. Summit Autonomous, Inc.*, No. 00-2313 Section "C"(3), 2001 U.S. Dist. LEXIS 12659, at *14 n.7 (E.D. La. Aug. 13, 2001).[3] The party seeking to use the information best knows how it intends to use the information and should first articulate the use before the Producing Party should have to respond. This procedure clarifies the arguments that will be presented to the Court.

Not only would this procedure clarify the parties' arguments, but it would limit the number of motions that would be brought before the Court. The party seeking to use the confidential information would only bring a motion for those documents that are critical to its case. But if the burden were on the Producing Party to bring a separate motion on each confidential document simply listed on an exhibit list, the Court would likely be inundated with motions on confidentiality at the time of trial. The Producing Party would be forced to write a very general motion addressing the confidential nature of the document and would not be able to tailor it to the use sought by the receiving party—promoting inefficiency among the parties and the Court. Therefore, the language sought by the Manufacturing Defendants should be adopted for the Stipulated Protective Order.

---

[3] The district court affirmed the magistrate judge's decision. *See Holland v. Summit Tech., Inc.*, No. 00-2313 Section "C"(3), 2001 U.S. Dist. LEXIS 15732 (E.D. La. Sept. 21, 2001).

## Conclusion

For the reasons stated above, the Manufacturing Defendants request that the language they seek be approved for the Stipulated Protective Order. By using the language that the Manufacturing Defendants request, no prejudice would result to any party. Moreover, this Court would retain more control and the parties could be more efficient in conducting discovery.

**DUPLASS, ZWAIN, BOURGEOIS,**
**PFISTER & WEINSTOCK**

s/Andrew D. Weinstock

**ANDREW D. WEINSTOCK #18495**
**JOSEPH G. GLASS #25397**
3838 N. Causeway Blvd., Suite 2900
Metairie, LA 70002
(504) 832-3700
**DEFENSE LIAISON COUNSEL**

## C E R T I F I C A T E

I hereby certify that on the 18th day of July, 2008, a copy of the foregoing Manufacturing Defendants' Response to Plaintiffs' Motion for Entry of the Proposed Stipulated Protective Order (Doc. Rec. No. 539) was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

s/Andrew D. Weinstock

ANDREW D. WEINSTOCK #18495
andreww@duplass.com