**VIA U.S. MAIL AND ELECTRONIC MAIL**

Matthew B. Moreland
Becnel Law Firm, LLC
106 West Seventh Street
P.O. Drawer H
Reserve, Louisiana 70084

      Re:    *In Re: FEMA Trailer Formaldehyde Product Liability Litigation*
              MDL 1873
              Class Representative Plaintiff Fact Sheets

Dear Matthew:

      I am writing on behalf of the Manufacturing Defendants pursuant to Pretrial Order No. 2 concerning deficiencies in the Plaintiffs' recent production of the Plaintiff Fact Sheets (PFS). As you know, the PFS for the first round of the proposed class representatives were due to be served, fully executed and verified, on July 1, 2008. However, I did not receive one of the PFS until July 3, 2008.

      Given the court-mandated deadlines each party faces in preparing for the class certification hearing in November, it is imperative that the Defendants be timely provided with complete information and that this information be personally verified by each individual Plaintiff. Globally, none of the identified class representatives produced the provider-specific medical authorizations or a sufficient number of blank medical authorizations as requested in Section IX of the PFS. Furthermore, not one the identified class representatives produced an executed authorization for the release of social security disability records or for the release of workers' compensation records.

      In addition, the specific PFS deficiencies we have noted are as follows:

**Christopher Alfonso, Jr. (D'Amico Law Firm)**

1. Did not provide copies of medical records as required in Section VIII(A).
2. Did not provide copies of Standard Form 95, which plaintiff indicated was in his possession in Section VIII(B).

**Stephen A. Alfonso (D'Amico Law Firm)**

1. Did not provide medical and/or pharmacy records, which he indicated were in his possession in Section VIII(A).
2. Did not provide Standard Form 95, which he indicated were in his possession in Section VIII(B).
3. Did not sign the completed PFS as presented to Defense Liaison Counsel. As evidenced by Shirley La Beau's PFS, explained below, it is important that each individual plaintiff

EXHIBIT A

      certify that the information they have given their attorney has been correctly converted to type-written format.
4. Did not sign the Privacy Act Release.

### Heavenly Beasley (Buzbee Law Firm)

1. Did not state understanding of illness or disease alleged as required in Section III(C)(2).
2. Did not state date when alleged injury or disease first occurred as required in Section III(C)(5).
3. Please clarify that the information provided in Section III(C)(8) is related to the alleged mental and/or emotional damages.
4. Did not indicate whether plaintiff lived in a travel trailer or mobile home as required in Section V(A)(5).
5. Did not provide the information requested in Section V(A)(11).
6. Did not provide the information requested in Section V(A)(12).
7. Did not state who performed air quality testing as required in Section (V)(C).
8. Did not indicate the reason for fumigation as required in Section V(C).
9. Did not indicate where the plaintiff's father smoked while plaintiff was living the FEMA housing unit as required in Section VI(D)(3).
10. Did not respond to Section VII(C) as required where the plaintiff is making a claim for psychological or emotional problems.
11. Did not provide a response to Section VII(D).
12. Did not provide a response to Section VIII(A).
13. Did not provide a response to Section VIII(B).
14. Did not provide a response to Section VIII(C).
15. Did not provide a response to Section VIII(D).
16. Did not provide a response to Section VIII(E).
17. Did not provide an address for plaintiff's current primary care physician as required by Section IX(A).
18. Did not provide any additional healthcare provider, hospital, or pharmacy where plaintiff received medical care or dispensed medication as required by Section IX(B) through (F).
19. Did not sign the certification.
20. Did not sign a HIPAA authorization for medical records.
21. Did not sign a HIPAA authorization for psychological/psychiatric records as required for plaintiffs making a claim for emotional distress.
22. Did not sign the Privacy Act Release.

### Dianne H. Brown (D'Amico Law Firm)

1. Did not state amount of claim for medical expenses as required in Section III(C)(9).
2. Did not provide Bar Code Number on FEMA housing unit as required in Section V(A)(4).
3. Please clarify information provided in Section VI(D). Plaintiff indicates someone in the FEMA housing unit smoked for one year, but indicates n/a for amount smoked and relationship to the smoker.

4. Did not provide treatment received or comprehensible date of treatment as required in Section VII(B).
5. Did not provide medical and/or pharmacy records, which she indicated were in her possession in Section VIII(A).
6. Did not provide Standard Form 95, which she indicated were in her possession in Section VIII(B).
7. Did not provide medical bills, which she indicated were in her possession in Section VIII(D).

