## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA
## NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                         MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                SECTION N-4
                                            JUDGE ENGELHARDT
                                            MAG. JUDGE ROBY

### THIS DOCUMENT IS RELATED TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *


### DEFENDANT UNITED STATES OF AMERICA'S RESPONSE TO "PLAINTIFFS' MOTION FOR ENTRY OF PROPOSED 'STIPULATED PROTECTIVE ORDER'" [Docket No. 538]

## INTRODUCTION

Defendant, the United States of America (United States), hereby responds to "Plaintiffs' Motion For Entry of Proposed 'Stipulated Protective Order'" [Dkt. No. 538], and requests that the Court (1) grant the Plaintiffs' Steering Committee's (PSC) motion and (2) deny the Manufacturing Defendants' Steering Committee's (DSC) objections and its request for an alternate, more restrictive, Protective Order [Dkt. Nos. 544 & 545].

## FACTS

1.      At issue is a Protective Order meant to facilitate the production of discovery documents which may contain confidential information.  This would include a broad range of documents, including those containing commercially sensitive information, trade secrets, or proprietary information.  Proposed Protective Order at 1 [Dkt. No. 538-3].  The DSC objects to two provisions requested by the PSC and the United States in the proposed Protective Order.

2.      **The DSC Objects That Certain Language In Paragraph 3 Of The Proposed Protective Order Is Overbroad.**

The DSC initially proposed that Paragraph 3 of the Protective Order contain the following language:

> No Confidential Discovery Materials shall be disclosed to any person or entity except in accordance with the terms, conditions, and restrictions of this Order.

In response, the United States proposed that Paragraph 3 of the Protective Order be amended as follows[1]/:

> No Confidential Discovery Materials shall be disclosed to any person or entity except in accordance with the terms, conditions, and restrictions of this Order or other than authorized or required by law, or for purposes of law enforcement or the enforcement of any laws.

---

[1]/      The PSC "takes no position" regarding the insertion of this language.  PSC's Mot. at 2.

Proposed Protective Order at 3-4 ¶3 [Dkt. No. 538-3].

3.     **The DSC Objects That Paragraphs 11 And 22 Of The Proposed Protective Order Place The Burden On The Producing Party To Move At The Time Of Trial To Exclude Or Redact Any Confidential Document That Any Opposing Party Places On An Exhibit List.**

The DSC initially proposed that Paragraphs 11 and 22 of the Protective Order contain the following language:

> If a party receiving Confidential Discovery Materials desires to Disclose any part of them in any manner not in accordance with the terms of this Order, the party seeking to make such Disclosure shall obtain the agreement of the Producing Party to so proceed or, in the absence of such agreement, shall seek the approval of the Court by way of a motion filed with the Court.  Further, any party seeking to introduce Confidential Discovery Materials at trial must seek leave of court prior to referencing, displaying, discussing, and/or introducing such Confidential Discovery Materials.

**********

> Should any document designated Confidential pursuant to this Order be admitted as evidence at any subsequent MDL proceeding and/or trial, the party offering such document will, upon request of opposing counsel, remove, redact or otherwise conceal the Confidential designation and will use only such form of the document before the jury.

In response, the United States and the PSC proposed that Paragraphs 11 and 22 of the Protective Order should be amended as follows:

> If a party receiving Confidential Discovery Materials desires to Disclose any part of them in any manner not in accordance with the terms of this Order, the party seeking to make such Disclosure shall obtain the agreement of the Producing Party to so proceed or, in the absence of such agreement, shall seek the approval of the Court by way of a motion filed with the Court. Further, <u>any party offering such document for trial must identify that document on the trial exhibit list. The producing party that is asserting the document is Confidential, bears burden of filing an appropriate motion in limine to either preclude use or request some other lesser action (such as redaction).</u>

**********

Should any document designated Confidential pursuant to this Order be admitted as evidence at any subsequent MDL proceeding and/or trial, <u>the party offering such document must identify that document on the trial exhibit list. The producing party that is asserting the document is Confidential, bears burden of filing an appropriate motion in limine to either preclude use or request some other lesser action (such as redaction)</u>.

Proposed Protective Order at 8-9, 13 ¶¶ 11, 22 [Dkt. No. 538-3].

