UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER　　　　　* | MDL NO. 1873 |
| 　　　　FORMALDEHYDE　　　　* | |
| 　　　　PRODUCTS LIABILITY　　* | |
| 　　　　LITIGATION　　　　　　* | SECTION: N(4) |
| 　　　　　　　　　　　　　　　* | |
| This Document Relates to: ALL CASES　* | JUDGE: ENGELHARDT |
| 　　　　　　　　　　　　　　　* | MAG: ROBY |

*******************************************************************************

## MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

**MAY IT PLEASE THE COURT:**

Defendant, Gulf Stream Coach, Inc., submits this Memorandum in Support of its Motion for Protective Order.

### I. NATURE OF THE CASE

This Multi-District Litigation is the consolidation of twenty-three state and federal toxic tort suits in which an estimated thirty thousand named Plaintiffs (individually and purportedly on behalf of potentially hundreds of thousands of putative class members) claim to have inhabited temporary housing units ("THUs") that were provided to them by the Federal Emergency Management Agency as a result of the alleged uninhabitability of their residences due to Hurricanes Katrina and Rita. (Rec. Doc. No. 109, at ¶ 96). Plaintiffs claim injuries resulting from the alleged release of formaldehyde and/or formaldehyde vapors in those THUs. (Rec. Doc. No. 109, at ¶ 30). As a result of that claimed exposure, Plaintiffs have filed suit against sixty-seven defendants that allegedly manufactured the THUs used by the Plaintiffs. (Rec. Doc. No. 109, at ¶ 8 and Rec. Doc. No. 379, at ¶¶ 6-8). Moreover, Plaintiffs have named as defendant the United States Government through FEMA, and Plaintiffs seek recovery for alleged physical and mental

pain and suffering, physical impairments and disability, medical expenses, loss of earnings capacity, loss of enjoyment and quality of life, loss of consortium, travel expenses, out-of-pocket expenses, attorney's fees, and the loss of use and/or opportunity to use safe and adequate shelter allegedly resulting from the purported exposure to formaldehyde. (Rec. Doc. No. 109 at "Compensatory Damages: All States" ¶, p. 74).

Starting some months ago, the parties began extensive discovery proceedings. As part of those proceedings, the parties have noticed dozens of depositions, one of which is the corporate deposition of Gulf Stream Coach, Inc. This deposition is currently set for July 24, 2008. Upon information and belief, Gulf Stream believes that several other co-defendants plan to send their corporate representatives and/or other employees and representatives to attend the deposition. For the reasons more fully set out below, Gulf Stream requests that this Court prevent the representatives of the many co-defendants, with the exception of counsel of record for each party, from attending the deposition.

## II.    LAW AND ARGUMENT

### A.    Federal Rules of Civil Procedure Rule 26

Federal Rule of Civil Procedure 26 provides that parties may obtain discovery regarding any matter, not privileged, that is relevant to the issues raised by the claims or defenses of any party. Fed. R. Civ. P. 26(b). The Rule also provides that a court may, for good cause, issue a protective order that shields a party from whom discovery is sought from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1). The court can issue an order that "designat[es] the persons who may be present while the discovery is conducted." Fed. R. Civ. P. 26(c)(1)(E).

**B.     The Attendance of Representatives of the Co-defendants, Apart from Counsel of Record, is not Warranted in this Case.**

As discussed above, Gulf Stream believes that several of the co-defendants in this case plan to send corporate representatives and/or other employees and representatives to the corporate deposition of Gulf Stream scheduled for July 24, 2008. Gulf Stream asks that this Court prevent them from attending.

The Federal Rules of Civil Procedure and Evidence are rife with examples of protecting the testimony of party-witnesses. Under Rule 26 of the Federal Rules of Civil Procedure, the court may, through a protective order, limit the persons who are allowed to attend the discovery proceedings in a given case. *See* Fed. R. Civ. P. 26(c)(1)(E). Also, the Federal Rules of Evidence provide that sequestration of witnesses is appropriate in many instances, though there are exceptions to that rule that may be applicable in this case. *See* Fed. R. Evid. 615.

This Court has previously done exactly what Gulf Stream asks it to do in this case. In *In re Shell Oil Refinery*, the plaintiffs sought to exclude Shell's corporate representative from attending the deposition of the plaintiff. 136 F.R.D. 615 (E.D. La. 1991). Though Shell asserted its right to attend all depositions, the Court noted that a party's right to defend against another party's allegations at all stages of the trial is not unqualified. *See id.* at 616. The representative who attended the plaintiff's deposition was also noticed as a fact witness. *Id.* The Court recognized the serious problem inherent in allowing the representative to attend – not only could his attendance lead to the testifying witness holding back from testifying in full about all aspects of the case, but also he would have the advantage of knowing how another party was likely to testify at trial before the representative himself was called to offer testimony. *See id.* at 617. Shell was not entitled to this type of representation, especially considering it would still have

adequate representation through its counsel of record. *See id*. Thus, the Court ruled that Shell was not entitled to have a corporate representative present that would also testify at trial. *See id*.

Further in In re:Terra International, Inc. 134 F.3d 302 (5th Cir. 1998) the court set forth the method through which a party can request a court bar individuals from a deposition. Fed. R. Civ. P. 26(c)(5) requires the moving party show good cause for the issuance of a protective order. In the case before this court, there is no dispute among the parties that plaintiff has requested, and Gulf Stream has produced (in response to the 30(B)(6) deposition notice), numerous documents that contain trade secrets. Counsel for Gulf Stream will present to the court a disc containing 3400 scanned documents many of which contain sensitive pricing information, design drawings, and proprietary transportation techniques for an in camera review.

As a result of that production, Gulf Stream requests the court preclude the representatives of the other co-defendants from attending the Gulf Stream deposition. To facilitate this deposition, Gulf Stream has entered into a temporary confidentiality agreement with the plainitiffs. No such agreement is in place with the co-defendants, who are Gulf Stream's competitors. Accordingly, Gulf Stream moves the Court to establish just such a safeguard. Of course, Gulf Stream has no objection to the presence of each co-defendant's counsel of record. Should the court later determine the witnesses should not have been sequestered, it can allow those individuals to view the transcript. If on the other hand, the court rejects Gulf Stream's request and later decides upon further review (with more time to review the issue), that the witnesses should have been sequestered, it will be impossible to put the genie back in the bottle.

### III.   CONCLUSION

**WHEREFORE,** considering the foregoing, Gulf Stream Coach, Inc. respectfully requests that this Honorable Court issue an Order preventing the corporate representatives and/or

other employees and representatives from attending the corporate deposition of Gulf Stream Coach, Inc., which is scheduled for July 24, 2008.

>Respectfully submitted,
>
>**DUPLASS, ZWAIN, BOURGEOIS,**
>**PFISTER & WEINSTOCK**
>
>s/Andrew D. Weinstock
>_____
>**ANDREW D. WEINSTOCK #18495**
>**JOSEPH G. GLASS #25397**
>3838 N. Causeway Blvd., Suite 2900
>Metairie, LA 70002
>(504) 832-3700
>**Counsel for Defendant, Gulf Stream Coach, Inc.**

## C E R T I F I C A T E

I hereby certify that on the 22nd day of July, 2008, a copy of the foregoing Memorandum in Support of Motion for Protective Order was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

>s/Andrew D. Weinstock
>_____
>ANDREW D. WEINSTOCK #18495
>andreww@duplass.com