UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER          * | MDL NO. 2:07-MD-1873 |
|     FORMALDEHYDE             * | |
|     PRODUCTS LIABILITY       * | SECTION: N(4) |
|     LITIGATION               * | |
|                              * | JUDGE: ENGELHARDT |
| THIS DOCUMENT RELATES TO:   * | |
| *Stephanie G. Pujol, et al v. The United*   * | MAGISTRATE JUDGE: ROBY |
| *States of America, et al,* NO. 08-3217     * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**RULE 12(B) PRESERVATION LISTING
FILED ON BEHALF OF TL INDUSTRIES, INC.**

**NOW INTO COURT,** through undersigned counsel, comes Defendant, TL Industries, Inc. ( "TL" ), who, in responding to Pretrial Order No. 4 (4), respectfully submits the following list of defenses pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, in the underlying lawsuit of *Pujol, et al v. The United States of America, et al,* Civil Action No. 08-3217,[1] which is submitted in addition to joint defenses, including Rule 9 and Rule 12 defenses, that may be submitted by defense liaison counsel. Defendant's listing is limited to only the *Pujol* matter, and Defendant reserves its right to assert any other allowable preliminary pleadings, dispositive motions or affirmative defenses in this case or in any other case in which it is subsequently named and properly

---

[1] TL is filing the Preservation List out of an abundance of caution. Pretrial Order No.4(4) required that, by May 19, 2008, Defendants provide the Court with a list of specific defenses as to each pending case before the MDL. At that time, *Pujol* was not one of the pending cases, and thus TL was not required to file its list of defenses before May 19, 2008. No subsequent Pretrial Order has provided a date for the listing of defenses in *Pujol.* As such, TL provides this list out of an abundance of caution. TL objects to the requirement to file this list as it is in violation of the Defendant's right to equal protection and due process. Until the Plaintiffs identify who it is that is suing TL, there is no way for Defendants to evaluate the propriety of the venue; the applicable laws under which the Defendant is being sued (Louisiana, Texas, Mississippi, or Alabama, or some combination thereof) so as to formulate the proper defenses; the subject matter jurisdiction of the court; the *in personam* jurisdiction over the Defendant by the court (if any), of the viability of an Article III case or controversy as it relates to TL, or the possibility of filing any other motions pursuant to Rule 12 of the Federal Rule of Civil Procedure. This preservation list is being filed out of an abundance of caution, and Defendant reserves its right to supplement and amend its preservation list in the future as further discovery may warrant and require, and in accordance with any and all subsequently filed or served lawsuits naming TL as a party defendant.

served.

In accordance with the Court's direction, Defendant submits the following 12(b)(6) defenses for failure to state a claim upon which relief can be granted that are anticipated to be raised should this underlying matter proceed forward against Defendant:

1. Failure to state a claim upon which relief can be granted to the extent the Complaint fails to identify a particular plaintiff with alleged exposure to a product manufactured by Defendant.

2. Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' negligence, negligence *per se*, gross negligence, recklessness, failure to inspect, breach of implied warranty and "failing to act in a prudent manner" claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

3. Failure to state a claim upon which relief can be granted as plaintiffs' claims are prescribed under Louisiana's one year prescriptive period.

4. Failure to state a claim upon which relief can be granted as plaintiffs' claims are barred as the applicable Mississippi, Alabama, and Texas statute of limitations have run.

5. Failure to state a claim upon which relief can be granted as plaintiffs have not alleged a specific or manifest injury or disease resulting from the alleged exposure, nor are plaintiffs entitled to medical monitoring damages to the extent plaintiffs seek same.

6. Plaintiffs fail to state a claim upon which relief can be granted as to the redhibition claim. Rather than specifically stating a claim for redhibition, plaintiffs state claims for breach of implied and expressed warranties which fail because there is no privity of contract between the plaintiffs and the manufacturer.

7. Failure to state a claim upon which relief can be granted regarding strict liability as there is no basis under Louisiana law for same.

8. Failure to state a claim upon which relief can be granted to the extent plaintiffs seek to impose joint and several and/or solidary liability upon manufacturing defendants, as such claims are precluded by applicable law.

9. Failure to state a claim upon which relief can be granted for attorney's fees as there is no basis under Mississippi, Alabama, Texas, Louisiana, or Federal law for the awarding of attorney's fees based upon the facts alleged in the complaint

10. Failure to state a claim upon which relief can be granted to the extent plaintiffs' seek property damages under Mississippi, Alabama, Texas, or Louisiana law, as plaintiffs are not entitled to recover same.

11. Failure to state a claim upon which relief can be granted to the extent plaintiffs seek punitive damages as there is no basis for awarding punitive damages under the facts alleged in the complaint and applicable law.

12. Failure to state a claim upon which relief can be granted to the extent plaintiffs seek compensatory damages as there is no basis for awarding same under the facts alleged in the complaint and applicable law.

13. Failure to state a claim upon which relief can be granted to the extent plaintiffs seek damages pursuant to La. C.C. Arts. 2524 and 1994, 1995, and 1997, as there is no basis for awarding same under the facts alleged in the complaint and applicable law.

14. Failure to state a claim upon which relief can be granted to the extent that plaintiffs assert express or implied warranty claims under Mississippi, Alabama, and Texas law as such claims are precluded as plaintiffs do not rely on any privity of contract.

15. Failure to state a claim upon which relief can be granted as plaintiffs' claim for relocation expenses and provisions for replacement trailers should be dismissed due to lack of privity of contract with Defendant.

16. Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek claims under the Federal Tort Claims Act and 42 USCA Sec. 1983 against manufacturing defendants as such claims are not applicable to Defendant.

Further, to the extent it is necessary to plead same in this listing, Defendant reserves its rights to assert a Rule 9 Motion regarding plaintiffs' fraud claims being made without particularity.

Respectfully submitted,

/s/ Randall C. Mulcahy
LYON H. GARRISON, Bar No. 19591
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
GARRISON, YOUNT, LORMAND,
FORTE & MULCAHY, LLC
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Attorney for defendant,
TL Industries, Inc.
Email: rmulcahy@garrisonyount.com

## CERTIFICATE OF SERVICE

  I hereby certify that on July 25, 2008, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

                */s/ Randall C. Mulcahy*
                RANDALL C. MULCAHY, Bar No. 26436