UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION N-4<br>JUDGE ENGELHARDT<br>MAG. JUDGE ROBY |

THIS DOCUMENT IS RELATED TO ALL CASES

THIS DOCUMENT RELATES TO DOCKET NOS. 567 & 588

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**DEFENDANT UNITED STATES OF AMERICA'S MEMORANDUM REGARDING GOVERNMENT'S POSITION ON ELECTRONIC DISCOVERY**

Defendant United States of America (United States) in response to the Honorable Judge Roby's Order, Docket No. 588, files this memorandum setting forth the government's position regarding electronic discovery.

**PARTICIPATION BY UNITED STATES IN SCHEDULED CONFERENCE CALL WITH HONORABLE JUDGE ROBY**

The Defendant United States will participate in the telephone conference call scheduled for 10:15 am, Wednesday, July 30, 2008. The United States will be represented by:

>   Henry T. Miller
>   United States Department of Justice
>   Civil Division – Torts Branch
>   1331 Penn. Ave., NW, Rm. 8220-N
>   Washington, D.C. 20004
>   Telephone No: (202) 616-4223
>   E-mail: Henry.Miller@USDOJ.Gov

Mr. Miller's telephone number is (202) 616-4223.

## APPLICABLE STANDARD FOR ORDERING/DENYING
## REQUEST FOR ELECTRONIC DISCOVERY

Pursuant to Fed. R. Civ. P. 26(b)(1) a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C)."

Federal Rule Civil Procedure 26(b)(2)(B) provides:

> *Specific Limitations on Electronically Stored Information.* A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost.

Further, Fed. R. Civ. P. 26(b)(2)(C)(i & iii) provides:

> *When Required.* On motion or on its own the court must limit the . . . extent of discovery . . . if it determines that (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; . . . (iii) the burden or expense of the proposed discovery outweighs its likely benefit considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C)(i & iii).

## UNITED STATES OF AMERICA'S POSITION
## REGARDING ELECTRONIC DISCOVERY

It is the United States' position they any dispute regarding electronic discovery must be resolved on a party by party – dispute by dispute basis – once a justiciable dispute arises regarding electronic discovery. The government does not believe that it is appropriate for the Court to address potential electronic discovery in the abstract. The Federal Rules of Civil

Procedure that govern electronic discovery require the Court to consider and weigh and balance numerous factors and as such cannot be resolved in the abstract. *See* Fed. R. Civ. P. 26(b)(2)(B), 26(b)(2)(C)(i-iii).

As initial matter, pursuant to Fed. R. Civ. P. 26(b)(2)(B), a determination must be made whether or not electronically stored information is reasonably accessible. Whether such information is reasonably accessible is dependent upon how the information is stored and the ability of a party to access that information. For purposes of preserving electronic information FEMA retains and maintains all computer back-up tapes. These tapes are not in a "searchable database" or "searchable" format. Accessing or obtaining information on those tapes that may relate to formaldehyde in emergency housing units will be extremely time consuming and expensive – the process involves substantially more than simply coming up with "search terms." If a party is not satisfied with the nature and scope of the search the United States conducts to respond to discovery requests and believes that a search for information contained on these tapes should be performed, and the United States objects to that request, the Court will need to determine whether the information on the tapes is "reasonably accessible," *i.e.*, whether accessing the information constitutes an "undue burden or cost," *see* Fed. R. Civ. P. 26(b)(2)(B), and even if good cause exists to convert the tapes to a searchable format and require such a search, whether any of the factors set forth in Fed. R. Civ. P. 26(b)(2)(C) apply and justify limiting the search of those tapes or shifting costs to the party seeking the discovery. *See* Fed. R. Civ. P. 26(b)(2)(C)(i-iii). However, until the parties actually determine that there exists a dispute, and until the facts underlying that dispute are fleshed out it is impossible for the Court to rule on a discovery request relating to electronic discovery.

Moreover, that this matter must be addressed on a party-by-party basis, rather than through an omni-bus e-discovery order is further evidenced in the instant litigation by the fact that the economic interest of the parties in this litigation varies substantially from Defendant to Defendant. The Federal Emergency Management Agency (FEMA) in response to the housing crisis created by Hurricanes Katrina and Rita purchased for use by disaster victims approximately (1) 5,000 mobile homes, and (2) 137,000 travel trailers and park model trailers. *See* Docket No. 196-14 & Docket No. 196-15. Plaintiffs have named more than sixty (60) Defendants and currently seek to add an additional eleven (11) Defendants. However, the majority of emergency housing units purchased and used by FEMA were manufactured or provided by four vendors/manufacturers: (1) Gulf Stream Coach – 50,000 units; (2) Morgan – 15,000 units; (3) Bourgett of the South – 6,000 units; (4) NACS – 5,000 units. *See* Docket No. 196-15 at FEMA07-001115. Further, based upon representations made to the Court at the hearing before the Honorable Judge Engelhardt last week, it is the United States' understanding that many of the vendors/manufacturer Defendants apparently produced fewer than 500 units, and at least one Defendant, has been unable to identify any evidence showing that its units were occupied by either a named Class Representative or one of the approximate thirty-thousand (30,000) identified represented claimants. Given the balancing test required by Fed. R. Civ. P. 26(b)(2)(B) and Rule 26(b)(2)(C)(iii), the electronic discovery burden that the Court will impose on any party will vary from party-to- party and is not amenable to a single standard or rule.

## CONCLUSION

For all of these reasons the United States believes that the Defense Steering Committee's motion regarding electronic search terms is premature, and further believes that any dispute

4

regarding electronic searches must be resolved on a party-by-party basis because the Federal Rules of Civil Procedure require the Court in resolving any such dispute to consider, weigh and balance factors that will vary substantially from party to party.

Dated: July 29, 2008.                    Respectfully Submitted,

GREGORY S. KATSAS
Assistant Attorney General, Civil Division

C. FREDERICK BECKNER III
Deputy Assistant Attorney General, Civil Division

J. PATRICK GLYNN
Director, Torts Branch, Civil Division

MICHELLE BOYLE
Trial Attorney

//S// *Henry T. Miller*
HENRY T. MILLER (D.C. Bar No. 411885)
Senior Trial Counsel
United States Department of Justice
Civil Division – Torts Branch
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20004
Telephone No: (202) 616-4223
E-mail: Henry.Miller@USDOJ.Gov

Attorneys for the United States of America

OF COUNSEL:

JORDAN FRIED
Associate Chief Counsel
JANICE WILLIAM-JONES
Trial Attorney
FEMA/DHS
Department of Homeland Security
Washington, D.C. 20472

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 29, 2008, the foregoing document was filed via the U.S. District Court's CM/ECF electronic filing system a copy thereof was served upon Liaison Counsel.

                                                                           //S// *Henry T. Miller*  
                                                                           HENRY T. MILLER (D.C. Bar No. 411885)