UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 | |
|     FORMALDEHYDE | * | | |
|     PRODUCTS LIABILITY | * | | |
|     LITIGATION | * | SECTION: N(4) | |
| | * | | |
| This Document Relates to: ALL CASES | * | JUDGE: ENGELHARDT | |
| | * | MAG: ROBY | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MANUFACTURING DEFENDANTS' POSITION STATEMENT REGARDING ELECTRONICALLY STORED INFORMATION

This pleading serves as a Position Statement submitted on behalf of certain Manufacturing Defendants through Manufacturing Defendants' Liaison Counsel in preparation for the July 30, 2008 Status Conference concerning electronically stored information ("ESI"). In accordance with the Court's July 28, 2008 Order (R. Doc. No. 588), the following representatives of the Manufacturing Defendants will attend the Status Conference:

| Attorney | Party Represented | Telephone Number |
|---|---|---|
| Joe Glass | MDLC and Gulf Stream Coach, Inc. | (504) 832-3700 |
| Tom Cougill, Hal Roach or Marc Johnson | Jayco Enterprises, Inc./Starcraft RV, Inc. | (713) 333-7611 |
| Jerry Saporito | Fleetwood Enterprises, Inc. | (504) 585-7500 |
| Ryan Johnson | Dutchmen, *et al.* | (225) 248-2000 |
| Lamont Domingue | River Birch Homes, Inc., *et al.* | (337) 232-9700 |
| Chris Pennebaker | ScotBilt Homes | (504) 837-2500 |
| Richard Hines | Fleetwood Enterprises, Inc. | (404) 322-6154 |
| Randy Mulcahy | Recreation By Design, LLC<br>TL Industries, Inc.<br>Frontier RV, Inc. | (504) 527-0680 x129 |
| Ernest P. Gieger, Jr. | Forest River, Inc. | (504) 495-4947 |
| Josh Baker | Clayton Manufactured Homes, *et al* | (205) 254-1840 |
| David Bach | American Homestar and Oak Creek Homes | (225) 766-5567 |
| Amanda Stout and Dan West* | Morgan Buildings and Spas | (225) 383-9000 |

\*        Counsel is participating but not making a general appearance pending resolution of the previously filed 12(b)(6) Motions.

## Statement of the Case

This Multi-District Litigation is the consolidation of twenty-three state and federal toxic tort suits in which an estimated thirty thousand named Plaintiffs (individually and purportedly on behalf of potentially hundreds of thousands of putative class members) claim to have inhabited temporary housing units ("THUs") that were provided to them by the Federal Emergency Management Agency as a result of the alleged uninhabitability of their residences due to Hurricanes Katrina and Rita. (R. Doc. No. 109, at ¶ 96). Plaintiffs claim injuries resulting from the alleged release of formaldehyde and/or formaldehyde vapors in those THUs. (R. Doc. No. 109, at ¶ 30). As a result of that claimed exposure, Plaintiffs have filed suit against sixty-seven defendants that allegedly manufactured the THUs used by the Plaintiffs. (R. Doc. No. 109, at ¶ 8 and R. Doc. No. 379, at ¶¶ 6-8). Moreover, Plaintiffs have named as a defendant the United States Government through FEMA, and Plaintiffs seek recovery for alleged physical and mental pain and suffering, physical impairments and disability, medical expenses, loss of earnings capacity, loss of enjoyment and quality of life, loss of consortium, travel expenses, out-of-pocket expenses, attorney's fees, and the loss of use and/or opportunity to use safe and adequate shelter allegedly resulting from the purported exposure to formaldehyde. (R. Doc. No. 109 at "Compensatory Damages: All States" ¶, p. 74).

## Issue In Dispute

On May 1, 2008, Plaintiffs and Defendants exchanged discovery. Plaintiffs requested production of extensive documentation from the Manufacturing Defendants, which, by Plaintiffs' express definition, includes "information stored in computers or other data storage or processing

equipment, or in magnetic or electronic media…." (*See* Plaintiffs' First Interrogatories, Request for Admissions and Requests for Production of Documents, at p. 3).  Likewise, the Manufacturing Defendants requested production of "electronically stored information," which, by Plaintiffs' definition, is "…synonymous in meaning and equal in scope to the usage of this term in Federal Rules of Civil Procedure 26 and 34(a)… [and]…also includes all information created, manipulated, communicated, stored, and best utilized in digital form, requiring the use of computer hardware and software as well as email of any type, category, or status, including, incoming, outgoing, draft, or deleted email."  (*See* Manufacturing Defendants' Initial Written Discovery to Plaintiffs, at p. 3).  As noted in Joint Report No. 3 (R. Doc. No. 190) and Joint Report No. 4 (R. Doc. No. 387, at p. 2), the parties have diligently labored to develop an efficient and reasonable plan for the production of the electronically stored information.

      The Manufacturing Defendants, in varying stages, have undertaken to determine the scope of the information sought and the best means by which to capture the requested information.  Upon information and belief, the most expeditious means of gathering this information is by searching the electronically stored data (that has been or will be collected) using specified keywords.  By running keyword searches, the parties will be able to more properly identify for review and production those electronic files that truly have potential relevance to the litigation.  However, third party vendors specializing in electronic searches of stored data are costly.  The fee for such services are typically based on the quantity of data to be searched and number of search terms that are utilized.  Each individual search typically has an additional fee associated with it.

