**MINUTE ENTRY**
**ROBY, M. J.**
**July 23, 2008**

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: FEMA TRAILER FORMALDEHYDE** **PRODUCTS LIABILITY LITIGATION** | **CIVIL ACTION** **MDL NO:    07-01873** **SECTION:    "N" (4)** |

### ORDER

Before the Court is **Plaintiffs' Motion for Entry of Proposed "Stipulated Protective Order" (R. Doc. 538)**, filed by counsel for the Plaintiffs' Steering Committee, seeking the Court's assistance to confect a protective order agreeable to all of the parties, which protects the confidentiality of proprietary information exchanged during discovery. In opposition, the Manufacturing Defendants filed The Manufacturing Defendants' Response to Plaintiffs' Motion for Entry of the Proposed Stipulated Protective Order (R. Doc. 545) and the Defendant, the United States of America, filed Defendant United States of America's Response to "Plaintiffs' Motion for Entry of Proposed 'Stipulated Protective Order'" (R. Doc. 555).

The motion was heard with oral argument on July 23, 2008. On the day and time of the

MJSTAR:  00:47

hearing, Justin I. Woods appeared on behalf of the Plaintiffs, Henry T. Miller appeared on behalf of the Defendant, the United States of America, and Thomas C. Pennebaker appeared on behalf of the Manufacturing Defendants. The hearing was recorded by Diane Gertjejansen, at 504-589-7778.

**I.       Background**

This multi-district litigation arises from the state and federal claims brought by the Plaintiffs, and on behalf of putative class members, potentially totaling over 30,000 people, who claim to have been injured as the result of the alleged release of formaldehyde and/or formaldehyde vapors in the temporary housing units ("THUs") provided to them by the Federal Emergency Management Agency ("FEMA"), in the aftermath of Hurricanes Katrina and Rita.

In the subject motion, the Plaintiffs seek the Court's intervention to assist the parties in resolving their disagreements regarding provisions in a proposed protective order to govern proprietary and sensitive information exchanged in discovery. Specifically, the Plaintiffs point the Court to Paragraphs 3, 11, and 22 of the parties' proposed order as being in contention.

**A.       Paragraph 3**

First, as to Paragraph 3, the United States seeks to add language that would permit the disclosure of confidential information as required by the law or for law enforcement purposes. However, the Defendants contend that the proposed language is not narrowly tailored, such that the Plaintiffs or other entities in the litigation may unilaterally disclose the information based on their "belief" of illegality. The Defendants also assert that the proposed language circumvents the Defendants' notice and opportunity to be heard before such information is disclosed, and that special legal protections should be taken in the civil matter because of the potential criminal prosecution. The Plaintiffs take no position as to Paragraph 3.

In opposition, the United States argues that under its proposed language for Paragraph 3, only limited disclosure is permitted, as required by law or for the enforcement of laws. Furthermore, it contends the Defendants have not shown good cause for a protective order preventing the disclosure of information regarding illegal conduct.

**B.      Paragraphs 11 and 22**

Provisions in Paragraph 11 and Paragraph 22 are also in dispute. Paragraphs 11 and 22 contain parallel language regarding which party bears the burden of proving or disproving whether the confidential documents may be filed into the Court's record. The Plaintiffs contend that the producing party bears the burden to limit or exclude such confidential materials from use at trial or as evidence. In opposition, the Defendants contend that while the producing party has the burden to establish the confidentiality of a document at the outset, the party seeking to introduce, offer, or use confidential materials as evidence bears the burden to seek leave to file the evidence in the record. The Defendants contend that this procedure is the most judicially efficient because it would limit the number of motions, for otherwise, the producing party seeking to protect the evidence would have to file many more motions beyond what confidential documents are ultimately sought to be introduced as evidence.

In opposition, the United States argues that rather, the Defendants' proposed language will waste value time and resources because the non-producing party will seek to designate discovery as non-confidential, even if not used for trial. The United States also argues that the protective order, as drafted, is contrary to law because it effectively places the burden to disprove confidentiality on non-producing party. Specifically, it contends that under the current order, if the non-producing does not object within thirty (30) days of the production of the confidential

3

documents, it must later seek to disprove confidentiality at trial. In this matter, the United States notes that there are over sixty (60) Defendants and over thirty-thousand (30,000) Plaintiffs, which renders the ability of the non-producing party to lodge informed objections in thirty (30) days nearly impracticable.

The Court considers the parties' arguments below.

**II.     Analysis**

During the hearing on the motion, the parties represented to the Court that they may be able to resolve the issues in the motion, if provided with an opportunity to adequately confer about the language in the proposed stipulated order. Therefore, the Court briefly adjourned the proceedings to permit the parties to resolve their disagreements as to the proposed language. Shortly thereafter, the parties reconvened before the Court and indicated that after reviewing the Court's Standing Order[1], that they agreed to the following language for Paragraph 3:

> No Confidential Discovery Material shall be disclosed by Plaintiffs to any person or entity except in accordance with the terms, conditions, and restrictions of this Order. Additionally, no Confidential Discovery Material shall be disclosed by the United States to any person or entity, except in accordance with the terms, conditions, and restrictions of this Order, excepting that it may use such materials for purposes of law enforcement or the enforcement of any laws, without further permission from this Court.

The parties did not indicate whether they had agreed upon language as to the other two paragraphs in dispute, Paragraphs 11 and 22. However, they did represent to the Court that they jointly agreed that further discussions needed to take place with the other Defendants in the matter, and that the parties were willing to continue discussions regarding mutually-agreeable terms for the stipulated protective order.

---

[1] http://www.laed.uscourts.gov/GENERAL/Notices/Protective%20Orders.pdf

In light of the parties' concessions and representations to the Court, the Court concludes that the instant motion is moot. Nevertheless, the Court cautions the parties that they must fashion a protective order (1) in accordance with the definition of confidentiality as afforded by the Federal Rule of Civil Procedure ("Rule") 26 and (2) which conforms the requirements as set forth in the Court's standing order, entitled, "Procedures for Filing Documents Under Seal in Civil Cases," and found at http://www.laed.uscourts.gov/GENERAL/Notices/Protective%20Orders.pdf.

### III.   Conclusion

Accordingly,

**IT IS ORDERED** that **Plaintiffs' Motion for Entry of Proposed "Stipulated Protective Order" (R. Doc. 538)** is **DENIED AS MOOT**, in light of the parties' representations and proposed language, agreed upon by the parties.

**IT IS FURTHER ORDERED** that any future protective order submission to the Court must be drafted in compliance with the Rules and the Court's orders. Therefore, any such documents must be designated as confidential with the definition afforded by Rule 26 and the Court's standing order, entitled, "Procedures for Filing Documents Under Seal in Civil Cases," and found at http://www.laed.uscourts.gov/GENERAL/Notices/Protective%20Orders.pdf.

New Orleans, Louisiana, this 29th day of July 2008

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**