**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                          MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION          SECTION "N-4"

                                         JUDGE ENGELHARDT
                                         MAG. JUDGE ROBY

THIS DOCUMENT IS RELATED TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PSC MEMORANDUM IN SUPPORT OF**
**MOTION FOR LEAVE TO FILE SECOND**
**SUPPLEMENTAL AND AMENDED**
**MASTER COMPLAINT**

**MAY IT PLEASE THE COURT:**

I. <u>Proposed Amendment</u>

Since the filing of the original Master Complaint, the PSC has received information to the effect that certain defendants named therein, i.e., Integrity Midwest Inc., d/b/a US Adventure RV, and Tom Stinnett Holiday RV Center, are not the manufacturers of housing units which are at issue in this litigation. The PSC also has received information that certain represented claimants in these proceedings resided in units manufactured by companies which to date have not been named as defendants in either the Original or the First Supplemental and Amended Master Complaint. Finally, the PSC has been able to analyze claims information as it is being received in order to match or link specific plaintiffs to the named defendant manufacturers of housing units in which these plaintiffs resided. Thus, it has become possible to now specify this information in the cases of all or most of the named plaintiffs/putative class representatives identified in the proposed Second Supplemental

and Amended Master Complaint.  This new information also makes it both appropriate and necessary to identify previously unnamed class members as plaintiffs, and proposed class representatives, for the purpose of a more complete "matching" of class claimants and defendant manufacturers.[1]

The PSC therefore proposes to file the attached amended Complaint in order to accomplish the following:

**Both Integrity Midwest, Inc., d/b/a US Adventure RV and Tom Stinnett Holiday RV Center will be deleted as named defendant manufacturers.**

An affidavit dated July 1, 2008 has been received from John Dresselhaus, President of Integrity Midwest, Inc., d/b/a US Adventure RV, a company named as a defendant manufacturer in the original Master Complaint.  This affidavit is made Attachment I.  In it, Mr. Dresselhaus avers under oath that this company did broker the sales of travel trailers from certain manufacturers to FEMA, but did not itself manufacture, design, install or inspect any such units, and did not brand or label any units as its own or otherwise hold itself out as a manufacturer of units.  *See* Dresselhaus Affid. [Attachment I].

The PSC also is in receipt of an affidavit of July 10, 2008 from Tom Stinnett, the chief executive officer of Tom Stinnett Holiday RV Center, Inc.  This affidavit is made Attachment II. In it, Mr. Stinnet avers under oath that this company is an RV dealership which entered into a contract with FEMA to provide travel trailers through the dealership's industry contacts with manufacturers and other dealers.  The company, however, did not design, manufacture, install or

---

[1]Based on claimant information now received, the PSC's proposed amendment also eliminates the name of Carol Eleanor Salassi as a putative class representative identified in the Master Complaint.  Ms. Salassi has asked to withdraw her claims in this litigation.

inspect any of the travel trailers which were provided to FEMA through this arrangement, and neither did the company brand or label any such units or hold itself out to be a manufacturer of same. *See* Stinnett Affid. [Attachment II].

On this basis, this PSC proposes to remove each of these two entities as manufacturers named as defendants in the Master Complaint. This will be done without prejudice, i.e., with the express reservation of plaintiffs' rights to re-name these entities as defendants should discovery provide a basis for doing so at a later time.

**Certain defendant manufacturers will be added as named defendants**

The PSC continues to receive specific claims information regarding plaintiffs represented in these proceedings either by the PSC or by counsel working with the PSC. It appears that as to a number of these individuals (all of whom have retained counsel to make claims as part of this MDL), it is possible to specify the manufacturer of the emergency housing unit in which the individual resided, and yet the manufacturer has not yet been named as a defendant in either the Original or in the First Supplemental and Amended Master Complaint.

The PSC is sensitive to the fact that deadlines have been established and proceedings are in progress, even as these new defendants would be added. However, the PSC respectfully submits that it is important in this MDL that every plaintiff who comes forward to present a claim be in a position to seek recovery against the specific manufacturer of the unit in which that plaintiff resided.

The new manufacturing entities who now will be added as defendants are the following:

1.    Alliance Homes, Inc. d/b/a Adrian Homes

2.    Timberlane RV Company d/b/a Adventure Manufacturing

3.    Champion Enterprises, Inc.

4.      Heartland Recreational Vehicles, LLC

5.      Hy-Line Enterprises, Inc.

6.      Lexington Homes

7.      Townhomes, LLC

8.      Homes of Merit, Inc.

9.      Play'Mor Trailers, Inc.

10.     Dreams R.V. Sales, Inc.

11.     Sunnybrook R V, Inc.

In each of the above cases, the proposed amended pleading matches a named plaintiff class member to the newly-added defendant manufacturer.

