UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                              MDL NO. 07-1873
          FORMALDEHYDE PRODUCTS
          LIABILITY LITIGATION
                                                 SECTION "N"  (4)

THIS DOCUMENT RELATES TO
ALL CASES

## ORDER AND REASONS

Before the Court is the "Motion to Dismiss Administrative Master Complaint on Behalf of Newly Added Defendants CMH Manufacturing Inc., Southern Energy Homes, Inc., Giles Industries, Inc., Sunray RV, LLC, Palm Harbor MFG., LP, and Palm Harbor Albemarle, LLC" (Rec. Doc. 259). After reviewing the Complaint, the memoranda of the parties, and the applicable law, the Court rules as set forth herein.

## I.      BACKGROUND

Beginning on May 1, 2006,  Plaintiffs began instituting this litigation through separate lawsuits against certain Defendants in  Louisiana federal district courts. (See Civil Action Number 06-2576).  Thereafter, these separate lawsuits were centralized by the United States Judicial Panel on Multidistrict Litigation to facilitate consolidated pretrial proceedings in the Eastern District of Louisiana. Since this United States Judicial Panel on Multidistrict Litigation Order was issued, a substantial number of additional "tag along" actions, which were initiated in various state and federal courts, have been removed and/or transferred to this Court.  These cases, now making up what is referred to "In Re: FEMA Trailer Formldehyde Products Liability Litigation" ("the MDL"), are all pending before the undersigned.

In Pre-Trial Order No. 2, this Court directed Plaintiffs' counsel to "file a consolidated Master Complaint by February 29, 2008. The Master Complaint shall incorporate and supercede all pending actions and those subsequently filed, removed, or transferred to this Court as part of this proceeding." (Rec. Doc. 87).   After requesting and being granted one filing extension, Plaintiffs' counsel, on March 18, 2008,  filed the Administrative Master Complaint ("AMC") directly into the MDL proceeding.  (Rec. Doc. 109).

Plaintiffs' AMC purported to be a class action filed on behalf of persons residing or living along the Gulf Coast of the United States in travel trailers, park models, and manufactured homes provided by the Federal Emergency Management Agency ("FEMA") after Hurricanes Katrina and Rita in August and September of 2005.   Plaintiffs claimed to have been exposed to purportedly high levels of formaldehyde contained in the housing units.

In the instant motion to dismiss, "Newly Added Defendants" CMH Manufacturing Inc., Southern Energy Homes, Inc., Giles Industries, Inc., Sunray RV, LLC, Palm Harbor MFG., LP, and Palm Harbor Albemarle, LLC ("the Newly-Added Defendants") take issue with the fact that the AMC itself added new, never-before-named defendants to the litigation.   The Newly-Added Defendants contend that there is no substantive or procedural basis for such an independent, direct filing into an MDL proceeding. Further the Newly-Added Defendants complain that none of them had been named as a party defendant in any civil action previously commenced and transferred to this MDL proceeding. Although the Newly-Added Defendants raise four specific arguments in

support of their motion to dismiss[1], because the Court finds that Plaintiffs lack standing, the Court need go no further than the first of the Newly-Added Defendants' four arguments.

## II.    LAW AND ANALYSIS

### A.    Legal Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure governs challenges to a court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir.1996)). "Courts may dismiss for lack of subject matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir.1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981)). The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir.1981).  In ruling on a motion to dismiss for lack of standing, courts must accept as true all material allegations of the Complaint, and must construe the Complaint in favor of the complaining party. *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975).

---

[1] The four arguments raised in this motion are as follows: (1) Plaintiffs have failed to satisfy their burden of establishing Article III standing; (2) the AMC should be dismissed because the filing is a fictitious procedural creature; (3) Plaintiffs have improperly joined whatever individual claim each may theoretically have against a Defendant with claims that other Plaintiffs may or may not have against other Defendants and have failed to demonstrate any common evidentiary link between Plaintiffs' claims and the Defendants; and (4) the Newly-Added Defendants seek to adopt and incorporate many standard Rule 12 defenses and to join in other such motions filed in this action.

Even though Defendants have also brought up three other issues (in addition to their standing argument), this Court must first address the issue of standing. Rule 12(b)(1) motions for lack of subject matter jurisdiction must be considered by the district court before other challenges. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994).

### B.      Law Regarding Standing

The standing doctrine is a threshold inquiry to adjudication, which defines and limits the role of the judiciary. *McClure v. Ashcroft*, 335 F.3d 404, 408 (5th Cir.2003) (citing *Warth*, 422 U.S. at 517-18). It is well settled that unless a plaintiff has standing, a federal district court lacks subject matter jurisdiction to address the merits of the case. In the absence of standing, there is no "case or controversy" between the plaintiff and defendant which serves as the basis for the exercise of judicial power under Article III of the constitution. *Warth*, 422 U.S. at 498-499. The key question is whether the plaintiff has "alleged such a personal stake in the outcome of the controversy" as to warrant federal court jurisdiction. *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962).

