UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) | MDL NO. 07-1873 SECTION "N-4" JUDGE ENGELHARDT MAG. JUDGE ROBY |
| THIS DOCUMENT IS RELATED TO: *Pujol v. The United States of America*, No. 08-3217 | | |

**FEDERAL RULE OF CIVIL PROCEDURE 12(B) PRESERVATION LIST
ON BEHALF OF
GILES FAMILY HOLDINGS, INC. AND SUNRAY INVESTMENTS, LLC**

NOW INTO COURT, through undersigned counsel, come Defendants Giles Family Holdings, Inc. and SunRay Investments, LLC (collectively hereinafter referred to as "New Defendants"), which, pursuant to Pre-Trial Order Number 4,[1] dated April 21, 2008, and without prejudice to their right to assert any other allowable preliminary pleadings, dispositive motions or affirmative defenses in this or any other case in which they are subsequently named and properly served, submit for preservation the following specific Federal Rule of Civil Procedure Rule 12(b) dismissal grounds as they relate to the original Complaint (the "*Pujol* Original Complaint") and First Supplemental and Amended Complaint (the "*Pujol* Amended Complaint") (Pacer Doc. No. 378) filed in *Pujol, et al v. The United States of America, et al*, Civil Action No.

---

[1] Pretrial Order No. 4(4) required that, by May 19, 2008, existing Defendants provide the Court with a list of specific defenses as to each case pending before the MDL.  The New Defendants, however, were not named as defendants until the *Pujol* Complaint was amended on June 24, 2008 (Pacer Doc. #378).  Since New Defendants have now been served with the Pujol Original and Amended Complaints, New Defendants are now filing this Preservation List, in accordance with the Court's instructions and in lieu of filing a separate substantive Motion to Dismiss.

01662918.1

08-3217.[2]  New Defendants, hereby incorporate and adopt all the filings of the items listed in the preservation lists of all the named co-defendants in the Multi-District Litigation 07-1873 in all of the underlying cases, and all Rule 12 Motions filed by the various co-defendants, as if fully set forth at length herein as their own, including, but not limited to, the following issues:

1. Article III Standing: Plaintiffs have failed to satisfy their burden of establishing Article III standing against the New Defendants, and thus this Court does not have subject matter jurisdiction over Plaintiffs' claims against New Defendants.

2. Improper Joinder: Plaintiffs have improperly joined whatever individual claim each may theoretically have against a Defendant with claims that other Plaintiffs may or may not have against other Defendants and have failed to demonstrate any common evidentiary link between either Plaintiffs' claims or the Defendants. Accordingly, the claims levied against the New Defendants solely as members of the "industry" should be dismissed.

3. Rule 12(b)(3) - (a) Improper venue in any of the states whose laws are at issue in this lawsuit based on contractual forum selection clause/mandatory arbitration clause contained in the manufacturer's warranty contract, which also contractually limits the warranties.

4. 12(b)(6) - federal law preempts state law as all units manufactured by New Defendants were in accordance with HUD's guidelines, and as such, conflicting state law provisions are preempted.

5. 12(b)(6) - (a) Failure to state a claim upon which relief can be granted under any state's law inasmuch as no claimant has specifically claimed any current injury, but rather has generally claimed non-specific and unspecified current and future injury.

---

[2] New Defendants are filing this Preservation List without waiver of their Article III standing defenses, which are based on the fact that neither the *Pujol* Original or Amended Complaint identify a specific putative plaintiff who actually resided in any of the New Defendants units.  Until the Plaintiffs identify who it is that is suing New Defendants, there is no way for New Defendants to evaluate properly the propriety of the venue; the applicable laws under which they are being sued (Louisiana, Texas, Mississippi, or Alabama, or some combination thereof) so as to formulate the substantive defenses; the subject matter jurisdiction of the court; the *in personam* jurisdiction over them by the court (if any) or the possibility of filing any other motions pursuant to Rule 12 of the Federal Rules of Civil Procedure.  New Defendants respectfully reserve their right to supplement and amend this Preservation List in the future as further discovery may warrant and require, and in accordance with any and all subsequently filed or served lawsuits naming New Defendants as party defendants.

6. 12(b)(6) - (a) Failure to state a claim upon which relief can be granted under any state's law to the extent that plaintiffs later specifically seek attorneys fees under federal or state law inasmuch as such claims are precluded.

7. 12(b)(6) - (a) Failure to state a claim upon which relief can be granted under any state's law to the extent that plaintiffs specifically assert punitive damages under federal or state law inasmuch as such claims are precluded.

8. 12(b)(6) - (a) Failure to state a claim insofar as putative plaintiffs have not alleged and cannot prove either specific or general causation for their alleged injuries.

9. 12(b)(6) - (a) Failure to state a claim upon which relief can be granted under any state's law to the extent that plaintiffs specifically assert redhibition/implied warranty claims, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

10. 12(b)(6) - (a) Failure to state a claim upon which relief can be granted under any state's law to the extent that plaintiffs specifically seek property damages, inasmuch as such claims are precluded.

