UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) | MDL NO. 07-1873 SECTION "N-4" JUDGE ENGELHARDT MAG. JUDGE ROBY |
| THIS DOCUMENT RELATES TO THE ADMINISTRATIVE MASTER COMPLAINT AND TO ALL CASES | | |

**MEMORANDUM IN OPPOSITION TO PSC'S MOTION FOR LEAVE TO FILE SECOND SUPPLEMENTAL AND AMENDED MASTER COMPLAINT ON BEHALF OF DEFENDANTS CMH MANUFACTURING, INC., SOUTHERN ENERGY HOMES, INC., PALM HARBOR HOMES, INC., PALM HARBOR MFG., LP, PALM HARBOR ALBEMARLE, LLC, GILES FAMILY HOLDINGS, INC. AND SUNRAY INVESTMENTS, LLC**

Defendants CMH Manufacturing, Inc., Southern Energy Homes, Inc., Palm Harbor Homes, Inc., Palm Harbor Mfg., LP, Palm Harbor Albemarle, LLC, Giles Family Holdings, Inc. and SunRay Investments, LLC (the "Newly Added Defendants") respectfully submit this memorandum in opposition to the PSC Motion for Leave to File Second Supplemental and Amended Master Complaint (Pacer Doc. No. 594) ("Plaintiffs' Motion").[1]

## INTRODUCTION

Plaintiffs' Motion is a brazen attempt to circumvent Article III of the United States Constitution and this Court's August 1, 2008 Order and Reasons (Pacer Doc. No. 599) ("Order") granting the Newly Added Defendants' Motion to Dismiss the AMC. Plaintiffs' Motion

---

[1] The Newly Added Defendants also respectfully submit this memorandum in opposition to the substantively identical PSC Motion for Leave to File Second Supplemental and Amended Complaint (Pacer Doc. No. 593) in *Pujol v. The United States of America*, No. 08-3217.

01671055.1

establishes that not a single Named Plaintiff in the Administrative Master Complaint (Pacer Doc. No. 109) ("AMC") has Article III standing against the Newly Added Defendants. Not a single one of the sixty-three (63) Original Named Plaintiffs ("Original Plaintiffs") in the AMC lived in a housing unit built by any of the Newly Added Defendants. Instead, those sixty-three (63) Original Plaintiffs in the AMC lived in housing units built by Defendants other than the Newly Added Defendants.

This Court was exactly correct in the Article III analysis in its Order. Plaintiffs' Motion now confirms that "no plaintiff [in the AMC] is matched to any specific Newly Added Defendant." *See* Order, p. 11. Since Plaintiffs' Motion establishes that the Original Plaintiffs in the AMC lack Article III standing against the Newly Added Defendants, the necessary outcome of this Court's Order is that the PSC should not be allowed to amend the AMC to add additional plaintiffs and create Article III standing where none exists. Under United States Supreme Court and Fifth Circuit binding precedent, the only course of action that this Court may take is to dismiss the case against the Newly Added Defendants.

**In short, Plaintiffs' Motion attempts to add *new* Named Plaintiffs – plaintiffs who have never been in this lawsuit before -- who purportedly have standing against the Newly Added Defendants.[2]** This Court's Order granting the Newly Added Defendants' Motion to Dismiss was without prejudice to the right of Plaintiffs to seek leave to amend the complaint "to allege specific facts to support **existing Plaintiffs'** standing". Order, p. 10 (emphasis added).

---

[2] Plaintiffs' Motion fails to disclose on its face that it seeks to add eighty-five (85) new plaintiffs to the AMC. Pacer Doc. No. 594 (p. 1). Based on the lack of disclosure on the face of Plaintiff's Motion, this Court's Order mistakenly states that "Plaintiffs in this MDL are not seeking to substitute new plaintiffs to create standing." Order, p. 10. In fact, Plaintiffs **are** seeking to substitute new plaintiffs to create standing. *See* [Proposed] Second Supplemental and Amended Master Complaint (Pacer Doc. No. 594-5), pp. 7-8 (Plaintiffs propose to amend the AMC by adding a new paragraph: "7(d) In addition to the named plaintiffs identified in the foregoing paragraphs 7(a), (b), and (c), the following also are named plaintiffs exposed to injurious levels of formaldehyde. . . ." and listing eighty-five (85) new plaintiffs proposed to be added to the AMC).

Rather than being limited to the "existing plaintiffs", Plaintiffs' Motion seeks to add eighty-five (85) new Plaintiffs to the AMC. Binding precedent does not allow the Original Plaintiffs to file a lawsuit without Article III standing and then attempt to retroactively manufacture standing later by adding in Plaintiffs with standing.

