UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | : : | MDL NO. 2:07-md-1873 SECTION "N" (4) |
| THIS DOCUMENT IS RELATED TO THE ADMINISTRATIVE MASTER COMPLAINT | : : | JUDGE ENGELHARDT MAGISTRATE JUDGE ROBY |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

RESPONSES TO PLAINTIFFS' FIRST INTERROGATORIES,
REQUEST FOR ADMISSIONS, AND REQUESTS FOR PRODUCTION
OF DOCUMENTS ON BEHALF OF PATRIOT HOMES, INC.

Defendant, Patriot Homes, Inc., responds to the purported Class Plaintiffs' First Interrogatories, Request for Admissions, and Requests for Production of Documents concerning class certification as follows:

OBJECTIONS

The named defendant, Patriot Homes, Inc., is not and has never been a designer or manufacturer of any product, and did not design or manufacture any manufactured home or any other temporary housing unit ("THU") that was sold to FEMA. Patriot Homes, Inc. did not enter into any contract with FEMA to sell or otherwise provide any type of manufactured home or any other THU to FEMA.

**EXHIBIT**

/

1

**REQUEST FOR ADMISSION NUMBER 6:**

Each Class Representative suffered damages and/or was exposed to formaldehyde while residing in a temporary housing unit ("THU") provided by FEMA.

**RESPONSE TO REQUEST FOR ADMISSION NUMBER 6:**

After reasonable inquiry, the information Patriot knows or can readily obtain is insufficient to enable it to admit or deny this Request for Admission as to any other defendant. As to as to Patriot, the Request for Admission is denied because Patriot did not design or manufacture any manufactured home or any other THU that was sold to FEMA, and did not enter into any contract with FEMA to sell or to otherwise provide any manufactured home or any other THU to FEMA.

**REQUEST FOR ADMISSION NUMBER 7:**

Members of the Class are so numerous that joinder of all such persons and entities in this action is impracticable.

**RESPONSE TO REQUEST FOR ADMISSION NUMBER 7:**

Denied. Patriot did not design or manufacture any manufactured home or any other THU that was sold to FEMA, and did not enter into any contract with FEMA to sell or to otherwise provide any manufactured home or any other THU to FEMA.

**REQUEST FOR ADMISSION NUMBER 8:**

Members of the Class are so geographically dispersed that joinder of all such persons and entities in this action is impracticable.

**RESPONSE TO REQUEST FOR ADMISSION NUMBER 8:**

Denied. Patriot did not design or manufacture any manufactured home or any other THU that was sold to FEMA, and did not enter into any contract with FEMA to sell or to

4

otherwise provide any  manufactured home or any other THU to FEMA.

**REQUEST FOR ADMISSION NUMBER 9:**

The filing of an individual civil action for formaldehyde-related damages by each member of the Class would create the risk of inconsistent or varying adjudications among such actions.

**RESPONSE TO REQUEST FOR ADMISSION NUMBER 9:**

Denied. Patriot did not design or manufacture any manufactured home or any other THU that was sold to FEMA, and did not enter into any contract with FEMA to sell or to otherwise provide any  manufactured home or any other THU to FEMA.

**REQUEST FOR ADMISSION NUMBER 10:**

The filing of an individual civil action for formaldehyde-related damages by each member of the Class would create the risk of adjudications that would substantially impair or impede the ability of some class members to protect their interests.

**RESPONSE TO REQUEST FOR ADMISSION NUMBER 10:**

Denied. Patriot did not design or manufacture any manufactured home or any other THU that was sold to FEMA, and did not enter into any contract with FEMA to sell or to otherwise provide any  manufactured home or any other THU to FEMA.

**REQUEST FOR ADMISSION NUMBER 11:**

Exposure to formaldehyde while residing in a THU provided by FEMA is a question that is common to every member of the Class.

**RESPONSE TO REQUEST FOR ADMISSION NUMBER 11:**

Denied. Patriot did not design or manufacture any manufactured home or any other THU that was sold to FEMA, and did not enter into any contract with FEMA to sell or to otherwise provide any  manufactured home or any other THU to FEMA.

5

formaldehyde in any phase of the production and manufacture of the THUs.

