UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | : : | MDL NO. 2:07-md-1873 SECTION "N" (4) |
| THIS DOCUMENT IS RELATED TO THE ADMINISTRATIVE MASTER COMPLAINT | : : | JUDGE ENGELHARDT MAGISTRATE JUDGE ROBY |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM IN OPPOSITION TO PSC'S MOTION FOR LEAVE TO FILE SECOND SUPPLEMENTAL AND AMENDED MASTER COMPLAINT FILED BY RIVER BIRCH HOMES, INC.**

MAY IT PLEASE THE COURT:

River Birch Homes, Inc. (River Birch), files this memorandum in opposition to the PSC Motion for leave to File Second Supplemental and Amended Master Complaint (Doc. 594) ("Plaintiffs' Motion")[1]. In opposing the motion, River Birch joins in and adopts the Memorandum in Opposition to PSC's Motion for Leave to File Second Supplemental and Amended Master Complaint on behalf of Defendants CMH Manufacturing, Inc., Southern Energy Homes, Inc., Palm Harbor Homes, Inc., Palm Harbor Mfg., LP and Palm Harbor

---

[1] River Birch Homes, Inc. also submits this memorandum in opposition to the substantively identical PSC Motion for Leave to File Second Supplemental and Amended Complaint (Doc. #593) in *Pujol v. The United States of America,* NO. 08-3217.

1

Albemarle, LLC, Giles Family Holdings, Inc., and Sunray Investment, LLC (Doc. # 614).

River Birch also opposes plaintiffs' motion for leave to amend for the following additional reasons:

### ADDITIONAL REASONS TO DENY PLAINTIFFS' LEAVE TO FILE SECOND SUPPLEMENTAL AND AMENDED MASTER COMPLAINT

Plaintiffs' motion for leave should also be denied because it attempts to manufacture standing against River Birch through a plaintiff named in the original Administrative Master Complaint (AMC) whose Plaintiff Fact Sheet (PFS) is inconsistent with the plaintiffs' new allegations. The only plaintiff, old or new, that attempts to allege any connection with River Birch in the proposed second amendment is "Sandra Anderson" According to Sandra Anderson's PFS, River Birch did not manufacture his temporary housing unit (THU), which is inconsistent with what is alleged in the proposed second amendment to the AMC.

As the Court is aware, no plaintiff alleged they occupied a temporary housing unit manufactured by any particular defendant in either the original AMC or the first amendment of the AMC. In an attempt to cure this fatal defect, plaintiff "Sandra Anderson" alleges that she occupied a THU manufactured by River Birch. (Proposed Second Amendment, at ¶ 3, adding ¶ 2(c)(tt).) This is the only plaintiff named in any complaint that alleges any connection to a THU manufactured by River Birch. The problem with Ms. Anderson's allegation is that it is completely inconsistent with the representations in her PFS.

Sandra Anderson's PFS states that the identity of the manufacturer of the THU she occupied is "Gulfstream Cavalier." (Exhibit 1, PFS of L. C. Bingham, at p. 8, ¶ V(A)(1).) She further identifies the THU she occupied as a travel trailer, (Ex. 1, at p. 9, ¶ V(A)(5), (11)-

2

(12). But, River Birch only delivered manufactured home THU's to FEMA. Thus, plaintiffs' problem with their attempt to manufacture standing against River Birch, is that River Birch did not manufacture the THU occupied by the ONLY plaintiff to allege a connection with River Birch.

In the recent Eastern District opinion of *Ordemann v. Unidentified Party*, 2008 U.S. Dist. LEXIS 19145, pp. 10-11 (E.D. La. 2008), the court denied an amendment under both the Rule 16(b) "good cause" standard[2] and Rule 15(a)[3], the latter of which the court analyzed under the following legal principles:

