UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER | * MDL NO. 1873 |
| FORMALDEHYDE | * |
| PRODUCT LIABILITY LITIGATION | * |
| | * SECTION:  "N-4" |
| VERSUS | |
| | * JUDGE ENGLEHARDT |
| | |
| THIS DOCUMENT IS RELATED TO ALL CASES | * MAGISTRATE ROBY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>MEMORANDUM IN OPPOSITION TO PSC
MOTION FOR LEAVE TO FILE SECOND AMENDED MASTER COMPLAINT</u>

Defendant, Horton Homes, Inc., submits this opposition to the PSC Motion for Leave to

File Second Supplemental and Amended Master Complaint (Rec. Doc. 594).[1]

In the proposed Second Supplemental and Amended Master Complaint, the plaintiffs did

not "match" an existing plaintiff with Horton Homes.  Instead, the plaintiffs seek to substitute a

new, never-before-named plaintiff alleging occupancy of a Horton Homes unit in an attempt to

create standing.  Horton Homes objects to the addition of this newly named plaintiff because

none of the existing plaintiffs named in the original Administrative Master Complaint have been

---

[1]      Out of an abundance of caution, Horton Homes also opposes the plaintiffs' Motion for Leave to
File Second Supplemental and Amended Complaint (Rec. Doc. 593) in the underlying action, *Pujol v. The United
States of America*, No. 08-3217 adopting the reasons and argument set forth herein by reference for that action.

"matched" with Horton Homes. Consequently, there is no valid action against Horton Homes susceptible to being "amended."

I.      BACKGROUND

Horton Homes was first named as a defendant in the original Administrative Master Complaint ("AMC") (Rec. Doc. 109) filed March 18, 2006. Prior to that filing, Horton Homes was not party to any underlying action arising from the FEMA temporary housing unit ("THU") litigation.[2] The original AMC identifies sixty-three named plaintiffs, but does not link any plaintiff to occupancy of any particular manufacturer's THU.

Because there are no specific allegations "matching" any plaintiff to occupancy of a Horton Homes THU, Horton Homes moved for dismissal of the AMC on the basis that no named plaintiff had established Article III standing to assert a claim against it. (Rec. Doc. 233).

The Court granted Horton Home's Motion to Dismiss (Rec. Doc. 604) for the reasons set forth in the Court's August 1, 2008 Order and Reasons "without prejudice to the right of Plaintiffs to seek leave to amend, either by going forward with their contested motions for leave to amend, . . . or by withdrawing those and filing new motions for leave to amend . . ." reasoning that "amending a complaint to allege specific facts to support **existing plaintiffs'** standing is permissible. (Rec. Doc. 599 - Order and Reasons, pp.10 and 11 - emphasis added). The Court further cautioned that "any Defendants not specifically matched to individual Plaintiffs will be dismissed without prejudice."

Thereafter, the plaintiffs filed a Motion for Leave to File a Second Supplemental and Amended Master Complaint. Horton Homes opposes this Motion.

_____

[2]      Horton Homes was named as a defendant in the subsequently filed *Pujol v. The United States of America*, underlying action No. 08-3217.

II.     NO "MATCH" WITH AN EXISTING NAMED PLAINTIFF

The plaintiffs failed to "match" an existing plaintiff to Horton Homes.  In the proposed
2nd AMC, the originally named plaintiffs are linked to occupancy of THU's purchased from
specific manufacturers.  None are matched to Horton Homes.  (Rec. Doc. 594-5, proposed
2ndAMC, pp. 3 - 7, para. 4).  Moreover, none of the Plaintiff Fact Sheets produced by the
existing plaintiffs assert occupancy of a Horton Homes unit.  Because the plaintiffs have failed to
"match" an existing plaintiff with a Horton Homes unit, they have failed to establish Article III
standing in this action against Horton Homes.  Consequently, in accordance with this Court's
August 1, 2008 Order and Reasons (Rec. Doc. 599), Leave to Amend to substitute a new plaintiff
with allegations against Horton Homes should be denied, and Horton Homes should be
dismissed from this action.

III.    SUBSTITUTION OF NEW PLAINTIFF

The plaintiffs attempt to cure the lack of Article III standing with respect to the claims
against Horton Homes by substituting a new plaintiff, Pamela S. Benoit, and matching this new
plaintiff with Horton Homes.  (Rec. Doc. 594-5, proposed 2ndAMC, p. 9, para. 7(q)).  However,
as addressed in the Memorandum in Opposition to PSC's Motion for Leave to File Second
Supplemental and Amended Master Complaint filed on behalf of CMH Manufacturing, Inc. *et
al.*, (Rec. Doc. 614), which memorandum and argument Horton Homes adopts herein by
reference, amendment to substitute a new plaintiff is not allowed to create jurisdiction where
none existed.  See, *Summit Office Park v. U. S. Steel Corp.*, 639 F.2d 1278 (5th Cir. 1981), *Aetna
Casualty & Surety Co. v. Hillman,* 796 F.2d 770 (5th Cir. 1986), and *Federal Recovery services,
Inc. v. United States,* 72 F.3d 447 (5th Cir. 1996).

For these reasons, Horton Homes prays that the plaintiffs' Motion for Leave to File
Second Supplemental and Amended Master Complaint be denied with respect to the addition of

a new plaintiff asserting residency of a Horton Homes unit, and that the claims against Horton Homes be dismissed in accordance with this Court's August 1, 2008 Order and Reasons.

Respectfully submitted,

LABORDE & NEUNER

s/Ben L. Mayeaux
BEN L. MAYEAUX #19042
CLIFFE E. LABORDE III #8062
GREGORY A. KOURY #26364
One Petroleum Center, Suite 200
1001 West Pinhook Road
Lafayette, Louisiana 70503
TELEPHONE:        (337) 237-7000
FACSIMILE:        (337) 233-9450
Attorneys for Horton Homes, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of August, 2008, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

s/Ben L. Mayeaux

-4-