UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873 |
| | SECTION "N-4" |
| | JUDGE ENGELHARDT MAG. JUDGE ROBY |

THIS DOCUMENT IS RELATED TO ALL CASES
(including 07-1873 and 08-3217)

---

### OPPOSITION MEMORANDUM TO THE PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND SUPPLEMENTAL AND AMENDED MASTER COMPLAINT (DOCKET # 594) AND TO AMEND THE PUJOL COMPLAINT (DOCKET #593) FILED BY DEFENDANT SCOTBILT HOMES, INC.

Defendant, ScotBilt Homes, Inc., ("ScotBilt") files this Memorandum in Opposition[1] to the Plaintiffs' Motion for Leave to File a Second Supplemental and Amended Master Complaint (Docket No. 594 in Case No. 07-1873) and to Amend the Petition for Damages in *Pujol v. The United States of America, et al.* (Civil Action No. 08-3217, Consolidated into Multi-District Litigation Number 07-1873, and having Docket No. 593).

---

[1] Defendant ScotBilt does not waive, and expressly reserves all rights and defenses available to it by filing this Opposition Memorandum, including but not limited to those under F.R.Civ.P. Rule 12, including but not limited to those available under subpart (b) thereto (a lack of subject matter jurisdiction, insufficient process and insufficient service of process, a lack of personal jurisdiction, improper venue, failure to state a claim which may be granted and/or failure to join a party under Rule 19), or its right to file a Motion to Clarify the Pleadings under Rule 12(e) or a Motion to Strike under Rule 12(f). No fact sheets have ever been provided for these proposed new Plaintiffs who allegedly have standing to sue ScotBilt Homes, Inc. so there is no way to verify that they in fact have standing, or have sued in the proper venue. Furthermore, as there is no previously named Plaintiff with standing to sue ScotBilt that was ever named, ScotBilt does not waive its right to service of process and does not agree that it has properly been sued.

ScotBilt joins in and adopts the arguments (and exhibits) set forth and attached in the Memorandum in Opposition to the Plaintiffs' Motions filed on behalf of the co-defendants, CMH Manufacturing, Inc., Southern Energy Homes, Inc., Palm Harbor Homes, Inc., Palm Harbor Mfg., L.P. and Palm Harbor Albemarle, L.L.C., Giles Family Holdings, Inc., and Sunray Investments, L.L.C. (Docket No. 614 in Civil Action 07-1873). The arguments raised by the co-defendants are equally applicable to ScotBilt Homes, Inc., and the Motions of the Plaintiffs should be denied. ScotBilt will explain:

As shown by Exhibit 1 the attachments to the co-defendants' Motion (Docket No. 617), none of the original named plaintiffs in either the *Pujol* Complaint or in the Amended Master Complaint (which are mirror images of each other insofar as the names of the plaintiffs that appear in both lawsuits are the same), were matched with ScotBilt Homes, Inc. in the proposed Second Amended Master Complaint and the proposed Amended Complaint in *Pujol.* The two named plaintiffs in the proposed Second Supplemental and Amended Master Complaint and in the proposed Amended *Pujol* Complaint are Ella Flowers and James Aaron Barnes, Jr. **See,** the Plaintiffs' proposed Amended pleadings adding in a new Paragraph 7(d) Sections (ww) and (xx) naming these two individuals as the plaintiffs with standing to sue ScotBilt Homes, Inc. Neither of these two individuals are named plaintiffs in the original *Pujol* Complaint in the original Master Complaint or Amended Master Complaint. These are two individuals who have been named for the first time ever in these proposed pleadings. As such, it is clear that none of the named plaintiffs in either *Pujol* or the Amended Master Complaint filed by the plaintiffs ever had Article III standing to sue ScotBilt Homes, Inc. in the first instance.

Furthermore, out of the more than 800 fact sheets delivered by plaintiffs to date, no fact sheet for any person has been turned over who alleges to have been in a ScotBilt home – not even for Ella

2

Flowers or James Aaron Barnes, Jr., the proposed newly added plaintiffs in the Plaintiffs' proposed pleadings.[2] In fact, there are no fact sheets either for Ella Flowers or James Aaron Barnes, Jr. at all.

What Plaintiffs are trying to do is to add in new plaintiffs that have never previously been named as plaintiffs in any prior lawsuit in order to retroactively create an Article III case or controversy or to retroactively create Article III standing to sue ScotBilt Homes. The caselaw as cited to by the co-defendants (and adopted herein by reference) is clear – the Motions should be denied. This is the exact same problem that the defendant and the other newly added defendants faced with the original Master Complaint and Amended Master Complaint and the original *Pujol* lawsuit.[3]

## **CONCLUSION**

**WHEREFORE**, the Defendant, ScotBilt Homes, Inc., prays that this Honorable Court will issue an order denying the plaintiffs Motion for Leave to File the Second Supplemental and Amended Master Complaint and deny the Motion for Leave to File an Amended Complaint in the Pujol lawsuit.

---

2 Furthermore, the deadline to designate class representatives and turnover representative class plaintiff fact sheets has already passed under the Pre-Trial Orders. As such, Defendant **objects** to the efforts of the Plaintiffs' counsel to circumvent the controlling deadlines in this matter at this late date.

3 If the Court allows this wholly unsupported and untimely amendment to proceed, the defendant will be right back where it was at the time of the filing of the original Amended Master Complaint – there is not enough information presented to establish that there is an actual Article III case or controversy before the Court in the proposed amended pleadings. As no fact sheets have been turned over for either of these proposed plaintiffs (or for anyone else alleged living in a ScotBilt Home) within the time frame allowed by the Pre-Trial Orders, the court will have to hear and rule upon the exact same "no Article III case-or-controversy" motion for a second time.

Respectfully submitted,

NIELSEN LAW FIRM, L.L.C.

/s/ Thomas C. Pennebaker
THOMAS C. PENNEBAKER, LA.S.B. 24597
WILLIAM R. DeJEAN, LA.S.B. 22762
3838 N. Causeway Blvd., Suite 2850
Metairie, Louisiana 70002
Tel. (504) 837-2500
Fax (504) 832-9165
Email: tpennebaker@nielsenlawfirm.com
　　　　wdejean@nielsenlawfirm.com

AND
GORDON, ARATA, McCOLLUM, DUPLANTIS
& EAGAN, L.L.P.

TERRENCE KNISTER, LA.S.B. 7755
ANNE P. BIRDSONG, LA.S.B. 21478
201 St. Charles Avenue, 40th Floor
New Orleans, Louisiana  70170
Tel. (504) 582-1111
Fax (504) 582-1121
Email: tknister@gordonarata.com
　　　　abirdsong@gordonarata.com

Counsel for ScotBilt Homes, Inc.

## CERTIFICATE OF SERVICE

　　　I hereby certify that on August 6, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

　　　　　　　　　　　　　　　　　　/s/   Thomas C. Pennebaker