UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|     FORMALDEHYDE | * | |
|     PRODUCTS LIABILITY | * | |
|     LITIGATION | * | |
| | * | JUDGE: ENGELHARDT |
| This Document Relates to:  ALL CASES | * | |
| | * | |
| | * | |
| | * | MAG: ROBY |

*************************************************************************

**MEMORANDUM IN SUPPORT OF
MANUFACTURING DEFENDANTS' MOTION TO
ENFORCE PRE-TRIAL ORDER NO. 8 BY
DESIGNATING 56 PROPOSED CLASS REPRESENTATIVES**

**MAY IT PLEASE THE COURT:**

Manufacturing Defendants submit the following Memorandum in Support of their Motion to Enforce Pre-Trial Order No. 8 (Rec. Doc. No. 287).

### I.  LAW AND ARGUMENT

**1.   The Court is permitted to require Plaintiffs to comply with an Order.**

Rule 16(b) of the Federal Rules of Civil Procedure authorizes federal courts to control and expedite the discovery process through a Scheduling Order. Fed. R. Civ. P. 16(b). Rule 16(f)(1)(C) allows courts to issue "*any* just orders" as sanctions for violating a pretrial order. Fed. R. Civ. P. 16(f)(1)(C).

The Fifth Circuit has noted that "the trial court has 'broad discretion to preserve the integrity and purpose of the pretrial order'". *Geiserman v. MacDonald,* 893 F.2d 787, 790 (5th Cir. 1990) (citing *Hodges v. U.S.*, 597 F.2d 1014, 1018 (5th Cir. 1979)). In *Geiserman*, the plaintiff failed to timely designate an expert and the Court upheld the trial court's decision to

strike the late expert witness designated and to preclude the expert's testimony. *Id.* at 790-91. The Court also held that the trial court was permitted to sanction the plaintiff for late responses to interrogatories by disregarding those responses. *Id.* at 793.  In upholding the trial court's imposition of sanctions, the Court noted that the plaintiff's delay in complying with the pretrial order "would have disrupted the court's discovery schedule and the opponent's preparation." *Id.* at 791.  Here, Plaintiffs' violation of this Court's pretrial order by failing to properly designate the total number of proposed class representatives produces identical consequences and likewise permits this Court to enforce Pre-Trial Order No. 8 (Rec. Doc. No. 287) by specifically designating the fifty-six (56) class representatives.

**2.     The Court should require Plaintiffs to designate 56 class representatives.**

Pretrial Order Number 8 Section 3(B) (Rec. Doc. No. 287) directed Plaintiffs' Liaison Counsel ("PLC") to "designate one half (1/2) of the total number of proposed class representatives…" by July 1, 2008.  PLC selected 28 class representatives pursuant to this Order and provided the corresponding fact sheets.[1]  "The remaining one half (1/2) of the total number of proposed class representatives…" were to be designated by August 1, 2008, in accordance with Pretrial Order Number 8 Section 3(C) (Rec. Doc. No. 287).

"The remaining one half (1/2)", described in PTO 8 Section 3(C) (Rec. Doc. No. 287), clearly means that the second production should be equal to or approximately equal to the first production – 28 representatives.  But on August 1, 2008, PLC designated one hundred-three (103) additional class representatives.[2]  This is seventy-five (75) representatives more than expected by Manufacturing Defendants, or allowed by Pretrial Order Number 8 Section 3(C) (Rec. Doc. No. 287).  PLC justified the excess by claiming that twenty eight class representatives

---

[1]     *See*, Exhibit "A", Ltr. from Matthew Moreland (July 1, 2008).

