UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                            MDL NO. 1873
FORMALDEHYDE                                   SECTION "N-4"
PRODUCT LIABILITY LITIGATION                   JUDGE ENGELHARDT
                                               MAG. JUDGE ROBY

**This Document Is Related To:**

*Johnson*, *et al. v. United States, et al.*, No. 08-3602, Doc. No. 1
*Huckabee, et al. v. Fleetwood Enters., Inc., et al.*, No. 08-4095, Doc. No. 1
*Pujol, et al. v. United States, et al.*, No. 08-3217, Doc. No. 1

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**DEFENDANT UNITED STATES OF AMERICA'S PRESERVATION OF DEFENSES**

Defendant United States of America (United States) hereby submits the following list of defenses to be preserved in the above-captioned actions pending in this multi-district litigation. The United States reserves the right to amend or supplement these defenses and to file appropriate preliminary pleadings and dispositive and other motions in such cases.

1.  Plaintiffs' claims brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA") are barred because Plaintiffs failed to exhaust their administrative tort remedies prior to filing suit. *See* 28 U.S.C. § 2675(a).

2.  Plaintiffs' FTCA claims are barred by the discretionary function exception to the FTCA waiver of sovereign immunity. *See* 28 U.S.C. § 2680(a).

3.  Plaintiffs' FTCA claims are barred by the contractor exception to the FTCA waiver of sovereign immunity. *See* 28 U.S.C. §§ 1346(b), 2671.

4.  Plaintiffs' FTCA claims are barred by the FTCA statute of limitations. *See* 28 U.S.C. § 2401(b).

5.  Plaintiffs' strict and/or absolute liability claims are barred because the FTCA does not

waive sovereign immunity for such claims.  *See* 28 U.S.C. §§ 1346(b)(1).

6.  Plaintiffs' claims for misrepresentation, concealment, or deceit, are barred by the misrepresentation exception to the FTCA waiver of sovereign immunity.  *See* 28 U.S.C. § 2680(h).

7.  Plaintiffs fail to assert any basis for analogous private liability and therefore their claims do not fall within the scope of FTCA waiver of sovereign immunity.  *See* 28 U.S.C. §§ 1346(b), 2674.

8.  The Court lacks subject matter jurisdiction over Plaintiffs' claims for breach of implied and / or express contracts arising out of their alleged lease of temporary emergency housing from FEMA.  *See* Little Tucker Act, 28 U.S.C. § 1346(a)(2); Tucker Act, 28 U.S.C. § 1491(a).

9.  The Court lacks subject matter jurisdiction over Plaintiffs' claims for breach of implied and / or express contracts arising out of their alleged purchase of temporary emergency housing units from FEMA.  *See* 41 U.S.C. §§ 602(a)(4), 609(a)(1); 28 U.S.C. § 1346(a)(2).

10.  Any claim for attorneys' fees is limited by 28 U.S.C. § 2678.

11.  The Court lacks subject matter jurisdiction over any claim for damages in excess of the sum certain damages that Plaintiffs submitted to FEMA in their administrative tort claims.  28 U.S.C. § 2675(b).

12.  The Court lacks subject matter jurisdiction over any claim for punitive damages or for interest prior to judgment.  28 U.S.C. § 2674.

13.  The Court lacks subject matter jurisdiction to award equitable relief.

14.  Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

15.  The United States owed no actionable duty to Plaintiffs in this case.

16.  The United States did not breach any duty to Plaintiffs in this case.

17.  No negligent, wrongful act or omission of the United States, was the cause in fact, or in any way contributed to, Plaintiffs' alleged injuries, damages, or losses.

18.   No negligent, wrongful act or omission of the United States, was the proximate cause, or in any way contributed to, Plaintiffs' alleged injuries, damages, or losses.

19.  Any alleged injuries, damages, or losses resulted from the superseding and intervening negligence of third parties or other events, for which the United States cannot be held liable, and broke the causal connection between the United States' alleged negligence and the Plaintiffs' alleged injuries, cutting off the legal effect of the United States' alleged negligence.

20.  Any alleged injuries sustained by Plaintiffs were not caused by acts or omissions on the part of the United States but were caused in whole or in part by the negligence of Plaintiffs.

21.  Plaintiffs' claims are barred because they are based upon actions taken by a public entity in response to Hurricanes Katrina and Rita.  *See* Louisiana Revised Statute § 9:2800(H); Louisiana Civil Code Arts. 2317, 2317.1.

22.  Plaintiffs' claims are barred by the Good Samaritan doctrine.

23.  The United States asserts any affirmative defenses available under state law.

24.  The United States hereby reserves the right to plead all other affirmative defenses or any defenses under federal or state law that it may become aware of or that may become applicable through discovery.

25.  Plaintiffs have not suffered any compensable damages.

26. If it is found that the United States is liable, which liability is denied, the United States is entitled to an offset against damages, if any, for all amounts received by Plaintiffs from the United States and its agencies, and also from all collateral sources.

27. All future damages, if any, must be reduced to present value.

28. Plaintiffs failed to mitigate their damages.

29. Income taxes must be deducted from all alleged past and future lost earnings.

30. Plaintiffs fail to state a claim for medical monitoring damages because they have not alleged a specific or manifest injury.

31. Any action against the United States shall be tried by the Court without a jury. *See* 28 U.S.C. § 2402.

32. The claims asserted by Plaintiffs are barred by the principles of res judicata and / or collateral estoppel.

33. The claims asserted by Plaintiffs are barred by the doctrines of waiver, ratification, unclean hands and / or estoppel.

Dated: August 13, 2008                    Respectfully Submitted,


                                                    GREGORY S. KATSAS
Assistant Attorney General, Civil Division

C. FREDERICK BECKNER III
Deputy Assistant Attorney General, Civil Division

J. PATRICK GLYNN
Director, Torts Branch, Civil Division

HENRY T. MILLER
Senior Trial Counsel

//S// *Michelle G. Boyle*
MICHELLE G. BOYLE (VA Bar No. 73710)
Trial Attorney
United States Department of Justice
Civil Division – Torts Branch
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20004
Telephone No: (202) 616-4447
E-mail: Michelle.Boyle@USDOJ.Gov

Attorneys for the United States of America

OF COUNSEL:

JORDAN FRIED
Associate Chief Counsel
JANICE WILLIAMS-JONES
Trial Attorney
FEMA/DHS
Department of Homeland Security
Washington, D.C. 20472

5

**CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2008, the foregoing Motion, along with its supporting Memorandum and Statement of Undisputed Material Facts, was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison Counsel.

                                              //S// *Michelle G. Boyle*
                                              (VA Bar No. 73710)