**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | | |
|---|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION<br><br>This Document Relates To ALL CASES | ) ) ) ) ) | MDL NO. 1873<br>SECTION "N" (4)<br><br>JUDGE ENGELHARDT |

## MANUFACTURING DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE [DOC. NO. 546]

**MAY IT PLEASE THE COURT:**

Manufacturing Defendants' Liaison Counsel on behalf of the Manufacturing Defendants submits this memorandum in direct response to the three specific points raised in Plaintiffs' Opposition. First, Plaintiffs incorrectly point to Pretrial Order Number 2, section III.D. to argue that Defendants are not following the court prescribed course for dismissal of a claim due to deficient fact sheets. Apparently, the Plaintiffs do not understand the relief Defendants are seeking. Defendants have not yet asked the court to dismiss any claim due to a deficient fact sheet. Instead, Defendants have requested that twenty-one of the first twenty-eight proposed "class plaintiffs" be stricken from that role. Should the court agree, those plaintiffs would once again become putative class members and not proposed "class plaintiffs" for evidentiary purposes at the November 19, 2008 Certification hearing. There is simply insufficient time to allow the Plaintiffs thirty days to cure their deficiencies. Additionally, Defendants question the ability of an individual to act as a class representative if they are unable or unwilling to timely complete the agreed upon fact sheet, particularly on the very basic information that was not included.

Second, Plaintiffs argue that defendants do not need completed fact sheets because they deposed Jerome A. Culler even though his fact sheet was included in the deficiency letter. The Manufacturing Defendants would like the court to understand that all twenty-eight (the first half of the proposed "class plaintiffs") fact sheets were deficient. Nevertheless, some were more deficient than others. In Mr. Culler's case, he failed to provide test results he admitted to possessing, he failed to provide a copy of his form 95 claim, and he failed to state the amount of medical expenses he was claiming. If Plaintiffs had examined the attachment to the letter (Exhibit "B" to the Motion to Strike) or the brief, they would have seen in the last column that Defendants did not move to strike Mr. Culler as a "class plaintiff." Thus, while Mr. Culler's fact sheet was deficient, the Manufacturing Defendants did not consider it deficient enough to move to strike him as a class plaintiff. As such, Mr. Culler is not listed as one of the individuals Defendants were seeking to strike.[1] Therefore, Defendants proceeded to depose Mr. Culler. Moreover, the purpose of deposing Plaintiffs at this stage of the litigation is for class purposes and not to have the Plaintiffs cure deficient fact sheets.

Third, Plaintiffs contend that they have attempted to "cure" these deficiencies--but have not set out how each of the deficiencies have been cured. The burden is not on the Defendants to sift through the various supplemental Fact Sheets and send out new deficiency letters as a precursor to a ruling on the Motion to Strike. If Plaintiffs believe they have sufficiently cured these deficiencies, they should have presented that to the court. In fact, it seems that at least one "class plaintiff"--Sherri Thomas--has still not identified a manufacturer. Several of the supplements show that Plaintiffs have "cured" the failure to certify by re-formatting the Fact Sheet to add a new page 18 on which the certification appears alone and it has been signed. Moreover, even if all fact sheets have been "cured" the fact remains that the Manufacturing

---

[1] See list on pages 13 and 14 of the Memorandum in Support of the Motion to Strike (Doc. No. 546).

Defendants have lost a month's time preparing and analyzing how these "class plaintiffs" fit into the class-certification analysis. Plaintiffs should not be permitted to prejudice this preparation by submitting deficient fact sheets in the first instance.

Plaintiffs' failure to account for their own clients' failure to provide correctly completed fact sheets as required by Pretrial Order Number 2 and 8 is fatal to such Plaintiffs' ability to stand as a representative of the proposed class. Accordingly, the Manufacturing Defendants request the identified "class plaintiffs" be struck for their failure to comply with the mandates of this Honorable Court.

Respectfully submitted:

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER & WEINSTOCK**

/s/ Andrew D. Weinstock
**ANDREW D. WEINSTOCK #18495**
**JOSEPH G. GLASS #25397**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
Fax: (504) 837-3119
andreww@duplass.com
jglass@duplass.com
*DEFENSE LIAISON COUNSEL*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has this date been served on all counsel of record in this proceeding by:

( )   Hand Delivery         ( )   Prepaid U.S. Mail

( )   Facsimile             ( )   Federal Express

(XX)  CM/ECF

New Orleans, Louisiana this 13th day of August, 2008.

                        /s/ Andrew D. Weinstock
                        ANDREW D. WEINSTOCK
                        andreww@duplass.com