UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION N-4<br>JUDGE ENGELHARDT<br>MAG. JUDGE ROBY |

THIS DOCUMENT IS RELATED TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

DEFENDANT UNITED STATES OF AMERICA'S RESPONSE TO
"MANUFACTURING DEFENDANTS' MOTION TO ENFORCE PRE-TRIAL ORDER
NO. 8 BY DESIGNATING 56 PROPOSED CLASS REPRESENTATIVES"
[Docket No. 637]

**INTRODUCTION**

Manufacturing Defendants' Liason Counsel ("MDLC") has moved for an Order to enforce Pre-Trial Order No. 8 [Dkt. No. 637]. The United States of America ("the United States") hereby responds to MDLC's motion by requesting that the Court grant the motion for the additional reasons discussed below.

**FACTS & ARGUMENT**

**I.    The Court's Pre-Trial Order No. 8 Specifies Deadlines For Class Certification Discovery In This Case.**

On May 23, 2008, the Court supplemented its previous pretrial orders by entering Pre-Trial Order No. 8 [Dkt. No. 287]. Among its provisions, the Order required Plaintiffs' Liason Counsel ("PLC") to "designate one half ($^1/_2$) of the total number of proposed class representatives and produce completed Plaintiff Fact Sheets for these designated class representatives" by July 1, 2008 [Dkt. No. 287 ¶ 3B]. In addition, the Order required PLC to "designate the remaining one half ($^1/_2$) of the proposed class representatives and produce completed Plaintiff Fact Sheets for these designated class representatives" by August 1, 2008 [Dkt. No. 287 ¶ 3C]. As a duly entered pretrial order, Pre-Trial Order No. 8 was to control the subsequent course of the action. Fed. R. Civ. P 16(e). The Court explicitly has the power to remedy any violation of such an order by issuing "any just orders." Fed. R. Civ. P. 16(f).

**II.    PLC Failed To Comply With Paragraph 3 Of The Court's Pre-Trial Order No. 8.**

PLC failed to appropriately designate the proposed class representatives in the balanced fashion required by the Court's pretrial order. PLC purportedly designated 27 initial proposed class representatives on July 1, 2008. *See* MDLC Mot. at 2; MDLC Ex. A. Although PLC disclosed these 27 names to MDLC through a letter dated July 1, 2008 [MDLC Ex. A], PLC

Response To "Manufacturing Defendants' Motion To
Enforce Pre-Trial Order No. 8 By Designating 56
Proposed Class Representatives" [Dkt. No. 637]          1

failed to send this letter to the United States.  As a result, the United States did not receive actual notice of the 27 names until weeks later in mid-July when the United States received a request from MDLC for the FEMA disaster files for these 27 persons.  In addition, the United States never received Plaintiff Fact Sheets for the initial set of proposed class representatives from PLC.  Rather, the United States was forced to obtain these documents from MDLC.

On August 4, 2008, the United States received a letter dated August 1, 2008 [MDLC Ex. B].  This letter designated an additional 103 proposed class representatives.  MDLC Ex. B.  This unexpectedly large number of names far exceeded the initial number purportedly designated on July 1, 2008.  PLC's approach was not in keeping with the strictures of Pre-Trial Order No. 8, which specified that "one half ($^1/_2$) of the total number of proposed class representatives" be designated by July 1, 2008, and the "remaining one half ($^1/_2$)" be designated by August 1, 2008.  By attempting to impermissibly "backload" their designation of proposed class representatives, PLC has threatened the United States' ability to manage class certification discovery in this case.

Since mid-July, when the United States received actual, albeit tardy, notice of the names of the 27 initial proposed class representatives, it has attempted to obtain the FEMA disaster files for these persons so the files could be produced to MDLC and PLC.  It initially gave first priority to obtaining FEMA disaster files for the four proposed class representatives that were to be deposed during the week of August 4, 2008.  The United States obtained these files and produced them to MDLC and PLC in advance of the depositions.  PLC's attempt to now add an additional 103 proposed class representatives creates an unfair scenario where the United States must scramble at the last minute in an attempt to obtain and produce the necessary FEMA disaster files.  In addition, the United States has been afforded a less than anticipated amount of

Response To "Manufacturing Defendants' Motion To
Enforce Pre-Trial Order No. 8 By Designating 56
Proposed Class Representatives" [Dkt. No. 637]          2

time to review information regarding a disproportionate number of proposed class representatives. Had PLC designated their proposed class representatives in a balanced fashion over time, as envisioned by Pre-Trial Order No. 8, this would not be the case. In addition, some of the recently designated class representatives have deficient Plaintiff Fact Sheets and have not completed a Privacy Act waiver. Without completed waivers, even if the United States can obtain FEMA disaster files for these persons in a timely fashion, the files cannot be produced until the time of deposition when the witness is available to complete the required waiver.[1/] Restricting PLC's second designation of proposed class representatives to approximately the same number (27) that was made one month earlier in the initial designation would serve to maintain a sense of fairness and reduce the possibility of undue prejudice.

## CONCLUSION

For the reasons set forth herein, the Court should grant MDLC's motion and restrict PLC to designating a maximum total of 56 proposed class representatives.

Dated: August 13, 2008.

        Respectfully Submitted,

        GREGORY G. KATSAS
        Assistant Attorney General, Civil Division

        C. FREDERICK BECKNER III
        Deputy Assistant Attorney General, Civil Division

---

[1/] For proposed class representatives that have not completed Privacy Act waivers, the United States plans, nonetheless, to obtain their FEMA disaster files. The United States will bring multiple copies of the disaster files to the particular proposed class representative's deposition and will provide copies of these files to counsel once the proposed class representative has signed a proper Privacy Act waiver and has agreed on the record that such information may be released.

Response To "Manufacturing Defendants' Motion To
Enforce Pre-Trial Order No. 8 By Designating 56
Proposed Class Representatives" [Dkt. No. 637]    3

                        J. PATRICK GLYNN
                        Director, Torts Branch, Civil Division

                        MICHELLE G. BOYLE
                        ADAM M. DINNELL
                        Trial Attorneys

                        //S// *Henry T. Miller*
                        HENRY T. MILLER (D.C. Bar No. 411885)
                        Senior Trial Counsel
                        United States Department of Justice
                        Civil Division – Torts Branch
                        P.O. Box 340, Ben Franklin Station
                        Washington, D.C. 20004
                        Telephone No:  (202) 616-4223
                        E-mail:  Henry.Miller@USDOJ.Gov

                        Attorneys for the United States of America

OF COUNSEL:

JORDAN FRIED
Associate Chief Counsel
JANICE WILLIAM-JONES
Trial Attorney
FEMA/DHS
Department of Homeland Security
Washington, D.C. 20472


## CERTIFICATE OF SERVICE

      I hereby certify that on August 13, 2008, the foregoing Response was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison Counsel.

                        //S// *Henry T. Miller*
                        HENRY T. MILLER (D.C. Bar No. 411885)

Response To "Manufacturing Defendants' Motion To Enforce Pre-Trial Order No. 8 By Designating 56 Proposed Class Representatives" [Dkt. No. 637]

4