UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCT LIABILITY LITIGATION | * | SECTION "N-4" |
| | * | JUDGE ENGELHARDT |
| | * | MAG. JUDGE ROBY |

THIS DOCUMENT IS RELATED TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## JOINT REPORT NO. 5 OF LIAISON AND GOVERNMENT COUNSEL

Plaintiffs' Liaison Counsel ("PLC"), Manufacturing Defendants' Liaison Counsel ("MDLC") and U.S. Government Counsel ("GC") respectfully submit this Joint Report No. 5.

**I.   REPORT OF CLAIMS AND CASE INVENTORY:**

MDLC reports that a total of 26 actions now have been filed, or transferred into, this MDL. MDLC is unaware of any other actions filed in other districts that currently are awaiting transfer into the MDL. MDLC further reports that there currently are approximately 871 plaintiffs named in all actions pending, or awaiting transfer into, the MDL. The following claims were filed since the last Joint Report:

**LOUISIANA:**

*Esther Mince, et al v. Fleetwood Enterprises, Inc., et al*, United States District Court, Middle District of Louisiana, filed on June 27, 2008, Civil Action No. 3:08-389.

**MISSISSIPPI:**

*Steven Huckabee, et al v. Fleetwood Enterprises, Inc., et al*, United States District Court, Southern District of Mississippi, filed on June 16, 2008, Civil Action No. 1:08-246.

1



FEMA estimates that approximately 10,000 persons have filed administrative claims against the United States Government/FEMA, which appear to pertain to the allegations giving rise to this MDL.

## II. WRITTEN DISCOVERY

PLC and MDLC have discussed arrangement necessary for the production of information requested in the aforesaid written discovery that exists in electronic format. Due to the extremely expensive nature of the searches, Magistrate Roby has asked for a ranking letter with the expectation of limiting this to the defendants with the most units. The Magistrate will take up that issue following this hearing.

PLC has established and are operating a central claims office located at 4731 Canal Street, New Orleans, Louisiana. PLC advises that it delivered completed Plaintiff Fact Sheets for the 863 named plaintiffs by the July 16, 2008 deadline contained in Pre-Trial Order No. 2 (Doc. No. 87). Defendants are preparing an extensive deficiency letter regarding this production. Thereafter, assuming appropriate staffing and operation, PLC hopes to produce Plaintiff Fact Sheets to defendants on a rolling basis, at the rate of approximately 800 per month. To date, Plaintiffs have delivered 963 Plaintiff Fact Sheets to Defendants.

Plaintiffs have issued written class action status discovery requests to the United States. The United States' responses are due on or about August 29, 2008.

## III. TESTING OF TRAILERS

The testing of Temporary Housing Units, both occupied and unoccupied/never occupied, continues at numerous locations. Defendants will have completed the testing of at least 1100 never occupied and previously occupied units at fourteen FEMA locations by September 2,

2008. Defendants have completed testing of 98 currently occupied units by the date of this report and are continuing that testing.

The United States' position is that through FEMA it has accommodated all reasonable requests to access and test travel trailers, park model trailers and manufactured housing. Consistent with the Court's Order, FEMA intends to commence disposal/destruction of Hurricane Katrina/Rita temporary housing units on September 2, 2008.

### A. Never Occupied Testing:

Plaintiffs were able to accomplish as much testing as possible within the guidelines of Pre-Trial Orders # 3 and 4.

### B. Currently Occupied Unit Testing:

#### 1. Defendants

Defendants have tested approximately 100 occupied units. FEMA provided Defendants on July 31, 2008 with a list of 599 units which FEMA believes are occupied units. Of those units identified as occupied, Defendants have tested the three to which they have been given access. Defendants are in negotiation with Plaintiffs to work out a plan for the testing of these units and will report to the Court.

#### 2. Plaintiffs

Plaintiffs and Defendants continue to work diligently to coordinate the testing of occupied units. Since these units are being removed at a rapid pace, the parties and their teams of experts are utilizing the following protocol in the field for the testing of currently occupied units:

> When a unit is identified as currently occupied, before Plaintiffs' testing begins, Plaintiffs notify Defendants of their intention to test these units. Plaintiffs' team of experts then go

to the occupied unit, place their testing equipment or "badge" in the unit, and return to the unit 24 hours later to recover the "badge." When Plaintiffs' team arrives at the unit to recover their testing equipment, Defendants' testing team arrives at the unit and performs their testing. Defendants' team then returns 24 hours later to remove their testing devices from the occupied unit.

PLC and MDLC previously filed a Motion for Disclosure of Plaintiff Testing Activity (Doc No. 339). This proposed order should be modified so that it reflects the actual ongoing protocol or procedure taking place in the field. Plaintiffs' and Defendants' testing teams have been cooperating to get this testing completed as quickly as possible

### C. **Formerly Occupied Testing:**

#### 1. **Defendants**

Testing of 1,092 formerly occupied units located by FEMA will be completed by the Joint Defense Group by September 2, 2008, weather permitting and assuming no major testing equipment failures.

