UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                                     MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                 SECTION "N-4"

                                                               JUDGE ENGELHARDT
                                                               MAG. JUDGE ROBY

THIS DOCUMENT IS RELATED TO:
*Pujol v. The United States of America, No. 08-3217*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION FOR LEAVE TO
FILE SECOND SUPPLEMENTAL AND
AMENDED COMPLAINT

MAY IT PLEASE THE COURT:

I.  Proposed Amendment

        Since the filing of the original  Complaint, plaintiffs' counsel have received information to

the effect that certain defendants named therein, i.e., Integrity Midwest Inc., d/b/a US Adventure RV,

and Tom Stinnett Holiday RV Center, should be dismissed (without prejudice) since they are not the

manufacturers of housing units which are at issue in this litigation, and that certain other defendants

named in the original Master Complaint should be either renamed or substituted, i.e., Jayco, Inc.

should be named instead of Jayco Enterprises, Inc., and Patriot Homes of Texas, L.P. and Patriot

Manufacturing, Inc. should be named instead of Patriot Homes, Inc.  There also is information

received to the effect that Morgan Buildings & Spas, Inc., previously dismissed voluntarily and

without prejudice by plaintiffs' counsel in another matter in these consolidated proceedings, may fall within the legal definition of a "manufacturer" and therefore should be named as a defendant herein.

Counsel also have obtained information that certain represented claimants in these proceedings resided in units manufactured by companies not yet named as defendants in either the Original or the First Supplemental and Amended Complaint, which companies now should be added as defendants.  Finally, the PSC has been able to analyze claims information as it is being received in order to match specific plaintiff as proposed class representatives, with the named defendant manufacturers of housing units in which these plaintiffs resided.  This makes it possible to now specify this information in the proposed Second Supplemental and Amended Complaint.

Counsel for plaintiffs therefore propose to file the attached amended Complaint in order to accomplish the following:

**Both Integrity Midwest, Inc., d/b/a US Adventure RV and Tom Stinnett Holiday RV Center will be deleted as named defendant manufacturers.**

An affidavit dated July 1, 2008 has been received from John Dresselhaus, President of Integrity Midwest, Inc., d/b/a US Adventure RV, a company named as a defendant manufacturer in the original Complaint.  This affidavit is made Attachment I.  In it, Mr. Dresselhaus avers under oath that this company did broker the sales of travel trailers from certain manufacturers to FEMA, but did not itself manufacture, design, install or inspect any such units, and did not brand or label any units as its own or otherwise hold itself out as a manufacturer of units.  *See* Dresselhaus Affid. [Attachment I].

Counsel also is in receipt of an affidavit of July 10, 2008 from Tom Stinnett, the chief executive officer of Tom Stinnett Holiday RV Center, Inc.  This affidavit is made Attachment II.

In it, Mr. Stinnet avers under oath that this company is an RV dealership which entered into a contract with FEMA to provide travel trailers through the dealership's industry contacts with manufacturers and other dealers.  The company, however, did not design, manufacture, install or inspect any of the travel trailers which were provided to FEMA through this arrangement, and neither did the company brand or label any such units or hold itself out to be a manufacturer of same. *See* Stinnett Affid. [Attachment II].

On this basis, plaintiffs propose to remove each of these two entities as manufacturers named as defendants in the Complaint.  This will be done without prejudice, i.e., with the express reservation of plaintiffs' rights to re-name these entities as defendants should discovery provide a basis for doing so at a later time.

## Morgan Buildings & Spas, Inc. will be named as a defendant manufacturer

Morgan Buildings & Spas, Inc. (hereafter "Morgan") was named as a defendant manufacturer in a class action suit filed in Civil District Court for the Parish of Orleans entitled "*Decarlo McGuire, et al v. Gulf Stream Coach, Inc., et al,* " which action was removed to this Court as Civil Action No. 06-5659.  Morgan filed a Motion to Dismiss, arguing, *inter alia*, that plaintiffs in that case had failed to timely file a motion to certify a class.  Morgan's motion and the Court's order of dismissal in *McGuire* are Doc. Nos. 135 and 139.

On May 23, 2007, the *McGuire* case was consolidated with another action filed in this district court, entitled "*Keith Hillard, et al v. United States of America, et al,*" Civil Action No. 06-2576.  Plaintiffs in that case subsequently filed a voluntary motion to dismiss several defendants, without prejudice, and the Court entered an order to this effect, dismissing (among others) the defendant Morgan.  *See* Order of Voluntary Dismissal in *McGuire* (Doc. No. 152).

