**MINUTE ENTRY**
**ROBY, M. J.**
**August 15, 2008**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**IN RE: FEMA TRAILER FORMALDEHYDE**         CIVIL ACTION
**PRODUCTS LIABILITY LITIGATION**

                                             MDL NO:      **07-01873**

                                             SECTION:     **"N" (4)**

**ORDER**

A **STATUS CONFERENCE** was held in the above-captioned matter on Friday, August 15, 2008 at 2:00 p.m., before Magistrate Judge Karen Wells Roby.  On the date and time of the hearing, **Justin I. Woods** and **Linda J. Nelson** appeared for the Plaintiffs' Steering Committee; **Henry T. Miller**, **Michelle G. Boyle**, **Janice Williams-Jones**, and **Jaqui Watts** appeared for the United States of America ("United States"); and **Joseph G. Glass** appeared for Gulf Stream Coach, Inc. and as Defendants' Liaison Counsel.

Additionally, counsel for other Defendants appeared, including **Jason Bone** for Forest River, Inc.; **James K. Carroll** for CMH Manufacturing, Inc., Palm Harbor Albemarle, LLC, Palm Harbor Homes, Inc., Palm Harbor Manufacturing, LP, and Southern Energy Homes, Inc.; **Lamont P. Domingue** for Redman Homes, Inc., River Birch Homes, Inc., Patriot Homes, Inc., Waveree Homes, Inc., and Liberty Homes, Inc.; **Richard K. Hines, Jerry L. Saporito** and **Amanda W.**

┌─────────────────────────┐
│ **MJSTAR:  00:43** │
└─────────────────────────┘

**Vonderhaar** for Fleetwood Enterprises, Inc. and Fleetwood Canada, Ltd.; **Ryan E. Johnson** for Monaco Coach Corp., Pilgrim International, Inc., and Thor Industries, Inc.; **Ben L. Mayeaux** for Horton Homes, Inc.; **Brenda L. Mistrot** for Silver Creek Homes, Inc.; **Thomas C. Pennebaker** for ScotBilt Homes, Inc.; **Hal L. Roach** for Jayco Enterprises, Inc. and Starcraft RV, Inc.; and **J. Stewart Tharp** for Coachman Industries, Inc.

The purpose of the status conference was to manage outstanding discovery disputes and assist the parties in expeditiously moving towards the certification hearing before presiding U.S. District Court Judge Kurt D. Engelhardt.

During the status conference, the parties informed the Court that several unresolved issues remained regarding the stipulated protective order that the parties had drafted to govern confidential information. With the Court's assistance, the parties were able to reach five compromises regarding these issues.

First, counsel agreed at the status conference that while parties needed to prepare privilege logs pursuant to the Federal Rules of Civil Procedure, there would be no equivalent requirement to generate "confidentiality logs" for documents withheld because of confidentiality.

Second, the parties agreed that (1) all temporary housing unit contracts with the United States and (2) related subcontracts entered into by the manufacturers and suppliers, even where the United States was not a direct contracting party, are publicly accessible and discoverable.  However, confidential and proprietary information within those agreements, including pricing, profit margin, supplier, and distribution information, could be redacted, so long as the remaining substance of the agreement was made public.

Third, counsel for the Plaintiffs expressed concern regarding the Plaintiffs' disaster relief

files.  The Plaintiffs assert that their disaster relief files contain sensitive and private information regarding government benefits, and therefore, request that the entire files be designated as "confidential."  The Plaintiffs indicate that they previously waived certain rights under the Privacy Act, 5 U.S.C. §§ 552a, *et seq*., so that the United States would release their disaster relief files for use in this lawsuit.  The Plaintiffs now seek to protect these files from being released beyond the parties to this litigation.  Though there was no resolution of this issue at the status conference, the Plaintiffs agreed to provide the Court with a listing of information within the disaster relief files that they consider to be confidential, for the Court's consideration for this issue.

Fourth, at the hearing, the parties agreed to insert limiting language into Paragraph 3, stating, "by the parties."

Fifth, the parties resolved their disagreement as to Paragraph 11, regarding the party who bears the burden of challenging the designation of "confidential" when seeking to introduce documents at trial.  The Court suggested and counsel agreed that the party requesting the confidential materials bears the burden of proving that the materials are not confidential.  That party may challenge a confidentiality designation by an ex parte/consent motion to the Court, without the need to first meet and confer regarding the disputed confidentiality of the materials.

In light of the discussions and concessions at the status conference,

**IT IS ORDERED** that the Plaintiffs adhere to their representations to provide the Court with a listing of the information within the disaster relief files that they consider "confidential," by **Monday, August 18, 2008**.  However, in the event that the Plaintiffs are unable to meet their self-imposed deadline, they must produce the above information no later than **Wednesday, August 20, 2008**.

**IT IS FURTHER ORDERED** that the parties submit a final copy of their stipulated protective order for the Court's review, no later than close of business on **Friday, August 22, 2008**. The Court again directs the parties to Federal Rule of Civil Procedure 26, as they finalize the stipulated protective order.  Furthermore, the Court reiterates its previous mandate that the parties are not to engage in merits-based discovery until December 1, 2008.

New Orleans, Louisiana, this <u>18th</u> day of August 2008

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

4