**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                        MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION        SECTION "N-4"

                                       JUDGE ENGELHARDT
                                       MAG. JUDGE ROBY

THIS DOCUMENT IS RELATED TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PSC MEMORANDUM IN OPPOSITION**
**TO MANUFACTURING DEFENDANTS'**
**MOTION TO ENFORCE PRETRIAL**
**ORDER NO. 8 (DOC. 637)**

**MAY IT PLEASE THE COURT:**

      Manufacturing defendants in this motion seek a Court Order requiring the PSC "to

designate a second half of twenty-eight (28) for a total of fifty-six (56) proposed class

representatives," pursuant to Pretrial Order No. 8.  *See* Memorandum in Support of Defendants'

Motion (Doc. 637-2), at p. 5.  However, this request ignores crucial case developments which

have occurred since the May 23, 2008 entry of the Court's Pretrial Order No. 8 (Doc. 287),

developments which have necessitated changes in both the identities and total number of

proposed plaintiff class representatives.  Hence, while the instant motion identifies the legitimate

case management problem of how the Court and parties should address the need for discovery as

to proposed class representatives in advance of the November 2008 class certification/hearing

submission date, the solution is not the mere enforcement of previously-set deadlines, but rather

-1-

an accommodation which accounts for developments in the litigation occurring since these deadlines were fixed.  The PSC submits that such a solution is possible without jeopardizing the November 2008 class certification hearing/submission date established under both Pretrial Order No. 6 (Doc. 135) and Pretrial Order No. 8.

In the original Administrative Master Complaint filed on March 18, 2008 (Doc. 109), the PSC identified a total of 63 proposed plaintiff class representatives.[1]  However, as the Court knows, the PSC at that time was relying on the "juridical link" doctrine for the proposition that the named, proposed class representatives did not individually have to present claims against each and every named defendant manufacturer in order to go forward on behalf of the plaintiff class.  In this Court's August 1, 2008 ruling on the issue of standing, however, Your Honor decided that the "juridical link" doctrine should not be applied herein, and that, accordingly, each manufacturing defendant could be sued in this class action only if a proposed class representative was identified as having a judicable claim against that manufacturer.  *See* Order and Reasons of August 1, 2008 (Doc. 599), and Order of August 1, 2008 (Doc. 604).  These rulings contemplated that the PSC would be seeking an amendment to the Master Complaint to address and resolve this standing issue.

The PSC now has sought leave to file a Second Supplemental and Amended Master Complaint.  *See* Motion for Leave to File Second Supplemental and Amended Master Complaint (Doc. 657), and this motion, opposed by defendants, will be decided by the Court at a later time.

---

[1]The original Master Complaint makes it clear that these named plaintiffs were bringing the action on behalf of themselves individually as well as on behalf of the class, and that they satisfied the typicality and adequacy of representation requirements of FRCP 23.  *See* Master Complaint (Doc. 109), at ¶¶83-85, p. 47.

-2-

In the proposed amended pleading, the PSC now identifies a total of 202 class representatives, consisting of 62 of the class representatives identified in the original Master Complaint (one of the original 63 representatives has asked to withdraw from the case) and 140 newly-named representatives. In each case the proposed representatives asserts in the amended pleading an individual claim against a specific defendant manufacturer.

Obviously, this expansion of the proposed class representatives primarily is driven by the effort to establish standing for the claims asserted against all manufacturing defendants.[2] In addition, because the proposed class definition includes residents of emergency housing units in four different states (Louisiana, Texas, Mississippi and Alabama), the PSC seeks to add class representatives who can assert claims in as many of these states as possible, and also seeks to achieve, or at least maintain, the maximum number of "ripe" FTCA claims against the defendant FEMA by the class representative group. In the case of certain "large inventory" manufacturing defendants, the criteria of typicality also may require having more than one class representative identified to bring claims against such defendants on behalf of the class.

