**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION**

| | |
|---|---|
| **IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION** )<br>)<br>)<br>)<br>) | **MDL NO. 1873**<br><br>**SECTION "N-4"**<br><br>**JUDGE ENGELHARDT<br>MAGISTRATE JUDGE ROBY** |

**THIS DOCUMENT IS RELATED TO ALL CASES**

### MANUFACTURING DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR STIPULATED PROTECTIVE ORDER PROVIDING PROSPECTIVELY FOR THE FILING OF CONFIDENTIAL DOCUMENTS UNDER SEAL

Pursuant to Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and the Standing Order of the United States District Court for the Eastern District of Louisiana issued on July 26, 2006 regarding the procedures for filing documents under seal in civil cases, the Manufacturing Defendants move this court to enter the attached Stipulated Protective Order based on the following grounds:

**I.      BACKGROUND**

The parties in this case have agreed to a Stipulated Protective Order that provides prospectively for the filing of all confidential documents under seal when they are used in any pre-trial proceedings. *See* Stipulated Protective Order at ¶ 9, attached hereto as Exhibit "A." Accordingly, this Memorandum is being filed with the Stipulated Protected Order in compliance with Paragraph (B) of the Standing Order of the United States District Court for the Eastern District of Louisiana issued on July 26, 2006.

## II.     DOCUMENTS TO BE SEALED

The Manufacturing Defendants request that all confidential documents subject to the Stipulated Protective Order[1] be routinely sealed as a matter of course when any of these documents is filed with the Court in any pre-trial proceedings. According to the Stipulated Protective Order, these documents are to be designated as confidential in accordance with Fed.R.Civ.P. 26(c)(1)(G). Stipulated Protective Order at ¶6. Therefore, these documents contain trade secrets, confidential research information, confidential development information, or confidential commercial information. For example, these documents include:

- **Proprietary pricing information.** Documents in this category are pricing documents for units and their component parts, labor, etc. and internal discussions regarding unit pricing. The companies derive a competitive market benefit from keeping their pricing information confidential.

- **Proprietary design, manufacturing, and production information.** Documents in this category are design and manufacturing drawings and specifications, production schedules, records tracking the production of any unit or the production process, checklists, reviews, and internal discussions regarding the design, manufacture, and production of the units. The confidentiality of the design, manufacturing, and production information is essential to the companies' success in the competitive market.

- **Proprietary business information.** Documents in this category are marketing strategies, distribution agreements and/or buyer/seller arrangements, pricing to sell a unit or units—except unit price for sales to the Federal government—and contracts with vendors or distributors. A company's strategic decisions on how to run its business are kept

---

[1] The Stipulated Protective Order is attached as Exhibit A.

2

confidential in order to prevent competitors from benefiting from that company's experience.

### III. ARGUMENT AND CITATION TO AUTHORITY

Sealing is necessary in order that the Manufacturing Defendants not be forced to reveal to the public at-large their trade secret or other confidential research, development, or commercial information. Because many documents containing such information are relevant to the litigation, have been requested by the plaintiff, and are essential to the Manufacturing Defendants' defenses, they will necessarily be used in connection with various pre-trial proceedings that result in their being filed with the Court. Therefore, routine sealing of these confidential documents is the only procedure that will protect this confidential information from disclosure to the public at-large.

As this Court has noted, "[t]o determine whether to disclose or seal a judicial record, the Court must balance the public's common law right of access against the interests favoring non-disclosure." *Liljeberg Enterprises Int'l, LLC v. Vista Hosp. of Baton Rouge, Inc.*, No. 04CV2780, 2005 WL 1309158 at *1 (E.D.La. May 19, 2005) (citing *SEC v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993)), attached hereto as Exhibit "B." While courts recognize a common law right to access judicial records, such right "is not absolute." *Id.* (internal citations omitted). The decision whether to seal a record lies within the sound discretion of the court. *Id.*

The interest favoring non-disclosure of the Manufacturing Defendants' confidential documents is fundamental: disclosure of the Manufacturing Defendants' proprietary business information to the public at-large would inevitably cause severe competitive harm to these companies. Tellingly, courts readily find good cause for issuing protective orders where it is likely that documents being produced contain commercially sensitive or proprietary information.

*See Holland v. Summit Autonomous, Inc.*, No. 00CV2313, 2001 WL 930879 at *10 (E.D.La. August 14, 2001), attached hereto as Exhibit "C."

For example, in *Lewis v. American Honda Motor Co*., this Court granted Honda's motion for a protective order, finding that Fed.R.Civ.P. 26(c) "clearly applies to the type of information which Honda seeks to protect. Disclosure of this competitively sensitive data could certainly result in economic hardship to the Defendant." No. 90-4384, 1991 WL 211580 at *3 (E.D.La. October 4, 1991), attached hereto as Exhibit "D." The competitively sensitive data that Honda sought to protect was defined in its proposed protective order as ". . . information about Defendant's business, products, practices, or procedures which, in the ordinary course of business, is not voluntarily disclosed by Defendant to the public or to third persons or entities who do not have a need to know. Competitively sensitive data includes confidential and proprietary information . . ." *Id.* at *1.

Accordingly, the Manufacturing Defendants request that all documents identified as "confidential" in accordance with the Stipulated Protective Order be sealed as a matter of routine when any of these documents is filed with the Court. The proprietary business information of the Manufacturing Defendants, including design specifications, production schedules, marketing plans, etc. are not matters of public interest, and maintaining the confidentiality of these documents is essential to the competitive success of these businesses.

The Manufacturing Defendants request that these documents be filed under seal in accordance with the procedure outlined in the Stipulated Protective Order at Paragraph 8. Furthermore, the materials to be filed under seal would need to remain under seal indefinitely.

The threat of competitive harm to the Manufacturing Defendants upon the release of their confidential proprietary business information to the public at-large remains as long as the Manufacturing Defendants are in operation.

        Respectfully submitted,

        **DUPLASS, ZWAIN, BOURGEOIS,**
        **PFISTER & WEINSTOCK**

        s/Andrew D. Weinstock
        _____
        **ANDREW D. WEINSTOCK #18495**
        **JOSEPH G. GLASS #25397**
        3838 N. Causeway Boulevard, Suite 2900
        Metairie, Louisiana 70002
        Telephone: (504) 832-3700
        Fax: (504) 837-3119
        andreww@duplass.com
        jglass@duplass.com
        *DEFENSE LIAISON COUNSEL*

## C E R T I F I C A T E

I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )    Hand Delivery        ( )    Prepaid U.S. Mail

( )    Facsimile        ( )    Federal Express

(X)    CM/ECF

New Orleans, Louisiana this 22nd day of August, 2008.

        s/Andrew D. Weinstock
        _____
        ANDREW D. WEINSTOCK #18495