**Westlaw Delivery Summary Report for GLASS,JOSEPH G 2432302**

| | |
|---|---|
| Date/Time of Request: | Wednesday, August 20, 2008 13:22 Central |
| Client Identifier: | ADW |
| Database: | DCT |
| Citation Text: | Not Reported in F.Supp.2d |
| Lines: | 144 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson Reuters, West and their affiliates.

Not Reported in F.Supp.2d                                                                 Page 1
Not Reported in F.Supp.2d, 2005 WL 1309158 (E.D.La.)

Lilheberg Enterprises Intern., LLC v. Vista Hosp. of Baton Rouge, Inc.
E.D.La.,2005.
Only the Westlaw citation is currently available.
United States District Court,E.D. Louisiana.
LILJEBERG ENTERPRISES INTERNATIONAL, LLC
v.
VISTA HOSPITAL OF BATON ROUGE, INC. d/b/a Vista Surgical Hospital of Baton Rouge, Dynacq Healthcare, Inc. and Chiu M. Chan
No. Civ.A. 04-2780.

May 19, 2005.

John Patrick Connick, Law Office of J. Patrick Connick, Metairie, LA, for Liljeberg Enterprises International, L.L.C.
Paul G. Preston, Lyon H. Garrison, Richard J. Garvey, Jr., Ashley Miller Scott, Preston & Cowan, LLP, New Orleans, LA, for Vista Hospital of Baton Rouge, LLC.

*ORDER AND REASONS*

VANCE, J.
***1** Before the Court is defendants' motion to seal certain portions of the record of the proceedings in this case. Plaintiff does not oppose the motion. For the following reasons, the Court DENIES defendants' motion to seal.

I. BACKGROUND

On September 5, 2003, LEI filed an action in Louisiana state court against defendants, alleging state law causes of action. During the course of the action in state court, LEI deposed defendant Dynacq's chief financial officer, Phillip Chan, twice, eliciting information that Dynacq asserts it maintains as confidential. According to defendants, LEI attached copies of Chan's deposition to the following filings during the course of the action in state court: LEI's motion to compel Chan's testimony, LEI's memorandum in opposition to Chiu Moon Chan's declinatory exception, LEI's opposition to original writ application of Chiu Moon Chan, and LEI's motion for partial summary judgment. They contend also that these pleadings contained excerpts from Chan's depositions.

On October 8, 2004, defendant Vista filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas. On the same day, defendants removed the state court case to federal court, invoking the Court's bankruptcy jurisdiction under 28 U.S.C. §§ 1452(a) and 1334. The Court automatically stayed the action under 11 U.S.C. § 362(a)(1).

The parties settled their dispute. Defendants now move to seal the portions of the state court record that allegedly contained confidential information from Chan's depositions.

II. DISCUSSION

A. Applicable Law

To determine whether to disclose or seal a judicial record, the Court must balance the public's common law right of access against the interests favoring non-disclosure. *See S.E.C. v. Van Waeyenberghe,* 990 F.2d 845, 849 (5th Cir.1993). Courts recognize a common law right to access judicial records and proceedings, but "the right is not absolute." *Bahwell v. Stanley-Bostitch, Inc.,* No. Civ.A. 00-0541, 2002 WL 1298777, at * 1 (E.D.La. June 10, 2002). Public access serves to enhance the transparency and trustworthiness of the judicial process, to curb judicial abuses, and to allow the public to understand the judicial system better. *Id.* (citing *Van Waeyenberghe,* 990 F.2d at 849). It follows then that " 'the district court's discretion to seal the record of judicial proceedings is to be exercised char-

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case 2:07-md-01873-KDE-MBN   Document 667-3   Filed 08/22/08   Page 3 of 4

Not Reported in F.Supp.2d                                                                                                Page 2
Not Reported in F.Supp.2d, 2005 WL 1309158 (E.D.La.)

ily." ' *Id.* (quoting *Van Waeyenberghe,* 990 F.2d at 848). Although countervailing interests can outweigh the right of public access, the party seeking to overcome the presumption of access bears the burden to show that the interest in secrecy outweighs the presumption. *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.,* 998 F.2d 157, 165 (3d Cir.1993). The decision as to access is left to the discretion of the trial court, *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 599, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978), but any doubt must be construed in favor of disclosure. *Marcus v. St. Tammany Parish Sch. Bd.,* No. Civ.A. 95-3140, 1997 WL 313418, at *5 (E.D.La. June 9, 1997) (citing *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.,* 24 F.3d 893, 897 (7th Cir.1994)). Finally, that no third party objects to the sealing of the records here is "inconsequential," because the presumption of openness does not depend on such an objection. *Stalnaker v. Novar Corp.,* 293 F.Supp.2d 1260, 1263 (M.D.Ala.2003); *see also Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.,* 178 F.3d 943, 945 (7th Cir.1999) ("The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it).").

