**Westlaw Delivery Summary Report for GLASS,JOSEPH G 2432302**

| | |
|---|---|
| Your Search: | TI(Lewis & American /5 Honda) |
| Date/Time of Request: | Wednesday, August 20, 2008 13:21 Central |
| Client Identifier: | ADW |
| Database: | LA-CS-ALL |
| Citation Text: | Not Reported in F.Supp. |
| Lines: | 64 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson Reuters, West and their affiliates.

Not Reported in F.Supp.
Not Reported in F.Supp., 1991 WL 211580 (E.D.La.)

Page 1

Lewis v. American Honda Motor Co., Inc.
E.D.La.,1991.
Only the Westlaw citation is currently available.
United States District Court, E.D. Louisiana.
Nancy L. LEWIS
v.
AMERICAN HONDA MOTOR COMPANY, INC., et al.
**Civ. A. No. 90-4384.**

Oct. 4, 1991.

ORDER

LOUIS MOORE, Jr., United States Magistrate Judge.

**\*1** The court has before it Defendant American Honda Motor Company, Inc.'s (hereinafter "Honda") Motion For A Protective Order. Honda seeks the protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to prevent divulgence of competitively sensitive information. In the proposed protective order, Honda defines competitively sensitive data as:

... information about Defendant's business, products, practices, or procedures which, in the ordinary course of business, is not voluntarily disclosed by Defendant to the public or to third persons or entities who do not have a need to know. Competitively sensitive data includes confidential and proprietary information....

Defendant Honda claims that the protective order is not intended to prohibit Plaintiff's counsel from viewing the data. Rather, Honda contends that the order is sought only to protect sensitive trade information from parties outside this litigation.

Plaintiff Lewis argues that Defendant's Motion For A Protective Order was not timely filed, and was, therefore, waived. In addition, Lewis claims that Honda seeks to protect more than simply technical data. Plaintiff contends that the protective order is sought to stifle use of Honda's testing data and customer complaint records.

As to the question of timeliness, a discovery order entered June 27, 1991, declared that all objections not raised within ten (10) days would be deemed waived as not timely. However, Defendant's Motion For A Protective Order was entered on July 5, 1991. Thus, Honda's Motion was, in fact, timely filed.

Federal Rule of Civil Procedure 26(c), upon which Defendant relies, reads in pertinent part:

(c) PROTECTIVE ORDERS. Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the Court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: ...

(7) that a trade secret or other confidential research, development or commercial information not be disclosed or be disclosed only in a designated way; ....

Courts interpreting F.R.C.P. 26(c) have afforded trial courts much discretion with regard to the granting and fashioning of protective orders. "If the party from whom discovery is sought shows 'good cause,' the presumption of free use dissipates, and the district court can exercise its sound discretion to restrict what materials are obtainable, how they can be obtained, and what use can be made of them once obtained." *Harris v. Amoco Production Co.,* 768 F.2d 669 (5th Cir.1985).

F.R.C.P. 26(c) clearly applies to the type of information which Honda seeks to protect. Disclosure of this competitively sensitive data could certainly result in economic hardship to the Defendant. Further, since only parties outside of this litigation will be restricted by the protective order, the Plaintiff will

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case 2:07-md-01873-KDE-MBN    Document 667-5    Filed 08/22/08    Page 3 of 3

Not Reported in F.Supp.
Not Reported in F.Supp., 1991 WL 211580 (E.D.La.)

Page 2

not suffer any undue burden or inconvenience.

**\*2** Accordingly, American Honda Motor Company, Inc.'s Motion For A Protective Order IS GRANTED. Moreover, Defendant shall respond to Plaintiff's Discovery Requests of January 30, 1991, within five (5) days of the entry of this order. All objections are deemed waived as not timely raised. *Dollar v. Long Mfg.,* 561 F.2d 613 (5th Cir.1977).

E.D.La.,1991.
Lewis v. American Honda Motor Co., Inc.
Not Reported in F.Supp., 1991 WL 211580 (E.D.La.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.