UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER         * | | MDL NO. 1873 |
| FORMALDEHYDE       * | | |
| PRODUCTS LIABILITY   * | | |
| LITIGATION                    * | | SECTION:  N(4) |
| * | | |
| This Document Relates to:  ALL CASES   * | | JUDGE: ENGELHARDT |
| * | | MAG: ROBY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**REPLY MEMORANDUM IN SUPPORT OF MOTION
TO ENFORCE PRE-TRIAL ORDER NO. 8 (DOC. NO. 637)**

The Manufacturing Defendants submit this reply memorandum in support of their Motion to Enforce Pretrial Order No. 8. *See* Rec. Doc. No. 637.  For the reasons explained in this memorandum, as well as in the Defendants' original memorandum, the Court should enforce the order and limit the plaintiffs to fifty-six class representatives.

The PLC participated in drafting Pretrial Order No. 8.  The order is crystal clear: on July 1, 2008 plaintiffs were required to designate one-half of their class representatives, and, on August 1, 2008, they were required to designate the other one-half of their representatives.[1] Now, the PLC argues that "half" does not really mean "half," and attempts to designate a total of 202 class representatives.

The plaintiffs acknowledge—as they must— the PLC failed to comply with Pretrial Order No. 8.  The PLC tries to explain the mistake by arguing that the Court's August 1, 2008 ruling on standing "necessitated changes in both the identities and total number of proposed

---

[1] Rec. Doc. No. 287.  The PLC sent a list of twenty-eight class representatives on July 1, 2008.  Thus, their next "half" should have been equal to that number.  Instead, on August 1, 2008, the PLC sent a list of 103 additional class representatives.

1

plaintiff class representatives."[2]

The PLC's argument is a ruse. The PLC has been aware of the so-called "standing" issue since the Manufacturer Defendants filed their first round of Rule 12 motions in the *Hillard* case.[3] Moreover, the Court's August 1st ruling on standing was based on motions filed on May 19, 2008, nearly two months before the PLC's July 1 deadline to designate class representatives. Despite those filings, the PLC never raised the issue about designating more class representatives, nor has it ever sought relief from Pretrial Order No. 8. Instead, the PLC waited until now to ask for additional class representatives, well after the relevant deadlines have passed and faced with a motion by the Manufacturer Defendants.

PLC's efforts clearly have prejudiced the Manufacturer Defendants and prevented them from properly conducting discovery as to class certification issues. The PLC's class representatives list has been a moving target. Based on the July 1, 2008 and August 1, 2008 lists, Defendants began reviewing Plaintiff Fact Sheets (many of which are deficient) and gathering medical records, all in preparation of taking plaintiff depositions. Then, on August 7, 2008, the PLC sent an "amended" list, in which it removed twenty-nine previously designated representatives and added ten new ones.[4] Finally, on August 22, 2008, the PLC provided yet another list of class representatives—attempting to designate a total of 202 plaintiffs.

Instead of clarifying the issues, the PLC's latest list confuses matters even more. The problems with this list include the following:

- The PLC apparently intends to designate a total of 202 class representatives, but also

---

[2] Plaintiffs' Opposition Memorandum, p. 1 (Rec. Doc. No. 662).

[3] No. 06-2576 (E.D. La.), Rec. Doc. No. 114.

[4] *See* Rec. Doc. No. 637-2, p. 3.

2

refers to a "core" group of plaintiffs, leaving the defendants unable to determine who are the actual class representatives;

- The list filed by plaintiffs on August 22, 2008 (Rec. Doc. No. 666-2), contains 100 names; presumably this is the PLC's "core" group of plaintiffs, but an excel spreadsheet provided by the PLC on the same day contains 107 names, leaving the defendants unable to determine which list is correct;

- Some of the class representatives have appeared on prior lists and some of the names are new, creating uncertainty as to effect of the earlier lists[5]; and

- Even as to the "core" group of plaintiff class representatives, the PLC failed to provide fact sheets for *twenty-six* of those plaintiffs, leaving the Manufacturer Defendants unable to begin the process of reviewing those fact sheets, identifying deficiencies, requesting medical records and preparing for depositions.[6]  The PLC has not offered any explanation as to why these fact sheets have not been provided.

The PLC's failure to provide Plaintiff Fact Sheets for class representatives and putative plaintiffs directly impacts the Manufacturing Defendants' ability to prepare their own expert reports within the deadlines set by the Court.  Other than the initial batch (estimated to be between 850 and 900 fact sheets), the PLC has not provided additional Plaintiff Fact Sheets. **Despite this, one of plaintiffs' experts admitted that she reviewed 1,516 Plaintiff Fact Sheets—almost <u>twice</u> as many fact sheets as have been provided to the Manufacturing**

---

[5] Individual defendants have identified various problems with the new list.  For example, as to defendant Jayco, the PLC previously listed Joycelyn Beasley o/b/o Heavenly A. Beasley.  On their spreadsheet, plaintiffs list Kevin Bland as class representative associated with the Beasleys.  Bland's name does not appear on any of the Beasleys' fact sheets or on any other lists provided by the PLC.

[6] *See* Exhibit "1" (August 22, 2008 email to Andrew Weinstock).

3

**Defendants.**[7]

The Manufacturer Defendants also have identified individualized problems and inconsistencies with the new list, leaving them unable to defend against the PLC's continually changing list:

- In the proposed Second Amended Master Complaint and Proposed Amended Complaint in *Pujol* (Suit No. 08-3217), the plaintiffs listed two class representatives associated with defendant ScotBilt Homes--Veronda Barnes and Ella Flowers, only one of whom (Flowers) is listed in the "core" group of class representatives[8];

- Plaintiffs identified three individual plaintiffs as "core" group class representatives associated with defendant Fleetwood (Stephen Alfonso, Nicole Esposito and Timia Dublecet); however, none of those names appear as class representatives in the proposed Second Amended Master Complaint or the proposed Amended Complaint in *Pujol* ; and

- On their spreadsheet list, the PLC for the first time lists Kevin Bland as class representative associated with Jayco. Because the PLC has not provided a fact sheet for Bland, Jayco cannot determine if Bland is a proper class representative or whether he is associated with any of the other listed class representatives associated with Jayco.

The Manufacturing Defendants respectfully suggest that the Court should put an end to the PLC's gamesmanship and enforce Pretrial Order No. 8. The Court should require the PLC to designate fifty-six class representatives. If the PLC is permitted to designate additional class

---

[7] *See* Report of Patricia Williams, p. 24-25. This report was not provided until August 22. The PLC has not provided nearly this number of fact sheets to the Defendants, despite multiple requests.

[8] Plaintiffs have not provided fact sheets for either individual.

representatives, the Manufacturing Defendants will be prejudiced and will be put in jeopardy of not completing class discovery within the deadlines set by the Court.

        Respectfully submitted,

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER, & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK #18495**
**JOSEPH G. GLASS #25397**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
Fax: (504) 837-3119
andreww@duplass.com
jglass@duplass.com
*DEFENSE LIAISON COUNSEL*

## **C E R T I F I C A T E**

I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )    Hand Delivery           ( )    Prepaid U.S. Mail

( )    Facsimile               ( )    Federal Express

(X)    CM/ECF

New Orleans, Louisiana this 25th day of August, 2008.

        s/Andrew D. Weinstock
    _____
      ANDREW D. WEINSTOCK #18495
        andreww@duplass.com