UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | MDL No. 1873 |
| | SECTION N(4) |
| | JUDGE ENGELHARDT<br>MAGISTRATE ROBY |
| THIS DOCUMENT IS RELATED TO:<br>*Pujol v. The United States of America,*<br>*No. 08-3217* | |

## MEMORANDUM IN OPPOSITION TO PSC'S MOTION FOR LEAVE TO FILE SECOND SUPPLEMENTAL AND AMENDED MASTER COMPLAINT (R. DOC 657)

Defendants Morgan Building & Spas, Inc. and Morgan Building Systems, Inc. (collectively Morgan)[1] oppose PSC's Motion for Leave to File Second Supplemental and Amended Master Complaint (R. Doc. 657), because plaintiffs still fail to meet the threshold requirement of Article III standing against Morgan.

### Background

On August 1, 2008, the Court granted the Newly Added Defendants' Motion to Dismiss the Administrative Master Complaint (R. Doc. 259), because no plaintiff alleged harm linked to a housing unit manufactured by a specific defendant. (R. Doc. 599). The Court later granted Morgan and other defendants' motions to dismiss for lack of subject matter jurisdiction on the same grounds. In both instances, the Court allowed plaintiffs the right to seek leave to amend. (R. Docs. 599 and 604).

Prior to the Court's ruling on the various motions to dismiss, plaintiffs filed a motion to amend the Administrative Master Complaint to, *inter alia*, link each original plaintiff (and new

---

[1] The First Supplemental and Amended Administrative Master Complaint names only Morgan Buildings & Spas, Inc. as a defendant. Plaintiff Patricia Burr, however, in the proposed Second Supplemental and Amended Master Complaint, alleges that she lived in a trailer manufactured by Morgan Building & Spas and/or Morgan Building Systems. Thus, it is not entirely clear whether Morgan Building Systems is again being named as a defendant in these proceedings.

plaintiffs) with an original defendant or newly named defendants. (R. Doc. 594). In granting the various motions to dismiss, the Court gave plaintiffs the option of going forward with R. Doc. 594 or withdrawing the motion and filing a new motion to amend. (R. Docs. 599 and 604). The Court warned that any plaintiff not matched with a defendant would be dismissed. *Id.* Plaintiffs chose to withdraw their motion to amend and filed a new motion to amend the Administrative Master Complaint. (R. Doc. 657). Plaintiffs also filed a motion to amend the *Pujol* complaint, one of the underlying suits in this MDL. (*See* R. Doc. 656).

Also pertinent to the pending motions to amend is Pretrial Order No. 15, which required plaintiffs to file a list of the individuals who will be class representatives for the putative class. (R. Doc. 658, ¶ 3). Pursuant to this pretrial order, on August 22, 2006, plaintiffs filed a list of 90 unique persons who will serve as class representatives.[2] (R. Doc. 666-2). This list does not include a class representative who has been linked to Morgan.

## Law and Argument

While "leave [to amend] shall be freely given" under Fed. R. Civ. P. 15(a), it "is not a mechanical absolute and the circumstances and terms upon which such leave is to be 'freely given' is committed to the informed and careful judgment and discretion of the Trial Judge as he superintends the development of a cause toward its ultimate disposition." *Freeman v. Continental Gin Co.*, 381 F.2d 459, 468 (5th Cir. 1967). In deciding whether to allow an amendment, the court should be guided by undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party and futility of the amendment, among other considerations. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.222 (1962). Further, "[p]leadings review is not a game where the plaintiff is permitted to file serial

---

[2] Some of the individuals identified are listed as class representatives individually and on behalf of other persons or on behalf of multiple persons.

amendments until he finally gets it right." *U.S. ex rel. Adrian v. Regents of University of California*, 363 F.3d 398, 404 (5th Cir. 2004) (the Western District of Louisiana did not abuse its discretion in denying the plaintiff's motion to amend).

Plaintiffs' proposed amendment to the Administrative Master Complaint identifies only a single plaintiff, Patricia Burr, who allegedly lived in a trailer "manufactured" by Morgan. (*See* R. Doc. 657-5, ¶ 7(c)(18)). Ms. Burr's Plaintiff Fact Sheet, however, conspicuously lacks *any* information linking her to Morgan.[3] In fact, Ms. Burr's Plaintiff Fact Sheet conspicuously lacks *any* information about her or her claim. Only her name, address and attorney are listed. Even more telling is the fact that Ms. Burr is not one of the unique persons now identified by plaintiffs as a class representative in this matter. (R. Doc. 666-2.). Thus, there is no longer even a meagre attempt to name a representative of a putative class against Morgan.

