UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) | MDL NO. 07-1873 SECTION "N-4" JUDGE ENGELHARDT MAG. JUDGE ROBY |
| THIS DOCUMENT RELATES TO THE ADMINISTRATIVE MASTER COMPLAINT AND TO ALL CASES | | |

## REQUEST FOR ORAL ARGUMENT

**MAY IT PLEASE THE COURT:**

Defendants CMH Manufacturing Inc., Southern Energy Homes, Inc., Palm Harbor Homes, Inc., Palm Harbor Mfg., LP Palm Harbor Albermarle, LLC, Giles Family Holdings, Inc. and SunRay Investments, LLC ("Newly Added Defendants"), appearing through undersigned counsel, pursuant to Rule 78.1E, respectfully request oral argument on their Opposition to the PSC [New] Motion for Leave to File Second Supplemental and Amended Master Complaint (Pacer Doc. No. 657) ("Plaintiffs' Motion").

The hearing on Plaintiffs' Motion is currently scheduled for September 10, 2008. Newly Added Defendants respectfully submit that oral argument is necessary and would assist this Honorable Court in the resolution of Plaintiffs' Motion for the following reasons:

1.     This Court was exactly correct in the Article III analysis in its August 1, 2008 Order and Reasons (Pacer Doc. No. 599) ("Order") granting the Newly Added Defendants' Motion to Dismiss (Pacer Doc. No. 259) the Administrative Master Complaint. *In re FEMA Trailer Formaldehyde Products Liability Litigation*, ___ F. Supp. 2d ___, 2008 WL 3010040 (E.D. La. Aug. 1, 2008). This Court ruled that, "as it stands now, no plaintiff is matched to any

01683888.2

specific Newly Added Defendant. Thus, the Court grants the instant Motion to Dismiss based on lack of standing" without prejudice to a motion for leave to amend the Complaint "to allege specific facts to support **existing plaintiffs'** standing." Order, pp. 10-11 (emphasis added). This Court's Order cautioned that "any Defendants not specifically matched to individual Plaintiffs will be dismissed without prejudice." Order, p. 11.

2. Plaintiffs' Motion establishes that not a single Named Plaintiff in the Administrative Master Complaint (Pacer Doc. No. 109) ("AMC") has Article III standing against the Newly Added Defendants. Instead, those sixty-three (63) Original Plaintiffs in the AMC lived in housing units built by defendants other than the Newly Added Defendants.

3. Plaintiffs' Motion, like Plaintiffs' Original Motion (Pacer Doc. No. 594), fails to disclose on its face that it seeks to add new plaintiffs to the AMC. Plaintiffs' Motion, p. 1; Plaintiffs' Original Motion, p. 1. Rather than being limited to allegations supporting the standing of "existing plaintiffs" as provided in this Court's Order (p. 10), Plaintiffs' Motion attempts to add one hundred forty (140) *new* Named Plaintiffs – plaintiffs who have never been in this lawsuit before -- thirteen (13) of whom purportedly have standing against the Newly Added Defendants. *See* Proposed Amended AMC (Pacer Doc. No. 657-5) ¶ 7, pp. 8-18.

4. In its Order, this Court recognized the existence of three Fifth Circuit cases (*Summit*, *Federal Recovery,* and *Aetna*) and distinguished them on the mistaken belief, based on the lack of disclosure on the face of Plaintiffs' Original Motion, that "Plaintiffs in this MDL are not seeking to substitute new plaintiffs to create standing." Order, p. 10. Because Plaintiffs' Motion actually does seek to add new plaintiffs in an effort to create standing against the Newly Added Defendants, and because no Original Plaintiff has ever had Article III standing against the Newly Added Defendants, the Fifth Circuit cases are directly on point and mandate the denial of Plaintiffs' Motion.

5. The Newly Added Defendants respectfully ask this Court to consider the ramifications of allowing Plaintiffs' proposed untimely, prejudicial amendment to add one hundred forty (140) new Plaintiffs for the sole purpose of attempting to manufacture subject matter jurisdiction retroactively over the Newly Added Defendants where none exists. Plaintiffs' counsel in this case chose to sue an entire industry without having Plaintiffs with actual Article III standing against the Newly Added Defendants, with the hopes of possibly later finding a Plaintiff with Article III standing. Indeed, if allowed, why shouldn't *every* plaintiff's counsel in the future with a client having a claim against *one* defendant just file a class action against the entire industry, with the hopes of eventually finding a plaintiff with Article III standing to amend into the case down the road? Plaintiffs' proposed approach is an affront to the threshold constitutional inquiry required by Article III and directly contrary to the Fifth Circuit's holding in *Audler*.

6. Oral argument on Plaintiffs' Motion will be helpful to discuss the important Article III issues.

Respectfully submitted by:

/s/ *Lee E. Bains, Jr.*
One of the Attorneys for Newly Added Defendants

**OF COUNSEL**

Thomas W. Thagard, III
Lorrie L. Hargrove
Edward A. "Ted" Hosp
Edward S. Sledge IV
**MAYNARD, COOPER & GALE, P.C.**
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2616
Telephone 205-254-1000
Fax: 205-254-1999

-and-

01683888.2                                3

James K. Carroll (#3898), T.A.
Stephanie D. Skinner (#21100)
Kati Cox Weaver (#30878)
**FOWLER RODRIGUEZ & CHALOS**
400 Poydras Street, 30th Floor
New Orleans, Louisiana 70130
Telephone: 504-523-2600
Fax: 504-523-2705

## CERTIFICATE OF SERVICE

     I hereby certify that on September 4, 2008, I electronically filed the foregoing Request for Oral Argument with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document by first-class mail to all counsel of record who are non-CM/ECF participants.

                                                      /s/*Lee E. Bains, Jr.*
                                                      Of Counsel