UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-4"<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE ROBY |

THIS DOCUMENT IS RELATED TO ALL CASES
(including 07-1873 and 08-3217)

---

### OPPOSITION MEMORANDUM TO THE PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND SUPPLEMENTAL AND AMENDED MASTER COMPLAINT (DOCKET # 657) AND TO AMEND THE PUJOL COMPLAINT (DOCKET #656) FILED BY DEFENDANT SCOTBILT HOMES, INC.

Defendant, ScotBilt Homes, Inc., ("ScotBilt") files this Memorandum in Opposition1 to the Plaintiffs' Motion for Leave to File a Second Supplemental and Amended Master Complaint (Docket No. 657 in Case No. 07-1873) and to Amend the Petition for Damages in *Pujol v. The United States of America, et al.* (Civil Action No. 08-3217, Consolidated into Multi-District Litigation Number 07-1873, and having Docket No. 656). What the Plaintiffs are trying to do (in

---

1 Defendant ScotBilt does not waive, and expressly reserves all rights and defenses available to it by filing this Opposition Memorandum, including but not limited to those under F.R.Civ.P. Rule 12, including but not limited to those available under subpart (b) thereto (a lack of subject matter jurisdiction, insufficient process and insufficient service of process, a lack of personal jurisdiction, improper venue, failure to state a claim which may be granted and/or failure to join a party under Rule 19), or its right to file a Motion to Clarify the Pleadings under Rule 12(e) or a Motion to Strike under Rule 12(f). No fact sheets have ever been provided for these proposed new Plaintiffs who allegedly have standing to sue ScotBilt Homes, Inc. so there is no way to verify that they in fact have standing, or have sued in the proper venue. Furthermore, as there is no previously named Plaintiff with standing to sue ScotBilt that was ever named, ScotBilt does not waive its right to service of process and does not agree that it has properly been sued.

1

part) is to add at least 140 additional Plaintiffs that have never previously been named in any lawsuit – which is clearly not what the court contemplated occurring in its Order (Docket Entry 599).

ScotBilt joins in and adopts the arguments (and Exhibits 1 and 2 thereto) set forth and attached in the Memorandum in Opposition to the Plaintiffs' Motions filed on behalf of the co-defendants, CMH Manufacturing, Inc., Southern Energy Homes, Inc., Palm Harbor Homes, Inc., Palm Harbor Mfg., L.P. and Palm Harbor Albemarle, L.L.C., Giles Family Holdings, Inc., and Sunray Investments, L.L.C. (Docket No. 677), and asserts same as if it were fully set forth at length herein. The arguments raised by the co-defendants are equally applicable to ScotBilt Homes, Inc., and the Motions of the Plaintiffs should be denied.  ScotBilt will explain:

### A.  There Is No "Match" To A Previously Named Plaintiff.

ScotBilt Homes, Inc. is aware of the court's Order which allows the Plaintiffs the opportunity to attempt to "match" a previously named Plaintiff to a Defendant that has been dismissed. However, as shown by examining the original Amended Master Complaint and *Pujol* Complaint and comparing the Plaintiffs names against those in this most recently proposed Second Amended Master Complaint and Amended Complaint in the *Pujol* lawsuits, none of the original named plaintiffs in either the *Pujol* Complaint or in the Amended Master Complaint (which are mirror images of each other insofar as the names of the plaintiffs that appear in both lawsuits are the same), were matched with ScotBilt Homes, Inc. in the proposed Second Amended Master Complaint and the proposed Amended Complaint in *Pujol*.  The proposed amended Pleadings are attempting to add new Plaintiffs to retroactively create jurisdiction, or cure jurisdictional defects, in a manner which is impermissible. (See Docket Entries 614-3 and 614-10, which are two exhibits to the original Opposition to the Plaintiffs' First Motion for Leave to Amend the Amended Master Complaint and the *Pujol* lawsuits, and those exhibits are adopted by reference as if attached to this pleading).

The two named plaintiffs with alleged standing to sue ScotBilt Homes, Inc. in the proposed Second Supplemental and Amended Master Complaint and in the proposed Amended *Pujol* Complaint are Ella Flowers and James Aaron Barnes, Jr.   See the Plaintiffs' proposed Amended pleadings adding in a new Paragraph 7(d) Sections (ww) and (xx) naming these two individuals as the plaintiffs with standing to sue ScotBilt Homes, Inc.  <u>Neither of these two individuals are named plaintiffs in the original *Pujol* Complaint in the original Master Complaint or Amended Master Complaint.</u>  See Exhibits 1 and 2 to Docket Entry 677.  These are two individuals who have been named for the first time ever in these proposed pleadings.  As such, it is clear that none of the named plaintiffs in either *Pujol* or the Amended Master Complaint filed by the plaintiffs ever had Article III standing to sue ScotBilt Homes, Inc. in the first instance, and therefore ScotBilt Homes, Inc. is due to be dismissed pursuant to the court's directive and the controlling case law as cited to by the co-defendants in their memorandum which is adopted by reference (Docket Entry 677) and as per this Court's Order – Docket Entry 599, paragraphs 10 and 11.

