UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | : | MDL NO. 2:07-MD-1873 |
| | : | SECTION "N" (4) |
| THIS DOCUMENT IS RELATES TO THE ADMINISTRATIVE MASTER COMPLAINT AND ALL CASES | : | JUDGE ENGELHARDT |
| | : | MAGISTRATE JUDGE ROBY |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM IN OPPOSITION TO PSC'S MOTION FOR LEAVE TO FILE SECOND SUPPLEMENTAL AND AMENDED MASTER COMPLAINT FILED BY CAVALIER HOME BUILDERS, LLC**

Cavalier Home Builders, LLC (Cavalier), files this memorandum in opposition to the

PSC Motion for leave to File Second Supplemental and Amended Master Complaint (Doc.

657).[1]

Plaintiffs attempt to manufacture standing against Cavalier in two ways. First, they

attempt to add *new* plaintiffs[2] to circumvent Article III of the United States Constitution and

---

[1]Cavalier also submits this memorandum in opposition to the substantively identical PSC Motion for Leave to File Second Supplemental and Amended Complaint (Doc. #656) in *Pujol v. The United States of America,* NO. 08-3217.

[2]The newly added plaintiffs now alleging they occupied a Cavalier THU are Wanda Reynaud, Cheryl Clark, Robert Kelly and Mary Kelly. See page 14 of the PSC's Proposed Second Supplemental and Amended Master Complaint (hereinafter "Second Amended AMC"). These new plaintiffs were not named in the second amended AMC that was withdrawn.

1

this Court's August 1, 2008, Order and Reasons (Doc. #599)[3] to allege a cause of action against Cavalier. Cavalier opposes the PSC's attempt to add new plaintiffs for the reasons set forth in the Memorandum in Opposition to PSC's Motion for Leave to File Second Supplemental and Amended Master Complaint on filed on behalf of Defendants CMH Manufacturing, Inc., Southern Energy Homes, Inc., Palm Harbor Homes, Inc., Palm Harbor Mfg., LP, Palm Harbor Albemarle, LLC, Giles Family Holdings, Inc., and Sunray InvestmentS, LLC (Doc. #677), which Cavalier joins and adopts.

The second way in which the PSC attempts to manufacture standing against Cavalier is by amending the AMC to allege that one of the plaintiffs named in the original AMC, L.C. Bingham, occupied a Cavalier THU. Cavalier submits the following additional reasons why this amendment by the PSC should not be allowed:

## ADDITIONAL REASONS TO DENY PLAINTIFFS' LEAVE
## TO FILE SECOND SUPPLEMENTAL AND AMENDED MASTER COMPLAINT

L.C. Bingham's Plaintiff Fact Sheet (PFS) is completely inconsistent with the PSC's new allegation that Bingham occupied a Cavalier THU.  Bingham is the only original AMC plaintiff to allege any connection with Cavalier in the Second Amended AMC.  **But, according to  Bingham's PFS, Cavalier did not manufacture his THU** The PSC should not be allowed to circumvent standing by making an allegation in the Second Amended

---

[3]*In re FEMA Trailer Formaldehyde Products Liability Litigation,*   ___ F. Supp. 2d ___, 2008 WL 3010040 (E.D. La. 8/1/08).

2

AMC that is completely inconsistent with their own client's statement in discovery.[4]

No plaintiff alleged that they occupied a THU manufactured by any particular defendant in either the original or first amended AMC. In their attempt to cure this fatal defect against Cavalier, the PSC now allege that plaintiff L. C. Bingham occupied a THU manufactured by Cavalier. (Second Amended AMC, at ¶ 6, adding new ¶ 7(c)(13).) This is the only original AMC plaintiff that alleges any connection to a THU manufactured by Cavalier. The problem with Bingham's allegation is that it is completely inconsistent with the statements in his PFS.

The PFS for L. C. Bingham states that the identity of the manufacturer of the THU he occupied is "unknown at this time." (Exhibit 1, PFS of L. C. Bingham, at p. 8, ¶ V(A)(1).) While the manufacturer is unknown, L. C. Bingham does know the size of the THU he occupied. The PFS states that the size of his THU was "appx 320 sq ft" and "appx 8 ft wide x 40 ft wide." (Ex. 1, at p. 9, ¶ V(A)(11-12).)  The PSC's problem is that Cavalier did not manufacture any THUs smaller than 14 feet wide x 60 feet long. (Exhibit 2, Affidavit of Greg Brown.)

In the recent Eastern District opinion of *Ordemann v. Unidentified Party*, 2008 U.S. Dist. LEXIS 19145, pp. 10-11 (E.D. La. 2008), the court denied an amendment under both

---

[4]Pretrial Order No. 2 (Doc. #87), at page 7, paragraph III(A), under the subtitle "Answers Binding," states, "Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33 ... and must be supplemented in accordance with Fed. R. Civ. P. 26."

the Rule 16(b) "good cause" standard[5] and Rule 15(a)[6], the latter of which the court

analyzed under the following legal principles:

> Although "leave shall be freely given" under Rule 15(a), **this "is not a mechanical absolute and the circumstances and terms upon which such leave is to be 'freely given' is committed to the informed, careful judgment and discretion of the Trial Judge as he superintends the development of a cause toward its ultimate disposition."** *Freeman v. Continental Gin Co.*, 381 F.2d 459, 468 (5th Cir.1967). See also *Chitimacha Tribe of Louisiana v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1163 (5th Cir. 1982) ("leave to amend should not be given automatically."). Considerations aiding in this determination include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); see also, e.g., *Adrian v. Regents of the Univ. of California*, 363 F.3d 398 (5th Cir.2004). **Other considerations might be relevant under the particular circumstances presented.[7]** E.g., *Dorn v. State Bank of Stella*, 767 F.2d 442, 443 (8th Cir. 1985) ("different considerations apply to motions [to amend] after dismissal").

