UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | : : | MDL NO. 2:07-md-1873 SECTION "N" (4) |
| THIS DOCUMENT IS RELATED TO THE ADMINISTRATIVE MASTER COMPLAINT | : : | JUDGE ENGELHARDT MAGISTRATE JUDGE ROBY |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN OPPOSITION TO PSC'S MOTION FOR LEAVE TO FILE SECOND SUPPLEMENTAL AND AMENDED MASTER COMPLAINT FILED BY LIBERTY HOMES, INC. and WAVERLEE HOMES, Inc.**

MAY IT PLEASE THE COURT:

Liberty Homes, Inc. (Liberty) and Waverlee Homes, Inc. (Waverlee), file this memorandum in opposition to the PSC Motion for Leave to File Second Supplemental and Amended Master Complaint. (Doc. 657)[1]

Plaintiffs attempt to manufacture standing against Liberty and Waverlee by adding *new* plaintiffs to circumvent Article III of the United States Constitution and this Court's

---

[1] Liberty Homes, Inc. and Waverlee Homes, Inc., also submit this memorandum in opposition to the substantively identical PSC Motion for Leave to File Second Supplemental and Amended Complaint (Doc. #657) in *Pujol v. The United States of America,* NO. 08-3217.

1

August 1, 2008, Order and Reasons (Doc. #599).[2] Liberty and Waverlee oppose the PSC's attempt to add new plaintiffs for the reasons set forth in the Memorandum in Opposition to PSC's Motion for Leave to File Second Supplemental and Amended Master Complaint filed on behalf of CMH Manufacturing, Inc., Southern Energy Homes, Inc., Palm Harbor Homes, Inc., Palm Harbor Mfg., LP, Palm Harbor Albemarle, LLC, Giles Family Holdings, Inc., and Sunray Investments, LLC. (Doc. # 677), which Liberty and Waverlee join and adopt.

In further support of the adopted opposition filed on behalf of the Newly Added Defendants, not a single one of the sixty-two (62) original named plaintiffs in the AMC allege that they occupied a temporary housing unit (THU) built by Liberty or Waverlee. Because none of the original plaintiffs have standing to sue Liberty or Waverlee, the second amendment to the AMC now seeks to add two (2) new plaintiffs to manufacture standing against Liberty - - Charlotte Evans and Percy Evans (Proposed Amended Complaint, at ¶ 7, seeking to add ¶ 7(d)(46-47)), and three (3) new plaintiffs to manufacture standing against Waverlee - - Andre Pravata, Sckyler Pravata and Maddie Pravata. (Proposed Amended Complaint, at ¶ 7, seeking to add ¶ 7(d)(50 - 52).) Liberty and Waverlee are not aware of any Plaintiff Fact Sheets having been produced for these new plaintiffs.

Because none of the sixty-two (62) original named plaintiffs have ever alleged Liberty or Waverlee manufactured the THU they occupied, they never had standing to sue

---

[2] *In re FEMA Trailer Formaldehyde Products Liability Litigation*, ___ F. Supp. 2d ___, 2008 WL 3010040 (E.D. La. 8/1/08).

Liberty or Waverlee and plaintiffs cannot now add the Evans and Pravata plaintiffs to the original plaintiffs to manufacture standing against Liberty and Waverlee.

In addition, the Evans' plaintiffs new allegations against Liberty are entirely improper because the they cannot allege whether the manufacturer of their THU was Liberty Homes, Inc., or Liberty RV & Marine, Inc. In their memorandum, the PSC claims that its alternative allegation is made in "good faith and based on the information available to them at this time," and that the clarification of the allegation is "best addressed through the discovery process."[3]

In early July, both Liberty and Waverlee responded to certain discovery requests of plaintiffs and produced voluminous documents, all clearly showing that both companies constructed and delivered to FEMA *only* manufactured homes regulated by HUD that were no smaller than 14' x 60' in size and providing the VIN for each home. Neither Liberty or Waverlee manufactured or delivered to FEMA any travel trailers, recreational vehicles or RV's. At the very least, the Evans plaintiffs should be able to distinguish between a manufactured home (or "mobile home") and a recreational vehicle (or "travel trailer"). Yet, no fact sheets for the new Evans and Pravata plaintiffs have been produced providing any type of information identifying their THUs.

The motions to dismiss for lack standing were filed May 20, 2008, and ruled upon August 1, 2008. While the motions were pending, the PSC filed its first motion for leave attempting to cure its standing problems, but then withdrew that motion. Now, more than

---

[3] See PSC Memorandum in Support of Motion for Leave to File Second Supplemental and Amended Master Complaint, at p. 17.

3

three (3) months after they were first put on notice of their standing problems and with the class certification hearing scheduled to occur a little more than two months from now, and having the benefit of substantial documentation identifying and describing Liberty and Waverlee's manufactured homes delivered to FEMA, the Evans plaintiffs still cannot allege whether they lived in a manufactured home constructed by Liberty Homes or a travel trailer sold and/or constructed by Liberty RV. Simply put, enough discovery has been conducted.

When the foregoing is considered in light of the prohibition against adding new plaintiffs to manufacture standing, it simply adds to the circumstances justifying a denial of the PSC's motion for leave to amend a second time. For the reasons assigned, Liberty Homes, Inc. and Waverlee Homes, Inc., pray that Plaintiffs' Motion for Leave to amend the AMC a second time be denied.

Respectfully submitted:

**VOORHIES & LABBÉ**
(A Professional Law Corporation)


/s/ Lamont P. Domingue
Lamont P. Domingue - #20787
Post Office Box 3527
700 St. John Street
Lafayette, Louisiana 70502-3527
Telephone: (337) 232-9700
ATTORNEYS FOR Liberty Homes, Inc. and Waverlee Homes, Inc.
E-Mail: LPD@volalaw.com

4

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of September, 2008, a copy of Liberty Homes, Inc. and Waverlee Homes, Inc.'s Memorandum in Opposition to PSC's Motion for Leave to File Second Supplemental and Amended Master Complaint was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service this filing to the following non-CM/ECF participants:

Jeffery N. Luthi
One Columbus Circle, NE
Federal Judiciary Bldg., Room G-255
Washington, DC 20002.

/s/ Lamont P. Domingue
Lamont P. Domingue - #20787
Post Office Box 3527
700 St. John Street
Lafayette, Louisiana 70502-3527
Telephone: (337) 232-9700
ATTORNEYS FOR Liberty Homes, Inc. and Waverlee Homes, Inc.
E-Mail: lpd@volalaw.com

385239