UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 07-01873<br><br>SECTION "N-4"<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE ROBY |

THIS DOCUMENT IS RELATED TO ALL CASES

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN OPPOSITION TO PSC'S [SECOND] MOTION FOR LEAVE TO FILE SECOND SUPPLEMENTAL AND AMENDED MASTER COMPLAINT FILED BY AMERICAN HOMESTAR CORPORATION AND OAK CREEK HOMES, LP

**NOW INTO COURT**, through undersigned counsel, come Newly Added Defendants, American Homestar Corporation and Oak Creek Homes, LP (the "American Homestar Defendants"), and files this Memorandum in Opposition to the Plaintiffs' Steering Committee's (PSC's) [Second] Motion for Leave to File Second Supplemental and Amended Master Complaint (Rec. Doc. 657) and in response to the Memorandum in Support of PSC's Motion for Leave to File Second Supplemental and Amended Master Complaint (Rec. Doc. 657-2).[1]

---

[1] Out of an abundance of caution, the American Homestar Defendants also oppose the plaintiffs' Motion for Leave to File Second Supplemental and Amended Complaint (Rec. Doc. 656) in the "underlying action," *Pujol v. The United States of America,* No. 08-3217 adopting the reasons and argument set forth herein by reference for that action.

WEP Library:2099-63807\

The American Homestar Defendants hereby adopt and incorporate by reference the Memorandum in Opposition to PSC's [New] Motion for Leave to File Second Supplemental and Amended Master Complaint filed on behalf of CMH Manufacturing, Inc. *et al.*, (Rec. Doc. 677).

The Plaintiffs' proposed Second Supplemental and Amended Master Complaint (Rec. Doc. 657-5) does not "match" an existing plaintiff with an American Homestar Defendant. Instead, the plaintiffs seek to substitute three (or four)[2] never-before-named plaintiffs alleging occupancy of an Oak Creek Homes unit in an attempt to create standing. The American Homestar Defendants object to the addition of these newly named plaintiffs because none of the existing plaintiffs named in the original Administrative Master Complaint have been "matched" with an American Homestar Defendant. Consequently, there is no valid action against the American Homestar Defendants susceptible to being "amended."

Also pertinent to the pending motions to amend is Pretrial Order No. 15, which required plaintiffs to file a list of the individuals who will be class representatives for the putative class. (R. Doc. 658, ¶3). Pursuant to this pretrial order, on August 22, 2006, plaintiffs filed a list of 90 unique persons who the plaintiffs propose be class representatives. (R. Doc. 666-2). This list includes Douglas Hill, III, who is not an existing plaintiff or a proposed additional plaintiff, but who is (or was) allegedly the occupant of an emergency housing unit manufactured by Oak Creek Homes for whom plaintiffs have not provided a Plaintiff's Fact Sheet (PFS).

---

[2] Four proposed paragraphs would link four newly added plaintiffs to units manufactured by "Oak Creek Homes, L. P. and/or Oak Creek Homes, Inc.": 7(d)(136) (Lena Brown), 7(d)(137) (Jason Pohlman), 7(d)(138) (Thomas Sullivan) and 7(d)(139) (Lena Brown). It is unclear whether there are two plaintiffs named Lena Brown or whether one of the paragraphs is a duplicate listing for Lena Brown.

## I. BACKGROUND

The American Homestar Defendants were first named as defendants in the original Administrative Master Complaint ("AMC") (Rec. Doc. 109) filed March 18, 2006. Prior to that filing, the American Homestar defendants were not a party to any underlying action arising from the FEMA emergency housing unit ("EHU") litigation.[3] The original AMC identifies sixty-three named plaintiffs but does not link any plaintiff to occupancy of any particular manufacturer's EHU.

