UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER<br>    FORMALDEHYDE<br>    PRODUCTS LIABILITY<br>    LITIGATION | * * * * * | MDL NO. 1873 |
| | * | JUDGE: ENGELHARDT |
| This Document Relates to: All Cases | * * | |
| | * | MAG: ROBY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF
MANUFACTURING DEFENDANTS' MOTION TO STRIKE**

**MAY IT PLEASE THE COURT:**

Manufacturing Defendants submit the following Memorandum in Support of their Joint Motion to Strike certain plaintiffs from acting as class representatives at the Class Certification Hearing.

### I.     NATURE OF THE CASE

As this Court is well aware, this Multi-District Litigation is the consolidation of twenty-three state and federal toxic tort suits in which an estimated thirty thousand named Plaintiffs (individually and purportedly on behalf of potentially hundreds of thousands of putative class members) claim to have inhabited temporary housing units ("THUs") that were provided to them by the Federal Emergency Management Agency. (Rec. Doc. No. 109, at ¶ 96). Plaintiffs claim injuries resulting from the alleged release of formaldehyde and/or formaldehyde vapors in those THUs. (Rec. Doc. No. 109, at ¶ 30). As a result of that claimed exposure, Plaintiffs have filed suit against 67 defendants that allegedly manufactured the THUs used by the Plaintiffs. (Rec. Doc. No. 109, at ¶ 8 and Rec. Doc. No. 379, at ¶¶ 6-8). Moreover, Plaintiffs have named as defendant the United States Government through FEMA, and Plaintiffs seek recovery for alleged

physical and mental pain and suffering, physical impairments and disability, medical expenses, loss of earnings capacity, loss of enjoyment and quality of life, loss of consortium, travel expenses, out-of-pocket expenses, attorney's fees, and the loss of use and/or opportunity to use safe and adequate shelter allegedly resulting from the purported exposure to formaldehyde. (Rec. Doc. No. 109 at "Compensatory Damages: All States" p. 74).

On August 15, 2008, this Court held a status conference, during which the PLC represented to the Court that, by noon on August 22, 2008, they would produce a list of class representatives whose claims they intended to offer as evidence at the class certification hearing. On August 22, 2008, Plaintiffs provided the Manufacturing Defendants a list of 101 proposed "core" class representatives. Based on the Plaintiffs' assertions, the Manufacturing Defendants assumed that this designated group was composed of the plaintiff witnesses that they needed to depose in their attempt to oppose class certification.

Additionally, on August 18, 2008, PLC filed its Motion for Leave to file a Second Supplemental and Amended Petition naming 199 proposed class representatives – only 58 of which were named in Plaintiffs' August 22 list of "core" class representatives. The PLC refused to concede that these additional 141 plaintiffs would not offer testimony at the certification hearing. To further complicate the discovery of the class representatives, the Manufacturing Defendants have not received Plaintiff Fact Sheets for 83 –more than half—of these 141 additional plaintiffs. The deadline established in Pre-Trial Order No. 8, Paragraph 3(C), for plaintiffs to identify all remaining class representatives was August 1, 2008. The Manufacturing Defendants have been waiting for a list of the representative plaintiffs to depose since that date. The number of proposed class representatives has grown well beyond the anticipated 56 (as was represented by the production of the initial twenty eight Plaintiff Fact Sheets, i.e, the first "half"

required by Pre-Trial Order Number 8). That number nearly doubled to 101 on August 22 and then more than doubled again to 241 when the Plaintiffs refused to comply with the agreement made in open court on August 15.[1]

## II. LAW AND ARGUMENT

**1. Defendants will be unfairly prejudiced if Plaintiffs are allowed to include 141 additional proposed class representatives prior to the class certification hearing**

Federal Rule of Civil Procedure 12(f) allows the court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

As previously mentioned, PLC filed a proposed Second Supplemental and Amended Petition on August 18, 2008 identifying 199 class representatives. This number is not consistent with the list of 101 proposed "core" class representatives submitted by PLC on August 22, 2008, in response to this Court's August 15 status conference. In fact, only 58 plaintiffs from the August 22 list were taken from the Second Supplemental and Amended Petition. The Manufacturing Defendants understood the agreement reached at the status conference to govern plaintiffs' selection of the class representatives. Plaintiffs also seemed to have understood the conditions of the conference when they timely submitted the list of 101 proposed "core" class representatives. The main problem that is the focus of this Motion to Strike is Plaintiffs' unexpected claim of 141 "class representatives" who were never listed as "core representatives". Despite their notable absence from the list of core representatives, Plaintiffs are attempting to reserve the right to obtain affidavits from these additional 141 plaintiffs for the class certification hearing.

---

[1] 241 is the sum of the 199 plaintiffs listed in the proposed Second Supplemental and Amending Complaint plus the 42 plaintiffs listed on August 22 who were not named in the proposed Second Amended Complaint.

