**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                                    MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                SECTION "N-4"

JUDGE ENGELHARDT
MAG. JUDGE ROBY

**THIS DOCUMENT IS RELATED TO ALL CASES**

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

<u>PLAINTIFFS' MEMORANDUM IN OPPOSITION TO</u>
<u>MANUFACTURING DEFENDANTS' MOTION TO STRIKE (DOC. 696)</u>

**MAY IT PLEASE THE COURT:**

The Plaintiffs' Steering Committee (PSC), on behalf of all plaintiffs in this MDL,

respectfully submits that the relief sought by the Manufacturing Defendants' Motion to Strike is

neither necessary nor appropriate, and that a practical solution to the concerns raised by the

motion is readily available and relatively uncomplicated.  At the outset, however, it is important

that this motion be viewed in the context of both this Court's prior rulings, and a series of

previous and ongoing communications between and among counsel regarding the issue of class

representatives.

This Court previously granted a Motion to Dismiss the Administrative Master Complaint

(AMC) filed by a number of defendant manufacturers, on the ground that the

> AMC is deficient because it fails to include allegations that any
> particular plaintiff lived in any particular housing unit or was
> harmed by a specific manufacturer of any housing unit.

-1-

Order & Reasons filed 8/1/08 (Doc. 599), at p. 9.  At the same time, the Court rejected the argument by defendant-movants that plaintiffs could not cure this "standing" problem by moving to amend the AMC.  Rather, the Court concluded that, specifically in regard to the PSC's announced intention to "match up class representatives with the names of the manufacturers of travel trailer or mobile homes that they occupied...," an amendment of the Master Complaint "to allege specific facts to support existing plaintiffs' standing [would be] permissible."  *See id.* at p. 10.  In granting the motion to dismiss at that time, the Court therefore did so "without prejudice to the right of plaintiffs to seek leave to amend...."  *Id.* at p. 11.

On August 18, 2008, the PSC filed a Motion for Leave to File a Second Supplemental and Amended Complaint (Doc. 657).  The motion remains pending at this time.  If the motion is granted by the Court, the Second Supplemental and Amended Master Complaint filed by the PSC will clearly allege facts of harmful exposure suffered by named plaintiffs while residing in housing units manufactured by specific named defendants.  The amended pleading does propose that all such named plaintiffs are proceeding both individually and on behalf of the plaintiff class as proposed class representatives under FRCP 23.  In this way, each named plaintiff with individual standing as to a particular manufacturer, is declaring a readiness to also prosecute claims against the same manufacturer on behalf of all similarly-situated plaintiff class members.

At the same time, given the practicalities of needed class certification discovery, there have been both discussions with the Court and among counsel regarding the idea of the PSC designating so-called "core" class representatives for purposes of the scheduled class certification presentation to the Court.  Pursuant to the directive of the Court, the PSC on August 22, 2008 filed a list of these proposed "core" class representatives.

Without question, there is a substantial difference between the number of class representatives identified on the "core" list, and the number of class representatives identified in the proposed Second Supplemental and Amended Master Complaint.  This is not surprising, in that the proposed amendment to the Master Complaint sought to respond to the "standing" objection of defendant, by <u>adding</u> to those plaintiffs already designated as class representatives in the Master Complaint a number of additional, proposed class representatives who matched to specific defendant manufacturers to the fullest extent possible.[1]  The confection of the list of "core" class representatives, on the other hand, was intended to limit the necessity for defendants to conduct discovery beyond a smaller group of class representatives.

