UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE<br>PRODUCTS LIABILITY LITIGATION | MDL No. 1873 |
| | SECTION N(4) |
| | JUDGE ENGELHARDT |
| THIS DOCUMENT IS RELATED TO:<br>*Pujol v. The United States of America*,<br>No. 08-3217 | MAGISTRATE ROBY |

## SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PSC'S MOTION FOR LEAVE TO FILE SECOND SUPPLEMENTAL AND AMENDED MASTER COMPLAINT (R. DOC 657)

Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc. (collectively Morgan) opposed the PSC's Motion for Leave to File Second Supplemental and Amended Master Complaint (R. Doc. 657), because plaintiffs failed to meet the threshold requirement of Article III standing against Morgan. (*See* R. Doc. 675). On September 18, 2008, the PSC filed Plaintiffs' Memorandum in Opposition to Manufacturing Defendants' Motion to Strike (Doc. 696), conceding key issues pertinent to Morgan's opposition to plaintiffs' motion to amend. (*See* R. Doc. 704). Morgan, therefore, submits this supplemental memorandum to address the PSC's admissions, which mandate the denial of plaintiffs' motion to amend the Administrative Master Complaint and Morgan's dismissal from this action.

### Law and Argument

Granting the Newly Added Defendants' Motion to Dismiss the Administrative Master Complaint (along with Morgan and other defendants' motions to dismiss) because no plaintiff alleged harm linked to a housing unit manufactured by a specific defendant, the Court warned plaintiffs that any defendant not matched with a plaintiff would be dismissed. (R. Docs. 599 and 604). Plaintiffs' proposed second supplemental master complaint identifies a single plaintiff,

Patricia Burr, who allegedly lived in a trailer "manufactured" by Morgan. (*See* R. Doc. 657-5, ¶ 7(c)(18)).[1]  Plaintiffs, however, did not list Ms. Burr as one of the 90 unique individuals identified as a class representative in this matter. (*See* R. Doc. 666-2).

In response to the Manufacturing Defendants' Motion to Strike (R. Doc. 696), the PSC acknowledges that there is a substantial difference between the class representatives listed in their "core" list (R. Doc. 666-2) and the number of class representatives identified in the proposed Second Supplemental and Amended Master Complaint. (*See* R. Doc. 704, p. 3).  The PSC also stipulates that the identified "core" class representatives are the only proposed class representatives before the Court:

> ...the PSC **stipulates** that defendants' discovery as to the "core" list of class representatives is all that the parties will regard as necessary for purposes of any class certification decision to be made by this Court.  More particularly, it is understood and agreed that no attempt will be made by or on behalf of plaintiffs to correct or cure any deficiencies with regard to the "core" class representatives, by presenting information pertinent only to the additional class representatives designated in the amended pleading.  **For purposes of typicality and adequacy of representation, or any other matters relevant to class certification, the PSC acknowledges that the Court's findings with respect to the "core" group of discovered class representatives will be dispositive as to all class representative matters at issue.**

(R. Doc. 704, p. 4, emphasis added).

In light of plaintiffs' admissions and the fact that not one of the "core" plaintiffs purporting to act as a class representative has asserted injury by a temporary housing unit "manufactured" by Morgan, there can be no class against Morgan.  Pretrial Order No. 15 required plaintiffs to file a list of individuals who would be class representatives for the putative class. (R. Doc. 568, ¶ 3).  The PSC has filed such a list and, as **stipulated** by the PSC, the

---

[1] Ms. Burr makes this same allegation in the underlying *Pujol* suit (No. 08-3217, R. Doc. 656-5, ¶ 2(c)(18)), which plaintiffs also seek to amend to add Morgan as a defendant.

2

persons listed should be the only persons considered by the Court as class representatives for certification purposes. Because no "core" class representative has been matched with Morgan, plaintiffs have no standing to advance a claim against Morgan.

### Conclusion

Standing to sue as a class representative is essential in all class actions. *Schlsinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 216, 94 S.Ct. 2925, 41 L.Ed.2d 806 (1974). Without a class representative with standing against Morgan, there can be no class action against Morgan. Amending the *Pujol* complaint and the Administrative Master Complaint is, therefore, a futile exercise, at least as it relates to plaintiffs' meager attempts to link a plaintiff with Morgan. Accordingly, plaintiffs' motion for leave to amend should be denied, and Morgan should be dismissed.

Respectfully submitted:

**McGlinchey Stafford, PLLC**

*s/ Christine Lipsey*
Christine Lipsey (LA Bar Roll # 1182), T.A.
Dan E. West (LA Bar Roll #13372)
Kaye C. Templet (LA Bar Roll #27983)
Amanda S. Stout (LA Bar Roll #29001)
One American Place, 14th Floor
Baton Rouge, LA 70825
Telephone: (225) 383-9000
clipsey@mcglinchey.com
dwest@mcglinchey.com
ktemplet@mcglinchey.com
astout@mcglinchey.com

*Attorneys for Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc.*

3

## CERTIFICATE OF SERVICE

I certify that, on September 22, 2008, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the court's CM/ECF system. I also certify that there are no known non-CM/ECF participants.

<u>s/Christine Lipsey</u><br>
Christine Lipsey

307446.1