UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-4"<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE ROBY |

**THIS DOCUMENT IS RELATED TO ALL CASES**
**(including 07-1873 and 08-3217)**

---

**SUPPLEMENTAL MEMORANDUM IN OPPOSITION OF
PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE AMENDED MASTER
COMPLAINT (DOCKET #657) AND THE PUJOL COMPLAINT (DOCKET #656)**

MAY IT PLEASE COURT:

Now into Court, through undersigned counsel, comes the presently dismissed party, ScotBilt Homes, Inc., and files this Supplemental Memorandum in Opposition to the Plaintiffs' Motion for Leave to Amend the Amended Master Complaint (Docket #657) and *Pujol* Complaint (Docket #656), seeking to add ScotBilt Homes, Inc. back into the case.[1] Defendant seeks leave to supplement

---

[1] ScotBilt Homes, Inc. does not waive and reserves all defenses, objections and motions available to it by the filing of this Memorandum.

its Opposition Memorandum based on two items: The first item is a grossly incomplete Fact Sheet of the purported named class representative that plaintiffs seek to add in by amending the Amended Master Complaint and the *Pujol* complaint, and the second item is based upon the ruling issued by the Court yesterday (Docket Entry No. 706).

In the Court's ruling of September 24, 2008 (Docket Entry No. 706), the Court stated that the plaintiffs were supposed to have filed by August 22, 2008 a "single listing of all individuals who would be class representatives in this action." (See Docket Entry No. 706, Page 5). The Court also stated that based on the foregoing,

> "The Court enforces Pretrial Order No. 15 (Rec. Doc. 658), such that all putative class representatives, except those persons identified by the PLC in the August 22, 2008 listing (Rec. Doc. 666) shall not be allowed to serve as class representatives in this matter. The Court notes that while any individuals not on the August 22, 2008 listing (Rec. Doc. 666) may not be considered class representatives, they maintained the right to proceed with their claims, on an individual basis.
>
> The Court further notes that, because the deadline for the submission of Plaintiff Fact Sheets has expired, any individual identified on the August 22, 2008 listing who has not completed or provided his or her Plaintiff Fact Sheet to the DLC, shall not be considered as a class representative, although he or she will maintain the right to proceed with his or her own claim, on an individual basis." (See Docket Entry 706, Page 6).

Defendant hereby asserts its further opposing arguments to the Plaintiffs' Motion for Leave to Amend the *Pujol* Complaint and the Amended Master Complaint based on the following:

The proposed Amended Master Complaint and the proposed Amended Complaint in the *Pujol* lawsuit name two potential putative plaintiffs against ScotBilt Homes, Inc. - James Aaron Barnes, Jr. and Ella Flowers. However, the August 22, 2008 list as referenced in the Court's Order (Docket Entry No. 706) only listed Ella Flowers as a putative class representative/plaintiff. Therefore, based on the ruling of the Court, James Aaron Barnes, Jr., should not be allowed to serve as a class representative (although the ruling of the Court states that he should be allowed to retain

his individual right to proceed with an individual lawsuit).

On September 11, 2008, the Plaintiffs' Steering Committee delivered the "missing" 26 Fact Sheets for 26 of the individuals listed on the August 22, 2008 listing of proposed class representatives (Docket Entry No. 666).[2] Miss Flowers' Fact Sheet was one of the "missing" 26 Fact Sheets. Her Fact Sheet is attached hereto as Exhibit 1. That Fact Sheet is grossly incomplete, and contains only three items of information - (1) her name; (2) the assertion that she was in a "ScotBuilt" unit; and (3) an alleged exposure date of January 1, 1803. No information is provided about her address or contact information. It does not state if she is appearing in her individual capacity or as a representative of a deceased person or someone else. Nothing is signed by Ms. Flowers, there are no authorizations allowing the obtaining of her medical records or a signed waiver of her privacy rights that her disaster file could be obtained from FEMA. The Fact Sheet is not signed by Ms. Flowers.

Based on the ruling of the Court in Docket Entry No. 706 that "any individual identified on the August 22, 2008 listing who has not completed and provided his or her Plaintiff Fact Sheet to the DLC, shall not be considered as a class representative", Ms. Flowers should not be allowed to proceed as a class representative in this matter either. As such, there is no presently named plaintiffs in any lawsuit suing ScotBilt Homes, Inc. and, as neither Mr. Barnes nor Ms. Flowers can serve as Class Representatives based upon the Court's ruling of September 24, 2008 (docket Entry No. 706), the Plaintiffs' Motion for Leave to Amend the Amended Master Complaint and the Pujol lawsuit to add Ella Flowers and James Aaron Barnes, Jr. as class representatives should be denied under the Court's Order (Docket Entry #706) and under the Doctrine of Futility.

