UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | MDL No. 1873 |
| | SECTION N(4) |
| | JUDGE ENGELHARDT |
| THIS DOCUMENT IS RELATED TO:<br>*Pujol v. The United States of America,*<br>*No. 08-3217* | MAGISTRATE ROBY |

## MEMORANDUM IN SUPPORT OF MORGAN'S RULE 12(b)(1) MOTION TO DISMISS CLASS CLAIMS AND RULE 12(b)(6) MOTION TO DISMISS PATRICIA A. BURR'S INDIVIDUAL CLAIMS (R. DOCS. 721 and 722)

Morgan Buildings & Spas, Inc. (Morgan Buildings) and Morgan Building Systems, Inc. (Morgan Systems) (collectively Morgan) move to dismiss plaintiffs' class action claims, pursuant to Fed. R. Civ. P. 12(b)(1), because plaintiffs have no standing. Morgan also moves to dismiss Patricia A. Burr's individual claims, pursuant to Fed. R. Civ. P. 12(b)(6), because her claims are prescribed. (R. Docs. 721 and 722).

### BACKGROUND

On August 4, 2006, plaintiffs filed "*DeCarlo McGuire, et al. v. Gulf Stream Coach, Inc., et al.*," a putative Louisiana class action lawsuit in the Civil District Court for the Parish of Orleans against manufacturers of FEMA trailers, delivery contractors and others, including Morgan Buildings, alleging that plaintiffs who occupied FEMA trailers after Hurricanes Katrina and Rita were exposed to hazardous levels of formaldehyde. Named plaintiff Decarlo McGuire alleged that her FEMA-provided travel trailer was tested on June 7, 2006, after she was diagnosed as suffering from formaldehyde exposure. *McGuire* R. Doc. 1, Class Action Petition, ¶¶3-5. McGuire further alleged that the testing showed levels of formaldehyde which exceeded OSHA, NIOSH and HUD standards. *Id.* at ¶5.

*McGuire* was removed to this Court on August 31, 2006 as Civil Action No. 06-5659. Morgan Buildings, along with other defendants, filed multiple motions to dismiss on several grounds, including a motion to dismiss plaintiffs' class action claims for failure to timely file the motion to certify class. On April 20, 2007, the *McGuire* Court granted defendants' motion to dismiss plaintiffs' class action claims. (*McGuire* R. Docs. 135 and 139). The individual claims of named plaintiffs, McGuire, Kevin Rodney, Dr. Marshall J. Stevenson, and Lynda Ward Stevenson remained.

On May 23, 2007, *McGuire* was consolidated with "*Keith Hillard, et al. v. United States of America, et al.*," Civil Action No. 06-2576. With respect to their individual claims, the *McGuire* plaintiffs filed a voluntary motion to dismiss without prejudice several defendants, including Morgan Buildings[1], which was granted on July 3, 2007. (*See McGuire* R. Doc. 152 and *Hillard* R. Doc. 180). *McGuire* and *Hillard* were consolidated with this multidistrict litigation on November 5, 2007. (R. Doc. 3).

On March 18, 2008, plaintiffs filed an Administrative Master Complaint (AMC) in this MDL naming Morgan Buildings and Morgan Systems as "manufacturer" defendants. (R. Doc. 109).[2] In response to the AMC, several defendants, including Morgan, filed Fed. R. Civ. P. 12(b)(1) motions to dismiss (among other motions), challenging the Court's subject matter jurisdiction. (R. Docs. 211 and 214). The basis of the Rule 12(b)(1) motions was that plaintiffs did not have standing against any defendant, because no plaintiff alleged a specific link to a particular defendant. The Court granted these motions, but allowed plaintiffs the right to seek leave to amend to assert standing against each defendant. (R. Docs. 599 and 604).

---

[1] Morgan Systems, which no longer exists, was not named a defendant in *McGuire* or *Hillard*. Morgan Buildings was named only in *McGuire*.
[2] Neither Morgan Buildings nor Morgan Systems manufactures trailers.

