UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION<br><br>VERSUS<br><br>THIS DOCUMENT IS RELATED TO ALL CASES | * MDL NO. 1873<br>*<br>*<br>* SECTION: "N-4"<br>*<br>* JUDGE ENGLEHARDT<br>*<br>* MAGISTRATE ROBY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Horton Homes, Inc. (Horton Homes), hereby moves to dismiss Plaintiffs' claims against it in this action.

Horton Homes, Inc. was first named as a defendant in the original Administrative Master Complaint ("AMC") (Rec. Doc. 109) filed March 18, 2006 and was not previously a party to any underlying action arising from the FEMA temporary housing unit ("THU") litigation.[1] The original AMC failed to identify any plaintiff as an occupant of a Horton Homes' THU. Thus, Horton Homes moved for dismissal of the AMC on the basis that no named plaintiff had established Article III standing to assert a claim against it. (Rec. Doc. 233). This Honorable

---

[1] Horton Homes was named as a defendant in the subsequently filed *Pujol v. The United States of America*, underlying action No. 08-3217.

Court granted Horton Homes' Motion to Dismiss (Rec. Doc. 604) for the reasons set forth in the Court's August 1, 2008 Order but allowed Plaintiffs to seek leave to amend, "either by going forward with their contested motions for leave to amend, . . . or by withdrawing those and filing new motions for leave to amend . . ." reasoning that "amending a complaint to allege specific facts to support **existing plaintiffs'** standing is permissible. (Rec. Doc. 599 - Order and Reasons, pp.10 and 11 - emphasis added). This Court cautioned, however, that "any Defendants not specifically matched to individual Plaintiffs will be dismissed without prejudice."

Thereafter, the plaintiffs were granted leave to amend and filed a Second Supplemental and Amended Master Complaint (Rec. Doc. 722). The 2nd AMC fails to "match" an existing plaintiff to Horton Homes and, thus, does not comport with this Court's directive. Instead, the 2nd AMC names an entirely new plaintiff, Pamela Benoit (who we have been informed is bringing the action on behalf of her son and proposed class representative, Christopher Benoit), in an attempt to cure the lack of Article III standing with respect to the claims against Horton Homes. Neither Pamela Benoit nor Christopher Benoit were named plaintiffs in any Complaint prior to the 2nd AMC. As set forth in Horton Homes' prior submissions to the Court, which briefing, arguments, and exhibits are included herein by reference,[2] plaintiffs may not amend to substitute a new plaintiff to create jurisdiction where none previously existed. Because no original plaintiff had standing with respect to claims against Horton Homes, this action should be

---

[2] See, the argument and exhibits to Horton Homes, Inc.'s Memorandum in Opposition to PSC Motion for Leave to File 2nd Amended Master Complaint (Rec Doc. 679), adopting the Memoranda in Opposition to Motion for Leave to file 2nd Amended Master Complaint on behalf of CMH Manufacturing Inc., et al (Rec. Doc. 677).

dismissed.

WHEREFORE, Horton Homes prays that the claims against it in this action be dismissed.

Respectfully submitted,

LABORDE & NEUNER

*s/Ben L. Mayeaux*
BEN L. MAYEAUX #19042
CLIFFE E. LABORDE III #8062
GREGORY A. KOURY #26364
One Petroleum Center, Suite 200
1001 West Pinhook Road
Lafayette, Louisiana 70503
TELEPHONE:      (337) 237-7000
FACSIMILE:       (337) 233-9450
Attorneys for Horton Homes, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2008, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

*s/Ben L. Mayeaux*