UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                    MDL NO. 07-1873
       FORMALDEHYDE PRODUCTS
       LIABILITY LITIGATION
                                                       SECTION "N" (4)

THIS DOCUMENT RELATES TO
ALL CASES

## ORDER AND REASONS

Before the Court is the Manufacturing Defendants' Motion to Strike (Rec. Doc. 696), which was set for hearing on an expedited basis and was opposed by Plaintiffs. After considering the memoranda of the parties and the applicable law, the Court rules as set forth herein.

### I.   BACKGROUND

On August 15, 2008, this Court held a status conference with Plaintiffs' liaison counsel and committee members (hereinafter, Plaintiffs' Liaison Committee or "PLC"), Defendants' liaison counsel and committee members (hereinafter, Defendants' Liaison Committee or "DLC") and counsel for the government. Defense counsel expressed their frustration with not knowing with certainty which individuals were being presented as class representatives. To remedy this issue, the Court ordered Plaintiffs to file a final, complete list of any individuals they wished to be identified as class representatives. During the conference, Plaintiffs' counsel confirmed their

EXHIBIT B

ability to meet this obligation. This order was memorialized in Pretrial Order No. 15 (Rec. Doc. 658), wherein the Court expressly stated, "[o]n or before Friday, August 22, 2008, Plaintiffs shall file a list of individuals who will be the class representatives in this action."

On August 22, 2008, Plaintiffs provided Defendants and the Court with a list of 101 proposed class representatives[1]. (Rec. Doc. 666). It should also be noted that a couple days *before* that August 22, 2008 listing was filed, on August 18, 2008, the PLC filed its Motions for Leave to file a Second Supplemental and Amended Petitions (See Rec. Doc. 656 and 657), naming 199 proposed class representatives[2]. These motions remain pending at this time.

A dispute arose when, according to the DLC, the PLC refused to concede that the additional 141 plaintiffs named only in the August 18, 2008 filings (and not at all in the August 22, 2008 filing) would not offer testimony at the certification hearing. Further complicating matters was that, of the disputed 141 named class representatives, Defendants had not received Plaintiff Fact Sheets for 83 of them.[3]

---

[1] Defendants continuously refer to these listed individuals as "core" class representatives; however, neither this Court's Order nor the list submitted by Plaintiffs refer to these individuals as "core" class representatives. While the PLC also refers to these individuals as "core" class representatives in its opposition to Defendants' motion, the Court did not make this distinction either during the August 15, 2008 status conference or in its order.

[2] Notably, only 58 of these individuals were later identified as class representatives in Plaintiffs' August 22, 2008 list of class representatives.

[3] The original deadline, established in Pretrial Order No. 8, Paragraph 3(C), for plaintiffs to identify all remaining class representatives was August 1, 2008. (Rec. Doc. 287). Paragraph 3(B) provided that by July 1, 2008, "PLC will designate one half (½) of the total number of proposed class representatives and produce completed Plaintiff Fact Sheets for these designated class representatives." Pretrial Order No. 8 also provided that by August 1, 2008, "PLC will designate the remaining one half (½) of the proposed class representatives and produce completed Plaintiff Fact Sheets for these designated class representatives." Pretrial Order No. 13 (Rec. Doc. 564), which amended certain deadlines set in Pretrial Order No. 8, did not set new deadlines for the submission of Plaintiff Fact Sheets.

2

Case 2:07-md-01873-K\_-KWR   Document 706   Filed 0\_/\_/2008   Page 3 of 10

## II.   DISCUSSION

The Manufacturing Defendants ("Defendants") request that this Court issue an Order that:

1. strikes those 141 proposed class representatives not identified by the PLC in the August 22, 2008 list of class representatives;

2. strikes those 29 proposed class representatives that have not filed suit; and

3. strikes the proposed class representatives that are "matched" to manufacturers that were dismissed by this Court's August 1, 2008 Orders (Rec. Docs. 599 and 604).

### A.   The 141 proposed class representatives not identified by the PLC in the August 22, 2008 list of class representatives:

Defendants claim that they will be unfairly prejudiced if Plaintiffs are allowed to include the 141 additional proposed class representatives that were not identified in the August 22, 2008 filing. Defendants complain that despite their absence from the August 22, 2008 listing of class representatives, Plaintiffs are attempting to reserve the right to obtain affidavits from these individuals for the class certification hearing. Defendants claim to be attempting to complete class discovery with respect to the claims of the 101 plaintiffs listed as class representatives in the August 22, 2008 filing; however based on the this issue, Defendants assert that they are unsure about how to effectively prepare for the upcoming class certification hearing because they still do not know who is and is not being proposed as a class representative. In addition to that problem, Defendants note that 83 of these 141 plaintiffs have not produced Plaintiff Fact Sheets. Without completed fact sheets, FEMA lacks the necessary privacy act waivers to allow production of the individual plaintiffs' FEMA files. Thus, Defendants request that the Court hold

3

Plaintiffs to their agreement and strike the additional 141 claimants as "class plaintiffs" since they were not designated as such on August 22, 2008.

