UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE<br>PRODUCTS LIABILITY LITIGATION | MDL No. 1873 |
| | SECTION N(4) |
| | JUDGE ENGELHARDT |
| THIS DOCUMENT IS RELATED TO:<br>*Pujol v. The United States of America,*<br>*No. 08-3217* | MAGISTRATE ROBY |

## MEMORANDUM IN SUPPORT OF MORGAN'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF CLASS ACTION CLAIMS

Morgan Buildings & Spas, Inc. (Morgan Buildings) and Morgan Building Systems, Inc. (Morgan Systems) (collectively, Morgan) move *in limine* to exclude, at the class certification hearing, testimonial or documentary evidence, attorney statements, or attorney arguments related to class action claims against Morgan, because such evidence is irrelevant and inadmissible. Fed. R. Evid. 401 and 402.

### Background

On March 18, 2008, plaintiffs filed an Administrative Master Complaint (AMC) in this MDL naming Morgan Buildings and Morgan Systems as "manufacturer" defendants. (R. Doc. 109).[1] In response to the AMC, several defendants, including Morgan, filed Fed. R. Civ. P. 12(b)(1) motions to dismiss (among other motions), challenging the Court's subject matter jurisdiction. (R. Docs. 211 and 214). The basis of the Rule 12(b)(1) motions was that plaintiffs did not have standing against any defendant, because no plaintiff alleged a

---

[1] Neither Morgan Buildings nor Morgan Systems manufactures trailers.

specific link to a particular defendant. The Court granted these motions, but allowed plaintiffs the right to seek leave to amend to assert standing against each defendant. (R. Docs. 599 and 604).

In granting the motions to dismiss, the Court gave plaintiffs the option of going forward with their previously-filed motions to amend[2] or withdrawing the motions and filing new motions to amend, warning that any defendant not matched with a plaintiff would be dismissed. *Id.* Plaintiffs chose to withdraw their pending motions to amend *Pujol* and the AMC (R. Docs. 640 and 641), and filed new motions to amend on August 18, 2008. (R. Docs. 656 and 657). For the first time, plaintiffs proposed to amend *Pujol* to add Morgan Buildings as a defendant and "match" putative class representative Patricia A. Burr (Burr) to Morgan Buildings and/or Morgan Systems. (R. Doc. 656-5, ¶¶ 4 and 5). (Plaintiffs did not move to add Morgan Systems as a defendant in *Pujol*). The proposed second supplemental and amended AMC also "matched" Burr to Morgan Buildings and/or Morgan Systems. (R. Doc. 657-5, ¶ 6).

In Pretrial Order No. 15, the Court imposed an August 22, 2008 deadline by which plaintiffs were required to file a definitive list of individuals who would be class representatives in this action. (R. Doc. 658). Plaintiffs did not list Burr as a class representative on their definitive list. (R. Doc. 666-2). The Court enforced Pretrial Order No. 15 in its September 24, 2008 Order and Reasons:

> ... The Court clearly intended the August 22, 2008 deadline to be a date by which Plaintiffs provided the Court and opposing counsel with a FINAL, SINGLE list "of individuals who will be

---

[2] R. Docs. 593 and 594. In addition to seeking to amend the AMC a second time, plaintiffs sought to amend for a second time *Stephanie G. Pujol, et al. v. The United States of America, et al.* Civil Action No. 08-3217, which originally was filed on May 9, 2008 and amended on June 24, 2008. *Pujol* R. Doc. 1 and R. Doc. 378.

2

> the class representatives in this action. (See Rec. Doc. 658). Based on the foregoing, the Court enforces Pretrial Order No. 15 (Rec. Doc. 658), such that all putative class representatives, except those persons identified by the PLC in the August 22, 2008 listing (Rec. Doc. 666) shall not be allowed to serve as class representatives in this matter. The Court notes that while any individuals not on the August 22, 2008 listing (Rec. Doc. 666) may not be considered class representatives, they maintain the right to proceed with their own claims, on an individual basis.
>
> \* \* \*
>
> The Court concludes that if no individuals on the August 22, 2008 listing of class representatives are matched to a specific manufacturer, then that particular manufacturer will not be in the "class action" case if the class is certified.

