## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCT LIABILITY LITIGATION | * | |
| | * | SECTION "N-4" |
| VERSUS | * | |
| | * | |
| | * | JUDGE ENGLEHARDT |
| | * | |
| THIS DOCUMENT IS RELATED TO ALL CASES | * | MAGISTRATE ROBY |

**************************************************************************

### MEMORANDUM IN SUPPORT OF SCOTBILT HOMES, INC.'S  MOTION TO DISMISS PURSUANT TO F.R.CIV.P. RULE 12(b).

ScotBilt Homes, Inc. (hereafter "ScotBilt"), hereby moves to dismiss Plaintiffs' claims

against it in this action.[1]  ScotBilt was first named as a defendant in the original Administrative

Master Complaint ("AMC") (Rec. Doc. 109) filed March 18,2006 and was not previously a party to

_____

[1] Defendant ScotBilt adopts the arguments and exhibits of the co-defendants CMH Manufacturing, Inc.; Southern Energy Homes, Inc.; Palm Harbor Homes, Inc.; Palm Harbor Albermarle, LLC; Giles Family Holdings, Inc.; and SunRay Investments, LLC filed in support of its Rule 12(b) Motions as if fully set forth at length herein (See Rec. Doc. 747).  The arguments advanced therein are equally applicable to the newly added Plaintiff/class representative that has asserted claims against ScotBilt - that being Ella Flowers.  Defendant also reserves its right to assert all defenses raised in its Rule 12 preservation lists and to amend its Rule 12 preservation lists based upon the most recent amendment to the Amended Master Complaint and *Pujol* lawsuits.

1

any underlying action arising from the FEMA temporary housing unit ("THU") litigation.[2]   The original AMC failed to identify any plaintiff as an occupant of a ScotBilt Temporary Housing Unit ("THU").  Thus, ScotBilt moved for dismissal of the AMC on the basis that no named plaintiff had established Article III standing to assert a claim against it. (Rec. Doc. 244). This Honorable Court granted ScotBilt's Motion to Dismiss (Rec. Doc. 604) for the reasons set forth in the Court's August 1, 2008 (Rec. Doc. 599) Order but allowed Plaintiffs to seek leave to amend, "either by going forward with their contested motions for leave to amend, ... or by withdrawing those and filing new motions for leave to amend ..." reasoning that "amending a complaint to allege specific facts to support **existing plaintiffs'** standing is permissible. (Rec. Doc. 599 - Order and Reasons, pp.l0 and 11 - emphasis added). This Court cautioned, however, that "any Defendants not specifically matched to individual Plaintiffs will be dismissed without prejudice." Thereafter, the plaintiffs were granted leave to amend and filed a Second Supplemental and Amended Master Complaint (Rec. Doc. 722). The 2nd AMC fails to "match" an existing plaintiff to ScotBilt and, thus, does not comport with this Court's directive. Instead, the 2nd AMC names an entirely new plaintiff and class representative (see Rec. Doc. 666), Ella Flowers (who has not submitted a Fact Sheet that is complete so it is not even clear if she is appearing on her own behalf or in a representative capacity), in an attempt to cure the lack of Article III standing with respect to the claims against ScotBilt.  The Second Amended Complaint also names James Aaron Barnes, Jr. As a plaintiff (but not as a class representative - see Rec. Doc. 666) for the first time.  Neither Ella Flowers or James Aaron Barnes, Jr. were named plaintiffs in any Complaint prior to the 2nd AMC.  As set forth in ScotBilt's prior submissions to the

---

[2]      ScotBilt was named as a defendant in the subsequently filed *Pujol v. The United States of America,* underlying action No. 08-3217, filed in the United States District Court for the Eastern District of Louisiana.

Court, which briefing, arguments, and exhibits are included herein by reference[3], plaintiffs may not amend to substitute a new plaintiff to create jurisdiction where none previously existed. Because no original plaintiff had standing with respect to claims against ScotBilt, this action should be dismissed.

## IMPROPER VENUE

_____ScotBilt further moves to dismiss the claims of Ella Flowers on the grounds that her lawsuit was filed in the improper venue pursuant to F.R.Civ.P. Rule 12(b)(3).  Ms. Flowers is a citizen and resident of the State of Mississippi.[4]  The *Pujol* lawsuit, which is the underlying tie to the Amended Master Complaint in this matter, was initiated in the United States District Court for the Eastern District of Louisiana.   The information obtained to date indicates that Ms. Flowers is a citizen and resident of Mississippi, that the ScotBilt Homes' unit at issue was delivered to her in Mississippi, and there is no evidence that she has any ties whatsoever to the State of Louisiana, and therefore, the *Pujol* lawsuit, and her tie to the underlying Amended Master Complaint, was filed in the improper venue of the United States District Court of the Eastern District of Louisiana.   Therefore the claims of Ms. Flowers are due to be dismissed on the grounds that this claim and lawsuit was not brought in a court of proper venue.

