EASTERN DISTRICT OF LOUISIANA

NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY | * | SECTION: N(4) |
| LITIGATION | * | |
| | * | |
| This Document Relates to: | * | JUDGE: ENGELHARDT |
| *Pujol, et al. v. The United States of America, et al.,* | * | |
| Civil Action No. 08-3217 | * | |
| AND | * | MAG: ROBY |
| *Huckabee et al v. Fleetwood Enterprises, Inc., et al* | * | |
| Civil Action No. 08-04095 | * | |

******************************************************************************

**FEDERAL RULE OF CIVIL PROCEDURE RULE 12(B) PRESERVATION LIST
FILED ON BEHALF OF DESTINY INDUSTRIES, LLC.**

Defendant, Destiny Industries, LLC ("Destiny"), respectfully submits the following list of defenses to be preserved pursuant to Pre-Trial Order Number 4 (Rec. Doc. No. 130) in the following underlying actions which are currently pending in the above captioned multidistrict litigation proceeding.[1] Destiny does not waive its right to assert any other allowable preliminary pleadings, dispositive motions or affirmative defenses in these or any other case in which it is subsequently named and properly served.

---

[1] It is unclear the extent to which the 2nd Amended Master Complaint supersedes, amends and/or replaces the allegations asserted by the plaintiffs in each of the underlying actions. Thus, out of an abundance of caution and to ensure that relevant motions and defenses are preserved, for each underlying action in which it has been named as party, Destiny has listed the defenses and motions applicable to that underlying action and the 2nd Amended Master Complaint.

I. *Pujols et al. v. Unites States of America, et al*, originally filed in United States District Court for the Eastern District of Louisiana, Civil Action Number 08-2317, Destiny Industries, LLC preserves the following defenses:

    a.    Rule 12(b)(5): Insufficiency of service of process.

    b.    Rule 12(b)(6): Failure to state a claim upon which relief may be granted because claimants, Natley Mitchell, Darius Mitchell, Parish Mitchell, Nakesia Mitchell, Joseph Mitchell and Joshua Mitchell failed to make any particularized allegations regarding their injuries and damages.

    c.    Rule 12(b)(6): Failure to state a claim upon which relief may be granted because the Administrative Master Complaint failed to include claimants, Natley Mitchell, Darius Mitchell, Parish Mitchell, Nakesia Mitchell, Joseph Mitchell and Joshua Mitchell. These claimants failed to file an underlying lawsuit and they were added as Plaintiffs in the Second Supplemental and Amending Master Complaint. Therefore, the Second Supplemental and Amending Master Complaint is not a valid pleading for purposes of Rule 4.

    d.    Rule 12(b)(1): Lack subject matter jurisdiction because no actual underlying lawsuit was filed with respect to claimants, Natley Mitchell, Darius Mitchell, Parish Mitchell, Nakesia Mitchell, Joseph Mitchell and Joshua Mitchell;

    e.    Rule 12(b)(1): Lack of subject matter jurisdiction because claimants, Natley Mitchell, Darius Mitchell, Parish Mitchell, Nakesia Mitchell, Joseph Mitchell and Joshua Mitchell lack the sufficient amount in controversy for diversity jurisdiction.

    f.    Rule12(b)(6): Failure to state a claim upon which relief may be granted because all claimants, including Natley Mitchell, Darius Mitchell, Parish Mitchell, Nakesia Mitchell, Joseph Mitchell and Joshua Mitchell, are charged with knowledge of the published federal laws, rules and regulations and the HUD mandated warning concerning formaldehyde exposure under *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380 (1947). Federal law preempts state law because Destiny Industries, LLC manufactured homes in accordance with HUD guidelines and FEMA specifications.

    g.    Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that claimants, Natley Mitchell, Darius Mitchell, Parish Mitchell, Nakesia Mitchell, Joseph Mitchell and Joshua Mitchell seek damages

