UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE<br>PRODUCTS LIABILITY LITIGATION | MDL NO. 1873 |
| | SECTION "N" (4) |
| | JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO:<br>*Pujol v. United States of America,*<br>No. 08-3217 | MAGISTRATE ROBY |

_____

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANT MORGAN'S MOTION *IN LIMINE* TO
EXCLUDE EVIDENCE OF CLASS ACTION
CLAIMS (DOC. 745)**

**MAY IT PLEASE THE COURT:**

The Plaintiffs' Steering Committee (hereinafter "PSC") respectfully opposes the Motion *in Limine* filed by Defendants Morgan Building & Spas, Inc. and Morgan Building Systems, Inc. (hereinafter collectively "Morgan").

**I.     Background**

Defendant Morgan was initially named in the original Master Complaint (Doc. 109, p. 18). Morgan then provided counsel for the PSC with an affidavit stating that it did not manufacture THUs. (*See* Affidavit of Hicks B. Morgan, attached hereto as Exhibit "A").  Based upon this affidavit, Morgan was voluntarily dismissed without prejudice (Doc. 304).  Subsequent to this dismissal, the PSC learned that Morgan had placed its company name on THUs being supplied by FEMA.  (*See* photograph, attached hereto as Exhibit "B", previously attached to Doc. 666-2). Pursuant to the Louisiana Products Liability  Act, the PSC contends that Morgan accordingly may

-1-

be held liable as a "manufacturer."  *See* Louisiana Products Liability Act [LPLA], LSA-R.S. 9:2800.53(1)(a).  For this reason, Morgan again was named as a defendant herein.

Morgan observes that Plaintiff Patricia Burr is not identified on the list of class representatives filed by the PSC on August 22, 2008 (Doc. 666-2), and thus should be dismissed as a class representative.  (Doc. 745-4).  Morgan further contends that, because Ms. Burr is the only class representative on this list who allegedly resided in a Temporary Housing Unit (hereinafter "THU") manufactured by Morgan, the latter should be dismissed from the Class Action proceeding herein. (Doc. 745-4).  Presumably to effectuate such a dismissal, the instant motion seeks to preclude "any testimonial or documentary evidence, attorney statements, or attorney arguments relating to class action claims against Morgan at the class certification hearing."  (Doc. 745-4)(citing Fed. R. Evid. 401 and 402).

## II.     Class Representatives Currently Residing in Morgan THUs

The PSC acknowledges that Plaintiff Patricia Burr is not listed on the August 22, 2008 list of class representatives filed with this Honorable Court.  However, Plaintiff Penny M. Robertson, proceeding herein individually and on behalf of her daughter Mercedes Robertson, is named on the August 22, 2008 class representative list, and currently resides in a THU labeled by Morgan.  (*See* Affidavit of Penny M. Robertson, attached hereto as Exhibit "C"; *see also* Photograph of the Morgan THU in which Penny M. Robertson and her family live, attached hereto as Exhibit "B," previously attached to Doc. 666-2).

**Accordingly, it is clear that a class representative identified on the August 22, 2008 list actually resides in a THU labeled by Defendant, Morgan, and on this basis may proceed with a claim against Morgan as a "manufacturer" under the LPA**.

It further should be noted that the PSC provided all defendants not only with the class representative list (Doc. 666-2), but also an additional spreadsheet which set forth as to each class representative on the list that individual's date of birth, Social Security number, and the <u>identification of the manufacturer of the housing unit in which the individual resided</u>. (*See* correspondence from Matthew Moreland, Esq. to Carmen Motes [Paralegal to Andrew Weinstock] dated August 22, 2008, attached hereto as Exhibit "D"). Through this August 22, 2008 spreadsheet, the Defendant Morgan thus was put on notice of the fact that Plaintiffs Penny Robertson and her daughter Mercedes Robertson lived in a <u>Morgan</u> unit.[1]

Neither should Defendant be heard to complain that the PSC now seeks to substitute new Plaintiffs to create standing where none existed in the first instance. The list of class representatives filed on August 22, 2008, as noted, identifies Penny M. Robertson, individually and on behalf of her daughter Mercedes Robertson, as a class representative (Doc. 666-2). Moreover, Morgan was named as a Defendant and Penny Robertson was named as a Plaintiff in the Second Supplemental and Amended Complaint in *Pujol*.[2] (Doc.721, at pp. 2, 6).

