# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA
### NEW ORLEANS DIVISION

IN RE: FEMA TRAILER     MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION  SECTION "N-4"

             JUDGE ENGELHARDT
             MAG. JUDGE ROBY

THIS DOCUMENT IS RELATED TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PSC OPPOSITION TO CERTAIN DEFENDANTS' MOTIONS TO DISMISS SECOND SUPPLEMENTAL AND AMENDED MASTER COMPLAINT (REC. DOCS. 747, 756)

**MAY IT PLEASE THE COURT:**

The Plaintiffs' Steering Committee (PSC) respectfully submits this opposition to the Motions to Dismiss the Second Supplemental and Amended Complaint in *Pujol v. The United States of America,* No. 08-3217 (Rec. Doc. 656) and Second Supplemental and Amended Master Complaint (Rec. Doc. 657) filed on behalf of certain defendants all as set forth in Rec. Docs. 747 and 756. For the reasons set forth herein the defendants' Motions to Dismiss should be denied .

Certain defendants previously opposed the PSC's motions for leave to file the Second Supplemental and Amended Complaints in *Pujol v. The United States of America,* No. 08-3217 (Rec. Doc. 656) and the consolidated master litigation (Rec. Doc. 657). This Court's recent Order allowing the filing of plaintiffs' Second Supplemental and Amended Complaints preserved to defendants the right to reassert any substantive arguments against the filing of the Complaints which the defendants now seek to do through the motions at issue. The defendants essentially reassert the

same arguments raised by many (if not all) of these same defendants in oppositions to plaintiffs' originally filed Motions for Leave to file the amended complaints (Rec. Docs. 648, 649).[1]  All of the defendants' arguments have been addressed and thoroughly briefed in the PSC's previously filed Motions and Memoranda in Support of Motions for Leave to File Second Supplemental and Amended Complaints in *Pujol* and the Master Consolidated Action, filed August 18, 2008, at Rec. Docs. 656 and 657.  The arguments contained in the PSC's memoranda at Rec. Docs. 656-2 and 657-2 are reurged here in opposition to the defendants' current motions as if set forth *in extenso*.

The one area where the defendants have inserted added argument concerns Rule 20 permissive joinder.

The PSC has addressed the defendants' arguments concerning the Article III standing issue generally, and also has addressed the defendants' proper joinder in this matter through application, in part, of Fed. R. Civ. P. 20(a)(2)[2].  The defendants argue that the "transaction or occurrence" requirement of Rule 20 has not been satisfied with regard to joinder of plaintiffs under Rule 20(a)(1) or defendants under Rule 20(a)(2).

Unquestionably, Rule 20(a) applies in similar terms to joinder of plaintiffs and joinder of defendants,

> It creates two tests for joinder. (1) There must be some question of law or fact common to all parties which will arise in the action. (2) There must be some right to

---

[1]     In addition to the "Newly Added Defendants" memorandum opposing the PSC's original motions for leave to file Second Supplemental and Amended Complaints (Rec. Doc. 614), most of the other defendants' original filings opposing plaintiffs' motions for leave to file the Second Supplemental and Amended Complaints in *Pujol* and the Master Consolidated Action are itemized in the PSC's Memoranda in Support of their Motions for Leave, filed August 18, 2008, at Rec. Docs. 656 and 657.

[2]     *See* Rec. Doc. 657-2 at 13-14.

2

relief asserted on behalf of each of the plaintiffs, and against each of the defendants, relating to, or arising out of, a single transaction or occurrence or series of transactions or occurrences. These tests are cumulative and both of them must be satisfied to permit joinder.

20 Charles Alan Wright, Mary Kay Kane, Federal Practice & Procedure § 76

Regarding plaintiff joinder, the defendants rely in part upon two post-Katrina cases involving insurance litigation by multiple plaintiffs and single insurance defendants, *Campo v. State Farm Fire and Cas. Co.,* 2007 W L 2155792 and *Rohr v. Metropolitan Ins. & Cas. Co.,* 2007 WL 163037 (E.D.La. 2007). With respect to the alleged improper joinder of the defendants, certain defendants rely upon *Pergo, Inc. v. Alloc, Inc.*, 262 F.Supp.2d 122 (S.D.N.Y. 2003). These cases are inapposite to the present case for several reasons.

