**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: FEMA TRAILER | * MDL NO. 1873 |
| FORMALDEHYDE | * |
| PRODUCT LIABILITY LITIGATION | * |
| | * SECTION: "N-4" |
| VERSUS | * JUDGE ENGLEHARDT |
| | |
| THIS DOCUMENT IS RELATED TO ALL CASES | * MAGISTRATE ROBY |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**MEMORANDUM IN OPPOSITION TO DEFENDANT HORTON HOMES, INC.'S**
**RULE 12(B) MOTION TO DISMISS (DOC. 741)**

**MAY IT PLEASE THE COURT:**

Plaintiffs named Horton Homes, Inc., as a defendant in the original Administrative Master Complaint filed on March 18, 2006, (Rec. Doc. 109), First Supplemental and Amended Master Complaint (Rec. Doc. 379), and in the Second Supplemental and Amended Master Complaint (Rec. Doc. 722). Additionally, Horton Homes, Inc., was named as a defendant in *Pujol v. The United States of* America, No. 08-3217, which has served as an underlying action for all claims asserted in the Master Complaint. This Court dismissed Horton Homes by an Order dated August 1, 2008 (Rec. Doc. 604) for the lack of standing (i.e., the lack of a "matched" named plaintiff in the original Master Complaint), but gave the PSC an opportunity to amend that Complaint "to allege specific facts to support existing plaintiffs' standing…." (Rec. Doc. 599).

Consistent with this Court's Order, Plaintiffs subsequently were allowed to file a Second Supplemental and Amended Master Complaint (as well as an amendment to the *Pujol*

1

Complaint). These pleadings identified as a named plaintiff Pamela Benoit, proceeding on behalf of her minor child Christopher Benoit. It was alleged this plaintiff resided in an emergency housing unit manufactured by Horton Homes, Inc. (Rec. Doc. 722, at 9).

Defendant now moves to dismiss these claims against it because plaintiffs did not match an "existing plaintiff" to Horton Homes. Defendant argues that Ms. Benoit was not named in an action prior to the requested amendment to the Master Complaint, and that "plaintiffs may not amend to substitute a new plaintiff to create jurisdiction where none previously existed."

Contrary to Defendants' assertion, however, the Second Amended Master Complaint does match an "existing plaintiff" to Horton Homes, Inc., and thus complies with this Court's order. Pamela Benoit was an "existing plaintiff" because she was a putative class member. If the Court, as defendants now suggest, meant to limit the PSC's opportunity to amend the Master Complaint (and *Pujol*) for "matching" purposes by extending this matching only to individuals named in actions prior to the amendment, then the PSC's announced effort to create as many matches as possible from the known claimants in response to a potential dismissal of defendants based on the lack of standing, surely was rendered futile at the outset in the vast majority of cases for which a match became necessary in light of the Court's ruling. The PSC does not believe the Court's intention was this narrow. Who happens to have been a previously named plaintiff in a class action should not be given more weight than the fact that actual class members are known to match to actual defendants.

Plaintiff Pamela Benoit, on behalf of her minor child Christopher Benoit, is identified on the PSC's Court-ordered list of class representatives. In the Administrative Master Complaint, Rule 23 certification of a class action is sought for class defined as:

"[a]ll individuals who resided for any length of time in FEMA-provided housing units within the states of Louisiana, Mississippi, Alabama, and Texas after Hurricanes Katrina and Rita."

Clearly, Pamela Benoit and her child Christopher were putative class members under this class definition.  As such, they were "existing plaintiffs" when the PSC was authorized to amend the AMC (and *Pujol*).  Accordingly, the naming of Pamela Benoit (on behalf of her minor child) as a named class representative who is asserting claims against defendant Horton Homes, Inc., is consistent with the orders entered and procedures established herein.  The addition of the name Pamela Benoit by pleading amendment is not an attempt to "create jurisdiction where none previously existed," but rather is the identification of an existing class member to serve as a representative of and for that group of similarly-situated claimants who "match" to this defendant.  This Court should deny the instant Motion to Dismiss.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:
s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304

Facsimile: 504/528-9973
jwoods@gainsben.com


**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**

ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, JR., #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
RONNIE PENTON, #10462


## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

s/Gerald E. Meunier
GERALD E. MEUNIER, #9471