**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                                    MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION               SECTION "N-4"

                                                                       JUDGE ENGELHARDT
                                                                       MAG. JUDGE ROBY

**THIS DOCUMENT IS RELATED TO ALL CASES**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
**PSC OPPOSITION TO CERTAIN DEFENDANTS**
**MOTION TO RECONSIDER ORDER (REC. DOC. 720) OR, IN THE ALTERNATIVE,**
**TO CERTIFY FOR INTERLOCUTORY APPEAL (REC. DOC. 749)**

**MAY IT PLEASE THE COURT:**

The Plaintiffs' Steering Committee (PSC) respectfully submits this opposition to the Motions

filed on behalf of certain defendants (who refer to themselves, albeit inaccurately, as "Un-Matched

Defendants") all as set forth in Rec. Doc. 743.  For the reasons set forth herein the defendants'

Motion to Reconsider the Court's October 6, 2008 Order (Rec. Doc. 720) should be denied as should

the Motion for Certification for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b).

**1.      Motion to Reconsider Order (Rec. Doc.720)**

Certain defendants oppose the Court's recent Order allowing the filing of plaintiffs' Second

Supplemental and Amended Complaint in *Pujol v. The United States of America,* No. 08-3217 (Rec.

Doc. 656) and  Second  Supplemental and Amended Master Complaint (Rec. Doc. 657).  The

defendants essentially reassert the same arguments raised by many (if not all) of these same

defendants in oppositions to plaintiffs' originally filed Motions for Leave to file the amended

complaints (Rec. Docs. 648, 649).[1]  All of the defendants' arguments have been addressed and thoroughly briefed in the PSC's previously filed Motions and Memoranda in Support of Motions for Leave to File Second Supplemental and Amended Complaints in *Pujol* and the Master Consolidated Action, filed August 18, 2008, at Rec. Docs. 656 and 657.  The arguments contained in the PSC's memoranda at Rec. Docs. 656-2 and 657-2 are reurged here in opposition to the defendants' current motion as if set forth *in extenso*.

For the reasons previously briefed by the PSC in the referenced memoranda, the defendants' Motion to Reconsider the Court's October 6, 2008 Order (Rec. Doc. 720) should be denied.

**2.      Motion for Certification for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b)**

The PSC summarizes the procedural history as relates to the defendants' motion as follows. The Court's Pretrial Order No. 8 (Rec. Doc. 287, at ¶3), as well as this Court's Orders of August 1, 2008 (Rec. Doc. Nos. 599 and 604), effectively amended prior PTO No. 2, and allowed plaintiffs to continue to identify proposed class representatives through August 1, and to move to amend the Amended Master Complaint (and underlying *Pujol* Complaint) through, August 18, 2008. Subsequently, in response to further motion practice the Court, on August 15, 2008, entered Pretrial Order No. 15 (Rec. Doc. 658) wherein the Court imposed a final deadline of August 22, 2008 for the plaintiffs to file a list of all individuals seeking to represent the class in this matter.  The August 22, 2008 deadline was further clarified by the Court in its September 24, 2008 Order and Reasons

_____

[1]      In addition to the "Newly Added Defendants" memorandum opposing the PSC's original motions for leave to file Second Supplemental and Amended Complaints (Rec. Doc. 614), most of the other defendants' original filings opposing plaintiffs' motions for leave to file the Second Supplemental and Amended Complaints in *Pujol* and the Master Consolidated Action are itemized in the PSC's Memoranda in Support of their Motions for Leave, filed August 18, 2008, at Rec. Docs. 656 and 657.

(Rec. Doc. 706) on Manufacturing Defendants' Motion to Strike (Rec. Doc. 696) certain putative class representatives. In that Order the Court has essentially limited the eligible pool of putative class members for purposes of proceeding with class action certification and has asserted that only defendants against whom a putative class member with a claim as to that defendant, and which plaintiff has been listed in the August 22nd listing (Rec. Doc. 666), would participate as parties-defendant in the class certification proceeding. The September 24th Order specifically preserves the rights of individual plaintiffs with respect to any "unmatched" defendants. (Rec. Doc. 706 at 6). Finally, on October 6, 2008 the Court entered its Order and Reasons (Rec. Doc. 720) granting the PSC's motions for leave to file Second Supplemental and Amended Complaint in *Pujol v. The United States of America,* No. 08-3217 (Rec. Doc. 656) and Second Supplemental and Amended Master Complaint (Rec. Doc. 657).

