UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER | * MDL NO. 1873 |
| FORMALDEHYDE | * |
| PRODUCT LIABILITY LITIGATION | * |
| | * SECTION: "N-4" |
| VERSUS | * JUDGE ENGLEHARDT |
| | |
| THIS DOCUMENT IS RELATED TO ALL CASES | * MAGISTRATE ROBY |

**************************************************************************

<u>PSC MEMORANDUM IN OPPOSITION TO DEFENDANT SCOTBILT HOMES, INC.'S
RULE 12(B) MOTION TO DISMISS (DOC. 748)</u>

**MAY IT PLEASE THE COURT:**

Plaintiffs, through the undersigned counsel, file this Response to ScotBilt Homes, Inc.'s Rule 12(b) Motions to Dismiss. Plaintiffs named ScotBilt Homes, Inc., as a defendant in the original Administrative Master Complaint filed on March 18, 2006. Additionally, Horton Homes, Inc., was named in *Pujol v. The United States of* America, No. 08-3217. Horton moved for dismissal and based its argument on the fact that no named plaintiff had established standing against it. This Court granted ScotBilt Homes, Inc.'s Motion to Dismiss (Rec. Doc. 604) but allowed counsel for Plaintiffs reasoning that "amending a complaint to allege specific facts to support existing plaintiffs' standing is permissible." (Rec. Doc. 599)

Consistent with this Court's Order, Plaintiffs subsequently filed their Second Supplemental and Amended Master Complaint and identified Ella Flowers and James A. Barnes, Jr., as plaintiffs who resided in emergency housing units manufactured by ScotBilt Homes, Inc. (Rec. Doc. 722, at 9). Defendant now moves to dismiss because plaintiffs did not "match an existing plaintiff to ScotBilt Homes." (Rec. Doc. 741-2) Additionally, Defendant alleges that

1

"plaintiffs may not amend to substitute a new plaintiff to create jurisdiction where none previously existed."  (Rec. Doc. 741-2).

Contrary to Defendants' assertion, the Second Amended Master Complaint matches an existing plaintiff to ScotBilt Homes, Inc., and, thus, complies with this Court's order.  Both Ella Flowers and James A. Barnes, Jr., were existing plaintiffs even though they may not have been *named* plaintiffs, because each was a putative class member in the original actions.  "If the certified class representative does not adequately represent the interests of some of the class members, those class members can opt out of the class action, can seek the creation of a separately represented subclass, can ask for the replacement of the class representative, or can intervene of right and become named plaintiffs themselves, or even class representatives, represented by their own lawyer."  *In re Brand Name Prescription Drugs Antitrust Litig.,* 115 F.3d 456, 457-58 (7th Cir. 1997); *see also Maywalt v. Parker & Parsley Pet. Co.*, 67 F.3d 1072, 1078 (2d Cir. 1995).

If the Court, as defendants now suggest, meant to limit the PSC's opportunity to amend the Master Complaint (and *Pujol*) for "matching" purposes by extending this matching only to individuals named in actions prior to the amendment, then the PSC's announced effort to create as many matches as possible from the known claimants in response to a potential dismissal of defendants based on the lack of standing, surely was rendered futile at the outset in the vast majority of cases for which a match became necessary in light of the Court's ruling.  The PSC does not believe the Court's intention was this narrow.  Who happens to have been a previously named plaintiff in a class action should not given more weight than the fact that actual class members are known to match to actual defendants.

Here, Plaintiff Ella Flowers is simply seeking to be class representatives of a separate subclass. In the Administrative Master Complaint, Plaintiffs sought certification of a class action consisting of:

> "All individuals who resided for any length of time in FEMA-provided housing units within the states of Louisiana, Mississippi, Alabama, and Texas after Hurricanes Katrina and Rita." Plaintiffs will further refine the definition of the class to incorporate certain subclasses under the section entitled "**CLASS ACTION ALLEGATIONS**" below.

Clearly, Ella Flowers was a putative class member under that class definition and, therefore, was an existing plaintiff. Accordingly, the naming of Ella Flowers as a named class representative of a subclass of persons that resided in emergency housing manufactured by ScotBilt Homes, Inc., does not violate this Court's order and should be allowed.

Moreover, the addition of the Ella Flowers is not an attempt to "cure the lack of Article III standing with respect to the claims against ScotBilt" but simply naming a class representative to represent a separate and distinct subclass. As such, this Court should deny Defendant's Rule 12(b) Motion to Dismiss.

