UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 07-1873 |
| FORMALDEHYDE PRODUCT | * | |
| LIABILITY LITIGATION | * | SECTION "N-4" |
| | * | |
| | * | JUDGE KURT D. ENGELHARDT |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | MAG. JUDGE KAREN WELLS ROBY |
| THE ADMINISTRATIVE MASTER | * | |
| COMPLAINT | * | |
| | * | |
| AND TO | * | |
| | * | |
| STEPHANIE G. PUJOL, ET AL V. | * | |
| THE UNITED STATES OF AMERICA, | * | |
| ET AL, USDC No. 08-2317, "N-4" | * | |

---

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

### Relevant Procedural Background

Philips Products, Inc. ("Philips") became a party to this multi-district litigation when, on April 7, 2008, it was served with the Administrative Master Complaint (Doc. 109). Later, on June 10, 2008, Philips was served with the Class Action Complaint in Pujol, et al v. The United States of America, et al, No. 08-3217, which contained allegations essentially identical to those made in the Administrative Master Complaint; namely that Philips was a "Manufacturing Defendant" which was guilty of various acts or omissions which resulted in housing units containing dangerous levels of formaldehyde being provided to hurricane

-1-

victims for use as semi-permanent housing.

Significantly, as used in both complaints, "Manufacturing Defendants" comprehended companies which manufactured and supplied housing units to FEMA, and no allegations purported to implead manufacturers or suppliers of component parts which the Manufacturing Defendants incorporated into their housing units.

Since Philips does not manufacture or sell housing units, but only makes some components which may be incorporated into housing units, it is not a "Manufacturing Defendant" as described in the plaintiffs' complaints. This circumstance was explained to Plaintiffs' Liaison Counsel (Exhibit C), who requested certification of the facts and indicated that Philips would be voluntarily dismissed from the litigation (Exhibit D).

As requested, plaintiffs were provided with the affidavit of Philips' President, Ron Mason, (Exhibit E) certifying that it did not design, manufacture or sell housing units to FEMA or to any other public or private entity or person; but acknowledging that Philips does make products which may be incorporated into both site-built and factory-built homes. Noting that Philips does make some component parts, Plaintiffs' Liaison Counsel withdrew the offer of a voluntarily dismissal (Exhibit F).

With the deadline for responding to the original complaints already having passed, and following the lead of other defendants, Philips filed a Motion to Dismiss or, alternatively, for a More Definite Statement (Doc. 340) which adopted the Manufacturing Defendants' Joint Rule 12(b)(6) Motion to Dismiss (Doc. 210) and the Motion to Dismiss on Behalf of the Newly Added Defendants (Doc. 230). Among other things, those motions

-2-

pointed out that the plaintiffs lacked standing, because no plaintiff had alleged that he or she had lived in a housing unit manufactured by one of the Movers. While the motions of various defendants, including Philips, to dismiss the original complaints were pending, plaintiffs filed a motion seeking leave to supplement their complaints in a manner intended to circumvent the objections defendants were making. Plaintiffs also propounded discovery to the defendants. Philips was disappointed to find that in the proposed supplemental pleadings not only was it still included as a Manufacturing Defendant, but also that six (6) named plaintiffs claimed they had resided in a housing unit allegedly manufactured by Philips.

With the motions to amend pending, and although it had been dismissed, it was Philips' anticipation that the motions would be granted and that the supplemental petitions would allege that particular plaintiffs resided in one or more housing units manufactured by Philips. Faced with the prospect of continuing to incur litigation expenses for an indeterminable period, Philips decided to answer the plaintiffs' discovery and thereby both make a record of the facts which Philips believes demonstrate that it is not a proper party to this litigation, and also position itself to move for summary judgment.

The Court eventually granted the defendants' motions and dismissed the original complaints, but it also invited the plaintiffs to either pursue their pending motions, or to file new motions to supplement and amend the original complaints. (Docs. 599 and 604). The plaintiffs elected to file new motions (Docs. 656 and 657); and in due course the motions were granted (Doc. 720) and supplemental complaints were filed in both cases (Docs. 721

and 722).

## Argument

As it presently stands, Philips Products, Inc. has been sued as a manufacturer of housing units containing high levels of formaldehyde and for allegedly ignoring or deliberately concealing and/or condoning the concealment and/or conspiring with, advising, encouraging, or aiding others to conceal that the levels of formaldehyde in the units were dangerous to those who would occupy them. (Administrative Master Complaint, Doc. 109, Second Supplemental and Amended Administrative Master Complaint, Doc. 722; Class Action Complaint, Doc. 1, Pujol, et al v. The United States of America, et al, No. 08-3217, and Second Supplemental and Amended Complaint, Doc. 721). More particularly, six (6) named persons[1] allegedly resided in a housing unit manufactured by Philips. Based upon an email from one of the attorneys representing the plaintiffs, Philips understands that all six (6) of these plaintiffs resided in the same housing unit, and that that unit was a "trailer" (Exhibit A).

