UNITED STATED DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | : : : : : : : | MDL NO. 1873<br><br>SECTION "N" (4)<br><br>JUDGE ENGELHARDT<br>MAGISTRATE KAREN ROBY |

**This Document is Related to:**
*Pujol versus The United States of America, et al.,*
No. 08-3217

### LIST OF PRESERVATION DEFENSES
### PURSUANT TO PRETRIAL ORDER NUMER 4

**NOW INTO COURT,** through undersigned counsel, come Coachmen Recreational Vehicle Company, LLC, Coachmen Recreational Vehicle Company of Georgia, LLC and Viking Recreational Vehicle Company, LLC, defendants in the above captioned MDL proceeding who, pursuant to Pretrial Order Number 4, provide the following listing of specific defenses in the underlying matter entitled *Stephanie G. Pujol, Individually and as Representative of Similarly Situated Persons vs. The United States of America*, No. 08-3217, Section N, Magistrate 4, United States District Court, Eastern District of Louisiana, which has been consolidated and transferred into the MDL proceeding as follows:

1. Rule 12(b)(5):  Insufficiency of Service of Process

2. Rule 12(b)(6) including but not limited to the following:

    A. Plaintiffs' claims are barred by the applicable prescriptive periods and statutes of limitations.

    B. Plaintiffs' claims of negligence, negligence per se, gross negligence, recklessness and willfulness, strict liability, and breach of express and

474420.1

    implied warranties are precluded by the Louisiana Products Liability Act which is the exclusive remedy.

  C. Failure to state a claim for punitive damages. Punitive damages are not available in Louisiana based upon the facts alleged in the complaint.

  D. Plaintiffs fail to state a claim for which relief can be granted as to a redhibition cause of action. Rather than specifically stating a claim for redhibition, plaintiffs state a claim for breach of implied and express warranties which fail because there is no privity of contract between the plaintiffs and the manufacturer.

  E. Plaintiffs fail to state a claim for medical monitoring because none of the plaintiffs has alleged present manifest injury or disease resulting from actual exposure.

  F. Plaintiffs fail to state a claim for injunctive relief because none of the theories pled allows for injunctive relief.

  G. Plaintiffs fail to state a claim for attorneys' fees because attorneys' fees are not recoverable under the LPLA and other states' law and because they have not alleged any other viable theory of recovery in which attorneys' fees can be awarded.

  H. Plaintiffs fail to state a claim upon which relief can be granted because their complaints fail to identify and link the proper plaintiff with alleged exposure and injuries to a particular manufacturer's product.

  I. Plaintiffs fail to state a claim for breach of expressed and implied warranties under Louisiana, Alabama, Mississippi and Texas law.

  J. Plaintiffs failure to state a claim upon which relief can be granted to the extent that claimants seek property damages in as much as claims are precluded under applicable law.

  K. Plaintiffs lack standing.

3. 12(e) Motion for More Definite Statement

Based upon the failure of plaintiffs to make particularized allegations about their injuries and damages and their failure to make any particularized allegations regarding the alleged conduct of defendants herein.

4. Rule 9(b)

Claims of fraud should be dismissed for failure to plead such claims with adequate particularity.

474420.1

5. Defendants further preserve and incorporate, as if set forth fully herein, all defenses raised by themselves and by other manufacturing defendants in response to the Master Complaint and all subsequent supplemental and amending complaints filed in the above captioned MDL proceeding and the underlying actions comprising the MDL proceeding.

By Attorneys,

**TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.**

By: /s/ John Stewart Tharp
David M. Bienvenu #20700
John Stewart Tharp #24230
Chase Tower South, 8th Floor
451 Florida Street, 70801
Post Office Box 2471
Baton Rouge, LA 70821
Telephone: (225) 387-3221
Facsimile: (225) 346-8049

*Attorneys for Coachmen Recreational Vehicle Company, LLC, Coachmen Recreational Vehicle Company of Georgia, LLC and Viking Recreational Vehicle Company, LLC*

- CERTIFICATE –

I certify that on this 31st day of October, 2008, a copy of the foregoing has been forwarded to all known counsel of record, by electronic filing and transmission via the Court's ECF system.

/s/ John Stewart Tharp

474420.1