UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | ) | MDL NO. 07-1873 |
| FORMALDEHYDE PRODUCT | ) | |
| LIABILITY LITIGATION | ) | SECTION "N-4" |
| | ) | |
| | ) | JUDGE ENGELHARDT |
| | ) | |
| THIS DOCUMENT IS RELATED TO: | ) | MAG. JUDGE ROBY |
| *Pujol v. The United States of America*, No. 08-3217 | ) | |
| | ) | |

**FEDERAL RULE OF CIVIL PROCEDURE 12(B) PRESERVATION LIST
ON BEHALF OF NEWLY ADDED DEFENDANTS**

NOW INTO COURT, through undersigned counsel, come Defendants, CMH Manufacturing Inc., Southern Energy Homes, Inc., Palm Harbor Homes, Inc., Palm Harbor Mfg., LP, Palm Harbor Albermarle, LLC, Giles Family Holdings, Inc., SunRay Investments, LLC (the "Newly Added Defendants"), and, pursuant to Pre-Trial Order Number 4 (Rec. Doc. 130),[1] and without prejudice to their right to assert any other allowable preliminary motions, pleadings, dispositive motions or affirmative defenses in this or any other case in which they are subsequently named and properly served, submit for preservation the following specific Federal Rule of Civil Procedure Rule 12(b) dismissal grounds ("Preservation List") as they relate to the Second Supplemental and Amended Complaint (the "*Pujol* Second Amended Complaint") (Rec.

---

[1] It is unclear the extent to which the Second Supplemental and Amended AMC (Rec. Doc. 722) supersedes, amends, and/or replaces the allegations asserted by the plaintiffs in each of the underlying actions.  Thus, out of an abundance of caution, and to ensure that relevant motions and defenses are preserved, for each underlying action in which it has been named as a party, the Newly Added Defendants have listed the defenses and motions applicable to that underlying action and the Second Supplemental and Amended AMC.

01707844.1

Doc. 721) filed in *Pujol, et al v. The United States of America, et al*, Civil Action No. 08-3217.[2]

The Newly Added Defendants, hereby incorporate and adopt all the filings of the items listed in the preservation lists of all the named co-defendants in the Multi-District Litigation 07-1873 in all of the underlying cases, and all Rule 12 Motions filed by the various co-defendants, as if fully set forth at length herein as their own, including, but not limited to, the following issues:

1. Article III Standing: Plaintiffs have failed to satisfy their burden of establishing Article III standing against the Newly Added Defendants, and thus this Court does not have subject matter jurisdiction over Plaintiffs' claims against the Newly Added Defendants.

2. Improper Joinder: Plaintiffs have improperly joined whatever individual claim each may theoretically have against a Defendant with claims that other Plaintiffs may or may not have against other Defendants and have failed to demonstrate any common evidentiary link between either Plaintiffs' claims or the Defendants. Accordingly, the claims levied against the Newly Added Defendants solely as members of the "industry" should be dismissed.

3. Rule 12(b)(3) – (a) Improper venue in any of the states whose laws are at issue in this lawsuit based on contractual forum selection clause/mandatory arbitration clause contained in the manufacturer's warranty contract, which also contractually limits the warranties; (b) Improper venue as to the Plaintiffs who reside outside the Eastern District of Louisiana.

4. 12(b)(6) - Federal law preempts state law as all units manufactured by the Newly Added Defendants were in accordance with HUD's guidelines, and as such, conflicting state law provisions are preempted.

5. 12(b)(6) - Failure to state a claim upon which relief can be granted under any state's law inasmuch as no claimant has specifically claimed any current injury, but rather has generally claimed non-specific and unspecified current and future injury.

---

[2] The Newly Added Defendants are filing this Preservation List without waiver of their Article III standing defenses, which are based on the fact that neither the *Pujol* Original Complaint nor the *Pujol* First Amended Complaint identify a specific putative plaintiff who actually resided in any of the Newly Added Defendants' units. The Newly Added Defendants respectfully reserve their right to supplement and amend this Preservation List in the future as further discovery may warrant and require, and in accordance with any and all subsequently filed or served lawsuits naming the Newly Added Defendants as party defendants.

6. 12(b)(6) - Failure to state a claim upon which relief can be granted under any state's law to the extent that Plaintiffs later specifically seek attorneys fees under federal or state law inasmuch as such claims are precluded.

7. 12(b)(6) - Failure to state a claim upon which relief can be granted under any state's law to the extent that Plaintiffs specifically assert punitive damages under federal or state law inasmuch as such claims are precluded.

8. 12(b)(6) - Failure to state a claim insofar as putative Plaintiffs have not alleged and cannot prove either specific or general causation for their alleged injuries.

9. 12(b)(6) - Failure to state a claim upon which relief can be granted under any state's law to the extent that Plaintiffs specifically assert implied warranty claims, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

10. 12(b)(6) - Failure to state a claim upon which relief can be granted under any state's law to the extent that Plaintiffs specifically seek property damages, inasmuch as such claims are precluded.

