UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | : : : | MDL NO. 2:07-MD-1873 SECTION "N" (4) |
| | : | JUDGE ENGELHARDT |
| THIS DOCUMENT IS RELATED TO: *Stephanie G. Pujol, et al v. The United States of America, et al,* NO. 08-3217 | : | MAGISTRATE JUDGE ROBY |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### HOMES OF MERIT, INC.'S
### PRESERVATION OF DEFENSES

Defendant Homes of Merit, Inc. ("Merit") respectfully submits the following list of defenses to be preserved in the following action pending in this multi-district litigation. Merit reserves the right to amend or supplement these defenses and to file appropriate preliminary pleading and dispositive and other motions in the following cases and in any other cases in which it has been or will be named and properly served.

***Stephanie G. Pujol, et al v. The United States of America, et al*, No. 08-3217, Eastern District of Louisiana:**

Merit has been named in this action and Merit preserves the following defenses:

1. Plaintiffs fail to establish that the court has subject matter jurisdiction over their claims.

2. Plaintiffs lack standing to assert their claims against this defendant.

3. Plaintiffs have failed to sufficiently serve process upon this defendant.

4. Plaintiffs fail to establish that the court has personal jurisdiction over this defendant.

5. Plaintiffs have failed to sue this defendant in a court of proper venue.

6. Plaintiffs fail to state a claim upon which relief can be granted under the products liability laws of Alabama, Louisiana, Mississippi, and/or Texas.

7. Plaintiffs' claims against this defendant are barred by the applicable statutes of limitation, prescriptive and preemptive periods, and/or laches.

8. Plaintiffs fail to state a claim for medical monitoring damages because they have not alleged a specific or manifest injury.

9. Plaintiffs fail to state a claim for attorney's fees and costs.

10. Plaintiffs fail to state a claim for punitive damages.

11. Plaintiffs fail to state a claim for property damages.

12. Plaintiffs fail to state a claim for injunctive relief.

13. Plaintiffs fail to state a claim for breach of express or implied warranties under Louisiana, Alabama, Mississippi and Texas law.

14. Plaintiffs' theories of solidary liability, joint and several liability, or market share liability, are precluded by applicable law.

15. Plaintiffs have failed to plead fraud or misrepresentation with particularity.

16. Plaintiffs' claims are barred by the doctrines of waiver, ratification, unclean hands and/or estoppel.

17. Plaintiffs' claims are barred by the principles of res judicata and/or collateral estoppel.

18. Plaintiffs' claims should be dismissed, or alternatively, their damages (the existence of which is denied) should be reduced due to each plaintiff's own negligent conduct, lack of care, comparative fault, breaches of contract, fraud or legal fault.

19. Plaintiffs have not sustained any damages proximately caused by this defendant.

20. The damages allegedly sustained by plaintiffs (the existence of which damages is denied) were the result of acts or omissions of parties other than this defendant for which this defendant is not legally responsible.

21. Some or all of plaintiffs' claims may be subject to binding arbitration.

22. Plaintiffs fail to state a claim because the claims they allege against this defendant are barred by federal preemption pursuant to 42 U.S.C. § 5401, et seq., 24 C.F.R. § 3280, et seq., and 24 C.F.R. § 3282, et seq.

23. Plaintiffs fail to state a failure to warn claim because they are charged with the knowledge of the federally mandated warnings regarding formaldehyde set forth in 24 C.F.R. § 3280, et seq.

24. Plaintiffs fail to state a claim because they were warned of the risks of formaldehyde alleged to exist in this defendant's product and the symptoms and/or injuries that could occur by occupying this defendant's products, which are the very type and nature of symptoms and injuries they allege they have suffered.

25. Plaintiffs fail to allege their claims and damages with sufficient particularity.

26. Plaintiffs fail to allege the fault or other actionable conduct of this defendant with sufficient particularity.

Respectfully submitted,

**VOORHIES & LABBÉ**
(A Professional Law Corporation)


/s/ Lamont P. Domingue
Lamont P. Domingue - #20787
Post Office Box 3527
700 St. John Street
Lafayette, Louisiana 70502-3527
Telephone: (337) 232-9700
ATTORNEYS FOR Homes of Merit, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of October, 2008, a copy of the foregoing Preservation of Defenses was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service this filing to the following non-CM/ECF participants:

>Jeffery N. Luthi
>One Columbus Circle, NE
>Federal Judiciary Bldg., Room G-255
>Washington, DC 20002.

>/s/ Lamont P. Domingue

387317