UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: FEMA TRAILER<br>FORMALEDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N |

This document relates to:
*Babin* 08-4629

## RESERVATION OF DEFENSES UNDER RULE 12(b) BY DEFENDANT FOREST RIVER, INC., PALOMINO RV, AND VANGUARD INDUSTRIES OF MICHIGAN, INC.

NOW INTO COURT, through undersigned counsel, come defendants Forest River, Inc. ("Forest River"), Palomino RV, and Vanguard Industries of Michigan, Inc., who hereby respectfully reserve the following defenses and objections to plaintiffs' Petition. Although this matter is currently pending in multi-district litigation, titled *In re: FEMA Trailer Formaldehyde Products Liability Litigation*, MDL No. 1873, Section N (4), defendants raise and hereby preserve the following defenses available under Rule 12(b):

**1.** ***Babin v. Cavalier Home Builders, LLC, et al.*, No. 08-4629 (E.D. La.)**

(a) Rule 12(b)(5): Insufficiency of Service of Process;

(b) Rule 12(b)(1): Lack of subject matter jurisdiction over claims;

(c) Rule 12(b)(6): Failure to state to claim for negligence, negligence per se, gross

negligence, recklessness and willfulness, strict liability in tort because these theories of recovery are Louisiana Products Liability Act based claims;

(d) Rule 12(b)(6): Failure to state a claim for breach of implied and express warranty under the UCC and Common Law because those claims are not available to plaintiffs, and to the extent that they are available, they are precluded by the Louisiana Products Liability Act;

(e) Rule 12(b)(6): Failure to state a claim for medical monitoring damages under Louisiana, Mississippi, Texas or Alabama law because plaintiffs have not alleged a present and manifest injury;

(f) Rule 12(b)(6): Failure to state a claim for injunctive relief;

(g) Rule 12(b)(6): Failure to state a claim for attorney's fees because (a) attorney's fees aren't recoverable under the LPLA; and (b) because they have not alleged any other viable theory of liability through which they can recover attorneys' fees;

(h) Rule 12(b)(6): Failure to state a claim for punitive damages;

(i) Rule 12(b)(6): Failure to state a claim because plaintiffs failed to make any particularized allegations regarding their injuries and damages, and failed to make any particularized allegations connecting any particular plaintiff to conduct by any particular defendant;

(j) Rule 12(e): Motion for more definite statement of the complaint based on plaintiffs' failure to make particularized allegations about their injuries and damages and failure to made any particularized allegations about any particular defendants' alleged conduct;

(k) Rule 21: Improper joinder: Failure to satisfy requirements for joinder of parties under FRCP 19 and 20;

(l) Rule 12(b)(6): Failure to state a claim for breach of express warranty under Alabama, Mississippi, and Texas law;

(m) Plaintiffs' LPLA, tort based and breach of warranty claims are barred by the applicable prescriptive periods;

(n) Rule 12(b)(6) : Failure to state a claim for breach of implied warranty of merchantability under Alabama, Mississippi, and Texas law;

(o) Rule 12(b)(6): Failure to state a claim for breach of implied warranty of fitness for particular purpose under Alabama, Mississippi and Texas law;

(p) Rule 9(b): Failure to plead fraud and misrepresentations with particularity;

(q) Plaintiffs' claims are prescribed under Louisiana's one year prescriptive period for claims made on behalf Louisiana residents and/or the applicable statute of limitations has run as to claims made on behalf of Alabama and Mississippi residents;

(r) Rule 12(b)(6):  Plaintiffs fail to state a claim for which relief can be granted as to plaintiffs' claim for breach of express warranty as plaintiffs do not rely on any representation by any seller as a basis of the bargain;

(s) Rule 12(b)(6):  To the extent plaintiffs seek property damages under AL, LA, or MS law, plaintiffs are not entitled to recover same;

(t)  Plaintiffs lack standing as they are not purchasers or buyers from defendants.

WHEREFORE, defendants pray that the objections and defenses described above be preserved if the suit is remanded to this Court at a later date.  Defendants request the right to brief

any Rule 12(b) motion in full and requests the right to oral arguments on the merits of any such motion.

          Respectfully Submitted,

          /s/ Jason D. Bone
          Ernest P. Gieger, Jr. (T.A.) (6154)
          Jason D. Bone (28315)
          GIEGER, LABORDE & LAPEROUSE, L.L.C.
          One Shell Square
          701 Poydras Street, Suite 4800
          New Orleans, Louisiana 70139-4800
          Telephone: (504) 561-0400
          Facsimile: (504) 561-1011

          ATTORNEYS FOR FOREST RIVER, INC.
          PALOMINO RV, AND VANGUARD INDUSTRIES
          OF MICHIGAN, INC.

## CERTIFICATE OF SERVICE

I do certify that on this 3RD day of November, 2008, I served a copy of the foregoing on all counsel of record via the electronic notice system of the court.

          /s/ Jason D. Bone