UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | * MDL NO. 07-1873 <br> * <br> * SECTION "N-4" <br> * <br> * JUDGE KURT D. ENGELHARDT |
| THIS DOCUMENT IS RELATED TO *Pujol v. The United States of America, et al.*, Civil Action No. 08-3217 | * <br> * MAG. JUDGE KAREN WELLS ROBY <br> * |

### FEDERAL RULE OF CIVIL PROCEDURE RULE 12(B) PRESERVATION LIST FILED ON BEHALF OF INDIANA BUILDING SYSTEM LLC (D/B/A HOLLY PARK HOMES)

NOW INTO COURT, through undersigned counsel, comes Defendant, Indiana Building System (d/b/a Holly Park Homes) (hereinafter "IBS"), which, without prejudice to its right to assert any other allowable preliminary pleadings, dispositive motions, or affirmative defenses in this or any other case in which it is subsequently named and properly served, submits for preservation the following list of specific Federal Rule of Civil Procedure Rule 12(b) dismissal grounds as they relate to the Second Supplemental and Amended Complaint filed in *Pujol, et al v. The United States of America, et al*, Civil Action No. 08-3217. (doc. no. 721.) Defendant, IBS, hereby incorporates and adopts all of the items listed in the preservation lists of all the named co-defendants in the Multi-District Litigation 07-1873 in all of the underlying cases, all of the items listed in its previously-filed preservation lists, and all Rule 12 Motions filed by the various co-defendants, as if fully set forth at length herein as its own, including, but not limited to, the following issues:

1. Plaintiffs fail to establish that the court has subject matter jurisdiction over their claims.

831226.2

2. Plaintiffs lack standing to assert their claims against this defendant.

3. Plaintiffs have failed to sufficiently serve process upon this defendant.

4. Plaintiffs fail to establish that the court has personal jurisdiction over this defendant.

5. Plaintiffs have failed to sue this defendant in a court of proper venue.

6. Plaintiffs fail to state a claim upon which relief can be granted under the products liability laws of Alabama, Louisiana, Mississippi, and/or Texas.

7. Plaintiffs' claims against this defendant are barred by the applicable statutes of limitation, prescriptive and preemptive periods and/or laches.

8. Plaintiffs fail to state a claim for medical monitoring damages because they have not alleged a specific or manifest injury.

9. Plaintiffs fail to state a claim for attorneys' fees and costs.

10. Plaintiffs fail to state a claim for property damages.

11. Plaintiffs fail to state a claim for punitive damages.

12. Plaintiffs fail to state a claim for injunctive relief.

13. Plaintiffs fail to state a claim for breach of express or implied warranties under Alabama, Louisiana, Mississippi, and/or Texas law.

14. Plaintiffs' theories of solidary liability, joint and several liability, or market share liability are precluded by applicable law.

15. Plaintiffs have failed to plead fraud or misrepresentation with particularity.

16. Plaintiffs' claims are barred by the doctrine of waiver, ratification, unclean hands, and/or estoppel.

17. Plaintiffs' claims are barred by the principles of res judicata and/or collateral estoppel.

18. Plaintiffs' claims should be dismissed, or alternatively, their damages (the existence of which is denied) should be reduced due to each plaintiff's own negligence, lack of care, comparative fault, breaches of contract, fraud, or legal fault.

19. Plaintiffs have not sustained any damages proximately caused by this defendant.

20. The damages allegedly sustained by plaintiffs (the existence of which damages is denied) were the result of acts or omissions of parties other than this defendant for which this defendant is not legally responsible.

21. Some or all of plaintiffs' claims may be subject to binding arbitration.

22. Plaintiffs fail to state a claim because the claims they allege against this defendant are barred by federal preemption pursuant to 42 U.S.C. § 5401, et seq., 24 C.F.R. § 3280, et seq., and 24 C.F.R. § 3282, et seq.

23. Plaintiffs fail to state a failure to warn claim because they are charged with the knowledge of the federally mandated warning regarding formaldehyde set forth in 24 C.F.R. § 3280, et seq.

24. Plaintiffs fail to state a claim because they were warned of the risks of formaldehyde alleged to exist in this defendant's product and the symptoms and/or injuries that could occur by occupying this defendant's products, which are the very type and nature of symptoms and injuries they allege they have suffered.

25. Plaintiffs fail to allege their claims and damages with sufficient particularity.

26. Plaintiffs fail to allege the fault or other actionable conduct of this defendant with sufficient particularity.

27. Each Plaintiffs' negligence contributed to his/her alleged injury.

                RESPECTFULLY SUBMITTED,

                BREAZEALE, SACHSE & WILSON, L.L.P.
                One American Place, 23rd Floor
                Post Office Box 3197
                Baton Rouge, Louisiana 70821-3197
                Telephone: 225-387-4000
                Fax: 225-381-8029

                /s/ David R. Kelly
                David R. Kelly, T.A. (#1457)
                Stephen R. Whalen (#27401)
                Jennifer C. Dyess (#31144)

                ***Counsel for Indiana Building System, L.L.C., d/b/a Holly Park***

831226.2


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | * MDL NO. 07-1873 <br> * <br> * SECTION "N-4" <br> * <br> * JUDGE KURT D. ENGELHARDT |
| THIS DOCUMENT IS RELATED TO *Pujol v. The United States of America, et al.*, Civil Action No. 08-3217. | * <br> * MAG. JUDGE KAREN WELLS ROBY <br> * |

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Federal Rule of Civil Procedure Rule 12(B) Preservation List Filed on Behalf of Indiana Building System, LLC (d/b/a Holly Park Homes) has this date been electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

/s/ David R. Kelly
—————————————
David R. Kelly

831226.2