## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  FEMA TRAILER FORMALDEHYDE PRODUCTS         LIABILITY LITIGATION | ) MDL NO. 1873 ) SECTION "N" (4) ) |
| THIS DOCUMENT IS RELATED TO ALL CASES | ) JUDGE ENGELHARDT ) MAG. JUDGE ROBY |

**ANSWER TO DEFENDANT, SCOTBILT HOMES, INC.'S, THIRD-PARTY COMPLAINT AGAINST ALLIANCE HOMES, INC. D/B/A ADRIAN HOMES, AND XYZ INSURANCE COMPANIES NUMBERS 1 THROUGH 25 WHICH ARE UNKNOWN INSURERS FOR ALLIANCE HOMES, INC. D/B/A ADRIAN HOMES**

NOW INTO COURT, comes Alliance Homes, Inc., d/b/a Adrian Homes (Alliance/Adrian), who for answer to the Third Party Complaint filed against them by ScotBilt Homes, Inc., avers:

### FIRST DEFENSE

The Third Party Complaint fails to state facts which would support the jurisdiction of the Court, or that the Court is a proper venue for the action filed.

### SECOND DEFENSE

Alternatively, the Third Party Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

In the further alternative and subject to the exceptive allegations above,

*Page 1 of  7*

Alliance Homes, Inc. denies each and every allegation of the third party demand except as hereinafter admitted or modified.  Further responding, Alliance Homes, Inc. avers as follows:

1.

The allegations of Paragraph 1 are admitted.

2.

Defendant admits its corporate status.

3.

The allegations of Paragraph 3 require no response.

4.

The allegations of Paragraph 4 contain conclusions of law requiring no response.

5.

The allegations of Paragraph 5 are denied as written.

6.

The allegations of Paragraph 6 are denied.

7.

The allegations of Paragraph 7 are admitted.  Further responding, the "MDL" involves alleged injuries by various persons based on allegations of negligence or

fault of various manufacturing defendants, all as is set forth in the "MDL."

8.

The allegations of Paragraph 8 as written are denied.

9.

The allegations of Paragraph 9 as written are denied.

10.

The allegations of Paragraph 10 are denied, as the MDL involves personal injury claims against various manufacturing defendants.  Further responding, it is admitted that the MDL is pending in the United States District Court, Eastern District of Louisiana.

11.

The allegations of Paragraph 11 are admitted.

12.

The contract itself is the best evidence of its terms and provisions, and Alliance Homes, Inc. pleads the terms and conditions of the contract as if copied *in extenso*.

13.

The contract itself is the best evidence of its provisions, terms and conditions, and said contract is a performance contract only.

14.

The allegations of Paragraph 14 are denied.

15.

The allegations of Paragraph 15 are denied insofar as they seek to infer any indemnity obligation is owed to ScotBilt.

16.

The allegations of Paragraph 16 are denied for lack of information to justify a belief therein.

17.

The allegations of Paragraph 17 are denied.

18.

The allegations of Paragraph 18 are denied.

19.

The allegations of Paragraph 19 are denied.

20.

The allegations of Paragraph 20 require no response as the contract is a performance contract and does not obligate Alliance Homes to hold harmless and/or indemnify ScotBilt for the claims asserted in the MDL or any other legal proceeding.

21.

The allegations of Paragraph 21 are denied.

22.

The allegations of Paragraph 22 are denied.

23.

In response to the allegations of Paragraph 23, Alliance Homes reiterates its defenses set forth above, and denies any responsibility to ScotBilt.

24.

The allegations of Paragraph 24 require no response, but insofar as a response is required, the contract is clear that Alliance Homes owes no obligation to ScotBilt.

25.

The allegations of Paragraph 25 require no response, but insofar as a response is required, the contract is clear that Alliance Homes owes no obligation to ScotBilt.

26.

The allegations of Paragraph 26 require no response, but insofar as a response is required, the contract is clear that Alliance Homes owes no obligation to ScotBilt.

27.

The allegations of Paragraph 27 are denied.

28.

The allegations of Paragraph 28 are denied.

29.

The allegations of Paragraph 29 are denied.

30.

The allegations of Paragraph 30 require no response, but insofar as a response is required, Alliance Homes denies ScotBilt is entitled to the relief sought.

31.

The allegations of Paragraph 31 require no response as they refer to a fictitious insurer.

32.

The allegations of Paragraph 32 require no response as they refer to a fictitious insurer.

33.

The allegations of Paragraph 33 require no response by Alliance Homes.

34.

The allegations of Paragraph 34 require no response by Alliance Homes.

35.

The allegations of Paragraph 35 require no response by Alliance Homes.

36.

The allegations of Paragraph 36 are denied.

WHEREFORE, Alliance Homes prays that this Answer be deemed good and

sufficient and that the Third Party Demand be dismissed, with prejudice.

*Respectfully submitted*:

_____/s/ Walter K. Jamison_____
**WALTER K. JAMISON, III**
Louisiana Bar No. 07229
Daigle, Jamison & Rayburn, LLC
303 W. Vermilion Street, Suite 210
Post Office Box 3667
Lafayette, LA  70502
Phone:  (337) 234-7000
Fax:  (337) 237-0344

Counsel for **ALLIANCE HOMES, INC., D/B/A
ADRIAN HOMES**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon all counsel of

record participating by the CM/ECF system, and that if there are any counsel that do

not participate in the CM/ECF system, a copy will be sent to such counsel by U.S.

mail, postage prepaid and properly addressed, this 4th day of November, 2008.

_____/s/ Walter K. Jamison_____
**WALTER K. JAMISON, III**
Louisiana Bar No. 07229