UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | MDL No. 1873 |
| | SECTION N(4) |
| | JUDGE ENGELHARDT |
| THIS DOCUMENT IS RELATED TO: | MAGISTRATE ROBY |

*The Administrative Master Complaint and*

*Pujol v. The United States of America,*
*No. 08-3217*

---

### REPLY MEMORANDUM IN SUPPORT OF MORGAN'S RULE 12(b)(1) MOTION TO DISMISS CLASS CLAIMS AND RULE 12(b)(6) MOTION TO DISMISS PATRICIA A. BURR'S INDIVIDUAL CLAIMS (R. DOCS. 721 and 722)

Morgan Buildings & Spas, Inc. (Morgan Buildings) and Morgan Building Systems, Inc. (Morgan Systems) (collectively, Morgan) moved to dismiss plaintiffs' class action claims, pursuant to Fed. R. Civ. P. 12(b)(1), because plaintiffs have no standing against Morgan. (R. Doc. 726). Morgan also moved to dismiss Patricia A. Burr's (Burr) individual claims, pursuant to Fed. R. Civ. P. 12(b)(6), because her claims are prescribed. *Id.*

Plaintiffs oppose Morgan's motion, now seeking to replace Burr with named plaintiff Penny Robertson, individually and on behalf of her minor daughter, Mercedes (Robertson). (R. Doc. 772). Plaintiffs' opposition is yet another attempt to circumvent the Court's previous rulings. Plaintiffs' eleventh-hour attempt to identify a class representative against Morgan should not be allowed. Further, plaintiffs fail to address Morgan's prescription defense against Burr's individual claim, and attempt to substitute a new class representative against Morgan whose individual claim is also prescribed.

A.  **Plaintiffs' Attempt to Match Robertson with Morgan Should Not be Allowed**

In granting defendants' earlier motions to dismiss for lack of subject matter jurisdiction, the Court warned that any defendant not matched to a plaintiff would be dismissed from this action. (*See* R. Docs. 599 and 604). The only plaintiff matched to Morgan is Burr, in the *Pujol* Second Supplemental and Amended Complaint (R. Doc. 656-5) and in the Second Supplemental and Amended AMC. (R. Doc. 657-5). Burr, however, was not listed on the August 22, 2008 list of class representatives, "a FINAL, SINGLE list 'of individuals who will be the class representatives in this action'." (*See* R. Docs. 706, p. 6, and 666). The class action claims against Morgan must, therefore, be dismissed, because Burr, the only plaintiff matched in a complaint or an amending complaint to Morgan, is not listed on the August 22, 2008 list of class representatives. (*See* R. Doc. 726).

Plaintiffs concede that Burr is not listed on the August 22, 2008 list, and is barred from serving as a class representative. (*See* R. Doc. 768, p. 5, incorporated in R. Doc. 772). Plaintiffs, however, now seek to substitute Robertson for Burr as a class representative against Morgan. While Robertson was listed on the August 22, 2008 list of class representatives, Robertson has never been linked to Morgan in any filing with the Court until plaintiffs' opposition memorandum.

Robertson was a named plaintiff in the May 9, 2008 original *Pujol* complaint. (*Pujol*, R. Doc. 1, ¶ 2). Morgan was not named a defendant. While *Pujol* was amended on June 24, 2008 to add additional defendants, Morgan was not one of those additional defendants. (R. Doc. 378). Morgan was not named a defendant until the *Pujol* Second Supplemental and Amended Complaint was filed. (R. Doc. 721). The amended complaint matched named plaintiffs with specific defendants, but plaintiffs alleged that Robertson lived in a unit manufactured by *Monaco Coach Corporation*. (*Id.* ¶ 5).

Plaintiffs argue that Robertson should be allowed to proceed as a class representative against Morgan, because she was identified on a spreadsheet furnished to defendants on August 22, 2008 and because she *now* files an affidavit alleging that she is residing in a unit manufactured by Monaco

2

Coach and "labeled" by Morgan. (R. Doc. 768, p. 3). Neither the spreadsheet nor the affidavit controls this matter.

As the Court is aware, plaintiffs have provided several lists of proposed class representatives to defendants. Shortly before the August 22, 2008 list was filed (as required by Pretrial Order No. 15 (R. Doc. 658)), plaintiffs filed motions for leave to file second supplemental and amended complaints naming 199 proposed class representatives. (R. Docs. 656 and 657). Of those 199 proposed class representatives, only 58 were later identified on the August 22, 2008 list, which identified 101 proposed class representatives. (R. Doc. 666). On the same date that plaintiffs filed the August 22, 2008 list, they emailed a spreadsheet with 78 names to defense liaison counsel. (*See* R. Doc. 768-5). Morgan appropriately relied on the August 22, 2008 list of class representatives, which the Court previously said would be the final, definitive class list. (R. Doc. No. 658). Not one of the class representatives on the August 22, 2008 list was matched to Morgan in any pleadings.

