UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | MDL No. 1873 |
| | SECTION N(4) |
| | JUDGE ENGELHARDT |
| THIS DOCUMENT IS RELATED TO: | MAGISTRATE ROBY |

*The Administrative Master Complaint and*

*Pujol v. The United States of America,*
*No. 08-3217*

---

## REPLY MEMORANDUM IN SUPPORT OF MORGAN'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF CLASS ACTION CLAIMS (R. Doc. 745)

Morgan Buildings & Spas, Inc. (Morgan Buildings) and Morgan Building Systems, Inc. (Morgan Systems) (collectively, Morgan) have moved *in limine* to exclude, at the class certification hearing, testimonial or documentary evidence, attorney statements, or attorney arguments related to class action claims against Morgan, because plaintiffs lack standing against Morgan and there is no adequate class representative against Morgan. Thus, evidence or argument relating to Morgan as a potential class defendant is irrelevant, and is inadmissible. Fed. R. Evid. 401 and 402. (R. Doc. 745). Plaintiffs oppose Morgan's motion. (R. Doc. 768).

The basis of Morgan's motion is the Court's ruling that only those persons identified in the PLC's August 22, 2008 definitive class representative list will be allowed to serve as class representatives and the fact that no plaintiff matched with Morgan is identified on that list, as well as the fact that the class representative linked to Morgan has a prescribed claim and is, therefore, an inadequate class representative. (R. Doc. 745-4). These defects are also the subject of Morgan's Rule 12(b)(1) Motion to Dismiss Class Claims and Rule 12(b)(6) Motion to Dismiss Patricia A. Burr's Individual Claims advanced in R. Docs. 721 and 722. (R. Doc. 726).

The only plaintiff matched with Morgan in a complaint or an amending complaint is Patricia A. Burr (Burr). *Id.* Burr is not on the August 22, 2008 list of class representatives. (R. Doc. 666). Additionally, Burr's individual claims are prescribed, preventing her from being an adequate class representative. (R. Doc. 726).

Because Burr's standing and prescription defects have been properly raised in a motion to dismiss, Rule 23 class issues should not be reached as to Morgan. *See O'Shea v. Littleton,* 414 U.S. 488, 94 S.Ct. 669, 38 L. Ed. 2d 674 (1974). Only when the named class plaintiff shows individual standing, should the court consider Rule 23 criteria. *See Newburg on Class Actions* §2:9; *see also Kauffman v. Dreyfus Fund, Inc.,* 434 F.2d 727 (3rd Cir. 1970); *Mar v. H & B Novelty & Loan Company,* 489 F. 2d 461 (9th Cir. 1973). As the *Kauffman* court explained:

> In short, a predicate to appellee's right to represent a class is his eligibility to sue in his own right. What he may not achieve himself, he may not accomplish as a representative of a class.

434 F.2d at 734.

Plaintiffs concede that Burr is not on the August 22, 2008 list, and is barred from serving as a class representative. (*See* R. Doc. 768, p. 5). Thus, in opposing Morgan's motion *in limine,* plaintiffs seek to replace Burr with named plaintiff Penny Robertson, individually and on behalf of her minor daughter, Mercedes (Robertson). *Id.* While Robertson was on the August 22, 2008 list of class representatives, she has never been linked to Morgan in any filing with the Court until plaintiffs' opposition memorandum.

As more fully discussed in Morgan's reply memorandum in support of its motion to dismiss (R. Doc. 804-3) and completely incorporated herein, plaintiffs should not be permitted to "match" Robertson with Morgan at this late date and through plaintiffs' opposition memorandum. Further, Robertson's alleged individual claims against Morgan are prescribed, as are Burr's. (R. Doc. 745-4,

pp. 4-5). Like Burr, Robertson has no standing and is an inadequate class representative against Morgan. *Id.*

In sum, any evidence that Robertson would purport to offer against Morgan relative to Rule 23 and class certification is irrelevant and inadmissible under Fed. R. Evid. 401 and 402. Morgan, therefore, prays that the Court exclude evidence or argument related to class claims against Morgan at the class certification hearing.

By Attorneys:

**McGlinchey Stafford, PLLC**

*s/ Christine Lipsey*
Christine Lipsey (LA Bar Roll # 1182), T.A.
Dan E. West (LA Bar Roll #13372)
Kaye C. Templet (LA Bar Roll #27983)
Amanda S. Stout (LA Bar Roll #29001)
One American Place, 14th Floor
Baton Rouge, LA 70825
Telephone: (225) 383-9000
clipsey@mcglinchey.com
dwest@mcglinchey.com
ktemplet@mcglinchey.com
astout@mcglinchey.com

*Attorneys for Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc.*

## CERTIFICATE OF SERVICE

I certify that, on November 4, 2008, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the court's CM/ECF system. I also certify that there are no known non-CM/ECF participants.

*s/ Christine Lipsey*
Christine Lipsey

311376.1

3