**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | ) | **MDL NO. 07-1873** |
| FORMALDEHYDE | ) | |
| PRODUCT LIABILITY LITIGATION | ) | **SECTION "N-4"** |
| | ) | |
| | ) | **JUDGE ENGELHARDT** |
| | ) | |
| THIS DOCUMENT RELATES TO | ) | **MAG. JUDGE ROBY** |
| THE ADMINISTRATIVE MASTER | ) | |
| COMPLAINT AND TO ALL CASES | ) | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER ORDER**
**(REC. DOC. 720) OR, IN THE ALTERNATIVE,**
**TO CERTIFY FOR INTERLOCUTORY APPEAL**

COME NOW Defendants CMH Manufacturing Inc., Southern Energy Homes, Inc., Palm Harbor Homes, Inc., Palm Harbor Mfg., LP, Palm Harbor Albermarle, LLC, Giles Family Holdings, Inc., SunRay Investments, LLC (the "Newly Added Defendants"), Horton Homes, Inc., Silver Creek Homes, Inc., Redman Homes, Inc., Dutch Housing, Inc., Liberty Homes, Inc., Waverlee Homes, Inc., and ScotBilt Homes, Inc. (all moving Defendants are collectively referred to as "Un-Matched Defendants"), and file this Reply Memorandum in Support of their Motion to Reconsider the Court's Order (Rec. Doc. 720) or, in the alternative, to Certify for Interlocutory Appeal (Rec. Doc. 749) ("Motion to Reconsider") and in reply to the PSC Opposition Brief (Rec. Doc. 771) ("PSC Opposition Brief").

**INTRODUCTION**

In their memorandum in support of their Motion to Reconsider (Rec. Doc. 749-2) ("Un-Matched Defendants' Initial Brief"), the Un-Matched Defendants raised two points.

First, this Court should reconsider its Order (Rec. Doc. 720) ("October 6th Order") granting Plaintiffs' Motion for Leave to File Second Supplemental and Amended Complaint (Rec. Doc. 656) and PSC's Motion for Leave to File Second Supplemental and Amended Master Complaint (Rec. Doc. 657) (jointly referred to as "Plaintiffs' Motions to Amend Complaints").

01710588.1

Second, if this Court declines to reconsider its October 6th Order, then this Court should certify the threshold Article III standing issue for interlocutory appeal.

The PSC Opposition Brief incorporates by reference its earlier briefs on the Article III issue and then focuses on the second point dealing with the certification for interlocutory appeal.

## ARGUMENT

## I.   THIS COURT SHOULD RECONSIDER ITS OCTOBER 6TH ORDER AND DENY PLAINTIFFS' MOTIONS TO AMEND COMPLAINTS.

The Un-Matched Defendants' Initial Brief established three main points as to the Article III standing issue.

> 1.    This Court's October 6th Order is contrary to controlling Fifth Circuit authority. *Summit Office Park, Inc. v. U.S. Steel Corp.,* 639 F.2d 1278, 1282-84 (5th Cir. 1981) ("*Summit*"); *Federal Recovery Services, Inc. v. U.S.A.,* 72 F.3d 447, 453 (5th Cir. 1995) ("*Federal Recovery*"); *Aetna Casualty & Surety Co., et al. v. Hillman*, 796 F.2d 770, 774 (5th Cir. 1986) ("*Aetna*"); *Audler v. CBL Innovis*, 519 F.3d 239, 247-48 (5th Cir. 2008) ("*Audler*").[1]

> 2.    This Court's October 6th Order is premised on the incorrect assumption that Plaintiffs' Motions to Amend Complaints are "in accordance with this Court's August 1, 2008 Order and Reasons." October 6th Order, p. 2.[2]

> 3.    This Court's brief October 6th Order is inconsistent with the extended Article III analysis in its August 1, 2008 Order and Reasons (Rec. Doc. 599) ("August 1st Order").[3]

Rather than addressing those three points directly, the PSC Opposition Brief incorporates by reference its arguments in previously filed briefs.[4]  The PSC's earlier arguments are misdirected and essentially fail to address the three issues raised in the Un-Matched Defendants' Initial Brief.

---

[1] Un-Matched Defendants' Initial Brief, pp. 1-2.

[2] Un-Matched Defendants' Initial Brief, pp. 2-3.

[3] Un-Matched Defendants' Initial Brief, pp. 3-4.

