UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                          MDL NO. 07-1873
     FORMALDEHYDE PRODUCTS
     LIABILITY LITIGATION
                                                                    SECTION "N"  (4)

THIS DOCUMENT RELATES TO
ALL CASES

## **ORDER AND REASONS**

Before the Court is Morgan's Rule 12(b)(1) Motion to Dismiss Class Claims and Rule 12(b)(6) Motion to Dismiss Patricia A. Burr's Individual Claims (Rec. Doc. 726), which was *partially* opposed by Plaintiffs. After considering the memoranda of the parties and the applicable law, the Court rules as set forth herein.

**I.     BACKGROUND**

On March 18, 2008, Plaintiffs filed an Administrative Master Complaint ("AMC") in this multidistrict litigation and named Morgan Buildings & Spas, Inc. ("Morgan Buildings") and Morgan Building Systems, Inc. ("Morgan Systems") (collectively, "Morgan") as "manufacturing" defendants. (Rec. Doc. 109, ¶ 8, xxxvi and xxxvii). Thereafter, several defendants, including Morgan, filed Rule 12(b)(1) motions to dismiss, challenging the Court's subject matter jurisdiction. Specifically, the motions alleged that Plaintiffs lacked standing because no Plaintiff alleged that he or she lived in a housing unit made by a particular

Defendant. Similarly, no Plaintiff alleged that he or she was harmed as a proximate result of any action taken by any particular Defendant. Plaintiffs admitted that they are not matched up to specific Defendants.

In an August 1, 2008 Order and Reasons (Rec. Doc. 599), this Court concluded that sufficient facts were not alleged in the AMC to show that standing existed because no Plaintiff was matched to a particular Defendant. The Court then granted the motion to dismiss based on lack of standing, without prejudice to the right of Plaintiffs to seek leave to amend to assert sufficient facts and allegations to support their argument that standing exists as to certain Plaintiffs who can be matched to specific manufacturing Defendants. Further, the Court cautioned Plaintiffs that any Defendants not specifically matched to individual Plaintiffs would be dismissed without prejudice. (See Rec. Docs. 599 and 604).

On August 15, 2008, this Court held a status conference with Plaintiffs' liaison counsel and committee members ("Plaintiffs' Liaison Committee" or "PLC"), Defendants' liaison counsel and committee members ("Defendants' Liaison Committee" or "DLC") and counsel for the government. Defense counsel expressed their frustration with not knowing with certainty which individuals were being presented as class representatives. To remedy this issue, the Court ordered Plaintiffs to file a final, complete list of any individuals they wished to be identified as class representatives. During the conference, Plaintiffs' counsel confirmed their ability to meet this obligation. This order was memorialized in Pretrial Order No. 15 (Rec. Doc. 658), wherein the Court expressly stated, "[o]n or before Friday, August 22, 2008, Plaintiffs shall file a list of individuals who will be the class representatives in this action."

On August 22, 2008, Plaintiffs provided Defendants and the Court with a list of 101

proposed class representatives. (Rec. Doc. 666). In a September 24, 2008 Order and Reasons, the Court adhered to its August 22, 2008 deadline for the identification of class representatives and concluded that only those individuals on that particular list could serve as class representatives in this matter. The Court further stated that if no individuals on the August 22, 2008 listing of class representatives are matched to a specific manufacturer, then that particular manufacturer will not be in the "class action" case if the class is certified. (Rec. Doc. 706, pp. 9-10).

In response to the August 1, 2008 Order and Reasons, Plaintiffs filed motions seeking leave to amend the AMC (Rec. Docs. 656 and 657), which the Court granted, over the objections of certain Defendants. (Rec. Doc. 720). In the Second Supplemental and Amended Complaints (Rec. Docs. 721 and 722), Plaintiffs matched Patricia A. Burr ("Burr") (who was a named plaintiff in the AMC) to Morgan, specifically alleging that Burr had resided in an emergency housing unit ("EHU") that was manufactured by Morgan. (Rec. Doc. 721, ¶5(18); Rec. Doc. 722, ¶5(18).

Morgan filed the instant motion to dismiss alleging that this Court should dismiss Plaintiffs' class action claims against it. Morgan also alleged that Burr's individual claims should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that such claims are prescribed. Plaintiffs opposed Morgan's first argument; however, they failed to address Morgan's second argument.

