UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>    FORMALDEHYDE PRODUCTS<br>    LIABILITY LITIGATION<br><br>This applies to Babin, No. 08-4629<br>(E.D. La.) | ) MDL NO. 1873<br>) SECTION "N" (4)<br>)<br>) JUDGE ENGELHARDT<br>)<br>) MAGISTRATE CHASEZ |

### KZRV, LP's LIST OF DEFENSES
### AND MOTIONS TO BE PRESERVED

Pursuant to Pretrial Order No. 4 (Rec. Doc. No. 130), defendant KZRV, LP ("KZ") submits the following list of defenses and motions to be preserved in the following underlying actions[1] which are currently pending in the above-captioned multidistrict litigation proceeding:

1.  ***Barry Babin v. Cavalier Home Builders, LLC*, et al, Suit No. 08-4629, E.D. La.**

    (a)   Rule 12(b)(5):  Insufficiency of service of process;

    (b)   Rule 12(b)(1):  Lack of subject matter jurisdiction over claims;

    (c)   Rule 12(b)(3):  Improper venue;

    (d)   Rule 12(b)(6):  Failure to state a claim for negligence, negligence per se, gross negligence, recklessness and willfulness, strict liability in tort because these theories of recovery are Louisiana Products Liability Act-based claims and/or the state's law that might be applicable to these claims;

---

[1] It is unclear the extent to which the Master Complaint and its amendments supersede, amend and/or replace the allegations asserted by the plaintiffs in each of the underlying actions.  Thus, in an abundance of caution and to ensure that all relevant motions and defenses are preserved, for each underlying action in which it was named as party, KZ has listed the defenses and motions applicable to that underlying action <u>and</u> the Master Complaint, as amended.

(e)   Rule 12(b)(6):  Failure to state a claim for breach of implied and express warranty because those claims are not available to plaintiffs, and to the extent that they are available, they are precluded by the Louisiana Products Liability Act;

(f)   Rule 12(b)(6):  Failure to state a claim under the Louisiana Products Liability Act for failure to allege any particularized conduct on the part of the defendant;

(g)   Rule 12(b)(6):  Failure to state a claim for medical monitoring damages under Louisiana, Mississippi, Texas and North Carolina law (to the extent that it applies) because plaintiffs have not alleged a present and manifest injury;

(h)   Rule 12(b)(6):  Failure to state a claim for injunctive relief;

(i)   Rule 12(b)(6):  Failure to state a claim for attorney's fees;

(j)   Rule 12(b)(6):  Failure to state a claim for punitive damages;

(k)   Rule 12(b)(6):  Failure to state a claim because plaintiffs failed to make any particularized allegations regarding their injuries and damages, and failed to make any particularized allegations connecting any particular plaintiff to conduct by any particular defendant;

(l)   Rule 12(e):  Motion for more definite statement of the complaint based on plaintiffs' failure to make particularized allegations about their injuries and damages and failure to made any particularized allegations about any particular defendants' alleged conduct;

(m)   Rule 21:  Improper joinder:  Failure to satisfy requirements for joinder of parties under FRCP 19 and 20.

(n)   Rule 12(b)(6):  Failure to state a claim for breach of express warranty under Mississippi, Texas law and North Carolina law (to the extent that it applies);

(o)   Rule 12(b)(6): Failure to state a claim for breach of implied warranty of merchantability under Mississippi, Texas law and North Carolina law (to the extent that it applies);

(p)   Rule 12(b)(6):  Failure to state a claim for breach of implied warranty of fitness for particular purpose under Mississippi, Texas law and North Carolina law (to the extent that it applies);

(q)  Rule 9(b):  Failure to plead fraud and misrepresentations with particularity; and

(r)  Rule 12(b)(6):  Failure to state a claim because plaintiffs' claims are barred by the applicable prescriptive and/or statute of limitations period.

>   Respectfully submitted,
>
>   *s/Ryan E. Johnson*
>
>   _____
>   James C. Percy (La. Bar No. 10413)
>   Ryan E. Johnson (La. Bar No. 26352)
>   Jones, Walker, Waechter, Poitevent,
>     Carrère & Denègre, L.L.P.
>   8555 United Plaza Blvd., 5th floor
>   Building Four
>   Baton Rouge, LA  70809
>   Telephone: (225) 248-2000
>   Facsimile:  (225) 248-3080
>
>           -and-
>
>   Madeleine Fischer (La. Bar No. 5575)
>   Nan Roberts Eitel (La. Bar No. 19910)
>   Jones, Walker, Waechter, Poitevent,
>     Carrère & Denègre, L.L.P.
>   201 St. Charles Avenue, 49th floor
>   New Orleans, LA   70170
>   Telephone:  (504) 582-8000
>   Facsimile:  (504) 589-8208
>
>   *Attorneys for Defendant KZRV, LP*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this day, a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system. Notice of this filing will be sent to all known counsel by operation of the court's electronic filing system. I also certify that I have mailed a copy of this filing to any non-CM/ECF participants by U.S. Mail, postage prepaid and properly addressed.

      Baton Rouge, Louisiana, this 10th day of November, 2008.

                *s/Ryan E. Johnson*

                _____
                Ryan E. Johnson