**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | ) | MDL NO. 1873 |
|     FORMALDEHYDE PRODUCTS | ) | SECTION "N" (4) |
|     LIABILITY LITIGATION | ) | |
| | ) | JUDGE ENGELHARDT |
|    This applies to Babin, No. 08-4629 | ) | |
|    (E.D. La.) | ) | MAGISTRATE CHASEZ |

**DUTCHMEN MANUFACTURING'S LIST OF DEFENSES**
**AND MOTIONS TO BE PRESERVED**

Pursuant to Pretrial Order No. 4 (Rec. Doc. No. 130), defendant Dutchmen

Manufacturing, Inc. ("Dutchmen") submits the following list of defenses and

motions to be preserved in the following underlying actions[1] which are currently

pending in the above-captioned multidistrict litigation proceeding:

1. ***Barry Babin v. Cavalier Home Builders, LLC,*** **et al, Suit No. 08-4629,**
   **E.D. La.**

   (a) Rule 12(b)(5):  Insufficiency of service of process;

   (b) Rule 12(b)(1):  Lack of subject matter jurisdiction over claims;

   (c) Rule 12(b)(3):  Improper venue;

   (d) Rule 12(b)(6):  Failure to state a claim for negligence, negligence per
       se, gross negligence, recklessness and willfulness, strict liability in tort
       because these theories of recovery are Louisiana Products Liability
       Act-based claims and/or the state's law that might be applicable to
       these claims;

---

[1] It is unclear the extent to which the Master Complaint and its amendments
supersede, amend and/or replace the allegations asserted by the plaintiffs in each of
the underlying actions.  Thus, in an abundance of caution and to ensure that all
relevant motions and defenses are preserved, for each underlying action in which it
was named as party, Dutchmen has listed the defenses and motions applicable to
that underlying action and the Master Complaint, as amended.

(e)     Rule 12(b)(6):  Failure to state a claim for breach of implied and express warranty because those claims are not available to plaintiffs, and to the extent that they are available, they are precluded by the Louisiana Products Liability Act;

(f)     Rule 12(b)(6):  Failure to state a claim under the Louisiana Products Liability Act for failure to allege any particularized conduct on the part of the defendant;

(g)     Rule 12(b)(6):  Failure to state a claim for medical monitoring damages under Louisiana, Mississippi, Texas and North Carolina law (to the extent that it applies) because plaintiffs have not alleged a present and manifest injury;

(h)     Rule 12(b)(6):  Failure to state a claim for injunctive relief;

(i)     Rule 12(b)(6):  Failure to state a claim for attorney's fees;

(j)     Rule 12(b)(6):  Failure to state a claim for punitive damages;

(k)     Rule 12(b)(6):  Failure to state a claim because plaintiffs failed to make any particularized allegations regarding their injuries and damages, and failed to make any particularized allegations connecting any particular plaintiff to conduct by any particular defendant;

(l)     Rule 12(e):  Motion for more definite statement of the complaint based on plaintiffs' failure to make particularized allegations about their injuries and damages and failure to made any particularized allegations about any particular defendants' alleged conduct;

(m)     Rule 21:  Improper joinder:  Failure to satisfy requirements for joinder of parties under FRCP 19 and 20.

(n)     Rule 12(b)(6):  Failure to state a claim for breach of express warranty under Mississippi, Texas law and North Carolina law (to the extent that it applies);

(o)     Rule 12(b)(6): Failure to state a claim for breach of implied warranty of merchantability under Mississippi, Texas law and North Carolina law (to the extent that it applies);

(p)     Rule 12(b)(6):  Failure to state a claim for breach of implied warranty of fitness for particular purpose under Mississippi, Texas law and North Carolina law (to the extent that it applies);

(q)     Rule 9(b):  Failure to plead fraud and misrepresentations with particularity; and

(r)     Rule 12(b)(6):  Failure to state a claim because plaintiffs' claims are barred by the applicable prescriptive and/or statute of limitations period.

Respectfully submitted,

*s/Ryan E. Johnson*

_____

James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
Jones, Walker, Waechter, Poitevent,
   Carrère & Denègre, L.L.P.
8555 United Plaza Blvd., 5th floor
Building Four
Baton Rouge, LA  70809
Telephone: (225) 248-2000
Facsimile:  (225) 248-3080

-and-

Madeleine Fischer (La. Bar No. 5575)
Nan Roberts Eitel (La. Bar No. 19910)
Jones, Walker, Waechter, Poitevent,
   Carrère & Denègre, L.L.P.
201 St. Charles Avenue, 49th floor
New Orleans, LA   70170
Telephone:  (504) 582-8000
Facsimile:  (504) 589-8208

*Attorneys for Defendant Dutchmen Manufacturing, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system.  Notice of this filing will be sent to all known counsel by operation of the court's electronic filing system.  I also certify that I have mailed a copy of this filing to any non-CM/ECF participants by U.S. Mail, postage prepaid and properly addressed.

Baton Rouge, Louisiana, this 10th day of November, 2008.

*s/Ryan E. Johnson*

_____
Ryan E. Johnson