**Westlaw Delivery Summary Report for WEINSTOCK,ANDREW 2432290**

| | |
|---|---|
| Date/Time of Request: | Monday, November 10, 2008 09:36 Central |
| Client Identifier: | ADW |
| Database: | DCT |
| Citation Text: | Not Reported in F.Supp.2d |
| Lines: | 249 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson Reuters, West and their affiliates.

Not Reported in F.Supp.2d                                                                                                      Page 1
Not Reported in F.Supp.2d, 2003 WL 21108232 (S.D.N.Y.)

Only the Westlaw citation is currently available.
United States District Court,S.D. New York.
MONTEFIORE MEDICAL CENTER, Plaintiff,
v.
AMERICAN PROTECTION INSURANCE COMPANY, Defendant.
**No. 00Civ.3235LTSMHD.**

May 14, 2003.

**Background:** Building owner brought action seeking recovery under first-party property insurance policy for costs of stabilizing and repairing faulty construction of apartment building's brick facade. Insurer moved to preclude proffered expert testimony at trial and to preclude owner from offering evidence in support of claims for repair or replacement required by local building code upgrades.

**Holdings:** The District Court, Swain, J., held that:
(1) contractor was not qualified to testify as expert;
(2) contractor's report did not establish appropriate technical bases for opinions stated therein; and
(3) exclusion of evidence about costs of installing expansion joints in apartment building was not warranted.

Motion granted in part and denied in part.

West Headnotes

**[1] Evidence 157 ⚷544**

157 Evidence
    157XII Opinion Evidence
        157XII(C) Competency of Experts
            157k544 k. Cause and Effect. Most Cited Cases

Contractor was not qualified to testify as expert in building owner's action to recover under first-party property insurance policy for costs of stabilizing and repairing faulty construction of apartment building's brick facade, even though contractor had extensive general experience in construction industry and knowledge of number of general construction and business areas gained through correspondence courses, given absence of showing that contractor had any expertise in building deterioration, construction, or causation matters at issue. Fed.Rules Evid.Rules 104(a), 401, 702, 28 U.S.C.A.

**[2] Evidence 157 ⚷555.5**

157 Evidence
    157XII Opinion Evidence
        157XII(D) Examination of Experts
            157k555 Basis of Opinion
                157k555.5 k. Cause and Effect. Most Cited Cases

Purported expert's report did not establish appropriate technical bases for opinions stated therein, warranting preclusion of purported expert's testimony in trial on building owner's claim for recovery under first-party property insurance policy of costs of stabilizing and repairing faulty construction of apartment building's brick facade, given that, to the extent based on purported expert's personal contracting experience, statements regarding building code requirements were not supported by information establishing that purported expert's experience was sufficiently broad to be indicative of relevant broad industry practices at pertinent times and thus reliable on matters at issue, no scientific or analytical basis was offered for conclusions attributing damage to water infiltration, and no nonanecdotal basis was provided for conclusion that building's condition was not caused by faulty workmanship or defective design. Fed.Rules Evid.Rules 104(a), 401, 702, 28 U.S.C.A.

**[3] Insurance 217 ⚷2200**

217 Insurance
    217XVI Coverage--Property Insurance
        217XVI(A) In General
            217k2196 Evidence
                217k2200 k. Admissibility. Most Cited

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2003 WL 21108232 (S.D.N.Y.)

Case 2:07-md-01873-KDE-MBN   Document 860-5   Filed 11/10/08   Page 3 of 6

Page 2

Cases

Exclusion of evidence about costs of installing expansion joints in apartment building was not warranted in owner's action to recover under first-party property insurance policy costs of stabilizing and repairing faulty construction of building's brick facade, despite insurer's contention that policy endorsement barred recovery of costs of installing expansion joints until joints were actually installed with due diligence and dispatch, given that parties disagreed about nature and scope of relevant construction practices and building codes and specifics of premises' original construction, such that even if insurer correctly asserted that claim for disputed costs was unripe because repairs had not been made, it was unclear what expenses came within scope of restriction, and interactions between endorsement and general policy coverage and payment provisions not conditioned on prior performance of repairs also were unclear.

Named Expert: Joseph A. Gasperino Jr.

### MEMORANDUM ORDER

SWAIN, J.

*1 Defendant moves *in limine* to preclude the expert testimony at trial of Joseph Gasperino, Jr. ("Gasperino") pursuant to Federal Rule of Evidence 702, and to preclude Plaintiff from offering evidence in support of certain aspects of its claims insofar as they constitute claims for repair or replacement required by local building code upgrades. Defendant argues that Plaintiff is not entitled to offer evidence in support of those claims because it has not performed repairs as required by the insurance policy.

