**Westlaw Delivery Summary Report for WEINSTOCK,ANDREW 2432290**

| | |
|---|---|
| Date/Time of Request: | Monday, November 10, 2008 10:33 Central |
| Client Identifier: | ADW |
| Database: | DCT |
| Citation Text: | Not Reported in F.Supp.2d |
| Lines: | 232 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson Reuters, West and their affiliates.

Westlaw.

Not Reported in F.Supp.2d                                                        Page 1

Not Reported in F.Supp.2d, 2007 WL 3270763 (E.D.La.)

Only the Westlaw citation is currently available.

United States District Court,E.D. Louisiana.

Michael ANCAR, et al.

v.

MURPHY OIL, U.S.A., INC., et al.

**Civil Action Nos. 06-3246, 03-1923, 06-3247, 06-3248, 06-3249, 06-3250, 06-3251, 06-3252, 06-3253, 06-3254, 06-3255, 06-3256, 06-3257, 06-3258, 06-3259, 06-3260, 06-3261, 06-3262.**

Nov. 2, 2007.

Jim S. Hall, Jim S. Hall & Associates, Bruce Betzer, Law Office of Bruce C. Betzer, Edward Pressner Gothard, Nowalsky, Bronston & Gothard, APLLC, Metairie, LA, Gerald Edward Meunier, Gainsburgh, Benjamin, David, Meunier & Warshauer, Carlos Alberto Zelaya, II, F. Gerald Maples, P.A., David Scott Scalia, Joseph M. Bruno, Bruno & Bruno, Freeman Rudolph Matthews, Thomas Allen Usry, USRY, Weeks & Matthews, Gilbert V. Andry, III, Andry & Andry, Jonathan Beauregard Andry, Gilbert V. Andry, IV, The Andry Law Firm, Roberta L. Burns, Sidney Donecio Torres, III, Law Offices of Sidney D. Torres, III, Gregory James Noto, Noto Law Firm, Jerald N. Andry, Jr., Jerald N. Andry, Jr., Attorney at Law, George Febiger Riess, Law Offices of George F. Riess & Associates, LLC, New Orleans, LA, Kim Cooper Jones, Michael Ginart, Jr. Tonry & Ginart, Lance V. Licciardi, Perry Michael Nicosia, Nicosia, Licciardi & Nunez, Mary Ann Hand, Salvador E. Gutierrez, Jr., Gutierrez & Hand, Roberta L. Burns, Law Offices of Sidney D. Torres, III, Chalmette, LA, Berit Amlie Reiss, USA Pro Marketing, Marietta, GA, Danial Coleman Vidrine, Danial C. Vidrine, Attorney at Law, Rebecca Cunard, Cunard Law Firm, Baton Rouge, LA, Edgar N. Quillin, Arabi, LA, Eric August Bopp, Walter R. Woodruff, Edward S. Bopp, A Law Corporation, Mandeville, LA, Larry M. Aisola, Jr., Larry M. Aisola, Jr., LLC, Violet, LA, Richard Alvin Tonry, II, Tonry, Brinson & Glorioso, LLC, Slidell, LA, for Michael An-

car, et al.

George A. Frilot, III, Allen Joseph Krouse, III, Frilot LLC, Amanda Leigh Cheek Bradley, James F. Shuey, Frilot, Partridge, Kohnke & Clements, LC, D. Russell Holwadel, Adams, Hoefer, Holwadel & Eldridge, New Orleans, LA, Daniel L. Dysart, Dysart & Tabary, LLP, Chalmette, LA, George D. Kappus, John L. Rivkin, Steven M. Zuckermann, Rivkin, Radler, LLP, Uniondale, NY, George B. Hall, Jr., Christopher R. Teske, Jennifer W. Wall, Pablo Gonzalez, Phelps Dunbar, LLP, New Orleans, LA, for Murphy Oil, U.S.A., Inc., et al.

### *ORDER AND REASONS*

CARL J. BARBIER, United States District Judge.

**\*1** Before the Court are several motions in limine filed by Defendants. These include Defendant Associated Electric & Gas Insurance Services Limited's **Motion in Limine to Exclude Testimony, Affidavits, Opinions and Reports of Daniel Clavier or, in the Alternative, to Exclude, Pursuant to Fed.R.Evid. 1006, the Summary or Chart Evidence Prepared by Daniel Clavier (Rec.Doc.220);** Defendant Murphy Oil, U.S.A, Inc.'s **Motion to Exclude Opinion Testimony of Erno Sajo (Rec.Doc.221);** Defendant Murphy Oil, U.S.A, Inc.'s **Motion to Limit the Expert Testimony of David Mielke, M.D. (Rec.Doc.222);** and Defendant Murphy Oil, U.S.A, Inc.'s **Motion to Exclude Testimony of Lolly Leger and Three of Plaintiffs' Exhibits Listed in Plaintiff's Final List of Exhibits (Rec.Doc.241).** Plaintiffs oppose the first three motions, which were set for hearing on October 31, 2007, without oral argument. The final motion is set for hearing on November 28, 2007, on the briefs. For the reasons that follow, the Court finds that these motions should be denied.

