UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER  
      FORMALDEHYDE PRODUCTS  
      LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N" (4)

THIS DOCUMENT RELATES TO  
ALL CASES

## ORDER AND REASONS

Before the Court is the Rule 12(b) Motion to Dismiss (Rec. Doc. 741), filed by Defendant Horton Homes, Inc. ("Horton"). After reviewing the Administrative Master Complaint ("AMC") (Rec. Doc. 109), the Second Supplemental and Amended Complaint (Rec. Doc. 722), the memoranda of the parties, and the applicable law, the Court rules as set forth herein.

**I.   BACKGROUND**

On March 18, 2008, Plaintiffs filed the AMC, wherein Horton was first named as a defendant in this multi-district litigation ("MDL") (Rec. Doc. 109, ¶8(c)(xxiv)). Thereafter, several defendants, including Horton, filed Rule 12(b)(1) motions to dismiss, challenging the Court's subject matter jurisdiction. The motions alleged that Plaintiffs lacked standing because no Plaintiff alleged that he or she lived in a housing unit manufactured by a particular Defendant. Specifically, the AMC failed to identify any Plaintiff as an occupant or former occupant of an emergency housing unit ("EHU") manufactured by any particular defendant, including Horton.

In an August 1, 2008 Order and Reasons (Rec. Doc. 599), this Court concluded that sufficient facts were not alleged in the AMC to show that standing existed because no Plaintiff was matched to a particular Defendant. The Court then granted the motion to dismiss based on lack of

standing, without prejudice to the right of Plaintiffs to seek leave to amend to assert sufficient facts and allegations to support their argument that standing existed as to certain Plaintiffs who could be matched to specific manufacturing Defendants.  (See Rec. Docs. 599 and 604).

In response to the August 1, 2008 Order and Reasons, Plaintiffs filed motions seeking leave to amend the AMC (Rec. Docs. 656 and 657), which the Court granted, over the objections of certain Defendants.  (Rec. Doc. 720). In the Second Supplemental and Amended Complaint (Rec. Doc. 722), Plaintiffs did not match any existing plaintiff (as appearing in the AMC) to Horton. Instead, Plaintiffs named an entirely new plaintiff, Pamela Benoit ("Ms. Benoit") (who is allegedly bringing the action on behalf of her son and proposed class representative, Christopher Benoit ("Mr. Benoit")), who is matched to Horton. (Rec. Doc. 722, ¶7(16)).

Horton filed the instant motion to dismiss alleging that this Court should dismiss Plaintiffs' claims against it in this action.  Specifically, Horton argues that Plaintiffs may not amend the AMC by substituting a new plaintiff (Ms. Benoit, on behalf of Mr. Benoit) to create jurisdiction where no jurisdiction previously existed as to Defendant Horton.  In opposition, Plaintiffs assert that the Second Amended Master Complaint does, indeed, match an "existing plaintiff" to Horton. Plaintiffs specifically contend that Ms. Benoit was an "existing plaintiff" because she was a putative class member.

## II. DISCUSSION

This Court previously laid forth the law relating to standing in its August 1, 2008 Order and Reasons (Rec. Doc. 599); thus, the Court will not repeat those same findings herein in detail.  In the AMC, Plaintiffs failed to allege that any particular Plaintiff ever lived in a housing unit

manufactured by any of the Newly-Added Defendants.  In its August 1, 2008 Order and Reasons, this Court concluded that the named Plaintiffs had not set forth sufficient and specific allegations in the AMC to establish that any of them had Article III standing to pursue claims against any of the Newly-Added Defendants.

What Horton fails to acknowledge and what Plaintiffs fail to point out is that the Second Amended Master Complaint sets forth facts to establish standing for *several* plaintiffs originally named in the AMC.  Indeed, the Second Amended Master Complaint sets forth sufficient allegations linking more than 60 named existing Plaintiffs to specific manufacturing defendants. (Rec. Doc. 722, ¶6).  Thus, the Court concludes that it is now clear that those Plaintiffs have standing and have always had standing.  For the reasons that follow, this Court concludes that those plaintiffs have standing to amend the Complaint to add additional plaintiffs, defendants, and claims.

