UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | MDL NO. 1873 SECTION "N" (4) JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO: PLAINTIFFS' ADMINISTRATIVE MASTER COMPLAINT | ) ) ) ) | MAGISTRATE JUDGE CHASEZ |

### LEXINGTON HOMES, INC.'S PRESERVATION OF DEFENSES

Defendant Lexington Homes, Inc. ("Lexington") respectfully submits the following list of defenses to be preserved in the following action pending in this multi-district litigation. Lexington reserves the right to amend or supplement these defenses and to file appropriate preliminary pleadings and dispositive and other motions in the following cases and in any other cases in which it has been or will be named and properly served.

Lexington has been named in this action and provides the following defenses subject to the defenses of insufficient service of process, insufficient process, and lack of personal jurisdiction:

1. Plaintiffs fail to establish that the court has subject matter jurisdiction over their claims.

2. Plaintiffs lack standing to assert their claims against this defendant..

3. Plaintiffs fail to establish that the court has personal jurisdiction over this defendant.

4. Plaintiffs have failed to sue this defendant in a court of proper venue.

5. Plaintiffs fail to state a claim upon which relief under the products liability laws of Alabama, Louisiana, Mississippi, and/or Texas.

6. The claims against Lexington are barred by the applicable statue of limitations, prescriptive and preemptive periods, and/or laches.

7. Each plaintiff's negligence contributed to their alleged injury.

8. Plaintiffs fail to state a claim for medical monitoring damages because they have not alleged a specific or manifest injury.

9. Plaintiffs fail to state a claim for attorney's fees and costs.

10. Plaintiffs fail to state a claim for punitive damages.

11. Plaintiffs fail to state a claim for property damages.

12. Plaintiffs fail to state a claim for injunctive relief.

13. Plaintiffs fail to state a claim for breach of express or implied warranties under Louisiana, Alabama, Mississippi and Texas law.

14. Plaintiffs' theory of joint and several liability, or market share liability, is precluded by applicable law.

15. Plaintiffs have failed to plead fraud or misrepresentation with particularity.

16. The claims asserted by plaintiffs are barred by the doctrines of waiver, ratification, unclean hands and/or estoppel.

17. The claims asserted by plaintiffs are barred by the principles of res judicata and/or collateral estoppel.

18. The claims asserted by plaintiffs should be dismissed, or alternatively, their damages (the existence of which damages is denied) should be reduced due to each plaintiff's own negligent conduct, lack of care, comparative fault, breaches of contract, fraud or legal fault.

19. Plaintiffs have not sustained any damages proximately caused by Lexington.

20. Any damages sustained by plaintiffs (the existence of which damages is denied) were the result of acts or omissions of parties other than Lexington for which Lexington is not legally responsible.

21. Some or all of plaintiffs' claims may be subject to binding arbitration.

22. The claims asserted by plaintiffs are barred by the government contractor immunity defense.

23. Plaintiff's fail to state a claim because the claims they allege against this defendant are barred by federal preemption pursuant to 42 U.S.C.§ 5401, et seq., 24 C.F.R.§ 3280, et seq.

24. Plaintiffs fail to state a failure to warn claim because they are charged with the knowledge of the federally mandated warnings regarding formaldehyde set forth in 24 C.F.R.§ 3280, et seq.

25. Plaintiffs fail to state a claim because they were warned of the risks of formaldehyde alleged to exist in this defendant's product and the symptoms and/or injuries that could occur by occupying this defendant's products, which are the very type and nature of symptoms and injuries they allege they have suffered.

26. Plaintiffs fail to allege their claims and damages sufficient particularity.

27. Plaintiffs fail to allege the fault and or other actionable conduct of this defendant with sufficient particularity.

Respectfully submitted:
**THE CROW LAW FIRM, L.L.C.**


/s/Michael G. Crow
MICHAEL G. CROW (4626)
1100 Poydras Street, Suite 1175
New Orleans, LA 70163
Telephone: 504/599-5770
Facsimile: 504/566-1141
e-mail: mgc@mgcrowlaw.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this _____ of November, 2008, a copy of the foregoing Preservation of Defenses was filed electronically with the Clerk of Court using the CM/ECF system. I also certify that I have mailed by United States Parcel Service this filing to the following non-CM/ECF participants:

Jeffery N. Luthi
One Columbus Circle, NE
Federal Judiciary Bldg., Room G-255
Washington, DC 20002

                                      _/s/Michael G. Crow_____
                                      **Michael G. Crow (4626)**