UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 2:07-MD-1873 |
|     FORMALDEHYDE | * | |
|     PRODUCTS LIABILITY | * | SECTION: N(4) |
|     LITIGATION | * | |
| | * | JUDGE: ENGELHARDT |
| THIS DOCUMENT RELATES TO: | * | |
| *Stephanie G. Pujol, et al v. The United* | * | MAGISTRATE JUDGE: CHASEZ |
| *States of America, et al,* NO. 08-3217 | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**RULE 12(B) PRESERVATION LISTING
FILED ON BEHALF OF PLAY'MOR TRAILERS, INC.,
REGARDING PLAINTIFFS' ORIGINAL AND SECOND SUPPLEMENTAL
AND AMENDING COMPLAINT**

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Play'Mor Trailers Inc., ("Play'Mor") who, in responding to Pretrial Order No. 4 (4), respectfully submits the following list of defenses pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, in the underlying lawsuit of *Pujol, et al v. The United States of America, et al,* Civil Action No. 08-3217,[1] which is submitted in addition to joint defenses, including Rule 9 and Rule 12 defenses, submitted by defense liaison counsel. Defendant's listing is limited to only the *Pujol* matter, and Defendant reserves its right to assert any other allowable preliminary pleadings, dispositive motions or affirmative defenses in this case or in any other case in which it is subsequently named and properly served.

---

[1] Play'Mor is filing the Preservation List out of an abundance of caution. Pretrial Order No.4(4) required that, by May 19, 2008, Defendants provide the Court with a list of specific defenses as to each pending case before the MDL. At that time, Play'Mor was not named as a defendant in the original *Pujol* complaint, and thus Play'Mor was not required to file its list of defenses before May 19, 2008. No subsequent Pretrial Order has provided a date for the listing of defenses in the Second Supplemental and Amending Complaint filed in the *Pujol* matter. As such, Play'Mor provides this list out of an abundance of caution. Play'Mor objects to the requirement to file this list as it is in violation of the Defendant's right to equal protection and due process. This preservation list is being filed out of an abundance of caution, and Defendant reserves its right to supplement and amend its preservation list in the future as further discovery may warrant and require, and in accordance with any and all subsequently filed or served lawsuits naming Play'Mor as a party defendant.

In accordance with the Court's direction, Defendant submits the following 12(b) defenses that are anticipated to be raised should this underlying matter proceed forward against Defendant:

1. Failure to properly effectuate service of process on defendant.

2. Plaintiffs have failed to satisfy their burden of establishing Article III standing against Play' Mor, and thus this Court does not have subject matter jurisdiction over Plaintiffs' claims against Play'Mor.

3. Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' negligence, negligence *per se*, gross negligence, recklessness, failure to inspect, breach of implied warranty and "failing to act in a prudent manner" claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

4. Failure to state a claim upon which relief can be granted as plaintiffs' claims are prescribed under Louisiana's one year prescriptive period.

5. Failure to state a claim upon which relief can be granted as plaintiffs' claims are barred as the applicable Mississippi, Alabama, and Texas statute of limitations have run.

6. Failure to state a claim upon which relief can be granted as plaintiffs have not alleged a specific or manifest injury or disease resulting from the alleged exposure, nor are plaintiffs entitled to medical monitoring damages to the extent plaintiffs seek same.

7. Plaintiffs fail to state a claim upon which relief can be granted as to the redhibition claim. Rather than specifically stating a claim for redhibition, plaintiffs state claims for breach of implied and expressed warranties which fail because there is no privity of contract between the plaintiffs and the manufacturer.

8. Failure to state a claim upon which relief can be granted regarding strict liability as there is no basis under Louisiana law for same.

9. Failure to state a claim upon which relief can be granted to the extent plaintiffs seek to impose joint and several and/or solidary liability upon manufacturing defendants, as such claims are precluded by applicable law.

10. Failure to state a claim upon which relief can be granted for attorney's fees as there is no basis under Mississippi, Alabama, Texas, Louisiana, or Federal law for the awarding of attorney's fees based upon the facts alleged in the complaint

11. Failure to state a claim upon which relief can be granted to the extent plaintiffs' seek property damages under Mississippi, Alabama, Texas, or Louisiana law, as plaintiffs are not entitled to recover same.

12. Failure to state a claim upon which relief can be granted to the extent plaintiffs seek punitive damages as there is no basis for awarding punitive damages under the facts alleged in the complaint and applicable law.

13. Failure to state a claim upon which relief can be granted to the extent plaintiffs seek compensatory damages as there is no basis for awarding same under the facts alleged in the complaint and applicable law.

14. Failure to state a claim upon which relief can be granted to the extent plaintiffs seek damages pursuant to La. C.C. Arts. 2524 and 1994, 1995, and 1997, as there is no basis for awarding same under the facts alleged in the complaint and applicable law.

15. Failure to state a claim upon which relief can be granted to the extent that plaintiffs assert express or implied warranty claims under Mississippi, Alabama, and Texas law as such claims are precluded as plaintiffs do not rely on any privity of contract.

16. Failure to state a claim upon which relief can be granted as plaintiffs' claim for relocation expenses and provisions for replacement trailers should be dismissed due to lack of privity of contract with Defendant.

17. Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek claims under the Federal Tort Claims Act and 42 USCA Sec. 1983 against manufacturing defendants as such claims are not applicable to Defendant.

18. Failure to state a claim insofar as Plaintiffs have not alleged and cannot prove either specific or general causation for their alleged injuries.

19. Failure to state a claim upon which relief can be granted to the extent that Plaintiffs have not alleged actual damages and/or have failed to mitigate their damages.

20. Plaintiffs lack standing as they are not the purchasers or buyers of the units at issue.

21. Failure to state a claim for injunctive relief as there is no basis for same under the facts alleged in the complaint and applicable law.

Defendant hereby adopts and incorporates all filings of applicable items listed in the preservation lists of similarly situated co-defendants in the Multi-District Litigation 07-1873 in all underlying cases, and all applicable Rule 12 and Rule 9 Motions filed by similarly situated co-defendants in the MDL and underlying cases, as if copied herein *in extenso.*

Respectfully submitted,

*/s/ Randall C. Mulcahy*
LYON H. GARRISON, Bar No. 19591
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
GARRISON, YOUNT, FORTE
& MULCAHY, LLC
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Attorneys for defendant,
Play'Mor Trailers, Inc.
Email: rmulcahy@garrisonyount.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2008, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

*/s/ Randall C. Mulcahy*
RANDALL C. MULCAHY, Bar No. 26436