UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>    FORMALDEHYDE PRODUCTS<br>    LIABILITY LITIGATION<br><br>    This applies to *Aldridge*,<br>    No. 07-9228<br>    (E.D. La.) | MDL NO. 1873<br>SECTION "N" (4)<br><br>JUDGE ENGELHARDT<br><br>MAGISTRATE CHASEZ |

**MEMORANDUM IN OPPOSITION TO MOTION TO FILE
SUPPLEMENTAL AND AMENDED COMPLAINT**

Gulf Stream Coach, Inc., Fleetwood Enterprises, Inc., Forest River, Inc., Keystone RV Company, and Coachmen Recreational Vehicles of Georgia, LLC, (the "Existing *Aldridge* Defendants") submit this memorandum in opposition to the *Aldridge* Plaintiffs' Motion to File First Supplemental and Amending Complaint. *See* Rec. Doc. No. 758. For the reasons explained in this memorandum, the Court should deny the motion. Alternatively, the Court should defer ruling on the *Aldridge* Plaintiffs' Motion until it rules on the pending class certification motion.

Federal Rule 15(a) relates to amended pleadings. Although the rule provides a liberal standard for amendments, "whether a motion for leave should be granted is within the discretion of the district court."[1] Leave to amend is by no means

---

[1] *Foman v. Davis*, 371 U.S. 178, 182 (1962), *Little v. Liquid Air Corporation*, 952 F. 2d 841 (5th Cir. 1992).

"automatic."[2]

The Fifth Circuit has set out the "types of reasons that might justify denial of permission to amend a pleading."[3]  Those include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment...."[4]

A number of factors suggest that the Court should not permit the amendment, including the following:

- **The *Aldridge* Plaintiffs have waited until the eleventh hour to file their proposed amendment.**

    The plaintiffs have been aware of the basis for their formaldehyde-related claims for several years but waited until now to add the new group of defendants.  In fact, the plaintiffs and their attorneys filed the first of their formaldehyde-related cases—*Hillard*—in April, 2006.  Since that time, they have filed approximately twenty-five additional lawsuits against the Manufacturing Defendants and FEMA.  In addition, on October 24, 2007, the MDL panel created this multidistrict proceeding and transferred it to this Court.   Plaintiffs' counsel, Frank D'Amico, is a member of the Plaintiffs' Steering Committee and is well-aware of all the Court's deadlines and time-table for class certification.

    The class certification process is virtually over at this point.  The parties have engaged in extensive class certification-related discovery and motions.  The plaintiffs have filed their class certification brief and the existing defendants are set to file their opposition brief and exhibits on November 14, 2008.  The Court will hold a hearing on December 2, 2008.  Despite all these activities, the *Aldridge* Plaintiffs waited until October 23, 2008 to file their proposed amendment.

---

[2] *Little v. Liquid Air Corporation*, 952 F. 2d 841, 845-846 (5th Cir. 1992).

[3] *Dussouy v. Gulf Coast Investment Corp.*, 660 F. 2d 594 (5th Cir. 1981).

[4] *Id.* at 598.  See also *Little*, 952 F. 2d 841.

{B0545190.1}                        2

- **The *Aldridge* Plaintiffs have not offered any legitimate explanation for their delay in filing their proposed amendment.**

    In their supporting memorandum, the *Aldridge* Plaintiffs assert that they "did not know of the involvement of the new defendants (other than FEMA)."[5]  Tellingly, the plaintiffs offer no explanation about *when* they supposedly learned about the involvement of these new defendants or why they waited to add them.  Without a legitimate explanation for their tardiness, the Court should not permit the amendment.

- **The proposed amendment will delay these proceedings and prejudice the rights of the new and existing defendants.**

    If filed, the *Aldridge* amendment will interfere with the class certification schedule and the progress of this litigation.  The newly-added defendants will almost certainly request additional time to respond to the pending class certification motion.  Faced with that request, the Court will have to delay the proceedings or force the new defendants into the litigation with no opportunity to participate in the class certification discovery, briefing or hearing process.[6]  The situation puts the Court in a difficult posture:  a delay of class certification will prejudice the existing defendants; a refusal to delay will prejudice the newly added defendants.

- **The proposed amendments will interfere with the MDL and pending Administrative Master Complaint.**

    Under Pre-trial Order No. 2, the Master Complaint filed by plaintiffs "shall incorporate and supersede all pending actions and those

---

[5] Rec. Doc. No. 758-3, p. 20.

[6] Other courts have denied leave to file an amendment when the newly added defendants would not have sufficient time to prepare their defense.  *See Lizt v. Kane, Inc.,* 1998 WL 9201331, p*1 (N.D. Tex 1998)("Secondly, allowing Plaintiff to amend her pleadings at this stage of litigation would cause undue delay and prejudice to the newly named defendants, **as each would have less than two months to prepare his or her defense.")** *See also Robinson v. Southwestern Bell Tel Co.*, 1997 WL 182271 (N.D. Tex. 1997)(Court denied motion for leave to file amended complaint that was filed one year after original complaint and three months before trial.)

