UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER               MDL NO. 07-1873
       FORMALDEHYDE PRODUCTS
       LIABILITY LITIGATION
                                  SECTION "N"  (5)

THIS DOCUMENT RELATES TO
THE ADMINISTRATIVE MASTER
COMPLAINT AND TO ALL CASES

## ORDER AND REASONS

Before the Court is the Motion to Reconsider Order (Rec. Doc. 720) or, in the Alternative, to Certify for Interlocutory Appeal (Rec. Doc. 749), filed by Defendants CMH Manufacturing Inc., Southern Energy Homes, Inc., Palm Harbor Homes, Inc., Palm Harbor Mfg., LP Palm Harbor Albermarle, LLC, Giles Family Holdings, Inc., SunRay Investments, LLC (the "Newly Added Defendants"), Horton Homes, Inc., Silver Creek Homes, Inc., Redman Homes, Inc., Dutch Housing, Inc., Liberty Homes, Inc., Waverlee Homes, Inc., and ScotBilt Homes, Inc. (collectively, "the moving Defendants).  After reviewing the memoranda of the parties and the applicable law, the Court rules as set forth herein.

I.      BACKGROUND

On March 18, 2008, Plaintiffs filed the Administrative Master Complaint ("AMC"), wherein several defendants were, for the first time, named as defendants in this multi-district litigation ("MDL") (Rec. Doc. 109). Thereafter,  several defendants, including the moving Defendants, filed

Rule 12(b)(1) motions to dismiss, challenging the Court's subject matter jurisdiction. The motions alleged that Plaintiffs lacked standing because no Plaintiff alleged that he or she lived in a housing unit manufactured by a particular Defendant. Specifically, the AMC failed to identify any Plaintiff as an occupant or former occupant of an emergency housing unit ("EHU") manufactured by any particular defendant.

In an August 1, 2008 Order and Reasons (Rec. Doc. 599), this Court concluded that sufficient facts were not alleged in the AMC to show that standing existed because no Plaintiff was matched to a particular Defendant. The Court then granted the motion to dismiss based on lack of standing, without prejudice to the right of Plaintiffs to seek leave to amend to assert sufficient facts and allegations to support their argument that standing existed as to certain Plaintiffs who could be matched to specific manufacturing Defendants. (See Rec. Docs. 599 and 604).

In response to the August 1, 2008 Order and Reasons, Plaintiffs filed motions seeking leave to amend the AMC (Rec. Docs. 656 and 657), which the Court granted, over the objections of certain Defendants. (Rec. Doc. 720). The moving Defendants seek reconsideration of this order, or in the alternative, that this order be certified for interlocutory appeal.

## II. DISCUSSION

### A. Request for Reconsideration

As this Court has frequently explained with respect to such motions:

> "In the Federal Rules of Civil Procedure there is no 'motion for reconsideration' in *haec verba*. *Harrington v. Runyon*, 98 F.3d 1337, at *1 (5th Cir.1996) (citing *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990)). "Any motion termed as such will be treated as either a motion to alter or amend the judgment under Rule 59(e) or a motion for relief from judgment under Rule 60(b)." *Id.*
>
> If a motion for reconsideration is filed within ten days of the entry of the

> order or judgment being challenged, "it will be treated as a 59(e) motion; if it is filed after ten days, it will be treated as a 60(b) motion." *Id.* (citing *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 288 (5th Cir.1989); *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667-69 (5th Cir.1986)).
>
> A Rule 59(e) motion "calls into question the correctness of a judgment." Tex. Comptroller of Pub. *Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002). It is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment, *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990), but instead "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989). A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under" Rule 59(e). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir.1990). There are considerations that limit this discretion, however: (1) the need to bring litigation to an end and (2) the need to render just decisions on the basis of all of the facts. Id.
>
> "Generally, there are four grounds upon which a Rule 59(e) motion can be granted: (1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law." *Peterson v. Cigna Group Ins.,* No. Civ.A. 99-2112, 2002 WL 1268404, at *2 (E.D. La. June 5, 2002) (Duval, J.)

