UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE<br>PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-4"<br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

DEFENDANT UNITED STATES OF AMERICA'S EXHIBITS
IN SUPPORT OF ITS MEMORANDUM IN RESPONSE TO "PLAINTIFFS' MOTION
FOR CLASS CERTIFICATION"
[Dkt. No. 764]

U.S. EXHIBIT NO. 10

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

In re: FEMA TRAILER            )
FORMALDEHYDE PRODUCT           )
LIABILITY LITIGAITON,          )
                               )
                               )   MDL NO. 1873 SECTION "N-4"
                               )

## FLEETWOOD'S RESPONSES TO PLAINTIFFS' FIRST INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants Fleetwood Enterprises Inc., Fleetwood Canada, Ltd., and Fleetwood Homes of North Carolina, Inc. (hereinafter collectively "Fleetwood"), hereby provide their objections and responses to Plaintiffs' First Set of Interrogatories as follows:

### PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

Fleetwood first objects to each Interrogatory because Plaintiffs served this discovery out of time. *See* Pretrial Order No. 8, § 1.B. Further, Plaintiffs have wholly failed to tailor this discovery to either the Manufacturing Defendants or governmental defendants, resulting in an undue burden on Fleetwood in responding to discovery that is not specifically directed at it.

A. All responses by Fleetwood to Plaintiffs' Interrogatories are subject to Fleetwood's General Objections as set forth herein.

1

## INTERROGATORY NO. 15:

Please state in detail how the USA, FEMA and/or the CDC determined that the testing of 519 temporary housing units was necessary to test with a "level of significance of 5% (95% confidence) and power of 80%" a "cross-section of the most frequently used trailer types and manufacturers."

## RESPONSE TO INTERROGATORY NO. 15:

Objection. Fleetwood is not in a position to discuss the determinations made by the United States. Furthermore, Plaintiffs make this request of the wrong party. This Interrogatory should only be directed to the governmental defendants.

## INTERROGATORY NO. 16:

Please list, identify, and describe any federal standards, rules, and regulations governing use of formaldehyde in any phase of the production and manufacturing process, including, but not limited to, the use of formaldehyde in wood resin, from 1992 to the present.

## RESPONSE TO INTERROGATORY NO. 16:

Objection. Fleetwood objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and work-product doctrine. The standards, rules and regulations governing use of urea formaldehyde which Plaintiffs appear to be referencing here are publicly available and are as readily available to Plaintiffs as to Fleetwood. Fleetwood objects to this Interrogatory to the extent it calls for formaldehyde sales, regulations, or standards having nothing to do with the alleged exposure of Plaintiffs and the transactions and occurrences forming the subject matter of this lawsuit as such information would neither be

relevant nor reasonably calculated to lead to the discovery of admissible evidence as required by Fed. R. Civ. P. 26(b). Fleetwood further objects to this Interrogatory to the extent that it assumes each defendant, whether the defendant built manufactured housing, park models, or travel trailers, is subject to identical "federal standards, rules, and regulations." In addition, this Interrogatory calls for a legal conclusion. Finally, Fleetwood objects to this Interrogatory because it is overly broad, particularly given that this is class discovery regarding the Katrina and Rita hurricanes, by seeking information back to 1992, with the result that this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Fleetwood responds that in the late 1970s and early 1980s, prior to the time of the passage of the HUD regulations, and as the wood product manufacturers began to manufacture lower formaldehyde emitting board, it became Fleetwood's policy and practice to purchase the lower formaldehyde emitting board for use in its units. In 1985, HUD regulations were implemented mandating the use of HUD compliant board in manufactured housing. These regulations had primarily been implemented as a result of the revised HUD regulations of 1976 concerning the production of manufactured housing. Those regulations mandated "tighter" housing, *i.e.*, housing with fewer air exchanges, natural ventilation, and the like, thus making manufactured housing among the most energy efficient homes

13

available. Travel trailers, which are recreational vehicles, were not covered by those regulations. Nevertheless, in the early 1980's, even prior to the effective date of the HUD formaldehyde regulations in February 1985, it became Fleetwood's policy and practice to use HUD compliant wood products not only in its manufactured housing, but in its recreational vehicles as well. Every THU manufactured by Fleetwood for sale to Morgan Buildings & Spa, Inc. for resale to FEMA in connection with hurricanes Katrina and Rita complied in every respect with the prescriptive HUD urea formaldehyde wood product regulations.

**INTERROGATORY NO. 17:**

Please list, identify, and describe the policies and procedures in place amongst the Manufacturing Defendants to adhere and comply with any federal standards, rules, and regulations governing the use of formaldehyde in any phase of the production and manufacturing process, including, but not limited to, the use of formaldehyde in wood resin, from 1992 to the present.

**RESPONSE TO INTERROGATORY NO. 17:**

Objection. Fleetwood objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and work-product doctrine. This Interrogatory is vague as to its meaning of "policies and procedures" and in requesting those policies "*amongst* the Manufacturing Defendants" (emphasis added). Fleetwood further objects to this Interrogatory to the extent that it assumes each defendant, whether the defendant built manufactured housing, park models, or travel trailers, is subject to identical "federal standards, rules and regulations."

14

and without waiving the foregoing objections, Fleetwood responds that there were no such communications between the Federal Government and Fleetwood.

This 21st day of July, 2008.

Richard K. Hines, V
Georgia Bar No. 356300
NELSON MULLINS RILEY &
SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)

Jerry L. Saporito
Louisiana Bar No. 11717
LEAKE & ANDERSSON, L.L.P.
1700 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-1701
(504) 585-7500 (phone)
(504) 585- 7775 (fax)

Counsel for Fleetwood Enterprises, Inc., Fleetwood Canada, Ltd., and Fleetwood Homes of North Carolina, Inc.

16

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has this date been served on all counsel of record in this proceeding by:

( )  Hand Delivery           ( )  Prepaid U.S. Mail

( )  Facsimile               ( )  Federal Express

( )  CM/ECF                  (X)  E-Mail

This 21st day of July, 2008.

_____
Richard K. Hines, V
Georgia Bar No. 356300

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA 30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)