UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                                    MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                           SECTION "N-5"

                                                       JUDGE ENGELHARDT
                                                       MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

MEMORANDUM IN SUPPORT OF PSC MOTION
TO ALTER JUDGMENT UNDER FRCP 59(e)

MAY IT PLEASE THE COURT:

        The defendant Morgan Building & Spas, Inc./Morgan Building Systems, Inc. [hereafter

"Morgan"] previously filed a motion under FRCP 12(b)(6) to dismiss the individual claims of a

named plaintiff and class member Patricia A. Burr (Doc. 726).  Morgan simultaneously presented

in this same pleading (Doc. 726) a separate Motion to Dismiss Class Claims against it under

FRCP 12(b)(1) (Doc. 726).

        The PSC filed a written memorandum in opposition to the latter motion but not to the

former.  It believed that continuance of the class claims against Morgan was legally justified, and

necessarily would extend the suspension of all applicable statutes of limitations periods as to

individual class member claims against this defendant.  The Court nevertheless granted both

Morgan's motion to be dismissed as a defendant in the class action, and the companion

(unopposed) motion by Morgan to dismiss the claims of Ms. Burr.  In doing so, the Court

expressly noted that the PSC might seek reconsideration of the previously-unopposed motion to dismiss Ms. Burr's claims.  In a separate motion, the PSC in fact seeks reconsideration of the granting of Morgan's to be dismissed from the class action as well.  The instant motion seeks reconsideration of the unopposed granting of Morgan's motion to be dismissed on the basis that Ms. Burr's individual claim has prescribed.

In a prior ruling by this Court addressing other motions by other defendants herein, it has been recognized that the Federal Rules of Civil Procedure (FRCP) do not contemplate motions for reconsideration as such.  (*See* Doc. 900).   Rather, a district court is empowered to revisit an earlier judgment or ruling pursuant to the authority of FRCP 59 and/or 60.  Since the instant motion is filed within ten days of the Court's granting of Morgan's unopposed motion for the dismissal of Ms. Burr's claim, it should be treated as a motion to alter that prior judgment or ruling pursuant to FRCP 59(e).  Such a motion "calls into question the correctness of a judgment."  *See Stanely ex rel Bankruptcy Estate of Gary Eugene Hale v. Trinchard*, C.A. No. 02-1235, 2008 WL 3975628, at 1-2 (EDLA 8/26/08, Africk, J.) [citations omitted].  It further allows a party "to correct manifest errors of law or fact...."  *Waltman v. Int'l Paper Company*, 875 F.2d 468 (5th Cir. 1989).  A district judge has "considerable discretion in deciding whether to reopen a [matter] in response to a motion for reconsideration under" Rule 59(e).  *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990).

It is respectfully submitted that the unopposed granting of Morgan's motion to dismiss the plaintiff Patricia Burr's case as prescribed, is precisely the type of manifest legal and/or factual error meant to be addressed under Rule 59(e), and thus presents the very opportunity authorized thereunder for this Court to exercise its broad discretion in reconsidering, and

-2-

rescinding, its earlier ruling.

Morgan acknowledges that the plaintiff Burr is, and has been, a member of the putative class as defined in a class action initially filed against Morgan (*inter alia*) in the Civil District Court for the Parish of Orleans on **August 4, 2006**, then subsequently removed to this Court on August 31, 2006 and now both pending and consolidated in this MDL as *McGuire, et al v. Gulf Stream Coach, Inc., et al*, Civil Action No. 06-5659.  *See* Memorandum in Support of Morgan's Motion to Dismiss Claims of Patricia Burr (Doc. 726-2), at pp. 1-2.  The defendant further acknowledges that the *McGuire* class action allegations against Morgan were dismissed on **April 20, 2007** (prior to consolidation in this MDL) by another district judge in this Court, on the ground that plaintiffs had failed to timely file a motion to certify the class.  *See id.* at p. 2. Finally, Morgan acknowledges that Ms. Burr as a member of the plaintiff class "did enjoy the benefit of the suspension of the running of prescription pending the determination of class status [in *McGuire*]," pursuant to U.S. Supreme Court jurisprudence as reflected in *Crown, Cork & Seal Company, Inc. v. Parker*, 462 U.S. 345, 103 S.Ct. 2392, 2397 (1983).  *See id.* at p. 6.

