**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873 SECTION "N-5" JUDGE ENGELHARDT MAG. JUDGE CHASEZ |

**THIS DOCUMENT IS RELATED TO ALL CASES**

## MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF DISMISSAL OF MORGAN'S RULE 12(b)(1) CLASS CLAIMS

**NOW INTO COURT,** through undersigned counsel, come Plaintiffs who respectfully submit the instant Memorandum in Support of Motion for Reconsideration of Morgan's Rule 12(b)(1) Motion to Dismiss Class Claims and reverse this Court's November 6, 2008 Order and Reasons granting Defendant Morgan's Rule 12(b)(1) Motion to Dismiss Class Claims. For the reasons more fully set forth herein, Plaintiffs' pray that this Honorable Court will grant same and reverse its November 6, 2008 Order.

Because the facts of this case are well known to both the Court, as well as the parties, Plaintiffs' will limit their recitation to only the most pertinent facts. Morgan Buildings & Spas, Inc. and/or Morgan Building Systems, Inc. was named in the Second Supplemental and Amended Complaint (R. Doc. 721). In this particular filing Plaintiff Patricia Burr was listed as a "match" to Morgan Buildings & Spas, Inc. and/or Morgan Building Systems, Inc. and Plaintiff Penny Robertson was listed as a "match" for Monaco Coach Corporation. Counsel for Plaintiffs originally confirmed that Penny Robertson was in a Monaco Coach Corporation trailer based on the VIN number provided by Mrs.

Robertson.  Upon further investigation and inspection, it was determined that the Temporary Housing Unit (THU) occupied by Mrs. Penny Robertson, was a Monaco Coach Corporation THU that had been co-manufactured by Morgan Buildings & Spas, Inc. and/or Morgan Building Systems, Inc.  Attached as an exhibit is the affidavit of Mrs. Robertson and a photograph of Mrs. Robertson in front of the Monaco Coach Corporation THU distributed by Morgan Buildings & Spas, Inc. and/or Morgan Building Systems, Inc.  This THU bears the Monaco Coach Corporation VIN number.  (See Rec. Doc. No. 768-4 and 768-3).

At the Court's direction, a list of "core plaintiffs" was compiled and filed in the record without the actual matches of trailers (R. Doc. 666-2).  This list bears the name Penny Robertson, individually and again on behalf of her minor child, Mercedez Robertson "core plaintiff" and a complete description of matching information for each manufacturer was forwarded to Defense Liaison counsel.  The list was not filed into the Court's record because it contained sensitive personal identifying information for each individual.  Matching information included, among other things, FEMA number, FEMA bar code number of the THU, and **most importantly the name of the matching trailer manufacturer**.  (See Ex. 1) Fixed under seal Defendant Liaison presumably in its role transmitted this information as to Morgan Buildings & Spas, Inc. and/or Morgan Building Systems, Inc. including the information as to Mrs. Robertson and her daughter.  This information was provided timely to Defendant Liaison Counsel with complete information as to both Mrs. Robertson and her daughter.  Defendants subsequently scheduled the deposition of Mercedez Robertson on Thursday, October 9, 2008 at 1:00 pm.  The deposition was cancelled at the request of Defense counsel. This deposition

would have allowed the parties the opportunity to clearly determine the co-manufacture of this trailer between Monaco Coach Company and Morgan Buildings & Spas, Inc. and/or Morgan Building Systems, Inc.

Counsel for defense is claiming that it's client was never properly matched with a plaintiff in a petition; however, they acknowledge that a trailer match was provided on August 22, 2008 via defense liaison counsel.   Pursuant to the direction of the Court, Morgan Buildings & Spas, Inc. and/or Morgan Building Systems, Inc. was put on notice as to all of the detailed information as to whom Morgan Buildings & Spas, Inc. and/or Morgan Building Systems, Inc. had a trailer match.   Pursuant to case law, Morgan Buildings & Spas, Inc. and/or Morgan Building Systems, Inc. was named in a complaint and their appearance in the Second Supplemental and Amended Complaint should hinder them from partaking in such a "matching loophole".  Morgan Buildings & Spas, Inc. and/or Morgan Building Systems, Inc. knew that out of the 18,400 units that they delivered, all contained Fleetwood Enterprises Inc., Monaco Coach Company or Recreation by Design VIN numbers.  Morgan Buildings & Spas, Inc. and/or Morgan Building Systems, Inc. co-manufacture of these units without recognizing which ones contained VIN numbers distributed by Morgan Buildings & Spas, Inc. and/or Morgan Building Systems, Inc. should not allow them to obviate their legal liability claiming that there was no match provided for their units.

