UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION  THIS DOCUMENT IS RELATED TO *Pujol v. The United States of America, et al* Civil Action No. 08-3217 | MDL NO. 1873 SECTION "N" (4)  JUDGE ENGELHARDT MAG. JUDGE ROBY |

**ALLIANCE HOMES, INC.,
D/B/A ADRIAN HOMES' PRESERVATION OF DEFENSES**

Defendant ALLIANCE HOMES, INC., D/B/A ADRIAN HOMES (hereinafter "ADRIAN"), respectfully submits the following list of defenses to be preserved in the following action pending in this multi-district litigation. Adrian reserves the right to amend or supplement these defenses and to file appropriate preliminary pleadings, dispositive and other motions in the following cases and in any other cases in which it has been or will be named and properly served.

*Stephanie G. Pujol, et al v. The United States of America, et al, No. 08-3217, Eastern District of Louisiana*

Adrian has been named in this action and Adrian preserves the following defenses:

1. Plaintiffs fail to establish that the court has subject matter jurisdiction over their claims.

2. Plaintiffs lack standing to assert their claims against this defendant.

3. Plaintiffs have failed to sufficiently serve process upon this defendant.

4. Plaintiffs fail to establish that the court has personal jurisdiction over this defendant.

5. Plaintiffs have failed to sue this defendant in a court of proper venue.

6. Plaintiffs fail to state a claim upon which relief can be granted under the products liability laws of Alabama, Louisiana, Mississippi, and/or Texas.

7. Plaintiffs' claims against this defendant are barred by the applicable statutes of limitation, prescriptive and preemptive periods, and/or laches.

8. Plaintiffs fail to state a claim for medical monitoring damages because they have not alleged a specific or manifest injury.

9. Plaintiffs fail to state a claim for attorney's fees and costs.

10. Plaintiffs fail to state a claim for punitive damages.

11. Plaintiffs fail to state a claim for property damages.

12. Plaintiffs fail to state a claim for injunctive relief.

13. Plaintiffs fail to state a claim for breach of express or implied warranties under Louisiana, Alabama, Mississippi and Texas law.

14. Plaintiffs' theories of solidary liability, joint and several liability, or market share liability, are precluded by applicable law.

15. Plaintiffs have failed to plead fraud or misrepresentation with particularity.

16. Plaintiffs' claims are barred by the doctrines of waiver, ratification, unclean hands and/or estoppel.

17. Plaintiffs' claims are barred by the principles of res judicata and/or collateral estoppel.

18. Plaintiffs' claims should be dismissed, or alternatively, their damages (the existence of which are denied) should be reduced due to each plaintiff's own negligent conduct, lack of care, comparative fault, breaches of contract, fraud or legal fault.

19. Plaintiffs have not sustained any damages proximately caused by this defendant.

20. The damages allegedly sustained by plaintiffs (the existence of which damages is denied) were the result of acts or omissions of parties other than this defendant for which this defendant is not legally responsible.

21. Some or all of plaintiffs' claims may be subject to binding arbitration.

22. Plaintiffs fail to state a claim because the claims they allege against this defendant are barred by federal preemption pursuant to 42 U.S. C. § 5401, et seq., 24 C.F.R. § 3280, et seq., and 24 C.F.R. § 3282, et seq.

23. Plaintiffs fail to state a failure to warn claim because they are charged with the knowledge of the federally mandated warnings regarding formaldehyde set forth in 24 C.F.R. § 3280, et seq.

24. Plaintiffs fail to state a claim because they were warned of the risks of formaldehyde alleged to exist in this defendant's product and the symptoms and/or injuries that could occur by occupying the defendant's products which are the very type and nature of symptoms and injuries they allege they have suffered.

25. Plaintiffs fail to allege their claims and damages with sufficient particularity.

26. Plaintiffs fail to allege the fault or other actionable conduct of this defendant with sufficient particularity.

*Respectfully submitted*:

    */s/ Walter K. Jamison*
**WALTER K. JAMISON, III**
Louisiana Bar No. 07229
Daigle, Jamison & Rayburn, LLC
303 W. Vermilion Street, Suite 210
Post Office Box 3667
Lafayette, LA 70502
Phone: (337) 234-7000
Fax: (337) 237-0344

Counsel for **ALLIANCE HOMES, INC., D/B/A ADRIAN HOMES**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon all counsel of record participating by the CM/ECF system, and that if there are any counsel that do not participate in the CM/ECF system, a copy will be sent to such counsel by U.S. mail, postage prepaid and properly addressed, this 18th day of November, 2008.

    */s/ Walter K. Jamison*
**WALTER K. JAMISON, III**
Louisiana Bar No. 07229