UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER  　　　　　　　　　　　　MDL NO. 07-1873
　　　　FORMALDEHYDE PRODUCTS
　　　　LIABILITY LITIGATION
　　　　　　　　　　　　　　　　　　　　　　　SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

# PRETRIAL ORDER NO. 23

　　　　The Court is currently considering several pending motions to dismiss filed by certain Defendants in this matter. In considering the Master Response of Manufacturing Defendants to the Second Amended and Master Complaint of Plaintiffs Adopting Previously Filed 12(B) Motions [Rec. Doc. 210] (Rec. Doc. 780), which is purportedly filed on behalf of a number of Manufacturing Defendants, the Court understands that the "Master Response" simply seeks to reassert the same arguments made in a previously filed and ruled upon motion to dismiss (Rec. Doc. 210), which the Court granted back in August 2008 based on lack of standing only.[1] This "Master Response" seeks to reassert the same arguments made in the previously-filed motion to dismiss (Rec. Doc. 210) and apply them to the Second Supplemental and Amended Complaint (Rec. Doc. 722).

　　　　However, there are several problems with this approach:

　　　　This "adoption" method does not allow the instant motion to be specifically tailored to the second amended complaint (Rec. Doc. 722). Thus, the Court is left to attempt to make sense

---

[1] The original motion to dismiss (Rec. Doc. 210) addressed six other arguments which the Court did not consider, based on its standing ruling.

of certain previously-asserted arguments and how they now apply or do not apply to the second amended complaint. For instance,

      (a)      The seventh argument made in the motion to dismiss at Rec. Doc. 210 relates to standing, which this Court has already addressed. Presumably, Defendants do not intend for the Court to re-address this issue again, but the "Master Response" does not make this clear.

      (b)      Perhaps even more problematic, the sixth argument raised in the motion to dismiss at Rec. Doc. 210 regards Plaintiffs' alleged failure to state a claim because they do not connect any particular Plaintiff to any particular Manufacturing Defendant's product. It is clear that the second amended complaint sought to match Plaintiffs to Defendants, but Defendants do not address how this specific argument applies after the filing of the second amended complaint. Perhaps, all the Manufacturing Defendants are matched to particular Plaintiffs; perhaps they are not. This should not be left to the Court to review and consider on its own with no guidance from the movants.

Moreover, instead of cutting and pasting applicable arguments made in their original motion to dismiss (Rec. Doc. 210) into a new motion, they simply "reference" them. Thus, to consider the instant motion, the Court had to re-print Rec. Doc. 210 (motion); Rec. Doc. 348 (opposition to 210), and Rec. Doc. 414 (reply to 210). Accordingly,

      **IT IS ORDERED** that, in the future, all filings/motions should be complete. In other

words, they should not simply "reference" other arguments made earlier in the litigation.[2]  This is necessary for the sake of judicial efficiency.  With the "cut and paste" features in Word and Word Perfect, this should not pose a problem.

**IT IS FURTHER ORDERED** that all motions seeking relief should be specifically tailored such that the Court should not be requested to make sense of which arguments do and do not apply based on recently amended filings.  In that regard, on or before **Friday, November 21, 2008**, the Manufacturing Defendants shall file a supplemental memorandum, which clarifies the issues addressed in (a) and (b) of this Order.

**IT IS FINALLY ORDERED** that any other parties who, based on this Order, need to clarify a similar issue with the Court in reference to a pending motion, should do so by filing a supplemental memorandum **on or before Friday, November 21, 2008.**

New Orleans, Louisiana, this 19th day of November, 2008.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

---

[2]  The only exception to this Order should be when the *entirety* of a previous pleading can be referenced and is clearly pertinent in whole to the specific issue raised.