UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER  FORMALDEHYDE  PRODUCTS LIABILITY  LITIGATION | * * * * * | MDL NO. 1873 |
| | * | JUDGE: ENGELHARDT |
| This Document Relates to:   All Cases | * * | |
| | * | MAG: ROBY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF
MANUFACTURING DEFENDANTS' MOTION TO STRIKE**

**MAY IT PLEASE THE COURT:**

Manufacturing Defendants submit the following Memorandum in Support of their Motion to Strike certain Plaintiffs from serving as class representatives in this case.

### I.    NATURE OF THE CASE

As this Court is well aware, this Multi-District Litigation is the consolidation of twenty-three state and federal toxic tort suits in which an estimated thirty thousand named Plaintiffs (individually and purportedly on behalf of potentially hundreds of thousands of putative class members) claim to have inhabited temporary housing units ("THUs") that were provided to them by the Federal Emergency Management Agency. (Rec. Doc. No. 109, at ¶ 96). Plaintiffs claim injuries resulting from the alleged release of formaldehyde and/or formaldehyde vapors in those THUs. (Rec. Doc. No. 109, at ¶ 30). As a result of that claimed exposure, Plaintiffs have filed suit against 67 defendants that allegedly manufactured the THUs used by the Plaintiffs. (Rec. Doc. No. 109, at ¶ 8 and Rec. Doc. No. 379, at ¶¶ 6-8). Moreover, Plaintiffs have named as defendant the United States Government through FEMA, and Plaintiffs seek recovery for alleged physical and mental pain and suffering, physical impairments and disability, medical expenses,

loss of earnings capacity, loss of enjoyment and quality of life, loss of consortium, travel expenses, out-of-pocket expenses, attorney's fees, and the loss of use and/or opportunity to use safe and adequate shelter allegedly resulting from the purported exposure to formaldehyde. (Rec. Doc. No. 109 at "Compensatory Damages: All States" p. 74).

## II.   LAW AND ARGUMENT

Rule 16(b) of the Federal Rules of Civil Procedure authorizes federal courts to control and expedite the discovery process through a Scheduling Order. Fed. R. Civ. P. 16(b).  Rule 16(f)(1)(C) allows courts to issue "*any* just orders" as sanctions for violating a pretrial order. Fed. R. Civ. P. 16(f)(1)(C).  Plaintiffs have failed to comply with several of this Court's orders, and such non-compliance has prevented Defendants from testing the adequacy and typicality of certain putative class representatives.  As such, Defendants will not be able to appropriately challenge these putative class representatives at the Class Certification Hearing, and they should be struck as class representatives.

First, Plaintiffs have violated Pretrial Order No. 15 by failing to provide timely, completed Plaintiff Fact Sheets for several putative class representatives.  Specifically, on August 15, 2008, this Court held a status conference, and ordered that on or before August 22, 2008, Plaintiffs shall file a list of individuals who will be the class representatives in this action. (Rec. Doc. 666).  The Court later enforced this provision of Pretrial Order No. 15 in its September 24, 2008 Order and Reasons for granting Defendants motion to strike the 141 proposed class representatives not identified by Plaintiffs' Liaison Counsel in the August 22, 2008 list of class representatives. (Rec. Doc. 706).  The Court further noted that, "because the deadline for the submission of Plaintiff Fact Sheets has expired, any individual identified on the

2

August 22, 2008 listing who has not completed and provided his or her Plaintiff Fact Sheet to the [Defense Liaison Counsel], shall not be considered as a class representative…". (Rec. Doc. 706).

Second, Plaintiffs have violated Pretrial Order No. 17 (Rec. Doc. 700) and the Court's November 4, 2008 Order (Rec. Doc. 830) by failing to meet the Court imposed time deadlines by which class representatives must be deposed.

Therefore, based on non-compliance with these Orders, the Manufacturing Defendants now move to strike as class representatives certain identified putative class representatives for the following specific reasons:

> 1) Certain putative class representatives did not timely file completed Plaintiff Fact Sheets.
> 2) The Plaintiffs Fact Sheets for certain putative class representatives are grossly deficient.
> 3) Certain putative class representatives have failed to offer evidence showing their legal right to sue in a representative capacity.
> 4) Certain putative class representatives do not have mental capacity to sue on behalf of others.
> 5) Certain putative class representatives failed to appear for their scheduled depositions.
> 6) Certain putative class representatives were not made available for deposition for various reasons prior to the close of discovery.

