UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | * * * * | MDL NO. 07-01873 |
| | | SECTION "N-4" |
| | * | JUDGE ENGELHARDT |
| This Document Relates to: All Cases | * * | MAG. JUDGE ROBY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FILED BY AMERICAN HOMESTAR DEFENDANTS

**NOW INTO COURT**, through undersigned counsel, come American Homestar Corporation and Oak Creek Homes, L. P. (collectively the American Homestar Defendants) who, as authorized by Pretrial Order No. 23, file this Supplemental Memorandum In Support of Motion to Dismiss.

Certain Newly Added Defendants filed a Motion to Dismiss (Rec. Doc. 259). The Court granted this Motion to Dismiss because the plaintiffs lacked standing (Order and Reasons, 8/1/08, Rec. Doc. 509). The American Homestar Defendants joined in the Manufacturing Defendants' Joint Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 210). The Court granted the Manufacturing Defendants motion to dismiss (and 15 other motions) (Order and Reasons, 8/1/08, Rec. Doc. 604).

Plaintiffs subsequently filed a Motion for Leave to Amend the Complaint (Rec. Doc. 657). Many defendants filed Oppositions to the Motion for Leave, including American Homestar Defendants (Rec. Doc. 691). The Court granted plaintiffs' motion

WEP Library:2099-63807\

for leave, but ordered that the arguments made in opposition to these motions may be presented in responsive pleadings (Order and Reasons, 10/6/08, Rec. 720).

In response to the filing of the Second Amended and Supplemental Complaint (Rec. Doc. 722), certain Newly Added Defendants filed a Motion to Dismiss (Rec. Doc. 747), in which they assert 1) that the 63 existing plaintiffs in the Administrative Master Complaint still lacked standing to sue the newly added defendants and that the 63 existing plaintiffs without standing may not amend their complaint to add a plaintiff with standing against the newly added defendants and, 2) that plaintiffs claims against the newly added defendants are improperly joined with the claims made against original defendants. (The Motion also incorporated additional grounds and defenses in Part III.) Certain other Newly Added Defendants filed separate motions to dismiss, adopting the standing argument of the Newly Added Defendants (Rec. Docs. 741, 748, 756, 882). The Manufacturing Defendants filed their Master Response of Manufacturing Defendants to the Second Amended and Master Complaint of Plaintiffs Adopting Previously Filed 12(b) Motions (Rec. Doc. 780), which prompted Pretrial Order No. 23.

In accordance with Pretrial Order No. 23, "Specific Manufacturing Defendants" have filed a Supplemental Memorandum in Support that re-urges and restates only the first five grounds of their original Motion to Dismiss (Rec. Doc. 922). Since the American Homestar Defendants joined in the Manufacturing Defendants' original Motion (Rec. Doc. 210), they join in and adopt and re-urge the arguments made in

Specific Manufacturing Defendants' Supplemental Memorandum in Support of Their Joint Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 922).

Since Specific Manufacturing Defendants' Supplemental Memorandum in Support does not re-urge and restate the sixth[1] and seventh[2] grounds of the original Manufacturing Defendants Joint Motions, the American Homestar Defendants join and adopt Certain Newly Added Defendants' Motion to Dismiss (Rec. Doc. 747).

The American Homestar Defendants write this separate memorandum only to describe for the Court's benefit the specific circumstances of the American Homestar Defendants in relation to the standing issue. Like CMH Manufacturing, Inc. *et al.*, the American Homestar Defendants are Newly Added Defendants. That is, none of the American Homestar Defendants had been named as a defendant in any of the underlying actions that were transferred into this MDL and are defendants that were newly added in the Administrative Master Complaint. The Amended AMC did not "match" any of the 63 original plaintiffs to the American Homestar Defendants. The Amended AMC added 140 new plaintiffs, including plaintiffs Lena Brown, Jason Pohlman and Thomas Sullivan, who are "matched" to Oak Creek Homes (Rec. Doc. 722, ¶¶ 6(136) through 6(139). Plaintiffs also added Douglas Hill, who is matched with Recreation by Design, LLC (Rec. Doc. 722, ¶6(102)). Douglas Hill may be putative class representative

---

[1] The sixth ground was: Plaintiffs fail to state a claim because they do not connect any particular plaintiff to any particular manufacturing defendant's product.

[2] The seventh ground was: Plaintiffs fail to state a claim because they lack standing.

WEP Library:2099-63807\

Douglas Hill III (Rec. Doc. 666), who may have occupied a manufactured home (ADA park model) manufactured by Oak Creek Homes.

Thus the 63 existing plaintiffs in the Administrative Master Complaint lack standing to sue the American Homestar Defendants that are newly added defendants, and the 63 existing plaintiffs without standing may not amend their complaint to add a plaintiff with standing to sue the American Homestar Defendants that are newly added defendants. Moreover, plaintiffs' claims against the American Homestar Defendants and other newly added defendants are improperly joined with the claims made against original defendants.

For these reasons, and the reasons stated in the Newly Added Defendants' Memorandum in Support and Specific Manufacturing Defendants' Memorandum in Support, American Homestar Defendants pray that the plaintiffs' Administrative Master Complaint as amended by the Second Supplemental and Amended Complaint ("Amended AMC") be dismissed as to American Homestar Defendants because the plaintiffs lack Article III standing against the newly added defendants, including the American Homestar Defendants, their claims are improperly joined with the claims made against the original defendants and because their claims fail or are barred for the reasons stated in Specific Manufacturing Defendants' Supplemental Memorandum.

Respectfully Submitted,

*s/ W. Evan Plauché*
**W. EVAN PLAUCHÉ**
Bar No.: #21027
**JOHN T. CULOTTA**
Bar No. #17272
**DAVID C. BACH**
Bar No.: #28484
Counsel for Defendants,
**American Homestar Corporation and Oak Creek Homes, LP**
**HAILEY, McNAMARA, HALL, LARMANN & PAPALE, L.L.P.**
One Galleria Boulevard, Suite 1400
P. O. Box 8288
Metairie, Louisiana 70011-8288
Telephone: (504) 836-6500
Fax: (504) 836-6565
E-Mail: eplauche@hmhlp.com
dbach@hmhlp.com
jculotta@hmhlp.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 24, 2008 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*s/ W. Evan Plauché*

WEP Library:2099-63807\