UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE<br>PRODUCTS LIABILITY LITIGATION | MDL No. 1873 |
| | SECTION N(4) |
| | JUDGE ENGELHARDT |
| THIS DOCUMENT IS RELATED TO: | MAGISTRATE ROBY |

*The Administrative Master Complaint and*

*Pujol v. The United States of America,*
*No. 08-3217*

---

### MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF DISMISSAL OF CLASS CLAIMS AGAINST MORGAN (R. Doc. 909)

On November 6, 2008, the Court granted Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc.'s (collectively, Morgan) Rule 12(b)(1) Motion to Dismiss Class Claims and Rule 12(b)(6) Motion to Dismiss Patricia A. Burr's Individual Claims. (R. Docs. 726 and 842). Plaintiffs have moved for reconsideration of the Court's order as it relates to Morgan's Rule 12(b)(1) motion to dismiss class claims, alleging that new evidence has been discovered and an error of law was committed by the Court resulting in manifest injustice to plaintiffs. (*See* R. Doc. 909).[1] Morgan opposes plaintiffs' motion because, contrary to plaintiffs' claims, no new evidence has been discovered and no error of law or manifest injustice has occurred.

### Law and Argument

Morgan has sought to have plaintiffs' claims dismissed for lack of standing through numerous filings since May 19, 2008. *See* R. Docs. 211, 214, 675, 708, and 726. The procedural

---

[1] Plaintiffs also have moved for reconsideration of the portion of the Court's ruling which granted Morgan's Rule 12(b)(6) motion dismissing Patricia A. Burr's individual claims. (*See* R. Doc. 908). Morgan files a separate opposition addressing that motion.

background to Morgan's most recent motion to dismiss has been set forth by the Court in its November 6, 2008 Order and Reasons, R. Doc. 842. Additionally, Morgan incorporates herein by reference the procedural background summarized in its most recent motion to dismiss. (R. Doc. 726-2, pp. 1-4).

Notwithstanding the fact that the Court has given plaintiffs numerous opportunities to establish standing by linking a putative class representative to Morgan, to this day, plaintiffs have failed to do so. While plaintiffs did link Patricia A. Burr to Morgan in an amended complaint, plaintiffs have conceded that Burr is not listed on the definitive August 22, 2008 class representative list, and is barred from serving as a class representative. (*See* R. Doc. 768, p. 5, incorporated in R. Doc. 772). While the newly-urged Penny Robertson was included in the August 22, 2008 list of class representatives, she was never "linked" to Morgan in any court filing until plaintiffs' opposition to Morgan's motion *in limine*. (R. Doc. 768.) The Court has rejected plaintiffs' latest, improper attempt to create standing:

> Plaintiffs cannot and have not pointed to any pleading or amended pleading (including the amended complaints most recently filed (Rec. Docs. 721 and 722)) wherein any individual listed as a class representative on the definitive August 22, 2008 listing was matched to Morgan. The Court refuses to give Plaintiffs yet another chance to plead specific facts to create standing - - especially when those facts are asserted in an exhibit to an opposition to another pending motion. ***This imprecise attempt to match a class representative to Morgan is both belated and improper and will not be considered by this Court. Such a match should have been made in the most recent amended complaint. For these reasons, this Court concludes that Plaintiffs' class action claims against Morgan should be dismissed.***

R. Doc. 842, p. 5. (emphasis added).

A.   **Rule 59(e) Standard**

A motion for reconsideration is treated as a motion to alter or amend the judgment under Rule 59(e) or a motion for relief from judgment under Rule 60(b). (R. Doc. 900). Motions for reconsideration filed within 10 days of the judgment, however, are analyzed under Rule 59(e). *Id.*

2

Because plaintiffs' motion for reconsideration was filed within 10 days of the Court's ruling, Rule 59(e) applies herein.

"Generally, there are four grounds upon which a Rule 59(e) motion can be granted: (1) to correct manifest errors of law or fact upon which the judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law." *Id.* (citation omitted). "[A] motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (internal quotations omitted); *Marseilles Homeowners Condominium Association, Inc. v. Fidelity Natl. Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008); *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

Courts exercise considerable discretion in deciding a Rule 59(e) motion, balancing "two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355, (5th Cir. 1993); *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). With this balance in mind, the Fifth Circuit has observed that Rule 59(e) favors the denial of motions to alter or amend a judgment. *See Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993); *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (relief under Rule 59(e) is an "extraordinary remedy that should be used sparingly").

