UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | MDL No. 1873 |
| | SECTION N(4) |
| | JUDGE ENGELHARDT |
| THIS DOCUMENT IS RELATED TO: | MAGISTRATE ROBY |

*The Administrative Master Complaint and*

*Pujol v. The United States of America,*
*No. 08-3217*

---

## MEMORANDUM IN OPPOSITION TO PSC MOTION TO ALTER JUDGMENT UNDER FRCP 59(e) (R. Doc. 908)

Morgan Buildings and Spas, Inc. (Morgan Buildings) and Morgan Building Systems, Inc. (Morgan Systems) (collectively, Morgan) oppose the PSC's Motion to Alter Judgment Under FRCP 59(e) (R. Doc. 908), which seeks reconsideration of the Court's order granting Morgan's Fed. R. Civ. P. Rule 12(b)(6) motion to dismiss Patricia A. Burr's (Burr) individual claims as prescribed.[1] (*See* R. Docs. 726 and 842). The Court previously granted Morgan's Rule 12(b)(6) motion as unopposed. (R. Doc. 842, p. 6). Plaintiffs' opposition, now advanced through its motion to alter the judgment, does not change the fact that Burr's claims are prescribed. The motion to alter the judgment should, therefore, be denied.

---

[1] Plaintiffs also have moved for reconsideration of the portion of the Court's ruling which granted Morgan's Rule 12(b)(1) motion to dismiss class claims. (*See* R. Doc. 909). Morgan separately opposed that motion. (R. Doc. 930).

## Law and Argument

A.   **Rule 59(e) Standard**

A motion for reconsideration is treated as a motion to alter or amend the judgment under Rule 59(e) or a motion for relief from judgment under Rule 60(b). (R. Doc. 900). Motions for reconsideration filed within 10 days of the judgment, however, are analyzed under Rule 59(e). *Id.* Because plaintiffs' motion for reconsideration was filed within 10 days of the Court's ruling, Rule 59(e) applies herein.

"Generally, there are four grounds upon which a Rule 59(e) motion can be granted: (1) to correct manifest errors of law or fact upon which the judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law." *Id.* (citation omitted). "[A] motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (internal quotations omitted); *Marseilles Homeowners Condominium Association, Inc. v. Fidelity Natl. Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008); *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

Courts exercise considerable discretion in deciding a Rule 59(e) motion, balancing "two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355, (5th Cir. 1993); *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). With this balance in mind, the Fifth Circuit has observed that Rule 59(e) favors the denial of motions to alter or amend a

2

judgment. *See Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993); *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (relief under Rule 59(e) is an "extraordinary remedy that should be used sparingly").

B.  **The Trial Court's Dismissal Should Not Be Reversed Under Rule 59(e), Because Burr's Claim Is, In Fact, Prescribed**

While the complete procedural background and applicable law are set forth in Morgan's motion to dismiss (R. Doc. 726), Morgan reiterates some of the salient facts and law for purposes of this opposition. Burr was named a plaintiff in this multi-district litigation in *Stephanie G. Pujol, et al., v. The United States of America, et al.*, Civil Action No. 08-3217, which was filed on May 9, 2008. (*Pujol*, R. Doc. 1). Burr and the other named *Pujol* plaintiffs seek to certify a class of "[a]ll individuals who resided for any length of time in FEMA-provided housing units within the states of Louisiana, Mississippi, Alabama, and Texas, after Hurricanes Katrina and Rita." (*Id.*, ¶ 1). In the *Pujol* second supplemental and amended complaint, filed on August 18, 2008, Burr alleged for the first time that she lived in a trailer manufactured by Morgan Buildings and/or Morgan Systems. (R. Doc. 656-5, ¶¶ 4 and 5). Burr is a resident of Jefferson Parish, Louisiana. (*Pujol* R. Doc. 1, ¶ 2 (2)(8)).

The *Pujol* putative class is nearly identical to the putative class identified in "*DeCarlo McGuire, et al. v. Gulf Stream Coach, Inc., et al.*," a putative Louisiana class action lawsuit filed on August 4, 2006 against manufacturers of FEMA trailers, delivery contractors and others, including Morgan, alleging exposure to hazardous levels of formaldehyde as a result of residing in FEMA trailers after Hurricanes Katrina and Rita. (*See McGuire* R. Doc. 1, ¶ 1). Accordingly, Burr was a member of the *McGuire* putative class.

As a member of the *McGuire* putative class, Burr enjoyed the benefit of suspension of

3

the running of prescription pending the determination of class status. The filing of a class action tolls the running of prescription for *all* purported members of the class. *Crown, Cork & Seal, Co., Inc. v. Parker*, 462 U.S. 345, 103 S.Ct. 2392, 2397 (1983) ("the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action," *citing American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554, 94 S.Ct. 756, 766 (1974)).

