UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISON

| | |
|---|---|
| IN RE: FEMA TRAILER | * MDL NO. 1873 |
| FORMALDEHYDE | * |
| PRODUCT LIABILITY LITIGATION | * SECTION: "N-5" |
| | * |
| | * JUDGE ENGLEHARDT |
| | * MAGISTRATE CHASEZ |
| THIS DOCUMENT IS RELATED TO ALL CASES | * |

**************************************************************************

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MANUFACTURING DEFENDANTS' MOTION TO STRIKE (DOC. 920)**

**MAY IT PLEASE THE COURT:**

Plaintiffs, through the undersigned counsel, file this Response to Manufacturing Defendants' Motion to Strike certain Plaintiffs from serving as class representatives in this case.

**BACKGROUND**

Defendants move to strike twenty plaintiff class representatives (out of a total of 97 class representatives) because of their alleged failure to respond to discovery and attend depositions.

The vast majority of Defendants' claims focus on delays in providing Plaintiff Fact Sheets ("PFS"). Pretrial Order Number 2 (docket number 87) provided that Plaintiffs would provide Defendants with (very detailed) PFS's for class representatives by the later of July 16, 2008, or within 30 days of being entered into the case. *See* Docket 87, page 8, III(c). If Defendants claimed that there was a deficiency in the PFS, they had an obligation to notify Plaintiffs. *See id.*, page 8, III(d). Plaintiffs then had 30 days from notice to cure "any alleged material deficiency." *Id.*

Defendants previously filed a motion to strike certain class representatives on July 18, 2008 (two days after the first round of PFS's were due), citing alleged deficiencies in the first

1

round of PFS's they received.  *See* Docket No. 546.  Plaintiffs responded that Pretrial Order 2 had the deadlines set forth above and Defendants had jumped the gun in asking the Court to strike class representatives so soon and that Plaintiffs had addressed the deficiencies in a timely manner.  *See* Docket No. 642.   The Court denied Defendants' motion as moot on October 10, 2008.  *See* Docket No. 725.

Now, with respect to the disputed class representatives, Defendants have admittedly received their detailed PFS's and have for the most part deposed them.  Defendants offer no evidence that these PFS's were cured late, no evidence that Plaintiffs have acted in bad faith, and no evidence that they have been prejudiced.  Nonetheless, Defendants now ask the Court to render the most severe sanction of dismissal, on the eve of the class certification hearing, simply because the PFS's were allegedly not 100% complete to their satisfaction on the timelines that Defendants have elected to impose.

On the other hand, and although Defendants have wholly failed to meet their burden, Plaintiffs have undertaken a thorough review of the complained-of class representatives and do not oppose the motion to the extent that certain representatives should be removed.

## ARGUMENT AND AUTHORITIES

Defendants move under FED. R. CIV. P. 16(f)(1)(c) which provides that "the court may issue any just orders, including those authorized by FED. R. CIV. P. 37(b)(2)(A)(ii)-(vii), if a party or its attorney ... fails to obey a scheduling or other pretrial order."  FED. R. CIV. P.37(b)(2)(A)(v) permits a court to issue such orders "as are just" to sanction a party who fails to obey an order to provide or permit discovery, including dismissing the action in whole or in part.

To support dismissal of a case, the severest sanction under Rule 37(b), the Fifth Circuit has generally required the following findings: bad faith or willful conduct accompanied by a

clear record of delay or contumacious conduct; that the violation be attributable to the client instead of the attorney; that the violating party's misconduct cause substantial prejudice to the opposing party; and that less drastic sanctions would not substantially achieve the desired deterrent effect. *See FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994); *see also Batson v. Neal Spelce Assocs., Inc.,* 765 F.2d 511, 514 (5th Cir. 1985); *In re Liquid Carbonic Etc.*, 580 F.2d 819, 822 (5th Cir. 1978). As set forth below, Defendants have not come close to meeting this burden.

The trial court has broad discretion to exercise its various sanctioning powers. *See Topalian v. Ehrman*, 3 F.3d 931, 934 (5th Cir.1993); *see also Shipes v. Trinity Indus.*, 987 F.2d 311, 323 (5th Cir.1993)("The imposition of [discovery] sanctions is a matter of discretion for the district court.")(citation omitted).

