UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER  
      FORMALDEHYDE PRODUCTS  
      LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N" (4)

THIS DOCUMENT RELATES TO  
ALL CASES

# ORDER AND REASONS

Before the Court is the Plaintiffs Steering Committee's Motion for Reconsideration of Dismissal of Morgan's Rule 12(b)(1) Class Claims (Rec. Doc 909), pursuant to Fed.R.Civ.P. 59(e), of the November 6, 2008 Order and Reasons granting Defendant Morgan's Rule 12(b)(1) Motion to Dismiss Class Claims (Rec. Doc. 726).

A Rule 59(e) motion "calls into question the correctness of a judgment." *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp.* (*In re Transtexas Gas Corp.*), 303 F.3d 571, 581 (5th Cir.2002). It is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment, *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990), but instead "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989). A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under" Rule 59(e). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir.1990). There are considerations that limit this discretion, however: (1) the need to bring litigation to an end and (2) the need to render just decisions on the basis of all of the facts. *Id*. Generally, there are four grounds upon which a Rule

59(e) motion can be granted: (1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law." *Peterson v. Cigna Group Ins.*, 2002 WL 1268404, at *2 (E.D. La. June 5, 2002).

Plaintiffs claim that three grounds for reconsideration exist. First, Plaintiffs assert that new evidence has been discovered to determine that Penny Robertson, the core match to Morgan Buildings & Spas, Inc. and/or Morgan Building Systems, Inc. (collectively, "Morgan") was named in the Second Supplemental and Amended Complaint matched to the co-manufacturer Monaco Coach Company Systems, Inc. ("Monaco"). Second, Plaintiffs argue that the November 6, 2008 Order is an error of law because when all the facts are considered, it is clear that a complete trailer match was provided for Morgan in more detailed information that was provided to Defendants (but, admittedly, was not filed into the record). Third, Plaintiffs argue that it would be manifest injustice for the Court to allow Morgan to escape on a technicality.

This Court concludes that reconsideration should be denied. For many of the same reasons stated by Morgan in its Memorandum of Opposition (Rec. Doc. 930), the Court finds that, first, Plaintiffs have presented no "new" evidence. Indeed, Plaintiffs' motion to reconsider simply rehashes arguments presented in opposition to Morgan's original motion to dismiss. As the Fifth Circuit noted in *Simon*, motions such as the instant one are not the proper vehicles for rehashing evidence, legal theories, or arguments that could have been offered or were raised before the entry of judgment, *Simon*, 891 F.2d at 1159. Next, for the reasons set forth in detail in its November 6, 2008 Order and Reasons (Rec. Doc. 842), the Court concludes that no error of law or manifest injustice has occurred. Indeed, as the Court previously explained:

> In its August 1, 2008 Order and Reasons (Rec. Doc. 599), this Court concluded that sufficient facts were not alleged in the AMC to show that standing existed because no Plaintiffs were matched to particular Defendants. At that time, the Court granted the motion to dismiss based on lack of standing, without prejudice to the right of Plaintiffs to seek leave to amend to assert sufficient facts and allegations to support their argument that standing exists as to certain Plaintiffs who could be matched to specific manufacturing Defendants. Plaintiffs did so when they were allowed to file their amended complaints. (Rec. Docs. 721 and 722). Further, as the Court explained in its September 24, 2008 Order and Reasons, if no individuals on the August 22, 2008 listing of class representatives are matched to a specific manufacturer (here, Morgan), then that particular manufacturer would not be in the "class action" case if the class is certified. (Rec. Doc. 706, pp. 9-10).
>
> Plaintiffs cannot and have not pointed to any pleading or amended pleading (including the amended complaints most recently filed (Rec. Docs. 721 and 722)) wherein any individual listed as a class representative on the definitive August 22, 2008 listing was matched to Morgan. The Court refuses to give Plaintiffs yet another chance to plead specific facts to create standing - especially when those facts are asserted in an exhibit to an opposition to another pending motion. This imprecise attempt to match a class representative to Morgan is both belated and improper and will not be considered by this Court.

The Court has given Plaintiffs numerous opportunities to set forth sufficient allegations against Morgan and other defendants. Accordingly, the Court stands by its November 6, 2008 Order and Reasons.

Considering the foregoing, **IT IS ORDERED** that **Plaintiffs Steering Committee's Motion for Reconsideration of Dismissal of Morgan's Rule 12(b)(1) Class Claims (Rec. Doc 909)** is **DENIED**.

New Orleans, Louisiana, this 26th day of November, 2008.

                                                    _____
                                                    **KURT D. ENGELHARDT**
                                                    **UNITED STATES DISTRICT JUDGE**