UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER           * | MDL NO. 1873 | |
|     FORMALDEHYDE       * | | |
|     PRODUCTS LIABILITY * | | |
|     LITIGATION                * | | |
|                                             * | JUDGE: ENGELHARDT | |
| This Document Relates to:   All Cases   * | | |
|                                             * | | |
|                                             * | MAG: CHASEZ | |

**MANUFACTURING DEFENDANTS' MEMORANDUM IN SUPPORT OF
UNOPPOSED MOTION TO WITHDRAW MOTION TO EXCLUDE
THE TESTIMONY OF DR. KENNETH PARIS**

**MAY IT PLEASE THE COURT:**

Manufacturing Defendants submit the following Unopposed Motion to Withdraw Motion to Exclude the Testimony of Dr. Kenneth Paris. Below are the portions of that Memorandum that are adopted from the Brief in Opposition to Class Certification.

**D.    Dr. Paris Mischaracterizes The Very Studies He Relies On And Lacks Any Scientific Foundation For His Opinions**

> Q.   But risk doesn't equal causation, does it?
> A.   It's not the same, no.
>      Dr. Kenneth Paris Deposition at 33:25-34:1.

Dr. Paris received a degree in Public Health before attending the Louisiana State University School of Medicine, from which he graduated in 2000. He just completed his allergy and immunology fellowship in 2006.[1] He now cares for pediatric patients in the area of asthma, allergic diseases, and immune disorders. Ex. B, Dr. Paris Aff. at 1, 7-8. In his affidavit submitted in support of Plaintiffs' Motion for Class Certification, Dr. Paris concludes that "high

---

[1] He apparently is board certified although his Expert Affidavit prepared for this proceeding in August 2008 attaches a CV that indicates he became board certified (prospectively) in October 2008.

levels of formaldehyde exposure in children living in emergency housing units increases the risk of developing allergic disease and asthma." *Id.* at 4.  He offers virtually no testimony regarding the relative risk of formaldehyde exposure, and certainly does not testify that the relative risk is greater than 2.0.

Dr. Paris concedes that there is "a lack of literature describing immediate or long term effects of formaldehyde exposure on the developing respiratory system of children." *Id.* However, although there are no studies that show airborne formaldehyde exposure can even cause asthma in adults -- and several studies which say it does not -- Dr. Paris stands on the assumption of these non-existent studies and somehow extrapolates that "[p]hysiologically, children are more vulnerable since smaller airways (bronchi) in children <u>may</u> result in more severe symptoms than in adults." *Id.* (emphasis added).

The equivocations made by Dr. Paris in his affidavit are further highlighted throughout his deposition testimony.  When asked whether it has been proven that formaldehyde increases the risk of allergic sensitization in children, Dr. Paris admitted that it is only a "speculation" that has been *suggested*:

> Q. The speculation that formaldehyde may increase the risk of allergic sensitization in children remains unproven?
> A. The **speculation** has been **suggested** in multiple papers.
> Q. Right.
> A. As well as recommendations from various medical groups.  So in order to prove that, we would need to perform experimental studies which to my knowledge are not done.  **So, no, they have not been proven**, but – no.
> Q. It has not been proven?
> A. It has – we have not done the studies yet to prove those nor will we be able to perform those studies.  There are no – it's not – we cannot perform experimental studies on children with formaldehyde.  So the very nature of that question I can't answer.
> . . .

> Q. In other words there are a lot of suggestions in the world literature. But at this point as we sit here September 19, 2008 it hasn't been proven in the world's literature?
>
> A. The experimental study where children have been exposed to formaldehyde and their response in terms of allergy or asthma, that study has not been done, no.

Ex. C, Dr. Paris Dep. at 36:15-37:10; 70:10-17 (emphasis added).

