UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | ) ) ) ) ) ) | MDL NO. 07-1873 SECTION "N-4" JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO: *Laney v. The United States of America*, No. 08-4630 | ) ) ) | Magistrate Judge Alma L. Chasez |

## MOTION TO DISMISS ON BEHALF OF GILES INDUSTRIES, INC., SOUTHERN ENERGY HOMES, INC., AND SUNRAY RV, LLC

Defendants Southern Energy Homes, Inc., Giles Industries, Inc., and SunRay RV, LLC[1] (the "Defendants") hereby file this Motion to Dismiss the Complaint filed in *Laney v. The United States of America,* Docket No. 08-4630 (the "*Laney* Complaint").[2] As their basis for this motion, the Defendants are filing herewith a Memorandum in Support of Motion to Dismiss which is incorporated by reference. In further support of the Motion to Dismiss, the Defendants state as follows:

1. First, as a threshold matter, because the *Laney* Complaint fails to include allegations that any particular Plaintiff lived in any particular housing unit or was harmed by a

---

[1] As set forth in Giles Industries, Inc.'s and SunRay RV, LLC's Memorandum in Support of Motion for Summary Judgment which will be filed shortly hereafter, Giles Industries, Inc. and SunRay RV, LLC did not manufacture or sell any housing units to FEMA or that ultimately ended up being sold to FEMA in the aftermaths of Hurricanes Katrina and Rita. Rather, Giles Industries, Inc. and SunRay RV, LLC merely purchased the assets, and not the liabilities, of other corporate entities that did. A similar motion for summary judgment was filed by Giles Industries, Inc. and SunRay RV, LLC pertaining to the AMC (Rec. Doc. 295-2) which prompted the PSC to "amend in new corporate entites unrelated to Giles Industries, Inc. and SunRay RV, LLC" in the First Supplemental and Amended AMC (Rec. Doc. 379). *See* July 17, 2008 Order (Rec. Doc. 541) (recognizingthat, the "First Supplemental and Amended Master Complaint (Pacer No. 379) . . . dismisses Giles Industries, Inc. . . . and SunRay RV, LLC . . . from the AMC and the *Pujols* complaints.").

[2] This Motion to Dismiss does not refer to a Pacer reference number as it appears that there is no Pacer reference number for the *Laney* Complaint.

specific manufacturer of any housing unit, Plaintiffs have failed to satisfy their burden of establishing Article III standing against the Defendants, and thus this Court does not have subject matter jurisdiction over Plaintiffs' claims against the Defendants.

2.    Second, Plaintiffs have improperly joined whatever individual claim each may theoretically have against a defendant with claims that other plaintiffs may or may not have against other defendants and have failed to demonstrate any common evidentiary link between either Plaintiffs' claims or the Defendants.  Accordingly, the claims levied against the Defendants solely as members of the "industry" should be dismissed.

3.    Third, the Defendants assert, adopt and incorporate many standard Rule 12 defenses and expressly join in other such motions filed concurrently herewith, including:

- Failure to State a Claim Upon Which Relief May Be Granted;

- Failure of Service of Process;

- Insufficiency of Service of Process;

- Lack of Personal Jurisdiction;

- Improper Venue;

- Inconvenient Venue;

- Plaintiffs' "failure to warn" claim under the Louisiana Products Liability Act fails as a matter of law as to the manufactured housing defendants. As Plaintiffs' counsel admits in the Amended AMC, HUD mandated a warning concerning formaldehyde exposure and promulgated the text of the warning in the Code of Federal Regulations. Under *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380 (1947), all persons are charged with constructive knowledge of the published federal laws, rules and regulations. Under Louisiana Civil Code Article 5, no person may claim ignorance of the law. Even if one or more of the Plaintiffs could demonstrate that there was no HUD-mandated warning posted in one of the manufactured houses, the Plaintiffs' claim of a failure to warn would still fail as a matter of law because they are charged with knowledge of the warning in any event because it is published in the Code of Federal Regulations.; and

2

· Federal Rule of Civil Procedure Rule 12(B) Preservation Lists Filed on Behalf of Existing Defendants.

WHEREFORE, for the reasons stated in the attached memorandum and by incorporation and adoption of the motions to dismiss filed by all other defendants, the Defendants respectfully request that this Court dismiss them from this action.

Respectfully submitted,

*/s James Carroll*
James K. Carroll
One of the Attorneys for Defendants

**OF COUNSEL:**

FOWLER RODRIGUEZ VALDES-FAULI
400 Poydras Street, 30th Floor
New Orleans, Louisiana 70130
Telephone: 504-523-2600
Fax: 504-523-2705

- and -

Lee E. Bains, Jr.
Thomas W. Thagard, III
Edward A. "Ted" Hosp
Edward S. Sledge IV
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2616
Telephone: (205) 254-1000
Fax: (205) 254-1999

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 1, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document by first-class mail to all counsel of record who are non-CM/ECF participants.

                                */s James Carroll*
                                Of Counsel

01717845.1