**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | ) | **MDL NO. 07-1873** |
| FORMALDEHYDE | ) | |
| PRODUCT LIABILITY LITIGATION | ) | **SECTION "N-4"** |
| | ) | |
| | ) | **JUDGE ENGELHARDT** |
| | ) | |
| **THIS DOCUMENT RELATES TO:** | ) | **Magistrate Judge Alma L. Chasez** |
| *Laney v. The United States of America*, | ) | |
| **No. 08-4630** | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**
**ON BEHALF OF GILES INDUSTRIES, INC.,**
**SOUTHERN ENERGY HOMES, INC., AND SUNRAY RV, LLC**

Defendants Southern Energy Homes, Inc., Giles Industries, Inc., and SunRay RV, LLC[1] (the "Defendants") respectfully submit this memorandum in support of their motion to dismiss the Complaint filed in *Laney v. The United States of America,* Docket No. 08-4630 (the "*Laney* Complaint").

## INTRODUCTION

In its August 1, 2008 Order and Reasons (Rec. Doc. 599) (the "August 1st Order") this Court granted the Defendants' Motion to Dismiss the Administrative Master Complaint (the "Original AMC") (Rec. Doc. 259), finding that the plaintiffs lacked standing because "no

---

[1] As set forth in Giles Industries, Inc.'s and SunRay RV, LLC's Memorandum in Support of Motion for Summary Judgment which will be filed shortly hereafter, Giles Industries, Inc. and SunRay RV, LLC did not manufacture or sell any housing units to FEMA or that ultimately ended up being sold to FEMA in the aftermaths of Hurricanes Katrina and Rita.  Rather, Giles Industries, Inc. and SunRay RV, LLC merely purchased the assets, and not the liabilities, of other unrelated corporate entities that did.  A similar motion for summary judgment was filed by Giles Industries, Inc. and SunRay RV, LLC pertaining to the AMC  (Rec. Doc. 295-2) which prompted the PSC to "amend in new corporate entites unrelated to Giles Industries, Inc. and SunRay RV, LLC" in the First Supplemental and Amended AMC (Rec. Doc. 379). *See* July 17, 2008 Order (Rec. Doc. 541) (recognizing that, the "First Supplemental and Amended Master Complaint (Pacer No. 379) . . . dismisses Giles Industries, Inc. . . . and SunRay RV, LLC . . . from the AMC and the *Pujols* complaints.").

plaintiff is matched to any specific Newly-Added Defendant." *See* August 1st Order, p. 11. Specifically, this Court held that the Original AMC was "deficient because it fails to include allegations that any particular plaintiff lived in any particular housing unit or was harmed by a specific manufacturer of any housing unit." *See* August 1st Order, p. 9.  Because the *Laney* Complaint -- like the Original AMC -- fails to allege that any particular plaintiff lived in any particular housing unit or was harmed by a particular manufacturer of any housing unit, it too is deficient and the Defendants should therefore be dismissed.

In addition, the plaintiffs in the *Laney* Complaint have also improperly joined whatever individual claim each may theoretically have against a specific Defendant with claims that other plaintiffs may or may not have against other Defendants and have failed to demonstrate any common evidentiary link between either Plaintiffs' claims or the Defendants.[2]

Finally, the Defendants herein assert many standard Rule 12 defenses and expressly join in those presented in motions to dismiss filed by other Defendants.  Accordingly, and by incorporation and adoption of the motions to dismiss filed by all other Defendants, the Defendants respectfully request that this Court dismiss them from this action.

## STATEMENT OF MATERIAL FACTS

For purposes of this motion, the relevant pleading facts are simple and uncontested.

The *Laney* Complaint, filed on October 31, 2008, purports to be a class action on behalf of persons who, for any length of time, resided in travel trailers, park models, and/or manufactured homes (hereinafter collectively, "housing units") provided by FEMA within the state of Louisiana after Hurricanes Katrina and Rita in August and September 2005. *See Laney v.*

---

[2]  Plaintiffs' complaint might be likened to "all automobile drivers in the U.S." suing "all automobile manufacturers in the U.S." for any injuries sustained as a result of driving the automobiles.  This would prima facie constitute improper joinder.

01718165.1

*The United States of America*, No. 08-4630.  Plaintiffs generally allege injuries attributable to purportedly high levels of formaldehyde contained in the housing units. *Id.*   The *Laney* Complaint does not identify which Plaintiff resided in any particular housing unit manufactured by any particular Defendant.  Similarly, the *Laney* Complaint does not allege that any particular Plaintiff was harmed by a specific manufacturer of any housing unit.  As such, the *Laney* Complaint does not allege that any of the Plaintiffs ever resided in a housing unit constructed by a Defendant, nor that any act or omission by a specific Defendant proximately caused any harm to any of the Plaintiffs.

