**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | ) | **MDL NO. 07-1873** |
| FORMALDEHYDE | ) | |
| PRODUCT LIABILITY LITIGATION | ) | **SECTION "N-4"** |
| | ) | |
| | ) | **JUDGE ENGELHARDT** |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | **Magistrate Judge Alma L. Chasez** |
| *Laney v. The United States of America*, | ) | |
| No. 08-4630 | ) | |

**FEDERAL RULE OF CIVIL PROCEDURE 12(B) PRESERVATION LIST**

NOW INTO COURT, through undersigned counsel, come Defendants, Southern Energy

Homes, Inc., Giles Industries, Inc., and SunRay RV, LLC[1] (the "Defendants") (the

"Defendants"), and, pursuant to Pre-Trial Order Number 4 (Rec. Doc. 130),[2] and without

prejudice to their right to assert any other allowable preliminary motions, pleadings, dispositive

motions or affirmative defenses in this or any other case in which they are subsequently named

and properly served, submit for preservation the following specific Federal Rule of Civil

Procedure Rule 12(b) dismissal grounds ("Preservation List") as they relate to the Complaint (the

---

[1] As set forth in Giles Industries, Inc.'s and SunRay RV, LLC's Memorandum in Support of Motion for Summary Judgment which will be filed shortly hereafter, Giles Industries, Inc. and SunRay RV, LLC did not manufacture or sell any housing units to FEMA or that ultimately ended up being sold to FEMA in the aftermaths of Hurricanes Katrina and Rita.  Rather, Giles Industries, Inc. and SunRay RV, LLC merely purchased the assets, and not the liabilities, of other unrelated corporate entities that did.  A similar motion for summary judgment was filed by Giles Industries, Inc. and SunRay RV, LLC pertaining to the AMC  (Rec. Doc. 295-2) which prompted the PSC to "amend in new corporate entites unrelated to Giles Industries, Inc. and SunRay RV, LLC" in the First Supplemental and Amended AMC (Rec. Doc. 379). *See* July 17, 2008 Order (Rec. Doc. 541) (recognizing that, the "First Supplemental and Amended Master Complaint (Pacer No. 379) . . . dismisses Giles Industries, Inc. . . . and SunRay RV, LLC . . . from the AMC and the *Pujols* complaints.").

[2] It is unclear the extent to which the Second Supplemental and Amended AMC (Rec. Doc. 722) supersedes, amends, and/or replaces the allegations asserted by the plaintiffs in each of the underlying actions.  Thus, out of an abundance of caution, and to ensure that relevant motions and defenses are preserved, for each underlying action in which they have been named as a party, the Defendants have listed the defenses and motions applicable to that underlying action.

"*Laney* Complaint") filed in *Laney v. The United States of America*, No. 08-4630.[3, 4]   The Defendants, hereby incorporate and adopt all the filings of the items listed in the preservation lists of all the named co-defendants in the Multi-District Litigation 07-1873 in all of the underlying cases, and all Rule 12 Motions filed by the various co-defendants, as if fully set forth at length herein as their own, including, but not limited to, the following issues:

1.  Article III Standing: Plaintiffs have failed to satisfy their burden of establishing Article III standing against the Defendants, and thus this Court does not have subject matter jurisdiction over Plaintiffs' claims against the Defendants.

2.  Improper Joinder: Plaintiffs have improperly joined whatever individual claim each may theoretically have against a Defendant with claims that other Plaintiffs may or may not have against other Defendants and have failed to demonstrate any common evidentiary link between either Plaintiffs' claims or the Defendants.  Accordingly, the claims levied against the Defendants solely as members of the "industry" should be dismissed.

3.  Rule 12(b)(3) – (a) Improper venue in any of the states whose laws are at issue in this lawsuit based on contractual forum selection clause/mandatory arbitration clause contained in the manufacturer's warranty contract, which also contractually limits the warranties; (b) Improper venue as to the Plaintiffs who reside outside the Eastern District of Louisiana.

4.  12(b)(6) - Federal law preempts state law as all units manufactured by the Defendants were in accordance with HUD's guidelines, and as such, conflicting state law provisions are preempted.

5.  12(b)(6) - Failure to state a claim upon which relief can be granted under Louisiana law inasmuch as no claimant has specifically claimed any current injury, but rather has generally claimed non-specific and unspecified current and future injury.

---

[3] The Defendants are filing this Preservation List without waiver of their Article III standing defenses, which are based on the fact that *Laney* Complaint does not identify a specific putative plaintiff who actually resided in any of the Defendants' housing units.  The Defendants respectfully reserve their right to supplement and amend this Preservation List in the future as further discovery may warrant and require, and in accordance with any and all subsequently filed or served lawsuits naming the Defendants as party defendants.

[4] This Preservation List does not refer to a Pacer reference number as it appears that there is no Pacer reference number for the *Laney* Complaint.

01718263.1

6.   12(b)(6) - Failure to state a claim upon which relief can be granted under Louisiana law to the extent that Plaintiffs later specifically seek attorneys fees under federal or state law inasmuch as such claims are precluded.

7.   12(b)(6) - Failure to state a claim upon which relief can be granted under Louisiana law to the extent that Plaintiffs specifically assert punitive damages under federal or state law inasmuch as such claims are precluded.

