UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE * MDL NO. 07-1873
PRODUCT LIABILITY LITIGATION *
 *
 * SECTION N-4
 *
THIS DOCUMENT IS RELATED TO: *Culler*, 07- * JUDGE ENGELHARDT
4018; *Meshack*, 08-92; *Pujol*, 08-3217; *White*, 08-141; *
*Laney*, 08-4630. * MAGISTRATE ROBY
 *
*********************************************

LAYTON HOMES CORPORATION'S
FIRST AMENDED PRESERVATION OF DEFENSES

  Defendant Layton Homes Corporation ("Layton") respectfully submits the following list of defenses to be preserved in the following actions pending in this multi-district litigation. Layton reserves the right to amend or supplement these defenses and to file appropriate preliminary pleading and dispositive and other motions in the following cases and in any other cases in which it has been or will be named and properly served.

**Jerome Anthony Culler, et al. v. Gulf Stream Coach, Inc., et al, No. 07-4018, Eastern District of Louisiana**:

  Layton has not been served in this action and objects to being required to provide any response at this time. Because Layton has been named in this action, however, Layton provides

the following defenses subject to the defenses of insufficient service of process, insufficient process, and lack of personal jurisdiction:

1.   Plaintiffs fail to establish that the court has subject matter jurisdiction over their claims.

2.   Plaintiffs lack standing.

3.   Plaintiffs fail to state a claim upon which relief under the products liability laws of Alabama, Louisiana, Mississippi, and/or Texas.

4.   The claims against Layton are barred by the applicable statute of limitations, prescriptive and peremptive periods, and/or laches.

5.   Each plaintiff's negligence contributed to their alleged injury.

6.   Plaintiffs fail to state a claim for medical monitoring damages because they have not alleged a specific or manifest injury.

7.   Plaintiffs fail to state a claim for attorney's fees and costs.

8.   Plaintiffs fail to state a claim for punitive damages.

9.   Plaintiffs fail to state a claim for property damages.

10.   Plaintiffs fails to state a claim for injunctive relief.

11.   Plaintiffs' theory of joint and several liability, or market share liability, is precluded by applicable law.

12.   Plaintiffs have failed to plead fraud or misrepresentation with particularity.

13.   The claims asserted by plaintiffs are barred by the doctrines of waiver, ratification, unclean hands and/or estoppel.

14.   The claims asserted by plaintiffs are barred by the principles of res judicata and/or collateral estoppel.

15.   The claims asserted by plaintiffs should be dismissed, or alternatively, his damages (the existence of which damages is denied) should be reduced due to each plaintiff's own negligent conduct, lack of care, comparative fault, breaches of contract, fraud or legal fault.

16.   Plaintiffs have not sustained any damages proximately caused by Layton.

17.   Any damages sustained by plaintiffs (the existence of which damages is denied) were the result of acts or omissions of parties other than Layton for which Layton is not legally responsible.

756343.1

18.     Some or all of plaintiffs' claims may be subject to binding arbitration.

***Charles Meshack, et al v. Circle B Enterprises, et al*, No. 08-92, Southern District of Mississippi**:

Layton has not been served in this action and objects to being required to provide any response at this time.  Because Layton has been named in this action, however, Layton provides the following defenses subject to the defenses of insufficient service of process, insufficient process, and lack of personal jurisdiction:

1.     Plaintiffs fail to establish that the court has subject matter jurisdiction over their claim.

2.     Plaintiffs lack standing.

3.     Plaintiffs fail to state a claim upon which relief under the products liability laws of Alabama, Louisiana, Mississippi, and/or Texas.

4.     The claims against Layton are barred by the applicable statute of limitations, prescriptive and peremptive periods, and/or laches.

5.     Each plaintiff's negligence contributed to their alleged injury.

6.     Plaintiffs fail to state a claim for medical monitoring damages because they have not alleged a specific or manifest injury.

