UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER       *   MDL NO. 1873
FORMALDEHYDE           *
PRODUCT LIABILITY LITIGATION   *
                           *   SECTION:  "N-4"
VERSUS

                           *   JUDGE ENGLEHARDT

THIS PLEADING REFERS TO:      *   MAGISTRATE ROBY
Phyllis Laney, et al v. The United States of America, et al
Docket No. 08-4630
*****************************************************************

LIST OF 12B MOTIONS RELATING
TO THE UNDERLYING LITIGATION FOR PRESERVATION

NOW INTO COURT, through undersigned counsel, comes Horton Homes, Inc., in

response to the Class Action Complaint, and submits the following list of defenses pursuant to

Rules 9(b) and 12(b) of the Federal Rules of Civil Procedure in the underlying lawsuit of *Phyllis*

*Laney, et al v. The United States of America, et al*, Docket No.: 08-4630, which is submitted in

addition to any joint Rule 9 and Rule 12 defenses submitted by defense liaison counsel for

preservation of these motions should the matter be remanded to the transferor Court for further

proceedings:

1.      Horton Homes, Inc. asserts pursuant to FRCP Rule 9(b) that plaintiffs' claims

           regarding concealment, conspiracy, misrepresentation, and fraud, if any, should be

           dismissed for the failure to plead such claims with particularity regarding the time,

           place, and contents of any such alleged conduct;

-1-

2.      Horton Homes, Inc. asserts pursuant to FRCP Rule 12(b)(3) improper venue because Horton Homes, Inc. does not reside within this District; a substantial part of the claims against Horton Homes, Inc. did not occur within this District; and no named plaintiff has alleged that he or she resided in or was exposed to formaldehyde in a Horton Homes, Inc. EHU located in Louisiana;

3.      Horton Homes, Inc. asserts pursuant to FRCP Rule 12(b)(6) that plaintiffs' claims are barred by the applicable prescriptive period or statute of limitation under the laws of Louisiana, Mississippi, Alabama, and/or Texas;

4.      Horton Homes, Inc. asserts pursuant to FRCP Rule 12(b)(6) the failure to state a claim upon which relief can be granted regarding injunctive relief because none of the theories of recovery asserted in the Class Action Complaint allows for injunctive relief and because Horton Homes, Inc. does not own or control any unit where a named plaintiff resides;

5.      Horton Homes, Inc., asserts pursuant to FRCP Rule 12(b)(6) the failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically seek punitive damages under federal or state law inasmuch as such claims are precluded;

6.      Horton Homes, Inc. asserts pursuant to FRCP Rule 12(b)(6) that plaintiffs fail to state a claim upon which relief can be granted to the extent they seek to impose joint and several and/or solidary liability as such claims are precluded by applicable law;

7.      Horton Homes, Inc. asserts pursuant to FRCP Rule 12(b)(6) that plaintiffs' claims regarding Breach of Express Warranty for Property Damage and Personal Injury fail under Alabama, Mississippi, Texas, and Louisiana law;

8.      Horton Homes, Inc. asserts pursuant to FRCP Rule 12(b)(6) that plaintiffs' claims sounding in Breach of Implied Warranty of Merchantability for Property Damage fail under Alabama, Mississippi, and Texas law;

9.      Horton Homes, Inc. asserts pursuant to FRCP Rule 12(b)(6) that plaintiffs' claims sounding in Breach of Implied Warranty for Fitness for a Particular Purpose for Property Damage and Personal Injury fail under Alabama, Mississippi, and Texas law;

10.     Horton Homes, Inc. asserts pursuant to FRCP Rule 12(b)(6) that plaintiffs' claims are barred by the Economic Loss Rule under Alabama, Mississippi, Texas, and Louisiana law;

11.     Horton Homes, Inc. asserts pursuant to FRCP Rule 12(b)(6) that plaintiffs' claims for Medical Monitoring are precluded by Alabama, Mississippi, Texas, and Louisiana law;

12.     Horton Homes, Inc. asserts pursuant to FRCP Rule 12(b)(6) that plaintiffs fail to state a claim because they make collective allegations that do not connect any particular plaintiff to any of the Horton Homes' units (alternatively, Horton Homes moves that the Court order plaintiffs to amend their pleadings under Rule 12(e));

13.     Horton Homes, Inc. asserts pursuant to FRCP Rule 12(b)(6) that plaintiffs fail to state a claim upon which relief can be granted because they lack standing;

14.     Horton Homes, Inc. asserts pursuant to FRCP Rule 12(b)(6) that plaintiffs fail to state a claim upon which relief can be granted for attorney's fees under Alabama, Mississippi, Texas, and/or Louisiana law under the facts alleged in the Class Action Complaint;

15.     Horton Homes, Inc. asserts pursuant to FRCP Rule 12(b)(6) that plaintiffs fail to
        state a claim upon which relief can be granted for strict liability under Louisiana
        law;

16.     Horton Homes, Inc. asserts pursuant to FRCP Rule 12(b)(6) that plaintiffs fail to
        state a claim upon which relief can be granted for property damages under by
        Alabama, Mississippi, Texas, and/or Louisiana law;

17.     Horton Homes, Inc. asserts pursuant to FRCP Rule 12(b)(6) that plaintiffs fail to
        state a claim upon which relief can be granted for compensatory damages under
        the facts alleged in the Class Action Complaint;

18.     Horton Homes, Inc. asserts pursuant to FRCP Rule 12(b)(6) that plaintiffs fail to
        state a claim upon which relief can be granted for negligence, negligence *per se,*
        gross negligence, recklessness, failure to inspect, breach of implied warranty, and
        failing to act in a prudent manner as such claims are barred by the exclusivity
        provision of the Louisiana Products Liability Act; and

19.     Horton Homes also adopts and incorporates by reference the preservation lists
        filed by other similarly-situated co-defendants regarding this matter and any other
        matter under this MDL.

WHEREFORE, Horton Homes, Inc. prays that the foregoing motions be preserved and
reserves its right to assert any other allowable preliminary pleadings, dispositive motions, or
affirmative defenses in this case or any other in which it is subsequently named and properly
served.  Defendant requests the right to brief any of the foregoing motions in full and requests the
right to oral arguments on the merits of any such motion.

Respectfully submitted,

LABORDE & NEUNER

*s/Ben L. Mayeaux*
BEN L. MAYEAUX - T.A. - #19042
CLIFFE E. LABORDE III #8062
GREGORY A. KOURY #26364
One Petroleum Center, Suite 200
1001 West Pinhook Road
Lafayette, Louisiana 70503
TELEPHONE:          (337) 237-7000
FACSIMILE:          (337) 233-9450
Attorneys for Horton Homes, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of December, 2008, a copy of the foregoing document

was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing

will be sent to all counsel of record by operation of the Court's electronic filing system.

*s/Ben L. Mayeaux*