UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 2:07-MD-1873 |
| FORMALDEHYDE | * | |
| PRODUCT LIABILITY | * | SECTION "N-4" |
| LITIGATION | * | |
| | * | JUDGE ENGELHARDT |
| This Document Relates to: | * | MAG. JUDGE CHASEZ |
| *Phyllis Laney, et al v. The United States* | * | |
| *of America, et al, NO.: 08-4630* | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**LIST OF DEFENSES AND RULE 9 AND 12 MOTIONS TO BE PRESERVED
FILED ON BEHALF OF AMERICAN HOMESTAR DEFENDANTS**

**NOW INTO COURT,** through undersigned counsel, come Defendants, American Homestar Corporation and Oak Creek Homes, LP (collectively the "American Homestar Defendants" or "these Defendants"), who, pursuant to Pretrial Order No. 4[1] and in accordance with the Federal Rules of Civil Procedure, respectfully submit the following list of defenses and Federal Rule of Civil Procedure 9 and 12 motions to be preserved in the underlying action of *Phyllis Laney et al. v. The United States of America, et al.*, originally filed in U. S. District Court,

---

[1] The American Homestar Defendants are filing this Preservation List out of an abundance of caution. Pretrial Order No. 4 (¶ 4) (MDL-1873 Doc. 130, 4/21/08) required that, by May 19, 2008, Defendants provide the Court with a list of specific defenses for each of the 20 cases then pending in the MDL. At that time, *Laney* was not one of the pending cases, and thus the American Homestar Defendants were not required to file their list of defenses before May 19, 2008. No subsequent Pretrial Order has provided a date for the listing of defenses in *Laney*. As such, The American Homestar Defendants provide this list out of an abundance of caution. The American Homestar Defendants object to the requirement to file this list as it is in violation of these Defendants' right to equal protection and due process. Until each Plaintiff identifies which defendant he or she is suing, there is no way for these Defendants to evaluate the propriety of the venue; the applicable laws under which each of these Defendants is being sued (Louisiana, Texas, Mississippi, Alabama or some combination thereof) so as to formulate the proper defenses; the subject matter jurisdiction of the court; the *in personam* jurisdiction (if any) over each of these Defendants by the court, or the viability of an Article III case or controversy as it relates to each of these Defendants, or the possibility of filing any other motions pursuant to Rule 12 of the Federal Rule of Civil Procedure. This preservation list is being filed out of an abundance of caution, and the American Homestar Defendants reserve their rights to supplement and amend this preservation list in the future as further discovery may warrant and require, and in accordance with any and all subsequently filed or served lawsuits naming the American Homestar Defendants as a party defendant.

Eastern District of Louisiana, as Civil Action No. 08-4630, and which has been transferred into Multi-District Litigation Docket 07-1873, pending in the U. S. District Court, Eastern District of Louisiana.

In accordance with the Court's direction, the American Homestar Defendants submit the following 12(b) defenses that are anticipated to be raised should this underlying matter proceed forward against these Defendants:

1. Article II Standing. Plaintiffs have failed to satisfy their burden of establishing Article III standing against the Defendants, and thus this Court does not have subject matter jurisdiction over Plaintiffs' claims against the Defendants.

2. Improper Joinder. Plaintiffs have improperly joined whatever individual claim each may theoretically have against a Defendant with claims that other Plaintiffs may or may not have against other Defendants and have failed to demonstrate any common evidentiary link between either Plaintiffs' claims or the Defendants. Accordingly, the claims levied against the Defendants solely as members of the "industry" should be dismissed.

3. Rule 12(b)(3). Improper venue as to the Plaintiffs who reside outside the Easter District of Louisiana.

4. Rule 12(b)(6). Failure to state a cause of action as Federal law expressly and impliedly pre-empts state law tort law actions against the American Homestar Defendants as all units manufactured by these Defendants were manufactured homes regulated by the U. S. Department of Housing and Urban Development (HUD).

5. Rule 12(b)(6). Failure to state a claim upon which relief can be granted to the extent the Complaint fails to identify a particular plaintiff with alleged exposure to a product manufactured by these Defendants.

6. Rule 12(b)(6). Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' negligence, negligence *per se,* gross negligence, recklessness, failure to inspect, breach of implied warranty and "failing to act in a prudent manner" claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

7. Rule 12(b)(6). Failure to state a claim for breach of implied and express warranty because implied warranty claims are not available to plaintiffs under the Louisiana Products Liability Act. Express warranty claims are available under the Louisiana Products Liability Act only if the express warranty has induced the claimant or another person or entity to use the product and the claimant's damage was proximately caused because the express warranty was untrue.

2

8. Rule 12(b)(6). Failure to state a claim upon which relief can be granted as plaintiffs' claims are prescribed under Louisiana's one year prescriptive period.

