UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:   FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>         LIABILITY LITIGATION<br><br>THIS DOCUMENT IS RELATED TO<br>*Phyllis Laney v. The United States of America, et al*<br>Civil Action No. 08-4630 | MDL NO. 1873<br>SECTION "N" (4)<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE ROBY |

**LIST OF RULE 12(B) MOTIONS RELATING TO THE UNDERLYING
LITIGATION FOR PRESERVATION
ON BEHALF OF SILVER CREEK HOMES, INC.**

NOW INTO COURT, through undersigned counsel, comes Defendant SILVER CREEK HOMES, INC. (hereinafter "SILVER CREEK"), who, in response to the Class Action Complaint, and submits the following list of defenses pursuant to Rules 9(b) and 12(b) of the Federal Rules of Civil Procedure in the underlying lawsuit of *Phyllis Laney, et al v. The United States of America, et al*, Docket No.: 08-4630, which is submitted in addition to any joint Rule 9 and Rule 12 defenses submitted by defense liaison counsel for preservation of these motions should the matter be remanded to the transferor Court for further proceedings:

1. SILVER CREEK asserts pursuant to FRCP Rule 9(b) that plaintiffs' claims regarding concealment, conspiracy, misrepresentation, and fraud,

if any, should be dismissed for the failure to plead such claims with particularity regarding the time, place, and contents of any such alleged conduct;

2. SILVER CREEK asserts pursuant to FRCP Rule 12(b)(3) improper venue because SILVER CREEK does not reside within this District; a substantial part of the claims against SILVER CREEK did not occur within this District; and no named plaintiff has alleged that he or she resided in or was exposed to formaldehyde in a SILVER CREEK EHU located in Louisiana;

3. SILVER CREEK asserts pursuant to FRCP Rule 12(b)(6) that plaintiffs' claims are barred by the applicable prescriptive period or statute of limitation under the laws of Louisiana, Mississippi, Alabama and/or Texas;

4. SILVER CREEK asserts pursuant to FRCP Rule 12(b)(6) the failure to state a claim upon which relief can be granted regarding injunctive relief because none of the theories of recovery asserted in the Class Action Complaint allows for injunctive relief and because SILVER CREEK does not own or control any unit where a named plaintiff resides;

5. SILVER CREEK asserts pursuant to FRCP Rule 12(b)(6) the failure to state a claim upon which relief can be granted to the extent that

    plaintiffs specifically seek punitive damages under federal or state law inasmuch as such claims are precluded;

6. SILVER CREEK asserts pursuant to FRCP Rule 12(b)(6) that plaintiffs fail to state a claim upon which relief can be granted to the extent they seek to impose joint and several and/or solidary liability as such claims are precluded by applicable law;

7. SILVER CREEK asserts pursuant to FRCP Rule 12(b)(6) that plaintiffs' claims regarding Breach of Express Warranty for Property Damage and Personal Injury fail under Alabama, Mississippi, Texas, and Louisiana law;

8. SILVER CREEK asserts pursuant to FRCP Rule 12(b)(6) that plaintiffs' claims sounding in Breach of Implied Warranty of Merchantability for Property Damage fail under Alabama, Mississippi, and Texas law;

9. SILVER CREEK asserts pursuant to FRCP Rule 12(b)(6) that plaintiffs' claims sounding in Breach of Implied Warranty for Fitness for a Particular Purpose for Property Damage and Personal Injury fail under Alabama, Mississippi, and Texas law;

10. SILVER CREEK asserts pursuant to FRCP Rule 12(b)(6) that plaintiffs' claims are barred by the Economic Loss Rule under Alabama, Mississippi, Texas and Louisiana law;

11. SILVER CREEK asserts pursuant to FRCP Rule 12(b)(6) that plaintiffs' claims for Medical Monitoring are precluded by Alabama, Mississippi, Texas, and Louisiana law;

12. SILVER CREEK asserts pursuant to FRCP rule 12(b)(6) that plaintiffs fail to state a claim because they make collective allegations that do not connect any particular plaintiff to any of the SILVER CREEK units (alternatively, SILVER CREEK moves that the Court order plaintiffs to amend their pleadings under Rule 12(e));

13. SILVER CREEK asserts pursuant to FRCP Rule 12(b)(6) that plaintiffs fail to state a claim upon which relief can be granted because they lack standing;

14. SILVER CREEK asserts pursuant to FRCP Rule 12(b)(6) that plaintiffs fail to state a claim upon which relief can be granted for attorney's fees under Alabama, Mississippi, Texas and/or Louisiana law under the facts alleged in the Class Action Complaint;

15. SILVER CREEK asserts pursuant to FRCP Rule 12(b)(6) that plaintiffs fail to state a claim upon which relief can be granted for strict liability under Louisiana law;

16. SILVER CREEK asserts pursuant to FRCP Rule 12(b)(6) that plaintiffs fail to state a claim upon which relief can be granted for property

damages under Alabama, Mississippi, Texas and/or Louisiana law;

17. SILVER CREEK asserts pursuant to FRCP Rule 12(b)(6) that plaintiffs fail to state a claim upon which relief can be granted for compensatory damages under the facts alleged in the Class Action Complaint;

18. SILVER CREEK asserts pursuant to FRCP Rule 12(b)(6) that plaintiffs fail to state a claim upon which relief can be granted for negligence, negligence *per se*, gross negligence, recklessness, failure to inspect, breach of implied warranty, and failing to act in a prudent manner as such claims are barred by the exclusivity provision of the Louisiana Products Liability Act; and

19. SILVER CREEK also adopts and incorporates by reference the preservation lists filed by other similarly-situated co-defendants regarding this matter and any other matters under this MDL.

WHEREFORE, Defendant, SILVER CREEK HOMES, INC., prays that the foregoing motions be preserved and reserves its right to assert any other allowable preliminary pleadings, dispositive motions, or affirmative defenses in this case or any other in which it is subsequently named and properly served. Defendant requests the right to brief any of the foregoing motions in full and requests the right to oral arguments on the merits of any such motion.

*Respectfully submitted*:

    */s/ Walter K. Jamison*
**WALTER K. JAMISON, III**
Louisiana Bar No. 07229
Daigle, Jamison & Rayburn, LLC
303 W. Vermilion Street, Suite 210
Post Office Box 3667
Lafayette, LA  70502
Phone:  (337) 234-7000
Fax:  (337) 237-0344

Counsel for **SILVER CREEK HOMES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon all counsel of record participating by the CM/ECF system, and that if there are any counsel that do not participate in the CM/ECF system, a copy will be sent to such counsel by U.S. mail, postage prepaid and properly addressed, this 5th day of December, 2008.

    */s/ Walter K. Jamison*
**WALTER K. JAMISON, III**
Louisiana Bar No. 07229