**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | |
|---|---|
| **IN RE: FEMA TRAILER** | **MDL NO. 1873** |
| **FORMALDEHYDE** | |
| **PRODUCT LIABILITY LITIGATION** | **SECTION "N-4"** |
| | **JUDGE ENGELHARDT** |
| | **MAG. JUDGE CHASEZ** |

**THIS DOCUMENT IS RELATED TO ALL CASES**

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**DEFENDANT UNITED STATES' POST-HEARING MEMORANDUM IN RESPONSE**
**TO "PLAINTIFFS' MOTION FOR CLASS CERTIFICATION"**
**[Dkt. No. 764]**

## INTRODUCTION

Defendant United States submits this post-hearing memorandum in opposition to Plaintiffs' Motion for Class Certification [Dkt. No. 764]. It is axiomatic that to certify a class action, a court must possess subject matter jurisdiction over the claims of the putative class members. *See*, *e.g.*, *Amchem Prods., Inc., et al. v. Windsor, et al.*, 521 U.S. 591, 613 (1997). Despite numerous attempts, Plaintiffs have been unable to propose a class or subclass of persons whose claims against the United States would facially be subject to this Court's jurisdiction under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671-80 ("FTCA"). Plaintiffs' class and subclass definitions necessarily contain persons who have not both: (1) filed administrative claims with FEMA; and (2) sought to shift jurisdiction over their claims from FEMA to a federal court by individually filing suit against the United States. As such, the FTCA does not allow the Court to adjudicate the claims of these proposed class members. In addition, Plaintiffs' proposed subclasses based on economic loss, a medical fund for children, and issues of liability, fail under applicable law.

## ARGUMENT

**I.     The Court Lacks Jurisdiction Over The FTCA Claims Of The Proposed Class And Subclasses.**

The FTCA's limited waiver of sovereign immunity provides that no court possesses subject matter jurisdiction over a claim unless and until a claimant has filed: (1) a valid administrative claim with the relevant agency; and (2) a lawsuit after the claim is denied by the agency, or after he or she deems the claim denied, after receiving no final disposition from the agency within six months from the time the agency received the claim. 28 U.S.C. § 2675(a). Accordingly, no subject matter jurisdiction exists over any such claim until these two conditions

are met.

Plaintiffs effectively concede the first point – that the Court lacks jurisdiction over those who have not filed administrative claims. Transcript of Motion to Certify Class Proceedings (Dec. 2, 2008) ("Hrg. Tr.") at 166:25-167:3. Nevertheless, they argue that the Court may certify a class or subclass against the United States of all persons who have filed administrative claims with FEMA under the FTCA. *Id.* at 167:9-12. According to Plaintiffs, these persons have "exhausted" their administrative remedies, and therefore the Court automatically may exercise jurisdiction over their putative class claims. *Id.* at 167:1-3. This notion directly contravenes the text, statutory scheme, and Congressional intent underlying the FTCA's limited waiver of sovereign immunity. Even as to persons who submitted administrative claims, the Court lacks subject matter jurisdiction; thus, no such class can be certified.

Congress enacted the FTCA's waiver as the exclusive means by which a person may sue the United States in tort. As a result, all tort claims against the United States, whether in the form of a class action or otherwise, must strictly comply with all of the FTCA's provisions. *See generally* authorities of United States' Memo. in Response to Plaintiffs' Motion for Class Certification ("U.S. Memo.") [Dkt. No. 904] at 12-13, § 1.

Under the FTCA, the filing of an administrative claim with FEMA, and the failure to receive a final disposition thereof within six months, *does not automatically confer subject matter jurisdiction* over that claim in federal court. In such cases, the claim still remains pending within the exclusive jurisdiction of FEMA. Only a person's exercise of the option to sue under 28 U.S.C. § 2675(a) after deeming that claim denied, or after receiving a final denial, potentially shifts jurisdiction over the claim from FEMA to a federal court. *See* authorities of U.S. Memo.

at 19-21.  Moreover, the passage of time cannot cure a jurisdictional defect.  *McNeil v. United States*, 508 U.S. 106, 112 (1993).  Thus, a court may not adjudicate an FTCA claim, in the form of a class action or otherwise, until each individual has filed suit.  A class action under the facts and circumstances of this case is simply inconsistent with the FTCA's limited waiver of sovereign immunity.  *See James v. Home Constr. Co. of Mobile*, 621 F.2d 727, 730-31 (5th Cir. 1980) (denying class certification that would contravene the relevant statutory scheme for individual claims).

