Exhibit "D"

IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION
FEMA'S OBJECTIONS TO PLAINTIFFS' CLASS CERTIFICATION EXHIBITS

I.   FEMA'S FRE 802 HEARSAY OBJECTIONS

| Exhibit ID | Exhibit Description | FEMA's Objections | Plaintiffs' Response |
|---|---|---|---|
| P1 | Majority Staff Report Subcommittee on Investigations & Oversight - Committee on Science & Technology U.S. House of Representatives, September 2008, "Toxic Trailers – Toxic Lethargy: How the Centers for Disease Control and Prevention Has Failed to Protect the Public Health" | FRE 802 Hearsay | 1) Hearsay exception – Public Records and Reports, FRE 803(8)(C). |
| P2 | CDC Summary and Interim Report: VOC and Aldehyde Emissions in Four FEMA Temporary Housing Units – Indoor Environment Department, Lawrence Berkeley National Laboratory, 8 May, 2008 | FRE 802 Hearsay | 1) Not Hearsay but an Admission by Party-Opponent, FRE 801(d)(2); 2) Hearsay exception – Public Records and Reports, FRE 803(8)(C). |
| P3 | U.S. Department of Health and Human Services and CDC Presentation Titled "Formaldehyde Levels in Occupied FEMA-supplied Temporary Housing Units (THUs) in LA and MS, Winter 2007-2008" | FRE 802 Hearsay | 1) Not Hearsay but an Admission by Party-Opponent, FRE 801(d)(2); 2) Hearsay exception – Public Records and Reports, FRE 803(8)(C). |
| P4 | CDC Interim Findings on Formaldehyde Levels in FEMA-Supplied Travel Trailers, Park Models, and Mobile Homes – February 29, 2008 | FRE 802 Hearsay | 1) Not Hearsay but an Admission by Party-Opponent, FRE 801(d)(2); 2) Hearsay exception – Public Records and Reports, FRE 803(8)(C). |

| | | | |
|---|---|---|---|
| P8 | Testimony of Heidi Sinclair MD, MPH, FAAP before the U.S. House of Representatives Committee on Science and Technology, Subcommittee on Investigations and Oversight – April 1, 2008 | FRE 802 Hearsay | FRE 807 Residual Exception – testimony before U.S. House of Representatives, thus circumstantial guarantee of trustworthiness because: 1) it is offered as evidence of a material fact; 2) the testimony is more probative of the point for which it is offered than any other evidence which PSC could procure through reasonable efforts and 3) purpose of FRE and justice will be best served by admission of this evidence. ** Additionally, Defendants were given sufficient notice of this evidence to provide them with a fair opportunity to meet it. |
| P9 | Testimony of Christopher T. De Rosa, M.S., Ph.D. before the U.S. House of Representatives Committee on Science and Technology, Subcommittee on Investigations and Oversight – April 1, 2008 | FRE 802 Hearsay | FRE 807 Residual Exception – testimony before U.S. House of Representatives, thus circumstantial guarantee of trustworthiness because: 1) it is offered as evidence of a material fact; 2) the testimony is more probative of the point for which it is offered than any other evidence which PSC could procure through reasonable efforts and 3) purpose of FRE and justice will be best served by admission of this evidence. ** Additionally, Defendants were given sufficient notice of this evidence to provide them with a fair opportunity to meet it. |

| | | | |
|---|---|---|---|
| P10 | Testimony of Dr. Meryl H. Karol before the U.S. House Committee on Science and Technology, Subcommittee on Investigations and Oversight – April 1, 2008 | FRE 802 Hearsay | FRE 807 Residual Exception – testimony before U.S. House of Representatives, thus circumstantial guarantee of trustworthiness because: 1) it is offered as evidence of a material fact; 2) the testimony is more probative of the point for which it is offered than any other evidence which PSC could procure through reasonable efforts and 3) purpose of FRE and justice will be best served by admission of this evidence. ** Additionally, Defendants were given sufficient notice of this evidence to provide them with a fair opportunity to meet it. |
| P11 | Testimony of Scott Needle, MD, FAAP before the U.S. House of Representatives Committee on Oversight and Government Reform – July 19, 2007 | FRE 802 Hearsay | FRE 807 Residual Exception – testimony before U.S. House of Representatives, thus circumstantial guarantee of trustworthiness because: 1) it is offered as evidence of a material fact; 2) the testimony is more probative of the point for which it is offered than any other evidence which PSC could procure through reasonable efforts and 3) purpose of FRE and justice will be best served by admission of this evidence. ** Additionally, Defendants were given sufficient notice of this evidence to provide them with a fair opportunity to meet it. |

