EASTERN DISTRICT OF LOUISIANA

NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION: N(4) |
| | * | |
| This Document Relates to: | * | JUDGE ENGELHARDT |
| *Laney et al. v. The United States of America, et al.*, | * | |
| Civil Action No. 08-4630 | * | MAGISTRATE CHASEZ |

**************************************************************************

### FEDERAL RULE OF CIVIL PROCEDURE RULE 12(B) PRESERVATION LIST FILED ON BEHALF OF DESTINY INDUSTRIES, LLC.

Pursuant to Pre-Trial Order Number 4 (Rec. Doc. No. 130), Defendant, Destiny Industries, LLC ("Destiny"), respectfully submits for preservation the following specific Federal Rule of Civil Procedure Rule 9 and 12 defenses ("Preservation List") as they relate to the Complaint filed in *Laney v. The United States of America,* No. 08-4630.[1] Destiny files the Preservation List without prejudicing its right to assert any other allowable preliminary motions, pleadings, dispositive motions or affirmative defenses in this or any other case in which they are subsequently named and properly served.[2] Destiny hereby amends its previous Preservation Lists as well as incorporates and adopts all the items listed in the Preservation Lists of all the named defendants in the Multi-District

---

[1] It is unclear the extent to which the 2nd Amended Master Complaint supersedes, amends and/or replaces the allegations asserted by the plaintiffs in each of the underlying actions. Thus, out of an abundance of caution and to ensure that relevant motions and defenses are preserved, for each underlying action in which it has been named as party, Destiny has listed the defenses and motions applicable to that underlying action and the 2nd Amended Master Complaint.

[2] The Defendant files this Preservation List without waiver of its Article III standing defenses, which are based on the fact that the *Laney* complaint does not identify a specific putative plaintiff who actually resided in any of the Defendant's housing units. The Defendant respectfully reserves the right to supplement and amend this Preservation List in the future as further discovery may warrant and require, and in accordance with any and all subsequently filed or served lawsuits naming the Defendant as party defendants.

Litigation 07-1873 in all of the underlying cases as if fully set forth at length herein as their own, including, but not limited to, the following issues:

1. Article III Standing – Plaintiffs have failed to satisfy their burden of establishing Article III standing against the Defendant, and thus this Court does not have subject matter jurisdiction over Plaintiffs' claims against the Defendant.

2. Improper Joinder – Plaintiffs have improperly joined whatever individual claim each may theoretically have against a Defendant with claims that other Plaintiffs may or may not have against other Defendants and have failed to demonstrate any common evidentiary link between either Plaintiffs' claims or the Defendants. Accordingly, the claims levied against the Defendant solely as members of the "industry" should be dismissed.

3. Rule 12(b)(3) – (a) Improper venue in any of the states whose laws are at issue in this lawsuit based on contractual forum selection clause/mandatory arbitration clause contained in the manufacturer's warranty contract, which also contractually limits the warranties; (b) Improper venue as to the Plaintiffs who reside outside the Eastern District of Louisiana.

4. 12(b)(6) – Federal law preempts state law as all units manufactured by the Defendant were in accordance with HUD's guidelines, and as such, conflicting state law provisions are preempted.

5. 12(b)(6) – Failure to state a claim upon which relief can be granted under Louisiana law inasmuch as no claimant has specifically claimed any current injury, but rather has generally claimed non-specific and unspecified current and future injury.

6. 12(b)(6) – Failure to state a claim upon which relief can be granted under Louisiana law to the extent that Plaintiffs specifically seek attorneys fees under federal or state law inasmuch as such claims are precluded.

7. 12(b)(6) – Failure to state a claim upon which relief can be granted under Louisiana law to the extent that Plaintiffs specifically assert punitive damages under federal or state law inasmuch as such claims are precluded.

8. 12(b)(6) – Failure to state a claim insofar as putative Plaintiffs have not alleged and cannot prove either specific or general causation for their alleged injuries.

9.      12(b)(6) – Failure to state a claim upon which relief can be granted under Louisiana law to the extent that Plaintiffs specifically assert implied warranty claims, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

10.     12(b)(6) – Failure to state a claim upon which relief can be granted under Louisiana law to the extent that Plaintiffs specifically seek property damages, inasmuch as such claims are precluded.

