UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | ) | MDL NO. 07-1873 |
| FORMALDEHYDE PRODUCT | ) | |
| LIABILITY LITIGATION | ) | SECTION "N-4" |
| | ) | |
| | ) | JUDGE ENGELHARDT |
| | ) | |
| THIS DOCUMENT IS RELATED TO: | ) | MAG. JUDGE ROBY |
| *Laney v. The United States of America*, No. 08-4630 and | ) | |
| and the Amended Master Complaint, No. 07-1873 | ) | |
| | ) | |

**FEDERAL RULE OF CIVIL PROCEDURE 12(B) PRESERVATION LIST
ON BEHALF OF SCOTBILT HOMES, INC.**

NOW INTO COURT, through undersigned counsel, come Defendant, ScotBilt Homes, Inc. ("ScotBilt")[1] and without prejudice to its right to assert any other allowable preliminary motions, pleadings, dispositive motions or affirmative defenses in this or any other case in which it is subsequently named and properly served, and pursuant to Pre-Trial Order No. 4 (Rec. Doc. 130), submits for preservation the following specific Federal Rule of Civil Procedure Rule 12(b) dismissal grounds ("Preservation List") as they relate to the Complaint filed in *Laney, et al v. The United States of America, et al*, Civil Action No. 08-4630[2] and the most recent amendments to the Second Supplemental and Amended Master Complaint in case number 07-1873 (Rec. Doc.

---

[1] It is unclear the extent to which the Second Supplemental and Amended AMC (Rec. Doc. 722) supersedes, amends, and/or replaces the allegations asserted by the plaintiffs in each of the underlying actions.  Thus, out of an abundance of caution, and to ensure that relevant motions and defenses are preserved, for each underlying action in which it has been named as a party, the Defendant has listed the defenses and motions applicable to that underlying action and the Second Supplemental and Amended AMC which has been served upon the Defendant.  Defendant reserves its right to file a similar list in any other lawsuits served upon the Defendant.

[2] This Preservation List does not refer to a PACER number as it appears that there is no PACER reference number for the *Laney* Complaint.

722).³ ScotBilt hereby incorporates and adopts all the filings of the items listed in its prior preservation lists, all Rule 12 and Rule 9 motions filed by the co-defendants in the MDL and in the underlying cases, the preservation lists of all the named co-defendants in the Multi-District Litigation 07-1873 and in all of the underlying cases, including but not limited to *Pujol* (Civil Action No. 08-3217) and *Laney* (Civil Action No. 08-4630), and all Rule 12 Motions filed by the various co-defendants, as if fully set forth at length herein as their own, including, but not limited to, the following issues:

1. Article III Standing: Plaintiffs have failed to satisfy their burden of establishing Article III standing against the Defendant ScotBilt , and thus this Court does not have subject matter jurisdiction over Plaintiffs' claims against ScotBilt. These grounds include but are not limited to the fact that there is no Plaintiff matched to any Defendant such that there is Article III standing to sue Scotbilt, and as Plaintiffs are not purchasers of the units in question.

2. Improper Joinder: Plaintiffs have improperly joined whatever individual claim each may theoretically have against a Defendant with claims that other Plaintiffs may or may not have against other Defendants and have failed to demonstrate any common evidentiary link between either Plaintiffs' claims or the Defendants. Accordingly, the claims levied against the Newly Added Defendants solely as members of the "industry" should be dismissed.

3. Rule 12(b)(3) – (a) Improper venue in any of the states whose laws are at issue in this lawsuit based on contractual forum selection clause/mandatory arbitration clause contained in the manufacturer's warranty contract, which also contractually limits the warranties; (b) Improper venue as to the Plaintiffs who reside outside the Eastern District of Louisiana.

