UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                      MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION
                                                  SECTION "N" (5)

THIS DOCUMENT RELATES TO ALL CASES

## PRETRIAL ORDER NO. 24

      On November 24, 2008, the Court held a telephone status conference with the following counsel participating: Andrew Weinstock, Joe Glass, Justin Woods, Adam Dinnell and Tom Thagard. During the conference, the Court **ORDERED** as follows:

      1)    **Non-Litigation Track:** A separate Non-Litigation Track is created for the Defendants that manufactured HUD-regulated homes. This Order governs the Non-Litigation Track.

      2)    **Duration:** The Non-Litigation Track shall remain in existence for six months from the date this Order is entered and may be extended by the Court for 90 day periods thereafter if appropriate. Any party can move the Court at any time to remove the claims against a Defendant from the Non-Litigation Track and back into active merits-based litigation.

      3)    **Parties:** The Non-Litigation Track Defendants are: CMH Manufacturing Inc., Southern Energy Homes, Inc., Palm Harbor Homes, Inc., Palm Harbor Mfg., LP Palm Harbor Albemarle, LLC, Giles Family Holdings, Inc., Horton Homes, Inc., Silver Creek Homes, Inc., Redman Homes, Inc., Dutch Housing, Inc., Liberty Homes, Inc., Waverlee Homes, Inc., ScotBilt Homes, Inc., Alliance Homes, Inc. dba Adrian Homes, American Homestar Corporation, Oak

Creek Homes, LP., Cavalier Home Builders, L.L.C., Champion Home Builders Co., Homes of Merit, Inc., and River Birch Homes, Inc. ("Non-Litigation Track Defendants").  To the extent that any Defendant that manufactured HUD-regulated homes is omitted from this list, such Defendant may apply to the Court to be placed on the Non-Litigation Track.

4) **Reporting:**  During the existence of the Non-Litigation Track, the PSC and the Non-Litigation Track Defendants shall report in writing to the Court every 30 days from the date this Order is entered.  Such report shall be sent to the Court, PSC Liaison Counsel, Manufacturing Defendants Liaison Counsel and the Government and shall include a general recitation of the efforts made by the PSC and the Non-Litigation Track Defendants during the preceding 30 days to determine whether an amicable resolution of those claims is possible.  No specific settlement discussions or settlment amounts shall be included in the report.

5) **Discovery and Pleading Matters Among Non-Litigation Track Parties:** During the pendency of the Non-Litigation Track, the PSC and the Non-Litigation Track Defendants will not engage in formal discovery.   During the pendency of the Non-Litigation Track, the Non-Litigation Track Defendants shall not be required to file answers or other responsive pleadings to the Master Complaint (or supplements and amendments), to underlying actions encompassed within the MDL or to tag-along actions.  All such answers and responsive pleadings (including Rule 12(b) Preservation Lists) shall be filed 20 days following  the termination of the Non-Litigation Track as to all parties and if not as to all parties, then upon termination as to a specific Defendant.

6) **Discovery Among Litigation Track Parties:**  In order to prevent duplication of discovery in the event the Non-Litigation Track is later terminated, the following shall govern

participation by the Non-Litigation Track Defendants in ongoing discovery in the MDL proceeding.

a) No 30(b)(6) depositions of a Federal agency or depositions of current or former Federal government employees shall be conducted twice. To the extent the Non-Litigation Track Defendants wish to participate in such depositions or ask questions, the Non-Litigation Track Defendants must attend and participate in those depositions. The PSC, Manufacturing Defendants and the Government shall give the Non-Litigation Track notice of the scheduling of such depositions as required by the FRCP.

b) The Non-Litigation Track Defendants shall also be given notice pursuant to the FRCP of any 30(b)(6) depositions of Litigation Track Defendants. The Non-Litigation Track Defendants shall be given the opportunity to participate in those depositions as well. If the Non-Litigation Track Defendants opt not to participate in those depositions, the Non-Litigation Track Defendants shall be precluded from taking the depositions of those corporate entities at a later date, except upon good cause shown. The substance of any later depositions allowed by the Court shall be limited to matters specifically affecting the Non-Litigation Track Defendants and shall not duplicate substantive matters previously covered in those depositions.

c) Non-Litigation Track Defendants shall be precluded from retaking the deposition of any individual Plaintiff asserting claims against a Litigation Track Defendant unless that specific Plaintiff has an additional claim against a Non-Litigation Track Defendant. In that event, the Non-Litigation Track Defendant will be permitted to depose the Plaintiff at a later date on matters relating to the Plaintiff's claims against that Defendant but will not be permitted to duplicate questions asked and answered in the prior deposition. The substance of

such depositions may be expanded for good cause shown.  Nothing herein shall in any way limit a Non-Litigation Track Defendant's ability to conduct discovery related to a specific Plaintiff in defense of a specific claim or trial against that Defendant.

d)  If in a later bellwether trial, either the Plaintiffs or the Non-Litigation Track Defendants use the same experts as have been deposed in prior bellwether trials against the Litigation Track Defendants, the parties will be permitted to depose those experts on matters related to the issues relevant to the bellwether trial.  The parties, however, will not be permitted to duplicate questions asked and answered in prior depositions.  The substance of such depositions may be expanded for good cause shown.

7)  Nothing herein shall limit the PSC's obligation to distribute Plaintiff Fact Sheets as set forth in the prior Orders of this Court.  Further, with respect to ongoing testing of THUs, the Orders of this Court, including the August 25, 2008 Order (Rec. Doc. 689), requiring pre-notification to the unit manufacturer (through the MDLC), shall remain in effect.

8)  **Miscellaneous:**  The Court and the parties recognize that it is difficult to predict how this litigation and related discovery will proceed in the future, and therefore, this Order is subject to modification upon motion by any party if future needs so require.  The Order may be modified only for good cause shown.

New Orleans, Louisiana, this 18th day of December, 2008.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**