UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER　　　　　　　　　　　　　　　　MDL NO. 07-1873
　　　　FORMALDEHYDE PRODUCTS
　　　　LIABILITY LITIGATION
　　　　　　　　　　　　　　　　　　　　　　　　　　　SECTION "N" (5)

THIS DOCUMENT RELATES TO
Case No. 07-9228

## ORDER AND REASONS

Before the Court is the Motion for Leave to File First Supplemental and Amending Complaint (Rec. Doc. 758), filed by all plaintiffs. Having considered Plaintiffs' Complaint, the memoranda of the parties, the record, and the applicable law, the Court rules as set forth herein.

**I.　ARGUMENTS OF THE PARTIES**

Plaintiffs assert that since the filing of the original underlying Complaint in the Aldridge member case (07-9228), counsel for Plaintiffs have received information which, in the interest of judicial economy and justice, requires the addition of seven additional defendants from those named in the underlying action and the assertion of causes of action specific to these newly added defendants. These defendants Plaintiffs seek to add as listed as follows: (1) the United States of America (hereinafter the "FEMA"); (2) Fluor Enterprises, Inc. ("Fluor"); (3) Bechtel Corporation ("Bechtel"); (4) Shaw Group ("Shaw"); (5) CH2M Hill ("CH2M");[1] (6) North American Catastrophe Services, Inc. ("NACS"); and (7) Morgan Building & Spa Manufacturing Company, Inc. ("Morgan").[2]

Plaintiffs explain that FEMA tasked the Procurement Defendants with identifying,

---

[1] Collectively, Fluor, Bechtel, CH2M, and Shaw, are hereinafter referred to as "No-Bid Defendants".

[2] Collectively, Morgan and NACS are hereinafter referred to as the "Procurement Defendants".

selecting, and procuring temporary housing units to house the victims of hurricanes Katrina and Rita. Plaintiffs assert that the Procurement Defendants knowingly selected and procured units which were neither intended nor suited for extended habitation (i.e., travel trailers). Following the procurement of the temporary housing units, Plaintiffs contend that FEMA tasked the No-Bid Defendants with the implementation of temporary housing assistance, including hauling units, installing units, converting units from mobile recreational vehicles to stationary residential units, managing the units, maintaining the units, and refurbishing the units. After victims of hurricanes Katrina and Rita were put into temporary housing units, concerns over formaldehyde content in the units begin to arise. Plaintiffs argue that rather than effectively and proactively resolving the problem, FEMA, lacking any clear policy rationale for doing so, suppressed and covered up their knowledge of formaldehyde in the temporary housing units.

Plaintiffs argue that, pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, this Court should allow the amendment of the Original Complaint for four reasons. First, at the time of filing, Plaintiffs did not know of the involvement of the New Defendants (other than FEMA). Second, the causes of action against the New Defendants, all stemming from formaldehyde exposure in the temporary housing units provided to victims of hurricanes Katrina and Rita, have been discovered through document production and deposition testimony, all of which only recently came into the possession of the Plaintiffs. Third, every single one of the New Defendants has been deposed and provided some document production which indicate possible liability to the Plaintiffs arising out of the events and occurrences alleged in the Original Complaint and which gave the New Defendants ample indication they may be brought in and made defendants to this action. Fourth, this action has not entered the merits phase of litigation

and, as such, there is no prejudice to any of the New Defendants in their ability to defend against the assertions and allegations in the Amended Complaint.[3] Further, Plaintiffs note that FEMA is already a named party to the Master Class Complaint based upon a separate underlying complaint, and its addition to this matter is only sought to correct the failure to include FEMA in Plaintiff's original Complaint in this matter.

In opposition, Defendants Gulf Stream Coach, Inc., Fleetwood Enterprises, Inc., Forest River, Inc., Keystone RV Company, and Coachmen Recreational Vehicles of Georgia, LLC, (collectively, the "existing Aldridge Defendants") claim that the motion should either be denied or the Court should wait to do so until after the issue of class certification is determined.[4] First, the existing Defendants complain that Plaintiffs have been aware of the basis for their formaldehyde-related claims for several years but waited until now to add the new group of defendants- especially when the class certification process is virtually over at this point.[5] Next, the existing Defendants note that Plaintiffs offer no explanation about when they supposedly learned about the involvement of these New Defendants or why they waited to add them. Third, the existing Defendants contend that if allowed, the Aldridge amendment will interfere with the class certification schedule and the progress of this litigation - as they anticipate that the newly-added defendants will request additional time to respond to the pending class certification motion. Thus, the Court would have to either delay the class cert proceedings or force the new

---

[3] When this motion was filed on October 23, 2008, merits discovery had not yet begun. The Court notes that merits discovery has only begun.

[4] On November 19, 2008, this Court issued an Order (Rec. Doc. 919) continuing the hearing on this motion until December 10, 2008, without oral argument. Further, this Court issued an Order and Reasons (Rec. Doc. 1014) on December 29, 2008, wherein it denied Plaintiff's Motion for Class Certification (Rec. Doc. 764).

[5] Again, the issue of class certification has already been determined.

3

defendants into the litigation with no opportunity to participate in the class certification discovery, briefing or hearing process. Last, the existing defendants argue that the proposed amendments would interfere with the MDL and pending Administrative Master Complaint - because under Pre-trial Order No. 2, the Master Complaint filed by plaintiffs "shall incorporate and supersede all pending actions and those subsequently filed, removed or transferred to this Court as part of this proceeding." The instant proposed amendment is not consistent with the pending Master Complaint because it adds new defendants and claims. According to the existing Defendants, it is unclear the extent to which these two pleadings relate to each other and whether the proposed amendment in Aldridge would be incorporated into the Master Complaint.

## II. DISCUSSION

The policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings. Leave to amend "shall be freely given when justice so requires," Fed.R.Civ.P. 15(a)(2), and the Rule indicates a bias in favor of granting leave to amend. Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir.2000) (quotations omitted) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir.1994); *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 770 (5th Cir.1999); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597-98 (5th Cir.1981)). Thus, leave to amend "shall be freely given when justice so requires," Fed.R.Civ.P. 15(a)(2), but "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir.1993) (quotation omitted).

Although the instant request to amend the Complaint in *Aldridge* seems to be somewhat

untimely, coming several months after the original Complaint was filed with little reason offered for the delay, this Court finds that because merits discovery has only just begun, there is little to no harm done in allowing them to amend the Complaint herein to state claims against the new Defendants. However, as mentioned herein, the issue of class certification has already been decided. On December 29, 2008, this Court denied Plaintiffs' motion for class certification. (Rec. Doc. 1014). Thus, to the extent that Plaintiffs seek to amend to allege class allegations, this motion is denied. However, the Court will exercise its discretion in this regard and allow Plaintiffs 15 days from the entry of this Order to seek leave to file another version of an amended complaint, which does not raise class action allegations, which the Court is inclined to grant.

### III. CONCLUSION

Considering the foregoing, **IT IS ORDERED** that Motion for Leave to File First Supplemental and Amending Complaint (Rec. Doc. 758) is **DENIED**, without prejudice to the right of Plaintiffs to seek leave of Court, within 15 days of the entry of this Order and Reasons, to file another version of an amended complaint, which does not raise class action allegations.

New Orleans, Louisiana, this 30th day of December, 2008.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**