

CORPORATION SERVICE COMPANY'

CZG / ALL
Transmittal Number: 6102454
Date Processed: 10/13/2008

## Notice of Service of Process

| | |
|---|---|
| Primary Contact: | Burton K. Haimes, Esq.<br>Orrick, Herrington & Sutcliffe LLP<br>666 Fifth Avenue<br>New York, NY 10103-0001 |
| Entity: | Bureau Veritas North America, Inc.<br>Entity ID Number 2179037 |
| Entity Served: | Bureau Veritas North America, Inc. |
| Title of Action: | In Re: FEMA Trailer Formaldehyde Products Liability Litigation |
| Document(s) Type: | Subpoena |
| Nature of Action: | Information/Appearance Request |
| Court: | U.S. District Court, Texas |
| Case Number: | 1873 |
| Jurisdiction Served: | Texas |
| Date Served on CSC: | 10/13/2008 |
| Answer or Appearance Due: | 10/17/2008 |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Linda L. Nelson<br>504-581-1750 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
CSC is SAS70 Type II certified for its Litigation Management System.
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com



EXHIBIT
A

LMS Packing Slip

## Package ID: 1089456

| | |
|---|---|
| Tracking Number: | 944764223397 |
| Package Recipient: | Burton Haimes, Esq. |
| Recepient Company: | Orrick, Herrington & Sutcliffe LLP |
| Recepient Address: | 666 Fifth Avenue   New York NY 10103-0001 USA |
| Phone Number: | 2125065000 |

**Package Contents:**

| Transmittal Number | Case Number | Title of Action |
|---|---|---|
| 0102454 | 1873 | In Re. FEMA Trailer Formaldehyde Products Liability Litigation |

DELIVERED THIS 10-13-08 DAY OF
BY Amy [signature]
CIVIL PROCESS

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
Western District of Texas

In Re: FEMA Trailer Formaldehyde Products Liability
Litigation        V.

SUBPOENA IN A CIVIL CASE

Case Number:[1] MDL No. 1873 Section "N" (4)
EDLA

TO: Bureau Veritas North America, Inc.
Through their Registered Agent
Corp. Service Co., dba CSC - Lawyers Incorp. Service Co.
701 Brazos, Ste 1050, Austin, TX 78701

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see attached Exhibit A

| PLACE Lambert & Nelson, 701 Magazine Street, New Orleans, LA 70130 | DATE AND TIME 11/7/2008 5:00 pm CST |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney for Plaintiffs | DATE 10/10/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Linda J. Nelson, Lambert & Nelson, 701 Magazine Street, New Orleans, LA 70130 (504) 581-1750

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
 (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
 (2) Command to Produce Materials or Permit Inspection.
  (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
 (3) Quashing or Modifying a Subpoena.
  (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information;
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
   (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
  (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
 (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
  (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) Claiming Privilege or Protection.
  (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
 The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

EXHIBIT A

A. DEFINITIONS

1. "You" and its various forms, such as "your" and "yourself", shall mean the person subject to this notice and/or subpoena and/or request for production and all present and former agents, employees, representatives, attorneys, custodian of records, and all other persons acting on behalf of such person, including, but not limited to, deponent, its divisions, parents, subsidiaries, relate\\Svr-3\user\Racheal\FEMA TRAILER\Class Certification\Depositions\Deposition Notices\Candice's Documents only request\Burea Veritas.wpdd companies or corporations, predecessors, successors, and all present and former officers, directors, agents, employees, representatives, and attorneys, and all other persons acting or purporting to act on behalf of deponent.

