UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-4" |
| THIS DOCUMENT RELATES TO:<br>*Pujol v. The United States of America, et al.*,<br>No. 08-3217 | JUDGE ENGELHARDT<br>MAG. JUDGE ROBY |

*************************************************************************

**JOINT LIST OF DEFENSES AND MOTIONS TO BE PRESERVED FILED ON BEHALF OF HEARTLAND RECREATIONAL VEHICLES, LLC AND TIMBERLAND RV COMPANY PURSUANT TO PRETRIAL ORDER NO. 4**

Pursuant to Pretrial Order No. 4 (Document 130), Defendants Heartland Recreational Vehicles, LLC ("Heartland") and Timberland RV Company ("Timberland") respectfully submit their joint list of defenses and motions to be preserved in the underlying lawsuit of *Pujol v. The United States of America, et al.*, No. 08-3217, which is submitted in addition to the joint defenses, including any Rule 9 and Rule 12 defenses, submitted by Defendants' Liaison Counsel. Heartland and Timberland's listing is limited to the *Pujol* matter, and Heartland and Timberland reserve their right to assert any other allowable preliminary pleadings, dispositive motions, or affirmative defenses in this case or in any other case in which they are subsequently named as parties and properly served.

In accordance with the Court's direction, Heartland and Timberland submit the following defenses and motions that are anticipated to be raised should this underlying matter proceed forward against them:

1. Rule 12(b)(1): Lack of subject matter jurisdiction over claims;

2. Rule 12(b)(3): Improper venue;

- 2 -

    3.    Rule 12(b)(5): Insufficiency of service of process;

    4.    Rule 12(b)(6): Failure to state a claim – Plaintiffs' claims sounding in breach of express warranty for property damage and personal injury fail under Alabama, Mississippi, Texas, and Louisiana law;

    5.    Rule 12(b)(6): Failure to state a claim – Plaintiffs' claims sounding in breach of implied warranty of merchantability for property damage fail under Alabama, Mississippi, and Texas law;

    6.    Rule 12(b)(6): Failure to state a claim – Plaintiffs' claims sounding in breach of implied warranty for fitness for a particular purpose for property damage and personal injury fail under Alabama, Mississippi, and Texas law;

    7.    Rule 12(b)(6): Failure to state a claim – Plaintiffs' claims are barred by the economic loss doctrine under Alabama, Mississippi, Texas, and Louisiana law;

    8.    Rule 12(b)(6): Failure to state a claim – Plaintiffs' claims for medical monitoring are precluded by Alabama, Mississippi, Texas, and Louisiana law;

    9.    Rule 12(b)(6): Failure to state a claim for injunctive relief;

    10.    Rule 12(b)(6): Failure to state a claim for attorney's fees;

    11.    Rule 12(b)(6): Failure to state a claim for punitive damages;

    12.    Rule 12(b)(6): Failure to state a claim because plaintiffs failed to make any particularized allegations regarding their injuries and damages, and failed to make any particularized allegations connecting any particular plaintiff to conduct by any particular defendant;

BDDB01 5529483v1

13. Rule 12(e): Motion for more definite statement of the complaint based on plaintiffs' failure to make particularized allegations about their injuries and damages and failure to make any particularized allegations about any particular defendants' alleged conduct;

14. Rule 21: Improper joinder: Failure to satisfy requirements for joinder of parties under Federal Rules of Civil Procedure 19 and 20;

15. Rule 9(b): Failure to plead fraud and misrepresentations with particularity;

16. Rule 12(b)(6): Failure to state a claim because plaintiffs' claims are barred by the applicable prescriptive and/or statute of limitations period;

17. Rule 12(b)(6): Failure to state a claim – Plaintiffs' claims fail to state a claim upon which relief can be granted to the extent plaintiffs seek to impose joint and several and/or solidarity liability upon manufacturing defendants, because such claims are precluded by applicable law;

18. Plaintiffs lack standing because they are not the purchasers or buyers of the units at issue;

19. Heartland and Timberland hereby adopt and incorporate all filings of applicable items listed in the preservation lists of similarly situated co-defendants in MDL No. 1873 and all underlying cases, and all applicable Rule 12 and Rule 9 motions filed by similarly situated co-defendants in the MDL and underlying cases; and

20. Heartland and Timberland reserve the right to supplement and amend their list of defenses and motions to be preserved as further discovery may warrant and require.

Respectfully submitted,

**ADAMS AND REESE LLP**

By: /s/ Scott E. Delacroix
    Scott E. Delacroix, T.A. (#4823)
    701 Poydras Street, Suite 4500
    New Orleans, Louisiana 70139
    (504) 581-3234
    (504) 566-0210 (fax)

    J. Joseph Tanner (*Pro Hac Vice to be filed*)
    Baker & Daniels LLP
    300 North Meridian Street, Suite 2700
    Indianapolis, Indiana 46204
    (317) 237-1000
    (317) 237-0300 (fax)

    Thomas C. Kus (*Pro Hac Vice to be filed*)
    Baker & Daniels LLP
    111 East Wayne Street, Suite 800
    Fort Wayne, Indiana 46802
    (260) 424-8000
    (260) 460-1700 (fax)

ATTORNEYS FOR DEFENDANT
TIMBERLAND RV COMPANY

**ALLEN & GOOCH**

By: /s/ Brent M. Maggio
    Brent M. Maggio, T.A. (#19959)
    3900 North Causeway Boulevard, Suite 1450
    Metairie, Louisiana 70002
    (504) 836-5200
    (504) 836-5205 (fax)

ATTORNEYS FOR DEFENDANT HEARTLAND
RECREATIONAL VEHICLES, LLC

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all known counsel of record.

By: /s/ Scott E. Delacroix

BDD301 5529483v1