UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY | * | |
| LITIGATION | * | |
| | * | JUDGE: ENGELHARDT |
| This Document Relates to: | * | |
| ADMINISTRATIVE MASTER | * | |
| COMPLAINT, AS SUPPLEMENTED | * | |
| AND AMENDED | * | MAG: CHASEZ |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, GULF STREAM COACH, INC., TO ADMINISTRATIVE MASTER COMPLAINT, FIRST SUPPLEMENTAL AND AMENDED MASTER COMPLAINT AND SECOND SUPPLEMENTAL AND AMENDED MASTER COMPLAINT AND JURY TRIAL REQUEST

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Gulf Stream

Coach, Inc., which, for answer to Plaintiffs' Administrative Master Complaint (R. Doc. 109),

First Supplemental and Amended Master Complaint (R. Doc. 379) and Second Supplemental and

Amended Master Complaint (R. Doc. 722), respectfully avers as follows:

### FIRST DEFENSE

Plaintiffs' Administrative Master Complaint, as supplemented and amended, fails to state

a claim or cause of action against Gulf Stream Coach, Inc. upon which relief can be granted.

### SECOND DEFENSE

**AND NOW**, in answer to the specific allegations of the Administrative Master

Complaint, as supplemented and amended:

## ANSWER TO ADMINISTRATIVE MASTER COMPLAINT

### I.

The statement contained in Paragraph 1 of Plaintiffs' Administrative Master Complaint does not require a response on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, Gulf Stream Coach, Inc. respectfully submits that the Court record is its own best evidence of the contents contained therein.

### II.

The statement contained in Paragraph 2 of Plaintiffs' Administrative Master Complaint does not require a response on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, Gulf Stream Coach, Inc. respectfully submits that Pre-Trial Order No. 2 (R. Doc. 87) is its own best evidence of the contents contained therein.

### III.

The statements contained in Paragraph 3 of Plaintiffs' Administrative Master Complaint do not require a response on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the statements of Paragraph 3 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

### IV.

The statements contained in Paragraph 4 of Plaintiffs' Administrative Master Complaint do not require a response on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the statements of Paragraph 4 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

V.

The statements contained in Paragraph 5 of Plaintiffs' Administrative Master Complaint do not require a response on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the statements of Paragraph 5 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

VI.

The allegations contained in Paragraph 6 of Plaintiffs' Administrative Master Complaint are denied.  Gulf Stream Coach, Inc. affirmatively asserts that the claims of the specifically named individuals are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

VII.

The allegations of Paragraph 7 and all subparts therein of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein. Moreover, to the extent that it is established through discovery, Gulf Stream Coach, Inc. affirmatively asserts that the named individuals are not appropriate representatives of any proposed class or subclass.  Finally, to the extent that it is established through discovery, Gulf Stream Coach, Inc. affirmatively asserts that the named individuals did not use a product manufactured by Gulf Stream Coach, Inc., and thus, have no basis for a claim against Gulf Stream Coach, Inc.

VIII.

In response to the allegations of Paragraph 8 and all subparts therein of Plaintiffs' Administrative Master Complaint, Gulf Stream Coach, Inc. admits that it is an Indiana corporation with its principal office in Nappanee, Indiana, and that it manufactured and supplied

travel trailers, which it sold directly to FEMA.  All other allegations contained in Paragraph 8 and all subparts therein are denied for lack of sufficient information to justify a belief therein.

IX.

The allegations contained in Paragraph 9 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

X.

The allegations contained in Paragraph 10 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

XI.

The allegations contained in Paragraph 11 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, Gulf Stream Coach, Inc. denies that any individual defendant suffered damages as alleged, to the extent it is established through discovery.  In further response, Gulf Stream Coach, Inc. admits that the jurisdictional requirements of this Court are satisfied.

XII.

The allegations contained in Paragraph 12 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach,

Inc.  To the extent that a response is required, Gulf Stream Coach, Inc. admits that the jurisdictional requirements of this Court are satisfied.

XIII.

The allegations contained in Paragraph 13 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, Gulf Stream Coach, Inc. admits that the jurisdictional requirements of this Court are satisfied.

XIV.

The allegations contained in Paragraph 14 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

XV.

The allegations contained in Paragraph 15 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

XVI.

The allegations contained in Paragraph 16 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

XVII.

The allegations contained in Paragraph 17 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.  Gulf Stream Coach, Inc. affirmatively asserts that Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

XVIII.

The allegations contained in Paragraph 18 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XIX.

The allegations contained in Paragraph 19 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XX.

The allegations contained in Paragraph 20 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XXI.

The allegations contained in Paragraph 21 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XXII.

The allegations contained in Paragraph 22 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XXIII.

The allegations contained in Paragraph 23 of Plaintiffs' Administrative Master Complaint are denied as written.

XXIV.

The allegations contained in Paragraph 24 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XXV.

The allegations contained in Paragraph 25 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XXVI.

To the extent that the allegations contained in Paragraph 26 of Plaintiffs' Administrative Master Complaint apply to Gulf Stream Coach, Inc., the allegations are denied.   The remaining allegations contained in Paragraph 26 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XXVII.

To the extent that the allegations contained in Paragraph 27 of Plaintiffs' Administrative Master Complaint apply to Gulf Stream Coach, Inc., the allegations are denied.   The remaining allegations contained in Paragraph 27 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XXVIII.

