## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | MDL No. 1873 |
| | SECTION N(4) |
| | JUDGE ENGELHARDT |
| THIS DOCUMENT IS RELATED TO: | MAGISTRATE CHASEZ |

*Administrative Master Complaint, No. 07-1873 and*
*Pujol v. The United States of America, No. 08-3217*

_____

## ANSWER AND AFFIRMATIVE DEFENSES TO ORIGINAL, FIRST SUPPLEMENTAL AND AMENDED, AND SECOND SUPPLEMENTAL AND AMENDED ADMINISTRATIVE MASTER COMPLAINTS (R. DOCS. 109, 379, and 722) AND JURY TRIAL REQUEST

Morgan Buildings & Spas, Inc. (Morgan Buildings) and Morgan Building Systems, Inc. (Morgan Systems) (collectively, Morgan) respond to the claims advanced by Patricia A. Burr, the named plaintiff in the Administrative Master Complaint and *Pujol* alleging a link to Morgan, by denying each and every allegation contained therein except those which may hereinafter be specifically admitted, and allege the following affirmative defenses:

### AFFIRMATIVE DEFENSE NO. 1

This Court lacks subject matter jurisdiction under Rule 12(b)(1), because Burr, a non-purchaser of any FEMA Emergency Housing Unit (EHU), has no standing.

### AFFIRMATIVE DEFENSE NO. 2

Burr fails to state a claim under Rule 12 (b)(6), because the EHUs sold by Morgan to the United States of America through the Federal Emergency Management Administration (FEMA) were manufactured in accordance with HUD guidelines, and warnings were placed in the EHUs warning of the matters of which Burr complains.  All persons are charged with knowledge of the

published federal laws, rules and regulations including the HUD-mandated warning concerning formaldehyde published in the Code of Federal Regulations. *See Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380 (1947). Any conflicting state law provisions are preempted.

### AFFIRMATIVE DEFENSE NO. 3

Because Patricia A. Burr alleges that she is a resident of the Parish of Jefferson, State of Louisiana, Morgan addresses her substantive allegations exclusively under Louisiana law. Burr, therefore, fails to state a claim under Rule 12(b)(6) with respect to any other state's law.

### AFFIRMATIVE DEFENSE NO. 4

Burr fails to state a claim under Rule 12(b)(6) under the Louisiana Products Liability Act (LPLA) against Morgan, a non-manufacturer. To the extent that Morgan may be considered a manufacturer, which is denied, Morgan pleads all defenses allowed under the LPLA, La.R.S. 9:2800.51, *et seq.*, and any other applicable Louisiana law. Further, Morgan, a non-manufacturer seller (to FEMA) can not be liable for tort damages, because Burr can not demonstrate that Morgan knew or should have known of any defect which Morgan failed to declare.

### AFFIRMATIVE DEFENSE NO. 5

Burr fails to state a claim under Rule 12(b)(6) for breach of express warranty, as evidenced by the Court's dismissal of this claim. R. Doc. 984, p.21.

### AFFIRMATIVE DEFENSE NO. 6

Burr fails to state a claim under Rule 12(b)(6), because she has failed to make any particularized allegations regarding her alleged injuries and damages.

### AFFIRMATIVE DEFENSE NO. 7

Burr fails to state a claim under Rule 12(b)(6), because she has alleged no specific or general causation for her alleged injuries and has failed to make particularized allegations about Morgan's alleged conduct.

## AFFIRMATIVE DEFENSE NO. 8

Burr fails to state a claim under Rule 12(b)(6) to the extent she seeks economic damages which are unavailable under the LPLA and Louisiana's redhibition law.  *See* R. Doc. 984, p. 39.

## AFFIRMATIVE DEFENSE NO. 9

Burr, a non-purchaser, fails to state a claim under Rule 12(b)(6) to the extent she seeks recovery under Louisiana's redhibition law, La. Civ. Code arts. 2520, *et seq.*  Further, Morgan had no knowledge of any alleged defect.

## AFFIRMATIVE DEFENSE NO. 10

Morgan is not liable for the acts, errors, or omissions of any other party or non-party to this litigation.

