UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|     FORMALDEHYDE | * | |
|     PRODUCTS LIABILITY | * | |
|     LITIGATION | * | |
| | * | JUDGE: ENGELHARDT |
| This Document Relates to: | * | |
| ADMINISTRATIVE MASTER | * | |
| COMPLAINT, AS SUPPLEMENTED | * | |
| AND AMENDED | * | MAG: CHASEZ |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, ALLIANCE HOMES, INC., D/B/A ADRIAN HOMES, TO FIRST SUPPLEMENTAL AND AMENDED MASTER COMPLAINT AND SECOND SUPPLEMENTAL AND AMENDED MASTER COMPLAINT AND JURY TRIAL REQUEST**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Alliance Homes, Inc., d/b/a Adrian Homes, which, for answer to Plaintiffs' First Supplemental and Amended Master Complaint (R. Doc. 379) and Second Supplemental and Amended Master Complaint (R. Doc. 722), respectfully avers as follows:

**FIRST DEFENSE**

Plaintiffs' Administrative Master Complaint, as supplemented and amended, fails to state a claim or cause of action against Alliance Homes, Inc., d/b/a Adrian Homes upon which relief can be granted.

**SECOND DEFENSE**

**AND NOW**, in answer to the specific allegations of the Administrative Master Complaint, as supplemented and amended:

# ANSWER TO FIRST SUPPLEMENTAL AND AMENDED MASTER COMPLAINT

CCXI.

The allegations contained in Paragraph 1 of Plaintiffs' First Supplemental and Amended Master Complaint do not require a response on the part of Alliance Homes, Inc., d/b/a Adrian Homes. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CCXII.

The allegations contained in Paragraph 2 of Plaintiffs' First Supplemental and Amended Master Complaint, adding subparagraph 8(lxiv), do not require a response on the part of Alliance Homes, Inc., d/b/a Adrian Homes. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CCXIII.

The allegations contained in Paragraph 3 of Plaintiffs' First Supplemental and Amended Master Complaint do not require a response on the part of Alliance Homes, Inc., d/b/a Adrian Homes. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CCXIV.

The allegations contained in Paragraph 4 of Plaintiffs' First Supplemental and Amended Master Complaint, adding subparagraph 8(lxv), do not require a response on the part of Alliance Homes, Inc., d/b/a Adrian Homes. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CCXV.

The allegations contained in Paragraph 5 of Plaintiffs' First Supplemental and Amended Master Complaint do not require a response on the part of Alliance Homes, Inc., d/b/a Adrian Homes. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CCXVI.

The allegations contained in Paragraph 6 of Plaintiffs' First Supplemental and Amended Master Complaint, adding subparagraph 8(lxvi), do not require a response on the part of Alliance Homes, Inc., d/b/a Adrian Homes. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CCXVII.

The allegations contained in Paragraph 7 of Plaintiffs' First Supplemental and Amended Master Complaint, adding subparagraphs 8(lxvii) and 8(lxviii), do not require a response on the part of Alliance Homes, Inc., d/b/a Adrian Homes. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CCXVIII.

The allegations contained in Paragraph 8 of Plaintiffs' First Supplemental and Amended Master Complaint, adding subparagraphs 8(lxix) and 8(lxx), do not require a response on the part of Alliance Homes, Inc., d/b/a Adrian Homes. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CCXIX.

The allegations contained in Paragraph 9 of Plaintiffs' First Supplemental and Amended Master Complaint do not require a response on the part of Alliance Homes, Inc., d/b/a Adrian

Homes. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CCXX.

The allegations contained in any and all unnumbered and/or misnumbered paragraphs of First Supplemental and Amended Master Complaint are denied.

CCXXI.

The allegations contained in the "WHEREFORE" Paragraph of Plaintiffs' First Supplemental and Amending Master Complaint do not require a response on the part of Alliance Homes, Inc., d/b/a Adrian Homes. However, to the extent that an answer is required, Alliance Homes, Inc., d/b/a Adrian Homes submits that Plaintiffs are not entitled to the relief requested. Moreover, in response to the allegations contained in the "WHEREFORE" Paragraph of Plaintiffs' First Supplemental and Amending Master Complaint, Alliance Homes, Inc., d/b/a Adrian Homes re-avers and reasserts its answers contained in Paragraphs I to CCXX above, as if copied herein, *in extenso.*

**ANSWER TO SECOND SUPPLEMENTAL AND AMENDED MASTER COMPLAINT**

CCXXII.

