**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION, | * | MDL NO. 07-1873 |
| | * | |
| | * | |
| | * | SECTION N-4 |
| | * | |
| THIS DOCUMENT IS RELATED TO: | * | JUDGE ENGELHARDT |
| *Administrative Master Complaint, as supplemented and amended.* | * | MAGISTRATE ROBY |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MASTER ANSWER AND AFFIRMATIVE AND OTHER DEFENSES OF SKYLINE CORPORATION AND LAYTON HOMES CORP. TO ADMINISTRATIVE MASTER COMPLAINT, FIRST SUPPLEMENTAL AND AMENDED MASTER COMPLAINT, AND SECOND SUPPLEMENTAL AND AMENDING MASTER COMPLAINT**

Defendants Skyline Corporation and Layton Homes Corp. (collectively, "Skyline") respectfully submit their Master Answer and Affirmative and Other Defenses to the Administrative Master Complaint, First Supplemental and Amended Master Complaint, and Second Supplemental and Amending Master Complaint ("AMC"), which shall constitute Skyline's answer in each action now pending or subsequently transferred to this multi-district litigation, including any actions in which Skyline has been named as a defendant.

<u>**FIRST DEFENSE**</u>

The AMC fails to state any claim against Skyline upon which relief can be granted.

749850.1

## <u>SECOND DEFENSE</u>

**AND NOW**, in answer to the numbered allegations of the AMC, as supplemented and amended, Skyline responds as follows:

1.

The allegations contained in Paragraph 1 of the AMC require no response from Skyline. To the extent that a response is required, Skyline states that the court record is the best evidence of its contents and denies any allegations inconsistent therewith.

2.

The allegations contained in Paragraph 2 of the AMC require no response from Skyline. To the extent that a response is required, Skyline states that the court record is the best evidence of its contents and denies any allegations inconsistent therewith.

3.

The allegations contained in Paragraph 2 of the AMC require no response from Skyline. To the extent that a response is required, Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

4.

Paragraph 4 of the AMC is a statement of law that requires no response from Skyline. To the extent that a response is required, Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

5.

Paragraph 5 of the AMC is a statement of law that requires no response from Skyline. To the extent that a response is required, Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

6.

Skyline denies the allegations contained in Paragraph 6 of the AMC.

7.

With respect to the remaining allegations contained in Paragraph 7, and all its subparts, Skyline admits that the persons named therein purport to be Plaintiffs in this action, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in those Paragraphs and therefore denies them.

8.

With respect to the allegations contained in Paragraph 8(c)(xxxii), Skyline admits that Layton Homes Corp. is an Indiana corporation, but denies that it manufactured and supplied FEMA trailers or housing units as defined in the AMC pursuant to contracts with FEMA for use in those states. With respect to the allegations contained in Paragraph 8(c)(li), Skyline admits that Skyline Corporation is an Indiana corporation and that it conducts business in Louisiana, Mississippi, Alabama, and Texas, but denies that it manufactured and supplied FEMA trailers or housing units as defined in the AMC pursuant to contracts with FEMA for use in those states. Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained Paragraph 8, including all its subparts, and therefore denies them.

9.

Paragraph 9 of the AMC is a statement of law requires no response from Skyline.  To the extent that a response is required, Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

10.

Paragraph 10 of the AMC is a statement of law that requires no response from Skyline. To the extent that a response is required, Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

11.

Skyline admits the jurisdictional requirements of this Court are satisfied.  Skyline denies the remaining allegations contained in Paragraph 11 of the AMC.

12.

Skyline admits the allegations contained in Paragraph 12 of the AMC.

13.

Paragraph 13 of the AMC is a statement of law requires no response from Skyline.  To the extent that a response is required, Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

14.

Paragraph 14 of the AMC is a statement of law that requires no response from Skyline. To the extent that a response is required, Skyline denies that Skyline committed any negligent

and wrongful action.  Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

15.

Paragraph 15 of the AMC is a statement of law that requires no response from Skyline. To the extent that a response is required, Skyline denies that Skyline committed any negligent and wrongful action.  Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

16.

Paragraph 16 of the AMC is a statement of law that requires no response from Skyline. To the extent that a response is required, Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

17.

With respect to the allegations contained in Paragraph 17 of the AMC, Skyline denies that this is a class action.  Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

18.

