**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | § | **MDL NO. 1873** |
| FORMALDEHYDE PRODUCTS | § | **SECTION "N" (4)** |
| LIABILITY LITIGATION | § | |
| | § | **JUDGE ENGELHARDT** |
| | § | **MAG. JUDGE CHASEZ** |

**THIS DOCUMENT RELATES TO ALL CASES**
_____

**DEFENDANT, JAYCO, INC.'S MASTER ANSWER AND AFFIRMATIVE DEFENSES**
**TO ADMINISTRATIVE MASTER COMPLAINT, FIRST SUPPLEMENTAL AND**
**AMENDED MASTER COMPLAINT AND SECOND SUPPLEMENTAL AND**
**AMENDED MASTER COMPLAINT AND**
**JURY TRIAL REQUEST**

Pursuant to Pretrial Order No. 2 (R. Doc. No. 87), Defendant Jayco, Inc. ("Jayco" and "Defendant") submits the following Master Answer to Plaintiffs' Administrative Master Complaint (R. Doc. No. 109), First Supplemental and Amended Master Complaint (R. Doc. No. 379) and Second Supplemental and Amended Master Complaint (R. Doc. No. 722) respectfully showing unto the court as follows:

**I.  FIRST DEFENSE**

Plaintiffs' Administrative Master Complaint, as supplemented and amended, fails to state a claim or cause of action against Jayco, Inc. upon which relief can be granted.

1

## II.  SECOND DEFENSE

A. **ANSWER TO MASTER COMPLAINT**

NOW, in answer and response to the specific allegations contained in the Administrative Master Complaint, as supplemented and amended:

1. To the extent the statements and allegations in Paragraph 1 require a response, Defendant responds that after reasonable inquiry, it does not have sufficient information to either admit or deny the statements and allegations contained in Paragraph 1.

2. To the extent the statements and allegations in Paragraph 2 require a response, Defendant responds that after reasonable inquiry, it does not have sufficient information to either admit or deny the statements and allegations contained in Paragraph 2, and that Pre-Trial Order No. 2 (R. Doc. 87) is its own best evidence of the contents therein.

3. To the extent the allegations in Paragraph 3 require a response, Defendant denies the allegations as it does not have sufficient information to justify a belief in the truth thereof.

4. To the extent the allegations in Paragraph 4 require a response, Defendant denies the allegations as it does not have sufficient information to justify a belief in the truth thereof.

5. To the extent the allegations in Paragraph 5 require a response, Defendant denies the allegations as it does not have sufficient information to justify a belief in the truth thereof.

6. To the extent the allegations in Paragraph 6 require a response, Defendant asserts that the claims of the named individuals are not appropriate for class certification as detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

7. Defendant denies the allegations in Paragraph 7 as supplemented and amended, including all subparts, as after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.  Further, Defendant asserts the named individuals are not appropriate

representatives of any proposed class or subclass as detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014). Additionally, to the extent it is established through discovery, Defendant denies that the named individuals used a product manufactured by Defendant and, therefore, have no claim against Defendant.

8.      Defendant denies that Jayco Enterprises, Inc. is a proper party to this lawsuit, as it is only a transportation company and does not design, manufacture, sell or distribute travel trailers. In regard to Jayco, Inc., Defendant admits that Jayco, Inc. is an Indiana corporate entity as alleged in Paragraph 8, as supplemented and amended, and that it is in the business of manufacturing travel trailers. Defendant denies it supplied travel trailers directly to FEMA pursuant to any contract with FEMA or its suppliers or contractors. Defendant denies all other allegations contained in Paragraph 8 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

9.      The allegations contained in Paragraph 9 constitute legal conclusions that require no response on behalf of Defendant. To extent the allegations are deemed to require a response, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 9 and therefore denies same.

10.      The allegations contained in Paragraph 10 constitute legal conclusions that require no response on behalf of Defendant. To extent the allegations are deemed to require a response, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 10 and therefore denies same.

11.      The allegations contained in Paragraph 11 constitute legal conclusions that require no response on behalf of Defendant. To extent the allegations are deemed to require a response, Defendant denies that any individual plaintiff suffered damages as alleged, to the extent it is

established through discovery.  Further, Defendant admits that the jurisdictional requirements of this court are satisfied.

12.      The allegations contained in Paragraph 12 constitute legal conclusions that require no response on behalf of Defendant.  To extent the allegations are deemed to require a response, Defendant admits that the jurisdictional requirements of this court are satisfied.

13.      The allegations contained in Paragraph 13 constitute legal conclusions that require no response on behalf of Defendant.  To extent the allegations are deemed to require a response, Defendant admits that the jurisdictional requirements of this court are satisfied.

