## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL NO. 1873

SECTION "N-4"

JUDGE ENGELHARDT
MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
ADMINISTRATIVE MASTER COMPLAINT,
AS SUPPLEMENTED AND AMENDED

JURY TRIAL DEMANDED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### DEFENDANT FRONTIER RV, INC'S, ANSWER TO PLAINTIFFS' ADMINISTRATIVE MASTER COMPLAINT (DOC. 109), FIRST SUPPLEMENTAL AND AMENDED MASTER COMPLAINT (DOC. 379), AND SECOND SUPPLEMENTAL AND AMENDED MASTER COMPLAINT (DOC. 722) AND JURY TRIAL REQUEST

NOW INTO COURT, through undersigned counsel, comes defendant, Frontier RV, Inc., who answers Plaintiffs' Administrative Master Complaint (Doc. 109), Plaintiffs' First Supplemental and Amended Master Complaint (Doc. 379), and Second Supplemental and Amended Master Complaint (Doc. 722), by denying each and every allegation therein except as especially admitted as follows:

### FIRST DEFENSE

Plaintiffs' Complaint, as amended and supplemented, fails to state a claim or cause of action against defendant upon which relief can be granted.

### SECOND DEFENSE

**AND NOW,** in answer to the specific allegations of Plaintiffs' Administrative Master Complaint (Doc. 109), Plaintiffs' First Supplemental and Amended Master Complaint (Doc. 379), and Plaintiffs' Second Supplemental and Amended Master Complaint (Doc. 722), defendant

responds, as follows:

## ANSWER TO ADMINISTRATIVE MASTER COMPLAINT

The allegations in the paragraph proceeding Paragraph I regarding the age and procedural posture of certain persons are denied for lack of sufficient information to justify a belief therein.

I.

The allegations in Paragraph No. 1 constitute introductory statements and do not require a response from defendant.  To the extent an answer is required, defendant submits that the Court record is its own best evidence of the contents contained therein.

II.

The allegations in Paragraph No. 2 constitute introductory statements and do not require a response from defendant.  To the extent a response is required, defendant respectfully submits that Pre-Trial Order No. 2 (Doc. 87) is its own best evidence of the contents contained therein.

III.

The allegations in Paragraph No. 3 assert legal conclusions and introductory statements that do not require a response from defendant.  To the extent a response is required, the allegations in Paragraph No. 3 are denied for lack of sufficient information to justify a belief therein.

IV.

The allegations in Paragraph No. 4 constitute introductory statements and legal conclusions and do not require a response from defendant.  To the extent a response is necessary, the allegations in Paragraph No. 4 are denied for lack of sufficient information to justify a belief therein.

V.

2

The allegations in Paragraph No. 5 constitute introductory statements and legal conclusions and do not require a response by defendant. To the extent a response is required, the allegations in Paragraph No. 5 are denied for lack of sufficient information to justify a belief therein.

## VI.

The allegations in Paragraph No. 6 assert legal conclusions and do not appear to require a response from defendant. To the extent a response is required, the allegations in Paragraph No. 6 are denied. Furthermore, defendant affirmatively asserts that the claims of the specifically named individuals are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (Doc. 1014).

## VII.

The allegations in Paragraph No. 7 and all subparts therein are denied for lack of sufficient information to justify a belief therein. Moreover, to the extent that it is established through discovery, defendant affirmatively asserts that the named individuals are not appropriate representatives of any proposed class or subclass. Additionally, to the extent that it is established through discovery, defendant affirmatively asserts that the named individuals did not use a product manufactured by it, and thus, have no basis for a claim against defendant.

## VIII.

In response to the allegations in Paragraph No. 8 and all subparts therein, other than to admit that defendant, Frontier RV, Inc., (listed as a defendant under Paragraph 8(c)(xix)), is a Texas corporate entity that manufactures travel trailers, all other allegations of Paragraph 8 and all subparts therein are denied for lack of sufficient information to justify a belief therein.

## IX.

The allegations in Paragraph 9 assert legal conclusions and do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 9 are denied for lack of sufficient information to justify a belief therein.

## X.

The allegations in Paragraph 10 assert legal conclusions and do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 10 are denied for lack of sufficient information to justify a belief therein.

## XI.

The allegations in Paragraph 11 assert legal conclusions and do not require a response by defendant. To the extent a response is required, defendant denies that any individual plaintiff suffered damages as alleged in excess of $75,000.00, to the extent it is established through discovery. Further, defendant admits that the jurisdictional requirements of this Court are satisfied.

## XII.

The allegations in Paragraph 12 assert legal conclusions and do not require a response by defendant. To the extent a response is required, defendant admits that the jurisdictional requirements of this Court are satisfied.

## XIII.

The allegations in Paragraph 13 assert legal conclusions and do not require a response by defendant. To the extent a response is required, defendant admits that the jurisdictional requirements of this Court are satisfied.

## XIV.

The allegations in Paragraph 14 assert legal conclusions and do not require a response by

defendant.  To the extent a response is required, the allegations in Paragraph 14 are denied for lack of sufficient information to justify a belief therein.

## XV.

The allegations in Paragraph 15 assert legal conclusions and do not require a response by defendant.  To the extent a response is required, the allegations in Paragraph 15 are denied for lack of sufficient information to justify a belief therein.

## XVI.

The allegations in Paragraph 16 assert legal conclusions and do not require a response by defendant.  To the extent a response is required, the allegations in Paragraph 16 are denied for lack of sufficient information to justify a belief therein.

## XVII.

The allegations in Paragraph 17 are denied for lack of sufficient information to justify a belief therein.  Further responding, defendant affirmatively asserts plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (Doc. 1014).

## XVIII.

The allegations in Paragraph 18 are denied for lack of sufficient information to justify a belief therein.

## XIX.

The allegations in Paragraph 19 are denied for lack of sufficient information to justify a belief therein.

## XX.

The allegations in Paragraph 20 are denied for lack of sufficient information to justify a belief therein.

## XXI.

The allegations in Paragraph 21 are denied for lack of sufficient information to justify a belief therein.

## XXII.

The allegations in Paragraph 22 are denied for lack of sufficient information to justify a belief therein.

## XXIII.

The allegations in Paragraph 23 appear to be directed toward the federal government and do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 23 are denied as written.

## XXIV.

The allegations in Paragraph 24 are denied for lack of sufficient information to justify a belief therein.

## XXV.

The allegations in Paragraph 25 are denied for lack of sufficient information to justify a belief therein.

## XXVI.

To the extent the allegations contained in Paragraph 26 apply to defendant, the allegations are denied. The remaining allegations contained in Paragraph 26 are denied for lack of sufficient information to justify a belief therein.

