UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | ) | |
| FORMALDEHYDE PRODUCT | ) | |
| LIABILILITY LITIGATION, | ) | |
| | ) | |
| | ) | MDL NO. 1873 |
| | ) | |
| | ) | Section "N-4" |
| | ) | |
| THIS DOCUMENT IS RELATED TO ALL | ) | JUDGE ENGELHARDT |
| CASES | ) | MAG. ALMA L. CHASEZ |
| | ) | |
| | ) | |

<u>**ANSWER AND DEFENSES OF FLEETWOOD CANADA, LTD., FLEETWOOD ENTERPRISES, INC., FLEETWOOD HOMES OF NORTH CAROLINA, INC., FLEETWOOD HOMES OF GEORGIA, INC. AND FLEETWOOD TRAVEL TRAILERS OF MARYLAND, INC. TO PLAINTIFFS' ADMINISTRATIVE MASTER COMPLAINT, FIRST SUPPLEMENTAL AND AMENDED MASTER COMPLAINT AND SECOND SUPPLEMENTAL AND AMENDED MASTER COMPLAINT**</u>

**NOW INTO COURT**, through undersigned counsel, come Defendants FLEETWOOD

CANADA, LTD., FLEETWOOD ENTERPRISES, INC., FLEETWOOD HOMES OF NORTH

CAROLINA, INC., FLEETWOOD HOMES OF GEORGIA, INC., and FLEETWOOD

TRAVEL TRAILERS OF MARYLAND, INC.[1] (collectively "Fleetwood"), who for Answer to

---

[1] Plaintiffs' Administrative Master Complaint, Rec. Doc. 109, and the two Supplemental and Amended Master Complaints, Rec. Doc. 379 and 722, only name Fleetwood Enterprises, Inc., Fleetwood Canada, and Fleetwood North Carolina as party defendants. However, the now consolidated action, *Babin et al. v. Cavalier Homes Builders, LLC et al.*, Civil Action No. 08-4629, adds Fleetwood Travel Trailers of Maryland, Inc. and Fleetwood Homes of Georgia, Inc. as additional party defendants. Fleetwood Enterprises, Inc. is not a manufacturer of travel trailers or manufactured housing. The manufacturing of these products is accomplished by the manufacturing subsidiaries of Fleetwood Enterprises, Inc., some of which have been named in this now consolidated litigation. In an abundance of caution this Answer is being filed on behalf of all Fleetwood entities who have been named to date in either the Master Complaint as now twice amended or other litigation that has now been consolidated in this MDL proceeding.

the Administrative Master Complaint, Rec. Doc. 109, Plaintiffs' First Supplemental and

Amended Master Complaint, Rec. Doc. 379, and Plaintiffs' Second Supplemental and Amended

Master Complaint, Rec. Doc. 722, (collectively the "Amended Master Complaint, as

supplemented and amended,"), which encompass all cases now consolidated in, and any cases

which may additionally be transferred to, MDL No. 1873 in accordance with Pretrial Order No.

2(I)(D), Rec. Doc. 87,  respectfully aver as follow:

## I.    <u>INTRODUCTION</u>

### 1.

The allegations contained in Paragraph 1 constitute introductory statements to which

Fleetwood does not need to respond.  To the extent a response is deemed necessary, Fleetwood

admits that the Court ordered Plaintiffs to file a consolidated Master Complaint.  Fleetwood

lacks knowledge or information sufficient to form a belief about the truth of any remaining

allegations contained in Paragraph 1, and therefore denies them.

### 2.

The allegations contained in Paragraph 2 constitute introductory statements to which

Fleetwood does not need to respond.  To the extent a response is deemed necessary, Fleetwood

admits that the Court's Pretrial Order No. 2, Rec. Doc. 87, ordered Plaintiffs to file a

consolidated Master Complaint.  Fleetwood lacks knowledge or information sufficient to form a

belief about the truth of any remaining allegations contained in Paragraph 2, and therefore denies

them.

3.

The allegations contained in Paragraph 3 constitute introductory statements to which Fleetwood does not need to respond.  To the extent a response is deemed necessary, Fleetwood denies Paragraph 3, stating, instead that the nature of the Master Complaint is defined by the Court's Pretrial Order No. 2, Rec. Doc. 87.

4.

The allegations contained in Paragraph 4 constitute introductory statements to which Fleetwood does not need to respond.  To the extent a response is deemed necessary, Fleetwood denies Paragraph 4, stating, instead that the nature of the Master Complaint is defined by the Court's Pretrial Order No. 2, Rec. Doc. 87.

5.

The allegations contained in Paragraph 5 constitute introductory statements to which Fleetwood does not need to respond.  To the extent a response is deemed necessary, Fleetwood denies Paragraph 5, stating, instead that the nature of the Master Complaint is defined by the Court's Pretrial Order No. 2, Rec. Doc. 87.

II.     **PARTIES**

6.

The allegations contained in Paragraph 6 constitute introductory statements to which Fleetwood does not need to respond.  To the extent a response is deemed necessary, Fleetwood denies Paragraph 6.  In addition, Fleetwood denies that a class action should be certified in this case, regardless of how the class and certain subclasses are defined as is detailed in the Court's Order and Reasons denying class certification, Rec. Doc. 1014.

## 7.

The allegations contained in Paragraph 7 are denied for lack of information sufficient to justify a belief in the truth thereof.

    a.    The allegations contained in Paragraph 7, subpart "a." are denied for lack of information sufficient to justify a belief in the truth thereof.

        i.    The allegations contained in Paragraph 7, subpart "a.i." are denied for lack of information sufficient to justify a belief in the truth thereof;

        ii.    The allegations contained in Paragraph 7, subpart "a.ii." are denied for lack of information sufficient to justify a belief in the truth thereof.

        iii.    The allegations contained in Paragraph 7, subpart "a.iii." are denied for lack of information sufficient to justify a belief in the truth thereof.

        iv.    The allegations contained in Paragraph 7, subpart "a.iv." are denied for lack of information sufficient to justify a belief in the truth thereof.

        v.    The allegations contained in Paragraph 7, subpart "a.v." are denied for lack of information sufficient to justify a belief in the truth thereof.

        vi.    The allegations contained in Paragraph 7, subpart "a.vi." are denied for lack of information sufficient to justify a belief in the truth thereof.

        vii.    The allegations contained in Paragraph 7, subpart "a.vii." are denied for lack of information sufficient to justify a belief in the truth thereof.

        viii.    The allegations contained in Paragraph 7, subpart "a.viii." are denied for lack of information sufficient to justify a belief in the truth thereof.

    b.    The allegations contained in Paragraph 7, subpart "b" are denied for lack of information sufficient to justify a belief in the truth thereof.

i.      The allegations contained in Paragraph 7, subpart "b.i." are denied for lack of information sufficient to justify a belief in the truth thereof.

ii.     The allegations contained in Paragraph 7, subpart "b.ii." are denied for lack of information sufficient to justify a belief in the truth thereof.

iii.    The allegations contained in Paragraph 7, subpart "b.iii." are denied for lack of information sufficient to justify a belief in the truth thereof.

iv.     The allegations contained in Paragraph 7, subpart b.iv are denied for lack of information sufficient to justify a belief in the truth thereof.

v.      The allegations contained in Paragraph 7, subpart "b.v." are denied for lack of information sufficient to justify a belief in the truth thereof.

vi.     The allegations contained in Paragraph 7, subpart "b.vi." are denied for lack of information sufficient to justify a belief in the truth thereof.

vii.    The allegations contained in Paragraph 7, subpart "b.vii." are denied for lack of information sufficient to justify a belief in the truth thereof.

viii.   The allegations contained in Paragraph 7, subpart "b.viii." are denied for lack of information sufficient to justify a belief in the truth thereof.

ix.     The allegations contained in Paragraph 7, subpart "b.ix." are denied for lack of information sufficient to justify a belief in the truth thereof.

x.      The allegations contained in Paragraph 7, subpart "b.x." are denied for lack of information sufficient to justify a belief in the truth thereof.

xi.     The allegations contained in Paragraph 7, subpart "b.xi." are denied for lack of information sufficient to justify a belief in the truth thereof.

xii.    The allegations contained in Paragraph 7, subpart "b.xii." are denied for lack of information sufficient to justify a belief in the truth thereof.

xiii.   The allegations contained in Paragraph 7, subpart "b.xiii." are denied for lack of information sufficient to justify a belief in the truth thereof.

xiv.    The allegations contained in Paragraph 7, subpart "b.xiv." are denied for lack of information sufficient to justify a belief in the truth thereof.

xv.     The allegations contained in Paragraph 7, subpart "b.xv." are denied for lack of information sufficient to justify a belief in the truth thereof.

xvi.    The allegations contained in Paragraph 7, subpart "b.xvi." are denied for lack of information sufficient to justify a belief in the truth thereof.

xvii.   The allegations contained in Paragraph 7, subpart "b.xvii." are denied for lack of information sufficient to justify a belief in the truth thereof.

xviii.  The allegations contained in Paragraph 7, subpart "b.xviii." are denied for lack of information sufficient to justify a belief in the truth thereof.

xix.    The allegations contained in Paragraph 7, subpart "b.xix." are denied for lack of information sufficient to justify a belief in the truth thereof.

xx.     The allegations contained in Paragraph 7, subpart "b.xx." are denied for lack of information sufficient to justify a belief in the truth thereof.

xxi.    The allegations contained in Paragraph 7, subpart "b.xxi." are denied for lack of information sufficient to justify a belief in the truth thereof.

xxii.   The allegations contained in Paragraph 7, subpart "b.xxii." are denied for lack of information sufficient to justify a belief in the truth thereof.

xxiii.   The allegations contained in Paragraph 7, subpart "b.xxiii." are denied for lack of information sufficient to justify a belief in the truth thereof.

xxiv.   The allegations contained in Paragraph 7, subpart "b.xxiv." are denied for lack of information sufficient to justify a belief in the truth thereof.

xxv.   The allegations contained in Paragraph 7, subpart "b.xxv." are denied for lack of information sufficient to justify a belief in the truth thereof.

xxvi.   The allegations contained in Paragraph 7, subpart "b.xxvi." are denied for lack of information sufficient to justify a belief in the truth thereof.

xxvii.   The allegations contained in Paragraph 7, subpart "b.xxvii." are denied for lack of information sufficient to justify a belief in the truth thereof.

