UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE | * | |
| | PRODUCTS LIABILITY | * | |
| | LITIGATION | * | |
| | | * | JUDGE: ENGELHARDT |
| This Document Relates to: | | * | |
| ADMINISTRATIVE MASTER | | * | |
| COMPLAINT, AS SUPPLEMENTED | | * | |
| AND AMENDED | | * | MAG: CHASEZ |
| | | * | |

**************************************************************************

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT,
THOR CALIFORNIA, INC. TO ADMINISTRATIVE
MASTER COMPLAINT, FIRST SUPPLEMENTAL AND
AMENDED MASTER COMPLAINT AND SECOND SUPPLEMENTAL AND
AMENDED MASTER COMPLAINT**

Defendant, Thor California, Inc. ("Thor California") answers and asserts

affirmative defenses to the Plaintiffs' Administrative Master Complaint (R. Doc.

109), First Supplemental and Amended Master Complaint (R. Doc. 379), and Second

Supplemental and Amended Master Complaint (R. Doc. 722) as follows:

**<u>FIRST DEFENSE</u>**

Plaintiffs' Administrative Master Complaint, as supplemented and amended,

fails to state a claim or cause of action against Thor California upon which relief can

be granted.

**<u>SECOND DEFENSE</u>**

The plaintiffs' claims are, or may be, barred in whole or in part by the

applicable statutes of limitation and/or prescriptive and/or peremptive periods.

## THIRD DEFENSE

The plaintiffs' claims are barred, in whole or in part, or, alternatively, their recovery reduced, by plaintiffs' own fault and/or the fault of other persons.

## FOURTH DEFENSE

The plaintiffs are not entitled to the recovery they seek because they have not suffered any damages, or, alternatively, because they have failed to mitigate their own damages.

## FIFTH DEFENSE

Any products manufactured by Thor California that are the subject of the claims in this action were manufactured in conformity with the state of the art technology and consistent with all applicable standards, regulations, laws and/or industry standards.

## SIXTH DEFENSE

Thor California specifically denies the existence of any defect or defects that would render its product unreasonably dangerous under the Louisiana Products Liability Act, the limited warranty, and/or any other applicable law, contract, or standard.

## SEVENTH DEFENSE

The allegations of the Administrative Master Complaint, as supplemented and amended, fail to allege sufficient factual support for class certification.  Out of an abundance of caution, although the Court has denied certification, Thor California affirmatively asserts that Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (R. Doc.

1014).

## EIGHTH DEFENSE

Thor California reasserts as affirmative defenses the defenses raised in the Manufacturing Defendants' Joint Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 210), including Thor California's joinder therein, and incorporates herein the Court's Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss.

## NINTH DEFENSE

Solely in the alternative, in the event this Court determines there was any defect in any travel trailer, which is specifically denied, said defect was apparent and obvious and could be easily avoided or remedied, precluding any recovery by plaintiffs or the proposed class.

## TENTH DEFENSE

Thor California further pleads that Plaintiffs' claims are or may be barred, in whole or in part, to the extent that the Economic Loss Doctrine applies, and incorporates Court's Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, as if plead herein, *in extenso*.

## ELEVENTH DEFENSE

Thor California further pleads any and all defenses applicable to Thor California that are applicable and available to it under any controlling Alabama statutes.

**TWELFTH DEFENSE**

Claims against Thor California are or may be barred, in whole or in part, by the doctrines of estoppel, release or waiver.

**THIRTEENTH DEFENSE**

Thor California further pleads any and all defenses applicable and available to it under any controlling Texas statutes.

**FOURTEENTH DEFENSE**

Any express warranty obligations that may be owed by Thor California are strictly limited by the terms of the limited warranty, including all of its limitations and exclusions, which are pleaded herein, as if copied *in extenso*.

**FIFTEENTH DEFENSE**

Thor California hereby gives notice that it intends to rely upon any and all other such affirmative defenses as become available or apparent during the course of discovery, and reserves the right to amend its Answer to assert any and all such defenses.

**SIXTEENTH DEFENSE**

Thor California further pleads any and all defenses applicable and available to it under any controlling Mississippi statutes, including, but not limited to, the Mississippi Products Liability Act, MCA §11-1-63.

**SEVENTEENTH DEFENSE**

In the event that discovery reveals the following, Thor California specifically pleads that the accident and/or injuries sued upon herein occurred only and solely due

to the substantial alteration and/or modification of the product sued upon herein, which alteration and/or modification was not foreseeable, after it left the hands of the manufacturer, which is specifically pleaded as a complete bar to any recovery against Thor California.

## EIGHTEENTH DEFENSE

Thor California specifically pleads, to the extent applicable, all defenses allowed under the Louisiana Products Liability Act, La. R.S. 9:2800.51, *et. seq.*, and/or other Louisiana law.

## NINETEENTH DEFENSE

Thor California specifically pleads that its products were reasonable fit for ordinary use.

