EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY | * | SECTION: N(4) |
| LITIGATION | * | |
| | * | JUDGE: ENGELHARDT |
| This Document Relates to: | * | |
| *Pujol, et al. v. The United States of America, et al.,* | * | MAGISTRATE CHASEZ |
| Civil Action No. 08-3217 | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## FEDERAL RULE OF CIVIL PROCEDURE RULE 12(B) PRESERVATION LIST
## FILED ON BEHALF OF TOWNHOMES, LLC.

Pursuant to Pre-Trial Order Number 4 (Rec. Doc. No. 130), Defendant, TownHomes, LLC

("TownHomes"), respectfully submits for preservation the following specific Federal Rule of Civil

Procedure Rule 9 and 12 defenses  ("Preservation List") as they relate to the Complaint filed in

*Pujol, et al v. The United States of America, et al*, Civil Action No.08-3217 ("*Pujols* Complaint").[1]

TownHomes files this Preservation List without prejudicing its right to assert any other allowable

preliminary motions, pleadings, dispositive motions or affirmative defenses in this or any other case

in which they are subsequently named and properly served.  TownHomes hereby incorporates and

adopts all the items listed in the Preservation Lists of all the named defendants in the Multi-District

Litigation 07-1873 in all of the underlying cases as if fully set forth at length herein as their own,

including, but not limited to, the following issues:

1.      Rule 12(b)(5) - Plaintiffs failed to properly effectuate service of process on TownHomes.

---

[1]It is unclear the extent to which the 2nd Amended Master Complaint supersedes, amends and/or replaces the allegations asserted by the plaintiffs in each of the underlying actions. Thus, out of an abundance of caution and to ensure that relevant motions and defenses are preserved, for each underlying action in which it has been named as party, Destiny has listed the defenses and motions applicable to that underlying action and the 2nd Amended Master Complaint.

2.    Article III Standing - Plaintiffs have failed to satisfy their burden of establishing Article III standing against TownHomes.  Consequently, this Court does not have subject matter jurisdiction over the plaintiffs claims against TownHomes.

3.    Rule 12(b)(2) - Plaintiffs have failed to establish that this Court has personal jurisdiction over TownHomes.

4.    Rule 12(b)(3) - Plaintiffs have brought this action in a court of improper venue.

5.    Rule 12(b)(6) - Plaintiffs fail to state a claim upon which relief may be granted under the products liability laws of Alabama, Louisiana, Mississippi, and/or Texas.

6.    Rule 12(b)(6) - Plaintiffs have failed to state a claim upon which relief may be granted in as much as plaintiffs' negligence, negligence per se, gross negligence, recklessness, failure to inspect, breach of implied warranty, and "failure to act in a prudent manner" claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

7.    Plaintiffs claims are barred by Louisiana's one-year prescription period.

8.    Plaintiffs claims are barred by Alabama, Mississippi and Texas statute of limitations.

9.    Rule 12(b)(6) - Plaintiffs fail to state a claim for medical monitoring damages because they have not alleged a specific or manifest injury.

10.   Rule 12(b)(6) - Plaintiffs fail to state a claim for attorneys' fees and costs.

11.   Rule 12(b)(6) - Plaintiffs fail to state a claim for punitive damages.

12.   Rule 12(b)(6) - Plaintiffs fail to state a claim upon which relief can be granted as to the redhibition claim because plaintiffs state claims for breach of implied and express warranties, which fail because there is no privity of contract between the plaintiffs and TownHomes.

13.   Rule 12(b)(6) - Plaintiffs fail to state a claim upon which relief can be granted for property damages.

14.   Rule 12(b)(6) - Plaintiffs fail to state a claim upon which relief can be granted regarding strict liability as there is no longer a basis under Louisiana law for that recovery.

15.   Rule 12(b)(6) - Plaintiffs fail to state a claim upon which relief can be granted for injunctive relief.

16.     Rule 12(b)(6) - Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon manufacturing defendants, as such claims are precluded by applicable law.

17.     Rule 9(b) - Plaintiffs have failed to plead fraud or misrepresentation with particularity.

18.     Rule 12(b)(6) - Plaintiffs fail to state a claim upon which relief can be granted to the extent plaintiffs seek compensatory damages as there is no basis for awarding such damages under the facts alleged in the complaint and applicable law.

19.     Rule 12(b)(6) - Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiffs assert express or implied warranty claims under Mississippi, Alabama, and Texas law as such claims are precluded as plaintiffs do not rely on any privity of contract.

