UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCT LIABILITY LITIGATION | * | SECTION "N-4" |
| | * | JUDGE ENGELHARDT |
| | * | MAG. JUDGE CHASEZ |

THIS DOCUMENT IS RELATED TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## JOINT REPORT NO. 8 OF LIAISON AND GOVERNMENT COUNSEL

Plaintiffs' Liaison Counsel ("PLC"), Manufacturing Defendants' Liaison Counsel ("MDLC") and U.S. Government Counsel ("GC") respectfully submit this Joint Report No. 8.

**I.      REPORT OF CLAIMS AND CASE INVENTORY:**

PLC and MDLC report that a total of 31 actions now have been filed, or transferred into, this MDL. PLC and MDLC are unaware of any other actions filed in other districts that currently are awaiting transfer into the MDL. MDLC further reports that there currently are approximately 3,601 plaintiffs named in all actions pending, or awaiting transfer into, the MDL. The following complaints were filed since the last Joint Report:

**LOUISIANA:**

*Belinda H. Bauer, et al v. Liberty Homes, Inc., et al.* Filed in the United States District Court for the Eastern District of Louisiana, Docket No. 08-5031, filed December 1, 2008.

*Randy J. Green and Carl Delcambre v. Fleetwood Enterprises, Inc. and Fleetwood Canada, Ltd.* Filed in the United States District Court for the Western District of Louisiana, Docket No. 08-01107, filed December 12, 2008.

1

**II.     PLAINTIFF FACT SHEETS (PFS)**

The PSC still operates a central claims office located at 4731 Canal Street, New Orleans, Louisiana. PLC advises that it has delivered 2,484 completed PFS to the Defendants to date.

The PSC to date has cured 572 deficiencies cited by Defendants pursuant to PreTrial Order No. 2 (Doc No. 87).

The parties have discussed, and hope to agree to, a process for the claimant verification of substantive PFS changes made necessary in the curing of such deficiencies.

A.      The *Bauer* plaintiffs (2503) have filled out fact sheets that vary from the court approved fact sheet.

B.      Defendants request the Plaintiffs sort the fact sheets by defendant.

**III.    FEMA INDIVIDUAL ASSISTANCE (IA) FILES**

To date, the United States has produced the FEMA IA files for ninety-six (96) persons. This constitutes approximately 10,000 pages of material. FEMA estimates that it takes FEMA document custodians approximately 50 minutes to retrieve and reproduce each individual IA file.

**IV.    TESTING OF TRAILERS**

The testing of Temporary Housing Units, both currently occupied and previously occupied, continues at numerous locations. As of November 3, 2008, the PSC has completed the testing of 6,286 units, both never-occupied and previously- occupied, at fourteen FEMA locations. Although testing is ongoing, FEMA is not precluded from disposing of units.

Defendants have completed testing of over 100 currently occupied units by the date of this report and are continuing that testing.

FEMA continues to accommodate both PLC and MDLC's reasonable requests for testing so long as the testing does not interfere with normal FEMA operations. FEMA continues to

make staging sites available to PLC and MDLC, with the exception of certain limited site closures.

A.     **Currently Occupied Unit Testing:**

    1.     **Defendants**

Plaintiffs continue to provide occupied units for testing on a weekly basis. Plaintiffs test these units on one day and Defendants test the units on the following day. The occupied unit testing is going slowly, since only a few units are set up for testing each week.

    2.     **United States**

FEMA at the request of occupants whom FEMA has issued temporary emergency housing units (EHUs) has had its contractor test in excess of 3,000 occupied units. Pursuant to Plaintiffs' Steering Committee counsel Mrs. Linda Nelson's request, FEMA is in the process of collecting that data and information. After that data and information has been reviewed and Privacy Act and privileged information is redacted, the United States will produce those materials to Liaison Counsel. The United States has represented to Liaison Counsel that it hopes to be able to produce these materials to them by the end of the month.

