UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-5"<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

THIS DOCUMENT IS RELATED TO ALL CASES

------------------------------------------------------------------------

### MEMORANDUM IN SUPPORT OF PSC'S MOTION FOR DIRECT FILING INTO THE EASTERN DISTRICT OF LOUISIANA

MAY IT PLEASE THE COURT:

The Plaintiffs' Steering Committee (PSC) requests that this Honorable Court issue an order allowing for the direct filing of federal complaints into this MDL with respect to actions which otherwise would be transferred into the MDL if first filed in another venue. This order will eliminate the delays associated with transfer and/or removal of cases into the MDL and significantly further the judicial efficiency of these consolidated proceedings.

**I.   THE PROPOSED ORDER**

A proposed order is attached hereto as Exhibit A. It would allow new federal complaints which are FEMA-Formaldehyde-related to be filed through the CM/ECF system in the Eastern District of Louisiana immediately, thus including them for consolidation in this MDL without the delays entailed in the physical steps of first filing elsewhere, followed by transfer. Although the proposed order allows complaints properly associated with a venue other than the Eastern District of Louisiana to be directly filed in the Eastern District, this filing is solely for

administrative convenience. It would not constitute, or call for, this Court's a determination that the Eastern District of Louisiana is a proper venue for any direct-filed case which otherwise would have been initiated in a different forum. The purpose and effect of the order is mechanical, and procedural only, not substantive.

The venue in these direct-filed cases will be pled as if the case were being initially filed in that venue. Whether the venue is proper will be determinable either in other venues or here, post-remand and/or transfer. For example, a case whose proper venue by law is the Western District of Louisiana and which is filed directly into the MDL pursuant to the order, will not, by virtue of the filing, establish proper venue for that case in the Eastern District. It simply will be <u>directly filed</u> in the Eastern District in order to eliminate delays and preserve judicial economy. At the conclusion of these MDL proceedings, such a case will be transferred to the Western District of Louisiana as the designated forum in the complaint, where the propriety of the Western District as a forum can be determined in that forum following transfer. At that time, defendants will have an opportunity to exercise their right to challenge the chosen and designated venue of each case, including those directly filed in the MDL pursuant to the proposed order. There is no more delay or inconvenience for defendants in this scenario than exists under the traditional, "file first elsewhere and transfer" procedure.

For the procedure to be workable for plaintiffs, of course, the order does provide that prescriptive periods will be deemed interrupted by the direct MDL filing in these cases <u>where the designated venue ultimately is found to have been proper</u>.

The concern whether a directly- case in this MDL can later be transferred by this Court to a designated forum in which no initial filing occurred, is readily resolved based on (a) the scope of this court's MDL authority (*infra*), and (b) appropriate communication as needed between this

Court and transferee courts (to assure, for example, that a docketing and a case number are made available for matters first filed in the MDL but designating venue in the transferee court).

## II. THE PROPOSED ORDER IS WITHIN THE COURT'S AUTHORITY

Under the Federal Rules of Civil Procedure, this Court has broad discretionary authority to issue the type of order in question. Rule 16 provides, in pertinent part, that "[a]t any pretrial conference, the court may consider and take appropriate action on the following matters: … adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems." Fed. R. Civ. Pro. Rule 16(c)(2)(L). Here, following the denial of class certification, it has become necessary for all plaintiffs individually and by name to bring actions in order to avoid the expiration of their respective prescriptive or limitations periods. The PSC, upon information and belief, estimates that hundreds of such future complaints now may be filed. The procedural delays and costs of the filing and transfer of each of these cases to the Eastern District for consolidation in the MDL will entail a considerable expenditure of time and resources. Under Rule 16 this Court has the express authority to fashion a case-specific, "special-procedure" to manage complex litigation, pursuant to which authority all MDL plaintiffs should be authorized to file complaints directly in the Eastern District of Louisiana for the sake of case management efficiency.

In addition, Rule 42 of the Federal Rule of Civil Procedure provides authority for a district court judge to issue the order proposed by the PSC. This rule states, in pertinent part, that "[i]f actions before the court involve a common question of law or fact, the court may… issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. Pro. Rule 42(a)(3). The very

3

purpose of this MDL is to efficiently and expeditiously address and litigate matters involving common questions of law or fact. *See* 28 U.S.C. §1407. As noted previously, the filing of potentially hundreds of complaints in various districts - complaints which then will be transferred and/or removed into the MDL - is neither desirable nor necessary. Rule 42 is an express delegation of case management authority to this Court to issue orders such as the one proposed herein, given that this MDL is, by definition, a proceeding established to address and resolve common questions of law and fact.

Broad authority also is granted to this Court by Rule 83 of the Federal Rules of Civil Procedure. This rule authorizes a district judge to "regulate practice" in any manner consistent with federal law and the district's local rules. The issuance of the proposed order would be appropriate regulation of procedural practice in the MDL pursuant to Rule 83(b); the direct-filing provision of the order is not inconsistent with federal procedure, inasmuch as the cases in question are destined by transfer to become part of this MDL.

Finally, there is precedent for the proposed order in an Eastern District of Louisiana MDL. Pretrial Order #11 in the case of *In re: Vioxx*, attached hereto as Exhibit B, was entered by Judge Fallon to accomplish the exact efficiency which is the object of the instant motion. There, the defendant stipulated to waive improper venue objections under the direct-filing order entered by the Court. Here, no defendant is asked to waive any such objections. Any such objections simply are deferred until the cases are remanded and/or transferred to the fora designated as proper venues in the direct-filed cases.

The Manual for Complex Litigation (4th ed.), §10.1, makes it clear that both express and <u>inherent</u> powers enable a judge to exercise extensive supervision and control of the litigation. "Judges should tailor case-management procedures to the needs of the particular litigation and to

4

the resources available from the parties and the judicial system." MCL 4th §10.1. Here, the sheer numerosity of complaints to be filed and transferred into the MDL readily demonstrates the urgent need for a tailor-made procedure to bypass costly delays, and bring all related cases efficiently into these proceedings.

### III. CONCLUSION

The PSC's Motion for Direct Filing into the Eastern District of Louisiana requests this Court essentially to exercise authority it possesses under the Federal Rules of Civil Procedure and Manual for Complex Litigation. The filing of new complaints emanating from other districts directly into this MDL will skip the physical step of an initial filing elsewhere, followed by transfer. The defendants' jurisdictional, venue and prescription arguments are fully preserved and are not prejudiced. They are merely deferred, as they would be in any event. The benefits of avoiding the costs and delays of potentially hundreds of filings and transfers surely outweigh any concerns for rigid adherence to a more traditional MDL process. If, as the PSC submits, this Court is authorized to enter the requested order, there are compelling reasons why this authority should be exercised under the present circumstances.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
      GERALD E. MEUNIER, #9471
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier &
      Warshauer, L.L.C.

        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana  70163
        Telephone:     504/522-2304
        Facsimile:     504/528-9973
        gmeunier@gainsben.com


        s/Justin I. Woods
        JUSTIN I. WOODS, #24713
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana  70163
        Telephone:     504/522-2304
        Facsimile:     504/528-9973
        jwoods@gainsben.com


        **COURT-APPOINTED PLAINTIFFS'**
        **STEERING COMMITTEE**
        ANTHONY BUZBEE, TEXAS #24001820
        RAUL BENCOMO, #2932
        FRANK D'AMICO, JR., #17519
        MATT MORELAND, #24567
        LINDA NELSON, #9938
        RONNIE PENTON, #10462


**CERTIFICATE OF SERVICE**


I hereby certify that on January 30, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-call mail to all counsel of record who are non-CM/ECF participants.

        s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471