## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| IN RE: | **FEMA TRAILER** | § | **MDL NO. 1873** |
| | **FORMALDEHYDE PRODUCTS** | § | **SECTION "N" (4)** |
| | **LIABILITY LITIGATION** | § | |
| | | § | **JUDGE ENGELHARDT** |
| | | § | **MAG. JUDGE ROBY** |

**This Document relates to:**
***Bauer* 08-5031**

---

## LIST OF DEFENSES AND MOTIONS TO BE PRESERVED
## BY JAYCO, INC.

Pursuant to Pretrial Order No. 4 (Rec. Doc. No. 130), defendant Jayco, Inc. ("Jayco")

submits the following list of defenses and/or motions to be preserved in the following underlying

action[1] which are currently pending in the above captioned multidistrict litigation proceeding:

1.   ***Bauer  v. Liberty Homes, Inc., et al.*, No. 08-5031 (E.D. La.)**

     (a)   Rule 12(b)(5):  Insufficiency of Service of Process;

     (b)   Rule 12(b)(1):  Lack of subject matter jurisdiction over claims;

     (c)   Rule 12(b)(3):  Improper venue;

---

[1] It is unclear the extent to which the 2nd Amended Master Complaint supersedes, amends and/or replaces the allegations asserted by the plaintiffs in each of the underlying actions.  Thus, in an abundance of caution and to ensure that relevant motions and defenses are preserved, for each underlying action in which it has been named as party, Jayco has listed the defenses and motions applicable to that underlying action <u>and</u> the 2nd Amended Master Complaint.

(d)    Rule 12(b)(6):  Failure to state to claim for negligence, negligence per se, gross negligence, recklessness and willfulness, strict liability in tort because these theories of recovery are Louisiana Products Liability Act based claims;

(e)    Rule 12(b)(6):  Failure to state a claim for breach of implied and express warranty because those claims are not available to plaintiffs, and to the extent that they are available, they are precluded by the Louisiana Products Liability Act;

(f)    Rule 12(b)(6): Failure to state a claim for medical monitoring damages under Louisiana, Mississippi, Texas or Alabama law because plaintiffs have not alleged a present and manifest injury;

(g)    Rule 12(b)(6): Failure to state a claim for injunctive relief;

(h)    Rule 12(b)(6): Failure to state a claim for attorney's fees;

(i)    Rule 12(b)(6): Failure to state a claim for punitive damages;

(j)    Rule 12(b)(6): Failure to state a claim because plaintiffs failed to make any particularized allegations regarding their injuries and damages, and failed to make any particularized allegations connecting any particular plaintiff to conduct by any particular defendant;

(k)    Rule 12(e): Motion for more definite statement of the complaint based on plaintiffs' failure to make particularized allegations about their injuries and damages and failure to made any particularized allegations about any particular defendants' alleged conduct;

(l)    Rule 21: Improper joinder: Failure to satisfy requirements for joinder of parties under FRCP 19 and 20;

(m)    Rule 12(b)(6): Failure to state a claim for breach of express warranty under Alabama, Mississippi, and Texas law;

(n)    Rule 12(b)(6) : Failure to state a claim for breach of implied warranty of merchantability under Alabama, Mississippi, and Texas law;

(o)    Rule 12(b)(6): Failure to state a claim for breach of implied warranty of fitness for particular purpose under Alabama, Mississippi and Texas law; and

(p)    Rule 9(b):  Failure to plead fraud and misrepresentations with particularity.

Respectfully submitted,

**WILLINGHAM, FULTZ & COUGILL LLP**


By:  *Thomas L. Cougill*
        THOMAS L. COUGILL
        Texas State Bar No. 04877300
        Louisiana State Bar No. 31112
        R. MARK WILLINGHAM
        Texas State Bar No. 21641500
        JEFFREY P. FULTZ
        Texas State Bar No. 00790728
        Mississippi Bar No. 101058
        Niels Esperson Building
        808 Travis Street, Suite 1608
        Houston, Texas  77002
        (713) 333-7600 – Telephone
        (713) 333-7601 – Facsimile

**Attorneys for Jayco, Inc.**

### CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system.  Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system.  I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the  5ᵗʰ  day of February, 2009.


                               *Thomas L. Cougill*
                               THOMAS L. COUGILL