UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-5"<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

THIS DOCUMENT IS RELATED TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

<u>**MEMORANDUM IN SUPPORT OF**</u>
<u>**PSC MOTION FOR APPROVAL OF COURT**</u>
<u>**NOTICE TO FORMER CLASS MEMBERS**</u>

**MAY IT PLEASE THE COURT:**

On December 29, 2008, the Court denied class certification in these proceedings. *See* Order and Reasons of 12/29/08 (Doc. 1014). Under the U.S. Supreme Court's decisions in both *American Pipe and Construction Co. v. Utah*, 414 U.S. 358, 94 S.Ct. 756, 38 L.Ed.2d 713(1973) and *Crown, Cork and Seal Co., Inc. v. Parker*, 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983), the commencement and pendency of class allegations had suspended the applicable statute of the limitations as to all individual members of the class. Any suspension of the running of the applicable statutes of limitations on this basis obviously ended with the denial of class certification. *See Crown, Cork and Seal Co., Inc. v. Parker*, *supra*, 462 U.S. at 354. As to most of the defendant manufacturers, in particular, the running of the statutes of limitations applicable to the various claims of putative class members against these entities commenced/recommenced

on December 29, 2008.[1]

Rule 23(d)(1)(B) of the Federal Rules of Civil Procedure (FRCP) authorizes a federal district judge to issue orders in the course of proceedings instituted as class actions, for the purpose of affording appropriate notice to some or all class members in order "to protect class members and fairly conduct the action...." *See* FRCP 23(d)(1)(B); Advisory Committee Notes, FRCP 23 (Thompson West 2008 Ed.) at 129. Such notice to claimants now should be ordered by the Court pursuant to this authority, both to inform former class members of the termination of class action proceedings and to inform them of the implications of this development with respect to the time delays for preserving their legal remedies through the filing of individual claims. This exercise of the Court's notice authority under Rule 23 would be justified under both of the twin objectives noted *supra*, i.e., protection of the important legal rights of absent claimants, and maintaining fundamental fairness in the conduct of these proceedings.

There is jurisprudential precedent for such a notice following a decision denying class certification. In *Sanft v. Winnebago Industries, Inc.*, No. C01-3067-MWB (N.D. Iowa 7/28/03), 216 FRD 453, the district judge cited the provisions of FRCP 23(d)(1)(B) [formerly, and as of the time of the decision in *Sanft*, FRCP 23(d)(2)], for the proposition that following a denial of

---

[1] Prior to the December 29, 2008 denial of class certification, the Court also dismissed certain defendant manufacturers from the class action on the grounds that plaintiffs named in an amended Master Complaint adding these defendants, were not shown to be linked or matched to a particular defendant manufacturer. *See* Order of 8/1/08 (Doc. 604). The PSC then was granted leave to amend the Master Complaint in a way that matched as many of these defendants to the named plaintiffs as possible. Following this amendment matching plaintiffs (on 10/6/08), the Court entered a series of orders prior to December 29, 2008 which dismissed certain unmatched defendants from the class action. *See* Orders of Dismissal dated 11/3/08 as to Indiana Building Systems, d/b/a Holly Park (Doc. 800); 11/6/08 as to Morgan Building and Spas (Doc. 842); 12/10/08 as to Giles Family Holdings, Southern Energy Homes and SunRay RV LLC (Doc. 972); and 12/16/08 as to Palm Harbor (Doc. 988).

class certification the Court should authorize a notice to former class members "for the protection of the members of the class [and] otherwise for the fair conduct of the action...." 216 FRD at 460. The specific rationale given by the district judge in that case applies with equal force to the facts at hand:

> Courts have required notice pursuant to Rule 23(d)(2) [now FRCP 23(d)(1)(B)] where the facts of the case show that lack of notice would unduly prejudice the ability of absent class members to bring independent actions on their claims, either by limiting the right of absent class members to recovery in a subsequent suit, or by encouraging continued reliance by unnamed class members on the activity of named class members on their behalf [citations omitted]. Here, as a practical matter, the circumstances of this case pose a significant risk of prejudice to putative class members who do not receive notice of this order. This suit has been pending for almost two years. <u>If the putative class members do not receive notice of this order they may permit the statute of limitations to run on their claims</u>. The court is therefore of the opinion that notice of this order should be given to putative class members.

*Id.* at 460 [emphasis added].

During the pendency of this MDL, particularly since it involves district court actions not only filed directly here but also transferred here from other fora, it is reasonable to conclude that a number of absent claimants who fell within the previously-proposed definition of the plaintiff class have relied, and may continue to rely, upon the legal steps taken by named plaintiffs and plaintiffs' counsel in these consolidated proceedings. Unaware that the statute of limitations again is running as to their individual claims, these individuals now are at risk for their legal claims becoming time-barred. The risk of so grave a "legal injury" to these absent claimants and former class members, surely outweighs any speculation to the effect that by now they might or "should" have become otherwise educated as to the need to file individual lawsuits. Indeed, in

-3-

much of the publicity surrounding this litigation, it has been reported that a class action was brought on behalf of all those who occupied FEMA-provided emergency housing units after Hurricanes Katrina and Rita.

