UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER )<br>          FORMALDEHYDE PRODUCTS )<br>          LIABILITY LITIGATION ) | MDL NO. 1873 |
| ) | SECTION "N" (4) |
| ) | |
| ) | JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO <u>ALL</u> CASES ) | |
| ) | |

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' PROPOSED
NOTICE OF COURT'S DENIAL OF CLASS CERTIFICATION MOTION**

The Manufacturing Defendants (the "Manufacturing Defendants") submit this memorandum to address the Plaintiffs' proposed notice of the Court's December 29, 2008 ruling denying class certification.[1] The Plaintiffs Steering Committee ("PSC") and the Manufacturing Defendants both agree that a notice of that ruling should be issued. But, the PSC and Manufacturing Defendants disagree about the content of the notice and the method of distributing it.[2]

**SUMMARY OF ARGUMENT**

The Manufacturing Defendants object to the PSC's proposed notices in two respects:

- The statement that the notices have "been approved and ordered by Judge Kurt Engelhardt, U.S. District Court, Eastern District of Louisiana, New Orleans, Louisiana"; and

---

[1]   Rec. Doc. No. 1014.

[2]   See Plaintiffs' proposed notice (Rec. Doc. 1095-3) and Defendants' proposed notice, attached hereto as Exhibit "A."

- The statement that the recipients of the notices "should immediately" consult an attorney to discuss any applicable deadlines.

Neither of these two statements is appropriate for the proposed notices. The Fifth Circuit and other Louisiana federal district courts have recognized that once class certification is denied, Rule 23 does not authorize the court to issue a notice to former members of the putative class. In addition, even if Rule 23 authorized the notices at this stage of the litigation, the PSC's proposals would confuse potential plaintiffs and lead them to believe the Court was ordering them to pursue claims and/or contact an attorney.

The Manufacturing Defendants also object to the PSC's plan to publish the notices in the newspaper <u>and</u> as so-called "public service announcements" on radio and television. The Manufacturing Defendants suggest that a notice published in several regional newspapers is sufficient publication of the Court's ruling. The Manufacturing Defendants agree to pay a share of the cost of such publication. However, if the PSC chooses to use radio and television notice, the Manufacturing Defendants object to paying for any portion of the costs of those notices.

**1.    The proposed notices cannot state that they are "approved and ordered" by the Court.**

The U.S. Fifth Circuit and several Louisiana federal district courts have recognized that Federal Rule 23 does not allow a court-ordered notice of a denial of class certification. Most recently, Judge Duval reached this conclusion in *Street v. Diamond Offshore Drilling*. In that case, after he denied class certification, the plaintiffs sought a court-ordered notice of the ruling. Rejecting the notice request, Judge Duval wrote:

> The Court finds plaintiff's arguments unpersuasive. In this instance, there has been no dismissal or compromise. Rather the only action taken was the denial of class certification. As such the Court finds the extensive analysis found in *Rineheart v. Ciba-Geigy Corp*….persuasive and adopts the analysis found therein. **As that court concluded, there is no jurisprudential precedent in**

> **the Fifth Circuit or in other districts for public notice of the mere denial of class certification when dismissal or settlement is not involved.** [3]

Judge Duval expressed concern about how the notice might be interpreted: "In addition, the Court is leery of ordering such a notice as it might be perceived by some potential plaintiffs as a tacit suggestion of the Court that a lawsuit should be filed under circumstances of the present case."[4] This concern is not unfounded, and other courts have recognized it.[5]

The *Rineheart* decision analyzed the notice issue in more depth. There, the court concluded that while Rule 23 (e) requires notice of a dismissal or settlement of a class action, notice is not required or permitted for a denial of class certification. Citing the Fifth Circuit's earlier rulings in *Pearson v. Ecological Science Corp.*, Judge Polozola wrote:

> In both *Roper* and *Pearson*, the Fifth Circuit was addressing when notice of a dismissal or settlement is required under subdivision (e) of Rule 23. In the present case, there was no dismissal or settlement. Instead, there was a ruling made by the Court which denied the plaintiffs' motion for class certification. *Pearson* specifically holds that no notice of a dismissal or settlement to asserted class members is required if there has been a judicial denial of class certification. **Thus, under the clear procedures set forth by the Fifth Circuit in *Pearson*, there is no legal or other basis for this Court to order a public notice of the denial of**

---

[3] 2001 WL 883216 (E.D. La. 2001), internal citations omitted and emphasis added.

