UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION "N" (5)<br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

THIS DOCUMENT RELATES TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

DEFENDANT UNITED STATES OF AMERICA'S MEMORANDUM
IN OPPOSITION TO "PSC MOTION FOR APPROVAL OF COURT
NOTICE TO FORMER CLASS MEMBERS" [Docket No. 1095]

INTRODUCTION

Defendant United States of America ("United States") submits this memorandum in opposition to the Plaintiffs' Steering Committee's ("PSC") "Motion For Approval of Court Notice to Former Class Members" [Docket No. 1095]. This motion is noticed for hearing at 9:30 a.m., Wednesday, February 25, 2009 [Docket No. 1095-5].

PSC seek an order requiring the United States and other defendants to share the costs associated with providing a notice informing all persons who formerly were members of the proposed plaintiff class that class certification was denied. In response, the United States hereby incorporates by reference the Defendant Manufacturers' Steering Committee's ("DMSC") arguments in opposition to the PSC's motion, *see* DMSC's Memorandum in Opposition to Plaintiffs' Proposed Notice Of Court's Denial of Class Certification Motion [Docket No. 1097], and submits this separate Memorandum in order to explain additional reasons why PSC's motion and proposed order (specifically ¶3) should be denied.

In light of "Pretrial Order No. 9" [Docket No. 297], the United States does not argue that a notice should not be issued,[1] nor does the United States disagree with PSC's assessment that attempting to provide notice through the use of a FEMA mailing list would prove both ineffective and inefficient. *See* PSC Memorandum in Support of Motion at 4 [Docket No. 1095-2]. Rather, the United States specifically objects to PSC's proposal because, given the nature of PSC's former class claims against the United States, there is no reason why the United States should have to pay any costs associated with preparation or issuance of a notice.[2] As it relates to the United States, the Court's denial of class certification only affected the legal rights of nineteen (19) persons; claimants who had actually filed suit against the United States, are represented by counsel, and have through their counsel received notice of the Court's December 29, 2008, Order and Ruling. To the extent any other persons relied, or, may continue to rely, upon expectations of a class being certified against the United States, fairness dictates that such reliance and false expectations should be redressed by the PSC – the entity responsible for generating any such expectations.

## ARGUMENT

As discussed in the United States' "Memorandum in Response to 'Plaintiffs' Motion for

---

[1] "Pretrial Order No. 9" provides, "A notice will be disseminated following a determination on the class certification issue, whether or not class certification is granted." [Docket No. 297].

[2] In discussing the general need for a notice, PSC rely heavily on *Sanft v. Winnebago Industries, Inc.*, 216 F.R.D. 453, 460 (N.D. Iowa 2003). *See* PSC Memorandum in Support of Motion at 2 [Docket No. 1095-2]. Even under the circumstances discussed in *Sanft*, the Court held that the costs associated with the notice "shall be borne initially by the plaintiffs but shall be taxed as costs of this action." *Sanft*, 216 F.R.D. at 460 (emphasis added).

Class Certification'" [Docket No. 904], and as recognized in the Court's December 29, 2008, "Order and Reasons" denying class certification [Docket No. 1014], the majority of putative class claimants failed to exhaust the administrative claims process, thereby preventing the Court from exercising jurisdiction over their potential tort claims against the United States. *See* December 29, 2008, Order and Reasons at 46 [Docket No. 1014]. At the time of the Court's ruling on class certification, only nineteen (19) persons had claims against the United States that potentially fell within the Court's jurisdiction. *See id.* at 46.[3] Although PSC chose to define their proposed class against the United States in a much broader manner, certification against the United States was jurisdictionally impossible for anyone other than the aforementioned nineteen. *See id.* As a result, the denial of class certification only affected the legal rights – as to the United States – of these nineteen persons. *See id.* at 47-48 (stating only those "who have exhausted their administrative remedies by individually filing suit against the government [the nineteen persons]" were "potentially subject to the jurisdiction of this Court").

