UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-5"<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

THIS DOCUMENT IS RELATED TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

PSC MEMORANDUM IN REPLY TO
MEMORANDA FILED BY DEFENDANTS
IN OPPOSITION TO PSC MOTION FOR
COURT-APPROVED NOTICE

**MAY IT PLEASE THE COURT:**

Relying primarily upon two federal district opinions in Louisiana (one in the EDLA and one in the MDLA) and a Fifth Circuit decision rendered over thirty years ago, the defendant manufacturers now appear to take the position that the notice to claimants proposed by the PSC cannot and should not include language to the effect that it is Court-authorized or Court-approved, because no such authority for approval exists under FRCP 23. However, the defendant manufacturers have cited authority which is both factually and legally inapposite, and in so doing have unduly restricted the notice authority conferred on this Court under Rule 23(d)(1)(B).

The most recent decision cited by the defendant manufacturers is *Street v. Diamond Offshore Drilling*, 2001 WL 883216 (EDLA), a short memorandum opinion by Judge Duval dating from July 2001. In this unreported decision, Judge Duval merely cited as persuasive, and

-1-

then adopted, the analysis of another district court in the case of *Rineheart v. Ciba-Geigy Corp.*, 190 FRD 197 (M.D. La.1999).

In *Rineheart*, however, the question before Judge Polozola was whether FRCP 23(e) required Court notice to former class members after the denial of class certification; and he decided that the mandatory notice provisions of FRCP 23(e) were not applicable in such a situation. Nowhere in the decision or analysis by Judge Polozola is there any discussion about the discretionary notice provisions of FRCP 23(d)(1)(B). This distinction is critical. As the PSC endeavored to make clear in its earlier motion and memoranda, the instant situation should be governed by the discretionary notice provisions of FRCP 23(d)(1)(B), and <u>not</u> the mandatory notice provisions of FRCP 23(e), because the language of FRCP 23(d)(1)(B) as well as Advisory Committee notes, (all cited in the memorandum in support of the PSC motion), make it quite clear that a federal district judge in cases brought under Rule 23 is empowered to give appropriate notice to claimants in the course of such proceedings in order to protect the legal rights of the claimants at issue and fairly conduct the action. The PSC proposes that these precise two objectives will be achieved by the notice now proposed.

Significantly, Judge Polozola in the *Rineheart* case also cited and relied upon two prior Fifth Circuit decisions: *Roper v. Consurv, Inc.*, 578 F.2d 1106 (5th Cir. 1978) and *Pearson v. Ecological Science Corp.*, 522 F.2d 171 (5th Cir. 1975). It is the latter case which defendant manufacturers cite and rely upon as well. However, it again is true that both *Roper* and *Pearson* are cases which were governed solely by the mandatory notice provisions and criteria of FRCP 23(e). Neither of these Fifth Circuit decisions dealt with the notice provision cited and relied upon by the PSC at present, i.e., the discretionary notice provisions of FRCP 23(d)(1)(B).

Moreover, the Fifth Circuit in *Pearson* expressly recognized that even a notice to class members governed by the mandatory notice provisions of FRCP 23(e), should be considered when the action of the trial court which is the subject of the notice has the potential to directly and adversely affect absent claimants. Specifically, the appellate court held that

> ....where a [trial] court has ruled under Rule 23(c)(1) that an action cannot properly be maintained as a class action the notice requirements of Rule 23(e) do not apply, <u>at least where the dismissal and settlement of the action do not directly affect adversely the rights of individuals not before the court</u> [citations omitted].

522 F.2d at 177 [emphasis added]. Here, it is the position of the PSC that the legal rights of absent claimants <u>are</u> directly and adversely affected by this Court's 12/08 ruling on class certification. The class action proceeding herein was pending for some time prior to that ruling, and the displaced members of the formerly-asserted class were entitled to rely upon same. Their rights now can, or will be, adversely affected by the fact, not yet disclosed to them, that the denial of class certification in December 2009 has re-commenced the applicable statutes of limitations as to their individual claims.

In the final analysis, what is perhaps most striking about the defendant manufacturers' position is not their reliance upon distinguishable authority, however, but their utter silence with respect to the one fact that most obviously distinguishes the instant matter from all of the cases and authority they have cited. In this case, the Court has made an unequivocal declaration in the record that, regardless of the decision on class certification, a notice <u>would</u> be disseminated to claimants. Indeed, it is this declaration by the Court which seems to have decided the defendant Government's position that the PSC request for a Court-approved notice should <u>not</u> be opposed:

> In light of "Pretrial Order No. 9" [Doc. 297], the United States does not argue that a notice should not be issued....

*See* Government Memorandum in Opposition (Doc. 1098) at p. 2.

The defendant manufacturers take issue with the language in the proposed notice that claimants "should immediately consult with an attorney" in order to discuss the implications of the statute of limitations issues raised by the denial of class certification. The word "should" was deliberately selected by the PSC (as opposed, for example, to the word "must"). The PSC disagrees, therefore, that the word "should" is the equivalent of "must." It is not.

The defendant manufacturers further suggest that newspaper publication of the notice is sufficient, and that the additional radio announcements proposed by the PSC are necessary. But if the purpose of this endeavor is to communicate by the best practical means in order to afford fair protection for absent claimants, it is difficult to grasp why radio announcements are considered unnecessary. There can be no serious question that the claimant population at issue is widely-disbursed, and that many absent claimants are likely to be traveling by automobile between home and work. Radio announcements are a simple and appropriate means of assuring that the desired information reaches such individuals.

Finally, the Government, while not objecting to the issuance of the notice, opposes the PSC request that the United States share an equal (one-third) cost burden in its publication. The Government's rationale seems to be that it was never really a meaningful "target" in the class action proceedings anyway, so that the need to adequately protect the interests of absent claimants is of no moment to the Government, and neither does notifying such people render any benefit to the Government.

This argument is difficult to fathom. <u>Thousands</u> of Form 95 administrative claims have been filed against the Government, by its own admission, in connection with this litigation; and the proposed class definition included all claimants whose FTCA claims would be considered "ripe" as of the time of class certification (an appropriate definition, in light of the fact that FEMA has chosen not to issue denial letters in cases, thereby obviating the need for claimants to file lawsuits at this time). This is hardly a small claimant population.

Moreover, the requested notification to claimants will benefit the Court and <u>all</u> litigants herein, since the most efficient handling of this MDL proceeding is facilitated by the full participation of all intended claimants. Conversely, if this MDL concludes without resolution and with all filed cases simply remanded, followed by a period during which numerous lawsuits then continue to be filed in different courts without being addressed in a single forum, the opportunity for common issue problem-solving and/or global resolution will have passed irrevocably. Surely, despite its laudable commitment to vigorously oppose all claims on the merits, the Government should not be encouraged to disavow any interest in maximizing these opportunities for resolution through the MDL.

For all of the foregoing reasons, the PSC re-urges the Court to grant its motion for the approval and dissemination of the notice it has submitted.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE**
**PRODUCT LIABILITY LITIGATION**
BY:   s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.

2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:    504/528-9973
gmeunier@gainsben.com


s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:    504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
    ANTHONY BUZBEE, Texas # 24001820
    RAUL BENCOMO, #2932
    FRANK D'AMICO, JR., #17519
    MATT MORELAND, #24567
    LINDA NELSON, #9938
    RONNIE PENTON, #10462
    MIKAL C. WATTS, Texas #20981820

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

s/Gerald E. Meunier
GERALD E. MEUNIER, #9471