UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | : | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | : | |
| LIABILITY LITIGATION | : | |
| | : | SECTION "N" (4) |
| | : | |
| | : | JUDGE ENGELHARDT |
| | : | MAGISTRATE CHASEZ |

**This Document is Related to:**
*Belinda H. Bauer, et al versus*
*Liberty Homes, Inc., et al.,*
**No. 08-5031**

### LIST OF PRESERVATION DEFENSES
### PURSUANT TO PRETRIAL ORDER NUMBER 4

**NOW INTO COURT,** through undersigned counsel, comes Coachmen Industries, Inc., defendant in the above captioned MDL proceeding which, pursuant to Pretrial Order Number 4, provides the following listing of specific defenses in the underlying matter entitled, *Belinda H. Bauer, et al versus Liberty Homes, Inc., et al No. 08-5031* Section N, Magistrate 4, United States District Court, Eastern District of Louisiana, which has been consolidated and transferred into the MDL proceeding, as follows:

1. Rule 12(b)(1):  Lack of Subject Matter Jurisdiction

2. Rule 12(b)(2):  Lack of Personal Jurisdiction

3. Rule 12(b)(3):  Improper Venue

4. Rule 12(b)(5):  Insufficiency of Service of Process

5. Rule 12(b)(6) including but not limited to the following:

   A. Plaintiffs' claims are barred by the applicable prescriptive periods and statutes of limitations.

486307.1

    B.    Plaintiffs' claims of negligence, negligence per se, gross negligence, recklessness and willfulness, strict liability, and breach of express and implied warranties are precluded by the Louisiana Products Liability Act which is the exclusive remedy.

    C.    Plaintiffs fail to state a claim for punitive damages.

    D.    Plaintiffs fail to state a claim for which relief can be granted as to a redhibition cause of action.

    E.    Plaintiffs fail to state a claim for medical monitoring.

    F.    Plaintiffs fail to state a claim for injunctive relief because none of the theories pled allows for injunctive relief.

    G.    Plaintiffs fail to state a claim for attorneys' fees because they have not alleged any other viable theory of recovery in which attorneys' fees can be awarded.

    H.    Plaintiffs fail to state a claim upon which relief can be granted because their complaints fail to identify and link the proper plaintiff with alleged exposure and injuries to a particular manufacturer's product.

    I.    Plaintiffs' failure to state a claim upon which relief can be granted to the extent that claimants seek property damages in as much as claims are precluded under applicable law.

    J.    Plaintiffs lack standing.

    K.    Plaintiffs fail to state a claim for breach of express or implied warranties under Mississippi, Texas and Alabama law.

6.    12(e) Motion for More Definite Statement

Based upon the failure of plaintiffs to make particularized allegations about their injuries and damages and their failure to make any particularized allegations regarding the alleged conduct of defendants herein.

7.    Rule 9(b)

Claims of fraud should be dismissed for failure to plead such claims with adequate particularity.

8.    Rule 21: Improper Joinder comprising the MDL proceeding.

486307.1

9. Defendant further preserves and incorporates, as if set forth fully herein, all defenses raised by it and by other manufacturing defendants in response to plaintiffs' Master Complaint and all subsequent supplemental and amending complaints filed in the above captioned MDL proceeding and the underlying actions

By Attorneys,

**TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.**

By: /s/ John Stewart Tharp
David M. Bienvenu #20700
John Stewart Tharp #24230
Chase Tower South, 8th Floor
451 Florida Street, 70801
Post Office Box 2471
Baton Rouge, LA 70821
Telephone: (225) 387-3221
Facsimile: (225) 346-8049

*Attorneys for Coachmen Industries, Inc.*

- CERTIFICATE –

I certify that on this 18th day of February, 2009, a copy of the foregoing has been forwarded to all known counsel of record, by electronic filing and transmission via the Court's ECF system.

/s/ John Stewart Tharp

486307.1