UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 2:07-MD-1873 |
|     FORMALDEHYDE | * | |
|     PRODUCTS LIABILITY | * | SECTION: N(4) |
|     LITIGATION | * | |
| | * | JUDGE: ENGELHARDT |
| THIS DOCUMENT RELATES TO | * | |
| *Belinda H. Bauer, et al v. Liberty* | * | MAGISTRATE JUDGE: |
| *Homes, Inc., et al,* NO. 08-5031 | * | CHASEZ |
| | * | |
| | * | |

******************************************************************************

## RULE 12(B) PRESERVATION LISTING
### FILED ON BEHALF OF RECREATION BY DESIGN, LLC

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Recreation By Design ("RBD"), who, in responding to Pretrial Order No. 4(4), respectfully submits the following list of defenses pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, in the underlying lawsuit of *Bauer, et al v. Liberty Homes, Inc., et al,* Civil Action No. 08-5031,[1] which is submitted in addition to any joint defenses, including any Rule 9 and Rule 12 defenses, submitted by defense liaison counsel. Defendant's listing is limited to only the

---

[1] RBD is filing the Preservation List out of an abundance of caution. Pretrial Order No.4(4) required that, by May 19, 2008, Defendants provide the Court with a list of specific defenses as to each pending case before the MDL. At that time, *Bauer* was not one of the pending cases, and thus RBD was not required to file its list of defenses before May 19, 2008. No subsequent Pretrial Order has provided a date for the listing of defenses in *Bauer*. As such, RBD provides this list out of an abundance of caution. RBD objects to the requirement to file this list as it is in violation of the Defendant's right to equal protection and due process. There does not exist adequate information for RBD to formulate the proper defenses to this matter such as the subject matter jurisdiction of the court; the *in personam* jurisdiction over the Defendant by the court (if any), of the viability of an Article III case or controversy as it relates to RBD, or the possibility of filing any other motions pursuant to Rule 12 of the Federal Rule of Civil Procedure. This preservation list is being filed out of an abundance of caution, and Defendant reserves its right to supplement and amend its preservation list in the future as further discovery may warrant and require, and in accordance with any and all subsequently filed or served lawsuits naming RBD as a party defendant.

*Bauer* matter, and Defendant reserves its right to assert any other allowable preliminary pleadings, dispositive motions or affirmative defenses in this case or in any other case in which it is subsequently named and properly served.

In accordance with the Court's direction, Defendant submits the following 12(b) defenses that are anticipated to be raised should this underlying matter proceed forward against Defendant:

1. Failure to establish that this Court has subject matter jurisdiction over plaintiffs' claims against this defendant.

2. Plaintiffs have brought this action in a court of improper venue.

3. Insufficiency of service of process.

4. Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' negligence, negligence *per se,* gross negligence, recklessness, failure to inspect, breach of implied warranty and "failing to act in a prudent manner" claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

5. Failure to state a claim for breach of implied and express warranty because those claims are not available to plaintiffs, and to the extent that they are available, they are precluded by the Louisiana Products Liability Act.

6. Failure to state a claim upon which relief can be granted as plaintiffs' claims are prescribed under Louisiana's one year prescriptive period.

7. Failure to state a claim upon which relief can be granted as plaintiffs' claims are barred as the applicable Mississippi, Texas, Alabama and/or any other applicable

statute of limitations have run.

8. Failure to state a claim upon which relief can be granted as plaintiffs have not alleged a specific or manifest injury or disease resulting from the alleged exposure, nor are plaintiffs entitled to medical monitoring damages to the extent plaintiffs' seek same.

9. Failure to state a claim because plaintiffs' failed to make any particularized allegations regarding their injuries and damages, and failed to make any particularized allegations connecting any particular plaintiff to conduct by any particular defendant.

10. Failure to state a claim for breach of express and implied warranty under Mississippi, Texas, Alabama or any other applicable law as such claims are precluded as plaintiffs do not rely on privity of contract.

11. Failure to state a claim upon which relief can be granted to the extent that plaintiffs' allege strict liability as there is no basis under Louisiana law for same.

12. Failure to state a claim upon which relief can be granted to the extent plaintiffs seek to impose joint and several and/or solidary liability upon manufacturing defendants, as such claims are precluded by applicable law.

13. Failure to state a claim upon which relief can be granted for attorney's fees as there is no basis under Louisiana, Mississippi, Alabama, Texas, or Federal law, and/or any other applicable law for the awarding of attorney's fees based upon the facts alleged in the complaint.

14. Failure to state a claim upon which relief can be granted to the extent plaintiffs' seek property damages under Louisiana, Mississippi, Alabama, or Texas law, as plaintiffs

are not entitled to recover same.

15. Failure to state a claim upon which relief can be granted to the extent plaintiffs seek punitive damages as there is no basis for awarding punitive damages under the facts alleged in the complaint and applicable law.

16. Failure to state a claim upon which relief can be granted to the extent plaintiffs seek compensatory damages as there is no basis for awarding same under the facts alleged in the complaint and applicable law.

17. Failure to state a claim upon which relief can be granted to the extent plaintiffs seek damages pursuant to La. C.C. Arts. 2524 and 1994, 1995, and 1997, as there is no basis for awarding same under the facts alleged in the complaint and applicable law.

18. Failure to state a claim for injunctive relief as there is no basis for same under the facts alleged in the complaint and applicable law.

19. Plaintiffs lack standing as they are not the purchasers or buyers of the units at issue.

20. Failure to plead fraud and misrepresentation with particularity.

Defendant hereby adopts and incorporates all filings of applicable items listed in the preservation lists of similarly situated co-defendants in the Multi-District Litigation 07-1873 in all underlying cases, and all applicable Rule 12 and Rule 9 Motions filed by similarly situated co-defendants in the MDL and underlying cases, as if copied herein *in extenso*.

Respectfully submitted,

*/s/Randall C. Mulcahy*
LYON H. GARRISON, Bar No. 19591
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
GARRISON, YOUNT, FORTE
& MULCAHY, LLC
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Attorneys for defendant,
Recreation By Design, LLC
Email: rmulcahy@garrisonyount.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2009, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

*/s/Randall C. Mulcahy*
RANDALL C. MULCAHY, Bar No. 26436