UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| **IN RE: FEMA TRAILER** | **MDL NO. 07-1873** |
| **FORMALDEHYDE** | |
| **PRODUCT LIABILITY LITIGATION** | **SECTION N-5** |
| | **JUDGE ENGELHARDT** |
| | **MAG. JUDGE CHASEZ** |

**THIS DOCUMENT IS RELATED TO ALL CASES**

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**DEFENDANT UNITED STATES OF AMERICA'S AMENDED
PRESERVATION OF DEFENSES**

Defendant United States of America ("United States") hereby submits the following list of defenses to be preserved in all cases consolidated in this multi-district litigation. This list applies to all cases presently before the Court that have been filed against the United States and for which the claimants have effected service of process as required by Fed. R. Civ. P. 4(i), and any cases later filed against the United States and for which service of the Complaint is effected in compliance with Fed. R. Civ. P. 4(i). The United States reserves the right to amend or supplement these defenses and to file appropriate preliminary pleadings and dispositive and other motions in any such cases.

**LACK OF SUBJECT-MATTER JURISDICTION**

1. The Court lacks subject-matter jurisdiction over Plaintiffs' claims because they are subject to the bars and limitations of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"), including, but not limited to, the provisions described below.

   a. Plaintiffs' claims are barred by the discretionary function exception to the FTCA's limited waiver of sovereign immunity. 28 U.S.C. § 2680(a).

   b. Plaintiffs' claims are barred by the contractor exception to the FTCA's limited waiver of sovereign immunity. 28 U.S.C. §§ 1346(b), 2671.

   c. Plaintiffs' claims are barred because Plaintiffs failed to properly exhaust their administrative remedies prior to filing suit. 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2. In addition, Plaintiffs failed to present legally and factually sufficient administrative claims to the appropriate federal agency.

   d. Plaintiff's claims are barred because they failed to present their administrative claim to the appropriate federal agency in a timely manner. 28 U.S.C. §2401(b).

   e. Plaintiffs' claims are barred because they failed to file suit and commence an action in a timely manner. 28 U.S.C. § 2401(b).

   f. Plaintiffs' claims based on alleged misrepresentation, concealment, or deceit are barred by the misrepresentation exception to the FTCA's limited waiver of sovereign immunity. 28 U.S.C. § 2680(h).

   g. Plaintiffs' claims based on alleged actions described in 28 U.S.C. § 2680(h) fall outside the FTCA's limited waiver of sovereign immunity.

   h. Plaintiffs' claims premised upon theories of strict or absolute liability are barred

    because liability does not attach under the FTCA without proof of negligence or fault.  28 U.S.C. § 1346(b)(1).

i.  To the extent Plaintiffs' claims fail to assert any basis for analagous private liability, their claims fall outside the FTCA's limited waiver of sovereign immunity.  28 U.S.C. §§ 1346(b), 2674.

j.  To the extent Plaintiffs' claims fail to assert that the negligent or wrongful actors at issue were employees of the government, acting within the scope of their employment, their claims fall outside the FTCA's limited waiver of sovereign immunity.  28 U.S.C. §§ 1346(b)(1), 2671.

k.  To the extent Plaintiffs' claims do not involve an injury to or loss of property, or a personal injury or death, their claims fall outside the FTCA's limited waiver of sovereign immunity.  28 U.S.C. §§ 1346(b)(1).

l.  To the extent Plaintiffs' claims are not for money damages, their claims fall outside the FTCA's limited waiver of sovereign immunity.  The FTCA does not provide subject-matter jurisdiction for claims seeking equitable relief.  28 U.S.C. § 1346(b).

m.  The FTCA does not provide subject-matter jurisdiction over any claim for money damages in excess of the sum certain described in Plaintiffs' individual administrative claims.  28 U.S.C. § 2675(b).

n.  The FTCA does not provide subject-matter jurisdiction over any claim for punitive damages or for pre-judgment interest.  28 U.S.C. § 2674.

o.  Any claim for attorneys' fees is limited by 28 U.S.C. § 2678.

2. The Court lacks subject-matter jurisdiction over Plaintiffs' claims for breach of implied and/or express contracts arising out of their alleged lease of temporary emergency housing from FEMA. 28 U.S.C. § 1346(a)(2) (Little Tucker Act); 28 U.S.C. § 1491(a) (Tucker Act).

3. The Court lacks subject-matter jurisdiction over Plaintiffs' claims for breach of implied and/or express contracts arising out of their alleged purchase of temporary emergency housing units from FEMA. Contract Disputes Act of 1978, 41 U.S.C. § 601 *et. seq.*

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint, and each and every cause of action, allegation, and claim therein, fails to state a claim upon which relief may be granted.

2. Plaintiffs lack standing.

3. The United States owed no actionable duty to Plaintiffs in this case.

4. If it is found that the United States owed an actionable duty to Plaintiffs, which it denies, the United States did not breach that duty.

5. The injuries, damages, or losses alleged by Plaintiffs were not caused by any negligent or wrongful act or omission of any officer, agent, servant, or employee of the United States.

