UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: FEMA TRAILER<br>FORMALEDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES H. ALDRIDGE, ET AL. ) | |
| ) | |
| ) | CIVIL ACTION NO. 07-9228 |
| versus ) | SECTION N(4) |
| ) | |
| GULF STREAM COACH, INC., ET AL. ) | |

### DEFENDANT FOREST RIVER'S RESERVATION OF DEFENSES UNDER RULE 12(b)

NOW INTO COURT, through undersigned counsel, comes defendant Forest River, Inc. ("Forest River"), who hereby respectfully reserves the following defenses and objections to plaintiffs' First Supplemental and Amending Complaint. Although this matter is currently pending in multi-district litigation, titled *In re: FEMA Trailer Formaldehyde Products Liability Litigation*, MDL No. 1873, Section N (4), defendant Forest River raises and hereby preserves the following defenses available under Rule 12(b):

1. Plaintiffs failed to effectuate service upon defendants.

2. Because suit was not filed as a class action, plaintiffs' individual claims are insufficient to satisfy amount in controversy for diversity jurisdiction; plaintiffs did not make factual or legal allegations to demonstrate the court has jurisdiction and instead make conclusory statements that federal question and diversity jurisdiction exist.

3. Plaintiffs' LPLA, tort based and breach of warranty claims are barred by the applicable prescriptive periods.

4. Plaintiffs' negligence-based claims are precluded by the Louisiana Products Liability Act.

5. Plaintiffs' strict tort liability claims are precluded by the Louisiana Products Liability Act

6. Plaintiffs' warranty claims are precluded by the Louisiana Products Liability Act (which they allege as a cause of action); breach of warranty claims asserted under the UCC articles are not recognizable because Louisiana has not adopted Article 2 of the UCC; breach of warranty claims, to the extent they exist are based on existence of a buyer-seller relationship with defendants, which does not exist.

7. Plaintiffs have not stated claims for medical monitoring damages because they have not alleged present and manifest injury, which is required under Louisiana law.

8. Plaintiffs have not stated claims for injunctive relief as none of the theories invoked by plaintiffs provide recovery for injunctive relief sought by plaintiffs and plaintiffs have not alleged a sufficient basis to entitle them to injunctive relief.

9. Plaintiffs have not stated a claim to recover attorney's fees because (a) attorney's fees aren't recoverable under the LPLA; and (b) because they have not alleged any other viable theory of liability through which they can recover attorneys' fees.

10. Plaintiffs have not stated a claim for punitive damages under Louisiana law.

11. The Complaint does not state a claim because it does not make particularized allegations about plaintiffs: no allegations regarding plaintiffs' particular injuries (if any), the dates on which plaintiffs occupied units.

12. As an alternative to the motion to dismiss, a motion for more definite statement could argue that the complaint does not make sufficient particularized allegations about plaintiffs: no allegations regarding plaintiffs' particular injuries (if any), or the dates on which plaintiffs occupied units.

13. Plaintiffs' claims are prescribed under Louisiana's one year prescriptive period for claims made on behalf Louisiana residents and/or the applicable statute of limitations has run as to claims made on behalf of Alabama and Mississippi residents.

14. Plaintiffs fail to state a claim for which relief can be granted as to plaintiffs' claim for breach of express warranty as plaintiffs do not rely on any representation by any seller as a basis of the bargain.

WHEREFORE, Forest River, Inc. prays that the objections and defenses described above be preserved if the suit is remanded to this Court at a later date. Defendant requests the right to brief any Rule 12(b) motion in full and requests the right to oral arguments on the merits of any such motion.

Respectfully Submitted,

/s/ Jason D. Bone
Ernest P. Gieger, Jr. (T.A.) (6154)
Jason D. Bone (28315)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011

ATTORNEYS FOR FOREST RIVER, INC.

## CERTIFICATE OF SERVICE

I do certify that on this 23rd day of February, 2009, I served a copy of the foregoing on all counsel of record via the electronic notice system of the court.

/s/ Jason D. Bone