UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re:  FEMA TRAILER                            MDL NO. 07-1873
       FORMALEDEHYDE PRODUCTS
       LIABILITY LITIGATION                   SECTION N

This document relates to:
*Bauer et at. v. Liberty Homes, Inc., et al.,*
No. 08-5031

### PRESERVATION OF DEFENSES UNDER RULE 12(b) BY DEFENDANTS FOREST RIVER, INC. AND VANGUARD INDUSTRIES OF MICHIGAN, INC. (AKA PALOMINO RV)

     Pursuant to Pretrial Order No. 4 (Rec. Doc. No. 130), defendants Forest River, Inc. and Vanguard, LLC, improperly identified as "Vanguard Industries of Michigan, Inc. (aka Palomino RV)," (hereinafter, "defendants") submit the following list of defenses and/or motions to be preserved in the following underlying action[1] which are currently pending in the above captioned multidistrict litigation proceeding:

---

[1] It is unclear the extent to which the 2nd Amended Master Complaint supersedes, amends and/or replaces the allegations asserted by the plaintiffs in each of the underlying actions. Thus, out of an abundance of caution, and to ensure that the relevant motions and defenses are preserved, for each underlying action in which it has been named as party, defendants Forest River, Inc. And Vanguard, LLC, improperly identified as "Vanguard Industries of Michigan, Inc. (aka Palomino RV)" have listed the defenses and motions applicable to that underlying action <u>and</u> the 2nd Amended Master Complaint.

**1.** *Bauer et al. v. Liberty Homes, Inc., et al*, **No. 08-5031 (E.D. La.)**

    (a) Rule 12(b)(5): Insufficiency of Service of Process;

    (b) Rule 12(b)(1): Lack of subject matter jurisdiction over claims;

    (c) Rule 12(b)(6): Failure to state to claim for negligence, negligence per se, gross negligence, recklessness and willfulness, strict liability in tort because these theories of recovery are Louisiana Products Liability Act based claims;

    (d) Rule 12(b)(6): Failure to state a claim for breach of implied and express warranty because those claims are not available to plaintiffs, and to the extent that they are available, they are precluded by the Louisiana Products Liability Act;

    (e) Rule 12(b)(6): Failure to state a claim for medical monitoring damages under Louisiana, Mississippi, Texas or Alabama law because plaintiffs have not alleged a present and manifest injury;

    (f) Rule 12(b)(6): Failure to state a claim for injunctive relief;

    (g) Rule 12(b)(6): Failure to state a claim for attorney's fees because (a) attorney's fees aren't recoverable under the LPLA; and (b) because they have not alleged any other viable theory of liability through which they can recover attorneys' fees;

    (h) Rule 12(b)(6): Failure to state a claim for punitive damages;

    (i) Rule 12(b)(6): Failure to state a claim because plaintiffs failed to make any particularized allegations regarding their injuries and damages, and failed to make any particularized allegations connecting any particular plaintiff to conduct by any particular defendant;

(j) Rule 12(e): Motion for more definite statement of the complaint based on plaintiffs' failure to make particularized allegations about their injuries and damages and failure to made any particularized allegations about any particular defendants' alleged conduct;

(k) Rule 21: Improper joinder: Failure to satisfy requirements for joinder of parties under FRCP 19 and 20;

(l) Rule 12(b)(6): Failure to state a claim for breach of express warranty under Alabama, Mississippi, and Texas law;

(m) Plaintiffs' LPLA, tort based and breach of warranty claims are barred by the applicable prescriptive periods;

(n) Rule 12(b)(6) : Failure to state a claim for breach of implied warranty of merchantability under Alabama, Mississippi, and Texas law;

(o) Rule 12(b)(6): Failure to state a claim for breach of implied warranty of fitness for particular purpose under Alabama, Mississippi and Texas law;

(p) Rule 9(b): Failure to plead fraud and misrepresentations with particularity;

(q) Plaintiffs' claims are prescribed under Louisiana's one year prescriptive period for claims made on behalf Louisiana residents and/or the applicable statute of limitations has run as to claims made on behalf of Alabama, Texas, and Mississippi residents;

(r) Rule 12(b)(6):  Plaintiffs fail to state a claim for which relief can be granted as to plaintiffs' claim for breach of express warranty as plaintiffs do not rely on any representation by any seller as a basis of the bargain;

(s) Rule 12(b)(6): To the extent plaintiffs seek property damages under AL, LA, or MS law, plaintiffs are not entitled to recover same;

(t) Plaintiffs lack standing for property damage as they did not purchase any unit from defendants.

WHEREFORE, defendants pray that the objections and defenses described above be preserved if the suit is remanded to this Court at a later date. Defendants request the right to brief any Rule 12(b) motion in full and requests the right to oral arguments on the merits of any such motion.

Defendants, Forest River, Inc. and Vanguard, LLC, reserve the right to amend or supplement these defenses and to file appropriate preliminary pleadings as well as dispositive and other motions in the above cases and in any other cases in which it has been or will be named and properly served.

Respectfully Submitted,

/s/ Jason D. Bone
Ernest P. Gieger, Jr. (T.A.) (6154)
Jason D. Bone (28315)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011

ATTORNEYS FOR FOREST RIVER, INC.
PALOMINO RV, AND VANGUARD INDUSTRIES
OF MICHIGAN, INC.

## CERTIFICATE OF SERVICE

I do certify that on this 23rd day of February, 2009, I served a copy of the foregoing on all counsel of record via the electronic notice system of the court.

      /s/ Jason D. Bone