UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY | * | SECTION: N(4) |
| LITIGATION | * | |
| | * | JUDGE: ENGELHARDT |
| This Document Relates to: 08-5031 | * | |
| *Bauer, et al. v. Liberty Homes, et al.* | * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## FEDERAL RULE OF CIVIL PROCEDURE RULE 12(B) PRESERVATION LIST FILED ON BEHALF OF GULF STREAM COACH, INC.

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Gulf Stream Coach, Inc., which, pursuant to Pre-Trial Order Number 4 (R. Doc. No. 130), dated April 21, 2008, and without prejudice to its right to assert any other allowable preliminary pleadings, dispositive motions or affirmative defenses in this or any other case in which it is subsequently named and properly served, submits for preservation the following list of specific Federal Rule of Civil Procedure Rule 12(b) Motions in the following case recently added to the MDL:

I. *Belinda H. Bauer, et al. vs. Liberty Homes, Inc., et al.*, originally filed in the United States District Court, Eastern District of Louisiana, New Orleans Division, under civil action number 08-5031.

   1. 12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

   2. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant knew or should have known of his or her cause of action more than a year before December 1, 2008, rendering all claims prescribed under Louisiana law. Alternatively, insofar as another state's statute of limitation is applicable, to the extent that any claimant failed to timely file his or her claim, the claims should be dismissed.

3.  12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as no claimant has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

4.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically seek attorneys fees under federal or state law inasmuch as such claims are precluded.

5.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically seek punitive damages under federal or state law inasmuch as such claims are precluded.

6.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert redhibition/implied warranty claims under Louisiana law and/or other states' laws inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

7.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Louisiana law and/or other states' applicable laws inasmuch as such claims are precluded.

8.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the manufacturing defendants, inasmuch as the applicable law precludes such reapportionment of fault.

9.  12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' negligence, negligence *per se*, gross negligence, recklessness, willfulness, strict liability, and breach of implied warranties claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

10. 12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by the provisions of the Louisiana Products Liability Act to the extent that a specific plaintiff fails to allege that he or she was injured by a specific product manufactured by Gulf Stream Coach, Inc.

11. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek injunctive relief as none of the theories invoked by plaintiffs provide recovery for injunctive relief sought by plaintiffs and plaintiffs have not alleged a sufficient basis to entitle them to injunctive relief.

12.     12(b)(6) - Failure to state a claim upon which relief can be granted for medical monitoring damages under Louisiana and/or other applicable states' laws because Plaintiffs have not alleged a present and manifest injury.

>                               Respectfully submitted:
>
>                               **DUPLASS, ZWAIN, BOURGEOIS,**
>                               **PFISTER & WEINSTOCK**
>
>                               s/Andrew D. Weinstock
>                               _____
>                               **ANDREW D. WEINSTOCK (#18495)**
>                               **JOSEPH G. GLASS (#25397)**
>                               3838 N. Causeway Boulevard, Suite 2900
>                               Metairie, Louisiana 70002
>                               Telephone: (504) 832-3700
>                               andreww@duplass.com
>                               jglass@duplass.com
>                               **Counsel for Defendant, Gulf Stream Coach, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of February, 2009, a copy of the foregoing Federal Rule of Civil Procedure Rule 12(b) Preservation List on Behalf of Gulf Stream Coach, Inc. was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

>                    s/Andrew D. Weinstock
>                    _____
>                    ANDREW D. WEINSTOCK #18495
>                    andreww@duplass.com