**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER
FORMALDEHYDE PRODUCT LIABILITY
LITIGATION

MDL NO. 1873

SECTION "N-4"

THIS DOCUMENT RELATES
TO ALL CASES

JUDGE ENGELHARDT
MAG. JUDGE CHASEZ

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ANSWER AND DEFENSES OF HEARTLAND RECREATIONAL VEHICLES, LLC**
**TO PLAINTIFFS' ADMINISTRATIVE MASTER COMPLAINT,**
**FIRST SUPPLEMENTAL AND AMENDED MASTER COMPLAINT, AND**
**SECOND SUPPLEMENTAL AND AMENDED MASTER COMPLAINT**
**AND JURY TRIAL REQUEST**

Defendant Heartland Recreational Vehicles, LLC ("Heartland"), for its Answer to

Plaintiffs' Administrative Master Complaint (Rec. Doc. 109), Plaintiffs' First Supplemental and

Amended Master Complaint (Rec. Doc. 379), and Plaintiffs' Second Supplemental and Amended

Master Complaint (Rec. Doc. 722) (collectively the "Amended Master Complaint, as

supplemented and amended")[1], respectfully states as follows:

**ADMISSIONS AND DENIALS**

**I. INTRODUCTION**

1.

The allegations contained in Paragraph 1 constitute introductory statements to which

Heartland does not need to respond. To the extent a response is deemed necessary, Heartland

admits that the Court ordered Plaintiffs to file a consolidated Master Complaint. Heartland

lacks knowledge or information sufficient to form a belief about the truth of any remaining

allegations contained in Paragraph 1, and therefore denies them.

---

[1]   Heartland also respectfully submits this Answer as to the substantively identical Plaintiffs' Second Supplemental
and Amended Complaint (Rec. Doc. 721) in *Pujol v. The United States of America, et al.*, No. 80-3217.

2.

The allegations contained in Paragraph 2 constitute introductory statements to which Heartland does not need to respond. To the extent a response is deemed necessary, Heartland admits that the Court's Pretrial Order No. 2, Rec. Doc. 87, ordered Plaintiffs to file a consolidated Master Complaint. Heartland lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 2, and therefore denies them.

3.

The allegations contained in Paragraph 3 constitute introductory statements to which Heartland does not need to respond. To the extent a response is deemed necessary, Heartland denies Paragraph 3, stating, instead that the nature of the Master Complaint is defined by the Court's Pretrial Order No. 2, Rec. Doc. 87.

4.

The allegations contained in Paragraph 4 constitute introductory statements to which Heartland does not need to respond. To the extent a response is deemed necessary, Heartland denies Paragraph 4, stating, instead that the nature of the Master Complaint is defined by the Court's Pretrial Order No. 2, Rec. Doc. 87.

5.

The allegations contained in Paragraph 5 constitute introductory statements to which Heartland does not need to respond. To the extent a response is deemed necessary, Heartland denies Paragraph 5, stating, instead that the nature of the Master Complaint is defined by the Court's Pretrial Order No. 2, Rec. Doc. 87.

## II. **PARTIES**

6.

The allegations contained in Paragraph 6 constitute introductory statements to which Heartland does not need to respond. To the extent a response is deemed necessary, Heartland denies Paragraph 6. In addition, Heartland denies that a class action should be certified in this case, regardless of how the class and certain subclasses are defined as is detailed in the Court's Order and Reasons denying class certification, Rec. Doc. 1014.

7.

The allegations contained in Paragraph 7 and all subparts therein of the Amended Master Complaint, as supplemented and amended, are denied for lack of information sufficient to justify a belief in the truth thereof.  Moreover, to the extent that it is established through discovery, Heartland affirmatively asserts that the named individuals are not appropriate representatives of any proposed class or subclass.  Finally, to the extent that it is established through discovery, Heartland affirmatively asserts that the named individuals did not use a product manufactured by Heartland, and thus, have no basis for a claim against Heartland.

8.

In response to the allegations contained in Paragraph 8 and all subparts therein of the Amended Master Complaint, as supplemented and amended, Heartland admits only that it is an Indiana limited liability company with its principal place of business in Elkhart, Indiana and that it manufactures travel trailers.  Heartland denies that it sold travel trailers to FEMA pursuant to contracts with FEMA.  The remaining allegations contained in Paragraph 8 and all subparts therein of the Amended Master Complaint, as supplemented and amended, are denied for lack of information sufficient to justify a belief in the truth thereof.

### III.  JURISDICTION AND VENUE

9.

The allegations contained in Paragraph 9 constitute legal conclusions to which no response is required on the part of Heartland.  Further, the allegations are not specifically directed to Heartland with the result that no response is required by Heartland.  To the extent that a response is required, the allegations are denied for lack of information sufficient to justify a belief in the truth thereof.

10.

The allegations contained in Paragraph 10 constitute legal conclusions to which no response is required on the part of Heartland.  Further, the allegations are not specifically directed to Heartland with the result that no response is required by Heartland.  To the extent that a response is required, the allegations are denied for lack of information sufficient to justify a belief in the truth thereof.

11.

The allegations contained in Paragraph 11 constitute legal conclusions to which no response is required on the part of Heartland.  To the extent that a response is required, the allegations contained in Paragraph 11 are denied for lack of information sufficient to justify a belief in the truth thereof.

12.

The allegations contained in Paragraph 12 constitute legal conclusions to which no response is required on the part of Heartland.  To the extent that a response is required, the allegations contained in Paragraph 12 are denied for lack of information sufficient to justify a belief in the truth thereof.

13.

The allegations contained in Paragraph 13 constitute legal conclusions to which no response is required on the part of Heartland.  To the extent that a response is required, the allegations contained in Paragraph 13 are denied for lack of information sufficient to justify a belief in the truth thereof.

14.

The allegations contained in Paragraph 14 constitute legal conclusions to which no response is required on the part of Heartland.  To the extent that a response is required, the allegations contained in Paragraph 14 are denied for lack of information sufficient to justify a belief in the truth thereof. Heartland specifically denies that it committed any "negligent and wrongful actions" as alleged in Paragraph 14.

