## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| IN RE: | **FEMA TRAILER** | * | **MDL NO. 1873** |
| | **FORMALDEHYDE** | * | |
| | **PRODUCTS LIABILITY** | * | **SECTION:  N(4)** |
| | **LITIGATION** | * | |
| | | * | **JUDGE: ENGELHARDT** |
| **This Document Relates to:** | | * | |
| **Belinda H. Bauer, et al** | | * | **MAG: ROBY** |

## FLEETWOOD ENTITIES' LIST OF DEFENSES AND RULE 12 MOTIONS TO BE PRESERVED

**NOW INTO COURT**, through undersigned counsel, come defendants, Fleetwood Enterprises, Inc., Fleetwood Canada, Ltd., and any other Fleetwood subsidiary that may be deemed to be a real party in interest (hereinafter referred to as "Fleetwood"), respectfully submits the following list of defenses and Federal Rule of Civil Procedure Rule 12 motions to be preserved in the underlying action, which is currently pending in the above captioned matter or will be subsequently transferred to the above captioned matter:

In *Belinda H. Bauer, et al v. Liberty Homes, et al* originally filed in the United States District Court for the Eastern District of Louisiana, Case number 08-5031, Fleetwood preserves the following defenses:

a.      Rule 12(b)(6):  Failure to state a claim for negligence, strict liability, and breach of express and implied warranties under Louisiana law because those claims are barred by the Louisiana Products Liability Act.

b.      Rule 12(b)(6):  Failure to state a claim because plaintiffs failed to make any particularized allegations regarding their injuries and damages, and failed to make any particularized allegations connecting any plaintiff to conduct by any particular defendant.

c.      Rule 12(b)(6):  Failure to state a claim for punitive damages under Louisiana law.

d.      Rule 12(b)(6):  Failure to state a claim for medical monitoring damages under Louisiana, Alabama, Texas and Mississippi law because plaintiffs have not alleged a present and manifest injury.

e.      Rule 12(b)(6):  Plaintiffs' claims are barred by the applicable prescriptive periods.

f.      Rule 12(b)(6):  Failure to state a claim for breach of express warranty under Louisiana, Mississippi Alabama and Texas law.

g.      Rule 12(b)(6):  Failure to state a claim for breach of implied warranty under Louisiana, Mississippi, Alabama and Texas law.

h.      Rule 12(e):  Motion for more definite statement of the complaint based on plaintiffs' failure to make particularized allegations about their injuries and damages and failure to make any particularized allegations about any particular defendants' alleged conduct.

i.      Rule 12(b)(6):  Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically seek property damages inasmuch as such claims are precluded under applicable law.

j.      Rule 12(b)(6):  Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the manufacturing defendants inasmuch as the applicable law precludes such reapportionment of fault.

k.      Rule 12(b)(6):  Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically seek attorneys fees under federal or state law inasmuch as such claims are precluded.

l.      Rule 12(b)(6):  Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek injunctive relief as none of the theories invoked by plaintiffs provide recovery for injunctive relief sought by plaintiffs and plaintiffs have not alleged a sufficient basis to entitle them to injunctive relief.

m.     Rule 12(b((6): Plaintiffs' claims should be dismissed for lack of standing because the allegations fail to connect any particular plaintiff with a particular defendant.

n.     Rule 12(b)(3): Improper venue as to plaintiffs who reside outside the Eastern District of Louisiana.

o.     Rule 12(b): Motion to dismiss class action allegations for failure to timely file a motion for class certification pursuant to Uniform Local Rule 23.1.

Further, Fleetwood preserves all defenses raised and briefed in the Manufacturing Defendants' Joint Rule 12(b)(6) Motion to Dismiss and the Manufacturing Defendants' Joint Rule 9(b) Motion to Dismiss.  Finally, Fleetwood reserves the right to amend or supplement these defenses and to file any appropriate preliminary pleadings and/or dispositive motions in the above case and in any other cases in which it has been or will be named as a party.

Respectfully submitted:


/s/ Jeffrey M. Burg
_____
**JERRY L. SAPORITO, T.A. (#11717)**
**AMANDA W. VONDERHAAR (#31350)**
**JEFFREY M. BURG (#25993)**
Leake & Andersson, L.L.P.
1100 Poydras Street
Suite 1700
New Orleans, LA 70163-1701
Telephone:  (504) 585-7500
Fax: (504) 585-7775
E-Mail:  jsaporito@leakeandersson.com
             avonderhaar@leakeandersson.com
             jburg@leakeandersson.com

***Attorneys for Fleetwood Enterprises, Inc. and Fleetwood Canada, Ltd.***

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been electronically filed this date and delivered to all counsel of record by notice of electronic filing by the court, by depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this  4th  day of   March, 2009, at their last known address of record.


                                                   /s/ Jeffrey M. Burg

CP-3498-39075-Doc. 14930