UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-5"<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

THIS DOCUMENT IS RELATED TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO QUASH DEFENDANT FOREST RIVER'S NOTICES OF FIFTY-SIX DEPOSITIONS**

MAY IT PLEASE THE COURT:

**I. Introduction**

On March 2, 2009, Defendant, Forest Rive, served upon Plaintiffs five notices of depositions consisting of fifty-six depositions over five days with three deposition tracks on each day. Defendant seeks to depose Plaintiffs for whom Defendants have received Plaintiff Fact Sheet. Plaintiffs received notice ranging from fourteen to eighteen days. On Tuesday, March 3, 2009, Plaintiffs participated in a telephone conference with Defendants regarding the notices at issue but were unable to reach a compromise. Plaintiffs request that this Honorable Court quash Defendant's notices of depositions on the following grounds: 1) the Court's trial plaintiff selection plan does not contemplate the taking of depositions; 2) the depositions are contrary to this Court's Pre-Trial Order No. 2 (Rec. Doc. 87) regarding Plaintiff Fact Sheets; 3) the depositions are contrary to Fed. R. Civ. P. 30; and 4) the depositions are overly burdensome for Plaintiffs.

1

## II.  Argument

Defendant, Forest River, asserts that it is entitled to conduct the deposition of fifty-six Plaintiffs for whom it received Plaintiff Fact Sheet (PFS) forms pursuant to this Court's Pre-Trial Order No. 28 (Rec. Doc.1096).  The deposition of fifty-six Plaintiffs is contrary to this Court's trial Plaintiff selection plan and the clear instructions and intent of Pre-Trial Order No. 2  (Rec. Doc. 87) regarding the purpose of PFS's**.**  Additionally, Rule 30 of the Federal Rules of Civil Procedure limits the number of depositions by any party to ten, unless leave of the Court is obtained.  Furthermore, the notice, given the number of depositions and the timing of the depositions is overly burdensome for Plaintiffs.

### A.     The Court's Trial Plaintiff Selection Plan Does Not Contemplate The Taking of Depositions.

During its February 5, 2009 status conference, as memorialized in Pre-Trial Order No. 28 (rec. Doc. 1096), the Court gave explicit instructions regarding the selection of fifty potential bellwether trial Plaintiffs.  The Court gave clear instructions that the parties are to provide no less than fifty names of individuals who meet the Court's criteria for bellwether Plaintiffs.  The Court instructed that the selection of bellwether Plaintiffs would come from the pool of individuals who have submitted a PFS form.

As it relates to Defendants, Forest River and Keystone RV, the Court instructed the PSC to provide, no later than February 28, 2009**,** additional PFS forms for individuals that may be eligible to serve as bellwether trial Plaintiffs.  Prior to the February 28, 2009 deadline, the PSC forwarded a total of fifty-six additional PFS forms identifying Forest River as the manufacturer of the EHU.

Further, the Court instructed the parties to make bellwether Plaintiff selections from the pool of individuals that filed suit on or before March 2, 2009. It would be wholly unrealistic and not in keeping with the Court's intention to expect that the entire pool of potential bellwether trial Plaintiffs could be deposed prior to the March 23, 2009 bellwether Plaintiff submission deadline. It is clear that the Court intends that the bellwether selection is to be made based upon the information contained in the PFS forms of eligible individuals, as well as any additional information which may be available, such as disaster files.

### B.     Pre-Trial Order No. 2 Dictates Discovery Regarding Plaintiffs.

Under this Court's instruction in Pre-Trial Order No. 2 (Rec. Doc. 87), the PSC and the DSC worked together to create a very comprehensive, lengthy twenty-six-page PFS form. According to Pre-Trial Order No. 2 (Rec. Doc. 87), each Plaintiffs' response is treated as an answer to an interrogatory under Fed. R. Civ. P. 33 and requests for production of documents, including medical authorizations, as governed by Fed. R. Civ. P. 34.

Pre-Trial Order No. 2 (Rec. Doc. 87) also dictates the procedure for addressing a deficient PFS. When Defendants receive a PFS the Defendants are required to notify Plaintiffs by letter explaining any material deficiency and allowing Plaintiffs thirty (30) days to cure the deficiency. If after thirty days the deficiency is not cured, the Defendants may move for dismissal of that Plaintiff's claim.

