UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>      FORMALDEHYDE PRODUCTS<br>      LIABILITY LITIGATION<br><br>This applies to Bauer, No. 08-5031<br>(E.D. La.) | MDL NO. 1873<br>SECTION "N" (4)<br><br>JUDGE ENGELHARDT<br><br>MAGISTRATE CHASEZ |

## DUTCHMEN'S LIST OF DEFENSES AND MOTIONS TO BE PRESERVED

Pursuant to Pretrial Order No. 4 (Rec. Doc. No. 130), Dutchmen Manufacturing, Inc. ("Dutchmen") submits the following list of defenses and motions to be preserved in the following underlying actions[1] which are currently pending in the above-captioned multidistrict litigation proceeding:

1.   *Bauer v. Liberty Mutual, et al,* **Suit No. 08-5031, E.D. La.**

   (a)   Rule 12(b)(1):  Lack of subject matter jurisdiction over claims;

   (b)   Rule 12(b)(3):  Improper venue;

   (c)   Rule 12(b)(4),(5):  Insufficient process and insufficiency of service of process;

   (d)   Rule 12(b)(6):  Failure to state a claim under the Louisiana Products Liability Act;

   (e)   Rule 12(b)(6):  Failure to state a claim for breach of express warranty because those claims are not available to plaintiffs, and to the extent

---

[1] It is unclear the extent to which the Master Complaint and its amendments supersede, amend and/or replace the allegations asserted by the plaintiffs in each of the underlying actions.  Thus, in an abundance of caution and to ensure that all relevant motions and defenses are preserved, for each underlying action in which it was named as party, Dutchmen has listed the defenses and motions applicable to that underlying action <u>and</u> the Master Complaint, as amended.

        that they are available, they are precluded by the Louisiana Products Liability Act;

(f)     Rule 12(b)(6):  Failure to state a claim for medical monitoring damages under any of the state's laws plead in the complaint because plaintiffs have not alleged a present and manifest injury;

(g)     Rule 12(b)(6):  Failure to state a claim for attorney's fees under any of the state's laws plead in the complaint;

(h)     Rule 12(b)(6):  Failure to state a claim for punitive damages under any of the state's laws plead in the complaint;

(i)     Rule 12(e):  Motion for more definite statement of the complaint based on plaintiffs' failure to make particularized allegations about their injuries and damages and failure to make any particularized allegations about the particular defendant's alleged conduct;

(j)     Rule 21:  Improper joinder:  Failure to satisfy requirements for joinder of parties under FRCP 19 and 20.

(k)     Rule 9(b):  Failure to plead fraud and misrepresentations with particularity;

(l)     Rule 12(b)(6):  Failure to state a claim because plaintiffs' claims are barred by the applicable prescriptive and/or statute of limitations period;

(m)     Rule 12(b)(6):  Failure to state a claim for products liability (defective manufacture and design, failure to warn, breach of express and implied warranty) under Mississippi law;

(n)     Rule 12(b)(6):  Failure to state a claim for negligence or intentional tortious activity under Mississippi law;

(o)     Rule 12(b)(6):  Failure to state a claim for products liability (defective manufacture and design, failure to warn, breach of express and implied  warranty) under Alabama law;

(p)     Rule 12(b)(6):  Failure to state a claim for negligence or intentional tortious activity under Alabama law;

(q)     Rule 12(b)(6):  Failure to state a claim for punitive and/or exemplary damages under Alabama law;

(r)   Rule 12(b)(6):  Failure to state a claim for products liability (defective manufacture and design, failure to warn, breach of express and implied warranty) under Texas law;

(s)   Rule 12(b)(6):  Failure to state a claim for negligence or intentional tortious activity under Texas law;

(t)   Rule 12(b)(6): Failure to state a claim for breach of implied warranty under Texas law;

(u)   Plaintiffs lack standing to assert their claims, as they are not purchasers of the housing units at issue.

Respectfully submitted,

*s/Ryan E. Johnson*

_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
Jones, Walker, Waechter, Poitevent,
   Carrère & Denègre, L.L.P.
8555 United Plaza Blvd., 5th floor
Building Four
Baton Rouge, LA  70809
Telephone: (225) 248-2000
Facsimile:  (225) 248-3080

-and-

Madeleine Fischer (La. Bar No. 5575)
Nan Roberts Eitel (La. Bar No. 19910)
Jones, Walker, Waechter, Poitevent,
   Carrère & Denègre, L.L.P.
201 St. Charles Avenue, 49th floor
New Orleans, LA   70170
Telephone:  (504) 582-8000
Facsimile:  (504) 589-8208

*Attorneys for Defendant Dutchmen Manufacturing, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this day, a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system. Notice of this filing will be sent to all known counsel by operation of the court's electronic filing system.

      Baton Rouge, Louisiana, this 11th day of March, 2009.

*s/Ryan E. Johnson*
_____
Ryan E. Johnson