UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL DOCKET № 1873<br><br>SECTION "N" (5)<br><br>JUDGE ENGELHARDT<br><br>MAGISTRATE JUDGE CHASEZ |

**DEFENDANT, FOREST RIVER, INC.'S OPPOSITION TO
PLAINTIFFS' MOTION TO QUASH DEPOSITIONS OF
NEWLY DESIGNATED PLAINTIFFS**

NOW INTO COURT, through undersigned counsel, comes Forest River, Inc., who, in opposition to plaintiffs' motion to quash the depositions of their newly designated potential bellwether candidates, responds as follows to-wit:

**INTRODUCTION**

This personal injury action stems from plaintiffs' claims of exposure to formaldehyde while residing in temporary housing units supplied by the Federal Emergency Management Agency. On February 10, 2009, this Honorable Court entered *Pretrial Order No. 28* which provided that Plaintiffs' Steering Committee ("PSC") were to provide plaintiff fact sheets ("PFS") for any

individual plaintiff seeking inclusion as a potential bellwether candidate on or before February 28, 2009. *See* Rec. Doc. 1096. In addition, pursuant to *Pretrial Order No. 29*, PSC was to place all of these plaintiffs into suit on or before March 2, 2009, and identify not only the manufacturer against whom the individual intended to proceed, but also the procurement contractor and United States. *See* Rec. Doc. 11096 & 1103.

On Saturday, February 28th, undersigned counsel received a disk containing fifty-seven PFS identifying previously undisclosed plaintiffs claiming a myriad of injuries ranging from cancer to watery eyes. Many, if not most, of the fact sheets provided were deficient in terms of their accuracy and/or completeness. Accordingly, defendants noticed the depositions of these fifty-seven individuals to gather the information needed to evaluate each for inclusion in the pool of potential trial plaintiffs.

Plaintiffs liaison counsel ("PLC") objected to the depositions of these plaintiffs and claimed that they exceeded the scope of permissible discovery. In an attempt to resolve these issues, undersigned counsel participated in a conference call with PLC, defense liaison counsel and counsel for the government on March 3, 2009. In the course of conference, undersigned counsel pointed out that Mr. Woods and the PSC had previously noticed merits depositions of several manufacturing defendants and government witnesses. The manufacturing defendants possess a corresponding right to conduct discovery via deposition.

Moreover, undersigned counsel notified PLC that Forest River would withdraw the *Notice of Deposition* for any plaintiff of the fifty-seven who had not been properly placed into suit, i.e., filed suit against Forest River, a contractor and FEMA, by the March 2nd deadline. When asked which of the fifty-seven individuals fell into that category, PLC could not provide an answer. Further,

because plaintiffs at that point had not provided complete courtesy copies of those suits filed on 3/2/09, Forest River had no means to independently identify those individuals. Over the course of the next few days, the undersigned attempted to work with PLC to determine the number of plaintiffs who filed suit properly, and hence would be need to be available for deposition. However, before a figure could be reached, the instant *Motion to Quash* was filed.

Following PLC's filing of the *Motion to Quash*, Forest River completed its review of the March 2nd filings and determined that only ten plaintiffs of the original fifty-seven had actually brought suit and were eligible to stand as bellweather plaintiffs. They are Willie Mae Atkins Green, Keith Heechung, Jonathan Ijoko, Lucille Joseph, Lyndon Wright and Angela Randazzo, both individually and on behalf of four minors she purports to represent. Of those ten plaintiffs, only six individuals would need to be deposed during the week of March 16th.[1] Accordingly, Forest River sent PLC correspondence withdrawing the notices of deposition for the remaining forty-seven plaintiffs not associated with a live pleading. *See* email from J. Bone to J. Woods, et al., dated 3/9/09, attached as Exhibit A.[2]

---

[1] In the group of ten plaintiffs, plaintiff Angela Randazzo has sued in her individual capacity and on behalf of four minors this grouping. Consequently, only one individual, Angela Randazzo, need be present in order to complete five depositions.

