UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE | * | MDL NO. 1873 |
| PRODUCT LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | |
| THIS DOCUMENT IS RELATED TO ALL CASES | * | MAG. JUDGE CHASEZ |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PRETRIAL ORDER NO. 32

The Court amends Pre Trial Order No. 2 (R. Doc. 87) in the following respects regarding the service of Plaintiff Fact Sheets ("PFS") upon the parties to this litigation as follows:

**I.    PLAINTIFF FACT SHEETS.**

Each Plaintiff named in an underlying action subject to this Order shall (through Plaintiff's Liaison Counsel) serve upon Defendants' Liaison Counsel, Individual Assistance/Technical Assistance Liaison Counsel, and Government Counsel a completed and signed PFS.  When Defendants notify the Judicial Panel on Multi-District Litigation ("JPML") of additional cases for transfer to this Court, Defendants' Liaison Counsel shall serve plaintiffs' counsel in those cases with a copy of this Order.  Plaintiffs must use the PFS form approved by the Court (R. Doc. 106) and attached hereto as Exhibit "A."

      **A.    Answers Binding**

Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33 and requests for production of documents under Fed. R. Civ. P. 34 and must be supplemented in accordance with Fed. R. Civ. P. 26.

B.      **Deadlines to Complete and Serve Verified PFS**

Each Plaintiff named in an action filed in or transferred to this MDL proceeding after the entry of this Order shall (through Plaintiff's Liaison Counsel) serve a complete and verified PFS (including all responsive documents and properly executed authorizations) upon Defendants' Liaison Counsel, Plaintiffs' Liaison Counsel, Individual Assistance/Technical Assistance Liaison Counsel, and Government Counsel in accordance with the below-designated schedule. For Complaints naming less than one-hundred (100) plaintiffs, the requirements of Pre-Trial Order No. 2 (R. Doc. 87) remain in effect for filings that are not covered by the schedule set forth below, except that the time for serving the PFS shall be sixty (60) days rather than thirty (30) days. For purposes of this amendment, the "date of transfer" is defined as follows: (1) for any case transferred pursuant to Conditional Transfer Order ("CTO") issued by the JPML, the date that the applicable final CTO is entered on the docket in these MDL proceedings; (2) for any case where transfer by CTO is opposed, the date that any subsequent Order from the JPML transferring the case is entered on the docket in these MDL proceedings; or (3) for any case filed directly in the Eastern District of Louisiana, the date that the case was filed.

The completed and verified PFS should be served by Plaintiffs (through Plaintiff's Liaison Counsel) on Defendants' Liaison Counsel, Plaintiffs' Liaison Counsel, Individual Assistance/Technical Assistance Contractors' Liaison Counsel, and Government Counsel. Additionally, when more than twenty-five (25) PFS are served at one time, the PFS must be grouped by manufacturer.

C.      **COMPLAINTS FILED BY APRIL 1, 2009.**

In the event that an amending pleading or a pleading filed by April 1, 2009 in another

venue or directly into the MDL proceeding identifies more than one-hundred (100) plaintiffs who have never completed a PFS, the production of completed and verified PFS forms will be accomplished on a rolling basis beginning with the service of PFS forms by at least fifteen percent (15%) of the named plaintiffs in these cases occurring within thirty (30) days of the filing of the pleading or transfer, followed by service of fifteen percent (15%) of the named plaintiffs' PFS forms each month thereafter until December 31, 2009, when all 100% shall be served.

### D. COMPLAINTS FILED BETWEEN APRIL 1, 2009 AND JUNE 15, 2009.

In the event that an amending pleading or a pleading filed by June 15, 2009, but after April 1, 2009, in another venue or directly into the MDL proceeding identifies more than one hundred (100) plaintiffs who have never completed a PFS, the production of completed and verified PFS forms will be accomplished on a rolling basis, beginning with the service of PFS forms by at least ten percent (10%) of the named plaintiffs in these cases occurring within thirty (30) days of the filing of the pleading or transfer, followed by service of at least forty percent (40%) of the named plaintiffs' PFS forms within sixty (60) days of filing or transfer, followed by service of at least seventy percent (70%) of the named plaintiffs' PFS forms within ninety (90) days of filing or transfer, followed by the service of all PFS forms of all named plaintiffs (100%) within one-hundred and twenty (120) days of filing or transfer.

### E. COMPLAINTS FILED AFTER JUNE 15, 2009

In the event that an amending pleading or a pleading filed after June 15, 2009 in another venue or directly into the MDL proceeding identifies more than one hundred (100) plaintiffs who have never completed a PFS, then the production of completed and PFS forms will be

accomplished on a rolling basis, beginning with the service of PFS forms by at least fifty percent (50%) of the named plaintiffs in these cases within forty-five (45) days of the filing of the pleading or transfer, followed by service of all PFS forms of all named plaintiffs (100 %) within ninety (90) days of filing or transfer.

### F. FINAL PFS DEADLINE FOR COMPLAINTS FILED ON OR BEFORE NOVEMBER 30, 2009.

For any Complaint that is filed on or before November 30, 2009 and for which the individual(s) has not completed a PFS, service of the completed and verified PFS forms for each named plaintiff shall be served by December 31, 2009.  Any individual who has filed suit on or before November 30, 2009 and who fails to complete and serve a PFS form on or before December 31, 2009, shall have his/her claim dismissed with prejudice, absent a showing of good cause.  Nothing in this Section is intended to relieve plaintiffs of the PFS deadlines set forth in Sections I(B), (C), (D), and (E), *supra*.

### G. COMPLAINTS FILED AFTER NOVEMBER 30, 2009.

For any Complaint filed after November 30, 2009 and for which the individual has not completed a PFS, a completed and verified PFS form for each named plaintiff shall be served within thirty (30) days of filing of the individual claims, failing which said claims shall be dismissed with prejudice, absent a showing of good cause.

### H. PFS Deficiencies and Corrections

The procedure for PFS deficiencies and corrections set forth in Pretrial Order No. 2 shall remain in effect. Noted deficiencies shall be forwarded to Plaintiff's Liaison Counsel.  PFS forms with noted deficiencies that have been cured shall be served directly upon Defense Liaison Counsel and Government Counsel.   Plaintiffs who make corrections and/or updates to Section II

(C & D) and/or Section V (A.1, A.2 & A.4) of the PFS Form shall not be required to re-certify their PFS submission.

    **I.**    **Procedure for Dismissal of Claims for Failure to Comply with Discovery Obligations**

When any plaintiff has failed to materially comply with his or her obligations under this Order to submit a completed PFS within the timelines established herein, a counsel representing a Defendant shall send to Plaintiff's Counsel for the plaintiffs in question (with a copy to all Liaison Counsel and Government Counsel) a letter confirming the failure to timely file and/or explaining the material deficiency in the PFS. The letter shall identify any alleged material deficiency, notify the Plaintiff will have thirty (30) days to cure the alleged material deficiencies, or any Defendant may thereafter move for dismissal, upon an appropriate showing that Plaintiff's claims should be dismissed for failure to comply with Court's applicable Orders.

    NEW ORLEANS, LOUISIANA, this 18th day of March, 2009.

                                      KURT D. ENGELHARDT
                                      UNITED STATES DISTRICT JUDGE