# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION<br><br>This applies to all cases | ) MDL NO. 1873<br>) SECTION "N" (4)<br>)<br>) JUDGE ENGELHARDT<br>) MAGISTRATE CHASEZ |

## KEYSTONE RV COMPANY'S REPORT CONCERNING BELLWETHER TRIAL CANDIDATES

Defendant Keystone RV Company ("Keystone") submits this report concerning the potential bellwether trial candidates for the fourth bellwether trial, scheduled for January 11, 2010.

The plaintiffs and Keystone[1] submitted the following bellwether candidates:

| **Name** | **Proposed By:** |
|---|---|
| Valena Byrd | Plaintiffs |
| Diana Bell | Keystone |
| Raymond Bell, III | Keystone |

---

[1] Keystone also worked diligently to narrow its potential candidates <u>before</u> submitting its list to the Court on March 23, 2009. The result was two potential candidates—Diana Bell and Raymond Bell, III.

{B0576411.1}

After submitting the proposed candidates, Keystone and plaintiffs' counsel conferred on multiple occasions and attempted to reach an agreement regarding a single bellwether plaintiff. Despite their best efforts, counsel were not able to reach an agreement.

Pursuant to Pretrial Order No. 33, Keystone submits this report to address the reasons why it believes the Court should select one of its two candidates, and why the Court should reject the plaintiffs' candidate.

**(a)    Valena Byrd**

Keystone objects to Valena Byrd as a potential bellwether candidate for two primary reasons.

First, according to Ms. Byrd's fact sheet, she has worked for eighteen years as a sitter for William Backstrom and his family at their home in New Orleans. William Backstrom is a partner at Jones, Walker, Wachter, Poitevent, Carrerre and Denegre' ("Jones Walker") and practices in the firm's Estates and Taxation section. Keystone is represented by Jones Walker. Although Backstrom is not (and will not be) involved in defending Keystone, this presents a unique circumstance, and one that is not typical of most other plaintiffs in this litigation. Keystone is also concerned that if Backstrom or his wife testify at trial, the jury could be confused and the Backstrom-Byrd relationship might influence how the jury assesses their testimony. The overall situation could detract from the usefulness of Ms. Byrd's claims as a bellwether.

Second, Ms. Byrd has not sued the proper defendant, and therefore is not an eligible bellwether candidate under Pretrial Orders 28 and 29.[2]  Keystone explained this situation in an attachment to Joint Report No. 9.  See Rec. Doc. No. 1220.  As discussed in that report, Ms. Byrd and other *Aldridge* plaintiffs improperly named "Keystone Industries, Inc." as a defendant.  See Rec. Doc. No. 1220, Attachment.  Keystone Industries, Inc. is a defunct Indiana corporation that is not connected to Keystone RV Company (the entity that manufactured units ultimately purchased for use by FEMA, and which is identified as the proper bellwether defendant).  Thus, by naming the wrong entity, Byrd did not comply with Pretrial Order No. 29's requirement that each bellwether candidate must "...as of March 2, 2009, have identified and sued one of the aforementioned four manufacturers, the relevant contractor, and the Government…."  Pretrial Order No. 29 refers to *Keystone RV Company* as the proper manufacturer defendant, not Keystone Industries, Inc.

**(b)    Diana Bell and Raymond Bell, III**

Keystone submitted Diana Bell and Raymond Bell III as proposed bellwether candidates.  Keystone suggests that the either individual would be a proper bellwether, for a number of reasons, including the following:

- By age, length of time in the unit and symptoms checked on their fact sheets, these two plaintiffs appear to be reasonably typical of claimants in the plaintiff pool.

- Despite the plaintiffs' objections, the Bells' exposure to smoke is not a confounding or confusing factor.  Just the opposite, Keystone believes that the smoking factor makes Diana and Raymond Bell good

---

[2] *See* Rec. Doc. Nos. 1096 and 1103.

{B0576411.1}

candidates because of the significant percentage of claimants in the plaintiff pool who either smoked or were exposed to cigarette smoke during the time they lived in their FEMA units, and at other times in their lives. Given the high percentage of smokers or those exposed to smoke, Keystone believes that at least one bellwether trial should include the potential issue of cigarette smoke exposure.

For all these reasons, defendant Keystone RV Company suggests that the Court select one its two bellwether candidates, Diana Bell or Raymond Bell, III, and that it reject the plaintiffs' candidate, Valena Byrd.

Respectfully submitted,
s/Ryan E. Johnson
_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
Jones, Walker, Waechter, Poitevent,
   Carrère & Denègre, L.L.P.
8555 United Plaza Blvd., 5th floor
Building Four
Baton Rouge, LA  70809
Telephone: (225) 248-2000
Facsimile:  (225) 248-3080

-and-

Madeleine Fischer (La. Bar No. 5575)
Nan Roberts Eitel (La. Bar No. 19910)
Jones, Walker, Waechter, Poitevent,
   Carrère & Denègre, L.L.P.
201 St. Charles Avenue, 49th floor
New Orleans, LA   70170
Telephone:  (504) 582-8000
Facsimile:  (504) 589-8208

*Attorneys for Defendant Keystone RV Company*

{B0576411.1}

## CERTIFICATE OF SERVICE

      I hereby certify that on this day, a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system. Notice of this filing will be sent to all known counsel by operation of the court's electronic filing system. I also certify that I have mailed a copy of this filing to any non-CM/ECF participants by U.S. Mail, postage prepaid and properly addressed.

      Baton Rouge, Louisiana, this 27th day of March, 2009.

*s/Ryan E. Johnson*
_____
Ryan E. Johnson

{B0576411.1}