**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | |
|---|---|
| IN RE:  FEMA TRAILER | MDL NO. 1873 |
| FORMALDEHYDE | |
| PRODUCT LIABILITY LITIGATION | SECTION "N-5" |

                                                                    **JUDGE ENGELHARDT**
                                                                    **MAG. JUDGE CHASEZ**

**THIS DOCUMENT IS RELATED TO ALL CASES**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

<u>**PSC OBJECTIONS TO BELLWETHER TRIAL PLAINTIFF NOMINATIONS OF DEFENDANTS**</u>
<u>**UNITED STATES OF AMERICA (FEMA), KEYSTONE RV AND FLEETWOOD, INC.**</u>

NOW INTO COURT, comes the Plaintiffs' Steering Committee (PSC) which objects to the

nominations of bellwether trial plaintiffs by Defendants United States of America (FEMA), Keystone RV

and Fleetwood, Inc., on the following grounds:

**I.   GENERAL OBJECTIONS**

The PSC respectfully objects to Defendant Fleetwood's participation in the bellwether

selection process as a prospective defendant in currently-scheduled trials, because as this

Court is aware, Fleetwood has filed for Chapter 11 bankruptcy protection.  Pursuant to

Fleetwood's filing, an automatic stay has been imposed with respect to this pending

litigation as to Fleetwood.  This stay is intended to preserve the bankrupt's estate for the

sake of all legal creditors.  Fleetwood's participation in this litigation, and specifically in trial

or pretrial activity, is in direct violation of that Bankruptcy Court stay order.  Accordingly, the

PSC is compelled to object to this defendant's activity in furtherance or in defense of claims

which have been stayed as a consequence of Fleetwood's choice to file for bankruptcy

protection.  For Fleetwood to continue to incur defense costs which otherwise would

remain available to pay creditors such as plaintiffs, is clearly prejudicial to the interests of plaintiffs whom the PSC is court-appointed to represent and/or protect in these proceedings.

The PSC objects to the nominations put forth by the United States because, as submitted, the list does not comport with the requirements of Pre-Trial Order No. 28, paragraph 2 (REC DOC. 1096).  The parties were directed by this provision of the Order to submit a list of nominations containing, at a minimum, a total of fifty (50) potential bellwether trial plaintiffs.  Counsel for the United States submitted a list containing only four (4) potential bellwether trial plaintiffs.  For this reason, the PSC moves that the entire list of nominations of the Government be stricken and not considered by this Court for selection of bellwether trial plaintiffs.  It is irrational for the Government to suggest that the "minimum 50" language of the Pre-Trial Order No. 28 applies to all lists collectively.  Prior to submission, no party made an effort to verify the numbers of another party's list so as to coordinate a combined total number of nominees.  The reason is simple:  Consistent with discussions with the Court, the only reasonable interpretation of Pre-Trial Order No. 28 was that each group (plaintiffs, manufacturers, and the Government) would be required to submit no less than 50 names.

The PSC similarly objects to the amended list of Defendant Fleetwood, because, as amended, it does not meet the requirements of Pre-Trial Order No. 28.  Counsel for Fleetwood has informed Plaintiff's Liaison Counsel that he now proposes to withdraw certain names and reduce Fleetwood's list of nominations from a total twenty-seven (27) individuals to a total of two (2) individuals.  Absent a modification of Pre-Trial Order No. 28 (not sought by any party at this time), the effect will be a violation of that Order, because

the reduced total of manufacturer nominations will fall below the Court's required minimum of fifty (50) names.

The PSC finally objects to the lists of nominations submitted by Defendants Keystone and Fleetwood because a trial of these named bellwether trial plaintiffs claims will not aid or instruct the Court or the parties in a meaningful way regarding the potential for global resolution through these MDL proceedings. The Defendants nominations for the most part are current or past cigarette smokers, or the spouse of a current or past cigarette smoker (Specific objections are attached). The initial flight of bellwether trial results should not involve cases in which smoking may be presented as a defense to claims, given the fact that most claims in this MDL will be on behalf of non-smokers.

WHEREFORE, for the foregoing reasons, the PSC requests that the nominations submitted by the Government and Fleetwood be stricken from consideration as bellwether trial plaintiffs and that the nominations submitted by all of the parties be stricken for the specific reasons identified on the attached listing.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**


BY:      s/Gerald E. Meunier_____
         GERALD E. MEUNIER, #9471
         **PLAINTIFFS' CO-LIAISON COUNSEL**
         Gainsburgh, Benjamin, David, Meunier &
         Warshauer, L.L.C.
         2800 Energy Centre, 1100 Poydras Street
         New Orleans, Louisiana 70163
         Telephone:      504/522-2304
         Facsimile:      504/528-9973
         gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana  70163
Telephone:        504/522-2304
Facsimile:        504/528-9973
jwoods@gainsben.com


**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, TEXAS #24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, JR., #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
RONNIE PENTON, #10462


<u>**CERTIFICATE OF SERVICE**</u>


I hereby certify that on March 27, 2009, I electronically filed the foregoing with the Clerk of

Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record

who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of

electronic filing by first-call mail to all counsel of record who are non-CM/ECF participants.


s/Justin I. Woods
JUSTIN I. WOODS, #24713