UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION "N" (5)<br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

**THIS DOCUMENT RELATES TO ALL CASES**

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**DEFENDANT UNITED STATES' OBJECTIONS AND
ARGUMENTS REGARDING BELLWETHER TRIAL
PLAINTIFF SELECTIONS**

Pursuant to Pretrial Order No. 33 [Doc. No. 1193], defendant United States of America hereby submits these objections and arguments regarding bellwether trial plaintiff selections. The four bellwether manufacturing defendants identified in Pretrial Order No. 28 [Doc. No. 1096] are (1) Gulf Stream; (2) Fleetwood; (3) Forest River; and (4) Keystone RV. Because the Court has granted an extension for the Gulfstream bellwether trial plaintiff selection, the United States defers any discussion of Gulfstream plaintiffs. In addition, because counsel for Forest River reached an agreement with Plaintiffs regarding the selection of a Forest River bellwether trial plaintiff, the United States does not address any Forest River plaintiffs.

**I.     Bellwether Trial Plaintiffs Related to Fleetwood**

Twenty-seven persons have been listed as Fleetwood bellwether trial plaintiff nominees. The United States argues that either **Heather Robertson-Durand** or **Stephen Alfonso** should be selected as the Fleetwood bellwether trial plaintiff. Of the twenty-seven names submitted to the Court, **Heather Robertson-Durand** and **Stephen Alfonso** appear to be the only two persons in the group that were ever offered by Plaintiffs as potential class representatives. Although

Plaintiffs eventually withdrew **Heather Robertson-Durand** as a proposed class representative, she originally served in this capacity. As reported in Joint Report No. 6 [Doc. No. 712], the United States produced **Heather Robertson-Durand's** FEMA file on or before September 30, 2008, in connection with her status as a class representative. The parties have been on notice of her potential claims since at least this time period. In addition, **Stephen Alfonso** was formally named in Plaintiffs' List of Proposed Class Representatives [Doc. No. 666-1], filed on August 22, 2008. The parties have been on notice of his potential claims since at least this time period. As reported in Joint Report No. 6 [Doc. No. 712], the United States produced **Stephen Alfonso's** FEMA file on or before September 30, 2008.

Given that these two persons were identified early on by Plaintiffs and were considered to be class representatives at various stages during the class certification discovery process, the parties have had a meaningful opportunity to start investigating their potential claims. The United States has already provided the parties with the FEMA files for these two individuals. Considering the schedule for the four initial bellwether trials, and the fact that the Fleetwood trial will commence on October 26, 2009, in less than seven months, either of these two persons who were identified early in this case as potentially representative plaintiffs is particularly well-suited to serve as one of the initial bellwether trial plaintiffs.

//
//
//
//
//

Generally, to the extent that Plaintiffs may argue that any and all persons who are current or past smokers should be excluded from the bellwether trial plaintiff pool, such objections should be overruled based upon the fact that current and past smokers represent a meaningful segment of the total plaintiff population.[1]  In addition, regardless of which nominee is selected, the bellwether trial should focus solely upon the claims of the chosen bellwether trial plaintiff. Although additional plaintiffs, such as family members, may have resided in the same emergency housing unit as a potential bellwether trial plaintiff, the Court's trial dates and associated deadlines are only suitable for the trial of a single occupant.

## II.     Bellwether Trial Plaintiffs Related to Keystone RV

The United States does not object to the naming of any of the three proposed nominees (**Diana Bell**, **Raymond Bell**, **III**, **Valena Byrd**) as the Keystone RV bellwether trial plaintiff. Because this trial is not scheduled to begin until January 11, 2010, the concerns mentioned above surrounding the parties' ability to investigate the selected plaintiff's claims are not as prevalent. As discussed above, any objections centered on the smoking status of any of these individuals should be overruled.[2]  In addition, although multiple plaintiff family members may have resided in the same unit (*e.g.*, **Diana Bell** and **Raymond Bell**, **III**), the bellwether trial should focus solely upon the claims of a single bellwether trial plaintiff for the same reasons discussed above.

Dated: March 27, 2009                              Respectfully Submitted,

---

[1] **Heather Robertson-Durand** certified in her Plaintiff Fact Sheet that she has never smoked.  Although he was a prior smoker, **Stephen Alfonso** testified at his deposition that he has not smoked in the last 16 - 18 years.  Alfonso Deposition at 61:2.

[2] According to her Plaintiff Fact Sheet, **Valena Byrd** is a non-smoker.  **Diana Bell** is also a non-smoker, but lived in a trailer unit with her husband – a smoker.  The Plaintiff Fact Sheet for **Raymond Bell, III**, reflects that he smoked only for one year, ending in January 2008.

          MICHAEL F. HERTZ
          Acting Assistant Attorney General

          J. PATRICK GLYNN
          Director, Torts Branch

          HENRY T. MILLER
          Senior Trial Counsel

          s/ Adam M. Dinnell
          ADAM M. DINNELL (TX Bar No. 24055405)
          Trial Attorney
          United States Department of Justice
          Civil Division, Torts Branch
          Environmental Torts
          P.O. Box 340, Ben Franklin Station
          Washington, DC 20004
          Phone:  (202) 616-4211
          E-mail: Adam.Dinnell@usdoj.gov

          Attorneys for Defendant
          United States of America

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing was served through the Court's CM/ECF system on March 27, 2009, upon Liaison Counsel.

          s/ Adam M. Dinnell
          ADAM M. DINNELL