IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| In re: FEMA TRAILER | ) | MDL NO. 1873 |
| FORMALDEHYDE PRODUCT | ) | |
| LIABILITY LITIGAITON, | ) | |
| | ) | |
| | ) | |
| | ) | SECTION "N-4" |
| | | Judge Engelhardt |
| | | Mag. Judge Chasez |
| This Document is Related to all Cases | | |

## REPORT ON BELLWETHER TRIAL CANDIDATES
## ON BEHALF OF THE FLEETWOOD DEFENDANTS

Come now Defendants FLEETWOOD CANADA, LTD., FLEETWOOD

ENTERPRISES, INC., FLEETWOOD HOMES OF NORTH CAROLINA, INC.,

FLEETWOOD HOMES OF GEORGIA, INC., and FLEETWOOD TRAVEL

TRAILERS OF MARYLAND, INC. (collectively "Fleetwood"), pursuant to Pre-

Trial Order No. 28, Rec. Doc. 1096, and Pre-Trial Order No. 33, Rec. Doc. 1193,

and hereby provide their objections to and arguments in support of the trial

candidate selections.

## Introduction

At the status conference held on February 5, 2009, the Court ordered the

parties to submit a list of no less than 50 potential bellwether trial plaintiffs by

March 23, 2009.   The Court instructed that "*one plaintiff* for each of four

bellwether jury trials shall be selected."  *See* Pre-Trial Order No. 28, Rec. Doc.

1096 (emphasis added).  On March 23, 2009, Fleetwood timely nominated 25 trial candidates.  Plaintiffs submitted only two Fleetwood trial candidates, a mother and her teenage son:  Shalahn Jenkins on behalf of herself and Craig Jenkins, Sr. on behalf of his 16 year-old son, Craig Jenkins, Jr. (collectively "the Jenkins").  Neither was included in Fleetwood's list of 25.

In accordance with Pre-Trial Order No. 33, Fleetwood attempted in good faith to reach an agreement with Plaintiffs concerning a bellwether plaintiff.  Unfortunately, Plaintiffs have expressed to Fleetwood counsel their desire to pursue a trial in which both Shalahn Jenkins and her son participate as co-plaintiffs.  For this and other reasons explained more fully below, Fleetwood objects to the Plaintiffs' proposed consolidated trial candidates and offers individually in their stead two better candidates for the court's consideration.

## Arguments Against Plaintiffs' Proposed Trial Candidates

First, it is questionable whether Plaintiffs have fully met the requirements for submitting the Jenkins as trial candidates.  Plaintiffs submitted the Jenkins' Plaintiff Fact Sheets on January 5, 2009 with virtually no identifying information.  In response to the questions requesting the name of the manufacturer, the VIN, and the FEMA Bar Code, the Jenkins simply responded "awaiting disaster file."  The FEMA ID number provided was invalid.  Fleetwood had no way of identifying these individuals as Fleetwood plaintiffs.  As a result, Fleetwood has not had a

sufficient opportunity to collect medical or employment records for these individuals.

Irrespective of our inability to collect medical and other relevant records on plaintiffs, the Manual for Complex Litigation cautions that "[i]f individual trials, sometimes referred to as bellwether trials or test cases, are to produce reliable information about other mass tort cases, the specific plaintiffs and their claims should be representative of the range of cases . . . The more representative the test cases, the more reliable the information about similar cases will be." Manual for Complex Litigation, Fourth, § 22.315. A bellwether trial should be undertaken by a single plaintiff who will be the most instructive as to the majority of the potential plaintiffs, and neither Ms. Jenkins nor Craig Jenkins, Jr. is able to fill that role—certainly both together are not.

Finally, Plaintiffs appear to be attempting to circumvent this Court's direction that this litigation proceed as *one plaintiff* against one manufacturer. Not only have they chosen to nominate two of the four inhabitants of a trailer, which happen to be mother and son, but Plaintiffs have indicated to counsel for Fleetwood that they intend to pursue a single trial in which both the Jenkins are joined as plaintiffs.

