UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER
FORMALDEHYDE PRODUCTS
LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N" (5)
JUDGE ENGELHARDT
MAG. JUDGE CHASEZ

THIS DOCUMENT RELATES TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

DEFENDANT UNITED STATES' SECOND SET
OF OBJECTIONS AND ARGUMENTS REGARDING
BELLWETHER TRIAL PLAINTIFF SELECTIONS

Pursuant to Pretrial Order No. 33 [Doc. No. 1193], defendant United States of America hereby submits these objections and arguments regarding the Gulf Stream Coach, Inc. ("Gulf Stream") bellwether trial plaintiff selection.

I.  **Introduction.**

On March 23, 2009, the parties submitted a total of sixty-four (64) nominees for potential selection as the Gulf Stream bellwether trial plaintiff. PLC listed thirty-eight (38) nominees, Gulf Stream listed twenty-three (23) nominees, and the United States listed three (3) nominees.[1] The United States proposed: (1) **Damian Hargrove**, (2) **Damian Hargrove**, **Jr**., and (3) **Leroy Hargrove**, **Jr**. PLC has objected to the United States' list of nominations in its entirety. PSC Objections, March 27, 2009 [Doc. No. 1225].

//

---

[1] Both PLC and Gulf Stream nominated **Sorretta Berfect**. PLC has since sought to withdraw the nomination of Ms. Berfect based upon a medical condition unrelated to her allegations in this litigation. Had PLC and Gulf Stream reached an agreement regarding Ms. Berfect, the United States would have supported her selection as the Gulf Stream bellwether trial plaintiff.

**II.     Discussion Of The United States' Proposed Bellwether Trial Candidates.**

Neither Plaintiffs, nor Gulfstream join the United States in nominating **Damian Hargove**, **Damian Hargrove**, **Jr**., or **Leroy Hargrove**, **Jr** for bellwether trial plaintiff selection. The United States chose these persons because they were the subject of class certification discovery, and as such, their selection could reduce the risk of the parties not being ready for trial in accordance with the Court's trial schedule.  In an earlier filing, PLC objected to **Damian Hargrove** because there is "No Plaintiff Fact Sheet" and specifically objected to his son, **Damian Hargrove**, **Jr**. – a class representative offered by PLC – because he "Never 'resided' in trailer" and only "Visited Grandparents in trailer."  PSC Objections, March 27, 2009 [Doc. No. 1225-2].  PLC's objections have merit, and in light of these objections, the United States withdraws these two nominations because it appears that these persons are not well-suited to serve as the Gulf Stream bellwether trial plaintiff.  PLC also specifically objected to the United States' lone remaining Gulf Stream nominee, **Leroy Hargrove**, **Jr**., based upon his "Criminal Record."  PSC Objections, March 27, 2009 [Doc. No. 1225-2].  While any connection between Mr. Hargrove's criminal record and his fitness to serve as a bellwether trial plaintiff may be tenuous, the United States withdraws the nomination of **Leroy Hargrove**, **Jr**. because the circumstances surrounding his past may render him a less desirable nominee than other well-qualified candidates.  As a result of these withdrawals, PLC's general objections to the United States' bellwether trial plaintiff nominations are rendered moot.[2]

---

[2] The United States nominated three potential Gulf Stream bellwether trial plaintiffs and one potential Fleetwood bellwether trial plaintiff.  As discussed above, the United States has withdrawn the three Gulf Stream nominations in light of PLC's objections.  The United States' lone Fleetwood nominee, Stephen Alfonso, was also nominated by Fleetwood, so even if PLC's objections to the United States' nominations were to be sustained, Stephen Alfonso remains a

### III. Potential Compromise Candidates For Selection.

The United States offers the following compromise. The United States would be amenable to the Court's selection of **Joseph Brown** (first choice) or **Alana Alexander** (second choice) as the Gulf Stream bellwether trial plaintiff. Both of these individuals were nominated by PLC on March 23, 2009, to serve as the Gulf Stream bellwether trial plaintiff. While the selection of a bellwether trial plaintiff – particularly for the first bellwether trial –who was not identified early-on and was not subject to the class certification discovery process may prejudice the parties' ability to comply with the Court's trial schedule and related deadlines, the United States offers this compromise in the spirit of cooperation.

Dated: April 1, 2009                    Respectfully Submitted,

                                        MICHAEL F. HERTZ
                                        Acting Assistant Attorney General

                                        J. PATRICK GLYNN
                                        Director, Torts Branch

                                        HENRY T. MILLER
                                        Senior Trial Counsel

                                        s/ Adam M. Dinnell
                                        ADAM M. DINNELL (TX Bar No. 24055405)
                                        Trial Attorney
                                        United States Department of Justice
                                        Civil Division, Torts Branch
                                        Environmental Torts
                                        P.O. Box 340, Ben Franklin Station
                                        Washington, DC 20004
                                        Phone: (202) 616-4211
                                        E-mail: Adam.Dinnell@usdoj.gov

                                        Attorneys for the United States of America

---

viable candidate for Fleetwood bellwether trial plaintiff selection.

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing was served through the Court's CM/ECF system on April 1, 2009, upon Liaison Counsel.

                                               s/ Adam M. Dinnell
                                               ADAM M. DINNELL