UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCT LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | JUDGE ENGELHARDT |
| THIS DOCUMENT IS RELATED TO ALL CASES | * | MAG. JUDGE CHASEZ |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## REPORT ON BELLWETHER TRIAL CANDIDATES ON BEHALF OF GULF STREAM COACH, INC.

**NOW INTO COURT**, through undersigned counsel, comes defendant, Gulf Stream Coach, Inc., which, pursuant to Pre Trial Order Number 28 (R. Doc. 1096) and Pre Trial Order No. 33 (R. Doc. 1193), respectfully provides its objections to and arguments in support of the trial candidates for the September 14, 2009 trial docket.

### I.  INTRODUCTION

As the Court is aware, on February 5, 2009 Liaison Counsel and Government Counsel attended a Status Conference in chambers.  At this conference, the initial four trial dates were selected and the Court established the procedure for selecting the four individual bellwether plaintiffs in this matter.  Significantly, the Court ordered that the parties submit a list of at least fifty (50) potential bellwether plaintiffs to the Court by March 23, 2009.  Pre Trial Order No. 28. To qualify as a Gulf Stream Coach, Inc. bellwether plaintiff, the Court required that:

    1.    Gulf Stream Coach, Inc. be properly sued by the candidate;

    2.    The appropriate contractor defendant be properly sued by the candidate;

    3.    The United States Government be properly sued by the candidate;

1

4. A completed Plaintiff Fact Sheet for the candidate be provided to defendants as of February 5, 2009; and

5. The candidate's claim be venued in the United States District Court for the Eastern District of Louisiana.

Pre Trial Order No. 28, at pp. 1-2. From the collectively submitted nominations, "…**one plaintiff** for each of the four bellwether jury trials shall be selected." Pre Trial Order No. 28, at p. 1 (emphasis added).

On March 23, 2009, Gulf Stream Coach, Inc. submitted its list of potential bellwether plaintiffs, identifying twenty-three (23) candidates meeting the prerequisites of Pre Trial Order No. 28. *See* Gulf Stream Coach, Inc. Proposed Bellwether Plaintiff List, attached hereto as Exhibit "A." Concurrently, Plaintiffs nominated thirty-eight (38) potential bellwether plaintiffs allegedly meeting the same prerequisites. Both Gulf Stream Coach, Inc. and Plaintiffs submitted the same candidate, Sorretta Berfect, seemingly resulting in an agreed bellwether plaintiff for the September 14, 2009 trial docket. When Plaintiffs subsequently withdrew their nomination of Sorretta Berfect, Gulf Stream Coach, Inc. and Plaintiffs were unable to agree on a bellwether plaintiff.

Gulf Stream Coach, Inc. submits this Report and respectfully suggests that any of the twenty-three (23) candidates suggested by Gulf Stream Coach, Inc. is an appropriate bellwether plaintiff.[1] Alternatively, Gulf Stream Coach, Inc. submits that three of the Plaintiffs' nominees, Sorretta Berfect, Joseph Brown and Alana Alexander, are acceptable bellwether plaintiffs, as

---

[1] Donell Bailey, Sorretta Berfect, Renesha Brown, Ronald Castille, Blanch J. Dangerfield, Trinity Guesnon rep by Dione Davis, Lolita Davis, Gerald G. Hampton rep by Lolita Davis, Samuel Garfield, Shemekia T. Hampton, Curtis Howard, Jr., Hayward J. Jackson, Debbie L. Johnson, Ernest A. Jones, Melanie V. Jones, David Ker, Marilyn B. Mackey, Wilfred A. Mackey, Louis J. Murry, Jr., Frank Nelson, III, Curtis Payton, Gail Payton, Cornell F. Young

2

long as the selected plaintiff is tried as an individual (rather than trying all plaintiffs living in the same emergency housing unit). Finally, Gulf Stream Coach, Inc. objects to certain of the remaining candidates proposed by Plaintiffs for the reasons stated herein.

