UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION:  N(5) |
| | * | |
| This Document Relates to:  ALL CASES | * | JUDGE: ENGELHARDT |
| | * | MAG: CHASEZ |

**************************************************************************

## SUPPLEMENTAL FEDERAL RULE OF CIVIL PROCEDURE
## RULE 12(B) PRESERVATION LIST
## FILED ON BEHALF OF GULF STREAM COACH, INC.

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Gulf Stream

Coach, Inc., which, pursuant to Pre-Trial Order Number 4 (R. Doc. 130), dated April 21, 2008,

and without prejudice to its right to assert any other allowable preliminary pleadings, dispositive

motions or affirmative defenses in these or any other case in which it is subsequently named and

properly served, submits for preservation the following list of specific Federal Rule of Civil

Procedure Rule 12(b) Motions in the following cases currently pending in the MDL, to

supplement all previously filed Preservation Lists (R. Doc. Nos. 238, 676, 806 and 1122):

I.      *Michelle Abram, et al v. Gulf Stream Coach, Inc., et al.*, originally filed in the United
        States District Court for the Eastern District of Louisiana, under civil action number 09-
        2963.

   1.   12(b)(5) - Insufficiency of Service of Process inasmuch as Gulf Stream Coach,
        Inc. has not been served in this matter.

   2.   12(b)(3) – Improper venue based on contractual forum selection clause contained
        in the manufacturer's Warranty Contract, which also contractually limits the
        warranties.

   3.   12(b)(6) – Failure to state a claim upon which relief can be granted to the extent
        that it is established that any claimant knew or should have known of his or her
        cause of action more than a year before March 2, 2009 (accounting for all tolled
        time during the pendency of the class action), rendering all claims prescribed
        under Louisiana law.

4. 12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as no claimant has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

5. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek attorneys fees under Louisiana state law inasmuch as such claims are precluded.

6. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek punitive damages under federal or Louisiana state law inasmuch as such claims are precluded.

7. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert redhibition/implied warranty claims under Louisiana law, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

8. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Louisiana law, inasmuch as such claims are precluded.

9. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the named defendants, inasmuch as Louisiana law precludes such reapportionment of fault.

10. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that any of Plaintiffs' claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

11. 12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by the provisions of the Louisiana Products Liability Act to the extent it is established that any named plaintiff did not use a product manufactured by Gulf Stream Coach, Inc.

12. 12(b)(6) - Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are duplicative to the extent it is established that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

II. *Quiana C. Acker, et al v. Gulf Stream Coach, Inc., et al.*, originally filed in the United States District Court for the Eastern District of Louisiana, under civil action number 09-2962.

1.    12(b)(5) - Insufficiency of Service of Process inasmuch as Gulf Stream Coach, Inc. has not been served in this matter.

2.    12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

3.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant knew or should have known of his or her cause of action more than a year before March 2, 2009 (accounting for all tolled time during the pendency of the class action), rendering all claims prescribed under Louisiana law.

4.    12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as no claimant has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

5.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek attorneys fees under Louisiana state law inasmuch as such claims are precluded.

6.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek punitive damages under federal or Louisiana state law inasmuch as such claims are precluded.

7.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert redhibition/implied warranty claims under Louisiana law, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

8.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Louisiana law, inasmuch as such claims are precluded.

9.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the named defendants, inasmuch as Louisiana law precludes such reapportionment of fault.

10.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that any of Plaintiffs' claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

11.    12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by the provisions of the Louisiana Products Liability

Act to the extent it is established that any named plaintiff did not use a product manufactured by Gulf Stream Coach, Inc.

12.     12(b)(6) - Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are duplicative to the extent it is established that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

III.     *Charlie Age, et al. v. Gulf Stream Coach, Inc., et al.*, originally filed in the United States District Court for the Eastern District of Louisiana, under civil action number 09-2892.

1.     12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

2.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant knew or should have known of his or her cause of action more than a year before February 27, 2009 (accounting for all tolled time during the pendency of the class action), rendering all claims prescribed under Louisiana law.

3.     12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as no claimant has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

4.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek attorneys fees under Louisiana state law inasmuch as such claims are precluded.

5.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek punitive damages under federal or Louisiana state law inasmuch as such claims are precluded.

6.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert redhibition/implied warranty claims under Louisiana law, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

7.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Louisiana law, inasmuch as such claims are precluded.

8.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the named defendants, inasmuch as Louisiana law precludes such reapportionment of fault.

4

9.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that any of Plaintiffs' claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

10.     12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by the provisions of the Louisiana Products Liability Act to the extent it is established that any named plaintiff did not use a product manufactured by Gulf Stream Coach, Inc.

