UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                    MDL NO. 07-1873
        FORMALDEHYDE PRODUCTS
        LIABILITY LITIGATION
                                                       SECTION "N"  (5)


THIS DOCUMENT RELATES TO
ALL CASES

## PRETRIAL ORDER NO.  36

Considering the denial of class certification by this Court (R. Doc. 1014), this Order

reflects the agreement to date between the parties with respect to case management issues

governing all post-class certification hearing proceedings in this matter and amends Pre Trial

Order No. 2 (R. Doc. 87).  Several issues remain under discussion between the parties.  The

Court anticipates that additional and supplemental Orders will be entered herein as the parties

confer on a number of outstanding provisions.  Considering the foregoing, it is hereby

**ORDERED**:

I.      **PLEADINGS**

        A.      **Underlying Cases**

        In order for claims to be subject to and governed by this PTO No. 36, they must be set

forth (a) in underlying cases filed as of the time of this Pretrial Order, (b) by timely amendments

to such existing cases, or (c) by the filing of new cases.  All such proposed amendments and new

filings must occur by August 1, 2009.

The Manufacturer Defendants before the Court as of the date of this Order agree to accept service of process of any supplements and/or amendments to complaints filed and served prior to this PTO No. 36 (without, however, waiving any objections to personal jurisdiction), by having a copy of the supplements and/or amendments mailed by regular mail to Defendants' Liaison Counsel.

The deadlines set forth in this subsection are inapplicable to the defendants in the Non-Litigation Track.  The deadlines contained in Pretrial Order Number 24 (R. Doc. 2002) remain in effect as to the Non-Litigation Track defendants.

> **B.      Dispositive Motion Practice and Assertion of Defenses**
>
> **1.      Underlying Cases**

Pursuant to established procedure, any Defendant seeking to preserve any motions to dismiss under Rule 12 of the Federal Rules of Civil Procedure [FRCP] concerning any or all portions of any underlying case subject to this PTO No. 36, including any such case as supplemented and/or amended, shall file a Preservation List within sixty (60) days after service of the new underlying case in question, or service of any supplement or amendment to any existing case.  Nothing herein shall preclude a defendant from filing dispositive motions predicated on discovery in an individual, underlying case, or from filing appropriate amendments or supplements to a Preservation List.  Furthermore, nothing herein is intended to prevent subject matter jurisdiction from being addressed by the Court at any time.

The United States has filed a Notice of Amended Defenses [R. Doc. 1115].  This listing of defenses applies, including defenses that are presented pursuant to Fed. R. Civ. P. 12, to all

2

underlying Complaints that the United States has been required to respond to and it is also deemed to apply, sixty (60) days after service is completed in compliance with Fed. R. Civ. P. 4(i), to any newly filed Complaints naming the United States as a Defendant and any action that is Amended to add the United States as a Defendant. Nothing herein shall preclude the United States from filing dispositive motions predicated on either general discovery or discovery in an individual, underlying case, or from filing appropriate amendments or supplements to its Notice of Amended Defenses [R. Doc. 1115].

The deadlines set forth in this subsection are inapplicable to the defendants in the Non-Litigation Track. The deadlines contained in Pretrial Order Number 24 (R. Doc. 2002) remain in effect as to the Non-Litigation Track defendants.

### C.   Master Complaint

The PSC shall amend the Master Complaint no later than August 31, 2009, i.e., 30 days after the August 1, 2009 deadline for the filing of, or supplements and amendments to, all underlying cases which will be subject to and governed by this PTO. The purpose of this amendment will be to present through the Master Complaint a procedural vehicle for the disposition of common issues.

