UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION "N"  (5) |

THIS DOCUMENT RELATES TO
ALL CASES

## PRETRIAL ORDER NO. 37

### I.  APPLICABILITY AND SCOPE OF ORDER

The Non-Litigation Track Defendants, as identified in Pretrial Order No. 24, and the PSC have agreed to permit plaintiffs to file complaints directly into this MDL proceeding.  This Order is based upon that agreement and will only apply to complaints that assert claims against the Non-Litigation Track Defendants.  This Order will not apply to complaints that assert claims against the United States.

### II.  DIRECT FILING OF NEW FEDERAL CASES INTO MDL 1873

#### A.  Waiver of Objections to Improper Venue.

In order to eliminate the delays associated with the transfer of cases filed in or removed to other federal district courts into this MDL, and to promote judicial efficiency, all defendants on the Non-Litigation Track, as identified in Pretrial Order No. 24, have stipulated and agreed that they will not assert any objection of improper venue pursuant to Fed. R. Civ. P. 12(b) in any

case filed directly in the Eastern District of Louisiana that would have otherwise been properly transferable to this Multi-District Litigation proceeding and for which original venue would have otherwise been proper in districts outside the Eastern District of Louisiana.  All complaints directly filed into this MDL against these defendants shall specify the proper venue of origin, as defined in 28 U.S.C. §1391.  Upon the completion of all MDL pretrial proceedings applicable to any case directly filed before this Court pursuant to this Order, this Court, pursuant to 28 U.S.C. §1404(a), will, after the completion of this MDL, remand that case for trial to the federal district court of proper venue, as defined in 28 U.S.C. §1391, based on the recommendations of the parties to that case.  The Court intends to proceed in a manner consistent with that understanding.  Nothing herein shall preclude any party from challenging the appropriateness of the venue of the district to which the case is remanded; however, all such challenges shall be made in the district to which the case is remanded.

      **B.**      **Waiver of Right to Assert that Filing in the Eastern District of Louisiana Did Not Interrupt Prescription**

Defendants above have further stipulated and agreed that they will not assert that any complaint filed pursuant to Paragraph II.A. above did not interrupt any unexpired applicable prescriptive or limitation periods for those claims raised in such complaint.  This Order, however, shall not operate to abrogate or waive any defense in cases for which the prescriptive or limitation periods has already expired prior to the filing of a complaint pursuant to Paragraph II.A. above and shall not limit the right of any defendant subject to this Order to assert that any such applicable prescriptive or limitation period expired prior to any filing of any such complaint.  Additionally, the direct filing of any complaint in the MDL where the venue designated in the complaint is found not to have been proper shall not operate to interrupt any

unexpired applicable prescriptive or limitations period.

### C. Limited Purpose of This Stipulation and Order.

All parties understand and acknowledge that the stipulations acknowledged herein are made for the sole and only purpose of allowing cases to be filed originally in the MDL in the most efficient manner possible. Other than the limited effect on venue as referenced in Paragraph II.A. above and the limited effect on the prescriptive and limitation periods as referenced in Paragraph II.B. above, this Order shall not result in any abrogation, waiver, restriction or limitation of any defense or right of any defendant subject to this Order.

Additionally, the stipulations acknowledged herein are made only by, and the Order applies only to, the defendants on the Non-Litigation Track, as identified in Pretrial Order No. 24, and does not apply to any such defendant's insurers, employees or representatives or any other defendant.

Accordingly,

**IT IS ORDERED** that a plaintiff wishing to bring an action in the FEMA Trailer Formaldehyde Product Liability Litigation may now file directly in the Eastern District of Louisiana any such complaint against any defendant on the Non-Litigation Track, as identified in Pretrial Order No. 24, rather than in a federal district court affording initial proper venue.

**IT IS FURTHER ORDERED** that actions filed directly in the Eastern District of Louisiana pursuant to the above, shall not be considered untimely on the basis that the filing in this District has not interrupted any unexpired applicable prescriptive or limitation periods, reserving fully to all defendants on the Non-Litigation Track, as identified in Pretrial Order No. 24, the right to assert that such periods expired prior to the date any such action was filed in this

District or that the applicable prescriptive or limitations period was not tolled due to plaintiffs failure to designate a proper venue in the complaint.

    NEW ORLEANS, LOUISIANA, this 29th day of April, 2009.

                                              **KURT D. ENGELHARDT**
                                              **UNITED STATES DISTRICT JUDGE**