UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                    MDL NO. 07-1873
        FORMALDEHYDE PRODUCTS
        LIABILITY LITIGATION
                                                       SECTION "N" (5)

THIS DOCUMENT RELATES TO
THE ADMINISTRATIVE MASTER
COMPLAINT AND TO ALL CASES

## ORDER AND REASONS

Before the Court is the Newly Added Defendants' Motion to Dismiss Second Supplemental and Amended Master Complaint (Rec. Doc. 747). After reviewing the Administrative Master Complaint ("AMC") (Rec. Doc. 109), the Second Supplemental and Amended Complaints (Rec. Doc. 721; 722), the memoranda of the parties, and the applicable law, the Court denies this motion for the reasons expressed herein.

## DISCUSSION

The Newly Added Defendants make nine separate arguments to support their assertion that Plaintiffs' claims against them should be dismissed, including: lack of standing, improper joinder, failure to state a claim upon which relief can be granted, failure of service of process, insufficiency of service of process, lack of personal jurisdiction, improper venue, inconvenient venue, and last, that Plaintiffs' failure to warn claim under Louisiana law fails as a matter of law. Each of these arguments are addressed herein.

**(1)     Standing**

The Newly-Added Defendants motion to dismiss on this particular ground is denied for

the reasons previously expressed in the Court November 12, 2008 Order and Reasons. (Rec. Doc. 884).

**(2)     Improper joinder**

In the motion, the Newly-Added Defendants complain that Plaintiffs' claims against them are improperly joined with their claims against the original defendants. Since then, however, they have withdrawn this argument and consented to the direct filing of claims against them in the AMC (in cases that do not involve the Government, which does not consent to such direct filings)**.**  (See Rec. Doc. 1387).  Thus, this grounds for dismissal is denied as moot.

**(3)     Additional Grounds for Dismissal**

As additional grounds for dismissal, the Newly-Added Defendants "adopt and join the motion and briefs presented in motions to dismiss the AMC and Amended AMC filed by other Defendants and assert the following additional Rule 12 defenses":  failure to state a claim upon which relief can be granted, failure of service of process, insufficiency of service of process, lack of personal jurisdiction, improper venue, inconvenient venue, and that the failure to warn claim under la. Law fails as a matter of law.  The New ly-Added Defendants do not specifically refer the Court to the motions (by record document number) in to which they request to join.  As the parties know, this is a document-intensive case (with over 1300 record documents filed to date). The parties cannot and should not expect the Court to sort through past motions to determine when these arguments were made.  On the showing made, the Newly–Added Defendants request

to dismiss Plaintiffs' claims on these grounds is denied.[1]

## CONCLUSION

Considering the foregoing, **IT IS ORDERED** that the **Newly Added Defendants' Motion to Dismiss Second Supplemental and Amended Master Complaint (Rec. Doc. 747)** is **DENIED**.

This Court's determination shall apply to all other pending motions that adopt the Newly Added Defendants' Motion to Dismiss Second Supplemental and Amended Master Complaint (Rec. Doc. 747). Accordingly,

**IT IS FURTHER ORDERED** that the **Rule 12(B) Motion to Dismiss (Rec. Doc. 748)**; the **Motion to Dismiss Second Supplemental and Amended Master Complaint Filed by Liberty Homes, Inc., Waverlee Homes, Inc. And Redman Homes, Inc. (Rec. Doc. 756)**; the **Motion to Dismiss Second Supplemental and Amended Master Complaint Filed by Champion Home Builders, Co. And Homes of Merit, Inc. (Rec. Doc. 882)**; **American Homestar Defendants' Joint Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 994)** are **DENIED**.

New Orleans, Louisiana, this 29th day of April, 2009.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court also notes that there are currently no pending motions asserting these grounds. To the extent that motions, which have already been decided, have raised these issues, the Court's determination as to those issues apply across the board for all similarly-situated defendants.