UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL NO. 1873

SECTION "N-5"

JUDGE ENGELHARDT
MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' REQUEST FOR INSPECTION OF TEMPORARY HOUSING UNITS AND PRODUCTION OF INDIVIDUAL ASSISTANCE FILES PROPOUNDED TO THE UNITED STATES OF AMERICA THROUGH THE FEDERAL EMERGENCY MANAGEMENT AGENCY**

**TO:**   Henry Miller, Esq.,
on behalf of The United States of America
through The Federal Emergency Management Agency.

**PLEASE TAKE NOTICE** that Plaintiffs propound the following **Request for Inspection and Production of Individual Assistance Files to The United States of America, through the Federal Emergency Management Agency** pursuant to the Federal Rules of Civil Procedure. You are hereby notified and required to respond to each Request within the delays provided in Federal Rules of Civil Procedure 34(b)(2), and at time, place and manner agreed to by the parties.

## INSTRUCTIONS

1. For each request please state either that inspection or production will be permitted as requested or state an objection to the request, including the reasons.

2. If you object to or cannot respond to a request in full, after exercising due diligence to secure the full information and/or produce the item, please so specify the part you object to or cannot respond to and produce or permit inspection of the rest.

3. If any information is deemed privileged by you, please provide, for each such item, a description of the nature of the information not disclosed in a manner that, without revealing the information itself, will enable the undersigned to assess the applicability of the privilege or protection.

4. For requests referring to policies, practices, criteria, methods, standards, and/or regulations, please include the agency and, when different, the applicable department's policies, practices, criteria, methods, standards, and/or regulations.

7. Please note that the Defendant is under a continuing duty, pursuant to Fed. R. Civ. P. 26(e), to supplement the answers to these Interrogatories upon obtaining subsequent additional information that renders the original answer incorrect or incomplete.

## DEFINITIONS

1. The terms "you," "your," and "yours" shall mean The United States of America through the Federal Emergency Management Agency, as well as all of its subsidiary agencies, parent agencies, sibling agencies, officers, contractors, agents, personnel, representatives, or other persons acting on behalf of, or at the request of The United States of America through the Federal Emergency Management Agency.

2. The term "incident" shall mean the incident or incidents that form the basis of Plaintiffs' Administrative Master Complaint (Doc # 109).

3. The term "document" shall mean any written, recorded, or graphic matter, however produced or reproduced, including photographs. The term "document" shall be interpreted in its customary broad sense and shall include, but is not limited to, the following items: letters of credit; promissory notes; budgets, journals; registers; cancelled checks; accounts; work sheets; books; records; reports; notes; summaries; surveys; estimates; agreements; diaries; calendars; day timers; correspondence; letters; telegrams; e-mails; electronic archives of e-mails (whether deleted or not); voicemail; magnetically or optically recorded documents; archival copies of magnetically or optically recorded

documents; documents that have been logically deleted but not physically erased; the actual media (whether magnetic, optical or other) that have been used to record or forward documents; telexes; memoranda (including intra-governmental memoranda); summaries; notes; records of meetings; records of conferences; records of telephone conversations; records of personal interviews or conversations; drafts of documents; business records; maps; drawings; blueprints; charts; plans; specifications; computer printouts; computer archives (deleted or not); computer tapes; computer disks; CD ROMS; microfilm; microfiches; photographs; slides; negatives; motion pictures; video recordings; audio recordings (including transcription); data compilations from which information can be obtained, or translated into, a reasonably usable form; and any other information containing paper, writing, or physical thing in defendants' actual or constructive possession, custody or control. If any documents were, but are no longer, in defendant's actual or constructive possession, custody, or control, identify the document and state the date and manner of its disposition.

4. The term "identify," when used with respect to a natural person, shall mean that person's full name, present or last known employment, present or last known address, and most recent telephone number or numbers.

5. The term "identify," when used with respect to a document or photographs, shall mean to state the type of document (e.g., lease, memorandum, contract, e-mail, chart, diagram, etc.), its location and custodian, the date the document was created, and the identity of the party or parties whose names appear thereon. You may attach a copy of such document in lieu thereof.

6. The singular of each word herein shall be deemed to include the plural and vice-versa; the term "and" shall be deemed to include "or" and vice-versa; the term "any" shall be construed to include the term "all" and vice-versa; and the term "each" shall be construed to include the term "every" and vice-versa; the present tense shall be construed to include the past tense and vice-versa.

7. The term "defendant" and the term "you" shall be deemed synonymous and shall be deemed to include any and all appropriate agents, servants, employees, attorneys and other representatives of the defendant, expert witness, or any other person who has been retained or has otherwise

been employed by Defendant in connection with this civil action or its underlying subject matter.

8. The term "date" shall mean the day of the month, the month, and the year. If the exact date is not known and is not available, give the approximate date and indicate that it is only approximate.

9. The term "address" shall mean the post office box number, street number, street, city, state or province, country (other than the United States of America), and zip code.

10. The terms "relating," "concerning," and "reflecting" (or any of their forms) shall mean relating to, reflecting, constituting, representing, supporting, contradicting, referring to, relevant to, containing information about, stating, describing, analyzing, learning, embodying, containing, mentioning, studying, recording, discussing, or evaluating whether in opposition to or in support of defendant's allegations, contentions, positions, and claims in this action.

11. The acronym "FEMA" is defined as the Federal Emergency Management Agency, as well as any umbrella or parental federal department encompassing the Federal Emergency Management Agency, such as the United States Department of Homeland Security. The acronym "DHS" is

12. The terms "temporary housing units" or "THUs" are defined as travel trailers and park trailers, and refers to emergency housing units provided by FEMA.

13. The term "formaldehyde" includes formaldehyde and/or formaldehyde-based resins, or formaldehyde in any chemical composition.

14. The term "Individual Assistance File" means files created and maintained by FEMA and/or any other governmental agency for an individual that received housing assistance, necessary expenses, aid and/or any other assistance from FEMA or any other governmental agency following hurricanes Katrina and Rita.

15. The term "inspect" means to permit entry onto designated land or other property possessed or controlled by the responding party so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

## REQUESTS

### REQUEST NO. 1:

Please allow inspection, photographing, video taping, and testing of THUs in your possession that were occupied by Plaintiffs in attached Exhibit A and provided by FEMA following hurricanes Katrina and Rita.

### REQUEST NO. 2:

Please produce the Individual Assistance files created and maintained by FEMA for each Plaintiff in attached Exhibit A.

Respectfully submitted,

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
      GERALD E. MEUNIER, #9471
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone:   504/522-2304
      Facsimile:   504/528-9973
      gmeunier@gainsben.com

      s/Justin I. Woods
      JUSTIN I. WOODS, #24713
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163

        Telephone:  504/522-2304
        Facsimile:   504/528-9973
        jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'**
**STEERING COMMITTEE**
    ANTHONY BUZBEE, Texas # 24001820
    RAUL BENCOMO, #2932
    FRANK D'AMICO, #17519
    MATT MORELAND, #24567
    LINDA NELSON, #9938
    RONNIE PENTON, #10462
    MIKAL C. WATTS, Texas # 20981820

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2009, I electronically mailed the foregoing to Henry Miller, Esq., on behalf of the United States of America, through The Federal Emergency Management Agency.

        s/Justin I. Woods
        JUSTIN I. WOODS, #24713

## **Exhibit A**

1. Alexander, Alana

2. Bell, Diana

3. Cooper, Christopher

4. Jenkins, Jr., Craig,

5. Jenkins, Shalahn

6. Wright, Lyndon