## Amanda W. Vonderhaar

| | |
|---|---|
| **From:** | ANDREW WEINSTOCK [andreww@duplass.com] |
| **Sent:** | Thursday, April 23, 2009 5:06 PM |
| **To:** | a hanegan; Amanda W. Vonderhaar; aileen deegan; Amanda Shelton; ben mayeaux; Carmen motes; carson strickland; CRYSTLE ACCARDO; darrin forte; david bienvenu; Dewey Scandurro; donna uli; ed sledge; Elisa Kodish; Eric Lindstrom; ernie gieger; fran jeblonski; greg Koury; jason bone; jay waller; Jeff M. Burg; Jerry L. Saporito; Jim Carroll; jones Walker; JOSEPH G. GLASS; josh baker; jpercy@joneswalker.com; lamont domingue; larry Feldman; lee bains; lyon garrison; madeleine fischer; Maureen Dreeman; Mike Craddock; Nannie Daigle; randy mulcahy; Rebecca Phalen; Rebeccka Coe; REGINA STANCIL; Richard Hines; robert sheesley; rose ; ryan Johnson; stewart tharp; Taylor Daly; ted Hosp; Timothy Scandurro; tom thagard; wanda lamp; willingham |
| **Subject:** | FW: FEMA - Formaldehyde Litigation |
| **Attachments:** | Testing Protocol - letter to Weinstock and Miller ( 00055578).PDF |

---

**From:** Justin Woods [mailto:jwoods@gainsben.com]
**Sent:** Thursday, April 23, 2009 5:07 PM
**To:** 'Miller, Henry (CIV)'; ANDREW WEINSTOCK; Dinnell, Adam (CIV); Waldron, Jonathan (CIV); dkurtz@bakerdonelson.com
**Cc:** 'Peter Taaffe'; Anthony Buzbee; Mikal C. Watts; robert hilliard; Gerald E. Meunier; Denise Martin; Carroll Lanassa; Linda Nelson; Frank D'Amico Jr; Aaron Ahlquist; Bencomo & Associates; Magan Ennis
**Subject:** FEMA - Formaldehyde Litigation

Henry/Andy,

Attached is the PSC's testing/inspection protocol for the Alexander unit. We anticipate using this same protocol with each additional bellwether unit.

Justin.

---

Justin I. Woods
Gainsburgh, Benjamin, David, Meunier & Warshauer
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
(504) 522 - 2304
(504) 528 - 9973 (facsimile)
www.gainsburghbenjamin.com

CONFIDENTIALITY NOTICE: INFORMATION IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE RECIPIENT(S) NAMED ABOVE This message is sent by or on behalf of a lawyer at the law firm listed above, and is intended only for the use of the individual or entity to whom it is addressed. This message contains information and/or attachments that are privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or is not the employee or agent responsible for delivering this message to the intended recipient, please do not read, copy, use or disclose this communication to others. Please notify us immediately at 504-522-2304 if you receive this message in error, and immediately delete this message and all of its attachments. Thank you.

April 23, 2009

**Via E-mail and Fax**
Henry Miller
Adam Dinnell
US Dept. of Justice, Civil Division
1331 Penn. Ave., NW, Rm. 8220-N
Washington, D.C. 20004

Re:   *In re FEMA Trailer Formaldehyde Products Liability Litigation*, MD-1873, in the Eastern District of Louisiana.
*Age, et al v. Gulfstream Coach, Inc., et al*, 2:2009-CV-02892, in the Eastern District of Louisiana.
Alana Alexander and Christopher Cooper

Henry and Adam:

As you know, the Plaintiffs Steering Committee ("PSC") has requested that your client, the Federal Emergency Management Agency ("FEMA") permit the PSC to inspect and test the travel trailer resided in by Alana Alexander and Christopher Cooper, Gulf Stream Trailer, VIN 1NL1GTR2551021783, FEMA Bar Code Number 1041407 (the "Trailer"). We understand that the Trailer is currently located at a FEMA storage facility in Lottie, Louisiana, Inventory Location: THUWLALOT1 - Lot H.

