UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br>SECTION N-5<br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

THIS DOCUMENT IS RELATED TO:

AGE, et al. v. GULFSTREAM COACH, INC., et al. [Case No. 09-2892]
BELL, et al. v. KEYSTONE RV COMPANY, et al. [Case No. 09-2967]
CRAWFORD, et al. v. FLEETWOOD ENTERPRISES, INC., et al. [Case No. 09-2893]
WRIGHT, et al. v. FOREST RIVER, INC., et al. [Case No. 09-2977]

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**DEFENDANT UNITED STATES OF AMERICA'S MEMORANDUM
IN SUPPORT OF MOTION TO STRIKE JURY TRIAL REQUEST**

The United States of America ("United States") hereby moves to strike the jury demand against it in the four bellwether cases, captioned above, and requests that a jury not be involved in any manner in determining its liability. The Plaintiffs in each of these cases have made a jury demand. *See* Age (Alexander) Complaint at 32 [Case No. 09-2892]; Bell Complaint at 31 [Case No. 09-2967]; Crawford (Jenkins) Complaint at 32 [Case No. 09-2893]; Wright Complaint at 31 [Case No. 09-2977].

## ARGUMENT

**I.   Allowing A Jury To Play Any Role In Determining The Liability Of The United States Contravenes The Limited Waiver Of Sovereign Immunity In The Federal Tort Claims Act (FTCA).**

The Seventh Amendment right to trial by jury does not apply in actions brought against the federal government unless Congress has extended the jury trial right by applicable legislation. *See Lehman v. Nakshian*, 453 U.S. 156, 171, n.2, 175 (1981). In this case, the

Federal Tort Claims Act ("FTCA") 28 U.S.C. § 1346(b)(1), 2671-80, expressly precludes the jury trial right and requires that the case be adjudicated by a federal district court judge. Clearly, one of the conditions of the limited waiver of the United States' sovereign immunity from suit is the requirement that any FTCA action against the United States "shall be tried by the court *without a jury* . . . ." 28 U.S.C. § 2402 (emphasis added).

As a statute waiving the sovereign immunity of the United States, the FTCA must be construed strictly in a manner that gives effect to congressional intent. *Smith v. United States*, 507 U.S. 197, 203 (1993) (stating "'we should not take it upon ourselves to extend the waiver beyond that which Congress intended . . . [nor] should we assume the authority to narrow the waiver that Congress intended'") (quoting *United States v. Kubrick*, 444 U.S. 111, 117-118 (1979)). A court can only conclude that Congress intended to waive sovereign immunity when there is clear congressional intent considering "the plain import of the statutory language." *See United States v. Muniz*, 374 U.S. 150, 158 (1963). The intent of Congress relating to tort claims against the United States is clearly expressed in the FTCA's mandate that tort actions against the United States "shall be tried by the court without a jury." 28 U.S.C. § 2402. This was clearly one of the conditions that Congress intended for the waiver of the government's sovereign immunity to tort suit in the FTCA. *See* Section II *infra*.

The United States Supreme Court has recognized the absolute nature of this limitation. In *Carlson v. Green*, 446 U.S. 14, 22 (1980), the Court unequivocally stated that "a plaintiff cannot opt for a jury in an FTCA action . . . ." *See also United States v. Neustadt*, 366 U.S. 696, 701, n.10 (1961) (stating that "[t]here is no right to a jury trial under the Tort Claims Act."); *Nurse v. United States*, 226 F.3d 996, 1005 (9th Cir. 2000) (finding jury trials impermissible for

FTCA actions); *Engle v. Mecke*, 24 F.3d 133, 135 (10th Cir. 1994) (stating that "FTCA claims may not be tried to a jury").

## II.     Use Of An Advisory Jury Would Defeat The Purpose Of The Congressional Prohibition On Jury Trials For FTCA Actions.

