UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 | |
| FORMALDEHYDE | * | | |
| PRODUCTS LIABILITY | * | | |
| LITIGATION | * | SECTION:  N(5) | |
| | * | | |
| This Document Relates to:  ALL CASES | * | JUDGE: ENGELHARDT | |
| | * | MAG: CHASEZ | |

*******************************************************************************

## SECOND SUPPLEMENTAL FEDERAL RULE OF CIVIL PROCEDURE RULE 12(B) PRESERVATION LIST FILED ON BEHALF OF GULF STREAM COACH, INC.

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Gulf Stream Coach, Inc., which, pursuant to Pre-Trial Order Number 36 (Doc. 1386), dated April 29, 2009, and without prejudice to its right to assert any other allowable preliminary pleadings, dispositive motions or affirmative defenses in these or any other case in which it is subsequently named and properly served, submits for preservation the following list of specific Federal Rule of Civil Procedure Rule 12(b) Motions in the following cases currently pending in the MDL, to supplement all previously filed Preservation Lists (Doc. Nos. 238, 676, 806, 1122 and 1323):

I. *Anthony Bartel and Sherry Bartel v. Gulf Stream Coach, Inc., et al.*, originally filed in the United States District Court for the Southern District of Mississippi, under civil action number 09-281.

    1.    12(b)(5) - Insufficiency of Service of Process inasmuch as Gulf Stream Coach, Inc. has not been served in this matter.

    2.    12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

    3.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that Anthony Bartel and/or Sherry Bartel knew or should have known of their cause of action more than a three years before April 29, 2009 (accounting for all tolled time during the pendency of the class action), barring all claims under Mississippi law.

1

    3.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that Anthony Bartel and/or Sherry Bartel later specifically seek attorneys fees under Mississippi state law inasmuch as such claims are precluded.

    4.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek punitive damages under federal or Mississippi state law inasmuch as such claims are not supported under the law and are unconstitutional.

    5.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Mississippi law, inasmuch as such claims are precluded.

    6.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that Anthony Bartel and/or Sherry Bartel seek to impose joint and several and/or solidary liability upon the named defendants, inasmuch as Mississippi law, under the provisions of Mississippi Code Ann. §85-5-7, precludes such reapportionment of fault.

    7.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that any of Anthony Bartel's and/or Sherry Bartel's claims are barred by the provisions of the Mississippi Products Liability Act, MCA §11-1-63.

    8.    12(b)(6) - Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are duplicative to the extent it is established that Anthony Bartel and/or Sherry Bartel previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

II.    *Loreal Brench, et al v. Gulf Stream Coach, Inc., et al.*, originally filed in the United States District Court for the Eastern District of Louisiana, under civil action number 09-3249.

    1.    12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

    2.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant knew or should have known of his or her cause of action more than a year before April 8, 2009 (accounting for all tolled time during the pendency of the class action), rendering all claims prescribed under Louisiana law.

    3.    12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as no claimant has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

    4.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek attorneys fees under Louisiana state law inasmuch as such claims are precluded.

    5.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek punitive damages under federal or Louisiana state law inasmuch as such claims are precluded.

    6.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert redhibition/implied warranty claims under Louisiana law, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

    7.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Louisiana law, inasmuch as such claims are precluded.

    8.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the named defendants, inasmuch as Louisiana law precludes such reapportionment of fault.

    9.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that any of plaintiffs' claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

    10.    12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by the provisions of the Louisiana Products Liability Act to the extent it is established that any named plaintiff did not use a product manufactured by Gulf Stream Coach, Inc.

    11.    12(b)(6) - Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are duplicative to the extent it is established that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

III.   *Jack Carrier, et al. v. Gulf Stream Coach, Inc., et al.*, originally filed in the United States District Court for the Middle District of Louisiana, under civil action number 09-201.

    1.    12(b)(5) - Insufficiency of Service of Process inasmuch as Gulf Stream Coach, Inc. has not been served in this matter.

    2.    12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

3.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant knew or should have known of his or her cause of action more than a year before April 9, 2009 (accounting for all tolled time during the pendency of the class action), rendering all claims prescribed under Louisiana law.

4.  12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as no claimant has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

5.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek attorneys fees under Louisiana state law inasmuch as such claims are precluded.

6.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek punitive damages under federal or Louisiana state law inasmuch as such claims are precluded.

7.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert redhibition/implied warranty claims under Louisiana law, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

8.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Louisiana law, inasmuch as such claims are precluded.

9.  12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the named defendants, inasmuch as Louisiana law precludes such reapportionment of fault.

10. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that any of plaintiffs' claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

11. 12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by the provisions of the Louisiana Products Liability Act to the extent it is established that any named plaintiff did not use a product manufactured by Gulf Stream Coach, Inc.

