UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re:  FEMA TRAILER                                           MDL NO. 07-1873
        FORMALEDEHYDE PRODUCTS
        LIABILITY LITIGATION                                   SECTION N

This document relates to:
*Keith Johnson, et. al.* 08-3602

### RESERVATION OF DEFENSES UNDER RULE 12(b) BY DEFENDANT FOREST RIVER, INC.

NOW INTO COURT, through undersigned counsel, comes defendant, Forest River, Inc. ("Forest River"), who hereby respectfully reserves the following defenses and objections to plaintiffs' Petition. Although this matter is currently pending in multi-district litigation, titled *In re: FEMA Trailer Formaldehyde Products Liability Litigation*, MDL No. 1873, Section N (4), defendant raises and hereby preserves the following defenses available under Rule 12(b):

**1. *Johnson, et al. v. United States of America, et al.* No. 08-3602 (E.D. La.)**

    (a) Rule 12(b)(5): Insufficiency of Service of Process;

    (b) Rule 12(b)(1): Lack of subject matter jurisdiction over claims;

    (c) Rule 12(b)(6): Failure to state to claim for negligence, negligence per se, gross negligence, recklessness and willfulness, strict liability in tort, and breach of express

and implied warranties under Louisiana law because these claims are barred by the Louisiana Products Liability Act;

(d) Rule 12(b)(6): Failure to state a claim because plaintiffs failed to make any particularized allegations regarding their injuries and damages, and failed to make any particularized allegations connecting any plaintiff to conduct by any particular defendant.

(e) Rule 12(b)(6): Failure to state a claim for medical monitoring damages under Louisiana law because plaintiffs have not alleged a present and manifest injury;

(f) Rule 12(b)(6): Failure to state a claim for injunctive relief;

(g) Rule 12(b)(6): Failure to state a claim for attorney's fees because (a) attorney's fees aren't recoverable under the LPLA; and (b) because they have not alleged any other viable theory of liability through which they can recover attorneys' fees;

(h) Rule 12(b)(6): Failure to state a claim for punitive damages;

(i) Rule 12(e): Motion for more definite statement of the complaint based on plaintiffs' failure to make particularized allegations about their injuries and damages and failure to made any particularized allegations about any particular defendants' alleged conduct;

(j) Plaintiffs' LPLA, tort based and breach of warranty claims are barred by the applicable prescriptive periods;

(k) Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the

manufacturing defendants inasmuch as the applicable law precludes such reapportionment of fault;

(l) Rule 12(b)(6): To the extent plaintiffs seek property damages, plaintiffs are not entitled to recover same;

(m) Rule 12(b)(6): Plaintiffs lack standing as they are not purchasers or buyers from defendants, and because plaintiffs' allegations failed to connect any particular plaintiff with a particular defendant.

WHEREFORE, defendant prays that the objections and defenses described above be preserved if the suit is remanded to this Court at a later date. Defendant requests the right to supplement this response and brief any Rule 12(b) motion in full, and requests the right to oral arguments on the merits of any such motion.

Respectfully Submitted,

/s/ Jason D. Bone
Ernest P. Gieger, Jr. (T.A.) (6154)
Jason D. Bone (28315)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011

ATTORNEYS FOR FOREST RIVER, INC.

## CERTIFICATE OF SERVICE

I do certify that on this 11th day of May, 2009, I served a copy of the foregoing on all counsel of record via the electronic notice system of the court.

/s/ Jason D. Bone