UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER FORMALDEHYDE | § | MDL No. 1873 |
| PRODUCTS LIABILITY LITIGATION | § | |
| | § | SECTION N(5) |
| | § | |
| THIS DOCUMENT IS RELATED TO: | § | JUDGE ENGELHARDT |
| *Carolyn Robinson., et al. v. Gulfstream Coach* | § | |
| *Incorporated, et al.,* No. 09-2940 | § | MAGISTRATE ROBY |

_____

PRESERVATION OF FEDERAL RULE OF
CIVIL PROCEDURE 12(B) DEFENSES
BY DEFENDANT FLUOR ENTERPRISES, INC.

Defendant Fluor Enterprises, Inc. ("Fluor"), consistent with the guidelines set forth in Pretrial Order 36 (Record Doc. No. 1386), dated and filed April 29, 2009, and without prejudice to Fluor's right to file or assert any other permitted pleadings, dispositive motions or affirmative defenses in this or any other case in which it is now made, or subsequently joined as, a defendant and properly served, submits for preservation the following list of Federal Rule of Civil Procedure 12(b) defenses in the case of *Carolyn Robinson, et al. v. Gulfstream Coach Incorporated, et al.,* Civil Action No. 09-2940, pending in the MDL proceeding captioned above.

1. 12(b)(1)—Plaintiffs lack standing.

2. 12(b)(3)—Improper venue as to any plaintiff who resides outside of the Eastern District of Louisiana.

3. 12(b)(6)—Plaintiffs fail to state a claim upon which relief can be granted against Fluor.

4.     12(b)(6)—Plaintiffs fail to state a claim upon which relief can be granted because the claims against Fluor are barred by the applicable prescriptive and peremptive periods, statute of limitations, or laches.

5.     12(b)(6)—Failure to state a claim upon which relief can be granted to the extent that on the face of the pleadings in this MDL proceeding it is clear that plaintiff knew or should have known of his cause of action more than a year before March 2, 2009 (and is not entitled to claim any tolling, as against defendant Fluor, for time the class action complaint was pending), rendering all claims prescribed under Louisiana law. Alternatively, even accounting for all tolled time during the time the class action complaint was pending, all of plaintiffs' claims against Fluor are prescribed.

6.     12(b)(6)—Failure to state a claim upon which relief can be granted against Fluor under the Louisiana Products Liability Act ("LPLA"), as plaintiff has not and cannot allege any set of facts that would establish that Fluor is a "manufacturer" within the meaning of the LPLA.

7.     12(b)(6)—Plaintiffs fail to state a claim for negligence under Louisiana law.

8.     12(b)(6)—Plaintiffs fail to state a claim upon which relief can be granted because Fluor owed no actionable duty to any of the plaintiffs.

9.     12(b)(6)—Failure to state a claim upon which relief can be granted inasmuch as plaintiff has not specifically claimed any current injury, but rather has generally claimed unspecified current and future injuries.

10..    12(b)(6)—Failure to state a claim upon which relief can be granted to the extent that plaintiff seeks to recover attorneys fees which are not recoverable against Fluor

under Louisiana law, and plaintiffs have not alleged any other theory of liability through which they can recover attorneys' fees against Fluor.

11. 12(b)(6)—Failure to state a claim upon which relief can be granted to the extent that plaintiff seeks to impose joint and several, or solidary, liability on the named defendants, as Louisiana law does not provide for solidary liability on the facts alleged.

12. 12(b)(6)—Failure to state a claim upon which relief can be granted to the extent that plaintiff later seeks to recover punitive damages under federal or Louisiana law, as such damages are precluded

13. 12(b)(6)— Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property or economic damages under Louisiana law inasmuch as such claims are precluded. (*See also* Rec. Doc. 984.)

14. 12(b)(6)—Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiffs later seek damages for medical monitoring under Louisiana law inasmuch as plaintiffs have not alleged a present and manifest injury.

15. 12(b)(6)—Failure to state a claim upon which relief can be granted to the extent that it is determined that plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this law suit.

16. 12(b)(6)—Plaintiffs fail to state a claim upon which relief can be granted on grounds that Fluor is a government contractor that performed its work according to and in compliance with specifications approved and mandated by the U.S. government through the Federal Emergency Management Agency ("FEMA"). As such, plaintiffs' action,

claims and demands are preempted and Fluor is immunized from liability by the government contractor defense.

17. 12(b)(6)—Plaintiffs fail to state a claim upon which relief can be granted on grounds that Fluor is a contractor that performed its work in accordance with the plans and/or specifications furnished to it by FEMA. As such, Fluor is shielded from liability by La. R.S. 9:2771 and the *Spearin* doctrine.

18. 12(b)(6)—Plaintiffs fail to state a claim upon which relief can be granted on grounds that pursuant to *Days v. National Radiator Corp.,* 128 So.2d 660 (La. 1961), Fluor's duties and obligations are limited to what is defined in the relevant contract between Fluor and FEMA.

        Respectfully submitted,

        **MIDDLEBERG, RIDDLE & GIANNA**

        BY:  */s/ Charles R. Penot, Jr.*
          Charles R. Penot, Jr. (La. Bar No. 1530 &
          Tx. Bar No. 24062455)
          717 North Harwood, Suite 2400
          Dallas, Texas 75201
          Tel: (214) 220-6334; Fax: (214) 220-6807
          cpenot@midrid.com

          Dominic J. Gianna (La. Bar No. 6063)
          201 St. Charles Avenue
          New Orleans, LA 70170-3100
          (504) 525-7200
          (504) 581-5983 (Fax)
          dgianna@midrid.com

        **ATTORNEYS FOR FLUOR ENTERPRISES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2009, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sends notice of electronic filing to all counsel of record, including court-appointed liaison counsel, who are CM/ECF participants.

                                        */s/ Charles R. Penot, Jr.*
                                        **CHARLES R. PENOT, JR.**

ND: 4825-5504-9475, v. 1