UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER            * | | MDL NO. 1873 |
|     FORMALDEHYDE            * | | |
|     PRODUCTS LIABILITY       * | | |
|     LITIGATION                    * | | SECTION: N(5) |
|                                            * | | |
|                                            * | | JUDGE: ENGELHARDT |
| This Document Relates to: *Crawford v.*   * | | MAG: CHASEZ |
| *Fleetwood Enterprises, Inc., et al.,*      * | | |
| *Docket No. 09-2893*                           * | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFFS' STEERING COMMITTEE (PSC) MEMORANDUM IN OPPOSITION TO
FLEETWOOD ENTERPRISES' MOTION FOR PROTECTIVE ORDER**

**MAY IT PLEASE THE COURT:**

Through undersigned counsel, plaintiffs submit this Memorandum in Opposition of Fleetwood Enterprises, Inc.'s ("Fleetwood") Motion for Protective Order. A protective order is not appropriate as the testing contemplated of the Fleetwood unit occupied by the Jenkins' family will be neither duplicative, nor will it present an undue burden of cost to Fleetwood

On April 8, 2009, the plaintiffs, through Plaintiffs' Liaison Counsel served upon the defendant United States/FEMA its Request for Inspection of the temporary housing units ("THUs") occupied by the bellwether plaintiffs. Included amongst these plaintiffs were Shalahn Jenkins and Craig Jenkins, Sr., on behalf of Craig Jenkins, Jr., the plaintiffs in the Fleetwood bellwether trial. The request stated, "Please allow inspection, photographing, video taping, and testing of THUs in your possession that were occupied by Plaintiffs in attached Exhibit A and

provided by FEMA following hurricanes Katrina and Rita."[1] To date the THU previously occupied by Shalahn Jenkins and Craig Jenkins, Sr., on behalf of Craig Jenkins, Jr., has not been inspected and tested by plaintiffs' experts and counsel to the extent necessary.

## I.    Argument

The defendant, Fleetwood, seeks a protective order preventing the plaintiffs from "retesting" the unit based upon the argument that the testing is duplicative of testing previously done, as well as a "forced" expense upon the defendants. In so arguing, Fleetwood portrays any future testing as an exact reproduction of previous testing, which is simply not true.

Similar to the May 2009 testing that was performed on the Alexander's Gulf Stream THU, any future testing of the Jenkins' unit would be more informative to counsel and will ultimately be more informative to the fact finder at trial. In addition to air sampling, which had previously occurred, any future testing will be more detailed and comprehensive. The testing protocol to be used includes, in addition to air sampling, an environmental walkthrough study, measurements of the trailer, a material audit, and ventilation testing.[2] Each of these steps in the testing protocol that will occur during future testing will be performed for the first time, and therefore, cannot be duplicative of any previous testing that has occurred. In its Motion for Protective Order Fleetwood's counsel insinuates that any future testing and previously completed testing are identical, and therefore duplicative, which is clearly not accurate. The future testing will be more detailed, comprehensive, and thorough testing of the exact unit at issue in the upcoming bellwether trial.

---

[1] *See* Plaintiffs' Request for Inspection of Temporary Housing Units and Production of Individual Assistance Files Propounded To The United States of America Through the Federal Emergency Management Agency, p. 5, attached as Exhibit A.
[2] *See* Letter to Counsel for the United States, attached as Exhibit B.

While air sampling, which measures the level of formaldehyde in the trailer, would occur, its repetition is still of significant scientific value. Multiple observation points of formaldehyde levels in the Jenkins' trailer allow for a more accurate and significant extrapolation of data, better abling a fact finder to draw conclusions as to the formaldehyde levels to which the plaintiffs were exposed. With multiple observation points of formaldehyde levels present in the trailer, the fact finder will get a more complete and scientifically significant view of how the levels of formaldehyde reacted to different humidities and temperatures.

Finally, any expenses incurred by the defendant are not forced upon them as claimed by Fleetwood. Each party's desire to have its own representatives present at any future testing will be that party's choice. The protocol of the testing done would be known in advance and agreed upon by all parties, and the results of such testing will surely be available to the parties through other discovery means. The expense of having the defendant's representatives, attorneys, and experts present at the testing would be voluntarily undertaken, and as such provides no basis for a protective order.

## II.   Conclusion

Any future testing of the Fleetwood trailer at issue in the second bellwether trial would be neither duplicative or an unnecessary expense forced upon the defendant. Accordingly, plaintiffs respectfully request that this Honorable Court deny Fleetwood's Motion for Protective Order.

Respectfully submitted:

**FORMALDEHYDE TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**


BY:   s/Gerald E. Meunier
      GERALD E. MEUNIER, #9471
      **PLAINTIFFS' CO-LIAISON COUNSEL**

Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:    504/528-9973
gmeunier@gainsben.com


s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:    504/528-9973
jwoods@gainsben.com


**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
    ANTHONY BUZBEE, Texas # 24001820
    RAUL BENCOMO, #2932
    FRANK D'AMICO, JR., #17519
    MATT MORELAND, #24567
    LINDA NELSON, #9938
    MIKAL C. WATTS, Texas #20981820

**CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                                        s/Gerald E. Meunier
                                                        GERALD E. MEUNIER, #9471