UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|     FORMALDEHYDE | * | |
|     PRODUCTS LIABILITY | * | |
|     LITIGATION | * | SECTION: N(5) |
| | * | |
| | * | JUDGE: ENGELHARDT |
| This Document Relates to: *Charlie Age, et al. v.* | * | |
| *Gulf Stream Coach, Inc., et al,* Doc. No. 09-2892 | * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFFS' STEERING COMMITTEE (PSC) MEMORANDUM IN OPPOSITION TO GULF STREAM COACH, INC., MOTION FOR PROTECTIVE ORDER**

**MAY IT PLEASE THE COURT:**

Through undersigned counsel, plaintiffs, Alana Alexander and Christopher Cooper, submit this Memorandum in Opposition of Gulf Stream Coach, Inc.'s ("Gulf Stream") Motion for Protective Order. A protective order is not appropriate at this juncture in the litigation as the testing at issue has already concluded as to the Gulf Stream unit occupied by the plaintiffs. Further, the testing done was neither duplicative, nor did it burden Gulf Stream with any additional costs that it did not incur voluntarily.

On April 8, 2009, the plaintiffs, through Plaintiffs' Liaison Counsel served upon the defendant United States/FEMA its Request for Inspection of the temporary housing units ("THUs") occupied by the bellwether plaintiffs. Included amongst these plaintiffs were Alana Alexander and Christopher Cooper, the plaintiffs in the Gulf Stream bellwether trial. The request stated, "Please allow inspection, photographing, video taping, and testing of THUs in your possession that were occupied by Plaintiffs in attached Exhibit A and provided by FEMA

following hurricanes Katrina and Rita."[1] On May 7, 2009, the THU previously occupied by Alana Alexander and Christopher Cooper, was inspected and tested by plaintiffs' experts and counsel.

## I.    Argument

The defendant, Gulf Stream, seeks a protective order preventing the plaintiffs from "retesting" the unit based upon the argument that the testing is duplicative of testing previously done, as well as a "forced" expense upon the defendants. In so arguing, Gulf Stream portrays the May 2009 testing as an exact reproduction of previous testing, which is simply not true.

The May 2009 testing was more thorough than previous testing, and as such is more informative to counsel and will ultimately be more informative to the fact finder at trial. In addition to air sampling, which had previously occurred, the May 2009 testing was more detailed and comprehensive. The testing protocol, as agreed upon by counsel, included, in addition to air sampling, an environmental walkthrough study, measurements of the trailer, a material audit, and ventilation testing.[2] Each of these steps in the testing protocol that occurred at the May 2009 testing were being performed for the first time, and therefore, cannot be duplicative of any previous testing that has occurred. In its Motion for Protective Order Gulf Stream's counsel insinuates that the May 2009 testing and previous testing are identical, and therefore duplicative, which is clearly not accurate. The May 2009 testing was a more detailed, comprehensive, and thorough testing of the exact unit at issue in the upcoming bellwether trial.

While air sampling, which measures the level of formaldehyde in the trailer, occurred during both the May 2009 testing as well as previous testing, its repetition is of significant

---

[1] *See* Plaintiffs' Request for Inspection of Temporary Housing Units and Production of Individual Assistance Files Propounded To The United States of America Through the Federal Emergency Management Agency, p. 5, attached as Exhibit A.
[2] *See* Letter to Counsel for the United States, attached as Exhibit B.

scientific value. Without the May 2009 air sampling, the fact finder in this case would be presented with the results of one sample that showed the formaldehyde level present in the trailer on one particular date and at one particular time. With only one observation point of data, it would be difficult to gain any knowledge as to what the levels of formaldehyde were in the trailer the day the plaintiffs moved in and while they were occupying the trailer. However, with two observation points, or two testing results, the experts and the fact finder, can both interpolate and extrapolate data. With two testing results, instead of one, it will be more scientifically accurate to estimate the levels of formaldehyde in the Gulf Stream trailer throughout the plaintiffs' residency.

Marco Kaltofen, plaintiffs' expert in Civil Engineering, testifies by accompanying affidavit that since the rate materials release formaldehyde may change over time, the rate of formaldehyde release can follow a 'first order exponential decay curve.'[3] He states that in order to study the decay curve of formaldehyde levels in the THUs, it is better to have more than one data point to use as a benchmark in describing the change in formaldehyde concentrations.[4] He further states that two data points provide a better model.[5]

Two testing results clearly provide a more informative and scientifically accurate estimation of the formaldehyde levels present in the THU manufactured by Gulf Stream. Accordingly, a second air sampling, while a replicate of the first sampling, is scientifically significant to the bellwether trial and should not be retroactively prevented by protective order.

Finally, Gulf Stream's argument that the May 2009 testing forced all parties to incur additional expenses of having their own representatives, attorneys, and experts at the testing, is

---

[3] *See* Affidavit of Marco Kaltofen, attached as Exhibit C.
[4] *Id.*
[5] *Id.*

moot. The May 2009 testing has already been completed. The expense has been incurred. To place a retroactive protective order upon the results of the May 2009 testing will not erase the expenses already incurred.

In addition, even if such expenses had not yet been incurred, they were not "forced" upon the parties as claimed by Gulf Stream. Each party's desire to have its own representatives present at the May 2009 testing was that party's choice. The protocol of the testing done was known and agreed upon by all parties, and the results of such testing would have surely been available to the parties through other discovery means. The expense of having the defendant's representatives, attorneys, and experts present at the testing was voluntarily undertaken, and as such provide no basis for a protective order.

## II.     Conclusion

The May 2009 testing of the Gulf Stream trailer at issue in the first bellwether trial was neither duplicative or an unnecessary expense forced upon the defendants. Accordingly, plaintiffs respectfully request that this Honorable Court deny Gulf Stream's Motion for Protective Order.

                                      Respectfully submitted:

                                      **FORMALDEHYDE TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

                                  BY:     s/Gerald E. Meunier
                                            GERALD E. MEUNIER, #9471
                                            **PLAINTIFFS' CO-LIAISON COUNSEL**
                                            Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
                                            2800 Energy Centre, 1100 Poydras Street
                                            New Orleans, Louisiana 70163
                                            Telephone:     504/522-2304

Facsimile: 504/528-9973
gmeunier@gainsben.com


s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
jwoods@gainsben.com


**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, JR., #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL C. WATTS, Texas #20981820


**CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

<u>s/Gerald E. Meunier</u>
GERALD E. MEUNIER, #9471