UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-5"<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

THIS DOCUMENT IS RELATED TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PSC'S MEMORANDUM IN OPPOSITION TO GOVERNMENT'S MOTION TO STRIKE JURY TRIAL REQUEST**

MAY IT PLEASE THE COURT:

Plaintiffs, through undersigned counsel, respectfully oppose in part the Motion to Strike Plaintiffs' Jury Demand filed by the United States. This motion by the Government, although styled a Motion to Strike Plaintiffs' Jury Demand in the four scheduled bellwether trials, in content seeks more. Specifically, the Government (1) moves to strike the jury demand against it in these cases, and (2) "requests that a jury not be involved in any manner in determining its liability." *See* Government Memorandum in Support of Motion to Strike Plaintiffs' Jury Demand (Doc. 1400-2) at p. 1. The PSC has no opposition to the Motion to Strike Plaintiffs' Jury Demand as to the United States/FEMA in these cases (in fact, the PSC does not believe that any of these particular plaintiffs have actually asserted the right to a jury trial against the United States/FEMA specifically). Much more problematic in both procedural and practical terms, however, is the additional request imbedded in the motion that the jury "not be involved in any manner" in "determining" the Government's liability. The Government's motion is particularly problematic if by the word "determining," counsel for the Government includes both the legal need for the jury to allocate a

percentage of fault to the Government <u>and</u> the discretionary authority of the Court to take that fault allocation into consideration when the Court determines the fault of the United States/FEMA.

It is irrefutable that the substantive tort law of Louisiana governs the claims of the bellwether plaintiffs against all defendants in these bellwether trials, including plaintiffs' FTCA claims against the United States/FEMA. It also is indisputable that Louisiana's comparative fault system, which applies herein, unequivocally mandates that a fact–finder address the fault of <u>all</u> potential wrongdoers. In both, Louisiana Article 2323 (dealing with comparative fault) and Article 2324 of the Civil Code (dealing with joint and divisible liability), it is mandatory, not discretionary, that the fact-finder address and assess in percentage terms the fault of any party or nonparty, regardless of insolvency, the identification of the person, or of any and all legal immunity, including but not limited to" the workers' compensation immunity set forth in L.S.A. R.S. 23:1032. *See* Articles 2323 & 2324, La. Civ. Code.[1] Given this unequivocal mandate of the Louisiana Civil Code which governs this case, it is self–evident that at trial <u>both</u> the jury and Your Honor will be called upon to determine and assess, if needed and appropriate, the percentages of fault allocable to all defendants, *i.e.*, the manufacturer, the contractor, and FEMA. It is presumed, therefore, that separate judgments will necessarily flow from these separate fact–finding exercises of fault allocation. In one, judgment will reflect the jury's allocation of percentage of fault and the amount of damages awarded to the plaintiff from the defendant manufacturer and/or defendant contractor pursuant to that allocation. The other judgment will reflect both the amount of damages deemed appropriate by this Court in

---

[1] The Government is simply and flatly wrong to suggest to this Court that these codal articles only apply to workers' compensation immunity. *See* Memo in Support of Government Motion (Doc. 1400-2) at fn. 6, p. 10. The language of Articles 2323 and 2324 in fact, make it clear that the fact-finders necessary allocation of fault to an immune party or nonparty is <u>not</u> limited to workers' compensation.

regard to plaintiffs' case against the Government, <u>and</u> this Court's determination of the percentage fault (if any) attributable to the Government in regard to the bellwether plaintiff.

Accordingly, the only question at hand is practical and procedural: Does this Court have the discretion to both become aware of and, if deemed appropriate, give weight and consideration to, the jury's mandated percentage fault allocation to FEMA as part of the necessary exercise of comparative fault allocation under Louisiana law in the jury trial. The PSC respectfully submits that the answer is clearly yes, and that the Government has presented no compelling authority for a different outcome.

The mechanism for the use of an advisory jury is expressly set forth in FRCP 39(c)(2). Nothing in the authorities cited by the Government in its motion nullifies or modifies the provisions of Rule 39(c) as to this case, or limits the applicability of that Rule to only those cases where the Government is not a defendant under the FTCA.

More telling is the Government's extensive reliance upon a law review article, attached to neither the Government motion nor its memorandum, but which sets forth extensive case authority for the proposition that an advisory jury <u>may</u> be used in the instant case. The PSC accordingly attaches the law review article in question. *See* Zabel, "Advisory Juries and Their Use and Misuse in Federal Tort Claims Act Cases," 2003 B.Y.U. L. Rev. 185. [Attachment I].

