UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>　　FORMALDEHYDE PRODUCTS<br>　　LIABILITY LITIGATION<br><br>　　This applies to Fountain,<br>　　No. 09-466 (W.D. La.) | MDL NO. 1873<br><br>SECTION "N" (4)<br><br>JUDGE ENGELHARDT<br><br>MAGISTRATE CHASEZ |

### THOR CALIFORNIA'S LIST OF DEFENSES
### AND MOTIONS TO BE PRESERVED

Pursuant to Pretrial Order No. 4 (Rec. Doc. No. 130), defendant Thor California, Inc. ("Thor California"), submits the following list of defenses and motions to be preserved in the following underlying action,[1] which is currently pending in the above-captioned multidistrict litigation proceeding:

1. *Paul Fountain v. United States of America, et al.,* **No. 09-466, W.D. La.**[2]

    (a)   Rule 12(b)(1):  Lack of subject matter jurisdiction over claims;

    (b)   Rule 12(b)(3):  Improper venue;

    (c)   Rule 12(b)(4),(5): Insufficient process and insufficiency of service of process;

---

[1] It is unclear the extent to which the Master Complaint and its amendments supersede, amend and/or replace the allegations asserted by the plaintiffs in each of the underlying actions.  Thus, in an abundance of caution and to ensure that all relevant motions and defenses are preserved, for each underlying action in which it was named as party, Thor California has listed the defenses and motions applicable to that underlying action and the Master Complaint, as subsequently amended.

[2] This action was originally filed in the Western District of Louisiana, and, on April 29, 2009 was conditionally transferred into the MDL proceeding.  As of the date of this filing, the Fountain suit has not yet been assigned an Eastern District suit number.

2

(d) Rule 12(b)(6): Failure to state a claim under the Louisiana Products Liability Act;

(e) Rule 12(b)(6): Failure to state a claim for breach of express warranty because those claims are not available to plaintiff, and to the extent that they are available, they are precluded by the Louisiana Products Liability Act;

(f) Rule 12(b)(6): Failure to state a claim for medical monitoring damages because plaintiff has not alleged a present and manifest injury;

(g) Rule 12(b)(6): Failure to state a claim for attorney's fees;

(h) Rule 12(b)(6): Failure to state a claim because plaintiff failed to make any particularized allegations regarding her injuries and damages, and failed to make any particularized allegations connecting the plaintiff to conduct by any particular defendant;

(i) Rule 12(e): Motion for more definite statement of the complaint based on plaintiff's failure to make particularized allegations about their injuries and damages and failure to make any particularized allegations about any particular defendant's alleged conduct;

(j) Rule 21: Improper joinder: Failure to satisfy requirements for joinder of parties under FRCP 19 and 20;

(k) Rule 9(b): Failure to plead fraud and misrepresentations with particularity;

(l) Rule 12(b)(6): Failure to state a claim because plaintiff's claims are barred by the applicable prescriptive and/or statute of limitations period;

(m) Rule 12(b)(6): Failure to state a claim for joint and/or solidary liability among the defendants; and

(n) Rule 12(b)(6): Failure to state a claim for loss of consortium and/or society.

Respectfully submitted,

*s/Ryan E. Johnson*

James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
Jones, Walker, Waechter, Poitevent,
Carrère & Denègre, L.L.P.
8555 United Plaza Blvd., 5th floor
Building Four
Baton Rouge, LA 70809
Telephone: (225) 248-2000
Facsimile: (225) 248-3080

-and-

Madeleine Fischer (La. Bar No. 5575)
Nan Roberts Eitel (La. Bar No. 19910)
Jones, Walker, Waechter, Poitevent,
Carrère & Denègre, L.L.P.
201 St. Charles Avenue, 49th floor
New Orleans, LA 70170
Telephone: (504) 582-8000
Facsimile: (504) 589-8208

*Attorneys for Defendant Thor California, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system. Notice of this filing will be sent to all known counsel by operation of the court's electronic filing system. I also certify that I have mailed a copy of this filing to any non-CM/ECF participants by U.S. Mail, postage prepaid and properly addressed.

Baton Rouge, Louisiana, this 13th day of May, 2009.

*s/Ryan E. Johnson*

Ryan E. Johnson