UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION N-5<br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

THIS DOCUMENT IS RELATED TO:
AGE, et al. v. GULFSTREAM COACH, INC., et al. [Case No. 09-2892]
BELL, et al. v. KEYSTONE RV COMPANY, et al. [Case No. 09-2967]
CRAWFORD, et al. v. FLEETWOOD ENTERPRISES, INC., et al. [Case No. 09-2893]
WRIGHT, et al. v. FOREST RIVER, INC., et al. [Case No. 09-2977]

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**OPPOSITION TO UNITED STATES OF AMERICA'S
MOTION TO STRIKE JURY TRIAL REQUEST**

The United States of America ("United States") has moved this Honorable Court to strike the plaintiffs' jury demands in the above-captioned cases. Its argument is primarily based on language in the Federal Tort Claims Act ("FTCA") that expressly precludes the use of a jury to adjudicate claims brought against the United States under that act. The argument is also based on the United States' belief that the use of an advisory jury is likewise prohibited. Defendants, Gulf Stream Coach, Inc., Fleetwood Enterprises, Inc., Forest River, Inc., Dutchmen Manufacturing, Inc., Thor Industries, Inc., Thor California, Inc., DS Corp., Keystone RV Company, KZ RV, LP., Recreation by Design, LLC, Shaw Environmental, Inc. and Fluor Enterprises, Inc. (collectively "Defendants herein"), now appear to oppose that motion on the basis that some form of a jury is needed to comply with Louisiana tort law, and an advisory jury is likely the best way to accomplish that task.

**I.    A jury must hear evidence of the United States' liability in order to comply with Louisiana substantive law.**

The United States has argued that the FTCA prohibits all types of juries from hearing evidence of the government's liability. Accordingly, it has argued that a jury need not, and in fact cannot, assign any share of liability to the United States because of the FTCA's prohibition against jury trials. Rec. Doc. 1400-2, p. 11—12. The United States believes that if the Court finds the government liable, the private parties could then seek contribution to the extent one or more of the private parties was assigned a disproportionate share of fault by the jury. *Id*. at 12.

Defendants herein assert that this argument flies in the fact of established Louisiana tort law, which dictates that in this case the jury must hear evidence of the government's fault and the United States must appear on the jury verdict form. Louisiana law states that in any action for bodily injury, the degree or percentage of fault of <u>all</u> persons causing or contributing to the injury <u>shall be determined</u>, regardless of whether the person is a party to the action, the person is insolvent, the person is unable to pay, the person is immune by statute, or the person's identity is not known or reasonably ascertainable. La. Civ. Code 2323(A) (2008). The law also states that in cases where the tortfeasors are not solidarily liable,[1] "then liability for damages caused by two or more persons *shall* be a joint and divisible obligation." *Lombard v. New Orleans Naval Support Activity*, 2004 WL 2988483, at *5 (E.D.La. Dec. 10, 2004) (emphasis in original). Each tortfeasor shall not be liable for any degree of fault that is not his own. *Id*. In effect, the law abolishes solidarity among non-intentional tortfeasors. *Id*. "With the advent of this new policy,

---

[1]    Louisiana has reduced solidary liability to instances in which a person conspires with another person to commit an intentional or willful act. *See* La. Civ. Code 2324(A) (2008). In that case, the person is answerable, in solido, with the other for the damage caused by such act. Here, there is no allegation related to intentional and/or willful acts, so there is no solidary liability.

the right of contribution among solidary tortfeasors also disappeared since it is no longer necessary in light of the abolishment of solidarity."[2]

Applying Louisiana law to this case, Defendants herein aver that the jury must apportion fault to each and every party that caused the plaintiffs' injury. Because all parties except for the United States are entitled to a trial by jury, that jury will hear evidence of the nongovernmental defendants' fault and will apportion liability accordingly. As the fact finder determining fault, the jury must apportion fault to <u>each and every party</u> that caused or contributed to the plaintiffs' injury. That includes not only the manufacturing defendants but also the United States. This Honorable Court cannot honor the request of the government to prevent the jury from hearing evidence of the government's fault (or ignoring that evidence altogether) because that request contradicts the Louisiana mandate on determining <u>all</u> parties' fault. Further, a party can only be held liable for the portion of damages directly attributable to his degree of fault. The jury cannot apportion the fault of the United States to another party or parties, as the government suggests. The law is clear – partial apportionment, or apportionment of one party's fault to another party, is not allowed. It follows, then, that the jury must hear evidence of each party's alleged liability in order to make a full liability determination, and each party must appear on the jury verdict form so that the jury may apportion the proper degree of fault to the proper parties. Thus, this

