UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER  
      FORMALDEHYDE PRODUCTS  
      LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N" (5)

THIS DOCUMENT RELATES TO  
ALL CASES

# ORDER AND REASONS

Before the Court is Fleetwood Enterprises, Inc.'s Motion for Protective Order Regarding Re-Testing of Plaintiffs' Temporary Housing Unit (Rec. Doc. 1396). In this motion, Fleetwood Enterprises, Inc. ("Fleetwood") requests that this Court prevent Plaintiffs' from re-testing the emergency housing unit ("EHU") that was occupied by the Fleetwood bellwether plaintiffs, Shalahn and Craig Jenkins.[1] Plaintiffs oppose this motion, asserting that any future testing of the Jenkins' EHU would be neither duplicative nor an unnecessary expense forced upon Fleetwood.

After reviewing the memoranda of the parties and the applicable law, the Court grants this motion. First, the Jenkins' EHU has already been tested twice (once on February 28, 2008 and again on March 11, 2008). Second, this third test is unwarranted as the previous two tests were conducted while the Jenkins family resided in the unit. Thus, the previous tests were conducted under actual living conditions experienced by the Jenkinses while they resided in the EHU. Last, this Court has

---

[1] The Government joins in and adopts Fleetwood's motion. (Rec. Doc. 1397).

been more than indulgent throughout this entire process in extending testing deadlines.[2] In the numerous conferences held wherein the testing of EHUs was discussed in detail, the Court does not recall any instance wherein Plaintiffs suggested that additional, more specific testing would need to be conducted after bellwether plaintiffs were selected, or even just to get a more complete and comprehensive expert opinion on any EHU. Plaintiffs never attempted to reserve any right to re-test EHUs once bellwether plaintiffs were selected, or for any other reason.

Not once during this ongoing discussion did Plaintiffs state that their expert reports could not be completed without this third test, or that their experts' protocol required an additional round of testing. The Court sees no reason, and Plaintiffs offer none, to simply re-open testing; to do so would only invite yet another round in the future, if Plaintiffs so desire. Gauging the levels of formaldehyde in this unit is not a "moving target"; the relevant inquiry is best characterized as simply a measurement of what the occupants/plaintiffs experienced while living in it, and that data has already been obtained. To get even more results from testing fourteen (14) months after the last one, long after the Jenkins plaintiffs vacated the EHU, only serves to create confusion as to the relevant time period, as well as the ultimate issue to be decided.

Lastly, Plaintiffs have offered no compelling reason to re-test this EHU a third time, other than their desire to re-test the unit again. It has already been tested twice while Plaintiffs lived in it, which should thus provide the best information as to what these plaintiffs were subject to while

---

[2] In Pretrial Order No. 3, this Court initially set EHU testing deadlines. (Rec. Doc. 123). Pretrial Order No. 4 extended some of those same deadlines. (Rec. Doc. 130). In its June 10, 2008 Order and Reasons, the Court denied several motions to stay and/or extend discovery, testing, and procedural deadlines , but noted that it would entertain motions filed by newly-added defendants to extend *specific deadlines* for a *specific number of days* for good cause shown. ((Rec. Doc. 328). In a June 26, 2008 Order, the Court continued the deadline for testing of new and unused units in Hope, Arkansas. (Rec. Doc. 399). In Pretrial Order No. 21, the Court issued an order relative to the possible transfer of EHUs. (Rec. Doc. 862). In a December 22, 2008 telephone conference, the Court and the parties discussed the destructive testing of EHUs. (Rec. Doc. 1011). In Pretrial Order No. 26, the Court issued an order relative to the destructive testing of EHUs. (Rec. Doc. 1022).

occupying the EHU in question. To the extent that Plaintiffs assert that testing should be done in warmer months, the time to do that testing has certainly passed. Plaintiffs could and should have tested this EHU and other EHUs in the summer of 2008 before testing deadlines had run, if testing in warm weather was considered necessary.

Considering the foregoing, **IT IS ORDERED** that **Fleetwood Enterprises, Inc.'s Motion for Protective Order Regarding Re-Testing of Plaintiffs' Temporary Housing Unit (Rec. Doc. 1396)** is **GRANTED**.

New Orleans, Louisiana, this 15th day of May, 2009.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**