UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCT | * | |
| LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| THIS DOCUMENT RELATES TO | * | JUDGE ENGLEHARDT |
| ALL CASES | * | |
| | * | MAG. JUDGE CHASEZ |

*************************************************************************

**REPORT ON BELLWETHER TRIAL CANDIDATES**
**ON BEHALF OF RECREATION BY DESIGN, LLC**

**NOW INTO COURT,** through undersigned counsel, comes defendant, Recreation by Design, LLC ("RBD"), which pursuant to Court Orders dated April 9, 2009 (R. Doc. 1316) and April 20, 2009, (R. Doc. 1343), respectfully provides its objections to and arguments in support of trial candidates for the fifth bellwether trial.

**INTRODUCTION**

On April 8, 2009, the Court held a telephone status conference with Liaison Counsel and Government Counsel. During the conference it was decided that no later than April 20, 2009, the parties would agree on a bellwether plaintiff who corresponds to a specific manufacturer to participate in a fifth bellwether trial. It was further determined that only those plaintiffs who have a FEMA-ripe claim would be eligible to serve as a bellwether trial plaintiff. The Court handed down an Order outlining same on April 9, 2009. At the time the Court handed down this Order, there were three (3) manufacturing defendants from which the fifth bellwether plaintiff could be selected. On or about April 16, 2009, the plaintiffs

selected RBD as the manufacturer for this fifth bellwether trial. The Court then extended the deadline to select the fifth bellwether plaintiff until May 8, 2009.

On the evening of May 6, 2009, plaintiffs' counsel submitted to counsel for RBD, one candidate, Lola Bass, as their bellwether nominee. On May 7, 2009, counsel for RBD notified plaintiffs' counsel that it objected to plaintiffs' selection, Lola Bass, and in turn submitted Earline Castanel, as RBD's bellwether nominee. Plaintiffs' counsel advised counsel for RBD that they objected to Earline Castanel. RBD then submitted another nominee, Carrie M. Smith, who plaintiffs' counsel also objected to.

Plaintiffs submitted an amended plaintiff fact sheet for Lola Bass on May 8, 2009. Accordingly, the Court granted an extension of the nominee submission deadline until May 11, 2009. After reviewing the amended plaintiff fact sheet, RBD notified plaintiffs' counsel that it still objected to Lola Bass as the trial plaintiff. As RBD and the PLC could not agree on a bellwether nominee, a joint list of the three candidates was submitted to the Court on May 11, 2009.

Due to the stalemate, RBD submits this Report objecting to Lola Bass as the fifth bellwether trial plaintiff for the reasons stated herein and respectfully suggests that either Earline Castanel or Carrie M. Smith would be an appropriate bellwether plaintiff.

## LAW AND ARGUMENT

The Manual for Complex Litigation gives some guidance on the selection of bellwether trials participants. The Manual advises that "...if individual trials, sometimes

2

referred to as bellwether trials or test cases, are to produce reliable information about other mass tort cases, the specific plaintiffs and their claims should be representative of the range of cases... The more representative the test cases, the more reliable the information about similar cases will be." *Manual for Complex Litigation, Fourth Edition, § 22.315.*  See also, *Bellwether Trials in Multidistrict Litigation,* 82 Tul.L.Rev. 2323, 2332 (June 2008), wherein the authors stated that "the ultimate purpose of holding bellwether trials is to provide meaningful information and experience to everyone involved in the litigation."[1]

### A.     Plaintiffs' Bellwether Candidate Is Not Representative

Plaintiffs have selected Lola R. Bass as their bellwether candidate.  At the time she moved into her FEMA unit, she was 66 years old, according to her plaintiff fact sheet.  On her original plaintiff fact sheet, Bass stated that while residing in her FEMA unit, she lost the ability to walk and spent twenty-four (24) hours a day in the unit.  On her amended plaintiff fact sheet received by undersigned counsel on May 8, 2009, Bass added to her original statement that she lost the ability to walk by stating that she needed additional support due to weakness.  Bass also changed her response regarding the average number of hours spent in her unit of 24 hours a day by reducing that amount to 16 - 18 hours a day.  In complete contradiction to her original plaintiff fact sheet, Bass then lists working in a part-time job even though her original plaintiff fact sheet has her listed as unemployed.

