UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | MDL NO. 07-1873 |
| | SECTION N(5) |
| | JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO: **ALL CASES** | MAGISTRATE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### SHAW ENVIRONMENTAL, INC.'S OBJECTIONS TO BELLWETHER TRIAL PLAINTIFF NOMINATIONS BY THE PSC AND DEFENDANT RECREATION BY DESIGN, LLC

**NOW INTO COURT**, through undersigned counsel, comes defendant, Shaw Environmental, Inc. ("Shaw"), who objects to the nominations of bellwether trial plaintiffs submitted jointly by the PSC and defendant Recreation by Design, LLC ("Recreation by Design"), on the following grounds:

On May 8, 2009, the Court held a status conference regarding, among other things, the selection of potential plaintiffs for a fifth bellwether trial. During the conference, the Court ordered that the Government and other defendants issue responses and/or objections to any nominations made by the PSC and Recreation by Design by May 15, 2009. In this regard, the PSC and Recreation by Design have circulated a list of three potential candidates for the fifth bellwether trial; with two of the three candidate plaintiffs (Earline Castanel and Carrie Smith)

having claims that allegedly involve trailers installed by Shaw through its subcontractors.[1]  As this Court is aware, Shaw is already participating in two of the four scheduled bellwether trials.

Shaw objects to the list of nominations submitted by the PSC and Recreation by Design because a trial of these potential bellwether plaintiffs' claims will not aid or instruct the Court or the parties in a meaningful way regarding the potential for global resolution through these MDL proceedings.  Specifically, requiring Shaw to participate in yet another bellwether trial is directly contrary to the purpose of bellwether trials, which in general terms is to "produce a sufficient number of representative verdicts" to "enable the parties and the Court to determine the nature and strength of the claims, whether they can fairly be developed and litigated on a group basis and what range of values the cases may have if resolution is attempted on a group basis." *See* Manual for Complex Litigation § 22:315 (2004).  The Court has repeatedly advised that its goal in holding bellwether trials is to achieve as much diversity as is reasonably possible – including diversity among the contractor defendants.  Clearly, with a set of five bellwether trials, to try one contractor twice and another three times does not achieve that diversity.  The results that would be obtained from another trial against Shaw would lack the requisite level of representativeness that could permit this Court and the parties to draw sufficiently reliable inferences about cases or claims that have not yet been tried and may never be.

In addition, Shaw objects to the list of potential plaintiffs for the fifth bellwether trial submitted by the PSC and Recreation by Design because Shaw has not been given a meaningful opportunity to participate in the selection of the potential candidates for this bellwether trial.  As

---

[1] Apparently, the third proposed plaintiff occupied a trailer installed by Fluor, which is a defendant in the other two of the first four bellwether trials.

this Court is aware, Shaw was only recently added as a defendant to these proceedings in January 2009. Shaw has no access to plaintiff fact sheets or documents exchanged through discovery other than through the document repository, which is not indexed in any useful way and, in its current state, would require Shaw to review every single plaintiff fact sheet just to find those that might potentially involve Shaw.[2] Given its recent addition to these proceedings, Shaw has no way to tell whether the claims asserted by Ms. Castanel or Ms. Smith are representative of claims made by plaintiffs who lived in trailers manufactured by Recreation by Design. Simply put, Shaw has as much right as any other party to participate in the selection of bellwether plaintiffs, but the timing of its addition to this case, together with the lack of efficient access to information about the plaintiffs who have filed claims, has deprived Shaw of any ability to participate in that process in a meaningful way.

      WHEREFORE, for the foregoing reasons, Shaw Environmental, Inc. objects to the nominations submitted by the PSC and Recreation by Design, LLC.

---

[2] There is no way to segregate the plaintiff facts sheets even just to find those who have sued Shaw.

      Respectfully submitted,

      **BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

        s/M. David Kurtz
      M. DAVID KURTZ (#23821)
      KAREN KALER WHITFIELD (#19350)
      CATHERINE N. THIGPEN (#30001)
      201 St. Charles Avenue, Suite 3600
      New Orleans, Louisiana 70170
      Telephone: (504) 566-5200
      Facsimile: (504) 636-4000

      **ATTORNEYS FOR DEFENDANT,
SHAW ENVIRONMENTAL, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of May, 2009, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel.

        s/M. David Kurtz
        M. DAVID KURTZ

4