UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | : | MDL NO. 2:07-MD-1873 |
| | : | SECTION "N" (4) |
| THIS DOCUMENT IS RELATED TO: | : | JUDGE ENGELHARDT |
| *Paul Fountain, et al versus United States of America, et al,* | : | MAGISTRATE JUDGE CHASEZ |
| *No. 2:09-CV-00466 and Supplements and Amends All Previous Preservations of Defenses filed in the MDL and Other Underlying Actions* | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PRESERVATION OF DEFENSES ON BEHALF OF
CAVALIER HOME BUILDERS, LLC, CAVALIER HOMES, INC., CHAMPION
HOME BUILDERS CO., CIRCLE B ENTERPRISES, INC., HOMES OF MERIT,
INC., LIBERTY HOMES INC., REDMAN HOMES INC., f/k/a DUTCH HOUSING,
INC., RIVER BIRCH HOMES, INC., SCOTBILT HOMES, INC., and
WAVERLEE HOMES, INC.**

NOW INTO COURT, through undersigned counsel, come Defendants, Cavalier Home Builders, LLC, Cavalier Homes, Inc.[1], Champion Home Builders Co., Circle B Enterprises, Inc.[2], Homes of Merits, Inc., Liberty Homes, Inc., Redman Homes, Inc. for itself and in its capacity as the acquiring entity by merger of the corporation formerly known at Dutch Housing, Inc., River Birch Homes, Inc., (sometimes mistakenly misnamed River Birch Homes, L.L.C.)., Scotbilt Homes, Inc. and Waverlee Homes, Inc. (collectively "Defendants"), who, pursuant to Pretrial Order No. 4 and in accordance with

---

[1] CHI does not manufacture any product, but is instead merely a stock holding company. CHI was previously voluntarily dismissed from the MDL, (Doc. #293), but has been named in the Fountain Matter and therefore files this Preservation of Defenses out of an abundance of caution.

[2] Circle B Enterprises, Inc. was a seller of manufactured homes to FEMA and did not design or manufacturer any product. Circle B was voluntarily dismissed from the MDL (Doc. #290), but has been named in the Fountain Matter and therefore files this Preservation of Defenses out of an abundance of caution.

the Federal Rules of Civil Procedure, respectfully submit the following list of defenses to be preserved in the underlying action of *Paul Fountain, et al v. United States of America, et al,* which was originally filed in the U.S. District Court, Western District of Louisiana, Civil Action No. 2:09-CV-00466 and which has been transferred pursuant to the Conditional Transfer Order entered by the United States Judicial Panel on Multidistrict Litigation on April 29, 2009, transferring or "tagging" this action into MDL No. 07-1873, *In Re Formaldehyde Products Liability Litigation* which became effective upon filing in the Office of the Clerk of the United States District Court for the Eastern District of Louisiana on May 15, 2009, and supplements and amends all previous Preservations of Defenses filed by these Defendants in the MDL and all underlying actions.

Defendants submit the following defenses that are anticipated to be raised should the underlying matters proceed forward against these Defendants:

1. Article III Standing. Plaintiffs have failed to satisfy their burden of establishing Article III standing against the Defendants, and thus this Court does not have subject matter jurisdiction over Plaintiffs claims against the Defendants.

2. Improper Joinder. Plaintiffs have improperly joined whatever individual claim each may theoretically have against a Defendant with claims that other Plaintiffs may or may not have against other Defendants and have failed to demonstrate any common evidentiary link between either Plaintiffs' claims or the Defendants. Accordingly, the claims levied against the Defendants solely as members of the "industry" should be dismissed.

3. Rule 12(b)(3). Improper venue as to the Plaintiffs who reside outside the Eastern District of Louisiana.

4. Rule 12(b)(6). Failure to state a claim upon which relief can be granted because the claims alleged are barred by federal preemption pursuant to 42 U.S.C. § 5401, et seq., 24 C.F.R. § 3280, et seq., and 24 C.F.R. § 3282, et seq.

