# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION ) ) ) ) | MDL NO. 1873 <br><br> SECTION "N" (4) |
| This applies to Bell, No. 09-2976 (E.D. La.) ) ) | JUDGE ENGELHARDT <br><br> MAGISTRATE CHASEZ |

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL MEDICAL EXAM OF PLAINTIFF DIANA BELL

Defendant, Keystone RV Company ("Keystone"), submits this memorandum in support of its motion to compel an independent medical exam (IME) of the plaintiff, Diana Bell. Keystone has also moved for expedited consideration of this motion. As explained below, the Court should order Ms. Bell to appear for an examination on June 1, 2009, at East Jefferson Hospital, in Metairie, Louisiana.

### SUMMARY OF ARGUMENT

In connection with its upcoming bellwether trial, Keystone has requested that plaintiff, Diana Bell, appear for an IME on June 1, 2009 or, alternatively, on June 2, 2009. Those days were selected because the same independent medical examiner who will conduct Ms. Bell's IME is currently scheduled to do IMEs of the other bellwether plaintiffs on those days. If Ms. Bell's IME is not conducted on one of those two days, Keystone will have to incur additional costs in bringing its independent medical examiner back to New Orleans to conduct the exam on

another date. In addition, Keystone will have to suffer additional delays, and logistical difficulties in finding another date and location for the IME.

Counsel for Keystone first contacted plaintiff's counsel on April 30, 2009 to set up the IME for June 1 or 2. Plaintiff's counsel has refused to agree to either of those dates and have not provided alternative dates for the exam. They have simply said the plaintiff is "unavailable." In attempt to resolve this issue without the Court's intervention, counsel for Keystone has made approximately eight different attempts to get an explanation about Ms. Bell's unavailability on June 1-2, and to get alternative dates. None of those efforts have been successful, and Keystone is left with no choice but to file this motion.

Therefore, to avoid additional expense and burden on Keystone, and to ensure that Keystone has access to all information necessary to prepare its defense at trial, the Court should order Ms. Bell to appear for the requested IME on June 1, 2009.

## FACTUAL BACKGROUND

Keystone is the fourth bellwether defendant and will go to trial on January 10, 2010 in the matter entitled *Diana Bell v. Keystone RV Company*, Docket No. 09-2976. On April 29, 2009, counsel for Keystone requested that Ms. Bell participate in an IME on June 1 or 2, 2009.[1] Counsel for Keystone verbally followed up on that request. Not receiving any response, counsel for Keystone followed up again with a

---

[1] April 30, 2009 email from James Percy to Justin Woods (Exhibit 1).

May 12, 2009 email concerning the proposed IME.[2]

Ms. Bell's response, through her attorneys, was that she was "not available on June 1, 2009 for an IME."[3] After multiple requests for an explanation, her counsel verbally communicated that she had family and work obligations that made it difficult to schedule the IME. They have not, however, provided any specific explanation or reasons about her unavailability on the two proposed dates. In addition, her counsel has not yet provided alternative dates for her IME.[4]

On May 14, 2009, counsel for Keystone and Ms. Bell held a Rule 37.1 discovery conference. Despite their attempts, the parties were not able to resolve the dispute concerning Ms. Bell's IME. After that conference date, counsel made one last attempt to schedule the IME without the need for filing this motion.[5] The plaintiff's counsel has not responded and Keystone was left with no choice but to request the Court's assistance.

**DISCUSSION**

**1.   Standard under Rule 35**

Rule 35 of the Federal Rules of Civil Procedure provides that a party may request a physical or examination of another party:

---

[2] May 12, 2009 email from Ryan Johnson to Justin Woods (Exhibit 2).

[3] May 13, 2009 email from Justin Woods (Exhibit 3).

[4] *See* emails on May 13, 2009, May 14, 2009, May 18, 2009, and May 21, 2009. (Exhibit 4, *in globo*).

[5] *See* Exhibit 4 (May 21, 2009 email).

> When the mental or physical condition (including the blood group) of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control.[6]

Courts in the Fifth Circuit have made clear, that, as a pre-trial discovery procedure, Rule 35 should be interpreted liberally in favor of granting discovery.[7]

Under Rule 35, the Court may order examination upon motion and a showing of good cause.[8] The party seeking to compel the exam must show: (1) the plaintiff placed the issue of mental or physical condition in controversy; and (2) the defendant has good cause for the examination.[9] In some situations, the pleadings alone establish the Rule 35 requirements of "in controversy" and "good cause," such as in a negligence action where plaintiff alleges mental or physical injury or where a defendant asserts mental or physical condition as a defense to a claim.[10] Otherwise, the party requesting the exam must make a showing of good cause by way of motion.

