UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | MDL No. 1873 |
| | SECTION N(5) |
| | JUDGE ENGELHARDT |
| THIS DOCUMENT IS RELATED TO:<br>*Paul Fountain, et al. v. United States of America through the Federal Emergency Management Agency, et al.,* No. 09-3622 | MAGISTRATE CHASEZ |

_____

**MORGAN BUILDINGS & SPAS, INC. AND MORGAN BUILDING SYSTEMS, INC.'S PRESERVATION OF DEFENSES**

Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc. (collectively, Morgan) submit the following list of defenses to be preserved in the following action pending in this multi-district litigation. Morgan reserves the right to amend or supplement these defenses and to file appropriate preliminary pleading and dispositive and other motions in the following case: *Paul Fountain, et al. v. United States of America through the Federal Emergency Management Agency, et al.*, No. 09-3622, Eastern District of Louisiana.

1.  Rule 12(b)(1) - Plaintiffs fail to establish that the Court has subject matter jurisdiction over their claims.

2.  Rule 12(b)(1) - Plaintiffs lack standing.

3.  Rule 12(b)(3) – Improper venue as to the plaintiffs who reside outside of the Eastern District of Louisiana.

4.  Rule 12(b)(6) - Plaintiffs fail to state any claim for relief against Morgan.

328817.1

5. Rule 12(b)(6) – Plaintiffs fail to state a claim because they fail to make particularized allegations regarding their injuries and damages, and fail to make any particularized allegations connecting themselves to conduct by any particular defendant

6. Rule 12(b)(6) - Plaintiffs fail to state a claim under the products liability laws of Louisiana.

7. Rule 12(b)(6) - Plaintiffs fail to state a claim for breach of an express warranty. *See also* Court's dismissal. R.Doc. 984.

8. Rule 12(b)(6) - Plaintiffs fail to state a claim for breach of an implied warranty.

9. Rule 12(b)(6) - Plaintiffs fail to state a claim because the emergency housing units (EHUs) sold by Morgan to the United States of America through the Federal Emergency Management Administration (FEMA) were manufactured in accordance with HUD guidelines, and warnings were placed in the EHUs warning of the matters of which plaintiffs complain. All persons are charged with knowledge of the published federal laws, rules and regulations, including the HUD-mandated warning concerning formaldehyde published in the Code of Federal Regulations. *See Federal Crop Ins. Corp. v. Merrill,* 332 U.S. 380 (1947). Any conflicting state law provisions are preempted.

10. Rule 12(b)(6) - Plaintiffs fail to state a claim because immunity exists based on an underlying federal contract.

11. Rule 12(b)(6) - The claims against Morgan are barred by the applicable statutes of limitations, prescriptive and peremptive periods, and/or laches.

12. Rule 12(b)(6) - Each plaintiff's negligence contributed to his/her alleged injury.

13. Rule 12(b)(6) - Plaintiffs fail to state a claim for medical monitoring damages, because they have not alleged a specific or manifest injury.

328817.1

14. Rule 12(b)(6) - Plaintiffs fail to state a claim for attorneys' fees and costs.

15. Rule 12(b)(6) - Plaintiffs fail to state a claim for punitive damages.

16. Rule 12(b)(6) - Plaintiffs fail to state a claim for property or economic damages. *See also* R.Doc. 984.

17. Rule 12(b)(6) - Plaintiffs fail to state a claim for injunctive relief.

18. Rule 12(b)(6) – Plaintiffs fail to state a claim for joint and/or solidary liability among the defendants.

19. Rule 9(b) - Plaintiffs have failed to plead fraud or misrepresentation with particularity.

20. Rule 21 – Plaintiffs fail to satisfy the requirements for joinder of parties under Rules 19 and 20.

21. Rule 12(b)(6) - Plaintiffs' claims are barred by the doctrines of waiver, ratification, unclean hands and/or estoppel.

22. Rule 12(b)(6) - Plaintiffs' claims are barred by *res judicata* and/or collateral estoppel.

23. Rule 12(b)(6) - Plaintiffs' claims should be dismissed, or alternatively, their damages (the existence of which damages is denied) should be reduced by each plaintiff's own negligent conduct, lack of care, comparative fault, or other legal fault.

24. Rule 12(b)(6) - Plaintiffs have not sustained any damages proximately caused by Morgan.

25. Rule 12(b)(6) - Any damages sustained by plaintiffs (the existence of which damages is denied) were the result of acts or omissions of parties other than Morgan and for which Morgan is not legally responsible.

26. Rule 12(b)(6) - Plaintiffs have failed to mitigate any alleged damages.

Respectfully submitted:

**McGlinchey Stafford, PLLC**

*s/Christine Lipsey*
Christine Lipsey (LA Bar Roll # 1182), T.A.
Dan E. West (LA Bar Roll #13372)
Kaye C. Templet (LA Bar Roll #27983)
Amanda S. Stout (LA Bar Roll #29001)
One American Place, 14th Floor
Baton Rouge, LA  70825
Telephone:  (225) 383-9000
clipsey@mcglinchey.com
dwest@mcglinchey.com
ktemplet@mcglinchey.com
astout@mcglinchey.com

***Attorneys for Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc.***

328817.1

## **CERTIFICATE OF SERVICE**

I certify that, on May 22, 2009, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all known counsel of record by operation of the court's CM/ECF system.  I also certify that there are no known non-CM/ECF participants.

*s/Christine Lipsey*_____
Christine Lipsey

328817.1