**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION**

| | |
|---|---|
| **IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION** | **MDL NO. 1873**<br><br>**SECTION N-5**<br>**JUDGE ENGELHARDT**<br>**MAG. JUDGE CHASEZ** |

**THIS DOCUMENT IS RELATED TO:**

**AGE, et al. v. GULFSTREAM COACH, INC., et al. [Case No. 09-2892]
BELL, et al. v. KEYSTONE RV COMPANY, et al. [Case No. 09-2967]
CRAWFORD, et al. v. FLEETWOOD ENTERPRISES, INC., et al. [Case No. 09-2893]
WRIGHT, et al. v. FOREST RIVER, INC., et al. [Case No. 09-2977]**

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**DEFENDANT UNITED STATES OF AMERICA'S REPLY MEMORANDUM
IN SUPPORT OF MOTION TO STRIKE JURY TRIAL REQUEST**

The United States of America ("United States") hereby submits this reply memorandum in support of its motion to strike the jury demand against it in the four bellwether cases, captioned above. The Plaintiffs and a combined group of Manufacturer and Contractor Defendants (hereinafter "Defendants") have each filed Oppositions to the United States' motion (hereinafter "Pl. Opp." and "Def. Opp." respectively). Neither of the Opposition briefs disputes the proposition that the United States' liability under the FTCA must be "tried by the court without a jury." 28 U.S.C. § 2402. Instead, the Opposition briefs argue that, under Louisiana law, the jury must allocate liability to the United States, and that the Court, in its discretion, should consider the jury's allocation in assessing the United States' liability. State law, however, cannot alter a condition of the United States' waiver of its sovereign immunity, and the Court's use of an advisory jury would contravene the intent of Congress and create great practical and legal problems. In fact, neither of the Opposition briefs effectively confronts the great

difficulties that will arise if the Court asks the jury to advise it regarding the FTCA liability of the United States.

## ARGUMENT

I. **Louisiana Law Cannot Require The Jury To Allocate Liability To The United States When This Requirement Would Alter A Condition Of The Government's Waiver Of Sovereign Immunity In The Federal Tort Claims Act.**

Contrary to the arguments in the Opposition briefs, Louisiana law cannot require that this Court allow a jury to allocate liability to the United States based upon Plaintiffs' FTCA claims. The FTCA's requirement that the claims against the United States be "tried by the Court without a jury," is undoubtedly a condition of the United States' waiver of sovereign immunity. *See Lehman v. Nakshian*, 453 U.S. 156, 160-61 (1981) (stating that Congressional waivers of the United States' sovereign immunity are "almost always conditioned . . . upon a plaintiff's relinquishing any claim to a jury trial," and the terms of the government's consent to suit "must be strictly observed"). The scope of the FTCA's immunity waiver with respect to specified exceptions and procedural requirements in the statute is purely a question of federal law. *See Richards v. United States*, 369 U.S. 1, 13-14 & n.28 (1962). One of these provisions is that FTCA claims must be "tried by the court without a jury." 28 U.S.C. § 2402.

In *Richards v. United States*, the Supreme Court had to determine what state law to apply to a wrongful death action pursuant to the FTCA's requirement that the United States' liability be the same as the liability of a "private person" based upon "the law of the place where the act or omission occurred." 369 U.S. at 2-3 (quoting 28 U.S.C. § 1346(b)(1)). In reaching its decision, the Court noted that that there are specific instances set forth in the FTCA, "where the liability of the United States is not coextensive with that of a private person under state law." 369 U.S. at 13-14 & n.28. As one of these instances, the Court specifically stated that an FTCA

- 2 -

"claimant cannot obtain a trial by jury under the Act, although he could against a private individual." *Id.* at 13 n.28. The Court concluded "Congress has been specific in those instances where it intended the federal courts to depart completely from state law." *Id.* at 14. Thus, in providing that the FTCA claims must to be tried by the court without a jury, Congress specifically supplanted any state law regarding use of juries where the United States' liability is at issue.

