UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| **IN RE: FEMA TRAILER** | * | **MDL NO. 2:07-MD-1873** |
| **FORMALDEHYDE** | * | |
| **PRODUCTS LIABILITY** | * | **SECTION: N(4)** |
| **LITIGATION** | * | |
| | * | **JUDGE: ENGELHARDT** |
| | * | |
| **THIS DOCUMENT RELATES TO** | * | **MAGISTRATE JUDGE:** |
| *FOUNTAIN, ET AL V. UNITED* | * | **CHASEZ** |
| *STATES OF AMERICA THROUGH* | | |
| *THE FEDERAL EMERGENCY* | | |
| *MANAGEMENT AGENCY, ET AL.* | | |
| **NO. 09-3622 E.D. La.** | | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**RULE 12(B) PRESERVATION LISTING
FILED ON BEHALF OF PLAY'MOR TRAILERS, INC.**

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Play'Mor Trailers, Inc. ("Play'Mor"), who, pursuant to Pretrial Order No. 36 (Doc. 1386), respectfully submits the following list of defenses pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, in the underlying lawsuit of *Fountain, et al v. United States of America Through the Federal Emergency Management Agency, et al.,* Civil Action No. 09-3622[1], originally

---

[1] Play'Mor is filing this Preservation List in accordance with Pre-Trial Order 36. Play'Mor objects to this requirement to file this list as it is in violation of the Defendant's right to equal protection and due process. Further, there does not exist adequate information for Play'Mor to formulate the proper defenses to this matter such as the subject matter jurisdiction of the court; the *in personam* jurisdiction over the Defendant by the court (if any), of the viability of an Article III case or controversy as it relates to Play'Mor, or the possibility of filing any other motions pursuant to Rule 12 of the Federal Rule of Civil Procedure. This preservation list is being filed out of an abundance of caution, and Defendant reserves its right to supplement and amend its preservation list in the future as further discovery may warrant and require, and in accordance with any and all subsequently filed or served lawsuits naming Play'Mor as a party defendant.

filed in the United States District Court, Western District of Louisiana[2], which is submitted in addition to joint defenses, including any Rule 9 and Rule 12 defenses, submitted by defense liaison counsel.  Defendant's listing is limited to only the *Fountain* matter, and Defendant reserves its right to assert any other allowable preliminary pleadings, dispositive motions or affirmative defenses in this case or in any other case in which it is subsequently named and properly served.

In accordance with the Court's direction, Defendant submits the following 12(b) defenses that are anticipated to be raised should this underlying matter proceed forward against Defendant:

1. Plaintiffs have brought this action in a court of improper venue.

2. Lack of personal jurisdiction.

3. Failure to establish that this Court has subject matter jurisdiction over plaintiffs' claims against this defendant.

4. Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' negligence, negligence *per se,* gross negligence, recklessness, failure to inspect, breach of implied warranty and "failing to act in a prudent manner" claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

5. Failure to state a claim for breach of implied and express warranty because those claims are not available to plaintiffs, and to the extent that they are available, they are

---

[2]The Western District Case number assigned to the *Fountain* matter is 09-0466.  This matter was conditionally transferred to the instant MDL on April 29, 2009, which was filed into the Eastern District record on May 15, 2009 (Rec. Doc. 1559), assigning the *Fountain* matter Eastern District Case number 09-3622.

precluded by the Louisiana Products Liability Act.

6. Failure to state a claim upon which relief can be granted as plaintiffs' claims are prescribed under Louisiana's one year prescriptive period.

7. Failure to state a claim upon which relief can be granted as plaintiffs' have not alleged any current injury, but rather has generally claimed unspecified current and future injury.

8. Failure to state a claim because plaintiffs' failed to make any particularized allegations regarding their injuries and damages, and failed to make any particularized allegations connecting any particular plaintiff to conduct by any particular defendant.

9. Failure to state a claim upon which relief can be granted to the extent that plaintiffs' allege strict liability as there is no basis under Louisiana law for same.

10. Failure to state a claim upon which relief can be granted to the extent plaintiffs seek to impose joint and several and/or solidary liability upon manufacturing defendants, as such claims are precluded by applicable law.

11. Failure to state a claim upon which relief can be granted for attorney's fees as there is no basis under Louisiana law, Federal law, and/or any other applicable law for the awarding of attorney's fees based upon the facts alleged in the complaint.

12. Failure to state a claim upon which relief can be granted to the extent plaintiffs' seek property damages under Louisiana law, Federal law, and/or any other applicable law as plaintiffs are not entitled to recover same.

13. Failure to state a claim upon which relief can be granted to the extent plaintiffs seek

punitive damages as there is no basis for awarding punitive damages under the facts alleged in the complaint and applicable law.

14. Failure to state a claim upon which relief can be granted to the extent plaintiffs seek compensatory damages as there is no basis for awarding same under the facts alleged in the complaint and applicable law.

15. Plaintiffs lack standing as they are not the purchasers or buyers of the units at issue.

16. Failure to state a claim upon which relief can be granted to the extent plaintiffs seek damages pursuant to La. C.C. Arts. 2524 and 1994, 1995, and 1997, as there is no basis for awarding same under the facts alleged in the complaint and applicable law.

17. Plaintiffs fail to state a claim upon which relief can be granted as to the redhibition claim. Rather than specifically stating a claim for redhibition, plaintiffs state claims for breach of implied and expressed warranties which fail because there is no privity of contract between the plaintiffs and the manufacturer.

18. Failure to state a claim upon which relief can be granted as plaintiffs have not alleged a specific or manifest injury or disease resulting from the alleged exposure, nor are plaintiffs entitled to medical monitoring damages to the extent plaintiffs' seek same.

19. Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by the provisions of the Louisiana Products Liability Act to the extent it is established that any named plaintiff did not use a product manufactured by Play'Mor Trailers, Inc., LLC.

20. Failure to state a claim for injunctive relief as there is no basis for same under the

facts alleged in the complaint and applicable law.

21. Failure to plead fraud and misrepresentation with particularity.

22. Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are duplicative to the extent it is established that any named plaintiff previously filed, and has pending, another lawsuit arising out to of the same operative facts and circumstances made the subject of this lawsuit.

Defendant hereby adopts and incorporates all filings of applicable items listed in the preservation lists of similarly situated co-defendants in the Multi-District Litigation 07-1873 in all underlying cases, and all applicable Rule 12 and Rule 9 Motions filed by similarly situated co-defendants in the MDL and underlying cases, as if copied herein *in extenso*.

Respectfully submitted,

*/s/Randall C. Mulcahy*
LYON H. GARRISON, Bar No. 19591
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
GARRISON, YOUNT, FORTE
& MULCAHY, LLC
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Attorneys for defendant,
Play'Mor Trailers, Inc.
Email: rmulcahy@garrisonyount.com

## CERTIFICATE OF SERVICE

     I hereby certify that on May 26, 2009, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

                                         */s/Randall C. Mulcahy*
                                         RANDALL C. MULCAHY, Bar No. 26436