**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | | |
|---|---|---|
| **IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION** | ) | **MDL NO. 07-1873** |
| | ) | **SECTION "N-5"** |
| | ) | **JUDGE ENGELHARDT** |
| **THIS DOCUMENT RELATES TO:** ***Fountain, et al. v. The United States of America, et al.*****, 09-3622** | ) | **Magistrate Judge Alma L. Chasez** |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ON BEHALF OF CMH MANUFACTURING, INC., SOUTHERN ENERGY HOMES, INC., GILES FAMILY HOLDINGS, INC., GILES INDUSTRIES, INC., SUNRAY RV, LLC, AND SUNRAY INVESTMENTS, LLC**

Defendants CMH Manufacturing, Inc., Southern Energy Homes, Inc., Giles Family Holdings, Inc., Giles Industries, Inc., SunRay RV, LLC, and SunRay Investments, LLC[1] (the "Defendants") respectfully submit this memorandum in support of their Motion to Dismiss the Complaint filed in *Fountain, et al. v. The United States of America, et al.,* 09-3622 (the "*Fountain* Complaint" See Doc. No. 1559).

## INTRODUCTION

In its August 1, 2008 Order and Reasons (Rec. Doc. 599) (the "August 1st Order") this Court granted the Defendants' Motion to Dismiss the Administrative Master Complaint (the "Original AMC") (Rec. Doc. 259), finding that the plaintiffs lacked standing because "no plaintiff is matched to any specific Newly-Added Defendant." *See* August 1st Order, p. 11.

[1] The *Fountain* Complaint purports to state a claim against "Giles Family Holdings, Inc. and/or Giles Industries, Inc., and/or Giles Industries of Tazewell, Incorporated" and "SunRay RV, LLC and/or SunRay Investments, LLC." Defendants object to this shot-gun pleading to the extent in purports to state distinctively a claim against any of the Defendants. (*See* Doc. Nos. 295-2, 379, and 541). Moreover, there is no such entity as Giles Industries of Tazewell, Incorporated.

Specifically, this Court held that the Original AMC was "deficient because it fails to include allegations that any particular plaintiff lived in any particular housing unit or was harmed by a specific manufacturer of any housing unit." *See* August 1st Order, p. 9.[2] Because the *Fountain* Complaint -- like the Original AMC -- fails to allege that anyone lived in any particular housing unit or was harmed by a particular manufacturer of any housing unit, it too is deficient and the Defendants should therefore be dismissed. The Defendants also herein assert many standard Rule 12 defenses and expressly join in those presented in motions to dismiss filed by other Defendants. Accordingly, Defendants respectfully request that this Court dismiss them from this action.

## STATEMENT OF MATERIAL FACTS

For purposes of this motion, the relevant pleading facts are simple and uncontested.

The *Fountain* Complaint, filed on March 24, 2009, purports to state a claim against the United States of America and various manufacturers of travel trailers, park models, and/or manufactured homes (hereinafter collectively, "housing units") based upon FEMA supplying the Plaintiffs' mother with a housing unit after Hurricanes Katrina and Rita in September 2005. *See Fountain* Complaint. Plaintiffs generally allege that the housing unit provided to their mother contained purportedly high levels of formaldehyde. *Id.* Remarkably, despite their mother having only lived in one housing unit, Plaintiffs name seventy-six (76) housing unit manufacturers as party defendants. The *Fountain* Complaint does not identify which particular housing unit the Plaintiffs' mother resided, or even which particular defendant manufactured the unit. To this end, the *Fountain* Complaint does not allege that anyone was harmed by a specific manufacturer of any housing unit. As such, the *Fountain* Complaint does not allege that anyone ever resided

[2] *See also* Order dismissing the *Laney* Complaint (Doc. No. 988) for the same basic deficiency.

in a housing unit constructed by a Defendant, nor that any act or omission by a specific Defendant proximately caused anyone harm.

**MOTION TO DISMISS STANDARD**

In 2007, the United States Supreme Court significantly altered the standard for federal courts to use in deciding a motion to dismiss. *See Bell Atlantic v. Twombly,* 127 S. Ct. 1955 (2007) ("*Twombly*"). Pre-*Twombly*, claims were dismissed only if the court found that a plaintiff could prove "no set of facts" that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). *Twombly* retired the *Conley* "no set of facts" language, *Twombly*, 127 S. Ct. at 1969 ("[t]he phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard."), and ushered in a new "plausible claim" pleading standard. *Id.* at 1974. The Supreme Court held in *Twombly* that in order to survive a motion to dismiss, a plaintiff cannot simply set forth conclusory allegations of the bare elements of a cause of action. *Id.* at 1964-65 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . .") (citations omitted). Instead, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly,* 127 S. Ct. at 1965 n.3. A plaintiff must allege "enough facts to . . . . nudge[] [his] claims across the line from conceivable to plausible" in order to prevent the dismissal of the complaint. *Id*. at 1974.[3]

[3] The Fifth Circuit has subsequently embraced Twombly's "plausible claim" requirement. *See e.g., Guidry v. American Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) ("*Guidry*") ("The plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face'") (citing *Twombly*); *Samford v. Staples*, 249 Fed. Appx. 1001, 1003-04 (5th Cir. 2007) (holding conclusory allegations insufficient to overcome motion to dismiss under Twombly).

