UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N |

This document relates to:
*Fountain, et al v. United States of America Through the Federal Emergency Management Agency, et al.,*
No. 09-3622

## PRESERVATION OF DEFENSES UNDER RULE 12(b) BY DEFENDANTS FOREST RIVER, INC. AND VANGUARD INDUSTRIES OF MICHIGAN, INC. (a/k/a PALOMINO RV)

Consistent with the guidelines set forth in Pretrial Order No. 36 (Rec. Doc. No. 1386), defendants Forest River, Inc. and Vanguard Industries of Michigan, Inc. (a/k/a Palomino RV) submit the following list of defenses and/or motions to be preserved in the following underlying action which is currently pending in the above captioned multidistrict litigation proceeding:

1. ***Fountain, et al v. United States of America Through the Federal Emergency Management Agency, et al., , No. 09-3622 (E.D. La.)***

    (a) Rule 12(b)(3): Improper Venue;

    (b) Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant knew or should have known of his or her cause of

      action more than a year before March 2, 2009 (accounting for all tolled time during the pendency of the class action), rendering all claims prescribed under Louisiana law;

(c) Rule 12(b)(6): Failure to state a claim upon which relief can be granted inasmuch as no claimant has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury;

(d) Rule 12(b)(6): Failure to state a claim for attorney's fees because (a) attorney's fees are not recoverable under the Louisiana Products Liability Act; and (b) because they have not alleged any other viable theory of liability through which they can recover attorney's fees;

(e) Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs later seek punitive damages under federal or Louisiana state law inasmuch as such claims are precluded;

(f) Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs later assert redhibition/implied warranty claims under Louisiana law, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance;

(g) Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs later seek property damage under Louisiana law, inasmuch as such claims are precluded;

(h) Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the named defendants, inasmuch as Louisiana law precludes such reapportionment of fault;

(i) Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that any of plaintiffs' claims are barred by the exclusivity provisions of the Louisiana Products Liability Act;

(j) Rule 12(b)(6): Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by the provisions of the Louisiana Products Liability Act to the extent it is established that any named plaintiff did not use a product manufactured by Forest River, Inc.;

(k) Rule 12(b)(6): Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are duplicative to the extent it is established that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit;

(l) Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs later seek damages for medical monitoring under Louisiana law, as plaintiffs have not alleged a present and manifest injury.

(m) Rule 12(b)(1): Plaintiffs fail to establish that the Court has subject matter jurisdiction over their claims.

(n) Rule 12(b)(1): Plaintiffs lack standing.

(o) Rule 12(b)(6): Plaintiffs fail to state a claim because they fail to make particularized allegations regarding their injuries and damages, and fail to make any particularized allegations connecting themselves to conduct by any particular defendant.

(p) Failure to state a claim upon which relief can be granted to the extent plaintiffs seek compensatory damages as there is no basis for awarding same under the facts alleged in the complaint and applicable law.

(q) Failure to state a claim for injunctive relief as there is no basis for same under the facts alleged in the complaint and applicable law.

(r) Failure to plead fraud and misrepresentation with particularity.

Defendants hereby adopt and incorporate all filings of applicable items listed in the preservation lists of similarly situated co-defendants in the Multi-District Litigation 07-1873 in all underlying cases, and all applicable Rule 12 and Rule 9 Motions filed by similarly situated co-defendants in the MDL and underlying cases, as if copied herein in extenso.

WHEREFORE, defendants pray that the objections and defenses described above be preserved if the suit is remanded to this Court at a later date. Defendants request the right to brief any Rule 12(b) motion in full and requests the right to oral arguments on the merits of any such motion.

Defendants reserve the right to amend or supplement these defenses and to file appropriate preliminary pleadings as well as dispositive and other motions in the above cases and in any other cases in which they have been or will be named and properly served.

Respectfully Submitted,

/s/ Jason D. Bone
Ernest P. Gieger, Jr. (T.A.) (6154)
Jason D. Bone (28315)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011

ATTORNEYS FOR FOREST RIVER, INC. AND VANGUARD INDUSTRIES OF MICHIGAN, INC. (A/K/A PALOMINO RV)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing *Preservation of Defenses Under Rule 12(b)* has been served upon:

Eulis Simien, Jr., Esq.
Simien & Simien, LLC
7908 Wrenwood Boulevard
Baton Rouge, Louisiana 70809
*Attorneys for PAUL FOUNTAIN, CHARLES RAY FOUNTAIN,*
 *JOAN FOUNTAIN CAPTAIN and JESSICA LANDRY FOUNTAIN*

Gerald E. Meunier, Esq.
Justin I. Woods, Esq.
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
Energy Centre
1100 Poydras Street, Suite 2800
New Orleans, Louisiana 70163
*Plaintiffs' Liaison Counsel*

via e-filing this 26th day of May, 2009.

/s/ Jason D. Bone