UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-5"<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

THIS DOCUMENT IS RELATED TO:
*Charlie Age, et al v. Gulf Stream Coach, Inc., et al, No. 09-2892*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO FILE FIRST SUPPLEMENTAL AND AMENDED COMPLAINT**

**MAY IT PLEASE THE COURT:**

The Court previously has been advised that plaintiffs selected for bellwether trials in this MDL, and specifically those included in Original Complaints filed on behalf of multiple plaintiffs, propose to file supplemental and amended complaints for the purpose of setting forth specific factual allegations as to these plaintiffs only. The object of such amended pleadings is not to assert theories of liability, causes of action, or claims for damages unidentified in the Original Complaint, but rather to afford the parties and the Court an appropriate "pleadings vehicle" for any required motion practice, etc. specific to the bellwether plaintiff case in advance of trial, and to create in this regard an appropriate record for appellate purposes.

The proposed First Supplemental and Amended Complaint which is submitted herewith purports to accomplish this with respect to the selected bellwether plaintiff claims of Alana

Alexander, both individually and on behalf of her minor son Christopher Cooper.  However, on being circulated to opposing counsel in advance of filing, the attached pleading and instant motion have drawn objection on the ground that a "new" claim is being asserted through the proposed amendment.  Plaintiff strongly disagrees with this contention.

Attached for easy reference by the Court is an excerpt from the Original Complaint in this matter, "*Charlie Age, etc. v. Gulf Stream Coach, Inc., et al*," and, more specifically, pages 1, 33, and 35 of that pleading.  *See* Excerpt from Original Complaint, pp. 1, 33, and 35 [Attachment I].  At page 35, the Court will note that Alana Alexander, plaintiff herein, is specifically named both as an individual plaintiff and as a plaintiff proceeding on behalf of her minor son Christopher Cooper.  In this bellwether plaintiff selection, it has been clear that Ms. Alexander is proceeding to trial with respect to both her individual claims for damages and claims based on the harm suffered by her minor son.

At page 33 of the attached excerpt, plaintiffs collectively in the *Age* Complaint itemized the damages they were seeking, and, in paragraph 2(b)& (g), specified claims for the recovery of damages for both "past and future mental...pain and suffering," and the "loss of consortium...."

What defendants allege to be "new" in the proposed amended pleading is the claim by Ms. Alexander that she suffered "mental anguish and emotional distress" because of both her and her son's increased risk of future disease from formaldehyde exposure.  Opposing counsel contends that this claim for mental anguish on Ms. Alexander's part based upon the increased risk of future disease suffered by her minor son is not encompassed in the original Complaint.

In raising this objection, opposing counsel has suggested that the mother's claim for mental anguish based upon a disease risk suffered by her minor son is not cognizable under

Louisiana law. Plaintiff submits that now is not the time for that "merits" argument, which, in fact, constitutes the very justification for the proposed amended pleading, because the pleading will give opposing counsel an opportunity to direct motion practice at the mental anguish claim in question. Therefore, pretermitting the question whether under Louisiana law a mother can recover mental anguish damages because of the increased risk of disease in a minor son following toxic exposure, the sole issue at hand is whether this claim previously was identified in the Original Complaint herein.

Attachment I (the pertinent excerpts from the Original Complaint) confirms that the only fair answer to this question is an affirmative one. Alana Alexander has pled for the recovery of all mental anguish damages, past, present and future, related to defendants' alleged fault, and has further pled damages related to the loss of consortium. These damages, broadly pled, surely embrace a claim for mental anguish on the basis that plaintiff's minor son has an increased risk of disease because of his exposure to formaldehyde. Again, the Court may defer for later motion practice whether this is or is not a compensable element of damages under Louisiana law. It suffices for present purposes to show that Alana Alexander in her Original Complaint sought the recovery of mental anguish and loss of consortium damages, and now seeks to specify that, in her case, one of the bases for mental anguish/consortium damages is her son's increased risk of future disease. It would be not only inappropriate but illogical to preclude an amended pleading as the procedural vehicle for setting forth this specific claim.

Accordingly, Plaintiff respectfully requests that the Court enter the attached Order, granting leave to file the First Supplemental and Amended Complaint on behalf of Alana Alexander, individually and as th Mother/Guardian of her minor son Christopher Cooper.

RESPECTFULLY SUBMITTED:

**GAINSBURGH, BENJAMIN, DAVID,
MEUNIER & WARSHAUER, L.L.C.**

BY:   s/Gerald E. Meunier
      GERALD E. MEUNIER (La. Bar #9471)
      Gainsburgh, Benjamin, David, Meunier &
      Warshauer, L.L.C.
      2800 Energy Centre
      1100 Poydras Street
      New Orleans, Louisiana 70163-2800
      Phone:504/522-2304
      Facsimile:504/528-9973
      E-mail:gmeunier@gainsben.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

      s/Gerald E. Meunier
      GERALD E. MEUNIER, #9471