UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | § | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | § | SECTION "N" (4) |
| LIABILITY LITIGATION | § | |
| | § | JUDGE ENGELHARDT |
| | § | MAG. JUDGE CHASEZ |

**This Document relates to:**
*Paul Fountain v. United States of America, et al.*
No. 09-3622

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT FOR DAMAGES**

**COME NOW,** Defendants, JAYCO, INC.; STARCRAFT RV, INC.; FOREST RIVER, INC.; VANGUARD INDUSTRIES OF MICHIGAN, INC., a/k/a PALOMINO RV; PALM HARBOR HOMES, INC.; PALM HARBOR ALBERMARLE LP; PALM HARBOR MANUFACTURING; SKYLINE CORPORATION; LAYTON HOMES CORP.; CAVALIER HOME BUILDERS, LLC; CAVALIER HOMES, INC.; CHAMPION HOME BUILDERS CO.; CIRCLE B ENTERPRISES, INC.; HOMES OF MERIT, INC.; LIBERTY HOMES, INC.; REDMAN HOMES, INC., f/k/a DUTCH HOUSING, INC.; RIVER BIRCH HOMES, INC.; SCOTBILT HOMES, INC.; WAVERLEE HOMES, INC.; GULF STREAM COACH, INC.; FAIRMONT HOMES, INC.; RECREATION BY DESIGN, LLC; TL INDUSTRIES, INC.; and

1

PLAY'MOR TRAILERS, INC., ("Defendants") and respectfully submit this Memorandum in Support of the Motion to Dismiss Plaintiff's Complaint for Damages filed in the above entitled and numbered cause (hereinafter "Complaint").

## I.

## INTRODUCTION

Plaintiffs filed the above action in the Western District of Louisiana on or about March 23, 2009. (Rec. Doc. 1). The Conditional Transfer Order was entered by the United States Judicial Panel on Multidistrict Litigation on April 29, 2009, transferring or "tagging" this action into MDL No. 1873, *In Re Formaldehyde Products Liability Litigation*. The Order of Transfer became effective upon filing in the Office of the Clerk of the United States District Court for the Eastern District of Louisiana on May 15, 2009.

The Plaintiffs' Complaint fails to provide a single, specific allegation establishing Article III standing. The Plaintiffs fail to provide any allegations "matching" the allegedly exposed Plaintiff, Ms. Mary Etta Fountain, to a specific Defendant. Moreover, the Complaint does not include any allegation that a specific Defendant proximately caused any individualized injury or damage to any of the Plaintiffs.

## II.

## PROCEDURAL HISTORY

Various Plaintiffs initiated the "FEMA Trailer Litigation" on or about May 1, 2006.[1] Subsequently, Plaintiffs in one pending action moved, pursuant to 28 U.S.C. Section 1407, to centralize the litigation for consolidated pretrial proceedings in the Eastern District of Louisiana. The United States Judicial Panel on Multidistrict Litigation granted the Plaintiffs' motion and

---

[1] See *Hilliard, et al. vs. United States of America, et al.*, 2:06-CV-02576, previously pending in the United States District Court for the Eastern District of Louisiana, and transferred to MDL 1873.

2

issues a Transfer Order in three pending matters in the Eastern District of Louisiana, and a forth action pending in the Western District of Louisiana. To date, at least 124 separate actions have either been directly filed or transferred into this MDL. Discovery in these underlying matters is currently ongoing and although four Plaintiffs are currently set for Bellwether trials, none of the Plaintiffs that are the subject of Defendants' Motion to Dismiss are currently set for trial.

### III.

### LEGAL STANDARD – MOTION TO DISMISS

In *Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (2007), the United States Supreme Court revisited the standard used by federal courts in evaluating and deciding motions to dismiss. Prior to *Twombly*, federal court's generally applied the "no set of facts" standard in evaluating motions to dismiss. Claims were dismissed if the court found a plaintiff could prove "no set of facts" entitling him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In *Twombly*, the court expressly rejected this "no set of facts" standard and employed a new "plausible claim" pleading standard. *Twombly*, 127 S. Ct. at 1969. After *Twombly*, a plaintiff may not simply set forth conclusory allegations of the elements of a particular cause of action to defeat a motion to dismiss. *Id* at 1964-65. Factual allegations must be enough to raise a right to relief above the speculative level, and a plaintiff must allege "enough facts to …nudge [his] claims across the line from conceivable to plausible" in order to defeat a motion to dismiss. *Id*. at 1974. The United States Court of Appeals for the Fifth Circuit has expressly adopted the *Twombly* "plausible claim" standard. *See Guidry v. American Public Life Ins. Co*., 512 F.3d 177, 180 (5th Cir. 2007).

IV.

