**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION**

| | |
|---|---|
| **IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION** | **MDL NO. 1873**<br><br>**SECTION N-5**<br>**JUDGE ENGELHARDT**<br>**MAG. JUDGE CHASEZ** |

**THIS DOCUMENT IS RELATED TO ALL CASES**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF DEFENDANT UNITED STATES
OF AMERICA'S MOTION FOR A PROTECTIVE ORDER TO PREVENT
PLAINTIFFS' DEPOSITIONS OF PATRICK PRESTON AND MARY MARTINET**

The United States of America ("United States") hereby submits this memorandum in support of its motion for a protective order pursuant to Fed. R. Civ. P. 26(c) to prevent Plaintiffs' deposition of Patrick Preston and Mary Martinet, who are lawyers in the Office of Chief Counsel ("OCC") for the Federal Emergency Management Agency ("FEMA"). A protective order is appropriate because Plaintiffs cannot show that depositions of FEMA's attorneys are necessary under the appropriate legal standard for deposing an opposing party's attorneys. Plaintiffs have other means available to obtain the information that they seek through these depositions. Additionally, the testimony that Plaintiffs will seek to elicit through these depositions is protected by the attorney-client privilege and the attorney work-product doctrine. Finally, the information is not crucial to the Plaintiffs' case, and, in fact, has little, if any relevance to the United States' tort liability under the Federal Tort Claims Act ("FTCA").

### I. Depositions Of An Opposing Party's Attorneys Are Disfavored, And The Party Seeking To Take The Depositions Must Show That The Depositions Are Necessary Under A Three-Part Test.

In seeking to depose OCC attorneys Patrick Preston and Mary Martinet, Plaintiffs must meet a high burden of showing that the depositions are critical to their case. While Rule 26(c) generally puts the burden on the party seeking a protective order to show good cause for prohibiting discovery,[1] the burden, in effect, shifts to the party seeking discovery when that party has noticed the depositions of an opposing party's attorneys. *See N.F.A. Corp. v. Riverview Narrow Fabrics*, 117 F.R.D. 83, 84 (M.D. N.C. 1987) (stating, "[a] request to take the deposition of a party's attorney . . . constitutes a circumstance justifying departure from the normal rule"). "[F]ederal courts have disfavored the practice of taking the deposition of a party's attorney; instead, the practice should be employed only in limited circumstances." *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 (5th Cir. 1999). *See also Nguyen v. Excel Corp.*, 197 F.3d 200, 209 (5th Cir. 1999) (stating that "depositions of opposing counsel are disfavored generally and should be permitted in only limited circumstances").

Consequently, this Court, like most federal courts,[2] has followed the standard articulated in the seminal case of *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986), with respect to taking the deposition of a party's attorney. *See*, *e.g.*, *Auto Club Family Ins. Co. v. Provosty*, Nos. 05-6842, 06-1297, 2006 WL 2331158, at *3 (E.D. La. Aug. 9, 2006); *Indutrial

---

[1] Rule 26(c) provides that, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . (A) forbidding the disclosure or discovery."

[2] *See Dunkin' Donuts, Inc. v. Mandorico, Inc.*, 181 F.R.D. 208, 210 (D.P.R. 1998) (stating that "[n]umerous federal courts had adopted a three-pronged test introduced by the Court of Appeals for the Eighth Circuit in *Shelton v. American Motors Corp.*"). *See also Nguyen v. Excel Corp.*, 197 F.3d 200, 208-10 (5th Cir. 1999) (adopting *Shelton* analysis).

*Maritime Carriers v. Barwil Agencies A.S.*, Nos. 03-1668, 03-1908, 2005 WL 2060925, at *2-3 (E.D. La. Aug. 23, 2005); *Delor v. Itercosmos Media Group, Inc.*, No. 04-3262, 2005 WL 1588300, at *1 (E.D. La. June 27, 2005).  Pursuant to *Shelton* analysis, in order to depose an attorney for the opposing party, the party seeking the deposition must show that "(1) no other means exist to obtain the information than to depose opposing counsel, (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case."  805 F.2d at 1327.

