UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|     FORMALDEHYDE | * | |
|     PRODUCTS LIABILITY | * | |
|     LITIGATION | * | SECTION: N(5) |
| | * | |
| This Document Relates to: *Charlie Age, et al. v.* | * | JUDGE: ENGELHARDT |
| *Gulf Stream Coach Inc., et al*, Docket No. 09-2892 | * | |
| | * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**OPPOSITION TO MOTION OF PLAINTIFF FOR LEAVE TO FILE
FIRST SUPPLEMENTAL AND AMENDED COMPLAINT**

**MAY IT PLEASE THE COURT:**

Defendant, Gulf Stream Coach, Inc. ("Gulf Stream"), respectfully submits this Opposition to the plaintiffs' Motion for Leave to file their First Supplemental and Amended Complaint. The plaintiffs not only seek to amend their petition with just over three months left before trial, but also expand the allegations that were made in the original petition. Gulf Stream asserts that such an amendment is impermissible because it prejudices Gulf Stream, who therefore asks this Court to deny the plaintiffs' Motion for Leave.

**I.    BACKGROUND**

As this Court is well aware, this Multi-District Litigation is the consolidation of several state and federal toxic tort suits in which an estimated thirty thousand named plaintiffs claimed to have inhabited emergency housing units ("EHUs") that were provided to them by the Federal Emergency Management Agency ("FEMA") as a result of the alleged uninhabitability of their residences due to Hurricanes Katrina and Rita. (Doc. No. 109, at ¶ 96). Plaintiffs claimed injuries resulting from their alleged exposure to the release of formaldehyde and/or formaldehyde vapors in those EHUs. (Doc. No. 109, at ¶ 30). Following denial of class certification, several plaintiffs

filed suit against Gulf Stream Coach, Inc., alleging that it manufactured the EHUs used by the specific plaintiffs. (*Age, et al. v. Gulf Stream Coach, Inc., et al.*, 09-2892, Doc. No. 1). Furthermore, plaintiffs named the United States Government through FEMA and Fluor Enterprises, Inc., as defendants (*Id.* ¶ 4—5), and plaintiffs seek recovery for alleged physical and mental pain and suffering, physical impairments and disability, medical expenses, loss of earnings capacity, loss of enjoyment and quality of life, loss of consortium, travel expenses, out-of-pocket expenses, and the loss of use and/or opportunity to use safe and adequate shelter allegedly resulting from the purported exposure to formaldehyde. (*Id.* ¶ 117).

During the course of this litigation, the parties completed the class certification phase, conducted substantial discovery, and now have moved into the trial phase. On May 26, 2009, the plaintiffs filed their First Supplemental and Amended Complaint. (Doc. No. 1143). Within the amended complaint, the plaintiffs reiterated that their claims against Gulf Stream were brought pursuant to the Louisiana Products Liability Act. (*Id.* ¶ 12). Then, they added the following:

> <u>Additionally</u>, and more specifically, plaintiff alleges that the defendant manufacturer's duty to warn her and her family about the dangers and risks of formaldehyde in this travel trailer was continuing in nature, and legally was owed to plaintiff by the defendant manufacturer during the entire period that plaintiff and her family occupied this travel trailer.

*Id.* (emphasis added).

Furthermore, the plaintiffs made the following allegation:

> Plaintiff respectfully amends the allegations with respect to damages in Paragraph 117 of the Original Complaint, as well as the allegations in Subparagraph 2 under the caption "Prayer for Relief" in the Original Complaint, in order to specify that she seeks compensatory damages herein for the following:
> a. plaintiff's physical pain and suffering;
> b. the physical pain and suffering of her minor son Christopher Cooper;
> c. <u>plaintiff's mental anguish and emotional distress, including the fear of an increased risk of future serious disease both in her case and in the case of her minor son;</u>

   d. the mental anguish and emotional distress of her minor son Christopher Cooper, including with respect to the fear of an increased risk of future serious disease;
   e. the past, continuing and future medical expenses of plaintiff and her minor son which have been necessitated by the injuries sustained herein, including costs for future medical treatment, services, surveillance, medical monitoring costs, and/or procedures to address physical and/or mental injuries from formaldehyde exposure which currently are manifest;
   f. the aggravation of plaintiff's minor son Christopher Cooper's preexisting respiratory condition;
   g. the impairment of future wage-earning capacity and/or daily life activities suffered, and to be suffered, by plaintiff's minor son Christopher Cooper; and
   h. plaintiff's loss of consortium based upon the injuries suffered by her minor son Christopher Cooper.

