UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-5"<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

THIS DOCUMENT IS RELATED TO:
*Charlie Age, et al v. Gulf Stream Coach, Inc., et al, No. 09-2892*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

FIRST SUPPLEMENTAL AND
<u>AMENDED COMPLAINT</u>

The plaintiff Alana Alexander, individually and on behalf of her minor son, Christopher Cooper, and pursuant to the provisions of Rule 15 of the Federal Rules of Civil Procedure, respectfully supplements and amends the Original Complaint herein as follows:

1.

Plaintiff Alana Alexander and her minor son Christopher Cooper, are included among the plaintiffs enumerated in Exhibit A attached to the Original Complaint.

2.

The allegations of the Original Complaint with respect to the identification of Parties (Paragraphs 1 through 5 of the Original Complaint), as well as the allegations of the Original Complaint with respect to Jurisdiction and Venue (Paragraphs 6 through 12), respectfully are reiterated and incorporated herein.

3.

The allegations of the Original Complaint dealing with general factual information (Paragraphs 13 through 79), also are reiterated and incorporated herein.

4.

Plaintiff and her minor son Christopher Cooper were displaced from their permanent home as a result of Hurricane Katrina.  Since their home was rendered uninhabitable as a result of Hurricane Katrina, plaintiff and her son were deemed eligible to receive emergency housing assistance from the defendant FEMA, pursuant to the Stafford Act and applicable federal regulations.

5.

The emergency housing assistance provided to plaintiff and her minor son was in the form of a travel trailer manufactured by the defendant Gulf Stream Coach, Inc., with Vehicle Identification Number (VIN) 1NL1GTR2551021783.

6.

This travel trailer was manufactured by the defendant Gulfstream on or about December 13, 2004.

7.

The travel trailer was delivered to plaintiff and her minor son for occupancy in New Orleans, Louisiana, at 4415 Dale Street.

8.

The travel trailer was installed at the above location and hooked to utilities, etc. for residential purposes by the defendant Fluor Enterprises, Inc., pursuant to a contract between Fluor Enterprises and the defendant FEMA.

9.

Plaintiff and her minor son began living in the travel trailer on or about May 27, 2006, and stopped living in it on or about December 30, 2007.  They resided continuously in the unit during this period of time.

10.

The travel trailer was vacated by plaintiff and her son within a month after plaintiff first became aware of the potential dangers of formaldehyde exposure in the trailer.

11.

Plaintiff respectfully reiterates and incorporates all allegations set forth in the Original Complaint with respect to the cause of action against the defendant FEMA (Paragraphs 80 through 85 of the Original Complaint).  In addition, and more specifically, plaintiff avers that the defendant FEMA negligently failed to take prompt and appropriate remedial action, and/or to communicate promptly and effectively to her, with respect to the safety and health risks and concerns related to formaldehyde exposure in this travel trailer, even though FEMA became aware of such risks and concerns generally, as early as the Fall/Winter of 2005.  As a result, plaintiff and her minor son were negligently and unnecessarily exposed to unsafe and potentially dangerous levels of formaldehyde in the travel trailer, prior to the time plaintiff became aware of the need to vacate the trailer.

12.

Plaintiff respectfully reiterates and incorporates all of the allegations set forth in the Original Complaint with respect to the cause of action against the defendant Gulf Stream manufacturer under the Louisiana Product Liability Act (Paragraphs 97 through 102 of the Original Complaint).  Additionally, and more specifically, plaintiff alleges that the defendant

manufacturer's duty to warn her and her family about the dangers and risks of formaldehyde in this travel trailer was continuing in nature, and legally was owed to plaintiff by the defendant manufacturer during the entire period that plaintiff and her family occupied this travel trailer.

13.

Plaintiff respectfully reiterates and incorporates all of the allegations in the Original Complaint with respect to the cause of action against the defendant Fluor under the Louisiana Product Liability Act (Paragraphs 103 through 109) of the Original Complaint.

14.

Plaintiff respectfully reiterates and incorporates all of the allegations with respect to the cause of action for negligence against the defendant Fluor under the Louisiana law (Paragraphs 110 through 116), specifically in the alternative and in the event this defendant is not be found to be a "manufacturer" liable under the Louisiana Product Liability Act.

15.

Plaintiff respectfully amends the allegations with respect to damages in Paragraph 117 of the Original Complaint, as well as the allegations in Subparagraph 2 under the caption "Prayer for Relief" in the Original Complaint, in order to specify that she seeks compensatory damages herein for the following:

  a. plaintiff's physical pain and suffering;

  b. the physical pain and suffering of her minor son Christopher Cooper;

  c. plaintiff's mental anguish and emotional distress, including the fear of an increased risk of future serious disease both in her case and in the case of her minor son;

  d. the mental anguish and emotional distress of her minor son Christopher Cooper,

        including with respect to the fear of an increased risk of future serious disease;

e.    the past, continuing and future medical expenses of plaintiff and her minor son which have been necessitated by the injuries sustained herein, including costs for future medical treatment, services, surveillance, medical monitoring costs, and/or procedures to address physical and/or mental injuries from formaldehyde exposure which currently are manifest;

f.    the aggravation of plaintiff's minor son Christopher Cooper's preexisting respiratory condition;

g.    the impairment of future wage-earning capacity and/or daily life activities suffered, and to be suffered, by plaintiff's minor son Christopher Cooper; and

h.    plaintiff's loss of consortium based upon the injuries suffered by her minor son Christopher Cooper.

16.

Plaintiffs specifically reiterates her request for trial by jury of all claims herein, to the extent permitted by law.

WHEREFORE, plaintiff respectfully supplements and amends the Original Complaint in the foregoing respects, and she otherwise reiterates and reavers all of the allegations and prayers for relief contained therein.

        RESPECTFULLY SUBMITTED:

        **GAINSBURGH, BENJAMIN, DAVID,**
        **MEUNIER & WARSHAUER, L.L.C.**

        BY:   s/Gerald E. Meunier
                GERALD E. MEUNIER (La. Bar #9471)
                Gainsburgh, Benjamin, David, Meunier &
                Warshauer, L.L.C.

            2800 Energy Centre
            1100 Poydras Street
            New Orleans, Louisiana 70163-2800
            Phone:504/522-2304
            Facsimile:504/528-9973
            E-mail:gmeunier@gainsben.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on May 26, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

            s/Gerald E. Meunier
            GERALD E. MEUNIER, #9471