**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION**

| | |
|---|---|
| **IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION** | **MDL NO. 1873** |
| | **SECTION "N-5"** |
| | **JUDGE ENGELHARDT** |
| | **MAG. JUDGE CHASEZ** |

**THIS DOCUMENT IS RELATED TO ALL CASES**

-----

### MEMORANDUM IN OPPOSITION TO UNITED STATES' MOTION FOR A PROTECTIVE ORDER TO PREVENT PLAINTIFFS' DEPOSITIONS OF PATRICK PRESTON AND MARY MARTINET

MAY IT PLEASE THE COURT:

The Plaintiffs' Steering Committee (PSC) respectfully submits this opposition to the United States' motion to prevent the lawful and necessary depositions of Patrick Preston and Mary Martinet. This discovery is essential to factually resolve both whether the United States acted pursuant to a discretionary function in its response to the formaldehyde crisis, and the ultimate "merits" question whether the Government was negligent under the FTCA. No one other than these two individuals can reveal the factual context of, and/or alleged "policy" underlying, the e-mails each authored. Moreover, these witnesses' e-mails, and the prospective testimony surrounding same, cannot be viewed as privileged, since the United States itself has waived any such privilege by virtue of its renewed arguments for dismissal and the supporting material for these arguments which it now has chosen to place in the record.

**I.     Law and Analysis**

The Federal Rules of Civil Procedure (FRCP) allow for discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action…." Fed. R. Civ. P. 26(b)(1). Discovery may be obtained through the use of depositions under FRCP 26(a) and 30; and there is nothing in the Rules which expressly prohibits the taking of an opposing counsel's deposition. *See* Fed. R. Civ. P. 30(a) [a party may take the deposition of "any person"].

Further, the Supreme Court of the United States has made clear that, when appropriate, an attorney may be forced to disclose facts in his possession that are relevant to the litigation. *See Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947) ("Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession.").

In the case at bar, the United States, through its Motion to Dismiss Plaintiffs' Remaining FTCA Claims For Lack of Subject Matter Jurisdiction, once again has raised the discretionary function immunity as a defense. Specifically at issue in this regard is the factual context in which the United States responded to plaintiffs' concerns of formaldehyde in FEMA-provided trailers. The key question becomes: on what legitimate "policy" bases were the Government's decisions made in its allegedly-delayed and allegedly-negligent responses to this public health crisis? This issue must be adjudicated at trial based on all relevant facts and evidence. Indeed, the Government itself has stated in this record that at trial on the merits it "may be introducing evidence concerning the discretionary function exception under the FTCA."[1]

---

[1] *See* Memorandum in Support of United States' Motion to Strike Jury, Doc. 1400-2, p.12.

Plaintiffs, in order to carry their burden of proof, have no less a right to present all relevant and admissible evidence on the discretionary function issue, and/or the issue of the Government's alleged negligence in responding to the formaldehyde crisis, which gives rise to this litigation. By the instant motion, however, the United States would seek to foreclose plaintiffs' right to discover and present relevant evidence, while insisting on the very defense which makes the evidence crucial. The plaintiffs' attempt at this discovery is consistent with the Court's directive in its Order and Reasons regarding the Government's original motion for dismissal based on discretionary function immunity:

> Accordingly, on the showing made at this juncture, and solely for purposes of deciding this motion, the Court finds that genuine issue of material fact exist. There may be actionable conduct committed by FEMA for a window of time starting no later than March 2006 until some time thereafter (when FEMA's actions began to fall within the discretionary function exception). Further discovery is needed to determine whether FEMA's conduct during that time period truly amounts to 'acts grounded in policy,' or instead, simply strategizing by attorneys in anticipation of litigation. If the latter applies, as evidenced on the showing offered, then the window of time that such conduct occurred can be established by further discovery as to its start and end.[2]

## II. The Depositions Sought Satisfy the *Shelton* Test

The depositions of Patrick Preston and Mary Martinet must be allowed to proceed because the circumstances at hand satisfy the test enumerated by the Eighth Circuit in *Shelton v. American Motors Corporation*, 805 F.2d 1323, 1327 (8th Cir. 1986), a case relied upon by the United States itself in its Motion for Protective Order.[3] In *Shelton* the Eighth Circuit stated,

---

[2] *See* Order and Reasons, Doc. 717, p. 42.
[3] It should be noted that in crafting the requirements for deposing opposing counsel in *Shelton*, the Eighth Circuit was concerned that the practice of deposing opposing counsel would become

