UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION ) ) ) ) This applies to Aldridge, ) No. 07-9228 ) | MDL NO. 1873<br><br>SECTION "N" (4)<br><br>JUDGE ENGELHARDT<br><br>MAGISTRATE CHASEZ |

**THOR INDUSTRIES, INC. SUPPLEMENTAL AND AMENDED LIST OF DEFENSES AND MOTIONS TO BE PRESERVED**

Pursuant to Pretrial Order No. 4 (Rec. Doc. No. 130), Thor Industries, Inc. ("Thor Industries"), submits the following list of defenses and motions to be preserved in the following underlying action,[1] which is currently pending in the above-captioned multidistrict litigation proceeding[2]:

1.  **Aldridge v. Gulf Stream Coach, Suit No. 07-9228 (E.D. La.)**

    (a)   Rule 12(b)(5):  Insufficiency of service of process;

    (b)   Rule 12(b)(1):  Lack of subject matter jurisdiction over claims;

---

[1] It is unclear the extent to which the Master Complaint and its amendments supersede, amend and/or replace the allegations asserted by the plaintiffs in each of the underlying actions.  Thus, in an abundance of caution and to ensure that all relevant motions and defenses are preserved, for each underlying action in which it was named as a party, Thor Industries has listed the defenses and motions applicable to that underlying action <u>and</u> the Master Complaint, as subsequently amended.

[2] Thor Industries specifically asserts this List of Defenses and Motions in response to the plaintiffs' original Complaint, their First Supplemental and Amending Complaint (Rec. Doc. No. 1064), and their Second Supplemental and Amending Complaint (Rec. Doc. No. 1346).

{B0590917.1}

(c) Rule 12(b)(3): Improper venue;

(d) Rule 12(b)(6): Failure to state a claim for negligence, negligence per se, gross negligence, recklessness and willfulness, strict liability in tort because these theories of recovery are not available to plaintiffs and because they are precluded by the Louisiana Products Liability Act;

(e) Rule 12(b)(6): Failure to state a claim for breach of implied and express warranty because those claims are not available to plaintiffs, and to the extent that they are available, they are precluded by the Louisiana Products Liability Act;

(f) Rule 12(b)(6): Failure to state a claim for medical monitoring damages under Louisiana, Mississippi, Texas or Alabama law because plaintiffs have not alleged a present and manifest injury;

(g) Rule 12(b)(6): Failure to state a claim for injunctive relief;

(h) Rule 12(b)(6): Failure to state a claim for attorney's fees;

(i) Rule 12(b)(6): Failure to state a claim for punitive damages;

(j) Rule 12(b)(6): Failure to state a claim because plaintiffs failed to make any particularized allegations regarding their injuries and damages, and failed to make any particularized allegations connecting any particular plaintiff to conduct by any particular defendant;

(k) Rule 12(e): Motion for more definite statement of the complaint based on plaintiffs' failure to make particularized allegations about their injuries and damages and failure to make any particularized allegations about any particular defendant's alleged conduct;

(l) Rule 21: Improper joinder: Failure to satisfy requirements for joinder of parties under FRCP 19 and 20.

(m) Rule 12(b)(6): Failure to state a claim for breach of express warranty under Alabama, Mississippi, and Texas law;

(n) Rule 12(b)(6): Failure to state a claim for breach of implied warranty of merchantability under Alabama, Mississippi, and Texas law;

(o) Rule 12(b)(6): Failure to state a claim for breach of implied warranty of fitness for particular purpose under Alabama, Mississippi and Texas law;

{B0590917.1}

(p)  Rule 9(b):  Failure to plead fraud and misrepresentations with particularity; and

(q)  Rule 12(b)(6):  Failure to state a claim because plaintiffs' claims are barred by the applicable prescriptive and/or statute of limitations period.

Respectfully submitted,

*s/Ryan E. Johnson*

_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
Jones, Walker, Waechter, Poitevent,
   Carrère & Denègre, L.L.P.
8555 United Plaza  Blvd., 5th floor
Building Four
Baton Rouge, LA  70809
Telephone: (225) 248-2000
Facsimile:  (225) 248-3080

-and-

Madeleine Fischer (La. Bar No. 5575)
Nan Roberts Eitel (La. Bar No. 19910)
Jones, Walker, Waechter, Poitevent,
   Carrère & Denègre, L.L.P.
201 St. Charles Avenue, 49th floor
New Orleans, LA   70170
Telephone:  (504) 582-8000
Facsimile:  (504) 589-8208

*Attorneys for Defendant Thor Industries, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system. Notice of this filing will be sent to all known counsel by operation of the court's electronic filing system. I also certify that I have mailed a copy of this filing to any non-CM/ECF participants by U.S. Mail, postage prepaid and properly addressed.

Baton Rouge, Louisiana, this 5th day of June, 2009.

*s/Ryan E. Johnson*
_____
Ryan E. Johnson

{B0590917.1}