**Date:** 6/5/2009 9:08:39 AM
**Subject:** RE: FEMA Formaldehyde
**From:** "Miller, Henry \(CIV\)"
**Recipients:** ; ; ; ;
**CC:** ; ; ; "Dinnell, Adam \(CIV\)" ; "ANDREW WEINSTOCK" ; "Kurtz, David" ;

Raul/Richard/Jerry S.,

Couple matters. First, if all PSC wants is a walk through inspection, US will not enforce the 30 day rule. The primary purpose of request for that rule was to ensure that US can have our appropriate expert/consultant present to monitor testing, to allow us to challenge any proposed testing or need for testing in a timely and orderly manner, and take appropriate actions if we believe protocol may cause damage to government property. A walk through inspection does not raise such concerns. However, please be aware that absent good cause I am only inclined to give PSC access to unit one time and same for DSC/IA/TAC. I do not want avoid a repeat of the Gulf Stream fiasco where PSC requested access three times -- so figure out everything you want to do and if it includes anything other then a walk through then the 30 day rule applies. Further, if you will do a walk through inspection, please issue me a letter similar to the letter GSC issued for its proposed walk through. Based on problems last go round need a hold harmless/indemnity type agreement from parties entering FEMA site.

Second, isn't it a bit premature to be talking about altering scheduling deadlines. As I understand it we do not even have a case right now because the Court has not yet selected a replacement bellwether plaintiff. Further, I will defer to PSC and Fleetwood on this matter, but what are the implications of the bankruptcy stay on trying a different claim. As I understood Gerry Meunier at the last Chambers Conference only work Fleetwood could do was work related to that one action, and until stay is lifted as to an alternate action neither Fleetwood or Court should do anything further.

Finally, I cannot agree to these proposed scheduling changes. I agree that there exists good cause to change the scheduling deadlines once we have a new Plaintiff, I do not see how we are actually going to proceed with trial on this matter in October and I think we will need to back up scheduling deadlines in Bellwether Trials #3 and #4. At this point -- 4 months before Bellwether #2 is suppose to commence we do not have a plaintiff. If Court selects plaintiff tomorrow who was class action status representative this may reduce some of burden, but I still think we will have difficulty getting this thing ready for trial especially given fact that we will be trying the GSC case in September.

Henry

---

**From:** Bencomo & Associates [mailto:Ben_Law@bellsouth.net]
**Sent:** Friday, June 05, 2009 9:15 AM
**To:** richard.hines@nelsonmullins.com; Miller, Henry (CIV); cpenot@midrid.com; jsaporito@leakeandersson.com
**Cc:** gmeunier@gainsben.com; jwoods@gainsben.com; lnelson@lambertandnelson.com
**Subject:** FEMA Formaldehyde

Please see attached letter.

Raul R. Bencomo, Attorney
Bencomo & Associates
639 Loyola Ave.; #2110
New Orleans, LA 70119
504-529-2929 voice
504-529-2018 fax
Ben_Law@bellsouth.net email



EXHIBIT "A"

```
No virus found in this incoming message.
Checked by AVG - http://www.avg.com
Version: 8.0.138 / Virus Database: 270.12.53/2154 - Release Date: 6/4/2009 5:53 AM
```