UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER      MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION      SECTION "N-5"
    JUDGE ENGELHARDT
    MAG. JUDGE CHASEZ

This Document Relates to:

*Fleetwood Trial scheduled for week of October 26, 2009*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**DEFENDANT UNITED STATES OF AMERICA'S RESPONSE TO PSC's
" MOTION TO CONTINUE BELLWETHER TRIAL" [Docket No. 1694]**

Defendant United States of America ("United States") submits this Response to Plaintiffs' Steering Committee's ("PSC") "Motion to Continue Bellwether Trial" [Docket No. 1694]. PSC's has moved to continue the Fleetwood Bellwether Trial. The essence of PSC's argument is that their belated voluntary dismissal of the Fleetwood Bellwether claimant – the sole claimant nominated by PSC for the Fleetwood Bellwether trial – and failure to promptly offer a replacement bellwether claimant, constitutes "good cause" because as a result it is now logistically impossible for them to produce their expert reports on June 17, 2009, given that the Court requires them to provide at least 30 days notice before their experts can conduct any testing.[1] Although it will cause significant hardship, the United States believes that the

---

[1] PSC suggests that Mr. Jenkin's voluntarily dismissed his claim because of information he discovered in the FEMA Individual Assistance ("IA") file, and that PSC would not have nominated him if it had that file. PSC's suggestion is patently absurd. The information in the FEMA IA files reflects communications between a Disaster Victim and FEMA – in the case of Mr. Jenkins, the applicable IA file is his mother's IA file and it simply reflects communications between her and FEMA. Moreover, most, if not all of the information contained in the file – especially anything relating to formaldehyde – is available to PSC simply by interviewing their client. Moreover, past history shows that the IA files in fact are of little if any assistance to the

Scheduling Order deadlines for the second Bellwether Trial can be extended by one week, and, at most, perhaps two weeks, if no further extensions of deadlines are granted, without substantially impairing the United States' ability to prepare its defenses in this matter.  If an extension of more than that is required, PSC's request for a continuance should be granted because the United States will not have sufficient time to prepare its defenses.  Specifically, the United States will be unable to (1) properly investigate and collect information relating to the new bellwether claimant, (2) the Government experts will not have sufficient time to analyze case specific information and prepare their reports, and (3) discovery and preparation for the second bellwether trial will interfere with the United States' ability to prepare its defense in the First, Third, and Fourth Bellwether Trials.

The United States further believes that the parties should be able to be ready for trial on October 26, 2009, and the deadlines need only be extended by one or two weeks if the Court (1) selects Heather Robertson-Durand as the replacement Bellwether Plaintiff, and (2) restricts any further inspection/testing of her temporary emergency housing unit to a single walkthrough inspection by the parties' counsel and experts.  Plaintiff Robertson-Durand was previously

---

PSC in identifying the proverbial needle in the haystack plaintiff that they apparently seek to nominate as the Bellwether Plaintiffs; PSC nominated over 100 persons as Class Representatives, PSC has the IA files for all of those Plaintiffs, and PSC nevertheless failed to nominate any of those persons as a Bellwether Plaintiff.  Simply put, the burden and expense associated with producing an IA file – approximately 30 to 45 minutes/man-hours per file – is not justified at this stage of the litigation given that the information in those files can readily be obtained by PSC from their own clients and any information in those files should not adversely effect the merits or whether a claimant suffered any actual injuries.  Ultimately, the United States believes that only method that will allow the parties – PSC and Defendants – to fairly identify an appropriate  pool of potential Bellwether claimants is to impose a Lone Pine type Order that requires all claimants to come forth with a declaration from either a treating doctor or expert showing that they suffered an actual injury as a result of alleged exposure to formaldehyde in their temporary emergency housing unit.

identified by PSC as a Class Action representative, her temporary housing unit has already been tested, and as a result of her status as a Class Action representative many of her medical records have already been collected.[2]

Finally, a response is required to PSC disingenuous suggestion that their request for the continuance is necessitated by the United States' refusal to agree to their June 5, 2009, proposed modification of the Scheduling Order; a modification that they suggest is required because they intend to do further testing of the trailer and the United States' insists that they comply with the Court's Order and issue their Testing Protocol at least thirty-days before conducting any further testing. *See* Exhibit 1, June 5, 2009, Letter.[3]  Significantly, the PSC's proposed extension of deadlines is significantly similar to the extension PSC first proposed on May 4, 2009, with the primary difference being that on May 4, 2009, the proffered "good cause" was Fleetwood's Bankruptcy Stay.  *See* Exhibit 2, May 4, 2009, E-Mail.  The United States refused to agree to that request, in part, because the stay was lifted on April 21, 2009, and as a result PSC still had more time to prepare for the Second Bellwether trial than it ever had to prepare for the First Bellwether

---

[2]  Selection of Plaintiff Robertson-Durand as a replacement Bellwether Plaintiff may ultimately also prove futile as she as well as any other claimant may well dismiss their lawsuit before trial.  The United States believes that they may take such action given PSC's stated position regarding Fleetwood's bankruptcy status and significant difficulties PSC will have establishing Fleetwood's liability given that all Fleetwood travel trailers are apparently constructed using HUD compliant materials, have the HUD formaldehyde warning posted inside each unit, and also have a separate formaldehyde warning in the owners manual.  *See* Docket No. 1543-18 at 03-1; Docket No. 1543-16.

[3]  Although the Court issued its Order requiring parties to issue Testing Protocols on or about May 8, 2009, PSC has not yet issued a Test Protocol for the Second Bellwether trial, notwithstanding the fact that on or about May 5, 2009, they issued a Test Protocol for the Gulf Stream Coach, Inc., travel trailer that is at issue in the First Bellwether trial, and on June 9, 2009, they issued a Test Protocol for the Forest River, Inc., travel trailer that is at issue in the Third Bellwether trial.

trial. *See* Exhibit 3, May 5, 2009, E-Mail. Ultimately, this Court may determine that "good cause" exists to continue the second Bellwether Trial, however, as the record shows, the need for any such continuance arises from PSC's nomination and belated dismissal of Mr. Jenkins' claim and failure to promptly nominate an alternate claimant; not as a result of Fleetwood's bankruptcy or the United States' insistence that the parties comply with this Court's Orders.

Dated: June 10, 2009

Respectfully Submitted,

| | |
|---|---|
| TONY WEST<br>Assistant Attorney General, Civil Division | ADAM BAIN<br>Senior Trial Counsel |
| J. PATRICK GLYNN<br>Director, Torts Branch, Civil Division | ADAM DINNELL<br>MICHELLE BOYLE<br>JONATHAN WALDRON |
| DAVID S. FISHBACK<br>Assistant Director | Trial Attorneys |
| | //S// *Henry T. Miller*<br>HENRY T. MILLER (D.C. Bar No. 411885) |
| OF COUNSEL:<br>JORDAN FRIED<br>Associate Chief Counsel | Senior Trial Counsel<br>United States Department of Justice<br>Civil Division – Torts Branch<br>P.O. Box 340, Ben Franklin Station |
| JANICE WILLIAM-JONES<br>Trial Attorney<br>FEMA/DHS<br>Department of Homeland Security<br>Washington, D.C. 20472 | Washington, D.C. 20004<br>Telephone No: (202) 616-4223<br>E-mail: Henry.Miller@USDOJ.Gov<br><br>Attorneys for the United States of America |

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2009, the foregoing document was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon all Liaison Counsel.

//S// *Henry T. Miller*
HENRY T. MILLER (D.C. Bar No. 411885)