UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER *  *  FORMALDEHYDE * PRODUCTS LIABILITY * LITIGATION * * This Document Relates to: * *Fleetwood Trial set for* * *week of October 26, 2009* * * * | | MDL NO. 1873 SECTION: N(5) JUDGE: ENGELHARDT MAG: CHASEZ |

*******************************************************************************

# FLEETWOOD ENTERPRISES, INC.'S OPPOSITION TO PSC'S MOTION TO CONTINUE BELLWETHER TRIAL [REC. DOC. 1694]

**May It Please The Court:**

Through undersigned counsel, comes Fleetwood Enterprises, Inc. ("Fleetwood"), and, files its memorandum in opposition to PSC's Motion to Continue Bellwether Trial ("PSC's Motion to Continue") [Rec. Doc. 1694], and respectfully shows this Court as follows:

PSC's Motion to Continue is a result of its own failure to act diligently and should be denied for several reasons. Within two days of being told that the Jenkins bellwether plaintiffs were dismissing their case, Fleetwood timely proposed two alternate bellwether candidates. Both candidates are model bellwethers, and one (Robertson-Durand) is particularly well suited to cure many of PSC's perceived obstacles in meeting this Court's standing Scheduling Order. Fleetwood has thus far met all of this Court's deadlines and stands ready to continue to meet all deadlines necessary to try its bellwether plaintiff the week of October 26, 2009. Fleetwood's corporate structure is in a rapid state of flux, and the continuance of the October 26, 2009 trial date would unfairly work to prejudice Fleetwood's defense. Therefore, PSC's Motion to

Continue should be denied and the Fleetwood bellwether trial should proceed as scheduled the week of October 26, 2009.

**I.      Fleetwood Timely Proposed Alternate Bellwether Candidates**

As this Court is aware, on March 23, 2009, PSC, the bellwether Defendants, and the U.S. Government submitted their proposed bellwether candidates. Fleetwood submitted 25 candidates. PSC chose to submit only two candidates -- Shalahn Jenkins and Craig Jenkins, Sr. on behalf of Craig Jenkins, Jr. *See* correspondence to Ms. Amanda Ballay, attached hereto as Exhibit A.[1]  Following PSC's submission, Fleetwood quickly responded to narrow its proposed list to two plaintiffs that are particularly representative and instructive as potential bellwether trial plaintiffs, Heather Robertson-Durand and Calvin Parker, Sr., at Rec. Doc. 1227.[2]  On April 6, 2009, the Court adopted PSC's nomination of the Jenkins in Pre-Trial Order No. 34 [Rec. Doc. 1299]. On April 8, 2009, the Court entered the Trial II Scheduling Order [Rec. Doc. 1306]. All parties immediately engaged in discovery. In fact, Fleetwood has already timely responded to Plaintiffs' First Revised Master Set of Interrogatories and First Revised Master Set of Request for Production of Documents, which were served on Fleetwood on April 22, 2009. PSC and Fleetwood have worked toward scheduling anticipated 30(b)(6) depositions.

On May 27, PSC announced its intention to voluntarily dismiss the Jenkins plaintiffs, which dismissal [Rec. Doc. 1693] was not formally filed until June 8, 2009 -- contemporaneously with its Motion to Continue [Rec. Doc. 1694]. *See* correspondence to Ms. Ballay attached hereto as Exhibit B. In that correspondence, PSC made several claims. PSC claimed that it would immediately identify a substitute plaintiff for the Fleetwood bellwether trial. *Id.* PSC claimed that it was committed to going forward with the 30(b)(6) deposition of

---

[1] There is no record document number associated with this submission.
[2] Indeed, these are the same two candidates again advanced by Fleetwood, as discussed further below.

