UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION:  N(5) |
| | * | |
| This Document Relates to: | * | |
| *Fleetwood Trial set for* | * | JUDGE: ENGELHARDT |
| *week of October 26, 2009* | * | |
| | * | |
| | * | MAG: CHASEZ |

*****************************************************************************

**FLEETWOOD ENTERPRISES, INC.'S REPORT ON
BELLWETHER CANDIDATES**

**May It Please The Court:**

Through undersigned counsel, comes Fleetwood Enterprises, Inc. ("Fleetwood"), and hereby files its objections to and arguments in support of the proposed alternate bellwether trial candidates.

**<u>Arguments Against Plaintiffs' Proposed Trial Candidate</u>**

Nearly two weeks after its announcement of the voluntary dismissal of the Jenkins bellwether plaintiffs,[1] PSC has proposed only one substitute bellwether candidate, Elisha Dubuclet on behalf of Timia Dubuclet ("Timia Dubuclet").  It is difficult to fully object to this nomination without also addressing PSC's simultaneously filed motion to continue Fleetwood's bellwether trial [Rec. Doc. 1694].  Of particular importance is PSC's emphasis on the impact of testing and subsequent expert reports on its purported inability to meet this Court's Trial II Scheduling Order [Rec. Doc. 1306].  Although PSC complains of possible delays imposed by virtue of needing to test a new bellwether plaintiff's EHU, the one and only substitute advanced

---

[1] Shalahn Jenkins and Craig Jenkins, Sr. on behalf of Craig Jenkins, Jr. were likewise the only two Fleetwood bellwether candidates originally proposed by PSC.

by PSC lived in an EHU that it has never tested.  Irrespective of the non-air sampling testing PSC now seeks -- testing never sought in the Jenkins unit[2] -- this lack of careful selection should preclude PSC's choice from serving as the bellwether plaintiff.  As explained more fully in Fleetwood's Opposition to PSC's Motion to Continue Bellwether Trial [Rec. Doc. 1724], PSC's dilatory response in the wake of the Jenkins' dismissal should not result in punishing Fleetwood by prejudicially continuing its October 26, 2009 trial.[3]

Apart from the detrimental impact PSC's proposal has on this Court's Scheduling Order, there are several reasons Timia Dubuclet would not serve as a suitable bellwether plaintiff.  Timia Dubuclet was allegedly exposed to both severe mildew and rodent and bug problems in her EHU, which problems were treated using various sprays.  *See* Deposition of Elisha Dubuclet o/b/o Timia Dubuclet, taken September 17, 2008, at 37:14-39:18.[4]  PSC has previously objected to one of Fleetwood's earlier proposed candidates, Shelton Duplessis, on this very basis -- that he was exposed to mold and chemicals.  *See* Rec. Doc. 1225-3.  PSC has offered no reason why these complained of confounding factors associated with Fleetwood's prior proposal do not apply equally to Timia Dubuclet.

Moreover, Timia Dubuclet's age -- only 10 years old -- puts her in an atypical category.  Because less than approximately 20% of Fleetwood plaintiffs are minors, the use of Timia

---

[2] Indeed, as if to create another self-imposed hurdle to adhering to the Court's Scheduling Order, on June 11, 2009, for the first time, PSC seeks to perform not just air sampling testing, but air pressure and jacking testing, a series of tests that triggered the use of many new experts in the Gulf Stream case.  *See* correspondence attaching PSC's proposed testing protocol, attached hereto as Exhibit A.  Moreover, this series of testing would seem to fly in the face of both this Court's May 15, 2009 Order and Reasons [Rec. Doc. 1493] on Fleetwood's motion for protective order [Rec. Doc. 1396] and its May 18, 2009 Order and Reasons [Rec. Doc. 1547] on Gulf Stream's motion for protective order [Rec. Doc. 1373].

[3] Despite the obvious hardships imposed by selecting Timia Dubuclet as the bellwether plaintiff, Fleetwood is not willing to concede at this time that such a selection would necessitate a continuance of the October 26, 2009 trial date.

[4] The relevant portions of this deposition are attached hereto as Exhibit B.

Dubuclet as a bellwether plaintiff would not be instructive for the vast majority of Fleetwood plaintiffs. The Manual for Complex Litigation cautions that "[i]f individual trials, sometimes referred to as bellwether trials or test cases, are to produce reliable information about other mass tort cases, the specific plaintiffs and their claims should be representative of the range of cases . . . . The more representative the test cases, the more reliable the information about similar cases will be." Manual for Complex Litigation, Fourth, § 22.315. A bellwether trial should be undertaken by a single plaintiff who will be the most instructive as to the majority of the potential plaintiffs, and Timia Dubuclet is simply unable to fill that role.

