**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE:  FEMA TRAILER                                    MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                  SECTION "N-5"

JUDGE ENGELHARDT
MAG. JUDGE CHASEZ

**THIS DOCUMENT IS RELATED TO ALL CASES**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**PSC'S REPORT ON PLAINTIFF CANIDIDATES FOR FLEETWOOD TRIAL**

NOW INTO COURT, comes the Plaintiffs' Steering Committee (PSC) which objects to the

nominations of bellwether trial plaintiffs put forth by Defendant Fleetwood Enterprises, Inc. (Fleetwood)

on the following grounds:

I.   **Calvin Parker, Sr.**

The PSC respectfully objects to the nomination of Calvin Parker, Sr. on the grounds that

he has informed the PSC that he resided in more than one FEMA provided EHU following

hurricanes Katrina and Rita.  Mr. Parker resided in a unit leased to his son, Calvin Parker, Jr.,

in Picayune, Mississippi from February 2006 through June 2006.  Neither Mr. Parker nor his

son can recall the manufacturer of the unit.  Upon his return to New Orleans, Mr. Parker

resided in an EHU manufactured by Fleetwood.  This factor raises the obvious problems of

intervening confounder of contamination which may require the amendment of his claim to

include not only the manufacturer of the EHU he resided in while in Mississippi but also the

amendment of his complaint to add the contractor responsible for the installation / set-up

of the Mississippi EHU.  Additionally, Mr. Parker has a history of being a past smoker.  For

these intervening reasons, the PSC respectfully submits that Mr. Parker will not provide

adequate instructions for possible global resolution of the claims against the Fleetwood

entities.

**II.   Heather Robertson-Durand**

The PSC respectfully objects to the nomination of Ms. Durand on the grounds that Ms.

Durand resided in the Fleetwood EHU with her husband, Matthew Durand who is a current

smoker and has smoked for the past six years. Ms. Durand also resided in a manufactured home

immediately following hurricanes Katrina and Rita.  The manufacturer of the manufactured

housing is unknown.  For these intervening reasons, the PSC respectfully submits that Ms.

Durand will not provide adequate instructions for possible global resolution of the claims against

the Fleetwood entities.

**III.   Elisha Dubuclet on behalf of her minor daughter Timia Dubuclet**

The PSC's nomination of Elisha Dubuclet on behalf of her minor daughter Timia Dubuclet

would be an appropriate replacement bellwether for the following reasons:

1.   The original selection of Shalahn Jenkins and Craing Jenkins, Sr. on behalf of Craig Jenkins, Jr.

provided the Court with the opportunity to adjudicate the claims of a minor (Craig Jenkins,

Jr.).  Currently there are five bellwether trials scheduled in this litigation and only two, prior

to the withdrawal of the Jenkins family, involved minors.  The claims of minors in this

litigation are numerous and all of the parties will need adequate instructions regarding the

resolution of the claims of minors.  Now that Craig Jenkins, Jr.'s claim has been voluntarily

dismissed, an appropriate replacement claim would be that of a minor namely, Timia

Dubuclet.

2.   Elisha Dubuclet was previously a class representative during the class certification effort.

The parties are particularly familiar with the claims asserted by Ms. Dubuclet individually

and on behalf of her minor children.  Ms. Dubuclet has been deposed and the parties have

received and reviewed the relevant medical records as well as other documents produced

during the class certification discovery phase.  Ms. Dubuclet offers the Court the easiest and

best transition to quickly replace the Jenkins family without much interruption of the Court's

intention to schedule trials in this litigation.

        WHEREFORE, for the foregoing reasons, the PSC requests that the nominations

submitted by Fleetwood be stricken from consideration as bellwether trial plaintiffs and that

the nomination submitted by the PSC be approved as an appropriate replacement for the

Fleetwood trial.

                        Respectfully submitted:


                        **FEMA TRAILER FORMALDEHYDE**
                        **PRODUCT LIABILITY LITIGATION**


                        BY:      s/Gerald E. Meunier
                                 GERALD E. MEUNIER, #9471
                                 **PLAINTIFFS' CO-LIAISON COUNSEL**
                                 Gainsburgh, Benjamin, David, Meunier &
                                 Warshauer, L.L.C.
                                 2800 Energy Centre, 1100 Poydras Street
                                 New Orleans, Louisiana  70163
                                 Telephone:      504/522-2304
                                 Facsimile:      504/528-9973
                                 gmeunier@gainsben.com

3

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana  70163
Telephone:      504/522-2304
Facsimile:       504/528-9973
jwoods@gainsben.com


**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, TEXAS #24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, JR., #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
Mikal Watts, TEXAS 20981820


<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 12, 2009, I electronically filed the foregoing with the Clerk of Court

by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are

CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic

filing by first-call mail to all counsel of record who are non-CM/ECF participants.


s/Justin I. Woods
JUSTIN I. WOODS, #24713