## JOSEPH G. GLASS

**From:** Chris Pinedo [cpinedo@cpinedolaw.com]
**Sent:** Wednesday, June 03, 2009 11:40 AM
**To:** JOSEPH G. GLASS
**Subject:** RE: FEMA Trailer Litigation - Requests from Dr. Laux Deposition

I have nothing more to add than my previous responses.

**Chris Pinedo**
**Attorney At Law**
**4550 Jericho Road**
**Corpus Christi, Texas 78413**
**(361) 946-1474**
**(361) 244-2278 (Cell)**

---

**From:** JOSEPH G. GLASS [mailto:jglass@duplass.com]
**Sent:** Wednesday, June 03, 2009 8:20 AM
**To:** Chris Pinedo
**Subject:** RE: FEMA Trailer Litigation - Requests from Dr. Laux Deposition

Chris:

Please answer my direct question. Is it your position that the Plaintiffs did not agree to identify, following a written request from me after the deposition, the source for any of Dr. Laux's opinions identified in my original e-mail?

Joe

---

**From:** Chris Pinedo [mailto:cpinedo@cpinedolaw.com]
**Sent:** Wednesday, June 03, 2009 8:17 AM
**To:** JOSEPH G. GLASS
**Subject:** RE: FEMA Trailer Litigation - Requests from Dr. Laux Deposition

Plaintiffs do not agree to have Lila Laux identify after the deposition the references for her opinions based upon written questions from defense counsel.

**Chris Pinedo**
**Attorney At Law**
**4550 Jericho Road**
**Corpus Christi, Texas 78413**
**(361) 946-1474**
**(361) 244-2278 (Cell)**

---

**From:** JOSEPH G. GLASS [mailto:jglass@duplass.com]
**Sent:** Wednesday, June 03, 2009 7:39 AM
**To:** Chris Pinedo
**Cc:** Jason Bone; James Percy; ANDREW WEINSTOCK; Jerry Meunier; Justin Woods; Dinnell, Adam (CIV); mikal watts; CPenot@midrid.com
**Subject:** RE: FEMA Trailer Litigation - Requests from Dr. Laux Deposition

6/11/2009

Chris:

I have seen your other e-mails from last night, but I have not received a response to my e-mail. I would like to get this issue before the Court. Is my understanding of your position as indicated immediately below accurate?

Joe

---

**From:** JOSEPH G. GLASS
**Sent:** Tuesday, June 02, 2009 4:08 PM
**To:** 'Chris Pinedo'
**Cc:** 'Jason Bone'; 'James Percy'; ANDREW WEINSTOCK; 'Jerry Meunier'; 'Justin Woods'; 'Dinnell, Adam (CIV)'; 'mikal watts'; 'CPenot@midrid.com'
**Subject:** RE: FEMA Trailer Litigation - Requests from Dr. Laux Deposition

Chris:

Just so there is no ambiguity for the Court, is it your position that the Plaintiffs did not agree to identify, following a written request from me after the deposition, the source for any of Dr. Laux's opinions identified in my original e-mail?

Joe

---

**From:** Chris Pinedo [mailto:cpinedo@cpinedolaw.com]
**Sent:** Tuesday, June 02, 2009 3:04 PM
**To:** JOSEPH G. GLASS
**Cc:** 'Jason Bone'; 'James Percy'; ANDREW WEINSTOCK; 'Jerry Meunier'; 'Justin Woods'; 'Dinnell, Adam (CIV)'; 'mikal watts'
**Subject:** RE: FEMA Trailer Litigation - Requests from Dr. Laux Deposition

Plaintiffs did not agree to have Dr. Laux answer informational requests after the deposition.

**Chris Pinedo**
**Attorney At Law**
**4550 Jericho Road**
**Corpus Christi, Texas 78413**
**(361) 946-1474**
**(361) 244-2278 (Cell)**

---

**From:** JOSEPH G. GLASS [mailto:jglass@duplass.com]
**Sent:** Tuesday, June 02, 2009 2:34 PM
**To:** Chris Pinedo
**Cc:** Jason Bone; James Percy; ANDREW WEINSTOCK; Jerry Meunier; Justin Woods; Dinnell, Adam (CIV); mikal watts
**Subject:** RE: FEMA Trailer Litigation - Requests from Dr. Laux Deposition

Chris:

We will take this up with the Court. This is clearly not what was conveyed during the deposition.

Joe

---

**From:** Chris Pinedo [mailto:cpinedo@cpinedolaw.com]

6/11/2009

**Sent:** Tuesday, June 02, 2009 2:21 PM
**To:** JOSEPH G. GLASS
**Subject:** FW: FEMA Trailer Litigation - Requests from Dr. Laux Deposition

Joe:

I am in receipt of your email that Andy Wienstock forwarded. I have requested that Dr. Laux forward the four items that you mention. As you will recollect, she was no sure she had the 1988 article on MSDS. If she has it, she will produce it.

