81 F.3d 155 Page 1
81 F.3d 155, 1996 WL 101392 (C.A.5 (Tex.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 81 F.3d 155, 1996 WL 101392 (C.A.5 (Tex.)))**

C

This case was not selected for publication in the Federal Reporter.

Not for Publication in West's Federal Reporter See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Fifth Circuit Rules 28.7, 47.5.3, 47.5.4. (Find CTA5 Rule 28 and Find CTA5 Rule 47)

United States Court of Appeals,
Fifth Circuit.
Annamma THOTTAKKARA, Plaintiff-Appellant,
v.
HCA HEALTH SERVICES OF TEXAS, INC., d/b/a West Houston Medical Center, Defendant-Appellee.
**No. 94-20471.**

Feb. 26, 1996.

Appeal from the United States District Court for the Southern District of Texas (CA-H-92-1789).

Before GARWOOD, SMITH and DENNIS, Circuit Judges.FN*

> FN* Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

JERRY E. SMITH, Circuit Judge, concurring in part and dissenting in part.PER CURIAM.

**\*1** In this Title VII action, plaintiff-appellant Annamma Thottakkara (Thottakkara) complains of certain evidentiary rulings of the district court, and of the adverse findings of the district court and the jury on her claims of, respectively, discriminatory denial of promotion (prior to the November 1, 1991, effective date of the 1991 Title VII amendments, hence bench tried) and retaliation (post-November 1, 1991) for her complaints to supervisors and the EEOC in that regard (jury tried). We find no reversible error and affirm the take nothing judgment. Thottakkara also complains that the district court erred in finding her suit "frivolous, unreasonable, and without foundation" and consequently awarding approximately $70,000 attorney's fees to defendant-appellee HCA, Health Services of Texas, Inc. We conclude that the record as a whole does not support the determination that the suit was frivolous or so unreasonable and without foundation as to authorize an attorney's fees award against the plaintiff under Title VII, and we hence set aside the award of attorney's fees.

The district court did not abuse its discretion in refusing to recognize Thottakkara's proffered expert witness, Lila Laux (Laux). Laux had no training in nursing or medicine, and had not performed or reviewed studies of how hospital nurses were disciplined. Laux would offer, *inter alia,* the truly bizarre opinion that Fischl was likely motivated by bias against dark-skinned people because Fischl's *parents* were born and reared in Austria-though Fischl herself was born and reared in Canada (and was not shown to have ever been to Austria or Germany)-and Laux, who had lived in Germany for approximately eight years (just when or where or at what age is not reflected), thought Germans tended to be prejudiced against dark-skinned people. Any employer who would act on such a premise in, for example, disciplining Fischl for discrimination, would doubtless itself violate Title VII's proscription of national origin discrimination. Similarly, there was no abuse of discretion in rejecting plaintiff's proffer of an excerpt from *The Rise and Fall of the Third Reich* to show that the particular town in Austria where Fischl's father was born had been the childhood home of Adolph Hitler and was near a Nazi concentration camp.

Nor did the district court reversibly err in exer-

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

cising its discretion to exclude the reference by the defendant hospital's Professional Nurse Peer Review Committee (PNPRC) to the state Board of Nurse Examiners (the Board) and the Board's cryptic four-line letter to plaintiff that after a hearing-at which the Hospital did not participate and apparently there was no prosecution-"no action will be taken against your license" and the file "has been expunged." The PNPRC-composed of five hospital RNs who were apparently neither involved in the dispute nor plaintiff's supervisors-was obligated by state law, if it found, or possibly if it "had reasonable cause to suspect," failure to conform to minimum standards or unnecessary exposure of patients to risk, to refer the matter to the Board. See Tex.Rev.Civ. Stats. Art. 4525a, Sec. 1.(a), Sec. 1A, Sec. 2(a) & (b), Sec. 9.[FN1] The basic factual question was whether defendant's decisions to discipline appellant and/or thereafter to refer her to the PNPRC were retaliatory. The jury found they were not. If not, the PNPRC was certainly not acting in retaliation. Since the PNPRC's action was not in evidence, there was no need to show the Board's action for any kind of "balance." And, the Board's conclusory action would appear to be hearsay on the merits, as defendant was not a party or participant before the Board.

> FN1. And, we note merely in passing that state law provides immunity from "civil liability" and "any other retaliatory action" for making, "without malice," any report "reasonably believed to be required or permitted under this article." Art. 4525a, Sec. 10(a).

*2 None of appellant's other complaints of evidentiary rulings merit discussion. No reversible error is presented by any of the evidentiary rulings, singly or together. We further reject appellant's complaint that the evidence does not support the district court's determination that the denial of promotion was not discriminatory or the jury's determination that there was no retaliation.

We accordingly affirm so much of the judgment below as denies plaintiff any recovery on the merits.

As to the attorney's fees awarded defendant, we conclude that the evidence, taken as a whole, does not support the district court's determination that plaintiff's suit was frivolous or so unreasonable and without foundation as to warrant an award of attorney's fees. Plaintiff produced enough evidence to get to the finder of fact, and had some reason to believe that she was as qualified for the promotion as the person who received it; and, the district court denied defendant's Rule 50 motion on the retaliation claim. While plaintiff's claims were not strong, they were not wholly unreasonable or without foundation. Under these particular facts, Title VII attorney's fees were not properly awarded to the prevailing defendant.

Accordingly, we modify the judgment of the district court only so as to eliminate the award of attorney's fees; we affirm the judgment below in all other respects (including the award against plaintiff and to defendant of all ordinary court costs). Each party shall bear its own costs on appeal.

MODIFIED in part and AFFIRMED AS MODIFIED.

I concur in all of the majority opinion except for the reversal of attorney's fees. Remarkably, the majority entirely omits a discussion of the standard of review. We accord a great deal of flexibility to our district courts on this question, and we reverse only upon a showing of abuse of discretion. *See, e.g., Stenseth v. Greater Fort Worth & Tarrant County Community Action Agency,* 673 F.2d 842, 848 (5th Cir.1982). The majority, however, appears to review this matter *de novo.*

The complaint was plainly and undeniably frivolous. Any assertions about discrimination are pure speculation, and a plaintiff's subjective, even good-faith belief that the employer was motivated by a discriminatory motive will not, alone, provide non-frivolous grounds for suit. *See Jackson v. Color Tile, Inc.,* 803 F.2d 201, 202 (5th Cir.1986). The as-

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

sertion mentioned in the majority opinion, regarding the fact that Fischl's father was born in Hitler's childhood home, is indicative of the fact that plaintiff's entire position is downright silly.

There are countless thousands of discrimination complaints that merit the careful attention of the federal courts; many of these prove, in the end, to be unworthy of a favorable judgment, but they are not frivolous. On the other hand, the district courts should not have to tolerate complaints that are as devoid of merit as is Thottakkara's. That is why Congress has afforded recovery to defendants that are harassed by such litigation.

***3** We should leave such things in the hands of the district judges, to exercise their wide discretion to weed out the truly vapid claims that are filed in their courts. It is a disservice to Judge Harmon to say, in this case, that she abused her discretion in imposing attorney's fees. Accordingly, I respectfully dissent from that part of the majority's well-intentioned holding.

C.A.5 (Tex.),1996.
Thottakkara v. HCA Health Services of Texas, Inc.
81 F.3d 155, 1996 WL 101392 (C.A.5 (Tex.))

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.