Slip Copy  
Slip Copy, 2005 WL 5977651 (E.D.Tex.)  
**(Cite as: 2005 WL 5977651 (E.D.Tex.))**

Page 1

Only the Westlaw citation is currently available.

United States District Court,  
E.D. Texas.  
Brian and Lisa WRIGHT, Individually and as Representatives of the Estate of Cade Wright, Deceased, Plaintiffs,  
v.  
FORD MOTOR COMPANY, Defendant.  
**Civil Action No. 1:04-CV-011.**

March 3, 2005.

Named Expert: Lila Laux

Brett Scot Thomas, Roebuck & Thomas, PLLC, Beaumont, TX, for Plaintiffs.

Evan Nicholas Kramer, Thompson, Coe, Cousins & Irons, Houston, TX, Ronald Dean Wamsted, Thompson, Coe, Cousins & Irons, LLP, Austin, TX, for Defendant.

**ORDER**

MARCIA A. CRONE, District Judge.

**\*1** Ford Motor Company's ("Ford") Motion to Exclude the Testimony of Lila Laux ("Laux") (# 38) is GRANTED in part and DENIED in part. The Court finds that Laux has sufficient knowledge, skill, experience, training, and education in the field of human factors to be qualified as an expert witness in this case.

To the extent Ford's motion is granted, the Court finds that Laux's statement in paragraph four of her report, that "there is technology that reduces or eliminates the blind spot behind SUV s" and that reverse sensor systems are "one type of such technology," is not supported by sufficient evidence in the record. Unlike camera systems, which may serve to reduce or eliminate blind spots behind vehicles, reverse sensor systems do not do so; rather, their purpose is to detect whether there is an object behind the vehicle, while the area to the rear of the vehicle remains not visible to the eye. Therefore, the statement that reverse sensor systems are a type of technology that reduces or eliminates blind spots is erroneous and, thus, inadmissible.

Further, the following of Laux's statements are speculative, are not supported by sufficient evidence in the record, and are not a proper subject for expert testimony:

6. "Families who purchase the Expedition often do so because they perceive it to be a safe car for transporting families and they are likely to have children in their families. It is not likely that the additional cost of the reverse sensor system would deter them from purchasing it-on the contrary, if they understood the advantages of the reverse sensing system as a safety feature, it would likely attract additional buyers who have children."

7. "Families with SUVs are also likely to be families with children, and they are also likely to be at locations where there are young children."

The Court also finds that Laux's proffered testimony that Ford should have provided a reverse sensor system on the Ford Expedition driven by Robin McCutcheon and that equipping the Expedition with a reverse sensor system would have prevented Cade Wright's death is not sufficiently reliable for presentation at trial, as Laux does not have adequate knowledge, expertise, or experience regarding such systems, is not familiar with their design or how they function, and did not perform any tests to permit her to render such an opinion. She is not a professional engineer and has never been involved in the technical design of products.

In addition, the following comments made by Laux in her expert report are gratuitous expressions of subjective belief, not based on specialized know-

ledge, and lack any indicia of reliability; as such, they are an improper subject for expert testimony:

9. "Failing to do so [provide a reverse sensor system] shows a callous disregard for the safety of children and adults and for the driver of an Expedition who causes a child's injury or death."

11. "Failing to provide a reverse sensor system and failing to educate the purchasers of the Expedition about the availability and need for such a system shows a callous disregard for the safety of both children and adults."

**\*2** The court denies the remainder of the motion, finding that the balance of Laux's proffered testimony is proper, as it appears to be based on the type of evidence upon which human factors experts generally rely and is supported by the record.

SIGNED at Beaumont, Texas, this 2nd day of March, 2005.

E.D.Tex.,2005.
Wright v. Ford Motor Co.
Slip Copy, 2005 WL 5977651 (E.D.Tex.)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.