UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL NO. 1873

SECTION "N-5"

JUDGE ENGELHARDT
MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

MEMORANDUM IN SUPPORT OF
PSC MOTION FOR PROTECTIVE ORDER
REGARDING FEMA SALE OF UNITS

MAY IT PLEASE THE COURT:

As the Court is aware, product identification and the linking of a product to the plaintiff-user, remain both essential and confounding issues in this product liability litigation. Many — indeed, most — of the plaintiffs in this case vacated the emergency housing units furnished to them by FEMA without ever knowing or learning the identities of either the manufacturer of the units or the contractor which set the units up. Thus, once such a former occupant has retained counsel to proceed with legal claims of formaldehyde exposure, it has become necessary to promptly pursue a unit-matching process with FEMA (as the custodian of the information matching individuals to unit manufacturers and contractors).[1] The end result is that, through no fault of their own and despite the best efforts of their attorneys, a significant number of claimants

---

[1]It also should be mentioned that the publication of the Court-approved notice to former class members may well result in a number of additional claimants appearing through counsel in these proceedings. In these newly-arrived cases, it is highly unlikely that matching information will be known by either the claimants or their counsel.

-1-

in this MDL remain unmatched to units, manufacturers and contractors, and, because of this, are

unavoidably delayed in appearing through filed actions as plaintiffs in this MDL.

Even as the matching of plaintiffs to products does occur, and new actions are filed for

consolidation and handling through this MDL, the present case management set-up of these

proceedings does not promote, facilitate, or perhaps even allow, formal discovery efforts aimed

at identifying the specific features each individual, matched housing unit.  A "non-litigation

track" has been established with the idea of at least initially foreclosing any formal discovery

efforts as to the manufacturers of manufactured housing units, mobile homes, and/or park

models.  Moreover, even as to travel trailers, discovery limited to a single unit effectively is

deferred, pending general merits discovery, and, perhaps more importantly, the discovery

necessary to fully prepare and present instructive bellwether cases.

Against this backdrop, the Court's recent decision regarding preemption as to the "non-

litigation track" of defendants has further heightened the concerns of plaintiffs' counsel regarding

evidence preservation.  Assuming this ruling is made final on appeal, a plaintiff-occupant/user of

a manufactured housing unit/mobile home/park model now must prove that the unit deviated

from HUD regulatory requirements as to particle board/plywood formaldehyde emissions and/or

posted warnings.  As a matter of law in these cases, the plaintiff may not present a sufficient case

of a product defect based upon air quality testing alone; and, likewise, the "statistical model"

developed by plaintiffs in regard to air quality and levels of formaldehyde in various categories

of units, may be of no use to plaintiffs litigating against manufacturers covered by the Court's

preemption decision.  This would appear to make actual access to the unit in question

indispensable, as otherwise it no longer may be possible to demonstrate a deviation from HUD

requirements.

Now, based upon a recent media announcement, FEMA will be selling at nominal prices certain housing units classified as "mobile homes and park models," and, further, "expects to free up an additional 600 to 700 units from its inventory to donate through state and local governments and nonprofit groups...." *See* 6/3/09 article appearing in *The Washington Post* (Attachment I).  The sale to present occupants for nominal prices may or may not be problematic, i.e., not problematic if the current applicant is also a plaintiff or potential plaintiff, but certainly problematic if the sale involves a re-occupied unit that previously <u>was</u> occupied by a plaintiff or potential plaintiff.  But the report that FEMA will donate an additional 600 to 700 units unquestionably raises concerns, for this will make critical evidence prospectively inaccessible and unavailable to potential claimants in this litigation.  "Spoliation" may be too strong a term to use under the circumstances at hand, but the net effect is the same.[2]

A broad "litigation hold" on the entire housing unit inventory at issue herein has never been requested by the PSC.  The benefits of such a "hold" clearly would have to be weighed against the costs and potential taxpayer burden.  However, given the fact that the manufactured housing/mobile home/park model inventory referenced in the news report is known to be a relatively small percentage of the total inventory of emergency housing units involved in this MDL, and given the nature of the report that only a certain percentage of these units now appear to be the subject of potential sale or donation by FEMA, a modified "litigation hold" appears

---

[2]The Court will recall that the PSC previously requested an opportunity to purchase exemplar units from FEMA.  The agency balked, citing bureaucratic obstacles.  While it is laudable that FEMA now sees fit to sell or give away units to the needy, the <u>legal</u> needs of the represented plaintiffs in this MDL surely ought not be ignored.

both necessary and not unduly burdensome.

The PSC respectfully proposes, therefore, that a protective order be entered which will prohibit FEMA's sale, donation or disposition of any housing unit which either is or presently can be matched to an identified plaintiff in this litigation, pending proper notification to counsel for that plaintiff which will afford counsel access to the unit for appropriate, non-destructive testing and the preservation of evidence.[3]

A reasonable deadline for plaintiffs to identify themselves in order to benefit from this preservation order is not inadvisable, given that an open-ended order could invite undue delays in FEMA's sale/donation "program."  Hence, at a certain date in the future (to be selected by the Court), it would be understood that FEMA's sale and donation activity may proceed, even though prospective plaintiffs who occupied those units later may appear in this litigation.  But the PSC respectfully requests that the Court allow sufficient time for response to the above-mentioned newspaper notice to claimants, and also consider the one-year prescriptive date occurring in December of this year for the numerous Louisiana claims as to which the statute of limitations arguably were suspended until the time of this Court's decision not to certify a class in December 2008.  A date in early January 2010 is therefore requested as the expiration date for this proposed protective order to preserve evidence.

---

[3]The PSC is hesitant to specify at this time or in the proposed order, the nature or details of the inspection and testing activity which might be needed in each case, because these no doubt will vary.  Perhaps basic measurements and photographs of the pertinent warnings and particle board/plywood components will suffice, for example, in the cases of units subject to the Court's preemption decision.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
       GERALD E. MEUNIER, #9471
       **PLAINTIFFS' CO-LIAISON COUNSEL**
       Gainsburgh, Benjamin, David, Meunier &
       Warshauer, L.L.C.
       2800 Energy Centre, 1100 Poydras Street
       New Orleans, Louisiana 70163
       Telephone:    504/522-2304
       Facsimile:    504/528-9973
       gmeunier@gainsben.com

       s/Justin I. Woods
       JUSTIN I. WOODS, #24713
       **PLAINTIFFS' CO-LIAISON COUNSEL**
       Gainsburgh, Benjamin, David, Meunier &
       Warshauer, L.L.C.
       2800 Energy Centre, 1100 Poydras Street
       New Orleans, Louisiana 70163
       Telephone:    504/522-2304
       Facsimile:    504/528-9973
       jwoods@gainsben.com

       **COURT-APPOINTED PLAINTIFFS'
       STEERING COMMITTEE**
          ANTHONY BUZBEE, Texas # 24001820
          RAUL BENCOMO, #2932
          FRANK D'AMICO, JR., #17519
          MATT MORELAND, #24567
          LINDA NELSON, #9938
          MIKAL C. WATTS, Texas #20981820

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2009, I electronically filed the foregoing with the Clerk

of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel

of record who are CM/ECF participants.  I further certify that I mailed the foregoing document

and the notice of electronic filing by first-class mail to all counsel of record who are non-

CM/ECF participants.

s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
