UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE:  FEMA TRAILER                                      MDL NO. 07-1873
            FORMALDEHYDE  PRODUCTS
            LIABILITY LITIGATION                          SECTION N(5)

                                                          JUDGE ENGELHARDT

THIS DOCUMENT RELATES TO:
*Valerie Cooper v. Forest River, Inc., et al.*            MAGISTRATE CHASEZ
No. 09-2921

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### SHAW ENVIRONMENTAL, INC.'S
### PRESERVATION OF DEFENSES UNDER RULE 12(b)

   **NOW   INTO   COURT,** through   undersigned   counsel,   comes   defendant   Shaw

Environmental, Inc. ("Shaw"), and pursuant to Pretrial Order No. 36 (Rec. Doc. 1386) and with a

full reservation of rights, submits for preservation the following list of defenses under Rule 12(b)

of the Federal Rules of Civil Procedure in the referenced underlying lawsuit styled as *Valerie*

*Cooper v. Forest River, Inc., et al.*, No. 09-2921-KDE-ALC, currently pending in the captioned

MDL proceeding.   Shaw reserves the right to amend or supplement this list of Rule 12(b)

defenses and to file any other preliminary pleadings, dispositive motions or affirmative defenses

in the referenced underlying lawsuit, the captioned MDL proceeding, or in any other case in

which it is now or subsequently named as a defendant and properly served.

1.      Rule 12(b)(1): Plaintiff lacks standing.

2.      Rule 12(b)(3): Improper venue.

3.      Rule 12(b)(6): Plaintiff fails to state a claim upon which relief can be granted against Shaw.

4.      Rule 12(b)(6): Plaintiff fails to state a claim upon which relief can be granted because the claims against Shaw are barred by the applicable prescriptive and peremptive periods, statute of limitations, and/or laches.

5.      Rule 12(b)(6): Plaintiff fails to state a claim upon which relief can be granted because on the face of the pleadings it is clear that plaintiff knew or should have known of her cause of action more than a year before the referenced action was filed on March 2, 2009, rendering all claims prescribed under Louisiana law.  Plaintiff is not entitled to claim any tolling of the applicable prescriptive period as against defendant Shaw during the pendency of the putative class action.

6.      Rule 12(b)(6): Plaintiff fails to state a claim upon which relief can be granted against Shaw under the Louisiana Products Liability Act ("LPLA").

7.      Rule 12(b)(6): Plaintiff fails to state a claim upon which relief can be granted against Shaw under the LPLA inasmuch as plaintiff has not and cannot allege any set of facts that would establish that Shaw is a "manufacturer" within the meaning of the LPLA.

8.      Rule 12(b)(6): Plaintiff fails to state a claim for negligence under Louisiana law.

9.      Rule 12(b)(6): Plaintiff fails to state a claim upon which relief can be granted because Shaw owed no actionable duty to any plaintiff.

10.     Rule 12(b)(6): Plaintiff fails to state a claim upon which relief can be granted inasmuch as plaintiff has not specifically claimed any current injury, but rather has generally claimed unspecified current and future alleged injuries.

11.     Rule 12(b)(6): Plaintiff fails to state a claim for recovery of attorneys' fees because (a) attorneys' fees are not recoverable against Shaw under Louisiana law and (b) plaintiff has not alleged any other viable theory of liability through which she can recover attorneys' fees against Shaw.

12.     Rule 12(b)(6): Plaintiff fails to state a claim upon which relief can be granted to the extent that plaintiff seeks to impose joint and several and/or solidary liability upon Shaw and the other named defendants inasmuch as Louisiana law does not provide for solidary liability on the facts alleged.

13.     Rule 12(b)(6): Plaintiff fails to state a claim upon which relief can be granted to the extent that plaintiff later seeks to recover punitive damages under federal or Louisiana law inasmuch such damages are precluded.

14.     Rule 12(b)(6): Plaintiff fails to state a claim upon which relief can be granted to the extent that plaintiff later specifically seeks property or economic damages under Louisiana law inasmuch as such claims are precluded.  (*See also* Rec. Doc. 984.)

15.     Rule 12(b)(6): Plaintiff fails to state a claim upon which relief can be granted to the extent that plaintiff later seeks damages for medical monitoring under Louisiana law inasmuch as plaintiff has not alleged a present and manifest injury.

16.     Rule 12(b)(6): Plaintiff fails to state a claim upon which relief can be granted to the extent it is determined that plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

17.     Rule 12(b)(6): Plaintiff fails to state a claim upon which relief can be granted on grounds that Shaw is a government contractor that performed its work according to and in compliance with specifications approved and mandated by the U.S. government through the Federal Emergency Management Agency ("FEMA").  As such, plaintiff's action, claims and

demands are preempted and Shaw is immunized from liability by the government contractor defense.

18.     Rule 12(b)(6): Plaintiff fails to state a claim upon which relief can be granted on grounds that Shaw is a contractor that performed its work in accordance with the plans and/or specifications furnished to it by FEMA.  As such, Shaw is shielded from liability by La. R.S. 9:2771 and the *Spearin* doctrine.

19.     Rule 12(b)(6): Plaintiff fails to state a claim upon which relief can be granted on grounds that pursuant to *Days v. National Radiator Corp.*, 128 So.2d 660 (La. 1961), Shaw's duties and obligations are limited to what is defined in the relevant contract between Shaw and FEMA.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**


    s/M. David Kurtz
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000

**ATTORNEYS FOR DEFENDANT,
SHAW ENVIRONMENTAL, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 15th day of June, 2009, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel and counsel of record who are CM/ECF participants.

<u>   s/M. David Kurtz                              </u>
M. DAVID KURTZ (#23821)