From: Amanda_Ballay@laed.uscourts.gov
[mailto:Amanda_Ballay@laed.uscourts.gov]
Sent: Monday, May 04, 2009 2:04 PM
To: Miller, Henry (CIV)
Cc: Dinnell, Adam (CIV); ANDREW WEINSTOCK; Gerald E. Meunier; JOSEPH G.
GLASS; Justin Woods; dkurtz@bakerdonelson.com
Subject: Re: In Re: MDL FEMA Trailer Litigation (ED LA)

Henry,

Judge Engelhardt has reviewed this email and has instructed as follows:

For the Forest River Trailer:
(1) Judge Engelhardt is allowing 30 days to circulate the testing
protocol.
(2) Okay.
(3) Okay.
(4) Okay.
(5) Okay.
(6) Okay.

For the Gulf Stream Coach Unit:
The PSC MUST provide the Govt. with the Testing Protocol on Monday, May
4th by close of business.

Thanks.
Amanda

|  | "Miller, Henry (CIV)" <Henry.Miller@usdoj.gov> |  |
|---|---|---|
| To |  | <Amanda_Ballay@laed.uscourts.gov> |
| cc | 05/01/2009 03:47 PM | "Dinnell, Adam (CIV)" <Adam.Dinnell@usdoj.gov>, "ANDREW WEINSTOCK" <andreww@duplass.com>, <jglass@duplass.com>, "Gerald E. Meunier" <gmeunier@gainsben.com>, "Justin Woods" <jwoods@gainsben.com> |
| Subject |  | In Re: MDL FEMA Trailer Litigation (ED LA) |

EXHIBIT

I

tabbies

Amanda,

Two matters.

Component Part/Destructive Testing Forest River Bellwether Trailer

During the last conference call Judge Engelhardt instructed the Government to report back by Friday, May 1, 2009, regarding FEMA and Department of Justice's position regarding whether it would possible to allow destructive/component part testing of the Forest River trailer that is the subject of the third bellwether trial. I have conferred with FEMA counsel regarding this matter and in principle and assuming the Court overrules any legal objections raised by any of the Defendants to such testing taking place, the unit, subject to various restrictions, could be made available for component part/destructive testing. Based upon discussions with FEMA counsel the following is a general outline of concerns and issues that we have identified and that PSC and other parties will need to address and agree to before such testing takes place.

1.    For purposes of conducting ambient air/destructive testing of this unit, Plaintiffs' Steering Committee must comply with the requirements set forth in Court's Pretrial Order No. 26, governing component part/destructive testing. This Order requires the party seeking to conduct destructive testing of a unit to provide a complete and detailed Testing Protocol from their experts, and allows any party 25 days to file any objections or to oppose such testing.

2.    FEMA will not sell and transfer ownership of this unit. However, because the unit will be demolished, PSC must pay FEMA it fair market value which according to FEMA Counsel is $6,000.00. Further, because the unit will be demolished, PSC's Test Protocol must provide for disposal of the demolished unit and all component parts subjected to testing through some third party entity acceptable to FEMA. This will be done at no cost to the Government. It may involve a two-fold process - disposing of what is left of the demolished unit after removal of the component parts and disposal of the component parts after they have been tested. I have spoken to FEMA about possibility of PSC installing a dumpster at the site to assist in this process. FEMA also requires that PSC include in Testing Protocol requirement that parties conducting such testing police and pickup any materials in the testing area every evening before leaving the facility.

3.    All ambient air testing of the unit will be completed to the satisfaction of all parties prior to commencement of component part/destructive testing. PSC's Testing Protocol will include a

provision that requires each and every party to affirmatively acknowledge that such is the case prior to commencement of any component part/destructive testing activities and will also detail what if any ambient air or other testing which will be performed.

4. This Forest River unit is apparently located at the FEMA Melville, Louisiana Storage Facility. The unit will be moved to a separate location at that facility by FEMA for purposes of facilitating parties access to the unit for testing. The parties may photograph, videotape, or make any other recordings of this unit. However, they must agree not photograph, videotape or make any recordings of any other unit or other portion of the facility. Parties representatives conducting the testing will be accompanied at all times by FEMA or DOJ representative and agree to restrict themselves to the area of the facility identified by FEMA for the testing of the unit.

5. The parties within 10 days of making any videotapes, photographs or recordings , will provide at no cost to the government, duplicates of those materials to all parties and Liaison counsel. The parties also agree to produce at no cost to the government within 5 days of receipt, copies of any and all documents and materials generated by testing of samples collected from the unit.

6. All non-governmental person who enter the FEMA facility will be required to sign an indemnity/hold harmless agreement prior to entering the property.

7. The Testing Protocol must identify the number of days that the parties will require access to the Melville facility for purposes of testing the unit.

Testing of Gulf Stream Coach Bellwether Unit

PSC and the United States are attempting to make this testing occur on Wednesday and Thursday, May 6-7, 2009. However, the United States has concerns because PSC intend to use a Testing Protocol that is substantially different then the one prepared by Ms. DeVany in March 2008 for retesting the Gulf Stream Coach, Inc., Bellwether unit, and PSC's experts have not had time to prepare a Testing Protocol. The United States has requested that PSC provide the government with the Testing Protocol. The United States has requested that they provide that that by close of business Monday, May 4, 2009, and Plaintiffs' Liaison Counsel indicated that they will see if this is something that can be provided. If we cannot resolve this matter amongst ourselves, the parties may require the Court's assistance resolving this matter.

Regards,

Henry T. Miller