UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER       * | | MDL NO. 1873 |
|      FORMALDEHYDE     * | | |
|      PRODUCTS LIABILITY  * | | |
|      LITIGATION       * | | SECTION:  N(5) |
|                                                     * | | |
| This Document Relates to:  *Charlie Age, et al. v.*     * | | JUDGE: ENGELHARDT |
| *Gulf Stream Coach Inc., et al*, Docket No. 09-2892  * | | |
|                                                     * | | MAG: CHASEZ |

*****************************************************************************

## MEMORANDUM IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS

**MAY IT PLEASE THE COURT:**

Defendant, Gulf Stream Coach, Inc. ("Gulf Stream"), respectfully submits this memorandum in support of its Rule 12(b)(6) Motion to Dismiss regarding various allegations made by the Plaintiff in her original Complaint for Damages. These allegations fail to state a claim upon which relief can be granted.

### I.  BACKGROUND

As this Court is well aware, this Multi-District Litigation is the consolidation of several state and federal toxic tort suits in which an estimated thirty thousand named plaintiffs claimed to have inhabited emergency housing units ("EHUs") that were provided to them by the Federal Emergency Management Agency ("FEMA") as a result of the alleged uninhabitability of their residences due to Hurricanes Katrina and Rita. (Doc. No. 109, at ¶ 96). Plaintiffs claimed injuries resulting from their alleged exposure to the release of formaldehyde and/or formaldehyde vapors in those EHUs. (Doc. No. 109, at ¶ 30).  Following denial of class certification, several plaintiffs filed suit against Gulf Stream Coach, Inc., alleging that it manufactured the EHUs used by the specific plaintiffs. (*Age, et al. v. Gulf Stream Coach, Inc., et al.*, 09-2892, Doc. No. 1).

Furthermore, plaintiffs named the United States Government through FEMA and Fluor Enterprises, Inc., as defendants (*Id.* ¶ 4—5), and plaintiffs seek recovery for alleged physical and mental pain and suffering, physical impairments and disability, medical expenses, loss of earnings capacity, loss of enjoyment and quality of life, loss of consortium, travel expenses, out-of-pocket expenses, and the loss of use and/or opportunity to use safe and adequate shelter allegedly resulting from the purported exposure to formaldehyde. (*Id*. ¶ 117).

During the course of this litigation, the parties completed the class certification phase, conducted substantial discovery, and now have moved into the bellwether trial phase. The bellwether plaintiffs, Alana Alexander and her minor child Christopher Cooper, first filed suit on February 27, 2009. (*Age, et al. v. Gulf Stream Coach, Inc., et al.*, 09-2892, Doc. No. 1). In that Complaint for Damages, the Plaintiff (along with several other plaintiffs) made various allegations related to this litigation. Namely, the Plaintiff alleged in part that the cause of the "defects" in the EHUs manufactured by Gulf Stream was Gulf Stream's failure to test the units properly in order to evaluate the level of formaldehyde emissions under foreseeable conditions for extended periods of time <u>and</u> its failure to ensure that the housing units it manufactured and provided to each Named Plaintiff were suitable for their intended use. *Id*. at ¶ 102(vi), (viii). Furthermore, the Plaintiff alleged that Gulf Stream, the United States, and Fluor are liable to her for her alleged loss of use and/or opportunity to use safe and adequate shelter during the period of displacement during the natural disaster. *Id*. at ¶ 117. Gulf Stream asserts that these are not viable causes of action against a manufacturer and Gulf Stream cannot be held liable jointly with the other defendants. These allegations fail to state a claim upon which relief may be granted.

## II.      LEGAL STANDARD

In evaluating motions to dismiss filed under Rule 12(b)(6), the Court "must accept all well-pleaded facts as true, and ... view them in the light most favorable to the plaintiff." *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir.), *cert. denied*, 476 U.S. 1159,106 S.Ct. 2279 (1986). If sufficient notice of the basis of the plaintiff's claim is provided, "dismissal will not be affirmed if the allegations [made] support relief on any possible theory" of recovery. *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir.1999) (internal citations omitted). Moreover, "[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne*, 252 F.3d 352, 357(5th Cir.2001). Finally, to the extent that the complaint's allegations are simply vague or ambiguous, a motion for more definite statement, pursuant to Rule 12(e), is appropriate. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

