UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL NO. 1873

SECTION "N-5"

JUDGE ENGELHARDT
MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO ALL CASES

-----------------------------------------------------------------------------

**MEMORANDUM IN SUPPORT OF PSC'S MOTION TO CERTIFY
FOR INTERLOCUTORY REVIEW PURSUANT TO 28 U.S.C. § 1292(b)
THE COURT'S MAY 29, 2009 ORDER DISMISSING
PLAINTIFFS' CLAIMS BASED ON FEDERAL PREEMPTION**

MAY IT PLEASE THE COURT:

Certification for immediate review is appropriate with respect to the Court's recent preemption ruling herein (Doc. 1629) because this ruling decides an issue based upon a controlling question of law, and final resolution of this issue could materially advance the ultimate termination of thousands of claims presently before this MDL, as well as many more claims not yet filed.

I. **LAW AND ARGUMENT**

Section 1292(b) is designed to authorize interlocutory appeals "for the purpose of minimizing the total burden of litigation on parties and the judicial system by accelerating or at least simplifying trial court proceedings." 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3930 (2007); *see In re Uranium Antitrust Litig.*,

617 F.2d 1248, 1263 (7th Cir. 1980) ("Interlocutory review is permitted to assure orderly and efficient administration of complex cases."). Such appeals expressly are made appropriate under § 1292(b) when the order at issue "involves a controlling question of law as to which there is substantial ground for differences of opinion" and an immediate appeal "may materially advance the ultimate termination of the litigation." *Hartz v. Adm'rs of Tulane Educ. Fund,* 2007 WL 1232211, at *2 (E.D. La. 2007). This Court's Preemption Order of May 29, 2009 (Doc. 1629) readily satisfies those standards.

### a. The Issue Whether Plaintiffs' Claims are Preempted By the HUD Code Is a Controlling Question of Law As To Which There Is Substantial Ground For Difference of Opinion

The question whether the manufactured housing plaintiffs' claims herein are preempted by the HUD Code is both a controlling legal issue and one as to which courts have disagreed. Moreover, a number of courts have recognized that district court decisions regarding the preemptive effect of federal law are appropriate for interlocutory appeal. For example, in *Witty v. Delta Air Lines, Inc.*, 366 F.3d 380 (5th Cir. 2004), the Fifth Circuit granted interlocutory review on the question whether state-law claims for personal injury were preempted by the Airline Deregulation Act of 1978. *See also Ahrenholz v. Bd. of Trustees,* 219 F.3d 674, 677 (7th Cir. 2000) [noting that interlocutory appeal under §1292 was appropriately granted in *United Airline, Inc. v. Mesa Airlines, Inc.*, 219 F.3d 605 (7th Cir. 2000) to determine whether federal law preempts state tort law in certain suits between air carriers]; *Cearley v. Gen'l Am. Transp. Corp.*, 186 F.3d 887, 889 (8th Cir. 1999) [granting review to determine whether state law claims were preempted by safety regulations promulgated by Federal Railroad Administration].

In *Ahrenholz, supra*, the Seventh Circuit further explained that a "question of law" under § 1292(b) "means an abstract legal issue rather than an issue whether summary judgment should

be granted." 219 F.3d at 677. Thus, the question "whether federal law preempts state business-tort law in suits between air carriers over routes and rates of service" was deemed appropriate for interlocutory review because the preemption question "was an abstract issue of law resolution of which could (because it was indeed a *controlling* issue) head off protracted, costly litigation." *Id.* (emphasis in original). The appellate court also concluded that, because preemption "was an abstract issue of law, it was a matter suitable for determination on appeal without a trial record." *Id.* Similarly, the preemptive effect of the HUD Code herein is purely a legal, and sufficiently "abstract," question of law to warrant immediate interlocutory review, no record being necessary for such reviews beyond the briefs of the parties, with attachments (there was no oral argument made on the defendants' motion to dismiss).

