# Miller, Henry (CIV)

| | |
|---|---|
| **From:** | Justin Woods [jwoods@gainsben.com] |
| **Sent:** | Monday, June 08, 2009 1:14 PM |
| **To:** | 'Amanda_Ballay@laed.uscourts.gov' |
| **Cc:** | Dinnell, Adam (CIV); andreww@duplass.com; Carroll Lanassa; dkurtz@bakerdonelson.com; Denise Martin; Gerald E. Meunier; Miller, Henry (CIV); Tom Thagard |
| **Subject:** | RE: FEMA MDL 07-1873 |

Amanda,

The PSC raises the following concerns regarding the news report that FEMA intends to sell certain manufactured housing units to the public:

The PSC sees convergence in the developments of (a) the Court's Order and Reasons of 5/29 (Doc. 1629) regarding preemption of the claims against the current "non-lit defendants," and (b) the recent media report that FEMA is proceeding to sell formerly-occupied emergency housing units still in its inventory, presumably including those made by the non-lit defendants.

Whether for purposes of still trying to achieve global resolution in the MDL, or simply for purposes of developing an appropriate "trial package" on remand of the cases, the Court's preemption ruling obviously narrows plaintiffs' case against the non-lit defendants. More specifically, we believe the ruling would require unit-specific and case-specific investigation and discovery to determine whether a given claim survives preemption. For example, does a given unit actually have the kind of particle board and plywood required components by HUD, as a matter of installation and not just paperwork specification? Do the warnings associated with the unit strictly comply with the federally-approved warning language and other requirements?

The purpose of the non-lit track was to forego expensive and time-consuming litigation activity with regard to all plaintiff claims against manufacturers whose fault might be more difficult for plaintiffs to prove, and who occupy a relatively small share of the total inventory. Those efforts, though stalled by the need to gather claims information to inform settlement discussions, remain important. But the report that the FEMA inventory of these units may be subject to sale to the public, making unavailable to prospective plaintiffs evidence that is absolutely essential to present a case against the manufacturer under the Court's preemption analysis, now makes it imperative that we modify the approach to the non-lit defendants. Specifically, we think that every unit previously occupied by an identifiable plaintiff needs to be put on a "litigation hold" immediately, so that no non-lit defendant units are sold to the public, pending the matching and identification of further plaintiffs (in response to the published Court approved notice or otherwise), and the opportunity for these claimants to inspect and test units.

Also, please note that we intend upon asking that the recent ruling be entered as a FRCP 54(b) judgment so that it can be made the subject of an interlocutory appeal to the Fifth Circuit.

-----Original Message-----
From: Amanda_Ballay@laed.uscourts.gov [mailto:Amanda_Ballay@laed.uscourts.gov]
Sent: Thursday, June 04, 2009 1:25 PM
To: Justin Woods
Cc: Adam.Dinnell@USDOJ.Gov; andreww@duplass.com; Carroll Lanassa; dkurtz@bakerdonelson.com; Denise Martin; Gerald E. Meunier; henry.miller@usdoj.gov; Tom Thagard
Subject: RE: FEMA MDL 07-1873

Justin - I've forwarded your telephone conference to Judge Engelhardt. He proposes that Plaintiffs send an email to the Court detailing their concerns. If, after reviewing this information, Judge Engelhardt determines that a phone conference would be helpful, we will set one.
However, if he does determine that a phone conference would be helpful, it will likely not be next Thursday as we have several matters already set that day.

1


EXHIBIT 16

Thanks.
Amanda

| | |
|---|---|
| Justin Woods <jwoods@gainsben.com><br><br>06/04/2009 12:34 PM | To<br>"'Amanda_Ballay@laed.uscourts.gov'" <Amanda_Ballay@laed.uscourts.gov>, "Gerald E. Meunier" <gmeunier@gainsben.com>, "andreww@duplass.com" <andreww@duplass.com>, "henry.miller@usdoj.gov" <henry.miller@usdoj.gov>, "Adam.Dinnell@USDOJ.Gov" <Adam.Dinnell@USDOJ.Gov>, "dkurtz@bakerdonelson.com" <dkurtz@bakerdonelson.com><br>cc<br>Tom Thagard <TThagard@maynardcooper.com>, Denise Martin <dmartin@gainsben.com>, Carroll Lanassa <clanassa@gainsben.com><br>Subject<br>RE: FEMA MDL 07-1873 |

Amanda,

We think that the article raises serious concerns that should be discussed with Judge Engelhardt particularly in light of the recent preemption ruling. Understanding that the Judge will be out Monday through Wednesday, could we schedule a phone conference for Thursday?

Justin.

-----Original Message-----
From: Amanda_Ballay@laed.uscourts.gov
[mailto:Amanda_Ballay@laed.uscourts.gov]
Sent: Wednesday, June 03, 2009 1:23 PM
To: Justin Woods; Gerald E. Meunier; andreww@duplass.com; henry.miller@usdoj.gov; Adam.Dinnell@USDOJ.Gov; dkurtz@bakerdonelson.com
Subject: FEMA MDL 07-1873


Counsel - Having read the attached Washington Post article, Judge Engelhardt is curious as to whether any of you would like to comment on this "humane and secure transition", and how, if at all, it relates to this litigation - particularly based on our recent discussion about the acquisition of EHUs for destructive testing purposes.

Thanks.
Amanda

http://www.washingtonpost.com/wp-dyn/content/article/2009/06/02/AR2009060203897.html?g=0