UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | * * * * | MDL NO. 1873 |
| | * | SECTION "N-4" |
| | * * | JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO | * * | MAG. JUDGE CHASEZ |
| *Charlie Age, et al v. Gulf Stream Coach Inc., et al*, Docket No. 09-2892 | * * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### GULF STREAM COACH, INC.'S RESPONSES TO ALANA ALEXANDER'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**NOW,** through undersigned counsel, comes Defendant, Gulf Stream Coach, Inc., who responds to Alana Alexander's First Set of Requests for Production of Documents propounded herein by Plaintiff, as follows:

### GENERAL OBJECTIONS

All responses by Gulf Stream herein include and are subject to the General Objections as set forth below.

Gulf Stream objects generally to any request for documents or information within the attorney-client and work product privileges. Gulf Stream further objects to requests for documents, information or opinions held by consulting experts.

Gulf Stream objects to the time scope of all requests that pre-date 2004 as overly broad and unduly burdensome. The present controversy as plead relates to THU's used by FEMA following Hurricanes Katrina and Rita, and interrogatory answers will be limited accordingly.

Gulf Stream objects to the term "materials containing formaldehyde" on the grounds that related requests are overly broad due to the ubiquity of formaldehyde in the natural environment


PLAINTIFF'S EXHIBIT B

and in commonly used materials. With respect to materials supplied by vendors, Gulf Stream only has knowledge of formaldehyde in materials to the extent that the vendor provided an MSDS sheet on the materials supplied. Moreover, Gulf Stream responds herein as if the phrase "materials containing formaldehyde" refers to wood products.

Gulf Stream objects to any requests to the extent they are duplicative of earlier requests and/or seek information that has already been produced in discovery in this matter. In regard to such requests, Gulf Stream refers plaintiffs to those documents previously produced. To the extent new documents may be called for due to alterations in the language of requests, documents produced in response are not complete responses in and of themselves, but are supplements to the earlier document production, with which they combine to form a whole.

Gulf Stream objects to the extent that definitions and instructions accompanying this discovery exceed the scope of discovery permitted under the Federal Rules of Civil Procedure. Without limiting the foregoing, Gulf Stream objects to the extent that the discovery purports to encompass or be directed to sibling companies or parent companies that are not proper parties to any individual action herein.

Gulf Stream objects to the production of electronic documents or communications not already produced or not already in paper form on the grounds that compliance with such requests would be unduly burdensome, and prohibitively expensive. More specifically, Gulf Stream objects to Plaintiff's definition of "document", on the grounds that such definition is vague, overly broad, and calls for Gulf Stream to produce materials which are not reasonably accessible because of undue burden and huge expense. This definition would seem to require Gulf Stream to take extraordinary steps to locate, retrieve, create, maintain, and produce documents, files, data, and other information that is not a part of Gulf Stream's regular business practices. By way

of example, production of deleted electronic archives or deleted computer archives as well as data from backup media, databases, and mainframes would be unduly burdensome, cost prohibitive, and not reasonably accessible.

Subject to the foregoing general objections, Gulf Stream responds as follows:

### REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

Any and all correspondence between you and any third parties, relating to the Trailer or Plaintiffs.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

See invoice.

### REQUEST FOR PRODUCTION NO. 2:

All internal correspondence, including emails, between and among your employees regarding the Trailer or Plaintiffs.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

No documents.

### REQUEST FOR PRODUCTION NO. 3:

All correspondence between you and Plaintiffs.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

No documents.

### REQUEST FOR PRODUCTION NO. 4:

All correspondence between you and co-defendants regarding the Trailer or Plaintiffs.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

No documents.

**REQUEST FOR PRODUCTION NO. 5:**

All photographs taken of the Trailer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

No documents.

**REQUEST FOR PRODUCTION NO. 6:**

All photographs taken of the Plaintiffs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

No documents.

**REQUEST FOR PRODUCTION NO. 7:**

All pictures, motion pictures, movies, films, charts, plats, drawings or photographic material of any kind taken of the Plaintiffs or the Trailer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

No documents.

**REQUEST FOR PRODUCTION NO. 8:**

All written statements made by the Plaintiffs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

No documents.

**REQUEST FOR PRODUCTION NO. 9:**

All oral statements made by the Plaintiffs which were either recorded or taped on any electronic device or recorder.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

No documents.

