**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE:  FEMA TRAILER                                    MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                   SECTION "N-5"

                                                                JUDGE ENGELHARDT
                                                                MAG. JUDGE CHASEZ

**THIS DOCUMENT IS RELATED TO ALL CASES**

---------------------------------------------------------------------------------

**MEMORANDUM IN OPPOSITION TO DEFENDANT UNITED STATES' MOTION**
**FOR PROTECTIVE ORDER TO PREVENT**
**PLAINTIFFS' DEPOSITION OF HARVEY E. JOHNSON, JR.**

MAY IT PLEASE THE COURT:

The Plaintiffs Steering Committee, hereinafter "PSC", respectfully submits this opposition to the United States' motion to prevent the deposition of Harvey E. Johnson, Jr. The discovery of this witness' testimony is critical to the development and presentation of plaintiffs' case; and the Government has failed to meet its burden to establish good cause for the protective order sought by this motion, relying instead upon conclusory statements and the affidavits of witnesses not deposed, in support of same. Specifically, the potential testimony of Admiral Johnson is essential to the determination of (1) whether the United States did or did not respond to the health crisis at issue herein based on legitimate policy considerations, and (2) whether the Government, on the merits, was negligent under the FTCA. No person other than Harvey Johnson, Jr. can testify as to the factual context of and/or circumstances underlying FEMA's decision-making in regard to these issues as seen from the unique vantage point of his personal knowledge and official position with the Agency.

## I.  LAW AND ANALYSIS

The Federal Rules of Civil Procedure (FRCP) allow for discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action…." Fed. R. Civ. P. 26(b)(1). Discovery may be obtained through the use of depositions under FRCP 26(a) and 30. While generally the depositions of "high-ranking government officials" are discouraged, their prohibition is not absolute. *See generally, United States v. Morgan*, 313 U.S. 409, 422 (1941).

### a.  The Government Has Not Shown Good Cause For the Issuance of a Protective Order

In this motion for a protective order, the Government bears the burden of showing good cause for the issuance of such an order. The mere fact that the proposed deponent once held a high-ranking office does not in any way relieve the Government of this burden. *See Bolden v. FEMA*, 2008 WL 145098 (E.D. La. 2008). In *Bolden,* for example, Magistrate Judge Wilkinson denied FEMA's motion for a protective order to prevent the deposition of a FEMA Assistant Administrator. Citing Fifth Circuit precedent, he held that "a party who seeks a protective order has a burden to make 'a particular and specific demonstration of fact as distinguished from stereotypes and conclusory statements' in support of its motion." *See id.*, at *3 (citing *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998)); *see also United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978).

Prior jurisprudence also establishes that courts do not take the movant's burden under FRCP 26(c) lightly. *See Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) ["It is very

unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error."]; *Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985) ["Trial preparation and defense … are important interests, and great care must be taken to avoid their unnecessary infringement."]; *Prozina Shippin Co., Ltd. v. Thirty-Four Automobiles*, 179 F.R.D. 41 (D. Mass. 1988) ["The moving party has a heavy burden of showing 'extraordinary circumstances' based on 'specific facts' that would justify such an order."]; *Motsinger v. Flynt*, 119 F.R.D. 373, 378 (M.D.N.C. 1988) ["Absent a strong showing of good cause and extraordinary circumstances, a court should not prohibit altogether the taking of a deposition."]. Thus, it is clear that the Government, in moving for a protective order to prevent the deposition of Admiral Johnson, must satisfy a significant burden of proof by establishing good cause through a particular and specific demonstration of fact in this record. Conversely, it cannot rely on mere "conclusory statements" – or affidavits not subject to cross-examination − to prevail in its argument that the intended deposition of this official should be precluded by Court order.

   **b.**  Extraordinary Circumstances Do Exist So As To Require The Deposition to Proceed

   The fact that plaintiffs seek to depose Admiral Johnson for purposes of discovery of common issues in an MDL is in and of itself an exceptional circumstance. The Government's renewed motion based upon discretionary function immunity remains pending before this Court, and carries with it the potential to dismiss, with prejudice, thousands of claims proceeding under the FTCA. Harvey Johnson, Jr., by virtue of his position as the Chief Operating Officer of FEMA, is uniquely positioned to provide critical facts and information as to FEMA's policies and procedures relative to the agency's response to the formaldehyde crisis. To impede such

3

discovery would effectively deny thousands of plaintiffs their right to have this Honorable Court decide the issue of the applicability of discretionary function based upon all of the facts available. The Government should not be allowed to seek a ruling resulting in the dismissal of thousands of claims on the one hand, while on the other preventing plaintiffs from obtaining discovery critical to their efforts to avoid this dismissal.

The Government admits in its memorandum that as Chief Operating Officer of FEMA, Admiral Johnson was responsible for implementing policies and procedures on behalf of the FEMA Administrator, and for overseeing all emergency response, recovery, mitigation, and preparedness activities.[1] Despite this acknowledgment of the witness' clear authority as it relates to the policy and procedures involved with FEMA's response to the formaldehyde crisis, however, counsel for the Government would have this Court believe that Johnson was "not involved in any material way" in regard to this response.[2]   This conclusory statement is challengeable on its face.

