UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | § | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | § | SECTION "N" (4) |
| LIABILITY LITIGATION | § | |
| | § | JUDGE ENGELHARDT |
| | § | MAG. JUDGE CHASEZ |

**This Document relates to:**
*Natalie L. Olier v. United States of America*
<u>No. 09-3942</u>

LIST OF DEFENSES AND MOTIONS TO BE PRESERVED
BY JAYCO, INC. F/K/A STARCRAFT RV, INC.

Pursuant to Pretrial Order No. 4 (Rec. Doc. No. 130), defendant Jayco, Inc. f/k/a Starcraft RV, Inc. ("Starcraft") submits the following list of defenses and/or motions to be preserved in the following underlying action which is currently pending in the above captioned multidistrict litigation proceeding:

1. *Natalie J. Olier v. the United States of America, et al.*, No. 09-3942 (S.D. Miss.)

    (a)   Rule 12(b)(5):  Insufficiency of Service of Process;

    (b)   Rule 12(b)(1):  Lack of subject matter jurisdiction over claims;

    (c)   Rule 12(b)(3):  Improper venue;

(d)     Rule 12(b)(6): Failure to state to claim for negligence, negligence per se, gross negligence, recklessness and willfulness, strict liability in tort because these theories of recovery are Louisiana Products Liability Act based claims;

(e)     Rule 12(b)(6):  Failure to state a claim for breach of implied and express warranty because those claims are not available to plaintiffs, and to the extent that they are available, they are precluded by the Louisiana Products Liability Act;

(f)     Rule 12(b)(6): Failure to state a claim for medical monitoring damages under Louisiana law because plaintiffs have not alleged a present and manifest injury;

(g)     Rule 12(b)(6): Failure to state a claim for injunctive relief;

(h)     Rule 12(b)(6): Failure to state a claim for attorney's fees;

(i)     Rule 12(b)(6): Failure to state a claim for punitive damages;

(j)     Rule 12(b)(6): Failure to state a claim because plaintiffs failed to make any particularized allegations regarding their injuries and damages, and failed to make any particularized allegations connecting any particular plaintiff to conduct by any particular defendant;

(k)     Rule 12(e): Motion for more definite statement of the complaint based on plaintiffs' failure to make particularized allegations about their injuries and damages and failure to made any particularized allegations about any particular defendants' alleged conduct;

(l)     Rule 21: Improper joinder: Failure to satisfy requirements for joinder of parties under FRCP 19 and 20;

(m)    Rule 9(b):  Failure to plead fraud and misrepresentations with particularity.

(n)     Rule 12(b)(6): Failure to state a claim upon which relief can be gra nted to the extent that it is established that any claimant knew or should have known of his or her cause of action more than a year before March 23, 2009 (accounting for all tolled time during the pendency of the class action), rendering all claims presc ribed under Louisiana law;

(o)     Rule 12 (b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs later assert redhibition/implied warranty claims under Louisiana law, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance;

(p) Rule 12 (b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the named defendants, inasmuch as Louisiana law precluded such reapportionment of fault;

(q) Rule 12 (b)(6): Failure to state a claim upon which relief can be granted to the extent that any of the plaintiffs' claims are barred by the exclusivity provisions of the Louisiana Product Liability Act;

(r) Rule 12(b)(6): Failure to state a claim upon which relief can be granted inasmuch as plaintiff's claims are duplicative to the extent it is established that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the objections and defenses described above be preserved if the suit is remanded.  Defendant requests the right to brief any Rule 12(b) motion in full and requests the right to oral argument on the merits of any such motion.

Defendant reserves the right to amend or supplement these defenses and to file appropriate pleadings as well as dispositive and other motions in the above cases and in any other cases in which it has been or will be named and properly served.

Respectfully submitted,

**WILLINGHAM, FULTZ & COUGILL LLP**

By: *Thomas L. Cougill*
    THOMAS L. COUGILL
    Texas State Bar No. 04877300
    Louisiana State Bar No. 31112
    R. MARK WILLINGHAM
    Texas State Bar No. 21641500
    JEFFREY P. FULTZ
    Texas State Bar No. 00790728
    Mississippi Bar No. 101058
    Niels Esperson Building
    808 Travis Street, Suite 1608
    Houston, Texas  77002
    (713) 333-7600 – Telephone
    (713) 333-7601 – Facsimile

**Attorneys for Jayco, Inc.
f/k/a Starcraft RV, Inc.**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system.  Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system.  I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the 22nd day of June, 2009.

    *Thomas L. Cougill*
    THOMAS L. COUGILL