UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-5"<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |
| THIS DOCUMENT IS RELATED TO:<br>*Lyndon Wright v. Forest River, Inc., et al.*<br>*Case No. 09-2977 (E.D. La.)* | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

FIRST SUPPLEMENTAL AND
AMENDED COMPLAINT

The plaintiff, Lyndon T. Wright (hereinafter "Lyndon", or "Plaintiff"), individually and pursuant to the provisions of Rule 15 of the Federal Rules of Civil Procedure, respectfully supplements and amends the Original Complaint herein as follows:

1.

Plaintiff hereby incorporates and adopts and generally reiterates all assertions, claims and statements raised in the Original Complaint and will reaver specific paragraphs as necessary. Plaintiff further supplements and amends as follows:

2.

The allegations of the Original Complaint with respect to the identification of Parties (Paragraphs 1 through 4 of the Original Complaint), as well as the allegations of the Original Complaint with respect to Jurisdiction and Venue (Paragraphs 5 through 11), respectfully are reiterated and incorporated herein.

1

3.

The allegations of the Original Complaint dealing with general factual information (Paragraphs 12 through 77), also are reiterated and incorporated herein.

4.

Lyndon resided with his mother Bobbie Wright (hereinafter "Ms. Wright") in her home. As a result of Hurricane Katrina, Lyndon and Ms. Wright were displaced from their permanent home on 2315 Seminole St. Since Ms. Wright's home was rendered uninhabitable as a result of Hurricane Katrina, she was deemed eligible to receive emergency housing assistance from the defendant Federal Emergency Management Agency (hereinafter "FEMA"), pursuant to the Stafford Act and applicable federal regulations.

5.

The emergency housing assistance provided to Ms. Wright was in the form of a travel trailer manufactured by the defendant Forest River, Inc. (hereinafter "Forest River"), with Vehicle Identification Number (VIN) 4X4TSMH296C008992. Ms. Wright moved to Houston and gave full authority for her son Lyndon to occupy and reside in the Trailer.

6.

The Trailer was delivered to Lyndon for occupancy in New Orleans, Louisiana, at 2315 Seminole St on or about early February 2006, but was not made livable or available until approximately one month after it was delivered.

7.

The Trailer was installed at the above location and made ready for residential purposes by Shaw Environmental Inc. (hereinafter "Shaw"), by being hooked up to residential utilities,

residential sewerage and water. It was also jacked off its wheels and blocked, and stairs and a landing were attached to allow access to the raised trailer, pursuant to a contract between Shaw and FEMA.

8.

Lyndon began living in the Trailer in March, 2006 and stopped living there in July, 2008. He resided continuously in the unit during this period of time.

9.

Plaintiff respectfully reiterates and incorporates all allegations set forth in the Original Complaint with respect to the cause of action against FEMA (Paragraphs 78 through 83 of the Original Complaint).  In addition, and more specifically, Plaintiff avers that FEMA negligently failed to take prompt and appropriate remedial action, and/or to communicate promptly and effectively to him, with respect to the safety and health risks and concerns related to formaldehyde exposure in this Trailer, even though FEMA became aware of such risks and concerns generally, as early as the Fall/Winter of 2005.  As a result, Plaintiff was negligently and unnecessarily exposed to unsafe and potentially dangerous levels of formaldehyde in the Trailer, prior to the time Lyndon became aware of the need to vacate the Trailer.

10.

Plaintiff respectfully reiterates and incorporates all of the allegations set forth in the Original Complaint with respect to the cause of action against Forest River, a manufacturer under the Louisiana Product Liability Act (Paragraphs 97 through 102 of the Original Complaint).  Additionally, and more specifically, Lyndon alleges that Forest River's duty to warn him about the dangers and risks of formaldehyde in this Trailer was continuing in nature, and legally was owed to him by Forest River during the entire period that he occupied the

Trailer. Forest River failed to place warnings inside the trailer in a conspicuous place so that occupants would be made aware of the potential for exposure to formaldehyde gas from the various wood products in the trailer that contain urea based formaldehyde resins and adhesives.

11.

Plaintiff respectfully reiterates and incorporates all of the allegations in the Original Complaint with respect to the cause of action against Shaw under the Louisiana Product Liability Act (Paragraphs 103 through 109) of the Original Complaint. Lyndon further avers that Shaw re-manufactured the travel trailer knowing its intended use would be for long term occupancy. Shaw installed appliances, heating and air conditioning units, plumbing and electricity. The trailer was jacked off its wheels and blocked by Shaw or persons acting at Shaw's direction and control. It was converted from a short term recreational use to long term housing by Shaw or persons acting on Shaw's behalf.

12.

