UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION N-5<br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

THIS DOCUMENT IS RELATED TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT UNITED STATES OF AMERICA'S MOTION FOR A PROTECTIVE ORDER TO PREVENT PLAINTIFFS' DEPOSITION OF HARVEY E. JOHNSON, JR., FORMER FEMA DEPUTY ADMINISTRATOR AND CHIEF OPERATING OFFICER**

The United States of America ("United States") hereby submits this reply memorandum in support of its motion for a protective order pursuant to Fed. R. Civ. P. 26(c) to prevent Plaintiffs' deposition of Admiral Harvey E. Johnson, Jr., former Deputy Administrator and Chief Operating Officer for the Federal Emergency Management Agency ("FEMA").

In Opposition to the United States' Motion for a Protective Order, the Plaintiffs' Steering Committee ("PSC") does not dispute the case law that the United States cited holding that a former high-ranking government official is protected from deposition absent a showing of exceptional need. Nevertheless, the PSC maintains that the United States bears the burden of showing "exceptional circumstances" to prevent the deposition. (*See* PSC Opp. at 2-3). Significantly, the cases that PSC cites requiring the moving party to demonstrate "extraordinary circumstances" for a protective order did not involve the deposition of a high-ranking government official, but rather the depositions of company officials and a plaintiff. *See Salter v. Upjohn Co.,* 593 F.2d 649, 650-51 (5th Cir. 1991) (seeking to take deposition of Upjohn

president); *Prozina Shipping Co., Ltd. v. Thirty-Four Automobiles*, 179 F.R.D. 41, 47-48 (D. Mass. 1998) (seeking to take depositions of plaintiff company's officers); *Motsinger v. Flynt*, 119 F.R.D. 373, 378 (M.D.N.C. 1988) (plaintiff seeking to prevent his own deposition for health reasons).

Under the case law, the United States' initial burden is to show that the proposed deponent was a high-ranking official. Once the United States has met that burden, the burden shifts to the party seeking the deposition to show exceptional need. (*See* U.S. Br. at 3-6). This Court's decision in *Bolden v. FEMA*, No. 06-4171, 2008 WL 145098 (E.D. La. Jan. 14, 2008), is distinguishable because the United States could not meet its initial burden; the United States presented "no ***evidence***" and simply relied upon "conclusory statements concerning [the proposed deponent's] knowledge, responsibilities and status as a supposed high ranking official." *Id.* at *4 (emphasis original). Here, by contrast, the United States submitted evidence – a declaration from Admiral Johnson – demonstrating his status as a high-ranking government official. *See* Exh. 1 ¶¶ 1-2.[1]

Because the United States presented evidence that Admiral Johnson was a high-ranking government official, the PSC was required to show "exceptional need" for Admiral Johnson's deposition. In *Bolden*, the plaintiff demonstrated a need to take a FEMA official's deposition, given that another witness had identified the proposed deponent as the person "with knowledge" concerning certain FEMA adjustment practices. 2008 WL 145098, at *4. Here, PSC has not yet deposed David Garratt, Kevin Souza, or Michael Lapinski, individuals whom Admiral Johnson

---

[1] Contrary to the PSC's suggestion, it is not necessary that the United States submit testimony that has been subject to cross-examination to meet this burden. (*See* PSC Opp. at 3). As with any motion, the moving party can rely upon declarations or affidavits. *See* Fed. R. Civ. P. 56 (e).

has identified as having first-hand knowledge regarding FEMA's response to formaldehyde concerns. Exh. 1 ¶ 3. Until the PSC deposes these individuals it cannot credibly argue that there is exceptional need for Johnson's deposition. In analogous circumstances, this Court reserved ruling on the United States' Motion for a Protective Order to Prevent Depositions of FEMA counsel, Patrick Preston and Mary Martinet, until after PSC had taken the depositions of other individuals who had been involved in communications with FEMA counsel. [Docket No. 1755].

