UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | : | MDL NO. 2:07-MD-1873 |
| | : | SECTION "N" (5) |
| THIS DOCUMENT IS RELATED TO: *All Cases* | : | JUDGE ENGELHARDT |
| | : | MAGISTRATE JUDGE CHASEZ |

*   *   *   *   *   *   *   *   *   *   *   *   *

**MANUFACTURED HOUSING DEFENDANTS'
MEMORANDUM IN OPPOSITION TO
PSC'S MOTION TO CERTIFY FOR INTERLOCUTORY REVIEW
PURSUANT TO 28 U.S.C. § 1292(b) THE COURT'S MAY 29, 2009 ORDER
DISMISSING PLAINTIFFS' CLAIMS BASED ON FEDERAL PREEMPTION
(Doc. 1813)**

MAY IT PLEASE THE COURT:

The Manufactured Housing Defendants oppose the PSC's motion to certify this Court's interlocutory order on federal preemption for immediate appeal (Doc. 1813) because there is no substantial difference of opinion with this Court's clearly correct application of federal preemption law in this case and an immediate appeal will not materially advance the termination of Plaintiffs' litigation against the Manufactured Housing Defendants. PSC has simply not met its burden of demonstrating the exceptional circumstances necessary for an interlocutory appeal.

**I.   The Court's Ruling on Preemption.**

This Court's specific ruling on the Manufactured Housing Defendants' motion to dismiss based on federal preemption was:

> Considering the foregoing, **IT IS ORDERED** that the **Manufacturing Housing Defendants' Joint Rule 12(b)(6) Motion to Dismiss Based on Federal Preemption (Rec. Doc. 1192)** is **GRANTED** only to the extent that any of Plaintiffs' state law claims which advance a standard of care that is different from (i.e., not identical to) the formaldehyde regulations in

> the HUD Code and the formaldehyde warning standard specifically set forth in 24 C.F.R. §3280.309(a) are dismissed. To be clear, Plaintiffs' other state law claims, particularly those that may involve violations of the HUD Code, remain viable and are not hereby dismissed.

(Doc. 1629.)

Accordingly, the Court's ruling on preemption does not terminate all of Plaintiffs' claims, but instead correctly establishes the proper legal standard against which the conduct of the Manufactured Housing Defendants must be measured.

## II.     The Standard of Review for Certification Under 28 U.S.C. § 1292(b).

> Before a district court may certify an order for interlocutory appeal, the moving party must demonstrate that the matter involves (1) a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order would materially advance the ultimate termination of the litigation. See 28 U.S.C. § 1292(b). See also *Complaint of L.L.P. & D. Marine, Inc.,* Nos. Civ. A. 97-1668, 97-2992, 97-3349, 1998 WL 66100, at * 1 (E.D.La. Feb.13, 1998) (explaining that the moving party bears the burden of "demonstrating the necessity of an interlocutory appeal"). An interlocutory appeal, however, is "exceptional" and assuredly does not lie simply to determine the correctness of a judgment." *Clark-Dietz & Assocs.-Eng'rs, v. Basic Constr. Co.,* 702 F.2d 67, 68, 69 (th Cir. 1983).

Order and Reasons, November 13, 2008 (Doc. 900); *In re FEMA Trailer Formaldehyde Products Liability Litigation,* 2008 WL 4923035 (E.D. La. 2008).

## III.    There is No Substantial Difference of Opinion With this Court's Correct Application of Federal Preemption in this Case.

This Court's ruling preserves Plaintiffs' state law claims based on standards identical to the federal HUD Code standards. The Order is detailed, well-reasoned, supported by overwhelming and binding authority and correctly applies state and federal law, as to which there is no substantial difference of opinion.[1]

---

[1] Undisputable authorities supporting the Court's order include:  42 U.S.C. § 5403(d) (state manufactured home standards not identical to the HUD Code are broadly and liberally preempted); 24 C.F.R. § 3282.11 (state manufactured home standards not identical to the HUD Code are preempted); 49 Fed. Reg. 31996 (August 9, 1984) (announcing HUD's formaldehyde standards for manufactured homes, specific rejection of ambient formaldehyde standards, adoption of wood product formaldehyde emission standards and

As described well by the Northern District of Texas:

[C]ourts have found substantial ground for difference of opinion where:

> A trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.

