**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | |
|---|---|
| **IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION** | **MDL NO. 1873**<br><br>**SECTION "N-5"**<br><br>**JUDGE ENGELHARDT**<br><br>**MAG. JUDGE CHASEZ** |
| **THIS DOCUMENT IS RELATED TO:**<br>*Aldridge, et al. v. Gulf Stream Coach, Inc., et al.*<br>*No. 07-9228* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF MOTION TO FILE**
**THIRD SUPPLEMENTAL AND AMENDING COMPLAINT**

**MAY IT PLEASE THE COURT:**

Certain Plaintiffs in the Original Complaint now bring this memorandum in support of their Motion for Leave to File the Third Supplemental and Amending Complaint. On or about January 21, 2009, Plaintiffs filed their First Supplemental and Amending Complaint in the *Aldridge* matter which asserted claims and allegations against newly added defendants, including the United States of America through the Federal Emergency Management Agency ("FEMA"). At the time of filing, a number of Plaintiffs (attached as Exhibit "A" to the Third Supplemental and Amended Complaint) erroneously and incorrectly brought claims against FEMA that were unripe at the time of filing, but have since become ripe. As such, these now-ripe Plaintiffs bring

1

this Third Supplemental and Amending Complaint to simply re-assert and re-allege the identical claims and causes of action against FEMA.

Pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675, a plaintiff must exhaust all administrative remedies prior to bringing suit in court. The FTCA section 2675 states in pertinent part:

> An action shall not be instituted upon a claim against the United States for Money Damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employments, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. **The failure of the agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claims as may be deemed a final denial of the claim for purposes of this section.**

(emphasis added).

The issue of unripe filings under the FTCA was addressed by the United States Supreme Court in *McNeil v. United State*, 508 U.S. 106 (1993). *McNeil* was a case where an inmate brought an unripe claim under the FTCA. The Court discussed and held that a suit under the FTCA brought in Court prior to exhaustion of administrative remedies, was premature and therefore the court lacked jurisdiction to consider the suit.

Importantly, the *McNeil* Court also looked at the premature filing in the context of 28 U.S.C. § 2401(b), which states:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues **or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.**

(emphasis added).

The Court went on to articulate that "we assume that the Court of Appeals correctly held that nothing done by the petitioner after the denial of his administrative claim on July 21, 1989, constituted the commencement of a new action." 508 U.S. at 1983.

While *McNeil* sets the foundation for the requirement of exhaustion of administrative remedies prior to filing suit under the FTCA, subsequent rulings clarify this ruling in the context presented in the instant matter. The 10th Circuit Court of Appeals, in *Mires v. United States*, 466 F.3d 1208, 1211 (10 Cir. 2006), held:

> The estate suggests that *McNeil* forecloses the possibility of curing the lack of subject matter jurisdiction during a suit's pendency.
>
> We do not read *McNeil* so broadly. The Supreme Court expressly stated that it "assume[d] that…nothing done by petitioner after the denial of his administrative claim…constituted the commencement of a new action." *Id.* at 110, 113 S.Ct. 1980. That statement alone distinguishes this case from *McNeil*. After the IRS denied Mr. Goldman's refund claim, he sought permission to file – and, with the Government's consent and the district court's permission, did file – amended complaint that alleged completion of the jurisdictional prerequisites.

This clarification made by the 10th Circuit Court of Appeals in *Mires* should be persuasive in the instant case. Plaintiffs seek to cure the deficiency through the Third Supplemental and Amending Complaint which alleges the satisfaction of the exhaustion requirement and cures the lack of jurisdiction. Further, the certain Plaintiffs are within the six month time period articulated by 28 U.S.C. § 2401(b), as that period would not run until July 22, 2009 at the earliest – assuming that denial letters were issued on January 22, 2009.

While the certain Plaintiffs erroneously filed their claims against FEMA prematurely as they had failed to exhaust administrative remedies at the time of filing, the Third Supplemental and Amending Complaint remedies this by simply re-asserting and re-averring the claims and allegations asserted in the First Supplemental and Amending Petition. Further, there is no

increased burden placed upon any party by this re-assertion of now ripe claims.  Finally, pursuant to the rationale in *McNeil* and as developed by *Mires*, certain Plaintiffs should be allowed to amend their Complaint to timely bring their claims against FEMA.

    WHEREFORE, for the reasons articulated herein, Plaintiffs contend that the Motion for Leave to File the Third Supplemental and Amending Complaint is properly brought and should be allowed, and they pray that this Honorable Court grant their Motion and that the Third Supplemental and Amending Complaint be filed into the record.

    Respectfully submitted,

s/ Frank J. D'Amico, Jr.
FRANK J. D'AMICO, JR., T.A. (#17519)
AARON Z. AHLQUIST (#29063)
**FRANK J. D'AMICO, JR., APLC**
622 Baronne Street
New Orleans, LA 70113
Telephone:    (504) 525-7272
Fax:             (504) 525-9522
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

    I hereby certify that on June 26, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

s/Frank J. D'Amico Jr.
FRANK J. D'AMICO JR. #17519