UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER            MDL NO. 07-1873
     FORMALDEHYDE PRODUCTS
     LIABILITY LITIGATION

SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

## **ORDER AND REASONS**

Before the Court is the Defendant United States of America's Motion for a Protective Order to Prevent Plaintiffs' Deposition of Harvey E. Johnson, Jr., Former FEMA Deputy Administrator and Chief Operating Officer (Rec. Doc. 1756). After considering this motion, the opposition filed by the Plaintiffs' Steering Committee ("PSC") (Rec. Doc. 1829), and the reply memorandum filed by the Government (Rec. Doc. 1872), the Court concludes that ruling on this motion shall be deferred and the matter taken under advisement, subject to revisiting after the completion of the depositions of the following three individuals: Kevin Souza, David Garratt, and Michael Lapinski. Following the completion of these depositions, the Court will allow the parties to supplement their memoranda, keeping the following in mind.

After reading the memoranda of the parties, the Court generally agrees with the

PSC's position that when faced with a motion to dismiss that seeks the complete dismissal of numerous claims, it should be allowed to obtain critical discovery in an attempt to counter evidence upon which that dismissal is based. Whether the discovery sought (here: the deposition of Admiral Johnson) is "critical" is the issue.

This Court has previously determined that "there may be actionable conduct committed by FEMA for a window of time starting no later than March 2006 until some time thereafter (when FEMA's actions begin to fall within the discretionary function exception)." (Rec. Doc. 717, p. 42). Admiral Johnson declares that while he had limited personal involvement in FEMA's response to issues associated with the presence of formaldehyde in emergency housing units ("EHUs") from May 2006 through mid-May 2007, he admits becoming "more involved with the issues" in mid-May 2007 as awareness of formaldehyde-related issues with EHUs increased. (Exhibit 1 to Rec. Doc. 1756, p. 4). Further, Lapinski's Declaration indicates that from August 2007[1] to June 2008, he was the official responsible for coordinating FEMA's response to formaldehyde concerns in EHUs. During this time, he reported to Admiral Johnson. (Exhibit 5 to Rec. Doc. 1756, p. 1). Thus, there may be a relevant time period (perhaps mid-May 2007 - August 2007) in which Admiral Johnson's testimony would be critical to issues raised in the Government's pending motion to dismiss (See Rec. Doc. 1545). Allowing for the

---

[1] In its Reply Memorandum, the Government states, "[i]n *mid-May 2007*, Admiral Johnson appointed Michael Lapinski as FEMA official responsible for coordinating FEMA's assessment, response and communications with regard to formaldehyde concerns." (Rec. Doc. 1872, p. 4, emphasis added). This contradicts the sworn statements of both Admiral Johnson and Lapinski, stating that Lapinski was not appointed until *August 2007*. (See Exhibit 1 to Rec. Doc. 1756, p. 3; Exhibit 5 to Rec. Doc. 1756, p. 1)

completion of the depositions of Souza, Garratt, and Lapinski, followed by the submission of supplemental memoranda on these issues will better enable the Court to make a determination on whether the deposition of Admiral Johnson is necessary.

New Orleans, Louisiana, this 24th day of June, 2009.

_____
**KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE**