UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER * | MDL NO. 1873 |
| FORMALDEHYDE * | |
| PRODUCTS LIABILITY * | |
| LITIGATION * | SECTION: N(5) |
| * | |
| This Document Relates to: *Charlie Age, et al. v.* * | JUDGE: ENGELHARDT |
| *Gulf Stream Coach Inc., et al*, Docket No. 09-2892 * | |
| * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**GULF STREAM COACH, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO WITHDRAW CERTAIN STATEMENTS MADE IN THE MOTION TO EXCLUDE THE TESTIMONY OF LILA LAUX**

**MAY IT PLEASE THE COURT:**

Gulf Stream Coach, Inc. respectfully submits the following Memorandum in Support of its Motion to Withdraw Certain Statements made in its Motion *in Limine* to Exclude Expert Testimony of Lila F. Laux, Ph.D.

**I.     BACKGROUND**

Recently, Gulf Stream Coach, Inc. filed a Motion in Limine to exclude the testimony of Lila Laux, Ph.D. ("Laux") as a human factors/warnings expert in this case (Rec. Doc. 1753). In the Memorandum in Support, Gulf Stream Coach, Inc. argued that since Laux failed to provide citations to the sources of certain of her opinions, those opinions should be excluded. (Rec. Doc. 1753-2, at pp. 11-13).

Since Gulf Stream Coach, Inc. filed its motion *in limine* to exclude the testimony of Laux, Laux has provided certain source information according to the agreement reached during the deposition.

Therefore, Gulf Stream Coach, Inc. moves the Court to withdraw certain statements found in its Memorandum in Support of Gulf Stream Coach Inc.'s Motion *in Limine* to Exclude

1

the Testimony of Laux. Specifically, Gulf Stream Coach, Inc. moves the Court to withdraw the following statements made in Section II (B)(2) of the memorandum:

> "In addition, Laux does not provide citations for any of the twenty-two opinions in her report and those opinions beyond her expertise must be excluded. Laux was specifically asked to identify the source of many of her opinions incorporating conclusions beyond her expertise. She frequently responded that it was in her reliance material and that she would locate the source. In light of the seven-hour time limit imposed on the deposition, Gulf Stream Coach, Inc. was unwilling to allow the unprepared witness to exhaust deposition time in an attempt to locate the sources for her opinions. Rather, an agreement was memorialized on the record that the witness would provide the citations following a written request after the deposition:
>
> Q. (By Mr. Glass) Before we get started back up, I want to -- I'm going to lose track of the things that I've requested here, and I may have some additional things I want to request. You're telling me, on any request for documentation that -- that I brought up, I need to shoot that to Chris, and then we'll work on getting that?
>
> A. That's my understanding, that that's the appropriate way to do things.
>
> Q. Okay. Things -- just to make sure it's on the record and keeping track --
>
> MR. GLASS: And if you want to take note of it, Chris, because it'll be coming as soon as I can get it to you.
>
> Q. (By Mr. Glass) -- I would like to see the article that you wrote on the MSDS that you provided to the ATS.
>
> A. If I can get it.
>
> Q. I understand. The course material that you use up at University of Wisconsin, Madison.
>
> A. Which year? I've been doing it for 15 years, so there's 30.
>
> Q. Your most recent --
>
> A. Okay.
>
> Q. -- course material. The -- see, I've already forgotten some of it.

A.   I'll have to check with them to make sure, because it's copyrighted by them, but I don't think there'll be any problem.

Q.   Well, if you need me to do it in the form of subpoenas, so we can avoid any copyright issues, I'll do that, but --

A.   I don't think that'll be necessary, but if so, I'll let you know.

Q.   And then I think you mentioned that you drafted a prototype warning for a travel trailer, and I understand it involved the stove for --

A.   It was for the stove. I think I did. I know I wrote a report, and I think I used it.

Q.   Well, I would -- if you've written a warning specific for that, I would like to see that as well. Gosh, there was something else too. It'll come back to me. Oh, I know, it was -- it'll be the source materials for some of the medical opinions that I was asking you about.

MR. PINEDO:  If you could be specific on that, which medical opinions?

MR. GLASS:  I -- I will -- I will point it out specifically to you. But she indicated, I believe, that she didn't know, off the top of her head, but she could go back and look and see where they came from. And I'll tell you exactly which opinions.

MR. PINEDO:  Okay.

Despite a subsequent written request for the source citations, Plaintiffs, trying to play a game of "gotcha" **denied** that they made the agreement memorialized above. Plaintiffs refused to provide the sources of Laux's opinions that are admittedly outside of her expertise, arguing that Gulf Stream Coach, Inc. should have explored these opinions during the deposition. Exhibit "E," e-mail. Presumably, Laux is unable to supply the sources of her opinions, resulting in the Plaintiffs' breach of the agreement.[1] Gulf Stream Coach, Inc. respectfully suggests that if an expert witness is unprepared or unable to cite to the sources of her opinions outside of her expertise that lack citations in the expert's written report, then the opinions are inherently unreliable and unable to be tested and should be excluded for that reason alone. Moreover, if Laux refuses

---

[1]   The failure of an expert to provide authority upon which an opinion is based amounts to no more than an opinion devoid of scientific or other corroborative support and, thusly, is nothing more than unsupported speculation.

3

to indentify the sources of her medical opinions as agreed during the deposition, those opinions certainly should be excluded."

Gulf Stream Coach, Inc. requests that the aforementioned statements be withdrawn from Section II (B)(2) (Rec. Doc. 1753-2, pp. 11-13) of its Memorandum in Support of Motion i*n Limine* to Exclude the Testimony of Laux.  The above statements, however, are the only statements that are being withdrawn.  The remainder of Gulf Stream Coach, Inc.'s Memorandum in Support of Motion *in Limine* to Exclude the Testimony of Laux is not withdrawn, as Dr. Laux's opinions are not based on reliable scientific methodology, are outside of her area of expertise, are not relevant and would not assist a trier of fact, and they should be excluded under *Daubert* and its progeny.  These reasons are more fully explained in Gulf Stream Coach, Inc.'s memorandum in support of its Motion *in limine* to Exclude the Testimony of Lila Laux, Ph.D.

          Respectfully submitted,

          **DUPLASS, ZWAIN, BOURGEOIS,**
          **PFISTER, & WEINSTOCK**

          s/Andrew D. Weinstock
          _____
          **ANDREW D. WEINSTOCK #18495**
          **JOSEPH G. GLASS #25397**
          3838 N. Causeway Boulevard, Suite 2900
          Metairie, Louisiana 70002
          Telephone: (504) 832-3700
          Fax: (504) 837-3119
          andreww@duplass.com
          jglass@duplass.com
          *Counsel for Defendant, Gulf Stream Coach, Inc.*

and

**SCANDURRO & LAYRISSON**
**Timothy D. Scandurro #18424**
**Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
Telephone: (504) 522-7100
tim@scanlayr.com
dewey@scanlayr.com

## C E R T I F I C A T E

    I hereby certify that on the 29th day of June, 2009, a copy of the foregoing Memorandum in Support of Gulf Stream Coach, Inc.'s Motion to Withdraw Statements Made in Motion in Limine to Exclude Expert Testimony of Lila F. Laux, Ph.D. was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

                      s/Andrew D. Weinstock
                 _____
                 ANDREW D. WEINSTOCK #18495
                    andreww@duplass.com