UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION:  N(5) |
| | * | |
| This Document Relates to:  *Charlie Age, et al. v.* | * | JUDGE: ENGELHARDT |
| *Gulf Stream Coach Inc., et al*, Docket No. 09-2892 | * | |
| | * | MAG: CHASEZ |

**************************************************************************

## OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

On June 22, 2009, the Plaintiff, Alana Alexander, filed a Motion to Compel Defendant, Gulf Stream Coach, Inc. ("Gulf Stream"), to answer certain discovery requests the Plaintiff propounded in April and May. Specifically, the Plaintiff has asked for electronically stored information, various purchase orders and invoices, and several depositions. (Doc. No. 1821-2, p. 2—4). Gulf Stream now appears to oppose the plaintiff's motion on the basis that it has already searched and obtained the documents the Plaintiff seeks, and the request to perform the same search over again places an undue burden and cost on Gulf Stream. Gulf Stream submits that if it must perform the search again, the Plaintiff should bear the cost of that search. Additionally, Gulf Stream asserts that the Plaintiff is not entitled to the depositions she has moved to compel.

**I. Gulf Stream has already provided the Plaintiff with the information she has requested.**

In her Motion to Compel, the Plaintiff argued that although Gulf Stream has produced a number of emails to the Plaintiff, Gulf Stream has failed to produce any "other" electronically stored information. (Doc. No. 1821-2, p. 2—4). Gulf Stream submits that this Court should not compel the production of additional electronically-stored information because Gulf Stream has already searched for the information requested by the Plaintiff and produced the documents it

found as part of the search. On February 14, 2008, Gulf Stream received a request from the U.S. House of Representatives Committee on Oversight and Government Reform for information concerning the Emergency Housing Units ("EHUs") Gulf Stream manufactured and sold to FEMA in the wake of Hurricanes Katrina and Rita. *See* Affidavit of Elizabeth A. Ganiere, ¶ 4, attached as Exhibit "A." In preparation to respond to that request, Assistant General Counsel Elizabeth Ganiere searched the desktop and notebook computers of several Gulf Stream executives and employees, including Philip S. Sarvari, Daniel Shea, Brian Shea, James F. Shea, and Scott Pullin. *Id*. ¶¶ 5, 7. In addition to searching those computers, counsel searched for other electronic information contained in active, archived and deleted records. *Id*. ¶ 6. The search, which ran from August 2005 to June 2008, sought any records that included the words "FEMA," "Katrina," "THUs" (Temporary Housing Units), "FEMA trailers," "formaldehyde," "LFE" (low-formaldehyde emitting), and "LE" (low-emitting). *Id*. Additionally, counsel – in response to discovery propounded in this litigation – reviewed and provided pertinent documents and data from prior electronic searches she conducted on various Gulf Stream employees' computers. *Id*. ¶ 8.

Considering the exhaustive search that Gulf Stream has already undertaken, it respectfully submits that it has searched for and produced the same documents the Plaintiff now requests. It has searched all relevant computers using relevant search terms, and it has done so not only in response to the requests of Congress but also in response to the discovery requests of this Plaintiff.[1] Because the search has already been performed, another search made at the request of the Plaintiff would be duplicative. Under the Federal Rules of Civil Procedure, the

---

[1]     While Gulf Stream concedes that at one point in the litigation it agreed to perform a word search as the Plaintiff described in her Motion, (Doc. No. 1821-2, p. 3), it realized after reviewing the scope of what was done by Assistant General Counsel Ganiere that a second search would be needlessly duplicative.

court must limit the frequency or extent of discovery if it determines that the discovery sought is unreasonably cumulative or duplicative. Fed. R. Civ. P. 26(b)(2)(C)(i). This is a textbook example of such duplication, and the Court should deny the Plaintiff's attempts to engage in it.

Gulf Stream also points out that it has now responded to the Plaintiff's request for purchase orders, invoices and packing slips. The Plaintiff was told that Gulf Stream would need time to compile the newly requested 2004 information, but evidently grew anxious and filed this Motion anyway. Those documents were produced on Friday, June 26, 2009, and were Bates labeled GULF0005688 to GULF0006670. As to this issue, the Motion to Compel is moot.

**II. The Plaintiff should pay the cost of the search because a second search would impose an undue burden and cost on Gulf Stream.**

Another issue that the Plaintiff addressed in her Motion to Compel was the question of who should pay for another search if it is ordered. The Plaintiff correctly pointed out that a party is not bound to produce electronically stored information if undue burden or cost would make the information not reasonably accessible. *Id.* 26(b)(2)(B). She nevertheless argued that there is a presumption that the responding party must bear the expense of complying with discovery requests. However, "if the responding party asks the court for an order protecting it from 'undue burden or expense,' the court may shift the costs to the non-producing party, rather than just disallowing the requested discovery." *Wiginton v. CB Richard Ellis, Inc.*, 229 F.R.D. 568, 572 (N.D. Ill. 2004). The burden is on the responding party to show that the cost and/or burden are undue. *See Mikron Indus. v. Hurd Windows & Doors, Inc.*, 2008 WL 1805727, *1 (W.D. Wash. April 21, 2008); Fed. R. Civ. P. 26 advisory committee's note 2006 amendment, section (b)(2).

