UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER  
      FORMALDEHYDE PRODUCTS  
      LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N"  (5)

THIS DOCUMENT RELATES TO  
Member Case no. 09-2977

## ORDER AND REASONS

Before the Court is the Motion for Protective Order Regarding Retesting of Plaintiff's Temporary Housing Unit by Defendants Forest River, Inc. and Shaw Environmental, Inc. (Rec. Doc. 1805).  In this motion, the Forest River, Inc. and Shaw Environmental, Inc. (collectively, "the movants"), request that this Court issue an order preventing the Plaintiffs' Steering Committee ("PSC") from re-testing the housing unit occupied by Plaintiff Lyndon Wright ("Wright").  In the event that this Court allows such testing to occur, the movants alternatively request that the testing protocol (Exhibit A to Rec. Doc. 1805) be limited and modified in several ways. After considering the memoranda of the parties,

**IT IS ORDERED** that the **Motion for Protective Order Regarding Retesting of Plaintiff's Temporary Housing Unit by Defendants Forest River, Inc. and Shaw Environmental, Inc. (Rec. Doc. 1805)** is **GRANTED IN PART AND DENIED IN PART** as expressly stated herein.  This Court will allow the PSC to re-test this housing unit; however, the

proposed testing protocol shall be limited/modified in the following ways:

(1) Defendants (and their experts) shall be allowed complete access to the Wright housing unit to perform comparative studies relating to any and all testing performed by the PSC.

(2) No mold testing shall be permitted.

(3) The PSC shall immediately describe to Defendants exactly what it intends with regard to "jacking" the housing unit, so that Defendants may evaluate whether the tools and methods reasonably simulate the tools and methods actually used in the field.

(4) Defendants (and their experts) should be allowed access to the housing unit to perform their own testing at appropriate intervals following the PSC's examination.

The Court notes that while this Order and Reasons seems to conflict with its previous decisions at Rec. Docs. 1493 and 1547, the purpose of the bellwether trials is to test the claims of plaintiffs and the defenses of the defendants based on the evidence presented to successive juries. In a previous telephone conference, this Court stated that it intended to allow additional (even destructive) testing in at least one bellwether trial. The *Wright v. Forest River* bellwether trial shall serve that purpose.

New Orleans, Louisiana, this 30th day of June, 2009.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**