HENRY A. WAXMAN, CALIFORNIA
  CHAIRMAN

TOM LANTOS, CALIFORNIA
EDOLPHUS TOWNS, NEW YORK
PAUL E. KANJORSKI, PENNSYLVANIA
CAROLYN B. MALONEY, NEW YORK
ELIJAH E. CUMMINGS, MARYLAND
DENNIS J. KUCINICH, OHIO
DANNY K. DAVIS, ILLINOIS
JOHN F. TIERNEY, MASSACHUSETTS
WM. LACY CLAY, MISSOURI
DIANE E. WATSON, CALIFORNIA
STEPHEN F. LYNCH, MASSACHUSETTS
BRIAN HIGGINS, NEW YORK
JOHN A. YARMUTH, KENTUCKY
BRUCE L. BRALEY, IOWA
ELEANOR HOLMES NORTON,
  DISTRICT OF COLUMBIA
BETTY McCOLLUM, MINNESOTA
JIM COOPER, TENNESSEE
CHRIS VAN HOLLEN, MARYLAND
PAUL W. HODES, NEW HAMPSHIRE
CHRISTOPHER S. MURPHY, CONNECTICUT
JOHN P. SARBANES, MARYLAND
PETER WELCH, VERMONT

ONE HUNDRED TENTH CONGRESS

# Congress of the United States
## House of Representatives

COMMITTEE ON OVERSIGHT AND GOVERNMENT REFORM

2157 RAYBURN HOUSE OFFICE BUILDING

WASHINGTON, DC 20515–6143

MAJORITY   (202) 225-5051
FACSIMILE  (202) 225-4784
MINORITY   (202) 225-5074

www.oversight.house.gov

TOM DAVIS, VIRGINIA,
  RANKING MINORITY MEMBER

DAN BURTON, INDIANA
CHRISTOPHER SHAYS, CONNECTICUT
JOHN M. McHUGH, NEW YORK
JOHN L. MICA, FLORIDA
MARK E. SOUDER, INDIANA
TODD RUSSELL PLATTS, PENNSYLVANIA
CHRIS CANNON, UTAH
JOHN J. DUNCAN, JR., TENNESSEE
MICHAEL R. TURNER, OHIO
DARRELL E. ISSA, CALIFORNIA
KENNY MARCHANT, TEXAS
LYNN A. WESTMORELAND, GEORGIA
PATRICK T. McHENRY, NORTH CAROLINA
VIRGINIA FOXX, NORTH CAROLINA
BRIAN P. BILBRAY, CALIFORNIA
BILL SALI, IDAHO
JIM JORDAN, OHIO

June 4, 2008

Mr. Brian Shea
President
Gulf Stream Coach, Inc.
503 South Oakland Avenue
Nappanee, IN 46550

Dear Mr. Shea:

    I am writing to request your testimony at a hearing on Thursday, July 10, 2008, at 10:00 a.m. in Room 2154 Rayburn House Office Building. This hearing will examine the elevated levels of formaldehyde found in the travel trailers the Federal Emergency Management Agency (FEMA) provided to victims of the Gulf Coast hurricanes of 2005.

    On February 29, 2008, the Centers for Disease Control and Prevention (CDC) released its "Interim Findings on Formaldehyde Levels in FEMA-Supplied Travel Trailers, Park Models, and Mobile Homes."[1] The interim report showed that formaldehyde levels in many of the travel trailers, park models, and mobile homes FEMA provided to victims of the Gulf Coast hurricanes of 2005 are at such high levels they are a health risk to the individuals and families residing in them.[2] Based upon its findings, CDC recommended that FEMA immediately begin relocating victims of the Gulf Coast hurricanes still living in FEMA-supplied travel trailers, park models, and mobile homes.[3]

    FEMA-supplied travel trailers manufactured by Gulf Stream Coach, Inc., were among those tested by CDC that had "statistically significantly higher levels of formaldehyde" than other travel trailers.[4] The results showed that 56% of the tested Gulf Stream travel trailers had

---

[1] Centers for Disease Control and Prevention, *Interim Findings on Formaldehyde Levels in FEMA-Supplied Travel Trailers, Park Models, and Mobile Homes* (Feb. 29, 2008) (online at www.cdc.gov/features/fematrailersfindings/pdf/interim_findings.pdf).

[2] *Id.*

[3] *Id.* at 18.

[4] *Id.* at 10.


EXHIBIT A

Mr. Brian Shea
June 4, 2008
Page 2

levels of formaldehyde higher than 100 parts per billion (ppb).[5] This is the level at which the Environmental Protection Agency has stated adverse health effects become apparent.[6] And it is significantly above the 16 ppb level recommended by the National Institute of Occupational Safety and Health for exposure to formaldehyde in a workplace over an 8-hour period.[7]

At the hearing, you should be prepared to address this CDC report. You should also be prepared to testify about why elevated levels of formaldehyde were found in the travel trailers your company manufactured.

As you know, I initially requested information from Gulf Stream on February 14, 2008. Gulf Stream has worked with the Committee to produce documents responsive to that request. In preparation for this hearing, I ask that you also provide the following documents to the Committee:

1. Documents sufficient to show (a) how many Gulf Stream travel trailers have been sold in each of the last eight years, (b) how much revenue the sale of these travel trailers generated for Gulf Stream each year, (c) how many were purchased by FEMA, whether directly or through a distributor, following the Gulf Coast hurricanes of 2005, and (d) how much revenue the sale of these travel trailers to FEMA, whether to FEMA directly or through a distributor, generated for Gulf Stream.

2. Documents sufficient to show the compensation provided to Gulf Stream's Chief Executive Officer and President for each of the last eight years, including salary, bonuses, stock options, and all other forms of compensation.

3. Documents sufficient to show (a) whether Gulf Stream ever received complaints or concerns about formaldehyde from employees tasked with assembling travel trailers, and (b) whether it received complaints or concerns in 2005 or 2006, and if so, Gulf Stream's response to the complaints.

4. Documents sufficient to show (a) whether Gulf Stream received complaints about formaldehyde or a strong odor from displaced residents of the Gulf Coast hurricanes living in FEMA-supplied Gulf Stream travel trailers, (b) the number of complaints it received, and (c) its response to the complaints.

---

[5] *Id.* at 13.

[6] Environmental Protection Agency: An Introduction to Indoor Air Quality (online at www.epa.gov/iaq/formalde.html) (Accessed on June 2, 2008).

[7] National Institute for Occupational Health and Safety, *NIOSH Pocket Guide to Chemical Hazards* (NIOSH Publication No. 2005-149) (Sept. 2005).

Mr. Brian Shea
June 4, 2008
Page 3

5.  Documents sufficient to show (a) when Gulf Stream first learned about the public health concerns related to the levels of formaldehyde in the Gulf Stream travel trailers FEMA supplied to displaced residents of the Gulf Coast, (b) how it learned this information, and (c) Gulf Stream's response to the information.

Please provide the Committee with the requested documents by Wednesday, June 18, 2008.

The Committee on Oversight and Government Reform is the principal oversight committee in the House of Representatives and has broad oversight jurisdiction as set forth in House Rule X. An attachment to this letter provides additional information about how to respond to the Committee's request. Information for witnesses appearing before the Committee is contained in the enclosed Witness Information Sheet.

If you have any questions concerning this request, please contact Erik Jones of the Committee staff at (202) 225-4407.

Sincerely,

Henry A. Waxman
Chairman

Enclosures

cc: Tom Davis
    Ranking Minority Member