UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) ) | MDL NO. 07-1873 |
| | | SECTION "N-5" |
| | | JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO: *Daigre, et al. v. Giles Family Holdings, Inc., et al.,* No. 09-3721 | | Magistrate Judge Alma L. Chasez |

**FEDERAL RULE OF CIVIL PROCEDURE 12(B) PRESERVATION LIST**

NOW INTO COURT, through undersigned counsel, come Defendants Giles Family Holding, Inc., Giles Industries, Inc., and Giles Industries of Tazewell, Incorporated (the "Defendants")[1], and, pursuant to Pre-Trial Order Number 4 (Rec. Doc. 130), and without prejudice to their right to assert any other allowable preliminary motions, pleadings, dispositive motions or affirmative defenses in this or any other case in which they are subsequently named and properly served, submit for preservation the following specific Federal Rule of Civil Procedure Rule 12(b) dismissal grounds ("Preservation List") as they relate to *Daigre, et al., v. Giles Family Holdings, Inc., et al..,* 09-3721 (the "*Daigre* Complaint"):

1. Article III Standing: Plaintiffs have failed to satisfy their burden of establishing Article III standing against the Defendants, and thus this Court does not have subject matter jurisdiction over Plaintiffs' claims against the Defendant.

2. 12(b)(6) - Plaintiffs' state law claims are barred by preemption.

---

[1] The *Daigre* Complaint purports to state a claim against "Giles Family Holdings, Inc. and/or Giles Industries, Inc., and/or Giles Industries of Tazewell, Incorporated." Defendants object to this shot-gun pleading to the extent in purports to state distinctively a claim against any of the Defendants. (*See* Doc. Nos. 295-2, 379, and 541). Moreover, there is no such entity as Giles Industries of Tazewell, Incorporated.

3.  12(b)(6) - Failure to state a claim upon which relief can be granted inasmuch as no claimant has specifically claimed any current injury, but rather has generally claimed non-specific and unspecified current and future injury.

4.  12(b)(6) - Failure to state a claim upon which relief can be granted to the extent that Plaintiffs later specifically seek attorneys fees under federal or state law inasmuch as such claims are precluded.

5.  12(b)(6) - Failure to state a claim upon which relief can be granted to the extent that Plaintiffs specifically assert punitive damages under federal or state law inasmuch as such claims are precluded.

6.  12(b)(6) - Failure to state a claim insofar as Plaintiffs have not alleged and cannot prove either specific or general causation for their alleged injuries.

7.  12(b)(6) - Failure to state a claim upon which relief can be granted to the extent that Plaintiffs specifically assert implied warranty claims, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

8.  12(b)(6) - Failure to state a claim upon which relief can be granted to the extent that Plaintiffs specifically seek property damages, inasmuch as such claims are precluded.

9.  12(b)(6) - Failure to state a claim upon which relief can be granted to the extent that Plaintiffs seek to impose joint and several and/or solidary liability upon the Defendants inasmuch as the applicable law precludes such reapportionment of fault and there is no market-share liability; The Defendant cannot be held responsible for more than its own share of any potential damage award and is not liable for the acts, errors or omissions of any other party or non-party to this litigation.

10. 12(b)(6) - Failure to state a claim upon which relief can be granted inasmuch as Plaintiffs' claims are barred by their own negligence, contributory negligence, comparative negligence, assumption of risk, negligence *per se*, gross negligence, recklessness, willfulness, strict liability, and breach of implied warranties claims bars those claims (including, but not limited to, being barred by the exclusivity provisions of the Louisiana Products Liability Act).

11. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that Plaintiffs later seek medical monitoring damages because Plaintiffs have not alleged a present and manifest injury and to the extent that such claims are not recognized by applicable law.

12. 12(b)(6) – Plaintiffs' claims are barred by the applicable prescriptive periods and applicable statutes of limitation.

01813001.1

13. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that Plaintiffs specifically seek property damages insofar as such claims are precluded under applicable law.

14. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that Plaintiffs have not alleged actual damages and/or have failed to mitigate their damages.

15. 12(b)(4) – Inadequacy of service of process in that the *Daigre* Complaint was not served on the proper corporate entities.

16. 12(b)(7) – Failure to join a necessary and indispensable party -- the suppliers of the materials used in construction of the homes have not been added as parties; there is a contractual indemnification provision between certain Defendants and the companies that contracted with Defendants for manufacture of such homes; (b) failure to join the manufacturers of the furniture or other FEMA mandated furnishings which contain formaldehyde.

17. 12(b)(6) – Failure to state a claim for breach of express warranty under any states law.

18. Rule 9(b) – Concealment, conspiracy (if any), misrepresentation, and fraud claims should be dismissed for failure to plead such claims with the requisite particularity.

19. Rule 12(b)(5) – Insufficiency of service of process.

20. Rule 12(e) – Motion for a more definite statement.

21. Rule 12(b)(6) – Failure to state a claim for injunctive relief.

22. Rule 12(b)(6) – Failure to state a claim for attorney's fees.

23. Rule 12(b)(6) – Failure to state a claim for punitive damages.

24. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent Plaintiffs seek damages for failure to warn about formaldehyde because Defendants complied with HUD guidelines and placed warnings in the housing units warning of the very dangers the Plaintiffs allegedly suffered.

25. Plaintiffs' claims are barred by the government contractor defense as set forth in *Boyle v. United Technologies Corp.*, 487 U.S. 500, 101 L. Ed. 2d 442, 108 S. Ct. 2510 (1988).

01813001.1

26. Plaintiffs' claims are barred based upon this Court's May 29, 2009 Order granting Defendants' Motion to Dismiss based upon federal preemption (Doc. No. 1629).

27. Defendants adopt and incorporate by reference the preservation lists filed by similarly situated defendants, including Doc. Nos. 787, 951, 1119, and 1575.

                    Respectfully submitted,

                    */s/ James K. Carroll*
                    James K. Carroll
                    One of the Attorneys for Defendant

**OF COUNSEL:**

Thomas W. Thagard, III
Edward A. "Ted" Hosp
Edward S. Sledge IV
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2616
Telephone:  (205) 254-1000
Fax:  (205) 254-1999

- and -

FOWLER RODRIGUEZ VALDES-FAULI
400 Poydras Street, 30th Floor
New Orleans, Louisiana 70130
Telephone: 504-523-2600
Fax: 504-523-2705

4

01813001.1

## CERTIFICATE OF SERVICE

  I hereby certify that on July 2, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document by first-class mail to all counsel of record who are non-CM/ECF participants.

                */s/ James K. Carroll*
                OF COUNSEL