UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                       MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION
                                                                            SECTION "N" (5)

THIS DOCUMENT RELATES TO
all bellwether trials

## ORDER AND REASONS

Before the Court is the Defendant United States of America's Motion to Strike Jury Trial Request (Rec. Doc. 1400). In this motion, the United States of America ("the Government") (1) moves to strike the jury demand allegedly made against it in the bellwether cases and (2) requests that a jury not be involved in any manner in determining its liability. After considering the memoranda of the parties and the applicable law, this Court rules as set forth herein.

First, the Plaintiffs' Steering Committee ("PSC") notes that it has no opposition to the motion to strike plaintiffs' jury demand as to the Government in the bellwether cases. In fact, the PSC disputes that any bellwether plaintiffs have asserted "the right to a jury trial against the United States/FEMA specifically." (Rec. Doc. 1470, p. 1). However, the PSC and the non-governmental defendants (See Rec. Doc. 1477) both oppose the Government's request that a jury "not be involved in any manner" in determining the Government's liability. Indeed, both the PSC and the non-governmental defendants contend that it is both permissible and sensible for the

Court to utilize an advisory jury who will hear evidence of the Government's alleged fault in order to properly apportion liability to all parties.

Rule 39(c) of the Federal Rules of Civil Procedure states, in pertinent part, "[i]n an action not triable of right by a jury, the court, on motion or on its own . . . may try any issue with an advisory jury." The Government has argued that, because the plaintiffs have filed claims against the Government under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680 and 28 U.S.C. § 1346(b), the use of an advisory jury is precluded under 28 U.S.C. § 2402 which states that "[a]ny action against the United States under section 1346 shall be tried by the court without a jury. . ." Therefore, the Government claims that any use of an advisory jury contravenes the statute and congressional intent to have FTCA cases decided by the court without a jury.

As one district court has noted, "[a]n advisory jury is an optional aid" - the use of which is left to the discretion of the district court. *Versai Management Corporation v. Standard Fire Insurance Company*, 2007 WL 184884, *3 (E.D. La. Jan. 22, 2007). The *Versai* Court cited to *Hamm v. Nasatka Barriers, Inc.*, 166 F.R.D. 1, 3 (D.D.C.1996), wherein another district court determined that it had the discretion to make use of an advisory jury even though the FTCA provides that claims against the government *shall* be tried by a court without a jury. The *Hamm* Court concluded that despite such language, the use of an *advisory* jury is not precluded and, indeed, found that such would be helpful and appropriate. *Id.* In so concluding, the district court reasoned that the same jury would already be hearing the claims against the other defendants and that it could be confusing to instruct the jury to ignore certain evidence. Further, the *Hamm* Court determined that the use of an advisory verdict would lessen the chances of an excessive damages award against the non-governmental defendants as might occur if the jury were

2

precluded from considering the government's liability. Numerous other courts have reached similar conclusions. See, e.g., *Coffland v. United States*, 57 F.R.D. 209 (N.D.W.Va.1972) (court ordered advisory jury in FTCA case on its own initiative); *Moyer v. United States*, 302 F.Supp. 1235 (S.D.Fla.1969), rev'd on other grounds, 481 F.2d 585 (5th Cir.1973) (court used advisory jury in FTCA case).[1]

Despite the assertions made to the contrary by the Government, this Court finds that it has the power to make use of an advisory jury in this case. Because of the purely advisory function that a jury empaneled under Rule 39(c) has, the use of an advisory jury is not precluded under 28 U.S.C. § 2402. Thus, this Court hereby exercises its discretion to empanel such an advisory jury in this case.

This advisory jury will not be asked or allowed to make a binding factual determination on the plaintiffs' FTCA claims; instead, it will be allowed to hear the case and, through the verdict, advise the undersigned, who will remain free to consider the same evidence and completely disregard such findings. As for the Government's arguments regarding the advisory jury being useless based on the Court's obligation to make its own findings and be entirely unmoved by any jury advice, the undersigned has total confidence in his ability to render a

---

[1] While the Fifth Circuit has never specifically addressed whether an advisory jury can be empaneled to hear claims against the Government in a case involving FTCA claims, it has acknowledged the use of an advisory jury in similar cases against the Government, without condemning such a practice. See *Moyer*, 481 F.2d at 587 ("The 'Motion for Directed Verdict' of the United States was denied and the trial continued, the jury remaining as an advisory jury pursuant to Rule 39(c), F.R.Civ.P."). In *Andrade v. Chojnacki,* 338 F.3d 448, 457 (5th Cir. 2003), the Fifth Circuit stated:

> The FTCA does not grant plaintiffs the right to a jury trial. 28 U.S.C. § 2402 (2000). Notwithstanding the clear congressional mandate that claims against the federal government are to be tried to the bench, Appellants moved for the empaneling of an advisory jury; over the government's objection, Judge Smith honored the request. But he was under no obligation to accept its verdict. *Sullivan v. Rowan Cos*., 952 F.2d 141, 147 (5th Cir.1992).

finding that is entirely independent of any factual findings that such an advisory jury might make relating to the Government's liability. Moreover, the Court determines that utilizing an advisory jury will alleviate jury confusion that would surely result if jurors are expected to listen to all the evidence against all the defendants - including the Government - but then are instructed to ignore any evidence pertinent to Government.

Next, as for the Government's argument that having an advisory jury could potentially result in conflicting findings on the issues, this Court finds instructive the decision in *Barleston v. United States*, 2002 WL 1063923, *1 (W.D. N.Y. Feb. 20, 2002). On this very issue, the *Barleston* Court reasoned:

> The possibility of conflicting verdicts is also of no concern to this Court. If such were the case FRCvP 39(c), which allows for advisory juries, would be rendered totally meaningless because, in every instance in which you have two independent fact-finders making independent factual findings on the same testimony, there is the possibility of inconsistent verdicts. Therefore this Court opines that the use of a jury to perform a purely advisory function on plaintiff's case against the United States is permissible.

Last, Louisiana Civil Code article 2323 provides, in pertinent part:

> In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty, and regardless of the person's insolvency, ability to pay, immunity by statute, including but not limited to the provisions of R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable.

Thus, the non-governmental defendants argue that the government must be included in the trial and apportioned a degree or percentage of fault. While the Government claims that this state law cannot alter the exceptions to and procedural requirements in the FTCA (specifically relating to an FTCA claim being tried by a court without a jury), the Court notes that by exercising its

discretion to empanel an *advisory* jury under Rule 39(c) of the Federal Rules of Civil Procedure, it can abide by Louisiana comparative fault principles, while at the same time, it can avoid violating the requirement in the FTCA, which prohibits FTCA claims determinations being made by a jury. Therefore, this Court will empanel a jury to hear the bellwether plaintiffs' claims against the non-governmental defendants in the bellwether trials and will exercise its discretion to use that jury in an advisory capacity to hear the claims against the government in those same trials.

Considering the foregoing, **IT IS ORDERED** that the **Defendant United States of America's Motion to Strike Jury Trial Request (Rec. Doc. 1400)** is **GRANTED IN PART AND DENIED IN PART**. The motion is granted such that any plaintiff's jury demand as to the Government in the bellwether cases, to the extent such a jury demand against the Government exists, is hereby stricken. This motion is denied such that this Court will exercise its discretion under Rule 39(c) of the Federal Rules of Civil Procedure to utilize an advisory jury in the FTCA claims brought against the Government by the bellwether plaintiffs.

New Orleans, Louisiana, this 2nd day of July, 2009.

_____
**KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE**