UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 | |
|     FORMALDEHYDE | * | | |
|     PRODUCTS LIABILITY | * | | |
|     LITIGATION | * | SECTION:  N(5) | |
| | * | | |
| This Document Relates to: *Charlie Age, et al. v.* | * | JUDGE: ENGELHARDT | |
| *Gulf Stream Coach Inc., et al*, Docket No. 09-2892 | * | | |
| | * | MAG: CHASEZ | |

*************************************************************************

### GULF STREAM COACH, INC.'S REQUESTED JURY INSTRUCTIONS

**NOW INTO COURT,** through undersigned counsel, comes Gulf Stream Coach, Inc. ("Gulf Stream"), who hereby submits the following requested Jury Instructions in the above-entitled and numbered case.

### U.S. FIFTH CIRCUIT COURT OF APPEALS PATTERN JURY INSTRUCTIONS

- 1.1   Preliminary Instructions
- 2.1   First Recess
- 2.2   Stipulated Testimony
- 2.3   Stipulations of Fact
- 2.4   Judicial Notice
- 2.6   Publicity during Trial
- 2.7   Bench conferences and recesses
- 2.8   Demonstrative evidence
- 2.9   Witness not called
- 2.10  Similar Acts – Cautionary Charge
- 2.11  Duty to deliberate
- 2.12  Instructions on deliberation
- 2.13  Corporate Bias
- 2.15  Limiting Instruction
- 2.16  Impeachment by witnesses' inconsistent statements
- 2.18  Consideration of the evidence
- 2.19  Expert Witnesses
- 2.21  Use of Notes Taken by Jurors
- 2.22  Cautionary Instruction on Damages
- 2.23  Deposition testimony
- 3.1   General Instructions
- 15.1  Consider Damages Only If Necessary
- 15.2  Compensatory Damages

15.3   Calculation of Past and Future Damages
15.5   Aggravation or Activation of Disease or Defect
15.6   Medical Expenses
15.9   Parent's Loss of Child's Services, Earnings, Earning Capacity
15.15  Mitigation of Damages

## LOUISIANA CIVIL JURY INSTRUCTIONS

11.01  Liability based on unreasonably dangerous construction or composition
11.02  Liability based on unreasonably dangerous design
11.03  Liability based on inadequate warning
11.06  Inadequate warning--State of the art defense
11.07  Unreasonably dangerous in design  - State of the art defense
11.08  Manufacturer--Basic definition
11.09  Manufacturer--Other definitions
11.11  Attorney's fees
11.12  Manufacturer defenses – Contributing fault
11.13  Definition of misuse
11.14  Manufacturer – No duty to design perfect product

## SPECIALLY DRAFTED INSTRUCTIONS

- Burden of proof
- Sophisticated Purchaser/User


Respectfully Submitted:

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK #18495
JOSEPH G. GLASS #25397**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700
(504) 837-3119 (FAX)
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON**
**Timothy D. Scandurro #18424**
**Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
(504) 529-6199 (FAX)
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

## C E R T I F I C A T E

I hereby certify that on the 2nd day of July, 2009, a copy of the foregoing Jury Instructions was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495
andreww@duplass.com

## **PROPOSED BURDEN OF PROOF JURY INSTRUCTION**

In this case, each party asserting a claim or a defense has the responsibility to prove every essential part of his contention by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion." A "preponderance of the evidence" simply means an account of evidence that is enough to persuade you that a claim or contention is more likely true than not true. This rule does not, of course, require proof to an absolute certainty since proof to an absolute certainty is seldom possible in any case.

Where more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but, in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them and all of the exhibits received in evidence, regardless of who may have produced them. If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the party making that claim or contention.

Not every incident that occurs gives rise to a cause of action upon which a person may recover damages from someone. The mere fact that an incident happened, considered alone, does not support any inference, and does not raise a presumption, that some party or any party to this present action was at fault. *Musso v. St. Mary Parish Hospital Service*, 345 So.2d 129, 130 (La. App. 1st Cir. 1977); *City of New Orleans v. Williams*, 292 So.2d 744, 746 (La. App. 4th Cir. 1974).

**PROPOSED SOPHISTICATED PURCHASER/USER INSTRUCTION**

When a manufacturer or distributor sells an industrial product to a sophisticated purchaser, and that purchaser then supplies the product for use, the manufacturer has no legal duty to provide any warnings to the user concerning possible health hazards associated with the product's use. A sophisticated purchaser is one who by experience and expertise is aware of the possible health hazards associated with the use of the product, and who has an obligation to inform end users of such potential health hazards. Therefore, if you find that the United States through the Federal Emergency Management Agency is a sophisticated purchaser of emergency housing and its component parts, then you must return your verdict in favor of Gulf Stream. *See Davis v. Avondale Industries*, 975 F.2d 169 (5th Cir.1992).