UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Charlie Age, et al v. Gulf Stream Coach Inc., et al*, Docket No. 09-2892; | * | |
| | * | |
| Alana Alexander, individually and on behalf of Christopher Cooper | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PSC'S MEMORANDUM IN SUPPORT OF PSC'S MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS

**MAY IT PLEASE THE COURT:**

Plaintiff, Alana Alexander, individually and on behalf of Christopher Cooper ("Plaintiff" or "Ms. Alexander") respectfully requests that the Court grant her leave to take additional depositions, and to compel Defendant Gulf Stream Coach, Inc. ("Defendant" or "Gulf Stream") to produce certain witnesses for deposition.

### I.  BACKGROUND

The case of *Age, et al v. Gulf Stream Coach, Inc., et al* (of which Ms. Alexander is a Plaintiff) was filed on February 27, 2009. In the original Complaint, as well as subsequent Amended Complaints, Ms. Alexander asserts product liability claims against Gulf Stream, the manufacturer of the travel trailer occupied by her and her family after Hurricane Katrina. In addition, Ms. Alexander asserts claims against Fluor Enterprises, Inc. and the Federal Emergency

Management Agency.

On April 6, 2009, this Honorable Court selected Ms. Alexander, individually and on behalf of her son, Christopher Cooper, as the first bellwether plaintiff. On April 8, 2009, this Court issued a scheduling order setting trial to begin on September 14, 2009. Notably, the order imposes upon all parties a discovery period deadline on July 23, 2009.

Upon information and belief, at least 15,000 of the estimated 70,000 plaintiffs asserting claims in this MDL, resided in trailers manufactured by Gulf Stream. Accordingly, the discovery conducted through the depositions sought by the PSC herein would greatly advance the litigation as to thousands of plaintiffs' claims, not solely the claims asserted by Ms. Alexander.

## II. ARGUMENT

Rule 30(A)(2) of the Federal Rules of Civil Procedure provides:

A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2):

(A)    if the parties have not stipulated to the deposition and:

    (i)    the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants.

Fed. R. Civ. P. 30(A)(2).

While Gulf Stream has taken the position that the above rule restricts the number of witnesses affiliated with the defendant who may be deposed, the defendant assertions are contrary to the actual language of the Rule. The Rule looks to the identity and position of the

person taking the deposition, not the identity of the deponent. Specifically, it limits plaintiffs and defendants from taking more than ten depositions each without leave of court or agreement of the parties.

Here, the plaintiff will have taken more than ten depositions in the coming weeks, and the defendants have already exceeded their allotted depositions under the Rule. If Gulf Stream intends to enforce the ten deposition limit in Rule 30(A)(2) as absolute, that position must be applied across the board. All depositions would have to cease immediately. Clearly, this position is neither reasonable nor tenable as this first bellwether trial is against the manufacturing defendant with the largest market share.

In the context of complex multi-district litigation involving many thousands of plaintiffs and numerous defendants, the parties should be allowed to exceed the referenced limitation in order to efficiently marshal evidence in support of their claims and discovery information critical to the trial of their case.

Accordingly, the PSC requests leave to complete the pending deposition in furtherance of all plaintiffs claims against the defendant.

Further, based on the public statements, pleadings, and discovery conducted to date, Gulf Stream has apparently taken the following positions: (1) that it did not know of the dangers of formaldehyde prior to producing Ms. Alexander's trailer or the trailers produced after Katrina; (2) it made a safe trailer; (3) it had received no complaints of formaldehyde-associated symptoms from its employees; (4) it had a "well-known" policy of only procuring LFE (low formaldehyde wood) products for use in trailers; (5) it used proper care to ensure that it received the LFE wood

products that it ordered; (6) it properly responded the formaldehyde issue; (7) that it tried to work with FEMA to deal with the issue; (8) and that it was open and honest in dealing with the public and, by extension, the press.

Current Gulf Stream Employees

Through the five depositions taken to date, the PSC has identified the following current Gulf Stream employees hat have crucial evidence as to the claims and defenses asserted in this case:

| Name | Area of Expected Testimony and Basis |
|---|---|
| Todd Lentych | Director of Supplier Relations. Considerable interaction with Gulf Stream suppliers, including those that provided wood products to Gulf Stream. See Documents attached at **Exhibit A.** |
| Eddie Abbott[1] | Engineering Manager, involved in design, specifications, and materials of FEMA model trailer, headed up effort to revise FEMA model to be transported by rail. See Dan Shea Deposition Excerpts, at pp. 128-29, 285, 287, attached as **Exhibit B**; Scott Pullin Deposition Excerpts at pp. 70-71; 224-25, attached as **Exhibit C**. |
| Steven Lidy | Marketing person, responded to residents and press regarding formaldehyde, involved in Gulf Stream's press releases and press interaction regarding formaldehyde issue. See Dan Shea Deposition Excerpts, at p. 304, emails and press release, attached as **Exhibit D**. |
| Rick Jones | Director of HR, knowledge of any complaints or claims regarding symptoms associated with formaldehyde exposure. See Jim Shea Deposition Excerpts, at pp. 205-207, attached as **Exhibit E**. |
| John Bruhn | Fielded complaint calls from FEMA residents. See Scott Pullin Depositions Excerpts, at p. 183 and customer complaint notes, attached as **Exhibit F**. |

