**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                         MDL NO. 1873
FORMALDEHYDE
PRODUCTS LIABILITY LITIGATION               SECTION N-5
                                            JUDGE ENGELHARDT
                                            MAG. JUDGE CHASEZ

**THIS DOCUMENT RELATES TO:**
*Aldridge, et. al. v. Gulf Stream Coach, Inc., et. al.*
*No. 07-9228*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT UNITED STATES OF AMERICA'S RESPONSE**
**IN OPPOSITION TO "MOTION TO FILE THIRD SUPPLEMENTAL**
**AND AMENDING COMPLAINT" [Docket No. 2006]**

Pursuant to Court Order [Docket No. 2021], Defendant United States of America

("United States") hereby submits this Response Memorandum in Opposition to Plaintiffs'

"Motion to File Third Supplemental and Amending Complaint" [Docket No. 2006].  The

purported purpose of plaintiffs' motion is to "cure" the Court's lack of jurisdiction over their

Federal Tort Claims Act (FTCA"), 28 U.S.C. §1346(b)(1), 2671-80, suit resulting from their

premature commencement of their action against the United States.  The Court should deny

plaintiffs' motion because the filing of an amended complaint will not invest this Court with

subject matter jurisdiction over any prematurely filed FTCA claim.  Rather, the Court must

dismiss any prematurely filed FTCA claims, including Fleetwood Bellwether Plaintiff Dubuclet's

FTCA claims, because it lacks subject matter jurisdiction of those FTCA claims.

## UNDISPUTED FACTS

1.      In *Nelson v. Gulf Stream Coach, Inc., et al*,  No. 07-7494, a case assigned by the

1

Multi-District Litigation Panel to this Court, plaintiffs sought to amend and assert FTCA claims against the United States.  The United States objected arguing that the Court lacked jurisdiction over those claims and that allowing the amendment would be futile because plaintiffs had failed to exhaust their FTCA administrative remedies.  *See* Response of FEMA and R. David Paulison, in his Official Capacity as Administrator of FEMA, to Plaintiffs' Supplemental Memorandum in Support of Motion for Preliminary Injunction at pp. 10-14 [Docket No. 61].  On January 17, 2008, this Court denied the *Nelson* plaintiffs' motion and instructed that "any claims against FEMA, including any valid/properly exhausted FTCA claims against the government, should be included in the Master Complaint."  Order [Docket No. 82].

    2.    On May 18, 2008, the United States filed a motion to dismiss the plaintiffs' FTCA claims in *Oldenburg v. United States*, Civ. No. 07-2961, *Curley v. United States*, Civ. No. 07-7389, and *Joseph v. United States*, Civ. No. 2:08- CV-01672, for lack of subject matter jurisdiction because the plaintiffs failed to comply with requirements of the FTCA and exhaust their administrative remedies prior to filing suit.  *See* Motion to Dismiss Plaintiffs' FTCA Claims for Lack of Subject Matter Jurisdiction and For Failure to Effect Service of the Complaint in a Timely Manner [Docket No. 197].  On June 24, 2008, the Court granted that motion and dismissed the plaintiffs' FTCA claims in those actions because it lacked subject matter jurisdiction.  *See* Orders [Docket Nos. 388, 389, 390].

    3.    On October 27, 2009, the Federal Emergency Management Agency ("FEMA") received a Standard Form ("SF") 95 on behalf of Fleetwood Bellwether Trial Plaintiff Timia Dubuclet seeking $125,000 for personal injuries.  *See* Exhibit 1, SF-95, Timia Dubuclet at Dub000003.  Plaintiff Dubuclet asserts that she was negligently exposed to excessive levels of

formaldehyde, in part, as a result of FEMA's failure to respond in an appropriate manner to concerns about formaldehyde off-gassing in temporary housing issued to Hurricane Katrina and Rita disaster victims.  *Id*.

