

U.S. Department of Homeland Security
Washington, DC 20472

# FEMA

CERTIFIED MAIL-RETURN RECEIPT REQUESTED

March 25, 2009

Frank J. D' Amico Jr.
622 Baronne St.
New Orleans, La 70113

RE: Administrative tort claim of Timia Dubuclet, 08000290

Dear Frank J. D' Amico Jr.:

I have reviewed the administrative claim presented to the Federal Emergency Management Agency (FEMA) on behalf of Timia Dubuclet. The claim was received in this office on October 27, 2008.

Timia Dubuclet seeks to recover damages under the Federal Tort Claims Act (FTCA), as implemented at 44 C.F.R. § 11.14 (c), from FEMA in the amount of $125,000.00 for personal injuries. The claim alleges that the United States Government, FEMA, its agents, affiliates, divisions and anyone acting by contract failed to protect Timia Dubuclet from the effects of formaldehyde in a trailer or manufactured housing purchased by FEMA from commercial vendors under a federal contract.

As required by the FTCA, a claimant must show negligence or a wrongful act or omission on the part of a federal employee acting within the scope of his or her employment. See 28 U.S.C. §§ 1346(b), 2671.

The claim submitted by your office on behalf of Timia Dubuclet does not support the claim because it lacks adequate documentation of personal injury, among other things, as required by 44 C.F.R. § 11.14 (b). Our investigation did not find material evidence of negligence on the part of any federal employee. Further, the FTCA does not apply to actions of federal contractors. See 28 U.S.C. 2671. Therefore, I hereby deny the claim of Timia Dubuclet.

I am required by law (see 44 C.F.R. § 11.18 (a)) to inform you that if Timia Dubuclet is dissatisfied with this determination, the claimant may file suit in an appropriate United States District Court not later than six months after the date of mailing of this notification of the denial of the claim (see 28 U.S.C. § 2401 (b)).

Sincerely,

*Edward A. Broyles* (signature)

Edward A. Broyles
Associate Chief Counsel for General Law
Office of Chief Counsel



EXHIBIT 1

Dub000001

Frank J. D'Amico, Jr.
Christopher T. Castro
Richard M. Exnicios
Mekel Smith Alvarez
Paul D. Hesse
David J. Mitchell
Aaron Z. Ahlquist *
* Licensed in Tennessee

THE LAW OFFICES OF
*Frank J. D'Amico, Jr.*
A Professional Law Corporation

APLC

Of Counsel
William T. Abbott, Jr. **
Michael A. McNulty, Jr.
Darryl J. Carimi
** Licensed in New York

October 17, 2008

Office of the General Counsel
Federal Emergency Management Agency
500 C. Street S. W.
Washington, D.C. 20472

**UNITED STATES MAIL**

Dear Mr. Paulison

    Enclosed please find form SF-95 for additional individuals who at this time wish to make a claim against the Federal Emergency Management Agency (FEMA) for the damages arising from exposure to formaldehyde while residing in a FEMA provided trailer after Hurricanes Katrina and Rita.

    We have included a listing of the forms included in this set for your convenience.

    Please send any verifications and communications concerning these individuals to our New Orleans Office:

The Law Offices of Frank J. D'Amico, Jr. APLC
ATTN: Brandi S. Spiers
622 Baronne Street
New Orleans, LA 70113

    Please do not hesitate to contact us should there be any way that our office can assist in this process.

Sincerely,
FRANK J. D'AMICO, JR., APLC

By: Aaron Z. Ahlquist, Esq.

AZA/bss
Enclosures

BATON ROUGE OFFICE
9035 Bluebonnet Blvd. Suite #2
Baton Rouge, LA 70810
(225) 924-7272 • Fax (225) 767-7994

NEW ORLEANS OFFICE
622 Baronne Street
New Orleans, LA 70113
(504) 525-7272 • Fax (504) 525-9522

NORTHSHORE OFFICE
4407 Highway 190 East Service Road
Ste. 101
Covington, LA 70433
(985) 893-4443 • Fax (985) 893-4661

Toll Free 866-70-FRANK            www.damicolaw.net
Proudly serving the interests of injured people across Louisiana since 1986

