UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                          MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                 SECTION "N-5"

                                             JUDGE ENGELHARDT
                                             MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Charlie Age, et al v. Gulf Stream Coach, Inc.,
et al, No. 09-2892*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANT GULF STREAM'S RULE 12(b)(6)
<u>MOTION TO DISMISS</u>

**MAY IT PLEASE THE COURT:**

In its Motion to Dismiss under FRCP 12(b)(6), the defendant Gulf Stream Coach avers

that plaintiff has failed to state a claim as a matter of law in several respects herein, mandating a

dismissal as to the claim asserted in each instance.  Plaintiff respectfully submits, however, that

in all respects the instant 12(b)(6) motion is without merit.

Citing paragraph 102(vi) at pp. 26-27 of the original Complaint in which the plaintiff

Alana Alexander is a named plaintiff (*Age, et al v. Gulf Stream Coach, Inc., et al*, Case No. 09-

cv-02892-KDE-ALC, Doc. 1, filed 2/27/09), defendant argues that the alleged failure to properly

test Ms. Alexander's housing unit for formaldehyde emissions does not state a cognizable claim

under the Louisiana Product Liability Act [LPLA].  What defendant fails to note, however, is that

the introductory language in paragraph 102 alleges that the defects in the housing units which are

-1-

made the subject of the complaint are said to be "the result of and/or include...." the failure to properly test the unit [emphasis added]. In other words, plaintiff's unit is alleged to be defective, or unreasonably dangerous in normal or foreseeable use, because, among other things, it was not properly tested while in the control of the manufacturer.

Plaintiff agrees that for a product to be defective under the LPLA it must be proven to be unreasonably dangerous in construction or composition, design, based on the lack of a proper warning, or based on non-conformity with an express warranty, and further agrees that this product liability action against Gulf Stream must be based on proof of defectiveness under one or more of these statutory theories of product defect. Without reference to one of these theories of defect, therefore, a mere allegation or theory based on the negligent failure to test the unit for formaldehyde levels, would not, standing alone, constitute a claim cognizable under the LPLA. But the complaint of Alana Alexander does not allege that the failure to inspect is a stand-alone theory of negligence, separate and apart from the LPLA. It alleges, rather, that one of the ways in which the defectiveness of her unit came about or resulted was from the manufacturer's failure to properly test the unit. This is a factual allegation which plaintiff believes will be supported by the evidence. The evidence is relevant to the theory of a product defect under the LPLA.

At least one Court has recognized that testimony and evidence about a defendant manufacturer's failure to test a product is a proper part of a theory of product defect (in that particular case, because of the lack of warning). *See Linsley v. C.R. Bard, Inc.*, Case No. 98-207, 2001 WL 343358, at p. 6 (EDLA 3/30/2000). While the district judge in *Linsley* granted summary judgment for the defendant because of the lack of evidence to support the inadequate warnings theory in that case, the Court nevertheless agreed to hear evidence about the

-2-

defendant's failure to test the unit in considering whether the warning was inadequate.  The evidence of the failure to test, in other words, was clearly relevant to the question whether a product defect was proven.

Similarly, the plaintiff in this case will ask the jury to consider evidence that Gulf Stream improperly failed to test Ms. Alexander's housing unit for formaldehyde levels before the unit left the manufacturer.  This evidence is relevant because plaintiff alleges that, as a consequence of the failure to test, the unit was rendered defective in composition and design, leaving the manufacturer with an unsafe level of formaldehyde.

Plaintiff therefore asks the Court to deny the instant motion to dismiss, in that it fails to focus on the claim of product defect under the LPLA as reflected in the complaint, and instead is addressed to an evidentiary aspect of that claim.  Even to this extent, the motion to dismiss is without merit, since the evidence of the manufacturer's failure to test is relevant.

Gulf Stream further avers that the plaintiff cannot recover for a breach of the <u>implied</u> warranty of fitness in this matter, because (1) Ms. Alexander was not the buyer or owner of the unit and therefore lacks privity to bring an implied warranty claim, and (2) the LPLA only recognizes a breach of express warranties in cases against the manufacturer.

Louisiana jurisprudence is clear — and Gulf Stream appears to concede — that no privity is required for a product user or consumer to assert a claim for the breach of a warranty of fitness for intended use in an action against the seller of the product.  *See Media Prod. Consultants, Inc. v. Mercedes-Benz of America, Inc.*, 262 So.2d 377, 381 (La. 1972).  In that matter, the Louisiana Supreme Court expressly held that the recovery of pecuniary damages resulting from the sale of a vehicle with latent defects, was available to the vehicle owner in an action against the

-3-

seller/distributor under either an express warranty or implied warranty theory, notwithstanding the lack of privity to the sales agreement.

As to the LPLA, it is true that the LPLA itself provides for only a breach of express warranty theory of liability.  But the Act reserves — and the defendant again concedes that it reserves — claims for damages under the Louisiana Law of redhibition.  *See* LSA R.S. 9:2800.53(5).  *See also Morris v. United Servs. Auto. Ass'n.*, 756 So.2d 549, 561 (La. App. 2000).  Moreover, while redhibition traditionally is a cause of action involving only a buyer and seller of a thing having privity to the sales contract, there is Louisiana jurisprudence recognizing that redhibition is a remedy also available to third-party beneficiaries of the contract for the purchase of the thing at issue.  In *Stelly v. Gerber Products Co.*, for example, it was expressly held that

> [c]onsumers might, as purchasers (<u>or third-party beneficiaries of a purchase</u>, c.c. art. 1890), bring an action in contract for breach of the seller's warrant against redhibitory defects, art. 2476.

