UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                          MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION
                                                                                    SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-2892

## ORDER AND REASONS

Before the Court is the Motion to Strike Certain Expert Witnesses (Rec. Doc. 1557), filed by Gulf Stream Coach, Inc. and Fluor Enterprises, Inc. (collectively, "the movants"). In this motion, the movants request that the Court strike certain expert witnesses, arguing that (1) the Court has already excluded some of the underlying information and testing that these experts will present, (2) the information presented by some of the experts will be duplicative and redundant, and (3) Plaintiffs have not pled some of the issues these experts apparently plan to address. After considering the memoranda of the parties and the applicable law, this Court denies this motion at this juncture in the proceedings. However, the Court offers the following guidance.

(1)     No duplicative testimony will be allowed. Multiple opinions on the same subject will generally not be admitted, absent prior consent of the Court based on a showing of compelling reasons.

(2) Expert opinions based on Plaintiffs' re-testing of the emergency housing unit ("EHU") in this case will not be admitted. The Court reminds the parties that, as stated in its April 28, 2009 Order (Rec. Doc. 1378) and its May 18, 2009 Order and Reasons (Rec. Doc. 1547, n. 1), it allowed such testing to take place only because of the immediacy of the pending expert report deadline, and subject to motion practice specifically directed to the use of such test results. In allowing such testing to take place, it noted that Defendants' planned to file a motion for protective order or other appropriate motion relating to the same. In other words, had it not been for the impending expert report deadline, the Court would have decided the motion for protective order prior to the testing having ever taken place. Plaintiffs cannot, now, attempt to offer expert opinions on that testing, which the Court has excluded. Moreover, any data collected as a result of this testing, and opinions based solely on such testing, shall also be excluded. However, the Court considers measurements as facts[1], not testing results; thus these facts might even be subject to stipulation by the parties.

(3) Plaintiffs have confirmed that they are not alleging claims relating to the impact of mold on their health. However, evidence of the presence of mold may be indicative of moisture intrusion, which may be important to formaldehyde levels in the EHU. Thus, any references to mold would be admissible if they are offered to show an alleged impact on formaldehyde levels. The Court will consider giving an instruction to the jury that Plaintiffs do not allege and cannot recover for the impact of the presence of mold on their health. It should be noted that the substance of this guidance shall also apply to the Court's June 30, 2009 Order and Reasons (Rec. Doc. 2009), wherein it stated that "[n]o mold testing shall be permitted."

---

[1] For example, measurements of the subject EHU taken during this testing would not be considered by the Court to be expert opinion or a product of expert testing. Accordingly, such information would likely be admissible.

Considering the foregoing, **IT IS ORDERED** that the **Motion to Strike Certain Expert Witnesses (Rec. Doc. 1557)** is **DENIED**.

New Orleans, Louisiana, this 6th day of July, 2009.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**