# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER FORMALDEHYDE | § | MDL No. 1873 |
| PRODUCTS LIABILITY LITIGATION | § | |
| | § | SECTION N(5) |
| | § | |
| THIS DOCUMENT IS RELATED TO: | § | JUDGE ENGELHARDT |
| *Charlie Age, et al. v.* | § | |
| *Gulf Stream Coach, Inc., et al.* | § | MAGISTRATE CHASEZ |
| *Civil Action No. 09-2892* | § | |

_____

## FLUOR ENTERPRISES, INC.'S REQUESTED JURY INSTRUCTIONS

Fluor Enterprises, Inc. hereby submits the following requested Jury Instructions in the above-entitled and numbered case.

## U.S. FIFTH CIRCUIT COURT OF APPEAL PATTERN JURY INSTRUCTIONS

1.1     Preliminary Instructions
2.1     First Recess
2.2     Stipulated Testimony
2.3     Stipulations of Fact
2.4     Judicial Notice
2.5     Publicity during Trial
2.7     Bench conferences and recesses
2.8     Demonstrative evidence
2.9     Witness not called
2.10    Similar Acts – Cautionary Charge
2.11    Duty to deliberate
2.12    Instructions on deliberation
2.13    Corporate Bias
2.15    Limiting Instruction
2.16    Impeachment by witnesses' inconsistent statements
2.18    Consideration of the evidence
2.19    Expert Witnesses
2.21    Use of Notes Taken by Jurors
2.22    Cautionary Instruction on Damages

2.23    Deposition testimony
3.1     General Instructions
15.1    Consider Damages Only If Necessary
15.2    Compensatory Damages
15.3    Calculation of Past and Future Damages
15.5    Aggravation or Activation of Disease or Defect
15.6    Medical Expenses
15.9    Parent's Loss of Child's Services, Earnings, Earning Capacity
15.15   Mitigation of Damages

## LOUISIANA CIVIL JURY INTRUCTIONS

11.01   Liability based on unreasonably dangerous construction or composition
11.02   Liability based on unreasonably dangerous design
11.03   Liability based on inadequate warning
11.06   Inadequate warning – State of the art defense
11.07   Unreasonably dangerous in design – State of the art defense
11.08   Manufacturer – Basic definition
11.09   Manufacturer – Other definitions
11.11   Attorney's fees
11.12   Manufacturer defenses – Contributing fault
11.13   Definition of misuse
11.14   Manufacturer – No duty to design perfect product

## SPECIALLY DRAFTED INSTRUCTIONS

- Burden of proof
- Sophisticated Purchaser/User
- Liability of Provider of Services
- Government Contractor Defense
- Government Contractor Defense - Approval of Reasonably Precise Specifications
- Government Contractor Defense-Conformance With Government-Approved Specifications
- Government Contractor Defense-Contractor Must Warn of Dangers Known To It, But Not To The Government
- Negligence
- Contributory Negligence
- La. Rev. Stat §9:2771
- Causation
- Negligence Cause-in-Fact

- Alternate Causation
- Comparative Fault
- Contractor's Duties Limited to the Government Contract
- Prescription Defense
- Damages
- Negligence – Actual Damage

Fluor Enterprises, Inc. reserves the right to adopt any proposed jury instructions submitted by any other party in this matter.

Respectfully submitted,

**MIDDLEBERG, RIDDLE & GIANNA**

BY:       */s/ Sarah A. Lowman.*
Dominic J. Gianna, La. Bar No. 6063
Sarah A. Lowman, La. Bar No. 18311
201 St. Charles Avenue, Suite 3100
New Orleans, Louisiana 70170
Telephone: (504) 525-7200
Facsimile: (504) 581-5983
dgianna@midrid.com
slowman@midrid.com

Charles R. Penot, Jr. (La. Bar No. 1530 &
Tx. Bar No. 24062455)
717 North Harwood, Suite 2400
Dallas, Texas 75201
Tel: (214) 220-6334; Fax: (214) 220-6807
cpenot@midrid.com

*-and-*

Richard A. Sherburne, Jr., La. Bar No. 2106
450 Laurel Street, Suite 1101
Baton Rouge, Louisiana 70801

Telephone: (225) 381-7700
Facsimile: (225) 381-7730
rsherburne@midrid.com

**ATTORNEYS FOR FLUOR ENTERPRISES, INC.**


**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2009, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sends notice of electronic filing to all counsel of record, including court-appointed liaison counsel, who are CM/ECF participants.


