k.   whether the document is handwritten, typewritten or otherwise prepared; and

l.   any other information which is useful in identifying or is necessary to identify the document.

4.   Whenever appropriate, the singular form of the word shall be interpreted in the plural and vice versa.

5.   All words and phrases shall be construed as masculine, feminine, or neutral gender according to the context.

6.   **"And"** as well as **"or"** shall be construed either disjunctively as necessary to bring within the scope of the subpoena and/or request for production of documents any matters which might otherwise be construed to be outside of the scope of the subpoena and/or request for production of documents.

7.   **"Units"** means travel trailers, mobile homes, park homes or any similar type of housing.

8.   **"Wood Products"** includes any type of engineered wood or composite wood products, including  particle board, plywood, hardwood or hardboard, medium-density fiberboard (or MDF), oriented strand board (or OSB), wood composition board, laminate board, or similar product.

## ADDITIONAL DIRECTIONS

This request does not seek:

1.   Documents protected by a legitimate attorney-client privilege.

2.   Documents outside your care, custody or control.

## DATE RANGE

Unless specified otherwise, January 1, 2002 to December 31, 2006.

## DOCUMENT REQUESTS

A.    Your communications to your members regarding:

      1.    Formaldehyde and the health risks of exposure to formaldehyde.

      2.    The nature, language or furnishing of any warnings, instructions, or use recommendations to installers or end users of Units, relating to the risk of formaldehyde exposure.

      3.    Any existing or proposed standards regulations, guidelines, recommendations, practices, rules, policies, and/or procedures promulgated by any entity, relating to a maximum emission level of formaldehyde in Units.

      4.    A "safe level" or maximum exposure level of formaldehyde concentrations in indoor air for residents or users of Units or workers who come into contact with formaldehyde or formaldehyde fumes.

      5.    Possible causes of elevated formaldehyde readings in Units, other than from Wood Products.

      6.    Problems associated with improper "jacking" or "leveling" of units.

17169-6

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER PRODUCTS    §
LIABILITY LITIGATION            §
                                §
                                §
                                §          Civil Action No. MDL No. 1873
                                §
                                §
                                §
                                §
                                §

## NOTICE TO TAKE DEPOSITION UPON WRITTEN QUESTIONS

TO:    DEFENDANT, by and through the attorney of record Mr. Andrew D. Weinstock; Defendant by and
       through the attorney of records Mr. Charles R. Penot; Defendant by and through the attorney of
       records Mr. Henry T. Miller and Mr. Adam Dinnell; Plaintiff, by and through the attorney of record
       Mr. Gerald E. Meunier; Plaintiff by and through the attorney of record Mr. Justin I. Woods; Plaintiff
       by and through the attorney of record Mr. Raul Bencomo; Plaintiff by and through the attorney of
       record Mr. Frank D`Amico; Plaintiff by and through the attorney of record Mr. Matt Moreland;
       Plaintiff by and through the attorney of record Ms. Linda Nelson; Plaintiff by and through the
       attorney of record Mr. Mikal Watts;

       **YOU WILL TAKE NOTICE THAT** fourteen (14) days after the service of a copy hereof with
attached questions, a DEPOSITION UPON WRITTEN QUESTIONS will be taken of the custodian of
records for **Pennsylvania RV & Camping Association, 4000 Trindel Road, Camp Hill, PA 17011** before
a representative and duly authorized Notary Public for: Blue Ribbon Legal, L.L.C., 7020 Portwest Drive,
Suite 150, Houston, Texas 77024, (713)861-8004.

       Notice is further given that request is here made as authorized under Rule 31 of the Federal Rules
of Civil Procedure, to the officer authorized to take this deposition to issue a SUBPOENA DUCES TECUM
and cause it to be served on the witness to produce the following:

**Records, as described in the attached "Exhibit A"**

Anthony G. Buzbee

By Permission:
Mr. Anthony G. Buzbee
SBN 24001820
The Buzbee Law Firm
600 Travis, Suite 7300
Houston, TX  77002
(713) 223-5393; Fax: (713) 223-5909

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Notice, as well as a copy of the attendant Direct Questions, have been mailed, return receipt requested, or hand delivered or transmitted by telephone facsimile to all Counsels of Record, this the **29 day of June, 2009.**

For:      Mr. Anthony G. Buzbee

cc:

Mr. Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier & Warshauer
1100 Poydras Street, Suite 2800
New Orleans, LA 70163
(504) 522-2304, Fax: (504) 528-9973
Attorney for Plaintiff

Mr. Justin I. Woods
Gainsburgh, Benjamin, David, Meunier & Warshauer
1100 Poydras Street, Suite 2800
New Orleans, LA 70163
(504) 522-2304, Fax: (504) 528-9973
Attorney for Plaintiff

Mr. Raul Bencomo
Law Offices of Raul Bencomo
639 Loyola Avenue, Suite 2110
New Orleans, LA 70113
(504) 529-2929, Fax: (504) 529-2018
Attorney for Plaintiff

Mr. Frank D`Amico
Frank J. D`Amico, Jr., APLC
622 Baronne Street
New Orleans, LA 70113
(504) 525-7272, Fax: (504) 525-1073
Attorney for Plaintiff

Mr. Matt Moreland
Becnel Law Firm, LLC
PO Drawer H, 106 West Seventh Street
Reserve, LA 70084
(985) 536-1186, Fax: (985) 536-6445
Attorney for Plaintiff

