UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE:  FEMA TRAILER                        MDL NO. 07-1873
FORMALDEHYDE PRODUCTS
LIABILITY LITIGATION                        SECTION N(5)

                                            JUDGE ENGELHARDT

THIS DOCUMENT RELATES TO:
*Lyndon Wright v. Forest River, Inc., et al.*   MAGISTRATE CHASEZ
No. 09-2977 (E.D. La.)

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### SHAW ENVIRONMENTAL, INC.'S AND FOREST RIVER, INC.'S
### OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

**MAY IT PLEASE THE COURT**:

This Memorandum is filed by defendants, Shaw Environmental, Inc. ("Shaw") and Forest River, Inc. ("Forest River"), in opposition to the Motion for Reconsideration filed by plaintiff, Lyndon Wright, seeking review of the Court's June 30, 2009 Order and Reasons (R. Doc. No. 2009) (the "Ruling") disallowing for mold testing of his emergency housing unit ("EHU").

Plaintiff's Motion is without merit because it fails to meet the standard provided in Rule 59(e) of the Federal Rules of Civil Procedure for overturning the Ruling. Further, the Motion for Reconsideration is an impermissible attempt by plaintiff to expand the nature of this MDL, which is intended to focus on allegations of formaldehyde in EHUs (not mold). In addition, any

testing for mold at this juncture would simply be futile as plaintiff's EHU has sat in a field for over a year.  For these reasons and the ones more fully explained below, plaintiff's Motion should be denied and the Ruling should be upheld.

## I.     BACKGROUND

As this Court is aware, the PSC and Forest River reached an agreement nominating Lyndon Wright as the plaintiff for the third bellwether trial.  This determination was based on several factors, including the fact that Mr. Wright's unit had been professionally tested by the PSC and that the test results were provided, thus alleviating the need for further testing. Moreover, at the time Mr. Wright gave no indication that he might later allege mold (or any other non-formaldehyde cause) to have caused or contributed to his injuries.  Based on this information, the Court issued Pretrial Order No. 34 on April 6, 2009, in which it confirmed Mr. Wright as the third bellwether trial plaintiff.  (R. Doc. No. 1299).

On June 9, 2009, plaintiff's counsel submitted an Inspection and Testing Protocol seeking to conduct additional air sampling and destructive testing of plaintiff's EHU, which is currently located at a FEMA storage site in Melville, Louisiana.  The proposed testing contemplated, among other things, the collection of mold samples in an apparent attempt to expand these proceedings to include inquiries into mold.  Shaw and Forest River moved for a protective order on June 18, 2009 (R. Doc. No. 1805) regarding the retesting of plaintiff's EHU, which was granted in part and denied in part by the Court on June 30, 2009. (R. Doc. No. 2009).  In its Ruling, this Court specifically ordered that no mold testing would be permitted.

## II.    LAW AND ARGUMENT

### A.  The Standard under Rule 59(e) Is Not Met by the Motion

The Federal Rules of Civil Procedure provide that any party may file a motion to alter or amend a judgment within ten business days after its entry.  Fed. R. Civ. P. 59(e), *see also Xavier v. Belfor Group USA, Inc.*, 254 F.R.D. 281, 294 (E.D. La. 2008).   However, a Motion for Reconsideration should only be granted if the party seeking the reconsideration shows at least one of the following:  (1) an intervening change in the controlling law has occurred; (2) evidence not previously available becomes available, or (3) it is necessary to correct a clear error of law or to prevent manifest injustice.  *Crappell v. Boh Bros. Const. Co.*, LLC, 2006 WL 3772229, at *2, (E.D. La. 2006).

"Reconsideration of an order is an extraordinary remedy which courts should use sparingly."  *Schildkraut v. Bally's Casino New Orleans*, 2004 WL 414827, at *1 (E.D. La. 2004) (citing Wright, Miller & Kane, *Federal Practice & Procedure:* Civil 2d § 2810.1, p. 124). Indeed, the Fifth Circuit has directed that the standard of review of a motion to reconsider under Rule 59(e) favors the denial of such motion.  *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

"To succeed on a motion for reconsideration, a party must 'clearly establish either a manifest error of law or fact or must present newly discovered evidence.'"  *Town of Gramercy v. Blue Water Shipping Servs.*, 2009 WL 580445, at *1 (E.D. La. 2009) (Engelhardt, J.) (citations omitted).  In fact, in these proceedings, the Court has already held that a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."  *In re FEMA Trailer Formaldehyde Prods.*

*Liability Litigation*, 2008 WL 5115881, at *1 (E.D. La. 2008) Engelhardt, J.) (citation omitted) (R. Doc. No. 941).

