UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Charlie Age, et al v. Gulf Stream Coach* | * | |
| *Inc., et al*, Docket No. 09-2892; | * | |
| Alana Alexander, individually and on behalf of | * | |
| Christopher Cooper | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS**

Plaintiff, Alana Alexander, individually and on behalf of Christopher Cooper ("Plaintiff" or "Ms. Alexander"), submits this reply brief in support of her Motion for Leave to Take Additional Deposition of current and former employees of Gulf Stream Coach, Inc. ("Defendant" or "Gulf Stream") and, in support, would show the following in response to each of Gulf Stream's arguments, in the same order as they were presented by Gulf Stream.

**ARGUMENT:**  Plaintiff waited too long to seek leave.

**RESPONSE:**  The Court issued its scheduling order on April 8, 2009 (Docket Entry No. 1305).  Plaintiff first asked for the depositions that are subject of the Motion on May 5, 2009.  Gulf Stream produced a corporate representative and four other witnesses for deposition in late May and early June.  Gulf Stream produced some documents in late May and early June.  Gulf Stream agreed to produce other witnesses after production of additional documents.

Plaintiff had to file a motion to compel before Gulf Stream would produce those documents. Further, even after Plaintiff filed a motion to compel to produce witnesses, Gulf Stream has only provided dates for depositions for **one** of the five witnesses this Court ordered it to produce. Gulf Stream refuses to produce three of them at all. Plaintiff has been diligent, but it is now very clear that Gulf Stream's plan is to delay and delay until trial in hopes that these depositions will never be taken.

Further, Plaintiff has recently (late June and early July 2009) identified sixteen former employees with critical information about construction conditions, working conditions and materials use, and formaldehyde-related symptoms and reports of those symptoms. Plaintiff sought leave immediately upon learning of these witnesses.

**ARGUMENT**: The discovery cutoff is July 23.

**RESPONSE**: Again, Plaintiff has been asking for these depositions for some time and Gulf Stream even refuses to produce witnesses that it has been ordered to produce. Plaintiff will agree to take these depositions on or before July 23rd. If scheduling conflicts mean that some of the depositions need to take place within a week or two of July 23rd, Plaintiff agrees to do this beyond the discovery period. Indeed, the parties are taking expert depositions well beyond July 23rd, so the discovery deadline has already been extended by agreement of the parties.

**ARGUMENT:** At this time, discovery is limited to the Alexander case.

**RESPONSE**: Plaintiff agrees with that, as this is her case. As set forth in the motion, and below, these witnesses are crucial to her case. Of course, much of the witnesses' testimony

can be used in future Gulf Stream cases as well, but that should not serve to prohibit Ms. Alexander from marshalling proof to make <u>her</u> case.

**ARGUMENT**: Gulf Stream's knowledge is not relevant to the claims or defenses in this case.

**RESPONSE:** In its response, Gulf Stream first says that its knowledge is irrelevant in a products liability case, but tracks back later and acknowledges that it actually is relevant (Response, at p. 6). They are right—it is relevant:

> An injured party may recover under the Louisiana Products Liability Act by proving that damage arose from a reasonably anticipated use of the product and that the product was unreasonably dangerous in at least one of the following ways: (1) in construction or composition; (2) in design; (3) because of no or inadequate warnings; or (4) due to the product's failure to conform to an express warranty of the manufacturer.  La. R.S. 9:2800.51-59; *State Farm Mut. Auto Ins. Co. V. Wrap-On Co., Inc.*, 626 So.2d 874, 876 (La. App. 3d Cir. 1993), *writ denied*, 630 So.2d 800 (La. 1994).
>
> In the context of a manufacturer's duty to warn of dangers inherent in the use of a product, a manufacturer is obligated to anticipate the environment in which the product will be used and give notice of potential risks arising from foreseeable uses or misuses in the foreseeable environment.  *Johnston v. Hartford Insurance Co.*, 623 So.2d 35, 36-37 (La. App. 1st Cir 1993), *writ denied*, 626 So.2d 1170 (La. 1993); *Johnson v. Chicago Pneumatic Tool Co.*, 607 So.2d 615, 617 (La. App. 1st Cir. 1992), *writ denied*, 608 So.2d 1009 (La. 1992).
>
> A manufacturer has a duty to warn of any danger inherent in the normal use of its product which is not within the knowledge of an ordinary user.  *Winterrowd v. The Travelers Indemnity Co., et al.*, 462 So.2d 639, 642 (La. 1985).
>
> The duty of a manufacturer to warn is continuing.  Even after a product has left the control of the manufacturer, there is a duty to warn owners and operators of any dangers of which the manufacturer subsequently learns.  La. R.S. 9:2800.57(C).
>
> A manufacturer of a product who, after the product has left its control, acquired knowledge of a characteristic of the product that may cause damage must act reasonably to provide an adequate warning of such characteristic and its danger to users.  La. R.S. 9:2800.57(C); *Our Lady of the Lake Hosp., Inc. v. Carboline Co.*, 632 So.2d 339, 343

(La. App. 1 Cir. 1993), *writ denied*, 635 So.2d 228 (La. 1994), *writ denied*, 637 So.2d 1052 (La. 1994).

Thus, Gulf Stream's knowledge as to its anticipated use of the trailer, when it learned of problems associated with its trailers and how it responded are relevant.  Gulf Stream's employees' exposure to formaldehyde, and health problems, factors into its duty to warn, both before and after the trailer was delivered, along with its intended use of the product.

Amazingly, Gulf Stream contends that the hurricane victim complaints in 2006 only involved trailers made in 2005 and 2006, and Plaintiff's trailer was made in late 2004.  Thus, Gulf Stream argues that it did not know that trailers it had made in 2004 (which were being used in Katrina relief efforts) may have also had problems.  Hopefully, Gulf Stream will make that argument to the jury, because it defies common sense and illustrates complete ineptitude.  In any event, Plaintiff should be able to inquire of witnesses on this issue and why they reached such a ridiculous conclusion.

Further, testimony about Gulf Stream's construction practices and materials-use are relevant to whether the product is defective, by the express terms of the LPLA.

**ARGUMENT:**  Gulf Stream only ordered LFE wood.

**RESPONSE**:  Gulf Stream argues (and requires Plaintiff and the Court to take its word) that it only ordered low formaldehyde emitting (LFE) wood, but has never provided any proof that they used only LFE wood in the subject trailer.  Gulf Stream claims to have a policy of only using LFE wood, however Plaintiff has learned that this is not true.  Indeed, this is exactly what the depositions will show—whether Gulf Stream really only ordered LFE or used LFE wood when making trailers and whether it has such a policy.

Several former Gulf Stream employees have expressly advised Plaintiff otherwise, and thus, their depositions are critical.

**ARGUMENT:** Plaintiff has subpoenaed ten of Gulf Stream's wood suppliers.

**RESPONSE:** This is not true. Plaintiff subpoenaed one, as clearly shown in Gulf Stream's exhibit. However, even if Plaintiff has subpoenaed one hundred suppliers, it would not make these witnesses' testimony any less crucial.

**ARGUMENT:** These witnesses have superfluous info.

**RESPONSE:** In her motion, Plaintiff provided extensive proof as to why each of the witnesses possess unique information.

## CONCLUSION AND PRAYER

Plaintiff respectfully requests that the Court grant her Motion, grant her leave to take additional depositions, and compel Gulf Stream to produce the employees identified in her Motion.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:  s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:    504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
ROBERT BECNEL
DENNIS REICH, Texas # 16739600

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

s/Gerald E. Meunier
GERALD E. MEUNIER, #9471