# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA
### NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                          MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                 SECTION N-5
                                             JUDGE ENGELHARDT
                                             MAG. JUDGE CHASEZ

## THIS DOCUMENT IS RELATED TO
*Charlie Age, et al. v. Gulf Stream Coach, Inc., et al.*
*Civil Action No. 09-2892*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## UNITED STATES' REQUESTED JURY INSTRUCTIONS

Defendant United States of America hereby submits its proposed jury instructions in the above-styled action.  This submission was only recently made necessary, as a consequence of the Court's Order and Reasons, filed on July 2, 2009 [Doc. No. 2034].  In that Order, the Court granted in part and denied in part the United States' Motion to Strike Jury Trial Request [Doc. No. 1400].  Citing Rule 39(c) of the Federal Rules of Civil Procedure, the Court ruled that it will empanel and utilize an advisory jury in deciding the Federal Tort Claims Act ("FTCA") claims brought against the United States by the bellwether plaintiffs.  Order and Reasons, July 2, 2009 [Doc. No. 2034] at 5.  In so ruling, the Court concluded that the use of an advisory jury is not precluded by the FTCA's jurisdictional condition that "[a]ny action against the United States under section 1346 shall be tried by the court without a jury . . . ," 28 U.S.C. § 2402.  *See* Order and Reasons, July 2, 2009 [Doc. No. 2034] at 2-3.  While preserving its objection to the use of an advisory jury with respect to the United States' liability in this case, the United States offers the following proposed instructions:

I.      **Proposed Fifth Circuit Pattern Jury Instructions**

The United States proposes the inclusion of the following pattern instructions:

1.1     Preliminary Instructions

2.1     First Recess

2.2     Stipulated Testimony

2.3     Stipulations of Fact

2.4     Judicial Notice

2.6     Publicity During Trial

2.7     Bench Conferences and Recesses

2.8     Demonstrative Evidence

2.9     Witness Not Called

2.10    Similar Acts – Cautionary Charge

2.11    Duty to Deliberate

2.12    Instructions on Deliberation

2.13    Bias – Corporate Party Involved

2.15    Limiting Instruction

2.16    Impeachment by Witnesses' Inconsistent Statements

2.18    Consideration of the Evidence

2.19    Expert Witnesses

2.21    Use of Notes Taken by Jurors

2.22    Cautionary Instruction on Damages

2.23    Deposition Testimony

2

3.1     General Instructions for Charge

15.1    Consider Damages Only if Necessary

15.2    Compensatory Damages

15.3    Calculation of Past and Future Damages

15.5    Aggravation or Activation of Disease or Defect

15.6    Medical Expenses

15.15   Mitigation of Damages

**II.     Specially Drafted Instructions**

-       Advisory Jury

-       Bias  – Governmental Defendant Involved

-       Federal Tort Claims Act – General

-       Federal Tort Claims Act – Negligent Or Wrongful Act By Government
        Employee Required

-       Federal Tort Claims Act – Analogous Private Liability Required

-       Federal Tort Claims Act – Liability for Actions of Employees not
        Contractors

-       Federal Tort Claims Act – United States is Defendant

-       Federal Tort Claims Act – Non-Liability for Discretionary Functions

-       Federal Tort Claims Act – Non-Liability for Misrepresentation,
        Concealment or Deceit

-       Federal Tort Claims Act – Non-Liability for Warranties or Contracts

-       United States Not Liable for Decisions to Purchase or Use Travel Trailers

-       United States Not Liable for Decision to Hire Contractors for Installation

-       United States Not Liable for Contractor Installation

-       United States Not Liable For Responses Outside Certain Period

-       United States Negligence Standard

-       United States Causation Standard


Dated: July 9, 2009.                       Respectfully Submitted,

                                           TONY WEST
                                           Assistant Attorney General, Civil Division

                                           J. PATRICK GLYNN
                                           Director, Torts Branch, Civil Division

                                           HENRY T. MILLER
                                           Senior Trial Counsel

                                           ADAM DINNELL
                                           MICHELLE BOYLE
                                           JONATHAN WALDRON
                                           Trial Attorneys

                                           //S// Adam Bain                          

                                           ADAM BAIN (IN Bar No.11134-49)
                                           Senior Trial Counsel
                                           United States Department of Justice
                                           Civil Division – Torts Branch
                                           P.O. Box 340, Ben Franklin Station
                                           Washington, D.C. 20044
                                           Telephone No:  (202) 616-4209
                                           E-mail:  adam.bain@usdoj.gov

