UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 2:07-MD-1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY | * | SECTION: N(4) |
| LITIGATION | * | |
| | * | JUDGE: ENGELHARDT |
| THIS DOCUMENT RELATES TO: | * | |
| *Chapman, et al. v. Timberland RV Co., et al.* | * | MAGISTRATE JUDGE: CHASEZ |
| *Civil Action No.: 5:09-CV-00783-TS-MLH* | * | |

**************************************************************************

### RULE 12(B) PRESERVATION LISTING OF DEFENSES
### FILED ON BEHALF OF TIMBERLAND RV COMPANY
### <u>PURSUANT TO PRETRIAL ORDER NO. 4</u>

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Timberland

RV Company ("Timberland") who, in responding to Pretrial Order No. 4 (4), respectfully submits

the following list of defenses pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, in the

underlying lawsuit of *Bertha Chapman, et al. v. Timberland RV Co., et al.,* Civil Action No. 5:03-

CV-00783-TS-MLH,[1] which is submitted in addition to the joint defenses, including Rule 9 and

Rule 12 defenses, submitted by Defendants' Liaison Counsel.  Timberland's listing is limited to only

the *Chapman* matter, and Timberland reserves its right to assert any other allowable preliminary

pleadings, dispositive motions or affirmative defenses in this case or in any other case in which it is

subsequently named and properly served.

---

[1]  It is unclear the extent to which the Master Complaint and its amendments supersede, amend and/or replace the allegations asserted by the plaintiffs in each of the underlying actions. Thus, in an abundance of caution and to ensure that all relevant motions and defenses are preserved, for each underlying action in which it was named as a party, Timberland has listed the defenses and motions applicable to that underlying action and the Master Complaint, as subsequently amended. Timberland objects to the requirement to file this list as it is in violation of Timberland's right to equal protection and due process.  This preservation list is being filed out of an abundance of caution, and Timberland reserves its right to supplement and amend its preservation list in the future as further discovery may warrant and require, and in accordance with any and all subsequently filed or served lawsuits naming Timberland as a party defendant.

In accordance with the Court's direction, Timberland submits the following 12(b) defenses that are anticipated to be raised should this underlying matter proceed forward against Timberland:

1.    Failure to properly effectuate service of process on Timberland. Rule 12(b)(4),(5)

2.    Plaintiffs have failed to satisfy their burden of establishing Article III standing against Timberland, and thus this Court does not have subject matter jurisdiction over Plaintiffs' claims against Timberland.  Rule 12(b)(1)

3.    Failure to state a claim upon which relief can be granted inasmuch as Plaintiffs' negligence, negligence *per se*, gross negligence, recklessness, failure to inspect, breach of implied warranty and "failing to act in a prudent manner" claims are barred by the exclusivity provisions of the Louisiana Products Liability Act. Rule 12(b)(6)

4.    Failure to state a claim upon which relief can be granted as Plaintiffs' claims are prescribed under Louisiana's one year prescriptive period. Rule 12(b)(6)

5.    Failure to state a claim upon which relief can be granted as Plaintiffs' claims are barred as the applicable Mississippi, Alabama, and Texas statute of limitations have run. Rule 12(b)(6)

6.    Failure to state a claim upon which relief can be granted as Plaintiffs have not alleged a specific or manifest injury or disease resulting from the alleged exposure, nor are Plaintiffs entitled to medical monitoring damages to the extent Plaintiffs seek same. Rule 12(b)(6)

7.    Plaintiffs fail to state a claim upon which relief can be granted as to the redhibition claim.  Rather than specifically stating a claim for redhibition, Plaintiffs state claims for breach of implied and expressed warranties which fail because there is no privity of contract between the Plaintiffs and the manufacturer. Rule 12(b)(6)

8.    Failure to state a claim upon which relief can be granted regarding strict liability as there is no basis under Louisiana law for same. Rule 12(b)(6)

