UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 07-1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | |
| | * | SECION "N" (5) |
| | * | |
| THIS DOCUMENT IS RELATED TO: | * | JUDGE ENGELHARDT |
| Josephine Seaton v. | * | |
| Project Resources, Inc. of California, et al | * | MAGISTRATE CHASEZ |
| Civil Action No. 09-3677 | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

### PRESERVATION OF FEDERAL RULE OF CIVIL PROCEDURE 12(B) DEFENSES BY DEFENDANT PROJECT RESOURCES, INC. OF CALIFORNIA

Defendant Project Resources, Inc. of California ("Project Resources"), consistent with the guidelines set forth in Pretrial Order 36 (Record Doc. No. 1386), dated and filed April 29, 2009, and without prejudice to Project Resources' right to file or assert any other permitted pleadings, dispositive motions or affirmative defenses in this or any other case in which it is now made, or subsequently joined as, a defendant and properly served, submits for preservation the following list of Federal Rule of Civil Procedure 12(b) defenses in the case of *Josephine Seaton v. Recreation By Design, LLC, Flour Enterprises, Inc., Project Resources, Inc. of California and Del-Jen, Inc.*, Civil Action No. 09-3677, pending in the MDL proceeding captioned above.[1]

1.  12(b)(1) – Lack of standing.

2.  12(b)(1) – Failure to establish that this Court has subject matter jurisdiction over plaintiffs' claims against this defendant.

---

[1] Project Resources is filing these Preservation Lists in accordance with Pre-Trial Order 36. It is unclear the extent to which the Master Complaint and its amendments supersede, amend and/or replace the allegations asserted by the plaintiffs in each of the underlying actions.  Thus, these preservation lists are being filed out of an abundance of caution and to ensure that all relevant motions and defenses are preserved, for each underlying action in which it was named a party, Project Resources has listed the defenses and motions applicable to that underlying action and the Master Complaint, as subsequently amended.  Project Resources reserves its right to supplement and amend its preservation lists in the future as further discovery may warrant and require, and in accordance with any and all subsequently filed or served lawsuit naming Project Resources as a party defendant.

3.	12(B) 2 – Lack of personal Jurisdiction

4.	12(b)3 – Improper venue

5.	12(b)(4)(5) – Insufficient process and insufficiency of service of process.

6.	12(b)(6) – Plaintiffs fail to state a claim upon which relief can be granted against Project Resources.

7.	12(b)(6) – Plaintiffs fail to state a claim upon which relief can be granted because the claims against Project Resources are barred by the applicable prescriptive and preemptive periods, statute of limitations, or laches.

8.	12/(b)(6) – Failure to state a claim upon which relief can be granted to the extent that on the face of the pleadings in this MDL proceeding it is clear that plaintiff knew or should have known of his cause of action more than a year **before  May 28, 2009** (and is not entitled to claim any tolling, as against defendant Project Resources, for time the class action complaint was pending), rendering all claims prescribed under Louisiana law. Alternatively, even account for all tolled time during the time the class action complaint was pending, all of plaintiffs' claims against Project Resources are prescribed.

9. 12(b)(6) – Failure to state a claim upon which relief can be granted against Project Resources under the Louisiana Products Liability Act ("LPLA"), as plaintiff has not and cannot allege any set of facts that would establish that Project Resources is a "manufacturer" within the meaning of the LPLA.

10. 12(b)(6) – Plaintiffs fail to state a claim for negligence under Louisiana law.

11. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs allege strict liability as there is no basis under Louisiana law for same.

12. 12 (b)(6) Failure to state a claim upon which relief can be granted to the extent that plaintiff seeks to impose joint and several, or solidary, liability on the named defendants, as Louisiana law does not provide for solidary liability on the facts alleged.

13. 12(b)(6) – Plaintiffs fail to state a claim upon which relief can be granted because Project Resources owed no actionable duty to any of the plaintiffs.

14. 12(b) 6 – Failure to state a claim upon which relief can be granted inasmuch as plaintiff has not specifically claimed any current injury, but rather has generally claimed unspecified current and future injuries.

15. 12(b)(6) – Failure to state a claim because plaintiff failed to make any particularized allegations regarding their injuries and damages, and failed to make any particularized allegations connecting any particular plaintiff to conduct by any particular defendant.

