UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                MDL NO. 07-1873
       FORMALDEHYDE PRODUCTS
       LIABILITY LITIGATION
                                                            SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-2977

## **ORDER AND REASONS**

Before the Court is the Motion for Reconsideration (Rec. Doc. 2042), filed by Plaintiff Lyndon Wright ("Wright"). In this motion, Wright requests that this Court reconsider its June 30, 2009[1] ruling (Rec. Doc. 2009) disallowing testing for mold in his emergency housing unit ("EHU"). Although Wright does not specify the particular Federal Rule of Civil Procedure under which he brings this motion, the Court assumes that it is brought under Rule 59(e) of the Federal Rules of Civil Procedure.

A Rule 59(e) motion "calls into question the correctness of a judgment." *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002). It is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment, *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990), but instead "serve[s] the narrow purpose of allowing

---

[1] The Court notes that Wright's Motion for Reconsideration (Rec. Doc. 2042) incorrectly refers to this ruling as a June 29, 2009 ruling.

a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989). A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under" Rule 59(e). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir.1990). There are considerations that limit this discretion, however: (1) the need to bring litigation to an end and (2) the need to render just decisions on the basis of all of the facts. *Id.* Generally, there are four grounds upon which a Rule 59(e) motion can be granted: (1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law." *Peterson v. Cigna Group Ins.*, 2002 WL 1268404, at *2 (E.D. La. June 5, 2002).

In his motion, Wright attempts to both rehash and add to arguments that were presented previously. After reviewing the memoranda of the parties and the applicable law, the Court concludes that reconsideration should be denied for many of the same reasons stated by Shaw Environmental, Inc. and Forest River, Inc. in their Opposition (Rec. Doc. 2109). As the Fifth Circuit noted in *Simon*, motions such as the instant one are not the proper vehicles for rehashing evidence, legal theories, or arguments that could have been offered or were raised before the entry of judgment, *Simon*, 891 F.2d at 1159.

However, the Court notes that nothing in this Order shall amend or overrule its July 6, 2009 (Rec. Doc. 2062) wherein it stated:

> Plaintiffs have confirmed that they are not alleging claims relating to the impact of mold on their health. However, evidence of the presence of mold may be indicative of moisture intrusion, which may be important to formaldehyde levels in the EHU. Thus, any references to mold would be admissible if they are offered to show an alleged impact on formaldehyde levels. The Court will consider giving an instruction to the jury that

> Plaintiffs do not allege and cannot recover for the impact of the presence of mold on their health. It should be noted that the substance of this guidance shall also apply to the Court's June 30, 2009 Order and Reasons (Rec. Doc. 2009), wherein it stated that "[n]o mold testing shall be permitted."

At this late date, the Court will not permit Wright to conduct mold testing to allegedly support his recently-made claims that mold contributed to his injuries. However, based on its July 6, 2009 Order (Rec. Doc. 2062), any references to mold will be admissible if they are offered to show an alleged impact on formaldehyde levels.

Considering the foregoing, **IT IS ORDERED** that the **Motion for Reconsideration (Rec. Doc. 2042)** is **DENIED** as set forth herein.

New Orleans, Louisiana, this 13th day of July, 2009.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

3