UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER      MDL NO. 1873
FORMALDEHYDE
PRODUCTS LIABILITY LITIGATION     SECTION N-5
    JUDGE ENGELHARDT
    MAG. JUDGE CHASEZ

THIS DOCUMENT RELATES TO:

*Aldridge, et. al. v. Gulf Stream Coach, Inc., et. al.,*
*No. 07-9228*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**DEFENDANT UNITED STATES OF AMERICA'S RESPONSE
TO COURT'S "ORDER" [Dkt. 2111] PROPOUNDING A QUESTION AND
REQUEST FOR FURTHER BRIEFING RELATING TO PLAINTIFFS'
"MOTION TO FILE THIRD SUPPLEMENTAL AND AMENDING
COMPLAINT" [Dkt. 2006]**

The Court lacks subject matter jurisdiction over Plaintiff Dubuclet's Federal Tort Claims Act ("FTCA"), 28 U.S.C. §1346(b)(1), 2671-80, claims and must dismiss her FTCA claim against the United States for lack of subject matter jurisdiction. Whether the Court possesses subject matter jurisdiction in the "member case" over other plaintiffs' claims against non-governmental defendants or over other plaintiffs' FTCA claims cannot "cure" the jurisdictional defect or "invest" this Court with subject matter jurisdiction over Ms. Dubuclet's FTCA claims.

Although the United States has identified no cases law addressing this specific question, what this Court suggests or proposes – exercising pendent, supplemental, or ancillary jurisdiction over an FTCA action where the claimant filed suit prematurely and failed to exhaust her administrative tort remedies – is inconsistent with Constitutional restrictions on the scope and authority of Article III courts, the doctrine of sovereign immunity, and the Supreme Court's decision in *McNeil v. United States*, 508 U.S. 106 (1993). Subject matter jurisdiction "is, of necessity, the first issue for an Article III court," for "[t]he federal courts are courts of limited jurisdiction, and they lack the power to presume the existence of jurisdiction in order to dispose of a case on any other grounds." *Loughlin v. United States*, 393 F.3d 155, 170 (D.C. Cir. 2004) (citation omitted). In the absence of subject matter jurisdiction, any ruling by the Court would constitute little more than an impermissible advisory opinion. *Cf. Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998) ("[h]ypothetical jurisdiction produces nothing more than a hypothetical judgment-which comes to the same thing as an advisory opinion"); *Loughlin*, 393 F.3d at 170.

For this reason, courts have long held that neither the law permitting supplemental jurisdiction, nor any other law, gives a federal court the power to decide a claim barred by the

1

doctrine of sovereign immunity. *See, e.g., Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 121 (1984) (a court cannot exercise supplemental jurisdiction over a claim barred by 11th Amendment immunity); *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088 n.3 (9th Cir. 2007) (statute granting federal courts supplemental jurisdiction over certain state claims cannot operate as waiver of sovereign immunity); *Wilkerson v. United States*, 67 F.3d 112, 119 n.13 (5th Cir. 1995) (doctrine of pendant jurisdiction cannot be used to waive sovereign immunity unless Congress specifically allows it). Accordingly, where the doctrine of sovereign immunity bars a court from deciding a claim, the Court cannot exercise jurisdiction over that claim by exercising pendent, supplemental, or ancillary jurisdiction over the claim.

  The United States may not be sued without its consent, and the terms of the consent define the scope of the government's waiver of sovereign immunity and, as such, determine the Court's subject matter jurisdiction over any claim against the government. *See United States v. Mitchell*, 445 U.S. 535, 538 (1990); *United States v. Testan*, 424 U.S. 392, 399 (1976). Moreover, the consent of the United States to be sued cannot be implied, but must be unequivocally expressed. *See United States v. Sherwood*, 312 U.S. 584, 586 (1941); *Guile v. United States*, 422 F.3d 221, 229 (5th Cir. 2005).

  The FTCA constitutes the exclusive waiver of the United States' sovereign immunity for personal injury and property damage claims arising out of the alleged negligent or wrongful acts or omissions by a government employee. *See* 28 U.S.C. § 2679(b)(1); *United States v. Smith*, 499 U.S. 160, 173 (1991). The FTCA is a limited waiver of sovereign immunity and that waiver must be strictly construed in favor of the United States. *See United States v. Idaho*, 508 U.S. 1, 4 (1993); *United States v. Orleans*, 425 U.S. 807, 813 (1976); *Atorie Air, Inc. v. FAA*, 942 F.2d

954, 958 (5th Cir. 1991).

