UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N(5)<br><br>JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO:<br>*Lyndon Wright v. Forest River, Inc., et al.*<br>No. 09-2977 (E.D. La.) | MAGISTRATE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE FIRST SUPPLEMENTAL AND AMENDED COMPLAINT**

Defendant, Shaw Environmental, Inc. (hereinafter referred to as "Shaw"), respectfully submits this Opposition to the Motion for Leave to File First Supplemental and Amended Complaint filed by plaintiff, Lyndon Wright ("Wright"). Plaintiff not only seeks to amend its Complaint after the deadline established by the April 8, 2009 Scheduling Order (R. Doc. 1307) for making such filings, but he also seeks to expand the factual issues that are well beyond the original Complaint. At its core, the proposed amendment seeks to turn this litigation from a case about formaldehyde into a case about formaldehyde ***and mold***, thereby fundamentally altering the alleged basis for the alleged injuries and completely undermining the value of this case as a bellwether for other cases that do not involve mold. Shaw submits that plaintiff's Motion for

Leave should be denied on the grounds that the proposed amendment is inconsistent with the use of this case as a bellwether, untimely and prejudicial to Shaw.

**I.     BACKGROUND**

As this Court is well aware, this Multidistrict Litigation (the "MDL") comprises numerous suits in which thousands of plaintiffs claim to have suffered injury while inhabiting emergency housing units ("EHUs") that were provided to them by the Federal Emergency Management Agency ("FEMA") (R. Doc. 109, at ¶ 96). The instant matter (*Lyndon Wright v. Forest River, Inc., et al.*, No. 09-2977) was filed on March 2, 2009. Plaintiff named Shaw as well as the United States Government through FEMA and Forest River, Inc. as defendants, and plaintiff sought recovery for alleged physical and mental pain and suffering, physical impairments and disability, medical expenses, loss of earning capacity, loss of enjoyment of life, loss of consortium, travel expenses, out-of-pocket expenses, and the loss of use and/or opportunity to use safe and adequate shelter allegedly resulting from the purported exposure to formaldehyde. (Complaint for Damages at ¶ 117). This case is the third of the five bellwether cases and is set for trial during the week beginning December 7, 2009.

During the course of this MDL, the parties completed the class certification phase, conducted substantial discovery, and now have moved into trial phase. Yet it was not until June 24, 2009, that plaintiff filed a Motion for Leave to File First Supplemental and Amended Complaint. (R. Doc. 1862). This was more than three months after the Scheduling Order deadline for filing such amendments had passed.

The new pleading seeks to dramatically expand this case by inserting the notion that plaintiff suffered damages from exposure to mold. This claim, which would necessitate the

2

involvement of numerous additional experts, would move the case away from the question of formaldehyde to a complex inquiry of how multiple possible causes of alleged injury might have interacted with regard to this particular plaintiff.  In addition, plaintiff seeks leave to amend in order to add to the types of compensatory damages sought against the defendants, most specifically with regard to his claims for mental anguish.

Although perhaps a late amendment or an expansion of the types of mental anguish damages sought might, standing alone, be permissible, when as here they are combined with new mold allegations that will do little but complicate this case and make it less predictive of others, leave to amend should be denied.  Shaw therefore urges the Court to reject plaintiff's motion.

**II.    LEGAL STANDARD**

Although the Federal Rules of Civil Procedure state that leave to amend pleadings shall be freely given when justice so requires, even under Rule 15, "leave to amend is not automatic." *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991).  In deciding whether to grant leave to amend, courts consider such facts as (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failures to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party, and (5) futility of the amendment.  *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981).

Here, however, plaintiff's burden is higher.  The Court's Scheduling Order applicable to this bellwether (R. Doc. 1307), required that any amendments to pleadings take place by March 23, 2009, and plaintiff is well beyond that deadline.  Consequently, plaintiff must satisfy the Rule 16(b) "good cause" standard as well.  Fed. R. Civ. Proc. 16(b)[1]; *Geiserman v. MacDonald*,

---

[1] "A schedule may be modified only for good cause and with the judge's consent."

893 F.2d 787, 790 (5th Cir. 1990) (quoting *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979)).  Plaintiff cannot demonstrate good cause here given the complications he seeks to introduce and the detrimental effect the proposed amendment would have on this MDL.

Ultimately, the decision of whether to grant leave to amend lies within the trial court's discretion.  *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981).  The inherent discretion of the Court empowers this Court to reject an untimely amendment that would run counter to the efficient administration of the Court's docket, such as would occur here by reducing the value of this case as a bellwether.

### III.   LAW AND ARGUMENT

At the outset, it should be noted that Shaw does not object to any amendment that provides additional information regarding claims that already exist.  Shaw does, however, object to plaintiff expanding the allegations of the original Complaint to add new claims involving mold damage.  Permitting such claims would defeat the whole function of the bellwether trials in this MDL.

