UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER      MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION     SECTION "N-5"

    JUDGE ENGELHARDT

    MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Aldridge, et al. v. Gulf Stream Coach, Inc., et al.*
*No. 07-9228*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD SUPPLEMENTAL AND AMENDING COMPLAINT**

**MAY IT PLEASE THE COURT:**

Certain Plaintiffs (hereinafter "Plaintiffs") to the Original Complaint now bring this supplemental memorandum (the "Supplemental Memorandum") in support of their Motion for Leave to File the Third Supplemental and Amending Complaint, pursuant to the request for additional briefing by this Honorable Court (Document 2111) on the issues relating to the Federal Tort Claims Act ("FTCA") and exhaustion of remedies. Plaintiffs incorporate their previous arguments raised in the memorandum in support of their Motion for Leave to File.

This Supplemental Memorandum will focus on two major points in the context of this Court's request for clarification and additional briefing on the issue of amendment under the

1

FTCA and exhaustion of remedies. The first point is that the facts applicable to this matter and the current stance of the *Aldridge* complaint are such that amendment is the proper means of bringing the claims of the now-ripe Plaintiffs against the United States under the FTCA. The second point of clarification is that the caselaw relied upon by the United States in its opposition is distinguishable from the facts of this case and, in fact, indicates that it is within the Court's discretion to allow for an amendment of a suit to be an acceptable means of "commencing a new action".

**I.     Amendment of *Aldridge* is Proper to Bring FTCA Claims for Plaintiffs**

The issue in the Third Supplemental and Amending Complaint ("3rd Amending Complaint") to *Aldridge* is that the First Supplemental and Amending Complaint ("1st Amending Complaint"), which was filed on or about January 21, 2009 and brought causes of action against several new defendants, including the United States of America and the Federal Emergency Management Agency ("FEMA"), erroneously named a number of Plaintiffs who had not exhausted their administrative remedies relating to FEMA as required under the FTCA before filing suit against the Federal Government. However, a number of Plaintiffs on the 1st Amending Complaint were ripe against FEMA and brought their claims timely and properly. The 3rd Amending Complaint should be viewed in light of this fact and that it does not add new defendants or causes of action to the *Aldridge* Complaint, rather, it simply amends to reassert claims against the United States and FEMA which had been properly brought by other Plaintiffs in *Aldridge*.

The United States Supreme Court, in *McNeil v. United States*, 508 U.S. 106 (1993), examined and discussed the issue of exhaustion of remedies under the FTCA. The defendant

United States, in their Opposition to the Plaintiffs' Motion for Leave to Amend discusses and cites *McNeil* on page 6 of its brief which states:

> In *McNeil*, the Supreme Court explicitly rejected the argument that the failure to exhaust administrative remedies can be cured by exhaustion of administrative remedies during the pendency of a prematurely filed FTCA suit in district court. The Court explained that "the statute…require[s] complete exhaustion of Executive remedies before invocation of the judicial process." *Id.* at 112. The Court reasoned that allowing exceptions to §2675(a)'s proscription of premature actions would "undermine the orderly administration" of FTCA litigation and unduly "burden…the judicial system and…Department of Justice." *Id.*…

The concern voiced by both the Supreme Court and reiterated by FEMA in *Aldridge* is that allowing exceptions would undermine orderly administration and create undue burden on the judicial system and Department of Justice. In *Aldridge*, this is not the case. There are no new claims or assertions raised in the 3rd Amending Complaint. It is merely a vehicle with which to re-assert and allege claims against the United States for those Plaintiffs who erroneously brought suit prematurely. There is no undue burden in *Aldridge*. FEMA's defense of *Aldridge* will remain identical to its previous defense, as it is already defending against these claims brought by those Plaintiffs who had exhausted their administrative remedies at the time of filing.

It is also important to look to the Court's own language in *McNeil* which creates some room for interpretation. The Court expressly states: "we assume that the Court of Appeals correctly held that nothing done by the petitioner after the denial of his administrative claim on July 21, 1989, constituted the commencement of a new action." 508 U.S. at 1983. In *Aldridge*, the Plaintiffs are filing an Amending Complaint which asserts that their claims are being re-alleged and re-averred due to the fact they are now ripe, and that they were prematurely brought in the 1st Amending Complaint.

