UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|     FORMALDEHYDE | * | |
|     PRODUCTS LIABILITY | * | |
|     LITIGATION | * | SECTION: N(5) |
| | * | |
| This Document Relates to: *Charlie Age, et al. v.* | * | JUDGE: ENGELHARDT |
| *Gulf Stream Coach Inc., et al*, Docket No. 09-2892 | * | |
| | * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## REPLY TO PLAINTIFF'S OPPOSITION TO RULE 12(b)(6) MOTION TO DISMISS

**MAY IT PLEASE THE COURT:**

On June 19, 2009, Defendant Gulf Stream Coach, Inc. ("Gulf Stream") filed a Rule 12(b)(6) Motion to Dismiss regarding various allegations made by the Plaintiff in her original Complaint for Damages. Gulf Stream argued that several of the Plaintiff's allegations failed to state a claim upon which relief could be granted. On July 6, 2009, the Plaintiff filed an Opposition to Gulf Stream's Motion. Gulf Stream now appears before this Honorable Court to reply to the Plaintiff's Opposition.

The original motion focused on three allegations made by the Plaintiff – that the Emergency Housing Unit ("EHU") she was provided by FEMA was defective because Gulf Stream failed to unit to evaluate the level of formaldehyde therein; that Gulf Stream failed to ensure that the unit was suitable for its intended use; and that the Plaintiff lost the use and/or the opportunity to use safe and adequate shelter during her displacement following Hurricane Katrina. (Doc. No. 1811—2). This Reply will address each of those allegations in turn.

As to the first, Gulf Stream has argued that the Louisiana Products Liability Act (LPLA) does not hold liable a manufacturer for its failure to test the thing it produced. *Id*. at 4—5. The

Plaintiff agrees with this argument but argues that she has done more than simply allege that Gulf Stream is liable because it failed to test the unit. (Doc. No. 2054, p. 2). What the Plaintiff has done is to allege that her unit is defective, and this defectiveness came about or resulted from Gulf Stream's failure to test. *Id*. "In other words, plaintiff's unit is alleged to be defective, or unreasonably dangerous in normal or foreseeable use, because, among other things, it was not properly tested while in the control of the manufacturer." *Id*. This argument, however, fails to rehabilitate the Plaintiff's original allegation. The LPLA limits the ways in which a product may be unreasonably dangerous to four theories of liability – construction/composition, design, the manufacturer's failure to provide an adequate warning, or in the product's failure to conform to the manufacturer's express warranty. LA. REV. STAT. ANN. § 9:2800.54 (2008). Only those four theories are viable under the LPLA; the manufacturer's failure to test is not one of them.

Additionally, the Plaintiff's argument that the failure to test allegation is somehow rooted in one of the cognizable claims under the LPLA is likewise unpersuasive. She cites a case from the Eastern District of Louisiana to argue that the failure to test, while not its own viable claim under the LPLA, could be relevant in considering whether the EHU is defective under one of the actual theories of liability listed in the Act. However, Gulf Stream would refer the Court to the case it cited in its original Motion, *Theriot v. Danek Medical, Inc.* Just like the Plaintiff in this case, the *Theriot* plaintiff argued that the failure to test was rooted in the theories that are actually viable under the LPLA. *See* 168 F.3d 253, 256 (5th Cir. 1999). Specifically, the plaintiff argued that the failure to test the product adequately meant that the manufacturer could not provide an adequate warning. *Id*. The U.S. Court of Appeals saw this argument for what it was – nothing more than a claim that the manufacturer did not adequately test the product. *See id*. Thus, it denied the plaintiff's claim. *Id*. Applying *Theriot* to this case, Gulf Stream asserts that the

Plaintiff, in trying to argue that the failure to test allegation is viable as part of a claim that may be brought under the LPLA, does nothing more than allege that the EHU is defective because Gulf Stream did not test it adequately. That is not a claim recognized under the LPLA, and as such it should be dismissed.

