UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-5"<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc.,et al.*
 *No. 09-2977* (E.D. La.)

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST SUPPLEMENTAL AND AMENDED COMPLAINT**

**MAY IT PLEASE THE COURT:**

Plaintiff, Lyndon T. Wright ("Lyndon"), respectfully submits this Reply to the Opposition to Plaintiff's Motion for Leave to File First and Supplemental and Amended Complaint filed by Defendant, Shaw Environmental, Inc. ("Shaw"). Plaintiff wishes to further reiterate his reasons for supplementing and amending his complaint and also to refute several of the Defendant's arguments which are incorrect and inaccurate.

First, the Defendant contends that as a "bellwether" case, including information and allegations about the mold in the Plaintiff's Trailer undermines the value of this case as a bellwether for other cases that do not involve mold. However, the Plaintiff's case is not a designated bellwether case and the hope for the Plaintiff's trial is that it has instructive value.

1

The concept of a bellwether is defined in *In re Chevron*, 109 F.3d 1016, 1020 (5th Cir. 1997), which held that bellwether selection is:

> Based on competent, scientific, statistical evidence that indentifies the variables involved and that provides a sample of sufficient size so as to permit a finding that there is a sufficient level of confidence that the results obtained reflect results that would be obtained from trials of the whole.

In the instant litigation, there was no scientific or statistical calculation used to determine a representative bellwether population. Rather, Lyndon's complaint was selected based up certain non-scientific, non-statistically relevant criteria.

Further, the Defendant alleges that this litigation is about formaldehyde and not mold, when in fact, Lyndon's case is also about Shaw's negligence in their duty to maintain his Trailer. Lyndon complained to Shaw repeatedly about the mold in his Trailer and Shaw never did anything to remedy it, though part of their duty pursuant to their contract with FEMA was to maintain and repair the travel trailers they provided to victims of Hurricane Katrina.

Shaw urges that formaldehyde is the critical issue, not mold. However, the Center for Disease Control, in their Final Report on Formaldehyde Levels in FEMA-Supplied Trailers, Park Models and Mobile Homes, (CDC, July 2008) states: "Respondents reported roof leaks in 17% of trailers, pipe leaks in 15% and mold in 21%.", which suggests that mold is not a separate issue from formaldehyde, but an issue found in a significant number of trailers (Approximately line 5). It would be remiss and negligent not to further examine this issue because it will be an issue in other cases. In fact, Lyndon is one of 5 currently scheduled trials, which is proportionately accurate to the number reporting significant mold problems.The CDC study also states that: "The presence of $\geq$ 1 ft² of mold was associated with a significant increase in GM Formaldehyde levels (adjusted means 86 ppb versus 63 ppb)." The study concludes that "The presence of mold ($\geq$ 1ft²) (6% of trailers) was associated with higher formaldehyde levels. Mold also can

contribute to decreased indoor air quality and cause respiratory symptoms." Mold is not a separate problem but a contemporaneous component under the larger umbrella of the issue of formaldehyde.

Next, Shaw alleges that Lyndon's Motion to Supplement and Amend his Original Complaint is untimely because it was filed past the March 23, 2009 deadline given in the Trial Scheduling Order. However, Lyndon did not receive the Trial Scheduling Order until April 8, 2009 making it impossible to retroactively file amendments and pleadings under the March 23, 2009 deadline. Shaw offers as one of their reasons that Lyndon should not be allowed to amend and supplement his complaint is that he did not meet this deadline. However, it was impossible to meet this deadline because Lyndon was not selected as the trial plaintiff until two weeks after this deadline passed.

The crux of Shaw's Opposition to Lyndon Amending and Supplementing his Complaint is that the filing is untimely and "would dramatically expand the nature of the case against Shaw." Shaw would like to unjustly hold Lyndon to a deadline that was literally impossible to meet because counsel was not supplied with this deadline until two weeks after it had passed. Also, exploring the issue of mold would flesh out a problem that, according to the CDC's study is apparent in a significant number of trailers. The inclusion of mold to this case more fully explains Lyndon's injuries and the combination of these factors contributed to his overall health problems and is necessary in making a different diagnosis of the causes for Lyndon's Respiratory ailments. Lyndon is not seeking to add a new cause of action, but is requesting that all evidence be admitted in order to provide a more complete and accurate case that illustrates all the relevant facts and injuries.

Finally, though Shaw offers several legal justifications for not allowing the Lyndon to amend, they admit that "the decision of whether to grant leave to amend lies within the trial court's discretion". Lyndon urges this Court to allow him to amend his complaint because he wants to present a fully articulated and accurate description of his damages and to be able to address an issue that compounded and contributed to his injuries.

>Respectfully submitted,
>
>s/ Frank J. D'Amico, Jr.
>FRANK J. D'AMICO, JR., T.A. (#17519)
>AARON Z. AHLQUIST (#29063)
>**FRANK J. D'AMICO, JR., APLC**
>622 Baronne Street
>New Orleans, LA 70113
>Telephone:	(504) 525-7272
>Fax:	(504) 525-9522

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

>s/Frank J. D'Amico Jr.
>FRANK J. D'AMICO JR. #17519