UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER  
      FORMALDEHYDE PRODUCTS  
      LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N"  (5)

THIS DOCUMENT RELATES TO  
Member Case No. 09-2977

## ORDER

On July 17, 2009, the Court held a telephone status conference with the following counsel participating: Justin Woods, Dave Kurtz, Karen Whitfield, Henry Miller, Jonathan Waldron, Ernest Gieger, Carson Strickland, Frank D'Amico, and Aaron Ahlquist.  Karen Ibos, Court Reporter, transcribed the call.  During the conference, the Court **ORDERED** as follows:

    (1)    For the reason stated by the undersigned on the record, **Plaintiff's Opposed Second Motion for Leave to File First Supplemental and Amended Complaint (Rec. Doc. 2128)** is **GRANTED**.

    (2)    The Court's July 13, 2009 Order and Reasons (Rec. Doc. 2149) and the Court's June 30, 3009 Order and Reasons (Rec. Doc. 2009) are **AMENDED** only to the extent that mold testing may be conducted on the bellwether plaintiff's emergency

housing unit ("EHU") in the third bellwether trial (*Wright v. Forest River; Shaw*, Member Case No. 09-2977).[1]

**IT IS FURTHER ORDERED** that, pertinent to the third bellwether trial, set to begin on December 7, 2009:

(1)     Plaintiff's preliminary expert reports (which shall be complete in terms of identifying who the experts are, their respective areas of expertise, their qualifications, the specific inquiries they are tasked to study, the methodology or protocol each will employ, and any preliminary opinions that can be offered or derived at that time) are due to be exchanged **on or before Wednesday, July 29, 2009.**

(2)     If Plaintiff has issues relative to mold exposure and damages relating therefrom, Plaintiff's protocol for mold testing shall be given to the opposing parties by **Friday, July 17, 2009, at 5:00 p.m.**

(3)     **On or before Monday, July 20, 2009, at 5:00 p.m.,** all parties shall set forth and exchange protocol for testing such that such testing may begin as soon as possible, except that Defendants may add to their protocol specifics relative to mold testing on or before **Monday, August 3, 2009.**

(4)     The parties shall endeavor to begin testing on **Monday, July 27, 2009.**

(5)     Plaintiff's final, complete, and comprehensive expert reports are due **on or before Tuesday, September 1, 2009.**

---

[1]     To be clear, mold testing will not be permitted in any other scheduled bellwether trial, and no amendment of pleadings or expert reports attributing Plaintiffs' injuries to the presence of mold shall be allowed.

(6) Defendant's final, complete, and comprehensive expert reports are due **on or before Friday, September 25, 2009.**

(7) To the extent any other deadlines in this bellwether trial are impacted or otherwise warrant adjustment as a result of this Order, counsel shall consult and, if agreed, advise the Court accordingly; or if there is no such agreement, a party may file and notice for hearing a motion seeking such adjustment.

New Orleans, Louisiana, this 17th day of July, 2009.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**