UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Charlie Age, et al v. Gulf Stream Coach* | * | |
| *Inc., et al*, Docket No. 09-2892; | * | |
| Alana Alexander, individually and on behalf of | * | |
| Christopher Cooper | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER OPPOSED MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITION**

Plaintiff, Alana Alexander, individually and on behalf of Christopher Cooper ("Plaintiff" or "Ms. Alexander") submits this memorandum in support of her Motion for Leave to Take Additional Deposition, which requests that the Court grant her leave to take one deposition on July 24, 2009, the day after the discovery deadline and, in support, would show the following:

**BACKGROUND**

This case is one of thousands of cases filed in this Multi District Litigation involving travel trailers provided to victims of Hurricanes Katrina and Rita.

The case of *Age, et al v. Gulf Stream Coach, Inc., et al* (of which Ms. Alexander is a Plaintiff) was filed on February 27, 2009.  On April 6, 2009, the Court selected Ms. Alexander as the first trial plaintiff. On April 8, 2009, the Court issued a scheduling order for this case, setting trial to begin on September 14, 2009.   The order imposes a discovery period deadline on

July 23, 2009.

Gulf Stream previously agreed in early June to produce Jeff Zumbrun for deposition. As set out in previous motions, Mr. Zumbrun is a Gulf Stream employee who was intimately involved in ordering wood products for use in making travel trailers, like the one at issue in this case. Gulf Stream contends that it only ordered "LFE" (low formaldehyde emitting) wood for use in their trailers and that it had a longstanding policy of only ordering LFE wood from its suppliers. Gulf Stream has made its alleged "policy" of procuring only LFE materials one of its central defenses, i.e., if it only used LFE wood in making the subject trailer, then the trailer was not a defective product. Gulf Stream contends that its suppliers, and supplier Adorn/Patrick Industries in particular, failed to provide LFE wood to Gulf Stream. Mr. Zumbrun was believed to be the person with most knowledge at Gulf Stream about this issue.

Despite Gulf Stream's promise, it took two motions and two court orders compelling Gulf Stream to produce Mr. Zumbrun for deposition before Gulf Stream would produce Mr. Zumbrun for deposition. He was finally produced for deposition, yesterday--July 16, 2009.

Plaintiff had sent written discovery to Gulf Stream long ago which, among other things, requested witness statements or recordings. For the past month, Gulf Stream's counsel had stated repeatedly that his client had no statements or recordings.

However, on July 15, 2009 (the day before the deposition), Gulf Stream produced a recorded conversation between Mr. Zumbrun and what Gulf Stream attorneys described as Mr. Zumrbun's "contact person at Adorn". *See* **Exhibit A**. From the recording, it was unclear as to the name of this person. It is clear that the parties are discussing whether or not Gulf Stream had

an "only LFE" policy and, if so, if Adorn/Patrick had provided LFE wood to Gulf Stream, or not.

In Mr. Zumbrun's deposition on May 16th (yesterday), he identified the contact person in this recording as Scott Bailey. In the following 24 hours, Plaintiff's counsel determined that Mr. Bailey is Adorn/Patrick's National Account Manager, conferred with Adorn/Patrick's attorney, and arranged to have Mr. Bailey deposed in Elkhart, Indiana on July 24, 2009.[1]

Plaintiff now seeks leave to take Mr. Bailey's deposition on July 24, 2009.

## ARGUMENT AND AUTHORITIES

### I.  Deposition Limits

FED. R. CIV. P. 30(A)(2) provides:

A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2):

(A)  If the parties have not stipulated to the deposition and:

    (i)  The deposition would result in more than 10 depositions being taken under this Rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants.

As set forth above, Mr. Bailey has critical information relating to disputed facts in this case. If Plaintiff is not allowed to depose Mr. Bailey, it will impair Plaintiff's ability to effectively prosecute her case. Plaintiff respectfully requests leave to take this deposition. As before, Plaintiff will agree to a reasonable time limit of two hours for her part of the deposition.

---

[1] Plaintiff is simultaneously sending out a notice of deposition for Mr. Bailey.

x

## II. Discovery Deadline

The Scheduling Order sets the discovery deadline at July 23, 2009.[2]   First, Plaintiff would show that this deposition is not necessarily discovery, but preservation of testimony for trial.  Mr. Bailey (who is not an employee of any party to this suit) lives and works in Northern Indiana, and is beyond the subpoena power for trial testimony in New Orleans.  The only way to obtain his testimony for trial is to take his deposition in his home state before trial.

Second, Plaintiff is filing this motion **one day** after learning of Mr. Bailey's identity.[3] The only reason why we are just now learning of Mr. Bailey's identity and role in this crucial issue is because Gulf Stream delayed in producing the recording until the eve of the discovery deadline—despite numerous representations that it had no such statements.  Gulf Stream should not be rewarded for delaying production of responsive material.

## CONCLUSION AND PRAYER

Plaintiff respectfully requests that the Court grant her Motion and grant her leave to take the deposition of Scott Bailey on July 24, 2009.

---

[2] The parties have agreed to take other depositions outside the discovery deadline, however Gulf Stream will not agree that this particular deposition can be taken.

[3] Had Gulf Stream timely produced this recording, this issue could have been addressed in previous motions for leave and the depositions could have been taken when other depositions were being taken in Indiana.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY: s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:     504/522-2304
Facsimile:      504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:     504/522-2304
Facsimile:      504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
ROBERT BECNEL
DENNIS REICH, Texas # 16739600

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                           s/Gerald E. Meunier
                                           GERALD E. MEUNIER, #9471