UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 | |
|     FORMALDEHYDE | * | | |
|     PRODUCTS LIABILITY | * | | |
|     LITIGATION | * | SECTION: N(5) | |
| | * | | |
| This Document Relates to: *Charlie Age, et al. v.* | * | JUDGE: ENGELHARDT | |
| *Gulf Stream Coach Inc., et al*, Docket No. 09-2892 | * | | |
| | * | MAG: CHASEZ | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## GULF STREAM COACH, INC.'S OBJECTIONS TO PLAINTIFFS' PROPOSED JURY CHARGES

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Gulf Stream Coach, Inc., which, pursuant to the Court's Order (Doc. No. 1595), dated May 27, 2009, respectfully objects to the following jury charges contained in Plaintiff's, Alana Alexander's, Requested Special Jury Charges (Doc. No. 2045):

I.     Plaintiff's Requested Jury Charge 3

     Objection. The charge is an incorrect recitation of the law. Specifically, the requested charge substitutes "defective" for "unreasonably dangerous". Gulf Stream respectfully suggests that if the requested legal principle contained in this charge is deemed necessary, the language should track the express language of La. Rev. Stat. § 9:2800.54.

II.    Plaintiff's Requested Jury Charge 5

     Objection. The charge is an incorrect recitation of the law. Specifically, the requested charge incorrectly states that an unreasonable dangerous characteristic can result from reasonably anticipated alteration or modification of a product and excludes qualifying language contained the definitions enumerated in La. Rev. Stat. § 9:2800.53. Gulf Stream respectfully suggests that if the requested legal principles contained in this charge is deemed necessary, the language should track the express language of La. Rev. Stat. § 9:2800.54(C) and La. Rev. Stat. § 9:2800.53(8).

III.   Plaintiff's Requested Jury Charge 6

     Objection. The charge, in general principle, is duplicative of the express language of La. Rev. Stat. § 9:2800.54(A). Moreover, Gulf Stream respectfully suggests that as specifically stated in the cited opinion, the charge incorrectly characterizes the express

1

"unreasonably dangerous" language of the Louisiana Products Liability Act ("LPLA") as "safe". Gulf Stream respectfully suggests that if the requested legal principle contained in this charge is deemed necessary, the language should track the express language of La. Rev. Stat. § 9:2800.54(A).

IV. Plaintiff's Requested Jury Charge 8

Objection. The charge is an incorrect recitation of the law. Specifically, the requested charge cites pre-LPLA law. Gulf Stream respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Johnson, "Civil Jury Instructions," vol. 18 Louisiana Civil Law Treatise (2d ed.), § 11.02.

V. Plaintiff's Requested Jury Charge 9

Objection. The charge is an incorrect recitation of the law. Specifically, the requested charge cites pre-LPLA law. Gulf Stream respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Johnson, "Civil Jury Instructions," vol. 18 Louisiana Civil Law Treatise (2d ed.), § 11.02.

VI. Plaintiff's Requested Jury Charge 10

Objection. The charge is an incomplete recitation of the law. Gulf Stream respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of La. Rev. Stat. § 9:2800.57 and/or Johnson, "Civil Jury Instructions," vol. 18 Louisiana Civil Law Treatise (2d ed.), § 11.03.

VII. Plaintiff's Requested Jury Charge 11

Objection. The charge is an incomplete recitation of the law. Gulf Stream respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of La. Rev. Stat. § 9:2800.57 and/or Johnson, "Civil Jury Instructions," vol. 18 Louisiana Civil Law Treatise (2d ed.), § 11.03.

VIII. Plaintiff's Requested Jury Charge 12

Objection. The charge is an incomplete recitation of the law. Gulf Stream respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of La. Rev. Stat. § 9:2800.57 and/or Johnson, "Civil Jury Instructions," vol. 18 Louisiana Civil Law Treatise (2d ed.), § 11.03.

