

# BAKER DONELSON
BEARMAN, CALDWELL & BERKOWITZ, PC

3 SANCTUARY BOULEVARD
SUITE 201
MANDEVILLE, LOUISIANA 70471
PHONE: 985.819.8400
FAX: 985.819.8484

www.bakerdonelson.com

GERARDO R. BARRIOS
Direct Dial: 985.819.8416
Direct Fax: 985.819.6716
E-Mail Address: gbarrios@bakerdonelson.com

2900305-000004

July 2, 2009

Mr. Frank J. D'Amico, Jr.
Frank Jacob D'Amico , Jr., APLC
622 Baronne St.
New Orleans , LA 70113

Re: *Allen Trosclair, et al. v. Gulf Stream Coach, Inc., et al.*, No. 09-2933 (E.D. La)

*In re: FEMA Trailer Formaldehyde Products Liability Litigation,*
**MDL No. 07-md-01873-KDE-ALC (E.D. La.)**

Dear Mr. D'Amico:

We have been retained by and represent CH2M HILL Constructors, Inc. ("CH2M HILL") in connection with the referenced *Trosclair* lawsuit. In response to your June 30, 2009 letter to me requesting waiver of service of summons, enclosed is the original executed Waiver of the Service of Summons, which I have signed on behalf of CH2M HILL in the referenced *Trosclair* lawsuit.

With kind regards, I remain

Sincerely yours,

Gerardo R. Barrios

GRB:tlt
Enclosure
cc:   Danny G. Shaw

AO 399 (03/08) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

| Allen Trosclair, et al. | ) |
|---|---|
| Plaintiff | ) |
| v. | ) Civil Action No. 09-2933 |
| Gulfstream Coach, Inc., et al. | ) |
| Defendant | ) |

## Waiver of the Service of Summons

To: Frank D'Amico Jr.
(Name of the plaintiff's attorney or unrepresented plaintiff)

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 06/30/2009, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date 7/2/09

Signature of the attorney or unrepresented party

Gerardo R Barrios
Printed name

Attorney for CH2M Hill Constructors Inc
3 Sanctuary Blvd #201, Mandeville LA 70471
Address

gbarrios@bakerdonelson.com
E-mail address

985-819-8400
Telephone number

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.