

**BAKER**
**DONELSON**
BEARMAN, CALDWELL
& BERKOWITZ, PC

201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA 70170
PHONE: 504-566-5200
FAX: 504-636-4000

WWW.BAKERDONELSON.COM

KAREN KALER WHITFIELD
**Direct Dial:** 504.566.5216
**Direct Fax:** 504.636.3916
**E-Mail Address:** kwhitfield@bakerdonelson.com

July 17, 2009

**VIA E-MAIL AND U.S. MAIL**

Mr. Aaron Z. Ahlquist
Law Offices of Frank J. D'Amico, Jr.
622 Baronne Street
New Orleans, Louisiana 70113

  Re: *Annie Mae Anderson v. Keystone Industries, Inc., et al.*,
    No. 09-2930 (E.D. La.)
   *Tanya R. Bates, et al. v. Fleetwood Enterprises, Inc., et al.*,
    No. 09-2932 (E.D. La.)
   *Adrian R. Domino, et al. v. Gulf Stream Coach, Inc., et al.*,
    *No.* 09-2934 (E.D. La.)

   *In re: FEMA Trailer Formaldehyde Products Liability Litigation*,
   MDL No. 07-md-1873-KDE-ALC (USDC, E.D. La.)

Dear Aaron:

  In response to your June 30, 2009, requests for waivers of service of summons in the above-referenced *Anderson, Bates,* and *Domino* lawsuits, enclosed please find executed waiver forms on behalf of Shaw Environmental, Inc.

  With kind regards, I am

       Sincerely yours,

       *Karen*

       Karen Kaler Whitfield

KKW/pt
Enclosures

cc: M. David Kurtz (via e-mail)

AO 399 (03/08) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

| | | |
|---|---|---|
| Annie Mae Anderson, et al. | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action No. 09-2930 |
| Keystone Industries, Inc, et al. | ) | |
| Defendant | ) | |

### Waiver of the Service of Summons

To: Frank D'Amico Jr.

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____06/30/2009_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date 7-17-09

Signature of the attorney or unrepresented party

Karen K. Whitfield, Atty for SHAW ENVIRONMENTAL, INC.

Printed name

BAKER DONELSON
201 St. Charles Avenue, Suite 3600
New Orleans, LA  70170

Address

kwhitfield@bakerdonelson.com

E-mail address

(504) 566-5200

Telephone number

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (03/08) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

| | | |
|---|---|---|
| Tanya R. Bates, et al. | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action No. 09-2932 |
| Fleetwood Enterprises, Inc. | ) | |
| Defendant | ) | |

### Waiver of the Service of Summons

To:  Frank D'Amico Jr.
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____06/30/2009_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date  7-17-09

*Karen K. Whitfield*
Signature of the attorney or unrepresented party

Karen K. Whitfield, Atty for SHAW ENVIRONMENTAL, INC.
Printed name

BAKER DONELSON
201 St. Charles Avenue, Suite 3600
New Orleans, LA  70170
Address

kwhitfield@bakerdonelson.com
E-mail address

(504) 566-5200
Telephone number

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (03/08) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

| | |
|---|---|
| Adrian R. Domino, et al. | ) |
| Plaintiff | ) |
| v. | ) |
| Gulfstream Coach, Inc., et al. | ) |
| Defendant | ) |

Civil Action No. 09-2934

### Waiver of the Service of Summons

To: Frank D'Amico Jr.

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____06/30/2009_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date  7-17-09

*Karen K. Whitfield*

Signature of the attorney or unrepresented party

Karen K. Whitfield, Atty for SHAW ENVIRONMENTAL, INC.

Printed name

BAKER DONELSON
201 St. Charles Avenue, Suite 3600
New Orleans, LA  70170

Address

kwhitfield@bakerdonelson.com

E-mail address

(504) 566-5200

Telephone number

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.