UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER * | MDL NO. 1873 |
| FORMALDEHYDE * | |
| PRODUCTS LIABILITY * | |
| LITIGATION * | SECTION: N(4) |
| * | |
| This Document Relates to: *Charlie Age, et al. v.* * | JUDGE: ENGELHARDT |
| *Gulf Stream Coach Inc., et al*, Docket No. 09-2892 * | |
| * | MAG: ROBY |

*******************************************************************************

## MEMORANDUM IN SUPPORT OF
## MOTION TO COMPEL ELECTRONIC DISCOVERY

**MAY IT PLEASE THE COURT:**

Through undersigned counsel, defendant, Gulf Stream Coach, Inc. ("Gulf Stream"), submits this Memorandum in Support of its Motion to Compel the production of certain electronically stored information contained in the Plaintiff's electronic mail accounts.

### I. NATURE OF THE CASE

As the Court is well aware, this Multi-District Litigation is the consolidation of several state and federal toxic tort suits in which an estimated thirty thousand named Plaintiffs claim to have inhabited temporary housing units ("THUs") that were provided to them by the Federal Emergency Management Agency ("FEMA") as a result of the alleged uninhabitability of their residences due to Hurricanes Katrina and Rita. (Rec. Doc. No. 109, at ¶ 96). After Plaintiff Alexander was selected as the bellwether plaintiff, Gulf Stream submitted discovery requests on April 9, 2009. The Plaintiff responded to these requests on May 8, 2009. The responses the Plaintiff provided, as well as information she testified about in her deposition, have now become a contested issue.

## II.     LAW AND ARGUMENT

Under the Federal Rules of Civil Procedure, a party may request that an opposing party produce any electronically stored information – including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations – stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. FED. R. CIV. P. 34(a)(1)(A). The only limitation to that rule is that a party is not obligated to provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. *Id*. 26(b)(2)(B).

In accordance with those Rules, and in an effort to obtain certain electronically stored information, Gulf Stream sent the Plaintiff several discovery requests on April 9, 2009. *See* Defendants' Requests for Admission, Interrogatories and Requests for Production of Documents, attached as Exhibit "A." Gulf Stream asked the Plaintiff what electronic mail ("email") accounts she holds or has held in the past, and it requested the date on which the Plaintiff's attorneys told her to put a litigation hold on all electronically stored information in her possession (including information in the email accounts). *See id.* at Interrogatories 18—19. Gulf Stream also made a corresponding request for the production of all electronically stored information in those email accounts that dealt with formaldehyde, the Emergency Housing Unit ("EHU") in which the Plaintiff resided, her lawsuit based on her alleged exposure to formaldehyde, any conditions she suffered because of her alleged exposure, and her scope of damages. *See id.* at Request for Production of Documents 9.

The Plaintiff responded to Gulf Stream's discovery on May 8, 2009. *See* Plaintiff Alana Alexander's Response to Gulf Stream's First Requests for Admissions, Interrogatories, and

Requests for Production of Documents, attached as Exhibit "B." In the responses, the Plaintiff identified two email accounts, aalexander@mcdonough15.org and skillsqueen@yahoo.com, and stated that her attorneys informed her on June 16, 2008, of the litigation hold on all electronically stored information in her possession. *See id.* at Responses to Interrogatories 18—19. In response to the request to produce the electronically stored information in her email accounts, the Plaintiff stated that she had no such information in her possession, custody or control. *See id.* at Responses to Request for Production of Documents 9.

The Plaintiff's deposition testimony, however, told quite a different story with respect to Gulf Stream's requests. First of all, the Plaintiff <u>never</u> received a request to hold any accounts or electronic data that was related to this litigation. *See* Deposition Transcript of Alana Alexander, taken on June 29, 2009, p. 216—17, attached as Exhibit "C." Second, the Plaintiff never reviewed her email accounts to determine whether there was any responsive information. *Id.* at 215. Third, the Plaintiff never reviewed her other email account, aalexander6404@bellsouth.net – an account that was not disclosed in the original discovery responses – to find any responsive electronic data concerning formaldehyde, EHUs or the Plaintiff's lawsuit. *Id.* at 216—17. These responses evidently encompassed her minor child's account (chriscop@ymail.com), as well. *Id.* at 218.

Considering this testimony, Gulf Stream respectfully submits that the Plaintiff has not performed a search of her email accounts to determine whether there is any electronically stored information responsive to Gulf Stream's original requests. In fact, it appears the Plaintiff was never even told to place a litigation hold on her email accounts, let alone perform a search that might yield discoverable information. It is not surprising, then, that after the Plaintiff responded to Gulf Stream's requests, her attorney did not wish to discuss the litigation hold any further until

the Plaintiff's deposition – there was nothing to discuss. *See* email correspondence between Peter Taaffe, Plaintiffs' Steering Committee, and Andrew Weinstock, Defense Liaison Counsel, dated June 10, 2009, attached as Exhibit "D." The Plaintiff's testimony that she was never told of the litigation hold and never searched her email accounts for responsive information clearly contradicts the responses she gave to Gulf Stream's discovery requests. Furthermore, the Plaintiff's failure to hold and search her accounts stands in stark contrast to Gulf Stream's search of electronic information, for which it will spend tens of thousands of dollars to perform. Regardless of such inequality, Gulf Stream asserts that under the Federal Rules of Civil Procedure, it is entitled to the electronically stored information that it originally requested. Thus, it asks the Court to enter an order compelling the Plaintiff to perform a search of her email accounts and produce any such information contained therein.

### III.   CONCLUSION

Considering the foregoing, Gulf Stream respectfully requests that this Honorable Court issue an Order compelling the Plaintiff to produce all electronically stored information in her and her minor child's email accounts that discusses formaldehyde, the Emergency Housing Unit ("EHU") in which the Plaintiff resided, her lawsuit based on her alleged exposure to formaldehyde, any conditions she suffered because of her alleged exposure, and her scope of damages.

    Respectfully Submitted:

    **DUPLASS, ZWAIN, BOURGEOIS,**
    **PFISTER & WEINSTOCK**

    s/Andrew D. Weinstock
    _____
    **ANDREW D. WEINSTOCK #18495**
    **JOSEPH G. GLASS #25397**

3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700
(504) 837-3119 (FAX)
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON**
**Timothy D. Scandurro #18424**
**Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
(504) 529-6199 (FAX)
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

## C E R T I F I C A T E

I hereby certify that on the 20th day of July, 2009, a copy of the foregoing Memorandum in Support of Motion to Compel Electronic Discovery was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495
andreww@duplass.com