UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCT LIABILITY LITIGATION | * | SECTION "N-4" |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | |
| THIS DOCUMENT RELATES TO | * | MAG. JUDGE ROBY |
| | * | |
| *Charlie Age, et al v. Gulf Stream Coach* | * | |
| *Inc., et al*, Docket No. 09-2892 | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANTS' REQUESTS FOR ADMISSIONS, INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

**TO:**   Alana M. Alexander
**Through her counsel of record:**
Gerald E. Meunier
GAINSBURGH, BENJAMIN, DAVID, MEUNIER & WARSHAUER, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Gulf Stream

Coach, Inc., who propounds the following Requests for Admission, Interrogatories and Requests

for Production of Documents to Plaintiff, Alana M. Alexander, to be answered under oath within

thirty (30) days of service herein, exclusive of the day of service. These Requests for Admission,

Interrogatories and Requests for Production of Documents shall be deemed to continue from the

time of service until the time of the trial of this case. If you, your representative, or your attorney

should acquire knowledge or information that creates the need to change, alter or modify your

responses, those new and/or amended answers shall be promptly transmitted by service of a copy

thereof upon the undersigned in accordance with Rule 26(e) of the Federal Rules of Civil

Procedure.

DEFENDANT'S EXHIBIT

## INSTRUCTIONS

1.     When answering and responding to these Requests for Admission, Interrogatories and Requests for Production of Documents, you are requested to furnish all information available to you, your attorneys, investigators, accountants, representatives, agents or any other person acting on your behalf, and not merely such information that is within your own personal knowledge. If you cannot answer or respond in full after exercising due diligence to secure the information, answer or respond to the extent possible, specifying the reason or reasons for your inability to answer or respond to the remainder.

2.     If, in responding to any of these Requests for Admission, Interrogatories and Requests for Production of Documents of Documents, you withhold any requested information because of a claim of privilege or attorney work product, or you object to any part of these Interrogatories and Requests, please state the nature of the privilege or objection and provide sufficient information to permit a determination of whether the claim or objection is proper. For any information withheld, please identify all information for which the claim of privilege is made, or to which the objection relates, and specify the basis for the claim of privilege or attorney work product.

3.     If you object to any portion or subpart of these Interrogatories and Requests, please state the objection to such portion or subpart and answer any unobjectionable portion(s) or subpart(s) and provide the unobjectionable information requested.

## DEFINITIONS

As used herein, the following terms shall have the meanings set forth below:

1.     The term "Plaintiff," to whom these Interrogatories are directed, refers to the named Plaintiff in this lawsuit.

2.      The term "document" is synonymous in meaning and equal in scope to the usage of this term in Federal Rules of Civil Procedure 26 and 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.      The term "communication" means any oral or written statement, dialogue, colloquy, discussion, conversation, agreement, or expression of any kind.

4.      The term "electronically stored information" is synonymous in meaning and equal in scope to the usage of this term in Federal Rules of Civil Procedure 26 and 34(a). It also includes all information created, manipulated, communicated, stored, and best utilized in digital form, requiring the use of computer hardware and software; email of any type, category, or status, including, incoming, outgoing, draft, or deleted email; and any and all electronic writings of any kind, type, category, or status.

5.      The term "Identify," when referring to a person or entity, means to give to the extent known the person or entity's full name, present or last known address, and phone number.

6.      The term "Identify," when referring to a document, means to give to the extent known the following information: (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; (d) the authors, addresses and recipients of the document; (e) the location of the document; (f) the identity of the person who has custody of the document; and (g) whether the document has been destroyed and, if so, (i) the date of its destruction, (ii) the reason for its destruction and (iii) the identity of the person who destroyed it.

7.      The term "Defendants," unless otherwise specified, refers to the named defendants in this action collectively and any other named defendants hereinafter joined in this action.

8.      The term "Person" shall refer to any natural person, firm, association, partnership, corporation, group, organization or other form of legal business entity, including any such

entity's officers, directors, employees, partners, associates, staff members, agents, representatives, corporate parent(s), subsidiaries, affiliates, predecessors in interest or any other related entity.

9.    The term "THU" shall refer to the manufactured housing, travel trailers, park models and any other temporary housing provided through FEMA in which Plaintiff claims to have resided, entered or spent time.

