UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | * * * * | MDL NO. 1873 |
| | * | SECTION "N-5" |
| | * * | JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO | * * | MAG. JUDGE CHASEZ |
| *Charlie Age, et al v. Gulf Stream Coach Inc., et al*, Docket No. 09-2892 | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF ALANA ALEXANDER'S RESPONSE TO GULF STREAM'S FIRST REQUESTS FOR ADMISSIONS, INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiff, Alana M. Alexander responds to Defendant Gulf Stream Coach, Inc.'s First Requests for Admission, Interrogatories and Requests for Production of Documents.

1



Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY: s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
RONNIE PENTON, #10462
MIKAL WATTS, Texas # 20981820

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing document to the following counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 8th day of May, 2009.

Andrew D. Weinstock              Via: CM/RRR #: 7008-1140-0003-2647-4511
Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock
Three Lakeway Center
3838 N. Causeway Blvd., Suite 2900
Metairie, Louisiana 70002
**Liaison Counsel for Manufacturing Defendants**

Timothy D. Scanduro            Via: CM/RRR #: 7008-1140-0003-2647-4528
Dewey M. Scandurro
Scandurro & Layrisson
607 St. Charles Avenue
New Orleans, Louisiana 70130
**Counsel for Defendant, Gulf Stream Coach, Inc.**

Michael David Kurtz      Via: CM/RRR #: 7008-1140-0003-2647-4542
Baker Donelson Bearman, Caldwell & Berkowitz, PC
201 St. Charles Ave., Suite 3600
New Orleans, LA 70170
**Liaison Counsel for Contractor Defendants**

Henry T. Miller             Via: CM/RRR #: 7007-0220-0001-1151-4070
Civil Division – Torts Branch
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20004
**Counsel for Government**

Gerald Meunier         Via: First Class Mail
Justin Woods
Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
**Co-Liaison Counsel for Plaintiffs**

Anthony Buzbee          *Via: Email*
Raul Bencomo
Frank D'Amico
Matt Moreland
Linda Nelson
Ronnie Penton
Mikal C. Watts
**Court-Appointed Plaintiffs' Steering Committee**

s/Mikal Watts
Mikal Watts

## REQUESTS FOR ADMISSIONS

1.  Admit or deny that your full name is Alana M. Alexander.

**RESPONSE: Admit.**

2.  Admit or deny that your present address is 4415 Dale St., New Orleans, La. 70126.

**RESPONSE: Deny.**

3.  Admit or deny that your date and place of birth are August 12, 1966 and New Orleans, La., respectively.

**RESPONSE: Admit.**

4.  Admit or deny that your Social Security number is 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.

**RESPONSE: Admit.**

5.  Admit or deny that your driver's license number is LA 006131333.

**RESPONSE: Deny.**

6.  Admit or deny that, prior to filing suit, no physician informed you that any injury and/or condition you claim to suffer as a result of living in a THU was related to or caused by exposure to formaldehyde.

**RESPONSE: Admit.**

7.  Admit that you have not lost any employment time or wages from your business, occupation, or place of employment as a result of living in a THU or as a result of exposure to formaldehyde.

**RESPONSE: Deny.**

## INTERROGATORIES

1. If you denied any of the Requests for Admission listed above, please state the reason for such denial.

RESPONSE: Plaintiff currently resides at 1619 Mirabeau Ave, New Orleans, LA 70122. Plaintiff's Louisiana driver's license number is 005131333. Plaintiff missed a few hours of work for each doctor's appointment that she had to take her son to but she is not making a claim for lost wages.

2. Please give your and educational background by listing the schools you have attended, including vocational courses, the dates you attended and any degrees you have received.

RESPONSE: Plaintiff refers to the Plaintiff Fact Sheet for Alana Alexander, including responses to questions in section IV.E.

3. Please state the name and address of your current employer, the position held and the nature of the work performed, hours worked per week, name and address of immediate supervisor, current average weekly wage, and all average weekly wages you have received since joining this employer.

