**From:** Peter Taaffe [mailto:ptaaffe@txattorneys.com]
**Sent:** Wednesday, June 10, 2009 6:31 PM
**To:** ANDREW WEINSTOCK
**Cc:** tim@scanlayr.com; jwoods@gainsben.com; Anthony Buzbee
**Subject:** RE: FEMA Trailer MDL

Ok, that's a separate topic. I don't think either of us are obligated to explain, in response to either one of our pending discovery requests, what the client or lawyer did to search for electronic documents in the course of responding to discovery requests. I think that is something that is traditionally covered in depositions. I reckon the question could also be posed as an interrogatory, but I don't believe either of us has sent an interrogatory like that.

If there is a case or rule that says otherwise, let me know. Thanks.

---

**From:** ANDREW WEINSTOCK [mailto:andreww@duplass.com]
**Sent:** Wednesday, June 10, 2009 6:18 PM
**To:** Peter Taaffe
**Subject:** RE: FEMA Trailer MDL

I do not believe you have to create a document where none exists. I believe I am entitled to an explanation as to your e-discovery search which includes documents responsive to interrogatory number 13 and 17.

---

**From:** Peter Taaffe [mailto:ptaaffe@txattorneys.com]
**Sent:** Wednesday, June 10, 2009 3:36 PM
**To:** ANDREW WEINSTOCK
**Cc:** Anthony Buzbee; tim@scanlayr.com; jwoods@gainsben.com
**Subject:** RE: FEMA Trailer MDL

Taking our legal assistants out of this fascinating legal discourse.

I'm quoting from the Rogs and RFP you reference (Rogs 13 and 17 and RFP 8). Rog 13 refers to Rog 12, so I also include that.

Rog 12. Have you, your family member(s), your attorney, or any representative acting on your behalf ever spoken with any former or current person associated with or employee, officer, director, staff member, agent, representative, or affiliate of Gulf Stream Coach, Inc.?

**We respond that we've talked to you—GS's atty; we've talked to deponents, but only in their depositions. Otherwise, no.**

Rog 13. If you answer to Interrogatory No. 12 is in the affirmative, have you, your attorney, or any representative acting on your behalf, obtained statements from any person listed in Interrogatory No. 12 regarding any information pertinent to your lawsuit, and if so, please indicate if the statements are written, recorded, video, digitally recorded, or oral, the dates of the statements, the names and addresses of the people from whom statements were obtained, the substance of the statements, and who has current possession of the statements.

**Since the answer to 12 is not in the affirmative, then the rest of the interrogatory is not applicable.**

DEFENDANT'S EXHIBIT

**Rog 17.** Have you, your family member(s), your attorney, or any representative acting on your behalf ever spoken with anyone regarding the THU, formaldehyde, the allegations of your petition, your alleged exposure to formaldehyde, medical conditions you allege to suffer from as a result of living in the THU, psychological conditions you allege to suffer from as a result of living in the THU, and the scope of your damages?

**We respond, "Yes."**

RFP 8. Please produce the substance of all communications, written or oral, referenced in Interrogatories No. 13 and 17.

**As set forth in the responses to rog 13, there are no statements. So, nothing to produce. There are no written statements responsive to Rog 17.**

So, bottom line—is it your position that, in response to a FRCP 34 Request for Production of Documents and Things, that we have to create a document or a list that says who all Alana, her family members, attorneys or representatives have talked to about the "THU, formaldehyde, the allegations of your petition, your alleged exposure to formaldehyde, medical conditions you allege to suffer from as a result of living in the THU, psychological conditions you allege to suffer from as a result of living in the THU, and the scope of your damages."?   If so, we think FRCP 34 and case law are clear that we do not.

---

**From:** ANDREW WEINSTOCK [mailto:andreww@duplass.com]
**Sent:** Wednesday, June 10, 2009 3:02 PM
**To:** Peter Taaffe; ANDREW WEINSTOCK
**Cc:** Anthony Buzbee; Deann Brown; Laura De La Cruz; tim@scanlayr.com; jwoods@gainsben.com
**Subject:** RE: FEMA Trailer MDL

Most people do not understand me, why should you be different? What I am trying to say is that in answer to interrogatory (number 13 and 17) about discussions, I am not adding to the question as to who she spoke with. Instead, the corresponding request for production (number 8) asks for written versions of the communications asked about in interrogatory number 13 and 17 (i.e. e-mails). Does this help?

Also, since you have now reviewed the depositions, you are aware that Tony represented he spoke with people about this litigation. I do not believe I am entitled to know what he spoke about (that would be work product) but you do have to identify who you spoke with.

---

**From:** Peter Taaffe [mailto:ptaaffe@txattorneys.com]
**Sent:** Wednesday, June 10, 2009 2:33 PM
**To:** ANDREW WEINSTOCK
**Cc:** Anthony Buzbee; Deann Brown; Laura De La Cruz; tim@scanlayr.com; jwoods@gainsben.com
**Subject:** RE: FEMA Trailer MDL

I'm having a hard time understanding what you mean here.  (except for e-discovery question).

---

**From:** ANDREW WEINSTOCK [mailto:andreww@duplass.com]
**Sent:** Wednesday, June 10, 2009 2:28 PM

**To:** Laura De La Cruz; tim@scanlayr.com; andreww@duplass.com; jwoods@gainsben.com
**Cc:** Anthony Buzbee; Peter Taaffe; Deann Brown
**Subject:** RE: FEMA Trailer MDL

On Gulf Stream's requests to the Alexander's, you misunderstood my request to number 17. The question stands, the corresponding Request for Production (number 8) requires an return on those communications that were electronic. The same goes for interrogatory 13. In response to number 9, can you provide details of the search you did for e-discovery.

---

**From:** Laura De La Cruz [mailto:ldelacruz@txattorneys.com]
**Sent:** Wednesday, June 10, 2009 8:19 AM
**To:** tim@scanlayr.com; ANDREW WEINSTOCK; jwoods@gainsben.com
**Cc:** Anthony Buzbee; Peter Taaffe; Deann Brown
**Subject:** FEMA Trailer MDL

Please see attached.

Thank you,
Laura De La Cruz
Legal Assistant to Peter K. Taaffe
The Buzbee Law Firm
JP Morgan Chase Tower
600 Travis Street, Suite 7300
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909
ldelacruz@txattorneys.com