**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | **MDL NO. 1873** |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | **SECTION "N" (5)** |
| | * | |
| | * | **JUDGE ENGELHARDT** |
| | * | **MAGISTRATE CHASEZ** |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Charlie Age, et al v. Gulf Stream Coach* | * | |
| *Inc., et al*, Docket No. 09-2892; | * | |
| Alana Alexander, individually and on behalf of | * | |
| Christopher Cooper | * | |

* * * * * * * * * * * * * * * * ** * * * * * * * * * * * * * *

**PLAINTIFF'S RESPONSE TO DEFENDANT GULF STREAM'S MOTION TO**
**COMPEL ELECTRONIC DISCOVERY**

Plaintiff Alana Alexander, individually and on behalf of her son Christopher Cooper[1]

("Ms. Alexander" or "Plaintiff"), responds to Defendant Gulf Stream Coach, Inc.'s ("Gulf

Stream") Motion to Compel Electronic Discovery and, in support, would show:

Gulf Stream requests that the Court enter an order compelling Ms. Alexander to perform

a search of her email accounts and produce any such information contained therein, in response

to Gulf Stream's First Request for Production ("RFP") Number 9.

As set forth below, she has already done so (at considerable expense), so Gulf Stream's

motion is without merit and moot.

Ms. Alexander initially retained the Gainsburgh, Benjamin firm on December 12, 2007 to

represent her on claims relating to her and her family's residence in a travel trailer which was

---

[1] Gulf Stream's motion seeks relief from "Plaintiffs", however there is only one Plaintiff—Ms. Alexander.

manufactured by Gulf Stream, installed by Defendant Fluor and provided by Defendant FEMA. *See* Declaration of Alana Alexander at ¶¶ 2 & 4, attached as **Exhibit A**.

Pursuant to Court Order, on June 16, 2008, the Gainsburgh, Benjamin firm sent a notice to Ms. Alexander, instructing her to

> hold onto and preserve any "evidence that may be relevant" to the case. This would include written documents, photographs, diary entries, e-mail, or any other tangible things which could relate to your formaldehyde exposure while living in the FEMA housing unit.

*See* Affidavit of Justin Woods, attached as **Exhibit B,** and letter dated June 16, 2008, attached as **Exhibit B-1**. The letter further instructed Ms. Alexander not to destroy or throw away any potential evidence and to call Sharon Snyder, a legal assistant at Gainsburgh, Benjamin, if she believed that she possessed any such evidence. *Id*. Although Ms. Alexander did not recall the letter during her seven hour deposition, upon reviewing the facts and the letter, she now recalls that she did receive the letter. *See* Alexander Declaration at ¶ 5.

On April 6, 2009, the Court selected Ms. Alexander as the initial trial plaintiff. *See* Pretrial Order No. 34, Doc. No. 1299. On April 9, 2009, Gulf Stream sent discovery requests to Ms. Alexander.[2] Gulf Stream's Request for Production number 9 asked for:

> Please produce all electronically stored information held in, sent to, or sent from any email account referenced in Interrogatory No. 19 that pertains to your THU, formaldehyde, the allegations of your petition, your alleged exposure to formaldehyde, medical conditions you allege to suffer from as a result of living in the THU, psychological conditions you allege to suffer from as a result of living in the THU, and the scope of your damages.

---

[2] Gulf Stream attaches an irrelevant e-mail exchange to their motion. It is becoming pretty standard practice for Gulf Stream to attach irrelevant lawyer e-mails to their motions. The bottom line is that neither side posed interrogatories asking what steps the other party took to search for electronic discovery. Both parties covered that in deposition, which is how this is supposed to work.

*See* Plaintiff Alana Alexander's Response to Gulf Stream's First Requests for Admissions, interrogatories and Requests for Production of Documents, attached as **Exhibit C**.   Ms. Alexander responded:  "None in Plaintiff's possession, custody or control."  *Id.*

Ms. Alexander responded to her counsel that she had searched her computer and found no responsive documents.  *See* Alexander Declaration at ¶ 9.  However, she acknowledges that she is not very computer savvy and was not confident that she had performed a detailed enough search.  *See id.* at ¶¶ 6 & 9.  Therefore, her counsel retained Andy Cristina to search her computer and email for responsive documents.   Mr. Cristina found only one potentially responsive document.[3]  *See* Declaration of Andy Cristina at ¶¶ 8, 9 & 10, attached as **Exhibit D**.  Ms. Alexander incurred a cost of $1,300 (at this point in time) to conduct this search.  *See id* at ¶ 5.

Ms. Alexander concedes that her deposition testimony is confusing on this issue. The only explanation is that she understood the question to be inquiring what <u>she</u> did to research her electronic data for responsive items.  *See* Alexander Declaration at ¶ 8.  She was aware that a service had been hired to do this work for her attorneys, but that she was not personally doing the search, other than the initial search that she performed to the best of her abilities.  *See id* at ¶¶ 7 & 9.

In response to discovery and in her deposition, Ms. Alexander disclosed an e-mail address at her workplace.  As her workplace is a school, and school has been out for the summer, she did not return to work until July 20, 2009.  *See id.* at ¶ 11.   However, Ms. Alexander still

---

[3] After review, the document was determined to be an email that Ms. Alexander forwarded on February 18, 2008 that contained the prepared remarks of a speech delivered by Barack Obama in New Orleans.  Ms. Alexander did not add any language to the email.

does not have access to her computer.  *See id*.  Thus, any responsive information on that school computer is not within her "care custody, or control."   *See* FED. R. CIV. P. 34(a)(1). Additionally, Ms. Alexander cannot recall ever sending an email from her work email account. *See* Alexander Declaration at ¶ 12.

Finally, in her deposition, Ms. Alexander identified a new e-mail address, which she had overlooked when preparing her discovery responses, aalexander6404@bellsouth.net.   However, Ms. Alexander has not used this email account since moving into the Trailer and no longer remembers the password to the account.  *See* Alexander Declaration at ¶ 10.  Ms. Alexander has also not paid Bell South/AT&T for internet service since moving in to the Trailer.  *See id*.

Therefore, Ms. Alexander did what she was required to under the Rules.  Gulf Stream's Motion is moot and/or without merit and should be denied.[4]

## <u>CONCLUSION AND PRAYER</u>

WHEREFORE, Plaintiff Alana Alexander respectfully requests that the Court deny Gulf Stream's Motion to Compel, and for such other relief to which she is entitled.

---

[4] Incidentally, on July 2, 2009, this Court ordered Gulf Stream to produce electronic discovery. To date, Gulf Stream has produced none.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:    504/522-2304
        Facsimile:    504/528-9973
        gmeunier@gainsben.com

        s/Justin I. Woods
        JUSTIN I. WOODS, #24713
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:    504/522-2304
        Facsimile:    504/528-9973
        jwoods@gainsben.com

        **COURT-APPOINTED PLAINTIFFS'
        STEERING COMMITTEE**
        ANTHONY BUZBEE, Texas # 24001820
        RAUL BENCOMO, #2932
        FRANK D'AMICO, #17519
        MATT MORELAND, #24567
        LINDA NELSON, #9938
        MIKAL WATTS, Texas # 20981820
        ROBERT BECNEL
        DENNIS REICH, Texas # 16739600

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

s/Gerald E. Meunier
GERALD E. MEUNIER, #9471