UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER       * | MDL NO. 1873 |
|     FORMALDEHYDE      * | |
|     PRODUCTS LIABILITY   * | |
|     LITIGATION        * | SECTION: N(5) |
|                         * | |
| This Document Relates to: *Charlie Age, et al. v.*  * | JUDGE: ENGELHARDT |
| *Gulf Stream Coach Inc., et al*, Docket No. 09-2892  * | |
|                         * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF PARTIAL MOTION FOR SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT:**

    Defendant, Gulf Stream Coach, Inc. ("Gulf Stream"), respectfully submits this memorandum in support of its partial motion for summary judgment regarding the plaintiffs' breach of express warranty claims under the Louisiana Products Liability Act ("LPLA," or "the Act"). Gulf Stream asserts that the Plaintiff cannot carry her burden of proving Gulf Stream breached any express warranty it provided to the Plaintiff.

**I.  BACKGROUND**

    As this Court is well aware, this Multi-District Litigation is the consolidation of several state and federal toxic tort suits in which an estimated thirty thousand named plaintiffs claimed to have inhabited emergency housing units ("EHUs") that were provided to them by the Federal Emergency Management Agency ("FEMA") as a result of the alleged uninhabitability of their residences due to Hurricanes Katrina and Rita. (Doc. No. 109, at ¶ 96). During the course of this litigation, the parties completed the class certification phase, conducted substantial discovery, and now have moved into the trial phase. Gulf Stream's bellwether plaintiff, Alana Alexander, originally joined this litigation on February 27, 2009. (*Age, et al. v. Gulf Stream Coach, Inc., et*

*al.*, 09-2892, Doc. No. 1). In her original complaint, the Plaintiff made various allegations against Gulf Stream, including the allegation that Gulf Stream's products were defective. *Id* at ¶ 101. She claimed that the defects in Gulf Stream's housing units were the result of "providing housing units which did not conform to the express warranties made by Gulf Stream regarding their fitness for use as reasonably anticipated." *Id.* at ¶ 102(iv). In response to that allegation, Gulf Stream has filed this Motion and asserts that the Plaintiff cannot carry her burden of proving Gulf Stream's breach of any express warranty.

## II.     LEGAL STANDARD

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment should be rendered if the pleadings, discovery, disclosure materials and affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* Further, "It is axiomatic that where questions of law alone are involved in a case, summary judgment is appropriate." *Int'l Ass'n of Machinists & Aerospace Workers, Dist. 776 v. Tx. Steel Co.*, 538 F.2d 1116, 1119 (5th Cir. 1976).

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.,* 910 F.2d 167, 178 (5th Cir.1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must go beyond the pleadings and

through affidavits, depositions, answers to interrogatories, and admissions on file must designate specific facts showing that there is a genuine issue for trial. *Celotex,* 477 U.S. at 324; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F .3d 400, 402 (5th Cir.2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir.2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber,* 353 F.3d 393, 405 (5th Cir.2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.1994), *cert. denied,* 513 U.S. 871 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by

"unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys,* 298 F.3d 434, 440 (5th Cir.2002).

### III. LAW AND ARGUMENT

Under Louisiana law, a manufacturer is liable for damage caused by a characteristic of the product that renders the product unreasonably dangerous. La. Rev. Stat. § 9:2800.54(A) (2009). A product is considered "unreasonably dangerous" when it does not conform to an express warranty made at any time by the manufacturer about the product if (i) the express warranty has induced the claimant or another person or entity to use the product and (ii) the claimant's damage was proximately caused because the express warranty was untrue. *Id.* § 9:2800.58(A). To survive summary judgment on the express warranty issue, a plaintiff is required to provide evidence that: (1) the manufacturer made an express warranty regarding the product, (2) the plaintiff was induced to use the product because of that warranty, (3) the product failed to conform to that express warranty, and (4) the plaintiff's damage was proximately caused because the express warranty was untrue. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 452 (5th Cir. 2002).

As this Court has already recognized, a central component of proving a breach of express warranty claim under the LPLA is establishing that the Plaintiff was induced to use the product because of the express warranty. (Doc. No. 984, at 19—21). Couching the issue in slightly different terms, this Court has said, "Section 2800.58 requires [the] plaintiff to prove that the user of the product <u>relied</u> on the warranty in using the product." *Traina v. Nationsbank of Texas, N.A.*, 2001 WL 1041773, at *7 (E.D.La. Sept. 7, 2001) (emphasis added).

With respect to the Plaintiff in this case, however, there has been no such reliance. Plaintiff Alexander testified that the only document she has read with any type of Gulf Stream identifying mark was the owner's manual for the unit. *See* Deposition Transcript of Alana Alexander, taken on June 29, 2008, p. 386, attached as Exhibit "A." Although she read the manual, there was <u>nothing</u> in the manual that she relied upon as a basis for residing in the trailer. *Id*. at 332. Additionally, she has no evidence that she ever spoke with a Gulf Stream representative or employee. She never utilized the warranty hotline in the owner's manual, instead only calling the trailer's maintenance telephone number. *See id*. at 333, 385. At least one other witness in this case has established that these maintenance telephone numbers were established through and staffed by FEMA or its maintenance contractors, not Gulf Stream. *See* Deposition Transcript of David Garratt, taken on July 7, 2009, p. 40, attached as Exhibit "B." Furthermore, the Plaintiff had no recollection of calling any other hotline and speaking with a Gulf Stream employee. Exhibit A, at 386. Although someone visited her trailer to give her instructions on its use, the Plaintiff had no idea of whom that person represented or worked for. *Id*. at 163—64, 385—86. Finally, she had no recollection of Gulf Stream making any express warranties to her directly. *Id*. at 387.

Likewise, the Plaintiff's minor child never relied on any express warranties made by Gulf Stream. He never read the owner's manual, and he never called the maintenance hotline about problems with the trailer. *See* Deposition Transcript of Christopher Cooper, taken on June 29, 2009, p. 111, attached as Exhibit "C." The only person he spoke with directly was an individual who came out to inspect the trailer, but the individual left when he realized the minor child was the only person present inside the trailer. *Id*. at 111. The individual never came inside to look at the trailer or perform an inspection. *Id*. at 111—12.

Considering the testimony of the Plaintiff and her minor child, Gulf Stream asserts that the Plaintiff cannot prove her breach of express warranty claim because she cannot show that she was induced to use the product because of an express warranty that Gulf Stream provided. Neither she nor her minor child read anything in the owner's manual that they relied upon as a basis for staying in the trailer. Neither of them spoke with anyone identified as a Gulf Stream employee, either in person or over the telephone. Without any reliance on Gulf Stream's express warranty, the Plaintiff cannot prove each component of her breach of express warranty claim. Accordingly, the claim should be dismissed.

## IV.   CONCLUSION

Accordingly, Gulf Stream asks this Court to grant summary judgment in its favor, thereby dismissing the Plaintiff's LPLA claim for breach of express warranty.

Respectfully Submitted:

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK #18495
JOSEPH G. GLASS #25397**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700
(504) 837-3119 (FAX)
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON**
**Timothy D. Scandurro #18424**
**Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
(504) 529-6199 (FAX)
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

## C E R T I F I C A T E

I hereby certify that on the 22nd day of July, 2009, a copy of the foregoing Memorandum in Support of Motion for Summary Partial Judgment was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495
andreww@duplass.com