UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|     FORMALDEHYDE | * | |
|     PRODUCTS LIABILITY | * | |
|     LITIGATION | * | SECTION: N(5) |
| | * | |
| This Document Relates to: *Marie Allen, et al. v.* | * | JUDGE: ENGELHARDT |
| *Gulf Stream Coach, Inc., et al.,* Docket No. 09-3482 | * | MAG: CHASEZ |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### FEDERAL RULE OF CIVIL PROCEDURE
### RULE 12(B) PRESERVATION LIST
### FILED ON BEHALF OF GULF STREAM COACH, INC.

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Gulf Stream Coach, Inc., which, pursuant to Pre-Trial Order Number 36 (Doc. 1386), dated April 29, 2009, and without prejudice to its right to assert any other allowable preliminary pleadings, dispositive motions or affirmative defenses in this or any other case in which it is subsequently named and properly served, submits for preservation the following list of specific Federal Rule of Civil Procedure Rule 12(b) Motions in the following case currently pending in the MDL:

I.      *Marie Allen, et al. v. Gulf Stream Coach, Inc. Inc., et al.*, originally filed in the United States District Court for the Eastern District of Louisiana, under civil action number 09-3482.

    1.      12(b)(3) – Improper venue based on contractual forum selection clause contained in the manufacturer's Warranty Contract, which also contractually limits the warranties.

    2.      12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant knew or should have known of his or her cause of action more than a year before May 7, 2009 (accounting for all tolled time during the pendency of the class action), rendering all claims prescribed under Louisiana law.

    3.      12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as no claimant has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury.

4. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically seek attorneys fees under Louisiana state law inasmuch as such claims are precluded.

5. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek punitive damages under federal or Louisiana state law inasmuch as such claims are precluded.

6. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically assert redhibition/implied warranty claims under Louisiana law, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

7. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property damages under Louisiana law, inasmuch as such claims are precluded.

8. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the named defendants, inasmuch as Louisiana law precludes such reapportionment of fault.

9. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that any of plaintiffs' claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

10. 12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by the provisions of the Louisiana Products Liability Act to the extent it is established that any named plaintiff did not use a product manufactured by Gulf Stream Coach, Inc.

11. 12(b)(6) - Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are duplicative to the extent it is established that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

Respectfully submitted:

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

s/Andrew D. Weinstock

_____

**ANDREW D. WEINSTOCK (#18495)
JOSEPH G. GLASS (#25397)**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON**
Timothy D. Scandurro #18424
Dewey M. Scandurro #23291
607 St. Charles Avenue
New Orleans, LA 70130
Telephone: (504) 522-7100
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of July, 2009, a copy of the foregoing Federal Rule of Civil Procedure Rule 12(b) Preservation List on Behalf of Gulf Stream Coach, Inc. was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495
andreww@duplass.com