**IN THE UNITED STATES DISTRICT COURT**
**FOR THE *EASTERN* DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| QUINNAN JOHNSON AND JOY | | |
| JOHNSON , ETAL | * | DOCKET No. 08-1327 |
| | * | CONSOLIDATED WITH MDL NO. 1873 |
| | * | |
| | * | |
| | * | |
| versus | * | JUDGE: ENGELHARDT |
| | * | |
| R-Vision, Inc., United States of America | * | |
| through the Federal Emergency | * | SECTION: "N" |
| Management Agency, | * | |
| Fluor Enterprises, Inc., Liberty Insurance | * | |
| Corp.,Lexington Insurance Company, | * | MAGISTRATE: CHASEZ |
| Westchester Surplus Lines Insurance | * | |
| Company,and Arch Specialty Insurance | * | |
| Company | * | |

**************************************************************************

## SECOND SUPPLEMENTAL AND
## AMENDED COMPLAINT

The plaintiff's Quinnan Johnson and Joy Johnson pursuant to Rule 15 of the Federal

Rules of Civil Procedure, respectfully supplements and amends the Original and First Amended

Complaint herein as follows:

1.

Plaintiff's Quinnan Johnson and Joy Johnson  are included among the plaintiffs

enumerated in the Original and First Amended Complaint.

2.

The allegations of the Original  and First Amended Complaint with respect to

the identification of Parties, as well as the allegations  with respect to Jurisdiction and Venue,

respectfully are reiterated and incorporated herein.

3.

The allegations of the Original and First Amended Complaint and dealing with general factual information, also are reiterated and incorporated herein.

4.

Plaintiff's were displaced from their permanent home as a result of Hurricane Katrina. Since their home was rendered uninhabitable as a result of Hurricane Katrina, plaintiff's were deemed eligible to receive emergency housing assistance from the defendant FEMA, pursuant to the Stafford Act and applicable federal regulations.

5.

The emergency housing assistance provided to plaintiff's, Quinnan Johnson and Joy Johnson  was in the form of a travel trailer manufactured by R-Vision, Inc, with Vehicle Identification Number (VIN) 4WYT34P2061404699.

6.

The travel trailer was delivered to plaintiff's Quinnan Johnson and Joy Johnson for occupancy in LaPlace, Louisiana, at 116 Phoenix Lane.

7.

The travel trailer delivered to Quinnan Johnson and Joy Johnson was installed at the above locations and hooked to utilities, etc. for residential purposes by the defendant Fluor Enterprises, Inc., pursuant to a contract between Fluor Enterprises and the defendant FEMA.

8.

Plaintiff respectfully reiterates and incorporates all allegations set forth in the Original and First Amended Complaint with respect to the cause of action against the defendant FEMA. In addition, and more specifically, plaintiff avers that the defendant FEMA negligently failed to take prompt and appropriate remedial action, and/or to communicate promptly and effectively to her, with respect to the safety and health risks and concerns related to formaldehyde exposure in this travel trailer, even though FEMA became aware of such risks and concerns generally, as early as the Fall/Winter of 2005. As a result, plaintiff s were negligently and unnecessarily exposed to unsafe and potentially dangerous levels of formaldehyde in the travel trailer, prior to the time plaintiff became aware of the need to vacate the trailer.

9.

Plaintiff respectfully reiterates and incorporates all of the allegations set forth in the Original and First Amended Complaint with respect to the cause of action against the defendant R-Vision, Inc. manufacturer under the Louisiana Product Liability Act. Additionally, and more specifically, plaintiff alleges that the defendant manufacturer's duty to warn her and her family about the dangers and risks of formaldehyde in this travel trailer was continuing in nature, and legally was owed to plaintiff by the defendant manufacturer during the entire period that plaintiffs occupied this travel trailer.

10.

Plaintiff respectfully reiterates and incorporates all of the allegations in the Original and First Amended Complaint with respect to the cause of action against the defendant Fluor under the Louisiana Product Liability Act of the Original and First Amended Complaint.

11.

Plaintiff respectfully reiterates and incorporates all of the allegations with respect to the cause of action for negligence against the defendant Fluor and Shaw under the Louisiana law, specifically in the alternative and in the event these defendants are not be found to be a "manufacturer" liable under the Louisiana Product Liability Act.

12.

Plaintiffs respectfully reiterates and incorporates all of the allegations with respect to the damages and prayer for relief in the Original and First Amended Complaints.

13.

Plaintiffs aver that defendants, **Liberty Insurance Corp.**, **Lexington Insurance Company, Westchester Surplus Lines Insurance Company, and Arch Specialty Insurance Company** had in full force and effect a policy of liability insurance affording coverage to the defendant, R-Vision, Inc. with respect to the matters, risks and things for which this defendant is liable herein, thereby affording plaintiffs the right to proceed against this defendant insurer under the provisions of the Louisiana Direct Action Statute, LSA-R.S. 22:655."

14.

Plaintiffs specifically reiterates their request for trial by jury of all claims herein, to the extent permitted by law.

**WHEREFORE**, plaintiff's respectfully supplements and amends the Original and First Amended Complaint in the foregoing respects, and otherwise reiterates and reavers all of the allegations and prayers for relief contained therein.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

s/L. Eric Williams, Jr.
L. Eric Williams, Jr.