UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER         FORMALDEHYDE         PRODUCTS LIABILITY         LITIGATION | * * * * * | MDL NO. 1873  SECTION: N(5) |
| This Document Relates to: *Charlie Age, et al. v. Gulf Stream Coach Inc., et al*, Docket No. 09-2892 | * * * | JUDGE: ENGELHARDT  MAG: CHASEZ |

*************************************************************************

**GULF STREAM COACH, INC.'S OBJECTIONS TO
UNITED STATES OF AMERICA'S PROPOSED JURY CHARGES**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Gulf Stream Coach, Inc., which, pursuant to the Court's Order (Doc. No. 1595), dated May 27, 2009, respectfully objects to the following jury charges contained in Defendant's, United States of America's, Requested Special Jury Charges (Doc. No. 2124):

I.   United States of America's Requested Jury Charge – FTCA – Non-Liability for Discretionary Functions

   Objection. The charge, when taking into account the United States of America's other requested charges, improperly suggests to the jury that FEMA cannot be cast in judgment for their conduct. This has the potential to mislead the jury as to their task of determining the fault of all parties, including FEMA regardless of the potential for legal immunity. This purely legal issue is strictly the province of the Court and not the jury. The Court has previously determined the legal issue made the subject of this charge (Doc. No. 717), and this charge is an improper attempt to present to the Jury an issue more properly resolved by the Court.

II.  United States of America's Requested Jury Charge – FTCA – Non-Liability for Misrepresentation, Concealment or Deceit

   Objection. The charge, when taking into account the United States of America's other requested charges, improperly suggests to the jury that FEMA cannot be cast in judgment for their conduct. This has the potential to mislead the jury as to their task of determining the fault of all parties, including FEMA regardless of the potential for legal immunity. This purely legal issue is strictly the province of the Court and not the jury. The Court has previously determined the legal issue made the subject of this charge (Doc. No. 717),

1

and this charge is an improper attempt to present to the Jury an issue more properly resolved by the Court.

III. United States of America's Requested Jury Charge – FTCA – Non-Liability for Warranties or Contracts

Objection. The charge, when taking into account the United States of America's other requested charges, improperly suggests to the jury that FEMA cannot be cast in judgment for their conduct. This has the potential to mislead the jury as to their task of determining the fault of all parties, including FEMA regardless of the potential for legal immunity. This purely legal issue is strictly the province of the Court and not the jury. The Court has previously determined the legal issue made the subject of this charge (Doc. No. 717), and this charge is an improper attempt to present to the Jury an issue more properly resolved by the Court.

IV. United States of America's Requested Jury Charge – United States Not Liable for Decisions to Purchase or Use Travel Trailers

Objection. The charge, when taking into account the United States of America's other requested charges, improperly suggests to the jury that FEMA cannot be cast in judgment for their conduct. This has the potential to mislead the jury as to their task of determining the fault of all parties, including FEMA regardless of the potential for legal immunity. This purely legal issue is strictly the province of the Court and not the jury. The Court has previously determined the legal issue made the subject of this charge (Doc. No. 717), and this charge is an improper attempt to present to the Jury an issue more properly resolved by the Court.

V. United States of America's Requested Jury Charge – United States Not Liable for Decision To Hire Contractors for Installation

Objection. The charge, when taking into account the United States of America's other requested charges, improperly suggests to the jury that FEMA cannot be cast in judgment for their conduct. This has the potential to mislead the jury as to their task of determining the fault of all parties, including FEMA regardless of the potential for legal immunity. This purely legal issue is strictly the province of the Court and not the jury. The Court has previously determined the legal issue made the subject of this charge (Doc. No. 717), and this charge is an improper attempt to present to the Jury an issue more properly resolved by the Court.

VI. United States of America's Requested Jury Charge – United States Not Liable for Contractor Installation

Objection. The charge, when taking into account the United States of America's other requested charges, improperly suggests to the jury that FEMA cannot be cast in judgment for their conduct. This has the potential to mislead the jury as to their task of determining the fault of all parties, including FEMA regardless of the potential for legal immunity.

    This purely legal issue is strictly the province of the Court and not the jury.  The Court has previously determined the legal issue made the subject of this charge (Doc. No. 717), and this charge is an improper attempt to present to the Jury an issue more properly resolved by the Court.

VII. United States of America's Requested Jury Charge – United States Not Liable for Responses Outside a Certain Period

    Objection.  The charge, when taking into account the United States of America's other requested charges, improperly suggests to the jury that FEMA cannot be cast in judgment for their conduct. This has the potential to mislead the jury as to their task of determining the fault of all parties, including FEMA regardless of the potential for legal immunity. This purely legal issue is strictly the province of the Court and not the jury.  The Court has previously determined the legal issue made the subject of this charge (Doc. No. 717), and this charge is an improper attempt to present to the Jury an issue more properly resolved by the Court.

VIII. United States of America's Requested Jury Charge – United States Negligence Standard

    Objection.  The charge is an incomplete recitation of the law.  Gulf Stream respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Johnson, "Civil Jury Instructions," vol. 18 Louisiana Civil Law Treatise (2d ed.), § 3.01.

IX. United States of America's Requested Jury Charge – United States Causation Standard

    Objection.  The charge is an incomplete recitation of the law.  Gulf Stream respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Johnson, "Civil Jury Instructions," vol. 18 Louisiana Civil Law Treatise (2d ed.), § 3.03.

          Respectfully submitted:

          **DUPLASS, ZWAIN, BOURGEOIS,**
          **PFISTER & WEINSTOCK**

          s/Andrew D. Weinstock
          _____
          **ANDREW D. WEINSTOCK (#18495)**
          **JOSEPH G. GLASS (#25397)**
          3838 N. Causeway Boulevard, Suite 2900
          Metairie, Louisiana 70002
          Telephone: (504) 832-3700
          andreww@duplass.com
          jglass@duplass.com

and

**SCANDURRO & LAYRISSON**
Timothy D. Scandurro #18424
Dewey M. Scandurro #23291
607 St. Charles Avenue
New Orleans, LA 70130
Telephone: (504) 522-7100
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

## CERTIFICATE OF SERVICE

    I hereby certify that on the 24th day of July, 2009, a copy of the foregoing Objections to USA's Proposed Jury Charges on Behalf of Gulf Stream Coach, Inc. was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

                s/Andrew D. Weinstock
              _____
                ANDREW D. WEINSTOCK #18495
                andreww@duplass.com