UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|      FORMALDEHYDE | * | |
|      PRODUCTS LIABILITY | * | |
|      LITIGATION | * | SECTION: N(5) |
| | * | |
| This Document Relates to: *Charlie Age, et al. v.* | * | JUDGE: ENGELHARDT |
| *Gulf Stream Coach Inc., et al,* Docket No. 09-2892 | * | |
| | * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FLUOR ENTERPRISES, INC.'S OBJECTIONS TO
PROPOSED JURY CHARGES

NOW INTO COURT, through undersigned counsel, comes Defendant, Fluor Enterprises, Inc., ("FEI") which pursuant to the Court's Order (Doc. No. 1595), dated May 27, 2009, respectfully objects to the following jury charges contained in Plaintiff's, Alana Alexander's, Requested Special Jury Charges (Doc. No. 2045) and responds to Gulf Stream Coach's proposed Jury Instructions, as follows:

I.

FEI objects to each and every of Plaintiff's Requested Jury Charges that speak to the Louisiana Products Liability Act. FEI is a contractor who, in the context of this case, provided general contractor services to FEMA. FEI is not a manufacturer, does not hold itself out as a manufacturer, and as a general contractor is subject to a legal regime in Louisiana that is in direct conflict with the LPLA. FEI, therefore objects to the charges that relate to manufacturers as proposed, since they do not exclude application to FEI. More specifically, FEI objects to Plaintiff's Requested Jury Charge Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, and 19.

II.

FEI objects to each and every of Plaintiff's Requested Jury Charges that speak to "sales". Louisiana's Law of Sales has no application to the sale of a trailer by a manufacturer/dealer in a Midwestern state to the federal government. More specifically, FEI objects to Plaintiff's Requested Jury Charge Nos. 19, 20, 21, 22, 23, 24, 25, 26, and 27.

III.

FEI objects to Plaintiff's Requested Jury Charge No. 29. The requested charge is an inaccurate statement of law today. Citing a 1950's case in light of substantial intervening changes in the law is in and of itself suspect. In Louisiana, only if a special relationship exists between the parties does the law consider a failure to look-out for the safety of others in evaluating liability. Such a relationship does not exist in this case.

IV.

FEI objects to Plaintiff's Requested Jury Charge No. 30. The statement of law in this charge is not relevant to the facts of this case.

V.

FEI objects to Plaintiff's Requested Jury Charge No. 31. The requested charge is not an accurate statement of the law.

VI.

FEI objects to Plaintiff's Requested Jury Charge No. 32. The requested charge is not an accurate statement of the law. Furthermore, the charge misquotes La. C.C. art 2320.

VII.

FEI adopts in their entirety, as if restated herein, Gulf Stream Coach, Inc.'s Objections to Plaintiffs' Proposed Jury Charge Nos. 33, 34, 36, 37, 38, 39, 40, 41, 42, 43, 44, 47, 48, 49, 50, 51, 52, 53, 54, and 55.

VIII.

FEI adopts Gulf Stream Coach, Inc.'s Objections to Plaintiff's Proposed Jury Charge Nos. 35 and 45, except those portions which reference the applicability of the LPLA. Insofar as the LPLA is concerned, FEI reasserts its objections as set forth in Section I. above.

IX.

FEI objects to Plaintiff's Requested Jury Charge No. 56. The requested charge is an incomplete statement of the law as it relates to consortium.

X.

FEI objects to Plaintiff's Proposed Jury Verdict Form *in toto* and instead directs the Court to the Jury Verdict Form it submitted to the Court on June 17, 2009.

XI.

FEI has no objection to any of the jury instructions proposed by Gulf Stream Coach Inc., save that each proposed instruction as to the LPLA or a manufacturer should include language that such instruction has no application to FEI.

To the extent that the Court further extends the period for submission of objections to Plaintiff's Proposed Special Jury Charges, FEI Enterprises, Inc., reserves its right to supplement its objections.

Respectfully submitted,

**MIDDLEBERG, RIDDLE & GIANNA**

BY: /s/ Richard A. Sherburne, Jr.
Dominic J. Gianna, La. Bar No. 6063
Sarah A. Lowman, La. Bar No. 18311
201 St. Charles Avenue, Suite 3100
New Orleáns, Louisiana 70170
Telephone: (504) 525-7200
Facsímile:  (504) 581-5983
dgianna@midrid.com
showman@midrid.com

Charles R. Penot, Jr., La. Bar No. 1530 &
Texas Bar No. 24062455
717 North Harwood, Suite 2400
Dallas, Texas 75201
Telephone: (214) 220-6334
Facsímile:  (214) 220-6807
cpenot@midrid.com

*-and-*

Richard A. Sherburne, Jr., La. Bar No. 2106
450 Laurel Street, Suite 1101
Baton Rouge, Louisiana 70801
Telephone: (225) 381-7700
Facsimile:  (225) 381-7730
rsherburne@midrid.com

**ATTORNEYS FOR FLUOR ENTERPRISES, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of July, 2009, a copy of the foregoing Objections to Proposed Jury Charges on behalf of Fluor Enterprises, Inc. was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

/s/  Richard A. Sherburne, Jr.
_____
RICHARD A. SHERBURNE, JR.
rsherburne@midrid.com