UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION "N" (5)<br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

THIS DOCUMENT RELATES TO:
*Age, et al. v. Gulf Stream Coach Inc., et al.*, 09-2892

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**DEFENDANT UNITED STATES' OBJECTIONS
TO PROPOSED JURY CHARGES**

Pursuant to the Court's Order [Doc. No. 1595], dated May 27, 2009, defendant United States of America hereby objects to certain special jury charges proposed by plaintiffs Alana Alexander and Christopher Cooper [Doc. No. 2045], defendant Gulf Stream Coach, Inc. [Doc. No. 2046], and defendant Fluor Enterprises, Inc. [Doc. No. 2106].

**I.      Plaintiffs' Proposed Jury Charges**

**Plaintiff's Requested Jury Charge No. 1**

Objection. The proposed jury charge regarding "manufacturers" is not applicable to the United States and should clearly state as such.

**Plaintiff's Requested Jury Charge No. 2**

Objection. The proposed jury charge regarding "manufacturers" is not applicable to the United States and should clearly state as such.

**Plaintiff's Requested Jury Charge No. 3**

Objection. The proposed jury charge regarding "manufacturers" is not applicable to the United States and should clearly state as such.

**Plaintiff's Requested Jury Charge No. 4**

Objection. The proposed jury charge regarding "manufacturers" is not applicable

to the United States and should clearly state as such.

**Plaintiff's Requested Jury Charge No. 5**

Objection. The proposed jury charge regarding "manufacturers" is not applicable to the United States and should clearly state as such.

**Plaintiff's Requested Jury Charge No. 6**

Objection. The proposed jury charge regarding "manufacturers" is not applicable to the United States and should clearly state as such.

**Plaintiff's Requested Jury Charge No. 7**

Objection. The proposed jury charge regarding "manufacturers" is not applicable to the United States and should clearly state as such.

**Plaintiff's Requested Jury Charge No. 8**

Objection. The proposed jury charge regarding "manufacturers" is not applicable to the United States and should clearly state as such.

**Plaintiff's Requested Jury Charge No. 9**

Objection. The proposed jury charge regarding "manufacturers" is not applicable to the United States and should clearly state as such.

**Plaintiff's Requested Jury Charge No. 10**

Objection. The proposed jury charge regarding "manufacturers" is not applicable to the United States and should clearly state as such.

**Plaintiff's Requested Jury Charge No. 11**

Objection. The proposed jury charge regarding "manufacturers" is not applicable to the United States and should clearly state as such.

**Plaintiff's Requested Jury Charge No. 12**

Objection. The proposed jury charge regarding "manufacturers" is not applicable to the United States and should clearly state as such.

**Plaintiff's Requested Jury Charge No. 13**

Objection.  The proposed jury charge regarding "manufacturers" is not applicable to the United States and should clearly state as such.

**Plaintiff's Requested Jury Charge No. 14**

Objection.  The proposed jury charge regarding "manufacturers" is not applicable to the United States and should clearly state as such.

**Plaintiff's Requested Jury Charge No. 15**

Objection.  The proposed jury charge regarding "manufacturers" is not applicable to the United States and should clearly state as such.

**Plaintiff's Requested Jury Charge No. 16**

Objection.  The proposed jury charge regarding "manufacturers" is not applicable to the United States and should clearly state as such.

**Plaintiff's Requested Jury Charge No. 17**

Objection.  The proposed jury charge regarding "manufacturers" is not applicable to the United States and should clearly state as such.

**Plaintiff's Requested Jury Charge No. 18**

Objection.  The proposed jury charge regarding "manufacturers" is not applicable to the United States and should clearly state as such.

**Plaintiff's Requested Jury Charge No. 19**

Objection.  The proposed jury charge regarding "manufacturers" is not applicable to the United States and should clearly state as such.

**Plaintiff's Requested Jury Charge No. 20**

Objection.  The proposed jury charge is not applicable to the United States and should clearly state as such.  As to the United States, the Court has already dismissed any claims sounding in contract, [Doc. No. 717].

**Plaintiff's Requested Jury Charge No. 21**

Objection.  The proposed jury charge is not applicable to the United States and

should clearly state as such. As to the United States, the Court has already dismissed any claims sounding in contract, [Doc. No. 717].

