UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                           MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                  SECTION N-5
                                              JUDGE ENGELHARDT
                                              MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
AGE, et al. v. GULFSTREAM COACH, INC., et al. [Case No. 09-2892]

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

MEMORANDUM IN SUPPORT OF DEFENDANT UNITED STATES
OF AMERICA'S MOTION TO DISMISS THE CLAIMS OF PLAINTIFF
CHRISTOPHER COOPER FOR LACK OF SUBJECT MATTER JURISDICTION

INTRODUCTION

The United States of America ("United States") hereby submits this memorandum in

support of its motion to dismiss the claims of minor plaintiff Christopher Cooper for lack of

subject matter jurisdiction.  Christopher Cooper's claim is barred by the Federal Tort Claim

Act's ("FTCA") two-year statute of limitations, 28 U.S.C. § 2401(b).

On July 10, 2008, Alana Alexander submitted an administrative claim on behalf of

Christopher Cooper.  The claim asserts that Christopher Cooper "suffered and continues to suffer

from eye, nose and/or throat irritation, nose bleeds, headaches, nausea, asthma like symptoms

and respiratory problems, shortness of breath, emotional distress, fear of illness, including

cancer, and or [sic] increased risk of cancer."  U.S. Exh. 1 at 3 (Christopher Cooper

Administrative Claim, Rider).  This Court lacks jurisdiction over Christopher Cooper's tort claim

because the claim is barred by the FTCA's two-year statute of limitations.  The FTCA's statute

of limitations specifically provides that "a tort claim against the United States shall be forever

barred unless it is presented in writing to the appropriate Federal agency within two years after

such claim accrues." 28 U.S.C. § 2401(b). Because Plaintiffs were aware prior to July 10, 2006 (the date two years before a claim was filed on behalf of Christopher Cooper), that Christopher Cooper was experiencing symptoms that Plaintiffs allege were related to the travel trailer, his claim is barred.[1/]

## STATEMENT OF MATERIAL FACTS

1.      On July 10, 2008, Alana Alexander submitted an administrative claim on behalf of Christopher Cooper. The claim asserts that Christopher Cooper "suffered and continues to suffer from eye, nose and/or throat irritation, nose bleeds, headaches, nausea, asthma like symptoms and respiratory problems, shortness of breath, emotional distress, fear of illness, including cancer, and or [sic] increased risk of cancer." U.S. Exh. 1 at 3.

2.      Christopher Cooper claims that he began suffering injuries from formaldehyde exposure in May 2006. U.S. Exh. 2 at 4 (Plaintiff Fact Sheet, Christopher Cooper). Christopher Cooper claims irritation, burning, and tearing of his eyes; irritation and burning of nasal membranes; eczema; headaches; difficulty breathing; wheezing; shortness of breath; and new allergies and worsening allergies. U.S. Exh. 2 at 3-4. Christopher Cooper also claims a "respiratory condition," specifically asthma, and that his "asthma got worse" as a result of his living in the travel trailer. U.S. Exh. 2 at 4.

3.      Christopher Cooper and his mother, Alana Alexander, moved into their travel trailer in May 2006, (U.S. Exh. 2 at 9), and noticed a "chemical smell" and physical symptoms from their first days in the trailer. U.S. Exh. 4 at 167:13-168:2, 313:18-314:4, 317:24-318:18

---

[1/] For purposes of this motion, we refer to Plaintiffs' alleged injuries from exposure to formaldehyde but do not concede that such injuries occurred or were related to formaldehyde exposure.

(Alana Alexander Deposition Excerpts);  U.S. Exh. 5 at 32:6-32:25 (Christopher Cooper

Deposition Excerpts).  They knew the irritating smell was coming from the trailer.  U.S. Exh. 4

at 317:24-318:18.  In fact, for the time that they were in the trailer, the physical symptoms that

everyone suffered were worse during the first two months in the trailer.  U.S. Exh. 4 at 181:19-

182:17, 391:19-392:20.  Christopher Cooper's condition deteriorated over the first two months to

the extent that he had to increase the use of his inhaler.  U.S. Exh. 4 at 181:19-183:12, 391:19-

392:20.

