UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | MDL NO. 07-1873 |
| | SECTION N(5) |
| | JUDGE ENGELHARDT |
| THIS DOCUMENT IS RELATED TO: | MAGISTRATE CHASEZ |

No. 09-3562 (E.D. La.), *Adams, et al. v. Cavalier Home Builders, LLC, et al.;*
No. 09-3561 (E.D. La.), *Michael Boudreaux, et al. v. Champion Home Builders, et al.;*
No. 09-3589 (E.D. La.), *Thomas Ahl, et al. v. Frontier RV, Inc., et al.;*
No. 09-3588 (E.D. La.), *Ashley Marie Bailey, et al. v. Forest River, Inc., et al.;*
No. 09-3590 (E.D. La.), *Jessica Bastoe, et al. v. Dutchmen Manufacturing, Inc., et al.;*
No. 09-3587 (E.D. La.), *Michael Joseph Battaglia, et al. v. Destiny Industries, LLC, et al.;*
No. 09-3591 (E.D. La.), *William G. Penny, et al. v. Fairmont Homes, Inc., et al.;*
No. 09-3592 (E.D. La.), *Belinda Salande, et al. v. CMH Manufacturing, Inc., et al.;*
No. 09-3730 (E.D. La.), *Jacklyn Aguilar, et al. v. Layton Homes, Corp., et al.;*
No. 09-3738 (E.D. La.), *Robert Manual Aguilera v. KZRV, LP., et al.;*
No. 09-3731 (E.D. La.), *Helen Albarado, et al. v. Keystone RV Company, et al.;*
No. 09-3742 (E.D. La.), *Anthony J. Barcia, et al. v. Thor California, Inc., et al.;*
No. 09-3729 (E.D. La.), *Shelia Borne, et al. v. DS Corp., et al.;*
No. 09-3734 (E.D. La.), *Stacy L. Braquet, et al. v. Lakeside Park Homes, Inc., et al.;*
No. 09-3736 (E.D. La.), *Betty A. Brignac, et al. v. Hy-Line Enterprises, Inc., et al.;*
No. 09-3720 (E.D. La.), *Jose Alvarez, et al. v. TL Industries, Inc., et al.;*
No. 09-3728 (E.D. La.), *Charles E. Arbour, et al. v. Vanguard Industries of Michigan, Inc., et al.;*
No. 09-3719 (E.D. La.), *Alvin Bergeron, et al. v. Jayco Enterprises, Inc., et al.;*
No. 09-3739 (E.D. La.), *Priscilla Lucille Cook, et al. v. Skyline Corp., et al.;*
No. 09-3717 (E.D. La.), *Abdul Q. Kahn, et al. v. Superior Homes, LLC, et al.;*
No. 09-3741 (E.D. La.), *William G. Penny, et al. v. Waverlee Homes, Inc., et al.;*
No. 09-3735 (E.D. La.), *Clarika Lashea Winding, et al. v. Liberty Homes, Inc., et al.;*
No. 09-3733 (E.D. La.), *Charles E. Arbour, et al. v. Recreation by Design, LLC., et al.;*
No. 09-3726 (E.D. La.), *Aimee Lee Barrilleaux, et al. v. Coachmen Industries, Inc., et al.;*
No. 09-3629 (E.D. La.), *Calvin J. Buras, et al. v. Mitchell County Industries, Inc., et al.;*
No. 09-3732 (E.D. La.), *Raymond L. Deogracias, et al. v. Starcraft RV, Inc., et al.;*
No. 09-3737 (E.D. La.), *Bonnie Jochum Gaudet, et al. v. Lexington Homes, et al.;*

No. 09-3746 (E.D. La.), *Rayfield Shallowhorne, et al. v. Lakeside Park Homes, Inc., et al.;*
No. 09-3829 (E.D. La.), *Helen Albarado, et al. v. Morgan Buildings and Spas, Inc., et al.;*
No. 09-3824 (E.D. La.), *Somaya Bader, et al. v. Gulf Stream Coach, Inc., et al.;*
No. 09-3826 (E.D. La.), *Michael D. Boudreaux, et al. v. Dutch Housing, Inc., et al.;*
No. 09-3827 (E.D. La.), *Kristy Lynn Braud, et al. v. Stewart Park Homes, Inc., et al.;*
No. 09-3851 (E.D. La.), *Curtis Coleman, Sr., et al. v. American Int'l Specialty Lines Insurance Co., et al.;*
No. 09-3727 (E.D. La.), *Collette Adams, et al. v. Heartland Recreational Vehicles, LLC, et al.;*
No. 09-3828 (E.D. La.), *Michael Sean Ermon, et al. v. American Homestar Corp., et al.;*
No. 09-3949 (E.D. La.), *Linda S. Barcelona, et al. v. R-Vision, Inc., et al.;*
No. 09-3868 (E.D. La.), *Gregory Brown v. Crum & Forster Specialty Insurance Co., et al.;*
No. 09-3975 (E.D. La.), *Muriel L. Cavat, et al. v. Northwood Manufacturing, Inc, et al.;*
No. 09-2933 (E.D. La.), *Allen Trosclair, et al. v. Gulf Stream Coach, Inc., et al.;* and
No. 08-4095 (E.D. La.), *Huckabee, et al. v. Fleetwood Enterprises, Inc., et al.*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## CH2M HILL CONSTRUCTORS, INC.'S
## PRESERVATION OF DEFENSES UNDER RULE 12(b)

