UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER      * | | MDL NO. 1873 |
|      FORMALDEHYDE      * | | |
|      PRODUCTS LIABILITY      * | | SECTION: N(5) |
|      LITIGATION      * | | |
|            * | | JUDGE: ENGELHARDT |
| This Document Relates to: *Charlie Age, et al. v.*     * | | |
| *Gulf Stream Coach Inc., et al*, Docket No. 09-2892  * | | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO DEPOSE MINORS

**MAY IT PLEASE THE COURT:**

Through undersigned counsel, Defendants, Gulf Stream Coach, Inc. ("Gulf Stream") and Fluor Enterprises, Inc. ("Fluor"), submit this Memorandum in Support of their Motion for Leave.

### I. NATURE OF THE CASE

This Multi-District Litigation is the consolidation of several state and federal toxic tort suits in which an estimated thirty thousand named Plaintiffs claim to have inhabited temporary housing units ("THUs") that were provided to them by the Federal Emergency Management Agency ("FEMA") as a result of the alleged uninhabitability of their residences due to Hurricanes Katrina and Rita. (Rec. Doc. No. 109, at ¶ 96). Plaintiffs claim injuries resulting from their alleged exposure to the release of formaldehyde and/or formaldehyde vapors in those THUs. (Rec. Doc. No. 109, at ¶ 30). Specifically, Plaintiffs have sought recovery for alleged physical and mental pain and suffering, physical impairments and disability, medical expenses, loss of earnings capacity, loss of enjoyment and quality of life, loss of consortium, travel expenses, out-of-pocket expenses, attorneys' fees, and the loss of use and/or opportunity to use safe and adequate shelter allegedly resulting from the purported exposure to formaldehyde. (Rec. Doc. No. 109 at "Compensatory Damages: All States" ¶, p. 74).

During the course of this litigation, the parties have completed the class certification phase, have conducted substantial discovery, and now have moved into the trial phase. On April 6, 2009, the Court ordered that plaintiffs Alana Alexander and her 12-year-old son, Christopher Cooper, would serve as bellwether plaintiffs against Gulf Stream in a trial scheduled for Sept. 14, 2009. (Rec. Doc. No. 1299). Since that time, the question of the Plaintiff and her minor child's damages – both physical and emotional – has become a central issue in this case. Accordingly, Gulf Stream has sought through written discovery and depositions to determine the scope of those damages.

On July 25, 2009, Gulf Stream requested the depositions of several of the plaintiffs' relatives, friends, and teachers, all of whom could speak to the issue of damages. The request included Daron C. Cooper, the minor child's father; Maria Alexander, the Plaintiff's sister; three friends of the Plaintiff, Donna Gibson, Calvin Gibson, and Lynn Gibson; and three former teachers and coaches of the minor child. *See* e-mail correspondence from Andrew Weinstock, Defense Liaison Counsel, to Gerald Meunier, Plaintiff's Liaison Counsel, dated July 25, 2009, attached as Exhibit "A." Counsel for the Plaintiff denied Gulf Stream's request, stating that Magistrate Judge Chasez "made clear there would be no more depos[itions]." *See* e-mail correspondence from Anthony Buzbee, Plaintiff's Liaison Counsel, to Andrew Weinstock, Defense Liaison Counsel, dated July 25, 2009, attached as Exhibit "B." Thus, Gulf Stream filed this Motion seeking leave of this Court to depose these individuals.

## II.  LAW AND ARGUMENT

A party may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party or that appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). "For good cause, the court may order discovery of

any matter relevant to the subject matter involved in the action." *Id*. If discovery could uncover substantial fact issues, a party is entitled to conduct reasonable discovery aimed at ascertaining those issues. *Williamson v. U.S. Dept. of Agriculture*, 815 F.2d 368, 373 (5th Cir. 1987).

