UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                    MDL NO. 07-1873
        FORMALDEHYDE PRODUCTS
        LIABILITY LITIGATION
                                                       SECTION "N"  (5)

THIS DOCUMENT RELATES TO
Member Case No. 07-9228

## ORDER AND REASONS

Before the Court is the Opposed Motion for Leave to File Third Supplemental and

Amending Complaint (Rec. Doc. 2006).  In this motion, Plaintiffs seek leave of Court to file a

third amended complaint wherein certain plaintiffs seek to re-assert certain claims against FEMA

that were unripe and thus improperly asserted at the time of the filing of the previous amended

complaint. Because these claims have since become ripe, these Plaintiffs request leave to simply

re-assert and re-allege the identical, previously-asserted claims and causes of action against

FEMA.  After considering all the memoranda of the parties and the applicable law, this Court

denies leave to amend.

Here, the claims against the Federal Emergency Management Agency ("FEMA") have

been raised under the Federal Tort Claims Act ("FTCA"). While the FTCA contains a waiver of

sovereign immunity, a plaintiff cannot avail himself of that immunity without first exhausting

administrative remedies pursuant to 28 U.S.C. § 2675(a) of the FTCA. The FTCA states that

"[a]n action shall not be instituted" unless a plaintiff has filed an administrative claim and either obtained a written denial or waited six months. *Price v. United States*, 69 F.3d 46, 54 (5th Cir.1995) (emphasis added) (quoting 28 U.S.C. § 2675(a)). In *McNeil v. United States*, 508 U .S. 106, 112, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993), the Supreme Court held that failure to completely exhaust administrative remedies prior to filing an FTCA claim is a jurisdictional defect that cannot be cured by administrative exhaustion after suit is filed.  The *McNeil* Court reached this conclusion even though the plaintiff was a prisoner who was proceeding *pro se* and the dismissal of his complaint left him with no recourse against the United States given that his six month window of opportunity to file a new FTCA claim had already lapsed.  Citing the *McNeil* decision, the Fifth Circuit has concluded that a prematurely-filed FTCA claim "cannot become timely by the passage of time after the complaint is filed," *Price*, 69 F.3d 54  (citing *McNeil*, 508 U.S. at 106), and a court has no authority to equitably expand its jurisdiction beyond the limits established by Congress.  *Ramming v. United States*, 281 F.3d 158, 165 (5th Cir.2001) (citing *Houston v. United States Postal Serv.*, 823 F.2d 896, 902 (5th Cir.1987)).

Here, the Court has no authority to allow this amendment, despite the fact that doing so would short-circuit this process and negate the need to re-file these exact same claims in a new lawsuit - only to later consolidate it with this action.  Although "going through the motions" in this regard seems a waste of time and resources, it is in keeping with the well-established principle that waivers of immunity on behalf of the United States are given a very narrow construction.

Considering the foregoing, **IT IS ORDERED** that Opposed Motion for Leave to File Third Supplemental and Amending Complaint (Rec. Doc. 2006) is **DENIED**.  Plaintiffs shall file

2

an entirely new lawsuit making these now-ripe allegations against FEMA and shall move to consolidate the new lawsuit with the instant one once the Complaint is filed.  Further, to keep the record clear, the parties shall file a motion to dismiss without prejudice the allegations that were asserted prematurely in this action.

New Orleans, Louisiana, this 24th day of July, 2009.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

3