UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER　　　　　　　　　　MDL NO. 07-1873
　　　　FORMALDEHYDE PRODUCTS
　　　　LIABILITY LITIGATION　　　　　　　SECTION N

This document relates to:
*Gloria Roche, et. al. v. Forest River, Inc., et al.,*
No. 09-2953

### PRESERVATION OF DEFENSES UNDER RULE 12(b) BY DEFENDANT FOREST RIVER, INC.

Consistent with the guidelines set forth in Pretrial Order 36 (Record Doc. No. 1386), defendant Forest River, Inc. ("Forest River") submits the following list of defenses and/or motions to be preserved in the following underlying action which is currently pending in the above captioned multidistrict litigation proceeding:

**1. *Gloria Roche, et al. v. Forest River, Inc., et al.*, No. 09-2953 (E.D. La.)**

　　(a) Rule 12(b)(3): Improper Venue;

　　(b) Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that it is established that any claimant knew or should have known of his or her cause of action more than a year before filing suit (accounting for all tolled time during the pendency of the class action), rendering all claims prescribed under Louisiana law;

(c) Rule 12(b)(6): Failure to state a claim upon which relief can be granted inasmuch as no claimant has specifically claimed any current injury, but rather has generally claimed unspecified current and future injury;

(d) Rule 12(b)(6): Failure to state a claim for attorney's fees because (a) attorney's fees are not recoverable under the Louisiana Products Liability Act; and (b) because they have not alleged any other viable theory of liability through which they can recover attorney's fees;

(e) Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs later seek punitive damages under federal or Louisiana state law inasmuch as such claims are precluded;

(f) Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs assert express warranty and/or redhibition/implied warranty claims under Louisiana law, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance;

(g) Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs later seek property damage under Louisiana law, inasmuch as such claims are precluded;

(h) Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the named defendants, inasmuch as Louisiana law precludes such reapportionment of fault;

(I) Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that any of plaintiffs' claims are barred by the exclusivity provisions of the Louisiana

Products Liability Act;

(j) Rule 12(b)(6): Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by the provisions of the Louisiana Products Liability Act to the extent it is established that any named plaintiff did not use a product manufactured by Forest River, Inc.;

(k) Rule 12(b)(6): Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are duplicative to the extent it is established that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit;

(l) Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs later seek damages for medical monitoring under Louisiana law, as plaintiffs have not alleged a present and manifest injury.

WHEREFORE, defendant prays that the objections and defenses described above be preserved if the suit is remanded to this Court at a later date. Defendant requests the right to brief any Rule 12(b) motion in full and requests the right to oral arguments on the merits of any such motion.

Defendant reserves the right to amend or supplement these defenses and to file appropriate preliminary pleadings as well as dispositive and other motions in the above cases and in any other cases in which it has been or will be named and properly served.

Respectfully Submitted,

/s/ Jason D. Bone
Ernest P. Gieger, Jr. (T.A.) (6154)
Jason D. Bone (28315)
Carson W. Strickland (31336)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011

ATTORNEYS FOR FOREST RIVER, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing *Preservation of Defenses Under Rule 12(b)* has been served upon:

Matthew B. Moreland
P.O. Drawer H
Reserve, Louisiana 70084

Gerald E. Meunier, Esq.
Justin I. Woods, Esq.
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
Energy Centre
1100 Poydras Street, Suite 2800
New Orleans, Louisiana 70163
*Plaintiffs' Liaison Counsel*

via e-filing this 28th day of July, 2009.

/s/ Jason D. Bone