UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|     FORMALDEHYDE | * | |
|     PRODUCTS LIABILITY | * | |
|     LITIGATION | * | SECTION: N(5) |
| | * | |
| This Document Relates to: | * | |
| *Aldridge, et al. v. Fleetwood Enterprises, Inc., et al.* | * | |
| | * | JUDGE: ENGELHARDT |
| Case No. 07-9228 | * | |
| | * | |
| | * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**FLEETWOOD ENTERPRISES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S DESIGNATION OF KENNETH R. LAUGHERY, PH.D.**

**May It Please The Court:**

Fleetwood Enterprises, Inc. ("Fleetwood") has moved this Court *in limine* to strike the Plaintiff's designation of Kenneth R. Laughery, Ph.D. as a human factors expert witness in the above-captioned case. Fleetwood now submits this Memorandum in Support of its Motion to Strike Plaintiff's Designation of Kenneth R. Laughery, Ph.D. and respectfully shows this Court as follows.

**Argument and Citation of Authority**

On July 15, 2009 this Court granted Gulf Stream Coach, Inc.'s Motion to Exclude the Testimony of Lila Laux [Rec. Doc. 1753]. Dr. Laux was designated by the Gulf Stream bellwether plaintiffs as a human factors expert in the *Age* case. *See* Rec. Doc. 2181, at p. 1. This Court unequivocally ruled that a jury would not benefit from Dr. Laux's conclusory testimony as

a "human factors" expert.  *Id.* at p. 6.  In fact, this Court went on to rule that:  "To be clear . . . no party will be permitted to introduce a human factors expert; no expert will be allowed to directly instruct the jury how it should dispose of a factual issue in this case."  *Id.*

Despite this Court's abundantly clear ruling, Plaintiff Elisha Dubuclet on behalf of her minor child, Timia Dubuclet ("Plaintiff") nonetheless seeks to introduce the opinions of another human factors expert, Dr. Kenneth Laughery, in this matter.  On July 17, 2009, Plaintiff submitted her designation of several expert witnesses that will purportedly address various issues involved with this case.[1]  Fleetwood now respectfully shows that Kenneth R. Laughery, Ph.D., one of Plaintiff's proposed experts, would speak to the very human factors topics that are inadmissible under this Court's prior ruling.  As a result, Dr. Laughery should be struck from Plaintiff's Designation of Expert Witnesses.

Plaintiff's Designation of Expert Witnesses plainly states that Dr. Laughery's area of testimony is "Science of human factors engineering, ergonomics, human factors methodology, human reliability, and safety and how it applies in this case, warnings, failure to warn, and the adequacy of warnings, lack of warnings, and consequences of failing to adequately warn of formaldehyde and dangers thereof."[2]  *See* Exhibit A, at p. 4.  This proposed area of testimony clearly falls within this Court's ruling excluding all human factors expert testimony.[3]  Therefore,

---

[1] *See* Plaintiff Elisha Dubuclet on Behalf of her Minor Child, Timia Dubuclet's Designation of Expert Witnesses, attached hereto as Exhibit "A" ("Plaintiff's Designation of Expert Witnesses").

[2] Indeed, Dr. Laughery's proposed area of testimony bears a striking resemblance to the Plaintiff's attempted designation of Dr. Laux.  In the *Age* designation, Dr. Laux's area of testimony is described as "Science of human factors engineering and how it applies in this case, warnings, failure to warn, and the consequences of failing to warn of formaldehyde and dangers thereof."  *See* Plaintiffs Alana Alexander's And Christopher Cooper's Designation Of Expert Witnesses, attached hereto as Exhibit B, at p. 6.

[3] *See* page 2 of Dr. Laughery's Expert Report, attached hereto as Exhibit C, in which he proclaims "I am a certified Human Factors Professional."

2

without waiving any other challenges that may otherwise be made to the opinions of Dr. Laughery, Fleetwood moves to strike him from Plaintiff's Designation of Expert Witnesses on the singular ground that his designation is in violation of this Court's Order regarding human factors experts.  *See* Rec. Doc. 2181.

**Conclusion**

For the foregoing reasons, Fleetwood respectfully request that this Honorable Court issue an Order striking Dr. Laughery from Plaintiff's Designation of Expert Witnesses.

This 28th day of July, 2009.

Respectfully submitted:

*/s/ Richard K. Hines, V*
Richard K. Hines, V
GA Bar No. 356300
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)

Jerry L. Saporito
LA Bar No. 11717
LEAKE & ANDERSSON, L.L.P.
1700 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-1701
(504) 585-7500 (phone)
(504) 585- 7775 (fax)

Counsel for Fleetwood Enterprises, Inc.

## **C E R T I F I C A T E OF SERVICE**

      I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )  Hand Delivery            ( )  Prepaid U.S. Mail

( )  Facsimile            ( )  Federal Express

(X)  CM/ECF

      New Orleans, Louisiana, this 28th day of July, 2009.

                                                  /s/ Richard K. Hines, V
                                                  Richard K. Hines, V
                                                  Georgia Bar No. 356300
                                                  richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)