UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Charlie Age, et al v. Gulf Stream Coach* | * | |
| *Inc., et al*, Docket No. 09-2892; | * | |
| Alana Alexander, individually and on behalf of | * | |
| Christopher Cooper | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S RESPONSE TO DEFENDANT GULF STREAM'S MOTION FOR
LEAVE TO DEPOSE ADDITIONAL WITNESSES**

Plaintiff Alana Alexander, individually and on behalf of her son, Christopher Cooper ("Ms. Alexander" or "Plaintiff"), responds to Defendant Gulf Stream Coach, Inc.'s ("Gulf Stream") Motion for Leave to Depose Additional Witnesses and, in support, would show:

**SUMMARY OF RESPONSE**

The Court should deny Gulf Stream's request to take eight new depositions because:

1. The request was made after the discovery deadline has passed and Gulf Stream provides no explanation as to why it waited until after the discovery deadline to request these depositions; and,

2. Gulf Stream has failed to meet its burden of showing that there is good cause to take these depositions at this late date.

**BACKGROUND**

This case will be the first trial of this Multi-District Litigation. On April 8, 2009, the Court issued a scheduling order (Docket Entry No. 1305). In that order, the Court imposed a discovery deadline of July 23, 2009, and set trial to begin September 14, 2009.

On July 25, 2009, after the discovery deadline had passed, Gulf Stream, for the first time, asked Plaintiff's counsel when it could take eight (8) additional depositions.  None of the proposed deponents are under the "control" of any of the parties in this case.

Gulf Stream's request comes after it has fought, with some success, Plaintiff's request to take depositions of current and former Gulf Stream employees and contractors, with knowledge of the issues in this case.

On June 22, 2009, Plaintiff moved to compel Gulf Stream to produce electronic data and also to produce certain witnesses for deposition (Docket Entry No 1821).  Gulf Stream opposed the depositions, stating that Plaintiff had not properly sought leave to take these depositions and citing Rule 30's deposition limits (Docket Entry No. 2002).

On July 1, 2009, the Court heard the motion, and ordered Gulf Stream to produce five (5) witnesses for deposition (Docket Entry No. 2035).

On July 2, 2009, Plaintiff sought leave to take certain current and former Gulf Stream employee depositions (Docket Entry No. 2047).   For each proposed deponent, Plaintiff provided a detailed explanation as to why the deposition was important and relevant, with references to other depositions and documents.

On July 9, 2009, Gulf Stream responded (Docket Entry No. 2107), citing Rule 30's prohibition of more than ten depositions without a showing of good cause, and specifically and repeatedly citing the discovery deadline and the problem with "duplicative" depositions:

- "With trial only two months away, a crucial pre-trial deadline is approaching—the July 23, 2009 discovery deadline." *Id.* at p. 2;

2

- "With the discovery deadline looming, the parties have scarcely enough resources and time to facilitate these unnecessary depositions." *Id*. at p. 3;

- "With the short amount of time left before the discovery deadline, taking multiple depositions to discuss the same issue is duplicative and wasteful." *Id.* at p. 9.

On July 10, 2009, the Court heard this motion and issued an order allowing some of the depositions (including those five that the Court had previously ordered Gulf Stream to produce), but refusing to grant leave on others (Docket Entry No. 2133). The Court limited these depositions to two hours. Notably, the Court denied Plaintiff leave to depose most of the former Gulf Stream employees—all of whom are beyond the subpoena power of this Court.

On July 17, 2009, Plaintiff sought leave to depose Scott Bailey, an employee of a Gulf Stream wood supplier (Docket Entry No. 2204). Gulf Stream opposed the request (Docket Entry No. 2238). Among other conspiracy theories, Gulf Stream argued that Plaintiff's attempt to take depositions to establish her case was really an attempt to browbeat Gulf Stream into settlement.

On July 22, 2009, the Court heard this motion and issued an order allowing Mr. Bailey's deposition (limited to two hours and by phone) (Docket Entry No. 2273). The Court added, "**No further depositions will be allowed in the Alexander case**."[1] *Id.* (emphasis added).

Now, despite this Court's ruling and despite the discovery deadline having passed, Gulf Stream seeks to take eight (8) new depositions of friends and family of Plaintiff and her son. Aside from complete speculation, Gulf Stream fails to show why it should be granted leave to take these depositions after the discovery deadline has passed, why the proposed depositions are not duplicative, or why it waited so long to request them.

---

[1] In keeping with its standard practice, Gulf Stream attaches an e-mail from one of Plaintiff's counsel in which Plaintiff's counsel, surprisingly enough, accurately stated the Court's ruling.

3

## ARGUMENT AND AUTHORITIES

I.     **WE ARE PAST THE DISCOVERY DEADLINE.**

It is now one week past the discovery deadline. Trial is six weeks away. The parties submitted witness and exhibit lists, have submitted jury charges and objections to charges, and are on the eve of submitting a trial plan to the Court. It is simply too late in the game for Gulf Stream to decide it now wants to engage in deposition practice.

In the course of opposing, with some success, every one of Plaintiff's requests for leave to take additional depositions, one would think that it would have crossed Gulf Stream's mind that it might want to take depositions to prove its case. One would think that this would have crossed Gulf Stream's mind some time before the discovery deadline had passed. However, Gulf Stream provides no explanation as to why it has waited until after the discovery deadline to raise this issue. It is truly inconceivable that Gulf Stream would repeatedly cite the "looming" discovery deadline to this Court in opposing depositions and turn around and ask for eight depositions after the discovery deadline had passed.

II.     **GULF STREAM FAILS TO MEET ITS BURDEN.**

Gulf Stream seeks leave to take these depositions and has the burden of showing that leave is appropriate, especially at this late date. Gulf Stream fails to meet its burden.

Gulf Stream lists eight witnesses that it wants to depose: Daron Cooper[2] (Christopher Cooper's father, who neither Plaintiff nor Christopher has seen or spoken to in several years, when Christopher was an infant); Maria Alexander (Plaintiff's sister, who Plaintiff and

---

[2] Gulf Stream had previously noticed Daron Cooper's deposition in June.

4

Christopher have lived with only after they moved out of the subject trailer); three friends of Plaintiff (Gulf Stream fails to identify what these friends know about the facts at issue in this case, other than a wild guess); and three former teachers of Christopher (again, Gulf Stream offers nothing more than guesswork as the basis for taking these depositions).

Further, despite Gulf Stream's previous complaints that Plaintiff's proposed depositions were "duplicative", Gulf Stream asks for depositions that are clearly duplicative.

When Plaintiff sought leave to take current and former Gulf Stream employee depositions, Plaintiff offered substantial reasons, with evidence, as to why those witnesses had relevant information and leave should be granted. Even with that offer of evidence, the Court denied Plaintiff's request to take many of these depositions. Here, Gulf Stream has offered no evidence in support of their request, and only speculation as to how these witnesses have relevant information.

Gulf Stream has waited too long to try to take these depositions and has offered no evidence in support of its request for leave to do so.

## **PRAYER**

WHEREFORE, Plaintiff Alana Alexander respectfully requests that the Court deny Gulf Stream's Motion for Leave to Depose Additional Witnesses, and for such other relief to which she is entitled.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:    504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:    504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
ROBERT BECNEL
DENNIS REICH, Texas # 16739600

**CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

            s/Gerald E. Meunier
            GERALD E. MEUNIER, #9471