UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER * | | MDL NO. 1873 |
|      FORMALDEHYDE * | | |
|      PRODUCTS LIABILITY * | | |
|      LITIGATION * | | SECTION:  N(5) |
| * | | |
| This Document Relates to: * | | |
| *Aldridge, et al. v. Fleetwood Enterprises, Inc., et al.* * | | |
| * | | JUDGE: ENGELHARDT |
| Case No. 07-9228 * | | |
| * | | |
| * | | MAG: CHASEZ |

********************************************************************************

## FLEETWOOD ENTERPRISES, INC. MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO ORDER THE IME OF TIMIA DUBUCLET

**May It Please The Court:**

Fleetwood Enterprises, Inc. ("Fleetwood") has moved this Court for an order for an Independent Medical Exam, including a blood draw and exam by two separate medical doctors, an immunologist and a dermatologist. Fleetwood now submits this Memorandum in Support of its Motion to Order the IME of Timia Dubuclet and respectfully shows this Court as follows.

**Factual Background**

Plaintiff Timia Dubuclet ("Plaintiff"), an eleven year old minor, alleges, among other symptoms, worsening of allergies and eczema as a result of alleged formaldehyde exposure in a travel trailer manufactured by Fleetwood.[1] On July 8, 2009, Plaintiff, through counsel and her mother, Elisha Dubuclet, agreed to an independent medical exam to be performed by Dr. H. James Wedner on August 3, 2009 at East Jefferson Hospital in New Orleans, Louisiana.

---

[1] *See* Affidavit of H. James Wedner, at ¶ 9, attached as Ex. 1 (describing symptoms).

On July 17, 2009, Fleetwood received Plaintiff's medical records, the contents of which required Dr. Wedner to alter the IME protocol to include a RAST test. This test involves the drawing of a small amount of blood, approximately 5 ml, or two teaspoons full.[2] The procedure is minimally invasive; and may only be slightly painful, with no other side effects.[3] Indeed, it is less traumatic than a similar set of skin tests would be.[4] The only potential risk is a minor bruise at the site of the venopuncture.[5] The RAST test, particularly the ImmunoCAP, is the gold standard to test for IgE sensitivity, especially in patients with atopic dermatitis.[6] While skin prick tests may also be used, the single blood draw may be less traumatic for children.[7] The RAST test will show whether there are other causes for Timia's claimed symptoms.[8]

Plaintiff's expert reports were also received on July 17, 2009. Plaintiffs presented an Affidavit from Dr. George A. Farber, a dermatologist, who claims that he conducted T.R.U.E. patch test, and he concluded that "These positive test results indicate that Ms. Dubuclet had been sensitized to formaldehyde and is now allergic to formaldehyde."[9] Given that bold conclusion and Timia Dubuclet's long-standing history of eczema and other skin problems that long predate her living in the FEMA-provided unit, this claimed injury from formaldehyde needs to be investigated by a dermatologist. Additionally, after receiving and reviewing the expert reports, Fleetwood notified Plaintiff's counsel of the need for the RAST test on July 21, 2009. On

---

[2] Wedner Aff. at ¶ 4, Ex. 1.
[3] *Id.* at ¶ 5, Ex. 1.
[4] *Id.*
[5] *Id.*
[6] *Id.* at ¶ 8, Ex. 1.
[7] *Id.*
[8] *Id.* at ¶ 9.
[9] Farber Aff. at 3 (DUB001140), attached as Ex. 2.

July 27, 2009, Plaintiff's counsel notified Fleetwood that he would oppose the RAST test as an invasive procedure.

**A.   Proposed IME**

Fleetwood is proposing that Timia be examined on August 3, 2009 at 9:00 a.m. at East Jefferson Hospital, at the same laboratory and floor as other plaintiffs in this litigation. A lab technician at East Jefferson Hospital will draw Timia's blood, which will be sent to Quest Diagnostics to analyze.[10] Dr. H. James Wedner will examine Timia after the lab work. Dr. Wedner will take a history, conduct a physical exam, do a simple spirometry (a breathing test), a chest x-ray, and he may take photographs. Fleetwood is also request that the East Jefferson lab personnel draw a small amount of blood for an ImmunoCAP procedure (the most accurate type of RAST currently available) to measure total IgE and to check allergic sensitivity to common allergens. This may be 2 teaspoons of blood. The results of this test will be shared with the parties upon receipt of the results from Quest Diagnostics.

Fleetwood is then requesting that Timia be examined by Dr. Patti Farris, a dermatologist, at 3:30 p.m., August 3, 2009 at 701 Metairie Road (Old Metairie Village Shopping Center) Suite 2A205. Dr. Farris will take a history, conduct a physical exam, and she may take photographs.

