

LEXSEE 2007 U.S. DIST. LEXIS 72781

**GLENN PALUMBO VS. SEA MAR MANAGEMENT, L.L.C. M/V CAPE KALIKANE**

**CIVIL ACTION NO. 07-0387**

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA, LAFAYETTE-OPELOUSAS DIVISION**

**2007 U.S. Dist. LEXIS 72781**

**September 28, 2007, Decided
September 28, 2007, Filed**

**PRIOR HISTORY:** Palumbo v. Sea-Mar Mgmt., L.L.C., 2007 U.S. Dist. LEXIS 10479 (S.D. Tex., Feb. 15, 2007)

**COUNSEL:** [*1] For Glenn Palumbo, Plaintiff: Patrick H Yancey, LEAD ATTORNEY, Houma, LA; Jason A Itkin, Jeff R Seely, Kurt B Arnold, Stephen R Foster, Arnold & Itkin, Houston, TX.

For Sea Mar Management L L C, Defendant: Thomas J Smith, LEAD ATTORNEY, Galloway Johnson et al (HOU), Houston, TX; Jason P Waguespack, Michael J Nicaud, Galloway Johnson et al (NO), New Orleans, LA; Mark R Pharr, III, Galloway Johnson et al (LAF), Lafayette, LA.

**JUDGES:** Mildred E. Methvin, United States Magistrate Judge.

**OPINION BY:** Mildred E. Methvin

**OPINION**

**RULING ON MOTION TO COMPEL PLAINTIFF TO SUBMIT TO AN INDEPENDENT MEDICAL EXAMINATION**

*(Rec. Doc. 52)*

Before the court is the motion to compel plaintiff Glenn Palumbo ("Palumbo") to submit to a physical examination by orthopedic surgeon Dr. Michael Duval and for its reasonable expenses incurred in retaining Dr. Duval, and the filing of the instant motion and attorney's fees filed by defendant Sea Mar Management, LLC on August 17, 2007. [1] The motion is set on the undersigned's September 19, 2007, motion calendar without oral argument in accordance with the undersigned's normal procedures.. [2] As of this date, no opposition has been filed, and the deadline for the filing of an opposition has expired. [3]

   1  Rec. [*2] Doc.52.
   2  Rec. Doc. 53.
   3  Local Rule 7.5W requires that written opposition to a motion be filed within fifteen (15) days after service of the motion.

This is a personal injury action brought under 42 U.S.C. § 1981 and the general maritime law. The alleged accident in this matter occurred on April, 27, 2006, while Palumbo was working as an A/B on the M/V CAPE KALA KANE. Palumbo was asked by Captain Michael Shoenberg to go to the engine room to assist the oiler, Robert Epling, in moving a mud pump to the portside of the vessel and have it ready for the crane to lift it out of the escape hatch. While moving the mud pump, Palumbo claims to have injured his left shoulder, arm, neck and back. Defendant asserts that, in addition to Palumbo's complaints of shoulder, arm, neck and back pain, he complains that there are several activities he can no

Case 2:07-md-01873-KDE-MBN   Document 2372-5   Filed 07/30/09   Page 2 of 4

Page 2
2007 U.S. Dist. LEXIS 72781, *2

longer perform, such as holding on to his son, playing golf, taking out the trash, etc.; that he cannot do these things for more than a couple of minutes and then he has to rest and that he also has sexual problems with his girlfriend, and finds it difficult to swim at the beach. [4] Counsel for defendant maintains that he scheduled an independent medication [*3] examination with Dr. Michael Duval on Thursday, May 31, 2007 at 10:45 a.m. but that plaintiff did not attend and has offered no explanation for failing to do so. [5]

> 4  Rec. Doc. 51.
> 5  Rec. Doc. 51 at 2, Exhibit A.

Independent medical examinations are authorized under Rule 35. They may be ordered by the court where the movant demonstrates that: (1) a party's medical condition is in controversy; (2) there is good cause for the examination; and (3) the time, place, manner, conditions and scope of the examination have been specified. Fed. R. Civ. P. 35. See also Jackson v. Entergy Operations, Inc., 1998 U.S. Dist. LEXIS 752, 1998 WL 28272, *1 (E.D. La. 1/26/98). Although Rule 35 examinations may be ordered "only on motion for good cause shown," and use of the rule to compel such examinations is not unfettered, Rule 35(a) generally has been construed liberally in favor of granting discovery. Jackson, 1998 U.S. Dist. LEXIS 752 at *5, 1998 WL 28272, *1 (E.D. La. 1/26/98), citing Lahr v. Fulbright & Jaworski, L.L.P., 164 F.R.D. 204, 207 n.1 (N.D.Tex. 1996); Eckman v. University of R.I., 160 F.R.D. 431, 433 (D.R.I. 1995).

A plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy [*4] and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury. Schlagenhauf v. Holder, 379 U.S. 104, *119, 85 S.Ct. 234, 243, 13 L.Ed.2d 152 (1964). Palumbo's physical condition is clearly in controversy, as he alleges in his complaint that he suffered "severe and permanent injuries to his arm, shoulder, back and neck area" and that he has "sustained substantial and permanent injuries to his body, which resulted in physical pain, mental anguish, and other medical problems." [6] Further, under Schlagenhauf, 379 U.S. at 119, defendant has shown good cause to have the extent of Palumbo's injury examined and confirmed.

> 6  Rec. Doc. 1.

