

LEXSEE 2006 U.S. DIST. LEXIS 68981

**GAIL TABACK; EUGENE TABACK, Plaintiffs, vs. ALLSTATE INSURANCE COMPANY; FRED HECKENDORN; et al., Defendants.**

No. C-05-4057 MEJ

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

2006 U.S. Dist. LEXIS 68981

**September 14, 2006, Decided
September 14, 2006, Filed**

**COUNSEL:** [*1] For Gail Taback, Eugene Taback, Plaintiff: Michael Papuc, Law Office of Michael Papuc, San Francisco, CA.

For Allstate Insurance Company, Defendant: Michael A. Barnes, Sonia Renee Martin, Stephanie Duchene, Sonnenschein Nath & Rosenthal, San Francisco, CA.

Heckendorn, Defendant: Michael A. Barnes, Sonia Renee Martin, Sonnenschein Nath & Rosenthal, San Francisco, CA.

**JUDGES:** MARIA-ELENA JAMES, United States Magistrate Judge.

**OPINION BY:** MARIA-ELENA JAMES

**OPINION**

**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT**

**ORDER SETTING FORTH NEW DEADLINES**

**I. INTRODUCTION**

This case involves claims by plaintiffs Gail Taback and Eugene Taback (collectively, "Plaintiffs") arising from an insurance contract. Currently pending before the court is Plaintiffs' motion for leave to amend the complaint. After careful consideration of the parties' papers and oral arguments, the applicable statutory and case law authorities, and good cause appearing, the court hereby issues the following order.

**II. BACKGROUND**

**A. Factual Background**

Plaintiffs owned a home in Oakland, California, that was insured by Defendant. (Second Amended Compl. PP 6-7.) In 1991, fires [*2] swept through Oakland and, although Plaintiffs' home was not damaged, the occurrence of the fires prompted them to contact Allstate Agent Fred Heckendorn ("Agent Heckendom") to whom they expressed concern regarding whether they had sufficient policy limits to cover their home in the event of a fire. *Id.* P 9. As a result, Agent Heckendorn changed Plaintiffs' policy to a "Deluxe" policy and orally advised Plaintiffs that the policy would sufficiently cover their needs. *Id.* Plaintiffs' "Deluxe" policy set Plaintiffs' dwelling coverage at $ 295,341. *Id.* P 13-14. On May 29, 2004, Plaintiffs' home was destroyed in a fire. *Id.* P 14. After the fire, Plaintiffs learned that both the dwelling coverage and personal property coverage under the "Deluxe" policy were grossly insufficient to replace their property. *Id.* PP 14-18. As a result, Plaintiffs filed suit for breach of contract, breach of implied covenant of good faith and fair dealing, reformation, breach of the reformed contract, breach of the implied covenant of good faith and fair dealing based on the reformed contract, negligence,

Case 2:07-md-01873-KDE-MBN   Document 2372-6   Filed 07/30/09   Page 2 of 5

Page 2
2006 U.S. Dist. LEXIS 68981, *2

and negligent misrepresentation. (*See* Second Amended Compl.)

**B. Procedural** [*3] **Background**

On October 7, 2005, Defendant removed the case to the United States District Court.

On November 7, 2005, Plaintiffs filed a First Amended Complaint.

On November 22, 2005, Defendant filed a Motion to Dismiss.

On March 20, 2006, the Honorable Maria-Elena James denied Defendants Motion to Dismiss and Ordered Plaintiffs to amend the Complaint.

On March 30, 2006, Plaintiffs filed a Second Amended Complaint.

On April 13, 2006, Defendant filed a Motion to Dismiss Portions of Plaintiffs' Second Amended Complaint.

On July 21, 2006, the Honorable Maria-Elena James denied Defendant's Motion to Dismiss Portions of Plaintiffs' Second Amended Complaint.

On July 27, 2006, Plaintiffs filed a Motion for Leave to Amend the Complaint.

On August 10, 2006, Defendant filed an Opposition to Plaintiffs Motion for Leave to Amend the Complaint.

On August 17, 2006, Plaintiffs filed a Reply to their Motion for Leave to Amend the Complaint.

