

LEXSEE 2008 U.S. DIST. LEXIS 100723

**PHILLIP CUTTING, JR., as next friend and parent of minor Phillip Cutting, III, Plaintiff, v. UNITED STATES OF AMERICA, PAMELA SIMONS, M.D., MERCEDES DELORY, CNM, RS, and SPECTRUM HEALTHCARE RESOURCES, Defendants.**

Civil Action No. 07-cv-02053-PAB-MEH

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

2008 U.S. Dist. LEXIS 100723

November 24, 2008, Decided
November 24, 2008, Filed

**SUBSEQUENT HISTORY:** Related proceeding at Cutting v. United States (In re Cutting), 2009 U.S. Dist. LEXIS 39465 (D. Me., May 7, 2009)
Motion granted by Cutting v. United States, 2009 U.S. Dist. LEXIS 43545 (D. Colo., May 11, 2009)

**PRIOR HISTORY:** Cutting v. United States, 2008 U.S. Dist. LEXIS 83817 (D. Colo., Oct. 3, 2008)

**COUNSEL:** [*1] For Phillip Cutting, Jr, as next friend and parent of minor other, Phillip Cutting, III, Plaintiff: Daniel A. Lipman, LEAD ATTORNEY, James Edward Puga, Leventhal, Brown & Puga, PC, Denver, CO.

For USA, Defendant: Stephen D. Taylor, LEAD ATTORNEY, Marc Andrew Bonora, Terry Fox, U.S. Attorney's Office-Denver, Denver, CO.

For Pamela Simons, M.D., Defendant: Phillip Burt Chupik, LEAD ATTORNEY, Metier Law Firm, LLC, Fort Collins, CO; Jeremy Love Swift, Paul D. Cooper, Cooper & Clough, PC, Denver, CO; Marc Andrew Bonora, U.S. Attorney's Office-Denver, Denver, CO.

For Mercedes Delory, CNM, RS, Spectrum Healthcare Resources, Defendants: Catherine O'Brien Crum, LEAD ATTORNEY, Matthew Morgan Linton, Terry Cipoletti, Kennedy Childs & Fogg, PC-Denver, Denver, CO; Marc Andrew Bonora, U.S. Attorney's Office-Denver, Denver, CO.

**JUDGES:** Michael E. Hegarty, United States Magistrate Judge.

**OPINION BY:** Michael E. Hegarty

**OPINION**

**ORDER ON MOTION TO COMPEL**

Defendants have filed a Motion to Compel an independent medical examination (IME) of Phillip Cutting III and seeking one or both parents' compelled attendance at the IME; genetic testing of Phillip Cutting III; and genetic testing of Nevena Cutting, Phillip Cutting III's mother. (Docket [*2] # 120.) The matter is briefed and has been referred to this Court for resolution. (Docket # 121.) Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants in part** and **denies in part** the Motion to Compel.

**I. Facts**

Plaintiff Phillip Cutting Jr. brings this action as next friend and parent of Phillip Cutting III, pursuant to the Federal Tort Claims Act ("FTCA") and common law theories of negligence. Plaintiff alleges that Defendants provided negligent medical care during the delivery of Phillip Cutting III, which resulted in a brain injury.

Case 2:07-md-01873-KDE-MBN   Document 2372-7   Filed 07/30/09   Page 2 of 3

Page 2
2008 U.S. Dist. LEXIS 100723, *2

Defendants allege that the baby's injury was or could have been caused by other circumstances and seek testing that would prove their allegation. In addition to an IME of Phillip Cutting III (which Plaintiff does not oppose), Defendants seek to compel the attendance of one or both of the child's parents at the IME. Defendants also seek to have a blood and urine draw at the IME for purposes of genetic testing. Finally, Defendants seek a blood and urine draw of Nevena Cutting, Phillip III's mother, for purposes of genetic testing. Although not by separate motion, Plaintiff seeks to [*3] permit a nurse to attend, or a recording device to be used at, the IME of Phillip III.

