

LEXSEE 1994 U.S. DIST. LEXIS 4050

**KEVIN MICHAEL BENNETT, by and through CYNTHIA and JERRY BENNETT, his mother and father, natural guardians and next friends, Plaintiff, v. MERLE J. FIESER, et al., Defendants.**

Case No. 93-1004-MLB

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

1994 U.S. Dist. LEXIS 4050

February 25, 1994, Decided
February 25, 1994, Filed

**JUDGES:** [*1] REID

**OPINION BY:** JOHN THOMAS REID

**OPINION**

ORDER (nunc pro tunc)

On February 9, 1994, defendant Merle Fieser filed a motion for independent medical examinations of the plaintiff (Doc. 104-05). Defendant Central Kansas Medical Center joined in this motion (Doc. 112). Plaintiff filed a response on February 9, 1994 (Doc. 106). Defendant Fieser filed a reply brief on February 17, 1994 (Doc. 111).

Rule 35 states as follows:

> "When the mental or physical condition . . . of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner. The order may be made only on motion for good cause shown. and shall specify the time, place, manner, conditions and scope of the examination and the person or persons by whom it is to be made."

In the case of *Schlagenhauf v. Holder,* 379 U.S. 104, 85 S. Ct. 234, 13 L. Ed. 2d 152 (1964), the Court held that the "good cause" and "in controversy" requirements of Rule 35 required a showing greater than mere relevance, or conclusory allegations of the parties. Rule 35 requires an affirmative showing [*2] by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination. The ability of the movant to obtain the information by other means is also relevant. 379 U.S. at 118, 85 S. Ct. at 242-43. In determining whether a particular type of examination will be ordered, the court may require a showing of medical safety, and may weigh the need for a procedure against the pain and safety risks associated with it. *Stinchcomb v. United States,* 132 F.R.D. 29, 30 (E.D. Pa. 1990).

In the case of *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 125 L. Ed. 2d 469, 113 S. Ct. 2786, 2799 (1993) the Court held that "general acceptance" is not a necessary precondition to the admissibility of scientific evidence under the Federal Rules of Evidence. An expert's testimony should rest on a reliable foundation and be relevant to the task at hand. Pertinent evidence based on scientifically valid principles will satisfy those demands. In *Daubert,* the court set forth [*3] a number of factors the court should consider in deciding whether or not to allow expert testimony under Fed.R.Civ.P. 702. While the question before this court is somewhat different, whether or not to allow a Rule 35

Case 2:07-md-01873-KDE-MBN   Document 2372-8   Filed 07/30/09   Page 2 of 3

Page 2
1994 U.S. Dist. LEXIS 4050, *3

examination, the court believes that similar factors should be examined in deciding whether or not the examination should be allowed. The factors in *Daubert* are as follows:

> (1) Can the theory or technique be tested, and has it been tested?
>
> (2) Has the theory or technique been published in a peer-review journal? (While not dispositive, this is a relevant consideration.)
>
> (3) What is the potential rate of error in the technique, and do standards exist to control the technique's operation?
>
> (4) What degree of acceptance does the theory or technique have in the scientific community? (While not dispositive, it does have a bearing on this inquiry.)

113 S. Ct. at 2796-97. The overall purpose of Rule 702 is to determine "the scientific validity-and thus the evidentiary relevance and reliability-of the principles that underlie a proposed submission. The focus, of course, must be solely on principles and methodology, not [*4] on the conclusions that they generate." *Id.* at 2797.

Defendant Fieser originally proposed nine separate examinations. Following objections from the plaintiff, defendants only seek to have examinations conducted by Dr. Schaeffer, a geneticist, Dr. Sharrits, a neuropsychologist, and Dr. Bergman, a pediatric neurologist. The only invasive procedure contemplated is the withdrawal of five cubic centimeters of blood for purposes of genetic testing.

Plaintiff objects to the fact that Dr. Bergman will be used by defendant Fieser as an expert witness. However, plaintiff fails to cite any authority for the proposition that a Rule 35 exam cannot be conducted by an individual who may be used as an expert witness at trial. The court does not agree that the mere fact that the proposed Rule 35 examiner is an expert witness should automatically preclude that person from conducting a Rule 35 exam.

Defendant also seeks to withdraw 5 cc of blood for purposes of genetic testing. First, the court finds that there has been a sufficient showing to permit genetic testing. Second, the court will allow the withdrawal of blood for purposes of this testing. The amount of blood sought is relatively small. [*5] While the court understands that such a procedure can be painful, especially for a child, the court finds that the pain involved to be relatively minor, especially given the potential relevance of such testing and the nature and amount of damages sought by the plaintiff.

Defendants also seek an examination by a neuropsychologist and a pediatric neurologist. The court finds that defendants have made a sufficient showing to allow these examinations as well.

