

LEXSEE 2008 U.S. DIST. LEXIS 41465

**TYLER NILSON, KENNETH NILSON, and KELLY NILSON, Plaintiffs, v. HERSHEY ENTERTAINMENT AND RESORTS COMPANY, and GREAT COASTERS INTERNATIONAL, INC., Defendants.**

Civil No. 1:06-CV-01474

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

2008 U.S. Dist. LEXIS 41465

May 23, 2008, Decided
May 23, 2008, Filed

**PRIOR HISTORY:** Nilson v. Hershey Entm't & Resorts Co., 2007 U.S. Dist. LEXIS 68105 (M.D. Pa., Sept. 14, 2007)

**COUNSEL:** [*1] For Tyler Nilson, a minor, Kenneth Nilson, Kelly Nilson, Guardians and Parents, Plaintiffs: Emmanuel J. Argentieri, Gary F. Piserchia, LEAD ATTORNEYS, Parker McCay P.A., Marlton, NJ.

For Hershey Entertainment and Resorts Company, Defendant, Cross Claimant: Carol Steinour Young, LEAD ATTORNEY, McNees, Wallace & Nurick, Harrisburg, PA; Susan V. Metcalfe, McNees Wallace & Nurick LLC, Harrisburg, PA.

For Great Coasters International, Inc., Defendant: Timothy J. McMahon, LEAD ATTORNEY, Marshall, Dennehey, Warner, Coleman & Goggin, Harrisburg, PA.

**JUDGES:** SYLVIA H. RAMBO, United States District Judge.

**OPINION BY:** SYLVIA H. RAMBO

**OPINION**

**MEMORANDUM and ORDER**

In this tort action, Plaintiff, a minor, brings suit against Defendants claiming that they caused the hearing loss he experienced after riding a roller coaster at Hershey Park. Defendants seek a court order, pursuant to Fed. R. Civ. P. 35(a), compelling Plaintiff to submit to additional testing to determine the cause of his hearing loss. Specifically, Defendants seek to perform three diagnostic tests recommended by Dr. Robert Sataloff: (1) a blood test, (2) a brainstem auditory evoked response ("BAUR"), and (3) an electronystagmogram ("ECG") or audiogram. Plaintiff opposes [*2] additional testing, arguing that it is unnecessarily intrusive and sought for an improper purpose. The parties have briefed the issue, which is now ripe for disposition. For the reasons that follow, Plaintiff will be required to submit to the additional testing.

Federal Rule of Civil Procedure 35(a)(1) provides in pertinent part that "[t]he court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." *Id.* "In determining what kinds of examination to authorize, the court must balance the desire to insure the safety and freedom from pain of the party to be examined against the need for the facts in the interest of truth and justice." 8A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2235.

By initiating this lawsuit, Plaintiff has placed the

cause of his hearing loss in controversy. Upon consideration of the parties' arguments and briefs, the court is satisfied that the diagnostics testing proposed by Dr. Sataloff is safe, minimally invasive, will be performed by a suitably licensed examiner, and is directly [*3] relevant to the central issue in this case--the cause of Plaintiff's hearing loss. The blood test involves drawing a small amount of blood for testing, and testing it for disorders that may cause hearing loss, including Lyme disease. The BAUR test detects abnormalities in the nervous system and hearing loss. Electrodes are attached to the patient's scalp to measure brain wave activity in response to clicks and tones supplied through earphones. The ECG is a diagnostic tool to evaluate hearing loss and its cause. Liquid is introduced into the ear canal while doctors measure the reflexive movement of the patient's eyes. The test takes about ninety minutes, and the patient may briefly experience vertigo. Any inconvenience or discomfort to Plaintiff posed by these tests is far outweighed by their potential to determine the cause of Plaintiff's hearing loss. Accordingly, Plaintiff will be required to submit to these three additional diagnostic tests by Dr. Sataloff. Plaintiff's remaining arguments concerning Defendants' motivations for requesting testing are frivolous and merit no discussion.

Accordingly, **IT IS HEREBY ORDERED THAT** Plaintiff shall submit to the blood test, brainstem auditory [*4] evoked response test, and electronystagmogram to be performed by Dr. Sataloff at a time and place agreed upon by the parties.

/s/ Sylvia H. Rambo

SYLVIA H. RAMBO

United States District Judge

Dated: May 23, 2008.