UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL NO. 1873

SECTION "N-5"

JUDGE ENGELHARDT
MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon Wright v. Forest River, Inc., et al.*
*Case No. 09-2977 (E.D. La.)*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESULTS AND DATA FROM DEFENSE'S MEDICAL EXAMINATION

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff Lyndon Wright, (hereinafter "Lyndon" or "Plaintiff"), who respectfully offers this memorandum in support of his Motion to Compel the production of Defendant Medical Examination Records, pursuant to Federal Rule of Civil Procedure 35.

On June 1, 2009, pursuant to Forest River's ("Defense Counsel") request, the Plaintiff underwent a medical examination ("DME"). Upon information and belief, new and directly relevant information was discovered during the course and scope of the DME. The plaintiff believes it is necessary to incorporate the data and results from the DME into his expert reports. Because of this, the Plaintiff requested these records and has reiterated his request over a series

1

of phone conversation and e-mails, and through a formal Request for Production of Documents. After initially agreeing to turn over any test results or medical data obtained from the DME, Defense Counsel is now refusing to do so. Instead, Defense Counsel has indicated they have not yet asked for the production of the DME records themselves, even though it took place nearly two months ago despite the fact that the Plaintiff began requesting the data well over a month ago. Further, Defense Counsel initially agreed to expedite the results of the exam but now states that they do not plan on turning over the DME data, separate from any report, until their expert reports are due in October, four months after the exam.

The Plaintiff has requested, and is entitled to these records pursuant to Rule 35 of the Federal Rules of Civil Procedure. Rule 35 states in pertinent part:

> The party who moved for examination, must, on request, deliver to the requester a copy of the examiner's report, together with all like reports of all earlier examinations of the same condition. The request may be made by the party against whom the examination order was issued or by the person examined.

In telephone conversations between counsel for Plaintiff and Forest River, it was indicated that Forest River would produce the records, apart from the actual expert reports- which Plaintiff understood would be produced at the agreed upon time. In a July 6, 2009 e-mail communication (Attachment 1), Plaintiff's Counsel re-iterated the content of previous telephone conversations and stated: "I had previously requested the [D]ME report for Wright's June [D]ME. You had also agreed to share any test results or medicals from the test in an expedited manner. Do you have these?" No response was received from Forest River

Two days later, on July 8, 2009, Counsel for Plaintiff sent a follow-up e-mail which stated:

> We have discussed and sent repeated requests for the [D]ME test results be provided as Soon as possible, and you had agreed to do so. Can you please let me know when we

2

> Could expect those to be produced? This was after you had indicated the [D]ME report
> Was not expected until August 22.

(Attachment 2). Clearly, this e-mail communication differentiates the Medical Report from the medical test results. Again, Forest River produced no records, but in a telephone conversation, counsel for Forest River indicated that they would expedite the production of these documents if it was submitted in a formal request. Counsel for Plaintiff, on July 10, 2009, sent an e-mail reiterating their request for expedited production and attached a formal Request for Production of Documents. (Attachment 3). Again, no response was received from Forest River and no documents were produced.

On July 27, 2009, Counsel for Plaintiff sent an e-mail again requesting these documents and informing Forest River that the expert reports would be held open pending production of these documents. (Attachment 4). Forest River responded to this communication by stating they had not yet asked for production of the DME reports. (See Attachment 4). It is also apparent from this communication that Forest River never intended to produce these documents. At no point, until July 27, 2009, despite repeated communications to the effect this had been agreed upon, did Forest River indicate it would not produce these documents. (See Attachment 4), that another reason for not producing the data from the DME is because:

> As you may know, the plaintiffs did not request nor was a provision included in the
> [D]ME protocol requiring disclosure of the test results in advance of the expert deadline,
> And neither Gulfstream nor Fleetwood or any other manufacture has been asked to
> Produce this information in advance of their respective expert deadlines.

However, there seems to be some confusion on the part of the Defense Counsel as the Plaintiff is not requesting the expert report but merely the data from the [D]ME to which they are entitled. Also, it is of no consequence in the instant matter what is being requested in the Fleetwood and

Gulfstream trials. The Plaintiff would, much like the Defense Counsel, use the data from the DME to supplement their expert report.

Additionally, the language of Federal Rule 35 is plain, if a request for data is made, it must be produced to the requesting party, whether or not it was in the protocol is a non-issue, the request has now been made several times and the Defense must comply with it. Plaintiff's Counsel indicated to Defense Counsel that if they were not supplied with the DME, they would have to leave their expert reports open to supplementation pending the production of the data from the DME, to which Defense Counsel indicated they would not agree. As Plaintiff is entitled to this information, and requested it well in advance of his expert report deadline, the Forest River position is unsupportable. Because the Plaintiff did not have access to the information in the DME before the expert report deadline, despite repeated requests, he avers it is proper to keep the relevant expert reports open so they can supplement them with the additional information contained in the data from the DME.

The Plaintiff relied on Forest River's agreement to produce the data from his medical exam as they indicated they would. However, with the delay of the production of this data from Forest River, the Plaintiff was not able to add this information to his expert report at the July 29, 2009 preliminary report deadline, and can only pray that this Honorable Court allow him to supplement upon receipt. Also, there is now an outstanding formal request for Production of Documents that Forest River has not responded to and does not seemingly intend to respond. As such, the Plaintiff respectfully requests that this Court grant the Motion to Compel the production of all the data from the Defense's Medical Examination to which they are entitled as it is clearly granted to them under Rule 35 of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff Lyndon Wright prays that this honorable Court grant his Motion to Compel the results of the Defense's Medical Examination for the reasons set forth in this memorandum, and further requests that the relevant medical reports be held open for supplementation based upon the production of these documents.

RESPECTFULLY SUBMITTED:

**FRANK J. D'AMICO, JR., APLC**

BY:<u>s/Frank J. D'Amico</u>
FRANK J. D'AMICO, JR., T.A. (#17519)
AARON Z. AHLQUIST (#29063)
**FRANK J. D'AMICO, JR., APLC**
622 Baronne Street
New Orleans, LA 70113
Telephone:  (504) 525-7272
Fax:  (504) 525-952

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

s/Frank J. D'Amico
FRANK J. D'AMICO, #17519