PLAINTIFF'S EXHIBIT 4

# Aaron Ahlquist

| | |
|---|---|
| From: | Aaron Ahlquist |
| Sent: | Monday, July 27, 2009 5:19 PM |
| To: | 'Ernest Gieger'; Jason Bone |
| Cc: | dkurtz@bakerdonelson.com; Frank D'Amico Jr; Henry.Miller@usdoj.gov; jwoods@gainsben.com |
| Subject: | RE: Things which need to be discussed, please call me. |

Ernie,

The reports/minus mold testing/unit testing will be submitted on the 29th. However, I have been asking for this information since June. Upon a specific request several weeks ago, Jason had indicated that he would do what he could to expedite the records production...Now, I am told that I erroneously interpreted an attempt at accommodation. First, I do not understand where any attempt at accommodation was made, if there was never any intent to produce these records. Second, under Rule 35, we are entitled to see this information. Third, it is directly relevant to his medical condition, and we have been anticipating the production (and have communicated same) to incorporate into the reports. Refusal to produce does not make it irrelevant. I have three proposals, and we can discuss further based upon which you feel is most appropriate (although I anticipate a fourth proposal coming from your end). (1) You produce the documents and we supplement (only as to those records and to mold), this would only impact two or three reports (and it is already basically addressed in one of them). (2) We supplement our reports following the Defense expert reports which are expected (and required) to contain the materials requested, although this puts significant time pressure on all parties, or (3) we could file a motion to compel, and request that the court allow supplementation following production, and let opposed motion practice determine how this is resolved. I am happy to do any of the above.

Please let me know, Thanks.

Aaron

-----Original Message-----
From: Ernest Gieger [mailto:EGieger@glllaw.com]
Sent: Monday, July 27, 2009 5:02 PM
To: Aaron Ahlquist; Jason Bone
Cc: dkurtz@bakerdonelson.com; Frank D'Amico Jr; Henry.Miller@usdoj.gov
Subject: RE: Things which need to be discussed, please call me.

Aaron,

In all of these case brought by the "P" , we have expert deadlines for all parties. We expect Wright to comply with those deadlines. You had requested an extension of your expert reports based on the Forest River trailer testing that needed to be done. At the recent conference with the judge, you indicated that reports would be forthcoming and requested an extension until September 29th and supplementation based on the trailer testing. I assume that your medical causation experts have done whatever testing needed to support their position and will be providing us with full reports on the 29th. We will not agree to leave your reports open and subject to supplementation. I do not think that Henry or Dave would agree with a latter supplementation in re medical causation, unless it is directly related to the mold issue.

Ernest P. Gieger, Jr.
Gieger, Laborde & Laperouse, L.L.C.

1

New Orleans, La.
Contact Information:
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone 504-561-0400
Direct Dial 504-654-1300
Facsimile 504-561-1011

Houston, Texas
Contact Information:
1177 West Loop South, Suite 750
Houston, Texas  77027
Main Telephone:  832-255-6000
Fax: 832-255-6001


E-Mail   EGIEGER@GLLLAW.COM

The accompanying e-mail is intended solely for the use of the recipient designated above.
Document(s) transmitted herewith may contain information that is confidential and privileged.
Delivery, distribution or dissemination of this communication other than to the intended
recipient is strictly prohibited.  If you have received this e mail in error, please notify
us immediately by telephone, (504) 561-0400.



>>> "Aaron Ahlquist" <aahlquist@damicolaw.net> 7/27/2009 4:33 PM >>>
Jason,

We have discussed this a number of times, and pursuant to Rule 35 of the FRCP, I think we are
entitled to not only a report, but the medical records as well.  There is clearly an issue as
to whether the data could indicate a finding of asthma during the testing.  I am asking that
this material be provided pursuant to the discovery request which was propounded upon Forest
River several weeks ago.  We can wait on the reports themselves until the agreed upon dates.
However, the alternative is to leave our reports open ad subject to supplementation until we
see this data as these are known medical records which have direct bearing on this case, and
have been requested both informally and formally in advance of the report due date.  I am not
trying to be difficult, but I believe that we are entitled to this information, in addition
to the reports.  Please let me know if this can be produced in advance, or that you are
willing to allow supplementation of our reports at a later date upon your production?  Also,
you indicate an attempt at accommodation to the requested data...what exactly was the
accommodation if you will not produce the records which were requested?

As for the other issues, please keep me posted.  Thanks, Aaron

-----Original Message-----
From: Jason Bone [mailto:Jbone@glllaw.com]
Sent: Monday, July 27, 2009 4:27 PM
To: Aaron Ahlquist
Cc: Frank D'Amico Jr; Ernest Gieger
Subject: Re: Things which need to be discussed, please call me.

Aaron,

In answer to your inquiries:

1.) As I have tried to reiterate, our experts reports were initially due August 21. Accordingly, we have not asked for production of an IME report. We will produce the report when we are required under the scheduling order along with the basis for the opinions contained therein. As a courtesy to you, I inquired from Ernie whether we could produce any of the test data in advance of the report. In our discussions, I indicated to you that "I didn't think it would be a problem" to get you these documents, but that I would check with Ernie.

As you may know, the plaintiffs did not request nor was a provision included in the IME protocol requiring disclosure of the tes t results in advance of the expert deadline, and neither Gulfstream nor Fleetwood or any other manufacturer has been asked to produce this information in
advance of their respective expert deadlines.   Ernie has advised me
that his preference is to follow the scheduling order established by the Court. As it appears my attempted accommodation was viewed by you, albeit erroneously, as a promise to produce the information, I apologize
for the misunderstanding.

2.) We are looking into the availability of our witnesses for the week of August 31 in South Bend. I expect to know something by the end of the week.

3.) I have attempted to contact our IT folks today on this. I have not heard back. The process was commenced on 7/21. I understand from prior conversations that review of retrieved material may begin as early as the end of next week. Depending on the number of documents returned by the search, this process could take several weeks, especially given that both Carson and I will be tied up with the inspection of the unit.

Best regards,
Jason


>>> "Aaron Ahlquist" <aahlquist@damicolaw.net> 7/27/2009 2:58 PM >>>
Jason,


There are a number of things that I need to discuss with you: (1) when can I expect the 6/1/09 IME test data/results? (Aspects of our expert reports are being held open pending the production and review of these records, and you had indicated three weeks ago that production could be expedited if we formalized our requests for this data). (2) deposition dates. (3) Anticipated production of Electronically stored data.


Please give me a call.  Thanks.


Aaron Z. Ahlquist

Class Action Attorney

FRANK J. D'AMICO, JR., APLC

622 Baronne Street

New Orleans, LA  70113

Phone: (504) 525-7272 ext.233

Fax:   (504) 525-1073

Email: aahlquist@Damicolaw.net <mailto:BSpiers@Damicolaw.net>

Website: www.damicolaw.net <http://www.damicolaw.net/>

FRANK J. D'AMICO, JR., APLC intends that this electronic message be used exclusively by the individual or entity to which it is addressed.

The message may contain information that is privileged, confidential and exempt from disclosure under applicable law. The unauthorized disclosure or interception of e-mail is a federal crime; 18 U.S.C. § 2517(4).  If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, be aware that any disclosure, dissemination, distribution or copying of this communication, or the use of its contents, is strictly prohibited.  If you have received this communication in error, please notify FRANK J. D'AMICO, JR., APLC immediately by telephone at (504)
525-7272 or by electronic mail and delete the original message from your e-mail system. Thank you.

CONFIDENTIAL ATTORNEY WORKPRODUCT