UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE:  FEMA TRAILER
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL NO. 1873

SECTION "N-5"

JUDGE ENGELHARDT
MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Jack Carrier v. Gulf Stream Coach, Inc., et al*
*No: 09-cv-201*

******************************************************************************

## FIRST SUPPLEMENTAL AND AMENDING COMPLAINT FOR DAMAGES

Named Plaintiffs through undersigned counsel respectfully supplement and amend their original Complaint in the following respects:

1. Named Plaintiffs seek to add Eva Carrier as a Named Plaintiff.

2. Named Plaintiffs seek to substitute Shaw Environmental, Inc., as a defendant in place of Fluor Enterprises, Inc., in the action by substituting the following paragraph for paragraph 5 of the original Complaint.

   5. Shaw Environmental, Inc. ("Shaw"), a Louisiana corporation, received a No-Bid contract from the Federal Emergency Management Agency ("FEMA") and was tasked with, amongst other things, performing significant functions in the transportation, delivery, installation, maintenance and repair, de-installation and refurbishment of the temporary housing units provided by FEMA to the victims of hurricanes Katrina and Rita.

3. Named Plaintiffs further seek to amend their original complaint by reasserting all factual allegations originally made as to Fluor Enterprises, Inc., substituting Shaw Environmental, Inc., in their place.

4. Named Plaintiffs further seek to amend their original complaint by substituting the following paragraphs in place of paragraphs 92-105 in the original complaint:

## COUNT 3:

### CAUSE OF ACTION AGAINST SHAW UNDER THE LOUISIANA PRODUCTS LIABILITY ACT

92. Plaintiffs incorporate the above allegations as if fully repeated verbatim herein.

93. Shaw qualifies as a manufacturer under the Louisiana Products Liability Act ("LPLA"), as they performed work pursuant to their contracts with FEMA which altered the character, design, construction, and/or quality of the product and the housing units constitute products under the LPLA.

94. The increased exposure to formaldehyde fumes from the alteration of the temporary housing units by Shaw resulted from the normal, foreseeable, and intended use of the products and equipment.

95. The installation and alteration of the temporary housing units, the modifications to the manufacturers' designs, and the "blocking" of units off their wheel base, altered the product which increased the effects of the product's defect and posed an unreasonable risk of harm to each Named Plaintiff.

96. Each Named Plaintiff was an intended and foreseeable user of the alleged defective products, and damages and losses to each Named Plaintiff reasonably could have been anticipated by Shaw.

97. Shaw, by installing the temporary housing units on concrete blocks for extended occupancy and, further, by installing residential appliances and heating and air conditioning units, knowingly and intentionally modified the design and the actual use of the units.

98. The defects in Shaw's product are the result of and/or include, but are not limited to the following:

   a. In creating stress and flexing on the frames of the units by lifting significant weight from the wheel base, which distorted the travel trailers' shells allowing for increased moisture intrusion and formaldehyde exposure due to cracks and openings in the shell;

   b. In providing temporary housing units to the each Named Plaintiff which, by virtue of their composition, refurbishment, reconditioning, and/or construction were unreasonably dangerous under reasonably anticipated use;

   c. In providing temporary housing units to each Named Plaintiff which, lacking adequate warnings, were unreasonably dangerous under reasonably anticipated use;

   d. In failing to warn each Named Plaintiff of the unreasonably dangerous nature of the travel trailer(s) converted to temporary housing units for

their intended use by FEMA or of the presence of excessive levels of emissions of formaldehyde;

e. In failure to ensure that the temporary housing units they installed, refurbished, and reconditioned were suitable for their intended use, as long term housing;

f. In failing to adhere to any and all of the warning against the jacking of the units with weight off their wheel base by the manufacturers;

g. In failing to follow the manufacturers' instructions for the installation and intended use of the temporary housing units;

h. In providing housing units which were unduly dangerous due to their emissions of formaldehyde; and,

i. Such other indicia of fault under the LPLA as will be shown at the trial of this matter.

## COUNT 4:
## NEGLIGENCE OF SHAW UNDER LOUISIANA LAW

99. Each Named Plaintiff incorporates the above allegations as if fully repeated verbatim herein.

100. At all relevant times Shaw was tasked with the transportation, installation, site identification, preparation, inspection, maintenance and repair, refurbishment and restoration, and removal of the temporary housing units, which caused the Plaintiffs' injuries.

101. Shaw owed a duty to each Named Plaintiff to provide, transport, install, inspect, maintain, repair, refurbish, recondition and restore safe temporary housing units that did not emit hazardous levels of formaldehyde.

102. Shaw knew or should have known when they provided, transported, installed, inspected, maintained, repaired, refurbished, reconditioned and restored the temporary housing units to the general public (thereby modifying and converting the mobile units into residential installations) the actual and intended use of the temporary housing units by each plaintiff, and that the temporary housing units would be used in the manner that each plaintiff herein used the temporary housing units.

103. Shaw breached their duty to each Named Plaintiff in failing to act reasonably in the provision, installation, inspection, maintenance, repair, refurbishment, reconditioning and restoration of the temporary housing units; specifically by:

   a. Failing to sufficiently warn the Plaintiffs of the inherently dangerous properties or the foreseeable conditions of the temporary housing units when used for long term occupancy;

   b. Failing to adhere to the manufacturers' warnings against jacking the temporary housing units off the wheel base by "blocking" the units;

104. Shaw's actions were the proximate cause of the increased exposure of formaldehyde to the each Named Plaintiff.

105. Shaw contributed to and exacerbated the adverse health impacts upon the residents of the temporary housing units.

5. As no answer has been filed in the above captioned matter, the Named Plaintiffs are entitled to amend their Complaint as a matter of course pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.

WHEREFORE, Named Plaintiffs respectfully supplement the original Complaint in the foregoing respects, and they otherwise reiterate and re-aver all of the allegations, claims and prayers for relief contained therein.

    Respectfully submitted:

    **GAINSBURGH, BENJAMIN, DAVID,
MEUNIER & WARSHAUER, L.L.C.**

    BY:   s/Justin I. Woods
           GERALD E. MEUNIER, #9471
           JUSTIN I. WOODS, #24713
           Gainsburgh, Benjamin, David,
           Meunier & Warshauer, L.L.C.
           2800 Energy Centre
           1100 Poydras Street
           New Orleans, Louisiana  70163
           Telephone:   504/522-2304
           Facsimile:   504/528-9973
           gmeunier@gainsben.com
           jwoods@gainsben.com

**CERTIFICATE OF SERVICE**

I hereby certify that on 31 of July, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                           s/Justin I. Woods
                                           JUSTIN I. WOODS, # 24713