

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 09-5965                                                    DIVISION "I"
                                                               SECTION "14"

BRIDGET SCOTT O/B/O NALA SCOTT AND BRIDGET SCOTT O/B/O
JEFFREY WASHINGTON, JR.

versus

LAKESIDE PARK HOMES, INC., CH2M HILL CONSTRUCTORS, INC. AND
RAZZ ELECTRICAL SERVICES, LLC

FILED: _____      _____
                                     DEPUTY CLERK

### NOTICE OF FILING OF NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes defendant, CH2M HILL Constructors, Inc. ("CH2M HILL"), and hereby notifies this Court that it has filed a Notice of Removal of the captioned matter with the United States District Court for the Eastern District of Louisiana, a copy of which is attached hereto as Exhibit "A." Accordingly, pursuant to the provisions of 28 U.S.C. § 1446, this Court shall proceed no further unless the case is remanded.

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

_____
Danny G. Shaw (Bar No. 11977)
Gerardo R. Barrios (Bar No. 21223)
Wade M. Bass (Bar No. 29081)
No. 3 Sanctuary Boulevard, Suite 201
Mandeville, LA 70471
Telephone: (985) 819-8400
Facsimile: (985) 819-8484
dshaw@bakerdonelson.com
gbarrios@bakerdonelson.com
wbass@bakerdonelson.com

**ATTORNEYS FOR
CH2M HILL CONSTRUCTORS, INC.**

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on July 20, 2009, the foregoing Notice of Filing of Notice of Removal was served on all known counsel of record via facsimile transmission and/or by placing same in the United States Mail, in a properly addressed envelope, with first-class postage pre-paid.

_____
Wade M. Bass



UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRIDGET SCOTT O/B/O NALA SCOTT AND BRIDGET SCOTT O/B/O JEFFREY WASHINGTON, JR.<br><br>    Plaintiffs,<br><br>v.<br><br>LAKESIDE PARK HOMES, INC., CH2M HILL CONSTRUCTORS, INC. AND RAZZ ELECTRICAL SERVICES, LLC<br><br>    Defendants. | CIVIL ACTION 09-4455<br><br>NO.    SECT. N MAG. 5<br><br>SECTION<br>JUDGE<br><br>MAG. DIV.<br>MAG. JUDGE |

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, comes defendant, CH2M HILL Constructors, Inc. ("CH2M HILL") and, with a full reservation of rights, files this Notice of Removal and avers that this matter is hereby removed to this Court on the following grounds:

1



1.

On June 10, 2009, plaintiffs, through attorney Hugh P. Lambert of the firm of Lambert & Nelson, PLC, filed this action, entitled "*Bridget Scott o/b/o Nala Scott and Bridget Scott o/b/o Jeffery Washington, Jr. v. Lakeside Park Homes, Inc., CH2M HILL Constructors, Inc. and Razz Electrical Services, LLC*" and bearing Docket Number 2009-5965, Division "I", Section "14" (the "Petition"), in the Civil District Court for the Parish of Orleans, State of Louisiana. A copy of all process, pleadings, and orders served upon CH2M HILL are attached hereto in accordance with 28 U.S.C. § 1446(a) as Exhibit 1.

2.

For purposes of allotment, this Petition arises solely from operative facts that are the subject of multidistrict litigation ongoing in the U.S. District Court for the Eastern District of Louisiana, entitled *In re: FEMA Trailer Formaldehyde Products Liability Litigation* and bearing MDL docket number 07-1873, which matter is pending before Judge Engelhardt, Section N(5) [*In re: FEMA Trailer Formaldehyde Products Liability Litigation*, MDL No. 07-md-01873-KDE-ALC (E.D. La.)].

3.

CH2M HILL was served with the Petition on June 29, 2009. Upon information and belief, as of the filing of this Notice of Removal, the other defendants have not been served with the Petition and, as such, are not required to join in the notice of removal. *See Miranti v. Lee*, 3 F.3d 925 (5th Cir. 1993); *Jones v. Houston Independent School Dist.*, 979 F.2d 1004 (5th Cir. 1992) (defendants who are not served may be ignored for the purpose of requiring their joinder in the notice of removal).

2

4.

In any event, CH2M HILL is removing this case pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1), which provides an exception to the general rule requiring all defendants to join in the removal. *Akin v. Ashland Chemical*, 156 F. 3d 1030, 1034 (10th Cir. 1998); *Fowler v. Southern Bell Tel. & Tel. Co.*, 343 F. 2d 150, 152 (5th Cir. 1965)("it is settled that the filing of a petition for removal by a single federal officer removes the entire case to the federal court."); *Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co.*, 644 F. 2d 1310, 1315 (9th Cir. 1981)("Since the federal officer is the only one entitled to remove under § 1442, he alone can remove without other defendants joining in the petition, and the entire case is removed to the federal court."). Thus, this Notice of Removal of the case to the United States District Court is timely filed, *i.e.*, no more than thirty (30) days after service of the Petition, in accordance with 28 U.S.C. §§ 1441 and 1446.

