# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| **In Re:** | **FEMA Trailer Formaldehyde** | * | **MDL No. 1873** |
| | **Products Liability Litigation** | * | |
| | | * | **Section N(5)** |
| | | * | |
| | | * | **Judge Engelhardt** |
| | | * | |
| **This Document Relates To:** | | * | **Magistrate Chasez** |
| *Leslie Kujawa, et al.  v. Keystone RV Co., et al.* | | * | |
| *Civil Action No. 09-3944* | | * | **Jury Demand** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## PLAINTIFFS' FIRST SUPPLEMENTAL AND AMENDING COMPLAINT FOR DAMAGES

NOW INTO COURT, come Leslie Kujawa, Richard Kujawa, and Leslie and Richard Kujawa o/b/o of their minor children Blake Kujawa and Devin Kujawa, (hereinafter, "Plaintiffs"), who through undersigned counsel, supplement and amend their original Complaint for Damages filed on their behalf in the United States District Court for the Southern District of Mississippi on April 29, 2009. (SDMS Civ. Action No. 09-282; EDLA Civ. Action No. 09-3944), in the following respects and otherwise reiterate and reaver all of the allegations, claims and prayers for relief contained therein.

**1.**

Plaintiffs adopt paragraphs one through four ("I. PARTIES") of their original Complaint for Damages and add the following defendant:

a. The Defendant United States of America is sued herein as acting through the Federal Emergency Management Agency (FEMA), and both are referred to interchangeably herein as the "Federal Government," "Government" and/or "FEMA".

**2.**

Plaintiffs adopt paragraphs five through nine ("II. JURISDICTION AND VENUE") of their original Complaint for Damages and add the following paragraphs:

a. This Court has subject matter jurisdiction over the United States of America and FEMA pursuant to 28 U.S.C. §§1346 and 2671, *et seq*.

b. Pursuant to 28 U.S.C. §1367(a), this Court has subject matter jurisdiction over any claims, not otherwise subject to federal jurisdiction, based on the Court's supplemental jurisdiction over these claims.

**3.**

Plaintiffs adopt paragraphs ten through ninety-five ("III. FACTS AND GENERAL ALLEGATIONS") of their original Complaint for Damages.

**4.**

Plaintiffs add the following count against the United States of America through the Federal Emergency Management Agency.

**COUNT 5:**

**CAUSE OF ACTION AGAINST THE FEDERAL GOVERNMENT**

a. Plaintiffs incorporate the above allegations and those in their underlying original complaint for damages as if fully repeated verbatim herein.

b.  At all times herein, the Federal Government was under a duty to use due care and caution for the safety of the foreseeable users and occupants of the subject housing unit, which duty extended to each of the Named Plaintiffs herein.

c.  The Federal Government was obligated to promptly warn each Named Plaintiff of any defects in the housing unit which could cause harm and of which the Federal Government was aware.

d.  The Federal Government, after becoming aware of the potential for such harm, violated this duty to each Named Plaintiff, rendering the Federal Government negligent, grossly negligent, reckless, willful and/or wanton.

e.  As a direct and proximate result of the acts and/or omissions of the Federal Government, as well as its violation(s) of state and federal laws, each Named Plaintiff has suffered, and will continue to suffer harm and injuries, and is entitled to recover damages from the Federal Government.

f.  Further, since each Plaintiff is within the class and category of individuals meant to be protected by the state and federal statutory and regulatory laws which the Federal Government violated, Plaintiffs specifically plead the application of the doctrine of negligence *per se.*

g.  The Federal Government was negligent and at fault in the following non-exclusive particulars:

   i.  In failing to warn each of the Named Plaintiffs of the unreasonably dangerous nature of the housing unit which Plaintiffs occupied.

    ii.    In failing to promptly remedy the dangerous nature of the housing unit, on becoming aware of the formaldehyde dangers associated with the unit.

    iii.    In failing to timely implement adequate safety measures and procedures to address the defects in the housing unit of Named Plaintiffs, on becoming aware of the formaldehyde danger associated with the unit.

    iv.    Such other actions of negligence and fault as will be shown at the trial of this matter.

