UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE<br>PRODUCT LIABILITY LITIGATION | *<br>*<br>*<br>* | MDL NO. 07-1873<br><br><br>SECTION N-4 |
| THIS DOCUMENT IS RELATED TO: *Jacklyn Aguilar, et al, v. Layton Homes Corp., et al*, 09-3730. | *<br>*<br>*<br>*<br>* | JUDGE ENGELHARDT<br>MAGISTRATE 5:<br><br>CHIEF MAGISTRATE JUDGE<br>ALMA L. CHASEZ |

*********************************************

## LAYTON HOMES CORP.'S PRESERVATION OF DEFENSES

Defendant Layton Homes Corp. ("Layton") respectfully submits the following list of defenses to be preserved in the following action: *Jacklyn Aguilar, et al, v. Layton Homes Corp., et al*, 09-3730, Eastern District of Louisiana. Layton reserves the right to amend or supplement these defenses and to file appropriate preliminary pleading and dispositive and other motions in the following cases and in any other cases in which it has been or will be named and properly served.

1. Plaintiffs fail to establish that the court has subject matter jurisdiction over their claims.

2. Plaintiffs lack standing.

3. Plaintiffs fail to state a claim upon which relief under the Louisiana Products Liability Act.

4. Plaintiffs fail to state a claim for breach of express warranty.

826062.1

5. Plaintiffs fail to state a claim for breach of implied warranty.

6. Plaintiffs fail to state a claim of redhibition.

7. The claims against Layton are barred by the applicable statute of limitations, prescriptive and peremptive periods, and/or laches.

8. Each plaintiff's negligence contributed to their alleged injury.

9. Plaintiffs fail to state a claim for medical monitoring damages because they have not alleged a specific or manifest injury.

10. Plaintiffs fail to state a claim for attorney's fees and costs.

11. Plaintiffs fail to state a claim for punitive damages.

12. Plaintiffs fail to state a claim for property damages.

13. Plaintiffs fails to state a claim for injunctive relief.

14. Plaintiffs' theory of joint and several liability, or market share liability, is precluded by applicable law.

15. Plaintiffs have failed to plead fraud or misrepresentation with particularity.

16. The claims asserted by plaintiffs are barred by the doctrines of waiver, ratification, unclean hands and/or estoppel.

17. The claims asserted by plaintiffs are barred by the principles of res judicata and/or collateral estoppel.

18. The claims asserted by plaintiffs should be dismissed, or alternatively, his damages (the existence of which damages is denied) should be reduced due to each plaintiff's own negligent conduct, lack of care, comparative fault, breaches of contract, fraud or legal fault.

19. Plaintiffs have not sustained any damages proximately caused by Layton.

20. Any damages sustained by plaintiffs (the existence of which damages is denied) were the result of acts or omissions of parties other than Layton for which Layton is not legally responsible.

21. Some or all of plaintiffs' claims may be subject to binding arbitration.

Respectfully submitted,

/s/ *Robert D. Sheesley*
Larry Feldman, Jr., T.A. (LA BAR NO. 5503)
Robert D. Sheesley (LA BAR NO. 31579)
McGLINCHEY STAFFORD, PLLC
12th Floor, 601 Poydras Street
New Orleans, LA 70130
Telephone: (504) 586-1200
Facsimile: (504) 596-2800

ATTORNEYS FOR LAYTON HOMES CORP.

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system. Notice of this filing will be sent to all known counsel by operation of the court's electronic filing system. I also certify that I have mailed a copy of this filing to any non-CM/ECF participants by U.S. Mail, postage prepaid and properly addressed

/s/ *Robert D. Sheesley*
Robert D. Sheesley

826062.1