UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 2:07-MD-1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY | * | SECTION: N(5) |
| LITIGATION | * | |
| | * | JUDGE: ENGELHARDT |
| | * | |
| THIS DOCUMENT RELATES TO | * | MAGISTRATE JUDGE: |
| *JAY BALL v. FRONTIER RV, INC.,* | * | CHASEZ |
| *MURILLO MODULAR GROUP, LTD* | * | |
| *and THE UNITED STATES OF* | * | |
| *AMERICA THROUGH THE* | * | |
| *FEDERAL EMERGENCY* | * | |
| *MANAGEMENT AGENCY* | * | |
| *NO. 09-3745* | * | |

**************************************************************************

**PRESERVATION OF DEFENSES
FILED ON BEHALF OF FRONTIER RV, INC.**

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Frontier RV, Inc. ("Frontier"), who, pursuant to Pretrial Order No. 36 (Doc. 1386), respectfully submits the following list of defenses pursuant to the Federal Rules of Civil Procedure in the underlying lawsuit of *Jay Ball v. Frontier RV, Inc., et al.,* Civil Action No. 09-3745[1], which

---

[1] Frontier is filing this Preservation List in accordance with Pre-Trial Order 36. It is unclear the extent to which the Master Complaint and its amendments supersede, amend and/or replace the allegations asserted by plaintiffs in this underlying action. Thus, this preservation list is being filed out of an abundance of caution and to ensure that all relevant motions and defenses are preserved, Frontier has listed the defenses and motions applicable to this underlying action and the Master Complaint, as subsequently amended. Frontier reserves its right to supplement and amend its preservation list in the future as further discovery may warrant and require, and in accordance with any and all subsequently filed or served lawsuits naming Frontier as a party defendant.

is submitted in addition to joint defenses, including any Rule 9 and Rule 12 defenses, submitted by defense liaison counsel in the MDL proceedings. Defendant's listing is limited to only the *Ball* matter, and Defendant reserves its right to assert any other allowable preliminary pleadings, dispositive motions or affirmative defenses in this case or in any other case in which it is subsequently named and properly served.

In accordance with the Court's direction, Defendant submits the following defenses that are anticipated to be raised should this underlying matter proceed forward against Defendant:

1. 12(b)(1)–Plaintiff lacks standing.

2. 12(b)(4)(5)–Insufficient process and insufficiency of service of process.

3. 12(b)(6)–Failure to state a claim upon which relief can be granted against Frontier RV, Inc.

4. 12(b)(6)–Failure to state a claim for breach of implied and express warranty because those claims are not available to the plaintiff, and to the extent that they are available, they are precluded by the Louisiana Products Liability Act.

5. 12(b)(6)–Failure to state a claim upon which relief can be granted as plaintiff's claims are prescribed under Louisiana's one year prescriptive period and all other applicable peremptive periods, statue of limitations, or laches.

6. 12(b)(6)–Failure to state a claim upon which relief can be granted as plaintiff has not alleged any current injury, but rather has generally claimed unspecified current and future injury.

7.  12(b)(6)–Failure to state a claim because plaintiff failed to make any particularized allegations regarding his injuries and damages, and failed to make any particularized allegations connecting any particular plaintiff to conduct by any particular defendant.

8.  12(b)(6)–Failure to state a claim upon which relief can be granted to the extent that plaintiff alleges strict liability as there is no basis under Louisiana law for same.

9.  12(b)(6)–Failure to state a claim upon which relief can be granted to the extent plaintiff seeks to impose joint and several and/or solidary liability upon defendants, as such claims are precluded by applicable law.

10. 12(b)(6)–Failure to state a claim upon which relief can be granted to the extent plaintiff seeks attorney's fees as there is no basis under Louisiana law, Federal law, and/or any other applicable law for the awarding of attorney's fees based upon the facts alleged in the complaint.

11. 12(b)(6)–Failure to state a claim upon which relief can be granted to the extent plaintiff seeks property damages under Louisiana law, Federal law, and/or any other applicable law as plaintiffs are not entitled to recover same.

12. 12(b)(6)–Failure to state a claim upon which relief can be granted to the extent plaintiff seeks punitive damages as there is no basis for awarding punitive damages under the facts alleged in the complaint and applicable law.

13. 12(b)(6)–Failure to state a claim upon which relief can be granted to the extent plaintiff seeks compensatory damages as there is no basis for awarding same under the facts alleged in the complaint and applicable law.

14. 12(b)(6)–Failure to state a claim upon which relief can be granted to the extent plaintiff seeks damages pursuant to La. C.C. Arts. 2524 and 1994, 1995, and 1997, as there is no basis for awarding same under the facts alleged in the complaint and applicable law.

15. 12(b)(6)–Failure to state a claim upon which relief can be granted as plaintiff has not alleged a specific or manifest injury or disease resulting from the alleged exposure, nor is the plaintiff entitled to medical monitoring damages to the extent plaintiff seeks same.

16. 12(b)(6)–Failure to state a claim upon which relief can be granted inasmuch as plaintiff's claims are barred by the provisions of the Louisiana Products Liability Act to the extent it is established that the plaintiff did not use a product manufactured by Frontier RV, Inc.

17. 12(e)–Motion for more definite statement of the complaint based on plaintiff's failure to make particularized allegations about his injuries and damages and failure to make any particularized allegations about any particular defendant's alleged conduct.

18. 12(b)(6)–Failure to state a claim for loss of consortium and/or society.

19. 12(b)(6)-Failure to state a claim upon which relief can be granted to the extent plaintiff alleges negligence, negligence *per se,* gross negligence, recklessness, failure to inspect, failure to test, breach of implied warranty and failure to act in a prudent manner, as such claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

20. 12(b)(6)–Failure to state a claim upon which relief can be granted inasmuch as plaintiff's claims are duplicative to the extent it is established that any named plaintiff previously filed, and has pending, another lawsuit arising out to of the same operative facts and circumstances made the subject of this lawsuit.

21. 12(b)(6)–Failure to state a claim for loss of enjoyment and quality of life.

22. 12(b)(6)–Failure to state a claim for past and future loss of earning capacity.

23. 12(b)(6)–Failure to state a claim for loss of use and/or opportunity to use safe and adequate shelter during the period of displacement from a natural disaster.

24. 12(b)(3)-Improper venue as to any plaintiff who resides outside the jurisdiction of the Court.

25. In addition to the Rule 12 defenses, Defendant also asserts Rule 9(b) defense - Failure to plead fraud and misrepresentation with particularity.

Defendant hereby adopts and incorporates all filings of applicable items listed in the preservation lists of similarly situated co-defendants in the Multi-District Litigation 07-1873 in all underlying cases, and all applicable Rule 12 and Rule 9 Motions filed by similarly situated co-defendants in the MDL and underlying cases, as if copied herein *in extenso*.

        Respectfully submitted,

        */s/Randall C. Mulcahy*
        LYON H. GARRISON, Bar No. 19591
        RANDALL C. MULCAHY, Bar No. 26436
        DARRIN L. FORTE, Bar No. 26885
        GARRISON, YOUNT, FORTE
        & MULCAHY, LLC
        909 Poydras Street, Suite 1800
        New Orleans, Louisiana 70112
        Telephone: (504) 527-0680
        Facsimile: (504) 527-0686
        Attorneys for defendant,
        Frontier RV, Inc.
        Email: rmulcahy@garrisonyount.com

## CERTIFICATE OF SERVICE

 I hereby certify that on August 3, 2009, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

        */s/Randall C. Mulcahy*
        RANDALL C. MULCAHY, Bar No. 26436