UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Charlie Age, et al v. Gulf Stream Coach* | * | |
| *Inc., et al*, Docket No. 09-2892; | * | |
| Alana Alexander, individually and on behalf | * | |
| Of Christopher Cooper | * | |

**PLAINTIFF'S RESPONSE TO DEFENDANT GULF STREAM COACH, INC.'S
MOTION *IN LIMINE* TO EXCLUDE
EXPERT TESTIMONY OF STEPHEN SMULSKI, PhD.**

Plaintiff, Alana Alexander, individually and on behalf of Christopher Cooper, files this response to Defendant Gulf Stream Coach, Inc.'s Motion *in Limine* to Exclude Expert Testimony of Stephen Smulski, PhD.

**I.
EXHIBITS**

Exhibit A.          Affidavit of Stephen Smulski, PhD

Exhibit B.          Excerpts from Smulski Deposition

Exhibit C           Smulski Curriculum Vitae

1

## II.
## BACKGROUND

Dr Stephen Smulski holds a PhD degree in wood science and forest products. *See* Exhibit A, p. 1. He serves as a consultant in wood science through his company Wood Science Specialists, Inc. *See* Exhibit A, p. 1. As a wood scientist, he focuses on solving performance problems with wood products for residential, industrial, and institutional settings. *See* Exhibit B. p. 21. He works with architects and engineers in specifying suitable wood products for particular applications. *See* Exhibit B, p. 21. He has published numerous articles on wood and wood-based products, including one entitled "Formaldehyde Indoors," a summary of the then-current knowledge pertaining to the release of formaldehyde by wood composite products. *See* Exhibit A, p. 1; Exhibit B, p. 31. Dr. Smulski's expertise necessarily encompasses the health aspects of wood products, and he routinely lectures on the adverse health effects from the off-gassing of formaldehyde from particle board, fiberboard, and plywood. *See* Exhibit A, p. 2. Because of his knowledge of wood and wood composite products, and because wood composite products made up such a significant part of the construction and furnishings of the Anderson trailer, Dr. Smulski was asked to catalogue and evaluate the wood products in the Anderson trailer. *See* Exhibit A.

Defendant attempts to mislead the Court concerning Dr. Smulski's role in this litigation. When given the opportunity during his deposition, Defendant failed to have Dr. Smulski explain the scope of the work a wood scientist engages in. According to Defendant, the only task for which a wood scientist is qualified is to identify wood. *See* Defendant's Memo, p. 4. Certainly, Dr. Smulski's 10+ years of education qualify him to do much more. *See* Exhibit C. p. 1. Exactly as he does in his professional career, he has evaluated whether the wood products in the Alexander trailer were suitable for the purpose for which the trailer was ultimately used. *See*

2

Exhibit A, p. 8.

While not challenging his qualifications as a wood scientist, Defendant insists that Dr. Smulski should be limited to presenting a list of wood products in support of his opinions. *See* Defendant's Memo, p. 4. Defendant seeks to exclude important facts used by Dr. Smulski in arriving at his opinions. Excluding the factual basis of Dr. Smulski's opinions flies in the face of *Daubert* and its progeny, and would significantly limit the value of his testimony to the jury. Presenting the facts on which his opinions were based, and explaining the reasoning process that took him from the facts to his conclusions in no way makes Dr. Smulski an über-juror.

### III.
### ARGUMENT AND AUTHORITIES

1. <u>Dr. Smulski's affidavit is admissible in full because it encompasses the facts and the reasoning underlying his opinions.</u>

*Daubert* mandates the Court to ensure that an expert's testimony rests on a reliable foundation. <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 US 579, 592-93 (1993). The facts on which the witness relies must be of the type normally relied on by experts in the field. <u>Stecyk v. Bell Helicopter Textron, Inc.</u>, 295 F.3d 408, 414 (3rd Cir. 2002). The reasoning from the facts to the opinions must be adequately explained and contain no analytical gaps. <u>General Elec. Co. v. Joiner</u>, 522 U.S. 136, 146 (1997). The paragraphs that Defendant would exclude all contain the facts and reasoning Dr. Smulski used to arrive at his opinions. Defendant's Motion *in Limine,* therefore, should be denied. *See* <u>Id.</u>

Contrary to Defendant's assertions, Dr. Smulski's report contains only two opinions, which are listed as #26 and #27, and are both prefaced by the words "[i]t is my opinion." *See* Exhibit A, p. 8. The other twenty-five paragraphs provide either his qualifications or the

3

foundational facts and reasoning he used in deriving his two opinions. *See* Exhibit A. The paragraphs forming Dr. Smulski's factual background and his reasoning are absolutely essential to the Court's *Daubert* analysis and to the jury's understanding of his opinions. *See* Stecyk, 295 F.3d at 414.

