UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
|       FORMALDEHYDE PRODUCTS | * | |
|       LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Charlie Age, et al v. Gulf Stream Coach* | * | |
| *Inc., et al*, Docket No. 09-2892; | * | |
| Alana Alexander, individually and on behalf of | * | |
| Christopher Cooper | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S RESPONSE TO DEFENDANT GULF STREAM'S "PARTIAL MOTION FOR SUMMARY JUDGMENT"**

Plaintiff Alana Alexander, individually and on behalf of her son, Christopher Cooper ("Ms. Alexander" or "Plaintiff"), responds to Defendant Gulf Stream Coach, Inc.'s ("Gulf Stream") "Partial Motion for Summary Judgment" and, in support, would show:

**BACKGROUND**

In the *Age* complaint, Plaintiff claims, among other things, that Gulf Stream violated the Louisiana Products Liability Act ("LPLA") "in providing housing units [like the travel trailer in which Plaintiff and her family resided] which did not conform to express warranties made by Gulf Stream regarding their fitness for use as reasonably anticipated." *Age* Complaint, at ¶ 102(iv).

Now, Gulf Stream moves for partial summary judgment on this portion only[1] (i.e., paragraph 102(iv)) of Plaintiff's complaint against Gulf Stream. *See* Gulf Stream's Brief, at p. 2 (Docket Entry No. 2260-2). Gulf Stream rests its motion on the sole argument that there is no

---

[1] Gulf Stream moves for partial summary judgment only on this single sentence of the Complaint.

genuine issue of material fact with respect to Plaintiff's reliance on any express warranty made by Gulf Stream.

## SUMMARY JUDGMENT EVIDENCE AND OTHER EXHIBIT

Exhibit A    Declaration of Alana Alexander

Exhibit B    Plaintiff's Statement of Material Facts as to Which there Exists a Genuine Issue to be Tried

## ARGUMENT AND AUTHORITIES

**I.    SUMMARY JUDGMENT STANDARD.**

Gulf Stream correctly cites the summary judgment standard, in quoting from one of this Court's most recent discussion of the issue. *See Watson v. TJ Maxx,* 2009 WL 1940976 (E.D. La. July 6, 2009)(Engelhardt, J.).

**II.    THE LPLA.**

The LPLA imposes liability on a manufacturer "for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product." LA.REV.STAT. ANN. § 9:2800.54(A). The LPLA states that a product may be unreasonably dangerous in one of four ways: (1) construction or composition, (2) design, (3) inadequate warning, and (4) nonconformity to an express warranty. *See id.,* at § 9:2800.54(B).

Relevant to this case, and to Gulf Stream's Motion for Partial Summary Judgment, is the LPLA provision that provides for a claim against a manufacturer for damages arising from a

product that is unreasonably dangerous because of its nonconformity to an express warranty made by the manufacturer.

Specifically, section 9:2800.58 of the LPLA provides:

A product is unreasonably dangerous when it does not conform to an express warranty made at any time by the manufacturer about the product if the express warranty has induced the claimant or another person or entity to use the product and the claimant's damage was proximately caused because the express warranty was untrue.

When a defendant moves for summary judgment on each element of an express warranty claim, a plaintiff ordinarily is required to demonstrate, or provide evidence to create a genuine issue of material fact regarding the following: (1) the manufacturer made an express warranty regarding the product, (2) the plaintiff was induced to use the product because of that warranty, (3) the product failed to conform to that express warranty, and (4) the plaintiff's damage was proximately caused because the express warranty was untrue. *Caboni v. General Motors Corp.*, 278 F.3d 448, 452 (5th Cir. 2002).

At the summary judgment stage, it is Gulf Stream's burden is to point out "that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Gulf Stream's briefing only addresses prong number (2)--whether Plaintiff was induced to use the trailer because of the Gulf Stream's express warranty.[2] To defeat the motion, Plaintiff must show that there is a genuine issue of material fact on this one issue.

