**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | 07-md-1873 |
| | FORMALDEHYDE | * | |
| | PRODUCTS LIABILITY | * | |
| | LITIGATION | * | SECTION: N(5) |
| | | * | |
| | | * | JUDGE: ENGELHARDT |
| | | * | |
| | | * | MAG: CHASEZ |

This document is related to:
  *Charlie Age, et al. v. Gulf Stream Coach, Inc., et al.,* No. 09-2892
  *Aldridge, et al. v. Gulf Stream Coach, Inc., et al.,* No. 07-9228
  *Lyndon T. Wright v. Forest River, Inc., et al.,* No. 09-2977
  *Diana Bell et al. v. Keystone RV Company, et al.,* No. 09-2967
  *Carrie Smith v. Recreation by Design, LLC, et al.,* No. 09-3957

**DEFENDANT FLUOR ENTERPRISES, INC.'s**
**MOTION TO CONTINUE BELLWETHER TRIALS**

**FLUOR EXHIBIT NO. 1**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | 07-md-1873 |
| | FORMALDEHYDE | * | |
| | PRODUCTS LIABILITY | * | |
| | LITIGATION | * | SECTION: N(5) |
| | | * | |
| | | * | JUDGE: ENGELHARDT |
| | | * | |
| | | * | MAG: CHASEZ |

This document is related to:
   *Charlie Age, et al. v. Gulf Stream Coach, Inc., et al., No. 09-2892*
   *Aldridge, et al. v. Gulf Stream Coach, Inc., et al., No. 07-9228*
   *Lyndon T. Wright v. Forest River, Inc., et al., No. 09-2977*
   *Diana Bell et al. v. Keystone RV Company, et al., No. 09-2967*
   *Carrie Smith v. Recreation by Design, LLC, et al., No. 09-3957*
**************************************************************

<u>**DECLARATION OF CHARLES R. PENOT, JR.**</u>

        I, Charles R. Penot, Jr., state and declare as follows:

    1.    I am an attorney admitted to practice in Louisiana and Texas, and I am a member of the

bar of this Court.  I am a Member of the law firm of Middleberg, Riddle and Gianna, counsel for

defendant, Fluor Enterprises, Inc. (Fluor) in the MDL proceedings captioned above.

    2.    Fluor business records produced in this litigation and personally reviewed by me reflect

that at the height of Fluor's response to Hurricane's Katrina and Rita, Fluor had over 4,000

personnel and subcontractor personnel working on the response effort, and installed

approximately 54,000 emergency housing units.

    3.    Fluor's work on the project generated an enormous volume of paper and electronic

documents.  Fluor has had insufficient opportunity to review and consider significant elements of

its project file and to prepare its defense.

4.    Fluor was not a party to these proceedings during the class certification stage of the litigation.  The volume of documents exchanged in class discovery, much of it significant and relevant to merit issues, include no less than 166 CDs and DVDs of data and 44,418 pages of hard copy documents.  No party, plaintiff or defendant, was able to provide Fluor with an index or listing of the entire class discovery.  I or my staff personally had to confer with manufacturers' liaison counsel's staff, PSC member, Ms. Linda Nelson, Choice copy service, numerous court reporting services and other parties to the litigation to piece together and collect the class discovery, much of which was not obtained by my firm until some time in May 2009.

5.    On May 11, 2009, Fluor made its *first formal appearance* in the Fleetwood suit and the Gulf Stream suit, filing its Preservation of Federal Rule of Civil Procedure 12(b) Defenses, although the Court had directed that Fluor and the other contractor defendants begin appearing at status conferences and taking positions on various proposed case management orders before they were even properly brought before the Court by service.

6.    From May 23, 2009 through August 3, 2009, Fluor has participated in 65 depositions. Another 12 depositions are presently scheduled between August 4 and 12, 2009, for a total of 77 depositions.  This does not include another approximately 8 – 10 depositions that are being planned at any one time, but have not made it to the stage of being noticed.  The parties have tripled and quadruple-tracked depositions at times.

