UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO: 1873<br>SECTION "N-5"<br>JUDGE ENGELHART<br>MAG. JUDGE CHASEZ |

THIS DOCUMENT IS RELATED TO ALL CASES

**************************************************************************

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL UNITED STATES TO PRODUCE "DISASTER" AND/OR INDIVIDUAL ASSISTANCE FILES MAINTAINED BY FEMA

**MAY IT PLEASE THE COURT:**

Through the undersigned counsel, Plaintiffs submit this Memorandum in Support of its Motion to Compel Defendants to Produce "Disaster" and/or Individual Assistance Files Maintained by FEMA. The Government is and has been bound, not only by this Honorable Court, but also by the officially authorized guidelines set forth in the Freedom of Information Act, to produce and disclose the Individual Assistance files Plaintiffs request.

**ARGUMENT**

On June 5, 2009, Plaintiffs requested the production of "Disaster" and/or Individual Assistance Files maintained by the Federal Emergency Management Agency ("FEMA") for all individuals who executed a Privacy Act waiver as a part of the Plaintiff Fact Sheet ("PFS"). In its response to that request, the Federal Government yet again seeks to hide behind the Privacy

Act in order to avoid production to which Plaintiffs are entitled. The Government also contends that Plaintiffs may obtain identical information by "simply interviewing its clients."[1]

The Privacy Act, once again at issue, states that "no agency shall disclose any record which is contained in a system of records…to any person…**except pursuant to a written request by…the individual to whom the record pertains**, unless disclosure of the record would be…pursuant to the order of a court of competent jurisdiction." *See* 5 U.S.C. §552a(b)11 [emphasis added]. Pursuant to a mutual agreement, Plaintiffs submitted to the Government 4,791 completed fact sheets for individuals who occupied EHUs. Attached to each fact sheet is a signed Privacy Act waiver. These waivers serve as written requests for access to records personally pertaining to each individual. As a result, the Government is required by the Freedom of Information Act to disclose those records. The Supreme Court has recognized that Congress enacted the FOIA for the general purpose of achieving "full agency disclosure unless information is exempted under clearly delineated statutory language." Dep't of Air Force v. Rose, 425 U.S. 352, 360-61 (U.S. 1976). Recently, in the unreported Schmidt v. United States Air Force, the United States District Court for the Central District of Illinois reiterated that assertion stating, "The FOIA generally requires an agency, upon receiving a proper request for records, to make the records promptly available to any person." Schmidt v. United States Air Force, No. 06-3069, 2007 WL 2812148 (C.D. Ill. Sep. 20, 2007). Here, a proper waiver to the Privacy Act was executed and attached to each fact sheet for every individual who occupied an EHU. Thus, pursuant to the FOIA, the Government is required to produce the requested Individual Assistance files. The Government may no longer use the Privacy Act as a shield.

---

[1] *See* Defendant United States of America's Responses to "Plaintiffs' Request for Production of Documents to the United States of America Through the Federal Emergency Management Agency, pg. 6

Instead, the FOIA requires the disclosure of Individual Assessment files. Any attempt by the Government to cite the Privacy Act as a means by which to avoid disclosing information needed by Plaintiffs to prosecute their claims is moot because Plaintiffs have already waived that protection.

Further, the Government's contention that Plaintiffs' requested information may be obtained "simply" by interviewing its clients is simply misguided. Plaintiffs are not merely seeking information such as names, dates of birth, and social security numbers. Instead, Plaintiffs are in need of information that is generally *not known* to its clients for the prosecution of their claims. Many of the individuals who occupied EHUs do not know or are not privy to information regarding the place of manufacture or the contractor of their EHU. In addition, Plaintiffs are entitled to information obtained by FEMA such as internal reports and/or notes about observations and/or complaints involving their trailer. Hence, Plaintiffs have made the reasonable request for Individual Assistance files, which contain information not known to each individual EHU occupant.

Finally, the Government claims that it "will continue to produce Individual Assistance files for any Plaintiff upon entry of a scheduling order setting that person's suit for trial."[2] However, as the Government is well aware, the information contained in the Individual Assistance files is essential for the prosecution of Plaintiffs' claims. At this stage in the litigation, the trials set are chosen for their representative value over the claims of Plaintiffs as a whole. Without the Individual Assistance files, Plaintiffs, and indeed this Court, will be unable to determine representatives using all available information. Instead, the production of the

---

[2] *See* Defendant United States of America's Responses to "Plaintiffs' Request for Production of Documents to the United States of America Through the Federal Emergency Management Agency*, pg. 6

Individual Assistance files **prior** to a plaintiff's case being set for trial will allow all parties and this Honorable Court to better determine a suitable bellwether candidate.

## CONCLUSION

In conclusion, pursuant to the officially authorized right of Plaintiffs, set forth by the Freedom of Information Act, to access their own Individual Assistance files, Plaintiffs respectfully request the entry of an Order compelling the United States/FEMA to immediately and forthwith produce the "disaster" and/or Individual Assistance files currently in possession, custody and control of FEMA.

Respectfully Submitted,

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
         GERALD E. MEUNIER, #9471
         **PLAINTIFFS' CO-LIASON COUNSEL**
         Gainsburgh, Benjamin, David, Meunier &
         Warshauer, L.L.C.
         2800 Energy Centre, 1100 Poydras Street
         New Orleans, Louisiana 70163
         Telephone:    504/522-2304
         Facsimile:      504/528-9973
         gmeunier@gainsben.com


         s/Justin I. Woods
         JUSTIN I. WOODS, #24713
         **PLAINTIFFS' CO-LIASON COUNSEL**
         Gainsburgh, Benjamin, David, Meunier &
         Warshauer, L.L.C.
         2800 Energy Centre, 1100 Poydras Street
         New Orleans, Louisiana 70163
         Telephone:    504/522-2304
         Facsimile:      504/528-9973
         jwoods@gainsben.com

                                        **COURT-APPOINTED PLAINTIFFS'**
                                        **STEERING COMMITTEE**
                                        ANTHONY BUZBEE, Texas # 24001820
                                        ROBERT BECNEL, #14072
                                        RAUL BENCOMO, #2932
                                        FRANK D'AMICO, #17519
                                        MATT MORELAND, #24567
                                        LINDA NELSON, #9938
                                        DENNIS REICH, Texas #16739600
                                        MIKAL WATTS, Texas # 20981820

## CERTIFICATE OF SERVICE

       I hereby certify that on August 5, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                                  s/Gerald E. Meunier
                                                GERALD E. MEUNIER, #9471