# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| **In re:** | **FEMA Trailer Formaldehyde** | * | **MDL No. 1873** |
| | **Products Liability Litigation** | * | |
| | | * | **Section N(5)** |
| | | * | |
| | | * | **Judge Engelhardt** |
| **This Document Relates To:** | | * | |
| *Anthony Bartel and Sherry Bartel  v.* | | * | **Magistrate Chasez** |
| *Gulf Stream Coach, Inc., et al.* | | * | |
| *Civil Action No. 09-3943* | | * | **Jury Demand** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**PLAINTIFFS' FIRST SUPPLEMENTAL AND AMENDING COMPLAINT FOR DAMAGES**

NOW INTO COURT, come Anthony Bartel and Sherry Bartel, who through undersigned counsel, supplement and amend the original Complaint for Damages filed on their behalf in the United States District Court for the Southern District of Mississippi, April 29, 2009. (Southern District of Mississippi Civil Action No. 1:09-cv-281; Eastern District of Louisiana Civil Action No. 09-3943), in the following respects and otherwise reiterate and reaver all of the allegations, claims and prayers for relief contained therein.

**1.**

Plaintiffs adopt paragraphs one through five ("I. PARTIES") of their original Complaint for Damages and add the following defendants:

  a.  Defendant American International Group Inc. (hereinafter, "AIG"), is, upon information and belief, a Delaware corporation, with its principle place of business in New York.  Further, defendant AIG provided insurance coverage for the risks involved in the underlying Complaint and herein of Fleetwood

        Enterprises, Inc., (hereinafter, "Fleetwood"), which manufactured and supplied FEMA trailers or housing units as defined in the underlying Complaint for Damages pursuant to contracts with FEMA for use in the State of Mississippi.

b.    Defendant Starr Excess Liability Insurance Company, Ltd. (hereinafter, "Starr"), is, upon information and belief, a Delaware corporation, with its principle place of business in New York. Further, defendant Starr provided insurance coverage for the risks involved in the underlying Complaint and herein of Fleetwood which manufactured and supplied FEMA trailers or housing units as defined in the underlying Complaint for Damages pursuant to contracts with FEMA for use in the State of Mississippi.

c.    Defendant American International Specialty Lines Insurance Company (hereinafter, "AISLIC"), is, upon information and belief, an Alaskan corporation, with its principle place of business in New York. Further, defendant AISLIC provided insurance coverage for the risks involved in the underlying Complaint and herein of Fleetwood, which manufactured and supplied FEMA trailers or housing units as defined in the underlying Complaint for Damages pursuant to contracts with FEMA for use in the State of Mississippi.

d.    Defendant Gibraltar Insurance Company, Ltd. (hereinafter, "Gibraltar"), is, upon information and belief, incorporated in Bermuda, with its principle place of business in a foreign state. Further, defendant Gibraltar provided

        insurance coverage for the risks involved in the underlying Complaint and herein of Fleetwood, which manufactured and supplied FEMA trailers or housing units as defined in the underlying Complaint for Damages pursuant to contracts with FEMA for use in the State of Mississippi.

    e.    The Defendant United States of America is sued herein as acting through the Federal Emergency Management Agency (FEMA), and both are referred to interchangeably herein as the "Federal Government," "Government" and/or "FEMA".

**2.**

Plaintiffs adopt paragraphs six through eleven ("II. JURISDICTION AND VENUE") of their original Complaint for Damages and add the following paragraphs:

    a.    This Court has subject matter jurisdiction over the United States of America and FEMA pursuant to 28 U.S.C. §§1346 and 2671, *et seq*.

    b.    Pursuant to 28 U.S.C. §1367(a), this Court has subject matter jurisdiction over any claims, not otherwise subject to federal jurisdiction, based on the Court's supplemental jurisdiction over these claims.

    c.    AIG is subject to the *in personam* jurisdiction of this Court because it and its insured client, Fleetwood, does sufficient business in the State of Mississippi and within this federal district to confer same, and at all relevant times hereto engaged in commerce both in this federal district and in the State of Mississippi with respect to the activities and claims which are the subject of this litigation.

d.  Starr is subject to the *in personam* jurisdiction of this Court because it and its insured client, Fleetwood, does sufficient business in the State of Mississippi and within this federal district to confer same, and at all relevant times hereto engaged in commerce both in this federal district and in the State of Mississippi with respect to the activities and claims which are the subject of this litigation.

e   AISLIC is subject to the *in personam* jurisdiction of this Court because it and its insured client, Fleetwood, does sufficient business in the State of Mississippi and within this federal district to confer same, and at all relevant times hereto engaged in commerce both in this federal district and in the State of Mississippi with respect to the activities and claims which are the subject of this litigation

f.  Gibraltar is subject to the *in personam* jurisdiction of this Court because it and its insured client, Fleetwood, does sufficient business in the State of Mississippi and within this federal district to confer same, and at all relevant times hereto engaged in commerce both in this federal district and in the State of Mississippi with respect to the activities and claims which are the subject of this litigation.

