IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA


IN RE:  FEMA TRAILER FORMALDEHYDE          MDL NO. 1873
PRODUCTS LIABILITY LITIGATION

                                           SECTION N(5)

                                           JUDGE ENGELHARDT

THIS DOCUMENT IS RELATED TO:               MAGISTRATE CHASEZ
*Kimberly Nelson, et al  v. Gulf Stream Coach, Inc., et al*
*No. 07-7494*

*******************************************************************************

## FIRST SUPPLEMENTAL AND AMENDING
## COMPLAINT FOR DAMAGES

The plaintiff Kimberly Nelson, individually and on behalf of her minor children, Griffin

Champagne and Baleigh Nelson, and pursuant to the provisions Rule 15 of the Federal Rules of

Civil Procedure, respectfully supplements and amends the Original Complaint herein as follows:


1.


Plaintiffs adopt, incorporate and restate all allegations, assertions of fact, causes of action,

claims and requests for relief raised and set forth in the Original Complaint.

2.

Each Named Plaintiffs is, for purposes of 28 U.S.C. §1332, a citizen of a state other than the state(s) in which Defendants are citizens.

3.

The allegations of the Original Complaint with respect to the identification of Parties (Paragraphs 2 through 4 of the Original Complaint), as well as the allegations of the Original Complaint with respect to Jurisdiction and Venue (Paragraphs 5 through 9), respectfully are reiterated and incorporated herein.

4.

The Plaintiffs wish to supplement Paragraph 4 of the Original Petition by naming and adding new defendants as follows:

**MADE DEFENDANTS HEREIN**:

Shaw Environmental, Inc. ("Shaw"), a Louisiana corporation, received a No-Bid contract from the Federal Emergency Management Agency ("FEMA") and was tasked with, amongst other things, performing significant functions in the transportation, delivery, installation, maintenance and repair, de-installation and refurbishment of the temporary housing units provided by FEMA to the victims of hurricanes Katrina and Rita.

Fluor Enterprises, Inc., ("Fluor"), a California corporation with its principal place of business in Irving, Texas, licensed to do business in the State of Louisiana and in good standing, received a No-Bid contract from FEMA and was tasked with, amongst other things, performing significant functions in the transportation, delivery, installation, maintenance and

repair, de-installation and refurbishment of the temporary housing units provided by FEMA to the victims of hurricanes Katrina and Rita.

Bechtel Corporation ("Bechtel"), a Nevada corporation with its principal place of business in San Francisco, California, licensed to do business in the State of Louisiana and in good standing, received a No-Bid contract from FEMA and was tasked with, amongst other things, performing significant functions in the transportation, delivery, installation, maintenance and repair, de-installation and refurbishment of the temporary housing units provided by FEMA to the victims of hurricanes Katrina and Rita.

CH2M Hill, Inc. ("CH2M") (collectively with Shaw, Fluor an Bechtel, hereinafter the "No-Bid Defendants"), a Florida corporation with its principal place of business in Englewood, Colorado, licensed to do business in the State of Louisiana and in good standing, received a No-Bid contract from FEMA and was tasked with, amongst other things, performing significant functions in the transportation, delivery, installation, maintenance and repair, de-installation and refurbishment of the temporary housing units provided by FEMA to the victims of hurricanes Katrina and Rita.

North American Catastrophe Services, Inc. ("NACS"), a Florida corporation, not licensed to do business in Louisiana, received a contract from the United States to identify, select and procure temporary housing units for those displaced by hurricanes Katrina and Rita.

Morgan Building & Spa Manufacturing Corporation ("Morgan") (collectively with NACS, hereinafter the "Procurement Defendants"), a Nevada corporation with its

3

principal place of business in Garland, Texas, licensed to do business in the State of Louisiana and in good standing, received a contract from the United States to identify, select and procure temporary housing units for those displaced by hurricanes Katrina and Rita.

Also made defendant herein is the United States of America, through the Federal Emergency Management Agency ("FEMA"), referred to, interchangeably as the "Federal Government", "Government" and "FEMA".

5.

The allegations of the Original Complaint dealing with general factual information (Paragraphs 10 through 22), also are reiterated and incorporated herein.

