UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER          * | | MDL NO. 1873 |
|      FORMALDEHYDE        * | | |
|      PRODUCTS LIABILITY  * | | |
|      LITIGATION          * | | SECTION:  N(5) |
| * | | |
| This Document Relates to:   * | | |
| *Aldridge, et al. v. Fleetwood Enterprises, Inc., et al.* * | | |
| * | | JUDGE: ENGELHARDT |
| Case No. 07-9228            * | | |
| * | | |
| * | | MAG: CHASEZ |

*****************************************************************************

### DEFENDANT FLEETWOOD ENTERPRISES, INC.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFFS' DESIGNATION OF KENNETH R. LAUGHERY, PH.D.

**May It Please The Court:**

Defendant Fleetwood Enterprises, Inc. ("Fleetwood") has moved this Court *in limine* to strike the Plaintiffs' designation of Kenneth R. Laughery, Ph.D. as a human factors expert witness.[1] While in their response to Fleetwood's Motion Plaintiffs attempt to draw a distinction between human factors opinions and warning opinions, Laughery's proposed testimony fails for several reasons.  As previously recognized by this Court in its recent order excluding warnings expert Lila Laux in this litigation, the Court held that in ruling expert testimony admissible, the Court must determine "whether the fact finder's informed evaluation of certain factors depend[s]

---

[1] Fleetwood has filed its Motion for Leave to file Reply Memorandum in Support of its Motion to Strike Plaintiffs' Designation of Kenneth R. Laugery, PhD. Contemporaneously with filing its Reply Memorandum. Counsel for Fleetwood has been informed that the United States Government and defendant Fluor do not object to its filing of this reply.  Counsel for Fleetwood has inquired of Plaintiffs counsel whether they object to the filing of this reply brief but as of time of filing Plaintiffs counsel has not responded.

on expert assistance or simply implicate[s] a common sense assessment 'within the realm of the average juror's knowledge and experience'".[2]  Laughery's testimony fails to meet this criteria.

1. **Laughery's proposed warning opinions are a subset of his human factors opinion.**

Laughery provides two primary opinions:  (1) the alleged inadequacy of Fleetwood's warning of formaldehyde, and (2) the alleged inadequacy of the physical placement of Fleetwood's warning notice within the travel trailer.  Plaintiffs attempt to separate Laughery's "warnings" opinions from his "human factors" opinions.  However, Laughery's own listing, attached to his expert report, of his publications shows the interelationship between his proposed warnings opinion and his proposed human factors opinion. In his Affidavit, he identifies selected publications, including a chapter on "Warnings and hazard communications" that was published in the Handbook of Human Factors and Ergonomics, Third Edition.[3] On the Human Factors and Ergonomics Society website, detail is provided for another publication, Human Factors Perspective on Warnings, Volume 2: Selections from Human Factors and Ergonomics Society Proceedings 1994-2000.[4] Because and his designation should be struck.

2. **No expert testimony should be permitted to instruct the jury on how it should decide a factual issue.**

Neither of Laughery's opinions require an expert to instruct the jury on how to decide those issues.   As to the first issue, alleged inadequacy of the Fleetwood warning, Ms. Dubuclet testified in her class representative deposition that she did not recall receiving or reading any

---

[2] Order and Reasons, Case 2:07-md-01873-KDE-ALC, Document 2181, filed 7/15/2009, p. 4.
[3] Laughery Aff. at 2 (DUB000589), attached as Ex. 2 to Pl's Resp.
[4] Human Factors and Ergonomics Society: Product Detail, www.hfres.org/Publications/ProductDetail.aspx?Id=20 (last accessed August 5, 2009)

owner's manual[5], and that she did not know the trailer had formaldehyde in it[6] . As such, she must not have seen any warning issued by Fleetwood relating to formaldehyde. Because she never saw any warning, the wording or adequacy of any warning provided by Fleetwood cannot be at issue, and is not relevant to this case. Consequently, Laughery's expert opinions as to the sufficiency, or lack thereof, of Fleetwood's warnings, are not necessary or helpful to the jury in the case. See *Peters v. Five Star Marine Serv.*, 898 F.2d 448, 450 (5th Cir. 1990)

As to the second issue, whether the placement of Fleetwood's warning was adequate, while Fleetwood specifications for the unit instructed that the formaldehyde health notice was to be placed on the outside of the bathroom mirror/medicine cabinet,[7] Plaintiffs assert that the warning notice in this unit is on the *inside* of the medicine cabinet,[8] and that this placement of the notice did not effectively communicate the risks to the Dubuclets. While the questions of when and how the formaldehyde health notice in the Dubuclet unit came to be placed on the inside of the bathroom medicine cabinet, and whether the Dubuclet's should have seen that notice where it was located, remain questions of fact in this case, these are factual issues for the jury to decide, and are factual issues that require no expert testimony as they are clearly "within the realm of the average juror's knowledge and experience".[9] See *Peters v. Five Star Marine Serv.*, 898 F.2d 448, 450 (5th Cir. 1990)

---

[5] Dep. of Elisha Dubuclet, taken Sept. 17, 2008 (for class purposes) at 116, 139-40, excerpts attached as Ex. A.
[6] Dep. of Elisha Dubuclet, taken Sept. 17, 2008 (for class purposes) at 40, excerpts attached as Ex. A.
[7] See, Fleetwood's specification for placement of formaldehyde health notice, FLE-00005100-FLE-00005102 attached as Ex. B.
[8] *See* Laughery Aff. at 6 (DUB000593)
[9] Order and Reasons, Case 2:07-md-01873-KDE-ALC, dated July 15, 2009, [Rec. Doc. 2181], p. 4.

**Conclusion**

In conclusion, Fleetwood agrees that it has not filed a *Daubert* motion for Laughery—indeed, it expressly reserved and continues to reserve the right to do so—but whether Laughery should be struck from the plaintiffs' expert designation is a separate issue. The human factors opinions that he offers simply invade the province of the jury. Fleetwood respectfully requests that this Honorable Court issue an Order striking Dr. Laughery from Plaintiff's Designation of Expert Witnesses.

This 5th day of August, 2009.

Respectfully submitted:

 /s/ Richard K. Hines, V
Richard K. Hines, V
GA Bar No. 356300
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)

Jerry L. Saporito
LA Bar No. 11717
LEAKE & ANDERSSON, L.L.P.
1700 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-1701
(504) 585-7500 (phone)
(504) 585- 7775 (fax)

Counsel for Fleetwood Enterprises, Inc.

## **C E R T I F I C A T E OF SERVICE**

      I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )    Hand Delivery                     ( )    Prepaid U.S. Mail

( )    Facsimile                            ( )    Federal Express

(X)    CM/ECF

      New Orleans, Louisiana, this 5th day of August, 2009.

                               */s/ Richard K. Hines, V*
                               Richard K. Hines, V
                               Georgia Bar No. 356300
                               richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)