UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 | |
| FORMALDEHYDE | * | | |
| PRODUCTS LIABILITY | * | SECTION: N(5) | |
| LITIGATION | * | | |
| | * | JUDGE: ENGELHARDT | |
| This Document Relates to: *Charlie Age, et al. v.* | * | | |
| *Gulf Stream Coach Inc., et al*, Docket No. 09-2892 | * | MAG: CHASEZ | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**<u>MEMORANDUM IN SUPPORT OF
MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S
SECOND AND THIRD REQUEST FOR PRODUCTION OF DOCUMENTS</u>**

**MAY IT PLEASE THE COURT:**

Through undersigned counsel, Defendant, Gulf Stream Coach, Inc. ("Gulf Stream"), submits this Memorandum in Support of its Motion for Extension of Time To Respond to Plaintiff's Second and Third Request For Production of Documents. Plaintiff opposes this Motion.

**I. NATURE OF THE CASE**

As the Court is well aware, this Multi-District Litigation is the consolidation of almost five hundred state and federal toxic tort suits in which an estimated seventy thousand named Plaintiffs claim to have inhabited temporary housing units ("THUs") that were provided to them by the Federal Emergency Management Agency ("FEMA") as a result of the alleged uninhabitability of their residences due to Hurricanes Katrina and Rita. (Rec. Doc. No. 109, at ¶ 96). On April 6, 2009, the Court ordered that plaintiffs Alana Alexander and her 12-year-old son, Christopher Cooper, would serve as bellwether plaintiffs against Gulf Stream in a trial scheduled for Sept. 14, 2009. (Rec. Doc. No. 1299).

Extensive discovery has been conducted both in general and specifically in relation to the *Age* case (*Age, et al. v. Gulf Stream Coach, Inc. et al.*, Member Case No. 09-2892, Rec. Doc. 1), of which Alana Alexander and Christopher Cooper (collectively, "Plaintiff") are named plaintiffs. On April 10, 2009, the plaintiffs in all cases propounded a Revised Set of Master Discovery on the manufacturing defendants, including Gulf Stream. *See* Plaintiffs' Revised Master Set of Request for Production of Documents to Gulf Stream Coach, Inc., attached hereto as Exhibit "A." On May 18, 2009, Gulf Stream responded to the Revised Set of Master Discovery. *See* Response to Revised Set of Master Discovery, attached hereto as Exhibit "B." The discovery sought production of extensive documentation from Gulf Stream, including documents related to compensation from FEMA, contracts, quality control, design specifications, composition of THU component parts, suppliers of component parts, alternative available materials, applicable codes and regulations, air quality testing and monitoring, safety procedures, owners' manuals/warnings, formaldehyde, insurance, and FEMA. *See* Exhibit "B."

Regarding case specific discovery in the *Age* case, on May 5, 2009, Plaintiff propounded a First Request for Production of Documents to Gulf Stream. *See* Alana Alexander's First Request for Production of Documents to Gulf Stream Coach, Inc., attached as Exhibit "C." The document requests were mostly duplicative of the requests in the Revised Set of Master Discovery, but directed to the specific EHU occupied by Plaintiff, where appropriate. Gulf Stream responded to the Request on May 27, 2009. *See* Response to First Request for Production, attached hereto as Exhibit "D." Plaintiff subsequently filed a Second Request for Production of Documents ("Second Set") and Third Request for Production of Documents ("Third Set"), attached hereto, respectively, as Exhibits "E" and "F." Much like the Plaintiff's First Set, her Second Set and Third Set of discovery were largely duplicative of previously

propounded discovery to which Gulf Stream has responded. Also, several of the requests seek information outside the scope of this Plaintiff's case. Because it needs additional time to respond to these requests, Gulf Stream seeks this extension.

## II.     LAW AND ARGUMENT

A party may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party or that appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). A party may serve on any other party a request within the scope of Rule 26(b) to produce any documents in the party's control.  Fed. R. Civ. P. 34(b)(2)(A). The party receiving a Request must respond in writing within 30 days of being served. Fed. R. Civ. P. 34(a)(1)(A). The court may grant the receiving party a longer time period in which to respond. *Id.* 34(b)(2)(A); *Great Am. Ins. Co. v. McElwee Bros.*, 2004 WL 574749, *4 (E.D.La. March 19, 2004).

