UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                         MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                SECTION "N-5"
                                            JUDGE ENGELHARDT
                                            MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' REVISED MASTER SET OF
REQUEST FOR PRODUCTION OF DOCUMENTS
TO GULF STREAM COACH, INC.**

TO:   Andrew D. Weinstock, Esq.
      Joseph Glass, Esq.
      Timothy Scandurro, Esq.
      Counsel for Gulf Stream Coach, Inc.

**PLEASE TAKE NOTICE** that Plaintiffs propound the following **Revised Master Set of Request For Production of Documents to Gulf Stream Coach, Inc.** pursuant to the Federal Rules of Civil Procedure. You are hereby notified and required to respond to each request within the delays provided in Federal Rules of Civil Procedure 34(b)(2)(A).

## INSTRUCTIONS

1.   In responding to this Request for Production, if the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

2.   Whenever in this Request you are asked to identify and/or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

    A.    With respect to any document or communication which you claim is privileged, identify the following facts to enable the Court to determine whether the claim of privilege is valid:

        1.    If you are withholding the document under a claim of privilege (including, but not limited to, the attorney-client privilege and the work product doctrine), please provide the information set forth in Fed.R.Civ.P.26(b)(5), including the type of document, the general subject matter of the document, the date of the document, and such other information as is sufficient to identify the document, including where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you;

        2.    If you are withholding the document for any reason other than an objection that the document is beyond the scope of discovery or that a request is unduly burdensome, identify as to each document and, in addition to the information requested in paragraph 2(A)(1) above, please state the reason for withholding the document.

    B.    When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portion as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the identity of the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

3.    If production of any requested document is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

4.    All requests for computerized data are to be in a computer-readable format.

5. Unless otherwise indicated, all requests are limited to documents applicable to, relating to, or concerned with, any or all properties, facilities and offices of defendant.

6. If any requested document is known by you to have existed, but no longer exists or no longer is in your possession, custody, or control, you are requested to identify the last known custodian thereof and state the date upon which it was lost or destroyed or otherwise became unavailable.  If the document still exists, you are requested to identify its present custodian and location.

7. In accordance with Fed. R.Civ. P. 34(b), the documents shall be produced as they are kept in the usual course of business or shall be organized and identified to correspond with the following requests by number.

8. If the requested documents are maintained in a file, the file folder is included in the Request for Production.

9. Please note that the Defendant is under a continuing duty, pursuant to Fed. R.Civ.P.26(e), to supplement its responses to these Requests for Production upon obtaining subsequent additional information that renders the original answer incorrect or incomplete.

## DEFINITIONS

1. The terms "you", "your", and "yours" shall mean the entity named herein, as well as all of its subsidiaries, parent companies, sibling companies, officers, contractors, agents, personnel, representatives, or other persons acting on behalf of, or at the request of, each individual entity named in the Administrative Master Complaint.

2. The term "incident" shall mean the incident or incidents that form the basis of Plaintiffs' Administrative Master Complaint (Doc # 109).

3. The term "document" shall mean any written, recorded, or graphic matter, however produced or reproduced, including photographs.  The term "document" shall be interpreted in its customary broad sense and shall include, but is not limited to, the following items: letters of credit; promissory notes; budgets, journals; registers; cancelled checks; accounts; work sheets; books; records; reports; notes; summaries; surveys; estimates; agreements; diaries; calendars; day timers; correspondence; letters; telegrams; e-mails; electronic archives of e-mails (whether deleted or not); voicemail; magnetically or optically recorded documents; archival copies of magnetically or optically recorded documents; documents that have been logically deleted but not physically erased; the actual media (whether magnetic, optical or other) that have been used to record or forward documents; telexes; memoranda (including intra-office memoranda);

        summaries; notes; records of meetings; records of conferences; records of telephone conversations; records of personal interviews or conversations; drafts of documents; business records; maps; drawings; blueprints; charts; plans; specifications; computer printouts; computer archives (deleted or not); computer tapes; computer disks; CD ROMS; microfilm; microfiches; photographs; slides; negatives; motion pictures; video recordings; audio recordings (including transcription); data compilations from which information can be obtained, or translated into, a reasonably usable form; and any other information containing paper, writing, or physical thing in defendants' actual or constructive possession, custody or control.  If any documents were, but are no longer, in defendant's actual or constructive possession, custody, or control, identify the document and state the date and manner of its disposition.

4. The term "identify", when used with respect to a natural person, shall mean that person's full name, present or last known employment, present or last known address, and most recent telephone number or numbers.

5. The term "identify", when used with respect to a document or photographs, shall mean to state the type of document (e.g. lease, memorandum, contract, e-mail, chart, diagram, etc.), its location and custodian, the date the document was created, and the identity of the party or parties whose names appear thereon. You may attach a copy of such document in lieu thereof.

