UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>JUDGE KURT ENGELHARDT<br>SECTION "N" |
| THIS DOCUMENT IS RELATED TO ALL CASES | MAGISTRATE ALMA CHASEZ<br>MAGISTRATE (5) |

**GULF STREAM COACH, INC.'S RESPONSES AND OBJECTIONS TO REVISED MASTER SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

**NOW,** through undersigned counsel, comes defendant, Gulf Stream Coach, Inc., which, in response to the Master Set of Requests for Production of Documents propounded herein by plaintiffs, avers:

## GENERAL OBJECTIONS

All responses by Gulf Stream herein include and are subject to the General Objections as set forth below.

Gulf Stream objects generally to any request for documents or information within the attorney-client and work product privileges. Gulf Stream further objects to requests for documents, information or opinions held by consulting experts.

Gulf Stream objects to the time scope of all requests that pre-date 2004 as overly broad and unduly burdensome. The present controversy relates to THU's used by FEMA following Hurricanes Katrina and Rita, and document production will be limited accordingly.

Gulf Stream objects to the term "materials containing formaldehyde" on the grounds that related requests are overly broad due to the ubiquity of formaldehyde in the natural environment and in commonly used materials. For a product supplied by vendors, Gulf Stream only has

knowledge of formaldehyde in a product to the extent that the vendor provided an MSDS sheet on the product supplied. Moreover, Gulf Stream responds herein as if the phrase "materials containing formaldehyde" refers to wood products.

Gulf Stream objects to any requests to the extent they are duplicative of earlier requests and/or seek information that has already been produced in discovery in this matter. In regard to such requests, Gulf Stream refers plaintiffs to those documents previously produced. To the extent new documents may be requested, pursuant to alterations in the language of requests, documents produced in response may not be complete responses in and of themselves, but are supplements to the earlier document production, with which they combine to form a whole.

Gulf Stream objects to the extent that definitions and instructions accompanying this discovery exceed the scope of discovery permitted under the Federal Rules of Civil Procedure. Without limiting the foregoing, Gulf Stream objects to the extent that the discovery purports to encompass or be directed to sibling companies or parent companies that are not a properly named party to any individual action herein.

Gulf Stream objects to the production of electronic documents or communications not already produced or not already in paper form on the grounds that compliance with such requests would be unduly burdensome, and prohibitively expensive. More specifically, Gulf Stream objects to Plaintiff's definition of "document", on the grounds that such definition is vague, overly broad, and calls for Gulf Stream to produce materials which are not reasonably accessible because of undue burden and expense. The definition would require Gulf Stream to take extraordinary steps to locate, retrieve, create, maintain, and produce documents, files, data, and other information. By way of example, production of deleted electronic archives or deleted

computer archives as well as data from backup media, databases, and mainframes would be unduly burdensome, cost prohibitive, and not reasonably accessible.

Subject to and without waiving the foregoing general objections, Gulf Stream responds as follows:

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Please produce all documents that reflect the total amount of compensation you received from FEMA and the total number of THUs manufactured specifically in relation to FEMA's response to hurricanes Rita and Katrina for which a contract between you and FEMA was negotiated and entered into.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Gulf Stream objects to Request for Production No. 1 on the ground that the "total amount of compensation" Gulf Stream received from FEMA is not relevant or calculated to lead to the discovery of any relevant evidence with respect to the individual trials of any particular plaintiff. Subject to the foregoing objections and without waiving same, see documents produced.

### REQUEST FOR PRODUCTION NO. 2:

Please produce all contracts, subcontracts, agreements, purchase orders, invoices, or any other documents by and between you and any raw material supplier/manufacturer, component part supplier/manufacturer, and finished materials supplier/manufacturer whose materials contained formaldehyde used in the production of THUs manufactured by you from January 1, 2004 to the present.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Gulf Stream objects to this request on the grounds that the scope of the request is overbroad, not limited to THUs manufactured for Hurricanes Katrina and Rita, and is unreasonably burdensome and not calculated to lead to the discovery of relevant evidence in any individual trial in this MDL. Subject to the foregoing objections without waiving same, such documents relating to wood products in THUs from October 1, 2004 and August 2005 through April 2006 are so numerous that Gulf Stream has produced exemplars of wood product suppliers documents. Further, Gulf Stream estimates that the compilation of documents exceed 500,000 pages, thus Gulf Stream will make such documents available for duplication at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 3**:

