UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER <br> FORMALDEHYDE PRODUCTS <br> LIABILITY LITIGATION | * <br> * <br> * <br> * <br> * <br> * <br> * | MDL NO. 1873 <br><br> SECTION "N" (5) <br><br> JUDGE ENGELHARDT <br> MAGISTRATE CHASEZ |
| THIS DOCUMENT IS RELATED TO <br><br> *Charlie Age, et al v. Gulf Stream Coach Inc., et al*, Docket No. 09-2892; <br> Alana Alexander, individually and on behalf of Christopher Cooper | * <br> * <br> * <br> * <br> * <br> * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ALANA ALEXANDER'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO GULF STREAM COACH, INC.

TO:  Andrew D. Weinstock, Esq.
     Joseph Glass, Esq.
     Timothy Scandurro, Esq.
     Counsel for Gulf Stream Coach, Inc.

**PLEASE TAKE NOTICE** that Plaintiff, Alana Alexander, propounds the following **First Request For Production of Documents to Gulf Stream Coach, Inc.** pursuant to the Federal Rules of Civil Procedure. You are hereby notified and required to respond to each request within the delays provided in Federal Rules of Civil Procedure 34(b)(2)(A).

## INSTRUCTIONS

1. In responding to this Request for Production, if the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

2. Whenever in this Request you are asked to identify and/or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

A. With respect to any document or communication which you claim is privileged, identify the following facts to enable the Court to determine whether the claim of privilege is valid:

  1. If you are withholding the document under a claim of privilege (including, but not limited to, the attorney-client privilege and the work product doctrine), please provide the information set forth in Fed.R.Civ.P.26(b)(5), including the type of document, the general subject matter of the document, the date of the document, and such other information as is sufficient to identify the document, including where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you;

  2. If you are withholding the document for any reason other than an objection that the document is beyond the scope of discovery or that a request is unduly burdensome, identify as to each document and, in addition to the information requested in paragraph 2(A)(1) above, please state the reason for withholding the document.

B. When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portion as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the identity of the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

3. If production of any requested document is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

4. All requests for computerized data are to be in a computer-readable format.

5. Unless otherwise indicated, all requests are limited to documents applicable to, relating to, or concerned with, any or all properties, facilities and offices of defendant.

6. If any requested document is known by you to have existed, but no longer exists or no longer

is in your possession, custody, or control, you are requested to identify the last known custodian thereof and state the date upon which it was lost or destroyed or otherwise became unavailable. If the document still exists, you are requested to identify its present custodian and location.

7. In accordance with Fed. R.Civ. P. 34(b), the documents shall be produced as they are kept in the usual course of business or shall be organized and identified to correspond with the following requests by number.

8. If the requested documents are maintained in a file, the file folder is included in the Request for Production.

9. Please note that the Defendant is under a continuing duty, pursuant to Fed. R.Civ.P.26(e), to supplement its responses to these Requests for Production upon obtaining subsequent additional information that renders the original answer incorrect or incomplete.

## **DEFINITIONS**

1. The terms "you", "your", and "yours" shall mean the entity named herein, as well as all of its subsidiaries, parent companies, sibling companies, officers, contractors, agents, personnel, representatives, or other persons acting on behalf of, or at the request of, each individual entity named in Plaintiff's most recent Complaint.

