UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|     FORMALDEHYDE | * | |
|     PRODUCTS LIABILITY | * | |
|     LITIGATION | * | SECTION: N(5) |
| | * | |
| This Document Relates to: | * | |
| *Aldridge, et al. v. Fleetwood Enterprises, Inc., et al.* | * | |
| | * | JUDGE: ENGELHARDT |
| Case No. 07-9228 | * | |
| | * | |
| | * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT FLEETWOOD ENTERPRISES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS JOINDER IN FLUOR ENTERPRISES, INC.'S MOTION TO CONTINUE FIRST TWO BELLWETHER TRIALS AND TO REVISE REMAINING BELLWETHER TRIAL SCHEDULE**

**May It Please The Court:**

Defendant Fleetwood Enterprises, Inc. ("Fleetwood") joins in Fluor Enterprises Motion to Continue filed August 5, 2009 [DOC. 2507] to the extent that it recommends pushing back of certain deadlines and the trial date for the Fleetwood bellwether case. Fleetwood shows the Court that while Fleetwood has made, and continues to make, extraordinary efforts to meet the discovery deadlines set forth for its October 26, 2009 case, issues have arisen that have made timely completion of discovery extremely difficult.

There are also issues peculiar to the Dubuclet bellwether case that support modifying discovery deadlines and reassigning trial dates. Fleetwood's original bellwether plaintiffs were two members of the Jenkins family. The Jenkins dismissed their case on June 8, 2009, resulting in assignment on June 15, 2009 of the current Fleetwood bellwether plaintiff, the minor child Timia Dubuclet. Fleetwood's original plaintiffs, the Jenkins, claimed respiratory conditions as

their medical damages.  Fleetwood retained medical and scientific experts appropriate to respond to these claims of respiratory illness.  Timia Dubuclet, on the other hand, is an 11 year old child who alleges medical damages in the form of contact dermatitis alleged contracted from exposure to airborne formaldehyde in a gaseous state.  This is a wholly new medical issue with which Fleetwood and its counsel have not previously been faced.  The defense of allegations of causation of contact dermatitis by airborne formaldehyde requires dermatological and immunological expert analysis and evidentiary presentation.  Fleetwood has therefore been required to identify, interview and retain two wholly new medical experts in very short order to address these medical and scientific issues.  In addition, various other types of Fleetwood's retained experts now have to consider their opinions and the bases for these opinions in light of this very different allegation of medical condition and alleged mechanism of exposure.  Due to the nature of the medical conditions claimed, a proper defense of the case requires an IME by two separate doctors and the drawing of blood for a RAST test.  Plaintiffs initially objected to the RAST test and IME by a second doctor resulting in Fleetwood filing a motion to compel the IME – which IME was scheduled for August 3, 2009.  Plaintiffs have today agreed to permit to the completion of all of Fleetwood's requested protocols for this IME (including the RAST test) but inform Fleetwood that due to Timia Dubuclet returning to school there may be some delay in accomplishing this with the result that Fleetwood may not be able to complete the IME until late August, 2009.  While the Court has extended the due date for expert reports, they are currently due on August 21, 2009.[1]

In addition to being faced with new medical damage allegations, Fleetwood has very recently been faced with wholly new allegations regarding alleged defects in its units.  Plaintiffs

---

[1] Fleetwood, Plaintifffs and Fluor filed a Consent Motion to extend the time for filing of their witness and exhibit lists to August 24, 2009.  This motion has not yet been ruled upon.

have provided reports of four experts in construction/design fields (Mallet, Ritter, Smulski, and Moore) to opine in various ways about alleged air conditioning and ventilation defects in the unit. This has required Fleetwood to retain additional experts and to have its previously retained construction/design experts add substantially to their review, analysis and opinions about the unit. Again, these experts' reports are currently due on August 21, 2009.

     The sheer number and overlap of fact and expert witness depositions, and the locations for various depositions (many of Fleetwood's witnesses are in California and the Northwest, the experts are located all over the United States), have made scheduling, preparation for and taking all necessary depositions very difficult. In addition, document location, processing, review and production is moving at fast speed but the volume of documents involved is massive. Fleetwood and Plaintiffs agreed upon search terms for the Fleetwood electronic discovery on July 7, 2009 and Fleetwood immediately processed documents and has tens of thousands of documents under review, which Fleetwood will then be producing on a rolling basis. In addition, Fluor has produced over 10,000 documents which must be reviewed, the Sierra Club produced over 5,000 documents which Fleetwood is in the process of reviewing, and the US government has produced many thousands of documents that require review as well. Many of these documents are critical to the organized taking of depositions of experts and fact witnesses.

     The United States is not yet formally a party to the Dubuclet bellwether case, pursuant to the Court's recent order on that issue. Fluor has well described in its motion for continuance the extreme pressure it has been under to "catch up" in this litigation. Fluor documents and witnesses are critical to a variety of issues in the case and completing full discovery of Fluor is necessary for both Plaintiffs and Fleetwood.

Fleetwood stands ready and willing to cooperate with the Court and all parties to move deadlines and accomplish all discovery and other trial preparation activities so that these bellwether trial dates accommodate the needs and best interests of the Court and all parties. Fleetwood can and will try its bellwether case on the BSW3 date of December 7, 2009 or the BSW4 date of January 11, 2010.

This 6th day of August, 2009.

Respectfully submitted:

 /s/ Richard K. Hines, V
Richard K. Hines, V
GA Bar No. 356300
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)

Jerry L. Saporito
LA Bar No. 11717
LEAKE & ANDERSSON, L.L.P.
1700 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-1701
(504) 585-7500 (phone)
(504) 585- 7775 (fax)

Counsel for Fleetwood Enterprises, Inc.

## **C E R T I F I C A T E OF SERVICE**

      I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )    Hand Delivery                 ( )    Prepaid U.S. Mail

( )    Facsimile                      ( )    Federal Express

(X)    CM/ECF

      New Orleans, Louisiana, this 6th day of August, 2009.

                              /s/ Richard K. Hines, V
                              Richard K. Hines, V
                              Georgia Bar No. 356300
                              richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)