UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-5"<br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

THIS DOCUMENT RELATES TO:
*Age v. Gulf Stream Coach, Inc., et al.,*
No. 09-2892

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS
THE CLAIMS OF PLAINTIFF CHRISTOPHER COOPER
FOR LACK OF SUBJECT MATTER JURISDICTION**

**MAY IT PLEASE THE COURT:**

**INTRODUCTION**

In its Motion to Dismiss under Fed. R. Civ. P. 12(b)(1), the defendant United States of America ("United States" or "Government") avers that the Federal Tort Claim Act's ("FTCA") two-year statute of limitations, 28 U.S.C. §2401(b), bars plaintiff Christopher Cooper's claims in this action, mandating a dismissal for lack of subject matter jurisdiction. Plaintiff respectfully submits, however, that in all respects the instant motion is without merit.

Alana Alexander, on July 10, 2008, submitted an administrative claim against the United States on behalf of her son, Christopher Cooper. The FTCA provides that "a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. §2401(b). Additionally, "the limitations period is not tolled during the minority of the putative plaintiff; rather 'his parent's knowledge of the injuries is imputed to him.'" *MacMillan v. United States*, 46 F.3d 377,

381 (5th Cir. 1995)(citing *Zavala v. United States*, 876 F.2d 780, 782 (9th Cir. 1989)). Therefore, the Court should consider Alana Alexander's knowledge, reasonableness, and diligence in response to Christopher Cooper's injuries to determine the date on which Christopher Cooper's claim accrued. Plaintiff respectfully asserts that Alana Alexander properly filed the administrative claim within two years of the accrual of Christopher Cooper's claim.

## ARGUMENT

### I. Alana Alexander, as Parent of Christopher Cooper, Did Not Have Sufficient Information to Start Accrual until December 2007.

Plaintiffs agree that generally, a tort action under the FTCA accrues at the time of a plaintiff's injury. *United States v. Kubrick*, 444 U.S. 111, 120 (1979). However, federal courts have not hesitated to impose a less stringent standard – the "discovery rule" of accrual – in instances of medical malpractice, latent injuries, or toxic exposure. *See e.g., Johnson v. United States*, 460 F.3d 616, 622 (5th Cir. 2006); *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983); *Stoleson v. United States*, 629 F.2d 1265 (7th Cir. 1980).

Though defendant intimates that the discovery rule may only apply to medical malpractice cases, the history of the rule suggests otherwise. The Fifth Circuit has recognized that the United States Supreme Court's decision in *Urie v. Thompson*, 337 U.S. 163 (1949), served as a precursor to the application of the discovery rule to FTCA claims. *See Quinton v. United States*, 304 F.2d 234, 240-41 (5th Cir. 1962). *Urie* did not involve a medical malpractice claim, but rather a railroad fireman who claimed he contracted silicosis after long-term exposure to silica dust. 337 U.S. at 165-66. The Supreme Court held that the plaintiff's claim did not accrue until after he discovered the existence and *the cause* of his ailment. *Id.* at 170. As has been noted by the Seventh Circuit, "*Urie* teaches that it is the nature of the problems faced by a plaintiff in discovering his injury and its cause, and not the occupation [i.e., whether the case

sounds in malpractice against a physician] of the defendant, that governs the applicability of the discovery rule." *Stoleson*, 629 F.2d at 1269. From the facts pertinent herein, it is clear that Alana Alexander faced understandable obstacles in learning about the existence *and cause* of Christopher Cooper's injuries, so that this Court now should afford her every benefit of application of the discovery rule in determining the legal "accrual" date of her son's injuries.

In the wake of Hurricanes Katrina and Rita, Alana Alexander and Christopher Cooper were displaced from their home and did not return to New Orleans until May 2006. Soon after they moved into a travel trailer within the city, Alana Alexander and her son noticed a "chemical smell" in the unit, and also experienced eye and throat irritations and nasal burning sensations. *See* Ex. 4 attached to Defendant's Motion [Deposition of Alana Alexander] at 167:13-21. However, Alana Alexander at that time did not associate her son's symptoms with formaldehyde emissions present in the temporary residence, and neither did she have any cause or reason to do so. In fact, Alana Alexander did not even know about formaldehyde or potential health risks at that time, having been assured by a representative of either the United States or one of its contractors that the "chemical smell" was "nothing to worry about." *See* Declaration of Alana Alexander, Pl. Exh. A attached to Response to Motion for Partial Summary Judgment, Rec. Doc. 2493-2 at ¶4. The defendant, its representative, or a representative of one of its contractors therefore *prevented* Alana Alexander from learning about the *cause* of her son's injuries.[1]

