UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N(5)<br><br>JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO: | MAGISTRATE CHASEZ |

*Charlie Age, et al. v. Gulf Stream Coach, Inc.*, No. 09-2892
*Aldridge, et al. v. Gulf Stream Coach, Inc., et al.*, No. 07-9228
*Lyndon T. Wright v. Forest River, Inc., et al.* No. 09-2977
*Diana Bell, et al. v. Keystone RV Company, et al.*, No. 09-2967
*Carrie Smith v. Recreation by Design, LLC, et al.*, No. 09-3957

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### SHAW ENVIRONMENTAL, INC.'S MEMORANDUM IN SUPPORT OF FLUOR ENTERPRISES, INC.'S MOTION TO CONTINUE BELLWETHER TRIALS

**MAY IT PLEASE THE COURT:**

This Memorandum is submitted by Shaw Environmental, Inc. ("Shaw"), in support of Fluor Enterprises, Inc.'s ("Fluor") Motion to Continue [R. Doc. 2507] the bellwether trials and pretrial deadlines currently scheduled in this multidistrict litigation. Shaw adopts the arguments asserted in Fluor's motion to the extent it recommends continuing all of the bellwether trial dates and corresponding pretrial deadlines.

Fluor has amply described the extreme pressure the contractor defendants have been under to attempt to "catch up" in litigation that has been pending and active for over three years. This Court should grant a continuance because, in spite of the best efforts of the contractor defendants, they cannot be fully prepared for trial on the dates these cases are currently scheduled to commence.

As this Court is aware, Shaw is a defendant in the third, fourth and fifth bellwether trials: *Lyndon T. Wright v. Forest River, Inc., Shaw Environmental, Inc., and the United States of America*, commencing December 7, 2009; *Diana Bell and Raymond Bell, III v. Keystone RV Company, Shaw Environmental, Inc., and the United States of America*, commencing January 11, 2010; and *Carrie Smith v. Recreation by Design, Shaw Environmental, Inc., and the United States of America*, commencing May 17, 2010. Despite that trial in the third bellwether case is merely four months away, Shaw was only served with this lawsuit six weeks ago.[1] Given the current schedule and the existence of back-to-back trials in the third and fourth bellwether cases, it will be impossible for Shaw to prepare a carefully developed defense to the claims asserted in these matters. Shaw needs—and is entitled to—sufficient time to prepare its case and adequately defend itself in these bellwether cases through discovery, motion practice, and other pre-trial procedures.

Additionally, an issue peculiar to the *Wright* bellwether case supports modifying discovery deadlines and reassigning trial dates. Recently, this Court allowed Mr. Wright to amend his Complaint to add claims involving mold damage. [R. Doc. 2201]. The addition of the mold claim has significantly altered the nature of this case and will require the parties to engage

---

[1] Similarly, Shaw was not served with the Diana Bell complaint until July 2009, and has yet to be served with the Carrie Smith lawsuit.

in even more discovery, retain additional experts, and devote a substantial amount of time to defending the mold allegations. Shaw will be unfairly prejudiced if the *Wright* bellwether trial is allowed to proceed on December 7, 2009, given the current posture of this case.

    Shaw also agrees with Fluor that the current spacing of the trials is unworkable as it is causing multiple important deadlines in the bellwether cases to overlap. The existing, highly compressed trial schedule severely prejudices those parties participating in multiple bellwethers — Shaw, Fluor and the United States. Even if the Wright trial only lasts two weeks—unlikely given the insertion of the mold allegations—under the current schedule, Shaw will only have three weeks before commencement of the *Bell* trial, and these weeks include the holidays. As the schedule currently stands, the Pretrial Conference in *Bell* (as well as deadlines for filing motions in limine and *Daubert* motions) are scheduled *during* the *Wright* trial.[2] Further, the dispositive motions deadline in *Bell* is the day before the Pretrial Order is due in *Wright*.[3] Another anomaly in the current schedule is that the defense expert reports in *Bell* (the fourth bellwether trial) are currently due *before* the defense expert reports in *Wright* (the third bellwether trial).[4]

    In sum, Fluor's motion is well-founded and should be granted. A continuance of the first bellwether trial to October 26, 2009, and the second to December 7, 2009, will not prejudice any

---

[2] The *Wright* bellwether trial is scheduled for 14 days, commencing on December 7, 2009. The Final Pretrial Conference in *Bell* is scheduled for December 17, 2009. Further, the cut-off for filing motions in limine and *Daubert* motions in *Bell* is December 11, 2009.

[3] The *Wright* Final Pretrial Order is due November 13, 2009; the deadline for filing dispositive motions in *Bell* is November 12, 2009.

[4] Defendants' expert reports in *Wright* are due on September 25, 2009; defendants' expert reports in *Bell* are due on September 18, 2009.

party and will provide essential relief to the contractor defendants. Additionally, Shaw respectfully submits that the following schedule for the remaining three bellwether trials (each of which includes Shaw as a defendant) is more fair and appropriate:

*Diana Bell v. Keystone RV Company, et al.* – January 11, 2010;[5]

*Lyndon Wright v. Forest River, Inc., et al.* – May 17, 2010; and

*Carrie Smith v. Recreation by Design, et al.* – August 16, 2010.

Under the circumstances, good cause exists for continuing the bellwether trials. The relief requested is proper and necessary. Accordingly, Shaw Environmental, Inc. respectfully requests that Fluor's Motion to Continue be granted and that the bellwether trials and pretrial deadlines be continued and rescheduled as requested herein.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

 /s/ M. David Kurtz
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR DEFENDANT,
SHAW ENVIRONMENTAL, INC.**

---

[5] Under Shaw's proposed schedule, this trial is not continued. Shaw, however, acknowledges that the concerns expressed above regarding the overlapping deadlines of such a compressed trial schedule would still exist as to the United States if one bellwether trial begins December 7, 2009, and another begins January 11, 2010. Should the United States request a continuance of the January 11, 2010 trial date, Shaw would support such a request so long as it does not extend past February 8, 2010.

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 10th day of August, 2009, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel and counsel of record who are CM/ECF participants.

        /s/ M. David Kurtz