UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                           MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                  SECTION "N-5"

                                              JUDGE ENGELHARDT
                                              MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

PSC MEMORANDUM IN REPLY TO
FLUOR ENTERPRISES, INC.'S MOTION
TO CONTINUE BELLWETHER TRIALS

MAY IT PLEASE THE COURT:

        Through a sustained effort by a number of counsel, staff members, and expert and fact

witnesses, the first bellwether case of *Alexander v. Gulf Stream, et al* is in a posture to be tried on

September 14, 2009.  This effort and considerable expense should not now be rendered futile by

the continuance of this trial date.  Moreover, the defendant manufacturer Gulf Stream was

responsible for by far the largest percentage of the inventory of emergency housing units at issue

in this MDL.  A bellwether trial result against this defendant is extremely important as a starting

point for any global resolution efforts.

        In connection with the second bellwether case set for trial on October 26, 2009, *Dubuclet

v. Fleetwood*, plaintiff's expert reports already have been published and exchanged, and the PSC

would oppose any suggestion in the instant motion to continue whereby corresponding defendant

expert report deadlines are extended at this time.  To allow a significant time gap between the

disclosure of plaintiff expert opinions and that of defendant expert opinions in *Dubuclet* (or in any bellwether case), would be both inequitable and inconsistent with the endeavor to seek instructive case outcomes.

At the same time, if the current defendant expert report deadlines in *Dubuclet* are maintained, the PSC does not oppose the request by the defendant Fluor to continue the *Dubuclet* trial date. More specifically, it would be the request and recommendation of the PSC that the *Dubuclet* trial date of October 26, 2009 be vacated, and that this case be rescheduled for trial either in the middle or latter part of March 2010, or in June 2010. The first of these re-settings would place the trial of the *Dubuclet* case between the bellwether trials of *Bell v. Keystone* (1/11/10) and *Smith v. Recreation by Design* (5/17/10); the second resetting would have the *Dubuclet* trial occur after the *Smith v. Recreation by Design* trial. The PSC is agreeable to either rescheduling.

This postponement of the *Dubuclet* trial to either March or June of next year will accommodate the concerns of all counsel regarding the difficulty of proceeding under the present schedule in the near term, without upsetting the present pretrial and trial dates assigned to the cases of *Wright v. Forest River* (set for trial 12/7/09), *Bell v. Keystone* (set for trial 1/11/10), or *Smith v. Recreation by Design* (set for trial 5/17/10). The plaintiffs' trial counsel and witness arrangements for these bellwether cases are in place and established after considerable effort. Thus, Fluor's proposal that the Court simply "bump back" every bellwether trial to the trial date of the case that follows, would mean that the present organization and arrangements of resources by the PSC in all of these cases would be disrupted. This goes beyond what appears necessary, even considering the concerns articulated by Fluor in its motion.

Similarly, by proceeding with the scheduled trial of *Wright v. Forest River* on 12/7/09 in what would now be the second bellwether trial under the PSC proposal, Shaw, not Fluor, will defend as contractor.  This will alleviate the concern of counsel for Fluor in having to appear in "back to back" cases, and further will provide important variety through bellwether verdicts as to the defendant contractor group.

Finally, although the resetting of the *Dubuculet* case next year without disrupting the schedules in the other cases presently set after *Alexander*, obviously has the effect of taking this case "out of order" in the presently-scheduled series of bellwether trials, there appears to be some justification for doing so.  The Court will recall that the only reason a case against Fleetwood as manufacturer was selected for the second bellwether trial was because Fleetwood furnished the second-highest share of the housing units at issue (after Gulf Stream), according to FEMA records.  However, after that "numbers approach" was adopted for purposes of determining the order of the bellwether trials, an important and unforeseen development occurred: Fleetwood filed for bankruptcy relief.  Under the orders of the bankruptcy court in California, and despite the lifting of the stay limited to a bellwether trial in this MDL at Fleetwood's request, any global settlement resolution of the claims against Fleetwood in this litigation now can occur only through the bankruptcy proceedings, and not simply or solely through this MDL.  Even following the expected bellwether trial verdict in a case against Fleetwood, therefore, the authority of this Court to explore and exhaust settlement prospects prior to a remand which terminates the MDL, will be qualified by the pendency of the bankruptcy proceedings.  To this extent, putting the Fleetwood case "out of order" under the present schedule, visits no significant prejudice which plaintiffs perceive in regard to the overall purpose of this bellwether trial exercise, which is to

instruct and inform this Court and the parties as to whether or not global resolution is possible through the MDL, prior to an inevitable remand of all cases which will have to be separately tried assuming no global settlement is achieved.  The case against Fleetwood, because of its bankruptcy, already is "out of order" in terms of this plan.[1]

Accordingly, the PSC proposes that (1) the *Alexander* schedule and trial date remain unchanged, (2) the *Dubuclet* trial be continued from October 26, 2009 to a date in 2010 to be selected by the Court, either between the bellwether trials of *Bell v. Keystone* and *Smith v. Recreation by Design* or after the trial of *Smith v. Recreation by Design*, but in any event maintaining the current deadlines for the defendant expert reports in *Dubuclet*, and (3) the current trial schedule of all other bellwether remain unchanged, i.e., 12/7/09 for the trial of *Wright v. Forest River*, 1/11/10 for the trial of *Bell v. Keystone*, and 5/17/10 for the trial of *Smith v. Recreation by Design*.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE**
**PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
          GERALD E. MEUNIER, #9471
          **PLAINTIFFS' CO-LIAISON COUNSEL**
          Gainsburgh, Benjamin, David, Meunier &
          Warshauer, L.L.C.
          2800 Energy Centre, 1100 Poydras Street
          New Orleans, Louisiana 70163

---

[1]It also should be noted that Louisiana Direct Action claims against Fleetwood's carrier(s) are not presented in *Dubuclet* at this time.  Perhaps a truly "instructive" verdict for settlement purposes warrants the prosecution of such claims, which the PSC has been hesitant to include by way of amendment for fear of disrupting the present trial schedule.  Postponing the trial of *Dubuclet* as suggested would afford sufficient time for plaintiff to add such insurer claims, which may (depending on coverage issues) necessitate the appearance of additional counsel.

Telephone:    504/522-2304
Facsimile:    504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:    504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
    ANTHONY BUZBEE, Texas # 24001820
    ROBERT M. BECNEL, #14072
    RAUL BENCOMO, #2932
    FRANK D'AMICO, JR., #17519
    MATT MORELAND, #24567
    LINDA NELSON, #9938
    DENNIS REICH, Texas #16739600
    MIKAL C. WATTS, Texas #20981820

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

s/Gerald E. Meunier
GERALD E. MEUNIER, #9471