UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER * | MDL NO. 1873 |
|    FORMALDEHYDE * | |
|    PRODUCTS LIABILITY * | SECTION: N(5) |
|    LITIGATION * | |
| * | JUDGE: ENGELHARDT |
| This Document Relates to: *Charlie Age, et al. v.* * | |
| *Gulf Stream Coach Inc., et al*, Docket No. 09-2892 * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF
UNOPPOSED MOTION TO SEVER THE CLAIMS OF ALANA ALEXANDER,
INDIVIDUALLY, AND ON BEHALF OF CHRISTOPHER COOPER**

**MAY IT PLEASE THE COURT:**

  Through undersigned counsel, Defendant, Gulf Stream Coach, Inc. ("Gulf Stream"), submits this Memorandum in Support of its Unopposed Motion to Sever the Claims of Alana Alexander, Individually, and on Behalf of Christopher Cooper.

**I. NATURE OF THE CASE**

  As the Court is well aware, this Multi-District Litigation is the consolidation of almost five hundred state and federal toxic tort suits in which an estimated seventy thousand named Plaintiffs claim to have inhabited temporary housing units ("THUs") that were provided to them by the Federal Emergency Management Agency ("FEMA") as a result of the alleged uninhabitability of their residences due to Hurricanes Katrina and Rita. (Rec. Doc. 109, at ¶ 96). On April 6, 2009, the Court ordered that plaintiffs Alana Alexander and her 12-year-old son, Christopher Cooper, would serve as bellwether plaintiffs against Gulf Stream in a trial scheduled for Sept. 14, 2009. (Rec. Doc. 1299).

  Alana Alexander and Christopher Cooper (collectively, "Plaintiff") are named plaintiffs in the *Age* case (*Age, et al. v. Gulf Stream Coach, Inc. et al*., Member Case No. 09-2892, Rec.

Doc. 1). Plaintiff's claims are joined with the claims of thirty-eight ("38") other plaintiffs also named in the *Age* Complaint, as supplemented and amended. (Rec. Docs. 1143 and 1313). Gulf Stream submits that the claims of Plaintiff are improperly joined with the other thirty-eight plaintiffs' claims, and should be severed in advance of the September 14, 2009 bellwether trial.

## II. LAW AND ARGUMENT

Federal Rule of Civil Procedure Rule 20 provides, in part:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, separately, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any questions of law or fact common to all persons will arise in the action

Fed. R. Civ. P. 20.

By the very terms of the Rule, a party must establish two pre-requisites: 1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences; and 2) some question of law or fact common to all persons seeking to be joined. Fed. R. Civ. P. 20 and Wright, Miller and Kane, 7 *Federal Practice and Procedure* § 1653 (2009). Both requirements must be satisfied in order for the parties to be properly joined. *Williams v. Transport Services Co. of Illinois*, No. 07-3597, 2008 WL 2002283, at *1 (E.D. La. 5/7/08). The central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits. *Fassbender v. Treasure Chest Casino, LLC*, No. 07-5265, 2008 WL 576229, at *2 (E.D. La. 2/28/08)(quoting *Applewhite v. Reichhold Chemicals, Inc.*, 67 F.3d 571, 574 (5th Cir. 1995)).

Under Rules 20 and 21, the District Court has the discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice. Fed. R. Civ. P. 20 and 21. "This discretion, however, should be exercised after an examination of the individual case." *Applewhite,* 67 F.3d at p. 574. Courts generally consider the following factors when deciding

whether claims should be severed pursuant to Rule 21: 1) whether the claims arise out of the same transaction or occurrence; 2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; 4) whether prejudice would be avoided if severance were granted; and 5) whether different witnesses and documentary proof are required for separate claims. *In re Vioxx Products Liability Litigation*, No. MDL 1657, 2008 WL 4681368, at *5, n.10 (E.D. La. 10/21/08)(citations omitted)(hereinafter referred to as "*In re Vioxx*").

As discussed above, Gulf Stream requests that the Court exercise its discretion and order that the Plaintiff's claims be severed from the other named plaintiffs' claims, inasmuch as they are not properly joined.

### A. The Plaintiff's Claims do not Arise Out of The Same Transaction or Occurrence

As noted above, for proper joinder, the joined plaintiffs' respective claims must arise out of the same transaction or occurrence, or series of transactions or occurrences. Fed. R. Civ. P. 20. However, limited factual and legal similarities cannot serve to join several plaintiffs' respective claims. *In re Vioxx,* at *8 (citing *Campo v. State Farm Fire & Cas. Co*., No. 06-2611, 2007 WL 2155792, *1-2 (E.D. La. 2007)). In *In re Vioxx*, Judge Fallon instructed:

> In *Campo v. State Farm Fire & Casualty Co.,* the court held that multiple plaintiffs' claims against a single insurer were improperly joined when the plaintiffs sought to enforce separate insurances policies to recover damages caused by Hurricane Katrina. Civ. A. No., 06-2611, 2007 WL 2155792, *1-2 (E.D.La. 2007). Although the plaintiffs all asserted similar legal claims against a single defendant, the court explained that "[t]he only common elements between the plaintiffs' claims are that their claims arise from damages caused by Hurricane Katrina and that each plaintiff had a separate insurance policy with the defendant." *Id.* at * 3. The court noted that these limited factual and legal similarities "cannot serve as a common transaction or occurrence because Hurricane Katrina affected each property differently, each property was different with respect to its prior condition, and each property was covered by a separately negotiated insurance policy." *Id.* As a result, the court held that joinder was inappropriate because the cases did not present common questions of fact or law and did not arise out of the same

