UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  FEMA TRAILER<br>        FORMALDEHYDE PRODUCTS<br>        LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N(5)<br><br>JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO: | MAGISTRATE CHASEZ |

No. 09-3717, *Kahn*, et al. v. Superior Homes, LLC, et al.;
No. 09-3719, *Bergeron*, et al. v. Jayco Enterprises, Inc., et al.;
No. 09-3733, *Arbour*, et al. v. Recreation By Design, LLC, et al.;
No. 09-3735, *Winding*, et al. v. Liberty Homes, Inc., et al.;
No. 09-3739, *Cook*, et al. v. Skyline Corporation, et al.;
No. 09-3740, *Douglas*, et al. v. Oak Creek Homes, LP, et al.; and
No. 09-3741, *Penny*, et al. v. Waverlee Homes, Inc., et al.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## SHAW ENVIRONMENTAL, INC.'S
## PRESERVATION OF DEFENSES UNDER RULE 12(b)

**NOW INTO COURT,** through undersigned counsel, comes defendant Shaw Environmental, Inc. ("Shaw"), and pursuant to Pretrial Order No. 36 (Rec. Doc. 1386) and with a full reservation of rights, submits for preservation the following list of defenses under Rule 12(b)

1

of the Federal Rules of Civil Procedure in the referenced underlying lawsuits styled as: *Abdul Q. Kahn, et al. v. Superior Homes, LLC, et al.*, Civil Action No. 09-3717; *Alvin Bergeron, et al. v. Jayco Enterprises, Inc., et al.*, Civil Action No. 09-3719; *Charles E. Arbour, et al. v. Recreation By Design, LLC*, Civil Action No. 09-3733; *Clarika Lashea Winding, et al. v. Liberty Homes, Inc., et al.,* Civil Action No. 09-3735, *Priscilla Lucille Cook, et al. v. Skyline Corporation, et al.*, Civil Action No. 09-3739; *Judy Douglas, et al. v. Oak Creek Homes, LP*, *et al*., Civil Action No. 09-3740; and *William G. Penny, et al. v. Waverlee Homes, Inc., et al.,* Civil Action No. 09-3741, all originally filed in the United States District Court for the Eastern District of Louisiana and currently pending in the captioned MDL proceeding.  Shaw reserves the right to amend or supplement this list of Rule 12(b) defenses and to file any other preliminary pleadings, dispositive motions or affirmative defenses in each of the referenced underlying lawsuits, the captioned MDL proceeding, or in any other case in which it is now or subsequently named as a defendant and properly served.

     1.    Rule 12(b)(1):  Plaintiffs lack standing.

     2.    Rule 12(b)(3):  Improper venue as to any plaintiff who resides outside of the Eastern District of Louisiana.

     3.    Rule 12(b)(6):  Plaintiffs fail to state a claim upon which relief can be granted against Shaw.

     4.    Rule 12(b)(6):  Plaintiffs fail to state a claim upon which relief can be granted because the claims against Shaw are barred by the applicable prescriptive and peremptive periods, statute of limitations, and/or laches.

5. Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted because on the face of the pleadings it is clear that plaintiffs knew or should have known of their cause of action more than a year before the referenced action was filed, rendering all claims prescribed under Louisiana law. Plaintiffs are not entitled to claim any tolling of the applicable prescriptive period as against defendant Shaw during the pendency of the putative class action.

6. Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted against Shaw under the Louisiana Products Liability Act ("LPLA").

7. Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted against Shaw under the LPLA inasmuch as plaintiffs have not and cannot allege any set of facts that would establish that Shaw is a "manufacturer" within the meaning of the LPLA.

8. Rule 12(b)(6): Plaintiffs fail to state a claim for negligence under Louisiana law.

9. Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted because Shaw owed no actionable duty to any of the plaintiffs.

10. Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted inasmuch as plaintiffs have not specifically claimed any current injury, but rather have generally claimed unspecified current and future alleged injuries.

11. Rule 12(b)(6): Plaintiffs fail to state a claim for recovery of attorneys' fees because (a) attorneys' fees are not recoverable against Shaw under Louisiana law and (b) plaintiffs have not alleged any other viable theory of liability through which they can recover attorneys' fees against Shaw.

12. Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon Shaw and

the other named defendants inasmuch as Louisiana law does not provide for solidary liability on the facts alleged.

13. Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiffs later seek to recover punitive damages under federal or Louisiana law inasmuch such damages are precluded.

14. Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property or economic damages under Louisiana law inasmuch as such claims are precluded.  (*See also* Rec. Doc. 984.)

15. Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiffs later seek damages for medical monitoring under Louisiana law inasmuch as plaintiffs have not alleged a present and manifest injury.

16. Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted to the extent it is determined that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

17. Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted on grounds that Shaw is a government contractor that performed its work according to and in compliance with specifications approved and mandated by the U.S. government through the Federal Emergency Management Agency ("FEMA").  As such, plaintiffs' actions, claims and demands are preempted and Shaw is immunized from liability by the government contractor defense.

18. Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted on grounds that Shaw is a contractor that performed its work in accordance with the plans and/or specifications furnished to it by FEMA. As such, Shaw is shielded from liability by La. R.S. 9:2771 and the *Spearin* doctrine.

19. Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted on grounds that pursuant to *Day v. National Radiator Corp.*, 128 So.2d 660 (La. 1961), Shaw's duties and obligations are limited to what is defined in the relevant contract between Shaw and FEMA.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**


    /s/ Catherine N. Thigpen
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR DEFENDANT,
SHAW ENVIRONMENTAL, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August, 2009, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system

      /s/ Catherine N. Thigpen