UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE:  FEMA TRAILER                                              MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                        SECTION "N-5"

                                                                          JUDGE ENGELHARDT
                                                                          MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO ALL CASES

-----------------------------------------------------------------------------------------

**PSC'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT
UNITED STATES' MOTION FOR PROTECTIVE ORDER TO PREVENT
PLAINTIFFS' DEPOSITION OF HARVEY E. JOHNSON, JR.**

MAY IT PLEASE THE COURT:

The Plaintiffs Steering Committee, hereinafter "PSC", respectfully submits this supplemental opposition to the United States' motion to prevent the deposition of Harvey E. Johnson, Jr.  The PSC initially noticed the deposition of Admiral Harvey Johnson on June 12, 2009. In response the United States filed its Motion for Protective Order to prevent the deposition (Rec. Doc. 1756), asserting that plaintiffs should be denied the opportunity to depose Admiral Johnson based solely on his previous employment as an allegedly high ranking government official. However, the PSC argued, and this Honorable Court agreed in its Order and Reasons of June 24, 2009 (Rec. Doc. 1939), that when faced with the Government's Motion to Dismiss which seeks the complete dismissal of numerous claims, the PSC should be allowed to obtain "critical" discovery in order to counter the evidence upon which that dismissal may be based. The discovery sought, the deposition of Admiral Johnson, is critical to such a determination. Admiral Johnson has now been identified as the person with knowledge

concerning particular subjects relating to FEMA's response to the formaldehyde crisis. Accordingly, the PSC respectfully requests this Honorable Court deny the United States' Motion for Protective Order and order the United States to produce Admiral Johnson for deposition.

## I. LAW AND ARGUMENT

The PSC has demonstrated that extraordinary circumstances exist so as to require the deposition of Admiral Johnson to proceed. Admiral Johnson is uniquely positioned to provide critical facts and information as to FEMA's actions and their motivations in response to the formaldehyde crisis, the very subject of the United States' pending motion to dismiss. To best counter the United States' motion to dismiss based upon discretionary function, the PSC must be allowed to discover relevant evidence as to whether FEMA's conduct - after they learned of the formaldehyde issue - was grounded in policy or anticipation of litigation. The deposition of Admiral Johnson is critical to this Court's determination of that issue.

The deposition of Admiral Johnson is significant to the discovery evidence as to the motivations behind FEMA's conduct as he is the only individual who can testify beyond mere speculation as to why certain decisions were made and certain actions were taken. In *Bolden v. FEMA*, 2008 WL 145098 (E.D. La. 2008), Magistrate Wilkinson denied FEMA's motion for protective order to prevent the deposition of a FEMA Assistant Administrator. The court's denial was based upon FEMA's failure to make a specific demonstration as to the Administrator's ranking and because another witness had identified that Administrator as the person "with knowledge." *Id.,* at *4. Here, in its Reply Memorandum in support of its motion for protective order the United States argued that "any and all information that Admiral Johnson may possess regarding FEMA's response to formaldehyde concerns would be in the possession of either

2

Garratt, Souza, or Lapinski." Rec. Doc. 1872, p. 4. However, here, just as in *Bolden*, witnesses have testified that on specific subjects Admiral Johnson is the person "with knowledge."

On June 1, 2007, Admiral Johnson sent an email to several people, including David Garratt and Kevin Souza.[1] In his email Admiral Johnson recommended that FEMA "slow roll" any sales and/or provisions of travel trailers as opposed to a notice to suspend.[2] In the same email Admiral Johnson requested a meeting with Chief Paulison, Public Affairs, Legislative Affairs, and Legal Affairs to consider FEMA's "public position" as it relates to the formaldehyde issue.[3] Kevin Souza, however, was unable to testify as to the reasoning behind Admiral Johnson's request of such a meeting:[4]

> Q: What is your understanding for the basis of reasoning behind the Admiral requesting the meeting?
>
> …
>
> A: I don't know, other than this was getting a lot of visibility, and it sounds like he and the Chief wanted to be brought up to speed on what was taking place in the agency.
>
> Q: Do you think that's something best asked of the Admiral as to why he requested this meeting?
>
> A: Certainly.[5]

Mr. Souza was further asked "why would Admiral Johnson want Legal to participate in a discussion concerning the public position."[6] However, Mr. Souza could only testify as to what he

---

[1] Email from Harvey Johnson, Jr., FEMA 17-009336 – 17-009337, attached hereto as Exhibit A.
[2] *Id.*
[3] *See* Deposition of Kevin Souza, p. 111 (attached hereto as Exhibit B).
[4] *Id.*
[5] *Id.* at p. 112.
[6] *Id.* at p. 117-118.

