UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE:  FEMA TRAILER                                    MDL NO. 07-1873
FORMALDEHYDE PRODUCTS
LIABILITY LITIGATION                                    SECTION N(5)

                                                        JUDGE ENGELHARDT

THIS DOCUMENT RELATES TO:
*Lyndon Wright v. Forest River, Inc., et al.*           MAGISTRATE CHASEZ
No. 09-2977 (E.D. La.)


* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**SHAW ENVIRONMENTAL, INC.'S**
**STATEMENT OF UNCONTESTED MATERIAL FACTS**

NOW INTO COURT, through undersigned counsel, comes defendant, Shaw

Environmental, Inc. (referred to herein as "Shaw") and submits, in support of its Motion for

Summary Judgment and pursuant to Local Rule 56.1, the following statement of the material

facts as to which there are no genuine issues to be tried.

1.      As part of its Individual Assistance/Technical Assistance Contract (the "FEMA

Contract") with the Federal Emergency Management Agency ("FEMA"), Shaw was directed to

install a travel trailer on property owned by Bobbie Wright at 2315 Seminole Lane, New Orleans

Louisiana, 70125.

2.      Shaw discharged the responsibility by having one of its subcontractors install a Forest River trailer bearing VIN# 4X4TSMH296C008992 (the "Trailer") on Bobbie Wright's property.

3.      Bobbie Wright's son, Lyndon Wright, and one of Shaw's subcontractors conducted a "Ready for Occupancy" inspection of the Trailer on February 13, 2006.[1]

4.      Mr. Wright claims that he noticed a "new smell" that made him sneeze during the "Ready for Occupancy" walkthrough.[2]

5.      The "Ready for Occupancy" inspection showed the Trailer to be in good condition.[3]

6.      Mr. Wright signed his mother's name on the inspection form and accepted the Trailer.[4]

7.      Mr. Wright moved into the Trailer in March 2006.[5]

8.      Bobbie Wright never lived in the Trailer.[6]

---

[1]  *See* Temporary Housing Unit Inspection Report, dated February 13, 2006, attached as Exhibit "C" to Memorandum in Support of Shaw Environmental Inc.'s Motion for Summary Judgment Regarding Prescription (hereinafter "Memorandum").

[2]  *See* Deposition of Lyndon T. Wright, attached as Exhibit "D" to Memorandum, pp. 267-68.

[3]  *See* Exhibit "C" to Memorandum.

[4]  *See* Exhibit "C" to Memorandum.  *See also* Exhibit "D" to Memorandum, Wright Deposition, p. 258.

[5]  *See* Mr. Wright's Supplemental Plaintiff Fact Sheet ("PFS"), attached as Exhibit "B" to Memorandum. *See also* Exhibit "D" to Memorandum, Wright Deposition, p. 262.

[6]  *See* Exhibit "B" to Memorandum, Supplemental PFS, and Exhibit "D" to Memorandum, Wright Deposition, pp. 256-57.

9.      Mr. Wright claims that he began to suffer from allegedly formaldehyde-related (and/or mold-related) symptoms immediately upon occupancy of the Trailer in March 2006.[7]

10.     Mr. Wright claims that he suffered from asthma and "walking pneumonia" for the first time in his life and that those illnesses occurred "since living in the trailer."[8]

11.     In April of 2006, Mr. Wright told his mother that he believed that the Trailer was making him sick.[9]

12.     In May 2006, FEMA elected to separately contract maintenance responsibilities for travel trailers installed at private sites directly to "Maintenance and Deactivation Contractors," or "MDCs."[10]

13.     FEMA's process of transferring the contractual maintenance responsibility directly to the MDCs became known as the "MDC turnover."[11]

13.     C. Martin Company was the MDC that accepted responsibility for the Trailer.[12]

14.     A part of the MDC turnover, C. Martin Company was required to inspect and record the condition of the Trailer on a "Preventative Maintenance Inspection Form," or "PMI."

---

[7]  *See* Exhibit "B" to Memorandum, Supplemental PFS, pp. 3-4.  *See also* Exhibit "D" to Memorandum, Wright Deposition, p. 293.

[8]  *See* Exhibit "B" to Memorandum, Supplemental PFS, p. 13.

[9]  See Exhibit "D" to Memorandum, Wright Deposition, pp. 169-71 and 295.

[10]  *See* Affidavit of Allison Hansen, Shaw's Operations Manager during the FEMA Contract, attached as Exhibit "F" to Memorandum, ¶¶ 3-4.

[11]  See Exhibit "F" to Memorandum, Hansen Affidavit, ¶ 3-4.

[12]  See Exhibit "F" to Memorandum, Hansen Affidavit, ¶ 7.

15.     C. Martin Company accepted the Trailer and filled out the PMI form on June 1, 2006.[13]

16.     FEMA directed, participated in, was informed of, and accepted the transfer responsibilities for the Trailer from Shaw to C. Martin Company.[14]

17.     Shaw did not participate in the deactivation of the Trailer.[15]

18.     Shaw's maintenance and other responsibilities with regard to the Trailer, through the FEMA Contract or otherwise, ended on June 1, 2006.[16]

19.     Mr. Wright filed the instant lawsuit on March 2, 2009.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**


  /s/ M. David Kurtz
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000

**ATTORNEYS FOR DEFENDANT,
SHAW ENVIRONMENTAL, INC.**

---

[13]   A copy of the PMI for the Trailer is attached as Exhibit "3" to the Hansen Affidavit (Exhibit "F" to Memorandum).

[14]   *See* Exhibit "F" to Memorandum, Hansen Affidavit, ¶ 10.

[15]   *See* Exhibit "F" to Memorandum, Hansen Affidavit, ¶ 12.

[16]   *See* Exhibit "F" to Memorandum, Hansen Affidavit, ¶ 12.

5

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2009, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel.

_/s/ M. David Kurtz_