UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 | |
| FORMALDEHYDE | * | | |
| PRODUCTS LIABILITY | * | SECTION:  N(5) | |
| LITIGATION | * | | |
| | * | JUDGE: ENGELHARDT | |
| This Document Relates to:  *Charlie Age, et al. v.* | * | | |
| *Gulf Stream Coach Inc., et al*, Docket No. 09-2892 | * | MAG: CHASEZ | |

*************************************************************************

## **MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

**MAY IT PLEASE THE COURT:**

Defendant, Gulf Stream Coach, Inc. ("Gulf Stream"), respectfully submits this memorandum in support of its Motion for Partial Summary Judgment regarding plaintiff Alana Alexander's individual claim for her minor child's fear of contracting illness or disease because of formaldehyde.

**I.    BACKGROUND**

As this Court is well aware, this Multi-District Litigation is the consolidation of several state and federal toxic tort suits in which an estimated thirty thousand named plaintiffs claimed to have inhabited emergency housing units ("EHUs") that were provided to them by the Federal Emergency Management Agency ("FEMA") as a result of the alleged uninhabitability of their residences due to Hurricanes Katrina and Rita. (Doc. No. 109, at ¶ 96). During the course of this litigation, the parties completed the class certification phase, conducted substantial discovery, and now have moved into the trial phase. On June 1, 2009, the plaintiffs filed their First Supplemental and Amended Complaint. (Doc. No. 1636). Within the amended complaint, the plaintiffs reiterated that their claims against Gulf Stream were brought pursuant to the Louisiana Products Liability Act. (*Id*. ¶ 12). Furthermore, the plaintiffs made the following allegation:

>Plaintiff respectfully amends the allegations with respect to damages in Paragraph 117 of the Original Complaint, as well as the allegations in Subparagraph 2 under the caption "Prayer for Relief" in the Original Complaint, in order to specify that she seeks compensatory damages herein for the following:
>
>>a. plaintiff's physical pain and suffering;
>>b. the physical pain and suffering of her minor son Christopher Cooper;
>>c. **plaintiff's** mental anguish and emotional distress, including the fear of an increased risk of future serious disease both in her case and **in the case of her minor son**;
>>d. the mental anguish and emotional distress of her minor son Christopher Cooper, including with respect to the fear of an increased risk of future serious disease;
>>e. the past, continuing and future medical expenses of plaintiff and her minor son which have been necessitated by the injuries sustained herein, including costs for future medical treatment, services, surveillance, medical monitoring costs, and/or procedures to address physical and/or mental injuries from formaldehyde exposure which currently are manifest;
>>f. the aggravation of plaintiff's minor son Christopher Cooper's preexisting respiratory condition;
>>g. the impairment of future wage-earning capacity and/or daily life activities suffered, and to be suffered, by plaintiff's minor son Christopher Cooper; and
>>h. plaintiff's loss of consortium based upon the injuries suffered by her minor son Christopher Cooper.

(*Id.* ¶ 15) (emphasis added).

By making this claim, plaintiff Alana Alexander seeks her own damages for her minor child's fear of contracting disease. *See id*. Gulf Stream asserts that she is not entitled to such damages under these circumstances.

## II.   LEGAL STANDARD

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment should be rendered if the pleadings, discovery, disclosure materials and affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c). The materiality of facts is determined by the substantive law's

2

identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* Further, "It is axiomatic that where questions of law alone are involved in a case, summary judgment is appropriate." *Int'l Ass'n of Machinists & Aerospace Workers, Dist. 776 v. Tx. Steel Co.*, 538 F.2d 1116, 1119 (5th Cir. 1976).

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.,* 910 F.2d 167, 178 (5th Cir.1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must go beyond the pleadings and through affidavits, depositions, answers to interrogatories, and admissions on file must designate specific facts showing that there is a genuine issue for trial. *Celotex,* 477 U.S. at 324; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir.2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir.2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994). The Court will not, "in the absence of any proof, assume that the nonmoving party

3

could or would prove the necessary facts." *See id.* (citing *Lujan v. Nat'l Wildlife Fed.,* 497 U.S. 871, 888 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber,* 353 F.3d 393, 405 (5th Cir.2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.1994), *cert. denied,* 513 U.S. 871 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys,* 298 F.3d 434, 440 (5th Cir.2002).

**III.   LAW AND ARGUMENT**

In this case, plaintiff Alana Alexander has made a claim for her own mental anguish and emotional distress damages based on her minor child's fear of contracting a disease because of his exposure to formaldehyde. In doing so, plaintiff Alexander has essentially claimed her own mental anguish based on another person's mental anguish. While a thorough investigation of the jurisprudence has revealed no case that addressed the validity of an emotional distress claim that

4

was based on a third party's emotional distress, Gulf Stream believes that plaintiff Alexander's claim is impermissible under Louisiana law.

