UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION N-5<br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

THIS DOCUMENT IS RELATED TO:
AGE, et al. v. GULFSTREAM COACH, INC., et al. [Case No. 09-2892]

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

REPLY MEMORANDUM IN SUPPORT OF DEFENDANT UNITED STATES
OF AMERICA'S MOTION TO DISMISS THE CLAIMS OF PLAINTIFF
CHRISTOPHER COOPER FOR LACK OF SUBJECT MATTER JURISDICTION

INTRODUCTION

The United States of America ("United States") hereby submits this reply memorandum in support of its motion to dismiss the claims of minor plaintiff Christopher Cooper for lack of subject matter jurisdiction. In response to the United States' motion, the Plaintiffs have failed to show that Christopher Cooper's claim is timely under the Federal Tort Claim Act's ("FTCA") two-year statute of limitations, 28 U.S.C. § 2401(b). The Plaintiffs argue that the FTCA's statute of limitations did not start to run prior to July 10, 2006: (1) because the Plaintiffs did not know that Christopher Cooper's injuries were related to the chemical formaldehyde, (2) because a "defendant representative" told Cooper's mother, Alana Alexander, that the "chemical smell" in their trailer "was nothing to worry about," and (3) because Christopher Cooper continued to be exposed to formaldehyde and suffer injury until he moved out of the trailer. Additionally, the Plaintiffs contend that there is an insufficient record to determine that Christopher Cooper's FTCA claim was untimely. As we show below, the Plaintiffs' arguments are without merit. The FTCA's two-year statute of limitations began to run when Christopher Cooper was first injured.

Even if the Court were to apply a discovery rule to determine the date of accrual, the Plaintiffs knew the critical facts of injury and cause shortly after they moved into their trailer in May 2006, because they were experiencing symptoms that they related to the trailer at that time.[1] Moreover, they possessed more than enough information at that time to begin an inquiry to determine the specific agent in the trailer that was causing their symptoms. No further record development will change the facts, as stated in Alana Alexander's deposition, that Christopher Cooper began experiencing symptoms related to smells in the trailer in May 2006.

**I.      The Two-Year Statute Of Limitations Began To Run Prior to July 2006, Even If The Plaintiffs Did Not Associate Christopher Cooper's Symptoms With The Chemical Formaldehyde.**

Even under a discovery rule of accrual,[2] the FTCA's two year statute of limitations for Christopher Cooper's claim began to run when the Plaintiffs first associated Cooper's symptoms to conditions in the trailer shortly after the Plaintiffs moved into the trailer. The Plaintiffs concede that they noticed a "chemical smell" soon after moving into the travel trailer and also "experienced eye and throat irritations and nasal burning sensations" at that time. Pl. Resp. at 3. This provided the necessary "critical facts" regarding injury and causation for the statute of limitations to begin. Plaintiffs argue, however, that "Alana Alexander at that time did not associate her son's symptoms with formaldehyde emissions present in the temporary residence,

---

[1] For purposes of this motion, we refer to Plaintiffs' alleged injuries from exposure to formaldehyde but do not concede that such injuries occurred or were related to formaldehyde exposure.

[2] The Plaintiffs argue that a discovery rule of accrual should apply to this case. (Pl. Resp. at 2-3). As the United States demonstrated in its Opening Memorandum, however, the Fifth Circuit has not applied the discovery rule to the FTCA's statute of limitations outside of the context of medical malpractice actions and has expressed reservation about doing so. *See* U.S. Mem. at 10 n.5. Additionally, pursuant to recent Supreme Court case law and principles of statutory construction, there are good reasons not to apply a discovery rule of accrual to the FTCA's statute of limitations in the context of this case. *See id.*

and neither did she have cause or reason to do so." Pl. Resp. at 3.  The Plaintiffs contend that the statute of limitations did not begin to run until December 2007, when Alexander found out that "formaldehyde emissions in the travel trailers led to respiratory and asthma problems for other hurricane victims." Pl. Resp. at 4.

