UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY | * | SECTION:  N(5) |
| LITIGATION | * | |
| | * | JUDGE: ENGELHARDT |
| This Document Relates to:  *Charlie Age, et al. v.* | * | |
| *Gulf Stream Coach Inc., et al*, Docket No. 09-2892 | * | MAG: CHASEZ |

*****************************************************************************

## REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT GULF STREAM'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT:**

On July 22, 2009, Defendants, Gulf Stream Coach, Inc. ("Gulf Stream") filed a Motion for Partial Summary Judgment asserting that, under the Louisiana Products Liability Act, the Plaintiff cannot carry her burden of proving Gulf Stream breached any express warranty it provided to the Plaintiff. (Doc. No. 2260). On August 4, 2009, the Plaintiff filed an Opposition that presented two arguments – that someone affiliated with Gulf Stream made an express warranty about the EHU, and the Plaintiff relied upon that warranty in choosing to live in the EHU. (Doc. No. 2493). Gulf Stream now appears before this Honorable Court to reply to the Plaintiff's Opposition.

**A.     The Alleged Gulf Stream Express Warranty**

The Plaintiff argued in her Opposition that Gulf Stream provided an express warranty about Plaintiff's EHU when a Gulf Stream representative met the Plaintiff at her unit shortly after the Plaintiff moved in and made various statements about the fitness of the unit. (Doc. No. 2493, p. 4). The sole support for this argument is a declaration that was drafted specifically to accompany the Plaintiff's Opposition. In that declaration, the Plaintiff asserted her belief that the mysterious individual who met her at the trailer, unscheduled and unannounced, was a Gulf

Stream employee, agent, or representative. (Doc. No. 2493-2, ¶ 2). This person told the Plaintiff that a "chemical smell" the Plaintiff noticed upon moving into the unit was "nothing to worry about," and airing out the trailer would eliminate the smell. *Id*. at ¶¶ 3—4. The person did not identify the source of the odor. *Id*. at ¶ 5.

This argument is objectionable for several reasons. First of all, **the Plaintiff's declaration directly contradicts her sworn deposition testimony**. While the use of a declaration is unsurprising – this is the second time the Plaintiff has submitted a declaration that attempted to explain away her deposition testimony[1] – it is completely impermissible. As the U.S. Court of Appeals for the Fifth Circuit has stated, "It is well settled that this court does not allow a party to defeat a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996). In the instant case, the Plaintiff in her deposition mentioned that she spoke in-person to an individual at her trailer, but she had **no idea** with whom the person was affiliated. *See* Deposition Testimony of Alana Alexander, taken on June 29, 2008, p. 386, attached as Exhibit "A" to Gulf Stream's original Motion for Partial Summary Judgment. The Plaintiff had no idea whether the person was associated with the contractor who set up the trailer or with FEMA. *Id*. Yet, in response to Gulf Stream's motion, the Plaintiff is now willing to state that she was met at the trailer "by a person who represented herself as an employee, agent or representative of Gulf Stream." (Doc. No. 2493, p. 4). The declaration is clearly contradictory, self-serving, and not based on personal knowledge as shown by the prior deposition. The argument and supporting declaration contradict the Plaintiff's deposition testimony in an effort to create an issue of fact. As such, they are impermissible.

---

[1]  *See* Doc. No. 2248-2.

Furthermore, the declaration also contradicts other representations the Plaintiff has made in this case. In response to a discovery request asking whether the Plaintiff, her family members, her attorneys, or representatives acting on her behalf had ever spoken with a Gulf Stream employee, representative, agent, or affiliate, the Plaintiff stated that there had been no such communications outside of depositions in this case. (Doc. No. 2248-5, p. 9). That discovery response makes sense, considering the fact that FEMA's on-site contractors – not the manufacturers – were the persons who made the EHUs ready for occupancy. *See* Deposition Testimony of Stephen Miller, dated July 9, 2009, p. 181, 182—84, attached to this Reply Memorandum as Exhibit "A." Clearly, Fluor or the other FEMA subcontractors were responsible for installing the trailers, checking in the residents, and interacting with residents by performing routine site visit inspections and maintenance thereafter. So, the Plaintiff's declaration contradicts her deposition testimony <u>and</u> discovery responses. This Court should not allow the declaration into evidence in support of the Opposition.

