UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  FEMA TRAILER | MDL NO. 07-1873 |
| FORMALDEHYDE PRODUCTS | |
| LIABILITY LITIGATION | SECTION:  N(4) |
| | |
| | JUDGE:  ENGLEHARDT |
| THIS DOCUMENT RELATES TO: | |
| CALVIN J. BURAS, ET AL V. | MAGISTRATE JUDGE:  CHASEZ |
| MITCHELL COUNTY INDUSTRIES, | |
| LLC, ET AL | |
| NO. 09-3629 | |

**PRESERVATION OF DEFENSES
ON BEHALF OF
MITCHELL COUNTY INDUSTRIES, LLC, ET AL**

**NOW INTO COURT**, through undersigned counsel, comes defendant, Mitchell County Industries, LLC, and pursuant to Pretrial Order No. 36 (Doc. 1386), submits the following list of defenses pursuant to the Federal Rules of Civil Procedure in the underlying lawsuit entitled, *Calvin J. Buras, et al V. Mitchell County Industries, LLC, et al*, Civil Action No. 09-3629,[1] which is submitted in addition to joint defenses, including Rule 9 and Rule 12 defenses, submitted by defense liaison counsel.  Defendant's listing is

---

[1]    Mitchell County Industries, LLC is filing this Preservation List in accordance with Pre-Trial Order 36.  It is unclear the extent to which the Master Complaint and its amendments supersede, amend and/or replace the allegations asserted by the plaintiffs in each of the underlying actions.  Thus, out of an abundance of caution and to ensure that all relevant motions and defenses are preserved, Mitchell County Industries, LLC has listed the defenses and motions applicable to the underlying action and the Master Complaint, as subsequently amended.  Mitchell County Industries, LLC reserves its right to supplement and amend its Preservation List in the future as further

limited to only the *Buras* matter, and Defendant reserves its right to assert any other allowable preliminary pleadings, dispositive motions or affirmative defenses in this case or in any other case in which it is subsequently named and properly served.

In accordance with the Court's direction, Mitchell County Industries, LLC submits the following defenses that are anticipated to be raised should this underlying matter proceed forward against it:

1. 12(b)(1) – Plaintiffs failed to satisfy their burden of establishing Article III standing against Mitchell County Industries, LLC, and thus this Court does not have subject matter jurisdiction over plaintiffs' claims against Mitchell County Industries, LLC;

2. 12(b)(2) – lack of personal jurisdiction;

3. 12(b)(3) – improper venue;

4. 12(b)(6) – Plaintiffs failed to state a claim upon which relief can be granted as Mitchell County Industries, LLC did not become a juridical entity until October 17, 2008, over three years after Katrina;

5. 12(b)(6) – Plaintiffs failed to state a claim upon which relief can be granted inasmuch as plaintiffs' negligence, failure to inspect and test the housing units, failure to consult/confer claims are barred by the exclusivity provisions of the Louisiana Products Liability Act;

6. 12(b)(6) – Plaintiffs failed to state a claim upon which relief can be granted as plaintiffs' claims are prescribed under Louisiana's one year prescriptive period and all other applicable preemptive periods, statute of limitations, or laches;

7. 12(b)(6) – Plaintiffs failed to state a claim upon which relief can be granted as plaintiffs have not alleged a specific or manifest injury or disease resulting from the alleged exposure, nor are plaintiffs entitled to medical monitoring damages to the extent plaintiffs seek same;

---

discovery may warrant and require, and in accordance with any and all subsequently filed or served lawsuits naming Mitchell County Industries, LLC as a party defendant.

8. 12(b)(6) – Plaintiffs failed to state a claim upon which relief can be granted to the extent that plaintiffs allege strict liability as there is no basis under Louisiana law for same;

9. 12(b)(6) – Plaintiffs failed to state a claim upon which relief can be granted to the extent plaintiffs seeks to impose joint and several and/or solidary liability upon defendants, as such claims are precluded by applicable law;

10. 12(b)(6) – Plaintiffs failed to state a claim upon which relief can be granted insofar as plaintiffs have not alleged and cannot prove either specific or general causation for their alleged injuries;

11. 12(b)(6) – Plaintiffs failed to state a claim upon which relief can be granted as they are not the purchasers or buyers of the units at issue;

12. 12(b)(6) – Plaintiffs failed to state a claim upon which relief can be granted to the extent plaintiffs seek compensatory damages as there is no basis for awarding same under the facts alleged in the complaint and applicable law;

13. 12(b)(6) – Plaintiffs failed to state a claim upon which relief can be granted to the extent plaintiffs seek punitive damages as there is no basis for awarding punitive damages under the facts alleged in the complaint and applicable law;

14. 12(b)(6) – Plaintiff's failed to state a claim upon which relief can be granted to the extent plaintiffs seek attorney's fees as there is no basis under Louisiana law for an award of attorney's fees based upon the facts alleged in the complaint;

15. 12(b)(6) – Plaintiffs failed to state a claim upon which relief can be granted to the extent plaintiffs seek damages pursuant to La. C.C. Arts. 2524, 1994, 1995, and 1997 as there is no basis for warding same under the facts alleged in the complaint;

16. 12(b)(6) – Plaintiffs failed to state a claim upon which relief can be granted to the extent plaintiffs asserts express or implied warranty claims as such claims are precluded because plaintiffs do not rely on any privity of contract, and to the extent those claims are available, they are precluded by the Louisiana Products Liability Act;

17. 12(b)(6) – Plaintiffs failed to state a claim upon which relief can be granted to the extent that plaintiffs have not alleged actual damages and/or failed to mitigate their damages;

18. 12(b)(6) – Plaintiffs failed to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by the Louisiana Products Liability Act to the extent it is established that any named plaintiff did not use a product manufactured by Mitchell County Industries, Inc.;

19. 12(b)(6) – Plaintiffs failed to state a claim for loss of consortium and/or society;

20. 12(b)(6) – Plaintiffs failed to state a claim for loss of enjoyment of life;

21. 12(b)(6) – Plaintiffs failed to state a claim upon which relief can be granted as plaintiff has not alleged any current injury, but rather has generally claimed unspecified current and future injuries;

22. 12(b)(6) – Plaintiffs failed to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are duplicative to the extent it is established that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit;

23. 12(b)(6) – Plaintiffs failed to state a claim for injunctive relief, and to the extent that plaintiffs allege such a claim, there is no basis for same under the facts alleged in the complaint and applicable law;

24. 12(3) – Motion for more definite statement of the complaint based on plaintiffs' failure to make particularized allegations about their injuries and damages and failure to make any particularized allegations about any particular defendant's alleged conduct;

25. In addition to the Rule 12 defenses, defendant also asserts Rule 9(b) defense – Plaintiffs failed to plead fraud and misrepresentation with particularity.

Defendant hereby adopts and incorporates all filing of applicable items listed in the preservation lists of similarly situated co-defendants in the Multi-District Litigation 07-1873, in all underlying cases, and all applicable Rule 12 and Rule 9 Motions filed by similarly situated co-defendants in the MDL and underlying cases as if copied herein *in extenso*.

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 12th day of August, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

/s/ Sidney J. Angelle
_____

/s/ SIDNEY J. ANGELLE
_____
SIDNEY J. ANGELLE, #1002
PAMELA K. RICHARD, #25223
LOBMAN, CARNAHAN, BATT,
 ANGELLE & NADER
POYDRAS TOWER, SUITE 2300
400 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70130
(504) 586-9292  FAX (504) 586-1290