**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| RELATES TO CIVIL ACTION NO. 09-2892 | * | MAG. JUDGE CHASEZ |
| Age, et al. vs. Gulf Stream Coach, Inc., et al. | * | |
| *(Alana Alexander, individually and on behalf of* | * | |
| *her minor child, Christopher Cooper)* | * | |

*******************************************************************************

## STATEMENT REGARDING JOINT TRIAL PLAN

Plaintiffs, Alana Alexander and Christopher Cooper, and Defendants, Gulf Stream

Coach, Inc., Fluor Enterprises, Inc. and The United States of America through the Federal

Emergency Management Agency (FEMA), file this Statement Regarding Joint Trial Plan and,

in support of the same, would show the Court as follows:

On June 29th, 2009, the Court entered an Order directing that the "The parties shall

confer and submit to the Court a jointly-agreed upon trial plan which shall specifically set

forth allotted time limits regarding questioning etc. that will allow for completion of the

first bell weather trial within 10 work days." (Doc. No. 2011)  The deadline for submission

of the Joint Trial Plan was originally set as July 31, 2009, however it was extended by Court

Order to August 12, 2009. (Doc. No. 2367)

The Parties have met and conferred on a Joint Trial Plan. Plaintiffs tendered their

Trial Plan to the Defendants on August 7, 2009.  In addition, the parties appeared before

Magistrate Judge Chasez on August 7, 2009, and Plaintiffs' counsel went through each of the

witnesses on Plaintiffs' Trial Plan and explained their view of why each witness was

1

necessary, the anticipated testimony of each witness on the Plaintiffs' Trial Plan and the time allotted for each witness.

The Defendants, Gulf Stream Coach, Inc. and The United States of America through FEMA tendered their Trial Plans to the Plaintiffs on August 10, 2009.  Defendant, Fluor Enterprises, Inc. tendered their Trial Plan to the Plaintiffs on August 11, 2009.
The parties conferred on a Joint Trial Plan on August 12, 2009, however no agreement could be reached.   Plaintiffs, Gulf Stream Coach, Inc., and Fluor Enterprises, Inc. thought given the limitation of a ten day trial the best way to approach this matter was for each party to be allocated a certain number of hours to put on their case in chief, cross examine opposing parties' witnesses and argue their case.   The United States did not agree to this approach.

The following sets forth the parties positions on a Trial Plan in more detail:

**<u>Plaintiffs:</u>**

The Court has indicated that this case will be tried within 10 working days. Plaintiffs submit that, with three Defendants, this presents a challenge, but Plaintiffs have endeavored to make it happen. Plaintiffs would respectfully point out that, unlike the Vioxx MDL, to prove liability against each of the three different Defendants in this case will require different proof with different documents and witnesses, because each of the three Defendants will assert different defenses and each is liable as a result of different wrongful acts. Because the Court has indicated that this trial will be completed within ten business days, Plaintiffs have spent much time

2

whittling down their case, and have not only provided the specific witness's name, but have also provided the estimated time for the witness's testimony. Assuming six hour days (after allocating time for breaks, voir dire and bench conferences) for ten days would allow for a total of 60 hours to present testimony and argue the case before the jury.  Because Plaintiffs have the burden of proof against three different Defendants for different allegedly wrongful acts, Plaintiffs respectfully submit that Plaintiffs require the majority of trial time or at least 60% of the time to present and argue their case.  60% of 60 trial hours yields 36 hours. In the Trial Plan attached hereto as Exhibit "A", Plaintiffs propose putting on the witnesses for their case in chief and opening statements and closing arguments within approximately 27 hours and 30 minutes.  This is a bare bones presentation. Plaintiffs would reserve their remaining 8 hours and 30 minutes of their 36 hours to cross examine the defense witnesses and conduct any necessary redirect of their own witnesses.  With regard to the remaining 24 hours, out of the total of 60 hours over ten days, Plaintiffs would defer to the Defendants on how they could mutually agree among themselves to split the remaining 24 hours.

