UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * * | MDL NO.: 2:07-MD-1873 SECTION: N(5) JUDGE: ENGELHARDT |
| THIS DOCUMENT RELATES TO *ROGER ISADORE V. RECREATION BY DESIGN, LLC, FLUOR ENTERPRISES, INC., and THE UNITED STATES OF AMERICA THROUGH THE FEDERAL EMERGENCY MANAGEMENT AGENCY NO. 09-4334* | * * * * * * * * * * | MAGISTRATE JUDGE: CHASEZ |

**************************************************************************

**PRESERVATION OF DEFENSES
FILED ON BEHALF OF RECREATION BY DESIGN, LLC**

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Recreation By Design, LLC ("RBD"), who, pursuant to Pretrial Order No. 36 (Doc. 1386), respectfully submits the following list of defenses pursuant to the Federal Rules of Civil Procedure in the underlying lawsuit of *Roger Isadore v. Recreation By Design, et al.,* Civil Action No. 09-4334[1], which is submitted in addition to joint defenses, including any Rule 9 and Rule 12 defenses, submitted by defense liaison counsel. Defendant's listing is limited to only the *Isadore* matter, and Defendant reserves its right to assert any other allowable preliminary pleadings, dispositive motions or affirmative defenses in

---

[1] RBD is filing this Preservation List in accordance with Pre-Trial Order 36. It is unclear the extent to which the Master Complaint and its amendments supersede, amend and/or replace the allegations asserted by the plaintiffs in the underlying action. Thus, this Preservation List is being filed out of an abundance of caution and to ensure that all relevant motions and defenses are preserved, RBD has listed the defenses and motions applicable to the underlying action and the Master Complaint, as subsequently amended. RBD reserves its right to supplement and amend its preservation list in the future as further discovery may warrant and require, and in accordance with any and all subsequently filed or served lawsuits naming RBD as a party defendant.

this case or in any other case in which it is subsequently named and properly served.

In accordance with the Court's direction, Defendant submits the following defenses that are anticipated to be raised should this underlying matter proceed forward against Defendant:

1. 12(b)(4) & (5)–Insufficient process and insufficiency of service of process.

2. 12(b)(3)–Plaintiffs have brought this action in a court of improper venue.

3. 12(b)(6)–Failure to state a claim upon which relief can be granted against RBD.

4. 12(b)(6)–Failure to state a claim for breach of implied and express warranty because those claims are not available to plaintiffs, and to the extent that they are available, they are precluded by the Louisiana Products Liability Act.

5. 12(b)(6)–Failure to state a claim upon which relief can be granted as plaintiffs' claims are prescribed under Louisiana's one year prescriptive period and all other applicable peremptive periods, statue of limitations, or laches.

6. 12(b)(6)–Failure to state a claim upon which relief can be granted as plaintiffs have not alleged any current injury, but rather has generally claimed unspecified current and future injury.

7. 12(b)(6)–Failure to state a claim because plaintiffs failed to make any particularized allegations regarding their injuries and damages, and failed to make any particularized allegations connecting any particular plaintiff to conduct by any particular defendant.

8. 12(b)(6)–Failure to state a claim upon which relief can be granted to the extent

        that plaintiffs allege strict liability as there is no basis under Louisiana law for same.

9.    12(b)(6)–Failure to state a claim upon which relief can be granted to the extent plaintiffs seek to impose joint and several and/or solidary liability upon defendants, as such claims are precluded by applicable law.

10.   12(b)(6)–Failure to state a claim upon which relief can be granted for attorney's fees as there is no basis under Louisiana law, Federal law, and/or any other applicable law for the awarding of attorney's fees based upon the facts alleged in the complaint.

11.   12(b)(6)–Failure to state a claim upon which relief can be granted to the extent plaintiffs seek property damages under Louisiana law, Federal law, and/or any other applicable law as plaintiffs are not entitled to recover same.

12.   12(b)(6)–Failure to state a claim upon which relief can be granted to the extent plaintiffs seek punitive damages as there is no basis for awarding punitive damages under the facts alleged in the complaint and applicable law.

13.   12(b)(6)–Failure to state a claim upon which relief can be granted to the extent plaintiffs seek compensatory damages as there is no basis for awarding same under the facts alleged in the complaint and applicable law.

14.   12(b)(6)–Failure to state a claim upon which relief can be granted to the extent plaintiffs seek damages pursuant to La. C.C. Arts. 2524 and 1994, 1995, and 1997, as there is no basis for awarding same under the facts alleged in the

complaint and applicable law.

15. 12(b)(6)–Plaintiffs fail to state a claim upon which relief can be granted to the extent plaintiffs make a redhibition claim. Rather than specifically stating a claim for redhibition, plaintiffs state claims for breach of implied and expressed warranties which fail because there is no privity of contract between the plaintiffs and the manufacturer.

16. 12(b)(6)–Failure to state a claim upon which relief can be granted as plaintiffs have not alleged a specific or manifest injury or disease resulting from the alleged exposure, nor are plaintiffs entitled to medical monitoring damages to the extent plaintiffs' seek same.

17. 12(b)(6)–Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by the provisions of the Louisiana Products Liability Act to the extent it is established that any named plaintiff did not use a product manufactured by RBD.

18. 12(e)–Motion for more definite statement of the complaint based on plaintiffs failure to make particularized allegations about their injuries and damages and failure to make any particularized allegations about any particular defendant's alleged conduct.

19. 12(b)(6)–Failure to state a claim for loss of consortium and/or society.

20. 12(b)(6)–Failure to state a claim upon which relief can be granted to the extent the plaintiffs seeks injunctive relief as there is no basis for same under the

facts alleged in the complaint and applicable law.

21. 12(b)(6)-Failure to state a claim upon which relief can be granted to the extent plaintiffs allege negligence, negligence *per se,* gross negligence, recklessness, failure to inspect, failure to test, breach of implied warranty and failure to act in a prudent manner, as such claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

22. 12(b)(6)–Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are duplicative to the extent it is established that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

23. 12(b)(6)–Failure to state a claim for loss of enjoyment and quality of life.

24. 12(b)(6)–Failure to state a claim for loss of earning capacity.

25. In addition to the Rule 12 defenses, Defendant also asserts Rule 9(b) defense - Failure to plead fraud and misrepresentation with particularity.

Defendant hereby adopts and incorporates all filings of applicable items listed in the preservation lists of similarly situated co-defendants in the Multi-District Litigation 07-1873 in all underlying cases, and all applicable Rule 12 and Rule 9 Motions filed by similarly situated co-defendants in the MDL and underlying cases, as if copied herein *in extenso*.

        Respectfully submitted,

        ***/s/Randall C. Mulcahy***
        LYON H. GARRISON, Bar No. 19591
        RANDALL C. MULCAHY, Bar No. 26436
        DARRIN L. FORTE, Bar No. 26885
        GARRISON, YOUNT, FORTE
        & MULCAHY, LLC
        909 Poydras Street, Suite 1800
        New Orleans, Louisiana 70112
        Telephone: (504) 527-0680
        Facsimile: (504) 527-0686
        Attorneys for defendant,
        Recreation By Design, LLC
        Email: rmulcahy@garrisonyount.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 13, 2009, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

        ***/s/Randall C. Mulcahy***
        RANDALL C. MULCAHY, Bar No. 26436,