UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL NO. 1873

SECTION "N-5"

JUDGE ENGELHARDT
MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc.,et al.*
*No. 09-2977* (E.D. La.)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION

**MAY IT PLEASE THE COURT:**

Plaintiff, Lyndon T. Wright ("Lyndon"), respectfully submits this Opposition to Defendant, Shaw Environmental, Inc.'s ("Shaw") Motion for Reconsideration regarding the Plaintiff raising the issue of mold at his trial. This Court in its July 17, 2009 phone conference ruled that the mold in the Plaintiff's Trailer may be tested and that the Plaintiff may raise the issue at Trial if it contributed to his injuries. The Plaintiff would like to reiterate the reasons set forth by this Court for allowing the inclusion of mold at trial and would also like to refute the claim made by Shaw that it is a "manifest injustice" to include mold.

First, in a lengthy telephone conference on July 17, 2009, (Transcript is attached hereto as Exhibit 1), during which all parties were present and given the opportunity to articulate their positions and concerns, the Court ordered that mold would have to be included at trial because

1

Defendant Forest River, Inc. ("Forest River'), indicated it intended to raise mold as a confounding factor of the Plaintiff's injuries, as opposed to formaldehyde. However, the Court correctly stated that "If mold, if any injury for this plaintiff is going to be attributed to his exposure to mold and not formaldehyde then all of his exposure to mold is going to be relevant." (Exhibit 1, p. 12). Defendants cannot have it both ways. If Defendants want to allege that the Plaintiff's exposure to mold in the workplace may have contributed to his injuries but not the exposure to mold in his trailer, it would be grossly unfair to the Plaintiff to be excluded from conducting an analysis of the mold present in his trailer. The Court agreed and stated, "[i]f we are going to litigate the effect of mold, we are going to litigate the effect of mold wherever it comes from and whoever caused it to be present" (Exhibit 1, p. 12).

Further, Shaw offers as a reason in their Motion for Reconsideration, that allowing the inclusion of mold at trial is, under Federal Rule of Civil Procedure Rule 59(e) a "manifest injustice" because it is a waste of money and judicial resources. However, Shaw, in its Motion, neither explains why allowing mold in the case is a "manifest injustice" nor does it explain how this "manifest injustice" logically requires the Court to overturn its decision to include mold testing. Further, Motions for Reconsideration are generally only granted when "[t]he movant demonstrates that a judgment is based upon a manifest error of law or fact, that newly discovered or previously unavailable evidence exists, that manifest injustice would otherwise result, or that serious misconduct of counsel justifies relief." *Metairie Bank v. Payne*, 2000 WL 979980, at *1 (E.D.La. July 17, 2000). Shaw has not demonstrated in any clear way, why evaluating mold as a possible cause of the Plaintiff's injuries is a "manifest injustice" nor did they offer any new arguments about why mold should not be included.

2

Shaw, in the July 17, 2009 phone conference again re-urged that formaldehyde is the critical issue not mold, and Shaw further argues that mold is not relevant to the litigation. However, the Center for Disease Control, in their Final Report on Formaldehyde Levels in FEMA-Supplied Trailers, Park Models and Mobile Homes, (CDC, July 2008) states: "Respondents reported roof leaks in 17% of trailers, pipe leaks in 15% and mold in 21%.", which suggests that mold is not a separate issue from formaldehyde, but an issue found in a significant number of trailers. In fact, Lyndon is one of five currently scheduled trials, which is proportionately accurate to the number reporting significant mold problems. The CDC study also states that: "The presence of $\geq 1$ ft$^2$ of mold was associated with a significant increase in GM Formaldehyde levels (adjusted means 86 ppb versus 63 ppb)." Counsel for the United States admitted in the phone conference that "[m]old has always been in the background of this litigation; I mean, in a certain sense a lot of the occupants have indicated mold and that happened during class cert deposition or the class cert representative deposition." (Exhibit 1, p. 17). As much as Shaw would like to side step presence of mold in this suit, it is nearly impossible, especially given the Defendants intend to allege the Plaintiff's exposure to mold in the workplace could have contributed to his injuries.

Finally, the presence of mold has been well considered during multiple filings on the issue, (including two Motions of Reconsideration). However, in the July 17 phone conference, the Court correctly ruled that mold is an unavoidable issue and to rule that the Plaintiff couldn't allege mold as a possible cause of his breathing problems when the Defendants planned on alleging mold in the workplace was the cause, is grossly unfair. Shaw has offered no new arguments or facts or justifications of "manifest injustice" and the Motion for Reconsideration has no grounds upon which it can be granted. The Plaintiff respectfully suggests that Shaw's

3

Motion for Reconsideration be denied and that the Court's ruling from July 17, 2009 phone conference should stand.

Respectfully submitted,

FRANK J. D'AMICO, JR., T.A. (#17519)
AARON Z. AHLQUIST (#29063)
**FRANK J. D'AMICO, JR., APLC**
622 Baronne Street
New Orleans, LA 70113
Telephone:   (504) 525-7272
Fax:              (504) 525-9522

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

s/Aaron Z. Ahlquist
AARON Z. AHLQUIST # 29063
