UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY | * | |
| LITIGATION | * | |
| | * | |
| This Document Relates to:  *Charlie Age,* | * | JUDGE: ENGELHARDT |
| *et al. v. Gulf Stream Coach Inc., et al*, | * | |
| Docket No. 09-2892 | * | MAG: CHASEZ |

*************************************************************************

## MEMORANDUM IN SUPPORT OF
## MOTION TO STRIKE CERTAIN LAY WITNESSES

**MAY IT PLEASE THE COURT:**

Gulf Stream Coach, Inc. ("Gulf Stream") submits the following Memorandum in Support

of its Motion to Strike certain lay witnesses in this case.

## I.

On April 8, 2009, this Honorable Court set forth a Trial I Scheduling Order.  (Rec. Doc.

1305).  In that Order, the Court specified that:

> "Counsel for all parties shall file in the record and serve upon their
> opponents a list of all witnesses who may or will be called to testify
> at trial, and all exhibits that may or will be used at trial no later than
> **June 19, 2009** (**76** days prior to Final Pre-trial Conference Date)."

## II.

Also incorporated in the Trial I Scheduling Order (Rec. Doc. 1305) was this Honorable

Court's specification that:

> "Deadlines, cut-off dates, or other limits fixed herein may only be
> extended by the Court upon timely motion filed in compliance with
> the Plan and Local Rules and upon a showing of ***good cause***
> (emphasis added)…."

**III.**

Gulf Stream Coach, Inc. filed an *ex parte* motion to amend the Trial I Scheduling Order on June 17, 2009.  (Rec. Doc. 1780).   Gulf Stream requested that the June 19, 2009 deadline for filing witness and exhibit lists, as ordered in the Trial I Scheduling Order (Rec. Doc. 1305), be amended to allow the parties until July 1, 2009 to file their respective witness and exhibit lists. (Rec. Doc. 1780).

**IV.**

On June 22, 2009, this Honorable Court granted Gulf Stream Coach, Inc.'s *ex parte* motion to amend the Trial I Scheduling Order.  (Rec. Doc. 1825).   The Court ordered that "the parties shall file into the record and serve upon their opponents a list of all witnesses who may or will be called to testify at trial, and all exhibits that may or will be used at trial no later than **July 1, 2009** (**65** days prior to Final Pre-trial Conference Date)…."  (Rec. Doc. 1825).

**V.**

Pursuant to the Trial I Scheduling Order (Rec. Doc. 1305) and the amended July 1, 2009 deadline (Rec. Doc. 1825), Plaintiff timely submitted a Preliminary Witness List identifying four hundred twenty-three (423) potential witnesses whom Plaintiff anticipated may or will be called to testify at trial.  (Rec. Doc. 2022).

**VI.**

This Honorable Court received the witness and exhibit lists submitted by the parties. (Rec. Doc. 2089).  The Court, however, found the witness and exhibit lists submitted by the parties "to be so broadly inclusive that they are rendered meaningless."  *Id.*  Therefore, on July 7, 2009, this Court ordered that "**on or before Friday, July 17, 2009,** the parties shall file amended witness and exhibit lists that are complied after serious thought and deliberation and that can

realistically serve as documents which the other parties or the Court can actually rely on in preparation for trial, culling out witnesses and exhibits which are not likely to be utilized at trial." (Rec. Doc. 2089).

## VII.

On July 24, 2009, Plaintiff submitted a Preliminary Witness List identifying two hundred eighty-seven (287) potential witnesses whom Plaintiff anticipated may or will be called to testify at trial. (Rec. Doc. 2302).

## VIII.

In addition to the 287 witnesses identified in Plaintiff's witness list, Plaintiff has produced additional witnesses subsequent to the July 17, 2009 deadline imposed by this Honorable Court. These witnesses include Don Freilberger, Karen Freiberger, Ron Dhaeze, and Don Shaffer. Not one of these individuals was included in Plaintiff's list of 287 potential witnesses (Rec. Doc. 2302) or Plaintiff's list of 423 potential witnesses (Rec. Doc. 2022). Nor has Plaintiff filed any motions in an attempt to comply with this Court's Trial I Scheduling Order or to establish good cause why these witnesses were not timely identified. (Rec. Doc. 1305)

## IX.

Based on this Honorable Court's above referenced Trial I Scheduling Order, the party seeking to overcome a tardy witness designation carries the burden of obtaining an order via a timely motion filed in compliance with the Plan and Local Rules and upon a showing of ***good cause***. (Rec. Doc. 1305).

