# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA
## NEW ORLEANS DIVISION

IN RE: FEMA TRAILER
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL NO. 1873

SECTION "N-5"
JUDGE ENGELHARDT
MAG. JUDGE CHASEZ

**THIS DOCUMENT IS RELATED TO:**
*Age, et. al. v. Gulf Stream Coach, Inc., et al.* No. 09-2892
*Alana Alexander, individually and OBO minor Christopher Cooper*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *******

## UNITED STATES OF AMERICA'S ANSWER TO "THIRD SUPPLEMENTAL AND AMENDED COMPLAINT" (Doc. Rec. 1686)

Defendant United States of America ("United States") hereby answers the Third

Supplemental and Amended Complaint (Doc. Rec. 1686) filed by Plaintiffs' Liaison Counsel

("PLC").  The United States Answers this Third Supplemental and Amended Complaint because

it sets forth claims that are at issue for the first bellwether trial that is scheduled to commence on

September 14, 2009.

### 1.

Admitted.  *See Charlie Age, et. al. v. Gulf Stream Coach, Inc., et. al.*, No. 09-2892 (Doc.

Rec. 1, 1-1).

### 2.

Paragraph 1 of the Original Complaint is denied because the United States lacks

sufficient information to admit or deny.

Paragraph 2 of the Original Complaint is an introductory sentence to which a responsive

pleading is not required, however, to the extent a response is required, any factual allegations

contained therein are denied.

Paragraph 3 of the Original Complaint is an introductory sentence to which a responsive pleading is not required, however, to the extent a response is required, the United States admits that in anticipation and/or response to Hurricanes Katrina and/or Rita, FEMA issued two contracts to Gulf Stream Coach, Inc., to manufacture and provide to FEMA temporary emergency housing units, and any other factual allegations contained therein are denied.

Paragraph 4 of the Original Complaint is an introductory sentence to which a responsive pleading is not required.

Paragraph 5 of the Original Complaint as to the phrase "Fluor Enterprises, Inc. ("Fluor"), a California corporation with its principal place of business in Irving, Texas, licensed to do business in the State of Louisiana and in good standing," is denied because the United States lacks sufficient information to admit or deny.  The remainder of Paragraph 5 is denied.

Paragraph 6 of the Original Complaint sets forth legal conclusions to which a responsive pleading is not required, however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 7 of the Original Complaint sets forth legal conclusions to which a responsive pleading is not required, however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 8 of the Original Complaint sets forth legal conclusions to which a responsive pleading is not required, however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 9 of the Original Complaint sets forth legal conclusions to which a responsive

pleading is not required, however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 10 of the Original Complaint sets forth legal conclusions to which a responsive pleading is not required, however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 11 of the Original Complaint sets forth legal conclusions to which a responsive pleading is not required, however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 12 of the Original Complaint sets forth legal conclusions to which a responsive pleading is not required, however, to the extent a response is required, any factual allegations contained therein are denied.

3.

Paragraph 13 of the Original Complaint is denied because the United States lacks sufficient information to admit or deny.

Paragraph 14 of the Original Complaint is denied because the United States lacks sufficient information to admit or deny Plaintiffs' characterization of "Mobile Homes."

Paragraph 15 of the Original Complaint is denied because the United States lacks sufficient information to admit or deny Plaintiffs' characterization of "travel trailers."

Paragraph 16 of the Original Complaint is denied because the United States lacks sufficient information to admit or deny Plaintiffs' characterization of "park models."

Paragraph 17 of the Original Complaint is denied.

Paragraph 18 of the Original Complaint the United States admits that in anticipation

and/or response to Hurricanes Katrina and/or Rita, FEMA issued two contracts to Gulf Stream Coach, Inc., to manufacture and provide to FEMA temporary emergency housing units. Any other factual allegations contained therein are denied.

Paragraph 19 of the Original Complaint is denied because the United States lacks sufficient information to admit or deny.

Paragraph 20 of the Original Complaint is denied because the United States lacks sufficient information to admit or deny.

Paragraph 21 of the Original Complaint is denied.

Paragraph 22 of the Original Complaint asserts that "each of the housing units at issue, both those which were manufactured prior to the hurricanes and those later manufactured, and purchased by FEMA, contained dangerous levels of formaldehyde due to Gulf Stream's use of certain materials in their construction and/or posed the threat of producing dangerous levels of formaldehyde due to the Federal Government's intended use of the housing units as temporary residences for at least 18 months. . ." This claim is denied because the United States lacks sufficient information to admit or deny.

