UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                    MDL NO. 1873
FORMALDEHYDE
PRODUCTS LIABILITY LITIGATION          SECTION N-5
                                       JUDGE ENGELHARDT
                                       MAG. JUDGE CHASEZ

THIS DOCUMENT RELATES:
*Age, et. al. v. Gulf Stream Coach, Inc., et al.* No. 09-2892
*Alana Alexander, individually and OBO minor Christopher Cooper*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

UNITED STATES OF AMERICA'S STATEMENT OF FACTS
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGEMENT
AND DISMISSAL OF PLAINTIFF ALANA ALEXANDER
AND CHRIS COOPER'S REMAINING FTCA CLAIMS

1.  The Gulf Stream Coach, Inc., travel trailer assigned vehicle identification number 1NL1GTR2551021783 and Federal Emergency Management ("FEMA") Bar Code 1041407 (hereinafter referred to as "the trailer"), was manufactured on or about December 13, 2004. *See* Third Supplemental and Amended Complaint ¶6 (Doc. Rec. 1686); Exhibit 1, FEMA Inspection Report at FEMA154-0000051.

2.  On or about September 6, 2005, the trailer was transferred from a storage facility in the State of Georgia to a FEMA staging facility in Baton Rouge, Louisiana. Exhibit 2, FEMA Bill of Lading FEMA at FEMA154-000004.

3.  On March 2006, Dan Shea, the President of Gulf Stream Coach, Inc., non-motorized division (division responsible for construction of travel trailers) informed FEMA that its travel trailers were constructed with low formaldehyde emission materials. *See* S. Miller Dec. ¶¶3-5 (Doc. Rec. 1543-31); March 17, 2006, E-Mail, GSC to FEMA (Doc. Rec. 1543-51).

1

4.	Plaintiffs Alana Alexander and Chris Cooper lived at 4415 Dale Street, New Orleans, Louisiana prior to Hurricane Katrina, were evacuated, and lived in Jacksonville, Florida from September 2005 to May 2006.  Exhibit 3, Alexander Depo. pp. 140-48/24-15; Exhibit 4, Alexander Fact Sheet p. 6§IV(A); Exhibit 5, Cooper Fact Sheet p. 6 §IV(A).

5.	On May 27, 2006, Ms. Alexander returned to New Orleans and moved into the trailer which had been set up at 4415 Dale Street, New Orleans, Louisiana.  *See* Third Supplemental and Amended Complaint ¶9 (Doc. Rec. 1686) Exhibit 3, Alexander Depo. pp. 190-91/20-3; p. 223/4-7.; p. 295/19-23; Exhibit 4, Alexander Fact Sheet p. 9 §V(A)(6, 7); Exhibit 5, Cooper Fact Sheet p. 9 §(V)(A)(6, 7).

6.	Without the trailer Ms. Alexander would not have had any place to live in New Orleans.  Exhibit 3, Alexander Depo. pp. 297-300/21-25; pp. 302-03/14-2.

7.	On the day that Ms. Alexander moved into the trailer she was provided an orientation regarding use of the travel trailer.  Exhibit 3, Alexander Depo. pp. 166-67/20-23.  The person that provided the orientation instructed Ms. Alexander that she should open the trailer windows and door, and turn the air conditioner on and let it blowout , especially if she was gone for the day or smelled any odors.  Exhibit 3, Alexander Depo. pp.166-67/20-12.

