UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE<br>PRODUCTS LIABILITY LITIGATION | MDL NO. 07-1873 |
| | SECTION N(5) |
| | JUDGE ENGELHARDT |
| THIS DOCUMENT IS RELATED TO: | MAGISTRATE CHASEZ |

No. 08-3217 (E.D. La.), *Stephanie G. Pujol, et al v. United States of America, et al;*
No. 09-3889 (E.D.La.), *Wanda Newsome, et al v. Sunny Brook RV, Inc., et al;*
No. 09-4223 (E.D.La.), *Emile George, et al, v. Sunnybrook RV, Inc. et al;*
No. 09-590   (E.D.La.), *Michael Adams, et al. v. Alliance Homes,  et al;*
No. 1:09-cv-00395 (S.D.Ms.), *Eric Jones v. SunnyBrook RV, Inc. et al;*
No. 1:09-cv-00464 (S.D.Ms.), *Deanna Marie Barnes v. Sunnybrook RV, Inc. et al.*
No. 09-cv-482 (M.D.La.), *Annie McCrary et al v. SunnyBrook RV, Inc. et al.*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### SUNNYBROOK RV, INC.S
### PRESERVATION OF DEFENSES UNDER RULE 12(b)

**NOW INTO COURT,** through undersigned counsel, comes defendant SunnyBrook RV, Inc. ("SunnyBrook"), which, pursuant to Pretrial Order 36 (Rec. Doc. 1386) and with a full reservation of rights, submits for preservation the following list of defenses and motions under Rule 12(b) of the Federal Rules of Civil Procedure in the captioned Member lawsuits, each currently pending in the referenced MDL proceeding.  SunnyBrook reserves the right to amend

or supplement this list of Rule 12(b) defenses and to file any other preliminary pleadings, dispositive motions or affirmative defenses in the referenced underlying lawsuit, the captioned MDL proceeding, or in any other case in which it is now or subsequently named as a defendant and properly served.

1. Rule 12(b)(5) - Failure to properly effectuate service of process on Defendant.

2. Rule 12(b)(6) - Failure to state a claim upon which relief can be granted. to the extent the Complaint fails to identify a particular plaintiff with a product manufactured by Defendant.

3. Rule 12(b)(6) - Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' negligence, negligence per se, gross negligence, recklessness, failure to inspect, breach of implied warranty and "failing to act in a prudent manner" claims are barred by the exclusivity provisions of the Louisiana Products Liability Act, La. R.S. 9:2800.52 et seq.

4. Rule 12(b)(6) - Failure to state a claim upon which relief can be granted as to any breach of implied and express warranty claims because those claims are not available to plaintiffs, and to the extent that they are available, they are precluded by the Louisiana Products Liability Act, or by the law of Mississippi, Texas, Alabama, or any other applicable state's law.

5. Rule 12(b)(6) – Failure state a claim upon which relief can be granted, as plaintiffs have not alleged a specific or manifest injury or disease resulting from the alleged exposure, nor are plaintiffs entitled to medical monitoring damages to the extent plaintiffs' seek same.

6. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted, as plaintiffs have failed to make any particularized allegations regarding their injuries and damages,

and failed to make any particularized allegations connecting any particular plaintiff to conduct by any particular defendant.

7. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted as to any redhibition claim.

8. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted, as to the imposition of strict liability against defendant.

9. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted, to the extent plaintiffs seek to impose joint and several, and/or solidary liability on the manufacturing defendants.

10. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted, to the extent plaintiffs seek to impose a claim for attorneys fees.

11. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted, to the extent plaintiff seek recovery of property damages. (*See also* Rec. Doc. 984.)

12. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted, to the extent plaintiffs seek punitive or exemplary damages.

13. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted, to the extent plaintiffs seek damages under La. Civ. Code arts. 2524, 1994, 1995, and 1997.

14. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted, to the extent plaintiffs seek injunctive relief.

15. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted, as plaintiffs lack standing because they are not the purchasers or buyers of the units at issue.

16. Rule 12(b)(6) -Plaintiffs fail to state a claim upon which relief can be granted, because the claims against SunnyBrook are barred by the applicable prescriptive and peremptive periods, statute of limitations, and/or laches.

17. Rule 12(b)(6) - Plaintiffs fail to state a claim upon which relief can be granted, because on the face of the pleadings it is clear that plaintiffs knew or should have known of their cause of action more than a year before the referenced action was filed, rendering all claims prescribed under Louisiana law. Plaintiffs are not entitled to claim any tolling of the applicable prescriptive period as against defendant SunnyBrook during the pendency of the putative class action.

18. Rule 12(b)(6) - Plaintiffs fail to state a claim upon which relief can be granted, to the extent it is determined that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

19. SunnyBrook hereby adopts and incorporates all filings of applicable items listed in the preservation lists of similarly situated co-defendants in the MDL 07-1873 in all underlying cases, and all applicable Rule 12 and Rule 9 motions filed by similarly situated co-defendants in the MDL and underlying cases, as if copied herein *in extenso*.

**WHEREFORE,** pursuant to Pretrial Order 36 (Rec. Doc. 1386), defendant SunnyBrook RV, Inc. prays that the Rule 12(b) defenses listed above be preserved until the referenced underlying lawsuits are scheduled for trial at a later date. SunnyBrook reserves the right to brief any Rule 12(b) motion in full and to request oral argument on the merits of its motions.

Respectfully submitted,
**GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, APLC**

By: <u>/s/ Mark E. Seamster</u>
**RICHARD G. DUPLANTIER, JR., Bar # 18874 (T.A.)**
**CYNTHIA J. THOMAS, Bar # 22631**
**MARK E. SEAMSTER, Bar #17136**
3 Sanctuary Boulevard, Suite 301
Mandeville, Louisiana 70471
**Tel: (985) 674-6680**
**Fax: (985) 674-6681**
**Email: mseamster@gjtbs.com**
Attorneys for Defendant, SunnyBrook RV, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this the 17th day of August, 2009, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel and counsel of record who are CM/ECF participants.

<u>/s/ Mark E. Seamster</u>
MARK E. SEAMSTER