**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Charlie Age, et al v. Gulf Stream Coach* | * | |
| *Inc., et al*, Docket No. 09-2892; | * | |
| Alana Alexander, individually and on behalf of | * | |
| Christopher Cooper | * | |

* * * * * * * * * * * * * * * ** * * * * * * * * * * * * * * *

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL**
**SUMMARY JUDGMENT WITH RESPECT TO CERTAIN OF GULF STREAM**
**COACH, INC.'S AFFIRMATIVE DEFENSES**

Plaintiff, Alana Alexander, individually and on behalf of Christopher Cooper ("Plaintiff"

or "Ms. Alexander"), submits this memorandum in support of her Motion for Partial Summary

Judgment and, in support, would show the following:

**BACKGROUND**

This case is one of thousands of cases filed in this Multi District Litigation involving

travel trailers provided to victims of Hurricanes Katrina and Rita.

The case of *Age, et al v. Gulf Stream Coach, Inc., et al* (of which Ms. Alexander is a

Plaintiff) was filed on February 27, 2009.   On April 6, 2009, the Court selected Ms. Alexander

as the first trial plaintiff.

On August 5, 2009, Gulf Stream filed its Answer, in which it asserted various affirmative

defenses.  (Docket Entry No. 2532).   Plaintiff now moves for summary judgment on some of

those affirmative defenses.

## ARGUMENT AND AUTHORITIES

**I.      SUMMARY JUDGMENT STANDARD**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); see also *Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Celotex,* 477 U.S. at 324; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Auguster v. Vermillion Parish School Bd.*, 249 F .3d 400, 402 (5th Cir.2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana*, 294 F.3d 755, 758 (5th Cir.2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.*, 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the

nonmoving party, "but only when there is an actual controversy, that is, when both parties have

submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th

Cir.1994)(citations omitted). The Court will not, "in the absence of any proof, assume that the

nonmoving party could or would prove the necessary facts." *See id.* (citing *Lujan v. Nat'l*

*Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary

judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to

summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir.2003) ("When evidence

exists in the summary judgment record but the nonmovant fails even to refer to it in the response

to the motion for summary judgment, that evidence is not properly before the district court.").

Thus, the nonmoving party should "identify specific evidence in the record, and articulate"

precisely how that evidence supports his claims. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th

Cir.1994), *cert. denied*, 513 U.S. 871 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by

creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by

"unsubstantiated assertions," or "by only a scintilla of evidence." *Little*, 37 F.3d at 1075.  Rather,

a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to

permit a reasonable trier of fact to find for the nonmoving party.  *Smith v. Amedisys,* 298 F.3d

434, 440 (5th Cir.2002).

## II.    GULF STREAM'S AFFIRMATIVE DEFENSES

### A.    Second Defense: Limitations.

Gulf Stream's second affirmative defense provides:

The claims against Gulf Stream Coach, Inc. are, or may be, barred in whole or in part by
Plaintiffs' failure to institute suit within the period of time required by the applicable

statutes of limitation and/or any applicable limitation of actions, or be preemption or prescription, or failure to initiate suit within the period of time required by the applicable prescriptive periods and/or any limitation of actions contained in any applicable contracts.

Plaintiff would show that there is no evidence that she failed to file her claim within any applicable statute of limitations. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir.1990).

Further, it is clear that Plaintiff has filed her claims within the applicable statute of limitations.   Under Louisiana law, actions sounding in tort "are subject to a liberative prescription of one year." *In re FEMA Trailer Formaldehyde Products Liability Litigation*, 2009 WL 1683289 *4 (E.D. La. June 15, 2009)(citing La. Civ. Code art. 3492).   "Courts should resolve doubts about a prescription question in favor of giving the litigant his day in court." *Id.* at *5 (citing *Orthopaedic Clinic of Monroe v. Ruhl*, 786 So.2d 323, 328 (La.App.2d Cir.), *writ denied,* 798 So.2d 970 (La.2001)). "Prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished." *Id*.   (citing *Landry v. Blaise, Inc.*, 774 So.2d 187, 190 (La. App. 4th Cir.), *writ denied*, 776 So.2d (La. 2000)). "Accordingly if a petition does not show that it has prescribed on its face, the burden is on the party raising the objection of prescription to prove the facts to support prescription." *Id.* (citing *Landry*, 774 So.2d at 190).  Gulf Stream cannot meet this burden.

