UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | 07-md-1873 |
| | FORMALDEHYDE | * | |
| | PRODUCTS LIABILITY | * | |
| | LITIGATION | * | SECTION: N(5) |
| | | * | |
| | | * | JUDGE: ENGELHARDT |
| | | * | |
| | | * | MAG: CHASEZ |

This document is related to:
    *Charlie Age, et al. v. Gulf Stream Coach, Inc., et al., No. 09-2892*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## STATEMENT OF UNCONTESTED MATERIAL FACTS

Defendant, Fluor Enterprises, Inc. (FEI), submits the following statement of uncontested material facts in connection with its motion for summary judgment based on prescription.

1.    The Alexander plaintiffs allege that following Hurricane Katrina they received emergency housing assistance from FEMA, pursuant to the Stafford Act and applicable federal regulations.

2.    FEMA selected and ordered a travel trailer from the trailer manufacturer, Gulf Stream, which FEMA provided to plaintiffs for residential purposes.[1]

---

[1] Rec. doc. 1686, par. 5 & 6.

3. Plaintiffs allege that their travel trailer was installed at their location and hooked to utilities for residential purposes by Fluor Enterprises, Inc. (FEI), pursuant to a contract between FEI and FEMA.[2]

4. Plaintiffs allege that they began living in the travel trailer on May 27, 2006 and stopped living in it on December 30, 2007.[3]

5. The Alexander plaintiffs allege that "[t]he travel trailer was vacated by plaintiff and her son within a month after plaintiff first became aware of the potential dangers of formaldehyde exposure in the trailer."[4]

6. On December 4, 2007, Chris Cooper was treated in Children's Hospital emergency room for an asthma attack, which Alana Alexander attributed to "FEMA trailer formaldehyde toxin exposure" and consequently, she "moved the family out of their trailer within a month."[5]

7. The Alexander plaintiffs knew or should have reasonably known of their formaldehyde claims by December 4, 2007.

8. The original complaint in Charlie Age, et al. v. Gulf Stream Coach, Inc., et al., Civil Action No. 09-2892, was filed on February 27, 2009.[6] Alana Alexander, individually, and on behalf of her minor child, Chris Cooper, were plaintiffs in the original Age case.

9. The Alexander plaintiffs were not named plaintiffs in the Hillard class action suit.[7]

10. FEI was not named as a defendant in the Hillard class action suit.[8]

---

[2] Rec. Doc. 1686, par. 8.
[3] Rec. Doc. 1686, par. 9.
[4] Rec. Doc. 1686, par. 10.
[5] Ex. 4, (Dr. Janet Barnes' medical narrative).
[6] Rec. Doc. 1. See Hilliard, et. al v.United States of America, et. al, 06-2576 (E.D. La).
[7] Rec. Doc. 1 and id.
[8] Rec. Doc. 1.

Respectfully submitted,

**MIDDLEBERG, RIDDLE & GIANNA**

BY:  */s/ Sarah A. Lowman.*
Dominic J. Gianna, La. Bar No. 6063
Sarah A. Lowman, La. Bar No. 18311
201 St. Charles Avenue, Suite 3100
New Orleans, Louisiana 70170
Telephone: (504) 525-7200
Facsimile: (504) 581-5983
dgianna@midrid.com
slowman@midrid.com

Charles R. Penot, Jr. (La. Bar No. 1530 &
Tx. Bar No. 24062455)
717 North Harwood, Suite 2400
Dallas, Texas 75201
Tel: (214) 220-6334; Fax: (214) 220-6807
cpenot@midrid.com

*-and-*

Richard A. Sherburne, Jr., La. Bar No. 2106
450 Laurel Street, Suite 1101
Baton Rouge, Louisiana 70801
Telephone: (225) 381-7700
Facsimile: (225) 381-7730
rsherburne@midrid.com

**ATTORNEYS FOR FLUOR ENTERPRISES, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2009, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sends notice of electronic filing to all counsel of record, including court-appointed liaison counsel, who are CM/ECF participants.

 */s/Sarah A. Lowman.*
**SARAH A. LOWMAN**

ND: 4832-0501-1204, v. 1