UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | 07-md-1873 |
| | FORMALDEHYDE | * | |
| | PRODUCTS LIABILITY | * | |
| | LITIGATION | * | SECTION: N(5) |
| | | * | |
| | | * | JUDGE: ENGELHARDT |
| | | * | |
| | | * | MAG: CHASEZ |

This document is related to:
*Charlie Age, et al. v. Gulf Stream Coach, Inc., et al.*, No. 09-2892

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN SUPPORT OF
### FLUOR ENTERPRISES, INC.'S MOTION FOR SUMMARY JUDGMENT
### BASED ON LOUISIANA TORT IMMUNITY FOR
### CONTRACTORS PURSUANT TO LA. REV. STAT. 9:2771

This memorandum is submitted on behalf of Fluor Enterprises, Inc. (**FEI**) in support of its motion for summary judgment based on Louisiana tort immunity for contractors afforded by La. Rev. Stat. 9:2771.

### BACKGROUND

The general background of this suit is set forth in FEI's Memorandum in Support of its Motion for Summary Judgment based on the government contractor defense and will not be

repeated here for brevity. For purposes of this motion, plaintiffs' salient allegations are that the Alexander travel trailer was installed at their location and hooked to utilities for residential purposes by FEI, pursuant to a contract between FEI and FEMA.[1] Plaintiffs allege that FEI installed the travel trailer on concrete blocks in accordance with FEMA's specific instructions. In particular, plaintiffs allege that FEI's "blocking" of the travel trailer pursuant to FEMA's specifications created stress and distortion that allowed for increased moisture intrusion and formaldehyde exposure due to cracks and openings in the shell.[2] In essence, plaintiffs allege that FEI, a government contractor, installed the travel trailers in accordance with FEMA's installation plans and specifications and that FEMA's "blocking" specifications were defective, causing formaldehyde off-gassing in the unit and ultimately plaintiffs' alleged injuries.

The broad parameters and the pertinent detailed specifications of the Individual Assistance/Technical Assistance Contract (IA/TAC) between FEMA and FEI are set forth in FEI's motion for summary judgment based on the government contractor defense.[3] Exhibit 7 to the IA/TAC specifically directed FEI how to install the travel trailers. The Government's contract with FEI sets forth precise specifications dictating the exact manner for FEI to install the travel travelers, including detailed requirements for delivery, blocking and leveling, anchoring and straps, utility hook-ups (i.e., sewer line, water line, electrical wiring), steps, winterization, handicapped ramps/platform steps, and numerous minor tasks to make the travel trailers ready for occupancy (RFO)).[4]

---

[1] Rec. Doc. 1686, par. 8.
[2] Rec. Doc. 1, (Age's original complaint, count III); Rec. Doc. 1686 (Alexander's First Supplemental and Amending Complaint, par. 13).
[3] A copy of the IA/TAC between FEMA and FEI is attached as Exhibit 1 to FEI's motion for summary judgment (MSJ) on the government contractor defense.
[4] See the Contract, Exhibit 7, [Ex. 1 ] to FEI's MSJ based on the government contractor defense, § 2 (basic travel trailers set-up), FL-FCA 113-122.

Specifically, in Exhibit 7, the Government directed FEI to install the travel trailers on six piers constructed in a precise fashion.[5] It is undisputed that this precise specification for blocking the travel trailer was completely formulated and drafted by the Government and provided to FEI by the Government.[6] On October 17, 2005, Kevin McCarthy (the Government's COTR for FEI in Louisiana) provided FEI with a blocking diagram that conformed to FEMA's specifications in Exhibit 7 to the base IA/TAC on trailer blocking. The Government's diagram for "Typical Travel Trailer Pier Construction" was drafted by Terry R. Zien (U.S. Army Corps of Engineers) dated October 11, 2005.[7] On October 18, 2005, Kevin McCarthy issued a mandatory technical directive to FEI that all trailers installed by FEI in Louisiana <u>shall</u> be blocked in accordance with the Performance Work Statement and the diagram previously supplied to FEI by the Government.[8]

In response to Hurricane Katrina, FEMA issued Task Order 20 to FEI to provide staging support, haul/install and installation and construction activities, maintenance and deactivation.[9] Task Order 20 directed "[FEI] shall execute these tasks to the requirements and specifications identified in this Task Order, in accordance with the Performance Work Statements and applicable Exhibits."[10] It is undisputed that the Government's plans and specifications for FEI's work were mandatory. The contract did not allow FEI to change any of the specifications.

