UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | 07-md-1873 |
| | FORMALDEHYDE | * | |
| | PRODUCTS LIABILITY | * | |
| | LITIGATION | * | SECTION: N(5) |
| | | * | |
| | | * | JUDGE: ENGELHARDT |
| | | * | |
| | | * | MAG: CHASEZ |

This document is related to:
   *Charlie Age, et al. v. Gulf Stream Coach, Inc., et al., No. 09-2892*

******************************************************************************

**FLUOR ENTERPRISES, INC.'S STATEMENT OF UNCONTESTED
MATERIAL FACTS BASED ON LOUISIANA TORT IMMUNITY
FOR CONTRACTORS PURSUANT TO LA. REV. STAT. 9:2771**

Defendant, Fluor Enterprises, Inc. (FEI), submits the following statement of uncontested material facts in connection with its motion for summary judgment:

1.   The Alexander plaintiffs allege that following Hurricane Katrina they received emergency housing assistance from FEMA, pursuant to the Stafford Act and applicable federal regulations.

2.   FEMA selected and ordered a travel trailer from the trailer manufacturer, Gulf Stream, which FEMA provided to plaintiffs for residential purposes.[1]

---

[1] Rec. Doc. 1686 par. 5 & 6.

3.      Plaintiffs allege that their travel trailer was installed at their location and hooked to utilities for residential purposes by Fluor Enterprises, Inc. (FEI), pursuant to a contract between FEI and FEMA.[2]

4.      The Individual Assistance – Technical Assistance Contract, No. HSFEHQ-05-D-0471 (LA/TAC) set forth precise specifications directing the exact manner for FEI to install the travel trailers, including detailed requirements for delivery, blocking and leveling, anchoring and straps, utilities hook-ups (including sewer line, water line, electrical wiring), steps, winterization, handicap ramps/platform steps, and numerous other minor tasks to make the trailer trailers ready for occupancy (RFO).[3]

5.      In Exhibit 7 to the IA/TAC contract, FEMA directed FEI to install the travel trailers on six piers constructed in a precise fashion.[4]

6.      FEMA's specification for "Blocking and Leveling" the travel trailer was completely formulated, designed and drafted by the Government and provided to FEI by the Government.[5]

7.      In response to Hurricane Katrina, FEMA issued Task Order 20 to FEI to provide staging support, haul-install, and installation construction activities, maintenance and deactivation to further FEMA's operational objective of providing temporary housing solutions for people displaced because of Hurricane Katrina.[6]

---

[2] Rec. Doc. 1686, par. 8.
[3] See Contract, Ex.1 attached to FEI's motion for summary judgment based on the government contractor defense (gov. contractor MSJ), § 2 (basic travel trailers set-ups) FL-FCA-113-122.
[4] See The Contract, Ex. 7 [Ex.1, gov. contractor MSJ], FL-FCA-113-114.
[5] See The Contract, Ex. 7 [Ex. 1, gov. contractor MSJ], FL-FCA-113-114; Ex.3 (emails and diagram), to government contractor MSJ; decl. of Charles A. Whitaker, art. 9.
[6] See The Contract, Ex. 1A, gov. contractor MSJ, Task Order HSFEHQ-05-J-0020, Statement of Work, for disaster no. 1603 in Louisiana, FL-FCA 219-222.

8.   Task Order 20 directed "[FEI] shall execute these tasks to the requirements and specifications identified in this task order in accordance with the Performance Work Statements and applicable Exhibits."[7]

9.   On October 17, 2005, Kevin McCarthy (the Government's COTR for FEI in Louisiana) provided FEI with a blocking diagram that conformed to FEMA's Performance Work Statement on trailer blocking set forth in the base IA/TAC. The Government's diagram for "Typical Travel Trailer Pier Construction" was drafted by Terry R. Zien (U.S. Army Corps of Engineers) dated October 11, 2005.[8]

