UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | 07-md-1873 |
| | FORMALDEHYDE | * | |
| | PRODUCTS LIABILITY | * | |
| | LITIGATION | * | SECTION: N(5) |
| | | * | |
| | | * | JUDGE: ENGELHARDT |
| | | * | |
| | | * | MAG: CHASEZ |

This document is related to:
　　*Charlie Age, et al. v. Gulf Stream Coach, Inc., et al., No. 09-2892*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## FLUOR ENTERPRISES, INC.'S MOTION FOR SUMMARY JUDGMENT BASED ON THE GOVERNMENT CONTRACTOR DEFENSE

# FLUOR EXHIBIT 9

```
1:1              UNITED STATES DISTRICT COURT

  2              EASTERN DISTRICT OF LOUISIANA

  3

  4    IN RE:    FEMA TRAILER          * MDL NO. 1873

  5              FORMALDEHYDE PRODUCTS  *

  6              LIABILITY LITIGATION   * SECTION "N" (5)

  7                                     *

  8                                     * JUDGE ENGELHARDT

  9    THIS DOCUMENT IS RELATED TO      * MAGISTRATE CHASEZ

 10                                     *

 11    Charlie Age, et al v. Gulf       *

 12    Stream Coach, Inc., et al,       *

 13    Docket No. 09-2892; Alana        *

 14    Alexander, individually and on   *

 15    behalf of Christopher Cooper     *

 16                      - - - - -

 17     Videotaped  telephone deposition of ROBERT

 18    E. DUCKWORTH, taken by the Plaintiffs,

 19    pursuant to notice and/or agreement, before

 20    Phyllis Butler, Court Reporter and Notary

 21    Public, at the Hilton, 45 West Orchard Park

 22    Drive, Greenville, South Carolina, on the

 23    5th day of August, 2009, commencing at the

 24    hour of 6:15 o'clock, p.m.

 25                      - - - - -
```

8:1   MR. MILLER:  Henry Miller for the

2   Defendant United States of America.

3   MR. GLASS:  Joe Glass for Gulf

4   Stream Coach, Inc.

5   MR. BARRIOS:  Jerry Barrios for

6   CH2M and Hill Constructors, Inc.

7   MR. PENOT:  Charles Penot for

8   Fluor Enterprises, Inc., and with

9   me in the room are Mr. Charles Al

10   Whitaker and Hugo Linares.

11                 ROBERT E. DUCKWORTH,

12         being first duly sworn, was examined

13         and deposed as follows:

14                 DIRECT EXAMINATION

15   BY MR. PINEDO:

16   Q.   Sir, could you please state your name.

17   A.   My name is Robert England Duckworth.

18   Q.   Mr. Duckworth, how are you currently

19   employed?

20   A.   I am an employee of Fluor Corporation.

21   Q.   And what is your title with Fluor

22   Corporation?

23   A.   Senior Safety Manager, Health, Safety

24   and Environment.

25   Q.   And how long have you held that

9:1    position?

2    A.    I have held my present position since

3    approximately --- for about three

4    years.  I've held various positions

5    through the company.

6    Q.    In March of 2006 what was your position

7    with Fluor?

8    A.    I was an employee of Fluor Government

9    Group.  I was the Senior Site Safety

10    Manager for the FEMA IATAC Contract for

11    our work in Gonzales Operations Center.

12    Q.    And that's Gonzales, Louisiana; is that

13    right?

14    A.    That is correct.

15    Q.    You understand that you are a

16    designated representative on behalf of

17    Fluor today?

18    A.    Yes, I understand that.

19    Q.    You are a designated representative on

20    Item Number 18 in the Deposition

21    Notice, which is what you knew --- and

22    you understand "you" as being Fluor; is

23    that right?

24    A.    Can I see Number 18, please?  Yes, that

25    is correct.

10:1    Q.    Let me read it to you and get your

2       affirmation once I've read it.   "What

3       Fluor knew about formaldehyde in travel

4       trailers and formaldehyde exposures,

5       dangers ---"   Let me start over.

6       Number 18 states, "What you knew about

7       formaldehyde in travel trailers and

8       formaldehyde exposure dangers prior to

9       Hurricanes Katrina and Rita."   You

10      understand you're a designated

11      representative on behalf of Fluor for

12      that item?

13      A.    Yes, I do.

14      Q.    You also understand that you are the

15      designated representative of Fluor on

16      communications with Gulf Stream Coach,

17      Inc. and/or FEMA regarding the effects

18      of formaldehyde exposure and the

19      potential length of time residents

20      would stay in travel trailers; is that

21      right?

22      A.    Yes, I am one of the representatives.

23      Q.    And you're also one of the

24      representatives on Item Number 13 on

25      that Deposition Notice; is that right?

78:1   MR. PINEDO: Object to the form.

2   A.   That is correct.

3   Q.   When did Fluor first become aware of

4   the potential problem of formaldehyde

5   in the travel trailers?  I'm just

6   rephrasing the question to respond to

7   the counsel's objection.

8   A.   Of the potential for a problem?

9   Q.   Yes.

10   A.   Yeah, in March 2006.

11   Q.   Prior to March 2006 had Fluor received

12   any complaints about formaldehyde

13   concerns in the travel trailers?

14   A.   None that I am aware of.

15   Q.   Had it received any complaints from any

16   of its employees?

17   A.   None.

18   Q.   Any of the occupants to the best of

19   your knowledge?

20   A.   None to the best of my knowledge.

21   Q.   Prior to March of 2006 had Fluor in any

22   of its prior experiences responding to

23   any disasters had any information that

24   formaldehyde was an issue of concern

25   for occupants in travel trailers?

79:1   A.   None that I am aware.

2   Q.   Had Fluor any information that

3   suggested that formaldehyde was an

4   issue of concern for its employees in

5   travel trailers?

6   A.   None that I'm aware.

7    MR. MILLER:  Sir, those are all

8   the questions I have.  I appreciate

9   your time and patience.

10    MR. PENOT:  Are you guys reserving

11    ---

12    MR. MILLER:  And I apologize.

13   That's all the questions I have

14   now.  I reserve the rest of my

15   time, and I join in Mr. Pinedo's

16   concerns and the statements

17   regarding why the Government is

18   reserving that time.

19    MR. PINEDO:  Let me just make one

20   more statement for the record.  I

21   understand the deposition is

22   limited to ten hours.  I understand

23   the Defendants are not proceeding

24   with the three hours.  I would like

25   to proceed with the remainder of