UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE:  FEMA TRAILER             *  07-md-1873
        FORMALDEHYDE             *
        PRODUCTS LIABILITY       *
        LITIGATION               *  SECTION: N(5)
                                 *
                                 *  JUDGE: ENGELHARDT
                                 *
                                 *  MAG: CHASEZ

This document is related to:
  *Charlie Age, et al. v. Gulf Stream Coach, Inc., et al., No. 09-2892*

**************************************************************************

### FLUOR ENTERPRISES, INC.'S STATEMENT OF UNCONTESTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT REGARDING CLAIMS AGAINST IT UNDER THE LOUISIANA PRODUCTS LIABILITY ACT

Defendant, Fluor Enterprises, Inc. (FEI), submits the following statement of uncontested material facts in connection with its motion for summary judgment regarding claims against it under the Louisiana Products Liability Act.

1. Following Hurricane Katrina, plaintiffs admit they received emergency housing assistance from FEMA, pursuant to the Stafford Act and applicable federal regulations.[1]

2. FEMA selected and ordered a travel trailer from the trailer manufacturer, Gulf Stream, which FEMA provided to plaintiffs as temporary housing.[2]

---

[1] Rec. Doc. 1686, par. 4-5.

3.      Plaintiffs contend that they began living in the travel trailer on May 27, 2006 and stopped living in it on December 30, 2007.[3]

4.      Plaintiffs allege that their travel trailer was installed at their location and hooked to utilities for residential purposes by Fluor Enterprises, Inc. (FEI), pursuant to a contract between FEI and FEMA.[4]

5.      Plaintiffs assert claims against FEI under the Louisiana Products Liability Act (LPLA) as a "manufacturer" based on FEI's installation of the travel trailer in accordance with FEMA's mandatory specifications.[5]

6.      Plaintiffs alternatively allege state law negligence claims against FEI in the event FEI is not found to be a "manufacturer" under LPLA.[6]

7.      Plaintiffs allege that FEMA became aware of the safety and health risks and concerns related to formaldehyde exposure in their travel trailer, as early as the fall/winter of 2005.[7]

8.      On July 12, 2005, FEMA awarded an individual assistance – technical assistance (IA-TAC) contract no. HSFEHQ-05-D-0471 to FEI to be prepared to mobilize to provide general contractor services for disaster relief anywhere in the United States, pursuant to individual task orders to be issued by FEMA.[8]

9.      The IA-TAC contract provided the general requirements for all of FEI's anticipated work "at [v]arious disaster sites to be determined" by FEMA anywhere in the

---

[2]  Rec. Doc. 1, C.A. No. 09-2892, page 18.
[3]  Rec. Doc. 1686, par. 9.
[4]  Rec. Doc. 1686, par. 8.
[5]  Rec. Doc. 1686, par. 13 (incorporating pars. 103-109 of the original complaint).
[6]  Rec. Doc. 1, count IV, Rec. Doc. 1636, par. 14.
[7]  Rec. Doc. 1686, par. 11.
[8]  The Contract, Ex. 1.

United States with the condition that FEMA would prepare a specific statement of Work (SOW) for each individual task order it later issued.[9]

10.    The IA-TAC contract award generally required FEI to "provide the necessary personnel, materials, services, equipment, and facilities, and otherwise do all things necessary to provide temporary shelters and related services as described in the Scope of Work Attachment A."[10]

11.    The IA-TAC contract terms generally provided for FEI to perform contractor services in the event of a disaster on a project by project basis, as assigned by FEMA including, but not limited to: "supporting staging areas for units, installation of units, maintenance and upkeep, site inspections ... restorations, group site designs ... construction, site assessment, property and facility management, and unit deactivation and removal."[11]

12.    The IA-TAC contract generally provided that FEI personnel shall perform professional, technical, clerical and field work as assigned by the task order."[12]

13.    The IA-TAC contract set forth precise specifications directing the exact manner for FEI to install the travel trailers, including detailed requirements for delivery, blocking and leveling, anchoring and straps, utilities hook-ups (including sewer line, water line, electrical wiring), steps, winterization, handicap ramps/platform steps, and numerous other minor tasks to make the trailer trailers ready for occupancy (RFO).[13]

---

[9]  The Contract, Ex. 1.
[10] The Contract, Ex. 1.
[11] The Contract Ex. 1.
[12] The Contract, Ex. 1.
[13] The Contract, Ex. 1.

