UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO.:2:07-MD-1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY | * | SECTION: N(5) |
| LITIGATION | * | |
| | * | JUDGE: ENGELHARDT |
| | * | |
| THIS DOCUMENT RELATES TO | * | MAGISTRATE JUDGE: |
| *CARRIE SMITH V. RECREATION* | * | CHASEZ |
| *BY DESIGN, LLC, SHAW* | * | |
| *ENVIRONMENTAL, INC.,* and *THE* | * | |
| *United States of America* through the | * | |
| *FEDERAL EMERGENCY* | * | |
| *MANAGEMENT AGENCY* | * | |
| *NO. 09-3957* | * | |

**************************************************************************

PRESERVATION OF DEFENSES
FILED ON BEHALF OF RECREATION BY DESIGN, LLC

NOW INTO COURT, through undersigned counsel, comes Defendant, Recreation By

Design, LLC ("RBD"), who, pursuant to Pretrial Order No. 36 (Doc. 1386), respectfully submits the

following list of defenses in the underlying lawsuit of *Carrie Smith v. Recreation By Design, LLC,*

*et al* 09-3957.[1]  Defendant's listing is limited to only the *Smith*  matter, and Defendant reserves its

right to assert any other allowable preliminary pleadings, dispositive motions or affirmative defenses

in this case or in any other case in which it is subsequently named and properly served.

In accordance with the Court's direction, Defendant submits the following defenses that are

anticipated to be raised:

---

[1]RBD is filing this Preservation List in accordance with Pre-Trial Order 36.  It is unclear the extent to which the Master Complaint and its amendments supersede, amend and/or replace the allegations asserted by the plaintiff in the underlying action.  Thus, this Preservation List is being filed out of an abundance of caution and to ensure that all relevant motions and defenses are preserved, RBD has listed the defenses and motions applicable to the underlying action and the Master Complaint, as subsequently amended.  RBD reserves its right to supplement and amend its preservation list in the future as further discovery may warrant and require, and in accordance with any and all subsequently filed or served lawsuits naming RBD as a party defendant.

1.   12(b)(4)(5) - Insufficient process and insufficiency of service of process.

2.   12(b)(6)–Failure to state a claim upon which relief can be granted against RBD.

3.   12(b)(6)–Failure to state a claim for breach of implied and express warranty because those claims are not available to plaintiff, and to the extent that they are available, they are precluded by the Louisiana Products Liability Act.

4.   12(b)(6)–Failure to state a claim upon which relief can be granted as plaintiff's claims are prescribed under Louisiana's one year prescriptive period and all other applicable peremptive periods, statue of limitations, or laches.

5.   12(b)(6)–Failure to state a claim upon which relief can be granted as plaintiff has not alleged any current injury, but rather has generally claimed unspecified current and future injury.

6.   12(b)(6)–Failure to state a claim because plaintiff failed to make any particularized allegations regarding her injuries and damages, and failed to make any particularized allegations connecting any particular plaintiff to conduct by any particular defendant.

7.   12(b)(6)–Failure to state a claim upon which relief can be granted to the extent that plaintiff alleges strict liability as there is no basis under Louisiana law for same.

8.   12(b)(6)–Failure to state a claim upon which relief can be granted to the extent plaintiff seeks to impose joint and several and/or solidary liability upon

defendants, as such claims are precluded by applicable law.

9.    12(b)(6)–Failure to state a claim upon which relief can be granted for attorney's fees as there is no basis under Louisiana law, Federal law, and/or any other applicable law for the awarding of attorney's fees based upon the facts alleged in the complaint.

10.   12(b)(6)–Failure to state a claim upon which relief can be granted to the extent plaintiff seeks property damages under Louisiana law, Federal law, and/or any other applicable law as plaintiff is not entitled to recover same.

11.   12(b)(6)–Failure to state a claim upon which relief can be granted to the extent plaintiff seeks punitive damages as there is no basis for awarding punitive damages under the facts alleged in the complaint and applicable law.

12.   12(b)(6)–Failure to state a claim upon which relief can be granted to the extent plaintiff seeks compensatory damages as there is no basis for awarding same under the facts alleged in the complaint and applicable law.

13.   12(b)(6)–Failure to state a claim upon which relief can be granted to the extent plaintiff seeks redhibition/implied warranty claims and/or damages pursuant to La. C.C. Arts. 2524 and 1994, 1995, and 1997, as there is no basis for awarding same under the facts alleged in the complaint and applicable law.

14.   12(b)(6)–Failure to state a claim upon which relief can be granted as plaintiff has not alleged a specific or manifest injury or disease resulting from the alleged exposure, nor is plaintiff entitled to medical monitoring damages to the

extent plaintiff seeks same.

15.     12(b)(6)–Failure to state a claim upon which relief can be granted inasmuch as plaintiff's claims are barred by the provisions of the Louisiana Products Liability Act to the extent it is established named plaintiff did not use a product manufactured by RBD.

16.     12(e)–Motion for more definite statement of the complaint based on plaintiff's failure to make particularized allegations about her injuries and damages and failure to make any particularized allegations about any particular defendants' alleged conduct.

17.     12(b)(6)–Failure to state a claim for loss of consortium and/or society.

18.     12(b)(6)–Failure to state a claim upon which relief can be granted to the extent the plaintiff seeks  injunctive relief as there is no basis for same under the facts alleged in the complaint and applicable law.

19.     12(b)(6)-Failure to state a claim upon which relief can be granted to the extent plaintiff alleges negligence, negligence *per se,* gross negligence, recklessness, failure to inspect, failure to test, breach of implied warranty and failure to act in a prudent manner, as such claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

20.     12(b)(6)–Failure to state a claim upon which relief can be granted inasmuch as plaintiff's claims are duplicative to the extent it is established that plaintiff previously filed, and has pending, another lawsuit arising out to of the same

operative facts and circumstances made the subject of this lawsuit.

21.    12(b)(6)–Failure to state a claim for loss of enjoyment and quality of life.

22.    12(b)(6)–Failure to state a claim for past and future loss of earning capacity.

23.    12(b)(6)–Failure to state a claim for loss of use and/or opportunity to use safe
       and adequate shelter during the period of displacement from a natural disaster.

24.    In addition to the Rule 12 defenses, Defendant also asserts Rule 9(b) defense -
       Failure to plead fraud and misrepresentation with particularity.

Respectfully submitted,

*/s/Randall C. Mulcahy*
LYON H. GARRISON, Bar No. 19591
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
GARRISON, YOUNT, FORTE
& MULCAHY, LLC
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Attorneys for defendant,
Recreation By Design, LLC
Email: rmulcahy@garrisonyount.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2009, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

*/s/Randall C. Mulcahy*
RANDALL C. MULCAHY, Bar No. 26436