UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Charlie Age, et al v. Gulf Stream Coach* | * | |
| *Inc., et al*, Docket No. 09-2892; | * | |
| Alana Alexander, individually and on behalf of | * | |
| Christopher Cooper | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S RESPONSE TO DEFENDANT GULF STREAM COACH, INC.'S
MOTION FOR EXTENSION OF TIME TO RESPOND TO
PLAINTIFF'S SECOND AND THIRD REQUESTS
<u>FOR PRODUCTION OF DOCUMENTS</u>**

Plaintiff, Alana Alexander, individually and on behalf of Christopher Cooper ("Plaintiff" or "Ms. Alexander"), responds to Defendant Gulf Stream Coach, Inc.'s Motion for Extension of Time to Respond to Plaintiff's Second and Third Request for Production of Documents and, in support, would show the following:

<u>**BACKGROUND**</u>

This case is one of thousands of cases filed in this Multi District Litigation involving travel trailers provided to victims of Hurricanes Katrina and Rita.

The case of *Age, et al v. Gulf Stream Coach, Inc., et al* (of which Ms. Alexander is a Plaintiff) was filed on February 27, 2009. On April 6, 2009, the Court selected Ms. Alexander as the first trial plaintiff. On April 8, 2009, the Court issued a scheduling order for this case, setting trial to begin on September 14, 2009.

On June 19, 2009, Plaintiff sent her Second Requests for Production to Gulf Stream, *see*

**Exhibit A,** served electronically and via certified mail. Gulf Stream's responses were due no later than July 22, 2009.

On June 30, 2009, Plaintiff sent her Third Requests for Production to Gulf Stream, *see* **Exhibit B,** served electronically and via certified mail. Gulf Stream's responses were due no later than August 3, 2009.

Gulf Stream missed both deadlines.

On July 31, 2009 and August 4, 2009, Plaintiff's counsel sent letters to Gulf Stream's counsel asking about the responses. *See* **Exhibits C and D.**

On August 5, 2009, after the deadline to respond, Gulf Stream filed a motion to extend its response date to the two discovery requests (Docket Entry No. 2533).

On August 11, 2009, Gulf Stream provided responses to the discovery requests, but asserted objections and provided no responsive documents. *See* **Exhibits E and F**.

## ARGUMENT AND AUTHORITIES

A party has 30 days to respond in writing to a request for production. FED. R. CIV. P. 34(b)(2)(A). When served electronically or via mail, the deadline to respond to a Request for Production is extended by three days. FED. R. CIV. P. 6(d). If the last day falls on a Saturday, Sunday or legal holiday, the period runs until the next day that is not a Saturday, Sunday or legal holiday. FED. R. CIV. P. 6(a)(3). The Second Requests for Production were served on June 19, 2009 and thus Gulf Stream's response was due no later than July 22, 2009. The Third Requests for Production were served on June 30, 2009, and thus Gulf Stream's response was due no later than August 3, 2009.

It is undisputed that Gulf Stream did not timely respond to the discovery requests and did not seek an extension before both were due. When a motion for an extension of time is made

after the deadline to respond has expired, the extension must be for cause shown and the moving party must demonstrate that it "failed to act because of excusable neglect." *Id*. 6(b)(1)(B); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 (1990). The Fifth Circuit looks to the following factors for the excusable neglect analysis:

> 1) the danger of prejudice to the [non-movant],
> 2) the length of delay and its potential impact on the judicial proceedings,
> 3) the reason for the delay, including whether it was within the reasonable control of the movant, and
> 4) whether the movant acted in good faith.

*Adams v. Travelers Indem. Co. of Connecticut*, 465 F. 3d 156, 162 n. 8 (5th Cir. 2006), *citing Farina v. Mission Inv. Trust*, 615 F.2d 1068, 1076 (5th Cir. 1980) and *Pioneer Inv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395-97 (1993).

Gulf Stream fails to meet its burden. As trial is just 27 days away, any further delay in the production of the requested documents has an impact on the proceedings.

Defendant claims that it failure to timely respond to Plaintiff's requests for production was due to the fact that it was diligently working to prepare for the trial and medical issues. This has not prohibited Gulf Stream from filing a litany of motions to exclude experts and for summary judgment. Plaintiff's counsel are certainly sympathetic to personal issues but also have their own personal and family issues and yet still have managed to attend all of the same depositions as Defendant, in addition to responding to all of Gulf Stream's numerous motions. Further, Plaintiff does not believe that Gulf Stream's lead counsel (who is also manufacturing defendants' liaison counsel) needed to have anything other than very limited involvement in this discovery response.

Gulf Stream further argues that an extension is justified because Plaintiff's requests are duplicative and irrelevant. First, that is not one of the factors to be considered. Second, Gulf

Stream waived its objections by failing to timely reply. *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir. 1989)("[W]hen a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *Bolden v. Federal Emergency Management Agency*, 2007 WL 2990547, at *1 (E.D. La. Oct. 10, 2007)(same); *Stevens v. Omega Protein, Inc.*, 2002 WL 1022507, at *2 (E.D. La. May 16, 2002)(same).

## **CONCLUSION AND PRAYER**

Wherefore Plaintiff requests that Gulf Stream's motion be denied and the court compel it to provide full responses to plaintiffs second and third requests for production.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
      GERALD E. MEUNIER, #9471
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier &
      Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone:   504/522-2304
      Facsimile:   504/528-9973
      gmeunier@gainsben.com

      s/Justin I. Woods
      JUSTIN I. WOODS, #24713
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier &
      Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone:   504/522-2304
      Facsimile:   504/528-9973
      jwoods@gainsben.com

      **COURT-APPOINTED PLAINTIFFS'
      STEERING COMMITTEE**
      ANTHONY BUZBEE, Texas # 24001820
      RAUL BENCOMO, #2932
      FRANK D'AMICO, #17519
      MATT MORELAND, #24567
      LINDA NELSON, #9938
      MIKAL WATTS, Texas # 20981820
      ROBERT BECNEL
      DENNIS REICH, Texas # 16739600

**CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                            s/Gerald E. Meunier
                                            GERALD E. MEUNIER, #9471