UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
|      FORMALDEHYDE PRODUCTS | * | |
|      LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Charlie Age, et al v. Gulf Stream Coach* | * | |
| *Inc., et al*, Docket No. 09-2892; | * | |
| Alana Alexander, individually and on behalf of | * | |
| Christopher Cooper | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
WITH RESPECT TO GULF STREAM COACH, INC.**

**MAY IT PLEASE THE COURT:**

Plaintiff, Alana Alexander, individually and on behalf of Christopher Cooper ("Plaintiff" or "Ms. Alexander") respectfully requests this Court to issue an order compelling Defendant Gulf Stream Coach, Inc. ("Gulf Stream") to produce responses to discovery and documents and, in support, would show the following:

**BACKGROUND**

This case is one of thousands of cases filed in this Multi District Litigation involving travel trailers provided to victims of Hurricanes Katrina and Rita.

The case of *Age, et al v. Gulf Stream Coach, Inc., et al* (of which Ms. Alexander is a Plaintiff) was filed on February 27, 2009. On April 6, 2009, the Court selected Ms. Alexander as the first trial plaintiff. On April 8, 2009, the Court issued a scheduling order for this case, setting trial to begin on September 14, 2009.

On June 19, 2009, Plaintiff sent her Second Requests for Production to Gulf Stream, *see*

**Exhibit A,** served electronically and via certified mail.  Gulf Stream's responses were due no later than July 22, 2009.

On June 30, 2009, Plaintiff sent her Third Requests for Production to Gulf Stream, *see* **Exhibit B,** served electronically and via certified mail.  Gulf Stream's responses were due no later than August 3, 2009.

Gulf Stream missed both deadlines.

On July 31, 2009 and August 4, 2009, Plaintiff's counsel sent letters to Gulf Stream's counsel asking about the responses.  *See* **Exhibits C and D.**

On August 5, 2009, after the deadline to respond, Gulf Stream filed a motion to extend its response date to the two discovery requests (Docket Entry No. 2533).   Plaintiff has separately responded to that motion.

On August 11, 2009, Gulf Stream provided responses, but asserted objections and provided no responsive documents.  *See* **Exhibits E and F**.

Plaintiff requests that the Court strike Gulf Stream's objections and order Gulf Stream to immediately provide full responses.

## ARGUMENT AND AUTHORITIES

A party has 30 days to respond in writing to a request for production.  FED. R. CIV. P. 34(b)(2)(A).  When served electronically or via mail, the deadline to respond to a Request for Production is extended by three days.  FED. R. CIV. P. 6(d).  If the last day falls on a Saturday, Sunday or legal holiday, the period runs until the next day that is not a Saturday, Sunday or legal holiday.  FED. R. CIV. P. 6(a)(3).

The Second Requests for Production were served on June 19, 2009; thus Gulf Stream's response was due no later than July 22, 2009.

The Third Requests for Production were served on June 30, 2009; thus Gulf Stream's response was due no later than August 3, 2009.

The Court will see that the discovery requests were narrowly tailored and direct.

It is undisputed that Gulf Stream did not timely respond to the discovery requests and did not seek an extension before they were due. Gulf Stream argues that it was very busy with this case and therefore had good cause for failing to timely respond and the requests are duplicative or unrelated to the claims of Plaintiff. The former argument should fall on deaf ears considering that Gulf Stream's counsel has managed to find the time to file numerous motions to exclude experts and motions for summary judgment. There is no reason why Gulf Stream could not respond to these narrowly tailored discovery requests.

While its objections may have been valid, Gulf Stream waived its objections by failing to timely reply. *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir. 1989)("[W]hen a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *Bolden v. Federal Emergency Management Agency*, 2007 WL 2990547, at *1 (E.D. La. Oct. 10, 2007)(same); *Stevens v. Omega Protein, Inc.*, 2002 WL 1022507, at *2 (E.D. La. May 16, 2002)(same).

Plaintiff requests that the Court strike Gulf Stream's objections, and order Gulf Stream to produce responses and responsive documents to Plaintiff's Second and Third Request for Production immediately.

## **CONCLUSION AND PRAYER**

Plaintiff respectfully requests that the Court grant her Motion, strike Gulf Stream's objections to Plaintiff's Second and Third Request for Production and order Gulf Stream to respond to Plaintiff's Second and Third Request for Production immediately.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:  s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:     504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:     504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
ROBERT BECNEL
DENNIS REICH, Texas # 16739600

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 18, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                        s/Gerald E. Meunier
                                        GERALD E. MEUNIER, #9471