# THE BUZBEE LAW FIRM

*www.txattorneys.com*

Reply to: Houston Office

June 30, 2009

**Via CM/RRR**
**& E-Mail**
Andrew D. Weinstock
Joseph G. Glass
Duplass, Zwain, Bourgeois,
Morton, Pfister & Weinstock
29th Floor,Three Lakeway Center
Metairie, LA 70002

**Via CM/RRR**
**& E-Mail**
Timothy D. Scandurro
Dewey M. Scandurro
Scandurro & Layrisson
607 St. Charles Avenue
New Orleans, LA 70130

Re:  *FEMA Trailer Formaldehyde Products Liability Litigation*, MD-1873, in the Eastern
District of Louisiana.

*Charlie Age, et al v. Gulfstream Coach, Inc., et al*, 2:2009-CV-02892, in the Eastern
District of Louisiana; Alana Alexander and Christopher Cooper

Counsel:

Enclosed please find the following with regard to the above-referenced litigation:

1. Alana Alexander's Third Request for Production of Documents to Gulf Stream
   Coach, Inc.

Should you have any questions in this matter, please do not hesitate to contact me. As
always, I remain,

Very truly yours,

Anthony G. Buzbee

AGB/lbd
Enclosures

cc:    with enclosures

1910 Ice & Cold Storage Building
104 21st Street (Moody Ave.)
Galveston, Texas 77550
By Appointment Only

J.P. Morgan Chase Tower (Principal Office)
600 Travis, Suite 7300
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909

200 East Cano
Edinburg, Texas 78539
Telephone: (956) 381-4440
Facsimile: (956) 381-4445

Plaintiff's Exhibit B

Counsel
June 30, 2009
Page 2

**Via CM/RRR**
**& E-Mail**
Charles R. Penot
Middleberg, Riddle & Gianna
717 North Harwood, Suite 2400
Dallas, TX 75201

**Via CM/RRR**
**& E-Mail**
Henry T. Miller
Adam Dinnell
Civil Division- Torts Branch
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20004

**Via CM/RRR**
**& E-Mail**
Michael David Kurtz
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170

**Via First Class Mail**
**& E-Mail**
Gerald E. Meunier
Justin I. Woods
Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800

**Via E-Mail**
Anthony Buzbee
Robert Becnel
Raul Bencomo
Frank D'Amico
Matt Moreland
Linda Nelson
Dennis Reich
Mikal C. Watts
Robert Hilliard

1910 Ice & Cold Storage Building
104 21st Street (Moody Ave.)
Galveston, Texas 77550
By Appointment Only

J.P. Morgan Chase Tower (Principal Office)
600 Travis, Suite 7300
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909

200 East Cano
Edinburg, Texas 78539
Telephone: (956) 381-4440
Facsimile: (956) 381-4445

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Charlie Age, et al v. Gulf Stream Coach* | * | |
| *Inc., et al*, Docket No. 09-2892; | * | |
| Alana Alexander, individually and on behalf of | * | |
| Christopher Cooper | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ALANA ALEXANDER'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS TO GULF STREAM COACH, INC.

TO:     Andrew D. Weinstock, Esq.
        Joseph Glass, Esq.
        Timothy Scandurro, Esq.
        Counsel for Gulf Stream Coach, Inc.

**PLEASE TAKE NOTICE** that Plaintiff, Alana Alexander, propounds the following **Third Request For Production of Documents to Gulf Stream Coach, Inc.** pursuant to the Federal Rules of Civil Procedure. You are hereby notified and required to respond to each request within the delays provided in Federal Rules of Civil Procedure 34(b)(2)(A).

