UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | * * * * * * * * * * | MDL NO. 1873 SECTION "N-5" JUDGE ENGELHARDT MAG. JUDGE CHASEZ |
| THIS DOCUMENT RELATES TO | | |
| *Charlie Age, et al v. Gulf Stream Coach Inc., et al*, Docket No. 09-2892 | | |

## GULF STREAM COACH, INC.'S RESPONSES TO ALANA ALEXANDER'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

**NOW**, through undersigned counsel, comes Defendant, Gulf Stream Coach, Inc., who responds to Alana Alexander's Second Request for Production of Documents propounded herein by Plaintiff, as follows:

### GENERAL OBJECTIONS

All responses by Gulf Stream herein include and are subject to the General Objections as set forth below.

Gulf Stream objects generally to any request for documents or information within the attorney-client and work product privileges. Gulf Stream further objects to requests for documents, information or opinions held by consulting experts.

Gulf Stream objects to the time scope of all requests that pre-date 2004 as overly broad and unduly burdensome. The present controversy as plead relates to THU's used by FEMA following Hurricanes Katrina and Rita, and interrogatory answers will be limited accordingly.

Gulf Stream objects to the term "materials containing formaldehyde" on the grounds that related requests are overly broad due to the ubiquity of formaldehyde in the natural environment


Plaintiff's Exhibit E

and in commonly used materials. With respect to materials supplied by vendors, Gulf Stream only has knowledge of formaldehyde in materials to the extent that the vendor provided an MSDS sheet on the materials supplied. Moreover, Gulf Stream responds herein as if the phrase "materials containing formaldehyde" refers to wood products.

Gulf Stream objects to any requests to the extent they are duplicative of earlier requests and/or seek information that has already been produced in discovery in this matter. In regard to such requests, Gulf Stream refers plaintiffs to those documents previously produced. To the extent new documents may be called for due to alterations in the language of requests, documents produced in response are not complete responses in and of themselves, but are supplements to the earlier document production, with which they combine to form a whole.

Gulf Stream objects to the extent that definitions and instructions accompanying this discovery exceed the scope of discovery permitted under the Federal Rules of Civil Procedure. Without limiting the foregoing, Gulf Stream objects to the extent that the discovery purports to encompass or be directed to sibling companies or parent companies that are not proper parties to any individual action herein.

Gulf Stream objects to the production of electronic documents or communications not already produced or not already in paper form on the grounds that compliance with such requests would be unduly burdensome, and prohibitively expensive. More specifically, Gulf Stream objects to Plaintiff's definition of "document", on the grounds that such definition is vague, overly broad, and calls for Gulf Stream to produce materials which are not reasonably accessible because of undue burden and huge expense. This definition would seem to require Gulf Stream to take extraordinary steps to locate, retrieve, create, maintain, and produce documents, files, data, and other information that is not a part of Gulf Stream's regular business practices. By way

of example, production of deleted electronic archives or deleted computer archives as well as data from backup media, databases, and mainframes would be unduly burdensome, cost prohibitive, and not reasonably accessible.

Subject to the foregoing general objections, Gulf Stream responds as follows:

## REQUEST FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

Notices or related memos from trade organizations relating to the risks of formaldehyde exposure.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

**See Gulf Stream Coach's Response to Request for Production Numbers 14 and 18 in the PSC's Revised Master Set of Requests for Production of Documents, dated May 18, 2009.**

### REQUEST FOR PRODUCTION NO. 2:

Any third party test results for any wood products used in making travel trailers or mobile homes. The time period on this request is January 1, 2002 to the present.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

**See Gulf Stream Coach's Response and Objections to Request for Production Number 12 in the PSC's Revised Master Set of Requests for Production of Documents, dated May 18, 2009. Gulf Stream Coach further responds that it doesn't manufacture mobile homes.**

3

**REQUEST FOR PRODUCTION NO. 3:**

Any correspondence (including e-mails) exchanged with Porter Novelli regarding your response to the media reports that there were allegedly elevated or unsafe levels of formaldehyde in the THUs that you had provided to FEMA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

