UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | * * * * | MDL NO. 1873 |
| | * | SECTION "N-5" |
| | * * | JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO | * * | MAG. JUDGE CHASEZ |
| *Charlie Age, et al v. Gulf Stream Coach Inc., et al*, Docket No. 09-2892 | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## GULF STREAM COACH, INC.'S RESPONSES TO ALANA ALEXANDER'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS

**NOW**, through undersigned counsel, comes Defendant, Gulf Stream Coach, Inc., who responds to Alana Alexander's Third Request for Production of Documents propounded herein by Plaintiff, as follows:

### GENERAL OBJECTIONS

All responses by Gulf Stream herein include and are subject to the General Objections as set forth below.

Gulf Stream objects generally to any request for documents or information within the attorney-client and work product privileges. Gulf Stream further objects to requests for documents, information or opinions held by consulting experts.

Gulf Stream objects to the time scope of all requests that pre-date 2004 as overly broad and unduly burdensome. The present controversy as plead relates to THU's used by FEMA following Hurricanes Katrina and Rita, and interrogatory answers will be limited accordingly.

Gulf Stream objects to the term "materials containing formaldehyde" on the grounds that related requests are overly broad due to the ubiquity of formaldehyde in the natural environment



Plaintiff's Exhibit F

and in commonly used materials. With respect to materials supplied by vendors, Gulf Stream only has knowledge of formaldehyde in materials to the extent that the vendor provided an MSDS sheet on the materials supplied. Moreover, Gulf Stream responds herein as if the phrase "materials containing formaldehyde" refers to wood products.

Gulf Stream objects to any requests to the extent they are duplicative of earlier requests and/or seek information that has already been produced in discovery in this matter. In regard to such requests, Gulf Stream refers plaintiffs to those documents previously produced. To the extent new documents may be called for due to alterations in the language of requests, documents produced in response are not complete responses in and of themselves, but are supplements to the earlier document production, with which they combine to form a whole.

Gulf Stream objects to the extent that definitions and instructions accompanying this discovery exceed the scope of discovery permitted under the Federal Rules of Civil Procedure. Without limiting the foregoing, Gulf Stream objects to the extent that the discovery purports to encompass or be directed to sibling companies or parent companies that are not proper parties to any individual action herein.

Gulf Stream objects to the production of electronic documents or communications not already produced or not already in paper form on the grounds that compliance with such requests would be unduly burdensome, and prohibitively expensive. More specifically, Gulf Stream objects to Plaintiff's definition of "document", on the grounds that such definition is vague, overly broad, and calls for Gulf Stream to produce materials which are not reasonably accessible because of undue burden and huge expense. This definition would seem to require Gulf Stream to take extraordinary steps to locate, retrieve, create, maintain, and produce documents, files, data, and other information that is not a part of Gulf Stream's regular business practices. By way

of example, production of deleted electronic archives or deleted computer archives as well as data from backup media, databases, and mainframes would be unduly burdensome, cost prohibitive, and not reasonably accessible.

Subject to the foregoing general objections, Gulf Stream responds as follows:

## REQUEST FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

Documents regarding testing performed on any of your travel trailer models, from January 1, 2004 to present. In your response, please include all documents regarding any changes, modifications or upgrades to the model's design that resulted from said testing. This request includes, among other things, a request for documents relating to the testing referenced in the September 1, 2005 letter from Dan Shea to Michael Wagner (GULF0002222), attached as Exhibit "A".

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

See Gulf Stream Coach's Response to Request for Production Number 12 in the PSC's Revised Master Set of Request for Production of Documents, dated May 18, 2009; see Gulf Stream Coach's Responses to Alana Alexander's First Set of Request for Production of Documents Nos. 37 and 35; and all objections related thereto.

With respect to the Norfolk Southern Railroad testing described in GULF0002222, Gulf Stream is not presently aware of any such documentation in its possession, other than GULF0002222.

>Respectfully submitted,
>
>**DUPLASS, ZWAIN, BOURGEOIS, PFISTER & WEINSTOCK**
>
>_____
>ANDREW D. WEINSTOCK, BAR #18495
>JOSEPH GLASS, BAR #25397
>3838 North Causeway Boulevard, Suite 2900
>Metairie, Louisiana 70002
>andreww@duplass.com
>jglass@duplass.com
>(504) 832-3700
>
>and
>
>**SCANDURRO & LAYRISSON, L.L.C.**
>Timothy D. Scandurro, Bar #18424
>Dewey M. Scandurro, Bar #23291
>607 St. Charles Avenue
>New Orleans, Louisiana 70130
>Telephone:    (504) 522-7100
>tim@scanlayr.com
>dewey@scanlayr.com
>**Attorneys for Gulf Stream Coach, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of August, 2009, a copy of the foregoing Answers to Alana Alexander's Third Request for Production of Documents was sent to all liaison counsel and government counsel of record.

_____
ANDREW W. WEINSTOCK

4