# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER FORMALDEHYDE | § | MDL No. 1873 |
| PRODUCTS LIABILITY LITIGATION | § | |
| | § | SECTION N(5) |
| | § | |
| THIS DOCUMENT IS RELATED TO: | § | JUDGE ENGELHARDT |
| *Charlie Age, et al. v. Gulfstream Coach* | § | |
| *Inc. et al.,* No. 09-2892; | § | MAGISTRATE CHASEZ |
| THIS DOCUMENT IS RELATED ONLY | | |
| TO THE CLAIMS OF ALANA ALEXANDER | | |
| AND CHRISTOPHER COOPER | | |

_____

## ANSWER OF FLUOR ENTERPRISES, INC.
## TO COMPLAINT FOR DAMAGES FOR DAMAGES, AND FIRST,
## SECOND AND THIRD SUPPLEMENTAL AND AMENDED COMPLAINTS

Defendant Fluor Enterprises, Inc. ("FEI"), hereby answers the Complaint for Damages, as supplemented and amended, in the captioned matter, as follows:

### I.

FEI denies the allegations contained in Paragraph 1 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

### II.

The allegations contained in Paragraph 2 of the Complaint for Damages did not require a response on the part of FEI.  To the extent that a response is required, FEI submits that Exhibit "A" is its own best evidence of the contents contained there.

### III.

FEI denies all allegations contained in Paragraph 3 of the Complaint for Damages except that FEI admits that Gulf Stream Coach, Inc., upon information and belief,

manufactured and supplied FEMA trailers or housing units for use in the State of Louisiana.

## IV.

The allegations of Paragraph 4 of the Complaint for Damages require no answer of Defendant FEI.  To the extent that a response is required, FEI denies the allegations contained in Paragraph 4 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

## V.

FEI denies all allegations contained in Paragraph 5 of the Complaint for Damages except that FEI admits that is a California corporation in that it had a contractual relationship with FEMA that required it to, among other things, perform certain services with respect to transportation, delivery, installation, maintenance, repair and de-installation of temporary housing units for a period of time.

## VI.

The allegations contained in Paragraph 5 of the Complaint for Damages constitute legal conclusions to which no response is required on the part of FEI.  To the extent a response is required, the allegation is denied for lack of sufficient information to justify a belief therein.

## VII.

The allegations contained in Paragraph 7 of the Complaint for Damages constitute legal conclusions to which no response is required on the part of FEI.  To the extent a response is required, FEI denies that any individual Plaintiff suffered damages as alleged.

In further response, FEI admits that the jurisdictional requirements of this Court are satisfied.

VIII.

The allegations in Paragraph 8 of the Complaint for Damages constitute legal conclusions to which no response is required on the part of FEI.  To the extent a response is required, FEI admits that the jurisdictional requirements of this Court are satisfied.

IX.

The allegations in Paragraph 9 of the Complaint for Damages constitute legal conclusions to which no response is required on the part of FEI.  To the extent a response is required, FEI admits that the jurisdictional requirements of this Court are satisfied.

X.

The allegations in Paragraph 10 of the Complaint for Damages constitute legal conclusions to which no response is required on the part of FEI.  To the extent a response is required, FEI denies the allegations for lack of sufficient information to justify a belief therein.

XI.

The allegations in Paragraph 11 of the Complaint for Damages constitute legal conclusions to which no response is required on the part of FEI.  To the extent a response is required, FEI denies the allegations for lack of sufficient information to justify a belief therein.

XII.

The allegations in Paragraph 12 of the Complaint for Damages constitute legal conclusions to which no response is required on the part of FEI.  To the extent a response

is required, FEI denies the allegations for lack of sufficient information to justify a belief therein.

### XIII.

The allegations in Paragraph 13 of the Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

### XIV.

The allegations in Paragraph 14 of the Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

### XV.

The allegations in Paragraph 15 of the Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

### XVI.

The allegations in Paragraph 16 of the Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

### XVII.

The allegations in Paragraph 17 of the Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

### XVIII.

The allegations in Paragraph 18 of the Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

### XIX.

The allegations in Paragraph 19 of the Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XX.

