UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER         * | MDL NO. 1873 |
|      FORMALDEHYDE       * | |
|      PRODUCTS LIABILITY   * | |
|      LITIGATION         * | |
|                         * | |
| This Document Relates to: *Charlie Age,*  * | JUDGE: ENGELHARDT |
| *et al. v. Gulf Stream Coach Inc., et al*, * | |
| Docket No. 09-2892          * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE
FIRST SUPPLEMENTAL WITNESS LIST**

**MAY IT PLEASE THE COURT:**

Gulf Stream Coach, Inc. ("Gulf Stream") submits the following Memorandum in Support of its Opposition to Plaintiffs' Motion for Leave to File First Supplemental Witness List:

**MEMORANDUM**

Gulf Stream recently filed a motion to strike certain lay witnesses - identified as Don Freilberger, Karen Freiberger, Ron Dheave, and Don Shaffer - because Gulf Stream is prejudiced by Plaintiffs failure to properly identify those witnesses without complying with this Court's mandate to seek such relief through written motion establishing "just cause." This opposition to Plaintiff's Motion for Leave to File First Supplemental Witness List is essentially seeking the same relief prayed for in Gulf Stream's motion and memorandum to strike certain lay witnesses. (Rec. Doc. 2628-2). Therefore, Gulf Stream adopts and advances the factual representations from its memorandum in support of its motion to strike and adopts the authority cited and arguments made in its memorandum in support of its motion to strike, without repeating same herein. *Id.*

Additionally, Gulf Stream asserts the following argument in light of Plaintiffs' recently filed Motion for Leave to File First Supplemental Witness List. Plaintiffs assert in their Memorandum that "it is necessary, appropriate and just to supplement the preliminary witness list to add additional witnesses that were **unknown** at the time of Plaintiffs' Preliminary Witness List was submitted." (Rec. Doc. 2626-2) (emphasis added). This is an artfully drafted statement. Nevertheless, it does not tell the whole story. We do not know if the plaintiffs knew of these witnesses at the time they filed their preliminary witness list on July 1, 2009. (Rec. Doc. 2022). That list contained four hundred twenty-three (423) witnesses. *Id.* Thereafter, Plaintiffs submitted supplemental responses to Gulf Stream's First Set of Interrogatories on July 2, 2009. Exhibit "A," Pl's Supp. Responses to Interrog. (July 2, 2009). Responses were provided on behalf of Christopher Cooper and Alana Alexander. *Id.* Both sets of responses identify Don Freilberger, Karen Freiberger, Ron Dheave, and Don Shaffer as persons from whom Plaintiffs had obtained statements in connection with this litigation. *Id.* Plaintiffs, therefore, first knew of the aforementioned lay witnesses no later than July 2, 2009. Three weeks after Plaintiffs responded to Gulf Stream's supplemental discovery requests, Plaintiffs filed their Preliminary Witness List identifying two hundred eighty-seven (287) potential witnesses on July 24, 2009. (Rec. Doc. 2302). Don Freilberger, Karen Freiberger, Ron Dheave, and Don Shaffer were not identified. Plaintiffs undoubtedly knew of these "additional witnesses" that are now the subject of Plaintiffs' motion for leave to file first supplemental witness list.

In their response to the motion to strike, plaintiffs correctly state that these witnesses were the subject of their motion to depose additional witnesses. Nevertheless, they fail to mention that these witnesses were added to the motion on the evening of July 9th, while undersigned counsel was returning from Dr. Kornberg's deposition in Denver. The hearing took

2

place on the morning of the 10th. Gulf Stream's counsel had an inadequate opportunity to try and determine who these witnesses were prior to the hearing. Plaintiff's counsel apparently represented that these witnesses were on the first witness list filed (apparently that was incorrect), but would certainly be added to the final witness list. They were never added until the motion for leave filed in August, approximately five weeks prior to trial.

This Court specifically ordered that amended witness lists be filed on or before July 17, 2009. (Rec. Doc. 2089). The amended witness list were to "serve as documents which the other parties or the Court can actually rely on in preparation for trial, culling out witnesses and exhibits which are not likely to be utilized at trial." *Id.* Gulf Stream has already spent enormous amounts of money trying to determine what testimony the Plaintiffs two hundred eighty-seven listed witnesses might offer at trial. Gulf Stream should not be further burdened by Plaintiffs failure to identify witnesses that were known and could have identified by Plaintiffs in accordance with this Court's order. For these reasons, it is not "necessary, appropriate and just" to allow Plaintiffs to supplement the witness list when the identity of those witnesses was known by Plaintiffs for more that one month prior to their filing this motion for leave to amend.

## CONCLUSION

**WHEREFORE,** considering the foregoing, Gulf Stream respectfully requests that this Honorable Court deny Plaintiffs' Motion for Leave to File First Supplemental Witness List and

prevent Plaintiffs inexplicably tardy identification of Don Freilberger, Karen Freiberger, Ron Dheave, and Don Shaffer.

    Respectfully Submitted:

    **DUPLASS, ZWAIN, BOURGEOIS,**
    **PFISTER & WEINSTOCK**

    s/Andrew D. Weinstock
    _____
    **ANDREW D. WEINSTOCK #18495**
    **JOSEPH G. GLASS #25397**
    3838 N. Causeway Boulevard, Suite 2900
    Metairie, Louisiana 70002
    (504) 832-3700
    (504) 837-3119 (FAX)
    andreww@duplass.com
    jglass@duplass.com

    and

    **SCANDURRO & LAYRISSON**
    **Timothy D. Scandurro #18424**
    **Dewey M. Scandurro #23291**
    607 St. Charles Avenue
    New Orleans, LA 70130
    (504) 522-7100
    (504) 529-6199 (FAX)
    tim@scanlayr.com
    dewey@scanlayr.com
    **Counsel for Defendant, Gulf Stream Coach, Inc.**

**C E R T I F I C A T E**

I hereby certify that on the 20th day of August, 2009, a copy of the foregoing Memorandum in Support of Opposition to Plaintiffs' Motion for Leave to File First Supplemental Witness List was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

          s/Andrew D. Weinstock
          _____
          ANDREW D. WEINSTOCK #18495
          andreww@duplass.com