UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE | * | |
| | PRODUCTS LIABILITY | * | SECTION:  N(5) |
| | LITIGATION | * | |
| | | * | JUDGE: ENGELHARDT |
| This Document Relates to:  *Charlie Age, et al. v.* | | * | |
| *Gulf Stream Coach Inc., et al*, Docket No. 09-2892 | | * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
WITH RESPECT TO CERTAIN OF
GULF STREAM COACH, INC'S AFFIRMATIVE DEFENSES**

On August 17, 2009, the Plaintiff, Alana Alexander, filed a Motion for Partial Summary Judgment regarding a number of affirmative defenses asserted by Gulf Stream Coach, Inc. ("Gulf Stream") in its Answer. (Doc. No. 2727). Specifically, the Plaintiff asked this Honorable Court to dismiss Gulf Stream's affirmative defense regarding "misuse," mitigation of damages and prescription. *Id*. at 4—6. Gulf Stream opposes the Plaintiff's Motion on the basis that there are genuine issues of material fact as to (i) whether the Plaintiff misused, abused, failed to maintain, failed to follow proper instructions for the use of, and failed to heed applicable warnings regarding the Emergency Housing Unit ("EHU") in which she lived after Katrina, (ii) whether she mitigated her alleged damages, and (iii) whether her action is prescribed. Gulf Stream formally withdraws its affirmative defenses as to estoppel, procedural capacity, and the open and obvious nature of the alleged defect.

**I.      LEGAL STANDARD FOR SUMMARY JUDGMENT**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment should be rendered if the pleadings, discovery, disclosure materials and affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter

of law. FED.R.CIV.P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* Further, "It is axiomatic that where questions of law alone are involved in a case, summary judgment is appropriate." *Int'l Ass'n of Machinists & Aerospace Workers, Dist. 776 v. Tx. Steel Co.*, 538 F.2d 1116, 1119 (5th Cir. 1976).

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.,* 910 F.2d 167, 178 (5th Cir.1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must go beyond the pleadings and through affidavits, depositions, answers to interrogatories, and admissions on file must designate specific facts showing that there is a genuine issue for trial. *Celotex,* 477 U.S. at 324; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F .3d 400, 402 (5th Cir.2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir.2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994). The Court will not, "in the absence of any proof, assume that the nonmoving party

could or would prove the necessary facts." *See id.* (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber,* 353 F.3d 393, 405 (5th Cir.2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.1994), *cert. denied,* 513 U.S. 871 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys,* 298 F.3d 434, 440 (5th Cir.2002).

## II.   ARGUMENT

### A. A genuine issue of material fact exists regarding Plaintiff's misuse of her EHU

The Plaintiff has argued that she is entitled to summary judgment on Gulf Stream's affirmative defense of misuse because there is no evidence that the Plaintiff misused her trailer. (Rec. Doc. 2727-2, p. 5). That is incorrect. First of all, Gulf Stream points out that its defense is broader than misuse. In its Answer, Gulf Stream asserted the following affirmative defense:

> Solely in the alternative, in the event the Court finds the plaintiff has suffered any damages whatsoever, the damages complained of resulted solely or substantially from the negligence, fault or comparative fault of the plaintiff through misuse and/or abuse and/or lack of maintenance of the travel trailers, failure to follow instructions for use, failure to heed applicable warnings, and/or through other acts or omissions which will be shown more fully at the trial of this matter and which preclude recovery by plaintiff or reduce any recovery by her respective percentage of fault.

(Rec. Doc. 2532, p. 26).

Clearly, the defense is broader than misuse. It encompasses misuse of the product, abuse of the product, lack of maintenance of the product, failure to follow instructions for use of the product, and failure to heed applicable warnings regarding the product.

