UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 | |
| FORMALDEHYDE | * | | |
| PRODUCTS LIABILITY | * | | |
| LITIGATION | * | SECTION:  N(5) | |
| | * | | |
| This Document Relates to: | * | | |
| *Charlie Age, et al. v.* | * | JUDGE: ENGELHARDT | |
| *Gulf Stream Coach Inc., et al*, Docket No. 09-2892 | * | | |
| | * | MAG: CHASEZ | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF GULF STREAM COACH, INC.'S
MOTION TO STRIKE OPINIONS AND TESTIMONY OF ERVIN RITTER, P.E.**

**MAY IT PLEASE THE COURT:**

Gulf Stream Coach, Inc. respectfully submits the following Memorandum in Support of its Motion to Strike Opinions and Testimony of Ervin Ritter:[1]

### I. Plaintiffs' HVAC/Mechanical Engineer Expert – Ervin Ritter, P.E.

Plaintiffs intend to introduce at trial the expert opinions and testimony of Ervin Ritter in the field of HVAC/heating systems, mechanical engineering, ventilation, air infiltration, role with moisture and mold, and moisture's role in elevating formaldehyde exposures, indoor air quality, related trailer construction and design issues and inspection of the Alexander/Gulf Stream Coach, Inc. unit.  Doc. 2613-2, p. 2 (Exhibit "A' to Joint Trial Plan, Doc. 2613); and Doc. 1705, p. 7 (Plaintiffs' Response to Defendants', Gulf Stream Coach, Inc.'s and Fluor Enterprises, Inc.'s, Motion to Strike Certain Expert Witnesses).

Ritter intends to offer expert opinions and testimony regarding the design, installation and condition of the plaintiffs' trailer unit's HVAC system and thermal dynamics of the unit's

---

[1]  The Court and parties have become familiar with the factual/procedural background of this matter.  As such, reference is made herein to the background as set forth in Gulf Stream Coach, Inc.'s Memorandum in Support of Motion *in Limine* to Limit Expert Testimony of Stephen Smulski, Ph.D. (Doc. 2349-2, pp. 1-2).

1

construction.  Ex. "A," Report of Ritter, pp. 4, 7, 9-10.  Specifically, Ritter offers the opinions that the air conditioning ductwork had air leakage and that the trailer's envelope itself (i.e. the exterior boundaries of the living space and/or exterior skin of the trailer itself) had air leakage. *Id.* p. 4.  As a result of those conditions, Ritter states that the trailer would have been in a negative pressure state, drawing in excessive hot, humid and unconditioned air.  *Id.*  This, in turn, Ritter states would result in any contaminants in the building materials or in the cavity of the building envelope (i.e. wall, floor or ceiling cavities) being drawn into the interior living space of the trailer.  *Id.*  In addition, Ritter states that these findings constitute deficiencies in the installation of the HVAC system and, moreover, that they evidence non-compliance with duct construction and insulation standards or guidelines.  *Id.* pp. 7, 9-10.

As these opinions rely wholly upon testing done by plaintiffs' expert Paul LaGrange on May 6-7, 2009 that have been ruled inadmissible by the Court, Ritter's testimony and opinions should be excluded in their entirety.

## II.  Ritter's Opinions and Testimony Are Inadmissible

The entirety of the opinions and testimony that will be proffered by Ritter at the trial of this matter are based solely upon the testing (blower door testing, duct blaster testing and/or thermographic image testing) performed on the plaintiffs' trailer unit by plaintiffs' expert, LaGrange on May 6-7, 2009.[2]  By Order of this Court, all "expert opinions based on plaintiffs' re-testing of the Emergency Housing Unit ("EHU") [on May 6-7, 2009] in this case will not be admitted."  Doc. 2062, p. 2 (Order and Reasons dated 7/6/09).  Moreover, this Court held therein that "...any data collected as a result of this testing, and opinions based solely on such testing, shall also be excluded." *Id.*

---

[2]   Plaintiffs identify as exhibits for trial the affidavit/report, file and testing results of Paul LaGrange. Doc. 2023, P158-P160, P204 (Plaintiffs' Preliminary Exhibit List).

