**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION** | * | **MDL NO. 1873** |
| | * | **SECTION "N" (5)** |
| | * | **JUDGE ENGELHARDT** |
| | * | **MAGISTRATE CHASEZ** |
| **THIS DOCUMENT IS RELATED TO** | * | |
| *Charlie Age, et al v. Gulf Stream Coach Inc., et al*, Docket No. 09-2892; Alana Alexander, individually and on behalf of Christopher Cooper | * | |

*** * * * * * * * * * * * * * * * * * * * * * * * * * * * * * ***

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST SUPPLEMENTAL WITNESS LIST AND FIRST SUPPLEMENTAL EXHIBIT LIST**

Plaintiff, Alana Alexander, individually and on behalf of Christopher Cooper ("Plaintiff" or "Ms. Alexander"), submits this reply brief in support of her Motion for Leave to File First Supplemental Witness List (Docket Entry Number 2626) and Exhibit List (Docket Entry Number 2627), to respond to the Opposition Briefs filed by Defendants Federal Emergency Management Agency ("FEMA")(Docket Entry Numbers 2751 and 2752) Fluor Enterprises, Inc. ("Fluor")(Docket Entry Number 2758), and Gulf Stream Coach, Inc. ("Gulf Stream")(Docket Entry Number 276128).

## I. WITNESSES

From the Defendants' Responses, the following witnesses are objected to by the following Defendants:

A. Former Gulf Stream Employees:

| Witness | Objection Asserted | No Objection |
|---|---|---|
| Don Freiberger | FEMA<br>Fluor<br>Gulf Stream | |
| Karen Freiberger | FEMA<br>Fluor<br>Gulf Stream | |
| Don Shaffer | FEMA<br>Fluor<br>Gulf Stream | |
| Ron Dheave | Gulf Stream | Fluor<br>FEMA |

Fluor does not provide a basis for their objection.

As to these witnesses, FEMA argues discovery was commenced on December 15, 2008, This case was not filed until February 2009 and was selected for the initial trial until April 6, 2009, and discovery could not have commenced until then.

FEMA offers conclusory statements as how it will be prejudiced. Gulf Stream relies on the arguments made in its Motion to Strike Lay Witnesses, along with some additional argument.

**Neither Gulf Stream nor FEMA explain at all how they have been or will be prejudiced by the supplementation.** Neither Gulf Stream no FEMA have explained how they would have done anything differently or how they were impaired in the 14 days from July 24, when these witnesses (who they refused to depose and who were listed in discovery as trial witnesses) did not appear on the filed witness list and August 7, when they were listed in the Plaintiff's trial plan. They have not and cannot make this claim, and it would be ridiculous to suggest otherwise.

Further, Plaintiff adopts and incorporates her Response (Docket Entry No. 2747) to Gulf Stream's Motion to Strike Lay Witnesses. These are not "newly-identified witnesses." As set forth in that response, Plaintiff specifically identified these witnesses as trial witnesses on July 8, 2009, in supplemental discovery responses sent to all parties. Plaintiff sought leave to depose these witnesses, and in her briefing, made it clear that these witnesses would be coming to trial either live or by deposition (if permitted).

As set forth in that response, courts considering this issue look primarily to whether the supplementation will prejudice the opposing party or whether the party attempting to supplement has acted in bad faith. None of the defendants will suffer any prejudice from adding these witnesses as all defendants have known that Plaintiff intended to call these people to testify at trial and had the opportunity to depose them long ago (and refused to do so). Plaintiff's oversight was not done in bad faith but was due to inadvertence.

Finally, Mr. Dheave was listed on Plaintiff's witness list (Docket Entry Number 2303, page 6, No. 73).

B. <u>FEMA Employees</u>

No objections. (Fluor initially objected, but has advised counsel by email that it does not object.).

C. <u>Fluor Employees</u>

| Witness | Objection Asserted | No Objection |
|---|---|---|
| Robert Duckworth | FEMA | Fluor<br>Gulf Stream |
| Richard Sober | FEMA | Fluor<br>Gulf Stream |

| | | |
|---|---|---|
| Jerry Gurney | FEMA | Fluor<br>Gulf Stream |
| Chuck Berger | FEMA | Fluor<br>Gulf Stream |

FEMA objects to these witnesses because, it alleges, that Plaintiff's counsel knew that Fluor was a potential party in the Summer of 2008 but "waited" until Spring 2009 to make Fluor a defendant. FEMA alleges that it will be prejudiced if these witnesses are allowed to testify but offers only this conclusory statement.

