UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY | * | SECTION: N(5) |
| LITIGATION | * | |
| | * | JUDGE: ENGELHARDT |
| This Document Relates to: *Charlie Age, et al. v.* | * | |
| *Gulf Stream Coach Inc., et al*, Docket No. 09-2892 | * | MAG: CHASEZ |

*************************************************************************

## OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL ELECTRONIC DATA

On August 15, 2009, the Plaintiff, Alana Alexander, filed a Motion to Compel Defendant, Gulf Stream Coach, Inc. ("Gulf Stream"), to produce electronic data. The Plaintiff correctly points out that this Court ordered the production of that data on July 1, 2009. (Rec. Doc. 2035). However, she has incorrectly argued in her Motion that Gulf Stream is ignoring the Court's Order in an effort to avoid producing the electronic data. Gulf Stream files this Opposition in order to clarify the record.

First of all, Gulf Stream has already begun production of the documents. On the same date the Court ordered production of these documents, Gulf Stream contacted its electronic data and e-discovery consultant to initiate the process. The consultant then loaded the preserved data into a searchable format, which took some time. Yet, Gulf Stream was forthright about the length of time this process would take well before the Court compelled the production. In May, counsel for Gulf Stream informed counsel for the Plaintiff that the process of producing this data would take anywhere from six weeks to two months. *See* correspondence from Andrew Weinstock, Defense Liaison Counsel, to Justin Woods, Plaintiffs' Steering Committee, dated May 19, 2009, attached as Exhibit "A."

Furthermore, while the process may be time-consuming, it is ongoing. After Gulf Stream's consultant uploaded the information into a searchable format, he began production on August 17, 2009. So far, the search has generated over 400 documents. Gulf Stream is in the course of reviewing the voluminous number of documents and producing all discoverable materials. As stated previously, this process takes time, and that is the only reason Gulf Stream has not yet produced all responsive document. To further demonstrate Gulf Stream's willingness to comply with the Court's Order, Gulf Stream would point out that it already produced responsive e-discovery and email correspondence in compliance with a 2006 government subpoena. *See* 30(b)(6) Deposition Transcript of Gulf Stream Coach, Inc., taken on June 1, 2009, p. 10—11, attached as Exhibit "B." In order to comply with that subpoena, Gulf Stream searched the computers of its upper management officials to find responsive information. *Id*. at 13. While the Court has ruled that this search did not sufficiently comply with the Plaintiff's discovery requests, it shows that Gulf Stream has participated willingly and cooperatively in the production of e-discovery and email communications.

Finally, the Plaintiff filed an Opposition to defendant Fluor Enterprises, Inc.'s Motion to Continue Trial on the basis that the parties were prepared for trial and ready to proceed. (Rec. Doc. 2564). Yet, she files this Motion seemingly to obtain information she feels is crucial to trial of this matter. On one hand, the Plaintiff paints a picture of preparedness and readiness; on the other, she paints a picture of hardship and great need for information. The Plaintiff cannot have it both ways – either she is prepared and can wait a reasonable time for this electronic data, or the parties should revisit a continuance of the trial. Gulf Stream has no interest in the continuance, and it does not dispute that the Plaintiff is entitled to these documents. It only asks for reasonable consideration from this Court and the other parties involved with respect to this document

production. There is a substantial amount of documents to review, and extensive resources are being devoted to other aspects of trial preparation. Thus, the August 21, 2009, deadline to produce all electronic data is unreasonable and should be denied.

      Respectfully Submitted:

      **DUPLASS, ZWAIN, BOURGEOIS,**
      **PFISTER & WEINSTOCK**

      s/Andrew D. Weinstock
      _____
      **ANDREW D. WEINSTOCK #18495**
      **JOSEPH G. GLASS #25397**
      3838 N. Causeway Boulevard, Suite 2900
      Metairie, Louisiana 70002
      (504) 832-3700
      andreww@duplass.com
      jglass@duplass.com

      and

      **SCANDURRO & LAYRISSON**
      **Timothy D. Scandurro #18424**
      **Dewey M. Scandurro #23291**
      607 St. Charles Avenue
      New Orleans, LA 70130
      (504) 522-7100
      tim@scanlayr.com
      dewey@scanlayr.com
      **Counsel for Defendant, Gulf Stream Coach, Inc.**

## **C E R T I F I C A T E**

I hereby certify that on the 21st day of August, 2009, a copy of the foregoing Opposition to Plaintiff's Motion to Compel Electronic Data was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

                              s/Andrew D. Weinstock
                              _____
                              ANDREW D. WEINSTOCK #18495
                              andreww@duplass.com