# Duplass Zwain Bourgeois Pfister & Weinstock

| | | |
|---|---|---|
| LAWRENCE J. DUPLASS | KEVIN R. DERHAM (3) | BRETT A. BARES |
| GARY M. ZWAIN (1) | JOSEPH E. BEARDEN, III | BEN S. DiPALMA |
| DAVID J. BOURGEOIS | JAIME M. CAMBRE | SHENDELLE T. POLK |
| C. MICHAEL PFISTER | COREY M. OUBRE | |
| ANDREW D. WEINSTOCK (1) | GISSEL M. FERRIOL | *SPECIAL COUNSEL* |
| GEOFFREY P. CLEMENT | CHRISTINA M. KOCKE (4) | DAVID M. CAMBRE |
| GUYTON H. VALDIN, JR. | NICOLE M. BOYER | |
| KELLY CAMBRE BOGART | RYAN M. MALONE | (1) also admitted in Texas |
| CHRISTIAN B. BOGART | JENNIFER M. MORRIS | (2) also admitted in Mississippi |
| JOSEPH G. GLASS (2) | PHILIP G. WATSON | (3) also admitted in Maryland |
| | | (4) also admitted in Oklahoma |

May 19, 2009

**<u>VIA EMAIL ONLY</u>**

Justin I. Woods
GAINSBURGH, BENJAMIN, DAVID,
MEUNIER & WARSHAUER, LLC
1100 Poydras Street, Suite 2800
New Orleans, LA 70163-2900

  Re: **In Re: FEMA Trailer Formaldehyde Product Liability Litigation**
     **MDL 1873**

Dear Justin:

  Gulf Stream will ask the Court to assess the cost of e-discovery to PSC, who issued the discovery requests. Our computer forensics company believes that a <u>reasonable</u> e-discovery search of Gulf Stream's computers will take about 275 hours, for an estimated cost of $35,750, assuming we can get PSC's cooperation in selecting more narrowly-tailored search terms. The data has been imaged and it can be completely acquired within about a week, but the searching and reporting by the forensics team will be a six-week to two-month-long project. The process consists of four steps:

  1. Imaging – creating images of hard drives.

  2. Acquisition – importing data from imaged hard drives into a searchable forensic system.

  3. Keyword search – roughly 20 hours for every 20 search terms. Approximately 140 search terms means 140 hours. We can cut or limit this time by eliminating any unnecessary search terms.

  4. Reporting – presenting the data in a usable format – this is not simply printing, but is primarily a process of removing extraneous data, such as "ASA" or ".03" contained as programmers' code within an .exe file, or similar objectively "worthless hits." Approximately 70 hours.

A PROFESSIONAL LAW CORPORATION

29TH FLOOR, THREE LAKEWAY CENTER  3838 N. CAUSEWAY BLVD.  METAIRIE, LOUISIANA 70002
TELEPHONE 504.832.3700  FAX 504.837.3119
www.duplass.com

The third and fourth steps are subject to a great deal of variation depending on the effectiveness of the search terms used. The rough time and cost estimate assumes we are able to agree on more useful search terms than some of the ones the PSC has provided. For example, searching for numbers (.1) or three-letter combinations (ppe) will return thousands of documents having nothing to do with this case. I suggest we work to agree on better search terms – for example, instead of ".1" we can use ".1 ppm" ".1 parts per million," ".1 + formaldehyde," etc. Otherwise, we'll get dates (6.12.07), numbers (3.14159) and possibly hundreds of thousands of executable (.exe) files that contain a ".1". If the current search terms are used, the costs estimated above are anticipated to increase as much as ten-fold, or more. In other words, the search of the computers alone will cost in excess of $350,000.

Short groups of letters (typically less than five characters) like "PPE," will return words like "upper," "happen," etc. We can search for "_ppe_", where the _ indicates a space, and we can use terms like "_ppe." and "ppe?" with punctuation following. There are ways to find what you're looking for without returning as many "worthless hits." If we can't limit the searches as described, the last phase of the computer forensics work – sorting out worthless hits – will take much longer and will cost the parties much more money.

Of course, there is also the issue of the necessary document review by Gulf Stream's lawyers, which could equal or exceed the expense of the computer-forensics work if an inordinate number of extraneous documents are turned up by using unfocused search terms. Ultimately, the e-discovery process is about locating documents responsive to the written discovery requests – it is not intended to be a mechanical running of a word-search. I.e., we believe that we have the right to craft search terms as we see fit. Nonetheless, in light of our request that PSC pay for the cost of responding to its e-discovery, we would like to come to an agreement sharpening PSC's search terms so they will be likely to lead to discoverable evidence without undue burden or cost.

Sincerely,

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER & WEINSTOCK**

ANDREW D. WEINSTOCK

ADW/cab