UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                           MDL NO. 07-1873
        FORMALDEHYDE PRODUCTS
        LIABILITY LITIGATION

                                                                                      SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-2892

## ORDER AND REASONS

Before the Court is the Defendant United States of America's Motion to Dismiss the Claims of Plaintiff Christopher Cooper for Lack of Subject Matter Jurisdiction (Rec. Doc. 2317). After considering the memoranda of the parties and the applicable law, the Court grants this motion.

**A.     BACKGROUND**

In this multi-district litigation ("the MDL"), referred to as "In Re: FEMA Trailer Formldehyde Products Liability Litigation," Plaintiffs are individuals who resided in emergency housing units ("EHUs") provided by the Federal Emergency Management Agency ("FEMA") after Hurricanes Katrina and Rita. In general, Plaintiffs claim injuries resulting from alleged exposure to the release of formaldehyde and/or formaldehyde vapors in these EHUs. (Rec. Doc. 109,¶ 30). The parties have now completed the class certification phase, conducted substantial discovery, and have moved into the bellwether trial phase. This particular motion relates to the first bellwether trial.

Bellwether plaintiffs, Alana Alexander and her minor child, Christopher Cooper, first moved into their EHU in May of 2006. (Exhibit 2 to Rec. Doc. 2317, p. 9; Exhibit 3 Rec. Doc. 2317, p. 9). According the Plaintiff Fact Sheet, Cooper's asthma, which he claims he had prior to moving into the EHU, worsened. (Exhibit 2 to Rec. Doc. 2317, pp. 4-5). Cooper and Alexander noticed an "irritating odor" and "chemical smell" in the EHU and experienced physical symptoms such as a

burning sensation in the nose, sneezing, and itchy eyes from the very first day they moved into the EHU. (Exhibit 4 to Rec. Doc. 2317, pp. 167-68, 313-14, 317-18). The physical symptoms were worse for Alexander and Cooper during the first couple of months they lived in the EHU. (Exhibit 4 to Rec. Doc. 2317, pp. 181-82; 391-92). During that time, Cooper had to increase the use of his inhaler. (Exhibit 4 to Rec. Doc. 2317, pp. 181-83; 391-92).

In January of 2008, Alexander and Cooper moved out of the EHU. (Exhibit 2 to Rec. Doc. 2317, p. 9; Exhibit 3 Rec. Doc. 2317, p. 9). Alexander submitted her administrative claim on February 15, 2008 (Exhibit 6 to Rec. Doc. 2317), and she submitted Cooper's administrative claim on July 10, 2008 (Exhibit 1 to Rec. Doc. 2317). Alexander and Cooper then filed this lawsuit on February 27, 2009. (*Age, et al. v. Gulf Stream Coach, Inc., et al.*, Member Case No. 09-2892, Rec. Doc. 1).

The Government has now filed the instant motion to dismiss Cooper's claims against it, asserting that such claims are barred by the Federal Tort Claim Act's ("FTCA") two-year statute of limitations, 28 U.S.C. § 2401(b).

**B.     LAW AND ANALYSIS**

   **1.     Standard of Review**

Rule 12(b)(1) of the Federal Rules of Civil Procedure governs challenges to a court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir.1996)). "Courts may dismiss for lack of subject matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the

complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir.1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981)). In the context of the FTCA's statute of limitations, Plaintiffs, who are asserting jurisdiction, bear the burden of demonstrating that subject matter jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).[1]

### 2. Law Regarding FTCA's Statute of Limitations

The FTCA is a limited waiver of the sovereign immunity of the United States. *United States v. Kubrick*, 444 U.S. 111, 117-18, 100 S.Ct. 352, 356-57, 62 L.Ed.2d 259 (1979). Subject to some exceptions, the United States is liable in tort for certain damages caused by the negligence of any employee of the Government "if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b); see *Johnson v. Sawyer*, 47 F.3d 716, 727 (5th Cir.1995) (en banc). While substantive state law determines whether a cause of action exists, federal law determines when that claim accrues. *Quinton v. United States*, 304 F.2d 234, 235 (5th Cir.1962). A two-year statute of limitations from the accrual date applies for FTCA claims. 28 U.S.C. § 2401(b). Indeed, "a tort claim against the United States shall be forever barred unless it is presented in writing to the

