UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER       * | | MDL NO. 1873 |
|     FORMALDEHYDE       * | | |
|     PRODUCTS LIABILITY    * | | SECTION: N(5) |
|     LITIGATION        * | | |
|                      * | | JUDGE: ENGELHARDT |
| This Document Relates to: *Charlie Age, et al. v.*  * | | |
| *Gulf Stream Coach Inc., et al*, Docket No. 09-2892  * | | MAG: CHASEZ |

*************************************************************************

**REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT GULF STREAM'S MOTION
FOR PARTIAL SUMMARY JUDGMENT**

**MAY IT PLEASE THE COURT:**

On August 12, 2009, Defendants, Gulf Stream Coach, Inc. ("Gulf Stream") filed a Motion for Partial Summary Judgment asserting the Plaintiff in this case, Alana Alexander, cannot prove that formaldehyde exposure caused the alleged physical symptoms she experienced after moving into her Emergency Housing Unit ("EHU"). (Doc. No. 2596). On August 19, 2009, the Plaintiff filed an Opposition that presented several arguments, including that the formaldehyde level in her EHU may have been higher when she occupied the unit than when the unit was tested, and that the Plaintiff suffered health effects consistent with formaldehyde. (Doc. No. 2573). Gulf Stream now appears before this Honorable Court to offer this reply.

First and foremost, the Plaintiff has not addressed the central theme Gulf Stream presented in its Motion for Summary Judgment – the Plaintiff cannot act as her own specific causation expert. As the United States Court of Appeals for the Fifth Circuit has held, the admissibility of causation evidence in toxic tort cases is contingent upon the introduction of sufficient general AND specific causation evidence. *See Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 351 (5th Cir. 2007). "General causation is whether a substance is capable of causing a particular injury or condition in the general population, while specific causation is whether a

substance caused a particular individual's injury." *Id*. Further, when a conclusion involving medical causation is not within common knowledge, <u>expert medical testimony is required to prove medical causation</u>. *Pearce v. Zurich Am. Ins. Co.*, 2009 WL 2046514, *2 (E.D.La. July 13, 2009); *Lassiegne v. Taco Bell Corp.*, 202 F.Supp.2d 512, 524 (E.D.La. 2002). It is indisputable that formaldehyde's role in the causation of medical damages is not within a reasonable person's common knowledge.

Therefore, to prove causation in this toxic tort action, the Plaintiff must present expert medical testimony to prove that formaldehyde caused her alleged physical symptoms. But, she cannot do so – indeed, <u>not a single medical doctor</u> has opined that formaldehyde was the factor that caused the Plaintiff's symptoms. The most the Plaintiff can state – and, importantly, the most her experts can state – is that her general symptoms are consistent with formaldehyde. (Rec. Doc. 2753, p. 5). Gulf Stream respectfully asserts that those symptoms, including scratchy throat and itchy eyes, are consistent with any number of things. As stated in Gulf Stream's original Motion, the Plaintiff's own pulmonologist and internist believes that there are hundreds of airborne irritants. (Rec. Doc. 2596-2, p. 5). The Plaintiff cannot simply assume that formaldehyde was the one that caused her problems, in a universe of hundreds of possibilities; she has to prove that it was, and at this stage she has to offer genuine, admissible evidence to establish this component of her claim. Clearly, she has not and cannot do so.

Furthermore, the Plaintiff is not entitled to any legal presumption that formaldehyde caused her alleged symptoms. The Plaintiff cites a Louisiana Supreme Court case, *Housley v. Cerise*, which held that a claimant's disability is presumed to have resulted from an accident if, before the accident, the plaintiff was in good health; if, commencing with the accident, the symptoms of the disabling condition appear and continuously manifest themselves afterwards;

and if the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition. 579 So.2d 973, 980 (La. 1991). However, as the Fifth Circuit has held, *Housley* does not "eliminate the need for medical evidence establishing a causal connection between her medical condition and the accident." *See Vargas v. Lee*, 317 F.3d 498, 502 n. 3 (5th Cir. 2003). As discussed above, the causal connection is dependent on a showing of both general and specific causation. *See Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 351 (5th Cir. 2007). In this case, the Plaintiff has no evidence to establish specific causation, and thus she is not entitled to the *Housley* presumption.

Finally, the Plaintiff's statements about how formaldehyde levels may vary are immaterial. Potential variances in the formaldehyde level do not absolve the Plaintiff of her obligation to prove causation with adequate medical expertise. As established above, she has not and cannot do so. Additionally, the U.S. Supreme Court has noted that some regression analyses, which the Plaintiff has used in this case to "derive" the concentration of formaldehyde in her EHU, are so incomplete that they are irrelevant and inadmissible. *Bazemore v. Friday*, 478 U.S. 385, 400 n. 10 (1986). Regardless, the Plaintiff in this case cannot carry her burden to prove causation, and her personal injury claims should be dismissed.

        Respectfully Submitted:

        **DUPLASS, ZWAIN, BOURGEOIS,**
        **PFISTER & WEINSTOCK**

        s/Andrew D. Weinstock
        _____
        **ANDREW D. WEINSTOCK #18495**
        **JOSEPH G. GLASS #25397**
        3838 N. Causeway Boulevard, Suite 2900
        Metairie, Louisiana 70002
        (504) 832-3700
        (504) 837-3119 (FAX)

andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON**
**Timothy D. Scandurro #18424**
**Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
(504) 529-6199 (FAX)
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

## C E R T I F I C A T E

I hereby certify that on the 23rd day of August, 2009, a copy of the foregoing Reply to Plaintiff's Response to Defendant Gulf Stream's Motion for Partial Summary Judgment was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495
andreww@duplass.com