UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-5"<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |
| THIS DOCUMENT IS RELATED TO:<br>*Charlie Age, et al v. Gulf Stream Coach, Inc., et al*, No. 09-2892 | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

MEMORANDUM IN SUPPORT OF
PLAINTIFF ALANA ALEXANDER'S MOTION TO
SEVER, OR, IN THE ALTERNATIVE, TO
<u>VOLUNTARY DISMISS</u>

**MAY IT PLEASE THE COURT:**

In granting on August 21, 2009 the United States' motion to dismiss the FTCA claim of Christopher Cooper herein, the Court concluded that Christopher's mother and legal representative, plaintiff Alana Alexander, was put on sufficient notice to pursue inquiry into Christopher's FTCA remedy against FEMA because she detected a chemical smell and experienced a burning sensation in the nose, sneezing and itchy eyes on taking occupancy of her and Christopher's FEMA-provided travel trailer in May 2006.  *See* Order and Reasons of 8/21/09 (Doc. 2789), at p. 5.[1]  The Court further found that a reasonable person's inquiry into the specific cause of her symptoms would not have ended with an assurance by an unidentified defendant

---

[1] Ms. Alexander did not file a separate Form 95 Administrative Claim on Christopher's behalf until June 2008, more than two years after the May 2006 commencement of occupancy of the unit, because she erroneously believed Christopher was covered by the Form 95 she filed as to her claim in February 2008.

representative, contemporaneous with taking occupancy of the unit, that there was nothing to worry about because the chemical would dissipate if the unit were aired out or ventilated. *See id.* at pp. 5-6, *fn.* 4.

These factual determinations, essential to the Court's disposition of the motion to dismiss Christopher Cooper's FTCA claim, do no directly dispose of the FTCA claim of Alana Alexander individually. They do, however, portend a very real — and, for plaintiff, perhaps fatal — impact on Ms. Alexander's only remaining and available FTCA theory of recovery in this litigation.

The Court's prior discretionary function rulings reserve to plaintiffs such as Alana Alexander the FTCA claim that, in reliance on legal counsel concerned more about litigation exposure and strategy than public health and safety, FEMA improperly delayed the development and communication of information to occupants about the potential risks associated with formaldehyde exposure in their travel trailers. Based upon these same rulings, it is the further understanding of plaintiff's counsel that the period of time to which FEMA's alleged fault relates would have commenced as early as the Fall of 2005 (when plaintiffs contend FEMA first received notice of formaldehyde problems in the trailers), and concluded during the summer of 2006 (when FEMA implemented a policy for the distribution of formaldehyde information to trailer occupants).[2]

---

[2]Notwithstanding this indication in the Court's rulings, plaintiffs have discovered evidence that FEMA's legal counsel, Rick Preston, figured prominently and remained active in decisions to control and limit the nature of the formaldehyde information being disclosed to trailer occupants, well into the summer of 2007. Plaintiffs thus will endeavor in merits trials to establish that the protections of the discretionary function immunity are precluded by FEMA's deference to legal counsel strategizing even beyond the summer of 2006.

It necessarily follows that for a bellwether plaintiff to have a viable (much less instructive) FTCA case against FEMA, he or she would have to have taken occupancy of, and lived in, a unit at and during a time when injurious formaldehyde exposure could be said to have resulted from the delay in FEMA's communication of sufficient information about formaldehyde to that bellwether plaintiff.  In selecting Alana Alexander as a bellwether plaintiff, plaintiffs' counsel considered this criteria satisfied, since Ms. Alexander took occupancy of her travel trailer in May 2006, at a time when plaintiffs contend FEMA was possessed with but continued to withhold important information about the health risks of formaldehyde exposure in the travel trailers.  On this basis, it was to be, and would be, plaintiff's contention in the trial of Ms. Alexander's case on the merits that "delayed response and disclosure" fault on the part of FEMA did cause or contribute to plaintiff's (and her son's) injurious exposure to formaldehyde in their trailer.

