UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION: N(5) |
| | * | |
| This Document Relates to: *Charlie Age, et al. v.* | * | JUDGE: ENGELHARDT |
| *Gulf Stream Coach Inc., et al*, Docket No. 09-2892 | * | |
| | * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF GULF STREAM COACH, INC.'S
MOTION IN LIMINE TO EXCLUDE ANY TESTIMONY OR EVIDENCE OF
OTHER LAWSUITS OR CLAIMS**

**MAY IT PLEASE THE COURT:**

Defendant, Gulf Stream Coach, Inc. anticipates that Plaintiffs will attempt to offer into evidence, through testimony and/or exhibits information regarding other lawsuits or claims by persons, involving other trailers or housing units who are not the Alexander plaintiffs and that do not concern the Alexander's trailer. This evidence may also come in the form of statements by counsel or expert testimony related to other trailers that may have been inspected and/or other cases in which they may have been retained.[1]

Gulf Stream Coach, Inc. requests that this Court exclude any such evidence/testimony of or reference by any fact or expert witness to other lawsuits or claims other than the Alexanders'. Any evidence concerning lawsuits or claims other than the Alexanders' is completely irrelevant to this litigation. Moreover, any potential probative value of the evidence is substantially outweighed by its prejudicial effect and will result in undue delay, waste of time, or needless presentation of cumulative evidence. For these reasons, the evidence should not be admitted.

---

[1] Gulf Stream Coach, Inc. has contemporaneously herewith filed a separate Motion in Limine seeking the exclusion of any evidence, testimony or reference to the testing or inspection of other trailers or emergency housing units that were not the unit occupied by the Alexander plaintiffs.

## I. <u>LAW AND ARGUMENT</u>

Under the Federal Rules of Evidence, only relevant evidence is admissible. Fed. Rule Evid. 402 (2009). The Court may still exclude such evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed Rule Evid. 403 (2009).

**A.  Plaintiffs Cannot Meet the Relevance and "Substantial Similarity" Requirement**

Under Federal Rule of Evidence 402, only relevant evidence is admissible. In certain instances, evidence of similar incidents may be relevant to prove a defendant had notice of a defect and the ability to correct a known defect. *Olson v. Ford Motor Co.*, 410 F.Supp. 2d 855, 862 (D.N.D. 2006). Often times, however, admitting similar incident evidence threatens to raise extraneous controversial issues and be more prejudicial than probative. *See Id*. Thus, in order for similar incident evidence to be admissible, the incident must be "substantially similar to the case at bar." *Id*. An incident may be considered "substantially similar" if it is sufficiently similar in time, place, or circumstance. *Id*. Even when substantial identity of the circumstances is proven, the admissibility of such evidence lies within the discretion of the court, who must weigh the dangers of fairness, confusion, and undue expenditure of time in the trial of collateral issues, against the factors favoring admissibility. *Id*. (citing *Hicks v. Six Flags Over Mid-America*, 821 F.2d 1311, 1316 (8th Cir. 1987)). The proponent bears the burden to show that the facts and circumstances of the other incident are substantially similar to the case at bar. *Drabik v. Stanley-Bostitch, Inc.*, 997 F.2d 496, 508 (8th Cir. 1993).

In the instant case, the only Emergency Housing Unit ("EHU") in dispute is the Alexander's trailer. Thus, if the plaintiffs intend on introducing evidence of other lawsuits,

claims, or trailers, they would have to show that these other lawsuits, claims, or trailers are substantially similar to the one at issue in this litigation. Plaintiffs, however, cannot overcome this hurdle. That is, plaintiffs would have to show that the other lawsuit or claim involved a trailer also manufactured by Gulf Stream, set-up and installed the same way, containing identical component parts, used and occupied the same way, having the same design layout and inhabited by plaintiffs with similar medical histories for the same time period and duration of time.[2] Plaintiffs cannot meet this burden, and evidence as to other lawsuits or claims involving EHUs other than the Alexander's trailer is irrelevant as to the damages the Alexanders claim to have suffered as a result of exposure to formaldehyde in their trailer. That is, the mere fact that nonparties may have filed lawsuits involving other trailers and other manufacturers is irrelevant to the underlying issues of this case. *See Weiss v. Allstate Ins. Co.*, 512 F.Supp. 2d. 463, 472 (E.D. La. 2007).

