UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER       * | | MDL NO. 1873 |
|     FORMALDEHYDE       * | | |
|     PRODUCTS LIABILITY   * | | |
|     LITIGATION         * | | SECTION:  N(5) |
|                             * | | |
| This Document Relates to: *Charlie Age, et al. v.*   * | | JUDGE: ENGELHARDT |
| *Gulf Stream Coach Inc., et al*, Docket No. 09-2892  * | | |
|                             * | | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF GULF STREAM COACH, INC.'S MOTION *IN LIMINE* TO PROHIBIT ANY TESTIMONY OR EVIDENCE RELATING TO ANY NON-PARTY WITNESS MEDICAL ISSUES**

**MAY IT PLEASE THE COURT:**

Defendant, Gulf Stream Coach, Inc. anticipates, that plaintiffs will attempt to offer into evidence alleged health complaints of various persons (i.,e., fact witnesses, installation contractors, family members, friends, employees, etc…) who are not a named plaintiff in this case. Gulf Stream Coach, Inc. seeks exclusion of any evidence/testimony of or reference by any fact or expert witness to any non-party's alleged health problems or health complaints allegedly due to their being in or around an Emergency Housing Unit ("EHU") on the basis that such evidence is irrelevant. Moreover, any potential probative value of the evidence is substantially outweighed by its prejudicial effect and will also result in undue delay, waste of time, or needless presentation of cumulative evidence. For these reasons, the evidence should not be admitted.

**I.  LAW AND ARGUMENT**

Under the Federal Rules of Evidence, only relevant evidence is admissible. Fed. Rule Evid. 402 (2009). The Court may still exclude such evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading

the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. Rule Evid. 403 (2009). Evidence is relevant if it has a tendency to make the existence of a <u>consequential</u> fact more probable or less probable in this case. Fed. Rule Evid. 401 (2009) (emphasis added).

**A**ny evidence/testimony of or reference to any non-party witness' alleged health problems or health complaints allegedly due to their being in or around an EHU is irrelevant because it has no tendency to make the existence of a <u>consequential</u> fact more probable or less probable in this case. Fed. Rule Evid. 401 (2009) (emphasis added). Plaintiffs' medical evidence/testimony is the only relevant medical evidence/testimony as per plaintiffs' claim. This matter is not a class action and only the claims of the named plaintiffs are at issue. If the Court was to find such evidence relevant, Gulf Stream Coach, Inc. further submits that there are additional reasons this Court should exclude and prohibit reference to such evidence. Any potential probative value of such evidence is substantially outweighed by the danger of unfair prejudice, the confusion of the issues, misleading of the jury, and waste of judicial time and resources. When the potential detrimental effects of proffered evidence outweigh the probative value of that evidence, such evidence should be excluded under Federal Rule of Evidence 403.

In the present case, Gulf Stream Coach, Inc. had no ability or means to obtain these witnesses' medical histories or records or have them examined, resulting in the inability to depose the treating physicians regarding the alleged medical conditions related to being in or around an EHU. Proving the point, such witnesses refused to give defendants a release to obtain medical records. See e.g., Exhibit "A," deposition of Gerald Paul Blanchard, at p. 179. Even had Gulf Stream Coach, Inc. attempted to obtain there non-party witness' medical records, it would have been barred from doing so absent such release or contradictory hearing under

Louisiana law. La. Rev. Stat. § 13:3715.1(B) (protecting from disclosure the medical records of non-party witnesses). Thus, any potential probative value this evidence may offer is substantially outweighed by the danger of unfair prejudice to Gulf Stream Coach, Inc.

Additionally, the admission of evidence of non-party witness' medical issues should be excluded because the probative value, if any, of such evidence is substantially outweighed by the dangers of confusion of the jury and considerable waste of judicial resources. Defendants would have no choice but to explore, in depth, the medical conditions of the non-parties and the factual circumstances leading to the witness' treatment. Such an inquiry would result in an abundance of "mini-trials," significantly lengthening the trial of this case and diverting the jury from the issues actually before it. To keep the jury's attention on the case properly before it, the evidence should be limited to the facts of the case and plaintiffs' alleged medical condition. Therefore, even if the evidence of non-party witness' medical conditions is relevant, it should be excluded because any probative value is outweighed by the confusion of the issues, misleading of the jury, and waste of judicial time and resources.

## II. **CONCLUSION**

Based on the foregoing, Gulf Stream Coach, Inc. respectfully requests this Honorable Court to issue an Order prohibiting plaintiffs from introducing any evidence/testimony of or

referencing any non-party's alleged health problems or health complaints allegedly due to their being in or around an EHU.

    Respectfully Submitted:

    **DUPLASS, ZWAIN, BOURGEOIS,**
    **PFISTER & WEINSTOCK**

    s/Andrew D. Weinstock
    _____
    **ANDREW D. WEINSTOCK #18495**
    **JOSEPH G. GLASS #25397**
    3838 N. Causeway Boulevard, Suite 2900
    Metairie, Louisiana 70002
    (504) 832-3700
    (504) 837-3119 (FAX)
    andreww@duplass.com
    jglass@duplass.com

    and

    SCANDURRO & LAYRISSON
    Timothy D. Scandurro #18424
    **Dewey M. Scandurro #23291**
    **607 St. Charles Avenue**
    **New Orleans, LA 70130**
    (504) 522-7100
    (504) 529-6199 (FAX)
    tim@scanlayr.com
    dewey@scanlayr.com
    **Counsel for Defendant, Gulf Stream Coach, Inc.**

## **C E R T I F I C A T E**

I hereby certify that on the 24th day of August, 2009, a copy of the foregoing Memorandum in Support of Gulf Stream Coach, Inc.'s Motion in Limine to Prohibit Any Testimony or Evidence Relating to Any Non-Party Witness Medical Issues was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

        s/Andrew D. Weinstock
        _____
        ANDREW D. WEINSTOCK #18495
        andreww@duplass.com