UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE    MDL No. 1873
PRODUCTS LIABILITY LITIGATION

SECTION N(5)

JUDGE ENGELHARDT

**THIS DOCUMENT IS RELATED TO:**
*Lyndon Wright v. Forest River, Inc., et al.*
*Case No. 09-2977 (E.D. La.)*

******************************************************************************

## PLAINTIFFS' STATEMENT OF DISPUTED MATERIAL FACTS

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Lyndon Wright ("Plaintiff" or "Wright"), and submits in support of his Opposition to the Motion for Summary Judgment filed by Shaw Environmental, Inc. ("Shaw"), and pursuant to Local Rule 56.2, the following statement of disputed material facts as to which there remains a genuine issue to be decided at trial.

1. Wright disputes assertions, allegations, representation or phrasing of the following facts listed as "undisputed" by Shaw in its statement of undisputed facts: Nos. 2, 5, 9, 12, 13, 13 (this was a second number 13 listed), 14, 16, 17 and 18.

2. When Wright knew he had been exposed to formaldehyde remains at issue;

3. When Wright actually attributed his physical symptoms to his occupancy of the trailer remains at issue;

4. Whether his doctor's diagnosis of seasonal allergies on April 10, 2006 affected his association of feeling sick in the trailer;

5. Whether Shaw was a manufacturer under the LPLA;

6. Whether Shaw contributed or caused any defect in the Trailer;

7. Whether Shaw had an ongoing duty to warn as a manufacturer beyond any turnover in control of the Trailer;

8. Whether Shaw had any responsibilities to Wright subsequent to any handover of the unit;

9. Whether Wright was "leased-in" to the unit in February 2006 prior to his occupancy or ability to use the unit in March of 2006;

10. Whether Saw failed to maintain the unit or advise C. Martin of the conditions in the unit;

11. Whether the unit was in fact in "good condition" at the time of inspection in February 2003;

12. Whether Shaw failed to make-ready Wright's unit by the delay in connecting to Electrical utilities; and

13. Wright asserts that the abovementioned disputed facts relate solely to his response to the Motion for Summary Judgment based upon prescription, and that there exist numerous disputed facts between Shaw and Wright on issues not relevant to the arguments of timely filing.

>Respectfully submitted,
>
>  /s/ Frank J. D'Amico, Jr.
> FRANK J. D'AMICO, JR. (Bar No. 17519)
> AARON Z. AHLQUIST (Bar No. 29063)
> **FRANK J. D'AMICO, JR., APLC**
> 622 Baronne Street
> New Orleans, LA 70113
> Telephone:    (504) 525-7272
> Fax:             (504) 525-9522
> C*ounsel for Lyndon Wright and member of the PSC*

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
GERALD E. MEUNIER, #9471
JUSTIN I. WOODS, #24713
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
DENNIS REICH, TEXAS #16739600

## CERTIFICATE OF SERVICE

**I HEREVY CERTIFY** that the above and foregoing pleadings were served on all counsel of record through electronic notification pursuant to the electronic filing in the United States District Court for the Eastern District of Louisiana this 24th day of August, 2009.

          /s/ Frank J. D'Amico, Jr.
      **FRANK J. D'AMICO, JR.**