UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: **FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION** | * * * * * * * * | **MDL NO. 1873**<br><br>**SECTION "N" (5)**<br><br>**JUDGE ENGELHARDT**<br>**MAGISTRATE CHASEZ** |
| **THIS DOCUMENT IS RELATED TO**<br><br>*Charlie Age, et al v. Gulf Stream Coach Inc., et al*, Docket No. 09-2892;<br>Alana Alexander, individually and on behalf of Christopher Cooper | * * * * * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S RESPONSE TO DEFENDANT FLUOR ENTERPRISES, INC.'S MOTION FOR SUMMARY JUDGMENT BASED ON PRESCRIPTION**

Plaintiff Alana Alexander ("Ms. Alexander" or "Plaintiff") responds to Defendant Fluor Enterprises, Inc.'s ("FEI") "Motion for Summary Judgment Based on Prescription (Docket Entry No. 2728) and in support, would show:

**GENERAL BACKGROUND**

This case is one of thousands of cases filed in this Multi District Litigation involving travel trailers provided to victims of Hurricanes Katrina and Rita. The case of

1

*Age, et al v. Gulf Stream Coach, Inc., et al* (of which Ms. Alexander is a Plaintiff) was filed on February 27, 2009.

On April 6, 2009, the Court selected Ms. Alexander as the first trial plaintiff. On April 8, 2009, the Court issued a scheduling order for this case, setting trial to begin on September 14, 2009.

## I. FACTUAL BACKGROUND

While there is a significant disagreement on many of the facts at issue, some of the background facts do not appear to be disputed:

The subject trailer was manufactured by Gulf Stream in December 2004 and installed for Plaintiff by FEI in February 2006.

As FEI states, in her complaint, Plaintiffs alleged that they vacated the travel trailer "on December 30, 2007", when Plaintiff became aware of the formaldehyde danger. However, Ms. Alexander's testimony confirms that she was misled about the dangers of formaldehyde by a representative of the U.S. Government. *See* Exhibit "A" to Rec. Doc. 2493.

During this time frame, numerous class actions were pending and/or had been filed asserting claims against numerous defendants because of the formaldehyde exposure in travel trailers. *See Hilliard, et al v. Gulf Stream, et al*, Cause No. 2:06-cv-02576-KDE-ALC and *Seal v. Fleetwood Enterprises, Inc.; Cause No. 07-3893*; In the Eastern District of Louisiana

Based on the proposed class definition in these cases, Alana Alexander and her son would have been members of the putative class. For example, the *Hilliard* class

2

action was filed on May 18, 2*006*, prior to Ms. Alexander moving into her trailer. *Hilliard, et al v. Gulf Stream, et al*, Cause No. 2:06-cv-02576-KDE-ALC (Docket Entry No. 1.)

After that filing, the Court entered orders which set out the parameters of discovery in that litigation (eventually the MDL). See e.g. Pretrial Order No. 1 and Pretrial Order No. 2 (Document Entry No. 5 and Document Entry No. 87). The effect of those orders was to significantly modify discovery allowed to plaintiffs as well as essentially required plaintiffs to obtain information from the U.S. to identify the trailers associated with a plaintiff, as well as other information that could allow plaintiffs to obtain information as to which entities installed which travel trailers. Only through that process did the *Hilliard* action eventually obtain information to identify FEI to be associated with the Alexander trailer.

Ultimately, the Court denied Plaintiffs' Motion for Class Certification in the MDL/Hilliard litigation on December 29, 2008 (Docket Entry No. 1014).

The denial of the class certification by the Court, coupled with the eventual discovery of Fluor Enterprises, Inc.'s involvement with the travel trailer occupied by Alexander, led to the necessity of filing the Alexander suit in February of 2009. Based on that unique set of facts, a pending class action tolling prescription, limited discovery pursuant to Court Order and reliance on the U.S. to provide matching information on the travel trailers for identification of the contractors, and denial of certification, Alexander's petition was timely filed as to Fluor Enterprises, Inc. and her claims are not barred by prescription.

**ARGUMENT AND AUTHORITIES**

I. **SUMMARY JUDGMENT STANDARD.**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); see also *Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Celotex,* 477 U.S. at 324; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Auguster v. Vermillion Parish School Bd.*, 249 F .3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana*, 294 F.3d 755, 758 (5th Cir.2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.*, 277 F.3d 757, 764 (5th Cir. 2001). Factual

4

controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994)(citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir.2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.1994), *cert. denied*, 513 U.S. 871 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little*, 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys,* 298 F.3d 434, 440 (5th Cir.2002).

