UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                              MDL NO. 07-1873
            FORMALDEHYDE PRODUCTS
            LIABILITY LITIGATION
                                                                        SECTION "N"  (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-2892

## ORDER AND REASONS

Before the Court is the Gulf Stream Coach, Inc's Motion in Limine to Exclude Expert

Testimony of Marco Kaltofen (Rec. Doc. 2271).   In this motion, Defendant Gulf Stream Coach,

Inc. ("Gulf Stream") seeks to limit the testimony of Marco Kaltofen, PE ("Kaltofen"), Plaintiff's

civil engineering expert.  After considering the memoranda of the parties, the expert

opinion/affidavit submitted by Kaltofen, and the applicable law, the Court rules as set forth

herein.

First, upon reviewing the expert opinion/affidavit offered by Kaltofen  (Exhibit A to Rec.

Doc. 2271), the Court determined that Kaltofen's opinions were not segregated out as opinions

usually are in ordinary expert reports.  Thus, it was difficult for the Court to determine "opinion"

from a fact or basis upon which Kaltofen based his opinion(s).  Therefore, the Court emailed the

parties asking that Kaltofen's opinions be highlighted for the Court's review.  (The three emails

the Court received in this regard have been attached as Attachment A to this Order and Reasons).

The Court proceeds with an analysis on the admissibility of only the "opinions" offered by this

expert witness as identified by Plaintiffs' counsel, Justin Woods, in his August 20, 2009 email to

the Court.  To be clear, no other "opinions", to the extent there are any elsewhere in Kaltofen's

affidavit, will be admitted, other than those identified and permitted by the Court in this Order

and Reasons.

Page 3, Paragraph 3 and Page 4, Paragraph 2: These statements are admissible to the extent they are actual "opinions." However, while Kaltofen may refer to the results of various testing reports on levels of formaldehyde, etc., it must be clear that this testing was not done by him and is not his opinion, but rather is available information that he considered in forming his ultimate opinions.

Page 5, Paragraph 1: While this "opinion" seems extraordinarily technical, it is admissible as long as Kaltofen may explain it to the jury in layman's terms. Of course, if Kaltofen is utilizing the research of others to form this "opinion", he must attribute it to others and explain why it is applicable herein in formulating his ultimate opinions.

Page 6, Paragraph 5: At this time, the Court finds that this "opinion" is admissible as long as it does not pertain to the May 2009 testing (the results of which were deemed inadmissible by the Court in its May 18, 2009 Order and Reasons (See Rec. Doc. 1547)). Further, at trial, it must be shown, by properly laid foundation, that this opinion can properly be considered to fall within Kaltofen's expertise.

Although Paragraph 1 at page 8 was not isolated as an expert opinion by Plaintiffs, to the extent that Plaintiffs later claim it to be, the Court finds that such "opinion" is inadmissible as it pertains to the May 2009 testing found to be inadmissible by the Court (See Rec. Doc. 1547).

Page 9, Paragraph 2: Although Plaintiffs isolate this as an "opinion", it is in actuality the CDC's "final report on formaldehyde levels in FEMA-supplied travel trailers, park models and mobile homes." While Kaltofen may refer to this report, it must be clear to the jury that this testing was not done by him and is not his opinion, but rather is available information that

Kaltofen considered in forming his ultimate opinions.

Page 11, Paragraph 3: This testimony is inadmissible as it pertains to the May 2009 testing found to be inadmissible by the Court (See Rec. Doc. 1547).

Last, the final paragraph on page 13 regarding the "95% confidence" estimate was not identified as an expert opinion by Plaintiffs. However, if the general opinion to be offered is that emergency housing units ("EHUs") contain higher levels of formaldehyde than outdoor air or air in site-built homes, and that the presence of indoor formaldehyde concentration is related to temperature and humidity, that is an admissible opinion, provided Kaltofen does not utilize the May 2009 testing on which to base such an opinion.

Considering the foregoing, **IT IS ORDERED** the **Gulf Stream Coach, Inc's Motion in Limine to Exclude Expert Testimony of Marco Kaltofen (Rec. Doc. 2271)** is **GRANTED IN PART and DENIED IN PART**.

New Orleans, Louisiana, this 24th day of August, 2009.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**