UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 | |
|     FORMALDEHYDE | * | | |
|     PRODUCTS LIABILITY | * | | |
|     LITIGATION | * | SECTION:  N(5) | |
| | * | | |
| This Document Relates to: | * | | |
| *Charlie Age, et al. v.* | * | JUDGE: ENGELHARDT | |
| *Gulf Stream Coach Inc., et al*, Docket No. 09-2892 | * | | |
| | * | MAG: CHASEZ | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF GULF STREAM COACH, INC.'S
MOTION *IN LIMINE* TO LIMIT THE TESTIMONY OF TRAVIS ALLEN, HEATH
ALLEN AND GERALD PAUL BLANCHARD[1]**

**MAY IT PLEASE THE COURT:**

Gulf Stream Coach, Inc. submits this Memorandum in Support of its Motion in Limine to Limit the Testimony of Travis Allen, Heath Allen and Gerald Paul Blanchard, each of whom is listed on the Plaintiffs' Witness List.

**I.   BACKGROUND**

Travis Allen and Heath Allen are brothers, and Gerald Blanchard is a longtime friend of theirs. Together as a crew post-Katrina, the three of them acted as lower-tier Fluor subcontractors, hauling and installing new travel trailers at private sites in the metro area. Exhibit "A," deposition of Travis Allen, pp. 13-17.

They installed multiple different trailers manufactured by various companies, but there is no evidence that these men had anything to do with the Alana Alexander trailer that was installed on Dale Street. *Id.* pp. 25-26; Exhibit "B," deposition of Heath Allen, p. 31; Exhibit "C,"

---

[1]     Gulf Stream Coach, Inc. has also filed contemporaneously a Motion in Limine to Exclude Testimony or Evidence of Non-Party Witness' Medical Issues that sets forth the argument and law also in support of this Motion.  This Motion separately addresses these witnesses as they are specifically identified on Plaintiffs' Witness List.

1

deposition of Gerald Paul Blanchard, p. 44.  Because there is no evidence of this, these witnesses can not testify as to any particular condition, on-site installation process, or anything else tending to establish any issue in dispute with respect to the Alexander travel trailer.  None had anything to do with occupied trailers.  Their work was done before any powering up of the trailers was completed, and they had nothing to do with occupant interaction, or inspecting the trailers.

## II.  TESTIMONY OF TRAVIS ALLEN, HEATH ALLEN AND GERALD BLANCHARD

Each was asked about medical problems they may have had relating to the various trailers they installed.  The youngest member of the crew, Travis Allen, said that during the approximate eight months he worked installing trailers, he got sick once, about six months after beginning work, for a few days, then returned to work and had sinus-type symptoms again a couple months later.  He admitted having such illnesses or symptoms occasionally both before and after he installed trailers, and confirmed that his medical condition in 2006 wasn't unusual compared to the rest of his life before and after that time. Exhibit "A," pp. 106-107.  Travis Allen said his brother, Heath, got a sore throat once during his eight months of work, and that he never saw Gerald Blanchard get sick that he recalled.  *Id.*, pp. 57-58, 108.

Heath Allen said that he got sick with an upset stomach and flu-like symptoms once during 2006.  His doctor did not ascribe this to formaldehyde, and he was treated with antibiotics.  Heath Allen said he had a couple of nosebleeds during that year but they were no big deal. Exhibit "B," pp. 41-46, 109-110.

Gerald Blanchard claimed to have had a lot of nosebleeds, culminating in a doctor visit. Note that he stopped working installing trailers in March 2006. Exhibit "C," pp. 18, 27.  He claims that a doctor he saw in the spring of 2008, about **two years later**, suspected "some kind of" chemical; however, he admitted that his doctor did not attribute anything to formaldehyde,

2

and in fact he himself had "no clue."  Exhibit "C," pp. 175-77.  Gerald Blanchard refused to sign a medical authorization so that his claims of injury could be verified.  *Id.*, pp. 177-79.  Moreover, he never told anyone with Fluor or anyone else about his alleged nosebleed issues. *Id.*, pp 180-81.

