UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER   * | | MDL NO. 1873 |
|     FORMALDEHYDE   * | | |
|     PRODUCTS LIABILITY   * | | |
|     LITIGATION   * | | SECTION:  N(5) |
| * | | |
| This Document Relates to:  *Charlie Age, et al. v.*   * | | JUDGE: ENGELHARDT |
| *Gulf Stream Coach Inc., et al*, Docket No. 09-2892   * | | |
| * | | MAG: CHASEZ |

*************************************************************************

### MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO PROHIBIT ANY TESTIMONY OF EVIDENCE RELATING TO THE TESTING OF OTHER <u>EMERGENCY HOUSING UNITS</u>

**MAY IT PLEASE THE COURT:**

Defendant, Gulf Stream Coach, Inc. anticipates that Plaintiffs will attempt to offer into evidence, through testimony and/or exhibits, information regarding the testing and inspection of dozens to hundreds (or more) of other emergency housing units ("EHU") done by or for the Centers for Disease Control, Lawrence Berkeley National Lab, Sierra Club, other plaintiffs in other suits and/or any other person or entity aside from those done on the Alexander plaintiffs' EHU.[1]  Defendant seeks exclusion of any evidence/testimony of or reference by any fact or expert witness to any testing of other EHUs, including but not limited to, those contained in or referenced in government reports, congressional reports/hearings, and/or any of Plaintiffs' experts' opinion testimony.

The test result of an EHU that is not the Alexander's EHU is completely irrelevant. Moreover, any potential probative value of the evidence is substantially outweighed by its

---

[1] This does not include testing done of Plaintiffs' EHU on May 6-7, 2009, as the Court has already ruled that results of that testing, and expert opinions based on same, are inadmissible.  Doc. 2062, p. 2.

prejudicial effect and will also result in undue delay, waste of time, or needless presentation of cumulative evidence. For these reasons, the evidence should not be admitted.

## I. LAW AND ARGUMENT

Under the Federal Rules of Evidence, only relevant evidence is admissible. Fed. Rule Evid. 402 (2009). The Court may still exclude such evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed Rule Evid. 403 (2009). Evidence is relevant if it has a tendency to make the existence of a <u>consequential</u> fact more probable or less probable in this case. Fed Rule Evid. 401 (2009) (emphasis added).

This is not a class action. In the present case, the only EHU in dispute is the Alexander's trailer. Therefore, the only relevant testing and inspection is that of the Alexander's trailer. The testing and inspection of dozens to hundreds (or more) of other EHUs done by or for the Center for Disease Control, Lawrence Berkeley National Lab, Sierra Club, other plaintiffs in other suits and/or any other person or entity aside from those done on the Alexander unit (and not already ruled inadmissible by the Court) is completely irrelevant based on the undisputed fact that there were dozens of different manufacturers of EHUs, dozens of designs, numerous different installation configurations, numerous different occupants, and various different component part materials - all of which impact test results. In fact, some of these reports state that their data cannot be used to extrapolate results to other trailers because, even among same manufacturers, there were great differences and, moreover, that their data are not representative of the entire fleet of EHUs. See e.g., Exhibit "A," Lawrence Berkeley National Laboratory Report - "Formaldehyde and other Volatile Organic Chemical Emissions in for FEMA Temporary

Housing Units; Exhibit "B," An Update and Revision of ATSDR's February 2007 Health Consultation: Formaldehyde Sampling of FEMA Temporary Housing Trailers, Baton Rouge, Louisiana, September - October 2006.  Thus, such evidence is irrelevant because it has no tendency to make the existence of a <u>consequential</u> fact relating to the Alexander's trailer more probable or less probable in this case. Fed Rule Evid. 401 (2009) (emphasis added).

If the Court was to find such evidence relevant, Gulf Stream Coach, Inc. further submits that there are additional reasons this Court should exclude and prohibit reference to such evidence.  Any potential probative value of such evidence is substantially outweighed by the danger of unfair prejudice, the confusion of the issues, misleading of the jury, and waste of judicial time and resources.  When the potential detrimental effects of proffered evidence outweigh the probative value of that evidence, such evidence should be excluded under Federal Rule of Evidence 403.

The results of testing and inspection of other EHUs, which are not identical to the Alexander trailer in manufacture, design, installation configurations, occupants, and component part materials lacks any probative value with respect to plaintiffs' claim.  To the extent that there is any probative value of such evidence, such value is substantially outweighed by the dangers of unfair prejudice, confusion of the jury and waste of judicial resources.  The admission of such evidence would improperly force Gulf Stream Coach, Inc. to establish why the other dozen to hundreds (or more) of other EHUs differ from the Alexander's, thus establishing the other test results are completely irrelevant (a significant point that was acknowledged and cautioned about by some of the very testing entities themselves as previously cited).  Defendants would have no choice but to explore the test results of the dozen to hundreds (or more) of other EHUs and distinguish the other EHUs from the Alexander's, significantly lengthening the trial of this case

and diverting the jury from the issues actually before it. Such efforts would be a waste of judicial time and resources. Thus, even if the evidence of the testing of other EHUs is relevant, it should be excluded because any probative value is outweighed by the danger of unfair prejudice, the confusion of the issues, misleading of the jury, and waste of judicial time and resources.

## II.  CONCLUSION

Based on the foregoing, Defendant respectfully requests this Honorable Court to issue an Order prohibiting plaintiffs from introducing any evidence/testimony of or reference by any fact or expert witness to the testing of other EHUs.

Respectfully Submitted:

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK #18495
JOSEPH G. GLASS #25397**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700
(504) 837-3119 (FAX)
andreww@duplass.com
jglass@duplass.com

and

SCANDURRO & LAYRISSON
Timothy D. Scandurro #18424
**Dewey M. Scandurro #23291
607 St. Charles Avenue
New Orleans, LA 70130**
(504) 522-7100
(504) 529-6199 (FAX)
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

## **C E R T I F I C A T E**

I hereby certify that on the 25th day of August, 2009, a copy of the foregoing Memorandum in Support of Motion in Limine to Prohibit Any Testimony of Evidence Relating to the Testing of Other Emergency Housing Units was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

                                                         s/Andrew D. Weinstock
                                       _____
                                     ANDREW D. WEINSTOCK #18495
                                         andreww@duplass.com