UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION N-5<br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

**This Document Relates to:**
*Age, et. al. v. Gulf Stream Coach, Inc., et al.* No. 09-2892
*Alana Alexander, individually and OBO minor Christopher Cooper*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION
TO "PLAINTIFF ALANA ALEXANDER'S MOTION TO SEVER, OR, IN THE
ALTERNATIVE, TO VOLUNTARILY DISMISS" (Doc. Rec. 2793)**

United States of America submits this response memorandum in opposition to Plaintiff Alana Alexander's Motion To Sever Or, In The Alternative, To Voluntarily Dismiss (Doc. Rec. 2793). The Plaintiffs' Steering Committee's ("PSC"), Fed. R. Civ. P. 42 request to sever and for separate trials should be denied because it imposes an unfair and substantial legal burden upon the United States and the Court. *See* PSC Memo. at 5 (Doc. Rec. 2793-2).[1] Furthermore, to prevent imposing a substantial legal burden on the United States and the Court, PSC's alternative request for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2) should be denied unless the

---

[1] It is unclear whether PSC is seeking to sever and request separate trials under Fed. R. Civ. P. 21 or simply seeking separate trials under Fed. R. Civ. P. 42(b). *See* PSC Memo. at 5-6 (referencing Fed. R. Civ. P. 42) (Doc. Rec. 2793-2). Rule 21 severance and separate trials results in the severed claims being entirely independent actions, while under Rule 42(b), although it authorizes the Court to hold separate trials, those separate trials produce a single judgment. *See McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 (5th Cir. 1993). Given the nature of the relief sought, it appears that PSC's motion should be analyzed as a Rule 21 motion to sever and request for separate trials, rather than as a Rule 42(b) motion for separate trials.

voluntary dismissal is with prejudice.[2]

Less than three-weeks before trial, PSC asserts that Ms. Alexander in all likelihood will be unable to establish an actionable Federal Tort Claims Act ("FTCA") claim, *see* PSC Memo. at 3-4 (Doc. Rec. 2793-2), and argue that the Court should sever, or alternatively, voluntarily dismiss her claims without prejudice, because her case is not "suitable for bellwether trial presentation." *See* PSC Memo. at 6. Essentially, PSC has determined as a tactical matter, that it is in their best interest to deprive the United States and other interested parties of a decision on the merits in this first bellwether action. As the Court is well aware, the United States has expended substantial resources in preparation for trial. Activities that have been completed include, but are not limited to: (1) completion of discovery which has included inspecting and testing the trailer, cost and expense of producing six expert reports, actively participating in over seventy depositions taken throughout the country – including depositions of approximately twenty plaintiff experts, and producing materials and documents relating solely to Ms. Alexander's claims; (2) preparing and filing all dispositive motions, including two pending

---

[2] PSC seeks to voluntarily dismiss Ms. Alexander's FTCA claims without prejudice. *See* PSC Memo. at 7 (Doc. Rec. 2793-2). In the event, the Court agrees with the United States that voluntary dismissal at this late stage of the litigation requires that the dismissal be with prejudice, prior to entry of any such Order the Court should provide Ms. Alexander with the option to withdraw her motion and proceed to trial on the merits. *See Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002) (if the condition imposed is that the dismissal be with prejudice, the court must give the plaintiff the opportunity to withdraw the motion); *Mortgage Guar. Ins. Corp. v. The Richard Carlyon Co.*, 904 F.2d 298, 301 (5th Cir.1990) (ordinarily, the court should provide the claimant with an opportunity to consider the Court imposed conditions and refuse voluntary dismissal if conditions imposed by the court are too onerous).

A further reason to deny Ms. Alexander's request for voluntary dismissal without prejudice is the fact that should the Court grant her request, she will need to promptly re-file suit against the United States. This is because the FTCA requires a party to file suit within six-months of the federal agency's denial of the claimant's administrative claim, 28 U.S.C. §2401(b), and the Federal Emergency Management Agency ("FEMA") has denied Ms. Alexander's administrative claim.

motions to dismiss Ms. Alexander's FTCA claims for lack of subject matter jurisdiction[3], and (3) submission of a trial plan, including identification of will call witnesses and exhibits. Further, the relief PSC seeks, severance or voluntarily dismissal without prejudice with a second separate litigation of Ms. Alexander's FTCA claims, will potentially require the United States to duplicate these efforts, and require the Court preside over two separate trials that will involve many, if not most, of the same expert and fact witnesses. Therefore, because the relief sought by PSC will unfairly prejudice the United States, the Court should deny PSC's motion unless voluntary dismissal is with prejudice.

