UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|     FORMALDEHYDE | * | |
|     PRODUCTS LIABILITY | * | |
|     LITIGATION | * | SECTION:  N(5) |
| | * | |
| This Document Relates to: | * | |
| *Charlie Age, et al. v.* | * | JUDGE: ENGELHARDT |
| *Gulf Stream Coach Inc., et al*, Docket No. 09-2892 | * | |
| | * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF GULF STREAM COACH, INC.'S MOTION *IN LIMINE* TO EXCLUDE CERTAIN WITNESS TESTIMONY

**MAY IT PLEASE THE COURT:**

Gulf Stream Coach, Inc. submits this Memorandum in Support of its Motion to Exclude Certain Witness Testimony from former Gulf Stream Coach, Inc. plant workers whom plaintiff wishes to call at trial.

### I. NON-PARTY WITNESSES PROPOSED BY PLAINTIFF

According to their trial plan, the plaintiffs on the first day of trial intend to call <u>eleven</u> former Gulf Stream Coach, Inc. employees as witnesses. Gulf Stream Coach, Inc. does not object to certain of the video testimony of Ed Abbott, who was involved in the design of Gulf Stream Coach, Inc. travel trailers in 2004.[1] By and large, the testimony sought to be used at trial by plaintiffs from these witnesses is completely irrelevant to the facts at issue in the trial of the Alexander plaintiffs' claims and, moreover, even if relevant, are unfairly prejudicial to Gulf Stream Coach, Inc. and/or would amount to an undue waste of time, resources and confusion of the jury. As such, this testimony should be excluded. Fed. Rule Evid. 401, 403.

---

[1] Portions of the Abbott Deposition are objectionable, and plaintiff has not yet designated by page and line number what portions are intended to be presented. Therefore, Gulf Stream reserves the right to revisit the admissibility of any of the particular Abbott testimony that may be designated.

### A. Don Freiberger, Karen Freiberger,  Don Shaffer, Michael Urbanski, and Allen Davis

None of these individuals worked in the plant (Plant 57) where the plaintiffs' travel trailer was built in 2004.  The plaintiffs contend that these witnesses will offer testimony about alleged illnesses, issues or problems they had personally while working at Gulf Stream Coach, Inc.[2]

The alleged purpose of this particular non-party lay medical testimony, based on statements and filings by plaintiffs' counsel, is to "impeach" testimony given by a Gulf Stream Coach, Inc. witness that the company was unaware of any formaldehyde complaints made by these employees.  Ex."A," Depo. James Shea, p. 238.  Based on the plaintiffs' trial plan, it appears that what they want to do is parade a series of these runny nose/headache witnesses through, and then play the videotape deposition of Jim Shea the next day in order to "reverse impeach" his statement that the plaintiffs themselves are offering.  This is objectionable on several grounds.

First, litigants may introduce extrinsic evidence to contradict a witness's testimony only on matters that are material to the merits of the case - there is no right to impeach a witness with respect to collateral or irrelevant matters.  See *Jones v. Southern Pacific Railroad*, 962 F.2d 447, (5th Cir. 1992).  If the opposing party places a matter at issue on direct examination, then the other party can offer contradictory extrinsic evidence even on a collateral matter.  However, a party "cannot delve into collateral matters on its own initiative and then claim a right to impeach that testimony with contradictory evidence."  *Jones* (*supra*), 962 F.22d at 50 (emphasis added). Stated a different way, a plaintiff cannot elicit testimony on cross-examination during its case in

---

[2] Gulf Stream Coach, Inc. has filed a separate motion *in limine* regarding non-party medical issues/evidence. Reference is made thereto and the arguments and discussion set forth  therein are adopted herein as equally applicable to much of the testimony sought to be introduced by use of these witnesses.

chief, and then attempt to introduce extrinsic evidence to rebut it. All of the plaintiffs' "first day" Gulf Stream witnesses, with the exception of Ed Abbott and possibly Michelle Hoover (discussed further below), fall into this category.

In addition, general testimony about working conditions in other plants, or experiences with unspecified materials across a span of years, has no probative value. Gulf Stream Coach, Inc. would be forced to examine each of these witnesses as to the exact nature of their employment conditions, locations of employment, safety precautions, medical histories, medical treatment and conditions, etc... The issue here is what the formaldehyde levels and effects were in the Alexander trailer—after it was completed, shipped, sat in Florida for a year, was delivered to Louisiana, and was then set up, ventilated, air-conditioned and lived in. The effect of some other trailer on some other person among thousands working on a production line is designed solely to confuse the issue and to attempt to characterize Gulf Stream as an unfeeling employer. It has no business in the courtroom during the Alexander trial and is thus irrelevant under Rule 401. Moreover, this testimony should also be excluded under Rule 403 as it is designed clearly to elicit testimony that would require extensive examination on purely collateral matters not at issue in this case, thereby unfairly prejudicing Gulf Stream Coach, Inc., wasting the Court's time and resources and possibly misleading the jury.

