UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY | * | SECTION: N(5) |
| LITIGATION | * | |
| | * | JUDGE: ENGELHARDT |
| This Document Relates to:  *Charlie Age, et al. v.* | * | |
| *Gulf Stream Coach Inc., et al*, Docket No. 09-2892 | * | MAG: CHASEZ |
| **Relates to Plaintiffs, Alana Alexander** | * | |
| **and Christopher Cooper Only** | * | |

*****************************************************************************

**MEMORANDUM IN SUPPORT OF GULF STREAM COACH, INC.'S
MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF,
OR ARGUMENT REGARDING, POLITICAL PROCEEDINGS**

Defendant, Gulf Stream Coach, Inc., respectfully submits this Memorandum in Support

of its Motion *in Limine* to Exclude Evidence of, or Argument Regarding, Political Proceedings.

## I. BACKGROUND

This motion addresses hearsay evidence that is irrelevant to Plaintiff's claims.

Specifically, Gulf Stream asserts that statements by members of Congress and witnesses in

political proceedings and debates, as well as reports and "findings" generated as a result of

Congressional proceedings, must be excluded.  First, Gulf Stream directs the Court's attention to

specific evidence that Plaintiff has identified as trial evidence namely, Plaintiff's Exhibits –

P1   Majority Staff Subcommittee on Investigations & Oversight – Committee on
Science & Technology U.S. House of Representatives, September 2008, "Toxic
Trailers – Toxic Lethargy: How the Centers for Disease Control and Prevention
Has Failed to Protect the Public Health

P8   Statement of Harvey E. Johnson, Jr., Acting Deputy Administrator and Chief
Operating Officer for FEMA before the U.S. Senate Subcommittee on Disaster
Recovery and Subcommittee on State, Local, and Private Sector Preparedness and
Integration, March 4, 2008

P9   Statement of R. David Paulison, FEMA Administrator, before the U.S House of
Representatives Committee on Oversight and Government Reform, July 19, 2007

P80     Testimony of Heidi Sinclair, MD, MPH, FAAP before the U.S. House of Representatives Committee on Science and Technology, Subcommittee on Investigations and Oversight – April 1, 2008

P81     Testimony of Christopher T. De Rosa, M.S., Ph.D. before the U.S. House of Representatives Committee on Science and Technology, Subcommittee on Investigations and Oversight – April 1, 2008

P82     Testimony of Dr. Meryl H. Karol before the U.S. House Committee on Science and Technology, Subcommittee on Investigations and Oversight – April 1, 2008

P83     Testimony of Scott Needle, MD, FAAP before the U.S. House of Representatives Committee on Oversight and Government Reform – July 19, 2007

(not numbered)  U.S. House of Representatives Committee on Oversight and Government Reform – Majority Staff Analysis, July 9, 2008 ("Trailer Manufacturers and Elevated Formaldehyde Levels") (also sometimes referred to as the "Waxman Report")

Each of these constitutes hearsay and/or unqualified personal opinions that are inadmissible.  Moreover, because evidence of statements made in connection with and reports or "findings" rendered on account of, Congressional hearings lack the trustworthiness required for admission under any exception to the hearsay rule, and because such evidence would unfairly prejudice Gulf Stream Coach, Inc., all such evidence should be excluded at the outset of trial.

## II.  LAW AND ARGUMENT

**A.    The court should exclude evidence of statements made in the course of political proceedings and debate over formaldehyde in the emergency housing units.**

While political debate is helpful to the democratic determination of policy, it has no place in the trial of a lawsuit.

Congressional hearings may be held for various purposes.

> A hearing is a meeting or session of a Senate, House, joint, or special committee of Congress, usually open to the public, to obtain information and opinions on proposed legislation, conduct an investigation, or evaluate/oversee the activities of a government department or the implementation of a Federal law. In addition, hearings may also be purely exploratory in nature, providing testimony and data about topics of current interest.

*See* Congressional Hearing: About, GPO Access, at

www.gpoaccess.gov/chearings/about.html (last visited August 25, 2009).   The

evidentiary value of such hearings is doubtful.  As one federal court put it:

> [C]ongressional committee hearings are oft time conducted in a circus atmosphere, with a gracious plenty of posturing by the politicians for T.V. publicity in large part for the benefit of constituents back home...
> This "circus" is hardly conducive to the development of facts, but more to entertainment of the television audience.  The Court does not look to the reports of such activities as productive of any facts which would persuade the Court one way or the other.

*Knight Pub. Co. v. U.S. Dep't. of Justice*, 631 F.Supp. 1175, 1178 (W.D.N.C. 1986).

Politically-motivated statements, opinions of persons interested in obtaining a specific political

result, and proceedings without the safeguards of the Rules of Evidence simply have no purpose

in a trial.  Therefore, even though a Congressional hearing may be an official proceeding,

statements made in connection with such proceedings cannot reasonably be considered

sufficiently trustworthy to be admitted as an exception to the hearsay rule.

