**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | **MDL NO. 1873** |
|         FORMALDEHYDE PRODUCTS | * | |
|         LIABILITY LITIGATION | * | **SECTION "N" (5)** |
| | * | |
| | * | **JUDGE ENGELHARDT** |
| | * | **MAGISTRATE CHASEZ** |
| | * | |
| **THIS DOCUMENT IS RELATED TO** | * | |
| | * | |
| *Charlie Age, et al v. Gulf Stream Coach* | * | |
| *Inc., et al*, Docket No. 09-2892; | * | |
| Alana Alexander, individually and on behalf of | * | |
| Christopher Cooper | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PRETRIAL ORDER**

1. **PRETRIAL CONFERENCE**

   A Pretrial Conference in this matter is scheduled for September 3, 2009 at 8:30 a.m.

2. **APPEARANCE OF COUNSEL**

   FOR PLAINTIFF:

   GERALD E. MEUNIER
   JUSTIN I. WOODS
   **PLAINTIFFS' CO-LIAISON COUNSEL**
   Gainsburgh, Benjamin, David, Meunier &
   Warshauer, L.L.C.
   2800 Energy Centre, 1100 Poydras Street
   New Orleans, Louisiana 70163
   Telephone:     (504) 522-2304
   Facsimile:     (504) 528-9973
   gmeunier@gainsben.com
   jwoods@gainsben.com

        -and-

   ANTHONY G. BUZBEE
   PETER K. TAAFFE
   The Buzbee Law Firm
   600 Travis, Suite 7300

Houston, Texas 77002
Telephone:   (713) 223-5393
Facsimile:   (713) 223-5909
tbuzbee@txattorneys.com
ptaaffe@txattorneys.com

  *-and-*

MIKAL C. WATTS
Watts Guerra Craft
Four Dominion Drive
Building Three, Suite 100
San Antonio, Texas 78257
Telephone:   (210) 447-0500
Facsimile:   (210) 447-0501
mcwatts@wgclawfirm.com

  *-and-*

ROBERT C. HILLIARD
Hilliard Muñoz Guerra LLP
719 S. Shoreline Blvd. #500
Corpus Christi, Texas 78401
Telephone:   (361) 882-1612
Facsimile:   (361) 882-3015
bobh@hmglawfirm.com

  *-and-*

CHRIS PINEDO
Attorney at Law
802 N. Carancahua, Suite 2250
Corpus Christi, Texas 78470
Telephone:   (361) 866-7444
Facsimile:   (361) 866-7440
cpinedo@cpinedolaw.com

<u>FOR DEFENDANTS</u>:

ANDREW D. WEINSTOCK
JOSEPH GLASS
KEVIN DERHAM
Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, APLC
3838 N. Causeway Blvd.
29th Floor, Three Lakeway Center
Metairie, Louisiana 70002

Telephone:    (504) 832-3700
Facsimile:    (504) 837-3119
andreww@duplass.com
jglass@duplass.com
kderham@duplass.com

    -and-

TIMOTHY D. SCANDURRO
DEWEY M. SCANDURRO
Scandurro & Layrisson
607 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone:    (504) 522-7100
Facsimile:    (504) 529-6199
tim@scanlayr.com
dewey@scanlayr.com

*On Behalf of Gulf Stream Coach, Inc.*

CHARLES R. PENOT, JR.
Middleberg, Riddle & Gianna
717 N. Harwood
Dallas, TX 75201
Telephone:    (214) 220-6334
Facsimile:    (214) 220-6807
cpenot@midrid.com

    -and-

Dominic J. Gianna
Sarah A. Lowman
201 St. Charles Avenue, Suite 3100
New Orleans, Louisiana 70170
Telephone:    (504) 525-7200
Facsimile:    (504) 581-5983
dgianna@midrid.com
slowman@midrid.com

    -and-

Richard A. Sherburne, Jr.
450 Laurel Street, Suite 1101
Baton Rouge, Louisiana 70801
Telephone:    (225) 381-7700
Facsimile:    (225) 381-7730
rsherburne@midrid.com

*On Behalf of Fluor Enterprises, Inc.*

HENRY T. MILLER
ADAM DINNELL
JONATHAN WALDRON
U.S. Department of Justice, Civil Division
1331 Penn. Ave., NW, Rm 8220-N
Washington, D.C. 20004
Telephone: (202) 616-4223
Facsimile: (202) 616-4473
henry.miller@usdoj.gov
adam.dinnell@usdoj.gov
jonathan.waldron@usdoj.gov

*On Behalf of The United States of America*

3.  **REPRESENTED PARTIES**

    A.    Plaintiff Alana Alexander, individually and on behalf of her son, Christopher Cooper. Residents of Orleans Parish, Louisiana.

