UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER * | | MDL NO. 1873 |
|     FORMALDEHYDE * | | |
|     PRODUCTS LIABILITY * | | SECTION:  N(5) |
|     LITIGATION * | | |
| * | | JUDGE: ENGELHARDT |
| This Document Relates to:  *Charlie Age, et al. v.* * | | |
| *Gulf Stream Coach Inc., et al*, Docket No. 09-2892 * | | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE
EXPERT TESTIMONY OF CHRISTOPHER DEROSA, Ph.D.**

**MAY IT PLEASE THE COURT:**

Defendant, Gulf Stream Coach, Inc. ("Gulf Stream"), respectfully submits the following Memorandum in Support of its Motion *in Limine* to Exclude Expert Testimony of Christopher DeRosa, Ph.D. For the sake of clarity, Gulf Stream asserts that it is not seeking to exclude the fact testimony that Dr. DeRosa provided, only any expert opinions he has given or will give at the trial of this matter.

**I.      BACKGROUND**

As this Court is well aware, this Multi-District Litigation is the consolidation of several state and federal toxic tort suits in which an estimated thirty thousand named plaintiffs claimed to have inhabited emergency housing units ("EHUs") that were provided to them by the Federal Emergency Management Agency ("FEMA") as a result of the alleged uninhabitability of their residences due to Hurricanes Katrina and Rita and were allegedly contaminated with formaldehyde. (Doc. No. 109, at ¶ 96). One of those plaintiffs was Alana Alexander, who originally filed suit on February 27, 2009. (*Age, et al. v. Gulf Stream Coach, Inc., et al.*, 09-2892,

Doc. No. 1). In April, she was selected as the bellwether plaintiff in a trial against Gulf Stream. (Doc. No. 1299).

## II.     LAW AND ANALYSIS

### A.     This Court's Gate-keeping Role Regarding Expert Witnesses

Under Federal Rule of Evidence 702, a witness who through her expertise has the knowledge, skill, experience, training or education to offer scientific, technical, or other specialized knowledge may testify regarding that knowledge if it will assist the trier of fact to understand the evidence or to determine a fact in issue. FED. R. EVID. 702 (2009). However, such testimony is only admissible if it is based upon sufficient facts or data, it is the product of reliable principles and methods, and the witness has applied the principles and methods reliably to the facts of the case. *Id*.

As this Honorable Court has recognized, "The United States Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals* provides the analytical framework for determining whether expert testimony is admissible under Rule 702." (Rec. Doc. 2181, p. 3) (citing *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243 (5th Cir. 2002)). "Both scientific and nonscientific expert testimony is subject to the *Daubert* framework, which requires trial courts to make a preliminary assessment to determine whether the expert testimony is both reliable and relevant." *Id*. (citing *Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577, 584 (5th Cir.2004); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999)).

With respect to the issue of reliability, several nonexclusive factors may be considered, including: (1) whether the technique has been tested, (2) whether the technique has been subjected to peer review and publication, (3) the potential error rate, (4) the existence and maintenance of standards controlling the technique's operation, and (5) whether the technique is

2

generally accepted in the relevant scientific community. *Id*. at 4. "The reliability inquiry must remain flexible, however, as not every *Daubert* factor will be applicable in every situation; and a court has discretion to consider other factors it deems relevant." *Id*. With respect to the issue of relevance, the expert testimony must be relevant not only in the way that all testimony must be relevant under Federal Rule of Evidence 402, but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue." *Id*.

*Daubert* also cautions against admitting expert testimony in a case when the application of the expert's methodology to the facts of the case involves an impermissible leap of faith. The Supreme Court in *General Electric v. Joiner* acknowledged, "[t]rained experts commonly extrapolate from existing data. But nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to the existing data only by the *ipse dixit* of the expert." *General Electric v. Joiner,* 522 U.S. 136, 146 (1997). If there exists too great an analytical gap between the data and the opinion offered, the testimony is not reliable. *Id. Joiner* reminds district courts that they must review the reasoning used by an expert in applying a given methodology to the expert's ultimate opinion. *See id.* at 144. It is imperative that an expert explains the "how" and the "why" behind his conclusions. *Id*.; *see Mid-State Fertilizer Co. v. Exchange National Bank*, 877 F.2d 1333, 1339 (7th Cir. 1989) (stressing that the expert must state both the foundation for his opinions and the reasoning from that foundation). Ultimately, when the evidence does not "fit" the conclusion, the testimonial evidence is not reliable. *Cavallo v. Star Enterprises*, 892 F. Supp. 756, 761-63 (E.D. Va. 1995), *aff'd in part and rev'd in part*, 100 F.3d 1150 (4th Cir. 1996).

