UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER         * | | MDL NO. 1873 |
|     FORMALDEHYDE        * | | |
|     PRODUCTS LIABILITY  * | | |
|     LITIGATION          * | | SECTION: N(5) |
|  * | | |
| This Document Relates to:    * | | |
| *Charlie Age, et al. v.*     * | | JUDGE: ENGELHARDT |
| *Gulf Stream Coach Inc., et al*, Docket No. 09-2892  * | | |
|  * | | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF GULF STREAM COACH, INC.'S
<u>MOTION TO STRIKE OPINIONS AND TESTIMONY OF PAUL LAGRANGE</u>**

**MAY IT PLEASE THE COURT:**

Gulf Stream Coach, Inc. respectfully submits the following Memorandum in Support of its Motion to Strike Opinions and Testimony of Paul LaGrange:[1]

### I. Plaintiffs' Testing Expert – Paul LaGrange

Plaintiffs intend to introduce at trial the expert opinions and testimony of Paul LaGrange to offer opinions and testimony as to the results of various testing of the plaintiffs' trailer performed by LaGrange on May 6 and/or 7th, 2009.

LaGrange intends to offer opinions and testimony about testing that he conducted at the plaintiffs' trailer that are purported to test for and identify items such as air conditioning duct leakage, building envelope leakage, thermographic imaging analysis and insulation values (i.e. R-values, etc.). Ex. "A," Report of LaGrange. As these opinions and testimony rely wholly upon testing done on May 6-7, 2009 that have been ruled inadmissible by the Court, LaGrange's testimony and opinions should be excluded in their entirety.

---

[1] The Court and parties have become familiar with the factual/procedural background of this matter. As such, reference is made herein to the background as set forth in Gulf Stream Coach, Inc.'s Memorandum in Support of Motion *in Limine* to Limit Expert Testimony of Stephen Smulski, Ph.D. (Doc. 2349-2, pp. 1-2).

1

## II. LaGrange's Opinions and Testimony Are Inadmissible

The entirety of the opinions and testimony that will be proffered by LaGrange at the trial of this matter are based solely upon the testing (blower door testing, duct blaster testing and/or thermographic image testing) performed on the plaintiffs' trailer unit by LaGrange on May 6-7, 2009.[2]  By Order of this Court, all "expert opinions based on plaintiffs' re-testing of the Emergency Housing Unit ("EHU") [on May 6-7, 2009] in this case will not be admitted."  Doc. 2062, p. 2 (Order and Reasons dated 7/6/09).  Moreover, this Court held therein that "...any data collected as a result of this testing, and opinions based solely on such testing, shall also be excluded." *Id.*

The data obtained by LaGrange do not constitute "mere measurements" under the Court's July 6, 2009 Order.  Doc. 2062, p. 2.   Indeed, if they were just measurements, an expert would not have been required to perform and/or interpret them.  The very operations themselves that were conducted by LaGrange are, in fact, titled "tests" (i.e. "blower door tests" and "duct blaster tests") that are governed by detailed protocols.  *See* Exhibit "A," Report of LaGrange *(in toto).*[3] Moreover, the results and meaning of such tests can only be obtained through complex calculations and interpretations (typically performed only by engineers) of various data including temperature, wind speed, pressure differentials, humidity, dew points, insulation and materials. *See* Exhibits "A," Report of LaGrange *(in toto)*; Exhibit "C," Report of Ervin Ritter *(in toto).* These are just the nature of materials the Court has ruled cannot form the basis of any experts' opinion nor be admissible in this matter.  Doc. 2062, p. 2.

---

[2]  Plaintiffs identify as exhibits for trial the affidavit/report, file and testing results of Paul LaGrange. Doc. 2302, P156-P158, P202 (Plaintiffs' Preliminary Exhibit List).

[3]  See, for example, Exhibit "B," ASTM E-1827 (Standard Test Methods for Determining Air Tightness of Buildings Using An Orifice Blower Door).

### III.     Conclusion

Accordingly, based upon the foregoing reasons and this Court's Order of July 6, 2009 (Doc. 2062), Gulf Stream Coach, Inc. respectfully moves this Court for an Order striking and excluding from the trial of this matter any and all opinions and/or testimony of Paul LaGrange.

Respectfully submitted,

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER, & WEINSTOCK**

s/Andrew D. Weinstock
_____

**ANDREW D. WEINSTOCK #18495
JOSEPH G. GLASS #25397
KEVIN R. DERHAM #27163**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
Fax: (504) 837-3119
andreww@duplass.com
jglass@duplass.com
kderham@duplass.com

and

**SCANDURRO & LAYRISSON
Timothy D. Scandurro #18424
Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
Telephone: (504) 522-7100
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

## **C E R T I F I C A T E**

I hereby certify that on the 26th day of August, 2009, a copy of the foregoing Memorandum in Support of Gulf Stream Coach, Inc.'s Motion to Strike Opinions and Testimony of Paul LaGrange was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495
andreww@duplass.com