UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION:  N(5) |
| | * | |
| This Document Relates to:  *Charlie Age, et al. v.* | * | JUDGE: ENGELHARDT |
| *Gulf Stream Coach Inc., et al*, Docket No. 09-2892 | * | |
| | * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**GULF STREAM COACH, INC.'S MEMORANDUM IN SUPPORT OF MOTION
*IN LIMINE* TO EXCLUDE CERTAIN IRRELEVANT AND INFLAMMATORY
COMMENTARY OF COUNSEL, TESTIMONY AND EVIDENCE RELATED TO
PLAINTIFFS' HURRICANE KATRINA EVACUATION EXPERIENCE, AND
ANY REFERENCE OR EVIDENCE RELATED TO INCOME OF GULF
<u>STREAM COACH, INC.</u>**

**MAY IT PLEASE THE COURT:**

Defendant, Gulf Stream Coach, Inc. submits this memorandum in support of its

Motion in Limine to Exclude Certain Irrelevant and Inflammatory Commentary of

Counsel, Testimony and Evidence Related to Plaintiffs' Hurricane Katrina Evacuation

Experience, and Any Reference or Evidence Related to Income of Gulf Stream.

Specifically, Gulf Stream Coach, Inc. seeks to exclude the following:

1. Any commentary of counsel, testimony, or evidence referring to the trailers as

   being of "Chinese quality" or of "Chinese grade" or reference to the trailers as

   "toxic boxes," "toxic tin cans," "toxic trailers," or any type of similar

   commentary;

2. Any inflammatory racial or ethnic driven testimony or commentary of

   counsel;

3. Any reference to counsel for the defendants as "Formaldehyde Counsel, Inc.;"

1

4.  Any reference, testimony, or evidence related to plaintiffs' Hurricane Katrina evacuation experience; and

5.  Any reference to Gulf Stream Coach, Inc.'s income related to its production of EHUs.

## LAW AND ARGUMENT

Under the Federal Rules of Evidence, only relevant evidence is admissible. Fed. Rule Evid. 402 (2009).  Evidence is relevant when it has any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.  *Brookshire Bros. Holding, Inc. v. Total Containment, Inc.*, Civ. No. 04-1150, 2007 WL 2491807, *2 (W.D. La. Aug. 30, 2007); Fed. Rule Evid. 401 (2009).  The Court, however, may still exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.  Fed. Rule Evid. 403 (2009).

Here, Gulf Stream Coach, Inc. submits that none of the commentary, evidence, or testimony that is the subject of this Motion in Limine is relevant, and therefore, it is inadmissible.  If the Court deems any of the commentary, evidence, or testimony relevant, then Gulf Stream Coach, Inc. argues that under Rule 403's balancing test, the evidence should be excluded as any probative value of such evidence is substantially outweighed by the risk of inflammatory, misleading or confusing the jury through an improper appeal to the emotions of the jury that have no bearing on the actual issues before the court.

**A.      Inflammatory Commentary of Counsel**

Based on experience with plaintiffs' counsel throughout this litigation, Gulf Stream Coach, Inc. anticipates that plaintiffs' counsel may engage in certain inappropriate, inflammatory commentary in an effort to appeal to the sentiments or emotions of the jury.  As outlined in numbers 1-3 listed on Page 1 of this Memorandum, counsel for plaintiffs has made the following commentary, which Gulf Stream Coach, Inc. seeks to exclude mention of or reference to at trial, whether it be through the commentary of counsel, testimony of a witness, or evidence presented.

