UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * * * | MDL NO. 1873<br><br>SECTION "N" (5)<br><br>JUDGE ENGELHARDT<br>MAGISTRATE CHASEZ |
| **THIS DOCUMENT IS RELATED TO**<br><br>*Charlie Age, et al v. Gulf Stream Coach Inc., et al*, Docket No. 09-2892;<br>Alana Alexander, individually and on behalf of Christopher Cooper | | * * * * * * * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PLAINTIFF'S STATEMENT OF THE MATERIAL FACTS AS TO WHICH THERE EXISTS A GENUINE ISSUE TO BE TRIED

Plaintiff Alana Alexander ("Ms. Alexander" or "Plaintiff") sets forth the following statement of material facts as to which there exists a genuine issue to be tried, with respect to Defendant Fluor Enterprises, Inc.'s Motion for Summary Judgment Regarding Claims Against it Under the Louisiana Products Liability Act (Docket Entry No. 2743), and also sets forth facts controverted in Defendant's Statement of Uncontested Facts.

**I.   MATERIAL FACTS TO WHICH THERE EXISTS A GENUINE ISSUE TO BE TRIED.**

1. Whether or not the methodology employed to "jack up" and "block" the trailers was left to the discretion of FEI.

2. Whether or not FEI is a "manufacturer" under the LLPA.

**II.   ALLEGED FACTS IN FLUOR ENTERPRISES, INC.'S MOTION WHICH ARE CONTROVERTED.**

1. Plaintiff disputes assertions, allegations, representations or phrasing of the following facts listed as "undisputed" by Fluor

1

        Enterprises, Inc. in its statement of undisputed facts: Nos. 6, 13, 14, 25, 26, 27, 28 and 29.

2. Plaintiff controverts Defendant's Statement of Undisputed Facts No. 6. Plaintiff is alleging state law claims against FEI whether or not FEI is found to be a "manufacturer" under LPLA. Thus, Plaintiff disputes that her negligent claims is dependent on a finding that FEI was a manufacturer.

3. Plaintiff controverts Defendant's Statement of Undisputed Facts No. 13. Whether or not the IA-TAC contract set forth precise specifications directing the exact manner for FEI to install the travel trailers, including detailed requirements for delivery, blocking and leveling, anchoring and straps, utilities hook-ups (including sewer line, water line, electrical wiring), steps, winterization, handicap ramps/platforms steps, and numerous other minor tasks to make the travel trailers are ready for occupancy (RFO)) remains at issue.

4. Plaintiff controverts Defendant's Statement of Undisputed Facts No. 14. Whether or not in Exhibit 7 to the IA-TAC contract, FEMA directed FEI to install the travel trailers on six piers constructed in a precise fashion remains at issue.

5. Plaintiff controverts Defendant's Statement of Undisputed Facts No. 25. Whether or not the Maximo Work Order tracking system is a data system that maintains information and data related to maintenance performed by FEI on the EHUs once the EHU is installed and occupied remains at issue.

6. Plaintiff controverts Defendant's Statement of Undisputed Facts No. 26. Whether or not the Maximo Work Order tracking system indicates that FEI did not perform any maintenance on the EHU assigned to Alana Alexander once it was installed and prior to March 20, 2006 remains at issue.

7. Plaintiff controverts Defendant's Statement of Undisputed Facts No. 27. Whether or not the Maximo Work Order tracking system would have indicated if FEI had performed any routine maintenance or any major material item replacement on an EHU that exceeded $250.00 remains at issue.

8. Plaintiff controverts Defendant's Statement of Undisputed Facts No. 28. Whether or not FEMA's Contracting Officer's Technical Representative (COTR) approval is required for any major material item replacement on an EHU that exceeds $250.00 whether the EHU is in a staging yard or installed and COTR approval is tracked on the Technical Direction Log remains at issue.

9.  Plaintiff controverts Defendant's Statement of Undisputed Facts No. 29.  Whether or not the records do not indicate that COTR approval was sought by FEI and/or received by FEI regarding the EHU assigned to Alana Alexander.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
      GERALD E. MEUNIER, #9471
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier &
      Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone:   504/522-2304
      Facsimile:    504/528-9973
      gmeunier@gainsben.com

      s/Justin I. Woods
      JUSTIN I. WOODS, #24713
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier &
      Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone:   504/522-2304
      Facsimile:    504/528-9973
      jwoods@gainsben.com

      **COURT-APPOINTED PLAINTIFFS'
      STEERING COMMITTEE**
      ANTHONY BUZBEE, Texas # 24001820
      RAUL BENCOMO, #2932
      FRANK D'AMICO, #17519
      MATT MORELAND, #24567
      LINDA NELSON, #9938
      MIKAL WATTS, Texas # 20981820
      DENNIS REICH, TEXAS #16739600

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing on August 26, 2009.

                                             s/Gerald E. Meunier
                                            GERALD E. MEUNIER, #9471