UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE PRODUCTS | * | |
| | LIABILITY LITIGATION | * | SECTION "N" (5) |
| | | * | |
| | | * | JUDGE ENGELHARDT |
| | | * | MAGISTRATE CHASEZ |
| | | * | |
| THIS DOCUMENT IS RELATED TO | | * | |
| | * | | |
| *Charlie Age, et al v. Gulf Stream Coach Inc., et al*, Docket No. 09-2892; | | * | |
| | | * | |
| Alana Alexander, individually and on behalf of Christopher Cooper | | * | |
| | | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

# EXHIBIT C

```
 1              UNITED STATES DISTRICT COURT
 2              EASTERN DISTRICT OF LOUISIANA
 3
 4
 5
 6    IN RE:   FEMA TRAILER        MDL NO. 1873
 7    FORMALDEHYDE PRODUCTS        SECTION "N"(5)
 8    LIABILITY LITIGATION         JUDGE ENGELHARDT
 9
10                    *  *  *
11
12        Videotaped Deposition of ALEXIS MALLET,
13    JR., P.O. Box 80857, Lafayette, Louisiana
14    70598, taken at the offices of Lambert &
15    Nelson, 701 Magazine Street, New Orleans,
16    Louisiana 70130, on Friday, the 17th day of
17    July, 2009.
18
19    REPORTED BY:
20         JAMES T. BRADLE, CCR
           PROFESSIONAL SHORTHAND REPORTERS
21         (504)529-5255
22    VIDEOGRAPHER:
23         KYM HAWKINS
           PROFESSIONAL SHORTHAND REPORTERS
24         (504)529-5255
25
```

1    sufficiently supporting the frame, the
2    installation contractor created a condition
3    conducive to the interior panels warping in
4    the bedroom on the front and rear walls" in
5    the bedroom.
6         A    I'm sorry.  Where are you again,
7    please?
8         Q    Right in that same paragraph, the
9    very next sentence.
10        A    Are we in the first one?
11        Q    Paragraph 10 on Page 97, right
12   after the one about the scissors jack.
13        MR. PINEDO:
14             I'm going to object.  It was not
15   read properly by counsel.
16   EXAMINATION BY MR. PENOT:
17        Q    Well, it says what it says.  Can
18   we agree to that?
19        A    The last paragraph, is that where
20   you are?
21        Q    Pardon?
22        A    The last paragraph, is that where
23   you are?
24        Q    No, sir.  Paragraph 10, right
25   after the sentence we had just been

1    discussing, namely, the scissors jack.
2            "In jacking the unit and not
3    sufficiently supporting the frame, the
4    installation contractor created a condition
5    conducive to the interior walls warping in
6    the bedroom on the front and rear walls and
7    in the bathroom."
8         MR. PINEDO:
9            I'm going to object to the
10   improper reading by counsel.
11        MR. PENOT:
12           Where?
13        MR. PINEDO:
14           You said "walls" and it says
15   "interior panels."
16   EXAMINATION BY MR. PENOT:
17        Q    You can answer, Mr. Mallet.
18        MR. PINEDO:
19           I'm going to object to the form of
20   the question.
21        THE WITNESS:
22           That's what it says.
23   EXAMINATION BY MR. PENOT:
24        Q    Okay.  Now, are you saying that it
25   is your opinion or that you know, which one,

1    that the installation contractor jacked this

2    without sufficiently supporting the frame?

3    That's your opinion or do you know that as a

4    fact or what?

5         A    Well, based on what I was told

6    about how it was jacked up, the weight of

7    the building was taken off of the wheels,

8    and that certainly could have caused that

9    condition, the walls to bow.

10        Q    Okay.  You were told by whom?

11        A    Well --

12        Q    By Ms. Shirley Alexander's

13   deposition?

14        A    Yes.  But before that, that there

15   was only two-man crews installing these, and

16   unless they had a unified hydraulic system,

17   there was no way that they could have lifted

18   this unit, two men could have lifted this

19   unit, or screw jack systems, in a unified

20   manner.

21        Q    Didn't you say -- So is it your

22   opinion that the only way, the only way this

23   trailer could be lifted would be with a

24   unified hydraulic jacking system?

25        MR. PINEDO: