UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * * * * | 07-md-1873 SECTION: N(5) JUDGE: ENGELHARDT MAG: CHASEZ |
|---|---|---|---|

This document is related to:
*Charlie Age, et al. v. Gulf Stream Coach, Inc., et al., No. 09-2892*

*************************************************************************

**MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE CERTAIN FACT TESTIMONY OF PLAINTIFFS AND FACT WITNESSES**

**MAY IT PLEASE THE COURT:**

Fluor Enterprises, Inc. ("FEI") respectfully submits the following Memorandum in Support of its Motion *in Limine* to Exclude Certain Fact Testimony from Plaintiffs, Alana Alexander and Christopher Cooper, and fact witnesses including but not limited to Erika Alexander and Shirley Alexander,[1] regarding the events immediately prior to and following Hurricane Katrina because such testimony is irrelevant to this litigation. Moreover, any potential probative value of the testimony is substantially outweighed by its unfairly prejudicial effect and will result in undue delay. For these reasons more fully discussed below, this fact evidence should not be admitted.

---

[1] This motion is to exclude the testimony from any and all fact witnesses who have knowledge that is the subject of this Motion, which refers to is the hours leading up to the landfall of Hurricane Katrina and the events and days immediately following Hurricane Katrina.

- 2 -

Pursuant to the Federal Rules of Evidence 401 and 403, FEI moves to exclude certain testimony from the Plaintiffs and other fact witnesses because this particular evidence is irrelevant and unfairly prejudicial.  Specifically, FEI requests that this Court exclude any testimony regarding the Alexander family members'[2] decision to ride out the storm in their home storm immediately days before Hurricane Katrina made landfall on August 29, 2005.  FEI also requests that this Court exclude any factual testimony regarding the events and activity immediately following Hurricane Katrina.  Specifically, FEI requests that this Court exclude all testimony regarding Hurricane Katrina until the time that Alana Alexander and Christopher Cooper settled in Florida with family.

Alana Alexander and in part, her children Christopher Cooper and Erika Alexander as well as Alana's mother, Shirley Alexander, testified at length during their respective depositions regarding the hours leading up to and following Hurricane Katrina.[3]   They testified about how they waited in the attic for a long period of time and watched the flooding occur on the morning of August 29, 2005.  Additionally, Alana Alexander testified about the unpleasant and undesirable things the family personally observed and experienced after they escaped the attic of their home and made their way on foot to the Convention Center.  During that plight, Alana testified that both she and her children saw two deceased people when they arrived at the Convention Center.

The Alexanders then described waiting at the Convention Center for days before being reunited with other family members and eventually being bussed to Arkansas.  From Arkansas,

---

[2]  The Alexanders refer to Alana Alexander, Christopher Cooper, Shirley Alexander and Erika Alexander.
[3] *See* exhibits 1, 2, 3 and 4 attached to this Motion which are portions of the following depositions: Alana Alexander, Christopher Cooper, Shirley Alexander and Erika Alexander.

other family members picked Alana Alexander and her children up and drove them to Florida where they lived with Alana's brother in Jacksonville for a period of months.  These events can easily be summed up as "Plaintiffs' Katrina story" and should be excluded because they are irrelevant to Plaintiffs' claims and are unfairly prejudicial.

## LAW AND ARGUMENT

Plaintiffs' Katrina story has absolutely nothing to do with this litigation. In accordance with the Federal Rules of Evidence, only relevant evidence is admissible. Fed. R. Evid. 401 defines "relevant evidence" as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

The testimony surrounding Plaintiffs' Katrina story is wholly irrelevant to the Plaintiffs' claims, which relate solely to Plaintiffs residing in an emergency housing unit ("EHU") provided by FEMA.  The crux of Plaintiffs' claims are (1) whether Plaintiffs were exposed to formaldehyde while living in the EHU; (2) whether that exposure caused damages; and (3) whether Defendants are responsible.

The facts surrounding the events leading up to the landfall of Hurricane Katrina and immediately following the storm do not make the existence of any facts related to Defendants' alleged liability or to Plaintiffs' alleged damages more or less probable.  Such evidence does not have the tendency to prove any facts related to the alleged claims asserted by the Plaintiffs and thus, should be excluded.

