UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * * * | MDL NO. 1873  SECTION "N" (5)  JUDGE ENGELHARDT  MAGISTRATE CHASEZ |
| **THIS DOCUMENT IS RELATED TO** | | * * | |
| *Charlie Age, et al v. Gulf Stream Coach Inc., et al*, Docket No. 09-2892; Alana Alexander, individually and on behalf of Christopher Cooper | | * * * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFF'S STATEMENT OF THE MATERIAL FACTS AS TO WHICH THERE EXISTS A GENUINE ISSUE TO BE TRIED

Plaintiff Alana Alexander ("Ms. Alexander" or "Plaintiff") sets forth the following statement of material facts as to which there exists a genuine issue to be tried, with respect to Defendant Fluor Enterprises, Inc.'s Motion for Summary Judgment Based on the Government Contractor Defense" (Docket Entry No. 2802), and also sets forth facts controverted in Defendant's Statement of Uncontested Facts.

**I.    MATERIAL FACTS TO WHICH THERE EXISTS A GENUINE ISSUE TO BE TRIED.**

1. Whether or not the methodology employed to "jack up" and "block" the trailers was left to the discretion of FEI.

2. Whether or not FEI failed to comply with specifications provided by FEMA.

3. Whether or not FEI failed to warn FEMA of the hazards of formaldehyde.

**II.     ALLEGED FACTS IN FLUOR ENTERPRISES, INC.'S MOTION WHICH ARE CONTROVERTED.**

1. Plaintiff disputes assertions, allegations, representations or phrasing of the following facts listed as "undisputed" by Fluor Enterprises, Inc. in its statement of undisputed facts: Nos. 5, 6, 14, 15, 16, 17, 18, 32, 33, 35, 36, 38, 39, 40, 41, 42, 43, 44, 50 and 51.

2. Plaintiff controverts Defendant's Statement of Undisputed Facts No. 5. Whether or not FEI's installation of the travel trailer in accordance with FEMA's mandatory specifications remains at issue.

3. Plaintiff controverts Defendant's Statement of Undisputed Facts No. 6. Plaintiff is alleging state law claims against FEI whether or not FEI is found to be a "manufacturer" under LPLA. Thus, Plaintiff disputes that her negligent claims is dependent on a finding that FEI was a manufacturer.

4. Plaintiff controverts Defendant's Statement of Undisputed Facts No. 14. Whether or not FEI had to deliver the trailers that FEMA had designated and purchased remains at issue.

5. Plaintiff controverts Defendant's Statement of Undisputed Facts No. 15. Whether or not FEI could not change or modify FEMA's plans and specifications remains at issue.

6. Plaintiff controverts Defendant's Statement of Undisputed Facts No. 16. Whether or not the IA/TAC contract set forth precise specification directing the exact manner for FEI to install the travel trailers, including detailed requirement for delivery, blocking, and leveling, anchoring and straps, utilities hook-ups (including sewer line, water line, electrical wiring), steps, winterization, handicap ramps/platforms steps and numerous other minor tasks to make the travel trailers ready for occupancy (RFO) remains at issue.

7. Plaintiff controverts Defendant's Statement of Undisputed Facts No. 17. Whether or not FEMA directed FEI to install the travel trailers on six piers constructed in a precise fashion.

8. Plaintiff controverts Defendant's Statement of Undisputed Facts No. 18. Whether or not FEMA's specifications for "Blocking and Leveling" the travel trailer was completely formulated, designed and drafted by the Government and provided to FEI by the Government remains at issue.

9. Plaintiff controverts Defendant's Statement of Undisputed Facts No. 32. Whether or not FEI was never directed or asked to, and therefore, never undertook, to perform engineering services concerning this blocking diagram remains at issue.

10. Plaintiff controverts Defendant's Statement of Undisputed Facts No. 33. Whether or not the Government requested any engineering support/expertise from FEI relating to the Government's method for blocking the trailer remains at issue.

11. Plaintiff controverts Defendant's Statement of Undisputed Facts No. 35. Whether or not FEI's work under the IA/TAC conformed to the Government's precise specifications, particularly the mandatory specifications for installation of the travel trailers, including the Alexander's travel trailer remains at issue.

12. Plaintiff controverts Defendant's Statement of Undisputed Facts No. 36. Whether or not there was a "back and forth" between the Government and FEI to ensure that FEI's work conformed to the Government's specifications on trailer blocking remains at issue.

13. Plaintiff controverts Defendant's Statement of Undisputed Facts No. 38. Whether or not the Government inspected FEI's final trailer installations to ensure compliance with Exhibit 7 of the IA/TAC remains at issue.

14. Plaintiff controverts Defendant's Statement of Undisputed Facts No. 39. Whether or not FEMA inspected FEI's work, including its subcontractor's work, and determined that it was in conformance with FEMA's specifications for trailer installation, including blocking the trailers remains at issue.

15. Plaintiff controverts Defendant's Statement of Undisputed Facts No. 40. Whether or not FEMA made any notification in FEMA's quality assurance reports that FEI failed to comply with any FEMA specifications remains at issue.

16. Plaintiff controverts Defendant's Statement of Undisputed Facts No. 41. Whether or not FEMA found any deficiencies in FEI's performance of the contract and accepted FEI's work remains at issue.

17. Plaintiff controverts Defendant's Statement of Undisputed Facts No. 42. Whether or not FEI put the travel trailers on blocks pursuant to FEMA's specifications and whether same would have been in violation of its contract with FEMA remains at issue.

18. Plaintiff controverts Defendant's Statement of Undisputed Facts No. 43. Whether or not FEI's work conformed to the scope of work that it was directed to do by the Government remains at issue.

19. Plaintiff controverts Defendant's Statement of Undisputed Facts No. 44. Whether or not FEI's work under the IA/TAC was accepted and finally approved by FEMA remains at issue.

20. Plaintiff controverts Defendant's Statement of Undisputed Facts No. 50. Whether or not the Government's knowledge about formaldehyde claims preceded and exceeded any actual knowledge FEI had of formaldehyde claims involving EHUs remains at issue.

21. Plaintiff controverts Defendant's Statement of Undisputed Facts No. 51. Whether or not FEI had actual knowledge about formaldehyde concerns in travel trailers not known to the Government during the relevant time period remains at issue.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:   504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:   504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
DENNIS REICH, TEXAS #16739600

## CERTIFICATE OF SERVICE

     I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing on August 26, 2009.

       s/Gerald E. Meunier
      GERALD E. MEUNIER, #9471