UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER         * | MDL NO. 1873 |
| FORMALDEHYDE            * | |
| PRODUCTS LIABILITY      * | SECTION:  N(5) |
| LITIGATION                       * | |
| * | JUDGE: ENGELHARDT |
| This Document Relates to:  *Charlie Age, et al. v.*   * | |
| *Gulf Stream Coach Inc., et al*, Docket No. 09-2892  * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF
MOTION TO REVIEW MAGISTRATE JUDGE'S ORDER**

**MAY IT PLEASE THE COURT:**

On Friday, August 21, a telephone hearing was held before the Magistrate on the Plaintiffs' Motion to Compel with respect to Gulf Stream Coach, Inc., (Rec. Doc. 2705). The Motion to Compel dealt with the conduct of electronic discovery, using agreed-upon search terms.

On July 1, when the Magistrate Judge ordered production of documents generated by the word-search process, Gulf Stream immediately contacted its electronic data and e-discovery consultant, who had already preserved the data, to initiate the next step in the search process. The consultant then began to load the preserved data into a searchable format, which took some time. Yet, Gulf Stream was forthright about the length of time this process would take well before Magistrate Judge Chasez compelled the production. In May, counsel for Gulf Stream informed counsel for the Plaintiff that the process of producing this data would take anywhere from six weeks to two months. *See* correspondence from Andrew Weinstock, Defense Liaison Counsel, to Justin Woods, Plaintiffs' Steering Committee, dated May 19, 2009, attached as Exhibit "A."

The process has been slow because of cumbersome search terms. One of the more burdensome search terms produced roughly 27 *million* "hits" among a relatively small number of computers being searched. This is the result of very short search terms tending to appear randomly in junk data. With each new character that is added to a search term (i.e., a five-character term instead of four), there is huge reduction in the number of hits due to a random occurrence of the short term in meaningless gibberish data. I.e., a search for "HUD" might generate millions of hits in random data, but "formaldehyde" is relatively unlikely to appear randomly. Gulf Stream's consultant was spending an inordinate amount of time sifting through these "junk hits" based upon random appearance of short terms.

The Magistrate Judge understood the inherent delays associated with the process, but was concerned about the imminent pre-trial conference and trial date. She therefore ordered that the electronic discovery data be produced three working days after the hearing, on August 26, "given the imminent trial date."

Magistrate Judge Chasez also requested that plaintiffs consider elimination of the shorter search terms. Plaintiffs complied in part, removing approximately one quarter of the search terms, including most of the search terms of four letters or less. Gulf Stream's consultant advises that the reduction has been very helpful.

Gulf Stream does not object to producing any responsive e-documents as quickly as possible. Nevertheless, complying with an August 26 deadline is impossible. That information was conveyed to the Magistrate and ignored. Gulf Stream wishes to remind the court that the delays to date were primarily based on the Plaintiffs' late creation of Master Discovery and the plaintiffs delay in agreeing to reasonable search terms. Finally, Gulf Stream has already completed one search for these documents pursuant to the Congressional Hearings. The

Magistrate has ordered a second search and Gulf Stream is doing its best to comply as quickly as possible.

Therefore, Gulf Stream requests the District Court overturn the Magistrate's decision insofar as enforcing the August 26, 2009 deadline.

                Respectfully Submitted:

                **DUPLASS, ZWAIN, BOURGEOIS,**
                **PFISTER & WEINSTOCK**

                s/Andrew D. Weinstock
                _____
                **ANDREW D. WEINSTOCK #18495**
                **JOSEPH G. GLASS #25397**
                3838 N. Causeway Boulevard, Suite 2900
                Metairie, Louisiana 70002
                (504) 832-3700
                (504) 837-3119 (FAX)
                andreww@duplass.com
                jglass@duplass.com

                and

                **SCANDURRO & LAYRISSON**
                **Timothy D. Scandurro #18424**
                **Dewey M. Scandurro #23291**
                607 St. Charles Avenue
                New Orleans, LA 70130
                (504) 522-7100
                (504) 529-6199 (FAX)
                tim@scanlayr.com
                dewey@scanlayr.com
                **Counsel for Defendant, Gulf Stream Coach, Inc.**

## **C E R T I F I C A T E**

I hereby certify that on the 26th day of August, 2009, a copy of the foregoing Memorandum in Support of Motion to Review Magistrate Judge's Order was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

                        s/Andrew D. Weinstock
                        _____
                        ANDREW D. WEINSTOCK #18495
                        andreww@duplass.com