# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA
# NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE PRODUCTS | * | |
| | LIABILITY LITIGATION | * | SECTION "N" (5) |
| | | * | |
| | | * | JUDGE ENGELHARDT |
| | | * | MAGISTRATE CHASEZ |
| | | * | |
| **THIS DOCUMENT IS RELATED TO** | | * | |
| | | * | |
| *Charlie Age, et al v. Gulf Stream Coach* | | * | |
| *Inc., et al*, Docket No. 09-2892; | | * | |
| Alana Alexander, individually and on behalf | | * | |
| of Christopher Cooper | | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S RESPONSE TO DEFENDANT FLUOR ENTERPRISES, INC.'S MOTION FOR SUMMARY JUDGMENT BASED ON LOUISIANA TORT IMMUNITY FOR CONTRACTORS PURSUANT TO LA. REV. STAT. 9:2771

Plaintiff Alana Alexander ("Ms. Alexander" or "Plaintiff") responds to Defendant Fluor Enterprises, Inc.'s ("FEI") "Motion for Summary Judgment Based on Louisiana Tort Immunity for Contractors Pursuant to LA. REV. STAT. 9:2771" (Docket Entry No. 2729) and in support, would show:

## GENERAL BACKGROUND

Plaintiff is a part of thousands of people displaced by the Hurricanes Katrina and Rita. As part of the process of assisting those displaced individuals, FEMA contracted with several major corporations without a bidding process, to transport and prepare travel trailers as temporary substitute housing for the Katrina/Rita victims. Fluor Enterprises, Inc. claims Plaintiff's claims are barred by LA. REV. STAT. 9:2771 because FEI is a government contractor that performed its work according to and in compliance

1

with the plans and specifications provided and mandated by the Government through FEMA. FEI had discretion as to its duties and performed them negligently. In fact, the testimony of FEI representatives, such as Dave Methot, states that on multiple occasions that the means and methods for "jacking up" the trailer was to be determined by FEI. Therefore, FEI's motion for summary judgment should be denied.

## ARGUMENT AND AUTHORITIES

### I.      SUMMARY JUDGMENT STANDARD.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" show no genuine issue as to any material fact. FED. R. CIV. P. 56(c). "[T]he substantive law will identify which facts are material [and] [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Factual disputes that are irrelevant or unnecessary will not be counted."); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Ultimately, this Court's concerns is to ascertain "whether there is a need for a trial — whether, in other words, there are any genuine factual issues that properly can be resolved only be a finder of fact because they may reasonably be resolved in favor of either party. *Anderson*, 477 U.S. at 250. As such, "[a] District Court must resolve any factual issues of controversy in favor of the non-moving party," *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990), and draw all justifiable inferences in favor of the non-

movant.  *Anderson*, 477 U.S. at 255; *Gillis v. Louisiana*, 294 F.3d 755, 758 (5th Cir. 2002).

In evaluating evidence to determine whether a factual controversy exists, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge [when] ruling on a motion for summary judgment." *Anderson*, 477 U.S. at 255.  Instead, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe and should give credence to the evidence favoring the non-moving party, as well as that evidence supporting the moving party that is uncontradicted and unimpeached." *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir. 2001).

Essentially, factual issues of controversy exist only where "there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citations omitted). Louisiana state circuit courts are split as to which party bears the burden of persuasion at summary judgment phase.  *See Lyncker v. Design Engineering, Inc.*, 988 So.2d 812, 815 (La. App. 4th Cir. 2008).  Some Louisiana circuits require the plaintiff, rather the contractor, to show there is a material issue of fact.  *Rosato v. Louisiana DOTD*, 714 So.2d 862, 867 (La. App. 4th Cir. 1998).  "Other Louisiana circuits have held that because the contractor has the burden of proving the elements of the contractor's immunity defense under LSA-R.S. 9:2771, summary judgment is proper only if the contractor introduces sufficient undisputed evidence to show that it had no reason to believe that its adherence to the plans would create a hazard." *Lyncker*, 988 So.2d at 815 (citing *Cormier v. Honiron Corp.*, 771 So.2d 193, 197 (La. App. 3rd Cir. 2000);

*Richard v. State of Louisiana through DOTD*, 610 So.2d 839, 841 (La App. 1st Cir. 1992).

