UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Charlie Age, et al v. Gulf Stream Coach* | * | |
| *Inc., et al*, Docket No. 09-2892; | * | |
| Alana Alexander, individually and on behalf of | * | |
| Christopher Cooper | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF WILLIAM DUDEK**

Plaintiff, Alana Alexander, individually and on behalf of Christopher Cooper ("Plaintiff" or "Ms. Alexander"), respectfully requests this Court exclude the testimony of William Dudek, and, in support, would show the following:

### BACKGROUND

William Dudek is a former employee of Gulf Stream Coach, Inc. ("Gulf Stream"). *See* Deposition of William Dudek, at page 9, relevant portions attached as **Exhibit A**. He held a senior management position at Gulf Stream, serving as a quality control manager. *Id.* at pp. 9-10. He worked in the plant that manufactured the subject trailer and also was involved with Gulf Stream's production of trailers for FEMA after Katrina. *Id.* at pp. 9-10.

As Mr. Dudek lives in Indiana, Plaintiff subpoenaed him to give his deposition in Indiana. The deposition was scheduled for July 17, 2009.

Mr. Dudek appeared, however, aside from giving his basic background and stating that he was involved in management discussions about formaldehyde, he refused to answer any

questions, until he could consult with an attorney. *Id.* at pp. 12, 32. Mr. Dudek provided no basis for his refusal to answer questions. *Id.* at p. 29.

During the deposition, Mr. Dudek said that people (non-attorneys) who he perceived to be affiliated with "victims" of FEMA trailers had contacted him about testifying in some forum. *Id.* at pp. 41-42. He said that these "people" did not offer money but some other form of "enumeration" which he could neither identify, nor describe. *Id.* at p. 50. However, he did not know why he perceived these "people" to be affiliated with "victims". *Id.* at p. 53. He had no records to identify who these "people" were or what their telephone numbers were. *Id.* at pp. 50-51. He specifically said that Plaintiff's counsel was not involved at all in this alleged "encouragement" for him to testify. *Id.* at pp. 51-52. He refused to answer whether he went to Gulf Stream to discuss this alleged approach or after he received his deposition subpoena. *Id.* at. pp. 30-31, 54.

## ARGUMENT AND AUTHORITIES

FED. R. EVID. 401 provides that relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. FED. R. EVID. 403 prevents the exclusion of relevant evidence if its probative value is substantial outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Mr. Dudek's "testimony" is entirely unreliable. While he clearly does have relevant information, he refused to answer questions on those relevant issues. The answers to the questions he did answer are not relevant to this dispute.

Further, his alleged claim of being approached about giving testimony is unreliable and

speculative. Any remote relevance of his testimony (and again, there is none) is overwhelmed by the extreme prejudicial value of the testimony.

It is unfortunate that, for whatever reason, Mr. Dudek refused to answer questions about relevant issues. It is also unfortunate that, while he was so willing to *try* to slander "victims" or their "representatives" (without any detail), he chose to refuse to answer questions about whether Gulf Stream or its "representatives" had talked to him about his testimony or his role in the Gulf Stream's knowledge of formaldehyde. However, the bottom line is that his entire testimony should be excluded.

## CONCLUSION AND PRAYER

Plaintiff respectfully requests that the Court grant her Motion, and exclude William Dudek's testimony at trial of this matter.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY: s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
gmeunier@gainsben.com

        s/Justin I. Woods
        JUSTIN I. WOODS, #24713
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:    504/522-2304
        Facsimile:    504/528-9973
        jwoods@gainsben.com

        **COURT-APPOINTED PLAINTIFFS'**
        **STEERING COMMITTEE**
        ANTHONY BUZBEE, Texas # 24001820
        RAUL BENCOMO, #2932
        FRANK D'AMICO, #17519
        MATT MORELAND, #24567
        LINDA NELSON, #9938
        MIKAL WATTS, Texas # 20981820
        ROBERT BECNEL
        DENNIS REICH, Texas # 16739600

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

        s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471