UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Charlie Age, et al v. Gulf Stream Coach* | * | |
| *Inc., et al*, Docket No. 09-2892; | * | |
| Alana Alexander, individually and on behalf of | * | |
| Christopher Cooper | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF
PLAINTIFF ALANA ALEXANDER'S MOTION *IN LIMINE***

Plaintiff, Alana Alexander, individually and on behalf of Christopher Cooper ("Plaintiff" or "Ms. Alexander") files this Motion *in Limine* and, in support, would show the following:

Prior to announcing ready and before proceeding before a jury, Plaintiff asks the Court for a preliminary ruling that Defendants, their employees, representatives, agents, witnesses, and attorneys, be instructed (1) not to mention in any manner or by any means during *voir dire* or after the jury has been impaneled any of the matters listed below, unless and until such matters have first been called to the Court's attention, out of the presence and/or hearing of the jury, and a favorable ruling is received by the Court, and (2) that the violation of these preliminary rulings will constitute harm to the Plaintiff's case, deprive the Plaintiff of a fair and impartial trial, and subject Defendants to possible contempt of court.

1. Evidence Not Produced in Discovery Response to a Proper Request: That no reference be made to any witnesses not previously identified or documents not previously

produced (by any party).

2. <u>Pleadings Amendments.</u>  That no reference be made that Plaintiff's pleadings were amended before trial or any additions or deletions were made to such pleadings.

3. <u>Prior Accidents or Injuries</u>.  That no reference be made to any prior or other accidents or injuries by Plaintiff (aside from those at issue in this lawsuit) as there is no evidence that such incidents are related to Plaintiff's or Christopher Cooper's claims in this lawsuit.

4. <u>Prior Misconduct or Personal Habits of Plaintiff</u>.  That no reference be made to Plaintiff's participation in misconduct of any kind, or of her personal habits before or after the incident in question, including the consumption or use of alcoholic beverages, of any kind or type, the use of drugs or narcotics, or of other personal practices generally opprobrious in nature, since there is no evidence of any kind that such habits existed, or that such habits contributed to the occurrence made the basis of this suit.

5. <u>Attorneys' Fees or Lawsuit Abuse</u>.  That no reference be made to the fee arrangement between Plaintiff and her attorneys, including but not limited to any reference to Plaintiff's attorneys as "contingency fee lawyers" or "damage-suit lawyers," "lawsuit lottery" or any arguments regarding lawsuit abuse or frivolous lawsuits. This is not meant to preclude any party from a comprehensive voir dire regarding potential jurors' attitudes regarding lawsuit abuse.

6. *<u>Voir Dire</u>*.  That no reference be made, during *voir dire*, of any evidence that will be inadmissible at trial.

7. <u>Annuity.</u>  That no reference be made to the fact that an annuity could be purchased with any amount awarded to Plaintiff by the jury or the availability and cost of annuity

contracts with respect to Plaintiff's damages.

8. <u>Tax</u>.  The non-taxability of certain investments that Plaintiffs could make with a lump sum recovery.

9. <u>Out of Court Statements</u>.  That no reference be made to any witness who is not then and there present in Court to testify and been subject to examination by Plaintiff's counsel.

10. <u>Testimony as to "credibility"</u>.  Testimony by any witness that any other witness or person or testimony by any other witness is credible or not credible. F.R.E. 608. *United States v. Wertis*, 505 F. 2d 683, 685 (5th Cir. 1974).

11. <u>Comments regarding Plaintiff's attorneys</u>.  That no reference be made to the wealth of Plaintiff's counsel, Plaintiff counsel's possessions, other cases Plaintiff's counsel has been involved in or participated in, any comments intended to imply that Plaintiff's counsel is the driving force behind this case, or that Plaintiff's counsel is responsible for bringing this case, or that Plaintiff is overly influenced by Plaintiff's counselor any other like comments directed directly at counsel for the Plaintiff.  Such comments would be untrue, are not probative or are more prejudicial than probative.

12. <u>Retention of Attorney</u>.  That no reference be made as to when, why, or how Plaintiff employed her attorneys to represent her in this matter or any other matter, which includes any alleged "town hall" or church meetings in which Plaintiff's counsel appeared or made presentations as this is not relevant.

