## DECLARATION UNDER PENALTY OF PERJURY

STATE OF FLORIDA  §
ORANGE COUNTY   §
               §

I, ALANA ALEXANDER, make this declaration under penalty of perjury and state the following:

1. I am over eighteen (18) years of age, am fully competent to make this declaration, I have personal knowledge of all statements contained herein, and all statements contained herein are true and correct.

2. Shortly after we moved into the Gulf Stream travel trailer, a person who I believe to be a Gulf Stream Coach employee, agent or representative came to the trailer. This person said she was "with the trailer manufacturer", who I know to be Gulf Stream Coach. This person explained how to operate the trailer and its equipment--hook up the propane tanks, how to use the stove, how to use the microwave, and the like.

3. When I had first entered the travel trailer, I noticed what I would call a "chemical smell." When I would enter the travel trailer, I would get a tingle in the back of my throat, a burning sensation in my nose, I would sneeze, and I would have itchy eyes. My son, Christopher, and daughter, Ericka, had similar experiences.

4. I asked this Gulf Stream person about a chemical smell in the trailer. This person advised that it was nothing to worry about and that it was because the trailer was new and had been closed up. She advised me to air the trailer out and this would remove the smell. By "airing out", this person explained that I should open the windows and doors and turn on the air conditioner. She advised that this would serve to remove this chemical smell.

5. At no time did this person mention what the chemical smell was, that the chemical smell was dangerous to me or my family, or that we should not go into the trailer for a particular length of time. This person never mentioned the word "formaldehyde" or any other terms like that.

6. I relied on this person's representations as to the safety of the trailer, the source of the chemical smell, the fact that the chemical smell was nothing to be concerned about and that the trailer was safe for me and my family to reside in. Had this person advised me that the chemical smell was from formaldehyde emissions or emissions of other toxic chemicals, that formaldehyde emissions were dangerous, or that the formaldehyde emissions were from products used in manufacturing the trailer (and thus would not just "go away" after a set period of time, even if the smell was no longer so bad), I would not have taken residence in the trailer and would not have allowed my children to reside in, or even go in to, the trailer at all. This person's representations induced me to take residence in the trailer with my children.

Declaration of Alana Alexander                    *AA*                    Page 1 of 2



PLAINTIFF'S EXHIBIT N

7. Also, this Gulf Stream person gave me a copy of the Gulf Stream trailer owner's manual, which I read. There is no mention in the manual of formaldehyde or other toxic chemicals in the trailer, or their health effects. There is a discussion of long term occupancy of the trailer, but this section does not talk about formaldehyde or any toxic chemical emissions. Had the owner's manual talked about formaldehyde or advised that the trailer had formaldehyde emissions inside the trailer, or that exposure to formaldehyde emissions was dangerous to occupants like me and my family, I would not have taken residence in the trailer, and would not have allowed my children to reside in, or even go in, the trailer at all.

I declare under penalty of perjury under that the foregoing is true and correct.

Executed on August 3, 2009.

_____
ALANA ALEXANDER