UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | 07-md-1873 |
| | FORMALDEHYDE | * | |
| | PRODUCTS LIABILITY | * | SECTION: N(5) |
| | LITIGATION | * | |
| | | * | JUDGE: ENGELHARDT |
| | | * | |
| | | * | MAG: CHASEZ |

This document is related to:
  *Charlie Age, et al. v. Gulf Stream Coach, Inc., et al., No. 09-2892*
  Alana Alexander, Individually and on behalf of Christopher Cooper
*************************************************************************

### REPLY TO PLAINTIFF'S RESPONSE TO FLUOR ENTERPRISES, INC.'S MOTION FOR SUMMARY JUDGMENT BASED ON PRESCRIPTION

Defendant, Fluor Enterprises, Inc. (**FEI**), replies to the Alexander plaintiffs' opposition (Rec. Doc. 2805) to FEI's motion for summary judgment based on prescription (Rec. Doc. 2728-2).

**1.   Plaintiffs' Claims Have Prescribed Based On The Undisputed Facts.**

The undisputed facts show that plaintiffs had not just constructive, but actual knowledge of their formaldehyde claims against defendants by December 4, 2007, at the latest, by their own admissions.

   **a.   Plaintiffs admit they had actual knowledge by December 2007**

Plaintiffs cannot escape their own admission that they had "sufficient information to start accural" of prescription of their formaldehyde claims by "December 2007," causing their suit filed more than one year later, on February 27, 2009, to prescribe:

1

- "Alana Alexander did not know about the cause of her son's injuries until December 2007, when she found out formaldehyde emissions in the travel trailers led to respiratory and asthma problems ... ." (plaintiffs' opposition to U.S.'s motion to dismiss, Rec. Doc. 2559, p. 4);

- "Alana Alexander clearly was not 'in possession of the critical facts' that Christopher Cooper was injured by formaldehyde [and] exposure and did not know who 'inflicted the injury' until December 2007." Id. at 5;

- "[I]t was not until December 2007 that Ms. Alexander avers that she was specifically informed about dangerous formaldehyde emissions in the trailers ... Cooper's claims against the United States did not accrue until December 2007, when Alana Alexander learned of her son's injuries". Id. at 5.

- "Alana Alexander as parent of Christopher Cooper, did not have sufficient information to start accrual until December 2007". Id. at 2.

Indeed, plaintiffs' admissions that they had actual knowledge of their formaldehyde claims by December 2007 are supported by their allegations on the face of their complaint and all of the evidence in this suit.[1]  Despite plaintiffs' repeated admissions (in their opposition to the U.S.'s motion) that December 2007 was the relevant date for plaintiff's discovery of the association of an alleged formaldehyde problem with her trailer, when confronted with this same fact in FEI's motion, plaintiffs attempt to "dance around" it, "[w]ithout conceding this but assuming it to be true ... ."[2]  Plaintiffs' statement is contradictory by its own terms *and* disingenuous.

    b.    **Plaintiffs had constructive knowledge as early as May 2006**

The undisputed facts, and this court's findings, show plaintiffs had constructive, if not actual knowledge, of their formaldehyde claims long before December 2007.  Plaintiffs moved into their trailer in May 2006.[3]  The Court concluded that the statute of limitations (against the U.S.) "began to run when Cooper first began experiencing symptoms after moving into the EHU

---

[1]  See the overwhelming and undisputed evidence cited in FEI's memorandum, p. 2-5.
[2]  Plaintiff's response, Rec. Doc. 2805, p. 6.
[3]  Court's Order, Rec. Doc. 2789, p. 1.

[, which] is strengthened by the testimony of both Alexander and Cooper stating that their physical symptoms were worse during the first two months in the EHU."[4]  "The Court concludes that this was sufficient information regarding injury and causation that would lead a reasonable person to inquire further in the facts to determine the specific cause of the injury."[5]  Thus, plaintiffs had constructive knowledge in May 2006.

### c. Plaintiffs were not prevented from timely filing suit

FEI's uncontested material fact 7 states:

> The Alexander plaintiffs knew or should have reasonably known of their formaldehyde claims by December 4, 2007.

Plaintiffs' sole basis for objecting to FEI's uncontested material fact 7 is Alexander's unsubstantiated "declaration" that she was "misled" about the danger of formaldehyde by a representative of the U.S. when she first moved into the trailer in May 2006.

