UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER * | | MDL NO. 1873 |
|     FORMALDEHYDE * | | |
|     PRODUCTS LIABILITY * | | |
|     LITIGATION * | | SECTION: N(5) |
| * | | |
| This Document Relates to: * | | |
| *Charlie Age, et al. v.* * | | JUDGE: ENGELHARDT |
| *Gulf Stream Coach Inc., et al*, Docket No. 09-2892 * | | |
| * | | MAG: CHASEZ |

**************************************************************************

### GULF STREAM COACH, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF WILLIAM DUDEK

**MAY IT PLEASE THE COURT:**

Gulf Stream Coach, Inc. submits this Memorandum in Opposition to Plaintiffs' Motion *in Limine* to Exclude Testimony of William Dudek:

### I. TESTIMONY OF WILLIAM DUDEK

As Plaintiffs correctly point out in their Motion *in Limine* (Doc. 2898-2), William Dudek is a former employee of Gulf Stream Coach, Inc. who was a quality control manager at the very plant (Plant 57) where the Alexander trailer at issue in this case was manufactured. Ex. "A," Depo. William Dudek, pp. 9-10, 43. Moreover, Mr. Dudek was working in this position at and around the time in which the Alexander's trailer was built. Id.

Mr. Dudek testified that he was contacted by a number of people for his testimony as a former employee of Gulf Stream Coach, Inc. Id. p. 41. Indeed, he testified as follows:

> Q. You have been contacted by a number of people since you left Gulf Stream, correct?
> A. I have.
> Q. Is it correct that some of those people have offered you money for your testimony?

      A. Yes.
      Q. Did they identify who they were representing?
      A. No.
      Q. But they were not representing Gulf Stream, correct?
      A. No.
      Q. They were clearly representing some of the victims or some of the people suing Gulf Stream?
      A. Yes.
      Q. Did you get the names of any of those people?
      A. No. I generally hung up. And, you know, to use the term money, I'm certain it might not have been money. Money might not have been approached, but it might have been compensation or something. But the exact term money I wouldn't say.
      Q. You understood they were offering you something more than a handshake for your time, correct?
      A. Yes.
      Q. They were offering you something that they felt you would want?
      A. Yes.
      Q. Some form of remuneration?
      A. Yes.
      Id. pp. 41-43.

Plaintiffs understandably are not interested in having this testimony presented to a jury.[1] Plaintiffs are similarly not interested in having the newspaper notices, that ran in local papers in the Elkhart County (Indiana) area which is suffering from record unemployment, attempting to recruit former Gulf Stream Coach, Inc. employees and/or employees of product suppliers for travel trailer manufacturers. Ex. "B," Pilot News Insert: "Attention: Former Gulf Stream Coach Employees." By their witness list (Doc. 2303), plaintiffs have identified numerous former employees of Gulf Stream Coach, Inc. that they intend to call on the first day of trial to testify to alleged health issues and working conditions at the Gulf Stream Coach, Inc. plant(s).[2] These witnesses are: Don Freiberger, Karen Freiberger, Dan Shaffer, Michael Urbanski, Allen Davis, Patrick McCreary, Frank Jacquez, Michelle Hoover, Linda Esparza, Terry Slone, and Ron

---

[1] Mr. Dudek did testify that he could not state it was plaintiffs' counsel's office or someone on it's behalf who contacted him. Id. pp. 51-52.

[2] Gulf Stream Coach, Inc. has filed a separate Motion in Limine to Exclude Certain Witness Testimony that addresses these witnesses' testimony. That Motion in Limine is pending before the Court.

Dhaeze (Doc. 2303). The plaintiffs wish to present these witnesses as disinterested, public-spirited crusaders for justice. The potential bias, motivation, and/or rationale for these witnesses to offer testimony is clearly implicated by Mr. Dudek's testimony and the attached Exhibit "B." Gulf Stream Coach, Inc. has the right to rebut these witnesses' anticipated testimony (which plaintiffs intend to use to "impeach" testimony of Gulf Stream Coach, Inc. executives regarding their lack of knowledge of any health complaints in the plant(s)) with such evidence and testimony as may lay bare their reason(s) for testifying.

It should be noted that if the Court strikes these witnesses as requested in the pending motions *in limine*, or if plaintiffs withdraw former/current employees of Gulf Stream Coach, Inc. as witnesses they intend to use at trial (whether live or by way of deposition), then Gulf Stream Coach, Inc. will likewise withdraw Mr. Dudek as a witness.

