UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER  　　　　　　　　　MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION  　　　　SECTION "N-5"

　　　　　　　　　　　　　　　　　　　　JUDGE ENGELHARDT
　　　　　　　　　　　　　　　　　　　　MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Charlie Age, et al v. Gulf Stream Coach Inc., et al,*
Docket No. 09-2892

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### PLAINTIFF'S RESPONSE TO DEFENDANTS
### MOTION TO AMEND TRIAL I SCHEDULING ORDER (DOC NO. 2863)

　　Plaintiff Alana Alexander, individually and on behalf of her minor son, Christopher Cooper, responds to the defendants' Motion to Amend Trial I Scheduling Order as follows:

　　The trial in the *Alexander* matter is currently scheduled to begin on September 14, 2009. Counsel for the plaintiff have worked diligently to prepare for the trial. Most recently the defendants have filed collectively over twenty-five different dispositive motions for which counsel for plaintiffs have been under shortened deadlines to respond. The instant motion of defendants places an unnecessary burden on the plaintiff to respond because the arguments made in their motion will be more appropriately addressed after the filing of a finalized trial plan.

　　On April 8, 2009, this Court entered *Trial I Scheduling Order* which set forth the deadlines for case management. Attached to the scheduling order was the Court's standard Pre-Trial Notice for which the parties were instructed to follow and comply with when formulating the final pre trial order. The defendants complain that the pre trial order submitted by plaintiff

for their inserts contains a listing of 293 witnesses and 671 exhibits. The defendants further complain that the plaintiff has made no attempt to limit the number of witnesses and exhibits to be called or introduced at trial.

Counsel for plaintiff has attempted, on numerous occasions, to solicit the input of the defendants in the finalization of a trial plan. The trial plan will be the tool that the Court will use in conducting the trial in that it will identify each witness that will actually be called to testify in this matter. The parties held a conference with Magistrate Chasez on August 7, 2009 to discuss the trial plan. Counsel for plaintiff presented a proposed trial plan at that conference, defendants did not. Counsel for plaintiff has made another attempt to present a coherent trial plan to the Court with the defendants input. The defendants have finally agreed to participate in the finalization of the trial plan which the parties will present to the Court on Friday, August 28, 2009 for approval. Furthermore, there are pending motions to limit and/or exclude the testimony of a number of plaintiff witnesses. A "final" witness list cannot be formalized pending the Court's decision on the various motions.

Defendants further complain that plaintiff lists 671 exhibits on the list of exhibits that may be used at trial. The Court's standard pre-trial order requires the parties to meet and confer to discuss the authenticity and relevancy of each exhibit. Such a meeting has not occurred between the parties. Compliance with the Court's pre trial order must occur first in order to determine the actual identity of documents to be introduced at trial. Additionally, the plaintiff has the burden to put forth a prima facie case of evidence, therefore it is expected that the plaintiff would have the majority of exhibits to be introduced at trial. However, that is certainly not the case, the defendants have well over 1000 combined exhibits on its various exhibit lists. Such a number far exceeds the exhibits listed by the plaintiff.

The defendants also ask this Court to impose upon the plaintiff the burden of providing deposition designations by page and line number by 5:00 p.m. on Friday, August 28, 2009. This request is premature because there are outstanding motions to limit and/or exclude the testimony of several of plaintiffs' witnesses. Until the Court rules on the various motions, it is premature for the plaintiff to provide page and line deposition designations.

For the foregoing reasons, the defendants Motion to Amend Trial I Scheduling Order should be denied.

                Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
         GERALD E. MEUNIER, #9471
         **PLAINTIFFS' CO-LIAISON COUNSEL**
         Gainsburgh, Benjamin, David, Meunier &
         Warshauer, L.L.C.
         2800 Energy Centre, 1100 Poydras Street
         New Orleans, Louisiana 70163
         Telephone:   504/522-2304
         Facsimile:   504/528-9973
         gmeunier@gainsben.com

         s/Justin I. Woods
         JUSTIN I. WOODS, #24713
         **PLAINTIFFS' CO-LIAISON COUNSEL**
         Gainsburgh, Benjamin, David, Meunier &
         Warshauer, L.L.C.
         2800 Energy Centre, 1100 Poydras Street
         New Orleans, Louisiana 70163
         Telephone:   504/522-2304
         Facsimile:   504/528-9973
         jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
  ANTHONY BUZBEE, Texas # 24001820
  ROBERT M. BECNEL, #14072
  RAUL BENCOMO, #2932
  FRANK D'AMICO, JR., #17519
  MATT MORELAND, #24567
  LINDA NELSON, #9938
  DENNIS REICH, Texas #16739600
  MIKAL C. WATTS, Texas #20981820

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

          s/Justin I. Woods
          JUSTIN I. WOODS, # 24713