UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|     FORMALDEHYDE | * | |
|     PRODUCTS LIABILITY | * | |
|     LITIGATION | * | SECTION: N(5) |
| | * | |
| This Document Relates to: | * | |
| *Charlie Age, et al. v.* | * | JUDGE: ENGELHARDT |
| *Gulf Stream Coach Inc., et al*, Docket No. 09-2892 | * | |
| | * | MAG: CHASEZ |

*****************************************************************************

## OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL WITH RESPECT TO GULF STREAM COACH, INC.

**MAY IT PLEASE THE COURT:**

Defendant, Gulf Stream Coach, Inc. ("Gulf Stream"), respectfully requests that this Court deny the Plaintiff's Motion to Compel discovery and responses to the Plaintiff's Second and Third Requests for Production of Documents.

## BACKGROUND

As the Court is well aware, this matter is one of the thousands of cases filed in the Multi District Litigation regarding alleged defects in the mobile trailers provided to victims of the hurricanes of 2005. This specific case, *Age, et al. v. Gulf Stream Coach, Inc., et al.,* was filed on February 27, 2009. This matter is set for trial on September 14, 2009. On June 19, 2009, and June 30, 2009, counsel for plaintiff electronically filed Plaintiff's Second and Third Requests for Production of Documents, respectfully.

After the refusal of plaintiff counsel to grant an informal extension of time in which to respond, counsel for Gulf Stream filed a Motion for Extension of Time to Respond to Plaintiff's Second and Third Requests for Production of Documents on August 05, 2009. (Rec. Doc. 2533). On August 11, 2009, counsel for defendant provided responses to the plaintiff's Second and

Third Requests for Production (Exhibit "A," in globo Defendant's Responses to Plaintiff's Second and Third Requests for Production of Documents.) On August 18, 2009, with full knowledge of defendant's responses to the Second and Third Requests for Production and the pending Motion for Extension of Time, counsel for plaintiff filed this Motion to Compel discovery and responses to the Second and Third Requests for Production. Imbedded within this Motion to Compel is a request by plaintiff counsel for this Court to strike the objections made by the defendants on August 11, 2009.

## LAW AND ARGUMENT

### A. Plaintiff's Motion to Compel discovery is premature and redundant.

In its Memorandum in Support, Plaintiff improperly cites Federal Rule of Procedure 34(b)(2)(A). The entirety of the rule states as follows:

**(2)** *Responses and Objections.*
**(A)** *Time to Respond.* The party to whom the request is directed must respond in writing within 30 days after being served. <u>A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.</u>

Gulf Stream requested an extension of time to respond to plaintiff's Second and Third Requests for Production of Documents. Due to the plaintiff's refusal to grant it, Gulf Stream was forced to file a Motion for Extension of Time with this Court under the authority by the above-cited Rule of Procedure. As stated earlier, this Motion is still pending before the Court. Therefore, the Plaintiff's Motion to Compel is premature because the Court has yet to rule on Defendant's Motion for Extension of Time. Gulf Stream adopts herein the arguments and reasons why the extension of time was and is appropriate, as set forth in the Motion for Extension of Time, as those arguments are directly applicable to the motion to compel.

      **B.**    **Plaintiff's request for this Court to strike the objections made by defendant to the plaintiff's Second and Third Requests for Production of documents should be denied based on the "good cause" exception stated in Federal Rule of Civil Procedure Rule 34.**

In the its Memorandum in Support of its Motion to Compel, the plaintiff requests that this Court strike all of the defendant's objections asserting that it waived these objections by failing to respond timely to the Second and Third Requests for Production. As a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived. *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir. 1989). However, with respect to all types of discovery requests, good cause may be provided to justify the failure to respond timely. *See Ordoyne v. McDermott, Inc.*, 2000 WL 1154616, *1 (E.D.La. Aug. 14, 2000).

In this case, Gulf Stream asserts that there is good cause for its failure to provide timely objections to the plaintiff's requests for production. In the month of July alone, Gulf Stream Coach, Inc. was served with suit in over one hundred cases in just the Eastern District of Louisiana. Also within the month of July, the company was named in close to five hundred cases nationwide. In addition, undersigned counsel for Gulf Stream participated in forty-nine depositions regarding these matters in the month of July. The massive amount of litigation caused by these filings has resulted in an understandable delay in the ability to get responses to discovery sent to the opposing counsel. While there is very limited jurisprudence as to what constitutes "good cause" under Rule 34, and even this jurisprudence is not on point, this situation certainly qualifies as one in which Gulf Stream's delay was reasonable under the circumstances.

More importantly, as shown by Gulf Stream's responses attached as Exhibit A, practically all of the requests made were encompassed by prior requests that have already been

made, and responded to timely. The plaintiffs did make some new requests (Nos. 7, 8 and 9 in the Second Request for Production), which have now been responded to. It is difficult to conceive how a question encompassed in prior discovery can be re-packaged and then alleged to result in a waiver of PRIOR objections already on file.

It should be noted again that the defendant's attempts to obtain informal extensions from plaintiff counsel based on the above stated volume of litigation have not been granted. Based on the above, Gulf Stream requests that this Court use the discretion granted it under the Federal Rule of Civil Procedure Rule 34 and allow the defendants to assert the objections cited in its response to the Second and Third Request for Production.

Respectfully Submitted:

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK #18495
JOSEPH G. GLASS #25397**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700
(504) 837-3119 (FAX)
andreww@duplass.com
jglass@duplass.com

and

SCANDURRO & LAYRISSON
Timothy D. Scandurro #18424
Dewey M. Scandurro #23291
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
(504) 529-6199 (FAX)
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

**C E R T I F I C A T E**

I hereby certify that on the 28th day of August, 2009, a copy of the foregoing Opposition to Plaintiffs' Motion to Compel Regarding Gulf Stream Coach, Inc. was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

                        s/Andrew D. Weinstock
                        _____
                        ANDREW D. WEINSTOCK #18495
                        andreww@duplass.com