UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION:  N(5) |
| | * | |
| This Document Relates to: | * | |
| *Charlie Age, et al. v.* | * | JUDGE: ENGELHARDT |
| *Gulf Stream Coach Inc., et al*, Docket No. 09-2892 | * | |
| | * | MAG: CHASEZ |

*******************************************************************************

**GULF STREAM COACH, INC.'S MEMORANDUM IN OPPOSITION
TO PLAINTIFFS' MOTION *IN LIMINE***

**MAY IT PLEASE THE COURT:**

Gulf Stream Coach, Inc. submits this Memorandum in Opposition to Plaintiffs' Motion *in Limine* (Doc. 2900-2) wherein plaintiffs seek the exclusion of certain evidence and/or testimony from the trial of this matter.  Items to which Gulf Stream Coach, Inc. opposes are numbered and identified so as to correspond with plaintiffs' numbering and identification of same in plaintiffs' Motion *in Limine*, to wit:

**Item 3:  Prior Accidents or Injuries.**

Evidence and testimony of any prior injuries, illnesses or conditions of plaintiffs is clearly relevant to the matter at issue.  Indeed, it has been well established, and is not disputed by plaintiffs, that plaintiff Christopher Cooper had a long history of asthma and other respiratory ailments prior to occupying the trailer at issue.  These prior conditions are relevant directly to the issue of causation and/or exacerbation or aggravation of pre-existing injury.  In addition, the prior conditions may explain the conditions and illnesses alleged by plaintiffs in this case. Plaintiffs' statement that "there is no evidence that such incidents are related to Plaintiff's or

Christopher Cooper's claims in this case lawsuit" is completely unsupported and plaintiffs offer no proof in support of this blanket assertion.

Law supporting the relevance and admissibility of prior injuries and conditions is plentiful. Testimony regarding treatment and symptoms of injuries are relevant under Rules 402 and 403, as they are directly relevant to the issue in the case at hand that the earlier injuries were pre-existing conditions that were aggravated by the currently claimed injury. *Bonds v. Padlock*, 2008 WL 4889794, 3 (E.D.La., 2008). "Finally, precedent abounds for the proposition that testimony of a treating physician concerning treatment of a previous injury is relevant and non-prejudicial in the context of claims arising out of subsequent and similar injuries." *See e.g. Horridge v. Keystone Lines,* 2008 WL 4514313, *4 (S.D.Miss.2008) ("information regarding prior injuries to Plaintiffs may be relevant and admissible if related to the injuries Plaintiffs are claiming in this case."); *Keith v. United States,* 2001 WL 649768, *1 (E.D.La.2001) (noting with respect to challenges to exhibits concerning plaintiff's past injuries that "[t]he nature and extent of plaintiff's alleged injuries are of paramount importance in this action."); *Gongora v. Snay,* 626 So.2d 759, 762 (La.App. 5 Cir.1993) (holding in the context of the parallel Louisiana rules governing relevancy and prejudice that "plaintiffs had injuries to their backs and necks, as were their complaints here, caused by other accidents. This information is relevant to the issues of causation and damages.").

## 4. <u>Prior Misconduct or Personal Habits of Plaintiff</u>.

It is not clear what plaintiffs intend to mean by the use of vague phrases such as "participation in misconduct of any kind" or "personal habits before or after the incident in question" or "personal practices generally opprobious in nature." In that light, Gulf Stream Coach, Inc. asserts that it is entitled to present such evidence if relevant to any of plaintiffs'

claims and/or if appropriate for impeachment purposes.  In addition, Gulf Stream Coach, Inc.

submits that there is evidence in this case of the use by plaintiffs, particularly Alana Alexander,

of various products that may have or are known to contain formaldehyde including such items as

household cleaners, cooking materials, paints and other common items used in everyday life.

Moreover, evidence of plaintiffs' prior employment wherein such items and/or formaldehyde

may have been or are known to have been present are clearly relevant.  Plaintiffs use of and/or

exposure to such items is relevant to demonstrate other sources of formaldehyde exposure and/or

the ubiquitous nature of formaldehyde in today's world.  Indeed, it is hallmark of determining

the admissibility of expert testimony and/or medical testimony on the causation of illness as to

whether alternative sources of injury were considered.  *See e.g. In re Paoli R.R. Yard PCB Litig*.,

33 F.3d 717, 757-759 (3rd Cir. 1994); *National Bank of Commerce v. Associated Milk Producers,*

*Inc*., 22 F.Supp.2d 942, 963-967 (E.D. Ark. 1998).

