UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Charlie Age, et al v. Gulf Stream Coach* | * | |
| *Inc., et al*, Docket No. 09-2892; | * | |
| Alana Alexander, individually and on behalf of | * | |
| Christopher Cooper | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S OPPOSITION TO GULF STREAM COACH, INC.'S MOTION IN LIMINE TO EXCLUDE ANY TESTIMONY OR EVIDENCE RELATING TO <u>ANY NON-PARTY WITNESS MEDICAL ISSUES</u>**

**MAY IT PLEASE THE COURT:**

Plaintiff, Alana Alexander, individually and on behalf of Christopher Cooper, files this opposition to Defendant Gulf Stream Coach, Inc.'s Motion in Limine to Exclude Any Testimony or Evidence Relating to Any Non-Party Witness Medical Issues (Doc. 2801). Evidence of non-party witnesses' medical issues is indeed relevant to both Gulf Stream's notice of the unreasonably dangerous condition of its product and as to the existence of the defective condition of the Emergency Housing Unit ("EHU").

First, evidence of non-party witnesses' medical issues is relevant to the issue of Gulf Stream's notice of the unreasonable dangers present in the EHU. The Louisiana Products Liability Act ("LPLA") provides the plaintiff with a cause of action against Gulf Stream as a manufacturer for damages arising from a defect that is unreasonably dangerous because of an inadequate warning. Specifically, the LPLA provides that:

> A product is unreasonably dangerous because an adequate warning about the product has not been provided if, at the time the product left its manufacturer's control, the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product.

*See id*. at § 9:2900.57(A).  The LPLA defines an adequate warning as:

> a warning or instruction that would lead an ordinary reasonable user or handler of a product to contemplate the danger in using or handling the product and either to decline to use or handle the product or, if possible, to use or handle the product in such a manner as to avoid the damage for which the claim is made.

*See id*. at § 9:2900.53(9).

Additionally, even after a product has left the control of the manufacturer, there is a duty to warn owners and operators of any dangers of which the manufacturer subsequently learns.  La. R.S. 9:2800.57(C).  A manufacturer of a product who, after the product has left its control, acquires knowledge of a characteristic of the product that may cause damage must act reasonably to provide an adequate warning of such characteristic and its danger to users.  La. R.S. 9:2800.57(C); *Our Lady of the Lake Hosp., Inc. v. Carboline Co.*, 632 So.2d 339, 343 (La. App. 1 Cir. 1993), *writ denied*, 635 So.2d 228 (La. 1994), *writ denied*, 637 So.2d 1052 (La. 1994).

Under the LPLA Gulf Stream's knowledge of the presence of formaldehyde, the defective characteristic, is an essential element of plaintiff's claim for damages arising from the inadequate warning as to that characteristic. Gulf Stream's knowledge is also a key point as to its continuing duty to warn the plaintiff of any danger that it learns of subsequent to the product leaving its control. In the case at bar, evidence and testimony of non-party witnesses as to their medical issues as a result of being exposed to formaldehyde is relevant to whether Gulf Stream knew of these medical issues and thereby had notice of the issue of formaldehyde, the defective characteristic, which rendered the product unreasonably dangerous. Evidence of other witness' medical issues as a result of exposure to formaldehyde is relevant, indeed crucial, to plaintiff's

claims that Gulf Stream provided an inadequate warning prior to the trailer leaving Gulf Stream's control and that Gulf Stream failed to warn of the dangers of formaldehyde once they became aware of the issue. Gulf Stream, after having become aware of the medical issues of other people, including nonparty witnesses, had notice of the issue of formaldehyde and failed to warn of that danger.

Second, evidence of non-party witnesses' medical issues is also relevant to plaintiff's allegations as to the defective condition of the plaintiff's EHU in particular. Under her LPLA claims, the plaintiff must show that the EHU in which she and her son resided was indeed defective. Testimony and evidence by other witnesses as to the presence of formaldehyde and the medical issues which they encountered as a result of their own exposure to the plaintiff's EHU is relevant to whether the defective condition existed.

Gulf Stream's argument that such evidence is irrelevant is without merit. Gulf Stream's notice of the formaldehyde issue, provided through evidence of the medical issues of non-party witnesses, is an element of plaintiff's claims and evidence thereof would clearly make those issues of consequence more or less probable. In addition, testimony of other non-party witnesses as to the defective condition of the plaintiff's EHU as they experienced it and their subsequent medical issues is also relevant to plaintiff's claims. Further, such evidence is significantly probative as to those claims and clearly outweighs any slight prejudice that it may present. Accordingly, Gulf Stream's Motion to Exclude must be denied.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY: <u>s/Gerald E. Meunier</u>

GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:	504/522-2304
Facsimile:	504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:	504/522-2304
Facsimile:	504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
ROBERT BECNEL
DENNIS REICH, Texas # 16739600

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

<u>s/Gerald E. Meunier</u>
GERALD E. MEUNIER, #9471