UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N" (5)<br><br>JUDGE ENGELHARDT<br>MAGISTRATE CHASEZ |
| THIS DOCUMENT IS RELATED TO | |
| *Charlie Age, et al v. Gulf Stream Coach Inc., et al*, Docket No. 09-2892;<br>Alana Alexander, individually and on behalf of Christopher Cooper | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S RESPONSE TO DEFENDANT GULF STREAM'S MOTION *IN LIMINE*
REGARDING VARIOUS TOPICS**

Plaintiff Alana Alexander, individually and on behalf of her son, Christopher Cooper ("Ms. Alexander" or "Plaintiff"), responds to Defendant Gulf Stream Coach, Inc.'s ("Gulf Stream") Motion *in Limine* regarding various topics (Docket Entry No. 2883) and, in support, would show:

Gulf Stream's motion is a little alarmist and by and large full of false suppositions. In any event, Plaintiff responds as follows:

1. **Request to Exclude:** "Any commentary of counsel, testimony, or evidence referring to the trailers as being of "Chinese quality" or of "Chinese grade" or reference to the trailers as "toxic boxes", "toxic tin cans", "toxic trailers" or any similar type of commentary.

   **Response:** Plaintiff's counsel has no intention to argue that the trailer is of "Chinese quality" or "Chinese grade" and is not quite sure why Gulf Stream has this concern.

   Plaintiff's counsel may tell the jury that we believe that the evidence will show (and, in summation, has shown) that the trailer is toxic. That is what this case is about. There is no basis to prevent Plaintiff's counsel from making such comments.

2. **Request to Exclude:**  Any inflammatory or ethnic driven testimony or commentary of counsel.

   **Response**:  Agreed, provided that this applies equally to all defense counsel.

3. **Request to Exclude:**  Any references to counsel for the defendants as "Formaldehyde Counsel, Inc."

   **Response**:  Plaintiff is not sure where this is coming from, but agrees to not refer to Defense counsel as "Formaldehyde Counsel, Inc."

4. **Request to Exclude:**  Any reference, testimony or evidence related to plaintiff's Hurricane Katrina evacuation experience.

   **Response:**  This is overbroad.  There is no way to discuss this case without discussing the fact that, prior to Katrina, Plaintiff and her family lived in a home in New Orleans; that the house was flooded and ultimately had to be torn down; that as a result of Katrina, Plaintiff and her family had to evacuate out of New Orleans, ultimately re-locating to Jacksonville, Florida; that they stayed in Jacksonville until May 2006, so that the children could finish out the school year; and, that they then returned to New Orleans in May 2006 and took residence in the trailer.

   This case did not happen in a vacuum. The jury needs to know the circumstances surrounding how Plaintiff and her family ended up in the trailer.  Plaintiff has no intent to devote more than a very brief part of her testimony to this basic background.  Plaintiff does not intend to discuss what the hurricane was like, staying in the Convention Center, sleeping on a bridge, etc. But, it is important to give the jury a basic background.

   Plaintiff asks that all parties be limited to discussing general background of the circumstances which led Plaintiff to a residence in the trailer.  It would not be fair to limit Plaintiff, but not so limit Defendants.

2

5.      **Request to Exclude:**  Any reference to Gulf Stream Coach, Inc.'s income related to its production of EHU's (i.e., trailers).

**RESPONSE:**  Plaintiff opposes this because this information goes to Gulf Stream's duty to warn, along with Gulf Stream's asserted government contractor and sophisticate use defenses. The evidence has established that: 1) Gulf Stream knew about formaldehyde since the 1980's (Docket Entry No. 2892, at pp. 4-5, and Exhibits A, B, and C)(Docket Entry No. 2901, at pp. 2-3, and Exhibits A, B, C, D, and E); 2) Gulf Stream received 30-40 resident complaints about air quality in trailers between March and May 2006 (Docket Entry No. 2901, at p. 5, and Exhibit B); 3) that Gulf Stream tested trailers and wood products in March/April 2006 (Docket Entry No. 2901, at pp. 5-6, and Exhibits A, B, and Q); 4) a Gulf Stream employee experienced burning eyes while changing out wood materials in a trailer in Louisiana while testing was taking place. *See* Deposition of Burl Keel, at pp. 15-17, relevant portions attached as **Exhibit A**; and, 5) Gulf Stream anticipated litigation as early as March 12, 2006 (Docket Entry No. 2901, at p. 6, and Exhibit A).   It has not been disputed that Gulf Stream did not warn residents and did not advise the government of the formaldehyde risks.

One of the obvious reasons for this failure to warn and failure to inform the government—because Gulf Stream had not been paid the final installment on their 2005-06 $521 million government contracts for 50,000 trailers.    Between March 12, 2006 (when Gulf Stream anticipated litigation) and March 22, 2006, there was a series of frantic emails between Gulf Stream and the government about the status of Gulf Stream's final payment under these contracts.  *See* Deposition of Daniel Shea, at pp. 145-47, and Exhibits 9, 10 to that deposition, relevant portions attached as **Exhibit B**.   Gulf Stream's corporate representative testified that

3

payment on these contracts was, at that time, an urgent matter. *See* Deposition of Philip Savari, at pp. 36-41, and Exhibit 6 to that deposition, relevant portions attached as **Exhibit C**.

Plaintiff will argue that Gulf Stream withheld information from the government to ensure there was no hold up to Gulf Stream's receipt of the final payment. Plaintiff will further argue that Gulf Stream delayed providing information to both residents and FEMA because it was making sure it received its final contract payment, sometime in mid-April 2006. Gulf Stream, on the other hand, intends to argue that it never had a problem with formaldehyde, so it had no reason to warn. The evidence of the contract, and its amount and significance to Gulf Stream is absolutely relevant to its failure to warn in this case.

There is nothing prejudicial about this information or anything that would mislead a jury. Like most facts, this information can be argued in Gulf Stream's favor, as a juror may conclude that Gulf Stream being chosen by the government shows some type of seal of approval. Certainly, any "prejudice" does not outweigh the probative value.

## PRAYER

WHEREFORE, Plaintiff Alana Alexander respectfully requests that the Court deny Gulf Stream's Motion, except for those portions to which she does not oppose.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY: s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:     504/522-2304
Facsimile:     504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:     504/522-2304
Facsimile:     504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
ROBERT BECNEL
DENNIS REICH, Texas # 16739600

**CERTIFICATE OF SERVICE**

     I hereby certify that on August 28, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                                                     s/Gerald E. Meunier
                                                                     GERALD E. MEUNIER, #9471