# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA
# NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE PRODUCTS | * | |
| | LIABILITY LITIGATION | * | SECTION "N" (5) |
| | | * | |
| | | * | JUDGE ENGELHARDT |
| | | * | MAGISTRATE CHASEZ |
| | | * | |
| **THIS DOCUMENT IS RELATED TO** | | * | |
| | | * | |
| *Charlie Age, et al v. Gulf Stream Coach* | | * | |
| *Inc., et al*, Docket No. 09-2892; | | * | |
| Alana Alexander, individually and on behalf | | * | |
| of Christopher Cooper | | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S RESPONSE TO DEFENDANT GULF STREAM COACH, INC.'S MOTION *IN LIMINE* TO LIMIT THE TESTIMONY OF TRAVIS ALLEN, HEATH ALLEN AND GERALD PAUL BLANCHARD

Plaintiff Alana Alexander ("Ms. Alexander" or "Plaintiff") responds to Defendant Gulf Stream Coach, Inc.'s ("GSC") Motion in Limine to Limit the Testimony of Travis Allen, Heath Allen and Gerald Paul Blanchard (Docket Entry No. 2819) and in support, would show:

## GENERAL BACKGROUND

Travis Allen and Heath Allen are brothers, and Gerald Paul Blanchard is a longtime friend of theirs. The three of them worked together as a sub-contractors for Fluor Enterprises, Inc.

("FEI") hauling and installing travel trailers for hurricane Katrina victims in the New Orleans area. **Exhibit A**, Deposition of Travis Allen p. 13-17. The three men did not install Plaintiffs' trailer, but did work as sub-contractors for MLU, the same sub-contractor that was responsible for hauling and installing Plaintiffs' trailer. *See* **Exhibit C,** Deposition of Gerald Paul Blanchard pp. 42-43, 97; *see also* **Exhibit D**, Unit Installation Work Order for Alana Alexander's Unit. The Allen brothers and Mr. Blanchard all testified that there was a chemical-like smell in the travel trailers they set up, and that they would have to air out the trailers before they would go inside of them to complete installation inside, and that the smell caused physical symptoms. *See* **Exhibit A**, Deposition of Travis Allen at 42-45; *see also* **Exhibit B**, Deposition of Heath Allen at 38-40; *see also* **Exhibit C**, Deposition of Gerald Paul Blanchard at 81-82, 141-43. These smells and symptoms existed prior to the installation of the Plaintiffs' trailer. *See* **Exhibit A**, Deposition of Travis Allen at 46; *see also* **Exhibit B**, Deposition of Heath Allen at 84; *see also* **Exhibit C**, Deposition of Gerald Paul Blanchard at 82, 96-97.

None of the men received formal training classes or written procedures or diagrams on how to properly install a trailer from FEI. *See* **Exhibit A**, Deposition of Travis Allen at 50, 122, 127-28, 133-34, 149; *see also* **Exhibit B**, Deposition of Heath Allen at 22-23, 117-18, 126, 130; *see also* **Exhibit C**, Deposition of Gerald Paul Blanchard at 201, 205-06, 219-20. This lack of training and procedures includes methods and means for "jacking up" the trailers, and that the trailers were sometimes "jacked up" on one long side of the trailer first, and then the other side after. **Exhibit A**, Deposition of Travis Allen at 51, 63, *see also* **Exhibit B**, Deposition of Heath Allen at 134-37; *see also* **Exhibit C**, Deposition of Gerald Paul Blanchard at 208-11.

## ARGUMENT AND AUTHORITIES

I.   **THE TESTIMONY OF TRAVIS AND HEATH ALLEN, AS WELL AS GERALD PAUL BLANCHARD, REGARDING MEDICAL ISSUES IS RELEVANT, AND NOT UNFAIRLY PREJUDICIAL**

Federal Rule of Evidence 401 provides that relevant evidence is "evidence, having any tendency to make the existence of any fact that is of consequence the determination of the action more probable or less probable than it would be without the evidence."   Federal Rule of Evidence 402 provides that all relevant evidence is admissible except as provided by law. Federal Rule of Evidence 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence."

GSC's only cited authority throughout its Motion in Limine to Limit the Testimony of Travis Allen, Heath Allen and Gerald Paul Blanchard is Federal Rule of Evidence 403 because "any conceivable relevancy is far outweighed by the danger of unfair prejudice."  (Rec. Doc. 2819-2 at p. 2).   Unfair prejudice means "an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one."  *Ballou v. Henri Studios, Inc.*, 656 F.2d 1147, 1155 (5th Cir. 1981).   "Because Rule 403 allows for the exclusion of relevant evidence, its application 'must be cautious and sparing.'"  *Henson v. Odyssea Vessels, Inc.*, 2008 U.S. Dist. LEXIS 12026, 16 (E.D. La., February 15, 2008), *citing to Brady v. Fort Bend County*, 145 F.3d 691, 715 (5th Cir. 1998).

GSC contends that all testimony regarding Travis Allen, Heath Allen, and Gerald Paul Blanchard's medical issues should not be admitted because that testimony would be unfairly prejudicial.  First, GSC argues that none of these witnesses attribute their medical conditions to

formaldehyde.  While none of the three specifically use the word formaldehyde when describing their symptoms, all describe a chemical-like smell that caused symptoms including, but not limited to, burning eyes, hard to breathe, a burn in the nose, and nose-bleeds.  *See* **Exhibit A**, Deposition of Travis Allen at 42, 45, 72-73, 101-03; *see also* **Exhibit B**, Deposition of Heath Allen at 38-41, 45-46; *see also* **Exhibit C**, Deposition of Gerald Paul Blanchard at 30-31, 143.

