UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 2:07-MD-1873 |
| | SECTION "N" (5) |
| THIS DOCUMENT RELATES TO ALL CASES. | JUDGE ENGELHARDT |
| | MAGISTRATE JUDGE CHASEZ |

## MASTER PRESERVATION OF DEFENSES ON BEHALF OF INDIANA BUILDING SYSTEMS, LLC (D/B/A HOLLY PARK HOMES)

NOW INTO COURT, through undersigned counsel, comes Defendant, Indiana Building Systems (d/b/a Holly Park Homes) (hereinafter "Defendant"), which, pursuant to Pretrial Orders Nos. 4 and 40 and in accordance with the Federal Rules of Civil Procedure, respectfully submits the following list of defenses to be preserved in all underlying actions currently pending in the Multi District Litigation (07-1873) currently pending before this Court, which list supplements and amends all previous Preservations of Defenses filed by this Defendant in the MDL and all underlying actions.

Defendant submits the following defenses that are anticipated to be raised should the underlying matters proceed forward against this Defendant.

1. Article III Standing. Plaintiffs have failed to satisfy their burden of establishing Article III standing against the Defendant, and thus, this Court does not have subject matter jurisdiction over Plaintiffs' claims against the Defendant.

2. Improper Joinder. Plaintiffs have improperly joined whatever individual claim each may theoretically have against Defendant with claims that other Plaintiffs may or may not have against other defendants and have failed to demonstrate any common evidentiary link between either Plaintiffs' claims or the defendants. Accordingly, the claims levied against the Defendant solely as a member of the "industry" should be dismissed.

3. Rule 12(b)(3). Improper venue as to the Plaintiffs who reside outside the district where their Complaint was filed.

Page 1 of 5

876923.1

4.  Rule 12(b)(6). Failure to state a claim upon which relief can be granted because the claims alleged are barred by federal preemption pursuant to 42 U.S.C. § 3280, et seq., and 24 C.F.R. § 3282, et seq.

5.  Rule 12(b)(6). Failure to state a claim upon which relief can be granted inasmuch as Plaintiffs' negligence, negligence *per se*, gross negligence, recklessness, failure to inspect, breach of implied warranty and "failure to act in a prudent manner" claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

6.  Rule 12(b)(6). Failure to state a claim for breach of implied and express warranty because implied warranty claims are not available to Plaintiffs under the Louisiana Products Liability Act. Express warranty claims are available under the Louisiana Products Liability Act only if the express warranty has induced the claimant or other person or entity to use the product and the claimant's damage was proximately caused because the express warranty was untrue.

7.  Rule 12(b)(6). Failure to state a claim upon which relief can be granted as Plaintiffs' claims are prescribed under Louisiana's one year prescriptive period.

8.  Rule 12(b)(6). Failure to state a claim upon which relief can be granted as Plaintiffs have not alleged a specific or present manifest injury or disease resulting from the alleged exposure, nor are Plaintiffs entitled to medical monitoring damages to the extent Plaintiffs seek same.

9.  Rule 12(b)(6). Failure to state a claim because Plaintiffs failed to make any particularized allegations regarding their injuries and damages.

10. Rule 12(b)(6). Failure to state a claim upon which relief can be granted to the extent that Plaintiffs allege strict liability, as there is no basis under Louisiana law for same.

11. Rule 12(b)(6). Failure to state a claim upon which relief can be granted to the extent Plaintiffs seek to impose joint and several, solidary liability, and/or market share liability upon the manufacturing defendants, as such claims are precluded by applicable law.

12. Rule 12(b)(6). Failure to state a claim upon which relief can be granted for attorney's fees as there is no basis under Louisiana or Federal law and/or any other applicable law for the awarding of attorney's fees based upon the facts alleged in the complaint.

13. Rule 12(b)(6). Failure to state a claim upon which relief can be granted to the extent that Plaintiffs seek property damages, as Plaintiffs are not entitled to recover same.

876923.1

14. Rule 12(b)(6). Failure to state a claim upon which relief can be granted to the extent that Plaintiffs seek punitive damages as there is no basis for awarding punitive damages under the facts alleged in the *Complaint* and applicable law.

15. Rule 12(b)(6). Failure to state a claim upon which relief can be granted to the extent that Plaintiffs seek compensatory damages as there is no basis for awarding same under the facts alleged in the *Complaint* and applicable law.

