UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | 07-md-1873 |
| | FORMALDEHYDE | * | |
| | PRODUCTS LIABILITY | * | |
| | LITIGATION | * | SECTION: N(5) |
| | | * | |
| | | * | JUDGE: ENGELHARDT |
| | | * | |
| | | * | MAG: CHASEZ |

This document is related to:
  *Charlie Age, et al. v. Gulf Stream Coach, Inc., et al.*, No. 09-2892
  Alana Alexander, Individually and on behalf of Christopher Cooper

**********************************************************************

**MEMORANDUM IN RESPONSE
TO PLAINTIFFS' MOTIONS *IN LIMINE***

    Fluor Enterprises, Inc. (FEI), files this Response to Plaintiff Alana Alexander's Motion *In Limine* (R. Doc. No. 2900):

1. **Evidence Not Produced in Discovery Response to a Proper Request**. That no reference be made to any witnesses not previously identified or documents not previously produced (by any party).

**Response:**  FEI agrees to this Motion *In Limine* on the condition that documents revealed in deposition be deemed "previously produced," and on the condition that Plaintiffs agree to and/or are prohibited from same, except that with respect to documents that meet the terms of the Court's standard pre-trial notice concerning impeachment evidence may be used as such.

2. **Pleadings Amendments.** That no reference be made that Plaintiffs' pleadings were amended before trial or any additions or deletions were made to such pleadings.

**Response:**  FEI objects to this Motion *In Limine* because whether superseded or not, pleadings represent an admission by a party opponent and are admissible as such if relevant. If the pleadings have been superseded, Plaintiffs' counsel can point that out to the jury. Also, FEI can and should be able to

make reference to the first date Plaintiffs filed suit against FEI, and FEI shall not be precluded from telling the jury the date of the first time FEI was named in Plaintiffs' lawsuit, including the fact that suits have been pending since 2006-2007, but that Plaintiffs did not name FEI until January of 2009.

3. **Prior Accidents or Injuries.**  That no reference be made to any prior or other accidents or injuries by Plaintiffs (aside from those at issue in this lawsuit) as there is no evidence that such incidents are related to Plaintiffs' or Christopher Cooper's claims in this lawsuit.

**Response:**   FEI objects to this Motion *In Limine* as overly broad.  Plaintiffs have alleged physical injury in this case and FEI should be entitled to explore, present evidence, and reference any other possible source or contributing factor to Alana Alexander's or Christopher Cooper's alleged injuries, which may have been caused in whole or in part by a prior other injury or accident.  Further, in opposition to this Motion *In Limine* FEI adopts and joins in the arguments and support set forth in *Gulf Stream Coach, Inc.'s Memorandum in Opposition to Plaintiffs' Motion In Limine,* Rec. Doc. 2939.

4. **Prior Misconduct or Personal Habits of Plaintiff**. That no reference be made to Plaintiffs' participation in misconduct of any kind, or of her personal habits before or after the incident in question, including the consumption or use of alcoholic beverages, of any kind or type, the use of drugs or narcotics, or of other personal practices generally opprobrious in nature, since there is no evidence of any kind that such habits existed, or that such habits contributed to the occurrence made the basis of this suit.

**Response:**   FEI objects to this Motion *In Limine* pursuant to Federal Rule of Evidence 608, which allows specific instances of the conduct of a witness to be admissible , "…if probative of truthfulness or untruthfulness, be inquiring into on cross examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or 2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross examine had testified." Fed. R. Evid. 608 (b).  Also, pursuant to Federal Rule of Evidence 609 certain specific acts, if leading to conviction of certain types may be admissible.  Further, in opposition to this *Motion In Limine* FEI adopts and joins in the arguments and support set forth in *Gulf Stream Coach, Inc.'s Memorandum in Opposition to Plaintiffs' Motion In Limine,* Rec. Doc. 2939.

5. **Attorneys' Fees or Lawsuit Abuse.**  That no reference be made to the fee arrangement between Plaintiffs and their attorneys, including but not limited to any reference to Plaintiffs' attorneys as "contingency fee lawyers" or "damage-suit lawyers," "lawsuit lottery" or any arguments regarding lawsuit abuse or frivolous lawsuits. This is not meant to preclude any party from a comprehensive *voir dire* regarding potential jurors' attitudes regarding lawsuit abuse.

