UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE PRODUCTS | * | |
| | LIABILITY LITIGATION | * | SECTION "N" (5) |
| | | * | |
| | | * | JUDGE ENGELHARDT |
| | | * | MAGISTRATE CHASEZ |
| | | * | |
| THIS DOCUMENT IS RELATED TO | | * | |
| | | * | |
| *Charlie Age, et al v. Gulf Stream Coach* | | * | |
| *Inc., et al*, Docket No. 09-2892; | | * | |
| Alana Alexander, individually and on behalf | | * | |
| of Christopher Cooper | | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S RESPONSE TO DEFENDANT FLUOR ENTERPRISES, INC.'S
MOTION IN LIMINE**

Plaintiff Alana Alexander ("Ms. Alexander" or "Plaintiff") responds to Defendant Fluor Enterprises, Inc.'s ("FEI") Motion in Limine (Docket Entry No. 2893) and request the Court deny said motion and in support, would show:

**I.
EVIDENCE OF PAYMENTS TO FEI IS RELEVANT TO FEI'S DUTY TO PLAINTIFF
AND RELEVANT TO ITS FAILURE TO EXERCISE CARE AND FAILURE TO
COMPLY WITH GOVERNMENT SPECIFICATIONS**

1

Although in a single plaintiff, single defendant, non-MDL case, evidence of financial information and payment may not be relevant, the facts of this case are significantly different. FEI engaged in transporting hundreds of travel trailers and setting them up, generally by hiring subcontractors who were inadequately trained, instructed or just incapable. Just as compensation paid for misappropriation and infringement may be relevant to plaintiff's claims in *Curtis Mfg. Co. v. Plastics-Clips Corp.*, 933 F.Supp. 94, 101 (D.N.H. 1995), payments from the Government to FEI and its payments to subcontractors are relevant to its malfeasance and nonfeasance in complying with its duty to provide trailers to the displaced and homeless Katrina victims.

Similarly, although evidence of profits have been excluded during a case in chief, the costs of design of a product have been held to be relevant. *See Ake v. General Motors Corp.,* 942 F.Supp. 869, 875-76 (W.D.N.Y. 1996). Thus, payments received by FEI, to whom FEI made payments and what amount was paid to accomplish the requirements of a general Government contract is relevant to FEI's duties as a "manufacturer/assembler", and relevant to transportation, assembly and delivery of the travel trailers to Katrina victims. Payments to inept subcontractors and the selection process of such subcontractors is relevant to FEI's duty and responsibilities.

Certainly, FEI can introduce evidence, if it chooses, to clarify what payments and costs were associated with providing trailers to Katrina and Rita victims versus other unrelated work. Here, decisions FEI undertook to comply with its general obligations to FEMA, including costs of compliance, are extremely relevant to its acknowledged duties to FEMA and Plaintiffs. The motion in limine should be denied.

## II.
## FEI IS A NO-BID CONTRACTOR ACCORDING TO THE DEPARTMENT OF HOMELAND SECURITY

Plaintiff should be allowed to rely on factual statements of the United States Government. The U.S. Department of Homeland Security, Office of Inspector General Report dated August 20, 2008, unequivocally states:

> In 2005, the Federal Emergency Management Agency (FEMA) issued noncompetitive Individual Assistance – Technical Assistance Contracts (IA-TACs) to four large contractors: Fluor Enterprises, Inc., Shaw Group, CH2M Hill Constructors, Inc. and Bechtel National, Inc.

*See* Department of Homeland Security, Office of Inspector's Report: "Hurricane Katrina Temporary Housing Technical Assistance Contracts" dated August, 2008, at page 1, Exhibit "A".

> The urgent need for housing pressured FEMA to act quickly. **No-bid contracts** were awarded to Fluor Enterprises, Inc. (Fluor), Shaw Group (Shaw), CH2M Hill Constructors, Inc. (Hill), and Bechtel National, Inc. (Bechtel). (Emphasis added).

*See* Department of Homeland Security, Office of Inspector's Report: "Hurricane Katrina Temporary Housing Technical Assistance Contracts" dated August, 2008, at page 2, Exhibit "A".

It follows that if Fluor is a contractor and it received a no-bid contract, it is a no-bid contractor. The jury should be allowed to hear what the United States calls Fluor and the motion in limine should be denied.

