UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-5"<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

THIS DOCUMENT IS RELATED TO:
*Charlie Age, et al v. Gulf Stream Coach, Inc., et al*, No. 09-2892

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
GULF STREAM'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE OF, OR ARGUMENT REGARDING,
POLITICAL PROCEEDINGS (DOC. 2839)**

**MAY IT PLEASE THE COURT:**

The curious title of this motion, which is addressed to "political proceedings," is only explained when one reads the memorandum in support and understands Gulf Stream's strategic decision to characterize all of the Congressional investigations and hearings into the FEMA trailer/formaldehyde controversy as "political proceedings," thereby diminishing them as if they were mere political party rallies. The fact that Gulf Stream and the RV industry do not like what came out of these Congressional hearings and investigations does not convert them into "political proceedings." These were investigations conducted under the authority of the United States Congress, pursuant to guidelines which long have determined when and how such public hearings and investigations by the legislative branch should be conducted.

Plaintiff, therefore, respectfully declines to accept for purposes of this discussion the "market message" selected by Gulf Stream to improperly frame the issue. The legal question at

hand is whether certain excerpts from the record of lawful and authorized Congressional hearings and investigations can or might be admissible in the bellwether trial of Alana Alexander's case.

Under Rule 803(8)(C), records of "factual findings resulting from an investigation made pursuant to authority granted by law," constitute an exception to hearsay, regardless of whether the declarant is available. *See* FRE 803(8)(C). This provision provides only one exception, affording a trial judge discretionary authority to exclude such records of factual findings from evidence if "the sources of information or other circumstances indicate lack of trustworthiness." *See id.*

In the case cited by defendant in its memorandum, *Bright v. Firestone Tire & Rubber Company*, 756 F.2d 19 (6th Cir. 1984), the Court considered the provisions of FRE 803(8)(C) in addressing a request by plaintiffs to introduce portions of a Congressional Committee Report which were highly critical of the defendant Firestone, following the Committee's investigation into the alleged defects of Firestone tires. The Court emphasized that the language of Rule 803(8)(C) clearly limits the admissibility of such reports to "factual findings," making it difficult for plaintiffs in that case to seek admissibility of an entire Committee report that ventured beyond factual findings into statements of opinion bearing on the fault of Firestone. *See* 756 at 22. In addition, the Court in *Bright* was made aware of a district court order from the federal court in South Carolina finding that one Firestone dealer had submitted 600 "false complaint forms" to Firestone as part of a "scheme to defraud Firestone." To the extent these complaint forms were a basis for the Congressional Committee investigation and findings, the "lack of trustworthiness" criteria of 803(8)(C) was triggered, as an additional reason for inadmissibility.

One of the problems with the instant motion is that it is so broadly phrased and non-

specific that the Court cannot decide it at this time. To the extent an expert witness in this case, for example, cites or seeks to rely upon <u>factual findings</u> set forth in the record of the Congressional investigation or hearing, these findings clearly would be admissible under Rule 803(8)(C), absent some demonstrated lack of trustworthiness as to the factual finding at issue.[1]

Rather than make a sweeping condemnation of all Congressional reports emanating from what Gulf Stream chooses to see as a political "firefight," this Court should proceed more deliberately, and more consistent with the Federal Rules of Evidence. At this point, it is not clear which specific portions of the referenced exhibits will be sought to be admitted into evidence. Gulf Stream's objection to admissibility can be addressed in a more meaningful way when these positions are identified and offered. In the interim, it is plaintiff's position that the factual findings of the referenced Congressional investigation reports are admissible under FRE 803(8)(C). In advance, the only issue which is necessary for the Court's determination is whether the "lack of trustworthiness" exception bars <u>any</u> such findings from being heard or considered by the jury. Defendant's "political proceedings" label, like the fact that some who testified were upset and did complain to Congress about the formaldehyde crisis, are not sufficient grounds on which to establish this exception to Rule 803(8)(C) admissibility.

It also should be noted that one or more of the defendant witnesses who may appear in this trial also testified during the Congressional hearings into this controversy. To this extent, counsel for plaintiff may well refer the witness to inconsistent testimony appearing in the record

---

[1] The Court has encouraged factual stipulations by the parties to streamline this first bellwether trial. Many such stipulations may be based on facts established through Congressional investigation. This would obviate the need to offer the investigative record or report into evidence.

of the Congressional hearing. This prior testimony clearly may be used for impeachment purposes.

>Respectfully submitted:
>
>**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**
>
>BY:   s/Gerald E. Meunier
>   GERALD E. MEUNIER, #9471
>   **PLAINTIFFS' CO-LIAISON COUNSEL**
>   Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
>   2800 Energy Centre, 1100 Poydras Street
>   New Orleans, Louisiana 70163
>   Telephone:   504/522-2304
>   Facsimile:   504/528-9973
>   gmeunier@gainsben.com
>
>   s/Justin I. Woods
>   JUSTIN I. WOODS, #24713
>   **PLAINTIFFS' CO-LIAISON COUNSEL**
>   Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
>   2800 Energy Centre, 1100 Poydras Street
>   New Orleans, Louisiana 70163
>   Telephone:   504/522-2304
>   Facsimile:   504/528-9973
>   jwoods@gainsben.com
>
>**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
>   ANTHONY BUZBEE, Texas # 24001820
>   ROBERT M. BECNEL, #14072
>   RAUL BENCOMO, #2932
>   FRANK D'AMICO, JR., #17519
>   MATT MORELAND, #24567
>   LINDA NELSON, #9938
>   DENNIS REICH, Texas #16739600
>   MIKAL C. WATTS, Texas #20981820

## CERTIFICATE OF SERVICE

     I hereby certify that on August 31, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                        s/Gerald E. Meunier
                                        GERALD E. MEUNIER, #9471