UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER  
FORMALDEHYDE  
PRODUCT LIABILITY LITIGATION

MDL NO. 1873

SECTION "N-5"

JUDGE ENGELHARDT  
MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:  
*Charlie Age, et al v. Gulf Stream Coach, Inc., et al, No. 09-2892*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO  
GULF STREAM'S MOTION IN LIMINE TO PROHIBIT  
TESTIMONY OF EVIDENCE RELATING TO THE TESTING  
OF OTHER EMERGENCY HOUSING UNITS (DOC. 2821)**

**MAY IT PLEASE THE COURT:**

This motion is an almost classic example of an attempt to have the Court make an evidentiary ruling in advance of trial without the needed context and factual support for an informed decision. The motion also aptly illustrates a confusion of the questions of admissibility and weight in regard to jury trial evidence.

The Court will recall that, pursuant to its previous Orders, one and only one measurement of the formaldehyde level in the actual Alexander trailer was allowed to be taken, and this was done in January 2008, <u>after</u> the Alexander family had moved out of the trailer. The question, then, is how that post-occupancy reading relates to the levels of formaldehyde exposure which existed during the period of the family's occupancy (May 2006 through December 2007).

While one part of the answer to that question is suggested by the January 2008 level of formaldehyde found in the unit, the complete answer requires a reconstructive analysis. Heart/humidity factors and ventilation practices during plaintiff's occupancy are among a number

of things to consider; but it also will be important for the jury to refer to actual level readings from comparable units, particularly under weather and use conditions comparable to the period of plaintiff's occupancy.  In the trial of this case, plaintiff experts DeVany and Hewett will assist the jury in its consideration of this test data; and, by reference to the January 2008 reading of .05 ppm formaldehyde in this trailer, these experts will set forth a regression analysis aimed at identifying the likely range of formaldehyde levels to which plaintiff and her son were exposed.  Again, the only "other unit" data utilized for this purpose will be drawn from units considered and shown to the comparable for the analysis.

This kind of test data is customarily relied upon by experts in the field in which these experts work.  Hence, whether or not the data is admissible *per se*, the expert opinions based on the data would be admissible under Rule 703 of the Federal Rules of Evidence.

The laboratory report attached to the defendant memorandum in support of the motion contains information that may or may not be referred to in the above-referenced comparative analysis.  The report contains information about formaldehyde emissions measured in travel trailer wood products.  This data may be relevant to the products in the Gulf Stream trailer occupied by plaintiff.  At this juncture, without more information as to that linkage through expert testimony, a motion to prohibit reference to the report is simply premature.  Moreover, the data itself need not be admissible, in order for experts to testify based upon the data.  *See* FRE 703.

In sum, this case obviously requires a reconstructive analysis.  It will have to be determined based on the evidence, and through expert testimony, what the likely levels of formaldehyde in the ambient air of the Alexander unit were between May 2006 and January

2008.  There is one and only one test value to refer to in this discussion, and it was taken in the trailer on January 2008.  While relevant, that single value should be considered with other data considered and demonstrated by experts to be valid support for discerning the likely levels in the Alexander unit.  As long as the other data is drawn from reliable testing methodology and involves comparable units, the controversy at hand goes to weight, not admissibility.

The Court should not rule in advance in a way that would drastically undercut this needed reconstructive analysis.  Plaintiff appreciates the need to demonstrate that any opinions in this regard should be based upon data that is both reliable and comparable.  This motion is without merit and should be denied at present, however, because it is premature.  There will be a full opportunity at trial for defendants to challenge reliance on the data supporting a plaintiff expert's analysis, once the quality, comparability and use of that data are made clear to the Court.  The Court's own questioning of an expert, out of the jury's presence, also is an option, in the even Your Honor concludes that this issue goes not simply to weight, but to the admissibility of an opinion which has been supported (in part) by data pertaining to other units.

The total "other unit data ban" requested by Gulf Stream is neither justified legally under the Federal Rules of Evidence (especially Rule 703), nor appropriate in a bellwether trial where there could be only one post-occupancy test of the plaintiff's unit.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:    504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:    504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
ROBERT M. BECNEL, #14072
RAUL BENCOMO, #2932
FRANK D'AMICO, JR., #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
DENNIS REICH, Texas #16739600
MIKAL C. WATTS, Texas #20981820

## CERTIFICATE OF SERVICE

      I hereby certify that on August 31, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                        s/Gerald E. Meunier
                                        GERALD E. MEUNIER, #9471