UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Charlie Age, et al v. Gulf Stream Coach* | * | |
| *Inc., et al*, Docket No. 09-2892; | * | |
| Alana Alexander, individually and on behalf of | * | |
| Christopher Cooper | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REPLY TO GULF STREAM'S RESPONSE TO PLAINTIFF'S MOTION
*IN LIMINE* TO EXCLUDE TESTIMONY OF WILLIAM DUDEK**

On August 26, 2009, Plaintiff, Alana Alexander, individually and on behalf of Christopher Cooper ("Plaintiff" or "Ms. Alexander"), filed her Motion *in Limine* to Exclude Testimony of William Dudek (Docket Entry No. 2898). On August 27, 2009, Gulf Stream filed its Opposition to Plaintiff's Motion in Limine to Exclude Testimony of William Dudek (Docket Entry No. 2924).

**BACKGROUND OF DEPOSITION**

William Dudek is a former quality control manager for Gulf Stream. Defendant would not voluntarily present Mr. Dudek for deposition, even though representatives from Gulf Stream had been in contact with him prior to him leaving and had discussed the Formaldehyde issue. Deposition of William Dudek, at pp. 17, 19-20, relevant portions attached as **Exhibit A.** Plaintiff had to obtain an Order, over Gulf Stream's objection, from the Magistrate to take Mr. Dudek's deposition, because, like many other fact witnesses, Gulf Stream moved to quash the deposition and fought the Plaintiff to prevent the taking of even the most critical depositions in

this case (as an example, due to Gulf Stream's objections, Plaintiff was only allowed to take the deposition of Scott Bailey, the Adorn wood vendor representative, for two hours, via phone only—this is perhaps one of the most important witnesses in this case).[1]  Because Gulf Stream would not voluntarily present him, Plaintiff was forced to subpoena Mr. Dudek through the Federal Court in the Northern District of Indiana.  The deposition occurred literally at the end of the discovery period.  When Mr. Dudek finally showed up for his deposition, he brought with him a letter.  That letter is attached as **Exhibit B**.

Mr. Dudek had some interesting things to say.  But, what was more interesting is that he refused to answer multiple questions that are directly relevant to this case.  Plaintiff requests that the Court review pages 21-23, 27-32, 35-39, & 40 (L18-20) of Dudek depo.  In those pages, when directly asked about the Formaldehyde issue, Dudek simply would not answer.  No doubt that if Plaintiff were to seek to admit this testimony, Defendant Gulf Stream would argue that such testimony is irrelevant, and misleading, and that it looks bad for Gulf Stream such that any probative value of these "nonanswers" is outweighed by the danger of unfair prejudice.  Yet, now, it is clear that Gulf Stream wishes to enter into evidence the truly only irrelevant portion of Dudek's deposition—the portion where he implies that someone contacted him and offered him money (or something he fails to identify) for his testimony.  When pressed, Dudek could not identify who called him, or whether the callers were lawyers.  He instead said the phantom caller(s) "implied" they were working for victims. *See* Dudek Depo at p. 53, L. 18-25.  Taking this completely unreliable testimony, Gulf Stream then implies that Dudek's allegation is

---

[1] The several fact witnesses that Plaintiff has identified could have been produced at the trial via ten-minute videotaped depositions. Unfortunately, Gulf Stream objected to Plaintiff taking these depositions, and the magistrate told Plaintiff's counsel to choose the ones they wanted to take, and the ones they wanted to present live. The reason these witnesses are so important is that Jim Shea, the Chairman of Gulf Stream, testified that no one has ever complained of Formaldehyde exposure. This is an outright falsity, and it is the type of falsity that can only be proven as such by bringing multiple witnesses to rebut it, or at least presenting a stipulation stating that, if allowed, Plaintiff could bring multiple witnesses who experienced a multitude of problems due to Formaldehyde exposure.

somehow related to the newspaper ads that The Buzbee Law Firm ran in Indiana seeking witnesses—witnesses, incidentally, that Gulf Stream refused to disclose and objected to deposing. The implication and supposition upon supposition in Gulf Stream's response is insulting and wrong. The witnesses that Plaintiff's counsel spent a ton of money in finding were offered NOTHING for their testimony. They will testify that such is the case. There will be no evidence to the contrary, period. Mr. Dudek, on the other hand, cannot identify who it was that supposedly offered him renumeration/enumeration, and cannot even say it was an attorney. What he does say, however, is that it was not The Buzbee Law Firm or anyone working for The Buzbee Law Firm. *See* Dudek depo, at p. 52, L. 2-5.

Plaintiff was perfectly willing to not use Dudek's deposition in this trial, at all. Dudek obviously has his own motivations, whatever they are. What is clear, though, is that his speculation about the identity of individuals who he claims called him is inadmissible. What is admissiable, however, is that he refuses to answer questions that are directly on point in this case. Even so, the Plaintiff has no intention of using his deposition; in the unlikely event that the Court allows Dudek to testify, then Plaintiff respectfully submits that the jury should hear everything that he has to say, in its entirety.

## **CONCLUSION AND PRAYER**

Whether some unidentified caller contacted Mr. Dudek and offered him some vague remuneration for information is irrelevant to this case (FED. R. EVID. 401/402). Such testimony should not be allowed because it is speculative (FED. R. EVID 602), and any probative value it has is outweighed by the danger of unfair prejudice (FED. R. EVID. 403). Plaintiff respectfully requests that the Court grant her Motion, and exclude William Dudek's testimony at trial of this matter. In the alternative, if the Court is of the opinion that this evidence is admissible, then

Plaintiff respectfully requests that the entire deposition be played for the jury, specifically all of the nonanswers provided by Dudek.

          Respectfully submitted:

          **FEMA TRAILER FORMALDEHYDE**
          **PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
          GERALD E. MEUNIER, #9471
          **PLAINTIFFS' CO-LIAISON COUNSEL**
          Gainsburgh, Benjamin, David, Meunier &
          Warshauer, L.L.C.
          2800 Energy Centre, 1100 Poydras Street
          New Orleans, Louisiana 70163
          Telephone:    504/522-2304
          Facsimile:     504/528-9973
          gmeunier@gainsben.com

          s/Justin I. Woods
          JUSTIN I. WOODS, #24713
          **PLAINTIFFS' CO-LIAISON COUNSEL**
          Gainsburgh, Benjamin, David, Meunier &
          Warshauer, L.L.C.
          2800 Energy Centre, 1100 Poydras Street
          New Orleans, Louisiana 70163
          Telephone:    504/522-2304
          Facsimile:     504/528-9973
          jwoods@gainsben.com

          **COURT-APPOINTED PLAINTIFFS'**
          **STEERING COMMITTEE**
          ANTHONY BUZBEE, Texas # 24001820
          RAUL BENCOMO, #2932
          FRANK D'AMICO, #17519
          MATT MORELAND, #24567
          LINDA NELSON, #9938
          MIKAL WATTS, Texas # 20981820
          ROBERT BECNEL
          DENNIS REICH, Texas # 16739600

**CERTIFICATE OF SERVICE**

     I hereby certify that on August 31, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                        s/Gerald E. Meunier
                                        GERALD E. MEUNIER, #9471