UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                 MDL NO. 07-1873
       FORMALDEHYDE PRODUCTS
       LIABILITY LITIGATION
                                                                 SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-2892

## ORDER AND REASONS

Before the Court is Plaintiff's Motion In Limine to Exclude Testimony of William Dudek (Rec. Doc. 2898). In this motion, Plaintiff, Alana Alexander, individually and on behalf of Christopher Cooper ("Plaintiff"), requests that the Court exclude the testimony of William Dudek ("Dudek"). Dudek is a former employee of Gulf Stream Coach, Inc. ("Gulf Stream"). He held a senior management position at Gulf Stream, serving as a quality control manager. Dudek worked in the plant that manufactured Plaintiff's emergency housing unit ("EHU") and also was involved with Gulf Stream's production of trailers for FEMA after Katrina. After considering the memoranda of the parties and the applicable law, the Court grants this motion as set forth herein.

Although Dudek gave his basic background and stated that he was involved in management discussions about formaldehyde, which would obviously be relevant to this litigation, he refused to answer several questions until he could consult with an attorney. Gulf Stream's Opposition makes it clear that it was not until the day of his deposition that Dudek

presented everyone with a copy of a letter wherein he explained that he wanted to have an attorney present. Thus, Plaintiffs' counsel undoubtedly spent valuable time and resources preparing to fully depose Dudek, to no avail.

Having been given this opportunity to offer meaningful testimony, and having offered no explanation why he waited until the day of the deposition to seek legal counsel (if he thought such was justified and so desired), Dudek caused great delay by essentially rendering the deposition a non-event. Further, the limited testimony he did provide was, at times, flippant and vexatious[1]. The Court hardly finds amusing Dudek's game of "cat and mouse" during his

---

[1] For example, Dudek testifed:

> Q. If a lawyer did that [called him to offer remuneration for testifying], I want to know who that is so I can deal with that?
>
> A. I couldn't imagine a lawyer doing that.
>
> Q. Me neither. Are you sure it was a lawyer?
>
> A. Actually, that was facetious. I can imagine many a lawyers doing that.
>
> Q. Okay. Which lawyers did that?
>
> A. I have no idea.

(Exhibit A to Rec. Doc. 2898, p. 50).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

> Q. Okay. You're not saying that Tony Buzbee offered you anything? That's me.
>
> A. Is that a question?
>
> Q. Yeah, that's a question.
>
> A. No.
>
> Q. Okay. You're not saying anybody working on my behalf offered you anything?
>
> A. Who did say that?

deposition.

For instance, in his deposition, Dudek testified that certain people whom he perceived to be affiliated with victims of FEMA trailers had contacted him about testifying in some forum. He said that these people did not offer money but some other form of "enumeration" which he could neither identify, nor describe. However, he did not know why he perceived these people to be affiliated with victims. He had no records to identify who these people were or what their telephone numbers were. Moreover, his testimony was non-sensical at times. For example, when questioned as to whether he had caller ID, to possibly aid in the identification of the mystery callers offering these secret remunerations, Dudek responded, "Actually I do — no, I don't. . . . " (Exhibit A to Rec. Doc. 2898, p. 50). The inutile transcript which is the result of his deposition portends consumption of valuable trial time pursuing exiguous answers from Dudek. As this Court has little time or patience for such conquests, Dudek's testimony will be excluded at trial.

Last, as for Gulf Stream's assertion that Plaintiff failed to either bring this issue before the Court sooner and/or failed to re-depose Dudek after he consulted with this mystery attorney, the Court sees no duty on the part of Plaintiffs to do either one of these under the time-sensitive

---

> Q. No one. I'm just trying to establish that.
>
> A. So is that a question or is that a –
>
> Q. That is a question.
>
> A. Is that a rhetorical question?
>
> Q. No. It's a question I'm asking you to answer. Did anyone working on my behalf, at least that you knew was working on my behalf, offer you anything?
>
> A. No.

(Exhibit A to Rec. Doc. 2898, p. 52).

deposition schedule that was in place for this trial, and given the "through-the-looking-glass" approach Dudek displayed when presented with an opportunity to testify.

Considering the foregoing, **IT IS ORDERED** the **Plaintiff's Motion In Limine to Exclude Testimony of William Dudek (Rec. Doc. 2898)** is **GRANTED** as expressed herein.

New Orleans, Louisiana, this 1st day of September, 2009.

_____
 **KURT D. ENGELHARDT**
 **UNITED STATES DISTRICT JUDGE**