**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE PRODUCTS | * | |
| | LIABILITY LITIGATION | * | SECTION "N" (5) |
| | | * | |
| | | * | JUDGE ENGELHARDT |
| | | * | MAGISTRATE CHASEZ |
| | | * | |
| THIS DOCUMENT IS RELATED TO | | * | |
| | | * | |
| *Charlie Age, et al v. Gulf Stream Coach* | | * | |
| *Inc., et al*, Docket No. 09-2892; | | * | |
| Alana Alexander, individually and on behalf | | * | |
| of Christopher Cooper | | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>**PLAINTIFF'S REPLY TO DEFENDANT FLUOR ENTERPRISES, INC.'S**</u>
<u>**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY**</u>
<u>**JUDGMENT ON PRESCRIPTION**</u>

Plaintiff Alana Alexander ("Ms. Alexander" or "Plaintiff") responds to Defendant

Fluor Enterprises, Inc.'s ("FEI") Reply to Plaintiff's Opposition to Motion for Summary

Judgment on Prescription (Docket Entry No. 2861) and in support, would show:

**I.**
<u>**UNDER SUMMARY JUDGMENT STANDARDS, THE COURT MUST RESOLVE ALL**</u>
<u>**REASONABLE DOUBTS IN FAVOR OF PLAINTIFF**</u>

FEI ignores the guidelines the Court is required to follow in evaluating the evidence in FEI's motion for summary judgment.  The relevant standard in evaluating evidence in a summary judgment proceeding is to resolve all reasonable doubts in favor of plaintiff.  See *Garcia vs. Pueblo County Club*, 299 F.3d. 1233, 1236-37 (10th Cir. 2002).  FEI relies heavily on this Court's opinion in ruling on the Government's Motion to Dismiss Christopher Cooper's Claim for Lack of Subject Matter Jurisdiction.  However, the Court succinctly points out the distinction in evaluating the evidence based on the lack of jurisdiction issue versus the prescription issued raised by FEI.  As this Court noted, the FTCA statute of limitations is a jurisdictional issue.  *Id. a*t P. 3, Fn. 1.  Further, this Court noted that because the FTCA statute of limitations is a jurisdictional issue, "courts must strictly construe the statute."  (Rec. Doc. 2789 *Id* at 6).  In contrast, the Court acknowledges that the assertion of a prescription statute must be strictly construed <u>against</u> prescription.  *Id* at 6.  *See* also *Landry vs. Blaise, Inc.*, 774 So. 2d. 187, 190 (La. App. 4th Cir.), writ denied, 776 S. 2d. (La. 2000).

The analysis of the summary judgment evidence in FEI's Motion for Summary Judgment on Prescription is different than that followed by the Court in its Order as to whether Chris Cooper's claim is barred by the FTCA statute of limitations.  The analysis, as to this motion, requires strict construction against prescription and resolution of any doubts in favor of plaintiff.  Applying that analysis to the facts regarding Ms. Alexander's claims should result in a denial of FEI's motion.

## II.
## REASONABLE DOUBTS ARE DETERMINED IN FAVOR OF MS. ALEXANDER AND AGAINST PRESCRIPTION

Although Ms. Alexander and her son may have noted symptoms after having moved in the travel trailer assembled by FEI, a Gulf Stream representative:

> advised that it was nothing to worrying about and that it was because the trailer was new and had been closed up.  She advised me (Alexander) to air the trailer out and this would remove the smell . . .
> This person's representations induced me to take residence in the trailer with my children.

See Rec. Doc. 2493-2, Affidavit of Alana Alexander.

Based on this evidence, and construing it against prescription, doubt is raised whether Ms. Alexander knew or should have known of an injury related to the trailer. Certainly, doubt is raised whether Ms. Alexander could link FEI's acts to the trailer. Although the Court expressed concern on whether Ms. Alexander was reasonable in relying on that representation without getting the specific identity of this person, the Court must evaluate the evidence of Ms. Alexander's knowledge in FEI's motion against prescription and resolve doubts in favor of Ms. Alexander rather than against her. Certainly, considering the life changing experience of surviving Hurricane Katrina and then having no home and finally having a trailer to live in, it is reasonable for Ms. Alexander to rely on representations made to her that the trailer was "safe" without seeking verification of the identity of the representative.  Under the relevant standards previously cited regarding summary judgment and prescription in this reply, the July 2006 matters referred to by FEI cannot be used to establish, as a matter of law,  that Ms. Alexander knew or should have known of her injuries caused by FEI's improper assembly and installation.

