UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: FEMA TRAILER<br>      FORMALDEHYDE PRODUCTS<br>      LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION "N" (5) |

THIS DOCUMENT RELATES TO
Member Case No. 09-2892

## ORDER AND REASONS

Before the Court is Fluor Enterprises, Inc.'s Motion for Summary Judgment Based on Prescription (Rec. Doc. 2728). In this motion, Fluor Enterprises, Inc. ("Fluor") asserts that Plaintiffs' claims against it have prescribed by the operation of liberative prescription of one year pursuant to Louisiana Civil Code article 3492. After reviewing the memoranda of the parties, and the applicable law, the Court denies this motion and finds that Plaintiffs' claims against Fluor are indeed timely.

**I.    BACKGROUND**

After Hurricane Katrina made landfall on the Gulf Coast in late August 2005, Fluor contracted with the Federal Emergency Management Agency ("FEMA"), agreeing to provide certain services, including the management of the hauling and the installation of the emergency housing units ("EHUs") at issue in this litigation.

Plaintiffs' original complaint was filed on February 27, 2009 (Member Case no. 09-2892, Rec. Doc. 1). Bellwether Plaintiffs Alana Alexander and her minor son, Christopher Cooper, (hereinafter "Plaintiffs") filed an amended complaint on filed June 5, 2009. (See Rec. Doc. 1686). In the instant motion, Fluor claims that Plaintiffs' claims against it are prescribed.

## II. DISCUSSION

### A. Legal Standard - Motion for Summary Judgment

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana*, 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.*, 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Id.*(citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little*, 37 F.3d at 1075. Rather,

a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

### B. Prescription Analysis

Generally, under Louisiana law, the party raising the exception of prescription has the burden of proof to prove that the claim prescribed. See *Alexander v. Fulco*, 895 So.2d 668 (La.App. 2 Cir. 2005). However, when from the face of the plaintiff's petition, it appears that the prescriptive period has run, the plaintiff bears the burden of showing why the claim has not prescribed. *Id.* The Fifth Circuit has held that when more than a year has "elapsed between the time of the tortious conduct and the filing of a tort suit, the burden shifts to the plaintiff to prove either suspension, interruption, or some exception to prescription, utilizing one of any number of legal constructs including but not limited to the doctrine of *contra non valentem*. *Terrebonne Parish Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002).

Here, Fluor claims that Plaintiffs' claims against it are prescribed on the face of the Complaint, and this Court agrees. In the amended complaint, Plaintiffs allege that they vacated their EHU on or about December 30, 2007, "within a month after plaintiff first became aware of the potential dangers of formaldehyde exposure in the trailer." (Rec. Doc. 1686, ¶¶9, 10). Because Plaintiffs did not file suit until February 27, 2009, more than one year later[1], Plaintiffs' claims against it are prescribed on the face of the Complaint. Thus, the burden shifts to Plaintiffs to show that the claims against Fluor have not prescribed.

Plaintiffs essentially allege the following three theories to demonstrate that their claims

---

[1] In general, delictual actions are subject to a liberative prescription period of one year in Louisiana. La. C. C. art. 3492.

3

against Fluor have not prescribed: (1) the statute of limitations was tolled; (2) the Louisiana joint tortfeasor doctrine bars prescription; and (3) the equitable concept of *contra non valentem* applies to bar prescription. This Court will address each theory herein.

### (1) Tolling

"Under Louisiana law, prescription is interrupted by the timely commencement of an action, and that interruption continues for as long as the suit is pending." *Orleans Parish School Board v. Asbestos Corp. Ltd.*, 892 F.Supp. 794, 802 (E.D.La. 1995), *affirmed* 114 F.3d 66 (5th Cir.), *cert. denied*, 522 U.S. 995 (1997). In *American Pipe and Construction Co. v. Utah*, 414 U.S. 538 (1974), the United States Supreme Court held that the filing of a class action tolls the applicable statute of limitations as to all members of the putative class. The rationale behind this holding was in part to avoid unnecessary repetitive filings by individuals who wanted to join the class and in part to protect the rights of putative class members who were unaware that litigation had even been filed ostensibly on their behalf. If class certification was subsequently denied, then prescription commenced to run again. *In Re FACTOR VIII or IX Concentrate Blood Products Litigation*, 2000 WL 282787, *4 (E.D. La. March 14, 2000).

Here, Plaintiffs claim that the statute of limitations was tolled until the Motion to Certify Class was denied on December 29, 2008. (See Rec. Doc. 1014). Further, Plaintiffs note that they filed their lawsuit on February 27, 2009, within two months of when the statute began to run.

Fluor, on the other hand, argues that Plaintiffs may not benefit from *American Pipe* tolling because the putative *Hilliard* class[2] did not assert any claims against Fluor (or any of the contractor defendants). Fluor argues that *American Pipe* speaks only of claims actually brought

---

[2] The first putative class action against Gulf Stream and others was *Hilliard, et al. v. Gulf Stream, et al.*, which was filed on May 18, 2006. (See Member Case No. 06-2576, Rec. Doc. 1).

by the putative class members and not of every claim that might have been added against potential, unnamed defendants, like Fluor.

In response to this assertion, Plaintiffs cite to *Appleton Electric Co. vs. Graves Truck Line, Inc.*, 635 F.2d 603 (7th Cir. 1980), the U.S. Court of Appeals for the Seventh Circuit held:

> We are persuaded that implicit in the Supreme Court's *American Pipe* decision was the Court's determination that "effectuation of the purpose of litigative efficiency and economy," (which Rule 23 was designed to perform) transcends the policies of repose and certainty behind statutes of limitations. . . . .
>
> A contrary rule would sound the death knell for suits brought against a *defendant class*, nullifying that part of Rule 23 that specifically authorizes such suits. This, in turn, would have a potentially devastating effect on the federal courts. Plaintiffs would, in each case, be required to file protective suits, pending class certification, to stop the running of the statute of limitations.

