UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                          MDL NO. 07-1873
       FORMALDEHYDE PRODUCTS
       LIABILITY LITIGATION
                                                      SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-2892

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion in Limine to Exclude Expert Testimony of Michael E. Ginevan, Ph.D (Rec. Doc. 2730). In this motion, Plaintiffs Alana Alexander, individually and on behalf of her minor child, Christopher Cooper, (hereinafter, "Plaintiffs") seek to exclude the testimony of Michael E. Ginevan, Ph.D. ("Ginevan"), Gulf Stream Coach, Inc.'s bio-statistician expert, arguing that his testimony is not reliable and that he is not qualified to offer an expert opinion on this subject matter. After considering the memoranda of the parties, the expert opinion submitted by Ginevan (Exhibit A to Rec. Doc. 2730), and the applicable law, the Court rules as set forth herein.

Ginevan, a bio-statistician, is being offered to review the statistical basis of Plaintiffs' experts. Essentially, Ginevan criticizes the methodology used by certain of Plaintiffs' experts in determining levels of formaldehyde in Plaintiffs' emergency housing unit ("EHU"). Plaintiffs highlight several concerns regarding Ginevan's testimony, including: (1) Ginevan's inconsistent

comments regarding Plaintiffs' expert Paul Hewett coming up with "inconclusive findings"; (2) Ginevan seems to contradict Mary DeVany's findings regarding a heightened risk for high formaldehyde levels in travel trailers, but does not support such a claim; (3) Ginevan comments that William Scott's expert report fails to account for the fact that water and sewerage lines had been disconnected for months and provided an open pathway for air exchange, but provides no factual basis therefor; and (4) Ginevan states that the .08ppm standard employed by Plaintiffs' experts and ATSDR is "highly conservative", a conclusion which Plaintiffs claim Ginevan obtained from a blog post sponsored by the Formaldehyde Council, Inc. Plaintiffs also highlight that Ginevan admits he took no measurements, gathered no data, conducted no studies, and thus has an inability to support his conclusions with any data or statistical analysis.

In its opposition, Gulf Stream clarifies that Ginevan is being offered "solely to address Plaintiff's attempts to estimate the historic levels of formaldehyde in the Alexander emergency housing unit ("EHU") based on statistical analysis of other EHU test results." (Rec. Doc. 2882, p. 1). Gulf Stream concedes that it is through other expert testimony, to be offered at trial, that it will seek to establish that which Plaintiffs now move to exclude. Specifically, Gulf Stream withdraws Ginevan's opinions relating to qualitative modeling of formaldehyde levels in indoor environments and opinions regarding indoor air exchange rates. Thus, Plaintiffs' motion concerning these opinions is moot. Gulf Stream emphasizes that Ginevan's conclusion is simply that the diverse sampling employed by Plaintiffs' experts is irrelevant to the actual exposure in Plaintiffs' EHU.

Based on Gulf Stream's concession and agreement to limit Ginevan's testimony to his review of Plaintiff's statistical analysis regarding formaldehyde testing in other EHUs, this

2

motion is granted in part and denied in part. It is denied to the extent that Ginevan will be allowed to address Plaintiff's attempts to estimate the historic levels of formaldehyde in the Alexander EHU based on statistical analysis of other EHU test results. The motion is granted in all other respects.

Insofar as Plaintiffs complain that Ginevan lacks "specific knowledge" of formaldehyde (See Rec. Doc. 2730, p. 11), Plaintiffs' counsel can certainly explore this when the witness is presented for voir dire as to his qualifications (or limits thereof). Accordingly,

Considering the foregoing, **IT IS ORDERED Motion in Limine to Exclude Expert Testimony of Michael E. Ginevan, Ph.D (Rec. Doc. 2730)** is **GRANTED IN PART and DENIED IN PART** as expressed herein.

New Orleans, Louisiana, this 3rd day of September, 2009.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**