UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                     MDL NO. 07-1873
       FORMALDEHYDE PRODUCTS
       LIABILITY LITIGATION
                                                            SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-2892

## ORDER AND REASONS

Before the Court is Gulf Stream Coach, Inc.'s "Motion in Limine to Exclude Evidence of, or Argument Regarding, Political Proceedings" (Rec. Doc. No. 2839). The motion is opposed by plaintiffs.

In this motion, defendant apparently seeks to exclude certain exhibits listed as follows:

P1      Majority Staff Subcommittee on Investigations & Oversight – Committee on Science & Technology U.S. House of Representatives, September 2008, "Toxic Trailers – Toxic Lethargy: How the Centers for Disease Control and Prevention Has Failed to Protect the Public Health

P8      Statement of Harvey E. Johnson, Jr., Acting Deputy Administrator and Chief Operating Officer for FEMA before the U.S. Senate Subcommittee on Disaster Recovery and Subcommittee on State, Local, and Private Sector Preparedness and Integration, March 4, 2008

P9      Statement of R. David Paulison, FEMA Administrator, before the U.S. House of Representatives Committee on Oversight and Government Reform, July 19, 2007

1

> P80    Testimony of Heidi Sinclair, MD, MPH, FAAP before the U.S. House of Representatives Committee on Science and Technology, Subcommittee on Investigations and Oversight – April 1, 2008
>
> P81    Testimony of Christopher T. De Rosa, M.S., Ph.D. before the U.S. House of Representatives Committee on Science and Technology, Subcommittee on Investigations and Oversight – April 1, 2008
>
> P82    Testimony of Dr. Meryl H. Karol before the U.S. House Committee on Science and Technology, Subcommittee on Investigations and Oversight – April 1, 2008
>
> P83    Testimony of Scott Needle, MD, FAAP before the U.S. House of Representatives Committee on Oversight and Government Reform – July 19, 2007
>
> (not numbered)    U.S. House of Representatives Committee on Oversight and Government Reform – Majority Staff Analysis, July 9, 2008 ("Trailer Manufacturers and Elevated Formaldehyde Levels") (also sometimes referred to as the "Waxman Report")

Defendant contends that these documents, apparently generated as a result of Congressional proceedings, should be excluded in that they are hearsay and/or are unqualified personal opinions, and thus are inadmissible. Gulf Stream further contends that these "findings" lack the trustworthiness required for admission in the trial in this matter, set to begin on September 14, 2009. In their opposition, plaintiffs seem to claim that these exhibits are admissible under FRE 803(8)(C). Plaintiffs also contend that testimony offered during Congressional hearings might be relevant for impeachment purposes.

The Court **GRANTS** this motion to the extent that any party seeks to introduce evidence, by way of documentation or testimony, about Congressional hearings, proceedings, inquiries, or other legislative branch events. This includes any investigatory reports, committee minutes,

committee reports, analysis, opinions, or other attempts by members of Congress, or their staffs, to find facts that somehow relate to the use of Gulf Stream EHU's by FEMA in the aftermath of Hurricanes Katrina and Rita. While those inquiries might well touch upon matters central to the trial in this matter, they were conducted for various purposes, including review of past policy decisions and future policy formulation and FEMA planning. This matter, on the other hand, seeks to establish only the liability *vel non* of the defendant herein, applying the legal standard of the Louisiana Product Liabilities Act, La. Rev. Stat. Ann. § 9:2800.52, *et seq.*, and/or in the alternative, negligence (in the instance of defendant Fluor Enterprises, Inc.). Thus, any facts, opinions, or analysis offered as a result of Congressional hearings or investigations are not admissible in these proceedings.

On the other hand, the motion is **DENIED** to the extent that it seeks to preclude use of sworn testimony given by one or more persons who might also testify during the course of this trial. While not automatically admissible, transcripts of such testimony constitute prior statements by any such witness, and thus can be used for impeachment purposes, assuming that a proper foundation is laid in order that such witness' testimony is subject to impeachment. In the event such testimony might be referenced, counsel are cautioned that the witness should be directed to testimony given on a certain date, without stating that such testimony was offered before a Congressional committee or subcommittee, or other tribunal, in order to refresh the witness' memory as to the testimony given on the prior date.

Ultimately, the jury will decide this case based upon the facts it finds, which in turn will be based upon the testimony and other evidence adduced in the courtroom in the Eastern District of

Louisiana. The jury cannot and will not be influenced by any other "fact finding" exercises, opinions, analysis, or other investigatory results generated in the halls of Congress or elsewhere. The undersigned is quite confident that the jury can make the appropriate fact findings, and apply the law as given to them by the Court, in order to decide this case, without the influence of outside tribunals.

For the above-stated reasons, Gulf Stream Coach, Inc.'s Motion in Limine to Exclude Evidence of, or Argument Regarding, Political Proceedings" is **GRANTED IN PART** and **DENIED IN PART**.

New Orleans, Louisiana, this 3rd day of September, 2009.

                                           **KURT D. ENGELHARDT**
                                           **United States District Judge**