**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE PRODUCTS | * | |
| | LIABILITY LITIGATION | * | SECTION "N" (5) |
| | | * | |
| | | * | JUDGE ENGELHARDT |
| | | * | MAGISTRATE CHASEZ |
| | | * | |
| THIS DOCUMENT IS RELATED TO | | * | |
| | | * | |
| *Charlie Age, et al v. Gulf Stream Coach* | | * | |
| *Inc., et al*, Docket No. 09-2892; | | * | |
| Alana Alexander, individually and on behalf | | * | |
| of Christopher Cooper | | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REPLY TO DEFENDANT FLUOR ENTERPRISES, INC.'S**
**REPLY TO PLAINTIFF'S RESPONSE TO FLUOR ENTERPRISES, INC.'S**
**MOTION FOR SUMMARY JUDGMENT BASED ON THE**
**GOVERNMENT CONTRACTOR DEFENSE**

Plaintiff Alana Alexander ("Ms. Alexander" or "Plaintiff") replies to Defendant Fluor Enterprises, Inc.'s ("FEI") "Reply to Plaintiff's Response to Fluor Enterprises, Inc.'s Motion for Summary Judgment Based on the Government Contractor Defense" (Docket Entry No. 2995-3).

**ARGUMENT AND AUTHORITIES**

As noted by FEI in its reply, the government contractor defense requires that FEI meet every condition listed in the three-part *Boyle* test. The facts alleged by FEI are controverted as noted in "Plaintiff's Statement of the Material Facts as To Which There Exists A Genuine Issue To Be Tried," Rec. Doc. 2889-2, p. 1-4, and supported by citation throughout "Plaintiff's Response to Fluor Enterprises, Inc.'s Motion for Summary Judgment Based on the Government Contractor Defense." Rec. Doc. 2889, p. 7-16. Thus, there exist questions of material facts requiring the denial of summary judgment as "there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citations omitted).

**I.   A MATERIAL QUESTION OF FACT EXISTS AS TO WHETHER FEI HAD DISCRETION OVER "JACKING UP" THE MOBILE TRAILERS.**

FEI mischaracterizes Plaintiff's first point as pertaining to the "blocking" of the EHUs. Rec. Doc. 2995-3, p. 2-4. Plaintiff does not argue that FEI maintained discretion over the blocking procedure; instead, as stated by FEI itself, FEI retained discretion over "how to get the trailer from the ground on two axles and a tongue jack onto the piers." Rec. Doc. 2783-2, p. 22. FEI argues that Plaintiff is parsing out one process of the blocking procedure, and thereby focusing on "one discreet component of the overall design." Rec. Doc. 2995-3. Respectfully, at the very least, the "jacking up" of the trailers is an essential, primary procedure that required completion prior to placing the EHUs on cinderblocks. It is not the degree of specificity that is missing from the procedure, it is the procedure itself; thus, leaving the discretion in the hands of FEI.

While FEI is correct in noting that *Trevino v. General Dynamics Corp.*, 865 F.2d 1474 (5th Cir), *cert. denied*, 493 U.S. 935 (1989), is factually dissimilar. Rec. Doc. 2995-3, p 5-6. The legal premise of *Trevino* is applicable to the case at bar. If a third party is left with the discretion to formulate a key component of a procedure, that third party cannot hide behind sovereign immunity. *Trevino*, 865 F.2d at 1480. This was noted in *Snell v. Bell Helicopter Textron*, 107 F.3d 744 (9th Cir. 1997), where although evidence existed of significant government involvement, the evidence did not establish, *as a matter of law*, that the government exercised its discretion with respect to a key component. *Id.* at 748-49 (emphasis added). The "jacking up" of the trailer cannot be deemed a trivial component of the EHU installation given its complexity nor can the blocking provisions be considered "reasonably precise" with regard to preparing and placing the trailers on cinderblocks.

