UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER  
      FORMALDEHYDE PRODUCTS  
      LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N" (5)

THIS DOCUMENT RELATES TO  
Member Case No. 09-2892

## ORDER AND REASONS

Before the Court is Gulf Stream Coach, Inc.'s "Motion in Limine to Exclude Certain Witness Testimony" (Rec. Doc. No. 2836). In this motion, Gulf Stream seeks to exclude the testimony of its former employees Don Freiberger, Karen Freiberger, Don Shaffer, Michael Urbanski, Allen Davis, Patrick McCreary, Frank Jaquez, Michelle Hoover, Linda Esparza, Terry Slone, and Ron Dhaeze.[1] On Pages 2 and 3 of their opposition memorandum, Plaintiffs outline the intended testimony of each of these witnesses. Thus, the Court will consider these witnesses only with regard to the testimony that Plaintiffs have affirmatively represented to the Court they intend to elicit.

---

[1] The motion is unopposed as to Michelle Hoover and Ron Dhaeze, and thus they are excluded.

1

1. **Don Freiberger**

As to Don Freiberger, the motion is **DENIED**. He may testify to that set forth on Page 2 of Plaintiffs' opposition memorandum, subject to the Court's further instruction set forth below with regard to any physical discomfort or ailments he and others suffer or have suffered in the past.

2. **Karen Freiberger**

As to Karen Freiberger, the motion is **DENIED**. She may testify to that set forth on Page 2 of Plaintiffs' opposition memorandum, subject to the Court's further instruction set forth below with regard to any physical discomfort or ailments she and others suffer or have suffered in the past.

3. **Don Shaffer**

As to Don Shaffer, the motion is **DENIED**. He may testify to that set forth on Page 2 of Plaintiffs' opposition memorandum, subject to the Court's further instruction set forth below with regard to any physical discomfort or ailments he and others suffer or have suffered in the past.

4. **Michael Urbanski**

As to Michael Urbanski, the motion is **DENIED**. He may testify to that set forth on Page 2 of Plaintiffs' opposition memorandum, subject to the Court's further instruction set forth below with regard to any physical discomfort or ailments he and others suffer or have suffered in the past.

5. **Allen Davis**

As to Allen Davis, the motion is **DENIED**. He may testify to that set forth on Page

2 of Plaintiffs' opposition memorandum, subject to the Court's further instruction set forth below with regard to any physical discomfort or ailments he and others suffer or have suffered in the past. With regard to his expected testimony about "the speed required to build trailers and how that affected their quality", such testimony shall be limited only to the time period when the trailer at issue in this bellwether trial was constructed (assuming he has first-hand knowledge of such information), and not to any of the other times over the 14 years prior to the construction of this particular trailer.

**6.      Patrick McCreary**

As to Patrick McCreary, the motion is **GRANTED**. McCreary has not worked at Gulf Stream since 1991, and the testimony Plaintiffs indicate they would seek to offer is cumulative of the witnesses identified above.

**7.      Frank Jaquez**

As to Frank Jaquez, the motion is **GRANTED**. McCreary has not worked at Gulf Stream since 2001, and the testimony Plaintiffs indicate they would seek to offer is cumulative of the witnesses identified above.

**8.      Linda Esparza**

Based on Plaintiffs' indication, Ms. Esparza's testimony appears to be cumulative of those witnesses identified above. The Court further notes that she was not employed at Gulf Stream until November 2005, long after the unit in question in this bellwether trial left the plant. Moreover, the testimony regarding what she was told at Gulf Stream, and what her coworkers told her about their ailments, would probably be inadmissible hearsay. The motion is **GRANTED** as to this witness.

**9.     Terry Slone**

The motion is **GRANTED** as to Terry Slone, who did not work at Gulf Stream until September 2005, long after the unit in question in this bellwether trial left the Gulf Stream plant. Moreover, Mr. Slone's expected testimony regarding odors and his physical reaction is cumulative, in addition to occurring during the time period after the trailer in question was constructed.

With regard to any complaints of physical discomfort and/or medical conditions these testifying witnesses allegedly experienced, the Court strongly cautions counsel that the medical conditions of these witnesses is not at issue in this case, and they will not be allowed to testify as to such condition unless it is *specifically* and *demonstratively* related to the "odors from wood products", *and* that such odors are specifically demonstrated to be formaldehyde-based.  It is well known that a variety of chemical odors are emitted in many factory settings.  The fact that these workers "encountered odors or bad smells" is meaningless unless they can with some certainty state that it was formaldehyde they were smelling.  Then and only then can they testify as to their physical reaction while breathing it.  Otherwise, their medical conditions experienced thereafter are not relevant or admissible at trial.

New Orleans, Louisiana, this 4th day of September, 2009.

_____
**KURT D. ENGELHARDT**
**United States District Judge**