UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                  MDL NO. 07-1873
       FORMALDEHYDE PRODUCTS
       LIABILITY LITIGATION
                                                                               SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-2892

# ORDER AND REASONS

Before the Court are the following two motions: (1) Gulf Stream Coach, Inc.'s Motion to Strike Opinions and Testimony of Ervin Ritter, P.E. (Rec. Doc. 2777) and (2) Gulf Stream Coach, Inc.'s Motion to Strike Opinions and Testimony of Paul LaGrange (Rec. Doc. 2879). In these motions, Defendant Gulf Stream Coach, Inc. ("Gulf Stream") seeks to strike the opinions and testimony of Ervin Ritter, P.E. ("Ritter"), Plaintiffs' HVAC/Mechanical Engineer Expert, and Paul LaGrange ("LaGrange"), Plaintiffs' testing expert. After considering the memoranda of the parties, the expert opinions submitted by Ritter and LaGrange, the information discussed with counsel on the record on this date, and the applicable law, the Court rules as set forth herein.

Gulf Stream argues that the Court should strike the opinions and testimony of Ritter and LaGrange because their opinions rely upon "testing" conducted on May 6-7, 2009, which was ruled inadmissible by the Court. (See Rec. Doc. 1547). Specifically, the testing done on May 6-7, 2009, upon which the opinions are allegedly based, involved: (1) blower door testing; (2) duct blaster testing; and (3) thermographic image testing.

While this Court did exclude the results of the testing conducted on May 6-7, 2009 in its May 18, 2009 Order and Reasons (Rec. Doc. 1547), it later clarified that "measurements of the subject EHU taken [on May 6-7, 2009] would not be considered by the Court to be expert

opinion or a product of expert testing. Accordingly, such information would likely be admissible." (Rec. Doc. 2062, n. 1). After a telephone conference held by the Court on September 4, 2009 to discuss this issue, the Court understands that the thermographic image testing measured existing and observable conditions in the trailer, while on the other hand, the blower door testing and duct blaster testing involved changing and manipulating existing circumstances in the trailer to obtain a reading, make further calculations, and reach a result. Based on this information, the Court concludes that the thermographic image testing produced a "measurement", which is admissible, while the blower door testing and duct blaster testing were in fact "tests", which the Court has previously ruled are inadmissible.

Thus, the testimony and opinions of Ritter and LaGrange that do not relate at all to the May 6-7, 2009 are admissible to the extent that they are relevant. Further, any testimony and opinions of Ritter and LaGrange that relate to the May 6-7, 2009 testing is inadmissible, except to the extent that it relates to the thermographic image testing or physical measurements and dimensions. Accordingly,

**IT IS ORDERED** that **Gulf Stream Coach, Inc.'s Motion to Strike Opinions and Testimony of Ervin Ritter, P.E. (Rec. Doc. 2777)** and **Gulf Stream Coach, Inc.'s Motion to Strike Opinions and Testimony of Paul LaGrange (Rec. Doc. 2879)** are both **GRANTED IN PART** and **DENIED IN PART**, as expressed herein.

New Orleans, Louisiana, this 4th day of September, 2009.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**