UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMES H. ALDRIDGE, ET AL | * | MDL NO. 1873 |
| | * | |
| | * | SECTION: "N" |
| | * | |
| | * | MAGISTRATE: "5" |
| VERSUS | * | |
| | * | JUDGE ENGELHARDT |
| GULF STREAM COACH, INC., ET AL | * | |
| | * | MAGISTRATE CHASEZ |

## DEFENDANT, NORTH AMERICAN CATASTROPHE SERVICES, INC.'S RESERVATION OF DEFENSES UNDER RULE 12(b)

NOW INTO COURT, through undersigned counsel, comes defendant, North American Catastrophe Services, Inc. (hereinafter "NACS"), who hereby respectfully reserves the following defenses and objections to plaintiffs' Original and First Supplemental and Amending Complaint. Although this matter is currently pending in multi-district litigation, titled *In Re: FEMA Trailer Formaldehyde Products Liability Litigation*, MDL No. 1873, Section 4(N), defendant NACS raises and hereby preserves the following defenses available under Rule 12(b):

1. Because suit was not filed as a class action, plaintiffs' individual claims are insufficient to satisfy amount in controversy for diversity jurisdiction; plaintiffs did not make factual or legal allegations to demonstrate the court has jurisdiction and instead make conclusory statements that federal question and diversity jurisdiction exist.

2. Plaintiffs' claims are barred by the applicable prescriptive periods.

3. Plaintiffs have not stated claims for medical monitoring damages because they have not alleged present and manifest injury, which is required under Louisiana law.

4. Plaintiffs have not stated claims for injunctive relief as none of the theories invoked by plaintiffs provide recovery for injunctive relief as sought by plaintiffs and plaintiffs have not alleged a sufficient basis to entitle them to injunctive relief.

5. Plaintiffs have not stated a claim to recover attorney's fees because (a) attorney's fees are not recoverable under Louisiana law because they have not alleged any viable theory of liability through which they can recover attorney's fees.

6. Plaintiffs have not stated a claim for punitive damages under Louisiana law.

7. The Complaint does not state a claim because it does not make particularized allegations about plaintiffs: no allegations regarding plaintiffs' particular injuries (if any), the dates on which plaintiffs occupied units, and the relationship of NACS, if any, to any of the plaintiffs.

8. As an alternative to the motion to dismiss, a motion for more definite statement could argue that the complaint does not make sufficient particularized allegations about plaintiffs: no allegations regarding plaintiffs' particular injuries (if any), or the dates on which plaintiffs occupied units, and the relationship, if any, to and of the plaintiffs.

9. Plaintiffs' claims are prescribed under Louisiana's one year prescriptive period for claims made on behalf of Louisiana residents and/or the applicable statute of limitation has run as to claims made on behalf of Alabama and Mississippi residents.

**WHEREFORE**, defendant, North American Catastrophe Services, Inc., prays that the objections and defenses described above be preserved if the suit is remanded to this Court at a later date. Defendant requests the right to brief any Rule 12(b) motion in full and requests the right to oral arguments on the merits of any such motion.

Respectfully Submitted,

**DEUTSCH, KERRIGAN & STILES, LLP**

| s/Douglas R. Elliott | |
|---|---|
| MARGARET M. JOFFE | #17643 |
| DOUGLAS R. ELLIOTT | #24402 |
| 755 Magazine Street | |

New Orleans, Louisiana 70130
Telephone: (504) 581-5141
Facsimile: (504) 566-1201
**ATTORNEYS FOR NORTH AMERICAN CATASTROPHE SERVICES, INC.**

### CERTIFICATE OF SERVICE

I do certify that on this <u>4th</u> day of September, 2009, I served a copy of the foregoing on all counsel of record via the electronic notice system of the Court.

<u>s/Douglas R. Elliott</u>
DOUGLAS R. ELLIOTT

C:\NrPortbl\DKS\DUFRENE\1112512_1.DOC