UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

ELECTRONICALLY FILED

| | |
|---|---|
| JEAN ADAMS, et al., <br>     Plaintiff, <br> v. <br> FLEETWOOD CANADA, LTD., et al., <br>     Defendant. | DOCKET NO: 09-4371"N"(5) c/w 07-1873 <br> **Re: FEMA Trailer Formaldehyde Products Liability Litigation** |

**MEMORANDUM OF FACT AND LAW IN SUPPORT OF AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY'S MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. PROC. 12(E)**

Defendant American International Specialty Lines Insurance Company ("AISLIC"), by and through undersigned counsel, respectfully moves this Court, pursuant to Fed. R. Civ. P. 12(e), to grant its motion for more definite statement to compel the Plaintiffs to amend their Complaint and specifically set forth a more definite statement of the alleged insurance contracts that they assert are at issue in the Plaintiffs' Complaint for Damages. In support of its motion, Defendant AISLIC states as follows:

**I.   FACTUAL BACKGROUND**

Plaintiffs filed the instant action against various manufacturers and their insurers, numerous parties, including AISLIC, for claims arising from housing units allegedly manufactured by one or more of the following entities: (1) Fleetwood Canada, Ltd.; (2) Fleetwood Enterprises, Inc.; (3) Fleetwood Homes of North Carolina, Inc.; (4) Fleetwood Homes of Georgia, Inc.; and (5) Fleetwood Travel Trailers of Maryland, Inc., (collectively referred to in the Complaint as "Fleetwood"). The housing units were sold by one or more of these entities to

the United States Government and were thereafter provided to Plaintiffs by the Federal Emergency Management Agency ("FEMA") in September 2005 following Hurricane Katrina and/or Rita. The Complaint alleges four causes of action: a general cause of action against the federal government; a cause of action against the manufacturers under Louisiana Products Liability Act; a cause of action against "No-Bid" defendants under the Louisiana Products Liability Act; and a cause of action alleging negligence on behalf of "No-Bid" defendants under Louisiana law.

## II.  LAW AND ANALYSIS

Fed. R. Civ. Proc. 12(e) provides that "[a] party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response."; *See Sutton v. United States,* 819 F.2d 1289, 1300 (5th Cir. 1987) ("The District Court also has available to it a motion under Fed. R. Civ. Proc. 12(e) for more definite statement under which the court can require that a plaintiff to specifically set forth the particular facts which establish his right to recovery including those facts which support his contention that the defense of immunity cannot be sustained."). Rule 12(e) requires that the motion "point out the defects complained of and the details desired". Fed. R. Civ. P. 12(e).

Besides general allegations of venue and jurisdiction, the only allegations against AISLIC are set forth in paragraphs 8 and 95:

> 8.  Defendant American International Specialty Lines, is upon information and belief, a foreign insurance corporation licensed to do and doing business in the State of Louisiana which, at all times relevant herein, had in force and effect a policy or policies of commercial general liability insurance and/or Pollution Legal Liability and/or Excess Liability providing coverage to Fleetwood for the risks involved in the incident sued upon herein, including coverage for named defendants, and by the terms of which said defendant insurer is liable to plaintiffs and may be sued under the Louisiana Direct Action Stature, La. R.S. 22:655.

>   95.    Plaintiffs aver that the Insurers had in full force and effect policies of liability insurance affording coverage to the defendant Fleetwood with respect to the matters, risks, and things for which this defendant is liable herein, thereby affording plaintiffs the right to proceed against those defendant Insurers under the provisions of the Louisiana Direct Action Statute [].[1]

In Paragraph 22 of the Complaint, Plaintiffs allege that they were provided travel trailers, park models and mobile homes ("collectively housing units") in the State of Louisiana by FEMA after the landfalls of Hurricane Katrina and/or Rita in September of 2005.  Plaintiffs seek damages against one or more of the defendants because of injury from their alleged exposure to formaldehyde contained in the materials used to construct the housing units.  (Complaint at ¶ 33.)  The Complaint does not set forth any time period when "Fleetwood", AISLIC's alleged insured(s), allegedly supplied the housing units.

