**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

ELECTRONICALLY FILED

| | |
|---|---|
| CURTIS COLEMAN, SR., et al., ) </br> ) </br> Plaintiff, ) </br> v. ) </br> ) </br> AMERICAN INTERNATIONAL ) </br> SPECIALTY LINES INSURANCE ) </br> COMPANY, et al., ) </br> ) </br> Defendant. ) </br> ) | CIVIL ACTION NO: 09-3851 "N" (5) </br> **Re: FEMA Trailer Formaldehyde Products Liability Litigation – MDL No. 1873** |

**AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. PROC. 12(B)(6), OR. IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. PRO. 12(E).**

**COMES NOW,** Defendant American International Lines Insurance Company ("AISLIC"), by and through counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby respectfully requests that this Court grant its Motion to Dismiss on the grounds that the Complaint fails to state a claim against AISLIC upon which relief can be granted. In the alternative, AISLIC respectfully requests that the Court grant its Motion For More Definite Statement, pursuant to Fed. R. Civ. Pro. 12(e) and to compel the Plaintiffs to amend their Complaint and specifically set forth the particular facts which they allege establish their right to recovery.

**I.   FACTUAL BACKGROUND**

Plaintiffs have brought the instant action against various product manufacturers and their alleged insurers, among others, for claims arising from housing units or travel trailers provided

by the Federal Emergency Management Agency ("FEMA") after Hurricane Katrina and/or Rita in September of 2005. The Complaint alleges three causes of action, only one of which is alleged against defendant AISLIC – Count II of the Complaint entitled "Cause of action against AISLIC and/or Gibraltar under the Louisiana Products Liability Act" ("LPLA"). The allegations of Count II are limited however, to allegations of conduct by a non-party, Fleetwood. There are no allegations made against AISLIC.

To the extent the Plaintiffs purport to have brought this action against AISLIC pursuant to La. R.S. 22:1269, the Louisiana Direct Action Statute, Plaintiffs claims should likewise be dismissed as the Complaint fails to allege fact sufficient to support any direct action.

Accordingly, because the allegations in the Complaint fails to state a claim against AISLIC upon which relief can be granted, AISLIC respectfully requests that this Court dismiss Plaintiffs' claim against AISLIC pursuant to Fed. R. Civ. Pro. 12(b)(6). Alternatively, AISLIC requests that the Court grant its Motion for More Definite Statement and compel Plaintiffs to amend their Complaint and specifically set forth the particular facts which they allege establish their right to recovery, including but not limited to, a more definite statement of the alleged insurance contracts that they assert are at issue in this action.

## II. LAW AND ARGUMENT

### A. Burden Of Proof

Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Reyes v. Sazan*, 2000 U.S. Dist. LEXIS 12439 (E.D. La. Aug. 22, 2000), citing *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995); *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). *Id.* Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to

dismiss. *Id.* Even if the factual allegations are not conclusory, the court will still dismiss a claim if the law does not provide redress for the claim. *Id.* In other words, dismissal may be appropriate because "the law simply may not afford relief on the basis of the facts alleged in the complaint". *BNSF Ry. v. Town of Vinton*, 2006 U.S. Dist. LEXIS 73712 (W.D. La. Oct. 6, 2006), citing *Walker v. S. Cent. Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir. 1990).

  **B.** **Plaintiffs' Complaint Fails To State A Cause Of Action Against AISLIC Under The LPLA.**

The Plaintiffs' Complaint fails to allege any facts regarding any act or omission on the part of AISLIC that could possibly subject to AISLIC to any liability. The Complaint only makes two allegations against AISLIC: that "defendant AISLIC provided insurance coverage for the risks involved herein of Fleetwood Enterprises, Inc., (hereinafter, "Fleetwood"), which manufactured and supplied FEMA trailers or housing units as defined below pursuant to contracts with FEMA for use in the State of Louisiana" and (2) that the Court has *in personam* jurisdiction over AISLIC in this matter. (*See* Complaint at ¶¶ 3 and 11.) No other allegations are made against AISLIC. For example, the purported cause of action against AISLIC for an alleged violation of the LPLA do not contain allegations against, related to, or attributable to AISLIC. Rather, the allegations that support its cause of action against AISLIC are limited to the alleged violation of the LPLA by Fleetwood, an entity that is not a party to this action.

