UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: FEMA TRAILER<br>         FORMALDEHYDE PRODUCTS<br>         LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION "N"  (5) |

THIS DOCUMENT RELATES TO
Member Case No. 09-2892

## ORDER AND REASONS

Before the Court is Gulf Stream Coach, Inc.'s Motion in Limine to Exclude the Opinions of Mary DeVany (Rec. Doc. 2895).  In this motion, Defendant Gulf Stream Coach, Inc. ("Gulf Stream") seeks to exclude the opinions of Mary DeVany ("DeVany"), Plaintiffs' expert in the field of "industrial hygiene."  Specifically, Gulf Stream asserts that DeVany's opinions should be excluded as they are not based on reliable scientific methodology, are outside of her area of expertise, are not relevant and would not assist a trier of fact.  After considering the memoranda of the parties and the applicable law, the Court rules as set forth herein.

First, the Court notes that DeVany is offered as an expert only in the field of "industrial hygiene;" she cannot and will not be allowed to offer opinions that depart from this particular area of expertise.  Moreover, DeVany will be subject to voir dire as to her qualifications, including any tests or other certification which she failed to achieve.  Even assuming that she is accepted as an expert in the field of industrial hygiene, testimony in the area of her expertise will

be carefully monitored by the Court such that any opinions offered by her shall be confined strictly to that particular area.

With regard to the specific opinions DeVany intends to offer, the Court is guided by the statements affirmatively represented by Plaintiffs' counsel on pages 4 and 5 of the Opposition Memorandum (See Rec. Doc. 2991). Plaintiffs assert that DeVany will offer seven (and only seven) "opinions":

1. That the formaldehyde emissions levels in the trailer were at an unsafe level (which includes a discussion and analysis of relevant formaldehyde emission standards, guidelines and action level) (pp. 5-9);

2. Plaintiff's and Christopher Cooper's symptoms are consistent with chronic formaldehyde exposure (p. 23);

3. Mechanisms to reduce formaldehyde emissions (pp. 8-9);

4. Her sampling results of occupied and unoccupied Gulf Stream trailers, including the protocol/sampling methodology used to sample such trailers (pp. 12-13);

5. The range of formaldehyde emission levels in the trailer at the time that Plaintiff and her family moved into the trailer (pp. 20-22);

6. Factors contributing to higher/lower formaldehyde emissions (e.g., temperature and humidity) (pp. 18-20); and,

7. The use of a Formaldemeter (Docket Entry No. 2953, Exhibit F).

Of these opinions, the Court finds that the second opinion should be excluded. DeVany is not a medical doctor and has never examined either of the plaintiffs in connection with an opinion that their "symptoms are consistent with chronic formaldehyde exposure." While DeVany may be

able to testify as to symptoms generally suffered by persons who have encountered "chronic formaldehyde exposure", and counsel can elicit from Alana Alexander and Christopher Cooper (and their doctor) what symptoms they suffered, DeVany cannot offer an opinion as to the two plaintiffs herein. Such testimony clearly falls outside the scope of her expertise. Secondly, the Court has serious concerns about DeVany's testimony regarding "the range of formaldehyde emission levels in the trailer at the time that plaintiff and her family moved into the trailer." As with her other opinions, DeVany must offer a solid foundation explaining how she could derive such an opinion.

Gulf Stream also complains that, in testifying as to her personal observation of the "baking off" process at manufacturing facilities, DeVany refused to identify any facility where she made such observation, claiming a policy of hers not to disclose clients. If DeVany takes this position at trial, the Court will order her to make such disclosures in connection with her expert opinion, and her failure to do so will terminate her testimony with an instruction that the jury should disregard any testimony she has offered.

As to the "background information" set forth by Plaintiffs on Pages 4-5 of their Opposition Memorandum (Rec. Doc. 2991), the Court sees no reason for this witness to testify as to "plaintiff and her son's medical background" and "plaintiff and her son's residential history" as that testimony will be provided by others, including plaintiff and her son and their doctor. More importantly, it has nothing to do with the permissible opinions DeVany will offer. DeVany is not an expert on the life of Ms. Alexander and Mr. Cooper. She may, however, testify as to the first and fourth areas of "background information" to the extent she relied upon same in formulating her opinions.

3

Plaintiffs also provide a list of six subjects on which DeVany will not offer testimony. (See Rec. Doc. 2991, p. 5). The Court agrees that testimony on those six areas would be inappropriate for DeVany, and the Court excludes any such testimony. It is expected that Plaintiffs' counsel will carefully confer with DeVany such that she understands that she shall not testify with regard to any of those six areas.

The undersigned is greatly concerned about DeVany testifying in this case. First, references in her report to "power of the law" and "spirit of the law" by this witness are tenuous at best in addition to being clearly outside the scope of her expertise, and thus any such testimony couched in those terms is valueless. DeVany certainly will not be allowed to testify as to what she thinks the law is, or what she thinks it should be, or what conduct existing law should encompass.

Of greater concern to the Court is DeVany's completely false representation that the undersigned requested one expert witness to work with the Court in evaluating the science behind formaldehyde, how formaldehyde is measured, its toxic effects, and how it got into the trailer in the first place, and one expert to explain the chemistry, physiology and toxicology of formaldehyde to the Court, and that she was the one chosen to do so. While Gulf Stream's counsel refers the Court to Pages 295-297 of her deposition testimony (Exhibit B to Rec. Doc. 2895), the Court is not provided[1] with the prior testimony by DeVany under oath in the state of Washington where such statements allegedly were made. If accurate, the undersigned is greatly distressed over how anyone, particularly an expert witness, could be under such an unfounded impression. Counsel will be allowed to voir dire DeVany and bring out such prior testimony at

---

[1] Counsel for Gulf Stream is ordered to provide to the Court the transcript of such testimony from proceedings in the state of Washington within 24 hours of the issuance of this Order.

...

trial, which will, without a doubt, warrant the Court's correction of such testimony before the jury, and admonishment of this witness for making such self-aggrandizing statements.

Given these concerns, the Court urges Plaintiffs' counsel to reconsider whether DeVany's testimony is critical to the trial of this matter; and, if so, which narrowly-tailored opinions might survive the crucible of cross examination such that they might be useful to the jury.

Considering the foregoing, **IT IS ORDERED** that **Gulf Stream Coach, Inc.'s Motion in Limine to Exclude the Opinions of Mary DeVany (Rec. Doc. 2895)** is **GRANTED IN PART and DENIED IN PART**, as expressed herein.

New Orleans, Louisiana, this 8th day of September, 2009.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**