UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Charlie Age, et al v. Gulf Stream Coach* | * | |
| *Inc., et al*, Docket No. 09-2892; | * | |
| Alana Alexander, individually and on behalf of | * | |
| Christopher Cooper | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \* \* \* \* \* \*

**GULF STREAM COACH, INC.'S SUPPLEMENTAL OBJECTIONS TO CERTAIN EXHIBITS LISTED ON THE JOINT EXHIBIT LIST**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Gulf Stream Coach, Inc., who, pursuant to the Court's instruction, submits its supplemental objections to certain exhibits listed in the Joint Exhibit List:[1]

**I.    Exhibit Conference**

Counsel for all parties have conferred last week and on this date and, as a result, these objections are being filed in supplementation to those filed by previously by Gulf Stream Coach, Inc. (Doc. 3063) on September 4, 2009.  Gulf Stream Coach, Inc. received plaintiffs' objections to its exhibits on September 8, 2009 at 12:04 a.m. and, as such, will file responses thereto by close of business September 9, 2009.  It is Gulf Stream Coach, Inc.'s understanding from today's conference that no party objects to this procedure and that all

---

[1] Gulf Stream Coach, Inc.'s initial objections were filed Sept. 4, 2009 (Doc. 3063) based upon the then-recently provided Joint Exhibit List.  Plaintiffs have recently represented to Gulf Stream Coach, Inc. that they will be voluntarily withdrawing numerous exhibits from the Joint Exhibit List; however, out of an abundance of caution as a formal, final list has not yet been filed, these objections may also include those which plaintiffs may remove.  Items that plaintiffs have indicated that they may remove are denoted as such herein and may be removed from the final Joint Exhibit List rendering those objections moot.

other parties will similarly file tomorrow their responses to objections raised by opposing parties.  It is further Gulf Stream Coach, Inc.'s understanding from today's conference that a revised Joint Exhibit List will be submitted by close of business tomorrow after the parties have further conferred in an attempt to resolve remaining exhibit objections.

## II.     Objections to Certain Exhibits[2]

### A.  General Hearsay Objections

The following exhibits are pure hearsay that do not fall within a hearsay objection and should thus be excluded:  Exs. 12-18, 39*, 43*, 46*, 167, 191*, 211* (P18-20, 40-42, 51, 91*, 96*, 99*, 274, 298*, 323*).

### B.  Scientific Articles

The following are scientific/journal articles of private groups or persons and thus constitute inadmissible hearsay:  Exs. 33-38 (P83, 85-90), 41-42 (P94-95), 44-63 (P97-99, 103-115, 118-122), 391 (P531).  Moreover, contrary to plaintiffs' assertion, these are articles and not learned treatises, thus the learned treatise exception to the hearsay rules does not apply.  Counsel for all parties are in agreement as to the proper use of such articles in the examination of witnesses before the jury and that the articles themselves are typically regarded as hearsay.  While the articles may be used in examination of an expert witness, they are not admissible as exhibits for the jury's review.

Regarding Exhibit 33 (known by the parties as the "Berkeley Report"), Gulf Stream Coach, Inc. requests that this exhibit be ruled not only inadmissible, but that it not be referred to by any party, fact or expert witness in the presentation of testimony before the jury.  This Report was performed by a private agency on only four (4) temporary housing units.  See

---

[2]  Exhibits are referenced first by Joint Exhibit Number and secondarily by plaintiff designation ("P").  Exhibits with an "*" have been indicated by Plaintiffs as subject to voluntary withdrawal.

Exhibit "A," Berkeley Report, p. viii.  Only one of those was a Gulf Stream model and it was a 2006 model – 2 years after the model in question in this case. Id.  More importantly, the Report stated expressly that its findings were "not statistically representative" of the fleet of temporary housing units given its severe limitations.  Id. at x, 15.

"Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference, unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect."  Fed. Rule of Evid. 703.  Though courts have afforded experts a wide latitude in picking and choosing the sources on which to base opinions, Rule 703 nonetheless requires courts to examine the reliability of those sources." *Viterbo v. Dow Chemical Co*, 826 F.2d 420, 422 (5th Cir. 1987) (citing *Soden v. Freightliner Corp.,* 714 F.2d 498, 502 (5th Cir.1983).  The advisory committee notes for the 2000 amendments to Rule 703 provide a presumption against disclosure to the jury of information used as the basis of an expert's opinion and not admissible for any substantive purpose, when that information is offered by the proponent of the expert.  The 2000 advisory committee notes require stricter scrutiny of hearsay and other incompetent information relied on by an expert to support his opinions.  Now, instead of allowing the evidence, Rule 703 bars its introduction unless the probative value outweighs its prejudicial effect.  *Turner v. Burlington Northern Santa Fe R.R. Co*., 02-35270 (9th Cir. 8/11/2003), 338 F.3d 1058.

