UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Charlie Age, et al v. Gulf Stream Coach* | * | |
| *Inc., et al*, Docket No. 09-2892; | * | |
| Alana Alexander, individually and on behalf of | * | |
| Christopher Cooper | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \* \* \* \* \* \*

## FLUOR PROPOSED CHARGE ON
## INDEPENDENT CONTRACTOR

Fluor Enterprises, Inc., proposes the following charge be included just after the existing charge on vicarious liability and in place of the Civil Code contractor charge:

"In some cases, such as this one, there may be a dispute as to whether the tortfeasor was in fact the employee of the defendant, or at least should be treated as if he were.  An employee is a person who is engaged by another to render services or labor.  The single most important factor in determining whether an individual is someone else's employee is the right that person has t control the work of that individual, in particular the physical details of the way the work is carried out.  If you find that _____ contracted with the tortfeasor to do something for him, but did not control how he did it or when he did it, then you must conclude that the individual is an independent contractor responsible for his own conduct and _____ is not responsible for his conduct."  La. Civ. Jury Instructions, Section 16.03.

The Treatise lists as its sources, Savoie v. Fireman's Fund Ins. Co., 347 So.2d 188 (La. 1977) and Roberts v. State, Through Louisiana Health and Human Resources, 404 So.2d 1221 (La. 1981).  The treatise also refers us to the Supreme Court's decision in Hickman v. South Pacific Transport Co., 262 So.2d 385 (La. 1972).  This decision states:

It is well understood by the courts of this State that the term independent contractor connotes a freedom of action and choice with respect to the undertaking in question and a legal responsibility on the part of the contractor in case the agreement is not fulfilled in accordance with its covenants. The relationship presupposes a contract between the parties, the independent nature of the contractor's business and the nonexclusive means the contractor may employ in accomplishing the work. Moreover, it should appear that the contract calls for specific piecework as a unit to be done according to the independent contractor's own methods, without being subject to the control and direction, in the performance of the service, of his employer, except as to the result of the services to be rendered. It must also appear that a specific price for the overall undertaking is agreed upon; that its duration is for a **[\*\*391]** specific time and not subject to termination or discontinuance at the will of either side without a corresponding liability for **[\*\*\*12]** its breach. Amyx v. Henry & Hall, 227 La. 364, 79 So.2d 483 (1955).

*HN4* The law further recognizes that inquiry to determine whether a relationship is that of independent contractor or that of mere servant requires, among other factors, the application of the principal test: the control over the work reserved by the employer. In applying this test it is not the supervision and control which is actually **[\*118]** exercised which is significant, the important question is whether, from the nature of the relationship, the right to do so exists. Amyx v. Henry & Hall, *ibid*.

Respectfully submitted,

                                                   **MIDDLEBERG, RIDDLE & GIANNA**

                                                   /s/ *Charles R. Penot, Jr.*

Charles R. Penot, Jr. (La. Bar No. 1530 & Tx. Bar No. 24062455) **T.A.**
717 North Harwood, Suite 2400
Dallas, Texas 75201
Telephone: (214) 220-6334
Facsimile: (214) 220-6807

                  *-and-*

Dominic J. Gianna, La. Bar No. 6063
Sarah A. Lowman, La. Bar No. 18311
201 St. Charles Avenue, Suite 3100
New Orleans, Louisiana 70170
Telephone: (504) 525-7200
Facsimile: (504) 581-5983

-and-

Richard A. Sherburne, Jr., La. Bar No. 2106
450 Laurel Street, Suite 1101
Baton Rouge, Louisiana 70801
Telephone: (225) 381-7700
Facsimile: (225) 381-7730

**Attorneys for Fluor Enterprises, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2009, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sends notice of electronic filing to all counsel to be noticed in the MDL proceedings, including primarily court-appointed liaison counsel, who are CM/ECF participants. Copies of this pleading were sent by email and U.S. mail to:

| | |
|---|---|
| Justin Woods<br>Gerald Edward Meunier<br>Gainsburgh, Benjamin, David,<br>Meunier & Warshauer<br>Energy Centre 1100 Poydras Street<br>Suite 2800<br>New Orleans, LA 70164-2800 | Henry T. Miller<br>Adam T. Dinnell<br>Senior Trial Attorney<br>U.S. Department of Justice<br>Civil Division<br>1331 Pennsylvania Ave., NW<br>Room 8220-N<br>Washington, DC 20004 |
| Andrew D. Weinstock<br>Duplass, Zwain, Bourgeois, Morton<br>Pfister & Weinstock<br>Three Lakeway Center<br>3838 N. Causeway Blvd.<br>Suite 2900<br>Metairie, LA 70002<br><br>Robert C. Hilliard<br>Hilliard Munoz Guerra l.l.p.<br>719 S. Shoreline Blvd.<br>Suite 500<br>Corpus Christi, TX 78401 | M. David Kurtz<br>Baker Donelson Bearman Caldwell<br>& Berkowitz<br>201 St. Charles Avenue<br>Suite 3600<br>New Orleans, LA 70170<br><br>Mikal C. Watts<br>Watts Guerra Craft<br>4 Dominion Drive, Bldg. 3, Suite 100<br>San Antonio, TX 78257<br><br>Anthony G. Buzbee |

|  | The Buzbee Law Firm<br>Ice Cold Storage Bldg.<br>104 21st Street<br>Suite 1910 (Moody Avenue)<br>Galveston, TX 77550 |
|---|---|

                                             */s/ Charles R. Penot, Jr..*

ND: 4836-7596-3140, v. 1