**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * * | MDL NO. 1873<br><br>SECTION "N" (5)<br><br>JUDGE ENGELHARDT<br>MAGISTRATE CHASEZ |
| **THIS DOCUMENT IS RELATED TO**<br><br>*Charlie Age, et al v. Gulf Stream Coach Inc., et al*, Docket No. 09-2892;<br>Alana Alexander, individually and on behalf of Christopher Cooper | | * * * * * * * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S PROPOSED MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE TESTIMONY AND EVIDENCE RELATING TO JEREMIAH SCOTT'S TERMINATION FROM HIS PREVIOUS OCCUPATION**

Plaintiff Alana Alexander ("Ms. Alexander" or "Plaintiff") submits this memorandum in support of its Motion *in Limine* to Exclude Testimony and Evidence Related to Jeremiah Scott's Termination From His Previous Occupation. Specifically, Plaintiff seeks to exclude the following:

> Any testimony or evidence referring to Mr. Scott's previous employment and subsequent termination for "paddling" a student.

**ARGUMENT AND AUTHORITIES**

**I.    STANDARD OF ADMISSIBILITY.**

Only relevant evidence is admissible. FED. R. EVID. 402. In determining relevancy, Rule 401 provides that relevant evidence is "evidence, having any tendency to make the existence of any fact that is of consequence the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID.

1

401. Under Rule 403 of the Federal Rules of Evidence, a district judge is permitted to exclude even relevant evidence if he finds that its probative value is substantially outweighed by the danger of "unfair prejudice, confusion of the issues, or misleading the jury". FED. R. EVID. 403.

## II. MR. SCOTT'S TESTIMONY REGARDING HIS PRIOR TERMINATION FOR PADDLING A STUDENT IS IRRELEVANT AND FAILS THE RULE 403 BALANCING TEST.

Mr. Scott has provided testimony regarding his previous employment and subsequent termination. Specifically, Mr. Scott testified that he was terminated for allegedly "paddling" a student. **Exhibit A**, Deposition Testimony of Jeremiah Scott, taken on Sept. 5, 2009, p. 86-88. Plaintiff submits that any evidence regarding Mr. Scott's termination from his previous employment due to an alleged paddling incident is irrelevant to the case at bar, and if submitted, such evidence would confuse the issues, mislead the jury or would present a waste of this Court's time.

### A.  Testimony Regarding Termination Due to "Paddling" is Irrelevant.

During the deposition of Mr. Scott, Defendant Gulf Stream Coach, Inc. ("Gulf Stream") questioned Mr. Scott regarding his previous termination from the Kipp McDonogh School on the grounds of an alleged paddling incident. **Exhibit A**, p. 87. Any evidence or testimony relating to the termination or any alleged paddling is wholly irrelevant to this litigation as provided for in Fed. Rule Evid. 402 as it has no bearing on any fact that is of consequence to this litigation. Mr. Scott's previous termination does not relate in any respect to his observations regarding Christopher Cooper, nor does evidence of an alleged paddling incident provide any basis to determine the credibility of

Mr. Scott's testimony. As such, any testimony relating to Mr. Scott's previous employment and subsequent termination for "paddling" is irrelevant to this litigation.

### B. Testimony Regarding Termination Due to "Paddling" is Prejudicial.

Even if this Court were to find Mr. Scott's testimony slightly relevant, Mr. Scott's testimony should be excluded because it fails the balancing test set forth in Rule 403. This Court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. FED. R. EVID. 403. Evidence is considered unfairly prejudicial not merely because it damages the opposing party's case, but also because its admission makes it likely the jury will decide the case on an improper basis, such as an emotional one, rather than on the evidence presented. *United States v. Connelly*, 874 F.2d 412, 418 (7th Cir. 1989). Here, because evidence with regard to paddling would raise issues of prejudice wholly unrelated to any relevant issue, any "paddling" evidence should be excluded as unfairly prejudicial and confusion of the issues. Furthermore, Mr. Scott's termination and paddling testimony presents a waste of time in what this Court has deemed as limited trial time. *See* Rec. Doc. 3018, p. 2. Therefore, this Court should exclude any evidence relating to Mr. Scott's previous employment and termination for "paddling" a student.

### PRAYER

WHEREFORE, Plaintiffs respectfully requests that this Court exclude the above described irrelevant and prejudicial evidence relating to Mr. Scott's termination for

allegedly paddling a student, and grant Plaintiff's Motion *in Limine* to Exclude Testimony and Evidence Related to Jeremiah Scott's Termination From His Previous Occupation.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY: s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:    504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:    504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
Dennis Reich, Texas #16739600

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic

filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing on September 8, 2009.

                                    s/Gerald E. Meunier
                                    GERALD E. MEUNIER, #9471