UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                 MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION
                                                                                         SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-2892

## ORDER AND REASONS

Before the Court is Gulf Stream Coach, Inc.'s Motion to Exclude Expert Testimony of Paul Hewett, Ph.D (Rec. Doc. 2792). In this motion, Defendant Gulf Stream Coach, Inc. ("Gulf Stream") seeks to exclude the expert testimony of Paul Hewett, Ph.D ("Dr. Hewett"), Plaintiff's statistical analysis expert. Specifically, Gulf Stream asserts that Dr. Hewett's opinions should be excluded as they are not based on reliable scientific methodology, are outside of his area of expertise, are not relevant and would not assist a trier of fact. After considering the memoranda of the parties and the applicable law, the Court rules as set forth herein.

First, Gulf Stream asserts that Dr. Hewett has not attempted to verify the accuracy or reliability of the data which was provided to him for compilation and analysis. However, Gulf Stream fails to point out a single instance wherein such data, or portions of data, are, in fact, unreliable or inaccurate. While it is clear that Dr. Hewett may not be in the position to vouch for the accuracy or reliability of the data provided to him, such will not be his task at trial. Of

course, Gulf Stream is entitled to cross examine Dr. Hewett's opinions, such that it is established that the opinion may only be as good as the underlying data, which is a common method of scrutinizing the opinion of a testifying expert.

Next, Gulf Stream objects to Dr. Hewett's testimony on grounds that he was asked by Plaintiffs' counsel to use regulatory risk assessment variables such as the National Institute for Occupational Safety and Health ("NIOSH") level and the Agency for Toxic Substances and Disease Registry ("ATSDR") level. Gulf Stream claims that those levels are not established as the appropriate levels in order to determine its liability. It is expected that Plaintiffs' counsel, in his direct examination of Dr. Hewett, will make it clear where those levels came from, and that those levels do not necessarily establish Gulf Stream's liability. The Court will also give an appropriate instruction to the jury when Dr. Hewett testifies as to how his analysis of the levels match up against those two particular measurements. To be clear, ambient formaldehyde levels established for a variety of regulatory purposes will not be conveyed to the jury as the benchmark or threshold for the establishment of legal liability.

Gulf Stream further contends that Dr. Hewett's opinions are not based upon science or methodology, but are rather based on his intuition and "common sense." Generally, however, when a theory would seem to dictate a conclusion, it might well be characterized as "common sense", but the expert's analysis would further confirm that the "common sense" expectation is, in fact, true. In the case of Dr. Hewett, although he sometimes characterizes his notions as "common sense", his expert analysis may bear out that this "common sense notion" is indeed true. However, the one exception relates to Dr. Hewett's conclusion that "exposures tend to

decline with the age of the THU[1]." (Rec. Doc. 2792, p.18). At his deposition, Dr. Hewett confirms that his expertise is not needed in making such a conclusion (Exhibit B to Rec. Doc. 2792, pp. 76-78). Based upon Dr. Hewett's critical admission in this regard, such an opinion shall not be offered by him at trial.

Considering the foregoing, **IT IS ORDERED** that **Gulf Stream Coach, Inc.'s Motion to Exclude Expert testimony of Paul Hewett, Ph.D (Rec. Doc. 2792)** is **GRANTED IN PART and DENIED IN PART**, as expressed herein.

New Orleans, Louisiana, this 8th day of September, 2009.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

---

[1] "THU" stands for "temporary housing unit", which is synonymous with the term often used by the Court and the parties: "EHU", which stands for "emergency housing unit."