UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                    MDL NO. 07-1873
        FORMALDEHYDE PRODUCTS
        LIABILITY LITIGATION
                                                        SECTION "N"  (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-2892

## ORDER AND REASONS

Before the Court is Gulf Stream Coach, Inc.'s Motion in Limine to Limit the Testimony

of Travis Allen, Heath Allen and Gerald Paul Blanchard (Rec. Doc. 2819).   In this motion, Gulf

Stream Coach, Inc. ("Gulf Stream") requests that the Court issue and Order limiting the

testimony of Travis Allen ("T. Allen"), Heath Allen ("H. Allen") and Gerald Blanchard

("Blanchard") such that they be precluded from offering any testimony or evidence as to any

medical issues, health problems, feelings about formaldehyde/warnings of same and experiences

with other emergency housing units ("EHUs").

T. Allen, H. Allen, and Blanchard were subcontractors who worked together for Fluor

Enterprises, Inc. ("Fluor"), post-Hurricane Katrina, to haul and install EHUs.  Notably, these

three individuals did not install Plaintiffs' EHU.   Plaintiffs intend to call these individuals to

testify at trial as to the procedures utilized in setting up the EHUs, any instructions (or lack of

instructions) they were given, their noticing the strong smell inside the EHUs, and their physical reactions to inhaling the strong odor inside the EHUs.  Gulf Stream moves to limit their testimony, and Plaintiffs oppose such limitation.

After considering the memoranda of the parties and the applicable law, the Court grants this motion to limit the testimony of T. Allen, H. Allen, and Blanchard to the extent any testimony from these witnesses regarding their physical reactions to the odor and their medical conditions thereafter shall be excluded.  First, none of that testimony relates to Plaintiffs' EHU, although, admittedly, it does relate to Gulf Stream EHUs that these individuals installed. Secondly, there is no evidence that any of these witnesses can identify formaldehyde as causing the odor they smelled inside the EHUs.  In that regard however, the Court will likely allow T. Allen, H. Allen, and Blanchard to testify that, upon entry into the EHUs, they noticed a strong odor and were told to ventilate the EHUs.  Last, there is no evidence to suggest that any physical reactions they had were caused by the odor, as opposed to any other factor or medical condition each may have been suffering from at the time.  There is no medical testimony whatsoever that dispositively diagnoses their ailments, or the causes of such ailments.  The undersigned reiterates that this particular bellwether trial is about any injury allegedly sustained by Alana Alexander and Christopher Cooper, not anyone else.  Thus, such testimonial evidence would not be relevant, even if it were known.

On the other hand, T. Allen, H. Allen, and Blanchard shall be allowed to testify as to their work setting up the EHUs, any instructions or lack of instructions given in connection with those efforts, and their noticing a strong odor inside the EHUs.

Considering the foregoing, **IT IS ORDERED** that the **Gulf Stream Coach, Inc.'s**

**Motion in Limine to Limit the Testimony of Travis Allen, Heath Allen and Gerald Paul Blanchard (Rec. Doc. 2819)** is **GRANTED IN PART and DENIED IN PART**, as expressed herein**.**

New Orleans, Louisiana, this 8th day of September, 2009.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**