UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                              MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION
                                                                 SECTION "N"  (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-2892

## **ORDER AND REASONS**

Before the Court is Gulf Stream Coach, Inc.'s ("Gulf Stream") "Motion in Limine to Exclude Expert Testimony of Patricia M. Williams, Ph.D., DABT" (Rec. Doc. No. 2834).  The motion is opposed by plaintiffs.

Having reviewed the supporting and opposing memoranda pertaining to this motion, the Court finds it appropriate to defer the ruling at this time.  Implicit in this decision are the Court's great concerns over Dr. Williams' "general causation" opinions, particularly the methodology employed (as outlined by Gulf Stream in its memorandum), the exclusion of any negative studies from Dr. Williams' consideration, and the apparent extension of her opinions into the field of epidemiology, which is outside of her area of expertise.[1]  Moreover, although Dr. Williams offers

---

[1] Dr. Williams is being offered as an expert in the field of toxicology.

1

a purported opinion regarding "general causation" relative to "IgE-mediated Exacerbation of Asthma", plaintiffs concede that plaintiffs' physicians, Dr. James Kornberg and Dr. Karin Pacheco were unable to determine that Plaintiff Christopher Cooper suffered from IgE-sensitized/mediated asthma. Without such testimony, it is unclear to the Court how plaintiffs intend to meet their burden of proof by offering a "general causation" opinion, even if it were a valid and admissible opinion, on this point.

In an abundance of caution, the Court intends to hold a brief *Daubert* hearing to test the opinion testimony of Dr. Williams outside the presence of the jury, on the evening before the day of her testimony. At that time, defense counsel will be allowed to cross examine Dr. Williams with regard to the opinions she intends to offer at trial. The three opinions at issue are:

> ....The scientific literature on formaldehyde documents the causal considerations of sufficient strength of association in epidemiologic studies and consistency of repeated observations of an association in different populations; cause and effect of mechanistic studies and consistency of repeated observations of such in numerous studies; Dose-response and biological gradients in both animal and epidemiologic studies; Temporal relationships are documented for exposures of formaldehyde and its biological effects; The associations of epidemiologic studies and the demonstrated effects of mechanistic studies are biologically plausible and consistent with the natural history and biology of the damage, disease, and cancer caused by formaldehyde; Experimental evidence in animals and in vitro studies supplement and confirm human studies in causal determination. Therefore, the following General Causation opinion is rendered:
>
> ....A cause—effect relationship exists between formaldehyde and upper respiratory tract damage and cancer.
>
> ....A cause—effect relationship exists between formaldehyde and bronchoconstriction/asthma.

Generally, although Gulf Stream's arguments are persuasive, prudence dictates that the undersigned attempt to gather and gain a full appreciation of all support for these opinions, as well as a greater appreciation for their possible infirmity.

New Orleans, Louisiana, this 8th day of September, 2009.

_____
**KURT D. ENGELHARDT**
**United States District Judge**