UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 | |
| FORMALDEHYDE | * | | |
| PRODUCTS LIABILITY | * | | |
| LITIGATION | * | SECTION: N(5) | |
| | * | | |
| This Document Relates to: *Charlie Age, et al. v.* | * | JUDGE: ENGELHARDT | |
| *Gulf Stream Coach Inc., et al*, Docket No. 09-2892 | * | | |
| **Alana Alexander and Alana Alexander o/b/o** | * | MAG: CHASEZ | |
| **Christopher Cooper only** | * | | |

**************************************************************************

### GULF STREAM COACH, INC.'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY AND EVIDENCE RELATING TO JEREMIAH SCOTT'S TERMINATION FROM HIS PREVIOUS OCCUPATION

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Gulf Stream Coach, Inc., which, responds to Plaintiff's Motion in Limine to Exclude Testimony and Evidence Relating to Jeremiah Scott's termination from his Previous Employment (Doc. No. 3089-3), dated September 8, 2009, as follows:

Gulf Stream Coach, Inc. agrees that based on the current information, there should be no reference to the specifics of Mr. Scott's termination. However, Gulf Stream Coach, Inc. respectfully suggests that it should be allowed to establish that Mr. Scott was "fired" for his position at KIPP McDonogh 15 School. Such information is relevant, and it is not so prejudicial so as to outweigh its probative value.

First, Plaintiff has previously established that Mr. Scott was fired in conjunction with Christopher Cooper's testimony as to why he stopped playing football. See C. Cooper deposition excerpts, attached hereto as Exhibit "A," at p. 25. Chris testified:

Q. The organized football is the flag football at school?

A. Yes.

1

> Q. Did you play in sixth grade?
>
> A. No.
>
> Q. You played in fifth grade?
>
> A. Yes.
>
> Q. Why did you stop playing football?
>
> A. Because in sixth grade, our coach, she [sic] kind of got fired, and so we didn't have anymore flag football because our new coach didn't say anything about flag football.
>
> Q. Are you thinking that you might try and play again in seventh grade?
>
> A. Might.
>
> Q. Was there any physical reason why you stopped playing football?
>
> A. No.

*Id.*

Contrarily, Mr. Scott repeatedly testifies that Chris' physical performance on the field suffered due to declining health. For example, Mr. Scott testifies:

> Q. And please tell us how he did that first year you were coaching him.
>
> A. Chris was very energetic, very motivated, encouraged, never-give-up attitude. Physically, just always going the extra mile, if it was running extra laps, doing extra push-ups, anything he can do physically to get better, he would do. Mentally, always smiling, always laughing, always joking, and even sometimes getting in trouble for joking and laughing too much.
>
> Q. Tell us about the second year you coached him in football. How was he doing that second year?
>
> A. The second year, I seen a drop-off. He was doing okay, but as the year wore on, rapidly, his mental and physical abilities would decrease as far as his attitude as well as physical attributes on what he was able to do and not able to do.

See J. Scott deposition excerpts, attached hereto as Exhibit "B," at p. 109.

This testimony and similar testimony by Mr. Scott could suggest to the jury that there

were physical reasons for Mr. Cooper no longer playing football. Since Mr. Cooper has already testified that Mr. Scott was fired, and that was the reasons he stopped playing football, such evidence is relevant. However, without going into any detail concerning the termination of employment, any undue prejudice is avoided.

Thus, Gulf Stream Coach, Inc. respectfully suggests that Plaintiff's Motion in Limine be denied insofar as allowing Gulf Stream Coach, Inc. to establish that Mr. Scott was fired from KIPP McDonogh 15.

Respectfully submitted:

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK (#18495)**
**JOSEPH G. GLASS (#25397)**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
andreww@duplass.com
jglass@duplass.com

**and**

**SCANDURRO & LAYRISSON**
Timothy D. Scandurro #18424
Dewey M. Scandurro #23291
607 St. Charles Avenue
New Orleans, LA 70130
Telephone: (504) 522-7100
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

## C E R T I F I C A T E OF SERVICE

I hereby certify that on the 9th day of September, 2009, a copy of the foregoing Gulf Stream Coach, Inc.'s Response to Plaintiff's Motion in Limine to Exclude Testimony and Evidence Relating to Jeremiah Scott's Termination from his Previous Occupation was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

                         s/Andrew D. Weinstock
                    _____
                    ANDREW D. WEINSTOCK #18495
                       andreww@duplass.com