UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION: N(5) |
| | * | |
| This Document Relates to: | * | |
| *Charlie Age, et al. v.* | * | JUDGE: ENGELHARDT |
| *Gulf Stream Coach Inc., et al*, Docket No. 09-2892 | * | |
| | * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**GULF STREAM COACH, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' OBJECTIONS TO CERTAIN EXHIBITS**

**MAY IT PLEASE THE COURT:**

Gulf Stream Coach, Inc. submits this Memorandum in Opposition to Plaintiffs' Objections to Certain Exhibits:[1],[2]

### I.   Objections to ASHRAE and NFPA Standards

Plaintiffs object to WSEC Builder's Field Guide identified at Joint Exhibit 458 (GS 11), ASHRAE 62.1 and 62.2 ("Ventilation for Acceptable Indoor Air Quality") identified at Joint Exhibits 461, 462, 494 (GS 14, 15, 59) and NFPA 1192 ("Standard for Recreational Vehicles") identified at Joint Exhibit 463 (GS 16) as "hearsay." These do not constitute inadmissible hearsay to the extent that they may serve as impeachment evidence of plaintiffs' experts. Also, plaintiffs intend to introduce expert testimony that the HVAC and/or insulation system in the Alexander/Cooper travel trailer failed to comply with the design/construction/installation

---

[1] Counsel for all parties continue to work on resolving disagreements on admissibility and use of numerous exhibits at trial. A revised Joint Exhibit List will be provided to the Court that will set forth in clear fashion the exhibits to which no party objects followed by a breakdown by party of each party's objected-to exhibits.

[2] To the extent that any of plaintiffs' objections to Gulf Stream Coach, Inc.s' exhibits are based upon "no bates number/range," undersigned and counsel for plaintiffs have conferred and Gulf Stream Coach, Inc. is providing bates numbers/ranges on all exhibits it has identified that bear same.

standards set forth in those standards. Gulf Stream Coach, Inc. submits that, and will offer expert testimony as to, the non-applicability of the ASHRAE standards so it must be provided the opportunity to examine the plaintiffs' experts in this regard, as well as that concerning the NFPA. The jury and court cannot simply take plaintiffs' experts' word for what is or is not within these standards. In addition, the WSEC Builder's Field Guide is discussed by Gulf Stream Coach, Inc.'s mechanical engineering expert, Damien Serauskas, and serves as a source of rebuttal evidence on issues of engineering, design and construction to the opinions offered by plaintiffs' experts Ervin Ritter and/or Alexis Mallet.

To the extent plaintiffs' experts are permitted to offer testimony regarding these standards, Gulf Stream Coach, Inc. must be allowed to utilize them as well for effective cross examination of such experts. Gulf Stream Coach, Inc. will withdraw these exhibits in the event that plaintiffs agree not to elicit testimony regarding the application of these standards and/or compliance with same.

## II.     Objections to Scientific Publications and Articles

Plaintiffs object to numerous publications and articles identified by Gulf Stream Coach, Inc. in its Exhibit List (Joint Exhibit Nos. 464-492 (GS20-56), 496-498 (GS65-69), 510-515 (GS83-89), 517-519 (GS91-94), 521 (GS96), 559-561 (GS 142-144). Plaintiffs similarly identify many such articles and publications in their Exhibit List. It is anticipated that counsel for all parties will reach agreement on an acceptable approach for using such articles and publications in connection with witness testimony as is customarily utilized in jury trial proceedings.

### III.      Federal Register 49 (155): 31986-32013 (August 8, 1984)

This is Joint Exhibit List 493 (GS58).  This is the HUDstandard setting a target indoor air quality formaldehyde level of .400 ppm  (400 ppb).  The court has recently ruled that evidence of air standards that pre-existed the plaintiffs' occupation of the subject trailer is admissible for use at trial (Doc. 3069).  Moreover, this document is not hearsay as it is promulgated under the auspices of a federal agency.  The standard is relevant clearly as plaintiffs intend to present extensive evidence of various air standards and intend to argue to the jury that the levels of formaldehyde in the subject trailer exceeded or were not in compliance with same.

