UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE | * | MDL NO. 07-1873 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION "N" (5) |
| THIS DOCUMENTS IS RELATED TO: | * | |
| CIVIL ACTION NO. 07-9228 | * | |
| *Aldridge, et al. vs. Gulf Stream Coach, Inc., et al.* | * | *JUDGE ENGELHARDT* |
| *(Elisha Dubuclet obo Timia Dubuclet vs.* | * | |
| *Fleetwood, Fluor Enterprises, Inc. and FEMA)* | * | MAG: CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

NOTICE OF ORAL AND VIDEOTAPED
DEPOSITION OF RADCO/MICHAEL L. ZIEMAN

TO:  **Fleetwood Enterprises, Inc., et al**
Through its respective counsel
Jerry L. Saporito, Esq.
Leake & Andersson, L.L.P.
1700 Energy Centre
1100 Poydras Centre
New Orleans, LA 70163-1702

TO:  **United States Government**
Through its respective counsel
Henry T. Miller, Esq.
U.S. Department of Justice,
Civil Division - Room 8220-N
1331 Pennsylvania Ave., N.W.
Washington, D.C. 20004

TO:  **Fluor Enterprises, Inc.**
Through its respective counsel
Charles R. Penot, Jr., Esq.
Middle Riddle & Gianna
717 North Harwood, Ste. 2400
Dallas, TX 75201

PLEASE TAKE NOTICE THAT Plaintiff, Elisha Dubuclet obo Timia Dubuclet, will

take the oral and videotaped deposition of **RADCO/Michael L. Zieman** to testify

concerning the matters as set forth on Exhibit A attached hereto.

The deposition will take place on **Tuesday, October 6, 2009**, at **9:00 a.m., PST** at

**The Mission Inn Hotel, 3649 Mission Inn Avenue, Riverside, California 92501**; (951)

784-0300, or as otherwise agreed upon.  The deposition will continue from day to day thereafter, weekends and holidays excluded, until complete.  The depositions will be taken before a Notary Public or some other officer authorized to administer oaths under the law. You are invited to attend and examine the witnesses if you so desire.  Defendant is requested to designate and identify each officer, director, or managing agent, or other persons who will testify on its behalf, and to set forth, for each person designated, the matters on which the person will testify.

Plaintiffs reserve the right to record the deposition stenographically, as well as by videotape, audio tape, and live note, and it will be transcribed.   The deposition is being taken for the purposes of discovery, for use at trial, or for all other purposes as are permitted under the Federal Rules of Civil Procedure.

Respectfully submitted,

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

_____ **/s/ Raúl R. Bencomo**_____
RAÚL R. BENCOMO #2932
**PLAINTIFFS' CO-LIAISON COUNSEL**
BENCOMO & ASSOCIATES
639 Loyola Avenue Suite 2110
New Orleans, LA 70113
(504) 529-2929 - telephone
(504) 529-2018 - fax
**ben_law@bellsouth.net**

**COURT-APPOINTED PLAINTIFFS'**
**STEERING COMMITTEE**
GERALD E. MEUNIER (LA Bar #9471)
JUSTIN I. WOODS (LA Bar #24713)
LINDA J. NELSON (LA Bar #9938)
FRANK D'AMICO (LA Bar #17519)
MATT MORELAND (LA Bar #24567)
ROBERT M. BECNEL (LA Bar #14072)
ANTHONY BUZBEE (TX #24001820)
MIKAL WATTS (TX #20981820)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing on September 10, 2009.

_/s/ Raúl R. Bencomo_
**RAÚL R. BENCOMO**

**PLEASE SERVE:**

**RADCO, Inc.**
**c/o Mr. Michael L. Zieman, P.E.**
**3220 E. 59th Street**
**Long Beach, CA 90805**
**(562) 272-7231**

**and**

**Michael L. Zieman**
**11179 Blackledge Road**
**Penn Valley, CA 95946**
**(530) 432-5630**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE | * | MDL NO. 07-1873 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION "N" (5) |
| THIS DOCUMENTS IS RELATED TO: | * | |
| CIVIL ACTION NO. 07-9228 | * | |
| *Aldridge, et al. vs. Gulf Stream Coach, Inc., et al.* | * | *JUDGE ENGELHARDT* |
| *(Elisha Dubuclet obo Timia Dubuclet vs.* | * | |
| *Fleetwood, Fluor Enterprises, Inc. and FEMA)* | * | MAG: CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## SUBPOENA DUCES TECUM

TO:   RADCO, Inc.
      c/o MICHAEL L. ZIEMAN, P.E.
      3220 East 59th Street
      Long Beach, CA 90805

GREETINGS:

YOUR ARE HEREBY COMMANDED, laying all other business aside, to personally

appear at **The Mission Inn Hotel, 3649 Mission Inn Avenue, Riverside, California**

**92501,** at **9:00 a.m., PST,** on the 6th day of October, 2009, to be sworn as a witness in the

above-styled case, pending before the Eastern District of Louisiana, Case No. MDL 07-

1873.  A copy of the Notice of Deposition of RADCO/Michael L. Zieman is attached to this

Subpoena.

