UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                        MDL NO. 07-1873
       FORMALDEHYDE PRODUCTS
       LIABILITY LITIGATION

                                                                  SECTION "N"  (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-2892

## **ORDER AND REASONS**

Before the Court is Gulf Stream Coach, Inc.'s "Motion in Limine to Limit Expert Testimony of Janet Barnes, M.D." (Rec. Doc. #2891). The motion is opposed by plaintiffs.

Dr. Janet Barnes is the treating physician of Christopher Cooper, and has been since Cooper was a young child. Defendant makes a variety of arguments regarding the exclusion of Dr. Barnes' testimony, however, almost all of those arguments are the appropriate subject for cross examination.

On the other hand, of particular concern to the Court is Dr. Barnes' claim that Cooper has suffered permanent damage as a result of formaldehyde inhalation/exposure. It is not clear what testing, examination or methodology she employed to reach such a conclusion, other than perhaps reference articles in the realm of "general causation" which suggest such a possible result to her. In her report, Dr. Barnes offers the conclusory statement regarding permanent epithelial damage,

1

but offers no support for such a specific causation of such damage; and also fails to set forth the basis for such a conclusion as to general causation. Plaintiffs concede that "Dr. Barnes is a treating doctor and was not hired to conduct epidemiological studies or statistical studies. She is aware of certain studies regarding formaldehyde exposure and asthma showing that formaldehyde exacerbates asthma and causes respiratory difficulties." (Rec. Doc. 2989, p. 13) As plaintiffs make clear that Dr. Barnes is to testify as to specific causation, an opinion solely based upon the research of another with regard to "general causation" from this witness would be inappropriate, unless this witness can establish that, in addition to being the treating physician, she also undertook examination of Cooper, and additional research, to come to the specific conclusion with regard to his permanent damage. Thus, if plaintiffs intend to offer this opinion to the jury, it will be the subject of a *Daubert* hearing the evening before Dr. Barnes' scheduled testimony. Based upon submissions to the Court, the undersigned is doubtful that her opinion with regard to permanent damage can sustain Rule 702 scrutiny.

     Gulf Stream further argues that Dr. Barnes is hardly an objective expert, given the fact that, not only is she Cooper's treating physician, she also stated at her deposition that she herself may pursue a claim based upon formaldehyde exposure, and that her children are plaintiffs in a lawsuit brought against some of the trailer manufacturer defendants in this MDL. (Exhibit B to Rec. Doc. 2891, pp. 358-59). Plaintiffs respond by asserting that, in her later produced affidavit, Dr. Barnes indicates that she will not be pursuing such a claim on her own behalf. She makes no mention, however, of any claim any of her children have asserted or plan to assert in this MDL. Gulf Stream

2

will certainly have the opportunity to question Dr. Barnes about her interest, or the interest of close family members and/or friends, in the outcome of this litigation such that her opinion can be placed in such context, to the extent that it would affect the weight a reasonable juror would afford her opinion.

For the foregoing reasons, the Motion in Limine to Limit Expert Testimony of Janet Barnes, M.D. (Rec. Doc. 2891) is **DENIED IN PART**, and **DEFERRED TO TRIAL IN PART**.

New Orleans, Louisiana, this 10th day of September, 2009.

_____
**KURT D. ENGELHARDT**
**United States District Judge**