UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER * | | MDL NO. 1873 |
| FORMALDEHYDE * | | |
| PRODUCTS LIABILITY * | | SECTION: N(5) |
| LITIGATION * | | |
| * | | JUDGE: ENGELHARDT |
| This Document Relates to: *Charlie Age, et al. v.* * | | |
| *Gulf Stream Coach Inc., et al*, Docket No. 09-2892 * | | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF
MOTION *IN LIMINE* TO EXCLUDE INTEROFFICE MEMORANDUM AND
OBJECTIONS TO DEMONSTRATIVE EXHIBITS**

**MAY IT PLEASE THE COURT:**

Defendant, Gulf Stream Coach, Inc. ("Gulf Stream"), respectfully submits this memorandum in support of its motion to exclude an interoffice memorandum of Fairmont Homes, Inc., and objections to certain demonstrative exhibits the plaintiffs have proposed to use at trial of this matter.

**I.    BACKGROUND**

As this Court is well aware, this Multi-District Litigation is the consolidation of several state and federal toxic tort suits in which an estimated thirty thousand named plaintiffs claimed to have inhabited emergency housing units ("EHUs") that were provided to them by the Federal Emergency Management Agency ("FEMA") as a result of the alleged uninhabitability of their residences due to Hurricanes Katrina and Rita. (Doc. No. 109, at ¶ 96). Plaintiffs claimed injuries resulting from their alleged exposure to the release of formaldehyde and/or formaldehyde vapors in those EHUs. (Doc. No. 109, at ¶ 30). Following denial of class certification, several plaintiffs filed suit against Gulf Stream Coach, Inc., alleging that it manufactured the EHUs used by the specific plaintiffs. (*Age, et al. v. Gulf Stream Coach, Inc., et al.*, 09-2892, Doc. No. 1). One of

those plaintiffs was Alana Alexander, who along with her son Christopher Cooper was chosen to act as the bellwether plaintiff in a trial against Gulf Stream scheduled to commence on September 14, 2009.

As part of discovery for the Alexander trial, Gulf Stream produced several documents it obtained through a search of its electronic records. One of those documents was from Fairmont Homes, Inc. *See* GULF 0006702, attached as Exhibit "A." The document, which is a memorandum drafted by Fairmont Homes, Inc., discusses Fairmont's choice to forego Gulf Stream's standards for the use of formaldehyde-emitting materials. Gulf Stream respectfully submits that the document is hearsay testimony that must be excluded by this Honorable Court. Furthermore, as part of trial preparation, the parties exchanged demonstrative exhibits on September 9, 2009. Several of the demonstratives the Plaintiff has proposed to use are unduly prejudicial, inflammatory, and misleading. *See* Plaintiff's Demonstrative Exhibits, attached *in globo*, as Exhibit "B." Therefore, Gulf Stream objects to their use at trial.

**II.    LAW AND ARGUMENT**

    **A.    Memorandum from Fairmont Homes, Inc.**

As this Court well knows, hearsay is not admissible. Fed. R. Evid. 802 (2009). Hearsay is any statement (written or oral), other than one made by a declarant testifying at trial or hearing, that is offered to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(a), (c). The justification for the exclusion of hearsay lies in the simple fact that the parties cannot examine or determine the veracity of the statement. *See Southmark Properties v. Charles House Corp.*, 742 F.2d 862, 875 (5th Cir. 1984). As the U.S. Court of Appeals for the Fifth Circuit has stated, "We note that the hearsay rule is not merely a technicality, but rests on the sound

principle that the reliability of out-of-court declarations not made under oath and not subject to cross-examination and other checks of the trial process is inherently suspect." *Id*.

The Fifth Circuit has held that interoffice memoranda are hearsay. In *Koonce v. Quaker Safety Prod. & Mfg. Co.*, a man was killed in a fire that occurred at the ammunitions plant where he worked. 798 F.2d 700, 703 (5th Cir. 1986). At trial, his surviving spouse and child sought to exclude a memorandum authored by the general manager of the decedent's employer. *Id*. at 719. The memo described steps taken by the employer after the fire to enhance safety. *Id*. at 719 n. 22. The Court noted that the memo discussed future inquiries into safety measures and did not involve any sort of hearing or investigation. *Id*. at 720. Thus, the memorandum lacked trustworthiness and was not subject to any hearsay objections, so the Court excluded the memorandum. *See id*.

