**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | | |
|---|---|---|
| **IN RE:FEMA TRAILER** | * | **07-md-1873** |
| **FORMALDEHYDE** | * | |
| **PRODUCTS LIABILITY** | * | |
| **LITIGATION** | * | **SECTION: N(5)*** |
| | * | **JUDGE: ENGELHARDT** |
| | * | **MAG: CHASEZ** |

This document is related to:
 *Charlie Age, et al. v. Gulf Stream Coach, Inc., et al., No. 09-2892*
 Alana Alexander, Individually and on behalf of Christopher Cooper
**********************************************************************

**OBJECTIONS TO PLAINTIFFS' DEMONSTRATIVE OBJECTS**
**ON BEHALF OF FLUOR ENTERPRISES, INC.**

Fluor Enterprises, Inc. (hereafter "FEI") objects to certain demonstrative exhibits the Plaintiff has proposed to use at trial. Specifically, FEI objects to the following:

1. In the demonstrative labeled photos.pptx there are 4 pictures. We object to the picture of the trailer wall, specifically to the labeling on the picture and generally to the picture itself. The labeling is simply wrong - it says "**Damaged interior wall inside Alexander trailer at the time they moved in.** " The picture was not taken when they moved in but in fact almost 24 months later, after the trailer was removed twice from the initial blocking install and after it sat in the trailer graveyard for many months. There is no way of knowing if the wall was in this condition when Alana moved in, the photo certainly was not taken then, despite the label and the duct tape was not on the wall the day she moved in. The photo itself, and the labeling, are thus misleading and should not be shown to the jury

2. The slide labeled comparative fault does not accurately reflect the verdict form, in that it omits space for attribution of fault to other entities.

3. The installation methods demonstrative is inaccurate in several ways. PSC has agreed to a stipulation that the trailer was installed by a sub-contractor of a Fluor subcontractor -

      and not by a "Fluor contractor".  The statement about jacking is not, and will not be, in evidence.  The license statement will mislead the jury, as no license exists in Louisiana, or any other state, to haul or install a travel trailer.

4. We note that several times the items misspell the name of our client, it is "Fluor", not "Flour".

5. The slide file named "trailer design problems" appears to be incomplete as served on us, it lacks any content other than the caption

6. The slide file named case description gives us concern as it appears to conflict with the judge's view that this case is a trial involving a single plaintiff and a single trailer.[1]

7. The slide file named FEI questions must be removed in light of the LPLA ruling by the Court on September 10, 2009.[2]

     FEI received the objected to objects, as well as 25 other demonstratives, in the late afternoon of September 9, 2009, via email from plaintiff counsel.  After review of the objects and analysis, in an effort to resolve a number of issues, FEI communicated its concerns to plaintiff counsel in later afternoon on September 10, 2009.[3]  Within 30 minutes, FEI received an email reply from plaintiff counsel unilaterally rejecting all concerns – even the stated concern about the incomplete exhibit.[4]  A later email from plaintiff counsel responded specifically to concern number 1 above and offered to modify language – a modification that does not resolve the fundamental issue as to the use of the photograph.[5]  Thus, the issue of demonstratives is joined between the parties and is ripe for review by the court.

A. The Legal Standard for Demonstrative Objects

---

[1] The particular slides are attached *en globo* as Exhibit A, in the same order .
[2] This item, newly arisen since the email exchanges, is included for completeness here in light of the ruling by the Court last night.
[3] A print of the FEI email is attached as Exhibit B.  FEI amends the objection therein listed as number 7 as above in light of the Court's subsequent ruling as to the LPLA claims
[4] A print of the reply email is attached as Exhibit C.
[5] A print of the email is attached as Exhibit D.

Under the Federal Rules of Evidence, any evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. FED. R. EVID. 403 (2008). Demonstrative aids are governed by this rule. *U.S. v. Buck*, 324 F.3d 786, 790 (5th Cir. 2003). Accordingly, "demonstrative evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Tritek Technologies, Inc. v. U.S.*, 67 Fed.Cl. 727, 729 (Fed. Cl. 2005); *Young Dental Mfg. Co. v. Q3 Special Products, Inc.*, 112 F.3d 1137, 1145—46 (Fed. Cir. 1997).

B. Analysis

As an initial item, FEI notes and recognizes that plaintiffs have not responded to objections numbered 3,4,5, or 7 in the original email  With no response, FEI suggest to the Court there is no basis for permitting the plaintiffs to utilize these objected to  demonstrative objects in any form, much less in their current form.

As to the photograph of the wall, the objection is obvious from a view of the picture and the reply of plaintiff counsel in Exhibit D – the object, and especially the wording therein, does not accurately depict the wall at any time when Ms. Alexander lived in the trailer – as it was taken 17 months after she vacated the trailer and more than a year after the trailer was hauled to the graveyard. Use of such a misleading object can only serve to confuse, not enlighten the jury.

As to the slide showing spaces for fault apportionment, FEI understands and accepts that the plaintiffs have the right to put forward their theory of the case.  The slide, however, does more than that – it usurps the responsibility of the court to inform the jury as to the fault

apportionment process. Unfortunately, as the Court is probably all too aware, a picture is worth one thousand words – and the use of any such slide, at any time prior to closing argument – after the court has ruled on apportionment issues – will simply mislead the jury. If the slide is amended after such rulings come forth – and comports with those rulings as to what entities – including entities other than parties – may have fault apportioned to them, then FEI would have no objection.

As to objection 6 to the slide titled case description, FEI suggests that while hyperbole is to be expected in trial the slide, especially when presented to a jury that will consist of persons well aware of the impact of hurricanes Katrina & Rita, injects issues outside the context of Ms. Alexander, Chris Cooper, and their Gulfstream trailer experiences. The slide cleverly gets before the jury the larger issue of trailer litigation that the Court appears to have made clear will not be permitted.

FEI respectfully requests that the Court bar the use of the slides as produced unless modified as discussed herein.

       Respectfully submitted,

       **MIDDLEBERG, RIDDLE & GIANNA**

       BY:  _____*s/ Richard A. Sherburne, Jr.*_____
          Dominic J. Gianna, La. Bar No. 6063
          Sarah A. Lowman, La. Bar No. 18311
          201 St. Charles Avenue, Suite 3100
          New Orleans, Louisiana 70170
          Phone: (504) 525-7200, Fax: (504) 581-5983

          -and-

          Charles R. Penot, Jr. (La. Bar No. 1530 &
          Tx. Bar No. 24062455)
          717 North Harwood, Suite 2400
          Dallas, Texas 75201
          Phone: (214) 220-6334; Fax: (214) 220-6807

*-and-*

Richard A. Sherburne, Jr., La. Bar No. 2106
450 Laurel Street, Suite 1101
Baton Rouge, Louisiana 70801
Phone: (225) 381-7700, Fax: (225) 381-7730

**ATTORNEYS FOR FLUOR ENTERPRISES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2009, I electronically filed the foregoing pleading, Objections to Plaintiffs Demonstrative Exhibits by Fluor Enterprises, Inc.,was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via email and/or U.S. mail.

*s/Richard A. Sherburne, Jr.*_
RICHARD A. SHERBURNE, JR.