

"Tony Buzbee"
&lt;tbuzbee@txattorneys.com&gt;

09/10/2009 05:52 PM

Please respond to
tbuzbee@txattorneys.com

To: FEMA_Trailor_MDL@midrid.com, RShePayne@midrid.com, "Deann Brown" &lt;dbrown@txattorneys.com&gt;, "Denise Martin" &lt;dmartin@gainsben.com&gt;, gmeunier@gainsben.com

cc: "ANDREW WEINSTOCK" &lt;andreww@duplass.com&gt;, CPenot@midrid.com, "JOSEPH G. GLASS" &lt;jglass@duplass.com&gt;, "Justin Woods"

bcc:

Subject: Re: FEMA/Alexander - Demonstratives

We assumed that you would have objections. You haven't surprised us yet. Note that these are demonstratives--not evidence. They are visuals that comport with our theory of the case. Objections based on your contrary arguments or theories in the case are not helpful as these will not go into evidence. As an example, ms alexander will testify the the crack was there when she moved in. That's our belief and that will be her testimony. You can disagree with that if you choose. Another example: the apportionment page is meant to assist in focusing the jury as to their task. It is not meant to be the actual comparative that the court will use. Another: the case description is our description of the case. We don't care if you agree with it. Just because you disagree doesn't mean it is an improper demonstrative. Please reconsider your "objections" as they are not helpful. We will forward our objections shortly.

Tony BuzbeeThe Buzbee Law FirmJPMorgan Chase Tower600 Travis, Suite 7300Houston, Texas 77002Telephone: 713-223-5393Facsimile: 713-223-5909www.txattorneys.comtbuzbee@txattorneys.com

**From**: FEMA_Trailor_MDL@midrid.com
**Date**: Thu, 10 Sep 2009 17:28:41 -0500
**To**: Deann Brown&lt;dbrown@txattorneys.com&gt;; Denise Martin&lt;dmartin@gainsben.com&gt;; &lt;gmeunier@gainsben.com&gt;
**Subject**: Re: FEMA/Alexander - Demonstratives

Jerry et al.

FEI has objections to several of the demonstratives you provided to us on the afternoon of September 9, 2009. While we recognize that everyone is working as hard as possible we also know that review of such important items takes more than the time we have. At this point, we have objections to at least the following items:

1. In the demonstrative labeled photos.pptx there are 4 pictures. We object to the picture of the trailer wall, specifically to the labeling on the picture and generally to the picture itself. The labeling is simply wrong - it says "**Damaged interior wall inside Alexander trailer at the time they moved in.** " The picture was not taken when they moved in but in fact almost 24 months later, after the trailer was removed twice from the initial blocking install and after it sat in the trailer graveyard for many months. There is no way of knowing if the wall was in this condition when Alana moved in, the photo certainly was not taken then, despite the label and the duct tape was not on the wall the day she moved in. The photo itself, and the labeling, are thus misleading and should not be shown to the jury

2. the slide labeled comparative fault does not accurately reflect the verdict form, in that it omits space for attribution of fault to other entities.

3. the installation methods demonstrative is inaccurate in several ways. As you are well aware, having agreed to a stipulation, the trailer was installed by a sub-contractor of a Fluor subcontractor - and not by a "Fluor contractor". The statement about jacking is not, and will not be, in evidence. The license statement will mislead the jury, as no license exists in Louisiana, or any other state, to haul or install a travel trailer.

4.We note that several times your items misspell the name of our client, it is "Fluor", not "Flour", although as I well know auto-correct spell check is a dangerous thing when you represent Fluor.

5. The slide file named "trailer design problems" appears to be incomplete as served on us, it lacks any

6. The slide file named case description gives us concern as it appears to conflict with the judge's view that this case is a trial involving a single plaintiff and a single trailer.

7. We have a conditional objection to the slide file named FEI Questions since it puts before the jury the impermissibly inconsistent theories of manufacturer and negligence liability for the trailer install work. At some point the judge will rule and you will have to fish or cut bait, thus the objection.

There may be other issues but we feel it wise to bring these objections to your attention now.

Richard A. Sherburne Jr.

Middleberg, Riddle & Gianna

450 Laurel St., Suite 1101

Baton Rouge, La. 70801


Ph: 225-381-7700

Fax: 225-381-7730


```
***CONFIDENTIAL***CONFIDENTIAL***CONFIDENTIAL***CONFIDENTIAL***CONFIDENTIAL


CONFIDENTIALITY NOTICE:  This electronic message (and/or the documents
accompanying it) may contain confidential information belonging to the sender
which is protected by the attorney-client and/or attorney work product and/or
other legal privileges.  This information is intended only for the use of any
intended addressee.  If you are not the intended addressee, your receipt of
this message and/or any accompanying documents was inadvertent and accidental.
You are hereby notified that any disclosure, copying, distribution, or taking
any action in reliance on the contents of this information is strictly
prohibited.  If you have received this electronic message in error, please
notify the sender by reply e-mail and delete this message.  Thank you.



***CONFIDENTIAL***CONFIDENTIAL***CONFIDENTIAL***CONFIDENTIAL***CONFIDENTIAL
```

| | | |
|---|---|---|
| **"Deann Brown" <dbrown@txattorneys.com>**<br><br>09/09/2009 03:53 PM | To | "ANDREW WEINSTOCK" <andreww@duplass.com>, "JOSEPH G. GLASS" <jglass@duplass.com>, <CPenot@midrid.com> |
| | cc | <gmeunier@gainsben.com>, "Justin Woods" <jwoods@gainsben.com>, "Denise Martin" <dmartin@gainsben.com>, "Anthony Buzbee" <Tbuzbee@txattorneys.com>, "Peter Taaffe" <ptaaffe@txattorneys.com>, "Laura De La Cruz" <ldelacruz@txattorneys.com> |
| | Subject | FEMA/Alexander - Demonstratives |

Counsel,

I am attaching the first batch of demonstratives that our office will be using, per the court's order to provide to you all before 5:00 p.m. today. Because of the sizes, I will break them up over several emails with the same subject line.

In addition, Plaintiff intends to also bring a vial of Formaldehyde as a demonstrative at trial.

Lastly, Linda Nelson's office will be providing an additional animation/demonstrative to you all separately.

Please let me know if you have any questions. It might be best if you confirm receipt of each of these emails for tracking purposes.

Thanks.

Deann Brown
The Buzbee Law Firm
600 Travis, Ste. 7300
Houston, TX 77002
Telephone: 713-223-5393
Facsimile: 713-223-5909
www.txattorneys.com
dbrown@txattorneys.com

 [attachment "Company Logos.pptx" deleted by Richard Sherburne/Midrid] [attachment "Alexander Family Facts.pptx" deleted by Richard Sherburne/Midrid] [attachment "Case Description.pptx" deleted by Richard Sherburne/Midrid] [attachment "Chris Cooper.pptx" deleted by Richard Sherburne/Midrid]