UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                      MDL NO. 07-1873
    FORMALDEHYDE PRODUCTS
    LIABILITY LITIGATION
                                                              SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 07-9228; *Aldridge,
et al. v. Gulf Stream Coach, Inc., et al.*

## ORDER AND REASONS

Before the Court is Fluor Enterprises, Inc.'s Partial Motion for Summary Judgment Regarding Claims Against It Under the Louisiana Products Liability Act (Rec. Doc. 2743). After reviewing the memoranda of the parties and the applicable law, the Court grants this motion and dismisses as a matter of law Plaintiffs' claims against Fluor under the Louisiana Products Liability Act ("LPLA").

**I.    BACKGROUND**

Bellwether plaintiffs Alana Alexander and her minor son, Christopher Cooper, are proceeding to trial against Gulf Stream Coach, Inc. ("Gulf Stream), the alleged manufacturer of the emergency housing unit ("EHU") in which they resided, and Fluor Enterprises, Inc. ("Fluor"), the Individual Assistance/Technical Assistance Contract ("IA/TAC") contractor who was hired by the Government to deliver, install, and maintain their EHU.

Plaintiffs assert claims against Fluor under the LPLA, contending that Fluor's actions qualify it as a "manufacturer" under the statute. (See Member Case No. 09-2892, Rec. Doc. 1, ¶¶ 103-109). Specifically, Plaintiffs allege that Fluor's "blocking" of the EHU created stress and distortion that allowed increased moisture intrusion and formaldehyde exposure due to cracks and openings in the shell. (Member Case No. 09-2892, Rec. Doc. 1 ¶¶ 106-109). Alternatively, Plaintiffs allege state

law negligence claims against Fluor, if and only if Fluor is not found to be a "manufacturer" under the LPLA. (Member Case No. 09-2892, Rec. Doc. 1 ¶¶ 110-116).

This motion pertains only to Plaintiffs' LPLA claims (as opposed to Plaintiffs' negligence claims) against Fluor, and specifically relates to whether Fluor can be considered a "manufacturer" within the meaning of the LPLA, subjecting it to liability for claims brought thereunder. The Court previously addressed this issue in the context of a Rule 12(b)(6) motion to dismiss brought by two other IA/TAC contractors, and concluded that it could not be said at that juncture that the IA/TAC contractors could not as a matter of law be considered manufacturers under the LPLA. (See Rec. Doc. 1762). The Court now re-addresses this issue under Rule 56 of the Federal Rules of Civil Procedure.

## II. LAW AND ANALYSIS

### A. Legal Standard - Motion for Summary Judgment

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana*, 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.*, 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Id.*(citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary

judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little*, 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

B. ANALYSIS

The LPLA "establishes the exclusive theories of liability for manufacturers for damage caused by their products." La. R.S. § 9:2800.52. Thus, to be liable under the LPLA, a person or entity must be a manufacturer. The LPLA provides that "'[m]anufacturer' means a person or entity who is in the business of manufacturing a product for placement into trade or commerce." La. R.S. § 9:2800.53(1). This statute further explains that "'[m]anufacturing a product' means producing, making, fabricating, constructing, designing, remanufacturing, reconditioning or refurbishing a product." *Id.* Further, La. R.S. § 9:2800.53 defines a "product" as "a corporeal movable that is manufactured for placement into trade or commerce, including a product that

3

forms a component part of or that is subsequently incorporated into another product or an immovable." Here, Fluor and Plaintiffs dispute whether Fluor is considered a "manufacturer" under the LPLA, subjecting it to claims thereunder.

In their Complaint, Plaintiffs contend that Fluor qualifies as a manufacturer under the LPLA because it performed work pursuant to its contracts with FEMA that "altered the character, design, construction, and/or quality of the product and that the housing units constitute products under the LPLA." (Member Case No. 09-2892, Rec. Doc. 1, ¶ 104). Plaintiffs also contend that "by installing the temporary housing units on concrete blocks for extended occupancy and, further, by installing residential appliances and heating and air conditioning units", Fluor "knowingly and intentionally modified the design and the actual use of the units." (Member Case No. 09-2892, Rec. Doc. 1, ¶ 108). Essentially, Plaintiffs allege that Fluor's "reconditioning and refurbishment" of the emergency housing units ("EHUs") created "stress and flexing on the frames of the units ... which distorted the travel trailers' shells allowing for increased moisture intrusion and formaldehyde exposure due to cracks and openings in the shell." (Member Case No. 09-2892, Rec. Doc. 1, ¶ 109(a)).

