UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                       MDL NO. 07-1873
       FORMALDEHYDE PRODUCTS
       LIABILITY LITIGATION
                                             SECTION "N"  (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-2892

# ORDER AND REASONS

Before the Court is Gulf Stream Coach, Inc.'s ("Gulf Stream") "Motion to Exclude the Testimony of Alexis Mallet, Jr." (Rec. Doc. #2776).  This motion is opposed by plaintiffs.

In this motion to exclude expert testimony, defendant Gulf Stream seeks to exclude certain expert opinions offered by Alexis Mallet, Jr. ("Mallet"), offered by plaintiffs as an expert in the fields of construction and materials used in the Gulf Stream trailer at issue in this case.  In its Memorandum in Support, Gulf Stream enumerates 13 of the 15 opinions Mr. Mallet offers in his expert report (see Pages 95 - 99 of Mallet Expert Report dated May 19, 2009).  The Court will consider those opinions as they are numbered in the report, and as argued by Gulf Stream according to that enumeration.

Although Gulf Stream initially attacks Mallet's expertise, the Court finds that the points raised by Gulf Stream are more appropriately raised as part of the *voir dire* of this expert, in order to establish the limits of his expertise. It appears from the submissions to the Court that Mallet does have relevant expertise to support certain of the opinions he has offered, as set forth herein.

As to the particular opinions offered, the Court is in agreement with Gulf Stream that Opinion No. 1, wherein Mallet claims that "unsafe levels of formaldehyde are partially a consequence of the design of the travel trailer", falls outside of Mallet's expertise. Mallet has no demonstrable expertise which would afford him the ability to categorize a level of formaldehyde as "unsafe", in the context of this trial.

As to the second and third opinions, the Court overrules Gulf Stream's objections and finds that the opinions offered by Mallet are ones which fall within his expertise.

Gulf Stream's argument regarding Mallet's fourth enumerated opinion is that Mallet has no expertise with regard to the design of the EHU, and no expertise is needed for the remainder of the statements set forth in Opinion No. 4. The undersigned agrees. Certain of the observations Mallet makes in Opinion No. 4 are "facts" about which there will undoubtedly be testimony from other witnesses who have firsthand knowledge, and thus there is no need for an expert to recite those facts, unless they are relied upon to support a valid opinion, which appears not to be the case here. Moreover, as Mallet himself admits, the statements set forth in Opinion No. 4 are actually things "that someone who was not blind or deaf could contemplate ..." Finally, given his lack of specific expertise in the design of travel trailers to be used for emergency response purposes, this opinion is unsupported, and therefore impermissible.

The Court also excludes Opinion No. 5, wherein Mallet asserts that "the manufacturer knew or should have known that the use of formaldehyde-emitting materials would be a problem for the occupants." Mallet candidly admits that, not only does he lack expertise in the design or construction of travel trailers, he also has no knowledge of issues involving off-gasing of formaldehyde or what levels of formaldehyde cause health problems. Morever, Mallet further admits that he does not know which products in the trailer contain formaldehyde, and the quantities of emissions coming from such materials. Furthermore, his identification of "a problem for the occupants" clearly encroaches into the field of a medical or health expert, of which Mallet undisputedly is not.

The opinions set forth in Paragraphs 6, 7, 8 and 14 of Mallet's report are admissible, however, the Court notes Gulf Stream's argument that these opinions appear to be duplicative of those offered by other experts the plaintiffs intend to call at trial. The undersigned again urges all counsel to refrain from offering duplicative testimony, which certain of these opinions by Mallet appear to be.

The opinions set forth in Paragraphs 10 and 11 appear to be within the expertise of this witness, and therefore Gulf Stream's motion is denied in this respect.

The opinions set forth in Paragraphs 12 and 13 of Mallet's report, relating to the warning and/or warranty issues, are excluded. Based upon the Court's prior rulings, particularly Record Document Nos. 2181 and 2764, these opinions are not admissible.

Gulf Stream's motion seeking to exclude Opinion No. 15 is granted, and no such opinion shall be offered at trial, for the reasons stated by Gulf Stream in its Memorandum in Support.

For the above-stated reasons, Gulf Stream's motion is **GRANTED IN PART** and **DENIED IN PART** as set forth.  It is expected that counsel for plaintiffs will carefully evaluate the extent to which Mallet's testimony might be duplicative of other expert witnesses, and to carefully review with him those opinions which are permitted and those which have been excluded.

New Orleans, Louisiana, this 11th day of September, 2009.

_____
**KURT D. ENGELHARDT**
**United States District Court**