UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE:  FEMA TRAILER FORMALDEHYDE           MDL No. 1873
PRODUCTS LIABILITY LITIGATION

                                                            SECTION N(5)

                                                            JUDGE ENGELHARDT

THIS DOCUMENT IS RELATED TO:               MAGISTRATE CHASEZ

*ALL CASES*

_____

## MOTION TO CONTINUE PRETRIAL ORDER 36 DEADLINE TO FILE THIRD PARTY CLAIMS BY MORGAN BUILDING AND SPAS, INC. AND MORGAN BUILDING SYSTEMS, INC. AND INCORPORATED MOTION FOR EXPEDITED CONSIDERATION

Morgan Buildings and Spas, Inc. (Morgan Buildings) and Morgan Building Systems, Inc. (Morgan Systems) (collectively Morgan) move this Court to continue the deadline to file third party claims set forth in Pretrial Order 36 (R. Doc. 1386) and for expedited consideration of this motion, to wit:

1.

Pursuant to Pretrial Order 36, third-party claims in non-bellwether cases must be filed by September 30, 2009. (R. Doc 1386, p. 5).

336824.1

2.

In connection with FEMA's efforts to house residents displaced by Hurricanes Katrina and/or Rita, Morgan purchased temporary housing units (THUs) from three separate manufacturers and then sold those THUs to FEMA. Morgan did not manufacture THUs.

3.

Once the THUs were delivered to FEMA, FEMA distributed the units to displaced residents. Morgan, therefore, does not have and was not provided with the names of the individuals who received the specific THUs it sold to FEMA. The only information Morgan has are the VIN numbers and, in most instances, the corresponding FEMA bar code numbers which were placed on each THU.

4.

Plaintiffs are required to provide Plaintiff Fact Sheets to the defendants identifying, among other things, the manufacturer of the THU, its VIN number and the FEMA bar code number on the THU.

5.

Without this information, Morgan is unable to confirm whether the THU in question was one that it purchased and sold to FEMA. Moreover, without this information, Morgan is unable to determine against which of its manufactures it may have third-party claims.

6.

Pretrial Orders 2 and 36 provide various deadlines to serve Plaintiff Fact Sheets. (R. Docs. 87 and 1180).

7.

For cases pending in the MDL as of January 30, 2008, Plaintiff Facts sheets were due on or before July 16, 2008. (R. Doc. 87).

8.

For amended pleadings or original complaints filed between March 19, 2009 and April 1, 2009, identifying more than 100 plaintiffs who have never completed Plaintiff Fact Sheets, the Plaintiff Fact Sheets are to be served on a rolling basis with service of at least 15% of the named plaintiffs within 30 days of the filing of the pleading or transfer, followed by service of 15% each month thereafter until December 31, 2009, when all 100% shall be served. (R. Doc. 1180).

9.

For amended pleadings or original complaints filed between April 2, 2009, and June 15, 2009, identifying more than 100 plaintiffs who have never completed Plaintiff Fact Sheets, the Plaintiff Facts Sheets are to be served on a rolling basis with service of at least 10% of the named plaintiffs within 30 days of the filing of the pleading or transfer, followed by service of at least 40% of the named plaintiffs within 60 days of the filing of the pleading or transfer. Thereafter, 70% must be served within 90 days of the filing of the pleading or transfer and 100% within 120 days of filing or transfer. (R. Doc. 1180).

336824.1

3

10.

For complaints filed after June 15, 2009 identifying more than 100 plaintiffs who have never completed Plaintiff Fact Sheets, service of the Plaintiff Fact Sheets may be accomplished on a rolling basis. At least 50% of the named plaintiffs must be served within 45 days of the filing of the pleading or transfer, followed by service of 100% within 90 days of the pleading or transfer. (R. Doc. 1180)

11.

For all other complaints filed directly in the Eastern District of Louisiana naming less than 100 plaintiffs, Plaintiff Fact Sheets must be served within 60 days from the date the case was filed. For complaints filed in other courts, naming less than 100 plaintiffs, Plaintiff Fact Sheets are due within 60 days of the "date of transfer" to the MDL. (R. Doc. 1180; R. Doc. 2).

12.

