UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE:  FEMA TRAILER FORMALDEHYDE          MDL No. 1873
PRODUCTS LIABILITY LITIGATION

                                                                        SECTION N(5)

                                                                        JUDGE ENGELHARDT

THIS DOCUMENT IS RELATED TO:                MAGISTRATE CHASEZ

*ALL CASES*

---

## MEMORANDUM IN SUPPORT OF MOTION TO CONTINUE PRETRIAL ORDER 36 DEADLINE TO FILE THIRD PARTY CLAIMS AND INCORPORATED MOTION FOR EXPEDITED CONSIDERATION  BY MORGAN BUILDING AND SPAS, INC. AND MORGAN BUILDING SYSTEMS, INC.

I.      INTRODUCTION

        Morgan Buildings and Spas, Inc. (Morgan Buildings) and Morgan Building Systems, Inc.

(Morgan Systems) (collectively Morgan) have moved this Court to continue the deadline to file third

party claims as set forth in Pretrial Order 36 (R. Doc. 1386).  Presently, Morgan has been named as

either a manufacturer and/or procurer of FEMA temporary housing units (THUs) in 11 cases

pending in this Court and in at least 7 cases pending in other Federal District Courts.  The 7 cases

pending in other Districts are similar to the cases pending before this Court and Morgan anticipates

that these cases will ultimately be transferred to this MDL.

336824.1

Pursuant to Pretrial Order 36, third-party claims in non-bellwether cases must be filed by September 30, 2009. (R. Doc 1386, p. 5). While Morgan believes it may have third-party claims against some or all of the three manufacturers who supplied it with THUs, Morgan is without sufficient information about the plaintiffs' claims to make this determination. Additionally, two of Morgan's three manufacturers have filed for bankruptcy, requiring Morgan to seek an order lifting the stay of litigation against these entities before it can proceed with filing a third-party demand. As a result, Morgan cannot meet the September 30, 2009, deadline to file third-party claims.

## II.   A CONTINUANCE OF THE DEADLINE TO FILE THIRD-PARTY CLAIMS IS NECESSARY

In connection with FEMA's efforts to house residents displaced by Hurricanes Katrina and/or Rita, Morgan purchased THUs from three separate manufacturers and sold those THUs to FEMA. Morgan did not manufacture THUs. Once the THUs were delivered to FEMA, FEMA distributed the units to displaced residents. Morgan, therefore, does not have and was not provided with the names of the individuals who received the specific THUs it sold to FEMA. The only information Morgan has are the VIN numbers and, in most instances, the corresponding FEMA bar code numbers which were placed on each THU.

### A.   Plaintiff Fact Sheet deadlines were intended to facilitate discovery in this matter

Plaintiffs in this MDL are required to provide Plaintiff Fact Sheets identifying, among other things, the manufacturer of the THU, its VIN number and the FEMA bar code number on the THU. Without this information, Morgan is unable to confirm whether the THU in question was

336824.1

2

one that it purchased and sold to FEMA. Moreover, without this information, Morgan is unable to determine against which of its manufactures it may have a third-party claim.

Pretrial Orders 2 and 36 provide various deadlines to serve Plaintiff Fact Sheets. (R. Docs. 87 and 1180). For cases pending in the MDL as of January 30, 2008, Plaintiff Facts sheets were due on or before July 16, 2008. (R. Doc. 87).

For amended pleadings or original complaints filed between March 19, 2009, and April 1, 2009, identifying more than 100 plaintiffs who have never completed Plaintiff Fact Sheets, the Plaintiff Fact Sheets are to be served on a rolling basis with service of at least 15% of the named plaintiffs within 30 days of the filing of the pleading or transfer, followed by service of 15% each month thereafter until December 31, 2009, when all 100% shall be served. (R. Doc. 1180).

For amended pleadings or original complaints filed between April 2, 2009, and June 15, 2009, identifying more than 100 plaintiffs who have never completed Plaintiff Fact Sheets, the Plaintiff Facts Sheets are to be served on a rolling basis with service of at least 10% of the named plaintiffs within 30 days of the filing of the pleading or transfer, followed by service of at least 40% of the named plaintiffs within 60 days of the filing of the pleading or transfer. Thereafter, 70% must be served within 90 days of the filing of the pleading or transfer and 100% within 120 days of filing or transfer. (R. Doc. 1180).

Where complaints were filed after June 15, 2009 identifying more than 100 plaintiffs who have never  completed Plaintiff Fact Sheets, service of the Plaintiff Fact Sheets may be accomplished on a rolling basis.  At least 50% of the named plaintiffs must be served within 45 days of the filing

336824.1

of the pleading or transfer, followed by service of 100% within 90 days of the pleading or transfer. (R. Doc. 1180).

