UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                  MDL NO. 07-1873
       FORMALDEHYDE PRODUCTS
       LIABILITY LITIGATION

                                                                SECTION "N"  (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-2892

## **RULINGS ON OBJECTIONS ON DEPOSITION TESTIMONY[1] AT TRIAL**

Pursuant to the Court's previous Order, various deposition transcripts have been provided to the Court of witnesses whose testimony will be presented to the jury by way of those transcripts, in lieu of live appearance. To the extent that the submitted transcripts have objections by counsel on the selected portions for trial, the Court has also obtained from counsel their respective positions regarding such objections. With regard to the witnesses listed below, these objections are resolved as follows: **to the extent that the Court makes no mention of an objection in this Order, such objection is hereby OVERRULED**. As for each other objection, the following are **SUSTAINED**:[2]

---

[1] This Order pertains to the following witnesses: James R. Brown, Kyle R. Timmins, Scott Bailey and Scott Pullin.

[2] When the Court sustains an objection, counsel presenting such testimony shall be responsible for editing the witness' videotape testimony accordingly.

**I.     Testimony of James R. Brown**

Page 35, Lines 15-20 – Sustained. If the documents referenced on Page 34 as Exhibit 1 (Gulf Stream 04043, 04044, 04045 Packing Slips) pertain to 2005/2006 FEMA units, this testimony is not relevant.

Page 36, Lines 1-3 – Sustained. Calls on witness to speculate.

Page 38, Lines 13-20 – Sustained. If the documents referenced on Page 34 as Exhibit 1 (Gulf Stream 04043, 04044, 04045 Packing Slips) pertain to 2005/2006 FEMA units, this testimony is not relevant.

Page 46, Lines 17-25 – Sustained. Improperly worded question, calls upon the witness to speculate in response to a hypothetical question.

Page 53, Line 20 - Page 54, Line 11 – If the documents referenced on Page 34 as Exhibit 1 (Gulf Stream 04043, 04044, 04045 Packing Slips) pertain to 2005/2006 FEMA units, this testimony is not relevant.

**II.    Kyle R. Timmins**

Page 43, Line 17 - Page 45, Line 25 - Page 47, Lines 12-20 - Page 49, Lines 7-13 - Page 53, Line 25 - Page 54, Line 18 – Sustained. Relevance, and subsequent remedial measure. This witness testified that he was hired in late 2007. Even were his testimony to be considered as evidence of feasibility, there has been no showing that the changes made in 2007, in response to the standards adopted by the California Air Resources Board ("CARB") were the same as that about which this witness testified, given the length of time between the hiring of this witness by Gulf Stream and the manufacturing date of the Alexander EHU.

**III.    Scott Bailey**

Page 24, Line 21 - Page 25, Line 1 – Sustained.  Irrelevant.

Page 28, Line 22 - Page 29, Line 14 – Sustained.  Improper question that sets forth a hypothetical, and is posed in a fashion that is suggestive of an answer, which itself is speculative.

**IV.    Scott Pullin**

Page 41, Lines 1-4 – Sustained.  Statement by counsel.

Page 42, Lines 1-20 – Sustained.  This is a recounting of Burl Keel's testimony with which this witness is not familiar.

Page 73, Lines 5-15 – Sustained.  Colloquy.

Page 83, Lines 9-18 – Sustained.  Irrelevant.

Page 144, Lines 1-16 – Sustained.  Irrelevant.

Page 145, Lines 14-19 – Sustained.  Irrelevant.

Page 150, Line 15 - Page 151, Line 6 – Sustained.  Subsequent remedial measures.

Page 151, Lines 16-21 – Sustained.  Subsequent remedial measures.

Page 171, Line 23 - Page 172, Line 24 – Sustained.  Speculative, argumentative, and relates to subsequent remedial measures.

New Orleans, Louisiana, this 11th day of September, 2009.

_____
**KURT D. ENGELHARDT**
**United States District Court**