UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                                    MDL NO. 07-1873
       FORMALDEHYDE PRODUCTS
       LIABILITY LITIGATION
                                                                       SECTION "N"  (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-2892

# RULINGS ON OBJECTIONS ON DEPOSITION TESTIMONY[1] AT TRIAL

Pursuant to the Court's previous Order, various deposition transcripts have been provided to the Court of witnesses whose testimony will be presented to the jury by way of those transcripts, in lieu of live appearance. To the extent that the submitted transcripts have objections by counsel on the selected portions for trial, the Court has also obtained from counsel their respective positions regarding such objections. With regard to the witnesses listed below, these objections are resolved as follows: **to the extent that the Court makes no mention of an objection in this Order, such objection is hereby OVERRULED**. As for each other objection, the following are **SUSTAINED**:[2]

---

[1] This Order pertains to the following witnesses: Christopher DeRosa, Ph.D., James Shea (2009) and Dwight Durham.

[2] When the Court sustains an objection, counsel presenting such testimony shall be responsible for editing the witness' videotape testimony accordingly.

I.      **Testimony of Christopher DeRosa, Ph.D.**

Counsel are directed to carefully review this Court's Order and Reasons (Rec. Doc. No. 3067) filed in connection with Gulf Stream's Motion in Limine regarding this witness. To the extent that this Court has excluded opinions that may be reflected on this transcript, counsel should consider that testimony to be subject to the Court's ruling, and thus objections to those portions of the transcript are sustained, to the extent they are not mentioned hereinbelow.

Page 57, Lines 8-20 – Sustained. Irrelevant.

Page 66, Line 22 - Page 67, Line 2; Page 67, Lines 9-10; Page 67, Line 17 - Page 68, Line 2; Page 68, Lines 8-13; Page 74, Line 5 ("I saw this ...") - Line 8 – Sustained. These questions and testimony in response refer to a Congressional inquiry, which the Court has excluded. Although the Court has excluded references to the Congressional inquiry, if this testimony, along with the testimony on Pages 76-78, and 80, set forth opinions which this witness gave, without referring to Congressional findings or legislative analysis, and do not reference the Congressional inquiry, they are permissible, as they are opinions which the witness gave contemporaneously with the underlying events. Counsel are guided accordingly.

Page 82, Line 10 - Page 83, Line 17 – To the extent that this is a new opinion which was not previously offered, the objection is sustained. Likewise, the question beginning on Line 6 on Page 83 references a "statement to Congress", which is excluded, and thus the objection is sustained.

Page 283, Line 1 - Page 293, Line 20 – Counsel are cautioned that, to the extent this testimony involves opinions which have never before been provided by Dr. DeRosa contemporaneously with the underlying events in this litigation, they are impermissible opinions, pursuant to this Court's previous Order relative to Gulf Stream's Motion in Limine regarding Dr.

DeRosa. Counsel are urged to carefully review where this opinion is sourced in order to verify that it falls within the realm of this Court's previous ruling regarding Dr. DeRosa's testimony.

**II.     James Shea (May 28, 2009)**

Page 24, Lines 5-10 – Should be deleted: Statement of counsel involving witness' appearance before Congress.

Page 46, Line 18 - Page 47, Line 4 – Sustained. Testimony relates to a time period not relevant.

Page 50, Lines 24-25 – Sustained. Argumentative.

Page 54, Line 2 - Page 55, Line 9 – Assuming that plaintiffs' Exhibit 5 relates to a packing slip from Adorn in 2006, this line of questioning does not relate to a relevant time period.

Page 58, Line 9 - Page 59, Line 8 – Assuming that plaintiffs' Exhibit 5 relates to a packing slip from Adorn in 2006, this line of questioning does not relate to a relevant time period.

Page 81, Lines 6-15 – This testimony relates to roof underlayment provided in 2005, and HUD emissions requirements applicable at that time. (It is not clear that the testimony on Pages 83, Line 22 - Page 84, Line 16 is the same, and thus that objection, because it is not apparent, is overruled.)

Page 86, Line 23 - Page 87, Line 3 – Assuming that plaintiffs' Exhibit 5 relates to a packing slip from Adorn in 2006, this line of questioning does not relate to a relevant time period.

Page 89, Lines 1-4 – Sustained. Relates to testimony before Congress.

Page 119, Lines 5-11 – Sustained. Argumentative.

Page 154, Lines 4-16 – Sustained. Argumentative and repetitive.

Page 170, Line 19 - Page 171, Line 1 – Sustained. Argumentative.

Page 179, Lines 4-16 – Sustained. This testimony relates to CARB testing, and then at a time not relevant to this litigation.

Page 191, Lines 7-9 – Sustained. These questions and testimony in response refer to a Congressional inquiry, which the Court has excluded. Although the Court has excluded references to the Congressional inquiry, if this testimony, along with the testimony on Pages 76-78, and 80, set forth opinions which this witness gave, without referring to Congressional findings or legislative analysis, and do not reference the Congressional inquiry, they are permissible, as they are opinions which the witness gave contemporaneously with the underlying events. Counsel are guided accordingly.

NOTE: Several "objections" on this transcript indicate a willingness to stipulate as to certain facts, which the Court strongly encourages. Also, several inclusions of testimony are based upon rulings on other objections on the transcript, and it is expected that counsel will make the appropriate edits to eliminate any testimony not needed, or to be included, on the basis of rulings contained herein.

**III.     Testimony of Dwight Durham**

Page 28, Line 24 - Page 29, Line 21 – Sustained. It is clear from the testimony that this witness is speculating until he states, "I really don't know. I think – I would have to look it up in the books. I really don't know that to be a true statement." His prior answers are impermissible speculative guesswork, and are unduly prejudicial in that his attempts to answer relate to a central issue in this case.

Page 69, Line 17 - Page 70, Line 7; Page 70, Line 23 - Page 71, Line 4; Page 72, Line 8 - Page 73, Line 15  –  Sustained.  Improper question in light of the testimony provided on Page 70, Lines 16-18.

New Orleans, Louisiana, this 11th day of September, 2009.

_____
**KURT D. ENGELHARDT
United States District Court**