UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE<br>PRODUCTS LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N(5)<br><br>JUDGE ENGELHARDT |
| THIS DOCUMENT IS RELATED TO:<br><br>ALL CASES | MAGISTRATE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## CH2M HILL CONSTRUCTORS, INC.'S
## MASTER PRESERVATION OF DEFENSES UNDER RULE 12(b)

   **NOW INTO COURT,** through undersigned counsel, comes defendant CH2M HILL

Constructors, Inc. ("CH2M HILL"), which, pursuant to Pretrial Orders 36 (Rec. Doc. 1386) and

44 (Rec. Doc. 2759) and with a full reservation of rights, submits for preservation the following

list of defenses and motions under Rule 12(b) of the Federal Rules of Civil Procedure in all

matters related to the captioned MDL proceeding.  CH2M HILL reserves the right to amend or

supplement this list of defenses and to file any other preliminary pleadings, dispositive motions

or affirmative defenses in any related matter in which it is named as a defendant and properly

served.

1

1.      Rule 12(b)(1):  Plaintiff lacks standing.

2.      Rule 12(b)(1):  Plaintiff lacks Article III standing.  The Court has made clear that the claim of any plaintiff asserting a claim against an IA/TAC contractor defendant, but not yet matched to a specific IA/TAC contractor defendant will be dismissed.  *See* Court's Order and Reasons (June 15, 2009) [Rec. Doc. 1762]; *see also* Court's Order and Reasons (Aug. 1, 2008) [Rec. Doc. 599]; Order (Aug. 1, 2008) [Rec. Doc. 604]; Order and Reasons (Nov. 6, 2008) [Rec. Doc. 842].

3.      Rule 12(b)(3):  Improper venue.

4.      Rule 12(b)(4)(5): Insufficient process and insufficiency of service of process.

5.      Rule 12(b)(6): Plaintiff fails to state a claim upon which relief can be granted against CH2M HILL.

6.      Rule 12(b)(6): Plaintiff fails to state a claim upon which relief can be granted because claims against CH2M HILL are barred by applicable prescriptive and/or peremptive periods, statutes of limitation, statutes of repose and/or laches.

7.      Rule 12(b)(6): Plaintiff fails to state a claim upon which relief can be granted against CH2M HILL under applicable state law governing products liability.

8.      Rule 12(b)(6): Plaintiff fails to state a claim for negligence.

9.      Rule 12(b)(6): Plaintiff fails to state a claim upon which relief can be granted because CH2M HILL owed no actionable duty to plaintiff.

10.     Rule 12(b)(6): Plaintiff fails to state a claim for breach of implied and/or express warranty.

11.     Rule 12(b)(6): Plaintiff fails to state a claim upon which relief can be granted inasmuch as plaintiff has not specifically claimed any current injury, but rather has generally claimed unspecified current and future alleged injuries.

12.     Rule 12(b)(6): Plaintiff fails to state a claim upon which relief can be granted because plaintiff makes no particularized allegation regarding injury or damages and has not connected the conduct of CH2M HILL to such injury or damages.

13.     Rule 12(b)(6): Plaintiff fails to state a claim for recovery of attorneys' fees.

14.     Rule 12(b)(6): Plaintiff fails to state a claim upon which relief can be granted to the extent that plaintiff seeks to impose joint and several and/or solidary liability upon CH2M HILL and the other named defendants.

15.     Rule 12(b)(6): Plaintiff fails to state a claim upon which relief can be granted to the extent that plaintiff seeks to recover punitive damages.

16.     Rule 12(b)(6): Plaintiff fails to state a claim upon which relief can be granted to the extent that plaintiff seeks property or economic damages.  (*See also* Rec. Doc. 984.)

17.     Rule 12(b)(6): Plaintiff fails to state a claim upon which relief can be granted to the extent that plaintiff seeks damages for medical monitoring.

18.     Rule 12(b)(6): Plaintiff fails to state a claim upon which relief can be granted to the extent that plaintiff seeks damages for wrongful death and/or survival damages.

19.     Rule 12(b)(6): Plaintiff fails to state a claim upon which relief can be granted to the extent that plaintiff seeks damages for loss of consortium and/or society.

20.     Rule 12(b)(6): Plaintiff fails to state a claim upon which relief can be granted to the extent it is determined that plaintiff has pending another lawsuit arising out of the operative facts and circumstances made the subject of this lawsuit.

21.     Rule 12(b)(6): Plaintiff fails to state a claim upon which relief can be granted on grounds that CH2M HILL is a government contractor that performed its work according to and in compliance with specifications approved and mandated by the U.S. government through the Federal Emergency Management Agency ("FEMA").  As such, plaintiff's claims are preempted and CH2M HILL is immunized from liability by the government contractor defense.

22.     Rule 12(b)(6): Plaintiff fails to state a claim upon which relief can be granted on grounds that CH2M HILL is a contractor that performed its work in accordance with the plans and/or specifications furnished to it by FEMA.  As such, CH2M HILL is shielded from liability by the *Spearin* doctrine and applicable state law.

23.     Rule 12(b)(6): Plaintiff fails to state a claim upon which relief can be granted inasmuch as CH2M HILL's duties and obligations are limited to those defined in the relevant contract between CH2M HILL and FEMA.

24.     Rule 12(b)(6): Plaintiff fails to state a claim against CH2M HILL insofar as Plaintiff has not named CH2M HILL Constructors, Inc. as a defendant and/or has named a different or nonexistent juridical entity as a defendant.

25.     Rule 12(b)(7): Plaintiff has failed to join one or more parties under Rule 19.

26.     Rule 12 (e): Motion for a more definite statement: Plaintiff makes no particularized allegation regarding injury or damages and has not connected the conduct of CH2M HILL to such injury or damages.

27.     Rule 9(b): Plaintiff fails to plead fraud and/or misrepresentation with particularity.

28.     Rule 21: Improper Joinder.

29.    CH2M HILL hereby adopts each and every other defense stated by each defendant in all matters related to the captioned MDL proceeding insofar as such defenses are available to and not contrary to the best interests of CH2M HILL.

**WHEREFORE,** pursuant to Pretrial Orders 36 (Rec. Doc. 1386) and 44 (Rec. Doc. 2759), defendant CH2M HILL Constructors, Inc. prays that the defenses listed above be preserved until the underlying lawsuits are scheduled for trial at a later date.  CH2M HILL reserves the right to brief any motion in full and to request oral argument on the merits of its motions.

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.


  /s/  Wade M. Bass
Danny G. Shaw (Bar No. 11977)
Gerardo R. Barrios (Bar No. 21223)
Wade M. Bass (Bar No. 29081)
No. 3 Sanctuary Boulevard, Suite 201
Mandeville, LA  70471
Telephone: (985) 819-8400
Facsimile:  (985) 819-8484
dshaw@bakerdonelson.com
gbarrios@bakerdonelson.com
wbass@bakerdonelson.com

**ATTORNEYS FOR
CH2M HILL CONSTRUCTORS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 11th day of September, 2009, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel and counsel of record who are CM/ECF participants.

        /s/ Wade M. Bass

WADE M. BASS
