UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Charlie Age, et al v. Gulf Stream Coach* | * | |
| *Inc., et al*, Docket No. 09-2892; | * | |
| Alana Alexander, individually and on behalf of | * | |
| Christopher Cooper | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S RESPONSE GULF STREAM'S MOTION IN LIMINE TO EXCLUDE INTEROFFICE MEMORANDUM AND OBJECTIONS TO DEMONSTRATIVE EXHIBITS**

Plaintiff, Alana Alexander, individually and on behalf of Christopher Cooper ("Plaintiff" or "Ms. Alexander"), responds to Defendant Gulf Stream Coach, Inc.'s ("Defendant" of "Gulf Stream") Motion in Limine to Exclude Interoffice Memorandum and Objections to Demonstrative Exhibits as follows:

    I.    **Fairmont Homes Memorandum**

Although Plaintiff sent discovery requests in April and May, and although the Court ordered Gulf Stream to produce "e-discovery" **three times**, Gulf Stream did not produce this document until last Sunday, September 6, 2009. So, among other reasons, this Court should allow this document into evidence as a sanction for Gulf Stream's failure to follow the rules or Court orders.

Also, this document came from Gulf Stream's own files.  However, Gulf Stream has the nerve to tell the Court that they do not know what this document is or where it came from.  Not only did it come from their files, they know exactly whose files it came from--Rob Stouder, a former Gulf Stream buyer.   Of course, Gulf Stream only provided this document was produced on Sunday.  The Court can examine the document and see how incredibly relevant it is to this dispute.  There is no excuse for Gulf Stream's failure to produce it until now.  Had Gulf Stream produced this information timely, Plaintiff could have attempted to depose Mr. Stouder.  With Gulf Stream's production—five months after it was asked for and one week before trial—this is not possible.

In any event, Plaintiff should be permitted to ask Gulf Stream witnesses about this document while they are on the stand.   Until then, Plaintiff submits that the Court should withhold ruling on whether it is admissible.

## II.     Gulf Stream's Objections to Demonstrative Exhibits

The referenced demonstrative exhibit will be used in opening statement.  The purpose of an opening statement is to state what evidence will be presented, to make it easier for the jurors to understand what is to follow, and to relate parts of the evidence and testimony to the whole. *See Testa v. Village of Mundelein, Ill.*, 89 F.3d 443, 446 (7th Cir. 1996).

Plaintiff's counsel intends to tell the jury that Gulf Stream has been untruthful with the public and FEMA with respect to formaldehyde and their materials use, as we believe that this is what the evidence has shown and will show at trial.   This is proper opening argument.  As such, showing a picture which reflects this belief is proper.

Plaintiff's counsel intends to tell the jury that Gulf Stream tried to ignore and then cover-up the formaldehyde issue, placing its head in the sand when it was clear that this was a problem. We believe that this is what the evidence has shown and will show at trial.  This is proper opening argument.  As such, showing a picture which reflects this belief is proper.

Plaintiff's counsel intends to tell the jury that Gulf Stream used non-LFE wood, as we believe that this is what the evidence has shown and will show at trial.  This is proper opening argument.  As such, having a slide that says that is proper.

Plaintiff's counsel intends to tell the jury that formaldehyde is toxic and dangerous as we believe that this is what the evidence has shown and will show at trial.  This is proper opening argument.  As such, showing a picture which reflects this belief is proper.

Plaintiff counsel intends to tell the jury that the formaldehyde levels aggravated Christopher Cooper's asthma, as we believe that is what the evidence has shown and will show at trial.  As such, showing a picture which reflects this belief is proper.

As for the animation, Plaintiff provided the animation on September 9, 2009.  Gulf Stream never advised Plaintiff's counsel that they had a problem viewing the animation until the late evening hours of September 10, 2009.  Within five minutes of that notice, Plaintiff's counsel advised Gulf Stream's counsel how to open the file, and also sent the file in another format.  This was all done before Gulf Stream filed its objections.  So, it is untrue for them to claim that they did not have the animation at the time they filed objections.

In any event, the animation shows a screen door.  It shows windows. It reflects what the trailer looks like, how Plaintiff contends that the trailer is manufactured (based on deposition

testimony and thorough inspection of the trailer) and how Plaintiff contends formaldehyde entered the living area. Again, all of this is what Plaintiff's counsel believes the evidence will show and is proper opening argument.

## CONCLUSION AND PRAYER

Plaintiff demonstrative exhibits are illustrations of proper opening argument. Gulf Stream's objections are unfounded. Further, the Court should not exclude the Fairmont memo at this time and in fact should admit it into evidence in light of Gulf Stream's bad faith in failing to respond to discovery.

Wherefore, Plaintiff respectfully requests that the Court deny Gulf Stream's Motion and overrule its objections.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY: s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:    504/528-9973
gmeunier@gainsben.com

        s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:     504/522-2304
Facsimile:     504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
ROBERT BECNEL
DENNIS REICH, Texas # 16739600

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

        s/Gerald E. Meunier
GERALD E. MEUNIER, #9471