UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                               MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                      SECTION "N-5"

                                                  JUDGE ENGELHARDT
                                                  MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO ALL CASES

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**MEMORANDUM IN SUPPORT OF PSC'S MOTION TO CERTIFY
FOR INTERLOCUTORY REVIEW PURSUANT TO 28 U.S.C. § 1292(b)
THE COURT'S SEPTEMBER 8, 2009 ORDER EXCLUDING
THE EXPERT TESTIMONY OF CHRISTOPHER DEROSA**

MAY IT PLEASE THE COURT:

Certification for immediate review is appropriate with respect to the Court's recent ruling herein (Doc. 3067) because this ruling decides an issue based upon a controlling question of law, and final resolution of this issue could materially advance the ultimate termination of thousands of claims presently before this MDL, as well as many more claims not yet filed.

I. **LAW AND ARGUMENT**

Section 1292(b) is designed to authorize interlocutory appeals "for the purpose of minimizing the total burden of litigation on parties and the judicial system by accelerating or at least simplifying trial court proceedings." 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3930 (2007); *see In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1263 (7th Cir. 1980) ("Interlocutory review is permitted to assure orderly and

efficient administration of complex cases."). Such appeals expressly are made appropriate under § 1292(b) when the order at issue "involves a controlling question of law as to which there is substantial ground for differences of opinion" and an immediate appeal "may materially advance the ultimate termination of the litigation." *Hartz v. Adm'rs of Tulane Educ. Fund,* 2007 WL 1232211, at *2 (E.D. La. 2007). This Court's Order of September 8, 2009 (Doc. 3067) readily satisfies those standards.

> **a. The Issue Whether a Non-Retained Expert May Offer Expert Testimony Is a Controlling Question of Law As To Which There Is Substantial Ground For Difference of Opinion**

The question whether Dr. Christopher DeRosa, a non-retained expert in the field of environmental health science with specific expertise as to the human health effects and exposure risks associated with formaldehyde, may offer expert opinion testimony at bellwether trials in this MDL, is both a controlling legal issue and one as to which district courts have disagreed.

This Court in the Trial I Scheduling Order (Doc. 1305) stated that "[w]ritten reports of experts, as defined by Federal Rules (*sic*) of Civil Procedure 26(a)(2)(b), who may be witnesses for plaintiff fully setting forth all matters about which they will testify and the basis therefor shall be obtained and delivered to counsel for defendant as soon as possible, but in no event later than May 19, 2009 (107 days prior to Final Pre-trial Conference Date)." Federal Rule of Civil Procedure 26(a)(2)(b), as cited in this Court's Scheduling Order, provides that the disclosure of an expert witness "shall, with respect to a witness who is **retained** or specially employed to provide expert testimony in the case…be accompanied by a written report prepared and signed by the witness." (emphasis added). However, the Court's Order and Reasons which is the subject of this motion (Doc. 3067) has excluded the expert testimony of Dr. DeRosa based upon the failure of the plaintiffs to produce an expert report.

The jurisprudence clearly shows a substantial ground for difference as to such an exclusion of testimony. For example, in *In re: Vioxx*, MDL 1657 (E.D.La.), the Hon. Eldon Fallon was presented with an identical situation. There, plaintiffs sought to introduce expert testimony at a bellwether trial from an independent, non-retained cardiology expert, Dr. Eric Topol. In opposition, the defendant argued that the testimony should be precluded because plaintiffs did not file an expert report as set forth in Rule 26 of the Federal Rules of Civil Procedure. Yet, Judge Fallon permitted Dr. Topol to testify without a Rule 26 report. *See* November 31, 2005 *In re Vioxx* Trial Transcript at 7-3. In fact, the Court stated "First with regard to 26(A)(2)(B), I don't see this as being applicable. [Dr. Topol] wasn't employed [as a retained expert]. The party was not employed by the plaintiff." *See id.* at 10. Judge Fallon's ruling is clearly contradictory to that rendered in this Court's September 8, 2009 ruling,

Other federal courts have also determined that Rule 26(a)(2)(b) is limited to those experts retained specifically for trial. In *Space Maker Designs, Inc., v. Weldon F. Stump and Co., Inc.,* 2003 WL 21805279 (N.D. Tex), the District Court denied the plaintiff's motion to exclude defendant's non-retained experts because they had failed to produce an expert report. The Court found, that pursuant to Rule 26(a)(2)(b), a non-retained, but timely-disclosed, expert was not required to provide a written report, and accordingly denied the plaintiff's motion to exclude. *Id.; see also Talarico v. Marathon Shoe Co.,* 182 F.Supp. 2d 102, 114 (D. Me. 2002); *Kent v. Katz*, 2000 WL 33711516, *2 (D. Vt.) (distinction between retained and non-retained experts, only retained experts file expert reports.).

