UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 | |
| FORMALDEHYDE | * | | |
| PRODUCTS LIABILITY | * | SECTION: N(5) | |
| LITIGATION | * | | |
| | * | JUDGE: ENGELHARDT | |
| This Document Relates to: *Charlie Age, et al. v.* | * | | |
| *Gulf Stream Coach Inc., et al*, Docket No. 09-2892 | * | MAG: CHASEZ | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**OPPOSITION TO PLAINTIFF'S OBJECTIONS TO, AND MOTION IN LIMINE REGARDING, GULF STREAM COACH, INC.'S PROPOSED DEMONSTRATIVE EXHIBITS**

On September 10, 2009, Defendant, Gulf Stream Coach, Inc. ("Gulf Stream") produced to the Plaintiff demonstrative aids that Gulf Stream proposes to use at trial of this matter. On September 11, 2009, the Plaintiff objected to and filed a Motion in Limine regarding the use of several of these demonstratives (Rec. Doc. 3249). Gulf Stream now appears before this Honorable Court to offer this Opposition.

### 1. Sources of Formaldehyde

The Plaintiff has argued that Gulf Stream's demonstratives regarding the amount of formaldehyde in food and in the environment are inadmissible. Gulf Stream asserts that these documents are relevant and have proper foundation. First of all, they are relevant to the issue of causation and whether any of the plaintiffs' adverse health effects were caused by formaldehyde from some source other than the trailer. The Plaintiff is quite right that she has made no claim that she was harmed by formaldehyde contained in food. But, the slide is not supporting such an argument; the slide supports Gulf Stream's argument that wood products in the Plaintiff's EHU were not the only source of formaldehyde that the Plaintiff and her child were exposed to. For example, the evidence has shown and will show at trial that the body converts ingested

formaldehyde to waste through metabolism. Thus, the fact that formaldehyde is natural in food and in the environment is relevant to the body's ability to metabolize the chemical in all its forms. This evidence is therefore not only relevant to causation but also to permanent damage. This information is not misleading, and in fact, will help the jury to hone in on actual facts.

The demonstrative is also relevant to Gulf Stream's defense that formaldehyde at the levels measured in the plaintiffs' unit is not capable of causing adverse health effects. This defense is highlighted by the information in the graphic, which shows the formaldehyde levels observed in interior spaces such as an office or a library, and exterior spaces such as a largely industrial area where the Plaintiff's Dale St. home was located. By establishing these other sources of formaldehyde, Gulf Stream presents a reasonable, relevant defense to the Plaintiff's causation argument.

Second, as to foundation, both the plaintiffs' experts and Gulf Stream's experts will establish that formaldehyde is present in multiple sources including certain foods and in the everyday environment. Thus, this demonstrative is admissible.

## 2. Chart Depicting Formaldehyde Levels in 53 site-built homes in Louisiana

The Plaintiff has argued that this demonstrative is inadmissible. Again, the demonstrative goes to the ability of formaldehyde at the level measured in the plaintiffs' unit to cause adverse health effects. The fact that site-built homes contain more formaldehyde is relevant and important to this defense in that it gives the jury some perspective as to formaldehyde's effects. As to the Plaintiff's argument that there is no evidence the 53 homes are like the Plaintiff's home where she lived before Katrina, the Plaintiff evidently misunderstands the purpose of the slide. Gulf Stream is not showing the slide to argue that the Plaintiff was exposed to similar levels before the trailer; it is showing the slide to argue that the Plaintiff was exposed to lower

formaldehyde levels than people are exposed to in site-built homes. This buttresses Gulf Stream's defense that these units were sufficient products that could not cause damage at the observed levels. Additionally, the source of the information will come from Gulf Stream experts Allen and Dyson as well as through a scientific study authored by Lemus and offered into evidence by Gulf Stream. Thus, there is no issue as to the demonstratives' foundation.

### 3. Demonstrative on Ventilation and Air Conditioning Use

The Plaintiff has argued that a chart showing the effect ventilation and air conditioning have on formaldehyde levels is inadmissible. The demonstrative is certainly relevant to show how ventilation and air conditioning use – which the Plaintiff admits she undertook while living in her unit – can reduce the level of formaldehyde to one that does not cause adverse health effects. Furthermore, the source of the information is a 2007 report of the Agency for Toxic Substances and Disease Registry, which the Plaintiff herself has designated as an Exhibit in this case (Ex. 148). Gulf Stream is not reading out of this study – it is providing this information to provide the jurors with a base of knowledge to understand the facts as they actually occurred. As the Plaintiff stated in her objections, the purpose of opening argument is to help the jurors understand what is to follow, and to relate parts of the evidence and testimony to the whole. *See Testa v. Village of Mundelein, Ill.*, 89 F.3d 443, 446 (7th Cir. 1996). That is precisely what this demonstrative will accomplish.

### 4. The Use of Deposition Transcripts

The Plaintiff has also objected to the use of portions of the plaintiffs' deposition transcripts and Dr. Karen Pacheco's deposition transcript. As for the plaintiffs, they will testify the same way at trial as they did during their depositions, so there is no reason to prevent the jurors from seeing what specific comments the plaintiffs will make in regards to their case. Gulf

Stream is not utilizing the testimony to impeach the plaintiffs, but to help the jury understand what is to come. Further, although the Plaintiff objects to the use of the Dr. Pacheco testimony, she provides no basis whatsoever for this objection. Gulf Stream asserts that to the extent the Plaintiff has actually objected to the use of Dr. Pacheco's deposition testimony as a demonstrative, her video deposition testimony is being used in lieu of live testimony. The deposition testimony and trial testimony are one and the same, so there is no issue of impeachment. Also, the Plaintiff did not object to several portions of that deposition testimony when Gulf Stream designated that testimony. Therefore, Gulf Stream asserts that the slides depicting Dr. Pacheco's testimony are admissible at trial.

### 5.    Charts showing Chris Cooper in Litigation starting in February 2008.

The charts should depict both plaintiffs in litigation as of that date, which is when plaintiff Alexander – who, of course, is acting as plaintiff in this matter individually and on behalf of plaintiff Cooper – filed her initial Federal Tort Claims Act complaint. Gulf Stream will change these slides to reflect that information, will produce the new slides to opposing counsel, and formally withdraws the slides objected to by the Plaintiff.

    Respectfully Submitted:

    **DUPLASS, ZWAIN, BOURGEOIS,**
    **PFISTER & WEINSTOCK**

    s/Andrew D. Weinstock
    _____
    **ANDREW D. WEINSTOCK #18495**
    **JOSEPH G. GLASS #25397**
    3838 N. Causeway Boulevard, Suite 2900
    Metairie, Louisiana 70002
    (504) 832-3700
    (504) 837-3119 (FAX)
    andreww@duplass.com
    jglass@duplass.com

and

**SCANDURRO & LAYRISSON**
**Timothy D. Scandurro #18424**
**Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
(504) 529-6199 (FAX)
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

## **C E R T I F I C A T E**

I hereby certify that on the 12th day of September, 2009, a copy of the foregoing Opposition to Plaintiff's Objections to and Motion in Limine Regarding Gulf Stream Coach, Inc.'s Proposed Demonstrative Exhibits was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495
andreww@duplass.com