UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
|       FORMALDEHYDE PRODUCTS | * | |
|       LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Charlie Age, et al v. Gulf Stream Coach* | * | |
| *Inc., et al*, Docket No. 09-2892; | * | |
| Alana Alexander, individually and on behalf of | * | |
| Christopher Cooper | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF**
**<u>MOTION IN LIMINE</u>**

Plaintiff, Alana Alexander, individually and on behalf of Christopher Cooper ("Plaintiff" or "Ms. Alexander"), files this Motion *in Limine* regarding a few issues that have arisen as a result of Court rulings and recent filings by the parties and, in support, would show the following:

1. **<u>Formaldehyde is everywhere/Unsupported Claims of Formaldehyde in Various Items and Sources.</u>** As set forth in Plaintiff's objections to Gulf Stream's demonstrative exhibits (Docket Entry No. 3249), Plaintiff believes that Defendants will contend that formaldehyde "is everywhere" and will attempt to argue that certain levels of formaldehyde are found in, and emit from, various items and activities, and in various venues. As set forth in Plaintiff's Objection to Gulf Stream's demonstrative exhibits, there is no basis in the evidence of these other alleged sources of formaldehyde or the level of exposure to Plaintiff (dose and duration) from such alleged sources. Such argument would be unfairly prejudicial to Plaintiff. If this is allowed, Defendants should not be able to discuss or elicit testimony on these matters

1

unless (and only after) they establish that it is relevant (i.e., that Plaintiff and her son were exposed to formaldehyde through such sources) and the threshold level of scientific methodology is provided to show comparable dose/duration. Otherwise, this would create a an improper mini-trial, requiring Plaintiff to rebut such anecdotal and unreliable evidence.

2. **Discussion of Defendants' Katrina Experience**. The Court has recently excluded anything other than basic information about Plaintiff and her family's evacuation from New Orleans after Katrina. The Court stated that this trial would not be about any tangential issues related to Katrina. Thus, Plaintiff requests that the same be applied to Defendants and they not be permitted to discuss any logistical problems caused by the nature of the disaster, or by FEMA and other federal or state agencies, or discuss how difficult these problems made things for Defendants, or discuss any alleged heroic measures that Defendants or their employees or contractors took in responding to Katrina. If Defendants do so, this would open the door to the size of their contracts, and Plaintiff requests the ability to examine witnesses about the contracts if Defendants open this door. Along these lines, Defendants should be precluded from statements about whether these trailers "were good enough" considering the circumstances of Katrina as that would mis-state the law.

3. **FEMA's Alleged Instruction to Gulf Stream Not to Talk to Residents**. This has been discussed with the Court in the pre-trial conference and runs along the same lines as the previous issue. The Court has excluded the amount of money received by Defendants for their Katrina work. At the same time, Gulf Stream may try to argue that they wanted to warn residents of the formaldehyde threat but were precluded from doing so by FEMA. As discussed in the pre-trial conference, this would amount to Gulf Stream offering a reason "why" they didn't warn. If Gulf Stream raises the issue, then Plaintiff contends (and understood the Court to agree)

that Gulf Stream will open the door to the value of Gulf Stream's contract and the fact that Gulf Stream was not forthcoming with FEMA about the facts, because Gulf Stream was extremely concerned about receiving its last, and substantial, payment from FEMA under Gulf Stream's contract. Thus, Plaintiff requests that Gulf Stream be precluded from offering reasons as to why it allegedly did not warn residents and that, if Gulf Stream violates this, that Plaintiff be permitted to put on evidence of Gulf Stream's contract and communications with FEMA about receiving its final payment and the amount of that entire contract.

      4.     **Mary DeVany**. The Court has made it clear that it will not tolerate mini-trials on tangential issues. However, Gulf Stream has also made it clear that it will attempt to impeach Ms. DeVany on an unsigned (by the court reporter) transcript, which Ms. DeVany never had a chance to review, in an unrelated case. Allowing this will create exactly the kind of mini-trial the Court has precluded.

The first issue is her alleged testimony about having two master's degree in different subjects versus one master's degree with two concentrations. As set forth in Plaintiff's response to Gulf Stream's motion to strike, Ms. DeVany believes that the court reporter transcribed this incorrectly and, had she had the chance to review the transcript, she would have corrected the error. Allowing Gulf Stream to delve into the issue would require Plaintiff to bring the court reporter to trial to confirm that Ms. DeVany did not have a chance to review the transcript and that the court reporter may have made a mistake. None of this has anything to do with Ms. DeVany's testimony.

Second, Gulf Stream intends to cross Ms. DeVany on her understanding of her role in the class certification phase. As set forth in Plaintiff's response to Gulf Stream's motion to strike, Ms. DeVany is not a lawyer, much less a litigator, and does not understand the intricacies of

federal procedure. She has not testified literally hundreds of times, as some of Defendants' experts have. She stated her perceived role based on discussions with PSC members. She was wrong, but that was not her fault. It was the fault of the PSC in not explaining this clearly. Going into this subject will create a mini-trial which would require testimony from PSC members about what they told her and how they obviously did not explain her role very clearly. Further, going into this issue will result in a discussion of the fact that this litigation was at one point a class action. This violates this Court's previous rulings about discussions about other cases and the scope of this litigation. This area of inquiry has absolutely nothing to do with this case or Ms. DeVany's testimony. Allowing it will waste the jury's time and will unfairly prejudice Plaintiff.

        Therefore, Plaintiff respectfully requests that the Court grant her Motion.

        Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:    504/522-2304
        Facsimile:    504/528-9973
        gmeunier@gainsben.com

        s/Justin I. Woods
        JUSTIN I. WOODS, #24713
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:    504/522-2304
        Facsimile:    504/528-9973
        jwoods@gainsben.com

        **COURT-APPOINTED PLAINTIFFS'**
        **STEERING COMMITTEE**
        ANTHONY BUZBEE, Texas # 24001820
        RAUL BENCOMO, #2932
        FRANK D'AMICO, #17519
        MATT MORELAND, #24567
        LINDA NELSON, #9938
        MIKAL WATTS, Texas # 20981820
        ROBERT BECNEL
        DENNIS REICH, Texas # 16739600

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

        s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471