UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Charlie Age, et al v. Gulf Stream Coach* | * | |
| *Inc., et al*, Docket No. 09-2892; | * | |
| Alana Alexander, individually and on behalf of | * | |
| Christopher Cooper | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S RESPONSE TO DEFENDANT GULF STREAM COACH, INC.'S
MOTION *IN LIMINE* TO LIMIT OPINIONS AND
TESTIMONY OF ALEXIS MALLET, JR. BASED
UPON THERMOGRAPHIC IMAGING**

Plaintiff, Alana Alexander, individually and on behalf of Christopher Cooper ("Plaintiff" or "Ms. Alexander"), responds to Defendant Gulf Stream Coach, Inc.'s ("Gulf Stream") Motion in Limine to Limit Opinions and Testimony of Alexis Mallet, Jr. Based Upon Thermographic Imaging (Docket Entry No. 3238) and, in support, would show the following:

First, the Court has already ruled on this issue. (Docket Entry No. 3054, at p. 2). While Plaintiff obviously believes that the Court had only previously excluded the May 2009 formaldehyde test (and this was the only testing that Gulf Stream had requested to be excluded), Plaintiff accepts the ruling.

Gulf Stream apparently does not accept the ruling and attempts to explain to the Court how it misunderstood thermographic imaging. Gulf Stream offered none of those arguments in prior briefing. The Court did hold a telephonic hearing on the issue, gave notice about the

subject beforehand and, as all involved know, the lawyers in that hearing all made it clear that they were not experts on the subject and deferred to the expert reports for a description of the procedures.  Gulf Stream did not offer any of these new arguments at the hearing.  Further, no one misled the Court, as Gulf Stream alludes to.  Late in the afternoon on the Friday before trial, and well after this matter was fully briefed and heard, is too late to be bringing these new arguments before the Court.

Second, Gulf Stream is wrong on the merits.  Mr. Mallet did take thermographic images of the trailer while he was inside the trailer during the general time period that the duct blaster and blower door tests were operating, but never took any images while any equipment was running.  *See* Declaration of Alexis Mallet, Jr., at ¶ 5, attached as **Exhibit A**.  When Mr. LaGrange was performing the blower door and duct blaster tests, Mr. Mallet was observing him and taking pictures with his digital camera.  *Id*. at ¶ 4; *See* Declaration of Ervin Ritter, at ¶ 4, attached as **Exhibit B**.  As each test (duct blaster and blower door) only took 10-15 minutes to perform, there was plenty of opportunity for Mr. Mallet to take the thermographic images when the equipment was not running.  *See* Declaration of Paul LaGrange, at ¶ 4, attached as **Exhibit C**.  Therefore, the thermographic images were not affected by the blower door and duct blaster tests.

However, even if Mr. Mallet had taken the thermographic images while Mr. LaGrange was performing the blower door and/or duct blaster tests, the images would still be admissible. Thermographic images look at temperature anomalies; the blower door and duct blaster tests check for air movement/leakage and quantify the leakage in the envelope and ducts—completely different things.  Mallet Dec. at ¶ 6; LaGrange Dec. at ¶ 6.  As the thermographic images would still detect

the presence of temperature anomalies, it is irrelevant if the blower door and duct blaster equipment was running or not. Mallet Dec. at ¶ 8; LaGrange Dec. at ¶ 7.

The Court noted correctly that the thermographic images were measurements, not tests. This issue has already been resolved and there is no reason to revisit it.

## CONCLUSION AND PRAYER

Wherefore, Plaintiff respectfully requests that the Court deny Gulf Stream's Motion.

Respectfully submitted:
**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY: s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:     504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:     504/528-9973
jwoods@gainsben.com

                                   **COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
ROBERT BECNEL
DENNIS REICH, Texas # 167396

## CERTIFICATE OF SERVICE

    I hereby certify that on September 12, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                    s/Gerald E. Meunier
                                    GERALD E. MEUNIER, #9471