UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|     FORMALDEHYDE | * | |
|     PRODUCTS LIABILITY | * | |
|     LITIGATION | * | SECTION:  N(5) |
| | * | |
| This Document Relates to: *Charlie Age, et al. v.* | * | JUDGE: ENGELHARDT |
| *Gulf Stream Coach Inc., et al*, Docket No. 09-2892 | * | |
| | * | MAG: CHASEZ |

*************************************************************************

## OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE

Gulf Stream Coach, Inc. ("Gulf Stream") hereby files this Opposition to Plaintiff's Motion in Limine as it pertains to expert Mary DeVany (Rec. Doc. 3261). The Plaintiff argues that the Court should prevent Gulf Stream from discussing Ms. DeVany's masters' degrees and her statement about being the only expert in this litigation who was specifically selected by this Court. Gulf Stream asserts that it has every right to go into these issues when it questions Ms. DeVany at trial. With respect to the first, she made this statement at a live hearing, not a deposition. Thus, she would have had no opportunity to read and sign the transcript. Her statement was made to bolster her credentials, and it was made under oath. At the trial of this matter, Ms. DeVany will have every opportunity to explain her testimony and provide an explanation of why the previous transcript is incorrect.

With respect to the statement about being the hand-picked court expert, Ms. DeVany will likewise have every chance to explain this testimony at trial of this matter. As this Court has already said, it is surprising that an expert – even though that expert is not an attorney – could be so mistaken regarding her role in this case. (Rec. Doc. 3083). If Ms. DeVany is mistaken about her role, such information goes directly to her credibility and objectivity in providing expert testimony. If the mistake was that of the PSC, Ms. DeVany will have an opportunity to explain

this at trial. The Court has said that it has great concern over Ms. DeVany's testimony, with one of the main reasons being her statements about being the sole expert in this case. *Id*. There is no better way for the Court to validate or alleviate its concerns than to have Ms. DeVany discuss this issue at trial.

        Respectfully Submitted:

        **DUPLASS, ZWAIN, BOURGEOIS,**
        **PFISTER & WEINSTOCK**

        s/Andrew D. Weinstock
        _____
        **ANDREW D. WEINSTOCK #18495**
        **JOSEPH G. GLASS #25397**
        3838 N. Causeway Boulevard, Suite 2900
        Metairie, Louisiana 70002
        (504) 832-3700
        andreww@duplass.com
        jglass@duplass.com

        and

        **SCANDURRO & LAYRISSON**
        **Timothy D. Scandurro #18424**
        **Dewey M. Scandurro #23291**
        607 St. Charles Avenue
        New Orleans, LA 70130
        (504) 522-7100
        tim@scanlayr.com
        dewey@scanlayr.com
        **Counsel for Defendant, Gulf Stream Coach, Inc.**

## **C E R T I F I C A T E**

I hereby certify that on the 13th day of August, 2009, a copy of the foregoing Opposition to Plaintiff's *Motion In Limine was* filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

s/Andrew D. Weinstock<br>
ANDREW D. WEINSTOCK #18495<br>
andreww@duplass.com