UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | 07-md-1873 |
| | FORMALDEHYDE | * | |
| | PRODUCTS LIABILITY | * | SECTION: N(5) |
| | LITIGATION | * | |
| | | *` | JUDGE: ENGELHARDT |
| | | * | |
| | | * | MAG: CHASEZ |

This document is related to:
   *Charlie Age, et al. v. Gulf Stream Coach, Inc., et al., No. 09-2892*
   Alana Alexander, Individually and on behalf of Christopher Cooper
**************************************************************************

**FLUOR ENTERPRISES, INC.'S MOTION FOR LEAVE TO FILE
MOTION *IN LIMINE* TO EXCLUDE EVIDENCE THAT IT HAD
A DUTY TO WARN PLAINTIFFS' OF PRESENCE OF
FORMALDEHYDE IN TRAVEL TRAILER**

     Defendant, Fluor Enterprises, Inc. (**FEI**), respectfully requests an Order from this Honorable Court granting it leave to file its Motion *in Limine* to Exclude Evidence that it had a Duty to Warn Plaintiffs' of the Presence of Formaldehyde in Travel Trailer. FEI's position is that the consequence of the Court's LPLA ruling on Thursday, September 10, 2009, is that there is no longer any duty to warn claim against FEI. Without a duty to warn concerning formaldehyde issues, any reference in opening statement or any evidence concerning FEI's knowledge of the presence of formaldehyde in the trailers, whether the levels of formaldehyde in the trailers presented any health issues and how FEI reacted to such information, is irrelevant, prejudicial and can only lead to jury confusion. Accordingly, it should be excluded.

Addressing this issue by motion *in limine* at this late hour is justified given that it arises as a consequence of a ruling issued Thursday night. Additionally, lead counsel for FEI stated FEI's position in the final conference call on Friday with one of plaintiffs' counsel in connection with discussions of formaldehyde-related trial exhibits on the final exhibit list. Also, on the FEI portion of the exhibit list submitted to plaintiffs' counsel at 6:43 a.m. Friday, 9/11/09, and again on the final exhibit list provided to the Court late Friday, FEI noted objections to such exhibits, but did not articulate the grounds. The grounds are now stated more fully in FEI's supplemental exhibit objections filed today (R. Doc. 3263--copy attached) as to exhibits 422, 426-434, and 453-456, 460-61, 466, 469, 492.

Additionally, this is an issue that should be addressed before opening statements so that the trial does not begin with what should be extraordinary objections during the course of counsel's opening statements. Both plaintiffs' counsel and FEI's counsel should have guidance on this important issue before delivering their opening statements.

Respectfully submitted,

**MIDDLEBERG, RIDDLE & GIANNA**

BY:       *s/ Richard A. Sherburne, Jr.*
Dominic J. Gianna, La. Bar No. 6063
Sarah A. Lowman, La. Bar No. 18311
201 St. Charles Avenue, Suite 3100
New Orleans, Louisiana 70170
Phone: (504) 525-7200, Fax: (504) 581-5983

*-and-*

>Charles R. Penot, Jr. (La. Bar No. 1530 &
>Tx. Bar No. 24062455)
>717 North Harwood, Suite 2400
>Dallas, Texas 75201
>Phone: (214) 220-6334; Fax: (214) 220-6807
>
>*-and-*
>
>Richard A. Sherburne, Jr., La. Bar No. 2106
>450 Laurel Street, Suite 1101
>Baton Rouge, Louisiana 70801
>Phone: (225) 381-7700, Fax: (225) 381-7730
>
>**ATTORNEYS FOR FLUOR ENTERPRISES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th of September, 2009, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sends notice of electronic filing to all counsel of record, including court-appointed liaison counsel, who are CM/ECF participants.

>s/ Richard A. Sherburne, Jr.
>**RICHARD A. SHERBURNE, JR.**

ND: 4845-6516-1476, v. 1