UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|     FORMALDEHYDE | * | |
|     PRODUCTS LIABILITY | * | |
|     LITIGATION | * | SECTION: N(5) |
| | * | |
| This Document Relates to: *Charlie Age, et al. v.* | * | JUDGE: ENGELHARDT |
| *Gulf Stream Coach Inc., et al,* Docket No. 09-2892 | * | |
| | * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### FLUOR ENTERPRISES, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE EVIDENCE THAT IT HAD A DUTY TO WARN PLAINTIFFS' OF PRESENCE OF FORMALDEHYDE IN TRAVEL TRAILER

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Fluor Enterprises, Inc. (FEI), which hereby respectfully moves this Honorable Court *in limine* to exclude evidence at the trial of this matter that would only be relevant to a claim that FEI had a duty to warn Plaintiffs of the presence of formaldehyde in the travel trailer in which they lived. The Plaintiffs' should be barred from suggesting to the jury that FEI should have warned them of the dangers associated with formaldehyde allegedly found in the trailer, and from offering any evidence relevant to FEI's knowledge of the presence of formaldehyde in the trailers generally, FEI's knowledge or awareness that certain people or groups had raised

questions about whether the levels of formaldehyde in the trailers posed a health risk, and whether, how and when FEI responded to any such information.

## BACKGROUND

The Court is now well familiar with the general nature of the claims that plaintiffs assert against FEI in this matter. FEI filed a Motion for Partial Summary Judgment Regarding Claims against It under the LPLA,[1] which the Court granted.[2]

## LAW AND ARGUMENT

As a result of the dismissal of the LPLA claim, the plaintiffs should be barred from suggesting to the jury that FEI should have warned the trailer's occupants of the alleged dangers associated with formaldehyde found in the trailers. Under general tort law principles, there is no duty to warn strangers of dangers, no matter how grave or imminent. *Miles v. Melrose*, 882 F.2d 976 (5th Cir. 1989), citing the Restatement Second of Torts. Under Louisiana law a cause of action for failure to warn does not exist unless there is an affirmative duty to provide a warning. *Audler v. CBC Innovis Inc.*, 519 F.3d 239 (5th Cir. 2008). Louisiana law imposes a specific duty to warn only in limited situations, none of which is present in the instant case with the dismissal of the LPLA claim.

First and foremost, the plaintiffs' claims under the Louisiana Products Liability Act (LPLA), which includes a duty to warn, have been dismissed. Thus FEI has no duty imposed by the LPLA to notify the plaintiffs of formaldehyde in the trailers. The LPLA of 1988 provides the exclusive remedy for recovery of damages from manufactures in Louisiana. R.S.

---

[1] Rec. Doc. 2743.
[2] Rec. Doc. 3217.

9:2800.52. Under the Act, a manufacturer's liability is based in part on whether the product has a characteristic rendering it unreasonably dangerous. R.S. 9:2800.54(A). A product can be unreasonably dangerous when it lacks an adequate warning. R.S. 9:2800.54(B)(3). Therefore, under the LPLA, a manufacturer can be found liable to a plaintiff injured by a product when the manufacturer failed to supply an adequate warning as provided in R.S. 9:2800.57. Because FEI did not manufacture the housing units and the plaintiffs' claims under the LPLA have been dismissed (including any claims that FEI failed to warn them of the dangerous condition presented by the formaldehyde), any possible LPLA responsibility FEI may have had to warn the plaintiffs is non-existent.

Louisiana law also imposes a duty on landowners or one having custody or *garde* over a thing to disclose any unreasonably dangerous conditions and to either correct the condition or warn others of the condition's existence. *Dauzat v. Curnest Guillot Logging, Inc.*, 08-0528 (La. 12/2/08), 995 So.2d 1184; *Jamison v. United States*, 491 F.Supp.2d 608 (W.D. La. 2007). That type of situation is clearly not present here, where FEI did not own the trailers nor did FEI have custody or *garde* of the plaintiffs' trailers. Additionally, the duty to warn arises with ownership or guard of *immovable* property and is applicable to claims under a theory of premises liability. The plaintiffs have not made these types of claims. The complaints and amended complaints in Age contain no such allegations, and plaintiffs cannot amend to assert such claims on the eve of trial. Additionally, the facts support no such claim in any event.

Finally, the plaintiffs in this case share no special relationship with FEI such that a duty to warn might be imposed. For instance, in cases involving actions committed by a third

party, it is well-settled law in Louisiana that absent a special relationship between the plaintiff and the defendant, the defendant has no duty to warn the plaintiff.  *Johnson v. Orleans Parish School Board*, 05-1488 (La. App. 4 Cir. 8/9/06), 938 So.2d 219.   Although the plaintiffs have not alleged injuries due to third party activity, there is nevertheless no special relationship between the parties under which a duty to warn of a dangerous condition might arise.  The court in *Hollander v. Days Inn Motel*, 98-1361 (La. App. 3 Cir. 5/19/99), 739 So.2d 238 listed examples of special relationships that might create such a duty.  These include parent and child, employer and employee, innkeeper and guest, jailer and prisoner, shopkeeper and visitor, and teacher and pupil.  The plaintiffs and FEI do not share such a relationship creating a responsibility on FEI's part to warn the plaintiffs of possible exposure to formaldehyde.

Plaintiffs should be prohibited from making reference to an obligation on FEI's part to warn them of formaldehyde in the housing units.  There is simply no affirmative duty under Louisiana law requiring FEI to warn individuals of this hazard.  While the LPLA imposes a duty on manufacturers to warn users of unreasonably dangerous characteristics in their products, these claims against FEI were dismissed.  Likewise, Louisiana's jurisprudence indicates that a responsibility to warn others exists under a theory of premises liability, but the plaintiffs did not make this type of claim, and could not do so in any event on the undisputed facts.  Under the circumstances found in this case, there is no basis for asserting that FEI had a duty to warn the plaintiffs of a danger involving formaldehyde.

Respectfully submitted,

**MIDDLEBERG, RIDDLE & GIANNA**


BY:      s/ Richard A. Sherburne, Jr.
       Dominic J. Gianna, La. Bar No. 6063
       Sarah A. Lowman, La. Bar No. 18311
       201 St. Charles Avenue, Suite 3100
       New Orleáns, Louisiana 70170
       Telephone: (504) 525-7200
       Facsímile:  (504) 581-5983
       dgianna@midrid.com
       showman@midrid.com

       Charles R. Penot, Jr., La. Bar No. 1530 &
       Texas Bar No. 24062455
       717 North Harwood, Suite 2400
       Dallas, Texas 75201
       Telephone: (214) 220-6334
       Facsímile:  (214) 220-6807
       cpenot@midrid.com

          *-and-*

       Richard A. Sherburne, Jr., La. Bar No. 2106
       450 Laurel Street, Suite 1101
       Baton Rouge, Louisiana 70801
       Telephone: (225) 381-7700
       Facsimile:  (225) 381-7730
       rsherburne@midrid.com
       smallett@midrid.com

**ATTORNEYS FOR FLUOR ENTERPRISES, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th of September, 2009, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sends notice of electronic filing to all counsel of record, including court-appointed liaison counsel, who are CM/ECF participants.

                                               s/ Richard A. Sherburne, Jr.
                                             **RICHARD A. SHERBURNE, JR.**

ND: 4840-4532-9924, v. 1