UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                    MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION           SECTION N-5
                                       JUDGE ENGELHARDT
                                       MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
AGE, et al. v. GULFSTREAM COACH, INC., et al. [Case No. 09-2892]

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

UNITED STATES' MEMORANDUM IN OPPOSITION TO THE PSC'S
MOTION TO CERTIFY FOR INTERLOCUTORY REVIEW
PURSUANT TO 28 U.S.C. § 1292(b) [Rec. No. 2923],
AND MOTION FOR ENTRY OF JUDGMENT UNDER FRCP 54(b) [Rec. No. 3049]

## INTRODUCTION

The United States of America ("United States") hereby submits this memorandum in

opposition to the motions of the Plaintiffs' Steering Committee (PSC) for interlocutory review

pursuant to 28 U.S.C. § 1292(b) [Rec. No. 2923], and for entry of judgment under Fed. R. Civ. P.

54(b) [Rec. No. 3049], which both seek appellate review of the Court's Order of August 21,

2009, dismissing the claims of Plaintiff Christopher Cooper for lack of subject matter

jurisdiction under the Federal Tort Claims Act (FTCA) [Rec. No. 2789].  PSC has not met its

burden of showing that exceptional circumstances exist for interlocutory review under 28 U.S.C.

§ 1292(b), or that certification is necessary because of a danger of hardship or injustice from

delay under Fed. R. Civ. P. 54(b).  In any event, the relief that the PSC seeks may be

unnecessary because Christopher Cooper's FTCA claims could be subject to appeal in a few

weeks after the jury renders a verdict and the Court enters judgment on the claims against the

private defendants.

**STATEMENT OF MATERIAL FACTS**

1.      On July 27, 2009, the United States filed a motion to dismiss the claims of minor

plaintiff Christopher Cooper for lack of subject matter jurisdiction on the grounds that

Christopher Cooper's claims were barred by the FTCA's two-year statute of limitations, 28

U.S.C. § 2401(b) [Rec. No. 2317].  The United States argued that Christopher Cooper's FTCA

claims accrued shortly after he moved into a trailer that the Federal Emergency Management

Agency (FEMA) provided in May 2006, because he began experiencing symptoms that he and

his mother, Alana Alexander, attributed to the trailer at that time.  Consequently, the United

States asserted that Cooper's administrative claim, which Alexander submitted in July 2008, was

untimely.

2.      On August 21, 2009, the Court granted the United States' Motion to Dismiss,

finding that Christopher Cooper's FTCA claims were barred by the Act's two-year statute of

limitations.  *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, No. MDL 07-1873, 2009 WL

2599195, at *1 (E.D. La. Aug 21, 2009).  The Court found that the two-year statute of limitations

began to run when Alexander first associated Cooper's symptoms to conditions in the trailer

shortly after they moved in.  *Id.* at *3.  Following *United States v. Kubrick*, 444 U.S. 111 (1979),

the Court held that it was not necessary for the plaintiff to know the precise agent causing injury

for the claim to accrue.  *Id.* at *2.  The Court also found that because the FTCA's statute of

limitations hinges on notice, it was unnecessary for the plaintiff to be aware, or have suffered,

the full extent of his injuries for the limitations period to begin to run.  *Id.* at *3.

3.      The Court also found that the FTCA's statute of limitations was jurisdictional,

was subject to a strict interpretation, and could not be equitably tolled. *Id.* at *1 n.1 & 3 n.4. The PSC argued that accrual of the FTCA's statute should be delayed because an unidentified person had told Alexander that the "chemical smell" in the trailer was "nothing to worry about." The Court discounted the statement, finding that a reasonable person who relied upon such a representation would at least know the identity of the person making the statement. *Id.* at *3 n.4. Regardless of who made the statement, the Court found that the statute of limitations could not be tolled by virtue of the statement. *Id.*

