UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|     FORMALDEHYDE | * | |
|     PRODUCTS LIABILITY | * | |
|     LITIGATION | * | SECTION: N(5) |
| | * | |
| This Document Relates to: *Charlie Age, et al. v.* | * | JUDGE: ENGELHARDT |
| *Gulf Stream Coach Inc., et al*, Docket No. 09-2892 | * | |
| | * | MAG: CHASEZ |

*****************************************************************************

## REPLY TO OPPOSITION TO GULF STREAM COACH, INC.'S MOTION IN LIMINE TO LIMIT OPINIONS AND TESTIMONY OF ALEXIS MALLET BASED UPON THERMOGRAPHIC IMAGING

Gulf Stream Coach, Inc. ("Gulf Stream") hereby files this Opposition to Plaintiff's Motion in Limine as it pertains to the opinions of Alexis Mallet based on thermagraphic imaging. (Rec. Doc. 3262). First, there is no federal court rule that prevents a party from asserting an argument in a Motion in Limine if that party failed to raise that argument at a telephonic hearing on a related, but different, matter. Also, the opinions of Mr. Mallet are buried on p. 66 of his 101-page opinion. Once the judge's ruling came out, Gulf Stream again reviewed Mr. Mallet's opinions in order to understand how they might be affected by the Judge's prior ruling. When Gulf Stream found the language on p. 66—67, it understood that the thermagraphic survey took place during the air and duct leakage tests. Thus, Gulf Stream brought this argument to the Court's attention. Nothing about Gulf Stream's failure to address the issue at the hearing means that Gulf Stream can no longer assert the argument.

Second, as to the merits of the argument, it is critical to note that the Plaintiff admits that Mr. Mallet took his thermagraphic survey once the duct blaster and blower door tests had commenced – and, therefore, <u>after</u> the conditions in the trailer were changed and manipulated by these tests. Though Mr. Mallet may have performed his survey when the testing equipment was

stopped, the testing had altered the circumstances, as this Court has already noted. (Rec. Doc. 3054). Indeed, the testing created enough negative pressurization in the trailer so as to simulate the pressure that would occur when the trailer was exposed to winds of 20 m.p.h. Clearly, the thermagraphic imaging captured the trailer not as it was under normal circumstances, but as it was after the testing had manipulated the trailer conditions. Lagrange's report demonstrates how much the normal conditions were manipulated. Figure 3.0 in that report shows the indoor and outdoor temperatures and relative humidity before, during, and after testing. Prior to testing, indoor temperature was reported at 78.4 degrees Fahrenheit with 42% relative humidity. But, after testing has ceased, the relative humidity inside of the trailer increased by 30%, to a reported 70% relative humidity inside of the trailer. This is true in spite of the fact that the reported outside relative humidity had actually declined. This illustrates that the thermagraphic imaging was conducted after normal conditions had been severely manipulated. Relative humidity inside of the EHU was **30%** more after the duct blaster and blower door tests had been conducted.

      Moreover, in order to defeat Gulf Stream's motion, the Plaintiff evidently believes she can simply reject the Mallet report's explanation of his thermagraphic survey through an affidavit Mr. Mallet signed two days ago. This affidavit completely contradicts Mr. Mallet's original affidavit, which was attached to Gulf Stream's Motion in Limine as Exhibit B. The original affidavit states that Mr. Mallet took images **during** air and duct leakage tests, not while the equipment was stopped. The Plaintiff should not be allowed to correct unfavorable information with a completely contradictory affidavit from the same person. This is tantamount to an affidavit that would contradict sworn deposition testimony, which the Court is well aware is impermissible. Mr. Mallet's report is precise and unambiguous, so there is no reason to allow

an after-the-fact affidavit to correct its impact. Gulf Stream asserts that the thermagraphic survey amounts to testing, and as such, should be excluded according to the Court's prior order.

Respectfully Submitted:

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK #18495
JOSEPH G. GLASS #25397**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON
Timothy D. Scandurro #18424
Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

# C E R T I F I C A T E

I hereby certify that on the 14th day of August, 2009, a copy of the foregoing Reply to Opposition to *Motion In Limine* to Limit Opinions and Testimony of Alexis Mallet Based Upon Thermagraphic Imaging was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

s/Andrew D. Weinstock
ANDREW D. WEINSTOCK #18495
andreww@duplass.com