UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL NO. 1873

SECTION "N-5"

JUDGE ENGELHARDT
MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:

CIVIL CASE NOS. 09-5328, 09-5327, 09-5326,
09-5330, 09-5329, 09-5333, 09-5331, 09-5332,
09-5334, 09-5335, 09-5325

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

PLAINTIFFS' MEMORANDUM IN SUPPORT OF
EX PARTE MOTION FOR EXTENSION OF TIME
TO COMPLY WITH PRETRIAL ORDER 40

**NOW INTO COURT,** through undersigned counsel, come Plaintiffs who respectfully submit to this Honorable Court a Motion for an Extension of Time to comply with the deadlines in Pretrial Order 40. Pretrial Order ("PTO") 40 requires all unmatched plaintiffs to be matched with a specific manufacturing defendant within forty-five days of the date of the filing of the complaint. This deadline is subject to extension for good cause shown. The end of the deadline is drawing close and plaintiffs are not in possession of sufficient matching information to allow for the completion of the matching process.  Despite requests for matching information from the

1

Federal Government for nearly three thousand individual plaintiffs, only minimal information was produced by the Federal Government, and that production come only a few days from the matching deadline. Further, there is some question as to the accuracy of the FEMA records based upon the undersigned's ongoing efforts to match plaintiffs internally. For the reasons set forth below, the plaintiffs respectfully request that this Court grant an additional forty five days in which to receive and process the additional matching information as it becomes available from the Federal Government.

On August 3, 2009, Plaintiff's counsel filed thirteen complaints encompassing 2,827 Plaintiffs in the Middle, Western and Easter Districts of Louisiana. Pursuant to Pre-Trial Order 40, this Court has allowed forty five days for the Plaintiffs to provide any additional matching information for unmatched manufacturers. Within one week of filing the complaints, the Plaintiffs requested the matching information from FEMA. The Court provided the Federal Government with thirty-three days to provide the plaintiffs with the requested matching information, making their deadline to provide the information September 14, 2009. Further, the undersigned has undertaken significant efforts to match plaintiffs internally as well. On September 10, 2009, the undersigned received a partial list of 401 matches from FEMA. However, the information provided by FEMA contradicts in a number of instances with the information gathered internally. The Plaintiffs hoped the Federal Government would provide complete and accurate matching information in a timely fashion so they could amend their complaints to reflect the new information. However, to date, the Government only provided matching information on 14% of the unmatched plaintiffs, and the accuracy of that 14% is uncertain. The Plaintiff's only have until September 17, 2009 to amend all the unmatched complaints and since the Plaintiffs still do not have the requested information on several

thousand unmatched plaintiffs, it will be nearly impossible for them to process and amend all of their unmatched claims in such a short period of time.

In the interest of fairness to their clients, Plaintiff's Counsel requests an additional forty five days to amend Plaintiff's claims. Without an extension, many of these Plaintiffs claims will be involuntarily dismissed. Plaintiff's Counsel has worked diligently to try and get the matching information from the Federal Government, but with such a short turnaround time for a large number of Plaintiffs and without over 85% of the requested information thus far, it will be impossible to meet the forty-five day deadline.

Further, it is a fundamental requirement in this MDL litigation that all plaintiffs match their claim to a specific trailer manufacturer and contractor/installer. This Court has repeatedly emphasized the desirability of plaintiffs obtaining the necessary matching information before filing a lawsuit. The Court's emphasis on matching is understandable inasmuch as chaos and disorganization likely would reign if most, or even a significant percentage, of complaints in this matter were of non-matching variety and it is for this reason the plaintiffs request additional time to fulfill the matching criteria.

WHEREFORE, the Plaintiffs respectfully pray that this Court grant their Ex Parte Motion for Extension of time and provide the Plaintiffs with an additional forty five days to amend their complaints with the matching information.

RESPECTFULLY SUBMITTED:

**FRANK J. D'AMICO, JR., APLC**

BY: s/Frank J. D'Amico
FRANK J. D'AMICO, JR., T.A. (#17519)
AARON Z. AHLQUIST (#29063)
**FRANK J. D'AMICO, JR., APLC**
622 Baronne Street
New Orleans, LA 70113
Telephone:   (504) 525-7272
Fax:              (504) 525-9522

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

s/Frank J. D'Amico
FRANK J. D'AMICO, #17519