UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER  MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION

SECTION "N"  (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-2892

## **RULINGS ON OBJECTIONS ON DEPOSITION TESTIMONY[1] AT TRIAL**

Pursuant to the Court's previous Order, various deposition transcripts have been provided to the Court of witnesses whose testimony will be presented to the jury by way of those transcripts, in lieu of live appearance. To the extent that the submitted transcripts have objections by counsel on the selected portions for trial, the Court has also obtained from counsel their respective positions regarding such objections. With regard to the witnesses listed below, these objections are resolved as follows: **to the extent that the Court makes no mention of an objection in this Order, such objection is hereby OVERRULED**. As for each other objection, the following are **SUSTAINED**:[2]

---

[1] This Order pertains to the following witnesses: Daniel Shea (June 1, 2009) and Joseph Little (July 23, 2009)

[2] When the Court sustains an objection, counsel presenting such testimony shall be responsible for editing the witness' videotape testimony accordingly.

1

**I.      Testimony of Daniel Shea (June 1, 2009)**

Page 64, Lines 2-4 – Sustained. The Court previously ruled with regard to testimony presented before Congress, which previous ruling and instruction to counsel is incorporated herein by reference.

Page 83, Lines 2-8 – Sustained. Cumulative. Should be deleted, along with the first sentence in Line 21 of Page 83.

Page 88, Lines 19-25 – Sustained. In addition to being a subsequent remedial measure (as it pertains to new units released into commerce), the relevant fact regarding this passage of testimony is with regard to what warning, if any, was provided with the unit in question in this litigation, all of which is covered on Lines 4-18 of Page 88.

Page 113, Lines 8-10 – Sustained. Calls for speculation.

Page 114, Line 17 - Page 116, Line 2 – Sustained. Calls for speculation.

Page 132, Lines 17-18 – Sustained. Delete comment and response.

Page 138, Line 18 - Page 139, Line 3 – Sustained. Cumulative and repetitive.

Page 146, Lines 1-19 – Sustained. Irrelevant.

Page 147, Lines 9-19 – Sustained. Irrelevant.

Page 151, Lines 3-10 – Sustained. The question calls for the witness to anticipate the personal physical reaction of a hypothetical person or persons. Moreover, it is speculative, unless this witness actually occupied a trailer as a purchaser/FEMA trailer recipient, which is not the case.

Page 162, Line 21 - Page 164, Line 20 – Sustained. Argumentative and cumulative.

Page 165, Lines 24-25 – Sustained. Colloquy should be deleted.

Page 166, Lines 10-18 – Sustained. Cumulative and repetitive.

Page 168, Line 15 - Page 170, Line 13 – Sustained. This testimony apparently relates to a contract to test units in Mississippi, and is not relevant. Moreover, later testimony indicates that Gulf Stream was not made aware of any such test results by FEMA. See Page 171, Lines 11-14.

Page 171, Line 11 - Page 172, Line 5 (first line) – Sustained. This testimony apparently relates to a contract to test units in Mississippi, and is not relevant. Moreover, later testimony indicates that Gulf Stream was not made aware of any such test results by FEMA. See Page 171, Lines 11-14.

It is not clear that the testimony following on Page 172 and thereafter relates to other FEMA testing, or the Mississippi testing. If it relates to the Mississippi testing, the objection is sustained; if not, but rather relates to other FEMA testing of Gulf Stream units, the objection is overruled. This testimony extends up through Page 175.

Page 215, Line 6 - Page 217, Line 13 – Refer to statements made in a report from a Congressional committee, which the Court has ruled is not admissible.

Page 295, Lines 5-15 – Sustained. Cumulative, and merely questions the witness regarding the testimony of another witness.

Page 300, Line 11 - Page 301, Line 9 – Sustained. Cumulative, and merely questions the witness regarding the testimony of another witness.

Page 303, Line 24 - Page 304, Line 8 – Sustained. Argumentative.

**II.     Testimony of Joseph Little (July 23, 2009)**

Page 113, Line 14 - Page 114, Line 11 – It is not clear to the undersigned that these opinions were offered pre-trial in an expert report.  If not, and they also were not offered contemporaneously during the time frame of the underlying events, they are inadmissible, for the same reasons that Dr. DeRosa's late-offered opinions were excluded.  This ruling would also apply to other objections noted on Pages 114, 119, 123, 127, 129, 130, and 131.  Counsel are instructed to confer with the Court with regard to the undersigned's uncertainty concerning these objections, prior to editing the videotape.  In other words, it is not clear to the Court that this witness is testifying as a fact witness, an "unhired expert."  He may offer factual testimony about contemporaneous events in which he was involved, and the report he authored or utilized during that time frame.  He may not offer new opinions elicited solely for the sake of this litigation that were not previously part of a report exchanged amongst counsel.

Page 116, Lines 3-9 – Sustained.  Calls for speculation and lack of foundation.

New Orleans, Louisiana, this 16th day of September, 2009.

                                      **KURT D. ENGELHARDT**
                                      **United States District Court**