UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | § | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | § | SECTION "N" (4) |
| LIABILITY LITIGATION | § | |
| | § | JUDGE ENGELHARDT |
| | § | MAG. JUDGE CHASEZ |

**This Document relates to:**
*ALL CASES*

---

### JAYCO, INC.'S UNIVERSAL LIST OF DEFENSES AND MOTIONS TO BE PRESERVED

Pursuant to Pretrial Order No. 44 (Rec. Doc. No. 2759), Defendant Jayco, Inc. submits the following list of defenses and/or motions to be preserved in all underlying actions currently pending or to be filed in the above captioned multidistrict litigation proceeding.

Jayco, Inc. lists the following motions to be preserved:

(1)   Rule 12(b)(1):  Lack of subject matter jurisdiction over claims;

(2)   Rule 12(b)(3):  Improper venue;

(3)   Rule 12(b)(4),(5): Insufficient process and insufficiency of service of process;

(4)  Rule 12(b)(6):  Failure to state a claim under the Louisiana Products Liability Act;

(5)  Rule 12(b)(6):  Failure to state a claim for negligence, negligence per se, gross negligence, recklessness and willfulness or strict liability in tort under Louisiana law.

(6)  Rule 12(b)(6):  Failure to state a claim for breach of express warranty because those claims are not available to plaintiff, and to the extent that they are available, they are precluded by the Louisiana Products Liability Act;

(7)  Rule 12(b)(6):  Failure to state a claim for redhibition/implied warranty) because plaintiff has not alleged the elements of these claims, including the lack of a sale and privity with Jayco, Inc.;

(8)  Rule 12(b)(6):  Failure to state a claim for medical monitoring damages under Louisiana law because plaintiff has not alleged the elements of this recovery, including the failure to allege a present and manifest injury;

(9)  Rule 12(b)(6): Failure to state a claim for punitive damages under Louisiana law;

(10)  Rule 12(b)(6):  Failure to state a claim for attorney's fees under Louisiana law;

(11)  Rule 12(b)(6):  Failure to state a claim under the Mississippi Product Liability Act, Miss. Code Ann. §11-1-63, *et seq.*;

(12)  Rule 12(b)(6):  Failure to state a claim for negligence and/or strict liability under Mississippi law;

(13)  Rule 12(b)(6):  Failure to state a claim for breach of express warranty under Mississippi law;

(14)   Rule 12(b)(6):  Failure to state a claim for breach of implied warranty under Mississippi law;

(15)  Rule 12(b)(6):  Failure to state a claim for medical monitoring under Mississippi law because plaintiff has not alleged the elements of this recovery, including the failure to allege a present and manifest injury;

(16)  Rule 12(b)(6):  Failure to state a claim for punitive and/or exemplary damages under Mississippi law, including such damages under Miss. Code Ann. §11-1-65;

(17)   Rule 12(b)(6):  Failure to state a claim under the Alabama Extended Manufacturer's Liability Doctrine, Code of Ala., §6-5-521;

(18)   Rule 12(b)(6):  Failure to state a claim for breach of express warranty under Alabama law;

(19)   Rule 12(b)(6):  Failure to state a claim for breach of implied warranty under Alabama law;

(20)   Rule 12(b)(6):  Failure to state a claim for medical monitoring under Alabama law;

(21)   Rule 12(b)(6):  Failure to state a claim for punitive and/or exemplary damages, including such damages under Code of Ala. §6-11-23;

(22)   Rule 12(b)(6):  Failure to state a claim for medical monitoring under Alabama law because plaintiff has not alleged the elements of this recovery, including the failure to allege a present and manifest injury;

(23)   Rule 12(b)(6):  Failure to state a claim under the Texas Products Liability Act, Tex. Civ. Pract. & Rem.Code Ann. § 82.002, et seq.;

(24)   Rule 12(b)(6):  Failure to state a claim for breach of express warranty under Texas law;

(25)   Rule 12(b)(6):  Failure to state a claim for breach of implied warranty under Texas law;

(26)   Rule 12(b)(6):  Failure to state a claim for medical monitoring under Texas law;

(27)   Rule 12(b)(6):  Failure to state a claim for punitive and/or exemplary damages under Texas law;

(28)   Rule 12(b)(6):  Failure to state a claim because plaintiff failed to make any particularized allegations regarding her injuries and damages, and failed to make any particularized allegations connecting the plaintiff to conduct by any particular defendant;

(29)   Rule 12(b)(6):  Failure to state a claim for injunctive relief;

(30)   Rule 12(b)(6):  Failure to state a claim for class action relief/status;

(31)   Rule 12(b)(6):  Failure to state a claim because plaintiff's claims are barred by the applicable prescriptive periods, statutes of limitations periods and/or statutes of repose periods;

(32)  Rule 12(b)(6):  Failure to state a claim for joint, several and/or solidary liability among the defendants;

(33)  Rule 12(b)(6):  Failure to state a claim for loss of consortium and/or society.

