UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE<br>PRODUCTS LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N(5)<br>JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO:<br><br>    All Cases | MAGISTRATE CHASEZ |

**PRESERVATION OF MOTIONS AND DEFENSES
BY AMERICAN INTERNATIONAL GROUP, INC.; AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY; THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; LEXINGTON INSURANCE COMPANY; and STARR EXCESS LIABILITY INSURANCE COMPANY, LTD.**

The following entities have been named defendant in one or more of the cases consolidated and presently pending in this MDL proceeding:

American International Group, Inc.

    (sometimes improperly named "American International Group" or "AIG, Inc.");

American International Specialty Lines Insurance Company

    (sometimes improperly named "American International Specialty Lines" or "International Specialty Lines")

The Insurance Company of the State of Pennsylvania;

National Union Fire Insurance Company of Pittsburgh, Pa;

Lexington Insurance Company; and

Starr Excess Liability Insurance Company, Ltd.

The foregoing entities ("Alleged Insurers"), through undersigned counsel, pursuant to Pretrial Order No. 44 (Rec. Doc. 2759), and with full reservation of all rights and defenses, submit herewith for preservation the following list of defenses and motions under Rule 12 of the Federal Rules of Civil Procedure in all cases presently pending and consolidated in the captioned MDL proceeding and in all cases that may hereafter be filed or consolidated into the said MDL proceeding. Such cases presently consolidated and pending within this MDL proceeding and those that may hereafter be filed or consolidated into this MDL proceeding are collectively referred to in this pleading as the "consolidated cases".

Alleged Insurers reserve the right to amend or supplement this list of Rule 12 defenses and motions and to file, submit and/or maintain any other appropriate pleadings, motions or defenses in the captioned MDL proceeding and/or in any of the consolidated cases.

Preserved defenses under Rule 12(b)(6):
Failure to state a claim upon which relief can be granted, for any one or more of the following reasons:

1. American International Group, Inc. (sometimes improperly named "American International Group" or "AIG, Inc." and hereinafter referred to as "AIG") is not an insurance company; it is a holding company. The said holding company does not write insurance for or issue insurance policies to anyone, does not insure any entity named a defendant herein or any other entity, and is not a proper defendant under the Louisiana Direct Action Statute, LSA-R.S. 22:1269 ("the LADAS").

**Preservation of Motions and Defenses by American
International Group, Inc.; American International Specialty
Lines Insurance Company; the Insurance Company of the
State of Pennsylvania; National Union Fire Insurance Company
of Pittsburgh, Pa; Lexington Insurance Company; and
Starr Excess Liability Insurance Company, Ltd.**                                     Page 2

2.  AIG is not a manufacturer of any "travel trailer," "park model," "mobile home," "residence," "housing unit," "temporary housing unit," "Emergency Housing Unit" or "EHU," or other housing or temporary housing unit, vehicle, home, trailer, or structure (hereinafter collectively referred to as "FEMA trailer") or of any other product. AIG does not manufacture, sell, transport or install materials used in or components of FEMA trailers or provide services related to FEMA trailers such as the transportation, delivery, siting, set-up, testing, inspection, repair, maintenance, refurbishment, restoration, or certification of FEMA trailers or any of their components or materials. AIG does not provide medical services, medical monitoring services or environmental testing services related to FEMA trailers, their components, or their occupants. Therefore, there can be no claim against AIG grounded in the tort law of Louisiana or under the Louisiana Product Liability Act, LSA-R.S. 9:2800.51, et seq. ("the LPLA") or under the tort or product liability laws of any other state arising from any of the factual allegations in the consolidated cases.

3.  To the extent that complaints in the consolidated cases fail to identify the particular defendant or defendants against which any particular plaintiff seeks recovery; fail to identify any particular defendant as being insured by any particular insurer or Alleged Insurer; and/or fail to identify those insurers or Alleged Insurers against which individual plaintiffs are making claim under the LADAS.

