UNITED STATE DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO: 1873 |
| | * | |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| | * | JUDGE ENGLEHARDT |
| THIS DOCUMENT APPLIES TO | * | |
| ALL CASES IN WHICH | * | MAGISTRATE JUDGE CHASEZ |
| SUPERIOR HOMES, LLC HAS OR WILL | * | |
| BE NAMED AS A DEFENDANT | * | |
| | * | |

*********************************************

**DEFENDANT'S, SUPERIOR HOMES, LLC, STATEMENT OF DEFENSES**

Defendant, **SUPERIOR HOMES, INC.,** through its undersigned counsel of record, respectfully submits this list of defenses pursuant to Pretrial Order 44, to be preserved in the following actions known to be pending in this multidistrict litigation, those not known and/or inadvertently omitted form the following list and those which may be subsequently filed.

*Michael Adams, et al. v. Alliance Homes, et al.,* USDC MDLA No.: 09-590;

*Dianne J. Adams, et al. v.Alliance Homes, et al.*, USDC EDLA No.: 09-4841;

*Alexander, et al. v. Allen Camper Manuf. Co., et al.*, USDC EDLA No.: 09-4868;

*Berry, et al. v. American Camper Manf. Co., et al.*, USDC EDLA No.: 09-5283;

1

*Brittany Nicole Annis, et al. v. Alliance Homes, et al.,* USDC MDLA No.: 09-539;

*Bolden, et al. v. Superior Homes, LLC et al.*, USDC EDLA No.: 09-4066;

*Lillie Boteler, et al. v. Alliance Homes, et al,* USDC SDMS No.: 09-160;

*Ryan Michael Bostic, et al v. Alliance Homes, et al*, USDC SDMS No.: 09-626;

*Angelina Buras, et al. v. Alliance Homes, et al.*, USDC WDLA No.: 09-1320;

*Anthony Carlo Cacioppo, et al. v. Alliance Homes, et al.*, USDC EDLA No.: 09-4840;

*Carbo, et al. v. Superior Homes, LLC, et al.*, USDC EDLA No.: 09-5292;

*Celestine, et al. v. American Camper Manuf. Co.*, *et al.*, USDC EDLA No.: 09-5284;

*Conerly, et al. v. Superior Homes, LLC, et al.*, USDC EDLA No.: 09-5642;

*Gloria Durham and Roger Durhan v. Alliance Homes, et al*, USDC WDLA No.: 09-1326;

*Steven Weyland Fincher, et al. v. Alliance Homes, et al.*, USDC SDAL No.: 09-497;

*Steven Weyland Fincher, et al. v. Alliance Homes, et al.*, USDC MDAL No.: 09-742;

*Christopher J. Gabourel, et al. v. Alliance Homes, et al.*, USDC EDLA No.: 09-4849;

*Francis Irwin Gras and John Jochum v. Alliance Homes, et al.,* USDC MDLA No.:09-1328;

*Jackie Johnsson, et al. v. Superior Homes, LLC, et al*, USDC SDMS No.: 09-556;

*Abdul Q. Khan, et al. v. Superior Homes, LLC, et al.*, USDC EDLA No..: 09-3717;

*Latapie, et al. v. Superior Homes, LLC, et al.*, USDC EDLA No.: 09-4902;

*Troy Mackles, et al v. Alliance Homes, et al.*, USDC EDLA No.: 09-4843;

*Glenda Massey et at v. Alliance Homes, et al.*, USDC WDLA No.: 09-1312;

*Mead, et al. v. Superior Homes, LLC, et al.*, USDC EDLA No.: 09-4601;

*Riley, et al. v. Alliance Homes, Inc., et al.*, USDC EDLA No.: 09-5443;

*Kevin Stephen Menard, et al v. Alliance Homes, et al.*, USDC MDAL No.: 09-743;

*Sally N. Pelas, et al v. Alliance Homes, et al.*, USDC SDMS No.: 09-486;

