40844

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE<br>PRODUCTS LIABILITY LITIGATION | MDL NO. 07-1873 |
| | SECTION N(5) |
| VS. | JUDGE ENGELHARDT |
| THIS DOCUMENT IS RELATED TO: | MAGISTRATE CHASEZ |
| All Cases involving Athens Park Homes, L.L.C., | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ATHENS PARK HOMES, L.L.C.
### NOTICE OF PRESERVATION OF DEFENSES AND MOTIONS

**NOW INTO COURT,** through undersigned counsel, comes defendant Athens Park Homes, L.L.C. ("Athens"), who, pursuant to Pretrial Order No. 44 and with a full reservation of rights, submits for preservation the following list of defenses and motions under the Federal Rules of Civil Procedure in all cases in Exhibit "A", and all those filed and to be filed in the referenced MDL proceeding, regarding matched and/or unmatched plaintiffs which are submitted in addition to any joint defense submitted by defense liaison counsel. Athens reserves the right to amend or supplement this list of Rule 12 defenses, defenses and motions and to file any other preliminary pleadings, dispositive motions, or affirmative defenses in the captioned MDL proceeding, or in any other case in which it is now or will be subsequently named as a defendant and properly served.

1

In accordance with the court's order, Defendant submits the following defenses:

1. Article III Standing – Failure to satisfy the burden of establishing Article III standing against the Defendant, and thus, this Court does not have subject matter jurisdiction over Plaintiff's claims against the Defendant.

2. Improper Joinder – Plaintiffs have improperly joined whatever individual claim each may theoretically have against Defendant with claims that other Plaintiffs may or may not have against other defendants and have failed to demonstrate any common evidentiary link either among the Plaintiffs' claims or among the defendants. Accordingly, the claims levied against the Defendant solely as a member of the "industry" should be dismissed.

3. Rule 12(b)(1) – Plaintiffs have failed to establish that the Court has subject matter jurisdiction over their claims.

4. Rule 12(b)(2) – Plaintiffs have failed to establish that the Court has personal jurisdiction over this Defendant.

5. Rule 12(b)(3) – Plaintiffs have brought this action of improper venue.

6. Rule 12(b)(4) – Insufficiency of process.

7. Rule 12(b)(5) – Failure to properly effectuate service of process on Defendant.

8. Rule 12(b)(7) – Failure to join a party under Rule 19.

9. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted because the claims alleged are barred by federal preemption pursuant to 42 U.S.C. § 3280, et seq., and 24 C.F.R. § 3282, et seq.

10. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted on grounds that Athens is a government contractor that performed work according to and in compliance with specifications mandated and approved by the U.S. government through the Federal Emergency Management Agency ("FEMA"). As such, Plaintiffs' action, claims, and demands are preempted, and Athens is immunized from liability by the government contractor defense, La. R.S. 9:2271, and the *Spearin* doctrine.

11. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent the Complaint fails to identify any particular plaintiff in possession of a product manufactured by Defendant.

12. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' negligence, negligence per se, gross negligence, recklessness, failure to inspect, breach of implied warranty, and "failing to act in a prudent manner" claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

13. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted as to any breach of implied and express warranty claims because those claims are not available to plaintiffs, and to the extent that they are available, they are precluded by the Louisiana Products Liability Act.

14. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted, as plaintiffs have not alleged a specific or manifest injury or disease resulting from the alleged exposure, nor are plaintiffs entitled to medical monitoring damages to the extent plaintiffs' seek same.

15. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted, as plaintiffs have failed to make any particularized allegations regarding their injuries and damages and have failed to make any particularized allegations connecting any particular plaintiff to conduct by any particular defendant.

16. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted as to any <u>redhibition</u> claim.

17. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted under the products liability laws of Louisiana.

18. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted, as to the imposition of strict liability against defendant.

19. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted, to the extent plaintiffs seek to impose joint and several, solidary, and/or market share liability on the manufacturing defendants.

20. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted, to the extent plaintiffs seek to impose a claim for attorneys fees.

21. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted, to the extent plaintiffs seek recovery of property damages.

22. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted, to the extent plaintiffs seek punitive or exemplary damages.

23. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted, to the extent plaintiffs seek compensatory damages.

24. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted, to the extent plaintiffs seek damages under La. Civ. Code arts. 2524, 1994, 1995 and 1997.

25. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted, to the extent plaintiffs seek injunctive relief.

26. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted, as plaintiffs lack standing because they are not the purchasers or buyers of the units at issue.

27. Rule 12(b)(6) – Plaintiffs fail to state a claim upon which relief can be granted, as plaintiffs' are barred by the applicable prescriptive and preemptive periods, statute of limitations, and/or laches.

28. Rule 12(b)(6) – Plaintiffs' claims are barred by the doctrines of waiver, ratification, unclean hands, and/or estoppel.

29. Rule 12(b)(6) – Plaintiffs' claims are barred by the principles of res judicata and/or collateral estoppel.

30. Rule 12(b)(6) – Plaintiffs fail to state a claim upon which relief can be granted, to the extent it is determined that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

31. Rule 12(b)(6) – Plaintiffs fail to state a claim upon which relief can be granted, because plaintiffs accident and injuries, if any be proven, were caused through the sole fault of either themselves, or through the fault of others for whom Athens has no responsibility or control, in fact or in law.

32. Rule 12(b)(6) – Plaintiffs fail to state a claim upon which relief can be granted, because Plaintiffs have not sustained any damages proximately caused by this Defendant.

33. Rule 9(b) – Plaintiffs fail to plead concealment, conspiracy, misrepresentation, and fraud claims with the requisite particularity, and such claims should be dismissed.

34. Rule 12(e) – Motion for more definite statement of the Complaint based on Plaintiffs' failure to make specific allegations concerning any injuries, damages, or any particular defendant's alleged conduct.

35. Rule 12(b)(6)-Failure to state a claim under the Mississippi Product Liability Act.

36. Rule 12(b)(6)-Failure to state a claim for negligence and/or strict liability under Mississippi law.

37. Rule 12(b)(6)-Failure to state a claim for breach of express warranty under Mississippi law.

38. Rule 12(b)(6)-Failure to state a claim for breach of express and/or implied warranty under Mississippi law.

39. Rule 12(b)(6)-Failure to state a claim for medical monitoring under Mississippi law.

40. Rule 12(b)(6)-failure to state a claim for punitive and/or exemplary damages under Mississippi law, including such damages under Miss. Code Ann. Section 11-1-65.

41. Rule 12(b)(6)-Failure to state a claim under the Alabama Extended Manufacturer's Liability Doctrine.

42. Rule 12(b)(6)-Failure to state a claim for breach of express and/or implied warranty under Alabama law.

43. Rule 12(b)(6)-failure to state a claim for medical monitoring under Alabama law.

44. Rule 12(b)(6)-Failure to state a claim for punitive and/or exemplary damages, including such damages under Code of Ala. Section 6-11-23.

45. Rule 12(b)(6)-Failure to state a claim for medical monitoring under Alabama law.

46. Athens hereby adopts and incorporates all filings of applicable items listed in the preservation lists of similarly situated co-defendants in the MDL 07-1873, in all underlying cases, and all applicable Rule 12 and Rule 9 motions filed by similarly situated co-defendants in the MDL and underlying cases, as if copied herein *in extenso*.

**WHEREFORE,** pursuant to Pretrial Order 44 (Rec. Doc. 2759), defendant Athens prays that the defenses and objections described above be preserved until the underlying lawsuits are scheduled for trial or a later date. Athens reserves the right to brief any Rule 12 motion and other applicable motions in full and requests oral argument on the merits of any such motion. Defendant Athens Park Homes, L.L.C., reserves the right to amend or supplement these defenses and to file appropriate pleadings as well as dispositive and other motions in all cases in which it has been or will be named and properly served.

Respectfully submitted,

Lisa A. McLachlan, Bar No. 19050
R. Todd Musgrave, Bar No. 22840
Musgrave, McLachlan & Penn
1515 Poydras Street, Suite 2380
New Orleans, Louisiana 70112
Telephone: (504) 799-4300
Facsimile: (504) 799-4301
Attorneys for Athens Park Homes, L.L.C.

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 17th day of September, 2009, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by email through the court's electronic filing (ECF) system.

_____
Lisa A. McLachlan