UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>     FORMALDEHYDE PRODUCTS<br>     LIABILITY LITIGATION<br><br>This applies to all cases | )  MDL NO. 1873<br>)<br>)  SECTION "N" (4)<br>)<br>)  JUDGE ENGELHARDT<br>)<br>    MAGISTRATE CHASEZ |

**LIST OF MOTIONS AND DEFENSES TO BE PRESERVED
OF SENTRY INSURANCE A MUTUAL COMPANY
IN ITS CAPACITY AS AN INSURER TO PILGRIM INTERNATIONAL, INC.**

Pursuant to Pretrial Order No. 44 (Rec. Doc. No. 2759), defendant, Sentry Insurance A Mutual Company (hereinafter "Sentry"), adopts and incorporates the list of motions and defenses filed by Sentry as an insurer to Pilgrim International, Inc., and in its capacity as an insurer to Pilgrim International, Inc., hereby submits the following list of motions and defenses relating to insurance coverage issues to be preserved in all of the suits currently pending in this MDL litigation and those that may be filed into this MDL litigation in the future.

Sentry lists the following motion to be preserved:

**MOTION**

(1)   Rule 12(b)(6):  Based upon the grounds set forth in the preserved Affirmative Defenses, failure to state a claim for which the commercial general liability insurance policy issued by Sentry to Pilgrim International, Inc. (hereinafter "the policy") provides coverage.

In addition, Sentry asserts and preserves the following affirmative defenses:

**AFFIRMATIVE DEFENSES**

Affirmative Defense 1:   Sentry affirmatively alleges that the policy is limited by and controlled by all of the policy terms, conditions, definitions, exclusions, endorsements, and limits, including limits of liability.  Upon information and belief, the policy

                                                    does not provide coverage for the claims asserted by plaintiffs.

<u>Affirmative Defense 2:</u>  Sentry affirmatively alleges that the policy contains a $50,000 per occurrence deductible for bodily injury and property damage, including loss expense. The deductible must be satisfied for each occurrence.

<u>Affirmative Defense 3:</u>  Sentry affirmatively alleges that the policy provides insurance coverage only for named insureds, as defined by the policy. To the extent a defendant does not qualify as a named insured or additional insured, or to the extent any damage claimed is attributable to individuals or entities which are not named insureds or additional insureds, there is no coverage.

<u>Affirmative Defense 4:</u>  Sentry affirmatively alleges that the policy does not provide coverage for "bodily injury" or "property damage" that was not caused by an "occurrence" as defined by the policy.

<u>Affirmative Defense 5:</u>  Sentry affirmatively alleges that the policy does not provide coverage for "bodily injury" or "property damage" that does not take place during the policy period.

<u>Affirmative Defense 6:</u>  Sentry affirmatively alleges that the policy does not provide coverage for costs incurred in the ordinary course of business.

<u>Affirmative Defense 7:</u>  Sentry affirmatively alleges that the policy does not provide coverage for "bodily injury" or "property damage" that was or should have been expected or intended from the standpoint of the insured.

<u>Affirmative Defense 8:</u>  Sentry affirmatively alleges that the policy does not provide coverage for sums other than those sums the insured becomes legally obligated to pay as damages because of "bodily injury," "property damage" or "personal and advertising injury" as defined by the policy.

<u>Affirmative Defense 9:</u>  Sentry affirmatively alleges that the policy does not provide coverage for claims that fall within the policy's pollution exclusion.

<u>Affirmative Defense 10:</u>  Sentry affirmatively alleges that the policy does not provide coverage for "bodily injury" or "property damage" which

|  |  |
|---|---|
| | the insured knew to have occurred prior to the inception of the policy. |
| <u>Affirmative Defense 11:</u> | Sentry affirmatively alleges that the policy does not provide coverage for claims arising from the insured's willful, intentional or reckless acts. |
| <u>Affirmative Defense 12:</u> | Sentry affirmatively alleges that the policy does not provide coverage where the insured fails to satisfy all conditions precedent and conditions subsequent to liability or coverage, including but not limited to the provision of adequate, timely, and particularized notice. |
| <u>Affirmative Defense 13:</u> | Sentry affirmatively alleges that the policy contains an "other insurance" clause which may exclude or reduce coverage. To the extent the insured has other insurance, coverage under the Sentry policy may be excluded or reduced. |
| <u>Affirmative Defense 14:</u> | Sentry affirmatively alleges that the policy does not provide coverage where the insured negligently or intentionally failed to disclose, or concealed or misrepresented facts which were material to the risks for the purpose of inducing Sentry to issue or renew policies of insurance. |
| <u>Affirmative Defense 15:</u> | Sentry affirmatively alleges that the policy does not provide coverage for fines, or civil or criminal penalties asserted against the insured, including punitive or exemplary damages. |
| <u>Affirmative Defense 16:</u> | Sentry affirmatively alleges that the policy does not provide coverage for attorneys' fees or prejudgment interest incurred by any other party in this action. |
| <u>Affirmative Defense 17:</u> | Sentry affirmatively alleges that the policy does not provide coverage for claims that are the result of acts or omissions in violation of law or public policy. |
| <u>Affirmative Defense 18:</u> | Sentry affirmatively alleges that Sentry may be entitled to contribution and/or indemnification from other parties or other insurers involved in this action. |
| <u>Affirmative Defense 19:</u> | Sentry affirmatively alleges that claims against Sentry may be barred, in whole or in part, to the extent Sentry's rights of subrogation, indemnity or contribution have been impaired. |

Affirmative Defense 20:   Sentry affirmatively alleges that the policy does not provide coverage for any liability, obligation or expense voluntarily incurred pursuant to a contract or agreement.

Affirmative Defense 21:   Sentry affirmatively alleges that plaintiffs fail to state a claim against Sentry upon which relief can be granted to the extent of any failure to comply with and/or be eligible under the Louisiana Direct Action statute.

Pursuant to Pretrial Order No. 44, Sentry expressly reserves the right to supplement this List of Motions and Defenses to be Preserved.

Dated:  September 17, 2009.

By: s/Terry Christovich Gay
Terry Christovich Gay  TA  Bar #5993
CHRISTOVICH & KEARNEY, LLP
601 Poydras Street, Suite 2300
New Orleans, LA 70130-6078
Direct:  (504) 593-4214
Fax:  (504) 544-6228

And

Heidi L. Vogt
Phil C. Reid
Jason R. Fathallah
von BRIESEN & ROPER, s.c.
411 East Wisconsin Avenue, Suite 700
P.O. Box 3262
Milwaukee, WI  53201-3262
Phone:  (414) 276-1122
Fax:  (414) 276-6281

*Attorneys for Defendant, Sentry Insurance A Mutual Company*

- 5 -

## **CERTIFICATE**

I hereby certify that on September 17, 2009, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

s/Terry Christovich Gay
TERRY CHRISTOVICH GAY
