UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * | MDL NO. 2:07-MD-1873<br><br>SECTION: N(4)<br><br>JUDGE: ENGELHARDT |
| THIS DOCUMENT RELATES TO:<br>*ALL CASES* | * * * * | MAGISTRATE JUDGE: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### UNIVERSAL LIST OF DEFENSES AND MOTIONS TO BE PRESERVED ON BEHALF OF SUN VALLEY, INC., d/b/a SUN-LITE

Pursuant to Pretrial Order No. 44 (Rec. Doc. No. 2759), defendant Sun Valley, Inc., d/b/a Sun-Lite ("Sun Valley" or "Defendant"), submits the following list of defenses and motions to be preserved in all of the suits currently pending in this MDL litigation and those that may be filed into this MDL litigation in the future.

Sun Valley lists the following motions to be preserved:

(1)　Rule 12(b)(1): Lack of subject matter jurisdiction over claims;

(2)　Rule 12(b)(3): Improper venue;

(3)　Rule 12(b)(4),(5): Insufficient process and insufficiency of service of process;

(4)　Rule 12(b)(6): Failure to state a claim under the Louisiana Products Liability Act;

(5)　Rule 12(b)(6): Failure to state a claim for negligence or strict liability under Louisiana law;

(6)　Rule 12(b)(6): Failure to state a claim for breach of express warranty because those claims are not available to plaintiff, and to the extent that they are available, they are precluded by the Louisiana Products Liability Act;

(7)   Rule 12(b)(6): Failure to state a claim for redhibition/implied warranty because plaintiff has not alleged the elements of these claims, including the lack of a sale and privity with Sun Valley;

(8)   Rule 12(b)(6): Failure to state a claim for medical monitoring damages under Louisiana law because plaintiff has not alleged the elements of this recovery, including the failure to allege a present and manifest injury;

(9)   Rule 12(b)(6): Failure to state a claim for punitive damages under Louisiana law;

(10)  Rule 12(b)(6): Failure to state a claim for attorney's fees under Louisiana law;

(11)  Rule 12(b)(6): Failure to state a claim under the Mississippi Product Liability Act, Miss. Code Ann. §11-1-63, *et seq.*;

(12)  Rule 12(b)(6): Failure to state a claim for negligence and/or strict liability under Mississippi law;

(13)  Rule 12(b)(6): Failure to state a claim for breach of express warranty under Mississippi law;

(14)  Rule 12(b)(6): Failure to state a claim for breach of implied warranty under Mississippi law;

(15)  Rule 12(b)(6): Failure to state a claim for medical monitoring under Mississippi law because plaintiff has not alleged the elements of this recovery, including the failure to allege a present and manifest injury;

(16)  Rule 12(b)(6): Failure to state a claim for punitive and/or exemplary damages under Mississippi law, including such damages under Miss. Code Ann. §11-1-65;

(17)  Rule 12(b)(6): Failure to state a claim under the Alabama Extended Manufacturer's Liability Doctrine, Code of Ala., §6-5-521;

(18)  Rule 12(b)(6): Failure to state a claim for breach of express warranty under Alabama law;

(19)  Rule 12(b)(6): Failure to state a claim for breach of implied warranty under Alabama law;

(20)  Rule 12(b)(6): Failure to state a claim for medical monitoring under Alabama law;

(21)  Rule 12(b)(6): Failure to state a claim for punitive and/or exemplary damages, including such damages under Code of Ala. §6-11-23;

(22) Rule 12(b)(6): Failure to state a claim for medical monitoring under Alabama law because plaintiff has not alleged the elements of this recovery, including the failure to allege a present and manifest injury;

(23) Rule 12(b)(6): Failure to state a claim under the Texas Products Liability Act, Tex. Civ. Pract. & Rem.Code Ann. § 82.002, et seq.;

(24) Rule 12(b)(6): Failure to state a claim for breach of express warranty under Texas law;

(25) Rule 12(b)(6): Failure to state a claim for breach of implied warranty under Texas law;

(26) Rule 12(b)(6): Failure to state a claim for medical monitoring under Texas law;

(27) Rule 12(b)(6): Failure to state a claim for punitive and/or exemplary damages under Texas law;

(28) Rule 12(b)(6): Failure to state a claim because plaintiff failed to make any particularized allegations regarding her injuries and damages, and failed to make any particularized allegations connecting the plaintiff to conduct by any particular defendant;

(29) Rule 12(b)(6): Failure to state a claim for injunctive relief;

(30) Rule 12(b)(6): Failure to state a claim for class action relief/status;

(31) Rule 12(b)(6): Failure to state a claim because plaintiff's claims are barred by the applicable prescriptive periods, statutes of limitations periods and/or statutes of repose periods;

(32) Rule 12(b)(6): Failure to state a claim for joint, several and/or solidary liability among the defendants;

(33) Rule 12(b)(6): Failure to state a claim for loss of consortium and/or society.

