UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER                          * MDL NO. 1873
FORMALDEHYDE                                 *
PRODUCT LIABILITY LITIGATION                 *
                                             * SECTION:  "N-4"
VERSUS
                                             * JUDGE ENGLEHARDT

THIS DOCUMENT IS RELATED TO ALL CASES    *   MAGISTRATE CHASEZ
*******************************************************************

UNIVERSAL LIST OF DEFENSES AND MOTIONS
TO BE PRESERVED ON BEHALF OF HORTON HOMES, INC.

Now into Court, through undersigned counsel, comes Horton Homes, Inc. ("Horton Homes")

who pursuant to Pretrial Order No. 44 (Rec. Doc. No. 2759) submits the following list of motions

and defenses to be preserved in all of the suits currently pending in this MDL litigation and those that

may be filed into this MDL litigation in the future.

A.     **Motions**

Horton Homes lists the following motions to be preserved:

(1)     Rule 12(b)(1): Lack of subject matter jurisdiction over claims;

(2)     Rule 12(b)(3): Improper venue;

(3)     Rule 12(b)(4), (5): Insufficient process and insufficiency of service of process;

(4)     Rule 12(b)(6): Failure to state a claim under the Louisiana Products Liability Act;

(5)     Rule 12(b)(6): Failure to state a claim for negligence or strict liability under
        Louisiana law.

(6)     Rule 12(b)(6): Failure to state a claim for breach of express warranty because those claims are not available to plaintiff, and to the extent that they are available, they are precluded by the Louisiana Products Liability Act;

(7)     Rule 12(b)(6): Failure to state a claim for redhibition/implied warranty because plaintiff has not alleged the elements of these claims, including lack of a sale and privity with Horton Homes;

(8)     Rule 12(b)(6): Failure to state a claim for medical monitoring damages under Louisiana law because plaintiff has not alleged the elements of this recovery, including the failure to allege a present and manifest injury;

(9)     Rule 12(b)(6): Failure to state a claim for punitive damages under Louisiana law;

(10)    Rule 12(b)(6): Failure to state a claim for attorney's fees under Louisiana law;

(11)    Rule 12(b)(6): Failure to state a claim under the Mississippi Product Liability Act, Miss. Code Ann. § 11-1-63, *et seq.*;

(12)    Rule 12(b)(6): Failure to state a claim for negligence and/or strict liability under Mississippi law;

(13)    Rule 12(b)(6): Failure to state a claim for breach of express warranty under Mississippi law;

(14)    Rule 12(b)(6): Failure to state a claim for breach of implied warranty under Mississippi law;

(15)    Rule 12(b)(6): Failure to state a claim for medical monitoring under Mississippi law because plaintiff has not alleged the elements of this recovery, including the failure to allege a present and manifest injury;

(16)    Rule 12(b)(6): Failure to state a claim for punitive and/or exemplary damages under Mississippi law, including such damages under Miss. Code Ann. § 11-1-65

(17)    Rule 12(b)(6): Failure to state a claim under the Alabama Extended Manufacturer's Liability Doctrine, Code of Ala., § 6-5-521;

(18)    Rule 12(b)(6): Failure to state a claim for breach of express warranty under Alabama law;

(19)    Rule 12(b)(6): Failure to state a claim for breach of implied warranty under Alabama law;

(20)    Rule 12(b)(6): Failure to state a claim for medical monitoring under Alabama law;

(21)    Rule 12(b)(6):Failure to state a claim for punitive and/or exemplary damages, including such damages under Code of Ala. § 6-11-23;

(22)   Rule 12(b)(6):Failure to state a claim for medical monitoring under Alabama law because plaintiff has not alleged the elements of this recovery, including the failure to allege a present and manifest injury;

(23)   Rule 12(b)(6): Failure to state a claim under the Texas Products Liability Act, Tex. Civ. Pract. & Rem. Code Ann. § 82.002, et seq;

(24)   Rule 12(b)(6): Failure to state a claim for breach of express warranty under Texas law;

(25)   Rule 12(b)(6): Failure to state a claim for breach of implied warranty under Texas law;

