UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>  FORMALDEHYDE PRODUCTS<br>  LIABILITY LITIGATION<br><br>This applies to all cases | MDL NO. 1873<br><br>SECTION "N" (4)<br><br>JUDGE ENGELHARDT<br><br>MAGISTRATE CHASEZ |

UNIVERSAL LIST OF DEFENSES
AND MOTIONS TO BE PRESERVED BY FOREST RIVER, INC.
AND VANGUARD LLC

Pursuant to Pretrial Order No. 44 (Rec. Doc. No. 2759), defendants Forest River, Inc. and Vanguard LLC[1] ("Defendants") submit the following list of defenses and motions to be preserved in all of the suits currently pending in this MDL litigation and those that may be filed into this MDL litigation in the future.

Defendants list the following motions to be preserved:

(1)   Rule 12(b)(1): Lack of subject matter jurisdiction over claims;

---

[1] Upon information and belief, Vanguard Industries of Michigan, Inc. (a/k/a Palomino RV) previously filed for bankruptcy protection and no longer exists as a corporation. Out of an abundance of caution, however, Vanguard LLC has filed this Preservation of Defenses based on the assumption that plaintiffs resided in units manufactured by Vanguard, LLC. However, in the event that Vanguard Industries of Michigan, Inc. or any other entity manufactured plaintiffs' units, Vanguard LLC hereby preserves its rights under FRCP 12(b) to dismiss the suit for failure to state a claim upon which relief can be granted.

(2)  Rule 12(b)(3): Improper venue;

(3)  Rule 12(b)(4),(5): Insufficient process and insufficiency of service of process;

(4)  Rule 12(b)(6): Failure to state a claim under the Louisiana Products Liability Act;

(5)  Rule 12(b)(6): Failure to state a claim for negligence or strict liability under Louisiana law;

(6)  Rule 12(b)(6): Failure to state a claim for breach of express warranty because those claims are not available to plaintiff, and to the extent that they are available, they are precluded by the Louisiana Products Liability Act;

(7)  Rule 12(b)(6): Failure to state a claim for redhibition/implied warranty) because plaintiff has not alleged the elements of these claims, including the lack of a sale and privity with Defendants;

(8)  Rule 12(b)(6): Failure to state a claim for medical monitoring damages under Louisiana law because plaintiff has not alleged the elements of this recovery, including the failure to allege a present and manifest injury;

(9)  Rule 12(b)(6): Failure to state a claim for punitive damages under Louisiana law;

(10) Rule 12(b)(6): Failure to state a claim for attorney's fees under Louisiana law;

(11) Rule 12(b)(6): Failure to state a claim under the Mississippi Product Liability Act, Miss. Code Ann. §11-1-63, *et seq.*;

(12) Rule 12(b)(6): Failure to state a claim for negligence and/or strict liability under Mississippi law;

(13) Rule 12(b)(6): Failure to state a claim for breach of express warranty under Mississippi law;

(14) Rule 12(b)(6): Failure to state a claim for breach of implied warranty under Mississippi law;

(15) Rule 12(b)(6): Failure to state a claim for medical monitoring under Mississippi law because plaintiff has not alleged the elements of this recovery, including the failure to allege a present and manifest injury;

(16) Rule 12(b)(6): Failure to state a claim for punitive and/or exemplary damages under Mississippi law, including such damages under Miss. Code Ann. §11-1-65;

(17) Rule 12(b)(6): Failure to state a claim under the Alabama Extended Manufacturer's Liability Doctrine, Code of Ala., §6-5-521;

(18)  Rule 12(b)(6):  Failure to state a claim for breach of express warranty under Alabama law;

(19)  Rule 12(b)(6):  Failure to state a claim for breach of implied warranty under Alabama law;

(20)  Rule 12(b)(6):  Failure to state a claim for medical monitoring under Alabama law;

(21)  Rule 12(b)(6):  Failure to state a claim for punitive and/or exemplary damages, including such damages under Code of Ala. §6-11-23;

(22)  Rule 12(b)(6):  Failure to state a claim for medical monitoring under Alabama law because plaintiff has not alleged the elements of this recovery, including the failure to allege a present and manifest injury;

(23)  Rule 12(b)(6):  Failure to state a claim under the Texas Products Liability Act, Tex. Civ. Pract. & Rem.Code Ann. § 82.002, et seq.;

(24)  Rule 12(b)(6):  Failure to state a claim for breach of express warranty under Texas law;

