**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | | |
|---|---|---|
| **IN RE: FEMA TRAILER** | * | **MDL NO. 2:07-MD-1873** |
| **FORMALDEHYDE** | * | |
| **PRODUCTS LIABILITY** | * | **SECTION: N(5)** |
| **LITIGATION** | * | |
| | * | **JUDGE: ENGELHARDT** |
| | * | |
| | * | |
| **THIS DOCUMENT RELATES TO** | * | **MAGISTRATE JUDGE:** |
| **ALL CASES** | * | *CHASEZ* |
| | * | |

*******************************************************************************

<u>**MASTER PRESERVATION OF DEFENSES**</u>
<u>**FILED ON BEHALF OF FRONTIER RV, INC.**</u>

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Frontier RV, Inc.,

("Frontier"), who, pursuant to Pretrial Order 44 (Rec. Doc. 2759), respectfully submits the following

list of defenses to be preserved, in all cases currently pending before this Court, as well as all future

cases filed in this Court, where Frontier is named as a defendant in the above referenced MDL.

These defenses are submitted in addition to any joint defenses, including any Rule 9 and Rule 12

defenses, submitted by defense liaison counsel.  Further, Frontier reserves the right to assert any other allowable preliminary pleadings, dispositive motions or affirmative defenses in any and all underlying lawsuits currently filed in the captioned MDL proceeding, or in any other underlying lawsuit subsequently filed in this MDL, in which Frontier is named as a defendant and properly served.  Additionally, Frontier reserves the right to amend or supplement this list of defenses.

1.      Article III Standing-Plaintiffs lack standing.

2.      12(b)(3)-Plaintiffs have brought this action in a court of improper venue.

3.      12(b)(1)-Failure to establish that this Court has subject matter jurisdiction over plaintiffs' claims against this defendant.

4.      12(b)(2)-Failure to establish that this Court has personal jurisdiction over this defendant.

5.      12(b)(4) and (5)-Insufficient process and insufficiency of service of process.

6.      12(b)(6)-Failure to state a claim upon which relief can be granted against Frontier.

7.      12(b)(6)-Failure to state a claim under the Louisiana Products Liability Act;

8.      12(b)(6):  Failure to state a claim for negligence or strict liability under Louisiana law;

9.      12(b)(6):  Failure to state a claim for breach of express warranty because those claims are not available to plaintiff, and to the extent that they are available, they are precluded by the Louisiana Products Liability Act;

10.      12(b)(6):  Failure to state a claim for redhibition/implied warranty because plaintiff has not alleged the elements of these claims, including the lack of a sale and privity with Frontier;

11.      12(b)(6):  Failure to state a claim for medical monitoring damages under Louisiana

law because plaintiff has not alleged the elements of this recovery, including the failure to allege a present and manifest injury;

12.    12(b)(6): Failure to state a claim for punitive damages under Louisiana law;

13.    12(b)(6): Failure to state a claim for attorney's fees under Louisiana law;

14.    12(b)(6): Failure to state a claim under the Mississippi Product Liability Act, Miss. Code Ann. §11-1-63, *et seq*.;

15.    12(b)(6): Failure to state a claim for negligence and/or strict liability under Mississippi law;

16.    12(b)(6): Failure to state a claim for breach of express warranty under Mississippi law;

17.    12(b)(6): Failure to state a claim for breach of implied warranty under Mississippi law;

18.    12(b)(6): Failure to state a claim for medical monitoring under Mississippi law because plaintiff has not alleged the elements of this recovery, including the failure to allege a present and manifest injury;

19.    12(b)(6): Failure to state a claim for punitive and/or exemplary damages under Mississippi law, including such damages under Miss. Code Ann. §11-1-65;

20.    12(b)(6): Failure to state a claim under the Alabama Extended Manufacturer's Liability Doctrine, Code of Ala., §6-5-521;

21.    12(b)(6): Failure to state a claim for breach of express warranty under Alabama law;

22.    12(b)(6): Failure to state a claim for breach of implied warranty under Alabama law;

23.     12(b)(6):  Failure to state a claim for medical monitoring under Alabama law;

24.     12(b)(6):  Failure to state a claim for punitive and/or exemplary damages, including

        such damages under Code of Ala. §6-11-23;

25.     12(b)(6):  Failure to state a claim for medical monitoring under Alabama law because

        plaintiff has not alleged the elements of this recovery, including the failure to allege

        a present and manifest injury;

26.     12(b)(6):  Failure to state a claim under the Texas Products Liability Act, Tex. Civ.

        Pract. & Rem.Code Ann. § 82.002, et seq.;

27.     12(b)(6):  Failure to state a claim for breach of express warranty under Texas law;

28.     12(b)(6):  Failure to state a claim for breach of implied warranty under Texas law;

29.     12(b)(6):  Failure to state a claim for medical monitoring under Texas law;

30.     12(b)(6):  Failure to state a claim for punitive and/or exemplary damages under Texas

        law;

31.     12(b)(6):  Failure to state a claim because plaintiff failed to make any particularized

        allegations regarding injuries and damages, and failed to make any particularized

        allegations connecting the plaintiff to conduct by any particular defendant;

32.     12(b)(6):  Failure to state a claim for injunctive relief;

33.     12(b)(6):  Failure to state a claim for class action relief/status;

34.     12(b)(6):  Failure to state a claim because plaintiff's claims are barred by the
        applicable prescriptive periods, statutes of limitations periods and/or statutes of
        repose periods;

35.     12(b)(6):  Failure to state a claim for joint, several and/or solidary liability among the
        defendants;

36.     12(b)(6):  Failure to state a claim for loss of consortium and/or society.

