UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION <br><br> This applies to all cases | MDL NO. 1873 <br><br> SECTION "N" (4) <br><br> JUDGE ENGELHARDT <br><br> MAGISTRATE CHASEZ |

### SILVER CREEK, INC.'S UNIVERSAL LIST OF DEFENSES AND MOTIONS TO BE PRESERVED

Pursuant to Pretrial Order No. 44 (Rec. Doc. No. 2759), defendant Silver Creek, Inc. ("Silver Creek" or "Defendant"), submits the following list of defenses and motions to be preserved in all of the suits currently pending in this MDL litigation and those that may be filed into this MDL litigation in the future.

Silver Creek lists the following motions to be preserved:

(1) Rule 12(b)(1): Lack of subject matter jurisdiction over claims;

(2) Rule 12(b)(3): Improper venue;

(3) Rule 12(b)(4),(5): Insufficient process and insufficiency of service of process;

(4) Rule 12(b)(6): Failure to state a claim under the Louisiana Products Liability Act;

(5) Rule 12(b)(6): Failure to state a claim for negligence or strict liability under Louisiana law;

(6) Rule 12(b)(6): Failure to state a claim for breach of express warranty because those claims are not available to plaintiff, and to the extent that they are available, they are precluded by the Louisiana Products Liability Act;

{B0608766.1}

(7)   Rule 12(b)(6): Failure to state a claim for redhibition/implied warranty) because plaintiff has not alleged the elements of these claims, including the lack of a sale and privity with Silver Creek;

(8)   Rule 12(b)(6): Failure to state a claim for medical monitoring damages under Louisiana law because plaintiff has not alleged the elements of this recovery, including the failure to allege a present and manifest injury;

(9)   Rule 12(b)(6): Failure to state a claim for punitive damages under Louisiana law;

(10)  Rule 12(b)(6): Failure to state a claim for attorney's fees under Louisiana law;

(11)  Rule 12(b)(6): Failure to state a claim under the Mississippi Product Liability Act, Miss. Code Ann. §11-1-63, *et seq.*;

(12)  Rule 12(b)(6): Failure to state a claim for negligence and/or strict liability under Mississippi law;

(13)  Rule 12(b)(6): Failure to state a claim for breach of express warranty under Mississippi law;

(14)  Rule 12(b)(6): Failure to state a claim for breach of implied warranty under Mississippi law;

(15)  Rule 12(b)(6): Failure to state a claim for medical monitoring under Mississippi law because plaintiff has not alleged the elements of this recovery, including the failure to allege a present and manifest injury;

(16)  Rule 12(b)(6): Failure to state a claim for punitive and/or exemplary damages under Mississippi law, including such damages under Miss. Code Ann. §11-1-65;

(17)  Rule 12(b)(6): Failure to state a claim under the Alabama Extended Manufacturer's Liability Doctrine, Code of Ala., §6-5-521;

(18)  Rule 12(b)(6): Failure to state a claim for breach of express warranty under Alabama law;

(19)  Rule 12(b)(6): Failure to state a claim for breach of implied warranty under Alabama law;

(20)  Rule 12(b)(6): Failure to state a claim for medical monitoring under Alabama law;

{B0608766.1}   2

(21) Rule 12(b)(6): Failure to state a claim for punitive and/or exemplary damages, including such damages under Code of Ala. §6-11-23;

(22) Rule 12(b)(6): Failure to state a claim for medical monitoring under Alabama law because plaintiff has not alleged the elements of this recovery, including the failure to allege a present and manifest injury;

(23) Rule 12(b)(6): Failure to state a claim under the Texas Products Liability Act, Tex. Civ. Pract. & Rem.Code Ann. § 82.002, et seq.;

(24) Rule 12(b)(6): Failure to state a claim for breach of express warranty under Texas law;

(25) Rule 12(b)(6): Failure to state a claim for breach of implied warranty under Texas law;

(26) Rule 12(b)(6): Failure to state a claim for medical monitoring under Texas law;

(27) Rule 12(b)(6): Failure to state a claim for punitive and/or exemplary damages under Texas law;

(28) Rule 12(b)(6): Failure to state a claim because plaintiff failed to make any particularized allegations regarding her injuries and damages, and failed to make any particularized allegations connecting the plaintiff to conduct by any particular defendant;

(29) Rule 12(b)(6): Failure to state a claim for injunctive relief;

(30) Rule 12(b)(6): Failure to state a claim for class action relief/status;

(31) Rule 12(b)(6): Failure to state a claim because plaintiff's claims are barred by the applicable prescriptive periods, statutes of limitations periods and/or statutes of repose periods;

(32) Rule 12(b)(6): Failure to state a claim for joint, several and/or solidary liability among the defendants;

(33) Rule 12(b)(6): Failure to state a claim for loss of consortium and/or society.

