UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER  FORMALDEHYDE PRODUCTS LIABILITY LITIGATION  This applies to all cases | MDL NO. 1873  SECTION "N" (4)  JUDGE ENGELHARDT  MAGISTRATE CHASEZ |

**THOR INDUSTRIES, INC.'S UNIVERSAL LIST OF DEFENSES AND MOTIONS TO BE PRESERVED**

Pursuant to Pretrial Order No. 44 (Rec. Doc. No. 2759), Thor Industries, Inc. ("Thor Industries" or "Defendant"), submits the following list of defenses and motions to be preserved in all of the suits currently pending in this MDL litigation and those that may be filed into this MDL litigation in the future.

Thor Industries lists the following motions to be preserved:

(1) Rule 12(b)(1): Lack of subject matter jurisdiction over claims;

(2) Rule 12(b)(3): Improper venue;

(3) Rule 12(b)(4),(5): Insufficient process and insufficiency of service of process;

(4) Rule 12(b)(6): Failure to state a claim under the Louisiana Products Liability Act;

(5) Rule 12(b)(6): Failure to state a claim for negligence or strict liability under Louisiana law;

(6) Rule 12(b)(6): Failure to state a claim for breach of express warranty because those claims are not available to plaintiffs, and to the extent that they are available, they are precluded by the Louisiana Products Liability Act;

(7) Rule 12(b)(6):  Failure to state a claim for redhibition/implied warranty) because plaintiffs have not alleged the elements of these claims, including the lack of a sale and privity with Thor Industries;

(8) Rule 12(b)(6):  Failure to state a claim for medical monitoring damages under Louisiana law because plaintiffs have not alleged the elements of this recovery, including the failure to allege a present and manifest injury;

(9) Rule 12(b)(6): Failure to state a claim for punitive damages under Louisiana law;

(10) Rule 12(b)(6):  Failure to state a claim under the Mississippi Product Liability Act, Miss. Code Ann. §11-1-63, *et seq.*;

(11) Rule 12(b)(6):  Failure to state a claim for negligence and/or strict liability under Mississippi law;

(12) Rule 12(b)(6):  Failure to state a claim for breach of express warranty under Mississippi law;

(13) Rule 12(b)(6):  Failure to state a claim for breach of implied warranty under Mississippi law;

(14) Rule 12(b)(6):  Failure to state a claim for medical monitoring under Mississippi law because plaintiffs have not alleged the elements of this recovery, including the failure to allege a present and manifest injury;

(15) Rule 12(b)(6):  Failure to state a claim for punitive and/or exemplary damages under Mississippi law, including such damages under Miss. Code Ann. §11-1-65;

(16) Rule 12(b)(6):  Failure to state a claim under the Alabama Extended Manufacturer's Liability Doctrine, Code of Ala., §6-5-521;

(17) Rule 12(b)(6):  Failure to state a claim for breach of express warranty under Alabama law;

(18) Rule 12(b)(6):  Failure to state a claim for breach of implied warranty under Alabama law;

(19) Rule 12(b)(6):  Failure to state a claim for medical monitoring under Alabama law;

(20) Rule 12(b)(6):  Failure to state a claim for punitive and/or exemplary damages, including such damages under Code of Ala. §6-11-23;

{B0610624.1}                                2

(21) Rule 12(b)(6): Failure to state a claim for medical monitoring under Alabama law because plaintiffs have not alleged the elements of this recovery, including the failure to allege a present and manifest injury;

(22) Rule 12(b)(6): Failure to state a claim under the Texas Products Liability Act, Tex. Civ. Pract. & Rem.Code Ann. § 82.002, et seq.;

(23) Rule 12(b)(6): Failure to state a claim for breach of express warranty under Texas law;

(24) Rule 12(b)(6): Failure to state a claim for breach of implied warranty under Texas law;

(25) Rule 12(b)(6): Failure to state a claim for medical monitoring under Texas law;

(26) Rule 12(b)(6): Failure to state a claim for punitive and/or exemplary damages under Texas law;

(27) Rule 12(b)(6): Failure to state a claim because plaintiffs failed to make any particularized allegations regarding plaintiffs' injuries and damages, and failed to make any particularized allegations connecting the plaintiffs to conduct by any particular defendant;

(28) Rule 12(b)(6): Failure to state a claim for injunctive relief;

(29) Rule 12(b)(6): Failure to state a claim for attorney's fees;

(30) Rule 12(b)(6): Failure to state a claim for class action relief/status;

(31) Rule 12(b)(6): Failure to state a claim because plaintiffs' claims are barred by the applicable prescriptive periods, statutes of limitations periods and/or statutes of repose periods;

(32) Rule 12(b)(6): Failure to state a claim for joint, several and/or solidary liability among the defendants;

(33) Rule 12(b)(6): Failure to state a claim for loss of consortium and/or society.