**Joan Reddick Culler (Buzbee Law Firm)**

1. Did not provide place decedent died as required in Section III(A)(8).
2. Handwritten response in Section III(C)(8) is illegible.
3. Did not state amount of claim for medical expenses as required in Section III(C)(9).
4. Did not provide medical and/or pharmacy records, which plaintiff indicated was in his possession in Section VIII(A).
5. Did not provide Standard Form 95, which plaintiff indicated was in his possession in Section VIII(B).
6. Did not provide test results, which plaintiff indicated was in his possession in Section VIII(C).
7. Did not provide medical bills, which plaintiff indicated was in his possession in Section VIII(D).
8. Did not provide decedent's death certificate, which plaintiff indicated was in his possession in Section VIII(F).
9. Did not provide decedent's name, date of birth, or social security as required on the HIPAA authorization for medical records.
10. Did not provide decedent's name, date of birth, or social security as required on the HIPAA authorization for psychological/psychiatric records.

**Jerome A. Culler (Buzbee Law Firm)**

1. Did not state amount of claim for medical expenses as required in Section III(C)(9).
2. Did not provide Standard Form 95, which plaintiff indicated was in his possession in Section VIII(B).
3. Did not provide test results, which plaintiff indicated was in his possession in Section VIII(C).

**Timia Dubuclet (D'Amico Law Firm)**

1. Did not provide dates of fumigation as required in Section V(C).
2. Did not provide Standard Form 95, which plaintiff indicated was in her possession in Section VIII(B).
3. Did not sign the completed PFS as presented to Defense Liaison Counsel. As evidenced by Shirley La Beau's PFS, explained below, it is important that each individual plaintiff certify that the information they have given their attorney has been correctly converted to type-written format.

Matthew B. Moreland, Esq.
Page 4

### Rommel Griffin (Buzbee Law Firm)

1. Did not state amount of claim for medical expenses as required in Section III(C)(9).
2. Did not provide medical and/or pharmacy records, which plaintiff indicated was in his possession in Section VIII(A).
3. Did not provide Standard Form 95, which plaintiff indicated was in his possession in Section VIII(B).
4. Did not sign the completed PFS as presented to Defense Liaison Counsel. As evidenced by Shirley La Beau's PFS, explained below, it is important that each individual plaintiff certify that the information they have given their attorney has been correctly converted to type-written format.

### Damian J. Hargrove Jr. (D'Amico Law Firm)

1. Did not state amount of claim for medical expenses as required in Section III(C)(9).
2. Did not provide date of illness indicated in Section VI(F)(4).
3. Did not sign the completed PFS as presented to Defense Liaison Counsel. As evidenced by Shirley La Beau's PFS, explained below, it is important that each individual plaintiff certify that the information they have given their attorney has been correctly converted to type-written format.
4. Did not date the certification. Manufacturing Defendants need to know as of what date the information provided by each plaintiff was current.

### Leroy Hargrove (D'Amico Law Firm)

1. Did not state amount of claim for medical expenses as required in Section III(C)(9).
2. Did not provide the treatment received on July 12, 2007 or June 8, 2007 as indicated in Section VII(B).
3. Did not provide the date of treatment or type of treatment received in the final entry of Section VII(B).
4. Did not provide medical and/or pharmacy records, which plaintiff indicated was in his possession in Section VIII(A).
5. Did not provide Standard Form 95, which plaintiff indicated was in his possession in Section VIII(B).
6. Did not provide test results, which plaintiff indicated was in his possession in Section VIII(C).

### Orlando Jaimevadi (D'Amico Law Firm)

1. Did not provide income from employment for each of the last five years as required in Section IV(F)(3).
2. Did not provide VIN as required in Section V(A)(2).
3. Did not provide FEMA Identification No. as required in Section V(A)(3).
4. Did not provide response to Section V(A)(5).
5. Did not provide response to Section V(D).