## **STANDARD OF REVIEW**

In discussing protective orders, Rule 26(c) of the Federal Rules of Civil Procedure provides:

> A party . . .  may move for a protective order . . . [and] [t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .

Fed. R. Civ. P. 26(c).  "Absent a protective order, parties to a law suit may disseminate materials obtained during discovery as they see fit."  *Jepson, Inc. v. Makita Electric Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994); *see also Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 789 (1st Cir. 1988) (citations omitted) (stating that unless "good cause" for a protective order is shown under Fed. R. Civ. P 26(c), "the discovery materials in question should not receive judicial protection").  Even in the context of a stipulated protective order, the Court must independently determine if good cause for the protective order, and its specific provisions, exists.  *See Jepson*, 30 F.3d at 858; *Harris v. Amoco Production Co.*, 768 F.2d 669, 684 (5th Cir. 1985); *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978) (stating that the presumption of free use of discovered documents or information dissipates only after good cause is shown and the trial court exercises its discretion to take action).

The burden of persuasion rests with the party seeking protection.  *See Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986).  To overcome the presumption of free

use, the party seeking protection "must show good cause by demonstrating a particular need." *Id.; see Wauchop v. Domino's Pizza, Inc.*, 138 F.R.D. 539, 545 (N. D. Ind. 1991) ("the party seeking the protective order bears the burden of demonstrating good cause"). This means "that the burden of justifying the confidentiality of each and every document sought to be covered by a protective order remains on the party seeking the protective order; any other conclusion would turn Rule 26(c) on its head." *Cipollone*, 785 F.2d at 1122. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Id*. at 1121 (citing *Garrett*, 571 F.2d at 1326 n. 3); *see Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981) (citations omitted) ("To establish 'good cause' for a protective order . . . '[t]he courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements . . .'"); *see also Beckman Industries, Inc. v. International Insurance Co.*, 966 F.2d 470, 476 (9th Cir. 1992); *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7-8 (1st Cir. 1986) ("A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements.")

## <u>ARGUMENT</u>

I.    **The Language In Paragraph 3 Of The Proposed Protective Order Is Not Overbroad And There Is No Good Cause For Such A Described Dissemination To Be Restricted.**

The DSC's argument that Paragraph 3 of the proposed Protective Order is "overbroad" and so permissive that "it would permit any party to unilaterally decide that confidential documents could be disclosed" ignores the presumption of dissemination as codified in Fed. R. Civ. P. 26(c). *See* DSC's Resp. at 2. By inserting the additional language in Paragraph 3, the United States seeks to allow for the dissemination of claimed confidential discovery materials in a discrete set of clearly defined circumstances. As the party now seeking protection, namely the

confidential protection of discovery materials even when disclosure is "<u>authorized or required by law, or for purposes of law enforcement or the enforcement of any laws</u>," the DSC must meet the burden of persuasion under Fed. R. Civ. P. 26(c) and show good cause as to why such materials should be protected. *See Cipollone*, 785 F.2d at 1122.

No good cause has been shown why the United States should be restricted by Court order from enforcing its statutory duty to enforce the law. *See United States v. District Council of New York City and Vicinity of United Broth. of Carpenters and Joiners of America*, 1992 WL 188379 at *8 (S. D. N. Y. 1992) ("Where a party is seeking to obtain a protective order to prevent disclosure of matters to criminal authorities, good cause must be shown."). The language proposed by the DSC in the Protective Order will impermissibly require government counsel to ignore any evident violations of the law for the sole reason that such violations came to government counsel's attention through the production of responsive discovery in this case. The fact that the Protective Order as proposed by the PSC and the United States would preserve a limited right for government counsel to share information received during discovery with other government counsel if such information may evidence a violation of civil or criminal law does not override the general purpose of the order. In fact, there is no good cause for such disclosure to be curtailed. *See generally Culinary Foods, Inc. v. Raychem Corp.*, 151 F.R.D. 297, 306 (N. D. Ill. 1993); *Wauchop*, 138 F.R.D. at 545 ("[t]he risk – or in this case, the certainty – that the party receiving the discovery will share it with others does not alone constitute good cause for a protective order").