      In light of the fact that each of the Manufacturing Defendants face extremely high costs to conduct searches of their respective electronically stored information, the Manufacturing

Defendants created a list of proposed search terms for Plaintiffs' review and requested that Plaintiffs share in the cost of the Defendants' searches. Plaintiffs then provided an expanded list of search terms and that contains over a hundred terms and reserved the right to further expand the list in the future. The terms originally proposed by the Manufacturing Defendants are as follows:

**Working List of Electronic Search Terms**

Formaldehyde (w/ misspellings)
Fmd
HCHO
Luan
Resin
Urea
FEMA
DHS
HUD
CDC
ATSDR
NIOSH
OSHA
EPA
Sierra Club
National Cancer Institute
Hurricane
Katrina
Rita
Charley
Andrew
Odor
Smell
Low odor
Low emitting
Low emission
LOFT
Half-life
abatement
Curing
Off-gassing
Hot stacking
Ventilation rate

Air quality
LFE
PPM
PPB
Parts per million
Parts per billion
Particle board/pressed wood, engineered wood, composite wood, plywood, fiberboard, adhesive, MDF, OSB (using Boolean search)

Additional Boolean search using *formaldehyde / HCHO*:
Spec!
Stand!
Quality
Compl!
Test!
Wood
Monitor!
Emission!
Emit!
Warn!
Safe!
Health!
Expos!
Danger!
Harm!
Medic!
Cancer!
Carcin!
Asthma
RADS

Manufacturer Specific:
Supplier names
Any other components that contained formaldehyde that were specific to manufacturer specifications

The terms added by the Plaintiffs' Liaison Counsel are as follows:

**PSC ADDITIONAL KEYWORD SEARCH TERMS:**

Abate!
Absorb!
ACS
Additives
Adhesive

5

AIHA
Alternative
American Chemical Society
American Industrial Hygiene Association
American Plywood Association
American Standard Testing Method
American Standards Association
Analy!
APA
ASA
ASTM
Bind!
Bond!
Climate
Coat!
Component part
Department of Homeland Security
DHAC
Exposure
Federal Emergency Management Agency
Fiberboard
Filler
Glue!
Green product
Heat
Humidity
Indoor Air
Industrial Board
Install!
Jack!
Manufactured Housing Institute
Medium density fiberboard
Medium density particleboard
MHI
National Particleboard Association
NCEH
NPA
Particleboard
Perforator
Plywood
Release
Sampl!
Storage Life
Structural Board
Tack

Tempered Hardboard
Treat!
Vapor!
Ventilation
Volume
Working Life
(*See* June 27, 2008 e-mail correspondence).  Moreover, Plaintiffs declined the Manufacturing Defendants' request for Plaintiffs to share in the costs of the searches.  (*See* July 3, 2008 e-mail correspondence).  Finally, Plaintiffs have indicated that they would not perform an electronic search of their own computers and/or email accounts using any search terms.  Consequently, the Manufacturing Defendants moved for a Protective Order setting forth the parameters for discovery of ESI, including a ruling as to how the cost of such searches will be fairly apportioned.

## **Manufacturing Defendants' Position**

The Manufacturing Defendants that moved for the Protective Order concerning ESI have documented their position in the Memorandum in Support of Motion for Protective Order on Electronic Discovery (R. Doc. No. 531).  In summary of the Memorandum, Manufacturing Defendants' Liaison Counsel propose the following parameters for the ESI:

1. Each Party requesting the ESI (Manufacturing Defendants, Plaintiffs and Government Counsel) share equally with the producing party the cost of the initial ESI search for the producing party.

2. The terms of the search will be limited to those terms agreed upon by the parties before the initial search.

3. If any additional ESI searches are subsequently requested, that the expense associated with the search, including reasonable attorneys' fees, will be borne by the requesting party.

4. That the Plaintiffs' Liaison Counsel should be required to place a litigation hold on their clients' ESI, and Plaintiffs should be ordered to comply with the same ESI obligations that are imposed on the Manufacturing Defendants and the Government.

7

5. That, based on the agreement of the plaintiffs if one can be reached, the court relieves those defendants who provided small numbers of THU's, the obligation (at the present time) of searching for ESI in response to plaintiffs' discovery requests.

          Respectfully submitted,

          **DUPLASS, ZWAIN, BOURGEOIS,**
          **PFISTER & WEINSTOCK**

          s/Andrew D. Weinstock
          _____
          **ANDREW D. WEINSTOCK #18495**
          **JOSEPH G. GLASS #25397**
          3838 N. Causeway Blvd., Suite 2900
          Metairie, LA 70002
          (504) 832-3700
          andreww@duplass.com
          jglass@duplass.com
          **DEFENDANTS' LIAISON COUNSEL**

## **C E R T I F I C A T E**

I hereby certify that on the 29th day of July, 2008, a copy of the foregoing Manufacturing Defendants' Position Statement Regarding Electronically Stored Information was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

          s/Andrew D. Weinstock
          _____
          ANDREW D. WEINSTOCK #18495
          andreww@duplass.com