**Additional named plaintiff/putative class representative in the Master Complaint will be linked or matched to the manufacturer of the housing unit in which that plaintiff resided.**

Various defendants in motion practice have raised standing and/or justiciability issues based on the fact that the Original and First Supplemental and Amended Master Complaints do not specify the manufacturers of the units in which named plaintiffs resided.  The PSC has responded to these arguments in memoranda filed with the Court.  However, in order to facilitate the continuing case management of these proceedings for purposes of both class certification and bellwether trial plaintiffs selection, the PSC has undertaken a review of available claims data in order to match known, represented claimants to units manufactured by named defendants.  The attached proposed Second Supplemental and Amended Master Complaint provides this information with respect to both the class representatives named in the original Master Complaint and proposed, additional class representatives.

-4-

II.  Argument

The proposed amended pleading not only clarifies the original Master Complaint by demonstrating for the record the individual Article III standing of each previously-named plaintiff and proposed class representative *vis-a-vis* a named defendant manufacturer, but also seeks to add proposed class representatives so that the same individual standing on the part of an actual claimant and class member can be demonstrated for each and every named defendant manufacturer to the fullest extent possible, based upon existing claimant information.  The PSC undertakes to do this by amendment, even though it still contends that all of the originally named plaintiffs and proposed class representatives herein have both constitutional (Art. III) and statutory (FRCP 23) standing to bring claims against both the originally-named and the newly-added defendants in this litigation.[2]

Constitutional standing limits the judicial power of the United States to the resolution of "cases" and "controversies," by requiring, at a minimum, that the party who invokes the court's authority "personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant."  *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 99, 99 S.Ct. 1601, 1608, 60 L.Ed.2d 66 (1979).  The alleged injury must be one that "fairly can be traced to the challenged action," and one that is likely to be redressed by a favorable decision."  *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471-

_____

[2]      See *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 831, 119 S.Ct. 2295, 2307 (U.S. 1999).  "Ordinarily...this or any other Article III court must be sure of its own jurisdiction before getting to the merits. *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 88-89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). But the class certification issues are, as they were in *Amchem,* "logically antecedent" to Article III concerns, 521 U.S., at 612, 117 S.Ct. 2231, and themselves pertain to statutory standing, which may properly be treated before Article III standing, see *Steel Co., supra,* at 92, 118 S.Ct. 1003."

472, 102 S.Ct. 752, 757-758 (U.S. 1982); *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S.

26, 38, 41, 96 S.Ct. 1917, 1924, 1925, 48 L.Ed.2d 450 (1976).

Through the amendment now proposed each named plaintiff alleges that his or her

formaldehyde exposure was caused by the defendant manufacturer of his or her FEMA-provided

EHU.   In this way, the Master Complaint, as amended, will confirm and clarify the individual,

constitutional standing of each named plaintiff pursuant to the standards enunciated in the above

jurisprudence.   The Master Complaint also sets forth the nature of plaintiffs' injuries and damages,

which are clearly of the type typically addressed through the judicial process.[3]

Since the named plaintiffs in the original Master Complaint have such constitutional

standing, the cases relied upon by defendants are inapposite.   Unlike the original plaintiffs in *Audler*

*v. CBC Innovis Inc.*, 519 F.3d 239 (5th Cir. 2008); *Rivera v. Wyeth-Ayerst Laboratories*, 283 F.3d

---

[3]      Specifically with regard to the "actual injury" requirement of Article III standing, it is well-established that "at the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, assuming they meet the minimum requirements." *Public Citizen, Inc. v. Bomer,* 274 F.3d 212 (5th Cir.2001), *citing Defenders of Wildlife,* 504 U.S. at 561, 112 S.Ct. 2130;  *Matte v. Sunshine Mobile Homes, Inc*. 270 F.Supp.2d 805, 816 (W.D.La. 2003); *see also Lewis v. Casey,* 518 U.S. 343, 357-358, 116 S.Ct. 2174, 2183 (U.S.1996) ("The general allegations of the complaint in the present case may well have sufficed to claim injury by named plaintiffs, and hence standing to demand remediation....   At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim.").   Unlike the plaintiffs in the *Matte* case or plaintiffs in other cases which defendants' counsel cited to the Court at oral argument for instance, namely, *Lewis v. Casey* (inmates alleging violation of right to access to the courts due to substandard prison law libraries) and *O'Shea v. Littleton,*  414 U.S. 488, 94 S.Ct. 669 (U.S. 1974) (plaintiffs seeking a civil rights class action for injunctive relief against local law enforcement officials alleging deprivation rights under the Constitution and civil rights acts due to continuing pattern and practice of conduct consisting of illegal bond setting, sentencing, and jury fee practices in criminal cases), plaintiffs in this case have asserted that they have in fact been harmed, i.e., they have alleged injuries in fact and not simply in "theory".