The "irreducible constitutional minimum of standing contains three elements": "[T]he plaintiff must have suffered an injury in fact," "there must be a causal connection between the injury and the conduct complained of," and "it must be likely ... that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 560-61. The plaintiffs, as the parties invoking federal jurisdiction, bear the burden of establishing these elements. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Failure to establish any one deprives the federal courts of jurisdiction to hear the suit. *Id.*

4

C.        **Analysis**

Here, the Newly-Added Defendants argue that standing does not exist because no Plaintiff

has alleged that he or she has lived in a housing unit made by one of the Newly-Added Defendants.

Similarly, no Plaintiff has alleged that he or she was harmed as a proximate result of any action

taken by any specific Newly-Added Defendant.  While Plaintiffs admit that they are not matched

up to specific Newly-Added Defendants, they assert that any challenge to standing at this pre-class

certification stage is premature, based on *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 119 S.Ct. 2295,

144 L.Ed.2d 715 (1999).  Plaintiffs also argue that the Defendants' arguments regarding standing

fail to properly recognize the import of the so-called "juridical link" doctrine, which arose out of the

Ninth Circuit case of  *La Mar v. H & B Novelty & Loan Co.,* 489 F.2d 461 (9th Cir.1973).

As a district court in Massachusetts noted, the *Ortiz* case and the "juridical link" doctrine

established in *La Mar*, answer two separate and distinct questions:

> *Ortiz* deals with timing.  It speaks to whether a court should address class
> certification issues before Article III standing issues. The juridical link
> doctrine deals not with timing, but rather with substance. It answers the
> question of whether two defendants are sufficiently linked so that a plaintiff
> with a cause of action against only defendant one can also sue the other
> defendant under the guise of class certification.

*In Re Eaton Vance Corp. Securities Litigation*, 220 F.R.D. 162 (D. Mass 2004).  This Court's

analysis will begin with the timing issue, raised in *Ortiz*.

Essentially, Plaintiffs argue that, according to *Ortiz*, the Court should ignore the deficiencies

in their AMC and defer addressing the issue of standing until after the class certification inquiry is

addressed. As Defendants note, the standing issue in *Ortiz* concerned the justiciability of the claims

of the absent unnamed class members – and not the Article III standing of the named class representatives themselves, as in this case.  As a result, the *Ortiz* Court followed *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 612-13 (1997) in holding that the class certification issue was "logically antecedent" to the standing issue because the standing issue for the absent unnamed class members would not even exist but for class certification.  *Amchem*, 521 U.S. at 613.

The instant case is different.  Here, the Newly-Added Defendants are not alleging that the absent *unnamed class members* do not have standing, although they do claim that to be true. Instead, the Newly-Added Defendants claim that the *named* Plaintiffs have failed to satisfy their burden to establish that they have Article III standing.   Thus, here, unlike in *Ortiz*, the standing issue raised by the Newly-Added Defendants exists independently of Plaintiffs' attempts to make this matter a class action. The Fifth Circuit has recognized this limited application of *Ortiz* and *Amchem*:

> Although there is a limited exception for suits in which the class certification issues are 'logically antecedent to the existence of any Article III issues, this exception is not applicable here. In the instant case, in contrast to *Ortiz* and *Amchem*, the standing question would exist whether Rivera filed her claims alone or as part of a class; class certification did not create the jurisdictional issue.

 *Rivera v. Wyeth-Ayerst Labs*., 283 F.3d 315, 319, n. 6 (5th Cir.2002); see also *Matte v. Sunshine Mobile Homes, Inc.*, 270 F. Supp.2d 805, 822 (W.D. La. 2003).  Although Plaintiffs urge the Court to follow *Ortiz* and *Payton v. County of Kane,* 308 F.3d 673, 680 (7th Cir.2002), claiming that those cases require standing to be analyzed *after* the class certification inquiry, the Fifth Circuit, on the other hand, has designated *Ortiz* a "limited exception" that only applies in cases where class

6

certification issues are "logically antecedent" to Article III issues. *Ford v. NYLCare Health Plans of the Gulf Coast, Inc*., 301 F.3d 329, 333 n. 2 (5th Cir.2002); *Rivera*, 283 F.3d at 319, n. 6.  Thus, at least in this circuit, the general rule that "standing is an inherent prerequisite to the class certification inquiry," still applies. *Rivera*, 283 F.3d at 319 (quoting *Bertulli v. Indep. Ass'n of Cont'l Pilots*, 242 F.3d 290, 294 (5th Cir.2001)).  Here, the Newly-Added Defendants' Motion to Dismiss for lack of standing could and would have been filed regardless of the inclusion of class allegations because the named Plaintiffs -individually - have not alleged facts sufficient to establish Article III standing.  Thus, it is proper for standing to be addressed now, at the pre-certification stage.