11. 12(b)(6) - (a) Failure to state a claim upon which relief can be granted under any state's law to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the New Defendants, inasmuch as the applicable law precludes such reapportionment of fault and there is no market-share liability; New Defendants cannot be held responsible for more than its own share of any potential damage award and is not liable for the acts, errors or omissions of any other party or non-party to this litigation.

12. 12(b)(6) - (a) Failure to state a claim upon which relief can be granted under any state's law inasmuch as plaintiff's own negligence, contributory negligence, comparative negligence, assumption of risk, negligence *per se*, gross negligence, recklessness, willfulness, strict liability, and breach of implied warranties claims bars those claims (including, but not limited to, being barred by the exclusivity provisions of the Louisiana Products Liability Act).

13. 12(b)(6) - (a) Failure to state a claim upon which relief can be granted under any state's law to the extent that plaintiffs seek injunctive relief as none of the theories invoked by plaintiffs provide recovery for injunctive relief sought by plaintiffs and plaintiffs have not alleged a sufficient basis to entitle them to injunctive relief. New Defendants do not own or control any of the units at issue or where any potential plaintiff at issue may reside.

14. 12(b)(6) – Failure to state a claim for medical monitoring damages because plaintiffs have not alleged a present and manifest injury and to the extent that such claims are not recognized by the applicable state law.

15. 12(b)(6) – Plaintiffs' claims are barred by the applicable prescriptive periods and applicable statutes of limitation.

16. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically seek property damages insofar as such claims are precluded under applicable state law.

17. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs have not alleged actual damages and/or have failed to mitigate their damages.

18. 12(b)(2) - (a)  lack of personal jurisdiction over New Defendants in Louisiana or any other State as there is no identified Plaintiff suing any New Defendant as having been provided a unit by any New Defendant within the pleading such that there is an ability to evaluate the propriety of the proposed venue of this Court, but in any event, no named Plaintiff has alleged that they lived in a unit provided by any New Defendant in any of the states whose laws are at issue; (b) there is no minimum contacts with one or more of the states whose laws have been placed at issue so as to warrant or allow jurisdiction over the New Defendants.

19. 12(b)(4) - (a)  inadequacy of service of process in that the underlying Complaint and Amended Complaint were not served on the proper corporate entities.

20. 12(b)(7) – (a)  failure to join a necessary and indispensible party – the suppliers of the materials used in construction of the homes have not been added as parties;  there is a contractual indemnification provision between certain New Defendants and the companies that contracted with New Defendants for manufacture of such homes; (b) failure to join the manufacturers of the furniture or other FEMA mandated furnishings which contain formaldehyde.

21. 12(b)(6) – Failure to state a claim for breach of express warranty under Alabama, Mississippi, and Texas law.

22. 12(b)(6) – Failure to state a claim for breach of implied warranty under Alabama, Mississippi, and Texas law.

23. 12(b) - Failure to timely file a motion for class certification pursuant to Uniform Local Rule 23.1.

24. Rule 9(b) – Concealment, conspiracy (if any) and misrepresentation claims should be dismissed for failure to plead such claims with the requisite particularity.

25. Rule 12(b)(5) – Insufficiency of service of process.

26. Rule 12(e) – Motion for a more definite statement of the Complaint based on Plaintiffs' failure to make particularized allegations about any particular New Defendants' alleged conduct.

27. All Rule 12(b) motions filed in the underlying MDL case (07-1873) by New Defendants and the co-defendants (including, but not limited to, Pacer Doc. Nos. 210, 230, 242, 243, 244, 252, 259, 416, 466 and 491).

Finally, New Defendants respectfully assert that they preserve all defenses raised and briefed in their original motions in response to the Amended Administrative Master Complaint, and the Manufacturing Defendants' Joint Rule 12(b)(6) Motion to Dismiss and the Manufacturing Defendants' Joint Rule 9(b) Motion to Dismiss, and the similarly situated Defendants' Motions to Dismiss (including, but not limited to, Pacer Doc. Nos. 210, 230, 242, 243, 244, 252, 259, 466 and 491) in MDL 1873 (Civil Action No. 07-1873).

Respectfully submitted,

*/s/ James K. Carroll*
James K. Carroll
One of the Attorneys for New Defendants

**OF COUNSEL:**
FOWLER RODRIGUEZ VALDES-FAULI
400 Poydras Street, 30th Floor
New Orleans, Louisiana 70130
Telephone: 504-523-2600
Fax: 504-523-2705

- and -

Lee E. Bains, Jr.
Thomas W. Thagard, III
Edward A. "Ted" Hosp
Edward S. Sledge IV
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2616
Telephone: (205) 254-1000
Fax: (205) 254-1999

5

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 4, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document by first-class mail to all counsel of record who are non-CM/ECF participants.

                                      */s/ James K. Carroll*
                                      Of Counsel

01662918.1