**ARGUMENT**

Plaintiffs in this litigation purport to sue manufacturers of certain trailers and manufactured homes provided by FEMA following Hurricanes Rita and Katrina, alleging injuries attributable to high levels of formaldehyde in the homes. On March 18, 2008, the sixty-three (63) Original Plaintiffs filed the AMC that Plaintiffs' Motion now seeks to amend. Plaintiffs' Motion proposes to amend paragraph 7(c) of the AMC in order to list the specific manufacturer for each of the housing units in which the sixty-three (63) Original Plaintiffs lived. **None of the sixty-three (63) Original Plaintiffs is "matched" to any of the Newly Added Defendants**. Plaintiffs' Motion clarifies that the sixty-three (63) Original Plaintiffs are not "matched" to any Newly Added Defendant because the Original Plaintiffs actually lived in housing units built by defendants other than the Newly Added Defendants. *See* Plaintiffs' [Proposed] Second Supplemental and Amended Master Complaint (Pacer Doc. No. 594-5) ("Proposed Amended AMC"), pp. 3-7.

Exhibit One to this Memorandum identifies: (1) each Original Plaintiff in the AMC, (2) the manufacturer alleged in the Proposed Amended AMC for each Original Plaintiff, and (3) the manufacturer identified in the Plaintiff Fact Sheet for each Original Plaintiff. Exhibit One then poses the question for each Original Plaintiff as to whether the Proposed Amended AMC alleges that the particular Plaintiff lived in a housing unit built by any of the Newly Added Defendants; the answer is "no" for every Original Plaintiff. Exhibit One finally poses the question for each Original Plaintiff as to whether the Plaintiff Fact Sheet identifies that the particular Plaintiff lived

in a housing unit built by any of the Newly Added Defendants; again, the answer is "no" for every Original Plaintiff.[3]

This Court's Order cautioned that "any Defendants not specifically matched to individual Plaintiffs will be dismissed without prejudice." Order, p. 11. The concessions in Plaintiffs' Motion, the information contained in the attached Exhibit One, and the related Evidentiary Submission, establish that the Newly Added Defendants are not matched to any of the Original Plaintiffs. Based on this Court's Order, the Newly Added Defendants must be dismissed based on the lack of standing by the Original Plaintiffs.

Ignoring the holding in this Court's Order, Plaintiffs' Motion now seeks to add eighty-five (85) *new* Plaintiffs to the AMC, ten of whom purport to have lived in homes manufactured by six of the seven Newly Added Defendants. Proposed Amended AMC, pp. 8-14.[4] Plaintiffs' Motion should be denied because the request to add new plaintiffs with alleged standing against the Newly Added Defendants, where no Original Plaintiff had such Article III standing, is a blatant attempt to manufacture standing in this case against the Newly Added Defendants well after the filing of the AMC. Binding United States Supreme Court and Fifth Circuit law, as well as Article III of the United States Constitution and the caselaw interpreting it, prohibit Plaintiffs' tactic.

---

[3] The Newly Added Defendants are contemporaneously filing an Evidentiary Submission in Support of this Memorandum ("Evidentiary Submission"). The Evidentiary Submission contains the relevant portions of the Plaintiffs' Fact Sheets for the Original Plaintiffs, identifying the manufacturer of the housing unit.

[4] This Court correctly notes that Plaintiffs' Motion seeks "to delete one named class representative, delete a number of defendants, add a number of new defendants, and match up class representatives with the names of the manufacturers of travel trailer or mobile homes that they occupied." Order, p. 10. The Newly Added Defendants have no quarrel with those proposed amendments that do not affect them. However, in paragraph 5 (pp. 7-14) of the Proposed Amended AMC, Plaintiffs also seek to add eighty-five (85) *new* plaintiffs, including ones purportedly with Article III standing against six of the seven Newly Added Defendants. Proposed Amended AMC ¶ 5, pp. 7-14. (Exhibit Two to this Memorandum identifies the eighty-five (85) new plaintiffs that are proposed to be added to the AMC and the manufacturer listed for each new plaintiff.) Plaintiffs' request to amend to add *new* plaintiffs is the sole focus of this opposition.

4

01671055.1

**I.    No Original Plaintiffs Have Article III Standing to Sue the Newly Added Defendants.**

This Court has ruled that, "as it stands now, no plaintiff is matched to any specific Newly Added Defendant. Thus, the Court grants the instant Motion to Dismiss based on lack of standing" without prejudice to a motion for leave to amend the Complaint "to allege specific facts to support **existing plaintiffs'** standing". Order, pp. 10-11 (emphasis added). As this Court ruled, there is no piggyback standing in the Fifth Circuit. *See* Order, p. 7 ("The Fifth Circuit . . . has continued to require plaintiffs to assert direct claims against *each defendant* in order to satisfy the Article III standing requirement.") (*emphasis added*). Since none of the Original Plaintiffs actually lived in housing units built by the Newly Added Defendants, no Original Plaintiff can "allege specific facts to support" Article III standing to sue the Newly Added Defendants.