**RESPONSE TO REQUEST FOR ADMISSION NUMBER 24:**

After reasonable inquiry, the information Patriot knows or can readily obtain is insufficient to enable it to admit or deny this Request for Admission as to any other defendant. As to Patriot, it denies this Request for Admission because Patriot did not design or manufacture any manufactured home or any other THU that was sold to FEMA, and did not enter into any contract with FEMA to sell or to otherwise provide any manufactured home or any other THU to FEMA.

**REQUEST FOR ADMISSION NUMBER 25:**

The Manufacturing Defendants failed to comply with federal standards relating to mitigation and reduction of formaldehyde emissions in the manufacture of the THUs.

**RESPONSE TO REQUEST FOR ADMISSION NUMBER 25:**

After reasonable inquiry, the information Patriot knows or can readily obtain is insufficient to enable it to admit or deny this Request for Admission as to any other defendant. As to Patriot, this Request for Admission is denied. Patriot did not design or manufacture any manufactured home or any other THU that was sold to FEMA, and did not enter into any contract with FEMA to sell or to otherwise provide any  manufactured home or any other THU to FEMA.

**REQUEST FOR ADMISSION NUMBER 26:**

The Defendants failed to test or monitor the finished THUs for levels of formaldehyde emissions prior to allocating the THUs to the Class.

11

**RESPONSE TO REQUEST FOR ADMISSION NUMBER 26:**

After reasonable inquiry, the information Patriot knows or can readily obtain is insufficient to enable it to admit or deny this Request for Admission as to any other defendant. As to Patriot, this Request for Admission is denied. Patriot did not allocate any THU to the Class, did not design or manufacture any manufactured home or any other THU that was sold to FEMA, and did not enter into any contract with FEMA to sell or to otherwise provide any  manufactured home or any other THU to FEMA.

**REQUEST FOR ADMISSION NUMBER 27:**

The USA and FEMA intended on use of the THUs for periods of continuous habitation well in excess of two weeks, including and exceeding a period of eighteen months.

**RESPONSE TO REQUEST FOR ADMISSION NUMBER 27:**

Patriot objects to this Request for Admission because it requests that Patriot speculate on the intentions of the USA and FEMA. Without waiver of the objection, after reasonable inquiry, the information Patriot knows or can readily obtain is insufficient to enable it to admit or deny this Request for Admission, which Request for Admission is more properly addressed to the United States and/or FEMA.

**REQUEST FOR ADMISSION NUMBER 28:**

The USA and FEMA contracted with the Manufacturing Defendants for the production of THUs intended for periods of continuous habitation well in excess of two weeks, including and exceeding a period of eighteen months.
**RESPONSE TO REQUEST FOR ADMISSION NUMBER 28:**

After reasonable inquiry, the information Patriot knows or can readily obtain is insufficient to enable it to admit or deny this Request for Admission as to the other

satisfied, please say so.

**ANSWER TO INTERROGATORY NUMBER 2:**

      The purported class lacks numerosity as to Patriot because Patriot did not design

or manufacture any manufactured home or any other THU that was sold to FEMA, and did

not enter into any contract with FEMA to sell or to otherwise provide any manufactured

home or any other THU to FEMA.

**INTERROGATORY NUMBER 3:**

      If you contend that any one or all of the respective claims set forth by the class
representatives fails to satisfy the Fed. R. Civ. P. 23(a) typicality requirement with respect
to the Class, please **(I)** set forth every fact you believe supports your contention, and **(ii)**
identify every witness you believe possesses knowledge of such facts, including which
such facts each witness possesses.  If you agree that the class representatives satisfy the
typicality requirement, please say so.

**ANSWER TO INTERROGATORY NUMBER 3:**

      The claims set forth by the purported class representatives are atypical as to Patriot

because Patriot did not design or manufacture any manufactured home or any other THU

that was sold to FEMA, and did not enter into any contract with FEMA to sell or to

otherwise provide any manufactured home or any other THU to FEMA.

**INTERROGATORY NUMBER 4:**

      If you contend that the Class Representatives, or any of them, will not fairly and
adequately protect the interests of the Class, please  **(I)** set forth every fact you believe
supports your contention, and **(ii)** identify every witness you believe possesses knowledge
of such facts, including which such facts each witness possesses.  If you agree that the
Class Representatives will fairly and adequately protect the interests of the Class, please
say so.