> Although "leave shall be freely given" under Rule 15(a), **this "is not a mechanical absolute and the circumstances and terms upon which such leave is to be 'freely given' is committed to the informed, careful judgment and discretion of the Trial Judge as he superintends the development of a cause toward its ultimate disposition."** *Freeman v. Continental Gin Co.*, 381 F.2d 459, 468 (5th Cir.1967). See also *Chitimacha Tribe of Louisiana v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1163 (5th Cir. 1982) ("leave to amend should not be given automatically."). Considerations aiding in this determination include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); see also, e.g., *Adrian v. Regents of the Univ. of California*, 363 F.3d 398 (5th Cir.2004). **Other considerations might be relevant under the particular circumstances presented.[**[4]**]** E.g., *Dorn v. State Bank of Stella*, 767 F.2d

---

[2]See Fed. Rule Civ. Proc. 16(b), *Ordemann,* at pp. 4-9 , and the Opposition of Newly Added Defendants, at pp. 13-16, which River Birch joins and adopts.

[3]See Fed. Rule Civ. Proc. 15(a).

[4]The factors enumerated in *Foman* are not exhaustive. "A host of other factors may be relevant[,]" *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, n. 11 (1st Cir. 1995), as "implied by the [*Foman*] Court's 'etc.'" *Harris v. Secretary, United States Dep't of Veterans Affairs*, 126 F.3d 339, 344 (D.C. Cir. 1997).

442, 443 (8th Cir. 1985) ("different considerations apply to motions [to amend] after dismissal").

> All of this leads us to the difficult task of "assur(ing) a party a fair opportunity to present his claims and defenses," while at the same time protecting a "busy district court (from being) imposed upon by the presentation of theories seriatim.

*Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir.1981). **"Pleadings review is not a game where the plaintiff is permitted to file serial amendments until he finally gets it right."** *Adrian*, 363 F.3d at 404. (Emphasis added.)

Under the "particular circumstances presented" by this case, the Plaintiffs' Motion for Leave to amend a second time should be denied. In particular, plaintiff Sandra Anderson Bingham should not be allowed to amend to allege a fact that is completely contrary to the PFS she produced to the defendants and clearly identifies a THU that was manufactured by someone other than River Birch.

Ms. Anderson is not a new plaintiff. Rather, she has been a named plaintiff in the AMC since March 2008. Four months after being named as a plaintiff in the AMC, she produced a PFS that identifies the manufacturer of the THU she occupied as "Gulfstream Cavalier." One week after producing Ms. Anderson's PFS, plaintiffs presented this Court with a copy of the proposed second amended AMC at the hearing on the motion to dismiss for lack of standing and it mysteriously identified River Birch as the defendant that manufactured Ms. Anderson's THU.

This is precisely the type of prohibited "serial amendment", unsupported by the most basic evidence (the PFS) that unduly burdens and prejudices this Court and the defendants through wasted time and resources. Like their attempt to substitute new

4

plaintiffs to manufacture standing, plaintiffs' attempt to connect Sandra Anderson to River Birch is just another improper method of trying to manufacture standing where none exists.

For the reasons assigned, River Birch Homes, Inc., prays that Plaintiffs' Motion, insofar as it seeks to add new plaintiffs with purported standing against River Birch Homes, Inc., should be denied.

            Respectfully submitted:

            **VOORHIES & LABBÉ**
            (A Professional Law Corporation)


            */s/ Lamont P. Domingue*
            Lamont P. Domingue - #20787
            Post Office Box 3527
            700 St. John Street
            Lafayette, Louisiana 70502-3527
            Telephone: (337) 232-9700
            ATTORNEYS FOR River Birch Homes, Inc.
            E-Mail: LPD@volalaw.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of August, 2008, a copy of River Birch Homes, Inc.'s Memorandum in Opposition to PSC's Motion for Leave to File Second Supplemental and Amended Master Complaint was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service this filing to the following non-CM/ECF participants:

    Jeffery N. Luthi
    One Columbus Circle, NE
    Federal Judiciary Bldg., Room G-255
    Washington, DC 20002.

                                              /s/ Lamont P. Domingue
                                              Lamont P. Domingue - #20787
                                              Post Office Box 3527
                                              700 St. John Street
                                              Lafayette, Louisiana 70502-3527
                                              Telephone: (337) 232-9700
                                              ATTORNEYS FOR River Birch Homes, Inc.
                                              E-Mail: lpd@volalaw.com

383962