[2]     *See*, Exhibit "B", Ltr. from Matthew Moreland (August 1, 2008).

were produced on July 1 and an additional thirty-three were produced on July 16. While this is accurate, it is very misleading. On July 16 the plaintiffs produced over seven hundred fact sheets (in compliance with Pre-trial Order Number 2). Plaintiffs did not disclose that thirty-three of these individuals were being offered as "class plaintiffs" until August 1. Testing the old adage that the best place to hide a needle is in a pile of needles, no meaningful discovery of those thirty-three plaintiffs was undertaken before they were disclosed on August 1.[3]

The Manufacturing Defendants' preparation for the upcoming class certification hearing was further disrupted when PLC submitted an amended list of potential class representatives on August 7, 2008. PLC purported to remove twenty-nine (29) previously identified class representatives, but also added ten (10) new class representatives. The Manufacturing Defendants are uncertain which plaintiffs have been acknowledged or withdrawn as class representatives. The best calculation is to add the initial twenty-eight (28) representatives – which were ordered to be half of the total number of proposed class representatives – with the one hundred-three (103) additional representatives submitted by PLC on August 1. Thereafter, one subtracts from this number the twenty-nine representatives that were removed by PLC on August 7, and then adds the additional ten plaintiffs that were newly designated on that date. This calculation equals one hundred-twelve (112) proposed class representatives. This number is double what was anticipated by Manufacturing Defendants under Pretrial Order Number 8 Sections 3(B) and (C) (Rec. Doc. No. 287). As this court is well aware, the class certification discovery is on a fairly tight schedule. Doubling the number of plaintiffs expected will make it impossible to meet that schedule.

As of the filing of this motion, only three "class plaintiffs" have been deposed. A fourth deposition was noticed but was cancelled due to a conflict in that plaintiff's schedule. The

---

[3] *Id.*

inability to conduct class representative depositions is due, in part, to the complete inadequacy of the quality of the plaintiff fact sheets. Indeed, when the plaintiffs informed the defendants that they could not cure the deficiencies by July 11, the defendants were forced to file a motion to strike twenty of the initial twenty eight plaintiffs as "class plaintiffs."[4]  Defendants have been reviewing the one hundred three class representative fact sheets, minus the twenty nine removed plaintiffs' fact sheets, plus the ten new plaintiffs' fact sheets and will provide a deficiency letter to the plaintiffs. If those deficiencies cannot be remedied, a new motion to strike will follow. Nevertheless, this is a time consuming process. Defendants file this motion in an attempt to limit the plaintiffs to the number of "class plaintiffs" for whom they timely provided fact sheets. Then defendants can push forward to complete the necessary discovery for the certification process.

## II.  CONCLUSION

Manufacturing Defendants relied on the provisions of Pretrial Order Number 8 Sections 3(B) and (C) (Rec. Doc. No. 287) and cannot be expected to properly prepare for this case if Plaintiffs do not abide by the same rules.  Manufacturing Defendants respectfully request that this Honorable Court enforce Pre-Trial Order No. 8 (Rec. Doc. No. 287) by requiring PLC to

---

[4]  Defendants do not seek to dismiss these claims at this time but rather seek to strike these individuals from being offered as "class plaintiffs" at the November 19 hearing.

designate a second half of twenty-eight (28) for a total of fifty-six (56) proposed class representatives.

        Respectfully submitted,

        **DUPLASS, ZWAIN, BOURGEOIS,**
        **PFISTER, & WEINSTOCK**

        s/Andrew D. Weinstock
        _____
        **ANDREW D. WEINSTOCK #18495**
        **JOSEPH G. GLASS #25397**
        3838 N. Causeway Boulevard, Suite 2900
        Metairie, Louisiana 70002
        Telephone: (504) 832-3700
        Fax: (504) 837-3119
        andreww@duplass.com
        jglass@duplass.com
        *DEFENSE LIAISON COUNSEL*

## **C E R T I F I C A T E**

I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )   Hand Delivery          ( )   Prepaid U.S. Mail

( )   Facsimile              ( )   Federal Express

(X)   CM/ECF

New Orleans, Louisiana this 12th day of August, 2008.

        s/Andrew D. Weinstock
        _____
        ANDREW D. WEINSTOCK #18495
        andreww@duplass.com