#### 2. **Plaintiffs**

With regard to previously occupied units currently located on FEMA property, plaintiffs' testing of these units is ongoing. However, plaintiffs have encountered certain logistical problems at the site. Many units are not accessible without being moved to permit testing and FEMA has been slow to move these units. The testing teams have also encountered numerous rain delays, frequently rendering the site difficult, if not impossible, for testing which involves walking long distances through the mud to units scattered all over this extremely large facility. Further, the unit inventory supplied by FEMA to Plaintiffs' testing teams is often very inaccurate which has caused further delays. Despite these many delays, Plaintiffs are endeavoring to complete this testing by the existing September 2, 2008 deadline. However, due to inclement weather, site conditions, an inadequate inventory, and FEMA's inability to locate

4

units, the PSC may have no choice but to request an extension of this deadline if the necessary testing cannot be completed within the current deadlines.

### 3. United States

The United States disagrees with representations and proffers regarding reasons why they Plaintiffs may fail to complete their testing of units by September 2, 2008. The primary cause for Plaintiffs concerns results from their failure to initiate testing in a prompt manner. The United States made all facilities available for testing in March 2008, however, PSC did not commence testing any of these units until July 2008. The United States has acted reasonably to accommodate all of the PSC's requests to test units and PSC was aware in March 2008 of the potential logistic difficulties associated with testing at these facilities. Moreover, the cost to maintain the hold on units as PSC suggests it may requests imposes an undue burden on the taxpayer. FEMA in response to Congressional inquiry has reported that the approximate cost per day to the taxpayer to maintain these excess units is $250,000.00 per day.

## IV. DEPOSITION DISCOVERY

A. Defendants have deposed three proposed class plaintiffs and are seeking clarification on how many more they need to depose.

B. Plaintiffs have taken the 30(b)(6) depositions of the following:

1. Bourget's of the South;
2. Fleetwood;
3. Gulf Stream;
4. Forest River;
5. CH2M Hill; and
6. Morgan Building and Spa/Morgan Building Systems.

Other depositions are presently scheduled.

In addition to the foregoing, Plaintiffs have also received document productions from the following:

5

      1. Silver Creek;
      2. Waverlee/Liberty
      3. Recreation by Design;
      4. TL Industries
      5. FEMA Disaster Files on 4 Plaintiffs;
      6. Coachmen;
      7. Indiana Manufactured Housing Association;
      8. American Homestar/Oak Creek;
      9. River Birch;
     10. Horton Homes;
     11. Redman/Champion;
     12. Keystone;
     13. Bechtel National; and
     14. North American Catastrophe Services.

      C. The United States has concerns regarding depositions because manufacturers are not providing the government with a copy of documents and materials that they provide to Plaintiffs. The United States, like Plaintiffs, have agreed to be bound by the parties Draft Protective Order pending the Court's entry of a Protective Order. Notwithstanding this agreement, Manufacturers are under the impression that they need not share their documents with any entity other than Plaintiffs. This has substantially impaired the United States ability to prepare and participate in the depositions of the Manufacturers.

      The United States also has substantial concerns regarding certain Plaintiffs' counsel continuous failure to provide copies of any documents used during their questioning of Manufacturers or Government Contractors to the witness, witness' counsel, government counsel, and Defense Liaison Counsel. The failure to provide documents means that Plaintiffs counsel and the witness are sharing the same document (often with Plaintiffs' counsel's handwriting and notations) and other counsel are required to either interrupt the deposition to review document or allow questioning to proceed without having had an opportunity to review and thereby preventing counsel from potential asserting appropriate objections.

6

## V. MOTION PRACTICE

MDLC currently have pending a Motion to Strike Class Representatives (Docket No. 546) and a Motion to Enforce Pre-trial Order No. 8 by Designating 56 Proposed Class Representatives (Docket No. 637).

The Plaintiffs have, in accordance with the Court's orders of August 1, 2008 (Rec. Doc. Nos. 599, 604), moved to withdraw motions for leave to file supplemental and amending petitions in *Pujol* (rec. Doc. 593) and the Master Consolidated Litigation (Rec. Doc. 594) and will re-file motions for leave to amend petitions in both of those matters on or before August 18, 2008.

## VI. CLASS CERTIFICATION DISCOVERY

MDLC have deposed three proposed "Class Plaintiffs." Plaintiffs have withdraw one of those individuals, Gwendolyn Jefferson o/b/o Tevin Jefferson, following her deposition.

BY: s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
jwoods@gainsben.com

s/Andrew D. Weinstock
ANDREW D. WEINSTOCK, #18495
**DEFENDANTS' LIAISON COUNSEL**
Duplass, Zwain, Bourgeois,
Pfister & Weinstock
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
Telephone:   504/832-3700
Facsimile:    504/837-3119
andreww@duplass.com

s/Michelle G. Boyle
HENRY T. MILLER
Senior Trial Counsel
MICHELLE G. BOYLE, Va. Bar No. 73710
Trial Attorney
ATTORNEYS FOR THE UNITED STATES OF AMERICA
United States Department of Justice
Civil Division - Torts Branch
P. O. Box 340, Ben Franklin Station
Washington, D.C. 20004
Telephone:   202/616-4447
Michelle.Boyle@usdoj.gov