In none of these earlier proceedings was it discovered what now has been revealed concerning Morgan, i.e., that Morgan's logo or label appeared on specific housing units inhabited by plaintiffs known to be represented and asserting claims in these proceedings.

On the basis of this information, the Court-Appointed Plaintiffs' Steering Committee in this MDL filed a motion (unopposed by counsel for Morgan) to file a First Supplemental and Amended Master Complaint, renaming Morgan as a defendant, and citing the provisions of the Louisiana Product Liability Act (LPLA) that, having labeled or held out as its own an allegedly defective product, Morgan may fall within the definition of "manufacturer" under the LPLA. *See* LSA-R.S. 9:2800.53(1)(a).

When this first amendment to the Master Complaint was filed, however, plaintiffs' counsel erroneously believed that Morgan still was a named defendant in the underlying *McGuire* case. For this reason, the Complaint in this underlying case (*Pujol*) was not amended along with the Master Complaint to name Morgan as defendant.

Accordingly, it is now necessary and appropriate for plaintiffs herein to amend to add Morgan as a defendant manufacturer in this case. This will achieve the previously-announced and desirable objective of having all claims against all named defendants in the Master Complaint and its amendments, supported by corresponding and identical claims against the same defendants in this underlying action.

**Certain defendant manufacturers should be renamed or substituted**

Plaintiffs have learned that the defendant "Jayco Enterprises, Inc." identified in the original Complaint, correctly is identified as "Jayco, Inc."

Moreover, the original Complaint named "Patriot Homes, Inc." as a defendant manufacturer, when in fact the housing units associated with that entity were manufactured by "Patriot Homes of Texas, L.P." and "Patriot Manufacturing, Inc."

The proposed amendment therefore renames Jayco, Inc. as defendant, deletes Patriot Homes, Inc., and adds Patriot Homes of Texas, LP and Patriot Manufacturing, Inc.

**Certain defendant manufacturers will be added as named defendants**

Plaintiffs' counsel continue to receive specific claims information regarding plaintiffs represented in these proceedings.  It appears that as to a number of these individuals (all of whom have retained counsel to make claims as part of this MDL), it is possible to specify the manufacturer of the emergency housing unit in which the individual resided, and yet the manufacturer has not yet been named as a defendant in either the Original or in the First Supplemental and Amended Complaint.

The new manufacturing entities who now will be added as defendants are the following:

1. Alliance Homes, Inc. d/b/a Adrian Homes

2. Timberland RV Company d/b/a Adventure Manufacturing

3. Champion Enterprises, Inc.

4. Heartland Recreational Vehicles, LLC

5. Hy-Line Enterprises, Inc.

6. Lexington Homes

7. Townhomes, LLC

8. Homes of Merit, Inc.

9. Play'Mor Trailers, Inc.

10.   Dreams R.V. Sales, Inc.

11.   Sunnybrook R V, Inc.

12.   Patriot Homes of Texas, L. P.

13.   Patriot Manufacturing, Inc.

14.    SunRay RV, LLC

In each of the above cases, the proposed amended pleading matches a named plaintiff class member to the newly-added defendant manufacturer.

**Each plaintiff class representative, some newly-identified in the proposed amended pleading, will be linked or matched to the manufacturer of the housing unit in which that plaintiff resided.**

Certain manufacturing defendants named as such for the first time in the original Complaint, filed motions to dismiss for the lack of standing on plaintiffs' part, since the Original and First Supplemental and Amended Complaints do not specify the manufacturers of the units in which named plaintiff class representatives resided.  The Court in its ruling of August 1, 2008, agreed that the Complaint filed by the PSC as to these defendants should be dismissed on this basis, but also held that "amending [the] complaint to allege specific facts to support existing plaintiffs' standing is permissible."  *See* Doc. No. 599, at p. 10.  Plaintiffs' counsel have undertaken a review of available claims data in order to match known, represented claimants to units manufactured by named defendants.  The attached proposed Second Supplemental and Amended Complaint provides this information with respect to all putative class representatives, so that the standing of all class representatives is factually supported and pled as to as many defendant manufacturers as possible.

II. <u>Argument</u>

The proposed amended pleading not only clarifies the original Complaint by demonstrating for the record the individual Article III standing of each previously-named plaintiff and proposed class representative *vis-a-vis* a named defendant manufacturer, but also seeks to add proposed class representatives so that the same individual standing on the part of an actual claimant and class member can be demonstrated for each and every named defendant manufacturer to the fullest extent possible, based upon existing claimant information.