On July 1, 2008, the PSC did furnish to defendants the names of certain proposed class representatives, as well as their Plaintiff Fact Sheets. On August 1, 2008, the PSC identified additional representatives and furnished additional Fact Sheets. However, these designations were not informed by the Court's August 1, 2008 ruling on standing; and, given the pending effort by the PSC to identify new class representatives for the purposes of standing, etc., it is

---

[2]These defendant manufacturers include (a) those named in the original Master Complaint (less some which have been voluntarily dismissed); (b) those added in the First Supplemental and Amended Master Complaint; and (c) certain manufacturers named for the first time in the proposed Second Supplemental and Amended Complaint.

respectfully submitted that the parties now should disregard these prior efforts and proceed as follows, with the permission and direction of the Court:

The PSC will designate a smaller "core" group of proposed plaintiff class representatives, selected from the total number of 202 class representatives identified in the Second Supplemental and Amended Master Complaint.  It will be understood by the PSC — and made subject to appropriate stipulation as needed — that if the Court in its class certification decision finds that there is not typicality or adequacy of representation as to the designated "core" group of class representatives, then the same finding will apply to all 202 class representatives identified in the pleadings.  If, on the other hand, the Court determines that the "core" group of class representatives does satisfy the Rule 23 requirements of typicality and adequacy of representation, then plaintiffs will agree to withdraw as proposed class representatives all individuals named in the pleadings other than the "core" group.[3]

In any of these scenarios, plaintiffs' designation of a "core" group of class representatives will make it unnecessary for defendants to conduct any pre-certification discovery or investigation as to class representatives other than those designated in the "core" group.  In designating the "core" group of class representatives, plaintiffs obviously will consider it necessary for standing purposes to maintain the needed "match" with all named manufacturing defendants, including the newly-added manufacturing defendants.  Nonetheless, the PSC will endeavor to keep the designated "core" group of class representatives to a minimum, so that, notwithstanding the recently-increased number of proposed class representatives set forth in the

---

[3]As a third possibility, if the Court denies class certification without the need to address typicality and adequacy of representation, then the issue of proposed class representatives becomes moot.

-4-

Second Supplemental and Amended Master Complaint, the actual discovery burden of the defendants will be appropriately limited, and the objective of the Court (pursuant to Pretrial Order No. 8) to proceed with a final determination of class certification in November of this year will be maintained.

The PSC therefore requests that the instant motion either be denied or deferred at this time, and that the parties be directed to proceed with pre-certification discovery limited to a group of "core" class representatives to be designated by plaintiffs by an imminent deadline.  The parties also should be directed to confect whatever stipulations they deem necessary to assure that neither the Court in its Rule 23 decision nor the defendants in discovery will be impeded by confining the class certification record to only the "core" class representatives designated by plaintiffs for purposes of the November 2008 hearing date/submission on class certification.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:     s/Gerald E. Meunier
   GERALD E. MEUNIER, #9471
   **PLAINTIFFS' CO-LIAISON COUNSEL**
   Gainsburgh, Benjamin, David, Meunier &
   Warshauer, L.L.C.
   2800 Energy Centre, 1100 Poydras Street
   New Orleans, Louisiana 70163
   Telephone:     504/522-2304
   Facsimile:     504/528-9973
   gmeunier@gainsben.com

   s/Justin I. Woods
   JUSTIN I. WOODS, #24713
   **PLAINTIFFS' CO-LIAISON COUNSEL**
   Gainsburgh, Benjamin, David, Meunier &
   Warshauer, L.L.C.

2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:     504/522-2304
Facsimile:     504/528-9973
jwoods@gainsben.com


**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, JR., #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
RONNIE PENTON, #10462


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 19, 2008, I electronically filed the foregoing with the

Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all

counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing

document and the notice of electronic filing by first-class mail to all counsel of record who are

non-CM/ECF participants.

s/Gerald E. Meunier
GERALD E. MEUNIER, #9471