B. Analysis

**\*2** Defendants contend that they have identified documents that contain confidential and sensitive financial information that Phillip Chan was required to discuss during his depositions, which must now be sealed. Defendants also assert that the information, left unsealed, could cause them commercial and competitive harm. Finally, defendants assert that the information is potentially relevant to a securities fraud class action pending in another court and that, if the information remains unsealed, it may be used to circumvent discovery limitations that apply in the other action.

The record indicates that plaintiff conducted a deposition of Phillip Chan on April 1, 2004. At the deposition, Chan refused to answer questions that would require him to disclose nonpublic information. Plaintiff moved to compel his testimony, under protective order, and the state district court granted the motion, ordering Chan to submit to a second deposition. (*See* Judgment on Pl.'s Mot. to Compel Testimony under Protective Order, 6/25/04). The court also sealed Chan's second deposition. (*See id.*). Chan's second deposition was noticed for August 9, 2004. Based on the Court's review of the state court record, that second deposition was not referred to or submitted as an exhibit to any public filings, and it certainly is not attached to any of the filings defendants identify as containing confidential information. Thus, the only potentially confidential information subject to being sealed is information from Chan's April 1, 2004 deposition.

The Court finds that defendants have not satisfied their burden to show that their interest in confidentiality outweighs the public's right of access. Defendants admit that Chan refused at his April 1, 2004 deposition to answer any questions that would reveal nonpublic information. (*See* Defs.' Mem. Opp. Pl.'s Mot. to Compel Testimony of Philip Chan, 5/20/04, at 2 ("When questioned regarding nonpublic information regarding Dynacq, a then publicly traded company, Mr. Chan appropriately informed plaintiff that he was unable to provide full answers based upon Regulation FD.")). Although Chan's second deposition, at which he was ordered to answer plaintiff's questions regarding nonpublic information, might contain confidential information, that deposition does not appear as an exhibit to any of the filing that defendants have identified.

Moreover, Chan's April 1, 2004 deposition has already been in the public record for almost a year, since May 25, 2004 at the latest. (*See* State Rec., Pl.'s Mem. Opp. Chiu Moon Chan's Declinatory Exception, 5/25/2004); *see Schoemann v. Natural Energy Corp.,* No. CIV. A. 99-3129, 2000 WL 680341, at *1 (E.D.La. May 23, 2000) (declining to seal exhibits which had been in public record seven

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case 2:07-md-01873-KDE-MBN   Document 667-3   Filed 08/22/08   Page 4 of 4

Not Reported in F.Supp.2d                                                                                    Page 3
Not Reported in F.Supp.2d, 2005 WL 1309158 (E.D.La.)

months). Beyond an insinuation that the information from the deposition might be used against them in a pending securities fraud action, defendants give no specifics as to what harm would come to them if this information were not sealed. *See S.E.C. v. Dobbins,* No. Civ.3:04-CV-0605-H, 2004 WL 915744, at \*2 (N.D.Tex. Apr.12, 2004). Indeed, the Court's review of the record reveals that defendants themselves attached a full copy of Chan's deposition to two of their own submissions in the state court record, an application for supervisory writs they filed on July 26, 2004 and an opposition to LEI's motion for partial summary judgment they filed on October 7, 2004. There is no indication that defendants sought to protect the information from public disclosure at that time. Further, defendants did not identify these filings to this Court in their motion to seal. That defendants themselves disclosed the allegedly confidential information in public records, apparently without seeking any protections, and now do not include those filings in their motion to seal, further undermines their position that their asserted confidentiality interests deserve protection.

III. CONCLUSION

**\*3** For the foregoing reasons, the Court DENIES defendants' motion to seal.

E.D.La.,2005.
Lilheberg Enterprises Intern., LLC v. Vista Hosp. of Baton Rouge, Inc.
Not Reported in F.Supp.2d, 2005 WL 1309158 (E.D.La.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.