It is well settled that standing to sue as a class representative is essential. *Schlsinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 216, 94 S.Ct. 2925, 41 L.Ed.2d 806 (1974). In the class action context, Article III requirements must be met "at the time the complaint is filed, and at the time the class action is certified by the District Court pursuant to Rule 23." *Sosna v. Iowa*, 419 U.S. 393, 402, 95 S.Ct. 553, 558, 42 L.Ed.2d 532 (1975). A class representative must be a part of the class he seeks to represent, "that is, he must possess the same interest and suffer the same injury shared by all members of the class he represents." *Schlisinger*, 418 U.S. at 216; *Blum v. Yaretsky*, 457 U.S. 991, 1001 n. 13, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982). Since not one of the named plaintiffs purporting to act as class representatives has established the requisite case or controversy against Morgan, none may seek relief on behalf of himself or any other member of a class against Morgan. *See O'Shea v. Littleton*, 414 U.S. 488, 494, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974).

---

[3] Exhibit A – Patricia Burr's Plaintiff Fact Sheet.

Without subject matter jurisdiction over the claims against Morgan, the Court can only dismiss Morgan from this case. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998); *Stanley v. CIA*, 639 F.2d 1146 (5th Cir. 1981). Further, the Fifth Circuit has repeatedly refused to allow plaintiffs without standing to add a plaintiff with standing. *See Summit Office Park, Inc. v. U.S. Steel Corp.*, 639 F.2d 1278 (5th Cir. 1981), *Federal Recovery Services, Inc. v. U.S.A.*, 72 F.3d 447 (5th Cir. 1996); *Aetna Casualty & Surety Co, et al. v. Hillman*, 796 F.2d 770 (5th Cir. 1986).

In *Summit*, the plaintiff did not have a cause of action against the defendant following a U.S. Supreme Court ruling denying such a claim. The plaintiff then filed a motion to amend his complaint to add plaintiffs who purported to have a cause of action against the defendants in accordance with the Supreme Court's ruling. The Fifth Circuit affirmed the district court's denial of the motion to amend holding that, where a plaintiff never had standing to assert a claim against the defendants, it does not have standing to amend the complaint. *Summit*, 639 F.2d at 1282. Likewise, in *Aetna*, a plaintiff without standing attempted to amend his complaint to add a plaintiff with standing. The district court denied the plaintiff's motion which was affirmed by the Fifth Circuit. In affirming, the Fifth Circuit described the new plaintiff and its claims as a "new lawsuit." *Aetna*, 796 F.2d at 774-75. Similarly, in *Federal Recovery*, a corporate plaintiff without standing unsuccessfully attempted to amend the complaint by adding a new plaintiff with standing. Citing *Aetna*, the Fifth Circuit found that Fed. R. Civ. P. 15 "do[es] not allow a party to amend to create jurisdiction where none actually existed." *Federal Recovery Services, Inc.*, 72 F.3d at 453.

Following plaintiffs' designation of the class representatives, none of whom has alleged a claim against Morgan, the proposed amendment similarly seeks to support a class action against

Morgan where jurisdiction does not exist. Plaintiffs' attempted amendment coupled with their list of proposed class representatives demonstrate that Plaintiffs have no standing against Morgan, and this Court is without jurisdiction over Morgan. (R. Docs. 599 and 604).

Plaintiffs' motion to amend must also be denied, because no class representative or plaintiff had standing against Morgan at the time the Administrative Master Complaint was filed. The Fifth Circuit has held that "subject matter jurisdiction is tested as of the time of the filing of the complaint." *Whatley v. Resolution Trust Corp.*, 32 F.3d 905, 907 (5th Cir. 1994); e.g. *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 460 (5th Cir. 2005)(standing is determined as of the date of the filing of the complaint). A plaintiff "cannot rely on events that unfolded after the filing of the complaint" to establish standing. *Kitty Hawk*, 418 F.3d 460 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570, n. 4 (1992)).

When Patricia Burr completed her Plaintiff Fact Sheet, she did not link herself to Morgan. Thus, at the time the original complaint was filed, she could not have a claim, or standing to assert a claim, against Morgan. The proposed amendment, linking Burr to Morgan, can not be relied on to manufacture standing. Additionally, the list of proposed class representatives supercedes the proposed amendment and confirms that Ms. Burr has no link to any defendant let alone Morgan. Ms. Burr had no standing against Morgan at the time the original complaint was filed.

### Conclusion

Plaintiffs' motion for leave to amend the Administrative Master Complaint should be denied. Because no class representative has standing to assert a class action against Morgan, this Court does not have subject matter jurisdiction over Morgan.

By Attorneys:

**McGlinchey Stafford, PLLC**

*s/Christine Lipsey*
Christine Lipsey (LA Bar Roll # 1182), T.A.
Dan E. West (LA Bar Roll #13372)
Kaye C. Templet (LA Bar Roll #27983)
One American Place, 14th Floor
Baton Rouge, LA 70825
Telephone: (225) 383-9000
clipsey@mcglinchey.com
dwest@mcglinchey.com
ktemplet@mcglinchey.com

***Attorneys for Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc.***

## CERTIFICATE OF SERVICE

I certify that, on August 29, 2008, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the court's CM/ECF system. I also certify that there are no known non-CM/ECF participants.

*s/Christine Lipsey*
Christine Lipsey

306025.1

6