Furthermore, out of the more than 800 fact sheets delivered by plaintiffs to date, no fact sheet for any person has been turned over who alleges to have been in a ScotBilt home – not even for Ella Flowers or James Aaron Barnes, Jr., the proposed newly added plaintiffs in the Plaintiffs' proposed pleadings.[2]  In fact, there are no fact sheets either for Ella Flowers or James Aaron Barnes, Jr. at all. Furthermore, in the Plaintiffs' designation of class representatives provided to the court (Docket Entry #666, Exhibit 1), only Ella Flowers is listed as a class representative – James Aaron Barnes, Jr.'s name does not appear on the list of class representatives at all, and as such, the court should not

---

2 Furthermore, the deadline to designate class representatives and turnover representative class plaintiff fact sheets has already passed under the Pre-Trial Orders.  As such, Defendant **objects** to the efforts of the Plaintiffs' counsel to circumvent the controlling deadlines in this matter at this late date.

3

allow (and defendant objects to) the proposed addition of James Aaron Barnes, Jr. as a named Plaintiff and a named class representative when Plaintiffs only designated Ella Flowers as one of its class representatives, and Mr. Barnes should be struck as a proposed named Plaintiff and class representative for this reason.

### B. Jurisdiction Cannot Be Retroactively Manufactured.

What Plaintiffs are trying to do is to add in new plaintiffs that have never previously been named as plaintiffs in any prior lawsuit in order to retroactively create an Article III case or controversy or to retroactively create Article III standing to sue ScotBilt Homes. The caselaw as cited to by the co-defendants (and adopted herein by reference) is clear – the Motions should be denied. See *Summit Office Park v. U.S. Steel Corp.,* 639 F.2d 1278 (5th Cir., 1981); *AETNA Casualty and Surety Co. v. Hillman,* 796 F.2d 770 (5th Cir., 1986); and *Federal Recovery Services, Inc. v. The United States,* 72 F.3d 447 (5th Cir., 1996). This is the exact same problem that the defendant and the other newly added defendants faced with the original Master Complaint and Amended Master Complaint and the original *Pujol* lawsuit.[3]

### C. There Is No "Substitution" Occurring And There Are No "Moot" Claims.

Despite Plaintiffs' assertions, there is no "substitution" of Plaintiffs occurring in this matter as it relates to ScotBilt Homes, Inc. For there to be a "substitution" of a named Plaintiff in the proposed Amended Pleadings, there would have had to be an original Plaintiff with standing to sue

---

[3] If the Court allows this wholly unsupported and untimely amendment to proceed, the defendant will be right back where it was at the time of the filing of the original Amended Master Complaint – there is not enough information presented to establish that there is an actual Article III case or controversy before the Court in the proposed amended pleadings. As no fact sheets have been turned over for either of these proposed plaintiffs (or for anyone else alleged living in a ScotBilt Home) within the time frame allowed by the Pre-Trial Orders, the court will have to hear and rule upon the exact same "no Article III case-or-controversy" motion for a second time.

ScotBilt Homes, Inc. for which a newly named person would be taking the original Plaintiffs' place. Since there is no originally named Plaintiff with standing to sue ScotBilt Homes, Inc. based upon the face of the filed pleadings and the proposed amended pleadings, by definition a "substitution" cannot happen.

Similarly, despite what Plaintiffs argue to the court, for there to have been a substitution of a Plaintiff because a prior claim was somehow made "moot" there would have had to be an originally named Plaintiff with standing to sue ScotBilt Homes, Inc. whose claim was made "moot." No such previously named Plaintiff existed based upon the face of the pleadings, so there is no "moot" claim for which the Plaintiffs are seeking to substitute a Plaintiff whose claim is not "moot." These arguments of the plaintiffs are simply inapplicable.

## CONCLUSION

**WHEREFORE**, the Defendant, ScotBilt Homes, Inc., prays that this Honorable Court will issue an order denying the plaintiffs Motion for Leave to File the Second Supplemental and Amended Master Complaint and deny the Motion for Leave to File an Amended Complaint in the *Pujol* lawsuit.

Respectfully submitted,

NIELSEN LAW FIRM, L.L.C.

/s/ Thomas C. Pennebaker
THOMAS C. PENNEBAKER, LA.S.B. 24597
WILLIAM R. DeJEAN, LA.S.B. 22762
3838 N. Causeway Blvd., Suite 2850
Metairie, Louisiana 70002
Tel. (504) 837-2500
Fax (504) 832-9165
Email: tpennebaker@nielsenlawfirm.com
         wdejean@nielsenlawfirm.com

          AND
          GORDON, ARATA, McCOLLUM, DUPLANTIS
          & EAGAN, L.L.P.

          TERRENCE KNISTER, LA.S.B. 7755
          ANNE P. BIRDSONG, LA.S.B. 21478
          201 St. Charles Avenue, 40th Floor
          New Orleans, Louisiana  70170
          Tel. (504) 582-1111
          Fax (504) 582-1121
          Email: tknister@gordonarata.com
             abirdsong@gordonarata.com

          Counsel for ScotBilt Homes, Inc.

## CERTIFICATE OF SERVICE

  I hereby certify that on September 8, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

          /s/   Thomas C. Pennebaker