> All of this leads us to the difficult task of "assur(ing) a party a fair opportunity to present his claims and defenses," while at the same time protecting a "busy district court (from being) imposed upon by the presentation of theories seriatim.

*Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir.1981). **"Pleadings review is not a game where the plaintiff is permitted to file serial amendments until he finally gets it right."** *Adrian*, 363 F.3d at 404. (Emphasis added.)

---

[5]See Fed. Rule Civ. Proc. 16(b), *Ordemann,* at pp. 4-9 , and the Opposition of Newly Added Defendants, at pp. 13-16, which Cavalier joins and adopts.

[6]See Fed. Rule Civ. Proc. 15(a).

[7]The factors enumerated in *Foman* are not exhaustive. "A host of other factors may be relevant[,]" *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, n. 11 (1st Cir. 1995), as "implied by the [*Foman*] Court's 'etc.'" *Harris v. Secretary, United States Dep't of Veterans Affairs*, 126 F.3d 339, 344 (D.C. Cir. 1997).

Under the "particular circumstances presented" by this case, the PSC's Motion for Leave to amend a second time should be denied. In particular, the PSC should not be allowed to manufacture standing by alleging that L. C. Bingham occupied a Cavalier THU when Bingham's PFS clearly proves that he did not occupy a Cavalier THU.

L. C. Bingham is not a new plaintiff. Rather, L. C. Bingham has been a named plaintiff in the AMC since March 2008. Four months after naming Bingham as a plaintiff in the AMC, his/her PFS was produced to the defendants, but did not identify the THU manufacturer and provided little else (even plaintiff's complete name remains unknown), except the size of his THU, which size clearly establishes that it was not manufactured by Cavalier. One week after producing Bingham's PFS, plaintiffs presented this Court with the subsequently-withdrawn second amended AMC at the hearing on the motion to dismiss for lack of standing and it identified Cavalier as the defendant that manufactured Bingham's THU. Cavalier opposed the withdrawn second amended AMC on the very grounds set forth in this memorandum. (See Doc. #617)

Two weeks later, plaintiffs filed the motion presently under consideration and argue "that Mr. Bingham's Fact Sheet may require updating" and "[n]onetheless, Cavalier's objection to Mr. Bingham is a matter to be addressed through the discovery process." [8] Pretrial Order No. 2 notwithstanding, the PSC apparently does not view Bingham's PFS as part of "the discovery process." In addition, as of the filing of this opposition, Bingham's PFS has not been "updated." The affidavit of Greg Brown, as well as documents produced

---

[8] See PSC Memorandum in Support of Motion for Leave to File Second Supplemental and Amended Master Complaint, at p. 17.

to plaintiffs in discovery prove unequivocally that Cavalier did not manufacture any THU smaller than 14' x 60', and therefor could not have manufactured Bingham's THU.

The PSC's Second Amended AMC and their argument for more time (disguised as an argument to defer this issue to discovery) is precisely the type of prohibited "serial amendment", unsupported by the most basic evidence (the PFS) that unduly burdens and prejudices this Court and the defendants through wasted time and resources. Like their attempt to add new plaintiffs to manufacture standing, the PSC's new allegation that L. C. Bingham occupied a Cavalier THU, contrary to his statements in discovery, is just another improper method of trying to manufacture standing where there is none.

For the reasons assigned, Cavalier Home Builders, LLC, prays that Plaintiffs' Motion for Leave to File Second Supplemental and Amended Administrative Master Complaint should be denied.

Respectfully submitted:

**VOORHIES & LABBÉ**
(A Professional Law Corporation)


 /s/ Lamont P. Domingue
Lamont P. Domingue - #20787
Post Office Box 3527
700 St. John Street
Lafayette, Louisiana 70502-3527
Telephone: (337) 232-9700
ATTORNEYS FOR Cavalier Home Builders, LLC
E-Mail: LPD@volalaw.com

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of September, 2008, a copy of Cavalier Home Builders, LLC's Memorandum in Opposition to PSC's Motion for Leave to File Second Supplemental and Amended Master Complaint was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service this filing to the following non-CM/ECF participants:

Jeffery N. Luthi
One Columbus Circle, NE
Federal Judiciary Bldg., Room G-255
Washington, DC 20002.

/s/ Lamont P. Domingue
Lamont P. Domingue - #20787
Post Office Box 3527
700 St. John Street
Lafayette, Louisiana 70502-3527
Telephone: (337) 232-9700
ATTORNEYS FOR Cavalier Home Builders, LLC
E-Mail: lpd@volalaw.com

385202