Because there are no specific allegations "matching" any plaintiff to occupancy of an American Homestar Defendant's EHU, The American Homestar Defendants joined in the Manufacturing Defendants' Motion to Dismiss (Rec. Doc. 210). The Court's August 1, 2008 Order (Rec. Doc. 604) granted Manufacturing Defendants' Motion to Dismiss "for the same reasons set forth in the Court's August 1. 2008 Order and Reasons (Rec. Doc. 599)" "without prejudice to the right of Plaintiffs to seek leave to amend, either by going forward with their contested motions for leave to amend ..., or by withdrawing those and filing new motions for leave to amend ...". In its August 1, 2008 Order and Reasons, the Court found that "amending a complaint to allege specific facts to support **existing plaintiffs'** standing is permissible." (Rec. Doc. 599 - Order and Reasons, p.10 - emphasis added). The Court further cautioned that "any Defendants not specifically matched to individual Plaintiffs will be dismissed without prejudice." *Id.*

Thereafter, the plaintiffs withdrew their "contested motion for leave to amend" (Rec. Doc. 641) and filed a Motion for Leave to File a Second Supplemental and

---

[3]  The American Homestar Defendants were named as defendants in the subsequently filed *Pujol v. The United States of America,* underlying action No. 08-3217.

Amended Master Complaint (Rec. Doc. 657). The American Homestar Defendants oppose this Motion as follows.

## II. NO "MATCH" WITH AN EXISTING NAMED PLAINTIFF

Despite plaintiffs' prior representations to the Court, plaintiffs' proposed Second Supplemental And Amended Master Complaint (2nd AMC) fails to "match" an existing plaintiff to an American Homestar Defendant. The existing named plaintiffs are linked to occupancy of EHU's purchased from specific manufacturers. None are matched to an American Homestar Defendant. (Rec. Doc. 657-5, proposed 2nd AMC, pp. 4-8, para. 6). Moreover, none of the Plaintiff Fact Sheets produced by the existing plaintiffs assert occupancy of an American Homestar unit. Because the plaintiffs have failed to "match" an existing plaintiff with an American Homestar Defendant's unit, they have failed to establish Article III standing in this action against the American Homestar Defendants. Consequently, in accordance with this Court's August 1, 2008 Order and Reasons (Rec. Doc. 599), Leave to Amend to substitute a new plaintiff with allegations against an American Homestar Defendant should be denied, and the American Homestar Defendants should be dismissed from this action.

## III. SUBSTITUTION OF NEW PLAINTIFFS

The plaintiffs attempt to cure the lack of Article III standing with respect to the claims against American Homestar Defendants by substituting three (or four) new plaintiffs and matching these new plaintiffs with an Oak Creek Homes unit (Rec. Doc. 657-5, proposed Second Supplemental and Amended Master Complaint, p. 18, ¶¶

7(d)(136) through 7(d)(139). These three (or four) individuals were not named in the Administrative Master Complaint. As addressed in the Opposition of Manufacturing Defendants (Rec. Doc. 210) and the Opposition of CMH Manufacturing, Inc. *et al.* (Rec. Doc.614), plaintiffs may not amend to substitute a new plaintiff to create jurisdiction where none previously existed. *See, Summit Office Park v. U. S. Steel Corp.,* 639 F.2d 1278 (5th Cir. 1981), *Aetna Casualty & Surety Co. v. Hillman,* 796 F.2d 770 (5th Cir. 1986), and *Federal Recovery Services, Inc. v. United States,* 72 F.3d447 (5th Cir. 1996).

For these reasons, American Homestar Defendants pray that the plaintiffs' Motion for Leave to File Second Supplemental and Amended Master Complaint be denied and that the claims against them be dismissed.

Respectfully Submitted,

*s/ W. Evan Plauché*
**W. EVAN PLAUCHÉ**
Bar No.: #21027
**DAVID C. BACH**
Bar No.: #28484
Counsel for Defendants,
**American Homestar Corporation and Oak Creek Homes, LP**
**HAILEY, McNAMARA, HALL, LARMANN & PAPALE, L.L.P.**
One Galleria Boulevard, Suite 1400
P. O. Box 8288
Metairie, Louisiana 70011-8288
Telephone: (504) 836-6500
Fax: (504) 836-6565
E-Mail: eplauche@hmhlp.com
dbach@hmhlp.com

WEP Library:2099-63807\

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **September 9, 2008,** I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*s/ W. Evan Plauché*

WEP Library:2099-63807\