3

The scope of this problem is perhaps better illustrated in the attached spreadsheet submitted by the Manufacturing Defendants.  *See,* Exhibit "A", Spreadsheet.  Column A provides the names of the 199 plaintiffs listed in Plaintiffs' proposed Second Supplemental and Amended Complaint.  Column B lists the names of the 101 proposed "core" class representatives that were provided by PLC on August 22 in response to the August 15 status conference.  A comparison of these two columns shows that 42 plaintiffs from the list of 101 "core" plaintiffs were *not* included in Plaintiffs' Second Supplemental and Amended Petition (Column C).[2]

Conversely, Column F of the spreadsheet identifies the 141 plaintiffs named in the proposed Second Supplemental and Amended Complaint, but not identified by PLC in the August 22 list of "core" plaintiffs.  The Manufacturing Defendants are attempting to complete class discovery with respect to the claims of the 101 plaintiffs provided on August 22. However, the PLC appears to have disregarded the conditions of the agreement reached at the status conference, which has left the Manufacturing Defendants guessing how to effectively prepare for the upcoming class certification hearing.  In addition to the problem just discussed, 83 of these 141 plaintiffs have not produced Plaintiff Fact Sheets. Among the many disadvantages of deposing proposed class representatives without a timely, completed Plaintiff Fact Sheet is the fact that without the fact sheets, FEMA does not possess the necessary privacy act waivers to allow production of the individual plaintiff's FEMA files. The Manufacturing Defendants respectfully request that the Court hold Plaintiffs to their agreement and strike the additional 141 claimants as "class plaintiffs" since they were not designated as such on August 22 and their inclusion would unfairly prejudice the Manufacturing Defendants at this late stage of class discovery.

---

[2] Column D provides the names of the 58 plaintiffs that were named in the original 101 "core" plaintiffs and were listed in Plaintiffs' proposed Second Supplemental and Amended Complaint.

**2.      This Court should strike the 29 "core" plaintiffs that were *not* included in the Administrative Master Complaint or the Second Supplemental and Amended Petition**

Federal Rule of Civil Procedure 23(a) provides, in pertinent part:

> "(a)  **Prerequisites**.  One or more members of a class may sue or be sued as representative parties on behalf of all members only if . . . . "

Thus, in order for a member of a class to act as a "representative party" for the other members of a class, that person must sue.  To sue, one must bring suit.  In this case, however, certain proposed "class representatives" have not brought suit.  More specifically, 29 proposed "core" class representatives, identified in Column E of Exhibit A, have not filed suit. These individuals are not named plaintiffs in either the Administrative Master Complaint or the proposed Second Supplemental and Amended Complaint.  By definition, to be a "class representative," one must first file suit or he does not qualify.  Therefore, this Court should additionally strike these 29 proposed class representatives.

**3.      The proposed class representatives, who are "matched" with manufacturers that were dismissed by this Court's August 1st Orders, should be struck**

In its August 1, 2008 Orders (Pacer Doc. Nos. 599 and 604), this Court granted the motions to dismiss filed by several of the manufacturer defendants.  This Court ruled that, "as it stands now, no plaintiff is matched to any specific Newly Added Defendant.  Thus, the Court grants the instant Motion to Dismiss based on lack of standing" without prejudice to a motion for leave to amend the Complaint "to allege specific facts to support **existing plaintiffs'** standing."  Order (Pacer Doc. No. 599), pp. 10-11 (emphasis added).  This Court's Order cautioned that "any Defendants not specifically matched to individual Plaintiffs will be dismissed without prejudice."  Order (Pacer Doc. No. 599), p. 11.

5

Plaintiffs have filed PSC [New] Motion for Leave to File Second Supplemental and Amended Master Complaint (Pacer Doc. No. 657) ("Plaintiffs' Motion").  Several manufacturer defendants have filed briefs in opposition to Plaintiffs' Motion because that motion establishes that not a single Named Plaintiff in the Administrative Master Complaint (Pacer Doc. No. 109) ("AMC") has Article III standing against those defendants.  *See, e.g.*, Pacer Doc. No. 677.  Instead, those sixty-three (63) Original Plaintiffs in the AMC lived in housing units built by other defendants.

Some of the proposed class representatives (including those listed in Pacer Doc. No. 666-2) are "matched" with manufacturers that: (1) are not defendants in the operative AMC because they were dismissed by this Court's August 1st Orders (Pacer Doc. Nos. 599 and 604), and (2) have opposed the pending Plaintiffs' Motion. Those proposed class representatives should be stricken because they are "matched" with manufacturer defendants that have been dismissed from this litigation.

## IV.   CONCLUSION

**WHEREFORE,** the Manufacturing Defendants respectfully request that this Court issue an Order striking those 141 proposed class representatives not identified by PLC in the August 22 list of "core" plaintiffs.  The Manufacturing Defendants also request that this Court issue an Order striking those 29 proposed "core" class representatives that have not filed suit.  This Court

should also strike the proposed class representatives that are "matched" to manufacturers that were dismissed by this Court's August 1, 2008 Orders (Pacer Doc. Nos. 599 and 604).

        Respectfully submitted,

        **DUPLASS, ZWAIN, BOURGEOIS,**
        **PFISTER & WEINSTOCK**

        s/ Andrew D. Weinstock
        _____
        **ANDREW D. WEINSTOCK #18495**
        **JOSEPH G. GLASS #25397**
        3838 N. Causeway Boulevard, Suite 2900
        Metairie, Louisiana 70002
        Telephone: (504) 832-3700
        Fax: (504) 837-3119
        andreww@duplass.com
        *DEFENSE LIAISON COUNSEL*

## C E R T I F I C A T E

I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )    Hand Delivery        ( )    Prepaid U.S. Mail

( )    Facsimile        ( )    Federal Express

(X)    CM/ECF

New Orleans, Louisiana this 12th day of September, 2008.

        s/Andrew D. Weinstock
        _____
        ANDREW D. WEINSTOCK #18495