The memorandum in support of the instant motion avers that "[t]he PSC refused to concede that these additional 141 plaintiffs [i.e., the plaintiffs added by the Second Supplemental and Amended Master Complaint who do not appear on the "core" list] would not offer testimony at the certification hearing."  The record in this regard may require clarification.  Undersigned Plaintiffs' Liaison Counsel, in response to an inquiry by Manufacturing Defendants Liaison Counsel, did suggest that an appropriate stipulation might be needed in order to limit class certification discovery to the "core" class representatives.  By stipulation, for example, it might be confirmed that any discovery of the "core" class representatives would be considered the totality of discovery required as to class representative issues.  The undersigned acknowledges

---

[1]The PSC acknowledges that, despite this attempted match, the following defendant manufacturers named in the Administrative Master Complaint, First Supplemental and Amended Master Complaint, and Second Supplemental and Amended Master Complaint presently cannot be matched with a named plaintiff or proposed class representative: American Homestar Corporation, Champion Home Builders Co., Coachmen Recreational Vehicles of Georgia, LLC, Dream R.V. Sales, Inc., Fairmont Homes, Inc., Indiana Building Systems, LLC d/b/a Holly Park, Keystone Industries, Inc., and Viking Recreational Vehicles, LLC.

his failure to follow up with opposing counsel as to the specifics of any such stipulation, apparently resulted in the mistaken notion that the PSC was refusing to limit discovery to the "core" class representatives.  This was not, and never has been, the case.

Having now had further discussions with Manufacturing Defendants' Liaison Counsel, the PSC stipulates that defendants' discovery as to the "core" list of class representatives is all that the parties will regard as necessary for purposes of any class certification decision to be made by this Court.  More particularly, it is understood and agreed that no attempt will be made by or on behalf of plaintiffs to correct or cure any deficiencies with regard to the "core" class representatives, by presenting information pertinent only to the additional class representatives designated in the amended pleading.  For purposes of typicality and adequacy of representation, or any other matters relevant to class certification, the PSC acknowledges that the Court's findings with respect to the "core" group of discovered class representatives will be dispositive as to all class representative matters at issue.

With this now clarified and confirmed, the PSC will both address the argument that certain individuals on the "core" list of class representatives are disqualified because they are not named plaintiffs in any of the actions filed in this MDL, and (coming full circle) return to the consideration of "standing" in regard to the "core" class representatives.

Attached hereto [Exhibit 1] is a list of the 29 individuals on the "core" list who are challenged by defendants as class representatives because they allegedly have not been named as plaintiffs in the litigation.  The Court will note by reference to this attachment that, in fact, all of the individuals on the list are named plaintiffs in actions filed in this MDL (the Civil Action numbers are provided), with the exception of eight individuals.  These individuals are shaded in

either green or yellow.  Those shaded in green refer to the names of minor claimants on the "core" list who, although not themselves named in other actions filed, are appearing herein through parents or guardians who <u>were</u> named in other actions.  In each of these cases, the PSC respectfully submits that the identification of these minor claims on the "core" list should be considered amended to state that such claims are proceeding through the referenced parent previously named in another action.  In this way, the identification of the name shaded in green on the attached list now would be considered to read as follows: (1) Edward Ballet on behalf of his minor child, Derell Ballet; (2) Edward Ballet on behalf of his minor child, Egypt Ballet; (3) Pamela Benoit on behalf of her minor child, Christopher Benoit; (4) Leekesha Lightell on behalf of her minor child, Donovan Lightell; and (5) Leekesha Lightell on behalf of her minor child, Jazlyn Lightell.

The remaining three names on Exhibit 1, shaded in yellow, are proposed "core" representatives who have <u>not</u> appeared as named plaintiffs in any filed actions in the MDL.  The PSC will concede that they should be removed from the "core" list and precluded from proceeding in the group of discovered class representatives herein.

There now remains the question of standing, in reference to the list of "core" class representatives as modified above.  Already noted is the fact that there are eight (8) defendant manufacturers not presently linked or matched to class claimants/representatives in the Master Complaint and amendments thereto (including the proposed Second Supplemental and Amended Master Complaint).  *See fn.* 1, p. 3, *supra*.  But there are a total of nine (9) unmatched defendant manufacturers in reference to the "core" list.  Specifically, the core list fails to match not only the eight (8) defendants not matched in Complaints, but also Dutch Housing, Inc. d/b/a/ Champion

Homes.