---

[2] Please also note that no fact sheet was ever supplied for James Aaron Barnes, Jr., so the arguments concerning the failure to supply a fact sheet would also apply to this additional proposed Plaintiff.

## THE DOCTRINE OF FUTILITY

The doctrine of futility, or the futility exception, is grounded in the long established general principle that the law does not require a person to do a vain, or futile, act. *Craddock v. Greenhut Constr. Co., Inc.*, 423 F.2d 111, 115 (5th Cir.1970)); *Board of Sup'rs of Louisiana State University v. Fleming*, 265 F.2d 736 (5th Cir.1959); *Gibson v. Board of Public Instruction of Dade County*, 246 F.2d 913 (5th Cir. 1957); *Orleans Parish School Board v. Bush*, 242 F.2d 156 (5th Cir. 1957). Stated another way, the law should not require litigants to engage in empty gestures. *Allen v. Attorney General of the State of Maine*, 80 F.3d 569, 573 (1st Cir.1996). In short, an act is futile when, under the circumstances surrounding it, the act will serve no beneficial purpose, and the circumstances which deprive the act of any benefit are known initially. *Scheufler v. General Host Corp.*, 126 F.3d 1261, 1268 (10th Cir.1997).

## Amendment Of Pleadings

It is well understood that the trial court has discretion to allow amendment of complaints "when justice so requires." FRCP 15(a). In this vein, the Supreme Court has explained that where "the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. *Foman v. Davis*, 83 S.Ct. 227, 230 (1962).

However, leave to amend is not automatic. *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). To this end, while the rules do in fact favor permitting amendment of pleadings, the trial court has the discretion to deny amendment when "there is a substantial reason" to do so. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Among the permissible bases for denial of a motion to amend are undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment. *Foman*, 83 S.Ct. at 230; *Lozano v. Ocwen Federal Bank, FSB*, 489 F.3d 636, 644 (5th Cir. 2007); *Harper v. Chase Manhattan Bank*, 138 Fed.Appx. 130, 133 (11th Cir. 2005); *Wimm*, 3 F.3d at 139.

As such, it is abundantly clear that a court need not grant leave when the proposed amendment would be futile. *Balser v. Department of Justice, Office of U.S. Trustee*, 327 F.3d 903, 908-909 (9th Cir. 2003); *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 55 (2nd Cir. 1995). In short, the term "futility" has been explained in this regard to mean that the proposed amendment would simply fail to assert a claim for which relief can be granted. *Stripling v. Jordan Production Co., L.L.C.*, 234 F.3d 863, 872-873 (5th Cir. 2000).

**Argument.**

In the instant matter, the court should deny the Motion for Leave to Amend the Amended Master Complaint and the *Pujol* complaint under the doctrine of futility, because based upon the court's own Order (Docket Entry #706), there is no one that can serve as a class representative with Article III standing to sue ScotBilt Homes, Inc. at this time in the lawsuit, and even if the court allowed the amendment to the Complaints, neither of the two proposed Plaintiffs could serve as class representatives. Allowing the amendment and bringing ScotBilt Homes, Inc. back into these proceedings would do nothing other than waste the court's time and the resources of the parties, because there is no one that could serve as a class representative.

**CONCLUSION**

WHEREFORE, the presently dismissed Defendant, ScotBilt Homes, Inc., prays that this Honorable Court will issue an Order denying the Plaintiffs' Motion for Leave to Amend the Complaint and the Amended Master Complaint, and that ScotBilt Homes, Inc. will remain a party

dismissed from the instant proceedings.

                                  NIELSEN LAW FIRM, L.L.C.

                                  */s/ Thomas C. Pennebaker*
                                  THOMAS C. PENNEBAKER, LA.S.B. 24597
                                  WILLIAM R. DeJEAN, LA.S.B. 22762
                                  3838 N. Causeway Blvd., Suite 2850
                                  Metairie, Louisiana 70002
                                  Tel. (504) 837-2500
                                  Fax (504) 832-9165
                                  Email: tpennebaker@nielsenlawfirm.com
                                                      wdejean@nielsenlawfirm.com


                                      **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of this pleading was served upon all counsel of record participating by the CM/ECF system, and that if there are any counsel that do not participate in the CM/ECF system, a copy will be sent to such counsel by U.S. mail, postage prepaid and properly addressed, this 25th day of September, 2008.


                                      /s/   *Thomas C. Pennebaker*