In granting the motions to dismiss, the Court gave plaintiffs the option of going forward with their previously-filed motions to amend[3] or withdrawing the motions and filing new motions to amend, warning that any defendant not matched with a plaintiff would be dismissed. *Id.* Plaintiffs chose to withdraw their pending motions to amend *Pujol* and the AMC (R. Docs. 640 and 641), and filed new motions to amend on August 18, 2008. (R. Docs. 656 and 657). For the first time, plaintiffs proposed to amend *Pujol* to add Morgan Buildings as a defendant and "match" putative class representative Patricia A. Burr (Burr) to Morgan Buildings and/or Morgan Systems. (R. Doc. 656-5, ¶¶ 4 and 5). (Plaintiffs did not move to add Morgan Systems as a defendant in *Pujol*). The proposed second supplemental and amended AMC also "matched" Burr to Morgan Buildings and/or Morgan Systems. (R. Doc. 657-5, ¶ 6).

In Pretrial Order No. 15, the Court imposed an August 22, 2008 deadline by which plaintiffs were required to file a definitive list of individuals who would be class representatives in this action. (R. Doc. 658). Plaintiffs did not list Burr as a class representative on their definitive list. (R. Doc. 666-2). The Court enforced Pretrial Order No. 15 in its September 24, 2008 Order and Reasons:

> . . . The Court clearly intended the August 22, 2008 deadline to be a date by which Plaintiffs provided the Court and opposing counsel with a FINAL, SINGLE list "of individuals who will be the class representatives in this action. (See Rec. Doc. 658). Based on the foregoing, the Court enforces Pretrial Order No. 15 (Rec. Doc. 658), such that all putative class representatives, except those persons identified by the PLC in the August 22, 2008 listing (Rec. Doc. 666) shall not be allowed to serve as class representatives in this matter. The Court notes that while any individuals not on the August 22, 2008 listing (Rec. Doc. 666) may not be considered class representatives, they maintain the right to proceed with their own claims, on an individual basis.
>
> \* \* \*

---

[3] R. Docs. 593 and 594. In addition to seeking to amend the AMC a second time, plaintiffs sought to amend for a second time *Stephanie G. Pujol, et al. v. The United States of America, et al.* Civil Action No. 08-3217, which originally was filed on May 9, 2008 and amended on June 24, 2008. *Pujol* R. Doc. 1 and R. Doc. 378.

> The Court concludes that if no individuals on the August 22, 2008 listing of class representatives are matched to a specific manufacturer, then that particular manufacturer will not be in the "class action" case if the class is certified.

R. Doc. 706, pp. 6 and 9-10. (emphasis the Court's).

Morgan, as well as other defendants, opposed plaintiffs' motions for leave to file a second supplemental and amending complaint in *Pujol* and a second supplemental and amending master complaint. (R. Docs. 675 and 708). Morgan argued that the amendments should not be allowed, because plaintiffs' list of class representatives demonstrated that no plaintiff was linked to Morgan. *Id.* On October 6, 2008, however, the Court granted plaintiffs' motions for leave to amend the complaints (R. Docs. 656 and 657), but stated that "[t]he arguments made in the oppositions to these motions may be presented in responsive pleadings to the amended complaints." (R. Doc. 720). As a result of the Court's October 6, 2008 ruling, the *Pujol* Second Supplemental and Amended Complaint and the Second Supplemental and Amended Administrative Master Complaint were filed on October 6, 2008. (R. Docs. 721 and 722).[4]

## LAW AND ARGUMENT

### A.  The Class Action Claims Against Morgan Must be Dismissed

The Court granted Morgan's previous Rule 12(b)(1) motions, agreeing that plaintiffs had no standing due to their failure to allege a specific link to a particular defendant. (R. Docs. 599 and 604). The Court, however, gave plaintiffs the opportunity to amend their pleadings to attempt to match each plaintiff with a defendant. *Id.* The Court also required plaintiffs to file a definitive list of class representatives by August 22, 2008. (R. Doc. 658).

While plaintiffs have filed amending complaints "matching" plaintiff Burr to Morgan Buildings and/or Morgan Systems (R. Docs. 721, ¶¶4 and 5(18), and 722, ¶6(18)), they have not identified her as a class representative in their definitive listing. (R. Doc. 666-2). The Court

---

[4] Morgan waives service of R. Docs. 721 and 722.