The government joined in Defendants' assertion that the Court should strike all putative class representatives, except those persons identified by PLC on August 22, 2008. (See Rec. Doc. 703). Specifically, the government argues that PLC has had more than three months to identify class representatives.

In opposition, the PLC explains that on August 22, 2008, it filed a list of these proposed "core" class representatives. The PLC admits that there is a substantial difference between the number of class representatives identified on the "core" list (August 22, 2008 listing), and the number of class representatives identified in the proposed Second Supplemental and Amended Master Complaints (August 18, 2008 filings). The PLC explains that this difference resulted because the August 18, 2008 motions to amend sought to respond to the "standing" objection of Defendants, by adding to those plaintiffs already designated as class representatives in the Master Complaint a number of additional, proposed class representatives who matched to specific defendant manufacturers. The PLC claims that the confection of the August 22, 2008 listing of "core" class representatives, on the other hand, was intended to limit the necessity for defendants to conduct discovery beyond a smaller group of class representatives.

In response to the assertion in Defendants' motion to strike that "[t]he [PLC] refused to concede that these additional 141 plaintiffs [i.e., the plaintiffs who appeared in the August 18, 2008 motions but not on the August 22, 2008 listing] would not offer testimony at the certification hearing," the PLC admits that in response to an inquiry by DLC, it was suggested that an appropriate stipulation might be needed to limit class certification discovery to the "core"

4

class representatives. However, the PLC admits that it did not follow-up with the DLC on the specifics of such a stipulation, which apparently resulted in the mistaken notion that the PLC was refusing to limit discovery to the "core" class representatives. The PLC claims explains that this was not, and never has been, the case.

After further discussions with the DLC[4], the PLC now stipulates that Defendants' discovery as to the "core" list of class representatives is all that the parties will regard as necessary for purposes of any class certification decision to be made by this Court. For purposes of typicality and adequacy of representation, or any other matters relevant to class certification, the PSC acknowledges that the Court's findings with respect to the "core" group of discovered class representatives will be dispositive as to all class representative matters at issue.

As stated in Pretrial Order No. 15, "on or before Friday, August 22, 2008, Plaintiffs *shall file a list of individuals who will be the class representatives in this action.*" (Rec. Doc. 658, emphasis added). This order was issued by the undersigned based on the previous confusion amongst the parties of who was and was not a class representative. The August 22, 2008 deadline was unqualified, never mentioned the word "core,"[5] and was specifically given to remedy this problem. By that date, Plaintiffs were to provide the Court and opposing parties with a *single* listing of *all* individuals who would be class representatives in this action. However, the PLC seems to have interpreted that order differently from Defendants, the government, and the Court. Contrary to the assertions of the PLC, this deadline was not given to

---

[4] The Court stresses now, as it has done so on several other occasions, that the parties should make every effort to work through issues on their own, before bringing them to the Court's attention. It is a waste of time and judicial resources for the Court to continuously be presented with problems that could be worked out simply through communication by the parties themselves, without requiring the Court's intervention.

[5] The first time the term "core" is used is by the parties in the briefs for this motion.

5

limit the necessity for Defendants to conduct discovery beyond a smaller group of class representatives, and nothing in the record suggests otherwise. The Court clearly intended the August 22, 2008 deadline to be a date by which Plaintiffs provided the Court and opposing counsel with a FINAL, SINGLE list "of individuals who will be the class representatives in this action." (See Rec. Doc. 658). Based on the foregoing, the Court enforces Pretrial Order No. 15 (Rec. Doc. 658), such that all putative class representatives, except those persons identified by the PLC in the August 22, 2008 listing (Rec. Doc. 666) shall not be allowed to serve as class representatives in this matter. The Court notes that while any individuals not on the August 22, 2008 listing (Rec. Doc. 666) may not be considered class representatives, they maintain the right to proceed with their own claims, on an individual basis.

The Court further notes that, because the deadline for the submission of Plaintiff Fact Sheets has expired, any individual identified on the August 22, 2008 listing who has not completed and provided his or her Plaintiff Fact Sheet to the DLC, shall not be considered as a class representative, although he or she will maintain the right to proceed with his or her own claim, on an individual basis.

**B.    The 29 proposed "core" class representatives that have not filed suit:**

Defendants note that 29 of the 101 plaintiffs identified as class representatives were not included in the AMC or the Second Supplemental and Amended Petition. (See Exhibit A to Rec. Doc. 696). Defendants note that, according to Rule 23(a) of the Federal Rules of Civil procedure, for a member of a class to act as a "representative party" for the other members of a class, that person must sue or bring suit. Thus, Defendants argue that this Court should strike these 29 proposed class representatives.

6

In opposition, the PLC notes that all of the individuals on the list are named plaintiffs in actions filed in this multi-district litigation ("MDL"), with the exception of 8 individuals.[6] (See Exhibit 1 to Rec. Doc. 704) The PLC notes that 5 of those 8 individuals are minor claimants who, although not themselves named in other actions filed, are appearing herein through parents or guardians who were named in other actions. The PSC submits that the identification of these minor claims on the August 22, 2008 listing should be considered amended to state that such claims are proceeding through the referenced parent previously named in another action.