R. Doc. 706, pp. 6 and 9-10. (emphasis the Court's).

The Court granted plaintiffs' motions to amend (R. Docs. 656 and 657) on October 6, 2008 (R. Doc. 720), and the *Pujol* Second Supplemental and Amended Complaint and the Second Supplemental and Amended Administrative Master Complaint were then filed on the same day. (R. Docs. 721 and 722).[3] On October 13, 2008, Morgan filed its Rule 12(b)(1) Motion to Dismiss Class Claims and Rule 12(b)(6) Motion to Dismiss Patricia A. Burr's Individual Claims advanced in R. Docs. 721 and 722. (R. Doc. 726). The bases for Morgan's recent motion to dismiss are the same bases for this motion *in limine*.

## Law and Argument

Rule 401 of the Federal Rules of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of that action more probable or less probable than it would be without the evidence." The Fifth Circuit, relying on Rule 402, has stated that "[t]he essential prerequisite

---

[3] Morgan waived service of R. Docs. 721 and 722.

of admissibility is relevance," and implicit in Rule 401 are two distinct requirements: "(1) the evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action." *United States of America v. Hall*, 653 F. 2d 1002, 1006 (5th Cir. 1981) (citations omitted).

The Court has already determined that only those persons identified in the PLC's August 22, 2008 definitive listing would be allowed to serve as class representatives in this matter. (R. Doc. 706). The Court also has concluded that, "if no individuals in the August 22, 2008 listing of class representatives are matched to a specific manufacturer, then that particular manufacturer will not be in the 'class action' case if the class is certified." *Id.*

Burr, the only plaintiff purportedly matched with Morgan, is not a putative class representative. Because no individual on the August 22, 2008 list is matched to Morgan, it can not be in any class action case that may be certified. Therefore, evidence of any kind relating to Morgan as a potential class defendant is irrelevant to class certification and is inadmissible under Fed. R. Evid. Rule 402.

Furthermore, in order for this case to be certified as a class action, plaintiffs must, among other things, prove numerosity, commonality, typicality, and adequacy of representation. *See* Fed. R. Civ. P. 23. In addition to the preclusion by virtue of R. Docs. 666 and 706, Burr's prescribed individual claims prevent her from being an adequate class representative. (*See* R. Doc. 726-2, pp. 5-8).

Without a viable claim, Burr cannot serve as a class representative. *See Kirkman v. North Carolina Railroad Co.*, 220 F.R.D. 49, 53 (M.D.N.C. 2004) (inferring that if the plaintiff's claims were not typical of the class due to, among other things, the possibility that his claim

4

was untimely, the plaintiff could not be considered an adequate representative of the class, stating "[a] class is certainly not adequately represented by a plaintiff whose claims are both atypical and time barred"); *Corley v. Entergy Corp.*, 220 F.R.D. 478, 484 (E.D. Tex. 2004) (recognizing that by its nature, a statute of limitations defense is fact-intensive and individualized and the presence of this affirmative defense and its varying applicability may defeat prominence and thus preclude class certification).

Thus, in addition to being foreclosed from being a class representative under the Court's previous ruling, Burr is also foreclosed from advancing a claim on behalf of a putative class because her prescribed claims make her an inadequate class representative. Again, any evidence that Burr would purport to offer against Morgan relative to class certification is irrelevant and inadmissible under Fed. R. Evid. Rule 402.

### Conclusion

Burr is not named a class representative in this matter under Pre-Trial Order No. 15. In fact, there is no class representative purporting to represent a class of plaintiffs against Morgan. Additionally, Burr is an inadequate class representative because her claims are prescribed. Therefore, there can be no class action against Morgan, and any testimonial or documentary evidence, attorney statements, or attorney arguments relating to class action claims against Morgan should be excluded at the class certification hearing.

By Attorneys:

**McGlinchey Stafford, PLLC**

*s/ Christine Lipsey*
Christine Lipsey (LA Bar Roll # 1182), T.A.
Dan E. West (LA Bar Roll #13372)
Kaye C. Templet (LA Bar Roll #27983)

Amanda S. Stout (LA Bar Roll #29001)
One American Place, 14th Floor
Baton Rouge, LA  70825
Telephone:  (225) 383-9000
clipsey@mcglinchey.com
dwest@mcglinchey.com
ktemplet@mcglinchey.com
astout@mcglinchey.com

***Attorneys for Morgan Buildings & Spas, Inc.
and Morgan Building Systems, Inc.***

## CERTIFICATE OF SERVICE

I certify that, on October 21, 2008, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all known counsel of record by operation of the court's CM/ECF system.  I also certify that there are no known non-CM/ECF participants.

*s/ Christine Lipsey*
Christine Lipsey

309868.1

6