---

[3]   See, the argument and exhibits to ScotBilt, Inc.'s Memorandum in Opposition to PSC Motion for Leave to File 2nd Amended Master Complaint (Rec Doc. 680), adopting the Memoranda in Opposition to Motion for Leave to file 2nd Amended Master Complaint on behalf of CMH Manufacturing Inc., et al (Rec. Doc. 677).

[4]   This information was garnered from the very recently received FEMA disaster file information provided pursuant to discovery responses from FEMA received in this matter.  A copy of the information can be provided to the court for an *in camera* inspection if desired, but a copy is not attached hereto at this time so as to avoid public disclosure of this Plaintiff's personal information.

On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff.") *Ginter Ex. Rel. Ballard v. Belcher, Prendergast & LaPorte,* 536 F.3d 439, 449 (5th Cir., 2008) (citing to *Murphy v. Schneider Nat'l, Inc.,* 362 F.3d 1133, 1138 (9th Cir.2004). Moreover, under both Rule 12(b)(1) and Rule 12(b)(3), the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments. See *Lane,* 529 F.3d at 557 ("[U]nder Rule 12(b)(1), the court may find a plausible set of facts by considering any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.") (internal quotation omitted); *Murphy*, 362 F.3d at 1138-40 (holding that, in the absence of factual findings made by the district court based upon an evidentiary hearing, affidavits and other evidence submitted by the non-moving party in the content of a Rule 12(b)(3) challenge are to be viewed in the light most favorable to that party). *Ginter, Id.* at 449.

## LACK OF JURISDICTION OVER THE PERSON

ScotBilt Homes, Inc. further moves to dismiss the claims of Plaintiff pursuant to Rule 12(B)(2), as the named plaintiff/class representative, Ella Flowers, is a citizen and resident of the State of Mississippi, and as the acts and events in question occurred in the State of Mississippi. ScotBilt Homes, Inc. is a Georgia corporation with its principle place of business in Georgia.[5]  The alleged acts in question occurred in the state of Mississippi.  There is no minimum contacts between Ella Flowers, ScotBilt Homes, Inc. and the State of Louisiana such that there would be jurisdiction

---

[5]  This is a matter of public record in the State of Georgia's Secretary of State Corporations Search database, which can be confirmed by going to the following website and entering "ScotBilt Homes" as the search term - http://corp.sos.state.ga.us/corp/soskb/csearch.asp.

over the person of either Ms. Flowers or ScotBilt in the United States District Court for the Eastern District of Louisiana where the underlying lawsuit (the *Pujol* lawsuit Docket No. 08-3217) or the Amended Master Complaint was filed.  As such, the claims against ScotBilt Homes, Inc. should be dismissed for lack of jurisdiction over the person.

When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the district court's jurisdiction over the defendant. *Wilson v. Belin,* 20 F.3d 644, 649 (5th Cir.), *cert. denied*, 513 U.S. 930, 115 S.Ct. 322, 130 L.Ed.2d 282 (1994). Where the court decides a Rule 12(b)(2) motion without an evidentiary hearing, the plaintiff may satisfy his burden by presenting a *prima facie* case for jurisdiction. *Felch v. Transportes Lar-Mex Sa De CV,* 92 F.3d 320, 326 (5th Cir.1996). Otherwise, the court may determine the jurisdictional issue by examining affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery. *Colwell Realty Investments v. Triple T. Inns of Arizona,* 785 F.2d 1330, 1333 (5th Cir.1986).

## INSUFFICIENCY OF PROCESS AND INSUFFICIENCY OF SERVICE OF PROCESS

Defendant also moves to strike the claims of Ella Flowers based upon insufficiency of process and insufficiency of service of process pursuant to F.R.Civ.P. Rule 12(b)(4) and (5).  As explained in *Richardson v. Alliance Tire and Rubber Co., Ltd.,* 158 F.R.D. 475, 477 (D. Kan. 1994):

> At the outset it is necessary to distinguish the motion under Rule 12(b)(4) from that under Rule 12(b)(5).  An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service.  Technically, therefore, a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provision of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons.  A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint.  Other than those cases in which it is confused with a motion under Rule 12(b)(5), a motion under Rule 12(b)(4) is fairly rare.

*Richardson,* 158 F.R.D. at 477, quoting Wright and Miller, Federal Practice and Procedure §1353

(2nd Ed. 1990).  Likewise, the *Richardson* court also presented the following quote from Moore's

Federal Practice:

> A motion authorized by Rule 12(b)(4) challenges the sufficiency of the process by which the defendant has received notice of the action.  Accordingly, that motion is proper where the defendant asserts that the content of the summons is not in compliance with the provision of Rule 4(b).  A motion authorized by Rule 12(b)(5) on the other hand, challenges the sufficiency of the service of the process upon the defendant, and is proper to assert that the process was not service in the manner or within the timer period provided by Rule 4.

*Id.,* 158 F.R.D. at 477, quoting Moore's Federal Practice §1207[2.4] (2nd Ed. 1994) (footnotes

omitted).  As such, while Rule 12(b)(4) allows a defendant to attack the form of the process, Rule

12(b)(5) allows a challenge to the method of service used by the Plaintiff or the lack of delivery of

the summons and complaint.  *Nicholson v. Wise,* 2008 WL 2051747, *1 (W.D. La., 4/7/08); *Jones*

*v. St. Tammany Parish Jail,* 4 F.Supp.2d 606, 610 n.2 (E.D. la., 1998).

F.R.Civ.P. Rule 4(a)  requires in part that the summons shall "identify the court and the

parties, be directed to the defendant, and state the name and address of the plaintiff's attorney or, if

unrepresented, of the plaintiff."  Rule 4(b) requires that "Upon or after filing the complaint, the

plaintiff may present a summons to the clerk for signature and seal.  If the summons is in proper

form, the clerk shall sigh, seal and issue it to the plaintiff for service on the defendant."

In the instant proceeding, none of the originally named Plaintiffs matched up with ScotBilt

Homes, Inc. as having resided in one of its units either in the Amended Master Complaint or the

original *Pujol* lawsuit.  The first time a Plaintiff has matched up with ScotBilt is with the most recent

amendment to the Master Complaint and the *Pujol* lawsuit that the court just allowed, with the

addition of James Aaron Barnes, Jr. and Ella Flowers.  As such, Defendant asserts that there was

insufficient process and insufficient service of process in these two proceedings because there was no Plaintiff with Article III standing against ScotBilt Homes, Inc. at the time the lawsuits were filed, the summonses were issued or served upon ScotBilt Homes, Inc., so the requirements of F.R.Civ.P. Rule 4 cannot have been complied with by this Plaintiff (or by James Aaron Barnes, Jr.) because their names did not appear in any lawsuit until after the summonses were initially issued and served. Without a valid Plaintiff with standing to sue ScotBilt present in the litigation, there is *per se* insufficient process and insufficient service of process.  There has been no subsequent service of the most recent Amended Master Complaint or the amended *Pujol* lawsuit..  Furthermore, as noted above, Ms. Flowers is a Mississippi resident and the acts and events in question occurred in Mississippi.  There is no sufficient minimum contacts to give rise to jurisdiction over ScotBilt Homes, Inc. or Ms. Flowers in the United States District Court for the Eastern District of Louisiana where the underlying *Pujol* complaint (which supports the Amended Master Complaint) was filed, so the summonses, which were issued in an improper venue, do not pass muster.

## CONCLUSION

WHEREFORE, ScotBilt Homes, Inc. prays that the claims against it in this action be dismissed.

NIELSEN LAW FIRM, L.L.C.

*/s/ Thomas C. Pennebaker*
THOMAS C. PENNEBAKER, LA.S.B. 24597
WILLIAM R. DeJEAN, LA.S.B. 22762
3838 N. Causeway Blvd., Suite 2850
Metairie, Louisiana 70002
Tel. (504) 837-2500
Fax (504) 832-9165
Email: tpennebaker@nielsenlawfirm.com
Counsel for ScotBilt Homes, Inc.

_____

_____

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading was served upon all counsel of record participating by the CM/ECF system, and that if there are any counsel that do not participate in the CM/ECF system, a copy will be sent to such counsel by U.S. mail, postage prepaid and properly addressed, this 21st day of October,  2008.

_____     /s/   *Thomas C. Pennebaker*_____

_____

8