|   |   |   |
|---|---|---|
|   |   | for failure to warn about formaldehyde because Destiny Industries, LLC, in compliance with HUD Guidelines, placed warning(s) inside its temporary housing units warning of the very damages they allegedly suffered. |
| h. | Rule 12(b)(6): | Failure to state a claim for medical monitoring because all claimants, including Natley Mitchell, Darius Mitchell, Parish Mitchell, Nakesia Mitchell, Joseph Mitchell and Joshua Mitchell have not alleged a present and manifest injury. |
| i. | Rule 12(b)(6): | Failure to state a claim for breach of express and implied warranties under Louisiana, Alabama, Mississippi and Texas Law. |
| j. | Rule 12(b)(6): | Failure to state a claim upon which relief can be granted to the extent that the claims of Natley Mitchell, Darius Mitchell, Parish Mitchell, Nakesia Mitchell, Joseph Mitchell and Joshua Mitchell are barred by the applicable prescriptive period and/or statute of limitations. |
| k. | Rule 12(e): | Motion for more definite statement based on the failure of Natley Mitchell, Darius Mitchell, Parish Mitchell, Nakesia Mitchell, Joseph Mitchell and Joshua Mitchell to make particularized allegations about their injuries and damages and their failure to make any particularized allegations about Destiny Industries, LLC's alleged conduct. |
| l. | Rule 9(b): | Fraudulent concealment should be dismissed for failure to plead such claims with adequate particularity. |
| m. | Rule 12(b)(3): | Improper venue as to Natley Mitchell, Darius Mitchell, Parish Mitchell, Nakesia Mitchell, Joseph Mitchell and Joshua Mitchell because they reside outside the Eastern District of Louisiana. |
| n. | Rule 12(b)(6): | Failure to state a claim upon which relief can be granted to the extent that all claimants, including Natley Mitchell, Darius Mitchell, Parish Mitchell, Nakesia Mitchell, Joseph Mitchell and Joshua Mitchell seek property damages inasmuch as such claims are precluded under applicable law. |
| o. | Rule 12(b)(6): | Failure to state a claim upon which relief can be granted to the extent that all claimants, including Natley Mitchell, Darius Mitchell, Parish Mitchell, Nakesia Mitchell, Joseph Mitchell and Joshua Mitchell seek to impose joint and several and/or solidary liability upon the manufacturing defendants, inasmuch as the applicable law precludes such apportionment of fault. |

p.  Rule 12(b)(6)  Failure to state a claim upon which relief can be granted to the extent that all claimants, including Natley Mitchell, Darius Mitchell, Parish Mitchell, Nakesia Mitchell, Joseph Mitchell and Joshua Mitchell specifically seek attorneys fees under federal or state law inasmuch as such claims are precluded.

q.  Rule 12(b)(6):  Failure to state a claim upon which relief can be granted to the extent that all claimants, including Natley Mitchell, Darius Mitchell, Parish Mitchell, Nakesia Mitchell, Joseph Mitchell and Joshua Mitchell seek injunctive relief as none of the theories invoked provide recovery for injunctive relief and claimants have not alleged a sufficient basis to entitle them to injunctive relief.

II.  *Huckabee et al. v. Fleetwood Enterprises, Inc. et al.*, originally filed in United States District Court for the Southern District of Mississippi, Civil Action Number 08-0246, Destiny Industries, LLC preserves the following defenses:

a.  Rule 12(b)(6):  Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant failed to timely file his or her claim under Mississippi's applicable statute of limitations. To the extent that the foregoing is established, the claims should be dismissed.

b.  Rule 12(b)(5):  Insufficiency of service of process.

c.  Rule 12(b)(6):  Failure to state a claim upon which relief can be granted inasmuch as no claimant has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

d.  Rule 12(b)(6):  Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek attorneys fees under federal or state law inasmuch as such claims are precluded.

e.  Rule 12(b)(6):  Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek punitive damages under federal or state law inasmuch as such claims are precluded.

f.  Rule 12(b)(6):  Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert express or implied warranty claims under Mississippi law inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

g. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Mississippi law inasmuch as such claims are precluded.

h. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the manufacturing defendants, inasmuch as the applicable law precludes such reapportionment of fault.

i. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek injunctive relief as none of the theories invoked by plaintiffs provide recovery for injunctive relief sought by plaintiffs and plaintiffs have not alleged a sufficient basis to entitle them to injunctive relief.

j. Rule 12(b)(6): All persons are charged with knowledge of the published federal laws, rules and regulations and the HUD mandated warning concerning formaldehyde exposure under *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380 (1947). Federal law preempts state law as Destiny Industries, LLC manufactured homes in accordance with HUD guidelines and FEMA specifications.

k. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek damages for failure to warn about formaldehyde. In compliance with HUD guidelines, Destiny Industries, LLC, placed a warning inside plaintiffs' temporary housing unit warning of the very damages they allegedly suffered.

Defendant, Destiny Industries, LLC, reserves the right to amend or supplement these defenses, and to file appropriate preliminary pleadings as well as dispositive and other motions in the above cases and in any other cases in which it has been or will be named and properly served. Furthermore, Destiny Industries, LLC hereby incorporates as if copied *in extenso* any applicable defenses submitted by any Defendant in this matter.

**[ Signature Block on Following Page ]**

5

Respectfully submitted,

/s/ Joshua G. Keller
**ROBERT E. KERRIGAN, JR. (#7350)(T.A.)**
**JOSHUA G. KELLER (#29288)**
**DEUTSCH, KERRIGAN & STILES, L.L.P.**
755 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-5141
Facsimile: (504) 566-1201
RKerrigan@dkslaw.com
Counsel for Defendant, Destiny Industries, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system for the United States District Court for the Eastern District of Louisiana. Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system. I also certify that I have e-mailed a copy of this filing to any non- CM/ECF participants on this the 28th day of October, 2008

/s/ Joshua G. Keller
**Joshua G. Keller**