---

[1] The Plaintiff Fact Sheets for these class representatives provide further information specific to their claims, i.e., that Mr. and Mrs. Lawrence and Penny Robertson have resided in this FEMA-provided and Morgan-labeled THU for the last two years, with their three children Mercedes (nine year-old), Jack (five year-old), and Gavan (four year-old), and that they have experienced irritation, burning and tearing of the eyes, nasal irritation, skin irritation, headaches, nausea, bronchitis, persistent coughs, worsening of allergies and other symptoms associated with exposure to formaldehyde, in addition to vomiting and wheezing experienced by Mercedes (*see* PFS for Penny and Mercedes Robertson, attached hereto as Exhibits "E" and "F").

[2] The Second Supplemental and Amended Complaint in *Pujol* admittedly matches Penny Robertson with Defendant "Monaco" rather than "Morgan." But Defendant Monaco manufactured the THU, which Morgan then labeled as its own. Despite Morgan's initial disclaimer, this company is — or should be — well aware that the labeling of a product as one's own brings a company squarely within the legal definition of a "manufacturer" for product liability purposes.

**III.     All Relevant Evidence is Admissible**

Evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" is relevant evidence. Fed. R. Evid. 401. All relevant evidence is admissible. Fed. R. Evid. 402. Relevant evidence may only be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed R. Evid 403. Excluding relevant evidence is an extraordinary measure that should be used sparingly. *U.S. v. Morris*, 79 F.3d 409, 412 (C.A. 5th Cir. 1996)(citations omitted).

Plaintiffs Penny and Mercedes Robertson currently reside in a Morgan-labeled THU and were on the list of class representatives the PSC provided to Defendants and the Court on August 22, 2008. (Please see Exhibits "B" and and Doc. 666-2). Penny and Mercedes Robertson were also matched with a Morgan THU in a spreadsheet timely sent to Defendants on August 22, 2008. (Exhibit "D"). Because these plaintiffs were existing and on the list the Court determined to be definitive and provided to Defendants, Morgan is not unfairly prejudiced.

Furthermore, Morgan has never scheduled the deposition of Plaintiff Patricia Burr, although it believes (allegedly) that this was the only plaintiff residing in a Morgan THU. As a result, there has been no investment of time or expenses in deposing the plaintiff Burr. There is also no confusion of the issues that would require the exclusion of relevant evidence showing that Plaintiffs Penny and Mercedes Robertson live in a Morgan THU. All that is necessary is for Morgan to replace Plaintiff Burr's name with that of Penny and Mercedes Robertson, who were identified on the August 22, 2008 list and the accompanying spreadsheet as living in a Morgan THU. (Doc. 666-2 and Exhibit

"D"). The probative value of the evidence, proving that Morgan is matched with a class representative, is not substantially outweighed by confusion of the issues or any unfair prejudice to Morgan and, therefore, should not be excluded. Indeed, it might even be said that Defendant Morgan contributed to any confusion which may exist in light of the fact that the company obviously put its own label on units manufactured by others, giving rise to two "manufacturers" by law in all cases where this occurred.

**IV.     Class Representatives' Claims Against Morgan Are Not Time Barred**

This Court in its September 24, 2008 Order and Reasons found that individuals not on the August 22, 2008 list of class representatives and those on the list who had not completed and provided their Plaintiff Fact Sheets to the DLC would not be considered class representatives, although they "maintain the right to proceed with their own claims, on an individual basis." (Doc. 706, p. 6). This Court in the same order held that all but three of the individuals on the August 22, 2008 list are named plaintiffs in actions filed in this MDL, including Penny and Mercedes Robertson. (Doc. 706, p. 7).

The PSC acknowledges that Plaintiff Burr is not on the list of class representatives submitted to the Court on August 22, 2008, and thus she will be barred from serving as a class representative (although her individual claim is not barred). However, Penny and Mercedes Robertson both have asserted claims in this MDL and both were on the August 22, 2008 list of class representatives. A spreadsheet furnished with the list further disclosed that these individuals resided in a Morgan unit. Additionally, Mercedes and Penny Robertson's Plaintiff Fact Sheets have been timely submitted to DLC and were without deficiencies. Therefore, their claims as class representatives are not time-barred and they are appropriate class representatives against Defendant Morgan.

## V. Conclusion

In light of the fact that there are class representatives identified on the August 22, 2008 list who still reside in a THU labeled by Defendant, Morgan, their claims against Morgan under the LPLA are not time-barred. Defendant Morgan's Motion *in Limine* to Exclude Evidence of Class Action Claims should be denied.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION**

BY: s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:   504/528-9973
gmeunier@gainsben.co

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:   504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'**
**STEERING COMMITTEE**
    ANTHONY BUZBEE, Texas # 24001820
    RAUL BENCOMO, #2932
    FRANK D'AMICO, #17519
    MATT MORELAND, #24567
    LINDA NELSON, #9938
    RONNIE PENTON, #10462

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 28, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                              s/Gerald E. Meunier
                                              GERALD E. MEUNIER, #9471