The district courts in both *Campo* and *Rohr* correctly state the requirements under Rule 20. The first requirement relates to necessity of a common "transaction or occurrence" or series of occurrences and the second requirement pertains to common issues of fact and law. As related above, these requirements appertain to joinder of both plaintiffs and defendants:

Federal Rule of Civil Procedure 20(a) establishes the requirements for the permissive joinder of parties: (1) whether the right to relief arises out of the same transaction, occurrence, or series of transaction or occurrences, and (2) whether there are questions of law or fact common to all of the plaintiffs that will arise in the action. Fed.R.Civ.P. 20(a). Both requirements must be satisfied in order for the parties to be properly joined. *Rohr v. Metro.Ins. & Cas. Co.,* Civ. A. No. 06-10511, 2007 WL 163037, *1 (E.D.La. Jan. 17, 2007).

'[T]he transaction and common question requirements prescribed by Rule 20(a) are not rigid tests ... they are flexible concepts used by the courts to implement the purpose of Rule 20 and therefore are to be read as broadly as possible whenever doing so is likely to promote judicial economy.' *Wade v. Minyards Food Stores,* Civ. A. No. 03-1403, 2003 WL 22718445, *1 (N.D.Tex. Nov. 17, 2003) (internal quotation marks omitted). As instructed by the Supreme Court, district courts should take a liberal approach to permissive joinder in the interest of judicial economy. *United Mine Workers v. Gibb,* 383 U.S. 715, 724 (1966).

3

*Campo v. State Farm Fire and Cas. Co.*, 2007 W L 2155792, 1 -2 (E.D.La. 2007)

With regard to the "common issues" requirement, "[t]he second prong of Rule 20(a) is disjunctive; the plaintiffs' claims need only have *any* question of law *or* fact in common." *Rohr v. Metropolitan Ins. & Cas. Co.,* 2007 WL 163037, 2 (E.D.La. 2007).  The same would apply to defendant joinder.

The "transaction or occurrence" test is flexible and, as expressed by another district court within the Fifth Circuit, "[t]ransactions or occurrences satisfy the series of transactions or occurrences requirement of Rule 20(a) if there is some connection or logical relationship between the various transactions or occurrences. *Hanley v. First Investors Corp.,* 151 F.R.D. 76, 79 (E.D.Tex.1993). A logical relationship exists if there is some nucleus of operative facts or law. *Id.*" *MyMail, Ltd. v. America Online, Inc.*, 223 F.R.D. 455, 456 (E.D.Tex. 2004).  This "logical-relationship test" seems consistent with the philosophy underlying the passage in Rule 20 that allows joinder of parties whenever the claims arise out of "the same series of transactions or occurrences:"

> [T]he flexibility of this standard enables the federal courts to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding under the provisions of Rule 20.  Illustrative of the liberal approach to the concept of same transaction or occurrence employed by many federal courts are cases in which the court permits an injured plaintiff to join both the original tortfeasor and a second tortfeasor whose subsequent negligence aggravated plaintiff's original injuries. In a similar vein, language in a number of decisions suggests that the **courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court**.

7 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE CIV. 3ᴿᴰ § 1653, (emphasis added).  *See also* 20 Charles Alan Wright, Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE § 76, ("One court has suggested that there can be no hard and fast rule and that the approach must be generally whether there are enough factual concurrences that it would be fair to the parties to litigate the matters at one time, having in mind also the convenience of the court. This seems a sensible approach, particularly in so far as it is reminiscent of the 'logical relationship' test that the case law has developed as the meaning of 'transaction or occurrence'" in the

4

compulsory-counterclaim rule [Rule 13(a)].").

This district has firmly embraced the liberal approach to permissive joinder under Rule 20 discussed above as further evidenced by Judge Schwartz in a case involving the claims of multiple plaintiffs alleging damages resulting from separate and serial acts of harassment visited upon them by several New Orleans police officers,

> The unmistakable purpose of the Rule [20] is to promote judicial efficiency by avoiding multiple lawsuits, such duplicity of action constituting a colossal waste of time and money for the parties and the courts. Moreover, under the Federal Rules of Civil Procedure, 'joinder of claims, parties and remedies is strongly encouraged.' *United Mine Workers v. Gibbs,* 383 U.S. 715, 724, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).
>
> In this vein, there is no strict rule for determining what constitutes the same occurrence or series of transactions or occurrences for the purposes of Rule 20(a). *Mosley v. General Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir.1974). Courts have allowed joinder of defendants where '[t]he operative facts are related even if the same transaction is not involved,' *Civil Aeronautics Bd. v. Carefree Travel Inc.,* 513 F.2d 375, 384 (2nd Cir.1975), where there are 'enough ultimate factual concurrences that it would be fair to the parties to require them to defend jointly,' *Hall v. E.I. Du Pont de Nemours & Co.,* 345 F.Supp. 353, 381 (E.D.N.Y.1972), and where the claims are 'reasonably related.'" *Mosley,* 497 F.2d at 1333.

*Warren v. New Orleans Police Dept.*, 1992 WL 245655, 1 -2 (E.D.La. 1992).

The plaintiff joinder cases upon which certain defendants rely, *Campo v. State Farm Fire and Cas. Co.* and *Rohr v. Metropolitan Ins. & Cas. Co.* are distinguishable from this case. Both cases involved insurance litigation following Hurricane Katrina wherein multiple plaintiffs sought to join in a single action against their "common" insurer for damages related to their insurers' failure to properly adjust claims, pay claims, for punitive failure to pay claims and the like. And although both courts found Hurricane Katrina to have been a common occurrence, the multiplicity of individualized issues concerning the various contracts of insurance involved, the differing conditions of the insured

properties pre- and post-Katrina, and the variations concerning how claims were (or were not) adjusted overwhelmed any common elements under the first prong of the analysis.

This case is different in that the common occurrence focus is not, as defendants suggest, the fact that plaintiffs resided in separate EHU's, the unifying transaction or occurrence is that the plaintiffs were all provided similar EHU's which met fairly uniform criteria set by the Federal Government pursuant to the Government's disaster relief response to Hurricane Katrina under the Stafford Act.  This is not a case where individual plaintiffs separately negotiated and purchased these EHU's from the defendants pursuant to varying contracts over varying periods of time.  These EHU's were all provided by the defendants to the Federal Government post-Hurricanes Katrina and Rita for the purpose of providing semi-permanent residences when, as plaintiffs assert, all of these defendants were aware that their EHU's were neither suitable nor safe for the purpose for which the Government was purchasing and providing them to the plaintiffs.  The fact that the Government apparently purchased the EHU's from the Manufacturing Defendants pursuant to a nearly identical set of purchase orders or  "specifications" and distributed the EHU's to the plaintiffs pursuant to the Stafford Act is the core common series of transactions in this case.  Regarding the second prong of the joinder analysis, the common issues surrounding the facts related to how and why the EHU's emit formaldehyde and at what levels, why the EHU's were not suited for the purposes for which the Government purchased and distributed them to plaintiffs, and how formaldehyde affected the plaintiffs, among other common factual and legal issues, all involve the "likelihood of overlapping proof and duplication in testimony [which would indicate] that separate trials would result in delay, inconvenience, and added expense to the parties and to the court."  7 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE CIV. 3RD § 1653.

The defendants' argument that joinder is improper under rule 20(a)(2) is also unfounded. The *Pergo, Inc. v. Alloc, Inc*. case upon which defendants rely has been criticized by the Eastern Texas district court in *MyMail, Ltd. v. America Online, Inc*., *supra*, for the very reason that the court in *Pergo* failed to apply the liberal construction of "transaction and occurrence" adopted in this Circuit but instead employed an interpretation of Rule 20 that is "a hypertechnical one that perhaps fails to recognize the realities of complex...litigation." *Id.* 233 F.R.D. at 457.  In the *MyMail* case, which, like *Pergo*, involved suit by a patent owner against several defendants alleging patent infringement,  the court found that because a nucleus of operative facts and law existed regarding the scope of the patent at issue and whether the defendants infringed upon the patent supported the court's finding that under prong one that the plaintiff's claims did arise from the same series of transactions or occurrences.  The court specifically found that the "*per se*"rule applied in *Pergo,* that is that patent infringement by different defendants does not satisfy Rule 20's same transaction requirement, "elevates form over substance. Such an interpretation does not further the goals of Rule 20, especially for discovery and motion purposes." *MyMail* at *id.*.

Finally, the defendants' argument that joinder is improper "regardless of class allegations" is equally unfounded and is a rehash of the standing argument which the PSC has addressed in its previously memorandum (Rec. Docs. 656-2 at 16-18 and 657-2, at 14-16 ).  It should be added that this MDL proceeding, by definition, is oriented toward the consolidation of parties, issues and pleadings, so that problem-solving on a global basis may proceed to the maximum permissible extent.

For the foregoing reasons and those previously stated, the defendants' Motions to Dismiss the Second Supplemental and Amended Complaints in *Pujol v. The United States of America* and

Second  Supplemental and Amended Master Complaint (those motions at Rec. Docs. 747 and 756),

should be denied.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:  s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:    504/528-9973
gmeunier@gainsben.com


s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:    504/528-9973
jwoods@gainsben.com


**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, JR., #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
RONNIE PENTON, #10462

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 28, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

s/Gerald E. Meunier
GERALD E. MEUNIER, #9471

9