The defendants now seek the Court's entry of presumably an amended order now certifying the October 6, 2008 Order for interlocutory review under 28 U.S.C. § 1292(b). For the reasons set forth below, the PSC maintains that the three requisite elements necessary for certifying an order under § 1292(b) are not presented in the Order at issue. The PSC reserves its rights to oppose any future motions to so certify the Court's orders which may be issued in connection with these defendants' Motion to Reconsider and/or the various motions filed by these and other defendants to dismiss the Second Supplemental and Amended Complaint in *Pujol v. The United States of America,* No. 08-3217 (Rec. Doc. 656) and Second Supplemental and Amended Master Complaint (Rec. Doc. 657).

As a threshold matter it is important to consider the Order sought to be certified and the scope of § 1292(b):

The scope of review on appeal under 28 U.S.C. § 1292(b) 'is not limited to the precise question certified by the district court because the district court's order, not the certified question, is brought before the court.' *Aldridge v. Lily-Tulip, Inc. Salary Ret. Benefits Comm.*, 40 F.3d 1202, 1207 (11th Cir.1994).

*Moorman v. UnumProvident Corp.*, 464 F.3d 1260, 1272 (11th Cir. 2006)

Under the statute, "appellate jurisdiction applies to the *order* certified to the court of appeals, and is not tied to the particular question formulated by the district court." *McFarlin v. Conseco Services, LLC* 381 F.3d 1251, 1255 (11th Cir. 20*04), (citing Yamaha Motor Corp., U.S.A. v. Calhoun,* 516 U.S. 199, 205, 116 S.Ct. 619, 623, 133 L.Ed.2d 578 (1996)).

The October 6, 2006 order essentially denied the defendants prior oppositions to the filing of the Second Supplemental and Amended Complaints to the extent that the defendants were objecting to the procedural correctness of the PSC's re-filing of its motions for leave to amend in the *Pujol* matter and the consolidated action because the Court specifically allowed for the PSC to withdraw prior filings (Rec. Docs. 593, 594) and permitted refiling of the PSC's motions for leave within 15 days of its August 1, 2008 Order (Rec. Doc. 599). The Court then specifically allows for defendants to present their substantive arguments opposing the filing of the Second Supplemental and Amended Complaints in responsive pleadings which most defendants who previously objected to the PSC's motions for leave now have done.

The October 6th Order allowed the filing of the Second Supplemental and Amended Complaints on procedural grounds. As such the elements necessary for certification of an interlocutory appeal are not present, which elements are summarized as follows:

§ 1292(b) appeals were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts. ..... In

4

> determining whether to grant review, we should ask if there is substantial dispute about the correctness of any of the pure law premises the district court actually applied in its reasoning leading to the order sought to be appealed. The legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law. And the answer to that question must substantially reduce the amount of litigation left in the case.

*McFarlin*, 381 F.3d at 1259.

With regard to the "question of law" element, the 7th Circuit in *Ahrenholz v. Board of Trustees of the University of Illinois,* 219 F.3d 674 (7th Cir.2000) concluded that " 'question of law' as used in § 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine rather than to whether the party opposing summary judgment had raised a genuine issue of material fact." *Id.* at 676. As noted by the court in *McFarlin* in connection with its discussion of the *Ahrenholz* decision,

> The term 'question of law' does not mean the application of settled law to fact. ...Instead, what the framers of § 1292(b) had in mind is more of an abstract legal issue or what might be called one of 'pure' law, matters the court of appeals 'can decide quickly and cleanly without having to study the record.'

*McFarlin*, 381 F.3d at 1258.

As for the "substantial ground for difference of opinion" requirement, the 11th Circuit has held that a question of law as to which it is in "complete and unequivocal" agreement with the district court is not a proper one for § 1292(b) review. *McFarlin*, at *id.* 1258 (quoting *Burrell v. Bd. of Trustees of Ga. Military College*, 970 F.2d 785, 788-89 (11th Cir.1992). Indeed,

> This factor has been described as the least troubling for district courts. Wright & Miller, *supra*, § 3930 at 419-20 (district courts 'have not been bashful about refusing to find substantial reason to question a ruling of law'). Nonetheless, of all the § 1292(b) criteria, this one is possibly the least predictable in application. Perhaps, as

5

one commentary on § 1292(b) recognized over thirty years ago, this is because '[d]egrees of legal doubt escape precise quantification.' Note, *Interlocutory Appeals in the Federal Courts Under 28 U.S.C. § 1292(b),* 88 Harv. L.Rev. 607, 623 (1975). That same commentary proposed a standard 'that would require a trial court to believe that a reasonable appellate judge could vote for reversal of the challenged order' before the disagreement would be considered substantial under § 1292(b). *Id.* Consistent with this line of thought, courts have found substantial ground for difference of opinion where:

> a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.

4 Am.Jur.2d *Appellate Review* § 128 (2005). But simply because a court is the first to rule on a question or counsel disagrees on applicable precedent does not qualify the issue as one over which there is substantial disagreement. *Id.* Nor does a party's claim that a district court has ruled incorrectly demonstrate a substantial disagreement. *Wausau Bus. Ins. Co. v. Turner Constr. Co.,* 151 F.Supp.2d 488, 491 (S.D.N.Y.2001).

*Ryan v. Flowserve Corp.*, 444 F.Supp.2d 718, 723 -724 (N.D.Tex. 2006).

Finally, the text of § 1292(b) requires that resolution of a "controlling question of law ... may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). It means that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation. *McFarlin*, 381 F.3d at 1259 (citations omitted). And as the 5th Circuit has noted, "not only must the case present a controlling question of law, but the party seeking § 1292(b) certification must demonstrate 'the way in which the allowance of the petition would materially advance the ultimate termination of the litigation.'" *Jesclard v. Babcock and Wilcox,* 1990 WL 182315, 1 (E.D.La. 1990) (quoting *Clark, Dietz and Associates Engineers v. Basic Construction Co.,* 702 F.2d 67, 68 (5th Cir.1983)).

What the defendants here are attempting to do is graft a substantive legal issue into the

Court's October 6, 2008 Order where there is none.  The Court's order is reflective of its prior procedural directives and orders relative to motion practice in the early phases of this litigation and nothing more.  In summary, the defendants' motion for certification under § 1292(b) of the October 6th order is not appropriate.  This Court now has before it various substantive motions seeking the dismissal of the PSC's Second Supplemental and Amended Complaints.  Depending upon the decisions of the Court relative to those motions, certifications may or may not be applied for and the PSC respectfully reserves its right to address any such future motions should they be filed.  At this juncture, however, the defendants' Motion for Certification for Interlocutory Appeal of the Court's October 6, 2008 Order (Rec. Doc. 720) should be denied.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
          GERALD E. MEUNIER, #9471
          **PLAINTIFFS' CO-LIAISON COUNSEL**
          Gainsburgh, Benjamin, David, Meunier &
          Warshauer, L.L.C.
          2800 Energy Centre, 1100 Poydras Street
          New Orleans, Louisiana 70163
          Telephone:     504/522-2304
          Facsimile:       504/528-9973
          gmeunier@gainsben.com


          s/Justin I. Woods
          JUSTIN I. WOODS, #24713
          **PLAINTIFFS' CO-LIAISON COUNSEL**
          Gainsburgh, Benjamin, David, Meunier &
          Warshauer, L.L.C.
          2800 Energy Centre, 1100 Poydras Street

7

New Orleans, Louisiana 70163
Telephone:     504/522-2304
Facsimile:     504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**

ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, JR., #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
RONNIE PENTON, #10462

## CERTIFICATE OF SERVICE

I hereby certify that on        , 2008, I electronically filed the foregoing with the Clerk of Court

by using the CM/ECF system which will send a notice of electronic filing to all counsel of record

who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice

of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

s/Gerald E. Meunier
GERALD E. MEUNIER, #9471

8