## THIS COURT HAS PERSONAL JURISDICTION

Defendant ScotBilt Homes, Inc., motion to dismiss Plaintiffs' claims based on lack of personal jurisdiction should be denied because this Court has personal jurisdiction over the parties. Whether Ella Flowers is a citizen of Mississippi and ScotBilt Homes, Inc., is a Georgia corporation are, for the most part, largely irrelevant to this Court's determination of whether it has personal jurisdiction over the parties. The true question is, "At the time the Administrative Master Complaint was filed, did this Court have personal jurisdiction over the parties?" The answer is yes.

Plaintiffs filed the Administrative Master Complaint, seeking certification of a class action consisting of "all individuals who resided for any length of time in FEMA-provided housing units within the states of Louisiana, Mississippi, Alabama, and Texas after Hurricanes Katrina and Rita."  The parties, at this stage, were the named plaintiffs and all putative class members and all defendants identified in the complaint, including ScotBilt Homes, Inc.

Second, this MDL was established pursuant to 28 U.S.C. 1407 by the Judicial Panel on Multidistrict Litigation on October 24, 2007, to centralize this litigation for coordinated or consolidated pretrial proceedings in the Eastern District of Louisiana. (Rec. Doc. 1).  If this case was dismissed only to be re-filed in either Georgia or Mississippi as Defendant alleges are courts of proper jurisdiction, it would become a "tag along" case and would be transferred back to this very Court.  This would be a waste of time for the parties and a waste of judicial resources.

## VENUE IS PROPER

Defendant ScotBilt Homes, Inc., motion to dismiss Plaintiffs' claims based on improper venue should be denied.  Plaintiffs filed the Administrative Master Complaint, seeking certification of a class action consisting of "all individuals who resided for any length of time in FEMA-provided housing units within the states of Louisiana, Mississippi, Alabama, and Texas after Hurricanes Katrina and Rita."  It is recognized that intervening plaintiffs need not satisfy the venue requirements independently but "may stand in the shoes of the party who brought the class suit on their behalf." *City of Philadelphia v. Morton Salt Co*., 248 F.Supp. 506, 509 (D. Pa.1965).  Accordingly, Ella Flowers and James Barnes, Jr., may stand in the shoes of the named plaintiffs who originally brought the class suit.

Additionally, venue is proper because the Eastern District of Louisiana is the venue decided upon by the Judicial Panel of Multidistrict Litigation.  This MDL was established

pursuant to 28 U.S.C. 1407 by the Judicial Panel on Multidistrict Litigation on October 24, 2007, to centralize this litigation for coordinated or consolidated pretrial proceedings in the Eastern District of Louisiana.  (Rec. Doc. 1). If this case was dismissed only to be re-filed in either Georgia or Mississippi as Defendant alleges are proper venue, it would become a "tag along" case and would be transferred back to this very Court.  This would be a waste of time for the parties and a waste of judicial resources.

## PROCESS AND SERVICE OF PROCESS WERE SUFFICIENT

Defendant ScotBilt Homes, Inc.'s motion to dismiss Plaintiffs' claims based on insufficiency of process and insufficiency of service of process should be denied.

Defendant's argument that there was insufficient process and insufficient service of process hinge on its erroneous conclusion that there was no Plaintiff with Article III standing against ScotBilt Homes, Inc., at the time the lawsuits were filed or when the summonses were issued or served upon ScotBilt Homes, Inc.  Defendant's conclusion is erroneous because in the Administrative Master Complaint, Plaintiffs sought certification of a class action consisting of: "All individuals who resided for any length of time in FEMA-provided housing units within the states of Louisiana, Mississippi, Alabama, and Texas after Hurricanes Katrina and Rita." Because both Flowers and Barnes were putative members of that class, there were plaintiffs with Article III standing against ScotBilt Homes, Inc., at the time those lawsuits were filed and the summonses were issued.

Additionally the purpose of Rule 4 and service of process is only to ensure that "all defendants ... no matter where they might be located, notice of the commencement of the action." 4 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1961, 312 (2002). There is no indication that ScotBilt is unaware of Plaintiffs' lawsuit.

5

Because there were Plaintiffs with standing at the time the Administrative Master Complaint was filed and summonses were issued, Defendants' Motion to Dismiss for insufficient process and insufficient service of process should be denied.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that Defendant ScotBiltHomes, Inc.'s Rule 12(b) Motion to Dismiss be denied.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY: s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**

ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, JR., #17519

            MATT MORELAND, #24567
            LINDA NELSON, #9938
            RONNIE PENTON, #10462

## **CERTIFICATE OF SERVICE**

  I hereby certify that on October 28, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

            s/Gerald E. Meunier
            GERALD E. MEUNIER, #9471