Neither of the supplemental and amended complaints (Docs. 721 and 722) state any claim against Philips upon which relief may be granted either to the six (6) named plaintiffs, or to any other plaintiff or prospective class member, because Philips is not a manufacturer of housing units. Exhibit B to this motion is a copy of Philips' response to

---

[1] Betty Thomas, Frank Alfred, Gloria Alfred, Courtney Alfred, Eumakia Alfred and Christopher Thomas (Doc. 722, paragraphs 7(21) – 7(26); Doc. 721, paragraphs 6(21) – 6(26)).

plaintiffs' interrogatories propounded to all non-governmental defendants, which response is verified by the affidavit of Philips' Assistant Secretary, James F. Parr.   Plaintiffs' Interrogatory No. 1 and Philips' Answer thereto read, in pertinent part, as follows:

**INTERROGATORY NO. 1**:

Please state your market share of the total number of manufactured housing units sold to FEMA, DHS and/or any other governmental agency in response to hurricanes Katrina and Rita.

**ANSWER:**

Zero.

Philips Products, Inc. does not, and at no time did it, manufacture, broker, sell or supply housing units of any kind to anyone.  Philips does not now have, nor has it at any other time had, any contracts to supply housing units to FEMA, DHS, or any other governmental agency.

As the foregoing answer unequivocally states, Philips did not manufacture, broker, sell or supply housing units of any kind to anyone.  As indicated by the email from one of the attorneys representing them, Gloria Alfred, Frank Alfred, Betty Thomas, Eumakia Alfred, Christopher Thomas and Courtney Alfred, all resided in the same trailer (Exhibit A). The fact that they have mistakenly identified Philips as the manufacturer of that unit is evidenced by that series of emails exchanged by Defendants Liaison Counsel, Andrew Weinstock, and that member of the Plaintiffs' Steering Committee, Linda Nelson (Exhibit G), wherein Ms. Nelson states the belief that Betty Thomas, one of the six (6) individuals who resided in the same unit, actually lived in a "redmond homes" [sic] unit.

One of the principal purposes of the summary judgment rule is to isolate and

-5-

dispose of factually unsupported claims, and the rule should be interpreted to accomplish that purpose. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-324 (1986).

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment may be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex,* 477 U.S. at 322-323.

The Mover bears the burden of initially demonstrating the absence of material issues of fact; but is not required to negate the elements of the nonmover's case. *Abbott v. Equity Group, Inc.,* 2 F.3d 613, 619 (5th Cir. 1993); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). If the Mover meets his burden, than the burden shifts to the nonmover who, to avoid summary judgment, must go beyond the pleadings and show by specific facts that there is a genuine issue for trial. Id; Rule 56(e). A party's subjective belief, including a belief based upon a mistaken interpretation of fact, does not give rise to a "genuine" dispute as to a material fact. A dispute is "genuine" if there is concrete evidence upon which a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 and 256 (1986). The nonmover's burden is not satisfied by his pointing to some metaphysical doubt as to the material facts, by conclusory allegations, or by unsubstantiated assertions. A defendant simply should not be required to bear the unnecessary costs of delay and trial to defend against a claim that has no merit. *Little,* 37 F.3d at 1075-1076.

To defeat this motion the plaintiffs would be obliged to offer concrete, not

-6-

theoretical, evidence that Philips manufactures housing units.  This is impossible, based upon the exhibits submitted herewith which establish that:    (1) Philips does not manufacture, broker, sell or supply housing units of any kind, but nevertheless it has been sued as a "Manufacturing Defendant";  (2) that Philips has not been sued as a component parts manufacturer, and even if it had been sued in such capacity, none of the products which it makes for use in trailers include any formaldehyde-containing components; and (3) that it is entitled to summary judgment dismissing, with prejudice not only the claims asserted by Gloria Alfred, Frank Alfred, Betty Thomas, Eumakia Alfred, Christopher Thomas and Courtney Alfred, but also the claims of all other plaintiffs and putative class members.

Respectfully Submitted,

**HEBBLER & GIORDANO, L.L.C.**
*Attorneys at Law*

/s/ Thomas M. Young
THOMAS M. YOUNG, Bar No. 7547
ANTHONY J. MILAZZO, JR. Bar No. 9661
Hebbler & Giordano, L.L.C.
3636 S. I-10 Service Road W, Suite 300
Metairie, Louisiana  70001
Telephone:  (504) 833-8007
Facsimile:  (504) 833-2866
Email: young@hebblergiordano.com

**Attorneys for Philips Products, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2008 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record. I further certify that there are no known non-CM/ECF participants.

*/s/ Thomas M. Young*