11. 12(b)(6) - Failure to state a claim upon which relief can be granted under any state's law to the extent that Plaintiffs seek to impose joint and several and/or solidary liability upon the Newly Added Defendants, inasmuch as the applicable law precludes such reapportionment of fault and there is no market-share liability; The Newly Added Defendants cannot be held responsible for more than its own share of any potential damage award and is not liable for the acts, errors or omissions of any other party or non-party to this litigation.

12. 12(b)(6) - Failure to state a claim upon which relief can be granted under any state's law inasmuch as Plaintiff's own negligence, contributory negligence, comparative negligence, assumption of risk, negligence *per se*, gross negligence, recklessness, willfulness, strict liability, and breach of implied warranties claims bars those claims (including, but not limited to, being barred by the exclusivity provisions of the Louisiana Products Liability Act).

13. 12(b)(6) - Failure to state a claim upon which relief can be granted under any state's law to the extent that Plaintiffs seek injunctive relief as none of the theories invoked by Plaintiffs provide recovery for injunctive relief sought by plaintiffs and Plaintiffs have not alleged a sufficient basis to entitle them to injunctive relief. The Newly Added Defendants do not own or control any of the units at issue or where any potential Plaintiff at issue may reside.

01707844.1

14. 12(b)(6) – Failure to state a claim for medical monitoring damages because Plaintiffs have not alleged a present and manifest injury and to the extent that such claims are not recognized by the applicable state law.

15. 12(b)(6) – Plaintiffs' claims are barred by the applicable prescriptive periods and applicable statutes of limitation.

16. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that Plaintiffs specifically seek property damages insofar as such claims are precluded under applicable state law.

17. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that Plaintiffs have not alleged actual damages and/or have failed to mitigate their damages.

18. 12(b)(2) – (a) Lack of personal jurisdiction over the Newly Added Defendants in Louisiana or any other State as there is no identified Plaintiff suing any Newly Added Defendant as having been provided a unit by any Newly Defendant within the *Pujol* Original Complaint or the *Pujol* First Amended Complaint such that there is an ability to evaluate the propriety of the proposed venue of this Court; (b) There is no minimum contacts with one or more of the states whose laws have been placed at issue so as to warrant or allow jurisdiction over the Newly Added Defendants.

19. 12(b)(4) – Inadequacy of service of process in that the *Pujol* Second Amended Complaint was not served on the proper corporate entities.

20. 12(b)(7) – Failure to join a necessary and indispensable party – the suppliers of the materials used in construction of the homes have not been added as parties; there is a contractual indemnification provision between certain Newly Added Defendants and the companies that contracted with Newly Added Defendants for manufacture of such homes; (b) failure to join the manufacturers of the furniture or other FEMA mandated furnishings which contain formaldehyde.

21. 12(b)(6) – Failure to state a claim for breach of express warranty under Alabama, Mississippi, and Texas law.

22. 12(b)(6) – Failure to state a claim for breach of implied warranty under Alabama, Mississippi, and Texas law.

23. 12(b) - Failure to timely file a motion for class certification pursuant to Uniform Local Rule 23.1.

24. Rule 9(b) – Concealment, conspiracy (if any), misrepresentation, and fraud claims should be dismissed for failure to plead such claims with the requisite particularity.

25. Rule 12(b)(5) – Insufficiency of service of process.

26. Rule 12(e) – Motion for a more definite statement.

27. Rule 12(b)(6) – Failure to state a claim for injunctive relief.

28. Rule 12(b)(6) – Failure to state a claim for attorney's fees.

29. Rule 12(b)(6) – Failure to state a claim for punitive damages.

30. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent Plaintiffs seek damages for failure to warn about formaldehyde because Newly Added Defendants complied with HUD guidelines and placed warnings in the housing units warning of the very dangers the Plaintiffs allegedly suffered.

31. All Rule 12(b) motions filed in the underlying MDL case (07-1873) by the Newly Added Defendants and the co-defendants (including, but not limited to, Rec. Docs. 210, 230, 242, 243, 244, 252, 259, 416, 466, 491, 760, 761, and 767).

Finally, the Newly Added Defendants respectfully assert that they preserve all defenses raised and briefed in their Motion to Dismiss the Second Supplemental and Amended Administrative Master Complaint (Rec. Doc. 747), and the similarly situated co-defendants' Motions to Dismiss in MDL 1873 (Civil Action No. 07-1873).

        Respectfully submitted,

        */s/ Lee E. Bains, Jr.*
        Lee E. Bains, Jr.
        One of the Attorneys for Newly Added Defendants

**OF COUNSEL:**

Lee E. Bains, Jr.
Thomas W. Thagard, III
Edward A. "Ted" Hosp
Edward S. Sledge IV
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2616
Telephone: (205) 254-1000
Fax: (205) 254-1999

- and -

FOWLER RODRIGUEZ & CHALOS
400 Poydras Street, 30th Floor
New Orleans, Louisiana 70130
Telephone: 504-523-2600
Fax: 504-523-2705

## CERTIFICATE OF SERVICE

     I hereby certify that on October 31, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

                              */s/ Lee E. Bains, Jr.*
                              Of Counsel

01707844.1