Plaintiffs' argument that they should now be allowed to match Robertson with Morgan is reminiscent of their attempt to supplement the August 22, 2008 list of class representatives with a claimant drawn from the Second Supplemental and Amended Master Complaint who was matched to defendant Dutch Housing, Inc. d/b/a Champion Homes, a defendant for whom plaintiffs failed to identify a class representative. The Court rejected the plaintiffs' attempt, concluding that "if no individuals on the August 22, 2008 listing of class representatives are matched to a specific manufacturer, than that particular manufacturer will not be in the 'class action' case if the class is certified." (R. Doc. 706, pp. 9-10). Plaintiffs' belated and improper attempt to match Robertson with Morgan, outside of a complaint or an amending complaint, must likewise be rejected.

Plaintiffs argue that Morgan will suffer no prejudice by substituting Robertson for Burr, because Morgan did not attempt to depose Burr during class certification discovery. Morgan had no impetus to depose Burr, because her Plaintiff Fact Sheet included virtually no information (only

3

name, address, and attorney name) (R. Doc. 675-2), let alone information linking her to Morgan. More important, Burr was not included on the August 22, 2008 class representative list.

Similarly, Morgan had no impetus to depose Robertson, because she alleged in the *Pujol* Second Supplemental and Amended Complaint and in the Second Supplemental and Amended AMC that she lived in a trailer manufactured by Monaco Coach, not Morgan. Moreoever, the June 23, 2008 Plaintiff Fact Sheets submitted by Robertson in July 2008 stated that her trailer was manufactured by PMI. *See* Exhibits A and B. Rather troubling is the fact that Exhibits A and B differ markedly from the Plaintiff Fact Sheets attached to plaintiffs' opposition. (*See* R. Doc. 768-6 and 768-7). Even more troubling is the fact that Exhibits A and B, the real Plaintiff Fact Sheets, show *PMI* as the trailer manufacturer while the new and approved Plaintiff Fact Sheets, which surfaced on October 28, 2008, show Morgan as the trailer manufacturer.

Plaintiffs' provocative sleight of hand shows how desperate they are. Robertson has filed no complaint or amending complaint alleging a link to, or claim against, Morgan, and plaintiffs have no class claims against Morgan.

**B.     Like Burr, Robertson's Claims Against Morgan are Prescribed**

As discussed in Morgan's motion to dismiss, and completely ignored by plaintiffs, Burr's individual claims against Morgan are prescribed.[1] (R. Doc. 726-2, pp. 5-8). As previously explained, in order to be timely, Burr had to file suit against Morgan by February 23, 2008. Morgan was not named a defendant in *Pujol* until August 18, 2008. Because Burr first sought to sue Morgan on August 18, 2008, her suit came almost six months late. (R. Doc. 726-2, p. 7).

Robertson fares no better. Also a member of the *McGuire* putative class, she likewise had until February 23, 2008 to file suit. Robertson, as with Burr, had to file suit by February 23, 2008 in

---

[1] While plaintiffs include a section in their opposition entitled "Class Representatives' Claims Against Morgan Are Not Time Barred," they fail to respond to Morgan's prescription arguments. (*See* R. Doc. 768, p. 5).

4

order to be timely. Even if Robertson has advanced a claim against Morgan (which is denied), it would be prescribed.

Because Burr's individual claims and any claims Robertson may have against Morgan are prescribed, neither can act as a class representative against Morgan (*see* R. Doc. 745), and any individual claims against Morgan must be dismissed.

## Conclusion

Because no individual on plaintiffs' definitive class representative list has been linked to Morgan in a complaint or an amending complaint, a class action case can not be certified against Morgan. Plaintiffs' class claims against Morgan must, therefore, be dismissed with prejudice. Additionally, Burr's individual claims against Morgan are prescribed and must, likewise, be dismissed with prejudice. To the extent that plaintiffs argue that Robertson is advancing a claim against Morgan, her claim is also prescribed.

By Attorneys:

**McGlinchey Stafford, PLLC**

*s/ Christine Lipsey*
Christine Lipsey (LA Bar Roll # 1182), T.A.
Dan E. West (LA Bar Roll #13372)
Kaye C. Templet (LA Bar Roll #27983)
Amanda S. Stout (LA Bar Roll #29001)
One American Place, 14th Floor
Baton Rouge, LA 70825
Telephone: (225) 383-9000
clipsey@mcglinchey.com
dwest@mcglinchey.com
ktemplet@mcglinchey.com
astout@mcglinchey.com

*Attorneys for Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc.*

## CERTIFICATE OF SERVICE

I certify that, on November 3, 2008, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the court's CM/ECF system. I also certify that there are no known non-CM/ECF participants.

                                           *s/ Christine Lipsey*
                                           Christine Lipsey

311339.1