01710588.1

A.     **Plaintiffs Cannot Use the Federal Rules of Civil Procedure to Manufacture Article III Standing Retroactively.**

Plaintiffs erroneously argue that the Plaintiffs' Motion to Amend Complaints should be granted under Federal Rules of Civil Procedure 15(b), 23(d), and 20, and as a necessity for effective MDL case management.[5]   Simply put, the constitutional requirement of Article III standing trumps the procedural rules on which Plaintiffs rely.

First, the Federal Rules of Civil Procedure cannot be used to enlarge Article III jurisdiction.  28 U.S.C. § 2072 (the "Rules Enabling Act") ("Such rules shall not abridge, enlarge or modify any substantive right"); *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 845 (1999) ("*Ortiz*") (citing 28 U.S.C. § 2072 and adopting a narrow Rule 23 interpretation in a class action case to prevent the modification of a "substantive right"); *Port Drum Co. v. Umphrey,* 852 F.2d 148, 150 (5th Cir. 1988) ("*Port Drum*") (citing both 28 U.S.C. § 2072 and Fed. R. Civ. P. 82 in holding that a federal rule could not be used to create subject matter jurisdiction).[6]

Second, instead of helping Plaintiffs' cause, the Federal Rules of Civil Procedure actually prohibit what Plaintiffs are trying to do.  *See* Fed. R. Civ. P. 82 ("These rules shall not be construed to extend or limit the jurisdiction of the United States district courts . . . ."); *see also Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 613 (1997) ("*Amchem*") (quoting Fed. R. Civ.

---

(*Footnote continued from previous page*)

[4]  PSC Opposition Brief, p. 2, incorporating by reference "the arguments set forth in the PSC's memoranda at Rec. Docs. 656-2 and 657-2".  Rec. Docs. 656-2 (applicable to *Pujol*) and 657-2 (applicable to all cases) are substantively identical on the Article III issue.  For ease of reference, those PSC memoranda will be referred to jointly as "PSC 657-2 Memorandum" with citations to that document.

[5]  PSC 657-2 Memorandum, pp. 7-12.

[6]  *See generally State of Alabama v. Blue Bird Body Co., Inc.,* 573 F.2d 309, 318 (5th Cir. 1978) ("It is axiomatic that a procedural rule cannot 'abridge, enlarge, or modify any substantive right.'") (citing 28 U.S.C. § 2072(b)); *see also Zurich Ins. Co. v. Logitrans, Inc.,* 297 F.3d 528, 531 (6th Cir. 2002) ("The Federal Rules of Civil Procedure cannot expand the subject matter jurisdiction of federal courts beyond the limits of the U.S. Constitution."); *Davis v. Coca-Cola Bottling Co., Cons*., 516 F.3d 955, 968 n.29 (11th Cir. 2008) (the Rules Enabling Act, "prohibits the use of a procedural rule to 'abridge, enlarge, or modify a substantial right.'  28 U.S.C. § 2072(b)").

3

P. 82 in the class action context: "rules shall not be construed to extend . . . the [subject matter] jurisdiction of the United States district courts"); *Port Drum*, 852 F.2d at 150.

Third, if the Federal Rules of Civil Procedure cannot circumvent Article III, then "effective MDL case management" certainly cannot. By way of example, the Rule 23 settlement in *Amchem* arose out of an MDL, and despite the settlement being the result of MDL case management, the Supreme Court nonetheless rejected it, citing its conflict with the Rules Enabling Act's prohibition on using a Rule of Civil Procedure to affect a substantive right. *Amchem*, 521 U.S. at 628.

Fourth, the plaintiffs in *Summit,* 639 F.2d at 1282-84, and *Aetna,* 796 F.2d at 774, also tried to argue that a federal rule addressing amendments should allow a plaintiff without standing to amend in a plaintiff with standing. The Fifth Circuit rejected plaintiffs' argument:

> The principal issue involved is not whether the complaint can be amended as a matter of course, as urged by appellants, but under the special circumstances here whether Summit could offer an amendment to the complaint at all.

*Summit,* 639 F.2d at 1282. In *Federal Recovery,* the Fifth Circuit further stated: "Rule 15 . . . does not allow a party to amend to create jurisdiction where none actually existed." *Federal Recovery*, 72 F.3d at 453 (citations and internal quotation marks omitted).

In sum, if Article III prohibits a party from amending the complaint, then the question of whether a Federal Rule of Civil Procedure or case management considerations might allow the proposed amendment is irrelevant. The inquiry properly begins and ends with Article III, not the Federal Rules of Civil Procedure.

## II.     IN THE ALTERNATIVE, THIS COURT SHOULD GRANT THE MOTION FOR INTERLOCUTORY APPEAL

Remarkably, the PSC appears to oppose the Un-Matched Defendants' alternative request that this Court certify its October 6th Order for interlocutory appeal on the grounds that the

Order was purely procedural in nature.  PSC's argument ignores both the fundamental nature of the Un-Matched Defendants' Opposition to the Plaintiffs' Motions to Amend Complaints, as well as the impact of this Court's October 6th Order.

In its August 1st Order, this Court found that "the named Plaintiffs have . . . not set forth allegations sufficient and specific enough to establish that any of them has Article III standing to pursue claims against any of the Newly-Added Defendants."  August 1st Order, p. 9.  The Court further recognized that "[s]tanding is an irreducible constitutional minimum that is a threshold inquiry to adjudication."  *Id*.  Accordingly, the Court "grant[ed] the motion to dismiss based on standing."  *Id.* at 11.  However, the Court also allowed the Plaintiffs an opportunity to amend their complaint "to allege specific facts to support ***existing plaintiffs'*** standing . . ." against the Un-Matched Defendants."  *Id.* at 10 (emphasis added).  In giving the Original Plaintiffs this opportunity, the Court was clear that its understanding was that "Plaintiffs in this MDL are not seeking to substitute new plaintiffs to create standing."  *Id.*

Yet, this is precisely what Plaintiffs have attempted to do with their Second Amended and Supplemental Complaints.  They have attempted to add new named plaintiffs in order to cure the Original Plaintiffs' lack of Article III standing.[7]  Because of this, the Un-Matched Defendants opposed the Plaintiffs' Motions to Amend Complaints citing binding Fifth Circuit precedent that holds that where a plaintiff lacks Article III standing to file his original complaint, he similarly lacks standing to amend his complaint in order to add a plaintiff who can allege

---

[7] The proposed Amended AMC (Rec. Doc. 657-5) establishes that not a single named plaintiff in the Administrative Master Complaint (Rec. Doc. 109) ("AMC") had Article III standing against the Un-Matched Defendants.  Not a single one of the sixty-three original named plaintiffs ("Original Plaintiffs") in the AMC lived in a housing unit built by any of the Un-Matched Defendants.  Instead, those sixty-three Original Plaintiffs in the AMC lived in housing units built by defendants other than the Un-Matched Defendants.  *See* Rec. Doc. No. 747-2, p.2.

standing.  *Summit,* 639 F.2d at 1284; *Federal Recovery,* 72 F.3d at 453; *Aetna,* 796 F.2d at 774;
*see also Audler*, 519 F.3d at 247-48.

This Court's October 6th Order granted the Plaintiffs' Motions to Amend Complaints,
thereby overruling the Un-Matched Defendants' opposition – which was based on the Original
Plaintiffs' lack of Article III standing - to those Motions.  Plaintiffs argue that the October 6th
Order, which *sub silentio* overruled the Un-Matched Defendants' threshold jurisdictional
arguments, was merely procedural, and therefore not appropriate for certification pursuant to 28
U.S.C. § 1292(b).  Not surprisingly, Plaintiffs cite no caselaw for their position.

**A.     Courts of Appeals Routinely Address Issues of Jurisdiction and Article III
         Standing Pursuant to 28 U.S.C. § 1292(b).**

As this Court noted in its August 1st Order, "[i]t is well settled that unless a plaintiff has
standing, a federal district court lacks subject matter jurisdiction to address the merits of the
case."  August 1st Order, p. 4.  Article III "is a threshold inquiry to adjudication."  *Id*. at 9.
Despite the recognition of the fundamental nature of the standing inquiry by this very Court,
Plaintiffs now attempt to argue that the issue of Article III standing is a merely procedural issue.
The decisions of the Fifth Circuit Court of Appeals, and indeed Courts of Appeals around the
country, demonstrate that Plaintiffs' argument is not well taken.

In fact, courts often review the "threshold inquiry" of jurisdiction pursuant to 28 U.S.C. §
1292(b).  *See Washington v. CSC Credit Services, Inc.*, 199 F.3d 263, 267 (5th Cir. 2000)
(reviewing, pursuant to 28 U.S.C. § 1292(b), an order certifying a class and reversing that Order
on the basis that the district court erred in finding that the plaintiffs satisfied the standing
requirements); *Lee v. American National Ins. Co.*, 260 F.3d 997, 1000 (9th Cir. 2001) ("the
[district] court acknowledged in its certification order [under 28 U.S.C. § 1292(b)] that there was
substantial grounds for difference of opinion on the question whether the court's conclusion 'that
plaintiff has no Article III standing as to two of the removed state law causes of action against

01710588.1

one defendant[] requires that the entire case be remanded to state court.'"); *E.F. Hutton v. Hadley*, 901 F.2d 979, 983 (11th Cir. 1990) (noting that the district court's order found standing, and then "[*s*]*ua sponte*, however, within the same order the district court stated regarding the standing issue and pursuant to 28 U.S.C. § 1292(b) that it was 'of the opinion that this portion of the order [addressing standing] concerns a controlling question of law as to this cause, to which there is substantial ground for difference of opinion and that an immediate appeal from this Order may materially advance the ultimate termination of this litigation.").

The threshold issue of Article III standing is clearly one that is so basic to this case that it is the proper subject of a motion to certify for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

**B.    Courts of Appeals Also Routinely Address a District Court's Decision Granting or Denying a Motion to Amend the Complaint Pursuant to 28 U.S.C. § 1292(b).**

Plaintiffs may contend that, because the Court's October 6th Order dealt solely with requests to amend the complaints, it was merely procedural in nature.  But the underlying basis for the Un-Matched Defendants' opposition was Constitutional, and went straight to the most basic issue of any case – whether the Court has the power to hear the case.

Moreover, numerous appellate courts have found that an order granting or denying an amendment to the complaint is appropriately reviewed pursuant to 28 U.S.C. § 1292(b).  For example, in *Wall v. Chesapeake & Ohio Railway Company*, 339 F.2d 434, 434 (4th Cir. 1964), the plaintiffs sought review under 28 U.S.C. § 1292(b) of the district court's order denying their motions to amend the complaint to add new claims for statutory negligence against the defendant.  The trial court had denied the motion to amend on the grounds that the amended complaint was filed after the expiration of the statute of limitations.  *Id.*  The Fourth Circuit

reversed, finding that the principle of relation back allowed the claims to be filed under Rule 15(c), and allowing the amendment to the Complaint. *Id*. at 434-35.

In *Whalen v. W. R. Grace & Company*, 56 F.3d 504, 506 (3rd Cir. 1995) ("*Whalen*"), the District Court certified its order granting leave to amend the complaint under 28 U.S.C. § 1292(b). As stated by the Court of Appeals, the issue "involv[ed] a controlling question of law, on which there is substantial ground for difference of opinion, and from which an immediate appeal may materially advance the ultimate termination of the litigation." *Id*. That case involved allegations of discrimination under the Age Discrimination and Employment Act ("ADEA"). The issue on appeal was whether an amendment to the original complaint that added four new plaintiffs, none of whom had filed timely ADEA charges, was permitted. *Id*. In other words, the question before the Third Circuit in *Whalen*, pursuant to 28 U.S.C. § 1292(b), was whether or not the motion to amend the complaint to add new plaintiffs was properly granted. *Id*.[8] *See also Eddleman v. Jefferson County, Kentucky*, 1996 WL 495013 (6th Cir. Aug. 29, 1996) (unpublished opinion) (reviewing decision of the district court under 28 U.S.C. § 1292(b) to allow an amendment to the complaint to add the class allegations).

A case from the Fifth Circuit has similarly indicated that an appeal pursuant to 28 U.S.C. § 1292(b) of an order regarding a motion to amend the complaint would be proper if requested. *DeMelo v. Woolsey Marine Industries, Inc.*, 677 F.2d 1030, 1035 n.12 (5th Cir. 1982).

Thus, despite the alleged "procedural" context in which the Article III issue arises, the fact that this Court's October 6th Order addressed Plaintiffs' Motions to Amend Complaints is

---

[8] Though not relevant to the instant issue before this Court, the Third Circuit found in *Whalen* that the single filing rule did not apply outside the class action context, and that each plaintiff must first satisfy the prerequisite of filing a timely ADEA charge. The court thus reversed the decision of the District Court and remanded with instructions that it deny appellee's motion to amend their complaint. *Whalen*, 56 F.3d at 507.

no barrier to the certification of the October 6th Order for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

## C.      The Requirements of 28 U.S.C. § 1292(b) Are Met in this Case.

As noted in Un-Matched Defendants' Motion to Reconsider, a party seeking a § 1292(b) interlocutory appeal must demonstrate that the ruling appealed from involves: (1)  a controlling question of law; (2) as to which there is a substantial ground for difference of opinion; and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation.  28 U.S.C. § 1292(b).  Un-Matched Defendants have met their burden as to each of these three requirements:

First, the issue involved is a controlling question of law.  Un-Matched Defendants have argued that the Original Plaintiffs, whom this Court previously found in the August 1st Order did not have Article III standing against the Un-Matched Defendants, cannot amend their complaints to add new plaintiffs in order to create standing.  This is a pure question of law that is particularly appropriate for § 1292(b) review because it involves the threshold issue of Article III standing.  Second, there is substantial ground for difference of opinion on the issue in Plaintiffs' Motions to Amend Complaints.  At least three Fifth Circuit decisions have held that a plaintiff who lacks standing cannot amend the complaint to add plaintiffs who may have standing. *Summit*; *Federal Recovery*; *Aetna*. Thus, those controlling decisions are in direct conflict with this Court's October 6th Order.  Third, the disposition of such controlling questions on appeal could materially advance the ultimate termination of this litigation.   If the Un-Matched Defendants are correct, this case ends for them, because, as this Court indicated in its August 1st Order, the claims against them are to be dismissed without prejudice.

For the reasons set forth above, if this Court declines to reconsider its October 6th Order granting Plaintiffs' Motions to Amend Complaints, then Un-Matched Defendants respectfully

01710588.1

request that this Court enter an order certifying for interlocutory review under 28 U.S.C. § 1292(b) its October 6th Order, which granted Plaintiffs' Motions to Amend Complaints.

## CONCLUSION

This threshold Article III standing issue is properly considered in the procedural context of Plaintiffs' Motions to Amend Complaints in light of the Fifth Circuit decisions in *Summit*, *Federal Recovery*, *Aetna*, and *Audler*, rather than being postponed until the Court's consideration of motions to dismiss the Second Supplemental and Amended Complaints.  As a result, the Un-Matched Defendants respectfully ask this Honorable Court to reconsider and vacate its October 6th Order (Rec. Doc. 720) and deny Plaintiffs' Motions to Amend Complaints (Rec. Docs. 656 and 657).

If this Court declines to reconsider and vacate its October 6th Order, then Un-Matched Defendants respectfully ask this Honorable Court to certify the Article III standing issue for interlocutory appeal pursuant to 28 U.S.C. § 1229(b).

Respectfully submitted by:

/s/ *James K. Carroll*
One of the Attorneys for Newly Added Defendants

James K. Carroll (#3898), T.A.
Stephanie D. Skinner (#21100)
Kati Cox Weaver (#30878)
**FOWLER RODRIGUEZ VALDES-FAULI**
400 Poydras Street, 30th Floor
New Orleans, Louisiana 70130
Telephone: 504-523-2600
Fax: 504-523-2705

**OF COUNSEL:**
Thomas W. Thagard, III
Lorrie L. Hargrove
Edward A. "Ted" Hosp
Edward S. Sledge IV
**MAYNARD, COOPER & GALE, P.C.**
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2616

01710588.1

Telephone 205-254-1000
Fax: 205-254-1999

        __/s/Ben L. Mayeaux_____
        Ben L. Mayeaux (#19042)
        One of the Attorneys for Horton Homes, Inc

**OF COUNSEL:**
Gregory A. Koury (#26364)
LABORDE AND NEUNER
1001 West Pinhook, Suite 200
Lafayette, Louisiana 70503
Telephone: 337-237-7000
Fax: (337-233-9450

        __/s/ Thomas C. "Chris" Pennebaker _
        Thomas C. "Chris" Pennebaker, (#24597)
        One of the Attorneys for ScotBilt Homes, Inc.

**OF COUNSEL:**
Nielsen Law Firm, LLC
3838 North Causeway Blvd., Suite 2850
Metairie, LA 70002
Phone: (504) 837-2500
Fax: (504) 832-9165
email: tpennebaker@nielsenlawfirm.com

        /s/ Lamont P. Domingue_____
        Lamont P. Domingue - #20787

**OF COUNSEL:**
VOORHIES & LABBÉ
(A Professional Law Corporation)
Post Office Box 3527
700 St. John Street
Lafayette, Louisiana 70502-3527
Telephone: (337) 232-9700
Fax: (337) 235-4943
E-Mail:  LPD@volalaw.com

## CERTIFICATE OF SERVICE

       I hereby certify that on November 4, 2008, I electronically filed the foregoing Reply Memorandum in Support of Motion to Reconsider Order (Rec. Doc. 720) or, in the Alternative, to Certify for Interlocutory Appeal with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document by first-class mail to all counsel of record who are non-CM/ECF participants.

        /s/James K. Carroll_____
        Of Counsel

01710588.1