## II.   DISCUSSION

### A.   Should Plaintiffs' Class Action Claims Against Morgan be Dismissed?

While Morgan admits that Plaintiffs' amended complaints properly match Plaintiff Burr

3

to Morgan, it notes that Plaintiffs failed to list Burr as a class representative in the August 22, 2008 listing. (Rec. Doc. 666). Based on the Court's clear instruction in its September 24, 2008 Order and Reasons,[1] Morgan argues that because Burr was not listed on the August 22, 2008 definitive listing and because no other individuals included on that list are matched to Morgan, the Court should dismiss Plaintiff's class action claims against it.

Plaintiffs, on the other hand, concede that Burr was not included in the August 22, 2008 definitive listing of class representatives; however, they assert that Plaintiff Penny Robertson ("Robertson"), who is included in the August 22, 2008 class representative listing, is matched to Morgan. However, a review of the amended complaints reveals that Robertson was matched to Monaco Coach Corporation ("Monaco"), not Morgan. (See Rec. Doc. 721, ¶5(38); Rec. Doc. 722, ¶5(38)). Plaintiffs, instead, refer the Court to an exhibit attached to an opposition to another pending motion in an attempt to match Robertson, a properly identified class representative, to Morgan. (See Exhibit C to Rec. Doc. 768-4).

In its August 1, 2008 Order and Reasons (Rec. Doc. 599), this Court concluded that sufficient facts were not alleged in the AMC to show that standing existed because no Plaintiffs were matched to particular Defendants. At that time, the Court granted the motion to dismiss based on lack of standing, without prejudice to the right of Plaintiffs to seek leave to amend to assert sufficient facts and allegations to support their argument that standing exists as to certain Plaintiffs who could be matched to specific manufacturing Defendants. Plaintiffs did so when they were allowed to file their amended complaints. (Rec. Docs. 721 and 722). Further, as the

---

[1] The Court explained that if no individuals on the August 22, 2008 listing of class representatives are matched to a specific manufacturer, then that particular manufacturer would not be in the "class action" case if the class is certified. (Rec. Doc. 706, pp. 9-10).

Court explained in its September 24, 2008 Order and Reasons, if no individuals on the August 22, 2008 listing of class representatives are matched to a specific manufacturer (here, Morgan), then that particular manufacturer would not be in the "class action" case if the class is certified. (Rec. Doc. 706, pp. 9-10). Plaintiffs cannot and have not pointed to any pleading or amended pleading (including the amended complaints most recently filed (Rec. Docs. 721 and 722)) wherein any individual listed as a class representative on the definitive August 22, 2008 listing was matched to Morgan. The Court refuses to give Plaintiffs yet another chance to plead specific facts to create standing - especially when those facts are asserted in an exhibit to an opposition to another pending motion. This imprecise attempt to match a class representative to Morgan is both belated and improper and will not be considered by this Court. Such a match should have been made in the most recent amended complaint. For these reasons, this Court concludes that Plaintiffs' class action claims against Morgan should be dismissed.

## B. Should Burr's Individual Claims Against Morgan be Dismissed?

In its September 24, 2008 Order and Reasons, the Court further explained that while any individuals not on the August 22, 2008 listing (Rec. Doc. 666) would not be considered class representatives, they would maintain the right to proceed with their own claims, on an individual basis. (Rec. Doc. 706). In the instant motion, Morgan argues that Burr's individual claims are prescribed and should, thus, be dismissed. Plaintiffs failed to address this argument in their opposition. (See Rec. Doc. 772).

Based on the showing made by Morgan, and on Plaintiffs' ultimate failure to address same, this Court finds that this argument has merit and should be granted. Thus, Burr's individual claims against Morgan should be dismissed as they are prescribed. Because this

5

Court is granting this portion of Morgan's motion as unopposed, it should be noted that a motion for reconsideration of this portion of this Court's Order and Reasons, if any, shall be filed within ten days of the date this Order is entered by the Clerk of Court. The motion must be accompanied by opposition memorandum addressing this as yet unopposed argument. Because a motion for reconsideration would not have been necessary had a timely and complete opposition memorandum been filed, the costs incurred in connection with the motion, including attorneys' fees, will be assessed against the party moving for reconsideration. *See* FED. R. CIV. P. 16, 83. A statement of costs conforming to Local Rule 54.3 shall be submitted by all parties desiring to be awarded costs and attorneys' fees no later than eight days prior to the hearing of the motion for reconsideration.

### III.   CONCLUSION

Considering the foregoing, **IT IS ORDERED** that **Morgan's Rule 12(b)(1) Motion to Dismiss Class Claims and Rule 12(b)(6) Motion to Dismiss Patricia A. Burr's Individual Claims (Rec. Doc. 726)** is **GRANTED**, as stated herein.

New Orleans, Louisiana, this 6th day of November, 2008.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**