For the following reasons, Defendant's motion is granted as to the proffer of Gasperino as an expert witness and is denied in all other respects.

*Testimony of Joseph Gasperino*

According to Plaintiff's December 9, 2002 disclosure, Gasperino "is expected to render an opinion as to the nature and cause of the loss ... based upon his observations of the subject building, the construction materials, and the occurrences giving rise to the collapse condition of the facade of the subject premises." Mernin Aff., Ex. A, Supp. Resp. to Demand for Expert Witness Info. at p. 1 ("Supp.Response"). In the December 9, 2002 letter to Plaintiff's counsel that is proffered as Gasperino's report, Gasperino opines as follows:

> Water infiltration unduly stressed the interior walls during winter months as the water freezed [(sic)] and thawed.... [T]here was substantial structural instability in the brick facade ... [T]he presence of [supplemental emergency] pinning has not changed the conditions of the building or otherwise altered the physical evidence of damaged wall ties, displaced steel shelf angles, water infiltration, scaling rust and wall movement.

> These conditions were not caused by faulty workmanship or defective design. Not only have I personally observed the original vertical expansion joints and horizontal soft joints which were installed into the facade when the building was constructed [(sic).] Furthermore, if these conditions were caused solely by a lack of expansion joints, then these conditions would have manifested themselves long ago. Moreover, movement in the building, water infiltration and scaling rust would have long ago led to a collapse of the facade.

Gasperino letter to Weg & Myers, P.C., December 9, 2002, Woodward Aff., Ex. A ("Gasperino Report"). Plaintiff asserts that Gasperino's "qualifications are based upon his fifty years of experience in the construction and masonry industry." Supp. Response at 1.

[1]Rule 702 of the Federal Rules of Evidence provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case 2:07-md-01873-KDE-MBN   Document 860-5   Filed 11/10/08   Page 4 of 6

Not Reported in F.Supp.2d                                                                Page 3
Not Reported in F.Supp.2d, 2003 WL 21108232 (S.D.N.Y.)

evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

**\*2** Fed.R.Evid. 702 (West 2002). The Rule requires that the trial court make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579, 592-93, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)."Its overarching subject is the scientific [or technical] validity and thus the evidentiary relevance and reliability-of the principles that underlie a proposed submission ." *Id.* at 594-95.The proponent of the evidence must demonstrate admissibility to the satisfaction of the Court under Rule 104(a) by establishing scientific or technical reliability by a preponderance of the proof. *See Bourjaily v. United States,* 483 U.S. 171, 175-76, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987); *Falise v. American Tobacco Company,* 107 F.Supp.2d. 200, 203 (E.D.N.Y.2000). Matters of exclusion or admission of evidence pursuant to Rule 702 are left to the broad discretion of the trial court. *See Zuchowitz v. United States,* 140 F.3d 381, 386 (2d Cir.1998).

Expert testimony should assist the jury in understanding the evidence or determining a fact in issue. *See United States v. DiDomenico,* 985 F.2d 1159, 1163 (2d Cir.1993).* In assessing admissibility, the Court must determine whether the proffered expert testimony is relevant, that is, whether it "ha[s] any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence,"Fed.R.Evid. 401 (West 2002), *see Daubert,* 509 U.S. at 587, and whether the proffered testimony has a sufficiently "reliable foundation" to permit it to be considered, *id.* at 597.Indeed, the Court must "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Id.* at 589;*see Brooks v. Outboard Marine Corp.,* 234 F.3d 89, 91 (2d Cir.2000).

[2] Defendant attacks the reliability of Gasperino's information, arguing that Plaintiff has proffered insufficient evidence of Gasperino's relevant expertise and that the Gasperino Report is insufficient to establish appropriate technical bases for the opinions stated therein. Defendant's objections are well founded. Although Gasperino's curriculum vitae is indicative of extensive general experience in the construction industry and knowledge of a number of general construction and business areas gained through correspondence courses[FN1] and it is undisputed that he has worked with Plaintiff for many years, Plaintiff has proffered nothing to indicate that Gasperino has any expertise in the building deterioration, construction or causation matters that are at issue in this case. To the extent that his statements regarding the requirements of relevant building codes are based on information provided by Plaintiff's engineering expert, they are not necessary to assist the trier of fact; to the extent such statements are based on Gasperino's personal experience as a contractor, insufficient information has been proffered to indicate that Gasperino's personal experience is sufficiently broad to be indicative of relevant broad industry practices at the pertinent times and thus reliable in connection with the determination of the matters at issue in this case. Although the report describes his personal observations of conditions, as well as the observations of others, Gasperino proffers no scientific or analytical basis for his conclusions attributing the damage at issue to water infiltration, nor any nonanecdotal ground (or other basis not derived from Plaintiff's engineer's information regarding building codes) for his conclusion that the subject "conditions were not caused by faulty workmanship or defective design."No data, testing methodology or empirical

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 21108232 (S.D.N.Y.)

Case 2:07-md-01873-KDE-MBN   Document 860-5   Filed 11/10/08   Page 5 of 6

Page 4

evidence is offered to support Gasperino's conclusions. "Because 'knowledge connotes more than subjective belief or unsupported speculation,'... there is no reliable foundation for [Gasperino's] expert opinion." *See Grdinich v. Bradlees,* 187 F.R.D. 77, 82 (S.D.N.Y.1999) (quoting *Daubert,* 509 U.S. at 590)."Proposed testimony must be supported by appropriate validation-i.e., 'good grounds,' based on what is known. In short, the requirement that an expert's testimony pertain to 'scientific knowledge' establishes a standard of evidentiary reliability." *Daubert,* 509 U.S. at 590..

> FN1.*See* Gasperino curriculum vitae, Woodward Aff., Ex. B.

**\*3** Defendant's motion *inlimine* to preclude the testimony of Gasperino as an expert is granted.

*Evidence as to Repairs*

[3] Defendant moves *inlimine* to preclude Plaintiff from submitting evidence as to the cost of installing horizontal and vertical expansion joints in the insured premises. Relying on an endorsement, entitled "Demolition, Increased Cost of Construction and Increased Time to Rebuild Property Damage and Time Element Coverage Section," to the policy at issue (hereinafter the "Endorsement"), Defendant argues that Plaintiff cannot recover the costs of installing expansion joints until such time that the horizontal and vertical expansion joints are "actually" installed with due diligence and dispatch and that such evidence should thus be precluded. Plaintiff argues that this defense is untimely raised, disputes Defendant's interpretation of the Endorsement, and argues that, even if Defendant's interpretation is correct, Defendant is estopped or otherwise precluded from relying on the Endorsement to defeat any portion of Plaintiff's damages claim because Defendant denied coverage wrongfully, thereby denying Plaintiff the financial resources necessary to do the requisite repairs on a rapid basis.

The coverage section of the policy provides:

III. The Company [American Protection] shall not be liable under this Section for:

B. any increased cost of construction unless and until the damaged or destroyed buildings are actually rebuilt or replaced with due diligence and dispatch; or

C. any increased cost of construction in excess of that required to meet the minimum requirements of any laws or ordinances in force at the of time of loss.

Endorsement, Mernin Aff., Ex. F.

This case is trial-ready; the deadline for interposition of dispositive motions was April 2, 2001. However, even assuming that this application to strike a significant portion of Plaintiff's claim is somehow timely and appropriately raised as a motion *inlimine,* the application must be denied because there are numerous relevant issues of material fact. Among other things, the parties continue to disagree as to the nature and scope of relevant construction practices and building codes, as well as to the specifics of the original construction of the subject premises. Thus, even if Defendant asserts correctly that any claim for certain additional construction costs is not ripe because the repairs have not been made, it is far from clear what expenses come within the scope of the restriction. The legal and practical interactions between general policy coverage and payment provisions that apparently are not conditioned on prior performance of repairs and this Endorsement are also unclear on this record. Defendant's motion on this issue is, accordingly, denied.

The parties will be permitted to submit supplemental requests to charge and/or special jury interrogatories relevant to this issue.

*CONCLUSIONS*

**\*4** For the foregoing reasons, Defendant's motion *inlimine* is granted to the extent it seeks preclusion

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case 2:07-md-01873-KDE-MBN   Document 860-5   Filed 11/10/08   Page 6 of 6

Not Reported in F.Supp.2d                                                                 Page 5
Not Reported in F.Supp.2d, 2003 WL 21108232 (S.D.N.Y.)

of expert testimony by Gasperino and is denied in all other respects. The parties shall within 21 days from the date hereof serve on each other and submit to the Court any supplemental requests to charge and/or proposed special jury interrogatories relevant to the Endorsement issue.

SO ORDERED.

S.D.N.Y.,2003.
Montefiore Medical Center v. American Protection Ins. Co.
Not Reported in F.Supp.2d, 2003 WL 21108232 (S.D.N.Y.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.