### *Background Facts and Procedural History*

During the early morning hours of June 10, 2003, a

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2007 WL 3270763 (E.D.La.)

fire occurred at the Murphy Refinery in Meraux, Louisiana. Following the fire, residents of the surrounding area made claims seeking payment for damages to their property and mental anguish allegedly caused by the fire. These claims were consolidated in the captioned litigation.

Currently pending before the Court is Plaintiffs' Motion for Class Certification. A class certification hearing is set for November 20, 2007. In anticipation of that hearing, Defendants have filed the instant motions in limine relating to expert testimony that is relied upon by Plaintiffs in their Motion for Class Certification.

### Applicable Law

A full review under *Daubert* is not suitable to class certification proceedings. See *Turner v. Murphy Oil USA, Inc.,* 05-4206, 2006 WL 91364 (E.D.La. Jan.12, 2006) (Fallon, J.). In *Turner,* Judge Fallon concluded that only a limited *Daubert* review was appropriate. *Id.* Judge Fallon cited to *In re Visa Check/Master Money Antitrust Litigation,* which stated that during class certification:

> a district court may not weigh conflicting expert evidence or engage in a statistical dueling of experts. The question for the district court at the class certification stage is whether the plaintiffs' expert evidence is sufficient to demonstrate common questions of fact warranting certification of the proposed class, not whether the evidence will ultimately be persuasive.

*Id.* at *3-4 (internal citations omitted). If the experts at issue all relate in one way or another to the elements of Rule 23-commonality, typicality, numerosity, adequacy of representation, predominance, and superiority-and as long as the expert's opinion is relevant to one of these six elements needed for class certification, that opinion should be admissible, provided it survives a limited *Daubert* review. *Id.*

**\*2** Furthermore, the limited *Daubert* review under-

taken by the Court differs from a full *Daubert* review in a number of ways. *Id.* First, the Court's review of the expert's opinion is to be limited to the opinion's reliability and relevance to the requirements of class certification under Federal Rules of Civil Procedure 23. *Id.* The Court does not determine at this time whether the expert opinion would pass muster at the time of trial on issues like causation, and the Court's ruling at the time of class certification does not preclude a full *Daubert* examination at the appropriate time. *Id.*

Second, the Court cannot "engage in a statistical dueling of experts" at the class certification stage. *Id.* (citing *Visa Check,* 280 F.3d at 135). Thus, the Court should review the expert's opinion to ensure that it contains no flaws that would render it inadmissible as a matter of law: the methodology must show some hallmarks of reliability, whether through peer review or use of generally-accepted standards or methods; the expert must be qualified; and the opinion must have probative value for the issues of class certification.*Id.;* see also *In re Polypropylene Carpet Antitrust Litig.,* 996 F.Supp. 18, 26 (N.D.Ga.1997) (employing a similar standard).

### Discussion

**A. Motion in Limine to Exclude Testimony, Affidavits, Opinions and Reports of Daniel Clavier or, in the Alternative, to Exclude, Pursuant to Fed.R.Evid. 1006, the Summary or Chart Evidence Prepared by Daniel Clavier**

Associated Electric & Gas Insurance Services Limited's ("AEGIS") motion regarding the expert testimony of Dr. David Mielke is premised on the fact that the data upon which Clavier relied to create maps and summaries of locations of proposed class members has been destroyed, is unreliable, and was provided to Clavier by Plaintiffs' counsel without an opportunity to be examined by Defendants. As such, according to AEGIS, Clavier's testimony and

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2007 WL 3270763 (E.D.La.)

supporting documentation should be excluded pursuant to Federal Rules of Evidence 702 and the *Daubert* standard. Alternatively, if the Court concludes that the evidence does not fall under FRCP 702, AEGIS contends that it is also inadmissible as summaries under Federal Rules of Evidence 1006 because Plaintiffs have not made the data available to Defendants for review.

In reply, Plaintiffs state that because Clavier is not offering opinions, but testifying as a technical expert offering data, his testimony falls into the "non-scientific" category under Federal Rules of Evidence 702, and as such, the Court has broad latitude to determine its reliability. Furthermore, Plaintiffs suggest that Clavier's testimony is also evidence resulting from a "process or system" pursuant to Federal Rules of Evidence 901(b)(9). Additionally, Plaintiffs concede that the questionnaires from which the data was taken were destroyed during Hurricane Katrina. However, Plaintiffs made available to Defendants an expanded version of the questionnaire. Furthermore, the database which underlies the reports and maps generated by Clavier is still available for Defendants' review.

**\*3** This Court finds that Dr. Mielke's testimony survives a limited *Daubert* review and implicates numerosity, typicality, and commonality. The data is offered as a basis for inferring the existence of numerous claims sought and the location of the claimants. Therefore, AEGIS's motion should be denied.

**B. Murphy Oil's Motion to Exclude Opinion Testimony of Erno Sajo**

In its motion regarding the testimony of Dr. Erno Sajo, Murphy Oil, U.S.A., Inc. ("Murphy Oil") contests the underlying data (the "Witherill data") Dr. Sajo used in creating an "air model" as inaccurate and unreliable. Therefore, according to Murphy Oil, any model created by Sajo based on this data is also inaccurate and unreliable. Instead, calculations that were performed some time after the Witherill data

was collected (the "Johnston" data) are more reliable and thus should have been used by Dr. Sajo in conducting his air modeling.

In response, Plaintiffs point out that what Murphy Oil argues is the classic example of the prohibited weighing of "conflicting expert evidence or ... statistical dueling of experts."The question as to which set of data is the more reliable upon which any expert air dispersion modeler should rely is one that can only be addressed at the merits stage of these proceedings, especially since discovery in the certification phase was limited to class certification issues, and, as such, discovery probative to this dispute has "only scratched the surface." Regardless, according to Plaintiffs, Dr. Sajo upholds his reliance on the Witherill data as the most reliable based on standard engineering practice.

This Court finds that Dr. Sajo's testimony survives a limited *Daubert* review and implicates numerosity, commonality, and predominance of Plaintiff's claims. Specifically, his testimony explains how chemicals are generally dispersed and the propensity for harm which may be occasioned by those chemical emissions. Therefore, Murphy Oil's motion should be denied.

**C. Motion to Limit the Expert Testimony of David Mielke, M.D.**

In its motion regarding the expert testimony of Dr. David Mielke, Murphy Oil states that Dr. Mielke's statements having to do with the likelihood of class-wide psychological effects are merely abstract generalizations and include assertions that are outside Mielke's area of expertise. As such, Mielke's statements do not satisfy the evidentiary standard imposed by Federal Rules of Evidence 702.

In reply, Plaintiffs state that Defendant's arguments are unfounded and premature at this stage of the proceedings. Regardless, all three testifying experts (including one of Defendant's experts) agreed that peer-reviewed methodology exists to determine the

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d                                                                                    Page 4

Not Reported in F.Supp.2d, 2007 WL 3270763 (E.D.La.)

categorical breakdown of the exposed population through statistical means which do not require the evaluation of each individual.

This Court finds that Dr. Mielke's testimony survives a limited *Daubert* review and implicates typicality, commonality, predominance, and superiority of the class actions vehicle. Specifically, Dr. Mielke testifies that methodology exists which may be used at the common issues or damages phase of a class action to determine the nature and prevalence of psychological response to an event. Therefore, Murphy Oil's motion should be denied.

**D. Motion to Exclude Testimony of Lolly Leger and Three of Plaintiffs' Exhibits Listed in Plaintiff's Final List of Exhibits**

**\*4** In its motion regarding the testimony of Leger and three documents evidencing settlement data relative to the settlement of 503 claims between Trinity Insurance Services and Murphy Oil, Murphy Oil speculates that Plaintiffs' purpose in admitting the contested evidence is to establish a geographical boundary for the proposed class, and that Plaintiffs will then seek to hold Murphy Oil liable for any claims brought therein. As such, Defendant argues that Leger's testimony and the settlement data must be excluded under Federal Rules of Evidence 408, which prohibits the use of settlement/compromise data when offered to prove liability. Additionally, Murphy Oil claims that neither Leger's testimony nor the settlement data are relevant to the issues of numerosity, typicality, commonality, superiority, or predominance.

Despite Murphy Oil's statements to the contrary, the geographical dispersion of the class is a factor relevant to the numerosity inquiry. See *Mullen v. Treasure Chest Casino, LLC,* 186 F.3d 620, 624 (5th Cir.1999). This Court finds that the settlement data are relevant. Therefore, Murphy Oil's motion should be denied. Accordingly,

**IT IS ORDERED** that Defendant Associated Elec-

tric & Gas Insurance Services Limited's **Motion in Limine to Exclude Testimony, Affidavits, Opinions and Reports of Daniel Clavier or, in the Alternative, to Exclude, Pursuant to Fed.R.Evid. 1006, the Summary or Chart Evidence Prepared by Daniel Clavier (Rec.Doc.220)** is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Murphy Oil, U.S.A, Inc.'s **Motion to Exclude Opinion Testimony of Erno Sajo (Rec.Doc.221)** is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Murphy Oil, U.S.A, Inc.'s **Motion to Limit the Expert Testimony of David Mielke, M.D. (Rec.Doc.222)** is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Murphy Oil, U.S.A, Inc.'s **Motion to Exclude Testimony of Lolly Leger and Three of Plaintiffs' Exhibits Listed in Plaintiff's Final List of Exhibits (Rec.Doc.241)** is hereby **DENIED.**

E.D.La.,2007.

Ancar v. Murphy Oil, U.S.A., Inc.

Not Reported in F.Supp.2d, 2007 WL 3270763 (E.D.La.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.