To be clear, Plaintiffs are not seeking to substitute an entire set of new plaintiffs to create standing where none ever existed.  This is not a situation where no plaintiff ever had standing to assert a claim against the defendants, and thus, did not have standing to amend the complaint to substitute for a plaintiff with standing. *See Summit Office Park v. U.S. Steel Corp.*, 639 F.2d 1278, 1282 (5th Cir. 1981).  Here, Plaintiffs' Second Amended Master Complaint sets forth sufficient additional facts (i.e, individual plaintiffs matched to specific manufacturing defendants) to show that this Court has and has always had subject matter jurisdiction over this matter.  See *Aetna Casualty & Surety Co. V. Hillman,* 796 F.2d 770, 774 (5th Cir. 1986). Plaintiffs are, thus, not attempting to create jurisdiction where none existed.  See *Federal Recovery Services, Inc. V. United States*, 72 F.3d 447, 453 (5th Cir. 1996).

3

The Court finds the reasoning used by the district court in *Mathews v. Kidder, Peabody & Co., Inc.*, 947 F. Supp 180 (W.D. Pa. 1996) to be persuasive. Similar to *Mathews*, the Court notes that, here, more than 60 individuals named as plaintiffs in the AMC are still plaintiffs in the Second Amended Master Complaint. Because sufficient allegations have been set forth to establish the existence of standing as to those named plaintiffs, they have standing to amend the complaint and continue to litigate this matter.[1] Second, although Plaintiffs have added an entirely new plaintiff, Ms. Benoit, to the Second Amended Master Complaint, she and/or her son, upon whose behalf she sues, were members of the proposed class of plaintiffs defined in the original AMC. Third, the Second Amended Master Complaint does not seek to change the causes of action stated in the AMC. Fourth, this Court finds that judicial economy suggests that the claims asserted against Horton by Ms. Benoit (on behalf of Mr. Benoit) should proceed now, without delay and waste resulting from forcing Ms. Benoit to file an entirely separate lawsuit on behalf of Mr. Benoit against Horton to which Horton would surely have to respond eventually. Thus, as the *Mathews* Court determined, this Court finds that the Second Amended Master Complaint has the characteristics of an amended complaint - as opposed to a new lawsuit. Thus, this Court properly allowed the Second Amended Master Complaint; such amendment is not futile.

Clearly, amending a complaint to allege specific facts to support existing plaintiffs' standing is permissible. In *Matte v. Sunshine Mobile Homes, Inc.*, 270 F. Supp.2d 805, 812-13 (W.D. La.

---

[1] As the *Summit Office Park* Court held, "we hold only that where a plaintiff never had standing to assert a claim against the defendants, it does not have standing to amend the complaint and control the litigation by substituting new plaintiffs, a new class, and a new cause of action." 639 F.2d at 1282. The *Summit Office Park* Court further stated: "[s]ince there was no plaintiff before the court with a valid cause of action, there was no proper party available to amend the complaint." *Id.* Such is not the case here, as standing has been established for over 60 plaintiffs named in the AMC.

2003), the Court noted:

> The court may allow plaintiffs to amend or provide affidavits in order to further particularize the allegations of fact deemed supportive of plaintiff's standing. If, after this opportunity, plaintiffs' standing "does not adequately appear from all materials of record, the complaint must be dismissed." [*Warth v. Seldin*, 422 U.S. 490, 501-501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975).]

Plaintiffs did as the Court instructed and amended the AMC to set forth sufficient facts to show that standing existed. In other words, they set forth allegations which sufficiently matched certain plaintiffs to specific defendants, which in turn established the existence of standing. Those plaintiffs, for whom standing has been established, now clearly have standing to amend the AMC to add new plaintiffs, defendants, and claims.

To address Horton's argument that standing does not exist as to Horton because, in the Second Amended Master Complaint, Plaintiffs did not match any existing plaintiff (as appearing in the AMC) to Horton, the Court finds that Horton has too narrowly interpreted its August 1, 2008 Order and Reasons. On the showing made, the Court concludes that it is perfectly acceptable for the other plaintiffs with standing (who are admittedly matched to other manufacturing defendants) to amend the AMC in order to substitute a new plaintiff to match to Horton because jurisdiction always existed for those existing plaintiffs. Horton has not pointed the Court to any authority, whether mandatory or persuasive, that establishes such a narrow reading of the cases relating to standing. Had Plaintiffs been unable to match any existing named plaintiff to a particular manufacturing defendant, then this Court would have to dismiss this particular suit and deny the right to amend, as plaintiffs would be attempting to amend to create jurisdiction where none existed.

Here, the matching of several plaintiffs to several manufacturing defendants demonstrates that standing to amend exists.

### III.   CONCLUSION

Considering the foregoing, **IT IS ORDERED** that the **Rule 12(B) Motion to Dismiss (Rec. Doc. 741**) is **DENIED**.

New Orleans, Louisiana, this 12th day of November, 2008.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**