{B0545190.1}                                     3

subsequently filed, removed or transferred to this Court as part of this proceeding."[7] The *Aldridge* Plaintiffs' proposed amendment is not consistent with the pending Master Complaint because it adds new defendants and claims. To date, the PLC has not proposed to amend the Master Complaint or any of the other underlying complaints. Thus, it is unclear the extent to which these two pleadings relate to each other and whether the proposed amendment in *Aldridge* would be incorporated into the Master Complaint. If the amendment is incorporated, arguably the existing Defendants (not just those listed in *Aldridge*) would be required to address the amendment in their class certification briefing with insufficient time to do so.

Even if Court is inclined to permit the proposed amendment, at a minimum, the Defendants suggest that the Court should delay the amendment until it rules on the pending class certification motion. By doing this, the Court would avoid delaying the proceedings, and minimize the potential for prejudice to the new and existing defendants.

For these reasons, the "Existing *Aldridge* Defendants" request that the Court deny the *Aldridge* Plaintiffs' motion, or, alternatively, defer ruling on it until after the Court rules on the pending class certification motion.

By Attorneys,

*s/Ryan E. Johnson*

_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA  70809
Phone: (225) 248-2000
Facsimile: (225) 248-2080

---

[7] Rec. Doc. No. 87 (entered on 1/30/08).

jpercy@joneswalker.com
rjohnson@joneswalker.com
-and-

Madeleine Fischer (La. Bar No. 5575)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
201 St. Charles Avenue
New Orleans, LA 70170-5100
Phone:  (504)582-8208
Facsimile:  (504) 589-8208
mfischer@joneswalker.com

**Counsel for Keystone RV Company**


Richard K. Hines, V (Ga. Bar No. 35600)
**NELSON, MULLINS, RILEY & SCARBOROUGH, LLP**
201 17th Street, NW, Suite 1700
Atlantic Station
Atlanta, GA  30363
Phone: (404) 322-6000
Facsimile: (404) 322-6050
richard.hines@nelsonmullins.com

-and-

Jerry L. Saporito, (La. Bar No. 11717)
Amanda W. Vonderhaar (La. Bar No. 31350)
Jeffrey M. Burg (La. Bar No. 25993)
**LEAKE & ANDERSSON, LLP**
1100 Poydras Street, Suite 1700
New Orleans, LA   70163-1701
Phone: (504) 585-7500
Facsimile: (504) 585-7775
jsaporito@leakeandersson.com
avonderhaar@leakeandersson.com
jburg@leakeandersson.com

**Counsel for Fleetwood Enterprises, Inc., Fleetwood Canada, Ltd. And Fleetwood Homes of North Carolina, Inc.**

Andrew D. Weinstock (La. Bar No. 18495)
Joseph G. Glass (La. Bar No. 25397)
**DUPLASS, ZWAIN, BOURGEOIS, PFISTER & WEINSTOCK**
3838 N. Causeway Blvd., Suite 2900
Metairie, LA  70002
Phone: (504) 832-3700
Facsimile:  (504) 837-3119
andreww@duplass.com
jglass@duplass.com

**Counsel for Gulf Stream Coach, Inc.**

Ernest P. Gieger, Jr. (La. Bar No. 6154)
John E. W. Baay, II (La Bar No. 22928)
Jason D. Bone (La. Bar No. 28315)
**GIEGER, LABORDE & LAPEROUSE, LLC**
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, LA  70139-4800
Phone: (504) 561-0400
Facsimile: (504) 561-1011
egieger@glllaw.com
jbone@glllaw.com
jbaay@glllaw.com

**Counsel for Forest River, Inc.**

David M. Bienvenu (La. Bar No. 20700)
John Stewart Tharp (La Bar No. 24230)
**TAYLOR, PORTER, BROOKS & PHILLIPS**
P. O. Box 2471
Baton Rouge, LA  70821
Phone: (225) 387-3221
Facsimile: (225) 346-8049
Stewart.tharp@taylorporter.com
David.bienvenue@taylorporter.com

**Counsel for Coachmen Recreational Vehicles Of Georgia, LLC**

{B0545190.1}              6

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this day, a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system. Notice of this filing will be sent to all known counsel by operation of the court's electronic filing system. I also certify that I have mailed a copy of this filing to any non-CM/ECF participants by U.S. Mail, postage prepaid and properly addressed.

      Baton Rouge, Louisiana, this 13th day of November, 2008.

*s/Ryan E. Johnson*

_____
Ryan E. Johnson

{B0545190.1}                    7