See *Stanley ex rel Bankrupcty Estate of Gary Eugene Hale v. Trinchard*, Civ. Action No. 02-1235, 2008 WL 3975628, *1-2 (E.D. La. 8/26/08) (Africk, J.); see also *A.M.C. Liftboats, Inc. v. Apache Corp.*, Civ. Action No. 06-10543, 2008 WL 1988807, *1 (E.D. La. 5/05/08) (Engelhardt, J.).

Here, the moving Defendants have not shown that any of the aforementioned grounds for reconsideration exist. First, there has been no intervening change in the controlling law. Second, this is not a case where new evidence has been discovered. Third, for the reasons set forth in its November 12, 2008 Order and Reasons (Rec. Doc. 884), the Court disagrees that its October 6, 2008 Order (Rec. Doc. 720) reflects any manifest error of law. Finally, given the foregoing, the Court

does not find reconsideration of its October 6, 2008 Order (Rec. Doc. 720) to be necessary to prevent manifest injustice. Thus, reconsideration of that order is denied.

**B.     Alternative Request for Certification for Interlocutory Appeal**

Before a district court may certify an order for interlocutory appeal, the moving party must demonstrate that the matter involves (1) a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order would materially advance the ultimate termination of the litigation. See 28 U.S.C. § 1292(b). See also *Complaint of L.L.P. & D. Marine, Inc.*, Nos. Civ. A. 97-1668, 97-2992, 97-3349, 1998 WL 66100, at *1 (E.D.La. Feb. 13, 1998) (explaining that the moving party bears the burden of "demonstrating the necessity of an interlocutory appeal"). An interlocutory appeal, however, is "exceptional" and assuredly does not lie simply to determine the correctness of a judgment." *Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 68, 69 (5th Cir.1983).

Here, the October 6, 2006 Order merely granted Plaintiffs' motion for leave to amend the complaints, as this Court indicated would be allowed in its August 1, 2008 Order (Rec. Doc. 599). This Court specifically noted that Defendants could present their substantive arguments opposing the filing of the Second Supplemental and Amended Complaints in responsive pleadings, which a number of defendants did, and which the Court is currently in the process of addressing.

There is no substantive legal issue relative to the October 6, 2008 Order to address on appeal. The Court's October 6, 2008 Order consisted of 1.5 pages which were, as Plaintiffs' point out, reflective of the Court's prior procedural directives set forth in the Court's August 1, 2008 Order and Reasons. If the moving Defendants had a problem with the directives set forth in the August 1, 2008 Order and Reasons (i.e., that the motions to dismiss were granted without prejudice to the

right of Plaintiff to seek leave to amend the compalints), a motion to reconsider should have been filed in relation to that motion. The Court notes that this is a massive MDL action, and the procedural directives set forth by the undersigned are meant to facilitate the orderly and expedient progression of this case.

Further, an immediate appeal from the order would not materially advance the ultimate termination of the litigation. The alternative to allowing the motions to amend would have been to deny the motions to amend and dismiss the case for lack of standing[1], which would have merely spawned new, separate lawsuits against the moving Defendants.  Thus, the ultimate termination of this litigation would not have been advanced; instead, it would have been prolonged.  For these reasons, the Court concludes that the moving Defendants' request to certify this particular issue under § 1292(b) is not appropriate.

## III.   CONCLUSION

Considering the foregoing, **IT IS ORDERED** that the **Motion to Reconsider Order (Rec. Doc. 720) or, in the Alternative, to Certify for Interlocutory Appeal (Rec. Doc. 749)** is **DENIED**.

New Orleans, Louisiana, this 13th day of November, 2008.

                                                      **KURT D. ENGELHARDT**
                                                      **UNITED STATES DISTRICT JUDGE**

---

[1] Again, for the reasons set forth in its November 12, 2008 Order and Reasons (Rec. Doc. 884), the Court concludes that standing does exist.