The Louisiana prescriptive period for tort actions in the case of Ms. Burr's claims thus was suspended from August 4, 2006 to April 20, 2007, making it clear that filing of the original Administrative Master Complaint filed herein on **March 18, 2008** (Doc. 109), occurred approximately eleven months after this prescriptive period <u>may</u> have recommenced (on April 20, 2007) in the case of Patricia Burr.  In other words, even if it is assumed that the statute of limitations period in Ms. Burr's case already had commenced running as of the time of the pendency of the CDC class action in *McGuire*, the one-year Louisiana prescriptive period obviously had not expired as of the time the AMC class action was filed to include Ms. Burr as a

class member herein.

The critical fact that is unknown in all of this, however, is the date on which Ms. Burr's prescriptive period commenced running.  This calls for inquiry not only as to the date of her last exposure to formaldehyde in her housing unit, but, much more importantly, the date when she first became aware that she might have a legal claim based upon that exposure.  The prescriptive law of Louisiana long has recognized this so-called "discovery doctrine," pursuant to which a plaintiffs' prescriptive period does not commence until a plaintiff first becomes, or reasonably should become, aware of the existence of a legal claim for injury. A prescriptive period begins to run on the date the injured party discovers or should have discovered the facts upon which the cause of action is based. *Griffin v. Kinberger*, 507 So.2d 821, 823 (La. 1987). Constructive knowledge sufficient for prescription to commence is, however, more than mere apprehension that something is wrong. *Id.* Prescription does not begin to run against a party who is ignorant of the pertinent facts, as long as the ignorance is not willful, negligent or unreasonable. *Id.*

Sufficient facts simply have not been placed before this Court by Morgan to establish the date on which Patricia Burr's prescriptive period commenced.  Even if it commenced during the pendency of the *McGuire* class allegations, however, the facts clearly demonstrate that the one-year tort prescriptive period in Louisiana had not expired during the period between the dismissal of the class allegations in *McGuire* and the filing of the Administrative Master Complaint herein to include Ms. Burr by definition as a class member.

In support of the motion to dismiss Ms. Burr's claims, Morgan anticipates this problem and makes the utterly specious claim that the "trigger date" for the running of prescription in the case of Patricia Burr should be June 6, 2006, because this is the date when another plaintiff, one

of the named plaintiffs in the *McGuire* case, had <u>her</u> trailer tested for formaldehyde.  *See* Memorandum in Support of Morgan Motion to Dismiss Burr claims (Doc. 726-2) at p. 6. Morgan offers the Court no authority for the proposition that the commencement date for the running of prescription in the case of a named plaintiff in a class action, constitutes the commencement date for the running of prescription in the case of all other class members. Surely no such authority exists, particularly where the application of such a rule requires the Court to completely ignore the legal relevance of when the other class members in question first suffered, or became aware of, their respective injuries.  The inclusion of a class member by definition in a class does not operate to somehow impose upon that class member a commencement date for prescription that shortens the limitations period applicable to his or her individual claim, a commencement date which by definition is dependent on factual circumstances unique to that claimant.  When the named plaintiff Decarla McGuire had her trailer tested, therefore, is not dispositive of, much less relevant to, the question when Patricia Burr's commencement date occurred for purposes of prescription as to her individual claims.

The other fallacious argument presented by Morgan is that Patricia Burr should be prohibited from "piggybacking" the suspensive effect of the class action filing *via* the Master Complaint on the suspension effected by the class action petition being filed in *McGuire*.  The authority cited for this argument is the Fifth Circuit decision in *Salzar-Calderson v. Presidio Valley Farmers' Ass'n*, 765 F.2d 1334 (5th Cir. 1985).  However, that case is factually inapposite, given that the *McGuire* case filing (in CDC) is not one on which plaintiffs have attempted to "piggyback" a class action suspension of prescription <u>following a decision not to certify a class in the first-filed case</u>.  This, under the "particular facts" of *Salazar-Calderon* was seen as abusive of

the *Crown* doctrine of suspension.  *See* 765 F.2d at 1351.  Here, in contrast, there <u>was</u> no decision to decertify in *McGuire*, but instead a ruling that the class allegations could not be considered, and thus were dismissed, because a motion to certify was not timely filed.  Moreover, the Master Complaint in this MDL was filed not by counsel seeking to "piggyback" periods of suspension, but pursuant to Court order so that all class allegations could be incorporated and consolidated in a single pleading.

It also is pertinent to recall that Morgan was <u>voluntarily</u> dismissed as a defendant from the Master Complaint after being originally named therein as a defendant.  Specifically, counsel for Morgan produced an affidavit from a company official asserting that it manufactured none of the housing units furnished to plaintiffs by FEMA following Hurricanes Rita and Katrina.  Only later, after agreeing to a voluntary dismissal without prejudice on this basis, did the PSC learn that Morgan indeed had labeled a number of units as its own.  *See* Plaintiffs' Memorandum in Opposition to Defendant Morgan's Motion *In Limine* (Doc. 768), at pp. 1-2.  It is clear that the labeling of these housing units made Morgan potentially liable as a "manufacturer" under the Louisiana Product Liability Law.  *See* LSA-R.S. 9:2800.53(1)(a).  The circumstances under which this occurred are notable for statute of limitations purposes, because the dismissal of Morgan was voluntary based upon a representation by the company suggesting that it was not a "manufacturer" for purposes of the legal claims against it.  In fact, while not an actual manufacturer of the units at issue herein, it has been discovered by plaintiffs that Morgan labeled a number of units as its own, which, under the Louisiana Product Liability Act, makes Morgan a "manufacturer" accountable with respect to all product liability claims against it for those trailers it labeled.  It would be remarkable from the standpoint of equity if Morgan now exonerated itself

on the basis of prescription, after having represented to the PSC a non-manufacturer status which, while <u>factually</u> accurate, <u>legally</u> did not serve to remove it from the category of a "manufacturer" under the LPLA because of facts known to Morgan at all times pertinent.[1]

It is respectfully submitted that, whatever time elapsed during the period when Morgan exited the Master Complaint Class Action on the basis of affidavits to the effect that it was not a manufacturer of units, therefore should not serve to offset the continuing suspension of prescription while the class action allegations of the Master Complaint have remained pending against defendant manufacturers.  A defendant should not benefit from the statute of limitations in those circumstances where its own actions have lulled plaintiffs into a false sense of security, or into misunderstanding certain facts concerning the viability of legal claims. Louisiana courts have long recognized the civilian doctrine of *contra non valentum agree nulla currit praescriptio*, *to-wit*:  prescription does not run against one unable to act. *Hendrick v. ABC Ins. Co.*, 787 So.2d 213, 289 (La. 2001). The pertinent question is whether the defendant has done some act to prevent the claimant from availing himself of a legal remedy.  *Plaquemines Parish Com'n Council v. Delta Development Co., Inc.*, 502 So.2d 1034, 1057 (La. 1987).  If so, then equity, justice, and fairness demand that the doctrine of *contra non valentum* be applied to suspend prescription. *Id.*

---

[1]Notably, Morgan did not oppose the PSC's motion to amend the master "underlying" action of *Pujol* in order to again name Morgan as a defendant in an underlying action, after Morgan's voluntary dismissal from the Master Complaint.  *See* PSC First Supplemental and Amended Master Complaint (Doc. 379).  Since Morgan had been dismissed from the *McGuire* case, this naming of Morgan in an underlying action was seen by the PSC — and surely acknowledged by Morgan — as necessary to support the Master Complaint allegations against the defendant.

Finally, and perhaps most fundamentally, the Court's prior ruling based on Morgan's unopposed motion to dismiss Ms. Burr's claim on prescription grounds is manifest legal error because it ignores the well-settled principle of Louisiana law that the timely filing of a claim against one tortfeasor interrupts prescription as to all joint tortfeasors. The pertinent Civil Code article on the interruption of prescription, La. Civ. Code Ann. Art. 1799 provides, "the interruption of prescription against one solidary obligor is effective against all solidary obligors and their heirs." The Code further reiterates this point in La. Civ. Code Ann. Art. 3503: "[W]hen prescription is interrupted against a solidary obligor the interruption is effective against all solidary obligors and their successors." In this case, as the "labeling manufacturer" of a number of different units under Louisiana law, Morgan is answerable to plaintiffs for any product defects demonstrated in those units. At the same time, the actual manufacturer in each of those cases will be equally liable for the same defect. In effect, plaintiffs in these instances will be proceeding against two entities which necessarily constitute "co-manufacturers" responsible for the same defect or defects of the unit. There could not be a more classic case of joint and solidary liability.

It thus constitutes error to dismiss Ms. Burr's claims against Morgan on the basis of prescription, or for that matter any other claims against Morgan on this basis, until and unless it is known whether Ms. Burr (individually or as a class member) has maintained a viable claim against the actual manufacturer of the unit she occupied and which Morgan labeled. Indeed, in all cases where claims have been, or may be, asserted against Morgan, plaintiffs should be allowed to proceed not only against the actual manufacturer of those units but also against Morgan as a labeling "co-manufacturer" under Louisiana law, even if the filing against Morgan

occurs beyond the calendar deadline for prescription.  The statute of limitations in these cases can only run as to Morgan if a timely-sued actual manufacturer of the Morgan-labeled unit is exonerated from liability on the merits.  Otherwise, the prescriptive period is interrupted as to the joint tortfeasor Morgan.

In conclusion, the Court's earlier, unopposed dismissal of Morgan should be revisited and reversed under Rule 59(e) on both factual and legal grounds.  Factually, the ruling must be seen as error because the commencement or "trigger" date for the Burr claim is unknown and not established by Morgan in this record.  This makes it impossible to conclude that her claim is prescribed, and the argument by Morgan that the commencement or "trigger" date of a named class representative somehow is binding upon, or applicable to, the Burr claim is unsupportable in law and in logic.  Beyond this, Supreme Court jurisprudence (recognized by Morgan) makes it clear that the pendency of Rule 23 class action allegations in the Master Complaint suspended prescription at a time when the one-year period as to the Burr claim could not possibly have run, even assuming her commencement date for prescription occurred prior to the filing of a Master Complaint.  Finally, since Morgan must be seen as a joint tortfeasor with the actual manufacturer of every unit it labeled, including the unit occupied by Ms. Burr, the timely filing of a claim (including class claims) against the actual manufacturer interrupts the running of prescription as to the defendant Morgan as a joint and solidary tortfeasor.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE**

-9-

**PRODUCT LIABILITY LITIGATION**


BY:    s/Gerald E. Meunier

       GERALD E. MEUNIER, #9471
       **PLAINTIFFS' CO-LIAISON COUNSEL**
       Gainsburgh, Benjamin, David, Meunier &
       Warshauer, L.L.C.
       2800 Energy Centre, 1100 Poydras Street
       New Orleans, Louisiana 70163
       Telephone:   504/522-2304
       Facsimile:   504/528-9973
       gmeunier@gainsben.com

       s/Justin I. Woods

       JUSTIN I. WOODS, #24713
       **PLAINTIFFS' CO-LIAISON COUNSEL**
       Gainsburgh, Benjamin, David, Meunier &
       Warshauer, L.L.C.
       2800 Energy Centre, 1100 Poydras Street
       New Orleans, Louisiana 70163
       Telephone:   504/522-2304
       Facsimile:   504/528-9973
       jwoods@gainsben.com


       **COURT-APPOINTED PLAINTIFFS'**
       **STEERING COMMITTEE**
       ANTHONY BUZBEE, Texas # 24001820
       RAUL BENCOMO, #2932
       FRANK D'AMICO, JR., #17519
       MATT MORELAND, #24567
       LINDA NELSON, #9938
       RONNIE PENTON, #10462


**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2008, I electronically filed the foregoing with the

Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all

counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing

document and the notice of electronic filing by first-class mail to all counsel of record who are

non-CM/ECF participants.

s/Gerald E. Meunier
GERALD E. MEUNIER, #9471