This Court has frequently explained with respect to such motions:

> "In the Federal Rules of Civil Procedure there is no 'motion for reconsideration' in *haec verba*. *Harrington v. Runyon*, 98 F.3d 1337, at *1 (5th Cir.1996) (citing *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990)). "Any motion termed as such will be treated as either a motion to alter or amend the judgment under Rule 59(e) or a motion for relief from judgment under Rule 60(b)." *Id.*

If a motion for reconsideration is filed within ten days of the entry of the order or judgment being challenged, "it will be treated as a 59(e) motion; if it is filed after ten days, it will be treated as a 60(b) motion." *Id.* (citing *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 288 (5th Cir.1989); *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667-69 (5th Cir.1986)).

A Rule 59(e) motion "calls into question the correctness of a judgment." Tex. Comptroller of Pub. *Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.*), 303 F.3d 571, 581 (5th Cir. 2002). It is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment, *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990), but instead "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989). A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under" Rule 59(e). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir.1990). There are considerations that limit this discretion, however:
(1) the need to bring litigation to an end and (2) the need to render just decisions on the basis of all of the facts. Id.

"Generally, there are four grounds upon which a Rule 59(e) motion can be granted: (1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law." *Peterson v. Cigna Group Ins.,* No. Civ.A. 99-2112, 2002 WL 1268404, at *2 (E.D. La. June 5, 2002) (Duval, J.) See *Stanley ex rel Bankrupcty Estate of Gary Eugene Hale v. Trinchard*, Civ. Action No. 02-1235, 2008 WL 3975628, *1-2 (E.D. La. 8/26/08) (Africk, J.); see also *A.M.C. Liftboats, Inc. v. Apache Corp.*, Civ. Action No. 06-10543, 2008 WL 1988807, *1 (E.D. La. 5/05/08) (Engelhardt, J.).

Three grounds for reconsideration exist. First, new evidence has been discovered to determine that the core match to Morgan Buildings & Spas, Inc. and/or Morgan Building Systems, Inc. was named in the Second Supplemental and Amended Complaint matched to the co-manufacturer Monaco Coach Company. No one has better knowledge that this trailer was a Morgan Buildings & Spas, Inc. and/or Morgan Building Systems, Inc. than the actual manufacturer, Morgan Buildings & Spas, Inc. and/or Morgan Building

Systems, Inc. Second, it is clear that Morgan Buildings & Spas, Inc. and/or Morgan Building Systems, Inc. was named in a petition and that a complete trailer match was provided for Morgan Buildings & Spas, Inc. and/or Morgan Building Systems, Inc. in the "core plaintiff" listing filed into the record. More detailed information was provided to defense simultaneous to the filing of the "core plaintiff" listing. It is for this reasons and the application of all of the facts to this analysis that the PSC asks that the November 6, 2008 order be reconsidered error of law. Lastly, given the foregoing, for the Court to allow Morgan Buildings & Spas, Inc. and/or Morgan Building Systems, Inc. to escape on what is functionally a technicality and turn a blind eye to information of their THU match would result in a manifest injustice. Thus, for these three reasons the Rule 59 (e) motion should be granted.

Plaintiffs do not oppose additional time for Defendants to depose Penny Robertson, individually and on behalf of her daughter, Mercedez Robertson so they may defend the class claims against Morgan Buildings & Spas, Inc. and/or Morgan Building Systems, Inc.

When all of this evidence is considered, it becomes clear that Plaintiffs have satisfied their burden in overcoming Defendant Morgan's Rule 12(b)(1) Motion to Dismiss Class Claims and for these reasons the instant Motion for Reconsideration should be granted and the Class Claims against Morgan Buildings & Spas, Inc. and/or Morgan Building Systems, Inc. should stand.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
       GERALD E. MEUNIER, #9471
       **PLAINTIFFS' CO-LIAISON COUNSEL**
       Gainsburgh, Benjamin, David, Meunier &
       Warshauer, L.L.C.
       2800 Energy Centre, 1100 Poydras Street
       New Orleans, Louisiana 70163
       Telephone:    504/522-2304
       Facsimile:    504/528-9973
       gmeunier@gainsben.com



       s/Justin I. Woods
       JUSTIN I. WOODS, #24713
       **PLAINTIFFS' CO-LIAISON COUNSEL**
       Gainsburgh, Benjamin, David, Meunier &
       Warshauer, L.L.C.
       2800 Energy Centre, 1100 Poydras Street
       New Orleans, Louisiana 70163
       Telephone:    504/522-2304
       Facsimile:    504/528-9973
       jwoods@gainsben.com



       **COURT-APPOINTED PLAINTIFFS'
       STEERING COMMITTEE**
           ANTHONY BUZBEE, Texas # 24001820
           RAUL BENCOMO, #2932
           FRANK D'AMICO, JR., #17519
           MATT MORELAND, #24567
           LINDA NELSON, #9938
           RONNIE PENTON, #10462

**CERTIFICATE OF SERVICE**

      I hereby certify that I have, on this 17 day of November 2008, electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel, and that I also served a copy of the foregoing pleading on counsel for all parties to this proceeding by facsimile and by depositing the same in the United States mail, properly addressed, and first-class postage prepaid.

                                              _s/Justin I. Woods___
                                              JUSTIN I. WOODS