As shown below, several of the challenged class representatives fall into more than one of these categories.

### 1. Adrina McCray.

Ms. McCray allegedly lived in a KZ RV unit. The Manufacturing Defendants received her PFS on July 2, 2008. They notified the PLC in writing of numerous deficiencies on July 6, 2008 and August 27, 2008. Those deficiencies included her failure to indicate the name of the

3

manufacturer of her FEMA unit,[1] failure to sign her PFS or the necessary medical records authorizations, failure to sign a Privacy Act release, failure to provide copies of test results, failure to indicate the amount of medical expenses sought by plaintiff, failure to complete various parts of Section V of the PFS pertaining to her FEMA unit, and failure to complete any of Section IX of her PFS concerning the identities, addresses and telephone numbers of her medical providers.

To date, the PLC has not supplemented Ms. McCray's PFS to cure the deficiencies. Instead, on September 24, 2008, the PLC produced a so-called "errata sheet," which purports to provide additional information concerning Ms. McCray's original fact sheet. The sheet is not signed by Ms. McCray.[2] Therefore, the Court should strike Ms. McCray because she has not provided a proper PFS as required by the Court's pre-trial orders.

The Court should also strike Ms. McCray because she has refused to appear for her deposition. The Manufacturing Defendants noticed Ms. McCray's deposition for September 16, 2008. The PLC cancelled Ms. McCray's deposition, and to date, have not rescheduled it.

**2.    Barry Dominguez.**

The Manufacturing Defendants received Mr. Dominguez's PFS on September 11, 2008, after the Court's deadline for designating class representatives. Mr. Dominguez did not sign his PFS, the medical records release authorizations, or the Privacy Act Release form.

In addition to providing the PFS after the Court's deadline, Mr. Dominguez's PFS is grossly deficient. Other than his name, address, telephone number and the symptoms he

---

[1] The fact sheet provided for Adrina McCray does not list a manufacturer. The excel spreadsheet provided by the PLC on Friday, August 22, 2008 containing the list of class representatives indicates that McCray lives (or lived) in a unit manufactured by KZ RV, LP.

[2] The PLC apparently created the "errata sheet" as an alternative method of curing deficient fact sheets. The PLC never sought the approval of the Court or consent of the Manufacturing Defendants to use the sheet. Moreover, the "errata sheet" is not a mechanism approved or mentioned by any of the Court's pre-trial orders.

4

allegedly suffered, Mr. Dominguez's PFS provided no information. He used the answer "unknown at this time" approximately seventy-four times in response to questions on the PFS.

### 3. Crystal L. Gumm.

Crystal L. Gumm alleges to have lived in a Patriot Homes of Texas, L.P. and/or Patriot Manufacturing, Inc. unit in the proposed Second Supplemental and Amended Complaint, whereas her PFS states that she lived in a CMH unit. In addition, there are over sixty (60) deficiencies in her PFS that remain uncured. Specifically, although the deficiencies are too numerous to summarize, Gumm merely states "unknown at this time" to nearly every question posed. When asked to cure her PFS deficiencies, her counsel informed the Manufacturing Defendants that Gumm is "unavailable at this time to answer any questions pertaining to the deficiencies." No FEMA Identification Number and no FEMA Bar Code have been provided. This level of deficiency prevents the actual manufacturer of her THU from conducting any discovery with respect to her THU and completely thwarts the Manufacturing Defendants in their attempts to analyze her claims with respect to her status as a proposed class representative.

In addition, Gumm has not been deposed during the relevant time period. Gumm was made available for deposition days after the newly added Defendants were re-named in this litigation by the filing of the Second Supplemental and Amended Administrative Master Complaint (Rec. Doc. 722), but the deposition was cancelled given the timing and scheduling conflicts. Since this time, Gumm has not been made available for deposition despite the Manufacturing Defendants' attempts to depose her.

### 4. Linda Maydonado-West.

Linda Maydonado-West alleges to have lived in a Palm Harbor Homes unit, but did not provide her PFS until September 11, 2008 -- long after the deadline set by the Court. Further,

5

the PFS provided on September 11, 2008 did not provide an answer to one single question other than "Name".  The alleged "cured" PFS received on or about September 29, 2008 -- again long after the deadline established by the Court -- still had deficiencies numbering over sixty (60) rendering it totally deficient as well.  Notably, the "cured" PFS did not provide any information whatsoever on the THU in which she allegedly lived (no manufacturer, no VIN, no FEMA identification #, and no FEMA bar code), was not signed and/or certified, and did not provide any of the standard releases.  West finally provided Palm Harbor Homes with another "cured" PFS on November 4, 2008 -- the day before her deposition.

### 5. Joseph C. Jack, Jr.

Joseph C. Jack, Jr. did not provide his PFS until September 11, 2008 -- long after the deadline set by the Court.  Further, Jack alleges to have lived in a Patriot Homes of Texas, L.P. and/or Patriot Manufacturing, Inc. unit in the proposed Second Supplemental and Amended Complaint, while his PFS states that he lived in a CMH unit.  Notably, Jack's PFS, once provided, had deficiencies numbering well over forty (40).  In addition, his PFS was not certified, none of the standard releases were provided, and no FEMA Identification Number was provided.  Jack's PFS has not been cured to date and the PSC has given no explanation as to why.  In addition, despite the Manufacturing Defendants' attempts, Jack has not yet been made available for deposition as required by the Court.

### 6. Betty White o/b/o Erin McConnel.

Betty White completed the PFS on behalf of Erin McConnel.  This PFS is incomplete because Plaintiff has failed to provide legally sufficient verification that Ms. White is either the legal guardian or court-appointed representative of minor, Erin McConnel. Without appropriate proof of representation or guardianship the medical authorizations executed by Ms. White were

invalid and defendants have, consequently, been unable to obtain information necessary to properly evaluate the claims of Ms. McConnel. Indeed, plaintiffs now concede that they took no steps in the months leading up to her designation to have Betty White properly appointed as the representative of Ms. McConnel. Accordingly, the information provided in the relevant PFS is incomplete and the releases invalid, and the Manufacturing Defendants request that the Court strike this proposed class representative on that basis.

### 7-8. Marcelio Ayala *and* Margarita Solis.

Marcelio Ayala and Margarita Solis are the two class representatives listed as both residing in the same home manufactured by Silver Creek Homes, Inc. In their Plaintiff Fact Sheets, both of these class representatives have the same current address information, both suffered from the same four symptoms (burning of eyes, headaches, nausea, and vomiting), and for "other symptoms," both report body aches, both provided a Driver's License No, and both say injury is "exposure to formaldehyde." Their Plaintiff Fact Sheets are woefully deficient and incomplete as follows:

(1) Marcelio Ayala indicates that he is male, date of birth is 5/5/43, 65 years old, and was treated at Ochsner Hospital. For height, he answered "Exposure"; for current weight "0 lb"; for weight prior to living in FEMA trailer "0 lb." None of the releases have been signed, such that Silver Creek is unable to request medical records or FEMA Disaster files.

(2) Maragrita Solis indicates she is female, date of birth is 10/19/49, 48 years old (however, she is apparently 58 and not 48), and was treated by Dr. Ngantcha. For height, weight, and prior weight, she answered "unknown at this time." Again, none of the releases have been signed, so we cannot request medical records or FEMA Disaster files.

7

With the exception of what is provided above, these two class representatives' responses to every single question on their Plaintiff Fact Sheets is "unknown at this time." Furthermore, Plaintiffs' Liaison Counsel provided "cured" Plaintiff Fact Sheets dated September 29, 2008, which is a one-page document, entitled "Errata Sheet" with the claimant name and claimant's attorney which states: "This client is not personally available at this time to cure deficiencies."

### 9. Sherry Trollinger o/b/o Michael Davis.

Sherry Trollinger completed the PFS on behalf of Michael Davis. This PFS is incomplete because Plaintiff has failed to provide legally sufficient verification that Sherry Trollinger is either the legal continuing tutor or court-appointed representative of the mentally incapacitated major, Michael Davis. Furthermore, if Michael Davis has been interdicted, Plaintiff has failed to provide legally sufficient verification of the interdiction and curatorship. Accordingly, the information provided in the relevant PFS is incomplete.

### 10. Carrie LeBeau

Ms. LeBeau allegedly lived in a Keystone unit. The Manufacturing Defendants received her PFS on July 21, 2008. They notified the PLC in writing of numerous deficiencies on August 9, 2008. Those deficiencies included plaintiff's failure to provide a complete VIN number, failure to provide medical records or federal Form 95, both of which plaintiff indicated where in her possession, failure to indicate the amount of medical expenses sought by plaintiff, failure to provide complete addresses for each pharmacy used by plaintiff and failure to provide test results. To date, the PLC has not supplemented Ms. LeBeau's PFS to cure these deficiencies.

### 11. Rose Lee Bright

The Manufacturer Defendants received the first version of Ms. Bright's PFS on September 11, 2008, after the Court's deadline for designating class representatives. In addition

to being late, this version of her PFS was deficient because it was not signed and because Ms. Bright did not provide any of the medical records release authorizations or the FEMA Privacy Act Release form.

Then, on September 12, 2008, the Manufacturing Defendants received another version of Ms. Bright's PFS. This version contained signatures by Ms. Bright, along with medical records release authorizations and a Privacy Act release.

Both versions of Ms. Bright's PFS contain what appears to be incorrect and/or inconsistent information. At page 9 of her PFS, she states that she lived in a Dutchmen unit from "9/21/2006 to 11/2007." At page 27 of the PFS, in a section that appears to be an appendix to the main fact sheet, she states that she lived in a Gulf Stream Cavalier unit for the same time period, "9/2006 through 11/2007." These inconsistent statements leave the Manufacturing Defendants unable to determine when (or if) Ms. Bright lived in a FEMA unit and on what dates she did so.

Ms. Bright should also be stricken as a class representative because she twice has refused to appear for her deposition. Initially, the Manufacturing Defendants noticed Ms. Bright's deposition for September 17, 2008, a date provided by the PLC. The day before the deposition, the PLC unilaterally postponed Ms. Bright's deposition to September 19, 2008. She failed to appear for her deposition on that date. The Manufacturing Defendants re-noticed Ms. Bright's deposition for October 17, 2008. Ms. Bright failed to show up for her deposition.

**12.    Shirley Sinclair.**

Ms. Sinclair allegedly lived in a Keystone unit. The Manufacturing Defendants received Shirley Sinclair's PFS on September 11, 2008, after the Court's deadline for designating class representatives. In addition to being untimely, the Manufacturing Defendants have not been able

9

to take Ms. Sinclair's deposition. The Manufacturing Defendants initially noticed Ms. Sinclair's deposition for September 16, 2008. The PLC cancelled this deposition and, to date, has not rescheduled Ms. Sinclair's deposition.

### 13. Tyrone Battle, represented by Kendra Vason

The deposition of Kendra Vason was scheduled for October 16, 2008 at 1:00 p.m. Ms. Vason was going to be deposed in her representative capacity on behalf of proposed class representative, Tyrone Battle. The Defendants received notice at 8:55 a.m. on October 16 that PSC canceled the deposition of Ms. Vason. To date, PSC has not provided a new date for the deposition of Kendra Vason, on behalf of Tyrone Battle. Manufacturing Defendants request that the Court strike this proposed class representative on that basis.

### 14. Kody Woods.

Kody Woods is a minor and allegedly lives in a KZ RV unit. Plaintiff class representative, Adrina McCray, completed his PFS. As discussed above, the Manufacturing Defendants noticed the deposition of Adrina McCray for September 16, 2008. The PLC cancelled Ms. McCray's deposition and, to date, has not rescheduled it.

### 15. Dakyre Smith.

Dakyre Smith is a minor and allegedly lived in a Keystone unit. The Manufacturing Defendants noticed the deposition of his mother, Letechia Acker, for September 16, 2008. The PLC cancelled her deposition. The Manufacturing Defendants re-noticed her deposition for October 15, 2008. Ms. Acker failed to appear for the deposition.

### 16. Thomas Anthony Bergens

The deposition of Mr. Thomas Anthony Bergens was scheduled, by agreement of counsel, for September 30, 2008 at 1:00 P.M. in New Orleans, Louisiana. At approximately 2:48

P.M. on September 29, 2008, Defendants received notice from Plaintiff's counsel the deposition of Mr. Bergens was cancelled with no further explanation. Since that date, PSC has not provided proposed dates for the re-notice of the deposition of Mr. Bergens..

**17.     Keena Magee on behalf of Kierra Wilson.**

Keena Magee was designated as a class representative on behalf of her daughter, Kierra Wilson. In furtherance thereof, Keena Magee completed a fact sheet on her daughter's behalf. During the course of her deposition, Ms. Magee revealed that she is considered completely disabled due to a mental disability and as such has relinquished all parental and custodial rights to her minor daughter, Kierra Wilson. *See* Deposition of Keena Magee taken October 20, 2008, pp. 14:19-17:16, 55:11-56:16 and 93:15-94:5. As such, the authorizations and representations made by Magee on behalf of Kierra Wilson are null as she had no authority to act on behalf of Ms. Willson. Accordingly Magee cannot stand as a representative of her daughter and should properly be struck as a class representative.

**18.     Constance Jordan on behalf of Bronica Jordan.**

The deposition of Constance Jordan was scheduled for October 14, 2008 at 9:00 a.m. Ms. Jordan was going to be deposed in her representative capacity on behalf of proposed class representative, Bronica Jordan. Defendants received notice after the deposition was to begin that Constance Jordan refused to meet with her counsel or respond to repeated phone calls, despite a prior verbal commitment and acknowledgment of the properly noticed deposition. *See* Process Verbal of Constance Jordan, taken October 14, 2008, pp. 4:20-5:21. To date, PSC has neither provided Ms. Jordan for deposition, nor given an explanation as to why she refused to participate in her original, properly noticed deposition. Accordingly, the manufacturing defendants request this Honorable Court strike Constance Jordan as a class representative.

**19.    Linda Davis.**

Linda Davis, who alleges to have lived in a CMH unit, did not provide her PFS until September 11, 2008 -- long after the deadline set by the Court.  Notably, her PFS, once provided, did not provide a VIN or FEMA Identification Number, and provides the dimensions for a travel trailer, not a mobile home -- the only type of unit CMH provided to FEMA.  Davis did not provide a "cured" PFS until November 4, 2008 -- the day before her deposition.

**20.    Amaris McGallion**

Amaris McGallion, who alleges to have lived in a Southern Energy Homes unit, did not provide her PFS until September 11, 2008 -- long after the deadline set by the Court.  At this time, McGallion did not sign and/or certify her PFS and did not provide any of the standard releases.  McGallion did not provide a "cured" PFS until November 13, 2008 -- the day before her deposition.

### III.    CONCLUSION

**WHEREFORE,** the Manufacturing Defendants respectfully request that this Court issue an Order striking the (20) twenty aforementioned proposed class representatives: 1) for failing to submit their Plaintiff Fact Sheets within the deadline imposed by this Court; 2) for gross deficiencies in their Plaintiff Fact Sheets; 3) for not offering evidence of their representative capacity to file suit; 4) for not having mental capacity to sue in a representative capacity; 5) for failing to appear for their scheduled deposition; and 6) for not being offered for deposition prior to the discovery cutoff.

Respectfully submitted,

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

s/ Andrew D. Weinstock

                                        _____
                                        **ANDREW D. WEINSTOCK #18495**
                                        **JOSEPH G. GLASS #25397**
                                        3838 N. Causeway Boulevard, Suite 2900
                                        Metairie, Louisiana 70002
                                        Telephone: (504) 832-3700
                                        Fax: (504) 837-3119
                                        andreww@duplass.com
                                        ***DEFENSE LIAISON COUNSEL***

## **C E R T I F I C A T E**

       I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )     Hand Delivery                         ( )     Prepaid U.S. Mail

( )     Facsimile                                 ( )     Federal Express

(X)    CM/ECF

New Orleans, Louisiana this 20th day of November, 2008.

                                                     s/Andrew D. Weinstock
                                                     _____
                                                     ANDREW D. WEINSTOCK #18495