**B.    Plaintiffs Do Not Satisfy Rule 59(e)'s Standard**

It is unclear whether the "new" evidence that plaintiffs are urging the Court to consider is Penny Robertson's affidavit and photograph in front of a Monaco Coach Corporation trailer "distributed" by Morgan, or the August 22, 2008 spreadsheet. (All were previously filed in opposition to Morgan's motion *in limine*). (*See* R. Doc. 768-3, 4, and 5). Assuming that plaintiffs are urging the consideration of both, neither qualifies as "new" evidence under Rule 59(e). More

3

importantly, the Court properly identified plaintiffs' failing as a pleading and standing deficiency rather than an evidentiary deficiency.

Plaintiffs claim that, "[u]pon further investigation and inspection, it was determined that the Temporary Housing Unit (THU) occupied by Mrs. Penny Robertson, was a Monaco Coach Corporation THU that had been co-manufactured" by Morgan. (R. Doc. 909-2, p. 2.) Plaintiffs do not say when they performed their further investigation and inspection or why they were unable to advance Morgan's alleged "co-manufacturer" status in an amended complaint. (R. Doc. 772.) In fact, no such allegations have been made in *any* complaint.

Additionally, plaintiffs make much of the August 22, 2008 spreadsheet where plaintiffs "link" Robertson to Morgan. Plaintiffs, however, fail to explain - knowing of this "link" by August 22, 2008 - why they never amended the AMC or the *Pujol* complaint to match Robertson to both Monaco and Morgan, the alleged "co-manufacturers." Plaintiffs' suggestion that, if only defendants had deposed Robertson they would have had an opportunity to determine the "co-manufacturer" of Robertson's trailer, is a novel attempt to shift responsibility to Morgan, who had no reason to depose Robertson. After all, Robertson has *never* been linked to Morgan in any complaint or amended complaint and the one person who has been, Patricia Burr, is not on the definitive class representative list.

Thus, plaintiffs' proffered "new evidence" is no help. Plaintiffs are merely trying to construct a scenario that still does not satisfy the Court's clear directive – on more than one occasion – to match Morgan in an amending complaint to an individual who is also on the August 22, 2008 definitive class representative list. Under the facts, and the case law, the Court's refusal to give plaintiffs "yet another chance to plead specific facts to create standing" certainly is not an error of law (R. Doc. 842, p. 5).

4

Moreover, there can be no "manifest injustice" where plaintiffs have had numerous opportunities to allege specific facts sufficient to show standing against Morgan. Additionally, plaintiffs have linked Robertson in the AMC and *Pujol* amended complaints to Monaco, against whom she is proceeding at the class certification hearing.

Further, Robertson, just as Patricia Burr, is unable to advance class claims against Morgan. (R. Doc. 831, pp. 4-5). Robertson, as a member of the *McGuire* putative class, had until February 23, 2008 to file suit. *Id.* Morgan was not, however, named a defendant in *Pujol* until August 18, 2008. Thus, any claims that Robertson would purport to advance against Morgan are prescribed. *Id.* And, as with Burr, any individual claims that Robertson may have against Morgan are prescribed, barring both from acting as class representatives against Morgan. (*See* R. Doc. 726-2, pp. 5-8).

## Conclusion

Balancing finality and the need to render just decisions on the basis of all the facts, it is clear that plaintiffs' motion must be denied. Plaintiffs have not shown that the proffered evidence is, in fact, new, or explained how they can have standing without alleging specific facts in an amended complaint to establish standing. Further, plaintiffs have presented no cognizable argument as to how the Court committed an error of law by requiring that plaintiffs demonstrate standing and in enforcing the Court's previous orders. Finally, the foregoing as well as the fact that plaintiffs have alleged standing against Monaco Coach Corporation demonstrates that there is no manifest injustice.

5

Respectfully Submitted:

**McGlinchey Stafford, PLLC**

*s/ Christine Lipsey*
Christine Lipsey (LA Bar Roll # 1182), T.A.
Dan E. West (LA Bar Roll #13372)
Kaye C. Templet (LA Bar Roll #27983)
Amanda S. Stout (LA Bar Roll #29001)
One American Place, 14th Floor
Baton Rouge, LA 70825
Telephone: (225) 383-9000
clipsey@mcglinchey.com
dwest@mcglinchey.com
ktemplet@mcglinchey.com
astout@mcglinchey.com

*Attorneys for Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc.*

## CERTIFICATE OF SERVICE

I certify that, on November 25, 2008, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the court's CM/ECF system. I also certify that there are no known non-CM/ECF participants.

*s/ Christine Lipsey*
Christine Lipsey

313059.1

6