Named plaintiff DeCarlo McGuire alleged that her trailer was tested on June 7, 2006 (after she was diagnosed as suffering from formaldehyde exposure), and that the testing showed levels of formaldehyde which exceeded OSHA, NIOSH, and HUD standards. (*McGuire* R. Doc. 1, Class Action Petition, ¶¶ 3-5). In light of the applicable one-year prescriptive period for McGuire's claim, she timely filed suit on August 4, 2006, approximately two months after prescription began to run. The *McGuire* court, however, dismissed plaintiffs' class action claims on April 20, 2007, again exposing the putative class members to prescription. (*McGuire* R. Docs. 135 and 139). And, on July 3, 2007, the individual *McGuire* plaintiffs dismissed their claims against Morgan, without prejudice. (*See McGuire* R. Doc. 152).

Although Burr was not a named plaintiff in *McGuire*, under *American Pipe* and *Crown, Cork*, she enjoyed the benefit of the suspension of the running of prescription pending the determination of class status. Once the *McGuire* court dismissed the class action allegations, the *McGuire* putative class members, including Burr, had to file their own suits, or intervene as plaintiffs in the pending action. *Crown, Cork*, 103 S.Ct. at 2397.

Thus, upon the April 20, 2007 *McGuire* denial of class certification, Burr had the

4

remaining 10 months and three days of the one-year prescriptive period (beginning on June 7, 2006 and suspended from August 4, 2006 until April 20, 2007) in which to file suit. In order to be timely, Burr had to file suit against Morgan by February 23, 2008. Because Burr first sought to sue Morgan in *Pujol* on August 18, 2008, her suit is almost six months late.

1. **The AMC did not interrupt prescription as to Burr's claims.**

Plaintiffs argue that the filing of the Administrative Master Complaint on March 18, 2008 timely preserved Burr's claims. (*See* R. Doc. 908-2, p. 3). What plaintiffs fail to recognize, however, is that the AMC was filed approximately three weeks after Burr's claims prescribed. Plaintiffs appear to argue that Burr's one-year prescriptive period for her claims began anew upon the April 20, 2007 dismissal of the class action allegations in *McGuire*. It did not. Under Louisiana law, the filing of a class action *suspends* prescription for the putative class. *See Eastin v. Entergy Corp.*, 07-212 (La. App. 5th Cir. 10/16/07), 971 So.2d. 374, 381.

Suspension of prescription is distinguishable from interruption of prescription. If prescription is interrupted, the time that has run is not counted, and prescription commences to run anew from the last day of interruption. La. Civ. Code art. 3466. On the other hand, if prescription is suspended, the period of suspension is not counted toward the accrual of prescription, but the time that has run is counted once the suspension ends. La. Civ. Code art. 3472. Therefore, when suspension of prescription ended on April 20, 2007 upon the dismissal of the *McGuire* class action allegations, Burr had the remaining prescriptive period of 10 months and three days, or until February 23, 2008, to file suit against Morgan.

5

Moreover, and even assuming for purposes of argument that Burr had a full year from the dismissal of the class action allegations to file suit (which Morgan denies), the *filing of the AMC* could not interrupt prescription of Burr's claims. At the time the March 19, 2008 AMC was filed, there was no underlying suit pending against Morgan, because the *McGuire* individual plaintiffs dismissed Morgan, without prejudice, on July 3, 2007. (*See McGuire* R. Doc. 152). Morgan was not again named a defendant in an underlying action until *Pujol* was amended on August 18, 2008, almost six months after Burr's claims prescribed.

Again, and assuming for argument purposes that the August 18, 2008 *Pujol* amendment related back to the filing of the original *Pujol* complaint, Burr's claims are still prescribed because the original complaint was not filed until May 9, 2008. *Pujol* did not revive Burr's prescriptive period. *Lanzas v. American Tobacco Co., Inc.*, 2002 WL 1973817 at *3, fn. 10 (5th Cir. 8/2/02) (the filing of a class action will not "revive" a prescriptive period that has already run its course," *citing Orleans Parish Sch. Bd. v. Asbestos Corp., Ltd.*, 114 F.3d 66, 69 (5th Cir. 1997)).

It is well-established that the consolidation of cases under 28 U.S.C. § 1407 into a multi-district litigation is procedural. An MDL does not "expand the jurisdiction of either the transferor or transferee court. *See In Re Showa Denko K.K.L.-Tryptophan Products Liability Litigation – II*, 953 F.2d 162, 165 (4th Cir. 1992). The court's jurisdiction in MDL suits is limited to persons who *are parties* in the underlying transferred cases. *Id., citing Heartland v. Alaskan Airlines*, 554 F.2d 922, 1002 (9th Cir. 1976). Since Morgan was not a party to an underlying suit at the time of the AMC's filing, naming Morgan in the AMC did not interrupt prescription as to Morgan.

6

2.  Burr is not entitled to a "new" prescription commencement date.

Plaintiffs accuse Morgan of making "the utterly specious claim that the 'trigger date' for the running of prescription" for Burr is the same date as McGuire's -- June 6, 2006. (*See* R. Doc. 908-2, pp. 4-5). Morgan's claim is utterly specious only if the Supreme Court's rulings in *American Pipe* and *Crown, Cork* are thrown on the trash heap.

Plaintiffs would, no doubt, take advantage of the tolling of prescription afforded by *American Pipe* and *Crown, Cork*, if necessary to advance their claims. But, plaintiffs cannot both embrace the tolling doctrine and then argue that they also get the benefit of individual "triggering" dates, "discovery dates," and *contra non valentem*.

> Class members who do not file suit while the class action is pending cannot be accused of sleeping on their rights; Rule 23 both permits and encourages class members to rely on the named plaintiffs to press their claims.
>
> \* \* \*
>
> We conclude, as did the Court in *American Pipe*, that the "commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." 444 U.S., at 554, 94 S.Ct., at 766. Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. ***At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action.***
>
> \* \* \*

*Crown, Cork*, 103 S.Ct., 2397-2398 (emphasis added).

Plaintiffs have not explained how *American Pipe* and *Crown, Cork* are not dispositive, nor have they cited *any* authority for their bold proposition that individual plaintiffs can choose prescription "triggering" dates running indefinitely into the future. Moreover, contrary to Morgan's piggybacking argument being "fallacious," as suggested by plaintiffs, it unequivocally establishes that individual plaintiffs are not entitled to "customized" triggering

7

dates. (*See* R. Doc. 726-2, pp. 7-8).

Plaintiffs attempt to distinguish the Fifth Circuit's controlling decision, *Salazar-Calderon v. Presidio Valley Farmers' Ass'n.*, 765 F.2d 1334, 1351(5th Cir. 1985), arguing that it involved decertification rather than class denial. *Salazar*, however, did not parse the manner in which class allegations may be disposed of. And, in fact, the underlying suits at issue in *Salazar* did *not* involve decertification of a class. Rather, the lower court had denied certification in the prior suits, which denial was affirmed by the Fifth Circuit. 765 F.2d at 1350. Thus, plaintiffs' arguments are without merit.

Plaintiffs claim that it "is pertinent to recall that Morgan was <u>voluntarily</u> dismissed as a defendant" from the AMC, but fail to explain how the voluntary dismissal is, in fact, pertinent. (*See* R. Doc. 908-2, pp. 6-7) (emphasis in the original). Plaintiffs go on to state that "[t]he circumstances under which [the dismissal] occurred are notable for statute of limitation purposes." *Id.* The fact is, the voluntary dismissal plays *no* role in Morgan's prescription argument. Burr's claim had already prescribed as of the date of filing of *both* the original AMC and the original *Pujol* complaint. Thus, the voluntary dismissal is irrelevant. Moreover, as stated above, the AMC, upon its *original* filing, could not operate to interrupt prescription for Burr.

### 3. Plaintiffs' new solidary liability argument gets them nowhere.

Finally, plaintiffs argue that the Court committed manifest error in dismissing Burr's claim because Morgan, now characterized as a "labeling manufacturer," is solidarily liable with the actual manufacturer: "plaintiffs should be allowed to proceed not only against the actual manufacturer of those units but also against Morgan as a labeling 'co-manufacturer'

8

under Louisiana law." (*See* R. Doc. 908-2, p.8). Plaintiffs' motion to alter the judgment is the first time they have argued or alleged solidary liability, much less alleged that "co-manufacturers" are solidarily liable with "actual manufacturers." Moreover, Burr (the relevant individual here) has never alleged, nor has she presented any evidence, that Morgan "labeled" or "co-manufactured" her trailer. Thus, Burr has not set forth any grounds to assert that Morgan is solidarily liable with an "actual manufacturer."

While plaintiffs hope that their failure to allege solidary liability in a controlling complaint will be overlooked, it can not be. This is yet another attempted end-around basic notice pleading to which Morgan is entitled.

## Conclusion

In granting Morgan's motion to dismiss Burr's claims as unopposed, the Court gave plaintiffs another opportunity to address the unopposed prescription argument. While plaintiffs have now opposed the prescription argument (through their motion to alter the judgment), the inevitable result is the same. Burr had to file suit against Morgan by February 23, 2008, in order to be timely. Because she did not file suit against Morgan until August 18, 2008, her claims are prescribed. Thus, there is no "manifest legal and/or factual error meant to be addressed under Rule 59(e)." The Court's dismissal of Patricia Burr's individual claims should stand.

9

Respectfully Submitted:

**McGlinchey Stafford, PLLC**

s/ Christine Lipsey
Christine Lipsey (LA Bar Roll # 1182), T.A.
Dan E. West (LA Bar Roll #13372)
Kaye C. Templet (LA Bar Roll #27983)
Amanda S. Stout (LA Bar Roll #29001)
One American Place, 14th Floor
Baton Rouge, LA  70825
Telephone:  (225) 383-9000
clipsey@mcglinchey.com
dwest@mcglinchey.com
ktemplet@mcglinchey.com
astout@mcglinchey.com

*Attorneys for Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc.*

## CERTIFICATE OF SERVICE

I certify that, on November 26, 2008, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all known counsel of record by operation of the court's CM/ECF system.  I also certify that there are no known non-CM/ECF participants.

s/ Christine Lipsey
Christine Lipsey

313253.1