There is a relative paucity of cases involving a request to strike class representatives or plaintiffs in a class action setting. In *Day v. NLO, Inc*., 147 F.R.D. 144, 148 (S.D. Ohio 1993), the defendants moved to strike class representatives because Defendants did not receive certain interrogatory responses promptly. The Court denied the motion and noted that "this would be subject to a motion to compel, not a motion to strike certain litigants from a case." *Id.*

More recently, in the MDL context, in *Agee v. Wayne Farms, L.L.C.*, 2008 WL 4849669 (S.D. Miss. 2008), the defendants moved to dismiss 117 plaintiffs who had failed to provide initial disclosures. The Court noted that the plaintiffs had failed to meet certain deadlines in a pretrial order, but denied the motion. *See id.* The Court noted that the failure to provide initial disclosures has not been the subject of any prior motion and that none of the subject plaintiffs had been warned that their failure to comply with these deadlines would result in their dismissal. *See id.*

In non-class, non-MDL cases, courts in this district have repeatedly refused to dismiss cases based on alleged discovery deficiencies—many much more egregious than those claimed here. *See Spayde v. American Sec. Ins. Co.*, 2008 WL 440333 (E.D. La. 2008); *Alexander v. Assurant Ins. Group/American Sec. Ins. Group,* 2008 WL 4482873 (E.D. La. 2008); *Joachim v. State Farm Fire and Cas. Co.*, 2007 WL 2900468 (E.D. La. 2007); *Adriatic, Inc. v. Western Atlas Intern., Inc.*, 1999 WL 151663 (E.D. La.1999).

As discussed in detail below, aside from their early and premature motion to strike in July, which was denied as moot, Defendants have never raised these discovery issues with the Court, despite having numerous opportunities to do so. The Court has been very accommodating of requests for the parties to be heard on any and all types of disputes.[1]  If the District Judge is not available, the Magistrate Judge has been available.   Defendants did not raise these issues in any of the joint status reports to the Court or in any of the monthly status reports with the Court. Instead, Defendants laid behind the log and filed this motion only twelve days before the class certification hearing.   Among many other reasons, Defendants' motion should be denied as untimely.

With respect to the timeliness of PFS's, Defendants offer no proof that any of the subject PFS's were not cured of "material deficienc[ies]" (Pretrial Order No. 2) within 30 days of the PSC being notified of same by Defendants.  The fact is that Plaintiffs cured material deficiencies timely.

---

[1] For just one example, Defense Liaison Counsel called the Court in the middle of a deposition to ask for a ruling. The Court accommodated the request to be heard and provided relief.

4

Further, with respect to depositions, scheduling depositions is a two-way street. Plaintiffs' counsel has been extremely accommodating of Defendants' schedule changes[2] and indecision about which class representatives they wish to depose.[3] As discussed below, in some cases, Defendants have simply not followed up on whether they want to reschedule certain depositions. Further, in their first motion to strike, Defendants acknowledged that depositions of all class representatives might not even need to be deposed.[4]

Also, Defendants offer no argument or evidence as to how they have been prejudiced by any alleged discovery failures. Therefore, based upon the present record, they have not been prejudiced.

Lastly, this class of plaintiffs are all people who were displaced from their homes because of Hurricanes Katrina and Rita. Some have lived in trailers near their homes, but many have had to move away from their homes—several times. Defendants elected to wait to schedule the vast majority of class representative depositions towards the end of the class discovery period.[5] The landfall of Hurricanes Gustav and Ike during this period only complicated these logistical problems further. In sum, the alleged discovery deficiencies do not rise to "bad faith or willful

---

[2] Plaintiffs acknowledge that their clients have not necessarily been on standby, waiting to give their deposition at any time or place. People have jobs and family responsibilities. Many are still displaced. However, Plaintiffs have worked very hard to schedule depositions as quickly as possible in response to Defendants' demands and their clients have, for the most part, been very accommodating.

[3] Defendants elected to depose forty of the class representatives.

[4] Defendants stated that, "[a] manufacturing defendant may even decide that the cost of taking a class representative deposition is outweighed by any benefit, particularly given that a completed Plaintiff Fact Sheet would provide information relevant to the class-certification hearing." Docket No. 546, page 5.

[5] Defendants may respond that they could not take the depositions until they had 100% completed PFS's. However, that was their strategic decision. The Court issued no orders that precluded them from deposing class representatives until PFS's were complete.

conduct accompanied by a clear record of delay or contumacious conduct." If they were so egregious, Defendants should have raised them with the Court earlier.

Therefore, the motion should be denied, with the exception of five class representatives-- Crystal L. Gumm, Joseph C. Jack, Jr., Sherry Trollinger o/b/o Michael Davis, Rose Lee Bright and Tyrone Battle, represented by Kendra Vason--of which the Plaintiffs do not oppose.

Specific class representatives are discussed in detail as follows.

**1.     Adrina McCray**

Adrina McCray resided in a trailer manufactured by KZ RV. Defendants complain that Ms. McCray's Plaintiff Fact Sheet ("PFS") was insufficient, that the PFS and accompanying authorizations were not signed, and that she has not been deposed.

Ms. McCray reviewed and signed her PFS on July 11, 2008, and a copy was then submitted to Defendants on July 22, 2008. On September 24, 2008, an errata sheet was completed (which also included copies of her Form 95 and test results) and submitted to Defendants. Liaison counsel for Defendants and Plaintiffs had previously agreed that it was not necessary to submit a revised PFS whenever it was necessary to make a change to the PFS and that a signed "errata sheet" would be sufficient to make a substantive change to information provided by the PFS. Adrina McCray's amended and supplemented PFS was submitted to Defendants on November 12, 2008.

With Defendants' agreement, the deposition of Ms. McCray scheduled for September 16, 2008, was cancelled because her counsel would be unable to attend due to Hurricane Ike. In sum, Defendants have received Ms. McCray's PFS and have not been prejudiced in any way.

### 2. Barry Dominguez

Barry Dominguez resided in a trailer manufactured by DS Corp d/b/a Cross Roads RV. Defendants complain that Mr. Dominguez's PFS was received late and that it was insufficient and unsigned.

Despite multiple efforts, Plaintiffs were unable to make contact with Barry Dominguez until September, 2008. At that time, Mr. Dominguez completed his PFS to the best of his knowledge and it was submitted to Defendants. Upon Defendants' request, an errata sheet was completed on October 13, 2008 and sent to Defendants. An amended and supplemented PFS was then sent to Defendants on November 12, 2008. In sum, Defendants have been provided with his PFS, and have not been prejudiced in any way.

### 3. Crystal L. Gumm

Plaintiffs do not oppose the Motion to Strike.

### 4. Linda Maydonado-West

Linda Maydonado-West lived in a mobile home manufactured by Palm Harbor Homes. Defendants complain that Ms. Maydonado-West's PFS was received late and is insufficient.

Ms. Maydonado-West answered her PFS to the best of her knowledge. At Defendants' request, Plaintiffs amended and supplemented Ms. Maydonado-West's PFS twice: on October 29, 2008 and November 12, 2008. Defendants have received her PFS and have not been prejudiced in any way.

### 5. Joseph C. Jack, Jr.

Plaintiffs do not oppose the Motion to Strike.

### 6. Betty White o/b/o Erin McConnell

Minor Erin McConnell lived in a trailer manufactured by Forest River. Defendants complain that Erin McConnell's PFS and accompanying authorizations are insufficient because Plaintiffs did not produce proof that Betty White is the legal representative or guardian of Erin McConnell.

Erin McConnell has lived with Betty White (her grandmother) for most of her life and Ms. White is the person with the most knowledge of events in Erin McConnell's life. Ms. White did initially fill out a fact sheet on behalf of Erin McConnell. Once Plaintiffs learned that her legal guardian, her mother Neatoya Bush, needed to fill out the PFS and related documents for Erin, they provided same to Defendants on November 12, 2008. Further, Plaintiffs offered to produce Betty White on two different occasions and, in both instances, Defendants did not elect to depose her. In sum, Defendants have received her PFS and have had the opportunity to depose the person who has most knowledge of Erin McConnell's living in the trailer, health effects and the like. Defendants have not been prejudiced in any way.

### 7-8. Marcelio Ayala *and* Margarita Solis

Marcelio Ayala and Margarita Solis lived in a unit manufactured by Silver Creek Homes, Inc. Defendants complain that their respective PFS's were insufficient.

After numerous efforts, Plaintiffs were not able to locate Marcelio Ayala and Margarita Solis until late October, 2008, a few days before their respective PFS's were sent to Defendants on October 31, 2008. Mr. Ayala and Ms. Solis completed their respective PFS's to the best of their knowledge and ability. Defendants were presented with available dates to depose Mr. Ayala and Ms. Solis, but Defendant Silver Creek Homes, Inc. indicated that it did not want to

depose any Spanish-speaking class representatives (such as Mr. Ayala and Ms. Solis). See September 19, 2008 email Andy Weinstock, attached as **Exhibit A**. In sum, Defendants were provided with Mr. Ayala's and Ms. Solis' PFS's and elected not to depose them. Defendants have not been prejudiced in any way.

### 9. Sherry Trollinger obo Michael Davis

Plaintiffs do not oppose the Motion to Strike.

### 10. Carrie LeBeau

Carrie LeBeau lived in a trailer manufactured by Keystone. Defendants complain that Ms. LeBeau's PFS was insufficient.

Plaintiffs dispute that Defendants ever notified them of any alleged deficiencies in Ms. LeBeau's PFS. Plaintiffs did not receive a request to cure deficiencies for Ms. LeBeau on August 9, 2008--or any other date. Ms. LeBeau answered her PFS to the best of her knowledge and later amended and supplemented her PFS. This revised PFS was sent to Defendants on November 12, 2008. Ms. LeBeau's test results (which Plaintiffs just received) and a copy of her Form 95 (which was recently submitted) were provided in the bench book that was produced to Defendants on November 24, 2008. In sum, Defendants were provided with her PFS and the have not been prejudiced in any way.

### 11. Rose Lee Bright

Plaintiffs do not oppose the Motion to Strike.

### 12. Shirley Sinclair

Shirley Sinclair lived in a trailer manufactured by Keystone. Defendants complain that her PFS was received late and that they have not been able to take her deposition.

Ms. Sinclair is a newly-named plaintiff and was entered into the record by order dated October 6, 2008. Thus the production of her PFS on September 11, 2008 was well within 30 days. Ms. Sinclair answered her PFS to the best of her knowledge and, to date, Plaintiffs have not received any deficiency requests from Defendants.

Ms. Sinclair was unable to attend her deposition scheduled for September 19, 2008 because she had an eye surgery scheduled for that morning and Defendants were advised of this conflict in advance. Plaintiffs attempted to coordinate a mutually agreeable time to depose her within the discovery period but were not successful. However, Defendants have received her PFS and have not been prejudiced in any way.

### 13.     Tyrone Battle, Represented by Kendra Vason

Plaintiffs do not oppose the Motion to Strike.

### 14.     Kody Woods

Kody Woods is a minor represented by his mother, Adrina McCray. They lived in a trailer manufactured by KZ RV. Defendants complain that they have not been able to take the deposition of Ms. McCray, as representative of Kody Woods.

As discussed above, the deposition of Ms. McCray scheduled for September 16, 2008, was cancelled because her counsel would be unable to attend due to Hurricane Ike. Defendants have not requested any other available dates for Ms. McCray since that time. In any event, Defendants have received Kody Woods's PFS and have not been prejudiced in any way.

### 15.     Dakyre Smith

Dakyre Smith is a minor represented by his mother, Letecheia Acker. She lived in a trailer manufactured by Keystone. Defendants complain that they have not been able to take the deposition of Ms. Acker.

With Defendants' agreement, the deposition of Ms. Acker scheduled for September 16, 2008, was cancelled because her counsel would be unable to attend due to Hurricane Ike. Ms. Acker's deposition was then rescheduled for October 16, 2008. Unfortunately, on October 14, 2008, a close family member of Ms. Acker's was involved in a fatal car accident. On October 15, 2008, prior to the deposition taking place, Plaintiffs advised Defendants that Ms. Acker would not be able to attend her deposition. The deposition could not be rescheduled during the deposition period. However, Defendants have received Dakyre Smith's PFS and have not been prejudiced in any way.

**16.    Thomas Anthony Bergens**

Thomas Anthony Bergens lived in a unit manufactured by Starcraft. Defendants complain that they have not been able to take his deposition.

Mr. Bergens was made available to be deposed on September 23, 2008, but the deposition was cancelled by Defendants. Unfortunately, Plaintiff's work schedule did not allow him to return to New Orleans in time to attend the rescheduled deposition date of September 30, 2008. Defendants did not inquire again as to the availability of Mr. Bergens until October 29, 2008--after the Court-imposed deadline of October 24, 2008. In any event, Defendants have received Mr. Bergens' PFS, had the opportunity to depose him and therefore have not been prejudiced in any way.

**17.    Keena Magee on behalf of Kierra Wilson**

Kierra Wilson is a minor represented by her mother, Keena Magee. She lived in a trailer manufactured by Forest River. Defendants complain that Kierra Wilson's PFS and accompanying authorizations are insufficient because Keena Magee testified in her deposition that she relinquished custody of Kierra Wilson.

At the time of her deposition, Keena Magee was under the mistaken impression that she had relinquished custody of Kierra Wilson to Ms. Magee's mother, Ethel Brazzle. Since that time, Plaintiffs have provided documents to Defendants showing that Keena Magee still has custody of Kierra Wilson. Therefore, Defendant's complaints are moot.

### 18. Constance Jordan on behalf of Brunica Jordan

Brunica Jordan is a minor represented by her mother, Constance Jordan. She lived in a trailer manufactured by Vanguard/Palomino. Defendants complain that they have not been able to take the deposition of Ms. Jordan.

The night before her deposition was, Ms. Jordan learned of the recent death of a family member and was unable to attend her deposition. Ms. Jordan did not inform her counsel of this fact until after her deposition was scheduled to take place. Defendants have not attempted to reschedule Ms. Jordan's deposition. In sum, Defendants have received Brunica Jordan's PFS and have not been prejudiced in any way.

### 19. Linda Davis

Linda Davis lived in a mobile home manufactured by CMH Manufacturing. Defendants complain that Ms. Davis' PFS was received late and is insufficient.

Ms. Davis was identified as a core class representative on August 22, 2008. Thus the production of her PFS on September 11, 2008, was well within 30 days of this identification. Ms. Davis answered her PFS to the best of her knowledge and, to date, Plaintiffs have not received any deficiency requests from Defendants. Further, Ms. Davis was deposed by Defendants and, at the latest, Defendants received signed copies of all of Ms. Davis' authorizations at the deposition. Therefore, Defendants were not prejudiced in anyway.

####    20.     **Amaris McGallion**

Amaris McGallion lived in a mobile home manufactured by Southern Energy Homes. Defendants complain that Ms. McGallion's PFS was received late and the accompanying authorizations were not signed.

Ms. McGallion was identified as a core class representative on August 22, 2008. Thus the production of her PFS on September 11, 2008 was well within 30 days of her being added to the case.

Also, shortly before Hurricane Ike made landfall, Ms. McGallion was mailed a copy of her PFS to review and sign. Unfortunately, Ms. McGallion lost her home in Bridge City, Texas, as a result of Hurricane Ike and never received the PFS. For the next two months, Ms. McGallion and her family lived in multiple locations and did not obtain another permanent residence until November 13, 2008. Despite repeated attempts, Plaintiffs were not able to make contact with her until early November, 2008. Defendants received a signed certification page and authorizations prior to taking Ms. McGallion's deposition. Defendants also deposed her. Therefore, Defendants were not prejudiced in any way and any delays in curing deficiencies should be excused.

### **CONCLUSION AND PRAYER**

For the foregoing reasons, Defendants' motion should be granted in part and denied in part. Plaintiffs agree that five individuals should be removed from the "core" list of proposed class representatives (Crystal L. Gumm, Joseph C. Jack, Jr., Sherry Trollinger o/b/o Michael Davis, Rose Lee Bright and Tyrone Battle, represented by Kendra Vason). However, Defendants have failed to establish that the discovery issues rise to the level of "bad faith" or that Defendants

have been prejudiced. Therefore, Plaintiffs respectfully request that the rest of the class representatives remain and that Defendants' Motion be denied.

        Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
      GERALD E. MEUNIER, #9471
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone: 504/522-2304
      Facsimile: 504/528-9973
      gmeunier@gainsben.com

      s/Justin I. Woods
      JUSTIN I. WOODS, #24713
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone: 504/522-2304
      Facsimile: 504/528-9973
      jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**

      ANTHONY BUZBEE, Texas # 24001820
      RAUL BENCOMO, #2932
      FRANK D'AMICO, JR., #17519
      MATT MORELAND, #24567
      LINDA NELSON, #9938
      RONNIE PENTON, #10462

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 26, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                                s/Gerald E. Meunier_____
                                                GERALD E. MEUNIER, #9471