Furthermore, Dr. Paris concedes that exposure to formaldehyde has only been *implicated* as a *potential* risk factor for asthma and that there is an important medical distinction between a known risk factor and a potential risk factor:

> A. . . . formaldehyde would be a potentiator of that development for allergy, which is the concept which is proposed and which is the central idea of why the [NHLBI] has made the statement that – I don't want to get the statement wrong, but formaldehyde – "formaldehyde and volatile organic compounds have been implicated as potential risk factors for asthma and wheezing."
>
> Q. Right. And that's all they say. The choice of words is absolutely specific. Has been implicated –
>
> A. Uh-huh.
>
> Q. -- and what's the next word?
>
> A. As potential risk factors.
>
> Q. As potential. It doesn't say as a known risk factor. It says potential risk factor. There's a terrific medical distinction between known and potential.
>
> A. Right.

Ex. C, Paris Dep. at 65:16-66:9. It is important to note that the NAEPP itself goes on to explain this bullet point statement quoted by Dr. Paris in his report and in the deposition colloquy set forth above.[2] Indeed, the explanation found on page 176 actually clarifies the context of the NAEPP's statement: -- which explanation Dr. Paris ignores in both his affidavit and during his deposition -- as follows:

> "Formaldehyde and VOCs – which can arise from sources such as new linoleum flooring, synthetic carpeting, particle board, wall coverings, furniture, and recent painting – have been implicated as potential risk factors for ***the onset of*** asthma and wheezing

---

[2] So that the Court can compare the bullet point statement (pp. 165-66) with the more detailed paragraph discussion (p. 176) from the NAEPP, the relevant portions are attached hereto as Exhibit D and Exhibit E, respectively.

> (Garrett, et al. 1999; Jaakkola, et al. 2004; Rumchev, et al. 2004). Clinicians should advise patients to be aware of the potential irritating effects of newly installed furnishing and finishes."

National Asthma Education and Prevention Program. Expert Panel Report 3: Guidelines for the Diagnosis and Management of Asthma. Full report 2007 at p. 176 (emphasis added).[3] The authors of the Panel Report limit the application of their findings consistent with the principles of good science. They simply say that clinicians (to whom the NAEPP Report is directed), should "be aware of the potential irritating effects" of formaldehyde containing products. The Report does not say: "Be aware of the irritating effects of newly installed furnishings and finishes;" or "Beware: these products cause asthma." Dr. Paris expands the application of the NAEPP paragraph, and the studies cited therein, beyond good science. This illustrates Dr. Paris' lack of scientific rigor in that he draws unauthorized conclusions from limited data -- conclusions the authors of the study do not make. In these papers, what the authors are saying is that formaldehyde is just an example of a potential irritant. They are in no way saying that it is a cause of asthma.

And to further belie his own conclusion, Dr. Paris admits that risk does <u>not</u> equal causation:

> Q. But risk doesn't equal causation, does it?
> A. It's not the same, no.

Ex. C, Paris Dep. at 33:25-34:1. Courts have consistently found that expert testimony based on speculative, non-verifiable, and unsubstantiated theories such as the one propounded by Dr. Paris warrants exclusion. *See Wright v. Case Corp.*, 2006 U.S. Dist. LEXIS 7683, *4-5 (N.D. Ga. Feb.

---

[3] It is interesting to note that the bullet point response and the NAEPP paragraph, here quoted in its entirety, are the only two references in the 417 page NAEPP Panel Report the Manufacturing Defendants have found to formaldehyde and asthma.

1, 2006); *Dale v. General Motors Corp.*, 109 F. Supp. 2d 1376, 1381 (N.D. Ga. 1990). So, too, here should Dr. Paris' speculative testimony be excluded.

**E.   There Is No Evidence That Formaldehyde Causes Asthma In Children And Anecdotal Observations Based Largely On Temporality Are Not A Reliable Substitute**

Dr. Paris himself testified that there are no epidemiological or other studies that show formaldehyde can cause asthma in children. Ex. C, Dr. Paris Dep. at 36:15-37:10; 70:10-17. The studies he nonetheless relies on in advocating his opinion do not support him in this quest. These observational studies conclude merely that "the observation that exposure to formaldehyde very early in childhood is associated with asthma **suggests the possibility** that irritants in indoor air **might be involved** in the initiation phase of asthma";[4] "[l]ow level exposure to indoor formaldehyde **may** increase the risk of allergic sensitization to common aeroallergens in children";[5] and "[c]onsistent with our hypothesis, the risks of current asthma and wheezing and allergic diseases were related to installation of materials with potential chemical emissions."[6] (emphases added).

Temporal connections between exposure to chemicals and an onset of symptoms, standing alone, are entitled to little weight in determining causation. *McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233 (11th Cir. 2005); *Hilton v. Matrixx Initiatives, Inc.*, No. 4-04CV-519-Y, 2007 U.S. Dist. LEXIS 73264, at *8-9 (N.D. Tex. Feb. 20, 2007). Drawing a conclusion from

---

[4] Rumchev K., Spickett J., Bulsara M., et al. Domestic exposure to formaldehyde significantly increases the risk of asthma in young children. Eur. Respir. J. 2002; 20:407, attached hereto as Exhibit F.

[5] Garrett M.H., Hooper M.A., Hopper B.M., Rayment P.R., Abramson M.J. Increased risk of allergy in children due to formaldehyde exposure in homes. Allergy 1999; 54(4):330, attached hereto as Exhibit G.

[6] Jaakkola J.J., Parise H., Kislitsin V., Lebedeva N.I., Spengler J.D. Asthma, wheezing, and allergies in Russian schoolchildren in relation to new surface materials in the home. Am. J. Public Health 2004; 94(4):561, attached hereto as Exhibit H.

temporal relationships "leads to the blunder of the *post hoc ergo propter hoc* fallacy." *Metabolife*, 401 F.3d at 1243.  The *post hoc ergo propter hoc* fallacy assumes causality from temporal sequence.  It literally means "after this, because of this."  Black's Law Dictionary 1186 (7th ed. 1999).

Highlighting the problem of identifying a causative relationship based solely on temporal association, Dr. Paris explains in his affidavit that "[i]n children, it is best to think of 'asthma' as a clinical syndrome that may have different causes."  *Id.* at 2.  Dr. Paris then notes that high levels of moisture, mold, and dust mites -- *known* irritating factors -- were present in the FEMA trailers.  *Id.* at 3.  Rather than allow that these *known* irritants could be the cause of any asthmatic response in children who resided in FEMA trailers, Dr. Paris chooses to postulate that formaldehyde, whose association with asthma is speculative at best, is the cause of any such asthmatic response.  Speculation, conjecture, or inferences that cannot be supported by sound scientific principles should not be admitted because "[t]he courtroom is not the place for scientific guesswork, even of the inspired sort. Law lags science; it does not lead it." *Rider v. Sandoz Pharm. Corp.*, 295 F.3d 1194, 1202 (11th Cir. 2002) (citations omitted).

## CONCLUSION

Manufacturing Defendants request that their Unopposed Motion to Withdraw Motion to Exclude the Testimony of Dr. Kenneth Paris be granted.

        Respectfully submitted,

        **DUPLASS, ZWAIN, BOURGEOIS,**
        **PFISTER, & WEINSTOCK**

        s/Andrew D. Weinstock
        _____
        **ANDREW D. WEINSTOCK #18495**
        **JOSEPH G. GLASS #25397**
        3838 N. Causeway Boulevard, Suite 2900
        Metairie, Louisiana 70002
        Telephone: (504) 832-3700
        Fax: (504) 837-3119
        andreww@duplass.com
        jglass@duplass.com
        *DEFENSE LIASON COUNSEL*

## C E R T I F I C A T E OF SERVICE

I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )    Hand Delivery                     ( )    Prepaid U.S. Mail

( )    Facsimile                           ( )    Federal Express

(X)    CM/ECF

New Orleans, Louisiana this 1st day of December, 2008.

        s/Andrew D. Weinstock
        _____
        ANDREW D. WEINSTOCK #18495
        andreww@duplass.com