## MOTION TO DISMISS STANDARD

In 2007, the United States Supreme Court significantly altered the standard for federal courts to use in deciding a motion to dismiss.  *See Bell Atlantic v. Twombly,* 127 S. Ct. 1955 (2007) ("*Twombly*").  Pre-*Twombly*, claims were dismissed only if the court found that a plaintiff could prove "no set of facts" that would entitle him to relief.  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).  *Twombly* retired the *Conley* "no set of facts" language, *Twombly*, 127 S. Ct. at 1969 ("[t]he phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard."), and ushered in a new "plausible claim" pleading standard.  *Id.* at 1974.   The Supreme Court held in *Twombly* that in order to survive a motion to dismiss, a plaintiff cannot simply set forth conclusory allegations of the bare elements of a cause of action.  *Id*. at 1964-65 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .  Factual allegations must be enough to raise a right to relief above the speculative level . . . .") (citations omitted).  Instead, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly,* 127 S. Ct. at 1965 n.3.  A plaintiff must

allege "enough facts to . . . . nudge[] [his] claims across the line from conceivable to plausible" in order to prevent the dismissal of the complaint.  *Id*. at 1974.[3]

## ARGUMENT

### I.    PLAINTIFFS LACK ARTICLE III STANDING TO ASSERT CLAIMS AGAINST THE DEFENDANTS.

As noted above, among the forty-seven (47) identified Plaintiffs in this case, not a single one alleges he or she ever lived in a specific housing unit manufactured by a specific Defendant. *See Laney v. The United States of America*, No. 08-4630.  What's more, not a single Plaintiff alleges a specific physical injury, much less that this specific injury was proximately caused by a specific Defendant.  In sum, the Complaint pleads **absolutely no connection** between the Defendants and any of the named Plaintiffs.  Instead, **all** of the Plaintiffs attempt to collectively plead against all Manufacturing Defendants, including the Defendants, various "product liability" claims under the Louisiana Products Liability Act, including failure to warn and breach of express warranty.  As set forth below, all of these claims against the Defendants should be dismissed.

In its August 1st Order, this Court found that the named plaintiffs in the Original AMC failed to satisfy their burden of proof of establishing Article III standing where the plaintiffs failed to allege that they ever lived in a specific housing unit manufactured by a specific Manufacturing Defendant:

> Also pertinent to this [standing] inquiry is the Fifth Circuit's ruling in *Audler v. CBC Innovis, Inc.*, 519 F.3d 239 (5th Cir. 2008), wherein the named plaintiffs claims against one defendant, with which he had dealings, were dismissed by the

---

[3]  The Fifth Circuit has subsequently embraced Twombly's "plausible claim" requirement.  See *e.g., Guidry v. American Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) ("*Guidry*") ("The plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face'") (citing *Twombly*); *Samford v. Staples*, 249 Fed. Appx. 1001, 1003-04 (5th Cir. 2007) (holding conclusory allegations insufficient to overcome motion to dismiss under Twombly).

4

district court.  On appeal, the question for the Fifth Circuit became whether the named plaintiff could have Article III standing against the remaining defendants with which he had not dealt.  The Fifth Circuit found that the named plaintiff lacked standing, and dismissed the appeal. *Id*. at 248.  Since the remaining defendants had no dealing with the named plaintiff, the Fifth Circuit ruled that the class defendants "have caused [the named plaintiff] no cognizable injury." *Id*. at 247.  According to the Court, the named plaintiff "lacks standing to bring claims against any Defendant other than [the defendant with which he dealt]." *Id*.  Here, the named Plaintiffs have similarly not set forth allegations sufficient and specific enough to establish that any of them has Article III standing to pursue claims against any of the Newly-Added Defendants.

Thus, the Court finds that the AMC is deficient because it fails to include allegations that any particular plaintiff lived in any particular housing unit or was harmed by a specific manufacturer of any housing unit. *See Audler*, 519 F.3d 239.  Standing is an irreducible constitutional minimum that is a threshold inquiry to adjudication.  The Court cannot simply ignore the fact that, at this point in time, sufficient facts have not been alleged to show that standing exists.

August 1st Order, p. 9.

Much like the Original AMC, in the case at bar, not a single Plaintiff alleges that he or she ever lived in a specific housing unit manufactured by a specific Defendant.  Similarly, not a single Plaintiff has alleged that he or she was harmed as a proximate result of any action or omission on the part of a specific Defendant.  Obviously therefore, the *Laney* Complaint -- like the Original AMC -- does not set forth allegations sufficient and specific enough to establish that any Plaintiff has Article III standing against any Defendant.  As a result, the Plaintiffs have necessarily failed to satisfy their burden of establishing Article III standing as to the Defendants, and thus this Court does not have subject-matter jurisdiction over the claims by the Plaintiffs against the Defendants.

1)      **Plaintiffs' Allegations Patently Fail to Satisfy The Constitutionally Minimum Requirements for Article  III Standing.**

a)      <u>Law Regarding Standing</u>

The United States Constitution limits the jurisdiction of the federal courts to "Cases" and "Controversies."  U.S. Const., art. III, § 2, cl. 1.   One of the "landmarks, setting apart the 'Cases' and 'Controversies' that are of the justiciable sort referred to in Article III . . . is the doctrine of standing.  . . . [T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) ("*Lujan*") (citations omitted).   In *Allen v. Wright*, 468 U.S. 737, 752 (1984) ("*Allen*"), the United States Supreme Court explained:  "Typically, . . . the standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted."

The Fifth Circuit has explained that Article III standing presents a threshold issue because "it determines the court's fundamental power to even hear the suit." *Rivera v. Wyeth-Ayerst Laboratories*, 283 F.3d 315, 319 (5th Cir. 2002) ("*Rivera*"); *Lewis v. Knutson*, 699 F.2d 230, 237 (5th Cir. 1983) ("Since plaintiff must satisfy the case or controversy requirement of Article III to properly invoke the court's jurisdictional powers, standing must be resolved as a preliminary matter").

As a result, "[a] FED. R. CIV. P. 12(b)(1) motion for lack of subject matter . . . jurisdiction must be considered by the district court before other challenges 'since the court must find jurisdiction before determining the validity of a claim.'"  *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (citation omitted); *accord Ford v. NYL Care Health Plans of the Gulf Coast, Inc.*, 301 F.3d 329, 332 n.1 (5th Cir. 2002) ("*Ford*") (recognizing "the fundamental point that wherever possible, Article III standing must be addressed before all other

issues 'because it determines the court's fundamental power even to hear the suit.'") (*citing Rivera*, 283 F.3d at 319).

The Fifth Circuit has repeatedly ruled that federal courts must sua sponte determine whether a named plaintiff has Article III standing, even in the absence of a party's challenge. In a recent en banc decision, the Fifth Circuit dismissed a case for lack of standing by the named plaintiff and explained that, "[s]tanding is a jurisdictional requirement . . . . A federal court must consider its jurisdiction sua sponte." *Doe v. Tangipahoa Parish School Board*, 494 F.3d 494, 496 n.1 (5th Cir. 2007) (en banc) ("*Doe*"); accord Ford, 301 F.3d at 331-32 ("Although Article III constitutional standing was not raised by the parties or considered by the district court, we must -- where necessary -- raise it sua sponte.").

Indeed, it is well settled that "[w]ithout jurisdiction the court cannot proceed at all in any case. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to a court is that of announcing the fact and dismissing the cause." *Hix v. U.S. Army Corps of Engineers*, 155 Fed. Appx. 121, 127 (5th Cir. 2005) (*quoting Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1995)). As this Court recognized in its August 1st Order,

> The standing doctrine is a threshold inquiry to adjudication, which defines and limits the rule of the judiciary. *McClure v. Ashcroft*, 335 F.3d 404, 408 (5th Cir. 2003) (citing *Warth*, 422 U.S. at 517-18). It is well settled that unless a plaintiff has standing, a federal district court lacks subject matter jurisdiction to address the merits of the case. In the absence of standing, there is "no case or controversy" between the plaintiff and defendant which serves as the basis for the exercise of judicial power under Article III of the constitution. *Warth*, 422 U.S. at 498-499. The Key question is whether the plaintiff has "alleged such a personal stake in the outcome of the controversy" as to warrant federal court jurisdiction. *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962).

August 1st Order, p. 4.

b)      Plaintiffs Have Failed to Satisfy Their Burden of Proof of Establishing Article III Standing Because No Plaintiff Is "Matched" to Any Specific Defendant.

With respect to a standing challenge, the United States Supreme Court has made clear -- "[t]he party invoking federal jurisdiction bears the burden of establishing the elements of standing." *Lujan*, 504 U.S. at 561.  Following suit, the Fifth Circuit recognizes "the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States of America*, 281 F. 3d 158, 161 (5th Cir. 2001) (citations omitted) (emphasis added); Rivera, 283 F.3d at 318 ("The Plaintiffs, as the party invoking federal jurisdiction, bear the burden of establishing the[] elements" of constitutional standing).  In *Ford*, the Fifth Circuit explained that "'[t]he party invoking federal jurisdiction' . . . bears the burden of proof in establishing all three elements [of standing].  'Failure to establish any one [of them] deprives the federal courts of jurisdiction to hear the suit." *Ford*, 301 F.3d at 332 (citations omitted).  This is so during all phases of litigation, including before class certification is considered. *Rivera*,  283 F.3d at 320 ("[t]he district court erred by not demanding such a showing [of standing] before it certified the class.").

The United States Supreme Court has explained that three elements must be met in order to satisfy the constitutional minimum of standing:

> First, the plaintiff must have suffered an "injury in fact" -- an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'"  Second, there must be a causal connection between the injury and the conduct complained of -- the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court."  Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan*, 504 U.S. at 560-61 (citations omitted); *See also* August 1st Order, p. 4 ("The "irreducible constitutional minimum of standing contains three elements": "[T]he plaintiff must have suffered

an injury in fact," "there must be a causal connection between the injury and the conduct complained of," and "it must be likely . . . that the injury will be redressed by a favorable decision.").  Failure to establish any one of these three elements "deprives the federal court of jurisdiction to hear the suit." August 1st Order, p. 4.

Given these three requirements for Article III standing, every plaintiff must make a plausible showing that he personally suffered some actual or threatened injury as a proximate result of some improper conduct of a specific defendant.  *See Valley Forge*, 454 U.S. at 472. The United States Supreme Court has explained that "the constitutional limits on standing eliminate claims in which the plaintiff has failed to make out a case or controversy between himself and the defendant."  *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 99 (1979); *see also Weiner v. Bank of King of Prussia*, 358 F. Supp. 684, 690 (E.D. Pa. 1973) (dismissing plaintiff's case against nineteen defendants with whom plaintiff had had no interaction and noting that "[i]t is a fundamental principle of law that a plaintiff must demonstrate injury to himself by the parties whom he sues before that plaintiff can successfully state a cause of action").  Where the parties in question have had no dealings with one another, the named defendant can necessarily have taken no action that injured the plaintiff.

    **2)**    **Plaintiffs Have No Standing As Class Representatives.**

        a)    <u>Class Allegations Do Not Cure Article III Deficiencies.</u>

In an effort to sidestep their individual constitutional pleading requirements (which they clearly have not met), Plaintiffs attempt to present their case as a purported class action, but this "approach" does not cure Plaintiffs' lack of standing.  *See Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976).  The Fifth Circuit has explained that, "[i]nclusion of class action allegations in a complaint does not relieve a plaintiff of himself meeting the requirements

for constitutional standing . . . .   If the plaintiff has no standing individually, no case or controversy arises." *Brown v. Sibley*, 650 F.2d 760, 771 (5th Cir. 1981) (standing is an inherent prerequisite to the class certification inquiry); *see also In re: Reliant Energy ERISA Litigation*, 336 F. Supp. 2d 646, 653 (S.D. Tex. 2004) ("A potential class representative must demonstrate individual standing *vis à vis* the defendant; he cannot acquire such standing by virtue of bringing a class action.").   Moreover, whether a named plaintiff has standing must be considered on a claim-by-claim basis.  *See Dallas Gay Alliance, Inc. v. Dallas County Hospital District*, 719 F. Supp. 1380, 1386 (N.D. Tex. 1989) ("The standing requirement of Article III must be analyzed and applied issue by issue. . . . [E]ach named Plaintiff must establish the requisite case-or-controversy in order to represent himself or any other members of the putative class.").[4]

Where a named plaintiff in a class action fails to allege a present injury or a sufficiently concrete threat of injury from each defendant, there is no case or controversy with regard to that defendant.  *See O'Shea v. Littleton*, 414 U.S. 488, 493-95 (1974).  Each plaintiff must allege and show that as to each claim he has personally been injured, not merely alleging that injury has been suffered by other, unidentified members of a purported class to which he belongs and which he purports to represent.  *Blum v. Yaretsky*, 457 U.S. 991, 1001 n.13 (1982).  Accordingly, unless a named Plaintiff can demonstrate the requisite case or controversy between himself and a specific Defendant, that Plaintiff may not  "seek relief on behalf of himself or any other member

---

[4] As this Court recognized in its August 1st Order,

> [A]t least in this Circuit, the general rule that 'standing is an inherent prerequisite to the class certification inquiry," still applies. *Rivera*, 283 F.3d at 319 (*quoting Bertulli v. Indep. Ass'n of Cont'l Pilots*, 242 F.3d 290, 294 (5th Cir. 2001)).  Here, the Defendants' Motion to Dismiss for lack of standing could and would have been filed regardless of the inclusion of class allegations because the named Plaintiffs -- individually -- have not alleged facts sufficient to establish Article III standing.  This, it is proper for standing to be addressed now, at the pre-certification stage.

August 1st Order, p. 7.

of the class." *O'Shea*, 414 U.S. at 494.[5]

        b)      <u>Courts in the Fifth Circuit and Across the Country Agree That Class Allegations Alone Do Not Create Standing.</u>

The Fifth Circuit and this Honorable Court were recently faced with precisely the same Article III standing issue in *Audler v. CBC Innovis, Inc.,* 519 F.3d 239 (5th Cir. 2008) ("*Audler*").  In *Audler*, a Louisiana homeowner, whose property was damaged by floodwaters from Hurricane Katrina, brought a purported class action lawsuit against the company that provided flood zone determinations to his lender as well as against nineteen other defendants alleged to have been in the same business.  The named plaintiff had no dealings with nineteen of the defendants ("Class Defendants") that were named in the purported class action complaint. The class defendants filed a motion to dismiss asserting, *inter alia*, lack of standing.  *Id.* at 247. This Court granted the motion to dismiss filed by the single defendant with which the Named Plaintiff had dealings (CBC Innovis, Inc.), dismissed all defendants from the lawsuit, and denied all other pending motions as moot.  *Id.*  On appeal, two of the Class Defendants filed a motion to dismiss the appeal for lack of standing by the Named Plaintiff.  *Id.*  The Fifth Circuit explained that "[b]ecause standing is a jurisdictional requirement, we must address it before considering the merits of [a] claim."  *Id.* at 247-48.  The Fifth Circuit granted the motion to dismiss the appeal, dismissed the Named Plaintiff's claims against the Class Defendants, and ruled that the Named

---

[5] The fact that the identified Plaintiffs attempt to assert state common law claims against Defendants does not change the analysis.  Federal Courts are clear that states may not enlarge the scope of Article III standing.  *See Transcontinental Gas Pipeline Corp. v. Dakota Gasification Co.*, 782 F. Supp. 336, 340 (S.D. Tex. 1991) (noting that "subject matter jurisdiction can neither be granted nor destroyed by state law"); *see also Beach v. Owens-Corning Fiberglass Corp.*, 728 F.2d 407, 409 (7th Cir. 1984) ("State law cannot be construed to enlarge or contract federal jurisdiction"); *Begay v. Kerr-McGee Corporation*, 682 F.2d 1311, 1315 (9th Cir. 1982) (noting that states "have no power to enlarge or contract the federal jurisdiction") (internal quotation marks omitted)).  Accordingly, even assuming *arguendo* that a plaintiff meets the requirements to bring a suit under a state statute or a common law claim, such a plaintiff must still meet the requirements of Article III standing in order to assert that claim in federal court.

Plaintiff's "claims against the Class Defendants . . . must be dismissed for lack of standing." *Id.* at 248 (citations omitted).[6]  The Fifth Circuit explained as follows:

> Ordinarily, under the general principles of standing, "a litigant may not merely 'champion the rights of another.'"   Instead, "a plaintiff's complaint must establish that he has a 'personal stake' in the alleged dispute, and that the alleged injury suffered is particularized as to him."

*Id.* at 248 (citations omitted).

The same result from *Audler* applies here.[7]  The Plaintiffs in this case do not have Article III standing against the Defendants.   As a result, this Court does not have subject matter jurisdiction over the claims by the Plaintiffs against the Defendants and thus, their motion to dismiss for lack of subject matter jurisdiction should consequently be granted.

The Western District of Louisiana agreed in a case eerily analogous to the present matter. *Matte v. Sunshine Mobile Homes, Inc.*, 270 F. Supp. 2d 805, 828 (W.D. La. 2003) ("*Matte*").  In *Matte,* sixteen plaintiffs brought a putative class action against two hundred and eighty-two (282) mobile home manufacturers alleging defects in mobile homes.  For all but one of the defendants, there was no named plaintiff who owned a mobile home that they manufactured.  In dismissing the other two hundred and eighty-one (281) defendants, the court held that a plaintiff who owned a mobile home manufactured by one defendant lacked standing to sue other mobile home manufacturers, explaining that "if a plaintiff lacks standing to bring an action, he does not cure

---

[6]  Since the Class Defendants had no dealings with the Named Plaintiff, the Fifth Circuit ruled that the Class Defendants "have caused [the Named Plaintiff] no cognizable injury".  *Audler*, 519 F.3d at 247.  The Fifth Circuit found that the Named Plaintiff "lacks standing to bring claims against any Defendant other than CBC Innovis, Inc." and consequently dismissed the Named Plaintiff's claims against the Class Defendants "for lack of standing."   *Id.* at 245.

[7]  By granting the motion to dismiss the appeal arising from a case that had itself been decided on a motion to dismiss, the Fifth Circuit reached its *Audler* decision on Article III standing based solely on the pleadings - *i.e.*, on the same basis that a district court would decide a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction based solely on the complaint.

the defect by creating a Rule 23 class in the hopes that some members of the class will have standing to sue the defendant." *Id.* at 826.

> Thus, a plaintiff who lacks standing to sue a defendant may not acquire such status through class representation. Standing is one of the keys necessary to open the door to the federal courthouse. Rule 23 merely provides a procedural doorstop which holds the door open for qualified class members, once it has been opened by the person or persons initially seeking entry.

*Id.* (internal citations omitted).

In addition to the Fifth Circuit and federal district courts in Louisiana, courts across the country recognize dismissal is proper when the named plaintiffs in a purported class action have no case or controversy against a defendant. *See, e.g., Jackson v. Resolution GGF Oy.*, 136 F.3d 1130, 1132 (7th Cir. 1998) (dismissing claims against Norwest, a defendant with whom the named plaintiffs had had no interaction, and noting that there "is no case or controversy between Norwest and any of the named plaintiffs, so Norwest must be dismissed as a party"); *Dunden et al. v. FirstPlus Bank et al.*, No. 408, 2002 WL 1155325, *2-3 (S.D. Ill., Apr. 29, 2002) (addressing the question of "whether the named Plaintiffs have standing to pursue their claims against the holder Defendants that have never held their notes" and stating that "clearly, the answer is no"); *Weiner v. Bank of King of Prussia*, 358 F. Supp. 684, 694 (E.D. Pa. 1973) ("A Plaintiff may not use the procedural device of a class action to boot strap himself into standing he lacks"); *Miller v. Pacific Shore Funding*, 224 F. Supp. 2d 977, 996-97 (D. Md. 2002) (noting that in "a multi-defendant action or class action, the named plaintiffs must establish that they have been harmed by each of the defendants" and dismissing the claims against defendants with whom the named plaintiffs had no contractual relationship because the "plaintiffs cannot possibly show that their injuries, such as they have suffered, are traceable to the conduct of any of these defendants").

01718165.1

Thus, federal courts have consistently rejected analogous attempts by named plaintiffs in purported class actions to assert blanket claims against multiple defendants, holding that the requirement for a plaintiff's Article III standing is not met when the alleged injury could not be attributable to any action by a named defendant.  Because none of the named Plaintiffs here allege specific injury caused by a specific Defendant, they have no Article III standing to assert a claim against any Defendant.  Accordingly, in accordance with binding Fifth Circuit Precedent and in adherence with the August 1st Order, this Court does not have subject matter jurisdiction over the claims of the Plaintiffs against the Defendants and the *Laney* Complaint must be dismissed as to each and every Defendant.

Consequently, there is no need to consider the remainder of this memorandum in support of the pending motion to dismiss.  Out of an abundance of caution, however, the Defendants will demonstrate that the *Laney* Complaint is separately and severally defective under Rule 20 of the *Federal Rules of Civil Procedure* related to joinder of party plaintiffs and defendants.

## II.  PLAINTIFFS' CLAIMS AGAINST THE DEFENDANTS ARE IMPROPERLY JOINED WITH THE CLAIMS MADE AGAINST THE ORIGINAL DEFENDANTS.

The *Laney* Complaint is also fatally flawed because Plaintiffs have improperly joined any claims that one Plaintiff might have against one Defendant with the claims that other unrelated Plaintiffs may have against other unrelated Defendants, a defect that is underscored by Plaintiffs': (1) failure to file individual complaints on behalf of individual plaintiffs against individual manufacturers against which they have actual claims; and (2) failure to file complaints in appropriate jurisdictions and venues, the effect of which has been to completely circumvent MDL transfer procedures provided for in the MDL enabling statute and the rules promulgated thereto.

01718165.1

As a threshold matter, "Rule 20 requires that a right to relief be asserted against each defendant in order to allow their joinder."  Fed. R. Civ. P. 20(a); *see also* 7 CHARLES ALAN WRIGHT & ARTHUR MILLER ET AL, FEDERAL PRACTICE AND PROCEDURE § 1657 (3d ed. 2008).  Assuming this threshold inquiry is met, Rule 20 allows for the joinder of multiple plaintiffs or defendants only when there are claims "arising out of the same transaction, occurrence, or series of transactions or occurrences . . . ."[8]   Because none of the Plaintiffs have Article III standing against the Defendants, the threshold requirement for Rule 20 joinder has not been met -- the joinder of Plaintiffs and Defendants in this matter is facially improper.  In addition, the *Laney* Complaint fails to satisfy the basic requirement that the claims by Plaintiffs against the Defendants arise from the same transaction or occurrence.[9]

### A.    Plaintiffs' Claims Do Not Arise from the Same Transaction or Occurrence.

Courts often rule that plaintiffs, who join together to file suit, fail to satisfy Rule 20 when their claims do not arise out of a single transaction or occurrence.  For example, in *Campo v. State Farm and Cas. Co.*, No. 06-2611, 2007 WL 2155792 (E.D. La., July 26, 2007), several plaintiffs, who held homeowner's policies for their residences with defendant State Farm, joined

---

[8]  Additionally, there must be "questions of law or fact common to all these persons" in the action.  FED R. CIV. P. 20(a).  Because the same transaction or occurrence requirement is clearly not met here, this Court need not decide whether Plaintiffs have also met this second requirement.

[9]  The *Laney* Complaint is a pleading "shortcut," and in addition to misjoinder, Plaintiffs' improper amalgamation of parties and claims creates innumerable other procedural problems.  For instance, venue based on the convenience of the parties and witnesses is governed by 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  For each Plaintiff's claim, there is but one manufacturing defendant – the defendant that manufactured the housing unit that allegedly harmed the particular Plaintiff.  As a result, in every instance there may be two districts in which venue would be proper: (1) the district in which the Plaintiff occupied the housing unit and his alleged harm occurred, 28 U.S.C. § 1391(a)(2); and (2) the district in which the housing unit the Plaintiff occupied was manufactured, 28 U.S.C. § 1391(a)(1)-(2).  Thus, for every Plaintiff who occupied a housing unit outside this Court's district, both the district in which the Plaintiff occupied the housing unit and the district in which the housing unit was manufactured would be more convenient for the parties and witnesses and would better serve the interest of justice as opposed to the Eastern District of Louisiana.  The *Laney* Complaint appears to intentionally ignore these very important issues in an attempt to avoid having to properly plead and file their claims.

together in a single complaint to allege that State Farm improperly adjusted and processed their claims for insurance proceeds following Hurricane Katrina.  Recognizing the plaintiffs' claims involved different properties, different insurance adjusters, different witnesses, different combinations of wind and flood, different injuries, different policies and different defenses, the court severed the claims of the improperly joined plaintiffs.  *Id.* at *3; *see also, Rohr v. Metropolitan Ins. & Cas. Co.*, No. 06-10511, 2007 WL 163037, at *3 (E.D. La., Jan. 17, 2007) (quoting *Comer v. Nationwide Mut. Ins. Co.*, No. 1:05CV436-LTD-RHW, 2006 WL 1066645, at *2 (S.D. Miss., Feb. 23, 2006) ("in another case involving 'hundreds of Plaintiffs [who were] joined in a single lawsuit, each asserting claims that ar[ose] out of damage to [different] property caused by Hurricane Katrina,' the court concluded that the Plaintiffs should be required to file separate complaints."))

Similarly, Plaintiffs in the instant case allegedly:

- Lived in different housing units in different places – *i.e.*, all Plaintiffs did not reside in a single housing unit in a single location;

- Lived in different housing unit categories – *i.e.*, Plaintiffs resided in either a travel trailer, a park model, a manufactured home, or a combination thereof;

- Lived in different housing units manufactured by different companies at different plants at different times – *i.e.*, Plaintiffs claim that nearly (40) different companies built one or more housing unit types that are at issue in this case;

- Have experienced a variety of different injuries and will presumably present different witnesses to prove their purported injuries and the remaining elements of their claims.

01718165.1

As demonstrated above, because Plaintiffs' claims are artificially levied against an entire industry, and not against a single company defendant (as was the case in *Vioxx*), they cannot satisfy Rule 20 scrutiny and are improperly joined in this action.

> **B.** **The Defendants Are Also Wrongfully Joined With The Other Defendants And With Each Other.**

Courts apply the very same "transaction or occurrence" analysis to the joinder of party defendants. *Compare* FED. R. CIV. P. 20(a)(1)(A) and 20(a)(2)(A). For example, in *Pergo, Inc. v. Alloc., Inc.*, 262 F.Supp. 2d 122 (S.D.N.Y. 2003), the owner of certain patents sued competitor-defendants for infringement, which prompted defendants' motion to sever. In granting the defendants' motion, the court held, "the fact that two parties may manufacture or sell similar products, and that the sales or production may have infringed the identical patent owned by the plaintiffs is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)." *Id.* at 128. Regardless of the manner in which any other defendant purportedly designed, manufactured, tested, marketed, distributed, licensed and sold housing units to FEMA, that has nothing to do with what each Defendant did or did not do with respect to the housing units they sold to FEMA. Consequently, Plaintiffs' efforts to attack the entire industry[10] through selected individuals, who have alleged claims against certain

---

[10] The Fifth Circuit has recognized that claims against an industry based upon the theory of market share liability are not available under the Louisiana Products Liability Act ("LPLA"), La. R.S. 9:2800.51, *et seq. Jefferson v. Lead Industries Ass'n, Inc.*, 106 F.3d 1245 (5th Cir. 1997). Similarly, courts in Alabama, Texas and Mississippi have either rejected outright or refused to apply market share liability. *See, e.g., Franklin Co. School Bd. v. Lake Asbestos of Quebec, Ltd.,* No. 84-AR-5435-NW, 1986 WL 69060, *5-6 (N.D. Ala. Feb. 13, 1986); *Spring Branch Independent School Dist. v. NL Industries, Inc.,* No. 01-02-01006-CV, 2004 WL 140403, at *4 (Tex. App., June 24, 2004) (it is "bedrock principle of Texas law that a plaintiff must identify the manufacturer of the product that allegedly injured it") (citing *Gaulding v. Celotex Corp.,* 772 S.W. 3d 66, 68 (Tex. 1989)); *Jones v. NL Industries,* No. 4:03 CV 229 MB., 2006 WL 1487026, at *2 (N.D. Miss., May 24, 2006). As such, Plaintiffs must show that a housing unit manufactured by a Defendant was the direct proximate cause of any alleged harm or damage to a specifically named Louisiana, Alabama, Texas or Mississippi Plaintiff. Otherwise, every named Plaintiff lacks standing to bring an action against every Defendant.

Defendants but not others, should fail -- any alleged mistakes made by one company, if any, has

no bearing on whether other companies did or did not make their own mistakes.

### C.      Joinder Is Improper Regardless of Class Allegations.

The fact that Plaintiffs bring this case as a class action does not cure their Rule 20

problems.  For example, in *Nassau County Ass'n of Ins. Agents, Inc. v. Aetna Life & Cas. Co.*,

497 F.2d 1151 (2d Cir. 1974) ("*Nassau County*"), four associations of insurance agents filed a

class action on behalf of their agents against one hundred and sixty-four (164) insurance

companies alleging the termination of agency contracts in violation of securities laws through the

imposition of requirements such as selling new lines of insurance, meeting higher volume

requirements, etc.  The court held that "by joining the 164 defendant companies in one action

they have failed to comply with Rule 20(a) of the Federal Rules of Civil Procedure relating to

joinder of defendants."  *Id.* at 1154.  The court recognized:

> Here there has been no showing of a right to relief arising from the
> same transaction or series of transactions.  No allegation of
> conspiracy or concert of action has been asserted.  No connection
> at all between the practices engaged in by each of the 164
> defendants has been alleged.  Their actions as charged were
> separate and unrelated, with terminations at different times for
> different reasons with regard to different agents.

*Id.*; *see also Cohen v. D.C. Nat'l Bank*, 59 F.R.D. 84, 87 (D.D.C. 1972) (in a putative class

action, "the plaintiffs may not join a defendant for the purpose of asserting a claim which is not

the claim of any named plaintiffs.").  The same is true with respect to the nearly forty (40) named

Defendants in the present case, and thus Southern Energy Homes, Inc., Giles Industries, Inc., and

SunRay RV, LLC are improperly joined in this matter.  Parties that are misjoined may be

dropped from the lawsuit. *See* FED. R. CIV. P. 21.  Thus, the only solution under Rule 21 is to

dismiss Southhern Energy Homes, Inc., Giles Industries, Inc., and SunRay RV, LLC from this action.

III.    **INCORPORATION OF ADDITIONAL GROUNDS AND DEFENSES.**

The  Defendants herein specifically adopt and join the motions and briefs presented in motions to dismiss the *Laney* Complaint filed by other Defendants and assert the following additional Rule 12 defenses:

· Failure to State a Claim Upon Which Relief May Be Granted;

· Failure of Service of Process;

· Insufficiency of Service of Process;

· Lack of Personal Jurisdiction;

· Improper Venue;

· Inconvenient Venue;

· Plaintiffs' "failure to warn" claim under the Louisiana Products Liability Act fails as a matter of law as to the manufactured housing defendants.  As Plaintiffs' counsel admits in the AMC, HUD mandated a warning concerning formaldehyde exposure and promulgated the text of the warning in the Code of Federal Regulations.  Under *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380 (1947), all persons are charged with constructive knowledge of the published federal laws, rules and regulations.  Under Louisiana Civil Code Article 5, no person may claim ignorance of the law.  Even if one or more of the Plaintiffs could demonstrate that there was no HUD-mandated warning posted in one of the manufactured houses, the Plaintiffs' claim of a failure to warn would still fail as a matter of law because they are charged with knowledge of the warning in any event because it is published in the Code of Federal Regulations.; and

· Federal Rule of Civil Procedure Rule 12(B) Preservation Lists Filed on Behalf of Existing Defendants.

01718165.1

## CONCLUSION

The *Laney* Complaint is an affront to the threshold constitutional inquiry required by Article III, directly contrary to the Fifth Circuit's holdings in *Audler*, *Summit, Federal Recovery*, and *Aetna*, and directly contrary to this Court's August 1st Order.

The Plaintiffs do not have Article III standing against the Defendants as the *Laney* Complaint fails to allege that any particular plaintiff lived in any particular housing unit or was harmed by a particular manufacturer of any housing unit.  As a result, the only appropriate action for this Court is to dismiss the Defendants from this civil action, just as the Fifth Circuit dismissed the class defendants in *Audler*, and just as this Court dismissed the Defendants from the Original AMC.

For all of the foregoing reasons, the Defendants' Motion to Dismiss should be GRANTED.

Respectfully submitted by:


*/s James Carroll*
James K. Carroll
One of the Attorneys for Defendants

**OF COUNSEL:**

Thomas W. Thagard, III
Lorrie L. Hargrove
Edward A. "Ted" Hosp
Edward S. Sledge IV
**MAYNARD, COOPER & GALE, P.C.**
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2616
Telephone 205-254-1000
Fax: 205-254-1999

James K. Carroll (#3898), T.A.
Stephanie D. Skinner (#21100)
Kati Cox Weaver (#30878)
**FOWLER RODRIGUEZ VALDES-FAULI**
400 Poydras Street, 30th Floor
New Orleans, Louisiana 70130
Telephone: 504-523-2600
Fax: 504-523-2705

20

01718165.1

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document by first-class mail to all counsel of record who are non-CM/ECF participants.

*/s James Carroll*
Of Counsel

2

01718165.1