8.   12(b)(6) - Failure to state a claim insofar as putative Plaintiffs have not alleged and cannot prove either specific or general causation for their alleged injuries.

9.   12(b)(6) - Failure to state a claim upon which relief can be granted under Louisiana law to the extent that Plaintiffs specifically assert implied warranty claims, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

10.   12(b)(6) - Failure to state a claim upon which relief can be granted under Louisiana law to the extent that Plaintiffs specifically seek property damages, inasmuch as such claims are precluded.

11.   12(b)(6) - Failure to state a claim upon which relief can be granted under Louisiana law to the extent that Plaintiffs seek to impose joint and several and/or solidary liability upon the Defendants, inasmuch as the applicable law precludes such reapportionment of fault and there is no market-share liability; The Defendants cannot be held responsible for more than its own share of any potential damage award and is not liable for the acts, errors or omissions of any other party or non-party to this litigation.

12.   12(b)(6) - Failure to state a claim upon which relief can be granted under Louisiana law inasmuch as Plaintiff's own negligence, contributory negligence, comparative negligence, assumption of risk, negligence *per se*, gross negligence, recklessness, willfulness, strict liability, and breach of implied warranties claims bars those claims (including, but not limited to, being barred by the exclusivity provisions of the Louisiana Products Liability Act).

13.   12(b)(6) - Failure to state a claim upon which relief can be granted under Louisiana law to the extent that Plaintiffs seek injunctive relief as none of the theories invoked by Plaintiffs provide recovery for injunctive relief sought by plaintiffs and Plaintiffs have not alleged a sufficient basis to entitle them to injunctive relief.  The Defendants do not own or control any of the units at issue or where any potential Plaintiff at issue may reside.

14.   12(b)(6) – Failure to state a claim for medical monitoring damages because Plaintiffs have not alleged a present and manifest injury and to the extent that such claims are not recognized by Louisiana law.

3

15. 12(b)(6) – Plaintiffs' claims are barred by the applicable prescriptive periods and applicable statutes of limitation.

16. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that Plaintiffs specifically seek property damages insofar as such claims are precluded under Louisiana law.

17. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that Plaintiffs have not alleged actual damages and/or have failed to mitigate their damages.

18. 12(b)(2) – (a)  Lack of personal jurisdiction over the Defendants in Louisiana or any other State as there is no identified Plaintiff suing any Defendant as having been provided a unit by any Defendant within the *Laney* Complaint such that there is an ability to evaluate the propriety of the proposed venue of this Court; (b) There is no minimum contacts with Louisiana so as to warrant or allow jurisdiction over the Defendants.

19. 12(b)(4) – Inadequacy of service of process in that the *Pujol* Second Amended Complaint was not served on the proper corporate entities.

20. 12(b)(7) – Failure to join a necessary and indispensable party – the suppliers of the materials used in construction of the homes have not been added as parties;  there is a contractual indemnification provision between certain Defendants and the companies that contracted with Defendants for manufacture of such homes; (b) failure to join the manufacturers of the furniture or other FEMA mandated furnishings which contain formaldehyde.

21. 12(b)(6) – Failure to state a claim for breach of express warranty under any states law.

22. 12(b) - Failure to timely file a motion for class certification pursuant to Uniform Local Rule 23.1.

23. Rule 9(b) – Concealment, conspiracy (if any), misrepresentation, and fraud claims should be dismissed for failure to plead such claims with the requisite particularity.

24. Rule 12(b)(5) – Insufficiency of service of process.

25. Rule 12(e) – Motion for a more definite statement.

26. Rule 12(b)(6) – Failure to state a claim for injunctive relief.

27. Rule 12(b)(6) – Failure to state a claim for attorney's fees.

28. Rule 12(b)(6) – Failure to state a claim for punitive damages.

4

29. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent Plaintiffs seek damages for failure to warn about formaldehyde because Defendants complied with HUD guidelines and placed warnings in the housing units warning of the very dangers the Plaintiffs allegedly suffered.

30. All Rule 12(b) motions filed in the underlying MDL case (07-1873) by the Defendants and the co-defendants (including, but not limited to, Rec. Docs. 210, 230, 242, 243, 244, 252, 259, 416, 466, 491, 760, 761, and 767).

Finally, the Defendants respectfully assert that they preserve all defenses raised and briefed in their Motion to Dismiss the *Laney* Complaint, and the similarly situated co-defendants' Motions to Dismiss in MDL 1873 (Civil Action No. 07-1873).

Respectfully submitted,

/s James Carroll
James K. Carroll
One of the Attorneys for Defendants

**OF COUNSEL:**

Lee E. Bains, Jr.
Thomas W. Thagard, III
Edward A. "Ted" Hosp
Edward S. Sledge IV
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2616
Telephone: (205) 254-1000
Fax: (205) 254-1999

- and -

FOWLER RODRIGUEZ VALDES-FAULI
400 Poydras Street, 30th Floor
New Orleans, Louisiana 70130
Telephone: 504-523-2600
Fax: 504-523-2705

01718263.1

**<ins>CERTIFICATE OF SERVICE</ins>**

I hereby certify that on December 1, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document by first-class mail to all counsel of record who are non-CM/ECF participants.

*/s James Carroll*
Of Counsel

01718263.1