7.     Plaintiffs fail to state a claim for attorney's fees and costs.

8.     Plaintiffs fail to state a claim for punitive damages.

9.     Plaintiffs fail to state a claim for property damages.

10.     Plaintiffs fails to state a claim for injunctive relief.

11.     Plaintiffs' theory of joint and several liability, or market share liability, is precluded by applicable law.

12.     Plaintiffs have failed to plead fraud or misrepresentation with particularity.

13.     The claims asserted by plaintiffs are barred by the doctrines of waiver, ratification, unclean hands and/or estoppel.

14.     The claims asserted by plaintiffs are barred by the principles of res judicata and/or collateral estoppel.

15.     The claims asserted by plaintiffs should be dismissed, or alternatively, each plaintiff's damages (the existence of which damages is denied) should be reduced due to each plaintiff's own negligent conduct, lack of care, comparative fault, breaches of contract, fraud or legal fault.

16.     Plaintiffs have not sustained any damages proximately caused by Layton.

17.     Any damages sustained by plaintiffs (the existence of which damages is denied) were the result of acts or omissions of parties other than Layton for which Layton is not legally responsible.

18.     Some or all of plaintiffs' claims may be subject to binding arbitration.

### *Stephanie G. Pujol v. The United States of America, et al*, No. 08-3217, Eastern District of Louisiana

1.      Plaintiffs fail to establish that the court has subject matter jurisdiction over their claim.

2.      Plaintiffs lack standing.

3.      Plaintiffs fail to state a claim upon which relief under the products liability laws of Alabama, Louisiana, Mississippi, and/or Texas.

4.      The claims against Layton are barred by the applicable statute of limitations, prescriptive and peremptive periods, and/or laches.

5.      Each plaintiff's negligence contributed to their alleged injury.

6.      Plaintiffs fail to state a claim for medical monitoring damages because they have not alleged a specific or manifest injury.

7.      Plaintiffs fail to state a claim for attorney's fees and costs.

8.      Plaintiffs fail to state a claim for punitive damages.

9.      Plaintiffs fail to state a claim for property damages.

10.     Plaintiffs fails to state a claim for injunctive relief.

11.     Plaintiffs' theory of joint and several liability, or market share liability, is precluded by applicable law.

12.     Plaintiffs have failed to plead fraud or misrepresentation with particularity.

13.     The claims asserted by plaintiffs are barred by the doctrines of waiver, ratification, unclean hands and/or estoppel.

14. The claims asserted by plaintiffs are barred by the principles of res judicata and/or collateral estoppel.

15. The claims asserted by plaintiffs should be dismissed, or alternatively, each plaintiff's damages (the existence of which damages is denied) should be reduced due to each plaintiff's own negligent conduct, lack of care, comparative fault, breaches of contract, fraud or legal fault.

16. Plaintiffs have not sustained any damages proximately caused by Layton.

17. Any damages sustained by plaintiffs (the existence of which damages is denied) were the result of acts or omissions of parties other than Layton for which Layton is not legally responsible.

18. Some or all of plaintiffs' claims may be subject to binding arbitration.

***Betty White, et al v. Circle B Enterprises, et al*, No. 08-141, Southern District of Alabama**.

Layton has not been served in this action and objects to being required to provide any response at this time.  Because Layton has been named in this action, however, Layton provides the following defenses subject to the defenses of insufficient service of process, insufficient process, and lack of personal jurisdiction:

1. Plaintiffs fail to establish that the court has subject matter jurisdiction over their claims.

2. Plaintiffs lack standing.

3. Plaintiffs fail to state a claim upon which relief under the products liability laws of Alabama, Louisiana, Mississippi, and/or Texas.

4. The claims against Layton are barred by the applicable statute of limitations, prescriptive and peremptive periods, and/or laches.

5. Each plaintiff's negligence contributed to their alleged injury.

6. Plaintiffs fail to state a claim for medical monitoring damages because they have not alleged a specific or manifest injury.

7. Plaintiffs fail to state a claim for attorney's fees and costs.

8. Plaintiffs fail to state a claim for punitive damages.

9. Plaintiffs fail to state a claim for property damages.

10.  Plaintiffs fails to state a claim for injunctive relief.

11.  Plaintiffs' theory of joint and several liability, or market share liability, is precluded by applicable law.

12.  Plaintiffs have failed to plead fraud or misrepresentation with particularity.

13.  The claims asserted by plaintiffs are barred by the doctrines of waiver, ratification, unclean hands and/or estoppel.

14.  The claims asserted by plaintiffs are barred by the principles of res judicata and/or collateral estoppel.

15.  The claims asserted by plaintiffs should be dismissed, or alternatively, each plaintiff's damages (the existence of which damages is denied) should be reduced due to each plaintiff's own negligent conduct, lack of care, comparative fault, breaches of contract, fraud or legal fault.

16.  Plaintiffs have not sustained any damages proximately caused by Layton.

17.  Any damages sustained by plaintiffs (the existence of which damages is denied) were the result of acts or omissions of parties other than Layton for which Layton is not legally responsible.

18.  Some or all of plaintiffs' claims may be subject to binding arbitration.

***Phyllis Laney, et al v. United States, et al*, No. 08-4630, Eastern District of Louisiana**.

1.  Plaintiffs fail to establish that the court has subject matter jurisdiction over their claims.

2.  Plaintiffs lack standing.

3.  Plaintiffs fail to state a claim upon which relief under the products liability laws of Alabama, Louisiana, Mississippi, and/or Texas.

4.  The claims against Layton are barred by the applicable statute of limitations, prescriptive and peremptive periods, and/or laches.

5.  Each plaintiff's negligence contributed to their alleged injury.

6.  Plaintiffs fail to state a claim for medical monitoring damages because they have not alleged a specific or manifest injury.

7.  Plaintiffs fail to state a claim for attorney's fees and costs.

8.  Plaintiffs fail to state a claim for punitive damages.

9.  Plaintiffs fail to state a claim for property damages.

10.    Plaintiffs fails to state a claim for injunctive relief.

11.    Plaintiffs' theory of joint and several liability, or market share liability, is precluded by applicable law.

12.    Plaintiffs have failed to plead fraud or misrepresentation with particularity.

13.    The claims asserted by plaintiffs are barred by the doctrines of waiver, ratification, unclean hands and/or estoppel.

14.    The claims asserted by plaintiffs are barred by the principles of res judicata and/or collateral estoppel.

15.    The claims asserted by plaintiffs should be dismissed, or alternatively, each plaintiff's damages (the existence of which damages is denied) should be reduced due to each plaintiff's own negligent conduct, lack of care, comparative fault, breaches of contract, fraud or legal fault.

16.    Plaintiffs have not sustained any damages proximately caused by Layton.

17.    Any damages sustained by plaintiffs (the existence of which damages is denied) were the result of acts or omissions of parties other than Layton for which Layton is not legally responsible.

18.    Some or all of plaintiffs' claims may be subject to binding arbitration.


Respectfully submitted,


/s/ Robert D. Sheesley
Larry Feldman, Jr., T.A. (LA BAR NO. 5503)
Robert D. Sheesley (LA BAR NO. 31579)
McGLINCHEY STAFFORD, PLLC
643 Magazine St.
New Orleans, LA 70130
Telephone:  (504) 586-1200
Facsimile:  (504) 596-2800

ATTORNEYS FOR LAYTON HOMES
CORPORATION

756343.1

**CERTIFICATE OF SERVICE**

  I hereby certify that on this day, a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system. Notice of this filing will be sent to all known counsel by operation of the court's electronic filing system. I also certify that I have mailed a copy of this filing to any non-CM/ECF participants by U.S. Mail, postage prepaid and properly addressed

        /s/ *Robert D. Sheesley*
        Robert D. Sheesley

756343.1