9. Rule 12(b)(6). Failure to state a claim upon which relief can be granted as plaintiffs' claims are barred because the applicable Mississippi, Texas, Alabama or other jurisdiction's applicable statute of limitations have run.

10. Rule 12(b)(6). Failure to state a claim upon which relief can be granted as plaintiffs have not alleged a specific or present manifest injury or disease resulting from the alleged exposure, nor are plaintiffs entitled to medical monitoring damages to the extent plaintiffs' seek same.

11. Rule 12(b)(6). Failure to state a claim because plaintiffs' failed to make any particularized allegations regarding their injuries and damages, and failed to make any particularized allegations connecting any particular plaintiff to conduct by any particular defendant.

12. Rule 12(b)(6). Failure to state a claim for breach of express and implied warranty under Mississippi, Texas, Alabama or any other applicable law as such claims are precluded as plaintiffs do not rely on privity of contract.

13. Rule 12(b)(6). Failure to state a claim upon which relief can be granted to the extent that plaintiffs' allege strict liability as there is no basis under Louisiana law for same.

14. Rule 12(b)(6). Failure to state a claim upon which relief can be granted to the extent plaintiffs seek to impose joint and several and/or solidary liability upon manufacturing defendants, as such claims are precluded by applicable law.

15. Rule 12(b)(6). Failure to state a claim upon which relief can be granted for attorney's fees as there is no basis under Louisiana, Mississippi, Alabama, Texas, or Federal law, and/or any other applicable law for the awarding of attorney's fees based upon the facts alleged in the complaint.

16. Rule 12(b)(6). Failure to state a claim upon which relief can be granted to the extent plaintiffs' seek property damages under Louisiana, Mississippi, Alabama, or Texas law, as plaintiffs are not entitled to recover same.

17. Rule 12(b)(6). Failure to state a claim upon which relief can be granted to the extent plaintiffs seek punitive damages as there is no basis for awarding punitive damages under the facts alleged in the complaint and applicable law.

18. Rule 12(b)(6). Failure to state a claim upon which relief can be granted to the extent plaintiffs seek compensatory damages as there is no basis for awarding same under the facts alleged in the complaint and applicable law.

19. Rule 12(b)(6). Failure to state a claim upon which relief can be granted to the extent plaintiffs seek damages pursuant to La. C.C. Arts. 2524 and 1994, 1995, and 1997, as there is no basis for awarding same under the facts alleged in the complaint and applicable law.

20. Rule 12(b)(6). Failure to state a claim for injunctive relief as there is no basis for same under the facts alleged in the complaint and applicable law.

21. Rule 12(b)(6). Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically seek property damages inasmuch as such claims are precluded under applicable law.

22. Plaintiffs lack standing as they are not the purchasers or buyers of the units at issue.

23. Rule 12(e) Motion for more definite statement of the complaint based on plaintiffs' failure to make particularized allegations about their injuries and damages and failure to make any particularized allegation about any particular defendant's alleged conduct.

24. Rule 9(b). Concealment, conspiracy, misrepresentation, and fraud claims should be dismissed for failure to plead such claims with the requisite particularity.

The American Homestar Defendant hereby preserve, adopt, and incorporate all defenses and motions to dismiss raised and briefed in the Manufacturing Defendants' Supplemental Memorandum in Support of Their Joint Rule 12(b)(6) Motion to Dismiss (Doc. 922) and the Manufacturing Defendants' Joint Rule 9(b) Motion to Dismiss. These Defendants hereby also preserve, adopt, and incorporate all defenses and motions to dismiss or other applicable items listed in the preservation lists of similarly situated co-defendants in MDL 07-1873 and in all underlying cases that have been transferred into MDL 07-1873, and all applicable Rule 12 and Rule 9 Motions filed by similarly situated co-defendants in the MDL, as if copied herein *in extenso*. These Defendants reserve the right to amend or supplement these defenses and motions to dismiss and to file any other appropriate preliminary pleadings, dispositive motions or affirmative defenses in the this case and in any other cases in which they have been or may be named as a party.

4

Respectfully Submitted,

s/ W. Evan Plauché
**W. EVAN PLAUCHÉ**
Bar No.: #21027
**JOHN T. CULOTTA**
Bar No. #17272
**DAVID C. BACH**
Bar No.: #28484
Counsel for Defendants,
**American Homestar Corporation and Oak Creek Homes, LP**
**HAILEY, McNAMARA, HALL, LARMANN & PAPALE, L.L.P.**
One Galleria Boulevard, Suite 1400
P. O. Box 8288
Metairie, Louisiana 70011-8288
Telephone: (504) 836-6500
Fax: (504) 836-6565
E-Mail: eplauche@hmhlp.com
dbach@hmhlp.com
jculotta@hmhlp.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **December 4, 2008** I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

s/ W. Evan Plauché

5