      This rule is not a mere technicality, but rather Congress' expression of the separation of powers between the judiciary and the executive branch in processing tort claims against the United States.  Thus, if an administrative claimant elects not to file suit under 28 U.S.C. § 2675(a), he may leave his claim pending with the agency, amend his claim or, in the case of a formal denial, seek reconsideration from the agency.  *See* 28 C.F.R. §§ 14.2(c), 14.9.  Meanwhile, the agency continues to possess exclusive settlement authority over the claim, and this process has no time-limit.  *See* 28 U.S.C. § 2672; *McCallister v. United States*, 925 F.2d 841, 843-44 (5th Cir. 1991).  The option whether to attempt to invoke this Court's jurisdiction, for those persons whose claims have been pending with FEMA for more than six months, rests entirely within their control.  Until each of them, not a class representative or proposed class counsel, initiates an action on his or her claim, the Court will not possess subject matter jurisdiction under the FTCA to adjudicate any such claim.[1]

      This jurisdictional bar applies independently of, and in addition to, the other arguments

---

[1] Based on discussions with some Plaintiffs counsel who are not members of the Plaintiffs' Steering Committee ("PSC"), the United States believes that some claimants may prefer to pursue an administrative resolution with FEMA, rather than filing suit in federal court.

espoused by the United States and private defendants against certification – that the Court would need to make individualized jurisdictional determinations under the FTCA's statute of limitations, discretionary function, and legal sufficiency provisions,[2] as well as countless individualized merits determinations, with respect to the varied claims involved in this case. *See* Fed. R. Civ. P. 23(b)(3) (to certify a class [or subclass], a court must find that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is [the] superior method" to adjudicate the case); *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 444 (5th Cir. 2007) (class must be ascertainable to be certified); *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970) (same); Hrg. Tr. at 155:16-156:3 (highlighting individual questions with respect to causation). Accordingly, for any, and all, of the above reasons, PSC's Motion must be denied as to the United States.

## II.     The Court Must Deny Plaintiffs' Request For An Economic Loss Subclass.

Plaintiffs also request certification of an "economic loss" subclass grounded in a "property damage" theory, citing *McWaters v. FEMA*, 436 F. Supp. 2d 802 (E.D. La. 2006), and *McManus v. Fleetwood Enterprises, Inc.*, 320 F.3d 545 (5th Cir. 2003). Hrg. Tr. at 143:1-3, 145:21-23, 166:16-22. Specifically, Plaintiffs assert that they: (1) possessed a Constitutional property interest in their emergency housing units, and lost the benefit of use of that property because of formaldehyde in the units, citing *McWaters*; and (2) received units that were not fit for their ordinary purpose and therefore suffered damages similar to those alleged in *McManus*,

---

[2] Plaintiffs' Counsel misconstrues the United States' position and the law on this issue. It is not that the proposed class is "unascertainable in size" because "FEMA won't divulge" the names of the proposed class members. *See* Hrg. Tr. at 166:23-167:4. Rather, any class over whose claims the Court may ultimately have jurisdiction is unascertainable because it depends upon these individualized jurisdictional inquiries. *See* Hrg. Tr. at 164:1-15.

where the question of breach of implied warranty was found to be a predominant common issue. Preliminarily, this argument fails because such a subclass necessarily would include persons with claims not subject to this Court's jurisdiction under the FTCA's exhaustion provisions and other jurisdictional requirements, as well as the assortment of other factual and legal issues that would apply to any such subclass. *See supra* § I; authorities of U.S. Memo. §§ I-II. Beyond this obvious flaw, this claim fails for three additional reasons.

*First*, the Court lacks subject matter jurisdiction under the FTCA over any such "property damage" claims because neither Mrs. Pujol, the only proposed class representative as to the United States, nor any other person who has sued the United States, has claimed property damage at the administrative level. *See Kokaras v. United States*, 980 F.2d 20, 22-23 (1st Cir. 1992); Hrg. Tr. at 161:9-15. *Second*, Plaintiffs' reliance on *McManus* is misplaced because they, unlike the Plaintiffs in *McManus*, were not purchasers of the units in which they resided. Under the FTCA, any question of economic loss is to be determined under the relevant state's substantive law. *See* 28 U.S.C. § 1346(b)(1); *infra* § IV. In this case, Plaintiffs have not suffered any such economic loss under applicable state tort law because they do not possess the requisite interest in, and loss of use of, the emergency housing units at issue. Even if they did, applicable law requires that such determinations be made on a plaintiff-by-plaintiff basis. *See* authorities of U.S. Memo. at 35-39; Hrg. Tr. at 161:16-22. *Third*, any claim premised on the holding in *McWaters* or asserting a Constitutional right to temporary emergency housing and / or rental assistance fails because: (1) the Fifth Circuit recently held in *Ridgely v. FEMA*, 512 F.3d 727, 734-40 (5th Cir. 2008) that the Stafford Act does not create any such Constitutional right; and (2) the FTCA, which constitutes the exclusive waiver of sovereign immunity for tort claims,

5

does not authorize claims for alleged Constitutional violations.  28 U.S.C. § 2679; *FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994).

### III.   The Court Cannot Certify A Subclass Of Children And Establish A Fund For Their Future Medical Expenses.

Plaintiffs further request certification of a subclass of children "who lived in a travel trailer which exceeded the ATSDR minimum risk levels [MRLs] . . . , and who manifested any symptom of formaldehyde exposure during the time in which they resided in the trailers."  Hrg. Tr. at 145:25-146:11.[3]  Plaintiffs seek the establishment of a fund from which any such child may later draw to pay for medical expenses.  Hrg. Tr. at 150:12-23; Proposed Trial Plan ¶ 4.

As an initial matter, no child has been proffered as a class representative as to the United States, *see* Hrg. Tr. at 161:4-8, and, for the reasons stated *supra* at Section I – that all claims, including all putative class claims, must satisfy the FTCA's exhaustion and other jurisdictional provisions – simply proposing one would not advance Plaintiffs' request for certification of this subclass.  Moreover, the FTCA only authorizes the imposition of liability for actual money damages under applicable state law, and does not authorize a court to grant injunctive relief against the United States by way of payments into a fund as proposed by Plaintiffs.  28 U.S.C. § 1346(b)(1); *See Hatahley v. United States*, 351 U.S. 173, 182 (1956); *Birnbaum v. United States*, 588 F.2d 319, 335 (2d Cir. 1978); *Moon v. Takisaki*, 501 F.2d 389, 390 (9th Cir. 1974).

---

[3]  Plaintiffs' choice of the MRLs as the relevant formaldehyde levels is unavailing because MRLs do not relate to indoor air quality standards or health effects.  *See* Ex. G-84, ATSDR Toxicological Profile for Formaldehyde (Jul. 1999) at ATSDR-441-442.  Instead, they are conservative levels "intended only to serve as a screening tool to help public health professionals decide where to look more closely."  *Id.* at 442.  MRLs are set "below levels that might cause adverse health effects in the people most sensitive to such chemical-induced effects" and "may be as much as *a hundredfold below levels . . . shown to be nontoxic . . . .*"  *Id.* at 441-42.  Accordingly, MRLs should not bear on this Court's determination of PSC's Motion.

**IV.     The Court Must Deny Any Request For Liability Or Issue Subclasses.**

Plaintiffs argue that a common issue exists as to whether or not "the hurricane victims [were] provided safe and habitable housing" under federal common law, including the definitions of "safe" and "uninhabitable" contained in the Stafford Act's implementing regulations, 44 C.F.R. § 206.111.  Hrg. Tr. at 141:25-142:2; 145:14-23.  For support, Plaintiffs cite this Court's Order of October 3, 2008 [Dkt. No. 717 at 37] for the proposition that those terms impose upon FEMA a substantive standard of conduct in rendering disaster emergency assistance.  Hrg. Tr. at 141:7-17.  This argument misses the mark in many respects.

*First*, the above definitions are used by FEMA to determine who qualifies for certain assistance and relate to applicants' predisaster homes, not emergency housing units.  44 C.F.R. § 206.111.  They apply, for example, when a dwelling is "destroyed" or lacks utilities.  *See* Ex. G-99, Huckabee Individual Assistance File at FEMA114-50.  *Second*, the Court used those terms in its jurisdictional analysis under the discretionary function exception to the FTCA's limited waiver of sovereign immunity, not in any merits discussion.  Dkt. No. 717 at 37.  *Third*, the FTCA does not authorize the imposition of liability based on "federal common law" or any federal statute.  Rather, the FTCA bases liability on the "law of the place" where the relevant act(s) or omission(s) occurred, 28 U.S.C. § 1346(b)(1), which courts have uniformly interpreted to mean the law of the state in which such alleged conduct occurred.  *See, e.g., United States v. Olson*, 546 U.S. 43, 46 (2005); *FDIC v. Meyer*, 510 U.S. 471, 478 (1994).  Accordingly, courts repeatedly have rejected attempts to hold the United States liable under the FTCA for the violation of a federal law, and have refused to impose a duty upon the United States based upon language contained in a federal statute.  *See Johnson v. Sawyer*, 47 F.3d 716, 727-28 (5th Cir.

1995); *Janice v. United States*, 2008 WL 269530 at *9 (W.D. La. Jan. 29, 2008); *Williams v. United States*, 242 F.3d 169, 173 (4th Cir. 2001); *Delta Sav. Bank v. United States*, 265 F.3d 1017, 1024-25 (9th Cir. 2001); *Klepper v. City of Milford*, 825 F.2d 1440, 1448 (10th Cir. 1987); *Ochran v. United States*, 273 F.3d 1315, 1317 (11th Cir. 2001); *Daugherty v. United States*, 212 F. Supp. 2d 1279, 1286-87 (N.D. Okla. 2002); *Franklin Sav. Corp. v. United States*, 970 F. Supp. 855, 864-65 (D. Kan. 1997).

*Fourth*, the record in this case – with respect to the variety of emergency housing units provided by FEMA; the injuries alleged by plaintiffs; the individualized inquiries relating to subject matter jurisdiction over each claim; the unique circumstances in which FEMA responded to formaldehyde complaints from families; and countless other issues – demonstrates that any such issue is *not* common to any class or subclass. *See* Hrg. Tr. at 162:21-163:4, 165:20-166:3; U.S. Memo., facts at 6-11, authorities §§ I-II; *supra* § I. Even if, as Plaintiffs claim, an issue such as the duty owed by any defendant, or the knowledge of any defendant at a particular time, is common – and the record shows it is not – that could easily be resolved on joinder under Rule 42. *See Castano, et al. v. American Tobacco Co.*, *et al.*, 84 F.3d 734, 739-40 (5th Cir. 1996); Hrg. Tr. at 162:10-20. Because the certification of any such issue would not advance the question of liability in this case, the Court should not certify any particular issue under Rule 23(c)(4).[4] *See* Advisory Committee Notes to Rule 23(c) at 129; FEDERAL JUDICIAL CENTER, MANUAL FOR COMPLEX LITIGATION (Fourth ed. 2004) at 429-430 ("proponent must show that issue certification 'will materially advance a disposition of the litigation a whole.' . . . In mass

---

[4] For these same reasons, the Court should not find that a common issue predominates over individual questions under Rule 23(b)(3), such that a class action is the superior method for adjudicating this case.

tort litigation, issues classes have been used to establish liability elements . . . .") (internal citations omitted).

Finally, Plaintiffs' proposed trial plan further demonstrates the general lack of common issues in this case, as it seeks to uncover "[c]lasswide evidence concerning *whether* the conditions and / or mechanisms of injury . . . *are common* to all potential class members . . . ." Proposed Trial Plan ¶ 3 (emphasis added); Hrg. Tr. at 152:9-12.  This issue must be decided at the certification stage of the litigation, and, as noted above, it must be decided against Plaintiffs. *See*, *e.g.*, Fed. R. Civ. P. 23(a), (b); *Castano*, 84 F.3d at 739-40, *Gene and Gene LLC v. Biopay LLC*, 541 F.3d 318, 325 (5th Cir. 2008).

## CONCLUSION

For the foregoing reasons, as well as those previously briefed and argued by the United States and private defendants, Plaintiffs' Motion must be denied.

Respectfully Submitted,

| | |
|---|---|
| GREGORY G. KATSAS<br>Assistant Attorney General<br>Civil Division | J. PATRICK GLYNN<br>Director, Torts Branch |
| C. FREDERICK BECKNER III<br>Deputy Assistant Attorney General<br>Civil Division | HENRY T. MILLER<br>ADAM BAIN<br>Senior Trial Counsel |

ADAM M. DINNELL
JONATHAN R. WALDRON
Trial Attorneys

//S// *Michelle G. Boyle*
MICHELLE G. BOYLE (VA Bar No. 73710)
Trial Attorney
United States Department of Justice
Civil Division, Torts Branch
P.O. Box 340, Ben Franklin Station
Washington, DC 20044
Phone: (202) 616-4447
E-mail: Michelle.Boyle@usdoj.gov

Attorneys for Defendant
United States of America

OF COUNSEL:

JORDAN FRIED
Associate Chief Counsel
JANICE WILLIAM-JONES
Trial Attorney
FEMA/DHS

10

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 10, 2008, the foregoing Memorandum was filed via the U.S. District Court's CM/ECF electronic filing system, which will send a notice of electronic filing to Liaison Counsel.

Dated:  December 10, 2008

                                     //S// *Michelle G. Boyle*
                                     MICHELLE G. BOYLE (VA Bar No. 73710)