| P26 | "*Formaldehyde Indoors*" by Dr. Stephen Smulski, April 1987, Progressive Builder, 12(4):9-11. | FRE 802 Hearsay | 1) Hearsay exception – Learned Treatises, FRE 803(18) – relied upon by Dr. Smulski in his affidavit, submitted as Exhibit P22. |
|---|---|---|---|
| P27 | Asthma Project Report, February 28, 2001, Patricia M. Williams, Ph.D., DABT and Results of Preliminary Asthma Education and Management Program | FRE 802 Hearsay | 1) Hearsay exception – Recorded Recollection, FRE 803(5). |
| P28 | Boyson, M. "*Nasal mucosa in workers exposed to formaldehyde: a pilot study*." Br J of Ind Med 47:116-121, 1990. | FRE 802 Hearsay | 1) This exhibit also appears as Exhibit D244, which FEMA does not object to; 2) Hearsay exception – Learned Treatises, FRE 803(18) – relied upon by Dr. Williams in her affidavit, submitted as Exhibit P24 and by the ATSDR MRL setting the formaldehyde standard at 0.008. |
| P29 | Edling, C. "*Occupational exposure to formaldehyde and histopathological changes in nasal mucosa.*" Br J of Ind Med 45:761-765, 1988. | FRE 802 Hearsay | 1) This exhibit also appears as Exhibit D243, which FEMA does not object to; 2) Hearsay exception – Learned Treatises, FRE 803(18) – relied upon by Dr. Williams in her affidavit, submitted as Exhibit P24 and by the ATSDR MRL setting the formaldehyde standard at 0.008. |
| P30 | Holmstrom, M. "*Histological Changes in the Nasal Mucosa in Rats after Long-term Exposure to Formaldehyde and Wood Dust*." Acta Otolaryngol (Stockh) 108:274-283, 1989. | FRE 802 Hearsay | 1) This exhibit also appears as Exhibit D245, which FEMA does not object to; 2) Hearsay exception – Learned Treatises, FRE 803(18) – relied upon by Dr. Williams in her affidavit, submitted as Exhibit P24. |

| | | | |
|---|---|---|---|
| P31 | Holmstrom, M. "*Histological Changes in the Nasal Mucosa in Persons Occupationally Exposed to Formaldehyde Alone and in Combination with Wood Dust.*" Acta Otolaryngol (Stockh) 107: 120-129, 1989. | FRE 802 Hearsay | 1) This exhibit also appears as Exhibit D246, which FEMA does not object to; 2) Hearsay exception – Learned Treatises, FRE 803(18) – relied upon by Dr. Williams in her affidavit, submitted as Exhibit P24 and by the ATSDR MRL setting the formaldehyde standard at 0.008. |
| P32 | Castro-Rodriguez, JA. "*A Clinical Index to Define Risk of Asthma in Young Children with Recurrent Wheezing.*" Am J Respir Crit Care Med 2000;162(4 Pt 1):1403-06. | FRE 802 Hearsay | 1) Hearsay exception – Learned Treatises, FRE 803(18) – relied upon by Dr. Williams and Dr. Paris in their affidavits, submitted as Exhibits P20 and P24. |
| P33 | Garrett, MH. "*Increased risk of allergy in children due to formaldehyde exposure in homes.*" Allergy 1999;54(4):330-7. | FRE 802 Hearsay | 1) Hearsay exception – Learned Treatises, FRE 803(18) – relied upon by Dr. Williams and Dr. Paris in their affidavits, submitted as Exhibits P20 and P24. |
| P34 | Jaakkola JJ. "*Asthma, Wheezing, and Allergies in Russian Schoolchildren in Relation to New Surface Materials in the Home.*" Am J Public Health 2004;94(4):560-2. | FRE 802 Hearsay | 1) Hearsay exception – Learned Treatises, FRE 803(18) – relied upon by Dr. Williams and Dr. Paris in their affidavits, submitted as Exhibits P20 and P24. |
| P35 | Platts-Mills, TA. "*Indoor allergens and asthma: Report of the Third International Workshop.*" J Allergy Clin Immunol 1997;100(6 Pt 1):S2-S24. | FRE 802 Hearsay | 1) Hearsay exception – Learned Treatises, FRE 803(18) – relied upon by Dr. Williams and Dr. Paris in their affidavits, submitted as Exhibits P20 and P24. |
| P36 | Rumchev, K. "*Domestic exposure to formaldehyde significantly increases the risk of asthma in young children.*" Eur Respir J 2002;20:403-8. | FRE 802 Hearsay | 1) Hearsay exception – Learned Treatises, FRE 803(18) – relied upon by Dr. Williams and Dr. Paris in their affidavits, submitted as Exhibits P20 and P24. |

| | | | |
|---|---|---|---|
| P37 | Letter from Bennie G. Thompson, Chairman of the U.S. House of Representatives Committee on Homeland Security, dated November 19, 2007, to R. David Paulison and Paulison's response, dated December 11, 2007 | FRE 802 to Mr. Thompson's Letter | Timeliness - This exhibit was listed on FEMA's first chart of objections submitted to Plaintiffs on November 19, 2008; however, FEMA did not object to this exhibit then.  Nor did FEMA object when this exhibit was submitted with the PTO the week before the class certification hearing.  FEMA waited 18 days after its first objections, and 4 days after the hearing,  to object to this exhibit. |
| P38 | NHLB/National Asthma Education and Prevention Program – "Section 3, The Four Components of Asthma Management;" "The Strong Association Between Sensitization To Allergens and Asthma: A Summary of the Evidence;" "Indoor/Outdoor Air Pollution Irritants;" "Assessment Questions For Environmental And Other Factors That Can Make Asthma Worse" and " Section 4, Managing Asthma Long Term in Children 0-4 Years of Age and 5-11 Years of Age" | FRE 802 Hearsay | 1) Hearsay exception – Public Records and Reports, FRE 803(8)(C) – National Heart, Lung and Blood Institute National Asthma Education & Prevention Program is an agency under the U.S. Dept of Heath and Human Services; 2) Not Hearsay but an Admission by Party Opponent FRE 801(d)(2). |
| P39 | Statement on National Vaccine Injury Compensation Program by Thomas E. Balbier, Jr., Director, National Vaccine Injury Compensation Program, U.S. Dept. of Health and Human Services, before the Committee on Government Reform, September 28, 1999 | FRE 802 Hearsay | 1) Hearsay exception – Public Records and Reports, FRE 803(8)(C) – National Vaccine Injury Compensation Program is an agency of the U.S. Dept of Heath and Human Services;  2) Not Hearsay but an Admission by Party Opponent FRE 801(d)(2). |

| | | | |
|---|---|---|---|
| P40 | *Public Interest v. Bayou Steele*, 1999 WL 675203, July 8, 1999, CA# 96-0432, pleadings from the USDC EdLA (J. Lemmon), including the Consent Order and supporting documentation for the Asthma Intervention Program | FRE 802 Hearsay | FRE 807 Residual Exception – Consent order by Federal District Court Judge, thus circumstantial guarantee of trustworthiness because: 1) it is offered as evidence of a material fact; 2) the testimony is more probative of the point for which it is offered than any other evidence which PSC could procure through reasonable efforts and 3) purpose of FRE and justice will be best served by admission of this evidence. ** Additionally, Defendants were given sufficient notice of this evidence to provide them with a fair opportunity to meet it. |
| P63 | "Formaldehyde Levels in FEMA-Supplied Trailers - Early Findings from the Centers for Disease Control and Prevention" | FRE 802 Hearsay | Timeliness - This exhibit was submitted to FEMA on Plaintiffs' Exhibit list on November 19, 2008; however, FEMA did not object to this exhibit prior to trial, nor did FEMA object when this exhibit was submitted with the PTO the week before the class certification hearing. FEMA waited 18 days after FEMA first submitted its objections, and 4 days after the hearing, to object to this exhibit. |

| | | | |
|---|---|---|---|
| P77 | Deposition Transcript of Dr. Kenneth Paris | FRE 802 Hearsay | 1) Plaintiffs produced the deposition transcript of Dr. Kenneth Paris in lieu of calling him "live" as a witness at the class certification hearing.  Dr. Paris' deposition is sworn testimony and FEMA was present during the deposition to pose any questions it may have had; 2) Timeliness - FEMA did not object when this exhibit was submitted with the PTO on November 24, 2008  the week before the class certification hearing.  FEMA waited more than 13 days after notification of this exhibit, and 4 days after the hearing,  to object; 3) Both FEMA and Manufacturing Defendants submit deposition transcript excerpts that have not been objected to by FEMA.  See G105, 107 and 108; see D236 for deposition excerpts of Dr. Paris and D225, 230, 232-238, 240 and 242 for excerpts from other experts submitted by FEMA and the Manufacturing Defendants. |
| P78 | "*Legacy of Shame: The On-Going Public Health Disaster of Children Struggling in Post-Katrina Louisiana.*"  Children's Health Fund & Columbia Univ. Mailman School of Public Health, Nov. 4, 2008 | FRE 802 Hearsay | Exhibit Admitted by the Court. |
| P79 | "*Children from FEMA trailer park battle serious health problems*" USA Today 11/24/08 | FRE 802 Hearsay | Exhibit Denied by the Court. |

-8-

**II.     FEMA'S FRE 802 HEARSAY AND FRE 901 REQUIREMENT OF AUTHENTICATION OR IDENTIFICATION OBJECTIONS**

| Exhibit ID | Exhibit Description | FEMA's Objections | Plaintiffs' Response |
|---|---|---|---|
| P46 | "FEMA Storage Site Duties/Responsibilities" | FRE 802 Hearsay and FRE 901 Requirement of Authentication or Identification | 1) Not Hearsay but an Admission by Party-Opponent, FRE 801(d)(2); 2) Authentication by Distinctive Characteristics and the Like, FRE 901(b)(4) - Document produced by Defendant Fleetwood in its document production.  Bates # FLE-00002512-2514. |
| P49 | Pictures of THUs taken by Plaintiffs' Expert Marco Kaltofen, PE | FRE 802 Hearsay and FRE 901 Requirement of Authentication or Identification | 1) Not Hearsay - pictures taken by Plaintiffs' expert during course of testing THUs, and relied upon by expert in his affidavit submitted as Exhibit P16; 2) Authentication by Distinctive Characteristics and the Like, FRE 901(b)(4) - THUs photographed were five models of Gulfstream Cavaliers located at FEMA's storage site in Cumberland, Maryland .  They are distinguished by their  model numbers. |

| | | | |
|---|---|---|---|
| P50 | Fleetwood Enterprises, Inc. Travel Trailers Owners Manual excerpts | FRE 802 Hearsay and FRE 901 Requirement of Authentication or Identification | 1) Not Hearsay but an Admission by Party-Opponent, FRE 801(d)(2); 2) Authentication by Distinctive Characteristics and the Like, FRE 901(b)(4) – Manual excerpts are from Defendant Fleetwood's document production, each page has an identifying Fleetwood document production bates number, in addition to a PSC bates number; 3) Self-Authentication Trade Inscriptions and the Like, FRE 902(7); 4) The excerpts of this exhibit are identical, including Fleetwood bates numbers, to Exhibit G92 submitted by FEMA. The difference is that FEMA submitted all 103 pages of the Fleetwood manual while Plaintiffs submitted only relevant portions of the same manual. |
| P51 | Gulf Stream Coach, Inc. Travel Trailers and Fifth Wheels Owner's Manual excerpts | FRE 802 Hearsay and FRE 901 Requirement of Authentication or Identification | 1) Not Hearsay but an Admission by Party-Opponent, FRE 801(d)(2); 2) Self-Authentication Trade Inscriptions and the Like, FRE 902(7). |

| | | | |
|---|---|---|---|
| P52 | Forest River Recreational Vehicle Owner's Manual – Travel Trailers & Fifth Wheels excerpts | FRE 802 Hearsay and FRE 901 Requirement of Authentication or Identification | 1) Not Hearsay but an Admission by Party-Opponent, FRE 801(d)(2); 2) Authentication by Distinctive Characteristics and the Like, FRE 901(b)(4) - Document produced by Defendant Forest River in its document production.  Bates # FOREST – 0002399, 0002476, 0002401, 0002403, 0002429- 2432; 3) Self-Authentication Trade Inscriptions and the Like, FRE 902(7); 4) This exhibit contains pages that are identical to pages in D265 submitted by Manufacturing Defendants, which FEMA does not object to. |
| P53 | Pilgrim and Open Road Recreational Vehicles Owners Manual excerpts | FRE 802 Hearsay and FRE 901 Requirement of Authentication or Identification | 1) Hearsay exception - Admission by Party-Opponent, FRE 801(d)(2); 2) Self-Authentication Trade Inscriptions and the Like, FRE 902(7). |

| P55 | ATSDR Formaldehyde Regulations and Advisories | FRE 802 Hearsay and FRE 901 Requirement of Authentication or Identification | 1) This exhibit is merely excerpts from the 421 page exhibit (G84) submitted by FEMA. FEMA submitted all 421 pages of the ATSDR Regulations and Advisories, while Plaintiffs submitted only the relevant portions thereof. Pages 333-342 of G84 are identical to this exhibit;<br>2) Hearsay exception – Public Records and Reports, FRE 803(8)(C);<br>3) Self-Authentication Official Publications, issued by public authority (ATSDR), FRE 902(5). |
| --- | --- | --- | --- |
| P56 | ATSDR Formaldehyde Minimal Risk Levels and Worksheets – Appendix A | FRE 802 Hearsay and FRE 901 Requirement of Authentication or Identification | 1) ) This exhibit is merely relevant excerpts from the 421 page exhibit (G84) submitted by FEMA. FEMA submitted all 421 pages of the ATSDR Regulations and Advisories, while Plaintiffs submitted only the relevant portions thereof. Pages A-1 to A-15 of G84 are identical to this exhibit;<br>2) Hearsay exception – Learned Treatises, FRE 803(18) – relied upon by Dr. Williams in her affidavit, submitted as Exhibit P24 ;<br>3) Hearsay exception – Public Records and Reports, FRE 803(8)(C);<br>4) Self-Authentication Official Publications, issued by public authority (ATSDR), FRE 902(5). |

| P58 | Email from Manufacturing Defendants' Expert, Michael Zieman, July 9, 2004 | FRE 802 Hearsay and FRE 901 Requirement of Authentication or Identification | 1) Not Hearsay but an Admission by Party-Opponent, FRE 801(d)(2); 2) Authentication by Distinctive Characteristics and the Like, FRE 901(b)(4) - Document produced by Defendant Fleetwood in its document production. Bates # FLE-00001076. |
|---|---|---|---|
| P64 | THU Testing Protocol prepared by Mary DeVany, MS, CSP, CHMM et al. | FRE 802 Hearsay and FRE 901 Requirement of Authentication or Identification | 1) Prepared by Mary DeVany, MS, CSP, CHMM and relied upon in her affidavit, submitted as Exhibit P14; 2) Self Authentication – Acknowledged Documents, FRE 902(8) – written and relied upon by Mary DeVany, MS, CSP, CHMM and acknowledged in her affidavit executed by a notary. |
| P65 | Formaldehyde Testing Database prepared by the PSC | FRE 802 Hearsay and FRE 901 Requirement of Authentication or Identification | Timeliness - This exhibit was submitted to FEMA on Plaintiffs' Exhibit list on November 19, 2008; however, FEMA did not object to this exhibit prior to trial, nor did FEMA object when this exhibit was submitted with the PTO the week before the class certification hearing. FEMA waited 18 days after FEMA first submitted its objections, and 4 days after the hearing, to object to this exhibit. |

| | | | |
|---|---|---|---|
| P66 | PSC Formaldehyde Testing Database Summary Graph | FRE 802 Hearsay and FRE 901 Requirement of Authentication or Identification | Timeliness - FEMA did not object when this exhibit was submitted with the PTO on November 24, 2008, the week before the class certification hearing.  FEMA waited more than 13 days after receiving this exhibit, and 4 days after the hearing, to object. |
| P71 | FEMA test results for formaldehyde testing at FEMA THU staging areas during November 2005, December 2005 and January 2006 | FRE 802 Hearsay and FRE 901 Requirement of Authentication or Identification | 1) Not Hearsay but an Admission by Party-Opponent, FRE 801(d)(2); 2) Hearsay exception – Public Records and Reports, FRE 803(8)(B)and (C); 3) Authentication by Distinctive Characteristics and the Like, FRE 901(b)(4) – copy of document submitted to this Court by the Government as an exhibit, Doc. 196-28, it also contains a bates number from a Congressional hearing. |
| P73 | Email correspondence between FEMA and Government staff | FRE 802 Hearsay and FRE 901 Requirement of Authentication or Identification | 1) Not Hearsay but an Admission by Party-Opponent, FRE 801(d)(2); 2) Hearsay Exception Present Sense Impression, FRE 803(1); 3) Authentication by Distinctive Characteristics and the Like, FRE 901(b)(4) – Congressional Hearing bates numbered document. |

| P74 | Alphabetical List of Class Representatives with their THU move in and out dates prepared by the PSC | FRE 802 Hearsay and FRE 901 Requirement of Authentication or Identification | 1) FRE 1006 Summaries – contents of voluminous writings that cannot be conveniently examined in Court may be presented in the form of a chart.  The originals or duplicates shall be made available for examination or copying or both.  The information summarized in this chart was collected from the PSC's class representative list submitted to this Court on Aug. 22,  2008 and from each class representatives' PFS produced as P76-1 to P76-96.  The contents of the 96 PFSs could not be quickly and easily examined by this Court to determine the move in and move out dates of each class representative. |

| | | | |
|---|---|---|---|
| P75 | Spreadsheets of Symptoms: 1) Total Report of All Symptoms; 2) Report of Symptoms of Individuals With Neither Mold Nor Mildew Reported in Their THU and No Fumigation of Their THU; 3) Report of Symptoms of Individuals Who Did Not Smoke Inside Their THU and 4) Report of Symptoms of Individuals who Did Not Report Mold or Mildew, Did Not Smoke Inside, Did Not Have Their THU Fumigated and Did Not Have Service or Maintenance Repairs | FRE 802 Hearsay and FRE 901 Requirement of Authentication or Identification | 1) Timeliness - FEMA did not object when this exhibit was submitted with the PTO on November 24, 2008, the week before the class certification hearing. FEMA waited more than 13 days after notification of this exhibit, and 4 days after the hearing, to object; 2) FRE 1006 Summaries – contents of voluminous writings that cannot be quickly and conveniently examined in Court may be presented in the form of a chart. The originals or duplicates shall be made available for examination or copying or both. The information regarding illnesses summarized in these charts was collected from numerous PFSs, including P76-1 to P76-96 and over a thousand other PFSs submitted to defendants. The contents of the PFSs could not be quickly and easily examined by this Court to determine the various illnesses and other factors as related in these charts. |

-16-

### III. FEMA'S COMPLETENESS OBJECTIONS

| Exhibit ID | Exhibit Description | FEMA's Objections | Plaintiff's Response |
|---|---|---|---|
| P42 | Declaration of Kevin Souza | Completeness | This is the complete Declaration of Kevin Souza as submitted to the Court by FEMA, (Doc. # 196-12). Page 1 was not included in this exhibit because page 1 is merely a cover page of the original exhibit and titled Gov. Exhibit 8 and thus page of the original exhibit is not relevant to the declaration. Because this document is currently submitted as a Plaintiffs' exhibit and to avoid confusion the first page, i.e., the cover page, was not included. |
| P76 and P76-1 | Plaintiff Fact Sheets (hereafter "PFS"), Form 95s and other documentation for the below listed Class Representatives: | Completeness | 1) P76 includes 96 PFSs. FEMA does not specifically indicate which PFS is incomplete. Plaintiffs have produced all completed PFSs currently in its possession. These PFS forms are updated as needed; 2) Both FEMA and the Manufacturing Defendants submitted excerpts of class representative records. See, G94-G100 and D124-D220, and FEMA does not object to these other excerpts as incomplete. |

**IV.   FEMA'S FRCP 26 AND FRE 802 HEARSAY OBJECTION AND MANUFACTURERS' TIMELINESS OBJECTION**

| Exhibit ID | Exhibit Description | FEMA's Objections | Plaintiffs' Response |
|---|---|---|---|
| P20 | Original and Supplemental Affidavits and Curriculum Vitae of Dr. Kenneth Paris | 1) Gov. FRCP 26 and FRE 802 Obj. 2) MDLC Timeliness Objection | Dr. Paris' Supplemental Affidavit was submitted in lieu of calling Dr. Paris as a "live" witness.  Defendants were notified by email on November 20, 2008 that Plaintiffs were submitting the original and a supplemental affidavit by Dr. Paris and Defendants were given a copy of Dr. Paris' supplemental affidavit on Monday, November 24, 2008, eight days prior to the hearing on Dec. 2, 2008. |