11.     12(b)(6) – Failure to state a claim upon which relief can be granted under Louisiana law to the extent that Plaintiffs seek to impose joint and several and/or solidary liability upon the Defendant, inasmuch as the applicable law precludes such reapportionment of fault and there is no market-share liability; The Defendant cannot be held responsible for more than its own share of any potential damage award and is not liable for the acts, errors or omissions of any other party or non-party to this litigation.

12.     12(b)(6) – Failure to state a claim upon which relief can be granted under Louisiana law inasmuch as Plaintiff's own negligence, contributory negligence, comparative negligence, assumption of risk, negligence *per se*, gross negligence, recklessness, willfulness, strict liability, and breach of implied warranties claims bars those claims (including, but not limited to, being barred by the exclusivity provisions of the Louisiana Products Liability Act).

13.     12(b)(6) – Failure to state a claim upon which relief can be granted under Louisiana law to the extent that Plaintiffs seek injunctive relief as none of the theories invoked by Plaintiffs provide recovery for injunctive relief sought by plaintiffs and Plaintiffs have not alleged a sufficient basis to entitle them to injunctive relief. The Defendant does not own or control any of the units at issue or where any potential Plaintiff at issue may reside.

14.     12(b)(6) – Failure to state a claim for medical monitoring damages because Plaintiffs have not alleged a present and manifest injury and to the extent that such claims are not recognized by Louisiana law.

15.     12(b)(6) – Plaintiffs' claims are barred by the applicable prescriptive periods and applicable statutes of limitation.

16. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that Plaintiffs specifically seek property damages insofar as such claims are precluded under Louisiana law.

17. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that Plaintiffs have not alleged actual damages and/or have failed to mitigate their damages.

18. 12(b)(2) – (a) Lack of personal jurisdiction over the Defendant in Louisiana or any other State as there is no identified Plaintiff suing any Defendant as having been provided a unit by any Defendant within the *Laney* Complaint such that there is an ability to evaluate the propriety of the proposed venue of this Court; (b) There is no minimum contacts with Louisiana so as to warrant or allow jurisdiction over the Defendant.

19. 12(b)(4) – Inadequacy of service of process in that the *Pujol* Second Amended Complaint was not served on the proper corporate entities.

20. 12(b)(7) – Failure to join a necessary and indispensable party – the suppliers of the materials used in construction of the homes have not been added as parties; there is a contractual indemnification provision between certain Defendants and the companies that contracted with Defendant for manufacture of such homes; (b) failure to join the manufacturers of the furniture or other FEMA mandated furnishings which contain formaldehyde.

21. 12(b)(6) – Failure to state a claim for breach of express warranty under any states' law.

22. 12(b) – Failure to timely file a motion for class certification pursuant to Uniform Local Rule 23.1.

23. Rule 9(b) – Concealment, conspiracy (if any), misrepresentation, and fraud claims should be dismissed for failure to plead such claims with the requisite particularity.

24. Rule 12(b)(5) – Insufficiency of service of process.

25. Rule 12(e) – Motion for a more definite statement.

26. Rule 12(b)(6) – Failure to state a claim for injunctive relief.

27. Rule 12(b)(6) – Failure to state a claim for attorney's fees.

28. Rule 12(b)(6) – Failure to state a claim for punitive damages.

29. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent Plaintiffs seek damages for failure to warn about formaldehyde because Defendant complied

with HUD guidelines and placed warnings in the housing units warning of the very dangers the Plaintiffs allegedly suffered.

30. All Rule 12(b) motions filed in the underlying MDL case (07-1873) by the Defendants and the co-defendants (including, but not limited to, Rec. Docs. 210, 230, 242, 243, 244, 252, 259, 416, 466, 491, 760, 761, and 767).

Defendant, Destiny Industries, LLC, reserves the right to amend or supplement these defenses and to file appropriate preliminary pleadings as well as dispositive and other motions in the above cases and in any other cases in which it has been or will be named and properly served.

Respectfully submitted,

/s/ Joshua G. Keller
**ROBERT E. KERRIGAN, JR. (#7350)(T.A.)**
**JOSHUA G. KELLER (#29288)**
**DEUTSCH, KERRIGAN & STILES, L.L.P.**
755 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-5141
Facsimile: (504) 566-1201
RKerrigan@dkslaw.com
Counsel for Defendant, Destiny Industries, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system for the United States District Court for the Eastern District of Louisiana. Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system. I also certify that I have e-mailed a copy of this filing to any non- CM/ECF participants on this the 16th day of December, 2008

/s/ Joshua G. Keller
**Joshua G. Keller**