4. 12(b)(6) - Federal law preempts state law as all units manufactured by the Defendant were in accordance with HUD's guidelines, and as such, conflicting state law provisions are preempted; (b) Plaintiff's claims for negligence, gross negligence, recklessness, failure to inspect, breach of

---

³ The Defendant is filing this Preservation List without waiver of its Article III standing defenses in any of the cases or proceedings or in the *Laney* complaint which does not identify a specific putative plaintiff who actually resided in any of the Defendant's housing units. ScotBilt respectfully reserves its right to supplement and amend this Preservation List in the future as further discovery may warrant and require, and in accordance with any and all subsequently filed or served lawsuits naming ScotBilt as a defendant.

2

01707844.1

      implied warrant and "failing to act in a prudent manner" claims are barred under the laws of the states of Louisiana, Texas, Mississippi and Alabama, including but not limited to the exclusivity provisions of the Louisiana Products Liability Act.

5. 12(b)(6) - Failure to state a claim upon which relief can be granted under any state's law inasmuch as no claimant has specifically claimed any current injury, but rather has generally claimed non-specific and unspecified current and future injury; (b) failure to comply with the procedures for presenting a claim as set forth in the warranties and documents provided by ScotBilt Homes.

6. 12(b)(6) - Failure to state a claim upon which relief can be granted under any state's law to the extent that Plaintiffs later specifically seek attorneys fees under federal or state law inasmuch as such claims are precluded.

7. 12(b)(6) - Failure to state a claim upon which relief can be granted under any state's law to the extent that Plaintiffs specifically assert punitive damages under federal or state law inasmuch as such claims are precluded.

8. 12(b)(6) - Failure to state a claim insofar as putative Plaintiffs have not alleged and cannot prove either specific or general causation for their alleged injuries.

9. 12(b)(6) - Failure to state a claim upon which relief can be granted under any state's law to the extent that Plaintiffs specifically assert implied warranty claims, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

10. 12(b)(6) - Failure to state a claim upon which relief can be granted under any state's law to the extent that Plaintiffs specifically seek property damages, inasmuch as such claims are precluded.

11. 12(b)(6) - Failure to state a claim upon which relief can be granted under any state's law to the extent that Plaintiffs seek to impose joint and several and/or solidary liability upon the Defendant, inasmuch as the applicable law precludes such reapportionment of fault and there is no market-share liability; ScotBilt cannot be held responsible for more than its own share of any potential damage award and is not liable for the acts, errors or omissions of any other party or non-party to this litigation.

12. 12(b)(6) - Failure to state a claim upon which relief can be granted under any state's law inasmuch as Plaintiff's own negligence, contributory negligence, comparative negligence, assumption of risk, negligence *per se*, gross negligence, recklessness, willfulness, strict liability, and breach of implied warranties claims bars those claims (including, but not limited to, being barred by the exclusivity provisions of the Louisiana Products Liability Act).

13. 12(b)(6) - Failure to state a claim upon which relief can be granted under any state's law to the extent that Plaintiffs seek injunctive relief as none of the theories invoked by Plaintiffs provide recovery for injunctive relief sought by plaintiffs and Plaintiffs have not alleged a sufficient basis to entitle them to injunctive relief. ScotBilt does not own or control any of the units at issue or where any potential Plaintiff at issue may reside.

14. 12(b)(6) – Failure to state a claim for medical monitoring damages because Plaintiffs have not alleged a present and manifest injury and to the extent that such claims are not recognized by the applicable state law.

15. 12(b)(6) – Plaintiffs' claims are barred by the applicable prescriptive periods and applicable statutes of limitation, prescriptive or peremptive periods, or are otherwise time-barred under the laws of the states of Texas, Louisiana, Mississippi and/or Alabama.

16. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that Plaintiffs specifically seek property damages insofar as such claims are precluded under applicable state law.

17. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that Plaintiffs have not alleged actual damages and/or have failed to mitigate their damages.

18. 12(b)(2) – (a) Lack of personal jurisdiction over the Defendants in Louisiana or any other State such that there is no ability to evaluate the propriety of the proposed venue of this Court as no identified Plaintiff is suing any identified Defendant; (b) There is no minimum contacts with one or more of the states whose laws have been placed at issue (including Louisiana) so as to warrant or allow jurisdiction over the Defendant.

19. 12(b)(4) and (5) – Insufficient process and insufficient service of process as the amended pleadings was not served properly and the original pleadings served upon the Defendant did not contain a party with Article III standing to sue the Defendant..

20. 12(b)(7) – Failure to join a necessary and indispensable party – the suppliers of the materials used in construction of the homes have not been added as parties and the party with whom ScotBilt entered into a subcontract (Alliance Homes, Inc. d/b/a Adrian Homes) has not been properly added as a party; there are contractual indemnification provisions that come into play; (b) failure to join the manufacturers of the furniture or other FEMA mandated furnishings which contain formaldehyde.

21. 12(b)(6) – Failure to state a claim for breach of express warranty under Alabama, Mississippi, Louisiana and Texas law, and as Plaintiffs did not purchase the unit and there is no privity of contract.

4

01707844.1

22. 12(b)(6) – Failure to state a claim for breach of implied warranty under Alabama, Mississippi, Louisiana and Texas law, and as Plaintiffs did not purchase the unit and there is no privity of contract.

23. 12(b) - Failure to timely file a motion for class certification pursuant to Uniform Local Rule 23.1.

24. Rule 9(b) – Concealment, conspiracy (if any), misrepresentation, and fraud claims should be dismissed for failure to plead such claims with the requisite particularity.

25. Rule 12(b)(5) – Insufficiency of service of process.

26. Rule 12(e) – Motion for a more definite statement.

27. Rule 12(b)(6) – Failure to state a claim for injunctive relief.

28. Rule 12(b)(6) – Failure to state a claim for attorney's fees.

29. Rule 12(b)(6) – Failure to state a claim for punitive damages.

30. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent Plaintiffs seek damages for failure to warn about formaldehyde because Defendant complied with HUD guidelines and placed warnings in the housing units warning of the very dangers the Plaintiffs allegedly suffered, and all persons are charged with knowledge of the published federal laws, rules and regulations and the HUD mandated warning concerning formaldehyde is published in the Code of Federal Regulations – see *Federal Crop Ins. Corp. v. Merrill,* 332 U.S. 380 (1947).

31. Rule 12(b)(1) – Lack of subject matter jurisdiction because Plaintiffs lack the sufficient amount in controversy for subject matter jurisdiction.

32. All Rule 12(b) motions filed in the underlying MDL case (07-1873) by the Defendant and the co-defendants (including, but not limited to, Rec. Docs. 210, 230, 242, 243, 244, 252, 259, 416, 466, 491, 760, 761, and 767).

33. 12(b) Failure to state a claim as there is immunity based upon the existence of an underlying governmental contract and no right and no cause of action exists.

34. 12(b) Failure to state a claim because Plaintiffs fail to make any particularized allegations regarding their injuries and damages, and failed to make any particularized allegations connecting any particular plaintiff to conduct by any particular defendant.

01707844.1

35. 12(b) Failure to state a claim for which relief can be granted to the extent that Plaintiffs seek to impose strict liability where the law does not allow for same.

36. 12(b) Failure to state a claim as there is no joint and several liability among the defendants.

37. 12(b) Failure to state a claim for property damages as the law does not allow for recovery of same.

Finally, ScotBilt Homes, Inc. respectfully asserts that it preserves all defenses raised and briefed in their Motion to Dismiss and the co-defendants' Motions to Dismiss in MDL 1873 (Civil Action No. 07-1873) and the underlying cases.

Respectfully submitted,

*/s/ Thomas C. Pennebaker*
NIELSEN LAW FIRM, LLC
Thomas C. Pennebaker, LA. S.B. #24597
3838 N. Causeway Blvd., Suite 2850
Metairie, LA 70002
Phone: (504) 837-2500
Fax: (504) 832-9165
Email: tpennebaker@nielsenlawfirm.com
Counsel for ScotBilt Homes, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document by first-class mail to all counsel of record who are non-CM/ECF participants.

*/s/ Thomas C. Pennebaker*

6

01707844.1