2. "Documents" shall mean or refer to all written or graphic matter of every kind of description, however, produced or reproduced, whether draft or final, original or reproduction, and all tangible things within the scope of Federal Rule of Civil Procedure 30(b)(6), specifically including, but not limited to: writings, graphs, charts, photographs, satellite and/or radar imagery, telephone records, data compilations (from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), letters, correspondence, e-mail communications, memoranda, minutes, notes, contracts, agreements, books, diaries, time sheets, laboratory books, logs, bulletins, circular, notices, rules, regulations, prospects, directions, teletype messages, inter-office communications, intra-office communications, reports, company worksheets, credit files, evidence of indebtedness, negotiable instruments, telegrams, mailgrams, books, news releases, newspapers, magazines, advertisements, periodicals, pamphlets, sketches, drawings, statements, reports, articles of incorporation, by-laws, directives, minutes of meetings, balance sheets, income and loss statements, profit and loss statements, inventories, operating budgets, accounting worksheets, financial accounts, bills, vouchers, bank checks, proposals, offers, orders, acknowledgments, receipts, invoices, checks, working papers, telephone messages (whether written or recorded), notebooks, post cards, evaluations, recommendations, annual reports, confirmations, leases, analyses, feasibility or market studies, disbursement requests or orders, charts, graphs, indices, projections, forms, data sheets, data processing discs, or readable computer-produced interpretations thereof, booklets, articles, manuals, speeches, stenographic notes, maps, studies, tests, surveys, cables, tape and disc recordings (both audio and video), blueprints, containers, cartons, package labels, slides, audit reports, tender offers or invitations, personal

Page 1 of 5

interviews, and summaries, abstracts, compilations or paraphrases of any of the foregoing, or material similar to any of the foregoing, however denominated, which are in the possession, custody or control of the party upon whom this subpoena and/or request for production of documents is served or to which said party can obtain access. The subpoena and/or request for production of documents calls for originals, unless otherwise specified, and for all copies when originals are not available. If a document has been prepared in several copies, or additional copies have been made and the copies are not identified (or by reason of subsequent modification of the copy by additions or notations, or other modifications, are no longer identical), each non-identical copy is a separate "document."

3. With respect to the production of any documents which are claimed to be privileged, a statement shall be provided by the attorneys for the respondent setting forth as to each such documents (and, where applicable, each attachment thereto):

   a. the name of the sender, if any, of the documents;
   b. the name of the author of the document;
   c. the name of the person, if any, to whom the document and copies were sent;
   d. the date of the document;
   e. the date on which the document was received by those having possession of the document;
   f. a description of the nature and the subject matter of the document;
   g. the statute, rule or decision which is claimed to give rise to the privilege;
   h. the last-known custodian of the document and the present location of the document;
   i. attachments to the document;
   j. the number of pages comprising the document;
   k. whether the document is handwritten, typewritten or otherwise prepared; and
   l. any other information which is useful in identifying or is necessary to identify the document.

4. Whenever appropriate, the singular form of the word shall be interpreted in the plural and vice versa.

5. All words and phrases shall be construed as masculine, feminine, or neutral gender according to the context.

6. "And" as well as "or" shall be construed either disjunctively as necessary to bring within the scope of the subpoena and/or request for production of

documents any matters which might otherwise be construed to be outside of the scope of the subpoena and/or request for production of documents.

7. "Identify" with regard to a natural person, means to provide the name, last known address, last known telephone number; whether ever employed by you, and if so, dates of employment, descriptions and/ or title of each position held, and the reasons for termination; and, current employer and/or last known employer and position held.

"Identify," *with regard to a corporation*, means to provide the name of the entity along with its primary business address and telephone number.

"Identify," *with regard to documents or other inanimate objects*, means to provide the date, author, address, number of pages, subject matter, custodian of the document, and location of the document.

8. Complaint means the Administrative Master Complaint filed in this action on March 18, 2008.

9. Describe or Specify means the following:

   (A) to offer a detailed description of the thing sought including where appropriate, to identify the thing;

   (B) to set forth the matter which you are asked to "describe" or "specify", and do so fully in detail, by reference to underlying facts rather than reference to ultimate facts or conclusion of fact and law;

   (C) to state particulars as to (i) time and (ii) place;

   (D) "Identify" the "person" participating, present or involved at any time; and

   (E) to set forth all facts necessary to a complete understanding of the "fact", process, or thing in questions.

10. FEMA means the Federal Emergency Management Agency and includes the Department of Homeland Security and any governmental or other related agency.

11. THUs means Temporary Housing Units and is defined as travel trailers, mobile homes, park homes or any similar type of housing provided by FEMA.

12. CDC means Center for Disease Control or any related entity.

13. Governmental Agency means any local, state, or federal governmental agency, members of the U.S. Congress or state legislatures or their staff, congressional or legislative committee members or their staff, and/or members of the Executive Branch of government.

B. DOCUMENT REQUESTS

Date Range: Unless specified otherwise, January 1, 2005 to the present.

Any and all documents relating to:

1. Testing Issues:

    a. The date and manner in which you were first contacted by the CDC or any other government agency regarding testing of THUs provided to victims of Hurricanes Katrina and Rita.

    b. Any and all testing, testing protocol, and/or lab results for testing performed by Bureau Veritas North America, Inc. (BVNA) for formaldehyde in THUs utilized for emergency response and/or in any staging or storage areas in connection with Hurricanes Katrina and Rita, including indoor formaldehyde emissions testing of THUs and emissions testing of component parts.

    c. Any and all testing, testing protocol, lab results and/or case narratives for any testing performed by BVNA for any government agency, manufacturer, supplier or contractor to investigate complaints of elevated formaldehyde concentrations or emissions in THUs provided to victims of Hurricanes Katrina and Rita and/or any other Federally declared disaster.

    d. Any contract(s) with the CDC or any other government agency regarding testing of THUs provided to victims of Hurricanes Katrina and Rita.

2. Health Issues and Concerns:

    a. The circumstances through and under which you first became aware of health hazards associated with exposure to formaldehyde and/or urea-formaldehyde-based resins in the THUs manufactured or provided in response to Hurricanes Katrina and Rita.

    b. The circumstances through and under which you first became aware of the existence of formaldehyde levels exceeding 0.008 ppm in the THUs

Page 4 of 5

provided to those persons displaced by Hurricanes Katrina and Rita from August 29, 2005 to the present, and/or any other Federally declared disaster.

c. The circumstances through and under which you first became aware of the existence of formaldehyde levels exceeding 0.03 ppm in the THUs provided to those persons displaced by Hurricanes Katrina and Rita from August 29, 2005 to the present, and/or any other Federally declared disaster.

d. Studies concerning the health effects of formaldehyde emissions in the THUs by any non-governmental agencies.

3. Communications with or between Defendants and Putative Class Members:

a. Communications from January 1, 2005 to the present with the CDC or any other government agency or any manufacturer or supplier of THUs used in connection with Hurricanes Katrina and Rita regarding test results, testing issues, health concerns and/or complaints of odors from residents and/or anyone on their behalf, or from any of your employees.

b. Communications with the CDC or any other government agency or manufacturer or supplier regarding THUs provided in response to Hurricanes Katrina and Rita and possible formaldehyde emissions in THUs.

\\Svr-3\user\Racheal\FEMA TRAILER\Class Certification\Depositions\Deposition Notices\Candice's Documents only request\Burea Veritas.wpd - Lambert & Nelson

Page 5 of 5

PLEASE FOLD THIS SHIPPING DOCUMENT IN HALF AND PLACE IT IN A WAYBILL POUCH AFFIXED TO YOUR SHIPMENT SO THAT THE BAR-CODE PORTION OF THE LABEL CAN BE READ AND SCANNED. ***WARNING: USE ONLY THE PRINTED ORIGINAL LABEL FOR SHIPPING. USING A PHOTOCOPY OF THIS LABEL FOR SHIPPING PURPOSES IS FRAUDULENT AND COULD RESULT IN ADDITIONAL BILLING CHARGES, ALONG WITH THE CANCELLATION OF YOUR FEDEX ACCOUNT NUMBER.

From: Origin ID: ARGA (888) 690 2882
Mary Drummond
Corporation Service Company
2711 Centerville Road
Suite 400
Wilmington, DE 19808

FedEx Express

Ship Date: 13OCT08
Actual Wgt: 1 LB
System#: 108202/FXRS0766
Account#: S 322544685

REF:


Delivery Address Bar Code

SHIP TO: (212) 506 5000    BILL THIRD PARTY
Orrick, Herrington & Sutcliffe LLP
Burton K. Haimes, Esq.
666 Fifth Avenue

New York, NY 10103



STANDARD OVERNIGHT                    TUE
                                      Deliver By:
TRK#  9447 6422 3397   FORM           14OCT08
                       0201    EWR    A1

10103   -NY-US


XA QNYA