The allegations contained in Paragraph 28 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XXIX.

The allegations contained in Paragraph 29 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XXX.

To the extent that the allegations contained in Paragraph 30 of Plaintiffs' Administrative Master Complaint apply to Gulf Stream Coach, Inc., the allegations are denied as written.   The remaining allegations contained in Paragraph 30 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XXXI.

To the extent that the allegations contained in Paragraph 31 of Plaintiffs' Administrative Master Complaint apply to Gulf Stream Coach, Inc., the allegations are denied.   The remaining allegations contained in Paragraph 31 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XXXII.

To the extent that the allegations contained in Paragraph 32 of Plaintiffs' Administrative Master Complaint apply to Gulf Stream Coach, Inc., the allegations are denied.   The remaining allegations contained in Paragraph 32 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XXXIII.

The allegations contained in Paragraph 33 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, Gulf Stream Coach, Inc. submits that 24 C.F.R. §3280.309 is its own best evidence.

XXXIV.

The allegations contained in Paragraph 34 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XXXV.

The allegations contained in Paragraph 35 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XXXVI.

The allegations contained in Paragraph 36 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, Gulf Stream Coach, Inc. submits that 24 C.F.R. §3280.308 is its own best evidence.

XXXVII.

The allegations contained in Paragraph 37 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, Gulf Stream Coach, Inc. submits that 44 C.F.R. §206.110(e) is its own best evidence.

XXXVIII.

To the extent that the allegations contained in Paragraph 38 of Plaintiffs' Administrative Master Complaint apply to Gulf Stream Coach, Inc., the allegations are denied as written.   The remaining allegations contained in Paragraph 38 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XXXIX.

The allegations contained in Paragraph 39 of Plaintiffs' Administrative Master Complaint are denied.

XL.

In response to the allegations contained in Paragraph 40 of Plaintiffs' Administrative Master Complaint, Gulf Stream Coach, Inc. re-avers and reasserts its answers contained in Paragraphs I to XXXIV above, as if copied herein, *in extenso*.

XLI.

The allegations contained in Paragraph 41 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XLII.

The allegations contained in Paragraph 42 of Plaintiffs' Administrative Master Complaint do not require a response on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, Gulf Stream Coach, Inc. submits that 42 U.S.C.A. §5121(a)(2)(2006) is its own best evidence.

XLIII.

The allegations contained in Paragraph 43 of Plaintiffs' Administrative Master Complaint do not require a response on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, Gulf Stream Coach, Inc. submits that 42 U.S.C.A. §5174(b)(1)(Supp. 2007) is its own best evidence.

XLIV.

The allegations contained in Paragraph 44 of Plaintiffs' Administrative Master Complaint do not require a response on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, Gulf Stream Coach, Inc. submits that 44 C.F.R. §206.11 is its own best evidence.

XLV.

The allegations contained in Paragraph 45 of Plaintiffs' Administrative Master Complaint do not require a response on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, Gulf Stream Coach, Inc. submits that Public Law 93-288, Title IV, §408 (1988) is its own best evidence.

XLVI.

The allegations contained in Paragraph 46 of Plaintiffs' Administrative Master Complaint do not require a response on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, Gulf Stream Coach, Inc. submits that 42 U.S.C.A. §5174(c)(1)(A) and 44 C.F.R. §206.117(b)(ii) are their own best evidence.

XLVII.

The allegations contained in Paragraph 47 of Plaintiffs' Administrative Master Complaint do not require a response on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

XLVIII.

The allegations contained in Paragraph 48 of Plaintiffs' Administrative Master Complaint do not require a response on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, Gulf Stream Coach, Inc. submits that 44 C.F.R. §206.117(b)(ii)(F) is its own best evidence.

XLIX.

The allegations contained in Paragraph 49 of Plaintiffs' Administrative Master Complaint do not require a response on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

L.

The allegations contained in Paragraph 50 of Plaintiffs' Administrative Master Complaint do not require a response on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied as written.

LI.

The allegations contained in Paragraph 51 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LII.

The allegations contained in Paragraph 52 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LIII.

The allegations contained in Paragraph 53 of Plaintiffs' Administrative Master Complaint do not require a response on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

LIV.

The allegations contained in Paragraph 54 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LV.

The allegations contained in Paragraph 55 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LVI.

The allegations contained in Paragraph 56 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

## LVII.

The allegations contained in Paragraph 57 of Plaintiffs' Administrative Master Complaint are denied as written.

## LVIII.

The allegations contained in Paragraph 58 of Plaintiffs' Administrative Master Complaint are denied as written.

## LIX.

The allegations contained in Paragraph 59 of Plaintiffs' Administrative Master Complaint are denied as written.

## LX.

The allegations contained in Paragraph 60 of Plaintiffs' Administrative Master Complaint are denied as written.

## LXI.

The allegations contained in Paragraph 61 of Plaintiffs' Administrative Master Complaint are denied as written.

## LXII.

The allegations contained in Paragraph 62 of Plaintiffs' Administrative Master Complaint are denied as written.

## LXIII.

The allegations contained in Paragraph 63 of Plaintiffs' Administrative Master Complaint do not require a response on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, Gulf Stream Coach, Inc. submits that any document is its own best evidence of the contents contained therein.

LXIV.

The allegations contained in Paragraph 64 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXV.

The allegations contained in Paragraph 65 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXVI.

The allegations contained in Paragraph 66 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXVII.

The allegations contained in Paragraph 67 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXVIII.

The allegations contained in Paragraph 68 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXIX.

The allegations contained in Paragraph 69 of Plaintiffs' Administrative Master Complaint are denied as written.

LXX.

The allegations contained in Paragraph 70 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXXI.

The allegations contained in Paragraph 71 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXXII.

The allegations contained in Paragraph 72 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXXIII.

The allegations contained in Paragraph 73 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXXIV.

The allegations contained in Paragraph 74 of Plaintiffs' Administrative Master Complaint are denied as written.

LXXV.

The allegations contained in Paragraph 75 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXXVI.

The allegations contained in Paragraph 76 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXXVII.

The allegations contained in Paragraph 77 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXXVIII.

The allegations contained in Paragraph 78 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXXIX.

The allegations contained in Paragraph 79 of Plaintiffs' Administrative Master Complaint are denied as written.

LXXX.

The allegations contained in Paragraph 80 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXXXI.

The allegations contained in Paragraph 81 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc. To the extent that a response is required, the allegations contained in Paragraph 81 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXXXII.

The allegations contained in Paragraph 82 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc. To the extent that a response is required, the allegations contained in Paragraph 82 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXXXIII.

The allegations contained in Paragraph 83 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.  Gulf Stream Coach, Inc. affirmatively asserts that Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

LXXXIV.

The allegations contained in Paragraph 84 of Plaintiffs' Administrative Master Complaint are denied.  Gulf Stream Coach, Inc. affirmatively asserts that Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

LXXXV.

The allegations contained in Paragraph 85 of Plaintiffs' Administrative Master Complaint are denied.  Gulf Stream Coach, Inc. affirmatively asserts that Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

LXXXVI.

The allegations contained in Paragraph 86 of Plaintiffs' Administrative Master Complaint are denied.  Gulf Stream Coach, Inc. affirmatively asserts that Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

LXXXVII.

The allegations contained in Paragraph 87 of Plaintiffs' Administrative Master Complaint are denied.  Gulf Stream Coach, Inc. affirmatively asserts that Plaintiffs' claims are not

appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

LXXXIII.

The allegations contained in Paragraph 88 of Plaintiffs' Administrative Master Complaint are denied.  Gulf Stream Coach, Inc. affirmatively asserts that Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

LXXXIX.

The allegations contained in Paragraph 89 of Plaintiffs' Administrative Master Complaint are denied.  Gulf Stream Coach, Inc. affirmatively asserts that Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

XC.

The allegations contained in Paragraph 90 of Plaintiffs' Administrative Master Complaint are denied.  Gulf Stream Coach, Inc. affirmatively asserts that Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

XCI.

The allegations contained in Paragraph 91 of Plaintiffs' Administrative Master Complaint are denied.  Gulf Stream Coach, Inc. affirmatively asserts that Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

XCII.

The allegations contained in Paragraph 92 of Plaintiffs' Administrative Master Complaint are denied.  Gulf Stream Coach, Inc. affirmatively asserts that Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

XCIII.

The allegations contained in Paragraph 93 of Plaintiffs' Administrative Master Complaint are denied.  Gulf Stream Coach, Inc. affirmatively asserts that Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

XCIV.

The allegations contained in Paragraph 94 of Plaintiffs' Administrative Master Complaint are denied.  Gulf Stream Coach, Inc. affirmatively asserts that Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

XCV.

The allegations contained in Paragraph 95 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.  Gulf Stream Coach, Inc. affirmatively asserts that Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

XCVI.

The allegations contained in Paragraph 96 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.  Gulf Stream Coach, Inc.

affirmatively asserts that Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

## XCVII.

The allegations contained in Paragraph 97 and each of its subparts of Plaintiffs' Administrative Master Complaint are denied.  Gulf Stream Coach, Inc. affirmatively asserts that Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

## XCVIII.

In response to the allegations contained in Paragraph 98 of Plaintiffs' Administrative Master Complaint, Gulf Stream Coach, Inc. re-avers and reasserts its answers contained in Paragraphs I to XCVII above, as if copied herein, *in extenso*.

## XCIX.

The allegations contained in Paragraph 99 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

## C.

The allegations contained in Paragraph 100 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

## CI.

The allegations contained in Paragraph 101 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf

Stream Coach, Inc.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CII.

The allegations contained in Paragraph 102 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CIII.

The allegations contained in Paragraph 103 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CIV.

The allegations contained in Paragraph 104 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CV.

The allegations contained in Paragraph 105 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CVI.

The allegations contained in Paragraph 106 of Plaintiffs' Administrative Master Complaint are denied as written.

CVII.

To the extent that the allegations contained in Paragraph 107 of Plaintiffs' Administrative Master Complaint pertain to Gulf Stream Coach, Inc. and its products, the allegations are denied as written.

CVIII.

To the extent that the allegations contained in Paragraph 108 of Plaintiffs' Administrative Master Complaint pertain to Gulf Stream Coach, Inc. and its products, the allegations are denied as written.

CIX.

In response to the allegations contained in Paragraph 109 of Plaintiffs' Administrative Master Complaint, Gulf Stream Coach, Inc. re-avers and reasserts its answers contained in Paragraphs I to CVIII above, as if copied herein, *in extenso*.

CX.

The allegations contained in Paragraph 110 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CXI.

The allegations contained in Paragraph 111 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf

Stream Coach, Inc.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CXII.

The allegations contained in Paragraph 112 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CXIII.

The allegations contained in Paragraph 113 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CXIV.

The allegations contained in Paragraph 114 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CXV.

The allegations contained in Paragraph 115 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CXVI.

The allegations contained in Paragraph 116 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied as written.

CXVII.

The allegations contained in Paragraph 117 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CXVIII.

The allegations contained in Paragraph 118 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CXIX.

In response to the allegations contained in Paragraph 119 of Plaintiffs' Administrative Master Complaint, Gulf Stream Coach, Inc. re-avers and reasserts its answers contained in Paragraphs I to CXVIII above, as if copied herein, *in extenso*.

CXX.

The allegations contained in Paragraph 120 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf

Stream Coach, Inc.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CXXI.

The allegations contained in Paragraph 121 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CXXII.

The allegations contained in Paragraph 122 of Plaintiffs' Administrative Master Complaint are denied as written.

CXXIII.

The allegations contained in Paragraph 123 of Plaintiffs' Administrative Master Complaint are denied as written.

CXXIV.

The allegations contained in Paragraph 124 of Plaintiffs' Administrative Master Complaint are denied as written.

CXXV.

The allegations contained in Paragraph 125 of Plaintiffs' Administrative Master Complaint are denied as written.

CXXVI.

The allegations contained in Paragraph 126 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CXXVII.

The allegations contained in Paragraph 127 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf

Stream Coach, Inc.  To the extent that a response is required, the allegations contained in

Paragraph 127 of Plaintiffs' Administrative Master Complaint are denied as written.

CXXVIII.

The allegations contained in Paragraph 128 of Plaintiffs' Administrative Master

Complaint are denied as written.

CXXIX.

The allegations contained in Paragraph 129 of Plaintiffs' Administrative Master

Complaint constitute legal conclusions to which no response is required on the part of Gulf

Stream Coach, Inc.  To the extent that a response is required, the allegations contained in

Paragraph 129 of Plaintiffs' Administrative Master Complaint are denied.

CXXX.

The allegations contained in Paragraph 130 of Plaintiffs' Administrative Master

Complaint constitute legal conclusions to which no response is required on the part of Gulf

Stream Coach, Inc.  To the extent that a response is required, the allegations are denied for lack

of sufficient information to justify a belief therein.

CXXXI.

The allegations contained in Paragraph 131 of Plaintiffs' Administrative Master

Complaint constitute legal conclusions to which no response is required on the part of Gulf

Stream Coach, Inc.  To the extent that a response is required, the allegations are denied for lack

of sufficient information to justify a belief therein.

CXXXII.

In response to the allegations contained in Paragraph 132 of Plaintiffs' Administrative Master Complaint, Gulf Stream Coach, Inc. re-avers and reasserts its answers contained in Paragraphs I to CXXXI above, as if copied herein, *in extenso*.

CXXXIII.

The allegations contained in Paragraph 133 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CXXXIV.

The allegations contained in Paragraph 134 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CXXXV.

The allegations contained in Paragraph 135 of Plaintiffs' Administrative Master Complaint are denied.

CXXXVI.

The allegations contained in Paragraph 136 of Plaintiffs' Administrative Master Complaint are denied.

CXXXVII.

The allegations contained in Paragraph 137 of Plaintiffs' Administrative Master Complaint are denied.

CXXXVIII.

The allegations contained in Paragraph 138 and each of its subparts of Plaintiffs' Administrative Master Complaint are denied.

CXXXIX.

In response to the allegations contained in Paragraph 139 of Plaintiffs' Administrative Master Complaint, Gulf Stream Coach, Inc. re-avers and reasserts its answers contained in Paragraphs I to CXXXVIII above, as if copied herein, *in extenso*.

CXL.

The allegations contained in Paragraph 140 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CXLI.

The allegations contained in Paragraph 141 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CXLII.

The allegations contained in Paragraph 142 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CXLIII.

The allegations contained in Paragraph 143 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CXLIV.

The allegations contained in Paragraph 144 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CXLV.

The allegations contained in Paragraph 145 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CXLVI.

The allegations contained in Paragraph 146 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CXLVII.

The allegations contained in Paragraph 147 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CXLVIII.

The allegations contained in Paragraph 148 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CXLIX.

The allegations contained in Paragraph 149 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CL.

The allegations contained in Paragraph 150 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CLI.

The allegations contained in Paragraph 151 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

In further response, to the extent that the Court has determined that Plaintiffs' claims are dismissed in its Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, Plaintiffs' claims are denied.

CLII.

In response to the allegations contained in Paragraph 152 of Plaintiffs' Administrative Master Complaint, Gulf Stream Coach, Inc. re-avers and reasserts its answers contained in Paragraphs I to CLI above, as if copied herein, *in extenso*.

CLIII.

The allegations contained in Paragraph 153 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CLIV.

The allegations contained in Paragraph 154 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CLV.

The allegations contained in Paragraph 155 of Plaintiffs' Administrative Master Complaint are denied.

CLVI.

The allegations contained in Paragraph 156 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CLVII.

The allegations contained in Paragraph 157 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CLVIII.

In response to the allegations contained in Paragraph 158 of Plaintiffs' Administrative Master Complaint, Gulf Stream Coach, Inc. re-avers and reasserts its answers contained in Paragraphs I to CLVII above, as if copied herein, *in extenso*.

CLIX.

The allegations contained in Paragraph 159 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CLX.

In response to the allegations contained in Paragraph 160 of Plaintiffs' Administrative Master Complaint, Gulf Stream Coach, Inc. re-avers and reasserts its answers contained in Paragraphs I to CLIX above, as if copied herein, *in extenso*.

CLXI.

The allegations contained in Paragraph 161 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

In further response, to the extent that the Court has determined that Plaintiffs' claims are dismissed in its Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, Plaintiffs' claims are denied.

CLXII.

The allegations contained in Paragraph 162 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CLXIII.

The allegations contained in Paragraph 163of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CLXIV.

The allegations contained in Paragraph 164 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CLXV.

The allegations contained in Paragraph 165 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CLXVI.

The allegations contained in Paragraph 166 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CLXVII.

The allegations contained in Paragraph 167 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CLXVIII.

The allegations contained in Paragraph 168 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CLXIX.

The allegations contained in Paragraph 169 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CLXX.

The allegations contained in Paragraph 170 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CLXXI.

The allegations contained in Paragraph 171 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CLXXII.

The allegations contained in Paragraph 172 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CLXXIII.

The allegations contained in Paragraph 173 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

In further response, to the extent that the Court has determined that Plaintiffs' claims are dismissed in its Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, Plaintiffs' claims are denied.

CLXXIV.

In response to the allegations contained in Paragraph 174 of Plaintiffs' Administrative Master Complaint, Gulf Stream Coach, Inc. re-avers and reasserts its answers contained in Paragraphs I to CLXXIII above, as if copied herein, *in extenso*.

CLXXV.

The allegations contained in Paragraph 175 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CLXXVI.

The allegations contained in Paragraph 176 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CLXXVII.

The allegations contained in Paragraph 177 of Plaintiffs' Administrative Master Complaint are denied.

CLXXVIII.

The allegations contained in Paragraph 178 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CLXXIX.

The allegations contained in Paragraph 179 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CLXXX.

In response to the allegations contained in Paragraph 180 of Plaintiffs' Administrative Master Complaint, Gulf Stream Coach, Inc. re-avers and reasserts its answers contained in Paragraphs I to CLXXIX above, as if copied herein, *in extenso*.

CLXXXI.

The allegations contained in Paragraph 181 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CLXXXII.

In response to the allegations contained in Paragraph 182 of Plaintiffs' Administrative Master Complaint, Gulf Stream Coach, Inc. re-avers and reasserts its answers contained in Paragraphs I to CLXXXI above, as if copied herein, *in extenso*.

CLXXXIII.

The allegations contained in Paragraph 183 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CLXXXIV.

The allegations contained in Paragraph 184 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CLXXXV.

The allegations contained in Paragraph 185 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CLXXXVI.

The allegations contained in Paragraph 186 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CLXXXVII.

The allegations contained in Paragraph 187 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CLXXXVIII.

The allegations contained in Paragraph 188 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CLXXXIX.

The allegations contained in Paragraph 189 and each of its subparts therein of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CXC.

The allegations contained in Paragraph 190 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CXCI.

The allegations contained in Paragraph 191 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CXCII.

The allegations contained in Paragraph 192 and each of its subparts therein of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CXCIII.

In response to the allegations contained in Paragraph 193 of Plaintiffs' Administrative Master Complaint, Gulf Stream Coach, Inc. re-avers and reasserts its answers contained in Paragraphs I to CXCII above, as if copied herein, *in extenso*.

CXCIV.

The allegations contained in Paragraph 194 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CXCV.

The allegations contained in Paragraph 195 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CXCVI.

The allegations contained in Paragraph 196 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CXCVII.

The allegations contained in Paragraph 197 and each of its subparts therein of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CXCVIII.

The allegations contained in Paragraph 198 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

CXCIX.

In response to the allegations contained in Paragraph 199 of Plaintiffs' Administrative Master Complaint, Gulf Stream Coach, Inc. re-avers and reasserts its answers contained in Paragraphs I to CXCVIII above, as if copied herein, *in extenso*.

CC.

The allegations contained in Paragraph 200 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, Gulf Stream Coach, Inc. asserts that its products did not contain any defects.

In further response, to the extent that the Court has determined that Plaintiffs' claims are dismissed in its Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, Plaintiffs' claims are denied.

## CCI.

The allegations contained in Paragraph 201 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

In further response, to the extent that the Court has determined that Plaintiffs' claims are dismissed in its Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, Plaintiffs' claims are denied.

## CCII.

The allegations contained in Paragraph 202 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

In further response, to the extent that the Court has determined that Plaintiffs' claims are dismissed in its Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, Plaintiffs' claims are denied.

## CCIII.

The allegations contained in Paragraph 203 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

In further response, to the extent that the Court has determined that Plaintiffs' claims are dismissed in its Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, Plaintiffs' claims are denied.

CCIV.

The allegations contained in Paragraph 204 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied.

In further response, to the extent that the Court has determined that Plaintiffs' claims are dismissed in its Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Rule Joint 12(b) Motions to Dismiss, Plaintiffs' claims are denied.

CCV.

In responses to the allegations contained in the paragraph captioned "Compensatory Damages:  All States" of Plaintiffs' Administrative Master Complaint, Gulf Stream Coach, Inc. asserts that the Plaintiffs are not entitled the damages asserted.

CCVI.

In responses to the allegations contained in the paragraph captioned "Medical Monitoring" of Plaintiffs' Administrative Master Complaint, Gulf Stream Coach, Inc. asserts that the Plaintiffs are not entitled the damages asserted.  Moreover, Gulf Stream Coach, Inc. asserts that the requested relief is not a remedy afforded under any applicable law.

In further response, to the extent that the Court has determined that Plaintiffs' claims are dismissed in its Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, Plaintiffs' claims are denied.

CCVII.

In responses to the allegations contained in the paragraph captioned "Punative Damages" of Plaintiffs' Administrative Master Complaint, Gulf Stream Coach, Inc. asserts that the Plaintiffs are not entitled the damages asserted.

CCVIII.

In responses to the allegations contained in the paragraph captioned "Request For Jury Trial" of Plaintiffs' Administrative Master Complaint, Gulf Stream Coach, Inc. asserts that it is entitled to a trial by jury on all issues herein.

CCIX.

In responses to the allegations contained in the paragraph captioned "Prayer for Relief" of Plaintiffs' Administrative Master Complaint, Gulf Stream Coach, Inc. asserts that the Plaintiffs are not entitled the relief requested.

CCX.

The allegations contained in any and all unnumbered and/or misnumbered paragraphs of Plaintiffs' Administrative Master Complaint are denied.

**ANSWER TO FIRST SUPPLEMENTAL AND AMENDED MASTER COMPLAINT**

CCXI.

The allegations contained in Paragraph 1 of Plaintiffs' First Supplemental and Amended Master Complaint do not require a response on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CCXII.

The allegations contained in Paragraph 2 of Plaintiffs' First Supplemental and Amended Master Complaint, adding subparagraph 8(lxiv), do not require a response on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CCXIII.

The allegations contained in Paragraph 3 of Plaintiffs' First Supplemental and Amended Master Complaint do not require a response on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CCXIV.

The allegations contained in Paragraph 4 of Plaintiffs' First Supplemental and Amended Master Complaint, adding subparagraph 8(lxv), do not require a response on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CCXV.

The allegations contained in Paragraph 5 of Plaintiffs' First Supplemental and Amended Master Complaint do not require a response on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CCXVI.

The allegations contained in Paragraph 6 of Plaintiffs' First Supplemental and Amended Master Complaint, adding subparagraph 8(lxvi), do not require a response on the part of Gulf

Stream Coach, Inc.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CCXVII.

The allegations contained in Paragraph 7 of Plaintiffs' First Supplemental and Amended Master Complaint, adding subparagraphs 8(lxvii) and 8(lxviii), do not require a response on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CCXVIII.

The allegations contained in Paragraph 8 of Plaintiffs' First Supplemental and Amended Master Complaint, adding subparagraphs 8(lxix) and 8(lxx), do not require a response on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CCXIX.

The allegations contained in Paragraph 9 of Plaintiffs' First Supplemental and Amended Master Complaint do not require a response on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CCXX.

The allegations contained in any and all unnumbered and/or misnumbered paragraphs of First Supplemental and Amended Master Complaint are denied.

CCXXI.

The allegations contained in the "WHEREFORE" Paragraph of Plaintiffs' First Supplemental and Amending Master Complaint do not require a response on the part of Gulf

44

Stream Coach, Inc.  However, to the extent that an answer is required, Gulf Stream Coach, Inc.

submits that Plaintiffs are not entitled to the relief requested.  Moreover, in response to the

allegations contained in the "WHEREFORE" Paragraph of Plaintiffs' First Supplemental and

Amending Master Complaint, Gulf Stream Coach, Inc. re-avers and reasserts its answers

contained in Paragraphs I to CCXX above, as if copied herein, *in extenso*.

## ANSWER TO SECOND SUPPLEMENTAL AND AMENDED MASTER COMPLAINT

### CCXXII.

The allegations contained in Paragraph 1 of Plaintiffs' Second Supplemental and

Amended Master Complaint do not require a response on the part of Gulf Stream Coach, Inc.  To

the extent that a response is required, the allegations are denied for lack of sufficient information

to justify a belief therein.

### CCXXIII.

The allegations contained in Paragraph 2 of Plaintiffs' Second Supplemental and

Amended Master Complaint do not require a response on the part of Gulf Stream Coach, Inc.  To

the extent that a response is required, the allegations are denied for lack of sufficient information

to justify a belief therein.

### CCXXIV.

The allegations contained in Paragraph 3 of Plaintiffs' Second Supplemental and

Amended Master Complaint do not require a response on the part of Gulf Stream Coach, Inc.  To

the extent that a response is required, the allegations are denied for lack of sufficient information

to justify a belief therein.

CCXXV.

The allegations contained in Paragraph 4 of Plaintiffs' Second Supplemental and Amended Master Complaint do not require a response on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CCXXVI.

The allegations contained in Paragraph 5 of Plaintiffs' Second Supplemental and Amended Master Complaint, adding subparagraphs 8(lxxi) to 8(lxxxiii), do not require a response on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CCXXVII.

The allegations contained in Paragraph 6 of Plaintiffs' Second Supplemental and Amended Master Complaint, adding subparagraph 7(c), are denied as written.

CCXXVIII.

The allegations contained in Paragraph 7 of Plaintiffs' Second Supplemental and Amended Master Complaint, adding subparagraph 7(d), are denied as written.

CCXXIX.

The allegations contained in Paragraph 8 of Plaintiffs' Second Supplemental and Amended Master Complaint, adding subparagraph 7(e), are denied as written.

CCXXX.

The allegations contained in Paragraph 9 of Plaintiffs' Second Supplemental and Amended Master Complaint, amending Paragraph 83, are denied.

CCXXXI.

The allegations contained in any and all unnumbered and/or misnumbered paragraphs of Second Supplemental and Amended Master Complaint are denied.

CCXXXII.

The allegations contained in the "WHEREFORE" Paragraph of Plaintiffs' Second Supplemental and Amending Master Complaint do not require a response on the part of Gulf Stream Coach, Inc.  However, to the extent that an answer is required, Gulf Stream Coach, Inc. submits that Plaintiffs are not entitled to the relief requested.  Moreover, in response to the allegations contained in the "WHEREFORE" Paragraph of Plaintiffs' Second Supplemental and Amending Master Complaint, Gulf Stream Coach, Inc. re-avers and reasserts its answers contained in Paragraphs I to CCXXXI above, as if copied herein, *in extenso*.

**AND NOW, FURTHER ANSWERING**, Gulf Stream Coach, Inc. asserts the following affirmative defenses:

**<u>THIRD DEFENSE</u>**

The claims against Gulf Stream Coach, Inc. are, or may be, barred in whole or in part by Plaintiffs' failure to institute suit within the period of time required by the applicable statutes of limitation and/or any applicable limitation of actions, or by pereemption or prescription, or failure to initiate suit within the period of time required by the applicable prescriptive periods and/or any limitation of actions contained in any applicable contracts.

**<u>FOURTH DEFENSE</u>**

Gulf Stream Coach, Inc. shows that it has supplied for FEMA travel trailers since at least 1992, and that its travel trailers were designed, constructed, and manufactured in conformity with industry standards and in compliance with FEMA specifications.

47

## FIFTH DEFENSE

Gulf Stream Coach, Inc. specifically denies the existence of any defect or defects that would render its product unreasonably dangerous under the Louisiana Products Liability Act, the limited warranty, and/or any other applicable law, contract, or standard.

## SIXTH DEFENSE

Gulf Stream Coach, Inc.'s travel trailers were manufactured according to the specifications of the United States government, which had specific requirements regarding the design and construction of the travel trailers.  Any alleged defect claimed herein, which is specifically denied, is the result of the standards mandated by the United States government over which Gulf Stream Coach, Inc. had no control.  Accordingly, Gulf Stream Coach, Inc. is immunized from liability by the government contractor defense.

## SEVENTH DEFENSE

The allegations of the Administrative Master Complaint, as supplemented and amended, fail to allege sufficient factual support for class certification.  Out of an abundance of caution, Gulf Stream Coach, Inc. affirmatively asserts that Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

## EIGHTH DEFENSE

Gulf Stream Coach, Inc. reasserts as affirmative defenses the defenses raised in the Manufacturing Defendants' Joint Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 210), including Gulf Stream Coach, Inc.'s joinder therein, and incorporates Court's Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss as if plead herein, *in extenso*.

**NINTH DEFENSE**

Solely in the alternative, in the event the Court finds plaintiffs have suffered any damages whatsoever, the damages complained of resulted solely or substantially from the negligence, fault or comparative fault of the plaintiffs and the proposed class through misuse and/or abuse and/or lack of maintenance of the travel trailers, failure to follow instructions for use, failure to heed applicable warnings, and/or through other acts or omissions which will be shown more fully at the trial of this matter and which preclude recovery by plaintiffs or reduce any recovery by their respective percentages of fault.

**TENTH DEFENSE**

Further in the alternative, all damages complained of resulted solely or substantially from the negligence, fault or comparative fault of third parties for whom Gulf Stream Coach, Inc. is not responsible.

**ELEVENTH DEFENSE**

Solely in the alternative, in the event this Court determines there was any defect in any travel trailer, which is specifically denied, said defect was apparent and obvious and could be easily avoided or remedied, precluding any recovery by plaintiffs or the proposed class.

**TWELFTH DEFENSE**

All of the claims asserted against Gulf Stream Coach, Inc. are preempted or otherwise precluded by the statutes, standards, regulations, and rules propagated by the Federal Government and/or HUD, and/or FEMA, and/or the plaintiffs' lease agreements with FEMA.

**THIRTEENTH DEFENSE**

Gulf Stream Coach, Inc. further pleads that Plaintiff's claims are, or may be, barred, in whole or in part, to the extent that the Economic Loss Doctrine applies and incorporates Court's

Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss as if plead herein, *in extenso*.

## FOURTEENTH DEFENSE

Gulf Stream Coach, Inc. further pleads any and all defenses applicable to Gulf Stream Coach, Inc. that are applicable and available to Defendant under any controlling Alabama statutes.

## FIFTEENTH DEFENSE

Claims against Gulf Stream Coach, Inc. are, or may be, barred in whole or in part by the doctrines of estoppel, release or waiver.

## SIXTEENTH DEFENSE

Gulf Stream Coach, Inc. further pleads any and all defenses applicable and available to Gulf Stream Coach, Inc. under any controlling Texas statutes.

## SEVENTEENTH DEFENSE

Any express warranty obligations that may be owed by Gulf Stream Coach, Inc. are strictly limited by the terms of the limited warranty, including all of its limitations and exclusions, which are pleaded herein, as if copied *in extenso*.

## EIGHTEENTH DEFENSE

Upon information and belief, plaintiffs and the proposed class have failed to mitigate their damages.

## NINETEENTH DEFENSE

Gulf Stream Coach, Inc. hereby gives notice that it intends to rely upon any and all other such affirmative defenses as become available or apparent during the course of discovery, and reserves the right to amend its Answer to assert any and all such defenses.

## TWENTIETH DEFENSE

Gulf Stream Coach, Inc. further pleads any and all defenses applicable and available to Gulf Stream Coach, Inc.under any controlling Mississippi statutes, including, but not limited to, the Mississippi Products Liability Act, MCA §11-1-63.

## TWENTY-FIRST DEFENSE

In the event that discovery reveals the following, Gulf Stream Coach, Inc. specifically pleads that the accident and/or injuries sued upon herein occurred only and solely due to the substantial alteration and/or modification of the product sued upon herein, which alteration and/or modification was not foreseeable, after it left the hands of the manufacturer, which is specifically pleaded as a complete bar to any recovery against Gulf Stream Coach, Inc.

## TWENTY-SECOND DEFENSE

Gulf Stream Coach, Inc. specifically pleads to the extent applicable, all defenses allowed under the Louisiana Products Liability Act, LSA--R.S. 9:2800.51 et. seq., and/or other Louisiana law.

## TWENTY-THIRD DEFENSE

Gulf Stream Coach, Inc. specifically pleads that its product was reasonably fit for ordinary use.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims are, or may be, barred in whole or in part to the extent that the Administrative Master Complaint, as supplemented and amended, does not state a cause of action for punitive or exemplary damages against Gulf Stream Coach, Inc., sufficient in law whereby recovery may be had.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims are, or may be, barred in whole or in part to the extent that under the provisions of Mississippi Code Ann. §85-5-7, defendants are liable only for the amount of damages allotted to them, if any, in direct proportion to their percentage of fault, if any, with due respect to the total negligence of all parties whose actions caused or contributed to the incident and the damages of which are complained.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims are, or may be, barred in whole or in part to the extent that any award of punitive damages, to the extent they are even pled in Administrative Master Complaint, as supplemented and amended, would be unconstitutional because the standards utilized to allow the imposition of such damages that are so vague, both on their face and as applied, so as to fail to give adequate or sufficient notice of the prohibitive conduct.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are, or may be, barred in whole or in part to the extent that the award of punitive damages, to the extent they are even pled by the Plaintiffs, would violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, separately, of the Constitution of the United States on each of the following separate and several grounds:

1. The procedures failed to provide means for awarding separate judgments against alleged tortfeasors;
2. The procedures failed to provide a limit on the amount of the award against separate defendants;
3. The procedures failed to provide specific standards for the award of punitive damages;
4. The procedures permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions;
5. The procedures failed to provide a clear consistent and appellate standard of review of an award of punitive damages;

6.      The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and

7.      The standards of conduct upon which punitive damages are sought are vague.

## TWENTY-EIGHTH DEFENSE

Gulf Stream Coach, Inc. demands a bifurcation of Plaintiffs' claims for actual and punitive damages.

## TWENTY-NINTH DEFENSE

The exact damages/losses claimed by Plaintiffs are unknown to Gulf Stream Coach, Inc., and thus Gulf Stream Coach, Inc. cannot adequately determine all defenses that may be applicable to Plaintiffs' claims.  Therefore, Gulf Stream Coach, Inc. expressly reserves by this reference the right to raise additional defenses to the extent that:

a.      Additional defenses become applicable under state and federal law;

b.      Additional defenses are established as discovery proceeds; and

c.      Additional defenses are available under subsequently asserted theories of recovery.

## THIRTIETH DEFENSE

Gulf Stream Coach, Inc. requests a trial by jury.

**WHEREFORE**, the above premises considered, Defendant, Gulf Stream Coach, Inc., respectfully prays that this Answer be deemed good and sufficient; that after due proceedings had there be judgment rendered herein in favor of this Defendant, dismissing Plaintiffs' Administrative Master Complaint, as supplemented and amended,, with prejudice; and Defendant respectfully prays for all such other general, special and equitable

relief that law, equity or the nature of the case may permit and all costs of these proceedings.

Finally, Defendant requests a jury trial on all issues herein.

Respectfully Submitted:

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

s/Andrew D. Weinstock

_____

**ANDREW D. WEINSTOCK #18495**
**JOSEPH G. GLASS #25397**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana  70002
(504) 832-3700
(504) 837-3119 (FAX)
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON**

s/Timothy D. Scandurro

_____

Timothy D. Scandurro #18424
Dewey M. Scandurro #23291
**607 St. Charles Avenue**
New Orleans, LA 70130
(504) 522-7100
(504) 529-6199
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of January, 2009, a copy of the foregoing Answer and Affirmative Defenses on behalf of Defendant, Gulf Stream Coach, Inc. and Jury Trial Request was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.


_____
ANDREW D. WEINSTOCK
andreww@duplass.com