## AFFIRMATIVE DEFENSE NO. 11

Burr's claims are barred under Rule 12(b)(6), due to her own negligence or comparative negligence.

## AFFIRMATIVE DEFENSE NO. 12

Burr fails to state a claim under Rule 12(b)(6) for medical monitoring damages, because Burr has not alleged a present and manifest injury which is a predicate to any such claim.  *See* La. Civ. Code art. 2315(B).

## AFFIRMATIVE DEFENSE NO. 13

Burr's claims are barred under Rule 12(b)(6) by applicable prescriptive periods, statutes of limitations, and peremptive periods.

## AFFIRMATIVE DEFENSE NO. 14

Burr fails to state a claim under Rule 12(b)(6) to the extent she seeks property damages, because such claims are precluded under applicable state law.

## AFFIRMATIVE DEFENSE NO. 15

Burr fails to state a claim under Rule 12(b)(6), because she has failed to mitigate any alleged damages.

## AFFIRMATIVE DEFENSE NO. 16

Burr fails to state a claim under Rule 12(b)(6) for attorneys' fees.

## AFFIRMATIVE DEFENSE NO. 17

Burr fails to state a claim under Rule 12(b)(6) for punitive damages.

## AFFIRMATIVE DEFENSE NO. 18

Burr fails to state a claim under Rule 12(b)(6), because immunity exists based on an underlying governmental contract.

## AFFIRMATIVE DEFENSE NO. 19

Morgan intends to rely on any additional affirmative defenses that become available or apparent during the course of discovery, and reserves the right to amend its answer to assert any such defenses.

AND NOW, FURTHER ANSWERING, Morgan responds to the specific paragraphs of the original, first supplemental and amended, and second supplemental and amended administrative master complaints as follows:

## I. INTRODUCTION

### 1.

Paragraph 1 contains no allegations which require a response.

### 2.

Paragraph 2 contains no allegations which require a response.

### 3.

Paragraph 3 contains no allegations which require a response.

4

4.

Paragraph 4 contains no allegations which require a response.

5.

Paragraph 5 contains no allegations which require a response.

## II. **PARTIES**

6.

The allegations of paragraph 6 are moot in light of the Court's December 29, 2008 Order and Reasons denying class certification.  R. Doc. 1014.

7.

Responding to the allegations contained in paragraph 7(a) – (e), Morgan acknowledges that Burr represents that she is a resident of the Parish of Jefferson, State of Louisiana, and that she alleges in the second supplemental and amended master complaint that she received a unit manufactured by "Morgan Buildings & Spas, Inc. and/or Morgan Building Systems, Inc."  To the extent that paragraph 7 suggests liability on the part of Morgan, however, all such allegations are denied.  Any allegations contained in paragraph 7 which do not relate to Burr or Morgan are denied for lack of sufficient information.

8.

Responding to paragraph 8, Morgan denies that it is accurately characterized as a "manufacturing defendant," admits the allegations concerning domicile contained in paragraph 8(c)(xxxvi-xxxvii), denies the allegations which state that Morgan conducts business in the states of Louisiana, Mississippi, Alabama, and Texas, and denies the allegations which state that it "manufactured and supplied FEMA trailers or housing units as defined below pursuant to contracts with FEMA for use in those states."  Morgan denies the remaining allegations for lack of sufficient information.

### III.  JURISDICTION AND VENUE

9.

The allegations of paragraph 9 are not directed to Morgan, and require no response.

10.

The allegations of paragraph 10 as they pertain to Morgan are denied.  The allegations of paragraph 10 as they pertain to other defendants are denied for lack of sufficient information.

11.

The allegations of paragraph 11 are denied for lack of sufficient information.

12.

Responding to the allegations of paragraph 12, the Court has denied class certification, thus subject matter jurisdiction exists under 28 U.S.C. §1332(d)(11) rather than 28 U.S.C. § 1332(d)(2).

13.

Responding to the allegations of paragraph 13, the Court has denied class certification, thus subject matter jurisdiction exists under 28 U.S.C. §1332(d)(11) rather than 28 U.S.C. § 1332(d)(2).

14.

Morgan acknowledges that venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. §1391, but denies the remaining allegations of paragraph 14.

15.

The allegations of paragraph 15 are not directed to Morgan, and require no response.

16.

Paragraph 16 requires no response.

### IV.  FACTS AND GENERAL ALLEGATIONS

**A.  General Allegations.**

17.

The allegations of paragraph 17 are denied, and are moot in light of the Court's denial of class certification.  R. Doc. 1014.

18.

The allegations of paragraph 18 are denied for lack of sufficient information.

19.

The allegations of paragraph 19 are denied for lack of sufficient information.

20.

The allegations of paragraph 20 are denied for lack of sufficient information.

21.

The allegations of paragraph 21 are denied for lack of sufficient information.

22.

The allegations of paragraph 22 are denied for lack of sufficient information.

23.

The allegations of paragraph 23 are denied.

24.

The allegations of paragraph 24 are denied.

25.

The allegations of paragraph 25 are denied for lack of sufficient information.

26.

The allegations of paragraph 26 are denied.

27.

The allegations of paragraph 27 are denied.

28.

The allegations of paragraph 28 are denied for lack of sufficient information.

29.

The allegations of paragraph 29 are denied for lack of sufficient information.

30.

The allegations of paragraph 30 are denied.

31.

The allegations of paragraph 31 are denied.

32.

The allegations of paragraph 32 are denied.

33.

The allegations of paragraph 33 are denied.

34.

The allegations of paragraph 34 are denied.

35.

The allegations of paragraph 35 are denied.

36.

The allegations of paragraph 36 are denied.

37.

The allegations of paragraph 37 are denied.

38.

The allegations of paragraph 38 are denied.

39.

The allegations of paragraph 39 are denied.

**B.**     **Allegations Addressing the Inapplicability of the "Discretionary Function"
Exception to Plaintiffs' Claims under the Federal Tort Claims Act.**

40.

Morgan's responses to paragraphs 1-39 are re-stated *in extenso*.

41.

The allegations of paragraph 41 are not directed to Morgan, and require no response.  To the
extent a response is required, the allegations are denied for lack of sufficient information.

42.

The allegations of paragraph 42 are not directed to Morgan, and require no response.  To the
extent a response is required, the allegations are denied for lack of sufficient information.

43.

The allegations of paragraph 43 are not directed to Morgan, and require no response.  To the
extent a response is required, the allegations are denied for lack of sufficient information.

44.

The allegations of paragraph 44 are not directed to Morgan, and require no response.  To the
extent a response is required, the allegations are denied for lack of sufficient information.

45.

The allegations of paragraph 45 are not directed to Morgan, and require no response.  To the
extent a response is required, the allegations are denied for lack of sufficient information.

46.

The allegations of paragraph 46 are not directed to Morgan, and require no response.  To the
extent a response is required, the allegations are denied for lack of sufficient information.

47.

The allegations of paragraph 47 are not directed to Morgan, and require no response.  To the

extent a response is required, the allegations are denied for lack of sufficient information.

48.

The allegations of paragraph 48 are not directed to Morgan, and require no response.  To the extent a response is required, the allegations are denied for lack of sufficient information.

49.

The allegations of paragraph 49 are not directed to Morgan, and require no response.  To the extent a response is required, the allegations are denied for lack of sufficient information.

50.

The allegations of paragraph 50 are not directed to Morgan, and require no response.  To the extent a response is required, the allegations are denied for lack of sufficient information.

51.

The allegations of paragraph 51 are not directed to Morgan, and require no response.  To the extent a response is required, the allegations are denied for lack of sufficient information.

52.

The allegations of paragraph 52 are not directed to Morgan, and require no response.  To the extent a response is required, the allegations are denied for lack of sufficient information.

53.

The allegations of paragraph 53 are not directed to Morgan, and require no response.  To the extent a response is required, the allegations are denied for lack of sufficient information.

54.

The allegations of paragraph 54 are not directed to Morgan, and require no response.  To the extent a response is required, the allegations are denied for lack of sufficient information.

55.

The allegations of paragraph 55 are not directed to Morgan, and require no response.  To the

extent a response is required, the allegations are denied for lack of sufficient information.

56.

The allegations of paragraph 56 are not directed to Morgan, and require no response.  To the extent a response is required, the allegations are denied for lack of sufficient information.

57.

The allegations of paragraph 57 are not directed to Morgan, and require no response.  To the extent a response is required, the allegations are denied for lack of sufficient information.

58.

The allegations of paragraph 58 are not directed to Morgan, and require no response.  To the extent a response is required, the allegations are denied for lack of sufficient information.

59.

The allegations of paragraph 59 are not directed to Morgan, and require no response.  To the extent a response is required, the allegations are denied for lack of sufficient information.

60.

The allegations of paragraph 60 are not directed to Morgan, and require no response.  To the extent a response is required, the allegations are denied for lack of sufficient information.

61.

The allegations of paragraph 61 are not directed to Morgan, and require no response.  To the extent a response is required, the allegations are denied for lack of sufficient information.

62.

The allegations of paragraph 62 are not directed to Morgan, and require no response.  To the extent a response is required, the allegations are denied for lack of sufficient information.

63.

The allegations of paragraph 63 are not directed to Morgan, and require no response.  To the

extent a response is required, the allegations are denied for lack of sufficient information.

64.

The allegations of paragraph 64 are not directed to Morgan, and require no response.  To the extent a response is required, the allegations are denied for lack of sufficient information.

65.

The allegations of paragraph 65 are not directed to Morgan, and require no response.  To the extent a response is required, the allegations are denied for lack of sufficient information.

66.

The allegations of paragraph 66 are not directed to Morgan, and require no response.  To the extent a response is required, the allegations are denied for lack of sufficient information.

67.

The allegations of paragraph 67 are not directed to Morgan, and require no response.  To the extent a response is required, the allegations are denied for lack of sufficient information.

68.

The allegations of paragraph 68 are not directed to Morgan, and require no response.  To the extent a response is required, the allegations are denied for lack of sufficient information.

69.

The allegations of paragraph 69 are not directed to Morgan, and require no response.  To the extent a response is required, the allegations are denied for lack of sufficient information.

70.

The allegations of paragraph 70 are not directed to Morgan, and require no response.  To the extent a response is required, the allegations are denied for lack of sufficient information.

71.

The allegations of paragraph 71 are not directed to Morgan, and require no response.  To the

extent a response is required, the allegations are denied for lack of sufficient information.

72.

The allegations of paragraph 72 are not directed to Morgan, and require no response.  To the extent a response is required, the allegations are denied for lack of sufficient information.

73.

The allegations of paragraph 73 are not directed to Morgan, and require no response.  To the extent a response is required, the allegations are denied for lack of sufficient information.

74.

The allegations of paragraph 74 are not directed to Morgan, and require no response.  To the extent a response is required, the allegations are denied for lack of sufficient information.

75.

The allegations of paragraph 75 are not directed to Morgan, and require no response.  To the extent a response is required, the allegations are denied for lack of sufficient information.

76.

The allegations of paragraph 76 are not directed to Morgan, and require no response.  To the extent a response is required, the allegations are denied for lack of sufficient information.

77.

The allegations of paragraph 77 are not directed to Morgan, and require no response.  To the extent a response is required, the allegations are denied for lack of sufficient information.

78.

The allegations of paragraph 78 are not directed to Morgan, and require no response.  To the extent a response is required, the allegations are denied for lack of sufficient information.

79.

The allegations of paragraph 79 are not directed to Morgan, and require no response.  To the

extent a response is required, the allegations are denied for lack of sufficient information.

80.

The allegations of paragraph 80 are not directed to Morgan, and require no response.  To the extent a response is required, the allegations are denied for lack of sufficient information.

81.

The allegations of paragraph 81 are not directed to Morgan, and require no response.  To the extent a response is required, the allegations are denied for lack of sufficient information.

82.

The allegations of paragraph 82 are not directed to Morgan, and require no response.  To the extent a response is required, the allegations are denied for lack of sufficient information.

## V.  <u>CLASS ACTION ALLEGATIONS</u>

83.

The allegations of paragraph 83 are denied, and are moot in light of the Court's denial of class certification.  R. Doc. 1014.

84.

The allegations of paragraph 84 are denied, and are moot in light of the Court's denial of class certification.  R. Doc. 1014.

85.

The allegations of paragraph 85 are denied, and are moot in light of the Court's denial of class certification.  R. Doc. 1014.

86.

The allegations of paragraph 86 are denied, and are moot in light of the Court's denial of class certification.  R. Doc. 1014.

87.

The allegations of paragraph 87 are denied, and are moot in light of the Court's denial of class certification.  R. Doc. 1014.

88.

The allegations of paragraph 88 are denied, and are moot in light of the Court's denial of class certification.  R. Doc. 1014.

89.

The allegations of paragraph 89 are denied, and are moot in light of the Court's denial of class certification.  R. Doc. 1014.

90.

The allegations of paragraph 90 are denied, and are moot in light of the Court's denial of class certification.  R. Doc. 1014.

91.

The allegations of paragraph 91 are denied, and are moot in light of the Court's denial of class certification.  R. Doc. 1014.

92.

The allegations of paragraph 92 are denied, and are moot in light of the Court's denial of class certification.  R. Doc. 1014.

93.

The allegations of paragraph 93 are denied, and are moot in light of the Court's denial of class certification.  R. Doc. 1014.

94.

The allegations of paragraph 94 are denied, and are moot in light of the Court's denial of class certification.  R. Doc. 1014.

95.

The allegations of paragraph 95 are denied, and are moot in light of the Court's denial of class certification.  R. Doc. 1014.

96.

The allegations of paragraph 96 are denied, and are moot in light of the Court's denial of class certification.  R. Doc. 1014.

97.

The allegations of paragraph 97 are denied, and are moot in light of the Court's denial of class certification.  R. Doc. 1014.

## VI.  CLAIMS ASSERTED AGAINST THE FEDERAL GOVERNMENT

## A.     LOUISIANA STATE-BASED CLAIMS

### COUNT 1:

### CAUSE OF ACTION AGAINST THE FEDERAL GOVERNMENT FOR LIABILITY PURSUANT TO LOUISIANA CIVIL CODE ARTICLES 2317, 2317.1, AND 2696

98.

Morgan's responses to paragraphs 1-97 are re-stated *in extenso*.

99.

Because the allegations of paragraph 99 are directed against the federal government and not Morgan,  a response is not required.

100.

Because the allegations of paragraph 100 are directed against the federal government and not Morgan,  a response is not required.

101.

 Because the allegations of paragraph 101 are directed against the federal government and not Morgan,  a response is not required.

102.

Because the allegations of paragraph 102 are directed against the federal government and not Morgan, a response is not required.

103.

Because the allegations of paragraph 103 are directed against the federal government and not Morgan, a response is not required.

104.

Because the allegations of paragraph 104 are directed against the federal government and not Morgan, a response is not required.

105.

Because the allegations of paragraph 105 are directed against the federal government and not Morgan, a response is not required.

106.

Because the allegations of paragraph 106 are directed against the federal government and not Morgan, a response is not required.

107.

Because the allegations of paragraph 107 are directed against the federal government and not Morgan, a response is not required.

108.

Because the allegations of paragraph 108 are directed against the federal government and not Morgan, a response is not required.

**COUNT 2:**

**CAUSE OF ACTION AGAINST THE FEDERAL GOVERNMENT FOR LIABILITY
PURSUANT TO LOUISIANA CIVIL CODE ARTICLE 2316**

109.

Morgan's responses to paragraphs 1-108 are re-stated *in extenso*.

110.

Because the allegations of paragraph 110 are directed against the federal government and not Morgan, a response is not required.

111.

Because the allegations of paragraph 111 are directed against the federal government and not Morgan, a response is not required.

112.

Because the allegations of paragraph 112 are directed against the federal government and not Morgan, a response is not required.

113.

Because the allegations of paragraph 113 are directed against the federal government and not Morgan, a response is not required.

114.

Because the allegations of paragraph 114 are directed against the federal government and not Morgan, a response is not required.

115.

Because the allegations of paragraph 115 are directed against the federal government and not Morgan, a response is not required.

116.

Because the allegations of paragraph 116 are directed against the federal government and not

Morgan, a response is not required.

117.

Because the allegations of paragraph 117 are directed against the federal government and not Morgan, a response is not required.

118.

Because the allegations of paragraph 118 are directed against the federal government and not Morgan, a response is not required.

**COUNT 3:**

**CAUSE OF ACTION AGAINST THE FEDERAL GOVERNMENT FOR REDHIBITORY DEFECTS AND RESCISSION OF SALES OF HOUSING UNITS PURSUANT TO LOUISIANA CIVIL CODE ARTICLE 2520, *ET SEQ.* AND THE ARTICLES RELATING TO CONVENTIONAL OBLIGATIONS**

119.

Morgan's responses to paragraphs 1-118 are re-stated *in extenso*.

120.

Because the allegations of paragraph 120 are directed against the federal government and not Morgan, a response is not required.

121.

Because the allegations of paragraph 121 are directed against the federal government and not Morgan, a response is not required.

122.

Because the allegations of paragraph 122 are directed against the federal government and not Morgan, a response is not required.

123.

Because the allegations of paragraph 123 are directed against the federal government and not Morgan, a response is not required.

124.

Because the allegations of paragraph 124 are directed against the federal government and not Morgan, a response is not required.

125.

Because the allegations of paragraph 125 are directed against the federal government and not Morgan, a response is not required.

126.

Because the allegations of paragraph 126 are directed against the federal government and not Morgan, a response is not required.

127.

Because the allegations of paragraph 127 are directed against the federal government and not Morgan, a response is not required.

128.

Because the allegations of paragraph 128 are directed against the federal government and not Morgan, a response is not required.

129.

Because the allegations of paragraph 129 are directed against the federal government and not Morgan, a response is not required.

130.

Because the allegations of paragraph 130 are directed against the federal government and not Morgan, a response is not required.

131.

Because the allegations of paragraph 131 are directed against the federal government and not Morgan, a response is not required.

## VII.  CLAIMS ASSERTED AGAINST THE MANUFACTURING DEFENDANTS

**A.**     **LOUISIANA STATE-BASED CLAIMS**

### COUNT 4:

### CAUSE OF ACTION AGAINST THE MANUFACTURERS UNDER LOUISIANA PRODUCTS LIABILITY ACT

132.

Morgan's responses to paragraphs 1-131 are re-stated *in extenso*.

133.

The allegations of paragraph 133 as they pertain to Morgan are denied.  Morgan denies, for lack of sufficient information, the allegations as they pertain to other defendants.

134.

The allegations of paragraph 134 are denied.

135.

The allegations of paragraph 135 are denied.

136.

The allegations of paragraph 136 are denied.

137.

The allegations of paragraph 137 are denied.

138.

The allegations of paragraph 138 are denied.   Further answering, Burr's claims for breach of express warranty have been dismissed under the Court's previous ruling.  R. Doc. 984, p. 21.

**B. MISSISSIPPI STATE-BASED CLAIMS**

### COUNT 5:

### STRICT PRODUCTS LIABILITY
### MS CODE ANNOTATED § 11-1-63

**1.**     **PRODUCTS LIABILITY:  DEFECTIVE MANUFACTURING AND DESIGN**

139.

Morgan's responses to paragraphs 1-138 are re-stated *in extenso*.

140.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Mississippi law, including those in paragraph 140, are denied.

141.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Mississippi law, including those in paragraph 141, are denied.

142.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Mississippi law, including those in paragraph 142, are denied.

143.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Mississippi law, including those in paragraph 143, are denied.

144.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Mississippi law, including those in paragraph 144, are denied.

145.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Mississippi law, including those in paragraph 145, are denied.

146.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Mississippi law, including those in paragraph 146, are denied.

147.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Mississippi law, including those in paragraph 147, are denied.

148.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Mississippi law, including those in paragraph 148, are denied.

149.

 Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Mississippi law, including those in paragraph 149, are denied.

150.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Mississippi law, including those in paragraph 150, are denied.

151.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Mississippi law, including those in paragraph 151, are denied.

152.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Mississippi law, including those in paragraph 152, are denied.

153.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Mississippi law, including those in paragraph 153, are denied.

154.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Mississippi law, including those in paragraph 154, are denied.

155.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Mississippi law, including those in paragraph 155, are denied.

156.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Mississippi law, including those in paragraph 156, are denied.

157.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Mississippi law, including those in paragraph 157, are denied.

158.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Mississippi law, including those in paragraph 158, are denied.

159.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Mississippi law, including those in paragraph 159, are denied.

**C.      ALABAMA STATE-BASED CLAIMS**

### COUNT 6:

### ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE
### Code of Ala. § 6-5-521

160.

Morgan's responses to paragraphs 1-159 are re-stated *in extenso.*

161.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Alabama law, including those in paragraph 161, are denied.

162.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Alabama law, including

those in paragraph 162, are denied.

163.

Burr has alleged that she is a resident of the state of Louisiana. Burr may, therefore, advance claims only under Louisiana law. All allegations pertaining to claims under Alabama law, including those in paragraph 163, are denied.

164.

Burr has alleged that she is a resident of the state of Louisiana. Burr may, therefore, advance claims only under Louisiana law. All allegations pertaining to claims under Alabama law, including those in paragraph 164, are denied.

165.

Burr has alleged that she is a resident of the state of Louisiana. Burr may, therefore, advance claims only under Louisiana law. All allegations pertaining to claims under Alabama law, including those in paragraph 165, are denied.

166.

Burr has alleged that she is a resident of the state of Louisiana. Burr may, therefore, advance claims only under Louisiana law. All allegations pertaining to claims under Alabama law, including those in paragraph 166, are denied.

167.

Burr has alleged that she is a resident of the state of Louisiana. Burr may, therefore, advance claims only under Louisiana law. All allegations pertaining to claims under Alabama law, including those in paragraph 167, are denied.

168.

Burr has alleged that she is a resident of the state of Louisiana. Burr may, therefore, advance claims only under Louisiana law. All allegations pertaining to claims under Alabama law, including

those in paragraph 168, are denied.

169.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Alabama law, including those in paragraph 169, are denied.

170.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Alabama law, including those in paragraph 170, are denied.

171.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Alabama law, including those in paragraph 171, are denied.

172.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Alabama law, including those in paragraph 172, are denied.

173.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Alabama law, including those in paragraph 173, are denied.

174.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Alabama law, including

those in paragraph 174, are denied.

### 175.

Burr has alleged that she is a resident of the state of Louisiana. Burr may, therefore, advance claims only under Louisiana law. All allegations pertaining to claims under Alabama law, including those in paragraph 175, are denied.

### 176.

Burr has alleged that she is a resident of the state of Louisiana. Burr may, therefore, advance claims only under Louisiana law. All allegations pertaining to claims under Alabama law, including those in paragraph 176, are denied.

### 177.

Burr has alleged that she is a resident of the state of Louisiana. Burr may, therefore, advance claims only under Louisiana law. All allegations pertaining to claims under Alabama law, including those in paragraph 177, are denied.

### 178.

Burr has alleged that she is a resident of the state of Louisiana. Burr may, therefore, advance claims only under Louisiana law. All allegations pertaining to claims under Alabama law, including those in paragraph 178, are denied.

### 179.

Burr has alleged that she is a resident of the state of Louisiana. Burr may, therefore, advance claims only under Louisiana law. All allegations pertaining to claims under Alabama law, including those in paragraph 179, are denied.

### 180.

Burr has alleged that she is a resident of the state of Louisiana. Burr may, therefore, advance claims only under Louisiana law. All allegations pertaining to claims under Alabama law, including

those in paragraph 180, are denied.

181.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Alabama law, including those in paragraph 181, are denied.

### D.     TEXAS STATE-BASED CLAIMS

### COUNT 7:

### CAUSE OF ACTION AGAINST MANUFACTURERS UNDER TEXAS PRODUCTS LIABILITY LAW

182.

Morgan's responses to paragraphs 1-181 are re-stated *in extenso*.

183.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Texas  law, including those in paragraph 183, are denied.

184.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Texas  law, including those in paragraph 184, are denied.

185.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Texas  law, including those in paragraph 185, are denied.

186.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Texas  law, including those in paragraph 186, are denied.

187.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Texas  law, including those in paragraph 187, are denied.

188.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Texas  law, including those in paragraph 188, are denied.

189.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Texas  law, including those in paragraph 189, are denied.

190.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Texas  law, including those in paragraph 190, are denied.

191.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Texas  law, including those in paragraph 191, are denied.

192.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Texas  law, including those in paragraph 192, are denied.

## COUNT 8:

## CAUSE OF ACTION AGAINST MANUFACTURERS FOR NEGLIGENCE UNDER TEXAS LAW

193.

Morgan's responses to paragraphs 1-192 are re-stated *in extenso*.

194.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Texas  law, including those in paragraph 194, are denied.

195.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Texas  law, including those in paragraph 195, are denied.

196.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Texas  law, including those in paragraph 196, are denied.

197.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Texas  law, including those in paragraph 197, are denied.

198.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Texas  law, including those in paragraph 198, are denied.

## COUNT 9:

## CAUSE OF ACTION AGAINST MANUFACTURERS FOR BREACH OF IMPLIED WARRANTY UNDER TEXAS LAW

199.

Morgan's responses to paragraphs 1-198 are re-stated *in extenso*.

200.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Texas  law, including those in paragraph 200, are denied.

201.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Texas  law, including those in paragraph 201, are denied.

202.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Texas  law, including those in paragraph 202, are denied.

203.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Texas  law, including those in paragraph 203, are denied.

204.

Burr has alleged that she is a resident of the state of Louisiana.  Burr may, therefore, advance claims only under Louisiana law.  All allegations pertaining to claims under Texas  law, including those in paragraph 204, are denied.

## COMPENSATORY DAMAGES:  ALL STATES

The allegations are denied.  Further answering, Morgan re-states its affirmative defenses *in extenso*.

## MEDICAL MONITORING

The allegations are denied.  Louisiana law affords Burr no claim for medical monitoring damages in the absence of a present and manifest injury which is a predicate to any such claim.  *See* La. Civ. Code Art. 2315(B).  Further answering, because Burr has alleged that she is a Louisiana resident, she is precluded from advancing claims for medical monitoring under Mississippi, Alabama, or Texas law.

## PUNITIVE DAMAGES

Burr does not allege entitlement to punitive damages under Louisiana law.  To the extent that she alleges entitlement to punitive damages under Mississippi, Alabama, or Texas law, the allegations are denied.

## REQUEST FOR JURY TRIAL

Burr's request for a jury trial requires no response.  Additionally, Morgan requests a jury trial herein.

## PRAYER FOR RELIEF

To the extent the prayer for relief contains allegations not previously responded to, they are denied.

WHEREFORE, Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc. pray that

their answer and affirmative defenses be deemed good and sufficient and, after due proceedings, all of the claims asserted against them by Patricia A. Burr be dismissed, with prejudice, and that defendants be awarded all costs, expenses and attorneys' fees that they incur in defending against the claims asserted by Patricia A. Burr.

Respectfully submitted:

**McGlinchey Stafford, PLLC**

_s/Christine Lipsey_
Christine Lipsey (LA Bar Roll # 1182), T.A.
Dan E. West (LA Bar Roll #13372)
Kaye C. Templet (LA Bar Roll #27983)
Amanda S. Stout (LA Bar Roll #29001)
One American Place, 14th Floor
Baton Rouge, LA  70825
Telephone:  (225) 383-9000
clipsey@mcglinchey.com
dwest@mcglinchey.com
ktemplet@mcglinchey.com
astout@mcglinchey.com

**_Attorneys for Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc._**

## CERTIFICATE OF SERVICE

I certify that, on January 12, 2009, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all known counsel of record by operation of the court's CM/ECF system.  I also certify that there are no known non-CM/ECF participants.

_s/Christine Lipsey_
Christine Lipsey

317051.1