The allegations contained in Paragraph 1 of Plaintiffs' Second Supplemental and Amended Master Complaint do not require a response on the part of Alliance Homes, Inc., d/b/a Adrian Homes. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CCXXIII.

The allegations contained in Paragraph 2 of Plaintiffs' Second Supplemental and Amended Master Complaint do not require a response on the part of Alliance Homes, Inc., d/b/a

Adrian Homes. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CCXXIV.

The allegations contained in Paragraph 3 of Plaintiffs' Second Supplemental and Amended Master Complaint do not require a response on the part of Alliance Homes, Inc., d/b/a Adrian Homes. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CCXXV.

The allegations contained in Paragraph 4 of Plaintiffs' Second Supplemental and Amended Master Complaint do not require a response on the part of Alliance Homes, Inc., d/b/a Adrian Homes. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CCXXVI.

The allegations contained in Paragraph 5 of Plaintiffs' Second Supplemental and Amended Master Complaint, adding subparagraphs 8(lxxi) to 8(lxxxiii), do not require a response on the part of Alliance Homes, Inc., d/b/a Adrian Homes. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CCXXVII.

The allegations contained in Paragraph 6 of Plaintiffs' Second Supplemental and Amended Master Complaint, adding subparagraph 7(c), are denied as written.

CCXXVIII.

The allegations contained in Paragraph 7 of Plaintiffs' Second Supplemental and Amended Master Complaint, adding subparagraph 7(d), are denied as written.

CCXXIX.

The allegations contained in Paragraph 8 of Plaintiffs' Second Supplemental and Amended Master Complaint, adding subparagraph 7(e), are denied as written.

CCXXX.

The allegations contained in Paragraph 9 of Plaintiffs' Second Supplemental and Amended Master Complaint, amending Paragraph 83, are denied.

CCXXXI.

The allegations contained in any and all unnumbered and/or misnumbered paragraphs of Second Supplemental and Amended Master Complaint are denied.

CCXXXII.

The allegations contained in the "WHEREFORE" Paragraph of Plaintiffs' Second Supplemental and Amending Master Complaint do not require a response on the part of Alliance Homes, Inc., d/b/a Adrian Homes  However, to the extent that an answer is required, Alliance Homes, Inc., d/b/a Adrian Homes submits that Plaintiffs are not entitled to the relief requested. Moreover, in response to the allegations contained in the "WHEREFORE" Paragraph of Plaintiffs' Second Supplemental and Amending Master Complaint, Alliance Homes, Inc., d/b/a Adrian Homes re-avers and reasserts its answers contained in Paragraphs I to CCXXXI above, as if copied herein, *in extenso*.

**AND NOW, FURTHER ANSWERING**, Alliance Homes, Inc., d/b/a Adrian Homes asserts the following affirmative defenses:

### THIRD DEFENSE

The claims against Alliance Homes, Inc., d/b/a Adrian Homes are, or may be, barred in whole or in part by Plaintiffs' failure to institute suit within the period of time required by the

applicable statutes of limitation and/or any applicable limitation of actions, or by preeemption or prescription, or failure to initiate suit within the period of time required by the applicable prescriptive periods and/or any limitation of actions contained in any applicable contracts.

### FOURTH DEFENSE

Alliance Homes, Inc., d/b/a Adrian Homes shows that it has sold mobile homes to FEMA since at least 2002, and that its manufactured homes were designed, constructed, and manufactured in conformity with industry standards and in compliance with FEMA specifications.

### FIFTH DEFENSE

Alliance Homes, Inc., d/b/a Adrian Homes specifically denies the existence of any defect or defects that would render its product unreasonably dangerous under the Louisiana Products Liability Act, the limited warranty, and/or any other applicable law, contract, or standard.

### SIXTH DEFENSE

Alliance Homes, Inc., d/b/a Adrian Homes's manufactured homes trailers were manufactured according to the specifications of the United States government, which had specific requirements regarding the design and construction of the mobile homes. Any alleged defect claimed herein, which is specifically denied, is the result of the standards mandated by the United States government over which Alliance Homes, Inc., d/b/a Adrian Homes had no control. Accordingly, Alliance Homes, Inc., d/b/a Adrian Homes is immunized from liability by the government contractor defense.

### SEVENTH DEFENSE

The allegations of the Administrative Master Complaint, as supplemented and amended, fail to allege sufficient factual support for class certification. Out of an abundance of caution, Alliance Homes, Inc., d/b/a Adrian Homes affirmatively asserts that Plaintiffs' claims are not appropriate for

class certification as is detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

## EIGHTH DEFENSE

Alliance Homes, Inc., d/b/a Adrian Homes reasserts as affirmative defenses the defenses raised in the Manufacturing Defendants' Joint Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 210), including Alliance Homes, Inc., d/b/a Adrian Homes's joinder therein, and incorporates Court's Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss as if plead herein, *in extenso.*

## NINTH DEFENSE

Solely in the alternative, in the event the Court finds plaintiffs have suffered any damages whatsoever, the damages complained of resulted solely or substantially from the negligence, fault or comparative fault of the plaintiffs and the proposed class through misuse and/or abuse and/or lack of maintenance of the manufactured homes, failure to follow instructions for use, failure to heed applicable warnings, and/or through other acts or omissions which will be shown more fully at the trial of this matter and which preclude recovery by plaintiffs or reduce any recovery by their respective percentages of fault.

## TENTH DEFENSE

Further in the alternative, all damages complained of resulted solely or substantially from the negligence, fault or comparative fault of third parties for whom Alliance Homes, Inc., d/b/a Adrian Homes is not responsible.

## ELEVENTH DEFENSE

Solely in the alternative, in the event this Court determines there was any defect in any manufactured home, which is specifically denied, said defect was apparent and obvious and could

be easily avoided or remedied, precluding any recovery by plaintiffs or the proposed class.

### TWELFTH DEFENSE

All of the claims asserted against Alliance Homes, Inc., d/b/a Adrian Homes are preempted or otherwise precluded by the statutes, standards, regulations, and rules propagated by the Federal Government and/or HUD, and/or FEMA, and/or the plaintiffs' lease agreements with FEMA.

### THIRTEENTH DEFENSE

Alliance Homes, Inc., d/b/a Adrian Homes further pleads that Plaintiff's claims are, or may be, barred, in whole or in part, to the extent that the Economic Loss Doctrine applies and incorporates Court's Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss as if plead herein, *in extenso*.

### FOURTEENTH DEFENSE

Alliance Homes, Inc., d/b/a Adrian Homes further pleads any and all defenses applicable to Alliance Homes, Inc., d/b/a Adrian Homes that are applicable and available to Defendant under any controlling Alabama statutes.

### FIFTEENTH DEFENSE

Claims against Alliance Homes, Inc., d/b/a Adrian Homes are, or may be, barred in whole or in part by the doctrines of estoppel, release or waiver.

### SIXTEENTH DEFENSE

Alliance Homes, Inc., d/b/a Adrian Homes further pleads any and all defenses applicable and available to Alliance Homes, Inc., d/b/a Adrian Homes under any controlling Texas statutes.

### SEVENTEENTH DEFENSE

Any express warranty obligations that may be owed by Alliance Homes, Inc., d/b/a Adrian Homes are strictly limited by the terms of the limited warranty, including all of its limitations and

exclusions, which are pleaded herein, as if copied *in extenso*.

## EIGHTEENTH DEFENSE

Upon information and belief, plaintiffs and the proposed class have failed to mitigate their damages.

## NINETEENTH DEFENSE

Alliance Homes, Inc., d/b/a Adrian Homes hereby gives notice that it intends to rely upon any and all other such affirmative defenses as become available or apparent during the course of discovery, and reserves the right to amend its Answer to assert any and all such defenses.

## TWENTIETH DEFENSE

Alliance Homes, Inc., d/b/a Adrian Homes further pleads any and all defenses applicable and available to Alliance Homes, Inc., d/b/a Adrian Homes under any controlling Mississippi statutes, including, but not limited to, the Mississippi Products Liability Act, MCA §11-1-63.

## TWENTY-FIRST DEFENSE

In the event that discovery reveals the following, Alliance Homes, Inc., d/b/a Adrian Homes specifically pleads that the accident and/or injuries sued upon herein occurred only and solely due to the substantial alteration and/or modification of the product sued upon herein, which alteration and/or modification was not foreseeable, after it left the hands of the manufacturer, which is specifically pleaded as a complete bar to any recovery against Alliance Homes, Inc., d/b/a Adrian Homes.

## TWENTY-SECOND DEFENSE

Alliance Homes, Inc., d/b/a Adrian Homes specifically pleads to the extent applicable, all defenses allowed under the Louisiana Products Liability Act, LSA--R.S. 9:2800.51 et. seq., and/or other Louisiana law.

## TWENTY-THIRD DEFENSE

Alliance Homes, Inc., d/b/a Adrian Homes specifically pleads that its product was reasonable fit for ordinary use.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims are, or may be, barred in whole or in part to the extent that the Administrative Master Complaint, as supplemented and amended, does not state a cause of action for punitive or exemplary damages against Alliance Homes, Inc., d/b/a Adrian Homes, sufficient in law whereby recovery may be had.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims are, or may be, barred in whole or in part to the extent that under the provisions of Mississippi Code Ann. §85-5-7, defendants are liable only for the amount of damages allotted to them, if any, in direct proportion to their percentage of fault, if any, with due respect to the total negligence of all parties whose actions caused or contributed to the incident and the damages of which are complained.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims are, or may be, barred in whole or in part to the extent that any award of punitive damages, to the extent they are even pled in Administrative Master Complaint, as supplemented and amended, would be unconstitutional because the standards utilized to allow the imposition of such damages that are so vague, both on their face and as applied, so as to fail to give adequate or sufficient notice of the prohibitive conduct.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are, or may be, barred in whole or in part to the extent that the award of punitive damages, to the extent they are even pled by the Plaintiffs, would violate the Fourth,

Fifth, Sixth, Eighth and Fourteenth Amendments, separately, of the Constitution of the United States on each of the following separate and several grounds:

1. The procedures failed to provide means for awarding separate judgments against alleged tortfeasors;
2. The procedures failed to provide a limit on the amount of the award against separate defendants;
3. The procedures failed to provide specific standards for the award of punitive damages;
4. The procedures permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions;
5. The procedures failed to provide a clear consistent and appellate standard of review of an award of punitive damages;
6. The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and
7. The standards of conduct upon which punitive damages are sought are vague.

## TWENTY-EIGHTH DEFENSE

Alliance Homes, Inc., d/b/a Adrian Homes demands a bifurcation of Plaintiffs' claims for actual and punitive damages.

## TWENTY-NINTH DEFENSE

The exact damages/losses claimed by Plaintiffs are unknown to Alliance Homes, Inc., d/b/a Adrian Homes, and thus Alliance Homes, Inc., d/b/a Adrian Homes cannot adequately determine all defenses that may be applicable to Plaintiffs' claims. Therefore, Alliance Homes, Inc., d/b/a Adrian Homes expressly reserves by this reference the right to raise additional defenses to the extent that:

a. Additional defenses become applicable under state and federal law;

b. Additional defenses are established as discovery proceeds; and

c. Additional defenses are available under subsequently asserted theories of recovery.

## THIRTIETH DEFENSE

Alliance Homes, Inc., d/b/a Adrian Homes requests a trial by jury.

**WHEREFORE**, the above premises considered, Defendant, Alliance Homes, Inc., d/b/a Adrian Homes, respectfully prays that this Answer be deemed good and sufficient; that after due proceedings had there be judgment rendered herein in favor of this Defendant, dismissing Plaintiffs' Administrative Master Complaint, as supplemented and amended, with prejudice; and Defendant respectfully prays for all such other general, special and equitable relief that law, equity or the nature of the case may permit and all costs of these proceedings. Finally, Defendant requests a jury trial on all issues herein.

Respectfully Submitted:

**DAIGLE, JAMISON & RAYBURN, LLC**

*/s/Walter K. Jamison, III*
**WALTER K. JAMISON, III #07229**
303 W. Vermilion, Ste 210
P.O. Box 3667
Lafayette, Louisiana 70502
(337) 234-7000
(337) 237-0344 (FAX)
wkjamison@djrlawfirm.com
**Counsel for Defendant, Alliance Homes, Inc., d/b/a Adrian Homes**

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of January, 2009, a copy of the foregoing Answer and Affirmative Defenses on behalf of Defendant, Alliance Homes, Inc., d/b/a Adrian Homes and Jury Trial Request was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

*/s/Walter K. Jamison, III*
WALTER K. JAMISON, III
wkjamison@djrlawfirm.com