With respect to the allegations contained in Paragraph 18 of the AMC, Skyline states that the document referenced therein is the best evidence of its contents and denies any allegation inconsistent therewith. Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

749850.1

19.

With respect to the allegations contained in Paragraph 19 of the AMC, Skyline states that the document referenced therein is the best evidence of its contents and denies any allegation inconsistent therewith.  Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

20.

With respect to the allegations contained in Paragraph 20 of the AMC, Skyline states that the document referenced therein is the best evidence of its contents and denies any allegation inconsistent therewith.  Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

21.

Skyline lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 21 of the AMC and therefore denies them.

22.

Skyline  lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 22 of the AMC and therefore denies them.

23.

With respect to the allegations contained in Paragraph 23 of the AMC, Skyline denies that any of its products were or are "unsafe" or presented any danger to health and well-being. Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

24.

With respect to the allegations contained in Paragraph 24 of the AMC, Skyline denies contracting with FEMA regarding the purchase of housing units.  Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

25.

With respect to the allegations contained in Paragraph 25 of the AMC, Skyline denies the allegation that FEMA purchased housing units from Skyline.  Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

26.

Skyline denies the allegations contained in Paragraph 26 to the extent they pertain to Skyline.  Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

27.

Skyline denies the allegations contained in Paragraph 27 to the extent they pertain to Skyline.  Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

28.

Skyline lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 28 of the AMC and therefore denies them.

29.

Skyline denies the allegations contained in Paragraph 29 to the extent they pertain to Skyline. Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

30.

Skyline denies the allegations contained in Paragraph 30 to the extent they pertain to Skyline and Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that Paragraph and therefore denies them.

31.

Skyline denies the allegations contained in Paragraph 31 to the extent they pertain to Skyline. Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

32.

Skyline denies the allegations contained in Paragraph 32 to the extent they pertain to Skyline. Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

33.

Paragraph 33 of the AMC is a statement of law that requires no response from Skyline. To the extent that a response is required, Skyline states that 29 C.F.R. § 3280.309 is the best evidence of its contents and denies any allegation inconsistent therewith. Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

34.

Skyline lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 34 of the AMC and therefore denies them.

35.

Skyline lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 35 of the AMC and therefore denies them.

36.

Paragraph 36 of the AMC is a statement of law that requires no response from Skyline. To the extent that a response is required, Skyline states that 29 C.F.R. § 3280.308 is the best evidence of its contents and denies any allegation inconsistent therewith.  Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

37.

Paragraph 37 of the AMC is a statement of law that requires no response from Skyline. To the extent that a response is required, Skyline states that 44 C.F.R. § 206.110(e) is the best evidence of its contents and denies any allegation inconsistent therewith.  Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

38.

Skyline denies allegations contained in Paragraph 38 of the AMC as they pertain the Skyline.  Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

39.

Skyline denies allegations contained in Paragraph 39 of the AMC as they pertain the Skyline.  Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

40.

Paragraphs 40-82 of the AMC are directed to claims against the federal government and its agencies and that require no response from Skyline.  To the extent that any response is required, Skyline denies that any of its products were in any way defective or dangerous, caused any injury, or posed any risk of injury, denies any allegations inconsistent with the statutes, regulations, documents referenced therein, which are the best evidence of their contents, and denies that Skyline provided any product to FEMA.  Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in those paragraphs and therefore denies them.

83-97.

Paragraphs 83-97, including all subparts, are class action allegations that require no response from Skyline following the Court's Order and Reasons denying class certification (Rec. Doc. No. 1014).  To the extent that any response is required, Skyline denies the allegations contained in those paragraphs, including all subparts.

98-131

Paragraphs 98-131 of the AMC are directed to claims against the federal government and its agencies and that require no response from Skyline.  To the extent that any response is required, Skyline denies that any of its products were in any way defective or dangerous, caused any injury, or posed any risk of injury, denies any allegations inconsistent with the statutes,

749850.1

regulations, documents referenced therein, which are the best evidence of their contents, and denies that Skyline provided any product to FEMA.  Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in those paragraphs and therefore denies them.

132.

With respect to the allegations contained in Paragraph 132 of the AMC, Skyline incorporates its responses to the Paragraph 1-131 as if fully set forth herein.

133.

Paragraph 133 of the AMC is a statement of legal conclusion that requires no response from Skyline.  To the extent that any response is required, Skyline lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in that paragraph and therefore denies them.

134.

Skyline denies the allegations contained in Paragraph 134 of the AMC as they pertain to Skyline, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

135.

Skyline denies the allegations contained in Paragraph 135 of the AMC as they pertain to Skyline, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

136.

Skyline denies the allegations contained in Paragraph 136 of the AMC as they pertain to Skyline, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

137.

Skyline denies the allegations contained in Paragraph 137 of the AMC as they pertain to Skyline, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

138.

Skyline denies the allegations contained in Paragraph 138, and its subparts, of the AMC as they pertain to Skyline, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

139.

With respect to the allegations contained in Paragraph 139 of the AMC, Skyline incorporates its responses to the Paragraph 1-138 as if fully set forth here.

140.

With respect to the allegations contained in Paragraph 140 of the AMC, Skyline specifically denies that its products were defective and otherwise denies the allegations as they pertain to Skyline, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

141.

With respect to the allegations contained in Paragraph 141 of the AMC, Skyline specifically denies that its products were defective or unreasonably dangerous or caused damage to any plaintiff and otherwise denies the allegations as they pertain to Skyline, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that Paragraph and therefore denies them.

142.

With respect to the allegations contained in Paragraph 142 of the AMC, Skyline specifically denies that its products were defective or unreasonably dangerous and otherwise denies the allegations as they pertain to Skyline, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

143.

Skyline denies the allegations contained in Paragraph 143 of the AMC as they pertain to Skyline, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

144.

With respect to the allegations contained in Paragraph 144 of the AMC, Skyline specifically denies that its products were defective and otherwise denies the allegations as they pertain to Skyline, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

145.

With respect to the allegations contained in Paragraph 145 of the AMC, Skyline specifically denies that its products were defective or posed any danger and otherwise denies the allegations as they pertain to Skyline, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

146.

With respect to the allegations contained in Paragraph 146 of the AMC, Skyline specifically denies that its products were defective or posed any danger and otherwise denies the allegations as they pertain to Skyline, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

147.

Skyline denies the allegations contained in Paragraph 147 of the AMC as they pertain to Skyline, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

148.

Skyline denies the allegations contained in Paragraph 148 of the AMC as they pertain to Skyline, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

149.

With respect to the allegations contained in Paragraph 149 of the AMC, Skyline specifically denies that its products caused any toxic exposure and otherwise denies the

allegations as they pertain to Skyline, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

150.

Skyline denies the allegations contained in Paragraph 150 of the AMC as they pertain to Skyline, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

151.

Skyline denies the allegations contained in Paragraph 151 of the AMC  to the extent the Court has determined that plaintiffs' claims are dismissed in its Order and Reasons (Rec. Doc. No. 984).  To the extent that any further response is required, Skyline specifically denies that its products breach any express warranty, that its products failed to conform to any express factual representations, that any claimant's reliance was justified, and otherwise denies the allegations as they pertain to Skyline, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

152.

With respect to the allegations contained in Paragraph 152 of the AMC, Skyline incorporates its responses to the Paragraph 1-151 as if fully set forth here.

153.

Skyline denies the allegations contained in Paragraph 153 of the AMC as they pertain to Skyline, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

154.

Skyline denies the allegations contained in Paragraph 154 of the AMC as they pertain to Skyline, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

155.

Skyline denies that Plaintiffs are entitled to any damages as alleged in Paragraph 155 of the AMC, and Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph  and therefore denies them.

156.

With respect to the allegations contained in Paragraph 156 of the AMC, Skyline specifically denies that its products or their parts emitted excessive and dangerous levels of formaldehyde and denies that its products are dangerous to human health, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

157.

Skyline denies the allegations contained in Paragraph 157 of the AMC as they pertain to Skyline, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

158.

With respect to the allegations contained in Paragraph 158 of the AMC, Skyline incorporates its responses to the Paragraph 1-157 as if fully set forth here.

159.

With respect to the allegations contained in Paragraph 159 of the AMC, Skyline denies that Skyline or its servants or employees engaged in any willful, wanton, egregious, or reckless disregard for the rights and safety of the plaintiffs, denies that a punitive damages award against Skyline is appropriate or necessary, and otherwise denies the allegations as they pertain to Skyline, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

160.

With respect to the allegations contained in Paragraph 160 of the AMC, Skyline incorporates its responses to the Paragraph 1-159 as if fully set forth here.

161.

Skyline denies the allegations contained in Paragraph 161 of the AMC to the extent the Court has determined that plaintiffs' claims are dismissed in its Order and Reasons (Rec. Doc. No. 984).  To the extent that any further response is required, Skyline denies the allegations contained in Paragraph 161 of the AMC as they pertain to Skyline, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

162.

With respect to the allegations contained in Paragraph 162 of the AMC, Skyline specifically denies that its products were defective in any manner and otherwise denies the allegations as they pertain to Skyline, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

163.

With respect to the allegations contained in Paragraph 163 of the AMC, Skyline specifically denies that its products were defective or unreasonably dangerous and otherwise denies the allegations as they pertain to Skyline, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

164.

With respect to the allegations contained in Paragraph 164 of the AMC, Skyline specifically denies that its products were defective or unreasonably dangerous and otherwise denies the allegations as they pertain to Skyline, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

165.

Skyline denies the allegations contained in Paragraph 165 of the AMC as they pertain to Skyline, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that Paragraph and therefore denies them.

166.

With respect to the allegations contained in Paragraph 166 of the AMC, Skyline specifically denies that its products were defective and otherwise denies the allegations as they pertain to Skyline, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

167.

With respect to the allegations contained in Paragraph 167 of the AMC, Skyline specifically denies that its products were defective and otherwise denies the allegations as they pertain to Skyline, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

168.

With respect to the allegations contained in Paragraph 168 of the AMC, Skyline specifically denies that its products were defective or posed any danger and otherwise denies the allegations as they pertain to Skyline, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

169.

Skyline denies the allegations contained in Paragraph 169 of the AMC as they pertain to Skyline, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

170.

With respect to the allegations contained in Paragraph 170 of the AMC, Skyline specifically denies that its products were defective and otherwise denies the allegations as they pertain to Skyline, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

171.

With respect to the allegations contained in Paragraph 171 of the AMC, Skyline specifically denies that its products caused any toxic exposure and otherwise denies the

allegations as they pertain to Skyline, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

172.

Skyline denies the allegations contained in Paragraph 172 of the AMC as they pertain to Skyline, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

173.

Skyline denies the allegations contained in Paragraph 173 of the AMC to the extent the Court has determined that plaintiffs' claims are dismissed in its Order and Reasons (Rec. Doc. No. 984).  To the extent that any further response is required, Skyline specifically denies that its products breach any express warranty, that its products failed to conform to any express factual representations, that any claimant's reliance was justified, and otherwise denies the allegations as they pertain to Skyline, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

174.

With respect to the allegations contained in Paragraph 174 of the AMC, Skyline incorporates its responses to the Paragraph 1-173 as if fully set forth here.

175.

Skyline denies the allegations contained in Paragraph 175 of the AMC as they pertain to Skyline, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

749850.1

176.

Skyline denies the allegations contained in Paragraph 176 of the AMC as they pertain to Skyline, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

177.

Skyline denies that Plaintiffs are entitled to any damages as alleged in Paragraph 177 of the AMC, and Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph and therefore denies them.

178.

With respect to the allegations contained in Paragraph 178 of the AMC, Skyline specifically denies that its products or their parts emitted excessive and dangerous levels of formaldehyde and denies that its products are dangerous to human health, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

179.

Skyline denies the allegations contained in Paragraph 179 of the AMC as they pertain to Skyline, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

180.

With respect to the allegations contained in Paragraph 180 of the AMC, Skyline incorporates its responses to the Paragraph 1-179 as if fully set forth here.

181.

With respect to the allegations contained in Paragraph 181 of the AMC, Skyline denies that Skyline or its servants or employees engaged in any willful, wanton, egregious, or reckless disregard for the rights and safety of the plaintiffs, denies that a punitive damages award against Skyline is appropriate or necessary, and otherwise denies the allegations as they pertain to Skyline, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

182.

With respect to the allegations contained in Paragraph 182 of the AMC, Skyline incorporates its responses to the Paragraph 1-181 as if fully set forth here.

183.

Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 183 of the AMC and therefore denies them.

184.

Skyline denies the allegations contained in Paragraph 184 of the AMC as they pertain to Skyline, and Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

185.

With respect to the allegations contained in Paragraph 185 of the AMC, Skyline specifically denies that its products were defective or unreasonably dangers, denies that its products caused any damages, and otherwise denies the allegations as they pertain to Skyline, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

186.

Skyline denies the allegations contained in Paragraph 186 of the AMC as they pertain to Skyline, and Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

187.

Skyline denies the allegations contained in Paragraph 187 of the AMC.

188.

Skyline denies the allegations contained in Paragraph 188 of the AMC as they pertain to Skyline, and Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

189.

Skyline denies the allegations contained in Paragraph 189, and its subparts, of the AMC as they pertain to Skyline, and Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

190.

With respect to the allegations contained in Paragraph 190 of the AMC, Skyline specifically denies that its products were defective or unreasonably dangers, denies that its products caused any damages, and otherwise denies the allegations as they pertain to Skyline, but Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

191.

Skyline denies the allegations contained in Paragraph 191 of the AMC as they pertain to Skyline, and Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

192.

Skyline denies the allegations contained in Paragraph 192, and its subparts, of the AMC as they pertain to Skyline, and  Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

193.

With respect to the allegations contained in Paragraph 193 of the AMC, Skyline incorporates its responses to the Paragraph 1-192 as if fully set forth here.

194.

With respect to the allegations contained in Paragraph 194 of the AMC, Skyline denies that any of its products caused injury to any plaintiff, and Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegation contained in that paragraph and therefore denies them.

195.

Skyline denies the allegations contained in Paragraph 195 of the AMC as they pertain to Skyline, and Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

196.

Skyline denies the allegations contained in Paragraph 196 of the AMC as they pertain to Skyline, and Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

197.

Skyline denies the allegations contained in Paragraph 197, and its subparts, of the AMC as they pertain to Skyline, and Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

198.

Skyline denies the allegations contained in Paragraph 198 of the AMC as they pertain to Skyline, and Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

199.

With respect to the allegations contained in Paragraph 199 of the AMC, Skyline incorporates its responses to the Paragraph 1-198 as if fully set forth here.

200.

Skyline denies the allegations contained in Paragraph 200 of the AMC to the extent the Court has determined that plaintiffs' claims are dismissed in its Order and Reasons (Rec. Doc. No. 984).  To the extent that any further response is required, Skyline denies the allegations contained in that paragraph  as they pertain to Skyline, and Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

201.

Skyline denies the allegations contained in Paragraph 201 of the AMC to the extent the Court has determined that plaintiffs' claims are dismissed in its Order and Reasons (Rec. Doc. No. 984).  To the extent that any further response is required, Skyline denies the allegations contained in that paragraph as they pertain to Skyline, and Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

202.

Skyline denies the allegations contained in Paragraph 202 of the AMC to the extent the Court has determined that plaintiffs' claims are dismissed in its Order and Reasons (Rec. Doc. No. 984).  To the extent that any further response is required, Skyline denies the allegations contained in that paragraph as they pertain to Skyline, and Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

203.

Skyline denies the allegations contained in Paragraph 203 of the AMC to the extent the Court has determined that plaintiffs' claims are dismissed in its Order and Reasons (Rec. Doc. No. 984).  To the extent that any further response is required, Skyline denies the allegations contained in that paragraph as they pertain to Skyline, and Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that Paragraph and therefore denies them.

204.

Skyline denies the allegations contained in Paragraph 204 of the AMC to the extent the Court has determined that plaintiffs' claims are dismissed in its Order and Reasons (Rec. Doc. No. 984).  To the extent that any further response is required, Skyline denies the allegations contained in that paragraph as they pertain to Skyline, and Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that Paragraph and therefore denies them.

205.

With respect to the allegations contained in the three Paragraphs following Paragraph 204 of the AMC and the heading "COMPENSATORY DAMAGES: ALL STATES," Skyline denies that Skyline is responsible for any damages alleged by plaintiffs, that plaintiffs or their survivors have suffered any injury due to Skyline's conduct or products, and that plaintiffs are entitled to the relief requested, and Skyline otherwise denies the allegations contained in that paragraph as they pertain to Skyline, and Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

206.

Skyline denies the allegations contained in the paragraph following Paragraph 204 of the AMC and the heading "MEDICAL MONITORING" to the extent the Court has determined that plaintiffs' claims are dismissed in its Order and Reasons (Rec. Doc. No. 984).  To the extent that any further response is required, Skyline denies that plaintiffs are entitled to the relief requested as it pertains to Skyline, and Skyline lacks knowledge or information sufficient to form a belief

about the truth of the remaining allegations contained in that paragraph and therefore denies them.

207.

With respect to the allegations contained in the Paragraph following Paragraph 204 of the AMC and the heading "PUNITIVE DAMAGES," Skyline denies that plaintiffs are entitled to an award of punitive damages against Skyline, and Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

208.

The allegations contained in the Paragraph following Paragraph 204 of the AMC and the heading "REQUEST FOR JURY TRIAL" require no response from Skyline.

209.

With respect to the allegations contained in the "Prayer for Relief" in the AMC, Skyline denies that certification as class action is proper, that any of its products were defective, dangerous, or injurious to the health of the occupants, that any of its products violated federal or state regulations, and that plaintiffs are entitled to the relief requested with respect to Skyline, and Skyline lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph and therefore denies them.

**AND NOW**, in further response to the AMC, Skyline asserts the following additional defenses:

## <u>THIRD DEFENSE</u>

Skyline denies all allegations contained in the AMC, including unnumbered or misnumbered paragraphs, that Skyline has not specifically admitted above.

## FOURTH DEFENSE

Some or all of the claims against Skyline asserted in the AMC are barred by the applicable statute of limitations, prescriptive and peremptive periods, contractual limitations period, and/or laches.

## FIFTH DEFENSE

Some or all of the claims asserted against Skyline asserted in the AMC are barred by the doctrines of waiver, ratification, unclean hands and/or estoppel.

## SIXTH DEFENSE

Some or all of the claims asserted against Skyline asserted in the AMC are barred by the principles of *res judicata* and/or collateral estoppel.

## SEVENTH DEFENSE

No plaintiff has standing to pursue any claims against Skyline.

## EIGHTH DEFENSE

The claims asserted in the AMC are not appropriate for class certification.

## NINTH DEFENSE

Skyline asserts its defenses raised in the Manufacturing Defendants' Joint Rule 12(b)(6) Motion to Dismiss (Rec. Doc. No. 210), and incorporates the Court's Order and Reasons (Rec. Doc. No. 984).

## TENTH DEFENSE

Skyline at all times complied with all applicable laws, regulations, and standards.

749850.1

## ELEVENTH DEFENSE

Skyline did not owe any duty to any plaintiff.  In the alternative, any duty owed by Skyline was not breached.

## TWELFTH DEFENSE

Skyline has not breached any duty (the existence of which is denied) to any plaintiff.

## THIRTEENTH DEFENSE

Skyline at all times acted with due care.

## FOURTEENTH DEFENSE

Skyline's products were designed, constructed, and manufactured in conformity with industry standards and in compliance with any applicable statute or regulation.

## FIFTEENTH DEFENSE

Some of or all of the claims asserted against Skyline are preempted or otherwise precluded by statute, regulation, or any applicable agreements.

## SIXTEENTH DEFENSE

Skyline asserts any and all defenses applicable and available to it under any controlling federal or state statute, including but not limited to the Louisiana Products Liability Act, La. R.S. 9:2800.51 *et seq*., the Mississippi Products Liability Act, MCA § 11-1-63, and the provisions of MCA § 85-57.

## SEVENTEENTH DEFENSE

Skyline asserts as a defense the terms of any applicable limited warranty, including its limitations and exclusions.

749850.1

## EIGHTEENTH DEFENSE

Plaintiffs fail to state a claim upon which relief under the products liability laws of Alabama, Louisiana, Mississippi, and/or Texas.

## NINETEENTH DEFENSE

Skyline denies the existence of any defect(s) that would render any of its products unreasonably dangerous under the Louisiana Products Liability Act, any applicable limited warranty, and any applicable statute, regulation, contractual obligation, or other standard.

## TWENTIETH DEFENSE

Any defect in any Skyline product (the existence of which defect is denied), such defect was apparent and obvious and could be avoided or remedied easily.

## TWENTY-FIRST DEFENSE

Skyline's products were reasonably fit for ordinary use.

## TWENTY-SECOND DEFENSE

Any injury, damage or loss sustained by any plaintiff (the existence of which is denied) occurred solely because of the substantial alteration and/or modification of the product claimed to cause the injury, damage, or loss, which alteration and/or modification was not foreseeable, after it left the hands of the manufacturer.

## TWENTY-THIRD DEFENSE

No plaintiff has sustained damages proximately caused by Skyline.

749850.1

31

## TWENTY-FOURTH DEFENSE

Some or all of the claims asserted against Skyline asserted in the AMC should be dismissed, or alternatively, any damages (the existence of which is denied) should be reduced, due to the negligent conduct, lack of care, comparative fault, breaches of contract, fraud or legal fault of the plaintiff.

## TWENTY-FIFTH DEFENSE

Any injury, damage, or loss sustained by any plaintiff (the existence of which is denied) related to any products allegedly provided by Skyline, was proximately caused by an unintended, unexpected and/or abnormal use or misuse by plaintiffs.

## TWENTY-SIXTH DEFENSE

Any damages sustained by any plaintiff (the existence of which damages is denied) were the result of acts or omissions of parties other than Skyline, for which Skyline is not legally responsible.

## TWENTY-SEVENTH DEFENSE

The injuries and damages allegedly sustained (the existence of which is denied) occurred as the result of pre-existing medical conditions, causes, or injuries, and the existence of these pre-existing or other medical conditions, causes, or injuries, bar and/or mitigate the recovery of any plaintiff.

## TWENTY-EIGHTH DEFENSE

Plaintiffs have failed to mitigate their damages( the existence of which is denied).

## TWENTY-NINTH DEFENSE

To the extent that any plaintiff suffered purely economic damages (the existence of which is denied), that plaintiff has failed to state a claim for breach of the implied warranty of merchantability.  Skyline refers to the Court's Order and Reasons (Rec. Doc. No. 984).

## THIRTIETH DEFENSE

Any injury, damage or loss sustained by any plaintiff (the existence of which is denied) related to any products allegedly provided by Skyline, was proximately caused by an unintended, unexpected and/or abnormal use or misuse by plaintiffs.

## THIRTY-FIRST DEFENSE

Plaintiffs' injuries, illnesses or diseases, if any, were a result of an unavoidable accident, and are not due to any negligence or breach of legal duty on the part of Skyline.

## THIRTY-SECOND DEFENSE

Plaintiffs came into contact with the allegedly harmful materials in question through the acts of one or more "learned intermediaries" who were fully aware of all risks associated therewith, and that as a result, Skyline's duty to warn of such risks (the existence of which is denied) either did not attach, was discharged by the actions of such intermediaries or of others, was not breached, or any putative breach of that duty was not the cause of any damages alleged by any plaintiff.

## THIRTY-THIRD DEFENSE

Plaintiffs were "knowledgeable users" or "sophisticated users" to whom Skyline had no duty to warn of any dangers in the use of the materials in question (the existence of which is denied), because, plaintiffs, by reason of experience and knowledge, possessed knowledge of the

dangers of the use of the subject materials that may have resulted in the plaintiffs' alleged injuries, the existence of which are denied.

## THIRTY-FOURTH  DEFENSE

Plaintiffs fail to state a claim for medical monitoring damages to the extent that any plaintiff has not suffered a specific or manifest injury.

## THIRTY-FIFTH DEFENSE

Plaintiffs fail to state a claim for attorney's fees and costs.

## THIRTY-SIXTH  DEFENSE

Plaintiffs' theory of joint and several liability, or market share liability, is precluded by applicable law.

## THIRTY-SEVENTH DEFENSE

Skyline cannot be held strictly liable for the claims asserted against it.

## THIRTY-EIGHTH  DEFENSE

Skyline also avers that it is entitled to indemnity and/or contribution from all responsible defendants and from any other responsible persons for any sums it must pay any plaintiff based on the negligence or fault of these other persons; or, alternatively, for a reduction in any amount it must pay to any plaintiff to the extent of the fault of any other party

## THIRTY-NINTH  DEFENSE

To the extent any plaintiff sustained damages (the existence of which is denied), such damages were caused by the negligence or fault of persons with whom plaintiff has settled his or her claims.  Skyline is entitled to an off-set or reduction of any judgment rendered against it by the percentage of fault or virile share of all entities with whom any plaintiff may have reached settlement.

749850.1

## FORTIETH  DEFENSE

Plaintiffs have failed to join as necessary and indispensable parties, all of the manufacturers, distributors, suppliers, contractors, subcontractors, and other persons, firms, corporations, associations, and groups which provided materials containing formaldehyde, thereby causing or substantially contributing to plaintiffs' injuries (the existence of which is denied).  Plaintiffs' failure to join such third-parties demonstrates that complete relief cannot be accorded among those who are now parties to this suit.  Plaintiffs' failure to join other necessary and indispensable parties subjects Skyline to the substantial risk of incurring double, multiple, or otherwise inconsistent obligations for the damages claimed by plaintiffs.

## FORTY-FIRST DEFENSE

To the extent that any plaintiff has settled with other parties, such settlement constitutes an extinguishment of any debt owed by Skyline.

## FORTY-SECOND DEFENSE

Plaintiffs' fail to state a claim for punitive or exemplary damages.

## FORTY-THIRD DEFENSE

Any punitive or exemplary damages must be precluded, limited, or reduced pursuant to any applicable statute.

## FORTY-FOURTH DEFENSE

Any award of punitive or exemplary damages would be unconstitutional because the standards utilized to allow the imposition of such damages fail to give adequate or sufficient notice of the prohibitive conduct.

749850.1

## FORTY-FIFTH DEFENSE

Any award of punitive or exemplary damages would be unconstitutional because the standards utilized to allow the imposition of such damages fail to provide means for awarding separate judgments against alleged tortfeasors.

## FORTY-SIXTH DEFENSE

Any award of punitive or exemplary damages would be unconstitutional because the standards utilized to allow the imposition of such damages fail to provide a limit on the amount of the award against separate defendants.

## FORTY-SEVENTH DEFENSE

Any award of punitive or exemplary damages would be unconstitutional because the standards utilized to allow the imposition of such damages fail to provide specific standards for the award of such damages.

## FORTY-EIGHTH DEFENSE

Any award of punitive or exemplary damages would be unconstitutional because the standards utilized to allow the imposition of such damages permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

## FORTY-NINTH DEFENSE

Any award of punitive or exemplary damages would be unconstitutional because the standards utilized to allow the imposition of such damages fail to provide a clear and consistent appellate standard of review of an award of such damages.

749850.1

## FIFTIETH DEFENSE

Any award of punitive or exemplary damages would be unconstitutional because the standards utilized to allow the imposition of such damages may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

## FIFTY-FIRST DEFENSE

Skyline demands a bifurcation of plaintiffs' claims for actual and punitive damages.

## FIFTY-SECOND DEFENSE

Skyline reserves the right to assert any additional affirmative defenses that may be discovered during the course of additional investigation and discovery, as additional defenses become available under law, or as additional claims or theories of recovery are asserted.

**WHEREFORE**, Defendants Skyline Corporation and Layton Homes Corp. respectfully request that Plaintiffs' claims be dismissed with prejudice, that judgment be entered in favor of Skyline Corporation and Layton Homes Corp., and that Skyline Corporation and Layton Homes Corp. be awarded their attorney's fees and costs.

Respectfully submitted,

/s/ *Robert D. Sheesley*
Larry Feldman, Jr., T.A. (# 5503)
Robert D. Sheesley (# 31579)
McGLINCHEY STAFFORD, PLLC
601 Poydras St., 12th Floor
New Orleans, LA 70130
Telephone:  (504) 586-1200
Facsimile:  (504) 596-2800

ATTORNEYS FOR SKYLINE CORPORATION
AND LAYTON HOMES CORP.

749850.1

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system. Notice of this filing will be sent to all known counsel by operation of the court's electronic filing system. I also certify that I have mailed a copy of this filing to any non-CM/ECF participants by U.S. Mail, postage prepaid and properly addressed.

/s/ *Robert D. Sheesley*
ROBERT D. SHEESLEY

749850.1