14.      The allegations contained in Paragraph 14 constitute legal conclusions that require no response on behalf of Defendant.  To extent the allegations are deemed to require a response, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 14 and therefore denies same.

15.      The allegations contained in Paragraph 15 constitute legal conclusions that require no response on behalf of Defendant.  To extent the allegations are deemed to require a response, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 15 and therefore denies same.

16.      The allegations contained in Paragraph 16 constitute legal conclusions that require no response on behalf of Defendant.  To extent the allegations are deemed to require a response, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 16 and therefore denies same.

17.      Defendant denies the allegations in Paragraph 17 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.  Further, Defendant asserts the

named individuals are not appropriate representatives of any proposed class or subclass as detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

18.     Defendant denies the allegations in Paragraph 18 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

19.     Defendant denies the allegations in Paragraph 19 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

20.     Defendant denies the allegations in Paragraph 20 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

21.     Defendant denies the allegations in Paragraph 21 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

22.     Defendant denies the allegations in Paragraph 22 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

23.     Defendant denies the allegations in Paragraph 23 as written.

24.     Defendant denies the allegations in Paragraph 24.  To extent the allegations pertain to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies the same.

25.     Defendant denies the allegations in Paragraph 25.  To extent the allegations pertain to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies the same.

26.     Defendant denies the allegations in Paragraph 26.  To extent the allegations pertain to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies the same.

27.     Defendant denies the allegations in Paragraph 27.  To extent the allegations pertain to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies the same.

28.     Defendant denies the allegations in Paragraph 28 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

29.     Defendant denies the allegations in Paragraph 29 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

30.     Defendant denies the allegations in Paragraph 30 as written.  To extent the allegations pertain to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies the same.

31.     Defendant denies the allegations in Paragraph 31.  To extent the allegations pertain to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies the same.

32.     Defendant denies the allegations in Paragraph 32.  To extent the allegations pertain to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies the same.

33.     Defendant denies the allegations in Paragraph 33.  To extent the allegations pertain to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies the same.  Further, Defendant submits that 24 C.F.R. Sec. 3280.309 is its own best evidence as to the contents therein.

34.     Defendant denies the allegations in Paragraph 34 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

35.     Defendant denies the allegations in Paragraph 35 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

36.     The allegations contained in Paragraph 36 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant submits that 24 C.F.R. Sec. 3280.308 is its own best evidence as to the contents therein.

37.     The allegations contained in Paragraph 37 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant submits that 44 C.F.R. Sec. 206.110(e) is its own best evidence as to the contents therein.

38.     Defendant denies the allegations in Paragraph 38 as written.  To extent the allegations pertain to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies the same.

39.     Defendant denies the allegations in Paragraph 39.  To extent the allegations pertain to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies the same.

40.     The allegations in Paragraph 40 do not require a response.  To the extent the allegations to require a response from this defendant, Defendant re-avers and reasserts its answers contained in the previous paragraphs as if set forth fully herein, *in extenso*.

41.     Defendant denies the allegations in Paragraph 41 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

42.     The allegations contained in Paragraph 42 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant submits that 42 U.S.C.A. Sec. 5121(a)(2)(2006) is its own best evidence as to the contents therein.

43.     The allegations contained in Paragraph 43 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant submits that 42 U.S.C.A. Sec. 5174(b)(1)(Supp. 2007) is its own best evidence as to the contents therein.

44.     The allegations contained in Paragraph 44 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant submits that 44 C.F.R. Sec. 206.11 is its own best evidence as to the contents therein.

45.     The allegations contained in Paragraph 45 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant submits that Public Law 93-288, Title IV, Sec. 408 (1988) is its own best evidence as to the contents therein.

46.     The allegations contained in Paragraph 46 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant submits that 42 U.S.C.A. Sec. 5174(c)(1)(A) and 44 C.F.R. Sec. 206.117(b)(ii) are their own best evidence as to the contents therein.

47.     Defendant denies the allegations in Paragraph 47 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

48.     The allegations contained in Paragraph 48 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant submits that 44 C.F.R. Sec. 206.117(b)(ii)(F) is its own best evidence as to the contents therein.

49.     Defendant denies the allegations in Paragraph 49 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

50.     Defendant denies the allegations in Paragraph 50 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

51.     Defendant denies the allegations in Paragraph 51 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

52.     Defendant denies the allegations in Paragraph 52 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

53.     Defendant denies the allegations in Paragraph 53 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

54.     Defendant denies the allegations in Paragraph 54 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

55.     Defendant denies the allegations in Paragraph 55 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

56.     Defendant denies the allegations in Paragraph 56 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

57.     Defendant denies the allegations in Paragraph 57 as written.  To extent the allegations pertain to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies the same.

58.     Defendant denies the allegations in Paragraph 58 as written.  To extent the allegations pertain to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies the same.

59.     Defendant denies the allegations in Paragraph 59 as written.  To the extent the allegations pertain to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies the same.

60.     Defendant denies the allegations in Paragraph 60 as written.  To extent the allegations pertain to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies the same.

61.     Defendant denies the allegations in Paragraph 61 as written.  To extent the allegations pertain to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies the same.

62.     Defendant denies the allegations in Paragraph 62 as written.  To extent the allegations pertain to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies the same.

63.     Defendant denies the allegations in Paragraph 63.  To extent the allegations pertain to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies the same.  Further, Defendant submits that any document is its own best evidence of the contents contained therein.

64.     Defendant denies the allegations in Paragraph 64 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

65.     Defendant denies the allegations in Paragraph 65 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

66.     Defendant denies the allegations in Paragraph 66 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

67.     Defendant denies the allegations in Paragraph 67 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

68.     Defendant denies the allegations in Paragraph 68 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

69.     Defendant denies the allegations in Paragraph 69 as written.  To extent the allegations pertain to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies the same.

70.     Defendant denies the allegations in Paragraph 70 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

71.     Defendant denies the allegations in Paragraph 71 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

72.     Defendant denies the allegations in Paragraph 72 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

73.     Defendant denies the allegations in Paragraph 73 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

74.     Defendant denies the allegations in Paragraph 74 as written.  To extent the allegations pertain to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies the same.

75.     Defendant denies the allegations in Paragraph 75 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

76.     Defendant denies the allegations in Paragraph 76 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

77.     Defendant denies the allegations in Paragraph 77 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

78.     Defendant denies the allegations in Paragraph 78 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

79.     Defendant denies the allegations in Paragraph 79 as written.  To extent the allegations pertain to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies the same.

80.     Defendant denies the allegations in Paragraph 80 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

81.     The allegations contained in Paragraph 81 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 81 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

82.      The allegations contained in Paragraph 82 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 82 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

83.     To the extent the allegations require a response, Defendant denies the allegations in Paragraph 83, as well as the supplemental and amended Paragraph 83 in Plaintiffs' Second Supplemental and Amended Master Complaint as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.  Further, Defendant asserts that Plaintiffs' claims are not appropriate for class certification as detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

84.     Defendant denies the allegations contained in Paragraph 84.  Further, Defendant asserts that Plaintiffs' claims are not appropriate for class certification as detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

12

85.     Defendant denies the allegations contained in Paragraph 85.  Further, Defendant asserts that Plaintiffs' claims are not appropriate for class certification as detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

86.     Defendant denies the allegations contained in Paragraph 86.  Further, Defendant asserts that Plaintiffs' claims are not appropriate for class certification as detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

87.     Defendant denies the allegations in Paragraph 87.   Further, Defendant asserts that Plaintiffs' claims are not appropriate for class certification as detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

88.     Defendant denies the allegations contained in Paragraph 88.  Further, Defendant asserts that Plaintiffs' claims are not appropriate for class certification as detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

89.     Defendant denies the allegations contained in Paragraph 89.  Further, Defendant asserts that Plaintiffs' claims are not appropriate for class certification as detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

90.     Defendant denies the allegations contained in Paragraph 90.  Further, Defendant asserts that Plaintiffs' claims are not appropriate for class certification as detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

91.     Defendant denies the allegations contained in Paragraph 91, subparts a. through h. Further, Defendant asserts that Plaintiffs' claims are not appropriate for class certification as detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

92.     Defendant denies the allegations contained in Paragraph 92.  Further, Defendant asserts that Plaintiffs' claims are not appropriate for class certification as detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

93.     Defendant denies the allegations contained in Paragraph 93.  Further, Defendant asserts that Plaintiffs' claims are not appropriate for class certification as detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

94.     Defendant denies the allegations contained in Paragraph 94.  Further, Defendant asserts that Plaintiffs' claims are not appropriate for class certification as detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

95.     To the extent the allegations require a response, Defendant denies the allegations contained in Paragraph 95 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.  Further, Defendant asserts that Plaintiffs' claims are not appropriate for class certification as detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

96.     Defendant denies the allegations contained in Paragraph 96 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.  Further, Defendant asserts that Plaintiffs' claims are not appropriate for class certification as detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

97.     Defendant denies the allegations contained in Paragraph 97, subparts a. through e. Further, Defendant asserts that Plaintiffs' claims are not appropriate for class certification as detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

98.     The allegations in Paragraph 98 do not require a response.  To the extent the allegations to require a response from this defendant, Defendant re-avers and reasserts its answers contained in the previous paragraphs as if set forth fully herein, *in extenso*.

99.     The allegations contained in Paragraph 99 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 99 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

100.    Defendant denies the allegations contained in Paragraph 100 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

101.    The allegations contained in Paragraph 101 constitute legal conclusions to which no response is required.  Tot the extent a response is required, Defendant denies the allegations contained in Paragraph 101 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

102.    The allegations contained in Paragraph 102 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 102 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

103.    The allegations contained in Paragraph 103 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 103 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

104.    The allegations contained in Paragraph 104 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations

contained in Paragraph 104 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

105.    The allegations contained in Paragraph 105 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 105 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

106.    Defendant denies the allegations in Paragraph 106 as written.  To extent the allegations pertain to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies the same.

107.    Defendant denies the allegations in Paragraph 107 as written.  To extent the allegations pertain to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies the same.

108.    Defendant denies the allegations in Paragraph 108 as written.  To extent the allegations pertain to other defendants, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies the same.

109.    The allegations in Paragraph 109 do not require a response.  To the extent the allegations to require a response from this defendant, Defendant re-avers and reasserts its answers contained in the previous paragraphs as if set forth fully herein, *in extenso*.

110.    The allegations contained in Paragraph 110 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 110 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

111.    The allegations contained in Paragraph 111 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 111 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

112.    The allegations contained in Paragraph 112 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 112 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

113.    The allegations contained in Paragraph 113 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 113 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

114.    The allegations contained in Paragraph 114 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 114 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

115.    The allegations contained in Paragraph 115 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 115 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

116.    The allegations contained in Paragraph 116 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 116 as written.

117.   The allegations contained in Paragraph 117 constitute legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 117 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

118.   The allegations contained in Paragraph 118 constitute legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 118, subparts a. through g. as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

119.   The allegations in Paragraph 119 do not require a response.   To the extent the allegations to require a response from this defendant, Defendant re-avers and reasserts its answers contained in the previous paragraphs as if set forth fully herein, *in extenso*.

120.   The allegations contained in Paragraph 120 constitute legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 120 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

121.   Defendant denies the allegations contained in Paragraph 121 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

122.   Defendant denies the allegations contained in Paragraph 122 as written.

123.   Defendant denies the allegations contained in Paragraph 123 as written.

124.   Defendant denies the allegations contained in Paragraph 124 as written.

125.   Defendant denies the allegations contained in Paragraph 125 as written.

126.   Defendant denies the allegations contained in Paragraph 126 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

18

127.    The allegations contained in Paragraph 127 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 127 as written.

128.    Defendant denies the allegations contained in Paragraph 128 as written.

129.    The allegations contained in Paragraph 129 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 129 as written.

130.    The allegations contained in Paragraph 130 constitute legal conclusions to which no response is required.  To extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies the same.

131.    The allegations contained in Paragraph 131 constitute legal conclusions to which no response is required.  To extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies the same.

132.    The allegations in Paragraph 132 do not require a response.  To the extent the allegations to require a response from this defendant, Defendant re-avers and reasserts its answers contained in the previous paragraphs as if set forth fully herein, *in extenso*.

133.    The allegations contained in Paragraph 133 constitute legal conclusions to which no response is required.  To extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies the same.

134.   The allegations contained in Paragraph 134 constitute legal conclusions to which no response is required.   To extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies the same.

135.   Defendant denies the allegations contained in Paragraph 135.

136.   Defendant denies the allegations contained in Paragraph 136.

137.   Defendant denies the allegations contained in Paragraph 137.

138.   Defendant denies the allegations contained in Paragraph 138, subparts a. through k.

139.   The allegations in Paragraph 139 do not require a response.   To the extent the allegations to require a response from this defendant, Defendant re-avers and reasserts its answers contained in the previous paragraphs as if set forth fully herein, *in extenso*.

140.   The allegations contained in Paragraph 140 constitute legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 140.

141.   The allegations contained in Paragraph 141 constitute legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 141.

142.   The allegations contained in Paragraph 142 constitute legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 142.

143.   The allegations contained in Paragraph 143 constitute legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 143.

144.     The allegations contained in Paragraph 144 constitute legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 144.

145.     The allegations contained in Paragraph 145 constitute legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 145.

146.     The allegations contained in Paragraph 146 constitute legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 146.

147.     The allegations contained in Paragraph 147 constitute legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 147.

148.     The allegations contained in Paragraph 148 constitute legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 148.

149.     The allegations contained in Paragraph 149 constitute legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 149.

150.     The allegations contained in Paragraph 150 constitute legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 150.

151.     The allegations contained in Paragraph 151 constitute legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations

contained in Paragraph 151.   Further, to the extent the court has determined that Plaintiffs'
claims are dismissed pursuant to its Order and Reasons (R. Doc. 984) on the Manufacturing
Defendants' Joint Rule 12(b) Motions to Dismiss, Plaintiffs' claims are denied.

152.    The allegations in Paragraph 152 do not require a response.  To the extent the allegations
to require a response from this defendant, Defendant re-avers and reasserts its answers contained
in the previous paragraphs as if set forth fully herein, *in extenso*.

153.    The allegations contained in Paragraph 153 constitute legal conclusions to which no
response is required.   To the extent a response is required, Defendant denies the allegations
contained in Paragraph 153.

154.    The allegations contained in Paragraph 154 constitute legal conclusions to which no
response is required.   To the extent a response is required, Defendant denies the allegations
contained in Paragraph 154.

155.    Defendant denies the allegations contained in Paragraph 155.

156.    The allegations contained in Paragraph 156 constitute legal conclusions to which no
response is required.   To the extent a response is required, Defendant denies the allegations
contained in Paragraph 156.

157.    The allegations contained in Paragraph 157 constitute legal conclusions to which no
response is required.   To the extent a response is required, Defendant denies the allegations
contained in Paragraph 157.

158.    The allegations in Paragraph 158 do not require a response.  To the extent the allegations
to require a response from this defendant, Defendant re-avers and reasserts its answers contained
in the previous paragraphs as if set forth fully herein, *in extenso*.

159.    The allegations contained in Paragraph 159 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 159.

160.    The allegations in Paragraph 160 do not require a response.  To the extent the allegations to require a response from this defendant, Defendant re-avers and reasserts its answers contained in the previous paragraphs as if set forth fully herein, *in extenso*.

161.    The allegations contained in Paragraph 161 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 161.

162.    The allegations contained in Paragraph 162 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 162.

163.    The allegations contained in Paragraph 163 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 163.

164.    The allegations contained in Paragraph 164 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 164.

165.    The allegations contained in Paragraph 165 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 165.

166.    The allegations contained in Paragraph 166 constitute legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 166.

167.    The allegations contained in Paragraph 167 constitute legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 167 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

168.    The allegations contained in Paragraph 168 constitute legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 168 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

169.    The allegations contained in Paragraph 169 constitute legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 169.

170.    The allegations contained in Paragraph 170 constitute legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 170.

171.    The allegations contained in Paragraph 171 constitute legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 171.

172.    The allegations contained in Paragraph 172 constitute legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 172.

173.    The allegations contained in Paragraph 173 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 173.  Further, to the extent the court has determined that Plaintiffs' claims are dismissed pursuant to its Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, Plaintiffs' claims are denied.

174.    The allegations in Paragraph 174 do not require a response.  To the extent the allegations to require a response from this defendant, Defendant re-avers and reasserts its answers contained in the previous paragraphs as if set forth fully herein, *in extenso*.

175.    The allegations contained in Paragraph 175 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 175.

176.    The allegations contained in Paragraph 176 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 176.

177.    Defendant denies the allegations contained in Paragraph 177 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

178.    The allegations contained in Paragraph 178 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 178.

179.    The allegations contained in Paragraph 179 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 179.

180.    The allegations in Paragraph 180 do not require a response.  To the extent the allegations to require a response from this defendant, Defendant re-avers and reasserts its answers contained in the previous paragraphs as if set forth fully herein, *in extenso*.

181.    The allegations contained in Paragraph 181 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 181.

182.    The allegations in Paragraph 182 do not require a response.  To the extent the allegations to require a response from this defendant, Defendant re-avers and reasserts its answers contained in the previous paragraphs as if set forth fully herein, *in extenso*.

183.    The allegations contained in Paragraph 183 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 183 as written.

184.    The allegations contained in Paragraph 184 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 184.

185.    The allegations contained in Paragraph 185 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 185.

186.    The allegations contained in Paragraph 186 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 186.

187.   The allegations contained in Paragraph 187 constitute legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 187.

188.   The allegations contained in Paragraph 188 constitute legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 188.

189.   The allegations contained in Paragraph 189, subparts a. through g., constitute legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 189, subparts a. through g.

190.   The allegations contained in Paragraph 190 constitute legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 190.

191.   The allegations contained in Paragraph 191 constitute legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 191.

192.   The allegations contained in Paragraph 192, subparts a. through d., constitute legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 192, subparts a. through d.

193.   The allegations in Paragraph 193 do not require a response.   To the extent the allegations to require a response from this defendant, Defendant re-avers and reasserts its answers contained in the previous paragraphs as if set forth fully herein, *in extenso*.

194.    The allegations contained in Paragraph 194 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 194.

195.    The allegations contained in Paragraph 195 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 195.

196.    The allegations contained in Paragraph 196 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 196.

197.    The allegations contained in Paragraph 197, subparts a. through h., constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 197, subparts a. through h.

198.    The allegations contained in Paragraph 198 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 198.

199.    The allegations in Paragraph 199 do not require a response.  To the extent the allegations to require a response from this defendant, Defendant re-avers and reasserts its answers contained in the previous paragraphs as if set forth fully herein, *in extenso*.

200.    The allegations contained in Paragraph 200 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 200 as written. Further, to the extent the court has determined that Plaintiffs' claims are dismissed pursuant to its Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, Plaintiffs' claims are denied.

201.    The allegations contained in Paragraph 201 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 201.   Further, to the extent the court has determined that Plaintiffs' claims are dismissed pursuant to its Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, Plaintiffs' claims are denied.

202.    The allegations contained in Paragraph 202 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 202.   Further, to the extent the court has determined that Plaintiffs' claims are dismissed pursuant to its Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, Plaintiffs' claims are denied.

203.    The allegations contained in Paragraph 203 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 203 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.   Further, to the extent the court has determined that Plaintiffs' claims are dismissed pursuant to its Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, Plaintiffs' claims are denied.

204.    The allegations contained in Paragraph 204 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 204.   Further, to the extent the court has determined that Plaintiffs' claims are dismissed pursuant to its Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, Plaintiffs' claims are denied.

205.    In response to the paragraph entitled "Compensatory Damages: All States," Defendant denies Plaintiffs are entitled to the damages asserted.

206.    In response to the paragraph entitled "Medical Monitoring," Defendant denies Plaintiffs are entitled to the damages asserted.  Further, Defendant asserts the relief requested is not an available remedy under any applicable law.   Further, to the extent the court has determined that Plaintiffs' claims are dismissed pursuant to its Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, Plaintiffs' claims are denied.

207.    In response to the paragraph entitled "Punitive Damages," Defendant denies Plaintiffs are entitled to the damages asserted.

208.    In response to the paragraph entitled "Request for Jury Trial," Defendant asserts it is entitled to a jury trial on all issues herein.

209.    In response to the paragraph entitled "Prayer for Relief," Defendant denies it is liable in any respect to Plaintiffs for any of their alleged injuries and damages and that Plaintiffs are entitled to any of the relief requested.   Further, the allegations contained in any and all unnumbered and/or mis-numbered paragraphs of Plaintiffs' Administrative Master Complaint and supplements and amendments thereto are denied.

**B.  ANSWER TO FIRST SUPPLEMENTAL AND AMENDED MASTER COMPLAINT**

1.      To the extent a response is required, Defendant denies the allegations in Paragraph 1 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

2.      To the extent a response is required, Defendant denies the allegations in Paragraph 2 and subparagraphs as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

3.      To the extent a response is required, Defendant denies the allegations in Paragraph 3 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

4.      To the extent a response is required, Defendant denies the allegations in Paragraph 4 and subparagraphs as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

5.      To the extent a response is required, Defendant denies the allegations in Paragraph 5 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

6.      To the extent a response is required, Defendant denies the allegations in Paragraph 6 and subparts as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

7.      To the extent a response is required, Defendant denies the allegations in Paragraph 7 and subparagraphs as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

8.      To the extent a response is required, Defendant denies the allegations in Paragraph 8 and subparagraphs as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

9.      To the extent a response is required, Defendant denies the allegations in Paragraph 9 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

10.     The allegations contained in paragraph entitled "WHEREFORE" do not require a response.  To the extent an answer is required, Defendant denies the plaintiffs are entitled to the

relief requested.  Further, Defendant re-avers and reasserts its answers contained in the previous paragraphs as if set forth fully herein, *in extenso*.

11.     Further, the allegations contained in any and all unnumbered and/or mis-numbered paragraphs of Plaintiffs' First Supplemental and Amended Master Complaint and supplements and amendments thereto are denied.

**C.      ANSWER TO SECOND SUPPLEMENTAL AND AMENDED MASTER COMPLAINT**

1.      To the extent a response is required, Defendant denies the allegations in Paragraph 1 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

2.      To the extent a response is required, Defendant denies the allegations in Paragraph 2 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

3.      Defendant admits the allegations contained in Paragraph 3 of the Second Supplemental and Amended Master Complaint.

4.      To the extent a response is required, Defendant denies the allegations in Paragraph 4 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

5.      To the extent a response is required, Defendant denies the allegations in Paragraph 5 and subparagraphs as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

6.      The allegations contained in Paragraph 6, adding subparagraph 7(c), are denied as written as, after reasonable inquiry, Defendant does not have sufficient information to justify a belief in the truth thereof.

7.      The allegations contained in Paragraph 7, adding subparagraph 7(d), are denied as written as, after reasonable inquiry, Defendant does not have sufficient information to justify a belief in the truth thereof.

8.      The allegations contained in Paragraph 8, adding subparagraph 7(e), are denied as written.

9.      The allegations contained in Paragraph 9, amending subparagraph 83, are denied.

10.     The allegations contained in paragraph entitled "WHEREFORE" do not require a response.  To the extent an answer is required, Defendant denies the plaintiffs are entitled to the relief requested.  Further, Defendant re-avers and reasserts its answers contained in the previous paragraphs as if set forth fully herein, *in extenso*.

11.     Further, the allegations contained in any and all unnumbered and/or mis-numbered paragraphs of Plaintiffs' Second Supplemental and Amended Administrative Master Complaint and supplements and amendments thereto are denied.

        FURTHER ANSWERING, Defendant, Jayco, Inc., asserts the following affirmative defenses:

### III.   AFFIRMATIVE DEFENSES

#### A.

        The claims against Defendant are, or may be, barred in whole or in part by Plaintiffs' failure to institute suit within the period of time required by the applicable statutes of limitation and/or any applicable limitation of actions, or by preemption or prescription, or failure to initiate suit within the period of time required by the applicable prescriptive periods and/or any limitation of actions contained in any applicable contracts.

B.

Defendant will show that any of its travel trailers ultimately supplied or provided to Plaintiffs were designed, constructed, and manufactured in conformity with applicable industry standards and specifications.

C.

Defendant specifically denies the existence of any defect or defects that would render its product(s) unreasonably dangerous under the Louisiana Products Liability Act, the limited warranty, and/or any other applicable law, contract, or standard.

D.

The allegations of the Administrative Master Complaint, as supplemented and amended, fail to allege sufficient factual support for class certification.  Out of an abundance of caution, Defendant affirmatively asserts that Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

E.

Defendant reasserts as affirmative defenses the defenses raised in the Manufacturing Defendants' Joint Rule 12(b)(6) Motion to Dismiss (R. Doc. 210) and incorporates by reference the Court's Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss as if plead herein, *in extenso*.

F.

Solely in the alternative, in the event the Court finds Plaintiffs have suffered any damages whatsoever, the damages complained of resulted solely or substantially from the negligence, fault or comparative fault of the plaintiffs and the proposed class through misuse and/or abuse

and/or lack of maintenance of the travel trailers, failure to follow instructions for use, failure to heed applicable warnings, and/or through other acts or omissions which will be shown more fully at the trial of this matter and which preclude recovery by Plaintiffs or reduce any recovery by their respective percentages of fault.

G.

Further in the alternative, all damages complained of resulted solely or substantially from the negligence, fault or comparative fault of third parties for whom Defendant had no control and is not responsible.

H.

Solely in the alternative, in the event this Court determines there was any defect in any travel trailer, which is specifically denied, said defect was apparent and obvious and could be easily avoided or remedied, precluding any recovery by Plaintiffs or the proposed class.

I.

All of the claims asserted against Defendant are preempted or otherwise precluded by the statutes, standards, regulations, and rules propagated by the Federal Government and/or HUD, and/or FEMA, and/or the plaintiffs' lease agreements with FEMA.

J.

Defendant further pleads that Plaintiff's claims are, or may be, barred, in whole or in part, to the extent that the Economic Loss Doctrine applies and incorporates Court's Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss as if plead herein, *in extenso*.

K.

Defendant further pleads any and all defenses applicable to Jayco, Inc. that are applicable and available to Defendant under any controlling Alabama statutes.

L.

Claims against Defendant are, or may be, barred in whole or in part by the doctrines of estoppel, release or waiver.

M.

Defendant further pleads any and all defenses applicable and available to Jayco, Inc. under any controlling Texas statutes.

N.

Any express warranty obligations that may be owed by Defendant are strictly limited by the terms of the limited warranty, including all of its limitations and exclusions, which are pleaded herein, as if copied *in extenso*.

O.

Upon information and belief, Plaintiffs and the proposed class have failed to mitigate their damages.

P.

Defendant hereby gives notice that it intends to rely upon any and all other such affirmative defenses as become available or apparent during the course of discovery, and reserves the right to amend its Answer to assert any and all such defenses.

36

Q.

Defendant further pleads any and all defenses applicable and available to Jayco, Inc. under any controlling Mississippi statutes, including, but not limited to, the Mississippi Products Liability Act, MCA §11-1-63.

R.

In the event that discovery reveals the following, Defendant specifically pleads that the accident and/or injuries sued upon herein occurred only and solely due to the substantial alteration and/or modification of the product sued upon herein, which alteration and/or modification was not foreseeable, after it left the hands of the manufacturer, which is specifically pleaded as a complete bar to any recovery against Defendant.

S.

Defendant specifically pleads to the extent applicable, all defenses allowed under the Louisiana Products Liability Act, LSA--R.S. 9:2800.51 et. seq., and/or other Louisiana law.

T.

Defendant specifically pleads that its product was reasonable fit for ordinary use.

U.

Plaintiffs' claims are, or may be, barred in whole or in part to the extent that the Administrative Master Complaint, as supplemented and amended, does not state a cause of action for punitive or exemplary damages against Defendant, sufficient in law whereby recovery may be had.

V.

Plaintiffs' claims are, or may be, barred in whole or in part to the extent that under the provisions of Mississippi Code Ann. §85-5-7, defendants are liable only for the amount of

damages allotted to them, if any, in direct proportion to their percentage of fault, if any, with due respect to the total negligence of all parties whose actions caused or contributed to the incident and the damages of which are complained.

## W.

Plaintiffs' claims are, or may be, barred in whole or in part to the extent that any award of punitive damages, to the extent they are even pled in Administrative Master Complaint, as supplemented and amended, would be unconstitutional because the standards utilized to allow the imposition of such damages that are so vague, both on their face and as applied, so as to fail to give adequate or sufficient notice of the prohibitive conduct.

## X.

Plaintiffs' claims are, or may be, barred in whole or in part to the extent that the award of punitive damages, to the extent they are even pled by the Plaintiffs, would violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, separately, of the Constitution of the United States on each of the following separate and several grounds:

1. The procedures failed to provide means for awarding separate judgments against alleged tortfeasors;
2. The procedures failed to provide a limit on the amount of the award against separate defendants;
3. The procedures failed to provide specific standards for the award of punitive damages;
4. The procedures permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions;
5. The procedures failed to provide a clear consistent and appellate standard of review of an award of punitive damages;
6. The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and
7. The standards of conduct upon which punitive damages are sought are vague.

Y.

Further answering herein, Plaintiffs' claims are, or may be, barred in whole or in part to the extent that any award of punitive damages would violate the applicable portions of the Constitutions of the States of Texas, Louisiana, Mississippi and Alabama.

Z.

Defendant hereby demands a bifurcated trial of Plaintiffs' claims for actual and punitive damages.

AA.

The exact damages/losses claimed by Plaintiffs are unknown to Defendant, and thus Defendant cannot adequately determine all defenses that may be applicable to Plaintiffs' claims. Therefore, Defendant expressly reserves by this reference the right to raise additional defenses to the extent that:

a.    Additional defenses become applicable under state and federal law;

b.    Additional defenses are established as discovery proceeds; and

c.    Additional defenses are available under subsequently asserted theories of recovery.

BB.

Further answering herein, Defendant denies that Plaintiffs sustained any injuries, illnesses or diseases as a result of the use of Defendant's products, but in the event Plaintiffs did sustain any injuries, illnesses or diseases, or any medical conditions whatsoever, then in that event, such injuries, illnesses, diseases, or medical conditions claimed by Plaintiffs, in whole and in part, were and are the result of some other injuries, illnesses, diseases or medical conditions and causes, which were in no way caused or contributed to by the use of any of Defendant's products, and for which this Defendant is not in any way responsible.

39

CC.

Further answering herein, Defendant would show that it did not breach any warranties, expressed or implied.

DD.

Further answering herein, to the extent applicable, Defendant pleads the provisions of Miss. Code Ann. § 11-7-15.

EE.

Defendant requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, JAYCO, INC. respectfully requests that this honorable Court enter judgment in its favor and award it costs, expenses and any other appropriate relief to which it may show itself justly entitled.

Respectfully submitted,

**WILLINGHAM, FULTZ & COUGILL LLP**

By:  _Thomas L. Cougill_
　　　THOMAS L. COUGILL
　　　Texas State Bar No. 04877300
　　　Louisiana State Bar No. 31112
　　　R. MARK WILLINGHAM
　　　Texas State Bar No. 21641500
　　　JEFFREY P. FULTZ
　　　Texas State Bar No. 00790728
　　　Mississippi Bar No. 101058
　　　Niels Esperson Building
　　　808 Travis Street, Suite 1608
　　　Houston, Texas  77002
　　　(713) 333-7600 – Telephone
　　　(713) 333-7601 – Facsimile

　　　**Attorneys for Jayco, Inc.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system.  Notice of this filing will be forwarded  to all known counsel by operation of the court's electronic filing system.  I also certify that I have e -mailed a copy of this filing to any non-CM/ECF participants on this the  12th day of January, 2009.

<u>*Thomas L. Cougill*</u>
THOMAS L. COUGILL

41