XXVII.

To the extent the allegations contained in Paragraph 27 apply to defendant, the allegations are denied.  The remaining allegations contained in Paragraph 27 are denied for lack of sufficient information to justify a belief therein.

XVIII.

The allegations in Paragraph 28 are denied for lack of sufficient information to justify a belief therein.

XXIX.

The allegations in Paragraph 29 are denied for lack of sufficient information to justify a belief therein.

XXX.

To the extent the allegations contained in Paragraph 30 apply to defendant, the allegations are denied as written.  The remaining allegations contained in Paragraph 30 are denied for lack of sufficient information to justify a belief therein.

XXXI.

To the extent the allegations contained in Paragraph 31 apply to defendant, the allegations are denied.  The remaining allegations contained in Paragraph 31 are denied for lack of sufficient information to justify a belief therein.

XXXII.

To the extent the allegations contained in Paragraph 32 apply to defendant, the allegations are denied.  The remaining allegations contained in Paragraph 32 are denied for lack of sufficient information to justify a belief therein.

XXXIII.

The allegations in Paragraph 33 assert legal conclusions and do not require a response.  To the extent a response is required, other than to submit 24 C.F.R. § 3280.309 is its own best evidence, the remaining allegations in Paragraph 33 are denied as written.

XXXIV.

The allegations in Paragraph 34 are denied for lack of sufficient information to justify a belief therein.

XXXV.

The allegations in Paragraph 35 are denied for lack of sufficient information to justify a belief therein.

XXXVI.

The allegations in Paragraph 36 assert a legal conclusion and no response is required by defendant.  To the extent a response is required, other than to submit that 24 C.F.R. § 3280.308 is its own best evidence, the allegations in Paragraph 36 are denied as written.

XXVII.

The allegations in Paragraph 37 assert a legal conclusion and no response is required by defendant.  To the extent a response is required, other than to submit that 44 C.F.R. § 206.110(e) is its own best evidence, the allegations in Paragraph 37 are denied for lack of sufficient information to justify a belief therein.

XXVIII.

To the extent the allegations contained in Paragraph 38 apply to defendant, the allegations

are denied as written.  The remaining allegations contained in Paragraph 38 are denied for lack of sufficient information to justify a belief therein.

XXIX.

The allegations in Paragraph 39 appear to be directed toward the federal government and do not appear to require a response by defendant.  To the extent a response is required, the allegations in Paragraph 39 are denied.

XL.

The allegations in Paragraph 40 incorporating prior paragraphs are responded to by defendant by incorporating by reference the above responses as if fully repeated verbatim herein.  To the extent a further response is required, the allegations in Paragraph 40 are denied.

XLI.

The allegations in Paragraph 41 are denied for lack of sufficient information to justify a belief therein.

XLII.

The allegations in Paragraph 42 do not appear to require a response by defendant.  To the extent a response is required, other than to submit that 42 U.S.C.A. § 5121(a)(2)(2006)  is its own best evidence, the allegations in Paragraph 42 are denied as written.

XLIII.

The allegations in Paragraph 43 do not appear to require a  response by defendant.  To the extent a response is required, other than to submit that 42 U.S.C.A. § 5174(b)(1)(Supp. 2007) is its own best evidence, the allegations in Paragraph 43 are denied as written.

XLIV.

9

The allegations in Paragraph 44 do not appear to require a response by defendant.  To the extent a response is required, other than to submit that 44 C.F.R. § 206.11 is its own best evidence, the allegations in Paragraph 44 are denied as written.

XLV.

The allegations in Paragraph 45 do not appear to require a response by defendant.  To the extent a response is required, other than to submit that Public Law 93-288, Title IV, § 408 (1988) is its own best evidence, the allegations of Paragraph 45 are denied as written.

XLVI.

The allegations in Paragraph 46 do not appear to require a response by defendant.  To the extent a response is required, other than to submit that 42 U.S.C.A. § 5174(c)(1)(A) and 44 C.F.R. § 206.117(b)(ii) are their own best evidence, the allegations in Paragraph 46 are denied as written.

XLVII.

The allegations in Paragraph 47 do not appear to require a response by defendant.  To the extent a response is required, the allegations in Paragraph 47 are denied for lack of sufficient information to justify a belief therein.

XLVIII.

The allegations in Paragraph 48 do not appear to require a response by defendant.  To the extent a response is required, other than to submit that 44 C.F.R. § 206.117(b)(ii)(F) is its own best evidence, the allegations in Paragraph 46 are denied as written.

XLIX.

The allegations in Paragraph 49 do not appear to require a response by defendant.  To the extent a response is required, the allegations in Paragraph 49 are denied for lack of sufficient

information to justify a belief therein.

L.

The allegations in Paragraph 50 appear to be directed toward the Federal Government and do not require a response is required by defendant.  To the extent a response is required, the allegations in Paragraph 50 are denied as written.

LI.

The allegations in Paragraph 51 are denied for lack of sufficient information to justify a belief therein.

LII.

The allegations in Paragraph 52 are denied for lack of sufficient information to justify a belief therein.

LIII.

The allegations in Paragraph 53 do not appear to require a response by defendant.  To the extent a response is required, the allegations in Paragraph 53 are denied for lack of sufficient information to justify a belief therein.

LIV.

The allegations in Paragraph 54 do not appear to require a response by defendant.  To the extent a response is required, the allegations in Paragraph 54 are denied for lack of sufficient information to justify a belief therein.

LV.

11

The allegations in Paragraph 55 do not appear to require a response by defendant. To the extent a response is required, the allegations in Paragraph 55 are denied for lack of sufficient information to justify a belief therein.

## LVI.

The allegations in Paragraph 56 do not appear to require a response by defendant. To the extent a response is required, the allegations in Paragraph 56 are denied for lack of sufficient information to justify a belief therein.

## LVII.

The allegations in Paragraph 57 do not appear to require a response by defendant.  To the extent a response is required, the allegations in Paragraph 57 are denied as written.

## LVIII.

The allegations in Paragraph 58 do not appear to require a response by defendant.  To the extent a response is required, the allegations in Paragraph 58 are denied as written.

## LIX.

The allegations in Paragraph 59 do not appear to require a response by defendant.  To the extent a response is required, the allegations in Paragraph 59 are denied as written.

## LX.

The allegations in Paragraph 60 do not appear to require a response by defendant.  To the extent a response is required, the allegations in Paragraph 60 are denied as written.

## LXI.

The allegations in Paragraph 61 do not appear to require a response by defendant.  To the extent a response is required, the allegations in Paragraph 61 are denied as written.

LXII.

The allegations in Paragraph 62 do not appear to require a response by defendant.  To the extent a response is required, the allegations in Paragraph 62 are denied as written.

LXIII.

The allegations in Paragraph 63 do not appear to require a response by defendant.  To the extent a response is required, the allegations in Paragraph 63 are denied for lack of sufficient information to justify a belief therein.

LXIV.

The allegations in Paragraph 64 do not appear to require a response by defendant. To extent a response is required, the allegations in Paragraph 64 are denied for lack of sufficient information to justify a belief therein.

LXV.

The allegations in Paragraph 65 do not appear to require a response by defendant. To extent a response is required, the allegations in Paragraph 65 are denied for lack of sufficient information to justify a belief therein.

LXVI.

The allegations in Paragraph 66 do not appear to require a response by defendant. To extent a response is required, the allegations in Paragraph 66 are denied for lack of sufficient information to justify a belief therein.

LXVII.

The allegations in Paragraph 67 do not appear to require a response by defendant. To extent a response is required, the allegations in Paragraph 67 are denied for lack of sufficient information

to justify a belief therein.

## LXVIII.

The allegations in Paragraph 68 do not appear to require a response by defendant. To extent a response is required, the allegations in Paragraph 68 are denied for lack of sufficient information to justify a belief therein.

## LXIX.

The allegations in Paragraph 69 do not appear to require a response by defendant. To extent a response is required, the allegations in Paragraph 69 are denied as written.

## LXX.

The allegations in Paragraph 70 are denied for lack of sufficient information to justify a belief therein.

## LXXI.

The allegations in Paragraph 71 are denied for lack of sufficient information to justify a belief therein.

## LXXII.

The allegations in Paragraph72 are denied for lack of sufficient information to justify a belief therein.

## LXXIII.

The allegations in Paragraph 73 are denied for lack of sufficient information to justify a belief therein.

## LXXIV.

The allegations of Paragraph 74 appear to be directed toward FEMA and do not require a

response by defendant. However, to the extent a response is required, the allegations in Paragraph 74 are denied as written.

LXXV.

The allegations in Paragraph 75 are denied for lack of sufficient information to justify a belief therein.

LXXVI.

The allegations in Paragraph 76 are denied for lack of sufficient information to justify a belief therein.

LXXVII.

The allegations in Paragraph 77 are denied for lack of sufficient information to justify a belief therein.

LXXVIII.

The allegations in Paragraph 78 are denied for lack of sufficient information to justify a belief therein.

LXXIX.

The allegations in Paragraph 79 do not appear to require a response by defendant. However, to the extent a response is required, the allegations in Paragraph 79 are denied as written.

LXXX.

The allegations in Paragraph 80 do not appear to require a response by defendant. However, to the extent a response is required, the allegations in Paragraph 80 are denied for lack of sufficient information to justify a belief therein.

LXXXI.

15

The allegations in Paragraph 81 assert legal conclusions and do not require a response by defendant.  However, to the extent a response is required, the allegations in Paragraph 81 are denied for lack of sufficient information to justify a belief therein.

## LXXXII.

The allegations in Paragraph 82 assert legal conclusions and do not require a response by defendant.  However, to the extent a response is required, the allegations in Paragraph 82 are denied for lack of sufficient information to justify a belief therein.

## LXXXIII.

The allegations in Paragraph 83 assert legal conclusions that do not require a response by defendant.  To the extent a response is required, the allegations in Paragraph 83 are denied for lack of sufficient information to justify a belief therein.  Furthermore, defendant affirmatively asserts that plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (Doc. 1014).

## LXXXIV.

The allegations in Paragraph 84 are denied.  Defendant affirmatively asserts that plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (Doc. 1014).

## LXXXV.

The allegations in Paragraph 85 are denied.  Defendant affirmatively asserts that plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (Doc. 1014).

## LXXXVI.

The allegations in Paragraph 86 are denied.  Defendant affirmatively asserts that plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (Doc. 1014).

## LXXXVII.

The allegations in Paragraph 87 are denied.  Defendant affirmatively asserts that plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (Doc. 1014).

## LXXVIII.

The allegations in Paragraph 88 are denied.  Defendant affirmatively asserts that plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (Doc. 1014).

## LXXXIX.

The allegations in Paragraph 89 are denied.  Defendant affirmatively asserts that plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (Doc. 1014).

## XC.

The allegations in Paragraph 90 are denied.  Defendant affirmatively asserts that plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (Doc. 1014).

## XCII.

The allegations in Paragraph 91 and all subparts therein, including subparagraphs 91a through 91h, are denied.  Defendant affirmatively asserts that plaintiffs' claims are not appropriate

for class certification as is detailed in the Court's Order and Reasons denying class certification (Doc. 1014).

## XCII.

The allegations in Paragraph 92 are denied.  Defendant affirmatively asserts that plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (Doc. 1014).

## XCIII.

The allegations in Paragraph 93 are denied.  Defendant affirmatively asserts that plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (Doc. 1014).

## XCIV.

The allegations in Paragraph 94 are denied.  Defendant affirmatively asserts that plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (Doc. 1014).

## XCV.

The allegations in Paragraph 95 are denied for lack of sufficient information to justify a belief therein.  Furthermore, defendant affirmatively asserts that plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (Doc. 1014).

## XCVI.

The allegations in Paragraph 96 are denied for lack of sufficient information to justify a belief therein.  Furthermore, defendant affirmatively asserts that plaintiffs' claims are not appropriate for

18

class certification as is detailed in the Court's Order and Reasons denying class certification (Doc. 1014).

## XCVII.

The allegations in Paragraph 97 and all subparts therein, including subparagraphs 97a through 97e, are denied. Furthermore, defendant affirmatively asserts that plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (Doc. 1014).

## XCVIII.

In response to the allegations in Paragraph 98, defendant incorporates by reference the above responses as if they are fully repeated verbatim herein. To the extent a further response is required, the allegations of Paragraph 98 are denied.

## XCIX.

The allegations in Paragraph 99 are directed toward the Federal Government and/or constitute legal conclusions which do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 99 are denied for lack of sufficient information to justify a belief therein.

## C.

The allegations in Paragraph 100 are directed toward the Federal Government and do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 100 are denied for lack of sufficient information to justify a belief therein.

## CI.

The allegations in Paragraph 101 are directed toward the Federal Government and/or constitute legal conclusions which do not require a response by defendant. To the extent a response

is required, the allegations in Paragraph 101 are denied for lack of sufficient information to justify a belief therein.

CII.

The allegations in Paragraph 102 are directed toward the Federal Government and/or constitute legal conclusions which do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 102 are denied for lack of sufficient information to justify a belief therein.

CIII.

The allegations in Paragraph 103 are directed toward the Federal Government and/or constitute legal conclusions which do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 103 are denied for lack of sufficient information to justify a belief therein.

CIV.

The allegations in Paragraph 104 are directed toward the Federal Government and/or constitute legal conclusions which do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 104 are denied for lack of sufficient information to justify a belief therein.

CV.

The allegations in Paragraph 105 are directed toward the Federal Government and/or constitute legal conclusions which do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 105 are denied for lack of sufficient information to justify a belief therein.

CVI.

The allegations in Paragraph 106 are directed toward the Federal Government and do not require a response by defendant.  To the extent a response is required, the allegations in Paragraph 106 are denied as written.

CVII.

The allegations in Paragraph 107 appear to be directed toward the Federal Government and do not require a response by defendant.  To the extent the allegations in Paragraph 107 pertain to defendant and its products, the allegations are denied as written.

CVIII.

The allegations in Paragraph 108 appear to be directed toward the Federal Government and do not require a response by defendant.  To the extent the allegations in Paragraph 108 pertain to defendant and its products, the allegations are denied as written.

CIX.

In response to the allegations in Paragraph 109, defendant incorporates by reference the above responses as if they are fully repeated verbatim herein.  To the extent a further response is required, the allegations of Paragraph 109 are denied.

CX.

The allegations in Paragraph 110 are directed toward the Federal Government and/or constitute legal conclusions which do not require a response by defendant.  To the extent a response is required, the allegations in Paragraph 110 are denied for lack of sufficient information to justify a belief therein.

CXI.

The allegations in Paragraph 111 are directed toward the Federal Government and/or constitute legal conclusions which do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 111 are denied for lack of sufficient information to justify a belief therein.

## CXII.

The allegations in Paragraph 112 are directed toward the Federal Government and/or constitute legal conclusions which do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 112 are denied for lack of sufficient information to justify a belief therein.

## CXIII.

The allegations in Paragraph 113 are directed toward the Federal Government and/or constitute legal conclusions which do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 113 are denied for lack of sufficient information to justify a belief therein.

## CXIV.

The allegations in Paragraph 114 are directed toward the Federal Government and/or constitute legal conclusions which do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 114 are denied for lack of sufficient information to justify a belief therein.

## CXV.

The allegations in Paragraph 115 are directed toward the Federal Government and/or constitute legal conclusions which do not require a response by defendant. To the extent a response

is required, the allegations in Paragraph 115 are denied for lack of sufficient information to justify a belief therein.

## CXVI.

The allegations in Paragraph 116 are directed toward the Federal Government and/or constitute legal conclusions which do not require a response by defendant.  To the extent a response is required, the allegations in Paragraph 116 are denied as written.

## CXVII.

The allegations in Paragraph 117 are directed toward the Federal Government and/or constitute legal conclusions which do not require a response by defendant.  To the extent a response is required, the allegations in Paragraph 117 are denied for lack of sufficient information to justify a belief therein.

## CXVIII.

The allegations in Paragraph 118 and all subparts therein including subparagraphs 118a through 118g appear to be directed toward the Federal Government and/or constitute legal conclusions which do not require a response by defendant.  To the extent a response is required, the allegations in Paragraph 118 and all subparts therein, including subparagraphs 118a through 188g, are denied for lack of sufficient information to justify a belief therein.

## CXIX.

In response to the allegations in Paragraph 119, defendant incorporates by reference the above responses as if they are fully repeated verbatim herein. To the extent a further response is required, the allegations in Paragraph 119 are denied.

## CXX.

The allegations in Paragraph 120 are directed toward the Federal Government and/or constitute legal conclusions which do not require a response by defendant.  To the extent a response is required, the allegations in Paragraph 120 are denied for lack of sufficient information to justify a belief therein.

### CXXI.

The allegations in Paragraph 121 are directed toward the Federal Government and do not require a response by defendant.  To the extent a response is required, the allegations in Paragraph 121 are denied for lack of sufficient information to justify a belief therein.

### CXXII.

The allegations in Paragraph 122 are directed toward the Federal Government and do not require a response by defendant.  To the extent a response is required, the allegations in Paragraph 122 are denied as written.

### CXXIII.

The allegations in Paragraph 123 are directed toward the Federal Government and do not require a response by defendant.  To the extent a response is required, the allegations in Paragraph 123 are denied as written.

### CXXIV.

The allegations in Paragraph 124 are directed toward the Federal Government and do not require a response by defendant.  To the extent a response is required, the allegations in Paragraph 124 are denied as written.

### CXXV.

The allegations in Paragraph 125 are directed toward the Federal Government and do not

require a response by defendant. To the extent a response is required, the allegations in Paragraph 125 are denied as written.

## CXXVI.

The allegations in Paragraph 126 are directed toward the Federal Government and do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 126 are denied for lack of sufficient information to justify a belief therein.

## CXXVII.

The allegations in Paragraph 127 are directed toward the Federal Government and/or constitute legal conclusions which do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 127 are denied as written.

## CXXVIII.

The allegations in Paragraph 128 are directed toward the Federal Government and do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 128 are denied as written.

## CXXIX

The allegations in Paragraph 129 are directed toward the Federal Government and/or constitute legal conclusions which do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 129 are denied.

## CXXX.

The allegations in Paragraph 130 are directed toward the Federal Government and/or constitute legal conclusions which do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 130 are denied for lack of sufficient information to justify

a belief therein.

## CXXXI.

The allegations in Paragraph 131 are directed toward the Federal Government and/or constitute legal conclusions which do not require a response by defendant.  To the extent a response is required, the allegations in Paragraph 131 are denied for lack of sufficient information to justify a belief therein.

## CXXXII.

In response to the allegations in Paragraph 132, defendant incorporates by reference the above responses as if they are fully repeated verbatim herein.  To the extent a further response is required, the allegations in Paragraph 132 are denied.

## CXXXIII.

The allegations in Paragraph 133 constitute legal conclusions that do not require a response by defendant.  To the extent a response is required, the allegations in Paragraph 133 are denied for lack of sufficient information to justify a belief therein.

## CXXXIV.

The allegations in Paragraph 134 constitute legal conclusions that do not require a response by defendant.  To the extent a response is required, the allegations in Paragraph 134 are denied for lack of sufficient information to justify a belief therein.

## CXXXV.

The allegations in Paragraph 135 are denied.

## CXXXVI.

The allegations in Paragraph 136 are denied.

## CXXXVII.

The allegations in Paragraph 137 are denied.

## CXXXVIII.

The allegations in Paragraph 138 and all subparts therein, including 138a through 138k, are denied.

## CXXXIX.

In response to the allegations of paragraph 139, defendant incorporates by reference the above responses as if they are fully repeated verbatim herein.  To the extent a further response is required, the allegations in Paragraph 139 are denied.

## CXL.

The allegations in Paragraph 140 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 140 are denied.

## CXLI.

The allegations in Paragraph 141 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 141 are denied.

## CXLII.

The allegations in Paragraph 142 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 142 are denied.

## CXLIII.

The allegations in Paragraph 143 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 143 are denied.

## CXLIV.

The allegations in Paragraph 144 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 144 are denied.

## CXLV.

The allegations in Paragraph 145 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 145 are denied.

## CXLVI.

The allegations in Paragraph 146 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 146 are denied.

## CXLVII.

The allegations in Paragraph 147 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 147 are denied.

## CXLVIII.

The allegations in Paragraph 148 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 148 are denied.

## CXLIX.

The allegations in Paragraph 149 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 149 are denied.

## CL.

The allegations in Paragraph 150 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 150 are denied.

## CLI.

The allegations in Paragraph 151 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 151 are denied.

In further response, to the extent that the Court has determined that plaintiffs' claims are dismissed in its Order and Reasons (Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, plaintiffs' claims are denied.

### CLII.

In response to the allegations of Paragraph 152, defendant incorporates by reference the above responses as if they are fully repeated verbatim herein.  To the extent a further response is required, the allegations in Paragraph 152 are denied.

### CLIII.

The allegations in Paragraph 153 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 153 are denied.

### CLIV.

The allegations in Paragraph 154 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 154 are denied.

### CLV.

The allegations in Paragraph 155 are denied.

### CVVI.

The allegations in Paragraph 156 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 156 are denied.

### CLVII.

The allegations in Paragraph 157 constitute legal conclusions that do not require a response

by defendant. To the extent a response is required, the allegations in Paragraph 157 are denied.

CLVIII.

In response to the allegations of Paragraph 158, defendant incorporates by reference the above responses as if they are fully repeated verbatim herein.  To the extent a further response is required, the allegations in Paragraph 158 are denied.

CLIX.

The allegations in Paragraph 159 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 159 are denied.

CLX.

In response to the allegations of Paragraph 160, defendant incorporates by reference the above responses as if they are fully repeated verbatim herein.  To the extent a further response is required, the allegations in Paragraph 160 are denied.

CLXI.

The allegations in Paragraph 161 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 161 are denied.

In further response, to the extent that the Court has determined that plaintiffs' claims are dismissed in its Order and Reasons (Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, plaintiffs' claims are denied.

CLXII.

The allegations in Paragraph 162 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 162 are denied.

CLXIII.

The allegations in Paragraph 163 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 163 are denied.

CLXIV.

The allegations in Paragraph 164 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 164 are denied.

CLXV.

The allegations in Paragraph 165 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 165 are denied.

CLXVI.

The allegations in Paragraph 166 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 166 are denied.

CLXVII.

The allegations in Paragraph 167 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 167 are denied.

CLXVIII.

The allegations in Paragraph 168 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 168 are denied.

CLXIX.

The allegations in Paragraph 169 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 169 are denied.

CLXX.

The allegations in Paragraph 170 constitute legal conclusions that do not require a response

by defendant. To the extent a response is required, the allegations in Paragraph 170 are denied.

CLXXI.

The allegations in Paragraph 171 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 171 are denied.

CLXXII.

The allegations in Paragraph 172 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 172 are denied.

CLXXIII.

The allegations in Paragraph 173 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 173 are denied.

In further response, to the extent that the Court has determined that plaintiffs' claims are dismissed in its Order and Reasons (Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, plaintiffs' claims are denied.

CLXXIV.

In response to the allegations of Paragraph 174, defendant incorporates by reference the above responses as if they are fully repeated verbatim herein.  To the extent a further response is required, the allegations in Paragraph 174 are denied.

CLXXV.

The allegations in Paragraph 175 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 175 are denied.

CLXXVI.

The allegations in Paragraph 176 constitute legal conclusions that do not require a response

by defendant. To the extent a response is required, the allegations in Paragraph 176 are denied.

CLXXVII.

The allegations in Paragraph 177 are denied.

CLXXVIII.

The allegations in Paragraph 178 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 178 are denied.

CLXXIX.

The allegations in Paragraph 179 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 179 are denied.

CLXXX.

In response to the allegations in Paragraph 180, defendant incorporates by reference the above responses as if they are fully repeated verbatim herein.  To the extent a further response is required, the allegations in Paragraph 180 are denied.

CLXXXI.

The allegations in Paragraph 181 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 181 are denied.

CLXXXIII.

In response to the allegations of Paragraph 182, defendant incorporates by reference the above responses as if they are fully repeated verbatim herein.  To the extent a further response is required, the allegations in Paragraph 182 are denied.

CLXXXIII.

The allegations in Paragraph 183 constitute legal conclusions that do not require a response

33

by defendant. To the extent a response is required, the allegations in Paragraph 183 are denied.

CLXXXIV.

The allegations in Paragraph 184 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 184 are denied.

CLXXXV.

The allegations in Paragraph 185 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 185 are denied.

CLXXXVI.

The allegations in Paragraph 186 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 186 are denied.

CLXXXVII.

The allegations in Paragraph 187 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 187 are denied.

CLXXXVIII.

The allegations in Paragraph 188 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 188 are denied.

CLXXXIX.

The allegations in Paragraph 189 and all subparts therein, including 189a through 189g, constitute legal conclusions that do not require a response by defendant.  To the extent a response is required, the allegations in Paragraph 189 and all subparts therein, including Paragraphs 189a through 189g, are denied.

CXL.

34

The allegations in Paragraph 190 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 190 are denied.

CXLI.

The allegations in Paragraph 191 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 191 are denied.

CXLII.

The allegations in Paragraph 192 and all subparts therein, including Paragraphs 192a through 192d, constitute legal conclusions that do not require a response by defendant.  To the extent a response is required, the allegations in Paragraph 192 and all subparts therein, including Paragraphs 192a through 192d, are denied.

CXLIII.

In response to the allegations in Paragraph 193, defendant incorporates by reference the above responses as if they are fully repeated verbatim herein.  To the extent a further response is required, the allegations in Paragraph 193 are denied.

CXLIV.

The allegations in Paragraph 194 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 194 are denied.

CXLV.

The allegations in Paragraph 195 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 195 are denied.

CLXVI.

The allegations in Paragraph 196 constitute legal conclusions that do not require a response

by defendant. To the extent a response is required, the allegations in Paragraph 196 are denied.

CXLVII.

The allegations in Paragraph 197 and all subparts therein, including 197a through 197h, constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 197 and all subparts therein, including 197a through 197h, are denied.

CXLVIII.

The allegations in Paragraph 198 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 198 are denied..

CXCIX.

In response to the allegations in Paragraph 199, defendant incorporates by reference the above responses as if they are fully repeated verbatim herein.  To the extent a further response is required, the allegations in Paragraph 199 are denied.

CC.

The allegations in Paragraph 200 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, defendant asserts that its product did not contain any defects.  In further response, the allegations in Paragraph 200 are denied as written.

Additionally, to the extent that the Court has determined that plaintiffs' claims are dismissed in its Order and Reasons (Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, plaintiffs' claims are denied.

CCI.

The allegations in Paragraph 201 constitute legal conclusions that do not require a response

by defendant. To the extent a response is required, the allegations in Paragraph 201 are denied.

In further response, to the extent that the Court has determined that plaintiffs' claims are dismissed in its Order and Reasons (Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, plaintiffs' claims are denied.

CCII.

The allegations in Paragraph 202 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 202 are denied.

In further response, to the extent that the Court has determined that plaintiffs' claims are dismissed in its Order and Reasons (Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, plaintiffs' claims are denied.

CCIII.

The allegations in Paragraph 203 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 203 are denied.

In further response, to the extent that the Court has determined that plaintiffs' claims are dismissed in its Order and Reasons (Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, plaintiffs' claims are denied.

CCIV.

The allegations in Paragraph 204 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 204 are denied.

In further response, to the extent that the Court has determined that plaintiffs' claims are dismissed in its Order and Reasons (Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, plaintiffs' claims are denied.

CCV.

_____The allegations contained under the section entitled "Compensatory Damages: All States" are denied, and defendant further asserts that the plaintiffs are not entitled to the damages asserted.

CCVI.

The allegations in the Paragraph entitled "Medical Monitoring" are denied, and defendant further asserts that the plaintiffs are not entitled to the damages asserted. Moreover, defendant asserts that the requested relief is not a remedy afforded under any applicable law.

In further response, to the extent that the Court has determined that plaintiffs' claims are dismissed in its Order and Reasons (Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, plaintiffs' claims are denied.

CCVII.

The allegations under the section entitled "Punitive Damages" are denied, and defendant further asserts that the plaintiffs are not entitled to the damages asserted.

CCVIII.

In response to the section entitled "Request for Jury Trial", defendant asserts it is entitled to a trial by jury on all issues herein.

CCIX.

The allegations in the section entitled "Prayer for Relief", and all subparts therein, constitute a prayer for relief to which defendant need not respond.  To the extent a response is necessary, defendant denies all allegations in this section and all subparts therein, and further asserts that the plaintiffs are not entitled to relief requested.

CCX

38

The allegations contained in any and all unnumbered and/or misnumbered paragraphs of Plaintiffs' Administrative Master Complaint are denied.

## ANSWER TO FIRST SUPPLEMENTAL AND AMENDED MASTER COMPLAINT

### CCXI.

The allegations in Paragraph 1 do not require a response by defendant.  To the extent a response is required, the allegations in Paragraph 1 are denied for lack of sufficient information to justify a belief therein.

### CCXII.

The allegations in Paragraph 2 adding subparagraph 8(lxiv) do not require a response by defendant.  To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

### CCXIII.

The allegations in Paragraph 3 do not require a response by defendant.  To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

### CCXIV.

The allegations in Paragraph 4 adding subparagraph 8(lxv) do not require a response by defendant.  To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

### CCXV.

The allegations in Paragraph 5 do not require a response by defendant.  To the extent a

response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

## CCXVI.

The allegations in Paragraph 6 adding subparagraph 8(lxvi) do not require a response by defendant.  To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

## CCXVII.

The allegations in Paragraph 7 adding subparagraphs 8(lxvii) and 8(lxviii) do not require a response by defendant.  To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

## CCXVIII.

The allegations in Paragraph 8 adding subparagraphs 8(lxix) and 8(lxx) do not require a response by defendant.  To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

## CCXIX.

The allegations in Paragraph 9 do not require a response by defendant.  To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

## CCXX

The allegations contained in any and all unnumbered and/or misnumbered paragraphs of Plaintiffs' First Supplemental and Amended Master Complaint are denied.

CCXXI.

The allegations contained in the "WHEREFORE" Paragraph (prayer for relief) do not require a response by defendant.  To the extent a response is required, defendant submits that plaintiffs are not entitled to the relief requested.  Moreover, in response to the allegations in the "WHEREFORE" Paragraph, defendant re-avers and reasserts its answers to the Administrative Master Complaint (Doc. 109) and First Supplemental and Amended Master Complaint (Doc. 379) asserted above as if copied verbatim herein.

## ANSWER TO SECOND SUPPLEMENTAL AND AMENDED MASTER COMPLAINT

CCXXII.

The allegations in Paragraph 1 do not require a response by defendant.  To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CCXXIII.

The allegations in Paragraph 2 do not require a response by defendant.  To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CCXXIV.

The allegations in Paragraph 3 do not require a response by defendant.  To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CCXXV.

The allegations in Paragraph 4 do not require a response by defendant.  To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

### CCXXVI.

The allegations in Paragraph 5 adding subparagraphs 8(lxxi) to 8(lxxxiii), do not require a response by defendant.  To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

### CCXXVII.

The allegations in Paragraph 6 adding subparagraph 7(c) and all subparts therein, are denied as written.

### CCXXIII.

The allegations in Paragraph 7 adding subparagraph 7(d) and all subparts therein, are denied as written.

### CCXXIX.

The allegations in Paragraph 8 adding subparagraph 7(e) and all subparts therein, are denied as written.

### CCXXX.

The allegations in Paragraph 9 amending Paragraph 83, are denied.

### CCXXXI.

The allegations contained in any and all unnumbered and/or misnumbered paragraphs of Plaintiffs' Second Supplemental and Amended Master Complaint are denied.

### CCXXXII.

The allegations contained in the "WHEREFORE" Paragraph (prayer for relief) do not require a response by defendant.  To the extent a response is required, defendant submits that plaintiffs are not entitled to the relief requested.  Moreover, in response to the allegations in the "WHEREFORE" Paragraph, defendant re-avers and reasserts its answers to the Administrative Master Complaint (Doc. 109), First Supplemental and Amended Master Complaint (Doc. 379), and Second Supplemental and Amended Master Complaint (Doc. 722), asserted above as if copied verbatim herein.

## AFIRMATIVE DEFENSES

**AND NOW, FURTHER ANSWERING**, defendant asserts the following affirmative defenses:

## THIRD DEFENSE

The claims against defendant are barred, in whole or in part, by plaintiffs' failure to initiate suit within the period of time required by the applicable statutes of limitations and/or any applicable limitation of actions, or by preemption or prescription, or failure to initiate suit within the period of time required by the applicable prescriptive periods and/or any limitation of actions contained in any applicable contracts.

## FOURTH DEFENSE

Defendant shows that its travel trailers were designed, constructed, and manufactured in conformity with industry standards and in compliance with FEMA specifications.  Defendant specifically denies the existence of any defect or defects that would render its product unreasonably dangerous under Louisiana Products Liability Act, and/or any other applicable law, contract, or standard.  Defendant specifically denies the existence of any defect or defects that would renders its product unreasonably dangerous under the Louisiana Products Liability Act, any applicable limited

warranty, if any, any other states' Products Liability Act, and/or any other applicable law, contract or standard.

## FIFTH DEFENSE

To the extent any of the defendant's travel trailers were manufactured according to the specifications of the United States Government, any alleged defect claimed herein, which is specifically denied, is the result of the standards of the United States Government over which defendant had no control.

## SIXTH DEFENSE

The allegations of the Administrative Master Complaint, as supplemented and amended, fail to allege sufficient factual support for class certification.  Out of an abundance of caution, defendant affirmatively asserts that plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (Doc. 1014).

## SEVENTH DEFENSE

Defendant reasserts as affirmative defenses the defenses raised in the Manufacturing Defendants' Joint Rule 12(b)(6) Motion to Dismiss (Doc. 210), including defendant's joinder therein, and incorporates the Court's Order and Reasons (Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss as if plead herein, *in extenso.*

## EIGHTH DEFENSE

Solely in the alternative, in the event the Court finds plaintiffs have suffered any damages whatsoever, which is denied, the damages complained of resulted solely or substantially from the negligence, fault, or comparative fault of the plaintiffs and the proposed class through misuse and/or abuse and/or lack of maintenance of the travel trailers, failure to follow instructions for use, failure

44

to heed applicable warnings, and/or through other acts or omissions which will be shown more fully at trial of this matter and which preclude recovery by plaintiffs or reduce any recovery by their respective percentages of fault.

## NINTH DEFENSE

Further in the alternative, all damages complained of resulted solely or substantially from the negligence, fault or comparative fault of others from whom defendant is in no way responsible or liable.

## TENTH DEFENSE

Solely in the alternative, should this Court determine that the subject travel trailers exhibit some defect, which is specifically denied, then said defect was apparent and obvious and could be easily avoided or remedied, precluding any recovery by plaintiffs or the proposed class and/or which operates to reduce the recovery by plaintiffs' percentage of fault.

## ELEVENTH DEFENSE

All of the plaintiffs' claims against defendant are preempted or otherwise precluded by the statutes, standards, regulations and rules propagated by the Federal Government and/or Department of Transportation, Housing and Urban Development, FEMA, any other federal agency, and/or the plaintiffs' lease agreements with FEMA.

## TWELFTH DEFENSE

Defendant further pleads that plaintiffs' claims are, or may be, barred, in whole or in part, to the extent that the Economic Loss Doctrine applies and incorporates the Court's Order and Reasons (Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss as if plead herein, *in extenso*.

## THIRTEENTH DEFENSE

Defendant further pleads any and all defenses applicable and available to defendant under any controlling Alabama statutes.

## FOURTEENTH DEFENSE

Defendant further pleads any and all defenses applicable and available to defendant under any controlling Texas statutes.

## FIFTEENTH DEFENSE

Any express or other warranty obligations that may be owed by defendant are strictly limited to the terms of the express warranty, if any applicable, including all of its limitations and exclusions, which are pleaded herein, as if copied *in extenso*.

## SIXTEENTH DEFENSE

Upon information and belief, plaintiffs and the proposed class have failed to mitigate their damages.

## SEVENTEENTH DEFENSE

Defendant hereby gives notice that it intends to rely upon any and all other such affirmative defenses as become available or apparent during the course of discovery, and reserves the right to amend its Answer to assert any and all such defenses.

## EIGHTEENTH DEFENSE

Defendant further pleads any and all defenses applicable and available to defendant under any controlling Mississippi statutes, including, but not limited to, the Mississippi Products Liability Act, MCA §11-1-63.

## NINETEENTH DEFENSE

In the event that discovery reveals the following, defendant specifically pleads that the accident and/or injuries sued upon herein occurred only and solely due to the substantial alteration and/or modification of the product sued upon herein, which alteration and/or modification was not foreseeable, after it left hands of the manufacturer, which is specifically pleaded as a complete bar to any recovery against defendant.

## TWENTIETH DEFENSE

Defendant specifically pleads to the extent applicable, all defenses allowed under the Louisiana Products Liability Act, LSA-R.S.9:2800.51 et seq., and/or other Louisiana law, and/or any other states' Products Liability Act/Law.

## TWENTY-FIRST DEFENSE

Defendant specifically pleads that its product was reasonably fit for ordinary use.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims are, or may be, barred in whole or in part to the extent that the Administrative Master Complaint, as supplemented and amended, does not state a cause of action for punitive or exemplary damages against defendant sufficient in law whereby recovery may be had.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims are, or may be, barred in whole or in part to the extent that under the provisions of the Mississippi Code Ann. §88-5-7, defendants are liable only for the amount of the damages allotted to them, if any, in direct proportion of their percentages of fault, if any, with due respect to the total negligence of all parties whose actions caused or contributed to the incident and the damages of which are complained.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims are, or may be, barred in whole or in part to the extent that any award of punitive damages, to the extent they are even pled in the Administrative Master Complaint, as supplemented and amended, would be unconstitutional because the standards utilized to allow the imposition of such damages that are so vague, both on their face and as applied, so as to fail to give adequate or sufficient notice of the prohibitive conduct.

### TWENTY-FIFTH DEFENSE

Plaintiffs' claims are, or may be, barred in whole or in part to the extent that the awarded of punitive damages, to the extent they are even pled by the plaintiffs, would violate the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, separately, of the Constitution of the United States on each of the following separate and several grounds:

1. The procedures failed to provide means for awarding separate judgments against alleged tortfeasors;

2. The procedures failed to provide a limit on the amount of the award against separate defendants;

3. The procedures failed to provide specific standards for the award of punitive damages;

4. The procedures permit the award of punitive damages upon satisfaction of a standard of proof of loss less than that applicable to the imposition of criminal sanctions;

5. The procedures failed to provide a clear and consistent and appellate standard of review of an award of punitive damages;

6. The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and

7. The standards of conduct upon which punitive damages are sought are vague.

### TWENTY-SIXTH DEFENSE

Defendant demands a bifurcation of plaintiffs' claims for actual and punitive damages.

48

### TWENTY-SEVENTH DEFENSE

The exact damages/losses claimed by plaintiffs' are unknown to defendant and thus defendant cannot adequately determine all defenses that may be applicable to the plaintiffs' claims. Therefore, defendant expressly reserves by this reference the right to raise additional defenses to the extent that:

a.   Additional defenses become applicable under state and federal law;

b.   Additional defenses are established as discovery proceeds; and

c.   Additional defenses are available under subsequently asserted theories of recovery.

### TWENTY-EIGHTH DEFENSE

Failure to state a claim for which relief can be granted to the extent plaintiffs' seek injunctive relief as there is no basis for same under the facts alleged in the complaint and applicable law.

### TWENTY-NINTH DEFENSE

Defendant specifically avers that to the extent any subject product was in fact manufactured by defendant, said product was designed, constructed and manufactured in conformity with state-of-the-art technology.

### THIRTIETH DEFENSE

Defendant specifically pleads all applicable defenses available under the Robert T. Stafford Disaster Relief and Emergency Assistance Act.

### THIRTY-FIRST DEFENSE

Defendant owed no duty to plaintiffs in this case.

### THIRTY-SECOND DEFENSE

If it is found that defendant owed a duty to plaintiffs, which it denies, the defendant did not

breach that duty.

## THIRTY-THIRD DEFENSE

The injuries, damages, or losses alleged by defendant were not caused by any negligent or wrongful act or omission of any officer, agent, servant, or employee of the defendant.

## THIRTY-FOURTH DEFNESE

No negligent, wrongful act or omission of the defendant was the cause in fact, or in any way contributed to, plaintiffs' alleged injuries, damages, or losses.

## THIRTY-FIFTH DEFENSE

No negligent, wrongful act or omission of the defendant, was the proximate or legal cause, or in any way contributed to, plaintiffs' alleged injuries, damages, or losses.

## THIRTY-SIXTH DEFENSE

Any alleged injuries, damages, or losses sustained by plaintiffs were not caused by acts or omissions on the part of the defendant, but were caused, in whole or in part, by occurrences and conditions prior, or subsequent.

## THIRTY-SEVENTH DEFENSE

Any alleged injuries, damages, or losses sustained by plaintiffs were not caused by acts or omissions on the part of the defendant, but were caused, in whole or in part, by the negligence of third parties.

## THIRTY-EIGHTH DEFENSE

Any alleged injuries, damages, or losses sustained by plaintiffs were not caused by acts or omissions on the part of the defendant, but were caused, in whole or in part, by an intervening or superseding cause or event.

### THIRTY-NINTH DEFENSE

Plaintiffs have not suffered any compensable damages.

### FORTIETH DEFENSE

All future damages, if any, must be reduced to present value.

### FORTY-FIRST DEFENSE

Income taxes must be deducted from all alleged past and future lost earnings.

### FORTY-SECOND DEFENSE

Plaintiffs fail to state a claim for medical monitoring damages because they have not alleged a specific or manifest injury.

### FORTY-THIRD DEFENSE

Plaintiffs' claims are barred because to the extent they are based upon actions taken by a public entity in response to Hurricanes Katrina and Rita.  Louisiana Revised Statute § 9:2800(H); Louisiana Civil Code Arts. 2317, 2317.1.

### FORTY-FOURTH DEFENSE

Plaintiffs' claims are barred by the Good Samaritan doctrine.

### FORTY-FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the principles of res judicata and/or collateral estoppel.

### FORTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, waiver, laches, release, unclean hands, and/or ratification.

### FORTY-SEVENTH DEFENSE

Failure to state a claim upon which relief can be granted to the extent the Complaint, as amended, fails to identify a particular plaintiff with alleged exposure to a product manufactured by Defendant.

### FORTY-EIGHTH DEFENSE

Failure to state a claim because plaintiffs' failed to make any particularized allegations regarding their injuries and damages, and to the extent plaintiffs' failed to make any particularized allegations connecting any plaintiff to conduct by defendant.

### FORTY-NINTH DEFENSE

Failure to state a claim upon which relief can be granted to the extent plaintiffs seek to impose joint and several and/or solidary liability upon manufacturing defendants, as such claims are precluded by applicable law.

### FIFTIETH DEFENSE

Failure to state a claim upon which relief can be granted for attorney's fees as there is no basis under Louisiana, Mississippi, Alabama, Texas, or Federal law, and/or any other applicable law, for the awarding of attorney's fees based upon the facts alleged in the complaint.

### FIFTY-FIRST DEFENSE

Failure to state a claim upon which relief can be granted to the extent plaintiffs' seek property damages under Louisiana, Mississippi, Alabama, or Texas law as plaintiffs are not entitled to recover same.

### FIFTY-SECOND DEFENSE

Failure to state a claim upon which relief can be granted to the extent plaintiffs seek

compensatory damages as there is no basis for awarding same under the facts alleged in the complaint and applicable law.

## FIFTY-THIRD DEFENSE

Defendant adopts and re-avers all the defenses/affirmative defenses relative to the action raised by the other defendant manufacturers and/or defense liaison counsel.

## FIFTY-FOURTH DEFENSE

Failure to state a claim for breach of express and implied warranty under Mississippi, Texas, Alabama or any other applicable law as such claims are precluded as plaintiffs do not rely on privity of contract.

## FIFTY-FIFTH DEFENSE

Failure to state a claim for breach of implied and express warranty because those claims are not available to plaintiffs and to the extent that they are available, they are precluded by the Louisiana Products Liability Act and/or other applicable states' products liability act.

## FIFTY-SIXTH DEFENSE

Defendant requests a trial by jury.

WHEREFORE, defendant, Frontier RV, Inc., respectfully prays that the above Answer to the Administrative Master Complaint (Doc. 109), First Supplemental and Amended Master Complaint (Doc. 379), and Second Supplemental and Amended Master Complaint (Doc. 722), be deemed good and sufficient and that, after due proceedings are had, there be judgment rendered herein in favor of defendant and against the plaintiffs, dismissing their claims and requests for damages and other relief, at their costs, with prejudice, for a trial by jury, and for any and all such other general, special, legal, and equitable relief as the nature of the case and law may permit.

Respectfully submitted,

**/s/ *Randall C. Mulcahy***
LYON H. GARRISON, Bar No. 19591
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
GARRISON, YOUNT, FORTE
& MULCAHY, L.L.C.
909 Poydras Street, Ste. 1800
New Orleans, LA 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
*Attorneys for defendant,*
*Frontier RV, Inc.*
Email: rmulcahy@garrisonyount.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record who are CM/ECF participants.

**/s/ *Randall C. Mulcahy***
RANDALL C. MULCAHY, Bar No. 26436

54