xxviii.   The allegations contained in Paragraph 7, subpart "b.xxviii." are denied for lack of information sufficient to justify a belief in the truth thereof.

xxix.   The allegations contained in Paragraph 7, subpart "b.xxix." are denied for lack of information sufficient to justify a belief in the truth thereof.

xxx.   The allegations contained in Paragraph 7, subpart "b.xxx." are denied for lack of information sufficient to justify a belief in the truth thereof.

xxxi.   The allegations contained in Paragraph 7, subpart "b.xxxi." are denied for lack of information sufficient to justify a belief in the truth thereof.

xxxii.   The allegations contained in Paragraph 7, subpart "b.xxxii." are denied for lack of information sufficient to justify a belief in the truth thereof.

xxxiii.   The allegations contained in Paragraph 7, subpart "b.xxxiii." are denied for lack of information sufficient to justify a belief in the truth thereof.

xxxiv.  The allegations contained in Paragraph 7, subpart "b.xxxiv." are denied for lack of information sufficient to justify a belief in the truth thereof.

xxxv.  The allegations contained in Paragraph 7, subpart "b.xxxv." are denied for lack of information sufficient to justify a belief in the truth thereof.

xxxvi.  The allegations contained in Paragraph 7, subpart "b.xxxvi." are denied for lack of information sufficient to justify a belief in the truth thereof.

xxxvii. The allegations contained in Paragraph 7, subpart "b.xxxvii." are denied for lack of information sufficient to justify a belief in the truth thereof.

xxxviii. The allegations contained in Paragraph 7, subpart "b.xxxviii." are denied for lack of information sufficient to justify a belief in the truth thereof.

xxxix.  The allegations contained in Paragraph 7, subpart "b.xxxix." are denied for lack of information sufficient to justify a belief in the truth thereof.

xl.  The allegations contained in Paragraph 7, subpart "b.xl" are denied for lack of information sufficient to justify a belief in the truth thereof.

xli.  The allegations contained in Paragraph 7, subpart "b.xli" are denied for lack of information sufficient to justify a belief in the truth thereof.

xlii.  The allegations contained in Paragraph 7, subpart "b.xlii" are denied for lack of information sufficient to justify a belief in the truth thereof.

xliii.  The allegations contained in Paragraph 7, subpart "b.xliii" are denied for lack of information sufficient to justify a belief in the truth thereof.

xliv.  The allegations contained in Paragraph 7, subpart "b.xliv" are denied for lack of information sufficient to justify a belief in the truth thereof.

xlv.       The allegations contained in Paragraph 7, subpart "b.xlv." are denied for lack of information sufficient to justify a belief in the truth thereof.

xlvi.      The allegations contained in Paragraph 7, subpart "b.xlvi." are denied for lack of information sufficient to justify a belief in the truth thereof.

xlvii.     The allegations contained in Paragraph 7, subpart "b.xlvii." are denied for lack of information sufficient to justify a belief in the truth thereof.

xlviii.    The allegations contained in Paragraph 7, subpart "b.xlviii." are denied for lack of information sufficient to justify a belief in the truth thereof.

xlix.      The allegations contained in Paragraph 7, subpart "b.xlix." are denied for lack of information sufficient to justify a belief in the truth thereof.

l.         The allegations contained in Paragraph 7, subpart "b.l." are denied for lack of information sufficient to justify a belief in the truth thereof.

li.        The allegations contained in Paragraph 7, subpart "b.li." are denied for lack of information sufficient to justify a belief in the truth thereof.

lii.       The allegations contained in Paragraph 7, subpart "b.lii." are denied for lack of information sufficient to justify a belief in the truth thereof.

liii.      The allegations contained in Paragraph 7, subpart "b.liii." are denied for lack of information sufficient to justify a belief in the truth thereof.

liv.       The allegations contained in Paragraph 7, subpart "b.liv." are denied for lack of information sufficient to justify a belief in the truth thereof.

lv.        The allegations contained in Paragraph 7, subpart "b.lv." are denied for lack of information sufficient to justify a belief in the truth thereof.

c.      The allegations contained in Paragraph 7, subpart "c" are denied.

      (a)      The allegations contained in Paragraph 7, subpart "c(a)" are denied for lack of information sufficient to justify a belief in the truth thereof.

      (b)      The allegations contained in Paragraph 7, subpart "c(b)" are denied for lack of information sufficient to justify a belief in the truth thereof.

      (c)      The allegations contained in Paragraph 7, subpart "c(c)" are denied for lack of information sufficient to justify a belief in the truth thereof.

      (d)      The allegations contained in Paragraph 7, subpart "c(d)" are denied for lack of information sufficient to justify a belief in the truth thereof.

      (e)      The allegations contained in Paragraph 7, subpart "c(e)" are denied for lack of information sufficient to justify a belief in the truth thereof.

      (f)      The allegations contained in Paragraph 7, subpart "c(f)" are denied for lack of information sufficient to justify a belief in the truth thereof.

      (g)      The allegations contained in Paragraph 7, subpart "c(g)" are denied for lack of information sufficient to justify a belief in the truth thereof.

      (h)      The allegations contained in Paragraph 7, subpart "c(h)" are denied for lack of information sufficient to justify a belief in the truth thereof.

      (i)      The allegations contained in Paragraph 7, subpart "c(i)" are denied for lack of information sufficient to justify a belief in the truth thereof.

      (j)      The allegations contained in Paragraph 7, subpart "c(j)" are denied for lack of information sufficient to justify a belief in the truth thereof.

      (k)      The allegations contained in Paragraph 7, subpart "c(k)" are denied for lack of information sufficient to justify a belief in the truth thereof.

      (l)      The allegations contained in Paragraph 7, subpart "c(l)" are denied for lack of information sufficient to justify a belief in the truth thereof.

      (m)      The allegations contained in Paragraph 7, subpart "c(m)" are denied for lack of information sufficient to justify a belief in the truth thereof.

      (n)      The allegations contained in Paragraph 7, subpart "c(n)" are denied for lack of information sufficient to justify a belief in the truth thereof.

      (o)      The allegations contained in Paragraph 7, subpart "c(o)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(p)     The allegations contained in Paragraph 7, subpart "c(p)" are denied for
        lack of information sufficient to justify a belief in the truth thereof.

(q)     The allegations contained in Paragraph 7, subpart "c(q)" are denied for
        lack of information sufficient to justify a belief in the truth thereof.

(r)     The allegations contained in Paragraph 7, subpart "c(r)" are denied for
        lack of information sufficient to justify a belief in the truth thereof.

(s)     The allegations contained in Paragraph 7, subpart "c(s)" are denied for
        lack of information sufficient to justify a belief in the truth thereof.

(t)     The allegations contained in Paragraph 7, subpart "c(t)" are denied for lack
        of information sufficient to justify a belief in the truth thereof.

(u)     The allegations contained in Paragraph 7, subpart "c(u)" are denied for
        lack of information sufficient to justify a belief in the truth thereof.

(v)     The allegations contained in Paragraph 7, subpart "c(v)" are denied for
        lack of information sufficient to justify a belief in the truth thereof.

(w)     The allegations contained in Paragraph 7, subpart "c(w)" are denied for
        lack of information sufficient to justify a belief in the truth thereof.

(x)     The allegations contained in Paragraph 7, subpart "c(x)" are denied for
        lack of information sufficient to justify a belief in the truth thereof.

(y)     The allegations contained in Paragraph 7, subpart "c(y)" are denied for
        lack of information sufficient to justify a belief in the truth thereof.

(z)     The allegations contained in Paragraph 7, subpart "c(z)" are denied for
        lack of information sufficient to justify a belief in the truth thereof.

(aa)    The allegations contained in Paragraph 7, subpart "c(aa)" are denied for
        lack of information sufficient to justify a belief in the truth thereof.

(bb)    The allegations contained in Paragraph 7, subpart "c(bb)" are denied for
        lack of information sufficient to justify a belief in the truth thereof.

(cc)    The allegations contained in Paragraph 7, subpart "c(cc)" are denied for
        lack of information sufficient to justify a belief in the truth thereof.

(dd)    The allegations contained in Paragraph 7, subpart "c(dd)" are denied for
        lack of information sufficient to justify a belief in the truth thereof.

(ee)    The allegations contained in Paragraph 7, subpart "c(ee)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(ff)    The allegations contained in Paragraph 7, subpart "c(ff)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(gg)    The allegations contained in Paragraph 7, subpart "c(gg)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(hh)    The allegations contained in Paragraph 7, subpart "c(hh)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(ii)    The allegations contained in Paragraph 7, subpart "c(ii)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(jj)    The allegations contained in Paragraph 7, subpart "c(jj)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(kk)    The allegations contained in Paragraph 7, subpart "c(kk)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(ll)    The allegations contained in Paragraph 7, subpart "c(ll)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(mm)    The allegations contained in Paragraph 7, subpart "c(mm)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(nn)    The allegations contained in Paragraph 7, subpart "c(nn)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(oo)    The allegations contained in Paragraph 7, subpart "c(oo)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(pp)    The allegations contained in Paragraph 7, subpart "c(pp)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(qq)    The allegations contained in Paragraph 7, subpart "c(qq)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(rr)    The allegations contained in Paragraph 7, subpart "c(rr)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(ss)    The allegations contained in Paragraph 7, subpart "c(ss)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(tt)    The allegations contained in Paragraph 7, subpart "c(tt)" are denied for
        lack of information sufficient to justify a belief in the truth thereof.

(uu)    The allegations contained in Paragraph 7, subpart "c(uu)" are denied for
        lack of information sufficient to justify a belief in the truth thereof.

(vv)    The allegations contained in Paragraph 7, subpart "c(vv)" are denied for
        lack of information sufficient to justify a belief in the truth thereof.

(ww)    The allegations contained in Paragraph 7, subpart "c(ww)" are denied for
        lack of information sufficient to justify a belief in the truth thereof.

(xx)    The allegations contained in Paragraph 7, subpart "c(xx)" are denied for
        lack of information sufficient to justify a belief in the truth thereof.

(yy)    The allegations contained in Paragraph 7, subpart "c(yy)" are denied for
        lack of information sufficient to justify a belief in the truth thereof.

(zz)    The allegations contained in Paragraph 7, subpart "c(zz)" are denied for
        lack of information sufficient to justify a belief in the truth thereof.

(aaa)   The allegations contained in Paragraph 7, subpart "c(aaa)" are denied for
        lack of information sufficient to justify a belief in the truth thereof.

(bbb)   The allegations contained in Paragraph 7, subpart "c(bbb)" are denied for
        lack of information sufficient to justify a belief in the truth thereof.

(ccc)   The allegations contained in Paragraph 7, subpart "c(ccc)" are denied for
        lack of information sufficient to justify a belief in the truth thereof.

(ddd)   The allegations contained in Paragraph 7, subpart "c(ddd)" are denied for
        lack of information sufficient to justify a belief in the truth thereof.

(eee)   The allegations contained in Paragraph 7, subpart "c(eee)" are denied for
        lack of information sufficient to justify a belief in the truth thereof.

(fff)   The allegations contained in Paragraph 7, subpart "c(fff)" are denied for
        lack of information sufficient to justify a belief in the truth thereof.

(ggg)   The allegations contained in Paragraph 7, subpart "c(ggg)" are denied for
        lack of information sufficient to justify a belief in the truth thereof.

(hhh)   The allegations contained in Paragraph 7, subpart "c(hhh)" are denied for
        lack of information sufficient to justify a belief in the truth thereof.

(iii)   The allegations contained in Paragraph 7, subpart "c(iii)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(jjj)   The allegations contained in Paragraph 7, subpart "c(jjj)" are denied for lack of information sufficient to justify a belief in the truth thereof.

d.   The allegations contained in Paragraph 7, subpart "d" are denied.

(a)   The allegations contained in Paragraph 7, subpart "d(a)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(b)   The allegations contained in Paragraph 7, subpart "d(b)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(c)   The allegations contained in Paragraph 7, subpart "d(c)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(d)   The allegations contained in Paragraph 7, subpart "d(d)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(e)   The allegations contained in Paragraph 7, subpart "d(e)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(f)   The allegations contained in Paragraph 7, subpart "d(f)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(g)   The allegations contained in Paragraph 7, subpart "d(g)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(h)   The allegations contained in Paragraph 7, subpart "d(h)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(i)   The allegations contained in Paragraph 7, subpart "d(i)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(j)   The allegations contained in Paragraph 7, subpart "d(j)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(k)   The allegations contained in Paragraph 7, subpart "d(k)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(l)   The allegations contained in Paragraph 7, subpart "d(l)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(m)   The allegations contained in Paragraph 7, subpart "d(m)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(n)     The allegations contained in Paragraph 7, subpart "d(n)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(o)     The allegations contained in Paragraph 7, subpart "d(o)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(p)     The allegations contained in Paragraph 7, subpart "d(p)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(q)     The allegations contained in Paragraph 7, subpart "d(q)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(r)     The allegations contained in Paragraph 7, subpart "d(r)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(s)     The allegations contained in Paragraph 7, subpart "d(s)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(t)     The allegations contained in Paragraph 7, subpart "d(t)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(u)     The allegations contained in Paragraph 7, subpart "d(u)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(v)     The allegations contained in Paragraph 7, subpart "d(v)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(w)     The allegations contained in Paragraph 7, subpart "d(w)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(x)     The allegations contained in Paragraph 7, subpart "d(x)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(y)     The allegations contained in Paragraph 7, subpart "d(y)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(z)     The allegations contained in Paragraph 7, subpart "d(z)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(aa)    The allegations contained in Paragraph 7, subpart "d(aa)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(bb)    The allegations contained in Paragraph 7, subpart "d(bb)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(cc)   The allegations contained in Paragraph 7, subpart "d(cc)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(dd)   The allegations contained in Paragraph 7, subpart "d(dd)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(ee)   The allegations contained in Paragraph 7, subpart "d(ee)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(ff)   The allegations contained in Paragraph 7, subpart "d(ff)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(gg)   The allegations contained in Paragraph 7, subpart "d(gg)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(hh)   The allegations contained in Paragraph 7, subpart "d(hh)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(ii)   The allegations contained in Paragraph 7, subpart "d(ii)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(jj)   The allegations contained in Paragraph 7, subpart "d(jj)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(kk)   The allegations contained in Paragraph 7, subpart "d(kk)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(ll)   The allegations contained in Paragraph 7, subpart "d(ll)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(mm)   The allegations contained in Paragraph 7, subpart "d(mm)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(nn)   The allegations contained in Paragraph 7, subpart "d(nn)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(oo)   The allegations contained in Paragraph 7, subpart "d(oo)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(pp)   The allegations contained in Paragraph 7, subpart "d(pp)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(qq)   The allegations contained in Paragraph 7, subpart "d(qq)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(rr)    The allegations contained in Paragraph 7, subpart "d(rr)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(ss)    The allegations contained in Paragraph 7, subpart "d(ss)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(tt)    The allegations contained in Paragraph 7, subpart "d(tt)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(uu)    The allegations contained in Paragraph 7, subpart "d(uu)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(vv)    The allegations contained in Paragraph 7, subpart :"d(vv)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(ww)    The allegations contained in Paragraph 7, subpart "d(ww)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(xx)    The allegations contained in Paragraph 7, subpart "d(xx)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(yy)    The allegations contained in Paragraph 7, subpart "d(yy)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(zz)    The allegations contained in Paragraph 7, subpart "d(zz)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(aaa)    The allegations contained in Paragraph 7, subpart "d(aaa)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(bbb)    The allegations contained in Paragraph 7, subpart "d(bbb)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(ccc)    The allegations contained in Paragraph 7, subpart "d(ccc)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(ddd)    The allegations contained in Paragraph 7, subpart "d(ddd)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(eee)    The allegations contained in Paragraph 7, subpart "d(eee)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(fff)    The allegations contained in Paragraph 7, subpart "d(fff)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(ggg)  The allegations contained in Paragraph 7, subpart "d(ggg)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(hhh)  The allegations contained in Paragraph 7, subpart "d(hhh)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(iii)  The allegations contained in Paragraph 7, subpart "d(iii)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(jjj)  The allegations contained in Paragraph 7, subpart "d(jjj)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(kkk)  The allegations contained in Paragraph 7, subpart "d(kkk)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(lll)  The allegations contained in Paragraph 7, subpart "d(lll)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(mmm)The allegations contained in Paragraph 7, subpart "d(mmm)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(nnn)  The allegations contained in Paragraph 7, subpart "d(nnn)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(ooo)  The allegations contained in Paragraph 7, subpart "d(ooo)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(ppp)  The allegations contained in Paragraph 7, subpart "d(ppp)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(qqq)  The allegations contained in Paragraph 7, subpart "d(qqq)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(rrr)  The allegations contained in Paragraph 7, subpart "d(rrr)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(sss)  The allegations contained in Paragraph 7, subpart "d(sss)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(ttt)  The allegations contained in Paragraph 7, subpart "d(ttt)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(uuu)  The allegations contained in Paragraph 7, subpart "d(uuu)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(vvv) The allegations contained in Paragraph 7, subpart "d(vvv)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(www) The allegations contained in Paragraph 7, subpart "d(www)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(xxx) The allegations contained in Paragraph 7, subpart "d(xxx)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(yyy) The allegations contained in Paragraph 7, subpart "d(yyy)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(zzz) The allegations contained in Paragraph 7, subpart "d(zzz)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(aaaa) The allegations contained in Paragraph 7, subpart "d(aaaa)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(bbbb) The allegations contained in Paragraph 7, subpart "d(bbbb)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(cccc) The allegations contained in Paragraph 7, subpart "d(cccc)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(dddd) The allegations contained in Paragraph 7, subpart "d(dddd)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(eeee) The allegations contained in Paragraph 7, subpart "d(eeee)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(ffff) The allegations contained in Paragraph 7, subpart "d(ffff)" are denied for lack of information sufficient to justify a belief in the truth thereof.

(gggg) The allegations contained in Paragraph 7, subpart "d(gggg)" are denied for lack of information sufficient to justify a belief in the truth thereof.

e.      The allegations contained in Paragraph 7, subpart e are denied.

(1)     The allegations contained in Paragraph 7, subpart "e(1)" are denied.

(2)     The allegations contained in Paragraph 7, subpart "e(2)" are denied.

(3)     The allegations contained in Paragraph 7, subpart "e(3)" are denied.

## 8.

The allegations contained in Paragraph 8 are denied for lack of information sufficient to justify a belief in the truth thereof.

a.      The allegations contained in Paragraph 8, subpart "a" are denied for lack of information sufficient to justify a belief in the truth thereof.

b.      The allegations contained in Paragraph 8, subpart "b" constitute legal conclusions and reservations to which Fleetwood need not respond.  To the extent a response is deemed necessary, Fleetwood denies this sub-paragraph, stating, instead, that Plaintiffs' ability to supplement and amend the Amended Master Complaint, as supplemented and amended, is determined by the Court and the Federal Rules of Civil Procedure.

c.      The allegations contained in Paragraph 8, subpart "c" are denied for lack of information sufficient to justify a belief in the truth thereof.

        i.      The allegations contained in Paragraph 8, subpart "c.i" are denied for lack of information sufficient to justify a belief in the truth thereof.

        ii.     The allegations contained in Paragraph 8, subpart "c.ii" are denied for lack of information sufficient to justify a belief in the truth thereof.

        iii.    The allegations contained in Paragraph 8, subpart "c.iii" are denied for lack of information sufficient to justify a belief in the truth thereof.

        iv.     The allegations contained in Paragraph 8, subpart "c.iv" are denied for lack of information sufficient to justify a belief in the truth thereof.

        v.      The allegations contained in Paragraph 8, subpart "c.v" are denied for lack of information sufficient to justify a belief in the truth thereof.

vi.    The allegations contained in Paragraph 8, subpart "c.vi" are denied for lack of information sufficient to justify a belief in the truth thereof.

vii.   The allegations contained in Paragraph 8, subpart "c.vii" are denied for lack of information sufficient to justify a belief in the truth thereof.

viii.  The allegations contained in Paragraph 8, subpart "c.viii" are denied for lack of information sufficient to justify a belief in the truth thereof.

ix.    The allegations contained in Paragraph 8, subpart "c.ix" are denied for lack of information sufficient to justify a belief in the truth thereof.

x.     The allegations contained in Paragraph 8, subpart "c.x" are denied for lack of information sufficient to justify a belief in the truth thereof.

xi.    The allegations contained in Paragraph 8, subpart "c.xi" are denied for lack of information sufficient to justify a belief in the truth thereof.

xii.   The allegations contained in Paragraph 8, subpart "c.xii" are denied for lack of information sufficient to justify a belief in the truth thereof.

xiii.  The allegations contained in Paragraph 8, subpart "c.xiii" are denied for lack of information sufficient to justify a belief in the truth thereof.

xiv.   The allegations contained in Paragraph 8, subpart "c.xiv" are denied for lack of information sufficient to justify a belief in the truth thereof.

xv.    Fleetwood Canada, Ltd. admits only that it is a foreign corporate entity.  The remaining allegations contained in Paragraph 8, subpart "c.xv" are denied.  Fleetwood Canada, Ltd. further denies that it ever entered into a contract with FEMA for the purchase of trailers or housing units.

xvi.   Fleetwood Enterprises, Inc. admits only that it is a California corporate entity.  The remaining allegations contained in Paragraph 8, subpart "c.xvi" are denied.  Fleetwood Enterprises, Inc. further

21

denies that it ever entered into a contract with FEMA for the purchase of trailers or housing units.

xvii.    Fleetwood Homes of North Carolina, Inc. admits only that it is a North Carolina corporate entity.  The remaining allegations contained in Paragraph 8, subpart "c.xvii" are denied.  Fleetwood Homes of North Carolina, Inc. further denies that it ever entered into a contract with FEMA for the purchase of trailers or housing units.

xviii.    The allegations contained in Paragraph 8, subpart "c.xviii" are denied for lack of information sufficient to justify a belief in the truth thereof.

xix.    The allegations contained in Paragraph 8, subpart "c.xix" are denied for lack of information sufficient to justify a belief in the truth thereof.

xx.    The allegations contained in Paragraph 8, subpart "c.xx" are denied for lack of information sufficient to justify a belief in the truth thereof.

xxi.    The allegations contained in Paragraph 8, subpart "c.xxi" are denied for lack of information sufficient to justify a belief in the truth thereof.

xxii.    The allegations contained in Paragraph 8, subpart "c.xxii" are denied for lack of information sufficient to justify a belief in the truth thereof.

xxiii.    The allegations contained in Paragraph 8, subpart "c.xxiii" are denied for lack of information sufficient to justify a belief in the truth thereof.

xxiv.    The allegations contained in Paragraph 8, subpart "c.xxiv" are denied for lack of information sufficient to justify a belief in the truth thereof.

xxv.    The allegations contained in Paragraph 8, subpart "c.xxv" are denied for lack of information sufficient to justify a belief in the truth thereof.

xxvi.    The allegations contained in Paragraph 8, subpart "c.xxvi" are denied for lack of information sufficient to justify a belief in the truth thereof.

xxvii.   The allegations contained in Paragraph 8, subpart "c.xxvii" are denied for lack of information sufficient to justify a belief in the truth thereof.

xxviii.  The allegations contained in Paragraph 8, subpart "c.xxviii" are denied for lack of information sufficient to justify a belief in the truth thereof.

xxix.    The allegations contained in Paragraph 8, subpart "c.xxix" are denied for lack of information sufficient to justify a belief in the truth thereof.

xxx.     The allegations contained in Paragraph 8, subpart "c.xxx" are denied for lack of information sufficient to justify a belief in the truth thereof.

xxxi.    The allegations contained in Paragraph 8, subpart "c.xxxi" are denied for lack of information sufficient to justify a belief in the truth thereof.

xxxii.   The allegations contained in Paragraph 8, subpart "c.xxxii" are denied for lack of information sufficient to justify a belief in the truth thereof.

xxxiii.  The allegations contained in Paragraph 8, subpart "c.xxxiii" are denied for lack of information sufficient to justify a belief in the truth thereof.

xxxiv.   The allegations contained in Paragraph 8, subpart "c.xxxiv" are denied for lack of information sufficient to justify a belief in the truth thereof.

xxxv.    The allegations contained in Paragraph 8, subpart "c.xxxv" are denied for lack of information sufficient to justify a belief in the truth thereof.

xxxvi.   The allegations contained in Paragraph 8, subpart "c.xxxvi" are denied for lack of information sufficient to justify a belief in the truth thereof.

xxxvii.  The allegations contained in Paragraph 8, subpart "c.xxxvii" are denied for lack of information sufficient to justify a belief in the truth thereof.

xxxviii. The allegations contained in Paragraph 8, subpart "c.xxviii" are denied for lack of information sufficient to justify a belief in the truth thereof.

xxxix.  The allegations contained in Paragraph 8, subpart "c.xxxix" are denied for lack of information sufficient to justify a belief in the truth thereof.

xl.      The allegations contained in Paragraph 8, subpart "c.xl" are denied for lack of information sufficient to justify a belief in the truth thereof.

xli.     The allegations contained in Paragraph 8, subpart "c.xli" are denied for lack of information sufficient to justify a belief in the truth thereof.

xlii.    The allegations contained in Paragraph 8, subpart "c.xlii" are denied for lack of information sufficient to justify a belief in the truth thereof.

xliii.   The allegations contained in Paragraph 8, subpart "c.xliii" are denied for lack of information sufficient to justify a belief in the truth thereof.

xliv.    The allegations contained in Paragraph 8, subpart "c.xliv" are denied for lack of information sufficient to justify a belief in the truth thereof.

xlv.     The allegations contained in Paragraph 8, subpart "c.xlv" are denied for lack of information sufficient to justify a belief in the truth thereof.

xlvi.    The allegations contained in Paragraph 8, subpart "c.xlvi" are denied for lack of information sufficient to justify a belief in the truth thereof.

xlvii.   The allegations contained in Paragraph 8, subpart "c.xlvii" are denied for lack of information sufficient to justify a belief in the truth thereof.

xlviii.  The allegations contained in Paragraph 8, subpart "c.xlviii" are denied for lack of information sufficient to justify a belief in the truth thereof.

xlix.   The allegations contained in Paragraph 8, subpart "c.xlix" are denied for lack of information sufficient to justify a belief in the truth thereof.

l.      The allegations contained in Paragraph 8, subpart "c.l" are denied for lack of information sufficient to justify a belief in the truth thereof.

li.     The allegations contained in Paragraph 8, subpart "c.li" are denied for lack of information sufficient to justify a belief in the truth thereof.

lii.    The allegations contained in Paragraph 8, subpart "c.lii" are denied for lack of information sufficient to justify a belief in the truth thereof.

liii.   The allegations contained in Paragraph 8, subpart "c.liii" are denied for lack of information sufficient to justify a belief in the truth thereof.

liv.    The allegations contained in Paragraph 8, subpart "c.liv" are denied for lack of information sufficient to justify a belief in the truth thereof.

lv.     The allegations contained in Paragraph 8, subpart "c.lv" are denied for lack of information sufficient to justify a belief in the truth thereof.

lvi.    The allegations contained in Paragraph 8, subpart "c.lvi" are denied for lack of information sufficient to justify a belief in the truth thereof.

lvii.   The allegations contained in Paragraph 8, subpart "c.lvii" are denied for lack of information sufficient to justify a belief in the truth thereof.

lviii.  The allegations contained in Paragraph 8, subpart "c.lviii" are denied for lack of information sufficient to justify a belief in the truth thereof.

lix.    The allegations contained in Paragraph 8, subpart "c.lix" are denied for lack of information sufficient to justify a belief in the truth thereof.

lx.      The allegations contained in Paragraph 8, subpart "c.lx" are denied for lack of information sufficient to justify a belief in the truth thereof.

lxi.      The allegations contained in Paragraph 8, subpart "c.lxi" are denied for lack of information sufficient to justify a belief in the truth thereof.

lxii.      The allegations contained in Paragraph 8, subpart "c.lxii" are denied for lack of information sufficient to justify a belief in the truth thereof.

lxiii.      The allegations contained in Paragraph 8, subpart "c.lxiii" are denied for lack of information sufficient to justify a belief in the truth thereof.

lxiv.      The allegations contained in Paragraph 8, subpart "c.lxiv" are denied for lack of information sufficient to justify a belief in the truth thereof.

lxv.      The allegations contained in Paragraph 8, subpart "c.lxv" are denied for lack of information sufficient to justify a belief in the truth thereof.

lxvi.      The allegations contained in Paragraph 8, subpart "c.lxvi" are denied for lack of information sufficient to justify a belief in the truth thereof.

lxvii.      The allegations contained in Paragraph 8, subpart "c.lxvii" are denied for lack of information sufficient to justify a belief in the truth thereof.

lxviii.      The allegations contained in Paragraph 8, subpart "c.lxviii" are denied for lack of information sufficient to justify a belief in the truth thereof.

lxix.      The allegations contained in Paragraph 8, subpart "c.lxix" are denied for lack of information sufficient to justify a belief in the truth thereof.

lxx.      The allegations contained in Paragraph 8, subpart "c.lxx" are denied for lack of information sufficient to justify a belief in the truth thereof.

lxxi.   The allegations contained in Paragraph 8, subpart "c.lxxi" are denied for lack of information sufficient to justify a belief in the truth thereof.

lxxii.   The allegations contained in Paragraph 8, subpart "c.lxxii" are denied for lack of information sufficient to justify a belief in the truth thereof.

lxxiii.  The allegations contained in Paragraph 8, subpart "c.lxxiii" of the Amended Master Complaint, as supplemented and amended, are denied for lack of information sufficient to justify a belief in the truth thereof.

lxxiv.  The allegations contained in Paragraph 8, subpart "c.lxxiv" of the Amended Master Complaint, as supplemented and amended, are denied for lack of information sufficient to justify a belief in the truth thereof.

lxxv.   The allegations contained in Paragraph 8, subpart "c.lxxv" of the Amended Master Complaint, as supplemented and amended, are denied for lack of information sufficient to justify a belief in the truth thereof.

lxxvi.  The allegations contained in Paragraph 8, subpart "c.lxxvi" of the Amended Master Complaint, as supplemented and amended, are denied for lack of information sufficient to justify a belief in the truth thereof.

lxxvii.  The allegations contained in Paragraph 8, subpart "c.lxxvii" of the Amended Master Complaint, as supplemented and amended, are denied for lack of information sufficient to justify a belief in the truth thereof.

lxxviii. The allegations contained in Paragraph 8, subpart "c.lxxviii" of the Amended Master Complaint, as supplemented and amended, are denied for lack of information sufficient to justify a belief in the truth thereof.

lxxix.  The allegations contained in Paragraph 8, subpart "c.lxxix" of the Amended Master Complaint, as supplemented and amended, are denied for lack of information sufficient to justify a belief in the truth thereof.

lxxx.   The allegations contained in Paragraph 8, subpart "c.lxxx" of the Amended Master Complaint, as supplemented and amended, are

denied for lack of information sufficient to justify a belief in the truth thereof.

lxxxi.   The allegations contained in Paragraph 8, subpart "c.lxxxi" of the Amended Master Complaint, as supplemented and amended, are denied for lack of information sufficient to justify a belief in the truth thereof.

### III.   JUDISDICTION AND VENUE

### 9.

The allegations contained in Paragraph 9 constitute legal conclusions to which no response is required on the part of Fleetwood.  Further, the allegations are not specifically directed to Fleetwood with the result that no response is required by Fleetwood.  To the extent that a response is required, the allegations are denied for lack of information sufficient to justify a belief in the truth thereof.

### 10.

The allegations contained in Paragraph 10 constitute legal conclusions to which no response is required on the part of Fleetwood.  Further, the allegations are not specifically directed to Fleetwood with the result that no response is required by Fleetwood.  To the extent that a response is required, the allegations are denied for lack of information sufficient to justify a belief in the truth thereof.

### 11.

The allegations contained in Paragraph 11 constitute legal conclusions to which no response is required on the part of Fleetwood.  To the extent that a response is required, Fleetwood admits only that it is subject to the jurisdiction of this Court.  The remaining

allegations contained in Paragraph 11 are denied for lack of information sufficient to justify a belief in the truth thereof.

## 12.

The allegations contained in Paragraph 12 constitute legal conclusions to which no response is required on the part of Fleetwood.  To the extent that a response is required, Fleetwood admits only that it is subject to the jurisdiction of this Court.  The remaining allegations contained in Paragraph 12 are denied for lack of information sufficient to justify a belief in the truth thereof.

## 13.

The allegations contained in Paragraph 13 constitute legal conclusions to which no response is required on the part of Fleetwood.  To the extent that a response is required, Fleetwood admits only that it is subject to the jurisdiction of this Court.  The remaining allegations contained in Paragraph 13 are denied for lack of information sufficient to justify a belief in the truth thereof.

## 14.

The allegations contained in Paragraph 14 constitute legal conclusions to which no response is required on the part of Fleetwood.  To the extent that a response is required, the allegations contained in Paragraph 14 are denied for lack of information sufficient to justify a belief in the truth thereof.  Fleetwood specifically denies that it committed any "negligent and wrongful actions" as alleged in Paragraph 14.

## 15.

The allegations contained in Paragraph 15 constitute legal conclusions to which no response is required on the part of Fleetwood.  To the extent that a response is required, the allegations contained in Paragraph 15 are denied for lack of information sufficient to justify a belief in the truth thereof.

## 16.

The allegations contained in Paragraph 16 constitute legal conclusions to which Fleetwood need not respond.  To the extent a response is deemed necessary, Fleetwood admits that the United States Judicial Panel on Multidistrict Litigation entered an Order on October 24, 2007, describing the transfer of certain actions to the Eastern District of Louisiana.  Fleetwood denies any remaining allegations in Paragraph 16.

### IV.    FACTS AND GENERAL ALLEGATIONS

**A.    GENERAL ALLEGATIONS.**

## 17.

Fleetwood acknowledges that Plaintiffs seek to bring a class action on behalf of those persons residing or living in travel trailers, park models, and mobile homes ("emergency housing units") along the Gulf Coast of the United States.  Fleetwood denies that a class action should be certified in this case for the reasons detailed in the Court's Order and Reasons denying class certification, Rec. Doc. 1014.  Fleetwood admits that FEMA provided recovery aid and assistance to a large number of Gulf Coast residents following Hurricanes Katrina and Rita. Fleetwood admits that Hurricane Katrina made landfall in August 2005 and that Hurricane Rita

made landfall in September 2005.  Except as expressly admitted herein, the remaining

allegations contained in Paragraph 17 are denied.

### 18.

Fleetwood admits that the manufacture of "mobile homes" is regulated by the United

States Department of Housing and Urban Development ("HUD").  The remaining allegations

contained in Paragraph 18 are denied.

### 19.

Fleetwood admits units that would be classified as travel trailers are not regulated by

HUD.  The remaining allegations contained in Paragraph 19 are denied.

### 20.

Fleetwood admits that units that would be classified as park models are not regulated by

HUD.  The remaining allegations contained in Paragraph 20 are denied.

### 21.

The allegations contained in Paragraph 21 are denied for lack of information sufficient to

justify a belief in the truth thereof.

### 22.

The allegations contained in Paragraph 22 are denied for lack of information sufficient to

justify a belief in the truth thereof.

### 23.

Paragraph 23 contains legal conclusions to which no response is required.  To the extent

the allegations are factual in nature, they are denied.

24.

The allegations contained in Paragraph 24 are denied as against the Fleetwood Defendants.  The remaining allegations contained in Paragraph 24 are denied for lack of information sufficient to justify a belief in the truth thereof.

25.

The allegations contained in Paragraph 25 are denied for lack of information sufficient to justify a belief in the truth thereof.

26.

The allegations contained in Paragraph 26 are denied.

27.

The allegations contained in Paragraph 27 are denied.

28.

The allegations contained in Paragraph 28 are denied.

29.

The allegations contained in Paragraph 29 are denied.

30.

The allegations contained in Paragraph 30 are denied.

31.

The allegations contained in Paragraph 31 are denied.

32.

The allegations contained in Paragraph 32 are denied.

33.

With respect to the allegations of Paragraph 33 concerning the use of formaldehyde containing resins in building products, Fleetwood admits that formaldehyde -- both urea and phenol -- is found in a variety of products that are used in everyday life.  Airborne formaldehyde is ubiquitous in virtually all indoor and outdoor environments.  With respect to the allegations concerning the "Important Health Notice," the allegations of Paragraph 33 are denied as the provisions of 24 C.F.R. § 3280.309 speak for themselves.  To the extent not expressly admitted or discussed herein, the remaining allegations contained in Paragraph 33 are denied.

34.

The allegations of Paragraph 34 are denied for lack of information sufficient to justify a belief in the truth thereof.

35.

The allegations contained in Paragraph 35 are denied for lack of information sufficient to justify a belief in the truth thereof.

36.

Fleetwood admits that in 1984 HUD issued certain product standards regarding the use of formaldehyde containing wood products.  In addition, Fleetwood admits that these HUD standards may be found at 24 C.F.R. § 3280, which said standards speak for themselves.  To the extent not expressly admitted or discussed herein, the remaining allegations contained in Paragraph 36 are denied.

37.

The allegations of Paragraph 37 purport to establish acceptable exposure levels with respect to certain referenced levels.  These general representations require no response by Fleetwood.  However, to the extent a response is required, Fleetwood states that 44 C.F.R. § 206 speaks for itself and denies Paragraph 37 to the extent it fails to include each and every exposure level deemed by the medical and scientific community to be acceptable and specifically to the extent it fails to mention the targeted exposure level to formaldehyde established in 1984 by HUD at 49 Fed. Reg. 31998 (August 9, 1984).  Accordingly, to the extent not expressly admitted herein, the allegations of Paragraph 37 are denied.

38.

The allegations contained in Paragraph 38 are denied.

39.

The allegations contained in Paragraph 39 are denied.

**B.     ALLEGATIONS ADDRESSING THE INAPPLICABILITY OF THE "DISCRETIONARY FUNCTION" EXCEPTION TO PLAINTIFFS' CLAIMS UNDER THE FEDERAL TORT CLAIMS ACT.**

40.

In response to the allegations contained in Paragraph 40, Fleetwood incorporates by reference as if copied herein *in extenso* each and every one of its answers and responses to the allegations contained in each of the preceding Paragraphs.

41.

The allegations contained in Paragraph 41 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 41 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

42.

The allegations contained in Paragraph 42 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 42 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

43.

The allegations contained in Paragraph 43 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 43 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

44.

The allegations contained in Paragraph 44 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 44 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

45.

The allegations contained in Paragraph 45 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 45 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

46.

The allegations contained in Paragraph 46 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 46 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

47.

The allegations contained in Paragraph 47 are not addressed to Fleetwood and thus require no response by Fleetwood. However, to the extent the allegations in Paragraph 47 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

48.

The allegations contained in Paragraph 48 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 48 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

49.

The allegations contained in Paragraph 49 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 49 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

50.

The allegations contained in Paragraph 50 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 50 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

51.

The allegations contained in Paragraph 51 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 51 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

52.

The allegations contained in Paragraph 52 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 52 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

53.

The allegations contained in Paragraph 53 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 53 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

54.

The allegations contained in Paragraph 54 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 54 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

55.

The allegations contained in Paragraph 55 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 55 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

56.

The allegations contained in Paragraph 56 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 56 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

57.

The allegations contained in Paragraph 57 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 57 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

58.

The allegations contained in Paragraph 58 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 58 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

59.

The allegations contained in Paragraph 59 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 59 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

60.

The allegations contained in Paragraph 60 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 60 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

61.

The allegations contained in Paragraph 61 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 61 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

62.

The allegations contained in Paragraph 62 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 62 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

63.

The allegations contained in Paragraph 63 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 63 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

64.

The allegations contained in Paragraph 64 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 64 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

65.

The allegations contained in Paragraph 65 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 65 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

66.

The allegations contained in Paragraph 66 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 66 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

67.

The allegations contained in Paragraph 67 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 67 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

68.

The allegations contained in Paragraph 68 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 68 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

69.

The allegations contained in Paragraph 69 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 69 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

70.

The allegations contained in Paragraph 70 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 70 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

71.

The allegations contained in Paragraph 71 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 71 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

72.

The allegations contained in Paragraph 72 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 72 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

73.

The allegations contained in Paragraph 73 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 73 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

74.

The allegations contained in Paragraph 74 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 74 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

75.

The allegations contained in Paragraph 75 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 75 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

76.

The allegations contained in Paragraph 76 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 76 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

77.

The allegations contained in Paragraph 77 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 77 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

78.

The allegations contained in Paragraph 78 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 78 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

79.

The allegations contained in Paragraph 79 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 79 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

80.

The allegations contained in Paragraph 80 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 80 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

81.

The allegations contained in Paragraph 81 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 81 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

82.

The allegations contained in Paragraph 82 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 82 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

V.      <u>CLASS ACTION ALLEGATIONS</u>

83.

The allegations contained in Paragraph 83 are denied for lack of information sufficient to justify a belief in the truth thereof.  In addition, Fleetwood denies that a class action should be certified in this case, regardless of how the class and certain subclasses are defined, as is detailed in the Court's Order and Reasons denying class certification, Rec. Doc. 1014.

84.

The allegations contained in Paragraph 84 are denied.  Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification, Rec. Doc. 1014.

43

85.

The allegations contained in Paragraph 85 are denied.  Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification, Rec. Doc. 1014.

86.

The allegations contained in Paragraph 86 are denied.  Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification, Rec. Doc. 1014.

87.

The allegations contained in Paragraph 87 are denied.  Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification, Rec. Doc. 1014.

88.

The allegations contained in Paragraph 88 are denied.  Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification, Rec. Doc. 1014.

89.

The allegations contained in Paragraph 89 are denied.  Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification, Rec. Doc. 1014.

90.

The allegations contained in Paragraph 90 are denied.  Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification, Rec. Doc. 1014.

91.

The allegations contained in Paragraph 91 and all subparts thereof are denied.  Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification, Rec. Doc. 1014.

92.

The allegations contained in Paragraph 92 are denied.  Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification, Rec. Doc. 1014.

93.

The allegations contained in Paragraph 93 are denied.   Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification, Rec. Doc. 1014.

94.

The allegations contained in Paragraph 94 are denied.  Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification, Rec. Doc. 1014.

95.

Fleetwood denies that the class definition proposed by Plaintiffs in Paragraph 95 is appropriate, as is detailed in the Court's Order and Reasons denying class certification, Rec. Doc. 1014.  The remaining allegations contained in Paragraph 95 are likewise denied.

96.

The allegations contained in Paragraph 96 are denied.  Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification, Rec. Doc. 1014.

97.

The allegations contained in Paragraph 97 and all subparts thereof are denied.  In addition, Fleetwood denies that a class action should be certified in this case, as is detailed in the Court's Order and Reasons denying class certification, Rec. Doc. 1014.

## VI.     CLAIMS ASSERTED AGAINST THE FEDERAL GOVERNMENT

## A.     LOUISIANA STATE-BASED CLAIMS

### COUNT 1:

### CAUSE OF ACTION AGAINST THE FEDERAL GOVERNMENT FOR LIABLITY PURSUANT TO LOUSIANA CIVIL CODE ARTICLES 2317, 2317.1 AND 2696

98.

In response to the allegations contained in Paragraph 98, Fleetwood incorporates by reference as if copied herein *in extenso* each and every one of its answers and responses to the allegations contained in each of the preceding Paragraphs.

99.

The allegations contained in Paragraph 99 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 99 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

100.

The allegations contained in Paragraph 100 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 100 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

101.

The allegations contained in Paragraph 101 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 101 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

102.

The allegations contained in Paragraph 102 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 102 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

103.

The allegations contained in Paragraph 103 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 103 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

104.

The allegations contained in Paragraph 104 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 104 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

105.

The allegations contained in Paragraph 105 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 105 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

106.

The allegations contained in Paragraph 106 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 106 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

107.

The allegations contained in Paragraph 107 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 107 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

108.

The allegations contained in Paragraph 108 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 108 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

## COUNT 2:

## CAUSE OF ACTION AGAINST THE FEDERAL GOVERNMENT FOR LIABILITY PURSUANT TO LOUISIANA CIVIL CODE ARTICLE 2316

### 109.

In response to the allegations contained in Paragraph 109, Fleetwood incorporates by reference as if copied herein *in extenso* each and every one of its answers and responses to the allegations contained in each of the preceding Paragraphs.

### 110.

The allegations contained in Paragraph 110 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 110 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

### 111.

The allegations contained in Paragraph 111 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 111 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

### 112.

The allegations contained in Paragraph 112 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 112 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

113.

The allegations contained in Paragraph 113 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 113 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

114.

The allegations contained in Paragraph 114 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 114 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

115.

The allegations contained in Paragraph 115 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 115 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

116.

The allegations contained in Paragraph 116 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 116 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

117.

The allegations contained in Paragraph 117 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 117 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

## 118.

The allegations contained in Paragraph 118 and all subparts thereof are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 118 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

### COUNT 3:

### CAUSE OF ACTION AGAINST THE FEDERAL GOVERNMENT FOR REDHIBITORY DEFECTS AND THE RESCISSION OF SALES OF HOUSING UNITS PURSUANT TO LOUISIANA CIVIL CODE ARTICLE 2520, ET SEQ. AND THE ARTICLES RELATING TO CONVENTIONAL OBLIGATIONS

## 119.

In response to the allegations contained in Paragraph 119, Fleetwood incorporates by reference as if copied herein *in extenso* each and every one of its answers and responses to the allegations contained in each of the preceding Paragraphs.

## 120.

The allegations contained in Paragraph 120 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 120 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

## 121.

The allegations contained in Paragraph 121 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 121 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

122.

The allegations contained in Paragraph 122 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 122 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

123.

The allegations contained in Paragraph 123 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 123 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

124.

The allegations contained in Paragraph 124 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 124 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

125.

The allegations contained in Paragraph 125 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 125 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

126.

The allegations contained in Paragraph 126 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 126 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

127.

The allegations contained in Paragraph 127 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 127 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

128.

The allegations contained in Paragraph 128 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 128 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

129.

The allegations contained in Paragraph 129 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 129 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

130.

The allegations contained in Paragraph 130 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 130 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

131.

The allegations contained in Paragraph 131 are not addressed to Fleetwood and thus require no response by Fleetwood.  However, to the extent the allegations in Paragraph 131 purport to cast liability either directly or indirectly upon Fleetwood, said allegations are denied.

## VII.  CLAIMS ASSERTED AGAINST THE MANUFACTURING DEFENDANTS

**A.**     **LOUISIANA STATE-BASED CLAIMS**

### COUNT 4:

### CAUSE OF ACTION AGAINST THE MANUFACTURERS UNDER LOUISIANA PRODUCTS LIABILITY ACT

### 132.

In response to the allegations contained in Paragraph 132, Fleetwood incorporates by reference as if copied herein *in extenso* each and every one of its answers and responses to the allegations contained in each of the preceding Paragraphs.  In addition, Fleetwood specifically avers that the Court has dismissed by Order, dated December 12, 2008, Rec. Doc. 984, Plaintiffs' claims against Fleetwood for breach of express warranty under the Louisiana Products Liability Act.

### 133.

Paragraph 133 contains legal conclusions to which no response is required.  To the extent the allegations are factual in nature and purport to address all defendants, the allegations are denied for lack of sufficient information to justify a belief therein.  With respect to Fleetwood only, Fleetwood denies the allegations of Paragraph 133 for the reasons stated in footnote 1 to the introductory paragraph on  page 1 above.

### 134.

The allegations contained in Paragraph 134 are denied.

### 135.

The allegations contained in Paragraph 135 are denied.

136.

The allegations contained in Paragraph 136 are denied.

137.

The allegations contained in Paragraph 137 are denied.

138.

The allegations contained in Paragraph 138 and all subparts thereof are denied.

B.      **MISSISSIPPI STATE-BASED CLAIMS**

**COUNT 5:**

**STRICT PRODUCTS LIABILITY**
**MS CODE ANNOTATED § 11-1-63**

1.      **PRODUCTS LIABILITY DEFECTIVE MANUFACTURING AND DESIGN**

139.

In response to the allegations contained in Paragraph 139, Fleetwood incorporates by reference as if copied herein *in extenso* each and every one of its answers and responses to the allegations contained in each of the preceding Paragraphs.  In addition, Fleetwood specifically avers that the Court has dismissed by Order, dated December 12, 2008, Rec. Doc. 984, several of Plaintiffs' claims against Fleetwood under Mississippi law, including breach of implied warranty for fitness of a particular purpose and any claims seeking damages in strict liability or negligence for economic losses.

140.

The allegations contained in Paragraph 140 are denied.

141.

The allegations contained in Paragraph 141 are denied.

142.

The allegations contained in Paragraph 142 are denied.

143.

The allegations contained in Paragraph 143 are denied.

144.

The allegations contained in Paragraph 144 are denied.

145.

The allegations contained in Paragraph 145 are denied.

146.

The allegations contained in Paragraph 146 are denied.

147.

The allegations contained in Paragraph 147 are denied.

148.

The allegations contained in Paragraph 148 are denied.

149.

The allegations contained in Paragraph 149 are denied.

**2.      PRODUCTS LIABILITY FAILURE TO WARN**

## 150.

The allegations contained in Paragraph 150 are denied.  In further response, to the extent that the Court has determined that Plaintiffs' claims are dismissed in its Order and Reasons, Rec. Doc. 984, on the Manufacturing Defendants' Joint Rule 12(b) Motion to Dismiss, Plaintiffs' claims are denied.

**3.      PRODUCTS LIABILITY: BREACH OF EXPRESS WARRANTY**

## 151.

The allegations contained in Paragraph 151 are denied.  In further response, to the extent that the Court has determined that Plaintiffs' claims are dismissed in its Order and Reasons, Rec. Doc. 984, on the Manufacturing Defendants' Joint Rule 12(b) Motion to Dismiss, Plaintiffs' claims are denied.

**4.      COMPENSATORY DAMAGES UNDER MISSISSIPPI LAW**

## 152.

In response to the allegations contained in Paragraph 152, Fleetwood incorporates by reference as if copied herein *in extenso* each and every one of its answers and responses to the allegations contained in each of the preceding Paragraphs.  In addition, Fleetwood specifically avers that the Court has dismissed by Order, dated December 12, 2008, Rec. Doc. 984, several of Plaintiffs' claims against Fleetwood under Mississippi law, including breach of implied warranty for fitness of a particular purpose and any claims seeking damages in strict liability or negligence for economic losses.

153.

The allegations contained in Paragraph 153 are denied.

154.

The allegations contained in Paragraph 154 are denied.

155.

The allegations contained in Paragraph 155 are denied.

156.

The allegations contained in Paragraph 156 are denied.

157.

The allegations contained in Paragraph 157 are denied.

5.    **PUNITIVE/EXEMPLARY DAMAGES AS TO MANUFACTURING DEFENDANTS UNDER MISSISSIPPI LAW**

158.

In response to the allegations contained in Paragraph 158, Fleetwood incorporates by reference as if copied herein *in extenso* each and every one of its answers and responses to the allegations contained in each of the preceding Paragraphs.  In addition, Fleetwood specifically avers that the Court has dismissed by Order, dated December 12, 2008, Rec. Doc. 984, several of Plaintiffs' claims against Fleetwood under Mississippi law, including breach of implied warranty for fitness of a particular purpose and any claims seeking damages in strict liability or negligence for economic losses.

159.

The allegations contained in Paragraph 159 are denied.

C.    **ALABAMA STATE-BASED CLAIMS**

**COUNT 6:**

**ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE
CODE OF ALA. § 6-5-521**

1.    **PRODUCTS LIABILITY DEFECTIVE MANUFACTURING AND DESIGN**

160.

In response to the allegations contained in Paragraph 160 , Fleetwood incorporates by reference as if copied herein *in extenso* each and every one of its answers and responses to the allegations contained in each of the preceding Paragraphs.  In addition, Fleetwood specifically avers that the Court has dismissed by Order, dated December 12, 2008, Rec. Doc. 984, several of Plaintiffs' claims against Fleetwood under Alabama law, including breach of implied warranty for fitness of a particular purpose and any claims seeking damages in strict liability or negligence for economic losses.

161.

The allegations contained in Paragraph 161 are denied.

162.

The allegations contained in Paragraph 162 are denied.

163.

The allegations contained in Paragraph 163 are denied.

164.

The allegations contained in Paragraph 164 are denied.

165.

The allegations contained in Paragraph 165 are denied.

166.

The allegations contained in Paragraph 166 are denied.

167.

The allegations contained in Paragraph 167 are denied.

168.

The allegations contained in Paragraph 168 are denied.

169.

The allegations contained in Paragraph 169 are denied.

170.

The allegations contained in Paragraph 170 are denied.

171.

The allegations contained in Paragraph 171 are denied.

**2.      PRODUCTS LIABILITY: FAILURE TO WARN**

172.

The allegations contained in Paragraph 172 are denied.   In further response, to the extent that the Court has determined that Plaintiffs' claims are dismissed in its Order and Reasons, Rec. Doc. 984, on the Manufacturing Defendants' Joint Rule 12(b) Motion to Dismiss, Plaintiffs' claims are denied.

3.    **PRODUCTS LIABILITY: BREACH OF EXPRESS AND IMPLIED WARRANTY OF MERCHANTABILITY**

### 173.

The allegations contained in Paragraph 173 are denied.  In further response, to the extent that the Court has determined that Plaintiffs' claims are dismissed in its Order and Reasons, Rec. Doc. 984, on the Manufacturing Defendants' Joint Rule 12(b) Motion to Dismiss, Plaintiffs' claims are denied.

4.    **COMPENSATORY DAMAGES UNDER ALABAMA LAW**

### 174.

In response to the allegations contained in Paragraph 174, Fleetwood incorporates by reference as if copied herein *in extenso* each and every one of its answers and responses to the allegations contained in each of the preceding Paragraphs.  In addition, Fleetwood specifically avers that the Court has dismissed by Order, dated December 12, 2008, Rec. Doc. 984, several of Plaintiffs' claims against Fleetwood under Alabama law, including breach of implied warranty for fitness of a particular purpose and any claims seeking damages in strict liability or negligence for economic losses.

### 175.

The allegations contained in Paragraph 175 are denied.

### 176.

The allegations contained in Paragraph 176 are denied.

### 177.

The allegations contained in Paragraph 177 are denied.

178.

The allegations contained in Paragraph 178 are denied.

179.

The allegations contained in Paragraph 179 are denied.

5.     **CODE OF ALABAMA § 6-11-23 PUNITIVE/EXEMPLARY DAMAGES AS TO MANUFACTURING DEFENDANTS UNDER ALABAMA LAW**

180.

In response to the allegations contained in Paragraph 180, Fleetwood incorporates by reference as if copied herein *in extenso* each and every one of its answers and responses to the allegations contained in each of the preceding Paragraphs.  In addition, Fleetwood specifically avers that the Court has dismissed by Order, dated December 12, 2008, Rec. Doc. 984, several of Plaintiffs' claims against Fleetwood under Alabama law, including breach of implied warranty for fitness of a particular purpose and any claims seeking damages in strict liability or negligence for economic losses.

181.

The allegations contained in Paragraph 181 are denied.

D.     **TEXAS STATE-BASED CLAIMS**

**COUNT 7:**

**CAUSE OF ACTION AGAINST MANUFACTURERS UNDER TEXAS PRODUCTS LIABILITY LAW**

182.

In response to the allegations contained in Paragraph 182, Fleetwood incorporates by reference as if copied herein *in extenso* each and every one of its answers and responses to the allegations contained in each of the preceding Paragraphs.  In addition, Fleetwood specifically avers that the Court has dismissed by Order, dated December 12, 2008, Rec. Doc. 984, several of Plaintiffs' claims against Fleetwood under Texas law, including breach of implied warranty for fitness of a particular purpose, any claims seeking damages in strict liability or negligence for economic losses, and breach of express warranty.

183.

Paragraph 183 contains legal conclusions to which no response is required.  To the extent the allegations are factual in nature and purport to address all defendants, the allegations are denied for lack of sufficient information to justify a belief therein.  With respect to Fleetwood only, Fleetwood denies the allegations of Paragraph 183 for the reasons stated in footnote 1 to the introductory paragraph on  page 1 above.

184.

The allegations contained in Paragraph 184 are denied.

185.

The allegations contained in Paragraph 185 are denied.

186.

The allegations contained in Paragraph 186 are denied.

187.

The allegations contained in Paragraph 187 are denied.

188.

The allegations contained in Paragraph 188 are denied.

189.

The allegations contained in Paragraph 189 and all subparts thereof are denied.

190.

The allegations contained in Paragraph 190 are denied.

191.

The allegations contained in Paragraph 191 are denied.

192.

The allegations contained in Paragraph 192 and all subparts thereof are denied.

**COUNT 8:**

**CAUSE OF ACTION AGAINST MANUFACTURERS FOR NEGLIGENCE UNDER TEXAS LAW**

193.

In response to the allegations contained in Paragraph 193, Fleetwood incorporates by reference as if copied herein *in extenso* each and every one of its answers and responses to the allegations contained in each of the preceding Paragraphs.  In addition, Fleetwood specifically avers that the Court has dismissed by Order, dated December 12, 2008, Rec. Doc. 984, several of Plaintiffs' claims against Fleetwood under Texas law, including breach of implied warranty for

fitness of a particular purpose, any claims seeking damages in strict liability or negligence for economic losses, and breach of express warranty.

### 194.

The allegations contained in Paragraph 194 are denied.

### 195.

The allegations contained in Paragraph 195 are denied.

### 196.

The allegations contained in Paragraph 196 are denied.

### 197.

The allegations contained in Paragraph 197 and all subparts thereof are denied.

### 198.

The allegations contained in Paragraph 198 are denied.

## COUNT 9:

## CAUSE OF ACTION AGAINST MANUFACTURERS FOR BREACH OF IMPLIED WARRANTY UNDER TEXAS LAW

### 199.

In response to the allegations contained in Paragraph 199, Fleetwood incorporates by reference as if copied herein *in extenso* each and every one of its answers and responses to the allegations contained in each of the preceding Paragraphs.  In addition, Fleetwood specifically avers that the Court has dismissed by Order, dated December 12, 2008, Rec. Doc. 984, several of Plaintiffs' claims against Fleetwood under Texas law, including breach of implied warranty for

fitness of a particular purpose, any claims seeking damages in strict liability or negligence for economic losses, and breach of express warranty.

## 200.

The allegations contained in Paragraph 200 are denied.

## 201.

The allegations contained in Paragraph 201 are denied.

## 202.

The allegations contained in Paragraph 202 are denied.

## 203.

The allegations contained in Paragraph 203 are denied.

## 204.

The allegations contained in Paragraph 204 are denied.

**COMPENSATORY DAMAGES: ALL STATES**

The allegations contained in the unnumbered Paragraph entitled "Compensatory Damages: All States" are denied.  In further response, to the extent that the Court has determined that Plaintiffs' claims are dismissed in its Order and Reasons, Rec. Doc. 984, on the Manufacturing Defendants' Joint Rule 12(b) Motion to Dismiss, Plaintiffs' claims are denied.

**MEDICAL MONITORING**

The allegations contained in the unnumbered Paragraph entitled "Medical Monitoring" are denied.  In further response, to the extent that the Court has determined that Plaintiffs' claims

are dismissed in its Order and Reasons, Rec. Doc. 984, on the Manufacturing Defendants' Joint Rule 12(b) Motion to Dismiss, Plaintiffs' claims are denied.

## PUNITIVE DAMAGES

The allegations contained in the unnumbered Paragraph entitled "Punitive Damages" are denied. In further response, to the extent that the Court has determined that Plaintiffs' claims are dismissed in its Order and Reasons, Rec. Doc. 984, on the Manufacturing Defendants' Joint Rule 12(b) Motion to Dismiss, Plaintiffs' claims are denied.

## REQUEST FOR JURY TRIAL

In response to the jury request contained in an unnumbered Paragraph of the Amended Master Complaint, as supplemented and amended, Fleetwood joins in and makes its own specific request for a jury trial.

Fleetwood further denies any and all other allegations contained in any and all other numbered, unnumbered, or misnumbered paragraphs of the Amended Master Complaint, as supplemented and amended, not referred to herein specifically by number.

Fleetwood further denies each and every request for relief in the Prayer for Relief of the Amended Master Complaint, as supplemented and amended, including each and every subparagraph therein.

**AND NOW FURTHER ANSWERING**, Fleetwood respectfully asserts the following affirmative defenses:

## FIRST DEFENSE

The Amended Master Complaint, as supplemented and amended, fails to allege a claim against Fleetwood upon which relief may be granted.

## SECOND DEFENSE

Fleetwood readopts and reasserts as though the same were set out herein *in haec verba* all of its affirmative defenses and all other matters more specifically set forth in the Manufacturing Defendants' Joint Motion to Dismiss, Rec. Docs. 210 and 780.

## THIRD DEFENSE

For all the reasons set forth in this Court's order dated December 29, 2008, which denied Plaintiffs' motion for class certification, Rec. Doc. 1014, as well as for the reasons set forth in Defendants' opposition to Plaintiffs' motion for class certification, Rec. Docs. 902 and 976, any allegation that purports to assert that the claims of Plaintiffs are appropriate for class certification fails to state a claim upon which relief may be granted as a matter of law.

## FOURTH DEFENSE

Fleetwood is informed and believes -- and thereon alleges -- that named Plaintiffs herein may lack standing to proceed with this Complaint and/or causes of actions set forth therein.

## FIFTH DEFENSE

Fleetwood is informed and believes -- and thereon alleges -- that the named Plaintiffs, and/or any purported members of the alleged class, are barred from seeking recovery in this matter by the doctrine of accord and satisfaction.

**SIXTH DEFENSE**

All the damages complained of in the Amended Master Complaint, as supplemented and amended, resulted solely or substantially from the negligence, fault, or comparative fault of the Plaintiffs through misuse and/or abuse of the subject travel trailers and manufactured housing, also known as Emergency Housing Units ("EHUs"), and/or lack of maintenance of said EHUs, or through other acts or omissions which will be shown more fully at the trial of this matter and which preclude recovery by Plaintiffs or reduce any recovery by their said percentage of fault.

**SEVENTH DEFENSE**

All the damages complained of in the Amended Master Complaint, as supplemented and amended, resulted solely or substantially from the negligence, fault or comparable fault of others from whom Fleetwood is in no way responsible or liable.

**EIGHTH DEFENSE**

Fleetwood specifically denies the existence of any defect(s), including but not limited to redhibitory defects, or defects which fall under any warranty or representation issued by Fleetwood, or defects under the Louisiana Products Liability Act in the subject EHUs.

**NINTH DEFENSE**

Should this court determine that the subject EHUs exhibit some defect(s), which is specifically denied, then said defect(s) was apparent and obvious at the time of the sale and precludes any recovery by Plaintiffs.

## TENTH DEFENSE

Fleetwood specifically avers that to the extent the EHUs were in fact manufactured by Fleetwood, said EHUs were designed, constructed and manufactured in conformity with the state-of-the-art technology.

## ELEVENTH DEFENSE

All of Plaintiffs' claims against Fleetwood are preempted or otherwise precluded by the statutes, standards, regulations, and rules propagated by the federal government including, but not limited to, the Department of Housing and Urban Development ("HUD"), the Department of Homeland Security and its Federal Emergency Management Agency ("FEMA"), including Plaintiffs' lease agreements with FEMA.

## TWELFTH DEFENSE

Any express or other warranty obligations owed by Fleetwood are controlled and strictly limited by the express terms of the warranty, including all limitations and exclusions set out in the warranty.

## THIRTEENTH DEFENSE

Upon information and belief, Plaintiffs have failed to mitigate their damages.

## FOURTEENTH DEFENSE

Plaintiffs' claims against Fleetwood are barred in whole or in part by the applicable statutes of limitations, statutes of repose, prescriptive periods, and/or any limitation of actions contained in any applicable contracts.

70

## FIFTEENTH DEFENSE

Fleetwood shows that it has sold its travel trailers and manufactured houses to FEMA since at least 1992, and that its products were designed, constructed, and manufactured in conformity with industry standards, HUD regulations, and in compliance with FEMA specifications.

## SIXTEENTH DEFENSE

Fleetwood's travel trailers and manufactured houses were manufactured according to the specifications of the United States government, which has specific requirements regarding the design and construction of those products.  Any alleged defect claimed herein, which is specifically denied, is the result of the standards mandated by the Untied States government over which Fleetwood had no control.  Accordingly, Fleetwood is immunized from liability by the government contractor defense.

## SEVENTEENTH DEFENSE

Fleetwood further pleads that Plaintiffs' claims are barred in whole or in part to the extent that the Economic Loss Doctrine applies and incorporate the Court's Order and Reasons, Rec. Doc. 984, on the Manufacturing Defendants' Joint Rule 12(b) Motion to Dismiss as if plead herein, *in extenso*.

## EIGHTEENTH DEFENSE

Fleetwood further pleads any and all defenses applicable and available to it under any controlling Alabama statutes.

## NINETEENTH DEFENSE

Fleetwood further pleads any and all defenses applicable and available to it under any controlling Texas statutes.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of estoppel, release, or waiver.

## TWENTY-FIRST DEFENSE

Fleetwood further pleads any and all defenses applicable and available to it under any controlling Mississippi statutes, including, but not limited to, the Mississippi Products Liability Act, MCA § 11-1-63.

## TWENTY-SECOND DEFENSE

Fleetwood specifically pleads to the extent applicable, all defenses allowed under the Louisiana Products Liability Act, LSA--R.S. 9:2800.51 *et. seq.* and/or other Louisiana statutes.

## TWENTY-THIRD DEFENSE

Fleetwood specifically pleads that its products were reasonably fit for ordinary use.

## TWENTY-FOURTH DEFENSE

In the event that discovery were to reveal the following, Fleetwood specifically pleads that the accident and/or injuries sued upon herein occurred only after and solely due to the substantial alteration and/or modification of the product sued upon herein, which alteration and/or modification was not foreseeable, after it left the hands of the manufacturer, which is specifically plead as a complete bar to any recovery against Fleetwood.

### TWENTY-FIFTH DEFENSE

Plaintiffs claims are barred in whole or in part to the extent that under the provisions of Mississippi Code Ann. § 85-5-7, defendants are liable only for the amount of damages allotted to them, if any, in direct proportion to their percentage of fault, if any, with due respect to the total negligence of all parties whose actions caused or contributed to the incident and the damages of which are complained.

### TWENTY-SIXTH DEFENSE

To the extent Plaintiffs seek punitive or exemplary damages, such damages are barred because the Administrative Master Complaint, as supplemented and amended, does not state a cause of action for punitive or exemplary damages against Fleetwood sufficient in law whereby such recovery may be had.  Fleetwood specifically pleads that punitive damages are not allowed.

### TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that any award of punitive damages would be unconstitutional because the standard utilized to allow the imposition of such damages are so vague, both on their face and as applied, so as to fail to give adequate or sufficient notice of the prohibitive conduct.

### TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that the award of punitive damages would violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, separately, of the Constitution of the United States on each of the following separate and several grounds:

1. The procedures failed to provide means for awarding separate judgments against alleged tortfeasors;
2. The procedures failed to provide a limit on the amount of the award against separate defendants;

3.      The procedures failed to provide specific standards for the award of punitive damages;

4.      The procedures permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions;

5.      The procedures failed to provide a clear consistent and appellate standard of review of an award of punitive damages;

6.      The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and

7.      The standards of conduct upon which punitive damages are sought are vague.

## TWENTY-NINTH DEFENSE

Fleetwood demands a bifurcation of Plaintiffs' claims for actual and punitive damages, where applicable.

## THIRTIETH DEFENSE

Plaintiffs' claims against Fleetwood are barred to the extent that Plaintiffs' alleged injuries were caused by intervening, superseding actions or events for which Fleetwood is in no way responsible or liable.

## THIRTY-FIRST DEFENSE

The exact damages and losses claimed by Plaintiffs are unknown to Fleetwood, and thus Fleetwood cannot adequately determine all defenses that may be applicable to Plaintiffs' claims. Therefore, Fleetwood expressly reserves the right to amend its Answer and raise additional defenses to the extent that additional defenses become applicable under state and federal law, additional defenses are established as discovery proceeds, and additional defense are available under subsequently asserted theories of recovery.

## THIRTY-SECOND DEFENSE

Fleetwood requests a trial by jury.

**WHEREFORE**, Fleetwood Enterprises, Inc., Fleetwood Canada, Ltd., Fleetwood Homes of Georgia, Inc., Fleetwood Travel Trailers of Maryland, Inc., and Fleetwood Homes of North Carolina, Inc. respectfully pray that the above Answer and Affirmative Defenses to the Plaintiffs' Administrative Master Complaint, Plaintiffs' First Supplemental and Amended Master Complaint, and Plaintiffs' Second Supplemental and Amended Master Complaint be deemed good and sufficient and that after due proceedings are had, there be judgment rendered herein in favor of Fleetwood Enterprises, Inc., Fleetwood Canada, Ltd., Fleetwood Homes of Georgia, Inc., Fleetwood Travel Trailers of Maryland, Inc. and Fleetwood Homes of North Carolina, Inc. against Plaintiffs and those similarly situated, dismissing their claims and request for damages at their cost and with prejudice.  Moreover, Fleetwood Enterprises, Inc., Fleetwood Canada, Ltd., Fleetwood Homes of Georgia, Inc., Fleetwood Travel Trailers of Maryland, Inc., and Fleetwood Homes of North Carolina, Inc. further pray for all such general, special and equitable relief as the nature of this case may permit and for a trial by jury.

This 12th day of January, 2009.

*/s/ Richard K. Hines, V*
Richard K. Hines, V
Georgia Bar No. 356300
NELSON MULLINS RILEY &
SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)

Jerry L. Saporito
Louisiana Bar No. 11717
LEAKE & ANDERSSON, L.L.P.
1700 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-1701
(504) 585-7500 (phone)
(504) 585- 7775 (fax)
Counsel for Fleetwood Enterprises, Inc., Fleetwood
Canada, Ltd., Fleetwood Homes of Georgia, Inc.,
Fleetwood Homes of North Carolina, Inc. and
Fleetwood Travel Trailers of Maryland, Inc.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing **ANSWER AND DEFENSES OF FLEETWOOD CANADA, LTD., FLEETWOOD ENTERPRISES, INC., FLEETWOOD HOMES OF NORTH CARONLINA, INC.,  FLEETWOOD HOMES OF GEORGIA, INC. AND FLEETWOOD TRAVEL TRAILERS OF MARYLAND, INC. TO PLAINTIFFS' ADMINISTRATIVE MASTER COMPLAINT,  FIRST SUPPLEMENTAL AND AMENDED MASTER COMPLAINT AND SECOND SUPPLEMENTAL AND AMENDED MASTER COMPLAINT** has this date been served on all counsel of record in this proceeding by:

( ) Hand Delivery                    ( ) Prepaid U.S. Mail

( ) Facsimile                        ( ) Federal Express

(X) CM/ECF


This 12th day of January, 2009.

 /s/ Richard K. Hines, V
Richard K. Hines, V
Georgia Bar No. 356300
richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station / 201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)