## TWENTIETH DEFENSE

Plaintiffs' claims are or may be barred in whole or in part, to the extent that the Administrative Master Complaint, as supplemented and amended, does not state a cause of action for punitive or exemplary damages against Thor California, sufficient in law whereby recovery may be had.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are, or may be, barred in whole or in part to the extent that under the provisions of Mississippi Code Ann. §85-5-7, defendants are liable only for the amount of damages allotted to them, if any, in direct proportion to their percentage of fault, if any, with due respect to the total negligence of all parties

whose actions caused or contributed to the incident and the damages of which are complained.

## **TWENTY-SECOND DEFENSE**

Plaintiffs' claims are or may be barred, in whole or in part, to the extent that any award of punitive damages, to the extent they are even pled in the Administrative Master Complaint, as supplemented and amended, would be unconstitutional because the standards utilized to allow the imposition of such damages are so vague, both on their face and as applied, so as to fail to give adequate or sufficient notice of the prohibitive conduct.

## **TWENTY-THIRD DEFENSE**

The exact damages/losses claimed by Plaintiffs are unknown to Thor California, and, thus, Thor California cannot adequately determine all defenses that may be applicable to Plaintiffs' claims.  Therefore, Thor California expressly reserves by this reference the right to raise additional defenses to the extent that:

a.    Additional defenses become applicable under state and federal law;

b.    Additional defenses are established as discovery proceeds; and

c.    Additional defenses are available under subsequently asserted theories of recovery.

## **TWENTY-FOURTH DEFENSE**

The Administrative Master Complaint, as amended and supplemented, and the Complaints filed in each one of the underlying actions that are part of this multidistrict litigation, have improperly joined parties (both plaintiffs and

defendants) in this action in violation of Rule 19 of the Federal Rules of Civil Procedure, requiring severance of parties as provided by Rule 21 of the Federal Rules of Civil Procedure.

## TWENTY-FIFTH DEFENSE

The Administrative Master Complaint, as amended and supplemented, and the Complaints filed in each one of the underlying actions that are part of this multidistrict litigation, have improperly joined claims under Rule 18 of the Federal Rules of Civil Procedure, requiring severance of claims as provided by Rule 21 of the Federal Rules of Civil Procedure.

## TWENTY-SIXTH DEFENSE

In response to the specific allegations of the Administrative Master Complaint, as supplemented and amended, Thor California answers as follows:

1.

The statement contained in Paragraph 1 of Plaintiffs' Administrative Master Complaint does not require a response on the part of Thor California.  To the extent that a response is required, Thor California respectfully submits that the Court record is its own best evidence of the contents contained therein.

2.

The statement contained in Paragraph 2 of Plaintiffs' Administrative Master Complaint does not require a response on the part of Thor California.  To the extent that a response is required, Thor California respectfully submits that Pre-Trial Order No. 2 (Rec. Doc. 87) is its own best evidence of the contents contained therein.

3.

The statements contained in Paragraph 3 of Plaintiffs' Administrative Master Complaint do not require a response on the part of Thor California.  To the extent that a response is required, the statements of Paragraph 3 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

4.

The statements contained in Paragraph 4 of Plaintiffs' Administrative Master Complaint do not require a response on the part of Thor California.  To the extent that a response is required, the statements of Paragraph 4 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.  In addition, Thor California denies the legal conclusions contained in Paragraph 4 of the Administrative Master Complaint.

5.

The statements contained in Paragraph 5 of Plaintiffs' Administrative Master Complaint do not require a response on the part of Thor California.  To the extent that a response is required, the statements of Paragraph 5 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in Paragraph 6 of Plaintiffs' Administrative Master Complaint are denied.  Thor California affirmatively asserts that the claims of the

specifically named individuals are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

7.

The allegations of Paragraph 7 and all subparts therein of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.  Thor California affirmatively asserts, to the extent necessary, that the specifically named individuals are not appropriate class representatives as is detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).  In addition, to the extent that it is established through discovery, Thor California affirmatively asserts that some or all of the named individuals did not use a product manufactured by Thor California and, thus, have no basis for a claim against Thor California.

8.

In response to the allegations of Paragraph 8 and all subparts therein of Plaintiffs' Administrative Master Complaint, Thor California admits that it is a Delaware corporation, and that it manufactured and supplied travel trailers, which were ultimately purchased for use by FEMA.  All other allegations contained in Paragraph 8 and all subparts therein are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in Paragraph 9 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part

of Thor California.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

10.

The allegations contained in Paragraph 10 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

11.

The allegations contained in Paragraph 11 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, Thor California denies that any individual defendant suffered damages as alleged, to the extent it is established through discovery.  In further response, Thor California admits that the jurisdictional requirements of this Court are satisfied.

12.

The allegations contained in Paragraph 12 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response to this paragraph is required, Thor California admits that the Court has subject matter jurisdiction based on the plaintiffs' allegations, but Thor California denies that this matter is appropriate as a class action for the reasons set forth in the Court's Order and Reasons denying class certification (R. Doc. 1014).

13.

The allegations contained in Paragraph 13 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response to this paragraph is required, Thor California admits that the Court has subject matter jurisdiction based on the plaintiffs' allegations, but Thor California denies that this matter is appropriate as a class action for the reasons set forth in the Court's Order and Reasons denying class certification (R. Doc. 1014).

14.

The allegations contained in Paragraph 14 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

15.

The allegations contained in Paragraph 15 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

16.

The allegations contained in Paragraph 16 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on

the part of Thor California.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

17.

The allegations contained in Paragraph 17 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.  Thor California affirmatively asserts that Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

18.

The allegations contained in Paragraph 18 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

19.

The allegations contained in Paragraph 19 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

20.

The allegations contained in Paragraph 20 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

21.

The allegations contained in Paragraph 21 of Plaintiffs' Administrative

Master Complaint are denied for lack of sufficient information to justify a belief therein.

22.

The allegations contained in Paragraph 22 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

23.

The allegations contained in Paragraph 23 of Plaintiffs' Administrative Master Complaint are denied as written.

24.

The allegations contained in Paragraph 24 of Plaintiffs' Administrative Master Complaint are denied to the extent that Thor California denies it had a direct contract with the government, and the remaining allegations are denied for lack of sufficient information to justify a belief therein.

25.

The allegations contained in Paragraph 25 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

26.

To the extent that the allegations contained in Paragraph 26 of Plaintiffs' Administrative Master Complaint apply to Thor California, the allegations are denied.  The remaining allegations contained in Paragraph 26 of Plaintiffs'

Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

27.

To the extent that the allegations contained in Paragraph 27 of Plaintiffs' Administrative Master Complaint apply to Thor California, the allegations are denied. The remaining allegations contained in Paragraph 27 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

28.

The allegations contained in Paragraph 28 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

29.

The allegations contained in Paragraph 29 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

30.

To the extent that the allegations contained in Paragraph 30 of Plaintiffs' Administrative Master Complaint apply to Thor California, the allegations are denied as written. The remaining allegations contained in Paragraph 30 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

31.

To the extent that the allegations contained in Paragraph 31 of Plaintiffs' Administrative Master Complaint apply to Thor California, the allegations are denied.  The remaining allegations contained in Paragraph 31 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

32.

To the extent that the allegations contained in Paragraph 32 of Plaintiffs' Administrative Master Complaint apply to Thor California, the allegations are denied.  The remaining allegations contained in Paragraph 32 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

33.

The allegations contained in Paragraph 33 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, Thor California submits that 24 C.F.R. §3280.309 is its own best evidence, and specifically denies the remaining allegations of this paragraph for lack of sufficient information to justify a belief therein.

34.

The allegations contained in Paragraph 34 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief

therein.

35.

The allegations contained in Paragraph 35 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

36.

The allegations contained in Paragraph 36 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California. To the extent that a response is required, Thor California submits that 24 C.F.R. §3280.308 is its own best evidence, and specifically denies the remaining allegations of this paragraph for lack of information to justify a belief therein.

37.

The allegations contained in Paragraph 37 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California. To the extent that a response is required, Thor California submits that 44 C.F.R. §206.110(e) is its own best evidence, and specifically denies the remaining allegations of this paragraph for lack of sufficient information to justify a belief therein.

38.

To the extent that the allegations contained in Paragraph 38 of Plaintiffs' Administrative Master Complaint apply to Thor California, the allegations are

denied as written.  The remaining allegations contained in Paragraph 38 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

39.

The allegations contained in Paragraph 39 of Plaintiffs' Administrative Master Complaint are denied.

40.

In response to the allegations contained in Paragraph 40 of Plaintiffs' Administrative Master Complaint, Thor California re-avers and reasserts its answers contained in Paragraphs 1 to 39 above, as if copied herein, *in extenso*.

41.

The allegations contained in Paragraph 41 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

42.

The allegations contained in Paragraph 42 of Plaintiffs' Administrative Master Complaint do not require a response on the part of Thor California.  To the extent that a response is required, Thor California submits that 42 U.S.C.A. §5121(a)(2)(2006) is its own best evidence.

43.

The allegations contained in Paragraph 43 of Plaintiffs' Administrative Master Complaint do not require a response on the part of Thor California.  To the

extent that a response is required, Thor California submits that 42 U.S.C.A. §5174(b)(1)(Supp. 2007) is its own best evidence.

44.

The allegations contained in Paragraph 44 of Plaintiffs' Administrative Master Complaint do not require a response on the part of Thor California.  To the extent that a response is required, Thor California submits that 44 C.F.R. §206.11 is its own best evidence.

45.

The allegations contained in Paragraph 45 of Plaintiffs' Administrative Master Complaint do not require a response on the part of Thor California.   To the extent that a response is required, Thor California submits that Public Law 93-288, Title IV, §408 (1988) is its own best evidence.

46.

The allegations contained in Paragraph 46 of Plaintiffs' Administrative Master Complaint do not require a response on the part of Thor California  To the extent that a response is required, Thor California submits that 42 U.S.C.A. §5174(c)(1)(A) and 44 C.F.R. §206.117(b)(ii) are their own best evidence.

47.

The allegations contained in Paragraph 47 of Plaintiffs' Administrative Master Complaint do not require a response on the part of Thor California.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

48.

The allegations contained in Paragraph 48 of Plaintiffs' Administrative Master Complaint do not require a response on the part of Thor California.  To the extent that a response is required, Thor California submits that 44 C.F.R. §206.117(b)(ii)(F) is its own best evidence.

49.

The allegations contained in Paragraph 49 of Plaintiffs' Administrative Master Complaint do not require a response on the part of Thor California.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

50.

The allegations contained in Paragraph 50 of Plaintiffs' Administrative Master Complaint do not require a response on the part of Thor California.  To the extent that a response is required, the allegations are denied as written.

51.

The allegations contained in Paragraph 51 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

52.

The allegations contained in Paragraph 52 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

53.

The allegations contained in Paragraph 53 of Plaintiffs' Administrative Master Complaint do not require a response on the part of Thor California.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

54.

The allegations contained in Paragraph 54 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

55.

The allegations contained in Paragraph 55 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

56.

The allegations contained in Paragraph 56 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

57.

The allegations contained in Paragraph 57 of Plaintiffs' Administrative Master Complaint are denied as written.

58.

The allegations contained in Paragraph 58 of Plaintiffs' Administrative

Master Complaint are denied as written.

59.

The allegations contained in Paragraph 59 of Plaintiffs' Administrative Master Complaint are denied as written.

60.

The allegations contained in Paragraph 60 of Plaintiffs' Administrative Master Complaint are denied as written.

61.

The allegations contained in Paragraph 61 of Plaintiffs' Administrative Master Complaint are denied as written.

62.

The allegations contained in Paragraph 62 of Plaintiffs' Administrative Master Complaint are denied as written.

63.

The allegations contained in Paragraph 63 of Plaintiffs' Administrative Master Complaint do not require a response on the part of Thor California. To the extent that a response is required, Thor California submits that any document is its own best evidence of the contents contained therein.

64.

The allegations contained in Paragraph 64 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

65.

The allegations contained in Paragraph 65 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

66.

The allegations contained in Paragraph 66 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

67.

The allegations contained in Paragraph 67 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

68.

The allegations contained in Paragraph 68 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

69.

The allegations contained in Paragraph 69 of Plaintiffs' Administrative Master Complaint are denied as written.

70.

The allegations contained in Paragraph 70 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief

therein.

71.

The allegations contained in Paragraph 71 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

72.

The allegations contained in Paragraph 72 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

73.

The allegations contained in Paragraph 73 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

74.

The allegations contained in Paragraph 74 of Plaintiffs' Administrative Master Complaint are denied as written.

75.

The allegations contained in Paragraph 75 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

76.

The allegations contained in Paragraph 76 of Plaintiffs' Administrative

Master Complaint are denied for lack of sufficient information to justify a belief therein.

77.

The allegations contained in Paragraph 77 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

78.

The allegations contained in Paragraph 78 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

79.

The allegations contained in Paragraph 79 of Plaintiffs' Administrative Master Complaint are denied as written.

80.

The allegations contained in Paragraph 80 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

81.

The allegations contained in Paragraph 81 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the

allegations contained in Paragraph 81 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

82.

The allegations contained in Paragraph 82 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California. To the extent that a response is required, the allegations contained in Paragraph 82 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

83.

The allegations contained in Paragraph 83 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.  Thor California affirmatively asserts that Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

84.

The allegations contained in Paragraph 84 of Plaintiffs' Administrative Master Complaint are denied.  Thor California affirmatively asserts that Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

85.

The allegations contained in Paragraph 85 of Plaintiffs' Administrative Master Complaint are denied.  Thor California affirmatively asserts that Plaintiffs'

claims are not appropriate for class certification as is detailed in the Court's Order
and Reasons denying class certification (R. Doc. 1014).

86.

The allegations contained in Paragraph 86 of Plaintiffs' Administrative
Master Complaint are denied.  Thor California affirmatively asserts that Plaintiffs'
claims are not appropriate for class certification as is detailed in the Court's Order
and Reasons denying class certification (R. Doc. 1014).

87.

The allegations contained in Paragraph 87 of Plaintiffs' Administrative
Master Complaint are denied.  Thor California affirmatively asserts that Plaintiffs'
claims are not appropriate for class certification as is detailed in the Court's Order
and Reasons denying class certification (R. Doc. 1014).

88.

The allegations contained in Paragraph 88 of Plaintiffs' Administrative
Master Complaint are denied.  Thor California affirmatively asserts that Plaintiffs'
claims are not appropriate for class certification as is detailed in the Court's Order
and Reasons denying class certification (R. Doc. 1014).

89.

The allegations contained in Paragraph 89 of Plaintiffs' Administrative
Master Complaint are denied.  Thor California affirmatively asserts that Plaintiffs'
claims are not appropriate for class certification as is detailed in the Court's Order
and Reasons denying class certification (R. Doc. 1014).

90.

The allegations contained in Paragraph 90 of Plaintiffs' Administrative Master Complaint are denied.  Thor California affirmatively asserts that Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

91.

The allegations contained in Paragraph 91 of Plaintiffs' Administrative Master Complaint are denied.  Thor California affirmatively asserts that Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

92.

The allegations contained in Paragraph 92 of Plaintiffs' Administrative Master Complaint are denied.  Thor California affirmatively asserts that Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

93.

The allegations contained in Paragraph 93 of Plaintiffs' Administrative Master Complaint are denied.  Thor California affirmatively asserts that Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

94.

The allegations contained in Paragraph 94 of Plaintiffs' Administrative

Master Complaint are denied.  Thor California affirmatively asserts that Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

95.

The allegations contained in Paragraph 95 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.  Thor California affirmatively asserts that Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

96.

The allegations contained in Paragraph 96 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.  Thor California affirmatively asserts that Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

97.

The allegations contained in Paragraph 97 and each of its subparts of Plaintiffs' Administrative Master Complaint are denied.  Thor California affirmatively asserts that Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

98.

In response to the allegations contained in Paragraph 98 of Plaintiffs' Administrative Master Complaint, Thor California re-avers and reasserts its answers contained in Paragraphs 1 through 97 above, as if copied herein, *in extenso*.

99.

The allegations contained in Paragraph 99 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

100.

The allegations contained in Paragraph 100 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

101.

The allegations contained in Paragraph 101 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

102.

The allegations contained in Paragraph 102 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on

the part of Thor California.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

103.

The allegations contained in Paragraph 103 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

104.

The allegations contained in Paragraph 104 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

105.

The allegations contained in Paragraph 105 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

106.

The allegations contained in Paragraph 106 of Plaintiffs' Administrative Master Complaint are denied as written.

107.

To the extent that the allegations contained in Paragraph 107 of Plaintiffs'

Administrative Master Complaint pertain to Thor California and its products, the allegations are denied as written.

108.

To the extent that the allegations contained in Paragraph 108 of Plaintiffs' Administrative Master Complaint pertain to Thor California and its products, the allegations are denied as written.

109.

In response to the allegations contained in Paragraph 109 of Plaintiffs' Administrative Master Complaint, Thor California re-avers and reasserts its answers contained in Paragraphs 1 through 108 above, as if copied herein, *in extenso*.

110.

The allegations contained in Paragraph 110 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

111.

The allegations contained in Paragraph 111 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

112.

The allegations contained in Paragraph 112 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

113.

The allegations contained in Paragraph 113 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

114.

The allegations contained in Paragraph 114 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

115.

The allegations contained in Paragraph 115 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

116.

The allegations contained in Paragraph 116 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied as written.

117.

The allegations contained in Paragraph 117 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

118.

The allegations contained in Paragraph 118 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

119.

In response to the allegations contained in Paragraph 119 of Plaintiffs' Administrative Master Complaint, Thor California re-avers and reasserts its answers contained in Paragraphs 1 through 118 above, as if copied herein, *in extenso*.

120.

The allegations contained in Paragraph 120 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on

the part of Thor California.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

121.

The allegations contained in Paragraph 121 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

122.

The allegations contained in Paragraph 122 of Plaintiffs' Administrative Master Complaint are denied as written.

123.

The allegations contained in Paragraph 123 of Plaintiffs' Administrative Master Complaint are denied as written.

124.

The allegations contained in Paragraph 124 of Plaintiffs' Administrative Master Complaint are denied as written.

125.

The allegations contained in Paragraph 125 of Plaintiffs' Administrative Master Complaint are denied as written.

126.

The allegations contained in Paragraph 126 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

127.

The allegations contained in Paragraph 127 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations contained in Paragraph 127 of Plaintiffs' Administrative Master Complaint are denied as written.

128.

The allegations contained in Paragraph 128 of Plaintiffs' Administrative Master Complaint are denied as written.

129.

The allegations contained in Paragraph 129 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations contained in Paragraph 129 of Plaintiffs' Administrative Master Complaint are denied.

130.

The allegations contained in Paragraph 130 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

131.

The allegations contained in Paragraph 131 of Plaintiffs' Administrative

Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

132.

In response to the allegations contained in Paragraph 132 of Plaintiffs' Administrative Master Complaint, Thor California re-avers and reasserts its answers contained in Paragraphs 1 through 131 above, as if copied herein, *in extenso*.

133.

The allegations contained in Paragraph 133 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

134.

The allegations contained in Paragraph 134 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

135.

The allegations contained in Paragraph 135 of Plaintiffs' Administrative Master Complaint are denied.

136.

The allegations contained in Paragraph 136 of Plaintiffs' Administrative Master Complaint are denied.

137.

The allegations contained in Paragraph 137 of Plaintiffs' Administrative Master Complaint are denied.

138.

The allegations contained in Paragraph 138 and each of its subparts of Plaintiffs' Administrative Master Complaint are denied.

139.

In response to the allegations contained in Paragraph 139 of Plaintiffs' Administrative Master Complaint, Thor California re-avers and reasserts its answers contained in Paragraphs 1 through 138 above, as if copied herein, *in extenso*.

140.

The allegations contained in Paragraph 140 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

141.

The allegations contained in Paragraph 141 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on

the part of Thor California. To the extent that a response is required, the allegations are denied.

142.

The allegations contained in Paragraph 142 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California. To the extent that a response is required, the allegations are denied.

143.

The allegations contained in Paragraph 143 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

144.

The allegations contained in Paragraph 144 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

145.

The allegations contained in Paragraph 145 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

146.

The allegations contained in Paragraph 146 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

147.

The allegations contained in Paragraph 147 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

148.

The allegations contained in Paragraph 148 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

149.

The allegations contained in Paragraph 149 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

150.

The allegations contained in Paragraph 150 of Plaintiffs' Administrative

Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

151.

The allegations contained in Paragraph 151 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

In further response, to the extent that the Court has determined that Plaintiffs' claims are dismissed in its Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, Plaintiffs' claims are denied.

152.

In response to the allegations contained in Paragraph 152 of Plaintiffs' Administrative Master Complaint, Thor California re-avers and reasserts its answers contained in Paragraphs 1 through 151 above, as if copied herein, *in extenso*.

153.

The allegations contained in Paragraph 153 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

154.

The allegations contained in Paragraph 154 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California. To the extent that a response is required, the allegations are denied.

155.

The allegations contained in Paragraph 155 of Plaintiffs' Administrative Master Complaint are denied.

156.

The allegations contained in Paragraph 156 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California. To the extent that a response is required, the allegations are denied.

157.

The allegations contained in Paragraph 157 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California. To the extent that a response is required, the allegations are denied.

158.

In response to the allegations contained in Paragraph 158 of Plaintiffs' Administrative Master Complaint, Thor California re-avers and reasserts its

answers contained in Paragraphs 1 through 157 above, as if copied herein, *in extenso*.

159.

The allegations contained in Paragraph 159 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

160.

In response to the allegations contained in Paragraph 160 of Plaintiffs' Administrative Master Complaint, Thor California re-avers and reasserts its answers contained in Paragraphs 1 through 159 above, as if copied herein, *in extenso*.

161.

The allegations contained in Paragraph 161 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

In further response, to the extent that the Court has determined that Plaintiffs' claims are dismissed in its Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, Plaintiffs' claims are denied.

162.

The allegations contained in Paragraph 162 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

163.

The allegations contained in Paragraph 163 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

164.

The allegations contained in Paragraph 164 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

165.

The allegations contained in Paragraph 165 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

166.

The allegations contained in Paragraph 166 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

167.

The allegations contained in Paragraph 167 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

168.

The allegations contained in Paragraph 168 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

169.

The allegations contained in Paragraph 169 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

170.

The allegations contained in Paragraph 170 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on

the part of Thor California.  To the extent that a response is required, the allegations are denied.

171.

The allegations contained in Paragraph 171 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

172.

The allegations contained in Paragraph 172 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

173.

The allegations contained in Paragraph 173 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

In further response, to the extent that the Court has determined that Plaintiffs' claims are dismissed in its Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, Plaintiffs' claims are denied.

174.

In response to the allegations contained in Paragraph 174 of Plaintiffs' Administrative Master Complaint, Thor California re-avers and reasserts its answers contained in Paragraphs 1 through 173 above, as if copied herein, *in extenso*.

175.

The allegations contained in Paragraph 175 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

176.

The allegations contained in Paragraph 176 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

177.

The allegations contained in Paragraph 177 of Plaintiffs' Administrative Master Complaint are denied.

178.

The allegations contained in Paragraph 178 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the

allegations are denied.

179.

The allegations contained in Paragraph 179 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California. To the extent that a response is required, the allegations are denied.

180.

In response to the allegations contained in Paragraph 180 of Plaintiffs' Administrative Master Complaint, Thor California re-avers and reasserts its answers contained in Paragraphs 1 through 179 above, as if copied herein, *in extenso*.

181.

The allegations contained in Paragraph 181 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California. To the extent that a response is required, the allegations are denied.

182.

In response to the allegations contained in Paragraph 182 of Plaintiffs' Administrative Master Complaint, Thor California re-avers and reasserts its answers contained in Paragraphs 1 through 181 above, as if copied herein, *in extenso*.

183.

The allegations contained in Paragraph 183 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

184.

The allegations contained in Paragraph 184 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

185.

The allegations contained in Paragraph 185 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

186.

The allegations contained in Paragraph 186 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

187.

The allegations contained in Paragraph 187 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

188.

The allegations contained in Paragraph 188 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

189.

The allegations contained in Paragraph 189 and each of its subparts therein of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

190.

The allegations contained in Paragraph 190 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

191.

The allegations contained in Paragraph 191 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on

the part of Thor California.  To the extent that a response is required, the allegations are denied.

192.

The allegations contained in Paragraph 192 and each of its subparts therein of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

193.

In response to the allegations contained in Paragraph 193 of Plaintiffs' Administrative Master Complaint, Thor California re-avers and reasserts its answers contained in Paragraphs 1 through 192 above, as if copied herein, *in extenso*.

194.

The allegations contained in Paragraph 194 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

195.

The allegations contained in Paragraph 195 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

196.

The allegations contained in Paragraph 196 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

197.

The allegations contained in Paragraph 197 and each of its subparts therein of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

198.

The allegations contained in Paragraph 198 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

199.

In response to the allegations contained in Paragraph 199 of Plaintiffs' Administrative Master Complaint, Thor California re-avers and reasserts its answers contained in Paragraphs 1 through 198 above, as if copied herein, *in extenso*.

200.

The allegations contained in Paragraph 200 of Plaintiffs' Administrative

Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, Thor California denies the allegations in this paragraph.

201.

The allegations contained in Paragraph 201 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

In further response, to the extent that the Court has determined that Plaintiffs' claims are dismissed in its Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, Plaintiffs' claims are denied.

202.

The allegations contained in Paragraph 202 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

In further response, to the extent that the Court has determined that Plaintiffs' claims are dismissed in its Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, Plaintiffs' claims are denied.

203.

The allegations contained in Paragraph 203 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

In further response, to the extent that the Court has determined that Plaintiffs' claims are dismissed in its Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, Plaintiffs' claims are denied.

204.

The allegations contained in Paragraph 204 of Plaintiffs' Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Thor California.  To the extent that a response is required, the allegations are denied.

In further response, to the extent that the Court has determined that Plaintiffs' claims are dismissed in its Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Rule Joint 12(b) Motions to Dismiss, Plaintiffs' claims are denied.

205.

(a)     In response to the allegations contained in the paragraph captioned "Compensatory Damages:  All States" of Plaintiffs' Administrative Master Complaint, Thor California asserts that the Plaintiffs are not entitled to the

damages asserted.

(b)     In response to the allegations contained in the paragraph captioned "Medical Monitoring" of Plaintiffs' Administrative Master Complaint, Thor California asserts that the Plaintiffs are not entitled to the damages asserted. Moreover, Thor California asserts that the requested relief is not a remedy afforded under any applicable law.

In further response, to the extent that the Court has determined that Plaintiffs' claims are dismissed in its Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, Plaintiffs' claims are denied.

(c)     In response to the allegations contained in the paragraph captioned "Punative Damages" of Plaintiffs' Administrative Master Complaint, Thor California asserts that the Plaintiffs are not entitled to the damages asserted.

(d)     In responses to the allegations contained in the paragraph captioned "Request For Jury Trial" of Plaintiffs' Administrative Master Complaint, Thor California asserts that it is entitled to a trial by jury on all issues herein.

(e)     In responses to the allegations contained in the paragraph captioned "Prayer for Relief" of Plaintiffs' Administrative Master Complaint, Thor California asserts that the Plaintiffs are not entitled to the relief requested.

(f)     To the extent necessary and in an abundance of caution, Thor California denies all the allegations contained in any and all unnumbered and/or misnumbered paragraphs of Plaintiffs' Administrative Master Complaint.

## ANSWER TO FIRST SUPPLEMENTAL AND AMENDED MASTER

## COMPLAINT

Now, in response to the Plaintiffs' First Supplement and Amended Master Complaint, Thor California answers as follows,

### 206.

The allegations contained in Paragraph 1 of Plaintiffs' First Supplemental and Amended Master Complaint do not require a response on the part of Thor California  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

### 207.

The allegations contained in Paragraph 2 of Plaintiffs' First Supplemental and Amended Master Complaint, adding subparagraph 8(lxiv), do not require a response on the part of Thor California.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

### 208.

The allegations contained in Paragraph 3 of Plaintiffs' First Supplemental and Amended Master Complaint do not require a response on the part of Thor California.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

### 209.

The allegations contained in Paragraph 4 of Plaintiffs' First Supplemental

and Amended Master Complaint, adding subparagraph 8(lxv), do not require a response on the part of Thor California.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

210.

The allegations contained in Paragraph 5 of Plaintiffs' First Supplemental and Amended Master Complaint do not require a response on the part of Thor California.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

211.

The allegations contained in Paragraph 6 of Plaintiffs' First Supplemental and Amended Master Complaint, adding subparagraph 8(lxvi), do not require a response on the part of Thor California.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

212.

The allegations contained in Paragraph 7 of Plaintiffs' First Supplemental and Amended Master Complaint, adding subparagraphs 8(lxvii) and 8(lxviii), do not require a response on the part of Thor California.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

213.

The allegations contained in Paragraph 8 of Plaintiffs' First Supplemental and Amended Master Complaint, adding subparagraphs 8(lxix) and 8(lxx), do not require a response on the part of Thor California.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

214.

The allegations contained in Paragraph 9 of Plaintiffs' First Supplemental and Amended Master Complaint do not require a response on the part of Thor California. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

215.

To the extent necessary, and in abundance of caution, Thor California denies the allegations contained in any and all unnumbered and/or misnumbered paragraphs of the First Supplemental and Amended Master Complaint.

216.

The allegations contained in the "WHEREFORE" Paragraph of Plaintiffs' First Supplemental and Amended Master Complaint do not require a response on the part of Thor California.  However, to the extent that an answer is required, Thor California submits that Plaintiffs are not entitled to the relief requested. Moreover, in response to the allegations contained in the "WHEREFORE" Paragraph of Plaintiffs' First Supplemental and Amended Master Complaint, Thor

California re-avers and reasserts its answers contained in Paragraphs 1 through 214 above, as if copied herein, *in extenso*.

## ANSWER TO SECOND SUPPLEMENTAL

## AND AMENDED MASTER ADMINISTRATIVE COMPLAINT

Now, responding to the Second Supplemental and Amended Master Complaint, Thor California answers as follows:

217.

The allegations contained in Paragraph 1 of Plaintiffs' Second Supplemental and Amended Master Complaint do not require a response on the part of Thor California.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

218.

The allegations contained in Paragraph 2 of Plaintiffs' Second Supplemental and Amended Master Complaint do not require a response on the part of Thor California.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

219.

The allegations contained in Paragraph 3 of Plaintiffs' Second Supplemental and Amended Master Complaint do not require a response on the part of Thor California.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

220.

The allegations contained in Paragraph 4 of Plaintiffs' Second Supplemental and Amended Master Complaint do not require a response on the part of Thor California.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

221.

The allegations contained in Paragraph 5 of Plaintiffs' Second Supplemental and Amended Master Complaint, adding subparagraphs 8(lxxi) to 8(lxxxiii), do not require a response on the part of Thor California.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

222.

The allegations contained in Paragraph 6 of Plaintiffs' Second Supplemental and Amended Master Complaint, adding subparagraph 7(c), are denied as written.

223.

The allegations contained in Paragraph 7 of Plaintiffs' Second Supplemental and Amended Master Complaint, adding subparagraph 7(d), are denied as written.

224.

The allegations contained in Paragraph 8 of Plaintiffs' Second Supplemental and Amended Master Complaint, adding subparagraph 7(e), are denied as written.

225.

The allegations contained in Paragraph 9 of Plaintiffs' Second Supplemental and Amended Master Complaint, amending Paragraph 83, are denied.

226.

In an abundance of caution, and to the extent necessary, Thor California denies the allegations contained in any and all unnumbered and/or misnumbered paragraphs of Second Supplemental and Amended Master Complaint.

227.

The allegations contained in the "WHEREFORE" Paragraph of Plaintiffs' Second Supplemental and Amended Master Complaint do not require a response on the part of Thor California.  However, to the extent that an answer is required, Thor California submits that Plaintiffs are not entitled to the relief requested. Moreover, in response to the allegations contained in the "WHEREFORE" Paragraph of Plaintiffs' Second Supplemental and Amended Master Complaint, Thor California re-avers and reasserts its answers contained in Paragraphs 1 through 225 above, as if copied herein, *in extenso*.

Thor California requests a trial by jury.

**WHEREFORE**, considering the allegations, denials and defenses asserted above, Defendant, Thor California, Inc., respectfully prays that this Answer be deemed good and sufficient; that after due proceedings had, there be judgment rendered herein in favor of this Defendant, dismissing Plaintiffs' Administrative Master Complaint, as supplemented and amended, with prejudice; and Defendant Thor California, Inc. respectfully prays for all such other general, special and

equitable relief that law, equity or the nature of the case may permit, and all costs of these proceedings.  Finally, Defendant requests a jury trial on all issues herein.

Respectfully submitted,

*s/Ryan E. Johnson*

_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
Jones, Walker, Waechter, Poitevent,
    Carrère & Denègre, L.L.P.
8555 United Plaza Blvd., 5th floor
Building Four
Baton Rouge, LA  70809
Telephone: (225) 248-2000
Facsimile:  (225) 248-3080

-and-

Madeleine Fischer (La. Bar No. 5575)
Nan Roberts Eitel (La. Bar No. 19910)
Jones, Walker, Waechter, Poitevent,
    Carrère & Denègre, L.L.P.
201 St. Charles Avenue, 49th floor
New Orleans, LA   70170
Telephone:  (504) 582-8000
Facsimile:  (504) 589-8208

*Counsel for Thor California, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of January, 2009, a copy of the foregoing Answer and Affirmative Defenses on behalf of Defendant, Thor California, Inc., and Jury Trial Request was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

*s/Ryan E. Johnson*

_____

Ryan E. Johnson