20.     Rule 12(b)(6) - Plaintiffs fail to state a claim upon which relief can be granted as plaintiffs' claim for  relocation expenses and provisions for replacement trailers should be dismissed due to lack of privity of contract with Townhomes.

21.     Rule 12(b)(6) - Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiffs seek claims under the Federal Tort Claims Act and 42 USCA Sec. 1983 against manufacturing defendants as such claims are not applicable to TownHomes.

22.     The claims asserted by plaintiffs are barred by the doctrines of waiver, ratification, unclean hands and/or estoppel.

23.     The claims asserted by plaintiffs are barred by the principles of res judicata and/or collateral estoppel.

24.     The claims asserted by plaintiffs should be dismissed, or alternatively, their damages (the existence of which damages is denied) should be reduced due to each plaintiff's own negligent conduct, lack of care, comparative fault, breaches of contract, fraud or legal fault.

25.     Plaintiffs have not sustained any damages proximately caused by TownHomes.

26.     Any damages sustained by plaintiffs (the existence of which damages is denied) were the result of acts or omissions of parties other than TownHomes for which TownHomes is not legally responsible.

27.     Rule 12(b)(6) - Plaintiffs fail to state a claim upon which relief can be granted because they were warned of the risks of formaldehyde alleged to exist in TownHomes' product and the symptoms and/or injuries that could occur by occupying TownHomes' product, which are of the very type and nature of symptoms and injuries they allege to have suffered.

28.   Rule 12(e) - Plaintiffs fail to allege their claims and damages with sufficient particularity.

29.   Rule 12(e) - Plaintiffs fail to allege the fault or other actionable conduct of TownHomes with sufficient particularity.

30.   Some or all of the plaintiffs' claims are subject to binding arbitration.

31.   The claims asserted by plaintiffs are barred by the government contractor immunity defense.

32.   Article III - Plaintiffs lack standing because they are not the purchasers or buyers of the units at issue.

33.   Rule 12(b)(6) -  Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiffs have not alleged actual damages and/or have failed to mitigate their damages.

34.   Rule 12(b)(6) -  Plaintiffs fail to state a claim upon which relief can be granted insofar as plaintiffs have not alleged and cannot prove either specific or general causation for their alleged injuries.

35.   12(b)(6) – Federal law preempts state law as all units manufactured by the Defendant were in accordance with HUD's guidelines and regulations, and as such, conflicting state law provisions are preempted.

36.   12(b)(7) – Failure to join a necessary and indispensable party – the suppliers of the materials used in construction of the homes have not been added as parties; there is a contractual indemnification provision between certain Defendants and the companies that contracted with Defendant for manufacture of such homes; (b) failure to join the manufacturers of the furniture or other FEMA mandated furnishings which contain formaldehyde.

37.   All Rule 12(b) motions filed in the underlying MDL case (07-1873) by the Defendants (including, but not limited to, Rec. Docs. 210, 230, 242, 243, 244, 252, 259, 416, 466, 491, 760, 761, and 767).

       In addition to the defenses set forth above, TownHomes hereby adopts and incorporates all

filings of applicable items listed in the preservation lists of similarly situated co-defendants in the

Multi-District Litigation, 07-1873, in all cases, and all applicable Rule 12 Motions filed by similarly

situated co-defendants, specifically the "newly added defendants,"[2] in the MDL and underlying cases, as if copied herein *in extenso*.

Respectfully Submitted:

/s/    Joshua Keller
**ROBERT E. KERRIGAN, JR. (#7350)(T.A.)**
**JOSHUA G. KELLER (#29288)**
**JAMES E. COURTENAY (#31681)**
**DEUTSCH KERRIGAN & STILES, LLP**
755 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-5141
Facsimile: (504) 566-1201
Email: RKerrigan@dkslaw.com
*Attorneys for Defendant, Townhomes, L.L.C.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system for the United States District Court for the Eastern District of Louisiana. Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system. I also certify that I have e-mailed a copy of this filing to any non- CM/ECF participants on this the 21st day of January, 2009.

/s/ **Joshua G. Keller**
**Joshua G. Keller**

---

[2] Morgan Buildings & Spas, Inc.; Alliance Homes, Inc. d/b/a Adrian Homes; Timberland RV Company d/b/a Adventure Manufacturing; Champion Home Builders Co.; Heartland Recreational Vehicles, LLC; Hy-Line Enterprises, Inc.; Lexington Homes, Homes of Merit, Inc.; Play'Mor Trailers, Inc.; Dreams R.V. Sales, Inc.; Sunnybrook RV, Inc.; Patriot Homes of Texas, L.P.; and Patriot Manufacturing, Inc.