The United States pursuant to its understanding with Plaintiffs' counsel and at FEMA's request asked Plaintiffs to produce to the United States the result of the all EHU formaldehyde tests. This matter was recently addressed by the parties during a conference call, and it is the United States' understanding that Plaintiffs' counsel would produce those test results and data to the United States.

**B.     Formerly Occupied Testing:**

        **1.     Defendants**

a.     Testing by DSC of previously occupied units continues at one FEMA site, Hope, Arkansas. DSC will complete testing at Hope by January 31, 2009.

b.     Upon deposing PSC's testing related expert witnesses (Hewett, DeVany and Kaltofen), Defendants recognized that PSC has not provided a complete list of all units tested to date and has not provided information that would allow Defendants to determine who tested the units (occupants themselves versus vendors, the Sierra Club or others), or whether the non occupied units tested were "never occupied" or "previously occupied" units. DSC also learned that certain units were "double tested" – that is either by using both passive and active sampling techniques during the same testing period or by re-testing the same unit on a different day under different weather conditions. Defendants do not have a list of those units "double tested". In addition, PSC's expert Ms. DeVany's testing group shadow-tested five units which our defense testing team CTEH had just finished testing. Defendants have not been provided with the identity of those units. Defendants have requested this information from PSC. The PSC will provide the requested information to the parties once it has been compiled by its experts.

c.     DSC and the United States recently received a list of PSC tested units that included only FEMA bar codes and did not identify the units by VIN number, manufacturer, FEMA or other location where tested, which information PSC maintains for each of its tested units in its central testing database. DSC has requested PSC to provide a more complete list of tested units identifying the units by VIN numbers, manufacturer, FEMA bar code, whether units were occupied, never occupied or previously occupied, giving date and location of testing and identifying whether occupants, PSC testing contractor or government agencies performed the

testing so that DSC has a reasonable understanding of the type, number and conditions of testing of these units.  The PSC has agreed to provide this requested information when determinable.

        d.       Upon renewing its testing of units at FEMA sites, DSC understands that PSC's testing vendor has modified the test protocol to include use of a fan.  Defendants have requested that PSC provide an amendment to their written protocol to explain this modification.

        **2.**       **Plaintiffs**

The PSC is in the process of developing its statistical sample model and have not foregone the possibility that opportunity to perform additional testing of units at FEMA facilities will be requested.

        **3.**       **United States**

FEMA continues to accommodate both PLC and MDLC's reasonable requests for testing so long as the testing does not interfere with normal FEMA operations.  FEMA has continued to make all staging sites available to PLC and MDLC whenever possible.

FEMA has provided PLC and MDLC with its inventory information, on a rolling basis, beginning in February, 2008, and has made all of its staging sites available to them from that time.  FEMA's inventory information apparently does not contain the level of detail desired by PLC, such as place of manufacture.  Nevertheless, FEMA has given both PLC and MDLC access to all sites so that the private parties can determine which units they would like to test.

The Department of Energy's (DOE) contractor, University of California Berkley, operates the Lawrence Berkley National Laboratory (LBNL).  LBNL has conducted destructive/component testing of approximately four travel trailers.  LBNL has issued an interim report detailing its findings and the result of its tests.  Pursuant to Plaintiffs' Counsel Linda Nelson's request, the United States is collecting data and information relating to that testing, and

after Privacy Act and privileged information is redacted, the United States will produce those materials to Liaison Counsel. The United States hopes to produce these materials by the end of the month.

Plaintiffs have also issued a Freedom of Information Act (FOIA) request to DOE, LBNL seeking data and information relating to LBNL destructive/component part testing. The United States has requested that Plaintiffs withdraw that FOIA request. This is an issue that the United States believes will need to be addressed and resolved by the Court.

The PSC has issued and will issue FOIA and subpoena requested to testing agencies based upon information provided that such information will not be made available to FEMA and therefore will not be a part of the FEMA anticipated production. The PSC has agreed to withdraw the FOIA requests and to pursue the information through the use of subpoenas.

The United States pursuant to its understanding with Plaintiffs' counsel and at FEMA's request asked Plaintiffs to produce to the United States the result of the all EHU formaldehyde tests of formerly occupied units. This matter was recently addressed by the parties during a conference call, and it is the United States' understanding that Plaintiffs' counsel would produce those test results and data to the United States.

## V.     MOTION PRACTICE

The following Motions are pending:

Docket No. 1026 - Manufacturing Defendants' Joint Motion to Adopt Proposed Case Administration Order

Docket No. 1027 - Heartland Recreational Vehicles, LLC and Timberland RV Company's Joint Motion to Dismiss the Second Supplemental Complaint and Amended Complaint.

Docket No. 1052 - Exparte/Consent Motion for Leave to File First Supplemental and Amended Complaint by Plaintiffs' Liaison Counsel.

## VI. MOBILE HOUSING UNIT MANUFACTURERS SEPARATE "TRACK"

The PSC and the Non-Litigation Track defendants are currently operating under PreTrial Order No. 24 which limits the existence of the Non-Litigation Track to a period of six months from the date of entry of Pre Trial Order No. 24 (December 18, 2008) with the possibility of extension of the Non-Litigation Track at 90 day intervals. The Non-Litigation Track Defendants and the PSC shall report in writing to the Court every 30 days regarding the efforts made by the parties to determine whether an amicable resolution of those claims is possible. Pre Trial Order No. 24 addresses the limitations placed on the Non-Litigation Track defendants during merits discovery with other parties.

The United States notes that for purposes of any Case Management Order that some plaintiffs resided in both travel trailers and mobile homes, and as to the United States, all claims arising out of alleged exposure to excessive levels of formaldehyde in mobile homes have been dismissed by the Court's October 3, 2008 Order and Ruling [Docket No. 717].

The PSC objects to the United States' assertion that it has been dismissed in all mobile home cases as to the remaining theory of the Government's negligence.

## VII. DIRECT FILING INTO MDL

Plaintiffs have requested they be permitted to file claims directly into the MDL and request the Court enter and Order similar to the one used in *Vioxx* to facilitate this. The United States has conferred with Liaison Counsel on multiple occasions regarding Plaintiffs' request that the Government agree to allow them to file claims directly into the MDL. The United States has both substantive and logistic concerns regarding Plaintiffs' request that have not yet been resolved. Plaintiffs' Liaison Counsel has agreed to provide the United States with

information that they assert supports their position that the Court and parties can stipulate and allow direct filing of a claim into this MDL action.

By the time of the status conference with the Court, PLC would have provided more information which supports the direct filing position to counsel and to the Court.

## VIII.   NOTICES

Prior to the determination of class certification in this matter, the PSC moved for an Order compelling the United States / FEMA to provide a Third Party Administrator with a list of all individuals who have resided in FEMA trailers so that a notice could be sent out to them. The Court denied PSC's motion citing that it failed to see the need for an additional pre-certification notice. The Court stated, in its Pre Trial Order No. 9 (R. Doc. 297): "A notice will be disseminated on the class certification issue, whether or not class certification is granted."

The Court has denied class certification in this matter. The PSC will formally move for the entry of an Order to permit dissemination of information to trailer residents through a Court-approved Notice. The DSC has prepared a draft Notice for dissemination to which the PSC will suggests edits to it for the Court's approval. If an agreement cannot be reached, the DSC will publish its own notice pursuant to LA. C.C.P. 596.

The Court denied PSC's motion for an order to compel the United States/FEMA to provide a list of all individuals who resided in FEMA trailers information is protected by the Privacy Act. The Court in its Pre Trial Order made no determination as to what constitutes sufficient notice of its determination of the class certification issue, and what will constitute sufficient publication of any such notice.

## IX.   MISCELLANEOUS

A.	Both sides have requested the ability to purchase units from FEMA.  The parties need a plan for any destructive testing.  FEMA is processing those requests.

FEMA has agreed to sell Plaintiffs Liaison Counsel twenty-five (25) EHUs and Defendant Liaison Counsel twenty-five (25) EHUs.  The United States has requested and is waiting for Liaison Counsel provide the United States with a list of the 25 unoccupied units that they want to purchase.

FEMA has informed the PSC that the purchase of currently occupied units cannot be arranged for sale at a later date thus, the PSC will supply FEMA with a list of 25 units that are not currently occupied.

B.	PLC and at least some Defense Counsel have asked the United States to assist them in matching claimants with emergency housing units ("EHUs").  Since March 2008, the United States' position has been that it will conduct a search of its database and produce responsive information regarding the unit a particular person occupied if the requesting party provides GC with the particular claimant's name along with any and all relevant search information, including, but not limited to, the claimant's (a) full name; (b) FEMA ID Number; (c) Social Security Number; (d) date of birth; (e) and address or location where he or she occupied an EHU.

The United States asks that Liaison Counsel, in submitting any such matching requests, submits their requests in the following manner: (1) requests should be sent in groups of approximately 500 claimants; (2) requests should include a list of names in Excel or PDF spreadsheet format; and (3) for each family of occupants, only the name of the head of household or one adult family member should be listed – no children or other minors should be included.  Providing the United States with the requested information in this manner will help reduce

search costs, increase the likelihood of matching a particular claimant and his or her family to a particular EHU, and allow FEMA to process and track requests as efficiently and promptly as possible.

Plaintiffs' Liaison Counsel has issued a formal discovery request seeking the matching information for claimants represented by four law firms. These four law firms have provided some but not all of the relevant search information requested by FEMA. Notwithstanding this fact, the United States has requested that FEMA search and produce the requested information.

The PSC will supplement the formal discovery for matching information as it is received from other counsel.

C.   The United States submits that it plans to file a motion challenging the Court's subject-matter jurisdiction in the near future. This motion will be predicated on the legal framework set forth in the Court's October 3, 2008 Order and Ruling [Docket No. 717], and will be based in large-part on a factual showing grounded in facts that have been elicited during the course of class certification discovery and obtained during recent factual inquiries. The United States anticipates that this will not affect the status of merits discovery and recognizes that Plaintiffs will likely want sufficient discovery prior to having to respond to any such motion.

D.   Plaintiffs' Counsel has issued Freedom of Information Act (FOIA) requests to at least one federal agency seeking to discover information that they have also asked the United States to produce. Government counsel has requested that Plaintiffs' counsel withdraw and refrain from issuing any further FOIA requests, but rather request production of any such information that may be in the possession of FEMA through Fed. R. Civ. P. 34, Requests for Production or that may be in possession of other federal agencies through a Fed. R. Civ. P. 45 Subpoena. The United States is waiting for Plaintiffs' response to its request.

The PSC has become aware that certain information requested in its subpoenas and FOIA requests will not be made available to FEMA and therefore there remains a need for such requests.

E. United States believes that an Order setting forth a more formalized process for preparing and finalizing any Joint Final Pretrial Order (PTO) should be entered – potentially staggered deadlines for exchange of the PTO -- to avoid the logistic difficulties associated with the parties preparation of the Class Action Hearing PTO.

BY: s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
gmeunier@gainsben.com
s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
jwoods@gainsben.com

s/Andrew D. Weinstock
ANDREW D. WEINSTOCK, #18495
**DEFENDANTS' LIAISON COUNSEL**
Duplass, Zwain, Bourgeois,
Pfister & Weinstock
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
Telephone: 504/832-3700
Facsimile: 504/837-3119
andreww@duplass.com

                        <u>s/ Henry T. Miller</u>
                        HENRY T. MILLER
                        Senior Trial Counsel
                        ADAM M. DINNELL
                        MICHELLE G. BOYLE
                        Trial Attorneys
                        **ATTORNEYS FOR THE UNITED STATES OF AMERICA**
                        United States Department of Justice
                        Civil Division - Torts Branch
                        1331 Penn. Ave., NW, Rm. 8203-N
                        Washington, D.C. 20004
                        Telephone:     202/616-4449
                        Henry.Miller@usdoj.gov
                        Adam.Dinnell@usdoj.gov
                        Michelle.Boyle@usdoj.gov