Moreover, the absent claimants in question do not constitute a sophisticated or highly-educated class population. These are individuals who were in need of emergency housing assistance following the hurricanes. They now may be disbursed throughout the four-state area covered by the former class definition, and still in the process of securing permanent housing and/or returning to the places where they were residing when the hurricanes struck. As in *Sanft*, the post-denial of certification notice authority of FRCP 23 affords this Court an appropriate vehicle to address the very real prospect that such individuals will remain legally uninformed, and thereby permit the statutes of limitations to run on their claims.

It also should be emphasized that in an earlier ruling which forms a part of this record (and which therefore has been posted for public viewing through the Court's website), Your Honor has stated unequivocally that "[a] notice will be disseminated on the class certification issue, whether or not class certification is granted." *See* Pretrial Order No. 9 (Doc. 297) [emphasis added]. The failure to provide for such notice now would be more than problematic. In addition to not affording needed protection and fairness as called for under Rule 23(d)(1)(B), such inaction would be contradictory to an unequivocal declaration by way of Court order. Any number of claimants, and/or their counsel, no doubt have been proceeding in reliance upon that order and its promise that, whatever the decision on certification, a notice would be disseminated.

Two basic issues are to be decided in regard to the requested notice: (1) content, and (2)

the method of dissemination.  As to the first, the PSC respectfully attaches hereto two proposed notices, one to be published in newspapers and the other to be disseminated through public service announcements by radio.  These notices have been circulated to opposing counsel for comment, prior to the filing of this motion.  The defendant manufacturers have responded by proposing to strike the concluding language in each notice to the effect that the notice is Court-authorized or approved.  This change would, in the view of plaintiffs, undermine the primary purpose and benefit of the notice, for it is essential that the requested notification to claimants not be viewed as attorney advertising or solicitation.  Communications by lawyers to the public about legal proceedings commonly occur as part of a marketing effort.  Given the seriousness of what now is at issue (the possible expiration of legal claims), the PSC submits that it is critical that those receiving and hearing the proposed notifications be made aware that the content of this communication is not commercially-motivated, but Court-authorized and approved.

As to the matter of disseminating the notices, the Court will recall that the PSC previously had sought to procure by order from the defendant FEMA a mailing list of all individuals who applied for the units in question.  With the passage of time, however, any such renewed effort to mail notices using FEMA's list likely would result in a relatively small return for the effort (and expense).  Since this list initially was confected, a significant number of the families and individuals in question no doubt have moved elsewhere, and critical time will be lost in simply trying to update the list or secure forwarding addresses.  Accordingly, as the best practicable means of reaching former class members, the PSC suggests a two-fold method of dissemination: (1) appropriately time-spaced and repeated newspaper announcements in the four states covered by the former class (Louisiana, Mississippi, Texas and Alabama), and (2) public

service announcements on radio broadcasting in selected, densely-populated areas within these four states.  The PSC respectfully asks that the Court, on the granting of this motion, direct the parties to confer and present to the Court an acceptable, more detailed protocol for dissemination, consistent with the foregoing.

Liaison counsel for the defendant manufacturers has indicated there may be objection to the proposed use of public service announcements by radio.  However, the Court should take judicial notice of the fact that the disbursed population of former class members is likely to include many who do not subscribe to or read newspapers, and/or many displaced individuals who now spend time commuting in vehicles between their homes and places of employment.  Radio announcements, particularly during such commute times, will be an appropriate, simple and cost-effective means of supplementing the notices that appear in print.

Finally, as to the costs associated with the dissemination of the requested notices, the PSC asks that these costs be equally divided among (a) plaintiffs, (b) the defendant manufacturers, and (c) the defendant Government.  All parties benefit from a Court-approved method to help assure that absent claimants who wish to litigate, appear sooner rather than later, and presumably while this MDL remains a viable device for resolution.

For the foregoing reasons, the PSC respectfully asks that the attached notices be approved and authorized at this time.

                                    Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:   504/528-9973
gmeunier@gainsben.com


s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:   504/528-9973
jwoods@gainsben.com


**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
   ANTHONY BUZBEE, Texas # 24001820
   RAUL BENCOMO, #2932
   FRANK D'AMICO, JR., #17519
   MATT MORELAND, #24567
   LINDA NELSON, #9938
   RONNIE PENTON, #10462


**CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are

non-CM/ECF participants.

                                              s/Gerald E. Meunier
                                              GERALD E. MEUNIER, #9471