[4] *Id*. at p. 1, citing *Rineheart*, 190 F.R.D. 197, 201 (M.D. La. 1999).

[5] *See Elias v. National Car Rental Systems, Inc*., 59 F.R.D. 276 (D. Minn. 1973) (The court there finding that issuing the notice would be "in a sense merely soliciting a client for plaintiff's counsel under the aegis of the court. This would be improper."); *See also*, *Polakoff v. Delaware Steeplechase and Race Ass'n,* 264 F. Supp. 915, 916 (D. Del 1966) (Ruling on plaintiffs' request for a notice under prior version of Rule 23, the Court noted that if it "were to grant plaintiffs' motion, the normal consequence would be that many persons would incorrectly infer that this Court regarded the plaintiffs' complaint as a prima-facie well-founded and had required a prompt notice to all who had been victimized so that they might not by delay or inaction lose valuable rights.")

> **class certification since no dismissal or compromise was involved.[6]**

Courts in other circuits have reached this same conclusion, finding that notice is not appropriate after a denial of class certification.[7] Consequently, the Manufacturing Defendants respectfully suggest that the PSC's proposed notice cannot include any language suggesting that it is either approved or ordered by the Court.

The PSC's memorandum does not discuss *Rineheart* or any other Fifth Circuit law on point. Instead, the PSC mistakenly relies on the language of Rule 23(d)(1)(B) as authority for its proposed notice. On its face, this subsection only applies to pending class actions and allows notice to "…fairly conduct the action." Obviously, once the class action claims are denied, there is no class action left to conduct. In addition, this subsection only allows notice concerning certain topics, none of which apply here. The PSC does not cite any other provision of Rule 23

---

[6] *Rineheart*, 190 F.R.D. at 200.

[7] Courts in other circuits have found that notice is not required when it is determined that an action is not maintainable as a class action. *See Maddox & Starbuck, Ltd. v. British Airways*, 97 F.R.D. 395, 398 (S.D.N.Y. 1983) (Court denied plaintiff's request to give notice of denial of class certification motion), *Manes v. Goldin*, 400 F. Supp. 23, 31 (E.D.N.Y. 1975), aff'd, 432 U.S. 1068 (1976) ("Notice to potential class members is not required, absent special circumstances, when an action brought on behalf of a class is dismissed on the merits."); *Beaver Assocs. v. Cannon*, 59 F.R.D. 508, 510-511 (S.D.N.Y. 1973) ("[T]he Court disapproves of the use of this action as a class claim and the class allegations are hereby stricken.... It follows that since the claims asserted herein can appropriately be viewed only as individual, rather than representative, claims, the notice provisions cited above do not apply."); *Dolgow v. Anderson*, 53 F.R.D. 664, 690 (E.D.N.Y. 1971), aff'd, 464 F.2d 437 (2d Cir. 1972) ("Since the dismissal of the class action aspect of the case is on the merits, no notice to prospective members of the class is required."); *Berger v. Purolator Prods., Inc.*, 41 F.R.D. 542, 545 (S.D.N.Y. 1966) ("[T]his action is not now maintainable as a class action and approval by the court of the proposed compromise is not required.").

as support for the notice.[8]

The PSC also relies on a case in the Northern District of Iowa, *Sanft v. Winnebago Industries, Inc.*, to support its proposed notice.[9] This case is not applicable here for a number of reasons:

- *Sanft* is not binding on this Court and does not discuss any of the developed Fifth Circuit case law on the Rule 23 notice issue;
- The *Sanft* court specifically delayed the effective date of its ruling denying class certification so that the notice could be issued. Thus, unlike the situation here, the plaintiffs' class claims in *Sanft* were still pending at the time the court issued notice.[10]
- The notice used in *Sanft* did not state that it was "authorized or ordered" by the Court, as proposed by the PSC here.

As additional support for its argument, the PSC suggests that former members of the putative class are presently relying on the named plaintiffs to pursue their claims. Absent notice, the PSC contends that these potential plaintiffs may not timely pursue their claims. The PSC did not offer any evidence to support this contention, but in any event, other courts have rejected this as a basis for issuing notice.[11]

---

[8] The PSC did not cite Rule 23(e) as authority for its notice. That section authorizes notice in two circumstances not present here—dismissal or settlement of class claims.

[9] 216 F.R.D. 453 (N.D. Iowa 2003), cited at Rec. Doc. No. 1095, p. 2.

[10] *Id*. at 460.

[11] The theoretical possibility that some members of a proposed class action may continue to rely on the named plaintiffs for the prosecution of a claim has been described as a "not persuasive basis for requiring notice" following the denial of class certification. *Maddox & Starbuck. Ltd.*, 97 F.R.D. at 397.

**2.      The proposed notice should not contain any imperative language.**

The PSC's proposed notices also states that prospective plaintiffs "should immediately consult with an attorney to discuss the deadline that applies to your individual claims." This language suggests that a prospective plaintiff *must* contact an attorney. Obviously, there is no such requirement. In addition, the PSC's proposed notice could confuse potential plaintiffs and lead them to believe that (a) they have to pursue a claim; and (b) that if they do file a claim, they can't do so in an individual capacity.

The Manufacturing Defendants' proposed notice is straightforward and fairly written. It provides sufficient information to any person who wishes to pursue a claim. It provides information about the nature of the case and the Court's ruling on class certification. It also provides an internet link that a potential plaintiff may consult to learn more information about the litigation and the Court's rulings. The PSC's proposed language goes beyond this basic information, and, in the context of the entire notice, suggests that a prospective plaintiff is required to contact an attorney because the Court denied class certification. That is simply not correct, and is not appropriate for the proposed notices, particularly where Plaintiffs attempt to stamp the Court's imprimatur on the notice.

**3.      The Method of Notice**

The Manufacturing Defendants suggest that publication in newspapers in Louisiana or in the Gulf South is a sufficient method of notice. That position is based, in part, on the language of Louisiana Code of Civil Procedure Article 596 (3) that provides that notice of a denial of class certification may be provided by "mailing or other delivery or publication." Although the article is not binding on this Court, it suggests that in Louisiana state procedure, the method of notice is

flexible. The notice should be reasonably calculated to notify former class members about the Court's ruling. Newspaper publication is sufficient to accomplish this purpose. Therefore, the Manufacturing Defendants suggest that the notice be published in the large metropolitan newspapers in the Gulf South.

If the PSC wishes to use television and/or radio notices in addition to newspaper publication, the Manufacturing Defendants have no objection to those methods of notice provided that (a) the PSC follows the Manufacturer Defendants' proposed notice language; and (b) the PSC pays for the radio and television notice on its own.[12]

Respectfully submitted,

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

s/Andrew D. Weinstock

_____
**ANDREW D. WEINSTOCK #18495
JOSEPH G. GLASS #25397**
3838 N. Causeway Blvd., Suite 2900
Metairie, LA 70002
(504) 832-3700
Defense Liaison Counsel

**CERTIFICATE OF SERVICE**

I hereby certify that on February 11, 2009, I electronically filed the foregoing notice with the Clerk of Court by using the CM/ECF system which will send notice of the electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing

---

[12] The Manufacturing Defendants question whether the proposed notice is correctly styled as a "public service announcement." Given the commercial nature of the announcement, that reference seems misplaced and may create confusion about the purpose of the notice.

document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

*s/ Andrew D. Weinstock*
Andrew D. Weinstock