As to the nineteen persons, each of these claimants is represented by counsel and all have already individually filed suit against the United States; thus, they will receive notice that class certification was denied through their counsel. Because the remaining members of the proposed

---

[3] The nineteen persons who were affected by the Court's denial PSC's request for certification of class against the United States are the following: (1) *Pujol v. United States*, No. 08-3217 (E.D. La) (eight claimants – Joseph Pujol, Stephanie Pujol, two minor children represented by Mr. and Mrs. Pujol, Sean Thomas, Phuong Thomas, and two minor children represent by Mr. and Mrs. Thomas); *Huckabee v. Fleetwood Enters. et. al.*, No. 08-4095 (S.D. Miss.) (six claimants – Steven Huckabee, Lindsey Huckabee, and four minor children represented by Mr. and Mrs. Huckabee); (3) *Johnson v. United States*, No. 08-3602 (E.D. La. ) (five claimants – Keith Johnson, Odinma Mabel, Georgiana Gary, Warren Matthews, Vernetta Matthews).

class against the United States fell outside the Court's jurisdiction, its members did not have a justifiable expectation that their claims against the United States could be litigated through the vehicle of a class action. Certification as to these persons was a legal impossibility. *See id*. at 47-48. To the extent that these persons had an expectation that this litigation could potentially proceed as a class action against the United States, any such expectations were solely the product of PSC's inartful attempt to bring a class action against the United States on behalf of thousands of persons whose claims against the United States were utterly without jurisdiction. *See id*. at 47-48.

The United States and its taxpayers should not bear the burden of providing a remedial notice where such notice is needed to correct a potential misapprehension created by PSC's overbroad definition of a proposed class against the United States. To the extent persons have relied, or continue to rely, upon the legal steps taken by PSC, and have assumed that their claims against the United States would be litigated as part of a class action, responsibility for the creation of this assumption rests solely on the PSC's shoulders. Because the PSC chose to pursue these class claims, fairness dictates that they, not the United States, be the ones who remedy any prejudice resulting from their attempt. If the goal of a notice is to ensure that proposed class members are aware that their legal rights were affected by the Court's denial of class certification, the United States should not play a role in this process because the class members' rights – as to the United States – were not affected in any way by the Court's denial of class certification (aside from the aforementioned nineteen persons).

The law requires that all persons seeking to have their potential tort claims against the

United States adjudicated must actually file an individual suit against the United States. *See* December 29, 2008, Order and Reasons at 46-48 [Docket 1014]. By seeking to have the United States share in the cost of a notice, PSC seek to have the United States pay to ensure a population is aware that they must bring individual actions if they wish to pursue their claims against the United States. Such was always the case, and always will be, even during the pendency of a class action lawsuit. Though other parties may benefit from a notice, and may therefore have an incentive for funding the proposed newspaper/radio announcement, the United States does not derive any benefit. The pendency of class allegations did not alter the clearly defined statutory time periods within which a person must bring his or her tort claim against the United States.[4] As a result, fairness dictates that a party, such as the United States, that cannot gain anything through the issuance of a notice, should not have to share the costs associated with such notice.

## CONCLUSION

Accordingly, the Court should deny PSC's motion and proposed order. The Court's order denying class certification did not affect the legal rights – as to the United States – of the majority of proposed class members, and thus, there is no reason why the United States taxpayers should be held responsible for any of the costs associated with the issuance of a notice.

---

[4] Citing *American Pipe v. Utah*, 414 U.S. 358 (1973), and *Crown, Cork and Seal Co., Inc. v. Parker*, 462 U.S. 345 (1983), PSC argue that "the commencement and pendency of class allegations had suspended the applicable statute of the limitations as to all individual members of the class." PSC Memorandum in Support of Motion at 1 [Docket No. 1095-2]. PSC's argument ignores the distinction between their claims against the manufacturing defendants and their claims against the United States, which are pursuant to the restrictions and limitations of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346(b), 2671-2680.

Dated: February 11, 2009                    Respectfully Submitted,

                                            MICHAEL F. HERTZ
                                            Acting Assistant Attorney General, Civil Division

                                            J. PATRICK GLYNN
                                            Director, Torts Branch, Civil Division

                                            ADAM M. DINNELL
                                            MICHELLE G. BOYLE
                                            JONATHAN WALDRON
                                            Trial Attorneys

                                            //S// *Henry T. Miller*
                                            HENRY T. MILLER (D.C. Bar No. 411885)
                                            Senior Trial Counsel
                                            United States Department of Justice
                                            Civil Division – Torts Branch
                                            P.O. Box 340, Ben Franklin Station
                                            Washington, D.C. 20004
                                            Telephone No: (202) 616-4223
                                            E-mail: Henry.Miller@USDOJ.Gov

                                            Attorneys for the United States of America

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2009, the foregoing document was filed via the U.S. District Court's CM/ECF electronic filing system a copy thereof was served upon Liaison Counsel.

                                            //S// *Henry T. Miller*
                                            HENRY T. MILLER (D.C. Bar No. 411885)