6. No negligent, wrongful act or omission of the United States, was the cause in fact, or in any way contributed to, Plaintiffs' alleged injuries, damages, or losses.

7. No negligent, wrongful act or omission of the United States, was the proximate or legal cause, or in any way contributed to, Plaintiffs' alleged injuries, damages, or losses.

8. Any alleged injuries, damages, or losses sustained by Plaintiffs were not caused by acts or omissions on the part of the United States, but were caused, in whole or in part, by

occurrences and conditions prior, or subsequent.

9. Any alleged injuries, damages, or losses sustained by Plaintiffs were not caused by acts or omissions on the part of the United States, but were caused, in whole or in part, by the negligence of third parties.

10. Any alleged injuries, damages, or losses sustained by Plaintiffs were not caused by acts or omissions on the part of the United States, but were caused, in whole or in part, by an intervening or superseding cause or event.

11. Any alleged injuries, damages, or losses sustained by Plaintiffs were not caused by an act or omission on the part of the United States, but were caused, in whole or in part, by Plaintiffs' own negligence – or were the product of a voluntary assumption of risk.

12. The liability, if any, of the United States and responsible parties, named or unnamed, should be proportionately reduced and apportioned based on their respective degrees of fault, and the liability of the United States, if any, should be reduced, in accordance with law.

13. Plaintiffs have not suffered any compensable damages.

14. Plaintiffs have failed to mitigate damages.

15. If it is found that the United States is liable, which it expressly denies, the United States is entitled to an offset against damages, if any, for all amounts received by Plaintiffs from the United States and its agencies, and also from all collateral sources.

16. All future damages, if any, must be reduced to present value.

17. Income taxes must be deducted from all alleged past and future lost earnings.

18. Plaintiffs fail to state a claim for medical monitoring damages because they have not

alleged a specific or manifest injury.

19. Plaintiffs' claims are barred by the Good Samaritan doctrine.

20. Plaintiffs' claims are barred, in whole or in part, by the principles of res judicata and/or collateral estoppel.

21. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, laches, estoppel, release, unclean hands, and/or ratification.

22. Actions against the United States must be tried by the Court without a jury. 28 U.S.C. § 2402.

23. The United States asserts any affirmative defenses available under state law.

24. Plaintiffs' claims are barred because they are based upon actions taken by emergency management workers responding to an emergency. Ala. Code §§ 31-9-1 *et seq.*; 31-9-16; 31-9-17, 31-9-23.

25. Plaintiffs' claims are barred because they are based upon actions taken by persons owning or controlling real estate or other premises, who voluntarily provided shelter to plaintiffs during the recovery from a natural disaster, and because they are based upon actions taken pursuant to the Mississippi Emergency Management Code. Miss. Code Ann. §§ 33-15-1 *et seq.*; 33-15-21.

26. Plaintiffs' claims are barred because they are based upon actions taken by persons in response to a natural disaster. Tex. Civil Practice & Remedies Code Ann. § 79.003.

27. Plaintiffs' claims are barred because they are based upon actions taken pursuant to the Louisiana Homeland Security and Emergency Assistance and Disaster Act. La. Rev. Stat. §§ 29:721 *et seq.*; 29:723; 29:735.

28. Plaintiffs' claims are barred because they are based upon actions taken by a public entity in response to Hurricanes Katrina and Rita. La. Rev. Stat. § 9:2800(H); La. Civ. Code Arts. 2317, 2317.1.

29. Plaintiffs have failed to file their cases in the appropriate venue pursuant to the FTCA. 28 U.S.C. § 1402(b).

30. The United States reserves the right to plead all other affirmative defenses, or any other defenses under state or federal law, that it may become aware of or that may become applicable as a result of discovery in this case.

Dated:  February 23, 2008							Respectfully Submitted,


                 MICHAEL F. HERTZ
                 Acting Assistant Attorney General, Civil Division

                 J. PATRICK GLYNN
                 Director, Torts Branch, Civil Division

                 HENRY T. MILLER
                 Senior Trial Counsel

                 ADAM M. DINNELL
                 JONATHAN WALDRON
                 Trial Attorneys

                 *//S// Michelle G. Boyle*
                 MICHELLE G. BOYLE (VA Bar No. 73710)
                 Trial Attorney
                 United States Department of Justice
                 Civil Division – Torts Branch
                 P.O. Box 340, Ben Franklin Station
                 Washington, D.C. 20004
                 Telephone No:  (202) 616-4447
                 E-mail: Michelle.Boyle@USDOJ.Gov

                 Attorneys for the United States of America

OF COUNSEL:

JORDAN FRIED
Associate Chief Counsel
JANICE WILLIAMS-JONES
Trial Attorney
FEMA/DHS
Department of Homeland Security
Washington, D.C. 20472

## CERTIFICATE OF SERVICE

    I hereby certify that on February 23, 2009, the foregoing Amended Preservation of Defenses Notice was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison Counsel.

                                                        //S// *Michelle G. Boyle*
                                                        (VA Bar No. 73710)