15.

The allegations contained in Paragraph 15 constitute legal conclusions to which no response is required on the part of Heartland.  To the extent that a response is required, the allegations contained in Paragraph 15 are denied for lack of information sufficient to justify a belief in the truth thereof.

16.

The allegations contained in Paragraph 16 constitute legal conclusions to which Heartland need not respond.  To the extent a response is deemed necessary, Heartland admits that the United States Judicial Panel on Multidistrict Litigation entered an Order on October 24, 2007, describing the transfer of certain actions to the Eastern District of Louisiana. Heartland denies any remaining allegations in Paragraph 16.

## IV. FACTS AND GENERAL ALLEGATIONS

**A.     GENERAL ALLEGATIONS.**

17.

The allegations contained in Paragraph 17 are denied for lack of information sufficient to justify a belief in the truth thereof.  Heartland affirmatively asserts that Plaintiffs' claims are not appropriate for class certification as detailed in the Court's Order and Reasons Denying Class Certification (Rec. Doc. 1014).

18.

The allegations contained in Paragraph 18 are denied for lack of information sufficient to justify a belief in the truth thereof.

19.

The allegations contained in Paragraph 19 are denied for lack of information sufficient to justify a belief in the truth thereof.

20.

The allegations contained in Paragraph 20 are denied for lack of information sufficient to justify a belief in the truth thereof.

21.

The allegations contained in Paragraph 21 are denied for lack of information sufficient to justify a belief in the truth thereof.

22.

The allegations contained in Paragraph 22 are denied for lack of information sufficient to justify a belief in the truth thereof.

23.

Paragraph 23 contains legal conclusions to which no response is required. To the extent the allegations are factual in nature, they are denied.

24.

The allegations contained in Paragraph 24 are denied as against Heartland. The remaining allegations contained in Paragraph 24 are denied for lack of information sufficient to justify a belief in the truth thereof.

25.

The allegations contained in Paragraph 25 are denied for lack of information sufficient to justify a belief in the truth thereof.

26.

The allegations contained in Paragraph 26 are denied as against Heartland. The remaining allegations contained in Paragraph 26 are denied for lack of information sufficient to justify a belief in the truth thereof.

27.

The allegations contained in Paragraph 27 are denied for lack of information sufficient to justify a belief in the truth thereof.

28.

The allegations contained in Paragraph 28 are denied for lack of information sufficient to justify a belief in the truth thereof.

29.

The allegations contained in Paragraph 29 are denied are denied for lack of information sufficient to justify a belief in the truth thereof.

30.

The allegations contained in Paragraph 30 are denied as against Heartland.  The remaining allegations contained in Paragraph 30 are denied for lack of information sufficient to justify a belief in the truth thereof.

31.

The allegations contained in Paragraph 31 are denied as against Heartland.  The remaining allegations contained in Paragraph 31 are denied for lack of information sufficient to justify a belief in the truth thereof.

32.

The allegations contained in Paragraph 32 are denied as against Heartland.  The remaining allegations contained in Paragraph 32 are denied for lack of information sufficient to justify a belief in the truth thereof.

33.

The allegations contained in Paragraph 33 constitute legal conclusions to which no response is required on the part of Heartland.  To the extent a response is required, Heartland submits that 24 C.F.R. § 3280.309 is its own best evidence.

34.

The allegations of Paragraph 34 are denied for lack of information sufficient to justify a belief in the truth thereof.

35.

The allegations contained in Paragraph 35 are denied for lack of information sufficient to justify a belief in the truth thereof.

36.

The allegations contained in Paragraph 36 constitute legal conclusions to which no response is required on the part of Heartland.  To the extent a response is required, Heartland submits that 24 C.F.R. § 3280 is its own best evidence.

37.

The allegations contained in Paragraph 37 constitute legal conclusions to which no response is required on the part of Heartland.  To the extent a response is required, Heartland submits that 44 C.F.R. § 206.110(e) is its own best evidence.

38.

The allegations contained in Paragraph 38 are denied as against Heartland.  The remaining allegations contained in Paragraph 38 are denied for lack of information sufficient to justify a belief in the truth thereof.

39.

The allegations contained in Paragraph 39 are denied.

**B.   ALLEGATIONS ADDRESSING THE INAPPLICABILITY OF THE "DISCRETIONARY FUNCTION" EXCEPTION TO PLAINTIFFS' CLAIMS UNDER THE FEDERAL TORT CLAIMS ACT.**

40.

In response to the allegations contained in Paragraph 40, Heartland incorporates by reference as if fully set forth herein its responses to the allegations contained in each of the preceding Paragraphs.

41.

The allegations contained in Paragraph 41 are not addressed to Heartland and thus require no response by Heartland.  However, to the extent the allegations in Paragraph 41 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

42.

The allegations contained in Paragraph 42 are not addressed to Heartland and thus require no response by Heartland. However, to the extent the allegations in Paragraph 42 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

43.

The allegations contained in Paragraph 43 are not addressed to Heartland and thus no response is required by Heartland. To the extent that a response is required, Heartland submits that 42 U.S.C.A. § 5174(b)(1) (Supp. 2007) is its own best evidence.

44.

The allegations contained in Paragraph 44 are not addressed to Heartland and thus no response is required by Heartland. To the extent that a response is required, Heartland submits that 44 C.F.R. 206.11 is its own best evidence.

45.

The allegations contained in Paragraph 45 are not addressed to Heartland and thus no response is required by Heartland. To the extent that a response is required, Heartland submits that Public Law 93-288, Title IV, § 408 (1988) is its own best evidence.

46.

The allegations contained in Paragraph 46 are not addressed to Heartland and thus no response is required by Heartland. To the extent that a response is required, Heartland submits that 42 U.S.C.A. § 5174(c)(1)(A) and 44 C.F.R. § 206.117(b)(ii) are their own best evidence.

47.

The allegations contained in Paragraph 47 are not addressed to Heartland and thus no response is required by Heartland. To the extent that a response is required, the allegations

contained in Paragraph 47 are denied for lack of information sufficient to justify a belief in the truth thereof.

48.

The allegations contained in Paragraph 48 are not addressed to Heartland and thus no response is required by Heartland. To the extent that a response is required, Heartland submits that 42 U.S.C.A. § 5174(c)(1)(B)(ii)(iii) and 44 C.F.R. § 206.117(b)(ii)(F) are their own best evidence.

49.

The allegations contained in Paragraph 49 are not addressed to Heartland and thus require no response by Heartland. However, to the extent the allegations in Paragraph 49 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

50.

The allegations contained in Paragraph 50 are not addressed to Heartland and thus require no response by Heartland. However, to the extent the allegations in Paragraph 50 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

51.

The allegations contained in Paragraph 51 are denied for lack of information sufficient to justify a belief in the truth thereof.

52.

The allegations contained in Paragraph 52 are denied for lack of information sufficient to justify a belief in the truth thereof.

53.

The allegations contained in Paragraph 53 are not addressed to Heartland and thus require no response by Heartland.  However, to the extent the allegations in Paragraph 53 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

54.

The allegations contained in Paragraph 54 are not addressed to Heartland and thus require no response by Heartland.  However, to the extent the allegations in Paragraph 54 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

55.

The allegations contained in Paragraph 55 are not addressed to Heartland and thus require no response by Heartland.  However, to the extent the allegations in Paragraph 55 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

56.

The allegations contained in Paragraph 56 are not addressed to Heartland and thus require no response by Heartland.  However, to the extent the allegations in Paragraph 56 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

57.

The allegations contained in Paragraph 57 are not addressed to Heartland and thus require no response by Heartland.  However, to the extent the allegations in Paragraph 57 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

58.

The allegations contained in Paragraph 58 are not addressed to Heartland and thus require no response by Heartland. However, to the extent the allegations in Paragraph 58 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

59.

The allegations contained in Paragraph 59 are not addressed to Heartland and thus require no response by Heartland. However, to the extent the allegations in Paragraph 59 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

60.

The allegations contained in Paragraph 60 are not addressed to Heartland and thus require no response by Heartland. However, to the extent the allegations in Paragraph 60 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

61.

The allegations contained in Paragraph 61 are not addressed to Heartland and thus require no response by Heartland. However, to the extent the allegations in Paragraph 61 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

62.

The allegations contained in Paragraph 62 are not addressed to Heartland and thus require no response by Heartland. However, to the extent the allegations in Paragraph 62 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

63.

The allegations contained in Paragraph 63 are not addressed to Heartland and thus require no response by Heartland. However, to the extent the allegations in Paragraph 63 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

64.

The allegations contained in Paragraph 64 are not addressed to Heartland and thus require no response by Heartland. However, to the extent the allegations in Paragraph 64 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

65.

The allegations contained in Paragraph 65 are not addressed to Heartland and thus require no response by Heartland. However, to the extent the allegations in Paragraph 65 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

66.

The allegations contained in Paragraph 66 are not addressed to Heartland and thus require no response by Heartland. However, to the extent the allegations in Paragraph 66 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

67.

The allegations contained in Paragraph 67 are not addressed to Heartland and thus require no response by Heartland. However, to the extent the allegations in Paragraph 67 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

68.

The allegations contained in Paragraph 68 are not addressed to Heartland and thus require no response by Heartland. However, to the extent the allegations in Paragraph 68 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

69.

The allegations contained in Paragraph 69 are not addressed to Heartland and thus require no response by Heartland. However, to the extent the allegations in Paragraph 69 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

70.

The allegations contained in Paragraph 70 are not addressed to Heartland and thus require no response by Heartland.  However, to the extent the allegations in Paragraph 70 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

71.

The allegations contained in Paragraph 71 are not addressed to Heartland and thus require no response by Heartland.  However, to the extent the allegations in Paragraph 71 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

72.

The allegations contained in Paragraph 72 are not addressed to Heartland and thus require no response by Heartland.  However, to the extent the allegations in Paragraph 72 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

73.

The allegations contained in Paragraph 73 are not addressed to Heartland and thus require no response by Heartland.  However, to the extent the allegations in Paragraph 73 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

74.

The allegations contained in Paragraph 74 are not addressed to Heartland and thus require no response by Heartland.  However, to the extent the allegations in Paragraph 74 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

75.

The allegations contained in Paragraph 75 are not addressed to Heartland and thus require no response by Heartland.  However, to the extent the allegations in Paragraph 75 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

76.

The allegations contained in Paragraph 76 are not addressed to Heartland and thus require no response by Heartland. However, to the extent the allegations in Paragraph 76 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

77.

The allegations contained in Paragraph 77 are not addressed to Heartland and thus require no response by Heartland. However, to the extent the allegations in Paragraph 77 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

78.

The allegations contained in Paragraph 78 are not addressed to Heartland and thus require no response by Heartland. However, to the extent the allegations in Paragraph 78 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

79.

The allegations contained in Paragraph 79 are not addressed to Heartland and thus require no response by Heartland. However, to the extent the allegations in Paragraph 79 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

80.

The allegations contained in Paragraph 80 are not addressed to Heartland and thus require no response by Heartland. However, to the extent the allegations in Paragraph 80 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

81.

The allegations contained in Paragraph 81 are not addressed to Heartland and thus require no response by Heartland. However, to the extent the allegations in Paragraph 81 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

82.

The allegations contained in Paragraph 82 are not addressed to Heartland and thus require no response by Heartland. However, to the extent the allegations in Paragraph 82 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

## V. CLASS ACTION ALLEGATIONS

83.

The allegations contained in Paragraph 83 are denied for lack of information sufficient to justify a belief in the truth thereof. In addition, Heartland denies that a class action should be certified in this case, regardless of how the class and certain subclasses are defined, as is detailed in the Court's Order and Reasons denying class certification, Rec. Doc. 1014.

84.

The allegations contained in Paragraph 84 are denied. Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification, Rec. Doc. 1014.

85.

The allegations contained in Paragraph 85 are denied. Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification, Rec. Doc. 1014.

86.

The allegations contained in Paragraph 86 are denied. Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification, Rec. Doc. 1014.

87.

The allegations contained in Paragraph 87 are denied. Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification, Rec. Doc. 1014.

88.

The allegations contained in Paragraph 88 are denied. Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification, Rec. Doc. 1014.

89.

The allegations contained in Paragraph 89 are denied. Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification, Rec. Doc. 1014.

90.

The allegations contained in Paragraph 90 are denied. Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification, Rec. Doc. 1014.

91.

The allegations contained in Paragraph 91 and all subparts therein are denied. Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification, Rec. Doc. 1014.

92.

The allegations contained in Paragraph 92 are denied. Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification, Rec. Doc. 1014.

93.

The allegations contained in Paragraph 93 are denied. Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification, Rec. Doc. 1014.

94.

The allegations contained in Paragraph 94 are denied. Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification, Rec. Doc. 1014.

95.

Heartland denies that the class definition proposed by Plaintiffs in Paragraph 95 is appropriate, as is detailed in the Court's Order and Reasons denying class certification, Rec. Doc. 1014. The remaining allegations contained in Paragraph 95 are likewise denied.

96.

The allegations contained in Paragraph 96 are denied. Plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification, Rec. Doc. 1014.

97.

The allegations contained in Paragraph 97 and all subparts thereof are denied. In addition, Heartland denies that a class action should be certified in this case, as is detailed in the Court's Order and Reasons denying class certification, Rec. Doc. 1014.

## VI.  CLAIMS ASSERTED AGAINST THE FEDERAL GOVERNMENT

A.  **LOUISIANA STATE-BASED CLAIMS**

### COUNT 1:

### CAUSE OF ACTION AGAINST THE FEDERAL GOVERNMENT FOR LIABILITY PURSUANT TO LOUISIANA CIVIL CODE ARTICLES 2317, 2317.1 AND 2696

98.

In response to the allegations contained in Paragraph 98, Heartland incorporates by reference as if fully set forth herein its responses to the allegations contained in each of the preceding Paragraphs.

99.

The allegations contained in Paragraph 99 are not addressed to Heartland and thus require no response by Heartland.  However, to the extent the allegations in Paragraph 99 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

100.

The allegations contained in Paragraph 100 are not addressed to Heartland and thus require no response by Heartland.  However, to the extent the allegations in Paragraph 100 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

101.

The allegations contained in Paragraph 101 are not addressed to Heartland and thus require no response by Heartland.  However, to the extent the allegations in Paragraph 101 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

102.

The allegations contained in Paragraph 102 are not addressed to Heartland and thus require no response by Heartland.  However, to the extent the allegations in Paragraph 102 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

103.

The allegations contained in Paragraph 103 are not addressed to Heartland and thus require no response by Heartland.  However, to the extent the allegations in Paragraph 103 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

104.

The allegations contained in Paragraph 104 are not addressed to Heartland and thus require no response by Heartland.  However, to the extent the allegations in Paragraph 104 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

105.

The allegations contained in Paragraph 105 are not addressed to Heartland and thus require no response by Heartland.  However, to the extent the allegations in Paragraph 105 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

106.

The allegations contained in Paragraph 106 are not addressed to Heartland and thus require no response by Heartland.  However, to the extent the allegations in Paragraph 106 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

107.

The allegations contained in Paragraph 107 are not addressed to Heartland and thus require no response by Heartland.  However, to the extent the allegations in Paragraph 107 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

108.

The allegations contained in Paragraph 108 are not addressed to Heartland and thus require no response by Heartland.  However, to the extent the allegations in Paragraph 108 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

## COUNT 2:

## CAUSE OF ACTION AGAINST THE FEDERAL GOVERNMENT FOR LIABILITY PURSUANT TO LOUISIANA CIVIL CODE ARTICLE 2316

109.

In response to the allegations contained in Paragraph 109, Heartland incorporates by reference as if fully set forth herein its responses to the allegations contained in each of the preceding Paragraphs.

110.

The allegations contained in Paragraph 110 are not addressed to Heartland and thus require no response by Heartland.  However, to the extent the allegations in Paragraph 110 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

111.

The allegations contained in Paragraph 111 are not addressed to Heartland and thus require no response by Heartland.  However, to the extent the allegations in Paragraph 111 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

112.

The allegations contained in Paragraph 112 are not addressed to Heartland and thus require no response by Heartland.  However, to the extent the allegations in Paragraph 112 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

113.

The allegations contained in Paragraph 113 are not addressed to Heartland and thus require no response by Heartland.  However, to the extent the allegations in Paragraph 113 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

114.

The allegations contained in Paragraph 114 are not addressed to Heartland and thus require no response by Heartland.  However, to the extent the allegations in Paragraph 114 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

115.

The allegations contained in Paragraph 115 are not addressed to Heartland and thus require no response by Heartland.  However, to the extent the allegations in Paragraph 115 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

116.

The allegations contained in Paragraph 116 are not addressed to Heartland and thus require no response by Heartland.  However, to the extent the allegations in Paragraph 116 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

117.

The allegations contained in Paragraph 117 are not addressed to Heartland and thus require no response by Heartland.  However, to the extent the allegations in Paragraph 117 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

118.

The allegations contained in Paragraph 118 and all subparts thereof are not addressed to Heartland and thus require no response by Heartland.  However, to the extent the allegations in

Paragraph 118 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

**COUNT 3:**

**CAUSE OF ACTION AGAINST THE FEDERAL GOVERNMENT FOR
REDHIBITORY DEFECTS AND THE RESCISSION OF SALES OF
HOUSING UNITS PURSUANT TO LOUISIANA CIVIL CODE ARTICLE 2520,
ET SEQ. AND THE ARTICLES RELATING TO CONVENTIONAL OBLIGATIONS**

119.

In response to the allegations contained in Paragraph 119, Heartland incorporates by reference as if fully set forth herein its responses to the allegations contained in each of the preceding Paragraphs.

120.

The allegations contained in Paragraph 120 are not addressed to Heartland and thus require no response by Heartland.  However, to the extent the allegations in Paragraph 120 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

121.

The allegations contained in Paragraph 121 are not addressed to Heartland and thus require no response by Heartland.  However, to the extent the allegations in Paragraph 121 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

122.

The allegations contained in Paragraph 122 are not addressed to Heartland and thus require no response by Heartland.  However, to the extent the allegations in Paragraph 122 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

123.

The allegations contained in Paragraph 123 are not addressed to Heartland and thus require no response by Heartland. However, to the extent the allegations in Paragraph 123 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

124.

The allegations contained in Paragraph 124 are not addressed to Heartland and thus require no response by Heartland. However, to the extent the allegations in Paragraph 124 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

125.

The allegations contained in Paragraph 125 are not addressed to Heartland and thus require no response by Heartland. However, to the extent the allegations in Paragraph 125 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

126.

The allegations contained in Paragraph 126 are not addressed to Heartland and thus require no response by Heartland. However, to the extent the allegations in Paragraph 126 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

127.

The allegations contained in Paragraph 127 are not addressed to Heartland and thus require no response by Heartland. However, to the extent the allegations in Paragraph 127 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

128.

The allegations contained in Paragraph 128 are not addressed to Heartland and thus require no response by Heartland. However, to the extent the allegations in Paragraph 128 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

129.

The allegations contained in Paragraph 129 are not addressed to Heartland and thus require no response by Heartland.  However, to the extent the allegations in Paragraph 129 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

130.

The allegations contained in Paragraph 130 are not addressed to Heartland and thus require no response by Heartland.  However, to the extent the allegations in Paragraph 130 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

131.

The allegations contained in Paragraph 131 are not addressed to Heartland and thus require no response by Heartland.  However, to the extent the allegations in Paragraph 131 purport to cast liability either directly or indirectly upon Heartland, the allegations are denied.

**VII.  CLAIMS ASSERTED AGAINST THE MANUFACTURING DEFENDANTS**

**A.      LOUISIANA STATE-BASED CLAIMS**

**COUNT 4:**

**CAUSE OF ACTION AGAINST THE MANUFACTURERS
UNDER LOUISIANA PRODUCTS LIABILITY ACT**

132.

In response to the allegations contained in Paragraph 132, Heartland incorporates by reference as if fully set forth herein its responses to the allegations contained in each of the preceding Paragraphs. In addition, Heartland states that the Court has dismissed by Order, Rec. Doc. 984, Plaintiffs' claims against the Manufacturing Defendants for breach of express warranty under the Louisiana Products Liability Act.

133.

Paragraph 133 contains legal conclusions to which no response is required. To the extent a response is required, the allegations contained in Paragraph 133 are denied for lack of sufficient information to justify a belief therein.

134.

The allegations contained in Paragraph 134 are denied.

135.

The allegations contained in Paragraph 135 are denied.

136.

The allegations contained in Paragraph 136 are denied.

137.

The allegations contained in Paragraph 137 are denied.

138.

The allegations contained in Paragraph 138 and all subparts therein are denied.

**B.    MISSISSIPPI STATE-BASED CLAIMS**

### COUNT 5:

### STRICT PRODUCTS LIABILITY
### MS CODE ANNOTATED § 11-1-63

**1.    PRODUCTS LIABILITY DEFECTIVE MANUFACTURING AND DESIGN**

139.

In response to the allegations contained in Paragraph 139, Heartland incorporates by reference as if fully set forth herein its responses to the allegations contained in each of the preceding Paragraphs. In addition, Heartland states that the Court has dismissed by Order, Rec. Doc. 984, several of Plaintiffs' claims against the Manufacturing Defendants under Mississippi law,

including breach of implied warranty of fitness for a particular purpose and any claims seeking damages in strict liability or negligence for economic losses.

140.

The allegations contained in Paragraph 140 are denied.

141.

The allegations contained in Paragraph 141 are denied.

142.

The allegations contained in Paragraph 142 are denied.

143.

The allegations contained in Paragraph 143 are denied.

144.

The allegations contained in Paragraph 144 are denied.

145.

The allegations contained in Paragraph 145 are denied.

146.

The allegations contained in Paragraph 146 are denied.

147.

The allegations contained in Paragraph 147 are denied.

148.

The allegations contained in Paragraph 148 are denied.

149.

The allegations contained in Paragraph 149 are denied.

2.   **PRODUCTS LIABILITY FAILURE TO WARN**

150.

The allegations contained in Paragraph 150 are denied.  In further response, to the extent that the Court has determined that Plaintiffs' claims against the Manufacturing Defendants are dismissed in its Order, Rec. Doc. 984, Plaintiffs' claims are denied.

3.   **PRODUCTS LIABILITY: BREACH OF EXPRESS WARRANTY**

151.

The allegations contained in Paragraph 151 are denied. In further response, to the extent that the Court has determined that Plaintiffs' claims against the Manufacturing Defendants are dismissed in its Order, Rec. Doc. 984, Plaintiffs' claims are denied.

4.   **COMPENSATORY DAMAGES UNDER MISSISSIPPI LAW**

152.

In response to the allegations contained in Paragraph 152, Heartland incorporates by reference as if fully set forth herein its responses to the allegations contained in each of the preceding Paragraphs.  In addition, Heartland states that the Court has dismissed by Order, Rec. Doc. 984, several of Plaintiffs' claims against the Manufacturing Defendants under Mississippi law, including breach of implied warranty of fitness for a particular purpose and any claims seeking damages in strict liability or negligence for economic losses.

153.

The allegations contained in Paragraph 153 are denied.

154.

The allegations contained in Paragraph 154 are denied.

155.

The allegations contained in Paragraph 155 are denied.

156.

The allegations contained in Paragraph 156 are denied.

157.

The allegations contained in Paragraph 157 are denied.

## 5. PUNITIVE/EXEMPLARY DAMAGES AS TO MANUFACTURING DEFENDANTS UNDER MISSISSIPPI LAW

158.

In response to the allegations contained in Paragraph 158, Heartland incorporates by reference as if fully set forth herein its responses to the allegations contained in each of the preceding Paragraphs. In addition, Heartland states that the Court has dismissed by Order, Rec. Doc. 984, several of Plaintiffs' claims against the Manufacturing Defendants under Mississippi law, including breach of implied warranty of fitness for a particular purpose and any claims seeking damages in strict liability or negligence for economic losses.

159.

The allegations contained in Paragraph 159 are denied.

## C. ALABAMA STATE-BASED CLAIMS

### COUNT 6:

### ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE CODE OF ALA. § 6-5-52 1

## 1. PRODUCTS LIABILITY DEFECTIVE MANUFACTURING AND DESIGN

160.

In response to the allegations contained in Paragraph 160, Heartland incorporates by reference as if fully set forth herein its responses to the allegations contained in each of the preceding Paragraphs. In addition, Heartland states that the Court has dismissed by Order, Rec. Doc. 984, several of Plaintiffs' claims against the Manufacturing Defendants under Alabama

law, including breach of implied warranty of fitness for a particular purpose and any claims seeking damages in strict liability or negligence for economic losses.

161.

The allegations contained in Paragraph 161 are denied.

162.

The allegations contained in Paragraph 162 are denied.

163.

The allegations contained in Paragraph 163 are denied.

164.

The allegations contained in Paragraph 164 are denied.

165.

The allegations contained in Paragraph 165 are denied.

166.

The allegations contained in Paragraph 166 are denied.

167.

The allegations contained in Paragraph 167 are denied.

168.

The allegations contained in Paragraph 168 are denied.

169.

The allegations contained in Paragraph 169 are denied.

170.

The allegations contained in Paragraph 170 are denied.

171.

The allegations contained in Paragraph 171 are denied.

## 2.     PRODUCTS LIABILITY: FAILURE TO WARN

### 172.

The allegations contained in Paragraph 172 are denied.  In further response, to the extent that the Court has determined that Plaintiffs' claims against the Manufacturing Defendants are dismissed in its Order, Rec. Doc. 984, Plaintiffs' claims are denied.

## 3.     PRODUCTS LIABILITY: BREACH OF EXPRESS AND IMPLIED WARRANTY OF MERCHANTABILITY

### 173.

The allegations contained in Paragraph 173 are denied. In further response, to the extent that the Court has determined that Plaintiffs' claims against the Manufacturing Defendants are dismissed in its Order, Rec. Doc. 984, Plaintiffs' claims are denied.

## 4.     COMPENSATORY DAMAGES UNDER ALABAMA LAW

### 174.

In response to the allegations contained in Paragraph 174, Heartland incorporates by reference as if fully set forth herein its responses to the allegations contained in each of the preceding Paragraphs. In addition, Heartland states that the Court has dismissed by Order, Rec. Doc. 984, several of Plaintiffs' claims against the Manufacturing Defendants under Alabama law, including breach of implied warranty of fitness for a particular purpose and any claims seeking damages in strict liability or negligence for economic losses.

### 175.

The allegations contained in Paragraph 175 are denied.

### 176.

The allegations contained in Paragraph 176 are denied.

177.

The allegations contained in Paragraph 177 are denied.

178.

The allegations contained in Paragraph 178 are denied.

179.

The allegations contained in Paragraph 179 are denied.

**5.      CODE OF ALABAMA § 6-11-23 PUNITIVE/EXEMPLARY DAMAGES AS TO MANUFACTURING DEFENDANTS UNDER ALABAMA LAW**

180.

In response to the allegations contained in Paragraph 180, Heartland incorporates by reference as if fully set forth herein its responses to the allegations contained in each of the preceding Paragraphs. In addition, Heartland states that the Court has dismissed by Order, Rec. Doc. 984, several of Plaintiffs' claims against the Manufacturing Defendants under Alabama law, including breach of implied warranty of fitness for a particular purpose and any claims seeking damages in strict liability or negligence for economic losses.

181.

The allegations contained in Paragraph 181 are denied.

**D.      TEXAS STATE-BASED CLAIMS**

**COUNT 7:**

**CAUSE OF ACTION AGAINST MANUFACTURERS UNDER TEXAS PRODUCTS LIABILITY LAW**

182.

In response to the allegations contained in Paragraph 182, Heartland incorporates by reference as if fully set forth herein its responses to the allegations contained in each of the preceding Paragraphs. In addition, Heartland states that the Court has dismissed by Order, Rec.

Doc. 984, several of Plaintiffs' claims against the Manufacturing Defendants under Texas law, including breach of implied warranty of fitness for a particular purpose, any claims seeking damages in strict liability or negligence for economic losses, and breach of express warranty.

183.

Paragraph 183 contains legal conclusions to which no response is required. To the extent the allegations are factual in nature and purport to address all defendants, the allegations are denied for lack of information sufficient to justify a belief in the truth thereof.

184.

The allegations contained in Paragraph 184 are denied.

185.

The allegations contained in Paragraph 185 are denied.

186.

The allegations contained in Paragraph 186 are denied.

187.

The allegations contained in Paragraph 187 are denied.

188.

The allegations contained in Paragraph 188 are denied.

189.

The allegations contained in Paragraph 189 and all subparts therein are denied.

190.

The allegations contained in Paragraph 190 are denied.

191.

The allegations contained in Paragraph 191 are denied.

192.

The allegations contained in Paragraph 192 and all subparts therein are denied.

## COUNT 8:

## CAUSE OF ACTION AGAINST MANUFACTURERS
## FOR NEGLIGENCE UNDER TEXAS LAW

193.

In response to the allegations contained in Paragraph 193, Heartland incorporates by reference as if fully set forth herein its responses to the allegations contained in each of the preceding Paragraphs. In addition, Heartland states that the Court has dismissed by Order, Rec. Doc. 984, several of Plaintiffs' claims against the Manufacturing Defendants under Texas law, including breach of implied warranty of fitness for a particular purpose, any claims seeking damages in strict liability or negligence for economic losses, and breach of express warranty.

194.

The allegations contained in Paragraph 194 are denied.

195.

The allegations contained in Paragraph 195 are denied.

196.

The allegations contained in Paragraph 196 are denied.

197.

The allegations contained in Paragraph 197 and all subparts therein are denied.

198.

The allegations contained in Paragraph 198 are denied.

**COUNT 9:**

**CAUSE OF ACTION AGAINST MANUFACTURERS
FOR BREACH OF IMPLIED WARRANTY UNDER TEXAS LAW**

199.

In response to the allegations contained in Paragraph 199, Heartland incorporates by reference as if fully set forth herein its responses to the allegations contained in each of the preceding Paragraphs. In addition, Heartland states that the Court has dismissed by Order, Rec. Doc. 984, several of Plaintiffs' claims against the Manufacturing Defendants under Texas law, including breach of implied warranty of fitness for a particular purpose, any claims seeking damages in strict liability or negligence for economic losses, and breach of express warranty.

200.

The allegations contained in Paragraph 200 are denied.

201.

The allegations contained in Paragraph 201 are denied.

202.

The allegations contained in Paragraph 202 are denied.

203.

The allegations contained in Paragraph 203 are denied.

204.

The allegations contained in Paragraph 204 are denied.

**COMPENSATORY DAMAGES: ALL STATES**

The allegations contained in the unnumbered Paragraph titled "Compensatory Damages: All States" are denied. In further response, to the extent that the Court has determined

that Plaintiffs' claims against the Manufacturing Defendants are dismissed by its Order, Rec. Doc. 984, Plaintiffs' claims are denied.

## MEDICAL MONITORING

The allegations contained in the unnumbered Paragraph titled "Medical Monitoring" are denied. In further response, to the extent that the Court has determined that Plaintiffs' claims against the Manufacturing Defendants are dismissed by its Order, Rec. Doc. 984, Plaintiffs' claims are denied.

## PUNITIVE DAMAGES

The allegations contained in the unnumbered Paragraph titled "Punitive Damages" are denied. In further response, to the extent that the Court has determined that Plaintiffs' claims against the Manufacturing Defendants are dismissed by its Order, Rec. Doc. 984, Plaintiffs' claims are denied.

## REQUEST FOR JURY TRIAL

In response to the jury request contained in an unnumbered Paragraph of the Amended Master Complaint, as supplemented and amended, Heartland makes its own specific request for a jury trial.

Heartland further denies any and all other allegations contained in any and all other numbered, unnumbered, or misnumbered paragraphs of the Amended Master Complaint, as supplemented and amended, not referred to herein specifically by number.

Heartland further denies each and every request for relief in the Prayer for Relief of the Amended Master Complaint, as supplemented and amended, including each and every subparagraph therein.

- 37 -

## ADDITIONAL AND AFFIRMATIVE DEFENSES

Now further answering, Heartland respectfully asserts the following additional and affirmative defenses:

### FIRST DEFENSE

Plaintiffs' claims against Heartland are improperly joined with the claims made against the other defendants, and Heartland should be dismissed as a party pursuant to Federal Rules of Civil Procedure 20 and 21.[2]

### SECOND DEFENSE

The Amended Master Complaint, as supplemented and amended, fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Heartland  readopts and reasserts as though the same were set out herein all of its affirmative defenses and all other matters more specifically set forth in Timberland RV Company and Heartland Recreational Vehicles, LLC's Joint Motion to Dismiss the Second Supplemental and Amended Master Complaint, Rec. Doc. 1027.

### FOURTH DEFENSE

For all the reasons set forth in this Court's order dated December 29, 2008, which denied Plaintiffs' motion for class certification, Rec. Doc. 1014, as well as for the reasons set forth in Defendants' opposition to Plaintiffs' motion for class certification, Rec. Docs. 902 and 976, and Heartland's opposition to class certification, Rec. Doc. 945, any allegation that purports to assert

---

[2]   In accordance with its agreement with Plaintiffs' liaison counsel, Heartland, in answering the Amended Master Complaint, as supplemented and amended, has not waived and expressly preserves its right to seek dismissal pursuant to Rules 20 and 21 as more fully set forth in Timberland RV Company, LLC and Heartland Recreational Vehicles, LLC's Joint Motion to Dismiss the Second Supplemental and Amended Master Complaint, Rec. Doc. 1027.

that the claims of Plaintiffs are appropriate for class certification fails to state a claim upon which relief can be granted as a matter of law.

### FIFTH DEFENSE

Upon information and belief, the named Plaintiffs may lack standing to proceed with the Complaint and/or causes of actions set forth therein.

### SIXTH DEFENSE

Upon information and belief, the named Plaintiffs, and/or any purported members of the alleged class, are barred from seeking recovery in this matter by the doctrine of accord and satisfaction.

### SEVENTH DEFENSE

All the damages complained of in the Amended Master Complaint, as supplemented and amended, resulted solely or substantially from the negligence, fault, or comparative fault of the Plaintiffs through misuse and/or abuse of the subject travel trailers and manufactured housing, also known as Emergency Housing Units ("EHUs"), and/or lack of maintenance of said EHUs, or through other acts or omissions which will be shown more fully at the trial of this matter and which preclude recovery by Plaintiffs or reduce any recovery by their percentage of fault.

### EIGHTH DEFENSE

All the damages complained of in the Amended Master Complaint, as supplemented and amended, resulted solely or substantially from the negligence, fault or comparable fault of others from whom Heartland is in no way responsible or liable.

### NINTH DEFENSE

Heartland specifically denies the existence of any defect(s), including but not limited to redhibitory defects, or defects which fall under any alleged warranty or representation issued by Heartland, or defects under the Louisiana Products Liability Act in the subject EHUs.

## TENTH DEFENSE

Should this court determine that the subject EHUs exhibit some defect(s), which is specifically denied, then said defect(s) was apparent and obvious at the time of the sale and precludes any recovery by Plaintiffs.

## ELEVENTH DEFENSE

Heartland specifically states that to the extent the EHUs were in fact manufactured by Heartland, the EHUs were designed, constructed and manufactured in conformity with the state-of-the-art.

## TWELFTH DEFENSE

All of Plaintiffs' claims against Heartland may be preempted or otherwise precluded by the statutes, standards, regulations, and rules propagated by the federal government including, but not limited to, the Department of Housing and Urban Development ("HUD"), the Department of Homeland Security, and the Federal Emergency Management Agency ("FEMA"), and Plaintiffs' lease agreements with FEMA. Further, Heartland may be immunized from liability by the government contractor defense.

## THIRTEENTH DEFENSE

Any express or other warranty obligations owed by Heartland are controlled and strictly limited by the express terms of the warranty, including all limitations and exclusions set out in the warranty.

## FOURTEENTH DEFENSE

Upon information and belief, Plaintiffs have failed to mitigate their damages.

### FIFTEENTH DEFENSE

Plaintiffs' claims against Heartland are barred in whole or in part by the applicable statutes of limitations, statutes of repose, prescriptive periods, and/or any limitation of actions contained in any applicable contracts.

### SIXTEENTH DEFENSE

Heartland further pleads that Plaintiffs' claims are barred in whole or in part to the extent that the Economic Loss Doctrine applies and incorporate the Court's Order, Rec. Doc. 984, as if fully set forth herein.

### SEVENTEENTH DEFENSE

Heartland further pleads any and all defenses applicable and available to it under any controlling Alabama statutes.

### EIGHTEENTH DEFENSE

Heartland further pleads any and all defenses applicable and available to it under any controlling Texas statutes.

### NINETEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of estoppel, release, or waiver.

### TWENTIETH DEFENSE

Heartland further pleads any and all defenses applicable and available to it under any controlling Mississippi statutes, including, but not limited to, the Mississippi Products Liability Act, MCA § 11-1-63.

### TWENTY-FIRST DEFENSE

Heartland specifically pleads to the extent applicable, all defenses allowed under the Louisiana Products Liability Act, LSA-R.S. 9:2800.51 *et. seq.* and/or other Louisiana statutes.

### TWENTY-SECOND DEFENSE

Heartland specifically pleads that its products were reasonably fit for ordinary use.

### TWENTY-THIRD DEFENSE

In the event that discovery were to reveal the following, Heartland specifically pleads that the accident and/or injuries sued upon herein occurred only after and solely due to the substantial alteration and/or modification of the product sued upon herein, which alteration and/or modification was not foreseeable, after it left the hands of the manufacturer, which is specifically plead as a complete bar to any recovery against Heartland.

### TWENTY-FOURTH DEFENSE

Plaintiffs claims are barred in whole or in part to the extent that under the provisions of Mississippi Code Ann. § 85-5-7, defendants are liable only for the amount of damages allotted to them, if any, in direct proportion to their percentage of fault, if any, with due respect to the total negligence of all parties whose actions caused or contributed to the incident and the damages of which are complained.

### TWENTY-FIFTH DEFENSE

To the extent Plaintiffs seek punitive or exemplary damages, such damages are barred because the Administrative Master Complaint, as supplemented and amended, does not state a cause of action for punitive or exemplary damages against Heartland sufficient in law whereby such recovery may be had. Heartland specifically pleads that punitive damages are not allowed.

### TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that any award of punitive damages would be unconstitutional because the standard utilized to allow the imposition of such damages are so vague, both on their face and as applied, so as to fail to give adequate or sufficient notice of the prohibitive conduct.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that the award of punitive damages would violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, separately, of the Constitution of the United States on each of the following separate and several grounds:

1. The procedures failed to provide means for awarding separate judgments against alleged tortfeasors;
2. The procedures failed to provide a limit on the amount of the award against separate defendants;
3. The procedures failed to provide specific standards for the award of punitive damages;
4. The procedures permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions;
5. The procedures failed to provide a clear consistent and appellate standard of review of an award of punitive damages;
6. The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and
7. The standards of conduct upon which punitive damages are sought are vague.

## TWENTY-EIGHTH DEFENSE

Heartland demands a bifurcation of Plaintiffs' claims for actual and punitive damages, where applicable.

## TWENTY-NINTH DEFENSE

Plaintiffs' claims against Heartland are barred to the extent that Plaintiffs' alleged injuries were caused by intervening, superseding actions or events for which Heartland is in no way responsible or liable.

## THIRTIETH DEFENSE

The exact damages and losses claimed by Plaintiffs are unknown to Heartland and discovery continues. Thus, Heartland cannot adequately determine all defenses that may be applicable to Plaintiffs' claims. Therefore, Heartland expressly reserves the right to amend its Answer and raise additional defenses to the extent that additional defenses become applicable under state and federal

law, additional defenses are established as discovery proceeds, and additional defenses are available under subsequently asserted theories of recovery.

**WHEREFORE,** Heartland respectfully prays that the above Answer and Defenses to the Administrative Master Complaint, as supplemented and amended, be deemed good and sufficient; that after due proceedings are had, there be judgment rendered in favor of Heartland against Plaintiffs and those similarly situated, dismissing their claims and requests for damages at their cost and with prejudice; and that Heartland be awarded all other general, special and equitable relief as the nature of this case may permit and all costs of these proceedings.

### REQUEST FOR JURY TRIAL

Heartland requests a trial by jury on all issues so triable.

Respectfully submitted,

**ALLEN & GOOCH**

*/s/ Brent M. Maggio*
BRENT M. MAGGIO, T.A., # 19959
JOHN R. WALKER, # 02165
SCOTT F. DAVIS, # 26013
JEFF S. VALLIERE, # 31346
3900 N. Causeway Blvd, Suite 1450
Metairie, Louisiana 70002
Tel: 504.836.5260
Fax: 504.836.5265
**Attorneys for Heartland Recreational Vehicles, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all known counsel of record.

By: /s/ Brent M. Maggio
    BRENT M. MAGGIO