When creating the PFS form, the PSC desired a shorter, simpler form, while the DSC desired a longer, more detailed PFS form that would include prior health and medical history and medical authorizations. PSC compromised with the DSC and agreed to a longer, more detailed

PFS form with the understanding that Plaintiffs' responses would be considered answers to interrogatories and avoid the current situation of potentially deposing every Plaintiff in this case. Defendant's attempt to conduct fifty-six depositions of Plaintiffs is contrary to the intent and procedure dictated by this Court's Pre-Trial Order No. 2 (Rec. Doc. 87) . Allowing Defendant, Forest River, to proceed with fifty-six depositions would be an imprudent use of discovery.

### C. Rule 30 of the Federal Rules of Civil Procedure Requires Leave of Court by Any Party Seeking to Take More Than 10 Depositions.

A party must obtain leave of court if the parties have not stipulated to the deposition and the deposition would result in more than ten depositions being taken by the Defendant. Fed. R. Civ. P. 30(a)(2)(A).

Plaintiffs attempted to compromise with Defendants regarding their notice of fifty-six depositions on March 3, 2009. However, a compromise was not reached and Plaintiffs cannot agree to take fifty-six depositions during the time frame when Plaintiffs are attempting to designate bellwether trial Plaintiffs and prepare for merits discovery. Defendants are limited to ten depositions under Fed. R. Civ. P. 26 and 30. Fifty-six depositions of Plaintiffs alone, excluding future depositions of other fact witnesses and expert witnesses, is well beyond the scope of Fed. R. Civ. P. 26 and 30. Even in a case of this considerable size, discovery must be moderated and should not be excessive or overly burdensome. Plaintiffs assert that deposing fifty-six Plaintiffs before this Honorable Court has had the opportunity to choose bellwether Plaintiffs is improper and excessive. Plaintiffs contend that Defendant must seek leave of Court to take more than ten depositions at this time.

### D. 56 Depositions of Plaintiffs Within Five Days is Overly Burdensome and Unreasonable.

Defendant's notice of fifty-six depositions is overly burdensome, unreasonable, and a gross misuse of time and funds. Defendant provided Plaintiffs with notice ranging from fourteen to eighteen days within which to locate, notify and prepare fifty-six individual Plaintiffs for depositions over a five day time frame and involving three tracks per day. Defendant did not contact Plaintiffs prior to scheduling the fifty-six depositions or in any way attempt to coordinate the scheduling with Plaintiffs. Plaintiffs also point to the fact that these depositions are scheduled to occur the week proceeding this Court's deadline for submission of potential bellwethers, a task which requires a great deal of time and effort.

Plaintiffs do not have the capability to prepare and represent clients at fifty-six depositions at such a critical stage in this litigation. Furthermore, Plaintiffs assert that fifty-six depositions ending three days prior to the submission of potential bellwethers is a waste of both crucial time and funds. Plaintiffs contend that all of these Plaintiffs will <u>not</u> be bellwether Plaintiffs and that it would be a more judicious use of time and funds for Defendant to delay these depositions until after this Court has chosen the bellwether trial Plaintiffs. Once bellwether Plaintiffs are chosen, Defendants can depose these actual trial Plaintiffs.

### III. Conclusion

Defendant's notice of fifty-six depositions of Plaintiffs is contrary to this Court's trial Plaintiff selection plan and the clear instructions and intent of Pre-Trial Order No. 2 (Rec. Doc. 87) dictating the procedure and purpose of PFS's. Plaintiffs are entitled to written notice and thirty days to cure any deficiencies in PFS's. Noticing fifty-six depositions is not the procedure dictated

by this Court for addressing medical authorizations that may soon expire or are deficient in some other manner. Additionally, Defendant's notice of fifty-six depositions requires leave of this Court under Rule 30 of the Federal Rules of Civil Procedure. Furthermore, Defendant's notice of fifty-six depositions is overly burdensome and an imprudent use of time and funds. Therefore, considering the foregoing, Plaintiffs request that this Honorable Court quash the fifty-six notices of depositions issued by Defendant, Forest River. .

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:  s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:    504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:    504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'**

**STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
RONNIE PENTON, #10462

### CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

              *s/* Justin I. Woods
              JUSTIN I. WOODS, #24713