[2] In their *Motion to Quash*, plaintiffs repeatedly complain about the number of depositions to be taken. As noted above, on the March 3rd telephone conference, Mr. Woods was unable to identify those plaintiffs who filed suit on March 2nd; as a result, Forest River was unable to withdraw any depositions at that time. Now that Forest River has reviewed the filings, it has agreed to withdraw at least forty-seven *Notices of Deposition* for plaintiffs who could not be considered for potential bellwether status. *See* email from J. Bone to J. Woods, et al., dated 3/9/09, attached as Exhibit A. PLC has made no response to this offer nor expressed any interest in discussing the remaining ten depositions.

With respect to the remaining ten claimants, the PFS for each is deficient. Opposing counsel has been provided with a list of these deficiencies; to date, none have been remedied. Further, because plaintiffs have thirty days to cure these deficiencies, Forest River cannot compel the corrected PFS prior to its selection of potential trial plaintiffs. Even assuming, *arguendo*, that plaintiffs immediately cured all deficiencies, there is no viable means to obtain medical, employment and other necessary records prior to the March 23rd selection deadline. As a result, Forest River has essentially been denied the information which the PFS is intended to engender. If this situation is allowed to persist, this defendant will be forced to guess as to the adequacy of each or any of the individuals identified. This situation was clearly not the intent of the Court in reaching its decision as to a selection protocol for trial plaintiffs.

The Court has established that merits discovery is open. The only effective means of reaching an informed decision as to each of these individuals is to take his or her respective deposition. The information sought is relevant to the claims and defenses presented and bears directly upon the individual claimant's ability to serve as a trial plaintiff. Additionally, the taking of no more than six depositions cannot be considered an undue burden to the plaintiffs who waited until the eleventh hour to designate these individuals. Accordingly, Forest River respectfully submits that plaintiffs' *Motion to Quash* is ill founded and should be denied.

## LAW AND ARGUMENT

This Honorable Court is vested with "broad discretion" in controlling pretrial discovery. *See Alpine View Co. Ltd. v. Atlas Copco AB,* 205 F.3d 208, 220 (5th Cir.2000). Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." The decision to enter a protective order is within

the Court's discretion. *Thomas v. Int'l Bus. Mach.,* 48 F.3d 478, 482 (10th Cir., 1995). Federal Rule of Civil Procedure 26(c), which governs the issuance of protective orders, provides in pertinent part:

> Upon motion by a party or by the person from whom discovery is sought ... and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense....

Rule 26(c) contains a requirement that good cause be shown to support the issuance of a protective order, providing that "the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.,* 134 F.3d 302, 306 (5th Cir., 1998). Thus, a party seeking to avoid a properly noticed deposition bears the burden of demonstrating that the information sought is irrelevant or that there exists some undue hardship sufficient to prevent the deposition from going forward.

In the case at bar, plaintiffs should not be allowed to complain of the timing of the *Notice of Depositions*, as they themselves created this issue. Although this Honorable Court afforded them until February 28th to provide PFS for the potential trial pool plaintiffs, the clear import of this Court's ruling was that information on potential trial plaintiffs would be provided to defense counsel as it became available. From the PFS produced, it is apparent that PSC were in possession of verified PFS of some of the fifty-seven individuals <u>as early as February of 2008</u>[3], a full year before same were disclosed, and could have provided approximately half of these fact sheets to defendants more than a month in advance of the Court's deadline.

Instead, PSC chose to wait until the last possible moment to provide the PFS in an attempt

---

[3] See list of PFS verification dates, attached hereto as Exhibit, "B".

both to deluge Forest River with documents and to prevent undersigned counsel from a meaningful opportunity to have deficiencies in the PFS cured and to request and receive medical, employment and other records in advance of the selection deadline. In so doing, the PSC has left Forest River with no other viable option to gather meaningful information on these potential trial plaintiffs than to take their depositions.

Additionally, the information sought by Forest River is indisputably relevant to the claims asserted and, at this late hour, is the best possible source of such information in advance of the deadline for selection of potential trial plaintiffs. As this Court has previously established, merits discovery is open, and there is no preclusion on the information or depositions sought.

Plaintiffs cannot contest the relevancy of these depositions, but instead argue that the tacit and unexpressed intent of the Court was for the defendants to rely on the PFS in making their selections of trial plaintiff. Even assuming, *arguendo*, this were true, it presumes the PFS provided are accurate and complete. With respect to the late designated plaintiffs, neither is the case.

A glaring example of plaintiffs' failure to provide adequate information in the PFS is the case of Angela Randazzo, a late designated plaintiff who purports to represent not only herself but no less than four minor children. Ms. Randazzo's PFS, along with the PFS of the four minors she purports to represent, are glaringly incomplete, <u>as they contain no vehicle identification numbers, FEMA identification numbers, nor bar codes for the unit(s) in which they resided</u>. Accordingly, there is no objective basis from which to verify whether these claimants ever resided in a temporary housing unit manufactured by Forest River.[4]

---

[4] As an aside, Forest River has asked that plaintiffs withdraw Ms. Randazzo, along with the minors she represents, from the pool of potential trial plaintiffs. Their failure to provide

6

Additionally, Forest River has no medical records for this individual or, in fact, for any of the six late designated plaintiffs. Consequently, Forest River should be entitled to examine these individuals on the nature, extent, duration and severity of their claimed injuries and damages before being forced to select each or any for consideration as a trial plaintiff. Without appropriate documentation or the ability to obtain such documentation, a deposition is the most effective and expedient manner to develop the information needed to evaluate these individuals as potential trial plaintiffs.

Given that the depositions of only six individuals need be taken, plaintiffs' complaints of undue burden are groundless. PSC chose to designate these claimants the last possible moment, and they should not be heard to complain of the burden of examining these individuals. Indeed, PSC is guilty of placing a burden on Forest River, which has had to wade through a mire of incomplete and ultimately irrelevant PFS which were provided *en masse* less than thirty days before the deadline to select trial plaintiffs. Again, of the original fifty-seven depositions, only six depositions need be taken, representing the claims of ten individual plaintiffs. The undersigned has agreed to schedule these depositions any time within the week of March 16th, which has been blocked entirely for this purpose. PSC has at its disposal numerous attorneys and resources sufficient to address the preparation and defense of these depositions. Accordingly, there is no basis for the plaintiffs claim that these depositions would be unduly burdensome, and plaintiffs' *Motion to Quash* must fail.

---

VINs or FEMA barcodes are omissions so fundamental that they should be precluded from continuing as potential bellweather trial plaintiffs. The purpose of this Court's prior PTOs 28 & 29 was to have all matching completed by March 2nd, such that an individual plaintiff could be linked to a manufacturer and contractor by that date. Ms. Randazzo and the minors have not complied with this order, and, unlike other plaintiffs, have not presented a scintilla of evidence that Forest River is the manufacturer involved.

## **CONCLUSION**

In light of the above and foregoing, plaintiffs' motion to quash the depositions of Willie Mae Atkins Green, Keith Heechung, Jonathan Ijoko, Lucille Joseph, Lyndon Wright and Angela Randazzo, both individually and on behalf of those she purports to represent, is ill taken, and Forest River is entitled to and seeks an order denying the relief sought therein.

Respectfully submitted,

   /s/ Jason D. Bone
ERNEST P. GIEGER, JR. (6154)
JOHN E.W. BAAY II (22928)
JASON D. BONE (28315)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
ATTORNEYS FOR FOREST RIVER, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing *Opposition to Plaintiffs' Motion to Quash Depositions* has been served upon:

>Gerald E. Meunier
>Gainsburgh, Benjamin, David, Meunier
>   & Warshauer, LLC
>2800 Energy Centre
>1100 Poydras Street
>New Orleans, Louisiana 70163
>*Plaintiffs' Liaison Counsel*
>
>Andrew D. Weinstock
>Duplass, Zwain, Bourgeois, Pfister &
>   Weinstock
>3838 N. Causeway Blvd., Suite 2900
>Metairie, Louisiana 70002
>*Defendants' Liaison Counsel*
>
>Henry T. Miller
>Senior Trial Attorney
>U.S. Department fo Justice
>Civil Division
>1331 Pennsylvania Ave., NW, Room 8220-N
>Washington, D.C. 20004

via e-mail this 12th day of March, 2009.

                                                                /s/ Jason D. Bone