That's the key point: Fleetwood – and the other manufacturers – should not be prejudiced in a bellwether trial with a liability picture being prejudiced with an

entire family allegedly being "victimized" by purported effects of formaldehyde. As explained in the context of Fed. R. Civ. Pro. 42(b), the paramount consideration is always a fair and impartial trial.[1]

But what little we know from Plaintiffs' Fact Sheets also demonstrates why these two plaintiffs should not be tried together.  Mrs. Jenkins has a history of suffering from chronic asthma long before Katrina.  Her family has a history of asthma.  Her son, at least according to his Plaintiff's Fact Sheet, does not suffer from asthma, but reports "breathing problems" during 2006-2007, but does not report this as "symptoms" on his fact sheet.  These chronic problems are not representative of the acute, short-term upper respiratory problems otherwise reported by the majority of other plaintiff fact sheets.

Even looking at their specific symptoms and comparing it to the Dr. Patricia William's analysis that the plaintiffs presented during the class certification briefing, certain of their symptoms are not typical of the entire population, and so would not be instructive. For example, the son complains of burning of the skin, which Dr. Williams found in only 23.1% of the plaintiffs she reviewed. The mother has alleged the following symptoms:

---

[1] *See, e.g., Martin v. Bell Helicopter Co.*, 85 F.R.D. 654, 658 (D.C. Colo. 1980).  The presence of any one of the factors conducive to severance enumerated in Rule 42(b) – avoidance of prejudice, convenience, and conduciveness to expedition and economy – will support separate trials. *See, e.g., Unites States v. IBM,* 60 F.R.D. 654, 655 (S.D.N.Y. 1973).  Other valid causes for severance include avoidance of juror confusion. *See, e.g., Beights v. W.R. Grace & Co.*, 67 F.R.D. 81, 85 (W.D. Okla. 1975).  At this time, Fleetwood merely brings this issue to the Court's attention to highlight the problem with Plaintiffs' proposed trial candidates and reserves the right to more fully brief Rule 42 considerations as the particular trial configurations continue to develop in this matter or as this Court should so request.

- bleeding of nasal membranes, which Dr. Williams found in only 28% of the plaintiffs;

- tingling or swelling of lips or face, which Dr. Williams found in only 16.8%;

- bronchitis, which Dr. Williams found in only 22.8%;

- laryngitis, which Dr. Williams found in only 11.9%;

- pneumonia, which Dr. Williams found in only 6.5%;

- asthma attacks that are a recurrence of childhood asthma, which Dr. Williams found in only 10.4%; and

- worsening of allergies that she had previous to living in a FEMA trailer, which Dr. Williams found in only 24.3%.

Moreover, the son's age puts him an atypical category. While Mrs. Jenkins is 36 years old, her son is 16. Because less than approximately 20% of Fleetwood plaintiffs are minors, selecting the son as a bellwether plaintiff would not be instructive for the vast majority of Fleetwood plaintiffs.

As this Court has pointed out previously, the claims of *each plaintiff*—not just of each plaintiff family—will vary.  Each plaintiff has suffered different symptoms and side effects.  *See* Order dated Oct. 3, 2008, Rec. Doc. 717, at 42-43; Order dated December 28, 2008, Rec. Doc. 1014, at 12.  "[E]ach individual has and is affected by his/her own discrete medical history, has experienced different

5

symptoms and varying degrees of manifestation of those symptoms, and has experienced varying environmental exposures." Order dated December 28, 2008 Rec. Doc. 1014, at 17. These factors noted by the Court will change based on the individual, and not based on the unit itself. Each plaintiff has inherent qualities that will affect their alleged symptoms and their alleged exposure. One such factor would be age. This Court correctly recognized that there are physical differences between adults and children that could potentially affect their alleged symptoms. Plaintiffs certainly contend that a child's lungs react differently to formaldehyde exposure than an adult's lungs. *Id.* Thus, this Court found that an individual's risk must be analyzed on an *individual* basis. *Id.* at 34.

Because of the great risk of both jury confusion on the issues of specific causation and highly increased risk of undue prejudice to Fleetwood, Plaintiffs should not be permitted to submit both Mrs. Jenkins and her son as bellwether trial candidates to be tried together.

## Arguments in Support of Fleetwood's Proposed Trial Candidates

Fleetwood now proposes – separately -- two plaintiffs, Heather Robertson-Durand and Calvin Parker, Sr., each of whom Fleetwood included in its original proposed bellwether trial plaintiff list submitted to the Court on March 23, 2009. In the spirit of compromising with Plaintiffs' Liaison Counsel, Fleetwood offers these individuals as particularly representative and instructive as potential bellwether trial plaintiffs for the following reasons.

First and foremost, both Robertson-Durand and Parker's units were tested for formaldehyde levels by The Center for Disease Control and Prevention ("CDC"), an independent third party, as part of the random sampling of 519 currently occupied FEMA units.  This occupied unit testing, done in December of 2007 and January of 2008, became the underlying data for the CDC's July 2, 2008 "Final Report on Formaldehyde Levels in FEMA-Supplied Travel Trailers, Park Models, and Mobile Homes."[2]  The test results of these two units are representative of all random Fleetwood units tested because they are within the range of formaldehyde levels found—and, yet, they are not at either extreme. The CDC Final Report stated that Fleetwood formaldehyde levels ranged from .003 ppm to .300 ppm.[3]  Heather Robertson-Durand's unit tested at .020 ppm, and Calvin

---

[2] This Final Report is available online at www.cdc.gov/nceh/ehhe/trailerstudy/pdfs/FEMAFinalReport.pdf, last accessed on March 27, 2009.

[3] *See* Table 3 of the CDC Final Report, at 24. This range includes Fleetwood and Fleetwood Canada.

Parker, Sr.'s unit at .047 ppm (the .047 ppm results actually being higher than the CDC average of all Fleetwood units).

Further, the symptoms alleged are representative and instructive for a bellwether trial plaintiff. Robertson-Durand and Parker both allege the following exact same symptoms: irritation, burning and tearing of eyes; irritation and bleeding of nasal membranes; irritation or itching of skin; rashes on skin; scaling or itching of eyelids; irritation or swelling of eyelids; throat irritation; hoarseness; upper respiratory tract infections; headaches; nausea; vomiting; abdominal pain; difficulty in breathing; wheezing; persistent cough; tightness of the chest; dizziness; and allergic contact dermatitis. Therefore, these two potential candidates are instructive as bellwether trial plaintiffs as they both allege symptoms typical of many other plaintiffs.

The periods of occupancy are also instructive for choosing a bellwether plaintiff. Robertson-Durand and Parker both initially occupied their respective units in the Spring of 2006. Robertson-Durand moved out in April of 2008 and Parker moved out in March of 2009. Thus, they both occupied their units for relatively extended periods of time, as is the case with the majority of plaintiffs.

The following factors are also demonstrative and helpful in choosing a representative trial plaintiff. Robertson-Durand and Parker both occupied Fleetwood travel trailer units, as opposed to park models, similar to most plaintiffs.

8

They respectively represent an average age of the pool of plaintiffs.[4]  This factor particularly weighs in favor of choosing Robertson-Durand or Parker, especially over Craig Jenkins, Jr, a minor.  If a minor is chosen for a bellwether trial, the result will not be as instructive as the trial of an adult would be.  If Plaintiffs are successful, then the defendants may discount any verdict and may not use any such verdict in their calculations of how much these cases are worth. Finally, Robertson-Durand was originally chosen as a class representative, although PSC subsequently withdrew her.

For the foregoing reasons, Fleetwood submits that two particular plaintiffs, Heather Robertson-Durand and Calvin Parker, Sr., who were included in the March 23, 2009 list of proposed plaintiffs, would each make an ideal bellwether trial plaintiff.  Not only were both of their units independently tested by the CDC, but they represent alleged symptoms of numerous plaintiffs.  In addition, they both occupied Fleetwood travel trailers for an extended period of time and embody the average age of the global pool of Fleetwood plaintiffs.

---

[4] Heather Robertson-Durand is currently 30 years old.  Calvin Parker, Sr. is currently 52 years old.

This 27th day of March, 2009.

/s/ Richard K. Hines, V
Richard K. Hines, V
Georgia Bar No. 356300
NELSON MULLINS RILEY &
SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW,  Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)

Jerry L. Saporito
Louisiana Bar No. 11717
LEAKE & ANDERSSON, L.L.P.
1700 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-1701
(504) 585-7500 (phone)
(504) 585- 7775 (fax)

Counsel for Fleetwood Canada, Ltd.,
Fleetwood Enterprises, Inc., Fleetwood
Homes of North Carolina, Inc., Fleetwood
Homes of Georgia, Inc., and Fleetwood
Travel Trailers of Maryland, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has this date been served on all counsel of record in this proceeding by:

( )   Hand Delivery                    ( )   Prepaid U.S. Mail

( )   Facsimile                        ( )   Federal Express

( x )  CM/ECF                          ( )   E-Mail

This 27th day of March, 2009.

    */s/ Richard K. Hines, V*
    Richard K. Hines, V
    Georgia Bar No. 356300
    richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)