## II.     LAW AND ARGUMENT

The fundamental purpose of a bellwether trial is to facilitate the resolution of all claims. *Self v. Illinois Cent. R.R.*, 96-4141 (E.D. La. 1/6/00), 2000 WL 14682. Further, the ultimate purpose of holding bellwether trials is to provide meaningful information and experience to everyone involved in the litigation. Eldon E. Fallon, Jeremy T. Grabill, & Robert Pitard Wynne, *Bellwether Trials in Multidistrict Litigation*, 82 Tul.L.Rev. 2323, 2332 (June 2008). As the United States Court of Appeals for the Fifth Circuit has recognized:

> The notion that the trial of some members of a large group of claimants may provide a basis for enhancing prospects of settlement or for resolving common issues or claims is a sound one that has achieved general acceptance by both bench and bar . . . . The reasons for acceptance by bench and bar are apparent. If a representative group of claimants are tried to verdict, the results of such trials can be beneficial for litigants who desire to settle such claims by providing information on the value of the cases as reflected by the jury verdicts.
>
> *Id.* at 2337 (citing *In Re Chevron U.S.A., Inc.*, 109 F.3d 1016, 1019 (5th Cir. 1997)).

"Ideally, the trial-selection process should accurately reflect the individual categories of cases that comprise the MDL *in toto*, illustrate the likelihood of success and measure of damages within each respective category, and illuminate the forensic and practical challenges of presenting certain types of cases to a jury." *Id*. at 2343. Indeed, when attorneys select the bellwether plaintiff pool they must be mindful to select truly representative cases, as unrepresentative cases "…will do little to resolve the entire litigation and will have little predictive value." *Id.* at 2349.

### A.   Gulf Stream Coach, Inc.'s Proposed Bellwether Plaintiffs are Representative

Gulf Stream Coach, Inc. respectfully submits that any of its twenty-three (23) candidates is appropriate for a bellwether trial. Importantly, as to Gulf Stream Coach, Inc., only 383 plaintiffs meet the prerequisites of Pre Trial Order No. 28. This universe of potential bellwether candidates is comprised of 307 adults and 74 minors. In other words, over eighty percent (80%) of the potential candidates are adults and less than twenty percent (20%) are minors. Conscious of the fact that adult claims are far more representative of the typical MDL claim, twenty-two (22) of Gulf Stream Coach, Inc's candidates are adults.

Another overwhelmingly common factor is suggested by the most comprehensive formaldehyde testing performed to date; the Bureau Veritas (FEMA sponsored) test results on 3005 emergency housing units. (Attached hereto as Exhibit "B.") The results establish that 2,282 of the 3005 emergency housing units tested contained formaldehyde levels at or below 0.1 ppm. In other words, approximately seventy-six percent (76%) of the emergency housing units tested contained levels of formaldehyde at or below 0.1 ppm. Of the twenty-three (23) bellwether candidates proposed by Gulf Stream Coach who have reported Bureau Veritas test results, all of the reported formaldehyde levels were below 0.1 ppm.[2]

Thus, the bellwether candidates proposed by Gulf Stream Coach, Inc. are representative of the claims presented in this MDL in two primary respects: they are adults using emergency housing units that have reported formaldehyde levels below 0.1 ppm. Additionally, all of Gulf

---

[2] The following test results from Bureau Veritas are: Marilyn Mackey (.07 ppm); Wilfred Mackey (.07 ppm); Renesha Brown (.075 ppm) and Soretta Berfect (.062 ppm). Additionally, Mary DeVaney has test results for the following plaintiffs' units from Gulf Stream's nomination list: Samuel Garfield (.079 ppm); Hayward Jackson (.065 ppm) below .1 ppm. Joseph Brown (.036 ppm) and Alana Alexander (.05 ppm) from the PSC nominated list.

Stream Coach, Inc.'s bellwether candidates meet the prerequisites established in Pre Trial Order No. 28. Therefore, Gulf Stream respectfully suggests that its bellwether candidates are all appropriate for selection as the bellwether plaintiff for the September 14, 2009 trial docket.

### B. Certain of Plaintiffs Bellwether Candidates Are Not Representative

Contrary to the bellwether candidates proposed by Gulf Stream Coach, Inc., certain of Plaintiffs bellwether candidates are not representative of the typical claims presented in this litigation, or are deficient for another reason. Since Plaintiffs have withdrawn Sorretta Berfect as a candidate, they have submitted thirty-seven (37) bellwether candidates. However, two of the candidates, Ariel Johnson and Jaylen Wooten, did not submit a Plaintiff Fact Sheet until March 2, 2009. Thus, Ariel Johnson and Jaylen Wooten do not meet the prerequisites of Pre Trial Order No. 28, and are not eligible for consideration as a bellwether plaintiff.[3]

Of the remaining thirty-five (35) bellwether candidates offered by Plaintiffs, sixteen (16), or approximately forty-six percent (46%), are minors. As noted above, these minors are representative of less than twenty percent (20%) of the eligible Gulf Stream Coach, Inc. plaintiffs. Mindful of Judge Fallon's instruction, these unrepresentative claims "will do little to resolve the entire litigation and will have little predictive value."

Complicating matters further, of the minors offered as bellwether candidates by Plaintiffs, five (5) allegedly have been diagnosed with asthma.[4] As the Court may recall, the issue of childhood asthma was hotly debated during the class certification hearing held on December 2, 2008. Plaintiffs' expert, Patricia Williams, and Manufacturing Defendants' expert,

---

[3] Shortly, Gulf Stream Coach, Inc. will file the appropriate Motion to Strike Ariel Johnson and Jaylen Wooten from consideration as a bellwether plaintiffs.

[4] Daniel Adams, Joseph Brown, Jr., James Butler, IV, Christopher Cooper and JaSchenelle Thomas. Jaylen Wooten, the minor who failed to timely provide a Plaintiff Fact Sheet, also allegedly has childhood asthma.

Dr. Wedner, contradictorily testified concerning the effect of formaldehyde exposure on children and its alleged causal relationship to childhood asthma. By introducing asthma as a factor in the September 14, 2009 trial, a significant amount of the litigants' collective time and effort will necessarily be diverted to this expert-intensive issue. Given the already extensive issues facing the litigants in preparation of the trial only approximately five and one half months away, diverting the litigants' efforts to unrepresentative claims (such as childhood asthma) appears counterproductive to the fundamental purpose of bellwether trials.[5]

In summary, Gulf Stream Coach, Inc. submits that the following bellwether candidates proposed by Plaintiffs for the September 14, 2009 trial docket are inappropriate:

1. Ariel Johnson – Failed to submit a Plaintiff Fact Sheet by February 5, 2009, as required by Pre Trial Order No. 28.

2. Jaylen Wooten - Failed to submit a Plaintiff Fact Sheet by February 5, 2009, as required by Pre Trial Order No. 28, and his is an unrepresentative minor claim.

3. Daniel Adams – Unrepresentative minor claim.

4. Erika Alexander – Unrepresentative minor claim.

5. Jahmal Baker – Unrepresentative minor claim.

6. Adam Barbarin – Unrepresentative minor claim.

7. Joseph Brown, Jr. – Unrepresentative minor claim.

8. Jayden Brown – Unrepresentative minor claim.

---

[5] As the Court observed at the certification hearing, the PSC will rely on three papers to attempt to meet their burden of proof on childhood asthma. Prior to the inevitable *Daubert* challenge, it is anticipated that the lead authors for all three papers will need to be deposed. To accomplish this, prepare and argue the *Daubert* challenge prior to September 14, 2009, will certainly result in a request for a continuance, when it is subsequently determined there is simply not enough time to complete what is necessary.

9.         James Butler, IV – Unrepresentative minor claim.

10.        Jalana Butler – Unrepresentative minor claim.

11.        Alexis Conerly – Unrepresentative minor claim.

12.        Christopher Cooper – Unrepresentative minor claim.

13.        Tyreone Green – Unrepresentative minor claim.

14.        Genesis McPipe – Unrepresentative minor claim.

15.        Nicholas Paul – Unrepresentative minor claim.

16.        Tyler D. Self – Unrepresentative minor claim.

17.        JaSchenelle Thomas – Unrepresentative minor claim.

**C.**    **Alternatively, Three of Plaintiffs' Candidates are Potentially Acceptable**

In an effort to amicably identify a bellwether plaintiff, Gulf Stream Coach, Inc. conferred with Plaintiffs' Liaison Counsel. However, an agreement concerning an acceptable bellwether plaintiff was not reached. Nonetheless, Gulf Stream Coach, Inc. submits that two of Plaintiffs' bellwether candidates (in addition to Sorretta Berfect, the withdrawn candidate), Alana Alexander and Joseph Brown, are potentially acceptable bellwether candidates. However, before Gulf Stream Coach, Inc. can agree to any of these bellwether candidates, it is compelled to address the concerns raised by Fleetwood Enterprises, Inc. in its Report on Bellwether Candidates (R. Doc. 1227).

Fleetwood, in its Report, raised the issue of Plaintiffs seemingly attempting to pursue bellwether trials of more than one plaintiff by nominating several family members as candidates. (R. Doc. 1227, at pp. 3-4). Indeed, Plaintiffs have informally indicated the possibility that they will suggest that the bellwether trials should include all family members residing in the selected plaintiff's unit. A review of the Plaintiffs' bellwether candidates reveals that while they have

7

nominated thirty-seven (37) bellwether candidates, only twenty-two (22) emergency housing units are included in the nominations. Excluding Ariel Johnson and Jaylen Wooten, who do not meet the requirements of Pre Trial Order No. 28, only twenty separate emergency housing units are included. This scenario is problematic for Gulf Stream Coach, Inc. if Plaintiffs truly intended to suggest to the Court that more than one bellwether plaintiff be tried in a setting in violation of Pre Trial Order No. 28.

For example, Plaintiffs' bellwether candidate Joseph Brown appears to be an acceptable bellwether candidate. However, if Plaintiffs intend to move the Court to include the minors Joseph Brown, Jr. and Jayden Brown in the bellwether trial because they all resided in the same emergency housing unit, Joseph Brown is not acceptable to Gulf Stream Coach, Inc. as a bellwether candidate. First, Gulf Stream Coach, Inc. agrees with, and adopts, the arguments of Fleetwood in it Report (R. Doc. 1227, at pp. 3-6). The specific claims of each individual plaintiff are unique to that plaintiff's medical and social history, and influenced by unique exposures, resulting in unique symptoms. To attempt to discover and try to a jury multiple plaintiffs will certainly lead to confusion and unfair prejudice.

Second, if Plaintiffs are allowed to pursue bellwethers that incorporate all residents of the emergency housing unit, the Plaintiffs are again in complete control of the actual plaintiffs present at trial. Staying with the Joseph Brown example above, arguably, any time prior to trial Plaintiffs could withdraw Joseph Brown as the bellwether plaintiff. Plaintiffs could readily point to Joseph Brown, Jr., a four year old with childhood asthma, and suggest that the child is still procedurally positioned to be tried on September 14, 2009. In such a manner, the bellwether trial can be manipulated to present an unrepresentative claim that will have little predictive value.

Therefore, Gulf Stream Coach, Inc. stands ready to agree to one of three Plaintiff bellwether candidates, in the following order:

1. Sorretta Berfect – Gulf Stream Coach, Inc. is sympathetic to Sorretta Berfect's medical condition. Upon proper showing that she is medically unable to participate in a bellwether trial in September 2009, Gulf Stream Coach, Inc. will remove its objection to her withdrawal. However, absent confirmation of her inability to participate in the September 14, 2009 trial docket, she should remain as the agreed upon bellwether plaintiff.

2. Joseph Brown – Gulf Stream Coach, Inc. agrees to Joseph Brown as the September 14, 2009 bellwether plaintiff only if the trial will proceed as a single plaintiff case as directed in Pre Trial Order No. 28. If Plaintiffs will argue that any other plaintiff residing in the emergency housing unit should also be tried on September 14, 2009, Gulf Stream Coach, Inc. respectfully reserves its right to oppose Joseph Brown as a bellwether candidate.

3. Alana Alexander - Gulf Stream Coach, Inc. agrees to Alana Alexander as the September 14, 2009 bellwether plaintiff only if the trial will proceed as a single plaintiff case as directed in Pre Trial Order No. 28. If Plaintiffs will argue that any other plaintiff residing in the emergency housing unit should also be tried on September 14, 2009, Gulf Stream Coach, Inc. respectfully reserves its right to oppose Alana Alexander as a bellwether candidate.

    Respectfully submitted,

    **DUPLASS, ZWAIN, BOURGEOIS,**
    **PFISTER & WEINSTOCK**

    s/Andrew D. Weinstock

                    **ANDREW D. WEINSTOCK (#18495)**
                    **JOSEPH G. GLASS (#25397)**
                    3838 N. Causeway Boulevard, Suite 2900
                  Metairie, Louisiana 70002
                  Telephone: (504) 832-3700
                  andreww@duplass.com
                  jglass@duplass.com

                  and

                  **SCANDURRO & LAYRISSON**

                  s/Timothy D. Scandurro

                  Timothy D. Scandurro #18424
                  Dewey M. Scandurro #23291
                  607 St. Charles Avenue
                  New Orleans, LA 70130
                  (504) 522-7100
                  (504) 529-6199
                  tim@scanlayr.com
                  dewey@scanlayr.com
                  **Counsel for Defendant, Gulf Stream Coach, Inc.**

## CERTIFICATE OF SERVICE

     I hereby certify that on the 1st day of April, 2009, a copy of the foregoing Report on Bellwether Trial Candidates on Behalf of Gulf Stream Coach, Inc. was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

                  s/Andrew D. Weinstock

                  ANDREW D. WEINSTOCK #18495
                  andreww@duplass.com