11.     12(b)(6) - Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are duplicative to the extent it is established that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

IV.     *Henry M. Alexander, et al v. Gulf Stream Coach, Inc., et al.*, originally filed in the United States District Court for the Eastern District of Louisiana, under civil action number 09-2974.

1.      12(b)(5) - Insufficiency of Service of Process inasmuch as Gulf Stream Coach, Inc. has not been served in this matter.

2.      12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

3.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant knew or should have known of his or her cause of action more than a year before March 2, 2009 (accounting for all tolled time during the pendency of the class action), rendering all claims prescribed under Louisiana law.

4.      12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as no claimant has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

5.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek attorneys fees under Louisiana state law inasmuch as such claims are precluded.

6.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek punitive damages under federal or Louisiana state law inasmuch as such claims are precluded.

7.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert redhibition/implied warranty claims under

Louisiana law, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

8.   12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Louisiana law, inasmuch as such claims are precluded.

9.   12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the named defendants, inasmuch as Louisiana law precludes such reapportionment of fault.

10.   12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that any of Plaintiffs' claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

11.   12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by the provisions of the Louisiana Products Liability Act to the extent it is established that any named plaintiff did not use a product manufactured by Gulf Stream Coach, Inc.

12.   12(b)(6) - Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are duplicative to the extent it is established that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

V.   *Daphne Alford, et al v. Gulf Stream Coach, Inc., et al.*, originally filed in the United States District Court for the Eastern District of Louisiana, under civil action number 09-2966.

1.   12(b)(5) - Insufficiency of Service of Process inasmuch as Gulf Stream Coach, Inc. has not been served in this matter.

2.   12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

3.   12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant knew or should have known of his or her cause of action more than a year before March 2, 2008 (accounting for all tolled time during the pendency of the class action), rendering all claims prescribed under Louisiana law.

4.   12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as no claimant has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

6

5.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek attorneys fees under Louisiana state law inasmuch as such claims are precluded.

6.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek punitive damages under federal or Louisiana state law inasmuch as such claims are precluded.

7.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert redhibition/implied warranty claims under Louisiana law, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

8.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Louisiana law, inasmuch as such claims are precluded.

9.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the named defendants, inasmuch as Louisiana law precludes such reapportionment of fault.

10.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that any of Plaintiffs' claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

11.     12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by the provisions of the Louisiana Products Liability Act to the extent it is established that any named plaintiff did not use a product manufactured by Gulf Stream Coach, Inc.

12.     12(b)(6) - Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are duplicative to the extent it is established that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

VI.     *Charles Bagneris, et al. v. Gulf Stream Coach, Inc., et al.*, originally filed in the United States District Court for the Eastern District of Louisiana, under civil action number 09-2888.

1.      12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

2.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant knew or should have known of his or her cause of action more than a year before February 27, 2009 (accounting for all tolled time during the pendency of the class action), rendering all claims prescribed under Louisiana law.

3.      12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as no claimant has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

4.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek attorneys fees under Louisiana state law inasmuch as such claims are precluded.

5.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek punitive damages under federal or Louisiana state law inasmuch as such claims are precluded.

6.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert redhibition/implied warranty claims under Louisiana law, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

7.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Louisiana law, inasmuch as such claims are precluded.

8.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the named defendants, inasmuch as Louisiana law precludes such reapportionment of fault.

9.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that any of Plaintiffs' claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

10.     12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by the provisions of the Louisiana Products Liability Act to the extent it is established that any named plaintiff did not use a product manufactured by Gulf Stream Coach, Inc.

11.     12(b)(6) - Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are duplicative to the extent it is established that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

VII.  *Kirk P. Baptist, et al v. Gulf Stream Coach, Inc., et al.*, originally filed in the United States District Court for the Eastern District of Louisiana, under civil action number 09-2975.

1.   12(b)(5) - Insufficiency of Service of Process inasmuch as Gulf Stream Coach, Inc. has not been served in this matter.

2.   12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

3.   12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant knew or should have known of his or her cause of action more than a year before March 2, 2009 (accounting for all tolled time during the pendency of the class action), rendering all claims prescribed under Louisiana law.

4.   12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as no claimant has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

5.   12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek attorneys fees under Louisiana state law inasmuch as such claims are precluded.

6.   12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek punitive damages under federal or Louisiana state law inasmuch as such claims are precluded.

7.   12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert redhibition/implied warranty claims under Louisiana law, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

8.   12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Louisiana law, inasmuch as such claims are precluded.

9.   12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the named defendants, inasmuch as Louisiana law precludes such reapportionment of fault.

10.   12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that any of Plaintiffs' claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

11.    12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by the provisions of the Louisiana Products Liability Act to the extent it is established that any named plaintiff did not use a product manufactured by Gulf Stream Coach, Inc.

12.    12(b)(6) - Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are duplicative to the extent it is established that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

VIII.   *Janice Bastain, et al v. Gulf Stream Coach, Inc., et al.*, originally filed in the United States District Court for the Eastern District of Louisiana, under civil action number 09-2950.

1.    12(b)(5) - Insufficiency of Service of Process inasmuch as Gulf Stream Coach, Inc. has not been served in this matter.

2.    12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

3.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant knew or should have known of his or her cause of action more than a year before March 2, 2009 (accounting for all tolled time during the pendency of the class action), rendering all claims prescribed under Louisiana law.

4.    12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as no claimant has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

5.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek attorneys fees under Louisiana state law inasmuch as such claims are precluded.

6.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek punitive damages under federal or Louisiana state law inasmuch as such claims are precluded.

7.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert redhibition/implied warranty claims under Louisiana law, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

8.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Louisiana law, inasmuch as such claims are precluded.

9.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the named defendants, inasmuch as Louisiana law precludes such reapportionment of fault.

10.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that any of Plaintiffs' claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

11.     12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by the provisions of the Louisiana Products Liability Act to the extent it is established that any named plaintiff did not use a product manufactured by Gulf Stream Coach, Inc.

12.     12(b)(6) - Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are duplicative to the extent it is established that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

IX.     *Willie Muton Bell v. Gulf Stream Coach, Inc., et al.*, originally filed in the United States District Court for the Eastern District of Louisiana, under civil action number 09-2959.

1.      12(b)(5) - Insufficiency of Service of Process inasmuch as Gulf Stream Coach, Inc. has not been served in this matter.

2.      12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

3.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that Willie Muton Bell knew or should have known of his cause of action more than a year before March 2, 2009 (accounting for all tolled time during the pendency of the class action), rendering all claims prescribed under Louisiana law.

4.      12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as Willie Muton Bell has not specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

5.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiff later specifically seeks attorneys fees under Louisiana state law inasmuch as such claims are precluded.

6.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiff later specifically seeks punitive damages under federal or Louisiana state law inasmuch as such claims are precluded.

7.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiff specifically asserts redhibition/implied warranty claims under Louisiana law, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

8.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiff later specifically seeks property damages under Louisiana law, inasmuch as such claims are precluded.

9.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiff seeks to impose joint and several and/or solidary liability upon the named defendants, inasmuch as Louisiana law precludes such reapportionment of fault.

10.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that any of Plaintiff's claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

11.    12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiff's claims are barred by the provisions of the Louisiana Products Liability Act to the extent it is established that Willie Muton Bell did not use a product manufactured by Gulf Stream Coach, Inc.

12.    12(b)(6) - Failure to state a claim upon which relief can be granted inasmuch as plaintiff's claims are duplicative to the extent it is established that Willie Muton Bell previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

X.    *Vicki Bickham, et al. v. Gulf Stream Coach, Inc., et al.*, originally filed in the United States District Court for the Eastern District of Louisiana, under civil action number 09-3205.

1.     12(b)(5) - Insufficiency of Service of Process inasmuch as Gulf Stream Coach, Inc. has not been served in this matter.

2.     12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

3.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant knew or should have known of his or her

cause of action more than a year before March 2, 2008 (accounting for all tolled time during the pendency of the class action), rendering all claims prescribed under Louisiana law.

4.    12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as no claimant has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

5.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek attorneys fees under Louisiana state law inasmuch as such claims are precluded.

6.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek punitive damages under federal or Louisiana state law inasmuch as such claims are precluded.

7.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert redhibition/implied warranty claims under Louisiana law, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

8.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Louisiana law, inasmuch as such claims are precluded.

9.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the named defendants, inasmuch as Louisiana law precludes such reapportionment of fault.

10.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that any of Plaintiffs' claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

11.    12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by the provisions of the Louisiana Products Liability Act to the extent it is established that any named plaintiff did not use a product manufactured by Gulf Stream Coach, Inc.

12.    12(b)(6) - Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are duplicative to the extent it is established that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

XI.    *Geraldine Boatner, et al v. Gulf Stream Coach, Inc., et al.*, originally filed in the United States District Court for the Eastern District of Louisiana, under civil action number 09-2965.

1.     12(b)(5) - Insufficiency of Service of Process inasmuch as Gulf Stream Coach, Inc. has not been served in this matter.

2.     12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

3.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant knew or should have known of his or her cause of action more than a year before March 2, 2009 (accounting for all tolled time during the pendency of the class action), rendering all claims prescribed under Louisiana law.

4.     12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as no claimant has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

5.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek attorneys fees under Louisiana state law inasmuch as such claims are precluded.

6.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek punitive damages under federal or Louisiana state law inasmuch as such claims are precluded.

7.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert redhibition/implied warranty claims under Louisiana law, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

8.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Louisiana law, inasmuch as such claims are precluded.

9.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the named defendants, inasmuch as Louisiana law precludes such reapportionment of fault.

10.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that any of Plaintiffs' claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

11.    12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by the provisions of the Louisiana Products Liability Act to the extent it is established that any named plaintiff did not use a product manufactured by Gulf Stream Coach, Inc.

12.    12(b)(6) - Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are duplicative to the extent it is established that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

XII.    *Kenneth Bourgeois, et al v. Gulf Stream Coach, Inc., et al.*, originally filed in the United States District Court for the Eastern District of Louisiana, under civil action number 09-2973.

1.    12(b)(5) - Insufficiency of Service of Process inasmuch as Gulf Stream Coach, Inc. has not been served in this matter.

2.    12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

3.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant knew or should have known of his or her cause of action more than a year before March 2, 2009 (accounting for all tolled time during the pendency of the class action), rendering all claims prescribed under Louisiana law.

4.    12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as no claimant has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

5.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek attorneys fees under Louisiana state law inasmuch as such claims are precluded.

6.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek punitive damages under federal or Louisiana state law inasmuch as such claims are precluded.

7.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert redhibition/implied warranty claims under Louisiana law, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

8.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Louisiana law, inasmuch as such claims are precluded.

9.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the named defendants, inasmuch as Louisiana law precludes such reapportionment of fault.

10.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that any of Plaintiffs' claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

11.     12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by the provisions of the Louisiana Products Liability Act to the extent it is established that any named plaintiff did not use a product manufactured by Gulf Stream Coach, Inc.

12.     12(b)(6) - Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are duplicative to the extent it is established that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

XIII.   *Tyra Brown, et al v. Gulf Stream Coach, Inc., et al.*, originally filed in the United States District Court for the Southern District of Alabama, under civil action number 09-2951.

1.      12(b)(5) - Insufficiency of Service of Process inasmuch as Gulf Stream Coach, Inc. has not been served in this matter.

2.      12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

3.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant knew or should have known of his or her cause of action more than a year before March 2, 2009 (accounting for all tolled time during the pendency of the class action), rendering all claims prescribed under Louisiana law.

4.      12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as no claimant has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

5.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek attorneys fees under Louisiana state law inasmuch as such claims are precluded.

6.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek punitive damages under federal or Louisiana state law inasmuch as such claims are precluded.

7.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert redhibition/implied warranty claims under Louisiana law, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

8.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Louisiana law, inasmuch as such claims are precluded.

9.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the named defendants, inasmuch as Louisiana law precludes such reapportionment of fault.

10.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that any of Plaintiffs' claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

11.  12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by the provisions of the Louisiana Products Liability Act to the extent it is established that any named plaintiff did not use a product manufactured by Gulf Stream Coach, Inc.

12.  12(b)(6) - Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are duplicative to the extent it is established that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

XIV.  *Carolyn Doiron, et al. v. Gulf Stream Coach, Inc., et al.*, originally filed in the United States District Court for the Eastern District of Louisiana, under civil action number 09-2889.

1.  12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

2.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant knew or should have known of his or her cause of action more than a year before February 27, 2009 (accounting for all tolled time during the pendency of the class action), rendering all claims prescribed under Louisiana law.

3.      12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as no claimant has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

4.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek attorneys fees under Louisiana state law inasmuch as such claims are precluded.

5.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek punitive damages under federal or Louisiana state law inasmuch as such claims are precluded.

6.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert redhibition/implied warranty claims under Louisiana law, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

7.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Louisiana law, inasmuch as such claims are precluded.

8.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the named defendants, inasmuch as Louisiana law precludes such reapportionment of fault.

9.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that any of Plaintiffs' claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

10.     12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by the provisions of the Louisiana Products Liability Act to the extent it is established that any named plaintiff did not use a product manufactured by Gulf Stream Coach, Inc.

11.     12(b)(6) - Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are duplicative to the extent it is established that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

XV.     *Adrian R. Domino, et al v. Gulf Stream Coach, Inc., et al.*, originally pending in the United States District Court for the Eastern District of Louisiana, under civil action number 09-2934.

1.      12(b)(5) - Insufficiency of Service of Process inasmuch as Gulf Stream Coach, Inc. has not been served in this matter.

2.      12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

3.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant knew or should have known of his or her cause of action more than a year before March 2, 2009 (accounting for all tolled time during the pendency of the class action), rendering all claims prescribed under Louisiana law.

4.      12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as no claimant has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

5.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek attorneys fees under Louisiana state law inasmuch as such claims are precluded.

6.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek punitive damages under federal or Louisiana state law inasmuch as such claims are precluded.

7.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert redhibition/implied warranty claims under Louisiana law, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

8.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Louisiana law, inasmuch as such claims are precluded.

9.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the named defendants, inasmuch as Louisiana law precludes such reapportionment of fault.

10.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that any of Plaintiffs' claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

11.     12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by the provisions of the Louisiana Products Liability

Act to the extent it is established that any named plaintiff did not use a product manufactured by Gulf Stream Coach, Inc.

12. 12(b)(6) - Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are duplicative to the extent it is established that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

XVI. *Glenn G. Ferrier, et al v. Gulf Stream Coach, Inc., et al.*, originally filed in the United States District Court for the Eastern District of Louisiana, under civil action number 09-2935.

1. 12(b)(5) - Insufficiency of Service of Process inasmuch as Gulf Stream Coach, Inc. has not been served in this matter.

2. 12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

3. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant knew or should have known of his or her cause of action more than a year before March 2, 2009 (accounting for all tolled time during the pendency of the class action), rendering all claims prescribed under Louisiana law.

4. 12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as no claimant has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

5. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek attorneys fees under Louisiana state law inasmuch as such claims are precluded.

6. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek punitive damages under federal or Louisiana state law inasmuch as such claims are precluded.

7. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert redhibition/implied warranty claims under Louisiana law, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

8. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Louisiana law, inasmuch as such claims are precluded.

9.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the named defendants, inasmuch as Louisiana law precludes such reapportionment of fault.

10.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that any of Plaintiffs' claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

11.     12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by the provisions of the Louisiana Products Liability Act to the extent it is established that any named plaintiff did not use a product manufactured by Gulf Stream Coach, Inc.

12.     12(b)(6) - Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are duplicative to the extent it is established that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

XVII.   *Paul Fountain, et al. v. United States of America, through the Federal Emergency Management Agency, et al.*, originally filed in the United States District Court for the Western District of Louisiana, under civil action number 09-466.

1.      12(b)(5) - Insufficiency of Service of Process inasmuch as Gulf Stream Coach, Inc. has not been served in this matter.

2.      12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

3.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant knew or should have known of his or her cause of action more than a year before March 23, 2009 (accounting for all tolled time during the pendency of the class action), rendering all claims prescribed under Louisiana law.

4.      12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as no claimant has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

5.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek attorneys fees under Louisiana state law inasmuch as such claims are precluded.

6.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek punitive damages under federal or Louisiana state law inasmuch as such claims are precluded.

7.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert redhibition/implied warranty claims under Louisiana law, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

8.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Louisiana law, inasmuch as such claims are precluded.

9.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the named defendants, inasmuch as Louisiana law precludes such reapportionment of fault.

10.   12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that any of Plaintiffs' claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

11.   12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by the provisions of the Louisiana Products Liability Act to the extent it is established that any named plaintiff did not use a product manufactured by Gulf Stream Coach, Inc.

12.   12(b)(6) - Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are duplicative to the extent it is established that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

XVIII. *Drusilla Galloway, et al v. Gulf Stream Coach, Inc., et al.*, originally filed in the United States District Court for the Eastern District of Louisiana, under civil action number 09-2964.

1.    12(b)(5) - Insufficiency of Service of Process inasmuch as Gulf Stream Coach, Inc. has not been served in this matter.

2.    12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

3.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant knew or should have known of his or her cause of action more than a year before March 2, 2009 (accounting for all tolled

time during the pendency of the class action), rendering all claims prescribed under Louisiana law.

4.     12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as no claimant has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

5.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek attorneys fees under Louisiana state law inasmuch as such claims are precluded.

6.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek punitive damages under federal or Louisiana state law inasmuch as such claims are precluded.

7.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert redhibition/implied warranty claims under Louisiana law, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

8.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Louisiana law, inasmuch as such claims are precluded.

9.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the named defendants, inasmuch as Louisiana law precludes such reapportionment of fault.

10.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that any of Plaintiffs' claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

11.     12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by the provisions of the Louisiana Products Liability Act to the extent it is established that any named plaintiff did not use a product manufactured by Gulf Stream Coach, Inc.

12.     12(b)(6) - Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are duplicative to the extent it is established that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

XIX.   *Stephanie Hansen, et al v. Gulf Stream Coach, Inc., et al.*, originally filed in the United States District Court for the Eastern District of Louisiana, under civil action number 09-2910.

1.   12(b)(5) - Insufficiency of Service of Process inasmuch as Gulf Stream Coach, Inc. has not been served in this matter.

2.   12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

3.   12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that Stephanie Hansen knew or should have known of her cause of action more than a year before March 2, 2009 (accounting for all tolled time during the pendency of the class action), rendering all claims prescribed under Louisiana law.

4.   12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as Stephanie Hansen has not specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

5.   12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiff later specifically seeks attorneys fees under Louisiana state law inasmuch as such claims are precluded.

6.   12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiff later specifically seeks punitive damages under federal or Louisiana state law inasmuch as such claims are precluded.

7.   12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiff specifically asserts redhibition/implied warranty claims under Louisiana law, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

8.   12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiff later specifically seeks property damages under Louisiana law, inasmuch as such claims are precluded.

9.   12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiff seeks to impose joint and several and/or solidary liability upon the named defendants, inasmuch as Louisiana law precludes such reapportionment of fault.

10.   12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that any of Plaintiff's claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

11.   12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiff's claims are barred by the provisions of the Louisiana Products Liability

Act to the extent it is established that Stephanie Hansen did not use a product manufactured by Gulf Stream Coach, Inc.

12.     12(b)(6) - Failure to state a claim upon which relief can be granted inasmuch as plaintiff's claims are duplicative to the extent it is established that Stephanie Hansen previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

XX.    *Edna Harrison, et al v. Gulf Stream Coach, Inc., et al*, originally filed in the United States District Court for the Eastern District of Louisiana, under civil action number 09-2908.

1.     12(b)(5) - Insufficiency of Service of Process inasmuch as Gulf Stream Coach, Inc. has not been served in this matter.

2.     12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

3.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant knew or should have known of his or her cause of action more than a year before March 2, 2008 (accounting for all tolled time during the pendency of the class action), rendering all claims prescribed under Louisiana law.

4.     12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as no claimant has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

5.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek attorneys fees under Louisiana state law inasmuch as such claims are precluded.

6.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek punitive damages under federal or Louisiana state law inasmuch as such claims are precluded.

7.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert redhibition/implied warranty claims under Louisiana law, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

8.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Louisiana law, inasmuch as such claims are precluded.

9.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the named defendants, inasmuch as Louisiana law precludes such reapportionment of fault.

10.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that any of Plaintiffs' claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

11.     12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by the provisions of the Louisiana Products Liability Act to the extent it is established that any named plaintiff did not use a product manufactured by Gulf Stream Coach, Inc.

12.     12(b)(6) - Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are duplicative to the extent it is established that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

XXI.   *Kim Joseph, et al v. Gulf Stream Coach, Inc., et al.*, originally filed in the United States District Court for the Eastern District of Louisiana, under civil action number 09-2943.

1.      12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

2.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant knew or should have known of his or her cause of action more than a year before March 2, 2008 (accounting for all tolled time during the pendency of the class action), rendering all claims prescribed under Louisiana law.

3.      12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as no claimant has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

4.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek attorneys fees under Louisiana state law inasmuch as such claims are precluded.

5.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek punitive damages under federal or Louisiana state law inasmuch as such claims are precluded.

6.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert redhibition/implied warranty claims under

Louisiana law, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

7.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Louisiana law, inasmuch as such claims are precluded.

8.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the named defendants, inasmuch as Louisiana law precludes such reapportionment of fault.

9.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that any of Plaintiffs' claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

10. 12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by the provisions of the Louisiana Products Liability Act to the extent it is established that any named plaintiff did not use a product manufactured by Gulf Stream Coach, Inc.

11. 12(b)(6) - Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are duplicative to the extent it is established that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

XXII. *Verna Major, et al v. Gulf Stream Coach, Inc., et al.*, originally filed in the United States District Court for the Eastern District of Louisiana, under civil action number 09-2949.

1.  12(b)(5) - Insufficiency of Service of Process inasmuch as Gulf Stream Coach, Inc. has not been served in this matter.

2.  12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

3.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that Verna Major knew or should have known of her cause of action more than a year before March 2, 2009 (accounting for all tolled time during the pendency of the class action), rendering all claims prescribed under Louisiana law.

4.  12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as Verna Major has not specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

5.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiff later specifically seeks attorneys fees under Louisiana state law inasmuch as such claims are precluded.

6.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiff later specifically seeks punitive damages under federal or Louisiana state law inasmuch as such claims are precluded.

7.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiff specifically asserts redhibition/implied warranty claims under Louisiana law, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

8.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiff later specifically seeks property damages under Louisiana law, inasmuch as such claims are precluded.

9.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiff seeks to impose joint and several and/or solidary liability upon the named defendants, inasmuch as Louisiana law precludes such reapportionment of fault.

10.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that any of Plaintiff's claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

11.     12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiff's claims are barred by the provisions of the Louisiana Products Liability Act to the extent it is established that Verna Major did not use a product manufactured by Gulf Stream Coach, Inc.

12.     12(b)(6) - Failure to state a claim upon which relief can be granted inasmuch as plaintiff's claims are duplicative to the extent it is established that Verna Major previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

XXIII.  *Stephanie A. Pizani v. Gulf Stream Coach, Inc., et al.*, originally filed in the United States District Court for the Eastern District of Louisiana, under civil action number 09-2944.

1.      12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

2.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that Stephanie A. Pizani knew or should have known of her cause of action more than a year before March 2, 2009 (accounting for all tolled

time during the pendency of the class action), rendering all claims prescribed under Louisiana law.

3.    12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as Stephanie A. Pizani has not specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

4.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiff later specifically seeks attorneys fees under Louisiana state law inasmuch as such claims are precluded.

5.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiff later specifically seeks punitive damages under federal or Louisiana state law inasmuch as such claims are precluded.

6.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiff specifically asserts redhibition/implied warranty claims under Louisiana law, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

7.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiff later specifically seeks property damages under Louisiana law, inasmuch as such claims are precluded.

8.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiff seeks to impose joint and several and/or solidary liability upon the named defendants, inasmuch as Louisiana law precludes such reapportionment of fault.

9.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that any of Plaintiff's claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

10.    12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiff's claims are barred by the provisions of the Louisiana Products Liability Act to the extent it is established that Stephanie A. Pizani did not use a product manufactured by Gulf Stream Coach, Inc.

11.    12(b)(6) - Failure to state a claim upon which relief can be granted inasmuch as plaintiff's claims are duplicative to the extent it is established that Stephanie A. Pizani previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

XXIV. *Carolyn Robinson, et al v. Gulf Stream Coach, Inc., et al.*, originally filed in the United States District Court for the Southern District of Mississippi, under civil action number 09-2940.

1. 12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

2. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant knew or should have known of his or her cause of action more than a year before March 2, 2008 (accounting for all tolled time during the pendency of the class action), rendering all claims prescribed under Louisiana law.

3. 12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as no claimant has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

4. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek attorneys fees under Louisiana state law inasmuch as such claims are precluded.

5. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek punitive damages under federal or Louisiana state law inasmuch as such claims are precluded.

6. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert redhibition/implied warranty claims under Louisiana law, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

7. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Louisiana law, inasmuch as such claims are precluded.

8. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the named defendants, inasmuch as Louisiana law precludes such reapportionment of fault.

9. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that any of Plaintiffs' claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

10. 12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by the provisions of the Louisiana Products Liability Act to the extent it is established that any named plaintiff did not use a product manufactured by Gulf Stream Coach, Inc.

11.     12(b)(6) - Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are duplicative to the extent it is established that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

XXV.   *Carrie Sapp, et al v. Gulf Stream Coach, Inc., et al.*, originally filed in the United States District Court for the Western District of Louisiana, under civil action number 09-2942.

1.     12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

2.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant knew or should have known of his or her cause of action more than a year before March 2, 2009 (accounting for all tolled time during the pendency of the class action), rendering all claims prescribed under Louisiana law.

3.     12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as no claimant has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

4.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek attorneys fees under Louisiana state law inasmuch as such claims are precluded.

5.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek punitive damages under federal or Louisiana state law inasmuch as such claims are precluded.

6.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert redhibition/implied warranty claims under Louisiana law, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

7.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Louisiana law, inasmuch as such claims are precluded.

8.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the named defendants, inasmuch as Louisiana law precludes such reapportionment of fault.

9.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that any of Plaintiffs' claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

10.     12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by the provisions of the Louisiana Products Liability Act to the extent it is established that any named plaintiff did not use a product manufactured by Gulf Stream Coach, Inc.

11.     12(b)(6) - Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are duplicative to the extent it is established that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

XXVI.   *Angela Sullivan, et al v. Gulf Stream Coach, Inc., et al.*, originally filed in the United States District Court for the Eastern District of Louisiana, under civil action number 09-2915.

1.      12(b)(5) - Insufficiency of Service of Process inasmuch as Gulf Stream Coach, Inc. has not been served in this matter.

2.      12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

3.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant knew or should have known of his or her cause of action more than a year before March 2, 2009 (accounting for all tolled time during the pendency of the class action), rendering all claims prescribed under Louisiana law.

4.      12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as no claimant has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

5.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek attorneys fees under Louisiana state law inasmuch as such claims are precluded.

6.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek punitive damages under federal or Louisiana state law inasmuch as such claims are precluded.

7.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert redhibition/implied warranty claims under

Louisiana law, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

8.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Louisiana law, inasmuch as such claims are precluded.

9.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the named defendants, inasmuch as Louisiana law precludes such reapportionment of fault.

10.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that any of Plaintiffs' claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

11.  12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by the provisions of the Louisiana Products Liability Act to the extent it is established that any named plaintiff did not use a product manufactured by Gulf Stream Coach, Inc.

12.  12(b)(6) - Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are duplicative to the extent it is established that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

XXVII. *Allen Trosclair, et al v. Gulf Stream Coach, Inc., et al.*, originally filed in the United States District Court for the Eastern District of Louisiana, under civil action number 09-2933.

1.  12(b)(5) - Insufficiency of Service of Process inasmuch as Gulf Stream Coach, Inc. has not been served in this matter.

2.  12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

3.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant knew or should have known of his or her cause of action more than a year before March 2, 2008 (accounting for all tolled time during the pendency of the class action), rendering all claims prescribed under Louisiana law.

4.  12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as no claimant has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

5.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek attorneys fees under Louisiana state law inasmuch as such claims are precluded.

6.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek punitive damages under federal or Louisiana state law inasmuch as such claims are precluded.

7.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert redhibition/implied warranty claims under Louisiana law, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

8.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Louisiana law, inasmuch as such claims are precluded.

9.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the named defendants, inasmuch as Louisiana law precludes such reapportionment of fault.

10.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that any of Plaintiffs' claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

11.     12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by the provisions of the Louisiana Products Liability Act to the extent it is established that any named plaintiff did not use a product manufactured by Gulf Stream Coach, Inc.

12.     12(b)(6) - Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are duplicative to the extent it is established that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

XXVIII. *Hattie Wagner, et al v. Gulf Stream Coach, Inc., et al.*, originally filed in the United States District Court for the Eastern District of Louisiana, under civil action number 09-2916.

1.      12(b)(5) - Insufficiency of Service of Process inasmuch as Gulf Stream Coach, Inc. has not been served in this matter.

2.      12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

3.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that Hattie Wagner knew or should have known of her cause of action more than a year before March 2, 2009 (accounting for all tolled time during the pendency of the class action), rendering all claims prescribed under Louisiana law.

4.      12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as Hattie Wagner has not specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

5.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiff later specifically seeks attorneys fees under Louisiana state law inasmuch as such claims are precluded.

6.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiff later specifically seeks punitive damages under federal or Louisiana state law inasmuch as such claims are precluded.

7.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiff specifically asserts redhibition/implied warranty claims under Louisiana law, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

8.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiff later specifically seeks property damages under Louisiana law, inasmuch as such claims are precluded.

9.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiff seeks to impose joint and several and/or solidary liability upon the named defendants, inasmuch as Louisiana law precludes such reapportionment of fault.

10.     12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that any of Plaintiff's claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

11.     12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiff's claims are barred by the provisions of the Louisiana Products Liability Act to the extent it is established that Hattie Wagner did not use a product manufactured by Gulf Stream Coach, Inc.

12.     12(b)(6) - Failure to state a claim upon which relief can be granted inasmuch as plaintiff's claims are duplicative to the extent it is established that Hattie Wagner previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

Respectfully submitted:

**SCANDURRO & LAYRISSON**

s/Timothy D. Scandurro
_____
Timothy D. Scandurro #18424
Dewey M. Scandurro #23291
607 St. Charles Avenue
New Orleans, LA 70130
Telephone: (504) 522-7100
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

**and**

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK (#18495)**
**JOSEPH G. GLASS (#25397)**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
andreww@duplass.com
jglass@duplass.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 14th day of April, 2009, a copy of the foregoing Supplemental

Federal Rule of Civil Procedure Rule 12(b) Preservation List on Behalf of Gulf Stream Coach,

Inc. was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this

file will be sent to all known counsel of record by operation of the court's electronic filing

system.

s/Andrew D. Weinstock

_____

ANDREW D. WEINSTOCK #18495
andreww@duplass.com