Should any Defendant decide to file a motion to dismiss under FRCP 12(b) concerning any or all portions of the Administrative Master Complaint as supplemented and/or amended, any such motion shall be filed and served within sixty (60) days after Plaintiffs serve on the Defendants their supplement and/or amendment to the Administrative Master Complaint. This provision does not preclude the filing of other Rule 12 motions or other dispositive motions at other times, as appropriate, pursuant to further Orders of the Court; nor is anything herein

3

intended to preclude a Defendant from filing Rule 12 motions predicated on discovery as to issues raised in the Master Complaint.  Plaintiffs' responses to any Rule 12(b) motion shall be filed and served thirty (30) days thereafter, and Defendants' replies (if any) shall be filed and served ten (10) days thereafter.

The deadlines set forth in this subsection are inapplicable to the defendants in the Non-Litigation Track.  The deadlines contained in Pretrial Order Number 24 (R. Doc. 2002) remain in effect as to the Non-Litigation Track defendants.

### D.    Oral Argument on Fed. R. Civ. P. 12(b) Motions

After the filing of all briefs for any such Rule 12(b) motions, the Court, upon the request of any party, may schedule an oral argument on such motions.

### E.    Master Answer

To the extent a Defendant does not file a Rule 12(b) motion, such Defendant's Master Answer shall be filed and served within sixty (60) days after Plaintiffs serve on Defendants a supplement and/or amendment to the Administrative Master Complaint.  If a Defendant does file a Rule 12(b) motion, such Defendant shall file and serve a Master Answer to the Master Complaint, as supplemented and/or amended, (to the extent not dismissed) within twenty (20) days after the Court issues the last of its Orders resolving all Rule 12(b) motions.  The Master Answer shall constitute an answer in each action now pending or subsequently added to this proceeding.  To the extent they have not already done so, Defendants shall not file answers in any action involved in this proceeding other than their respective answers to the supplement and/or amendment to the Administrative Master Complaint.

Any and all affirmative defenses shall be set forth in the Master Answer to the

supplement and/or amendment to the Administrative Master Complaint.  No amendments to the

Master Answer to the supplement and/or amendment to the Administrative Master Complaint

will be permitted except by leave of court; any amendments to the Master Answer will be

governed by the Federal Rules of Civil Procedure.   The deadlines set forth in this subsection are

inapplicable to the defendants in the Non-Litigation Track.  The deadlines contained in Pretrial

Order Number 24 (R. Doc. 2002) remain in effect as to the Non-Litigation Track defendants.

       **F.**      **Third-Party Claims**

Except for the individual trial schedules applicable to selected bellwether cases, any

third-party claims by any party must be filed by September 30, 2009.  No subsequent third-party

claims will be allowed after this date, other than as provided for by FRCP 14.

The deadlines set forth in this subsection are inapplicable to the defendants in the

Non-Litigation Track.  The deadlines contained in Pretrial Order Number 24 (R. Doc. 2002)

remain in effect as to the Non-Litigation Track defendants.

**II.**      **GENERAL DISCOVERY RULES**

       **A.**      **Applicability of Rules**

Except as otherwise provided in this Order, the FRCP and the Local Rules of this Court

generally will govern discovery in these proceedings.  However, the Court specifically notes that

the provisions of this Order obviate (1) any applicable specifications on timing and sequencing

of discovery set forth in FRCP 26(d), and (2) any applicable obligation of any party to this

proceeding to comply with the conference and planning requirements of FRCP 26(f) and Local

Rules 26.4E and 26.4M.

    **B.**      **Depositions**

All depositions of fact and expert witnesses taken for use or reference in a bellwether trial shall be completed by the discovery deadline for the specific trial setting applicable to that case.

Any deponent deposed for any purpose, excluding expert witnesses who issue supplemental reports, will be subject to examination only once for the purposes of this MDL proceeding.  Any subsequent examinations of a previously-deposed deponent, excluding expert witnesses who issue supplemental reports, will be allowed only by agreement of the parties or upon good cause shown to the Court.

Unless agreed to otherwise by the parties herein, the Manufacturing Defendant's counsel for the manufacturer of the EHU in which the Plaintiff resided will conduct the initial questioning in any deposition of a Plaintiff.  If a Plaintiff resided in or used more than one manufacturer's EHU, counsel for the manufacturer of the EHU used for the greatest amount of time shall conduct the initial questioning in the deposition of the Plaintiff, unless otherwise agreed to by the parties.  Consistent with FRCP 30(d)(1), a Plaintiff's deposition shall be limited to seven (7) hours of testimony.  Nothing in this Order precludes the parties from adjusting by agreement the allotted time for questioning or how it is apportioned.

Unless agreed to otherwise by the parties herein, consistent with FRCP 30(d)(1) any deposition of a Manufacturing Defendant's fact witness shall be limited to seven (7) hours of testimony.  Nothing in this Order precludes the parties from adjusting by agreement the allotted time for questioning or how it is apportioned.

Unless agreed to otherwise by the parties herein, consistent with FRCP 30(d)(1) any

deposition of a Contractor Defendant's fact witness shall be limited to seven (7) hours of testimony.  Nothing in this Order precludes the parties from adjusting by agreement the allotted time for questioning or how it is apportioned.

Unless agreed to otherwise by the parties herein, consistent with FRCP 30(d)(1) any deposition of any federal government  employee or representative of any federal government agency  shall be limited to seven (7) hours of testimony.  Nothing in this Order precludes the parties from adjusting by agreement the allotted time for questioning or how it is apportioned.

The depositions of any fact witnesses not associated with a party shall be subject to limits to be discussed with any legal representatives of such deponents, and any remaining disputes regarding same shall be submitted to the Court for resolution.

### C.      Initial Disclosures

The parties have agreed that in light of the discovery plan set forth herein, the parties are relieved of the responsibility to provide initial disclosures under FRCP 26(a)(1).

### D.      Confidentiality Order

The parties agreed to a Stipulated Protective Order, which was entered by the Court (R. Doc. 714).  This Order relates to the confidentiality of documents and information in this matter.

### E.      Document Depositories

Subject to the provisions of any Confidentiality Order, all documents produced by a Defendant  to the extent practicable will be produced to Defendants' Liaison Counsel, Contactors' Liaison Counsel and Government Counsel in electronic format.  The Plaintiffs' Steering Committee (PSC) shall bear the cost of and administer its own document depository. This production shall not preclude any party from asserting in any action that such documents

are inadmissible at trial, nor shall this provision be construed to supersede or amend any state's law or state court order pertaining to such documents.

Subject to the provisions of any Confidentiality Order, all documents produced by Plaintiffs to the extent practicable will be produced to the Defendants' Liaison Counsel, Contractors' Liaison Counsel, and Government Counsel in electronic format.  The Defendants' Steering Committee (DSC) shall bear the cost of and administer its own document depository. This production shall not preclude any party from asserting in any action that such documents are inadmissible at trial, nor shall this provision be construed to supersede or amend any state's law or state court order pertaining to such documents.

Subject to the provisions of any Confidentiality Order, any party who issues a Fed. R. Civ. P. 45 subpoena to a non-party entity will produce a copy of all documents and materials produced in response to the subpoena to Liaison and Government Counsel within thirty (30) days of production of the documents and materials from the non-party entity.  The party issuing the subpoena is responsible for ensuring that each document produced in response to the subpoena is assigned a unique Bates Number prior to producing the document and materials to Liaison and Government Counsel.

### F.       Identification of Documents

The parties shall develop and use a system for identifying, by unique number or symbol, each document produced or referred to during the course of litigation.  Each producing party shall give each page of every document it produces a unique number, using a consistent numbering system that identifies the producing party (using a letter or series of letters as a prefix).  All reasonable efforts should be made to avoid having the same page assigned more

than one identifying number except when there is a need to account for different copies of the same document or page (for example, because of special notations being placed on the document).

NEW ORLEANS, LOUISIANA, this 29th day of April, 2009.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**