You have asked the PSC to provide you with a description of what kind of testing the PSC wishes to conduct, what the testing would involve and the duration of the testing would take place. You have asked for this information in order to determine whether FEMA will allow the PSC to do this testing without leave of Court. The PSC's requested testing is as follows:

**I.   General:**

- The testing will be done by employees of the PSC's consultants, with counsel in attendance. We will provide names beforehand.
- These persons may be accompanied and directed to the Trailer by a FEMA employee and these persons will agree not to talk with any persons at the facilities about trailers or any matter that may in any way relate to this MDL action.
- The only unit to be accessed will be the Trailer.
- These persons will not access, seek to access, or inspect any other trailers or portions of the facility.
- The following assumes that a power source will be reasonably close to the trailer. If there will not be one, we need to know so we can make accommodations.
- Estimated times do not include the time it takes to travel from the front gate of the facility to the trailer.
- The requested testing would be done once in May, once in June, and once in July.

**II.     Specific:**

| Action | Estimated Time | Estimated Personnel (not including counsel) |
|---|---|---|
| Prepare, place, and set air sampling devices | .5 hours | 3-5 |
| Conduct air sample tests | 1.0 hours | 0 |
| Conduct outdoor air testing and Temperature and Relative Humidity monitoring | 0.0 hours (will overlap with previous action) | |
| Collect air sampling devices | .5 hours | 3-5 |
| Environmental Walk Through Survey, Photograph, Video of Trailer | 2.0 hours | 3-5 |
| Materials Audit | 3.0 hours | 3-5 |
| Ventilation Testing | 1.5 hours | 3-5 |
| Retrieve passive dosimeters (day 2) | .5 hours | 2 |
| Total | 9.0 hours | 3-5 |

- Air sampling will include the procedures set forth in the the "Evaluation of Formaldehyde Levels in Occupied Federal Emergency Management Agency-Owned Temporary Housing Units" by the Division of Environment Hazards and Health Effects, National Center for Environmental Health, dated December 13, 2007, found at http://www.cdc.gov/nceh/ehhe/trailerstudy/pdfs/Protocol%20Formaldehyde.pdf ("NCEH Study") and include at least one Formaldehyde Sample Collection per NIOSH 2016 or utilizing OSHA Formaldehyde Method 1007 Diffusive Samplers, Assay Technology, Inc., SKC Formaldehyde Sampling Badges, NIOSH 2539 Formaldehyde Sampling Method, NIOSH 2541 Formaldehyde Active Sampling, or OSHA Formaldehyde Method 52 Active Sampling, and at least one Temperature and Relative Humidity Sample Collection.

- If we do not elect to use passive dosimeters, we will not need to return to the location on day 2.

- The Environmental Walkthrough Survey will be conducted generally following the sampling protocol set out in the NCEH Study.  It will also include examination of the trailer's ventilation systems.

Deleted:

- Measurements of the Trailer/Material Audit will be conducted according to procedures outlined in the "Aldehyde And Other Volatile Organic Chemical Emissions In Four FEMA Temporary Housing Units – Final Report," by LBNL's Randy Maddalena, Marion Russell, Douglas P. Sullivan, and Michael G. Apte, Environmental Energy Technologies Division, November 2008 available at http://www.cdc.gov/nceh/ehhe/trailerstudy/pdfs/LBNL-254E.pdf ("LBNL Report") study, including measurements of each surface material, component part and opening in the trailer.

- Ventilation testing will be done according to either: (1) "Measurement of Steady-State Ventilation Rates", as discussed in the LBNL Study; or (2) ASTM E1827 - 96(2007), Standard Test Methods for Determining Airtightness of Buildings Using an Orifice Blower Door.

- Upon completion of the testing set out above, we will cut representative surface materials (approximately 12 cm v. 12 cm per sample) from the trailer. The samples will be tested according to the procedures set out in the LBNL study or ASTM E1333-96 (2002) or a relevant applicable recognized standard.

Please advise if FEMA will permit the PSC to test the trailer according to this protocol. We appreciate your attention to this request.

Yours very truly,


Gerald E. Meunier
Justin I. Woods
Plaintiffs' Steering Committee


cc:     Andrew Weinstock
        Charles Penot
        Michael David Kurtz
        Members of Plaintiffs' Steering Committee