Moreover, if the Court were to use an "advisory" jury for the claims against the United States it would defeat the purpose of the FTCA's mandate and congressional intent that a court sit without a jury whenever it hears a tort action against the United States. *See generally* Matthew L. Zabel, *Advisory Juries and Their Use and Misuse in Federal Tort Claims Act Cases*, 2003 B.Y.U. L. Rev. 185, 197-207. Congress debated and ultimately refused to permit the use of juries in determining the government's tort liability for a variety of reasons. *Id.* at 204-07. The legislative history shows that Congress chose bench trials over jury trials because juries would have difficulty viewing the United States as any other defendant; Congress feared that juries would instead look at the United States as the defendant with the deepest pocket. *Id.* at 205-06. For example, one Congressman stated:

> There are advantages in trial before the court without a jury . . . inasmuch as the Government is the defendant and the money comes out of the Treasury, the juries will decide cases with their hearts rather than their heads, just as they do when an insurance company is the defendant, so the awards in jury trials would probably be much larger, in view of the sympathy the jurors might have, than they would be in trials before the court. If these cases are to be tried by the Federal courts, they should be court trials rather than jury trials, in my opinion.

92 Cong. Rec. 10,092 (July 25, 1946) (statement of Rep. Scrivner).[1]

---

[1]     In other contexts as well, Congress has expressed a concern that juries "might tend to be overly generous because of the virtually unlimited ability of the Government to pay the verdict." H.R. Rep. No. 659, 83d Cong., 1st Sess., 3 (1953).

In an early case that posed the question of whether an advisory jury could be used in an FTCA case, the court held that 28 U.S.C § 2402 indicated clear congressional intent that no jury of any kind be used in FTCA actions. *Honeycutt v. United States*, 19 F.R.D. 229, 230-31 (W.D. La. 1956). Many other courts have decided against the use of an advisory jury in FTCA cases. *See Vincoy v. United States*, 1998 WL 1668877, at *3 (D.N.M. Dec. 28, 1998) (declining use of advisory jury because it "does not lessen [the] responsibility for deciding the Federal Tort Claims Act issues"); *In re Air Crash Disaster at Metro. Airport, Detroit*, 619 F. Supp. 13, 17 (E.D. Mich. 1984) (after detailed analysis, declining to exercise discretion to use an advisory jury because "the use of advisory juries in F.T.C.A. cases creates more problems than it solves"), *aff'd mem.*, 782 F.2d 1041 (6th Cir. 1985); *Texasgulf Inc. v. Colt Elecs. Co.*, 615 F. Supp. 648, 659 (S.D.N.Y. 1984) (rejecting requested use of advisory jury in multiple defendant case because if the jury agrees with the court, its opinion "is of little use," and if the jury's verdict differs from that of the court, "it would be impossible to give effect to it"); *Wright v. United States*, 80 F.R.D. 478, 479-80 (D. Mont. 1978) (exercising discretion not to use an advisory jury because "if the verdict were consistent with [the judge's] views, it would be of no assistance, and were it contrary, [the judge] would not know what effect to give it"). *See also Latz v. Gallagher*, 562 F. Supp. 690, 693 (W.D. Mich. 1983) (finding that because the waiver of sovereign immunity in the National Flood Insurance Act "must be strictly construed," the Act "precludes even an advisory jury as to the federal defendant").

In addition, the United States Supreme Court has pronounced its confidence that a district court, determining the government's liability itself without a jury's assistance as required by 28 U.S.C. § 2402, is "able to dispose of [FTCA] complaints intelligently . . . ." Zabel, *Advisory Juries*, 2003 B.Y.U. L. Rev. at 189 (quoting *United States v. Muniz*, 374 U.S. 150, 163 (1963)

(concerning prisoners' FTCA actions arising from alleged negligence of government employees)).  For all of these reasons, even as an exercise of discretion, this Court should not allow an advisory jury to participate in or influence the adjudication of the Plaintiffs' claims against the United States.

Furthermore, Fed. R. Civ. P. 39(c), which permits advisory juries in some contexts,[2] cannot be read to permit an advisory jury on claims against the United States under the FTCA.  It is well-established that specific and precise provisions of a statute control over more general rules or regulations.  A conclusion that Rule 39(c) authorizes the use of advisory juries in suits against the United States would conflict with the plain language of 28 U.S.C. § 2402.  In particular, in *Honeycutt v. United States*, the court found that while Federal Rule of Civil Procedure 39(c) authorizes trial of any issue with an advisory jury, it also precludes advisory juries in actions against the United States where a particular statute expressly provides for trial without a jury.  19 F.R.D. at 230 & n.1 (citing 5 *Moore's Federal Practice* 726, ¶ 39.11).  The court found that it was "not vested with discretion" to use an advisory jury for an FTCA action because the statute specifically provides for trial without a jury.  19 F.R.D. at 230.  The Court reasoned that in stating that an FTCA action "'***shall*** be tried ***by the court without a jury***'. . .

---

[2]  Rule 39(c) states, in pertinent part:

> In an action not triable of right by a jury, the court, on motion or on its own:
>
> **(1)** may try any issue with an advisory jury; or
>
> **(2)** may, with the parties' consent, try any issue by a jury whose verdict has the same effect as if a jury trial had been a matter of right, unless the action is against the United States and a federal statute provides for a nonjury trial.

Congress made this provision mandatory, not permissive, and intended that no jury of any kind be used in such cases." 19 F.R.D. at 230-31 (quoting 28 U.S.C. § 2401; emphasis of court).

There is no binding precedent from the Fifth Circuit which requires use of an advisory jury in FTCA cases or which even authorizes the use of an advisory jury in an FTCA case under Rule 39. To the contrary, the United States Court of Appeals for the Fifth Circuit has stated that pursuant to the statutory authority of 28 U.S.C. § 2402, in actions in which the United States is defending claims against its employees -- which would include all FTCA actions -- trial is to be had "in a United States District Court and is ***without a jury***." *United States v. Myers*, 363 F.2d 615, 620, n.8 (5th Cir. 1966) (emphasis added).

Additionally, federal court jurisdiction is limited and it cannot be expanded contrary to congressional intent. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). Using an advisory jury under Fed. R. Civ. P. 39(c) as to the Plaintiffs' claims against the United States -- when the FTCA specifically requires a case to be tried to a "court without a jury" as one of the jurisdictional conditions to the waiver of sovereign immunity -- would contravene Fed. R. Civ. P. 82, which states that the Federal Rules of Civil Procedure "do not extend or limit the jurisdiction of the district courts." Fed. R. Civ. P. 82. *See also* Zabel*, Advisory Juries*, 2003 B.Y.U. L. Rev. at 197. Indeed, the United States Supreme Court has emphasized that the waiver of the sovereign immunity of the United States is contingent upon the plaintiff surrendering his or her claim to a jury trial:

> When Congress has waived the sovereign immunity of the United States, it has almost always conditioned that waiver upon a plaintiff's relinquishing any claim to a jury trial. Jury trials, for example, have not been made available in the Court of Claims for the broad range of cases within its jurisdiction under 28 U.S.C. § 1491--*i. e.*, all claims against the United States "founded either upon the Constitution, or any Act of Congress, . . . or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not

> sounding in tort." And there is no jury trial right in this same range of cases when the federal district courts have concurrent jurisdiction. *See* 28 U.S.C. §§ 1346(a)(2) and 2402. Finally, in tort actions against the United States, *see* 28 U.S.C. § 1346(b), Congress has similarly provided that trials shall be to the court without a jury. 28 U.S.C. § 2402.

*Lehman,* 453 U.S. at 161.[3]

Any interpretation of Rule 39(c) to permit an advisory jury for an FTCA claim must also give way because Rule 39(c) was promulgated pursuant to the Rules Enabling Act, and accordingly, "shall be consistent with Acts of Congress," 28 U.S.C. § 2071(a), and "shall not abridge, enlarge or modify any substantive right." *Id.* § 2072(b). This restriction is especially important here, because the use of advisory juries raises substantial questions of sovereign immunity, where waivers must be express. Accordingly, Rule 39(c) must be read consistently with § 2402, which permits the use of a jury against the United States only in cases under § 1346(a)(1), which is inapplicable to FTCA cases.

---

[3] The Court also observed that:

> It is not difficult to appreciate Congress' reluctance to provide for jury trials against the United States. When fashioning a narrow exception to permit jury trials in tax refund cases in federal district courts under 28 U.S.C. § 1346(a)(1), in legislation that Congress recognized established a "wholly new precedent," H.R.Rep.No.659, 83d Cong., 1st Sess., 3 (1953), Congress expressed its concern that juries "might tend to be overly generous because of the virtually unlimited ability of the Government to pay the verdict." *Ibid.* Indeed, because of their firm opposition to breaking with precedent, the House conferees took almost a year before acceding to passage of the bill containing that exception. Only after much debate, and after the conferees became convinced that there would be no danger of excessive verdicts as a result of jury trials in that unique context -- because recoveries would be limited to the amount of taxes illegally or erroneously collected -- was the bill passed. *See* H.R. Conf. Rep. No.2276, 83d Cong., 2d Sess., 2 (1954).

*Lehman*, 453 U.S. at 161, n.8.

## III. Using An Advisory Jury As To The United States Could Create Substantial Practical Problems.

Not only does the use of an advisory jury contravene congressional intent, it should also be avoided because it could create substantial practical problems. Under the FTCA, "responsibility for the ultimate decision as to the liability of the United States never shifts from the shoulders of the judge, just as though the advice of the jury were not sought." *Poston v. United States*, 262 F. Supp. 22, 24 (D. Haw. 1966). The Court must inevitably conduct its own review and analysis of the evidence, articulate specific factual findings and legal conclusions, and render an ultimate decision on any claim against the United States. The verdict of an advisory jury is unlikely to be of significant assistance to the Court in this demanding process. However, use of an advisory jury does create a burden: If the Court uses a jury in an advisory capacity as to the United States, the Court must ensure -- and demonstrate on the record -- that its decision does not rest on the jury's findings. If the Court relies to any significant extent on jury findings adverse to the United States, it violates the government's statutory right to a trial by the Court on the FTCA claim.[4]

This creates a dilemma for the Court. If the Court completely agrees with the advisory verdict regarding the apportionment of fault, it appears that the Court has abdicated its

---

[4] Courts that have used an advisory jury justify the jury as an "optional aid to an independent court," and emphasize that the court alone will make the final decision. *Hamm v. Nasatka Barriers, Inc.*, 166 F.R.D. 1, 3 (D.D.C. 1996). *See also Versai Mgmt. Corp. v. Standard Fire Ins. Co.*, 2007 WL 184884, at *3 (E.D. La. 2007) (finding that court can use an advisory jury in a case under the National Flood Insurance Act). This justification, however, is contrary to a strict construction of the FTCA's jury trial prohibition which is focused on preserving the court's independence. To preserve judicial independence a judge must forego any input from another fact-finder. "[I]f the court were to solicit and receive an advisory jury verdict, the court would essentially negate its independence in deciding the case. Therefore, under this view, an advisory jury could have no role in a truly independent judicial decision." Zabel, *Advisory Juries*, 2003 B.Y.U. L. Rev. at 198.

- 8 -

responsibility to decide the case. On the other hand, if the Court disagrees with the advisory verdict, the Court will have difficulty giving any effect to the verdict, and the use of the advisory jury will have been an exercise in futility. In *Wright v. United States*, 80 F.R.D. 478 (D. Mont. 1978), Judge Smith discussed the problems inherent in an advisory verdict:

> [I]f the verdict were consistent with my views, it would be of no assistance, and were it contrary, I would not know what effect to give it. The responsibility for decisions under the Federal Tort Claims Act rests upon the court, and if the court accepts a jury's advisory verdict which is contrary to the court's own conclusion, then obviously the court has abdicated, and the jury, not the court, is the trier of fact . . . . If, absent a jury verdict, the court would have reached a contrary conclusion, who has really decided the case? It seems to me that calling an advisory jury in a Federal Tort Claims case creates more problems than it solves, and I shall now and in the future exercise my discretion to try Federal Tort Claims cases unassisted by the advice of a jury.

*Id.* at 479-80. Likewise, in *In re Air Crash*, 619 F. Supp. 13, 17 (E.D. Mich. 1984), the court denied plaintiff's request for an advisory jury on plaintiff's claims against the United States under the FTCA. The court noted that "the use of advisory juries in F.T.C.A. cases creates more problems than it solves." 619 F. Supp. at 17. *See also* Zabel, *Advisory Juries*, 2003 B.Y.U. L. Rev. at 203 (stating "[a]t best, an advisory jury requires the creation and use of a judicial fiction that the judge is not really using the advisory jury verdict in a manner inconsistent with the FTCA's prohibition of the use of juries").

The use of an advisory jury not only creates practical problems for the judge, but also could create constitutional problems. When the court asks an advisory jury to provide an opinion about the liability of the United States, the court becomes virtually bound by the decision of the advisory jury because any departure from the jury's advice would jeopardize the other parties' Seventh Amendment right to a jury trial. *See, e.g., Georges v. Hennessey*, 545 F. Supp. 1264, 1266-67 (E.D. N.Y. 1982) (agreeing with the advisory verdict that the United States was fully

liable and refusing to decide a cross claim of the United States that might nullify the jury's finding that a private defendant was not liable as a joint tortfeasor). While some courts have stated that the use of an advisory jury is the appropriate solution for a tort case involving multiple defendants including the United States,[5] the problem of a court being bound by an advisory jury verdict is particularly acute where multiple defendants are involved.[6] If the court does not follow the decision of the advisory jury, it is faced with the possibility of violating the private litigants' rights under the Seventh Amendment to the United States Constitution.

      A simple hypothetical illustrates the inherent problems for the court of using an advisory jury in a multiple defendant case. Assume that at the close of a trial, the jury finds that the private defendants were 80% liable and makes an advisory finding that the United States was 20% liable. Assume further that the court decides that the United States was less than 20% liable; specifically, the court finds that the United States was 5% liable. The court then must either use the advisory verdict of the jury, even though the court does not agree with it, or tamper with the jury's verdict as to the relative degree of liability of the private defendants. If the court were to hold the United States to be 5% liable, the court would have to increase the percentage of liability found by the jury for the private defendants; otherwise, the verdict would not apportion 100% of the liability for the tort. In such a situation, the Court would be faced squarely with the

---

[5]    *See, e.g., Hamm*, 166 F.R.D. at 3; *Poston*, 262 F. Supp. at 24.

[6]    To the extent state law requires the jury to apportion fault even to immune defendants, it cannot alter the jurisdictional prohibition on jury trials for FTCA claims. For example, the Louisiana Civil Code, requires apportionment of fault even to immune parties. *See* La. Civ. Code art. 2324. The provision, however, only specifically applies to state immunity under the workers' compensation statute, *id.*, and, in any event, cannot alter the terms of the federal government's waiver of its immunity. *See Erlin v. United States*, 364 F.3d 1127, 1132-33 (9th Cir. 2004).

problem of whether, by increasing the liability of the private defendants, it was violating the parties' Seventh Amendment right to a jury trial.  *See, e.g., United Air Lines, Inc. v. Wiener*, 335 F.2d 379, 407 (9th Cir. 1964) (stating that a court cannot make a "bald addition" to the jury verdict of something which in no sense could be said to be included in that verdict and to do so would be in violation of the Seventh Amendment).  On the other hand, if the court adopted the advisory jury verdict as to the liability of the United States, simply because it did not want to alter the percentages of liability attributable to the remaining defendants, the court would deny the United States its statutory right to a court trial.

While recognizing that a trial of a non-jury FTCA action against the United States with a jury action against a private defendant could create certain difficulties, the Supreme Court has never endorsed the use of an advisory jury for FTCA suits against the United States.  In *United States v. Yellow Cab Co.*, 340 U.S. 543, 546-558 (1951), the Supreme Court ruled that a defendant could implead the United States as a third-party defendant.  The Court noted that that the difficulties of trying a non-jury FTCA action against the United States with a jury action against a private defendant were not insurmountable, suggesting three possible solutions:  (1) denial of the motion to implead, (2) separate trials, or (3) the trial of the case against the United States "by the court alone."  340 U.S. at 555-56.  Significantly, the Supreme Court did not mention the use of an advisory jury as an alternative.

Here, a jury need not apportion damages to the United States.  The Louisiana Civil Code, requires apportionment of fault to immune parties.  *See* La. Civ. Code art. 2324.  The provision, however, only specifically applies to immunity under the state workers' compensation statute, *id.*, and, Louisiana cannot adopt a procedure that would alter the terms of the federal government's waiver of its immunity.  *See Erlin v. United States*, 364 F.3d 1127, 1132-33 (9th

- 11 -

Cir. 2004) (holding that state law cannot control accrual of the FTCA's statute of limitations because states have "'no power ... to retard, impede, burden, or in any manner control, the operations'" of Congressionally enacted laws) (quoting *McCulloch v. Maryland,* 17 U.S. (4 Wheat.) 316, 436 (1819)). Therefore, the jury must apportion liability exclusively among the private parties and not assign any share of liability to the United States. If the Court also finds the United States liable, any of the private parties could then seek contribution from the United States if that party believes that it has been assigned a disproportionate share of fault, some of which belongs to the United States.

For other reasons, an advisory jury is particularly inappropriate in this case. This case involves many complicated issues with respect to the liability of the United States. The United States, as sovereign, has unique defenses which are not available to private defendants. For example, the United States may be introducing evidence concerning the discretionary function exception under the FTCA. *See* 28 U.S.C. § 2680(a). Clearly, as this exception concerns the Court's jurisdiction over this case, only the Court can hear evidence on this matter and decide whether it applies.

In fact, the Court has already ruled that some conduct of the United States is protected by the discretionary function exception. An advisory jury, however, could potentially apportion liability to the United States based upon protected conduct premised upon evidence presented by the other parties in the litigation. For example, the jury could apportion liability to the United States based upon: (1) the United States' decision to use travel trailers in response to the hurricane, (2) the United States' decision to delegate responsibility to contractors to haul, install, and maintain the units, as well as to provide contractual terms setting forth instructions regarding such activities, or (3) the United States' response actions after approximately June 2006 because,

- 12 -

as the Court noted in its October 2008 ruling, FEMA's response after that time were grounded in protected policy considerations. *See* October 3, 2008 Order and Ruling at 39-40, 44-45 [Dkt. No. 717]. The Court has already determined that these potential bases for liability are outside of its subject matter jurisdiction. While the Court might exclude some of this evidence or seek to instruct the jury to ignore it in determining the United States' liability, the Court cannot adequately protect the United States' rights without determining the government's liability itself. The Court is the only fact finder with the ability to analyze the evidence in light of its previous jurisdictional rulings and determine the extent of the United States' liability. An advisory jury apportionment for the United States would risk United States' liability for conduct that the Court has already ruled cannot be the basis for government tort liability.

In addition to the problems surrounding application of the discretionary function exception, the private defendants could be subject to strict liability under certain circumstances, while the United States can only be liable for wrongful or negligent conduct. *See* 28 U.S.C. § 1346(b)(1); *see also Sheridan v. United States*, 487 U.S. 392, 400-01 (1988); *Dalehite v. United States*, 346 U.S. 15, 44 (1953) (stating that the FTCA "is to be invoked only on a 'negligent or wrongful act or omission' of an employee"); *Laird v. Nelms*, 406 U.S. 797, 802-03 (1971); *Lathers v. Penguin Industries, Inc.*, 687 F.2d 69, 72 (5th Cir. 1982) (holding the FTCA precludes "liability of United States based on strict liability in tort"); *Aretz v. United States*, 604 F.2d 417, 427 (5th Cir. 1979); *Rigdon v. USPS*, 2003 WL 1618569, at *2 (E.D. La., Mar. 26, 2003) (Engelhardt, J.); *Davis v. United States*, 2003 WL 30421, at *2 (E.D. La., Jan. 2, 2003) (Engelhardt, J.).

Consequently, if the Plaintiffs present their claims against the defendants and the United States together to a jury there is a great potential for confusion and prejudice. Also, if the jury

- 13 -

were to serve in an advisory capacity to apportion liability to the United States, jury selection will immediately become more arduous and time consuming because the United States will have to participate in *voir dire* and will likely seek to strike numerous jurors for cause that would otherwise remain in the jury pool. On the other hand, if the Court refuses to use a jury in any capacity as to the United States' liability, the United States would not participate in jury selection. Given the strong feelings evoked by FEMA in the potential jury population, and the reality that many people in the jury pool will have personally dealt with FEMA following Hurricanes Katrina and Rita, trying to select unbiased jurors as to FEMA will greatly complicate and prolong the jury selection process

These constitutional, statutory and practical problems will be minimized if the Court does not use an advisory jury. The jury can decide the Plaintiffs' tort claims against the private defendants; and, the Court can separately determine the liability of the United States, if any. This will preserve the private parties' constitutional right to a jury trial *and* the United States' statutory right to a bench trial.

Finally, even after jury selection, it will be more expeditious to try the claims against the United States separately without a jury. The parties can submit relevant portions of depositions to the Court, rather than read the depositions into evidence. Indeed, since the Court must still enter findings of fact and conclusions of law on its own, an advisory jury could simply delay the proceedings. Trying the liability of the United States separately, outside the presence of the jury, would be more efficient and expeditious and would guarantee the United States' statutory right to a court trial.

Given that the Court alone must ultimately find all of the facts that bear on the government's liability, and draw the legal conclusions they support, the Court should not use a

jury of any type to determine or apportion the liability of the United States.  Indeed, doing so would contravene the limited waiver of sovereign immunity in the Federal Tort Claims Act.

## CONCLUSION

For all of the foregoing reasons, the Court should grant the United States' motion to strike the jury demand against it and refuse to use a jury of any type in determining the United States' liability.

Dated:   May 4, 2009                                  Respectfully Submitted,

TONY WEST
Assistant Attorney General, Civil Division

J. PATRICK GLYNN
Director, Torts Branch, Civil Division

HENRY T. MILLER
Senior Trial Counsel

ADAM DINNELL
MICHELLE BOYLE
JONATHAN WALDRON
Trial Attorneys

//S// Adam Bain

ADAM BAIN (IN Bar No.11134-49)
Senior Trial Counsel
United States Department of Justice
Civil Division – Torts Branch
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044
Telephone No:  (202) 616-4209
E-mail:  adam.bain@usdoj.gov

Attorneys for the United States of America

OF COUNSEL:

JORDAN FRIED
Associate Chief Counsel
JANICE WILLIAM-JONES
Trial Attorney
FEMA/DHS