12. 12(b)(6) - Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are duplicative to the extent it is established that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

4

IV. *Ernesto Cinco, et al v. Gulf Stream Coach, Inc., et al.*, originally filed in the United States District Court for the Middle District of Louisiana, under civil action number 09-206.

   1. 12(b)(5) - Insufficiency of Service of Process inasmuch as Gulf Stream Coach, Inc. has not been served in this matter.

   2. 12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

   3. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant knew or should have known of his or her cause of action more than a year before April 9, 2009 (accounting for all tolled time during the pendency of the class action), rendering all claims prescribed under Louisiana law.

   4. 12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as no claimant has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

   5. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek attorneys fees under Louisiana state law inasmuch as such claims are precluded.

   6. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek punitive damages under federal or Louisiana state law inasmuch as such claims are precluded.

   7. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert redhibition/implied warranty claims under Louisiana law, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

   8. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Louisiana law, inasmuch as such claims are precluded.

   9. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the named defendants, inasmuch as Louisiana law precludes such reapportionment of fault.

    10.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that any of plaintiffs' claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

    11.    12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by the provisions of the Louisiana Products Liability Act to the extent it is established that any named plaintiff did not use a product manufactured by Gulf Stream Coach, Inc.

    12.    12(b)(6) - Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are duplicative to the extent it is established that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

V.    *Donna Flynn v. United States of America and Gulf Stream Coach, Inc.*, originally filed in the United States District Court for the Southern District of Mississippi, under civil action number 09-257.

    1.    12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

    2.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that Donna Flynn knew or should have known of her cause of action more than a three years before April 8, 2009 (accounting for all tolled time during the pendency of the class action), barring all claims under Mississippi law.

    3.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that Donna Flynn later specifically seeks attorneys fees under Mississippi state law inasmuch as such claims are precluded.

    4.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that Donna Flynn later specifically seeks punitive damages under federal or Mississippi state law inasmuch as such claims are not supported under the law and are unconstitutional.

    5.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that Donna Flynn later specifically seeks property damages under Mississippi law, inasmuch as such claims are precluded.

    6.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that Donna Flynn seeks to impose joint and several and/or solidary liability upon the named defendants, inasmuch as Mississippi law, under the provisions of Mississippi Code Ann. §85-5-7, precludes such reapportionment of fault.

    7.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that any of Donna Flynn's claims are barred by the provisions of the Mississippi Products Liability Act, MCA §11-1-63.

    8.    12(b)(6) - Failure to state a claim upon which relief can be granted inasmuch as plaintiff's claims are duplicative to the extent it is established that Donna Flynn previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

VI.    *Jose Sampson, et al. v. Gulf Stream Coach, Inc., et al.*, originally filed in the United States District Court for the Eastern District of Louisiana, under civil action number 09-3250.

    1.    12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

    2.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant knew or should have known of his or her cause of action more than a year before April 8, 2009 (accounting for all tolled time during the pendency of the class action), rendering all claims prescribed under Louisiana law.

    3.    12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as no claimant has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

    4.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek attorneys fees under Louisiana state law inasmuch as such claims are precluded.

    5.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek punitive damages under federal or Louisiana state law inasmuch as such claims are precluded.

    6.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert redhibition/implied warranty claims under Louisiana law, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

    7.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Louisiana law, inasmuch as such claims are precluded.

    8.    12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the

       named defendants, inasmuch as Louisiana law precludes such reapportionment of fault.

9.   12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that any of Plaintiffs' claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

10.   12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by the provisions of the Louisiana Products Liability Act to the extent it is established that any named plaintiff did not use a product manufactured by Gulf Stream Coach, Inc.

11.   12(b)(6) - Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are duplicative to the extent it is established that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit..

                Respectfully submitted:

                **SCANDURRO & LAYRISSON**

                s/Timothy D. Scandurro
                _____
                Timothy D. Scandurro #18424
                Dewey M. Scandurro #23291
                607 St. Charles Avenue
                New Orleans, LA 70130
                Telephone: (504) 522-7100
                tim@scanlayr.com
                dewey@scanlayr.com
                **Counsel for Defendant, Gulf Stream Coach, Inc.**

                **and**

                **DUPLASS, ZWAIN, BOURGEOIS,
                PFISTER & WEINSTOCK**

                s/Andrew D. Weinstock
                _____
                **ANDREW D. WEINSTOCK (#18495)
                JOSEPH G. GLASS (#25397)**
                3838 N. Causeway Boulevard, Suite 2900
                Metairie, Louisiana 70002
                Telephone: (504) 832-3700
                andreww@duplass.com
                jglass@duplass.com

**Counsel for Defendant, Gulf Stream Coach, Inc.**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 7th day of May, 2009, a copy of the foregoing Second Supplemental Federal Rule of Civil Procedure Rule 12(b) Preservation List on Behalf of Gulf Stream Coach, Inc. was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495
andreww@duplass.com