The author of the article is a former trial attorney with the Department of Justice, and, at the time of the writing of the article, a law school professor. *See* Zabel, Advisory Juries, at fn. A1, p. 225. Mr. Zabel clearly is not happy with the current state of the law regarding advisory juries in FTCA cases against the Government. However, he is neither an appellate judge nor a source of binding precedent. What is more significant, is that Mr. Zabel duly and properly sets forth the

following in the subsection of his article entitled "Advisory Juries in Historical Perspective":

> "Since the enactment of the federal tort claims act in 1946, courts in approximately 40 published decisions have addressed the issue of advisory juries in FTCA cases. [FN 47] Despite an initial resistance to the use of advisory juries, <u>courts have increasingly held</u> that judges have the discretion to empanel an advisory jury pursuant to Federal Rule of Civil Procedure 39(c), not withstanding the FTCA's prohibition of jury trials. [FN 48]
>
> . . .
>
> Indeed, the vast majority of courts to address the issue have reasoned that they have the discretion to empanel an advisory jury. [FN 51] Opinions by other small courts have similarly indicated that an advisory jury was available or actually used, without analyzing the propriety of doing so. [FN 52]"

The Court may peruse in the cited footnotes the jurisprudence identified by the article's author as supporting these important statements of the law. In doing so, the Court may note that one of those cases, in the article's footnote 52, is the Fifth Circuit case of *American Airlines, Inc. v. United States*, 418 F.2d 180 (5th Cir. 1969). There, in an action brought by plaintiffs against an airline, the defendant airline filed a third party claim against the United States. At trial the jury was allowed to render an "advisory verdict" regarding the fault of the Government under the FTCA. *See* 418 F.2d at 183. The district judge agreed with the jury and found no fault on the part of the United States. The appellate court in its review of the district court's decision found no error in regard to this approach or outcome. *See id*. The case remains authoritative in the Fifth Circuit for the proposition that advisory juries may be used in FTCA cases to address and determine the fault of the Government.

Made Attachment II to this memorandum is a more recent decision in this very district, albeit not reported.  In the case of *Versai Management Corporation v. Standard Fire Insurance Company*, 06-4838, 2007 WL 184884 (E.D. La. 1/22/07), Judge Martin Feldman granted in part and denied in part the defendant insurer's motion to dismiss and quash a jury trial demand.  Specifically, the defendant insurer argued that the plaintiff property management company seeking damages caused by Hurricane Katrina had no right to a jury trial for claims brought under the National Flood Insurance Act of 1968.  The plaintiff management company responded that Judge Feldman should use his discretion to use an advisory jury pursuant to FRCP 39(c).  In agreeing with the latter position–and most notably for present purposes–Judge Feldman analogized the case to one brought not under the National Flood Act, but under the FTCA, and cited as "sound and analogous" the reasoning in the case of *Hamm v. Nasatka Barriers, Inc.*, 166 FRD 1 (D.C. 1986).

In *Hamm*, the district judge concluded that he did have the discretion to make use of an advisory jury with respect to plaintiff's FTCA claims against the Government.  Acknowledging the FTCA prohibition against jury trials, the Court had this to say:

> "Although tort actions against the United States under the FTCA "shall be tried by the court without a jury," 28 U.S.C. §2402, the use of an advisory jury in a FTCA action against the United States is nowhere prohibited and does not offend the principles of sovereign immunity.  An advisory jury is an optional aide to an independent court, not the factfinder or decision–maker.  Congress has expressly entrusted the decision–making task under the FTCA to the court.  An advisory verdict has no force, other than persuasive, on the court, which remains the sole and final decision–maker.  The use of an advisory jury therefore does not infringe upon the sovereign immunity of the United States and is within the authority and discretion of the Court."

166 F.R.D. at 3.

Just as Judge Feldman concluded, this is sound reasoning, and worthy of adoption herein. This Court has Rule 39 (c) authority and discretion to consider the jury verdict to be rendered in this matter in its own allocation of fault and damages assessment as to the Government. The jury verdict necessarily will entail the jury's allocation of fault on a percentage basis to the United States/FEMA. Strictly maintaining its sole responsibility to make a fact–finder determination of the issues of FEMA fault and fault allocation, this Court is entitled to do so by affording whatever weight it deems appropriate to the jury's fact–finding on the same issue. Nothing in Rule 39(c), and nothing in the governing case law (including the case law cited by the law review article upon which defendant–movant relies), is in anyway inconsistent with this approach. To the contrary, as the attached law review article notes, the recent trend and weight of authority, including in this Circuit and in this same district, upholds the discretionary right of a district judge to employ the aide of an advisory jury in regard to a FTCA claims against the United States.

For all these reasons, the PSC respectfully submits that the Government motion should be granted in so far as it seeks to strike a jury trial demand against the Government by any of the bellwether plaintiffs, but denied in all other respects.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**


BY:   s/Gerald E. Meunier
      GERALD E. MEUNIER, #9471
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier &
      Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone:   504/522-2304
      Facsimile:   504/528-9973
      gmeunier@gainsben.com


      s/Justin I. Woods
      JUSTIN I. WOODS, #24713
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier &
      Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone:   504/522-2304
      Facsimile:   504/528-9973
      jwoods@gainsben.com


**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
      ANTHONY BUZBEE, Texas # 24001820
      RAUL BENCOMO, #2932
      FRANK D'AMICO, JR., #17519
      MATT MORELAND, #24567
      LINDA NELSON, #9938
      RONNIE PENTON, #10462
      MIKAL C. WATTS, Texas #20981820

**CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                                s/Gerald E. Meunier
                                                GERALD E. MEUNIER, #9471