---

[2] *Id*. (citing *Dumas v. State* ex rel. *Dept. of Culture, Recreation & Tourism*, 828 So.2d 530, 538 (La. 2002)). Other courts and commentators have also recognized contribution is no longer available in non-intentional tort cases. *See Campo v. John Fayard Fast Freight, Inc*, 2003 WL 2222930 (E.D. La. 2003) (citing *Dumas* and observing that the Legislature's 1996 amendments eliminated the right of contribution among joint tortfeasors); s*ee also Maraist and Galligan*, "Burying Caesar: Civil Justice Reform and the Changing Face of Louisiana Tort Law," 71 TUL. L.REV. 339, 409 (1996) ("The amendment to Article 2324(B) has other implications as well. <u>For instance, since solidarity is arguably dead in non-intentional tort cases, contribution is of little or no importance</u>. That is, the right to contribution arose only where one party paid more than its share because of the imposition of a solidary obligation. Now, one should never pay more than one's share because there is no more solidarity in non-intentional tort cases.") (emphasis added).

Court must allow the jury to hear evidence of the United States' fault and must allow the United States to appear on the jury verdict form.

Additionally, this Honorable Court must allow the jury to apportion fault to the United States because **Defendants herein have neither the right to nor the desire for a contribution claim**. *See* LA. CIV. CODE art. 2323, 2324(B) (2008). The United States asks the Court to structure this litigation in a way that would allow the jury to apportion the United States' fault to the nongovernmental entities involved in this lawsuit, with the idea that those entities would then seek a contribution claim from the government. However, Louisiana law has eliminated the contribution claim, so the practical effects of the government's argument would leave Defendants herein liable for a portion of the United States' fault <u>and</u> without recourse to go after the United States if the Court determined the government was in fact liable for some amount of damages. This goes against the letter and intent of Louisiana tort law, and is, in a word, impermissible.

## II.     The use of an advisory jury is permissible and sensible.

Furthermore, Defendants herein assert that the use of an advisory jury for the undertaking discussed above is perfectly acceptable in this case. While the manufacturing defendants not believe that the Court must follow the recommendation of the advisory jury, Defendants herein believe that a jury of some kind must be able to hear evidence of the United States' fault in order to apportion liability to all parties in accordance with Louisiana tort law. Defendants herein believe that an advisory jury provides the easiest way to accomplish this task, though it is not concerned, strictly speaking, with the precise designation given to the jury.

Several courts throughout the country have approved the utilization of advisory juries in FTCA cases involving the United States. *See Hamm v. Nasatka Barriers Inc.*, 166 F.R.D. 1

4

(D.D.C. 1996); *Birnbaum v. United States,* 436 F.Supp. 967, 988 (E.D.N.Y. 1977), *aff'd in relevant part,* 588 F.2d 319, 321, 334-35 (2d Cir.1978); *Coffland v. United States,* 57 F.R.D. 209, 210 (N.D.W.Va. 1972); *Poston v. United States,* 262 F.Supp. 22, 23-24 (D.Haw. 1966); *Schetter v. Housing Auth. of City of Erie,* 132 F.Supp. 149 (W.D. Pa. 1955). In *Hamm v. Nasatka Barriers, Inc.*, the plaintiff sued the United States and Nasatka, a private manufacturing entity, for injuries she sustained from a malfunctioning courthouse security barrier owned by the United States and installed and maintained by Nasatka. 166 F.R.D. at 1. While the court recognized the FTCA's rule that the case must not be tried to a jury, it also recognized Federal Rule of Civil Procedure 39, which states that a district court has the right in non-jury cases to try any issue with an advisory jury. *Id.* at 2. The court also stated that the FTCA does not specifically prohibit advisory juries, so there was no conflict between the FTCA's prohibition of regular juries and Rule 39's allowance for advisory juries. *See id.* at 3. Further, the court found that advisory juries would not affect the sovereign immunity of the United States because it was simply "an optional aid to an independent court." *Id.* Because the jury had no binding effect, the court would retain its authority to determine the United States' liability, the advisory jury would not impair sovereign immunity, and the use of the advisory jury would actually aid the trial court. *See id.*

     *Hamm* is an important case because the Eastern District of Louisiana has endorsed its reasoning and decision, and in doing so, has essentially sanctioned the use of an advisory jury in an FTCA claim. In *Versai Mgmt. Corp. v. Standard Fire Ins. Co.*, the defendant insurance company sought to strike the plaintiffs' demand for jury trials in cases concerning the plaintiffs' National Flood Insurance Program policies because the National Flood Insurance Act did not allow for resolution of such disputes by jury. 2007 WL 184884, at *2 (E.D. La. Jan. 22, 2007). However, the Eastern District cited *Hamm* as support for its conclusion that an advisory jury was

5

acceptable. *Id*. at *3. The court also took note of *Hamm*'s logistical considerations, including the recognition that the same jury would already be hearing the claims against the other defendants and an advisory verdict would lessen the chances of an excessive damages award against the nongovernmental defendants they might otherwise face if the jury were precluded from considering the government's liability. *Id*. Finally, when the defendant argued that the cases were distinguishable because Hamm was based on the FTCA as opposed to the Flood Insurance Act, the court said, "**[T]he reasoning in *Hamm* [is] sound and analogous and, in any event, the decision to use an advisory jury is discretionary.**" *Id*. (emphasis added). By making this final statement, the Eastern District showed that the use of advisory juries is both permissible and sensible, regardless of whether the claim is brought under the NFIA or the FTCA.

The United States has countered with a case of its own, *Honeycutt v. United States*. Rec. Doc. 1400-2, p. 5. It argues, pursuant to *Honeycutt*, that advisory juries are not allowable because the FTCA instituted a mandatory provision that no jury of any kind be used in such case. *Id*. However, another district court has pointed out the problems with *Honeycutt*'s reasoning. In *Potson v. United States*, the court took issue with *Honeycutt*'s failure to distinguish between regular juries and advisory juries. 262 F.Supp. 22 (D.C. Hawaii 1966).³ The very Senate Report on which the judge in *Honeycutt* relied in reaching its conclusion actually distinguished between "normal" juries and their advisory counterparts. *Id*. at 23 ("With all deference to the late Chief Judge Dawkins, it appears that Senate Report, No. 1400, 79th Congress and accompanying debate, upon which he relied, refers to normal (as distinguished from advisory) jury trials and that Section 2402, supra, does not preclude the court from using an advisory jury."). *Honeycutt*'s

---

³ The *Potson* decision was affirmed by the U.S. Court of Appeals for the Ninth Circuit, and certiorari and rehearing were denied by the U.S. Supreme Court. *See Poston v. United States*, 262 F.Supp. 22 (D.Haw. 1966), *aff'd*, 396 F.2d 103 (9th Cir.), *cert. denied*, 393 U.S. 946, 89 S.Ct. 322, 21 L.Ed.2d 285 (1968), *rehearing denied*, 393 U.S. 1072, 89 S.Ct. 724, 21 L.Ed.2d 717 (1969).

conclusion represented a clear misreading of Rule 39 – although the rule contains an exception applicable to the United States with respect to regular juries, its allowance of advisory juries in any suit for any issue is unquestioned. *See id*. This analysis was borne out by the fact that several other federal courts approved the use of an advisory jury in cases where the original action was brought under a statute or in another context not permitting a trial by jury as of right. *Id*. at 24 (citing *Walling v. Richmond Screw Anchor Co.*, 52 F.Supp. 670, 671 (E.D.N.Y.1943); *Walker v. United States Gypsum Co.*, 270 F.2d 857, 859 (4th Cir. 1959)). Further, *Potson* said that where a jury is empanelled to adjudicate the claims against the nongovernmental defendants, "the problem is but simplified." *Id*. at 24. And, despite the allowance of the advisory jury, the court recognized that the ultimate responsibility to adjudicate claims against the United States under the FTCA remained with the court itself. *Id*.

Applying those cases to this one, Defendants herein assert that the use of an advisory jury violates no established constitutional or statutory mandate in the FTCA or elsewhere. As established by the case law and the plain language of the FTCA, the act and Rule 39 are not in conflict despite the United States' allegations to the contrary. Several courts in various contexts – including the Eastern District of Louisiana – have given tacit acknowledgement to this view because they have allowed the use of advisory juries in cases where jury adjudication is prohibited. Further, the use of an advisory jury has no impact on the sovereign immunity of the United States because it is merely an optional aid that this Court can use as advice while retaining the ultimate responsibility to adjudicate the FTCA claims against the government.

Notwithstanding the constitutional and statutory considerations, the United States also tries to argue to this Honorable Court that several practical problems could arise through the use of an advisory jury. The United States believes that the use of an advisory jury will either be

7

unnecessary (because if the Court agrees with its conclusion, the existence of the jury will have been pointless) or unconstitutional (because if the Court will allow its findings to be swayed by the jury's, the conclusion would essentially become an adjudication by jury in contravention of the FTCA's prohibition against jury trials). Finally, the United States argues that an advisory jury would increase the chances that the jury will apportion liability to the United States for conduct that is actually protected and would cause delay because the United States would have to take part in *voir dire*.

With respect, Defendants herein believe these considerations are overblown are insufficient to keep this Court from instituting what could be a helpful tool in resolving a complicated case. First, the United States sees no benefit in the use of an advisory jury because it would either become an exercise in futility or result in a violation of the FTCA. Several federal courts have rejected this view. Advisory juries are simply useful tools the Court may rely upon to get a sense of how to rule in a given case. *See Hamm*, 166 F.R.D. at 3. Equating the use of a permissible aid in resolving a complicated matter to the violation of the FTCA's prohibition of jury trial, as the government has argued, is nonsensical. The drafters of the FTCA endeavored to ensure that a trial court, not a jury, would resolve liability claims brought against the United States under the Act; in this case, that is precisely what this Court will do. *See Potson*, 262 F.Supp. at 24 ("The court is well aware of the fact that even though the trial jury is requested to function additionally in an advisory jury capacity, the responsibility for the ultimate decision as to liability of the United States never shifts from the shoulders of the judge, just as though the advice of the jury were not sought."). Nothing about the use of an advisory jury will change that.

Second, the United States warns of confusion and prejudice if an advisory jury is used because the jury may apportion liability to the government for conduct that is protected by the

discretionary function exception of the FTCA. Yet, the United States ignores the potential for confusion that could result if the Court does <u>not</u> use an advisory jury. As stated in *Hamm*, "The factual underpinnings of the claims against [the nongovernmental manufacturer] and those against the government are sufficiently intertwined that it would be more confusing to instruct the jury to ignore some pieces of evidence while deciding the import of other related pieces of evidence." 166 F.R.D. at 3. And, with regard to the argument that the jury could apportion fault to the government for protected conduct, that cuts both ways – the same jury could very well render an excessive amount of fault to the nongovernmental defendants if the jury has no ability to place blame on the government as it sees fit. *See id*. Finally, with regard to delay and inefficient that might arise if the United States must join in *voir dire*, there is serious risk of inefficiency and duplication if this Court rejects the use of a jury trial altogether. Many of the witnesses and much of the evidence will be relevant to both the case against the manufacturing defendants and the case against the United States. *See id*. Thus, introducing the same evidence and calling the same witnesses could cause serious delay and unnecessary duplication.

For these reasons and the other stated above, Defendants herein ask this Honorable Court to deny the government's motion to strike the plaintiff's jury trial requests.

                                            Respectfully Submitted:

                                            **DUPLASS, ZWAIN, BOURGEOIS,**
                                            **PFISTER & WEINSTOCK**

                                            s/Andrew D. Weinstock

                                            _____
                                            **ANDREW D. WEINSTOCK #18495**
                                            **JOSEPH G. GLASS #25397**
                                            3838 N. Causeway Boulevard, Suite 2900
                                            Metairie, Louisiana 70002
                                            (504) 832-3700
                                            andreww@duplass.com
                                            jglass@duplass.com

and

**SCANDURRO & LAYRISSON**
Timothy D. Scandurro #18424
Dewey M. Scandurro #23291
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

s/Richard K. Hines, V
Richard K. Hines, V
Georgia Bar No. 356300
**NELSON MULLINS RILEY
& SCARBOROUGH, LLP**
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000 (phone)
richard.hines@nelsonmullins.com

and

Jerry L. Saporito
Louisiana Bar No. 11717
**LEAKE & ANDERSSON, L.L.P.**
1700 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-1701
(504) 585-7500 (phone)
jsaporito@leakeandersson.com
**Counsel for Fleetwood Enterprises, Inc.**

s/Charles R. Penot, Jr.
Charles R. Penot, Jr.
KPMG Centre, Suite 2400
717 N. Harwood
Dallas, Texas 75201
(214) 220-6334 (phone)
cpinot@midrid.com
**Counsel for Fluor Enterprises, Inc.**

s/Ernest P. Gieger, Jr.
Ernest P. Gieger, Jr.
Jason D. Bone
**GIEGER, LABORDE & LAPEROUSE, LLC**
701 Poydras Street, Suite 4800
New Orleans, LA 70139
561-0400
egieger@glllaw.com
jbone@glllaw.com
**Counsel for Defendant, Forest River, Inc.**

s/Ryan Johnson
Ryan Johnson
James Percy
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA  70809
(225) 248-2130 (Percy)
rjohnson@joneswalker.com
jpercy@joneswalker.com
**Counsel for Dutchmen Manufacturing, Inc., Thor Industries, Inc., Thor California, Inc., DS Corp., Keystone RV Company, KZ RV, LP.**

s/Lyon H. Garrison
Lyon H. Garrison
Garrison, Yount, Forte & Mulcahy, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, LA 70112
Phone: (504) 527-0109
lgarrison@garrisonyount.com
**Counsel for Recreation by Design, LLC**

s/David Kurtz
David Kurtz
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
201 St. Charles Ave., Ste. 3600
New Orleans, LA 70170
566-5259
**dkurtz@bakerdonelson.com**
**Counsel for Shaw Environmental, Inc.**

11

**C E R T I F I C A T E**

  I hereby certify that on the 13th day of May, 2009, a copy of the foregoing Opposition to United States of America's Motion to Strike Jury Trial Request was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

        s/Andrew D. Weinstock
      _____
      ANDREW D. WEINSTOCK #18495
        andreww@duplass.com