There are several other changes on this revised plaintiff fact sheet that are discussed

---

[1] Eldon E. Fallon, Jeremy T. Grabill, & Robert Pitard Wynne, *Bellwether Trials in Multidistrict Litigation,* 82 Tul.L.Rev. 2323, 2332 (June 2008).

below, and RBD calls to the Court's attention that the above-referenced changes made to Bass' plaintiff fact sheet appear to have been made on or about May 7, 2009, as evidenced by Bass' signed certification page of that date. This means the revised plaintiff fact sheet was not certified until the day prior to the May 8 submission deadline. Accordingly, this last minute plaintiff fact sheet appears to be an attempt to cancel out some of RBD's originally stated objections to Lola Bass being selected as a bellwether candidate, as Bass' immobility and the length of time spent in the unit were some of the concerns expressed by RBD in objecting to Bass. Further, RBD objects to the use of the revised fact sheet for bellwether nomination purposes as this information was not part of the plaintiff fact sheet that had been provided to RBD as of April 8, 2009, the date the Court ordered the parties to start the selection of the fifth bellwether trial candidates.[2]

Besides being prejudiced by this last minute "amended" fact sheet, RBD maintains its argument that even if Bass was able to walk with additional support, that immobility, even if the immobility was not total, is not typical of the plaintiffs in the MDL. As seen from the nominee list, all three candidates are of advanced age and a meaningful trial candidate needs to be selected by the Court for this age group. The MDL has plaintiffs of all ages, and it is doubtful that a significant number of these plaintiffs spent extended periods of time in their unit due to immobility. School aged children would have been away from the unit an average of eight (8) hours a day while traveling to and from and attending school. Adults who were

---

[2] *See* Order dated April 9, 2009.

employed would have spent anywhere from eight (8) to twelve (12) hours a day at the job-site. Even plaintiffs of advanced age would have typically spent some time away from their unit, going to and from doctors appointments, working-part time, tending to errands, and visiting with friends and family. The fact that Bass claims to have been immobile shows that she would not be a candidate who is a meaningful representative reflective of plaintiffs as a whole, but also reflective of her own age group.

Further, the symptoms and the past medical history provided by Bass in her plaintiff fact sheet are not typical of the plaintiffs in the matter. First, Bass stated that she suffered from a foot fungus which rendered her immobile. Of the fifty-eight (58) plaintiff fact sheets of claimants identifying a RBD unit, none listed foot fungus as a medical problem. Additionally, it is unknown if the foot fungus is alleged to be a symptom of formaldehyde exposure. Bass also has other health issues, such as the indication that she was hospitalized in 2003 for breast cancer, again making her own medical issues more unique than an average claimant. RBD submits that the alleged symptoms listed by Bass, as well as her past medical history of breast cancer, preclude her from being a meaningful representative of plaintiffs in the MDL.

Additionally, as mentioned above, RBD calls to this Court's attention several amendments made on Lola Bass' May 7, 2009 plaintiff fact sheet which appear to have been made simply in an effort to increase Bass' chances of being selected as the bellwether candidate. In addition to the changes made regarding her immobility and average length of

5

time spent in her unit, Bass also stated on her amended plaintiff fact sheet that she worked outside of the home for an average of five (5) days a week for six (6) months. On her original plaintiff fact sheet, she indicated that she did not work outside the home. Yet another example is that Bass originally stated that she was not making a medical damage claim, but she reverses this decision on her amended plaintiff fact sheet and states that she is making a medical damage claim. Further, Bass added an additional symptom of bleeding of the nasal membrane (inside of nose), which was not previously listed, added more information regarding cancer treatment in 2003, and added a family history that her sister had childhood asthma.

     Finally, Bass adds information that Ben Bass resided in her unit. Ben Bass' age is not listed, and the supplemental fact sheet only states he is not making a personal injury claim. This too appears to be a fairly significant amount of information that was left out of the original plaintiff fact sheet and brings up the question of what other information is still missing or may be changed at a later date in the event Bass becomes the trial candidate.

     This Honorable Court directed the parties to select meaningful, representative, and typical persons to serve as bellwether plaintiffs. RBD submits that Bass' questionable fact sheets showing her to have serious mobility problems, prior cancer, contradictory information regarding employment and time in unit history, and other changes, demonstrate Lola Bass would not be a meaningful representative as the fifth bellwether trial candidate.

**B.     RBD's Proposed Bellwether Plaintiffs are Representative**

RBD respectfully submits that either Earline Castanel or Carrie M. Smith would be an appropriate candidate for the fifth bellwether trial. Thus far, RBD has received fifty-eight (58) plaintiff fact sheets which appear to match with a RBD manufactured unit; fifty-one (51) or 88% of those plaintiffs are adults and seven or 12% (7) are minors. Of these fifty-eight (58), eight (8) fact sheets were not timely submitted, which reduced the pool to fifty (50). Of the fifty (50), thirty-three (33) plaintiffs did not meet the basic criteria that the plaintiff have a ripe claim against the Federal Government, that venue be proper in the Eastern District, and that the plaintiff resided in only one FEMA unit. The list of seventeen (17) remaining plaintiffs was further reduced to eight (8) when those plaintiffs who resided in a unit with three (3) or more occupants were removed from the list; the eight (8) remaining plaintiffs are older adults. Of the eight (8), RBD submits to this Court that Earline Castanel and Carrie M. Smith are meaningful candidates for the fifth bellwether trial plaintiff.

Earline Castanel, who is RBD's first recommended nominee for a bellwether plaintiff, is a seventy-eight (78) year old female who appears to have worked outside of the home while residing in her FEMA unit. This means that she spent periods of time outside of her unit and she was not home bound nor limited from leaving her unit. Additionally, Castanel is the only plaintiff, besides plaintiff's nominee, Lola Bass, who has already been named in an underlying lawsuit in this MDL.[3]

---

[3] *Earline Castanel et al v. Recreation By Design, Shaw Environmental, Inc., et al,* 09-3251; *Lola Bass v. Recreation By Design, et al, 09-3315.*

Plaintiffs take issue with Castanel because she was a past smoker. However, Castanel indicated on her plaintiff fact sheet that she stopped smoking in 1950, some fifty-nine (59) years ago. Further, plaintiffs' counsel stated that they believed Castanel's advanced age does not make her a desirable bellwether plaintiff. However, all three nominees are of advanced age; Castanel (77), Smith (77), and Bass (69). Unlike Bass, Castanel does not list a recent history of cancer or cancer treatment, nor does she list a mobility problem. She does allege symptoms she relates to formaldehyde exposure, including tearing of the eyes, nausea, and shortness of breath. Given the above facts, Castanel makes a meaningful representative and instructive bellwether trial plaintiff.

In the alternative, RBD proposes that Carrie Smith would also be an acceptable bellwether plaintiff. Like Castanel, Smith meets the basic criteria set out by the Court. Smith is also of advanced age, and based on her plaintiff fact sheet, she was in her FEMA unit an average of eighteen (18) to twenty-four (24) hours a day. Smith also lists symptoms on her plaintiff fact sheet that she relates to formaldehyde exposure, including tearing of eyes, nausea, shortness of breath and persistent cough. Further, Smith states she has never been a smoker, thus reducing the confounding smoking factor raised by the plaintiffs in objection to Castanel.

While Smith would make a meaningful candidate, she did indicate on her plaintiff fact sheet that Craig Smith resided with her in the RBD unit. However, to date, a plaintiff fact sheet for Craig Smith has not been produced. Although RBD would accept Carrie Smith

8

as the bellwether plaintiff, it does object to any efforts by plaintiffs' counsel to have Craig Smith named as a bellwether plaintiff.

For the foregoing reasons, RBD submits that either Earline Castanel or Carrie Smith would make a meaningful bellwether trial plaintiff.

## Conclusion

Based on the foregoing, RBD submits that bellwether trials with Earline Castanel or Carrie Smith, as the plaintiff, would produce results more in line with the objective of bellwether trials. Specifically, the trials with either one these plaintiffs would provide meaningful insight and information that would serve to facilitate the resolution of all claims.

Respectfully submitted,

*/s/ Randall C. Mulcahy*
LYON H. GARRISON, Bar No. 19591
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
GARRISON, YOUNT, FORTE
& MULCAHY, LLC
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Attorneys for defendant,
Recreation By Design, LLC
Email: rmulcahy@garrisonyount.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on May 15, 2009, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

                */s/ Randall C. Mulcahy*
                RANDALL C. MULCAHY, Bar No. 26436