5. Rule 12(b)(6). Failure to state a claim upon which relief can be granted to the extent the Complaint fails to identify a particular plaintiff with alleged

        exposure to a product manufactured by these Defendants.

6.     Rule 12(b)(6). Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' negligence, negligence *per se*, gross negligence, recklessness, failure to inspect, breach of implied warranty and "failing to act in a prudent manner" claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

7.     Rule (12(b)(6). Failure to state a claim for breach of implied and express warranty because implied warranty claims are not available to plaintiffs under the Louisiana Products Liability Act. Express warranty claims are available under the Louisiana Products Liability Act only if the express warranty has induced the claimant or other person or entity to use the product and the claimant's damage was proximately caused because the express warranty was untrue.

8.     Rule 12(b)(6). Failure to state a claim upon which relief can be granted as plaintiffs' claims are prescribed under Louisiana's one year prescriptive period.

9.     Rule 12(b)(6). Failure to state a claim upon which relief can be granted as plaintiffs have not alleged a specific or present manifest injury or disease resulting from the alleged exposure, nor are plaintiffs entitled to medical monitoring damages to the extent plaintiffs seek same.

10.     Rule 12(b)(6). Failure to state a claim because plaintiffs' failed to make any particularized allegations regarding their injuries and damages, and failed to make any particularized allegations connecting any particular plaintiff to conduct by any particular defendant.

11.     Rule 12(b)(6). Failure to state a claim for breach of express and implied warranty under Mississippi, Texas, Alabama or any other applicable law as such claims are precluded as plaintiffs do not rely on privity of contract.

12.     Rule 12(b)(6). Failure to state a claim upon which relief can be granted to the extent that plaintiffs' allege strict liability as there is no basis under Louisiana law for same.

13.     Rule 12(b)(6). Failure to state a claim upon which relief can be granted to the extent plaintiffs seek to impose joint and several, solidary liability and/or market share liability upon manufacturing defendants, as such claims are precluded by applicable law.

14.     Rule 12(b)(6). Failure to state a claim upon which relief can be granted for attorney's fees as there is no basis under Louisiana, Mississippi, Alabama, Texas or Federal law, and/or any other applicable law for the awarding of attorney's fees based upon the facts alleged in the complaint.

15. Rule 12(b)(6). Failure to state a claim upon which relief can be granted to the extent plaintiffs' seek property damages under Louisiana, Mississippi, Alabama or Texas law, as plaintiffs are not entitled to recover same.

16. Rule 12(b)(6). Failure to state a claim upon which relief can be granted to the extent plaintiffs seek punitive damages as there is no basis for awarding punitive damages under the facts alleged in the complaint and applicable law.

19. Rule 12(b)(6). Failure to state a claim upon which relief can be granted to the extent plaintiffs seek compensatory damages as there is no basis for awarding same under the facts alleged in the complaint and applicable law.

20. Rule 12(b)(6). Failure to state a claim upon which relief can be granted to the extent plaintiffs seek damages pursuant to La. C.C. Arts. 2524 and 1994, 1995, and 1997, as there is no basis for awarding same under the facts alleged in the compliant and applicable law.

21. Rule 12(b)(6). Failure to state a claim for injunctive relief as there is no basis for same under the facts alleged in the complaint and applicable.

22. Plaintiffs lack standing as they are not the purchasers or buyers of the units as issue.

23. Rule 12(3). Motion for more definite statement of the complaint based on plaintiffs' failure to make particularized allegations about their injuries and damages and failure to make any particularized allegation about any particular defendant's alleged conduct.

24. Rule 9(b). Concealment, conspiracy, misrepresentation, and fraud claims should be dismissed for failure to plead such claims with the requisite particularity.

25. Rule 12(b)(1). Plaintiffs fail to establish that the court has subject matter jurisdiction over their claims.

26. Rule 12(b)(5). Plaintiffs have failed to sufficiently serve process upon these defendants.

27. Rule 12(b)(2). Plaintiffs fail to establish that the court has personal jurisdiction over these defendants.

28. Rule 12(b)(6). Plaintiffs fail to state a claim upon which relief can be granted under the products liability laws of Alabama, Louisiana, Mississippi, and/or Texas.

29. Rule 12(b)(6). Plaintiffs' claims against this defendant are barred by the

    applicable statutes of limitation, prescriptive and preemptive periods, and/or laches.

30.  Rule 12(b)(6). Plaintiffs' claims are barred by the doctrines of waiver, ratification, unclean hands and/or estoppel.

31.  Rule 12(b)(6). Plaintiffs' claims are barred by the principles of res judicata and/or collateral estoppel.

32.  Plaintiffs' claims should be dismissed, or alternatively, their damages (the existence of which is denied) should be reduced due to each plaintiff's own negligent conduct, lack of care, comparative fault, breaches of contract, fraud or legal fault.

33.  Plaintiffs have not sustained any damages proximately caused by this defendant.

34.  The damages allegedly sustained by plaintiffs (the existence of which damages is denied) were the result of acts or omissions of parties other than this defendant for which this defendant is not legally responsible.

35.  Some or all of plaintiffs' claims may be subject to binding arbitration.

36.  Rule 12(b)(6). Plaintiffs fail to state a failure to warn claim because they are charged with the knowledge of the federally mandated warnings regarding formaldehyde set forth in 24 C.F.R. § 3280, et seq.

37.  Plaintiffs were properly warned of the risks of formaldehyde alleged to exist in this defendant's product and the symptoms and/or injuries that could occur by occupying this defendant's products, which are the very type and nature of symptoms and injuries they allege they have suffered.

  These Defendants hereby preserve, adopt, and incorporate all defenses and motions to dismiss raised and briefed in the Manufacturing Defendants' Supplemental Memorandum in Support of their Joint Rule 12(b)(6) Motion to Dismiss (Doc. 922) and the Manufacturing Defendants' Joint Rule 9(b) Motion to Dismiss.  These Defendants hereby also preserve, adopt, and incorporate all defenses and motions to dismiss or other applicable items listed on the preservation lists of similarly situated co-defendants in MDL 07-1873 and in all underlying cases that have been transferred into MDL 07-1873, and all applicable Rule 12 and Rule 9 Motions filed by similarly situated co-

defendants in the MDL, as if copied herein *in extenso*. These Defendants reserve the right to amend or supplement these defenses and motions to dismiss and to file any other appropriate preliminary pleadings, dispositive motions or affirmative defenses in this case and in any other cases in which they have been or may be named as a party.

        **Respectfully submitted,**

        **Voorhies & Labbé**
        A Professional Law Corporation

        **BY:**   */s/ Lamont Domingue*
                Lamont P. Domingue - #20787
                700 St. John Street – 5th Floor
                Post Office Box 3529
                Lafayette, LA 70502-3527
                337-232-9700 Telephone
                337-235-4943 Facsimile
                **lpd@volalaw.com**

        **ATTORNEYS FOR Cavalier Home Builders, LLC, Cavalier Homes, Inc., Champion Home Builders Co., Circle B Enterprises, Inc., Homes of Merit, Inc., Liberty Homes, Inc., Redman Homes, Inc., River Birch Homes, Inc., Scotbilt Homes, Inc., and Waverlee Homes, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 19, 2009, I electronically filed with the Clerk of Court the foregoing *Preservation of Defenses* by using the CM/ECF system, which will send a notice of electric filing to:

Gerald Edward Meunier - gmeunier@gainsben.com, dmartin@gainsben.com

Andrew D. Weinstock - andreww@duplass.com, caccardo@duplass.com, cmotes@duplass.com

Justin I. Woods - jwoods@gainsben.com, ssnyder@gainsben.com

Henry Thomas Miller - henry.miller@usdoj.gov, etl.files@usdoj.gov

I also certify that I have mailed by United States Postal Service this filing to the following non-CM/ECF participants:

Jeffery N. Luthi
One Columbus Circle, NE
Federal Judiciary Bldg., Room G-255
Washington, DC 20002

/s/*Lamont P. Domingue*
Lamont P. Domingue - #20787

395079