---

[6] FRCP Rule 35(a)(1).

[7] *See In re Certain Asbestos Cases*, 112 F.R.D. 427, 432 (N.D. Tex. 1980).

[8] FRCP Rule 35 (a)(2)(A); *see Fischer v. Coastal Towing, Inc.*, 168 F.R.D. 199, 200-01 (E.D. Tex. 1996).

[9] *Schlagenhauf v. Holder*, 379 U.S. 104, 118-19 (1964). See also *Barcia v. ENI U.S. Operating, Co., Inc.*, 2006 WL 1236053 (E.D. La.), at *1-2 (citing two part standard).

[10] *Id.*, at 119.

**2. Because both of the requirements under Rule 35 are met here, the Court should order Ms. Bell's IME on June 1, 2009.**

There is no legitimate dispute as to the first requirement under Rule 35. Ms. Bell has clearly alleged a physical injury in her complaint against Keystone. Among other allegations, Ms. Bell contends that (a) her Keystone unit allegedly contained dangerous levels of formaldehyde;[11] (b) she spent "significant" time in her Keystone unit;[12] and (c) she seeks, among other damages, past and future physical injuries, past and future mental and physical pain and suffering and medical expenses resulting from living in her Keystone unit.[13]

The second requirement under Rule 35—good cause—is also met here. Keystone is set to go to trial on January 10, 2010. In connection with its defense, Keystone is entitled to conduct discovery concerning the plaintiff's alleged injuries. Given the nature of plaintiff's allegations, an IME is appropriate. As Magistrate Judge Roby explained in another case, "[t]he Supreme Court in *Schlagenhauf* noted that a 'plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy **and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury**.'"[14]

---

[11] Bell Complaint, ¶21.

[12] *Id.*, at ¶23.

[13] *Id.*, at ¶117.

[14] *Barcia v. ENI U.S. Operating, Co, Inc.*, 2006 WL 1236053 (E.D. La. 2006), at *2 (emphasis added).

Keystone has also made a number of efforts to schedule the IME during the time period when its examiners will be conducting IMEs of other bellwether plaintiffs. The purpose of coordinating the IME schedule is to make the process more efficient, and to minimize the costs associated with the exams. At present, the other bellwether defendants have scheduled their plaintiffs' IMEs on the morning of June 1, 2009 and June 2, 2009. Keystone has proposed that Ms. Bell's IME will take place at 1:00 p.m. on June 1, 2009.[15]

If Ms. Bell does not appear on June 1, or alternatively, June 2, Keystone will be forced to incur significant costs and delays in bringing its independent medical examiner back to New Orleans to conduct the Bell IME. This is because, among other reasons, the parties will be able to share in the travel and other costs in connection with the IMEs for the June 1-2, 2009 dates. If the examiner does the Bell IME at a later date, Keystone will not be able to split the costs associated with the exam with other defendants and will bear all the costs itself. In addition, Keystone anticipates that it will be difficult to find another convenient time and location to schedule the exam. The additional (and unnecessary) time and expense could be avoided if Ms. Bell simply appeared for her IME on June 1, 2009.

---

[15] As an alternative, and, in an effort to accommodate plaintiff's counsel, Keystone has also offered to allow Ms. Bell to attend her IME on June 2, 2009. To date, she has refused to do so.

## CONCLUSION

For the reasons explained in this memorandum, defendant Keystone requests that the Court enter an order pursuant to Federal Rule of Civil Procedure 35, ordering the plaintiff, Diana Bell, to appear for an IME on June 1, 2009 at 1:00 p.m.

Respectfully submitted,

*s/Ryan E. Johnson*
_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
8555 United Plaza Blvd., 5th floor
Building Four
Baton Rouge, LA  70809
Telephone: (225) 248-2000
Facsimile:  (225) 248-3080

-and-

Madeleine Fischer (La. Bar No. 5575)
Nan Roberts Eitel (La. Bar No. 19910)
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
201 St. Charles Avenue, 49th floor
New Orleans, LA   70170
Telephone:  (504) 582-8000
Facsimile:  (504) 589-8208

*Attorneys for Defendant,*
 *Keystone RV Company*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this day, a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system. Notice of this filing will be sent to all known counsel by operation of the court's electronic filing system. I also certify that I have mailed a copy of this filing to any non-CM/ECF participants by U.S. Mail, postage prepaid and properly addressed.

      Baton Rouge, Louisiana, this 22nd day of May, 2009.

                    *s/Ryan E. Johnson*
                _____
                      Ryan E. Johnson