The Opposition Briefs cite two Louisiana statutory provisions (La. Civ. Code. arts. 2323, 2324), neither of which references the liability of the United States, and argue that this state law compels the jury to allocate liability to the government. (Pl. Opp. at 2; Def. Opp. at 2-4). While these provisions generally require a jury to allocate liability to parties who are immune or insolvent, the provisions do not specifically reference the United States. *See* La. Civ. Code. arts. 2323, 2324. Indeed, the only specific immunity reference in these provisions is to workers' compensation immunity under Louisiana law. *Id.*[1] Even if the state statute specifically required the jury to apportion liability to the United States, a state law cannot modify a congressionally enacted statute. This principle derives from one of the fundamental Supreme Court decisions in American jurisprudence, *McCulloch v. Maryland*, 17 U.S. (4 Wheat.) 316 (1819), in which the Court determined that the state of Maryland could not tax a federally chartered bank. Writing for the Court, Chief Justice John Marshall stated:

> states have no power, by taxation or otherwise, to retard, impede, burden, or in any manner control, the operations of the constitutional laws enacted by congress to carry into execution the powers vested in the general government. This is, we think, the unavoidable consequence of that supremacy which the constitution has declared.

---

[1] Contrary to Plaintiffs' statement (Pl. Opp. at 2 n.1), the United States never asserted that workers' compensation immunity was the only immunity covered by the statute, but rather that it was the only immunity specifically referenced in the statute.

*Id.* at 436.  Pursuant to this principle, courts have found that state law cannot alter the specific exceptions and procedural requirements of the FTCA.  *See*, *e.g.*, *Leleux v. United States*, 178 F.3d 750, 755 n.2 (5th Cir. 1999) (holding that the definition of battery under Louisiana law does not impact whether the FTCA's exception for battery applies because "[s]tate law is relevant only in determining the standard of *negligence* to apply in an FTCA case") (emphasis original); *Erlin v. United States*, 364 F.3d 1127, 1132-33  (9th Cir. 2004) (quoting *McCulloch* and holding that state law cannot influence the accrual of the FTCA's statute of limitations).

## II. Use Of An Advisory Jury For An FTCA Action Would Be Contrary To The Clear Congressional Intent In The Statute.

For the most part, the Opposition briefs fail to address the United States' legal arguments that Congress did not intend for a jury to be involved in any way in determining the liability of the United States.  The Opposition briefs do not provide any legislative history indicating Congressional intent to allow advisory juries for FTCA actions.  Further, the Opposition briefs do not show how Fed. R. Civ. P. 39(c) can trump the clear Congressional intent expressed in 28 U.S.C. § 2402, when the application of rules of statutory construction leads to the opposite conclusion.  These rules are:  (1) the canon that courts must strictly construe waivers of sovereign immunity in favor of the government, *McLaurin v. United States*, 392 F.3d 774, 780 (5th Cir. 2004); (2) the requirement in the Rules Enabling Act that the Rules must "be consistent with Acts of Congress" and cannot "modify any substantive right," 28 U.S.C. §§ 2071(a), 2072(b); and (3) the statement in Fed. R. Civ. P. 82, that the Federal Civil Rules "do not extend . . . the jurisdiction of the district courts."

At most, the Opposition briefs cite cases in which district courts – usually without much, if any, legal analysis – decided to use an advisory jury in adjudicating an FTCA claim. (Pl. Opp. at 5-6; Def. Opp. at 4-7). Plaintiffs even claim that the law review article that the United States cited in its opening brief supports their position because it identifies several cases in which courts have used an advisory jury (Pl. Opp. at 3-4); Plaintiffs neglect the legal arguments in the very same article which show that there is no basis for finding Congressional intent to allow advisory juries with respect to FTCA claims. Moreover, the mere fact that some courts have used advisory juries in FTCA actions does not mean that those courts were legally correct in doing so.

Actually, those courts that have used an advisory jury to adjudicate FTCA claims have usually done so for perceived practical reasons and have rarely engaged in any extensive legal analysis. Both Opposition briefs reference a case from this district in which the court used an advisory jury, *Versai Mgmt. Corp. v. Standard Fire Ins. Co.*, 2007 WL 184884, at *3 (E.D. La. 2007). (Pl. Opp. at 5-6; Def. Opp. at 5-6). That case did not involve the FTCA and simply adopted the reasoning of a district court in the District of Columbia. In contrast, another federal district court in Louisiana, albeit in the Western District, engaged in an extensive legal analysis and correctly found that 28 U.S.C. § 2402 prohibited using advisory juries for FTCA actions. *See Honeycutt v. United States*, 19 F.R.D. 229, 230-31 (W.D. La 1966).

Plaintiffs also argue that Fifth Circuit caselaw supports the use of advisory juries in FTCA actions. This argument is incorrect and, as we show below, the most recent 2003 pronouncement of the Fifth Circuit supports the opposite conclusion. Plaintiffs contend that *American Airlines Inc. v. United States*, 418 F.2d 180 (5th Cir. 1969) is "authoritative in the Fifth Circuit for the proposition that advisory juries may be used in

FTCA cases to address and determine the fault of the Government." (Pl. Opp. at 4). *American Airlines*, however, is plainly distinguishable because the issue of whether a jury should be allowed to render an advisory verdict was neither the question presented before the Fifth Circuit nor the basis for its opinion in that case. Rather, the Fifth Circuit merely noted that the district court had used an advisory jury and proceeded to review the ***district court's*** independent determinations that the United States was not negligent and did not proximately cause plaintiffs' injuries to decide whether those findings were clearly erroneous. *See id.* at 183. Whether the district court erred in using an advisory jury was not a matter before the court on appeal. As the court stated, "the crucial issue on this appeal is whether the findings of the District Court, exonerating the United States, were clearly erroneous." *Id.* Accordingly, *American Airlines* is not authority for the proposition that a district court may utilize an advisory jury in FTCA cases.

In fact, while the Fifth Circuit has never specifically addressed whether advisory juries are permissible in FTCA actions, the court has provided an indication how it might rule when faced with the issue. In *Andrade v. Chojnacki*, 338 F.3d 448, 457 (5th Cir. 2003), the Fifth Circuit flatly stated, "The FTCA does not grant plaintiffs the right to a jury trial. 28 U.S.C. §2402 (2000)." The court also noted, "***Notwithstanding the clear congressional mandate*** that claims against the federal government are to be tried to the bench, Appellants moved for the empaneling of an advisory jury . . . ." 338 F.3d at 457. *See also Petrus v. United States Justice Dept.,* 1994 WL 83744, at *3 (Feb 28, 1994) (citing *Richards*, 369 U.S. at 13 n.28 and stating "[t]here is no right to a jury trial on a claim under the Federal Tort Claims Act"); *United States v. Myers*, 363 F.2d 615, 620, n.8 (5th Cir. 1966) (noting that in actions in which the United States is defending claims

against its employees – which would include all FTCA actions – trial is to be had "in a United States District Court and is without a jury"). Consequently, if one were to predict how the Fifth Circuit would rule on the issue, it seems very likely that the court would find that advisory juries are prohibited for FTCA actions.

### III. Using An Advisory Jury As To The United States Would Create Substantial Practical Problems.

Plaintiffs fail to confront any of the practical problems that the United States identified with respect to the use of an advisory jury in this action, and Defendants claim that these considerations are "overblown." (Def. Opp. at 8). Yet, as the United States pointed out in its opening brief, using an advisory jury in this case presents great practical problems. Most significantly, an advisory jury might well apportion liability to the United States based upon conduct that this Court has already ruled is insulated from suit by the discretionary function exception on the basis of evidence that the other parties present. Given the Court's prior ruling, the jury cannot apportion liability to the United States based upon: (1) the United States' decision to use travel trailers in response to the hurricane, (2) the United States' decision to delegate responsibility to contractors to haul, install, and maintain the units, as well as to provide contractual terms setting forth instructions regarding such activities, or (3) the United States' response actions after approximately June 2006. *See* October 3, 2008 Order and Ruling at 39-40, 44-45 [Dkt. No. 717]. It will be extremely difficult to instruct a jury that it may not consider this evidence in assessing the United States' liability, and nearly impossible for a jury to ignore the evidence even when instructed to do so. Thus, there is no utility to using an "advisory" jury when its advice will essentially be flawed.

Moreover, contrary to Defendants' assertions (Def. Opp. at 9), Plaintiffs' claims against them are not so intertwined with Plaintiffs' claims against the government that the jury will be unable to distinguish between the two in assessing liability, thus risking jury apportionment of liability to Defendants for government conduct.  Plaintiffs' claims against Defendants are primarily product liability claims whereas Plaintiffs' surviving claims against the government primarily involve the government's conduct in response to formaldehyde concerns.  Thus, the jury should have no trouble assessing the Defendants' liability for their conduct alone without any reference to the government.  It is much more likely the jury would hold the United States liable for conduct protected by the discretionary function exception than the jury would hold Defendants liable for the United States' conduct.

Indeed, the Opposition Briefs fail to acknowledge that using an advisory jury regarding the United States' liability in this case is in direct tension with their arguments that the jury must allocate fault to immune parties under Louisiana law.   If the jury is allocating liability to an immune party under Louisiana law, it is attributing a percentage of fault to that party ***irrespective of its immunity***.  Here, however, in order for a jury to advise the Court regarding the United States' liability, it must not attribute any fault to the government for conduct which this Court has already determined is shielded from liability by the sovereign immunity reservation of the FTCA's discretionary function exception.  As a practical matter, only the Court can properly allocate liability to the United States through the prism of its prior jurisdictional rulings in this case.

Additionally, neither Opposition Brief explains how the Court could disagree with an advisory jury's apportionment of liability to the United States without creating substantial problems with respect to the jury's apportionment of liability to the private defendants.  On the

other hand, if the Court simply agrees with the jury's apportionment, was the United States' liability really determined "by the court without a jury" as the statute requires? The United States has presented a workable and practical solution. The Court can have the jury apportion liability exclusively among the private parties without assigning any share of liability to the United States. If the Court also finds the United States liable, any of the private parties could then seek contribution from the United States if that party believes that it has been assigned a disproportionate share of fault, some of which belongs to the United States. Defendants object that this is impossible because "Defendants have neither the right nor desire for a contribution claim" under Louisiana law. (Def. Opp. at 2-3). Defendants, however, have not demonstrated that Louisiana law has abolished contribution actions in circumstances in which a jury cannot legally apportion liability to a potentially responsible party.[2] In *United States v. Yellow Cab Co.*, 340 U.S. 543, 546-558 (1951), the United States Supreme Court found that defendants could bring contribution actions against the United States under the FTCA. Significantly, while the Supreme Court noted certain difficulties of trying a non-jury FTCA action against the United States with a jury action against a private defendant, *id.* at 555, the Court did not suggest use of an advisory jury as an alternative given the prohibition in 28 U.S.C. § 2402.

---

[2] The provisions in Louisiana law in La. Civ. Code arts. 2323, 2324 did not specifically abolish contribution actions, but the natural result of those provisions rendered contribution actions unnecessary in almost every case given that the fact finder was required to attribute fault to non-parties. The statute did not anticipate a situation in which a particular fact finder was legally prohibited from allocating fault to a particular party. At the same time, nothing in the provisions require that *one* fact finder, whether it be a jury or the Court, make all of the findings in one proceeding regarding relative degrees of liability. In fact, none of the authorities that Defendants have cited states that contribution was specifically abolished by the statute; instead, the authorities state that contribution actions appeared no longer necessary because of the effect of the statutory provisions. Moreover, state law need not provide a perfect analogy for the United States' contribution liability  *See LaBarge v. County of Mariposa*, 798 F.2d 364, 367 (9th Cir. 1986) (stating that the court's job with respect to the United States' liability under the FTCA is to find "the most reasonable analogy").

Finally, contrary to Defendants' suggestion (Def. Opp. at 9), the United States' proposed solution would not require producing "the same evidence and calling the same witnesses" multiple times. Few witnesses would offer testimony that simultaneously relates to the tort liability of Defendants *and* the United States (evidence regarding FEMA's response will usually be unrelated to the factual evidence relevant to other defendants); but, when that occurs, the jury need not be excused. The parties do not have to present the testimony twice because the Court will have heard the testimony when it was presented to the jury. The Court may excuse the jury, however, when testimony relates exclusively to the alleged negligence of the United States. In the latter circumstance – particularly in subsequent trials – the parties may agree to offer prior trial and deposition testimony in place of live witnesses, thus *saving* substantial resources.

In sum, using an advisory jury is contrary to Congressional intent and creates more problems than it solves.

## CONCLUSION

For the foregoing reasons, as well as the reasons articulated in the United States' opening memorandum, the Court should grant the United States' motion to strike the jury demand against it and refuse to use an advisory jury in determining the United States' liability.

Dated:   May 26, 2009               Respectfully Submitted,

                                    TONY WEST
                                    Assistant Attorney General, Civil Division

                                    J. PATRICK GLYNN
                                    Director, Torts Branch, Civil Division

                                    HENRY T. MILLER
                                    Senior Trial Counsel

        ADAM DINNELL
        MICHELLE BOYLE
        JONATHAN WALDRON
        Trial Attorneys

        <u>//S// Adam Bain</u>

        ADAM BAIN (IN Bar No.11134-49)
        Senior Trial Counsel
        United States Department of Justice
        Civil Division – Torts Branch
        P.O. Box 340, Ben Franklin Station
        Washington, D.C. 20044
        Telephone No:  (202) 616-4209
        E-mail:  adam.bain@usdoj.gov

        Attorneys for the United States of America

OF COUNSEL:

JORDAN FRIED
Associate Chief Counsel
JANICE WILLIAM-JONES
Trial Attorney
FEMA/DHS