## ARGUMENT

### I. PLAINTIFFS LACK ARTICLE III STANDING TO ASSERT CLAIMS AGAINST THE DEFENDANTS.

As noted above, the *Fountain* Complaint fails to allege that anyone lived in a specific housing unit manufactured by a specific Defendant. *See Fountain* Complaint. What's more, Plaintiffs do not allege that anyone suffered any specific physical injury, much less that this specific injury was proximately caused by a specific Defendant. In sum, the Complaint pleads **absolutely no connection** between the Defendants and the Plaintiffs' mother. Instead, Plaintiffs attempt to collectively plead against all Manufacturing Defendants, including the Defendants, various "product liability" claims under the Louisiana Products Liability Act, including failure to warn and breach of express warranty. As set forth below, all of these claims against the Defendants should be dismissed.

In its August 1st Order, this Court found that the named plaintiffs in the Original AMC failed to satisfy their burden of proof of establishing Article III standing where the plaintiffs failed to allege that they ever lived in a specific housing unit manufactured by a specific Manufacturing Defendant:

> Also pertinent to this [standing] inquiry is the Fifth Circuit's ruling in *Audler v. CBC Innovis, Inc.*, 519 F.3d 239 (5th Cir. 2008), wherein the named plaintiffs claims against one defendant, with which he had dealings, were dismissed by the district court. On appeal, the question for the Fifth Circuit became whether the named plaintiff could have Article III standing against the remaining defendants with which he had not dealt. The Fifth Circuit found that the named plaintiff lacked standing, and dismissed the appeal. *Id.* at 248. Since the remaining defendants had no dealing with the named plaintiff, the Fifth Circuit ruled that the class defendants "have caused [the named plaintiff] no cognizable injury." *Id.* at 247. According to the Court, the named plaintiff "lacks standing to bring claims against any Defendant other than [the defendant with which he dealt]." *Id.* Here, the named Plaintiffs have similarly not set forth allegations sufficient and specific enough to establish that any of them has Article III standing to pursue claims against any of the Newly-Added Defendants.

> Thus, the Court finds that the AMC is deficient because it fails to include allegations that any particular plaintiff lived in any particular housing unit or was harmed by a specific manufacturer of any housing unit. *See Audler*, 519 F.3d 239. Standing is an irreducible constitutional minimum that is a threshold inquiry to adjudication. The Court cannot simply ignore the fact that, at this point in time, sufficient facts have not been alleged to show that standing exists.

August 1st Order, p. 9.

Much like the Original AMC, in the case at bar, Plaintiffs fail allege that anyone ever lived in a specific housing unit manufactured by a specific Defendant. Similarly, Plaintiffs fail to allege that anyone was harmed as a proximate result of any action or omission on the part of a specific Defendant. Obviously therefore, the *Foutain* Complaint -- like the Original AMC -- does not set forth allegations sufficient and specific enough to establish that Plaintiffs have Article III standing against any Defendant. As a result, the Plaintiffs have necessarily failed to satisfy their burden of establishing Article III standing as to the Defendants, and thus this Court does not have subject-matter jurisdiction over the claims by the Plaintiffs against the Defendants.

## II. INCORPORATION OF ADDITIONAL GROUNDS AND DEFENSES.

The Defendants herein specifically adopt and join the motions and briefs presented in motions to dismiss the *Fountain* Complaint filed by other Defendants and assert the following additional Rule 12 defenses:

- Failure to State a Claim Upon Which Relief May Be Granted;
- Failure of Service of Process;
- Insufficiency of Service of Process;
- Lack of Personal Jurisdiction;
- Improper Venue;
- Inconvenient Venue;

- Plaintiffs' "failure to warn" claim under the Louisiana Products Liability Act fails as a matter of law as to the manufactured housing defendants. As Plaintiffs' counsel admits in the AMC, HUD mandated a warning concerning formaldehyde exposure and promulgated the text of the warning in the Code of Federal Regulations. Under *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380 (1947), all persons are charged with constructive knowledge of the published federal laws, rules and regulations. Under Louisiana Civil Code Article 5, no person may claim ignorance of the law. Even if one or more of the Plaintiffs could demonstrate that there was no HUD-mandated warning posted in one of the manufactured houses, the Plaintiffs' claim of a failure to warn would still fail as a matter of law because they are charged with knowledge of the warning in any event because it is published in the Code of Federal Regulations.; and

- Federal Rule of Civil Procedure Rule 12(B) Preservation Lists Filed on Behalf of Defendants. (Docs. Nos. 518, 787, 951).

## CONCLUSION

The *Fountain* Complaint is an affront to the threshold constitutional inquiry required by Article III, directly contrary to this Court's August 1st Order. The Plaintiffs do not have Article III standing against the Defendants as the *Fountain* Complaint fails to allege that any specific plaintiff lived in any specific housing unit or was harmed by a specific manufacturer of any housing unit. As a result, the only appropriate action for this Court is to dismiss the Defendants from this civil action, just as this Court dismissed the Defendants from the Original AMC.

For all of the foregoing reasons, the Defendants' Motion to Dismiss should be GRANTED.

Respectfully submitted by:

/s/ James K. Carroll

James K. Carroll
One of the Attorneys for Defendants

**OF COUNSEL:**

Thomas W. Thagard, III
Lorrie L. Hargrove
Edward A. "Ted" Hosp
Edward S. Sledge IV
**MAYNARD, COOPER & GALE, P.C.**
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2616
Telephone 205-254-1000
Fax: 205-254-1999

James K. Carroll (#3898), T.A.
Stephanie D. Skinner (#21100)
Kati Cox Weaver (#30878)
**FOWLER RODRIGUEZ VALDES-FAULI**
400 Poydras Street, 30th Floor
New Orleans, Louisiana 70130
Telephone: 504-523-2600
Fax: 504-523-2705

**CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document by first-class mail to all counsel of record who are non-CM/ECF participants.

/s/ James K. Carroll
Of Counsel