**ARGUMENT AND ANALYSIS**

In the present case, four (4) Plaintiffs assert various causes of action as heirs of a deceased and allegedly exposed person, Ms. Mary Etta Fountain. The Plaintiffs assert Federal Tort Claims Act claims against the United States through FEMA, as well as causes of action under the Louisiana Products Liability Act (LPLA) against seventy-five different manufacturing Defendants.[2] None of the Plaintiffs link a specific claimed injury to a specific Defendant, nor is any Plaintiff "matched" to a Defendant. Instead, the Plaintiffs assert all claims and causes of action against all seventy-six (76) Defendants.

    A.    **ARTICLE III STANDING**

Jurisdiction of the federal courts is limited to "cases" and "controversies." United States Constitution, Art. III, Sec. 2, cl. 1. The United States Supreme Court has provided that the standing inquiry typically requires careful judicial examination of a particular complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted. *Allen v. Wright*, 468 U.S. 737, 752 (1984).

The Fifth Circuit has held that the issue of Article III standing is a threshold issue as "it determines the court's fundamental power to even hear the suit." *Rivera v. Wyeth-Ayerst Laboratories*, 283 F.3d 315, 319 (5th Cir. 2002). The court must find jurisdiction before determining the validity of a claim. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994).

---

[2] See Plaintiffs' Complaint for Damages, pages 2-10 and 22-26.

1.     **Burden of Proof**

The United States Supreme Court has recognized "[t]he party invoking federal jurisdiction bears the burden of establishing the elements of standing." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The Fifth Circuit has followed and held that the party invoking federal jurisdiction bears the burden of establishing each element of standing. *Ford v. NYL Care Health Plans of the Gulf Coast, Inc.*, 301 F.3d 329, 332 (5th Cir. 2002). The elements a plaintiff must establish to satisfy the constitutional requirement of standing are: 1) the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; 2) there must be a causal connection between the injury and the conduct complained of – the injury must be "fairly…trace[able] to the challenged action of the defendant, and not …th[e] result [of] the independent action of some third party not before the court;" and 3) it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." *Lujan*, 504 U.S. at 560-61.

In explaining these elements, The United States Supreme Court has stated that "the constitutional limits on standing eliminate claims in which the plaintiff has failed to make out a case or controversy between himself and the defendant." *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 99 (1979). It has also been noted that "[i]t is a fundamental principle of law that a plaintiff must demonstrate injury to himself by the parties whom he sues before that plaintiff can successfully state a cause of action.*"* *Weiner v. Bank King of Prussia*, 358 F.Supp. 684, 690 (E.D. Pa. 1973). Mere assumption cannot satisfy the requirement of standing. *Doe v. Tangipahoa Parish School Board*, 494 F.3d 494, 498 (5th Cir. 2007 (*en banc*)

The Plaintiffs in the present case have entirely failed to assert any specific claim against any specific Defendant. To find that the Plaintiffs have satisfied the elements of standing, would require an *assumption* that Ms. Mary Etta Fountain had occupied housing manufactured or supplied by a total of seventy-five (76) separate Defendants. Clearly, this is not the case and due to the Plaintiffs' failure to adequately demonstrate standing, this Court does not have subject matter jurisdiction over Plaintiffs' claims against Defendants.

### B.  ORDERS OF THIS COURT

In its Order and Reasons dated August 1, 2008 (Rec. Doc. 599), this Honorable Court clearly cautioned the Plaintiffs that "any Defendants not specifically matched to individual Plaintiffs will be dismissed without prejudice." The Court granted a Motion to Dismiss Administrative Master Complaint on Behalf of Newly Added Defendants holding that "the AMC is deficient because it fails to include allegations that any particular plaintiff lived in any particular housing unit or was harmed by a specific manufacturer of any housing unit." (citations omitted).[3] As this Court has also noted, the Fifth Circuit continues to require plaintiffs to assert direct claims against each defendant in order to satisfy Article III standing requirements.[4] This Court has reiterated its ruling with regard to standing in another Order dated August 1, 2008 (Rec. Doc. 604). Once again, in referring to the Order and Reasons (Rec. Doc. 599) the Court cautioned Plaintiffs that any Defendants not specifically matched to individual Plaintiffs will be dismissed without prejudice.[5]

As with prior Motions to Dismiss based on standing and the failure to match a specific Plaintiff with a specific Defendant, this Motion to Dismiss should, in all things, be granted. The Plaintiffs cannot establish standing and, as it is clear from the face of their Complaint for

---

[3] See Order and Reasons of August 1, 2008, Page 9.
[4] See Order and Reasons of August 1, 2008, Page 7.
[5] See Order of August 1, 2008, Page 1

Damages, there are no allegations that an allegedly exposed Plaintiff lived in a particular housing unit or was harmed by a specific manufacturer of any housing unit.

## V.

## **CONCLUSION**

This issue of Article III standing under the United States Constitution is a threshold matter to be decided by the court, prior to determining the validity of a claim. The Plaintiffs in the present case have failed to satisfy their burden of establishing Article III standing, as the allegedly exposed Plaintiff's claims are not "matched" to any specific Defendant. Significantly, this Court has addressed this exact issue in previously filed Motions to Dismiss based on lack of standing and has consistently held a specific Plaintiff must be matched to a specific Defendant. It is clear from the face of the Complaint for Damages in this case that the Plaintiffs have failed to meet this burden. Therefore, the Plaintiffs' claims should be dismissed without prejudice.

Respectfully submitted,

**WILLINGHAM, FULTZ & COUGILL LLP**

By: S/*Thomas L. Cougill*
 THOMAS L. COUGILL
 Texas State Bar No. 04877300
 Louisiana State Bar No. 31112
 R. MARK WILLINGHAM
 Texas State Bar No. 21641500
 JEFFREY P. FULTZ
 Texas State Bar No. 00790728
 Mississippi Bar No. 101058
 Niels Esperson Building
 808 Travis Street, Suite 1608
 Houston, Texas 77002
 (713) 333-7600 – Telephone
 (713) 333-7601 – Facsimile
 **ATTORNEYS FOR JAYCO, INC. AND STARCRAFT RV, INC.**

**GIEGER, LABORDE & LAPEROUSE, L.L.C.**

By: S/*Jason D. Bone*
    **(By Permission of Counsel)**
    Ernest P. Gieger, Jr. (T.A.) (6145)
    Jason D. Bone (28315)
    One Shell Square
    701 Poydras Street, Suite 4800
    New Orleans, Louisiana 70139-4800
    Telephone: (504) 561-0400
    Facsimile (504) 561-1011
    **ATTORNEYS FOR FOREST RIVER, INC. AND VANGUARD INDUSTRIES OF MICHIGAN, INC. (a/k/a PALOMINO RV)**

**CRADDOCK DAVIS & KRAUSE LLP**

By: S/*Michael J. Craddock*
    **(By Permission of Counsel)**
    Michael J. Craddock
    Texas State Bar No. 04970300
    Eric L. Lindstrom
    Texas State Bar No. 12385200
    3100 Monticello Avenue, Suite 550
    Dallas, Texas 75205-3466
    (214) 750-3550
    (214) 750-3551 (FAX)
    **ATTORNEYS FOR DEFENDANT PALM HARBOR HOMES, INC., PALM HARBOR ALBERMARLE LP AND PALM HARBOR MANUFACTURING**

**McGLINCHEY STAFFORD, PLLC**

By: S/*Larry Feldman, Jr.*
    **(By Permission of Counsel)**
    Larry Feldman, Jr. (LA BAR NO. 5503)
    Robert D. Sheesley (LA BAR NO. 31579)
    601 Poydras St., 12th Floor
    New Orleans, LA 70130
    Telephone: (504) 586-1200
    Facsimile: (504) 596-2800
    **ATTORNEYS FOR SKYLINE CORPORATION AND LAYTON HOMES CORP.**

**VOORHIES & LABBE,** A Professional Law Corp.

By: S/*Lamont P. Domingue*
    **By Permission of Counsel)**
    Lamont P. Domingue - #20787
    700 St. John Street – 5th Floor
    Post Office Box 3529
    Lafayette, LA 70502-3527
    337-232-9700 Telephone
    337-235-4943 Facsimile
    lpd@volalaw.com
    **ATTORNEYS FOR Cavalier Home Builders, LLC; Cavalier Homes, Inc.; Champion Home Builders Co.; Circle B Enterprises, Inc.; Homes of Merit, Inc.; Liberty Homes, Inc.; Redman Homes, Inc.; River Birch Homes, Inc.; Scotbilt Homes, Inc.; and Waverlee Homes, Inc.**

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

By:  S/*Andrew D. Weinstock*
    **(By Permission of Counsel)**
    **ANDREW D. WEINSTOCK #18495**
    **JOSEPH G. GLASS #25397**
    3838 N. Causeway Boulevard, Suite 2900
    Metairie, Louisiana 70002
    Telephone: (504) 832-3700
    Fax: (504) 837-3119
    andreww@duplass.com
    jglass@duplass.com
    **Counsel for Defendants, Gulf Stream Coach, Inc. and Fairmont Homes, Inc.**

**GARRISON, YOUNT, FORTE & MULCAHY, LLC**

By: S/*Randall C. Mulcahy*
    **(By Permission of Counsel)**
    LYON H. GARRISON, Bar No. 19591
    RANDALL C. MULCAHY, Bar No. 26436
    DARRIN L. FORTE, Bar No. 26885
    909 Poydras Street, Suite 1800
    New Orleans, Louisiana 70112
    Telephone: (504) 527-0680
    Facsimile: (504) 527-0686
    **Attorneys for Defendants,**
    **Recreation by Design, LLC;**
    **TL Industries, Inc., and**
    **Play'Mor Trailers, Inc.**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system. Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system. I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the 27th day of May, 2009.

    *Thomas L. Cougill*
    THOMAS L. COUGILL