Initially, the three-part analysis of *Shelton* applies to this case even though Patrick Preston and Mary Martinet are not counsel of record for this case, but rather are current or former counsel for FEMA.  This Court has held that the *Shelton* analysis applies to any counsel who has acquired information as a result of providing advice to the client in the context of litigation.  *Compare Industrial Maritime*, 2005 WL 2060925, at *3-4 (holding that the *Shelton* test applied despite the fact a party was seeking a deposition from a lawyer who was not the counsel of record in the litigation but had provided advice to the client related to litigation) *with Anserphone of New Orleans, Inc. v. Protocol Comm., Inc.,* No. 01-3740, 2002 WL 31016572, at *1-2 (E.D. La. Sept. 10, 2002) (holding that the *Shelton* test was inapplicable and the deposition of a party's attorney was permissible where the attorney was merely a fact witness regarding the negotiation and formation of a contract at issue, and the deposition was limited to those facts). Here, Plaintiffs are seeking to depose Preston and Martinet regarding their legal advice with respect to testing Emergency Housing Units (EHU's) for formaldehyde.[3]  Significantly, OCC rendered legal advice regarding testing at a time when litigation was pending against the United

---

[3] Mr. Preston was designated as FEMA's litigation attorney for the *Hilliard* case, one of the cases consolidated in this mult-district litigation; Ms. Martinet was a FEMA field counsel.

States regarding the program.  The *Hilliard* case, which was consolidated with this multi-district litigation, was filed in March 2006.  Discussions regarding testing took place in the summer of 2006, and the EPA began testing in September 2006.   Although the advice of OCC was not ultimately followed (*see* United States' Motion to Dismiss the Remaining FTCA Claims, Mem. in Support at 19-22 [Docket No. 1545]), the lawyers did offer advice as counsel.

> II. **Plaintiffs Cannot Show That The Depositions Of OCC Counsel Are Necessary For This Case Under The Three-Part Test Of** *Shelton v. American Motors***.**
>
> > A. **Other Means Exist To Obtain The Information That Plaintiffs Seek Through These Depositions.**

The depositions of Preston and Martinet are not appropriate under the three-part *Shelton* test.  First, other means exist to obtain the information rather than deposing OCC counsel.  Plaintiffs' counsel already has access to a great amount of documentary and testimonial information regarding the decision to test the EHUs.  Indeed, but for Congress' publication, the OCC's e-mails – which were generated in the context of an earlier phase of this litigation and which the Court relied upon in denying in part the United States' Motion to Dismiss – would be confidential and/or attorney-client communications.  Now, Plaintiffs' counsel has these communications and can notice the many other non-attorney witnesses who were involved in the decisions regarding the testing of the EHUs.  Plaintiffs must demonstrate that the depositions of Preston and Martinet are "the only practical means available for obtaining the information."  *Dunkin' Donuts, Inc. v. Mandorico, Inc.*, 181 F.R.D. 208, 211 (D.P.R. 1998).  In addition to deposing other individuals, Plaintiffs can employ other methods of discovery, such as written interrogatories, that do not entail the dangers of oral depositions.  *See id.*  Here, the depositions of Preston and Martinet are simply not necessary where Plaintiffs have failed to exhaust alternative means of discovery.  *See Industrial Maritime*, 2005 WL 2060925, at *4 (granting

protective order with respect to deposition of counsel when factual material was otherwise available to counsel); *Elmwood Village Center v. Kmart Corp.*, No. 94-2840, 1994 WL 500945, at *1 (E.D. La. Sept. 9, 1994) (stating that the "practice of calling opposing counsel as a witness is to be discouraged in all instances, save those where no other avenue is available"). *See also Nguyen*, 197 F.3d at 209 (upholding district court order allowing attorney deposition, but only upon showing that other means of discovery, including executive depositions and written discovery, were ineffective).

### B.  The Information Sought Is Not Relevant And Is Protected By The Attorney-Client Privilege And The Attorney Work-Product Doctrine.

Under the second part of the *Shelton* test, the information that Plaintiffs will seek through the depositions of Preston and Martinet is not relevant to the United States' negligence, and, questions during the deposition will undoubtedly be objectionable based upon the attorney-client privilege and the attorney work-product doctrine.

While the Court found that the conduct of OCC attorneys was relevant to application of the FTCA's discretionary function exception, the conduct will not be relevant to whether or not the government's conduct was unreasonable under the FTCA.  In the context of its analysis of the discretionary function exception, the Court determined that the exception did not apply because FEMA's conduct was not grounded in permissible policy considerations to the extent it was influenced for a certain time by the advice of OCC lawyers.  Order at 30-29.  In particular, the Court found that the United States could be liable and the discretionary function exception did not apply to the extent FEMA delayed its response to concerns and complaints regarding potentially harmful formaldehyde emissions in EHUs solely because of concerns of legal

liability. Order at 39.[4]  However, the determination of whether the discretionary function exception applies and the determination of whether the government was negligent are analytically distinct.  *See Hix v. U.S. Army Corps of Engineers*, 155 Fed. Appx. 121, 1228, n.8 (5th Cir. 2005) (finding "the merits of the actual cause of action – state-law negligence – are irrelevant to our determination of . . .whether the discretionary function exception of § 2680(a) divested the district court of jurisdiction").  Once the Court decided that it had jurisdiction because Plaintiffs' allegations of negligence survived the second part of the discretionary function exception test – *i.e.*, the alleged negligent conduct was not grounded in permissible policy considerations because legal considerations carried the day – the question simply becomes whether the government was negligent.  The negligence issue is independent of any advice of FEMA lawyers; rather, the issue is whether FEMA's acts or omissions were reasonable at the time, given all of the surrounding circumstances.  *See Industrial Maritime*, 2005 WL 2060925, at *4 (granting protective order with respect to deposition of counsel and finding that party could obtain information regarding reasonableness of a settlement from other sources).

More importantly, any evidence that Plaintiffs will seek to elicit from the FEMA lawyers is undoubtedly protected by the attorney-client privilege and the attorney work-product doctrine. Plaintiffs cannot depose Preston or Martinet regarding information they received for purposes of rendering legal advice or regarding their mental impressions or legal theories.  *See Delor*, 2005

---

[4]  The United States has filed a Motion to Dismiss the Remaining FTCA claims on the ground that this conduct is protected by the discretionary function exception, arguing, among other things, that (1) consideration of legal implications of conduct is among the protected policy considerations under the discretionary function exception, and (2) the second part of discretionary function exception analysis is an objective, overarching inquiry that does not allow inquiry into factual matters.  This motion is currently pending and the United States referenced the issues with respect to confidential communications and attorney-client privilege in its supporting memorandum.  *See* Mem. in Support at 18-19 n.14.  [Docket No. 1545].

WL 1588300, at *1 (granting protective order to extent deposition would seek information protected by the attorney-client privilege or the attorney work-product doctrine).  It is hard to imagine what Plaintiffs would seek to discover from Preston or Martinet that would not be protected by these doctrines.  In *Koch Refining Co. v. M/V Jennifer L. Boudreaux*, Nos. 87-5661, 87-5712, 88-1607, 1989 WL 159341 (E.D. La. Dec. 18, 1989), this Court upheld a Magistrate's Order quashing the deposition of an attorney.  The Court remarked that courts are "averse to permit the deposition of attorneys because such will inevitably involve 'forays into the area most protected by the work-product doctrine – that involving an attorney's mental impressions or opinions.'"  *Id.* at *2 (quoting *N.F.A. Corp.*, 117 F.R.D. at 85).  The Court noted that the Supreme Court had found mental impression work-product, which is implicated in attorney depositions, to be subject to "the highest degree of protection."  1989 WL 158341, at *2 (citing *Upjohn Co. v. United States*, 449 U.S. 383, 401 (1981)).

While the attorney-client privilege and the attorney work-product protection may be waived with respect to particular e-mails and other evidence that Congress has released to the public, this release does not affect a subject matter waiver of the privilege or confidentiality.  *See Rockwell Inter'l Corp. v. U.S. Dept. of Justice*, 225 F.3d 598, 604-05 (D.C. Cir. 2001) (holding that the Executive Branch's production and disclosure of documents to Congress which Congress then discloses publicly does not constitute subject matter waiver of privilege or confidential status); *Murphy v. Dept. of the Army*, 613 F.2d 1151 (D.C. Cir. 1979) (holding that the Executive Branch may provide documents to Congress without surrendering any privileges); *Moon v. CIA*, 514 F. Supp. 836, 840-41 (S.D. N.Y. 1981) (holding that the Executive Branch production of document reflecting legal advice to Congress does not waive privilege or confidential status of document).  There can be no subject-matter waiver of the privilege because as co-equal branches

of government, the Executive Branch and Congress have a constitutional duty to seek to accommodate each other's interests and share information, with minimal collateral consequences. *See United States v. American Tel. & Tel. Co.*, 567 F.2d 121, 127 (D.C. Cir. 1977).

Finally, Plaintiffs' depositions of Preston and Martinet might create ethical issues for Plaintiffs' counsel and for the FEMA counsel witnesses. Under the Louisiana Rules of Professional Conduct ("LRPC") §1.6, *Confidentiality of Information*, counsel is prohibited from revealing any confidential information obtained as a result of his duties and responsibilities. Under these rules it is also professional misconduct to "knowingly assist or induce another" to violate the attorney's ethical obligations. LRPC § 8.4  Thus, Plaintiffs' counsel would be at risk of violating Louisiana ethics rules if they were to depose OCC attorneys and seek confidential information relating to legal advice with respect to FEMA's response actions. Likewise FEMA counsel would be at risk if they answered questions.

### C. Depositions Of OCC Counsel Are Not Crucial To Plaintiffs' Preparation Of Their Case.

Under the third criteria of *Shelton*, depositions of Preston and Martinet are not crucial to Plaintiffs' preparation of their case. As described above, the information from Preston and Martinet, while arguably relevant under the Court's analysis of the discretionary function exception, should have little, if any, relevance to the Court's determination of whether FEMA acted unreasonably in its response actions. Additionally, Plaintiffs cannot show that the information that they are seeking through the depositions of Preston and Martinet is unavailable from other witnesses, or cannot be obtained through other modes of discovery that would present less of a risk of invading the attorney-client privilege and the attorney work-product protection. These depositions are simply not crucial to Plaintiffs' case.

In sum, Plaintiffs cannot make a showing of great necessity to depose a FEMA attorney under the controlling law. As the *Shelton* Court noted, the depositions of a party's attorney "not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation. It is not hard to imagine additional pretrial delays to resolve work-product and attorney-client objections, as well as delays to resolve collateral issues raised by the attorney's testimony." 805 F.2d at 1327.

## CONCLUSION

For the foregoing reasons, the Court should grant a Protective Order to prohibit Plaintiffs from deposing Patrick Preston or Mary Martinet

Dated:   May 28, 2009                                  Respectfully Submitted,

TONY WEST
Assistant Attorney General, Civil Division

J. PATRICK GLYNN
Director, Torts Branch, Civil Division

HENRY T. MILLER
Senior Trial Counsel

ADAM DINNELL
MICHELLE BOYLE
JONATHAN WALDRON
Trial Attorneys

//S// Adam Bain

ADAM BAIN (IN Bar No.11134-49)
Senior Trial Counsel
United States Department of Justice
Civil Division – Torts Branch
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044
Telephone No:  (202) 616-4209
E-mail:  adam.bain@usdoj.gov

               Attorneys for the United States of America

OF COUNSEL:

JORDAN FRIED
Associate Chief Counsel
JANICE WILLIAM-JONES
Trial Attorney
FEMA/DHS