(*Id.* ¶ 15) (emphasis added).

By making these claims, the plaintiffs have expanded and built upon their original complaint, and they have done so with little time left before trial of this matter. Accordingly, this amendment flies in the face of the purpose behind amending the complaint, which was to tailor the original *Age* lawsuit to the bellwether plaintiffs selected by this Court. Gulf Stream asserts that such an attempt to enlarge the issues of this litigation is impermissible.

## II. LEGAL STANDARD

Although the Federal Rules of Civil Produce state that leave to amend pleadings shall be freely given when justice so requires, "leave to amend is not automatic." *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991). The decision to grant or deny the motion is in the sound discretion of the trial court. *Id*.

In deciding whether to grant leave to amend, the district court may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the

amendment. *Jones v. Robinson Property Group, L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (citing *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 598 (5th Cir.1981)). The district court may also consider that the moving party failed to take advantage of earlier opportunities to amend. *Lozano v. Ocwen Federal Bank, FSB*, 489 F.3d 636, 644 (5th Cir. 2007).

### III.  LAW AND ARGUMENT

As stated above, the plaintiffs have alleged two brand new claims. The first was that Gulf Stream owed the plaintiffs a duty to warn them that extended throughout the durations of the plaintiffs' occupancy of their EHU. The second was that plaintiff Alexander is entitled to recover emotional damages on the basis that her minor child suffered his own emotional damages in the form of a fear that formaldehyde exposure increased the risk that he would contract a disease.

Gulf Stream asserts that the plaintiffs have engaged in undue delay by adding these claims at this late date. The claim comes just over three months before trial of this matter is set to begin. Additionally, rather than narrowing the allegations of the *Age* complaint to make them specific to these bellwether plaintiffs, the plaintiffs expanded upon their claims to add new allegations. Gulf Stream believes that the plaintiffs have waited too long to present these new claims. The original *Age* complaint was filed on February 27, 2009. Not once until the subject amendment did the plaintiffs add any substantive claims to their petition. Then, when the time came to narrow and specify, they expanded and broadened.

The delay is a problem not only in and of itself, but also because of the prejudice it creates on the part of Gulf Stream. The new claims require Gulf Stream to engage in more discovery, retain additional experts, and devote a substantial amount of time to defending completely new allegations. This is not mere speculation of the part of the defense – the plaintiffs have already retained the services of an expert, clinical and forensic psychologist Dr.

Edward Shwery, who will address the plaintiffs' alleged fear of cancer. Of course, Gulf Stream must depose Dr. Shwery and potentially retain its own expert on this issue in order to defend itself against these claims. This is an onerous burden, especially at this point when the parties have already progressed deep into the trial preparation phase. The parties must now shift their focus and address claims that could have been litigated and resolved long before now. Gulf Stream asserts that it would be prejudiced if such an amendment were allowed, and therefore it believes the plaintiffs' request for leave to amend should be denied.

Finally, Gulf Stream asserts that the claims of continuing duty and emotional damages for a third party's fear of disease are unjustified. However, it will address the merit of the amended claims in separate filings. For the time, it simply asserts that the plaintiffs have waited too long to file this amendment, and in doing so have created substantial prejudice to Gulf Stream. Rather than narrowing the scope of this litigation – which is the point of a bellwether trial – they have impermissibly expanded their complaint and have prejudiced Gulf Stream in the process. Accordingly, Gulf Stream asks this Court to deny the plaintiffs' motion for leave to amend.

Respectfully Submitted:

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK #18495**
**JOSEPH G. GLASS #25397**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700
(504) 837-3119 (FAX)
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON**
**Timothy D. Scandurro #18424**
**Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
(504) 529-6199 (FAX)
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

## C E R T I F I C A T E

I hereby certify that on the 31st day of May, 2009, a copy of the foregoing Opposition to Motion of Plaintiff for Leave to file First Supplemental and Amended Complaint was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495
andreww@duplass.com