"[w]e do not hold that opposing trial counsel is absolutely immune from being deposed. We recognize that circumstances may arise in which the court should order the taking of opposing counsel's deposition." *Id.* at 1327. The Court then held that a party seeking such a deposition must show that (1) no other means exist to obtain the information, (2) the information sought is relevant and nonprivileged, and (3) the information is crucial to the preparation of the case. *See id.* In the case at bar, all three criteria are satisfied.

    a. <u>Patrick Preston and Mary Martinet Are the Only Sources of Information Sought</u>

The information the PSC seeks to discover through the deposition testimony of Patrick Preston and Mary Martinet relates specifically to certain correspondence that each of them authored in the form of e-mails, in response to FEMA's discovery of high formaldehyde levels in temporary housing units. The e-mails composed by Patrick Preston and Mary Martinet, referenced by both this Court and the United States in regard to the former's prior ruling and the latter's pending motion on discretionary function immunity, are key to the determination whether FEMA delayed its response to the concerns and complaints about the formaldehyde emissions in the emergency housing units pursuant to concerns of litigation exposure. It is plaintiffs' contention that no legitimate or cognizable policy consistent with FEMA's "safe housing" mission can be said to inhere in any way from such fear of legal accountability. To resolve this matter, however, since Patrick Preston and Mary Martinet composed the e-mails, no one else fairly and reasonably should be looked to in order to discover the context surrounding and/or the motivation behind these e-mails. Nor is it appropriate to authenticate the e-mails other than

---

an adversarial trial tactic rather than facilitate the administration of justice. *See Shelton*, p. 1330. In contrast with the facts of *Shelton*, however, it is the denial of the PSC's right to depose Patrick Preston and Mary Martinet that gives rise to these concerns. If these depositions are prohibited from going forward, the Court will be placed in the position of making legal and factual determinations on an incomplete factual record.

through the persons who authored them. Accordingly, the first requirement under the *Shelton* test is satisfied.

      b.   <u>Discovery Sought Is Relevant and Not Privileged</u>

The second prong of the *Shelton* test requires that the information sought through the deposition of opposing counsel must be relevant and not privileged. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Here, there can be no doubt as to the relevance of the facts and context of FEMA's response to the concerns of formaldehyde emissions.

The United States' response to the complaints and concerns of formaldehyde emissions in the temporary housing units is the fundamental issue in both the United States' pending motion to dismiss and the ultimate trial of this matter. This Court, in its Order of October 3, 2008, already has confirmed that the e-mails and conduct of FEMA's attorneys were relevant to the application of the discretionary function.[4] This is the law of the case, to date. As this Court is once again being asked to determine the application of the discretionary function by way of the United States' pending motion to dismiss, the e-mails and conduct of such attorneys become even more, not less, relevant to the defense asserted (and re-asserted) by the Government.

The relevance of the information sought through the depositions at issue also extends to the "merits" question at trial whether the United States' response was negligent, and hence actionable under the FTCA. To determine the reasonableness of the United States' actions, the ultimate fact-finder - in this case, the Court - must be presented with a full and fair explanation of these actions. As the depositions at issue are aimed at the discovery of such facts and context,

---

[4] *See* Order and Reasons, Doc. 717.

5

the information sought is clearly relevant. Indeed, if the bellwether trials in this MDL are to be "instructive," the elimination of such critical evidence would have implications that are far-reaching.

Further, the information sought in the depositions at issue cannot be withheld pursuant to an asserted work-product or attorney-client privilege. The United States now has waived any potential privilege as to the subject matter of these witnesses' emails and related testimony by disclosing communication or information on the same subject in order to support its renewed and pending motion for dismissal.

Under Rule 502(a) of the Federal Rules of Evidence (FRE),

> [W]hen a disclosure is made in a Federal proceeding…and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a Federal…proceeding only if: (1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together.

Fed. R. Evid. R. 502(a). By voluntarily disclosing certain e-mails and correspondence, in addition to other potentially privileged communications, in its pending motion to dismiss, the United States has waived any prior privilege as to related, undisclosed communications and/or information. Consistent with both the letter and spirit of FRE 502(a), in other words, the Government cannot, on the one hand, choose to disclose certain information regarding litigation-conscious response to the formaldehyde crisis because this particular information supports its aim to dismiss thousands of legal claims against it, but on the other hand assert privilege in order not to disclose clearly-related e-mails and testimony which may not be as helpful to the Government's position.

Federal law applicable to waiver of attorney-client privilege likewise provides that disclosure of any significant portion of a confidential communication waives the privilege as a whole. *See In re Pabst Licensing, GmbH Patent Litigation,* 2001 WL 1135465, at *4 (E.D.La. 2001); *see also Nguyen v. Excel Corp*, 197 F.3d 200, 207 (5th Cir. 1999); *Alldred v. City of Grenada*, 988 F.2d 1425, 1434 (5th Cir. 1993) ("Patently, a voluntary disclosure of information which is inconsistent with the confidential nature of the attorney-client relationship waives the privilege."). Waiver of the privilege in an attorney-client communication extends to all other communication <u>relating to the same subject matter</u>. *See In re Pabst,* at *4.

Similarly, "disclosure of a document protected by the work product doctrine typically waives work product protection for that document." *See In re United Mine Workers of Am. Employee Benefit Plans Litig.,* 159 F.R.D. 307, 310 (D.D.C.1994) (citing *Wichita Land & Cattle Co. v. Am. Fed. Bank,* 148 F.R.D. 456, 460-61 (D.D.C.1992)). More to the point at hand, the voluntary disclosure of one document may waive protection not only for that actual document, but also for documents <u>relating to</u> the same subject matter, even though not voluntarily disclosed. *See Bowles v. Nat'l Ass'n of Home Builders,* 224 F.R.D. 246, 259 (D.D.C.2004).

In its pending motion to dismiss, the Government not only offers testimony central to this Court's prior determination to deny application of the discretionary function exception to the Government's response to the formaldehyde crisis, but on its own voluntary motion includes numerous affidavits/declarations speaking to the very heart of the discovery which the plaintiffs now seek. On point, Exhibit 27 to the Government's motion to dismiss is the declaration of David Garratt, the Acting Deputy Administrator of FEMA.[5] In Paragraph 6 of his declaration David Garratt categorically denies any involvement of FEMA's Office of Chief Counsel in the

---

[5] *See id.* at Exhibit 27.

7

decision regarding whether or not to test the EHUs for high formaldehyde levels.[6] The Government also attached as Exhibits 40 and 41, the declarations of Joseph Little, an employee with the National Institute for Occupational Safety and Health, and Martin McNeese.[7] These declarations admit FEMA's Office of Chief Counsel participated in the bi-monthly conference calls, and yet, unconditionally deny their active involvement.[8]

In addition to its unqualified denial of counsel's involvement in FEMA's response to the formaldehyde crisis, the Government also specifically divulges information and facts as to Patrick's Preston, one of the same attorneys whom plaintiffs now seek to be deposed, and his involvement with the review of EPA data and ATSDR's analysis of formaldehyde emissions.[9]

It was the Government's voluntary choice to re-urge its previously defeated defense of discretionary function immunity. In so doing, the Government, and the Government alone, voluntarily disclosed information as to the exact subject matter the plaintiffs' wish to conduct discovery on through the instant depositions. By voluntarily divulging such information, the Government has now "opened the door" to discovery as to the subject matter of the factual context and motivations behind FEMA's actions or inactions in response to the formaldehyde crisis and the alleged involvement of counsel in said response. Accordingly, under FRE 502(a) and the jurisprudence noted *supra*, any privilege as to the two witnesses in question now should be deemed waived.

The United States in the instant motion refers the Court to a series of cases applying various exemptions from disclosure under the Freedom of Information Act.[10] Plaintiffs submit

---

[6] *See id* at Exhibit 27, ¶6.
[7] *See id.* at Exhibit 40.
[8] *See id.* at Exhibit 40, ¶12; Exhibit 41, ¶9.
[9] *See id.* at Exhibit 40, ¶7; Exhibit 41, ¶¶6-7.
[10] *See id.* at p.18, footnote 14 and cases cited therein.

8

that these cases are inapposite. The parties in this MDL are engaged in active litigation; the discovery at issue is sought pursuant to the Federal Rules of Civil Procedure; and the United States itself has engaged in the adversarial and testimonial use (by affidavit[11]) of allegedly privileged information, through its selective release of information relating to the role of counsel in FEMA's response to the formaldehyde crisis.

Moreover, many of the subject communications were provided by FEMA to Congress, which then later published these documents. Notably, the United States in response did not seek to rectify such prior disclosures through appropriate motion practice (including under FRCP 26), but instead decided to rely on selected information in affidavits. Even now, it has continued to pursue the issue of counsel's involvement in its current motion to dismiss and has actually released <u>more</u> written communications and declarations as exhibits attached thereto. It would be the height of inequity to allow the United States to "tailor" a record for its purposes through the partial release of information concerning the OGC's role in FEMA's response conduct, while granting the Government's request to bar all plaintiff efforts to discover the entirety of the information and documents relative to this subject in this MDL. Since the information remains in the possession and control of FEMA and its attorneys, this outcome truly would turn the "full and fair" discovery and adjudicative process of this MDL on its ear.

    c. <u>The Discovery Sought Is Necessary to the Preparation of the Case</u>

The third and final step of the *Stetson* analysis concerns whether the subject matter of the questions which the PSC wishes to pursue with the deponents is necessary to the preparation of the PSC's case. Clearly, the depositions of Patrick Preston and Mary Martinet are both necessary and crucial to the preparation and presentation of plaintiffs' case under the FTCA. This

---

[11] *See id.* at Exhibits 6 (Rec. Doc. 1543-15) at ¶ 11; 27 (Rec. Doc. 1543-35) at ¶ 6; 40 (Rec. Doc. 1543-15) at ¶ 6; 40 (Rec. Doc. 1543-48) at ¶¶ 3, 7, 12; and, 41 (Rec. Doc. 1543-49) at ¶¶ 6,9.

prospective testimony in fact has two-fold importance, for it involves the application of the discretionary function exception and the ultimate issue of FEMA liability. The depositions will allow the PSC to explore the extent of the deponents' knowledge of the facts underlying, and context of, the United State's response to the public health and safety concerns of formaldehyde exposure in the housing units furnished by FEMA to the victims of Hurricanes Katrina and Rita. In fact, the Court in its Order and Reasons of October 3, 2008 envisioned this exact discovery being conducted.[12] The Order states that, "[f]urther discovery is needed to determine whether FEMA's conduct during that time period truly amounts to 'acts grounded in policy,' or instead simply strategizing by attorneys in anticipation of litigation."[13] By the Court's own precise framing of the question, discovery into FEMA's actions or inactions, and the "policy" motivations behind them is simply indispensable in the pursuit of plaintiffs' FTCA claims in this MDL.

### III. CONCLUSION

The United States is understandably content to ask this Court to determine that its response actions were susceptible to "policy" as to be dismissed on this basis, while limiting the opportunity by plaintiffs to discover contrary facts and evidence. However, the United States cannot have it both ways. It cannot reasonably expect this Court to rule on its defense of immunity without all of the information available, including relevant information which the Government and its witnesses solely possess and can access for selective disclosure as the Government sees fit. It cannot "cherry pick" the information in its possession and choose to disclose only what is helpful to its defense, while denying plaintiffs an adversarial opportunity to access related and relevant information which the Government would rather not disclose. And, in

---

[12] *See* Order and Reasons, p. 42, Doc. 717.
[13] *Id.*

10

light of FRE 502(a), it cannot claim privilege as to the subject matter of litigation awareness and concerns during its response to this health crisis, while at the same time "leaking" to the record affidavits and e-mails on this subject which it considers supportive of a dismissal of plaintiffs' case.

The discovery sought through the plaintiffs' depositions of Patrick Preston and Mary Martinet is both relevant, no longer privileged (if it ever was), and absolutely essential to both this Court's determination of the application of the discretionary function exception and to the ultimate issue of FTCA liability at trial. The PSC respectfully submits that the United States' Motion for Protective Order should be denied.

        Respectfully submitted:

        **FEMA TRAILER FORMALDEHYDE**
        **PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
           GERALD E. MEUNIER, #9471
           **PLAINTIFFS' CO-LIAISON COUNSEL**
           Gainsburgh, Benjamin, David, Meunier &
           Warshauer, L.L.C.
           2800 Energy Centre, 1100 Poydras Street
           New Orleans, Louisiana 70163
           Telephone:    504/522-2304
           Facsimile:    504/528-9973
           gmeunier@gainsben.com


           s/Justin I. Woods
           JUSTIN I. WOODS, #24713
           **PLAINTIFFS' CO-LIAISON COUNSEL**
           Gainsburgh, Benjamin, David, Meunier &
           Warshauer, L.L.C.
           2800 Energy Centre, 1100 Poydras Street

New Orleans, Louisiana  70163
Telephone:     504/522-2304
Facsimile:     504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, TEXAS #24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, JR., #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL C. WATTS, TEXAS #20981820

### CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-call mail to all counsel of record who are non-CM/ECF participants.

s/Gerald E. Meunier
GERALD E. MEUNIER, #9471