2

Fleetwood the week of June 23, 2009. *Id.* PSC claimed that it would work to ensure "minimal disruption to the Court's bellwether trial schedule." *Id.* As the past two weeks have proven, PSC has failed to meet these commitments. PSC failed to offer its own alternate bellwether candidates until just moments before this Court's deadline -- 13 days after it announced the impending dismissal of the Jenkins. *See* correspondence to Ms. Ballay attached hereto as Exhibit C. In the past two weeks, PSC has offered no objection to Fleetwood's proposed candidates, save its eleventh hour comment to this Court that it would like, at some point, to submit objections to the Court with respect to Fleetwood's proposed candidates. *Id.*[3]

With respect to PSC's actual nomination, Elisha Dubuclet on behalf of Timia Dubuclet, it is unclear how this proposed candidate serves to alleviate PSC's apprehension in meeting the Scheduling Order deadlines. PSC has somehow managed to select one single candidate, who, to the best of Fleetwood's knowledge, lived in an EHU that PSC has never tested. This selection completely thwarts PSC's stated commitment to ensure minimal disruption to this Court's trial schedule.

Fleetwood, however, has worked diligently to ensure minimal disruption to the trial schedule. On May 29, through Defense Liaison Counsel, Fleetwood timely proposed two alternative bellwether candidates, Heather Robertson-Durand and Calvin Parker, Sr., noting its prior brief in support of these candidates at Rec. Doc. 1227. *See* correspondence to Ms. Ballay attached hereto as Exhibit D. Counsel for FEMA likewise quickly responded to PSC's announcement of the Jenkins' dismissal. On May 31, 2009, Adam Dinnell explained to the Court that the U.S. supports Fleetwood's nomination of Heather Robertson-Durand given her status as a former class representative and the fact that FEMA had previously produced her IA

---

[3] In actuality, on March 27, 2009, PSC previously objected to each of Fleetwood's original 25 proposed candidates, including Ms. Robertson-Durand and Mr. Parker at Rec. Doc. 1225, 1225-3.

file.[4]  *See* correspondence attached hereto as Exhibit E.  In addition to the reasons stated by counsel for FEMA, Ms. Robertson-Durand is a particularly suitable bellwether candidate because her EHU has already been tested on four separate occasions, three times by PSC and once by the CDC, thereby negating the need for any additional testing per this Court's recent Order on Fleetwood's Motion for Protective Order [Rec. Doc. 1493].[5]  Therefore, if Ms. Robertson-Durand were selected as the bellwether plaintiff, PSC's concerns expressed in its Motion to Continue regarding the production of IA files, EHU testing and expert report deadlines would be rendered moot.[6]  Because Fleetwood and FEMA have identified a bellwether candidate for whom sufficient discovery has already been conducted, and for whom PSC has offered no objection, PSC's Motion to Continue should be denied.

**II.   Fleetwood Remains Ready to Meet all Scheduling Dates**

The stay imposed by Fleetwood's bankruptcy filing on March 10, 2009 -- which stay was lifted on April 21, 2009 -- has had no impact on the parties' ability to meet the deadlines established in the Court's Trial II Scheduling Order [Rec. Doc. 1306].  The only deadline that has now passed is that which commands that all "[a]mendments to pleadings, third-party actions, cross-claims and counter-claims shall be filed no later than March 23, 2009."  It is clearly not this deadline on which PSC bases its Motion to Continue.  The next deadline is the production of Plaintiffs' expert reports on June 17, 2009.  PSC has expressed concerns regarding this deadline.  However, PSC has already produced its expert reports in the Gulf Stream bellwether case, many of which will be used in Fleetwood's bellwether case.  Moreover, additional testing of the new

---

[4] FEMA produced Ms. Robertson-Durand's IA file on August 27, 2008.  *See* correspondence attached hereto as Exhibit F.
[5] Each of the four tests were conducted while Ms. Robertson-Durand lived in her EHU.
[6] In addition, Ms. Robertson-Durand's IA-TAC is also Fluor Enterprises, Inc., such that a different contractor would not be required to slip into the October trial slot.

4

plaintiff's EHU may not need to take place, as illustrated by the example of Ms. Robertson-Durand.

Those facts notwithstanding, Fleetwood is agreeable to the reworking of certain deadlines in order to accommodate PSC. On June 4, 2009, Raul Bencomo proposed a new discovery schedule that would still permit the October 26, 2009 trial date. *See* correspondence attached hereto as Exhibit G. Fleetwood has already expressed its willingness to agree to these new dates. Although PSC claims in its Motion to Continue that the U.S. Government has been unwilling to agree to any proposed scheduling changes, it would seem that this characterization goes too far. In its Response to PSC's Motion to Continue, the United States in fact agrees to an extension of all remaining deadlines for up to two weeks in order to maintain the currently scheduled trial date of October 26, 2009 [Rec. Doc. 1721, p. 2].

Because Fleetwood remains committed to meeting all scheduling deadlines in order to maintain the October 26, 2009 trial date, and is even willing to agree to PSC's proposed changes outlined in Mr. Bencomo's June 4, 2009 letter, PSC's Motion to Continue should be denied.

**III.    Fleetwood Would be Prejudiced by a Continuance**

Fleetwood's corporate structure is continuing to undergo changes as a result of its March 10, 2009 filing of bankruptcy. Fleetwood's travel trailer division has already been liquidated, with one of its plants already sold, the rest currently for sale, and its personnel widely scattered already. *See* Affidavit of Leonard J. McGill, ¶ 2, attached hereto as Exhibit H. Fleetwood's motor home division has already signed an acquisition agreement that is projected to close at the end of June 2009, with its personnel displaced at that time. *Id.* at ¶ 3. The manufactured housing division is seeking to close an acquisition agreement by the end of August 2009, at which point its personnel will also be displaced. *Id.* at ¶ 4. Following that sale, Fleetwood's corporate

5

headquarters at Riverside, California will be closed. *Id.* at ¶ 5. By November 2009, upon the anticipated transfer of remaining property and claims to liquidating trust, Fleetwood's key executives will likewise end their employment with Fleetwood. *Id.* at ¶ 6.

With these closings, both hard copy and electronic files will become more difficult to maintain. Clearly, corporate witnesses will become increasingly unavailable in the coming months. To date, PSC has still not served Fleetwood with a 30(b)(6) Notice of Deposition. For purposes of preserving testimony, the 30(b)(6) depositions should be taken as soon as possible. Even a six month delay in the trial date will greatly hamper Fleetwood's ability to locate and prepare witnesses for deposition and trial testimony. Fleetwood should be allowed to properly preserve its corporate history in order to fully and fairly present its defense in this matter.[7] In order to avoid prejudicing Fleetwood's defense, PSC's Motion to Continue should be denied.

This 10th day of June, 2009.

Respectfully submitted:

 /s/ Richard K. Hines, V
Richard K. Hines, V
Georgia Bar No. 356300
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW,  Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)

---

[7] Furthermore, Fleetwood will still be required to undertake the time and expense of attending and participating in all expert and other non-defendant specific depositions, regardless of whether it is ultimately allowed to proceed to trial armed with its corporate defense intact. *See* Pre-Trial Order No. 36, p. 6 [Rec. Doc. 1386].

Jerry L. Saporito
Louisiana Bar No. 11717
LEAKE & ANDERSSON, L.L.P.
1700 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-1701
(504) 585-7500 (phone)
(504) 585- 7775 (fax)

Counsel for Fleetwood Enterprises, Inc.

## **C E R T I F I C A T E OF SERVICE**

   I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )   Hand Delivery       ( )   Prepaid U.S. Mail

( )   Facsimile        ( )   Federal Express

(X)   CM/ECF

   New Orleans, Louisiana, this 11th day of June, 2009.

              /s/ Richard K. Hines, V
              Richard K. Hines, V
              Georgia Bar No. 356300
              richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA 30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)