### Arguments in Support of Fleetwood's Proposed Trial Candidates

Fleetwood again proposes -- separately -- two plaintiffs, Heather Robertson-Durand and Calvin Parker, Sr., each of whom Fleetwood also included in its original proposed bellwether trial plaintiff list submitted to the Court on March 23, 2009.[5] First and foremost, both Ms. Robertson-Durand and Mr. Parker's units were tested for formaldehyde levels by The Center for Disease Control and Prevention ("CDC"), an independent third party, as part of the random sampling of 519 currently occupied FEMA units. This occupied unit testing, done in December of 2007 and January of 2008, became the underlying data for the CDC's July 2, 2008 "Final Report on Formaldehyde Levels in FEMA-Supplied Travel Trailers, Park Models, and Mobile Homes."[6] The test results of these two units are representative of all random Fleetwood units tested because they are within the range of formaldehyde levels found—and, yet, they are not at either extreme. The CDC Final Report stated that Fleetwood formaldehyde levels ranged from

---

[5] Fleetwood previously advanced these same plaintiffs as particularly representative and instructive as potential bellwether trial plaintiffs at Rec. Doc. 1227.
[6] This Final Report is available online at www.cdc.gov/nceh/ehhe/trailerstudy/pdfs/FEMAFinalReport.pdf.

.003 ppm to .300 ppm.[7]  Ms. Robertson-Durand's unit tested at .020 ppm, and Mr. Parker's unit at .047 ppm (the .047 ppm results actually being higher than the CDC average of all Fleetwood units).

Further, the symptoms alleged by each are representative and instructive for a bellwether trial plaintiff.  Ms. Robertson-Durand and Mr. Parker both allege the following exact same symptoms: irritation, burning and tearing of eyes; irritation and bleeding of nasal membranes; irritation or itching of skin; rashes on skin; scaling or itching of eyelids; irritation or swelling of eyelids; throat irritation; hoarseness; upper respiratory tract infections; headaches; nausea; vomiting; abdominal pain; difficulty in breathing; wheezing; persistent cough; tightness of the chest; dizziness; and allergic contact dermatitis.  They each represent an average age of the pool of plaintiffs, as opposed to Timia Dubuclet, a minor.[8]

Moreover, the selection of either Ms. Robertson-Durand or Mr. Parker will ensure minimal disruption to the trial schedule.  Ms. Robertson-Durand may be particularly suitable because, in addition to the CDC occupied testing conducted, her EHU was also tested three separate times by PSC's own experts while she was living in that unit.[9]  Occupied testing data is clearly far more accurate and instructive than whatever testing PSC would now propose for Timia Dubuclet's EHU, years after her habitation in that unit.  With no further testing required for either Ms. Robertson-Durand or Mr. Parker's EHU, PSC's concerns with meeting this Court's standing Scheduling Order should be greatly assuaged.  For the foregoing reasons, Fleetwood objects to PSC's proposal of Timia Dubuclet and instead offers either Heather

---

[7] *See* Table 3 of the CDC Final Report, at 24. This range includes Fleetwood and Fleetwood Canada.
[8] Heather Robertson-Durand is currently 30 years old.  Calvin Parker, Sr. is currently 52 years old.
[9] The United States likewise proposes Ms. Robertson-Durand as the new bellwether plaintiff.  *See* Rec. Doc. 1721, pp. 2-3.

Robertson-Durand or Calvin Parker, Sr. as far more suitable candidates for the October 26, 2009 trial.

This 12th day of June, 2009.

>Respectfully submitted:
>
> /s/ Richard K. Hines, V
> Richard K. Hines, V
> Georgia Bar No. 356300
> NELSON MULLINS RILEY &
> SCARBOROUGH, LLP
> Atlantic Station
> 201 17th Street, NW, Suite 1700
> Atlanta, GA  30363
> (404) 322-6000 (phone)
> (404) 322-6050 (fax)
>
> Jerry L. Saporito
> Louisiana Bar No. 11717
> LEAKE & ANDERSSON, L.L.P.
> 1700 Energy Centre
> 1100 Poydras St.
> New Orleans, LA 70163-1701
> (504) 585-7500 (phone)
> (504) 585- 7775 (fax)
>
> Counsel for Fleetwood Enterprises, Inc.

**C E R T I F I C A T E OF SERVICE**

  I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )  Hand Delivery      ( )  Prepaid U.S. Mail

( )  Facsimile        ( )  Federal Express

(X)  CM/ECF

  New Orleans, Louisiana, this 12th day of June, 2009.

                /s/ Richard K. Hines, V
               Richard K. Hines, V
               Georgia Bar No. 356300
               richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)