With regard to the remainder of your email. Dr. Laux identified the underlying source for her opinions during her deposition. To the extent there were specific articles that were related to her opinions, she offered to find those articles during her deposition. However you opted to proceed with your questioning. Furthermore, when you were finished with your questioning you could have gone back and asked her to identify the articles that were of interest to you. Instead you passed the witness. You were provided with a disk that contained numerous articles that were related to her opinions days before the deposition. We are not agreeing to have her answer additional questions at this time. I have asked her to forward the following and you will receive the same as soon as I get them:

1.   The most recent course material used by Dr. Laux in teaching her course at the University of Wisconsin, Madison.
2.   Dr. Laux's "Checklist" for evaluating a warning.
3.   A copy of the 1988 article concerning MSDSs.
4.   A copy of the warning Dr. Laux drafted for the component part (stove) of a travel trailer.

**Chris Pinedo**
**Attorney At Law**
**4550 Jericho Road**
**Corpus Christi, Texas 78413**
**(361) 946-1474**
**(361) 244-2278 (Cell)**

---

**From:** ANDREW WEINSTOCK [mailto:andreww@duplass.com]
**Sent:** Sunday, May 31, 2009 10:25 PM
**To:** Chris Pinedo
**Cc:** JOSEPH G. GLASS
**Subject:** FEMA Trailer Litigation - Requests from Dr. Laux Deposition

Forwarded for Joe Glass

Chris:

This serves to follow up on the requests made to Dr. Laux at her deposition on Friday. Time is critical here due to the Scheduling Order deadlines, so I ask that you expedite responses to these requests.

Please provide me with the following documents:

1.   The most recent course material used by Dr. Laux in teaching her course at the University of Wisconsin, Madison.
2.   Dr. Laux's "Checklist" for evaluating a warning.
3.   A copy of the 1988 article concerning MSDSs.
4.   A copy of the warning Dr. Laux drafted for the component part (stove) of a travel trailer.

As you know, Dr. Laux frequently responded to my questions calling for the source of her opinions by offering that it was in the material she had reviewed and she could find it if I wanted her to locate it. As we were under a seven hour time limit, I asked that she locate this information for me following the deposition. If she is simply relying on another expert as the source of the opinion, I ask that she identify the expert on whom she is relying as the source. Please have her identify for me a soon as possible the sources for the following opinions provided in her report:

1. The "studies dating back to the 1980s" referenced in her report on page 4.
2. That formaldehyde levels present in many travel trailers the are more harmful to people sensitive to formaldehyde, especially children with respiratory conditions such as asthma.
3. That chronic exposure to formaldehyde fumes is hazardous, even at levels considered safe for short-term or workplace exposures.
4. That the GSCI travel trailers have a small interior volume and large surface area of formaldehyde off-gassing products on the interior.
5. That mold increases the rate of formaldehyde off-gassing.
6. The underlying source of the opinions contained in Dr. Laux report at No. 4, that heat, temperature and mold increase formaldehyde off-gassing.
7. The underlying source of the opinions contained in Dr. Laux report at No. 5, that if formaldehyde can be smelled then it could cause serious, potentially life threatening and long-term health problems.
8. The underlying source of the opinions contained in Dr. Laux report at No. 6, that chronic low level (.05 ppm, .03 ppm, .003 ppm as defined by Dr. Laux) formaldehyde could cause serious health problems in certain people.
9. The underlying source of the opinions contained in Dr. Laux report at No. 8, that Katrina EHU recipients would live in the travel trailers for extended periods.
10. The underlying source of the opinions contained in Dr. Laux report at No. 11, that people are not able to accurately determine if they are exposed to hazardous levels of formaldehyde.
11. The underlying source of the opinions contained in Dr. Laux report at No. 12, that water damage can increase formaldehyde emissions.
12. The underlying source of the opinions contained in Dr. Laux report at No. 13, that GSCI ventilation recommendations will not guarantee safe levels of formaldehyde for long-term residence.
13. The underlying source of the opinions contained in Dr. Laux report at No. 14, that appropriate ventilation requires use of the A/C for extended periods.
14. The underlying source of the opinions contained in Dr. Laux report at No. 15, that Katrina victims would not know that they needed to ventilate the trailers.
15. The underlying source of the opinions contained in Dr. Laux report at No. 17, that the warnings and instructions provided by GSCI showed disregard for the health of people and it was unconscionable.
16. The underlying source of the opinions contained in Dr. Laux report at No. 20, that the trailer was unreasonably dangerous.
17. The underlying source of the opinions contained in Dr. Laux report at No. 21, that Ms. Alexander moved out as soon as she learned of the hazards associated with formaldehyde.
18. The underlying source of the opinions contained in Dr. Laux report at No. 22, that Ms. Alexander would not have moved into the trailer had an adequate warning been provided.

Thanks in advance for your cooperation.

Joe

6/11/2009