Although a complaint does not need "detailed factual allegations, ... more than labels and conclusions, are necessary, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929(2007) (internal citations and quotations omitted); *see Papasan v. Allain*, 478 U.S. 265, 286,106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Thus, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007) (quoting *Twombly*, 127 S.Ct. at 1974)). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S.Ct. at 1965. The degree of required specificity, however,

depends on context, i.e., the type of claim at issue. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

### III. LAW AND ARGUMENT

#### A. The LPLA Does Not Recognize A Claim For Failing To Test Properly

Under Louisiana law, a claimant has only two viable vehicles for asserting liability against a manufacturer for damages allegedly caused by the manufacturer's product – the LPLA and redhibition law. The LPLA explicitly provides that the Act "establishes the exclusive theories of liability for manufacturers for damage caused by their products," and "a claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in [the LPLA]." LA. REV. STAT. ANN. § 9:2800.52 (2009). An analysis of the exclusivity provision in the LPLA has led this Court to comment, "The plain language in the legislative history of the LPLA demonstrates the legislature's intent to make the [LPLA] and Louisiana redhibition law the sole vehicles for a suit against a manufacturer for damages arising from a defective product." *Stroderd v. Yamaha Motor Corporation, U.S.A.*, 2005 WL 2037419, *1 (E.D. La. 8/4/05); s*ee Jefferson v. Lead Industries Associates, Inc.*, 930 F. Supp. 241 (E.D. La. 1996); *In re Ford Motor Company Vehicle Paint Litigation,* 1996 WL 426548, *15 (E.D. La. 1996).

Various decisions from the Louisiana federal court jurisprudence show that there is no basis in the LPLA for a claim that the manufacturer failed to test a product adequately. In *Theriot v. Danek Medical, Inc.*, the U.S. Court of Appeals for the Fifth Circuit decided a case brought against the manufacturer of medical stabilizers for patients with spinal problems. *See* 168 F.3d 253, 254 (5th Cir. 1999). On an appeal from an adverse summary judgment ruling, the plaintiff argued that because the manufacturer did not adequately test the product, the manufacturer could

not give medical personnel who implemented the product an adequate warning. *See id.* at 256. In the court's view, this was nothing more than a claim that the manufacturer did not adequately test the product, and there was no basis for such a claim under the LPLA or case law. *Id.* Thus, the district court's grant of summary judgment in favor of the manufacturer was proper. *Id.* Likewise, the Western District of Louisiana has ruled on multiple occasions that claims of a manufacturer's alleged failure to adequately test a product must be dismissed because they fall outside the scope of the LPLA's exclusive theories of liability. *See Weaver v. CCA Indus.*, 2009 WL 1322290, at *12 n. 9 (W.D.La. May 12, 2009); *Cantu v. C.B. Holding Co.*, 2007 WL 689566, at *3 (W.D.La. March 1, 2007).

In this case, the Plaintiff has made a similar argument – she alleges that Gulf Stream caused defects in the units it manufactured through its failure to test the units properly in order to evaluate the level of formaldehyde emissions under foreseeable conditions for extended periods of time. (*Age, et al. v. Gulf Stream Coach, Inc., et al.*, 09-2892, Doc. No. 1, ¶ 102(vi)). As *Theriot* and the other cases show, such a claim against a manufacturer falls outside of the LPLA's exclusive theories of liability. As such, the Plaintiff's claim against Gulf Stream for its failure to test the EHUs adequately fails to state a claim upon which relief can be granted.

      **B.**      **The Plaintiff Has No Right To Recover Under The Warranty Of Fitness For Intended Use**

Under Louisiana law, the seller of a thing is bound to warrant to the buyer ownership, the peaceful possession of, and the absence of hidden defects in that thing. La. Civ. Code 2475 (2009). Additionally, the seller also warrants that the thing sold is fit for its intended use. *Id.* While no privity is needed to assert the warranty of fitness for intended use,[1] only a buyer can

---

[1]     Because diversity jurisdiction dictates that the parties rely on the law of the forum state, Gulf Stream has cited the holdings of the Louisiana Supreme Court interpreting the above-referenced laws. However, it is worth noting that the Fifth Circuit has presented a differing view from the Louisiana Supreme Court. Citing

assert her entitlement to this implied warranty. *See Media Prod. Consultants, Inc. v. Mercedes-Benz of America, Inc.*, 262 So.2d 377, 281 (La. 1972).

Additionally, as stated above, a plaintiff who brings suit against a manufacturer is limited by the exclusive theories of liability set forth in the LPLA. *See* LA. REV. STAT. ANN. § 9:2800.52 (2009). The only theory of warranty included in the LPLA is the breach of an express warranty. *See id*. § 9:2800.58. Admittedly, the LPLA expressly reserves a claim for damages caused by a manufacturer's products under the Louisiana law of redhibition, *Id*. § 9:2800.53(5), but an action in redhibition can only be between a buyer and a seller. *Ahrens v. TPLC, Inc.*, 955 F. Supp. 54, 56 (E.D.La. 1997); *see Diaz v. Goodyear Tire & Rubber Co.*, 2008 WL 4528186, at * 4 (M.D.La. Oct. 1, 2008).

Applied to this case, the above-stated rules preclude a claim by the Plaintiff that Gulf Stream breached a warranty of fitness for intended use, which the Plaintiff in this case has specifically alleged. (*Age, et al. v. Gulf Stream Coach, Inc., et al.*, 09-2892, Doc. No. 1, ¶ 102(viii)). Only buyers and purchasers have the right to claim these implied warranties. As has been well established, the Plaintiff did not purchase the EHU in which she resided. Because she was not a buyer, she has no claim for the implied warranties of fitness for intended use or redhibition. Accordingly, the LPLA is her only vehicle for recovery, and its warranty provisions are limited to the breach of the express version (which this Court has already dismissed in its Dec. 12, 2008, ruling). *See* § 9:2800.58. It follows that any claim for the breach of the warranty of fitness for intended use fails to state a claim upon which relief may be granted.

---

article 2475 and its warranty of fitness for intended use, the Fifth Circuit has stated, "[T]he essence of warranty is a consensual agreement – express or implied – arising from contract." *Fruge's Heirs v. Blood Serv.*, 506 F.2d 841, 846 (5th Cir. 1975). Without a sale under contract, there is no consensual connection between the parties, and thus no warranties can attach. *Id*. Applying the Fifth Circuit's rule to this case, the Plaintiff would not be entitled to the warranty of fitness for intended use because she has no privity of contract.

### C.     The Plaintiff Is Not Entitled To Damages For Loss Of Use

As a final point, Gulf Stream asserts that the Plaintiff is not entitled to a specific claim of damages she made in the original Complaint. In that Complaint, the Plaintiff alleged that that Gulf Stream, the United States, and Fluor are liable to her for the loss of use of, and/or the opportunity to use, a safe and adequate shelter during the period of displacement during the natural disaster. (*Age, et al. v. Gulf Stream Coach, Inc., et al.*, 09-2892, Doc. No. 1, ¶ 117). In other words, the Plaintiff seeks damages because she was unable to utilize a safe trailer after Hurricane Katrina put her out of her home. The Plaintiff's claim is not unlike the plaintiffs' original claim during the class certification phase when they sought damages for the rental value of a safe and habitable trailer. (Doc. No. 764-2, p. 36—37). Just as it was then, the claim is one for economic damages arising out of the Plaintiff's alleged inability to use a safe unit or shelter of some kind. However, the Court has already ruled that the plaintiffs do not have a claim for economic damages under the LPLA if they do not have the same claim under the law of redhibition. (Doc. No. 984, p. 39). As stated above, the Plaintiff has no redhibition claim because an action in redhibition can only be between a buyer and a seller, and the Plaintiff here did not buy the EHU in which she resided. *Ahrens v. TPLC, Inc.*, 955 F. Supp. 54, 56 (E.D.La. 1997); *see Diaz v. Goodyear Tire & Rubber Co.*, 2008 WL 4528186, at * 4 (M.D.La. Oct. 1, 2008). Thus, the Plaintiff's economic damages claim for the loss of use, or opportunity to use, a safe and adequate shelter fails to state a claim upon which relief may be granted.

## IV.     CONCLUSION

Accordingly, Gulf Stream asserts that various allegations made by the Plaintiff fail to state a claim upon which relief can be granted. Thus, this Honorable Court should dismiss those claims in accordance with the arguments addressed in this Memorandum.

Respectfully Submitted:

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

s/Andrew D. Weinstock
_____

**ANDREW D. WEINSTOCK #18495
JOSEPH G. GLASS #25397**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700
(504) 837-3119 (FAX)
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON
Timothy D. Scandurro #18424
Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
(504) 529-6199 (FAX)
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

## **C E R T I F I C A T E**

I hereby certify that on the 19th day of June, 2009, a copy of the foregoing Memorandum in Support of Rule 12(b)(6) Motion to Dismiss was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495
andreww@duplass.com