It is equally clear that there are "substantial grounds for a difference of opinion" as to whether plaintiffs' claims are preempted by the HUD's regulations. The United States District Court for the Northern District of Ohio, in contrast to this Court's Preemption Order, held in the case *Shorter v. Champion Home Builders*, that plaintiffs' state law tort claims based upon unsafe emission levels of formaldehyde in a manufactured home were not preempted by the Manufactured Housing Act. *See* 776 F.Supp. 333, 338 (N.D. Ohio 1999). In addition, the Missouri Court of Appeal in both *Mizner v. North River Homes, Inc.*, 813 S.W.2d 23 (Mo. Ct. App. 1995) and *Mahan v. Skyline Co.*, 916 S.W.2d 401 (Mo. Ct. App. 1996), explicitly held that a state law tort action based upon the off-gassing of formaldehyde in a manufactured home was not preempted. The court reasoned, consistent with the position of the PSC in this case, that there was no implied preemption "because state common law does not conflict with the purposes of the Act or render compliance impossible." *Mizner*, 813 S.W.2d at 27.

Such unambiguous disagreement among federal district and state courts on the same dispositive legal issue, invites the very procedure sanctioned by 1292(b). The existence of conflicting judicial decisions on a given issue is, in fact, conclusive evidence that there are substantial grounds for a difference of opinion. *See Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 867-68 (5th Cir. 2002) (interlocutory appeal granted to resolve split of authority on issue of diversity jurisdiction); *White v. Nix*, 43 F.3d 374, 378 (8th Cir. 1994) (conflicting decisions demonstrate substantial grounds for a difference of opinion).

### b. Immediate Appellate Review Will Promote Judicial Efficiency And Materially Advance The Resolution Of This Multi-District Litigation

Interlocutory review of the Court's Preemption Order also would materially advance this litigation against the Manufactured Housing Defendants. A "critical" consideration under §1292(b) is whether an interlocutory appeal would "have the potential for substantially accelerating the disposition of the litigation" *In re Duplan Corp.*, 591 F.2d 139, 148 n.11 (2d Cir. 1978) (internal citations omitted); *see also In re Virginal Elec. & Power Co.*, 539 F.2d 357, 364 (4th Cir. 1976) [§ 1292(b) appeal is appropriate where resolution of controlling question could prevent waste of "much time, expense and effort"].

The same consideration applies with even greater force here. This MDL was established to address and resolve all common issues of law and fact pertinent to the claims of formaldehyde exposure in emergency housing units furnished in the wakes of Hurricanes Katrina and Rita. In a multi-district litigation of this size and scope, with thousands of cases already pending on the trial court docket and many others yet to be filed, the final resolution of a common legal issue that affects many of these cases will obviously avoid the expenditure of enormous resources in discovery and trial efforts as the cases proceed toward potential trials on the merits. The time and

4

expense of a single interlocutory appeal likewise will be far less than continuing the labor-intensive process of working up cases, one-by-one, for trial, having each defendant file 12(b) motions to dismiss, having the state tort law claims dismissed, and ultimately requiring an appeal in each case.

Thus, the PSC submits that "[f]or the sake of 'judicial economy and the interests of the parties in obtaining an overall conclusion of the proceedings,' an interlocutory appeal is appropriate." *Philibert v. Ethicon, Inc.*, 2004 WL 1922032, at *5 (E.D.La. 2004) (citation omitted). The Court is respectfully requested to enter an Order certifying its May 29, 2009 Preemption Order for immediate interlocutory appeal to the Fifth Circuit, pursuant to 28 U.S.C. § 1292(b).

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**


BY:   s/Gerald E. Meunier
      GERALD E. MEUNIER, #9471
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier &
      Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana  70163
      Telephone:    504/522-2304
      Facsimile:    504/528-9973
      gmeunier@gainsben.com


      s/Justin I. Woods
      JUSTIN I. WOODS, #24713
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier &
      Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana  70163

        Telephone:   504/522-2304
        Facsimile:   504/528-9973
        jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'**
**STEERING COMMITTEE**
ANTHONY BUZBEE, TEXAS #24001820
ROBERT M. BECNEL, #14072
RAUL BENCOMO, #2932
FRANK D'AMICO, JR., #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
DENNIS REICH, Texas #16739600
MIKAL C. WATTS, Texas #20981820

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-call mail to all counsel of record who are non-CM/ECF participants.

        s/Gerald E. Meunier
        GERALD E. MEUNIER