**REQUEST FOR PRODUCTION NO. 10:**

All written statements that relate to the claims made in this Lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

No documents.

**REQUEST FOR PRODUCTION NO. 11:**

A copy of the policy or policies of liability insurance providing coverage to you for the claims made in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

See documents produced in accordance with Master Discovery - Request for Production No. 17 and Interrogatory No. 18.

**REQUEST FOR PRODUCTION NO. 12:**

A copy of all policies of "excess" and/or "umbrella" liability insurance providing coverage to you for the claims made in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

See documents produced in accordance with Master Discovery - Request for Production No. 17 and Interrogatory No. 18.

**REQUEST FOR PRODUCTION NO. 13:**

Copies of all documents referenced in your answers to Plaintiffs' Interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

No documents.

**REQUEST FOR PRODUCTION NO. 14:**

Copies of all videos, manuals, or other materials provided to your employees regarding exposure to formaldehyde fumes. (Date range: January 1, 2002 to the present).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

See documents produced in accordance with Master Discovery - Request for Production No. 6 and Interrogatory No. 6 - as they may pertain to this THU.

**REQUEST FOR PRODUCTION NO. 15:**

Copies of all documents manuals, policies, or any other materials that address minimizing your employees' exposure to formaldehyde fumes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

See documents produced in accordance with Master Discovery - Request for Production No. 13 and Interrogatory No. 13 - as they may pertain to this THU.

**REQUEST FOR PRODUCTION NO. 16:**

All warranty documents that cover the Trailer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Warranty - see attached.

**REQUEST FOR PRODUCTION NO. 17:**

All building or manufacturing instructions, or drawings, for the Trailer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

See documents produced in accordance with Master Discovery - Request for Production No. 19 and Interrogatory No. 19, as they may pertain to this THU.

**REQUEST FOR PRODUCTION NO. 18:**

The contract covering the sale of this trailer to the United States Government covering the sale of this trailer to the United States Government or its subcontractors working for the United States Government.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Objection. Gulf Stream sold this THU to an independent retail dealer, Best Buy RV.

**REQUEST FOR PRODUCTION NO. 19:**

Warranties and installation instructions, requirements, or specifications issued by anyone concerning the Trailer, including, but not limited to, the manufacturer's warranty, owner's manuals, warranties by FEMA, and any documents of any kind that were issued with, or accompanied, the Trailer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

See documents produced in accordance with Master Discovery - Request for Production No. 14, specifically, refer to the owner's manual with a blank inside back page cover, as this is the manual that was issued with this Trailer.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all exhibits which you may offer into evidence at the trial of this cause.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Objection, this Request is premature. Gulf Stream will respond within the court imposed deadline.

**REQUEST FOR PRODUCTION NO. 21:**

Any and all demonstrative aids which you may use at the trial of this cause.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Objection, this Request is premature. Gulf Stream will respond within the court imposed deadline.

**REQUEST FOR PRODUCTION NO. 22:**

A current curriculum vitae for each and every expert witness whom you may call as a witness at the trial of this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Objection, this Request is premature. Nevertheless, Gulf Stream may call Drs. Wedner and Cole as experts. There CVs have already been produced. Gulf Stream reserves the right to update this response within the court imposed deadline.

**REQUEST FOR PRODUCTION NO. 23:**

Any and all written reports or records of each and every expert witness whom you may call as a witness at the trial of this cause or any consulting experts' work product reviewed by any expert whom you may call as an expert at the trial of this cause. In the event any such expert has not produced his opinions to writing, request and demand for such report is hereby made.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Objection , this Request is premature. Gulf Stream will respond within the court imposed deadline.

**REQUEST FOR PRODUCTION NO. 24:**

A true and correct copy of any computation or data or other material which has been prepared by or for an expert in anticipation of said expert's possible trial or deposition testimony.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Objection, this Request is premature. Gulf Stream will respond within the court imposed deadline.

**REQUEST FOR PRODUCTION NO. 25:**

A true and correct copy of any and all books, treatises, or publications which you intend to establish as reliable authority by the testimony of any expert witness.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Objection, this Request is premature. Gulf Stream will respond within the court imposed deadline.

**REQUEST FOR PRODUCTION NO. 26:**

A true and correct copy of any and all books, treatises, or periodicals which you intend to establish as reliable authority by requesting judicial notice thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Objection, this Request is premature. Gulf Stream will respond within the court imposed deadline.

**REQUEST FOR PRODUCTION NO. 27:**

Any and all correspondence, specifically including but not limited to e-mails, where the issue of formaldehyde exposure in the Trailer, or any of your Trailers is discussed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Objection to this Request is overly broad and unduly burdensome and unintelligible. Without waiving the foregoing objection, Gulf Stream has no documents pertaining to formaldehyde concerning this Trailer. For further answer, and documents, please see our response to Master Merits Discovery Request for Production No. 22.

**REQUEST FOR PRODUCTION NO. 28:**

Any and all documentation, including bills of lading, invoices, and the like, demonstrating where the Trailer was manufactured, when the Trailer was manufactured, how and when the Trailer was delivered to Florida, and how and when the Trailer ended up in Plaintiffs' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

See documents pertaining to this Trailer.

**REQUEST FOR PRODUCTION NO. 29:**

All purchase agreements, invoices, delivery documents, and/or specifications related to the Trailer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

See documents produced.

**REQUEST FOR PRODUCTION NO. 30:**

All bills of materials for the Trailer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Object to this Request on the basis that it is overly broad and unduly burdensome and not calculated to lead to admissible evidence. Subject to and without waiving the foregoing objections, please see documents produced in response to Master Merits Requests for Production of Documents No. 2 exemplars.

**REQUEST FOR PRODUCTION NO. 31:**

All vendor lists which show the vendors who provided any component part or material that was used in the manufacturing of the Trailer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Object to this Request as it is over broad and unduly burdensome and not calculated to lead to admissible evidence. Subject to and without waiving same, see answer to Interrogatory No. 2.

**REQUEST FOR PRODUCTION NO. 32:**

All contracts between you and any vendor who provided you with particle board, plywood or pressed wood products that were used in the manufacturing of the Trailer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Gulf Stream has no formalized contracts with vendors supplying the products noted. However, Gulf Stream issues purchase orders and Vendors issue invoices for which Gulf Stream pays for the materials. Please see documents produced in response to Master Merits Requests for Production of Documents No. 2 exemplars.

**REQUEST FOR PRODUCTION NO. 33:**

All notes or logs done by your employees who participated in the manufacturing of the trailer, which discuss the manufacturing of the Trailer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

See documents pertaining to this Trailer.

**REQUEST FOR PRODUCTION NO. 34:**

All memos or notices provided to your employees relating to the dangers of formaldehyde emissions in your products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Object to this Request on the basis that it assumes facts not evidence, subject to and without waiving the foregoing objection, Gulf Stream has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 35:**

Documents detailing any and all development, review, updating, or changes to operating the manufacturing of your trailer products from January 1, 2004 to December 31, 2004.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Object to this Request on the basis that it is overly broad and unduly burdensome and not calculated to lead to admissible discovery. Subject to and without waiving the foregoing objections, see documents produced.

**REQUEST FOR PRODUCTION NO. 36:**

All exhibits which you intend to offer into evidence.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Objection, this Request is premature. Accordingly, Gulf Stream will respond within the court imposed deadline.

**REQUEST FOR PRODUCTION NO. 37:**

All formaldehyde test results for trailers that you provided to FEMA from September 1, 2004 to the present. This includes the actual lab reports and any cumulative or tabulated results and documents showing the sampling method used.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Object to this Request as it seeks attorney client privileged communication and attorney work product, and other protected information and documents pursuant to anticipation of this and related litigation. Subject to and without waiving the foregoing objections, see answers and documents produced in Master Merits Interrogatory No. 12 and Requests for Production of Documents No. 12.

**REQUEST FOR PRODUCTION NO. 38:**

All material safety data sheets and third party test reports and results (including 24 CFR §3280.308 and 24 CFR §3280.406 reports) for the Trailer (and its component parts).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Gulf Stream answers that the codes identified in this Request do not pertain to the manufacturing of this Trailer. For further answer, Gulf Stream has no known documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 39:**

All contracts between You and any contractor relating to the purchase, delivery, installation, technical assistance, maintenance, and/or setup of the Trailer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

See documents pertaining to this Trailer.

**REQUEST FOR PRODUCTION NO. 40:**

For the Gulf Stream plant that manufactured the Trailer, all documents which show the number of units manufactured by the plant for the day that the Trailer was manufactured.

13

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

See documents produced.

**REQUEST FOR PRODUCTION NO. 41:**

All documents showing the process by which wood products and other component parts containing formaldehyde were stored at Gulf Stream manufacturing plants and, if transferred from one plant to another, the process for transferring and storing wood products and component parts that were used in the production the Trailer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

No documents.

**REQUEST FOR PRODUCTION NO. 42:**

All documents which discuss labels containing the phrase "Not Intended For Recreational Purposes", which appears on the Trailer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

No documents.

**REQUEST FOR PRODUCTION NO. 43:**

Contracts, agreements, material specifications, material safety data sheets, third party test reports and results (including 24 CFR §3280.308 and 24 CFR §3280.406 reports) purchase orders, invoices, and bills for materials containing formaldehyde, raw material supplier(s) and/or component supplier(s) for raw materials and finished material components for use in production of the Trailer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

See our response to Request Nos. 32 and 38 hereinabove.

**REQUEST FOR PRODUCTION NO. 44:**

Any warnings intended for the end user of the Trailer that mentions the possibility of formaldehyde exposure.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

No documents.

**REQUEST FOR PRODUCTION NO. 45:**

Any Contracts between you and any entity of the United States Government or its subcontractors pertaining to the Trailer, including its sale, shipment, storage, installation or maintenance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

See documents produced.

**REQUEST FOR PRODUCTION NO. 46:**

Any and all correspondence, including e-mails, faxes, between you and any entity of the United States Government or any United States Government sub-contractor pertaining to the Trailer itself or any Trailer delivered or manufactured as a result of the same contract.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

No documents.

**REQUEST FOR PRODUCTION NO. 47:**

Any and all specifications or instructions regarding the use or installation of the Trailer or any Trailer provided under the same contract.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Object to the form of the Request as it assumes facts not in evidence. Without waiving the foregoing objections, see documents produced in accordance with Master Merits Discovery -

Request for Production No. 14, specifically, refer to the owner's manual with a blank inside back page cover, as this is the manual that was issued with this Trailer.

**REQUEST FOR PRODUCTION NO. 48:**

Any and all documents demonstrating the number of Trailers that you have provided to the United States Government in the years 2001 through 2005.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Object to this Request on the basis that it is over broad and unduly burdensome and not calculated to lead to admissible evidence. Subject to and without waiving the foregoing objections, Gulf Stream had a contract with FEMA in 2005 to produce THUs, for further answer, Gulf Stream manufactured 22,696 THUs in 2005 for FEMA.

**REQUEST FOR PRODUCTION NO. 49:**

Any and all contracts pertaining to your provision of travel trailers, mobile homes or park model homes to the United States Government in the years 2001 through 2005.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

See documents produced in accordance with Master Discovery - Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 50:**

Any and all specifications provided to you by the United States Government pursuant to which you were to manufacture travel trailers, mobiles homes or park model homes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Object to this Request on the basis that it assumes facts not in evidence, subject to and without waiving the foregoing objection, the specifications may have been provided by someone

other than the Government, but nevertheless the specs are government specs. See documents produced.

**REQUEST FOR PRODUCTION NO. 51:**

Any and all joint defense agreements between you and any defendant, including DHS, FEMA or any governmental agencies, relating to the Plaintiffs, claims made in this lawsuit, the Trailer or the multi district litigation of which this case is a part of.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Object to this Request on the basis that it seeks privileged and confidential attorney client privileged documents.

**REQUEST FOR PRODUCTION NO. 52:**

Any and all correspondence between you and DHS, FEMA or any governmental agencies, including between attorneys, relating to the Plaintiffs, claims made in this lawsuit, the Trailer or the multi district litigation of which this case is a part of.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Object to this Request on the basis that it seeks privileged and confidential and attorney client documents.

Respectfully submitted,

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

_____
ANDREW D. WEINSTOCK, BAR #18495
JOSEPH GLASS, BAR #25397
3838 North Causeway Boulevard, Suite 2900
Metairie, Louisiana  70002
(504) 832-3700

17

and

**SCANDURRO & LAYRISSON, L.L.C.**
Timothy D. Scandurro, Bar #18424
Dewey M. Scandurro, Bar #23291
607 St. Charles Avenue
New Orleans, Louisiana  70130
Telephone:   (504) 522-7100
**Attorneys for Gulf Stream Coach, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of May, 2009, a copy of the foregoing Answers to Alana Alexander's First Set of Interrogatories was sent to all liaison counsel and government counsel of record.

_____
**ANDREW W. WEINSTOCK**