Moreover, it was the Government's voluntary choice to re-urge its previously defeated defense of discretionary function immunity. In so doing, the Government, and the Government alone, has made the policies and procedures of FEMA's response a critical subject area in these proceedings. Yet the Government seeks to deny the plaintiffs' right to discovery of the knowledge of someone uniquely situated by title and position to testify as to FEMA's response to the public health crisis at issue. A protective order preventing the deposition of the very individual whose responsibilities, by admission, included the actions and/or inactions of FEMA in response to the formaldehyde crisis, would effectively insure that the truth as to the

---

[1] *See* Memorandum In Support of Defendant United States' Motion for Protective Order to Prevent Plaintiffs' Deposition of Harvey E. Johnson, Jr., Former FEMA Deputy Administrator and Chief Operating Officer, Doc. No. 1756-3, filed 6/13/09.

[2] *See id.*, at p. 7.

4

Government's actions is never ascertained, even as this Court is accepting briefs on the Government's renewed discretionary function motion.

Further, regardless of a possible dismissal pursuant to the discretionary function immunity, plaintiffs respectfully submit that the most this MDL Court can do is prevent the deposition of Harvey Johnson, Jr., at the present time in these proceedings, based on the Government's present showing.  Thus, if the deposition does not take place prior to remand, it is conceivable that thousands of notices of this same witness' deposition may be filed in individual cases in different courts, before different judges. Allowing the deposition of Admiral Johnson to go forward while the litigation is still in its MDL phase, provides for one deposition to be taken and subsequently used by all plaintiffs. To the extent the requested protective order cannot possibly account for the issues raised in the post-remand phase of the MDL, it invites a process which may result in a waste of judicial time and economy.

    **c.**  <u>Discovery Sought Is Necessary</u>

The prospective testimony of Admiral Johnson in fact has two-fold importance, for it involves the application of the discretionary function exception <u>and</u> the ultimate issue of FEMA liability. The deposition will allow the PSC to explore the extent of the deponent's knowledge of the facts underlying, and context of, the United State's response to the public health and safety concerns of formaldehyde exposure in the housing units furnished by FEMA to the victims of Hurricanes Katrina and Rita. In fact, the Court in its Order and Reasons of October 3, 2008 envisioned this exact discovery being conducted.[3] The Order states that, "[f]urther discovery is needed to determine whether FEMA's conduct during that time period truly amounts to 'acts

---

[3] *See* Order and Reasons, p. 42, Doc. 717.

grounded in policy,' or instead simply strategizing by attorneys in anticipation of litigation."[4] By the Court's own precise framing of the question, discovery into FEMA's actions or inactions, and the "policy" motivations behind them, is simply indispensable in the pursuit of plaintiffs' FTCA claims in this MDL.

As to the merits of the FTCA case against FEMA, it likewise is essential that plaintiffs be allowed to discover the important aspects of FEMA's allegedly-negligent decision-making in response to the formaldehyde crisis. Certain of these aspects necessarily are uniquely framed by the knowledge and information possessed by Admiral Johnson. Self-evidently, he is the only witness who can testify about FEMA's response to the crisis, as seen through the eyes and from the vantage of the Agency's Chief Operating Officer.

## II. CONCLUSION

The United States seeks to have this Court determine that its response actions were susceptible to legitimate "policy" considerations, and to be dismissed from this litigation accordingly. At the same time, it now requests that the Court erect a shield against the discovery and disclosure of facts potentially adverse to its position. In effect, the Government wishes this Court to rule on its defense of immunity without _all_ of the information available, including relevant information which the Government, through its official Harvey E. Johnson, Jr., solely and uniquely possesses. Plaintiffs submit that this extraordinary outcome cannot be legally justified based on conclusory statement and affidavits attesting that lower-ranking officials know more than Admiral Johnson about a subject area which plaintiffs have every right to explore in discovery. This might be a credible position for FEMA if Admiral Johnson's position were

---

[4] *Id.*

vested with merely token or symbolic authority; but, by the Government's own acknowledgment, such is not the case.

Since the discovery through the plaintiffs' deposition of Harvey Johnson, Jr., is sought under extraordinary circumstances in this MDL, and is absolutely essential to this Court's determination of the application of the discretionary function exception as well as to the ultimate issue of the Government's FTCA liability at trial, the PSC respectfully submits that the United States' Motion for Protective Order should be denied.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
       GERALD E. MEUNIER, #9471
       **PLAINTIFFS' CO-LIAISON COUNSEL**
       Gainsburgh, Benjamin, David, Meunier &
       Warshauer, L.L.C.
       2800 Energy Centre, 1100 Poydras Street
       New Orleans, Louisiana  70163
       Telephone:    504/522-2304
       Facsimile:    504/528-9973
       gmeunier@gainsben.com


       s/Justin I. Woods
       JUSTIN I. WOODS, #24713
       **PLAINTIFFS' CO-LIAISON COUNSEL**
       Gainsburgh, Benjamin, David, Meunier &
       Warshauer, L.L.C.
       2800 Energy Centre, 1100 Poydras Street
       New Orleans, Louisiana  70163
       Telephone:    504/522-2304
       Facsimile:    504/528-9973
       jwoods@gainsben.com


       **COURT-APPOINTED PLAINTIFFS'**

**STEERING COMMITTEE**
ANTHONY BUZBEE, Texas #24001820
RAUL BENCOMO, #2932
ROBERT M. BECNEL, #14072
FRANK D'AMICO, JR., #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
DENNIS REICH, Texas #16739600
MIKAL C. WATTS, Texas #20981820

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-call mail to all counsel of record who are non-CM/ECF participants.

s/Gerald E. Meunier
GERALD E. MEUNIER, #9471