Lyndon contends that Shaw is liable pursuant to Louisiana Products Liability Act as a manufacturer because they effectively changed the design of what was a recreational vehicle into a temporary home suitable for long term occupancy. Shaw significantly altered the original travel trailer and re-constructed the unit with a different intended purpose. However, the unit Shaw re-manufactured was not suitable for its intended purpose as a temporary home. Further, the "blocking" of the Trailer caused the frame to bend and become warped thus leading to numerous problems relating to leaking and the growth of mold because of leaks created by the blocking. As a consequence, Lyndon was subjected to chronic exposure to formaldehyde gas and mold.

13.

Plaintiff respectfully reiterates and incorporates all of the allegations with respect to the cause of action for negligence against Shaw under the Louisiana law (Paragraphs 110 through 116), specifically in the alternative and in the event this defendant is not be found to be a "manufacturer" liable under the Louisiana Product Liability Act.

14.

Plaintiff also contends that Shaw was negligent in their duty to install, maintain and repair the temporary housing unit provided by FEMA to Lyndon as a result of being displaced by Hurricane Katrina; pursuant to its contract with FEMA. From the time the Trailer was delivered, it took Shaw approximately one month to connect electricity to the Trailer. Lyndon made several phone calls to Shaw regarding the problem and was repeatedly ignored. Further, as a result of the improper "blocking" of the unit, the frame was bent and warped which caused the door not to close and seal properly and also caused significant leaking in his bedroom window. The heating system in the Trailer never functioned properly and Shaw never properly repaired the heating system, even though Lyndon complained repeatedly to Shaw about these problems. Lyndon was forced to use space heaters to warm the trailer. These complaints and requests for maintenance were also repeatedly ignored. Lyndon contends that Shaw had a duty to maintain the Trailer and to make necessary repairs as needed and were negligent in their duty to do so.

15.

As a result of Shaw's failure to respond to the various problems with the Trailer, Plaintiff became depressed and suffered loss of self-esteem and self-worth. He grew increasingly frustrated with being ignored and abandoned by Shaw and eventually sought mental health

treatment and he was prescribed medication for his depression. The use of the Travel Trailer for long term use was reasonably anticipated and Shaw should have been aware that Lyndon or a person similarly situated would have occupied the unit for long periods of time as a result of being displaced by Hurricane Katrina.

16.

Although the Forest River Travel Trailer manual warns of exposure to formaldehyde gas, Shaw took no actions to warn or communicate Lyndon that the particle board, medium density fiber board, hard wood plywood and other wood products used inside the Trailer are made of urea formaldehyde adhesive and that these products will release formaldehyde gas inside the trailer, or that the formaldehyde gas can adversely affect people's health. This failure to warn caused Lyndon to suffer adverse health effects from exposure to the release of formaldehyde gas inside the trailer.

17.

Plaintiff respectfully amends the allegations with respect to damages in Paragraph 117 of the Original Complaint, as well as the allegations in Subparagraph 2 under the caption "Prayer for Relief" in the Original Complaint, in order to specify that he seeks compensatory damages herein for the following:

    a.    Plaintiff's physical pain and suffering;

    b.    Plaintiff's mental anguish and emotional distress, including the fear of an increased risk of cancer;

    c.    the past, continuing and future medical expenses of Plaintiff which have been necessitated by the injuries sustained herein, including costs for future medical treatment, services, surveillance, medical monitoring costs, and/or procedures to

    address physical and/or mental injuries from formaldehyde exposure which currently are manifest;

d.  Plaintiff also suffered from sleep loss and decreased appetite as a result of living in the Trailer and exposure to formaldehyde;

e.  High blood pressure induced by stress

f.  Plaintiff suffered from walking pneumonia

g.  the aggravation of Plaintiff's preexisting allergies;

h.  Plaintiff's continual exposure to formaldehyde emitting products caused him to develop asthma

i.  the impairment of future wage-earning capacity and/or daily life activities suffered, and to be suffered, by Plaintiff ; and

j.  Plaintiff's growing frustration with Shaw because of their lack of response to helping him maintain his temporary home unit coupled with his exposure to formaldehyde and mold from his unsealed door and leaking window caused him to develop mental depression for which he has had to seek medical treatment

Plaintiffs specifically reiterates her request for trial by jury of all claims herein, to the extent permitted by law.

  WHEREFORE, Plaintiff respectfully supplements and amends the Original Complaint in the foregoing respects, and she otherwise reiterates and reavers all of the allegations and prayers for relief contained therein.

RESPECTFULLY SUBMITTED:

**FRANK J. D'AMICO, JR., APLC**

BY: s/Frank J. D'Amico
FRANK J. D'AMICO, JR., T.A. (#17519)
AARON Z. AHLQUIST (#29063)
**FRANK J. D'AMICO, JR., APLC**
622 Baronne Street
New Orleans, LA 70113
Telephone:   (504) 525-7272
Fax:              (504) 525-952

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

s/Frank J. D'Amico
FRANK J. D'AMICO, #17519