Here, the PSC has failed to show that Admiral Johnson has unique personal knowledge that cannot be obtained elsewhere. If the information that the PSC seeks is available through alternative sources, the Court should prohibit the deposition. *See Warzon v. Drew*, 155 F.R.D. 183, 185 (E.D. Wis. 1994); *L.D. Leasing Corp., Inc. v. Crimaldi,* No. 91-2430, 1992 WL 373732, at *1 (E.D. N.Y. Dec. 1, 1992). Here, it is the PSC that has made conclusory statements to support its argument, including: (1) as Chief Operating Officer, Admiral Johnson "is uniquely positioned to provide critical facts and information as to FEMA's policies and procedures relative to the agency's response to the formaldehyde crisis" (PSC Opp. at 3); (2) Admiral Johnson is "uniquely situated by title and position to testify as to FEMA's response to the public health crisis at issue," (PSC Opp. at 4); and (3) "[s]elf-evidently, [Admiral Johnson] is the only witness who can testify about FEMA's response to the crisis, as seen through the eyes and from the vantage of the Agency's Chief Operating Officer." (PSC Opp. at 6). A party could make similar conclusory statements about any high-ranking government official whose deposition it seeks. Every high-ranking government official is uniquely qualified to testify regarding his high government position and perspective. Yet, such circular reasoning cannot be sufficient to show exceptional need, particularly when other, lower-level employees can testify to the same matters.

Here, as Admiral Johnson testified, from his appointment in May 2006 through mid-May 2007, he had very limited personal involvement in FEMA's response to formaldehyde concerns. Exh. 1 ¶ 3. Kevin Souza and David Garratt were the FEMA employees primarily responsible for responding to concerns regarding formaldehyde in the Emergency Housing Units during this period. Exh 1 ¶ 3; Exh. 3 ¶¶ 4-5; Exh. 4 ¶¶¶1-2, 9-21. In mid-May 2007, Admiral Johnson appointed Michael Lapinski as FEMA official responsible for coordinating FEMA's assessment, response and communications with regard to formaldehyde concerns. Exh. 1¶ 3; Exh. 5 ¶ 1. Thus, any and all information that Admiral Johnson may possess regarding FEMA's response to formaldehyde concerns would be in the possession of either Garratt, Souza or Lapiniski. As the PSC has not deposed any of those individuals, there is presently no exceptional need for Admiral Johnson's deposition. Moreover, PSC has not addressed how its proposed examination would not "probe the mental processes" of a high-ranking government official, which is precisely what the Supreme Court sought to prohibit in *United States v. Morgan*, 313 U.S. 409, 422 (1941).[2]

## CONCLUSION

For the foregoing reasons, the Court should grant a Protective Order to prohibit Plaintiffs from deposing Harvey E. Johnson, Jr.

---

[2] PSC raises the specter of "thousands of notices of this same witness' deposition" filed in individual cases in different courts, before different judges, if this Court were to prevent Admiral Johnson's deposition here. (PSC Opp. at 5). This is nothing more than rank speculation as there is no guarantee that a PSC deposition of Admiral Johnson in this case would prevent other plaintiff's attorneys from seeking his deposition in other forums, or that a failure to allow the deposition would result any additional requests, let alone "thousands" of requests. More likely, a court order preventing Admiral Johnson's deposition here would likely deter other plaintiff's attorneys from seeking his deposition in light of such unfavorable precedent. Finally, the PSC's unfounded prediction is simply not relevant to the Court's determination under applicable law and wound not, in any event, justify the PSC's deposition of Admiral Johnson.

Dated:       June 24, 2009          Respectfully Submitted,

TONY WEST
Assistant Attorney General, Civil Division

J. PATRICK GLYNN
Director, Torts Branch, Civil Division

HENRY T. MILLER
Senior Trial Counsel

ADAM DINNELL
MICHELLE BOYLE
JONATHAN WALDRON
Trial Attorneys

//S// Adam Bain

ADAM BAIN (IN Bar No.11134-49)
Senior Trial Counsel
United States Department of Justice
Civil Division – Torts Branch
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044
Telephone No: (202) 616-4209
E-mail: adam.bain@usdoj.gov

Attorneys for the United States of America

OF COUNSEL:

JORDAN FRIED
Associate Chief Counsel
JANICE WILLIAM-JONES
Trial Attorney
FEMA/DHS