4 Am.Jur.2d *Appellate Review* sec. 128 (2005). But simply because a court is the first to rule on a question or counsel disagrees on applicable precedent does not qualify the issue as one over which there is substantial disagreement. *Id.* Nor does a party's claim that a district court has ruled incorrectly demonstrate a substantial disagreement. *Wausau Bus. Ins. Co. v. Turner Constr. Co.,* 151 F.Supp.2d 488, 491 (S.D.N.Y. 2001).

*Ryan v. Flowserve Corp.*, 444 F.Supp.2d 718, 723-24 (N.D.Tex. 2006).

Here, this Court's ruling is not contrary to the rulings of all Courts of Appeal, nor are the circuits in dispute on the question, nor is there even a split within the Fifth Circuit on the question. In fact, as demonstrated by this Court's ruling, the Fifth Circuit has already definitively answered the federal preemption question on Plaintiffs' state

---

important health notice and the expressed intent that its standards preempt state formaldehyde standards); Louisiana Uniform Standards Code for Manufactured Homes, La. R.S. 51:911.21, et seq. (adopting the HUD Code as the uniform standard applicable to manufactured homes in Louisiana); Texas Manufactured Housing Standards Act, TEX. OCC. CODE ANN. § 1201.001, et seq. (adopting the HUD Code as the uniform standard applicable to manufactured homes in Texas); Mississippi Uniform Standards Code for Factory Built Homes Law, MS. ST. § 79-49-1, et seq (adopting the HUD Code as the uniform standard applicable to manufactured homes in Mississippi); *Geier v. American Honda Motor Co.*, 529 U.S. 861, 868 (2000) (state standards of care imposed through common law claims that serve as an obstacle to federal regulatory objectives are preempted); *Macmillan v. Redman Homes, Inc.*,818 S.W.2d 87 (Tex. Ct. App. 1991) (plaintiffs' state law claims based on ambient air quality levels of formaldehyde preempted by federal manufactured housing laws and standards); *Redman Homes, Inc. v. Ivy*, 920 S.W.2d 664, 666 (Tex. 1996) (42 U.S.C. §5403(d) preempts state manufactured home construction and safety standards that differ from the federal law); *Liberty Homes, Inc. v. Department of Industry, Labor and Human Relations,* 374 N.W.2d 142, 155 (Wis. Ct. App. 1985) (42 U.S.C. §5403(d) nullifies state manufactured home ambient formaldehyde standards and formaldehyde warning standards inconsistent with HUD's standards); *Hall v. Fairmont Homes, Inc.*, 664 N.E.2d 546, 556 (Ohio Ct. App. 1995) (plaintiffs' state law, manufactured home formaldehyde exposure claims not preempted to the extent they are premised on violations of the federal regulations); *Woolridge v. Redman Homes. Inc.,* 792 F. Supp. 1469 (N.D.Tex.1991) (state law manufactured home deceptive trade claims not preempted based on the federal regulations which were adopted by the state); *Richard v. Fleetwood Enterprises, Inc.*, 4 F. Supp.2d 650, 657 (E.D. Tex. 1998) (plaintiffs' manufactured home formaldehyde exposure claims asserting violations of the well-established federal standards not preempted).

common law warnings claims. *Witty v. Delta Air Lines, Inc.*, 366 F.3d 380, 384-85 (5th Cir. 2004). The overwhelmingly uniform statutory and jurisprudential support within the Fifth Circuit for this Court's grant of federal preemption on the rest of Plaintiffs' state law theories clearly demonstrate that the Fifth Circuit would not treat them any different than Plaintiffs' warning claims.

In support of their contention that a "split of authority" exists on this Court's ruling on federal preemption, plaintiffs cite *Shorter v. Champion Home Builders,* 776 F.Supp. 333, 338 (N.D. Ohio 1999), *Mizner v. North River Homes, Inc.*, 913 S.W.2d 23 (Mo. Ct. App. 1995) and *Mahan v. Skyline Co.*, 916 S.W.2d 401 (Mo. Ct. App. 1996). None of these cases, however, hail from jurisdictions within the Fifth Circuit, none rely on Fifth Circuit jurisprudence, and none have ever been cited by the Fifth Circuit. To be clear, *Mizner* relies on *Shorter* and *Mahan* relies on *Mizner*, and their **specific** holdings have not been followed.[2]

Thus, "Plaintiff has not shown that there is substantial ground for difference of opinion within the Fifth Circuit in regards to this Court's preemption order, as required under § 1292(b)." *Pick v. American Medical Systems, Inc.*, 1996 U.S. Dist. LEXIS 7444, *3 (E.D. La. 05/28/96), citing *Clark-Dietz & Assocs.-Eng'rs, v. Basic Constr. Co.,* 702 F.2d 67, 69 (5th Cir. 1983).  Accordingly, there is no substantial ground for difference of opinion with this Court's correct application of federal preemption in this case, and Plaintiffs' motion to certify this Court's order granting preemption should be denied for this reason.

---

[2] Plaintiffs cite *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 867-68 (5th Cir. 2002) for the proposition that an interlocutory appeal should be granted to resolve a jurisprudential split of authority on the specific issue resolved by an order sought to be certified. However, the split of authority that justified immediate appeal in Grant was a split within the United States District Court for the Eastern District of Louisiana, specifically, and between the Eastern District and Middle District of Louisiana, generally.  No such split exists here.

### IV.     An Immediate Appeal of this Court's Ruling on Preemption Will Not Materially Advance the Ultimate Termination of this Litigation.

As advanced by PSC in its previously filed Opposition to Certain Defendants Motion to Reconsider Order Or, In the Alternative, To Certify for Interlocutory Appeal (Doc. 771), the requirement that the controlling question of law materially advance the ultimate termination of the litigation requires "**that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation**." See *McFarlen v. Conseco Services, LLC*, 381 F.3d 1251, 1255 (11th Cir. 2004) (emphasis added). Similarly, certification is proper only where an immediate review will "head off protracted, costly litigation. *Ahrenholz v. Bd. of Trustees*, 219 F.3d 674, 677 (7th Cir. 2000); *Clark-Dietz & Assoc.*, 702 F.2d 67 (5th Cir. 1983) ("Interlocutory appeals should be granted only in exceptional situations where allowing an appeal would avoid protracted and expensive litigation.").

Here, it is undisputed that this Court's ruling on preemption does not terminate all of Plaintiffs' claims against the Manufactured Housing Defendants.[3] It is equally clear that immediate review will in no way "head off costly litigation" nor will it "serve to avoid a trial or otherwise substantially shorten the litigation." Instead, this Court's ruling merely decides the correct standard of care applicable to Plaintiffs' state law claims. In sum, an interlocutory appeal will not serve to avoid bellwether trials in this matter if such trials are even necessary. Plaintiffs' requested appeal, rather, seeks only a new ruling on the standard of care that will be applied to existing claims at such trials. If any bellwether trial is ever appealed, the PSC will have full opportunity to raise the standard of care issue then if necessary.

---

[3] As evidenced by Plaintiffs' opposition to FEMA selling manufactured homes, and their ostensible intent to test them, Plaintiffs seem perfectly willing and able to move forward with their claims against the Manufactured Housing Defendants in spite of this Court's preemption ruling.

*Monroe v. Cessna Aircraft Company*, 2006 WL 1305116 (E.D. Tex. 05/09/06), is directly on point. In that case, Cesna Aircraft Company ("Cesna") requested the United States District Court for the Eastern District of Texas to certify for interlocutory appeal its order denying Cesna's motion to dismiss based upon federal preemption.[4] In denying Cesna's motion on the ground that an immediate appeal would not advance the ultimate termination of the litigation, the district court relied heavily on the fact that -- like here – regardless of the Fifth Circuit Court of Appeals position on the preemption issue, the plaintiffs still had viable claims before the district court:

> Depending on the Fifth Circuit's ruling in such a situation, it is possible that Plaintiffs' strict product liability claims would be preempted and dismissed. However, at a minimum, Plaintiffs' negligence claims would still be valid.

*Id.* at *4. In addition to still having pending, viable claims notwithstanding the appeal, the district court also found it important that the practical effect of the Fifth Circuit's ruling would be to decide which standard of care was applicable to plaintiffs' remaining claims -- a decision that would not lead to the ultimate termination of the case. *Id.* at *4-5.

Moreover, Plaintiffs provide no binding authority for their argument that this Court should certify its preemption ruling for interlocutory appeal in this situation. Rather, in support of their proposition that "a number of courts have recognized that district court decisions regarding the preemptive effect of federal law are appropriate for interlocutory appeal," Plaintiffs cite *Witty v. Delta Air Lines* -- a case where the interlocutory appeal had the chance to (and actually did) dispose of **all** claims before the district court, thus terminating the litigation. Here, an interlocutory appeal could have no such effect.

---

[4] Cesna moved to dismiss plaintiffs' claims on the grounds that Congress preempted the entire field of aviation safety and that, as a matter of law, plaintiffs could not make claims against Cesna based on state tort law.

Further, in their Motion to Certify for Interlocutory Appeal, Plaintiffs confuse judicial economy with materially advancing the ultimate termination of the litigation. The appropriate test for purposes of certification is whether "an immediate appeal from the order would materially advance the ultimate termination of the litigation." Order and Reasons, November 13, 2008 (Doc. 900). Here, it will not.

## V.   Conclusion

Because the PSC has failed to meet their burden to demonstrate any substantial ground for difference of opinion with this Court's correct application of federal preemption in this case and to show that an immediate appeal from the preemption decision would materially advance the ultimate termination of their litigation against the Manufactured Housing Defendants, their request for certification of the order granting federal preemption should be denied.

          **Respectfully submitted,**

          */s/ James K. Carroll*
          James K. Carroll
          One of the Attorneys for Manufactured Housing Defendants

**OF COUNSEL:**

Lee E. Bains, Jr.
Thomas W. Thagard, III
Josh Baker
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2616
Telephone:  (205) 254-1000
Fax:  (205) 254-1999

- and -

FOWLER RODRIGUEZ VALDES-FAULI
400 Poydras Street, 30th Floor
New Orleans, Louisiana 70130
Telephone: 504-523-2600

Fax: 504-523-2705

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 26, 2009, I electronically filed with the Clerk of Court the foregoing Opposition Memorandum by using the CM/ECF system, which will send a notice of electric filing to:

Gerald Edward Meunier - gmeunier@gainsben.com, dmartin@gainsben.com

Andrew D. Weinstock - andreww@duplass.com, caccardo@duplass.com, cmotes@duplass.com

Justin I. Woods - jwoods@gainsben.com, ssnyder@gainsben.com

Henry Thomas Miller - henry.miller@usdoj.gov, etl.files@usdoj.gov

David Kutz – dkurtz@bakerdonelson.com

I also certify that I have mailed by United States Postal Service this filing to the following non-CM/ECF participants:

Jeffery N. Luthi
One Columbus Circle, NE
Federal Judiciary Bldg., Room G-255
Washington, DC 20002

/s/ James K. Carroll
**James K. Carroll**