Contrary to the Plaintiff's claims in her Motion to Compel, the instances in which information is "not readily accessible" are not limited to information located on a back-up tape or data that needs to be restored. (Doc. No. 1821-2, p. 6). Under the Federal Rules of Civil

Procedure, the inaccessibility is based on whether the responding party would experience an undue burden or cost. *See Semsroth v. City of Wichita*, 239 F.R.D. 630, 637 (D.Kan. 2006). The burden or expense is undue when it outweighs the likely benefit of production, "taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *Zubulake v. UBS Warburg, L.L.C.*, 217 F.R.D. 309, 318 (S.D.N.Y. 2003).

Gulf Stream submits that the burden and cost of performing another search – one that Gulf Stream has already substantially performed – are plainly undue. Elizabeth Ganiere, Assistant General Counsel for Gulf Stream, has discussed the extent of Gulf Stream's original search and production of documents. Gulf Stream has already paid its consultant, who was retained to evaluate and preserve electronic data of various computers and servers in response to the Congressional inquiries and this litigation, over $45,000. *See* Exhibit A, ¶ 9. If Gulf Stream were made to perform another search, it would necessarily duplicate the cost as well as the significant manpower it expended during the first search. More importantly, a new search would not be reasonably calculated to produce any significant information not already produced and known to the Plaintiff. The burden and cost are undue, especially in light of the fact the Gulf Stream has already made a thorough, reasonable search. Thus, Gulf Stream asks this Court, if it sees fit to order this second search, to shift the costs onto the Plaintiff.

### III. The Plaintiff is not entitled to depose the individuals she lists in her Motion to Compel

In the Plaintiff's Motion to Compel, she asks the Court to order Gulf Stream to produce twelve Gulf Stream employees for depositions. This request is objectionable for several reasons.

First of all, a party may only depose ten persons without leave of court. Fed. R. Civ. P. 30(a)(2)(A)(i). In accordance with that rule, Judge Kurt D. Engelhardt stated at the Court's status

conference of March 20, 2009, that he would not unilaterally allow for more than ten depositions and would only allow additional depositions for good cause shown. Instead of seeking that leave, the Plaintiff filed this Motion to Compel, effectively seeking an end-around of Judge Engelhardt's comments. In addition to its impermissibility under the Federal Rules, this request is an express contravention of the Court's instructions.

Second, the Plaintiff asserts that she has only taken two depositions in addition to Gulf Stream's 30(b)(6). In fact, the Plaintiff has already deposed four other Gulf Stream employees and taken a multiple-witness 30(b)(6) deposition of Gulf Stream. *See* Notices of Deposition for Brian Shea, Dan Shea, Scott Pullin, and Burl Keel, attached *in globo* as Exhibit "B." Thus, not only does the Plaintiff's request in and of itself violate the 10-person limit in the Federal Rules of Civil Procedure, it also fails to take into account the five depositions the Plaintiff has already taken. Furthermore, the Plaintiff has asked for <u>seven</u> depositions of FEMA witnesses and <u>nine</u> depositions of Fluor employees. *See* email correspondence from Henry Miller, U.S. Dept. of Justice, to Justin Woods, Plaintiff's Steering Committee, dated June 24, 2009, attached as Exhibit "C"; email correspondence from Belinda Damerow, Legal Assistant to Robert Hilliard of the Plaintiffs' Steering Committee, to Charles Penot, counsel for Fluor Enterprises, dated May 14, 2009, attached as Exhibit "D." Without once asking for leave, and after being specifically instructed that the Court was not going to raise the 10-person limit without a showing of good cause, the Plaintiff has nevertheless asked to depose nearly 30 individuals in this case.

Finally, the Plaintiff has already requested the depositions of three of the individuals it listed in the Motion to Compel – Eddie Abbott, Jeff Zumbrum, and a receiving agent at Gulf Stream's plant 57 in December 2004. *See* email correspondence from Anthony Buzbee, Plaintiff's Steering Committee, to Andrew Weinstock, Defense Liaison Counsel, dated June 3,

2009, attached as Exhibit "E." In response, Gulf Stream informed the Plaintiff that it would produce those individuals for depositions after it provided the invoices and purchase orders that the Plaintiff had requested. *See* email correspondence from Andrew Weinstock, Defense Liaison Counsel, to Anthony Buzbee, Plaintiff's Steering Committee, dated June 5, 2009, attached as Exhibit "F." Gulf Stream wished to complete the document production in advance of the depositions so that it would not have to leave open any of the requested depositions. *See id*. To that end, counsel for Gulf Stream informed opposing counsel that it was working on the request for invoices and purchase orders, and after the documents were produced the parties could discuss scheduling for the depositions.[2] Then, without any notice whatsoever, the Plaintiff simply requested that the Court order Gulf Stream to make them available for depositions. The Plaintiff never submitted its request to depose the other nine individuals to Gulf Stream and never addressed the issue in any sort of discovery conference. Instead of waiting for that information, the Plaintiff chose to file this Motion in an attempt to force depositions that she is not otherwise entitled to. The Motion to Compel was not the proper forum to make this request.

## IV. Conclusion

For these reasons and the others stated above, Defendants herein ask this Honorable Court to deny the Plaintiff's Motion to Compel Discovery, or if it sees fit to order the production, to concurrently shift the cost of that production onto the Plaintiff. It also requests that this Court

---

[2]     *Id*. As the Court is aware, those documents have now been produced.

deny the Plaintiff's request to order Gulf Stream to produce the twelve individuals for depositions.

Respectfully Submitted:

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK #18495
JOSEPH G. GLASS #25397**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON
Timothy D. Scandurro #18424
Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

## C E R T I F I C A T E

I hereby certify that on the 29th day of June, 2009, a copy of the foregoing Opposition to Plaintiff's Motion to Compel Discovery was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495
andreww@duplass.com