---

[1] Gulf Stream has agreed to produce this person for deposition.

| Mike Ward | Fielded complaint calls from FEMA residents.  See Scott Pullin Depositions Excerpts, at p. 183 and customer complaint notes, attached as **Exhibit G**. |
|---|---|
| Jeff Zumbrum [2] | Purchasing manager for towable division and Plant 57, the plant where the subject travel trailer was manufactured.  Conferred with wood supplier Adorn about non-LFE wood, knowledge of materials ordering, involved in design and specifications of trailers, best person to discuss frame suppliers, knowledge of purchasing policies and procedures.  *See* Jim Shea Deposition Excerpts, at pp. 58-60, 172-74, attached as **Exhibit H**; Dan Shea Deposition Excerpts, at pp. 47, 50-55, 68-71, 128-29, 288-89, 290-94, attached as **Exhibit I**. |
| Joseph Cleland | Superintendant for Plant 57 in December 2004, the month in which the subject trailer was manufactured.  Responsible for making sure trailers conformed to FEMA specifications; knowledge of the functions of various departments and personnel at Plant 57.  *See* Jim Shea Deposition Excerpts, at pp. 116-17, attached as **Exhibit J**; Phil Savari Deposition Excerpts, at pp. 17-18, attached as **Exhibit K**. |
| Quality Control manager for Plant 57 in December 2004. | Person responsible for making sure trailers met FEMA specifications, signed off on units upon completion.  *See* Jim Shea Deposition Excerpts, at pp. 116-17, attached as **Exhibit L**; Dan Shea Deposition Excerpts at pp. 25-26, attached as **Exhibit M.** |
| Final inspector for Plant 57 in December 2004. | Responsible for making sure that a particular trailer conformed to FEMA specifications.  See Jim Shea Deposition Excerpts, at pp. 116-17, attached as **Exhibit N**. |
| Receiver at Plant 57 in December 2004.[3] | Responsible to review and compare shipping documents, confirm material ordered is what is received; knowledge of training provided.  *See* Jim Shea Deposition Excerpts, at pp. 42, 45, attached as **Exhibit O**; Dan Shea Deposition Excerpts, at pp. 29-33, 42, attached as **Exhibit P**. |
| The Gulf Stream employee | Self-explanatory. |

---

[2] Gulf Stream has agreed to produce this person for deposition.

[3] Gulf Stream apparently agreed to produce this person for deposition (*see* Response to Motion to Compel, at pp. 5-6, Docket Entry No. 2002), and advised Judge Chasez that they would produce this person, but today refuses to produce this person.

| | |
|---|---|
| who was main point of contact with FEMA with respect to provision of trailers in Fall 2004 to Spring 2005 (for Florida hurricanes)(time frame in which subject trailer was provided to FEMA via a FEMA subcontractor). | |

As noted, Gulf Stream has agreed to produce only a select number of these witnesses despite Judge Chasez' order to produce a total of five witnesses. Plaintiff requests that the Court grant leave to take all of these depositions a they are necessary in the case and to compel Gulf Stream to produce these witnesses for deposition.

## CONCLUSION AND PRAYER

Plaintiff respectfully requests that the Court grant her leave to take the additional enumerated depositions and to compel Gulf Stream to produce the current employees identified herein for deposition.

        Respectfully submitted:

        **FEMA TRAILER FORMALDEHYDE**
        **PRODUCT LIABILITY LITIGATION**

        BY:    s/Gerald E. Meunier
                 GERALD E. MEUNIER, #9471
                 **PLAINTIFFS' CO-LIAISON COUNSEL**
                 Gainsburgh, Benjamin, David, Meunier &
                 Warshauer, L.L.C.
                 2800 Energy Centre, 1100 Poydras Street
                 New Orleans, Louisiana 70163
                 Telephone:    504/522-2304
                 Facsimile:    504/528-9973
                 gmeunier@gainsben.com

        s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:     504/522-2304
Facsimile:      504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
ROBERT BECNEL
DENNIS REICH, Texas # 16739600

### CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

        s/Gerald E. Meunier
GERALD E. MEUNIER, #9471