4.     On January 21, 2009, the *Aldridge* plaintiffs, which include Fleetwood Bellwether Trial Plaintiff  Dubuclet, filed their First Supplemental and Amending Complaint.  *See* First Supplemental and Amending Complaint [Docket No. 1064].  That Amended Complaint for the first time named the United States as a defendant and sought recovery for money damages under the FTCA.  *Id*.

5.     On February 23, 2009, the United States filed its Amended Preservation of Defenses [Docket No. 1115].  This listing of defenses applies to "All Cases," and the United States asserts that the Court lacks subject-matter jurisdiction over plaintiffs' FTCA claims, in part, because  "Plaintiffs failed to properly exhaust their administrative remedies prior to filing suit.  28 U.S.C. § 2675(a); 28 C.F.R. § 14.2."  Amended Preservation of Defenses §1(c) at p.2 [Docket No. 1115].

6.     On March 25, 2009, FEMA denied Ms. Dubuclet's tort claim.  *See* Exhibit 1 at Dub000002.  That denial letter was sent to Plaintiff Dubuclet's counsel by Certified Mail-Return Receipt Requested.  *Id*. at Dub000001.

7.     On April 29, 2009, the Court entered Pretrial Order No. 36, that provided that the United States' Notice of Amended Defenses [Docket No. 1115] applies "to all underlying Complaints that the Untied States has been required to respond to and it is also deemed to apply, sixty (60) days after service is completed in compliance with the Fed. R. Civ. P. 4(i), to any newly filed Complaints naming the United States as a Defendant and any action that is Amended

to add the United States as a Defendant."  PTO 36 at pp. 2-3 [Docket No. 1386]

8.      On June 9, 2009, Plaintiffs' Steering Committee nominated Ms. Dubuclet as the substitute Fleetwood Bellwether Trial Plaintiff.  *See* Exhibit No. 2, 6/11/09, E-Mail PSC to DOJ.

9.      On June 15, 2009, the Court selected Ms. Dubuclet as the substitute Fleetwood Bellwether Trial Plaintiff.  *See* Order [Docket No. 1760].

10.     On or about, June 24, 2009, PSC informed undersigned counsel that Fleetwood Bellwether Trial Plaintiff Dubuclet may have filed suit against the United States before first exhausting her FTCA administrative remedies because the suit had been initiated before the denial of the claim and before a period of six months for administrative adjudication had passed since the filing of the claim.  The parties thereafter conferred.  The United States subsequently informed Plaintiff Dubuclet's counsel that it is the Government's position that a prematurely filed FTCA action cannot be cured through the filing of an amended complaint and that any plaintiff who filed prematurely, including Fleetwood Bellwether Trial Plaintiff Dubuclet, must dismiss his or her FTCA claims, and, if the FTCA claims are not otherwise time barred, file a new suit against the United States.  Further, undersigned counsel stated that in the event that a plaintiff commenced a new action against the United States the Government, consistent with Fed. R. Civ. P. 12, the United States would have sixty (60) days from date of service to respond to any new complaint filed by these plaintiffs, including Fleetwood Bellwether Trial Plaintiff Dubuclet.

## STANDARD OF REVIEW

The United States, as a sovereign, can only be sued to the extent it waives its sovereign immunity and consents to be sued.  *See United States v. Dalm*, 494 U.S. 596 (1990).  Federal courts are courts of limited jurisdiction and only possess the power authorized by the

Constitution and statute, which is not to be expanded by judicial decree.  *See Kokkonen v. Guardian Life Ins., Co.*, 511 U.S. 375, 377 (1994).  Accordingly, it is "presumed that a cause lies outside a federal court's limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Id.  See also Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

## ARGUMENT

I.   **The Court Should Deny Plaintiffs' Motion And Must Dismiss Plaintiffs FTCA Claims, Including Fleetwood Bellwether Plaintiff Dubuclet FTCA Claim, For Lack Of Subject Matter Jurisdiction Because She Filed Suit Prematurely Prior To Exhausting Administrative Remedies.**

A jurisdictional prerequisite to bringing a lawsuit in federal court against the United States under the FTCA is the filing of an administrative claim with the appropriate federal agency and exhausting administrative remedies.  28 U.S.C. § 2675(a); *see Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995) (commencing an FTCA lawsuit without first satisfying the requirements of §2675(a) and exhausting administrative remedies leaves "the district court . . . without subject matter jurisdiction"); *Montoya v. United States*, 841 F.2d 102, 104-05 (5th Cir. 1988).  Once the administrative claim has been filed, the federal agency has six months to act. 28 U.S.C. § 2675(a).  The claimant can file a suit under the FTCA only after the agency either denies the claim in writing or fails to make a final disposition of the claim within six months after it is filed.  *See Houston v. U.S. Postal* Service, 823 F.2d 896, 902 (5th Cir. 1987).  Thus, "'[t]he statutory procedure is clear.' A tort claimant may not commence proceedings in court against the United States without first filing her claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or waiting for six months to

elapse without a final disposition of the claim being made." *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992); *see also Barrett ex rel. Estate of Barrett v. United States*, 462 F.3d 28, 37-38 (1st Cir. 2006); *Reynolds v. United States*, 748 F.2d 291, 292-93 (5th Cir. 1984).

A lawsuit filed prior to the exhaustion of a claimant's administrative claim is premature and must be dismissed. *See McNeil v. United States*, 508 U.S. 106, 112-13 (1993); *Reynolds*, 748 F.2d 293. In *McNeil*, the Supreme Court explicitly rejected the argument that the failure to exhaust administrative remedies can be cured by exhaustion of administrative remedies during the pendency of the prematurely filed FTCA suit in district court. The Court explained that "the statute . . . require[s] complete exhaustion of Executive remedies before invocation of the judicial process." *Id*. at 112. The Court reasoned that allowing exceptions to §2675(a)'s proscription of premature actions would "undermine the orderly administration" of FTCA litigation and unduly "burden . . . the judicial system and . . . the Department of Justice." *Id*. The Court concluded that "the FTCA bars claimants from bringing claims under the FTCA in federal court until they have exhausted their administrative remedies." *Id*. at 113.

Consistent with *McNeil*, the Fifth Circuit strictly applies §2675(a). In *Gregory v. Mitchell*, 634 F.2d 199 (5th Cir. 1981) the claimant argued that the six-month requirement had become meaningless because the period had already run. *Id*. at 204. The court rejected this argument and ruled that "§2675 is more than a mere statement of procedural niceties," and it "requires that jurisdiction exist ***at the time the complaint is filed***." *Id*. (emphasis added). *See also Jama v. Internal Revenue Service*, 22 F.Supp.2d 353, 366 (D. N.J. 1998) (stating that *McNeil* mandates a strict application of the timing requirements and a "case filed prematurely may not loiter on the docket and spring to life once the required period has elapsed").

6

Plaintiffs, including Fleetwood Bellwether Plaintiff Dubuclet, assert that they filed suit against the United States prematurely, but nevertheless argue that their premature commencement of their FTCA action can be "cured" through the Court's granting their request to file a Third Amending Complaint.  The Court should reject this argument because it that a prematurely filed FTCA action cannot be cured through an opposed amendment, but instead, the claimant must file a ***new*** suit.  *See Lopez v. Chertoff*, 2009 WL 395229 at *1-2 (E.D. Cal. 2009); *See Edwards v. District of Columbia*, 2009 WL 1444560 at *3-4 (D. D.C. May 26, 2009); *Rashad v. D.C. Central Detention Facility*, 570 F.Supp.2d 20, 24 (D. D.C. 2008) (failure to exhaust under the FTCA cannot be cured by amendment of the complaint at a later date); *Estate of Przysiecki v. Eifert*, 2007 WL 3306074 at *2-3 (S.D. Cal. 2007); *Brown v. Hendershot*, 2006 WL 2707432 at *4 (M.D. Pa. 2006) (filing of an amended complaint does not cure the defect); *Ficken v. Rice*, 2006 WL 123931 *8 (D. D.C. 2006) (failure to exhaust is fatal to a claim, and the defect cannot be cured by amendment of the complaint at a later date); *Webster v. United States*, 2005 WL 3031154 at *2 (E.D. Cal. 2005) (a plaintiff cannot bring an FTCA action prematurely and then subsequently amend his complaint after denial of the administrative claim because the district court lacks jurisdiction over an FTCA action filed before the exhaustion requirement of Section 2675(a) is satisfied); *Johnson v. Allen,*, 2005 WL 607911 at *2 (D. D.C. 2005) (plaintiff's "FTCA claim, then, is premature" and "[t]his defect cannot be cured by amendment of the complaint at a later date"); *Gaerman v. F.B.I.*, 2003 WL 23537963 (D. Or. 2003) (same), *aff'd*, 134 Fed. Appx. 150 (9th Cir. 2005); *Hines v. New York*, 1996 WL 706877 (S.D. N.Y. 1996) (plaintiff cannot rely on an amended complaint when the original complaint was premature).

The reason that a prematurely filed suit cannot be cured through amendment of the

complaint is simple, if claimants were permitted to bring a suit prematurely and simply amend the complaint after denial of the administrative claim, the exhaustion requirement would be rendered meaningless. *See Sparrow v. U.S. Postal Service*, 825 F.Supp. 252, 255 (E.D. Cal. 1993). Section 2675(a) of the FTCA requires that an administrative claim be finalized at the time the complaint is filed, and as such, a complaint cannot be cured through amendment, but instead, the plaintiff must file a new suit. *Id*.; *see also Edwards*, 2009 WL 1444560 *4. As the Tenth Circuit explained in *Duplan v. Harper*, 188 F.3d 1195 (10th Cir. 1999): "Allowing claimants generally to bring a new suit under the FTCA before exhausting their administrative remedies and to cure the jurisdictional defect by filing an amended complaint would render the exhaustion requirement meaningless and impose an unnecessary burden on the judicial system." *Id*. at 1199.

Plaintiffs' reliance upon the Tenth Circuit's decision in *Mires v. United States*, 466 F.3d 1208 (10th Cir. 2006) is misplaced. In that action, **which was not brought under the FTCA**, both the Government and the court agreed to treat the amended complaint as a new suit. In *Mire*, plaintiff filed suit to recover alleged overpayment of taxes prior to satisfying the conditions precedent for filing such a suit – payment of the challenged tax assessment and exhaustion of his administrative remedy. *Id*. at 1211. The United States moved to dismiss for lack of subject matter jurisdiction, and in response the plaintiff paid the taxes and petitioned the Internal Revenue Service ("IRS") for a refund. *Id*. at 1210. Three days later, the IRS denied the claim. *Id*. Plaintiff then moved for leave to file an amended complaint and a joint stipulation of facts that alleged that the jurisdictional defect had been "cured" by the payment of the disputed taxes, and the IRS's denial of it petition for a refund. *Id*. at 1210. The Government did not object

8

either the proposed amendment or the joint stipulation of facts. *Id*. Plaintiff adhered to the position that it had "cured" the jurisdictional defect until the court entered judgment in favor of the Government. On appeal the plaintiff asserted for the first time that the judgment was void because (1) the district court lacked jurisdiction when the suit began, and (2) subsequent events could not cure the jurisdictional shortcoming. *Id.* The Court rejected those arguments explaining that the district court had jurisdiction because with the Government's consent and ***the*** district court's permission, the plaintiff "cured" the jurisdictional deficiency while his suit was pending by paying the outstanding taxes, seeking administrative relief from the IRS, and amending his complaint to allege satisfaction of the jurisdictional prerequisites. *Id*. at 1212. The court explained that ***"[w]e hold only that, under the circumstances of this case***, the Estate cured the obvious lack of subject matter jurisdiction present when the suit began." *Id*. (emphasis added). *See also Estate of Przysiecki v. Eifert*, 2007 WL 3306074 *2 fn.1 (S.D. Cal. 2007) (ruling that cases where courts have allowed parties to file amended complaints containing FTCA claims despite the initial premature filing of their original complaints involve actions where the Government and the court expressly agreed to treat the amended complaint as a new suit or plaintiff was excusably ignorant to the federal presence in his case at the time he commenced his civil action); *Soto v. United States*, 2007 WL 2601411 at *2 (E.D. Cal. 2007) (same).

Under the circumstances of this case, the Court must dismiss Plaintiffs' FTCA claims, including Bellwether Plaintiff Dubuclet's FTCA claim. The United States in this litigation, unlike the Government in *Mires,* has consistently asserted that each and every plaintiff must exhaust their FTCA administrative claim prior to filing suit. Thus, in December 2007, the United States in one of its initial filings in this MDL action opposed the *Nelson* Plaintiffs'

Motion to Amend to bring FTCA claims because they had failed to exhaust their administrative tort claims.  *See* Response of FEMA and R. David Paulison, in his Official Capacity as Administrator of FEMA, to Plaintiffs' Supplemental Memorandum in Support of Motion for Preliminary Injunction at pp. 10-14 [Docket No. 61].  Similarly, the United States, consistent with this Court's instruction, has placed all plaintiffs on notice that they must exhaust their FTCA administrative remedies prior to filing suit.  Thus, the United States' Amended Preservation of Defenses states that the Court lacks subject-matter jurisdiction over the claim if the plaintiff "failed to properly exhaust their administrative remedies prior to filing suit." Amended Preservation of Defenses §1(c) at p.2 [Docket No. 1115].  Finally, this Court, unlike the *Mires* court, has neither endorsed nor condoned the treatment of an amended complaint as the commencement of a new action.  Rather, this Court has consistently held that each and every plaintiff must exhaust their FTCA administrative claims prior to filing suit; thus, the Court denied the *Nelson* plaintiffs' motion to amend, and granted the United States' motion to dismiss plaintiffs' FTCA claims in *Oldenburg*, *Curley*, and *Joseph*  because those plaintiffs had failed to exhaust their FTCA administrative claims.  *See* Orders [Docket Nos. 82, 388, 389, 390].

**CONCLUSION**

In accordance with the Supreme Court's decision in *McNeil*, and Fifth Circuit's instructions in *Gregory*, *Price*, *Houston*, and *Reynolds*, the Court must deny plaintiffs' motion and should dismiss Fleetwood Bellwether Plaintiff Dubuclet's FTCA claims for lack of subject matter jurisdiction.

Dated: July 4, 2009                                  Respectfully Submitted,

TONY WEST                                            ADAM BAIN
Assistant Attorney General, Civil Division           Senior Trial Counsel

J. PATRICK GLYNN                                     ADAM DINNELL
Director, Torts Branch, Civil Division               MICHELLE BOYLE
                                                     JONATHAN WALDRON
DAVID S. FISHBACK                                    Trial Attorneys
Assistant Director

                                                     *//S// Henry T. Miller*
                                                     HENRY T. MILLER (D.C. Bar No. 411885)
OF COUNSEL:                                          Senior Trial Counsel
JORDAN FRIED                                         United States Department of Justice
Associate Chief Counsel                              Civil Division – Torts Branch
                                                     P.O. Box 340, Ben Franklin Station
JANICE WILLIAM-JONES                                 Washington, D.C. 20004
Trial Attorney                                       Telephone No: (202) 616-4223
FEMA/DHS                                             E-mail: Henry.Miller@USDOJ.Gov
Department of Homeland Security
Washington, D.C. 20472                               Attorneys for the United States of America


**CERTIFICATE OF SERVICE**

I hereby certify that on July 4, 2009, the foregoing document and accompanying document and accompanying Exhibits were filed via the U.S. District Court's CM/ECF electronic filing system a copy thereof was served upon Liaison Counsel.

                                                     *//S// Henry T. Miller*
                                                     HENRY T. MILLER (D.C. Bar No. 411885)