08000290

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: Office of the General Counsel Federal Emergency Management Agency 500 C Street S.W. Washington, D.C. 20472 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code) MS ELISHA DUBUCLET ORO TIMIA DUBUCLET 6046 DOROTHEA ST., NEW ORLEANS, LA 70126 Represented by Frank J. D'Amico, Jr. (504) 525-7272 |
|---|---|

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH 9/23/98 | 5. MARITAL STATUS MINOR | 6. DATE AND DAY OF ACCIDENT SEE ATTACHED RIDER | 7. TIME (A.M. OR P.M.) unknown |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

The United States of America (U.S.), through its agencies, including but not limited to the Federal Emergency Management Agency (FEMA) was negligent, reckless, careless, grossly negligent and acted with deliberate indifference to the health and safety of the public and the claimant herein by failing to provide the claimant with a housing unit that was reasonably safe and not dangerous. The U.S. and its agencies, including but not limited to FEMA, breached its duty to provide reasonably safe and habitable housing by providing a trailer housing unit to the claimant that exposed claimant to excessive and unsafe levels of formaldehyde. The U.S. and its agencies, including but not limited to FEMA, provided a trailer housing unit that contained building materials which emitted formaldehyde in excess of acceptable limits. The trailer housing unit provided to claimant was in violation of local, state, national and international statutes, regulations and trade group standards regarding formaldehyde exposure. The U.S. and its agencies, including but not limited to FEMA failed to insure(see rider

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).
Trailer provided by FEMA. Exact ownership unknown.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)
FEMA HAS PICKED UP trailer AND NOW HAS possession

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

The claimant has suffered and continues to suffer from eye, nose and throat irritation, headache, nausea, asthma like symptoms, shortness of breath, emotional distress, fear of illness, including cancer. The foregoing are a direct result of exposure to excessive levels of formaldehyde, a known carcinogen. The claimant has and will continue to suffer and experience fear, anxiety and distress because of the risk of latent and/or future disease resulting from the exposure. Claimant will require medical monitoring for life to check for signs of formaldehyde based injury. Claimant is also claimant all damages flowing from the deprivation of constitutional rights, privileges and immunities as set forth in #8 (SUPRA)

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
| n/a | Claimants, other occupants, other persons and public officials too numerous to list. |

12. (See instructions on reverse.)   AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| 0 | $125,000 | 0 | $125,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) [signature] | 13b. Phone number of person signing form 504-373-6777 | 14. DATE OF SIGNATURE 6/13/08 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

95-109                          NSN 7540-00-634-4046                    STANDARD FORM 95
                                                                        PRESCRIBED BY DEPT. OF JUSTICE
                                                                        28 CFR 14.2

Dub000003

08000290

| INSURANCE COVERAGE |
|---|
| In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property. |

15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☐ No

N/A

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?  ☐ Yes  ☐ No   17. If deductible, state amount.

N/A

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

N/A

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☐ No

N/A

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in Item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in Item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

| PRIVACY ACT NOTICE |
|---|
| This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.<br>A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14. | B. *Principal Purpose:* The information requested is to be used in evaluating claims.<br>C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.<br>D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid". |

### PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

SF 95   BACK

08000290

### RIDER

6. Claimant became aware of the potential exposure within the last two years.

8. Basis of Claim (state in detail the known facts and circumstances attending the damage, injury or death, identifying the persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

that the trailer housing units provided to claimant were suitable for their intended use. The U.S. and its agencies, including but not limited to FEMA, failed to properly inspect the units to make certain that they were in compliance with all local, state, federal and international regulations and standards. The U.S. and its agencies, including but not limited to FEMA, provided trailer housing units that failed to adhere to express and/or implied warranties of habitability and fitness. The U.S. and its agencies, including but not limited to FEMA, failed to warn claimant that claimant was being exposed to dangerously high levels of formaldehyde. The U.S. and it agencies, including but not limited to FEMA, failed to provide the proper specifications to the manufacturers of the trailer housing units to ensure that they were in compliance with all local, state, federal and international regulations and standards. The U.S. and its agencies, including but not limited to FEMA, intentionally and with reckless indifference to the safety of claimant and the public in general, concealed and knowledge of the excessive levels of formaldehyde in the trailer housing units. The U.S. and its agencies, including but not limited to FEMA, failed to immediately relocate the claimant after learning of the excessive levels of formaldehyde, further exposing claimant and failed to provide medical care for those suffering from such exposure injuries. The U.S. through its agencies, including but not limited to FEMA, has engaged in a concerted effort to "cover-up" and conceal testing results of the formaldehyde levels in the trailer units provided to claimant and others. The foregoing actions by the U.S. and its agents were in violation of and constituted a deprivation of the claimant's state and federal constitutional rights, privileges and immunities. The claimant is demanding all damages recoverable under the applicable state constitutions, the Constitution of the United States, 42 USC section 1983, and all applicable law, state and federal statutes or ordinances, which allow for recovery of damages flowing from the deprivation of a constitutional right, privilege or immunity. Moreover, the U.S. and its agencies, including but not limited to FEMA, are liable under all state tort law remedies found applicable herein.

10. The claimant has suffered and continues to suffer from eye, nose and/or throat irritation, nose bleeds, headaches, nausea, asthma like symptoms and respiratory problems, shortness of breath, emotional distress, fear of illness, including cancer, and or increased risk of cancer. The full residual effects are yet unknown, but are serious in nature. And foregoing are a direct result of exposure to excessive levels of formaldehyde, a known carcinogen. The claimant has and will continue to suffer, and experience fear, anxiety and distress because of the risk of latent and/or future disease resulting from the exposure. Claimant will require medical monitoring for life to check for signs of formaldehyde based injury. Claimant is also claiming all damages, flowing from the deprivation of constitutional rights, privileges and immunities as set forth in #8 (SUPRA).

Dub000005

**CONTRACT FOR LEGAL SERVICES**

STATE OF LOUISIANA
PARISH OF Orleans

The undersigned (hereinafter referred as to "Client") does employ and retain the services of FRANK J. D'AMICO, JR, APLC (hereinafter referred to as "Attorneys") Client's authorize attorneys to investigate, prosecute and collect, whether by suit, compromise or otherwise, Client's claim against any party/parties who are or may be responsible for exposure to Formaldehyde as it relates to FEMA Trailers.

Attorneys accept said employment and in consideration of their services rendered and to be rendered, Client does hereby agree to pay attorneys thirty three and one-third percent (33 1/3%) of any gross settlement, verdict or recovery obtained in said action. Alternatively, Attorneys will be assigned a fee by the Court in this matter, and the above-listed attorneys will share these fees.

All reasonable and necessary expenses incurred and paid by Attorneys for and on behalf of Client shall be reimbursed. Included in expenses chargeable to Client are phone charges, computer research, medical records, depositions fees, copy costs (at .25 per page), court reporter charges, travel expenses, lodging investigation fees, and any and all other expenses paid by attorneys. These expenses shall be reimbursed by Client upon settlement, completion of the claim, or upon discharge of Attorneys by Client prior to settlement or completion of claim. Client shall owe Attorneys no fee if at any time before trial Attorneys withdraw from representing Client through no fault of the Client. The aforementioned expense reimbursement of Client per this agreement and is to be deducted from the amount due to client after the contingent fee is calculated. It is expressly agreed that Client hereby ratifies and confirms all lawful acts that Attorneys may do or cause to be done in the preparation and presentment of Client's claim.

It is hereby stipulated that neither Attorneys nor Client may, without written consent of the other, settle, Compromise, release, discontinue or otherwise dispose of the suit or claim.

Further, in the event that either party desires to terminate this contract it shall be done only by written notice to the other party, expressing the desire to terminate this contract.

Attorneys shall have the right at anytime to withdraw from this Contract in the event they conclude from any information that they subsequently obtain, that Client does not have a reasonably good possibility of recovering as a result of exposure to Formaldehyde as it relates to FEMA Trailers or if this matter is not certified as a class action.

It is specifically understood and agreed that Attorneys are not allowed to advance funds on any litigation and therefore, Client specifically understands that no funds can or will be advanced in consideration of retaining Attorneys.

Attorneys shall have a lien and privilege on any funds recovered by Client through settlement, judgment or otherwise.

THUS DONE, READ AND SIGNED in New Orleans, Louisiana, this Thursday day of Sept, 2007.

WITNESSES:

_____
_____

Ms. Elisha Dubuclet, individually and o/b/o Jamie Dubuclet and Timothy Dubuclet, minor children

4-35-24-603
Client Social Security Number

(504) 228-2454
Client Telephone Number, with Area Code