299 So.2d 529, 532 (La. App. 1974) [emphasis added].[1]

In this case, it is respectfully submitted that plaintiff Alana Alexander was a third-party beneficiary of the purchase agreement whereby the Gulf Stream unit she occupied was acquired by FEMA from the manufacturer, and ultimately made available to Ms. Alexander.  The nature of the relationship between FEMA, the purchaser, and a trailer occupant such as Ms. Alexander, must be examined in order to determine whether a benefit or an advantage to an occupant such as

---

[1]Although the Court in *Stelly* cited Louisiana Civil Code Article 1890 for the proposition that a third-party beneficiary of a purchase has the same standing as the actual purchaser in his redhibition case, perhaps a more accurate citation would have been to Civil Code Article 1981, which states that "[t]he stipulation gives the third-party beneficiary the right to demand performance from the promissor."

Ms. Alexander is promised or held out in the transaction between Gulf Stream and FEMA.  *See Liquid Drill, Inc. v. U.S. Turnkey Expiration, Inc.*, 48 F.3d 927, 931 (5th Cir. 1995).  Specifically, Ms. Alexander and her son Christopher Cooper, in order to qualify as third party beneficiaries to the housing sale contract between Gulf Stream and FEMA, would have to demonstrate the following:

(1)     that the contract between Gulf Stream and FEMA for the sale of this Emergency Housing Unit clearly intended to benefit Ms. Alexander, a displaced hurricane victim;

(2)     that there was certainty as to the benefit provided to Ms. Alexander; and

(3)     that the benefit to Ms. Alexander was not merely incidental to the contract between Gulf Stream and FEMA.

It is not necessary that the intended benefit for Ms. Alexander be stipulated anywhere in writing. *Joseph v. Hospital Service Dist. No. 2 of Parish of St. Mary*, 939 So.2d 1206, 1212 (La. 2006) (relying on Louisiana Civil Code Article 1978).

In a prior ruling of December 12, 2008, Your Honor considered whether third-party beneficiaries could bring actions for the breach of implied warranty under Alabama, Texas, and/or Mississippi law; and the Court dismissed such claims arising under the laws of these three states, without addressing or dismissing such claims under Louisiana law.  *See In Re: FEMA Trailer Formaldehyde Products Litigation*, No. 07-1873, 2008 WL 5217594, at pp. 12-15 (EDLA 12/12/08).  It now must be determined whether Alana Alexander stands as a third-party beneficiary of the trailer purchaser transaction between the defendant Gulf Stream and the defendant United States, and whether, as a third-party beneficiary proceeding on this basis, she would be entitled to pursue a redhibition cause of action herein (in addition to her LPLA claims)

against Gulf Stream.  The instant motion under Rule 12(b)(6) cannot serve as a vehicle to make this determination, given the factual issues inherent in it.  On the present record, therefore, this aspect of defendant's motion is without merit and must be denied.

Finally, Gulf Stream asserts that plaintiff's claim for damages based on the loss of use of safe housing is tantamount to economic damages from the use of the defendant product, and precluded under the LPLA.  In the aforementioned prior ruling, this Court held as follows:

> ...[T]he Court concludes that Plaintiffs are not entitled to economic damages under the LPLA if Louisiana's redhibition laws do not allow recovery for the claimed economic loss.  However, because it is presently unclear whether and to what extent redhibition would provide recovery for Plaintiff's claims, the Court is unwilling to conclude that Plaintiffs have no remedy for economic loss damages in Louisiana.  Defendants' request for dismissal is denied.

*In Re: FEMA Trailer Formaldehyde Products Liability Litigation*, *supra*, 2008 WL 5217594, at p. 18.  Again, therefore, the instant motion is without merit, because this Court simply does not have a sufficient record on which to determine whether the plaintiff Alana Alexander was or was not a third-party beneficiary of the purchase agreement between FEMA and the United States, and in turn whether plaintiff may pursue a redhibition claim (to include a claim for economic damages) against the defendant Gulf Stream as seller of a thing containing a redhibitory vice or defect.

For the foregoing reasons, plaintiff respectfully submits that the defendant's 12(b)(6) motion should be denied.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE**
**PRODUCT LIABILITY LITIGATION**

BY:  s/Gerald E. Meunier
      GERALD E. MEUNIER, #9471
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier &
      Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone:    504/522-2304
      Facsimile:    504/528-9973
      gmeunier@gainsben.com

      s/Justin I. Woods
      JUSTIN I. WOODS, #24713
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier &
      Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone:    504/522-2304
      Facsimile:    504/528-9973
      jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'**
**STEERING COMMITTEE**
      ANTHONY BUZBEE, Texas # 24001820
      ROBERT M. BECNEL, #14072
      RAUL BENCOMO, #2932
      FRANK D'AMICO, JR., #17519
      MATT MORELAND, #24567
      LINDA NELSON, #9938
      DENNIS REICH, Texas #16739600
      MIKAL C. WATTS, Texas #20981820

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2009, I electronically filed the foregoing with the Clerk of

Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

s/Gerald E. Meunier
GERALD E. MEUNIER, #9471