    */s/ Sarah A. Lowman.*
**SARAH A. LOWMAN**

**PROPOSED INSTRUCTION:  BURDEN OF PROOF**

In this case, each party asserting a claim or a defense has the responsibility to prove every essential part of his contention by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."  A "preponderance of the evidence" simply means an account of evidence that is enough to persuade you that a claim or contention is more likely true than not true.  This rule does not, of course, require proof to an absolute certainty since proof to an absolute certainty is seldom possible in any case.

Where more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but, in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them and all of the exhibits received in evidence, regardless of who may have called them and all of the exhibits received in evidence, regardless of who may have produced them.  If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the party making that claim or contention.

Not every incident that occurs gives rise to a cause of action upon which a person may recover damages from someone.  The mere fact that an incident happened, considered alone, does not support any inference, and does not raise a presumption that some party or any party to this present action was at fault.

Musso v. St. Mary Parish Hospital Service, 345 So.2d 129, 130 (La. App. 1st Cir. 1977); City of New Orleans v. Williams, 292 So.2d 744, 746 (La. App. 4th Cir. 1974).

## PROPOSED INSTRUCTION:  SOPHISTICATED PURCHASER/USER

When a manufacturer or distributor sells a product to a sophisticated purchaser, and that purchaser then supplies the product for use, the manufacturer has no legal duty to provide any warnings to the user concerning possible hazards associated with the product's use.  A sophisticated purchaser is one who by experience and expertise is aware of the possible hazards associated with the use of the product, and who has an obligation to inform end users of such potential hazards.  Therefore, if you find that (1) Fluor Enterprises, Inc. is a manufacturer, and (2) the United States through the Federal Emergency Management Agency is a sophisticated purchaser of emergency housing and its component parts, then you must return your verdict in favor of Fluor Enterprises, Inc. on the Louisiana Products Liability Act claim.

See Davis v. Avondale Industries, 975 F.2d 169 (5th Cir. 1992).

## <u>PROPOSED INSTRUCTION:  LIABILITY OF PROVIDER OF SERVICES</u>

Fluor Enterprises, Inc. asserts that it is not a "manufacturer" of the trailer which plaintiffs occupied.  In this regard, I instruct you that the Louisiana Products Liability Act (LPLA) does not apply to providers of professional or nonprofessional services, even if the service results in a product.

If you determine that Fluor Enterprises, Inc. provided a service, even though the service resulted in a product, then you may not impose liability upon Fluor Enterprises, Inc.  as if it were a manufacturer of a product.

La. Rev. Stat. 9:2800.52

## PROPOSED INSTRUCTION:  GOVERNMENT CONTRACTOR DEFENSE

Fluor Enterprises, Inc. asserts that it is a government contractor that performed its work according to and in compliance with specifications approved and mandated by the U.S. Government through the Federal Emergency Management Agency (FEMA).

In this regard, I instruct you that a private contractor cannot be liable under state law for alleged negligence where: (1) the federal government approves reasonably precise specifications, (2) the contractor's work conforms to those specifications, and (3) the contractor is not aware of reasons not known to the government why the work product required by the specifications is unsafe or unreasonable.  Therefore, if you find that (1) The Government approved reasonably precise work plans and specifications for installation of the plaintiffs' travel trailer, (2) Fluor Enterprises, Inc.'s work conformed to the Government's approved plans and specifications, and (3) Fluor Enterprises, Inc. had no actual knowledge, not otherwise known to the Government, of any dangers with respect to the Government's plans for installation of the trailer, then you must return your verdict in favor of Fluor Enterprises, Inc..

See Kerstetter v. Pacific Scientific Co., 210 F.3d 431, 435 (5th Cir. 2000); Boyle v. United Tech. Corp., 487 U.S. 500, 512, 108 S.Ct. 2510 (1998); In re Katrina Canal Breeches Consol. Litig., No. 05-4182, 2007 WL 4219351, at *5 (E.D. La. Nov. 27, 2007).

**PROPOSED INSTRUCTION:  GOVERNMENT CONTRACTOR DEFENSE – APPROVAL OF REASONABLY PRECISE SPECIFICATIONS**

The government need not prepare the specifications to be considered to have approved them, as long as the government provides a substantive review or evaluation of the contractor's plans, and is not merely a bureaucratic rubber stamp.  Evidence of continuous back and forth between the contractor and the government, such as proof that the contractor and government worked closely together on the development of a project from its planning stages through its full production generally is sufficient.  The specifications need not address the specific defect alleged; the government need only evaluate the design feature in question.

Kerstetter v. Pac. Sci. Co., 210 F.3d 431, 435 (5th Cir. 2000); Travino v. Gen. Dynamics, 865 F.2d 1474 (5th Cir. 1989); In re Air Disaster at Ramstein Air Base, Germany, 81 F.3d 570, 574-75 (5th Cir. 1996); Boyle v. United Tech. Corp., 487 U.S. 500, 512 (1998).

## PROPOSED INSTRUCTION:  GOVERNMENT CONTRACTOR DEFENSE-CONFORMANCE WITH GOVERNMENT-APPROVED SPECIFICATIONS

The Government's issuance of a form or report indicating acceptance of the product and/or conformity with all required specifications is compelling evidence that the contractor's work met the government's requirements.   This condition also may be satisfied by showing that the Government supervised and controlled the contractor's implementation of approved specifications, or that the Government inspected, accepted as complete or used the contractor's work.   Where there is a continuous exchange between the contractor and the government, the process itself becomes persuasive evidence of product conformity to precise specifications.   A plaintiff must show an allegedly defective feature – which caused plaintiff's damages – resulted from the contractor's departure from reasonably precise specifications.

Miller v. Diamond Shamrock Co., 275 F.3d 414, 420 (5th Cir. 2001) (collecting cases); In re Katrina Canal Breeches Consol. Litig., No. 05-4182, 2007 WL 4219351, at *5 (E.D. La. Nov. 27, 2007); Kerstetter v. Pac. Sci. Co., 210 F.3d 431, 435-36 (5th Cir. 2000); Kleemann v. McDonnell Douglas Corp., 890 F.2d 698, 701-02 (4th Cir. 1989); See also Beaver Valley Power Co. v. Nat'l Eng'g & Contracting Co., 883 F.2d 1210, 1219 n.9 (3d Cir. 1989).)

**PROPOSED INSTRUCTION:  GOVERNMENT CONTRACTORDEFENSE-
CONTRACTOR MUST WARN OF DANGERS KNOWN TO IT, BUT NOT TO
THE GOVERNMENT**

A federal contractor satisfies the government contractor defenses' third condition by proving that it knew of no reasons not known to the government why the application of the approved specifications were unsafe or unreasonable.  The contractor has no duty to test for or discover inherent risks that neither the United States nor its contractor ever considered to be unsafe.  The government contractor defense does not require a contactor to warn the government of defects about which it should have reasonably known.  Rather, a government contractor is only responsible for warning the government of dangers about which it has actual knowledge, and not about dangers which, in hindsight, the contractor allegedly should have identified.  This third condition tests only whether the contractor knew of dangers not known to the government.  Thus, Fluor Enterprises, Inc. also may satisfy this third condition by showing the Government's knowledge of potential risks either equaled or exceeded Fluor Enterprises, Inc.'s knowledge.

In re Katrina Canal Breeches Consolidated Litigation, 2007 WL 4219351, at *5 (E.D. La. 2007); Boyle v. United Tech. Corp., 487 U.S. 500, 512-13 (1988); Trevino v. Gen. Dynamics, 865 F.2d 1474, 1487 (5th Cir. 1989); Kerstetter v. Pac. Sci. Co., 210 F.3d 431, 436 & 438 n.9 (5th Cir. 2000); Miller v. Diamond Shamrock Co., 275 F.3d 414, 422-23 (5th Cir. 2001); In re Air Disaster at Ramstein Air Base Germany, 81 F.3d 570, 575 (5th Cir. 1996).

## **PROPOSED INSTRUCTION:  NEGLIGENCE**

In a cause of action based on negligence, it is well established that the "duty-risk" analysis is the process employed in Louisiana for determining whether liability exists under the facts of a given case.  The following questions are considered in this analysis:

1.  Was there a duty owed by Fluor Enterprises, Inc. to protect plaintiffs from this type of harm arising in this manner?

2.  Did Fluor Enterprises, Inc. violate the duty owed?

3.  Was the breach of duty a substantial factor in bringing about harm to the plaintiffs, i.e., was it a cause-in-fact of the harm which occurred?

<u>Mart v. Hill</u>, 555 So.2d 1120 (La. 1987); <u>Hill v. Lundin & Associates, Inc.</u>, 256 So.2d 620 (1972); <u>Crowe, The Anatomy of a Tort</u>, 22 Loy. L. Rev. (1976); and McNara, <u>The Duties and Risks of the Duty-Risk Analysis</u>, 44 La. L. Rev. 1227 (1984).

## **PROPOSED INSTRUCTION:  NEGLIGENCE**

I have instructed you that in order for Fluor Enterprises, Inc. to be liable to the plaintiffs, it is necessary for you to find that Fluor Enterprises, Inc.'s conduct was substandard in relation to the rule which applies to its conduct, and that Fluor Enterprises, Inc.'s conduct must have played a substantial part in causing the plaintiffs' injuries.

But there is a further finding that is necessary in order for you to render a verdict for the plaintiffs.  You must also consider whether a reasonable contractor, in doing or contemplating the acts or omissions with which Fluor Enterprises, Inc. is charged, would have considered the general kind of injury as those suffered in this case as one of the dangers created or enhanced by its conduct.  In other words, do you think that the standard applicable to Fluor Enterprises, Inc.'s conduct was meant to cover what happened to these plaintiffs?

Brown v. Tesack, 566 So.2d 955 (La. 1990).

## **PROPOSED INSTRUCTION:  NEGLICENCE**

The failure to take every precaution against every foreseeable risk or to use extraordinary skill, caution, and foresight is not negligence.

<u>Smolinski v. Taulli</u>, 276 So.2d 286 (La. 1973).

## **PROPOSED INSTRUCTION:  CONTRIBUTORY NEGLIGENCE**

Besides denying that any negligence on its part caused an injury or damage to the plaintiffs, each defendant can allege as a further defense that some contributory negligence on the part of plaintiffs was the cause of any injuries and consequent damages they may have sustained.

Contributory negligence is fault on the part of a person injured, which combines in some degree with the negligence of another, and so helps to bring about the injury.

By the defense of contributory negligence, each defendant in effect alleges that, even if it were guilty of some negligent act or omission that was one of the causes of the accident, plaintiffs, by their own failure to use ordinary care under the circumstances for their own safety, at the time and place in questions, also contributed one of the causes of the injuries they suffered.

Landry v. Uniroyal Chemical, 653 So. 2d 1199 (La. App. 1st Cir. 1995).

## PROPOSED INSTRUCTION:  LA. REV. STAT §9:2771

A contractor who performs work pursuant to plans and specifications provided by another party can not be held liable to any person injured as a result of that work unless the contractor had a justifiable reason to believe that following the plans and specifications would create a hazardous condition.

Therefore, if you find that Fluor Enterprises, Inc. is a contractor that performed its work in accordance with the plans and/or specifications furnished to it by the Government, then you must return your verdict in favor of Fluor Enterprises, Inc.

Nolan v. S & W Steel Fabricators, Inc., 600 So.2d 929, 932 (La. App. 2d Cir. 1992); Richard v. State Through DOTD, 610 So.2d 839 (La. App. 1st Cir. 1992); La. Rev. Stat. § 9:2771.

## PROPOSED INSTRUCTION:  CAUSATION

A defendant is only liable for damage caused by his fault, not from separate, independent, or intervening causes of damage, and it is the plaintiffs who bear the burden of proving that plaintiff's injuries are in fact attributable to a defendant.

Douchet v. Doug Ashy Bldg. Materials, Inc., 671 So.2d 1148 (La. App. 3d Cir. 1966); Rhodes v. State Through Dept. of Transp. and Development, 684 So.2d 1134 (La. App. 1st Cir. 1996), writ not considered, 688 So.2d 487 (La. 1991); Hurts v. Woodis, 676 So.2d 1166 (La. App. 1st Cir. 1996).

**PROPOSED INSTRUCTION:  NEGLIGENCE CAUSE-IN-FACT**

As to the requirement that plaintiffs' injury be caused by defendant's conduct, I do not mean that the law recognizes only one cause of any injury, consisting of only one factor or thing, or the conduct of only one person.  On the contrary, many factors or things may operate at the same time, either independently or together, to cause injury or damage.  You should resolve this question by deciding whether plaintiffs would probably not have suffered the claimed injuries in the absence of Fluor Enterprises, Inc.'s conduct.  If plaintiffs probably *would* have suffered those injuries regardless of what Fluor Enterprises, Inc. did, then you must conclude that the injuries were not caused by Fluor Enterprises, Inc., and render a verdict for Fluor Enterprises, Inc.

Cornish v. Doctors Care, LLC, 819 So.2d 1158 (La. App. 4th Cir. 2002).

## PROPOSED INSTRUCTION:  [ALTERNATE] CAUSATION

In order to prove causation, the plaintiffs must show that plaintiffs would not have suffered the injuries but for Fluor Enterprises, Inc.'s conduct, and the plaintiffs must show that Fluor Enterprises, Inc.'s conduct was a substantial contributing factor in bringing about the harm and was not a remote or slight part.

Quick v. Murphy, 643 So.2d 1291 (La. App. 4th Cir. 1994); Lastrappes v. South Central Bell Telephone Co., 473 So.2d 115, 119 (La. App. 3d Cir. 1985); Doven v. Cessna Aircraft Co., 416 So.2d 1337 (La. App. 3d Cir. 1982); Rogers v. Parish of East Baton Rouge, 577 So.2d 1068, 1071 (La. App. 1st Cir. 1991).

## <u>PROPOSED INSTRUCTION:  COMPARATIVE FAULT</u>

In any action for damages where a person suffers injury, death or loss, the degree or percentage of fault of all persons or entities causing or contributing to the injury, death or loss shall be determined, regardless of whether the person or entity is a party to the action or a non-party, and regardless of the person or entity's insolvency, ability to pay, or immunity.  So in this case, even though the Government is immune from liability for certain acts, you are ***not*** to reduce the degree or percentage of fault that you would otherwise attribute to the Government just because it is immune from liability.  In other words, when you are asked on the jury verdict form at question _____ to attribute fault to the Government, you may consider all conduct of the Government, even that for which I have charged you elsewhere that the Government is not liable.  Additionally, the degree or percentage of fault of all of these persons or entities must be determined, even if the identity of the person or entity is not known or reasonably ascertainable.

La. Civ. Code art. 2323.

## PROPOSED INSTRUCTION:  PRESCRIPTION DEFENSE

The defendants assert as a defense that plaintiffs' claim is barred by prescription. Prescription is a law that provides that a suit is barred if a plaintiff does not bring it within a prescribed period of time.  The time period within which the suit must be brought begins when the plaintiffs first knew, or by the exercise of reasonable care, should have known of their formaldehyde claim against defendants.

The applicable prescriptive period is one year, and the defendants claim that the plaintiffs' suit is barred here because the plaintiffs knew, or by the exercise of reasonable care should have known, more than one year before bringing this suit that their alleged injuries were caused by exposure to formaldehyde while living in the emergency housing unit.

La. Civ. Code art. 3492; Mistich v. Cordis Manufacturing Co., 607 So.2d 955, 956 (La. App. 4th Cir. 1992); Griffin v. Minberger, 507 So. 2d 821, 823 (La. 1987).

## PROPOSED INSTRUCTION:  DAMAGES

If you decide that the plaintiffs have established the first two elements of their case by a preponderance of the evidence, and a defendant has failed to establish a defense which would prevent the plaintiff from recovering an award for his injuries, you must decide the questions of whether there has been damage to their person and if so, the amount of that damage.

In this regard, I call to your attention the words of Article 2315 of our Civil Code:

"Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it."

Even if you find a defendant liable in some manner, the plaintiffs cannot recover unless they have actually suffered damage.  The plaintiffs must suffer some degree of loss or detriment in order to recover from a liable defendant.

Louisiana law contemplates simple reparation, a just and adequate compensation for injuries.  Revenge or punishment plays no part in an award of damages.  Accordingly, our law does not permit the awarding of damages to punish a defendant, and you should include no such amount in your award.  If you find that the plaintiffs have in fact sustained injuries, your award should be designed to fully and fairly compensate the plaintiffs for their injuries and should not go beyond such reparation.

The law is fully cognizant of the difficulty of translating personal injuries into a dollars and cents figure, but that is what must be done.

Bourgeois v. A.P. Green Industries, Inc., 716 So.2d 355 (La. 1998).

## PROPOSED INSTRUCTION:  NEGLIGENCE – ACTUAL DAMAGE

Delictual liability consists of fault, causation, and damage.  To establish liability, a plaintiff must prove that defendant's fault caused actual damage to the plaintiff.  If a plaintiff proves that the defendant's fault caused some legally compensable damage, a plaintiff must further prove what damage, by kind and seriousness, was caused by defendant's fault before the court can render an appropriate award.  A defendant is only liable for that damage caused by his or her fault.

Hall v. Brookshire Brothers, Ltd., 848 So.2d 559 (La. 6/27/03).

ND: 4824-5021-6964, v.  3ND: 4824-5021-6964, v.  3