Ms. Linda Nelson
Lambert and Nelson, PLC
701 Magazine Street
New Orleans, LA 70130
(504) 581-1750, Fax: (504) 529-2931
Attorney for Plaintiff

Mr. Mikal Watts
Watts Guerra Craft
Four Dominion Drive, Building Three, Suite 100
San Antonio, TX 78257
(210) 527-0500, Fax: (210) 527-0501
Attorney for Plaintiff

Mr. Andrew D. Weinstock
Duplass Zwain Bourgeois Morton Pfister & Weinstock
3838 N. Causeway Blvd., 29th Floor
Metairie, LA 70002
(504) 832-3700, Fax: (504) 837-3119
Attorney for Defendant

Mr. Charles R. Penot
Middleberg, Riddle & Gianna
717 North Harwood, Suite 2400
Dallas, TX 75201
(214) 220-6300, Fax: (214) 220-2785
Attorney for Defendant

Mr. Henry T. Miller
Mr. Adam Dinnell
US Department of Justice, Civil Division
1331 Pennsylvania Avenue, Northwest
Room 8220-N
Washington, DC 20004
(202) 616-4233, Fax: (202) 616-4473

# EXHIBIT A

## DEFINITIONS

1.    "**You**" and its various forms such as "**your**" and "**yourself**" shall mean the person subject to this notice and/or subpoena and/or request for production and all present and former agents, employees, representatives, attorneys, custodian of records, and all other persons acting on behalf of such person, including, but not limited to, deponent, its divisions, parents, subsidiaries, related companies or corporations, predecessors, successors, and all present and former officers, directors, agents, employees, representatives, and attorneys, and all other persons acting or purporting to act on behalf of deponent.

2.    "**Document**s" shall mean or refer to all written or graphic matter of every kind of description, however, produced or reproduced, whether draft or final, original or reproduction, and all tangible things within the scope of the Federal Rules of Civil Procedure which are in the possession, custody or control of the party upon whom this subpoena and/or request for production of documents is served or to which said party can obtain access. The subpoena and/or request for production of documents calls for originals, unless otherwise specified, and for all copies when originals are not available. If a document has been prepared in several copies, or additional copies have been made and the copies are not identified (or by reason of subsequent modification of the copy by additions or notations, or other modifications, are no longer identical), each non-identical copy is a separate "document."

3.    With respect to the production of any documents which are claimed to be privileged, a statement shall be provided by the attorneys for the respondent setting forth as to each such documents (and, where applicable, each attachment thereto):

        a.    the name of the sender, if any, of the documents;

        b.    the name of the author of the document;

        c.    the name of the person, if any, to whom the document and copies were sent;

        d.    the date of the document;

        e.    the date on which the document was received by those having possession of the document;

        f.    a description of the nature and the subject matter of the document;

        g.    the statute, rule or decision which is claimed to give rise to the privilege;

        h.    the last-known custodian of the document and the present location of the document;

        i.    attachments to the document;

        j.    the number of pages comprising the document;

k.  whether the document is handwritten, typewritten or otherwise prepared; and

l.  any other information which is useful in identifying or is necessary to identify the document.

4.  Whenever appropriate, the singular form of the word shall be interpreted in the plural and vice versa.

5.  All words and phrases shall be construed as masculine, feminine, or neutral gender according to the context.

6.  **"And"** as well as **"or"** shall be construed either disjunctively as necessary to bring within the scope of the subpoena and/or request for production of documents any matters which might otherwise be construed to be outside of the scope of the subpoena and/or request for production of documents.

7.  **"Units"** means travel trailers, mobile homes, park homes or any similar type of housing.

8.  **"Wood Products"** includes any type of engineered wood or composite wood products, including  particle board, plywood, hardwood or hardboard, medium-density fiberboard (or MDF), oriented strand board (or OSB), wood composition board, laminate board, or similar product.

## ADDITIONAL DIRECTIONS

This request does not seek:

1.  Documents protected by a legitimate attorney-client privilege.

2.  Documents outside your care, custody or control.

## DATE RANGE

Unless specified otherwise, January 1, 2002 to December 31, 2006.

## DOCUMENT REQUESTS

A.   Your communications to your members regarding:

   1.   Formaldehyde and the health risks of exposure to formaldehyde.

   2.   The nature, language or furnishing of any warnings, instructions, or use recommendations to installers or end users of Units, relating to the risk of formaldehyde exposure.

   3.   Any existing or proposed standards regulations, guidelines, recommendations, practices, rules, policies, and/or procedures promulgated by any entity, relating to a maximum emission level of formaldehyde in Units.

   4.    A "safe level" or maximum exposure level of formaldehyde concentrations in indoor air for residents or users of Units or workers who come into contact with formaldehyde or formaldehyde fumes.

   5.   Possible causes of elevated formaldehyde readings in Units, other than from Wood Products.

   6.   Problems associated with improper "jacking" or "leveling" of units.

17169-7

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER PRODUCTS       §
LIABILITY LITIGATION               §
                                   §
                                   §
                                   §      Civil Action No. MDL No. 1873
                                   §
                                   §
                                   §
                                   §
                                   §

## NOTICE TO TAKE DEPOSITION UPON WRITTEN QUESTIONS

TO:    DEFENDANT, by and through the attorney of record Mr. Andrew D. Weinstock; Defendant by and
       through the attorney of records Mr. Charles R. Penot; Defendant by and through the attorney of
       records Mr. Henry T. Miller and Mr. Adam Dinnell; Plaintiff, by and through the attorney of record
       Mr. Gerald E. Meunier; Plaintiff by and through the attorney of record Mr. Justin I. Woods; Plaintiff
       by and through the attorney of record Mr. Raul Bencomo; Plaintiff by and through the attorney of
       record Mr. Frank D`Amico; Plaintiff by and through the attorney of record Mr. Matt Moreland;
       Plaintiff by and through the attorney of record Ms. Linda Nelson; Plaintiff by and through the
       attorney of record Mr. Mikal Watts;

       **YOU WILL TAKE NOTICE THAT** fourteen (14) days after the service of a copy hereof with
attached questions, a DEPOSITION UPON WRITTEN QUESTIONS will be taken of the custodian of
records for **Recreational Vehicle Indiana Council, Executive Director, 3210 Rand Road, Indianapolis,
IN 46241** before a representative and duly authorized Notary Public for: Blue Ribbon Legal, L.L.C., 7020
Portwest Drive, Suite 150, Houston, Texas 77024, (713)861-8004.

       Notice is further given that request is here made as authorized under Rule 31 of the Federal Rules
of Civil Procedure, to the officer authorized to take this deposition to issue a SUBPOENA DUCES TECUM
and cause it to be served on the witness to produce the following:

**Records, as described in the attached "Exhibit A"**

Anthony G. Buzbee

By Permission:
Mr. Anthony G. Buzbee
SBN 24001820
The Buzbee Law Firm
600 Travis, Suite 7300
Houston, TX 77002
(713) 223-5393; Fax: (713) 223-5909

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Notice, as well as a copy of the attendant Direct Questions, have been mailed, return receipt requested, or hand delivered or transmitted by telephone facsimile to all Counsels of Record, this the **29 day of June, 2009.**

For:    Mr. Anthony G. Buzbee

cc:

Mr. Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier & Warshauer
1100 Poydras Street, Suite 2800
New Orleans, LA 70163
(504) 522-2304, Fax: (504) 528-9973
Attorney for Plaintiff

Mr. Justin I. Woods
Gainsburgh, Benjamin, David, Meunier & Warshauer
1100 Poydras Street, Suite 2800
New Orleans, LA 70163
(504) 522-2304, Fax: (504) 528-9973
Attorney for Plaintiff

Mr. Raul Bencomo
Law Offices of Raul Bencomo
639 Loyola Avenue, Suite 2110
New Orleans, LA 70113
(504) 529-2929, Fax: (504) 529-2018
Attorney for Plaintiff

Mr. Frank D`Amico
Frank J. D`Amico, Jr., APLC
622 Baronne Street
New Orleans, LA 70113
(504) 525-7272, Fax: (504) 525-1073
Attorney for Plaintiff

Mr. Matt Moreland
Becnel Law Firm, LLC
PO Drawer H, 106 West Seventh Street
Reserve, LA 70084
(985) 536-1186, Fax: (985) 536-6445
Attorney for Plaintiff

Ms. Linda Nelson
Lambert and Nelson, PLC
701 Magazine Street
New Orleans, LA 70130
(504) 581-1750, Fax: (504) 529-2931
Attorney for Plaintiff

Mr. Mikal Watts
Watts Guerra Craft
Four Dominion Drive, Building Three, Suite 100
San Antonio, TX 78257
(210) 527-0500, Fax: (210) 527-0501
Attorney for Plaintiff

Mr. Andrew D. Weinstock
Duplass Zwain Bourgeois Morton Pfister & Weinstock
3838 N. Causeway Blvd., 29th Floor
Metairie, LA 70002
(504) 832-3700, Fax: (504) 837-3119
Attorney for Defendant

Mr. Charles R. Penot
Middleberg, Riddle & Gianna
717 North Harwood, Suite 2400
Dallas, TX 75201
(214) 220-6300, Fax: (214) 220-2785
Attorney for Defendant

Mr. Henry T. Miller
Mr. Adam Dinnell
US Department of Justice, Civil Division
1331 Pennsylvania Avenue, Northwest
Room 8220-N
Washington, DC 20004
(202) 616-4233, Fax: (202) 616-4473

# EXHIBIT A

## DEFINITIONS

1.   "**You**" and its various forms such as "**your**" and "**yourself**" shall mean the person subject to this notice and/or subpoena and/or request for production and all present and former agents, employees, representatives, attorneys, custodian of records, and all other persons acting on behalf of such person, including, but not limited to, deponent, its divisions, parents, subsidiaries, related companies or corporations, predecessors, successors, and all present and former officers, directors, agents, employees, representatives, and attorneys, and all other persons acting or purporting to act on behalf of deponent.

2.   "**Document**s" shall mean or refer to all written or graphic matter of every kind of description, however, produced or reproduced, whether draft or final, original or reproduction, and all tangible things within the scope of the Federal Rules of Civil Procedure which are in the possession, custody or control of the party upon whom this subpoena and/or request for production of documents is served or to which said party can obtain access. The subpoena and/or request for production of documents calls for originals, unless otherwise specified, and for all copies when originals are not available. If a document has been prepared in several copies, or additional copies have been made and the copies are not identified (or by reason of subsequent modification of the copy by additions or notations, or other modifications, are no longer identical), each non-identical copy is a separate "document."

3.   With respect to the production of any documents which are claimed to be privileged, a statement shall be provided by the attorneys for the respondent setting forth as to each such documents (and, where applicable, each attachment thereto):

   a.   the name of the sender, if any, of the documents;
   b.   the name of the author of the document;
   c.   the name of the person, if any, to whom document and copies were sent;
   d.   the date of the document;
   e.   the date on which the document was received by those having possession of the document;
   f.   a description of the nature and the subject matter of the document;
   g.   the statute, rule or decision which is claimed to give rise to the privilege;
   h.   the last-known custodian of the document and the present location of the document;
   i.   attachments to the document;
   j.   the number of pages comprising the document;

k.    whether the document is handwritten, typewritten or otherwise prepared; and

l.    any other information which is useful in identifying or is necessary to identify the document.

4.    Whenever appropriate, the singular form of the word shall be interpreted in the plural and vice versa.

5.    All words and phrases shall be construed as masculine, feminine, or neutral gender according to the context.

6.    **"And"** as well as **"or"** shall be construed either disjunctively as necessary to bring within the scope of the subpoena and/or request for production of documents any matters which might otherwise be construed to be outside of the scope of the subpoena and/or request for production of documents.

7.    **"Units"** means travel trailers, mobile homes, park homes or any similar type of housing.

8.    **"Wood Products"** includes any type of engineered wood or composite wood products, including  particle board, plywood, hardwood or hardboard, medium-density fiberboard (or MDF), oriented strand board (or OSB), wood composition board, laminate board, or similar product.

## ADDITIONAL DIRECTIONS

This request does not seek:

1.    Documents protected by a legitimate attorney-client privilege.

2.    Documents outside your care, custody or control.

## DATE RANGE

Unless specified otherwise, January 1, 2002 to December 31, 2006.

## DOCUMENT REQUESTS

A.    Your communications to your members regarding:

      1.    Formaldehyde and the health risks of exposure to formaldehyde.

      2.    The nature, language or furnishing of any warnings, instructions, or use recommendations to installers or end users of Units, relating to the risk of formaldehyde exposure.

      3.    Any existing or proposed standards regulations, guidelines, recommendations, practices, rules, policies, and/or procedures promulgated by any entity, relating to a maximum emission level of formaldehyde in Units.

      4.    A "safe level" or maximum exposure level of formaldehyde concentrations in indoor air for residents or users of Units or workers who come into contact with formaldehyde or formaldehyde fumes.

      5.    Possible causes of elevated formaldehyde readings in Units, other than from Wood Products.

      6.    Problems associated with improper "jacking" or "leveling" of units.

17169-8

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER PRODUCTS    §
LIABILITY LITIGATION            §
                                §
                                §
                                §
                                §        Civil Action No. MDL No. 1873
                                §
                                §
                                §
                                §
                                §

## NOTICE TO TAKE DEPOSITION UPON WRITTEN QUESTIONS

TO:    DEFENDANT, by and through the attorney of record Mr. Andrew D. Weinstock; Defendant by and
       through the attorney of records Mr. Charles R. Penot; Defendant by and through the attorney of
       records Mr. Henry T. Miller and Mr. Adam Dinnell; Plaintiff, by and through the attorney of record
       Mr. Gerald E. Meunier; Plaintiff by and through the attorney of record Mr. Justin I. Woods; Plaintiff
       by and through the attorney of record Mr. Raul Bencomo; Plaintiff by and through the attorney of
       record Mr. Frank D`Amico; Plaintiff by and through the attorney of record Mr. Matt Moreland;
       Plaintiff by and through the attorney of record Ms. Linda Nelson; Plaintiff by and through the
       attorney of record Mr. Mikal Watts;

       **YOU WILL TAKE NOTICE THAT** fourteen (14) days after the service of a copy hereof with
attached questions, a DEPOSITION UPON WRITTEN QUESTIONS will be taken of the custodian of
records for **Recreational Vehicle Industry Association, c/o Craig A. Kirby, 1896 Preston White Drive,
Reston, VA  20191** before a representative and duly authorized Notary Public for: Blue Ribbon Legal,
L.L.C., 7020 Portwest Drive, Suite 150, Houston, Texas 77024, (713)861-8004.

       Notice is further given that request is here made as authorized under Rule 31 of the Federal Rules
of Civil Procedure, to the officer authorized to take this deposition to issue a SUBPOENA DUCES TECUM
and cause it to be served on the witness to produce the following:

**Records, as described in the attached "Exhibit A"**

Anthony G. Buzbee

By Permission:
Mr. Anthony G. Buzbee
SBN 24001820
The Buzbee Law Firm
600 Travis, Suite 7300
Houston, TX  77002
(713) 223-5393; Fax: (713) 223-5909

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Notice, as well as a copy of the attendant Direct Questions, have been mailed, return receipt requested, or hand delivered or transmitted by telephone facsimile to all Counsels of Record, this the **29 day of June, 2009.**

For:    Mr. Anthony G. Buzbee

cc:
Mr. Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier & Warshauer
1100 Poydras Street, Suite 2800
New Orleans, LA 70163
(504) 522-2304, Fax: (504) 528-9973
Attorney for Plaintiff

Mr. Justin I. Woods
Gainsburgh, Benjamin, David, Meunier & Warshauer
1100 Poydras Street, Suite 2800
New Orleans, LA 70163
(504) 522-2304, Fax: (504) 528-9973
Attorney for Plaintiff

Mr. Raul Bencomo
Law Offices of Raul Bencomo
639 Loyola Avenue, Suite 2110
New Orleans, LA 70113
(504) 529-2929, Fax: (504) 529-2018
Attorney for Plaintiff

Mr. Frank D`Amico
Frank J. D`Amico, Jr., APLC
622 Baronne Street
New Orleans, LA 70113
(504) 525-7272, Fax: (504) 525-1073
Attorney for Plaintiff

Mr. Matt Moreland
Becnel Law Firm, LLC
PO Drawer H. 106 West Seventh Street
Reserve, LA 70084
(985) 536-1186, Fax: (985) 536-6445
Attorney for Plaintiff

Ms. Linda Nelson
Lambert and Nelson, PLC
701 Magazine Street
New Orleans, LA 70130
(504) 581-1750, Fax: (504) 529-2931
Attorney for Plaintiff

Mr. Mikal Watts
Watts Guerra Craft
Four Dominion Drive, Building Three, Suite 100
San Antonio, TX 78257
(210) 527-0500, Fax: (210) 527-0501
Attorney for Plaintiff

Mr. Andrew D. Weinstock
Duplass Zwain Bourgeois Morton Pfister & Weinstock
3838 N. Causeway Blvd., 29th Floor
Metairie, LA 70002
(504) 832-3700, Fax: (504) 837-3119
Attorney for Defendant

Mr. Charles R. Penot
Middleberg, Riddle & Gianna
717 North Harwood, Suite 2400
Dallas, TX 75201
(214) 220-6300, Fax: (214) 220-2785
Attorney for Defendant

Mr. Henry T. Miller
Mr. Adam Dinnell
US Department of Justice, Civil Division
1331 Pennsylvania Avenue, Northwest
Room 8220-N
Washington, DC 20004
(202) 616-4233, Fax: (202) 616-4473

# EXHIBIT A

## DEFINITIONS

1.    **"You"** and its various forms such as **"your"** and **"yourself"** shall mean the person subject to this notice and/or subpoena and/or request for production and all present and former agents, employees, representatives, attorneys, custodian of records, and all other persons acting on behalf of such person, including, but not limited to, deponent, its divisions, parents, subsidiaries, related companies or corporations, predecessors, successors, and all present and former officers, directors, agents, employees, representatives, and attorneys, and all other persons acting or purporting to act on behalf of deponent.

2.    **"Document**s" shall mean or refer to all written or graphic matter of every kind of description, however, produced or reproduced, whether draft or final, original or reproduction, and all tangible things within the scope of the Federal Rules of Civil Procedure which are in the possession, custody or control of the party upon whom this subpoena and/or request for production of documents is served or to which said party can obtain access.  The subpoena and/or request for production of documents calls for originals, unless otherwise specified, and for all copies when originals are not available.  If a document has been prepared in several copies, or additional copies have been made and the copies are not identified (or by reason of subsequent modification of the copy by additions or notations, or other modifications, are no longer identical), each non-identical copy is a separate "document."

3.    With respect to the production of any documents which are claimed to be privileged, a statement shall be provided by the attorneys for the respondent setting forth as to each such documents (and, where applicable, each attachment thereto):

        a.    the name of the sender, if any, of the documents;
        b.    the name of the author of the document;
        c.    the name of the person, if any, to whom the document and copies were sent;
        d.    the date of the document;
        e.    the date on which the document was received by those having possession of the document;
        f.    a description of the nature and the subject matter of the document;
        g.    the statute, rule or decision which is claimed to give rise to the privilege;
        h.    the last-known custodian of the document and the present location of the document;
        i.    attachments to the document;
        j.    the number of pages comprising the document;

       k.     whether the document is handwritten, typewritten or otherwise prepared; and

       l.     any other information which is useful in identifying or is necessary to identify the document.

4.     Whenever appropriate, the singular form of the word shall be interpreted in the plural and vice versa.

5.     All words and phrases shall be construed as masculine, feminine, or neutral gender according to the context.

6.     **"And"** as well as **"or"** shall be construed either disjunctively as necessary to bring within the scope of the subpoena and/or request for production of documents any matters which might otherwise be construed to be outside of the scope of the subpoena and/or request for production of documents.

7.     **"Units"** means travel trailers, mobile homes, park homes or any similar type of housing.

8.     **"Wood Products"** includes any type of engineered wood or composite wood products, including  particle board, plywood, hardwood or hardboard, medium-density fiberboard (or MDF), oriented strand board (or OSB), wood composition board, laminate board, or similar product.

## ADDITIONAL DIRECTIONS

This request does not seek:

1.     Documents protected by a legitimate attorney-client privilege.

2.     Documents outside your care, custody or control.

## DATE RANGE

Unless specified otherwise, January 1, 2002 to December 31, 2006.

## DOCUMENT REQUESTS

A.    Your communications to your members regarding:

      1.    Formaldehyde and the health risks of exposure to formaldehyde.

      2.    The nature, language or furnishing of any warnings, instructions, or use recommendations to installers or end users of Units, relating to the risk of formaldehyde exposure.

      3.    Any existing or proposed standards regulations, guidelines, recommendations, practices, rules, policies, and/or procedures promulgated by any entity, relating to a maximum emission level of formaldehyde in Units.

      4.     A "safe level" or maximum exposure level of formaldehyde concentrations in indoor air for residents or users of Units or workers who come into contact with formaldehyde or formaldehyde fumes.

      5.    Possible causes of elevated formaldehyde readings in Units, other than from Wood Products.

      6.    Problems associated with improper "jacking" or "leveling" of units.

17169-9

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER PRODUCTS            §
LIABILITY LITIGATION                    §
                                        §
                                        §
                                        §                    Civil Action No. MDL No. 1873
                                        §
                                        §
                                        §
                                        §
                                        §

## NOTICE TO TAKE DEPOSITION UPON WRITTEN QUESTIONS

TO:     DEFENDANT, by and through the attorney of record Mr. Andrew D. Weinstock; Defendant by and
        through the attorney of records Mr. Charles R. Penot; Defendant by and through the attorney of
        records Mr. Henry T. Miller and Mr. Adam Dinnell; Plaintiff, by and through the attorney of record
        Mr. Gerald E. Meunier; Plaintiff by and through the attorney of record Mr. Justin I. Woods; Plaintiff
        by and through the attorney of record Mr. Raul Bencomo; Plaintiff by and through the attorney of
        record Mr. Frank D`Amico; Plaintiff by and through the attorney of record Mr. Matt Moreland;
        Plaintiff by and through the attorney of record Ms. Linda Nelson; Plaintiff by and through the
        attorney of record Mr. Mikal Watts;

        **YOU WILL TAKE NOTICE THAT** fourteen (14) days after the service of a copy hereof with
attached questions, a DEPOSITION UPON WRITTEN QUESTIONS will be taken of the custodian of
records for **RVDA The National Dealers Association, Exective Director, 3930 University Drive, Fairfax,
VA 22030-2515** before a representative and duly authorized Notary Public for: Blue Ribbon Legal, L.L.C.,
7020 Portwest Drive, Suite 150, Houston, Texas 77024, (713)861-8004.

        Notice is further given that request is here made as authorized under Rule 31 of the Federal Rules
of Civil Procedure, to the officer authorized to take this deposition to issue a SUBPOENA DUCES TECUM
and cause it to be served on the witness to produce the following:

**Records, as described in the attached "Exhibit A"**


*Anthony G. Buzbee*

By Permission:
Mr. Anthony G. Buzbee
SBN 24001820
The Buzbee Law Firm
600 Travis, Suite 7300
Houston, TX 77002
(713) 223-5393; Fax: (713) 223-5909

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Notice, as well as a copy of the attendant Direct Questions, have been mailed, return receipt requested, or hand delivered or transmitted by telephone facsimile to all Counsels of Record, this the **29 day of June, 2009.**

For:     Mr. Anthony G. Buzbee

cc:

Mr. Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier & Warshauer
1100 Poydras Street, Suite 2800
New Orleans, LA 70163
(504) 522-2304, Fax: (504) 528-9973
Attorney for Plaintiff

Mr. Justin l. Woods
Gainsburgh, Benjamin, David, Meunier & Warshauer
1100 Poydras Street, Suite 2800
New Orleans, LA 70163
(504) 522-2304, Fax: (504) 528-9973
Attorney for Plaintiff

Mr. Raul Bencomo
Law Offices of Raul Bencomo
639 Loyola Avenue, Suite 2110
New Orleans, LA 70113
(504) 529-2929, Fax: (504) 529-2018
Attorney for Plaintiff

Mr. Frank D`Amico
Frank J. D`Amico, Jr., APLC
622 Baronne Street
New Orleans, LA 70113
(504) 525-7272, Fax: (504) 525-1073
Attorney for Plaintiff

Mr. Matt Moreland
Becnel Law Firm, LLC
PO Drawer H, 106 West Seventh Street
Reserve, LA 70084
(985) 536-1186, Fax: (985) 536-6445
Attorney for Plaintiff

Ms. Linda Nelson
Lambert and Nelson, PLC
701 Magazine Street
New Orleans, LA 70130
(504) 581-1750, Fax: (504) 529-2931
Attorney for Plaintiff

Mr. Mikal Watts
Watts Guerra Craft
Four Dominion Drive, Building Three, Suite 100
San Antonio, TX 78257
(210) 527-0500, Fax: (210) 527-0501
Attorney for Plaintiff

Mr. Andrew D. Weinstock
Duplass Zwain Bourgeois Morton Pfister & Weinstock
3838 N. Causeway Blvd., 29th Floor
Metairie, LA 70002
(504) 832-3700, Fax: (504) 837-3119
Attorney for Defendant

Mr. Charles R. Penot
Middleberg, Riddle & Gianna
717 North Harwood, Suite 2400
Dallas, TX 75201
(214) 220-6300, Fax: (214) 220-2785
Attorney for Defendant

Mr. Henry T. Miller
Mr. Adam Dinnell
US Department of Justice, Civil Division
1331 Pennsylvania Avenue, Northwest
Room 8220-N
Washington, DC 20004
(202) 616-4233, Fax: (202) 616-4473

# EXHIBIT A

## DEFINITIONS

1. **"You"** and its various forms such as **"your"** and **"yourself"** shall mean the person subject to this notice and/or subpoena and/or request for production and all present and former agents, employees, representatives, attorneys, custodian of records, and all other persons acting on behalf of such person, including, but not limited to, deponent, its divisions, parents, subsidiaries, related companies or corporations, predecessors, successors, and all present and former officers, directors, agents, employees, representatives, and attorneys, and all other persons acting or purporting to act on behalf of deponent.

2. **"Document**s" shall mean or refer to all written or graphic matter of every kind of description, however, produced or reproduced, whether draft or final, original or reproduction, and all tangible things within the scope of the Federal Rules of Civil Procedure which are in the possession, custody or control of the party upon whom this subpoena and/or request for production of documents is served or to which said party can obtain access. The subpoena and/or request for production of documents calls for originals, unless otherwise specified, and for all copies when originals are not available. If a document has been prepared in several copies, or additional copies have been made and the copies are not identified (or by reason of subsequent modification of the copy by additions or notations, or other modifications, are no longer identical), each non-identical copy is a separate "document."

3. With respect to the production of any documents which are claimed to be privileged, a statement shall be provided by the attorneys for the respondent setting forth as to each such documents (and, where applicable, each attachment thereto):

   a. the name of the sender, if any, of the documents;
   b. the name of the author of the document;
   c. the name of the person, if any, to whom the document and copies were sent;
   d. the date of the document;
   e. the date on which the document was received by those having possession of the document;
   f. a description of the nature and the subject matter of the document;
   g. the statute, rule or decision which is claimed to give rise to the privilege;
   h. the last-known custodian of the document and the present location of the document;
   i. attachments to the document;
   j. the number of pages comprising the document;

    k.      whether the document is handwritten, typewritten or otherwise prepared; and

    l.      any other information which is useful in identifying or is necessary to identify the document.

4.      Whenever appropriate, the singular form of the word shall be interpreted in the plural and vice versa.

5.      All words and phrases shall be construed as masculine, feminine, or neutral gender according to the context.

6.      **"And"** as well as **"or"** shall be construed either disjunctively as necessary to bring within the scope of the subpoena and/or request for production of documents any matters which might otherwise be construed to be outside of the scope of the subpoena and/or request for production of documents.

7.      **"Units"** means travel trailers, mobile homes, park homes or any similar type of housing.

8.      **"Wood Products"** includes any type of engineered wood or composite wood products, including  particle board, plywood, hardwood or hardboard, medium-density fiberboard (or MDF), oriented strand board (or OSB), wood composition board, laminate board, or similar product.

## ADDITIONAL DIRECTIONS

This request does not seek:

1.      Documents protected by a legitimate attorney-client privilege.

2.      Documents outside your care, custody or control.

## DATE RANGE

Unless specified otherwise, January 1, 2002 to December 31, 2006.

## DOCUMENT REQUESTS

A.    Your communications to your members regarding:

        1.    Formaldehyde and the health risks of exposure to formaldehyde.

        2.    The nature, language or furnishing of any warnings, instructions, or use recommendations to installers or end users of Units, relating to the risk of formaldehyde exposure.

        3.    Any existing or proposed standards regulations, guidelines, recommendations, practices, rules, policies, and/or procedures promulgated by any entity, relating to a maximum emission level of formaldehyde in Units.

        4.    A "safe level" or maximum exposure level of formaldehyde concentrations in indoor air for residents or users of Units or workers who come into contact with formaldehyde or formaldehyde fumes.

        5.    Possible causes of elevated formaldehyde readings in Units, other than from Wood Products.

        6.    Problems associated with improper "jacking" or "leveling" of units.

17169-10

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER PRODUCTS          §
LIABILITY LITIGATION                  §
                                      §
                                      §
                                      §          Civil Action No. MDL No. 1873
                                      §
                                      §
                                      §
                                      §
                                      §

## NOTICE TO TAKE DEPOSITION UPON WRITTEN QUESTIONS

TO:     DEFENDANT, by and through the attorney of record Mr. Andrew D. Weinstock; Defendant by and
        through the attorney of records Mr. Charles R. Penot; Defendant by and through the attorney of
        records Mr. Henry T. Miller and Mr. Adam Dinnell; Plaintiff, by and through the attorney of record
        Mr. Gerald E. Meunier; Plaintiff by and through the attorney of record Mr. Justin I. Woods; Plaintiff
        by and through the attorney of record Mr. Raul Bencomo; Plaintiff by and through the attorney of
        record Mr. Frank D`Amico; Plaintiff by and through the attorney of record Mr. Matt Moreland;
        Plaintiff by and through the attorney of record Ms. Linda Nelson; Plaintiff by and through the
        attorney of record Mr. Mikal Watts;

        **YOU WILL TAKE NOTICE THAT** fourteen (14) days after the service of a copy hereof with
attached questions, a DEPOSITION UPON WRITTEN QUESTIONS will be taken of the custodian of
records for **Texas Recreational Vehicle Association, c/o Joan E. Auld, 3709 Promontory Point Drive,
Suite 200, Austin, TX  78744** before a representative and duly authorized Notary Public for: Blue Ribbon
Legal, L.L.C., 7020 Portwest Drive, Suite 150, Houston, Texas 77024, (713)861-8004.

        Notice is further given that request is here made as authorized under Rule 31 of the Federal Rules
of Civil Procedure, to the officer authorized to take this deposition to issue a SUBPOENA DUCES TECUM
and cause it to be served on the witness to produce the following:

**Records, as described in the attached "Exhibit A"**

*Anthony G. Buzbee*

By Permission:
Mr. Anthony G. Buzbee
SBN 24001820
The Buzbee Law Firm
600 Travis, Suite 7300
Houston, TX  77002
(713) 223-5393; Fax: (713) 223-5909

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Notice, as well as a copy of the attendant Direct Questions, have been mailed, return receipt requested, or hand delivered or transmitted by telephone facsimile to all Counsels of Record, this the **29 day of June, 2009.**

For:    Mr. Anthony G. Buzbee

cc:

Mr. Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier & Warshauer
1100 Poydras Street, Suite 2800
New Orleans, LA 70163
(504) 522-2304, Fax: (504) 528-9973
Attorney for Plaintiff

Mr. Justin I. Woods
Gainsburgh, Benjamin, David, Meunier & Warshauer
1100 Poydras Street, Suite 2800
New Orleans, LA 70163
(504) 522-2304, Fax: (504) 528-9973
Attorney for Plaintiff

Mr. Raul Bencomo
Law Offices of Raul Bencomo
639 Loyola Avenue, Suite 2110
New Orleans, LA 70113
(504) 529-2929, Fax: (504) 529-2018
Attorney for Plaintiff

Mr. Frank D`Amico
Frank J. D`Amico, Jr., APLC
622 Baronne Street
New Orleans, LA 70113
(504) 525-7272, Fax: (504) 525-1073
Attorney for Plaintiff

Mr. Matt Moreland
Becnel Law Firm. LLC
PO Drawer H, 106 West Seventh Street
Reserve, LA 70084
(985) 536-1186, Fax: (985) 536-6445
Attorney for Plaintiff

Ms. Linda Nelson
Lambert and Nelson, PLC
701 Magazine Street
New Orleans, LA 70130
(504) 581-1750. Fax: (504) 529-2931
Attorney for Plaintiff

Mr. Mikal Watts
Watts Guerra Craft
Four Dominion Drive, Building Three. Suite 100
San Antonio, TX 78257
(210) 527-0500, Fax: (210) 527-0501
Attorney for Plaintiff

Mr. Andrew D. Weinstock
Duplass Zwain Bourgeois Morton Pfister & Weinstock
3838 N. Causeway Blvd., 29th Floor
Metairie, LA 70002
(504) 832-3700, Fax: (504) 837-3119
Attorney for Defendant

Mr. Charles R. Penot
Middleberg, Riddle & Gianna
717 North Harwood, Suite 2400
Dallas, TX 75201
(214) 220-6300, Fax: (214) 220-2785
Attorney for Defendant

Mr. Henry T. Miller
Mr. Adam Dinnell
US Department of Justice, Civil Division
1331 Pennsylvania Avenue, Northwest
Room 8220-N
Washington, DC 20004
(202) 616-4233, Fax: (202) 616-4473

# EXHIBIT A

## DEFINITIONS

1.  **"You"** and its various forms such as **"your"** and **"yourself"** shall mean the person subject to this notice and/or subpoena and/or request for production and all present and former agents, employees, representatives, attorneys, custodian of records, and all other persons acting on behalf of such person, including, but not limited to, deponent, its divisions, parents, subsidiaries, related companies or corporations, predecessors, successors, and all present and former officers, directors, agents, employees, representatives, and attorneys, and all other persons acting or purporting to act on behalf of deponent.

2.  **"Document**s" shall mean or refer to all written or graphic matter of every kind of description, however, produced or reproduced, whether draft or final, original or reproduction, and all tangible things within the scope of the Federal Rules of Civil Procedure which are in the possession, custody or control of the party upon whom this subpoena and/or request for production of documents is served or to which said party can obtain access. The subpoena and/or request for production of documents calls for originals, unless otherwise specified, and for all copies when originals are not available. If a document has been prepared in several copies, or additional copies have been made and the copies are not identified (or by reason of subsequent modification of the copy by additions or notations, or other modifications, are no longer identical), each non-identical copy is a separate "document."

3.  With respect to the production of any documents which are claimed to be privileged, a statement shall be provided by the attorneys for the respondent setting forth as to each such documents (and, where applicable, each attachment thereto):

    a.  the name of the sender, if any, of the documents;
    b.  the name of the author of the document;
    c.  the name of the person, if any, to whom the document and copies were sent;
    d.  the date of the document;
    e.  the date on which the document was received by those having possession of the document;
    f.  a description of the nature and the subject matter of the document;
    g.  the statute, rule or decision which is claimed to give rise to the privilege;
    h.  the last-known custodian of the document and the present location of the document;
    i.  attachments to the document;
    j.  the number of pages comprising the document;

k.      whether the document is handwritten, typewritten or otherwise prepared; and

l.      any other information which is useful in identifying or is necessary to identify the document.

4.      Whenever appropriate, the singular form of the word shall be interpreted in the plural and vice versa.

5.      All words and phrases shall be construed as masculine, feminine, or neutral gender according to the context.

6.      **"And"** as well as **"or"** shall be construed either disjunctively as necessary to bring within the scope of the subpoena and/or request for production of documents any matters which might otherwise be construed to be outside of the scope of the subpoena and/or request for production of documents.

7.      **"Units"** means travel trailers, mobile homes, park homes or any similar type of housing.

8.      **"Wood Products"** includes any type of engineered wood or composite wood products, including  particle board, plywood, hardwood or hardboard, medium-density fiberboard (or MDF), oriented strand board (or OSB), wood composition board, laminate board, or similar product.

## ADDITIONAL DIRECTIONS

This request does not seek:

1.      Documents protected by a legitimate attorney-client privilege.

2.      Documents outside your care, custody or control.

## DATE RANGE

Unless specified otherwise, January 1, 2002 to December 31, 2006.

## DOCUMENT REQUESTS

A.    Your communications to your members regarding:

    1.    Formaldehyde and the health risks of exposure to formaldehyde.

    2.    The nature, language or furnishing of any warnings, instructions, or use recommendations to installers or end users of Units, relating to the risk of formaldehyde exposure.

    3.    Any existing or proposed standards regulations, guidelines, recommendations, practices, rules, policies, and/or procedures promulgated by any entity, relating to a maximum emission level of formaldehyde in Units.

    4.    A "safe level" or maximum exposure level of formaldehyde concentrations in indoor air for residents or users of Units or workers who come into contact with formaldehyde or formaldehyde fumes.

    5.    Possible causes of elevated formaldehyde readings in Units, other than from Wood Products.

    6.    Problems associated with improper "jacking" or "leveling" of units.