Plaintiff has not, and cannot, meet his burden of proving any grounds for reconsideration. Plaintiff does not argue that there is any "new" evidence that requires reconsideration. Moreover, he has not shown that reconsideration is necessary to account for an intervening change in controlling law, or to prevent manifest injustice. Rather, Mr. Wright simply reurges the same arguments initially put forth in his Opposition to Defendants' Motion for Protective Order. The Court, on its first review, rejected those arguments and specifically ordered that mold testing would not be permitted in these proceedings. There is nothing to suggest that the Court committed "manifest error" in its consideration of plaintiff's mold testing request. Accordingly, plaintiff's Motion for Reconsideration must be denied.

### B. <u>The Focus of the MDL Is, and Should Remain, Formaldehyde</u>

Through this Motion, plaintiff seeks to dramatically expand the nature of this case involving formaldehyde into a case about formaldehyde **and mold**, thereby fundamentally altering the alleged basis for the alleged injuries and completely undermining the value of this case as a bellwether for other cases that do not involve mold.

As this Court is aware, the purpose of this MDL was to combine cases that share "factual questions relating to allegations that trailers – provided by the Federal Emergency Management Agency in wake of Hurricanes Katrina and Rita – contain materials which emit dangerous, excessive levels of ***formaldehyde***." (R. Doc. No. 1) (emphasis added). This Court's expressed intent in implementing bellwether trials is to produce a sufficient number of representative verdicts to enable the parties and the Court to facilitate a resolution of the *entire* body of cases in

4

the MDL.  Mr. Wright was selected as one of the bellwether plaintiffs because the Court determined that he is "representative of the larger group of plaintiffs" and his claims are "representative of the larger group of claims."  (R. Doc. No. 1299).  Were the PSC now allowed to inject a novel theory of the case—that plaintiff allegedly was injured by exposure to mold— the purpose for which Mr. Wright was selected would be thwarted, invalidating his usefulness as a bellwether plaintiff.

All of the cases in the MDL involve alleged exposure to formaldehyde, not mold. Formaldehyde exposure is the allegation common to every plaintiff in these proceedings; thus, formaldehyde is and should be the focus of the bellwether trials.  Permitting testing for mold will defeat the purpose of this MDL in trying to resolve the remaining cases.

### C.  Testing For Mold At This Juncture Is Futile

Even if mold was a legitimate issue in Mr. Wright's particular trailer, any results from mold testing at this juncture would be unreliable because Mr. Wright's unit has been stored outdoors, exposed to the elements, for the past year.  Assuming, *arguendo*, mold were discovered in the unit, the passage of time would most certainly prevent the parties from drawing supportable conclusions regarding the presence, location and concentration of such growth(s) during Mr. Wright's occupancy of the unit.  Thus, because any mold sample would not provide scientifically reliable and legally relevant data, plaintiff's Motion for Reconsideration should be denied.

### III.     CONCLUSION

Based upon the forgoing, Shaw and Forest River respectfully suggest that plaintiff has failed to satisfy the requirements necessary for this Court's reconsideration of its prior Ruling, excluding any examination of the Wright unit for the presence of mold.  As plaintiff has failed to establish that an intervening change in the controlling law has occurred; that new evidence has become available; that this Court committed clear error; or that reconsideration is necessary to prevent manifest injustice, the instant motion must fail.  Moreover, permitting mold testing at this time would not only be futile, but would impermissibly expand the nature of this MDL. Plaintiff's Motion for Reconsideration should, therefore, be denied.

Respectfully submitted,

**BAKER DONELSON BEARMAN**
**CALDWELL & BERKOWITZ, PC**


            s/M. David Kurtz
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000

**ATTORNEYS FOR DEFENDANT,**
**SHAW ENVIRONMENTAL, INC.**

*and*

**GEIGER, LABORDE & LAPEROUSE, LLC**

<u>       s/Jason D. Bone       </u>
ERNEST P. GIEGER, JR. (#6154)
JASON D. BONE (#28315)
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone:  (504) 561-0400
Facsimile:  (504) 561-1011

**ATTORNEYS FOR DEFENDANT,**
**FOREST RIVER, INC.**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 9th day of July 2009, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel.

<u>       s/M. David Kurtz       </u>
M. DAVID KURTZ