                                           Attorneys for the United States of America

OF COUNSEL:

JORDAN FRIED
Associate Chief Counsel
JANICE WILLIAM-JONES
Trial Attorney
FEMA/DHS

## <u>PROPOSED INSTRUCTION – ADVISORY JURY</u>

By law, the Court, not the jury, will decide the disputed questions of fact relating to claims between Plaintiffs and defendant United States.  The Court, in its capacity as the finder of fact, has chosen to allow the jury to hear evidence relating to Plaintiffs's claims against the United States and to advise the Court regarding these claims through its verdict.

**28 U.S.C. § 2401(a); Court's Order and Reasons, filed on July 2, 2009 [Doc. No. 2034]**

**PROPOSED INSTRUCTION –  BIAS  – GOVERNMENTAL DEFENDANT INVOLVED**

Do not let bias, prejudice or sympathy play any part in your deliberations.  The United States' government, its officers and all other persons are equal before the law and must be treated as equals in a court of justice.

## <u>PROPOSED INSTRUCTION – FEDERAL TORT CLAIMS ACT – GENERAL</u>

Plaintiffs' claims against the United States in this case have been brought under a particular law called the Federal Tort Claims Act.  This law is often described as the "FTCA." The FTCA places a number of limitations on what the United States can and cannot be held legally responsible for.

**28 U.S.C. §§ 1346(b), 2671-2680**

<u>**PROPOSED INSTRUCTION – FEDERAL TORT CLAIMS ACT –**</u>
<u>**NEGLIGENT OR WRONGFUL ACT BY GOVERNMENT EMPLOYEE REQUIRED**</u>

By law, the Plaintiffs must show that a negligent or wrongful act or omission was

committed by an employee of the Government while he or she was acting within the scope of his

or her office or employment.  If you find that no such wrongful act was committed by a

Government employee, you must return a verdict in favor of the United States.

**28 U.S.C. § 1346(b)**

## **PROPOSED INSTRUCTION – FEDERAL TORT CLAIMS ACT – ANALOGOUS PRIVATE LIABILITY REQUIRED**

The United States may only be held legally responsible in this case if a private individual would be held legally responsible to the same extent under similar circumstances.  If you find that the United States' actions would have been reasonable actions for a private individual or a private entity that provides free emergency housing to homeless individuals to take under similar circumstances, you must return your verdict in favor of the United States.


**28 U.S.C. §§ 1346(b), 2674**

## <u>PROPOSED INSTRUCTION – FEDERAL TORT CLAIMS ACT –<br>LIABILITY FOR ACTIONS OF EMPLOYEES NOT CONTRACTORS</u>

The United States can only be held legally responsible for the actions of its own employees.  It cannot be held legally responsible for the actions of its contractors and their employees.  Even if you believe the United States' contractors and their employees acted unreasonably, you cannot return a verdict against the United States based upon these actions.

**28 U.S.C. § 2671**

## PROPOSED INSTRUCTION – FEDERAL TORT CLAIMS ACT –
## UNITED STATES IS DEFENDANT

FEMA is not the party being sued in this case.  The named governmental party being sued in this case is the United States of America.


**28 U.S.C. § 2679(a)**

## PROPOSED INSTRUCTION – FEDERAL TORT CLAIMS ACT –
## NON-LIABILITY FOR DISCRETIONARY FUNCTIONS

The United States cannot be held legally responsible if the government employees at issue performed or failed to perform a discretionary function or duty on the part of a federal agency or an employee of the government.  Even if you believe these actions were unreasonable, you cannot return a verdict against the United States based upon these actions.

**28 U.S.C. § 2680(a)**

**PROPOSED INSTRUCTION – FEDERAL TORT CLAIMS ACT –**
**NON-LIABILITY FOR MISREPRESENTATION, CONCEALMENT OR DECEIT**

The United States cannot be held legally responsible for any misrepresentation, concealment, or deceit that you find were made to Plaintiffs by the United States and its employees.  Even if you believe this misrepresentation, concealment, or deceit was unreasonable, you cannot return a verdict against the United States based upon these misrepresentations.


**28 U.S.C. § 2680(h)**

## <u>PROPOSED INSTRUCTION – FEDERAL TORT CLAIMS ACT –<br>NON-LIABILITY FOR WARRANTIES OR CONTRACTS</u>

The United States cannot be held legally responsible for any supposed warranties or contracts between the United States and Plaintiffs.  Even if you believe such warranties or contracts existed, you cannot return a verdict against the United States based upon the existence of such warranties or contracts.

**28 U.S.C. § 1346(b), Doc. No. 717 at 10**

## <u>PROPOSED INSTRUCTION – UNITED STATES NOT LIABLE FOR DECISIONS TO PURCHASE OR USE TRAVEL TRAILERS</u>

The Court has already determined that the United States cannot be held legally responsible for its initial decision to purchase and use travel trailers for the purpose of providing emergency housing  (such as the travel trailer occupied by Alana Alexander and Christopher Cooper) to hurricane disaster victims.  This includes the United States' decision not to incorporate formaldehyde standards or specifications into its contracts to purchase travel trailers for use as emergency housing.  Even if you believe that these decisions were unreasonable, you cannot return a verdict against the United States based upon this decision.

**Doc. No. 717 at 21, 43-44**

11

## PROPOSED INSTRUCTION – UNITED STATES NOT LIABLE FOR DECISION TO HIRE CONTRACTORS FOR INSTALLATION

The Court has already determined that the United States cannot be held legally responsible for its decision to hire contractors, such as Fluor Enterprises, Inc., to haul, install, and maintain travel trailers used as emergency housing (such as the travel trailer occupied by Alana Alexander and Christopher Cooper).  Even if you believe that this decision was unreasonable, you cannot return a verdict against the United States based upon this decision.

**Doc. No. 717 at 23, 44**

## <u>PROPOSED INSTRUCTION – UNITED STATES NOT LIABLE FOR CONTRACTOR INSTALLATION</u>

The Court has already determined that the United States cannot be held legally responsible for its decision to have its contractors, such as Fluor Enterprises, Inc., arrange, set up, make ready, and install travel trailers used as emergency housing (such as the travel trailer occupied by Alana Alexander and Christopher Cooper) in a certain manner for residential use. This includes the United States' decision to have its contractors, such as Fluor Enterprises, Inc., place travel trailers onto blocks or piers during installation.  Even if you believe these decisions were unreasonable, you cannot return a verdict against the United States based upon this decision.

**Doc. No. 717 at 23**

## <u>PROPOSED INSTRUCTION – UNITED STATES NOT LIABLE FOR RESPONSES OUTSIDE CERTAIN PERIOD</u>

The Court has determined that the United States cannot be held legally responsible for its response (including actions and inactions) to any complaints and concerns regarding formaldehyde in travel trailers used as emergency housing (such as the travel trailer occupied by Alana Alexander and Christopher Cooper) from <u>   [date to be entered by the Court]   </u> until <u>   [date to be entered by the Court]   </u>.  Even if you believe that the United States' response to any formaldehyde-related complaints and concerns during this time period were unreasonable, you cannot return a verdict against the United States based upon these actions.

**Doc. No. 717**

## <u>PROPOSED INSTRUCTION – UNITED STATES NEGLIGENCE STANDARD</u>

With respect to conduct for which the United States can legally be held liable under my previous instructions, in order to find that the United States conduct was negligent, you must find that given all of the circumstances at the time, the United States should have reasonably foreseen that, as a result of this specific conduct, an injury, such as the injury plaintiff suffered, would occur, and you must find that the United States through this conduct failed to take reasonable care to avoid the injury.  The standard is relative.  The degree of care required will vary according to the circumstances.

**Adapted from Louisiana Civil Jury Instruction  § 3.01**

### <u>PROPOSED INSTRUCTION – UNITED STATES CAUSATION STANDARD</u>

With respect to conduct for which the United States can legally be held liable under my previous instructions, you must find that this specific conduct more likely than not caused plaintiffs' injuries.  To determine whether this specific conduct of the United States caused plaintiffs' injuries, you must determine whether or not the plaintiffs would have suffered the injuries in the absence of the United States' conduct.  If the plaintiffs probably would have suffered those injuries regardless of the specific conduct of the United States at issue, then you must determine that the injuries were not caused by the United States and render a verdict for the United States.

**Adapted from Louisiana Civil Jury Instruction § 3.03.**