9.    Failure to state a claim upon which relief can be granted to the extent Plaintiffs seek to impose joint and several and/or solidary liability upon manufacturing defendants, as such claims are precluded by applicable law. Rule 12(b)(6)

10.    Failure to state a claim upon which relief can be granted for attorney's fees as there is no basis under Mississippi, Alabama, Texas, Louisiana, or Federal law for the awarding of attorney's fees based upon the facts alleged in the complaint. Rule 12(b)(6)

11.     Failure to state a claim upon which relief can be granted to the extent Plaintiffs seek property damages under Mississippi, Alabama, Texas, or Louisiana law, as Plaintiffs are not entitled to recover same. Rule 12(b)(6)

12.     Failure to state a claim upon which relief can be granted to the extent Plaintiffs seek punitive damages as there is no basis for awarding punitive damages under the facts alleged in the complaint and applicable law. Rule 12(b)(6)

13.     Failure to state a claim upon which relief can be granted to the extent Plaintiffs seek compensatory damages as there is no basis for awarding same under the facts alleged in the complaint and applicable law. Rule 12(b)(6)

14.     Failure to state a claim upon which relief can be granted to the extent Plaintiffs seek damages pursuant to La. C.C. Arts. 2524 and 1994, 1995, and 1997, as there is no basis for awarding same under the facts alleged in the complaint and applicable law. Rule 12(b)(6)

15.     Failure to state a claim upon which relief can be granted to the extent that Plaintiffs assert express or implied warranty claims under Mississippi, Alabama, and Texas law as such claims are precluded as Plaintiffs do not rely on any privity of contract. Rule 12(b)(6)

16.     Failure to state a claim upon which relief can be granted as Plaintiffs' claim for relocation expenses and provisions for replacement trailers should be dismissed due to lack of privity of contract with Timberland. Rule 12(b)(6)

17.     Failure to state a claim upon which relief can be granted to the extent that Plaintiffs seek claims under the Federal Tort Claims Act and 42 USCA Sec. 1983 against manufacturing defendants as such claims are not applicable to Timberland. Rule 12(b)(6)

18.     Failure to state a claim insofar as Plaintiffs have not alleged and cannot prove either specific or general causation for their alleged injuries. Rule 12(b)(6)

19.     Failure to state a claim upon which relief can be granted to the extent that Plaintiffs have not alleged actual damages and/or have failed to mitigate their damages. Rule 12(b)(6)

20.     Plaintiffs lack standing as they are not the purchasers or buyers of the units at issue. Rule 12(b)(6)

21.     Failure to state a claim for injunctive relief as there is no basis for same under the facts alleged in the complaint and applicable law. Rule 12(b)(6)

22.     Improper Venue.  Rule 12(b)(3)

23.     Improper joinder of parties. Rules 19, 20 and 21

Timberland hereby adopts and incorporates all filings of applicable items listed in the preservation lists of similarly situated co-defendants in the Multi-District Litigation 07-1873 in all underlying cases, and all applicable Rule 12 and Rule 9 Motions filed by similarly situated co-defendants in the MDL and underlying cases, as if copied herein *in extenso*.

Respectfully submitted,

**ADAMS AND REESE** LLP


By: _/s/ Scott E. Delacroix_
    Scott E. Delacroix, T.A. (#4823)
    701 Poydras Street, Suite 4500
    New Orleans, Louisiana 70139
    (504) 581-3234
    (504) 566-0210 (fax)

    J. Joseph Tanner (*Pro Hac Vice to be filed*)
    Baker & Daniels LLP
    300 North Meridian Street, Suite 2700
    Indianapolis, Indiana 46204
    (317) 237-1000
    (317) 237-0300 (fax)

    Thomas C. Kus (*Pro Hac Vice to be filed*)
    Baker & Daniels LLP
    111 East Wayne Street, Suite 800
    Fort Wayne, Indiana 46802
    (260) 424-8000
    (260) 460-1700 (fax)

ATTORNEYS FOR DEFENDANT
TIMBERLAND RV COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all known counsel of record.

By: /s/ Scott E. Delacroix