16. 12 (b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiff seeks to recover attorneys fees which are not recoverable against Project Resources under Louisiana law, and plaintiffs have not alleged any other theory of liability through which they can recover attorneys' fees against Project Resources

17. 12(b)(6) – Failure to sate a claim for breach of implied and express warranty because those claims are not available to plaintiffs, and to the extent that they are available, they are precluded by the Louisiana Products Liability Act.

18. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent plaintiffs seek compensatory damages as there is no basis for awarding same under the facts alleged in the complaint and applicable law.

19. 12 (b)(6) Failure to state a claim upon which relief can be granted to the extent that plaintiff later seeks to recover punitive damages under federal or Louisiana law, as such damages are precluded.

20. 12(b)(6) – Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property or economic damages under Louisiana law inasmuch as such claims are precluded. (See also Rec. Doc. 984.)

21. 12(b)(6) – Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiffs later seek damages for medical monitoring under Louisiana law inasmuch as plaintiffs have not alleged a present and manifest injury.

22. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is determined that plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this law suit.

23. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent plaintiffs seek damages pursuant to La. C.C. Arts. 2524 and 1994, 1995, and 1997, as there is no basis for awarding same under the facts alleged in the complaint and applicable law.

24. 12(b)(6) – Motion for more definite statement of the complaint based on plaintiffs' failure to make particularized allegations about their injuries and damages and failure to make any particularized allegations about any particular defendant's alleged conduct.

25. 12(b)(6) – Failure to state a claim for loss of consortium and/or society.

26. 12(b)(6) – Failure to state a claim for injunctive relief, to the extent plaintiffs allege such a claim, as there is no basis for same under the facts alleged in the complaint and applicable law.

27. 12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are duplicative to the extent it is established that any named plaintiff previously filed, and has pending, another lawsuit arising out to of the same operative facts and circumstances made the subject of this lawsuit.

28. 12(b)(6) – Failure to state a claim for loss of enjoyment of life.

27. 12(b)(6) – Plaintiffs fail to state a claim upon which relief can be granted on grounds that Project Resources is a government contractor that performed its work according to an in compliance with specifications approved and mandated by the U.S. government through the Federal Emergency Management Agency ("FEMA").  As such, plaintiffs' action, claims and demands are preempted and Project Resources is immunized from liability by the government contractor defense.

29. 12(b)(6) – Plaintiffs fail to state a claim upon which relief can be granted on grounds that Project Resources is a contractor that performed its work in accordance with the plans and/or specifications furnished to it by FEMA.  As such, Project Resources is shielded from liability by La. R.S. 9:2771 and the *Spearin* doctrine.

30.     12(b)(6) – Plaintiffs fail to state a claim upon which relief can be granted on grounds that pursuant to *Days v. National Radiator Corp.,* 128 So.2d 660 (La. 1961), Project Resources' duties and obligations are limited to what is defined in the relevant contract between Project Resources and FEMA.

31.     In addition to the Rule 12 defenses, Defendant also asserts Rule 9(b) defense – Failure to plead fraud and misrepresentation with particularity.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the objections and defenses described above be preserved if the suit is remanded.  Defendant requests the right to brief any Rule 12 (b) motion in full and requests the right to oral argument on the merits of any such motion.

Defendant reserves the right to amend or supplement these defenses and to file appropriate pleadings as well as dispositive and other motions in the above cases and in any other cases in which it has been or will be named and properly served.

                Respectfully submitted,
                **ADAMS AND REESE LLP**

                /s/ Kathleen F. Drew
                KATHLEEN F. DREW (#5079)
                KIRK GASPERECZ (#17583)
                701 Poydras Street, Suite 4500
                New Orleans, LA 70139
                Telephone: (504) 585-0412
                ***Attorneys for Defendant,***
                ***Project Resources, Inc.***
                ***of California***

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing has been filed with the Clerk of Court and is available for viewing and downloading from the CM/ECF system.  Notice of Electronic Case Filing has been sent automatically to all counsel on the electronic service list on this 13th   day of July, 2009.

/s/ Kathleen F. Drew
Kathleen F. Drew