The FTCA's administrative exhaustion requirement is a jurisdictional condition of the waiver of sovereign immunity and cannot itself be waived. *See* 28 U.S.C. §§1346(b)(1), 2772, 2675(a), 2677; *see also Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981) (the administrative exhaustion requirement is jurisdictional in nature and cannot be waived); *Price v. United States*, 69 F.3d 45, 54 (5th Cir. 1995); *Molinar v. United States*, 515 F.2d 246, 249 (5th Cir. 1975) (same). Consistent with these requirements, courts have refused to disrupt or allow a claimant to carve out exceptions to the administrative claims process, even when strict compliance may be futile. *See Indus. Constr. Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 967 (10th Cir. 1994) (the assertion that the administrative claim process is futile does not excuse this jurisdictional requirement); *Manko v. United States*, 830 F.2d 831, 840 (8th Cir. 1987) (the administrative claim process contains no exception for futility, and for a court to carve out such an exception would disrupt the administrative-claims procedure created by Congress).

In *McNeil*, 508 U.S. 106, the Supreme Court explicitly rejected the argument that the jurisdiction defect resulting from an FTCA claimant's failure to exhaust administrative remedies can be cured by exhaustion of administrative remedies during the pendency of the prematurely filed FTCA suit in district court. *Id.* at 112-13. The Court explained that "the statute . . . require[s] complete exhaustion of Executive remedies before invocation of the judicial process." *Id.* at 112. The Court reasoned that allowing exceptions to §2675(a)'s proscription of premature actions would "undermine the orderly administration" of FTCA litigation and unduly "burden . . . the judicial system and . . . the Department of Justice." *Id*. The Court concluded that "the FTCA bars claimants from bringing claims under the FTCA in federal court until they have exhausted

their administrative remedies." *Id*. at 113.  Consistent with *McNeil*, a prematurely filed FTCA action cannot be cured through a proposed amendment, but instead, the claimant must file a ***new*** suit.  *See* Cases cited in U.S. Memo. at 7 [Dkt. 2051].

This Court for administrative purposes and to facilitate and reduce the cost to Plaintiffs' counsel, has allowed the filing of "member cases," each setting forth claims of up to three-hundred plaintiffs with the caveat that on motion, or on its own, the Court will sever the claims prior to trial.  Whether the Court has jurisdiction over other plaintiffs' claims in these  "member case" has no bearing on whether the Court has jurisdiction over Plaintiff Dubuclet's FTCA claims.  The FTCA requires that each and every claimant must exhaust his or her administrative remedies before filing suit, and makes no exception for a plaintiff whose claim is grouped into a "member" case.  Moreover, adopting a rule that would allow a prematurely filed FTCA action that can be "cured" through the filing of an amended complaint thereby "investing" the Court with subject matter jurisdiction if the action is part of a "member case" would eviscerate the doctrine of sovereign immunity and undermine the Supreme Court's decision in *McNeil*; such a ruling would allow and encourage, especially in the context of this litigation, claimants to file their FTCA suits prematurely knowing that they may subsequently "cure" the jurisdictional defect.  Judicially carving out such an exception to the FTCA administrative claim process will effectively "undermine the orderly administration" of FTCA litigation and unduly "burden . . . the judicial system and . . . the Department of Justice."  *McNeil,* 508 U.S. at 112-13.  Because Plaintiff Dubuclet failed to exhaust her administrative remedies and filed suit prematurely, consistent with the Supreme Court's instruction in *McNeil*, this Court must dismiss her claims for lack of subject matter jurisdiction.  *See Id*.; *Gregory*, 634 F.2d at 204.

4

Dated: July 13, 2009

TONY WEST
Assistant Attorney General, Civil Division

J. PATRICK GLYNN
Director, Torts Branch, Civil Division

DAVID S. FISHBACK
Assistant Director


OF COUNSEL:
JORDAN FRIED
Associate Chief Counsel

JANICE WILLIAM-JONES
Trial Attorney
FEMA/DHS
Department of Homeland Security
Washington, D.C. 20472

Respectfully Submitted,

ADAM BAIN
Senior Trial Counsel

ADAM DINNELL
MICHELE GREIF
JONATHAN WALDRON
Trial Attorneys

//S// *Henry T. Miller*
HENRY T. MILLER (D.C. Bar No. 411885)
Senior Trial Counsel
United States Department of Justice
Civil Division – Torts Branch
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20004
Telephone No:  (202) 616-4223
E-mail:  Henry.Miller@USDOJ.Gov

Attorneys for the United States of America

## CERTIFICATE OF SERVICE

I hereby certify that on July 13 , 2009, the foregoing document was filed via the U.S. District Court's CM/ECF electronic filing system a copy thereof was served upon Liaison Counsel.

//S// *Henry T. Miller*
HENRY T. MILLER (D.C. Bar No. 411885)