The purpose of multidistrict litigation is to transfer civil actions involving "common questions of fact" to one district for "coordinated or consolidated" pretrial proceedings and to promote the "just and efficient conduct of such actions."  *See* 28 U.S.C. § 1407(a).  In this case, the Judicial Panel of Multidistrict Litigation Transfer Order combined cases that share "factual questions relating to allegations that trailers – provided by the Federal Emergency Management Agency in wake of Hurricanes Katrina and Rita – contain materials which omit dangerous, excessive levels of *formaldehyde*."  (R. Doc. 1) (emphasis added).

The goal of these five bellwether trials is to produce a sufficient number of representative verdicts to enable the parties and the Court to facilitate a resolution of the *entire* body of cases in the MDL. While it is believed that a substantial majority of the cases pending in the MDL do not involve mold damage, all of the lawsuits involve alleged exposure to formaldehyde. Formaldehyde exposure is the only issue that is common to every plaintiff in this proceeding; thus, formaldehyde is and should be the focus of the bellwether trials. Permitting claims of mold damage to be tried in this case will render any verdict in the third bellwether meaningless for purposes of resolving the other remaining cases.

Even if mold were a legitimate issue in Mr. Wright's particular trailer, the function of a bellwether trial is not to resolve each and every issue involved in every single action pending in the MDL. A bellwether trial "allows a court and jury to give the major arguments of both parties due consideration without facing the daunting prospect of resolving every issue in every action. . . . And every experienced litigator understands that there are often a handful of crucial issues on which the litigation primarily turns. A bellwether trial allows each party to present its best arguments on these issues for resolution by a trier of fact. Moreover, resolution of these issues often facilitates settlement of the remaining claims." *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, MDL No. 1358, 2007 WL 1791258, at 2-3 (S.D.N.Y. June 15, 2007). The crucial issue here is formaldehyde, not mold.

Moreover, the addition of these new claims is impermissible because the amendment is untimely and adding new causes of action at this point in the litigation would prejudice Shaw. The delay in adding the mold claims is a problem not only in and of itself, but also because it would dramatically expand the nature of the case against Shaw. As such, the addition of this

5

claim would require Shaw to engage in more discovery, retain additional experts,[2] and devote a substantial amount of time to defending completely new allegations. Trial in the third bellwether case is a mere five months away. Further, the first two bellwether trials are set to begin in September 2009 and October 2009, respectively. Consolidated discovery in both proceedings has been well underway for months now. Permitting an amendment at this juncture would unduly prejudice Shaw and would interject new issues and considerable additional delay into these already complex and lengthy proceedings.

Finally, the Court's Scheduling Order for the third bellwether trial (R. Doc. 1307), required that any amendments to pleadings take place by March 23, 2009. Plaintiff offers no excuse to the Court for its delay in seeking leave for this amendment other than to simply state that new information in the proposed amendment "became available after the filing of the original Complaint." This unsupported statement is inadequate for plaintiff to meet its burden under Fed. R. Civ. Proc. 16(b)(4). Where, as here, a party has delayed seeking to add new claims, and offers no justification for that delay, leave to amend should be denied. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (affirming denial of leave to amend to add new claim because "[a]t some point in time, delay on the part of the plaintiff can be procedurally fatal"); *Whitaker v. City of Houston*, 963 F.2d 831, 836 (5th Cir. 1992).

IV.  **CONCLUSION**

Ultimately, the MDL is supposed to be about formaldehyde. It is captioned "In Re FEMA Trailer ***Formaldehyde*** Products Liability Litigation" (emphasis added) -- with no

---

[2] The plaintiffs in the first bellwether case submitted twenty expert reports, leaving us to wonder how many experts would be needed if mold issues were added to this case.

reference to mold or any other conceivable cause of injury that a trailer occupant might suffer -- for a reason. All of the plaintiffs in this MDL claim to have been injured by formaldehyde. Not all, or even a sizeable fraction, can claim in good faith to have been injured by mold (or anything else). Thus the interjection of mold as a focal point of the *Wright* case will not only require expensive and wasteful inquiries into mold toxicology and similar issues, but will also reduce or eliminate the predictive value of this case to the likely outcomes of cases filed by other plaintiffs, who may or may not allege injury due to mold exposure. Shaw urges the Court to deny the proposed amendment, not only because it is untimely and prejudicial to Shaw, but more fundamentally because it is contrary to the inherent purpose of the MDL.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**


              s/M. David Kurtz                
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000

**ATTORNEYS FOR DEFENDANT,
SHAW ENVIRONMENTAL, INC**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of July, 2009, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel.

    s/M. David Kurtz    
M. DAVID KURTZ