Further, it should be noted that in *Aldridge*, as in all the cases under this MDL, there are multiple defendants, and the United States is merely one party. The United States has been on notice of its role in the MDL from its inception. The timely amendment in *Aldridge* to add now ripe Plaintiffs' claims against FEMA causes no change in the strategy or resources allocated by FEMA to the litigation, and the defenses employed against the now-ripe Plaintiffs in *Aldridge* are and will be the same employed against those Plaintiffs who were ripe at the time the 1st Amending Complaint was filed.

The United States argued that it must consent to any amendment of *Aldridge* under the FTCA to assert now-ripe claims. Plaintiffs would disagree. Amendments have been allowed to constitute new actions in past actions by the various courts. In those cases, the United States consented to the amendment, but this does not obligate the Court to any such restriction. See *Mires v. United States*, 466 F.3d 1208 (10th Cir. 2006) where the court allowed for an amendment of the complaint and the United States consented to the amendment to allege satisfaction of the jurisdictional prerequisites while suit was pending; See also, *Hyatt v. United States*, 968 F.Supp. 96 (E.D. NY 1997) where the court allowed for Plaintiff to file an amended complaint alleging a cause of action under the FTCA where he had mistakenly filed prematurely but actively pursued his judicial remedies by filing a defective pleading during the statutory period; See also *Duplan v. United States*, 188 F.3d 1195 (10th Cir. 1999), wherein the court allowed for an amended complaint to constitute a new action, in part because the government also agreed that the amended complaint constituted a new action.

This Honorable Court has great discretion in granting leave to amend a complaint. In the Plaintiffs' instance, there is no attempt to circumvent the system. In fact the 3rd Amending Complaint is brought specifically because the Plaintiffs realize that some claims against the

4

Federal Government were brought prematurely and that they are within the six-month time window in which to timely assert claims against FEMA, so they have filed to amend their complaint to timely do so. Further, it makes little or no sense to dismiss their claims against FEMA, simply to refile them and reassert them incorporating them into the already filed Complaint. They are precluded from bringing separate suits against FEMA if they maintain their actions against the other defendants in this litigation, as it would constitute parallel tracks of litigation stemming from the same facts and events. Further, all Plaintiffs bringing this memorandum are now ripe and within their six month statutory period to bring suit. To speak of placing a burden on a party and wasting judicial resources, forcing the Plaintiffs to dismiss their claims, only to bring identical claims anew in the already existing Complaint makes no sense and would require unnecessary filing and pleading practice. This, in large part, is also how the Federal Government's cases raised in their opposition can be distinguished from *Aldridge*.

## II.     Distinguishing the Government's Arguments from *Aldridge*

The Government cites several cases in their Opposition to Plaintiff's Motion for Leave to File Third Supplemental and Amending Complaint, but these cases are easily distinguishable from the instant case. The Government states that under *Lopez,* a prematurely filed FTCA claim cannot be cured through an opposed amendment. *Lopez v. Chertoff*, 2009 WL 395229 at *1-2 (E.D. Cal. 2009). However, in *Lopez*, the Plaintiff's original Complaint did not include an FTCA claim. When that Plaintiff amended the complaint, an FTCA was added where it was not there originally, as opposed to the instant case where the an FTCA claim was already in the Original Complaint, it just wasn't ripe. Further, in *Lopez*, the Plaintiff was not allowed to amend his complaint with the added FTCA claim because the six month time to file had lapsed since his denial and thus he was time-barred from making a claim against the Government. *Id.* at 2. In the

5

instant case, the statutory time to file has not run on the Plaintiffs alleging FTCA claims in the 3rd Amending Complaint and they should be allowed to amend their claims as they are now ripe.

The Plaintiffs admits that the filing of some of the FTCA claims was premature because they had not yet exhausted their administrative remedies or received formal denials of their claims. The Plaintiffs understand the lack of subject matter jurisdiction owing to this erroneous filing. However, as stated by the Fifth Circuit Court of Appeals in *Gregory v. Mitchell,* 634 F.2d 199, 203 (5th Cir. 1981):

> In exercising its ***discretion*** on a motion for leave to amend the trial court may consider such factors as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by prior amendments, undue prejudice to the opponent by virtue of allowance of amendment and ***futility*** of amendment. Citing, *Foman v. Davis*, 371 U.S. 178, 182 (1962).

(emphasis added).

The court in *Gregory*, admittedly, used their discretion to not allow the Plaintiffs to amend. However, in the instant case, the amendment would cause no undue prejudice to the opponent by allowing the amendment. Nor is the amendment futile, because the statute of limitations has not run out. Further, the court in *Gregory* allows that when the plaintiff wants to amend they must show "the delay was due to oversight, inadvertence or exscusable neglect, a burden which properly shifts to the party seeking to amend where apparent lack of diligence exists." *Id.* At 200.

The Government also cites to *Reynolds v. United States,* 748 F.2d 291, 292 (5th Cir. 1984) in its Opposition. In *Reynolds*, the plaintiff, with the Court's permission, was allowed to file an amended and supplemental complaint to her original pleading. While the amended complaint was eventually dismissed, it is important to note that the Court did grant permission to amend the original complaint as opposed to simply just dismissing.

The Plaintiffs respectfully request that this Court follow the rationale in *Duplan*, and grant them leave to amend the complaint and thus agree that it will constitute a new action. *Duplan v. Harper*, 188 F.3d 1195, 1199(10th Cir. 1999). *Duplan* cautions that as a general rule, amended complaints should not be allowed to serve as a new suit because it would make exhausting the administrative remedies meaningless. *Id.* However, in the instant case, the Plaintiffs bringing the 3rd Amending Complaint are only some of the Plaintiffs to the *Aldridge* Complaint, the others having filed timely and ripe causes of action against FEMA and the United States. The Plaintiffs bringing the 3rd Amending Complaint erroneously filed their FTCA claims prematurely, but raise identical claims those raised in the 1st Amending Complaint, **and only after their claims have become ripe, thus, in effect, complying with the exhaustion of administrative remedies requirement, as they acknowledge they had no actionable claim while their claims were premature**.

Finally, the Plaintiffs would respectfully request that this Court grant them leave to file their 3rd Amending Complaint. Though the caselaw leans against such a ruling, there is room within the readiong of those very same decisions, coupled with the equities of this litigation and the discretion of this Honorable Court to allow for the 3rd Amending Complaint to serve as a new commencement of action for the Plaintiffs under the FTCA. The facts of this case clearly distinguish themselves from the caselaw as it stands, and create a significant grey area for this Court to create clarity and efficient use of judicial resources and in the interest of judicial economy. Plaintiffs aver that a simple amendment can remedy the erroneously filed FTCA claims for certain plaintiffs in the 1st Amending Complaint. The alternative is an exercise in spinning the wheels to get to the exact same place. No claims will change and the Plaintiffs' FTCA claims, after being dismissed without prejudice, will be reattached to the *Aldridge*

Complaint in identical form and without changing a single thing in the Government's strategy of defense, the Plaintiffs' pursuit of their claims or, Plaintiffs would assert, this Court's handling of the litigation.  Plaintiffs assert that this Honorable Court has within its sound discretion the authority to grant their Motion for Leave to File the 3rd Amending Complaint.  As such, Plaintiffs pray that this Court

WHEREFORE, for the reasons articulated herein, Plaintiffs contend that their Motion for Leave to File the Third Supplemental and Amending Complaint is properly brought and should be allowed, and they pray that this Honorable Court grant their Motion and that the Third Supplemental and Amending Complaint be filed into the record.

Respectfully submitted,

s/ Frank J. D'Amico, Jr._____
FRANK J. D'AMICO, JR., T.A. (#17519)
AARON Z. AHLQUIST (#29063)
**FRANK J. D'AMICO, JR., APLC**
622 Baronne Street
New Orleans, LA 70113
Telephone:     (504) 525-7272
Fax:              (504) 525-9522
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

s/Frank J. D'Amico Jr.
FRANK J. D'AMICO JR. #17519