As for the case cited by the Plaintiff in her Opposition, *Linsley v. C. R. Bard, Inc.*, Gulf Stream is hard pressed to understand, as the Plaintiff's argues, how the Court in *Linsley* agreed to hear evidence of the manufacturer's failure to warn in considering whether the manufacturer provided an adequate warning. *Linsley* involved the "learned intermediary" doctrine, a judicially created rule that states a manufacturer of prescription medical products has a duty only to warn physicians, rather than patients, of the risks associated with the use of the product. 2000 WL 343358, at *5 (E.D.La. March 30, 2000). Acknowledging the doctrine, the plaintiff argued that the manufacturer did not adequately warn the subject physician because the manufacturer never tested its product. *Id*. In an attempt to distinguish the case from *Theriot* – also a learned intermediary case – the plaintiff argued that while the doctor in *Theriot* admitted that he was fully apprised of the risks associated with the product, the doctor in *Linsley* was not aware of all possible risks. *Id*. After concluding that the evidence showed the doctor was in fact aware of all the risks, the court noted that the plaintiff was then left with an argument that the manufacturer had not adequately tested his product. *Id*. at *6. Citing *Theriot*, the court then dismissed the plaintiff's claim for failing to state a claim under the LPLA. *Id*. While the decision references the plaintiff's argument about the failure to test, at <u>no</u> point does the court agree that such evidence is relevant or say that it is relevant as part of the inadequate warning claim. Thus, *Linsley* does not support Plaintiff Alexander's argument.

Second, Gulf Stream argued in its original Motion that the Plaintiff is not entitled to recovery under the warranty of fitness for intended use. (Doc. No. 1811—2, at 5—6). In response, the Plaintiff has argued that no privity is needed to recovery under such a warranty, that it is entitled to recover under the warranty against redhibitory defects because it is a third-party beneficiary, and because the Court needs additional information to determine the Plaintiff's third-party beneficiary status it cannot rule on Gulf Stream's motion at the present time. With respect to the privity issue, Gulf Stream reiterates that while privity is not needed to recover under these implied warranties, only a **buyer** can assert her entitlement to them. *See Media Prod. Consultants, Inc. v. Mercedes-Benz of America, Inc.*, 262 So.2d 377, 281 (La. 1972); *Ahrens v. TPLC, Inc.*, 955 F. Supp. 54, 56 (E.D.La. 1997); *see Diaz v. Goodyear Tire & Rubber Co.*, 2008 WL 4528186, at * 4 (M.D.La. Oct. 1, 2008). The Plaintiff, who did not purchase the EHU in which she resided, provided no response to that argument in her Opposition.

With respect to the third-party beneficiary argument, Gulf Stream respectfully submits that the Court needs no additional information to reject that argument. Under Louisiana law, third-party beneficiary status must be express and in writing. *Guidry v. Hedburg*, 98-228 (La. App. 3 Cir. 11/4/98), 722 So.2d 1036, 1041; *see Concept Design, Inc. v. J.J. Krebs & Sons, Inc.*, 96-1295 (La. App. 4 Cir. 3/19/97), 692 So.2d 1203, 1206. In fact, a contract that includes a third-party beneficiary typically occurs where one party agrees to perform an obligation the other party owes to a third person. *See Guidry*, 722 So.2d at 1041. In stark contrast, the parties in this case – Gulf Stream and FEMA – have engaged in no contract or agreement that expressly made the Plaintiff the third-party beneficiary of the contract. Without that contractual provision, the Plaintiff is not entitled to third-party beneficiary status. As neither a beneficiary nor a buyer, she

has no entitlement to the implied warranties she asserts in her complaint. The LPLA is her only vehicle for recovery against Gulf Stream.

Finally, Gulf Stream argued in its Motion that the Plaintiff is not entitled to a specific claim of damages she made in the original Complaint. (Doc. No. 1811—2, at 7). In response, the Plaintiff seemingly makes the exact argument she made with respect to the warranty of fitness for intended use and redhibition – that she is a third-party beneficiary, and the Court does not have a sufficient record on which to determine whether the Plaintiff is entitled to that status. Gulf Stream again submits that the Plaintiff is not entitled to that status because such status is contingent on an express provision granting her the status, and there is <u>no</u> express provision in any contract between Gulf Stream and FEMA. Thus, she has no claim for loss of use.

Respectfully Submitted:

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER & WEINSTOCK**

s/Andrew D. Weinstock

_____
**ANDREW D. WEINSTOCK #18495**
**JOSEPH G. GLASS #25397**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON**
**Timothy D. Scandurro #18424**
**Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

## **C E R T I F I C A T E**

I hereby certify that on the 13th day of July, 2009, a copy of the foregoing Reply to Plaintiff's Opposition to Rule 12(b)(6) Motion to Dismiss was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

                              s/Andrew D. Weinstock
                              _____
                        ANDREW D. WEINSTOCK #18495
                              andreww@duplass.com