IX. Plaintiff's Requested Jury Charge 13

      Objection. The charge is an incorrect recitation of the law. Specifically, the requested charge cites pre-LPLA law. Gulf Stream respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Johnson, "Civil Jury Instructions," vol. 18 Louisiana Civil Law Treatise (2d ed.), § 11.03.

X.      Plaintiff's Requested Jury Charge 14

      Objection. The charge is an incorrect recitation of the law. Specifically, the requested charge cites pre-LPLA law. Gulf Stream respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Johnson, "Civil Jury Instructions," vol. 18 Louisiana Civil Law Treatise (2d ed.), § 11.03.

XI.      Plaintiff's Requested Jury Charge 16

      Objection. The charge is duplicative of several of Plaintiff's other requested charges on her warnings claims under the LPLA. Moreover, Gulf Stream respectfully suggests that the charge is an incorrect recitation of the law. Gulf Stream respectfully suggests that if the requested legal principle contained in this charge is deemed necessary, the language should track the express language of Johnson, "Civil Jury Instructions," vol. 18 Louisiana Civil Law Treatise (2d ed.), § 11.03.

XII.      Plaintiff's Requested Jury Charge 17

      Objection. The charge is an incorrect recitation of the law. Specifically, the requested charge cites pre-LPLA law (*Halphen v. Johns-Manville Sales Corp.*, 484 So.2d 110, 114-15 (La. 1986)). Gulf Stream respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Johnson, "Civil Jury Instructions," vol. 18 Louisiana Civil Law Treatise (2d ed.), § 11.03.

XIII.      Plaintiff's Requested Jury Charge 19

      Objection. The charge is an incomplete recitation of the law and superfluous in light of Plaintiff's requested Jury Charge No. 1. Specifically, the requested charge excludes qualifying language contained the definitions enumerated in La. Rev. Stat. § 9:2800.53. Gulf Stream respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Johnson, "Civil Jury Instructions," vol. 18 Louisiana Civil Law Treatise (2d ed.), §§ 11.08 and 11.09. Additionally, Gulf Stream objects for the reasons contained in its Memorandum in Support of Motion to Dismiss, as supplemented, (Doc. Nos. 1811-2 and 2187).

XIV.      Plaintiff's Requested Jury Charge 10

        Objection.  Specifically, the requested charge is not relevant to any of Plaintiffs claims.  Additionally, Gulf Stream objects for the reasons contained in its Memorandum in Support of Motion to Dismiss, as supplemented, (Doc. Nos. 1811-2 and 2187).

XV.    Plaintiff's Requested Jury Charge 21

        Objection.  Specifically, the requested charge is not relevant to any of Plaintiffs claims and it is an inaccurate recitation of the law.  Additionally, Gulf Stream objects for the reasons contained in its Memorandum in Support of Motion to Dismiss, as supplemented, (Doc. Nos. 1811-2 and 2187).

XVI.    Plaintiff's Requested Jury Charge 22

        Objection.  Specifically, the requested charge is not relevant to any of Plaintiffs claims.  Additionally, Gulf Stream objects for the reasons contained in its Memorandum in Support of Motion to Dismiss, as supplemented, (Doc. Nos. 1811-2 and 2187).

XVII.    Plaintiff's Requested Jury Charge 23

        Objection.  Specifically, the requested charge is not relevant to any of Plaintiffs claims.  Additionally, Gulf Stream objects for the reasons contained in its Memorandum in Support of Motion to Dismiss, as supplemented, (Doc. Nos. 1811-2 and 2187).

XVIII.    Plaintiff's Requested Jury Charge 24

        Objection.  Specifically, the requested charge is not relevant to any of Plaintiffs claims.  Additionally, Gulf Stream objects for the reasons contained in its Memorandum in Support of Motion to Dismiss, as supplemented, (Doc. Nos. 1811-2 and 2187).

XIX.    Plaintiff's Requested Jury Charge 25

        Objection.  Specifically, the requested charge is not relevant to any of Plaintiffs claims.  Additionally, Gulf Stream objects for the reasons contained in its Memorandum in Support of Motion to Dismiss, as supplemented, (Doc. Nos. 1811-2 and 2187).

XX.    Plaintiff's Requested Jury Charge 26

        Objection.  Specifically, the requested charge is not relevant to any of Plaintiffs claims.  Additionally, Gulf Stream objects for the reasons contained in its Memorandum in Support of Motion to Dismiss, as supplemented, (Doc. Nos. 1811-2 and 2187).

XXI.    Plaintiff's Requested Jury Charge 27

        Objection.  Specifically, the requested charge is not relevant to any of Plaintiffs claims.  Additionally, Gulf Stream objects for the reasons contained in its Memorandum in Support of Motion to Dismiss, as supplemented, (Doc. Nos. 1811-2 and 2187).

XXII.   Plaintiff's Requested Jury Charge 28

>   Objection.  The requested charge is not applicable to Gulf Stream.  Specifically, the requested charge impermissibly applies general negligence claims against Gulf Stream in contravention of the exclusivity provisions of the LPLA.

XXIII. Plaintiff's Requested Jury Charge 29

>   Objection.  The requested charge is not applicable to Gulf Stream.  Specifically, the requested charge impermissibly applies general negligence claims against Gulf Stream in contravention of the exclusivity provisions of the LPLA.

XXIV. Plaintiff's Requested Jury Charge 30

>   Objection.  The requested charge is not applicable to Gulf Stream.  Specifically, the requested charge impermissibly applies general negligence claims against Gulf Stream in contravention of the exclusivity provisions of the LPLA.

XXV.   Plaintiff's Requested Jury Charge 31

>   Objection.  The requested charge is not applicable to Gulf Stream.  Specifically, the requested charge impermissibly applies general negligence claims against Gulf Stream in contravention of the exclusivity provisions of the LPLA.

XXVI. Plaintiff's Requested Jury Charge 32

>   Objection.  The requested charge is not applicable to Gulf Stream.  Specifically, the requested charge impermissibly applies general negligence claims against Gulf Stream in contravention of the exclusivity provisions of the LPLA.

XXVII.   Plaintiff's Requested Jury Charge 33

>   Objection.  The requested charge is an incomplete and inaccurate recitation of the law.  Gulf Stream respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Johnson, "Civil Jury Instructions," vol. 18 Louisiana Civil Law Treatise (2d ed.), §§ 11.01, 11.02 and 11.03.

XXVIII.  Plaintiff's Requested Jury Charge 34

>   Objection.  The requested charge is an incomplete and inaccurate recitation of the law.  Gulf Stream respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Fifth Circuit Pattern Jury Instructions – Civil, 15.14 (2006).

XXIX.    Plaintiff's Requested Jury Charge 35

    Objection. The requested charge is not applicable to Gulf Stream. Specifically, the requested charge impermissibly applies general negligence principles against Gulf Stream in contravention of the exclusivity provisions of the LPLA. Gulf Stream respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Fifth Circuit Pattern Jury Instructions – Civil, 15.14 (2006).

XXX.        Plaintiff's Requested Jury Charge 36

    Objection. The requested charge is an incomplete and inaccurate recitation of the law, as to Gulf Stream. Gulf Stream respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Johnson, "Civil Jury Instructions," vol. 18 Louisiana Civil Law Treatise (2d ed.), §§ 11.01, 11.02 and 11.03.

XXXI.        Plaintiff's Requested Jury Charge 37

    Objection. The requested charge is an incomplete and inaccurate recitation of the law, as to Gulf Stream. Gulf Stream respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Fifth Circuit Pattern Jury Instructions – Civil, 15.14 (2006).

XXXII.        Plaintiff's Requested Jury Charge 38

    Objection. The requested charge is an incomplete and inaccurate recitation of the law, as to Gulf Stream. Gulf Stream respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Johnson, "Civil Jury Instructions," vol. 18 Louisiana Civil Law Treatise (2d ed.), § 5.01.

XXXIII.        Plaintiff's Requested Jury Charge 39

    Objection. The requested charge is duplicative of Plaintiff's Requested Jury Charge 37 and it is an incomplete and inaccurate recitation of the law, as to Gulf Stream. Gulf Stream respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Johnson, "Civil Jury Instructions," vol. 18 Louisiana Civil Law Treatise (2d ed.), § 5.01.

XXXIV.        Plaintiff's Requested Jury Charge 40

    Objection. The requested charge is duplicative of Plaintiff's Requested Fifth Circuit Pattern Jury Instructions – Civil, 15.2, 15.3, 15.4 and 15.6 (2006). Gulf Stream respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Fifth Circuit Pattern Jury Instructions – Civil, 15.2, 15.3, 15.4 and 15.6 (2006).

XXXV.       Plaintiff's Requested Jury Charge 41

      Objection. The requested charge is duplicative of Plaintiff's Requested Fifth Circuit Pattern Jury Instructions – Civil, 15.2, 15.3, 15.4 and 15.6 (2006). Gulf Stream respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Fifth Circuit Pattern Jury Instructions – Civil, 15.2, 15.3, 15.4 and 15.6 (2006).

XXXVI.       Plaintiff's Requested Jury Charge 42

      Objection. The requested charge is duplicative of Plaintiff's Requested Fifth Circuit Pattern Jury Instructions – Civil, 15.2, 15.3, 15.4 and 15.6 (2006). Gulf Stream respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Fifth Circuit Pattern Jury Instructions – Civil, 15.2, 15.3, 15.4 and 15.6 (2006).

XXXVII.       Plaintiff's Requested Jury Charge 43

      Objection. The requested charge is duplicative of Plaintiff's Requested Fifth Circuit Pattern Jury Instructions – Civil, 15.2, 15.3, 15.4 and 15.6 (2006). Gulf Stream respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Fifth Circuit Pattern Jury Instructions – Civil, 15.2, 15.3, 15.4 and 15.6 (2006).

XXXVIII.       Plaintiff's Requested Jury Charge 44

      Objection. The requested charge is an incomplete recitation of the law. Gulf Stream respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Johnson, "Civil Jury Instructions," vol. 18 Louisiana Civil Law Treatise (2d ed.), § 18.10.

XXXIX.       Plaintiff's Requested Jury Charge 45

      Objection. The requested charge is an incomplete and inaccurate recitation of the law. Additionally, the requested charge impermissibly applies general negligence principles against Gulf Stream in contravention of the exclusivity provisions of the LPLA. Gulf Stream respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Johnson, "Civil Jury Instructions," vol. 18 Louisiana Civil Law Treatise (2d ed.), § 18.10.

XL.       Plaintiff's Requested Jury Charge 47

      Objection. The requested charge is an incomplete and inaccurate recitation of the law, and duplicative of Plaintiff's Requested Jury Charge 28. Gulf Stream respectfully suggests that if the requested legal principles contained in this charge are deemed

necessary, the language should track the express language of Fifth Circuit Pattern Jury Instructions – Civil, 2.20 (2006) and/or Johnson, "Civil Jury Instructions," vol. 18 Louisiana Civil Law Treatise (2d ed.), § 18.01.

XLI. Plaintiff's Requested Jury Charge 48

Objection. The requested charge is duplicative of Plaintiff's Requested Fifth Circuit Pattern Jury Instructions – Civil, 2.18 (2006). Gulf Stream respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Fifth Circuit Pattern Jury Instructions – Civil, 2.18 (2006).

XLII. Plaintiff's Requested Jury Charge 49

Objection. The requested charge is duplicative of Plaintiff's Requested Fifth Circuit Pattern Jury Instructions – Civil, 15.2, 15.3, 15.4 and 15.6 (2006). Gulf Stream respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Fifth Circuit Pattern Jury Instructions – Civil, 15.2, 15.3, 15.4 and 15.6 (2006).

XLIII. Plaintiff's Requested Jury Charge 50

Objection. The requested charge is duplicative of Plaintiff's Requested Fifth Circuit Pattern Jury Instructions – Civil, 15.2, 15.3, 15.4 and 15.6 (2006). Gulf Stream respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Fifth Circuit Pattern Jury Instructions – Civil, 15.2, 15.3, 15.4 and 15.6 (2006).

XLIV. Plaintiff's Requested Jury Charge 51

Objection. The requested charge is duplicative of Plaintiff's Requested Fifth Circuit Pattern Jury Instructions – Civil, 15.2, 15.3, 15.4 and 15.6 (2006). Gulf Stream respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Fifth Circuit Pattern Jury Instructions – Civil, 15.2, 15.3, 15.4 and 15.6 (2006).

XLV. Plaintiff's Requested Jury Charge 52

Objection. The requested charge is duplicative of Plaintiff's Requested Fifth Circuit Pattern Jury Instructions – Civil, 15.2, 15.3, 15.4 and 15.6 (2006). Gulf Stream respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Fifth Circuit Pattern Jury Instructions – Civil, 15.2, 15.3, 15.4 and 15.6 (2006).

XLII. Plaintiff's Requested Jury Charge 53

Objection.  The requested charge is duplicative of Plaintiff's Requested Fifth Circuit Pattern Jury Instructions – Civil, 15.2, 15.3, 15.4 and 15.6 (2006).  Gulf Stream respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Fifth Circuit Pattern Jury Instructions – Civil, 15.2, 15.3, 15.4 and 15.6 (2006).

XLVIII.     Plaintiff's Requested Jury Charge 54

Objection.  The requested charge is duplicative of Plaintiff's Requested Fifth Circuit Pattern Jury Instructions – Civil, 15.2, 15.3, 15.4 and 15.6 (2006).  Gulf Stream respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Fifth Circuit Pattern Jury Instructions – Civil, 15.2, 15.3, 15.4 and 15.6 (2006).

XLIX. Plaintiff's Requested Jury Charge 55

Objection.  The requested charge is duplicative of Plaintiff's Requested Fifth Circuit Pattern Jury Instructions – Civil, 15.2, 15.3, 15.4 and 15.6 (2006).  Gulf Stream respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Fifth Circuit Pattern Jury Instructions – Civil, 15.2, 15.3, 15.4 and 15.6 (2006).

To the extent that the Court retroactively extends the deadline for submission of objections to Plaintiff's proposed jury charges, Gulf Stream Coach, inc. reserves its right to supplement its objections.

Respectfully submitted:

**SCANDURRO & LAYRISSON**

s/Timothy D. Scandurro

_____
Timothy D. Scandurro #18424
Dewey M. Scandurro #23291
607 St. Charles Avenue
New Orleans, LA 70130
Telephone: (504) 522-7100
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

        **and**

        **DUPLASS, ZWAIN, BOURGEOIS, PFISTER & WEINSTOCK**

        s/Andrew D. Weinstock

        _____
        **ANDREW D. WEINSTOCK (#18495)**
        **JOSEPH G. GLASS (#25397)**
        3838 N. Causeway Boulevard, Suite 2900
        Metairie, Louisiana 70002
        Telephone: (504) 832-3700
        andreww@duplass.com
        jglass@duplass.com
        **Counsel for Defendant, Gulf Stream Coach, Inc.**

## CERTIFICATE OF SERVICE

    I hereby certify that on the 17th day of July, 2009, a copy of the foregoing Objections to Plaintiff Proposed Jury Charges on Behalf of Gulf Stream Coach, Inc. was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

        s/Andrew D. Weinstock
        _____
        ANDREW D. WEINSTOCK #18495
        andreww@duplass.com