## REQUESTS FOR ADMISSIONS

1.    Admit or deny that your full name is Alana M. Alexander.

2.    Admit or deny that your present address is 4415 Dale St., New Orleans, La. 70126.

3.    Admit or deny that your date and place of birth are August 12, 1966 and New Orleans, La., respectively.

4.    Admit or deny that your Social Security number is 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.

5.    Admit or deny that your driver's license number is LA 006131333.

6.    Admit or deny that, prior to filing suit, no physician informed you that any injury and/or condition you claim to suffer as a result of living in a THU was related to or caused by exposure to formaldehyde.

7.    Admit that you have not lost any employment time or wages from your business, occupation, or place of employment as a result of living in a THU or as a result of exposure to formaldehyde.

## INTERROGATORIES

1.    If you denied any of the Requests for Admission listed above, please state the reason for such denial.

2.      Please give your and educational background by listing the schools you have attended, including vocational courses, the dates you attended and any degrees you have received.

3.      Please state the name and address of your current employer, the position held and the nature of the work performed, hours worked per week, name and address of immediate supervisor, current average weekly wage, and all average weekly wages you have received since joining this employer.

4.      Other than your current employer, please list your employers for the past ten years and give the dates of employment, the nature and duties of your employment, the name of your immediate supervisor and the reason for the termination (if applicable) of your employment with each employer.

5.      Please state the names and addresses of all doctors, nurses and/or any other health care providers who have rendered service to you, whether in a hospital or elsewhere, because of the exposure underlying this lawsuit; the dates on which the services were rendered to you; whether the treating physician or facility has completed and/or discontinued treatment of you; the general nature of treatment rendered by each person; and the charge for same and the amount of each charge that has been paid.

6.      In connection with this litigation, have you, your attorney, or any representative acting on your behalf, obtained statements regarding any information pertinent to your lawsuit from any individuals, and if so, please indicate if the statements are written, recorded or oral, the dates of the statements, the names and addresses of the people from whom statements were obtained, the substance of the statements, and who has current possession of the statements.

7.      Please describe each and every injury and/or medical condition you claim you have sustained and for which it is claimed that Gulf Stream Coach, Inc., is responsible, giving the extent

and duration of each injury and/or medical condition and state which, if any, injuries and/or medical conditions are claimed to be permanent.

8.     For each injury and/or medical condition listed in response to Interrogatory No. 9, have you ever suffered any injuries either prior to or subsequent to living in the THU, and if so, state the date of such injury and/or medical condition, and the names and addresses of all physicians, surgeons, or other health care providers rendering treatment to you.

9.     Please itemize all expenses and/or financial losses which you or anyone on your behalf have incurred as a result of the accident alleged in your Petition for which you, or they, have not been reimbursed, stating in detail to whom each item was paid, what is still owed, and the date and nature of each expenditure or debt incurred.

10.     Have you ever been involved in any other lawsuits, either as a defendant or as a plaintiff; if so, state the date and place each such action was filed, the name of the Court where the action was filed, the name of the party or parties involved, the court number of such action, the names of the attorneys representing each party.

11.     Please state the name, address and telephone number of each individual you will or may call to testify at the trial of this matter, including all expert witnesses, whether medical or technical; also, please state the nature and subject of the testimony which is expected to be given by each and every individual referred to in this interrogatory.

12.     Have you, your family member(s), your attorney, or any representative acting on your behalf ever spoken with any former or current person associated with or employee, officer, director, staff member, agent, representative, or affiliate of Gulf Stream Coach, Inc.?

13.     If you answer to Interrogatory No. 12 is in the affirmative, have you, your attorney, or any representative acting on your behalf, obtained statements from any person listed in

Interrogatory No. 12 regarding any information pertinent to your lawsuit, and if so, please indicate if the statements are written, recorded, video, digitally recorded, or oral, the dates of the statements, the names and addresses of the people from whom statements were obtained, the substance of the statements, and who has current possession of the statements.

14.    Have you, your attorney, or any representative acting on your behalf ever taken any photos or video footage of any Gulf Stream Coach, Inc., facility or facilities?

15.    On which dates did you move into and move out of the THU?

16.    Who, if anyone, helped or assisted you in completing the Plaintiff Fact Sheet you submitted on July 22, 2008?

17.    Have you, your family member(s), your attorney, or any representative acting on your behalf ever spoken with anyone regarding the THU, formaldehyde, the allegations of your petition, your alleged exposure to formaldehyde, medical conditions you allege to suffer from as a result of living in the THU, psychological conditions you allege to suffer from as a result of living in the THU, and the scope of your damages?

18.    On what date did your attorney or any representative of your attorney inform you that there was a litigation hold for all electronically stored information in your possession, including but not limited to all email correspondence to and from alexander@mcdonough15.org?

19.    Please identify by name all current email accounts that you now hold, any former email account that you have held in the past, and the dates on which you started each of those accounts.

20.    On what date did you hire an attorney to represent you in your efforts to obtain recovery for your alleged injuries that have resulted from exposure to formaldehyde?

21.    Please provide a detailed description of how you conducted the air quality tests referenced on page 10 of your Plaintiff Fact Sheet, the date of the test or tests, the result of each air quality test that was performed on your THU, the manner in which you communicated the results of the tests, to whom you communicated the results, the date on which you communicated the results, and where you communicated the results.

22.    Please provide a detailed description of how you determined the scope and/or amount of damages listed on your Standard Form 95 that you submitted to FEMA.

## *REQUESTS FOR PRODUCTION OF DOCUMENTS*

1.    Please produce all hospital, clinic and doctors' records, reports, notes, charts, x-ray reports and bills regarding any treatment rendered to you as a result of injuries and/or medical conditions sustained while living in a THU.

2.    Please produce all hospital, clinic and doctors' records, reports, notes, charts, x-ray reports and bills regarding any treatment rendered to you as a result of any injuries or illnesses sustained either prior to or subsequent to living in a THU.

3.    Please produce any and all memoranda, notes and/or wage verification statements, and any and all other writings that substantiate and corroborate the claim for past, present, and/or future lost wages.

4.    Please produce all joint and/or individual Federal and State Income Tax returns, including W-2 forms, for the years 2003-2008, inclusive.

5.    Please produce evidence of all expenses and/or financial losses that you or anyone on your behalf has incurred, but has not been reimbursed for, as a result of living in a THU.

6.    Please produce any and all investigative data of whatever nature pertaining to the injury and/or medical condition that is the subject of this litigation.

7.     Please produce all statements from any individuals regarding any information pertinent to your lawsuit, including but not limited to statements from any person listed in Interrogatory No. 12.

8.     Please produce the substance of all communications, written or oral, referenced in Interrogatories No. 13 and 17.

9.     Please produce all electronically stored information held in, sent to, or sent from any email account referenced in Interrogatory No. 19 that pertains to your THU, formaldehyde, the allegations of your petition, your alleged exposure to formaldehyde, medical conditions you allege to suffer from as a result of living in the THU, psychological conditions you allege to suffer from as a result of living in the THU, and the scope of your damages.

10.    Please produce a copy of all photographs, videos, etc. depicting any scene, information or thing that may in any way relate to any issue pertinent to your claim for damages or this litigation, including but not limited to any photographs or videos you have taken of a Gulf Stream Coach, Inc., facility or facilities.

11.    Please produce all instructions that were given to you or any representative acting on your behalf from any person or entity that instructed you on how to perform the air quality tests referenced on page 10 of your Plaintiff Fact Sheet, as well as any instructions on how you were to communicate the results of the tests, to whom you were supposed to communicate them, where you were you supposed to send them, and when you were to send the results.

12.    Please produce the results of all air quality tests referenced on page 10 of your Plaintiff Fact Sheet.

13.    Please produce each document that the plaintiff may attempt to introduce as an exhibit during the trial of this matter.

14.   Please provide all documentation and other information that supports your claim for

the scope and amount of damages listed in your Standard Form 95 that you submitted to FEMA.

Respectfully Submitted:

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

**ANDREW D. WEINSTOCK #18495**
**JOSEPH G. GLASS #25397**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700
(504) 837-3119 (FAX)
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON**
Timothy D. Scandurro #18424
Dewey M. Scandurro #23291
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
(504) 529-6199 (FAX)
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

### CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of April, 2009, a copy of the foregoing

Defendants' Interrogatories and Requests for Production of Documents was sent to all liaison

counsel and government counsel of record.

**ANDREW W. WEINSTOCK**
**JOSEPH G. GLASS**