RESPONSE: Plaintiff refers to the Plaintiff Fact Sheet for Alana Alexander, including responses to questions in Section V.F.

Additionally, please refer to Plaintiff Alana Alexander's employment records in Defendants' possession.

4. Other than your current employer, please list your employers for the past ten years and give the dates of employment, the nature and duties of your employment, the name of your immediate supervisor and the reason for the termination (if applicable) of your employment with each employer.

RESPONSE: Plaintiff refers to the Plaintiff Fact Sheet for Alana Alexander, including responses to questions in Section V.F.

Additionally, please refer to Plaintiff Alana Alexander's employment records in Defendants' possession.

6

5.  Please state the names and addresses of all doctors, nurses and/or any other health care providers who have rendered service to you, whether in a hospital or elsewhere, because of the exposure underlying this lawsuit; the dates on which the services were rendered to you; whether the treating physician or facility has completed and/or discontinued treatment of you; the general nature of treatment rendered by each person; and the charge for same and the amount of each charge that has been paid.

**RESPONSE: Plaintiff refers to the Plaintiff Fact Sheet for Alana Alexander, including responses to questions in Sections VII and IX.**

6.  In connection with this litigation, have you, your attorney, or any representative acting on your behalf, obtained statements regarding any information pertinent to your lawsuit from any individuals, and if so, please indicate if the statements are written, recorded or oral, the dates of the statements, the names and addresses of the people from whom statements were obtained, the substance of the statements, and who has current possession of the statements.

**RESPONSE:  Plaintiff would refer to all depositions taken in the FEMA Trailer Formaldehyde Product Liability Litigation, of which Defendant has copies of.  In addition, other depositions will be forth coming.  Plaintiff reserves the right to supplement this response.**

7.  Please describe each and every injury and/or medical condition you claim you have sustained and for which it is claimed that Gulf Stream Coach, Inc., is responsible, giving the extent and duration of each injury and/or medical condition and state which, if any, injuries and/or medical conditions are claimed to be permanent.

**RESPONSE: Plaintiff objects to this interrogatory on the basis that it requires Plaintiff to marshal all evidence and to the extent that it seeks to require a narrative answer in such detail as is only possible in an oral deposition or testimony at trial. Further, discovery is ongoing. Plaintiff further objects to this request as being multifarious, overly broad, and unduly burdensome. The use of a request to require an expansive narrative analysis of her injuries and damages so Defendant may utilize it for impeachment and evidence preclusion is unfair and improper. Plaintiff further objects to this interrogatory to the extent it seeks to confine her claims to those of which she is personally aware or to those which she is able to articulate.  Subject to, and without waiving the objections, Plaintiff refers to the Plaintiff Fact Sheet for Alana Alexander, including the response to questions in Section III.**

8.  For each injury and/or medical condition listed in response to Interrogatory No. 9, have you ever suffered any injuries either prior to or subsequent to living in the THU, and if so, state the date of such injury and/or medical condition, and the names and

7

addresses of all physicians, surgeons, or other health care providers rendering treatment to you.

**RESPONSE: Plaintiff objects to this interrogatory as being overly broad and unduly burdensome. Subject to and without waiving said objections, Plaintiff reserves the right to supplement as discovery is ongoing.**

9. Please itemize all expenses and/or financial losses which you or anyone on your behalf have incurred as a result of the accident alleged in your Petition for which you, or they, have not been reimbursed, stating in detail to whom each item was paid, what is still owed, and the date and nature of each expenditure or debt incurred.

**RESPONSE: Plaintiff objects to this interrogatory as being overly broad and unduly burdensome. Plaintiff also objects to the extent that the question asks for the amount of the charges which should be included in the medical bills and therefore equally available to both parties. Subject to such objection and without waiving same, I have incurred medical bills on behalf of Christopher Cooper and Erika Alexander. Further, discovery is ongoing and Plaintiff will supplement as further information is discovered.**

10. Have you ever been involved in any other lawsuits, either as a defendant or as a plaintiff; if so, state the date and place each such action was filed, the name of the Court where the action was filed, the name of the party or parties involved, the court number of such action, the names of the attorneys representing each party.

**RESPONSE: Plaintiff objects to this interrogatory as being overly broad and unduly burdensome to the extent that it requests information regarding information that has no bearing on the issues of this case. Plaintiff objects to this interrogatory in that it requests information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, the information is public record and therefore equally available to both parties. Plaintiff objects to this question in that there is no time frame in regards to the request. Finally, this interrogatory invades Plaintiff's right to privacy seeking information unrelated to this case. Subject to and without waiving said objections, Plaintiff is a part of the wrongful termination class action against the Orleans Parish School District. The case is pending in the Orleans Civil District Court, Division "N." The attorneys serving as class counsel in this litigation are Willie M. Zanders, Sr., Suzette Bagneris, Clarence Roby, Anthony Irpino, Roderick Alvendia, Juana Marine Lombard, Charles M. "Larry" Samuel and Walter I. Willard. *Plaintiff believes the suit was filed in October 2005 but does not know the style or cause number.***

11. Please state the name, address and telephone number of each individual you will or may call to testify at the trial of this matter, including all expert witnesses, whether medical or technical; also, please state the nature and subject of the testimony which is expected to be given by each and every individual referred to in this interrogatory.

**RESPONSE: Plaintiff objects to this request on the basis that it is premature. Plaintiff will provide expert designations and witness lists in accordance with the Court's scheduling order. Subject to the objection, please see Exhibit A, attached hereto, all documents produced any party to this matte, all depositions taken to date and any and all depositions taken in the future, expert designations when made and witness lists when provided. Plaintiff reserves the right to supplement this interrogatory as discovery progresses.**

12. Have you, your family member(s), your attorney, or any representative acting on your behalf ever spoken with any former or current person associated with or employee, officer, director, staff member, agent, representative, or affiliate of Gulf Stream Coach, Inc.?

**RESPONSE: Aside from depositions, and various conversations with their attorneys, none at this time.**

13. If you answer to Interrogatory No. 12 is in the affirmative, have you, your attorney, or any representative acting on your behalf, obtained statements from any person listed in Interrogatory No. 12 regarding any information pertinent to your lawsuit, and if so, please indicate if the statements are written, recorded, video, digitally recorded, or oral, the dates of the statements, the names and addresses of the people from whom statements were obtained, the substance of the statements, and who has current possession of the statements.

**RESPONSE: Plaintiff objects to this interrogatory as it calls for response which would divulge information protected by work product doctrine/privilege. Subject to said objections and without waiving same, there depositions yet to be taken in this case. Plaintiff reserves the right to supplement as discovery progresses.**

14. Have you, your attorney, or any representative acting on your behalf ever taken any photos or video footage of any Gulf Stream Coach, Inc., facility or facilities?

**RESPONSE: Objection, interrogatory calls for response which would divulge information protected by work product doctrine/privilege.**

9

15. On which dates did you move into and move out of the THU?

**RESPONSE: Plaintiff refers to the Plaintiff Fact Sheet for Alana Alexander, including responses to questions in Sections V.A.6 and V.A.7.**

16. Who, if anyone, helped or assisted you in completing the Plaintiff Fact Sheet you submitted on July 22, 2008?

**RESPONSE: Plaintiff's counsel or a representative acting on behalf of counsel.**

17. Have you, your family member(s), your attorney, or any representative acting on your behalf ever spoken with anyone regarding the THU, formaldehyde, the allegations of your petition, your alleged exposure to formaldehyde, medical conditions you allege to suffer from as a result of living in the THU, psychological conditions you allege to suffer from as a result of living in the THU, and the scope of your damages?

**RESPONSE: Yes.**

18. On what date did your attorney or any representative of your attorney inform you that there was a litigation hold for all electronically stored information in your possession, including but not limited to all email correspondence to and from alexander@mcdonough15.org?

**RESPONSE: June 16, 2008.**

19. Please identify by name all current email accounts that you now hold, any former email account that you have held in the past, and the dates on which you started each of those accounts.

**RESPONSE: aalexander@mcdonough15.org and skillsqueen@yahoo.com**

**Plaintiff does not recall the date these accounts were created.**

20. On what date did you hire an attorney to represent you in your efforts to obtain recovery for your alleged injuries that have resulted from exposure to formaldehyde?

**RESPONSE: Objection, not reasonably calculated to lead to the discovery of relevant or admissible evidence; harassing.    Subject to the objection, December 7, 2007.**

10

21. Please provide a detailed description of how you conducted the air quality tests referenced on page 10 of your Plaintiff Fact Sheet, the date of the test or tests, the result of each air quality test that was performed on your THU, the manner in which you communicated the results of the tests, to whom you communicated the results, the date on which you communicated the results, and where you communicated the results.

**RESPONSE: Objection, this interrogatory seeks information protected by attorney-client privilege and attorney work product privilege/doctrine. Plaintiff further objects to this interrogatory to the extent that it seeks to require a narrative answer in such detail as is only possible in an oral deposition or testimony at trial. Subject to said objections, Plaintiff refers to the Plaintiff Fact Sheet for Alana Alexander, including responses to questions in Sections V.B. Please also see response to Request for Production of Documents #12. Plaintiff did not personally perform any air quality tests.**

22. Please provide a detailed description of how you determined the scope and/or amount of damages listed on your Standard Form 95 that you submitted to FEMA.

**RESPONSE: Objection, this interrogatory seeks information protected by attorney-client privilege and attorney work product privilege/doctrine.**

11

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Please produce all hospital, clinic and doctors' records, reports, notes, charts, x-ray reports and bills regarding any treatment rendered to you as a result of injuries and/or medical conditions sustained while living in a THU.

**RESPONSE: None in Plaintiff's possession, custody or control other than what has previously been produced by all parties. Plaintiff will supplement as further information is obtained as discovery as ongoing. Further, Plaintiff has already produced records releases to Defendant. As discovery is ongoing, Plaintiff reserves the right to supplement.**

2. Please produce all hospital, clinic and doctors' records, reports, notes, charts, x-ray reports and bills regarding any treatment rendered to you as a result of any injuries or illnesses sustained either prior to or subsequent to living in a THU.

**RESPONSE: None in Plaintiff's possession, custody or control other than what has previously been produced by all parties. Plaintiffs will supplement as further information is obtained as discovery as ongoing. Further, Plaintiff has already produced records releases to Defendant. As discovery is ongoing, Plaintiff reserves the right to supplement.**

3. Please produce any and all memoranda, notes and/or wage verification statements, and any and all other writings that substantiate and corroborate the claim for past, present, and/or future lost wages.

**RESPONSE: Objection, overly broad, harassing, unduly burdensome, request is not reasonably calculated to lead to the discovery of relevant or admissible evidence because Plaintiff is not making a claim for lost wages.**

4. Please produce all joint and/or individual Federal and State Income Tax returns, including W-2 forms, for the years 2003-2008, inclusive.

**RESPONSE: Objection, overly broad, harassing, unduly burdensome, request is not reasonably calculated to lead to the discovery of relevant or admissible evidence because Plaintiff is not making a claim for lost wages.**

5. Please produce evidence of all expenses and/or financial losses that you or anyone on your behalf has incurred, but has not been reimbursed for, as a result of living in a THU.

12

**RESPONSE:** Plaintiff objects to this request as being overly broad and unduly burdensome. Plaintiff also objects to the extent that the question asks for the amount of the charges which should be included in the medical bills and therefore equally available to both parties. Subject to such objection and without waiving same, I have incurred medical bills on behalf of Christopher Cooper and Erika Alexander. Plaintiff reserves the right to supplement as discovery is ongoing.

6. Please produce any and all investigative data of whatever nature pertaining to the injury and/or medical condition that is the subject of this litigation.

**RESPONSE:** Objection because "investigative data" is vague and undefined; the request seeks documents protected by work product privilege/doctrine.

7. Please produce all statements from any individuals regarding any information pertinent to your lawsuit, including but not limited to statements from any person listed in Interrogatory No. 12.

**RESPONSE:** Objection, request seeks documents produced by work product privilege/doctrine. Subject to the objection, Plaintiff would refer to all depositions taken in the FEMA Trailer Formaldehyde Product Liability Litigation and those yet to be taken in this case.

8. Please produce the substance of all communications, written or oral, referenced in Interrogatories No. 13 and 17.

**RESPONSE:** Objection, the request seeks documents protected by attorney-client privilege and attorney work product privilege/doctrine; request requires Plaintiff to create a document that does not exist. Discovery is ongoing. Plaintiff will supplement in accordance to the Court's Scheduling Order.

9. Please produce all electronically stored information held in, sent to, or sent from any email account referenced in Interrogatory No. 19 that pertains to your THU, formaldehyde, the allegations of your petition, your alleged exposure to formaldehyde, medical conditions you allege to suffer from as a result of living in the THU, psychological conditions you allege to suffer from as a result of living in the THU, and the scope of your damages.

**RESPONSE:** None in Plaintiff's possession, custody or control.

13

10. Please produce a copy of all photographs, videos, etc. depicting any scene, information or thing that may in any way relate to any issue pertinent to your claim for damages or this litigation, including but not limited to any photographs or videos you have taken of a Gulf Stream Coach, Inc., facility or facilities.

**RESPONSE: Objection, request is overbroad; seeks documents protected by attorney work product privilege/doctrine; not reasonably defined or narrowed.**

11. Please produce all instructions that were given to you or any representative acting on your behalf from any person or entity that instructed you on how to perform the air quality tests referenced on page 10 of your Plaintiff Fact Sheet, as well as any instructions on how you were to communicate the results of the tests, to whom you were supposed to communicate them, where you were you supposed to send them, and when you were to send the results.

**RESPONSE: Objection, seeks documents protected by attorney work product privilege/doctrine; request requires Plaintiff to create a document.**

12. Please produce the results of all air quality tests referenced on page 10 of your Plaintiff Fact Sheet.

**RESPONSE: Please see attached.**

13. Please produce each document that the plaintiff may attempt to introduce as an exhibit during the trial of this matter.

**RESPONSE: Plaintiff objects to this request as same being overly broad, unduly burdensome, vague and harassing. Plaintiff further objects to this request as being premature. Plaintiff will produce an exhibit list and exhibits in accordance with the Court's scheduling order.**

14. Please provide all documentation and other information that supports your claim for the scope and amount of damages listed in your Standard Form 95 that you submitted to FEMA.

**RESPONSE: Objection, to the extent the request is premature and seeks "other information" which is undefined, seek information protected by attorney work product privilege/doctrine; request requires Plaintiff to create a document that does not exist. Subject to and without waiving said objections, Plaintiff will provide expert reports in accordance with the Court's Scheduling Order.**

14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION: N(4) |
| | * | |
| This Document Relates to: *Charlie Age, et al. v.* | * | JUDGE: ENGELHARDT |
| *Gulf Stream Coach Inc., et al*, Docket No. 09-2892 | * | |
| | * | MAG: ROBY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION TO COMPEL ELECTRONIC DISCOVERY

**NOW INTO COURT**, through undersigned counsel, comes Gulf Stream Coach, Inc. ("Gulf Stream"), and moves that this Honorable Court order the Plaintiffs to produce certain electronically stored information contained in her electronic mail accounts. For reasons more fully set forth in the attached memorandum, Gulf Stream respectfully requests that this Court issue an Order as requested above.

Respectfully Submitted:

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK #18495
JOSEPH G. GLASS #25397**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700
(504) 837-3119 (FAX)
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON**
**Timothy D. Scandurro #18424**
**Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
(504) 529-6199 (FAX)
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

# CERTIFICATE

I hereby certify that on the 20th day of July, 2009, a copy of the foregoing Motion to Compel Electronic Discovery was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

s/Andrew D. Weinstock

ANDREW D. WEINSTOCK #18495
andreww@duplass.com