### Plaintiff's Requested Jury Charge No. 22
Objection. The proposed jury charge is not applicable to the United States and should clearly state as such. As to the United States, the Court has already dismissed any claims sounding in contract, [Doc. No. 717].

### Plaintiff's Requested Jury Charge No. 23
Objection. The proposed jury charge is not applicable to the United States and should clearly state as such. As to the United States, the Court has already dismissed any claims sounding in contract, [Doc. No. 717].

### Plaintiff's Requested Jury Charge No. 24
Objection. The proposed jury charge is not applicable to the United States and should clearly state as such. As to the United States, the Court has already dismissed any claims sounding in contract, [Doc. No. 717].

### Plaintiff's Requested Jury Charge No. 25
Objection. The proposed jury charge is not applicable to the United States and should clearly state as such. As to the United States, the Court has already dismissed any claims sounding in contract, [Doc. No. 717].

### Plaintiff's Requested Jury Charge No. 26
Objection. The proposed jury charge is not applicable to the United States and should clearly state as such. As to the United States, the Court has already dismissed any claims sounding in contract, [Doc. No. 717].

### Plaintiff's Requested Jury Charge No. 27
Objection. The proposed jury charge is not applicable to the United States and should clearly state as such. As to the United States, the Court has already dismissed any claims sounding in contract, [Doc. No. 717].

### Plaintiff's Requested Jury Charge No. 28

Objection. As to the United States, the proposed jury charge is a misapplication of the cited state law. Plaintiffs' claims against the United States are pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, and thus are subject to the express provisions and limitations contained therein. Any charge regarding potential negligence claims against the United States must incorporate the strictures set forth in the FTCA. Federal law must supersede any conflicting state law. The FTCA references substantive state law for only a limited purpose.

**Plaintiff's Requested Jury Charge No. 29**

Objection.  As to the United States, the proposed jury charge is a misapplication of the cited state law.  Plaintiffs' claims against the United States are pursuant to the FTCA, and thus are subject to the express provisions and limitations contained therein.  Any charge regarding potential negligence claims against the United States must incorporate the strictures set forth in the FTCA.  Federal law must supersede any conflicting state law.  The FTCA references substantive state law for only a limited purpose.

**Plaintiff's Requested Jury Charge No. 30**

Objection.  As to the United States, the proposed jury charge is a misapplication of the cited state law.  Plaintiffs' claims against the United States are pursuant to the FTCA, and thus are subject to the express provisions and limitations contained therein.  Any charge regarding potential negligence claims against the United States must incorporate the strictures set forth in the FTCA.  Federal law must supersede any conflicting state law.  The FTCA references substantive state law for only a limited purpose.

**Plaintiff's Requested Jury Charge No. 31**

Objection.  As to the United States, the proposed jury charge is a misapplication of the cited state law.  Plaintiffs' claims against the United States are pursuant to the FTCA, and thus are subject to the express provisions and limitations contained therein.  Any charge regarding potential negligence claims against the United States must incorporate the strictures set forth in the FTCA.  Federal law must supersede any conflicting state law.  The FTCA references substantive state law for only a limited purpose.

**Plaintiff's Requested Jury Charge No. 32**

Objection.  As to the United States, the proposed jury charge is a misapplication of the cited state law and also ignores the express language of the FTCA.  Plaintiffs' claims against the United States are pursuant to the FTCA, and thus are subject to the express provisions and limitations contained therein.  Any charge regarding potential negligence claims against the United States must incorporate the strictures set forth in the FTCA.  Federal law must supersede any conflicting state law.  The FTCA references substantive state law for only a limited purpose.

**Plaintiff's Requested Jury Charge No. 33**

Objection.  As to the United States, the proposed jury charge is a misapplication of the cited state law and also ignores the express language of the FTCA.

Plaintiffs' claims against the United States are pursuant to the FTCA, and thus are subject to the express provisions and limitations contained therein. Any charge regarding potential negligence claims against the United States must incorporate the strictures set forth in the FTCA. Federal law must supersede any conflicting state law. The FTCA references substantive state law for only a limited purpose.

**Plaintiff's Requested Jury Charge No. 34**

Objection. As to the United States, the proposed jury charge is a misapplication of the cited state law and also ignores the express language of the FTCA. Plaintiffs' claims against the United States are pursuant to the FTCA, and thus are subject to the express provisions and limitations contained therein. Any charge regarding potential negligence claims against the United States must incorporate the strictures set forth in the FTCA. Federal law must supersede any conflicting state law. The FTCA references substantive state law for only a limited purpose.

**Plaintiff's Requested Jury Charge No. 35**

Objection. As to the United States, the proposed jury charge is a misapplication of the cited state law and also ignores the express language of the FTCA. Plaintiffs' claims against the United States are pursuant to the FTCA, and thus are subject to the express provisions and limitations contained therein. Any charge regarding potential negligence claims against the United States must incorporate the strictures set forth in the FTCA. Federal law must supersede any conflicting state law. The FTCA references substantive state law for only a limited purpose.

**Plaintiff's Requested Jury Charge No. 36**

Objection. As to the United States, the proposed jury charge is a misapplication of the cited state law and also ignores the express language of the FTCA. Plaintiffs' claims against the United States are pursuant to the FTCA, and thus are subject to the express provisions and limitations contained therein. Any charge regarding potential negligence claims against the United States must incorporate the strictures set forth in the FTCA. Federal law must supersede any conflicting state law. The FTCA references substantive state law for only a limited purpose.

**Plaintiff's Requested Jury Charge No. 37**

Objection. As to the United States, the proposed jury charge is a misapplication of the cited state law and also ignores the express language of the FTCA. Plaintiffs' claims against the United States are pursuant to the FTCA, and thus are subject to the express provisions and limitations contained therein. Any charge regarding potential negligence claims against the United States must incorporate the strictures set forth in the FTCA. Federal law must supersede any conflicting

state law.  The FTCA references substantive state law for only a limited purpose.

**Plaintiff's Requested Jury Charge No. 38**

Objection.  As to the United States, the proposed jury charge is a misapplication of the cited state law and also ignores the express language of the FTCA. Plaintiffs' claims against the United States are pursuant to the FTCA, and thus are subject to the express provisions and limitations contained therein.  Any charge regarding potential negligence claims against the United States must incorporate the strictures set forth in the FTCA.  Federal law must supersede any conflicting state law.  The FTCA references substantive state law for only a limited purpose.

**Plaintiff's Requested Jury Charge No. 39**

Objection.  As to the United States, the proposed jury charge is a misapplication of the cited state law and also ignores the express language of the FTCA. Plaintiffs' claims against the United States are pursuant to the FTCA, and thus are subject to the express provisions and limitations contained therein.  Any charge regarding potential negligence claims against the United States must incorporate the strictures set forth in the FTCA.  Federal law must supersede any conflicting state law.  The FTCA references substantive state law for only a limited purpose.

**Plaintiff's Requested Jury Charge No. 40**

Objection.  As to the United States, the proposed jury charge is a misapplication of the cited state law and also ignores the express language of the FTCA. Plaintiffs' claims against the United States are pursuant to the FTCA, and thus are subject to the express provisions and limitations contained therein.  Any charge regarding potential negligence claims against the United States must incorporate the strictures set forth in the FTCA.  Federal law must supersede any conflicting state law.  The FTCA references substantive state law for only a limited purpose.

**Plaintiff's Requested Jury Charge No. 41**

Objection.  As to the United States, the proposed jury charge is a misapplication of the cited state law and also ignores the express language of the FTCA. Plaintiffs' claims against the United States are pursuant to the FTCA, and thus are subject to the express provisions and limitations contained therein.  Any charge regarding potential negligence claims against the United States must incorporate the strictures set forth in the FTCA.  Federal law must supersede any conflicting state law.  The FTCA references substantive state law for only a limited purpose.

**Plaintiff's Requested Jury Charge No. 42**

Objection. As to the United States, the proposed jury charge is a misapplication of the cited state law and also ignores the express language of the FTCA. Plaintiffs' claims against the United States are pursuant to the FTCA, and thus are subject to the express provisions and limitations contained therein. Any charge regarding potential negligence claims against the United States must incorporate the strictures set forth in the FTCA. Federal law must supersede any conflicting state law. The FTCA references substantive state law for only a limited purpose.

**Plaintiff's Requested Jury Charge No. 43**

Objection. As to the United States, the proposed jury charge is a misapplication of the cited state law and also ignores the express language of the FTCA. Plaintiffs' claims against the United States are pursuant to the FTCA, and thus are subject to the express provisions and limitations contained therein. Any charge regarding potential negligence claims against the United States must incorporate the strictures set forth in the FTCA. Federal law must supersede any conflicting state law. The FTCA references substantive state law for only a limited purpose.

**Plaintiff's Requested Jury Charge No. 44**

Objection. As to the United States, the proposed jury charge is a misapplication of the cited state law and also ignores the express language of the FTCA. Plaintiffs' claims against the United States are pursuant to the FTCA, and thus are subject to the express provisions and limitations contained therein. Any charge regarding potential negligence claims against the United States must incorporate the strictures set forth in the FTCA. Federal law must supersede any conflicting state law. The FTCA references substantive state law for only a limited purpose.

**Plaintiff's Requested Jury Charge No. 45**

Objection. As to the United States, the proposed jury charge is a misapplication of the cited state law and also ignores the express language of the FTCA. Plaintiffs' claims against the United States are pursuant to the FTCA, and thus are subject to the express provisions and limitations contained therein. Any charge regarding potential negligence claims against the United States must incorporate the strictures set forth in the FTCA. Federal law must supersede any conflicting state law. The FTCA references substantive state law for only a limited purpose.

**Plaintiff's Requested Jury Charge No. 46**

Objection. As to the United States, the proposed jury charge is a misapplication of the cited state law and also ignores the express language of the FTCA.

Plaintiffs' claims against the United States are pursuant to the FTCA, and thus are governed by the federal laws of evidence. The FTCA references substantive state law for only a limited purpose.

**Plaintiff's Requested Jury Charge No. 47**

Objection. The proposed jury charge is duplicative. In addition, as to the United States, the proposed jury charge is a misapplication of the cited state law and also ignores the express language of the FTCA. Plaintiffs' claims against the United States are pursuant to the FTCA, and thus are subject to the express provisions and limitations contained therein. Any charge regarding potential negligence claims against the United States must incorporate the strictures set forth in the FTCA. Federal law must supersede any conflicting state law. The FTCA references substantive state law for only a limited purpose.

**Plaintiff's Requested Jury Charge No. 48**

Objection. The proposed jury charge is duplicative. In addition, as to the United States, the proposed jury charge is a misapplication of the cited state law and also ignores the express language of the FTCA. Plaintiffs' claims against the United States are pursuant to the FTCA, and thus are subject to the express provisions and limitations contained therein. Any charge regarding potential negligence claims against the United States must incorporate the strictures set forth in the FTCA. Federal law must supersede any conflicting state law. The FTCA references substantive state law for only a limited purpose.

**Plaintiff's Requested Jury Charge No. 49**

Objection. The proposed jury charge is duplicative. In addition, as to the United States, the proposed jury charge is a misapplication of the cited state law and also ignores the express language of the FTCA. Plaintiffs' claims against the United States are pursuant to the FTCA, and thus are subject to the express provisions and limitations contained therein. Any charge regarding potential negligence claims against the United States must incorporate the strictures set forth in the FTCA. Federal law must supersede any conflicting state law. The FTCA references substantive state law for only a limited purpose.

**Plaintiff's Requested Jury Charge No. 50**

Objection. The proposed jury charge is duplicative. In addition, as to the United States, the proposed jury charge is a misapplication of the cited state law and also ignores the express language of the FTCA. Plaintiffs' claims against the United States are pursuant to the FTCA, and thus are subject to the express provisions and limitations contained therein. Any charge regarding potential negligence

claims against the United States must incorporate the strictures set forth in the FTCA.  Federal law must supersede any conflicting state law.  The FTCA references substantive state law for only a limited purpose.

**Plaintiff's Requested Jury Charge No. 51**

Objection.  The proposed jury charge is duplicative.  In addition, as to the United States, the proposed jury charge is a misapplication of the cited state law and also ignores the express language of the FTCA.  Plaintiffs' claims against the United States are pursuant to the FTCA, and thus are subject to the express provisions and limitations contained therein.  Any charge regarding potential negligence claims against the United States must incorporate the strictures set forth in the FTCA.  Federal law must supersede any conflicting state law.  The FTCA references substantive state law for only a limited purpose.

**Plaintiff's Requested Jury Charge No. 52**

Objection.  The proposed jury charge is duplicative.  In addition, as to the United States, the proposed jury charge is a misapplication of the cited state law and also ignores the express language of the FTCA.  Plaintiffs' claims against the United States are pursuant to the FTCA, and thus are subject to the express provisions and limitations contained therein.  Any charge regarding potential negligence claims against the United States must incorporate the strictures set forth in the FTCA.  Federal law must supersede any conflicting state law.  The FTCA references substantive state law for only a limited purpose.

**Plaintiff's Requested Jury Charge No. 53**

Objection.  The proposed jury charge is duplicative.  In addition, as to the United States, the proposed jury charge is a misapplication of the cited state law and also ignores the express language of the FTCA.  Plaintiffs' claims against the United States are pursuant to the FTCA, and thus are subject to the express provisions and limitations contained therein.  Any charge regarding potential negligence claims against the United States must incorporate the strictures set forth in the FTCA.  Federal law must supersede any conflicting state law.  The FTCA references substantive state law for only a limited purpose.

**Plaintiff's Requested Jury Charge No. 54**

Objection.  The proposed jury charge is duplicative.  In addition, as to the United States, the proposed jury charge is a misapplication of the cited state law and also ignores the express language of the FTCA.  Plaintiffs' claims against the United States are pursuant to the FTCA, and thus are subject to the express provisions and limitations contained therein.  Any charge regarding potential negligence

claims against the United States must incorporate the strictures set forth in the FTCA. Federal law must supersede any conflicting state law. The FTCA references substantive state law for only a limited purpose.

**Plaintiff's Requested Jury Charge No. 55**

Objection. The proposed jury charge is duplicative. In addition, as to the United States, the proposed jury charge is a misapplication of the cited state law and also ignores the express language of the FTCA. Plaintiffs' claims against the United States are pursuant to the FTCA, and thus are subject to the express provisions and limitations contained therein. Any charge regarding potential negligence claims against the United States must incorporate the strictures set forth in the FTCA. Federal law must supersede any conflicting state law. The FTCA references substantive state law for only a limited purpose.

**Plaintiff's Requested Jury Charge No. 56**

Objection. The proposed jury charge is duplicative. In addition, as to the United States, the proposed jury charge is a misapplication of the cited state law and also ignores the express language of the FTCA. Plaintiffs' claims against the United States are pursuant to the FTCA, and thus are subject to the express provisions and limitations contained therein. Any charge regarding potential negligence claims against the United States must incorporate the strictures set forth in the FTCA. Federal law must supersede any conflicting state law. The FTCA references substantive state law for only a limited purpose.

**Plaintiff's Requested Jury Charge No. 57**

Objection. The proposed jury charge is duplicative. In addition, as to the United States, the proposed jury charge is a misapplication of the cited state law and also ignores the express language of the FTCA. Plaintiffs' claims against the United States are pursuant to the FTCA, and thus are subject to the express provisions and limitations contained therein. Any charge regarding potential negligence claims against the United States must incorporate the strictures set forth in the FTCA. Federal law must supersede any conflicting state law. The FTCA references substantive state law for only a limited purpose.

**Plaintiff's Requested Jury Charge No. 58**

Objection. The proposed jury charge is duplicative. In addition, as to the United States, the proposed jury charge is a misapplication of the cited state law and also ignores the express language of the FTCA. Plaintiffs' claims against the United States are pursuant to the FTCA, and thus are subject to the express provisions and limitations contained therein. Any charge regarding potential negligence

claims against the United States must incorporate the strictures set forth in the FTCA. Federal law must supersede any conflicting state law. The FTCA references substantive state law for only a limited purpose.

## II.     Gulf Stream Coach, Inc.'s Proposed Jury Charges

### Proposed Sophisticated Purchaser/User Instruction

Objection. The proposed jury charge is a misapplication of the cited law and is inapplicable in this case. There is no predicate for such a charge. Specifically, there is no predicate regarding the sophisticated status of the purchaser, nor is there any indicia that the purchaser had the kind of knowledge or obligations discussed by the cited law. In addition, the Federal Emergency Management Agency ("FEMA") cannot be considered the "user or handler" of this product, and the allegedly injured party was not an employee of FEMA. The jurisprudence regarding the proffered legal principal is inapposite to the facts and allegations in this case.

## III.    Fluor Enterprises, Inc.'s Proposed Jury Charges

### Proposed Instruction: Sophisticated Purchaser/User

Objection. The proposed jury charge is a misapplication of the cited law and is inapplicable in this case. There is no predicate for such a charge. Specifically, there is no predicate regarding the sophisticated status of the purchaser, nor is there any indicia that the purchaser had the kind of knowledge or obligations discussed by the cited law. In addition, the Federal Emergency Management Agency ("FEMA") cannot be considered the "user or handler" of this product, and the allegedly injured party was not an employee of FEMA. The jurisprudence regarding the proffered legal principal is inapposite to the facts and allegations in this case.

### Proposed Instruction: Comparative Fault

Objection. The proposed jury charge is inconsistent with the Court's Order and Reasons [Doc. No. 2034], ruling that it will utilize an advisory jury in deciding the FTCA claims brought against the United States by the bellwether plaintiffs. To the extent the jury is charged with attributing fault to the United States, even for conduct that has already been ruled to be protected by immunity, the jury's advisory verdict as to the United States will be devoid of meaning.

### Proposed Instruction: Prescription Defense

Objection. The proposed jury charge is not applicable to the United States and

should clearly state as such. The FTCA contains its own statutes of limitation which define the scope of the United States' potential exposure to tort claims.

**Proposed Instruction: Damages**

Objection. As to the United States, the proposed jury charge is a misapplication of the cited state law and also ignores the express language of the FTCA. Plaintiffs' claims against the United States are pursuant to the FTCA, and thus are subject to the express provisions and limitations contained therein. Any charge regarding potential negligence claims against the United States must incorporate the strictures set forth in the FTCA. Federal law must supersede any conflicting state law. The FTCA references substantive state law for only a limited purpose.

**Proposed Instruction: Negligence - Actual Damage**

Objection. As to the United States, the proposed jury charge is a misapplication of the cited state law and also ignores the express language of the FTCA. Plaintiffs' claims against the United States are pursuant to the FTCA, and thus are subject to the express provisions and limitations contained therein. Any charge regarding potential negligence claims against the United States must incorporate the strictures set forth in the FTCA. Federal law must supersede any conflicting state law. The FTCA references substantive state law for only a limited purpose.

Dated: July 24, 2009                                Respectfully Submitted,

TONY WEST                                           ADAM BAIN
Assistant Attorney General, Civil Division          HENRY T. MILLER
                                                    Senior Trial Counsel
J. PATRICK GLYNN
Director, Torts Branch, Civil Division              MICHELE GREIF
                                                    JONATHAN WALDRON
DAVID S. FISHBACK                                   Trial Attorneys
Assistant Director
                                                    *//S// Adam M. Dinnell*
JORDAN FRIED                                        ADAM M. DINNELL (TX No. 24055405)
Associate Chief Counsel                             Trial Attorney
                                                    United States Department of Justice
JANICE WILLIAM-JONES                                Civil Division, Torts Branch
Trial Attorney                                      Environmental Torts
FEMA/DHS                                            P.O. Box 340, Ben Franklin Station
Department of Homeland Security                     Washington, DC 20004
Washington, D.C. 20472                              Phone: (202) 616-4211
                                                    E-mail: Adam.Dinnell@usdoj.gov

13

## CERTIFICATE OF SERVICE

    I hereby certify that on July 24 , 2009, the foregoing document was filed via the U.S. District Court's CM/ECF electronic filing system a copy thereof was served upon Liaison Counsel.

                                    *//S// Adam M. Dinnell*
                                    ADAM M. DINNELL (TX No. 24055405)