      4.      Christopher Cooper's mother, Alana Alexander, who lived in the trailer with him,

submitted her administrative claim on February 15, 2008, almost five months before Christopher

Cooper submitted his claim.  U.S. Exh. 6 (Alana Alexander, Administrative Claim).

## STANDARD OF REVIEW

**The FTCA's Statute Of Limitations Is Jurisdictional; Consequently, Courts Must
Strictly Construe The Statute, Any Claim Falling Outside The Statute Must Be
Dismissed For Lack Of Subject Matter Jurisdiction, And The Plaintiff Bears The
Burden Of Proof That His Claim Was Timely.**

"Absent a waiver, sovereign immunity shields the Federal Government . . . from suit."

*FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  The FTCA, comprising in pertinent part 28 U.S.C. §§

1346, 2401, and 2671-2680, "was designed primarily to remove the sovereign immunity of the

United States from suits in tort and  . . . to render the Government liable in tort as a private

individual would be under like circumstances."  *Richards v. United States*, 369 U.S. 1, 6, (1962).

The United States' waiver of sovereign immunity, however, is conditioned on limitations and

exceptions, including certain time restrictions on filing complaints against the Government.  *See*

*United States v. Kubrick*, 444 U.S. 111, 117-18 (1979) (stating that "the [FTCA] waives the

immunity of the United States and that in construing the statute of limitations, which is a

condition of that waiver, we should not take it upon ourselves to extend the waiver beyond that which Congress intended.").

Tort suits against the United States must be brought in strict compliance with the FTCA's limitations provisions. *See Reynolds v. United States*, 748 F.2d 291, 292-93 (5th Cir. 1984). *See also Childers v. United States*, 442 F.2d 1299, 1303 (5th Cir. 1971) (stating that suits under the FTCA must be brought in exact compliance with the terms of the Government's consent to waive sovereign immunity). Although statutes of limitation are normally affirmative defenses, the FTCA's time limitations have been widely categorized as jurisdictional, meaning that a plaintiff's failure to comply deprives a federal court of subject matter jurisdiction over his claims. *See Houston v. U.S. Postal Serv.*, 823 F.2d 896, 902 (5th Cir. 1987). *See also Ramming v. United States*, 281 F.3d 158, 165 (5th Cir. 2001) (an FTCA case stating that "[l]imitations periods in statutes waiving sovereign immunity are jurisdictional"); *Marley v. United States*, 567 F.3d 1030, 1035-36 (9th Cir. 2009) (holding that the FTCA's statute of limitations is jurisdictional).[2]

Because application of the FTCA's statute of limitations is jurisdictional, the Court should resolve the issue pursuant to Fed. R. Civ. P. 12(b)(1). The Court can consider the factual materials that the United States has submitted in support of this motion, including the deposition testimony of Alana Alexander and Christopher Cooper, without converting the motion into a

_____

[2] The Fifth Circuit had noted in *Perez v. United States,* 167 F.3d 913, 915-16 (5th Cir. 1999), that the jurisdictional nature of 28 U.S.C. § 2401(b) was an open question due to the possible application of equitable tolling to the FTCA's statute of limitations. Since *Perez*, however, the Supreme Court's decision in *John R. Sand & Gravel Co. v. United States*, 128 S.Ct. 750, 753 (2008) – holding that a similar limitations provision in the Tucker Act (28 U.S.C. § 2501) was jurisdictional – likely conclusively answers the question regarding the jurisdictional nature of the FTCA's limitations provision. *See Marley v. United States*, 567 F.3d 1030, 1034-37 (9th Cir. 2009).

-4-

motion for summary judgment.  *See Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947) (stating that on

a motion to dismiss for lack of jurisdiction, a court "may inquire by affidavits or otherwise, into

the facts as they exist"); *Menchaca v. Chrysler Credit Corp*., 613 F.2d 507, 511 (5th Cir. 1980)

(stating that with a factual challenge to the court's subject matter jurisdiction pursuant to Fed. R.

Civ. P. 12(b)(1), the court may look outside the pleadings without converting the motion into one

for summary judgment).  Moreover, as jurisdictional issues, whether they involve questions of

law or fact, are for the court to decide, the standard for a factual motion to dismiss for lack of

subject matter jurisdiction is different than the standard for a summary judgment motion under

Rule 56 or the standard for a motion to dismiss under Rule 12(b)(6).

> [T]he trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P.
> 56.  Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction –
> its very power to hear the case – there is substantial authority that the trial court is
> free to weigh the evidence and satisfy itself as to the existence of its power to hear
> the case.  In short, no presumptive truthfulness attaches to plaintiff's allegations,
> and the existence of disputed material facts will not preclude the trial court from
> evaluating for itself the merits of jurisdictional claims.

*Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981) (quoting *Mortensen v. First Federal

Savings & Loan Ass'n.*, 549 F.2d 884, 891 (3d Cir. 1977)).[3]

Jurisdiction is a threshold issue and the separation of powers doctrine requires a federal

court determine whether it has jurisdiction before reaching the merits of a case.  *See Steel Co. v.

Citizens for a Better Env't.*, 523 U.S. 83, 94-95 (1998)("[t]he requirement that jurisdiction be

---

[3]   In some circumstances, courts have converted motions to dismiss pursuant to Fed. R. Civ. P.
12(b)(1) into motions for summary judgment under Fed. R. Civ. P. 56 when resolution of the
jurisdictional question is intertwined with the merits of the case and materials outside of the pleadings
have been submitted.  *See United States ex rel. Reagan v. E. Tex. Med. Ctr. Reg'l Healthcare Sys.*, 384
F.3d 168, 173 (5th Cir. 2004).  However, here, the resolution of the jurisdictional question – whether
Christopher Cooper's claim is barred by the FTCA's statute of limitations based on his suffering injuries
and Plaintiffs' knowledge regarding the injuries  – is not intertwined with the substantive determination of
the United States' negligence.

established as a threshold matter 'spring[s] from the nature and limits of judicial power of the United States' and is 'inflexible and without exception'") (quoting *Mansfield, C. & L. M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)).  Thus, the Court should resolve jurisdictional issues of fact on the motion to dismiss, rather than apply a summary judgment standard and reserve ruling until after trial.  The Supreme Court has explained that "'[w]ithout jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" 523 U.S. at 94 (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).

Additionally, because Christopher Cooper is invoking this court's jurisdiction, he must establish compliance with the FTCA's statute of limitations; mere "conclusory statements" regarding jurisdiction do not suffice.  *See Gaar v. Quirk*, 86 F.3d 451, 453 (5th Cir. 1996).  In the context of the FTCA's statute of limitations, the Fifth Circuit has specifically stated that "[t]he burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction."  *Ramming*, 281 F.3d at 161.

## ARGUMENT

I.    **Christopher Cooper's Claim Accrued At The Time Of His Injury, Shortly After He Moved Into The Travel Trailer; Consequently, His Administrative Claim Filed Over Two Years Later Is Untimely.**

The FTCA bars a tort action against the federal government unless the claim is first presented to the appropriate federal agency "within two years after such claim accrues." *Kubrick*, 444 U.S. at 113 (citing 28 U.S.C. § 2401(b)).  The statute, however, does not define when a claim "accrues."  *Johnston v. United States*, 85 F.3d 217, 219 (5th Cir. 1996).  The general rule under the FTCA is that a tort action accrues at the time of a plaintiff's injury.

*Kubrick*, 444 U.S. at 120.

The fact sheets for both Christopher Cooper and Alana Alexander state that their injuries first occurred in ***May 2006***.  U.S. Exh. 2 at 4; U.S. Exh. 3 at 4 (Plaintiff Fact Sheet, Alana Alexander).  The fact sheet for Christopher Cooper states that he suffered irritation, burning, and tearing of his eyes; irritation and burning of nasal membranes; eczema; headaches; difficulty breathing; wheezing; shortness of breath; and new allergies and worsening allergies.  U.S. Exh. 2 at 3-4.  The fact sheet for Christopher Cooper also states that he had a "respiratory condition; asthma," and that his "asthma got worse" as a result of his living in the travel trailer.  U.S. Exh. 2 at 4.  Christopher Cooper's fact sheet specifically states that the injury first occurred in May 2006.  U.S. Exh. 2 at 4.  The fact sheet for Alana Alexander states that she developed numerous symptoms, including burning eyes, irritation of the nasal membranes, and "respiratory problems" as a result of living in the travel trailer, and that her injuries likewise first occurred in May 2006.  U.S. Exh. 3 at 4.  The plaintiffs moved into their travel trailer in May 2006, (U.S. Exh. 2 at 9), and, at deposition, Alana Alexander testified that on the first day she was in the trailer she noticed a "chemical smell," a "tingle in the back of the throat," "a little burning sensation in the nose," and "sneezing."  U.S. Exh. 4 at 167:13-167:24.  Christopher Cooper told his mother that he was experiencing similar symptoms.  U.S. Exh. 4 at 167:13-168:2.  Alana Alexander testified:

> Q.    Now, you said these odors and smells in the unit were there from the first moment you walked into the unit?
>
> A.    Yes.
>
> Q.    And those odors and smells irritated you at the first moment you walked into the unit?
>
> A.    Yes.

> Q.    And to your knowledge they irritated Chris the first moment he walked into the unit?
>
> A.    Yes.

U.S. Exh. 4 at 313:18-314:4.  Later, Alana Alexander testified that she knew the irritation was coming from the trailer:

> Q.    When you first noticed that smell when you went into the trailer, you said you knew it was irritating you, right?
>
> A.    Yes.
>
> Q.    And you knew it was irritating Chris?
>
> A.    Yes.
>
> Q.    Or he told you it was irritating him?
>
> A.    Yes.
>
> Q.    Did you know that the smell was coming from the trailer?
>
> A.    Yes.  Because we were in the trailer and we smelled it when we walked in the trailer.
>
> Q.    So you figured out that that smell that you were smelling, the irritating smell, was coming from the trailer that you were in?
>
> A.    Yes.

U.S. Exh. 4 at 317:24-318:18.

Christopher Cooper also testified that he began experiencing symptoms of a runny nose and watery eyes in about May 2006, when he came back to New Orleans and moved into the travel trailer.  U.S. Exh. 5 at 32:6-32:25.  Alana Alexander testified that from the very beginning, visitors to the trailer would express concerns or complaints about the way the trailer smelled and experience burning and itching in their eyes.  U.S. Exh. 4 at 168:21-169:18.  In fact, the

symptoms that everyone suffered were worse during the first two months in the trailer.  U.S. Exh. 4 at 181:19-82:17.  According to Alana Alexander, Christopher Cooper's condition deteriorated over the first two months to the extent that he had to increase the use of his inhaler. U.S. Exh. 4 at 181:19-183:3.

Clearly, from the documents submitted and Plaintiffs' testimony, if Christopher Cooper was injured from formaldehyde in the travel trailer, it was during the first few weeks of living there; however, Christopher Cooper did not file his administrative claim for more than two years, on July 10, 2008.  Significantly, Christopher Cooper's mother, Alana Alexander, who moved into the trailer at the same time and experienced similar symptoms, filed a timely administrative claim on February 15, 2008.  U.S. Exh. 6.  Because Christopher Cooper did not file an administrative claim within two years of suffering an injury, this Court lacks subject matter jurisdiction over his action.

**II.    The Two-Year Statute Of Limitations Began To Run Prior to July 2006, Even If Plaintiffs Did Not Know The Full Extent Of Christopher Cooper's Injury Or Its Precise Cause Prior To That Time.**

In this context, the accrual of the statute of limitations does not await the discovery of the full extent of Christopher Cooper's injuries or knowledge that the injuries were caused by the chemical formaldehyde in the trailer.  Initially, neither the United States Supreme Court nor the Fifth Circuit has ever specifically held that a "discovery rule" of accrual applies to the FTCA outside the context of medical malpractice cases.  The issue in the seminal FTCA statute of limitations case, *United States v. Kubrick,* was whether a claim in a medical malpractice case could accrue even if the plaintiff was unaware that his injury was the result of government negligence.  444 U.S. at 118-19.  Recognizing the "general rule" of accrual for FTCA actions

that "a tort claim accrues at the time of the plaintiff's injury," *id.* at 120, the *Kubrick* Court held

that a claim will accrue even if the plaintiff does not know, or have reason to know, that the

injury was negligently inflicted. *See id.* at 118-25. With respect to any discovery rule, the Court

"simply observed (without endorsement) that several Courts of Appeals had substituted [an]

injury-discovery [rule] for the traditional rule [of accrual] in medical malpractice actions under

the [FTCA]." *See TRW, Inc. v. Andrews*, 534 U.S. 19, 37 n.2 (2001) (Scalia, J., concurring).[4]

Nevertheless, in *Johnson v. United States*, 460 F.3d 616 (5th Cir. 2006), the Fifth Circuit

stated:

> For FTCA medical malpractice cases . . . *Kubrick* adopted a "discovery rule" for
> claim accrual, under which the time starts to run when the plaintiff has the
> information necessary to discover "both his injury and its cause." [444 U.S. at
> 120]. This is because, where "the injury or its cause may not be manifested to the
> plaintiff until many years after the event," the tort action should not accrue, for
> statute of limitations purposes, "until the plaintiff is put on notice of the wrong."

*Id.* at 621 (quoting *Waits v. United States*, 611 F.2d 550, 552 (5th Cir. 1980)). *See also Harrison*

*v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983) (applying discovery rule to FTCA medical

malpractice case).[5] Even applying this discovery rule to Christopher Cooper's claim, the claim

---

[4] Thus, the *Kubrick* Court did not even hold that the discovery rule applies to the FTCA in
medical malpractice actions. Because the plaintiff's claim was barred if any discovery rule did not
include knowledge that the injury was negligently inflicted, the Court, in ruling for the government, did
not need to reach the threshold issue of whether a discovery rule could apply. *See* Lester S. Jayson &
Robert C. Longstreth, Handling Federal Tort Claims § 14.03[2], at 14-30 (2001).

[5] Outside the context of the FTCA, the Fifth Circuit has applied the discovery rule of accrual to
latent disease claims. *See Albertson v. T.J. Stevenson & Co., Inc.*, 749 F.2d 223, 229 (5th Cir. 1984)
(applying the discovery rule to a latent disease claim under the Jones Act); *DuBose v. Kansas City S. Ry.*,
729 F.2d 1026, 1028 (5th Cir. 1984) (applying discovery rule to a latent disease case under the Federal
Employers Liability Act). However, the Fifth Circuit has expressed reservation that the discovery rule
can be similarly expanded for the FTCA's limitations period. *See Hoskins v. United States*, No. 01-
30428, 2001 WL 1692434, at *1 (5th Cir. Nov. 21, 2001). Recent Supreme Court decisions show that
courts must consider, in the first instance, whether Congress intended to apply a general discovery rule of
accrual to a federal limitations provision before applying a general discovery rule to the statute. For

(continued...)

-10-

accrued well before July 2006.  The plaintiffs were aware of Christopher Cooper's symptoms

and that there was a relationship between those symptoms and the travel trailer.  Thus, the

Plaintiffs had the information necessary to determine the critical facts of injury and cause within

two years and file an administrative claim.  Significantly, here, when a plaintiff is a minor, like

Christopher Cooper, his parent's knowledge of his injuries is imputed to him.  *See MacMillan v.*

*United States*, 46 F.3d 377, 381 (5th Cir. 1995).

      Even under a discovery rule of accrual, the plaintiff need not know the full extent of the

injuries for the claim to accrue.  In *Albertson v. T.J. Stevenson & Co., Inc.*, 749 F.2d 223, 229

(5th Cir. 1984), the Fifth Circuit, applying the discovery rule to a Jones Act claim, held that the

---

[5]/(...continued)
example, in *TRW, Inc. v. Andrews,* 534 U.S. 19 (2001), the Court found that the text and structure of the Fair Credit Reporting Act evinced "Congress' intent to preclude judicial implication of a discovery rule." *Id.* at 28.  The language and legislative history of the FTCA show that Congress did not intend, at the time it passed the FTCA, for a general discovery rule of accrual to apply to a case such as this.  The FTCA itself is silent on the meaning of the word "accrue."  At the time that Congress enacted the FTCA in 1946, the common law did not recognize a general discovery rule of accrual at all.  The first Restatement of Torts (1939), stated that in the absence of fraud or concealment, "the statutory period runs from the time the tort was committed although the injured person had no knowledge or reason to know of it."  *Id.* § 899 cmt. e.  By the time the second Restatement of Torts was enacted, more than fifteen years after passage of the FTCA, the Restatement merely recognized that some courts had used a "discovery rule" exception for medical and other professional malpractice cases.  Restatement (Second) of Torts § 899 cmt. e (1965).  Additionally, in 1949, Congress extended the FTCA's limitations period from one year to two years.  *See Kubrick*, 444 U.S. at 119 n.6.  A House Report for the Amendment reveals that one of the reasons for the extension was to cover situations in which a plaintiff could not discover the injury within one year, as the

> 1-year existing period is unfair to some claimants who suffered injuries which ***did not fully develop until after the expiration of the period for making a claim***.  Moreover, the wide area of operations of Federal agencies, particularly the armed-service agencies, would increase the possibility that ***notice of the wrongful death of a deceased*** to his next of kin would be so long delayed in going through channels of communication that the notice would arrive at a time when the running of the statute had already barred the institution of a claim or suit.

*Id.* (citing H. Rep. No. 276, 81st Cong., 1st Sess., 3-4) (emphasis added).  Had a general discovery rule been included in the statute it would have been unnecessary to extend the period for these reasons.

statute of limitations accrues when any injury is discernable.  "If the plaintiff later discovers that his injuries are more serious than originally thought, his cause of action nevertheless accrues on the earlier date, the date he realized that he had sustained harm." *Id.*  Consequently, the court held that a plaintiff's claim accrued when he first experienced symptoms, including headaches and nausea, related to a toxic exposure, not when more severe injuries to his brain, liver and skin developed.  *Id.* at 229-33.  Likewise in *Beech v. United States*, 345 F.2d 872, 874 (5th Cir. 1965), the Fifth Circuit held that an FTCA claim accrued at the time immediate though lesser effects of a tort were manifest, even though the plaintiff did not realize the seriousness of her injuries until a much later time.  The court stated that the two-year statute of limitations begins to run when "some damage is discernable," even though the "ultimate damage is unknown or unpredictable."  *Id.  See also Industrial Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 967 (10th Cir. 1994) (stating "[a] plaintiff need not know the full extent of his injuries before the [FTCA] statute of limitations begins to run").

Here, Christopher Cooper stated in his fact sheet that his injuries began in May 2006. U.S. Exh. 2 at 4.  Both he and his mother testified that the symptoms appeared in the first several weeks of their occupancy of the trailer.  U.S. Exh. 4 at 167:13-168:2, 313:18-314:4, 317:24-318:18; U.S. Exh. 5 at 32:6-32:25.  Thus, Christopher Cooper was required to file a claim within two years; and, because he failed to do so, the Court lacks jurisdiction over the claim.

Finally, even under a discovery rule, a plaintiff need not know the actor or the precise agent causing the injury for the claim to accrue.  "Discovery of the cause of one's injury, however, does not mean knowing who is responsible for it.  The 'cause' is known when the immediate physical cause is discovered."  *Dyniewicz v. United States*, 742 F.2d 484, 486 (9th

-12-

Cir. 1984).  The crux of the FTCA's accrual rule is that once there is sufficient information that would lead a reasonable person to inquire further into the facts to ascertain whether there is a cause of action, then person then has two years to determine whether to file an administrative claim.  At that point, the putative plaintiff need only ask competent lawyers and experts whether he has a cause of action against the government, given the known facts.  For example, in *MacMillan v. United States*, *supra*, the Fifth Circuit held that a plaintiff need not know of the precise causal connection between injuries and the delivery of a child to proceed on a malpractice claim.  46 F. 3d at 381.  The Court found that a report, noting that plaintiff had likely suffered "anoxia at birth" and resulting neurological damage, provided "facts sufficient to compel a reasonable person to seek professional advice regarding [plaintiff's] neurological difficulties and the connection, if any, to the problems associated with her birth."  *Id.*  Though the plaintiff did not know the precise cause of the injury, she knew about a potential cause and that was sufficient to start the statute of limitations.  *Johnson*, 460 F.2d at 622 (analyzing *MacMillan* and holding that knowing about a potential cause or facts that would lead a reasonable person to inquire into causation was sufficient to begin the FTCA's statute of limitations).

Here, plaintiffs knew during the first weeks that they were in the trailer that there was a connection between the trailer and the symptoms that they were experiencing.  *See* U.S. Exh. 4 at 167:13-168:2, 313:18-314:4, 317:24-318:18.  These facts were sufficient for plaintiffs to begin an inquiry and file administrative claims with the government within two years.  Indeed, during that two year period thousands of trailer occupants filed administrative claims with FEMA related to alleged formaldehyde exposure, including Alana Alexander.  Christopher Cooper's

-13-

failure to file a claim within the two year period divests this Court of subject matter jurisdiction over his claim against the United States.

To allow a plaintiff to postpone accrual until he is passively informed of the facts necessary to establish a cause of action would be contrary to the purpose of the FTCA's two-year statute of limitations which "is to require the reasonably diligent presentation of tort claims against the government." *Kubrick*, 444 U.S. at 123. Like other statutes of limitations, the FTCA's provision is designed to "protect defendants and the courts from having to deal with cases in which the search for the truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents, or otherwise." *Id.* at 117.

Courts must not construe the statute of limitations in a way which will defeat these purposes, and should regard the statute of limitations "as a 'meritorious defense, in itself serving a public interest.'" *Id.* (quoting *Guaranty Trust Co. v. United States*, 304 U.S. 126, 136 (1938)). Indeed, because the FTCA statute of limitations is a jurisdictional waiver of sovereign immunity, courts must strictly construe the provision and should not extend it beyond the limited waiver which Congress intended. *Kubrick*, 444 U.S. at 117-18. As the Supreme Court has stated, "[I]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980).

## CONCLUSION

For all of the foregoing reasons, the Court should dismiss the claims of Christopher Cooper for lack of subject matter jurisdiction.

Dated:  July 27, 2009

Respectfully Submitted,

TONY WEST
Assistant Attorney General, Civil Division

HENRY T. MILLER
Senior Trial Counsel

J. PATRICK GLYNN
Director, Torts Branch, Civil Division

ADAM DINNELL
MICHELLE BOYLE
JONATHAN WALDRON
Trial Attorneys

DAVID S. FISHBACK
Assistant Director

*//S// Adam Bain*
ADAM BAIN (IN Bar No. 11134-49)
Senior Trial Counsel
United States Department of Justice
Civil Division – Torts Branch
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20004
       Telephone No:  (202) 616-4209
E-mail: adam.bain@usdoj.gov

OF COUNSEL:
JORDAN FRIED
Associate Chief Counsel

JANICE WILLIAM-JONES
Trial Attorney
FEMA/DHS
Department of Homeland Security
Washington, D.C. 20472

Attorneys for the United States of America