**NOW INTO COURT,** through undersigned counsel, comes defendant CH2M HILL Constructors, Inc. ("CH2M HILL"), which, pursuant to Pretrial Order 36 (Rec. Doc. 1386) and with a full reservation of rights, submits for preservation the following list of defenses and motions under Rule 12(b) of the Federal Rules of Civil Procedure in the captioned Member lawsuits, each originally filed in the U.S. District Court for the Eastern District of Louisiana, and each currently pending in the captioned MDL proceeding.  CH2M HILL reserves the right to amend or supplement this list of Rule 12(b) defenses and to file any other preliminary pleadings, dispositive motions or affirmative defenses in the referenced underlying lawsuit, the captioned MDL proceeding, or in any other case in which it is now or subsequently named as a defendant and properly served.

1.     Rule 12(b)(1):  Plaintiffs lack Article III standing.  The Court has made clear that the claim of any plaintiff who is asserting a claim against an IA/TAC contractor defendant, but

who is not yet matched to a specific IA/TAC contractor defendant will be dismissed. *See* Court's Order and Reasons (June 15, 2009) [Rec. Doc. 1762]; *see also* Court's Order and Reasons (Aug. 1, 2008) [Rec. Doc. 599]; Order (Aug. 1, 2008) [Rec. Doc. 604]; Order and Reasons (Nov. 6, 2008) [Rec. Doc. 842].

2. Rule 12(b)(3): Improper venue as to any plaintiff who resides outside of the Eastern District of Louisiana.

3. Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted against CH2M HILL.

4. Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted because the claims against CH2M HILL are barred by the applicable prescriptive and peremptive periods, statute of limitations, and/or laches.

5. Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted because on the face of the pleadings it is clear that plaintiffs knew or should have known of their cause of action more than a year before the referenced action was filed, rendering all claims prescribed under Louisiana law. Plaintiffs are not entitled to claim any tolling of the applicable prescriptive period as against defendant CH2M HILL during the pendency of the putative class action.

6. Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted against CH2M HILL under the Louisiana Products Liability Act ("LPLA").

7. Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted against CH2M HILL under the LPLA inasmuch as plaintiffs have not and cannot allege any set of facts that would establish that CH2M HILL is a "manufacturer" within the meaning of the LPLA.

8. Rule 12(b)(6): Plaintiffs fail to state a claim for negligence under Louisiana law.

9. Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted because CH2M HILL owed no actionable duty to any of the plaintiffs.

10. Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted inasmuch as plaintiffs have not specifically claimed any current injury, but rather have generally claimed unspecified current and future alleged injuries.

11. Rule 12(b)(6): Plaintiffs fail to state a claim for recovery of attorneys' fees because (a) attorneys' fees are not recoverable against CH2M HILL under Louisiana law and (b) plaintiffs have not alleged any other viable theory of liability through which they can recover attorneys' fees against CH2M HILL.

12. Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon CH2M HILL and the other named defendants inasmuch as Louisiana law does not provide for solidary liability on the facts alleged.

13. Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiffs later seek to recover punitive damages under federal or Louisiana law inasmuch such damages are precluded.

14. Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property or economic damages under Louisiana law inasmuch as such claims are precluded.  (*See also* Rec. Doc. 984.)

15. Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiffs later seek damages for medical monitoring under Louisiana law inasmuch as plaintiffs have not alleged a present and manifest injury.

16.     Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted to the extent it is determined that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

17.     Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted on grounds that CH2M HILL is a government contractor that performed its work according to and in compliance with specifications approved and mandated by the U.S. government through the Federal Emergency Management Agency ("FEMA").  As such, plaintiffs' action, claims and demands are preempted and CH2M HILL is immunized from liability by the government contractor defense.

18.     Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted on grounds that CH2M HILL is a contractor that performed its work in accordance with the plans and/or specifications furnished to it by FEMA.  As such, CH2M HILL is shielded from liability by La. R.S. 9:2771 and the *Spearin* doctrine.

19.     Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted on grounds that pursuant to *Days v. National Radiator Corp.*, 128 So.2d 660 (La. 1961), CH2M HILL's duties and obligations are limited to what is defined in the relevant contract between CH2M HILL and FEMA.

**WHEREFORE,** pursuant to Pretrial Order 36 (Rec. Doc. 1386), defendant CH2M HILL Constructors, Inc. prays that the Rule 12(b) defenses listed above be preserved until the referenced underlying lawsuits are scheduled for trial at a later date.  CH2M HILL reserves the right to brief any Rule 12(b) motion in full and to request oral argument on the merits of its motions.

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.


 /s/  Wade M. Bass
Danny G. Shaw (Bar No. 11977)
Gerardo R. Barrios (Bar No. 21223)
Wade M. Bass (Bar No. 29081)
No. 3 Sanctuary Boulevard, Suite 201
Mandeville, LA  70471
Telephone: (985) 819-8400
Facsimile:  (985) 819-8484
dshaw@bakerdonelson.com
gbarrios@bakerdonelson.com
wbass@bakerdonelson.com

**ATTORNEYS FOR
CH2M HILL CONSTRUCTORS, INC.**


## CERTIFICATE OF SERVICE

I hereby certify that on this the 27th day of July, 2009, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel and counsel of record who are CM/ECF participants.


/s/ Wade M. Bass
WADE M. BASS