In accordance with a party's right to discovery, Federal Rule of Civil Procedure 30 allows a party to depose any person, including a party to the litigation. Fed. R. Civ. P. 30(a)(1). Consequently, a party is entitled to depose any witness who has knowledge of relevant issues. *Flanagan v. Wyndham Int'l*, 231 F.R.D. 98, 102 (D.D.C. 2005); *CBS, Inc. v. Ahern,* 102 F.R.D. 820, 822 (S.D.N.Y.1984). However, a party cannot take more than ten depositions without leave of court. Fed. R. Civ. P. 30(a)(2)(A)(i). This Honorable Court acknowledged Rule 30's limitation when it stated at the Court's status conference of May 8, 2009, that it would not unilaterally allow for more than ten and would only allow additional depositions for good cause shown.

Applying those rules to this case, Gulf Stream respectfully asserts that it has good cause to depose these additional witnesses. As stated above, one of the key issues in this case has been the scope of the Plaintiff and her minor child's damages. Because of the importance of that issue, Gulf Stream must develop facts about Plaintiff Alexander and Plaintiff Cooper's conditions, both before and after Hurricane Katrina. To that end, Gulf Stream seeks to depose the eight individuals identified above because they are best situated to provide information about the plaintiffs' damages. The family members spent time with the Plaintiff and her minor child at various times, and they can offer information about the plaintiffs' alleged illnesses. The Plaintiff's friends were individuals she confided in about her anxiety and fears associated with living in the trailer. The minor child's teachers and coaches can describe his physical condition, ability to engage in physical activity, and emotional wellbeing. In short, all of these individuals

can offer important and relevant testimony about one of the central issues of this case – the type of damages, if any, the Plaintiff and her minor child suffered as a result of living in the EHU.

Additionally, Gulf Stream would point out that the Plaintiff appears to have a double standard for the taking of depositions in this case. After this Honorable Court instructed the parties to limit their witnesses, the Plaintiff still listed eight fact witnesses who were friends or neighbors. Because of the important information these individuals possess, and because of the large number of witnesses identified by the Plaintiff, Gulf Stream was compelled to depose those individuals. The Plaintiff denied Gulf Stream's request to take these depositions. Yet, the Plaintiff had no issue with scheduling the depositions of 16 Gulf Stream employees and former employees, to say nothing of the FEMA, Fluor and expert witness depositions she has noticed. When Gulf Stream requested these depositions, however, the Plaintiff fell back onto Mag. Judge Chasez's ruling. Despite taking several depositions in excess of the original ten, and despite identifying these witnesses to testify at trial, the Plaintiff wants to limit Gulf Stream to the two plaintiffs' depositions and the deposition of their daughter/sister, Erika. Gulf Stream respectfully submits that it should be entitled to the same consideration given to the Plaintiff. Furthermore, because it has shown good cause, Gulf Stream is entitled to depose the individuals identified above. It respectfully asks this Court for leave to do so.

## III.    CONCLUSION

**WHEREFORE,** considering the foregoing, Gulf Stream and Fluor respectfully request that this Honorable Court issue an Order granting them leave to depose these additional individuals.

Respectfully Submitted:

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK #18495**
**JOSEPH G. GLASS #25397**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700
(504) 837-3119 (FAX)
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON**
**Timothy D. Scandurro #18424**
**Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
(504) 529-6199 (FAX)
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

and

s/ Charles R. Penot, Jr.
**MIDDLEBERG, RIDDLE & GIANA**
**Charles R. Penot, Jr. #1530**
717 North Harwood, Suite 2400
Dallas, Texas 75201
(214) 220-6334
(214) 220-6807 (FAX)

cpenot@midrid.com

and

**Dominic J. Gianna #6063**
**MIDDLEBERG, RIDDLE & GIANA**
201 St. Charles Avenue
New Orleans, Louisiana 70170-3100
(504) 525-7200
(504) 581-5983 (FAX)
dgianna@midrid.com
**Counsel for Defendant, Fluor Enterprises, Inc.**

### C E R T I F I C A T E

I hereby certify that on the 27th day of July, 2009, a copy of the foregoing Memorandum in Support of Motion for Leave to Depose Additional Witnesses was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495
andreww@duplass.com