**Argument and Citation of Authority**

Federal Rule of Civil Procedure 35 authorizes independent medical examinations. Such examinations "may be ordered by the court where the movant demonstrates that: (1) a party's medical condition is in controversy; (2) there is good cause for the examination; and (3) the time,

---

[10] Fleetwood reminds the Court that it previously had IMEs scheduled for the Jenkins' plaintiffs, before they voluntarily dismissed their case. Thus, the discussions between counsel regarding this next IME were built off of what had been previously agreed upon.

place, manner, conditions and scope of the examination have been specified."[11] Rule 35 has generally been construed liberally in favor of granting discovery.[12] Louisiana federal courts find that the first two requirements are readily met when a plaintiff brings an action for personal injury.[13] Furthermore, the Advisory Committee notes to Rule 35 explicitly state that the Rule is intended to provide a mechanism for compelling a guardian who is suing on behalf of a minor to produce the minor for physical examination.[14]

### A.     A blood test of Plaintiff should be permitted because it can provide critical information about her alleged injuries.

Many courts have compelled independent medical examinations of minors alleging physical injuries, despite those examinations involving invasive procedures, such as the blood draw sought here. In *Cutting v. U.S.*, the District Court of Colorado compelled an independent medical examination of a child when the exam involved a blood draw for genetic testing. In that case, a facially competent expert opinion established that there were alternate potential causes of the plaintiff's alleged injuries, that there was a good-faith dispute as to the cause of the plaintiff's injuries, and that the blood tests requested could confirm the existence of alternate causes of the plaintiff's injuries.[15] Yet another court has noted, in granting an IME, that "[t]he amount of blood sought is relatively small. While the court understands that such a procedure can be painful, especially for a child, the court finds that the pain involved to be relatively minor,

---

[11] *Palumbo v. Sea Mar Mgmt., L.L.C.*, No. 07-0387, 2007 U.S. Dist. LEXIS 72781, at *3-4 (W.D. La. 2007), attached as Ex. 3.
[12] 2007 U.S. Dist. LEXIS 72781, at *3.
[13] 2007 U.S. Dist. LEXIS 72781, at *3-4.
[14] *Taback v. Allstate Ins. Co.*, No. C-05-4057, 2006 U.S. Dist. LEXIS 68981, at *13-14 (N.D. Cal. Sept. 14, 2006), attached as Ex. 4.
[15] No. 07-cv-02053, 2008 U.S. Dist. LEXIS 100723 (D. Colo. Nov. 24, 2008), attached as Ex. 5.

especially given the potential relevance of such testing and the nature and amount of damages sought by the plaintiff."[16]

Similarly, in *Nilson v. Hershey Entertainment & Resort Co.*, Defendants sought to conduct an independent medical examination that would involve drawing and testing the plaintiff's blood for a minor plaintiff who alleged hearing loss as a result of riding a rollercoaster at the defendant's theme park.[17] Because the plaintiff had clearly placed the cause of his hearing loss in controversy by bringing the suit, and because the requested blood tests could identify other causes of the plaintiff's hearing loss, the Court compelled the plaintiff to submit to the examination.[18]

Here, the RAST test is critical to understanding Timia Dubuclet's medical conditions, and causes of those medical conditions. Dr. Wedner has also suggested the less invasive test to find similar information; he did not suggest the series of skin pricks. Timia Dubuclet has placed the cause of her medical conditions in controversy by bringing this suit, and because the blood test requested Fleetwood is reasonable, minimally invasive, minimally painful and will provide substantial information helpful to the triers of fact, Plaintiff should be compelled to submit to this simple blood test.

**B.   Plaintiff should be examined by two medical doctors so that Fleetwood can fully assess her claimed medical condition.**

Plaintiffs have not provided any reason why they would not agree to a medical examination by two different doctors. Timia Dubuclet has put into issue her medical condition,

---

[16] *Bennett by & Through Bennett v. Fieser*, No. 93-1004-MLB, 1994 U.S. Dist. LEXIS 4050, at *4-5 (D. Kan. Feb. 25, 1994), attached as Ex. 6.
[17] No. 1:06-CV-01474, 2008 U.S. Dist. LEXIS 41465 (M.D. Pa. May 23, 2008), attached as Ex. 7.
[18] 2008 U.S. Dist. LEXIS 41465 at *2-3.

and, because those claimed symptoms are both dermatologic and immunologic, Fleetwood should be permitted to have medical doctors in those areas examine the plaintiff.

**Conclusion**

For the foregoing reasons, Fleetwood respectfully requests that this Honorable Court order the IME of Timia Dubuclet, allowing Fleetwood to use physicians to examine her, and to include a RAST test.

This 30th day of July, 2009.

Respectfully submitted:

  /s/ Amanda W. Vonderhaar
Amanda W. Vonderhaar
LA Bar No. 31350
Jerry L. Saporito
LA Bar No. 11717
LEAKE & ANDERSSON, L.L.P.
1700 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-1701
(504) 585-7500 (phone)
(504) 585- 7775 (fax)

Richard K. Hines, V
GA Bar No. 356300
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)

Counsel for Fleetwood Enterprises, Inc.

**CERTIFICATE OF SERVICE**

       I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )    Hand Delivery                   ( )    Prepaid U.S. Mail

( )    Facsimile                        ( )    Federal Express

(X)    CM/ECF

       New Orleans, Louisiana, this 30th day of July, 2009.

                                    */s/ Amanda W. Vonderhaar*
                                    Amanda W. Vonderhaar
                                    LA Bar No. 31350

LEAKE & ANDERSSON, L.L.P.
1700 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-1701
(504) 585-7500 (phone)
(504) 585- 7775 (fax)