Defendant argues that plaintiff's failure to attend the scheduled independent medical examination has delayed the progress of litigation and frustrated the orderly process of discovery contemplated by the Federal Rules of Civil Procedure. Defendant concludes that, under Rule 37(a)(4) and (d), it is entitled to be paid the reasonable expenses incurred in retaining Dr. Duval, obtaining this order and attorneys' fees. Fed. R. Civ. Proc. 37(a) (2) provides in pertinent part that a motion to compel may be [*5] urged:

> (A) If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.
>
> * * *
>
> (B) If a deponent fails to answer a question propounded or submitted under Rules 30 or 31, or a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a), or a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. . . .

Fed. R. Civ. Proc. 37(a)(4)(A) provides in pertinent part:

> (A) If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including [*6] attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's

nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust. . . .

Further, Fed. R. Civ. Pro. 37(d) provides in pertinent part:

> Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under [*7] subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule . . . .

In a case in which the plaintiff alleged that his leg and foot were injured due to defendant's negligence and that the injury required surgery and physical therapy, Magistrate Judge Roby for the Eastern District of Louisiana considered whether reimbursement and costs can be awarded under Rule 37 for a motion to compel an IME:

> Rule 37 provides for the reimbursement of costs associated with the filing of a motion to compel under certain circumstances. These circumstances include when a party fails to properly respond to discovery under Rules 26, 30, 31, 33, or 34. See FED. R. CIV. P. 37(a)(2)(A)-(B) and 37(a)(4)(A). However, the Rule does not provide for the reimbursement of costs associated with filing a motion under Rule 35. Nor does Rule 35 itself provide for the recovery of costs. Accordingly, any fees assessed would necessarily arise from the Court's inherent sanctioning power.FN1

Judge Roby noted at footnote 1 that Rule 37 provides sanctions only "[w]here a party has failed to comply with an order under Rule 35(a)." FED. R. CIV. P. 37(b)(2)(E). Judge Roby continued:

> The Court notes "that federal courts are vested [*8] with the inherent power 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" "Lafarge Corp. v.. M/V Macedonia Hellas, CIV.A. 99-2648, 2000 U.S. Dist. LEXIS 15963 at *12, 2000 WL 1586402, at *4 (E.D .La. Oct. 23, 2000) (citing Link v. Wabash R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962). Accordingly, the Court "may order sanctions ... for misconduct either pursuant to Rule 37(b)(2) ... which authorizes a court to assess a sanction for violation of a discovery order, or pursuant to the court's inherent power to protect [its] integrity and prevent abuses of the judicial process." Webb v. District of Columbia, 331 U.S. App. D.C. 23, 146 F.3d 964, 971 (D.C. Cir. 1998).

> Any costs assessed as sanctions in this case would necessarily come from the Court's inherent power to sanction, and "courts must act with restraint and discretion when exercising such harsh powers" and this power should only be used for the limited purpose of making the court function. Lafarge, 2000 U.S. Dist. LEXIS 15963 at *13, 2000 WL 1586402 at *4. While the Court notes that it defies logic that Barcia's counsel would conclude that Barcia would not have to submit to an IME, the Court concludes that in this case, Barcia's failure to agree to an IME does not warrant the use of its sanctioning [*9] power.

Barcia v. ENI US Operating, Co., Inc., 2006 U.S. Dist. LEXIS 26963 at *8, 2006 WL 1236053, *3 (E.D. La. May 4, 2006). Similarly, although not addressing the

specific issue at hand, in Natural Gas Pipeline Co. of America v. Energy Gathering, Inc., the United States Court of Appeals for the Fifth Circuit addressed the issue whether a district court had the inherent power to sanction the bad faith conduct of an attorney in the absence of any Federal Rule addressing the matter. Natural Gas Pipeline, 2 F.3d 1397, 1410 (5th Cir. 1993). The court noted that a court should normally rely on the Federal Rules for sanctions but found no sanction under the Federal Rules that directly applied to the lawyer's misconduct so that it was proper for the district judge to rely on his inherent powers to discipline the lawyer's intransigence, particularly in view of Supreme Court jurisprudence recognizing the inherent power of a court to manage its affairs necessarily includes the authority to sanction errant lawyers. Id. at 1411.

While defendant has not cited nor has the undersigned found authority from the Fifth Circuit addressing the issue, and in the absence of a Federal Rule directed to the matter, the undersigned finds the reasoning [*10] of Judge Roby's decision, and the authorities cited therein, persuasive and accordingly finds that any costs assessed as sanctions would necessarily come from the court's inherent power to sanction. However, although plaintiff has failed to file an opposition in which he states his reasoning for his failure to appear for an independent medical examination where the pleadings and facts set forth by defendant clearly entitled defendant to such an examination, noting that courts must act with restraint in exercising its harsh power to sanction, the undersigned declines to assess the costs and attorney's fees requested.

Considering the foregoing,

**IT IS HEREBY ORDERED** that the motion to compel plaintiff to submit to a medical examination by orthopedic surgeon Dr. Michael Duval at 1448 S.College Road, Lafayette, Louisiana 70503 at a time convenient to plaintiff is **GRANTED.**

**IT IS FURTHER ORDERED** that, defendant's motion for reasonable expenses and attorney's fees is **DENIED.**

Signed at Lafayette, Louisiana, on September 28, 2007.

Mildred E. Methvin

United States Magistrate Judge

800 Lafayette St., Suite 3500

Lafayette, Louisiana 70501

(337) 593-5140 (phone) 593-5155 (fax)