On August 31, 2006, the Court set Plaintiffs Motion for Leave to Amend for a hearing. Michael Papuc appeared on behalf of Plaintiffs. Michael Barnes and Sonia Martin appeared on behalf of Defendants.

### III. DISCUSSION

Federal Rule of Civil Procedure 15 [*4] governs the amendment of complaints. It states that if a responsive pleading has already been filed, the party seeking amendment "may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). This rule reflects an underlying policy that disputes should be determined on their merits, and not on the technicalities of pleading rules. *See Foman v. Davis,* 371 U.S. 178, 181-82, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). Accordingly, the court must be very liberal in granting leave to amend a complaint. *See Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir.1990) (leave to amend granted with "extreme liberality"); *Ascon Properties, Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir.1989); *Genentech, Inc. v. Abbott Laboratories,* 127 F.R.D. 529, 530 (N.D.Cal.1989) (*citing DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir.1987)).

Once a plaintiff has given a legitimate reason for amending the complaint, the burden shifts to the defendant to demonstrate why leave [*5] to amend should not be granted. *See Genentech,* 127 F.R.D. at 530-31 (*citing Senza-Gel Corp. v. Seiffhart,* 803 F.2d 661, 666 (Fed.Cir.1986)); William W. Schwarzer et al., Federal Civil Procedure Before Trial, § 8:415, at 8-75. There are several accepted reasons why leave to amend should not be granted, including the presence of bad faith on the part of the plaintiff, undue delay, prejudice to the defendant, futility of amendment, and that the plaintiff has previously amended the complaint. *See Ascon Properties,* 866 F.2d at 1160. *McGlinchy v. Shell Chemical Co.,* 845 F.2d 802, 809 (9th Cir.1988). The court has the discretion to determine whether the presence of any of these elements justifies refusal of a request to amend the complaint; this discretion is particularly broad where plaintiff has previously amended the complaint. *See Ascon Properties,* 866 F.2d at 1160.

Plaintiffs seek an order permitting the filing of a third amended complaint, which adds a cause of action for fraud by concealment, based on newly discovered facts. Plaintiffs claim that according to a 1995 internal memorandum, Allstate knew [*6] and failed to disclose that the estimating system, which projected the replacement cost of homes prior to 1995, was defective. Allstate opposes the motion because it is untimely and prejudicial. In addition, Allstate posit that Plaintiffs' proposed amendment would be fertile as it fails to state a claim and falls under the preview of the *Rubin* Settlement, which Plaintiffs participated in and were bound.

Plaintiffs insisted on an immediate trial date and an extremely aggressive discovery schedule. Over Allstate's objections, this court granted Plaintiffs request. The discovery cut-off deadline was August 18, 2006; two

Case 2:07-md-01873-KDE-MBN   Document 2372-6   Filed 07/30/09   Page 3 of 5

Page 3
2006 U.S. Dist. LEXIS 68981, *6

weeks before the hearing on the instant motion. The motion for summary judgment was scheduled to be noticed by September 7th with a hearing on October 12, 2006. In addition, the pretrial conference was also scheduled for October 12, 2006. Based on the posture of the case and the impending deadlines, the court finds that Allstate would be extremely prejudiced if Plaintiffs were allowed to go forward with their motion to amend. Allstate needs additional time to file a motion to dismiss on the new allegation, to conduct discovery, and to include this new claim on a motion [*7] for summary judgment.

This court prefers to determine matters on their merits and not on the technicalities of pleading rules. In the interest of justice, the court finds that the new claim should be fully flushed out and any prejudice derived from granting Plaintiffs motion to amend would be remedied by amending the impending deadlines. Accordingly, the court grants Plaintiffs leave to amend the complaint and hereby amends the pretrial deadlines.

## IV. CONCLUSION

The Court hereby ORDERS as follows:

1.) Plaintiffs' motion for leave to amend is GRANTED.

2.) Discovery cut-off deadline is October 6, 2006

3.) Motion for Summary Judgment shall be noticed by November 2, 2006.

4.) Motion for Summary Judgment hearing is on December 7, 2006, at 10:00 a.m.

5.) Pretrial Conference is on March 15, 2007, at 10:00 a.m.

6.) Final Pretrial Conference is on April 12, 2007.

7.) Trial date is on April 16, 2007.

**IT IS SO ORDERED.**

Dated: September 14, 2006

/s/

MARIA-ELENA JAMES

United States Magistrate Judge

## DISCOVERY DISPUTE

On July 24, 2006, the parties submitted a joint discovery dispute letter regarding two issues. First, whether Allstate may question plaintiff [*8] Eugene Taback in deposition about the events underlying the fire. Second, whether Mr. Taback must undergo a mental examination. After careful consideration of the parties' papers and oral arguments, the applicable statutory and case law authorities, and good cause appearing, the court hereby issues the following order.

## I. Scope of Eugene Taback's Deposition

Mr. Taback was scheduled for a deposition on June 30, 2006. (July 24, 2006 Joint Letter "J.L." at 1.) On June 28, 2006, Plaintiffs' counsel informed Allstate that Mr. Taback was suffering from a mental health crisis and was not competent to give testimony and would not be able to appear for his deposition. *Id.* According to Mrs. Taback's deposition testimony, Mr. Taback drove to a bridge and considered jumping off. *Id.* Although Mr. Taback has not sought professional psychological help and is reluctant to do so, he confided in a neighbor, Terry Meyers, who is a licensed psychologist. *Id.* at 1-2; Decl. of Terry Meyers P 5. According to Mrs. Meyers, Mr. Taback has had multiple traumatic events in the past two and half years. (Decl. of Terry Meyers P 3.) Mr. Taback is struggling with depression over the loss of [*9] his job and with the loss of his home in the fire. *Id.* He is experiencing post-traumatic stress disorder due to the stress of the legal proceedings, anticipation of videotape deposition, and retelling of the details surrounding the fire. *Id.*

After the attorneys met and conferred on the matter, Mr. Taback is willing to undergo a deposition if he is not questioned about the events that occurred on the day of the fire. (J.L. at Allstate argues that it is entitled to explore whether and to what extent Mr. Taback's emotional condition is the result of the fire and his memory of the fire, as opposed to Allstate's alleged delay in Plaintiffs' claim. *Id.* According to Plaintiffs' attorney, Mr. Taback may be asked about the events that occurred after the fire, including efforts to rebuild his home, the amount of the home, and the personal property claims. *Id.* As for the emotional distress claim, Mr. Taback may answer questions relating to his loss of job, and events that occurred after the fire that caused him emotional distress. *Id.* However, asking Mr. Taback to relive the fire may push him over the edge. *Id.*

Case 2:07-md-01873-KDE-MBN   Document 2372-6   Filed 07/30/09   Page 4 of 5

Page 4
2006 U.S. Dist. LEXIS 68981, *9

The court agrees with Allstate. Mr. Taback has placed his [*10] mental state at issue by seeking damages for emotional distress resulting from Allstate's alleged actions. Although Mr. Taback agrees to be deposed, the court is unwilling to limit Allstate's ability to depose him on matters that are directly related to his allegations and suit. Allstate is entitled to explore whether Mr. Taback's emotional condition is the result of the fire and his memory of the fire, as opposed to Allstate's alleged actions. Therefore, the court hereby ORDERS Mr. Taback to submit to a deposition, where he can be questioned about the events that occurred on the day of the fire.

Lastly, Mrs. Meyers suggests that if Mr. Taback is to be deposed, he should not be videotaped, Mrs. Taback should be present, and Mr. Taback should be scheduled on a date that would allow Mrs. Meyers to see Mr. Taback immediately following the deposition. Allstate has no objection to these requests. (*See* Allstate's Response to Plaintiffs' Opposition.)

**II. Mental Examination**

In light of Mr. Taback's emotional distress claim, Allstate has retained Margo M. Leahy, M.D., a board-certified psychiatrist, to examine Mr. Taback and assess his alleged emotional injuries. (J.L. at 3-4.) [*11] The proposed examination would consist of a three-hour standard psychiatric interview with Dr. Leahy and would also include a mental status examination. *Id.* at 4. Allstate believes this assessment and examination is necessary because Mr. Taback is seeking special damages for emotional distress, which is in excess of $ 500,000. *Id.* Mrs. Taback testified that her husband continues to suffer severe depression and has contemplated suicide twice in the last several weeks. Id. Since Mr. Taback has placed his mental condition in controversy by claiming Allstate's handling of his claim caused him to contemplate suicide and suffer depression, Allstate claims to be entitled to test his claim through a mental examination as set forth under Rule 35. *Id.*

Federal Rule of Civil Procedure 35(a) permits a court to compel a party to submit to a mental examination by a suitably licensed or certified examiner when that party's mental condition is in controversy. Fed. Rule. Civ. Pro. 35(a) The order may be made only on motion for good cause shown, and notice to the person to be examined and all parties, specifying [*12] time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made. *Id.* Here, Mr. Taback is seeking damages for emotional distress. According to Mrs. Meyers, Mr. Taback has had multiple traumatic events in the past two and half years. (Decl. of Terry Meyers P 3.) Mr. Taback is struggling with depression over the loss of his job and with the loss of his home in the fire. *Id.* He is experiencing post-traumatic stress disorder due to the stress of the legal proceedings, anticipation of videotape deposition, and retelling of the details surrounding the fire. *Id.* Based on the information provided to the court, it appears that Mr. Taback is experiencing some type of emotional disturbance. It appears that Allstate has met its burden by showing that Mr. Taback's mental condition is in controversy. Allstate is entitled to explore whether the emotional distress stems from their alleged action or other stressful events that occurred in Mr. Taback's life. Therefore, the court finds good cause exists for the examination.

Plaintiffs, however, claim that Mr. Taback cannot be subjected to a mental examination because he is no longer a party [*13] to the suit. For support, Plaintiffs rely on Fed. Rule. Civ. Pro. 35 and *Scharf v. United States Attorney General* (9th Cir. 1979) 597 F.2d 1240, 1243-1244.

In *Scharf v. United States Attorney General* (9th Cir. 1979), a father brought suit for declaratory judgment of United States citizenship under the Immigration and Nationality Act for his minor daughter who was born in Mexico. *Id.* at 1242. Under Rule 35, the government sought blood samples from both parents for paternity purposes. *Id.* at 1243. The appellate court held that the court's authority to order a physical examination under Rule 35 was limited to the minor child only. *Id.* Rule 35 provides for an extension of the rule to apply to a parent or guardian who is suing to recover for injuries. See Scharf v. U.S. Attorney General at 1244. The Advisory Committee Notes of

Rule 35 states "the amendment will settle beyond doubt that a parent or guardian suing to recover for injuries to a minor may be ordered to produce the minor for examination. (Advisory Committee Notes, 1970 Adoption.) The Scharf court acknowledged this extension and [*14] limited its application. *See Scharf v. U.S. Attorney General* at 1244. "It is intended to apply where a parent or guardian is suing to recover for injuries to a minor." *Id.* Here, the parties have stipulated to dismiss Mr. Taback from the suit. However, Mr. Taback has

assigned all his rights to Mrs. Taback. In effect, Mrs. Taback is seeking damages on Mr. Taback's behalf. Rule 35 equally applies to guardians. Mrs. Taback is acting as Mr. Taback's guardian because she is seeking damages on his behalf. Therefore, the court finds that *Scharf* is inapplicable to the case at hand. Furthermore, nowhere in Rule 35 does it state that Mr. Taback cannot be subjected to a mental examination. The court finds that the extension of Rule 35 applies.

**CONCLUSION**

The court hereby ORDERS the following:

1.) Mr. Taback to submit to a deposition, where he can be questioned about the events that occurred on the day of the fire.

2.) Mr. Taback's deposition should not be videotaped.

3.) Mrs. Taback shall be allowed to accompany Mr. Taback to his deposition.

4.) The parties shall work together to ensure Mrs. Meyers is available to see Mr. Taback immediately following the deposition.

5.) [*15] Mr. Taback shall submit to a mental examination. Allstate is entitled to use a suitably licensed or certified examiner to conduct the examination.

**IT IS SO ORDERED.**

Dated: September 14, 2006

/s/

MARIA ELENA JAMES

United States Magistrate Judge