## II. Discussion

### A. Genetic Testing of Phillip Cutting III

Defendants' principal reason for seeking genetic testing of the child is their theory, supported by a facially competent expert opinion, that Plaintiff's explanation of the child's injuries is not supported by the medical records, but that there are other potential causes, including genetic defects. Plaintiff counters with his argument that all medical opinions of providing doctors to date support their theory of a birth event as the cause. The Court believes that this is a good faith dispute that supports the requested, minimally invasive, one-time blood and urine draw at the time of the IME. The Court does not believe that artificially limiting Defendants on what tests may be run on the blood that is drawn will be the best use of resources. Therefore, Defendants may use the blood to run the 19 tests they propose.

### B. Genetic Testing of Nevena Cutting

Defendants have established, to the Court's satisfaction, the relevance and importance of genetic testing on the child's mother, Nevena Cutting. Nevertheless, the Court must recognize its own jurisdiction, [*4] which, under persuasive authority, rejects Federal Rule of Civil Procedure 35's reach to nonparties. *Dunford v. Rolly Marine Service Co.,* 233 F.R.D. 635, 637 (S.D. Fla. 2005) ("No authority has been provided for the proposition that a Rule 35 examination can ever be applied to a non-party witness, even if that witness is an officer of a party."); *Caban ex rel. Crespo v. 600 E. 21st Street Co.,* 200 F.R.D. 176, 181 (E.D.N.Y. 2001) ("This Court therefore declines to expand the scope of Rule 35 to include representatives and natural guardians of infant-plaintiffs . . . ."). The Court also rejects any argument that it has inherent authority to compel Neneva Cutting to submit to the requested procedures. *Caban,* 200 F.R.D. at 181-82; *Lewis v. Herrman's Excavating, Inc.,* 200 F.R.D. 657, 661 (D. Kan. 2001) ("The Court is unpersuaded that, outside of Rule 35, it has any inherent power to order a physical examination of [a non-party witness]. *See* 8A Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice & Procedure: Civil 2d § 2233 at 471 n. 8 (1994)"). Finally, the Court does not believe that, under Rule 35's language, Nevena Cutting should be considered a party.

### C. Attendance [*5] of One or Both Parents at the Child's IME

The Court believes that the circumstances of this case require the attendance of at least one of Phillip Cutting III's parents at his IME to answer questions concerning medical history. Even given the adversary nature of litigation and the interests of Plaintiff in obtaining a judgment, the Court is surprised that at least one of the child's parents would not *demand* to be present at such an event. In any event, as noted above, although the Court would encourage Nevena Cutting to attend the IME, it has only the jurisdiction to compel Phillip Cutting Jr. to attend, which it so orders. *J.G. ex rel. Grant v. Zachman,* 34 A.D.3d 1277, 1279, 825 N.Y.S.2d 621, 622 (2006) ("Finally, we conclude that the court did not abuse its discretion in *sua sponte* ordering that a parent of plaintiffs, if subpoenaed, attend the physical examinations of plaintiffs for the limited purpose of consenting to the examinations and providing necessary medical history . . . ."). If Mr. Cutting is competent to stand as next friend and parent of Phillip Cutting III in this case, then he is also competent to serve the child's interests in any abusive or overreaching conduct that [*6] Plaintiff fears may occur at the IME. Therefore, if it were presented in an appropriate motion, the Court would likely deny Plaintiff's request to have a nurse or recording equipment present at the IME absent persuasive authority to the contrary.

### III. Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Motion to Compel [filed October 9, 2008; docket # 120] is **granted in part** and **denied in part** as set forth herein.

Dated at Denver, Colorado, this 24th day of November, 2008.

2008 U.S. Dist. LEXIS 100723, *6

BY THE COURT:  Michael E. Hegarty

/s/ Michael E. Hegarty  United States Magistrate Judge