IT IS THEREFORE ORDERED that plaintiff Kevin Bennett shall submit to an independent medical examination by the three physicians set forth above.

The second motion before the court is the motion of St. Francis Regional Medical Center objecting to and requesting the quashing of a subpoena issued to them for the residency records of defendant Fieser (Doc. 113). Movant claims the documents are protected by the peer review privilege. The peer review privilege is contained in K.S.A. 65-4915(b), and is as follows:

> Except as provided by K.S.A. 60-437 and amendments thereto and by subsections (c) and (d), the reports, statements, memoranda, proceedings, findings and other records of peer review committees or officers shall be privileged [*6] and shall not be subject to discovery, subpoena or other means of legal compulsion for their release to any person or entity or be admissible in evidence in any judicial or administrative proceeding.

This court follows the holding of *Hill v. Sandhu,* 129 F.R.D. 548, 550-51 (D. Kan. 1990): all documents, records, statements, and any other information supplied to the committee for review are not protected; only those documents generated by, or which delve into the mind of the peer review committee are protected. If the legislature had wanted to protect documents provided to the peer review committees, it could have amended the peer review privilege as it did the risk management privilege. *See* K.S.A. 65-4925(a); 1987 Kan. Sess.Laws Ch. 176 § 11 at 896-97. Thus, movant may not assert the peer review privilege unless it meets the standards set forth above.

The burden of demonstrating the existence of a

privilege is on the party claiming the privilege. *Barclaysamerican Corp. v. Kane,* 746 F.2d 653, 656 (10th Cir. 1984); *Smith v. MCI Telecommunications Corp.,* 124 F.R.D. 665, 687 (D. Kan. 1989). [*7] The party claiming the privilege must supply the court with sufficient information to enable the court to determine that each element of the privilege is satisfied. *F.T.C. v. Shaffner,* 626 F.2d 32, 37 (7th Cir. 1980). A failure of proof as to any element of the privilege causes the claim of privilege to fail. *Bulk Lift Intern., Inc. v. Flexcon & Systems, Inc.,* 122 F.R.D. 482, 492 (W.D. La. 1988). A blanket claim of the existence of the privilege is insufficient to meet the burden of proof. *In re Grand Jury Subpoena,* 831 F.2d 225, 228 (11th Cir. 1987); *F.T.C. v. Shaffner,* 626 F.2d at 37.

The movant has clearly failed to meet their burden of proof as to the peer review privilege; movant has also failed to meet the requirements set forth in the federal rules of civil procedure when claims of privilege are made. All that movant has done at this point is to make a blanket claim that the documents requested are privileged. In order for the court to determine whether the documents are privileged, the court will require movant St. Francis Regional Medical Center to prepare [*8] a summary of each document for which the peer review privilege has been asserted. Fed.R.Civ.P. 26(b)(5); Fed.R.Civ.P. 45(d)(2); *see Snowden v. Connaught Laboratories, Inc.,* 137 F.R.D. 325, 334 (D. Kan. 1991). That summary must contain the following:

   (1) a brief description or summary of the contents of the document,

   (2) the date the document was prepared,

   (3) the person or persons who prepared the document,

   (4) to whom the document was directed, or for whom the document was prepared,

   (5) the purpose in preparing the document,

   (6) the privilege or privileges asserted as to that document,

   (7) how each element of the privilege or privileges is/are met as to that document.

The summary of each document should be specific enough to permit the court to determine whether or not the peer review privilege applies to that document, but need not set forth the specific information contained therein for which the privilege is asserted. St. Francis Regional Medical Center shall prepare this summary and provide it to opposing counsel by March 28, 1994. Plaintiff's counsel shall then have until April 18, 1994 to file a motion to compel pursuant to Fed.R.Civ.P. [*9] 45(c)(2)(B) if they believe that some or all of the documents for which a privilege is claimed is not privileged. In their renewed motion, plaintiff must indicate as, to each document why it is not privileged. Since the court will rely on the document summaries in lieu of an *in camera* inspection, *see* Fed.R.Civ.P. 26(b)(5) (Notes of Advisory Committee on Rules-"Providing information pertinent to the applicability of the privilege or protection should reduce the need for an *in camera* inspection of the documents") it is essential for the movant to provide a sufficient review and to discuss each and every element of the privilege asserted; failure to do so could result in a denial of the privilege and movant will not be permitted to file a motion to reconsider in an effort to provide supplemental information that should have been provided initially. This procedure has already been approved by Judge Belot in an order filed on January 20, 1994 in this case.

IT IS THEREFORE ORDERED that the motion of St. Francis Regional Medical Center is denied without prejudice. The issues can be raised in accordance with the guidelines set forth in this opinion.

Copies of this order shall [*10] be mailed to counsel of record for the parties.

Dated at Wichita, Kansas, on February 25, 1994.

JOHN THOMAS REID

United States Magistrate Judge