5.

"[T]he right of removal under 28 U.S.C. § 1442 (a)(1) is made absolute whenever a suit in state court is for any act 'under color' of federal office, regardless of whether the suit could originally have been brought in federal court. Federal jurisdiction rests on a 'federal interest in the matter,' . . . ." *Willingham v. Morgan*, 395 U.S. 402, 406, 89 S.Ct. 1813, 1816, 23 L.Ed.2d 396 (1969).

6.

Three requirements must be met to invoke the federal officer removal statute: (1) the defendant must be a "person" within the meaning of §1442(a)(1); (2) the defendant must have acted under color of federal authority when committing the acts that allegedly caused plaintiffs' injuries; and (3) the defendant must have a colorable federal defense. *Williams v. Todd*

3

*Shipyards Co.*, 154 F.3d 416, 1998 WL 526612, *2 (5th Cir. 1998) (citing *Mesa v. California*, 489 U.S. 121, 129, 131, 109 S.Ct. 959, 103 L.Ed.2d 99 (1989)). All three requirements exist in this instance. *See, e.g., Isaacson v. DOW Chemical Co.*, 517 F.3d 129 (2d Cir. 2008) (finding removal proper under Section 1442(a)(1) where the defendant was a government contractor and the third element – that the defendant have a colorable defense – was based on the government contractor defense); *Miller v. Diamond Shamrock Chemical Co.*, 275 F.3d 414 (5th Cir. 2001) (same); *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 397-401 (5th Cir. 1998) (same); *Williams v. Todd Shipyards Corp.*, 154 F.3d 416, 1998 WL 526612 (5th Cir. 1998) (same).

7.

CH2M HILL qualifies as a "person" under Section 1442(a)(1). *See Winters v. Diamond Shamrock Chemical Company*, 149 So. 2d 387, 398 (5th Cir. 1998) (examining the federal officer removal statute and explaining that "corporate entities [such as CH2M HILL] qualify as 'persons' under § 1442(a)(1)") (citation omitted).

8.

CH2M HILL was acting under color of federal authority when it is alleged to have performed the work that resulted in plaintiffs' alleged injuries. Indeed, plaintiffs' allegations against CH2M HILL arise out of CH2M HILL's engagement "by FEMA through contracts, with the transportation, installation, ... inspection, ... maintenance and repair, refurbishment and restoration, and the eventual de-installation and removal of the [travel trailer] units." *See* Exh. "1," Petition ¶ XII. If CH2M HILL performed the transportation, installation, inspection, maintenance, repair, refurbishment or restoration of the FEMA trailer (the "Work") involved in this litigation, then the Work was, as alleged by plaintiffs, performed pursuant to a federal

4

contract between FEMA and CH2M HILL (the "Contract"), and CH2M HILL was acting under color of federal authority when performing under the Contract.

9.

Specifically, FEMA approved and provided reasonably precise specifications regarding installation of travel trailers, and mandated the installation method complained of at ¶¶ XVII – XXI of the Petition (*i.e.*, "blocking the unit"). Further, CH2M HILL performed this government work under FEMA's supervision and FEMA inspectors monitored and inspected the Work performed under the Contract. Moreover, FEMA maintained enforcement authority and substantively reviewed the Work performed by CH2M HILL. Relevant excerpts of the Contract between CH2M HILL and FEMA are attached hereto as Exhibit "2."

10.

More specifically, the FEMA-CH2M HILL Contract provides detailed specifications, checklists, procedures and policies regarding delivery, installation, maintenance, and inspection of the FEMA trailers.[1] Exhibit 7 to Attachment A of the FEMA-CH2M HILL Contract, entitled "TRAVEL TRAILER INSTALLATION" provides precise direction as to the method of installing the unit allegedly occupied by the plaintiffs, which directions specifically mandate the "Blocking and Leveling" complained of.[2]

---

[1] *See* Sections G.7 – Project Monitor; Section G.8 – Technical Direction and Surveillance; Section J, Attachment A – Performance Work Statement; and Section J, Attachment A – Performance Work Statement, Exhibits 1-15, FEMA-CH2M HILL Contract (Exh. "4"). FEMA's contractual instructions to CH2M HILL also took the form of numerous individual task orders regarding the hauling, installation, maintenance, and deactivation and removal of the FEMA trailers. Throughout performance of the contract, FEMA modified and amended its policies and procedures with respect to the Work by contract and task order modifications, as well as verbal and written communication to CH2M HILL.

[2] *See* Attachment A, Exhibit 7, Section 2.1.2 "Blocking and Leveling," FEMA-CH2M HILL Contract (Exh. "4").

11.

As a government contractor involved in the Hurricane Katrina disaster assistance provided by FEMA, CH2M HILL has available to it the government contractor defense.[3] *See In re World Trade Center Disaster Site Litigation*, 521 F.3d 169, 197 (2d Cir. 2008) (applying the government contractor defense to "the disaster relief context due to the unique federal interest in coordinating federal disaster assistance and streamlining the management of large-scale disaster recovery projects, as evidenced by the Stafford Act.").

12.

In accordance with the requirements of 28 U.S.C. § 1446(d) CH2M HILL will, promptly after the filing of this Notice of Removal, give written notice of this Notice of Removal to all adverse parties and will file a copy of this Notice of Removal with the Clerk of Court for the Civil District Court of Orleans Parish, Louisiana, which notice shall be in the form of the Notice of Filing of Notice of Removal attached hereto as Exhibit "3."

**WHEREFORE**, defendant, CH2M HILL Constructors, Inc. prays that this matter be removed to the United States District Court for the Eastern District of Louisiana for further proceedings and disposition.

---

[3] For purposes of removal, CH2M HILL is not required to prove success on its defense. *Mesa*, 489 U.S. at 133; *Magnin v. Teledyne Continental Motors*, 91 F.3d 1424, 1427 (11th Cir. 1996) ("defense need only be plausible; its ultimate validity is not to be determined at the time of removal."); *Jamison v. Wiley*, 14 F.3d 222, 238 (4th Cir. 1994) ("defendant need not prove that he will actually prevail on his federal immunity defense in order to obtain removal"). Rather, CH2M HILL is only required to show a causal connection between the plaintiffs' claims and CH2M HILL's performance as a federal contractor; CH2M HILL has done so. *See Williams v. Todd Shipyards Co.*, 154 F.3d 416, 1998 WL 526612, *6 (5th Cir. 1998).

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

_____
Danny G. Shaw (Bar No. 11977)
Gerardo R. Barrios (Bar No. 21223)
Wade M. Bass (Bar No. 29081)
No. 3 Sanctuary Boulevard, Suite 201
Mandeville, LA 70471
Telephone: (985) 819-8400
Facsimile: (985) 819-8484
dshaw@bakerdonelson.com
gbarrios@bakerdonelson.com
wbass@bakerdonelson.com

**ATTORNEYS FOR
CH2M HILL CONSTRUCTORS, INC.**

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that on July 21, 2009, the foregoing Notice of Removal was served on all known counsel of record via facsimile transmission and/or by placing same in the United States Mail, in a properly addressed envelope, with first-class postage pre-paid.

_____

7



# BAKER DONELSON
BEARMAN, CALDWELL & BERKOWITZ, PC



**CIVIL DISTRICT COURT**

3 SANCTUARY BOULEVARD
SUITE 201
MANDEVILLE, LOUISIANA 70471
PHONE: 985.819.8400
FAX:   985.819.8484

www.bakerdonelson.com

WADE M. BASS
Direct Dial: (985) 819-8424
Direct Fax: (985) 819-8484
E-Mail Address: wbass@bakerdonelson.com

2900305-000004

July 21, 2009



FILED
JUL 21 2009
DEPUTY CLERK
CIVIL DISTRICT COURT

**VIA FACSIMILE AND U.S. MAIL**

Hon. Dale N. Atkins
Clerk – Civil District Court
Room 402, Civil Courts Building
421 Loyola Avenue
New Orleans, Louisiana  70112

    Re:    *Bridget Scott O/B/O Nala Scott and Bridget Scott O/B/O Jeffrey Washington, Jr. vs. Lakeside Park Homes, Inc., CH2M HILL Constructors, Inc. and Razz Electrical Services, LLC*
           CDC for the Parish of Orleans, Case No. 09-5965, Division "I" - Section "14"

Dear Ms. Atkins:

    We enclose the original and a copy of Notice of Filing of Notice of Removal for filing on behalf of CH2M HILL Constructors, Inc. Please file the original of this document into the record of the referenced matter and return a conformed copy to us in the enclosed postage prepaid, self-addressed envelope.

    Please confirm by facsimile the receipt of this filing and the fees associated therewith. We will send the original documents and our Firm check for all filing and service costs via U.S. Mail within five (5) days.

    With kind regards, I remain

                            Cordially,

                            Wade M. Bass

Copy out
07-24-09

Hon. Dale N. Atkins
July 21, 2009
Page 2


WMB/mrg
Enclosures
cc:     Danny G. Shaw (via e-mail w/o encl.)
        Gerardo R. Barrios (via e-mail w/o enc.)

**CLERK OF CIVIL DISTRICT COURT**
421 Loyola Avenue, Rm. 402
New Orleans, LA 70112



**Dale N. Atkins**
CLERK OF COURT

Telephone: (504) 592-9100
Fax: (504) 592-9128
Email: cdcclerk@orleanscdc.com

Paid $30.00
7/23/09 dg

## FACSIMILE TRANSMISSION CONFIRMATION

TO: Wade M. Bass

FROM: HON. DALE N. ATKINS
CLERK, CIVIL DISTRICT COURT

DATE: 7-21-09   TIME: _____   FAX #: 985-819-8484

DATE PLEADING FILED: 7-21-09

DEPUTY CLERK: Deirdre Joseph

FAX FEE: $5.00   FILING FEES: $ _____

EXTRA PAGES: $ 25.00   TOTAL FEE DUE: $ 30.00

CASE TITLE: Bridget Scott o/b/o Aala Scott and Bright

VERSUS

Lakeside Park Homes, Inc. Chem Hill

CASE NUMBER: 09-5965   DIVISION: L-14

COMMENTS: Notice of Filing of Notice of Removal

IN ACCORDANCE WITH LSA-R.S. 13:850, THE FOLLOWING MUST BE RECEIVED WITHIN FIVE (5) DAYS EXCLUSIVE OF LEGAL HOLIDAYS FOR THE FACSIMILE FILING TO HAVE THE FULL FORCE AND EFFECT:

1. THE ORIGINAL DOCUMENT MUST BE SIGNED.
2. ALL APPLICABLE FILING FEES MUST BE RECEIVED WITH THE ORIGINAL.
3. AN ADDITIONAL $5.00 FACSIMILE TRANSMISSION FEE MUST BE ENCLOSED FOR EACH DOCUMENT TRANSMITTED PLUS AN ADDITIONAL $2.50 PER PAGE FOR TRANSMISSIONS IN EXCESS OF TWO (2) PAGES.

IN FORMA PAUPERIS APPLICANTS, FEDERAL, STATE, AND LOCAL AGENCIES **ARE NOT** EXEMPT

Confirmation Report - Memory Send

Page         : 001
Date & Time  : Jul-21-09  04:08pm
Line 1       : 5929128
Line 2       :
E-mail       :
Machine ID   : civil district court

| | |
|---|---|
| Job number | : 838 |
| Date | : Jul-21 04:07pm |
| To | : ☎919858198484 |
| Number of pages | : 001 |
| Start time | : Jul-21 04:07pm |
| End time | : Jul-21 04:08pm |
| Pages sent | : 001 |
| Status | : OK |
| Job number | : 838 |

*** SEND SUCCESSFUL ***

CLERK OF CIVIL DISTRICT COURT
421 Loyola Avenue, Rm. 402
New Orleans, LA 70112



*Dale N. Atkins*
CLERK OF COURT

Telephone: (504) 592-9100
Fax: (504) 592-9128
Email: cdcclerk@orleanscdc.com

## FACSIMILE TRANSMISSION CONFIRMATION

TO: Wade M. Bass
FROM: HON. DALE N. ATKINS
CLERK, CIVIL DISTRICT COURT
DATE: 7-21-09    TIME: _____    FAX #: 985-819-8484
DATE PLEADING FILED: 7-21-09
DEPUTY CLERK: Deirdre Joseph
FAX FEE: $5.00    FILING FEES: $ _____
EXTRA PAGES: $ 25.00    TOTAL FEE DUE: $ 30.00
CASE TITLE: Bridget Scott o/b/o Nala Scott and bright
VERSUS
Lakeside Park Homes, inc, Chem Hill
CASE NUMBER: 09-5965    DIVISION: N-14
COMMENTS: Notice of filing of notice of Removal

IN ACCORDANCE WITH LSA-R.S. 13:850, THE FOLLOWING MUST BE
RECEIVED WITHIN FIVE (5) DAYS EXCLUSIVE OF LEGAL HOLIDAYS FOR THE
FACSIMILE FILING TO HAVE THE FULL FORCE AND EFFECT:

1. THE ORIGINAL DOCUMENT MUST BE SIGNED.
2. ALL APPLICABLE FILING FEES MUST BE RECEIVED WITH THE ORIGINAL.
3. AN ADDITIONAL $5.00 FACSIMILE TRANSMISSION FEE MUST BE
ENCLOSED FOR EACH DOCUMENT TRANSMITTED PLUS AN ADDITIONAL
$2.50 PER PAGE FOR TRANSMISSIONS IN EXCESS OF TWO (2) PAGES.

IN FORMA PAUPERIS APPLICANTS, FEDERAL, STATE, AND LOCAL
AGENCIES ARE NOT EXEMPT