**5.**

**DAMAGES**

**A.** **<u>COMPENSATORY DAMAGES</u>**

In addition to and by way of summarizing the compensatory damages prayed for herein, each Named Plaintiff avers that the defendants, the United States of America through FEMA, Keystone and Bechtel, individually and/or jointly are responsible for all damages which each Named Plaintiff herein has suffered and continues to suffer as a consequence of defendants' acts and/or omissions as pled herein, which damages include, but are not limited to, past and future physical injuries, past and future mental and physical pain and suffering, past and future physical impairments and disability, past and future reasonable and necessary medical expenses, past and future loss of earning capacity, past and future loss of enjoyment and quality of life and other damages and injuries, loss of consortium,

and loss of use and/or opportunity to use safe and adequate shelter during the period of displacement from a natural disaster, as well as, all general, special, incidental and consequential damages as shall be proven at the time of trial.

B.  **PUNITIVE / EXEMPLARY DAMAGES**

Pursuant to Miss. Code Ann. § 11-1-65, inasmuch as the conduct of Keystone and/or Bechtel and their servant/employees constitutes willful, wanton, egregious and reckless disregard for the rights and safety of the plaintiffs, an award of punitive damages is appropriate and necessary under these facts.

**6.**

**REQUEST FOR JURY TRIAL**

Each Named Plaintiff is entitled to and demands a trial by jury.

**7.**

**PRAYER FOR RELIEF**

WHEREFORE, the Named Plaintiffs pray that Keystone, Bechtel and the Federal Government be served with a copy of this Complaint, and that, after due proceedings:

1. there be a judgment herein in favor of each Named Plaintiff and against Defendants for all compensatory damages and punitive damages together will legal interest thereon from the date of judicial demand until paid, all costs and expenses of these proceedings, and attorneys' fees, declaring that the defendants are liable for all applicable damages and thereafter;

2. there be specially included in the judgment in each Named Plaintiffs' favor,

provisions for the following damages and relief as found applicable and supported by the evidence:

a. past and future physical injuries,

b. past and future mental and physical pain and suffering,

c. past and future physical impairments and disability,

d. past and future reasonable and necessary medical expenses,

e. past and future loss of earning capacity,

f. past and future loss of enjoyment and quality of life,

g. loss of consortium and/or society,

h. compensable out-of-pocket expenses related to defendants' wrongdoing,

i. costs of court,

j. punitive damages, and

k. all other general, equitable, and further relief as the Court may deem just and proper.

                                      Respectfully submitted,

                                        */s/ Hugh P. Lambert*
                                        HUGH P. LAMBERT, ESQ. (LA Bar #7933)
                                        LINDA J. NELSON, ESQ. (LA Bar #9938)
                                        LAMBERT & NELSON, PLC
                                        701 Magazine Street
                                        New Orleans, LA 70130
                                        Telephone: (504)581-1750
                                        Facsimile: (504)529-2931
                                        hlambert@lambertandnelson.com
                                        lnelson@lambertandnelson.com

PLEASE SERVE:

1.        Keystone RV, Company
            **Through its registered agent for service**
            David G. Thomas
            2642 Hackberry Drive
            Goshen, IN 46526

2.        Bechtel National, Inc.
            **Through its registered agent for service**
            CT Corporation System
            5615 Corporate Blvd., Suite 400B
            Baton Rouge, LA 70808

3.        The United States Government
            **Through**
            U.S. Attorney's Office, Eastern District of Louisiana
            500 Poydras Street
            Room B3210
            New Orleans, LA 70130
            **And through**
            U.S. Attorney's Office, Southern District of Mississippi
            188 East Capitol Street
            One Jackson Place, Suite 500
            Jackson, Mississippi 39201

**And through**
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 30530-0001
**And through**
Federal Emergency Management Agency
Office of the Director, Office of the General Counsel
500 C Street, SW
Washington, DC 20472

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing pleadings were served on all counsel of record through electronic notification pursuant to the electronic filing in the United States District Court for the Eastern District of Louisiana this 31st day of July, 2009.

                                                                    /s/ *Hugh P. Lambert*
                                                      Hugh P. Lambert, Esq. (#7933)