Defendant makes no claim that the facts it seeks to exclude are not the type relied on by experts in Dr. Smulski's field. Such a claim would be absurdly unfounded. Nor does Defendant minimize the importance of the background facts to Dr. Smulski's reasoning. Certainly, Dr. Smulski is in a better position to know what types of facts go into the methodology of wood science than is Defendant. *See* In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 747 (3rd Cir. 1994) (". . . if an expert avers that his testimony is based on a type of data on which experts reasonably rely, that is generally enough to survive the Rule 703 inquiry.") Defendant deviously seeks to exclude Dr. Smulski's underlying facts and reasoning to essentially eviscerate his opinions for both the Court and the jury. *See* Mid-State Fertilizer Co. v. Exchange Nat. Bank of Chicago, 877 F.2d 1333, 1339 (7th Cir. 1989) ("An expert who supplies nothing but a bottom line supplies nothing of value to the judicial process.")

As a professional in the field of wood science, Dr. Smulski routinely provides the same type of evaluation for architects and engineers that he offers in his affidavit. See Exhibit B, p. 21-22, 372. Outside of the courtroom, his job is to determine whether certain wood products are appropriate for their intended applications. See Exhibit B, p. 21-22, 372. It is axiomatic that his education and experience have imbued him with the knowledge of the type of facts necessary to reach a valid conclusion. *See* In re Paoli R.R. Yard PCB Litig., 35 F.3d at 747. His affidavit, therefore, should be admitted in its entirety. *See* Stecyk, 295 F.3d at 414.

4

2.     Dr. Smulski is qualified to render his two opinions, which are fully admissible.

Dr. Smulski rendered two opinions. The first was that the Alexander trailer was not suitable for long-term occupancy because of the presence of formaldehyde-emitting wood products and the potential for adverse health effects arising from formaldehyde exposure. *See* Exhibit A, p. 8. His second opinion was that both the formaldehyde off-gassing from the wood products in the trailer and the resulting health risk were foreseeable. *See* Exhibit A, pp. 9-10. While not challenging Dr. Smulski's qualifications as a wood scientist, Defendant instead challenges his qualification to render an opinion on anything other than identifying wood. *See* Defendant Memo, p. 9. Defendant disingenuously mischaracterizes the scope of knowledge involved in wood science.

As Dr. Smulski explained, the job of a wood scientist is to aid engineers and architects in choosing the most suitable wood product for their projects, and to trouble-shoot performance problems when wood products fail within their application. *See* Exhibit B, pp. 21-22, 372. Dr. Smulski is, of course, familiar with the characteristics of the wood itself. *See* Exhibit A, p. 2. He understands the propensity of certain wood products to emit gases, and knows which gases they emit. *See* Exhibit A, p. 2. He is exceptionally informed on the adverse health effects of exposure to formaldehyde from wood products, as he has written a book and given lectures on the subject. *See* Exhibit A, p.2.

In determining whether a certain wood product would be suitable for a given application, Dr. Smulski must investigate the application: design specifics, intended use and expected misuse, the environment in which it will be used, and available remedies for wood-related problems. *See* Exhibit B, pp. 24, 52. Dr. Smulski is qualified to determine the suitability of a wood product for

a certain application because he does so every day as part of his profession. *See* Exhibit B, p. 52. There is no reason that he should not be qualified to do the same thing as it relates to the Alexander trailer. *See* Daubert v. Merrell Dow Pharmaceuticals, Inc., 43 F.3d 1311, 1317 (9th Cir. 1995)(Daubert II); *see also* Smith v. Ford Motor Co., 215 F.3d 713, 718 (7th Cir. 2000). ("Thus, a court should consider a proposed expert's full range of practical experience as well as academic or technical training when determining whether that expert is qualified to render an opinion in a given area.")  Dr. Smulski's affidavit should therefore be admitted in full. *See* Id.

  3.   Dr. Smulski's opinions do not invade the province of the jury.

  As explained *supra*, Dr. Smulski opined that the Alexander trailer was not suitable for long-term occupation because of the potential health risk from formaldehyde off-gassing from its wood products, and that this problem was foreseeable. *See* Exhibit A, pp. 8-9.  Defendant erroneously claims that these opinions invade the province of the jury. *See* Defendant's Memo, pp. 9-10.

  An expert witness is permitted to give testimony that embraces an ultimate issue to be decided by the trier of fact. Berckeley Inv. Group v. Colkitt, 455 F.3d 195, 217 (3rd Cir. 2006). Only legal opinions are prohibited. Id.  An expert opinion is not a legal opinion if: (1) the expert does not use legal terms; (2) if any of the potentially legal terms have a separate meaning when used in the vernacular; or (3) if the witness does not track the language of either a legal principle or an applicable statute. *See* U.S. v. Perkins, 470 F.3d 150, 157-58 (4th Cir. 2006).  Dr. Smulski's language in paragraphs #26 and #27 reveals a total lack of legal language, and nothing that resembles a legal principle or statute. *See* Exhibit A, pp. 8-9.  Dr. Smulski's opinions, therefore, do not invade the province of the jury, and thus should not be excluded. *See* Id.

4.  **The background paragraphs identified by Defendant are important and reliable, and should be admitted in full.**

Defendant would like to strike every sentence in Dr. Smulski's report that does not relate directly to wood products. *See* Defendant's Memo at pp. 10-23. Defendant not only minimizes the scope of a wood scientist's expertise, as discussed *supra*, but also misconstrues scientific and legal methodology. Once again it should be stressed that each of the paragraphs challenged by Defendant contains information Dr. Smulski used in formulating his opinions.

Paragraph 5

Defendant criticizes this paragraph as giving a medical opinion for which Dr. Smulski is not qualified to render. *See* Defendant's Memo, p. 10. In this paragraph, Dr. Smulski mentions that "exposure to formaldehyde gas can cause adverse health effects." *See* Exhibit A, p. 2. No details are included as to what the adverse health effects may be. There is no mention of the Alexander family or any of their medical symptoms. This is not a medical opinion. Further, with its statements concerning the book he has written and the lectures he has given on the health effects of formaldehyde, the paragraph itself establishes Dr. Smulski's qualification to make the challenged statement. *See* Exhibit A, p. 2. As Dr. Smulski is fully qualified to make this statement, there is no valid reason for its exclusion. *See* Ford Motor Co., 215 F.3d at 718.

Paragraph 11

Defendant seeks to prevent Dr. Smulski from stating that New Orleans is "a location whose climate is hot and humid." *See* Defendant's Memo, p. 10. The climate in which the trailer was located was one of the facts Dr. Smulski considered in reasoning toward his opinions. *See* Exhibit B, p. 178. The paragraph itself also clarifies the significance of his statement, by

explaining how the heat and humidity affect the amount of formaldehyde gas released. *See* Exhibit A, p. 4.  Expert "testimony need not be arcane or even especially difficult to comprehend. . ." US v. Perkins, 470 F.3d 150, 155-56 (4th Cir. 2006).  As there is nothing objectionable about this paragraph, it should be admitted. *See Id.*

Paragraph 12

Defendant criticizes this paragraph because Dr. Smulski cited the test results of the Lawrence Berkeley National Laboratory. *See* Defendant's Memo, p. 11.  In the practice of his profession, Dr. Smulski is at times required to contract with outside consultants. *See* Exhibit B, p. 21.  Similarly, in the courtroom, he is allowed to obtain data from any source relied on by experts in his field. *See* In re TMI Litigation, 193 F.3d 613, 697 (3rd Cir, 1999).  Expert opinions need not be based on first-hand knowledge of the facts. *See* US v. Conn, 297 F3d 548, 554 (7th Cir. 2002).  As this paragraph shows, his appraisal and understanding of the laboratory's results goes well beyond the knowledge of the jury.  This paragraph, therefore, should not be excluded. *See* U.S. v. Frazier, 387 F.3d 1244, 1262 (11th Cir., 2004) ("[E]xpert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person.")

Paragraph 13

For this paragraph, Defendant challenges Dr. Smulski's qualification to read an owner's manual. *See* Defendant's Memo, pp. 11-12.  In the manual, Dr. Smulski was looking for references to formaldehyde that would have made residents aware of its presence, which would have allowed them to remediate or minimize the concentration inside the trailer. *See* Exhibit B, pp. 193-94.  Such notifications are important when considering the suitability of the trailer for

long-term occupancy. As part of the factual basis of his opinions, this paragraph should not be excluded. *See* Joiner, 522 US at 146.

Paragraph 14

Defendant next challenges Dr. Smulski's qualification to discuss the installation of the Alexander trailer and its effect on formaldehyde emissions. *See* Defendant's Memo, pp. 12-15. The statements in this paragraph are well within the scope of Dr. Smulski's expertise. *See* Ford Motor Co., 215 F.3d at 718. He obtained his information concerning the installation from Ms. Alexander, from his site visit, and from two experts in travel trailers. *See* Exhibit B, pp. 205-07. There is no requirement that his knowledge be first hand. *See* Conn, 297 F3d at 554. This paragraph, therefore, should be admitted. *See* Id.

Paragraph 15

Defendant erroneously interprets this paragraph as discussing the effect of the installation of the trailer on formaldehyde emissions. *See* Defendant's Memo, p. 17. The paragraph deals, however, with how formaldehyde travels from the raw edges of the wood inside the walls into the living area "in the absence of installation-caused damage." *See* Exhibit A, p. 4. Dr. Smulski specifically attributes his knowledge of this subject to his 31 years of education and experience. *See* Exhibit B, pp. 210-11. Because this paragraph deals with knowledge well within the scope of his experience and education, it should not be excluded. *See* Ford Motor Co., 215 F.3d at 718.

Paragraph 16

This paragraph is attacked because it provides test results from the Alexander trailer. *See* Defendant's Memo, p. 17. The formaldehyde concentrations in the trailer are certainly factors to be considered when determining the trailer's suitability for long-term occupancy. *See* In re Paoli R.R. Yard PCB Litig, 35 F.3d at 747. The data need not have been collected by Dr. Smulski himself. *See* Conn, 297 F3d at 554. As facts on which Dr. Smulski relied in deriving his opinions, this paragraph should not be excluded. *See* Joiner, 522 U.S. at 146.

Paragraph 17

For this paragraph, Defendant accuses Dr. Smulski of being unqualified to discuss the intended use of the trailer. *See* Defendant's Memo, p. 18. Much of the information Dr. Smulski considered came from the trailer's owner's manual. *See* Exhibit B, p. 220. Another source of information was Ms. Alexander, the occupant. *See* Exhibit B, p. 224. Certainly, Dr. Smulski could not form opinions based on suitability for intended use without considering what the intended use was. *See* In re Paoli R.R. Yard PCB Litig., 35 F.3d at 747. This paragraph should be admitted as foundation facts for Dr. Smulski's opinions. *See* Joiner, 522 U.S. at 146.

Paragraphs 18, 19, and 22

In attacking these paragraphs, Defendant alleges that Dr. Smulski's summary of test results and reports by various agencies is not reliable. *See* Defendant's Memo, pp. 20-22. Dr. Smulski is permitted to draw inferences from data that is of the type experts in his field use. Stecyk, 295 F.3d at 414. Further, he refused to draw specific conclusions that went beyond the scope of the data. *See* Exhibit B, pp. 249-50. Defendant fails to offer any evidence that Dr.

10

Smulski's summaries are inaccurate. No reason exists for excluding these paragraphs. *See* Id.

### Paragraphs 23, 24, and 25

For these paragraphs, Defendant faults Dr. Smulski for offering alternative designs and remediation methods that would have made the FEMA trailers more suitable for long-term occupancy. *See* Defendant's Memo, p. 22. As Dr. Smulski does in his professional career, these paragraphs make suggestions to solve the performance problems with the wood products in the trailers. *See* Exhibit B, pp. 21-22, 372. Because the substance of the paragraphs flows naturally from his experience, the paragraphs should not be excluded. *See* Daubert II, 43 F.3d at 1317.

### Paragraph 10

In its discussion of Paragraph 10, Defendant argues that the challenged paragraphs are not relevant to Dr. Smulski's inventory of wood products. Relevance to the inventory is not the question. If the information contained in the challenged paragraphs is relevant to Dr. Smulski's opinions and would assist the trier of fact, the paragraphs should be admitted. *See* Daubert, 509 U.S. at 591.

## IV.
## CONCLUSION

Dr. Smulski's affidavit should be admitted in full because it satisfies all of the requirements of *Daubert* and its progeny. In his affidavit, Dr. Smulski not only articulates his opinions, for which he is imminently qualified, but also provides the facts and reasoning underlying his opinions. Defendant, however, objects to the very components that make the opinions admissible – the foundational facts and reasoning. Defendant should not be allowed to

bend the rules of evidence with arguments unfounded in both the facts and the law to transform an expert report that is entirely admissible into one that is not. Defendant's Motion *in Limine* should therefore be denied.

## V.
## PRAYER

For the reasons stated in this Response, Plaintiff respectfully requests that the Court deny Defendant's Motion *in Limine*.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:     504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:     504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
ROBERT BECNEL, #14072

12

>RAUL BENCOMO, #2932
>FRANK D'AMICO, #17519
>MATT MORELAND, #24567
>LINDA NELSON, #9938
>DENNIS REICH, Texas #16739600
>MIKAL WATTS, Texas # 20981820

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on August 4, 2009.

>/s/Gerald E. Meunier
>GERALD E. MEUNIER