---

[2] Considering the abundance of expert testimony regarding the trailer's formaldehyde emissions and causation, there should be no dispute that there is a genuine issue of material fact as to prongs (3) and (4)—whether (3) the product failed to conform to that express warranty, and (4) the plaintiff's damage was proximately caused because the express warranty was untrue. However, because Gulf Stream's brief in support of its motion only addresses Plaintiff's reliance, a response on prongs (3) and (4) is not warranted.

### III. PLAINTIFF RELIED ON GULF STREAM'S EXPRESS WARRANTY.

#### A. The Express Warranty.

To address the Gulf Stream's argument with respect to prong (2), it is necessary to address prong (1)—whether an express warranty was made.

The LPLA defines an "express warranty" as:

> A representation, statement of alleged fact or promise about a product or its nature, material or workmanship that represents, affirms or promises that the product or its nature, material or workmanship possesses specified characteristics or qualities or will meet a specified level of performance. "Express warranty" does not mean a general opinion about or general praise of a product. A sample or model of a product is an express warranty.

LA.REV.STAT. ANN. § 9:2800.53(6).

Here, Plaintiff was met at the trailer by a person who represented herself as an employee, agent or representative of Gulf Stream. Dec. of A. Alexander, at ¶ 2. This person demonstrated detailed familiarity with the trailer and its operation. *Id.* Further, Plaintiff specifically asked this Gulf Stream employee, agent or representative about a "chemical smell" that Plaintiff and her children had encountered. *Id.*, at ¶ 4. The Gulf Stream employee, agent or representative advised Plaintiff that the "chemical smell" was nothing to worry about and would go away after Plaintiff aired out the trailer. *Id.* The Gulf Stream employee, agent or representative did not mention formaldehyde or any toxic emissions or any possible health effects from any such emissions. *Id.*, at ¶ 5. This representation certainly qualifies as an express warranty under the LPLA.

4

### A. Plaintiff's Reliance.

Plaintiff now turns to the sole basis of Gulf Stream's motion—whether there is a genuine issue of material fact as to whether Plaintiff was induced by the express warranty to use the trailer. Plaintiff did rely on this Gulf Stream employee, agent or representative's express warranty in deciding to use the trailer, for herself and her children. *Id.,* at ¶ 6. Plaintiff would not have used the trailer but for the express warranty and was induced to use the trailer because of the warranty. *Id.* Had this Gulf Stream employee, agent or representative advised Plaintiff that the chemical smell was formaldehyde emissions, or some other toxic chemical emission, and of the health dangers of formaldehyde emissions, Plaintiff would not have used the trailer. *Id.*

This case is virtually identical to the situation facing Judge Fallon, writing for the Fifth Circuit, in *Caboni v. General Motors.* In that case, the Fifth Circuit reversed a district court's grant of summary judgment, finding that the plaintiff's affidavit, in which he stated that he relied on an express warranty in choosing to use a product, satisfied his summary judgment burden on this issue. *Caboni,* 278 F.3d at 453.

## **PRAYER**

WHEREFORE, Plaintiff Alana Alexander respectfully requests that the Court deny Gulf Stream's "Partial Motion for Summary Judgment" and for such other relief to which she is entitled.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:    504/522-2304
        Facsimile:    504/528-9973
        gmeunier@gainsben.com

        s/Justin I. Woods
        JUSTIN I. WOODS, #24713
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:    504/522-2304
        Facsimile:    504/528-9973
        jwoods@gainsben.com

        **COURT-APPOINTED PLAINTIFFS'
        STEERING COMMITTEE**
        ANTHONY BUZBEE, Texas # 24001820
        RAUL BENCOMO, #2932
        FRANK D'AMICO, #17519
        MATT MORELAND, #24567
        LINDA NELSON, #9938
        MIKAL WATTS, Texas # 20981820
        ROBERT BECNEL, #14072
        DENNIS REICH, Texas # 16739600

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

s/Gerald E. Meunier<br>
GERALD E. MEUNIER, #9471