7.    As Fluor's response efforts to Hurricanes Katrina and Rita came to a close and long before Fluor was sued in this MDL, Fluor (due to other then-existing or reasonably anticipated litigation) placed a legal hold on paper and the electronic documents and data that amount to approximately 1,300 boxes of paper documents and 1.5 terabytes of electronic data.   In

responding to discovery requests, which Fluor has yet to complete, Fluor has already produced 25,284 pages of documents consisting of almost entirely of paper document discovery.

8.     No meaningful electronic discovery has taken place.  Given the volume of electronic data and the cost of preparing and reviewing same for production, Fluor Enterprises, Inc. declined to undertake a substantial electronic discovery effort without agreement on search terms, a search protocol and an agreement on cost shifting.  I personally conferred with plaintiff trial team member, Robert Hilliard, in an effort to decide how to address electronic discovery.  On June 3, 2009, Mr. Hilliard provided me with a list of search terms that plaintiffs wanted Fluor to use as part of an electronic discovery search protocol.

9.     As reported to me by Mr. Hilliard, the PSC refused to agree to electronic discovery cost shifting.

10.    I provided the search terms provided to me by Mr. Hilliard to Mr. Robert Lief, Director of Claims Management/Litigation Support, at Fluor Enterprises, Inc.   Mr. Lief is now the custodian of all electronic data captured by Fluor's document sweep efforts at the close of the project.  Pursuant to an understanding with Mr. Hilliard, I asked Mr. Lief to run the search terms on the email of a witness that plaintiffs wanted to depose, Richard Hall.  The results of that search are described in the Declaration of Mr. Robert Lief submitted in connection with this motion.

11.    I also asked Mr. Lief to run the same search on the email of approximately 25 email boxes.  The reports of that effort are reported in Mr. Lief's Declaration with the results he had obtained as of that date.  I also obtained demonstrations and obtained pricing on the use of an outside vendor to assist in the document culling effort.  The report of that proposal is also outlined in Mr. Lief's Declaration.

12.    The court granted an expedited hearing on the plaintiffs' motion in the first bellwether case to depose certain Gulf Stream witnesses without providing Fluor or contractors' Liaison Counsel notice of the hearing until after the hearing was conducted (Rec. Docs. 1821 & 2035).

13.    Despite Fluor's and its counsels' diligent efforts, there is not enough time to participate in meaningful discovery and prepare its defense for September and October 2009 trials.

14.    Fluor still needs at least the following discovery in the first bellwether case:

    a.   Documents and a corporate deposition of Union Carbide/Dow Chemical (at whose plant the Alexander trailer was first installed);

    b.   Depositions of the installers of the Alexander trailer on the initial install (3 witnesses);

    c.   Possibly depositions of the FEMA contracting officer's technical representative in March of 2006 (Tom Nadsady) and Fluor's liaison with the COTR at that time, no longer employed by Fluor and beyond the subpoena power of this Court (Jim Rammell).

    d.   Possibly depositions of two other former Fluor employees who either inspected the Alexander trailer or "leased-in" Ms. Alexander (Raul Medina and Gloria Morton).

    e.   Preservation of the testimony of a Fluor employee (Richard Belote, safety director on the Hurricanes Katrina and Rita) response now located in Perth, Australia.

    f.   Most importantly, time to try to locate targeted electronic data, and equally as important, time to consider it.

15.    Fluor has had insufficient time to synthesize all of the discovery depositions, documents produced and pleadings to prepare, research and file substantive motions for summary judgment by the deadlines set forth in the scheduling orders for the first two bellwether trials.

16.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 4th day of August, 2009


_/s/ Charles R. Penot, Jr._____
CHARLES R. PENOT, JR.
Counsel for Fluor Enterprises, Inc.


ND: 4822-4385-6388, v. 1