**3.**

Plaintiffs adopt paragraphs twelve through eighty-three ("III. FACTS AND GENERAL ALLEGATIONS") of their original Complaint for Damages and add the following paragraphs:

a.  Based upon information and belief, AIG, AISLIC, Starr and Gibraltar had in full force and effect policies of liability insurance affording coverage to Fleetwood, with respect to the matters, risks and things for which Fleetwood is liable herein and in the underlying Complaint for Damages.

b.  FEMA contracted with Fleetwood to purchase thousands of the housing units for provision to the Named Plaintiffs, and other Gulf Coast residents, as temporary housing.

c.  On information and belief, Fleetwood expedited production of these housing units, and, on information and belief, resorted to using substandard materials and/or employing irregular practices during the manufacturing process, all of which resulted in the housing unit occupied by Named Plaintiffs containing higher than normal levels of formaldehyde.

d.  On information and belief, Plaintiffs' housing unit manufactured by Fleetwood, whether manufactured prior to the hurricanes or later manufactured and purchased by FEMA, deviated from Government specifications pertaining to the safety of the unit as a residence.

e.  Plaintiffs submit that their housing unit manufactured by Fleetwood, whether manufactured prior to the hurricanes or later manufactured and purchased by FEMA, did not conform to Government-imposed specifications which addressed the design and/or construction of the housing unit pertinent to formaldehyde levels.

    f.      Plaintiffs submit that their housing unit manufactured by Fleetwood, whether manufactured prior to the hurricanes or later manufactured, and purchased by FEMA, contained dangerous levels of formaldehyde due to Fleetwood's use of certain materials in its construction, and/or posed the threat of producing dangerous levels of formaldehyde due to the Federal Government's intended use of the housing unit as a temporary residence for at least 18 months, but that Fleetwood failed to warn the Federal Government about these dangers.

    g.      Plaintiffs submit that Fleetwood ignored, or concealed and/or condoned the concealment of, the fact that the housing unit at issue contained dangerous levels of formaldehyde due to Fleetwood's use of certain materials in its construction, and/or posed the threat of producing dangerous levels of formaldehyde due to the Federal Government's intended use of the housing unit as a temporary residence for at least 18 months, all in order to sell Fleetwood's products, and/or avoid the costs of safety precautions/inspections, and/or avoid litigation by persons injured by formaldehyde emissions.

    h.      Each of the Named Plaintiffs spent significant time in the housing unit manufactured by Fleetwood and provided to Plaintiffs by the Federal Government. As a result, the Named Plaintiffs unwittingly were exposed to

        dangerously high concentrations of the formaldehyde emitted from products used in the manufacture of the subject housing unit.

i.      Fleetwood knew or should have known of the health hazards inherent in the products it constructed, by familiarity with industry standards, the material safety data sheets in its possession, and published medical studies.

j.      Following the Plaintiffs' occupancy of the temporary housing unit, CH2M was tasked with its de-installation.  Upon discovering the deteriorated condition of the temporary housing unit at the time of de-installation and removal, CH2M failed to identify the unsuitability of the temporary housing unit for long-term occupancy.

**4.**

Plaintiffs adopt paragraphs eight-four through one hundred and twelve and add the following counts against the following defendants

**COUNT 5:**

**CAUSE OF ACTION AGAINST THE FEDERAL GOVERNMENT**

a.      Plaintiffs incorporate the above allegations and those in their underlying original Complaint for Damages as if fully repeated verbatim herein.

b.      At all times herein, the Federal Government was under a duty to use due care and caution for the safety of the foreseeable users and occupants of the subject housing unit, which duty extended to each of the Named Plaintiffs herein.

c.  The Federal Government was obligated to promptly warn each Named Plaintiff of any defects in the housing unit which could cause harm and of which the Federal Government was aware.

d.  The Federal Government, after becoming aware of the potential for such harm, violated this duty to each Named Plaintiff, rendering the Federal Government negligent, grossly negligent, reckless, willful and/or wanton.

e.  As a direct and proximate result of the acts and/or omissions of the Federal Government, as well as its violation(s) of state and federal laws, each Named Plaintiff has suffered, and will continue to suffer harm and injuries, and is entitled to recover damages from the Federal Government.

f.  Further, since each Plaintiff is within the class and category of individuals meant to be protected by the state and federal statutory and regulatory laws which the Federal Government violated, Plaintiffs specifically plead the application of the doctrine of negligence *per se.*

g.  The Federal Government was negligent and at fault in the following non-exclusive particulars:

   i.  In failing to warn the each of the Named Plaintiffs of the unreasonably dangerous nature of the housing unit which Plaintiffs occupied.

  ii. In failing to promptly remedy the dangerous nature of the housing unit, on becoming aware of the formaldehyde dangers associated with the unit.

  iii. In failing to timely implement adequate safety measures and procedures to address the defects in the Plaintiffs' housing unit, on becoming aware of the formaldehyde danger associated with the units.

  iv. Such other actions of negligence and fault as will be shown at the trial of this matter.

## COUNT 6:

### STRICT PRODUCTS LIABILITY MS CODE ANNOTATED § 11-1-63 PRODUCTS LIABILITY: DEFECTIVE MANUFACTURING AND DESIGN - AIG THROUGH FLEETWOOD, AISLIC THROUGH FLEETWOOD, STARR THROUGH FLEETWOOD AND GIBRALTAR THROUGH FLEETWOOD

 a. Plaintiffs incorporate the above allegations and those in their underlying original Complaint for Damages as if fully repeated verbatim herein.

 b. Fleetwood, at the time that the subject housing unit left its control, knew or should have known that the product was defective because it deviated in a material way from the manufacturer's specifications or from otherwise identical units manufactured to the same manufacturing specifications.

c. Fleetwood knew or should have known that the defective condition rendered the subject housing unit unreasonably dangerous to the user or consumer or others; and

d. The defective and unreasonably dangerous condition of the product (the failure of the subject housing unit to be safely habitable without exposure to formaldehyde) proximately caused the damages and injuries sustained by each Named Plaintiff.

e. At the time the subject housing unit left the control of Fleetwood, the housing unit did not contain properly selected prepared and installed components.

f. At all relative times, each Named Plaintiff lacked actual or constructive knowledge of the defective condition of their housing unit and that the defective product was inconsistent with their safety.

g. At all relevant times, each Named Plaintiff did not appreciate the danger of their housing unit's defective condition.

h. At all relevant times, each Named Plaintiff did not deliberately and voluntarily choose to expose themselves to this danger in such a manner to register assent to the continuance of the dangerous condition.

i. The subject housing unit in question failed to function as expected as a result of its design characteristics.

j. An alternative design existed at the time that each housing unit left the control of Fleetwood which would have not impaired the product's usefulness or desirability.

k. The alternative design would have to a reasonable probability prevented the toxic exposure of each Named Plaintiff.

**COUNT 7:**

**PRODUCTS LIABILITY: FAILURE TO WARN PLAINTIFFS - AIG THROUGH FLEETWOOD, AISLIC THROUGH FLEETWOOD, STARR THROUGH FLEETWOOD AND GIBRALTAR THROUGH FLEETWOOD**

a. Plaintiffs incorporate the above allegations and those in their underlying original Complaint for Damages as if fully repeated verbatim herein.

b. Fleetwood's housing unit was defective because it failed to contain adequate warnings or instructions.

**COUNT 8**

**PRODUCTS LIABILITY: BREACH OF EXPRESS WARRANTY - AIG THROUGH FLEETWOOD, AISLIC THROUGH FLEETWOOD, STARR THROUGH FLEETWOOD AND GIBRALTAR THROUGH FLEETWOOD**

a. Plaintiffs incorporate the above allegations and those in their underlying original Complaint for Damages as if fully repeated verbatim herein.

b. Fleetwood's housing unit breached an express warranty and/or failed to conform to other express factual representations upon which the Plaintiffs justifiably relied in electing to use this product.

## 5.

## DAMAGES

**A. <u>COMPENSATORY DAMAGES</u>**

    a.    In addition to and by way of summarizing the compensatory damages prayed for herein, each Named Plaintiff avers that the defendants, the United States of America through FEMA, Gulf Stream, AIG through Fleetwood, AISLIC through Fleetwood, Starr through Fleetwood, Gibraltar through Fleetwood, CH2M as well as Bechtel, individually and/or jointly are responsible for all damages which each Named Plaintiff herein has suffered and continues to suffer as a consequence of defendants' acts and/or omissions as pled herein, which damages include, but are not limited to, past and future physical injuries, past and future mental and physical pain and suffering, past and future physical impairments and disability, past and future reasonable and necessary medical expenses, past and future loss of earning capacity, past and future loss of enjoyment and quality of life and other damages and injuries, loss of consortium, and loss of use and/or opportunity to use safe and adequate shelter during the period of displacement from a natural disaster, as well as, all general, special, incidental and consequential damages as shall be proven at the time of trial.

**B. <u>PUNITIVE / EXEMPLARY DAMAGES</u>**

    a.    Pursuant to Miss. Code Ann. § 11-1-65, inasmuch as the conduct of Gulf Stream, AIG through Fleetwood, AISLIC through Fleetwood, Starr through

Fleetwood, Gibraltar through Fleetwood, CH2M and/or Bechtel and their servant/employees constitutes willful, wanton, egregious and reckless disregard for the rights and safety of the plaintiffs, an award of punitive damages is appropriate and necessary under these facts.

**6.**

**REQUEST FOR JURY TRIAL**

Each Named Plaintiff is entitled to and demands a trial by jury.

**7.**

**PRAYER FOR RELIEF**

WHEREFORE, the Named Plaintiffs pray that Gulf Stream, AIG, AISLIC, Starr, Gibraltar, Bechtel, CH2M, and the Federal Govermnent be served with a copy of this Supplemental and Amending Complaint for Damages and the underlying original Complaint for Damages, and that, after due proceedings:

1. there be a judgment herein in favor of each Named Plaintiff and against Defendants for all compensatory damages and punitive damages together will legal interest thereon from the date of judicial demand until paid, all costs and expenses of these proceedings, and attorneys' fees, declaring that the defendants are liable for all applicable damages and thereafter;

2. there be specially included in the judgment in each Named Plaintiffs' favor, provisions for the following damages and relief as found applicable and supported by the evidence:

a. past and future physical injuries,

b. past and future mental and physical pain and suffering,

c. past and future physical impairments and disability,

d. past and future reasonable and necessary medical expenses,

e. past and future loss of earning capacity,

f. past and future loss of enjoyment and quality of life,

g. loss of consortium and/or society,

h. compensable out-of-pocket expenses related to defendants' wrongdoing, and

i. costs of court,

j. punitive damages, and

k. all other general, equitable, and further relief as the Court may deem just and proper.

                      Respectfully submitted,

                        /s/ Hugh P. Lambert
                      HUGH P. LAMBERT, ESQ. (LA BAR #7933)
                      LINDA J. NELSON, ESQ. (LA BAR #9938)
                      LAMBERT & NELSON, PLC
                      701 Magazine Street
                      New Orleans, LA 70130
                      Telephone: (504) 581-1750
                      Facsimile: (504) 529-2931
                      hlambert@lambertandnelson.com
                      lnelson@lambertandnelson.com

**PLEASE SERVE:**

1.     Gulf Stream Coach, Inc.
       ***Through its registered agent for service:***
       Kenneth C. Brinkler
       503 South Oakland
       Napanee, IN 46550

2.     Starr Excess Liability Insurance Company, Ltd.
       ***Through its CEO***
       175 Water Street, 19th Floor
       New York, New York 10038

3.     American International Specialty Lines Insurance Company
       ***Through the Secretary of State***
       State of Louisiana
       8585 Archives Ave
       Baton Rouge, Louisiana 70809

4.     Gibraltar Insurance Company, Ltd.
       ***Through its Registered Agent for Service***
       Quest Management Solutions
       FB Perry Building
       40 Church Street
       Hamilton, HM 11
       Bermuda

5.  Shaw Environmental, Inc.
    ***Through its registered agent for service:***
    C T Corporation System
    5615 Corporate Blvd., Suite 400B
    Baton Rouge, LA 70808

6.  Bechtel National, Inc.
    ***Through its registered agent for service:***
    CT Corporation System
    5615 Corporate Blvd., Suite 400B
    Baton Rouge, LA 70808

6.  CH2M HILL Constructors, Inc.
    ***Through its registered agent for service:***
    C T Corporation System
    5615 Corporate Blvd., Suite 400B
    Baton Rouge, LA 70808

7.  The United States Government
    ***Through***
    U.S. Attorney's Office, Eastern District of Louisiana
    500 Poydras Street
    Room B210
    New Orleans, Louisiana 70130
    ***And through***
    U.S. Attorney's Office, Southern District of Mississippi
    188 East Capitol Street
    One Jackson Place, Suite 500
    Jackson, Mississippi 39201
    ***And through***
    Attorney General of the United States
    U.S. Department of Justice
    950 Pennsylvania Avenue, NW
    Washington, DC 30530-0001
    ***And through***
    Federal Emergency Management Agency
    Office of the Director, Office of the General Counsel
    500 C Street, SW
    Washington, DC 20472

**PLEASE WITHHOLD SERVICE TO:**

1.  American International Group, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing pleadings were served on all counsel of record through electronic notification pursuant to the electronic filing in the United States District Court for the Eastern District of Louisiana this 31st day of July, 2009.

      /s/ Hugh P. Lambert
      Hugh P. Lambert, Esq. (#7933)