6.

Plaintiff and her minor children, Griffin Champagne and Baleigh Nelson were displaced from their permanent home as a result of Hurricanes Katrina and Rita.  Since their home was rendered uninhabitable as a result of Hurricanes Katrina and Rita, plaintiff and her children, Griffin Champagne and Baleigh Nelson were deemed eligible to receive emergency housing assistance from the defendant FEMA, pursuant to the Stafford Act and applicable federal regulations.

7.

The emergency housing assistance provided to plaintiff and her minor children, Griffin Champagne and Baleigh Nelson was in the form of a travel trailer manufactured by the defendant Gulf Stream Coach, Inc., with Vehicle Identification Number (**unknown at this time**).

4

8.

The travel trailer was delivered to plaintiff and her minor children, Griffin Champagne and Baleigh Nelson for occupancy at 12439 Rue Frangois, Abbeville, Louisiana, 70510.

9.

The travel trailer was installed at the above location and hooked to utilities, etc. for residential purposes by (**unknown no-bid contractor**) pursuant to a contract between (**unknown no-bid contractor**) and the defendant FEMA.

10.

Plaintiff and her minor children, Griffin Champagne and Baleigh Nelson began living in the travel trailer on or about January 10, 2006, and stopped living in the travel trailer on or about May 15, 2007. They resided in the unit during this period of time.

11.

The travel trailer was vacated by the plaintiff and her minor children, Griffin Champagne and Baleigh Nelson after plaintiff became aware of the potential dangers of formaldehyde exposure in the trailer.

12.

Plaintiff respectfully reiterates and incorporates all allegations set forth in the Original Complaint with respect to the cause of action against the defendant FEMA (Paragraphs 33 through 38 of the Original Complaint). In addition, and more specifically,

plaintiff avers that the defendant FEMA negligently failed to take prompt and appropriate remedial action, and/or to communicate promptly and effectively to her, with respect to the safety and health risks and concerns related to formaldehyde exposure in this travel trailer, even though FEMA became aware of such risks and concerns generally, as early as the Fall/Winter of 2005. as a result, plaintiff and her minor children, Griffin Champagne and Baleigh Nelson were negligently and unnecessarily exposed to unsafe and potentially dangerous levels of formaldehyde in the travel trailer, prior to the time plaintiff became aware of the need to vacate the trailer.

13.

Plaintiff respectfully reiterates and incorporates al of the allegations set froth in the Original Complaint with respect to the cause of action against the defendant Gulf Stream manufacturer under the Louisiana Product Liability Act (Paragraphs 35 through 38 of the Original Complaint). In addition, and more specifically, plaintiff avers that the defendant FEMA negligently failed to take prompt and appropriate remedial action, and/or to communicate promptly and effectively to her, with respect to the safety and health risks and concerns related to formaldehyde exposure in this travel trailer, even though FEMA became aware of such risks and concerns generally, s early as the Fall/Winter of 2005. as a result, plaintiff and her minor children, Griffin Champagne and Baleigh Nelson were negligently and unnecessarily exposed to unsafe and potentially dangerous levels of formaldehyde in the travel trailer, prior to the time plaintiff became aware of the need to vacate the trailer.

14.

Plaintiff respectfully reiterates and incorporates all of the allegations set forth in the Original Complaint with respect to the cause of action against the defendant Gulf Stream manufacturer under the Louisiana Product Liability Act (Paragraphs 33 through 38 of the Original Complaint). Additionally, and more specifically, plaintiff alleges that the defendant manufacturer's duty to warn her and her family about the dangers and risks of formaldehyde in this travel trailer was continuing in nature, and legally was owed to plaintiff by the defendant manufacturer during the entire period that plaintiff and her family occupied this travel trailer.

15.

Plaintiff respectfully amends the allegations with respect to damages in Paragraph 38 of the Original Complaint, as well as the allegations in the "Prayer for Relief" in the Original Complaint, in order to specify that she seeks compensatory damages herein for the following:

    a.    plaintiff's physical pain and suffering;

    b.    the physical pain and suffering of her minor children, Griffin Champagne and Baleigh Nelson;

    c.    plaintiff's mental anguish and emotional distress, including the fear of an increased risk of future serious disease both in her case and in the case of her minor children, Griffin Champagne and Baleigh Nelson.

d.     the mental anguish and emotional distress of her minor children, Griffin Champagne and Baleigh Nelson, including and with respect to the fear of an increased risk of future serious disease;

e.     the past, continuing and future medical expenses of plaintiff and her minor children which have been necessitated by the injuries sustained herein, including costs for future medical treatment, services, surveillance, medical monitoring costs, and/or procedures to address physical and/or mental injuries from formaldehyde exposure which currently are manifest;

f.     the impairment of future wage-earning capacity and/or daily life activities suffered, and to be suffered, by plaintiff's minor children, Griffin Champagne and Baleigh Nelson; and

g.     plaintiff's loss of consortium based upon the injuries suffered by her minor children, Griffin Champagne and Baleigh Nelson.

## REQUEST FOR JURY

Plaintiffs specifically reiterate their request for trial by jury of all claims herein, to the extent permitted by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that Defendants be served with a copy of this First Supplemental and Amending Complaint for Damages, and that, after due proceedings:

8

1.     there be a judgment herein in favor of Plaintiffs and against Defendants for all compensatory damages together with legal interest thereon from the date of judicial demand until paid, all costs and expenses of these proceedings, and attorneys' fees, declaring that the defendants are liable for all applicable damages and thereafter;

2.     there be specifically included in the judgment in Plaintiffs' favor, provisions for the following damages and relief as found applicable and supported by the evidence:

    a.     past and future physical injuries;

    b.     past and future mental and physical pain and suffering;

    c.     past and future physical impairments and disability;

    d.     past and future reasonable and necessary medical expenses;

    e.     past and future loss of earning capacity;

    f.     past and future loss of enjoyment of and quality of life;

    g.     loss of consortium and/or society;

    h.     compensable out-of-pocket expenses related to defendants' wrongdoing;

    i.     costs of court; and

    j.     all other general, equitable and further relief, as the Court may deem just and proper.

Respectfully submitted,

/s/ John K. Etter

JOHN K. ETTER (Bar No. 25042)
**RODNEY & ETTER, LLC**
620 North Carrollton Avenue
New Orleans, LA 70119
Phone:  (504) 483-3224
Facsimile:  (504) 483-2259


**PLEASE SERVE:**

1.      SHAW ENVIRONMENTAL, INC.
        **Through its Counsel of Record**
        William H. Howard, III, Esq.
        Baker Donelson Bearman Caldwell & Berkowitz
        201 St. Charles Avenue, Suite 3600
        New Orleans, LA 70170

2.      FLUOR ENTERPRISES, INC.
        **Through its Counsel of Record**
        Leon Gary, Jr., Esq.
        Jones, Walker,, Waechter, Poitevant, Carrere & Denegre
        Four United Plaza
        8555 United Plaza Blvd., Fifth Floor
        Baton Rouge, LA 70809

3.      BECHTEL CORPORATION
        **Through its registered agent for service:**
        C T Corporation
        5615 Corporate Blvd., Ste. 400B
        Baton Rouge, Louisiana 70808

4.      CH2M Hill, Inc.
        **through its registered agent for service:**
        C T Corporation System
        5615 Corporate Blvd., Ste. 400B
        Baton Rouge, Louisiana 70808

5.     North American Catastrophe Services, Inc.
**VIA LONG-ARM**

6.     Morgan Building & Spa Manufacturing Corporation
**through its registered agent for service:**
C T Corporation System
5615 Corporate Blvd., Ste. 400B
Baton Rouge, Louisiana 70808

7.     The United States of America
**through**
U.S. Attorney's Office, Eastern District of Louisiana
500 Poydras Street
Room B210
New Orleans, Louisiana 70130
**and through**
Attorney General of the United States
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
**and through**
Federal Emergency Management Agency
Office of the Director, Office of the General Counsel
500 C Street, SW
Washington, DC  20472

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 1st day of August, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

/s/ John K. Etter
**JOHN K. ETTER**

11