As discussed above, Gulf Stream seeks an extension of time to respond to the Plaintiff's Second Set and Third Set of discovery for two main reasons – first, it has good cause to obtain the extension, and second, the Plaintiff's requests are mostly duplicative or unrelated to the claims of this particular Plaintiff. As to the good cause, Gulf Stream submits that both parties have worked diligently to prepare the Plaintiff's case for trial starting on September 14, 2009. Nowhere in this litigation is that fact more apparent than in the parties' deposition practice. Since the beginning of July, the parties have noticed and conducted **46** depositions in this case. Of these, 35 were held outside the New Orleans area. Because of this huge quantity, Gulf Stream and the other parties have undertaken an extraordinary effort to prepare for, travel to and attend these depositions. Of course, the parties' responsibilities do not end with deposition practice – far from it. The parties have engaged in an extensive motion practice, attended multiple hearings on

3

a variety of topics, and addressed the issue of whether various electronic documents are discoverable. Furthermore, counsel for Gulf Stream's burdens are more acute because of their responsibility as liaison counsel in this MDL. Finally, in an instance of extremely poor timing, Defense Liaison Counsel Weinstock and his wife both had surgery in July for pre-cancerous medical conditions. Considering all of these issues, Gulf Stream respectfully submits that it has good cause to acquire an extension to respond to the Plaintiff's discovery requests.

Additionally, Gulf Stream believes that the extension is justified because the Plaintiff's requests in her Second and Third Sets of discovery are not only duplicative of previous requests, but also request information that has no bearing on her individual claims. Gulf Stream will need additional time to obtain this information, as it is outside of the scope of the trial for which the parties have been preparing. There are several examples of the Plaintiff's impermissible requests. In the Second Set, the Plaintiff asks for any third party test results of any wood products used in making travel trailers or mobile homes, as well as engineering specifications for FEMA model trailers. *See* Exhibit E, p. 7, Requests 2, 6. Yet, the master set of discovery already asked for all documents that reflected testing performed on the EHUs and that reflected the specifications in place for the assembly of EHUs. *See* Exhibit A, p. 7—8, Requests 6, 12. These duplicative discovery requests are not permissible under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (2009) (stating that the court must limit the frequency or extent of discovery if the discovery sought is, among other things, unreasonably duplicative).

Further, several of the Plaintiff's other requests in the Second Set involve documents that are not at issue in the Plaintiff's case. The Plaintiff requested documents related to ventilation and wood replacement that were performed in **other** EHUs, not the Plaintiff's. *See* Exhibit E, p. 7, Requests 4, 5. Likewise, she seeks documents related to medical complaints that other

4

individuals may have had as a result of their exposure to formaldehyde. *Id*. Request 9. The personal injury claims of others and the component parts of other EHUs have no place in the Alexander case – only the Plaintiff's alleged injuries and exposure mechanisms are relevant.

Considering that several of the Plaintiff's discovery requests in her Second and Third Set are inapplicable and/or duplicative, it submits that its request for an extension to respond to these issues is justified. Gulf Stream admits that it must respond to the discovery either by providing the requested documentation or noting its objections to the responses. However, when the Plaintiff seeks information that is outside the scope of her claims and information that has already been requested and produced, Gulf Stream must divert its attention from the relevant issues of this trial and address such requests. It needs time to do so. Accordingly, an extension of time is required, and Gulf Stream respectfully asserts that it is entitled to that extension.

### III.   CONCLUSION

**WHEREFORE,** considering the foregoing, Gulf Stream respectfully requests that this Honorable Court issue an Order granting it until August 14, 2009 to respond to Plaintiff's Second and Third Request for Production.

Respectfully Submitted:

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

s/Andrew D. Weinstock

_____
**ANDREW D. WEINSTOCK #18495
JOSEPH G. GLASS #25397**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700
(504) 837-3119 (FAX)
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON**
**Timothy D. Scandurro #18424**
**Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
(504) 529-6199 (FAX)
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

# C E R T I F I C A T E

I hereby certify that on the 5th day of August, 2009, a copy of the foregoing Memorandum in Support of Motion for Extension of Time to Respond to Plaintiff's Second and Third Request for Production was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495
andreww@duplass.com