6. The singular of each word herein shall be deemed to include the plural and vice-versa; the term "and" shall be deemed to include "or" and vice-versa; the term "any" shall be construed to include the term "all" and vice-versa; and the term "each" shall be construed to include the term "every" and vice-versa; the present tense shall be construed to include the past tense and vice-versa.

7. The term "defendant" and the term "you" shall be deemed synonymous and shall be deemed to include any and all appropriate agents, servants, employees, attorneys and other representatives of the defendant, expert witness, or any other person who has been retained or has otherwise been employed by Defendant in connection with this civil action or its underlying subject matter.

8. The term "date" shall mean the day of the month, the month, and the year. If the exact date is not known and is not available, give the approximate date and indicate that it is only approximate.

9. The term "address" shall mean the post office box number, street number, street, city, state or province, country (other than the United States of America), and zip code.

10. The terms "relating", "concerning", and "reflecting" (or any of their forms) shall mean relating to, reflecting, constituting, representing, supporting, contradicting, referring to, relevant to, containing information about, stating, describing, analyzing, learning, embodying, containing, mentioning, studying, recording, discussing, or evaluating whether in opposition to or in support of defendant's allegations, contentions, positions, and claims in this action.

11. The term "communication" shall mean any transmission of information (whether written, electronic, or oral), the information transmitted, and the process by which the information is transmitted.

12. The term "person" means any natural person, business, legal or governmental entity or association.

13. The acronym "FEMA" is defined as the Federal Emergency Management Agency, as well as any umbrella or parental federal department encompassing the Federal Emergency Management Agency, such as the United States Department of Homeland Security.  The acronym "DHS" is defined as the United States Department of Homeland Security.

14. The acronyms CDC, ATSDR, OTPER, OSHA, and NIOSH mean Centers for Disease Control and Prevention, Agency for Toxic Substances and Disease Registry, Office of Terrorism Preparedness and Emergency Response, Occupational Safety and Health Administration, and National Institute for Occupational Safety and Health, respectively.

15. The terms "temporary housing units" or "THUs" are defined as travel trailers and park trailers, and refers to emergency housing units provided by FEMA.

16. The term "manufacture" means manufacture, produce, assemble, and distribute.

17. The term "install" means the process by which the manufactured housing unit is delivered to the person or persons displaced by hurricanes Katrina or Rita and integrated into whichever electrical, water and sewage systems that serve the property on which the manufactured housing unit is delivered.  The term "install" also encompasses the manner in which the unit is placed on the property for use.

18. The term "formaldehyde" means formaldehyde and all formaldehyde-based resins.

19. The term "sale" means sale, donation, giving in kind, giving in payment, and all other acts that transfer ownership.

20. The term "standards" means standards, specifications, rules, regulations, and guidelines.

21. The acronym "ppm" means parts per million.

22. The term "facilities" means yards, offices, warehouses, production plants, manufacturing facilities, storage facilities and all other locations owned or leased by you in which your business is transacted.

23. The terms "occurrence" and "transaction" mean the events described in the Complaint and other pleadings, as pleadings is defined in Fed.R.Civ.P.7(a).

24. The term "end user" means the occupant(s) of the manufactured housing unit and/or the intended recipient or user. The term "end user" differs from the term "customer", who might buy the manufactured housing unit, but does not necessarily use it.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**:

Please produce all documents that reflect the total amount of compensation you received from FEMA and the total number of THUs manufactured specifically in relation to FEMA's response to hurricanes Rita and Katrina for which a contract between you and FEMA was negotiated and entered into.

**REQUEST FOR PRODUCTION NO. 2**:

Please produce all contracts, subcontracts, agreements, purchase orders, invoices, or any other documents by and between you and any raw material supplier/manufacturer, component part supplier/manufacturer, and finished materials supplier/manufacturer whose materials contained formaldehyde used in the production of THUs manufactured by you from January 1, 2004 to the present.

**REQUEST FOR PRODUCTION NO. 3**:

Please produce all documents that identify the location of the facilities where each THU was manufactured by you for sale to FEMA, DHS and/or any other governmental agency for THUs manufactured in response to hurricanes Katrina and Rita.

**REQUEST FOR PRODUCTION NO. 4**:

Please produce all documents that identify the names and job titles of each manager/supervisor employed by you who participated in any aspect of the design, manufacture, and/or development of the installation protocol for any THUs manufactured by you for sale to FEMA, DHS and/or any other governmental agency in

response to hurricanes Katrina and Rita including, but not limited to, those persons in quality control, engineering, design, research and development, and safety compliance for these units.

**REQUEST FOR PRODUCTION NO. 5**:

Please produce all documents that reflect the quality control and/or quality assurance processes and/or procedures concerning materials containing formaldehyde at each of your manufacturing facilities.

**REQUEST FOR PRODUCTION NO. 6**:

Please produce all documents that reflect the design, specifications, materials containing formaldehyde, assembly of units, installation, and use of each type of THU manufactured by you from January 1, 2005 to the present. Please include in your response all drawings, schematics, material lists, lists of component part manufacturers/vendors, quality control inspections, shop documents and assembly line documents.

**REQUEST FOR PRODUCTION NO. 7**:

Please produce all documents that reflect actions taken to cure materials containing formaldehyde used in THUs and produce all documents that reflect communications you had with FEMA, DHS, any other governmental agency and/or any other manufacturer or supplier in this regard concerning THUs manufactured in response to hurricanes Katrina and Rita.

**REQUEST FOR PRODUCTION NO. 8**:

Please produce all documents that reflect the chemical composition of any materials which contain formaldehyde, including, but not limited to, particle board, pressed wood, engineered wood, composite wood, plywood, press board, fiberboard, and/or adhesives or any other component in any THU manufactured by you from January 1, 2004 to the present.

**REQUEST FOR PRODUCTION NO. 9**:

Please produce all documents that identify any entities who supplied you with materials containing formaldehyde used by you to manufacture THUs from January 1, 2004 to the present and all documents that reflect any compensation paid by you to these entities from January 1, 2004 to the present.

**REQUEST FOR PRODUCTION NO. 10**:

Please produce all documents that identify any alternative material (i.e., materials not containing formaldehyde) that were available for purchase and use to manufacture THUs from January 1, 2004 to the present.

**REQUEST FOR PRODUCTION NO. 11**:

Please produce all standards, codes, regulations, guidelines, recommendations, industry practices, rules, policies, and/or procedures concerning the use of materials containing formaldehyde in THUs manufactured by you from January 1, 2004 to the present.

**REQUEST FOR PRODUCTION NO. 12**:

Please produce all documents that reflect any indoor and/or outdoor air quality monitoring and/or testing performed by you, or on your behalf, on THUs (including component parts and/or materials used therein) and/or housing storage areas from January 1, 2004 to the present.

**REQUEST FOR PRODUCTION NO. 13**:

Please produce all documents regarding safety procedures for your employees who worked with, or in close proximity to, materials containing formaldehyde from January 1, 2004 to the present.

**REQUEST FOR PRODUCTION NO. 14**:

Please produce all documents including, but not limited to, owners manuals, warnings, pamphlets, safety use guidelines, instructions, and writings concerning formaldehyde with regard to THUs from January 1, 2000 to the present.

**REQUEST FOR PRODUCTION NO. 15**:

Please produce all health, medical, or scientific research, literature, publications or material in your possession, custody, or control, whether or not such documents were authored by you, with respect to any potential health effect associated with formaldehyde and identify the date(s) and how you discovered, or were informed, that exposure to formaldehyde may cause any adverse health effect.

**REQUEST FOR PRODUCTION NO. 16**:

Please produce any communications (internal or otherwise) between you and FEMA, DHS and/or any other governmental agency or employee and/or any other manufacturer or supplier of THUs regarding the manufacture or sale of THUs in response to hurricanes Katrina and Rita.

**REQUEST FOR PRODUCTION NO. 17**:

Please produce certified copies of any policies of insurance, excess insurance, and umbrella insurance that may cover the claims made herein.

**REQUEST FOR PRODUCTION NO. 18**:

Please produce all documents that identify any trade and/or industry organizations in which you are a member and identify your length of affiliation therewith from January 1, 2000 to the present.

**REQUEST FOR PRODUCTION NO. 19**:

Based upon your market share information provided to Magistrate Roby in a letter dated August 13, 2008 (authored by Joseph Glass), please produce any documents that identify the model type(s) that compromise the total number of units provided/sold to FEMA.

**REQUEST FOR PRODUCTION NO. 20**:

Please produce any and all contracts for supplying, manufacturing and/or acquiring or procuring THUs entered into between you and FEMA for its response to natural disaster events from August 1992 to the present.

**REQUEST FOR PRODUCTION NO. 21**:

Please produce any internal documents discussing levels of formaldehyde in THUs manufactured by you which documents involve in any way a discussion of possible adverse health effects or concerns.

**REQUEST FOR PRODUCTION NO. 22**:

Please produce any documents concerning the use of THUs by occupants and any recommendations concerning the use of the THUs with respect to any THUs manufactured by you from January 1, 2004 to the present.

        Respectfully submitted:

        **FEMA TRAILER FORMALDEHYDE**
        **PRODUCT LIABILITY LITIGATION**

        BY:    s/Gerald E. Meunier

GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:    504/528-9973
gmeunier@gainsben.com


s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:    504/528-9973
jwoods@gainsben.com


**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
RONNIE PENTON, #10462

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2009, I electronically mailed the foregoing to Andrew D. Weinstock, Esq., Liaison Counsel for all Manufacturing Defendants.

s/Justin I. Woods
JUSTIN I. WOODS, #24713