Please produce all documents that identify the location of the facilities where each THU was manufactured by you for sale to FEMA, DHS and/or any other governmental agency for THUs manufactured in response to hurricanes Katrina and Rita.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Gulf Stream objects to Request for Production No. 3 on the grounds that the request is more properly framed as an interrogatory, and the request as framed is overbroad, unduly burdensome and not calculated to lead to the discovery of relevant evidence as there may be thousands of documents from each facility that contain a reference to the "location" of such facility. Subject to and without waiving the foregoing objections, you are referred to Gulf Stream's response to Revised Master Interrogatory No. 3.

**REQUEST FOR PRODUCTION NO. 4**:

Please produce all documents that identify the names and job titles of each manager/supervisor employed by you who participated in any aspect of the design, manufacture, and/or development of the installation protocol for any THUs manufactured by you for sale to FEMA, DHS and/or any other governmental agency in response to hurricanes Katrina and Rita including, but not limited to, those persons in quality control, engineering, design, research and development, and safety compliance for these units.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Gulf Stream objects to Request for Production No. 4 on the grounds that it is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant evidence. Gulf Stream further objects on the grounds that the information sought in Request for Production No. 4 is more properly sought through an interrogatory. Subject to and without waiving the foregoing objections, you are also referred to Gulf Stream's response to Revised Master Interrogatory No. 4.

**REQUEST FOR PRODUCTION NO. 5**:

Please produce all documents that reflect the quality control and/or quality assurance processes and/or procedures concerning materials containing formaldehyde at each of your manufacturing facilities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Gulf Stream objects to Request for Production No. 5 on the grounds that it is overbroad, unduly burdensome, not limited to any relevant time frame, and therefore not calculated to lead to the discovery of admissible evidence. Gulf Stream further objects to Request for Production

4

No. 5 on the ground that, to the extent any quality control and quality assurance processes relate to such materials but have nothing to do with formaldehyde, such information is irrelevant and not calculated to lead to the discovery of relevant evidence.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce all documents that reflect the design, specifications, materials containing formaldehyde, assembly of units, installation, and use of each type of THU manufactured by you from January 1, 2005 to the present. Please include in your response all drawings, schematics, material lists, lists of component part manufacturers/vendors, quality control inspections, shop documents and assembly line documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Gulf Stream objects to Request for Production No. 6 on the grounds that it is overbroad, unduly burdensome, vague and ambiguous and not calculated to lead to the discovery of relevant evidence. Subject to and without waiving the foregoing objections, see documents produced. For further answer, Gulf Stream may have additional documents responsive to this request as it is currently written; however, such documents are confidential company trade secrets and the release of such to a party in the MDL has the potential to irrevocably harm Gulf Stream's business industry advantage, such that we propose viewing by a party's counsel but not distribution of copies at a mutually convenient time and location.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce all documents that reflect actions taken to cure materials containing formaldehyde used in THUs and produce all documents that reflect communications you had with FEMA, DHS, any other governmental agency and/or any other manufacturer or supplier in this regard concerning THUs manufactured in response to hurricanes Katrina and Rita.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Gulf Stream objects to Request for Production No. 7 on the grounds that it is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant evidence. Gulf Stream further objects on the grounds that the Request is vague and ambiguous in referring to "actions taken to cure materials". Subject to and without waiving the foregoing objections, you are referred to Gulf Stream's response to Revised Master Interrogatory No. 7. Gulf Stream has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce all documents that reflect the chemical composition of any materials which contain formaldehyde, including, but not limited to, particle board, pressed wood, engineered wood, composite wood, plywood, press board, fiberboard, and/or adhesives or any other component in any THU manufactured by you from January 1, 2004 to the present.

5

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Gulf Stream objects to Request for Production No. 8 on the grounds that it is unduly burdensome to the extent it seeks to require Gulf Stream to undertake a scientific analysis of all materials used by it or its suppliers in the manufacture of every product it manufactured, to determine the chemical composition of those materials. The "chemical composition" of the referenced materials is more properly sought from the suppliers of those materials who provided them to Gulf Stream, or chemists or other experts. Subject to and without waiving the foregoing objections, see documents produced or referenced in response to Request for Production No. 2.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce all documents that identify any entities who supplied you with materials containing formaldehyde used by you to manufacture THUs from January 1, 2004 to the present and all documents that reflect any compensation paid by you to these entities from January 1, 2004 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Please see Gulf Stream objections, responses and documents produced in response to Request for Production No. 2, and in response to Master Set of Interrogatories No. 9.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce all documents that identify any alternative material (i.e., materials not containing formaldehyde) that were available for purchase and use to manufacture THUs from January 1, 2004 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Gulf Stream objects to the form of the Request. Further, Gulf Stream objects to this Request on the basis that it calls for speculation and it is not within the scope of the THU specifications. Further, the term "alternative materials (i.e. materials not containing formaldehyde or formaldehyde-based resins)" is overbroad and unduly burdensome as such materials could be numerous. Subject to and without waiving the foregoing objections, In FEMA's contract with Gulf Stream for THUs, FEMA's specifications included, among other things, industry standard materials, and the materials used in the manufacturing of THUs by Gulf Stream complied with the contract specifications. For further response, you are also referred to Gulf Stream's objections, and response to Interrogatory No. 10. Gulf Stream has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce all standards, codes, regulations, guidelines, recommendations, industry practices, rules, policies, and/or procedures concerning the use of materials containing formaldehyde in THUs manufactured by you from January 1, 2004 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Gulf Stream objects to Request for Production No. 11 on the grounds that any applicable codes, regulations or rules that may then or currently exist are publicly available and equally accessible to the requesting party. Subject to and without waiving the foregoing objections, you are referred to Gulf Stream's objections and response to Revised Master Interrogatory No. 11.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce all documents that reflect any indoor and/or outdoor air quality monitoring and/or testing performed by you, or on your behalf, on THUs (including component parts and/or materials used therein) and/or housing storage areas from January 1, 2004 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Gulf Stream objects to Request for Production No. 12 on the grounds that certain of testing of THUs or THU materials has been performed for purposes of litigation or by consulting experts retained by Gulf Stream's counsel in connection with the defense of this litigation and/or related litigation, and such information is therefore protected by applicable privilege, and/or is not otherwise discoverable from a consulting expert under the Federal Rules of Civil Procedure. Subject to and without waiving the foregoing objections, Gulf Stream responds that it did not perform indoor and/or outdoor air quality monitoring and/or testing until it anticipated this and related litigation. Gulf Stream has no additional non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce all documents regarding safety procedures for your employees who worked with, or in close proximity to, materials containing formaldehyde from January 1, 2004 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

You are referred to Gulf Stream's objections and response to Interrogatory No. 13 and Request for Production No. 8.

**REQUEST FOR PRODUCTION NO. 14**:

Please produce all documents including, but not limited to, owner's manuals, warnings, pamphlets, safety use guidelines, instructions, and writings concerning formaldehyde with regard to THUs from January 1, 2000 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Gulf Stream objects to Request for Production No. 14 for "writings concerning formaldehyde with regard to THUs from January 1, 2000 to the present" since the breadth of the request would include materials protected by the attorney/client privilege, the attorney work product privilege, the Joint Defense privilege, and the privilege protecting documents prepared or obtained in anticipation of litigation. Subject to and without waiving the foregoing objections, please see documents produced.

**REQUEST FOR PRODUCTION NO. 15**:

Please produce all health, medical, or scientific research, literature, publications or material in your possession, custody, or control, whether or not such documents were authored by you, with respect to any potential health effect associated with formaldehyde and identify the date(s) and how you discovered, or were informed, that exposure to formaldehyde may cause any adverse health effect.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

You are referred to Gulf Stream's objections and response to Interrogatory No. 15. Gulf Stream has no such non-public documents, or documents not compiled in the defense of these claims, responsive to this request.

**REQUEST FOR PRODUCTION NO. 16**:

Please produce any communications (internal or otherwise) between you and FEMA, DHS and/or any other governmental agency or employee and/or any other manufacturer or supplier of THUs regarding the manufacture or sale of THUs in response to hurricanes Katrina and Rita.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Gulf Stream objects to the production of any post-litigation communications between or among Gulf Stream, FEMA, and/or any other manufacturer or supplier of THUs to the extent such communications are subject to the Joint Defense Privilege. Gulf Stream further objects on the grounds that communications between it and the described entities regarding the sale of THUs, not limited to communications related to the formaldehyde issue in suit, are overbroad,

unduly burdensome and not calculated to the lead to the discovery of relevant evidence. Subject to and without waiving the foregoing objections, please see documents produced.

**REQUEST FOR PRODUCTION NO. 17:**

Please produce certified copies of any policies of insurance, excess insurance, and umbrella insurance that may cover the claims made herein.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Gulf Stream objects to Request for Production No. 17 on the grounds that it has already provided copies of the requested policies of insurance, excess insurance and umbrella insurance.

**REQUEST FOR PRODUCTION NO. 18:**

Please produce all documents that identify any trade and/or industry organizations in which you are a member and identify your length of affiliation therewith from January 1, 2000 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Gulf Stream objects to Request for Production No. 18 on the grounds that its scope is overbroad and unduly burdensome, and the request is more properly presented in the form of an interrogatory. Subject to and without waiving the foregoing objections, you are referred to Gulf Stream's objections and response to Interrogatory No. 16.

**REQUEST FOR PRODUCTION NO. 19:**

Based upon your market share information provided to Magistrate Roby in a letter dated August 13, 2008 (authored by Joseph Glass), please produce any documents that identify the model type(s) that compromise the total number of units provided/sold to FEMA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Gulf Stream objects to Request for Production No. 19 on the grounds that it is more properly presented in the form of an interrogatory. Subject to and without waiving that objection, you are referred to Gulf Stream's response to Master Set of Interrogatories No. 19. See also documents produced in response to Request No. 6.

**REQUEST FOR PRODUCTION NO. 20:**

Please produce any and all contracts for supplying, manufacturing and/or acquiring or procuring THUs entered into between you and FEMA for its response to natural disaster events from August 1992 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Gulf Stream objects to this Request on the grounds that it is overly broad and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further the request is not within the scope of this litigation in that it seeks documents spanning many years on THUs for which the requesting party has made no allegations. Subject to and without waiving the foregoing objections, you are referred to Gulf Stream's objections and response to Master Request for Production of Documents No. 1, and Interrogatory Nos. 1 and 21.

**REQUEST FOR PRODUCTION NO. 21:**

Please produce any internal documents discussing levels of formaldehyde in THUs manufactured by you which documents involve in any way a discussion of possible adverse health effects or concerns.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Gulf Stream objects to the production of any such documents which are protected by the attorney/client privilege or the work product privilege, or were generated in connection with the defense of this litigation. Subject to and without waiving the foregoing objections, you are referred to Gulf Stream's objections and response to Interrogatory No. 22. Gulf Stream has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 22:**

Please produce any documents concerning the use of THUs by occupants and any recommendations concerning the use of the THUs with respect to any THUs manufactured by you from January 1, 2004 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Gulf Stream objects to Request for Production No. 22 on the grounds that it is overbroad, vague, and not calculated to lead to the discovery of relevant evidence. Gulf Stream further objects on the grounds that the Request is not limited to THUs produced in response to Hurricanes Katrina and Rita, and is therefore not calculated to lead to the discovery of relevant

evidence. Subject to and without waiving the foregoing objections, please see documents produced.

Respectfully submitted,

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER & WEINSTOCK**

ANDREW D. WEINSTOCK, BAR #18495
JOSEPH GLASS, BAR #25397
3838 North Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700

and

**SCANDURRO & LAYRISSON, L.L.C.**
TIMOTHY D. SCANDURRO, BAR #18424
DEWEY M. SCANDURRO, BAR #23291
607 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone:   (504) 522-7100
*Attorneys for Gulf Stream Coach, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of May, 2009, a copy of the foregoing Responses and Objections to Revised Master Set of Requests for Production of Documents was sent to all liaison counsel and government counsel of record.

ANDREW W. WEINSTOCK