2. The term "incident" shall mean the incident or incidents that form the basis of Plaintiff's most recent Complaint.

3. The term "document" shall mean any written, recorded, or graphic matter, however produced or reproduced, including photographs. The term "document" shall be interpreted in its customary broad sense and shall include, but is not limited to, the following items: letters of credit; promissory notes; budgets, journals; registers; cancelled checks; accounts; work sheets; books; records; reports; notes; summaries; surveys; estimates; agreements; diaries; calendars; day timers; correspondence; letters; telegrams; e-mails; electronic archives of e-mails (whether deleted or not); voicemail; magnetically or optically recorded documents; archival copies of magnetically or optically recorded documents; documents that have been logically deleted but not physically erased; the actual media (whether magnetic, optical or other) that have been used to record or forward documents; telexes; memoranda (including intra-office memoranda); summaries; notes; records of meetings; records of conferences; records of telephone conversations; records of personal interviews or conversations; drafts of documents; business records; maps; drawings; blueprints; charts; plans; specifications; computer printouts; computer archives (deleted or not); computer tapes; computer disks; CD ROMS; microfilm; microfiches; photographs; slides; negatives; motion pictures; video recordings; audio recordings (including transcription); data compilations from which information can be obtained, or translated into, a reasonably usable form; and any other

information containing paper, writing, or physical thing in defendants' actual or constructive possession, custody or control. If any documents were, but are no longer, in defendant's actual or constructive possession, custody, or control, identify the document and state the date and manner of its disposition.

4. The term "identify", when used with respect to a natural person, shall mean that person's full name, present or last known employment, present or last known address, and most recent telephone number or numbers.

5. The term "identify", when used with respect to a document or photographs, shall mean to state the type of document (e.g. lease, memorandum, contract, e-mail, chart, diagram, etc.), its location and custodian, the date the document was created, and the identity of the party or parties whose names appear thereon. You may attach a copy of such document in lieu thereof.

6. The singular of each word herein shall be deemed to include the plural and vice-versa; the term "and" shall be deemed to include "or" and vice-versa; the term "any" shall be construed to include the term "all" and vice-versa; and the term "each" shall be construed to include the term "every" and vice-versa; the present tense shall be construed to include the past tense and vice-versa.

7. The term "defendant" and the term "you" shall be deemed synonymous and shall be deemed to include any and all appropriate agents, servants, employees, attorneys and other representatives of the defendant, expert witness, or any other person who has been retained or has otherwise been employed by Defendant in connection with this civil action or its underlying subject matter.

8. The term "date" shall mean the day of the month, the month, and the year. If the exact date is not known and is not available, give the approximate date and indicate that it is only approximate.

9. The term "address" shall mean the post office box number, street number, street, city, state or province, country (other than the United States of America), and zip code.

10. The terms "relating", "concerning", and "reflecting" (or any of their forms) shall mean relating to, reflecting, constituting, representing, supporting, contradicting, referring to, relevant to, containing information about, stating, describing, analyzing, learning, embodying, containing, mentioning, studying, recording, discussing, or evaluating whether in opposition to or in support of defendant's allegations, contentions, positions, and claims in this action.

11. The term "communication" shall mean any transmission of information (whether written, electronic, or oral), the information transmitted, and the process by which the information is transmitted.

12. The term "person" means any natural person, business, legal or governmental entity or association.

13. The acronym "FEMA" is defined as the Federal Emergency Management Agency, as well as any umbrella or parental federal department encompassing the Federal Emergency Management Agency, such as the United States Department of Homeland Security. The acronym "DHS" is defined as the United States Department of Homeland Security.

14. The acronyms CDC, ATSDR, OTPER, OSHA, and NIOSH mean Centers for Disease Control and Prevention, Agency for Toxic Substances and Disease Registry, Office of Terrorism Preparedness and Emergency Response, Occupational Safety and Health Administration, and National Institute for Occupational Safety and Health, respectively.

15. The terms "temporary housing units" or "THUs" are defined as travel trailers and park trailers, and refers to emergency housing units provided by FEMA.

16. The term "manufacture" means manufacture, produce, assemble, and distribute.

17. The term "install" means the process by which the manufactured housing unit is delivered to the person or persons displaced by all hurricanes that occurred from January 1, 2004 to present and integrated into whichever electrical, water and sewage systems that serve the property on which the manufactured housing unit is delivered. The term "install" also encompasses the manner in which the unit is placed on the property for use.

18. The term "formaldehyde" means formaldehyde and all formaldehyde-based resins.

19. The term "sale" means sale, donation, giving in kind, giving in payment, and all other acts that transfer ownership.

20. The term "standards" means standards, specifications, rules, regulations, and guidelines.

21. The acronym "ppm" means parts per million.

22. The term "facilities" means yards, offices, warehouses, production plants, manufacturing facilities, storage facilities and all other locations owned or leased by you in which your business is transacted.

23. The terms "occurrence" and "transaction" mean the events described in the Complaint and other pleadings, as pleadings is defined in Fed.R.Civ.P.7(a).

24. The term "end user" means the occupant(s) of the manufactured housing unit and/or the intended recipient or user. The term "end user" differs from the term "customer", who might buy the manufactured housing unit, but does not necessarily use it.

25. "Trailer" or "the trailer" means the travel trailer with the Vehicle Identification Number of 1NL1GTR2551021783 and the FEMA Bar Code of 1041407.

26. "Plaintiffs" means Alana Alexander and Christopher Cooper.

## **REQUESTS FOR PRODUCTION**

1. Any and all correspondence between you and any third parties, relating to the Trailer or Plaintiffs.

2. All internal correspondence, including emails, between and among your employees regarding the Trailer or Plaintiffs.

3. All correspondence between you and Plaintiffs.

4. All correspondence between you and co-defendants regarding the Trailer or Plaintiffs.

5. All photographs taken of the Trailer

6. All photographs taken of the Plaintiffs.

7. All pictures, motion pictures, movies, films, charts, plats, drawings or photographic material of any kind taken of the Plaintiffs or the Trailer.

8. All written statements made by the Plaintiffs.

9. All oral statements made by the Plaintiffs which were either recorded or taped on an electronic device or recorder.

10. All written statements that relate to the claims made in this Lawsuit.

11. A copy of the policy or policies of liability insurance providing coverage to you for the claims made in this lawsuit.

12. A copy of all policies of "excess" and/or "umbrella" liability insurance providing coverage to you for the claims made in this lawsuit.

13. Copies of all documents referenced in your answers to Plaintiffs' Interrogatories.

14. Copies of all videos, manuals, or other materials provided to your employees regarding exposure to formaldehyde fumes. (Date range: January 1, 2002 to the present).

15. Copies of all documents, manuals, policies, or any other materials that address minimizing your employees' exposure to formaldehyde fumes.

16. All warranty documents that cover the Trailer.

17. All building or manufacturing instructions, or drawings, for the Trailer.

18. The contract covering the sale of this trailer to the United States Government covering the sale of this trailer to the United States Government or its subcontractors working for the United States Government.

19. Warranties and installation instructions, requirements, or specifications issued by anyone concerning the Trailer, including, but not limited to, the manufacturer's warranty, owner's manuals, warranties by FEMA, and any documents of any kind that were issued with, or accompanied, the Trailer.

20. Any and all exhibits which you may offer into evidence at the trial of this cause.

21. Any and all demonstrative aids which you may use at the trial of this cause.

22. A current curriculum vitae for each and every expert witness whom you may call as a witness at the trial of this cause.

23. Any and all written reports or records of each and every expert witness whom you may call as a witness at the trial of this cause or any consulting experts' work product reviewed by an expert whom you may call as an expert at the trial of this cause. In the event any such expert has not produced his opinions to writing, request and demand for such report is hereby made.

24. A true and correct copy of any computation or data or other material which has been prepared by or for an expert in anticipation of said expert's possible trial or deposition testimony.

25. A true and correct copy of any and all books, treatises, or publications which you intend to establish as reliable authority by the testimony of any expert witness.

26. A true and correct copy of any and all books, treatises, or periodicals which you intend to establish as reliable authority by requesting judicial notice thereof.

27. Any and all correspondence, specifically including but not limited to e-mails, where the issue of formaldehyde exposure in the Trailer, or any of your Trailers is discussed.

28. Any and all documentation, including bills of lading, invoices, and the like, demonstrating where the Trailer was manufactured, when the Trailer was manufactured, how and when the Trailer was delivered to Florida, and how and when the Trailer ended up in Plaintiffs' possession.

29. All purchase agreements, invoices, delivery documents, and/or specifications related to the Trailer.

30. All bills of materials for the Trailer.

31. All vendor lists which show the vendors who provided any component part or material that was used in the manufacturing of the Trailer.

32. All contracts between you and any vendor who provided you with particle board, plywood or pressed wood products that were used in the manufacturing of the Trailer.

33. All notes or logs done by your employees who participated in the manufacturing of the trailer, which discuss the manufacturing of the Trailer.

34. All memos or notices provided to your employees relating to the dangers of formaldehyde emissions in your products.

35. Documents detailing any and all development, review, updating, or changes to operating the manufacturing of your trailer products from January 1, 2004 to December 31, 2004.

36. All exhibits which you intend to offer into evidence.

37. All formaldehyde test results for trailers that you provided to FEMA from September 1, 2004 to the present. This includes the actual lab reports and any cumulative or tabulated results and documents showing the sampling method used.

38. All material safety data sheets and third party test reports and results (including 24 CFR § 3280.308 and 24 CFR § 3280.406 reports) for the Trailer (and its component parts).

39. All contracts between You and any contractor relating to the purchase, delivery, installation, technical assistance, maintenance, and/or setup of the Trailer.

40. For the Gulf Stream plant that manufactured the Trailer, all documents which show the number of units manufactured by the plant for the day that the Trailer was manufactured.

41. All documents showing the process by which wood products and other component parts containing formaldehyde were stored at Gulf Stream manufacturing plants and, if transferred from one plant to another, the process for transferring and storing wood products and component parts that were used in the production the Trailer.

42. All documents which discuss labels containing the phrase "Not Intended For Recreational Purposes", which appears on the Trailer.

43. Contracts, agreements, material specifications, material safety data sheets, third party test reports and results (including 24 CFR § 3280.308 and 24 CFR § 3280.406 reports) purchase orders, invoices, and bills for materials containing formaldehyde, raw material supplier(s) and/or component supplier(s) for raw materials and finished material components for use in

production of the Trailer.

44. Any warnings intended for the end user of the Trailer that mentions the possibility of formaldehyde exposure.

45. Any Contracts between you and any entity of the United States Government or its subcontractors pertaining to the Trailer, including its sale, shipment, storage, installation or maintenance.

46. Any and all correspondence, including e-mails, faxes, between you and any entity of the United States Government or any United States Government sub-contractor pertaining to the Trailer itself or any Trailer delivered or manufactured as a result of the same contract.

47. Any and all specifications or instructions regarding the use or installation of the Trailer or any Trailer provided under the same contract.

48. Any and all documents demonstrating the number of Trailers that you have provided to the United States Government in the years 2001 through 2005.

49. Any and all contracts pertaining to your provision of travel trailers, mobile homes or park model homes to the United States Government in the years 2001 through 2005.

50. Any and all specifications provided to you by the United States Government pursuant to which you were to manufacture travel trailers, mobiles homes or park model homes.

51. Any and all joint defense agreements between you and any defendant, including DHS, FEMA or any governmental agencies, relating to the Plaintiffs, claims made in this lawsuit, the Trailer or the multi district litigation of which this case is a part of.

52. Any and all correspondence between you and DHS, FEMA or any governmental agencies, including between attorneys, relating to the Plaintiffs, claims made in this lawsuit, the Trailer or the multi district litigation of which this case is a part of.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**


BY:   s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:     504/528-9973
gmeunier@gainsben.com


s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:     504/528-9973
jwoods@gainsben.com


**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
RONNIE PENTON, #10462
MIKAL WATTS, Texas # 20981820

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing Notice of Deposition upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission on May 5, 2009.

                                      s/Anthony G. Buzbee
                                      Anthony G. Buzbee