---

[1] Though plaintiff acknowledges that Christopher Cooper's claims against the United States are governed by the statute of limitations provided by the FTCA, plaintiff nonetheless considers the importance of the Louisiana doctrine of *contra non valentem agere non currit praescriptio*, typically referred to simply as *contra non valentem.* Under the judicially-created doctrine, prescription does not run against a party who is unable to act. *Corsey v. State, Department of Corrections*, 375 So.2d 1319, 1321-22 (La.1979). One category of the doctrine holds that prescription cannot run "where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action." *Id.* In such instances, the defendant is equitably estopped from asserting a prescription defense because the defendant induced the plaintiff not to file suit within the limitations period. Here, a representative of either the United States or a United States contractor induced Alana Alexander to take residence in the trailer with her children, and concealed from her the truth about formaldehyde emissions. Under local law, the limitations period would not begin until Alana Alexander learned the truth about the travel trailer – December 2007.

3

The Fifth Circuit held in *MacMillan v. United States* that the key inquiry under the discovery rule of injury accrual is whether – and when – the plaintiff knew, or in the exercise of reasonable diligence should have discovered *the cause* of the plaintiff's injuries. 46 F.3d 377, 381 (5th Cir. 1995). Alana Alexander did not know about the cause of her son's injuries until December 2007, when she found out that formaldehyde emissions in the travel trailers led to respiratory and asthma problems for other hurricane victims. *See* U.S. Exh. 4 at 190:21-191:3, 191:19-23. She previously had exercised reasonable diligence when she asked a representative of one or more of the defendants herein about the chemical smell coming from her trailer. Rec. Doc. 2493-2, supra, at ¶4. Advised by the representative, and thereby convinced that the smell was of no concern, Alana Alexander could not have reasonably discovered the cause of her son's injuries until she learned specifically about formaldehyde emissions in the travel trailers in December 2007.

To be clear, it is not plaintiff Alana Alexander's contention that ignorance of her legal rights delayed the accrual of Christopher Cooper's claims. Rather, plaintiff asserts that facts as to the causal relationship between formaldehyde exposure and Christopher Cooper's injuries in this housing unit were in the control of the defendant United States and were unavailable, to her or at least very difficult for her to obtain. In the seminal FTCA claim accrual case, *United States v. Kubrick,* the Supreme Court held that:

> a plaintiff's ignorance of his legal rights and his ignorance of the fact of his injury or its cause should [not] receive identical treatment. That he has been injured in fact may be unknown or unknowable until the injury manifests itself; and the facts about causation may be in the control of the putative defendant, unavailable to the plaintiff or at least very difficult to obtain. The prospect is not so bleak for a plaintiff in possession of the critical facts that he has been hurt and who has inflicted the injury. He is no longer at the mercy of the latter.

444 U.S. 111, 122 (1979). Here, plaintiff Alana Alexander clearly was not "in possession of the

4

critical facts" that Christopher Cooper was injured by formaldehyde and exposure, and did not know who "inflicted the injury" until December 2007. Prior to that time, Alana Alexander was "at the mercy" of the United States, as the Government withheld information from her about the danger and health risks of formaldehyde in federally provided travel trailers.

By the defendant's own admission in support of the instant motion, "[t]he crux of the FTCA's accrual rule is that once there is sufficient information that would lead a reasonable person to inquire further into the facts to ascertain whether there is a cause of action, then person [sic] then has two years to determine whether to file an administrative claim." *See In Re: FEMA Trailer Formaldehyde Products Litigation*, No. 07-1873, Rec. Doc. 2317-2, p. 13 (E.D.La. July 27, 2009). In May 2006, Alana Alexander did not have sufficient information that would prompt a reasonable person to inquire further into the facts to ascertain whether there was a cause of action for Christopher Cooper's injuries. She inquired about the smell in her trailer and was told by a defendant representative that it was nothing to worry about. A reasonable person therefore would not have suspected that any condition or aspect of the travel trailer was the cause of her son's injuries. Indeed, it was not until December 2007 that Ms. Alexander avers that she was specifically informed about dangerous formaldehyde emissions in the trailers such as hers. Consequently, Christopher Cooper's claims against the United States did not accrue until December 2007, when Alana Alexander learned of the cause of her son's injuries. Alana Alexander's administrative filing on behalf of her son in July 2008 is well within the two-year statute of limitations imposed by the FTCA. Accordingly, plaintiff asks the Court to deny the instant motion to dismiss, as the Court has subject matter jurisdiction over all of Christopher Cooper's claims.

## II. Christopher Cooper Suffered Injury until He Moved Out of the Travel Trailer in December 2007, at Which Point His Claim Accrued.

Even if the Court chooses to apply the general rule that a tort action under the FTCA accrues at the time of a plaintiff's injury, the nature of the injury claimed herein is such that Alana Alexander still filed the administrative claim on behalf of Christopher Cooper within the two-year statute of limitations provided by 28 U.S.C. §2401(b). Plaintiff submits, and intends to prove at trial, that Christopher Cooper sustained an ongoing and continuous injury caused by formaldehyde exposure from March 2006 until December 2007 – the period during which he lived in a travel trailer. Because Alana Alexander filed a claim on behalf of Christopher Cooper within two years of December 2007, this Court has subject matter jurisdiction over Christopher Cooper's claims.

In *Albertson v. T.J. Stevensen & Co., Inc.*, the Fifth Circuit applied the "time of event" rule of accrual to a toxic exposure case. 749 F.2d 223, 232-33 (5th Cir. 1984). The plaintiff, Albert Albertson, worked as an electrician aboard a ship for a four-month period between November 1968 and February 1969. *Id.* at 226. Albertson claimed that he used an undiluted toxic chemical to clean electrical equipment on the ship, which caused headaches on five or six occasions. *Id.* at 226-27. Later, however, Albertson suffered severe physical and psychiatric problems that he attributed to the toxic exposure. *Id.* at 227-28. In determining the appropriate trigger date for the statute of limitations, the Fifth Circuit found that "Albertson possessed the critical facts of his injury and its cause *at the time he endured the last exposure* to the [chemical]," and he "either possessed or had a reasonable opportunity to discover the critical facts of his injury and its cause *at the time of his last exposure* to the [chemical]." *Id.* at 233 (emphasis added). The Fifth Circuit therefore found that his "cause of action accrued at that time," in 1969. *Id.*

Christopher Cooper was last exposed to the formaldehyde fumes in December 2007. U.S. Ex. 4, supra, at 190:21. Under the law applicable to continuous toxic exposure claims under the FTCA, and independent of the discovery rule, Christopher Cooper's claim did not accrue until the time he endured the last exposure to formaldehyde. Consequently, his claims against the United States did not accrue until his December 2007 last exposure to formaldehyde emissions in the trailer. Assuming *arguendo*, therefore, that Alana Alexander possessed or had a reasonable opportunity to discover the critical facts of Christopher Cooper's injury while he resided in the trailer, she still has filed an administrative claim against the defendant within the two year statute of limitations under the FTCA. On this additional basis, plaintiff respectfully submits that the Court should deny the instant motion to dismiss under Fed R. Civ. P. 12(b)(1).

**III. The Court lacks a sufficient record on which to decide the instant motion.**

Plaintiff submits that the above-discussed facts and applicable law are more than sufficient to warrant a denial of this motion. But the facts on record do *not* suffice to support the dismissal sought by the United States. Specifically, although plaintiff agrees with defendant that the Court may consider outside pleadings and affidavits in a factual challenge to dismiss for lack of subject matter jurisdiction, the Court still does not have a sufficient record to determine the precise "trigger" date required for defendant's argument that Christopher Cooper's claims against the United States accrued in May 2006. Even with the various depositions, fact sheets, and declarations of Alana Alexander and Christopher Cooper, the present record does not establish the exact day on which Christopher Cooper first was exposed to, and suffered physical harm from, formaldehyde fumes. The Court likewise does not know from the record presented the first day that Christopher Cooper felt symptoms which can be related to the formaldehyde emissions in this trailer. The record does not yet even reflect the length of time and the extent to which Christopher Cooper was exposed to formaldehyde fumes, or, most importantly, the last

7

instance of injurious exposure to the chemical. Without such evidence, the defendant cannot prevail with respect to this motion.

A district court may inquire into the basis of its subject matter jurisdiction at any stage of a case's proceedings. 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3522 (1975). In the event this Court is unwilling to deny the motion at hand, plaintiff respectfully requests that the Court defer this motion until after the presentation of all evidence at trial, at which point the Court should have a proper record on which to base its ruling.

## CONCLUSION

For the foregoing reasons, plaintiff respectfully submits that the defendant's 12(b)(1) motion should be denied.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY: s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:     504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:     504/528-9973
jwoods@gainsben.com

        **COURT-APPOINTED PLAINTIFFS'**
        **STEERING COMMITTEE**
          ANTHONY BUZBEE, Texas # 24001820
          ROBERT M. BECNEL, #14072
          RAUL BENCOMO, #2932
          FRANK D'AMICO, JR., #17519
          MATT MORELAND, #24567
          LINDA NELSON, #9938
          DENNIS REICH, Texas #16739600
          MIKAL C. WATTS, Texas #20981820

## **CERTIFICATE OF SERVICE**

   I hereby certify that on August 7, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

             s/Gerald E. Meunier
             GERALD E. MEUNIER, #9471