3

> transaction, occurrence, or series of transactions or occurrences. *See id.; see also Sccherman v. Metro Prop. & Cas. Ins. Co*., Civ. A. Nos. 05-6456, 06-8765, 2007 WL 1484067, *2 (E.D.La. May 21, 2007)("[P]laintiffs cannot rely on the fact that one natural disaster, Hurricane Katrina, caused the damage to all of their properties as a basis for joining their claims against [the defendant].... [A]side from Hurricane Katrina as the cause, the claims against [the defendant] do not arise out of the same transaction, occurrence, or series of transactions or occurrences.").

*In re Vioxx*, at *8.

Judge Fallon went on to note that, similarly, each of the plaintiffs before the court had entered into "a separately negotiated insurance policy" with each of its beneficiaries. *Id.* at *8. Since the claims did not arise out of the same transaction or occurrence, the claims were appropriately severed.

Like the claims in *Campo* and *In re Vioxx*, Plaintiffs' claims here do not arise out of the same transaction or occurrence, as contemplated by Rule 20. Certainly, Hurricanes Katrina and Rita and Gulf Stream Coach, Inc. as the alleged manufacturer of the units in which plaintiffs resided are allegedly common to all plaintiffs in *Age*. However, the similarities end there. As the Court noted in denying class certification, "[e]ven in two EHUs side by side and of the same model and manufacturer, the chemicals present (i.e. possible presence of formaldehyde and other potential chemical sources of irritation) will be different depending upon the habits of the residents." *In re FEMA Trailer Formaldehyde Products Liability Litigation*, No. MDL 07-1873, 2008 WL 54223488, at *6 (E.D. La. 12/29/08)(hereinafter "*In re FEMA*"). Further, the Court noted:

> As noted previously on page 24 of this opinion, there are many material factual distinctions (relating to age, gender, etc.) that make each Plaintiff unique. Also explained previously on page 24, each Plaintiffs' potential formaldehyde exposure and any resulting health effects vary according to several different factors. Each Plaintiff's habits vary greatly, resulting in the necessity for individualized inquiries delving into the use of heating and air conditioning, and also window or door use (important to how ventilated a particular EHU was). Some Plaintiffs are exposed to sources of formaldehyde and eye/nose/throat irritants unrelated to that said to be found in the EHUs

> (resulting from contact with air pollution, pesticides, pet dander, cleaning agents, mold, bacteria, and viruses). Many Plaintiffs are current and/or past smokers, or lived in EHUs with smokers. All of the above are individual issues that render analysis on a class-wide basis utterly impossible.
>
> Further, as for the injuries to the Plaintiffs themselves, each one has suffered an individual physical injury that is specific to that particular individual, precluding the predominance of issues relating to the Plaintiffs themselves. Also, the personal injury claims among Plaintiffs vary greatly. Considering the foregoing, this Court concludes that Plaintiffs' claims will, to a significant degree, be individualized with respect to causation and will include individual issues of exposure, susceptibility to illness, and types of physical injuries.

*In re FEMA*, at *13 (internal footnote omitted).

Thus, like the plaintiffs' claims in *Campo*, the plaintiffs' claims in *Age* do not arise out of a common transaction or occurrence because Hurricane Katrina affected each person differently, each person was different with respect to their unique health conditions, and each emergency housing unit was unique and used differently. As a result, joinder is inappropriate because the claims do not present common questions of fact or law and did not arise out of the same transaction, occurrence, or series of transactions or occurrences.

### B. Severance is Just

Additionally, Gulf Stream suggests that severing the claims is appropriate under Rule 21. By severing the claims of Plaintiff, the claims will be properly positioned procedurally to allow the claims to be tried on September 14, 2009, and allow for the subsequent verdict to be appealed. Thus, as presented, the circumstances here constitute "just terms" for severing the claims.

### III. CONCLUSION

**WHEREFORE,** considering the foregoing, Gulf Stream Coach, Inc. respectfully requests that this Honorable Court issue an Order severing the claims of Alana Alexander, Individually, and on behalf of Christopher Cooper, from the claims of the remaining plaintiffs in

5

the *Age* case. Gulf Stream Coach, Inc. further, requests that the claims of Plaintiff be assigned a separate docket number.

Respectfully Submitted:

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK #18495**
**JOSEPH G. GLASS #25397**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700
(504) 837-3119 (FAX)
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON**
**Timothy D. Scandurro #18424**
**Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
(504) 529-6199 (FAX)
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

# C E R T I F I C A T E

I hereby certify that on the 10th day of August, 2009, a copy of the foregoing Memorandum in Support of Unopposed Motion to Sever the Claims of Alana Alexander, Individually, and on behalf of Christopher Cooper was filed electronically with the Clerk of

Court using the CM/ECF system.  Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495
andreww@duplass.com