believed Admiral Johnson's reasons to be since Admiral Johnson had never told him what his reasons were.[7]

On July 22, 2007, Admiral Harvey Johnson in an email to numerous individuals, including Kevin Souza, wrote, "[p]lease remember that "all of our discussion are pre-decisional and the information contained herein must remain within our decision group until specifically athorized [sic] otherwise."[8] When Mr. Souza was asked why Admiral Johnson would have wanted this information to remain "contained," Mr. Souza testified, "I don't know specifically."[9] Mr. Souza was also asked whether he knew if Admiral Johnson was advised to keep the information within the decision group by OGC, but Mr. Souza did not know.[10]

The Government also presented Michael Lapinski as a witness in possession of the same knowledge as Admiral Johnson. However, Mr. Lapinski was also unable to testify to knowledge within the possession of Admiral Johnson. Specifically, Mr. Lapinski testified in section 6 of his declaration that the initial testing of occupied units was scheduled to commence in October 2007, but that the testing was delayed until December because of concerns of FEMA, the Department of Homeland Security, and the White House regarding how the federal government would characterize the results in order to make them meaningful to not only EHU occupants but the public at large.[11] At his deposition Mr. Lapinski was asked:

> Q: …Who within FEMA would have made the decision, would have had the authority to make the decision that even though this testing was to

---

[7] *See id.* at p. 118.
[8] Email from Harvey Johnson, Jr., FEMA 17-015220 – 17-015221, attached hereto as Exhibit C.
[9] Exhibit B, p. 124.
[10] *Id.*
[11] *See* Declaration of Michael Lapinski, attached hereto as Exhibit D.

4

commence in October of 2007, but ultimately delayed it until December 2007, who would that individual be?

A: Admiral Johnson.

Q: And what were Admiral Johnson's concerns and his reasoning behind delaying the testing from October 2007 until December 2007?

…

A: Yeah, the answer is that I would have to speculate on what Admiral Johnson was thinking.

Q: That's fine. Of course, only Admiral Johnson could answer that question.

A: Yes, sir.[12]

It is clear from the testimony of Michael Lapinski and Kevin Souza that there are subjects and issues of which Admiral Johnson is the only person who can testify. These subjects, specifically, the delay of testing and the involvement of legal counsel in the formation of FEMA's position, are relevant and critical to the pending determination of whether FEMA's conduct in response to the formaldehyde crisis was grounded in policy or the anticipation of litigation.

    The prospective testimony of Admiral Johnson is critical as it involves the application of the discretionary function exception <u>and</u> the ultimate issue of FEMA liability. The deposition will allow the PSC to discover the facts underlying, and context of, the United State's response

---

[12] Deposition of Michael Lapinksi, p. 54-55, attached hereto as Exhibit E.

to the public health and safety concerns of formaldehyde exposure in the housing units furnished by FEMA to the victims of Hurricanes Katrina and Rita. Discovery into FEMA's actions or inactions, and the "policy" motivations behind them is simply indispensable in the pursuit of plaintiffs' FTCA claims in this MDL.

As to the merits of the FTCA case against FEMA, it likewise is essential that plaintiffs be allowed to discover the important aspects of FEMA's decision-making in response to the formaldehyde crisis, as uniquely framed by the knowledge and information possessed by Admiral Johnson.

## II. CONCLUSION

It is clear that despite the United States' assertions to the contrary Admiral Johnson is in possession of information relevant and critical to the plaintiffs' case on the merits as well as to the plaintiffs' opposition to the United States' Motion to Dismiss. Admiral Johnson is the only person who can testify as to the motivations and reasoning behind certain actions FEMA undertook in response to the formaldehyde crisis. To deny the PSC the opportunity to discover such critical evidence will force this Court to rule on the Government's defense of immunity without all of the information available, including relevant information which the Government, through its official Harvey E. Johnson, Jr., solely and uniquely possesses.

The discovery sought through the plaintiffs' deposition of Harvey Johnson, Jr., is sought under extraordinary circumstances and is absolutely essential to both this Court's determination of the application of the discretionary function exception and to the ultimate issue of FTCA liability at trial. The PSC respectfully submits that the United States' Motion for Protective Order should be denied.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY: s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas #24001820
RAUL BENCOMO, #2932
ROBERT M. BECNEL, #14072
FRANK D'AMICO, JR., #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
DENNIS REICH, Texas #16739600
MIKAL C. WATTS, Texas #20981820

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-call mail to all counsel of record who are non-CM/ECF participants.

s/Gerald E. Meunier<br>
GERALD E. MEUNIER, #9471