Generally speaking, recovery for mental distress has been limited to those cases involving the special likelihood of genuine and serious mental distress that arises from special circumstances, which serve as a type of guarantee that the claim is not spurious. *Touchard v. Slemco Elec. Foundation*, 769 So.2d 1200, 1205 (La. 2000) (citing *Moresi v. State* ex rel. *Dept. of Wildlife & Fisheries*, 567 So.2d 1081, 1096 (La.1990)). The Louisiana Supreme has held that a generalized fear of disease does not qualify as "genuine and serious distress." In *Bonnette v. Conoco, Inc.*, the plaintiffs brought suit against Conoco, an asbestos contractor, when they found pieces of asbestos-containing materials in soil they purchased from Conoco's subcontractor. 837 So.2d 1219, 1222—23 (La. 2003). The plaintiffs sought recovery for their increased fear of developing cancer due to the exposure to asbestos. *Id*. at 1224. Upon review, the Court concluded that although the plaintiffs expressed a generalized fear of disease, they had not proved that their distress was genuine and serious. *Id*. at 1235—36. The Court noted that although the plaintiffs had small amount of asbestos in other parts of their home, they did not remove those asbestos-containing materials from their residences. *Id*. at 1236. Furthermore, they did not seek medical treatment for their concerns, nor did they test aspects of their home to determine whether asbestos had gotten into their living areas. *Id*. Despite the plaintiffs' treating psychiatrists' testimony that some of the plaintiffs were depressed over these concerns and others had pre-existing anxiety disorders that were aggravated by these fears, the Court held that the plaintiffs did not suffer from the sort of genuine and serious distress that would ensure their claims were not spurious. *Id*.

A mental anguish claim is even more attenuated and unjustified when a parent makes a claim for her child's fear of disease. In *Walker v. Allen Parish Unit*, the parents of a minor child who stuck his hand into a hospital receptacle holding used vaccinations needles sued the health unit and others for the extreme fear, depression, and mental anguish they experienced because of the danger of their minor child contracting the AIDS virus and/or other blood-borne diseases. 711 So.2d 734, 735 (La. App. 3 Cir. 1998). The court dismissed the claim because the parents' harm was not "genuine and serious." *Id*. at 737. The only evidence presented by the parents was that they felt nervous and upset about the incident, and the mother developed stomach problems for a few months. *Id*.

Applying those cases to the instant litigation, Gulf Stream asserts that the Plaintiff has not experienced the type of genuine and serious mental anguish needed to recover for her minor child's fear of cancer. Despite alleging emotional pain, the Plaintiff never sought psychological treatment for her concerns until she was instructed to do so by her attorneys, well over a year after moving out of the trailer. *See* Deposition Transcript of Alana Alexander, taken June 29, 2009, p. 393—94, attached as Exhibit "A." In fact, the Plaintiff never indicated that she wanted to see a psychologist or psychiatrist before she was told to see one by her attorneys, and she had no input on which doctor she would see. *Id*. at 402. Likewise, the Plaintiff's minor child never sought psychological treatment until after her counsel contacted the family about seeing a doctor. *Id*. at 401. Furthermore, while the Plaintiff had generalized feelings of depression and guilt, the only impact such feelings had on her daily life were private moments in which she would become emotional and an increased frequency of cleaning her belongings. *See id*. at 395.

Furthermore, in discussing the Plaintiff's alleged mental anguish, the psychiatrist selected by the Plaintiff's attorneys has highlighted how generalized her emotional problems were. With

respect to her feelings of guilt for keeping her children in the trailer, Dr. Edward Shwery stated that the Plaintiff had no mental disorder of any kind, and in fact "really [did not] have any diagnosable condition." *See* Deposition Transcript of Edward Shwery, taken on June 18, 2009, p. 191, attached as Exhibit "B." Dr. Shwery opined that, while some counseling could provide a benefit, the Plaintiff had no type of ingrained emotional problem. *Id.* at 193—94. Her concerns and worries are the type that most parents deal with every day, though hers are slightly more because of the exacerbation of her child's illness. *Id.* at 191—92. However, Dr. Shwery admitted that while the Plaintiff harbored a fear that Plaintiff Cooper might become aware of a future risk of cancer due to formaldehyde, Plaintiff Cooper has at best a "very vague notion" that he is at an increased risk for such disease. *Id.* at 208. This shows that the Plaintiff had no reliable basis for her alleged concerns.

Other doctors have discussed the Plaintiff's condition, as well. Dr. Megan Ciota, a clinical and neuropsychologist, examined the Plaintiff in June of 2009. *See* Deposition Transcript of Megan Ciota, taken on July 16, 2009, p. 21, attached as Exhibit "C." Based on her evaluation of the Plaintiff, Dr. Ciota concluded that the Plaintiff did not have <u>any</u> anxiety. *Id.* at 47—49, 51. Though she expressed some concern about her children's exposure, the Plaintiff was not overwhelmed by that concern. *Id.* In fact, the only type of "treatment" the Plaintiff needed, in Dr. Ciota's opinion, was some education about formaldehyde facts. *Id.* at 29, 45—47.

Finally, Erika Alexander – the Plaintiff's daughter and Plaintiff Cooper's sister – testified about her observation of Plaintiff Alexander and Plaintiff Cooper's emotional conditions. With respect to her brother, she stated that at times he acts "too happy." *See* Deposition Transcript of Erika Alexander, taken on June 30, 2009, p. 63, attached as Exhibit "D." According to Erika, her mother's emotional wellbeing is much like her brother's – "too jolly." *Id.* at 64.

Considering the testimony from various witnesses, including the Plaintiff herself, Gulf Stream submits that the Plaintiff's alleged anguish does not rise to the level required to recover damages. Like the plaintiffs in *Bonnette*, the Plaintiff herein only had generalized fears for her children's wellbeing – the type any parent would have for her children – and she never sought treatment for her problems of her own volition. Indeed, she never even experienced "anxiety" because of the circumstances, and her daughter described the Plaintiff's emotional condition as "too jolly." Furthermore, the testimony of her own treating psychiatrist shows that the Plaintiff's alleged concerns were not based in reality because her minor child has no real concept that he is at an increased risk of disease. Similarly to *Walker*, the only manifestations the Plaintiff could identify were moments during which she would cry and an increase in times that she would clean her things. According to the psychiatrist hired by the Plaintiff's counsel, the Plaintiff has no diagnosable condition. Simply put, she has presented no evidence of serious emotional distress that would ensure that her claim is not spurious. Whatever emotional problems she may have experienced did not rise to the level of genuine and serious anguish, so there can be no recovery.

As discussed above, courts have shown that they are not willing to award damages for mental anguish claims when the possibility remains that the claim is specious. Indeed, the *Walker* court denied the plaintiffs' claim for damages even though the parents had a tangible and identifiable basis for their alleged mental anguish – their child was actually exposed to something that created the danger of contracting a disease. In stark contrast, the Plaintiff in this case cannot make the same type of claim. There is no medical consensus of any permanent health effects from formaldehyde exposure, at the levels found in the Alexander trailer. Nonetheless, the Plaintiff persists in making her claim for emotional damages – a claim not for something that happened to her that in turn caused emotional distress, but for something that

8

happened to a **third party** that caused the third party to suffer alleged mental anguish. Such a claim is not in keeping with the limited circumstances under which courts award mental anguish damages.

Finally, Gulf Stream believes that to the extent plaintiff Alexander has alleged that Gulf Stream, as manufacturer of the plaintiffs' EHU, is liable for the infliction of emotional distress, such a claim fails to state a claim upon which relief may be granted. In the First Supplemental and Amended Complaint, plaintiff Alexander unequivocally sought damages for emotional distress. (Doc. No. 1143, ¶ 15). This language suggests that she is making a claim for the infliction that brought about that alleged emotional distress.

Under Louisiana law, a claimant has only two viable vehicles for asserting liability against a manufacturer for damages allegedly caused by the manufacturer's product – the LPLA and redhibition law. The LPLA explicitly provides that the Act "establishes the exclusive theories of liability for manufacturers for damage caused by their products," and "a claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in [the LPLA]." LA. REV. STAT. ANN. § 9:2800.52 (2009). An analysis of the exclusivity provision in the LPLA has led this Court to comment, "The plain language in the legislative history of the LPLA demonstrates the legislature's intent to make the [LPLA] and Louisiana redhibition law the sole vehicles for a suit against a manufacturer for damages arising from a defective product." *Stroderd v. Yamaha Motor Corporation, U.S.A.*, 2005 WL 2037419, *1 (E.D. La. 8/4/05); s*ee Jefferson v. Lead Industries Associates, Inc.*, 930 F. Supp. 241 (E.D. La. 1996); *In re Ford Motor Company Vehicle Paint Litigation,* 1996 WL 426548, *15 (E.D. La. 1996). Because the LPLA makes no provision for negligence actions of any kind, courts have recognized that claims of negligent infliction of emotional distress are well

outside the scope of the LPLA. *See Grenier v. Medical Engineering Corp.*, 99 F.Supp.2d 759, 763 (W.D.La. 2000). Therefore, to the extent plaintiff Alexander has made a claim against Gulf Stream for negligent infliction of emotional distress, this cause of action fails to state a claim upon which relief may be granted.

## IV. CONCLUSION

Accordingly, Gulf Stream asserts that plaintiff Alexander is not entitled to recover mental anguish damages for her minor child's fear of contracting illness or disease because of formaldehyde.

Respectfully Submitted:

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK #18495**
**JOSEPH G. GLASS #25397**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700
(504) 837-3119 (FAX)
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON**
**Timothy D. Scandurro #18424**
**Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
(504) 529-6199 (FAX)
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

## **C E R T I F I C A T E**

I hereby certify that on the 11th day of August, 2009, a copy of the foregoing Memorandum in Support of Motion for Partial Summary Judgment was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

                                                  s/Andrew D. Weinstock
                                        _____
                                        ANDREW D. WEINSTOCK #18495
                                            andreww@duplass.com