The law under the FTCA, however, is clear that a plaintiff need not know the precise agent causing the injury for the claim to accrue.  A plaintiff only need have sufficient information regarding injury and causation that would lead a reasonable person to inquire further into the facts to determine the specific cause and to ascertain whether there is a cause of action. Here, the Plaintiffs had this information because they were experiencing symptoms that they related to the trailer.  By the Plaintiffs' own admission, they had sufficient facts to make an further inquiry into the specific chemical agent of causation, because, shortly after moving into the trailer, Alana Alexander actually asked a representative of Gulf Stream Coach about the smell in the trailer.  *See* Declaration of Alana Alexander ¶¶ 2-4 [Document 2493-2].  She called it a "chemical smell" and she related the smell to symptoms that she and her children were experiencing. *Id.*

Contrary to the Plaintiffs' representation, the Fifth Circuit's decision in *MacMillan v. United States*, 46 F.3d 377, 381 (5th Cir. 1995), does not stand for the proposition that the FTCA's statute of limitations does not begin to run in this case until the Plaintiffs knew or should have known that formaldehyde was "***the cause***" of Cooper's symptoms.  *See* Pl. Resp. at 4 (Plaintiffs' emphasis).  Instead, in *MacMillan*, the Fifth Circuit held that the statute begins to run when a plaintiff has sufficient information to ***make an inquiry*** regarding the specific cause of the injury.  *See* 46 F.3d at 381.  In that case, the Court found that the statute of limitations

-3-

started when the plaintiff's parents received a report, noting that the plaintiff had likely suffered "anoxia at birth" and resulting neurological damage, which provided "facts sufficient to compel a reasonable person to seek professional advice regarding [the plaintiff's] neurological difficulties and the connection, if any, to the problems associated with her birth." *Id.* Thus, knowing, or having reason to know, the precise cause of injury was not necessary; instead, having enough information regarding injury and cause (in *MacMillan* knowing of a potential cause) to begin an inquiry will start the limitations period. *See also Johnson v. United States*, 460 F.3d 616, 622 (5th Cir. 2006) (analyzing *MacMillan* and holding that knowing about a potential cause or facts that would lead a reasonable person to inquire into specific causation was sufficient to begin the FTCA's statute of limitations). Here, the Plaintiffs knew in May 2006 that a cause of the symptoms was the trailer; this knowledge was sufficient to start the limitations period even if the Plaintiffs were unaware of the precise causal agent, namely, the formaldehyde emissions in the trailer.

To allow a plaintiff to postpone accrual until he is passively informed of the detailed facts related to the specific agent of causation would be contrary to the purpose of the FTCA's two-year statute of limitations which "is to require the reasonably diligent presentation of tort claims against the government." *United States v. Kubrick*, 444 U.S. 111, 123 (1979). In fact, around the time that the Plaintiffs moved into their trailer in May 2006, counsel filed a class action on behalf of all trailer occupants seeking to recover in excess of $1 billion in money damages for personal injuries allegedly caused by exposure to formaldehyde off-gassing from travel trailers issued to Hurricane Katrina and Rita disaster victims. *Hillard v. United States*, No. 06-2576 9 (E.D. La.) (Complaint filed May 18, 2006). Significantly, Alana Alexander filed her

own tort claim well within the FTCA two-year statutory period.

## II. The Plaintiffs' Contention That A "Defendant Representative" Stated That The "Chemical Smell" In The Trailer Was "Nothing To Worry About" Cannot Delay The Running Of The Statute Of Limitations.

Plaintiffs' contention that a "defendant representative" told Alana Alexander that the "chemical smell" was "nothing to worry about" cannot delay the running of the statute of limitations for several reasons. First, because the FTCA's statute of limitations is jurisdictional, it is not subject to equitable tolling. Second, even if equitable tolling could apply, the limitations period cannot be tolled based upon the representation of an employee of Gulf Stream Coach, who is not an employee or agent of the United States. Third, the statement is inconsistent with Alana Alexander's deposition testimony. And, finally, the statement itself is not sufficient to toll the statute because it is not indicative of active deception.

Initially, the FTCA's statue of limitations cannot be equitably tolled based upon a representation to Alana Alexander, because, as a matter of law, equitable tolling cannot apply to the statute. As a condition of the government's waiver of sovereign immunity, the FTCA's statute of limitations is jurisdictional. *See Houston v. U.S. Postal Serv.*, 823 F.2d 896, 902 (5th Cir. 1987). *See also Ramming v. United States*, 281 F.3d 158, 165 (5th Cir. 2001) (an FTCA case stating that "[l]imitations periods in statutes waiving sovereign immunity are jurisdictional"); *Marley v. United States*, 567 F.3d 1030, 1035-36 (9th Cir. 2009) (holding that the FTCA's statute of limitations is jurisdictional). Because the FTCA's statute of limitations is jurisdictional, it cannot be equitably tolled. *See John R. Sand & Gravel Co. v. United States*, 128 S.Ct. 750, 753 (2008) (holding that because a limitations provision (28 U.S.C. § 2501) was jurisdictional it was not subject to waiver or equitable tolling); *Marley*, 567 F.3d at 1034-37

(holding that the FTCA's statute of limitations is jurisdictional and not subject to equitable tolling).[3]

Second, Plaintiffs' response misleadingly seeks to tie the representation to the United States, asserting that the statement that the "chemical smell" was "nothing to worry about" was made by "a representative of either the United States or one of its contractors," Pl. Resp. at 3 & n.1, or a "defendant representative." Pl. Resp. at 5. Yet, Alana Alexander's declaration clearly states that the representation was made by a person whom she believed to be a Gulf Stream Coach employee, agent or representative because the person said she was "with the trailer manufacturer." *See* Declaration of Alana Alexander ¶ 2 [Document 2493-2]. Even if equitable tolling were to apply to the FTCA's statute of limitations, the period could only be tolled based upon a representation of an employee of the Government while acting within the scope of his office or employment and cannot be tolled based upon the representation of a person who was neither a Government employee nor an agent of the United States. *See* 28 U.S.C. §2679(b)(1). The equitable doctrine is rooted in principles of equitable estoppel and the maxim that "no man may take advantage of his own wrong." *See Glus v. Brooklyn E. Dist. Terminal*, 359 U.S. 231, 232 (1959). Thus, the Plaintiffs can only assert equitable tolling based upon misconduct or

---

[3] The United States recognizes that the Fifth Circuit, in *Perez v. United States,* 167 F.3d 913, 915-18 (5th Cir. 1999), commented that the jurisdictional nature of 28 U.S.C. § 2401(b) was an open question in the Circuit and that equitable tolling could apply to the FTCA's statute of limitations. As we noted in our Opening Memorandum (U.S. Mem. at 4 n.2), however, since *Perez*, the Supreme Court's decision in *John R. Sand & Gravel Co.*, 128 S.Ct. at 75, held that a similar limitations provision in the Tucker Act (28 U.S.C. § 2501) was jurisdictional. Given subsequent Fifth Circuit decisions noting the jurisdictional nature of the FTCA's statute of limitations, and the conclusion of *John R. Sand & Gravel* that jurisdictional statutes of limitations are not subject to tolling or waiver, *Perez* is no longer good law regarding application of equitable tolling to the FTCA's statute of limitations. Additionally, in a footnote (Pl. Resp. at 3 n. 1), the Plaintiffs cite Louisiana law, which has no relevance whatsoever to the accrual or running of the FTCA's statute of limitations which is purely a matter of federal law. *See Johnston v. United States*, 85 F.3d 217, 219 (5th Cir. 1996).

misrepresentations of the party who is asserting the limitations bar.  *See Irwin v. Dep't of Vet. Affairs*, 498 U.S. 89, 96 (1990) (equitable tolling has been justified when "complainant has been induced or tricked by ***his adversary's misconduct*** into allowing the filing deadline to pass") (emphasis added).  Here, the Plaintiffs cannot show that the ***United States*** induced the Plaintiffs to let the limitations period run by virtue of the statement that "there was nothing to worry about," because the alleged statement was not made by an agent or employee of the United States, but rather by a representative of Gulf Stream Coach.  *See* Declaration of Alana Alexander ¶ 2 [Document 2493-2].

Next, the statement in Alana Alexander's Declaration that a Gulf Stream Coach representative stated that "there was nothing to worry about" with respect to the travel trailer is inconsistent with her prior deposition testimony.  Regarding her interactions with the Gulf Stream representative, Alexander testified:

> Q. Were you provided any instructions concerning the trailer?
>
> A. After we got in the trailer.
>
> Q. Somebody came out to see you?
>
> A. Yes.
>
> Q. Who came out to see you?
>
> A. I'm not sure.  I don't remember what the lady's name was.
>
> Q. Who was she with?
>
> A. I think she was with Gulf Stream.  She said she was with the trailer people.
>
> Q. Okay. What did she tell you?
>
> A. She explained how to hook up the propane tanks and everything.  She told us how to use the stove, how to use the microwave and everything, and she showed us

> around. She said the smell that we were smelling was because the trailer was new and had been closed up and to just air the trailer out.
>
> Like I say, when we first got there, nobody was there. So I pointed out to her that the panel in the main bedroom had buckled. She told me that was because it was held by tape, and because of the humidity in New Orleans, that the tape had come loose and to put duct tape on it.
>
> Q.   Did you raise any issues with her about the condition of the trailer?
>
> A.   Other than the buckling part, no.

U.S. Exh. 7 at 163:22 to 165:1 (Alana Alexander Deposition Excerpts). Alexander did not testify that the Gulf Stream representative said that "there was nothing to worry about" or otherwise gave reassurances that the Plaintiffs' physical symptoms could not be related to the trailer. It is within the Court's discretion to disregard a declaration if it determines that the declaration is inconsistent with deposition testimony and is presented for purposes of defeating a dispositive motion. *See Doe v. Dallas Indep. Sch. Dist.*, 220 F.3d 380, 386 (5th Cir. 2000).

Finally, even if the statement had been made by a government employee, it is not sufficient to justify equitable relief from the limitations period. Equitable tolling or estoppel based upon the government's representations is confined to situations in which the government has wrongfully deceived or misled the plaintiff in order to conceal the cause of action or delay the filing of a claim. *See Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 280-81 (4th Cir. 2000). As applied to the United States in particular, equitable relief based upon government representations requires active government misconduct. *See Linkous v. United* States, 142 F.3d 271, 277-78 (5th Cir. 1998). Thus, for example, equitable tolling of the FTCA's statute of limitations is not justified in a situation in which the government assures the plaintiffs that it will take steps to address the alleged damage, causing the plaintiffs to delay pursuing legal remedies, when there is

no intent to deceive or mislead the plaintiffs.  *See Muniz-Rivera v. United States*, 204 F. Supp. 2d 305, 317 (D.P.R. 2002), *aff'd on other grounds*, 326 F.3d 8 (1st Cir. 2003).  Here, representations that one should "air out" the trailer to address the chemical smell, and, even that "there was nothing to worry about," given that remedial measure, do not rise to the level of active deception sufficient to justify equitable relief from the limitations period.  Moreover, such representations do not change the fact that the Plaintiffs suffered symptoms and believed those symptoms were related to the trailer shortly after moving into the trailer in May 2006.

### III. The Plaintiffs' Contention That The Injury Was Ongoing And Continuous Does Not Delay The Running Of The FTCA's Statute Of Limitations.

The running of the FTCA's statute of limitations is not delayed by virtue of an injury being ongoing and continuous.  The Plaintiffs argue that the FTCA's statute of limitations does not bar Christopher Cooper's claim because he sustained an "ongoing and continuous injury caused by formaldehyde exposure from March 2006 until December 2007."  Pl. Resp. at 6.  Citing *Albertson v. T.J. Stevenson & Co., Inc.*, 749 F.2d 223 (5th Cir. 1984), the Plaintiffs argue that under a "time of event" rule in a toxic exposure case, a plaintiff's cause of action does not accrue until the time of the "last exposure."  Pl. Resp. at 6.  *Albertson* was not an FTCA case, and, in any event, the Plaintiffs have only provided a portion of the relevant quote.  The full quote states, "Albertson possessed the critical facts of his injury and its cause at the time he endured the last exposure to the TCE.  ***At that time he suffered serious damage and noteworthy injury, and he knew the injury was significant.***"  749 F.3d at 233 (emphasis added).  Thus, the Court in *Albertson* found that the plaintiff's claim accrued at the time of his last exposure on a ship ***because*** it was at that point in time when the plaintiff suffered a "noteworthy injury" and "knew the injury was significant."  *Id.*  It was not the end of exposure that was important, but

rather the suffering of an injury that put the plaintiff on notice. The significance for purposes of the running of the FTCA's statute of limitations was that the plaintiff, having suffered a significant, noteworthy injury, "either possessed or had a reasonable opportunity to discover the critical facts of his injury and its cause." *Id.*

Additionally, a claim of continuos injury cannot be sustained in this case because once an occupant is aware that he has suffered an injury related to the trailer, the occupant can simply move out of the trailer to avoid further injury. The United States cannot be liable for a "continuous injury" under circumstances in which a person has voluntarily subjected himself to a continuous exposure which he knows to be harmful.

Finally, as discussed in the Opening Memorandum (U.S. Mem. at 11-12), because a discovery rule of accrual for the FTCA's statute of limitations hinges on notice, it is not necessary for the plaintiff to be aware, or have suffered, the full extent of his injuries for the limitations period to begin to run. *See Beech v. United States*, 345 F.2d 872, 874 (5th Cir. 1965) (statute of limitations for an FTCA claim accrues when "some damage is discernable," even though the "ultimate damage is unknown or unpredictable").[4] Following the Plaintiffs' logic, the claims of trailer occupants would not accrue until ***the last day*** that the occupant lived in the trailer. This cannot be correct as a matter of law or common sense. Indeed, many plaintiffs have filed lawsuits or administrative claims with the government while still living in their trailers.

---

[4] The Plaintiffs have not pled or argued a "continuing tort" theory, which, in any event, has rarely been acknowledged outside the context of property damage claims, and, in such cases, the continuing tort theory strictly limits the amount of damages that a plaintiff may recover. *See Hoery v. United States*, 324 F.3d 1220, 1222 (10th Cir. 2003) (stating "recovery is limited by the statute of limitations to the two-year period dating back from when the plaintiff's complaint was filed").

Clearly, a claim must accrue when a plaintiffs is on notice of an injury and has reason to believe that the injury is related to the trailer.

Here, the Plaintiffs testified that the physical symptoms that everyone suffered were worse during their first two months in the trailer. U.S. Exh. 4 at 181:19-182:17, 391:19-392:20. Christopher Cooper's condition deteriorated over the first two months to the extent that he had to increase the use of his inhaler. U.S. Exh. 4 at 181:19-183:12, 391:19-392:20. Consequently, the FTCA's statute of limitations on Christopher Cooper's claims began to run prior to July 10, 2006, and his action is now time barred.

### IV.    The Record Is Sufficient To Determine That Christopher Cooper's Claim Is Untimely.

Finally, the record is clearly sufficient based upon admissions that the Plaintiffs have made in their fact sheets, in their deposition testimony, and in the declaration of Alana Alexander, to find that Christopher Cooper's claim is untimely under the FTCA's statute of limitations. Because this is a jurisdictional matter, and discovery has been completed, the Court should rule on this motion now rather than defer the decision. *See Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94-95 (1998) (holding that the federal courts should reach jurisdiction as a threshold matter before reaching the merits of a case).

The Plaintiffs argue that the record does not establish the "exact day on which Christopher Cooper was first exposed to, and suffered physical harm from, formaldehyde fumes," "the first day that Christopher Cooper felt symptoms that can be related to the formaldehyde emissions," or "the length of time and the extent to which Christopher Cooper was exposed to formaldehyde." (Pl. Mem at 7-8). As discussed in detail above, these specific facts are ***irrelevant to the accrual*** of Christopher Cooper's cause of action, as long as the record

shows that the Plaintiffs were aware of Cooper's symptoms and their relationship to living in the trailer. Here, the record clearly establishes these facts, and the Court should dismiss this claim now, rather than subjecting the United States to trial on the issue.

## **CONCLUSION**

For all of the foregoing reasons, the Court should dismiss the claims of Christopher Cooper for lack of subject matter jurisdiction.

Dated: August 11, 2009                                        Respectfully Submitted,


| | |
|---|---|
| TONY WEST | HENRY T. MILLER |
| Assistant Attorney General, Civil Division | Senior Trial Counsel |
| | |
| J. PATRICK GLYNN | ADAM DINNELL |
| Director, Torts Branch, Civil Division | MICHELLE BOYLE |
| | JONATHAN WALDRON |
| DAVID S. FISHBACK | Trial Attorneys |
| Assistant Director | |
| | //S// *Adam Bain* |
| | ADAM BAIN (IN Bar No. 11134-49) |
| OF COUNSEL: | Senior Trial Counsel |
| JORDAN FRIED | United States Department of Justice |
| Associate Chief Counsel | Civil Division – Torts Branch |
| | P.O. Box 340, Ben Franklin Station |
| JANICE WILLIAM-JONES | Washington, D.C. 20004 |
| Trial Attorney | Telephone No: (202) 616-4209 |
| FEMA/DHS | E-mail: adam.bain@usdoj.gov |
| Department of Homeland Security | |
| Washington, D.C. 20472 | Attorneys for the United States of America |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2009, the foregoing document was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison Counsel.

//S// *Adam Bain*
ADAM BAIN (IN Bar No. 11134-49)