Also, because the declaration is not notarized, it is insufficient to defeat a summary judgment motion. The Fifth Circuit has held that an affidavit given under oath is not competent summary judgment evidence unless it indicates it was made under penalty of perjury **and** is notarized. *See Massay v. Fed. Correctional Institution-Texarkana*, 243 Fed.Appx. 871, 874 (5th Cir. 2007). Here, the Plaintiff's declaration is not notarized, and therefore is not competent evidence for summary judgment.

Finally, even if there were sufficient evidence that the mysterious person who spoke with the Plaintiff was affiliated with Gulf Stream, that person's statements do not constitute an express warranty under the LPLA. An express warranty is a representation or statement that affirms that a product possesses certain characteristics or will meet a certain level of

performance. LA. REV. STAT. § 9:2800.53(6) (2009). It is an affirmative communication. *See id*. The opposite is not true – to say that an element or feature of a product is "nothing to worry about" is not to make an affirmation about the product. At most, it is an implication about the fitness of the unit. The individual who spoke with the Plaintiff did not affirm or guarantee anything about the product, so her statement was not an express warranty.

Louisiana courts have addressed the issue of what constitutes an express warranty. In *Hopkins v. Am. Cyanamid Co.*, a Louisiana appellate court held that a vendor did not give his customer an express warranty about an insecticide when the vendor told the customer he planned to use the insecticide himself. 674 So.2d 1042, 1043—44 (La. App. 2 Cir. 1996). At most, the vendor failed to warn the customer if he knew there was a danger in using the product. *Id*. at 1044. *Hopkins* is applicable to this case. Just as the vendor in that case implied that there was nothing to worry about with respect to the insecticide by telling the customer that he planned to use the insecticide, the individual in this case told the Plaintiff that there was nothing to worry about in the trailer. At most, the person had a duty to warn if the person knew of any potential dangers associated with the "chemical smell," something that Gulf Stream expressly denies.

**B.     The Plaintiff's Reliance**

In her second argument, the Plaintiff argues that she relied upon the statements of the Gulf Stream employee in deciding to remain in the trailer. She asserts that had she known the smell was formaldehyde emissions, she would not have used the trailer. (Doc. No. 2493, p. 5). Again, her only support for this argument is the declaration she provided. And again, the declaration contradicts deposition testimony. During her deposition, the Plaintiff was asked whether she had any recollection of express warranties made to her by Gulf Stream. *See* Deposition Testimony of Alana Alexander, taken on June 29, 2008, p. 387, attached as Exhibit

"A" to Gulf Stream's original Motion for Partial Summary Judgment. She had **no** recollection of ever receiving such a warranty. *See id.* Without a recollection of any such warranty, it stands to reason that the Plaintiff could not rely on such a warranty. Yet, her declaration states without compunction that she relied on the individual's representations about the trailer. As discussed above, the Plaintiff is not allowed to submit a declaration that contradicts, without explanation, her sworn deposition testimony in an effort to create an issue of material fact. Furthermore, Gulf Stream reiterates the fact that the person who spoke with the Plaintiff was not a Gulf Stream employee, representative, or agent, despite what the Plaintiff may have said in her declaration.

Additionally, the Plaintiff's cited case, *Caboni v. General Motors Corp.*, 278 F.3d 448 (5th Cir. 2002), is inapplicable. Although the plaintiff in that case submitted an affidavit asserting that he relied on a manufacturer's express warranty, that affidavit was undisputed. *Id.* at 453. In this case, the Plaintiff's declaration stands in stark contrast to the *Caboni* affidavit. Because it contradicts sworn testimony, the Plaintiff's document is not even admissible, let alone undisputed. Simply put, there is no genuine fact issue here. For the reasons stated herein and those stated in the original brief, Gulf Stream respectfully requests that this Honorable Court issue an Order dismissing the Plaintiff's claims for breach of express warranty under the LPLA.

Respectfully Submitted:

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK #18495**
**JOSEPH G. GLASS #25397**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700
(504) 837-3119 (FAX)

andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON**
**Timothy D. Scandurro #18424**
**Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
(504) 529-6199 (FAX)
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

## C E R T I F I C A T E

I hereby certify that on the 11th day of August, 2009, a copy of the foregoing Reply to Plaintiff's Response to Defendant Gulf Stream's Motion for Partial Summary Judgment was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495
andreww@duplass.com