Mindful of the fact that Plaintiffs have the burden of proof, Plaintiffs submit that they should have 45 minutes for opening statement, with another hour for the three Defendants to divide as they see fit.

As stated, the times presented in the attached Trial Plan for Plaintiffs to present their case and in this Statement to cross-examine and conduct

redirect are based on a ten day trial. If the Court allows for a longer trial, Plaintiffs would request 60% of the total time allocated by the Court for the trial of this case.

**Gulf Stream Coach, Inc.:**

Gulf Stream Coach, Inc. proposes that each of the four parties are given 25% of the trial time. In his proposed charges, the Court struck the following:

~~BURDEN OF PROOF WHEN ONLY PLAINTIFF HAS BURDEN~~

~~IN THIS CASE, THE PLAINTIFF MUST PROVE EVERY ESSENTIAL PART OF HIS CLAIM BY A PREPONDERANCE OF THE EVIDENCE~~

Instead the Court inserted the following:

BURDEN OF PROOF

IN THIS CASE, EACH PARTY ASSERTING A CLAIM OR A DEFENSE HAS THE RESPONSIBILITY TO PROVE EVERY ESSENTIAL PART OF THE CONTENTION BY A PREPONDERANCE OF THE EVIDENCE. THIS IS SOMETIMES CALLED THE BURDEN OF PROOF.

Therefore, all parties should split the trial time equally. Further, Gulf Stream believes the case can be tried in two weeks if the plaintiffs are limited to the relevant facts necessary in an LPLA case. Gulf Stream has and will continue to file motions to limit the testimony and exhibits to what is both relevant and scientific in this matter.

**Fluor Enterprises, Inc.:**

Defendant Fluor Enterprises, Inc. (FEI) hereby responds to the Court's Order requiring that "[t]he parties shall confer and submit to the Court a jointly agreed upon trial plan which shall specifically set forth allotted time limits regarding questioning etc. that will allow for completion of the first bellwether trial within 10 work days."  The parties have conferred, and have been unable to reach an agreed upon trial plan.

As an initial matter, FEI continues to believe that commencing the trial on September 14, 2009 is severely prejudicial to Fluor for the reasons stated in its motion to continue trial and reschedule remaining bellwether trial schedule (R. Doc. 2507).  FEI also believes that the Alexander/Gulf Stream Coach bellwether trial cannot be completed in ten (10) days, and that limiting the parties in this fashion will result in a serious miscarriage of justice and due process violations.  This view appears to be shared by the other parties to this trial.  *See* Attachment "A", Parties Proposed Joint Trial Plan (setting forth the identity of the parties' witnesses and approximate time required for each witness, which itself represents the parties efforts to limit the trial to the greatest extent possible).  Much of the trial will consist of expert testimony.  On the schedule proposed by the Court, plaintiffs will likely elicit "bare-bones" expert opinions, which can be done relatively quickly on direct.  The defendants' cross-examination becomes critically important to exposing the assumptions, limitations and flaws in the opinions

5

of plaintiffs' experts.  Truncated cross-examination of plaintiffs' experts will therefore substantially prejudice defendants.

Further, the parties have conferred to determine whether an agreement could be reached on an appropriate allocation of time within the parameters of a ten (10) day trial.  FEI's view of time it would take to present its case and cross-examine witnesses in the context of a ten (10) day trial is reflected in the attached Exhibit "A".  Subject to FEI's objection that this restriction violates due process because it will prevent the defendants from properly cross-examining witnesses, FEI believes the appropriate allocation of time is 25% of total trial time to each of the four parties.

**The United States of America through FEMA:**

Defendant United States of America hereby responds to the Court's Order requiring that "[t]he parties shall confer and submit to the Court a jointly agreed upon trial plan which shall specifically set forth allotted time limits regarding questioning etc. that will allow for completion of the first bellwether trial within 10 work days."  The parties have conferred, and have been unable to reach an agreed upon trial plan.

As an initial matter, the United States continues to believe that the Gulf Stream Coach bellwether trial cannot be completed in ten (10) days.  This view appears to be shared by the other parties to this trial.  As the United States has explained on numerous occasions, to meet the discretionary function standard set forth in the Court's October 3, 2008,

6

Order [Dkt. No. 717], and rebut Plaintiffs' allegations that the Federal Emergency Management Agency ("FEMA") negligently responded to formaldehyde complaints and concerns in temporary emergency housing units and negligently communicated with housing unit occupants, the United States must be allowed to present evidence regarding Hurricanes Katrina and Rita, FEMA's response to the housing disaster created by those hurricanes, and FEMA's response to formaldehyde concerns and complaints over time.  Given the nature and scope of FEMA's conduct that is at issue, the United States must present evidence to explain what happened between August/September 2005 and December 2007 – and more importantly, why it happened.  Accordingly, the United States continues to believe that this trial will take more than ten (10) days and that the Government will require approximately forty-five (45) hours of trial time to present its opening statement, cross-examine Plaintiff and non-Government party witnesses, and present its case-in-chief.  *See* Attachment "A", Parties Proposed Joint Trial Plan (setting forth the identity of the Government's will call witnesses and approximate time required for each witness).  This forty-five hour estimate amounts to a bare minimum of the time the United States will need for its presentation, and was only achieved through a significant attempt to pare down the Government's case-in-chief.

Further, the parties have conferred to determine whether an agreement could be reached on an appropriate allocation of time within the

parameters of a ten (10) day trial.  Subject to the United States' objection that this restriction violates due process because it will prevent the United States from properly cross-examining witnesses and sufficiently presenting the Government's case-in-chief, the United States believes the appropriate allocation of time is 40%-45% for Government, 25% for Plaintiffs, 20% for Gulf Stream Coach, Inc. and 10-15% for Fluor Enterprises, Inc.  This 40%-45% allocation is simply based upon the United States' view that it cannot adequately present even a bare bones version of its case in less than forty-five (45) hours of trial time.  Thus, if the Court is determined to proceed with a ten (10) day trial, this is the percentage of time the United States would need.  Should the Court conclude that fairness requires this trial to last longer than ten (10) days (*e.g.*, because the case involves three separate defendants with diverging interests and separate theories of liability), this percentage would likely decrease.

Respectfully submitted,

  /s/Gerald E. Meunier, Esq.
GERALD E. MEUNIER, ESQ.
JUSTIN I. WOODS, ESQ.
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:     504/528-9973
gmeunier@gainsben.com
jwoods@gainsben.com

*On Behalf of Plaintiffs*

  /s/Andrew D. Weinstock, Esq.
ANDREW D. WEINSTOCK, ESQ.
Duplass, Zwain, Bourgeois, Morton, Pfister &
Weinstock, APLC
3838 N. Causeway Blvd.
29th Floor, Three Lakeway Center
Metairie, LA 70002
Telephone:    (504) 832-3700
Facsimile:    (504) 837-3119
andreww@duplass.com

*On Behalf of Gulf Stream Coach, Inc.*


  /s/Charles R. Penot, Jr., Esq.
CHARLES R. PENOT, JR., ESQ.
Middleberg, Riddle & Gianna
KPMG Centre, Suite 2400
717 N. Harwood
Dallas, TX 75201
Telephone:    (214) 220-6334
Facsimile:    (214) 220-6807
cpenot@midrid.com

*On Behalf of Fluor Enterprises, Inc.*


  /s/Henry T. Miller, Esq.
HENRY T. MILLER, ESQ.
U.S. Department of Justice, Civil Division
Senior Trial Counsel
1331 Penn. Ave., NW, Rm 8220-N
Washington, D.C. 20004
Telephone:    (202) 616-4223
Facsimile:    (202) 616-4473
henry.miller@usdoj.gov

*On Behalf of The United States of America
through FEMA*