The "good cause" standard focuses on the diligence of the party seeking the modification to the scheduling order. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992); *Marcum v. Zimmer,* 163 F.R.D. 250, 254 (S.D.W. Va. 1995). The absence of prejudice to

page-level

the nonmovant and mere inadvertence on the part of the movant are insufficient to demonstrate "good cause." *Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir. 1990). Instead, the movant may demonstrate "good cause" only by showing that, despite his diligence, he could not have reasonably met the scheduling deadline. *Callais v. Susan Vizier, Inc.,* 2000 WL 278097 (E.D. La. 2000). Plaintiff obviously has failed to establish good cause because it has failed to submit a motion.

## X.

Federal Rules of Civil Procedure, Rule 26, states that a party must provide to other parties the name of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment. Fed.R.Civ.P. 26(a)(1)(A)(I). The rules also require parties to supplement their Rule 26 disclosures in a timely manner. Fed.R.Civ.P. 26(e)(1)(A). Failure to do so may result in the court prohibiting the disclosing party from presenting witnesses at trial, unless the failure "was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1).

In determining whether the failure was harmless, the court should consider: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Geisermann, supra.* In the present case, factors one (1) and two (2) have not been met because the plaintiff has failed to comply with the Court's directive obligating the plaintiff to show good cause via motion why the witnesses should be able to testify despite the tardy identification of the witnesses. Factor three (3) has been met because the defendant will undoubtedly be prejudiced by the influx of four additional witnesses one month before trial. Factor (4) certainly is not an option at this stage.

## XI.

The Court is within its discretion in striking the witnesses from the witness list.  In *Singer v. City of Waco, Tex,* the Fifth Circuit found that the district court did not abuse its discretion in refusing to allow a party to call a witness to testify on rebuttal because that party had never included the witness on its witness list, and could not provide a valid reason for this omission. *Singer v. City of Waco, Tex.*, 324 F.3d 813 (5 Cir. 2003).  Similarly, the Fifth Circuit found that the district court did not abuse its discretion in excluding the testimony of certain witnesses on the grounds that the party had failed to include the witnesses on its pre-trial witness list and that the witnesses had not been deposed before trial.  *Positive Black Talk, Inc. v. Case Money Records, Inc.*, 394 F.3d 357, (5 Cir. 2004).

## XII.

The Plaintiff intends to call several witnesses that it failed to identify for well over two years of contentious litigation.  Clearly, this trial did not sneak up on the Plaintiff.  Now, the Plaintiff is asserting its right to call four witnesses, notwithstanding its failure to properly identify those witnesses, without complying with the court's mandate to seek such relief through written motion establishing "just cause."

As a result Don Freilberger, Karen Freiberger, Ron Dhaeze, and Don Shaffer should be struck from the Plaintiffs' witness list and precluded from testifying.

## XIII.

## CONCLUSION

**WHEREFORE,** considering the foregoing, Gulf Stream respectfully requests that this Honorable Court issue an Order striking the aforementioned lay witnesses because of Plaintiffs have prejudiced Defendants by their failure to properly identify those witnesses without

complying with the court's mandate to seek such relief through written motion establishing "just

cause."

.

Respectfully Submitted:

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

s/Andrew D. Weinstock

_____
**ANDREW D. WEINSTOCK #18495
JOSEPH G. GLASS #25397**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700
(504) 837-3119 (FAX)
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON**
**Timothy D. Scandurro #18424**
**Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
(504) 529-6199 (FAX)
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

**C E R T I F I C A T E**

I hereby certify that on the 13th day of August, 2009, a copy of the foregoing Memorandum in Support of Motion for to Strike Certain Lay Witnesses was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495
andreww@duplass.com