Paragraph 22 of the Original Complaint further asserts that "Gulf Stream failed to warn the Federal Government about these dangers . . ." The United States admits that Gulf Stream never issued any warning to the FEMA about such dangers.

Paragraph 22 of the Original Complaint further asserts that dangers which initially were not known to the Federal Government. The United States admits that such dangers were not initially known to the Federal Government, and denies such dangers were subsequently discovered by FEMA.

4

Paragraph 23 of the Original Complaint is denied because the United States lacks sufficient information to admit or deny.

Paragraph 24 of the Original Complaint is denied.

Paragraph 25 of the Original Complaint the first sentence is denied because the United States lacks sufficient information to admit or deny.

Paragraph 25 of the Original Complaint the second sentence sets forth legal conclusions to which a responsive pleading is not required, however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 26 of the Original Complaint is denied because the United States lacks sufficient information to admit or deny.

Paragraph 27 of the Original Complaint is denied because the United States lacks sufficient information to admit or deny.

Paragraph 28 of the Original Complaint sets forth legal conclusions to which a responsive pleading is not required, however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 29 of the Original Complaint sets forth legal conclusions to which a responsive pleading is not required, however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 30 of the Original Complaint sets forth legal conclusions to which a responsive pleading is not required, however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 31 of the Original Complaint sets forth legal conclusions to which a responsive

pleading is not required, however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 32 of the Original Complaint relates to FEMA's contract with Fluor.  The United States admits that FEMA contracted with Fluor and that pursuant to that contract Fluor performed various activities in response to Hurricanes Katrina and Rita.  The remainder of Paragraph 32 sets forth legal conclusions or Plaintiffs' characterization of the terms and conditions of FEMA's contract with Fluor, or that contract, to which a responsive pleading is not required, however, to the extent a response is required, any such facts and/or factual characterization of the contract, or any other factual allegations contained therein are denied.

Paragraph 33 of the Original Complaint sets forth legal conclusions as to what Fluor was tasked with pursuant to a contract with the government and as such no responsive pleading is required, however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 34 of the Original Complaint sets forth legal conclusions as to what Fluor was tasked or obligated to do pursuant to a contract with the government and as such no responsive pleading is required, however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 35 of the Original Complaint sets forth legal conclusions as to what Fluor was tasked or obligated to do pursuant to a contract with the government and as such no responsive pleading is required, however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 36 of the Original Complaint is denied because the United States lacks

6

sufficient information to admit or deny.

Paragraph 37 of the Original Complaint sets forth legal conclusions as to what Fluor was tasked or obligated to do pursuant to a contract with the government and as such no responsive pleading is required, however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 38 of the Original Complaint sets forth legal conclusions as to what Fluor was tasked or obligated to do pursuant to a contract with the government and as such no responsive pleading is required, however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 39 of the Original Complaint is denied because the United States lacks sufficient information to admit or deny.

Paragraph 40 of the Original Complaint is denied because the United States lacks sufficient information to admit or deny.

Paragraph 41 of the Original Complaint is denied because the United States lacks sufficient information to admit or deny.

Paragraph 42 of the Original Complaint is denied because the United States lacks sufficient information to admit or deny.

Paragraph 43 of the Original Complaint sets forth legal conclusions as to what Fluor was tasked or obligated to do pursuant to a contract with the government and as such no responsive pleading is required, however, to the extent a response is required, any factual allegations contained therein are denied.  Paragraph 43 of the Original Complaint also asserts that Fluor failed to comply with certain contractual tasks or obligations and those allegations are denied

because the United States lacks sufficient information to admit or deny.

Paragraph 44 of the Original Complaint is denied because the United States lacks sufficient information to admit or deny.

Paragraph 45 of the Original Complaint sets forth legal conclusions as to what Fluor was tasked or obligated to do pursuant to a contract with the government and as such no responsive pleading is required, however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 46 of the Original Complaint sets forth legal conclusions as to what Fluor was tasked or obligated to do pursuant to a contract with the government and as such no responsive pleading is required, however, to the extent a response is required the United States lacks sufficient information to admit or deny and any factual allegations contained therein are denied.

Paragraph 47 of the Original Complaint sets forth legal conclusions as to what Fluor was tasked or obligated to do pursuant to a contract with the government and as such no responsive pleading is required, however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 48 of the Original Complaint is denied because the United States lacks sufficient information to admit or deny.

Paragraph 49 of the Original Complaint is denied because the United States lacks sufficient information to admit or deny.

Paragraph 50 of the Original Complaint is denied because the United States lacks sufficient information to admit or deny.

Paragraph 51 of the Original Complaint sets forth legal conclusions and argument as such

no responsive pleading is required, however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 52 of the Original Complaint sets forth legal conclusions and argument as such no responsive pleading is required, however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 53 of the Original Complaint sets forth legal conclusions and argument as such no responsive pleading is required, however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 54 of the Original Complaint sets forth legal conclusions and argument as such no responsive pleading is required, however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 55 of the Original Complaint is admitted in part and denied in part.  The United States admits that the Department of Labor, Occupational Safety and Health Agency ("OSHA") tested approximately 150 unoccupied temporary emergency housing units that had not been made ready for occupancy between October 11, 2005 and January 2006.  The remainder of Paragraph 54 of the Original Complaint sets forth legal conclusions and argument because ATSDR minimum risk levels are not intended as regulatory action levels and are not used by OSHA and as such no responsive pleading is required, however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 56 of the Original Complaint sets forth legal conclusions and argument as such no responsive pleading is required, however, to the extent a response is required, any factual allegations contained therein are denied.

9

Paragraph 57 of the Original Complaint is denied.

Paragraph 58 of the Original Complaint sets forth legal conclusions and argument as such no responsive pleading is required, however, to the extent a response is required the United States lacks sufficient information to admit or deny and any factual allegations contained therein are denied.

Paragraph 59 of the Original Complaint sets forth legal conclusions and argument as such no responsive pleading is required, however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 61 of the Original Complaint is denied.

Paragraph 62 of the Original Complaint is admitted in part and denied in part.  The United States admits the a FEMA employee was contacted on or about March 17, 2006, by Dan Shea, Gulf Stream Coach, Inc., and that Mr. Shea related to FEMA via an e-mail that it was his company's practice to use low emission formaldehyde materials in travel trailers provided to FEMA, and thereafter, FEMA was in further contact with representatives of Gulf Stream Coach, Inc., for purposes of ascertaining the validity of concerns about formaldehyde in temporary emergency housing units voiced by some occupants, the media, and other entities, and determining what, if any, is an appropriate response to concerns about formaldehyde.  The remainder of any factual allegations contained in Paragraph 62 of the Original Complaint are denied.

Paragraph 63 of the Original Complaint is admitted in part and denied in part.  The United States admits that several conference calls involving representatives from FEMA, the United States Environmental Protection Agency ("EPA"), and Centers for Disease Control and

Prevention/Agency for Toxic Substances and Disease Registry ("CDC/ATSDR") took place

commencing on or about in June 2006.  The remainder of any factual allegations contained in

Paragraph 63 of the Original Complaint are denied.

Paragraph 64 of the Original Complaint is denied.

Paragraph 65 of the Original Complaint is admitted in part and denied in part.  The

United States admits that employees of FEMA communicated with Gulf Stream Coach, Inc.,

regarding concerns about formaldehyde in temporary emergency housing units by way of e-mails.

The remainder of any factual allegations contained in Paragraph 65 of the Original Complaint are

denied.

Paragraph 66 of the Original Complaint sets forth legal conclusions and argument as such

no responsive pleading is required, however, to the extent a response is required the United

States any factual allegations contained therein are denied.

Paragraph 67 of the Original Complaint is denied.

Paragraph 68 of the Original Complaint is denied.

Paragraph 69 of the Original Complaint is denied.

Paragraph 70 of the Original Complaint sets forth legal conclusions and argument as such

no responsive pleading is required, however, to the extent a response is required the United

States any factual allegations contained therein are denied.

Paragraph 71 of the Original Complaint is admitted in part and denied in part.  The

United States admits that on or about March 17, 2007, Dr. Mark Klein sent FEMA a letter

relating to ATSDR's February 2, 2007, Health Consultation Report.  As to remainder of

Paragraph 71, any factual allegations contained are denied because the allegation mis-

11

characterize the March 17, 2007, letter.

Paragraph 72 of the Original Complaint is admitted in part and denied in part.  The United States admits that in October 2007, CDC/ATSDR issued a revised Health Consultation Report.  As to the remainder of the allegations set forth in Paragraph 58 of the Original Complaint any factual allegations contained therein are denied.

Paragraph 73 of the Original Complaint is denied.

Paragraph 74 of the Original Complaint is admitted in part and denied in part.  The United States admits that testing of approximately 519 occupied temporary emergency housing units as part of a study to investigated formaldehyde levels such units commenced on or about December 2007.  As to the remainder of the allegations set forth in Paragraph 74 of the Original Complaint any factual allegations contained therein are denied.

Paragraph 75 of the Original Complaint sets forth legal conclusions and argument as such no responsive pleading is required, however, to the extent a response is required the United States lacks sufficient information to admit or deny, and any factual allegations contained therein are denied.

Paragraph 76 of the Original Complaint is admitted in part and denied in part.  The United States admits that on or about February 2008, the CDC issued press releases reporting the preliminary or interim results of its testing of 519 occupied units and those news releases may have contained or recommended certain courses of action that should be taken in response to concerns about formaldehyde in temporary emergency housing units.  As to the remainder of the allegations set forth in Paragraph 76 of the Original Complaint any factual allegations contained the United States lacks sufficient information to admit or deny, and any factual allegations

12

contained therein are denied.

Paragraph 77 of the Original Complaint is denied.

Paragraph 78 of the Original Complaint sets forth legal conclusions and argument as such no responsive pleading is required, however, to the extent a response is required any factual allegations contained therein are denied.

Paragraph 79 of the Original Complaint sets forth legal conclusions and argument as such no responsive pleading is required, however, to the extent a response is required any factual allegations contained therein are denied.

4.

Paragraph 4 of the Third Supplemental and Amended Complaint is admitted in part and denied in part.  The United States admits that based upon information provided by Plaintiffs to FEMA, FEMA determined that they were eligible to receive temporary emergency housing assistance.  As to the remainder of Paragraph 4 of the Third Supplemental and Amended Complaint it sets forth legal conclusions regarding Stafford Act and applicable regulations that require no responsive pleading, and/or factual allegations that the United States lacks sufficient information to admit or deny, and any such factual allegations are denied.

5.

Paragraph 5 of the Third Supplemental and Amended Complaint is admitted in part and denied in part. The United States admits that documents show that Plaintiff Alana Alexander were issued Gulf Stream Coach, Inc., travel trailer (VIN# 1NL1GTR2551021783).  As to the remainder of any further factual allegations contained in Paragraph 5 of the Third Supplemental and Amended Complaint, any such factual allegations are denied.

6.

The United States lacks sufficient information to admit or deny Paragraph 6 of the Third Supplemental and Amended Complaint, and as such any factual allegations contained therein are denied.

7.

Paragraph 7 of the Third Supplemental and Amended Complaint is admitted in part and denied in part. The United States admits that documents show that a travel trailer was delivered to 4415 Dale Street, New Orleans, LA.  As to the remainder of any further factual allegations contained in Paragraph 7 of the Third Supplemental and Amended Complaint, the United States lacks sufficient information to admit or deny, and any such factual allegations are denied.

8.

The United States lacks sufficient information to admit or deny Paragraph 8 of the Third Supplemental and Amended Complaint, and as such any factual allegations contained therein are denied.

9.

The United States lacks sufficient information to admit or deny Paragraph 9 of the Third Supplemental and Amended Complaint, and as such any factual allegations contained therein are denied.

10.

Denied.

11.

The United States hereby answers the first sentence of  Paragraph 11 of the Third

14

Supplemental and Amended Complaint which incorporates by reference Paragraphs 80 to 85 of the Original Complaint as follows:

Paragraph 80 of the Original Complaint sets forth legal conclusions and argument as such no responsive pleading is required, however, to the extent a response is required any factual allegations contained therein are denied.

Paragraph 81 of the Original Complaint sets forth legal conclusions and argument as such no responsive pleading is required, however, to the extent a response is required any factual allegations contained therein are denied.

Paragraph 82 of the Original Complaint sets forth legal conclusions and argument as such no responsive pleading is required, however, to the extent a response is required any factual allegations contained therein are denied.

Paragraph 83 of the Original Complaint sets forth legal conclusions and argument as such no responsive pleading is required, however, to the extent a response is required any factual allegations contained therein are denied.

Paragraph 84 of the Original Complaint sets forth legal conclusions and argument as such no responsive pleading is required, however, to the extent a response is required the any factual allegations contained therein are denied.

Paragraph 85 of the Original Complaint sets forth legal conclusions and argument as such no responsive pleading is required, however, to the extent a response is required any factual allegations contained therein are denied.

The second and third sentences of  Paragraph 11 of the Third Supplemental and Amended Complaint sets forth legal conclusions and argument as such no responsive pleading is required,

however, to the extent a response is required any factual allegations contained therein are denied.

12.

Paragraph 12 of the Third Supplemental and Amended Complaint sets forth claims against Gulf Stream Coach, Inc. under the Louisiana Products Liability Act and as such does not require an Answer from the United States, however, to the extent a response is required any factual allegations contained are denied.

13.

Paragraph 13 of the Third Supplemental and Amended Complaint sets forth negligence claims against Fluor and as such does not require an Answer from the United States, however, to the extent a response is required any factual allegations contained are denied.

14.

Paragraph 15 of the Third Supplemental and Amended Complaint sets forth legal conclusions and argument as such no responsive pleading is required, however, to the extent a response is required any factual allegations contained therein are denied.

15.

Paragraph 16 of the Third Supplemental and Amended Complaint sets forth legal conclusions and argument as such no responsive pleading is required, however, to the extent a response is required any factual allegations contained therein are denied.

**FTCA Jurisdiction Exceptions Bar Some Or All
Of Plaintiffs' Claims Against The United States**.

1.     The Court lacks subject matter jurisdiction over plaintiff Alana Alexander and Christopher Cooper's FTCA claims because.

16

a.     Plaintiffs' FTCA claims are barred by the discretionary function exception to the FTCA waiver of sovereign immunity.  28 U.S.C. § 2680(a).

b.     Plaintiffs' FTCA claims are barred by the contractor exception to the FTCA's of sovereign immunity.  28 U.S.C. §§ 1346(b), 2671.

c.     Plaintiffs' FTCA claims are barred because they failed to properly exhaust their administrative remedies prior to filing suit. 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2.

d.     Plaintiffs' FTCA claims are barred because they failed to present their administrative claim to the appropriate federal agency in a timely manner. 28 U.S.C. §2401(b).

e.     Plaintiffs' FTCA claims are barred because they failed to file suit and commence an action in a timely manner. 28 U.S.C. § 2401(b).

f.     Plaintiffs' FTCA claims are barred by the misrepresentation exception to the FTCA's waiver of sovereign immunity. 28 U.S.C. § 2680(h).

g.     Plaintiffs' FTCA claims based upon strict, no-fault or absolute liability theories are barred because the FTCA only waives sovereign immunity for injury or loss of property, or personal injury or death caused by a negligent or wrongful act or omission.  28 U.S.C. § 1346(b)(1).

i.     Plaintiffs' FTCA claims based upon the FEMA's providing of Stafford Act temporary emergency housing are barred because exists no analagous private liability under applicable state tort law for provisioning of temporary emergency response housing.  28 U.S.C. §§ 1346(b), 2674.

j.     Plaintiffs' FTCA claims are barred because they seek to impose liability upon the

United States for negligent or wrongful acts or omissions by persons or entities other then Federal employees acting within the scope of their employment.  28 U.S.C. §§ 1346(b)(1), 2671.

k.    Plaintiffs' FTCA claims for medical monitoring and any equitable relief are barred because the FTCA only waives sovereign immunity for money damages for injury or loss of property, or personal injury or death.  28 U.S.C. § 1346(b)(1).

l.    The Court lacks subject matter jurisdiction over Plaintiffs' FTCA claims for money damages in excess of the "sum certain" set forth Plaintiffs' FTCA administrative claim.  28 U.S.C. § 2675(b).

m.    Plaintiffs' claims for punitive damages are barred because the FTCA does not waive sovereign immunity for such claims.  28 U.S.C. § 2674.

n.    Plaintiffs' claims for pre-judgment interest are barred because the FTCA does not waive sovereign immunity for such claims.  28 U.S.C. § 2674.

o.    Plaintiffs' claims for attorneys' fees are barred because the FTCA does not waive sovereign immunity and authorize recovery of attorneys fees.  28 U.S.C. § 2678.

p.    The Court lacks subject-matter jurisdiction over Plaintiffs' claims that FEMA breached an implied and/or express contracts arising out of their alleged lease of temporary emergency housing from FEMA.  28 U.S.C. § 1346(a)(2) (Little Tucker Act); 28 U.S.C. § 1491(a) (Tucker Act)

**AFFIRMATIVE DEFENSE**

1.    Plaintiffs' Complaint, and each and every cause of action, allegation, and claim therein, fails to state a claim upon which relief may be granted.

2.      The United States owed no actionable duty to Plaintiffs in this case.

3.      If it is found that the United States owed an actionable duty to Plaintiffs, which it denies, the United States did not breach that duty.

4.      The injuries, damages, or losses alleged by Plaintiffs were not caused by any negligent or wrongful act or omission of any officer, agent, servant, or employee of the United States.

5.      No negligent, wrongful act or omission of the United States, was the cause in fact, or in any way contributed to, Plaintiffs' alleged injuries, damages, or losses.

6.      No negligent, wrongful act or omission of the United States, was the proximate or legal cause, or in any way contributed to, Plaintiffs' alleged injuries, damages, or losses.

7.      Any alleged injuries, damages, or losses sustained by Plaintiffs were not caused by acts or omissions on the part of the United States, but were caused, in whole or in part, by occurrences and conditions prior, or subsequent.

8.      Any alleged injuries, damages, or losses sustained by Plaintiffs were not caused by acts or omissions on the part of the United States, but were caused, in whole or in part, by the negligence of third parties.

9.      Any alleged injuries, damages, or losses sustained by Plaintiffs were not caused by acts or omissions on the part of the United States, but were caused, in whole or in part, by an intervening or superseding cause or event.

10.     Any alleged injuries, damages, or losses sustained by Plaintiffs were not caused by an act or omission on the part of the United States, but were caused, in whole or in part, by Plaintiffs' own negligence or were the product of a voluntary assumption of risk.

19

11.     The liability, if any, of the United States, which is expressly denied, and responsible parties, named or unnamed, should be proportionately reduced and apportioned based on their respective degrees of fault, and the liability of the United States, if any, should be reduced, in accordance with

law.

12.     Plaintiffs have not suffered any compensable damages.

13.     Plaintiffs have failed to mitigate damages.

14.     If it is found that the United States is liable, which it expressly denies, the United States is entitled to an offset against damages, if any, for all amounts received by Plaintiffs from the United States and its agencies, and also from all collateral sources.

15.     All future damages, if any, must be reduced to present value.

16.     Income taxes must be deducted from all alleged past and future lost earnings.

17.     Plaintiffs fail to state a claim for medical monitoring damages because they have not alleged a specific or manifest injury.

18.     Plaintiffs' claims are barred by the Good Samaritan doctrine.

19.     Plaintiffs' claims are barred, in whole or in part, by the principles of res judicata and/or collateral estoppel.

20.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, laches, estoppel, release, unclean hands, and/or ratification.

21.     The United States asserts any affirmative defenses available under state law.

22.     Plaintiffs' claims are barred because they are based upon actions taken pursuant to or in manner consistent with the Louisiana Homeland Security and Emergency Assistance and

Disaster Act.  *See* La. Rev. Stat. §§ 29:721-738.

23.  Plaintiffs' claims are barred because they are based upon actions taken by a public

entity in response to Hurricanes Katrina and Rita.  *See* La. Rev. Stat. § 9:2800(H); La. Civ. Code

Arts. 2317, 2317.1.

Dated:  August 16, 2009.                    Respectfully Submitted,

TONY WEST                                   ADAM BAIN
Assistant Attorney General, Civil Division  Senior Trial Counsel

J. PATRICK GLYNN                            ADAM DINNELL
Director, Torts Branch, Civil Division      MICHELE GREIF
                                            JONATHAN WALDRON
DAVID S. FISHBACK                           Trial Attorneys
Assistant Director

                                            *//S// Henry T. Miller*
                                            HENRY T. MILLER (D.C. Bar No. 411885)
OF COUNSEL:                                 Senior Trial Counsel
JORDAN FRIED                                United States Department of Justice
Associate Chief Counsel                     Civil Division – Torts Branch
                                            P.O. Box 340, Ben Franklin Station
JANICE WILLIAM-JONES                        Washington, D.C. 20004
Trial Attorney                              Telephone No:  (202) 616-4223
FEMA/DHS                                    E-mail:  Henry.Miller@USDOJ.Gov
Department of Homeland Security
Washington, D.C. 20472                      Attorneys for the United States of America

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2009, the foregoing document was filed via the U.S.
District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison
Counsel.

                                            *//S// Henry T. Miller*
                                            HENRY T. MILLER (D.C. Bar No. 411885)