8.	Ms. Alexander followed the instructions and opened the windows and door and ran the air conditioner.  Exhibit 3, Alexander Depo. p. 168/7-20.  The trailer which had a smell or odor that was present the first time she entered the unit it dissipated after about an hour of airing it out.  Exhibit 3, Alexander Depo. p. 168/7-20; pp. 175-76/11-23.  Ms. Alexander continued to vent and run the air conditioner in the trailer until the she was able to walk into the unit and not smell any odor.  Exhibit 3, Alexander Depo. pp. 286-87/8-1.  For the first couple month that she

lived in the trailer, Ms. Alexander vented the trailer every day. Exhibit 3, Alexander Depo. pp. 286-87/8-1.  Ms. Alexander also vented the unit whenever she was cooking, and kept the windows open on nice days.  Exhibit 3, Alexander Depo.  pp. 175-76/11-23; p. 379/2-12; pp. 414-15/14-2.  Except when it rained, Ms. Alexander left the bathroom vent.  Exhibit 3, Alexander Depo. pp. 178-79/23-5

8.    Ms. Alexander used the air conditioner to keep the temperature inside the trailer at approximately 75 degrees.  Exhibit 3, Alexander Depo. pp. 174-75/11-5; p. 287/5-10.  Ms. Alexander never stayed in the trailer with the windows closed and the air conditioner turned off when it was hot inside the trailer.  Exhibit 3, Alexander Depo. p. 379/2-19.

9.    On or about June 2006, FEMA Headquarters Individual Assistance Program made the determination that it would respond to formaldehyde and formaldehyde odor concerns and complaints on a case-by-case basis.  *See* Souza Dec. ¶¶13-14 (Doc. Rec. 196-11); June 18, 2006, E-Mail, FEMA(Doc. Rec. 196-32).   Occupants who expressed concerns or complained to FEMA, were instructed to vent the trailer and if that failed to resolve their complaint, FEMA would offer to swap the unit out and replace it with an older previously occupied unit.  *See* Souza Dec. ¶¶13-14 (Doc. Rec. 196-11); June 18, 2006, E-Mail, FEMA (Doc. Rec. 196-32).  It was believed that the older unit would solve the any formaldehyde problem because as a result of its age the unit would have lower formaldehyde levels.  *See* Souza Dec. ¶¶13-14 (Doc. Rec. 196-11); June 18, 2006, E-Mail, FEMA (Doc. Rec. 196-32).[1]/

---

[1]/   *See also* Oct. 9, 2008, EPA, Introduction to Formaldehyde ("Formaldehyde emissions will generally decrease as products age) (Doc. Rec. 1543-21 at EPA-000002); June 16, 2006, Letter, Sierra Club to Mr. David Garratt, FEMA (referencing information provided by PSC's expert Ms. Mary DeVany, the Sierra Club told FEMA that "airborne formaldehyde [in trailers] will slowly decrease to 'safe' levels' in approximately three to six months after manufacture at ambient temperatures") (Doc. Rec. 1543-24 at FEMA123-00007 ¶2).

10.     In June 2006, FEMA made a determination to issue a formaldehyde brochure to trailer occupants. *See* Souza Dec. ¶¶13-14 (Doc. Rec. 196-11). In August 2006, FEMA issued a brochure to occupied trailers in New Orleans and the surrounding Parishes. Exhibit 6, Bonomo Declaration ¶¶2-6 . FEMA employees with responsibility for New Orleans and the surrounding Parishes were instructed to deliver the formaldehyde brochure to all occupied travel trailers on private sites in their geographic area of responsibility. Exhibit 6, Bonomo Declaration ¶¶2-6.

11.     The document assigned identification number FEMA08-000013 to FEMA08-000014, and marked as "Exhibit, A. Alexander 22" is a true and accurate copy of the formaldehyde brochure distributed to occupied trailers in New Orleans and the surrounding Parishes in August 2006. Exhibit 6, Bonomo Declaration ¶2; Exhibit 9, August 2006, Formaldehyde Brochure.

12.     Ms. Alexander testified that it is possible that she received the FEMA formaldehyde brochure assigned identification numbers FEMA08-000013 to FEMA08-000014 and marked Exhibit "A. Exhibit 3, Alexander 22", and recalls receiving a formaldehyde notice taped to the trailer door, and that the document looks familiar. Exhibit 3, Alexander Depo. pp. 291-95/22-18; *see also* Exhibit 3, Alexander Depo. p. 234/ 15-18; pp. 195-96/10-19.

13.     Ms. Alexander had the telephone number for FEMA, called FEMA, but never contacted FEMA regarding any concerns about any odors or smells in the trailer. Exhibit 3, Alexander Depo. pp. 311-12/22-4.

14.     Ms. Alexander never contacted FEMA regarding any concerns about formaldehyde in the trailer. Exhibit 3, Alexander Depo. p. 312/16-20.

15.     Ms. Alexander had the telephone number for the maintenance contractor,

4

contacted the maintenance contractor, but never contacted the maintenance contractor regarding any odors or smells in the trailer. Exhibit 3, Alexander Depo. p. 311/16-21.

16. Ms. Alexander never contacted the Government's maintenance contractor regarding any concerns about formaldehyde in the trailer. Exhibit 3, Alexander Depo. p. 312/11-15.

17. Ms. Alexander never sent any letters or e-mails to FEMA or the maintenance contractor regarding the trailer. Exhibit 3, Alexander Depo. p. 362/8-15.

18. In July 2007, FEMA issued a second formaldehyde brochure and distributed it to all occupied trailers. Exhibit 7, Larson Declaration ¶¶2-3; Exhibit 8 Harder Declaration ¶¶2-3; Exhibit 10, July 2007 Formaldehyde Brochure.

19. FEMA maintained a log identifying addresses in New Orleans, LA and the surrounding area that received the brochure and the identity of the FEMA employee who delivered it. Exhibit 7, Larson Declaration ¶¶2-7.

20. The FEMA log shows that Michael Harder delivered the July 2007 formaldehyde to a trailer located at 4415 Dale Street, New Orleans, Louisiana. Exhibit 7, Larsen Declaration ¶¶2-8; Exhibit 8, Harder Declaration ¶¶2-4.

21. Ms. Alexander received a lot of letters from FEMA. Exhibit 3, Alexander Depo. p. 309/1-18. Because Ms. Alexander worked, she was not at the trailer when letters or brochures were delivered and she review them when she returned from work. After reviewing the materials she would throw them away. Exhibit 3, Alexander Depo. p. 309/1-18. When it rained the letters became wet and she did not review those materials. Exhibit 3, Alexander Depo. pp. 294-95/1-18

22. Ms. Alexander vacated the trailer on or about December 2007 or January 2008.

5

Third Supplemental and Amended Complaint ¶9 (Doc. Rec. 1686); Exhibit 3 Alexander Depo. pp. 190-91/20-3; p. 223/4-7; Exhibit 4, Alexander Fact Sheet p. 9 §V(A)(6, 7); Exhibit 5, Cooper Fact Sheet p. 9 §(V)(A)(6, 7);

| | |
|---|---|
| Dated:  August 17, 2009 | Respectfully Submitted, |
| TONY WEST | ADAM BAIN |
| Assistant Attorney General, Civil Division | Senior Trial Counsel |
| | |
| J. PATRICK GLYNN | ADAM DINNELL |
| Director, Torts Branch, Civil Division | MICHELE GREIF |
| | JONATHAN WALDRON |
| DAVID S. FISHBACK | Trial Attorneys |
| Assistant Director | |
| | //S// *Henry T. Miller* |
| | HENRY T. MILLER (D.C. Bar No. 411885) |
| OF COUNSEL: | Senior Trial Counsel |
| JORDAN FRIED | United States Department of Justice |
| Associate Chief Counsel | Civil Division – Torts Branch |
| | P.O. Box 340, Ben Franklin Station |
| JANICE WILLIAM-JONES | Washington, D.C. 20004 |
| Trial Attorney | Telephone No:  (202) 616-4223 |
| FEMA/DHS | E-mail:  Henry.Miller@USDOJ.Gov |
| Department of Homeland Security | |
| Washington, D.C. 20472 | Attorneys for the United States of America |

## CERTIFICATE OF SERVICE

     I hereby certify that on August 17, 2009, the foregoing document was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison Counsel.

                                                //S// Henry T. Miller
                                                HENRY T. MILLER (D.C. Bar No. 411885)