The first putative class action against Gulf Stream and others was filed on May 18, 2006. *Hilliard, et al  v. Gulf Stream, et al*, Cause No. 2:06-cv-02576-KDE-ALC (Docket Entry No. 1.). Plaintiff moved into her Gulf Stream travel trailer in May 2006.   *See* Deposition of Alana Alexander, at page 149, line 10 to 16, attached as **Exhibit A**.

The Court denied the Plaintiff's Motion for Class Certification on December 29, 2008 (Docket Entry No. 1014).  The statute of limitations was tolled during this time period. *American*

*Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974) ("[T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action.")

Plaintiff filed her lawsuit against Gulf Stream on February 27, 2009. *See Age, et al v. Gulf Stream, et al*, Cause No. 2:09-cv-02892(Docket Entry No. 1). Therefore, she filed her claims within two months of when the statute began to run.

B.    Eighth Defense: Plaintiff's Alleged Misuse of Trailer.

Gulf Stream's Eighth Affirmative Defense provides:

Solely in the alternative, in the event the Court finds the plaintiff has suffered any damages whatsoever, the damages complained of resulted solely or substantially from the negligence, fault or comparative fault of the plaintiff through misuse and/or abuse and/or lack of maintenance of the travel trailers, failure to follow instructions for use, failure to heed applicable warnings, and/or through other acts or omissions which will be shown more fully at the trial of this matter and which preclude recovery by plaintiff or reduce any recovery by her respective percentage of fault.

Plaintiff would show that there is no evidence that Plaintiff misused the trailer. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990).

C.    Tenth Defense: Defect was Open and Obvious.

Gulf Stream's Tenth Affirmative Defense provides:

Solely in the alternative, in the event this Court determines there was any defect in any travel trailer, which is specifically denied, said defect was apparent and obvious and could be easily avoided or remedied, precluding any recovery by plaintiff.

Plaintiff would show that there is no evidence that the defect was open and obvious. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990).

D.      Thirteenth Defense: Estoppel, Release, Waiver

Gulf Stream's Thirteenth Affirmative Defense provides:  "[c]laims against Gulf Stream

Coach, Inc. are, or may be, barred in whole or in part by the doctrines of estoppel, release or

waiver."

Plaintiff would show that there is no evidence that the doctrines of estoppels, release or

waiver apply to her claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Lavespere v.*

*Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990).

E.      Fifteenth Defense: Failure to Mitigate Damages

Gulf Stream's Fifteenth Affirmative Defense provides, "[u]pon information and belief,

plaintiff has failed to mitigate her damages."

Plaintiff would show that there is no evidence to show that she failed to mitigate her

damages. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Lavespere v. Liberty Mut. Ins.*

*Co.*, 910 F.2d 167, 178 (5th Cir.1990).

F.      Twenty-Sixth Defense: Procedural Capacity

Gulf Stream's Twenty-Sixth Affirmative Defense provides:

Pursuant to Federal Rule of Civil Procedure Rule 9, Gulf Stream Coach, Inc. specifically
asserts that Alana Alexander lacks procedural capacity to sue on behalf of the minor,
Christopher Cooper.  Upon information and belief, Christopher Cooper's father, believed
to be Darren Cooper, is alive and residing in Atlanta, Georgia.  Moreover, it is Gulf
Stream's understanding that no Court has established Alana Alexander's authority to act
in representative capacity on behalf of Christopher Cooper, rather than Darren Cooper.

Plaintiff would show that there is no evidence to show that Plaintiff lacks procedural

capacity to assert claims on behalf of her son. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325

(1986); *Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir.1990).

Further, Gulf Stream asserts its defense under FED. R. CIV. P. 9.  Rule 9 provides that,

"except when required to show that the court has jurisdiction, a pleading need not allege:

(A) a party's capacity to sue or be sued;

(B) a party's authority to sue or be sued in a representative capacity; or

(C) the legal existence of an organized association of persons that is made a party."

However, "[t]o raise any of those issues, a party must do so by a specific denial, which must state any supporting facts that are peculiarly within the party's knowledge." *Id.*

FED. R. CIV. P. 17, not the Louisiana Rules of Civil Procedure, govern this issue. *See Travelers Indemnity Co. v. Bengston*, 231 F.2d 263, 264-65 (5th Cir. 1956). Rule 17(c)(1) that "[t]he following representatives may sue or defend on behalf of a minor or an incompetent person:

    (A)   a general guardian;
    (B)   a committee;
    (C)   a conservator; or
    (D)   a like fiduciary."

Gulf Stream does not dispute that Ms. Alexander is the mother and guardian of her son Christopher. Gulf Stream only contends that Christopher's father is alive—but that has no bearing on Rule 17. Therefore, summary judgment should be granted.

Gulf Stream's affirmative defense is obviously rooted in La. C.C.P. arts. 683 and 855. Article 683[1] states:

> A. An unemancipated minor does not have the procedural capacity to sue.
> ……..
> C. The father, as administrator of the estate of his minor child, is the proper plaintiff to sue to enforce a right of an unemancipated minor who is born of the marriage of parents who are not divorced or judicially separated. The mother, as the administratrix of the estate of her minor child, is the proper plaintiff in such an action, when the father is mentally incompetent, committed, interdicted, imprisoned, or an absentee. Moreover,

---

[1] *See also* La. C.C.P., art. 4502. ("The mother shall have the authority of the father during such time as the father is mentally incompetent, committed, interdicted, imprisoned, or an absentee. Moreover, with permission of the judge, the mother may represent the minor whenever the father fails or refuses to do so; and in any event she may represent the minor under the conditions of the laws on the voluntary management of another's affairs.")

with permission of the judge, the mother may represent the minor whenever the father f fails or refuses to do so; and in any event she may represent the minor under the conditions of the laws on the voluntary management of another's affairs.

La. C.C.P. art. 855 states:

It is not necessary to allege the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of a legal entity or an organized association of persons made a party. Such procedural capacity shall be presumed, unless challenged by the dilatory exception.

Although these provisions do not apply here, if the Court finds that they do, it is settled that Christopher's father, Darren Cooper, is an "absentee". *See* A. Alexander Depo., at p. 18, line 7 to page 20, line 22, attached as **Exhibit B.**   Mr. Cooper lives in Atlanta, Georgia, has never been involved in Christopher's life, has never provided support for Christopher, has only seen Christopher once (for about ten minutes) since Christopher was ten, and has never asserted any parental rights over Christopher. *See id.*   Therefore, Ms. Alexander is competent to assert these claims against Gulf Stream on her son Christopher's behalf.

## CONCLUSION AND PRAYER

Plaintiff respectfully requests that the Court grant her motion and enter of order of summary judgment on Gulf Stream's Second, Eighth, Tenth, Thirteenth, and Twenty-Sixth affirmative defenses.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163

Telephone:     504/522-2304
Facsimile:      504/528-9973
gmeunier@gainsben.com


s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:     504/522-2304
Facsimile:      504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
ROBERT BECNEL
DENNIS REICH, Texas # 16739600

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2009, I electronically filed the foregoing with the

Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all

counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing

document and the notice of electronic filing by first-class mail to all counsel of record who are

non-CM/ECF participants.

s/Gerald E. Meunier
GERALD E. MEUNIER, #9471