Further, FEI's work conformed to the Government's mandatory specifications for installation of the travel trailers. Stephen Miller was a supervisor over logistical operations with FEMA on the IA/TAC. Mr. Miller worked very closely with individuals from FEI and

---

[5] The IA/TAC, Exhibit 7, [Ex.1] FL-FCA 113-114.
[6] Decl. of Charles A. Whitaker, attached hereto.
[7] Ex. 3 to FEI's MSJ based on the government contractor defense (emails & diagrams).
[8] Ex. 3 to FEI's MSJ based on the government contractor defense (emails & diagrams).
[9] <u>See</u> Exs. 1 and 1(A) to FEI's MSJ based on the government contractor defense, the contract, Task Order HSFEHQ-05-J-0020, Statement of Work for Disaster No. 1603 in Louisiana, FL-FCA 219-222.
[10] Exs. 1 and 1(A), FEI's MSJ based on the government contractor defense, the contract, general provisions (3) FL-FCA 219.

personally observed FEI's performance in the Hurricane Katrina and Rita response. He made visits to FEI's staging areas and sites where units were installed or in the process of installation. He did not receive any complaints regarding the performance of FEI's work under the contract and he did not have any complaints concerning their performance. He was satisfied with the performance of FEI's work under the contract.[11]

David Garratt, Deputy Administrator of FEMA, testified it was an explicit FEMA directive to put the travel trailers on blocks. If the contractor did not put the travel trailers on blocks, they would have been violating their contract with FEMA. FEMA also required the contractors to hook up the trailers to utilities, and if the contractors did not do that, they would be violating their contract with the federal government through FEMA.[12] There are no allegations and no evidence that FEI deviated from the scope of work that it was mandated to do by the Government. It is also undisputed that the Government inspected FEI's final travel trailer installations to ensure compliance with Exhibit 7 of the IA/TAC.[13]

Finally, there is no evidence that FEI had justifiable reason to believe that its adherence to the Government's installation specifications could somehow lead to formaldehyde off-gassing in the units.[14]

## ARGUMENT AND APPLICABLE LAW

Plaintiffs' claims against FEI are barred by La. Rev. Stat. 9:2771. FEI is a government contractor that performed its work according to and in compliance with the plans and

---

[11] The pertinent testimony from the deposition transcript of Stephen Miller is attached as Exhibit 6, p. 200-202 to FEI's MSJ based on the government contractor defense.

[12] The pertinent portions of the deposition transcript testimony of Mr. Garratt are attached as Exhibit 7, p.218-221 to FEI's MSJ on the government contractor defense.

[13] See FEMA Trailer Travel Inspections, Field Inspections' Guide, attached as Exhibit 4 to FEI's MSJ based on the government contractor defense.

[14] See e.g. Exhibit 9 to FEI's MSJ based on the government contractor defense, deposition of Robert Duckworth.

specifications provided and mandated by the Government through FEMA and, therefore, FEI is immune from suit, entitling it to summary judgment.

Louisiana Revised Statute 9:2771 provides:

> ***No contractor***, including but not limited to a residential building contractor as defined in R.S. 37:2150.1(9), ***shall be liable for*** destruction or deterioration of or ***defects in any work constructed***, or under construction, ***by him if he constructed***, or is constructing, ***the work according to plans or specifications furnished to him which he did not make or cause to be made and if the destruction, deterioration, or defect was due to any fault or insufficiency of the plans or specifications.*** This provision shall apply regardless of whether the destruction, deterioration, or defect occurs or becomes evident prior to or after delivery of the work to the owner or prior to or after acceptance of the work by the owner. The provisions of this Section shall not be subject to waiver by the contractor.

(emphasis added).

Under Louisiana law, a contractor is statutorily immune from liability for destruction, deterioration or defects of things built if the contractor can prove that the thing was built according to furnished plans and specifications, because the contractor is not the guarantor of the sufficiency of plans and specifications drawn by another person. The contractor is not required to prove fault or insufficiency of the plans and specifications. Rather, immunity results from proof of compliance alone. <u>Bernard v. State of La. Through DOTD</u>, 640 So. 2d 694 (La. App. 3d Cir. 1994); <u>City of Covington v. Heard</u>, 428 So.2d 1132 (La. App. 1st Cir. 1983); <u>Allstate Enterprises, Inc. v. Brown</u>, 907 So.2d 904 (La. App. 2d Cir.2005).

The contractor immunity statute applies to third-party tort claims. <u>Morgan v. LaFourche Recreation Dist. No. 5</u>, 822 So.2d 716 (La. App. 1st Cir. 2002), <u>writ</u> <u>denied</u>, 827 So.2d 1156 (La. 2002). The contractor's immunity to third parties for defects in work constructed results from proof of compliance to plans and specifications alone. <u>Cormier v. Honiron Corp.</u>, 771 So.2d 193 (La. App. 3d Cir. 2000); <u>Allstate Enterprises, Inc.</u>, 907 So.2d at 904 (9:2771 provides safe harbor

to contractor so long as plans and specifications are not provided by contractor; contractor is immune from liability upon constructing and compliance with plans and specifications); Lyncker v. Design Engineering, Inc., 988 So.2d 812 (La. App. 4th Cir. 2008) (contractor is not the guarantor of the sufficiency of plans and specifications drawn by another, and if it complies with those plans and specifications, it is entitled under the statute to immunity for destruction or deterioration of work). Accordingly, an experienced contractor is not under a duty to check specifications furnished to the contractor by another to determine if they are sufficient before proceeding. Lebreton v. Brown, 260 So.2d 767 (4th Cir. 1972).[15]

      To defeat the contractor's immunity under the statute, a plaintiff must first show that there was a defect in the plans and specifications provided to the contractor and that the contractor was aware of it. In other words, proof that either the situation created was not hazardous or that the contractor had no justifiable reason to believe a hazardous situation was being created is an essential element of the contractor's defense. Morgan, 822 So.2d at 716. A contractor who strictly adheres to plans or specifications furnished to him is relieved of liability to third persons when the contractor has no reason to believe that alleged deficiencies contained in such plans and specifications would lead to a dangerous condition. Lake D'Arbonne Properties LLC v. Digco Utilities Const., Inc., 949 So.2d 590 (La. App. 2d Cir. 2007); Arnold v. Our Lady of the Lake Hosp., Inc., 562 So.2d 1056 (La. App. 1st Cir. 1990).

      For example, in Lyncker, 988 So.2d at 812, a contractor, which constructed a flood gate for a parish levee district in accordance with plans and specifications provided by a design engineer, was statutorily immune from liability in a wrongful death action arising from the driver's fatal collision with the flood gate, where there was no showing that the contractor had any reason to believe that constructing the flood gate in accordance with the specifications would

---

[15] Affirmed, 277 So.2d 645 (La. 1972).

create a hazardous condition.  Similarly, in <u>Galatas v. Wallace Drennan, Inc</u>., 975 So.2d 660 (La. App. 4th Cir. 2008), a contractor that did not draft the plans and specifications for street construction it performed, was entitled to statutory immunity from an action by property owners who alleged that their property was damaged by the construction, absent evidence that the contractor failed to follow the plans and specifications provided.

Even if the specifications provided allow the contractor some discretion in the manner of work to be performed, the contractor is immune from liability.  In <u>Lake D'Arbonne Properties, LLC</u>, 929 So.2d at 590, a contractor that installed a gas pipeline under a contract with a utility was immune from liability to a residential developer after the subdivision roadway failed due to improper compaction in filling a pipeline trench.  The trench was back-filled by a backhoe which then ran over the dirt to compact it.  "This compaction method was done according to [the contractor's] general procedure."  <u>Id.</u> at 592. The contractor used its normal procedure to compact the dirt, and the utility was aware of the danger of digging the trench into the road shoulder, but failed to give the contractor any special compacting instructions:

> Digco [the contractor] compacted the dirt using its normal procedure.  Although CenterPoint was aware of the danger of digging a trench into a road shoulder, **it never instructed Digco to utilize any special compacting procedures.  As such, the deficiency was due to the insufficiency of CenterPoint's instructions.**

<u>Id</u>. at 597.  Accordingly, the court determined that the contractor was entitled to immunity and all claims against it were dismissed.  <u>Id</u>.

When this immunity defense is raised by a contractor at the summary judgment stage in a tort action, it is incumbent upon plaintiffs, rather than on the contractor, to show that there is a genuine issue of material fact with respect to whether the contractor had reason to believe that

working in compliance with the plans and specifications would create a hazardous condition. Lyncker, 988 So.2d at 812.  Plaintiffs cannot meet this burden of proof here.

FEMA created and provided the plans and specifications for installation of the travel trailer.  In addition to FEMA's precise requirements for blocking and leveling the trailers, FEMA issued mandatory directives to FEI on how to block the trailers, including a detailed diagram drafted by a U.S. Army Corps. Engineer.  There is no evidence that FEI's work deviated from the Government's travel trailer installation plans and specifications.  FEI's work under the contract, including installation of the trailers, conformed to FEMA's specifications because FEMA supervised, inspected and expressly accepted FEI's work.[16]  Moreover, plaintiffs cannot prove that any "defect" in the Government's installation specifications led to any injuries sustained.  And, even assuming arguendo, that there was any defect in the Government's installation specifications, which is denied, FEI had no justifiable reason to believe that its adherence to these specifications created a hazardous condition. Accordingly, FEI is immune from suit under 9:2771, entitling it to summary judgment and dismissal.

## CONCLUSION

Based on the foregoing, FEI respectfully requests that this Court grant summary judgment, dismissing all of plaintiffs' claims against it in this suit.

Respectfully submitted,

**MIDDLEBERG, RIDDLE & GIANNA**

BY: _/s/ Sarah A. Lowman._
Dominic J. Gianna, La. Bar No. 6063
Sarah A. Lowman, La. Bar No. 18311
201 St. Charles Avenue, Suite 3100
New Orleans, Louisiana 70170
Telephone: (504) 525-7200
Facsimile: (504) 581-5983

---

[16] See Exhibit 8 to FEI's MSJ based on government contractor defense, FEMA's final acceptance of work.

>dgianna@midrid.com
>slowman@midrid.com
>
>*-and-*
>
>Charles R. Penot, Jr. (La. Bar No. 1530 &
>Tx. Bar No. 24062455)
>717 North Harwood, Suite 2400
>Dallas, Texas 75201
>Tel: (214) 220-6334; Fax: (214) 220-6807
>cpenot@midrid.com
>
>*-and-*
>
>Richard A. Sherburne, Jr., La. Bar No. 2106
>450 Laurel Street, Suite 1101
>Baton Rouge, Louisiana 70801
>Telephone: (225) 381-7700
>Facsimile: (225) 381-7730
>rsherburne@midrid.com

**ATTORNEYS FOR FLUOR ENTERPRISES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2009, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sends notice of electronic filing to all counsel of record, including court-appointed liaison counsel, who are CM/ECF participants.

>*/s/Sarah A. Lowman.*
>**SARAH A. LOWMAN**

ND: 4853-2968-4484, v. 2