10.  On October 18, 2005, Kevin McCarthy (the Government's COTR for FEI in Louisiana) issued a mandatory technical directive to FEI that all trailers installed by FEI in Louisiana shall be blocked in accordance with the Performance Work Statement and the diagram previously supplied to FEI by the Government.[9]

11.  FEI hired subcontractors to install the majority of the travel trailers, including the Alexander plaintiffs' travel trailer. Subcontractor MLU Services Inc. installed Alexanders' trailer.[10]

12.  FEI's work under the IA/TAC conformed to the Government's precise specifications, particularly the mandatory specifications for installation of the travel trailers, including the Alexanders' travel trailer.[11]

---

[7] See The Contract, Ex.1A, gov. contractor MSJ, General Provisions (3), FL-FCA-219.
[8] See Exhibit 3 attached to gov. contractor MSJ (emails & diagram), FL-FCA 9364, 9521, 7180-85; decl. of Charles A. Whitaker.
[9] See id.
[10] See Exhibit 2 attached to gov. contractor MSJ, FL-FCA 4623.
[11] See Decl. of Charles A. Whitaker and exhibit 8, FEMA's final acceptance of work, FL-FCA 19669-19670 (to government contractor MSJ).

3

13. FEMA mandated that the performance of FEI's work under the IA/TAC would be subject to the Quality Assurance Surveillance Plan and the technical work plan as submitted by FEI and the COTR (FEMA) representative.[12]

14. The Government inspected FEI's final trailer installations to ensure compliance with Exhibit 7 of the IA/TAC.[13]

15. If FEI did not put the travel trailers on blocks present to FEMA's specifications, FEI would have been in violation of its contract with FEMA.[14]

16. FEI's work conformed to the scope of work that it was directed to do by the Government.

17. FEI's work under the IA/TAC was accepted and finally approved by FEMA.[15]

18. FEI had no justifiable reason to believe that working in compliance with FEMA's plans and specifications for trailer installation could create any hazardous condition regarding the presence of formaldehyde.

                Respectfully submitted,

                **MIDDLEBERG, RIDDLE & GIANNA**

                BY:     */s/Sarah A. Lowman*
                      Dominic J. Gianna, La. Bar No. 6063
                      Sarah A. Lowman, La. Bar No. 18311
                      201 St. Charles Avenue, Suite 3100
                      New Orleans, Louisiana 70170
                      Telephone: (504) 525-7200
                      Facsimile: (504) 581-5983
                      dgianna@midrid.com
                      slowman@midrid.com

---

[12] See Contract, Ex.1, gov. contractor MSJ, FL-FCA-15, G.7 (technical direction and surveillance).
[13] See Decl. of Charles A. Whitaker, attached hereto (and as Exh. 5 to gov. contractor MSJ) and see exhibit 8 to gov. contractor MSJ).
[14] See David Garratt, deposition testimony, p. 218-221 Ex. 7, gov. contractor MSJ.
[15] See exhibit 8, FEMA's final acceptance of work, FL-FCA 19669-19670.

>Charles R. Penot, Jr. (La. Bar No. 1530 &
>Tx. Bar No. 24062455)
>717 North Harwood, Suite 2400
>Dallas, Texas 75201
>Tel: (214) 220-6334; Fax: (214) 220-6807
>cpenot@midrid.com
>
>>*-and-*
>
>Richard A. Sherburne, Jr., La. Bar No. 2106
>450 Laurel Street, Suite 1101
>Baton Rouge, Louisiana 70801
>Telephone: (225) 381-7700
>Facsimile: (225) 381-7730
>rsherburne@midrid.com

**ATTORNEYS FOR FLUOR ENTERPRISES, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2009, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sends notice of electronic filing to all counsel of record, including court-appointed liaison counsel, who are CM/ECF participants.

>*/s/ Sarah A. Lowman* .
>SARAH A. LOWMAN

ND: 4827-0477-5428, v. 1