14. In Exhibit 7 to the IA-TAC contract, FEMA directed FEI to install the travel trailers on six piers constructed in a precise fashion.[14]

15. In Exhibit 10 to the IA-TAC Contract are the Maintenance-Temporary Housing Units provisions that relate to the maintenance of the EHUs, including travel trailers.[15]

16. In response to Hurricane Katrina, FEMA issued Task Order 20 to FEI to provide staging support, haul-install, and installation construction activities, maintenance and deactivation to further FEMA's operational objective of providing temporary housing solutions for people displaced because of Hurricane Katrina.[16]

17. FEI was assigned the task of delivering, installing and making ready for use the EHU assigned to Alana Alexander.[17]

18. FEI maintains a FEMA installation packet in regards to the EHU assigned to Alana Alexander.[18]

19. The EHU installation packet indicates that Alana Alexander's EHU was to be located at 4415 Dale Street, New Orleans, Louisiana and designated Site Control number SC-03-077802 and assigned Private Site Installation Work Order number 1603-001-061241-INP.[19]

20. The EHU assigned to Alana Alexander was a travel trailer owned by FEMA and manufactured by Gulf Stream bearing VIN No. 1NL1GTR2531021783.[20]

---

[14] Declaration of Charles Al Whitaker, Ex. 2.
[15] Declaration of Charles Al Whitaker, Ex. 2.
[16] The Contract, Ex. 1.
[17] Declaration of Charles Al Whitaker at ¶ 11.
[18] Declaration of Charles Al Whitaker at ¶ 12.
[19] Declaration of Charles Al Whitaker at ¶ 13.
[20] Declaration of Charles Al Whitaker at ¶ 14.

21. The travel trailer Unit Inspection Report is dated January 14, 2006 and indicates that the condition of the travel trailer and its contents was like new. The travel trailer included a water heater, range, refrigerator and microwave.[21]

22. The travel trailer was picked up at FEI's Six Flags staging area on February 17, 2006 and installed at 4415 Dale Street, New Orleans, Louisiana on the same day.[22]

23. The Ready For Occupancy (RFO) QC/QA Acceptance Checklist indicates that the travel trailer assigned to Alana Alexander was blocked on at least 6 concrete piers, anchored with the required straps, and utilities installed (ie. sewer, water, and electricity) as well as propane tanks, battery and metal steps.[23]

24. Alana Alexander took occupancy of the EHU at 4415 Dale Street, New Orleans, LA on March 20, 2006.[24]

25. The Maximo Work Order tracking system is a data system that maintains information and data related to maintenance performed by FEI on the EHUs once the EHU is installed and occupied.[25]

26. The Maximo Work Order tracking system indicates that FEI did not perform any maintenance on the EHU assigned to Alana Alexander once it was installed and prior to March 20, 2006.[26]

---

[21] Declaration of Charles Al Whitaker at ¶ 15.
[22] Declaration of Charles Al Whitaker at ¶ 16.
[23] Declaration of Charles Al Whitaker at ¶ 17.
[24] Declaration of Charles Al Whitaker at ¶ 18.
[25] Declaration of Charles Al Whitaker at ¶ 19.
[26] Declaration of Charles Al Whitaker at ¶ 20.

27. The Maximo Work Order tracking system would have indicated if FEI had performed any routine maintenance or any major material item replacement on an EHU that exceeded $250.00.[27]

28. FEMA's Contracting Officer's Technical Representative (COTR) approval is required for any major material item replacement on an EHU that exceeds $250.00 whether the EHU is in a staging yard or installed and COTR approval is tracked on the Technical Direction Log.[28]

29. The records do not indicate that COTR approval was sought by FEI and/or received by FEI regarding the EHU assigned to Alana Alexander.[29]

        Respectfully submitted,

        **MIDDLEBERG, RIDDLE & GIANNA**

BY:    s/ Richard A. Sherburne, Jr.
       Dominic J. Gianna, La. Bar No. 6063
       Sarah A. Lowman, La. Bar No. 18311
       201 St. Charles Avenue, Suite 3100
       New Orleans, Louisiana 70170
       Telephone: (504) 525-7200
       Facsimile: (504) 581-5983
       dgianna@midrid.com
       slowman@midrid.com

       Charles R. Penot, Jr. (La. Bar No. 1530 & Tx. Bar No. 24062455)
       717 North Harwood, Suite 2400
       Dallas, Texas 75201
       Tel: (214) 220-6334; Fax: (214) 220-6807
       cpenot@midrid.com

        *-and-*

---

[27] Declaration of Charles Al Whitaker at ¶ 21.
[28] Declaration of Charles Al Whitaker at ¶ 22.
[29] Declaration of Charles Al Whitaker at ¶ 23.

>Richard A. Sherburne, Jr., La. Bar No. 2106
>450 Laurel Street, Suite 1101
>Baton Rouge, Louisiana 70801
>Telephone: (225) 381-7700
>Facsimile: (225) 381-7730
>rsherburne@midrid.com

**ATTORNEYS FOR FLUOR ENTERPRISES, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2009, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sends notice of electronic filing to all counsel of record, including court-appointed liaison counsel, who are CM/ECF participants.

>s/ Richard A. Sherburne, Jr.