## INSTRUCTIONS

1.      In responding to this Request for Production, if the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

2.      Whenever in this Request you are asked to identify and/or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

A.    With respect to any document or communication which you claim is privileged, identify the following facts to enable the Court to determine whether the claim of privilege is valid:

1.    If you are withholding the document under a claim of privilege (including, but not limited to, the attorney-client privilege and the work product doctrine), please provide the information set forth in Fed.R.Civ.P.26(b)(5),including the type of document, the general subject matter of the document, the date of the document, and such other information as is sufficient to identify the document, including where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you;

2.    If you are withholding the document for any reason other than an objection that the document is beyond the scope of discovery or that a request is unduly burdensome, identify as to each document and, in addition to the information requested in paragraph 2(A)(1) above, please state the reason for withholding the document.

B.    When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material.  If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portion as to which the privilege is claimed.  When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the identity of the person performing the redaction or alteration.  Any redaction must be clearly visible on the redacted document.

3.    If production of any requested document is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

4.    All requests for computerized data are to be in a computer-readable format.

5.    Unless otherwise indicated, all requests are limited to documents applicable to, relating to, or concerned with, any or all properties, facilities and offices of defendant.

6.    If any requested document is known by you to have existed, but no longer exists or no longer

2 of 9

is in your possession, custody, or control, you are requested to identify the last known custodian thereof and state the date upon which it was lost or destroyed or otherwise became unavailable. If the document still exists, you are requested to identify its present custodian and location.

7.  In accordance with Fed. R.Civ. P. 34(b), the documents shall be produced as they are kept in the usual course of business or shall be organized and identified to correspond with the following requests by number.

8.  If the requested documents are maintained in a file, the file folder is included in the Request for Production.

9.  Please note that the Defendant is under a continuing duty, pursuant to Fed. R.Civ.P.26(e), to supplement its responses to these Requests for Production upon obtaining subsequent additional information that renders the original answer incorrect or incomplete.

## DEFINITIONS

1.  The terms "you", "your", and "yours" shall mean the entity named herein, as well as all of its subsidiaries, parent companies, sibling companies, officers, contractors, agents, personnel, representatives, or other persons acting on behalf of, or at the request of, each individual entity named in Plaintiff's most recent Complaint.

2.  The term "incident" shall mean the incident or incidents that form the basis of Plaintiff's most recent Complaint.

3.  The term "document" shall mean any written, recorded, or graphic matter, however produced or reproduced, including photographs. The term "document" shall be interpreted in its customary broad sense and shall include, but is not limited to, the following items: letters of credit; promissory notes; budgets; journals; registers; cancelled checks; accounts; work sheets; books; records; reports; notes; summaries; surveys; estimates; agreements; diaries; calendars; day timers; correspondence; letters; telegrams; e-mails; electronic archives of e-mails (whether deleted or not); voicemail; magnetically or optically recorded documents; archival copies of magnetically or optically recorded documents; documents that have been logically deleted but not physically erased; the actual media (whether magnetic, optical or other) that have been used to record or forward documents; telexes; memoranda (including intra-office memoranda); summaries; notes; records of meetings; records of conferences; records of telephone conversations; records of personal interviews or conversations; drafts of documents; business records; maps; drawings; blueprints; charts; plans; specifications; computer printouts; computer archives (deleted or not); computer tapes; computer disks; CD ROMS; microfilm; microfiches; photographs; slides; negatives; motion pictures; video recordings; audio recordings (including transcription); data compilations from which information can be obtained, or translated into, a reasonably usable form; and any other

information containing paper, writing, or physical thing in defendants' actual or constructive possession, custody or control. If any documents were, but are no longer, in defendant's actual or constructive possession, custody, or control, identify the document and state the date and manner of its disposition.

4. The term "identify", when used with respect to a natural person, shall mean that person's full name, present or last known employment, present or last known address, and most recent telephone number or numbers.

5. The term "identify", when used with respect to a document or photographs, shall mean to state the type of document (e.g. lease, memorandum, contract, e-mail, chart, diagram, etc.), its location and custodian, the date the document was created, and the identity of the party or parties whose names appear thereon. You may attach a copy of such document in lieu thereof.

6. The singular of each word herein shall be deemed to include the plural and vice-versa; the term "and" shall be deemed to include "or" and vice-versa; the term "any" shall be construed to include the term "all" and vice-versa; and the term "each" shall be construed to include the term "every" and vice-versa; the present tense shall be construed to include the past tense and vice-versa.

7. The term "defendant" and the term "you" shall be deemed synonymous and shall be deemed to include any and all appropriate agents, servants, employees, attorneys and other representatives of the defendant, expert witness, or any other person who has been retained or has otherwise been employed by Defendant in connection with this civil action or its underlying subject matter.

8. The term "date" shall mean the day of the month, the month, and the year. If the exact date is not known and is not available, give the approximate date and indicate that it is only approximate.

9. The term "address" shall mean the post office box number, street number, street, city, state or province, country (other than the United States of America), and zip code.

10. The terms "relating", "concerning", and "reflecting" (or any of their forms) shall mean relating to, reflecting, constituting, representing, supporting, contradicting, referring to, relevant to, containing information about, stating, describing, analyzing, learning, embodying, containing, mentioning, studying, recording, discussing, or evaluating whether in opposition to or in support of defendant's allegations, contentions, positions, and claims in this action.

11.   The term "communication" shall mean any transmission of information (whether written, electronic, or oral), the information transmitted, and the process by which the information is transmitted.

12.   The term "person" means any natural person, business, legal or governmental entity or association.

13.   The acronym "FEMA" is defined as the Federal Emergency Management Agency, as well as any umbrella or parental federal department encompassing the Federal Emergency Management Agency, such as the United States Department of Homeland Security.  The acronym "DHS" is defined as the United States Department of Homeland Security.

14.   The acronyms CDC, ATSDR, OTPER, OSHA, and NIOSH mean Centers for Disease Control and Prevention, Agency for Toxic Substances and Disease Registry, Office of Terrorism Preparedness and Emergency Response, Occupational Safety and Health Administration, and National Institute for Occupational Safety and Health, respectively.

15.   The terms "temporary housing units" or "THUs" are defined as travel trailers and park trailers, and refers to emergency housing units provided by FEMA.

16.   The term "manufacture" means manufacture, produce, assemble, and distribute.

17.   The term "install" means the process by which the manufactured housing unit is delivered to the person or persons displaced by all hurricanes that occurred from January 1, 2004 to present and integrated into whichever electrical, water and sewage systems that serve the property on which the manufactured housing unit is delivered.  The term "install" also encompasses the manner in which the unit is placed on the property for use.

18.   The term "formaldehyde" means formaldehyde and all formaldehyde-based resins.

19.   The term "sale" means sale, donation, giving in kind, giving in payment, and all other acts that transfer ownership.

20.   The term "standards" means standards, specifications, rules, regulations, and guidelines.

21.   The acronym "ppm" means parts per million.

22.   The term "facilities" means yards, offices, warehouses, production plants, manufacturing facilities, storage facilities and all other locations owned or leased by you in which your business is transacted.

23.   The terms "occurrence" and "transaction" mean the events described in the Complaint and other pleadings, as pleadings is defined in Fed.R.Civ.P.7(a).

24.     "Wood Products" includes any type of engineered wood or composite wood products, including particle board, plywood, hardwood or hardboard, medium-density fiberboard (or MDF), oriented strand board (or OSB), wood composition board, laminate board, or similar product.

25.     The term "end user" means the occupant(s) of the manufactured housing unit and/or the intended recipient or user.  The term "end user" differs from the term "customer", who might buy the manufactured housing unit, but does not necessarily use it.

26.     "Trailer" or "the trailer" means the travel trailer with the Vehicle Identification Number of 1NL1GTR2551021783 and the FEMA Bar Code of 1041407.

27.     "Plaintiffs" means Alana Alexander and Christopher Cooper.

## REQUESTS FOR PRODUCTION

NOTE: Plaintiff contends that the following have already been requested from Gulf Stream, however, makes the following very specific requests so there can be no question that Plaintiff is requesting the following.

1. Documents regarding testing performed on any of your travel trailer models, from January 1, 2004 to present. In your response, please include all documents regarding any changes, modifications or upgrades to the model's design that resulted from said testing. This request includes, among other things, a request for documents relating to the testing referenced in the September 1, 2005 letter from Dan Shea to Michael Wagner (GULF0002222), attached as Exhibit "A".

7 of 9

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**


BY:    s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:     504/522-2304
Facsimile:     504/528-9973
gmeunier@gainsben.com


s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:     504/522-2304
Facsimile:     504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
ROBERT BECNEL, #14072
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
DENNIS REICH, Texas #16739600
MIKAL WATTS, Texas # 20981820

8 of 9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission on June 30, 2009.

s/Anthony G. Buzbee
Anthony G. Buzbee



P.O. Box 1005 • Nappanee, IN 46550 • (574) 773-7761 • Fax (574) 773-5761

September 1, 2005

Mr. Michael Wagner
FEMA
Fax #202-646-3846

Dear Michael,

Gulf Stream would like to provide a bid to FEMA for 80 travel trailers per day, for a minimum of 7,500 and a maximum of 35,000 units, at a price of $9,875.00 each. These trailers will be built to the enclosed specification used by FEMA in 2004. Freight will be invoiced a $1.80 per mile (economic adjustment for future fuel increases). We can start shipping units five business days after receipt of the contract. The following is an update to our bid submitted August 31, 2005.

*This bid and rate of production is subject to material availability. We have current communications from our suppliers that they will be able to reasonably supply us.*

The trailers will include railroad tie down and upgraded frame designs which were subject to testing with Norfolk Southern Railroad in July, 2005. It will also include all modifications Gulf Stream made to our body to support railroad transport.

We are also enclosing additional information on Gulf Stream Coach, Inc. We will provide a list of references for past FEMA contacts upon request including that of three FEMA inspectors who are at our factories this week.

Sincerely,

GULF STREAM COACH, INC.

DANIEL G. SHEA
President, Towables Division

DGS/daw



GULF0002222

CONFIDENTIAL

## Laura De La Cruz

| | |
|---|---|
| **From:** | Tim Scandurro [tim@scanlayr.com] |
| **Sent:** | Tuesday, June 30, 2009 11:25 AM |
| **To:** | Laura De La Cruz |
| **Subject:** | Delivered: Alana Alexander's Third Request for Production to Gulf Stream Coach, Inc. |
| **Attachments:** | ATT23599.txt |

Your message was delivered to the recipient.

Laura De La Cruz

**From:**      ANDREW WEINSTOCK [andreww@duplass.com]
**Sent:**      Tuesday, June 30, 2009 11:32 AM
**Subject:**   Read: Alana Alexander's Third Request for Production to Gulf Stream Coach, Inc.

Your message

    To:    andreww@duplass.com
    Subject:

was read on 6/30/2009 11:32 AM.

1

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To *Timothy Scandurro & D Scandurro*
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

7008 2810 0001 2171 9045

PS Form 3800, August 2006        See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To *Andrew Weinstock / Joseph Glass*
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

7008 2810 0001 2171 9038

PS Form 3800, August 2006        See Reverse for Instruction

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Andrew Weinstock*
*Joseph G. Glass*
*Duplass, Zwain, Bourgeois*
*Morton Pfister & Weinstock*
*29th Floor, Three Lakeway Centre*
*Metairie, LA 70002*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery  1-6-09
D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☑ No

3. Service Type
☑ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label)
7008 2810 0001 2171 9038    *Fema 3rd RFP*

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Timothy Scandurro*
*Dewey Scandurro*
*Scandurro & Layrisson IV*
*607 St. Charles Avenue*
*New Orleans, LA 70130*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee
B. Received by (Printed Name) *Deana Jamison*    C. Date of Delivery  2/7/09
D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☑ No

3. Service Type
☑ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label)
7008 2810 0001 2171 9045    *FEMA 3rd RFP*

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-15