**See Gulf Stream Coach's Response and Objections to Request for Production Number 14 in the PSC's Revised Master Set of Requests for Production of Documents, dated May 18, 2009.**

**REQUEST FOR PRODUCTION NO. 4:**

Documents (including e-mails) relating to the "wood change out" that Burl Keel did for a FEMA resident in 2006, as discussed in detail in pages 10 to 23 of his deposition (excerpted pages attached for reference).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

**See Gulf Stream Coach's Response to Request for Production Number 22 in the PSC's Revised Master Set of Requests for Production of Documents, dated May 18, 2009.**

**REQUEST FOR PRODUCTION NO. 5:**

Documents (including e-mails) relating to the various work Burl Keel did on trailers, fans, ventilations systems, as discussed in detail in pages 72 to 77 of his deposition (excerpted pages attached for reference).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

**See Gulf Stream Coach's Response to Request for Production Number 22 in the PSC's Revised Master Set of Requests for Production of Documents, dated May 18, 2009.**

## REQUEST FOR PRODUCTION NO. 6:

Engineering specifications or designs for your FEMA model trailers (believed to be referred to as "CV-DH") provided to FEMA or for use by FEMA from July 1, 2004 to June 30, 2006.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

**See Gulf Stream Coach's Response to Request for Production Number 6 in the PSC's Revised Master Set of Requests for Production of Documents, dated May 18, 2009, and the Responses to Alana Alexander's First Request for Production of Documents Nos. 17 and 29.**

## REQUEST FOR PRODUCTION NO. 7:

Labels on wood products that are received by you from vendors, which relate to formaldehyde.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Gulf Steam Coach does not possess any labels from Wood Products for Units built for FEMA or which were sold to FEMA during the years 2004, 2005 and 2006.

## REQUEST FOR PRODUCTION NO. 8:

Documents (including e-mails) regarding any policy you have to remove labels on wood products that are delivered to you by vendors, which relate to formaldehyde.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

**None.**

## REQUEST FOR PRODUCTION NO. 9:

Documents relating to complaints from your employees, or any workers compensation claims from any of your employees regarding symptoms that are consistent with formaldehyde

exposure, including irritation of the eyes, nose, throat and sinuses; burning, dryness, redness and itching of eyes; nasal dryness, soreness, runniness; sore or dry throat, sinus congestion or post-nasal drip; cough, chest tightness, excessive phlegm production, repeated sinus infections, eye infections and bronchitis. You may redact the name of the complaining person/claimant and any person identifiers such as social security numbers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Objection, this request is overbroad and unduly burdensome in that it would require review of confidential medical files and personnel files of all employees who ever worked for Gulf Stream. The search would include any employee who ever had an upper respiratory infection (i.e. common cold), allergies, the flu or any other similar generic medical condition. Nevertheless, in the spirit of cooperation, Gulf Stream responds that is unaware of any employee's medical complaints or workmen's compensation claim that have been associated with formaldehyde by any health care provider any individual who may have publicly complained to the news media. See also the deposition transcripts of Gulf Stream Coach, in which this subject was addressed.

                                              Respectfully submitted,

                                              **DUPLASS, ZWAIN, BOURGEOIS,**
                                              **PFISTER & WEINSTOCK**

                                              */s/ signature*

                                              ANDREW D. WEINSTOCK, BAR #18495
                                              JOSEPH GLASS, BAR #25397
                                              3838 North Causeway Boulevard, Suite 2900
                                              Metairie, Louisiana   70002
                                              (504) 832-3700
                                              andreww@duplass.com
                                              jglass@duplass.com

and

**SCANDURRO & LAYRISSON, L.L.C.**
Timothy D. Scandurro, Bar #18424
Dewey M. Scandurro, Bar #23291
607 St. Charles Avenue
New Orleans, Louisiana  70130
Telephone:   (504) 522-7100
tim@scanlayr.com
dewey@scanlayr.com
**Attorneys for Gulf Stream Coach, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of August, 2009, a copy of the foregoing Answers to Alana Alexander's Second Request for Production of Documents was sent to all liaison counsel and government counsel of record.

_____
**ANDREW W. WEINSTOCK**