The allegations in Paragraph 20 of the Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XXI.

The allegations in Paragraph 21 of the Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XXII.

To the extent that the allegations contained in Paragraph 22 of the Complaint for Damages apply to trailers that FEI was directed to haul and install, FEI denies the allegations.  The remaining allegations in Paragraph 22 of the Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XXIII.

To the extent that the allegations contained in Paragraph 23 of the Complaint for Damages apply to trailers that FEI was directed to haul and install, FEI denies the allegations.  The remaining allegations in Paragraph 23 of the Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XXIV.

To the extent that the allegations contained in Paragraph 24 of the Complaint for Damages apply to trailers that FEI was directed to haul and install, FEI denies the allegations.  The remaining allegations in Paragraph 24 of the Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XXV.

FEI denies the allegations contained in the first sentence of Paragraph 25 of the Complaint for Damages.  The allegations contained in the remainder of Paragraph 25 of the Complaint for Damages contain legal conclusions to which no response is required on the part of FEI.  To the extent that a response is required, FEI states that 24 C.F.R. § 3280.309 is its own best evidence.

XXVI.

FEI denies the allegations contained in Paragraph 26 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

XXVII.

FEI denies the allegations contained in Paragraph 27 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

XXVIII.

The allegations contained in Paragraph 28 of the Complaint for Damages contain legal conclusions to which no response is required on the part of FEI.  To the extent that a response is required, FEI states that 24 C.F.R. § 3280.309 is its own best evidence.

XXIX.

The allegations contained in Paragraph 29 of the Complaint for Damages contain legal conclusions to which no response is required on the part of FEI.  To the extent that a response is required, FEI states that 44 C.F.R. § 206.110(e) is its own best evidence.

XXX.

FEI denies the allegations contained in Paragraph 30 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

XXXI.

The allegations contained in Paragraph 31 of the Complaint for Damages contain legal conclusions to which no response is required on the part of FEI.  To the extent that a response is required, FEI states that 42 U.S.C. § 4121 *et seq.*, Public Law 93-288, Title IV, § 408 (1988), and 42 U.S.C. § 5174 are their own best evidence.

XXXII.

FEI denies all allegations contained in Paragraph 32 of the Complaint for Damages, except that FEI admits that it had a Individual Assistance—Technical Assistance Contract (IA/TAC) with FEMA relating to FEMA's disaster response obligations.  Further answering, FEI states that it was requested to submit a bid for the IA/TAC Contract, submitted a bid and was awarded an IA/TAC Contract.

XXXIII.

FEI denies the allegations contained in Paragraph 33 of the Complaint for Damages as written.  FEI submits that the best evidence of the terms of the tasks assigned to it by FEMA are described in the IA/TAC Contract, related task orders, work orders and contract documents.

XXXIV.

FEI denies all allegations contained in Paragraph 34 of the Complaint for Damages.

XXXV.

FEI denies the allegations contained in Paragraph 35 of the Complaint for Damages as written.  FEI submits that the best evidence of the terms of the tasks assigned to it by FEMA are described in the IA/TAC Contract, related task orders, work orders and contract documents.

XXXVI.

FEI denies the allegations contained in Paragraph 36 of the Complaint for Damages as written.  FEI submits that the best evidence of the terms of its subcontracts are described in the subcontract themselves and related subcontract documents.

XXXVII.

FEI denies the allegations contained in Paragraph 37 of the Complaint for Damages, except that with respect to the first two sentences of Paragraph 37, FEI states that the best evidence of the terms of the tasks assigned to it by FEMA are described in the IA/TAC Contract, related task orders, work orders and contract documents.  FEI denies the allegations contained in the last sentence of Paragraph 37 of the Complaint for Damages.

XXXVIII.

FEI denies the allegations contained in the first two sentences of Paragraph 38 of the Complaint for Damages as written, except that with respect to those first two sentences of Paragraph 38, FEI states that the best evidence of the terms of the tasks

assigned to it by FEMA are described in the IA/TAC Contract, related task orders, work orders, contract documents, technical directions received from FEMA and FEI's Installation Manual.   FEI denies the allegations contained in the last sentence of Paragraph 38 of the Complaint for Damages.

### XXXIX.

FEI denies the allegations contained in Paragraph 39 of the Complaint for Damages.

### XL.

FEI denies the allegations contained in Paragraph 40 of the Complaint for Damages.

### XLI.

FEI denies the allegations of the first two sentences contained in Paragraph 41 of the Complaint for Damages for lack of sufficient information to justify a belief therein. FEI denies the allegations contained in the last sentence of Paragraph 41 of the Complaint for Damages.

### XLII.

FEI denies the allegations contained in Paragraph 42 of the Complaint for Damages.

XLIII.

FEI denies the allegations contained in the first sentence of Paragraph 43 of the Complaint for Damages as written.  FEI states that the best evidence of the terms of the tasks assigned to it by FEMA are described in the IA/TAC Contract, related task orders, work orders, contract documents and technical directions received from FEMA.  FEI denies the allegations contained in the last two sentences of Paragraph 43 of the Complaint for Damages.

XLIV.

FEI denies the allegations contained in the first sentence of Paragraph 44 of the Complaint for Damages as written.  FEI states that the best evidence of the terms of the tasks assigned to it by FEMA are described in the IA/TAC Contract, related task orders, work orders, contract documents and technical directions received from FEMA; and that the best evidence of the terms of its relationships with its subcontractors are contained in the subcontracts and related documents.  FEI denies the allegations contained in the last sentence of Paragraph 44 of the Complaint for Damages.

XLV.

FEI denies the allegations contained in Paragraph 45 of the Complaint for Damages.

XLVI.

FEI denies the allegations contained in the first sentence of Paragraph 46 of the Complaint for Damages as written.  FEI states that the best evidence of the terms of the tasks assigned to it by FEMA are described in the IA/TAC Contract, related task orders, work orders, contract documents and technical directions received from FEMA.  FEI

denies the allegations contained in the last sentence of Paragraph 46 of the Complaint for Damages.

## XLVII.

FEI denies the allegations contained in the first sentence of Paragraph 47 of the Complaint for Damages as written.  FEI states that the best evidence of the terms of the tasks assigned to it by FEMA are described in the IA/TAC Contract, related task orders, work orders, contract documents and technical directions received from FEMA.  FEI denies all remaining allegations contained in Paragraph 47 of the Complaint for Damages.

## XLVIII.

FEI denies the allegations contained in Paragraph 48 of the Complaint for Damages.

## XLIX.

FEI denies the allegations contained in Paragraph 49 of the Complaint for Damages.

## L.

FEI denies the allegations contained in Paragraph 50 of the Complaint for Damages.

## LI.

FEI denies the allegations contained in Paragraph 51 of the Complaint for Damages.

## LII.

FEI denies the allegations contained in Paragraph 52 of the Complaint for Damages.

## LIII.

FEI denies the allegations contained in Paragraph 53 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

## LIV.

FEI denies the allegations contained in Paragraph 54 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

## LV.

FEI denies the allegations contained in Paragraph 55 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

## LVI.

FEI denies the allegations contained in Paragraph 56 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

## LVII.

FEI denies the allegations contained in Paragraph 57 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

## LVIII.

FEI denies the allegations contained in Paragraph 58 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

LIX.

FEI denies the allegations contained in Paragraph 59 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

LX.

FEI denies the allegations contained in Paragraph 60 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

LXI.

FEI denies the allegations contained in Paragraph 61 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

LXII.

FEI denies the allegations contained in Paragraph 62 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

LXIII.

FEI denies the allegations contained in Paragraph 63 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

LXIV.

FEI denies the allegations contained in Paragraph 64 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

LXV.

FEI denies the allegations contained in Paragraph 65 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

LXVI.

FEI denies the allegations contained in Paragraph 66 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

LXVII.

FEI denies the allegations contained in Paragraph 67 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

LXVIII.

FEI denies the allegations contained in Paragraph 68 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

LXIX.

FEI denies the allegations contained in Paragraph 69 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

LXX.

FEI denies the allegations contained in Paragraph 70 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

LXXI.

FEI denies the allegations contained in Paragraph 71 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

LXXII.

FEI denies the allegations contained in Paragraph 72 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

LXXIII.

FEI denies the allegations contained in Paragraph 73 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

LXXIV.

FEI denies the allegations contained in Paragraph 74 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

LXXV.

FEI denies the allegations contained in Paragraph 75 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

LXXVI.

FEI denies the allegations contained in Paragraph 76 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

LXXVII.

FEI denies the allegations contained in Paragraph 77 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

LXXVIII.

FEI denies the allegations contained in Paragraph 78 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

LXXIX.

FEI denies the allegations contained in Paragraph 79 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

LXXX.

The allegations contained in Paragraph 80 of the Complaint for Damages constitute legal conclusions to which no response is required on the part of FEI.  To the extent that a response is required, FEI denies the allegations contained in Paragraph 80 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

LXXXI.

The allegations contained in Paragraph 81 of the Complaint for Damages constitute legal conclusions to which no response is required on the part of FEI. To the extent that a response is required, FEI denies the allegations contained in Paragraph 81 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

LXXXII.

The allegations contained in Paragraph 82 of the Complaint for Damages constitute legal conclusions to which no response is required on the part of FEI. To the extent that a response is required, FEI denies the allegations contained in Paragraph 82 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

LXXXIII.

The allegations contained in Paragraph 83 of the Complaint for Damages constitute legal conclusions to which no response is required on the part of FEI. To the extent that a response is required, FEI denies the allegations contained in Paragraph 83 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

LXXXIV.

The allegations contained in Paragraph 84 of the Complaint for Damages constitute legal conclusions to which no response is required on the part of FEI. To the extent that a response is required, FEI denies the allegations contained in Paragraph 84 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

LXXXV.

The allegations contained in Paragraph 85 of the Complaint for Damages constitute legal conclusions to which no response is required on the part of FEI. To the

extent that a response is required, FEI denies the allegations contained in Paragraph 85 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

## LXXXVI. [1]

The allegations contained in Paragraph 97 of the Complaint for Damages constitute legal conclusions to which no response is required on the part of FEI.  To the extent that a response is required, FEI denies the allegations contained in Paragraph 97 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

## LXXXVII.

The allegations contained in Paragraph 98 of the Complaint for Damages constitute legal conclusions to which no response is required on the part of FEI.  To the extent that a response is required, FEI denies the allegations contained in Paragraph 98 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

## LXXXVIII.

The allegations contained in Paragraph 99 of the Complaint for Damages constitute legal conclusions to which no response is required on the part of FEI.  To the extent that a response is required, FEI denies the allegations contained in Paragraph 99 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

## LXXXIX.

The allegations contained in Paragraph 100 of the Complaint for Damages constitute legal conclusions to which no response is required on the part of FEI.  To the extent that a response is required, FEI denies the allegations contained in Paragraph 100 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

## XC.

_____
[1] The Complaint for Damages contains no Paragraphs 86-96.

The allegations contained in Paragraph 101 of the Complaint for Damages constitute legal conclusions to which no response is required on the part of FEI.  To the extent that a response is required, FEI denies the allegations contained in Paragraph 101 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

XCI.

The allegations contained in Paragraph 102 of the Complaint for Damages constitute legal conclusions to which no response is required on the part of FEI.  To the extent that a response is required, FEI denies the allegations contained in Paragraph 102 of the Complaint for Damages for lack of sufficient information to justify a belief therein.

XCII.

In response to the allegations contained in Paragraph 103 of the Complaint for Damages, FEI reavers and reasserts its answers contained in Paragraphs I through XCI above as if copied fully herein.

XCIII.

FEI denies the allegations contained in Paragraph 104 of the Complaint for Damages.

XCIV.

FEI denies the allegations contained in Paragraph 105 of the Complaint for Damages.

XCV.

FEI denies the allegations contained in Paragraph 106 of the Complaint for Damages.

XCVI.

FEI denies the allegations contained in Paragraph 107 of the Complaint for Damages.

XCVII.

FEI denies the allegations contained in Paragraph 108 of the Complaint for Damages.

XCVIII.

FEI denies the allegations contained in Paragraph 109 of the Complaint for Damages.

XCIX.

In response to the allegations contained in Paragraph 110 of the Complaint for Damages, FEI reavers and reasserts its answers contained in Paragraphs I through XCVIII above as if copied fully herein.

C.

FEI denies the allegations contained in Paragraph 111 of the Complaint for Damages.

CI.

FEI denies the allegations contained in Paragraph 112 of the Complaint for Damages.

CII.

FEI denies the allegations contained in Paragraph 113 of the Complaint for Damages.

CIII.

FEI denies the allegations contained in Paragraph 114 of the Complaint for Damages.

CIV.

FEI denies the allegations contained in Paragraph 115 of the Complaint for Damages.

CV.

FEI denies the allegations contained in Paragraph 116 of the Complaint for Damages.

CVI.

FEI denies that Plaintiffs are entitled to recover the damages claimed in Paragraph 117 of the Complaint for Damages.

CVII.

In response to the allegations contained in the paragraph captioned "Request for Jury Trial" of the Complaint for Damages, FEI asserts that it is entitled to a trial by jury on all issues herein.

CVIII.

In response to the allegations contained in the paragraph captioned "Prayer for Relief" of the Complaint for Damages, FEI denies that Plaintiffs are entitled to the relief requested.

CIX.

The allegations contained in any and all unnumbered or misnumbered paragraphs of the Complaint for Damages are denied.

## FEI's ANSWER TO FIRST SUPPLEMENTAL
## AND AMENDING COMPLAINT

CX.

In response to the allegations contained in Paragraph 1 of the First Supplemental and Amending Complaint, FEI denies that Connie Combre is entitled to any of the relief requested.

CXI.

The allegations contained in Paragraph 2 of the First Supplemental and Amending Complaint constitute legal conclusions to which no response is required on the part of FEI. To the extent a response is required, the allegations are denied.

CXII.

In response to the allegations contained in the concluding prayer of the First Supplemental and Amending Complaint, FEI reavers and reasserts its answers contained in Paragraphs I through CXI. FEI further asserts that the named plaintiffs are not entitled to the relief requested.

## FEI's ANSWER TO SECOND SUPPLEMENTAL
## AND AMENDING COMPLAINT

CXIII.

In response to the allegations contained in Paragraph 1 of the Second Supplemental and Amending Complaint, FEI denies that the named plaintiffs are entitled to any of the relief requested.

CXIV.

The allegations contained in Paragraph 2 of the Second Supplemental and Amending Complaint constitute legal conclusions to which no response is required on the part of FEI.  To the extent a response is required, the allegations are denied.

CXV.

In response to the allegations contained in the concluding prayer of the Second Supplemental and Amending Complaint, FEI reavers and reasserts its answers contained in Paragraphs I through CXIV.  FEI further asserts that the named plaintiffs are not entitled to the relief requested.

## FEI's ANSWER TO THIRD SUPPLEMENTAL AND AMENDED COMPLAINT

CXVI.

In response to the allegations contained in Paragraph 1 of the Third Supplemental and Amended Complaint do not require a response on the part of FEI.  To the extent a response is require, FEI states that Exhibit "A" attached to Plaintiffs' Complaint for Damages is the best evidence of the contents thereof.

CXVII.

In response to the allegations contained in Paragraph 2 of the Third Supplemental and Amended Complaint, FEI reavers and reasserts its answers contained in Paragraphs I through XII as if copied fully herein.

CXVIII.

In response to the allegations contained in Paragraph 3 of the Third Supplemental and Amended Complaint, FEI reavers and reasserts its answers contained in Paragraphs XIII through LXXIX as if copied fully herein.

CXIX.

FEI denies the allegations contained in Paragraph 4 of the Third Supplemental and Amended Complaint for lack of sufficient information to justify a belief therein.

CXX.

FEI denies the allegations contained in Paragraph 5 of the Third Supplemental and Amended Complaint for lack of sufficient information to justify a belief therein.

CXXI.

FEI denies the allegations contained in Paragraph 6 of the Third Supplemental and Amended Complaint for lack of sufficient information to justify a belief therein.

CXXII.

FEI denies the allegations contained in Paragraph 7 of the Third Supplemental and Amended Complaint for lack of sufficient information to justify a belief therein.

CXXIII.

FEI denies the allegations contained in Paragraph 8 of the Third Supplemental and Amended Complaint as written.

CXXIV.

FEI denies the allegations contained in Paragraph 9 of the Third Supplemental and Amended Complaint for lack of sufficient information to justify a belief therein.

CXXV.

FEI denies the allegations contained in Paragraph 10 of the Third Supplemental and Amended Complaint for lack of sufficient information to justify a belief therein.

CXXVI.

In response to the allegations contained in Paragraph 11 of the Third Supplemental and Amended Complaint, FEI reavers and reasserts its answers contained in Paragraphs LXXX through LXXXV as if copied fully herein.  FEI denies the remaining allegations contained in Paragraph 11 of the Third Supplemental and Amended Complaint for lack of sufficient information to justify a belief therein.

CXXVII.

In response to the allegations contained in Paragraph 12 of the Third Supplemental and Amended Complaint, FEI reavers and reasserts its answers contained in Paragraphs LXXXVI through XCI as if copied fully herein.  The remaining allegations contained in Paragraph 12 of the Third Supplemental and Amended Complaint are legal conclusions no answer of FEI.  To the extent an answer is required, FEI denies such allegations.

CXXVIII.

In response to the allegations contained in Paragraph 13 of the Third Supplemental and Amended Complaint, FEI reavers and reasserts its answers contained in Paragraphs XCII through XCVIII as if copied fully herein.  FEI denies that Plaintiffs are entitled to any damages or relief from FEI.

CXXIX.

In response to the allegations contained in Paragraph 14 of the Third Supplemental and Amended Complaint, FEI reavers and reasserts its answers contained in Paragraphs XCIX through CV as if copied fully herein.  FEI denies that Plaintiffs are entitled to any damages or relief from FEI.

CXXX.

In response to the allegations contained in Paragraph 15 of the Third Supplemental and Amended Complaint, FEI denies that Plaintiffs are entitled to any damages or relief asserted.

CXXXI.

In response to the allegations contained in Paragraph 16 of the Third Supplemental and Amended Complaint, FEI asserts that it is entitled to a trial by jury on all claims herein.

CXXXII.

In response to the allegations contained in the final concluding prayer of the Third Supplemental and Amended Complaint, FEI reavers and reasserts its answers contained in Paragraphs I through CXXXI as if copied fully herein.  FEI also denies that Plaintiffs are entitled to any damages or relief from FEI.

## **FIRST DEFENSE**

The Complaint for Damages for Damages, as supplemented and amended, fails to state a claim or cause of action against FEI upon which relief can be granted.

## SECOND DEFENSE

The claims against FEI are, or may be, barred in whole or in part by Plaintiffs' failure to institute suit within the period of time required by the applicable statutes of limitation and/or any applicable limitation of actions, or by preemption or prescription, or failure to initiate suit within the period of time required by the applicable prescriptive periods and/or any limitation of actions contained in any applicable contracts. Plaintiffs' claims are barred by prescription on the face of the Third Supplemental and Amended Complaint.

## THIRD DEFENSE

FEI, through subcontractors, hauled and installed all travel trailers, including plaintiffs' travel trailer, according to the specifications of the United States government, which had specific requirements regarding the installation of the travel trailers, with specifications FEI strictly complied. Further, FEI had no knowledge superior to that of FEMA that was not shared with FEMA. Any alleged defect claimed herein, which is specifically denied, is the result of the standards mandated by the United States government over which FEI had no control. Accordingly, FEI is immunized from liability by the government contractor defense.

## FOURTH DEFENSE

FEI denies that it is a "manufacturer" within the meaning of the Louisiana Products Liability Act.

## FIFTH DEFENSE

Solely to the extent that FEI is found to be a manufacturer, which FEI denies, FEI specifically denies the existence of any defect or defects that would render the trailer

unreasonably dangerous under the Louisiana Products Liability Act, the limited warranty, and/or any other applicable law, contract, or standard.  FEI also denies that it was negligent in any way that caused harm to plaintiffs.


## SIXTH DEFENSE

FEI reasserts as affirmative defenses each and every one of the defenses raised in its preservation list filed in the Age case.

## SEVENTH DEFENSE

Solely in the alternative, in the even the Court finds the plaintiffs have suffered any damages whatsoever, which is denied, the damages complained of resulted solely or substantially from the negligence, fault or comparative fault of the Plaintiffs through misuse and/or abuse and/or lack of maintenance of the travel trailers, failure to follow instructions for use, failure to heed applicable warnings, and/or through other acts or omissions which will be shown more fully at the trial of this matter and which preclude recovery by Plaintiffs or reduce any recovery by their respective percentages of fault.

## EIGHTH DEFENSE

Further in the alternative, all damages complained of resulted solely or substantially from the negligence, fault or comparative fault of third persons for whom FEI is not responsible, including non-parties and parties immune by statute and, including without limitation, possibly subcontractors, lower-tier subcontractors and MDC contractors.

## NINTH DEFENSE

Solely in the alternative, in the event this Court determines there was any defect in any travel trailer, which is specifically denied, said defect was apparent and obvious and could be easily avoided or remedied, precluding any recovery by Plaintiffs.

## TENTH DEFENSE

All of the claims asserted against FEI are preempted or otherwise precluded by the statutes, standards, regulations, and rules propagated by the Federal Government and/or HUD, and/or FEMA, and/or the Plaintiffs' lease agreement with FEMA.

## TWELFTH DEFENSE

FEI further pleads that Plaintiffs' claims are, or may be barred, in whole or in part, to the extent that the Economic Loss Doctrine applies and incorporates Court's Order and Reasons (R. Doc. 984).

## THIRTEENTH DEFENSE

Claims against FEI are, or may be, barred in whole or in part by the doctrines of estoppel, release or waiver.

## FOURTEENTH DEFENSE

FEI owes no warranty obligations to Plaintiffs.

## FIFTEENTH DEFENSE

Upon information and belief, Plaintiffs have failed to mitigate their damages.

## SIXTEENTH DEFENSE

In the event that discovery reveals the following, FEI specifically pleads that the accident and/or injuries sued upon herein occurred only and solely due to the substantial

alteration and/or modification of the product sued upon herein, which alteration and/or modification was not foreseeable, after it had been installed by FEI, in the event FEI is found to be a manufacturer, which is expressly denied.

### SEVENTEENTH DEFENSE

To the extent FEI is found to be a manufacturer, which is denied, FEI specifically pleads to the extent applicable, all defenses allowed under the Louisiana Products Liability Act, LSA—R.S. 9:2800.51 et seq. and/or other Louisiana law.

### EIGHTEENTH DEFENSE

To the extent FEI is found to be a manufacturer, which is denied, in the event that discovery reveals the following, FEI specifically pleads that the injuries sued upon herein occurred only and solely by virtue of the failure of the user/handler of the product to properly and adequately maintain, service and/or inspect said product in accordance with the Owner's Manual and/or instructions for use, which is specifically pleaded as a complete bar to any recovery against FEI.

### NINETEENTH DEFENSE

To the extent FEI is found to be a manufacturer, which is denied, in the event that discovery reveals the following, FEI specifically pleads that the product sued upon was not in a reasonably anticipated use at any relevant time.

### TWENTIETH DEFENSE

FEI specifically pleads that any alleged fault, negligence and/or strict liability attributed to FEI, which is specifically denied, was not the proximate or legal cause of the injuries sued upon herein, and that Louisiana duty-risk analysis precludes Plaintiffs' claims against FEI.

**TWENTY-FIRST DEFENSE**

In the event FEI is found to be a manufacturer, which is denied, FEI specifically pleads that the subject trailer, including all component parts thereof, was properly installed in accordance with the state of the art at the time; and, therefore, there is no legal basis for any assessment of fault against FEI.

**TWENTY-SECOND DEFENSE**

In the event FEI is found to be a manufacturer, which is denied, FEI avers that at the time the product was installed, the installation met all relevant FEMA and FEI specifications and performance standards for the installation of other similar trailers.

**TWENTY-THIRD DEFENSE**

Alternatively, FEI affirmatively avers that in the event it is found liable in any way to Plaintiffs, which is denied, any liability on its part is merely joint liability and not joint and several, nor *in solido*, with the liability of other parties for whom it is not responsible.

**TWENTY-FOURTH DEFENSE**

To the extent FEI is found to be a manufacturer, which is denied, FEI specifically pleads that the trailer, as installed, was reasonably fit for ordinary use.

**TWENTY-FIFTH DEFENSE**

The exact damages/losses claimed by Plaintiffs are unknown to FEI, and thus FEI cannot adequately determine all defenses that may be applicable to Plaintiffs' claims. Therefore, FEI expressly reserves by this reference the right to raise additional defenses to the extent that:

a.      Additional defenses become applicable under state and federal law;

b.      Additional defenses are established as discovery proceeds; and

c.      Additional defenses are available under subsequently asserted theories of recovery.

## TWENTY-SIXTH DEFENSE

Pursuant to Federal Rule of Civil Procedure Rule 9, FEI specifically asserts that Alana Alexander lacks procedural capacity to sue on behalf of the minor, Christopher Cooper.   Upon information and believe, Christopher Cooper's father, believed to be Darren Cooper, is alive and residing in Atlanta, Georgia.   Moreover, it is FEI's understanding that no Court has established Alana Alexander's authority to act in a representative capacity on behalf of Christopher, rather than Darren Cooper.

## TWENTY-SEVENTH DEFENSE

Defendant had no duty to warn Plaintiff of any alleged harmful conditions of the trailer.

## TWENTY-EIGHTH DEFENSE

Defendant avers that the sole and proximate cause of any injuries or damages about which the Plaintiffs complain was the fault and/or negligence of the Plaintiffs, including, but not limited to the failure to read and/or follow the instructions to vent out

the trailer, any and all other acts and/or omissions which may be adduced at or before the time of trail, which stand as a complete bar to Plaintiffs' claim.

## TWENTY-NINTH DEFENSE

FEI cannot be jointly and severally liable with any other person, whether party or non-party.

## THIRTIETH DEFENSE

The injuries alleged by Plaintiffs were legally or proximately caused, if they exist at all, by intervening and superseding causes and circumstances.

## THIRTY-FIRST DEFENSE

FEI requests a trial by jury.


**WHEREFORE,** the above premises considered, Defendant, Fluor Enterprises, Inc. respectfully prays that this Answer be deemed good and sufficient; that, after due proceedings had, there be judgment rendered herein in favor of this Defendant, dismissing Complaint for Damages for Damages, as supplemented and amended, with prejudice; and Defendant respectfully prays for all such other general, special and equitable relief that law, equity or the nature of the case may permit and for all costs of these proceedings.  Finally, Defendant requests a trial by jury on all issues herein.

Respectfully submitted,

**MIDDLEBERG, RIDDLE & GIANNA**


BY: _____ */s/ Charles R. Penot, Jr.* _____
Charles R. Penot, Jr. (La. Bar No. 1530 &
Tx. Bar No. 24062455)
717 North Harwood, Suite 2400
Dallas, Texas 75201

Tel: (214) 220-6334; Fax: (214) 220-6807
cpenot@midrid.com


Dominic J. Gianna, La. Bar No. 6063
Sarah A. Lowman, La. Bar No. 18311
201 St. Charles Avenue, Suite 3100
New Orleans, Louisiana 70170
Telephone: (504) 525-7200
Facsimile: (504) 581-5983
dgianna@midrid.com
slowman@midrid.com

*-and-*

Richard A. Sherburne, Jr., La. Bar No. 2106
450 Laurel Street, Suite 1101
Baton Rouge, Louisiana 70801
Telephone: (225) 381-7700
Facsimile: (225) 381-7730
rsherburne@midrid.com

**ATTORNEYS FOR FLUOR ENTERPRISES, INC.**


**CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2009, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sends notice of electronic filing to all counsel of record, including court-appointed liaison counsel, who are CM/ECF participants.


*/s/ Charles R. Penot, Jr.*          `
CHARLES R. PENOT, JR.

ND: 4810-3951-1044, v.  1