Second, the evidence shows that there is a genuine issue of material fact as to whether the Plaintiff engaged in such activity. The Plaintiff has admitted that, while living in the EHU, she received and reviewed a flyer that addressed the formaldehyde issue. *See* Deposition Transcript of Alana Alexander, taken on June 29, 2009, p. 195—96, attached as Exhibit "A." The flyer discussed the possible effects of formaldehyde, including potential eye irritation, exacerbation of asthmatic conditions, and other symptoms. *Id*. at 322. The flyer also mentioned that residents should ventilate the trailer to reduce formaldehyde levels. *Id*. at 322—23. However, the Plaintiff testified that although she ventilated her unit when she initially moved in, <u>she did not ventilate the unit throughout the duration of her occupancy</u>. *Id*. at 286. This occupancy lasted until December 2007, well after she received the flyer. *See id*. at 190.

This evidence shows that at the very least, the Plaintiff failed to follow instructions for use and failed to heed warnings because she did not ventilate throughout the time she resided in the EHU. This creates an issue of material fact as to whether she fully complied with the ventilation directive. Therefore, while the Plaintiff may be able to show at trial that she used her

unit properly and/or that she complied with applicable warnings, summary judgment is not appropriate on this issue.

**B. A genuine issue of material fact exists regarding Plaintiff's mitigation of damages**

Much like her motion regarding misuse, the Plaintiff has argued that she is entitled to summary judgment on Gulf Stream's affirmative defense of mitigation of damages because there is no evidence that the Plaintiff failed to mitigate. (Rec. Doc. 2727-2, p. 6). This is also incorrect. The Plaintiff has testified that she noticed a number of problems in her EHU while living in the unit, including a chemical smell when she first moved into the trailer, mold and mildew in various locations, a leaking light fixture, a bedroom wall panel that had buckled, water-damaged floor paneling, and rodent infiltration. *See* Exhibit A, p. 120—21, 164, 227—28, 230. The Plaintiff has alleged that the problems with cracks and openings in the unit caused increased formaldehyde exposure and moisture intrusion. (*Age, et al. v. Gulf Stream Coach, Inc., et al.*, 09-2892, Doc. No. 1, ¶ 109).

Yet, despite noticing these problems and alleging that they led to increased formaldehyde exposure, the Plaintiff failed to adequately address the problems in order to prevent her alleged damages. With respect to the chemical smell she noticed upon moving into the trailer and the bedroom wall paneling, the Plaintiff never contacted the FEMA maintenance line to repair the problems, despite being well aware of the telephone number. *See* Exhibit A, p. 305, 311—12, 329—30. Similarly, the Plaintiff never mentioned the mold problems to a maintenance contractor. *Id.* at 362. In a number of cases, she simply used duct tape in an attempt to fix the problem. For the bedroom wall paneling, she taped the panel back onto the wall. *Id.* at 164. She also duct taped a wall in the bathroom. *Id.* at 233. Further, to stop mice from getting into the trailer, she used duct tape and foam insulation to plug any holes that were present underneath the

EHU. *Id.* at 231—32. Gulf Stream asserts that these measures were insufficient to prevent increased formaldehyde exposure, if it indeed occurred as a result of these problems. Because she tried homemade remedies instead of relying on FEMA's maintenance personnel, there is some question as to whether she sufficiently mitigated her alleged damages. This presents a genuine issue of material fact, and so Plaintiff is not entitled to summary judgment on this issue.

**C. A genuine issue of material fact exists as to whether the Plaintiff's action has prescribed**

Finally, the Plaintiff has argued that she is entitled to summary judgment on Gulf Stream's affirmative defense of limitations, including prescription. (Rec. Doc. 2727-2, p. 3—5). Louisiana has a one-year liberative prescription period for delictual actions. *See* La. Civ. Code. art. 3492 (2009). Prescription begins to run when the plaintiff has actual or constructive knowledge of the alleged tortious act. *Adams v. First Nat'l Bank of Commerce*, 94-0486 (La. App. 4 Cir. 9/29/94); 644 So.2d 219, 223, *writ denied*, 94-3053 (La. 2/3/95); 649 So.2d 411. In this case, the Plaintiff had actual and constructive knowledge of formaldehyde problems by December of 2007. (Rec. Doc. 2728-2, p. 3—7). However, she did not file suit until February 27, 2009. (*Age, et al. v. Gulf Stream Coach, Inc., et al.*, 09-2892, Doc. No. 1). Thus, the action is prescribed on its face because it was not filed within one year of learning about the formaldehyde issue. *See* La. Civ. Code. art. 3492. This alone creates an issue of material fact as to whether the claim was prescribed.

Furthermore, because the action is prescribed on its face, the burden shifts to the Plaintiff to prove that the prescription was interrupted or suspended. *See Vincent v. Tusch*, 618 So. 2d 385, 385 (La. 1993) ("Where on the face of the petition it appears that prescription has run, the burden shifts to the plaintiff to prove a suspension or interruption of prescription."). The Plaintiff

did not offer sufficient evidence in her Motion to carry that burden. Thus, summary judgment is not appropriate on this issue.

### D. Other affirmative defenses cited by the Plaintiff

Gulf Stream withdraws its affirmative defenses as to estoppel, procedural capacity, and the open and obvious nature of the alleged defect.

## III.    CONCLUSION

Because there is a genuine issue of material fact with respect to the Plaintiff's misuse of her EHU and her failure to mitigate her alleged damages, the Court must deny the Plaintiff's Motion for Summary Judgment as to those issues. Furthermore, Gulf Stream formally withdraws its affirmative defenses as to estoppel, procedural capacity, and the open and obvious nature of the alleged defect.

Respectfully Submitted:

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK #18495
JOSEPH G. GLASS #25397**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON**
**Timothy D. Scandurro #18424**
**Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

## C E R T I F I C A T E

I hereby certify that on the 20th day of August, 2009, a copy of the foregoing Opposition to Plaintiff's Motion for Partial Summary Judgment was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495
andreww@duplass.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                    *          MDL NO. 1873
       FORMALDEHYDE             *
       PRODUCTS LIABILITY        *          SECTION:  N(5)
       LITIGATION                 *
                                      *          JUDGE: ENGELHARDT
This Document Relates to:  *Charlie Age, et al. v.*  *
*Gulf Stream Coach Inc., et al*, Docket No. 09-2892  *      MAG: CHASEZ
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>GULF STREAM'S STATEMENT OF CONTESTED MATERIAL FACTS</u>

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Gulf Stream Coach, Inc. ("Gulf Stream"), who, in support of its Opposition to Motion for Partial Summary Judgment states the following contested material facts solely for the purpose of this Opposition.

1.  The Plaintiff did not ventilate her Emergency Housing Unit throughout the duration of her occupancy in the unit.

2.  The Plaintiff never contacted the FEMA maintenance line to address a chemical smell she noticed upon moving into the trailer or a bedroom wall panel that had buckled.

3.  The Plaintiff never mentioned mold and mildew problems to a maintenance contractor.

4.  Instead of contacting the FEMA maintenance line about the bedroom wall paneling, she duct taped the panel back onto the wall.

5.  Instead of contacting the FEMA maintenance line about problems with rodent infiltration, she used duct tape and foam insulation to plug any holes that were present underneath the EHU to stop rodents from getting into the trailer.

6.  The Plaintiff's action is prescribed on its face.

Respectfully Submitted:

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

s/Andrew D. Weinstock

_____
**ANDREW D. WEINSTOCK #18495
JOSEPH G. GLASS #25397**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700
(504) 837-3119 (FAX)
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON
Timothy D. Scandurro #18424
Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
(504) 529-6199 (FAX)
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

## C E R T I F I C A T E

I hereby certify that on the _____ day of _____, 2009, a copy of the foregoing

Statement of Contested Material Facts was filed electronically with the Clerk of Court using the

CM/ECF system.  Notice of this file will be sent to liaison counsel by operation of the court's

electronic filing system and all other counsel of record via e-mail and U.S. Mail.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495
andreww@duplass.com

10