2

In rendering his opinions, Ervin Ritter relied exclusively upon the testing and interpretation of the testing results and data obtained by LaGrange as a part of the re-testing of the plaintiffs' trailer unit that took place on May 6-7, 2009:[3]

> Q. For the opinions that you've rendered in your report relative to the mechanical system, the HVAC system, is my understanding correct that the data you relied upon for those findings was the data generated by Mr. LaGrange?
>
> A. Correct.

*See* Exhibit "B," Depo. Ritter, p. 51.

In addition, the reliance upon the testing done by LaGrange that forms the entire basis of Ritter's opinions can easily be discerned by an even cursory review of Ritter's expert report rendered in this case. *See* Exhibit "A," Report of Ritter, pp. 4, 6, 8-10.

The data obtained by LaGrange and relied upon by Ritter in forming his opinions and testimony do not constitute "mere measurements" under the Court's July 6, 2009 Order. Doc. 2062, p. 2. Indeed, if they were just measurements, an expert would not have been required to perform and/or interpret them. The very operations themselves that were conducted by LaGrange and relied upon by Ritter are, in fact, titled "tests" (i.e. "blower door tests" and "duct blaster tests") that are governed by detailed protocols. *See* Exhibit "C," Report of LaGrange *(in toto).*[4] Moreover, the results and meaning of such tests can only be obtained through complex calculations and interpretations (typically performed only by engineers) of various data including temperature, wind speed, pressure differentials, humidity, dew points, insulation and materials.

---

[3] The testing performed by Mr. LaGrange of the plaintiffs' trailer unit on May 6-7, 2009 consisted of a blower door test (to evaluate air infiltration or leakage of the trailer unit itself), duct blaster tests (to determine leakage of the air conditioning duct work in the trailer unit) and thermographic imaging tests (to determine air movement and/or temperature movement and/or heat loss or gain in and or out or through the plaintiffs' trailer unit). *See* Exhibit "C," Report of Paul LaGrange dated 5/7/09.

[4] See, for example, Exhibit "D," ASTM E-1827 (Standard Test Methods for Determining Air Tightness of Buildings Using An Orifice Blower Door).

*See* Exhibits "A," Report of Ervin Ritter *(in toto)*; Exhibit "C," Report of LaGrange *(in toto).* These are just the nature of materials the Court has ruled cannot form the basis of any experts' opinion nor be admissible in this matter. Doc. 2062, p. 2.

### III.     Conclusion

Accordingly, based upon the foregoing reasons and this Court's Order of July 6, 2009 (Doc. 2062), Gulf Stream Coach, Inc. respectfully moves this Court for an Order striking and excluding from the trial of this matter any and all opinions and/or testimony of Ervin Ritter.

           Respectfully submitted,

           **DUPLASS, ZWAIN, BOURGEOIS,
           PFISTER, & WEINSTOCK**

           s/Andrew D. Weinstock
           _____
           **ANDREW D. WEINSTOCK #18495
           JOSEPH G. GLASS #25397
           KEVIN R. DERHAM #27163**
           3838 N. Causeway Boulevard, Suite 2900
           Metairie, Louisiana 70002
           Telephone: (504) 832-3700
           Fax: (504) 837-3119
           andreww@duplass.com
           jglass@duplass.com
           kderham@duplass.com

and

**SCANDURRO & LAYRISSON**
**Timothy D. Scandurro #18424**
**Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
Telephone: (504) 522-7100
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

## C E R T I F I C A T E

I hereby certify that on the 20th day of August, 2009, a copy of the foregoing Memorandum in Support of Gulf Stream Coach, Inc.'s Motion to Strike Opinions and Testimony of Ervin Ritter was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495
andreww@duplass.com

gh

5