In response, Plaintiff would show again that this case was filed (and Fluor was "made" a defendant in this case) in February 2009 and was selected as the first case for trial in April 2009. Discovery could not have begun until that time. Events before then are not relevant to this case.

Further, Mr. Duckworth and Mr. Gurney were listed on Fluor's Witness list filed July 24, 2009. (Docket Entry Number 2314, at page 3). Plaintiff cross-noticed all defense witnesses in her witness list (Docket Entry Number 2303, at page 24). Notably, FEMA did the same. (Docket Entry Number 2309, at page 11). Thus, Plaintiff timely listed these witnesses (and FEMA did too).[1]

Also, because discovery was ongoing after July 24, 2009, Plaintiff reserved her right to amend her until Fluor had "fully responded to all discovery requests in the above captioned matter." (Docket Entry No. 2302, at page 24). Plaintiff first learned that Mr. Sober and Mr. Berger were potential trial witnesses on August 10, 2009, when Plaintiff received Fluor's trial

[1] In electing not to oppose Plaintiff's addition of FEMA witnesses, FEMA specifically stated that it was not opposing because it recognized that those witnesses had been on FEMA's list and Plaintiff had cross-noticed all defense witnesses. *See* FEMA Response (Docket Entry No. 2751), at pp. 1-2, fn. 1.

plan. Fluor had not previously identified them on witness lists or in any discovery responses. Plaintiff promptly sought leave to add them to their witness list.

Further, Mr. Duckworth has been deposed. Fluor has agreed to produce Messers. Sober, Gurney and Berger for deposition. Those depositions were originally scheduled for August 18 and 19th, but are being rescheduled to take place next week. In sum, FEMA has not and cannot show that it will suffer from any harm or prejudice from allowing these witnesses to testify.

These witnesses are expected to provide material testimony:

> Mr. Sober's testimony is material as he was involved in formulating and creating the criteria for selecting and hiring Fluor's subcontractors.[2]
>
> Mr. Gurney's testimony is also material as he was involved in transmitting instructions and directions on travel trailer installation to the subcontractors.
>
> Mr. Berger's testimony is material as he was personally involved in Fluor's investigation of the formaldehyde problem in the FEMA travel trailers and has knowledge of Fluor's warnings (or lack thereof) to trailer residents.
>
> Mr. Duckworth's testimony is material and he oversaw and supervised an investigation that Fluor conducted regarding the formaldehyde problem and formaldehyde tests Fluor conducted on travel trailers.

In sum, Plaintiff identified these witnesses timely, or immediately after learning of these witnesses. The witnesses have material information for trial. FEMA will not be prejudiced by allowing the supplementation.

## II. EXHIBITS

**Gulf Stream and Fluor do not object to Plaintiff's** supplemental exhibits. FEMA does object, but again, offers absolutely no reason why or how FEMA is prejudiced.

---

[2] Among other things, Fluor asserts a defense that is not liable to Plaintiff because subcontractors installed the trailer. See Fluor's Answer, Eighth Defense, page 27 (Docket Entry No. 2765).

The vast majority of the proposed exhibits are documents produced by Fluor on or after July 24th. On July 24, 2009, Fluor produced 12,991 pages of discovery. On July 31, 2009, Fluor produced an additional 4,538 pages of discovery. On August 5, 2009, Fluor produced an additional 1,341 pages of documents. The proposed exhibits come from these documents. In her witness list, Plaintiff reserved the right "to supplement and amend this exhibit list once Fluor Enterprises, Inc. has fully responded to all discovery requests in above captioned matter." (Docket Entry No. 2302, page 57).

The remaining proposed exhibits are a scientific article, "Inhalation of formaldehyde and xylene induces apoptotic cell death in lung tissue", which was first published on July 31, 2009, and three expert report supplementations. The expert report supplements deal with weather reports for locations where the trailer has been over its life (Branscome) and minor corrections which have no effect on analysis and which were provided before deposition (Hewett).

**CONCLUSION AND PRAYER**

Plaintiff respectfully requests that the Court grant her Motion and grant her leave to amend her witness and exhibit lists.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY: s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
ROBERT BECNEL
DENNIS REICH, Texas # 16739600

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

s/Gerald E. Meunier
GERALD E. MEUNIER, #9471