---

[1] The FTCA's statute of limitations is a jurisdictional issue. The Fifth Circuit had stated in *Perez v. United States*, 167 F.3d 913, 915-16 (5th Cir. 1999), that the jurisdictional nature of 28 U.S.C. § 2401(b) was an open question due to the possible application of equitable tolling to the FTCA's statute of limitations. However, as the Government notes, since the *Perez* decision was rendered, the Supreme Court's decision in *John R. Sand & Gravel Co. v. United States*, 128 S.Ct. 750, 753 (2008), wherein it held that a similar limitations provision in the Tucker Act (28 U.S.C. § 2501) was jurisdictional, likely answers the question regarding whether the FTCA's limitations provision is jurisdictional in nature. See *Marley v. United States,* 567 F.3d 1030, 1034-37 (9th Cir. 2009). For the purposes of this motion, this Court assumes it is jurisdictional, and as such, determines this issue now as a threshold issue ripe for decision, before reaching the merits of this case. See *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 118 S. Ct. 1003, 140 L.Ed.2d 210 (1998).

appropriate Federal agency within two years after such claim accrues. . . " 28 U.S.C. § 2401(b). However, as noted by the Fifth Circuit in *Johnston v. U.S.*, 85 F.3d 217, 219 (5th Cir. 1996), the FTCA fails to explain when a cause of action "accrues." The general rule, however, is that a cause of action accrues at the time of a plaintiff's injury. *Kubrick*, 444 U.S. at 120.

   **3.     Analysis**

In sum, the Government asserts that because Plaintiffs were aware prior to July 10, 2006 (the date two years before a claim was filed on behalf of Cooper) that Cooper was experiencing symptoms that Plaintiffs allege were related to the EHU, his claim is barred. Plaintiffs, on the other hand, assert that Alexander, as Cooper's parent, did not have sufficient information to start accrual of his claim until December 2007, when she learned about formaldehyde in the EHUs and its potential health effects. She further contends that shortly after moving into the EHU, she was "assured by a representative of either the United States or one of its contractors that the 'chemical smell' was 'nothing to worry about.'" (Rec. Doc. 2559, p 3; Exhibit A to Rec. Doc. 2493).

However, the Supreme Court in *Kubrick* made clear that a plaintiff need not know the precise agent causing the injury for a claim to accrue. Indeed, a plaintiff need only have sufficient information regarding injury and causation that would lead a reasonable person to inquire further into the facts to determine the specific cause of the injury:

> We thus cannot hold that Congress intended that "accrual" of a claim must await awareness by the plaintiff that his injury was negligently inflicted. A plaintiff . . . armed with the facts about the harm done to him, can protect himself by seeking advice in the medical and legal community. To excuse him from promptly doing so by postponing the accrual of his claim would undermine the purpose of the limitations statute, which is to require the reasonably diligent presentation of tort claims against the Government.

4

444 U.S. at 123. Here, the FTCA's two-year statute of limitations for Cooper's claims against the Government began to run when Alexander[2] first associated Cooper's symptoms to conditions in the EHU shortly after they moved in. Cooper and Alexander both noticed an irritating chemical smell in the EHU and experienced physical symptoms such as a burning sensation in the nose, sneezing, and itchy eyes from the very first day they moved into the EHU. (Exhibit 4 to Rec. Doc. 2317, pp. 167-68, 313-14, 317-18). The physical symptoms were worse for Alexander and Cooper during the first couple of months they lived in the EHU (Exhibit 4 to Rec. Doc. 2317, pp. 181-82; 391-92), and during that time, Cooper's asthma worsened forcing him to increase the use of his inhaler. (Exhibit 4 to Rec. Doc. 2317, pp. 181-83; 391-92). Yet, Alexander waited until July 10, 2008 to file an administrative claim behalf of Cooper (Exhibit 1 to Rec. Doc. 2317).[3] Even though Alexander did not immediately know of the exact cause of her and Cooper's physical symptoms, she was aware that they either began (in the case of the burning sensation in the nose, sneezing, and itchy eyes) or worsened (in the case of Cooper's asthma) when they initially took up residence in the EHU. The Court concludes that this was sufficient information regarding injury and causation that would lead a reasonable person to inquire further in the facts to determine the specific cause of the injury.[4]

---

[2] "[U]nder the FTCA, the limitations period is not tolled during the minority of the putative plaintiff; rather 'his parent's knowledge of the injuries is imputed to him.'" *MacMillan v. U.S.*, 46 F.3d 377, 381 (5th Cir. 1995) (quoting *Zavala v. United States*, 876 F.2d 780, 782 (9th Cir.1989).

[3] Notably, Alexander timely filed her own administrative claim on February 15, 2008 (Exhibit 6 to Rec. Doc. 2317), less than two years after her claim accrued.

[4] As for Plaintiff claims that shortly after moving into the EHU, Alexander inquired and was "assured by a representative of either the United States or one of its contractors that the 'chemical smell' was 'nothing to worry about'" (Rec. Doc. 2559, p 3; Exhibit A to Rec. Doc. 2493), the Court has noted previously that Alexander is unsure of the identity of this individual. (See Rec. Doc. 2764). The Court finds that while a reasonable person would have inquired to determine the specific cause of the injury or physical symptoms allegedly experienced, were that same reasonable person to rely on the answer to such inquiry, she would know, at the very least, the identity of the person answering the important inquiry, in order to discern whether that person's answer

5

Also, the Court finds unpersuasive Plaintiffs' argument that Cooper sustained an ongoing and continuous injury caused by formaldehyde exposure from March 2006 until December 2007 (the period during which he lived in the EHU). The Court agrees with the Government that because accrual for the FTCA's statute of limitations hinges on notice, it is unnecessary for the plaintiff to be aware, or have suffered, the full extent of his injuries for the limitations period to begin to run. See *Beech v. United States*, 345 F.2d 872, 874 (5th Cir. 1965) (finding that, under the FTCA, where "some damage is discernible at the time, the two-year statute of limitations begins to run, even though the ultimate damage is unknown or unpredictable"). Also, the Court's conclusion that the statute of limitations began to run when Cooper first began experiencing symptoms after moving into the EHU is strengthened by the testimony of both Alexander and Cooper stating that their physical symptoms were worse during the first two months in the EHU. (Exhibit 2 to Rec. Doc. 2317, pp. 4-5; Exhibit 4 to Rec. Doc. 2317, pp. 181-83; 391-92).

Last, the Court notes that as opposed to the assertion of a prescriptive statute ,which must be strictly construed against prescription, *Landry v. Blaise, Inc.*, 774 So.2d 187, 190 (La. App. 4th Cir.), *writ denied*, 776 So.2d (La.2000), the FTCA's statute of limitations is jurisdictional, and as such, courts must strictly construe the statute so as to avoid extending it beyond the limited waiver that Congress intended. See *Kubrick* 444 U.S. at 117-18. Here, the Court has strictly construed the FTCA's statute of limitations as to Cooper's claims against the

---

could be relied upon with any degree of confidence. As for the argument that the limitations period was tolled based upon this representation (i.e.,equitable tolling), regardless of who made it on whose behalf, the Court notes that the FTCA's statute of limitations is jurisdictional; thus, it is not subject to equitable tolling. See *John R. Sand & Gravel Co. v. United States*, 128 S.Ct. 750, 753 (2008) (interpreting a similar limitations provision in 28 U.S.C. § 2501); *Marley*, 567 F.3d at 1035-36 (interpreting the limitations provision in the FTCA).

Government so as to avoid extending the FTCA beyond the limited waiver that Congress intended and so as to encourage the prompt presentations of claims against the Government.

**C.    CONCLUSION**

Considering the foregoing, **IT IS ORDERED** the **Defendant United States of America's Motion to Dismiss the Claims of Plaintiff Christopher Cooper for Lack of Subject Matter Jurisdiction (Rec. Doc. 2317)** is **GRANTED**. Thus, the claims of minor plaintiff Christopher Cooper against Defendant United States of America are hereby **DISMISSED**.

New Orleans, Louisiana, this 21st day of August, 2009.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**