Unfortunately — although this is in no way to suggest that the Court deliberately has pre-judged Alana Alexander's FTCA case on the merits — the above-referenced factual findings in the analysis supporting the Court's dismissal of Christopher Cooper's FTCA claim, makes Alana Alexander's FTCA case for actionable damages difficult, it not impossible, to establish.  If the Court believes that Ms. Alexander knew or should have become aware of formaldehyde problems in her trailer as early as May of 2006, because at that time she detected a chemical smell in the unit and also experienced symptoms, then FEMA's delays in communicating to her about formaldehyde exposure risks prior to her taking occupancy of the unit arguably are of no moment in her case.  Now deemed to have been put on notice of her potential legal claims of formaldehyde exposure as soon as she took occupancy of the trailer, any causal relationship

between the alleged fault of FEMA and Alana Alexander's (or Christopher Cooper's) damages now appears strained to the point of breaking.

Not surprisingly to the Court and defendants, of course, it continues to be the position of the PSC and counsel for Ms. Alexander that she was <u>not</u> put on legally sufficient notice about the presence or dangers of formaldehyde in her trailer because she smelled an unidentified chemical on entering a unit and because she and her son also sneezed, had itchy eyes, etc. It likewise remains the position of the PSC and plaintiffs' counsel that because a defendant representative, on introducing the plaintiff family to this trailer, clearly induced them to believe the chemical smell was not, and would not be, a health problem, no accrual of plaintiffs' FTCA cause of action could have occurred in May 2006. Accordingly, plaintiff is filing a motion for an interlocutory appeal of the Court's ruling, not only for plaintiff Alexander's sake but in order to avoid a precedent in this litigation which might affect a number of claims.[3]

Given this requested appellate review of the questions (a) whether Alana Alexander's smell of a chemical in May 2006 and contemporaneous symptoms constituted legally sufficient notice to her that her son may have a legal remedy herein, and (b) how a defendant's "do not be concerned" representation affects the determination of an FTCA cause of action accrual date, it is respectfully requested that the merits trials of Ms. Alexander's individual FTCA claim be severed from the jury trial of the claims she and her son are pursuing against the defendants Gulf Stream and Fluor. This will allow the requested opportunity for interlocutory appeal without

---

[3] Although FTCA and state tort law prescription issues are distinguishable, and must be decided on a case-by-case basis when the so-called "discovery rule" and/or "accrual" question are at issue, the smelling of a chemical odor combined with perhaps minor physical symptoms on taking occupancy of a new trailer may well be a fact pattern that recurs among plaintiffs in this MDL.

jeopardizing or postponing the scheduled September 14 trial of the first bellwether case against Gulf Stream and Fluor. Such a severance should not be disruptive of the trial plan in any meaningful sense, because plaintiffs' claims against these private defendants are to be tried by the jury, whereas the "failure to respond" case of plaintiffs under the FTCA is tried to the Court (notwithstanding the plan to use the jury in an advisory capacity). Neither should a severance of the FTCA claim of Alana Alexander unduly affect or prejudice the defense strategy of Gulf Stream or Fluor at trial, since they remain entitled to put on whatever evidence they deem relevant in demonstrating a percentage of fault allocation to FEMA in the jury's determination of comparative fault under Louisiana Civil Code Article 2323.[4]

Finally, severing the FTCA claim of Alana Alexander pending finalization as to the dismissal of her son's FTCA case, is an appropriate conservation of judicial resources, given the potential necessity of later trying the case of Alana Alexander on behalf of Christopher Cooper's against FEMA in the event the appellate court reverses Your Honor. Alana Alexander and Christopher Cooper were picked together as bellwether plaintiffs for good reason. To invest and incur the time and expense of a full-fledged merits trial against FEMA simply on behalf of Alana Alexander, given the much more limited nature of her own individual claims as compared to those of her son, does little to further efficiency in these proceedings.

Under Rule 42 of the Federal Rules of Civil Procedure (FRCP), the Court may order the

---

[4]To the extent these defendants might argue they were relying on the plaintiffs to put on evidence of the "delayed response" case against FEMA, it should be noted that this FTCA theory of FEMA liability is predicated upon the significant and undisclosed dangers and risks of formaldehyde. Gulf Stream and Fluor surely would not rush to embrace this theory; their position consistently has been that such dangers and risks have been overstated and, in the case of these particular plaintiffs, were virtually non-existent.

separate trial of separate claims when this is justified "[for] convenience, to avoid prejudice, or to expedite and economize...." Rule 42(b), FRCP.  It is respectfully suggested that a deferred and consolidated bench trial of the FTCA case of Alana Alexander both individually and on behalf of her son Christopher, would be justified for all of the considerations set forth in the Rule. Severance, in other words, would promote a more convenient and orderly use of judicial resources by eliminating the possibility of separate FTCA bench trials for this mother and her son (the evidence of FEMA fault in the two cases being identical).  Further, it would be highly prejudicial to the plaintiff Alexander to require her to proceed with a trial on the merits which, under the Court's recent ruling, is so challenging as to be barely viable, much less instructive in the MDL.  Unless and until this Court may be reversed as to its finding about the import of Alana Alexander's smell of chemicals and symptoms in May of 2006, she simply does not have a case that is suitable for bellwether trial presentation, particularly given the cost and expense of that presentation.  Indeed, depending on the outcome of the requested appeal, the claims of Alana Alexander both individually and on behalf of her son Christopher Cooper, may not even remain viable or pending, making a pre-appeal merits bench trial a potentially useless (albeit expensive) enterprise.

      Given these circumstances, and the importance of maintaining the September 14, 2009 trail date of this first bellwether case, plaintiffs therefore request that the Court exercise its FRCP 42 authority to sever for trial purposes the individual FTCA claims of Alana Alexander from her and her son's tort claims against Gulf Stream and Fluor, allowing only the latter claims to proceed to a jury trial on the merits as presently scheduled.

      If and only if the Court is unwilling to exercise this discretionary authority, plaintiffs

alternatively request the entry of an order of voluntary dismissal under FRCP 41(a)(2). Such an order as to Alana Alexander's individual FTCA claims (Christopher Cooper's FTCA claims having already been dismissed by the Court), may be entered under the Rule "on the terms that the court considers proper." Plaintiffs would respectfully suggest that those terms should be a dismissal without prejudice, pending further orders of this Court and of the Fifth Circuit as to the interlocutory appeal now to be sought by this plaintiff as to the dismissal of her son's FTCA claim. A proposed, alternative order of dismissal without prejudice is submitted herewith. which would expressly and fully reserve all jurisdictional and prescription defenses available to the United States at the time of any later re-filing of Ms. Alexander's voluntarily dismissed claim.

    Respectfully submitted:

    **FEMA TRAILER FORMALDEHYDE**
    **PRODUCT LIABILITY LITIGATION**


    BY:    s/Gerald E. Meunier
           GERALD E. MEUNIER, #9471
           **PLAINTIFFS' CO-LIAISON COUNSEL**
           Gainsburgh, Benjamin, David, Meunier &
           Warshauer, L.L.C.
           2800 Energy Centre, 1100 Poydras Street
           New Orleans, Louisiana 70163
           Telephone:    504/522-2304
           Facsimile:    504/528-9973
           gmeunier@gainsben.com

           s/Justin I. Woods
           JUSTIN I. WOODS, #24713
           **PLAINTIFFS' CO-LIAISON COUNSEL**
           Gainsburgh, Benjamin, David, Meunier &
           Warshauer, L.L.C.
           2800 Energy Centre, 1100 Poydras Street
           New Orleans, Louisiana 70163

      Telephone: 504/522-2304
      Facsimile: 504/528-9973
      jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'**
**STEERING COMMITTEE**
  ANTHONY BUZBEE, Texas # 24001820
  ROBERT M. BECNEL, #14072
  RAUL BENCOMO, #2932
  FRANK D'AMICO, JR., #17519
  MATT MORELAND, #24567
  LINDA NELSON, #9938
  DENNIS REICH, Texas #16739600
  MIKAL C. WATTS, Texas #20981820

**CERTIFICATE OF SERVICE**

  I hereby certify that on August 24, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

          s/Gerald E. Meunier
          GERALD E. MEUNIER, #9471