**B.     Even if Plaintiffs Could Meet the Relevance and "Substantial Similarity" Requirement, Evidence of Other Lawsuits, Claims, and Trailers Should be Excluded Due to Lack of Probative Value and Potential Jury Confusion and Undue Delay**

Additionally, even if the Court was to find such evidence substantially similar and relevant, Gulf Stream submits that the risk of jury confusion and the undue expenditure of time in the trial of collateral issues mandate the exclusion of such evidence. First, such unproven allegations simply have no probative value to this case and are highly prejudicial. *See* Fed. Rule Evid. 403 (2009). Second, the admission of such evidence would essentially transform this case into a series of mini-trials about the claims of other plaintiffs who were residing in trailers other

---

[2] See Gulf Stream Coach, Inc.'s Memorandum in Support of Motion in Limine to Exclude Testimony or Evidence relating to testing of other Emergency Housing Units filed contemporaneously herewith. Therein, several reports of such testing are attached which state that the results and testing are not representative of all trailers and cannot be extrapolated to units beyond those in the studies - none of which was the Alexander's.

than the trailer at issue and, in numerous instances, manufactured by manufacturers other than Gulf Stream Coach, Inc.  There has been no discovery of plaintiffs in those cases by Gulf Stream Coach, Inc. and no opportunity to investigate the veracity or nature of such complaints, if any.  Any potential probative value of such evidence is substantially outweighed by the danger of unfair prejudice, the confusion of the issues, misleading of the jury, and undue delay and waste of judicial time and resources.  *See e.g. Compaq Computer Corp. v. Ergonome Inc.,* 387 F.3d 403, 408-09 (5th Cir. 2004) (concluding that district court did not abuse its discretion by excluding evidence of past lawsuits against defendant because any probative value was outweighed by its prejudicial and inflammatory nature and "its tendency to confuse the jury with tangential litigation"); and *Yellow Bayou Plantation, Inc. v. Shell Chemical, Inc.,* 491 F.2d 1239, 1242-43 (5th Cir. 1974) (upholding district court's exclusion of list of prior lawsuits against defendant because evidence was "of such faint probative value and high potential for unfair prejudice").  When the potential detrimental effects of proffered evidence outweigh the probative value of that evidence, such evidence should be excluded under Federal Rule of Evidence 403. Accordingly, any evidence related to other lawsuits, claims, or trailers other than the Alexanders', should be excluded.

### III.  **CONCLUSION**

As discussed above, evidence concerning other lawsuits, claims, or trailers is irrelevant, unfairly prejudicial, confusing, misleading to the jury, and is wasteful of time and judicial

resources.  For these reasons, Gulf Stream Coach, Inc. respectfully requests that this Court issue an Order excluding all evidence of other lawsuits, claims, or trailers other than the Alexander's.

    Respectfully Submitted:

    **DUPLASS, ZWAIN, BOURGEOIS,**
    **PFISTER & WEINSTOCK**

    s/Andrew D. Weinstock
    _____
    **ANDREW D. WEINSTOCK #18495**
    **JOSEPH G. GLASS #25397**
    3838 N. Causeway Boulevard, Suite 2900
    Metairie, Louisiana 70002
    (504) 832-3700
    (504) 837-3119 (FAX)
    andreww@duplass.com
    jglass@duplass.com

    and

    SCANDURRO & LAYRISSON
    Timothy D. Scandurro #18424
    **Dewey M. Scandurro #23291**
    **607 St. Charles Avenue**
    **New Orleans, LA 70130**
    (504) 522-7100
    (504) 529-6199 (FAX)
    tim@scanlayr.com
    dewey@scanlayr.com
    **Counsel for Defendant, Gulf Stream Coach, Inc.**

## **C E R T I F I C A T E**

I hereby certify that on the 24th day of August, 2009, a copy of the foregoing Memorandum in Support of Gulf Stream Coach, Inc.'s Motion in Limine to Exclude Any Testimony or Evidence of Other Lawsuits or Claims was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495
andreww@duplass.com