## II. PLAINTIFF'S CLAIMS AND BASIS FOR FLUOR ENTERPRISE, INC.'s MOTION

Plaintiff would show that there is no factual or legal basis for the Court to grant Fluor Enterprises, Inc.'s Motion for Summary Judgment on Prescription. See *Celotex*

5

Case 2:07-md-01873-KDE-MBN   Document 2804   Filed 08/24/09   Page 6 of 13

*Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir.1990).   Further, it is clear that Plaintiff has filed her claims within the applicable statute of limitations.   Under Louisiana law, actions sounding in tort "are subject to a liberative prescription of one year."   *In re FEMA Trailer Formaldehyde Products Liability Litigation*, 2009 WL 1683289 *4 (E.D. La. June 15, 2009) (citing La. Civ. Code art. 2324).   "Courts should resolve doubts about a prescription question in favor of giving the litigant his day in court."  Id. at 5 (citing *Orthopaedic Clinic of Monroe v. Ruhl*, 786 So.2d 323, 328 (La.App.2d Cir.), writ  denied, 798 So.2d 970 (La.2001)). "Prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished." Id.  (citing *Landry v. Blaise, Inc.*, 774 So.2d 187, 190 (La. App. 4th Cir.), writ denied, 776 So.2d (La. 2000)).   "Accordingly if a petition does not show that it has prescribed on its face, the burden is on the party raising the objection of prescription to prove the facts to support prescription." Id. (citing *Landry*, 774 So.2d at 190).  FEI cannot meet this burden.

The first putative class action against Gulf Stream and others was filed on May 18, 2006. *Hilliard, et al  v. Gulf Stream, et al*, Cause No. 2:06-cv-02576-KDE-ALC (Docket Entry No. 1.).

Plaintiff moved into her Gulf Stream travel trailer in May 2006.   *See* Deposition of Alana Alexander, at page 149, line 10 to 16, attached as Exhibit A.   Fluor Enterprises, Inc. claims that December 2007 was the relevant date for discovery of the association of formaldehyde problems with the travel trailers by Ms. Alexander.  Without conceding this but assuming it to be true, those events accrued during the pendency of the *Hilliard* class action.   Although FEI suggests by implication on pages 5-7 of its motion that

6

Plaintiff had constructive knowledge of formaldehyde claims, Fluor Enterprises, Inc. cannot offer any summary judgment evidence that Ms. Alexander was aware of any of the "constructive events" cited by FEI.  See *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.1994), *cert. denied*, 513 U.S. 871 (1994).  See also *Bourdais v. New Orleans* city, 485 F.3d 294 (5th Cir. 2007).  The Court denied the Plaintiff's Motion for Class Certification on December 29, 2008 (Docket Entry No. 1014).

### A.  AMERICAN PIPE TOLLING APPLIES TO THE INSTANT CASE

The statute of limitations was tolled until the Motion for Class Certification was denied on December 29, 2008.  *American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974) ("[T]he commencement of a class action suspends the applicable statute of limitations <u>as to all asserted members of the class</u> who would have been parties had the suit been permitted to continue as a class action" (emphasis added.))  Plaintiff filed her lawsuit against FEI and others on February 27, 2009.  See *Age, et al v. Gulf Stream, et al*, Cause No. 2:09-cv-02892(Docket Entry No. 1).  Therefore, Plaintiff timely filed her claims within two months of when the statute began to run.

FEI contends that *American Pipe* does not apply because

> the putative <u>Hillard</u> class <u>did not assert any claims against FEI</u> (or any of the IA/TACs).  <u>American Pipe</u> speaks only of claims actually brought by the putative class members and not every claim that might have been added against **<u>potential, unnamed defendants</u>**.

(Docket Entry No. 2728-2 at 10).  However, the purpose of *American Pipe* was to effectuate efficiency and economy in litigation.  414 U.S. at 556.

Fluor Enterprises, Inc.'s argument in its motion for summary judgment on prescription relies on a simple proposition that *American Pipe* and La. Civ. Code art.

7

2324 must not be read together, so as to toll the prescription period as to Ms. Alexander's claims.  In support of this novel and new departure from existing law, FEI cites only *American Pipe* and La. Code Civ. Proc. art. 2324.  No other authority is cited by FEI for that legal notion upon which its motion for summary judgment is based.

Fluor Enterprises, Inc. concedes *American Pipe* is controlling on the issue of whether prescription is tolled as to unnamed class members.  Critical to the next step in the analysis is whether Ms. Alexander has to be a named plaintiff to assert that she is entitled to tolling of the Louisiana prescriptive period.  FEI cites no authority for the proposition.  *American Pipe* makes it clear that Ms. Alexander stands in the shoes of the named plaintiffs in *Hilliard* as to the right to claim the benefit of any statute which would toll the relevant Louisiana prescription period.  See *American Pipe* at 414 U.S. at 554, 94 S. Ct. at 766.

Certainly, the purpose of the tolling of the prescription period in Louisiana Code Civil Procedure 2324 is for deterring wrongful conduct and compensation to victims. *See Marchesani v. Pellereu-Milnor Corp.* 269 F.3d 481, 490-91 (5th Cir. 2001).  Further in reconciling *American Pipe* with La. Civ. Code art. 2324, the statute is strictly construed in favor of the non-movant and against prescription.  See *Wimberly v. Gatch*, 635 So. 2d 206.211 (La. 1994).  Thus, *American Pipe* must be read to hold this with regard to the "applicable statute of limitations" in Louisiana, Ms. Alexander is to be considered a "named plaintiff" so that Article 2324 controls and tolls the limitation period as to Ms. Alexander.

Decisions subsequent to *American Pipe* comport with this analysis.  For example, in *Appleton Electric Co. vs. Graves Truck Line, Inc.*, 635 F.2d 603, 609-610, the U.S.

8

Court of Appeals for the Seventh Circuit held:

> We are persuaded that implicit in the Supreme Court's American Pipe decision was the Court's determination that "effectuation of the purpose of litigative efficiency and economy," (which Rule 23 was designed to perform) transcends the policies of repose and certainty behind statutes of limitations. 414 U.S. at 556, 94 S. Ct. at 767. … A contrary rule would sound the death knell for suits brought against a defendant class, nullifying that part of Rule 23 that specifically authorizes such suits. This, in turn, would have a potentially devastating effect on the federal courts. Plaintiffs would, in each case, be required to file protective suits, pending class certification, to stop the running of the statute of limitations.

Although there is no clear assertion that there is a defendant class, that is essentially the allegation in the master complaint filed in this matter since there are numerous manufacturing defendants as well as no bid contractor defendants and even insurers. This is particularly appropriate to reconcile *American Pipeline* with Article 2324 since the U.S. held the keys to discovery. The U.S. matched the no-bid contractors to the trailers. The U.S. is the one who would have direct knowledge of the no-bid contractors involvement.

### B.   LOUISIANA JOINT TORTFEASOR STATUTE BARS PRESCRIPTION

As previously stated, *American Pipe* lays the initial basis for Ms. Alexander to stand in the shoes of the named plaintiffs in *Hilliard.* Since *American Pipe* is controlling, it states that the applicable statute of limitations is tolled. Louisiana statute provides:

> Interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors.

La. Code Civ. Proc. art. 2324(c).  See also *Marchared v. State Farm*, 897 So. 2d. 643,

646 (La. App. 1 Cir. 2004). The statute does not purport to limit the application to class action claims. In fact, the interpretation suggested by Fluor Enterprises, Inc. is contrary to the purpose of the tolling statute as enacted by the Louisiana legislature:

> Louisiana law favors redress ability. The Louisiana Supreme Court has held that "prescription statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished; thus of two possible constructions, that which favors maintaining, as opposed to barring, an action should be adopted.

*Richard v. Wal-Mart Stores, Inc.*, 559 F. 3d. 341, 346-47 (5th Cir. 2009) (citing *Lina v. Schmidt*, 595 So. 2d. 624, 629 (La. 1992). In this summary judgment motion context, contrary issues are in favor of plaintiffs following Louisiana law, Article 2324 and must be construed to bar prescription and Fluor Enterprises, Inc.'s Motion for Summary Judgment should be denied.

### C. THE EQUITABLE CONCEPT OF *CONTRA NON VALENTEM* SHOULD BE APPLIED TO BAR PRESCRIPTION

Louisiana law recognized an equitable concept that under certain fact situations, equity can bar prescription. In *Bel v. Mobile Oil Corp.*, 310 F. 3d. 870, 886 (5th Cir. 2002), the Fifth Circuit discusses the doctrine of *contra non valentem* and the four situations where it can be applied. Essentially, if some condition or party or non-party prevents the plaintiff from filing suit, the prescription period is tolled. Under the unique set of facts in this case, many factors contributed to the inability of plaintiffs to appreciate the potential claims they may have as well as be able to obtain information necessary to identify no-bid contractors such as Fluor Enterprises, Inc. First, much of the information necessary to identify Fluor Enterprises, Inc. was in the hands of the U.S. Consequently, it was necessary to seek information from the U.S. to match trailers to contractors. That information was obtained in a class action scenario rather than

though individual discovery.

Secondly, because of the number of claimants and lawsuits, a MDL was established. Out of necessity in controlling the vast discovery necessary in an MDL, this Court issued pretrial orders which would limit discovery, both as to time and information available.

Third, there is evidence in this case from Ms. Alexander testimony that she was mislead as to the potential claims she might have by being told "not to worry". *See* Exhibit "A" to Rec. Doc. 2493.

Fourth, the pendency of class actions ordinarily will toll statutes of limitations. It would be reasonable to rely on the fact that putative class actions were pending and that until the Court denied the class action certification motion in December of 2009, it would be necessary for plaintiffs to file their own individual claims to toll limitations.

Finally, Louisiana statutes provide that filing against one joint tortfeasor is sufficient to toll prescription against other joint tortfeasors. If this concept is not applied to class actions, then *American Pipe* is overruled and every single plaintiff in this case, as well as future cases asserting class action status, must file their own individual lawsuit to toll prescription. That is contrary to the holding of *American Pipe*.

Under the equitable doctrine of *Contra Non Valentem*, if applied to this case, the prescription of plaintiffs' claims are tolled and the summary judgment motion should be denied.

**PRAYER**

WHEREFORE, Plaintiff Alana Alexander respectfully requests that the Court deny Fluor Enterprises, Inc.'s Motion for Summary Judgment Based on Prescription and for such other relief to which she is entitled.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:   504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:   504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
DENNIS REICH, TEXAS #16739600

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing on August 24, 2009.

                                        s/Gerald E. Meunier
                                        GERALD E. MEUNIER, #9471