### III.  TESTIMONY REGARDING MEDICAL ISSUES SHOULD NOT BE ADMITTED

What we have here are three people on the same work crew, two of whom (Travis and Heath Allen) say that all three had non-remarkable medical histories while working in trailers, and a third (Gerald Blanchard) who claims to have had unusual nosebleeds but didn't see a doctor for almost two years.  That doctor, who is not a witness in this case, did not attribute the nosebleeds to formaldehyde and the witness refused to turn over any medical records.

The Court has selected Alana Alexander and her son (Christopher Cooper) as bellwether plaintiffs.  Only their cases are being tried and only their medical history is at issue.  The medical histories of these three men who installed other people's trailers, whether unremarkable, remarkable or anything in between, is simply irrelevant and confusing.  In any event, any conceivable relevancy is far outweighed by the danger of unfair prejudice.  Fed. Rule Evid. 403 (2009).  None of these witnesses attribute any of their alleged medical conditions to formaldehyde, no doctor has told them that, and Gulf Stream has not been given a fair opportunity to conduct medical discovery of these three men.

In addition, these men testified generally that they didn't notice anything unusual in installing the trailers when they started, but that, once the weather got hot, their eyes would burn etc. when they walked into sealed, unventilated trailers, often with interior temperatures approaching or exceeding 100 degrees. They addressed this by ventilating the trailers.  Exhibit "A," pp. 100-02, 163; Exhibit "B," pp. 84-6.  None of this has anything to do with either the

Alexander trailer (which was built in 2004 and wasn't brand-new), or the Alexander/Cooper's actual living conditions in a temperature-controlled, ventilated trailer. The case being tried involves the Alexander/Cooper trailer, and its alleged formaldehyde level. Putting these apples before the jury, and asking them to evaluate Gulf Stream Coach, Inc.'s orange, is irrelevant, confusing, an unnecessary waste of time, and the danger of unfair prejudice outweighs any conceivable relevance of the evidence.

The testimony of these witnesses should be limited. Unless and until the plaintiffs designate what excerpts they plan to use from their depositions so that those can be evaluated, Gulf Stream Coach, Inc. requests that any testimony about these witnesses' alleged medical issues, experiences in other trailers, and general feelings about formaldehyde should be excluded.[2]

## IV.   CONCLUSION

Based on the foregoing, Gulf Stream Coach, Inc. respectfully asks that this Court enter an order limiting the testimony of Travis Allen, Heath Allen and Gerald Blanchard such that they be

---

[2] These witnesses were also asked whether they would have liked to have been warned about formaldehyde, whether they felt they could have lived in these trailers, etc. etc. None of this testimony is relevant, competent evidence in this trial.

precluded from offering any testimony or evidence as to any medical issues, health problems, feelings about formaldehyde/warnings of same and experiences with other trailers.

    Respectfully submitted,

    **DUPLASS, ZWAIN, BOURGEOIS,**
    **PFISTER, & WEINSTOCK**

    s/Andrew D. Weinstock
    _____
    **ANDREW D. WEINSTOCK #18495**
    **JOSEPH G. GLASS #25397**
    **KEVIN R. DERHAM #27163**
    3838 N. Causeway Boulevard, Suite 2900
    Metairie, Louisiana 70002
    Telephone: (504) 832-3700
    Fax: (504) 837-3119
    andreww@duplass.com
    jglass@duplass.com
    kderham@duplass.com

    and

    **SCANDURRO & LAYRISSON**
    **Timothy D. Scandurro #18424**
    **Dewey M. Scandurro #23291**
    607 St. Charles Avenue
    New Orleans, LA 70130
    Telephone: (504) 522-7100
    tim@scanlayr.com
    dewey@scanlayr.com
    **Counsel for Defendant, Gulf Stream Coach, Inc.**

## **C E R T I F I C A T E**

I hereby certify that on the 25th day of August, 2009, a copy of the foregoing Memorandum in Support of Gulf Stream Coach, Inc.'s Motion *in Limine* to Exclude the Testimony of Travis Allen, Heath Allen and Gerald Paul Blanchard was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

                                        s/Andrew D. Weinstock
                                _____
                                ANDREW D. WEINSTOCK #18495
                                andreww@duplass.com