## STANDARD OF REVIEW

**I.      Federal Rule of Civil Procedure 21 & 42(b).**

Federal Rule of Civil Procedure Rule 21 gives courts discretion to at "any time, on just terms, add or drop a party . . . [and] sever any claim against a party." Fed. R. Civ. P. 21. Federal Rule of Civil Procedure 42(b) authorizes a court "[f]or convenience, to avoid prejudice, or to expedite and economize, . . . [to] order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b).

The Fifth Circuit draws a distinction between a request for severance of a claim under the Rule 21 and a request for separate trial under Rule 42(b):

> The procedure authorized by Rule 42(b) should be distinguished from severance under Rule 21. Separate trials will usually result in one judgment, but severed claims become entirely independent actions to be tried, and judgment entered thereon, independently. Unfortunately, this

---

[3] The two pending motions to dismiss Ms. Alexander's FTCA claims for lack of subject matter jurisdiction apply equally to the FTCA claims asserted by Ms. Alexander and Chris Cooper. *See* Motion to Dismiss for Lack of Jurisdiction Based Upon No Analogous Private Liability (Doc. Rec. 2733); Motion to Dismiss for Lack of Jurisdiction Plaintiff Alana Alexander and Chris Cooper's Remaining FTCA Claims (Discretionary Function) (Doc. Rec. 2718).

> distinction, clear enough in theory, is often obscured in practice since at times the courts talk of separate trial and severance interchangeably.

*McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 n. 19 (5th Cir.1993) (quoting 9 Wright & Miller, Federal Practice and Procedure: Civil § 2387 (1971)).

Some district courts in the Fifth Circuit nevertheless apply the same considerations to Rule 21 requests for severance and Rule 42(b) requests for separate trials. *See, e.g., Amie v. City of Jennings, La.*, 2005 WL 3007009, *2 (W.D.La. Nov.8, 2005) ("The Court's determination as to whether it should sever the claims of the plaintiffs under Rule 21 or whether it should order separate trials under Rule 42 requires the same considerations."). Those courts consider the following factors: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the posture of discovery as to the respective claims suggests that they should not be tried jointly; (3) whether the claims present common questions of fact or law; (4) whether the claims will require testimony of different witnesses and documentary proof; and (5) whether there is prejudice to either party in the event separate trials are ordered. *Compare Beechgrove Redevelopment, L.L.C. v. Carter & Sons Plumbing, Heating and Air*, 2009 WL 382713 *4-5, 7 (E.D. La. 2009) (applying factors in context of Rule 21 severance motion) (Barbier, J.); *Campo v. State Farm Fire and Cas. Co.*, 2007 WL 2155792 *2 (E.D. La. 2007)(Fallon, J.*) Williams v. Transport Service Co. of Ill.*, 2008 WL 2002283, *2 (E.D. La. May 7, 2008) (same), *with*, *Butcher v. Allstate Ins. Co.*, 2008 WL 5101339, *3 (S.D. Miss. Nov.26, 2008) (applying factors in context of Rule 42(b) motion for separate trial).

Nevertheless, other district courts in the Fifth Circuit have found that "[t]he standards for separate trials and severance differ, and although both consider prejudice to the parties to be a key factor . . . the application of Rule 42(b) involves primarily the consideration of convenience

4

and fairness, [while] that of Rule 21 also presupposes basic conditions of separability in law and logic." *David v. M & E Food Mart, Inc.*, 1995 WL 55306, *1 (E.D.Tex. 1995). In the context of Fed. R. Civ. P. 42(b), the Fifth Circuit has further instructed, that district courts should bear in mind before ordering separate trials in the same case that the "issue to be tried [separately] must be so distinct and separable from the others that a trial of it alone may be had without injustice." *Swofford v. B & W, Inc.*, 336 F.2d 406, 415 (5 Cir.1964). That is, even if separate trials might somehow promote judicial economy, courts should not order separate trials when it would result in unnecessary delay, additional expense, or some other form of prejudice. *See Laitram Corp.*, 791 F.Supp. at 115 (citing *Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*, 707 F.Supp. 1429, 1433 (D. Del.1989); *H.B. Fuller Co. v. National Starch & Chemical Corp.*, 595 F.Supp. 622, 625 (D. Del.1984). Separate trials are not the usual course that should be followed. *See Alabama v. Blue Bird Body Co.*, 573 F.2d 309, 318 (5th Cir.1978); *Response of Carolina, Inc. v. Leasco Response, Inc.*, 537 F.2d 1307, 1323-24 (5th Cir.1976).

II.     **Federal Rule of Civil Procedure 41(a)(2).**

Rule 41(a)(2) of the Federal Rules of Civil Procedure states that "an action shall not be dismissed at the plaintiff's instance save upon . . . such terms and conditions as the court deems proper." Rule 41(a)(2) is "a discretionary procedural rule that explicitly allows a district court to impose terms and conditions upon a voluntary dismissal 'as the court deems proper.'" *Bridgeport Music v. Universal-MCA Music Publ.*, 481 F.3d 926, 931 (6th Cir.2007). Dismissal under Rule 42(a)(2) is within the sound discretion of the court and "***clearly provides authority to the district court to grant the dismissal on the condition that it be with prejudice***." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002) (emphasis added); *see also Ockert v.*

*Union Barge Line Corp.*, 190 F.2d 303, 304-05 (3d Cir. 1951); *John Evans Sons, Inc. v. Majik-Ironers, Inc.*, 95 F.R.D. 186, 190-91 (D.C. Pa. 1982); 9 Wright & Miller §2364 at 161. As the court explained in *Clark v. Tansy*, 13 F.3d 1407 (10th Cir.1993):

> In exercising that discretion, the purposes of Rule 41(a)(2) must be taken into account. That rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions. When considering a motion to dismiss without prejudice, the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties.

*Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir.1993). As the Honorable Judge Schwartz explained, "the right to a voluntary dismissal is not absolute and may be denied when the plaintiff's motion comes at a late stage in the proceedings and the defendants have expended a substantial amount of time and effort in defending the suit." *Minor v. Facility Management of Louisiana, Inc.,* 1993 WL 54221 (E.D. La. 1993) (citing *Hartford Accident & Indemnity v. Costa Lines Cargo Services*, 903 F.2d 352, 360-61 (5th Cir.1990)).

The focus of the analysis on a motion for voluntary dismissal is the prejudice to the defendant. *See* 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2364 at 279-80 (2d ed.1994). Factors relevant to this analysis are (1) the plaintiff's diligence in bringing the motion; (2) any "undue vexatiousness" on the plaintiff's part; (3) the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; (4) the duplicative expense of another litigation; and (5) the adequacy of the plaintiff's explanation for the need to dismiss. *See BD ex rel. Jean Doe v. DeBuono*,193 F.R.D. 117, 123-24 (S.D.N.Y. 2000) (citing *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir.1990), *aff'd en banc*, 900 F.2d 12, 15-16 (2d Cir.1990)); *see also See Total Containment, Inc. v. Aveda Mfg. Corp.*, 1990 WL 290146 *2 (E.D. Pa. 1990) (citing *Citizen's Sav. Ass'n v. Franciscus*, 120 F.R.D. 22, 25 (M.D.

6

Pa.1988); *Bosteve Ltd. v. Marauszwki*, 110 F.R.D. 257, 259 (E.D. N.Y.1986); 9 C. Wright & A. Miller, Federal Practice & Procedure §2364. Further, Rule 41(a)(2) is not intended to be, nor is it appropriate for a plaintiff to use such a request as, a procedural device to circumvent and unfairly deprive a defendant of a ruling on the merits. *See Radiant Technology Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 204 (N.D. Tex.1988); *Total Containment, Inc.*, 1990 WL 290146 *2 (citing *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir.1969)); *see also United States v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir. 1986); *Allstate Ins. Co. v. Harvey*, 126 F.R.D. 76, 79 (D. Kan.1989) (the filing a summary judgment motion is factor against granting Rule 42(a)(2) motion).

**ARGUMENT**

Less than three weeks before trial, PSC seeks to avoid a potential adverse ruling on the merits, deprive the United States of a ruling on two pending motions to dismiss, which could impact future cases, and negate the substantial efforts and expenses incurred by the United States to prepare for trial. PSC asserts it is entitled to the relief it seeks because: (1) it is "difficult, if not impossible to establish" an actionable FTCA claim given the Court's ruling on the United States' motion to dismiss Chris Cooper's FTCA claim, and (2) there exists a possibility that the appellate court may reverse the Court's dismissal of Chris Cooper's FTCA claims. PSC Memo at 3 (Doc. Rec. 2793-2).

As an initial matter, the Court should deny PSC's motion to sever pending its request for interlocutory review of the Court's dismissal of Chris Cooper's FTCA claim. The court's decision in *Beechgrove Redevelopment, L.L.C. v. Carter & Sons Plumbing, Heating and Air*, 2009 WL 382713 (E.D. La. 2009), is instructive. As in the instant action, at issue in *Beechgrove*

7

*Redevelopment* was a party's motion to sever and request for a separate trial under both Rule 21 and Rule 42(b). Rejecting that request, the court explained:

> [S]eparate trial of the ACA claims in this matter would not be appropriate. First, the ACA claims arise out of the same transaction or occurrence (i.e. the fire) as the main claims. Second, the discovery in this case has been directed toward a single trial. Third, as noted above, the ACA claims, including the bad faith claims handling claim, present common questions of law and fact as the main claims. Fourth, the ACA claims will require much of the same testimony and proof as the main claims. Finally, Beechgrove, MC, and the Joint Venture will be prejudiced by a separate trial of the ACA claims in that they will be forced to produce duplicative evidence and testimony, and may face an inconsistent determination of fact. Furthermore, the general considerations of convenience and fairness broadly utilized by other courts in this circuit do not weigh in favor of a separate trial of the ACA claims.

2009 WL 382713 at *7-8; *see also Amie v. City of Jennings, La.*, 2005 WL 3007009 *7 (W.D. La. 2005).

As in *Beechgrove Redevelopment,* PSC's request in the instant case is without merit. Ms. Alexander's FTCA claims arise out of the exact same exposure to formaldehyde that is at issue in her claims against Gulf Stream Coach, Inc. ("GSC") and Fluor Enterprises, Inc. ("FEI"). Second, the discovery in this case has been directed toward a single jury trial (with the jury acting in an advisory capacity as to claims against the United States). Third, Ms. Alexander's claims against the United States, GSC and FEI presents common questions of law and fact. Fourth, the United States' and GSC and FEI's defenses to Ms. Alexander's claims involve many of the same expert and fact witnesses. Fifth, the United States will be unfairly prejudiced and judicial economy will not be served because postponing and requiring a second trial at a later date will negate the substantial effort and costs expended by the United States in preparation for trial. *See Beechgrove Redevelopment*, 2009 WL 382713 at *7-8; *see also Amie v. City of Jennings, La.*,

2005 WL 3007009 *7 (W.D. La. 2005). Finally, PSC's statement that it believes that it is "difficult, if not impossible to establish" an actionable FTCA claim is not a basis for delay. If PSC has a case to make, now is the time; if it does not have a case to make, then the claim against the United States should be terminated.

PSC suggests that severance and separate trials will conserve judicial resources in the event that the appellate court reverses this Court's ruling. *See* PSC Memo. at 5. PSC's argument is speculative. As an initial matter, in all likelihood the appellate court would affirm the dismissal of Chris Cooper's claims, and this will result in the Court having to entertain a second separate trial to resolve Ms. Alexander's FTCA claims, claims that can be tried and resolved by the parties on September 14, 2009. Moreover, even in the unlikely event that the appellate court reversed the Court's dismissal of Chris Cooper's FTCA claims, judicial efficiency is still better served by having Ms. Alexander pursue her FTCA claims against the United States in the initial trial. By allowing the United States' participation in that trial the issues that should remain in dispute in any subsequent bench trial of Chris Cooper's FTCA claims should be substantially narrowed. At a minimum, resolution of Ms. Alexander's FTCA claims will require the Court to address either one or both of the government's pending motions to dismiss for lack of jurisdiction. Any such ruling would apply with equal force to Chris Cooper's FTCA claims and may well impact other cases.

The Court should also reject PSC's request to voluntarily dismiss Ms. Alexander's FTCA claims without prejudice. The court's decision in *Minor v. Facility Management of Louisiana, Inc.*, 1993 WL 54221 at *1 (E.D. La. 1993) involved facts substantially similar to those at issue in this litigation. In *Minor*, the plaintiff filed a motion pursuant to Rule 42(a)(2) seeking to

9

dismiss his claims without prejudice less than one-month before trial and after the defendant had filed two summary judgment motions. Denying that motion, the court explained:

> In this action, plaintiffs have filed their motion to dismiss nearly one year after instituting this lawsuit. The plaintiffs have cited no reason for their delay except to say that they would prefer to pursue this matter in another forum. This reason, however, is insufficient to justify dismissal when, as here, the matter is set to proceed to trial in little over a month and would cause the defendant substantial prejudice. The defendant . . . has spent a considerable amount of time and effort preparing for trial. Not only has extensive discovery been conducted, but the defendant has also briefed two motions for summary judgment. The Court is also mindful that the plaintiffs have filed their motion to dismiss on the heels of the defendant setting its motions for summary judgment on the Court's calendar. Rule 41(a)(2) was not designed to provide plaintiffs with a device through which they can deprive defendants of a ruling on a motion for summary judgment.

*Id. See also Pace* 409 F.2d at 334 (affirming denial of motion to dismiss after filing of motions for summary judgement).

In the instant case, PSC has explained that it is concerned that it is "difficult, if not impossible to establish, " PSC Memo. at 3, an actionable FTCA case and, as such, Ms. Alexander's claims are not "suitable for bellwether trial presentation." PSC Memo. at 6. Although PSC's tactical desire in this Multi-District Litigation action to avoid an adverse judgement in the first bellwether trial is understandable, as the court explained in *Minor,* a desire to avoid an adverse decision on the merits does not constitute grounds for either severance or voluntary dismissal without prejudice. *See Minor*, 1993 WL 54221 at *1; *see also Radiant Technology Corp.*, 122 F.R.D. at 204; *Total Containment, Inc.*, 1990 WL 290146 at *2 (citation omitted); *Pace*, 409 F.2d at 334 ); *Outboard Marine Corp.*, 789 F.2d at 502; *Allstate Ins.,* 126 F.R.D. at 79. Accordingly, such, the Court should deny PSC's request, and require Ms. Alexander to either proceed with her claims against the United States or agree to the voluntary

dismissal of her claims with prejudice.

## CONCLUSION

The Court should deny PSC's Fed. R. Civ. P. 21 and/or 42(b) motion to sever and request for separate trials, and deny PSC's Fed. R. Civ. P. 41(a)(2) motion to voluntarily dismiss, or as a condition of dismissal Order that any such dismissal be with prejudice.

Dated:  August 25, 2009                              Respectfully Submitted,

TONY WEST                                            ADAM BAIN
Assistant Attorney General, Civil Division           Senior Trial Counsel

J. PATRICK GLYNN                                     ADAM DINNELL
Director, Torts Branch, Civil Division               MICHELE GREIF
                                                     JONATHAN WALDRON
DAVID S. FISHBACK                                    Trial Attorneys
Assistant Director

                                                     //S// *Henry T. Miller*
                                                     HENRY T. MILLER (D.C. Bar No. 411885)
OF COUNSEL:                                          Senior Trial Counsel
JORDAN FRIED                                         United States Department of Justice
Associate Chief Counsel                              Civil Division – Torts Branch
                                                     P.O. Box 340, Ben Franklin Station
JANICE WILLIAM-JONES                                 Washington, D.C. 20004
Trial Attorney                                       Telephone No:  (202) 616-4223
FEMA/DHS                                             E-mail:  Henry.Miller@USDOJ.Gov
Department of Homeland Security
Washington, D.C. 20472                               Attorneys for the United States of America

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2009, the foregoing document was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison Counsel.

                                                     //S// *Henry T. Miller*
                                                     HENRY T. MILLER (D.C. Bar No. 411885)