### B. Patrick McCreary and Frank Jaquez

In addition to being objectionable for all of the reasons stated in section A above, Gulf Stream's records show that McCreary hasn't worked at Gulf Stream since 1991, and Jaquez hasn't worked at Gulf Stream since 2001. Neither of these witnesses has anything relevant to say about a travel trailer constructed, in a different plant, many years after they were long gone.

### C. Michelle Hoover

Michelle Hoover, according to Gulf Stream's records, worked during the relevant time frame and worked at plant 57. She may, or may not, have relevant evidence to give regarding the Alexander travel trailer. However, any lay testimony about her alleged medical conditions, or what may have happened in the plant <u>after</u> Hurricane Katrina, or what she may have experienced on the production line even in 2004, must be excluded for the reasons set forth above.

### D. Linda Esparza and Terry Slone

These two individuals were deposed. They both worked on <u>post-Katrina trailers</u>. Neither of them worked at Gulf Stream during 2004, when the plaintiffs' travel trailer was built. Their testimony relates to alleged conditions <u>a year later</u> during the production of new travel trailers specifically for Hurricane Katrina. Their testimony is not relevant regarding the plaintiff's travel trailer built in 2004 and neither has any personal knowledge of anything that happened in 2004. Ex. "B," Depo. Terry Slone, p. 43; Ex. "C," Depo. Lindaa Esparza, p. 40.

In addition, the testimony of both regarding their wholly collateral, undocumented alleged medical issues, plant managers with bullhorns threatening to fire them or cursing at them (Ex. "B," p.11; Ex. "C," p. 10), etc. are highly prejudicial and inflammatory, and the prejudicial effect of the evidence far outweighs any probative value that it has. Probative value, again, is wholly non-existent with respect to the actual living conditions in a trailer in Louisiana, especially one built long before either of these witnesses were hired. The sole purpose of offering these witnesses is to create a false image that Gulf Stream was an insensitive employer and a bad place to work—in 2005-2006, at that (well after the Alexanders' trailer had been

manufactured in 2004). It is not only wholly irrelevant and prejudicial, but in fairness it would require Gulf Stream Coach, Inc. to parade its own army of satisfied workers to the witness stand to dispute it – a feat that would, in itself, occupy days of testimony. Perhaps that can be done if, in a later case involving a trailer built in one of these former employees' plants, it is deemed relevant.

This is not that case.

**E.   Ron Dhaeze**

According to the plaintiffs' filings, this individual was a delivery driver employed by a third-party supplier who delivered third-party wood products to Gulf Stream Coach, Inc., which he will apparently say had an odor that caused irritation. According to plaintiffs, he delivered wood starting in 2006, two years <u>after</u> the Alexander trailer was built. His testimony is irrelevant for all of the reasons stated above, and to the extent conceivably relevant (to what the wood may have smelled like two years before?), should be excluded under Rule 403. It has zero probative value on the question of what Ms. Alexander was exposed to, under actual living conditions and in a completed travel trailer built years before.

**II.   CONCLUSION**

For the reasons set forth above, Gulf Stream Coach, Inc. respectfully asks that this Court enter and Order excluding the testimony of the above witnesses.

        Respectfully submitted,

        **DUPLASS, ZWAIN, BOURGEOIS,**
        **PFISTER, & WEINSTOCK**

        s/Andrew D. Weinstock
        _____
        **ANDREW D. WEINSTOCK #18495**
        **JOSEPH G. GLASS #25397**
        **KEVIN R. DERHAM #27163**

        3838 N. Causeway Boulevard, Suite 2900
        Metairie, Louisiana 70002
        Telephone: (504) 832-3700
        Fax: (504) 837-3119
        andreww@duplass.com
        jglass@duplass.com
        kderham@duplass.com

        and

        **SCANDURRO & LAYRISSON**
        **Timothy D. Scandurro #18424**
        **Dewey M. Scandurro #23291**
        607 St. Charles Avenue
        New Orleans, LA 70130
        Telephone: (504) 522-7100
        tim@scanlayr.com
        dewey@scanlayr.com
        **Counsel for Defendant, Gulf Stream Coach, Inc.**

## C E R T I F I C A T E

I hereby certify that on the 26th day of August, 2009, a copy of the foregoing Memorandum in Support of Gulf Stream Coach, Inc.'s Motion *in Limine* to Exclude Certain Witness Testimony was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

        s/Andrew D. Weinstock
        _____
        ANDREW D. WEINSTOCK #18495
        andreww@duplass.com