      **1.**      **Political Statements are Inadmissible Hearsay**

Out-of-court statements made in connection with Congressional hearings or other

political inquiries are hearsay and cannot be offered for the truth of the matter therein.  Fed.

R.Evid. 801(c) (defining hearsay as a "statement, other than one made by the declarant while

testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.").

Further, statements made in connection with Congressional hearings must be excluded because

no exceptions to the hearsay rule apply.  Fed. R. Evid. 802.

      **a.**      **Statements Made in Connection with Congressional Hearing and Political Debate do not fall within the Public Records Exception to the Hearsay Rule**

Rule 803(8) provides that "public records and reports" may qualify as an exception to the

hearsay rule, so long as statements contained in such record and reports are sufficiently

trustworthy.[1]    Courts have routinely found that statements made in connection with Congressional investigations do not meet the requirements of Rule 803(8).  *See, e.g. Fowler v. Firestone Tire & Rubber Co.*, 92 F.R.D. 1, 2 (N.D. Miss. 1980) (excluding report of Congressional investigation because, *inter alia*, it lacked the indicia of reliability required by Rule 803(8)(C) and was based "on evidence which would clearly be inadmissible if independently offered at the trial of this cause..."); *Knight Pub. Co. v. U.S. Dep't of Justice*, 631 F. Supp. 1175, 1178 (W.D.N.C. 1986) (declining to consider as "facts," to illustrate and support allegations of bad faith in a law enforcement investigation, statements contained in a Congressional report); *Anderson v. City of New York*, 657 F. Supp. 1571, 1579-80 (S.D.N.Y. 1987) (observing that Congressional hearings and subsequent reports "are frequently marred by political expediency and grandstanding"; Congressional report proffered "suffer[ed] from the same apparent motivational *flaws*."); *Baker v. Firestone Tire & Rubber Co.*, 793 F.2d 1196, 1199 (11th Cir. 1986) (agreeing with the district court that the report of the Congressional investigation "lacks the trustworthiness necessary to bring Rule 803(8)(C) into play....  The subcommittee report did not contain the factual findings necessary to an objective investigation, but consisted of the rather heated conclusions of a politically motivated hearing"); *Richmond Med. Ctr. for Women v. Hicks*, 301 F.Supp. 29 499, 512 (E.D. Va. 2004) ("The House Report represents the political position of the representatives who voted for it.  It is untrustworthy and inadmissible."), *aff'd*, 409 F.3d 619 (4th Cir. 2005); *Pearce v. E. F. Hutton Group, Inc.*, 653 F.Supp. 810, 814 (D.D.C. 1987) (refusing to admit a Congressional subcommittee report of its

---

[1]    Federal Rules of Evidence, Rule 803(8), provides as follows:

   Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

investigation into the actions taken by the Department of Justice because the report was comprised of the subcommittee's subjective comments, criticisms, arguments and evaluations); *Needham v. Coordinated Apparel Group, Inc.*, 811 A.2d 124, 133-34 (Vt. 2002).

Here, the Congressional hearings and related political discussion, debate, and inquiry concerning formaldehyde levels in Emergency Housing Units ("EHUs") and the Centers for Disease Control and Prevention's ("CDC's") and its sister agency, the Agency for Toxic Substances and Disease Registry's ("ATSDR's") role in evaluating levels of formaldehyde in travel trailers provided by the Federal Emergency Management Agency (FEMA) in the aftermath of Hurricanes Katrina and Rita, are similarly untrustworthy.   These hearings were highly publicized and politically charged, with much testimony from self-interested witnesses and statements by politicians who were championing legislative agenda.   These hearings were heavily focused on politicians' and witnesses' agendas regarding the CDC's and ATSDR's investigation into formaldehyde levels in EHUs.   Of course, none of the procedural protections that apply to a trial were available in the Congressional hearings on the CDC's and ATSDR's investigation into formaldehyde levels in EHUs. For example, unauthenticated documents became part of the hearing record, Gulf Stream Coach, Inc. had no opportunity to cross-examine adverse witnesses, and scientific testimony was allowed without regard to *Daubert* standards, among other things.

> **b.    Statements Made in Connection with Congressional Hearing and Political Debate do not Fall within the Business Records Exception to the Hearsay Rule.**

Rule 803(8)(6) requires the same degree of evidentiary trustworthiness as Rule 803(8).[2] Because political statements fail to satisfy the trustworthiness requirement of the public records exception to the hearsay rule, such statements cannot satisfy the business records exception.

---

[2]    Federal Rules of Evidence 803(6) provides:

Moreover, reports and records, while frequently created by members of Congress, do not meet the requirements of Rule 803(6) for a business record of a regular business practice. Congressional hearings are called on an ad-hoc, interest-driven basis, and there is no "regular practice of that business activity" to make the record. Fed. R. Evid. 803(6).  Evidence of politically-motivated statements thus remain inadmissible hearsay.

**2.      Political Statements Are Irrelevant**

Statements made as part of the political process about the formaldehyde levels in the FEMA provided travel trailers are irrelevant to plaintiff's claims.  *See* Fed. R. Evid. 401.  No one at the Congressional hearings addressed whether Gulf Stream Coach, Inc. caused the Alexander plaintiffs' alleged damages.  *See Id.* (stating that evidence is relevant if a conclusion is "more probable or less probable than it would be without the evidence").  Accordingly, statements made in connection with the Congressional hearings are irrelevant to any issue in this case.

**3.      Admission of Political Statements About Formaldehyde Levels in FEMA Provided Travel Trailers Would Unfairly Prejudice Gulf Stream, Confuse the Jury, and Unnecessarily Prolong the Trial**

Statements made by members of Congress in connection with hearings or other inquiries regarding formaldehyde levels in FEMA provided travel trailers by the CDC, ATSDR, and Gulf Stream Coach, Inc. should also be excluded because such statements are likely to prejudice Gulf Stream unfairly, confuse or mislead the jury, and prolong the trial unnecessarily.  As noted above, any probative value of such statements is minimal.  *See* Fed. R. Evid. 403.  Congressional

---

A memorandum, report, records, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, ***unless the source of informatin or the method or circumstances of preparation indicated lack of trustworthiness.***  The term business as used in this paragraph includes business, institution, associated, profession, occupation, and calling of every kind, whether or not conducted for profit.
(Emphasis added.)

hearings do not proceed according to the rules of evidence or procedure that apply in a court of law.  *See Anderson*, 657 F.Supp. at 1579; *Fowler,* 92 F.R.D. at 2.

In Congressional hearings, persons who have no personal knowledge make statements of purported fact, unauthenticated documents are entered into the record, and testimony is not subjected to cross-examination.  A jury, however, may not understand the importance of these procedural protections and may instead attribute statements made in connection with a Congressional hearing the same reliability as sworn testimony at trial that would have been subject to, among other things, cross-examination and evidentiary safeguards.  Moreover, infused with the imprimatur of Congress and couched in terms of "finding," the jury could easily attribute undue weight to statements made in connection with a Congressional hearing, treating them as objective fact rather than the potentially politically-motivated opinion of a member of Congress.  *See Bright v. Firestone Tire & Rubber Co.*, 756 F.2d 19, 23 (6th Cir. 1984) (finding that the probative value of a Congressional report "minimal" with regard to whether the alleged defect caused the plaintiff's accident, and that "[t]here was a substantial danger of unfair prejudice because the jury may have been influenced by the official character of the report to afford it greater weight than it was worth"); *Pearce*, 653 F. Supp. at 816 ("there is the danger of unfair prejudice to [the] defendant...because of the undue weight that a jury is likely to attach to the official reports from Congress and the often inflammatory or exaggerated statements made in testimony before Congress or by a political official"); *Fowler*, 92 F.R.D. at 2 (excluding report of  Congressional committee because "apparent 'official' nature is likely to cause a jury to give the evidence inordinate weight and for this reason, any probative value of the evidence might have would be far outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.").

If the Court were to admit statements made in connection with the Congressional hearings, Gulf Stream Coach, Inc. would need to introduce evidence to rebut such statements. This would cause undue delay and needless litigation of collateral issues.  In such circumstances, courts have upheld the exclusion of such evidence to avoid a mini-trial. *See, e.g., Samson v. Apollo Res., Inc.,* 242 F.3d 629, 641-42 (5th Cir. 2001) (upholding trial court's exclusion of collateral issues that would have required additional days of testimony without shedding light on the central issues in the case); *Kelly v. Boeing Petrol. Servs., Inc.*, 61 F.3d 350, 356-58 (5th Cir. 1995).  Accordingly, any statements made in connection with the Congressional hearings and other political inquiries must be excluded.[3]

### III.   CONCLUSION

For the reasons stated above, Gulf Stream Coach, Inc. respectfully requests that the Court exclude any and all evidence of as well as any and all testimony or reference to(i.e. by way of fact or expert witness testimony or evidence) the specific exhibits identified in Section I hereof and/or any and all other exhibits, evidence, testimony or reference to any statements, reports, findings, testimony or other similar such material generated in or on account of any Congressional hearings, investigations or other proceedings.

Respectfully submitted,

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

s/Andrew D. Weinstock

_____
**ANDREW D. WEINSTOCK #18495
JOSEPH G. GLASS #25397**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002

---

[3]      Such statements include hearing transcripts, written statements and documents contained in the hearing records, politicians' and witnesses' speeches about the hearings and the subject matters covered in the hearings, articles written by hearing participants about the hearings, press reports about the hearings, and other such materials.

(504) 832-3700
(504) 837-3119 (FAX)
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON**
**Timothy D. Scandurro #18424**
**Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
(504) 529-6199 (FAX)
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

**C E R T I F I C A T E**

I hereby certify that on the 26th day of August, 2009, a copy of the foregoing Motion *in Limine* to Exclude Evidence of or Argument Regarding Political Proceedings was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495
andreww@duplass.com