    B.    Defendant United States of America, acting through the Federal Emergency Management Agency (FEMA).

    C.    Defendant Gulf Stream Coach, Inc., Indiana corporation, Indiana principal place of business.

    D.    Defendant Fluor Enterprises, Inc., California corporation, principal place of business in Texas.

    E.    There are no issues of misjoinder or nonjoinder of parties.

4.  **JURISDICTION**

    This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332, 1346, 1367(a) and 2671.

    Plaintiff Alana Alexander, individually, alleges to have suffered damages in an amount in

excess of $75,000.00, exclusive of interest and costs.

5. **PENDING MOTIONS**

  A. Gulf Stream's Motion for Summary Judgment regarding immunity from state law tort immunity (government contractor defense) filed on July 31, 2009 (Document No. 2410).

  B. Gulf Stream's Motion for Extension of Time to Respond to Plaintiff's Second and Third Request for Production filed August 05, 2009 (Document No. 2533).

  C. Gulf Stream's Motion for Partial Summary Judgment regarding mental anguish damages for minor child's fear of contracting illness or disease filed on August 11, 2009 (Document No. 2582).

  D. Gulf Stream's Motion for Partial Summary Judgment regarding mental anguish claims for Plaintiffs' fear that they are at an increased risk to develop cancer filed on August 11, 2009 (Document No. 2583).

  E. Gulf Stream's Motion for Summary Judgment alleging that Plaintiff cannot establish that formaldehyde led to physical symptoms filed August 12, 2009 (Document No. 2596).

  F. Plaintiffs Motion to Compel with Respect to Gulf Stream filed August 15, 2009 (Document No. 2705).

  G. Plaintiff's Second Motion to Compel with Respect to Gulf Stream filed August 15, 2009 (Document No. 2707).

  H. United States' Motion to Dismiss for Lack of Subject-Matter Jurisdiction Based Upon No Analogous Private Liability filed on August 17, 2009 (Document No. 2733).

  I. Gulf Stream's Motion for Partial Summary Judgment regarding Plaintiff's inadequate warning claims under the LPLA filed August 17, 2009 (Document No. 2719).

J.  Gulf Stream's Motion for Partial Summary Judgment or in the Alternative, Motion *in Limine* regarding Plaintiff's claims that the defects in her EHU were the result of failure to test filed August 17, 2009 (Document No. 2720).

K.  Plaintiff's Motion in Limine to Exclude the Expert Testimony of Michael Ginevan, Ph.D. filed on August 17, 2009 (Document No. 2730).

L.  Fluor's Motion for Summary Judgment based on prescription filed August 17, 2009 (Document No. 2728).

M.  Plaintiff's Motion for Partial Summary Judgment filed August 17, 2009 (Document No. 2727).

N.  United States' Motion for Summary Judgment and Dismissal of Plaintiff Alana Alexander and Chris Cooper's Remaining FTCA Claims filed August 17, 2009 (Document No. 2718).

O.  Fluor's Motion for Summary Judgment based on Louisiana tort immunity for contractors pursuant to La. R.S. 9:2771 (Document No. 2729) filed on August 17, 2009.

P.  Fluor's filed a Motion for Partial Summary Judgment regarding claims under the LPLA filed August 18, 2009 (Document No. 2743).

Q.  Plaintiff's Third Motion to Compel with Respect to Gulf Stream filed on August 18, 2009 (Document No. 2749).

R.  Gulf Stream's Motion *in Limine* to Exclude Expert Testimony of James P. Kornberg, M.D., SC. D. filed on August 19, 2009 (Document No. 2769).

S.  Gulf Stream's Motion to Strike Opinions and Testimony of Ervin Ritter, P.E. filed on August 20, 2009 (Document No. 2777).

T.  Gulf Stream's Motion to Exclude the Testimony of Alexis Mallet, Jr. filed on

August 20, 2009 (Document No. 2776).

U.    Fluor's Motion for Summary Judgment based on the Government Contractor Defense filed August 21, 2009 (Document No. 2783).

V.    Plaintiff's Motion to Sever or, in the Alternative, to Voluntary Dismiss filed on August 24, 2009 (Document No. 2793).

W.    Gulf Stream's Motion *in Limine* to Exclude Testimony of Paul Hewett filed on August 24, 2009 (Document No. 2792).

X.    Gulf Stream's Motion *in Limine* to Prohibit Any Testimony of Evidence Relating to Any Non-Party Witness Medical Issues filed on August 24, 2009 (Document No. 2801).

Y.    Gulf Stream's Motion *in Limine* to Exclude Any Testimony or Evidence of Other Lawsuits or Claims filed on August 24, 2009 (Document No. 2799).

Z.    Gulf Stream's Motion *in Limine* to Limit the Testimony of Travis Allen, Heath Allen and Gerald Paul Blanchard filed on August 25, 2009 (Document No. 2819).

6.    **BRIEF SMMARY OF MATERIAL FACTS**

   A.    <u>PLAINTIFF'S SUMMARY OF THE FACTS</u>

Plaintiff and her minor son Christopher Cooper were displaced from their permanent home as a result of Hurricane Katrina. Since their home was rendered uninhabitable, Plaintiff and her son were deemed eligible to receive emergency housing assistance from FEMA.

The housing assistance provided to Plaintiff and her son was in the form of a travel trailer manufactured by defendant Gulf Stream on or about December 13, 2004, with Vehicle Identification Number (VIN) 1NL1GTR2551021783. This unit constitutes a product under the Louisiana Products Liability Act ("LPLA"). Plaintiff and her son began living in the travel trailer on or about May 27, 2006 and resided continuously in the unit until on or about December

30, 2007.    Plaintiff and her son vacated the travel trailer within a month after plaintiff first became aware of the potential dangers of formaldehyde exposure in the trailer.

Gulf Stream has a duty to warn Plaintiff and her family about the dangers and risks of formaldehyde in the travel trailer; this duty was continuing in nature, and legally was owed to Plaintiff by Gulf Stream during the entire period that Plaintiff and her family occupied this travel trailer.  The exposure to Plaintiff and her son to formaldehyde fumes from the travel trailer resulted from the normal, foreseeable, and intended use of the travel trailer, without substantial alteration in the condition in which Gulf Stream sold the travel trailer.  The design of the travel trailer, including the use of plywood, press board, other composite wood products and other products that contain formaldehyde, is defective and posed an unreasonable risk of harm to Plaintiff and her son.  The use of plywood, press board, other composite wood products and other products that contain formaldehyde constitute a defect in comparison or manufacture that posed an unreasonable risk of harm to Plaintiff and her son. Gulf Stream's travel trailer was in a defective condition and was unreasonably dangerous under normal use at the time the travel trailer left Gulf Stream's control.  Plaintiff and her son were intended and foreseeable users of the travel trailer and the damages and losses to Plaintiff and her son reasonably could have been anticipated by Gulf Stream.

The defects in the travel trailer are the result of and/or include, but are not limited to, the following:

(1) in failing to design the travel trailer so as not to emit dangerous labels of formaldehyde;

(2) in providing a travel trailer which, by virtue of its design and/or manufacture and/or composition, was unreasonably dangerous under reasonably anticipated use;

(3) in providing a travel trailer which, by virtue of a lack of an adequate warning(s), was unreasonably dangerous under reasonably anticipated use;

(4) in providing a travel trailer which did not conform to the express warranties made by Gulf Stream regarding its fitness for use or reasonably anticipated[1];

(5) in failing to properly test the travel trailer to properly evaluate the levels of emissions of formaldehyde under foreseeable conditions for extended periods of time;

(6) in failing to adhere to any and all express warranties of fitness and safety for the travel trailer it manufactured and provided.

The travel trailer was installed Plaintiff's home site and hooked to utilities, etc. for residential purposes by the defendant Fluor, pursuant to a contract between Fluor and FEMA. Fluor installed the travel trailer unit by "blocking" the unit. Fluor is also a "manufacturer" under the LPLA. By blocking the trailer and in the process of jacking the trailer, Fluor created stress and flexing on the frame of the unit as it was not designed to be lifted off of the wheel base. Such stress and flexing created distortion of the trailer's shell allowing water moisture and air intrusion, which contributed to increased formaldehyde exposures. Fluor knew of problems with chemical emissions in travel trailers it was installing, but took no action to protect residents.

On behalf of herself and her minor son, Plaintiff seeks compensatory damages for: physical pain and suffering; mental anguish and emotional distress; the past, continuing and future medical expenses; the aggravation of Plaintiff's minor son's preexisting respiratory conditions; the impairment of future wage-earning capacity and/or daily life activities suffered and to be suffered by Plaintiff's minor son; and, Plaintiff's loss of consortium based upon the injuries suffered by her minor son.

---

[1] The Court has dismissed Plaintiff's express warranty claims. (Docket Entry Number 2764).

  B. <u>DEFENDANT GULF STREAM'S SUMMARY OF THE FACTS</u>

  C. <u>DEFENDANT FEMA'S SUMMARY OF THE FACTS</u>

  D. <u>DEFENDANT FLUOR'S SUMMARY OF THE FACTS</u>

7. **UNCONTESTED MATERIAL FACTS**

  A. Plaintiff Alana Alexander and her minor son, Christopher Cooper are residents of the Parish of Orleans in the State of Louisiana.

  B. FEMA provided Plaintiff Alana Alexander and her minor son a travel trailer with Vehicle Identification Number (VIN) 1N61GTR2551021783.

  C. This travel trailer was manufactured by defendant Gulf Stream on or about December 13, 2004.

  D. Gulf Stream sold the travel trailer to Best Buy RV on or about December 13, 2004.

  E. The travel trailer was delivered to Plaintiff and her minor son for occupancy in New Orleans, Louisiana at 4415 Dale Street.

8. **CONTESTED ISSUES OF FACT**

9. **CONTESTED ISSUES OF LAW**

10. **EXHIBITS**

  Plaintiff's Exhibit List, filed July 24, 2009, is listed at Docket Number 2302.

  Plaintiff has sought leave to supplement her Exhibit List (Docket Number 2627).

11. **DEPOSITIONS**

PLAINTIFFS

Plaintiff may offer the deposition testimony, or portions thereof, of witness identified in most recently filed Joint Trial Plan (Docket Entry Number 2613). Plaintiff reserves the right to introduce by deposition the testimony of any witnesses who are unavailable to testify at trial, though subpoenaed to do so, or when an attempt to subpoena said witnesses is unsuccessful, or the person resides out of the jurisdiction of this Honorable Court.

GULF STREAM

FLUOR

FEMA

12. **CHARTS AND GRAPHS**

The parties may use charts and graphs contained in their expert's reports or utilized during expert depositions. The parties have agreed to exchange charts and graphs, and other visual aides to be used at trial, on or before August ____, 2009.

13. **WITNESSES**

Plaintiff's Witness List, filed July 24, 2009, is listed at Docket Number 2303.

Plaintiff has sought leave to supplement her Witness List (Docket Number 2626).

PLAINTIFFS WITNESSES

*See* Joint Trial Plan (Docket Entry Number 2613).

14. **JURY TRIAL**

The parties have submitted questions/instructions, and objections thereto, and have participated in an initial charge conference with the Court.

15. **DAMAGES**

The issues of liability will not be tried separately from that of quantum.

16. **OTHER MATTERS THAT MIGHT EXPEDITE A DISPOSITION OF THE CASE**

    None.

17. **TRIAL**

    Trial shall commence on September 14, 2009 at 8:30 a.m. and will require at least ten days of trial to complete.

18. **STATEMENT OF COMPLIANCE-I**

    This pre-trial order has been formulated after conference at which counsel for the respective parties have appeared in person. Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing. Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

19. **STATEMENT OF COMPLIANCE-II**

    Counsel acknowledge that cell phones, pagers, beepers, and any other electronic communication devices are not allowed in the courtroom, and shall abide by this rule. Counsel shall further notify all clients and his/her witnesses of this rule.

20. **SETTLEMENT**

    Possibility of settlement of this case was not considered as this case is a "bellwether" trial in this MDL proceeding.

21. **SIGNATURES**

    New Orleans, Louisiana, this ____ day of August, 2009.

    _____
    **HON. KURT D. ENGELHARDT**
    **UNITED STATES DISTRICT JUDGE**

Respectfully submitted,

/s/Gerald E. Meunier, Esq.
GERALD E. MEUNIER, ESQ.
JUSTIN I. WOODS, ESQ.
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
gmeunier@gainsben.com
jwoods@gainsben.com

*On Behalf of Plaintiffs*

/s/Andrew D. Weinstock, Esq.
ANDREW D. WEINSTOCK, ESQ.
Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock,
APLC
3838 N. Causeway Blvd.
29th Floor, Three Lakeway Center
Metairie, LA 70002
Telephone: (504) 832-3700
Facsimile: (504) 837-3119
andreww@duplass.com

*On Behalf of Gulf Stream Coach, Inc.*

/s/Charles R. Penot, Jr., Esq.
CHARLES R. PENOT, JR., ESQ.
Middleberg, Riddle & Gianna
KPMG Centre, Suite 2400
717 N. Harwood
Dallas, TX 75201
Telephone: (214) 220-6334
Facsimile: (214) 220-6807
cpenot@midrid.com

*On Behalf of Fluor Enterprises, Inc.*

/s/Henry T. Miller, Esq.
HENRY T. MILLER, ESQ.
U.S. Department of Justice, Civil Division
Senior Trial Counsel
1331 Penn. Ave., NW, Rm 8220-N

Washington, D.C. 20004
Telephone: (202) 616-4223
Facsimile: (202) 616-4473
henry.miller@usdoj.gov

*On Behalf of The United States of America through FEMA*