**B.     Testimony of Dr. Christopher DeRosa**

In this case, the Plaintiff has asked the Court to recognize Dr. Christopher DeRosa as an expert in the field of environmental health science with specific expertise as to the human health effects and exposure risks associated with formaldehyde. *See* Deposition Transcript of Christopher DeRosa, taken on July 6, 2009, p. 25—26, attached as Exhibit "A." As stated above, an individual may only offer testimony regarding his specialized knowledge if the knowledge is the product of reliable principles and methods <u>and</u> the individual has applied the principles and methods reliably to the facts of the case. FED. R. EVID. 702. In this case, however, Dr. DeRosa has offered no such knowledge. While his qualifications are not in doubt, he is not prepared to act as an expert witness in this case.

First of all, Rule 702 clearly states that an individual may only offer expert testimony if he has reliably applied the principles and methods <u>to the facts of the case</u>. However, Dr. DeRosa has not performed any analysis of the effects of formaldehyde exposure on the Plaintiff or her minor child. Without this application, any expert testimony Dr. DeRosa would offer does not qualify as reliable specialized knowledge, and the Court should therefore not admit that testimony in this case.

Second, Dr. DeRosa has not performed the type of investigation necessary to verify that he utilized a reliable, sound methodology. According to the U.S. Court of Appeals for the Fifth Circuit, epidemiological studies are the most effective and conclusive type of evidence in cases involving a chemical substance's ability to cause a physical condition. *See Allen v. Pa. Engineering Corp.*, 102 F.3d 194, 197 (5th Cir. 1996) (citing *Brock v. Merrell Dow Pharmaceuticals, Inc.*, 874 F.2d 307, 311 (5th Cir. 1989)); *Maurer v. Heyer-Schulte Corp.*, 2002 WL 31819160, *3 (E.D.La. Dec. 13, 2002). In this case, Dr. DeRosa has not examined any such

4

studies. With respect to eye irritation, he could not identify a specific paper or study that set forth the level of formaldehyde capable of causing irritant effects. *See* Exhibit A, at 232—35, 240—41.[1] Additionally, he had no awareness of any studies that discussed an increased level of susceptibility on the part of children to gaseous formaldehyde. *Id*. at 266—67. Dr. DeRosa's testimony establishes the fact that he could not identify and did not review any epidemiological studies as part of this litigation. Thus, he has not utilized the type of evidence that the Fifth Circuit has described as the most effective and conclusive type of evidence in cases involving a chemical substance's ability to cause a physical condition. *See Allen*, 102 F.3d at 197. For that reason, any opinions he would offer in this case are unreliable.

Last, Dr. DeRosa does not consider himself to be an expert for purposes of this lawsuit. This Court has held that when an individual does not consider himself an expert, then it would be unreasonable for the Court to do so. *See In re Vioxx Prod. Liab. Litigation, 2005 WL 3541045*, *3 (E.D.La. Dec. 6, 2005). Accordingly, an individual's admitted lack of expertise requires the exclusion of that individual's expert testimony. *See Brookshire Brothers Holdings, Inc. v. Total Containment, Inc.*, 2007 WL 2491807, *7 (W.D. La. 8/30/07). In this case, although Dr. DeRosa has experience in the field of environmental health science, he had no expectation that he would offer any expertise. *See* Exhibit A, at 254. In fact, he stated, "I was told I was not an expert witness." *Id*. Clearly, Dr. DeRosa has admitted that for purposes of this litigation, he is not acting as an expert or offering expertise. Considering this admission, it makes little sense that this Honorable Court would make that conclusion on Dr. DeRosa's behalf or at the request of the Plaintiff. For this reason, the Court is not in a position to recognize Dr. DeRosa as an expert in this case.

---

[1] Dr. DeRosa stated that he did review an article authored by Dr. Meryl Karol to support his claim that eye irritation can occur at levels below 0.05 ppm. However, Dr. Karol has authored no such study.

5

### III. CONCLUSION

Based upon the foregoing, Manufacturing Defendants' request that this Court enter an Order precluding Christopher DeRosa, Ph.D. from offering any expert opinions and/or testimony in this case.

Respectfully Submitted:

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK #18495
JOSEPH G. GLASS #25397**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700
(504) 837-3119 (FAX)
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON
Timothy D. Scandurro #18424
Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
(504) 529-6199 (FAX)
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

## **C E R T I F I C A T E**

I hereby certify that on the 26th day of August, 2009, a copy of the foregoing Memorandum in Support of Motion in *Limine* to Exclude Expert Testimony of Christopher DeRosa, Ph.D. was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495
andreww@duplass.com