**1.  References to the Trailers as "Chinese Quality" and "Toxic Boxes"**

First, plaintiffs' counsel has referred to the trailers as being of "Chinese quality," or "Chinese grade," presumably to infer that the trailers are of a lower quality than typical American standards.  These types of inflammatory ethnic references as to the quality of the trailers are wholly inappropriate by all evidentiary standards.  First, the race or nationality of the defendant and its witnesses or employees or comparison of its products to those that have recently received negative publicity has absolutely no bearing on the real issues in this lawsuit. Second, these comments have no basis in fact and are totally irrelevant to any issue before the court.  That is, such comments fail to even remotely demonstrate the probability of the existence of any fact that is of consequence at issue in this litigation.  Because such comments fail to meet the relevancy requirement of Fed. Rule Evid. 402, they must be excluded.  Third, even if by some stretch these types of comments were deemed relevant, such commentary should be excluded based on Rule 403's balancing test as the probative value of such evidence is substantially outweighed by the risk of inflaming, misleading or confusing the jury.

In the same vein, plaintiffs' counsel has alluded to the trailers as "toxic boxes," "toxic tin cans," and/or "toxic trailers."  For the same reasons, these types of commentary should also be excluded, as they are purely inflammatory and unreliable and thus, irrelevant.  Plaintiffs' counsel is not an expert, and as a non-expert, he should not be allowed to offer his unqualified opinions, especially when such opinions go to the heart of the issues before the court.  See *Brookshire Bros. Holding, Inc. v. Total Containment, Inc.*, 2007 WL 2491807, *2.  These types of comments and references are unduly prejudicial and only serve to improperly inflame, mislead and confuse the jury.  Accordingly, any reference to the trailers as "toxic boxes," "toxic tin cans," "toxic trailers," or similar commentary should be excluded under rules 402 and 403.

**2. Inflammatory Racial Commentary of Plaintiffs' Counsel**

Plaintiffs' counsel has instigated lines of questioning in these proceedings to suggest that Gulf Stream Coach, Inc. used lower quality materials in its manufacture of EHUs because Gulf Stream Coach, Inc. knew that the trailers were going to be used by "black people."  Exhibit "A," Deposition of Eddie Abbott, pp. 26-27.  These unsupported comments have no basis in fact and are not only irrelevant because they are unreliable, but they are so highly prejudicial that they must be excluded as no limiting instruction to limit the emotional reaction in the minds of the jurors would be effective after these types of statements are uttered.  *See Jackson v. Johns-Manville Sales Corp.*, 750 F.2d 1314, 1335 (5th Cir. 1985).  Accordingly, the rule 403 balance should be struck in favor or limiting any such commentary as it is wholly without factual support and unduly prejudicial.

### 3. References to Counsel for Gulf Stream and Other EHU Manufacturers and "Formaldehyde Counsel, Inc."

Gulf Stream Coach, Inc. also seeks to exclude any reference to counsel for defendants as "Formaldehyde Counsel, Inc." as this reference is simply an inaccurate characterization of defense counsel's representation and only serves to inflame and mislead the jury. Gulf Stream Coach, Inc. manufactured travel trailers that were used as Emergency Housing Units in the aftermath of Hurricanes Katrina and Rita. Gulf Stream Coach, Inc. does not manufacture formaldehyde and defense counsel does not represent any manufacturer of formaldehyde in the instant litigation. Any reference to defense counsel as "Formaldehyde Counsel, Inc." is simply inaccurate and only serves to inflame, confuse or mislead the jury. Accordingly, such references should be excluded from use at trial under Fed. Rule Evid. 403.

### 4. References, Testimony, or Evidence Related to Plaintiffs' Hurricane Katrina Evacuation Experience

Gulf Stream Coach, Inc. submits that plaintiffs should be precluded from introducing evidence or testimony related to plaintiffs' evacuation experience in the wake of Hurricane Katrina as such evidence is irrelevant to the issues before the court. The issue before the court is whether plaintiffs were exposed to allegedly dangerous levels of formaldehyde (or threat thereof) while residing in an Emergency Housing Unit manufactured by Gulf Stream Coach, Inc. Plaintiffs' evacuation experiences other than their time residing in the subject EHU simply has no bearing on whether they were exposed to formaldehyde while residing in the trailer. Such evidence only serves to appeal to the sentiments of the jury. Because this type of evidence is irrelevant to the issues before the Court, it should be excluded under Fed. Rule Evid. 402.

Further, even if this Court does find such evidence relevant, it should still exclude said evidence under Fed. Rule Evid. 403 as any probative value of evidence of plaintiffs' evacuation experiences is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.  Evidence is considered unfairly prejudicial not merely because it damages the opposing party's case, but also because its admission makes it likely that the jury will be induced to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented.  *United States v. Connelly*, 874 F.2d 412, 418 (7th Cir. 1989).  Here, admission of evidence related to plaintiffs' evacuation experiences in the wake of Hurricane Katrina only serve to confuse the issues and appeal to the sentiment and emotion of the jurors, taking focus away from the matter actually at hand – whether plaintiffs were exposed to dangerous levels of formaldehyde.  Consequently, such evidence is unfairly prejudicial and would only tempt the jury into deciding the case on an improper basis due to the evidence's emotional appeal.  Thus, any evidence related to plaintiffs' evacuation experience other than that concerning plaintiffs' time in the trailer at issue should additionally be excluded under Fed. Rule Evid. 403 as unfairly prejudicial.

5.  **Any Reference to Gulf Stream Coach, Inc.'s income related to its production of EHUs**

Gulf Stream Coach, Inc. anticipates that plaintiffs will seek to introduce evidence of the price paid by the United States government to it for the EHUs in the aftermath of Hurricanes Katrina and Rita.  Such evidence should be excluded as it is irrelevant to the issue before the court in this litigation, which is whether plaintiffs were exposed to dangerous levels of formaldehyde while residing in their EHU.

Plaintiffs may attempt to elicit evidence or testimony that Gulf Stream Coach, Inc. was compensated $500,000,000 for 50,000 trailers.  Defendant submits that the purchase price of the trailers as negotiated between the Government and Gulf Stream Coach, Inc. is wholly irrelevant to this litigation as provided for in Fed. Rule Evid. 402 as it has no bearing on any fact that is of consequence to the determination of this litigation.  That is, Gulf Stream Coach, Inc. and the Government were free to negotiate the price of the trailers to be used as EHUs in the aftermath of Hurricanes Katrina and Rita.  The price of the trailers under the contract has absolutely no relevance to the issues before the court in this case.  Second, such evidence is also inadmissible under the balancing test of Fed. Rule Evid. 403 because the risk of misleading the jury, jury confusion and the undue delay that would ensue by the presentation of such evidence outweighs any probative value arguably applicable.

## CONCLUSION

For the reasons stated above, Gulf Stream Coach, Inc. respectfully requests that the Court exclude the above described irrelevant and inflammatory commentary of counsel, any testimony or evidence related to plaintiffs' Hurricane Katrina evacuation experience, and any reference or evidence related to the income of Gulf Stream Coach, Inc.

Respectfully Submitted:

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK #18495
JOSEPH G. GLASS #25397**
3838 N. Causeway Boulevard, Suite 2900

Metairie, Louisiana 70002
(504) 832-3700
(504) 837-3119 (FAX)
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON**
**Timothy D. Scandurro #18424**
**Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
(504) 529-6199 (FAX)
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

## C E R T I F I C A T E

I hereby certify that on the 26th day of August, 2009, a copy of the foregoing Gulf

Stream Coach, Inc.'s Memorandum in Support of Motion *in Limine* to Exclude Certain

Irrelevant and Inflammatory Commentary of Counsel, Testimony and Evidence Related to

Plaintiffs' Hurricane Katrina Evacuation Experience, and any Reference or Evidence

Related to Income of Gulf Stream Coach, Inc. was filed electronically with the Clerk of

Court using the CM/ECF system.  Notice of this file will be sent to liaison counsel by

operation of the court's electronic filing system and all other counsel of record via e-mail

and U.S. Mail.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495
andreww@duplass.com