Even if this Court were to find that Plaintiffs' and other fact witnesses' testimony surrounding Plaintiffs' Katrina story relevant, the testimony surrounding such events should be excluded under Federal Rule of Evidence 403 because its probative value is significantly outweighed by the undeniable fact that this sort of testimony will be unfairly prejudicial and will appeal to the jury's sympathy.

> Rule 403 prevents the exclusion of relevant evidence if its probative value is substantial outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

*See* Fed. R. Evid. 403 (2009).

The Advisory Committee Notes explains that unfair prejudice means and "undue tendency to suggest decision on an improper basis, commonly, though not necessarily an emotional one." Advisory Committee's Notes (1972) reproduced verbatim at § 403.4.

The testimony from Alana Alexander is precisely the sort of testimony that Rule 403 seeks to exclude because it is likely to evoke an emotional reaction. Any evidence that may evoke sympathy from the jury should be excluded. *See United States v. George,* 266 F.3d 52, 63 (2d Cir. 2001) and *United States of America v. Donald Brown and Charon Fields*, 76 Fed. R. Evid. Serv., 2008 U.S. Dist. Lexis 55278 (S.D. Ga. 7/21/2008) (citing Wharton's Criminal Evidence interpreting Rule 403 and stating evidence can be unfairly prejudicial when it involves improper appeals to the jury's sympathy).

A recent case subject to a motion *in limine* following the aftermath of Hurricane Katrina is illustrative on this subject. *Lena Turner Gaffney v. State Farm Fire and Cas. Co*., 2009 U.S. Dist. Lexis 66261 (5th Cir. 7/20/09). This recent case involved a bad faith claim brought against

State Farm while adjusting the Gaffney's claims, including their contents claims. In *Gaffney*, this Court excluded portions of the Plaintiffs' videos depicting the personal belongings in the Gaffney's home following Hurricane Katrina. The Court specifically excluded the anecdotes made while someone videotaped the objects in the home's rooms. Clearly the court found that some of the footage was necessary as it related to the Gaffney's contents claims. However, such poignant comments made during the video such as, "we would sit and watch [this] TV for hours" was excluded because the Court ultimately held such evidence was irrelevant and prejudicial.

Similarly in this case, the Court should exclude the testimony from the Plaintiffs and any fact witnesses regarding the Plaintiffs' plight immediately before, during and immediately after Hurricane Katrina because it is not only irrelevant, but extremely prejudicial. Any testimony regarding the Plaintiffs' Katrina story-- from sitting in the attic hours upon hours, watching the water rise, walking to the convention center while bypassing two dead people and ultimately being bussed to Arkansas-- should be excluded by this Court. Alana Alexander and her family's testimony surrounding these events during their depositions was poignant, and it is for precisely this reason that this testimony should be excluded at trial as it will undeniably evoke sympathy in a jury.

## CONCLUSION

As discussed above, Plaintiffs' Katrina story is not relevant to this litigation. Moreover, this evidence is unfairly prejudicial, will unfairly appeal to the jury's sympathy and is wasteful of time and judicial resources. For these reasons, FEI respectfully requests that this Court issue an Order excluding all testimony and evidence surrounding the events immediately leading up to the landfall of Hurricane Katrina and immediately thereafter as it relates to the Alexanders.

Respectfully submitted,

**MIDDLEBERG, RIDDLE & GIANNA**

BY:  *s/Sarah A. Lowman*
Dominic J. Gianna, La. Bar No. 6063
Sarah A. Lowman, La. Bar No. 18311
201 St. Charles Avenue, Suite 3100
New Orleans, Louisiana 70170
Telephone: (504) 525-7200
Facsimile: (504) 581-5983
dgianna@midrid.com
slowman@midrid.com

Charles R. Penot, Jr. (La. Bar No. 1530 &
Tx. Bar No. 24062455)
717 North Harwood, Suite 2400
Dallas, Texas 75201
Tel: (214) 220-6334; Fax: (214) 220-6807
cpenot@midrid.com

-and-

Richard A. Sherburne, Jr., La. Bar No. 2106
450 Laurel Street, Suite 1101
Baton Rouge, Louisiana 70801
Telephone: (225) 381-7700
Facsimile: (225) 381-7730
rsherburne@midrid.com

**ATTORNEYS FOR FLUOR ENTERPRISES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2009, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sends notice of electronic filing to all counsel of record, including court-appointed liaison counsel, who are CM/ECF participants.

<u> s/Sarah A. Lowman</u>

ND: 4827-2916-1220, v. 1