However, regardless of the summary judgment standard, this Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (citing *Lujan*, 497 U.S. at 888).  Moreover, where "evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).  Thus, under Rule 56, this Court is not required to search for evidence that is not properly raised by the non-movant.  *Id*.  Instead, the non-moving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.  *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.1994), *cert. denied*, 513 U.S. 871 (1994).  A factual controversy precludes summary judgment if the "record, taken as a whole, could lead a rational trier of fact to find for the non-moving party." *Smith v. Amedisys,* 298 F.3d 434, 440 (5th Cir. 2002) (citing *Geoscan, Inc. of Tx. V. Geotrace Techs., Inc.*, 226 F.3d. 387, 390 (5th Cir. 2000)).

## II.    FEI IS NOT ELIGIBLE FOR CONTRACTOR IMMUNITY.

FEI's motion for summary judgment based on Louisiana tort immunity for contractors pursuant to LA. REV. STAT. 9:2771 ("contractor immunity statute") must be denied as FEI's actions are beyond the scope of protection provided by statute.  The purpose of the contractor immunity statute is to limit the liability of a contractor when a defect arises due to insufficiency of plans or specifications.  *Austin Homes, Inc. v. Thibodeaux*, 821 So.2d 10 (La. App. 3d Cir. 2008).  The contractor immunity statute

4

provides:

> No contractor, including but not limited to a residential building contractor as defined in R.S. 37:2150.1(9), shall be liable for destruction or deterioration of or defects in any work constructed, or under construction, by him if he constructed, or is constructing, the work according to plans or specifications furnished to him which he did not make or cause to be made and if the destruction, deterioration, or defect was due to any fault or insufficiency of the plans or specifications. This provision shall apply regardless of whether the destruction, deterioration, or defect occurs or becomes evident prior to or after delivery of the work to the owner or prior to or after acceptance of the work by the owner. The provisions of this Section shall not be subject to waiver by the contractor.

La. R.S. § 9:2771. "Under this statute, the contractor is immune from liability for the destruction, deterioration, or defects of the thing built if he can prove he built the thing according to the plans and specifications furnished him, since the contractor is not the guarantor of the sufficiency of the plans and specifications drawn by another person." *City of Covington v. Heard*, 428 So.2d 1132, 1134 (La. App. 1st Cir. 1983) (citing *Sisters of the Good Shepherd v. Quinn Const. Co.*, 225 So.2d 225 (La. App. 4th Cir.1969); *Washington Parish Police Jury v. Belcher & Son, Inc.*, 215 So.2d 849 (La. App. 1st Cir.1968)). "The statute does not require the contractor to prove the fault or insufficiency of the plans or specifications; the immunity results from proof of compliance alone." *City of Covington*, 428 So.2d at 1134 (citing *Pittman Construction Co. v. City of New Orleans*, 178 So.2d 312 (La. App. 4th Cir.1965)).

FEI misstates the law in arguing that the only means to defeat a contractor's immunity is to show that the contractor knew of a defect in the provided plans and such defect created a hazardous situation. Rec. Doc. 2729-2, p. 6. In fact, there exist at

least three ways to defeat contractor immunity, all of which are available here.  Plaintiff can show that the defect was caused by the discretionary acts — i.e., acts outside provided specifications — of the contractor, the defect was caused by the contractor's negligence, <u>or</u> the contractor had reason to believe that working compliance with the specifications would create a hazardous condition.  *See Lyncker*, 988 So.2d at 814-15; *Mount Mariah Baptist Church, Inc. v. Pannell's Assoc. Elec. Inc.*, 835 So.2d 880,887 (La. App. 2d Cir. 2002) (emphasis added).  Here, FEI cannot succeed on its contractor immunity defense and the motion for summary judgment should be denied because the EHU defects were caused (1) by FEI's discretionary acts, (2) by FEI's negligence, and (3) by FEI's knowledge of the formaldehyde problems.

### A.  FEI Cannot Claim Contractor Immunity Because FEI Did Not Follow Specifications in "Jacking Up" the Mobile Trailers.

Contractor immunity results from proof of compliance to plans and specifications alone.  *Cormier*, 771 So.2d at 197.  If the defect arises because a contractor fails to follow the specifications or acts at his own discretion, then the contractor is not cloaked with immunity.  *Id*.  Here, FEI admits on multiple occasions that the means and methods for "jacking up" the trailers was to be determined by Fluor.

> Q.   Mr. Methot you now have read through Exhibit 7 to the prime contract, which governs installing travel trailers, is that right?
>
> A.   Yes.
>
> Q.   There is no where in there that the United States dictates to Fluor the means and methods as to how to elevate the travel trailers such that they can be put on blocks is there?
>
> A.   I saw no reference to -- to jacking up the trailer itself.

. . .

Q.    Your understanding, is that the FEMA wished Fluor to put these travel trailers on blocks, is that right?

A.    Yes.

Q.    However, FEMA did not dictate to Fluor as

A.    Not to my knowledge.

Q.    And you were in the position with regard to communicating information by the United States Government to Fluor on execution of their contract responsibilities, weren't you?

A.    Yes.

Q.    So it would have been up to the discretion of Fluor if the United States issued no direction to them on how to elevate or jack up these travel trailers, it would have been to the discretion of Fluor and there subcontractors, the way and manner in which to elevate these travel trailers, is that right?

A.    Yes, generally that's probably true.

**Exhibit A**, Deposition of David Methot, taken on Aug. 25, 2009, p. 132-34.

In addition, FEI cites the decision in *Lake D'Arbonne Properties, LLC* in support of its proposition that even if some discretion is left to the contractor, the contractor is still immune from liability. However, the holding of *Lake D'Arbonne Properties, LLC* is inapplicable as the defect did not arise out of the improper action of the contractor, but originated in the location of the trench. *Lake D'Arbonne Properties, LLC*, 949 So.2d at 596 ("Although CenterPoint was aware of the danger of digging a trench into a road shoulder, it never instructed Digco to utilize any special compacting procedures.").  As

7

noted in *Austin Homes*, *Inc.*, simply because plans have been provided does not require "applying a blanket immunity." *Austin Homes, Inc.*, 821 So.2d at 15. "Furthermore, even though a contractor must follow plans and/or specifications furnished to him, he can still be liable for damages if the destruction, deterioration, or defects were his fault and not related to the plans and/or specifications." *Id.* (citing *Cell-O-Mar, Inc. v. Gros*, 479 So.2d 386 (La. App. 1st Cir.1985).

Here, the means and methods of "jacking up" the trailers utilized by FEI installers were a major cause in increasing formaldehyde exposure to Plaintiffs.

> Fluor, the installation contractor, failed to give adequate directions to its employees of how to jack all of the corners and centers of the temporary housing unit.... It appears the units were jacked up on those corners one or two at a time and then the blocking was placed to support those areas.
>
> This caused the warping of the wall panels and the roof leak, increasing formaldehyde emissions.

**Exhibit B**, Expert Report of Alexis Mallet, Jr., Bates No. ALX-EXP-44-000098-000099.

*See also* **Exhibit F,** Deposition of Alexis Mallet, Jr., taken on July 17, 2009, p. 310-12. It is clear that FEI exercised its discretion with respect to "jacking up" Plaintiffs' trailer, and that their poor discretion resulted in damages to Plaintiffs.

B. **FEI's Failure to Failure to Exercise Ordinary Care Precludes Contractor Immunity.**

In addition to acting outside the scope of provided specifications, FEI cannot succeed under the contractor immunity statute because FEI failed to exercise due care in converting the mobile trailers to EHUs. "In construction contracts, Louisiana law implies that the contractor will construct the work in good and workmanlike manner, the work will be suitable for its intended purpose, and the work will be free of defects in

8

workmanship or materials." *Peterson Contractors, Inc. v. Herd Producing Co., Inc.*, 811 So.2d 130, 133 (La. App. 2d Cir. 2002). "Accordingly, the jurisprudence dictates that a contractor is liable for damages if it is shown that he did not possess the necessary skill, efficiency or knowledge, or did not exercise ordinary care in performing work and is liable for losses, which the owner suffered because of the contractor's non-compliance with the contract." *Austin Homes, Inc.*, 821 So.2d at 15. FEI failed to exercise ordinary care necessary to perform its duties as an installation contractor resulting in a damaged the trailer.

> The temporary housing unit was placed on blocks during its installation on the Alexander's property. The instructions found on the scissor jacks of the trailer states that the weight of the unit should not be taken off the wheels. In jacking the unit and not sufficiently supporting the frame, the installation contractor created a condition conducive to the interior panels warping in the bedroom on the front and rear walls and in the bathroom.

**Exhibit B**, ALX-EXP-44-000098-000099. *See also* **Exhibit F,** Deposition of Alexis Mallet, Jr., taken on July 17, 2009, p. 310-12. Such defects increased the level of off-gassing formaldehyde within the trailer while Plaintiffs resided within it. Furthermore, FEI admits that it had the capability to determining the proper procedure for jacking up the mobile trailers.

> Q.   And as we saw in exhibit no. 5, that Fluor had available construction managers, construction specialists, civil engineers, technical engineers construction engineers they certainly had the expertise to come up with a procedure and program to follow in jacking up the travel trailers, didn't they?
>
> A.   Yes, we certainly would have.
>
> Q.   That's something a civil engineer could have easily?

> A. I don't know what the right one is but somebody would
> have had no in the engineering department.

**Exhibit A**, p. 135.  FEI's failure to use its own resources and construct the EHUs in

manner not hazardous to its occupants constitutes a failure to exercise ordinary care.

In *Mount Mariah Baptist Church, Inc*., a similar case involving the exercise of due care,

the court held that although the owner furnished the contractor "with a set if plans that

lacked the necessary degree of specificity regarding many details," the contractor was

not immune from liability because "the record also shows that in numerous instances,

the work performed by [the contractor] was substandard and was not attributable to

deficient plans or to changes made by the church."  *Mount Mariah Baptist Church, Inc*.,

835 So.2d at 887-88.  Thus, because the warped conditions and the resulting damages

were caused by FEI and are not attributable to FEMA, FEI should not be allowed to

shield itself from liability.

### C. Because FEI's Knew of the Formaldehyde Problems, FEI Cannot Assert Contractor Immunity.

Finally, FEI is precluded from asserting contractor immunity because of its

knowledge that its actions were giving rise to formaldehyde hazards.

"The immunity afforded by LSA-R.S. 9:2771, however, is not absolute.  With respect to

tort claims brought by third parties, to avoid liability, the contractor must prove either

that the condition created was not hazardous or that it had no justifiable reason to

believe that its adherence to plans and specifications created a hazardous condition."

*Lyncker*, 988 So.2d at 815. Here, FEI knew the dangers surrounding formaldehyde and

the hazards imposed by the construction.

> Q. Don't you think that some of these construction
> managers, or engineering managers, environmental

> engineers, or other engineers knew about the existence of formaldehyde used in mobile homes prior to 2005?
>
> A.      Yes, I would say that people were aware that formaldehyde was in mobile homes before 2005.
>
> Q.      People within Fluor?
>
> A.      Yes.  I would say people within Fluor because they're part of the general community, and some of our employees live in mobile homes.

**Exhibit C**, Deposition of Charles A. Whitaker, Jr. p. 105.  Although FEMA may have had prior knowledge of the formaldehyde problems, FEI was in a better position to understand the significant problems associated with manipulating the mobile trailers. Notably, a FEI representative, when asked what FEI's reponse would be if the haul/installers were having symptoms of chemical exposure while setting up the trailer, testified:

> If people were getting sick, I would say stop. Okay? If somebody reported a sickness. Stop. Let's keep the people away from there. Anything that would harm anyone. Stop immediately. Get factual information from the first party, not second or third or fourth party, but first party information. Develop a course of action, immediately contact the senior management. The President of Fluor Federal Services.

**Exhibit D**, Deposition of Dr. Durham, p.69-79.  However, on at least one occasion, FEI was aware of formaldehyde exposure and did nothing.  Exhibit E, Event Notification on May 22 2006 given to Fluor Government Group (Randy Ingram).  FEI clearly knew of the hazards surrounding the construction of the EHUs.

Furthermore, to successfully assert contractor immunity the contractor provide "[p]roof that it had no such knowledge or belief" as such proof "is an essential element of [the contractor's] defense."  *Richard v. State Through Dep't of Transp. and Dev.*, 610

So.2d 839, 841 (La. App. 1st Cir. 1992).  "Even if a contractor proves he followed plans and specifications which were provided to him, it is inappropriate to grant summary judgment based on R.S. 9:2771 in a third-party tort situation unless there is no genuine issue of material fact that either the situation created was not hazardous or the contractor had no justifiable reason to believe a hazardous condition would be created." *Id*.  Thus, even assuming *arguendo* that FEI faithfully followed FEMA's specifications, summary judgment is improper as material questions of fact exist as to whether FEI knew of the hazardous conditions.

## CONCLUSION

While FEI seemingly believes that the issuance of plans or specifications absolves contractor liability, the contractor immunity statute is narrowly applied.  The standard for contractor immunity requires that the contractor have followed the plans or specifications and not have known of hazards arising from its construction.  For summary judgment to be proper in contractor immunity cases, there must be no factual questions with regard to any of these issues, and as noted in *Richard,* "it is extremely difficult for a contractor to prove the essential elements of an R.S. 9:2771 defense in a third-party tort situation on summary judgment; thus, summary judgment is usually inappropriate."  *Richard*, 610 So.2d at 841.  FEI cannot meet the contractor immunity standard as FEI acted outside the scope of its contract with FEMA, FEI failed to exercise ordinary care in assembling the EHUs, and FEI was aware of the formaldehyde problems surrounding the EHUsl; consequently, FEI's motion for summary judgment based on Louisiana tort immunity for contractors pursuant to LA. REV. STAT. 9:2771 should be denied.

## PRAYER

WHEREFORE, Plaintiff Alana Alexander respectfully requests that the Court deny Fluor Enterprises, Inc.'s Motion for Summary Judgment Based on Louisiana Tort Immunity for Contractors Pursuant to LA. REV. STAT. 9:2771 and for such other relief to which she is entitled.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:     s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:   504/522-2304
        Facsimile:   504/528-9973
        gmeunier@gainsben.com

        s/Justin I. Woods
        JUSTIN I. WOODS, #24713
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:   504/522-2304
        Facsimile:   504/528-9973
        jwoods@gainsben.com

        **COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
        ANTHONY BUZBEE, Texas # 24001820
        RAUL BENCOMO, #2932
        FRANK D'AMICO, #17519
        MATT MORELAND, #24567
        LINDA NELSON, #9938
        MIKAL WATTS, Texas # 20981820
        Dennis Reich, Texas #16739600

13

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing on August 24, 2009.

                         s/Gerald E. Meunier
                        GERALD E. MEUNIER, #9471