13. <u>Witness Availability</u>.  That Plaintiffs did not call to testify any witness equally available to both parties in this cause.  Specifically, any reference to the unavailability of

any other witness.

      14.    <u>Evidence not produced in pretrial discovery</u>.  That the Defendants not attempt to offer into evidence any exhibit or other demonstrative evidence not previously produced during the course of pretrial discovery and/or any demonstrative evidence not based upon what experts previously produced.  Further, that the Defendants not attempt to call in the presence of the jury any person, expert or otherwise, not revealed by the parties in original or timely supplemented interrogatories.

      15.    <u>Vouching for witness.</u>  Any statement or attempts by defense counsel to attempt to personally vouch for any witness put on the stand, such as an expert.  For example, such statements as "I have seen him in various contexts, and I know that he is right and honest," or any similar type efforts to personally tie the jury's view and assessment of defense counsel individually to a witness or piece of evidence.

      16.    <u>Reading from journals, texts articles</u>.  Reading any excerpts from any text, journal, article, treatise, or manual in connection with the examination of any witness or to exhibit same to the jury, without first obtaining leave of court or having laid a proper evidentiary predicate.

      17.    <u>Stipulations regarding the admissibility of evidence in the presence of jury</u>. That the Defendants not request the Plaintiff's attorneys to stipulate to the admissibility of any evidence or to any facts in front of the jury, as such would only be done for the purpose of attempting to prejudice the jury, and this is a matter that would more properly be taken up outside the presence of the jury.

      18.    <u>Reference to government code or standard</u>.  The absence of any government or industry code, standard or requirements.  The fact that there may be no industry

or government code, standard or requirement does not mean the government or industry approves of the matter in question, but can mean only that the government or industry has not acted one way or the other.

19. <u>Reference to governmental fines</u>. That the absence of any citation or fine issued by a governmental entity for violations of regulations, codes, or standards as evidence that Defendants appropriately designed, manufactured, and installed the Alexander trailer. Any such reference would be misleading and not probative of the issues the jury will be asked to consider.

20. <u>Superseded pleadings</u>. The contents of any pleadings which have been superseded by the current pleadings on file in this case.

21. <u>Comments on overloaded court systems</u>. Any claim or statement that the nation's court systems are overloaded due to cases such as this or similar cases or references or statement like "there are too many lawsuits" or "too much litigation." References of this nature are irrelevant and prejudicial. These matters are generally inadmissible, irrelevant and prejudicial to Plaintiff's right to a fair and impartial trial. If relevant and/or admissible, the probative value of any such matter would be greatly outweighed by the danger of unfair prejudice, confusion of the issues, and /or misleading the jury.

22. <u>Lay witnesses.</u> Any opinion testimony from any lay witness presented by Defendants on any issue of this case if Defendants have not designated that lay witness as one who will give opinion testimony.

23. <u>Jury consultants.</u> That no one throughout the trial, including parties, attorneys or witnesses, is using a jury consultant or that there are persons advising them in any way about the venire panel or the jury actually chosen in this litigation. Similarly, that no one refer to, suggest or imply that a gallery or mock jury was appointed or present in the courtroom.

24. <u>Prior judgments.</u>  Whether or not Plaintiffs have ever had any judgment rendered against them.

25. <u>Reference to medical examinations</u>.  Any mention or reference to medical, psychological, or psychiatric examinations given to any Plaintiffs at the request of the Defendants, and as ordered by the Court, as an "independent" medical exam.  Such a description of the examinations given by the Defendants mischaracterizes the nature of the evidence and of the examination and would tend to mislead the jury.

26. <u>Previously filed petitions</u>.  Any and all mention by Defendants of any prior claims and/or causes of action asserted by Plaintiffs in this lawsuit that have been abandoned.  Previously filed petitions have been superseded and abandoned and all claims asserted in the prior petitions are no longer relevant and/or material to this matter.

27. <u>Must approach the bench regarding possible inadmissible evidence</u>.  That if a Defendant believes any area which is affected by this Motion *in Limine* or any areas which by their nature are not admissible under the Rules of Evidence or Rules of Civil Procedure such as privileged communications, collateral source, prior settlement offer, etc. or that if the Defendant believes "a door has been opened", that it must, before saying or presenting or exhibiting anything in the jury's presence regarding same,  approach the bench and make inquiry at side bar without the jury being able to hear same, in a voice designed so that the jury will not hear same.  This particular *limine* subpart is to be followed regardless of when during the trial the inadmissible evidence is presented.

28. <u>Discussion of plaintiff's experts</u>.  That Defendants be precluded from discussing in the presence of the jury any Plaintiff experts that have been withdrawn or are not expected to testify in this matter, and/or upon whom any other Plaintiff's expert does not rely.

6

29. <u>Medical "Testimony" by Attorneys</u>.  Defense not attempt to testify about medical evidence or expert opinions as they are not a witness in this case and are not doctors. While defense counsel may argue the medical evidence presented at trial, they are not permitted to "testify" as to their "medical" opinions, as this is the province of experts.

30. <u>Opinion Testimony</u>.  That Defendants not elicit any opinion testimony from any witness called by it without first approaching the Court and obtaining a ruling that the testimony is admissible as an opinion by a lay witness pursuant to F.R.E. 701.

31. <u>Motion in Limine</u>. That this Motion has been presented to the Court for ruling.  Plaintiff moves that defense counsel be instructed to not suggest to the jury, by argument or otherwise, that the Plaintiff has sought to exclude from proof any matter bearing on the issues in this case or the rights of the parties to this suit.

32. <u>Arrests</u>.  That no reference be made to any prior arrests of Plaintiff.  Any such arrests not leading to convictions are not probative, or are more prejudicial than probative.

33. <u>Prior Convictions of Plaintiff</u>.  That no reference be made to any convictions of the Plaintiff because more than ten years has passed from the date of such convictions as such convictions are not probative or are more prejudicial than probative.

34. <u>Other Lawsuits/Claims</u>.  That no reference be made to any prior or other lawsuits in which Plaintiff is and has been involved, or any reference to any prior or other claims. Such information is not probative or is more prejudicial than probative.

35. <u>Collateral Source.</u>  That no reference be made to any testimony or proof regarding any other collateral sources, including but not limited to, unemployment Benefits, Medicare Benefits, and/or Medicaid Benefits.  Such evidence is irrelevant and is prohibited by the Rules of Evidence.  Moreover, such evidence is would only serve to prejudice the jury

against Plaintiff.

      36.    <u>William Dudeck</u>.  That he be excluded as a witness (which will be the subject of a separate motion) and no reference be made to his testimony as it is not probative or is more prejudicial than probative.

      37.    <u>Documentaries and the Like</u>.  That no reference be made to any documentaries regarding "FEMA trailers" or trailer residents or this litigation, as such are not probative or are more prejudicial than probative.

      38.    <u>Marital Status</u>.  That no reference be made to the marital status of Ms. Alexander.  Said evidence is irrelevant and would only serve to prejudice the jury against the Plaintiff.

## **CONCLUSION**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that this Motion *in Limine* be granted and an Order entered as follows:

That counsel for Defendant be instructed not to mention or bring before the jury, either directly or indirectly, upon *voir dire* examination, opening statement, in interrogation of witnesses, argument, objections before the jury or by any other means, or in any manner inform the jury or bring to the jury's attention, any of the matters set forth in paragraphs 1 through 38 above, unless and until such matters have been first called to the Court's attention out of the presence and hearing of the jury and a favorable ruling received from the Court as to the admissibility and relevance of such matters; and

That counsel for Defendant be specifically instructed to inform and counsel with all their witnesses not to volunteer, interject, disclose, state, mention in the presence of the jury or in any way refer to any of the matters stated in paragraphs 1 through 38 above, unless and until

specifically questioned thereon upon prior favorable ruling by the Court; and

That counsel for Defendant be instructed that a violation of any and/or all of the Court's instructions, in connection with paragraphs 1 through 38 above, would be likely to constitute undue harm to Plaintiffs' case and deprive Plaintiffs of a fair and impartial jury trial, and that such violation and failure to abide by the Court's Order may bring about mistrial.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:    504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:    504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567

9

        LINDA NELSON, #9938
        MIKAL WATTS, Texas # 20981820
        ROBERT BECNEL
        DENNIS REICH, Texas # 16739600

## CERTIFICATE OF SERVICE

  I hereby certify that on August 26, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

        s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471