Not only is plaintiff's "misled" allegation remote in time from her own admitted knowledge of formaldehyde claims by December 2007, but this Court rejected that contention when dismissing Cooper's claims against the Government:

> As for Plaintiff[s'] claims that shortly after moving into the EHU, Alexander inquired and was "assured by a representative of either the United States or one of its contractors that the 'chemical smell' was 'nothing to worry about'" (Rec. Doc. 2559, p. 3; Exhibit A to Rec. Doc. 2493), the Court has noted previously that Alexander is unsure of the identity of this individual. (See Rec. Doc. 2764).  The Court finds that while a reasonable person would have inquired to determine the specific cause of the injury or physical symptoms allegedly experienced, were that same reasonable person to rely on the answer to such inquiry, she would know, at the very least, the identity of the person answering the important inquiry, in order to discern whether that person's answer could be relied upon with any degree of confidence.[6]

---

[4] Court's Order, Rec. Doc. 2789, p. 6; see the facts set forth by the court showing that Alexander first associated symptoms to conditions in the EHU in May of 2006, shortly after they moved into the trailer. p. 5.
[5] Court's Order, Rec. Doc. 2789, p. 5.
[6] Court's Order, Rec. Doc. 2798, p. 5 n.4.

In any event, plaintiff's vague contention that an unidentified "Gulf Stream representative" misled her in May 2006,[7] is irrelevant to whether she knew or should have reasonably known of her formaldehyde claim by December 2007, which she admits in her complaint, deposition testimony, Cooper's medical records and other motions she filed in this suit.

Armed with this arsenal of knowledge of their formaldehyde claims by December 2007, at the latest, plaintiffs simply knew too much to wait to file suit. No one and nothing prevented plaintiffs from filing suit timely against defendants, including FEI. For prescription purposes, it is irrelevant when plaintiffs matched FEI to their trailer. In any event, by <u>August 15, 2006, Alexander knew of FEI's association with her trailer</u> when she signed "Fluor's" Gas Installation Report. (attached as Ex. 5). Under Louisiana law, "a party who <u>signs</u> a written instrument is presumed to know its <u>contents</u> and cannot avoid its obligations by contending that he did not read it, that he did not understand it, or that the other party failed to explain it to him." <u>Pioneer Expl. v. Reutherford</u>, 2009 U.S. App. Lexis 14176, *8 (5th Cir. 2009)(quoting <u>Aguillard v. Auction Mngt.</u>, 908 So.2d 1, 17 (La. 2005)); <u>Rosevally v. Car & Truck Rental</u>, 1998 U.S. Dist. Lexis 2114, *5 (E.D. La. 1998) ("a person who <u>signs</u> a written <u>document</u> is presumed to have <u>knowledge</u> and understanding of that which she <u>signs</u> and merely asserting a lack of understanding does not entitle a plaintiff to survive summary judgment).[8]

Certainly, plaintiffs knew or should have known that they had an actionable claim against the U.S. and Gulf Stream for formaldehyde exposure as early as May of 2006, and by December 2007 at the latest. In May 2006, Alexander knew that the trailer was provided by FEMA[9] and

---

[7] <u>See</u> plaintiff's declaration, Rec. Doc. 2493-2, art. 2.
[8] <u>See also</u> <u>Tate v. Hanover Ins. Co.</u>, 526 So.2d 1302, 1305 (La. App. 3d Cir. 1988).
[9] <u>See</u> <u>e.g.</u>, plaintiffs' Ex. A, Alexander depo, p. 149, L. 10-16; plaintiffs' opposition to U.S.'s motion (Rec. Dec. 2539) <u>passim</u>; plaintiffs' administrative claim submitted to the U.S. on 7/10/08.

4

she knew that her trailer was manufactured by Gulf Stream.[10] Any timely filed individual suit against the U.S. and/or Gulf Stream could have interrupted prescription against FEI (assuming arguendo FEI was a joint tortfeasor). And, throughout the course of this litigation, plaintiffs filed numerous suits against the Government, various trailer manufacturers and IA/TAC contractors, without matching those contractors to specific plaintiff's trailer installations. FEI's late entry into this litigation is the result of delay on the part of the PSC. FEI did nothing to conceal its involvement with the FEMA trailer project or to prevent the parties from moving forward with discovery in a timely manner. Indeed, FEI's alleged role with the FEMA trailer placements was widely reported in the press and has been long known by plaintiffs' counsel since the inception of this MDL litigation. And, Alexander knew of FEI's connection to her trailer since at least August 2006.

**2.     Plaintiffs Still Cannot Prove That Prescription Was Suspended Or Interrupted**

Plaintiffs cannot meet their burden of proving that prescription was suspended or interrupted because (1) plaintiffs were not named plaintiffs in the class action suit and/or (2) FEI was not named as a defendant in the Hilliard class action.

**a.     American Pipe tolling does not apply**

Plaintiffs solely rely on Appleton Electric Co. v. Graves Truck Line, 635 F.2d, 603 (7th Cir. 1980) for their strained application of American Pipe to plaintiffs' claim against FEI. But, Appleton is strictly limited to its context – a class action suit against a "**defendant class**," pursuant to Fed. R. Civ. p. 23. The court held that where a class action suit is instituted against "a class of unnamed defendants," pursuant to Rule 23(b)(3), the statute of limitations is tolled as

---

[10] See plaintiff's own declaration, Rec. Doc. 2493-2, art. 2

to all putative members of the defendant class.[11]  Id. at 609.  In stark contrast, the formaldehyde class action did not name a defendant class that included the contractors in the definition and, thus, American Pipe tolling does not apply to plaintiffs' claims against FEI.  In Appleton, the court recognized "Americian Pipe ... is not dispositive of this case, for the application of the tolling doctrine to a defendant class was not an issue there."  Id. at 609.

While putative class members are free to file individual lawsuits while class certification is pending, they are not free to file *untimely* individual lawsuits against defendants who were not named in the class action.  Once they miss the filing deadline, they have no right to file at the time of their choosing.  Indeed, the whole point of prescription is to negate any such right.  The Alexander plaintiffs are prime examples – although they claim that formaldehyde odors were aggravating Chris Cooper's asthma by December 4, 2007 (at the latest), they did not file their lawsuit until February 27, 2009, well beyond Louisiana's one year prescriptive period.

      b.      **Article 2324 does not interrupt prescription**

Plaintiffs attempt to mesh unrelated and disparate federal and state law legal principles to support their argument that La. Code Civ. Proc. art 2324 should be merged with American Pipe tolling.  Plaintiffs cite no support for this novel and incorrect theory.  Plaintiffs' contention that "Ms. Alexander is to be considered a 'named plaintiff'," when she was not a named plaintiff in Hilliard defies logic and is legally incorrect.  Plaintiffs' reliance on this Court's pre-trial orders issued during pendency of the class is misplaced.  Plaintiffs omit the salient language from pre-trial order 1, which states: "[t]his consolidation ... does not ... have the effect of making any entity a party to any action in which he, she or it has not been named, served or added in

---

[11] Other courts have disagreed with Appleton; see e.g. Chevalier v. Barig Savings Ass'n., 72 F.R.D. 140 (E.D. Pa. 1976) (statute of limitation not tolled against unnamed members of a defendant class unless and until they are specifically named in an amendment complaint).  Id. at 155, 94 S.Ct. at 767.

accordance with the Federal Rules of Civil procedure."[12]  Nothing in the pre-trial orders limited Alana Alexander from becoming a class member.

This is an individual tort case.  Had plaintiffs timely filed this suit against other defendants, art. 2324 would have interrupted prescription against all joint tortfeasors.  Yet, plaintiffs waited more than one year from the date their claims accrued to file suit.  While plaintiffs may benefit from American Pipe tolling against Gulf Stream and the U.S. because they *were* named defendants in the class action, American Pipe tolling does not apply to FEI – who was not named as a defendant in the original class action.  In essence, plaintiffs argue that if anyone files suit against anyone for formaldehyde exposure, prescription is suspended or interrupted against everyone.  Plaintiffs' broad argument would effectively negate liberative prescription in Louisiana.

### c.    Contra Non Valentem does not apply

Plaintiff's argument that she was somehow prevented by the U.S. from discovering that FEI was the contractor which installed her trailer is incorrect.  Plaintiffs cannot implicitly rely on the "discovery rule," which is a "very limited exception to statutes of limitation, applicable only where the nature of the injury occurred is inherently undiscoverable", i.e., "unlikely to be discovered even through due diligence."[13]  That is not the case here as this Court previously recognized.  Moreover, plaintiffs knew of FEI's connection to their trailer.

Likewise, contra non valentem does not apply.  Contra non valentem is a jurisprudential exception to prescription.  The doctrine suspends the running of prescription during the period in which the cause of action was not known by or reasonably knowable by the plaintiff.  Louisiana Plaque Corps v. Chevron, 638 So.2d 354, 356 (La. App. 4 Cir. 1994), writ denied, 644 So.2d 395

---

[12] Rec. Doc. 5 (11/06/07), art. 2.
[13] See Prieto v. John Hancock Mut. Life Ins. Co., 132 F.2d 506, 513 (N.D. Tx. Dallas Div. 2001).

(La. 1994). Louisiana jurisprudence recognizes that contra non valentem is an exceptional remedy which is in direct contradiction to the articles in the Civil Code and therefore should be strictly construed. Harsh v. Calogero, 615 So.2d 420, 422 (La. App. 4 Cir. 1993); Kling Realty v. Chevron, No. 08-30043, 2009 U.S. App. Lexis 15445, *20 (5th Cir. 2009)("Louisiana courts strictly construe contra non valentum and only extend its benefits up to 'the time that the plaintiff has actual or constructive knowledge of the tortious act'"). The doctrine applies in four types of situations: (1) when courts are legally closed; (2) when administrative or contractual restraints delay the plaintiffs' actions; (3) when the defendant prevents the plaintiff from bringing suit; and (4) when the plaintiff does not know nor reasonably should know of the cause of action. In Re Medical Review Panel Proceeding Vaidyanathan, 719 So.2d 604, 607 (La. App. 4 Cir. 1998), writ denied, 732 So.2d 1238 (La. 1998). Here, plaintiffs appear to contend that the third or fourth factor ("some condition or party or non-party") prevented plaintiff from filing suit. However, prescription runs from the time plaintiff has actual or constructive knowledge of the tortious act, which is defined as "the time at which the plaintiff has information sufficient to excite attention and prompt further inquiry." National Counsel on Compensation Ins. v. Quixx Temporary Services, 665 So.2d 120, 124 (La. App. 4 Cir. 1995); Kling, 2009 Lexis at *21. The heart of the inquiry into constructive knowledge is the reasonableness of plaintiff's inaction. Under the facts of this case, plaintiffs' inaction was not reasonable. No one prevented plaintiffs from filing suit earlier. The doctrine "does not suspend prescription when a litigant is perfectly able to bring its claim, but fails or refuses to do so." Terrebonne Parish School Bd. v. Mobile Oil Corp., 310 F.3d 870, 885 (5th Cir. 2002) (cited by plaintiffs). Thus, contra non valentem did not suspend prescription in this case.

The Alexander plaintiffs had knowledge of their claims against FEMA and Gulf Stream in May 2006, and against FEI by at least August 2006, "sufficient to excite attention and prompt further inquiry," yet did not bring their claims against FEI until too late. Moreover, they admit they had actual knowledge of their claims by December 2007.

There are no genuine issues of material fact regarding prescription of plaintiffs' claims against FEI, compelling summary judgment.

                              Respectfully submitted,

                              **MIDDLEBERG, RIDDLE & GIANNA**

                              BY:      */s/ Sarah A. Lowman.*
                                       Dominic J. Gianna, La. Bar No. 6063
                                       Sarah A. Lowman, La. Bar No. 18311
                                       201 St. Charles Avenue, Suite 3100
                                       New Orleans, Louisiana 70170
                                       Phone: (504) 525-7200, Fax: (504) 581-5983
                                            *-and-*
                                       Charles R. Penot, Jr. (La. Bar No. 1530 &
                                       Tx. Bar No. 24062455)
                                       717 North Harwood, Suite 2400
                                       Dallas, Texas 75201
                                       Phone: (214) 220-6334; Fax: (214) 220-6807
                                            *-and-*
                                     Richard A. Sherburne, Jr., La. Bar No. 2106
                                     450 Laurel Street, Suite 1101
                                     Baton Rouge, Louisiana 70801
                                     Phone: (225) 381-7700, Fax: (225) 381-7730
                                   **ATTORNEYS FOR FLUOR ENTERPRISES, INC.**

## CERTIFICATE OF SERVICE

     I hereby certify that on August 26, 2009, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sends notice of electronic filing to all counsel of record, including court-appointed liaison counsel, who are CM/ECF participants.

                                     */s/ Sarah A. Lowman.*
                                    **SARAH A. LOWMAN**

ND: 4825-6918-8100, v. 1