## II. PLAINTIFFS' COMPLAINTS REGARDING MR. DUDEK ARE UNFOUNDED

Plaintiffs complain that Mr. Dudek refused to answer certain questions during his deposition because he desired the opportunity to meet with/retain a lawyer and have one present at his deposition with regard to testifying about certain matters. Id. pp. 12, 32. Indeed, Mr. Dudek provided on the day of his deposition a letter to all attorneys in this matter explaining his position and, moreover, that he "would travel or do whatever is necessary" to complete his deposition once he had the opportunity to confer with a lawyer. Ex. "C," Letter (Exhibit "1" to Depo. of William Dudek). Plaintiffs further complain that the testimony given by Mr. Dudek should be stricken as "unreliable."

First, Mr. Dudek explained that he would refuse to answer certain questions as they arose at the deposition until such time as he could confer with an attorney. Ex. "A," p. 8. At no time during the deposition (which took place on July 17, 2009) did plaintiffs' counsel seek this

Court's intervention on this issue. In addition, at no time since the deposition took place has plaintiffs' counsel sought this Court's intervention. Plaintiffs' counsel similarly never took Mr. Dudek up on his offer that he would "do whatever is necessary" to assist and complete the deposition once he had conferred with an attorney. In fact, plaintiffs' counsel continued with questioning and completed the deposition of Mr. Dudek, subject to "working on an agreement" to take his deposition with a lawyer he may hire or "asking the Court to force [him] to continue with his testimony." Id. p. 54.

Second, plaintiffs complain that "the answers [Mr. Dudek] to the questions he did answer are not relevant to this dispute." Doc. 2898-2, p. 2. This makes little sense – presumably plaintiffs' counsel was asking questions relevant to the case at issue, therefore complaining that the responses to those questions are irrelevant is somewhat difficult to understand. Moreover, plaintiffs in their Motion do not set forth how, why or in what way any particular response given to a question by Mr. Dudek was not relevant to this dispute.

Third, plaintiffs complain that Mr. Dudek's responses to questions wherein he testified about being contacted to provide testimony by persons whom he believed to be associated with or working on behalf of people suing Gulf Stream were "unreliable." Doc. 2898-2, p. 2. Mr. Dudek is not identified as any kind of expert witness so arguing as to the reliability of his responses is misplaced. In addition, if plaintiffs do not feel that his responses on this topic were reliable, that is the subject of vigorous cross examination that plaintiffs had the opportunity to explore, and did explore, in Mr. Dudek's deposition. It should be noted that Mr. Dudek testified that he knew the people who contacted him for his testimony were not representing Gulf Stream

Coach, Inc. and were clearly associated with people suing Gulf Stream Coach, Inc.  Ex. "A," pp. 41-42.[3]

## II. CONCLUSION

For the reasons set forth above, Gulf Stream Coach, Inc. respectfully asks that this Court enter an Order denying Plaintiffs' Motion *in Limine* to Exclude Testimony of William Dudek.  In the event plaintiffs withdraw from their witness list former/current Gulf Stream Coach, Inc. employees who intend to offer uncorroborated testimony of health issues and working conditions, then Gulf Stream Coach, Inc. will withdraw from its witness list William Dudek.

Respectfully submitted,

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER, & WEINSTOCK**

s/Andrew D. Weinstock

**ANDREW D. WEINSTOCK #18495**
**JOSEPH G. GLASS #25397**
**KEVIN R. DERHAM #27163**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
Fax: (504) 837-3119
andreww@duplass.com
jglass@duplass.com
kderham@duplass.com

and

**SCANDURRO & LAYRISSON**
**Timothy D. Scandurro #18424**
**Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
Telephone: (504) 522-7100
tim@scanlayr.com
dewey@scanlayr.com

---

[3] Plaintiffs also complain that Mr. Dudek's testimony would be "unfairly prejudicial" but do not provide any explanation or discussion of the basis of this assertion other than blankly alleging it.

**Counsel for Defendant, Gulf Stream Coach, Inc.**

## C E R T I F I C A T E

I hereby certify that on the 27th day of August, 2009, a copy of the foregoing Gulf Stream Coach, Inc.'s Memorandum in Opposition to Plaintiffs' Motion *in Limine* to Exclude Testimony of William Dudek was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495
andreww@duplass.com