    **5.**  **Attorneys' Fees of Lawsuit Abuse.**

    Gulf Stream Coach, Inc. does not intend to refer to plaintiffs' counsel as identified in this

section to plaintiffs' Motion *in Limine*.  The characterization by a party of another's lawsuit is

not grounds for a ruling on admissibility.  If Gulf Stream Coach, Inc. were to refer to plaintiffs'

suit in a way that is not in accord with plaintiffs' view of her suit, plaintiff has the opportunity

throughout all phases of trial to prove that Gulf Stream Coach, Inc.'s characterization of

plaintiffs' suit is not correct.  This holds particularly true in the context of opening statements

and/or closing argument.  In addition, Gulf Stream Coach, Inc. should be entitled to discuss with

the witnesses (fact and expert), as well as with the use of exhibits, the nature and climate of

litigation in this area spawned by Hurricane Katrina (and others) in the context of examining

plaintiffs' credibility and/or motives for filing suit as well as the credibility and/or motives of witnesses that may be called to support plaintiffs' allegations.

### 9.  Out of Court Statements.

Plaintiffs ask that "no reference be made to any witness who is not then and there present in Court to testify and been subject to examination by Plaintiffs' counsel."  This position has no support – there is no predicate for this request and no requirement that for a witness to be referred to, that witness must be "then and there present in court."   Gulf Stream Coach, Inc. of course recognizes typical hearsay rules will always apply; however, there is no basis for the restriction that plaintiffs seek in this regard.  Imposing such a requirement would create an undue time, resource and expense burden (on both the parties and the witnesses) as every witness would have to be in court for the full two weeks of this trial.

### 11, 12.  Comments regarding Plaintffs' Attorneys and/ or Retention of Attorney.

The when, why and how this suit was brought and/or regarding plaintiffs' retention of counsel is clearly relevant and important for the jury to understand.  Plaintiffs in this retained counsel and filed suit because they were recruited to do so.  Ms. Alexander discussed at length the various meetings at churches and elsewhere that plaintiffs' counsel would appear at and give presentations regarding Hurricane Katrina damage lawsuits such as the MRGO cases and/or formaldehyde claims.  *See* Ex. "A," Depo. Alana Alexander, pp. 266-271, 328, 352.  Indeed, in plaintiffs' Federal Tort Claims Act action against the U.S. Army Corps of Engineers (wherein plaintiffs assert much the same damages and injuries as they do in this case), plaintiff admitted

that plaintiffs' counsel (and not plaintiff) signed the claim forms for her (without recalling whether plaintiffs' counsel  was ever authorized to do so).  Id. pp. 323-325.

Evidence of how, when and why a party came to retain his/her counsel is admissible.  *See e.g. In re Data Access Systems Securities Litigation*, 103 F.R.D. 130, 141 (D.C.N.J.,1984); *Endo v. Albertine*, 147 F.R.D. 164, 170 -171 (N.D.Ill.,1993.  In addition, the formation of the attorney-client relationship is relevant when it goes to the credibility of the party and the party's claims, witnesses and/or defenses.  See *U.S. v. Earle*, 375 F.3d 1159, 1162-1163 (D.D.C. 2004).  In Earle, the court specifically found that such evidence was relevant under Rule 401 and was not unfairly prejudicial when applied to the issue of credibility under Rule 403.  *Id.*[1]

### 14.  **Evidence not produced in pretrial discovery.**

The relief sought by plaintiffs in this regard is over-reaching.  Gulf Stream Coach, Inc. does not intend to introduce any evidence not produced or identified in pretrial discovery.  This notwithstanding, the right to do so exists in the event of it being required for impeachment.  In addition, plaintiffs request that demonstrative evidence not be allowed if it is "not based upon what *experts* previously produced."  This is believed to be a typographical error in plaintiffs' Motion as there is no requirement that demonstratives be based solely upon what experts have produced in a case.  Likely, plaintiffs intended to state that demonstratives not be allowed if they are "not based upon *evidence* previously produced."  In that case, Gulf Stream Coach, Inc. agrees and intends to only present demonstrative exhibits that are based upon *evidence* produced.

---

[1]      *Montejo v. State of Louisiana*, 129 S.Ct. 2079 (2009) found such evidence inadmissible; however, the issue that matter was the distinction in a criminal case under the Sixth Amendment between "appointed" and "retained" counsel.  The issue of credibility and the relevance of this evidence was not before the Court.

**18.   Reference to government code or standard.**

Plaintiffs seek the exclusion of evidence as to the absence of any government or industry

code or standard.  This request is clearly inappropriate in this matter.  The presence and/or lack

of government or industry standards is at the central core of this case.  Plaintiffs make ample

reference by way of their experts (with whom the Court is now most likely very familiar with) as

to various formaldehyde exposure levels by such groups as OSHA, NIOSH, ATSDR, EPA and

others.  Moreover, many of plaintiffs' experts offer opinions as to the trailer's compliance with

various design or construction standards, including HUD, ANSI, NFPA, ASHRAE, SMACNA

and others.  It is a fundamental tenet to Gulf Stream Coach, Inc.'s defenses in this case that many

and/or all of these standards are not applicable to the facts of this case.  Many of these references

are in fact discussed in detail in Gulf Stream Coach, Inc.'s Motion *in Limine* to Exclude

Evidence of Ambient Air Standards pending before the Court.

If plaintiffs intend to and/or do offer any evidence of compliance or non-compliance with

any particular standard or code, it is well within the realm of reason that defendants have the

opportunity to present evidence and testimony as to the existence and/or applicability of such

standard or code.

**22, 30.   Lay Witnesses, Opinion Testimony.**

Lay witnesses are permitted to offer opinion testimony.  Federal Rule of Evidence

701 states that opinions of lay witnesses are:

> "limited by those opinions or inferences which are
> (a) rationally based on the perception of the witness,
> (b) helpful to a clear understanding of the witnesses testimony or
> the determination of a fact in issue,

(c) not based on scientific, technical or other specialized knowledge within the scope of Federal Rules of Evidence Article 702."

"A lay witness may form and offer opinion testimony in Court. Lay opinion offered must: 1) not require specialized knowledge, 2) be based upon witness' own perception and knowledge of the facts, 3) aid the jury in understanding the witness' testimony, and 4) could be reached by an ordinary person. *Brady v. Chemical Const. Corp.,* 740 F.2d 195, 201 (2d Cir. 1984) and Fed. Rule of Evid. 701**.** The fact that a lay opinion relates to an "ultimate fact" does not preclude its introduction, but the lay witness must satisfy the criteria that he has personal knowledge of the facts from which he derived an opinion, a rational connection must exist between the opinion expressed and the facts upon which it is based, and the opinion must be helpful in understanding the testimony or in determining a fact in issue. *Soden v. Freightliner Corp.,* 714 F.2d 498, 511 (5th Cir. 1983). *Mid City Bowling Lanes & Sports Palace, Inc. v. Don Carter's All Star Lanes-Sunrise Ltd.* 1998 WL 118103, 1 (E.D. La. 1998).

## 25. <u>Reference to medical examinations.</u>

Plaintiffs ask that the court exclude the use of the word "independent" in referencing any medical examination of the plaintiffs taken at the request of the defendants because, plaintiffs argue, the use of such phraseology is "misleading."   A Westlaw search of the phrase "independent medical examination" or "independent medical evaluation" along with "misleading" appearing together (in the same sentence or paragraph) resulted in "0 Documents" when run in a search of all Louisiana federal and state cases.  Ex. "B," Westlaw Search Results. Indeed, one reported decision that actually addresses the issue "summarily rejects" the assertion that use of the word "independent" in reference to a defense-requested medical examination is

misleading.   *See McGee v. State Farm Mut. Auto. Ins. Co.,* 2009 WL 2132439, *2 (fn. 3) (E.D.N.Y. 6/10/09) (citing how common usage of the phrase has become).

Plaintiffs have adequate protections in this regard.   Plaintiffs are entitled to fully explore the nature of any "independent medical examination" by way of vigorous cross examination.   In addition, plaintiffs may request a jury instruction as to treating physicians versus independent medical physicians.

### 26.   <u>Previously filed petitions</u>.

Plaintiffs' request in this regard is not quite clear.   In any event, Gulf Stream Coach, Inc.

certainly entitled to present evidence in this case of plaintiffs' claims against FEMA.   These claims were not dismissed on the merits but, rather, on timeliness grounds.   Moreover, plaintiffs sought the same relief against FEMA that they seek against Gulf Stream Coach, Inc. in this matter.   This evidence is clearly relevant in the context of apportionment of fault under Louisiana Civil Code articles 2323 and 2324.

### 28.   <u>Discussion of plaintiffs' experts</u>.

Plaintiffs' request in this regard has no legal support.   Plaintiffs simply don't want

experts commenting on other experts.   This position is untenable.   Many experts, including plaintiffs' own experts, discuss at length the work and/or testimony of other experts as either bases for their opinions, evidence of other factors that may have been (or not) considered, work done by other experts and the like.   For example, many of plaintiffs' experts rely upon and discuss at length the work, opinions and/or testimony of plaintiffs' medical expert, Karin

Pacheco – who physically examined Christopher Cooper herself.  Her work, opinions and/or testimony provide the foundation for many of plaintiffs' other experts' opinions.  It is crucial to the effective examination and cross-examination of the numerous highly technical experts in this case that experts and/or other witnesses be permitted to discuss the work and/or opinions or testimony of other experts to the extent such is required to support and/or otherwise is relevant to their opinions.

**34.  Other Lawsuits/Claims**.

This evidence is demonstrably relevant.  Plaintiff has filed numerous lawsuits alleging same damages that have been alleged in this lawsuit.  For example, plaintiff has filed suits against her the Orleans Parish School Board seeking similar damages for herself as she does in this case (particularly mental anguish).  Ex. "A," Depo. Alana Alexander, pp. 261-264.  Plaintiff has also filed suit as a plaintiff in the Federal Tort Claims Act action against the U.S. Army Corps of Engineers (for herself and for Christopher Cooper) seeking hundreds of thousands of dollars for personal injury, which she described includes the formaldehyde injuries alleged in this case.  Id. pp.  265-266, 324-328.  See also Ex. "C," Claim Forms of Plaintiffs.

Prior lawsuits are admissible at trial. *See e.g. United States v. Chisum,* 502 F.3d 1237, 1241-1242 (10th Cir.2007), *cert. denied,* --- U.S. ----, 128 S.Ct. 1290 (2008); *Worsham v. A.H. Robins Co.,* 734 F.2d 676, 688-89 (11th Cir.1984).

Showing plaintiff's plan, scheme or modus operandi through admission of prior lawsuits is  undoubtedly a proper purpose under Rule 404(b). *See e.g, Batiste-Davis v. Lincare, Inc.,* 526 F.3d 377 (8th Cir.2008); *Mathis v. Phillips Chevrolet, Inc.,* 269 F.3d 771, 776 (7th Cir.2001); *Gastineau v. Fleet Mortgage Corp .,* 137 F.3d 490 (7th Cir.1998); *Byrne v. Gainey*

*Transp. Services, Inc.,* 2005 WL 1799213, 2 (D.Kan.2005). Impeachment is also included among the other proper purposes for the admission of prior act evidence. *Cerno,* 529 F.3d at 936; *See United States v. Olivo,* 69 F.3d 1057, 1065 (10th Cir.1995).

Because Plaintiffs' prior and other civil pleadings are similar enough to the present case in their allegations, claims and/or substance, they could in fact reveal that plaintiff had a motive, plan or scheme to bring similar kinds of claims, plaintiff's prior civil lawsuits show more than a generic pattern of litigiousness meant to show bad character and are therefore admissible as evidence. *Van Deelen v. Johnson*, 2008 WL 4683022, 2 -3, (D.Kan., 2008). When prior lawsuits are similar in legal claims made, then they are sufficiently similar in kind to the present suit to be facially relevant for the limited purposes discussed above. Id.

36. **William Dudek**.

Plaintiffs have objected to Mr. Dudek by way of separate Motion in Limine. Gulf Stream Coach, Inc. has filed an Opposition to that Motion and the position and argument set forth in that Opposition are incorporated herein.

WHEREFORE, Gulf Stream Coach, Inc. respectfully asks that Plaintiffs' Motion *in Limine* be denied as to the items set forth above.

Respectfully submitted,

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER, & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK #18495
JOSEPH G. GLASS #25397
KEVIN R. DERHAM #27163**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
Fax: (504) 837-3119

andreww@duplass.com
jglass@duplass.com
kderham@duplass.com

and

**SCANDURRO & LAYRISSON**
**Timothy D. Scandurro #18424**
**Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
Telephone: (504) 522-7100
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

## C E R T I F I C A T E

I hereby certify that on the 28th day of August, 2009, a copy of the foregoing Gulf Stream

Coach, Inc.'s Memorandum in Opposition to Plaintiffs' Motion *in Limine* was filed

electronically with the Clerk of Court using the CM/ECF system.  Notice of this file will be sent

to all known counsel of record by operation of the court's electronic filing system.


s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495
andreww@duplass.com