Both Plaintiffs suffered the same or similar symptoms as the result of the chemical smell throughout their trailer.  *See* **Exhibit E**, Deposition of Alana Alexander at 59-63, 167, 388, 392; *see also* **Exhibit F**, Deposition of Christopher Cooper at 32, 60-61.  The fact that the Plaintiffs and the three installers the subject of this motion experienced the same or similar symptoms from the smell inside the trailer makes the installers' testimony highly relevant to show that whatever chemical was present in FEMA trailers, including the Plaintiffs', caused the symptoms – especially in light of the fact that all this happened around the same period of time. The installers, much like the Plaintiffs, knew there was a chemical of some kind physically affecting them, but did not know it was formaldehyde until long after their initial exposure.  FEMA trailers were identified as Gulf Stream Cavaliers, the same model the Plaintiffs resided in, and formaldehyde was found to be present in such high amounts in the Plaintiffs' trailer that it caused physical harm to the Plaintiffs, as is corroborated by the testimony of the installers.  *See* **Exhibit C**, Deposition of Gerald Paul Blanchard at 52-53, 138; *see also* **Exhibit G**, Expert Report of Marco Kaltofen at p. 9-11; *see also* **Exhibit H**, Expert Report of Patricia Williams at 14-20. While the installers' testimony may be totally adverse to the Defendants' case, the testimony is not unfairly prejudicial.  *See Henson*, 2008 LEXIS 12026 at 15, *citing to Harris v. Kubota Tractor Corp.*, No. 04-2490, 2006 U.S. Dist. LEXIS 73510 (W.D. La. Sept. 22, 2006).  This testimony will not affect the jury in a way that will unduly suggest a decision on an improper

4

basis.  Surely the jury will not award Plaintiffs' an award for damages based on what the installers experienced, and there is no dispute that the installers that are the subject of this motion did not install Plaintiffs' trailer.  Thus, all medical and symptom testimony from the Allen brothers and Mr. Blanchard should be deemed admissible and relevant.

## II. THE TESTIMONY OF TRAVIS AND HEATH ALLEN, AS WELL AS GERALD PAUL BLANCHARD, IS RELEVANT FOR SEVERAL OTHER REASONS.

FEI takes the position that they are immune from liability based on the fact that they installed the trailer in accordance with contractual specifications.  (*See* Rec. Docs. 2729 and 2802).  The testimony of the installers that are the subject of this motion is highly relevant to show that FEI used discretion in its means and methods for "jacking up" trailers, thereby nullifying any immunity from liability based on contract compliance.  *See* **Exhibit A**, Deposition of Travis Allen at 50, 63, 122, *see also* **Exhibit B**, Deposition of Heath Allen at 130, 134-35, *see also* **Exhibit C**, Deposition of Gerald Paul Blanchard at 207-08.   FEI has put contractor defenses at issue, not Plaintiffs, and there is nothing unfairly prejudicial about introducing testimony that refutes a defense a defendant asserts.

The installers' testimony also shows that FEI, and possibly GSC, knew or should have known that there was formaldehyde inside the trailers they were installing.  Even if the installers never reported their experiences to management, which may or not be the case, FEI still has imputed knowledge due to the fact that their workers knew there was a problem.  *See, e.g., Cangiana v. Scottsdale Ins. Co.*, 772 So.2d 879 (La. App. 5 Cir. 2000).  FEI's knowledge that there was a formaldehyde problem within the trailers is certainly relevant to liability and damages in this case, and there is nothing about proving knowledge that is unfairly prejudicial.

The method and means of "jacking up" trailers is also highly relevant in this case in determining whether FEI did anything during installation that may have damaged the trailer thereby speeding up the off-gassing of the formaldehyde within the Plaintiffs' trailer.  This evidence is highly relevant to show liability, and is in no way unfairly prejudicial.

It must be noted that there is little to no explanation or analysis in GSC's Motion in Limine to Limit the Testimony of Travis Allen, Heath Allen and Gerald Paul Blanchard as to why the testimony they seek to limit is not relevant, or why it is unfairly prejudicial.  The motion is no more than a brief, inadequate recitation of some of the installers' testimony with conclusory assertions that the testimony is unfairly prejudicial.  Keeping in mind that the exclusion of relevant evidence must be done cautiously and sparingly, and keeping in mind that there is little to no legal analysis in GSC's motion as to why the testimony is unfairly prejudicial, justice requires that the testimony of the installers that are the subject of this motion be deemed admissible.

## PRAYER

WHEREFORE, Plaintiffs respectfully requests that the Court deny GSC's Motion in Limine to Limit the Testimony of Travis Allen, Heath Allen and Gerald Paul Blanchard, and for such other relief to which they are entitled.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:     s/Gerald E. Meunier
          GERALD E. MEUNIER, #9471
          **PLAINTIFFS' CO-LIAISON COUNSEL**
          Gainsburgh, Benjamin, David, Meunier &
          Warshauer, L.L.C.
          2800 Energy Centre, 1100 Poydras Street
          New Orleans, Louisiana 70163

Telephone:      504/522-2304
Facsimile:      504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:      504/522-2304
Facsimile:      504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
Dennis Reich, Texas #16739600

## CERTIFICATE OF SERVICE

   I hereby certify that I have served a copy of the above and foregoing with the Clerk of the
Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of
record who are CM/ECF participants.  I further certify that I mailed the foregoing document and
the notice of electronic filing on August 28, 2009.

                            s/Gerald E. Meunier
                            GERALD E. MEUNIER, #9471