16. Rule 12(b)(6). Failure to state a claim upon which relief can be granted to the extent that Plaintiffs seek damages pursuant to La. C.C. arts. 2524, 1994, 1995, and 1997, as there is no basis for awarding same under the facts alleged in the *Complaint* and applicable law.

17. Plaintiffs lack standing as they are not the purchasers or buyers of the units at issue.

18. Rule 12(3). Motion for more definite statement of the *Complaint* based on Plaintiffs' failure to make particularized allegations about their injuries and damages and failure to make any particularized allegation about any particular defendant's alleged conduct.

19. Rule 9(b). Concealment, conspiracy, misrepresentation, and fraud claims should be dismissed for failure to plead such claims with the requisite particularity.

20. Rule 12(b)(1). Plaintiffs have failed to establish that the Court has subject matter jurisdiction over their claims.

21. Rule 12(b)(5). Plaintiffs have failed to sufficiently serve process upon this Defendant.

22. Rule 12(b)(2). Plaintiffs have failed to establish that the Court has personal jurisdiction over this Defendant.

23. Rule 12(b)(6). Plaintiffs have failed to state a claim upon which relief can be granted under the products liability laws of Louisiana.

24. Rule 12(b)(6). Plaintiffs' claims against this Defendant are barred by the applicable statutes of limitation, prescriptive and preemptive periods, and or laches.

25. Rule 12(b)(6). Plaintiffs' claims are barred by the doctrines of waiver, ratification, unclean hands, and/or estoppel.

26. Rule 12(b)(6). Plaintiffs' claims are barred by the principles of res judicata and/or collateral estoppel.

27. Plaintiffs' claims should be dismissed, or alternatively, their damages (the existence of which is denied) should be reduced due to each Plaintiff's own

876923.1

negligent conduct, lack of care, comparative fault, breaches of contract, fraud, or legal fault.

28. Plaintiffs have not sustained any damages proximately caused by this Defendant.

29. The damages allegedly sustained by Plaintiffs (the existence of which damages is denied) were the result of acts or omissions of parties other than this Defendant for whom this Defendant is not legally responsible.

30. Some or all of Plaintiffs' claims may be subject to binding arbitration.

31. Rule 12(b)(6). Plaintiffs fail to state a "failure to warn" claim because they are charged with the knowledge of the federally mandated warnings regarding formaldehyde set forth in C.F.R. § 3280, et seq.

32. Plaintiffs were properly warned of the risks of formaldehyde alleged to exist in this Defendant's product and the symptoms and/or injuries that could occur by occupying this Defendant's products, which are the very type and nature of symptoms and injuries they allege they have suffered.

This Defendant hereby preserves, adopts, and incorporates all defenses and motions to dismiss raised and briefed in the *Manufacturing Defendants' Supplemental Memorandum in Support* of their *Joint Rule 12(b)(6) Motion to Dismiss* (Doc. 922) and Orders or Judgments issued by the Court, including but not limited to doc. no. 1629. This Defendant hereby also preserves, adopts, and incorporates all defenses and motions to dismiss or other applicable items listed on the preservation lists of similarly situated co-defendants in MDL 07-1873 and in all underlying cases that have been transferred into MDL 07-1873, and all applicable Rule 12 and Rule 9 motions filed by similarly situated co-defendants in the MDL, as if copied herein *in extenso*. This Defendant reserves the right to amend or supplement these defenses and motions to dismiss and to file any other appropriate preliminary pleadings, dispositive motions, or affirmative defenses in this case and in any other cases in which it has been or may be named as a party.

RESPECTFULLY SUBMITTED,

BREAZEALE, SACHSE & WILSON, L.L.P.
One American Place, 23rd Floor
Post Office Box 3197
Baton Rouge, Louisiana 70821-3197
Telephone: 225-387-4000
Fax: 225-381-8029

/s/ David R. Kelly
David R. Kelly, T.A. (#1457)
Jennifer Dyess Sims (#31144)

Counsel for Indiana Building Systems, L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing *Preservation of Defenses on Behalf of Indiana Building System, LLC (d/b/a Holly Park Homes)* has this date been electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

Baton Rouge, Louisiana, this 31 day of August, 2009.

/s/ David R. Kelly
David R. Kelly

876923.1