**Response:**   FEI objects to this Motion *In Limine* and adopts and joins in the arguments and support set forth in *Gulf Stream Coach, Inc.'s Memorandum in Opposition to Plaintiffs' Motion In Limine,* Rec. Doc. 2939.

6. *Voir Dire.*   That no reference be made, during *voir dire*, of any evidence that will be inadmissible at trial.

**Response:**   FEI agrees to this Motion *In Limine* on the condition that Plaintiffs agree to and/or are prohibited from same.

7**. Annuity**. That no reference be made to the fact that an annuity could be purchased with any amount awarded to Plaintiffs by the jury or the availability and cost of annuity contracts with respect to Plaintiffs' damages.

**Response:**   FEI agrees to this Motion *In Limine*.

8.  **Tax**. The non-taxability of certain investments that Plaintiffs could make with a lump sum recovery.

**Response:**   FEI agrees to this Motion *In Limine*.

9.  **Out of Court Statements**. That no reference be made to any witness who is not then and there present in Court to testify and been subject to examination by Plaintiffs' counsel.

**Response:**   FEI objects to this Motion *In Limine*, because there is no authority whatever to support this proposition. Per the current trial schedule, several witnesses will be called by video deposition only and will not be "then and there present" in the Court. Further, as currently worded this request would prohibit any witness from being questioned regarding the prior deposition testimony of any other witness, including experts regarding other experts' opinions and testimony. As written, this Motion *In Limine* would require every possible witness and party to be present throughout the entire trial.

FEI also objects to this Motion *In Limine* because as written it does not appear to address hearsay and even prohibits the mentioning of another witness's name. Even if this Motion *In Limine* is attempting to address hearsay issues, it in no way makes an allowance for the hearsay exceptions allowable under the Federal Rules of Evidence. The issue of hearsay is thoroughly addressed in the Federal Rules of Evidence and is not properly the subject of a Motion *In Limine*. Further, in opposition to this *Motion In Limine* FEI adopts and joins in the arguments and support set forth in *Gulf Stream Coach, Inc.'s Memorandum in Opposition to Plaintiffs' Motion In Limine,* Rec. Doc. 2939.

10. **Testimony as to "Credibility".** Testimony by any witness that any other witness or person or testimony by any other witness is credible or not credible. F.R.E. 608. *United States v. Wertis*, 505 F. 2d 683, 685 (5th Cir. 1974).

Response:    FEI objects to this Motion *In Limine* because Federal Rule of Evidence 608 allows for testimony opinion and reputation evidence on character to attack the credibility of a witness regarding truthfulness or untruthfulness.

11**. Comments Regarding Plaintiffs' Attorneys.**  That no reference be made to the wealth of Plaintiffs' counsel, Plaintiff counsel's possessions, other cases Plaintiffs' counsel has been involved in or participated in, any comments intended to imply that Plaintiffs' counsel is the driving force behind this case, or that Plaintiffs' counsel is responsible for bringing this case, or that Plaintiff is overly influenced by Plaintiffs' counselor any other like comments directed directly at counsel for the Plaintiffs. Such comments would be untrue, are not probative or are more prejudicial than probative.

**Response:** FEI objects to this Motion *In Limine* because this information is clearly relevant in light of the fact that Plaintiffs retained an attorney, who is a driving force behind this litigation, after attending a church meeting where Plaintiffs' attorney spoke in an attempt to solicit clients for this litigation. Further, FEI opposes this Motion *In Limine* and adopts and joins in the arguments and support set forth in *Gulf Stream Coach, Inc.'s Memorandum in Opposition to Plaintiffs' Motion In Limine,* Rec. Doc. 2939.

12. **Retention of Attorney.** That no reference be made as to when, why, or how Plaintiffs employed their attorneys to represent them in this matter or any other matter, which includes any alleged "town hall" or church meetings in which Plaintiffs' counsel appeared or made presentations as this is not relevant.

**Response:** FEI objects to this Motion *In Limine* because the "when, why and how" of Plaintiffs retaining their attorney directly reflects upon the time and amount of their knowledge regarding formaldehyde and directly affect several of FEI's defenses, including prescription. FEI should be allowed to fully explore "when, why and how" Plaintiffs employed their attorney whether or not those include "town hall" or church meetings, which they did in this case. Further, FEI opposes this Motion *In Limine* and adopts and joins in the arguments and support set forth in *Gulf Stream Coach, Inc.'s Memorandum in Opposition to Plaintiffs' Motion In Limine,* Rec. Doc. 2939.

13. **Witness Availability.** That Plaintiffs did not call to testify any witness equally available to both parties in this cause. Specifically, any reference to the unavailability of any other witness.

**Response:** FEI agrees to this Motion *In Limine* on the condition that Plaintiffs agree to and/or are prohibited from same.

14. **Evidence Not Produced in Pretrial Discovery.** That the Defendants not attempt to offer into evidence any exhibit or other demonstrative evidence not previously produced during the course of pretrial discovery and/or any demonstrative evidence not based upon what experts previously produced. Further, that the Defendants not attempt to call in the presence of the jury any person, expert or otherwise, not revealed by the parties in original or timely supplemented interrogatories.

**Response:** FEI objects to this Motion *In Limine* and reserves the right to call any witness properly designated and/or disclosed in this case, including but not limited to any witness that have been previous deposed in this case. Interrogatory answers are *not* the only way witnesses are properly disclosed in this or any other litigation. Further, FEI opposes this Motion *In Limine* and adopts and joins in the arguments and support set forth in *Gulf Stream Coach, Inc.'s Memorandum in Opposition to Plaintiffs' Motion In Limine,* Rec. Doc. 2939.

15. **Vouching for Witness**. Any statement or attempts by defense counsel to attempt to personally vouch for any witness put on the stand, such as an expert. For example, such statements as "I have seen him in various contexts, and I know that he is right and honest," or any similar type efforts to personally tie the jury's view and assessment of defense counsel individually to a witness or piece of evidence.

**Response:**   FEI agrees to this Motion *In Limine* on the condition that Plaintiffs agree to or is prohibited from same.

16.   **Reading from Journals, Texts Articles.**   Reading any excerpts from any text, journal, article, treatise, or manual in connection with the examination of any witness or to exhibit same to the jury, without first obtaining leave of court or having laid a proper evidentiary predicate.

**Response**:   FEI agrees to this Motion *In Limine* on the condition that Plaintiffs agrees to and/or are prohibited from same.

17.   **Stipulations Regarding the Admissibility of Evidence in the Presence of Jury**. That the Defendants not request the Plaintiffs' attorneys to stipulate to the admissibility of any evidence or to any facts in front of the jury, as such would only be done for the purpose of attempting to prejudice the jury, and this is a matter that would more properly be taken up outside the presence of the jury.

**Response:**   FEI agrees to this Motion *In Limine* on the condition that Plaintiffs agree to and/or are prohibited from same.

18.   **Reference to Government Code or Standard.**   The absence of any government or industry code, standard or requirements. The fact that there may be no industry or government code, standard or requirement does not mean the government or industry approves of the matter in question, but can mean only that the government or industry has not acted one way or the other.

**Response:**   FEI objects to this Motion *In Limine* because this evidence is plainly relevant to at least two important issues in the case.  First, Plaintiffs' experts make numerous reference to various formaldehyde exposure levels by groups such as OSHA, NIOSH, ATSDR, and EPA, although none of these standards is relevant to the Alexander's travel trailer.  Second, Plaintiffs' experts have cited to various construction standards by groups such as HUD, ANSI, NFPA, ASHRAE and SMACNA. Again, none of these standards apply to the Alexander travel trailer.  Plaintiffs cannot expect to be able to offer expert testimony that criticize FEI's conduct based, at some level, on lack of compliance with such standards, while precluding FEI from arguing the standards have no actual or logical relationship with FEI's conduct, the Alexander travel trailer or installation of the Alexander travel trailer.

19.   **Reference to Governmental Fines.**   That the absence of any citation or fine issued by a governmental entity for violations of regulations, codes, or standards as evidence that Defendants appropriately designed, manufactured, and installed the Alexander trailer. Any such reference would be misleading and not probative of the issues the jury will be asked to consider.

**Response:**   FEI opposes this Motion *In Limine* because evidence that FEI did not receive any notices of violations of regulations, codes, or standards, and in fact received an acceptance of its work by the government is a critical element of the second prong of FEI's government contractor defense.

20.   **Superseded Pleadings.**   The contents of any pleadings which have been superseded by the current pleadings on file in this case.

5

**Response:** FEI objects to this Motion *In Limine* because whether superseded or not, pleadings represent an admission by a party opponent and are admissible as such if relevant. If the pleadings have been superseded, Plaintiffs' counsel can point that out to the jury.

21. **Comments on Overloaded Court Systems**  Any claim or statement that the nation's court systems are overloaded due to cases such as this or similar cases or references or statement like "there are too many lawsuits" or "too much litigation." References of this nature are irrelevant and prejudicial. These matters are generally inadmissible, irrelevant and prejudicial to Plaintiffs' right to a fair and impartial trial. If relevant and/or admissible, the probative value of any such matter would be greatly outweighed by the danger of unfair prejudice, confusion of the issues, and/or misleading the jury.

**Response:** FEI agrees to this Motion *In Limine* on the condition that Plaintiffs are prohibited from making any reference to the other pending formaldehyde/trailer lawsuits, this Federal MDL, that this is a bellwether case, any other references that imply that this bellwether case has significance beyond this particular case. Further, the issue of lawsuit abuse is a proper subject for voir dire.

22. **Lay Witnesses.**  Any opinion testimony from any lay witness presented by Defendants on any issue of this case if Defendants have not designated that lay witness as one who will give opinion testimony.

**Response:** FEI objects to this Motion *In Limine* to the extent that Plaintiffs make any reference whatsoever to FEI's engineering and technical expertise an issue relating to knowledge of formaldehyde in wood products or travel trailers; the levels of an exposure to formaldehyde in the travel trailers installed or tested by FEI; or the structural integrity of the travel trailers installed by FEI and the impact of jacking techniques open the structural integrity of the travel trailers at issue. Plaintiffs' case against FEI (at least on the negligence count) revolves directly around what FEI knew, could have known, should have known, and how FEI acted on information it had or which had been revealed to it. FEI's witnesses, many or most of whom are either licensed engineers, or degreed, certified or experienced professional specialists, have to be able to explain and describe their actions to the jury on these issues. On many or most of these issues, the line between fact or opinion testimony is likely to be indistinguishable.

23. **Jury Consultants.**  That no one throughout the trial, including parties, attorneys or witnesses, is using a jury consultant or that there are persons advising them in any way about the venire panel or the jury actually chosen in this litigation. Similarly, that no one refer to, suggest or imply that a gallery or mock jury was appointed or present in the courtroom.

**Response:** If Plaintiffs mean that no one make reference to such facts, FEI agrees to this Motion *In Limine* on the condition that Plaintiffs agree to and/or are prohibited from same. Otherwise, if the first sentence of this Motion *In Limine* purports to preclude any party from engaging such professionals or services, FEI objects to this Motion *In Limine* on the grounds that there is no authority for such a prohibition.

24. **Prior Judgments.**  Whether or not Plaintiffs have ever had any judgment rendered against them.

**Response:** FEI agrees to this Motion *In Limine* on the condition that Plaintiffs agree to and/or are prohibited from reference to any Judgment rendered against FEI.

25. **Reference to Medical Examinations.**  Any mention or reference to medical, psychological, or psychiatric examinations given to any Plaintiffs at the request of the Defendants, and as ordered by the Court, as an "independent" medical exam. Such a description of the examinations given by the Defendants mischaracterizes the nature of the evidence and of the examination and would tend to mislead the jury.

**Response:**   FEI opposes this Motion *In Limine* and adopts and joins in the arguments and support set forth in *Gulf Stream Coach, Inc.'s Memorandum in Opposition to Plaintiffs' Motion In Limine,* Rec. Doc. 2939.

26. **Previously Filed Petitions.**  Any and all mention by Defendants of any prior claims and/or causes of action asserted by Plaintiffs in this lawsuit that have been abandoned. Previously filed petitions have been superseded and abandoned and all claims asserted in the prior petitions are no longer relevant and/or material to this matter.

**Response:**   FEI objects to this Motion *In Limine* to the extent that any such information may affect FEI's defense of prescription. To that extent such information, testimony, and references are both relevant and probative.  Also, FEI opposes this Motion *In Limine* and adopts and joins in the arguments and support set forth in *Gulf Stream Coach, Inc.'s Memorandum in Opposition to Plaintiffs' Motion In Limine,* Rec. Doc. 2939 and Nos. 2 and 20 herein.

27. **Must Approach the Bench Regarding Possible Inadmissible Evidence.**  That if a Defendant believes any area which is affected by this Motion *In Limine* or any areas which by their nature are not admissible under the Rules of Evidence or Rules of Civil Procedure such as privileged communications, collateral source, prior settlement offer, etc. or that if the Defendant believes "a door has been opened", that it must, before saying or presenting or exhibiting anything in the jury's presence regarding same, approach the bench and make inquiry at side bar without the jury being able to hear same, in a voice designed so that the jury will not hear same. This particular *limine* subpart is to be followed regardless of when during the trial the inadmissible evidence is presented.

**Response:**   FEI agrees to this Motion *In Limine* on the condition that Plaintiffs agree to and/or are prohibited from same.

28. **Discussion of Plaintiffs' Experts.**  That Defendants be precluded from discussing in the presence of the jury any Plaintiff experts that have been withdrawn or are not expected to testify in this matter, and/or upon whom any other Plaintiffs' expert does not rely.

**Response:**   FEI opposes this Motion *In Limine* and adopts and joins in the arguments and support set forth in *Gulf Stream Coach, Inc.'s Memorandum in Opposition to Plaintiffs' Motion In Limine,* Rec. Doc. 2939.

29. **Medical "Testimony" by Attorneys.**  Defense not attempt to testify about medical evidence or expert opinions as they are not a witness in this case and are not doctors. While defense counsel may argue the medical evidence presented at trial, they are not permitted to "testify" as to their "medical" opinions, as this is the province of experts.

**Response:** FEI agrees to this Motion *In Limine* on the condition that Plaintiffs agree to and/or are prohibited from same.

30. **Opinion Testimony.** That Defendants not elicit any opinion testimony from any witness called by it without first approaching the Court and obtaining a ruling that the testimony is admissible as an opinion by a lay witness pursuant to F.R.E. 701.

**Response:** FEI objects to this Motion *In Limine* as overbroad and onerous. All witnesses have been deposed in this case and Plaintiff provided with an opportunity to cross-examine all witnesses for their opinions. Plaintiffs have therefore had an opportunity to assess the opinions of each witness and any requirement to first approach the Court and obtain a ruling on admissible before eliciting opinions will be burdensome, onerous, and significantly delay this trial. (Also, see FEI's response to Plaintiffs' Motion *in Limine* #22 above which is incorporated herein as if copied in full).

FEI opposes this Motion *In Limine* and adopts and joins in the arguments and support set forth in *Gulf Stream Coach, Inc.'s Memorandum in Opposition to Plaintiffs' Motion In Limine,* Rec. Doc. 2939.

31. **Motion *In Limine*.** That this Motion has been presented to the Court for ruling. Plaintiffs move that defense counsel be instructed to not suggest to the jury, by argument or otherwise, that the Plaintiffs have sought to exclude from proof any matter bearing on the issues in this case or the rights of the parties to this suit.

**Response:** FEI agrees to this Motion *In Limine* on the condition that Plaintiffs agree to and/or are prohibited from same references to any defense Motions *in Limine*.

32. **Arrests.** That no reference be made to any prior arrests of Plaintiffs. Any such arrests not leading to convictions are not probative, or are more prejudicial than probative.

**Response:** FEI objects to this Motion *In Limine* pursuant to Federal Rule of Evidence 608, which allows specific instances of the conduct of a witness to be admissible , "…if probative of truthfulness or untruthfulness, be inquiring into on cross examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or 2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross examine had testified." Fed. R. Evid. 608 (b). Further, pursuant to Federal Rule of Evidence 609 certain specific acts, if leading to conviction of certain types, may be admissible.

33. **Prior Convictions of Plaintiff.** That no reference be made to any convictions of the Plaintiffs because more than ten years has passed from the date of such convictions as such convictions are not probative or are more prejudicial than probative.

**Response:** FEI objects to this Motion *In Limine* pursuant to Federal Rule of Evidence 608, which allows specific instances of the conduct of a witness to be admissible , "…if probative of truthfulness or untruthfulness, be inquiring into on cross examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or 2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross examine had testified."

Fed. R. Evid. 608 (b).  Further, pursuant to Federal Rule of Evidence 609 certain specific acts, if leading to conviction of certain types, may be admissible.

34.  **Other Lawsuits/Claims.**  That no reference be made to any prior or other lawsuits in which Plaintiff is and has been involved, or any reference to any prior or other claims. Such information is not probative or is more prejudicial than probative.

**Response:**  FEI objects to this Motion *In Limine* pursuant to Federal Rule of Evidence 608, which allows specific instances of the conduct of a witness to be admissible , "…if probative of truthfulness or untruthfulness, be inquiring into on cross examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or 2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross examine had testified." Fed. R. Evid. 608 (b).  Further, FEI objects to this Motion *In Limine* to the extent that any such information may affect FEI's defense of prescription. To that extent, such information, testimony, and references are both relevant and probative.

35.  **Collateral Source.**  That no reference be made to any testimony or proof regarding any other collateral sources, including but not limited to, unemployment Benefits, Medicare Benefits, and/or Medicaid Benefits. Such evidence is irrelevant and is prohibited by the Rules of Evidence. Moreover, such evidence is would only serve to prejudice the jury against Plaintiffs.

**Response:**  FEI agrees to the Motion *In Limine* on the condition that Plaintiffs make no reference to the size of Defendant, its profit, or any other reference to demonstrate to the jury that FEI has "deep pockets" and can afford to pay a large verdict.

36.  **William Dudek**. That he be excluded as a witness (which will be the subject of a separate motion) and no reference be made to his testimony as it is not probative or is more prejudicial than probative.

**Response:**  FEI objects to this Motion *In Limine*, and adopts and incorporates herein FEI's Response to Plaintiffs' motion to strike or exclude William Dudek.

37.  **Documentaries and the Like.**  That no reference be made to any documentaries regarding "FEMA trailers" or trailer residents or this litigation, as such are not probative or are more prejudicial than probative.

**Response:**  FEI agrees to this Motion *In Limine,* provided that Plaintiffs agree to and/or are prohibited from same.

38.  **Marital Status.**  That no reference be made to the marital status of Ms. Alexander. Said evidence is irrelevant and would only serve to prejudice the jury against the Plaintiff.

**Response:**  FEI agrees to this Motion *In Limine*.

Respectfully submitted,

**MIDDLEBERG, RIDDLE & GIANNA**

BY:     */Charles R. Penot, Jr./*
Charles R. Penot, Jr. (La. Bar No. 1530 &
Tx. Bar No. 24062455)
717 North Harwood, Suite 2400
Dallas, Texas 75201
Tel: (214) 220-6334; Fax: (214) 220-6807
cpenot@midrid.com

-and-

Dominic J. Gianna, La. Bar No. 6063
Sarah A. Lowman, La. Bar No. 18311
201 St. Charles Avenue, Suite 3100
New Orleans, Louisiana 70170
Telephone: (504) 525-7200
Facsimile: (504) 581-5983
dgianna@midrid.com
slowman@midrid.com

*-and-*

Richard A. Sherburne, Jr., La. Bar No. 2106
450 Laurel Street, Suite 1101
Baton Rouge, Louisiana 70801
Telephone: (225) 381-7700
Facsimile: (225) 381-7730
rsherburne@midrid.com

**ATTORNEYS FOR FLUOR ENTERPRISES, INC.**

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 31, 2009, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sends notice of electronic filing to all counsel of record, including court-appointed liaison counsel, who are CM/ECF participants.

                                                */Charles R. Penot, Jr./*
                                                CHARLES R. PENOT, JR.

ND: 4843-1133-2356, v. 1