## III.
## THE DEPARTMENT OF HOMELAND SECURITY REPORT IS ADMISSIBLE IN EVIDENCE PURSUANT TO FED. R. EVID. 803(8)

FEI seeks to exclude the report prepared on behalf of the U.S. Department of Homeland Security regarding Technical Assistance Contracts. That report describes factually the no-bid contract that was awarded to FEI and, in part, what FEI did in

attempting to carry out its requirements under the contract.  It should be undisputed that the report qualifies as an exception to the hearsay rule pursuant to Fed. R. Evid. 803(8).  As Richard L. Skinner, Inspector General, notes "this report is one of a series of audit, inspection, and special reports prepared as part of our oversight responsibilities to promote economy, efficiency, and effectiveness within the departments [of Homeland Security]".  See Exhibit "A", preface of report.  This meets the requirement to show that the report set forth (a) the activities of the agency and/or (b) matters observed pursuant to duty imposed by law as to which matters there was a duty to report.  *See In Re Nautilus Motor Tanker Co.,* 85 F.3d 105, 112 (3rd Cir. 1996).  Although Fluor is critical of the report, it cannot show that the report was untimely, that the investigator lacked skill or experience or that the report was prepared for possible litigation.  The U.S. Supreme Court identified those factors as part of a list of non-exclusive factors for the trial court to consider in determining the admissibility of a public record or report under Fed. R. Evid. 803(8).  *See Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 167, 109 S. Ct. 4389, 448-449, 102 L. Ed. 2d. 445 (1988).

   Additionally, the U.S. Supreme Court has concluded that the public records exception to the hearsay rule includes admission of conclusions and opinions in the records.  *See Beech Aircraft Corp. v.* Rainey, 488 U.S. at 167-168.

   Most importantly, in deciding to admit or exclude the report, is the question of whether Fluor met its burden in seeking to exclude the report.  It is presumed that a public record is admissible and FEI has the burden to show sufficient negative factors to preclude admission.  *See In Re Nautilus Motor Tanker Co.,* 85 F.3d at 112-113.  FEI has not done this.  FEI did not depose any of the report's authors and presents no

evidence to suggest the report does not meet the trustworthiness standard suggested in Fed. R. Evid. 803(8).  The best FEI offers to the Court is its own interested witness testimony complaining of the report.  The "evidence" offered by FEI does not meet the untrustworthiness standard required by the U.S. Supreme Court before the report may be excluded.  This motion in limine should be denied as to the Department of Homeland Security Report.

## CONCLUSION

Payments from the Government to FEI and its payments to subcontractors are relevant to its malfeasance and nonfeasance in complying with its duty to provide trailers to the displaced and homeless Katrina victims and therefore any reference to any such payments is admissible.  Additionally, the Department of Homeland Security, Office of Inspector's Report:  Hurricane Katrina Temporary Housing Technical Assistance Contracts dated August, 2008 qualifies as an exception to the hearsay rule pursuant to Fed. R. Evid. 803(8) and therefore should be admissible.   Finally, in that report, the United States, through its agency, the Department of Homeland Security, confirmed that FEI operated under a no-bid contract.  That confirmation makes FEI a no-bid contractor.  Therefore, Defendant Fluor Enterprises, Inc.'s Motions in Limine (Document No. 2893) should be denied in its entirety.

## PRAYER

WHEREFORE, Plaintiff Alana Alexander respectfully requests that the Court deny Fluor Enterprises, Inc.'s Motion in Limine and for such other relief to which she is entitled.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
      GERALD E. MEUNIER, #9471
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier &
      Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone:   504/522-2304
      Facsimile:   504/528-9973
      gmeunier@gainsben.com

      s/Justin I. Woods
      JUSTIN I. WOODS, #24713
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier &
      Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone:   504/522-2304
      Facsimile:   504/528-9973
      jwoods@gainsben.com

      **COURT-APPOINTED PLAINTIFFS'
      STEERING COMMITTEE**
      ANTHONY BUZBEE, Texas # 24001820
      RAUL BENCOMO, #2932
      FRANK D'AMICO, #17519
      MATT MORELAND, #24567
      LINDA NELSON, #9938
      MIKAL WATTS, Texas # 20981820
      DENNIS REICH, Texas #16739600

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing on August 31, 2009.

        s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471