### III.
### THE "FLUOR" GAS INSTALLATION DOCUMENT DOES NOT TIE FLUOR TO JACKING UP AND ASSEMBLING OF THE TRAILER

3

FEI attempts to respond to Plaintiff's argument that she could not have connected FEI to the problems created when the travel trailer was improperly jacked up by attaching a document entitled "Louisiana Department of Public Safety and Corrections, Liquefied Petroleum Gas Commission, Installation Report."  Obviously, the first problem is that it is tendered without any explanation of what it is and how it puts anyone on notice that FEI was responsible for jacking up the travel trailer in which Ms. Alexander was to reside.  Typically, this document should be proved up with an affidavit from FEI as to the document's significance.  See *Wiley v. U.S.*, 20 Fd. 222, 226 (6th Cir. 1994). Presumably, FEI seeks to require the Court to discern the facts regarding this document.  Presumably, the document reflects the installation of a propane tank for the trailer.  The document reflects "name of dealer supplying gas and truck driver" – "FLUOR".  It appears to reflect that Alana Alexander witnessed the "test of the supply lines".  Beyond that, FEI fails to offer any summary judgment evidence how the document puts Plaintiff on notice of FEI jacking up the trailer.  Plaintiff objects to this document and requests that it be stricken. *See Jones vs. Owens Corning Fiberglass Corp.*, 69 F. 3d. 712, 718 (4th Cir. 1995).  Clearly, this "evidence" in favor of Ms. Alexander and against prescription, raises fact issues precluding the Court from granting the motion.  *See Irby  v. Bittick,* 44 F. 3d. 949, 953 (11th Cir. 1995).

### IV.
### EQUITABLE TOLLING PRECLUDES PRESCRIPTION UNDER THE FACTS OF THIS CASE

The Court briefly addressed the issue of equitable tolling in its opinion regarding the claim of Christopher Cooper.  The Court noted that equitable tolling is not available in the context of a FTCA claim because the statute of limitations is jurisdictional (*See*

Page 6, Fn. 4 of the Court's opinion, Rec. Doc. 2789).   Just as the analysis of the evidence in a summary judgment proceeding is different that the analysis used by the Court in the FTCA claim, the applicability of equitable tolling applies here while it does not in the FTCA claim.

The doctrine of **c**ontra non valentem is a Louisiana doctrine which has the effect of softening the "occasional harshness of prescriptive statutes". *See Carter v. Haygood*, 892 So. 2d. 1261, 1269-70 (La. 2005).  In *Carter* the Louisiana Supreme Court applied it in a dental malpractice case where a dentist continued to make assurances to the plaintiff that he would get it right.   *Id. at* 1273.   Not only is the evidence construed against prescription, the *contra non valentem* doctrine may be applied to equitably toll prescription.  Certainly, in the context of being told there was no problem with the trailer, and that continued representations by Defendant Gulf Stream that there was no problem with formaldehyde exposure in the amounts detected in the FEMA trailers, and the necessity of waiting until FEI  was matched with Gulf Stream, which then allowed Alexander's complaint to be amended to include FEI, in compliance with the Court's applicable pre-trial orders, strongly suggests that the *contra non valentem* doctrine be applied to this case.  In fact, almost all of the four categories could be applied here. *See* generally, *Plaquemines Parish Com'n Council v. Delta Development Co., Inc.*, 502 So. 2d. 1034, 1054-55 (La. 1987).  First, the legal cause which prevented the Court or officer from acting would include the existence of the MDL, the management of thousands of cases by the Court through limited discovery, and the necessity of matching plaintiffs to trailer and then to no-bid contractors.  Similarly, the same reasoning could be used to apply the second instance where the doctrine is applied,

that some condition coupled with the proceedings prevented Plaintiff from acting.  The third instance where the doctrine is used, where defendant does some act to preclude Plaintiff from filing a claim, coupled with the discovery limitations of the MDL, coupled with the representation that the trailer was acceptable, creates facts issues as to the doctrine of *contra non valentem* tolling prescription.   Certainly, once Alexander was matched with FEI through the MDL, the prescription period would begin to run.  However, that did not occur until January of 2009.  A true and correct copy of a letter and CD that was forwarded to Justin Woods is attached as Exhibit "A".  Also, attached and incorporated herein, as Exhibit "B" to this Reply is the Affidavit of Justin Woods which confirms how and when Plaintiff received matching information.  The letter and Affidavit confirms that the information from the Government to match FEI with Alexander was not received until January of 2009.  Based on receipt of the information  contained in Exhibit "A" in January of 2009, which finally matched Alana Alexander to FEI, the complaint was amended as soon as reasonably could be done to add FEI as a defendant.  Under all these facts, the prescription period should be tolled.

### V.
### *AMERICAN PIPE* AND LA. CODE CIV. PROC. ART. 2324 MUST BE READ TOGETHER TO TOLL OR INTERRUPT PRESCRIPTION

FEI argues that only named plaintiffs in class actions can utilize the joint tortfeasor statute to interrupt or toll the prescription for a Louisiana state law claim.  If that is the case, that would appear to create a conflict between a named class member and the putative class members because the named plaintiff was only protecting himself from prescription against a joint tortfeasor and not the class she purports to represent. That concept is contrary to *American Pipe* and its progency.

As *American Pipe* stated:  "The commencement of a class action suspends the applicable statute of limitations as to all asserted class members who would have been parties".  *American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974).

Despite that clear language from *American Pipe*, FEI takes the position in its Memorandum in Support of the Motion for Summary Judgment on Prescription that: "only the named plaintiffs" in *Hilliard*  can avail themselves of the joint tortfeasor doctrine . . . ".  No authority is cited by FEI for that proposition.  In fact, it changes the holding of *American Pipe* to:  "the commencement of a class action suspends the applicable statute of limitations [only as] to named class members."  Of course, there is no authority for this proposition.  In fact, courts have held that state tolling rules apply to unnamed class members.  *See Fernandez v. Chardon*, 681 F-2d 42, 49-50 (1st Cir, 1982).

In the *Hilliard* class action, Gulf Stream was a named defendant.  Under La. Code Civ. Proc. Art. 2324, the *Hilliard* class action had the effect of tolling limitations as to joint tortfeasors, which would include FEI.  Under *American Pipe* and its progency, the state tolling rules apply to unnamed class members.  Thus, Article 2324 applies to Alana Alexander as an unnamed class member and the prescription period as to FEI is interrupted and/or tolled.  *Chardon v. Funero Soto*, 462 U.S. 650, 661 (1983).  Although *Chardon* was decided in the context of a 42 U.S.C. 1983 action, the reasoning described in *American Pipe* and discussed in *Chardon* applies to the facts of the *Formaldehyde Trailer Litigation*.  First, there is no controlling federal law. Consequently, state statutes of limitations and state tolling rules should apply.  *See Chardon v.Funero Soto*, 462 U.S. 650, 661, 103 S. Ct 261, 2618-19 (1983).

Secondly, the Louisiana joint tortfeasor tolling statute applies to named and unnamed class member equally.

>   The benefit of tolling applies whether an unnamed plaintiff intervenes in the named Plaintiffs' suit after denial of class certification or files his or her own separate action.

>   Since the application of this state law rule gives unnamed class members the same protection as if they had filed actions in their own names which were subsequently dismissed, the federal interest set forth in *American Pipe* is fully protected.

*Chardon v. Funero Soto*, 462 W.S. 650, 661-62, 103 S. Ct 2619-20 (1983).

As the U.S. Supreme Court notes, "if a party received the benefit of Puerto Rico's renewal rule only by intervening as a named Plaintiff in the class action before the court's decision to certify the Class, but was limited to suspension if he remained an unnamed class member, he would have an incentive to protect his interests by creating the very multiplicity and needless duplication against which the Court warned in *American Pipe.*" *Id.* at fn 15, *Chardon*, at 462 U.S. 650, 651; 103 S.Ct. 2611, 2618-19 (1983).

Following FEI's reasoning, FEI would require Alana Alexander to intervene in the *Hilliard* action to get the benefit of the La. Joint Tortfeasors Statute (La. Code Civ. Proc. Art. 2324).  In fact, FEI takes this position at page 12 of its motion where it asserts, "Only the 'named plaintiffs' in *Hilliard* can avail themselves of the joint tortfeasor doctrine under this article."  Yet, both *American Pipe*, *Chardon v. Funero Soto*, and many other cases state this would create multiplicity of suits and needless duplication that the class action rule was designed to prevent.  Since FEI has not cited authority to support its position, the holding of *American Pipe* and its progency apply, the named Plaintiffs in *Hilliard* and the unnamed putative class members, such as Alana Alexander,

may assert La. Code §2324 to suspend or interrupt the one-year prescription period, and Alexander's claim is not prescribed.

## CONCLUSION

The doctrine of *contra non valentem* equitably tolls any prescription period as shown by the fact that the U.S. Government only provided matching information to the PSC in January 2009.  The complaint was amended and filed to include FEI shortly after FEI was linked to Alexander.  These facts should preclude the granting of summary judgment based on prescription.

Additionally, the pending Hilliard action, coupled with Louisiana Code §2324, interrupted or tolled the prescription period as to Alana Alexander's claim against FEI to the extent at the summary judgment stage, Plaintiffs have alleged FEI  and Gulfstream are joint tortfeasors.

Plaintiffs pray the court deny FEI's Motion for Summary Judgment on prescription as to Alexander's claims.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE**
**PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
       GERALD E. MEUNIER, #9471
       **PLAINTIFFS' CO-LIAISON COUNSEL**
       Gainsburgh, Benjamin, David, Meunier &
       Warshauer, L.L.C.
       2800 Energy Centre, 1100 Poydras Street
       New Orleans, Louisiana 70163
       Telephone:   504/522-2304
       Facsimile:     504/528-9973
       gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:    504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
DENNIS REICH, TEXAS #16739600

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing on September 1, 2009.

 s/Gerald E. Meunier
GERALD E. MEUNIER, #9471