635 F.2d at 609-610 (emphasis added). Plaintiffs further contend that although there is no clear assertion that there is a defendant class in this case, that is essentially the allegation in the Master Complaint filed in this matter (See Rec. Doc. 109), as there are numerous manufacturing defendants as well as contractor defendants and insurers. This Court agrees with Plaintiffs and adopts this logic. Thus, based on the above analysis, *American Pipe* applies and Plaintiffs timely filed their lawsuit against Fluor on February 27, 2009, within two months of the date the statute of limitations began to run (i.e., within two months of December 29, 2008, the date the Motion to Certify Class was denied).

### (2) Joint Tortfeasor Doctrine[3]

The Louisiana Civil Code provides that "[i]nterruption of prescription against one joint

---

[3] Louisiana Civil Code article 2324 sets forth what this Court refers to as the "joint tortfeasor doctrine."

5

tortfeasor is effective against all joint tortfeasors." La. C.C. art. 2324. Fluor asserts that Plaintiffs cannot prove that prescription was interrupted pursuant to article 2324 because only the "named plaintiffs" in *Hilliard* can avail themselves of the joint tortfeasor doctrine under Article 2324. However, as Plaintiffs contend, this Court finds that *American Pipe* must be read together with Louisiana Civil Code article 2324, such that Alexander should be considered a "named plaintiff" so that Article 2324 controls and tolls her limitations period. Pursuant to *American Pipe*, Plaintiffs stand in the shoes of the named plaintiffs in *Hilliard* as to the right to claim the benefit of any statute which would toll the relevant Louisiana prescription period. See 414 U.S. at 554.

Further, it should be noted that Fluor's interpretation as to the inapplicability of article 2324 goes against the notion that Louisiana law favors redressability. As the Fifth Circuit has explained,

> The Louisiana Supreme Court has long held that "prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished; thus, of two possible constructions, that which favors maintaining, as opposed to barring, an action should be adopted."

*Richard v. Wal-Mart Stores, Inc.*, 559 F. 3d. 341, 346-47 (5th Cir. 2009) (quoting *Lima v. Schmidt*, 595 So.2d 624, 629 (La. 1992). Therefore, the Court determines that, under the joint tortfeasor doctrine, Flour is a joint tortfeasor with the manufacturer defendants that were named in the *Hilliard* action. Thus, prescription as to Plaintiffs' claims against Fluor was interrupted.

### (3) *Contra Non Valentem*

Finally, and in addition to the above theories, the doctrine of *contra non valentem* may interrupt a prescriptive period under four scenarios: (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; (2) where there was some condition coupled with the contract or connected with the proceedings

which prevented the creditor from suing or acting; (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant. *Corsey v. State ex rel. Dept. of Corrections*, 375 So. 26 1319, 1321-22 (La.1979).

Plaintiffs argue that the equitable concept of *contra non valentem* should be applied to bar prescription because numerous factors allegedly contributed to their inability to appreciate their potential claims against Fluor, including their inability to obtain information necessary to identify which contractor installed and maintained their EHU. Plaintiffs explain that much of the information necessary to identify Fluor was in the hands of the United States, so it was necessary to seek information from the United States to match EHUs to contractor defendants.

Fluor, on the other hand, claims that Plaintiffs' late filing of claims against it was unreasonable. Fluor essentially argues that Plaintiffs were perfectly capable of bringing their claims against it, however, they simply failed or refused to do so in a timely fashion. As for Plaintiff Alexander's assertion that she did not know the identity of Fluor, who had installed her EHU, Fluor contends that by August 15, 2006, Alexander knew of Fluor's association with her EHU because she signed Fluor's Liquified Petroleum Gas "Installation Report." (Ex. 5 to Rec. Doc. 2918).

The Court fails to see how this Liquified Petroleum Gas Installation Report imputes knowledge to Alexander that Fluor was responsible for installing her EHU in its entirety, and possibly committed tortious conduct in so doing. Perhaps this document would be dispositive on this issue if this MDL pertained to injuries related to liquified petroleum gas or the installation

7

thereof; however, it is not readily apparent from this document that Fluor installed the entirety of Alexander's EHU.  Thus, in addition to the above reasons why this Court finds that prescription was either interrupted or tolled (and the filing of Plaintiffs' claims against Fluor was thus timely), the Court finds that, under the doctrine of *contra non valentem*, Plaintiffs' claims against Fluor were not known or reasonably knowable.   On the showing made, it is unclear to the Court why a person who was provided an EHU after a disaster would know or remember the identity of the entity who *installed* her EHU prior to her getting the keys and taking possession, not to mention would fathom that such installation and maintenance could be partly or wholly the cause of an "irritating" smell in their EHU and physical symptoms allegedly associated therewith.  Thus, for all the reasons cited in this Order, Fluor's motion is denied.  Accordingly,

## III.  CONCLUSION

Considering the foregoing, **IT IS ORDERED** that **Fluor Enterprises, Inc.'s Motion for Summary Judgment Based on Prescription (Rec. Doc. 2728)** is **DENIED**.  Plaintiffs claims against Fluor are indeed timely.

New Orleans, Louisiana, this 2nd day of September, 2009.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**