Furthermore, FEI cites to proposition that if FEMA uses a product long enough, then the third-party contractor automatically meets the first element of the government contractor defense. However, as noted in the cases cited by FEI, the use of the product must be pronounced —20 years or more — and involve a specific, tangible product, not the procedure employed for installing a product. Here, the issue is not the specific design of the trailer, but its installation. Furthermore, as noted by FEMA's Katrina response, FEMA has not used the same specific design of trailer nor has FEMA used the same specific design of trailer in its history of providing EHUs to disaster victims. Ultimately, FEI's attempt to obtain summary judgment should fail as there exists material fact questions regarding FEI's discretion.

**II.   A MATERIAL QUESTION OF FACT EXISTS AS TO WHETHER FEI FAILED TO FOLLOW THE SPECIFICATIONS PROVIDED BY FEMA.**

In its reply, FEI essentially argues that Plaintiff is attempting to proverbially have its cake and eat it too. However, FEI misinterprets Plaintiff's second point. In addition to the discretion applied in "jacking up" the mobile trailers, FEI also negligently failed to follow existing specifications provided by FEMA regarding installation and maintenance. Rec. Doc. 2889-5, p. 99, 100 ("[R]epair personnel sent out to address her roof leak issues reported to her that they did not believe their efforts repaired the leak."); *see also* Rec. Doc. 2783-5, p. 36, 86 (stating FEI's responsibility of "any other minor work required to prepare the unit for occupancy" and the maintenance of "all panels, sidings, windows, screens and doors). FEI further mischaracterizes Plaintiff's argument regarding DD250 military forms. Plaintiff does not assert that a DD250 form is the only means to gain FEMA express acceptance, but that the type of acceptance embodied in DD250 is the type required, i.e. – a <u>well-recognized</u> form issued <u>by the government</u>. *See, e.g., Hendrix v. Bell Helicopter Textron, Inc.*, 634 F.Supp. 1551, 1557 (N.D. Tex. 1986) (emphasis added). Furthermore, Plaintiff does acknowledge *Trevino*'s express application to the first *Boyle* element, and suggests that it be logically applied to the second *Boyle* element. Rec. Doc. 2889, pg. 14. If a letter similar to the one procured by FEI was sufficient to remove all liability then "government contractors would make sure they would never face liability . . . merely by bargaining for a guarantee that some federal employee would place his signature at the bottom of every sheet of paper." *Trevino*, 865 F.2d at 1480, n.5. Consequently, FEI has failed to provide evidence that shows there is no genuine issue of material fact as to whether FEI followed FEMA's specifications.

### III. A MATERIAL QUESTION OF FACT EXISTS AS TO WHETHER FEMA KNEW OF THE FORMALDEHYDE HAZARDS.

FEI incorrectly states the summary judgment test as it pertains to the third element of the government contractor defense. Plaintiff is not required to show that FEI had actual knowledge of formaldehyde hazards, but that a material question of fact exists to whether FEI had such knowledge. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Plaintiff has provided evidence that indicates that FEI knew of the hazards surrounding formaldehyde and failed to proactively warn FEMA. Rec Doc. 2889, p. 15. As such, because a question of fact exists as to whether FEI actually knew of the formaldehyde hazards warrants that summary judgment be denied.

### CONCLUSION

As noted in Plaintiff's previous response, because contractor defense is an affirmative defense and FEI carries the burden of persuasion, this Court must evaluate each element of the defense to determine whether FEI has met its burden. *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999). Here, because material fact questions exist as to whether FEI (1) used its own discretion to "jack up" the mobile trailers, (2) failed to meet FEMA' specifications and (3) knew of formaldehyde dangers, summary judgment should be denied.

### PRAYER

WHEREFORE, Plaintiff Alana Alexander respectfully requests that the Court deny Fluor Enterprises, Inc.'s Motion for Summary Judgment Based on the Government Contractor Defense and for such other relief to which she is entitled.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:  s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:   504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:   504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
Dennis Reich, Texas #16739600

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing on September 4, 2009.

 s/Gerald E. Meunier
GERALD E. MEUNIER, #9471