Plaintiffs have implicated insurance policies issued by two separate insurance companies that may have provided coverage to as many as five named Fleetwood defendants.  Absent, however, from the Complaint is any information concerning the specific insurance policies issued by AISLIC (i.e., policy number, alleged effective dates, alleged named insured or limits).

Clearly, the pivotal issues in this action that relate to AISLIC, its alleged insured(s) and Plaintiffs, are dependent upon the specific provisions of the insurance policies at issue.  Though the Federal Rule requires only notice pleading, *see* Fed. R. Civ. Proc. 8(a), the relevant insurance policies at issue—which are valid components of notice pleading—cannot be determined from the allegations as presently set forth in the Complaint.

While the Federal Rules do not require a disputed contract to be attached to a complaint, Plaintiffs' thread-bare interpretation of notice pleading is wholly inadequate because it does not

even begin to set forth the essential elements of a claim under an insurance policy. Plaintiffs fail to identify any of the particular policies placed at issue in this litigation. Because of the vagueness and ambiguity of Plaintiffs' Complaint, Defendant AISLIC is unable: to identify the AISLIC insurance policy or policies allegedly at issue; to evaluate the nature and extent of any alleged coverage; and to evaluate its defenses to Plaintiffs' claims. Therefore, Defendant AISLIC cannot reasonably respond to the allegations contained in Plaintiffs' Complaint.

Accordingly, this Court should order Plaintiffs to provide a more definite statement setting forth this most basic information. The benefit to AISLIC in obtaining this information is fair notification of all of the policies under which the Plaintiffs seek to recover, the opportunity to prepare an adequate response to the Complaint, and the ability to frame appropriate affirmative defenses. Requiring a more definite statement will not place any undue burden on Plaintiffs.

## III.    CONCLUSION

WHEREFORE, based upon the foregoing reasons, Defendant AISLIC respectfully requests that this Court enter an order (a) requiring the Plaintiffs to serve a more definite statement identifying the policies they claim are at issue, including the policy numbers, effective dates, and the identity of the named insured for each insurance contract at issue, and (b) for any other and further relief as this Court deems just and proper.

DATED:  September 4, 2009

---

[1] The Complaint refers to the Louisiana Direct Action Statute, La. R. S. 22:655 (Complaint, § 8). As of January 1, 2009, this section was redesignated as R. S. 22:1269 pursuant to Acts 2008, No. 415, § 1 (hereinafter, collectively referred to as "Louisiana Direct Action Statute").

           Respectfully submitted,

      By:  /s/ Richard M. Simses
         RICHARD M. SIMSES (#12306)
         PAUL M. LAVELLE (#08134)
         BEIRNE, MAYNARD &
         PARSONS, L.L.P.
         1100 Poydras St., Suite 2900
         New Orleans, LA  70163
         (504) 799-2223 (Tel.)

         OF COUNSEL:

         Richard S. Kuhl
         Daniel J. Lynn
         Jenni K. Kanter
         JACKSON & CAMPBELL, P.C.
         1120 20th Street, N.W.
         Suite 300 South
         Washington, D.C.  20036
         (202) 457-1600 (Tel.)
         (202) 457-1678 (Fax)

         **Counsel for Defendant**
         **American International Specialty**
         **Lines Insurance Company**

### CERTIFICATE OF SERVICE

   I hereby certify that on September 4, 2009, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| Sidney D. Torres, Esq.<br>Roberta L. Burns, Esq.<br>David C. Jarrell, Esq.<br>Law Offices of Sidney D. Torres, III<br>8301 W. Judge Perez Dr., Suite 303<br>Chalmette, LA  70043 | |

           _/s/ Richard M. Simses_