  **C.** **Plaintiffs' Complaint Does Not Allege That It Pursuing AISLIC Under The Louisiana Direct Action Statute And Further Fails To Allege That They Have Standing To Do So.**

Even if the Plaintiffs are attempting to bring this action against AISLIC pursuant to Louisiana Revised Statutes § 22:1269 ("Louisiana Direct Action Statute"), the Complaint fails to plead facts sufficient to do so. As an initial point, the Complaint is silent as to whether or not Plaintiffs have sued AISLIC pursuant to the Louisiana Direct Action Statute. Further, the

3

Complaint fails to allege that it has satisfied the requirements of §22:1269, which provides:

> A. No policy or contract of liability insurance shall be issued or delivered in this state, unless it contains provisions to the effect that the insolvency or bankruptcy of the insured shall not release the insurer from the payment of damages for injuries sustained or loss occasioned during the existence of the policy, and any judgment which may be rendered against the insured for which the insurer is liable which shall have become executory, shall be deemed prima facie evidence of the insolvency of the insured, and an action may thereafter be maintained within the terms and limits of the policy by the injured person, or his or her survivors, mentioned in Civil Code Art. 2315.1, or heirs against the insurer.
>
> B.(1) The injured person or his or her survivors or heirs mentioned in Subsection A, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only. However, such action may be brought against the insurer alone only when:
>
>> (a) The insured has been adjudged a bankrupt by a court of competent jurisdiction or when proceedings to adjudge an insured a bankrupt have been commenced before a court of competent jurisdiction;
>>
>> (b) The insured is insolvent;
>>
>> (c) Service of citation or other process cannot be made on the insured;
>>
>> (d) When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons;
>>
>> (e) When the insurer is an uninsured motorist carrier; or
>>
>> (f) The insured is deceased.
>
> * * *

La. R.S. 22:1269 (2009).

An injured party obtains a right of action against another person's insurance company only if all the requirements of La. R.S. 22:655[1] have been fulfilled. *Foltmer v. James*, 799 So. 2d 545, 548 (La.App. 4 Cir. Sept. 12, 2001). To the extent a plaintiff attempts to pursue the insurer alone, such direct actions are strictly limited to the five enumerated circumstances listed in La. R.S. 22:1269 (B). *White v. State Farm Insurance Company*, 862 So. 2d 263 (La. App. 4 Cir. 2003) citing *Foltmer, supra.* In *White,* the Louisiana Court of Appeal for the Fourth Circuit held that were the Plaintiffs failed to offer, let alone prove, that any of the five enumerated circumstances under La. R.S. 22:1269 were applicable, defendant was entitled to a dismissal. 862 2d at 266.

As set forth above, Fleetwood, AISLIC's alleged insured, is not a party to this action. To the extent Plaintiffs seek to pursue their claims against AISLIC alone, they may due so only if they have satisfied the requirements of La. R.S. 22:1269(B). Plaintiffs' Complaint, however, fails to allege that they are seeking relief under the Louisiana Direct Action Statute at all, much less allege that they have meet the conditions of La. R.S. 22:1269(B) for pursuing AISLIC in the absence of its alleged insured. Specifically, the Complaint contains no allegations that Fleetwood has been adjudged bankrupt; that proceedings to adjudge Fleetwood a bankrupt have commenced; that Fleetwood is insolvent; that service cannot be made on Fleetwood; or any other facts required to satisfy the requirements of the Louisiana Direct Action Statute. (*See generally* Complaint ¶¶ 1-129.)

Assuming for purposes of this motion that all of the allegations in the Complaint are true, Plaintiffs' claims against AISLIC must fail because Plaintiffs do not allege any facts that would support the application of the Louisiana Direct Action Statute or any acts or omissions that could

---

[1] As of January 1, 2009, this section was redesignated as La. R. S. 22:1269 pursuant to Acts 2008, No. 415, § 1 (hereinafter, collectively referred to as "Louisiana Direct Action Statute").

otherwise possibly subject AISLIC to liability. For these reasons, Plaintiffs fail to allege any facts upon which relief can be granted.

> **D.  In The Alternative, The Court Should Compel Plaintiffs To Amend The Complaint Pursuant To Fed. R. Civ. Proc. 12(E) To Require Plaintiffs To Set Forth With Meaningful Specificity The Precise Nature Of Their Claims For Damages Against AISLIC.**

Fed. R. Civ. Proc. 12(e) provides that "[a] party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response."; *See Sutton v. United States*, 819 F.2d 1289, 1300 (5th Cir. 1987) ("The District Court also has available to it a motion under Fed. R. Civ. Proc. 12(e) for more definite statement under which the court can require that a plaintiff specifically set forth the particular facts which establish his right to recovery including those facts which support his contention that the defense of immunity cannot be sustained."). Rule 12(e) requires that the motion "point out the defects complained of and the details desired". Fed. R. Civ. P. 12(e).

As set forth above, the sole substantive allegation against AISLIC in Plaintiffs' Complaint is that "defendant AISLIC provided insurance coverage for the risks involved herein of Fleetwood Enterprises, Inc., (hereinafter, "Fleetwood"), which manufactured and supplied FEMA trailers or housing units as defined below pursuant to contracts with FEMA for use in the State of Louisiana.". (*See* Complaint at ¶ 3.)  Despite purporting to allege a "cause of action against AISLIC . . . under the Louisiana Products Liability Act", no substantive allegations are made against AISLIC in that regard. (*See Id.* at ¶¶ 86-103.)

In addition, Plaintiffs have implicated insurance policies issued by two separate insurance companies which may have provided coverage to a non-party in this action, Fleetwood Enterprises, Inc.  Absent, however, from the Complaint is any information concerning the

specific insurance policies issued by AISLIC (i.e., policy numbers, alleged effective dates, alleged named insured or limits).

Clearly, the pivotal issues in this action that relate to AISLIC, its alleged insured(s) and Plaintiffs, are dependent upon the specific provisions of the insurance policies at issue. Though the Federal Rule requires only notice pleading, *see* Fed. R. Civ. Proc. 8(a), the relevant insurance policies at issue—which are valid components of notice pleading—cannot be determined from the allegations as presently set forth in the Complaint.

While the Federal Rules do not require a disputed contract to be attached to a complaint, Plaintiffs' thread-bare interpretation of notice pleading is wholly inadequate because it does not even begin to set forth the essential elements of a claim under an insurance policy. Plaintiffs fail to identify the particular policies placed at issue in this litigation. Because of the vagueness and ambiguity of Plaintiffs' Complaint, Defendant AISLIC is unable: to identify the AISLIC insurance policy or policies allegedly at issue; to evaluate the nature and extent of any alleged coverage; and to evaluate its defenses to Plaintiffs' claims against it. Defendant AISLIC cannot reasonably respond to the allegations contained in Plaintiffs' Complaint.

Accordingly, this Court should require Plaintiffs to provide a more definite statement setting forth this most basic information. The benefit to AISLIC in obtaining this information is fair notification of all of the policies under which the Plaintiffs seek to recover, the opportunity to prepare an adequate response to the Complaint, and the ability to frame appropriate affirmative defenses. Requiring a more definite statement will not place any undue burden on Plaintiffs.

### III.    CONCLUSION

Defendant American International Specialty Lines Insurance Company respectfully requests that this Court grant its Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12(b)(6).  In the alternative, AISLIC respectfully requests that the Court grant its Motion for More Definite Statement Pursuant to Fed. R. Civ. Proc. 12(e) and to compel the Plaintiffs to amend their Complaint and specifically set forth the particular facts which they allege establish their right to recovery.

DATED:  September 4, 2009                                    Respectfully submitted,


By:    /s/ Richard M. Simses
RICHARD M. SIMSES (#12306)
PAUL M. LAVELLE (#08134)
BEIRNE, MAYNARD & PARSONS, L.L.P.
1100 Poydras St., Suite 2900
New Orleans, LA  70163
(504) 799-2223 (Tel.)

OF COUNSEL:

Richard S. Kuhl
Daniel J. Lynn
Jenni K. Katzer
JACKSON & CAMPBELL, P.C.
1120 20th Street, N.W.
Suite 300 South
Washington, D.C.  20036
(202) 457-1600 (Tel.)
(202) 457-1678 (Fax)

**Counsel for Defendant
American International Specialty
Lines Insurance Company**

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 4, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| Hugh P. Lambert, Esq.<br>Linda J. Nelson, Esq.<br>Lambert & Nelson, PLC<br>701 Magazine St.<br>New Orleans, LA  70130 | |

                /s/ Richard M. Simses_____
                RICHARD M. SIMSES