In 2003, the Court in *Turner v. Burlington Northern Santa Fe R.R. Co.,* first addressed the 2000 amendments to Rule 703 when assessing the prejudicial effect of a lab report that is otherwise inadmissible hearsay evidence.  02-35270 (9th Cir. 8/11/2003), 338 F.3d 1058.  The Court found that Rule 703 now requires a court to ask two questions when evaluating

otherwise inadmissible evidence. The first question is "whether the facts are of a type reasonably relied on by experts in the particular field." *Id.,* citing, *Bauman v. Centex Corp.,* 611 F.2d 1115, 1120 (5th Cir.1980). And the second question is whether the probative value of the underlying data substantially outweighs its prejudicial effect. The Court found that the prejudicial effect of the lab report outweighed its probative value and that in the absence of foundation testimony by the laboratory that conducted the testing, the trial court properly excluded the expert's testimony based upon that report. *Id.*

Similar to *Turner,* defendants in this case object to any expert testimony referencing or based on the Lawrence Berkeley National Laboratory *Interim Report: VOC and aldehyde emissions in Four FEMA Temporary Housing Units* as inadmissible hearsay testimony, the probative value of which is outweighed by its prejudicial effects. Similar to the lab report in *Turner,* the Berkeley lab report is otherwise inadmissible hearsay evidence and in the absence of foundation testimony by the laboratory that conducted the testing this Court should bar its introduction through expert testimony.

The Berkeley report is prejudicial because three of the four THU's studied were not even manufactured by Gulf Steam, Inc. The one THU that was manufactured by Gulf Stream was not manufactured until March 2006 – the Alexander/Cooper THU was manufactured in December 2004. The Berkeley report makes several stipulations about its limitations. Throughout the report, it is stressed that (1) a judgment cannot be reached regarding the "entire fleet of THUs" based on measurements of four units, (2) "the findings cannot be used to draw conclusions about travel trailer manufacturers or brands," and (3) the results are "by no means definitive." Allowing an expert to introduce this admittedly unreliable report through the guise of expert reliance materials is prejudicial and will not assist the trier of fact.

4

### C. Excluded Evidence

The following exhibits should be excluded by way of this Court's Orders regarding Congresional Proceeding (Doc. 3029) and/or regarding Income of Gulf Stream Coach, Inc. (Doc. 3018):  Exs. 10 (P15)*, 32 (P83), 40 (P92), 59 (P115), 119 (P213), 129 (P235)*, 135-137 (P242, 243*, 244), 161 (P268), 201 (P309), 210 (P208)*, 261 (P381)*, 269 (P391), 277-301 (P402-426*)(plaintiffs have not indicated that they would withdraw 288 (P413) though it is the same type document as the others in this grouping), 383 (P515).

### D. Testing of Other EHUs

The following exhibits should be excluded as they pertain to the testing of other EHUs and not the trailer subject of this litigation:  Ex. 11 (P16)  Gulf Stream Coach, Inc.'s arguments in this regard are set forth in its Motion in Limine to Exclude Evidence of Testing of Other EHUs, which motion was denied by the Court (Doc. 3066).  Gulf Stream Coach, Inc. objects herein to preserve its objection to the admissibility of such evidence.

### E. Air Standards

The following exhibits should be excluded as pertaining to non-applicable, irrelevant and/or misleading air standards:  Exs. 20- 29 (P64, 67-74, 76), 455.  Gulf Stream Coach, Inc.'s arguments in this regard are set forth in its Motion in Limine to Exclude Evidence of Ambient Air Standards, which motion was denied by the Court (Doc. 3069).  Gulf Stream Coach, Inc. objects herein to preserve its objection to the admissibility of such evidence.

### F. Affidavits, Reports and Curriculum Vitae of Experts

The following are the affidavits, reports and/or curriculum vitae of plaintiffs' experts

who will be testifying at trial (by video/deposition or live):  Exs. 64, 65* (P124, 125*), 66 (P127), 67-106 (P128-129, 131-33, 135-136, 138-139, 141-142, 147-148, 150-151, 153-154, 156-157, 162-163, 165-167, 169-172, 174-177, 179-180, 183-184, 186-187, 189), 392-394 (P532-534).[3]  These are classic hearsay and do not fall within any exception to the hearsay rule.  Counsel for all parties are in agreement that expert witnesses may be examined as to the contents of their reports and curriculum vitae but that these are not exhibits that are admissible in evidence.

### G.  Documents Preparted by Plaintiffs' Steering Committee

The following are impermissible hearsay documents that have been prepared by the PSC and are moreover irrelevant, cumulative, wastes of time and confusing or misleading to the jury:  Exs. 107-108* (P190-191*).

### H.  Photographs

The following exhibits are identified as various photographs but do not all depict the Alexander/Cooper travel trailer at issue in this case:  Exs. 109-111, 118 (P192, 198, 208).  To the extent that these are photographs that depict units other than the travel trailer at issue in this case, they are irrelevant and any relevance is outweighed by the concern for unfair prejudice, confusion or misleading of the jury and/or waste of time.

### I.  Owner's Manual

Plaintiffs have designated a non-Gulf Stream Coach, Inc. owner's manual which should be excluded as irrelevant:  Ex. 116* (P206*).  Plaintiffs' counsel has agreed that only the 2004 Gulf Stream Coach, Inc. Cavalier model owner's manual is admissible.

### J.  Documents Post-dating 2004 Regarding Material Shortages, Production

---

[3] Plaintiffs have indicated that they will withdraw some but not all of these exhibits.  In addition, weather data is subject of a stipulation between the parties (i.e. Exs. 66, 394)

6

Plaintiffs identify the following exhibits, all of which are post-dated after 2004 and are in regard to alleged material shortages, production, contracts and/or manufacturing after 2004: Exs. 123 (P218), 133-166 (P240-245, 247-251, 253-258, 262-263, 268, 271-272), 168 (P275), 170 (P277), 196 (P304), 198 (P306), 201 (P309), 208 (P316), 213-214 (P325-326), 219 (P335, 232 (P352), 304 (P429), 332-333 (P 458-459), 388 (P524).  These all reference production, materials and manufacturing that took place long after the 2004 period when the Alexander's travel trailer was manufactured and are thus irrelevant.  Any relevance is outweighed by unfair prejudice, misleading or confusion of the issues and/or wastes of time.

### K.  MSDS Documents

The following exhibits should be excluded as hearsay and as irrelevant:  Exs. 120* (P215*), 126-127 (P231-232), 380* (P512*).  These are material safety data sheets that go far beyond the wood products used in the travel trailers and are thus irrelevant.  In addition, they are inadmissible hearsay.  Finally, there is no showing that these were the actual materials used in the plaintiffs' travel trailer.  Any relevance is outweighed by unfair prejudice, confusion or misleading of issues and/or waste of time.

### L.  General Relevance Objections

The following are inadmissible simply as being irrelevant and referring to matters that are purely collateral to those at issue in this case:  Exs. 174 (P281 – email with no context and missing attachment), 183 (P290 – regards a complaint not related to Gulf Stream Coach, Inc.), 187-189 (P294-296 – regards complaint made by someone other than the Alexanders (Miles Resor) and given the additional documents being offered by plaintiffs as to Mr. Resor's (and others') complaints, these are cumulative and likely subject to stipulation between the parties as to the scope of admissibility of these material and other similar

materials regarding occupant complaints (i.e. the fact of the complaint made versus the individual details of and responses to each complaint of other occupants)), 203 (P311 – regards a non-FEMA trailer occupant), 206 (P314 – regards "scrapping" of units), 211* (P323*), 215* (P328*), 216* (P331*), 263* (P384*), 276* (P401*), 353 (P480 – family photos that are unnecessary given that the plaintiffs in this case are alive and will be present to offer live testimony at trial), 379* (P511*), 381-382 (P513-514 – websites and are thus also inadmissible hearsay), 384* (P516*),

        Respectfully submitted:

        **DUPLASS, ZWAIN, BOURGEOIS,**
        **PFISTER & WEINSTOCK**

        s/Andrew D. Weinstock
        _____
        **ANDREW D. WEINSTOCK (#18495)**
        **JOSEPH G. GLASS (#25397)**
        3838 N. Causeway Boulevard, Suite 2900
        Metairie, Louisiana 70002
        Telephone: (504) 832-3700
        andreww@duplass.com
        jglass@duplass.com

        and

        **SCANDURRO & LAYRISSON**
        Timothy D. Scandurro #18424
        Dewey M. Scandurro #23291
        607 St. Charles Avenue
        New Orleans, LA 70130
        Telephone: (504) 522-7100
        tim@scanlayr.com
        dewey@scanlayr.com
      **Counsel for Defendant, Gulf Stream Coach, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of September, 2009, a copy of the foregoing Supplemental Objections to Certain Exhibits Listed in the Joint Exhibit List on Behalf of Gulf Stream Coach, Inc. was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495
andreww@duplass.com