### IV.      FEMA Documents Regarding Formaldehyde

Plaintiffs object to various FEMA documents regarding the issue of formaldehyde (Joint Exhibit Nos. 495 (GS62), 538-553 (GS 119, 121-128, 130-136), 557-558 (GS140-141), 564 (GS147), 576-577 (GS 160-161)) as "hearsay" and/or "not previously produced to plaintiffs." All of these documents, including emails, memos, publications and correspondence by and among various FEMA personnel discuss or reference the formaldehyde "issue" in emergency housing units. These documents are not hearsay as they are not being used for the truth of the matter asserted therein; rather, they serve the purpose of establishing FEMA's knowledge of the formaldehyde "issue."  In addition, many if not all of these materials were used in various depositions of FEMA personnel, including the depositions of Mssrs. Harder and Larson. Moreover, contrary to plaintiffs' assertions, all of these materials have been produced to plaintiffs, mainly if not entirely by way of productions made by FEMA itself during discovery.

### V.       Federal Agency Reports

Plaintiffs object to various reports and publications of federal agencies as "hearsay."

These appear at Joint Exhibit Nos. 516 (GS90) and 520 (GS95). These are reports generated by the Centers for Disease Control ("CDC") (Jt. 516, GS90) and the United States Preventive Services Task Force (Jt. 520, GS95). These are promulgated under the auspices of federal agencies and, as such, do not constitute hearsay and/or fall within the hearsay exception as they are considered to bear sufficient indicia of trustworthiness and reliability.

### VI.     2004 Invoices

Plaintiffs object to various 2004 invoices, packing slips, delivery tickets and receipts for materials provided by vendors in 2004 to Gulf Stream Coach, Inc. (Joint Exhibits 522-534 (GS97-109)) as "irrelevant." These materials are relevant as plaintiffs intend to present the position that Gulf Stream Coach, Inc. did not specify the use of low-formaldehyde emitting ("LFE") materials in the construction of its travel trailers in 2004, the year in which the Alexander/Cooper travel trailer was manufactured. These materials demonstrate that Gulf Stream Coach, Inc. did, in fact, specify LFE in all materials it ordered for use in its. Gulf Stream Coach, Inc. has proposed a stipulation to this effect that if agreed upon by plaintiffs would obviate the need for these exhibits. In addition, Plaintiffs also contend that it is possible that not all 100% of the materials received by Gulf Stream Coach, Inc. were, in fact, LFE. Gulf Stream Coach, Inc. has also proposed a stipulation in this regard that if agreed to by plaintiffs would further obviate the need for these exhibits.

### VII.    ATSDR Management Guidelines Acute Chemical Exposure, Formaldehyde

Plaintiffs object to this Joint Exhibit 536 (GS114) as "hearsay." The document was relied upon by Joe Little of the CDC in his deposition. It is relevant and required for complete testimony in the event that plaintiffs are permitted to present evidence and/or testimony of the ATSDR promulgations regarding formaldehyde. Furthermore, the document is a publication of

the World Health Organization and satisfies the requirements as a non-hearsay document exception to the hearsay rules given that it has all the hallmarks of trustworthiness and reliability that a federal agency report would bear.

### VIII. Hearsay/Relevance Objections

Plaintiffs make various objections as to "hearsay" or "relevance." These objections should be overruled, to wit:

   a. Jt. Ex. 535 (GS113) (Property Transfer Reports – hearsay, relevance objection by plaintiffs). These documents are relevant as they form the lease agreement between plaintiffs and FEMA. They are relevant to establishing the rights and obligations of the parties as well as establishing a lessor/lessee relationship. In addition, the documents are business record exceptions to the hearsay rule. Moreover, they go to knowledge of plaintiff as to her living arrangements. These documents also bear on the issue of allocation of fault as regards fault that may be assessed against FEMA as the lessor of the trailer units.

   b. Jt. Exs. 554-556, 574-575 (GS137-139, 158-159) (DeVany memo, summary of Sierra Club results, letter regarding "bake-off" theory, DeVany 3/8/08, 4/18/08 emails – hearsay, relevance, 403 objection and not previously produced objection by plaintiffs). These are not hearsay as plaintiffs intend to present DeVany live as an expert witness at trial. They are also relevant as they relate directly to the formaldemeter issue that the court has ruled will be admissible at trial. These documents go to the very basis of her opinion and are, if nothing else, certainly impeachment evidence. In addition, these documents

        have all been previously produced to plaintiffs. Gulf Stream Coach, Inc. will provide another copy to plaintiffs if requested.

c.    Jt. Ex. 562 (GS145) (Correspondence from Patrick Logue (Fluor Industrial Hygienist) regarding Employee Formaldehyde Exposure Assessment – hearsay and relevance objection by plaintiffs). This document is relevant as it goes toward the issue of industry knowledge/awareness of formaldehyde by Fluor, a party to this litigation. In addition, it discusses exposure limits to formaldehyde on the issue of irritation – one of the principle themes of plaintiffs' case in chief. In addition, it is not hearsay as it is a statement by a party opponent/party admission. Moreover, it is evidence of knowledge of Fluor regarding formaldehyde and need not be presented for the truth of the matter asserted therein.

d.    Jt. Ex. 566 (GS149) (Formaldehyde Indoors by Stephen Smulski – hearsay objection by plaintiffs). This is a publication by plaintiffs' wood science/materials expert. Mr. Smulski is coming to trial to testify live and will be questioned on this publication. It is if nothing else impeachment evidence by the very author himself.

e.    Jt. Ex. 567 (GS150) (Correspondence from Mikal Watts to Dr. Janet Barnes 5/5/09 regarding Christopher Cooper – hearsay objection by plaintiffs). This is a document that forms part of the basis of Dr. Barnes' treatment and/or opinions regarding the conditions allegedly suffered by plaintiff Christopher Cooper. This too may also serve as impeachment evidence of Dr. Barnes.

f.  Jt. Ex. 568 (GS151) (Photographs – no bates label objection by plaintiffs). These are being labeled and are clearly admissible as are plaintiffs' photographs of the subject trailer.

g.  Jt. Ex. 569 (GS152) (Ad for former Gulf Stream Employees – relevance and "not previously produced" objection by plaintiffs). This is plaintiffs' counsels' own advertisement so the objection that it has not been produced is without merit – plaintiffs' counsel generated it (indeed, it was explained by plaintiffs' counsel in plaintiff's Motion (and Reply) regarding the testimony of William Dudek). It is clearly relevant as it goes toward possible bias or motive as well as personal knowledge of various witnesses that plaintiffs' may call at trial.

h.  Jt. Ex. 571 (GS155) (Part "A" of FEMA DAP Contract signed by Alana Alexander – not previously produced objection by plaintiffs). This document has been produced to plaintiffs by FEMA in discovery. A complete copy of the contract will be used per plaintiffs request for assurance of same.

i.  Jt. Ex. 572 (GS156) (ADORN purchase orders – relevance objection by plaintiffs). These are clearly relevant as plaintiffs have put at issue the very purchases and/or receipt of materials by Gulf Stream Coach, Inc. from ADORN (a material supplier/vendor) for products used in the construction of travel trailers.

j. Jt. 573 (GS157) (Jeffrey Zumbrun recorded statement – hearsay objection). This is not hearsay as Mr. Zumbrun (and Scott Bailey who the recorded statement is with) will be offering live and/or video deposition testimony at trial. This material constitutes a prior statement of a party is not hearsay.

Respectfully submitted,

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER, & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK #18495
JOSEPH G. GLASS #25397
KEVIN R. DERHAM #27163**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
Fax: (504) 837-3119
andreww@duplass.com
jglass@duplass.com
kderham@duplass.com

and

**SCANDURRO & LAYRISSON
Timothy D. Scandurro #18424
Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
Telephone: (504) 522-7100
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

**C E R T I F I C A T E**

I hereby certify that on the 9th day of September, 2009, a copy of the foregoing Gulf Stream Coach, Inc.'s Memorandum in Opposition to Plaintiffs' Objections to Certain Exhibits was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495
andreww@duplass.com