YOU ARE FURTHER COMMANDED to produce to all counsel, on or before

September 21, 2009, the following materials which are within your possession, custody or

control:

**See Exhibit A**

**HEREIN FAIL NOT, UNDER PENALTY OF LAW.**

**WITNESS MY HAND AND THE SEAL OF THIS COURT, ON THIS 10th DAY OF SEPTEMBER, 2009.**

Respectfully submitted,

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

_____/s/ Raúl R. Bencomo_____
RAÚL R. BENCOMO #2932
**PLAINTIFFS' CO-LIAISON COUNSEL**
BENCOMO & ASSOCIATES
639 Loyola Avenue Suite 2110
New Orleans, LA 70113
(504) 529-2929 - telephone
(504) 52902918 - fax
**ben_law@bellsouth.net**

-2-

**COURT-APPOINTED PLAINTIFFS'**
**STEERING COMMITTEE**
GERALD E. MEUNIER (LA Bar #9471)
JUSTIN I. WOODS (LA Bar #24713)
LINDA J. NELSON (LA Bar #9938)
FRANK D'AMICO (LA Bar #17519)
MATT MORELAND (LA Bar #24567)
ROBERT M. BECNEL (LA Bar #14072)
ANTHONY BUZBEE (TX #24001820)
MIKAL WATTS (TX #20981820)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing on September 10, 2009.

_____/s/ Raúl R. Bencomo_____
RAÚL R. BENCOMO

-3-

# EXHIBIT A

## DEFINITIONS

"**You**" and its various forms such as "**your**" and "**yourself**" shall mean the person subject to this notice and/or subpoena and/or request for production and all present and former agents, employees, representatives, attorneys, custodian of records, and all other persons acting on behalf of such person, including, but not limited to, deponent, its divisions, parents, subsidiaries, related companies or corporations, predecessors, successors, and all present and former officers, directors, agents, employees, representatives, and attorneys, and all other persons acting or purporting to act on behalf of deponent.

"**Documents**" shall mean or refer to all written or graphic matter of every kind of description, however, produced or reproduced, whether draft or final, original or reproduction, and all tangible things within the scope of the Federal Rules of Civil Procedure which are in the possession, custody or control of the party upon whom this subpoena and/or request for production of documents is served or to which said party can obtain access.  The subpoena and/or request for production of documents calls for originals, unless otherwise specified, and for all copies when originals are not available.  If a document has been prepared in several copies or additional copies have been made and the copies are identified (or by reason of subsequent modification of the copy by additions or notations, or other modifications, are not longer identical), each non-identical copy is a separate "document."

With respect to the production of any documents which are claimed to be privileged, a statement shall be provided by the attorneys for the respondent setting forth as to each such documents (and, where applicable, each attachment thereto):

> the name of the sender, if any of the documents;
> the name of the author of the document;
> the name of the person, if any, to whom the document and copies were sent;
> the date of the document;
> the date on which the document was received by those having possession
> of the document;
> a description of the nature and the subject matter of the document;
> the statute, rule or decision which is claimed to give rise to the privilege;
> the last-known custodian of the document and the present location of the
> document;

attachments to the documents;
the number of pages comprising the document;
whether the document is handwritten, typewritten or otherwise prepared; and
any other information which is useful in identifying or is necessary to identify
the document.

1.     Whatever appropriate, the singular form of the word shall be interpreted in the plural and vice versa.

2.     All words and phrases shall be construed as masculine, feminine, or neutral gender according to the context.

3.     "**And**" as well as "**or**" shall be construed either disjunctively as necessary to bring within the scope of the subpoena and/or request for production of documents any matters which might otherwise be construed to be outside of the scope of the subpoena and/or request for production of documents.

## ADDITIONAL DIRECTIONS

This request does not seek:

1.     Documents protected by a legitimate attorney-client privilege.

2.     Documents outside your care, custody or control.

You may redact any personal identification numbers, such as a drivers' license number or a Social Security number.

## DOCUMENT REQUESTS

1.     A copy of any and all transcripts of depositions RADCO/Michael Zieman has previously given dealing with Formaldehyde.

2.     To produce any and all correspondence, emails, memoranda or other means of communication (or any of its subsidiaries) between RADCO and/or Michael Zieman and Fleetwood Enterprises, Inc., pertaining to Formaldehyde between 1979 through 2005.

3.     To produce any and all studies/reports pertaining to any tests conducted by RADCO for Fleetwood Enterprises, Inc. (or any of its subsidiaries) on Fleetwood's Mobile Housing Units (specifically dealing with Formaldehyde 1979 to present).

-2-

4.    To produce any and all studies/reports pertaining to any tests conducted by RADCO/Michael Zieman for Fleetwood Enterprises, Inc. (or any of its subsidiaries) on Fleetwood Travel Trailers.

5.    Any and all proposals made by RADCO/Michael Zieman to Fleetwood Enterprises, Inc. (or any of its subsidiaries) to conduct Formaldehyde tests on Fleetwood Travel Trailers.

6.    Any and all Protocols or proposed Protocols for testing Formaldehyde in Fleetwood Travel Trailers and/or Fleetwood Manufactured Housing Units.

7.    Any and all letters, correspondence, emails or other forms of communication between RADCO/Michael Zieman and Fleetwood Enterprises, Inc. (or any of its subsidiaries) pertaining to Formaldehyde and/or Formaldehyde levels in travel trailers between August 29, 2005 to the present.

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### EASTERN District of LOUISIANA

IN RE: FEMA TRAILER
FORMALDEHYDE PRODUCTS
V.
ELISHA DUCLET obo TIMIA DUBCLET
vs. FLEETWOOD, FLUOR ENTERPRISES,
INC., AND FEMA

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  MDL NO. 07-1873

TO:   **RADCO, Inc.**
      **c/o Michael L. Zieman, P.E.**
      **3220 E. 59th Street**
      **Long Beach, CA 90805**
      **(562) 272-7231**

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| The Mission Inn Hotel, 3649 Mission Inn Avenue, Riverside CA 92501 | 10/6/09   9:00 a.m. PST |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See Attached Exhibit "A"**

| PLACE | DATE AND TIME |
|---|---|
| The Mission Inn Hotel, 3649 Mission Inn Avenue, Riverside CA 92501 | 10/6/09   9:00 a.m. PST |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   Atty. fr PSC/π | DATE   9/10/09 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Raúl R. Bencomo, 639 Loyola Ave., Ste. 2110, New Orleans, LA 70113 (504) 529-2929

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.
AO88  (Rev.  12/07) Subpoena in a Civil Case (Page 2)

PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.
(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT A

## DEFINITIONS

"**You**" and its various forms such as "**your**" and "**yourself**" shall mean the person subject to this notice and/or subpoena and/or request for production and all present and former agents, employees, representatives, attorneys, custodian of records, and all other persons acting on behalf of such person, including, but not limited to, deponent, its divisions, parents, subsidiaries, related companies or corporations, predecessors, successors, and all present and former officers, directors, agents, employees, representatives, and attorneys, and all other persons acting or purporting to act on behalf of deponent.

"**Documents**" shall mean or refer to all written or graphic matter of every kind of description, however, produced or reproduced, whether draft or final, original or reproduction, and all tangible things within the scope of the Federal Rules of Civil Procedure which are in the possession, custody or control of the party upon whom this subpoena and/or request for production of documents is served or to which said party can obtain access.  The subpoena and/or request for production of documents calls for originals, unless otherwise specified, and for all copies when originals are not available.  If a document has been prepared in several copies or additional copies have been made and the copies are identified (or by reason of subsequent modification of the copy by additions or notations, or other modifications, are not longer identical), each non-identical copy is a separate "document."

With respect to the production of any documents which are claimed to be privileged, a statement shall be provided by the attorneys for the respondent setting forth as to each such documents (and, where applicable, each attachment thereto):

      the name of the sender, if any of the documents;
      the name of the author of the document;
      the name of the person, if any, to whom the document and copies were sent;
      the date of the document;
      the date on which the document was received by those having possession
          of the document;
      a description of the nature and the subject matter of the document;
      the statute, rule or decision which is claimed to give rise to the privilege;
      the last-known custodian of the document and the present location of the
          document;

      attachments to the documents;
      the number of pages comprising the document;

whether the document is handwritten, typewritten or otherwise prepared; and any other information which is useful in identifying or is necessary to identify the document.

1.   Whatever appropriate, the singular form of the word shall be interpreted in the plural and vice versa.

2.   All words and phrases shall be construed as masculine, feminine, or neutral gender according to the context.

3.   "**And**" as well as "**or**" shall be construed either disjunctively as necessary to bring within the scope of the subpoena and/or request for production of documents any matters which might otherwise be construed to be outside of the scope of the subpoena and/or request for production of documents.

## ADDITIONAL DIRECTIONS

This request does not seek:

1.   Documents protected by a legitimate attorney-client privilege.

2.   Documents outside your care, custody or control.

You may redact any personal identification numbers, such as a drivers' license number or a Social Security number.

## DOCUMENT REQUESTS

1.   A copy of any and all transcripts of depositions RADCO/Michael Zieman has previously given dealing with Formaldehyde.

2.   To produce any and all correspondence, emails, memoranda or other means of communication (or any of its subsidiaries) between RADCO and/or Michael Zieman and Fleetwood Enterprises, Inc., pertaining to Formaldehyde between 1979 through 2005.

3.   To produce any and all studies/reports pertaining to any tests conducted by RADCO for Fleetwood Enterprises, Inc. (or any of its subsidiaries) on Fleetwood's Mobile Housing Units (specifically dealing with Formaldehyde 1979 to present).

4.  To produce any and all studies/reports pertaining to any tests conducted by RADCO for Fleetwood Enterprises, Inc. (or any of its subsidiaries) on Fleetwood Travel Trailers.

5.  Any and all proposals made by RADCO to Fleetwood Enterprises, Inc. (or any of its subsidiaries) to conduct Formaldehyde tests on Fleetwood Travel Trailers.

6.  Any and all Protocols or proposed Protocols for testing Formaldehyde in Fleetwood Travel Trailers and/or Fleetwood Manufactured Housing Units.

7.  Any and all letters, correspondence, emails or other forms of communication between RADCO/Michael Zieman and Fleetwood pertaining to Formaldehyde and/or Formaldehyde levels in travel trailers between August 29, 2005 to the present.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE | * | MDL NO. 07-1873 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION "N" (5) |
| THIS DOCUMENTS IS RELATED TO: | * | |
| CIVIL ACTION NO. 07-9228 | * | |
| *Aldridge, et al. vs. Gulf Stream Coach, Inc., et al.* | * | *JUDGE ENGELHARDT* |
| *(Elisha Dubuclet obo Timia Dubuclet vs.* | * | |
| *Fleetwood, Fluor Enterprises, Inc. and FEMA)* | * | **MAG: CHASEZ** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>REQUEST FOR SUBPOENAS</u>

       Please issue signed subpoenas as noted below, pursuant to Rule 45(a)(1) and (2) of the Federal Rules of Civil Procedure, I hereby certify that the number of subpoenas requested is in accordance with the Federal Rules of Civil Procedure.

### SUBPOENAS TO TESTIFY AND/OR PRODUCE DOCUMENTS

_____     set(s) for trial or hearing scheduled on:

_____
DATE OF TRIAL OR HEARING

### DEPOSITION SUBPOENAS

_____X\_\_\_\_\_     set(s) for deposition to be taken on:

_____**October 6, 2009**_____
DATE OF DEPOSITION

### SUBPOENAS FOR PRODUCTION OR INSPECTION

_____X\_\_\_\_\_     **October 6, 2009**
DATE OF DEPOSITION

**FEMA TRAILER FORMALDEHYDE PRODUCT
LIABILITY LITIGATION**

_____**/s/ Raúl R. Bencomo**_____
RAÚL R. BENCOMO #2932
**PLAINTIFFS' CO-LIAISON COUNSEL**
BENCOMO & ASSOCIATES
639 Loyola Avenue Suite 2110
New Orleans, LA 70113
(504) 529-2929 - telephone
(504) 52902918 - fax
**ben_law@bellsouth.net**

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
GERALD E. MEUNIER (LA Bar #9471)
JUSTIN I. WOODS (LA Bar #24713)
LINDA J. NELSON (LA Bar #9938)
FRANK D'AMICO (LA Bar #17519)
MATT MORELAND (LA Bar #24567)
ROBERT M. BECNEL (LA Bar #14072)
ANTHONY BUZBEE (TX #24001820)
MIKAL WATTS (TX #20981820)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing with the Clerk

of the Court by using the CM/ECF system which will send a notice of electronic filing to all

counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing

document and the notice of electronic filing on September 10, 2009.

_____**/s/ Raúl R. Bencomo**_____
**RAÚL R. BENCOMO**