The FRE rules on hearsay and the *Koonce* decision are directly applicable to the document at issue – it is a written statement of an out-of-court declarant that would be offered to prove the truth of the matter asserted (i.e., that materials contain formaldehyde, which can cause adverse health effects). Were the Plaintiff to offer this document into evidence, Gulf Stream would have no ability to cross-examine the declarant's unsworn and unsigned statement. Indeed, the fact that it is unsigned highlights the parties' inability to question the declarant because they do not know who made the statement. Also, the memorandum lacks trustworthiness because it is an unsworn, unsigned statement. Much like the *Koonce* case, there is no indication that the statement is the result of any hearing or investigation that would verify its accuracy. As such, it is inadmissible.

Of course, there are several exceptions to the hearsay rule. However, none apply here. The only exception that would arguably apply is that which states a memorandum, report, record,

or data compilation of conditions or opinions made at or near the time they occurred by a person with knowledge is admissible (i) if kept in the course of a regularly conducted business activity, and (ii) if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness. Fed. R. Evid. 803(6). This exception applies to records that are kept pursuant to some routine procedure designed to assure their accuracy. *Sabatino v. Curtiss Nat'l Bank of Miami Springs*, 415 F.2d 632, 637 (5th Cir. 1969). In stark contrast is the document at issue, which is an isolated document that pertains to a specific topic. Further, the exception does not apply because there is no custodian or qualified witness to confirm the accuracy of the document, as called for in Rule 803(6).

    **B.**    **Demonstrative Exhibits**

Additionally, Gulf Stream objects to the demonstrative exhibits the Plaintiff has proposed to use at trial. Under the Federal Rules of Evidence, any evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. FED. R. EVID. 403 (2008). Demonstrative aids are governed by this rule. *U.S. v. Buck*, 324 F.3d 786, 790 (5th Cir. 2003). Accordingly, "demonstrative evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Tritek Technologies, Inc. v. U.S.*, 67 Fed.Cl. 727, 729 (Fed. Cl. 2005); *Young Dental Mfg. Co. v. Q3 Special Products, Inc.*, 112 F.3d 1137, 1145—46 (Fed. Cir. 1997).

The Plaintiff in this case has presented several demonstratives to aid the prosecution of her case. However, a number of them are inflammatory, misleading and completely prejudicial to the defendants in this action.

- One demonstrative entitled <u>Company Logo</u> lists "GULF STREAM" in bolded text over an image that depicts a man raising his left hand to take an oath, but shows the person's right hand behind his back, crossing his fingers.

- A slide entitled <u>Defendants</u> lists a bolded heading that reads, "Defendants: Ignore/deny/cover-up."

- One demonstrative named <u>Ostrich</u> states, "Both defendants knew of formaldehyde but did nothing." This language is printed above an image of an ostrich with its head in the sand.

- Another image called <u>Poison</u> states "What you don't know can hurt you" over an image that says "Danger – Poison" and contains a skull and crossbones.

- Another called <u>Formaldehyde Facts</u> lists the same poison logo and skull and crossbones image at the top.

- Another called <u>MSDS</u> lists a product warning that includes the words "Poison! Danger!" but does not attribute the slide to any source or indicate that the warning is applicable to formaldehyde.

*See* Exhibit B.

The implication of these aids is clear, as is their prejudicial and inflammatory effect. If the Plaintiff showed the jurors these images, the slides would plant a seed in the jurors' minds that Gulf Stream's witnesses and experts will lie and deceive throughout the duration of this trial. The images would also create the thought that formaldehyde is akin to deadly poison, while

implying that some authoritative body has issued warning language about formaldehyde without any semblance of attribution or reference to the substance. These images are inflammatory, misleading, unfair, uncalled for – and most importantly for purposes of this motion – so prejudicial that they must be excluded.

Other images make legal conclusions and assertions that the jury must make. One image entitled <u>Chris Cooper</u> says, "Has asthma that was made worse due to Formaldehyde" and "Has changes in his nose due to Formaldehyde." These statements are wholly unattributed and are mixed in with other statements about plaintiff Cooper's hobbies and background (as if to say that formaldehyde's exacerbation of plaintiff Cooper's condition is as much a fact as his age or the identify of his sister). Another image, <u>GSCI Key Facts</u>, states that Gulf Stream had prior knowledge of danger, gave no warning of danger, misled FEMA and the public, and used non-LFE woods. Much like the Chris Cooper slide, this slide contains no sources or attributions. Yet another image, entitled <u>Comparative Fault</u>, lists Gulf Stream, Fluor, and Alana Alexander and adds up to 100 percent. By limiting the slide to these parties, the slide does not accurately reflect the verdict form by omitting a space for other entities, most notably FEMA.

These demonstratives contain unsupported, conclusory information that has great potential to mislead the jury into believing that the essential issues in this case are foregone conclusions. It is the jury's job to decide whether plaintiff Cooper's asthma was exacerbated by asthma or whether Gulf Stream had prior knowledge of danger, not the Plaintiff's. The Plaintiff will have every opportunity to elicit this information through its expert witnesses; to make these blanket statements in a demonstrative aid is improper. It is also the jury's job to apportion fault to <u>all</u> persons who are at fault, not just the parties to this lawsuit. *See* LA. CIV. CODE art. 2323

(2009). The Plaintiff's slides mislead the jurors as to the accurate state of Louisiana law. Accordingly, these aids must be excluded.

The final demonstrative at issue is a computer animation the Plaintiff plans to present at trial. Admittedly, courts generally allow the admission of computer animations if authenticated by testimony of a witness with personal knowledge of the content of the animation **and** upon a showing that it fairly and adequately portrays the facts. *Lorraine v. Markel American Ins. Co.*, 241 F.R.D. 534, 559 (D.Md. 2007). However, courts have acknowledged "the potential prejudicial effect of such evidence because the jury viewing a recreation might be so persuaded by its life-like nature that it becomes unable to visualize an opposing viewpoint of those events." *See Hinkle v. City of Clarksburg,* 81 F.3d 416, 424—25 (4th Cir. 1996). Thus, the admission of such evidence is contingent on a showing that the recreated events are substantially similar to the actual events. *Id*. at 425.

With respect to the computer animation proposed for use by the Plaintiff, the Plaintiff has provided Gulf Stream with a website link to the animation. Gulf Stream has tried diligently to open the animation in order to review and analyze it, but due to technical difficulties, Gulf Stream has not been able to access the animation as of this writing. Gulf Stream will supplement this filing once it has reviewed the animation in order to provide specific objections. Out of an abundance of caution, however, and in an effort to comply with applicable deadlines, Gulf Stream objects to the animation to the extent it fails to adequately portray the facts of this case. Specifically, if the animation does not show the unit with its windows open or with a screen door affixed to the main doorframe, then the animation does not provide an accurate illustration of the facts of this case. Further, to the extent the animation shows the unit with negative pressurization such that outside air is being drawn into the unit, and/or with any recorded narrative discussing

the conditions of the unit, this would not be an accurate depiction of the actual facts. These facts have been established through investigation, discovery, and deposition testimony, and for the Plaintiff to alter or omit them in the animation is argumentative, inflammatory and misleading. As the cases above state, the animation must show recreated events that are substantially similar to the actual facts. If the Plaintiff has failed to ensure substantial similarity, the animation is inadmissible.

Respectfully Submitted:

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK #18495**
**JOSEPH G. GLASS #25397**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700
(504) 837-3119 (FAX)
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON**
**Timothy D. Scandurro #18424**
**Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
(504) 529-6199 (FAX)
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

## **C E R T I F I C A T E**

I hereby certify that on the 11th day of September, 2009, a copy of the foregoing Memorandum in Support of Motion in *Limine* to Exclude Interoffice Memorandum and Objections to Demonstrative Exhibits was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK #18495**
andreww@duplass.com