Fluor contends that it does not meet the definition of "manufacturer" found in the LPLA. It argues that, here, it is merely a contractor that was tasked with making the EHUs ready for occupancy. As for Plaintiffs' assertions that Fluor's actions in "blocking" the EHU off its wheel base and hooking the EHU to the utilities somehow altered the trailer and modified its design (Member Case No. 09-2892, Rec. Doc. 1, ¶ 106)., Fluor contends that it did not make, produce, fabricate, construct or design the EHUs.

In their rejoinder to this motion, Plaintiffs contend that Fluor qualifies as a manufacturer

4

and is within the scope of the LPLA because: (1) Fluor constructed the final defective product used by Plaintiffs (i.e., "an immobile, residential home") (See Rec. Doc. 2884, p. 5) and (2) Fluor's actions significantly modified and materially altered Plaintiffs' EHU.

This Court concludes that Fluor simply does not meet the definition of "manufacturer" found in the LPLA. Fluor's records attached to its motion and the declaration of Charles A. Whitaker, P.E. (attached as "Exhibit 2" to Rec. Doc. 2743) support Fluor's assertion that it was merely a contract service provider, which provided the services of delivering, setting up, and readying for use the EHU assigned to the bellwether plaintiffs. It did not manufacture Plaintiffs' EHU, nor did it assemble it or use it as a component part. Moreover, Fluor did not purchase the EHU that was assigned to Plaintiffs, nor did it create a new product by setting up the EHU. It readied the EHU for use; it did not create a new product.

While the Court relied on the case of *Coulon v. Wal-Mart Stores, Inc.*, 734 So.2d 916 (La.App. 1 st Cir.1999), *writ denied*, 747 So.2d 1125 (La.1999), in its denial of the IA/TACs motion to dismiss on this issue (See. Rec. Doc. 1762), it now finds that, faced with summary judgment factual evidence supporting Fluor's assertion that it cannot be considered a "manufacturer" of the EHU, *Coulon* is distinguishable for the reasons cited by Fluor on page 15 of its memorandum in support of its motion. (See Rec. Doc. 2743). To be clear, the Court concludes that what Fluor installed, or had a third party install, pursuant to the terms of its contract with FEMA, did not create a new product - as was created in *Coulon* when the parts of the bicycle were assembled by Wal-mart to create a bicycle. As Fluor aptly notes, the EHU was an EHU before being placed on blocks and hooking up to utilities, and was still an EHU after being placed on blocks and being hooked up to utilities. No new product was created by the

process that Fluor utilized to set up the EHU.

It is clear that Fluor was required by contract to transport the EHU to its designated location, install it, and connect the EHU to the local utilities (sewer and electricity). Plaintiffs argue that these actions (and particularly, the lifting of the EHU from its wheel base) significantly altered or modified the EHU's design and/or construction. While those allegations can be made at trial relating to alleged negligence claims against Fluor, this Court fails to see how these actions make Fluor a "manufacturer" under the LPLA. Fluor did not "refurbish", "recondition", or "remanufacture" the EHU or any of its parts. It merely placed an EHU, which was manufactured by another entity (which is a party to this lawsuit), placed it on blocks, and connected local utilities to it. Based on the Rule 56 evidence before the Court, Fluor simply is not a "manufacturer" of this EHU within the meaning of the LPLA.

## III. CONCLUSION

Considering the foregoing, **IT IS ORDERED** that **Fluor Enterprises, Inc.'s Partial Motion for Summary Judgment Regarding Claims Against It Under the Louisiana Products Liability Act (Rec. Doc. 2743)** is **GRANTED.** Thus, Plaintiffs' claims against Fluor under the LPLA are dismissed with prejudice; however, Plaintiffs' negligence claims against Fluor remain.

New Orleans, Louisiana, this 11th day of September, 2009.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**