As of this date, Morgan has been named in at least 11 lawsuits which were filed directly into this MDL or transferred here by the Judicial Panel, including the following matters:

*Dianne Adams, et al. v. Alliance Homes, Inc., et al.,* 09-4841, Eastern District of Louisiana, naming Morgan as a manufacturing defendant (hereinafter *Dianne Adams*);

*Helen Albarado, et al. v. Morgan Buildings and Spas, Inc., et al.,* 09-3829, Eastern District of Louisiana, naming Morgan as a manufacturing defendant;

*James H. Aldridge, et al. v. Gulf Stream Coach, et al.,* 07-9228, Eastern District of Louisiana, naming Morgan as a procurement defendant;

336824.1

4

*Belinda H. Bauer, et al. v. Liberty Homes, Inc., et al.*, 08-5031, Eastern District of Louisiana, naming Morgan as a manufacturing defendant;

*Anthony Carlo Cacioppo, et al. v. Alliance Homes, Inc., et al.*, 09-4840, Eastern District of Louisiana, naming Morgan as a manufacturing defendant;

*Albert Croon, et al. v. Morgan Buildings & Spas, Inc., et al.* 09-405, transferred from the Southern District of Mississippi to the Eastern District of Louisiana, naming Morgan as a manufacturer and supplier of THUs;

*Christopher J. Gabourel, et al. v. Alliance Homes, Inc., et al.*, 09-4842, Eastern District of Louisiana, naming Morgan as a manufacturing defendant;

*Troy Mackles, et al. v. Alliance Homes, Inc., et al.*, 09-4843, Eastern District of Louisiana, naming Morgan as a manufacturing defendant;

*Kimberly Nelson, et al. v. Gulf Stream Coach, et al.*, 07-7494, transferred from the Western District of Louisiana to the Eastern District of Louisiana, and naming Morgan as a procurement defendant;

*Louis Rabalais, et al. v. Alliance Homes, Inc., et al.*, 09-4845, Eastern District of Louisiana, naming Morgan as a manufacturing defendant;

*Jonathan L. Umbehagen, et al. v. Alliance Homes, Inc., et al.*, 09-4844, Eastern District of Louisiana, naming Morgan as a manufacturing defendant.

13.

Of the cases filed into or transferred to the MDL, Morgan has only been served with the *Dianne Adams, Albarado, Aldridge, Bauer,* and *Croon* cases.

336824.1

5

14.

Morgan is also aware of a number of other cases filed in other courts which make similar allegations as the cases pending in this MDL.

15.

The Judicial Panel has issued a Conditional Transfer Order *Regina Morales, et al. v. Alliance Homes, Inc., et al.*, 09-112, pending in the Southern District of Mississippi.

16.

In the following other cases naming Morgan as a defendant, no transfer orders, conditional or otherwise, have been issued:[1]

*Robert Moise Legendre, et al. v. Morgan Buildings and Spas, Inc., et al.*, 09-530, pending in the Southern District of Mississippi;

*Brittany Nicole Annis, et al. v. Alliance Homes, Inc., et al.*, 09-539, pending in the Middle District of Louisiana; and

*Francies (Frank) Irwin Gras, et al. v. Alliance Homes, et al.*, 09-1328, *Angelina Buras, et al. v. Alliance Homes, et al.*, 09-1320, *Elizabeth Baker. et al. v. Morgan Buildings and Spas, Inc., et al.*, 09-1290, and *Gloria M. Durham, et al. v. Alliance Homes, et al.*, 09-1326, pending in the Western District of Louisiana.

Because of the similarity of the allegations presented in these cases to the MDL, Morgan fully expects that these cases will ultimately be transferred to this Court.

---

[1] This list reflects those cases filed by August 1, 2009, naming Morgan as a defendant.  Morgan is aware of at least six other cases naming it as a defendant filed after this date.

17.

Of the cases pending in this Court where Morgan has been served, Morgan has received Plaintiff Fact Sheets in only three cases. However, the Plaintiff Fact Sheets were not provided for each plaintiff in these three case and those received were largely incomplete.

18.

Morgan received Plaintiff Fact Sheets from only 3 of the 103 of the plaintiffs in *Albarado*. *Albarado* was filed with this Court on June 11, 2009, and Plaintiff Facts Sheets are due on a rolling basis with 10% being due by July 13, 2009, 40% by August 10, 2009, 70% by September 9, 2009, and 100% by October 9, 2009.

19.

Of the Plaintiff Fact Sheets received for the three *Albarado* plaintiffs, only two (who apparently lived in the same THU) provided valid FEMA bar code numbers allowing Morgan to determine which manufacturer sold it the unit in question. (Exhibit A – Margaret Bryant Plaintiff Fact Sheet pages 1, 8 and 17; Exhibit B – William Bryant Plaintiff Fact Sheet pages 1, 8 and 17; Exhibit C – Owen McDonald Plaintiff Fact Sheet pages 1, 8 and 17).

20.

However, Morgan is unable to determine if either of its other two sellers manufactured any other THUs at issue in *Albarado*.

336824.1

7

21.

*Aldridge* was filed with this Court on November 30, 2007, naming in excess of 140 plaintiffs. Pursuant to Pretrial Order 2, the *Aldridge* plaintiffs were to provide Plaintiff Fact Sheets by July 16, 2008. Most of the *Aldridge* plaintiffs submitted Plaintiff Fact Sheets, but approximately 30 plaintiffs submitted incomplete information concerning their THU VIN number and/or FEMA bar code number or failed to submit a Plaintiff Fact Sheet altogether.

22.

With regard to these approximately 30 *Aldridge* plaintiffs, Morgan is unable to determine whether it procured the THU in question and, if so, from which of its manufacturers Morgan purchased the THU.

23.

Morgan has received Plaintiff Fact Sheets from the 23 *Bauer* plaintiffs, but has been able to confirm that it sold only one of the THUs at issue because the Plaintiff Fact Sheets received are largely incomplete.

24.

Morgan has not received completed Plaintiff Fact Sheets from the *Croon* plaintiffs.

25.

With regard to the other lawsuits identified herein, except *Nelson*, Morgan has received no Plaintiff Fact Sheets from the plaintiffs. In *Nelson*, the Plaintiff Fact Sheets received did not identify the VIN number or FEMA bar code number. Thus, Morgan is unable to determine against whom

336824.1

third-party demands should be made in these cases, if and when these cases are transferred into the MDL and properly served.

26.

Additionally, two of Morgan's sellers have filed for bankruptcy. In order to file third-party demands against them, Morgan must petition the bankruptcy court for an order lifting the stay of litigation against these entities. *See* 11 U.S.C. § 362(d). While Morgan will prepare the necessary motions requesting that the stays be lifted, it is unlikely that these motions will be decided before the September 30, 2009, deadline to file third-party claims.

27.

The lack of information allowing Morgan to confirm which manufacturer sold the THU in question and the pending bankruptcy matters against two if its manufacturers have left Morgan in the precarious position of being unable to comply with the Court's September 30, 2009, third-party demand deadline.

28.

Accordingly, Morgan respectfully requests that the September 30, 2009, deadline to file third-party demands be extended in each case filed against Morgan that is presently pending in this Court or which is subsequently transferred to this MDL until thirty (30) days after all plaintiffs in the respective actions have submitted completed Plaintiff Fact Sheets.

29.

The granting of this Motion will not unduly delay these proceedings and will protect Morgan's claims against third-parties.

30.

Expedited consideration of this motion is requested because the deadline to file third-party demands is September 30, 2009.

WHEREFORE, Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc., respectfully request that expedited consideration of this motion be given and that the September 30, 2009, deadline to file third-party demands be extended in each case filed against Morgan that is presently pending in this Court or which is subsequently transferred to this MDL until thirty (30) days after all plaintiffs in the respective actions submit completed Plaintiff Fact Sheets.

Respectfully submitted:

**McGlinchey Stafford, PLLC**

*s/ Amanda S. Stout*
Christine Lipsey (LA Bar Roll # 1182), T.A.
Dan E. West (LA Bar Roll #13372)
Amanda S. Stout (LA Bar Roll #29001)
One American Place, 14th Floor
Baton Rouge, LA  70825
Telephone:  (225) 383-9000
clipsey@mcglinchey.com
dwest@mcglinchey.com
astout@mcglinchey.com

**Attorneys for Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc.**

## CERTIFICATE OF SERVICE

I certify that on September 11, 2009, I electronically mailed the foregoing to Gerald E. Meunier and Justin I. Woods, Plaintiffs' Co-Liaison Counsel, and Andrew D. Weinstock, Liaison Counsel for all Non-Governmental Defendants.

*s/ Amanda S. Stout*
Amanda S. Stout