For all other complaints filed directly in the Eastern District of Louisiana naming less than 100 plaintiffs, Plaintiff Fact Sheets must be served within 60 days from the date the case was filed. For complaints filed in other courts, naming less than 100 plaintiffs, Plaintiff Fact Sheets are due within 60 days of the "date of transfer" to the MDL. (R. Doc. 1180; R. Doc. 2).

**B.** **Plaintiff Fact Sheet deadlines are not being met leaving Morgan with insufficient information to assert third-party claims**

Despite the Plaintiff Fact Sheet deadlines, Morgan has yet to receive the majority of Plaintiff Fact Sheets it is due. As of this date, Morgan has been named in at least eleven lawsuit which were filed directly into this MDL or transferred here by the Judicial Panel, including:

1. *Dianne Adams, et al. v. Alliance Homes, Inc., et al.,* 09-4841, Eastern District of Louisiana, naming Morgan as a manufacturing defendant (hereinafter *Dianne Adams*);

2. *Helen Albarado, et al. v. Morgan Buildings and Spas, Inc., et al.,* 09-3829, Eastern District of Louisiana, naming Morgan as a manufacturing defendant;

3. *James H. Aldridge, et al. v. Gulf Stream Coach, et al.,* 07-9228, Eastern District of Louisiana, naming Morgan as a procurement defendant;

4. *Belinda H. Bauer, et al. v. Liberty Homes, Inc., et al.,* 08-5031, Eastern District of Louisiana, naming Morgan as a manufacturing defendant;

5. *Albert Croon, et al. v. Morgan Buildings & Spas, Inc., et al.* 09-405, transferred from the Southern District of Mississippi to the Eastern District of Louisiana naming Morgan as a manufacturer and supplier of THUs;

6. *Christopher J. Gabourel, et al. v. Alliance Homes, Inc., et al.*, 09-4842, Eastern District of Louisiana, naming Morgan as a manufacturing defendant;

7. *Troy Mackles, et al. v. Alliance Homes, Inc., et al.*, 09-4843, Eastern District of Louisiana, naming Morgan as a manufacturing defendant;

8. *Kimberly Nelson, et al. v. Gulf Stream Coach, et al.*, 07-7494, transferred from the Western District of Louisiana to the Eastern District of Louisiana, and naming Morgan as a procurement defendant;

9. *Louis Rabalais, et al. v. Alliance Homes, Inc., et al.*, 09-4845, Eastern District of Louisiana, naming Morgan as a manufacturing defendant;

10. *Jonathan L. Umbehagen, et al. v. Alliance Homes, Inc., et al.*, 09-4844, Eastern District of Louisiana, naming Morgan as a manufacturing defendant;

11. *Anthony Carlo Cacioppo, et al. v. Alliance Homes, Inc., et al.*, 09-4840, Eastern District of Louisiana, naming Morgan as a manufacturing defendant.

Morgan has been served with only the *Dianne Adams, Albarado, Aldridge, Bauer,* and *Croon* cases.

Morgan is also aware of a number of other cases filed in other courts which make similar allegations as the cases pending in this MDL. The Judicial Panel has issued a Conditional Transfer Order in *Regina Morales, et al. v. Alliance Homes, Inc., et al.*, 09-112, pending in the Southern District of Mississippi. In the following other cases, no transfer orders, conditional or otherwise, have been issued:

1. *Robert Moise Legendre, et al. v. Morgan Buildings and Spas, Inc.*, et al., 09-530, pending in the Southern District of Mississippi;

2. *Brittany Nicole Annis, et al. v. Alliance Homes, Inc., et al.*, 09-539, pending in the Middle District of Louisiana; and

336824.1

3.    *Francies (Frank) Irwin Gras, et al. v. Alliance Homes, et al.*, 09-1328, pending in the Western District of Louisiana;

4.    *Angelina Buras, et al. v. Alliance Homes, et al.*, 09-1320, pending in the Western District of Louisiana;

5.    *Elizabeth Baker. et al. v. Morgan Buildings and Spas, Inc., et al.*, 09-1290, pending in the Western District of Louisiana, and

6.    *Gloria M. Durham, et al. v. Alliance Homes, et al.*, 09-1326, pending in the Western District of Louisiana.

Because of the similarity of the allegations presented in these cases to the MDL, Morgan fully expects that these cases will ultimately be transferred to this Court.

Morgan has received Plaintiff Fact Sheets in only three of the cases that it has been served with: *Albarado, Aldridge* and *Bauer.*

Morgan received Plaintiff Fact Sheets from only 3 of the 103 of the plaintiffs in *Albarado*. *Albarado* was filed with this Court on June 11, 2009, and Plaintiff Facts Sheets are due on a rolling basis with 10% being due by July 13, 2009, 40% by August 10, 2009, 70% by September 9, 2009, and 100% by October 9, 2009. Of the Plaintiff Fact Sheets received for the three *Albarado* plaintiffs, only two (who apparently lived in the same THU) provided valid FEMA bar code numbers allowing Morgan to determine which manufacturer sold it the unit in question. (Exhibit A – Margaret Bryant Plaintiff Fact Sheet pages 1, 8 and 17; Exhibit B – William Bryant Plaintiff Fact Sheet pages 1, 8 and 17; Exhibit C – Owen McDonald Plaintiff Fact Sheet pages 1, 8 and 17). However, Morgan is unable to determine if either of its other two sellers manufactured any of the other THUs at issue in this case.

*Aldridge* was filed with this Court on November 30, 2007, naming in excess of 140 plaintiffs. Pursuant to Pretrial Order 2, the *Aldridge* plaintiffs were to provide Plaintiff Fact Sheets by July 16, 2008. Most of the *Aldridge* plaintiffs submitted Plaintiff Fact Sheets, but approximately 30 plaintiffs submitted incomplete information concerning their THU VIN number and/or FEMA bar code number or failed to submit a Plaintiff Fact Sheet altogether. With regard to these approximately 30 *Aldridge* plaintiffs, Morgan is unable to determine whether it procured the THU in question and, if so, from which of its manufacturers Morgan purchased the THU.

Morgan also received Plaintiff Fact Sheets from the 23 *Bauer* plaintiffs, but has been able to confirm that it sold only one of the THUs at issue because the Plaintiff Fact Sheets received are largely incomplete.

With regard to the other matters identified herein, Morgan has received no Plaintiff Fact Sheets from the plaintiffs, with the exception of *Nelson*. Morgan received Plaintiff Facts Sheets from the three *Nelson* plaintiffs, but the plaintiffs failed to identify the VIN number or FEMA bar code number of their THUs. Thus, Morgan is unable to determine against whom third-party demands it should be made if and when these cases are transferred into the MDL and/or served on Morgan. Complicating matters is that a number of cases, such as *Annis, Legendre,* and *Gras,* were only recently filed. Given the slow pace of cases being transferred to the MDL and the slow pace of plaintiffs actually submitting Plaintiff Fact Sheets, it is unlikely that Morgan will receive Plaintiff Fact Sheets for many of these cases, much less all of the plaintiffs named, before the September 30, 2009, deadline to file third-party demands.

336824.1

7

Should Morgan file a third-party demand against one or all of its manufacturers these cases without being able to affirmatively state that the manufacturer(s) actually manufactured one of the THUs at issue, Morgan would likely be subject to a Rule 12(b)(1) motion (like the plaintiffs were in this MDL) because Morgan is unable, at this time, to match its manufacturers to the THUs. Continuing the deadline for Morgan to file third-party demand until such time as it receives sufficient information from the plaintiffs allowing Morgan to properly assert claims against its manufacturers will avoid such legal maneuvering and conserve judicial resources.    Morgan's manufacturers are also parties with Morgan in many of the cases pending in this MDL. As a result, they will suffer no undue prejudice by an extension of the third-party demand deadline.

Additionally, two of Morgan's sellers, Fleetwood and Monaco, have filed for bankruptcy. Filing a third-party action against these entities would violate the automatic stay entered when they filed for bankruptcy. *See* 11 U.S.C. § 362(a).    In order to file third-party demands against these entities, Morgan must petition the bankruptcy court for an order lifting the stay of litigation against these entities. *See* 11 U.S.C. § 362(d). While Morgan will prepare the necessary motions requesting that the stays be lifted, it is unlikely that these motions will be decided before the September 30, 2009, deadline to file third-party claims.

## III.    EXPEDITED CONSIDERATION IS REQUESTED

Expedited consideration of this motion is appropriate as the deadline to file third-party demands is September 30, 2009.

## IV.    CONCLUSION

The lack of information allowing Morgan to confirm which manufacturer sold the THUs in question and the pending bankruptcy matters against two if its manufacturers have left Morgan in the precarious position of being unable to comply with the Court's September 30, 2009, third-party demand deadline.    Accordingly, Morgan respectfully requests that expedited consideration be granted and the September 30, 2009, deadline to file third-party demands be extended in each case filed against Morgan that is presently pending before this Court or which may subsequently transferred to this MDL until thirty (30) days after all plaintiffs in the respective cases have submitted completed Plaintiff Fact Sheets.  The granting of this Motion will not unduly delay these proceedings and will protect Morgan's claims against third-parties.

Respectfully submitted:

**McGlinchey Stafford, PLLC**

*s/ Amanda S. Stout*
Christine Lipsey (LA Bar Roll # 1182), T.A.
Dan E. West (LA Bar Roll #13372)
Amanda S. Stout (LA Bar Roll #29001)
One American Place, 14th Floor
Baton Rouge, LA  70825
Telephone:  (225) 383-9000
clipsey@mcglinchey.com
dwest@mcglinchey.com
astout@mcglinchey.com

***Attorneys for Morgan Buildings & Spas, Inc.
and Morgan Building Systems, Inc.***

336824.1

9