Such unambiguous disagreement among other federal district courts on the same dispositive legal issue, invites the very procedure sanctioned by 1292(b). The existence of conflicting judicial decisions on a given issue is, in fact, conclusive evidence that there are

substantial grounds for a difference of opinion. *See Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 867-68 (5th Cir. 2002) (interlocutory appeal granted to resolve split of authority on issue of diversity jurisdiction); *White v. Nix*, 43 F.3d 374, 378 (8th Cir. 1994) (conflicting decisions demonstrate substantial grounds for a difference of opinion).

### b. Immediate Appellate Review Will Promote Judicial Efficiency And Materially Advance The Resolution Of This Multi-District Litigation

Interlocutory review of the Court's Order also would materially advance this litigation. A "critical" consideration under §1292(b) is whether an interlocutory appeal would "have the potential for substantially accelerating the disposition of the litigation" *In re Duplan Corp.*, 591 F.2d 139, 148 n.11 (2d Cir. 1978) (internal citations omitted); *see also In re Virginal Elec. & Power Co.*, 539 F.2d 357, 364 (4th Cir. 1976) [§ 1292(b) appeal is appropriate where resolution of controlling question could prevent waste of "much time, expense and effort"].

The same consideration applies with even greater force here. This MDL was established to address and resolve all common issues of law and fact pertinent to the claims of formaldehyde exposure in emergency housing units furnished in the wakes of Hurricanes Katrina and Rita. In a multi-district litigation of this size and scope, with thousands of cases already pending on the trial court docket and many others yet to be filed, the final resolution of a common legal issue that affects many of these cases will obviously avoid the expenditure of enormous resources in discovery and trial efforts as the cases proceed toward potential trials on the merits. The time and expense of a single interlocutory appeal likewise will be far less than continuing the labor-intensive process of working up cases, one-by-one, for trial, having each defendant file a motion in limine to exclude Dr. DeRosa's testimony, having the court exclude the testimony, and ultimately requiring an appeal in each case.

Thus, the PSC submits that "[f]or the sake of 'judicial economy and the interests of the parties in obtaining an overall conclusion of the proceedings,' an interlocutory appeal is appropriate." *Philibert v. Ethicon, Inc.*, 2004 WL 1922032, at *5 (E.D.La. 2004) (citation omitted). The Court is respectfully requested to enter an Order certifying its September 8, 2009 Evidentiary Order for immediate interlocutory appeal to the Fifth Circuit, pursuant to 28 U.S.C. § 1292(b).

      Respectfully submitted:

      **FEMA TRAILER FORMALDEHYDE**
      **PRODUCT LIABILITY LITIGATION**

      BY:   s/Gerald E. Meunier
             GERALD E. MEUNIER, #9471
             **PLAINTIFFS' CO-LIAISON COUNSEL**
             Gainsburgh, Benjamin, David, Meunier &
             Warshauer, L.L.C.
             2800 Energy Centre, 1100 Poydras Street
             New Orleans, Louisiana  70163
             Telephone:   504/522-2304
             Facsimile:    504/528-9973
             gmeunier@gainsben.com


             s/Justin I. Woods
             JUSTIN I. WOODS, #24713
             **PLAINTIFFS' CO-LIAISON COUNSEL**
             Gainsburgh, Benjamin, David, Meunier &
             Warshauer, L.L.C.
             2800 Energy Centre, 1100 Poydras Street
             New Orleans, Louisiana  70163
             Telephone:   504/522-2304
             Facsimile:    504/528-9973
             jwoods@gainsben.com


             **COURT-APPOINTED PLAINTIFFS'**
             **STEERING COMMITTEE**
             ANTHONY BUZBEE, TEXAS #24001820

                                        ROBERT M. BECNEL, #14072
                                        RAUL BENCOMO, #2932
                                        FRANK D'AMICO, JR., #17519
                                        MATT MORELAND, #24567
                                        LINDA NELSON, #9938
                                        DENNIS REICH, Texas #16739600
                                        MIKAL C. WATTS, Texas #20981820

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 11, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-call mail to all counsel of record who are non-CM/ECF participants.

                                        s/Gerald E. Meunier
                                        GERALD E. MEUNIER