4.      On August 24, 2009, the PSC filed a motion to sever, or, in the alternative, voluntarily dismiss the FTCA claims of Alana Alexander [Rec. No. 2793]. In the motion, the PSC highlighted two of the Court's findings in its Order dismissing Christopher Cooper's claims: (1) that the symptoms that Alexander and Cooper suffered during the first days in their trailer were sufficient to put Alexander on notice to start the FTCA's statute of limitations on Cooper's claims, and (2) that a reasonable person's inquiry would not have ended when an unidentified person said the "chemical smell" in the trailer  was "nothing to worry about." The PSC stated that these findings portend a "very real" and "perhaps fatal impact" on Alexander's remaining FTCA claim because FEMA's alleged delays in communicating formaldehyde risk information to Alexander would not be relevant to her alleged damages. On August 28, 2009, the Court granted the PSC's motion to the extent it dismissed the FTCA claims of Alana Alexander with prejudice [Rec. No. 2964].

5.      On August 27, 2009, the PSC filed a motion for interlocutory review pursuant to 28 U.S.C. § 1292(b) with respect to the Court's Order dismissing Christopher Cooper's FTCA claim [Rec. No. 2923]. On September 4, 2009, following an inquiry from the Court, the PSC

filed a motion for entry of judgment under Fed. R. Civ. P. 54(b) on the Order dismissing

Christopher Cooper's FTCA claim [Rec. No. 3049].

<u>**STANDARD OF REVIEW**</u>

**I.      A Moving Party Must Show Exceptional Circumstances For Interlocutory Review.**

Under 28 U.S.C. § 1292(b), interlocutory review of district court orders that are not

otherwise appealable can only occur when the district court certifies the order under the section

and the Court of Appeals accepts the certification.  With respect to district court certification,

this Court has previously articulated the appropriate standard in this litigation:

> Before a district court may certify an order for interlocutory appeal, the moving
> party must demonstrate that the matter involves (1) a controlling question of law,
> (2) as to which there is substantial ground for difference of opinion, and (3) an
> immediate appeal from the order would materially advance the ultimate
> termination of the litigation.  *See* U.S.C. § 1292(b).  *See also Complaint of L.L.P.
> & D. Marine, Inc.*, Nos. Civ. A 97-1668, 97-2992, 97-3349, 1998 WL 66100, at
> *1 (E.D. La. Feb. 13, 1998) (explaining that the moving party bears the burden of
> "demonstrating the necessity of interlocutory appeal").  An interlocutory appeal,
> however, is "exceptional" and "assuredly does not lie simply to determine the
> correctness of judgment."  *Clark-Dietz & Assocs.-Eng'rs Inc., v. Basic Constr.
> Co.,* 702 F.2d 67, 68, 69 (5th Cir. 1983).

*In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, No. MDL 07-1873, 2008 WL 4923035, at

*2 (E.D. La. Nov. 13, 2008).  *See also In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*,

No. MDL 07-1873, slip op. at 1 (July 13, 2009) (granting motion for interlocutory review

regarding Order Dismissing Claims Based on Federal Preemption) [Rec. No. 2122].

**II.     A Moving Party Must Show A Danger Of Hardship Or Injustice From Delay For
         Fed. R. Civ. P. 54(b) Certification.**

Absent certification for interlocutory review under 28 U.S.C. § 1292(b), a district court

order may be appealable under Fed. R. Civ. P. 54(b).  This rule provides:  "When an action

presents more than one claim for relief . . . or when multiple parties are involved, the court may

direct the entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "Plainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 10 (1980).  Under this Rule, "[a] district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel." *PYCA Indus. v. Harrison County Waste Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996).  *See also Shell Oil Refinery v. Shell Oil* Co., Civ. A. No. 88-1935, Civ. A. 88-2719, 1991 WL 211570, at *1 (E.D. La. Oct. 2, 1991) (stating that "orders under Rule 54(b) should not be granted routinely or as a courtesy to counsel, but only if there exists some danger of hardship or injustice if the entry of judgment is delayed") (citing *Jasmin v. Dumas*, 726 F.2d 242, 244 (5th Cir. 1984)).  While Rule 54(b) allows parties involved in multi-claim or multi-party litigation who have separable causes of action to obtain entry of judgment as to fewer than all of the claims or parties, "[t]his type of entry of judgment is proper only where the court makes an express determination that there is no just reason for delay in entering such a judgment, and when ***the equities of the situation outweigh the interests of judicial economy against potential piecemeal appeals***." *Channel 20 Inc., v. World Wide Towers Servs., Inc.*, 607 F. Supp. 551, 559 (S.D. Tex. 1985) (emphasis added).  "The Fifth Circuit requires a searching inquiry into the grounds for 54(b) motions and has dismissed appeals when a district court abuses its discretion by summarily certifying a claim." *El Paso Prod. Gom, Inc. v. Smith*, Civil Action Nos. 04-2121, 08-4130, 04-2949, 05-140, 2009 WL 1870854, at *2 (E.D. La. June 29, 2009) (citing *PYCA Indus.*, 81 F.3d at 1421).

## ARGUMENT

**I.     The PSC Has Failed To Show Exceptional Circumstances For Interlocutory Review.**

The Court's Order dismissing Christopher Cooper's claims based upon the FTCA's statute of limitations is detailed, well-reasoned, and supported by precedent; moreover, it correctly applied federal law, and the PSC has failed to show any significant difference of opinion on the law.  The PSC has not demonstrated how the ruling is contrary to the rulings of any court or that there is any split of authority within the Fifth Circuit regarding a material legal issue.  Instead, the PSC simply argues that the Court's Order was mistaken in two respects.

First, the PSC contends that the Court unduly discounted the statement of an individual whom the PSC argues represented "the interest of defendant United States, and FEMA in particular."  (PSC Br. at 4).  The PSC alleges that this individual told Ms. Alexander to "air out" the unit in response to a comment about the "chemical smell," and also said that the chemical smell was "nothing to worry about."  (PSC Br. at 4).  The PSC claims that the Court erred in noting that if Ms. Alexander was reasonably relying upon these statements to end her inquiry she would have at least discovered the identity of the person making the statement.  (PSC Br. at 4-5). The Court's finding that it was not reasonable for Ms. Alexander to rely upon the statement without determining the identity of the person is a factual finding that is not a proper subject for interlocutory review.  *See Clark-Dietz*, 702 F.2d at 69 (finding that appellant had not pointed out any issues appropriate for interlocutory consideration, as questions appeared to be merely fact review questions); *Link v. Mercedes-Benz of N. Am., Inc.*, 550 F.2d 860, 863 (3d Cir. 1977) (holding that section permitting interlocutory review "is not designed for review of factual matters but addresses itself to a 'controlling questions of law'") (citation omitted).

Moreover, the PSC's argument ignores the Court's legal determination that the FTCA's statute of limitations is jurisdictional and not subject to equitable tolling – as the Court mentioned in the very footnote that the PSC cites. *See* 2009 WL 2599195, at *3 n.4. Therefore, regardless of who made the statement or whether Alexander reasonably relied upon the statement, the statement could not extend the FTCA's statute of limitations because the period is not subject to equitable tolling. *Id.* at *3 n.4. The PSC has failed to cite any precedential case law that conflicts with this Court's legal determination. The Court relied upon the recent cases of *John R. Sand & Gravel Co. v. United States*, 128 S.Ct. 750, 753 (2008) (holding that because a limitations provision  (28 U.S.C. § 2501) was jurisdictional it was not subject to waiver or equitable tolling), and *Marley v. United States*, 567 F.3d 1030, 1035-37 (9th Cir. 2009) (holding that the FTCA's statute of limitations is jurisdictional and not subject to equitable tolling), *petition for cert. filed*, 2009 WL 2864363 (U.S. Aug. 31, 2009) (No. 92-212). *See* 2009 WL 2599195, at *1 n.1 & 3 n.4. The cases that the PSC cites (PSC Br. at 5) preceded these decisions (one by over thirty years), were from outside of the Fifth Circuit, and do not represent a conflict justifying interlocutory review. Thus, the PSC has not shown that there is a substantial ground for difference of opinion within the Fifth Circuit in regards to the Court's Order as required under § 1292(b). *See Clark-Dietz.,* 702 F.2d at 69.

Second, the PSC argues that the Court erred in finding that "minor physical sensations," when experienced contemporaneously with detection of a chemical odor, were sufficient for accrual of the FTCA's statute of limitations. (PSC Br. at 7). The PSC notes that Alexander and Cooper moved into their unit on May 26, 2006, and therefore the administrative claim, filed on July 10, 2008, was only six weeks after the Court's deadline. (PSC Br. at 7-8). Given that time

line, the PSC argues that the accrual date should have been "determined with reasonable

precision and accuracy." (PSC Br. at 8). The PSC contends that sensations such as "sneezing,"

"itchy eyes," and a "burning sensation in their noses," would not rise to the level of "harm" as

articulated in *Kubrick*, 444 U.S. at 120, for accrual of the statutory period. (PSC Br. at 8). The

PSC concludes that such sensations would not have led a reasonable person to conclude he was

"injured" or "harmed." (PSC Br. at 8). While the PSC acknowledges that this is a factual issue

(PSC Br. at 8), the PSC does not recite the full extent of the facts articulated by the Court. The

Court found that Alexander and Cooper began experiencing the sensations "from the very first

day they moved into the" unit. 2009 WL 2599195, at *1. The Court also noted that physical

symptoms were worse during the first two months that Alexander and Cooper lived in the unit,

and that Cooper had to increase his use of an inhaler during this time. *Id.* Again, as a factual

issue, whether a reasonable person would have appreciated injury or harm is not appropriate for

interlocutory review. *Clark-Dietz*, 702 F.2d at 69; *Link*, 550 F.2d at 863. The PSC does not

dispute the Court's ***legal conclusion*** that the FTCA's statute of limitations hinges on notice, and,

therefore, it was unnecessary for a plaintiff to be aware of, or have suffered, the full extent of his

injuries for the limitations period to begin to run. 2009 WL 2599195, at *3. Given that Cooper

and Alexander experienced physical effects that they related to the trailer, the Court found that

they were on sufficient notice to start the FTCA's statute of limitations. *Id.* at *2-3. The PSC

has failed to cite any cases articulating a different standard of injury or harm sufficient to put a

plaintiff on inquiry notice. Therefore, the PSC has failed to show a controlling question of law

on which there is a substantial ground for difference of opinion.

   Finally, the PSC contends that appellate review of the Court's Order will accelerate the

conclusion of the FTCA litigation, because "thousands of FTCA claims await disposition through motions and on the merits," and based upon the appropriate legal standard "thousands of FTCA claims in this matter may either be considered timely or not." (PSC Br. at 10). Other than the unsubstantiated statment that "thousands" of FTCA claims may be affected, the PSC has made no showing how an appellate ruling in this case would materially advance the ultimate termination of the litigation. Undoubtedly, the particular factual circumstances and legal implications of a statement made to Ms. Alexander, and her reliance upon it, will likely have little impact beyond Christopher Cooper's claims. The PSC has made no representation that similar statements were made to other FTCA claimants who likewise delayed in filing their administrative claims. Such statements would be immaterial in any case since the FTCA's jurisdictional requirements may not be equitably tolled. *See John R. Sand & Gravel Co.*, 128 S.Ct. at 753; *Marley*, 567 F.3d at 1035-37. With respect to whether experiencing certain sensations and symptoms and relating them to the trailer is sufficient to put a person on notice to file a claim within two years, the PSC has made no representation regarding how many FTCA claimants experienced similar sensations and symptoms which they related to their trailer yet failed to file an administrative claim within two years of that time.

Because the PSC has failed to meet the criteria for showing exceptional circumstances for interlocutory review of the Court's August 21, 2009 Order, the Court should deny the motion.

## II. The PSC Has Failed To Show A Danger Of Hardship Or Injustice From Delay For Fed. R. Civ. P. 54(b) Certification.

In the alternative to interlocutory review under 28 U.S.C. § 1292(b), the PSC has filed a motion for entry of judgment under Fed. R. Civ. P. 54(b). The PSC notes that now that the claim of Alana Alexander has been dismissed, "there is an important question of law underlying the

Court's dismissal of Christopher Cooper's FTCA claims, and immediate review and clarification as to the ruling will materially advance the conclusion of these proceedings."  (PSC Br. at 2). The PSC by reference "reiterates and incorporates . . . all arguments set forth in support of the motion for an interlocutory appeal."  (PSC Br. at 2).  The PSC, however, has completely failed to provide the critical element for certification, a showing that they will suffer a danger of hardship or injustice that outweighs the usual presumption against certification.

        The Court's dismissal of Christopher Cooper's claim was based on well-settled law on the FTCA's statute of limitations, which holds that the limitations period begins to run when a reasonable person is on notice that he has suffered an injury and knows of a potential cause of the injury.  We have described above, in relation to the PSC's request for interlocutory appeal, why the PSC's disagreement with the decision is primarily factual and is not based upon a substantial conflict on a controlling legal issue.  Additionally, the PSC has completely failed to demonstrate how an appeal of this Order would affect the course of the larger litigation.  The PSC's unsupported assertion that appeal "will materially advance the conclusion of these proceedings" (Pl. Br. at 2) is insufficient.  Rather, the PSC must show that there is distinct hardship or injustice that warrants immediate appeal in this case.  Where a party has failed to provide support for a conclusion that there is no just reason for delay or has failed to articulate any danger of hardship or injustice that would be alleviated through the entry of a final judgment, the Court should deny the motion for certification under Fed. R. Civ. P. 54(b).  *See*, *e.g.*, *Reph v. Hubbard*, Civil Action No. 07-7119, 2009 WL 1158939, at *1 (E.D. La. April 28, 2009); *Chance v. Designer Wardrobe Trailers, Inc.*, Civil Action No. 07-9427, 2009 WL 210508, at *1 (E.D. La. Jan. 27, 2009).

Finally, the interests of judicial economy are not well served through Rule 54(b) certification of the August 21, 2009 Order because the case will likely be finally decided with respect to all claims and all parties in a few weeks at the conclusion of the trial of the claims of Cooper and Alexander against the private defendants.  On August 11, 2009, this Court severed the claims of Cooper and Alexander from the claims of other plaintiffs in the Complaint, *Age, et al. v. Gulf Stream Coach, Inc. et al.*, Member Case No. 09-2892 [Rec. No. 2605].  Thus, once the jury renders a verdict in on the claims of Cooper and Alexander against private defendants and the Court enters judgment, all claims of Alexander and Cooper, including the FTCA claims, will likely be appealable under 28 U.S.C. § 1291 and Fed. R. Civ. P. 54.  Consequently, any delay from a failure to render a Fed. R. Civ. P. 54(b) judgment at this time will be minimal.

Because the PSC has failed to show a danger of hardship or injustice from delay, the Court should deny the motion for Rule 54(b) certification.

## **CONCLUSION**

For all of the foregoing reasons, the Court should dismiss the claims of Christopher Cooper for lack of subject matter jurisdiction.

Dated: September 14, 2009                         Respectfully Submitted,

TONY WEST                                                    HENRY T. MILLER
Assistant Attorney General, Civil Division    Senior Trial Counsel

J. PATRICK GLYNN                                       ADAM DINNELL
Director, Torts Branch, Civil Division          MICHELLE BOYLE
                                                                       MICHELE GREIF
DAVID S. FISHBACK                                    JONATHAN WALDRON
Assistant Director                                         Trial Attorneys

OF COUNSEL:                                   //S// *Adam Bain*_____
JORDAN FRIED                                  ADAM BAIN (IN Bar No. 11134-49)
Associate Chief Counsel                       Senior Trial Counsel
                                              United States Department of Justice
JANICE WILLIAMS-JONES                         Civil Division – Torts Branch
Trial Attorney                                     P.O. Box 340, Ben Franklin Station
FEMA/DHS                                      Washington, D.C. 20004
Department of Homeland Security               Telephone No: (202) 616-4209
Washington, D.C. 20472                        E-mail: adam.bain@usdoj.gov

                                              Attorneys for the United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2009, the foregoing document was filed via the

U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon

Liaison Counsel.

*//S// Adam Bain*

Adam Bain (IN Bar No. 11134-49)