(34)  Rule 12(e):  Motion for more definite statement of the complaint based on plaintiff's failure to make particularized allegations about their injuries and damages and failure to make any particularized allegations about any particular defendant's alleged conduct;

(35)  Rule 12 (b)(6): Failure to state a claim upon which relief can be granted to the extent that any of the plaintiffs' claims are barred by the exclusivity provisions of the Louisiana Products Liability Act;

(36)  Rule 12(b)(6): Failure to state a claim upon which relief can be granted inasmuch as the plaintiffs' claims are duplicative to the extent it is established that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit;

(37)  Rule 21:  Improper joinder:  Failure to satisfy requirements for joinder of parties under FRCP 19 and 20;

(38)  Rule 9(b):  Failure to plead fraud and misrepresentations with particularity; and

(39)   Rule 23:  Failure to allege/demonstrate elements for class action

In addition, Jayco, Inc. asserts and preserves the following affirmative defenses:

Affirmative Defense 1:   Jayco, Inc. affirmatively alleges that plaintiffs have not stated a claim upon which relief can be granted.

Affirmative Defense 2:    Jayco, Inc. affirmatively alleges that plaintiffs' claims may be barred by the applicable prescriptive periods, statutes of limitations periods and/or statutes of repose.

Affirmative Defense 3:   Jayco, Inc. affirmatively alleges that plaintiffs may fail to mitigate their damages as required by law.

<u>Affirmative Defense 4</u>:   Jayco, Inc. affirmatively alleges that plaintiffs' claims may be barred in whole or in part by assumption of the risk, contributory negligence and/or comparative negligence.

<u>Affirmative Defense 5:</u>   Jayco, Inc. affirmatively alleges that plaintiffs' claims may be barred by a lack of reliance.

<u>Affirmative Defense 6:</u>   Jayco, Inc. affirmatively alleges that plaintiffs' claims may be barred by lack of causation, including lack of proximate cause.

<u>Affirmative Defense 7:</u>   Jayco, Inc. affirmatively alleges that plaintiffs' damages may have been caused in whole or in part by product alteration, product abuse, product modification or product neglect.

<u>Affirmative Defense 8:</u>   Jayco, Inc. affirmatively alleges that plaintiffs' claims may be barred in whole or in part by waiver, estoppel and/or laches.

<u>Affirmative Defense 9:</u>   Jayco, Inc. affirmatively alleges that plaintiffs' claims may be barred because plaintiffs may have had knowledge of the allegedly dangerous condition of the trailers and deliberately and voluntarily exposed themselves to the allegedly dangerous condition of the trailers in spite of that knowledge.

<u>Affirmative Defense 10:</u>   Jayco, Inc. affirmatively alleges that plaintiffs may not be entitled to recovery because Jayco, Inc. did not know and/or could not reasonably have known under the then-existing technology about the allegedly dangerous characteristics of the plaintiffs' trailers.

<u>Affirmative Defense 11:</u>   Jayco, Inc. affirmatively alleges that plaintiffs may not be entitled to recovery because Jayco, Inc. did not know and/or could not reasonably have known under the then-existing technology about any alternative design to that used in the trailers at issue.

Affirmative Defense 12:   Jayco, Inc. affirmatively alleges that plaintiffs may not be entitled to recovery because any alternative designs to that used in the trailers at issue were not feasible.

WHEREFORE, PREMISES CONSIDERED, Defendant, Jayco, Inc., prays that the objections and defenses described above be preserved if any suit is remanded. Jayco, Inc. requests the right to brief any Rule 12(b) motion in full and requests the right to oral argument on the merits of any such motion.

Defendant, Jayco, Inc., reserves the right to amend or supplement these defenses and to file appropriate pleadings as well as dispositive and other motions in all cases in which it has been or will be named and properly served.

Respectfully submitted,

**WILLINGHAM, FULTZ & COUGILL LLP**

By: *Thomas L. Cougill*
THOMAS L. COUGILL
Texas State Bar No. 04877300
Louisiana State Bar No. 31112
R. MARK WILLINGHAM
Texas State Bar No. 21641500
JEFFREY P. FULTZ
Texas State Bar No. 00790728
Mississippi Bar No. 101058
Niels Esperson Building
808 Travis Street, Suite 1608
Houston, Texas 77002
(713) 333-7600 – Telephone
(713) 333-7601 – Facsimile
**Attorneys for Jayco, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system. Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system. I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the 16th day of September, 2009.

*Thomas L. Cougill*
THOMAS L. COUGILL