4.  To the extent that any Alleged Insurer has never issued any policy of insurance to a particular party defendant against which recovery is sought.

5.  To the extent that plaintiffs fail to allege facts sufficient to support any direct action against any Alleged Insurer under the LADAS, or otherwise fail to comply with or meet the requirements of the LADAS. Without limiting the foregoing, Alleged Insurers specifically reserve the right to move for dismissal of claims of plaintiffs allegedly injured or damaged in states other than Louisiana wherein no statute

**Preservation of Motions and Defenses by American
International Group, Inc.; American International Specialty
Lines Insurance Company; the Insurance Company of the
State of Pennsylvania; National Union Fire Insurance Company
of Pittsburgh, Pa; Lexington Insurance Company; and
Starr Excess Liability Insurance Company, Ltd.                                      Page 3**

permits a direct action against the insurer of an allegedly liable entity.

6. To the extent that plaintiffs fail to allege facts sufficient to support any action against any Alleged Insurer under the LPLA and/or the product liability laws of any other state.

7. To the extent that plaintiffs fail to make any specific or substantive allegation against any Alleged Insurer.

8. Alleged Insurers are not designers, manufacturers or sellers of FEMA trailers or of any other product. Alleged Insurers do not design, manufacture, sell, transport, or install materials used in or components of FEMA trailers or provide services related to FEMA trailers such as the transportation, delivery, siting, set-up, testing, inspection, repair, maintenance, refurbishment, restoration, or certification of FEMA trailers or any of their components or materials. Alleged Insurers do not provide medical services, medical monitoring services or environmental testing services related to FEMA trailers, their components, or their occupants. Therefore, there can be no claim against any Alleged Insurer grounded in the tort law of Louisiana or under the LPLA or under the tort or product liability laws of any other state arising from any of the factual allegations in the consolidated cases.

9. To the extent that any Alleged Insurer has issued any policy of insurance to any entity against which any plaintiff in the consolidated cases is making claim, each such Alleged Insurer pleads the terms, conditions, exclusions and other provisions of each such insurance policy and reserves all rights and defenses thereunder.

10. To the extent that any Alleged Insurer has issued any policy of insurance to any entity against which any plaintiff in the consolidated cases is making claim, and to the extent not addressed in the preceding paragraph or by policy provisions adopted therein, each such Alleged Insurer reserves all additional coverage and/or policy application defenses, including, but not limited to: failure to pay premiums;

**Preservation of Motions and Defenses by American
International Group, Inc.; American International Specialty
Lines Insurance Company; the Insurance Company of the
State of Pennsylvania; National Union Fire Insurance Company
of Pittsburgh, Pa; Lexington Insurance Company; and
Starr Excess Liability Insurance Company, Ltd.** Page 4

exhaustion of available limits of coverage; failure to exhaust deductibles, self-insured retentions or retained amounts, or underlying or other insurance coverages or proceeds; failure to allocate claims or coverages amongst available insurers or policies; fraud, misrepresentation and/or bad faith; prematurity of claim; prescription or untimeliness of claim; non-compliance with policy terms, conditions and/or requirements; waiver of coverage; prejudice of an Alleged Insurer by action or inaction of insured; failure to report or advise an Alleged Insurer of claim; payment or settlement of claim without consent or approval of an Alleged Insurer; violation of law or regulation; and/or any other act, omission, event or circumstance that may vitiate, negate or reduce available coverage under any policy of insurance issued by any Alleged Insurer.

11. To the extent that any plaintiff has failed to state a claim upon which relief can be granted against any entity alleged to be an insured under any policy of insurance issued by any Alleged Insurer. In this respect, Alleged Insurers adopt the preservations of Rule 12 motions and defenses which have been filed herein by entities alleged to be insured by one or more of the Alleged Insurers. Alleged Insurers further adopt any and all substantive, procedural or other defenses (under the F.R.C.P. or other federal law and/or under the substantive or procedural laws of the court or state in which a plaintiff's lawsuit was originally filed prior to transfer into and consolidation under this MDL proceeding) which may be available to their alleged insureds, including, but not limited to, the defense that any plaintiff's claim is barred by prescription or statute of limitations.

12. To the extent that any injury or damage to any plaintiff in the consolidated cases is the result of the act, intentional act, omission, fault, negligence, strict liability, or other thing done or not done by persons or entities other than those insured by any Alleged Insurer.

13. To the extent of the contributory or comparative fault of persons or entities other than the alleged insureds of Alleged Insurers.

**Preservation of Motions and Defenses by American
International Group, Inc.; American International Specialty
Lines Insurance Company; the Insurance Company of the
State of Pennsylvania; National Union Fire Insurance Company
of Pittsburgh, Pa; Lexington Insurance Company; and
Starr Excess Liability Insurance Company, Ltd.**                                                            Page 5

14. To the extent that any of the affirmative defenses listed in Rule 8(c)(1), F.R.C.P. may apply. Alleged Insurers reserve the right to urge any and all appropriate procedural and affirmative defenses, including, but not limited to, all affirmative defenses listed in Rule 8(c)(1), F.R.C.P.

Preserved motions under Rule 12(e):

Alleged Insurers reserve the right to file motions for more definite statement in any of the consolidated cases. Many of the complaints in the consolidated cases fail to identify the particular defendant or defendants against which a particular plaintiff seeks recovery; fail to alleged that any particular defendant is insured by any particular insurer or Alleged Insurer; and fail to identify those insurers or Alleged Insurers against which individual plaintiffs are making claim. Further, plaintiffs fail to allege facts sufficient to support any direct action against any Alleged Insurer under LADAS.

Preserved motions under Rule 12(f):

Alleged Insurers reserve the right to file motions to strike, pursuant to Rule 12(f), should the content of any pleading filed herein require such a motion.

**Preservation of Motions and Defenses by American
International Group, Inc.; American International Specialty
Lines Insurance Company; the Insurance Company of the
State of Pennsylvania; National Union Fire Insurance Company
of Pittsburgh, Pa; Lexington Insurance Company; and
Starr Excess Liability Insurance Company, Ltd.**                                                                    **Page 6**

WHEREFORE, pursuant to Pretrial Order 44 (Rec. Doc. 2759), American International Group, Inc. (sometimes improperly named "American International Group" or "AIG, Inc."); American International Specialty Lines Insurance Company (sometimes improperly named "American International Specialty Lines" or "International Specialty Lines"); The Insurance Company of the State of Pennsylvania; National Union Fire Insurance Company of Pittsburgh, Pa; Lexington Insurance Company; and Starr Excess Liability Insurance Company, Ltd. pray that the Rule 12 defenses and motions listed above be preserved until further pleading is required by, and/or the claims and issues presented in the consolidated cases and in the captioned MDL proceeding are further resolved in accordance with, the Orders of this Honorable Court.

Respectfully submitted this 16th day of September, 2009.

*Charles E. Leche*

---

CHARLES E. LECHE (#8218), T. A.
Deutsch, Kerrigan & Stiles, L.L.P.
755 Magazine Street
New Orleans, Louisiana  70130
Telephone: (504) 581-5141
Direct line: (504) 593 0790
Fax: (504) 566 1201
E-mail: cleche@dkslaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was filed electronically using the ECF system on this 16th day of September, 2009.

*Charles E. Leche*

_____
CHARLES E. LECHE

#1242147v1<DKS> -090917. preserv Motns & Defns - final

**Preservation of Motions and Defenses by American
International Group, Inc.; American International Specialty
Lines Insurance Company; the Insurance Company of the
State of Pennsylvania; National Union Fire Insurance Company
of Pittsburgh, Pa; Lexington Insurance Company; and
Starr Excess Liability Insurance Company, Ltd.**                                   **Page 8**