*Louis Rabalais, et al v. Alliance Homes, et al.*, USDC EDLA No.: 09-4845;

*Luis Rodriguez et al. v. Alliance Homes, et al.*, USDC NDAL No.: 09-1569;

*Donna Sander v. Superior Homes, et al.*, USDC EDLA No.: 09-4742;

*Jonathan L. Umehagen, et al v. Alliance Homes, et al.*, USDC EDLA, No.: 09-4844;

*Vadovsky, et al. v. Superior Homes, LLC, et al.*, USDC EDLA No.: 09-5724;

*Williams, et al. v. American Camper Manuf. Co., et al.*, USDC EDLA No.: 09-5285.

Superior Homes, LLC reserves the right to supplement and amend these defenses, to assert affirmative defenses and to file appropriate preliminary pleadings and dispositive and other motions in those previous listed cases in which it has been or will be named and properly served. Superior Homes, LLC has been named in these actions and provides the following defenses subject to the defenses of insufficient service of process, insufficient process, and lack of personal jurisdiction.

1. Plaintiffs fail to establish that the court has subject matter jurisdiction over their claims.

2. Plaintiffs have brought this action in a court of improper venue.

3. Plaintiffs lack standing.

4. Plaintiffs fail to state a claim upon which relief can be granted to the extent the Complaint fails to identify any particular plaintiff with a product manufactured by Defendant, Superior Homes, LLC.

5. Plaintiffs fail to state a claim upon which relief can be granted as plaintiffs have failed to make any particularized allegations regarding their injuries and damages, and failed to make any particularized allegations connecting any particular plaintiff

to conduct to any particular defendant.

6. Plaintiffs fail to state a claim upon which relief may be granted under the products liability laws of Alabama, Louisiana, Texas and/or Mississippi.

7. Plaintiffs fail to state a claim upon which relief can be granted inasmuch as plaintiffs' negligence, negligence per se, gross negligence, recklessness, failure to inspect, breach of implied warranty, and "failing to act in a prudent matter" claims are barred by the exclusivity provisions of the Louisiana Products Liabilities Act, LSA R.S. 9:2800.52 et seq and its Texas, Mississippi, and Alabama counterparts, if so applicable.

8. The claims against Superior Homes, LLC are barred by the applicable statutes or limitations, prescription and preemptive periods, and/or latches.

9. Plaintiffs fail to state a claim upon which relief can be granted because on the face of the pleadings it is clear that plaintiffs knew or should have known of their cause of action more than a year before the referenced action was filed, rendering all claims prescribed or beyond any applicable statute of limitations under Louisiana, Alabama, Mississippi and Texas laws. Plaintiffs are not entitled to claim any tolling of the applicable prescriptive and/or limitation period against defendant, Superior Homes, LLC during the pendency of the putative class action.

10. Plaintiffs have failed to state a claim upon which relief can be granted to the extent it is determined that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operating facts and circumstances, or transaction and occurrence made the subject of this lawsuit.

11. Each plaintiffs' negligence contributed to their alleged injury, thereby barring recovery in full or in part.

12. Plaintiffs fail to state a claim for medical monitoring damages because they have not alleged a specific or manifest injury.

13. Plaintiffs fail to state a claim for attorneys' fees and costs.

14. Plaintiffs fail to state a claim for punitive damages.

15. Plaintiffs fail to state a claim for property damages.

16. Plaintiffs fail to state a claim for injunctive relief.

17. Plaintiffs fail to state a claim for the imposition of strict liability against defendant.

18. Plaintiffs fail to state a claim upon which relief can be granted to the extent plaintiffs seek damages under La C.C. arts. 2524, 1994, 1995 and 1997, or their equivalent under Mississippi, Alabama or Texas law.

19. Plaintiffs theory of joint and several liability, or market share liability, is precluded by applicable law.

20. Plaintiffs have failed to plead fraud or misrepresentation with particularity.

21. The claims asserted by plaintiffs are barred by the doctrines of waiver, ratification, unclean hands and/or estoppel.

22. The claims of plaintiffs are barred by the principles of res judicata and/or collateral estoppel.

23. The claims asserted by plaintiffs should be dismissed, or alternatively, those damages (the existence of which is denied) should be reduced due to each plaintiffs' own negligent conduct, lack of care, comparative fault, breaches of contract, fraud or

legal fault.

24. Any damages sustained by plaintiff (the existence of which is denied) were the results of acts and/or omissions of parties other than Superior Homes, LLC for which Superior Homes, LLC is not legally responsible.

25. The claims asserted by plaintiffs should be dismissed, or alternatively, those damages (the existence of which is denied) should be reduced due to the negligent conduct, lack of care, comparative fault, breach of contract, fraud or legal fault of any third party for which Superior Homes, LLC is not responsible.

26. Plaintiffs have not sustained any damages proximately caused by Superior Homes, LLC.

27. Some or all of plaintiffs' claims may be subject to binding arbitration.

28. Plaintiffs claims should be barred because Federal law preempts state law in that Superior Homes, LLC manufactured homes in accordance with HUD guidelines and FEMA specifications.

29. Plaintiffs have failed to state a claim for breach of express or implied warranties under Louisiana, Mississippi, Texas and/or Alabama laws.

30. Plaintiffs have failed to state a claim for fraudulent concealment with adequate particularity.

31. Plaintiffs claims should be denied insomuch that Superior Homes, LLC did not sell any manufactured housing units to FEMA or any other claimant; therefore, plaintiffs lack privity and/or contractual reliance.

32. Plaintiffs fail to state a claim upon which relief can be granted to the extent plaintiffs

make a redhibition claim. Rather than specifically stating a claim for redhibition, plaintiffs state claims for breach of implied and express warranties which fail because there is no privity of contract between the plaintiffs and the manufacturer.

33. Plaintiffs claims should be barred in that Superior Homes, LLC adequately warned the plaintiffs of the risks associated with formaldehyde exposure in accordance with HUD guidelines.

34. Plaintiffs fail to state a claim for loss of consortium and/or society.

35. Plaintiffs fail to state a claim for loss of enjoyment and quality of life.

36. Plaintiffs fail to state a claim for loss of earning capacity.

37. Superior Homes, LLC hereby incorporates, as if copied *in extensio*, any applicable defenses submitted by any Defendant in this matter, including any and all applicable Rule 12 and Rule 9 motions filed in the MDL.

38. Superior Homes, LLC hereby incorporates, as if copied *in extensio*, any applicable defenses submitted by the United States of America and/or FEMA in this matter, including any and all applicable Rule 12 and Rule 9 motions filed in the MDL.

39. Superior Homes, LLC hereby reserves the right to assert any and all defenses and affirmative defenses to any and all individual burdens of proof under the laws of Louisiana, Texas, Alabama and/or Mississippi.

40. Superior Homes, LLC expressly reserves its right to assert any dilatory and/or declinatory exceptions and/or their Alabama, Texas or Mississippi equivalent if any case is remanded to state court.

Respectfully submitted,

**BERNARD, CASSISA, ELLIOTT & DAVIS**
A Professional Law Corporation

BY:   */s/ David M. McDonald*
   **HOWARD B. KAPLAN (#14414)**
   **CARL J. GIFFIN, JR. (#14289)**
   **DAVID M. MCDONALD (#30625)**
   1615 Metairie Road
   P.O. Box 55490
   Metairie, Louisiana 70055-5490
   Telephone: (504) 834-2612
   **Attorneys for Superior Homes, LLC**

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he has electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a copy of the foregoing pleading to all counsel of record by notice of electronic filing. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the all non-CM/ECF participants, this 17th day of September, 2009.

   */s/ David M. McDonald*
   DAVID M. MCDONALD