(34) Rule 12(e): Motion for more definite statement of the complaint based on plaintiff's failure to make particularized allegations about his/her injuries and damages and failure to make any particularized allegations about any particular defendant's alleged conduct;

(35) Rule 21: Improper joinder: Failure to satisfy requirements for joinder of parties under FRCP 19 and 20;

(36) Rule 9(b): Failure to plead fraud and misrepresentations with particularity;

(37) Rule 23: Failure to allege/demonstrate elements for class action;

(38) Rule 12(b)(1): Plaintiffs have failed to satisfy their burden of establishing Article III standing against Sun Valley, and thus this Court does not have subject matter jurisdiction over Plaintiffs' claims against Sun Valley;

(39) Rule 12(b)(6): Failure to state a claim upon which relief can be granted for attorney's fees as there is no basis under Mississippi, Alabama, Texas, Louisiana, or Federal law for the awarding of attorney's fees based upon the facts alleged in the complaint;

(40) Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent plaintiffs' seek property damages under Mississippi, Alabama, Texas, or Louisiana law, as plaintiffs are not entitled to recover same;

(41) Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent plaintiffs seek punitive damages as there is no basis for awarding punitive damages under the facts alleged in the complaint and applicable law;

(42) Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent plaintiffs seek compensatory damages as there is no basis for awarding same under the facts alleged in the complaint and applicable law;

(43) Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent plaintiffs seek damages pursuant to La. C.C. Arts. 2524 and 1994, 1995, and 1997, as there is no basis for awarding same under the facts alleged in the complaint and applicable law;

(44) Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs assert express or implied warranty claims under Mississippi, Alabama, and Texas law as such claims are precluded as plaintiffs do not rely on any privity of contract;

(45) Rule 12(b)(6): Failure to state a claim upon which relief can be granted as plaintiffs' claim for relocation expenses and provisions for replacement trailers should be dismissed due to lack of privity of contract with Defendant;

(46) Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek claims under the Federal Tort Claims Act and 42 USCA Sec. 1983 against manufacturing defendants as such claims are not applicable to Defendant;

(47) Rule 12(b)(6): Failure to state a claim insofar as Plaintiffs have not alleged and cannot prove either specific or general causation for their alleged injuries; and

(48) Rule 12(b)(6): Plaintiffs lack standing as they are not the purchasers or buyers of the units at issue;

In addition, Sun Valley asserts and preserves the following affirmative defenses:

<u>Affirmative Defense 1</u>: Sun Valley affirmatively alleges that plaintiffs have not stated a claim upon which relief can be granted.

<u>Affirmative Defense 2</u>: Sun Valley affirmatively alleges that plaintiffs' claims may be barred by the applicable prescriptive periods, statutes of limitations periods and/or statutes of repose.

<u>Affirmative Defense 3</u>: Sun Valley affirmatively alleges that plaintiffs may fail to mitigate their damages as required by law.

<u>Affirmative Defense 4</u>: Sun Valley affirmatively alleges that plaintiffs' claims may be barred in whole or in part by assumption of the risk, contributory negligence and/or comparative negligence.

<u>Affirmative Defense 5</u>: Sun Valley affirmatively alleges that plaintiffs' claims may be barred by a lack of reliance.

<u>Affirmative Defense 6</u>: Sun Valley affirmatively alleges that plaintiffs' claims may be barred by lack of causation, including lack of proximate cause.

<u>Affirmative Defense 7</u>: Sun Valley affirmatively alleges that plaintiffs' damages may have been caused in whole or in part by product alteration, product abuse, product modification or product neglect.

<u>Affirmative Defense 8</u>: Sun Valley affirmatively alleges that plaintiffs' claims may be barred in whole or in part by waiver, estoppel and/or laches.

<u>Affirmative Defense 9</u>: Sun Valley affirmatively alleges that plaintiffs' claims may be barred because plaintiffs may have had knowledge of the allegedly dangerous condition of the trailers and deliberately and voluntarily exposed themselves to the allegedly dangerous condition of the trailers in spite of that knowledge.

<u>Affirmative Defense 10</u>: Sun Valley affirmatively alleges that plaintiffs may not be entitled to recovery because Sun Valley did not know and/or could not reasonably have known under the then-existing technology about the allegedly dangerous characteristics of the plaintiffs' trailers.

<u>Affirmative Defense 11</u>: Sun Valley affirmatively alleges that plaintiffs may not be entitled to recovery because Sun Valley did not know and/or could not reasonably have known under the then-existing

technology about any alternative design to that used in the trailers at issue.

Affirmative Defense 12:   Sun Valley affirmatively alleges that plaintiffs may not be entitled to recovery because any alternative designs to that used in the trailers at issue were not feasible.

Sun Valley expressly reserves the right to supplement this list of preservation of defenses and motions.

Respectfully submitted,

**ALLEN & GOOCH**

/s/ Brent M. Maggio
BRENT M. MAGGIO, T.A., # 19959
SCOTT F. DAVIS, # 26013
JEFF S. VALLIERE, # 31346
LORI A. DAIGLE, # 31687
DAX C. FOSTER, # 30506
3900 N. Causeway Blvd, Suite 1450
Metairie, Louisiana 70002
Tel: 504.836.5260
Fax: 504.836.5265
*Attorneys for Sun Valley, Inc., d/b/a Sun-Lite*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been electronically filed on the 17th day of September, 2009, with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Brent M. Maggio
BRENT M. MAGGIO