(26)   Rule 12(b)(6): Failure to state a claim for medical monitoring under Texas law;

(27)   Rule 12(b)(6): Failure to state a claim for punitive and/or exemplary damages under Texas law;

(28)   Rule 12(b)(6): Failure to state a claim because plaintiff failed to make any particularized allegations regarding her injuries and damages, and failed to make any particularized allegations connecting the plaintiff to conduct by any particular defendant;

(29)   Rule 12(b)(6): Failure to state a claim for injunctive relief;

(30)   Rule 12(b)(6): Failure to state a claim for class action relief/status;

(31)   Rule 12(b)(6): Failure to state a claim because plaintiff's claims are barred by the applicable prescriptive periods, statutes of limitations periods and/or statutes of repose periods;

(32)   Rule 12(b)(6): Failure to state a claim for joint, several and/or solidary liability among the defendants;

(33)   Rule 12(b)(6): Failure to state a claim for loss of consortium and/or society;

(34)   Rule 12(e): Motion for more definite statement of the compliant based on plaintiff's failure to make particularized allegations about their injuries and damages and failure to make any particularized allegations about any particular defendant's alleged conduct;

(35)   Rule 21: Improper joinder: Failure to satisfy requirements for joinder of parties under FRCP 19 and 20;

(36)   Rule 9(b): Failure to plead fraud and misrepresentations with particularity;

(37)   Rule 23: Failure to allege/demonstrate elements for class action; and

(38)    Any other motion Horton Homes has previously set forth including by reference Manufacturing Defendants' Joint Rule 12(b)(6) Motion to Dismiss (Rec. Doc. No. 210) and Amended List of 12B Motions Relating to the Underlying Litigation for Preservation (Rec. Doc. No. 256).

**B.    Affirmative Defenses**

Horton Homes affirmatively alleges the following defenses to be preserved:

1. That the plaintiffs' claims have prescribed or may be barred under the applicable statutes of limitation or repose;

2. That the plaintiffs have failed to mitigate damages as required by law;

3. That plaintiffs' claims may be barred in whole or in part due to the plaintiffs' assumption of risk, contributory and/or comparative negligence;

4. That the plaintiffs have not stated a claim upon which relief can be granted;

5. That the plaintiffs' claims may be barred by a lack of reliance;

6. That the plaintiffs' damages may have been caused in whole or in part by product alteration, product abuse, product modification or product neglect;

7. That the plaintiffs' claims may be barred by a lack of causation including a lack of proximate causation;

8. That the plaintiffs' claims may be barred in whole or in part by waiver, estoppel and/or laches;

9. That the plaintiffs' claims may be barred because the plaintiffs may have had knowledge of the allegedly dangerous condition of the trailers and deliberately and voluntarily exposed themselves to the condition in spite of that knowledge;

10. That the plaintiffs may not be entitled to recovery because Horton Homes did not know and/or could not reasonably have known of the allegedly dangerous characteristics of the plaintiffs' trailers;

11. That Horton Homes did not know and/or could not have known of any alternative design to that used in the trailers at issue; and

12. That the plaintiffs may not be entitled to recovery because no alternative design to that used in the housing at issue was feasible.

Wherefore, Horton Homes prays that the foregoing list of motions and defenses be preserved and requests the right to brief each motion and/or defense as necessary in full and requests the right

to oral argument on the merits of any such motion or defense.  Further, pursuant to Pretrial Order No. 44 (Rec. Doc. No. 2759), Horton Homes reserves it right to supplement and/or amend this list as necessary.

Respectfully submitted,

LABORDE & NEUNER

*s/Ben L. Mayeaux*
BEN L. MAYEAUX #19042
CLIFFE E. LABORDE III #8062
GREGORY A. KOURY #26364
One Petroleum Center, Suite 200
1001 West Pinhook Road
Lafayette, Louisiana 70503
TELEPHONE:          (337) 237-7000
FACSIMILE:          (337) 233-9450
Attorneys for Horton Homes, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2009, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

*s/Ben L. Mayeaux*