(25)  Rule 12(b)(6):  Failure to state a claim for breach of implied warranty under Texas law;

(26)  Rule 12(b)(6):  Failure to state a claim for medical monitoring under Texas law;

(27)  Rule 12(b)(6):  Failure to state a claim for punitive and/or exemplary damages under Texas law;

(28)  Rule 12(b)(6):  Failure to state a claim because plaintiff failed to make any particularized allegations regarding her injuries and damages, and failed to make any particularized allegations connecting the plaintiff to conduct by any particular defendant;

(29)  Rule 12(b)(6):  Failure to state a claim for injunctive relief;

(30)  Rule 12(b)(6):  Failure to state a claim for class action relief/status;

(31)  Rule 12(b)(6):  Failure to state a claim because plaintiff's claims are barred by the applicable prescriptive periods, statutes of limitations periods and/or statutes of repose periods;

(32)  Rule 12(b)(6):  Failure to state a claim for joint, several and/or solidary liability among the defendants;

(33)  Rule 12(b)(6):  Failure to state a claim for loss of consortium and/or society.

(34)     Rule 12(e): Motion for more definite statement of the complaint based on plaintiff's failure to make particularized allegations about their injuries and damages and failure to make any particularized allegations about any particular defendant's alleged conduct;

(35)     Rule 21: Improper joinder: Failure to satisfy requirements for joinder of parties under FRCP 19 and 20;

(36)     Rule 9(b): Failure to plead fraud and misrepresentations with particularity; and

(37)     Rule 23: Failure to allege/demonstrate elements for class action

In addition, Defendants assert and preserve the following affirmative defenses:

Affirmative Defense 1:   Defendants affirmatively allege that plaintiffs have not stated a claim upon which relief can be granted.

Affirmative Defense 2:   Defendants affirmatively allege that plaintiffs' claims may be barred by the applicable prescriptive periods, statutes of limitations periods and/or statutes of repose.

Affirmative Defense 3:   Defendants affirmatively allege that plaintiffs may fail to mitigate their damages as required by law.

Affirmative Defense 4:   Defendants affirmatively allege that plaintiffs' claims may be barred in whole or in part by assumption of the risk, contributory negligence and/or comparative negligence.

Affirmative Defense 5:   Defendants affirmatively allege that plaintiffs' claims may be barred by a lack of reliance.

Affirmative Defense 6:   Defendants affirmatively allege that plaintiffs' claims may be barred by lack of causation, including lack of proximate cause.

Affirmative Defense 7:   Defendants affirmatively allege that plaintiffs' damages may have been caused in whole or in part by product alteration, product abuse, product modification or product neglect.

Affirmative Defense 8:   Defendants affirmatively allege that plaintiffs' claims may be barred in whole or in part by waiver, estoppel and/or laches.

Affirmative Defense 9:   Defendants affirmatively allege that plaintiffs' claims may be barred because plaintiffs may have had knowledge of the allegedly dangerous condition of the trailers and

4

              deliberately and voluntarily exposed themselves to the allegedly dangerous condition of the trailers in spite of that knowledge.

<u>Affirmative Defense 10:</u>  Defendants affirmatively allege that plaintiffs may not be entitled to recovery because Defendants did not know and/or could not reasonably have known under the then-existing technology about the allegedly dangerous characteristics of the plaintiffs' trailers.

<u>Affirmative Defense 11:</u>  Defendants affirmatively allege that plaintiffs may not be entitled to recovery because Defendants did not know and/or could not reasonably have known under the then-existing technology about any alternative design to that used in the trailers at issue.

<u>Affirmative Defense 12:</u>  Defendants affirmatively allege that plaintiffs may not be entitled to recovery because any alternative designs to that used in the trailers at issue were not feasible.

  Defendants expressly reserve the right to supplement this list of preservation of defenses and motions.

              Respectfully Submitted,

              <u>/s/ Jason D. Bone</u>
              Ernest P. Gieger, Jr. (T.A.) (6154)
              Jason D. Bone (28315)
              GIEGER, LABORDE & LAPEROUSE, L.L.C.
              One Shell Square
              701 Poydras Street, Suite 4800
              New Orleans, Louisiana 70139-4800
              Telephone: (504) 561-0400
              Facsimile: (504) 561-1011

              ATTORNEYS FOR FOREST RIVER, INC. AND VANGUARD LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system. Notice of this filing will be sent to all known counsel by operation of the court's electronic filing system.

New Orleans, Louisiana, this 17th day of September, 2009.

/s/ Jason D. Bone