37.     12(e):  Motion for more definite statement of the complaint based on plaintiff's
        failure to make particularized allegations about their injuries and damages and failure
        to make any particularized allegations about any particular defendant's alleged
        conduct;

38.     Rule 21:  Improper joinder:  Failure to satisfy requirements for joinder of parties
        under FRCP 19 and 20;

39.     Rule 9(b):  Failure to plead fraud and misrepresentations with particularity; and

40.     Rule 23:  Failure to allege/demonstrate elements for class action.

In addition, Frontier asserts and preserves the following affirmative defenses:

Affirmative Defense 1:          Frontier affirmatively alleges that plaintiffs have not stated a
                                claim upon which relief can be granted.

Affirmative Defense 2:          Frontier affirmatively alleges that plaintiffs' claims may be
                                barred by the applicable prescriptive periods, statutes of
                                limitations periods and/or statutes of repose.

Affirmative Defense 3:          Frontier affirmatively alleges that plaintiffs have failed to
                                mitigate their damages as required by law.

Affirmative Defense 4:        Frontier affirmatively alleges that plaintiffs' claims may be barred in whole or in part by assumption of the risk, contributory negligence and/or comparative negligence.

Affirmative Defense 5:        Frontier affirmatively alleges that plaintiffs' claims may be barred by a lack of reliance.

Affirmative Defense 6:        Frontier affirmatively alleges that plaintiffs' claims may be barred by lack of causation, including lack of proximate cause.

Affirmative Defense 7:        Frontier affirmatively alleges that plaintiffs' damages may have been caused in whole or in part by product alteration, product abuse, product modification or product neglect.

Affirmative Defense 8:        Frontier affirmatively alleges that plaintiffs' claims may be barred in whole or in part by waiver, estoppel and/or laches.

Affirmative Defense 9:        Frontier affirmatively alleges that plaintiffs' claims may be barred because plaintiffs may have had knowledge of the allegedly dangerous condition of the trailers and deliberately and voluntarily exposed themselves to the allegedly dangerous condition of the trailers in spite of that knowledge.

Affirmative Defense 10:       Frontier affirmatively alleges that plaintiffs may not be entitled to recovery because Frontier did not know and/or could not reasonably have known under the then-existing technology about the allegedly dangerous characteristics of the plaintiffs' trailers.

Affirmative Defense 11:   Frontier affirmatively alleges that plaintiffs may not be entitled to recovery because Frontier did not know and/or could not reasonably have known under the then-existing technology about any alternative design to that used in the trailers at issue.

Affirmative Defense 12:   Frontier affirmatively alleges that plaintiffs may not be entitled to recovery because any alternative designs to that used in the trailers at issue were not feasible.

Affirmative Defense 13:   Frontier affirmatively alleges that in the event the Court finds plaintiffs have suffered any damages whatsoever, which is denied, the damages complained of resulted solely or substantially from the negligence, fault, or comparative fault of the plaintiffs through misuse and/or abuse and/or lack of maintenance of the travel trailers, failure to follow instructions for use, failure to heed applicable warnings, and/or through other acts or omissions which precludes recovery by plaintiffs or reduces any recovery by their respective percentages of fault.

Affirmative Defense 14:   Frontier affirmatively alleges that all damages complained of resulted solely or substantially from the negligence, fault or comparative fault of others from whom defendant is in no way responsible or liable.

Affirmative Defense 15:   Frontier affirmatively alleges that should this Court determine

that the subject travel trailers exhibit some defect, which is specifically denied, then said defect was apparent and obvious and could be easily avoided or remedied, precluding any recovery by plaintiffs which operates to reduce the recovery by plaintiffs' percentage of fault.

Affirmative Defense 16:   Frontier affirmatively alleges that all of the plaintiffs' claims against defendant are preempted or otherwise precluded by the statues, standards, regulations and rules propagated by the Federal Government and/or Department of Transportation, Housing and Urban Development, FEMA, any other federal agency, and/or the plaintiffs' lease agreements with FEMA.

Affirmative Defense 17:   Frontier alleges that plaintiffs' claims are barred, in whole or in part, by the principles of res judicata and/or collateral estoppel.

Affirmative Defense 18:   Frontier further pleads any and all defenses applicable and available to defendant under any controlling Alabama statutes.

Affirmative Defense 19:   Frontier further pleads any and all defenses applicable and available to defendant under any controlling Mississippi statutes.

Affirmative Defense 20:   Frontier further pleads any and all defenses applicable and available to defendant under any controlling Texas statutes.

Affirmative Defense 21:   Frontier further pleads any and all defenses applicable and

available to the defendant under any controlling Louisiana statutes.

Affirmative Defense 22:     Frontier further pleads all applicable defenses available under the Robert T. Stafford Disaster Relief and Emergency Assistance Act.

Affirmative Defense 23:     Frontier further pleads that it owed no duty to the plaintiffs in this case, and to the extent it is found to have owed a duty to the plaintiffs, Frontier asserts that it did not breach that duty.

Frontier reserves its right to rely upon any and all other such affirmative defenses as become available or apparent during the course of discovery, and reserves the right to amend this Master List of Preservation of Defenses to assert any and all such defenses.

Respectfully submitted,

**/s/ Randall C. Mulcahy**
LYON H. GARRISON, Bar No. 19591
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
GARRISON, YOUNT, FORTE & MULCAHY, LLC
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Attorneys for defendant, Frontier RV, Inc.
Email: rmulcahy@garrisonyount.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

*/s/Randall C. Mulcahy*
RANDALL C. MULCAHY, Bar No. 26436