(34) Rule 12(e): Motion for more definite statement of the complaint based on plaintiff's failure to make particularized allegations about their injuries and damages and failure to make any particularized allegations about any particular defendant's alleged conduct;

(35) Rule 21: Improper joinder: Failure to satisfy requirements for joinder of parties under FRCP 19 and 20;

(36) Rule 9(b): Failure to plead fraud and misrepresentations with particularity;

(37) Rule 23: Failure to allege/demonstrate elements for class action

(38) 12(b)(6): Plaintiffs' state law claims are barred by federal preemption;

(39) 12(b)(6): Failure to state a claim for attorneys' fees;

(40) Article III Standing: Plaintiffs have failed to satisfy their burden of establishing Article III standing against the Defendants;

(41) 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the Defendants inasmuch as the applicable law precludes such reapportionment of fault and there is no market-share liability; The Defendants cannot be held responsible for more than its own share of any potential damage award and is not liable for the acts, errors or omissions of any other party or non-party to this litigation;

(42) 12(b)(6): Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are barred by their own negligence, contributory negligence, comparative negligence, assumption of risk, negligence per se, gross negligence, recklessness, willfulness, strict liability, and breach of implied warranties claims bars those claims (including, but not limited to, being barred by the exclusivity provisions of the Louisiana Products Liability Act);

(43) 12(b)(7): Failure to join necessary and indispensable parties, including but not limited to, the suppliers of the materials used in construction of the units and the manufacturers of the furniture or other FEMA mandated furnishings which contain formaldehyde;

(44) Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent plaintiffs seek damages for failure to warn about formaldehyde because Defendants complied with HUD guidelines and placed warnings in the housing units warning of the very dangers the plaintiffs allegedly suffered;

(45) Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent plaintiffs seek damages pursuant to La. C.C. Arts. 2524 and 1994, 1995, and 1997, as there is no basis for awarding same under the facts alleged in the compliant and applicable law;

(46) Rule 12(b)(6): Plaintiffs fail to state a failure to warn claim because they are charged with the knowledge of the federally mandated warnings regarding formaldehyde set forth in 24 C.F.R. § 3280, *et seq.*

In addition, Silver Creek asserts and preserves the following affirmative defenses:

Affirmative Defense 1: Silver Creek affirmatively alleges that plaintiffs have not stated a claim upon which relief can be granted.

Affirmative Defense 2: Silver Creek affirmatively alleges that plaintiffs' claims may be barred by the applicable prescriptive periods, statutes of limitations periods and/or statutes of repose.

Affirmative Defense 3: Silver Creek affirmatively alleges that plaintiffs may fail to mitigate their damages as required by law.

Affirmative Defense 4: Silver Creek affirmatively alleges that plaintiffs' claims may be barred in whole or in part by assumption of the risk, contributory negligence and/or comparative negligence.

Affirmative Defense 5: Silver Creek affirmatively alleges that plaintiffs' claims may be barred by a lack of reliance.

Affirmative Defense 6: Silver Creek affirmatively alleges that plaintiffs' claims may be barred by lack of causation, including lack of proximate cause.

Affirmative Defense 7: Silver Creek affirmatively alleges that plaintiffs' damages may have been caused in whole or in part by product alteration, product abuse, product modification or product neglect.

Affirmative Defense 8: Silver Creek affirmatively alleges that plaintiffs' claims may be barred in whole or in part by waiver, estoppel and/or laches.

Affirmative Defense 9: Silver Creek affirmatively alleges that plaintiffs' claims may be barred because plaintiffs may have

|                          | had knowledge of the allegedly dangerous condition of the trailers and deliberately and voluntarily exposed themselves to the allegedly dangerous condition of the trailers in spite of that knowledge. |
|---|---|
| Affirmative Defense 10: | Silver Creek affirmatively alleges that plaintiffs may not be entitled to recovery because Silver Creek did not know and/or could not reasonably have known under the then-existing technology about the allegedly dangerous characteristics of the plaintiffs' trailers. |
| Affirmative Defense 11: | Silver Creek affirmatively alleges that plaintiffs may not be entitled to recovery because Silver Creek did not know and/or could not reasonably have known under the then-existing technology about any alternative design to that used in the trailers at issue. |
| Affirmative Defense 12: | Silver Creek affirmatively alleges that plaintiffs may not be entitled to recovery because any alternative designs to that used in the trailers at issue were not feasible. |
| Affirmative Defense 13: | Defendants affirmatively allege that plaintiffs' claims may be barred by the government contractor defense as set forth in *Boyle v. United Technologies Corp.*, 487 U.S. 500, 101 L. Ed. 2d 442, 108 S. Ct. 2510 (1988). |
| Affirmative Defense 14: | Defendants affirmatively allege that plaintiffs' claims are barred based upon this Court's May 29, 2009 Order granting Defendants' Motion to Dismiss based upon federal preemption (Doc. No. 1629). |
| Affirmative Defense 15: | Defendants affirmatively allege that plaintiffs' claims for punitive damages cannot be sustained because an award of punitive damages would violate Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the Constitutions of the States of Louisiana, Alabama, Texas and Mississippi. |
| Affirmative Defense 16: | Defendants affirmatively allege that plaintiffs' alleged damages were the result of pre-existing conditions which were unrelated to any conduct of, or product placed in the stream of commerce by, Defendants. |

Affirmative Defense 17: Defendants affirmatively allege that plaintiffs' product liability causes of action are barred because the benefits of the product outweighed its risks.

Affirmative Defense 18: Defendants adopt and preserve all rulings of this Court that dismiss any claims within this MDL proceeding.

Silver Creek expressly reserves the right to supplement this list of preservation of defenses and motions.

Respectfully submitted,

s/Walter K. Jamison, III

Walter K. Jamison, III (La. Bar No. 07229)
Kraft Gatz Lane Benjamin, LLC
600 Jefferson Street, Suite 410
Lafayette, LA 70501
Telephone: (337) 706-1818
Facsimile: (337) 706-1828
*Attorneys for Defendant Silver Creek Homes, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system. Notice of this filing will be sent to all known counsel by operation of the court's electronic filing system. I also certify that I have mailed a copy of this filing to any non-CM/ECF participants by U.S. Mail, postage prepaid and properly addressed.

Lafayette, Louisiana, this 17th day of September, 2009.

s/Walter K. Jamison, III

Walter K. Jamison, III