(34) Rule 12(e): Motion for more definite statement of the complaint based on plaintiff's failure to make particularized allegations about their injuries and damages and failure to make any particularized allegations about any particular defendant's alleged conduct;

(35)   Rule 21:  Improper joinder:  Failure to satisfy requirements for joinder of parties under FRCP 19 and 20;

(36)   Rule 9(b):  Failure to plead fraud and misrepresentations with particularity; and

(37)    Rule 23:  Failure to allege/demonstrate elements for class action.

In addition, Thor Industries asserts and preserves the following affirmative defenses:

Affirmative Defense 1:   Thor Industries affirmatively alleges that plaintiffs have not stated a claim upon which relief can be granted.

Affirmative Defense 2:    Thor Industries affirmatively alleges that plaintiffs' claims may be barred by the applicable prescriptive periods, statutes of limitations periods and/or statutes of repose.

Affirmative Defense 3:   Thor Industries affirmatively alleges that plaintiffs may fail to mitigate their damages as required by law.

Affirmative Defense 4:   Thor Industries affirmatively alleges that plaintiffs' claims may be barred in whole or in part by assumption of the risk, contributory negligence and/or comparative negligence.

Affirmative Defense 5:   Thor Industries affirmatively alleges that plaintiffs' claims may be barred by a lack of reliance.

Affirmative Defense 6:   Thor Industries affirmatively alleges that plaintiffs' claims may be barred by lack of causation, including lack of proximate cause.

Affirmative Defense 7:   Thor Industries affirmatively alleges that plaintiffs' damages may have been caused in whole or in part by product alteration, product abuse, product modification or product neglect.

{B0610624.1}                                4

| | |
|---|---|
| Affirmative Defense 8: | Thor Industries affirmatively alleges that plaintiffs' claims may be barred in whole or in part by waiver, estoppel and/or laches. |
| Affirmative Defense 9: | Thor Industries affirmatively alleges that plaintiffs' claims may be barred because plaintiffs may have had knowledge of the allegedly dangerous condition of the trailers and deliberately and voluntarily exposed themselves to the allegedly dangerous condition of the trailers in spite of that knowledge. |
| Affirmative Defense 10: | Thor Industries affirmatively alleges that plaintiffs may not be entitled to recovery because Thor Industries did not know and/or could not reasonably have known under the then-existing technology about the allegedly dangerous characteristics of the plaintiffs' trailers. |
| Affirmative Defense 11: | Thor Industries affirmatively alleges that plaintiffs may not be entitled to recovery because Thor Industries did not know and/or could not reasonably have known under the then-existing technology about any alternative design to that used in the trailers at issue. |
| Affirmative Defense 12: | Thor Industries affirmatively alleges that plaintiffs may not be entitled to recovery because any alternative designs to that used in the trailers at issue were not feasible. |
| Affirmative Defense 13: | Thor Industries affirmatively alleges that it is not a manufacturer of the travel trailers at issue in this litigation, and cannot be held liable for the plaintiffs' claims. |

Thor Industries expressly reserves the right to supplement this list of preservation of defenses and motions.

        Respectfully submitted,

        *s/Ryan E. Johnson*
        _____
        James C. Percy (La. Bar No. 10413)

        Ryan E. Johnson (La. Bar No. 26352)
        Jones, Walker, Waechter, Poitevent,
          Carrère & Denègre, L.L.P.
        8555 United Plaza Blvd., 5th floor
        Building Four
        Baton Rouge, LA  70809
        Telephone: (225) 248-2000
        Facsimile:  (225) 248-3080

        -and-

        Madeleine Fischer (La. Bar No. 5575)
        Nan Roberts Eitel (La. Bar No. 19910)
        Jones, Walker, Waechter, Poitevent,
          Carrère & Denègre, L.L.P.
        201 St. Charles Avenue, 49th floor
        New Orleans, LA   70170
        Telephone:  (504) 582-8000
        Facsimile:  (504) 589-8208

        *Attorneys for Defendant Thor Industries, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on this day, a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system.  Notice of this filing will be sent to all known counsel by operation of the court's electronic filing system.  I also certify that I have mailed a copy of this filing to any non-CM/ECF participants by U.S. Mail, postage prepaid and properly addressed.

    Baton Rouge, Louisiana, this 17th day of September, 2009.

                *s/Ryan E. Johnson*
            _____
                Ryan E. Johnson