Matthew B. Moreland, Esq.
Page 5

6. Did not indicate treatment received as required in Section VII(B).
7. Did not provide Standard Form 95, which plaintiff indicated was in his possession in Section VIII(B).
8. Did not sign the completed PFS as presented to Defense Liaison Counsel. As evidenced by Shirley La Beau's PFS, explained below, it is important that each individual plaintiff certify that the information they have given their attorney has been correctly converted to type-written format.
9. Please provide a correctly executed HIPAA authorization for medical records immediately. Plaintiff filled in the blank indicating the authorized law firm with his own counsel's name.
10. Please provide a correctly executed authorization for release of employment records immediately. Plaintiff filled in the blank indicating the authorized law firm with his own counsel's name.

### Bobby Sue James (Buzbee Law Firm)

1. Did not state amount of claim for medical expenses as required in Section III(C)(9).
2. Did not provide the FEMA Identification Number for her unit as required in Section V(A)(2).
3. Did not identify the person or entity that performed testing on her unit as required in Section V(B).
4. Did not provide copies of Standard Form 95, which plaintiff indicated was in her possession in Section VIII(B).
5. Did not provide copies of test results on her FEMA unit, which plaintiff indicated was in her possession in Section VIII(C).
6. Did not provide the full address for current and past primary care physicians listed in Section IX(A) and (B).
7. Did not provide the full address for hospitals, clinics, or health care facilities where plaintiff sought treatment in the last seven years as required by Section IX(D).

### Tevin Jefferson (Buzbee Law Firm)

1. Did not state amount of claim for medical expenses as required in Section III(C)(9).
2. Did not indicate treatment received as required in Section VII(B).
3. Did not provide Standard Form 95, which plaintiff indicated was in her possession in Section VIII(B).
4. Did not provide test results, which plaintiff indicated was in her possession in Section VIII(C).

### Shirley La Beau (D'Amico Law Firm)

1. Did not provide Standard Form 95, which plaintiff indicated was in her possession in Section VIII(B).
2. Did not sign the completed PFS as presented to Defense Liaison Counsel. The importance of this requirement is illustrated by Ms. La Beau's PFS. Plaintiffs' counsel submitted a typed PFS that was not certified by Ms. La Beau. In that typed PFS, Section

Matthew B. Moreland, Esq.
Page 6

      VIII(F) reads "n/a"; however, a signed final page of the PFS also provided by plaintiffs' counsel clearly shows that Ms. La Beau handwrote <u>three</u> <u>separate</u> pharmacies in Section VIII(F). This begs the question of what other omissions and/or errors may be inadvertently or otherwise plaguing the PFS submitted by plaintiffs' counsel that have not been certified by each individual plaintiff in their final format.

### **Coren Michael Lightell (Buzbee Law Firm)**

1. Did not provide a response to Section II(B).
2. Did not provide a response to Section II(C).
3. Did not provide a response to Section II(D).
4. Did not provide a response to Section II(E).
5. Did not provide a response to Section III(A)(3).
6. Did not provide a response to Section III(A)(4).
7. Did not provide a response to Section III(C)(2).
8. Did not provide a response to Section IV(A).
9. Did not provide a response to Section IV(B).
10. Did not provide a response to Section IV(E).
11. Did not provide a response to Section IV(A) [inadvertently misnumbered in the PFS as the second Section IV].
12. Did not provide a response to Section V(A)(1). Plaintiff indicates "same" to the left of this section. It is not the Defendants' responsibility to attempt to match up any of the plaintiffs' information. Indeed, such an exercise would frequently be futile: there are plaintiffs with the same names, similar names, illegible names, and blood relatives with completely different names. Rather, it is the plaintiffs' duty to provide proper and complete responses to every question in every PFS.
13. Did not provide a response to Section V(A)(2).
14. Did not provide a response to Section V(A)(3).
15. Did not provide a response to Section V(A)(4).
16. Did not provide a response to Section V(A)(5).
17. Did not provide a response to Section V(A)(6).
18. Did not provide a response to Section V(A)(7).
19. Did not provide a response to Section V(A)(8).
20. Did not provide a response to Section V(A)(9).
21. Did not provide a response to Section V(A)(10).
22. Did not provide a response to Section V(A)(11).
23. Did not provide a response to Section V(A)(12).
24. Did not provide a response to Section V(A)(13).
25. Did not provide a response to Section V(A)(14).
26. Did not provide a response to Section V(A)(15).
27. Did not provide a response to Section V(A)(16).
28. Did not provide a response to Section V(A)(17).
29. Did not provide a response to Section V(A)(18).
30. Did not provide a response to Section V(A)(19).
31. Did not provide a response to Section V(A)(20).
32. Did not provide a response to Section V(B).

33. Did not provide a response to Section V(C).
34. Did not provide a response to Section V(D).
35. Did not provide a response to Section V(E).
36. Did not provide a response to Section VI(C).
37. Did not provide a response to Section VI(D).
38. Did not provide an address or phone number for the medical provider as required in Section VII(b).
39. Did not provide Standard Form 95, which plaintiff indicated was in her possession in Section VIII(B).
40. Did not provide an address for the pharmacies listed in Section VIII(F).
41. Did not provide social security number as required for the HIPAA authorization.

### Lakeesha N. Lightell (Buzbee Law Firm)

1. Did not identify the VIN number for her unit as required in Section V(A).
2. Did not sufficiently describe the testing performed on her unit, including providing the day, month and year of the testing or the person who performed the testing as required in Section V(B).
3. Did not provide copies of medical records, which plaintiff indicated were in her possession in Section VIII(A).
4. Did not provide copies of Standard Form 95, which plaintiff indicated was in her possession in Section VIII(B).
5. Did not provide copies of test results performed on her FEMA unit, which plaintiff indicated was in her possession in Section VIII(C).
6. Did not provide copies of medical bills, which plaintiff indicated was in her possession in Section VIII(D).
7. Did not sign the completed PFS as presented to Defense Liaison Counsel. As evidenced by Shirley La Beau's PFS, explained above, it is important that each individual plaintiff certify that the information they have given their attorney has been correctly converted to type-written format.

### Mary London (Buzbee Law Firm)

1. Did not state amount of claim for medical expenses as required in Section III(C)(9).
2. Did not provide a response to Section IV(A). Plaintiff indicates "see Mom's" as a response to this section. It is not the Defendants' responsibility to attempt to match up any of the plaintiffs' information. Indeed, such an exercise would frequently be futile: there are plaintiffs with the same names, similar names, illegible names, and blood relatives with completely different names. Rather, it is the plaintiffs' duty to provide proper and complete responses to every question in every PFS.
3. Did not provide FEMA Identification No. as required by Section V(A)(3).
4. Please clarify response to Section V(D). Plaintiff indicates no repairs were performed on the FEMA housing unit, but then indicates "AC". If the AC was repaired, please provide the date as required by this section.
5. Did not provide a response to Section VII(C) as required of plaintiffs making a claim for emotional distress.

Matthew B. Moreland, Esq.
Page 8

6. Did not provide medical records, which plaintiff indicated was in her possession in Section VIII(A).
7. Did not provide Standard Form 95, which plaintiff indicated was in her possession in Section VIII(B).
8. Did not provide test results, which plaintiff indicated was in her possession in Section VIII(C).
9. Did not provide medical bills, which plaintiff indicated was in her possession in Section VIII(D).
10. Did not provide questionnaire, which plaintiff indicated was in her possession in Section VIII(E).

**<u>Darren Madison (Counsel Unknown)</u>**

1. Did not complete any of the "Personal Information" section of the form, although it appears the form was completed for Darren Madison, presumably a minor (Section II).
2. Did not provide any of the required information for Section III(A) or (B).
3. Did not complete Section III(C)(1) indicating whether Darren Madison was claiming that he developed disease or illness as a result of formaldehyde exposure.
4. Did not complete Section III(C)(7).
5. Did not complete Section III(C)(8).
6. Did not complete Section III(C)(9).
7. Did not complete Section IV(A)-(B),(D),(E),(F) or (G).
8. Did not complete Sections IV [inadvertently misnumbered in the PFS as the second Section IV] or V.
9. Did not complete Section VI.
10. Did not provide the address and telephone number for the doctor identified in Section VIII.
11. Did not identify the health care professional who indicated the complained of illnesses were related to living in a FEMA trailer as required in Section VII(D).
12. Did not provide copies of medical records, which plaintiff indicated was in his possession in Section VIII(A).
13. Did not provide copies of Standard Form 95, which plaintiff indicated was in his possession in Section VIII(B).
14. Did not provide copies of test results related to the FEMA unit, which plaintiff indicated was in his possession in Section VIII(C).
15. Did not provide copies of bills from health care providers related to medical expenses, which plaintiff indicated was in his possession in Section VIII(D).
16. Did not provide the full names, addresses and other information for medical providers in the last seven years as required in Section IX.
17. Did not provide HIPAA authorization for the release of medical records.
18. Did not provide HIPAA authorization for the release of psychological/psychiatric records required of plaintiffs making a claim for emotional distress.
19. Did not provide a Privacy Act Release form.

Matthew B. Moreland, Esq.
Page 9

### Adrina McCray (Buzbee Law Firm)

1. Did not provide complete addresses for each employers in the last ten years as required in Section IV(F).
2. Did not provide the Manufacturer's name or proper VIN number for FEMA unit as required in Section V(A).
3. Did not provide the date of testing as required in Section V(B).
4. Did not provide copies of medical records, which plaintiff indicated were in her possession in Section VIII(A).
5. Did not indicate whether plaintiff completed Standard Form 95 or provide a copy of that form as required in Section VIII(B).
6. Did not provide copies of bills from health care providers related to her medical expenses, which plaintiff indicated were in her possession in Section VIII(D).
7. Did not provide the name of doctors or healthcare providers who provided treatment to plaintiff in the last seven years as required in Section IX(E).
8. Did not execute certification.
9. Did not provide a HIPAA authorization for the release of medical records.
10. Did not provide a HIPAA authorization for the release of psychological/psychiatric records as required of plaintiffs making a claim for emotional distress.
11. Did not provide a Privacy Act Release form.

### Stephanie A. Pizani (Counsel Unknown)

1. Did not provide name of attorney/law firm as required in Section III(B).
2. Did not provide a response to Section V(A)(2).
3. Did not provide a response to Section V(A)(3).
4. Did not provide a response to Section V(A)(4).
5. Part of response to Section V(C) is illegible. Please provide complete dates for fumigation.
6. Did not provide treatment received in either entry for Section VII(B).
7. Did not provide a comprehensible date for treatment dates in Section VII(B).
8. Did not provide Standard Form 95, which plaintiff indicated was in her possession in Section VIII(B).
9. Did not provide a complete name, address, admission date, or reason for admission in Section IX(D).
10. Did not sign the completed PFS as presented to Defense Liaison Counsel. As evidenced by Shirley La Beau's PFS, explained above, it is important that each individual plaintiff certify that the information they have given their attorney has been correctly converted to type-written format.

### Heather L. Robertson-Durand (Buzbee Law Firm)

1. Did not state amount of claim for medical expenses as required in Section III(C)(9).
2. Despite making a claim for lost wages, plaintiff did not provide either the amount of time allegedly lost from work nor the amount of income allegedly lost as required in Section IV(F)(3)(b).

Matthew B. Moreland, Esq.
Page 10

3. Did not provide FEMA Identification No. as required in Section V(A)(3).
4. Did not provide Bar Code Number on FEMA housing unit as required in Section V(A)(4).
5. Did not state treatment received for any of the three entries in Section VII(B).
6. Did not provide test results, which plaintiff indicated was in her possession in Section VIII(C).
7. Did not sign the completed PFS as presented to Defense Liaison Counsel. As evidenced by Shirley La Beau's PFS, explained above, it is important that each individual plaintiff certify that the information they have given their attorney has been correctly converted to type-written format.
8. Did not provide an executed HIPAA authorization for medical forms.
9. Did not provide an executed HIPAA authorization for psychological/psychiatric records as required by plaintiffs making a claim for emotional distress.
10. Did not provide an executed authorization for the release of employment records as required by plaintiff making a claim for lost wages.
11. Did not provide executed Privacy Act Release form.

### Rayfield Robinson Jr. (D'Amico Law Firm)

1. Please confirm that the amount of medical expenses plaintiff is claiming in Section III(C)(9) is $2.
2. Did not provide the dates that Magic and Holly Robinson lived in the FEMA housing unit as required in Section V(E).
3. Did not indicate whether Magic Robinson and/or Holly Robinson are making personal injury claims as required in Section V(E).
4. Did not state treatment received as required in Section VII(B). Furthermore, date of treatment is nonsensical.
5. Did not provide Standard Form 95, which plaintiff indicated was in his possession in Section VIII(B).
6. Did not provide medical bills, which plaintiff indicated was in his possession in Section VIII(D).
7. Did not sign the completed PFS as presented to Defense Liaison Counsel. As evidenced by Shirley La Beau's PFS, explained above, it is important that each individual plaintiff certify that the information they have given their attorney has been correctly converted to type-written format.

### Dakyre Smith (Buzbee Law Firm)

1. Did not state the amount of the claim for medical expenses requested in Section III(C)(9).
2. Did not indicate the sex of Dakyre Smith in Section IV(D).
3. Did not complete Section V(A)(1)-(4),(6)-(13), (19), (B) or (E).
4. Did not complete Section VI(F)(3).
5. Did not provide a street address for the doctor listed in Section VII(B).
6. Did not complete any of Section VIII, nor did plaintiff provide any records with the form (i.e., medical records, medical bills, test results, Standard Form 95's).

Matthew B. Moreland, Esq.
Page 11

7. Did not identify a single healthcare provider, hospital, or pharmacy as required in Section IX.
8. Did not execute certification.
9. Did not provide a HIPAA authorization for the release of medical records.
10. Did not provide a HIPAA authorization for the release of psychological/psychiatric records required of plaintiffs claiming emotional distress.
11. Did not execute Privacy Act Release form.

**Sherri Thomas (Buzbee Law Firm)**

1. Did not provide a full name, address and telephone number for the psychological and/or psychiatric treatment she allegedly received as indicated in Section III(C)(8).
2. Did not specify the amount of claim for medical expenses required in Section III(C)(9).
3. Did not identify the manufacturer, VIN number, FEMA Identification Number, or FEMA Bar Code Number for FEMA unit as required in Section V(A).
4. Did not provide the name, address, phone number or treatment received for the doctors listed in Section VII(B).
5. Did not adequately describe "Doctor Z" or the Tulane Hospital doctors listed in Section VII(C) and (D).
6. Did not provide copies of medical records, which plaintiff indicated was in her possession in Section VIII(A).
7. Did not provide copies of Standard Form 95, which plaintiff indicated was in her possession in Section VIII(B).
8. Did not provide copies of bills from health care providers related to medical expenses, which plaintiff indicated was in her possession in Section VIII(D).
9. Did not provide the full names, addresses and other information for medical providers in the last seven years as required in Section IX.

**Cedric Leon Wilkerson Jr. (Buzbee Law Firm)**

1. Did not provide the date of decedent's death or the place where decedent died as required by Section III(A)(8).
2. Did not provide a complete response to Section III(C)(7).
3. Did not provide a complete response to Section III(C)(8).
4. Did not state amount of claim for medical expenses as required in Section III(C)(9).
5. Did not provide a response to Section V(A)(3).
6. Did not provide a response to Section V(A)(11).
7. Did not provide a response to Section V(A)(12).
8. Did not provide the date of testing performed on the FEMA housing unit as required in Section V(B).
9. Did not provide response to Section VI(A).
10. Did not state decedent's weight prior to living in the FEMA housing unit as required by Section VI(B)
11. Did not complete chart in Section VI(G)(1).
12. Did not provide doctor name, phone number, treatment received, or date of treatment as required by Section VII(B).

Matthew B. Moreland, Esq.
Page 12

13. Did not provide response to Section VII(C) as required of plaintiffs making a claim for emotional distress.
14. Did not provide a complete response to Section VII(D). Please provide the name and address of the health care professional indicated.
15. Did not provide a response to Section VIII(B).
16. Did not provide a response to Section VIII(F).
17. Did not provide a response to Section VIII(G).
18. Did not identify a single healthcare provider, hospital, or pharmacy as required in Section IX(A) through (F).
19. Did not provide a certification.
20. Did not execute a HIPAA authorization for the release of medical records.
21. Did not execute a HIPAA authorization for the release of psychological/psychiatric records as required of plaintiffs making a claim for emotional distress.
22. Did not execute a Privacy Act Release form.

**Kierra Wilson (Buzbee Law Firm)**

1. This PFS is nonsensical. It apparently contains type-written responses that were not changed from the previous plaintiff's PFS. It is a waste of the parties' time and resources to attempt to decipher a plaintiff's claims that are not presented in any sort of logical manner.
2. In Section III(C)(2), plaintiff indicates she is bringing a claim for death. If this is accurate, then a response is needed to Section III(A)(7) and to Section III(A)(8).
3. The response to Section III(C)(5) is nonsensical. Please state when plaintiff's alleged injury or disease first occurred.
4. Did not provide a complete response to Section III(C)(7).
5. Did not provide a complete response to Section III(C)(8). Please provide name and address or each person who has treated plaintiff for emotional distress, and include treatment prescribed and dates of treatment.
6. Did not state amount of claim for medical expenses as required in Section III(C)(9).
7. Did not provide a response to Section IV(A).
8. Did not provide the name of the school attended by decedent as required in Section IV(E).
9. Response to Section IV(B) is impossible to decipher. [inadvertently misnumbered in the PFS as the second Section IV]. Here, plaintiff indicates she is claiming the wrongful death of a different family member, Khaliah Magee. However, in Section V(E), Khaliah Magee's current age is shown as 1 month. Please clarify which estate, if any, plaintiff is actually representing through this PFS.
10. Did not provide FEMA Identification No. as required in Section V(A)(3).
11. Did not provide a response to Section V(A)(11).
12. Did not provide a response to Section V(A)(12).
13. Did not provide a response to Section VI(A).
14. Did not provide treatment received or dates of treatment for any entry in Section VII(B).
15. Did not provide a response to Section VII(C) as required of plaintiffs making a claim for emotional distress.
16. Did not provide a response to Section VIII(B).

Matthew B. Moreland, Esq.
Page 13

17. Did not provide a response to Section VIII(F).
18. Did not provide a response to Section VIII(G).
19. Did not provide a certification.
20. Did not provide a HIPAA authorization for the release of medical records.
21. Did not provide a HIPAA authorization for the release of psychological/psychiatric records as required of plaintiffs making a claim for emotional distress.
22. Did not provide a Privacy Act Release form.

**Kody Wood (Buzbee Law Firm)**

1. Did not provide the name and address for provider of mental health care (Section III (C)(8).
2. Did not provide amount of claim for medical expenses (Section III(C)(9)).
3. Did not provide the name of the manufacturer of FEMA unit (Section V(A)(1)).
4. Did not provide proper VIN number for FEMA unit (Section V (A)(3)).
5. Did not complete Section V(A)(11) and (12).
6. Did not identify the date of tests and person performing tests on FEMA unit (Section V(B)).
7. Did not complete provide name of mental health care provider (Section VII (C)).
8. Did not provide copies of medical records (Section VIII (A)).
9. Did not indicate whether Federal Form 95 was completed (Section VIII (B)).
10. Did not provide copies of medical bills (Section VIII (D)).
11. Did not execute certification, did not provide medical release forms, and did not execute Privacy Act Release form.

**Luann Workman (Counsel Unknown)**

1. Did not provide name of attorney or law firm as required in Section III(B).
2. Did not provide a complete response to Section III(C)(7).
3. Did not provide a complete response to Section III(C)(8).
4. Did not state amount of claim for medical expenses as required in Section III(C)(9).
5. Did not provide employment history for the past ten years as required in section IV(F)(2).
6. Did not provide FEMA Identification No. as required in Section V(A)(3).
7. Did not provide current weight or weight prior to living in a FEMA housing unit as required by Section VI(B).
8. Did not provide date, treating physician, or hospital for either of the tests indicated in Section VI(G)(1).
9. Did not state treatment received or date of treatment as required in Section VII(B).
10. Did not provide a response in Section VIII(B).
11. Did not provide a response in Section VIII(C).
12. Did not provide a response in Section VIII(D).
13. Did not provide a response in Section VIII(E).
14. Did not identify a single healthcare provider, hospital, or pharmacy as required in Section IX(A) through (F).
15. Did not provide a certification.
20. Did not execute a HIPAA authorization for the release of medical records.

Matthew B. Moreland, Esq.
Page 14

21. Did not execute a HIPAA authorization for the release of psychological/psychiatric records as required of plaintiffs making a claim for emotional distress.
22. Did not execute a Privacy Act Release form.

With respect to the above deficiencies, please arrange for supplemental or corrected responses to be provided to me no later than 3:00 p.m. on July 11, 2008 to promote timely discovery. Please be advised that if Plaintiffs do not do so within this time period, we may file an appropriate motion addressing Plaintiffs' non-compliance with case management obligations without further notice. As the Manufacturing Defendants continue to review the submitted materials, we will advise you of any additional deficiencies that we may find. Thank you for your prompt attention to the issues raised.

Sincerely,

Andrew W. Weinstock

cc: Counsel for Manufacturing Defendants
Henry Miller, Esq.