The court's decision in *John Hancock Leasing v. Luis Elec. Const.*, 127 F.R.D. 450 (S. D. N. Y. 1989), is instructive. At issue in *Hancock* was a defendant's motion for a protective order. The defendant was concerned that materials it might produce during discovery could be used to

its detriment in a pending criminal proceeding.  *Id.* at 452.  The court denied the defendant's

motion for a protective order and explained:

> Defendant has not provided the requisite specificity for a protective order.
> Steinway neither indicates which information should be sealed, nor does it
> adequately show *why* such information should be sealed.  It merely asserts
> that "all disclosure by defendant Steinway" be sealed to protect Steinway
> "from having to create evidence which could be used to [its] detriment in a
> pending criminal proceeding." . . . Steinway has submitted copies of two
> subpoenas it received from the Queens District Attorney, with which
> "Steinway has complied in significant part." . . . It remains unclear what
> further information it seeks to keep from the District Attorney.
>
> Moreover, defendant has not been indicted.  Nor has defendant made an
> adequate showing that it is even a target of an ongoing grand jury
> investigation.  Instead, counsel for defendant asserts only that "[c]riminal
> counsel for Steinway has advised me that Steinway and its principals are
> 'targets' of at least one [ ] investigation [ ] . . . and this fact was related to
> him by the prosecutor." . . . However, defendant's unnamed "criminal
> counsel" has failed to submit an affidavit to that effect.  Furthermore,
> defendant has not addressed the availability of the Fifth Amendment, nor
> has it explained why the Fifth Amendment will not adequately protect
> defendant's interests.

*Id.*

In this case, the DSC, like the defendant in *Hancock,* seeks to restrict the potential

disclosure of information to criminal authorities but has failed to demonstrate any good cause

why government counsel in this case should be prohibited from disclosing discovery materials to

other government counsel or agencies should any such discovery materials evidence violations

of civil or criminal laws.  The DSC's rationale for the entry of the proposed Protective Order –

the protection of commercially sensitive information, trade secrets, and proprietary information –

is simply irrelevant to the limited exception to the non-disclosure provision sought by the United

States.  It does not provide the requisite good cause to justify protection of the limited scope of

material the United States seeks to exclude from non-disclosure in Paragraph 3.

Furthermore, the underlying rationale that resulted in the *Hancock* court denying the defendant's motion for a protective order is even more compelling in this case.  In *Hancock* there were claims of a pending criminal proceeding.  *Id*. at 452.  In contrast, undersigned government counsel is not aware of any pending criminal proceeding relating to the subject matter of this litigation.  The sole purpose for the limited exception to non-disclosure sought by the United States is to allow government counsel to comply with its ethical, legal, and statutory duties to enforce the laws.  *See* 28 U.S.C. §547(c) (requiring government counsel to enforce civil and criminal laws of the United States).  Simply put, the mere risk that materials produced by the DSC may evidence violations of civil or criminal laws is not sufficient to justify entry of a protective order.  *See District Council*, 1992 WL 188379 at *8 (stating that a general risk that discovery materials may be used for a criminal prosecution does not provide good cause for a protective order).[2]/

Finally, the DSC has failed to present any special circumstances which warrant the issuance of a protective order prohibiting the disclosure of materials for the limited purpose of enforcing civil or criminal laws.  It has not shown any collateral considerations that would justify such a restriction.  The sole basis for its objection to this proposed provision simply appears to be a desire to avoid any potential resulting prosecution.  This rationale, in and of itself, is not sufficient to establish good cause for the requested protection from disclosure. *See* Fed. R. Civ. P. 26(c); *Hancock*, 127 F.R.D. at 452.

---

[2]/      If a protective order without the language requested by the United States is entered, and the disclosure of information for the enforcement of civil and criminal laws is barred, enforcement of such an order may prevent government investigators from gaining access to materials produced during the course of discovery.  *See District Council*, 1992 WL 188379 at *8.

**II.      Paragraphs 11 And 22 Of The Proposed Protective Order Ensure That The Burden Of Preventing Disclosure Remains On The Party Seeking Such A Protection.**

The interest of preserving the efficient and effective functioning of the discovery process in this case weighs substantially in favor of the Protective Order proposed by the PSC and the United States.  As described in the proposed Protective Order, there will be an initial "blanket" protection from disclosure for all documents claimed by a party to be confidential discovery materials.  This type of order is by its very nature meant to be overinclusive.  Although the producing party substantially benefits from this broad initial protection, the DSC argues that a party seeking to use any material at trial that was initially described as confidential should then have to come forward and seek leave of Court prior to introducing such materials.  DSC's Resp. at 4.

Under the language proposed by the PSC and the United States in Paragraphs 11 and 22 of the proposed Protective Order, parties would instead have to specify and list all trial exhibit materials marked as "Confidential" and the party seeking to protect the document as confidential would then have the option of filing a motion *in limine* to show why "good cause" exists to either prohibit the disclosure of the document at trial, redact portions of the document, or impose some other restriction on the use of the document at trial.

The DSC argues that the party seeking to use the discovery material does not have to wait to seek leave at the time of trial, rather, it can challenge the producing party's designation of a document as "Confidential" within thirty (30) days of production.  In practice, the DSC's proposal is unduly cumbersome and will result in either (1) the Court and the parties wasting valuable time and resources prematurely seeking to resolve whether certain discovery materials were properly designated as "Confidential" even though the parties will not know whether such

materials will be necessary at trial, or (2) the burden of persuasion regarding whether certain documents should be protected will impermissibly shift because such a system will create a presumption that a document is "Confidential" if the designation is not challenged within thirty (30) days; and thereafter, once the parties actually know which documents they wish to use at trial, the non-producing party will be forced to seek leave of court and demonstrate good cause for these materials to be disseminated at trial even though the materials may not have properly been afforded such a protection in the first instance.

The language and procedure proposed by the United States ensures that documents marked "Confidential" will not be disclosed to non-party entities and will provide the entity seeking to assert that a document is "Confidential" ample opportunity to demonstrate "good cause" to prohibit dissemination or to place appropriate restrictions on the use of such materials at trial.  At the same time, the United States' proposal reduces possible logistical burdens on the Court and the parties while still preserving the proper burden of proof by restricting potential disputes to "Confidentiality" designations to documents that the parties determine prior to trial are actually relevant or germane to disputed factual issues.  In contrast, the DSC's language and procedure will impose a substantial burden by requiring the parties and the Court to resolve whether or not a party has properly designated a document as "Confidential" within thirty (30) days of its production, even though in all likelihood, a significant number, if not the vast majority, of documents so marked may subsequently become irrelevant to disputed factual issues.  This burden could amount to a significant one given the fact that this case features over sixty (60) defendants and potentially more than thirty-thousand (30,000) plaintiffs.

The reality of the DSC's proposal is that it will shift the burden of proof.  This despite the fact that the party claiming a privilege must show that the materials should be afforded

protection.  *See* Fed. R. Civ. P. 26(5).  Parties will have to seek leave of court to use materials designated as "Confidential" because of the cost and resources involved in challenging all dubious "Confidentiality" designations within thirty (30) days of production.  The United States' proposal constitutes a reasonable compromise because it ensures that a party's request for confidentiality is maintained, the burden required by law is appropriately allocated and preserved, and the Court is allowed to postpone resolving confidentiality disputes regarding discovery materials until a stage in the case where the parties will be able to limit them to those that will actually be necessary in light of the remaining and relevant factual matters.

## CONCLUSION

For all of the reasons set forth herein, the Court should grant the PSC's motion, reject the DSC's objections and arguments in opposition, and enter the PSC's proposed Protective Order.

Dated: July 22, 2008.

Respectfully Submitted,

GREGORY G. KATSAS
Assistant Attorney General, Civil Division

C. FREDERICK BECKNER III
Deputy Assistant Attorney General, Civil Division

J. PATRICK GLYNN
Director, Torts Branch, Civil Division

MICHELLE G. BOYLE
ADAM M. DINNELL
Trial Attorneys

//S// *Henry T. Miller*
HENRY T. MILLER (D.C. Bar No. 411885)
Senior Trial Counsel
United States Department of Justice
Civil Division – Torts Branch
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20004

Telephone No:  (202) 616-4223
E-mail:  Henry.Miller@USDOJ.Gov

Attorneys for the United States of America

OF COUNSEL:

JORDAN FRIED
Associate Chief Counsel
JANICE WILLIAM-JONES
Trial Attorney
FEMA/DHS
Department of Homeland Security
Washington, D.C. 20472

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2008, the foregoing Response Memorandum was filed

via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served

upon Liaison Counsel.

//S// *Henry T. Miller*
HENRY T. MILLER (D.C. Bar No. 411885)