315 (5th Cir. 2002); *Summit Office Park, Inc. v. U.S. Steel Corp.*, 639 F.3d 1278 (5th Cir. 1981), and

*Federal Recovery Services, Inc. v. U.S.*, 72 F.3d 447 (5th  Cir. 1995), none of whom was able to

establish Article III standing and thus, without standing, could not amend their suits to cure

jurisdictional defects, the original plaintiffs in this case do have standing, do present cases and

controversies individually, and clearly have a continuing justiciable interest in the subject matter of

this class litigation.

      In *Summit Office*,  the Fifth Circuit, after determining that the named plaintiff and the

putative class it sought to represent had lost standing to sue under the antitrust laws which formed

the basis of the litigation due to a change in the law, limited its holding as follows: "We hold only

that where a plaintiff *never had standing* to assert a claim against the defendants, it does not have

standing to amend the complaint and control the litigation by substituting new plaintiffs, a new class,

*and* a new cause of action." 639 F.2d at 1282 [emphasis added].  Importantly, however, that Court

recognized that Rule 15 <u>permits</u> amendments to add defendants, if the amendments are urged by a

plaintiff <u>who continues to have a stake in the controversy</u>.  *Id.* at 1284, n. 11, citing *McLellan v.*

*Mississippi Power & Light Co.,* 526 F.2d 870 (5th Cir. 1976), <u>modified on other grounds</u>, 545 F.2d

919 (5th Cir. 1977) (en banc).

      The statutory standing of the plaintiffs named in the original Master Complaint is predicated

on Rule 23, and the proposed status of these named plaintiffs as class representatives.  The PSC will

not reiterate here its previously-submitted arguments that the Rule 23 "typicality" and "adequacy of

representation" analyses are the logical predicates for addressing the "standing" of these named

plaintiffs as proposed class representatives.  Suffice it to say that the PSC reiterates its contention

that the newly-added defendants have misconstrued the case law in suggesting to this Court that class

representatives who have clear Article III standing as to certain named defendants in a class action, cannot proceed as class representatives on behalf of a class of individuals in which juridically-linked and related claims against other named defendants are included. The argument by defendants that the present amendment cannot be sought by plaintiffs with Article III standing in this matter, is simply not supported by any of the Fifth Circuit or other jurisprudence on which they rely.

The PSC therefore respectfully adopts and incorporates its prior written argument regarding this issue, as set forth in the PSC Memorandum in Opposition to the Motion to Dismiss Administrative Master Complaint on behalf of Newly-Added Defendants [Doc. 259]. The PSC opposition memorandum is filed as Doc. 350, and the specific pages which the PSC now incorporates for present purposes are pages 2-11 of that opposition memorandum.

This matter already has been consolidated under the statutory provisions for multidistrict litigation (28 U.S.C. §1407) on the basis that consolidated civil actions against the several manufacturing defendants and United States of America involve one or more common questions of fact and law. The original Master Complaint and underlying complaints all specify the issues of fact and law common among parties plaintiff and defendant.

As will be established when the plaintiffs' motion for class certification is heard by the Court, not only is joinder of all defendants (including new defendants) named in the amended Master Complaint appropriate, but the class action device through which to litigate the common issues is also the most judicially expedient course to accomplish resolution of the claims asserted against these entities. Each named defendant manufacturer, by virtue of a contractual relationship with the Government (through FEMA), provided EHU's which plaintiffs have alleged should not have been provided for use as semi-permanent housing due to the unreasonable risk of formaldehyde exposure.

The juridical link doctrine is primarily a test for ensuring the typicality and adequacy of class representatives in such a multiple defendant class action, and this approach has not been rejected, as certain defendants claim, by the Fifth Circuit in *Audler*. The Court's comment regarding the juridical link doctrine in *Audler* correctly expressed the prevailing view that the doctrine pertains to Rule 23(a) concerns more than to (Art. III) standing, declining to apply the doctrine in that particular case because the sole plaintiff and putative class representative was without standing to bring a private claim and therefore, *a fortiori*, a class-wide claim.

At the oral argument before this Court on July 23, 2008, counsel for the newly-added defendants candidly acknowledged that the real thrust of the present attempt to dismiss the Master Complaint against these entities (and likewise to oppose this motion to amend), has to do with the statute of limitations. In effect, these defendants urge the Court to require plaintiffs to institute a new action in the hope that the claims asserted both individually and in the proposed class action will have prescribed by the time of the new filing. Respectfully, this gambit is clearly contrary to the fundamental policy underlying Rule 15's liberal treatment of amended pleadings.

Under FRCP 15(c), amendments to complaints may relate back to the time of the filing of the original complaint. In expressly allowing "relation back" in certain cases were pleading amendments add new defendants, the Rule promotes the policy of recognizing that claims against new entities which arise out of the conduct or transactions of the original complaint, should not be treated as "new" proceedings when this would "defeat unjustly the claimant's opportunity to prove his case." *See* Advisory Committee Notes for 1966 Amendment, FRCP 15. Such "relation back" specifically is allowed when the newly-added entity has been given "such notice of the action that it will not be prejudiced in defending on the merits...." Rule 15(c)(1)(C)(ii).

-9-

In the context of this proposed class action, the question becomes whether the defendants opposed to this amendment will be actually or unfairly prejudiced in maintaining a defense against a newly-added plaintiff. *See* 1 Alba Conte and Herbert B. Newberg, NEWBERG ON CLASS ACTIONS § 1:1 (4th ed.). Here, the specified claims against the "newly added" defendants in the proposed amended complaint obviously arise out of the conduct set forth in the original Master Complaint. Each such defendant had "notice" and knew, or should have known, that certain class member claims against it would be prosecuted. Where such notice occurs within 120 days of the filing of the original Complaint (in this case, July 16, 2008), or even longer if good cause is shown, leave to amend should be granted by the Court under Rule 15. *Douglas v. National R.R. Passenger Corp.* 1997 WL 660598, 1 (E.D.La.1997).[4]

There is no doubt that the newly-added defendants in this case have had sufficient notice of this litigation and of the fact that plaintiff class members were both asserting claims against them and praying for the establishment of a class which specifically would include these claims against them. There likewise can be no doubt that the plaintiffs have undertaken to hold accountable in this

---

[4] The jurisprudence makes clear that <u>actual</u> notice can occur in different ways: Informal as well as formal notice is sufficient. Service upon an agent of a party to be brought in by the amendment, for example, is adequate notice to that party. *Kirk v. Cronvich,* 629 F.2d 404 (5th Cir.1980); *Montgomery v. United States Postal Service,* 867 F.2d 900 (5th Cir.1989). Notice may also be inferred if there is an identity of interest between the party originally sued and the party sought to be brought in by amendment. This occurs when the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other. *Kirk v. Cronvich,* 629 F.2d 404, 407, n. 4 (5th Cir.1980); *Honeycutt v. Long,* 861 F.2d 1346, 1351, n. 7 (5th Cir.1988); *Douglas v. National R.R. Passenger Corp.*, at 2.

MDL all manufacturers which supplied EHU's to FEMA in response to Hurricanes Rita and Katrina.

Indeed, many of the newly-added defendants already have appeared and engaged in motion practice.

In *Alexander v. Wyeth Lab* (*In re Norplant Contraceptive Products Liability Litigation*, 163

F.R.D. 255 (E.D. Tex. 1995), plaintiffs were allowed to add three additional plaintiffs and one

additional defendant by way of an amended pleading, in order to assert a misrepresentation claim

in an action against sellers and distributors of implanted contraceptive devices. The additional

plaintiffs there complained of the same side-effects as those alleged in the original complaint, and

the Court concluded that granting leave to amend in order to add these plaintiffs would cause neither

undue delay in the proceedings nor undue prejudice to defendants.  There, as here, the putative class

action was in its early stages, making it even more clear that defendants would not be unfairly

prejudiced by the addition of three new plaintiffs.  *See* 1 Alba Conte and Herbert B. Newberg,

NEWBERG ON CLASS ACTIONS  § 6:3 (4th ed.)

Finally, it is clear that the defendant manufacturers are all properly joined pursuant to  FRCP

20(a)(2), which provides:

> **a) Persons Who May Join or Be Joined.**
> **(2) *Defendants.*** Persons--as well as a vessel, cargo, or other property subject to admiralty process in rem--may be joined in one action as defendants if:
>
> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> **(B)** any question of law or fact common to all defendants will arise in the action.

FRCP 20(a)(3) specifically provides: "***Extent of Relief***. Neither a plaintiff nor a defendant need be

interested in obtaining or defending against all the relief demanded. The court may grant judgment

to one or more plaintiffs according to their rights, and against one or more defendants according to

their liabilities."

-11-

Rule 20(a) has substantially expanded party joinder beyond that allowed under the common-law rules and the state codes, so that parties-plaintiff who are asserting a claim "jointly, severally, or in the alternative" may join alternatively as long as a claim is stated on behalf of each of them. This part of the Rule also has resulted in a substantial expansion of the availability of joinder of defendants in the federal courts.  *See* 7 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice & Procedure § 1654.

Indeed, "[l]ike the class action device, permissive joinder under Rule 20(a) is designed to promote judicial economy by "reduc(ing) inconvenience, delay, and additional expense." William D. Henderson, *RECONCILING THE JURIDICAL LINKS DOCTRINE WITH THE FEDERAL RULES OF CIVIL PROCEDURE AND ARTICLE III,*  67 U. Chi. L. Rev. 1347 (2000), (quoting in part *Coughlin v Rogers*, 130 F.3d 1348, 1351 (9th Cir 1997), citing *Guedry v Marino*, 164 F.R.D 181, 184 (E D La 1995)).  The district court in the *Guedry* case stated:

> The purpose of Rule 20(a) is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits. *See Mosley v. General Motors Corp.,* 497 F.2d 1330, 1332 (8th Cir.1974); *See also, Ponthieux v. Sealift, Inc.,* 1993 WL 370644 (E.D.La.1993); *Warren v. New Orleans Police Department,* 1992 WL 245655 (E.D.La.1992). Moreover, under the Federal Rules of Civil Procedure, 'joinder of claims, parties and remedies is strongly encouraged.' *Mosley,* 497 F.2d at 1332, ( *citing United Mine Workers v. Gibbs,* 383 U.S. 715, 724, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966)).
>
> .....
>
> ...There is no strict rule for determining what constitutes the same occurrence or series of transactions or occurrences for purposes of Rule 20(a). *Mosley,* 497 F.2d at 1333. Furthermore, Rule 20(a) does not require that every question of law or fact in the action be common among the parties; rather, the rule permits party joinder whenever there will be at least one common question of law or fact. *See* 7 Charles A. Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure* § 1653, at 387 (1986).

*Guedry*, 164 F.R.D. at 184.

Similar to the class action device, Rule 20(a) is designed to promote judicial economy by reducing inconvenience, delay, and the need for multiple trials, and, as a result, the "same transaction or occurrence" and "common question of law or fact" requirements are usually given a broad construction. *See United Mine Workers v Gibbs*, *supra,* 383 US at 724 (1966).

Under 15(a)(2) of the Federal Rules of Civil Procedure, amendments to complaints should be freely permitted "when justice so requires."  The PSC submits that, in the above instances, both justice and appropriate MDL case management justify the requested amendments to the Master Complaint, and therefore asks leave to file the Second Supplemental and Amended Complaint attached hereto.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**


BY:     s/Gerald E. Meunier
         GERALD E. MEUNIER, #9471
         **PLAINTIFFS' CO-LIAISON COUNSEL**
         Gainsburgh, Benjamin, David, Meunier &
         Warshauer, L.L.C.
         2800 Energy Centre, 1100 Poydras Street
         New Orleans, Louisiana 70163
         Telephone:     504/522-2304
         Facsimile:      504/528-9973
         gmeunier@gainsben.com


         s/Justin I. Woods
         JUSTIN I. WOODS, #24713
         **PLAINTIFFS' CO-LIAISON COUNSEL**
         Gainsburgh, Benjamin, David, Meunier &

-13-

Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:     504/522-2304
Facsimile:      504/528-9973
jwoods@gainsben.com


**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, JR., #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
RONNIE PENTON, #10462


## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2008, I electronically filed the foregoing with the Clerk of

Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of

record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the

notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF

participants.

s/Gerald E. Meunier
GERALD E. MEUNIER, #9471