As for Plaintiffs' arguments that the "juridical link" doctrine applies, this Court recognizes that it has never been adopted by the Fifth Circuit.  *Audler*, 519 F.3d at 248.  The Ninth Circuit, in the *La Mar* case, held that a plaintiff without a cause of action against a specific defendant cannot " 'fairly and adequately' protect the interests of those who do have such causes of action" for purposes of Rule 23(a). *Id.* at 466. Nevertheless, the *La Mar* Court held that if the plaintiffs as a group-named and unnamed-have suffered an identical injury at the hands of several parties related by way of a conspiracy or concerted scheme, or otherwise "juridically related in a manner that suggests a single resolution of the dispute would be expeditious," the claim could go forward. *Id*. This doctrine is essentially premised on the notion that the class, not the class representative, is the relevant legal entity for the purpose of Article III justiciability concerns.

The Fifth Circuit, on occasions where it was presented with the opportunity to address and adopt the "juridical link" doctrine, has continued to require plaintiffs to assert direct claims against each defendant in order to satisfy the Article III standing requirement.  In fact, in the *Rivera* case,

the Fifth Circuit determined that the district court had erred by not demanding a showing of subject

matter jurisdiction before it certified the class.  283 F.3d at 319.  Also, a district court in the Western

District of Louisiana determined that the "juridical link" doctrine has no bearing on the issue of

standing. *Matte*, 270 F. Supp. 2d at 822; *In re Eaton Vance Corp. Sec. Litig.*, 220 F.R.D. 162, 170-

71 (D. Mass. 2004) ("[i]t is clear that class certification and Article III standing are separate and

distinct issues, regardless of whether the named plaintiff's injury is similar to that of unnamed

plaintiffs . . . . In short, 'the juridical link doctrine' is not relevant to the issue of standing").  The

Court reasoned:

> Underpinning the juridical link doctrine is the idea that "a single resolution
> of the dispute would be expeditious."  Article III standing, however, does not
> often bend to expediency and the Supreme Court has warned against such an
> approach. See *Raines*, 521 U.S. at 820, 117 S.Ct. 2312 (stating that an Article
> III standing analysis cannot be abandoned "for the sake of convenience and
> efficiency"); *Valley Forge*, 454 U.S. at 476, 102 S.Ct. 752 (stating that
> Article III standing "is not merely a troublesome hurdle to be overcome if
> possible so as to reach the merits of a lawsuit").

220 F.R.D. at 170, some citations omitted.

Likewise, this Court has serious reservations adding the "juridical link" doctrine into its

Article III standing analysis, and agrees that the Constitutional requirement of Article III standing

should not be trumped by a judge-made doctrine (i.e., the "juridical link" doctrine) that has never

been adopted by this Circuit.

Also pertinent to this inquiry is the Fifth Circuit's ruling in *Audler v. CBC Innovis, Inc.,* 519

F.3d 239 (5th Cir. 2008), wherein the named plaintiff's claims against one defendant, with which

he had dealings, were dismissed by the district court. On  appeal, the question for the Fifth Circuit

became whether the named plaintiff could have Article III standing against the remaining defendants with which he had *not* dealt. The Fifth Circuit found that the named plaintiff lacked standing, and dismissed the appeal. *Id*. at 248. Since the remaining defendants had no dealings with the named plaintiff, the Fifth Circuit ruled that the class defendants "have caused [the named plaintiff] no cognizable injury." *Id.* at 247. According to the Court, the named plaintiff "lacks standing to bring claims against any Defendant other than [the defendant with which he dealt]."  *Id.* Here, the named Plaintiffs have similarly not set forth allegations sufficient and specific enough to establish that any of them has Article III standing to pursue claims against any of the Newly-Added Defendants. Further, Plaintiffs admit  that they have not alleged that any particular Plaintiff ever lived in a housing unit manufactured by any of the Newly-Added Defendants.

Thus, the Court finds that the AMC is deficient because it fails to include allegations that any particular plaintiff lived in any particular housing unit or was harmed by a specific manufacturer of any housing unit. See *Audler*, 519 F.3d 239.  Standing is an irreducible constitutional minimum that is a threshold inquiry to adjudication.  The Court cannot simply ignore the fact that, at this point in time, sufficient facts have not been alleged to show that standing exists.

In their opposition, Plaintiffs assert that they will correct this deficiency at some date in the future.  During oral argument held on July 23, 2008, Plaintiffs indicated that they had, in draft form, a motion to amend the AMC to cure this deficiency.  During the hearing, counsel for the Newly-Added Defendants stated that they would oppose the motion to amend on the basis that because standing does not exist presently, Plaintiffs have no right to amend the Complaint to cure the deficiency.  To support their positions, the Newly-Added Defendants cite *Summit Office Park v. U.S.*

*Steel Corp.*, 639 F.2d 1278, 1282 (5ᵗʰ Cir. 1981), wherein the Fifth Circuit determined that "where a plaintiff never had standing to assert a claim against the defendants, it does not have standing to amend the complaint and control the litigation by substituting new plaintiffs."  The Newly-Added Defendants also cite *Aetna Casualty & Surety Co. V. Hillman,* 796 F.2d 770, 774 (5ᵗʰ Cir. 1986), wherein the Fifth Circuit held that Rule 15 does not allow a plaintiff to amend his complaint to substitute a new plaintiff in order to cure the lack of subject matter jurisdiction.  Finally, the Newly-Added Defendants cite *Federal Recovery Services, Inc. V. United States*, 72 F.3d 447, 453 (5ᵗʰ Cir. 1996), wherein the Fifth Circuit reiterated that Rule 15 does not permit a plaintiff to amend to create jurisdiction where none existed.

This Court finds that the cases of *Summit Office Park*, *Hillman*, and *Federal Recovery Services* are distinguishable from this case.  Most importantly, Plaintiffs in this MDL are not seeking to substitute new plaintiffs to create standing.  Instead, Plaintiffs are seeking to delete one named class representative, delete a number of defendants; add a number of new defendants, and match up class representatives with the names of the manufacturers of travel trailer or mobile homes that they occupied.  Essentially, Plaintiffs are seeking to supplement the Complaint with sufficient facts and allegations to support their argument that standing exists as to certain plaintiffs who can be matched to specific manufacturing defendants.  This Court finds that amending a complaint to allege specific facts to support existing plaintiffs' standing is permissible.

In *Matte v. Sunshine Mobile Homes, Inc.*, 270 F. Supp.2d 805, 812-13 (W.D. La. 2003), the Court noted:

> In ruling on a motion to dismiss for lack of standing, the court must accept

as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party. *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975). The court may allow plaintiffs to amend or provide affidavits in order to further particularize the allegations of fact deemed supportive of plaintiff's standing. If, after this opportunity, plaintiffs' standing "does not adequately appear from all materials of record, the complaint must be dismissed." *Id.*, 422 U.S. at 501-502, 95 S.Ct. 2197.

On July 29, 2008, Plaintiffs did, indeed, file contested motions to amend both the AMC and the Complaint in a member case (See Rec. Doc. 593 and 594, respectively).  These motions are set for hearing on the briefs on August 13, 2008.

Nonetheless, for the reasons stated above, sufficient facts have not been alleged to show that standing currently does exist. It is uncontested that, as it stands now, no plaintiff is matched to any specific Newly-Added Defendant.  Thus, the Court grants the instant motion to dismiss based on lack of standing, without prejudice to the right of Plaintiffs to seek leave to amend, either by going forward with their contested motions for leave to amend (See Rec. Doc. 593 and 594) or by withdrawing those motions and filing new motions for leave to amend within 15 days of entry of this Order, after considering the Court's analysis herein.  The Court cautions that any Defendants not specifically matched to individual Plaintiffs will be dismissed without prejudice.  The Court also notes that, by separate order, the Court will grant other pending motions to dismiss based on standing, as done so herein.  Further, if Plaintiffs are granted leave to amend and allege sufficient facts to establish standing for some or all Newly-Added Defendants, those defendants  may file motions to dismiss based on grounds other than standing within the time delays allowed by the Federal Rules of Civil Procedure.

III.     CONCLUSION

Considering the foregoing, **IT IS ORDERED** that the **Motion to Dismiss Administrative Master Complaint on Behalf of Newly Added Defendants CMH Manufacturing Inc., Southern Energy Homes, Inc., Giles Industries, Inc., Sunray RV, LLC, Palm Harbor MFG., LP, and Palm Harbor Albemarle, LLC (Rec. Doc. 259) is GRANTED,** without prejudice to the right of Plaintiffs to seek leave to amend, either by going forward with their pending contested motions for leave to amend (See Rec. Doc. 593 and 594), or by withdrawing those and filing new motions for leave to amend based on the Court's analysis herein.

New Orleans, Louisiana, this 1st day of August, 2008.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**