**II.   Even with Plaintiffs' Proposed Amendment, No Original Plaintiff Has Standing to Sue the Newly Added Defendants, and Thus the Newly Added Defendants Must be Dismissed.**

This Court noted that it "may allow [P]laintiffs to amend or provide affidavits in order to further particularize the allegations of fact deemed supportive of [P]laintiffs' standing." Order, p. 11 (citing *Warth v. Seldin,* 422 U.S. 490, 501-02 (1975) ("*Warth*")). As noted above, Plaintiffs do just that in their Proposed Amended AMC that purports to "match" the Original Plaintiffs to their appropriate manufacturers. Proposed Amended AMC ¶ 4, pp. 3-7. None of the Original Plaintiffs, however, actually "match" with any Newly Added Defendant. *See* Proposed Amended AMC ¶ 4, pp. 3-7 (failing to "match" any original Plaintiff with any of the Newly Added Defendants); Exhibit One, attached hereto. Thus, even with the proposed amendment, Plaintiffs offer no particularized "allegations of fact" to support the Original Plaintiffs' standing to sue the Newly Added Defendants.

The United States Supreme Court direction is clear: "If, after this opportunity" to amend the complaint to state "particularized allegations of fact deemed supportive of the plaintiff's standing", the "plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed." *Warth*, 422 U.S. at 501-02.

Since the Original Plaintiffs do not have Article III standing against the Newly Added Defendants, this Court immediately loses subject matter jurisdiction over the claims against those defendants. *See Lang v. French,* 154 F.3d 217, 222 n.28 (5th Cir. 1998) ("*Lang*") ("standing is an element of the constitutional requirement of 'case or controversy,' lack of standing deprives the court of subject matter jurisdiction"); *accord, In re Weaver*, 632 F.2d 461, 463 n.6 (5th Cir. 1980) ("*Weaver*"); *see also Audler v. CBC Innovis*, 519 F.3d 239, 247-48 (5th Cir. 2008) ("*Audler*").

Without subject matter jurisdiction over the claims against the Newly Added Defendants, the only thing this Court can do is dismiss the Newly Added Defendants. *See Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."); *Stockman v. Federal Election Commission*, 138 F.3d 144, 151 (5th Cir. 1998) ("It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking."); *Stanley v. CIA*, 639 F.2d 1146, 1157 (5th Cir. 1981) ("A federal district court is under a mandatory duty to dismiss a suit over which it has no jurisdiction."); *Audler*, 519 F.3d at 247-48 (dismissing multiple defendants against whom named plaintiff had no standing).

**III.   Because None of the Original Plaintiffs Have Standing Against the Newly Added Defendants, Plaintiffs Are Impermissibly Seeking to Add New Plaintiffs to Manufacture Standing Retroactively And Plaintiffs' Motion Should Be Denied.**

Plaintiffs now seek to amend the AMC to add new plaintiffs who allege that they lived in homes manufactured by six of the seven Newly Added Defendants.  Indeed, Plaintiffs essentially admit their amendment is to manufacture standing against the Newly Added Defendants in this case:

> The proposed amended pleading not only clarifies the original Master Complaint by demonstrating for the record the individual Article III standing of each previously-named plaintiff and proposed class representative *vis-à-vis* a named defendant manufacturer, but also seeks to add proposed class representatives so that the same individual standing on the part of an actual claimant and class member can be demonstrated for each and every named defendant manufacturer . . . .

PSC Memorandum in Support of Motion for Leave to File Second Supplemental and Amended Master Complaint (Pacer Doc. 594-2) ("PSC Memorandum"), p. 5.  As demonstrated herein, Plaintiffs' attempt to manufacture standing retroactively must fail.

Since the Original Plaintiffs have no Article III standing to sue the Newly Added Defendants, the only course of action a court may take is to dismiss the claims against those defendants for lack of standing.  *See Warth,* 422 U.S. at 501-02; *Audler*, 519 F.3d at 247-48; *Lang,* 154 F.3d at 222 n.28; *Weaver*, 632 F.2d at 463 n.6.  On three separate occasions, the Fifth Circuit has affirmed the denial of a motion to amend to add plaintiffs to try to retroactively create standing.  Further, under the law of the Fifth Circuit, standing must exist *at the time of the filing of the complaint*, and may not be created retroactively.

   **A.   Under Binding Fifth Circuit Authority, a Plaintiff Without Standing May Not Subsequently Amend His Complaint to Add a Plaintiff With Standing.**

The Fifth Circuit, on three separate occasions, has refused to allow a plaintiff without standing to add a plaintiff with standing, and instead has dismissed the case.  *See Summit Office*

7

*Park, Inc. v. U.S. Steel Corp.,* 639 F.2d 1278 (5th Cir. 1981) ("*Summit*"); *Federal Recovery Services, Inc. v. U.S.A.,* 72 F.3d 447, 453 (5th Cir. 1996) ("*Federal Recovery*"); *Aetna Casualty & Surety Co., et al. v. Hillman*, 796 F.2d 770, 774 (5th Cir. 1986) ("*Aetna*").

In *Summit*, an indirect purchaser brought an antitrust claim against manufacturers of reinforced steel. *Summit*, 639 F.2d at 1279-80. After the United States Supreme Court ruled that an indirect purchaser cannot make a federal antitrust claim, the defendants filed a motion for summary judgment. *Id.* at 1280-81. Before the court ruled on that motion, the plaintiff filed a motion for leave to file an amended complaint with new direct purchaser plaintiffs, citing, as do Plaintiffs in this case, Rule 15(a) as support. *Id.* at 1281. The Fifth Circuit affirmed the district court's denial of the motion to amend: "[W]e hold only that where a plaintiff never had standing to assert a claim against the defendants, it does not have standing to amend the complaint . . . ." *Id.* at 1282. The Original Plaintiffs have no standing to assert a claim against the Newly Added Defendants, and thus have no standing to amend their Complaint to assert a claim against the Newly Added Defendants.

In *Aetna*, a plaintiff, which was found to have no standing, tried to use Rule 15(a) to amend the complaint to add a party with standing. *Aetna*, 796 F.2d at 773-74. The Fifth Circuit again refused to allow the amendment, and affirmed dismissal of the case, describing the new plaintiff and its claims as a "new lawsuit." *Id*. at 774-75.

Finally, in *Federal Recovery*, a corporate plaintiff was found to have no standing to make a False Claims Act claim, and the corporation tried to amend to cure the jurisdictional defect by seeking to add a new plaintiff. *Federal Recovery*, 72 F.3d at 448, 452. The Fifth Circuit ruled that the original plaintiff could not amend the complaint to add a new plaintiff:

> In *Aetna* . . . , we held that Rule 15 does not permit a plaintiff from amending its complaint to substitute a new plaintiff in order to cure the lack of subject matter jurisdiction.
>
> * * *
>
> "Rule 15 . . . do[es] not allow a party to amend to create jurisdiction where none actually existed."

*Id.* at 453 (citations omitted). [5]

In both *Summit* and *Aetna*, the Fifth Circuit further found that the amendment was properly denied because the new plaintiffs' lawsuit was like a new lawsuit. *Summit*, 639 F.2d at 1282-84; *Aetna*, 796 F.2d at 774-75. The Fifth Circuit has noted that claims against new defendants "change[] the character of the litigation so as to make it substantially a new suit," and that adding a new defendant as a result does not generally relate back to the filing of the original complaint for statute of limitations purposes. *Braud v. Transport Service Co. of Ill.,* 445 F.3d 801, 806 (5th Cir. 2006) (citation omitted). Plaintiffs' Motion here similarly seeks to add a new lawsuit – claims by new plaintiffs against Newly Added Defendants that arise out of transactions different from those of the Original Plaintiffs, and purporting to create standing to sue for the first time. The proposed amendment, as in *Summit*, *Aetna* and *Federal Recovery*, should be

---

[5] District courts within the Fifth Circuit have also consistently held that a plaintiff without standing may not amend his complaint to add a new plaintiff to create standing retroactively. *See e.g., Levin v. Minnesota Life Ins. Co*., No. H-07-1330, 2008 WL 2704772, at *6 (S.D. Tex. July 7, 2008) (granting defendant's motion to dismiss named plaintiff's claim for lack of Article III standing, denying plaintiff's motion for leave to amend complaint to add a new class representative plaintiff, and explaining that because plaintiff "has no standing to assert any claim against Defendant, [plaintiff] also lacks standing to amend the complaint"); *Bhandari v. Cadence Design Systems, Inc.,* 485 F. Supp. 2d 747, 750-51 (E.D. Tex. 2007) ("*Bhandari*") ("A plaintiff who does not have standing to assert a claim against the defendant does not have standing to amend the complaint and control the litigation by substituting new plaintiffs. . ."); *Jackson v. Fidelity Nat'l Title Ins. Co.,* No. 3:07-CV-1706-G, 2008 WL 508489, at *3-4 (N.D. Tex. Feb. 26, 2008) ("without standing to bring suit, the plaintiff lacks the power to bring in a new plaintiff").

9

denied. *See also Bhandari,* 485 F. Supp. 2d at 750 (substituting a new plaintiff with standing is "akin to initiating a new lawsuit with a new plaintiff and a new cause of action").[6]

This Court recognized the existence of these three Fifth Circuit cases (*Summit*, *Federal Recovery,* and *Aetna*) and distinguished them on the mistaken belief, based on the lack of disclosure on the face of Plaintiffs' Motion, that "Plaintiffs in this MDL are not seeking to substitute new plaintiffs to create standing." Order, p. 10; *see* n. 2, *supra*. Because Plaintiffs' Motion actually does seek to add new plaintiffs to create standing against the Newly Added Defendants, and because no Original Plaintiff has ever had Article III standing against the Newly Added Defendants, the Fifth Circuit cases are directly on point. Plaintiffs' Motion now seeking to add new plaintiffs with purported standing to sue the Newly Added Defendants should be denied.

**B.     The Fifth Circuit Has Clearly Stated That Standing Must Exist Against a Defendant as of the Date of the Filing of the Complaint.**

"[S]ubject matter jurisdiction is tested *at the time of the filing of the complaint*." *Whatley v. Resolution Trust Corp.,* 32 F.3d 905, 907 (5th Cir. 1994) (emphasis added). The Fifth Circuit has more particularly stated: "As with all questions of subject matter jurisdiction except mootness, standing is determined as of the date of the filing of the complaint." *Kitty Hawk Aircargo, Inc., v. Chao,* 418 F.3d 453, 460 (5th Cir. 2005) ("*Kitty Hawk*") (citation omitted). The Fifth Circuit in *Kitty Hawk* further stated that a plaintiff without standing at the time of the

---

[6] The Article III requirements are not procedural niceties, but, rather are fundamental constitutional principles that define and limit the role of federal courts within the Constitutional framework. *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.") (citations omitted); *Howery v. Allstate Insurance Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (federal courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.") (citations omitted). **These issues also have important substantive ramifications on the Newly Added Defendants' defenses, including proper venue, prescription, and statute of limitations.**

filing of the lawsuit "cannot rely on events that unfolded after the filing of the complaint" to establish standing and noted that the Supreme Court has explained that "acts occurring after commencement of the suit cannot retroactively create jurisdiction". *Kitty Hawk*, 418 F.3d at 460 (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 570 n.4 (1992)).

Plaintiffs here are trying to do exactly what this controlling Fifth Circuit caselaw prohibits. Plaintiffs filed a lawsuit against an entire industry without naming plaintiffs with actual standing to sue numerous defendants. Instead, Plaintiffs rely on "acts occurring after the commencement of the suit" – namely, their purported post-filing identification of actual additional plaintiffs with alleged standing to sue – in their attempt to create subject matter jurisdiction retroactively. Under this binding authority, Plaintiffs' Motion to add new plaintiffs with claims against the Newly Added Defendants cannot be allowed.

    **C.**    ***Warth v. Seldin* Does Not Permit Plaintiffs to Cure Their Lack of Standing by Adding New Plaintiffs.**

This Court ruled that when the possible lack of subject matter jurisdiction is based on lack of standing, a plaintiff may amend his complaint "to further particularize the allegations of fact deemed supportive of *plaintiff's* standing." Order, p. 11 (citing *Warth*, 422 U.S. at 501-02) (emphasis added). That *Warth* language is clearly referring to the plaintiff already in the case. *Warth* thus allows an *original* plaintiff to amend his complaint to state more particularized facts supporting *his* standing. So, for example, Plaintiffs may file paragraph 4 of their Proposed Amended AMC, which "matches" the Original Plaintiffs with particular defendants in this case. Proposed Amended AMC ¶ 4 (pp. 3-7). However, in paragraph 5 of their Proposed Amended AMC, Plaintiffs attempt to add eighty-five (85) *new* plaintiffs, including several plaintiffs who purportedly "match" with six of the seven Newly Added Defendants. Proposed Amended

11

Complaint ¶ 5 (pp. 7-14). This extra step is not condoned by the language in *Warth*, which only addresses the original plaintiffs.

**IV.    Plaintiffs Cite No Case Supporting Their Position That They May Amend Their Complaint to Manufacture Standing Retroactively.**

Plaintiffs erroneously argue that simply because they have standing to sue certain *other* defendants, they have a "continuing justiciable interest in the subject matter of this class litigation," and thus should be permitted to amend to retroactively manufacture standing against the Newly Added Defendants. PSC Memorandum, p. 7. Plaintiffs are essentially arguing for piggyback subject matter jurisdiction. Plaintiffs cite no case to support this rather remarkable indifference to Article III and the caselaw interpreting it. When a plaintiff has no standing to sue a defendant, the court has no subject matter jurisdiction over the claims against that defendant. *Audler*, 519 F.3d at 247-48; *Lang,* 134 F.3d at 222 n.28; *Weaver*, 632 F.2d at 463 n.6. Thus, even though a controversy still exists between Plaintiffs and *other defendants*, this Court has lost jurisdiction over the controversy *with the Newly Added Defendants.* Just as there is no piggyback standing in the Fifth Circuit, there is no piggyback subject matter jurisdiction either.

Plaintiffs note that in *Summit,* the Fifth Circuit "recognized that Rule 15 <u>permits amendments to add defendants, if the amendments are urged by a plaintiff who continues to have a stake in the controversy</u>." PSC Memorandum, p. 7 (citing *McLellan v. Mississippi Power & Light Co.,* 526 F.2d 870 (5th Cir. 1976) ("*McLellan*"), *modified on other grounds*, 545 F.2d 919 (5th Cir. 1977) (*en banc*)). This point is completely inapposite, as is *McLellan*, since there was no issue as to whether the plaintiff had standing to sue the defendant he was adding. Simply because a plaintiff with standing to sue Defendant A may add another Defendant B does not mean that a plaintiff with no standing to sue Defendant A may manufacture standing by adding a new plaintiff with standing to sue Defendant A. Further, Plaintiff misses the point of *Summit*,

12

because here, none of the Original Plaintiffs continue to have, *or have ever had*, a stake in the controversy *against the Newly Added Defendants.*

Plaintiffs further argue that the "juridically-linked" doctrine allows them to retroactively manufacture standing by adding a plaintiff with standing for the first time now. This Court has already rejected Plaintiffs' "juridical link" argument. Order, p. 7. Plaintiffs simply cannot use the "juridical link" argument to manufacture standing at the time of the filing of the complaint or retroactively.

Plaintiffs' reliance on *Alexander v. Wyeth Laboratories, Inc.* (*In re Norplant Contraceptive Products Liability Litigation*), 163 F.R.D. 255 (E.D. Tex. 1995) ("*Alexander*") as support for allowing the amendment of additional Named Plaintiffs here is misplaced. *Alexander* involved a products liability suit against three corporate *affiliates* that sold and distributed the *same* contraceptive product. *See Alexander*, 163 F.R.D. at 256. This case is entirely different in that multiple plaintiffs are suing entirely different defendants over entirely different products. In *Alexander*, there was no issue of a defendant without a "matching" plaintiff – all of the plaintiffs had purchased the defendants' one contraceptive device. *Id.* at 256-57. Thus, critically, standing was not an issue in *Alexander*. Further, the motion to amend in that case was *unopposed* by the defendants.[7]

\* \* \* \* \*

Because it is so clear that once a Plaintiff is found to have no Article III standing against a defendant, that defendant should be dismissed from the case, this Court should deny Plaintiffs'

---

[7] Plaintiffs also argue that amendments should be "freely permitted" under Rule 15(a)(2). PSC Memorandum, p. 13. Plaintiffs' general argument fails for two reasons. First, Plaintiffs' requested amendment to add new Plaintiffs to create standing retroactively is forbidden by Article III and the binding caselaw interpreting it. Second, as discussed below, the existence of a Scheduling Order in this case makes the Rule 16(b) standard -- not the Rule 15(a) standard -- applicable.

Motion insofar as it attempts to add new plaintiffs to create standing retroactively without any consideration of the following arguments. Nonetheless, there are the following additional, independent reasons to deny Plaintiffs' Motion.

### V. Plaintiffs' Proposed Amended AMC is Untimely And Fails to Satisfy The Rule 16(b) "Good Cause" Standard.

#### A. Plaintiffs' Proposed Amended AMC is Untimely.

This Court's Scheduling Order requires that all amendments to the Master Complaint be made "no later than ninety (90) days after the filing of the Master Complaint," or no later than June 16, 2008. Pretrial Order No. 2 (Pacer Doc. No. 87), p. 3.[8] Plaintiffs' Motion, which was filed on July 29, 2008, is out of time.

#### B. Rule 16(b) -- Not Rule 15(a) -- Governs Whether to Allow Plaintiffs' Proposed Amended AMC And Plaintiffs Cannot Satisfy Their Burden of Showing "Good Cause" For The Amendment.

Since there is a Scheduling Order in place and since the Proposed Amended AMC is late under that Scheduling Order, the Rule 15(a) standard does not apply. Rather, Rule 16(b)'s "good cause" standard applies: "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge . . . ." *S&W Enterprises, LLC v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) ("*S&W*") (affirming denial of an untimely motion to amend complaint to add a new claim); *Hawthorne Land Co. v. Occidental Chemical Corp.*, 431 F.3d 221, 227 (5th Cir. 2006) ("*Hawthorne*") (affirming denial of an untimely motion to amend to add a new party defendant).[9]

---

[8] The AMC was filed on March 18, 2008 so the ninety (90) day deadline for proposed amendments ended on June 16, 2008.

[9] This Court's Pretrial Order No. 2 also establishes a "good cause" standard for any untimely proposed amendment to the AMC. Pretrial Order No. 2, p. 3 ("Amendments to . . . the Master Complaint . . . may be filed with leave of Court, but in no event later than ninety (90) days after the filing of the Master Complaint . . . to which the amendment applies, except by leave of Court upon good cause shown.").

14

The Fifth Circuit has stated that in determining whether a party has shown "good cause" under Rule 16(b) for an untimely motion for leave to amend the complaint, the court should consider the following factors:  (1) the explanation for the failure to move timely for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.  *Hawthorne*, 431 F.3d at 227.  In both *S&W* and *Hawthorne*, the Fifth Circuit did not find the explanation for the delay sufficient to satisfy the Rule 16(b) "good cause" standard.  In short, the moving parties did not offer a good reason as to why they could not have acted earlier.

### 1. Plaintiffs Offer No Explanation For Their Failure to File a Timely Motion to Add New Plaintiffs.

Plaintiffs have offered no explanation as to why they have not previously attempted to add these new Plaintiffs.  Plaintiffs have provided no explanation regarding the delay in the proposed addition of the new Plaintiffs.  Plaintiffs filed the AMC without a single Plaintiff who had Article III standing against the Newly Added Defendants.  Why did Plaintiffs "sue now and try to find a Plaintiff later" with Article III standing against the Newly Added Defendants?  In this case, there is an even greater argument against "good cause" than in *S&W* and *Hawthorne* because the Original Plaintiffs did not have Article III standing to sue the Newly Added Defendants in the first place.

### 2. There Will be Substantial Prejudice to The Newly Added Defendants if Plaintiffs' Proposed Amended AMC Were Allowed.

Here, Plaintiffs' Motion seeks an amendment adding new plaintiffs that will enormously prejudice the Newly Added Defendants for five reasons.  First, allowing Plaintiffs to amend in new plaintiffs with alleged standing to sue for the first time will permit Plaintiffs to avoid their obligation to file a new lawsuit with proper plaintiffs and in a proper venue.  Second, Plaintiffs will argue that such amendment tolls the prescriptions/statute of limitations period.  Third, an

15

amendment will wrongfully deny the Newly Added Defendants their right to challenge venue and their inclusion in this MDL that has been focused on travel trailers rather than manufactured homes.

Fourth, since the AMC was originally filed on March 18, 2008 (almost 5 months ago), Newly Added Defendants have been required to undertake the following action to prepare their defense in this litigation:

1) Retain experts;
2) Develop testing protocols;
3) Meet THU testing schedules for occupied and previously occupied units;
4) Identify and test THUs that were never occupied;
5) Object and respond to class certification discovery;
6) Begin process of objecting and responding to merits discovery;
7) Prepare clients for prospect of a Rule 30(b)(6) deposition;
8) Begin developing evidence to oppose class certification;
9) Gather documents for production;
10) Gather insurance policies for production; and
11) Filing preservation lists and motions for summary judgment.

These defensive steps have obviously imposed tremendous costs, fees and burdens on the Newly Added Defendants, despite the fact that there has not been a single Original Plaintiff with Article III standing against them. This is prejudice per se.

Fifth, the Newly Added Defendants face continuing burdens and costs in light of the impending class discovery cutoff of September 26, 2008[10] and developing a defense to Plaintiffs' Motion for Class Certification that is due on October 10, 2008.[11]

Article III is designed to protect against these very types of burdens and to avoid such inequities. In particular, a plaintiff must have Article III standing against a defendant before that defendant is required to undertake its substantive defense. Even setting aside for the sake of

---

[10] Pretrial Order No. 13 (Pacer Doc. # 564) ¶ 11.

[11] Pretrial Order No. 13 (Pacer Doc. # 564) ¶ 13.

01671055.1

argument the threshold Article III standing issue, Plaintiffs simply do not have "good cause" for the untimely proposed amendment under Rule 16(b), given the incredible prejudice that the Proposed Amended AMC imposes on the Newly Added Defendants. *See S&W*, 315 F.3d at 536-37 (affirming denial of untimely motion to amend in part because of ensuing prejudice to defendants).

## VI. Even With The Proposed Amended AMC, There Is Still No Plaintiff With Standing To Sue CMH Manufacturing, Inc.

Even with the Proposed Amended AMC, there is *still* no Plaintiff claiming to have lived in a home manufactured by Newly Added Defendant CMH Manufacturing Inc.[12] During the July 23, 2008 hearing in this case, Plaintiffs' counsel conceded that defendants, for which there was no match for a Plaintiff, should not be a part of this on-going litigation.[13] All claims in this case against CMH Manufacturing, Inc. should be dismissed for lack of standing. *See* Order, p. 11 ("The Court cautions that any Defendants not specifically matched to individual Plaintiffs will be dismissed without prejudice.").[14]

## CONCLUSION

The Newly Added Defendants respectfully ask this Court to consider the ramifications of allowing Plaintiffs' proposed untimely, incredibly prejudicial amendment to add new Plaintiffs to manufacture subject matter jurisdiction retroactively over the Newly Added Defendants where

---

[12] Proposed Amended Complaint ¶¶ 4-5 (pp. 3-14); Exhibit One hereto.

[13] Transcript of Motion Proceedings (July 23, 2008), pp. 67-74 ("[W]e don't have any interest in actively engaging with defendants we can't match to. . . . I think there were three or four entities[] for whom we do not presently have a match. And what the court wishes to do with respect to those defendants, we're open to all of the suggestions about the need to not force them to participate in a case where, who knows, we may never have a plaintiff who lived in one of their units and it may not be fair to make them come to court and actively incur legal costs.")

[14] The Proposed Amended AMC as to Plaintiffs' claims against CMH Manufacturing Inc. is also futile. *See Whitt v. Stephens County,* 529 F.3d 278, 282 (5th Cir. 2008) (affirming the denial of a motion for leave to amend complaint because the proposed amended complaint was futile).

17

there previously was none. Plaintiffs' counsel in this case chose to sue an entire industry without having Plaintiffs with actual Article III standing against the Newly Added Defendants, with the hopes of possibly later finding a Plaintiff with Article III standing. Indeed, if allowed, why shouldn't *every* plaintiff's counsel in the future with a client having a claim against *one* defendant just file a class action against the entire industry, with the hopes of eventually finding a plaintiff with Article III standing to amend into the case down the road? Plaintiffs' proposed approach is an affront to the threshold constitutional inquiry required by Article III.

The Original Plaintiffs never had Article III standing against the Newly Added Defendants. Under those circumstances, the only appropriate action for this Court is to dismiss the Newly Added Defendants from this civil action, just as the Fifth Circuit dismissed the Class Defendants in *Audler*. Plaintiffs' Motion seeks to manufacture jurisdiction against the Newly Added Defendants. Article III simply does not, and *should not*, allow Plaintiffs without Article III standing against the Newly Added Defendants to amend their Complaint to add new Plaintiffs who may have Article III standing against the Newly Added Defendants.

For all of the foregoing reasons, Plaintiffs' Motion, insofar as it seeks to add new Plaintiffs with purported standing against the Newly Added Defendants, should be DENIED.

01671055.1

Respectfully submitted by:

/s/ James K. Carroll
James K. Carroll
One of the Attorneys for New Defendants

**OF COUNSEL**

FOWLER RODRIGUEZ VALDES-FAULI
400 Poydras Street, 30th Floor
New Orleans, Louisiana 70130
Telephone: 504-523-2600
Fax: 504-523-2705

-and-

Lee E. Bains, Jr.
Thomas W. Thagard, III
Lorrie L. Hargrove
Edward A. "Ted" Hosp
Edward S. Sledge IV
Maynard, Cooper & Gale, P.C.
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2616
Telephone 205-254-1000
Fax: 205-254-1999

## CERTIFICATE OF SERVICE

      I hereby certify that on the 6th day of August, 2008, I electronically filed the foregoing Memorandum in Opposition to PSC's Motion for Leave to File Second Supplemental and Amended Master Complaint, on Behalf of Defendants CMH Manufacturing, Inc., Southern Energy Homes, Inc., Palm Harbor Homes, Inc., Palm Harbor Mfg., LP, Palm Harbor Albemarle, LLC, Giles Family Holdings, Inc. and SunRay Investments, LLC with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed a copy of the above and foregoing document by first class mail, postage pre-paid, to all counsel of record who are non-CM/ECF participants.

Gerald E. Meunier #9471
Justin I. Woods #24713
GAINSBURGH, BENJAMIN, DAVID,
MEUNIER & WARSHAUER, LLC
1100 Poydras Street, Suite 2800
New Orleans, LA 70163-2900

Henry T. Miller
U.S. Department of Justice, Civil Division
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044

                                                        /s/ James K. Carroll
                                                        Of Counsel

01671055.1