**ANSWER TO INTERROGATORY NUMBER 4:**

      The purported class representatives will not fairly and adequately protect the

interests of the class as to Patriot because Patriot did not design or manufacture any manufactured home or any other THU that was sold to FEMA, and did not enter into any contract with FEMA to sell or to otherwise provide any manufactured home or any other THU to FEMA.

INTERROGATORY NUMBER 5:

Based upon the claims form and/or all other information received to date, including the Administrative Master Complaint, please identify any defense you might set forth in response to any class member's claim against you that you would not set forth in any Class Representative's claim against you.  If the answer is "none known at this time" please say so.

ANSWER TO INTERROGATORY NUMBER 5:

Patriot's defense to all claims in this litigation is that Patriot did not design or manufacture any manufactured home or any other THU that was sold to FEMA, and did not enter into any contract with FEMA to sell or to otherwise provide any manufactured home or any other THU to FEMA.

INTERROGATORY NUMBER 6:

Do you agree that there are some questions of law or fact common to the members of the Class, including the Class Representatives?

ANSWER TO INTERROGATORY NUMBER 6:

No, not as to Patriot.  Patriot did not design or manufacture any manufactured home or any other THU that was sold to FEMA, and did not enter into any contract with FEMA to sell or to otherwise provide any manufactured home or any other THU to FEMA.

INTERROGATORY NUMBER 7:

Based upon the claim forms and/or all other information received to date, including the Administrative Master Complaint, please (I) identify all questions of law or fact affecting individual members of the Class that you contend would not also affect the Class

16

**RESPONSE TO REQUEST NUMBER 6**:

The documents sought by Request for Production No. 6 are not in the possession of Patriot.

**REQUEST FOR PRODUCTION NUMBER 7**:

Please produce any documents describing, evidencing, pertaining to, and/or recording any and all efforts utilized by you to assure that the THUs provided by you to the victims of hurricanes Katrina and Rita were safe and fit for habitation by victims of hurricanes Katrina and Rita.

**RESPONSE TO REQUEST NUMBER 7**:

No such documents exist because Patriot did not design or manufacture any manufactured home or any other THU that was sold to FEMA, and did not enter into any contract with FEMA to sell or to otherwise provide any manufactured home or any other THU to FEMA.

**REQUEST FOR PRODUCTION NUMBER 8**:

Please produce copies of any documents relating to federal standards, rules, and regulations governing the use of formaldehyde in any phase of the production and manufacturing process, including, but not limited to, the use of formaldehyde in wood resin, from 1992 to the present.

**RESPONSE TO REQUEST NUMBER 8**:

Patriot objects to Request for Production No. 8 on the basis that it seeks information that is not relevant to the subject matter involved in the action and is not reasonably calculated to lead to the discovery of relevant, admissible evidence because Patriot did not design or manufacture any manufactured home or any other THU that was sold to FEMA, and did not enter into any contract with FEMA to sell or to otherwise provide any manufactured home or any other THU to FEMA.

and did not enter into any contract with FEMA to sell or to otherwise provide any manufactured home or any other THU to FEMA.

**REQUEST FOR PRODUCTION NUMBER 11:**

Please produce any and all documents which evidence relationships between, and/or agreements with, any entity involved in the sales, distribution, manufacture, contracting, production, and/or procurement of THUs from August 29, 2005 to present. Please produce the above requested documents which evidence such relationships and/or agreements with any other party and/or non-party including, but not limited to, the following non-parties:

     a.      Berryland Motors Limited Liability, Inc.;

     b.      Bourget's of South, LLC;

     c.      Cavalier Homes, Inc.;

     d.      Champion Home Builders Co.;

     e.      Circle B Enterprises;

     f.      Clayton of Lafayette, Inc. (f/k/a Clayton Homes, Inc.);

     g.      CMH Manufacturing, Inc.;

     h.      Design Homes, Inc.;

     I.      Morgan Building Systems, Inc.;

     j.      Morgan Buildings & Spa, Inc.;

     k.      Morgan Building Transport;

     l.      North America Catastrophe Services, Inc.;

     m.      Oakwood Homes, LLC;

     n.      Superior Homes, LLC;

     o.      Thor Industries, Inc.; and

     p.      Tom Raper, Inc.

and/or any other related entities.

**RESPONSE TO REQUEST NUMBER 11:**

Patriot objects to Request for Production No. 11 on the basis that it seeks information that is not relevant to the subject matter involved in the action and is not reasonably calculated to lead to the discovery of relevant, admissible evidence because Patriot did not design or manufacture any manufactured home or any other THU that was sold to FEMA, and did not enter into any contract with FEMA to sell or to otherwise provide any manufactured home or any other THU to FEMA.

Subject to that objection, and without waiver, Patriot responds that its non-party subsidiaries, Patriot Manufacturing, Inc., and Patriot Homes of Texas, L.P., manufactured homes that were delivered to FEMA after August 29, 2005, but that production of "any and all documents which evidence relationships between, and/or agreements with" those subsidiaries is unduly burdensome and not likely or calculated to lead to the discovery of admissible evidence. If plaintiffs will narrow their request, Patriot will supplement this response in accordance with the Federal Rules of Civil Procedure.

Respectfully submitted:

Voorhies & Labbe
(A Professional Law Corporation)

/s/ Lamont P. Domingue
Lamont P. Domingue - #20787
Post Office Box 3527
700 St. John Street
Lafayette, Louisiana 70502-3527
Telephone: (337) 232-9700
**ATTORNEYS FOR Patriot Homes, Inc.**
E-Mail: lpd@volalaw.com

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 21st day of July, 2008, a copy of the foregoing

Responses to Plaintiffs' First Interrogatories, Request for Admissions, and Requests for

Production of Documents on Behalf of Patriot Homes, Inc. was delivered electronically to:

Gerald Edward Mennier - gmeunier@gainsben.com, dmartin@gainsben.com
Andrew D. Weinstock - andreww@duplass.com, caccardo@duplass.com,
      cmotes@duplass.com
Justin I. Woods - jwoods@gainsben.com, ssnyder@gainsben.com
Henry Thomas Miller - henry.miller@usdoj.gov, etl.files@usdoj.gov

      */s/ Lamont P. Domingue*
      Lamont P. Domingue - #20787
      Post Office Box 3527
      700 St. John Street
      Lafayette, Louisiana 70502-3527
      Telephone: (337) 232-9700
      **ATTORNEYS FOR Patriot Homes, Inc.**
      E-Mail: lpd@volalaw.com

/383291

STATE OF TEXAS
COUNTY OF McLENNAN

AFFIDAVIT OF STEVEN K. LIKE

Before me, the undersigned notary in and for the State and County mentioned above, personally came and appeared, Steven K. Like, who after being duly sworn and deposed did attest to the following:

1.  My name is Steven K. Like, I am over 18 years of age, my address is 1001 West Loop 340, Waco, Texas 76712, and I have personal knowledge of the following facts;

2.  I am the Executive Vice-President and General Counsel of Patriot Homes, Inc., and have held those offices since August 1995;

3.  Patriot Homes, Inc., is not and never has been a designer or manufacturer of any product and, specifically, did not design or manufacture any manufactured home, recreational vehicle, park model home, or any other temporary housing unit sold to the United States Federal Emergency Management Agency (FEMA);

4.  Patriot Homes, Inc., did not enter into any contract with FEMA to sell or otherwise provide any type of temporary housing units to FEMA.

5.  Patriot Homes, Inc., does not have any employees and only owns and holds stock in subsidiaries for the benefit of the stockholders of Patriot Homes, Inc.

6.  Two distinct entities within the Patriot Homes, Inc., subsidiary corporate structure constructed manufactured homes  that were delivered to FEMA and they are Patriot Manufacturing, Inc. and Patriot Homes of Texas, L.P.

7.  The statements made in this affidavit are true and correct and are based on my personal knowledge.

Signed this _21st_ day of May, 2008.

_Steven K. Like_

Steven K. Like, Executive Vice-President and General Counsel, Patriot Homes, Inc.

SWORN AND SUBSCRIBED before me, on this _21st_ day of May, 2008.

ELIZABETH S. BOWLING
Notary Public, State of Texas
My Commission Expires
August 23, 2009

NOTARY PUBLIC (Signature)
_Elizabeth S. Bowling_
NOTARY PUBLIC (Printed Name) _Elizabeth S. Bowling_
Notary Number:
Commission Expires: _August 23, 2009_

380267