As the Court has confirmed in its recent analysis of the issue, constitutional standing limits the judicial power of the United States to the resolution of "cases" and "controversies," by requiring, at a minimum, that the party who invokes the court's authority "personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 99, 99 S.Ct. 1601, 1608, 60 L.Ed.2d 66 (1979). The alleged injury must be one that "fairly can be traced to the challenged action," and one that is likely to be redressed by a favorable decision." *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471-472, 102 S.Ct. 752, 757-758 (U.S. 1982); *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 38, 41, 96 S.Ct. 1917, 1924, 1925, 48 L.Ed.2d 450 (1976). Through the amendment now proposed, each named plaintiff class representative alleges that his or her formaldehyde exposure was caused by the defendant manufacturer of his or her FEMA-provided EHU. In this way, the Complaint, as amended, will confirm and clarify the individual, constitutional standing of each named plaintiff pursuant to the standards enunciated in the above jurisprudence. The amended Complaint also sets forth the nature

of plaintiffs' injuries and damages, which are clearly of the type typically addressed through the judicial process.[1]

At the oral argument before this Court on July 23, 2008, and in subsequent memoranda opposing the PSC's originally-filed (but now withdrawn) motion for leave to amend the original Master Complaint and the undersigned counsel's motion to amend original complaint in *Pujol* (Rec. Doc. Nos. 593 and 594), counsel for the newly-added defendants candidly acknowledged that the real thrust of their attempt to dismiss these entities (and likewise to oppose this motion to amend), has to do with the statute of limitations. In effect, these defendants urge the Court to require plaintiffs to institute a new action, or series of actions, against each of them, in the hope that the claims asserted both individually and in the proposed class action may be prescribed by the time of the new filing. Respectfully, this gambit is at odds with both sensible MDL case management, and

---

[1]     Specifically with regard to the "actual injury" requirement of Article III standing, it is well-established that "at the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, assuming they meet the minimum requirements." *Public Citizen, Inc. v. Bomer,* 274 F.3d 212 (5th Cir.2001), *citing Defenders of Wildlife,* 504 U.S. at 561, 112 S.Ct. 2130; *Matte v. Sunshine Mobile Homes, Inc.* 270 F.Supp.2d 805, 816 (W.D.La. 2003); *see also Lewis v. Casey,* 518 U.S. 343, 357-358, 116 S.Ct. 2174, 2183 (U.S.1996) ("The general allegations of the complaint in the present case may well have sufficed to claim injury by named plaintiffs, and hence standing to demand remediation.... At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim."). Unlike the plaintiffs in the *Matte* case or plaintiffs in other cases which defendants' counsel cited to the Court at oral argument for instance, namely, *Lewis v. Casey* (inmates alleging violation of right to access to the courts due to substandard prison law libraries) and *O'Shea v. Littleton,* 414 U.S. 488, 94 S.Ct. 669 (U.S. 1974) (plaintiffs seeking a civil rights class action for injunctive relief against local law enforcement officials alleging deprivation rights under the Constitution and civil rights acts due to continuing pattern and practice of conduct consisting of illegal bond setting, sentencing, and jury fee practices in criminal cases), plaintiffs in this case have asserted that they have in fact been harmed, i.e., they have alleged injuries in fact and not simply in "theory".

the fundamental policy underlying Rule 15's liberal treatment of amended pleadings.  To invite the filing of new, multiple and separate complaints in this matter would also violate the spirit of flexible case management in complex litigation as embodied in Rules 23(d) and16(c)(2)(L).

Under FRCP 15(c), amendments to complaints may relate back to the time of the filing of the original complaint.  In expressly allowing "relation back" in certain cases were pleading amendments add new defendants, the Rule promotes the policy of recognizing that claims against new entities which arise out of the conduct or transactions of the original complaint, should not be treated as "new" proceedings when this would "defeat unjustly the claimant's opportunity to prove his case."  *See* Advisory Committee Notes for 1966 Amendment, FRCP 15.  Such "relation back" specifically is allowed when the newly-added entity has been given "such notice of the action that it will not be prejudiced in defending on the merits...."  Rule 15(c)(1)(C)(ii).

In the context of this proposed class action, the question becomes whether the defendants opposed to this amendment will be actually or unfairly prejudiced in  maintaining a defense against a newly-added plaintiff.  *See* 1 Alba Conte and Herbert B. Newberg, Newberg on Class Actions § 1:1 (4th ed.).  Here, the specified claims against the "newly added" defendants in the proposed amended complaint obviously arise out of the conduct set forth in the original Master Complaint. Each such defendant had "notice" and knew, or should have known, that certain class member claims against it would be prosecuted.  Where such notice occurs within 120 days of the filing of the original Complaint (in this case, July 16, 2008), or even longer if good cause is shown, leave to

amend should be granted by the Court under Rule 15.  *Douglas v. National R.R. Passenger Corp.* 1997 WL 660598, 1 (E.D.La.1997).[2]

There is no doubt that the newly-added defendants in this case have had sufficient notice of this litigation and of the fact that plaintiff class members were both asserting claims against them and praying for the establishment of a class which specifically would include these claims against them.  There likewise can be no doubt that the plaintiffs have undertaken to hold accountable in this MDL all manufacturers which supplied EHU's to FEMA in response to Hurricanes Rita and Katrina.  Indeed, many of the newly-added defendants already have appeared and engaged in motion practice and discovery.[3]

In *Alexander v. Wyeth Lab* (*In re Norplant Contraceptive Products Liability Litigation*, 163 F.R.D. 255 (E.D. Tex. 1995), plaintiffs were allowed to add three additional plaintiffs and one

_____

[2]    The jurisprudence makes clear that <u>actual</u> notice can occur in different ways: Informal as well as formal notice is sufficient. Service upon an agent of a party to be brought in by the amendment, for example, is adequate notice to that party. *Kirk v. Cronvich,* 629 F.2d 404 (5th Cir.1980); *Montgomery v. United States Postal Service,* 867 F.2d 900 (5th Cir.1989). Notice may also be inferred if there is an identity of interest between the party originally sued and the party sought to be brought in by amendment. This occurs when the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other. *Kirk v. Cronvich,* 629 F.2d 404, 407, n. 4 (5th Cir.1980); *Honeycutt v. Long,* 861 F.2d 1346, 1351, n. 7 (5th Cir.1988); *Douglas v. National R.R. Passenger Corp.*, at  2.

[3]    See particularly the <u>Memorandum in Opposition to PSC's Motion for Leave to File Second Supplemental and Amended Master Complaint on Behalf of Defendants CMH Manufacturing, Inc., *et al.*</u> (Rec. Doc. 614) at 16, and those of the following defendants who all adopt the CMH memorandum: Indiana Building Systems, L.L.C.., d/b/a Holly Park (Rec. Doc. 616); Cavalier Home Builders, LLC (Rec. Doc. 617); Liberty Homes, Inc. And Waverlee Homes, Inc. (Rec. Doc. 618); Patriot Homes, Inc. (the parent corporation of two subsidiary manufacturers, Patriot Manufacturing, Inc. and Patriot Homes of Texas, L.P.) (Rec. Doc. 619); Redman Homes, Inc. (Rec. Doc. 620); River Birch Homes, Inc. (Rec. Doc. 621); Horton Homes, Inc. (Rec. Doc. 622); ScotBilt Homes, Inc. (Rec. Doc. 623); Skyline Corporation and Layton Homes Corporation (Rec. Doc. 630); and, Philips Products, Inc. (Rec. Doc. 634).

additional defendant by way of an amended pleading, in order to assert a misrepresentation claim

in an action against sellers and distributors of implanted contraceptive devices. The additional

plaintiffs there complained of the same side-effects as those alleged in the original complaint, and

the Court concluded that granting leave to amend in order to add these plaintiffs would cause neither

undue delay in the proceedings nor undue prejudice to defendants.  There, as here, the putative class

action was in its early stages, making it even more clear that defendants would not be unfairly

prejudiced by the addition of three new plaintiffs.  *See* 1 Alba Conte and Herbert B. Newberg,

NEWBERG ON CLASS ACTIONS  § 6:3 (4th ed.)

Under 15(a)(2) of the Federal Rules of Civil Procedure, amendments to complaints should

be freely permitted "when justice so requires."  Plaintiffs submit that, in the above instances, both

justice and appropriate MDL case management justify the requested amendments to the Complaint,

and therefore asks leave to file the Second Supplemental and Amended Complaint attached hereto.

In their oppositions to the plaintiffs' originally-filed Motions for Leave to File Second

Supplemental and Amended Complaints in the consolidated matter (Rec. Doc. 594) and *Pujol* (Rec.

Doc. 593), the defendants argue that these attempts to amend should be analyzed under Rule 16(b)'s

"good cause" standard rather than Rule 15(a).  They cite the deadline for amendments and third-party

claims specified in Pretrial Order No. 2 (Rec. Doc. 87 at §I., ¶E), arguing that the plaintiffs'  Second

Supplemental and Amending Complaints are untimely and that the plaintiffs' have failed to establish

good cause pursuant to Rule 16(b). What the defendants' fail to acknowledge, however, is that

Pretrial Order No. 8 (Rec. Doc. 287, at ¶3), as well as this Court's Orders of August 1, 2008 (Rec.

Doc. Nos. 599 and 604), already have effectively amended the prior PTO No. 2.  Plaintiffs are

expressly authorized to continue to identify proposed class representatives through August 1, and

-11-

to move to amend the Amended Master Complaint (and underlying *Pujol* Complaint) through and including this date, August 18, 2008.

It also is pertinent to consider the provisions of Rule 23 dealing with scheduling orders. Rule 23(d), which was added in 1966, gives the trial court extensive power to control the conduct of a class action, and the objective of subdivision (d), as indicated in the Advisory Committee Note, is "the fair and efficient conduct of the action." The 2007 Advisory Committee Note also makes mention of Rule 16 where class actions are concerned:

> Amended Rule 23(d)(2) carries forward the provisions of former Rule 23(d) that recognize two separate propositions. First, a Rule 23(d) order may be combined with a pretrial order under Rule 16. *Second, the standard for amending the Rule 23(d) order continues to be the more open-ended standard for amending Rule 23(d) orders, not the more exacting standard for amending Rule 16 orders.*

Adv. Comm. Notes (2007), FRCP 23(d)(2) [emphasis added].

Rule 23(d) permits the Court to make orders: (1) determining the course of the proceedings or prescribing measures to prevent undue repetition or complication in the presentation of evidence or argument at trial; (2) protecting the members of the class who are not before the Court by giving them notice of various steps being taken in the action and other matters; (3) imposing conditions on class representatives and intervenors; (4) requiring the pleadings to be amended to eliminate allegations as to the representation of absent persons and directing that the action proceed as a nonclass action; and (5) dealing with similar procedural matters. The Rule does not limit the Court either with regard to when or how subdivision (d) may be invoked and applied. Since class actions (arising in the context of multidistrict litigation) tend to be both complicated and protracted, their management and disposition frequently require the exercise of considerable judicial control, flexibility and ingenuity in the framing of orders relating to various aspects of the case.

Moreover, the protection of absentees is one of the basic objectives of Rule 23(d). The Rule provides the trial court with broad discretion in achieving this objective and even offers specific guidance as to the types of problems the district judge is likely to encounter. *See* 7B Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice & Procedure § 1791; *see also In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1013, n. 8 (5th Cir. 1977) ("In class actions we recognize, indeed insist upon, the court's participation as the manager of the case. Fed.R.Civ.P. 23(d) grants particularly broad powers to a court in managing a class action."); *Bernard v. Gulf Oil Co.,* 596 F.2d 1249, 1259 (5th Cir. 1979); *Turner v. Murphy Oil USA, Inc.*, 422 F.Supp.2d 676, 681 (E.D.La. 2006) ("In class action suits the district court derives from it's inherent power to manage its own docket and its power under Rule 23(d) of the Federal Rules of Civil Procedure to make such orders as necessary to manage the class action").

In addition to Rule 23(d), Rule 16(c)(2)(L) specifically addresses complex litigation, authorizing the judge to adopt "special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems." As the Manual for Complex Litigation advises,

> [i]n planning and implementing case management, the court should keep in mind the goal of bringing about a just resolution as speedily, inexpensively, and fairly as possible. Judges should tailor case-management procedures to the needs of the particular litigation and to the resources available from the parties and the judicial system.... Investing time in the early stages of the litigation ... will lead to earlier dispositions, less wasteful activity, shorter trials, and, in the long run, economies of judicial time and fewer judicial burdens.

Manual For Complex Litigation § 10.1 (4th ed.)

Many of the powers available to the Court to control the course of class actions are further delineated in other federal rules. For instance, in combination with its powers under Rule 23(d), the

Court may order additional parties joined under Rule 19, may order separate trials or make other orders to prevent delay or prejudice under Rule 20(b), and may drop or add parties under Rule 21. 7B Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE § 1792.  The Court may also allow for permissive intervention of parties under Rules 23(d) and 24. Indeed,

> [p]ermissive intervention under Rule 23(d) may serve to strengthen the adequacy of class representation. Such intervention may be essential in order for the named plaintiffs to meet the Rule 23(a) requirements for the class as defined in the class action complaint, or to survive a finding of inadequacy on the part of the named plaintiff. Should the class representative be disqualified or found to be inadequate, the *court should encourage intervention* by a class member for the purpose of substitution when the other class action requirements are satisfied.

5 Alba Conte and Herbert B. Newberg, NEWBERG ON CLASS ACTIONS § 16:9 (4th ed.), emphasis added.

It is clear in this case that, through the proposed amendment, all "newly-added" defendant manufacturers are properly joined pursuant to Fed. R. Civ. P. 20(a)(2), which provides:

> **a) Persons Who May Join or Be Joined.**
> **(2) *Defendants.*** Persons--as well as a vessel, cargo, or other property subject to admiralty process in rem--may be joined in one action as defendants if:
>
> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> **(B)** any question of law or fact common to all defendants will arise in the action.

Rule 20(a)(3) specifically provides: "***Extent of Relief****. Neither a plaintiff nor a defendant need be interested in obtaining or defending against all the relief demanded. The court may grant judgment to one or more plaintiffs according to their rights, and against one or more defendants according to their liabilities."

Rule 20(a) has substantially expanded party joinder beyond that allowed under the common-law rules and the state codes, so that parties-plaintiff who are asserting a claim "jointly, severally, or in the alternative" may join alternatively as long as a claim is stated on behalf of each of them. This part of the Rule also has resulted in a substantial expansion of the availability of joinder of defendants in the federal courts.  *See* 7 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE § 1654.

Indeed, "[l]ike the class action device, permissive joinder under Rule 20(a) is designed to promote judicial economy by "reduc(ing) inconvenience, delay, and additional expense." William D. Henderson, *RECONCILING THE JURIDICAL LINKS DOCTRINE WITH THE FEDERAL RULES OF CIVIL PROCEDURE AND ARTICLE III,*  67 U. Chi. L. Rev. 1347 (2000), (quoting in part *Coughlin v Rogers*, 130 F.3d 1348, 1351 (9th Cir 1997), citing *Guedry v Marino*, 164 F.R.D. 181, 184 (E D La 1995)).  The district court in the *Guedry* case stated:

> The purpose of Rule 20(a) is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits. *See Mosley v. General Motors Corp.,* 497 F.2d 1330, 1332 (8th Cir.1974); *See also, Ponthieux v. Sealift, Inc.,* 1993 WL 370644 (E.D.La.1993); *Warren v. New Orleans Police Department,* 1992 WL 245655 (E.D.La.1992). Moreover, under the Federal Rules of Civil Procedure, 'joinder of claims, parties and remedies is strongly encouraged.' *Mosley,* 497 F.2d at 1332, ( *citing United Mine Workers v. Gibbs,* 383 U.S. 715, 724, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966)).
>
> .....
>
> ...There is no strict rule for determining what constitutes the same occurrence or series of transactions or occurrences for purposes of Rule 20(a). *Mosley,* 497 F.2d at 1333. Furthermore, Rule 20(a) does not require that every question of law or fact in the action be common among the parties; rather, the rule permits party joinder whenever there will be at least one common question of law or fact. *See* 7 Charles A. Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure* § 1653, at 387 (1986).

*Guedry*, 164 F.R.D. at 184.

Similar to the class action device, Rule 20(a) is designed to promote judicial economy by reducing inconvenience, delay, and the need for multiple trials, and, as a result, the "same transaction or occurrence" and "common question of law or fact" requirements are usually given a broad construction.  *See United Mine Workers v Gibbs*, *supra,* 383 US at 724 (1966).

In regard to defendants' argument that plaintiffs are "manufacturing" jurisdiction by naming all of them in this consolidated MDL proceeding,  plaintiffs  concur with the Court's observation that the cases relied upon by defendants are distinguishable; indeed, defendants' analysis of the standing issue as it pertains to amendments in a class action proceeding is inappropriately rigid.[4]  By way of example, intervention may be allowed to prevent a class action from becoming moot, and, even in cases where a named plaintiff's claim has been mooted, intervention nevertheless may be allowed and a class thereafter certified with the intervening plaintiffs serving as class representatives. The district court may even retain a class for a certain period of time to permit an adequate representative to come forward.  5 Alba Conte and Herbert B. Newberg, NEWBERG ON CLASS ACTIONS § 16:9 (4th ed.).

The objecting defendants also have contended that because the originally-named plaintiff did not "match" as to these defendants, these same plaintiffs may not now amend a class action petition to add qualified class representatives who do have such a claim.  But, as this Court recognized in its

---

[4]        *Summit Office*, *Federal Recovery Services*, and *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770 (5th Cir.1986).  Also included in this category of inapplicable cases are the following cited in defendants, CMH Manufacturing, Inc., *et als.* opposition memorandum (Rec. Doc. 614): *Levin v. Minnesota Life Ins. Co.,* 2008 WL 2704772 (S.D.Tex. 2008); *Bhandari v. Cadence Design Systems, Inc*., 485 F.Supp.2d 747 (E.D.Tex. 2007); *Jackson v. Fidelity Nat. Title Ins. Co.,* 2008 WL 508489  (N.D.Tex. 2008).

August 1 ruling, such is not the case.   In point of fact, amending a class action complaint to overcome mootness or justiciability issues with regard to originally-pled claims, is a concept that is neither foreign nor novel:

> The gap between individual actions and representative actions may be bridged by allowing amendment to substitute plaintiffs with live claims for former plaintiffs whose claims have been mooted. Although it has been suggested that substitution cannot occur after the original plaintiffs' claims have been mooted because the case 'is no longer justiciable in a federal court and must be dismissed,' this approach is unnecessarily rigid. So long as new plaintiffs could commence a new action, it may be better to preserve the energy invested in the original action by allowing substitution of plaintiffs.

13A Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, FEDERAL PRACTICE & PROCEDURE JURIS. 2ND § 3533.9.

The Fifth Circuit not only has recognized and allowed for substitution of class representatives in certified class actions[5], it also has allowed substitutions prior to a class having been certified,[6] and

---

[5]     *See Lynch v. Baxley,* 651 F.2d 387, 387 (5th Cir. Unit B. 1981), (A class of all persons subject to involuntary civil commitment won a final judgment that state practices were unconstitutional. The state then enacted a new statute and the original representatives sought to attack only the emergency-detention provisions. The court found it unlikely that the original representatives had standing to attack these narrow provisions, but remanded to permit a narrower redefinition of the original class and substitution of new representatives).

[6]     *See Graves v. Walton County Bd. of Educ.*, 686 F.2d 1135 (5th Cir. 1982) (Desegregation action was filed but never certified, when the original representative plaintiffs had graduated and the action had become moot. The court found that despite the lack of formal certification, the action had been treated as a class action throughout its progress. This conclusion was sufficient to dispose of the mootness argument: "It is firmly established that where a class action exists, members of the class may intervene or be substituted as named plaintiffs in order to keep the action alive after the claims of the original named plaintiffs are rendered moot..."); *Silva v. Vowell*, 621 F.2d 640 (5th Cir. 1980), *rehearing denied*, 625 F.2d 1016 (5th Cir. 1980), *certiorari denied* 101 S.Ct. 941, 449 U.S. 1125, 67 L.Ed.2d 111 ( A class action was brought challenging Texas incapacity eligibility standard for AFDC benefits. The District Court, prior to determining the class certification issue, rendered summary judgment for plaintiffs on the only substantive claim that had not been mooted by revision of the regulations and appeal was taken.

much of the case law relied upon by the defendants is inapposite precisely because a class action proceeding was not involved[7].  Defendants reliance upon *Braud v. Transport Service Co. of Illinois,* 445 F.3d 801 (5th Cir. 2006) also is misplaced.  *Braud* merely stands for the proposition that an amendment adding a diverse defendant to an existing suit is the equivalent of "commencement" of a new suit *vis a vis* the diverse defendant for removal purposes under 28 U .S.C. § 1446(b).

Finally, in support of the present motion, plaintiffs will briefly respond to other arguments raised by certain objecting defendants in memoranda filed opposing the proposed supplemental and amending complaint when originally filed on July 29, 2008:

Cavalier Home Builders, LLC (Cavalier) (Rec. Doc. 617) appears to contest the veracity of the claim made by named plaintiff, L.C. Bingham, that he resided in an EHU manufactured by it. Plaintiffs submit that Mr. Bingham's Fact Sheet may require updating.  Nonetheless, Cavalier's objection to Mr. Bingham is a matter to be addressed through the discovery process.  In addition,

---

The Court of Appeals held in pertinent part that in view of combination of standing and mootness problems created by mooting of "capable of light work" challenge prior to certification, the court should not have exercised jurisdiction over the statutory challenge without presence of a named plaintiff who had been directly injured by such facet; rather, the plaintiffs and the judge should have realized that intervention by another named plaintiff was appropriate. The Court remanded the matter in order to allow for the intervention of an appropriate plaintiff with standing); *cf. Armour v. City of Anniston*, 654 F.2d 382 (5th Cir. Unit B. 1981) (no live case or controversy existed in an employment-discrimination class suit when subsequent to the judgment on the merits against the complainant's individual claim noone sought to intervene or be substituted as a named representative and the complainant's individual claim had been completely and permanently adjudicated on the merits against her interest and that judgment had been affirmed on appeal.).

[7]      *Lang v. French*, 154 F.3d 217 (5th Cir. 1998); *In re Weaver,* 632 F.2d 461 (5th Cir. 1980); *Stockman v. Federal Election Com'n,* 138 F.3d 144 (5th Cir. 1998); *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 118 S.Ct. 1003 (U.S. 1998); *Stanley v. Central Intelligence Agency,* 639 F.2d 1146 (5th Cir. Unit B. 1981).

plaintiffs have named the following additional named plaintiffs as to Cavalier: Wanda Reynaud, Cheryl Clark, Robert Kelly, and Mary Kelly.

Liberty Homes, Inc. (Liberty) and Waverlee Homes, Inc. (Waverlee) (Rec. Doc. 618) object to the named plaintiffs, Charlotte Evans and Percy Evans, averring that their EHU's were manufactured either by Liberty or another defendant, Liberty RV & Marine, Inc.   Plaintiffs' averments are made in good faith and based upon the information available to them at this time. Defendants' opposition to a motion for leave to file the complaint is not the appropriate vehicle through which to substantively dispute the Evans' allegations.   These defendants' complaints likewise are best addressed through the discovery process.

Patriot Homes, Inc. (Patriot) (Rec. Doc. 619) objects to the filing of the amended complaint on the basis that it is not a "manufacturer" but merely the parent company for two previously unnamed manufacturing entities which sold EHU's to FEMA: Patriot Manufacturing, Inc. and Patriot Homes of Texas, L.P..  Plaintiffs Crystal Gumm and Joseph Jack, however, aver that their EHU's were made by one of this parent company's subsidiaries, now added as defendants.  Patriot Homes, Inc. is deleted as a defendant in the proposed pleading.

Redman Homes, Inc.'s (Redman) (Rec. Doc. 620) arguments have been addressed above.

River Birch Homes, Inc. (River Birch) (Rec. Doc. 621) objects to the filing of the amended complaint as to it on the basis that the named plaintiff, Sandra Anderson, which has been linked to it completed a Fact Sheet designating Gulf Stream as the manufacturer of her EHU.  As now may be seen in the Second Supplemental and Amended Complaint, Ms. Anderson actually resided in two EHU's, a travel trailer manufactured by Gulf Stream and a mobile home manufactured by River

-19-

Birch.  Ms. Anderson is in the process of supplementing her Fact Sheet to this effect.  Therefore, River Birch's objection is without merit.

Horton Homes, Inc.'s (Horton) (Rec. Doc. 622) arguments have been addressed above.

ScotBilt Homes, Inc.'s (ScotBilt) (Rec. Doc. 623) arguments have been addressed above.

Skyline Corporation's (Skyline) and Layton Homes Corporation's (Layton) arguments have been addressed above.  Additionally, named plaintiffs, George Jones, Lula Jones, Sylvia Jones and Darryl Edward, have been included in the Second Supplemental and Amended Complaint as having resided in EHU's manufactured by Skyline.

Philips Products, Inc.'s (Philips) (Rec. Doc. 634) arguments have been addressed above.

As this Court knows, plaintiffs' counsel, through the PSC, diligently has been working to obtain information regarding which parties should be included in this litigation from the outset.  The task has not been made any easier by certain difficulties with access to FEMA's inventory data, and by the various corporate structures and contractual relationships among certain defendants. "Merits" discovery has been limited, and class certification discovery is not yet complete.  Now, as more claims and defendant information has become available, counsel are in a position to amend the Complaint so as to conform to updated information.

The alternative to the proposed amendment implicitly invited by defendants would be multiple class action lawsuits separately filed and inevitably consolidated in this MDL.  The Court's appropriate effort to conduct a single hearing and analysis under Rule 23 then would be frustrated, if not doomed.

For all of the foregoing reasons, plaintiffs respectfully request leave to file the Second Supplemental and Amended Complaint attached hereto.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:    504/522-2304
        Facsimile:    504/528-9973
        gmeunier@gainsben.com

        s/Justin I. Woods
        JUSTIN I. WOODS, #24713
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:    504/522-2304
        Facsimile:    504/528-9973
        jwoods@gainsben.com

        **COURT-APPOINTED PLAINTIFFS'
        STEERING COMMITTEE**
        ANTHONY BUZBEE, Texas # 24001820
        RAUL BENCOMO, #2932
        FRANK D'AMICO, JR., #17519
        MATT MORELAND, #24567
        LINDA NELSON, #9938
        RONNIE PENTON, #10462

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 18, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

s/Gerald E. Meunier
_____
GERALD E. MEUNIER, #9471