It is presumed that this defendant manufacturer would request dismissal from the class action unless a "core" class representative is linked to it, notwithstanding the fact that named plaintiffs in the proposed Second Supplemental and Amended Complaint (if allowed to be filed) present factual allegations to establish standing for class claims against it.  To be fair, this defendant no doubt is entitled to conduct discovery as to any class representative designated and recognized as having the right to proceed as such against it.

The PSC therefore suggests that it be allowed to supplement the list of "core" class representatives by adding one additional claimant, an individual drawn from the Second Supplemental and Amended Master Complaint as already having been matched to the defendant Dutch Housing, Inc. d/b/a Champion Homes.  The addition of one further "core" class representative, in supplementation of the list filed on August 22, 2008, should not impose a significant discovery burden in these proceedings.[2]

Since the instant motion is styled as one to "strike" class representatives both from the proposed Second Supplemental and Amended Master Complaint as well as from the "core" list, the PSC believes it is appropriately opposed as such in all respects.  Each individual member of the plaintiff class who is set forth as a proposed class representative in the Original and Second Supplemental and Amended Master Complaints, as well as on the "core" list, seeks to proceed with his or her own individual claims, and, only if recognized by the Court as a representative,

---

[2]Counsel for the United States/FEMA has indicated that providing government file data on the class representatives who are subject to discovery, remains possible if sufficient notice of the individual's name is provided.  Plaintiffs will be prepared to identify the additional "core" class representative as soon as supplementation of the August 22 list is authorized by the Court.

then also on behalf of those similarly-situated.  As noted above, the PSC will agree that three names should be removed from the "core" list because they have not been named in another lawsuit, but obviously these individuals maintain the right to proceed with their own claims.  Any ruling by the Court should reflect simply that they will not be recognized as class representatives for purposes of the Court's Rule 23 decision herein.

Likewise with respect to the additional plaintiffs identified in the Second Supplemental and Amended Master Complaint (assuming that leave to file same is permitted), the PSC submits that it would not be appropriate for this Court to "strike" any of these claims in ruling on the motion at hand.  An appropriate Order would reflect that, if not identified on the "core" list, either as presently constituted or as supplemented, none of the individuals identified as proposed class representatives in the Second Supplemental and Amended Master Complaint will be permitted to proceed as class representatives.  Their claims *per se* however should be neither stricken nor jeopardized, and, if denied representative status, the fact that they remain as named plaintiff class members in the Master Complaints and amendments thereto, should be of no moment for present purposes.

For the foregoing reasons, it is respectfully submitted that defendants' motion should be granted in part and denied in part.  Plaintiffs agree that three names should be removed from the "core" list of proposed class representatives (Jasmine Barnes, Kevin Bland, and Brenden Sullivan).  However, plaintiffs respectfully ask that the Court not otherwise grant the instant motion to strike, but instead direct plaintiffs within two work days to supplement the list of "core" class representatives by adding a representative who can be matched or linked to the

defendant Dutch Housing, Inc. d/b/a Champion Homes.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYE**
**PRODUCT LIABILITY LITIGATION**


BY:    s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:    504/522-2304
        Facsimile:    504/528-9973
        gmeunier@gainsben.com


        s/Justin I. Woods
        JUSTIN I. WOODS, #24713
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:    504/522-2304
        Facsimile:    504/528-9973
        jwoods@gainsben.com


        **COURT-APPOINTED PLAINTIFFS'**
        **STEERING COMMITTEE**
        ANTHONY BUZBEE, Texas # 24001820
        RAUL BENCOMO, #2932
        FRANK D'AMICO, JR., #17519
        MATT MORELAND, #24567
        LINDA NELSON, #9938
        RONNIE PENTON, #10462

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 18, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

s/Gerald E. Meunier
GERALD E. MEUNIER, #9471