4

previously enforced the class representative deadline (Pretrial Order No. 15), and found that only those persons identified in the PLC's August 22, 2008 listing would be allowed to serve as class representatives in this matter. (R. Doc. 706). The Court also concluded that, if "no individuals in the August 22, 2008 listing of class representatives are matched to a specific manufacturer, then that particular manufacturer will not be in the 'class action' case if the class is certified." *Id.*

Because no individual on the August 22, 2008 list is matched to Morgan, it can not be in any class action case that may be certified. Morgan, therefore, moves the Court to dismiss the class action claims against it.

**B.    Burr's Individual Claims Have Prescribed and Must be Dismissed**

A statute of limitations defense is appropriate for a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim. *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 141 (5th Cir. 2007) (*citing Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) *cert. denied*, 540 U.S. 1161, 124 S.Ct. 1173 (2004)). A Rule 12(b)(6) motion to dismiss based on the statute of limitations should be granted, where it can be determined from the face of the pleadings that the action is time-barred and there is no evidence in the pleadings to raise some basis for the tolling of the statute of limitations. *Jones*, 339 F.3d at 366 (*citing Taylor v. Books-A-Million*, 296 F.3d 376, 378-379 (5th Cir. 2002)).

This case is in federal court under diversity jurisdiction. 28 U.S.C. § 1332. Federal procedural law and state substantive law are, therefore, applicable. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817 (1938). State statutes of limitations are considered substantive for purposes of *Erie* analysis. *Guaranty Trust v. York*, 326 U.S. 99, 65 S.Ct. 1464 (1945); *Abdul-Alim Amin v. Universal Life Ins. Co.*, 706 F.2d 638, 640 (5th Cir. 1983). Burr is a resident of Jefferson Parish, Louisiana (*Pujol* R. Doc. 1, ¶2(2)(8), and R. Doc. 109(7)(b)(x)). Thus, the Court is to apply Louisiana's statute of limitations or "prescription" law and the Federal Rules of Civil Procedure.

5

In *Pujol* and the AMC, plaintiffs allege that the defendants are "manufacturers" under the Louisiana Products Liability Act (LPLA) and that their housing units constitute "products" under the LPLA. (*Pujol* R. Doc. 1, Count 4, pp. 51-53, and R. Doc. 109, ¶¶ 132-138). LPLA claims are delictual actions subject to a one-year statute of limitations running from the date of the injury or damage or from the date the victim becomes aware of the defect. *Division Place Partnership v. Carl E. Woodward, Inc.*, 806 So.2d 912, 915 (La. App. 4 Cir. 1/16/02), *e.g. Lanzas v. American Tobacco Co., Inc.*, 46 Fed.Appx. 732, 2002 WL 1973817 (5th Cir. 2002); *Breaux v. Danek Medical, Inc.*, 1999 WL 64929 (E.D.La. 1999) ("Plaintiff's products liability claims are subject to the general one-year prescriptive period applicable to delictual actions under Louisiana law."). Therefore, Burr's LPLA claims in *Pujol* and the AMC are subject to the one-year prescriptive period set forth in La. Civ. Code art. 3492.

Named plaintiff Decarlo McGuire in the *McGuire* Louisiana putative class action alleged that her travel trailer was tested on June 7, 2006 (after she was diagnosed as suffering from formaldehyde exposure) and that the testing showed levels of formaldehyde which exceeded OSHA, NIOSH and HUD standards. Using June 7, 2006 as the date she became aware of the alleged defect, McGuire timely filed suit on August 4, 2006.

The *McGuire* Court, however, dismissed plaintiffs' class action claims on April 20, 2007. (*McGuire* R. Docs. 135 and 139). Burr was not a named plaintiff in *McGuire*, but as a member of the *McGuire* putative class, she did enjoy the benefit of the suspension of the running of prescription pending the determination of class status. In *Crown, Cork & Seal Company, Inc. v. Parker*, 462 U.S. 345, 103 S. Ct. 2392, 2397 (1983), the U.S. Supreme Court found that the filing of a class action suspends the applicable statute of limitations as to all putative class members. Once class

certification is denied, the putative class members may file their own suits or intervene as plaintiffs in the pending action. *Id.*[5]

Thus, upon the April 20, 2007 denial of class certification in *McGuire*, Burr had the remaining ten months and three days of the prescriptive period (beginning on June 7, 2006 and suspended from August 4, 2006 until April 20, 2007) in which to file suit. In order to be timely, Burr had to file suit against Morgan by February 23, 2008. Because Burr first sought to sue Morgan in *Pujol* on August 18, 2008, her suit is almost six months late. Although Burr was a named plaintiff in the AMC filed against Morgan on March 18, 2008, even this filing came too late. More important, the AMC could not interrupt prescription for Burr because she was not a party in any underlying lawsuit. *See In Re Showa Denko K.K.L.-Tryptophan Products Liability Litigation – II*, 953 F.2d 162, 165 (4th Cir. 1992 (the consolidation of cases under 28 U.S.C. § 1407 is procedural and does not "expand the jurisdiction of either the transferor or the transferee court.") Furthermore, the filing of a class action will not "revive a prescription period that has already run its course." *Lanzas*, 2002 WL 1973817 at *3, fn 10, *citing Orleans Parish Sch. Bd. V. Asbestos Corp., Ltd.*, 114 F. 3d 66, 69 (5th Cir. 1997).

And, Burr is prevented from arguing that she is entitled to "piggyback" onto the myriad of other class actions that have been filed. The Fifth Circuit, in *Salazar-Calderon v. Presidio Valley Farmers Ass'n*, 765 F.2d 1334, 1351 (5th Cir. 1985), rejected a rule that would allow plaintiffs to piggyback one class action onto another to attempt indefinite tolling of the statute of limitations:

> Plaintiffs argue on appeal that under *Crown* limitations tolled as well during the ten months when class certification in *Salazar/Primero* was pending, thus making the limitations period long enough to include all of the *Zuniga* plaintiffs. *Crown*'s tolling principle applies, plaintiffs argue, not only for the first class certification petition filed but also for any subsequent petitions involving the same class. We are not persuaded. Plaintiffs have no authority for their contention that putative class members may piggyback one class action onto another and thus toll the statute of

---

[5] *Crown, Cork* extended the Supreme Court's earlier decision in *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756 (1974).

> limitations indefinitely, nor have we found any. To the contrary, it has repeatedly been noted that "the tolling rule [in class actions] is a generous one, inviting abuse," *see id.* [*Crown*, 103 S.Ct.] at 2398 (Powell, J. concurring); *American Pipe & Constr. Co. v. Utah,* 414 U.S. 538, 561, 94 S.Ct. 756, 770, 38 L.Ed.2d 713 (1974) (Blackmun, J., concurring), and to construe the rule as plaintiffs would have us presents just such dangers. Given the particular facts here, we decline the invitation.

*See also Lanzas,* 2002 WL 1973817 at *3 (confirming that district court properly applied the Fifth Circuit's no-piggyback rule when plaintiff argued that another class action in which plaintiff was a member could toll the running of the prescription period as to his individual claims for a second time).

Thus, Burr's individual claims are prescribed, and must be dismissed.

## CONCLUSION

Because no individual on plaintiffs' definitive class representative list is matched to Morgan, a class action case can not be certified against Morgan. Plaintiffs' class action claims against Morgan must, therefore, be dismissed, with prejudice. Additionally, Burr's individual claims against Morgan are prescribed and must, likewise, be dismissed with prejudice.

By Attorneys:

**McGlinchey Stafford, PLLC**

*s/ Christine Lipsey*
Christine Lipsey (LA Bar Roll # 1182), T.A.
Dan E. West (LA Bar Roll #13372)
Kaye C. Templet (LA Bar Roll #27983)
Amanda S. Stout (LA Bar Roll #29001)
One American Place, 14th Floor
Baton Rouge, LA 70825
Telephone: (225) 383-9000
clipsey@mcglinchey.com
dwest@mcglinchey.com
ktemplet@mcglinchey.com
astout@mcglinchey.com

*Attorneys for Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc.*

## CERTIFICATE OF SERVICE

I certify that, on October 13, 2008, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the court's CM/ECF system. I also certify that there are no known non-CM/ECF participants.

<i>s/ Christine Lipsey</i><br>
Christine Lipsey

308021.2