The Court finds helpful Exhibit 1, attached to Rec. Doc. 704, which explains that all of the individuals on the list are named plaintiffs in actions filed in this MDL, with the exception of 8 individuals. The Court concludes that there is no problem with allowing the August 22, 2008 listing to be amended to include the identification of these minor claimants and to state that such claims are proceeding through the referenced parent previously named in another action.[7] After all, this is more of a clarification than an addition to this list.

The PLC asserts that the remaining 3 individuals are proposed class representatives who have not appeared as named plaintiffs in any filed actions in the MDL. The PSC now concedes that they should be removed from the August 22, 2008 listing and should be precluded from proceeding in the group of class representatives.[8] Thus, the PSC agrees that the names of these 3

---

[6]   Again, this is an issue which, at least partly, could have been worked through, before involving the Court.

[7]   The PLC may amend the August 22, 2008 listing to state as follows: (1) Edward Ballet on behalf of his minor child, Derell Ballet; (2) Edward Ballet on behalf of his minor child, Egypt Ballet; (3) Pamela Benoit on behalf of her minor child, Christopher Benoit; (4) Leekesha Lightell on behalf of her minor child, Donovan Lightell; and (5) Leekesha Lightell on behalf of her minor child, Jazlyn Lightell.

[8]   This issue could also have been worked through, before involving the Court.

7

individuals should be removed from the August 22, 2008 listing.[9] The Court therefore amends the August 22, 2008 listing to delete the names of these three individuals, noting that while these individuals may not be considered class representatives, they shall maintain the right to proceed with their own claims, on an individual basis.

> C. **The proposed class representatives that are "matched" to manufacturers that were dismissed by this Court's August 1, 2008 Orders (Rec. Docs. 599 and 604):**

In its August 1, 2008 Orders (Rec. Docs. 599 and 604), this Court granted the motions to dismiss filed by several of the manufacturing defendants. The Court ruled that, "as it stands now, no plaintiff is matched to any specific Newly Added Defendant. Thus, the Court grants the instant Motion to Dismiss based on lack of standing" without prejudice to a motion for leave to amend the Complaint "to allege specific facts to support existing plaintiffs' standing." The Court's Order cautioned that "any Defendants not specifically matched to individual Plaintiffs will be dismissed without prejudice." (Rec. Doc. 599).

Defendants note that several manufacturing defendants have filed briefs in opposition to Plaintiffs' motion, asserting that not a single named Plaintiff in the AMC (Rec. Doc. 109) has Article III standing against those defendants. Instead, those 63 original Plaintiffs in the AMC lived in housing units built by other defendants. Defendants complain that some of the proposed class representatives are "matched" with manufacturers that: (1) are not defendants in the operative AMC because they were dismissed by this Court's August 1st Orders (Rec. Doc. 599 and 604), and (2) have opposed the pending motion seeking leave to amend. Thus, Defendants assert that those proposed class representatives should be stricken because they are "matched"

---

[9] The three individuals are Jasmine Barnes, Kevin Bland, and Brenden Sullivan.

8

with manufacturer defendants that have been dismissed from this litigation.

In opposition, the PLC asserts that there are 8 defendant manufacturers not presently linked or matched to class claimants/representatives in the AMC and amendments thereto (including the proposed Second Supplemental and Amended Master Complaint). But there are a total of 9 unmatched defendant manufacturers in reference to the August 22, 2008 listing of class representatives. Specifically, Plaintiffs argue that the August 22, 2008 listing fails to match not only the 8 defendants not matched in Complaints, but also Dutch Housing, Inc. d/b/a/ Champion Homes.

The PLC anticipates that Dutch Housing, Inc. d/b/a/ Champion Homes would request dismissal from the class action unless a class representative is linked to it, notwithstanding the fact that named plaintiffs in the proposed Second Supplemental and Amended Complaint (if allowed to be filed) present factual allegations to establish standing for class claims against it. The PLC admits that this defendant is entitled to conduct discovery as to any class representative designated and recognized as having the right to proceed as such against it. Thus, the PLC suggests that it be allowed to supplement the August 22, 2008 listing of class representatives by adding one additional claimant, an individual drawn from the Second Supplemental and Amended Master Complaint as already having been matched to the defendant Dutch Housing, Inc. d/b/a Champion Homes. Plaintiffs assert that the addition of one further class representative, in supplementation of the list filed on August 22, 2008, would not impose a significant discovery burden in these proceedings.

The Court concludes that if no individuals on the August 22, 2008 listing of class representatives are matched to a specific manufacturer, then that particular manufacturer will not

be in the "class action" case if the class is certified. The Court stands firm on its August 22, 2008 deadline for the identification of class representatives and, therefore, will not allow the addition of one additional claimant (drawn from the Second Supplemental and Amended Master Complaint as already having been matched to the defendant Dutch Housing, Inc. d/b/a Champion Homes).

### III. CONCLUSION

Considering the foregoing, **IT IS ORDERED** that the **Manufacturing Defendants' Motion to Strike (Rec. Doc. 696) is GRANTED IN PART and DENIED IN PART**, as stated herein.

New Orleans, Louisiana, this 24th day of September, 2008.

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE