UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE § | | MDL No. 1873 |
| PRODUCTS LIABILITY LITIGATION § | | |
| § | | SECTION N(5) |
| § | | |
| § | | |
| THIS DOCUMENT IS RELATED TO: § | | JUDGE ENGELHARDT |
| § | | |
| ALL CASES § | | MAGISTRATE CHASEZ |

_____

**MASTER PRESERVATION OF FEDERAL RULE OF
CIVIL PROCEDURE 12(B) DEFENSES
BY DEFENDANT FLUOR ENTERPRISES, INC.**

Defendant Fluor Enterprises, Inc. ("FEI"), hereby submits the following list of Federal Rule of Civil Procedure 12(b) defenses to be preserved in all cases consolidated in this multi-district litigation as set forth and allowed by Order of this Court [See Rec. Doc. 2759] dated August 18, 2009. FEI reserves the right to amend or supplement these defenses and to file appropriate preliminary pleadings and dispositive and other motions in any such cases.

1. Rule 12(b)(5) —Failure to properly effectuate service of process on Defendant.

2. 12(b)(1)—Plaintiffs lack standing.

3. 12(b)(3)—Improper venue as to any plaintiff who resides outside of the Eastern District of Louisiana.

4. 12(b)(6)—Plaintiffs fail to state a claim upon which relief can be granted against FEI.

- 2 -

5.     12(b)(6)—Plaintiffs fail to state a claim upon which relief can be granted because the claims against FEI are barred by the applicable prescriptive and peremptive periods, statute of limitations, estoppel, release, unclean hands or laches.

6.     Rule 12(b)(6)—Plaintiffs' claims are prescribed and Plaintiffs are not entitled to claim any tolling of the applicable prescriptive period as against FEI during the pendency of the putative class action.

7.     12(b)(6)—Failure to state a claim upon which relief can be granted against FEI under the Louisiana Products Liability Act ("LPLA"), because plaintiffs have not and cannot allege any set of facts that would establish that FEI is a "manufacturer" within the meaning of the LPLA.

8.     12(b)(6)—Plaintiffs fail to state a claim for negligence under Louisiana law.

9.     12(b)(6)—Plaintiffs fail to state a claim upon which relief can be granted because FEI owed no actionable duty to any of the plaintiffs.

10.    12(b)(6)—Failure to state a claim upon which relief can be granted inasmuch as plaintiffs have not specifically claimed any current injury, but rather has generally claimed unspecified current and future injuries.

11.    12(b)(6)—Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to recover attorneys fees which are not recoverable against FEI under Louisiana law, and plaintiffs have not alleged any other theory of liability through which they can recover attorneys' fees against FEI.

12.    12(b)(6)—Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several, or solidary, liability on the named defendants, as Louisiana law does not provide for solidary liability on the facts alleged.

13. Rule 12(b)(6)—Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' negligence, negligence per se, gross negligence, recklessness, failure to inspect, breach of implied warranty and " failing to act in a prudent manner" claims are barred by the exclusivity provisions of the Louisiana Products Liability Act, La. R.S. 9:2800.52 et seq.

14. Rule 12(b)(6)—Failure to state a claim upon which relief can be granted, as to the imposition of strict liability against defendant.

15. Rule 12(b)(6)—Failure to state a claim upon which relief can be granted, as plaintiffs have not alleged a specific or manifest injury or disease resulting from the alleged exposure, nor are plaintiffs entitled to medical monitoring damages to the extent plaintiffs seek same.

16. 12(b)(6)—Failure to state a claim upon which relief can be granted to the extent that plaintiffs later seeks to recover punitive damages under federal or Louisiana law, as such damages are precluded

17. 12(b)(6)— Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property or economic damages under Louisiana law inasmuch as such claims are precluded.  (*See also* Rec. Doc. 984.)

18. 12(b)(6)—Failure to state a claim upon which relief can be granted to the extent that it is determined that plaintiffs previously filed, and have pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this law suit.

19. 12(b)(6)—Plaintiffs fail to state a claim upon which relief can be granted on grounds that FEI is a government contractor that performed its work according to and in

compliance with specifications approved and mandated by the U.S. Government through the Federal Emergency Management Agency ("FEMA"). As such, plaintiffs' action, claims and demands are preempted and FEI is immunized from liability by the government contractor defense.

20. 12(b)(6)—Plaintiffs fail to state a claim upon which relief can be granted on grounds that FEI is a contractor that performed its work in accordance with the plans and/or specifications furnished to it by FEMA. As such, FEI is shielded from liability by La. R.S. 9:2771 and the *Spearin* doctrine.

21. Rule 12(b)(6)—Failure to state a claim upon which relief can be granted, to the extent plaintiffs seek damages under Louisiana Civil Code Articles 2524, 1994, 1995 and 1997.

22. Rule 12(b)(6)—Failure to state a claim upon which relief can be granted, as plaintiffs lack standing because they are not the purchasers or buyers of the unit(s) at issue.

23. Rule 12(b)(6)—Plaintiffs fail to state a claim upon which relief can be granted, because on the face of the pleadings it is clear that plaintiffs knew or should have known of their cause of action more than a year before the referenced action was filed, rendering all claims prescribed under Louisiana law. Plaintiffs are not entitled to claim any tolling of the applicable prescriptive period as against FEI during the pendency of the putative class action.

24. 12(b)(6)—Plaintiffs fail to state a claim upon which relief can be granted on grounds that pursuant to *Days v. National Radiator Corp.,* 128 So.2d 660 (La. 1961),

FEI's duties and obligations are limited to what is defined in the relevant contract between FEI and FEMA.

25. 12 (e): Motion for more definite statement of the complaint based on plaintiffs' failure to make particularized allegations about their injuries and damages and failure to make any particularized allegations about their injuries and damages and failure to make any particularized allegations about any particular defendants' alleged conduct.

26. FEI hereby adopts and incorporates all filings of applicable items listed in the preservation lists of similarly situated co-defendants in the MDL 07-1873 in all underlying cases, and all applicable Rule 12 and Rule 9 motions filed by similarly situated co-defendants in the MDL and underlying cases, is if copied herein *in extenso.*

27. Plaintiffs have failed to mitigate damages.

28. Plaintiffs' claims are barred because they are based upon actions taken by persons in response to a natural disaster.

29. FEI reserves the right to plead all other affirmative defenses or any other defenses under state or federal law, that it may become aware of or that may become applicable as a result of discovery in this matter or to any individual case.

Dated: September 17, 2009.

Respectfully submitted,

**MIDDLEBERG, RIDDLE & GIANNA**

BY:    */s/ Charles R. Penot, Jr.*
Charles R. Penot, Jr. (La. Bar No. 1530 &
Tx. Bar No. 24062455)
717 North Harwood, Suite 2400
Dallas, Texas 75201
Tel: (214) 220-6334; Fax: (214) 220-6807
cpenot@midrid.com

>             -and-
>
> Dominic J. Gianna, La. Bar No. 6063
> Sarah A. Lowman, La. Bar No. 18311
> 201 St. Charles Avenue, Suite 3100
> New Orleans, Louisiana 70170
> Telephone: (504) 525-7200
> Facsimile: (504) 581-5983
> dgianna@midrid.com
> slowman@midrid.com
>
>             -and-
>
> Richard A. Sherburne, Jr., La. Bar No. 2106
> 450 Laurel Street, Suite 1101
> Baton Rouge, Louisiana 70801
> Telephone: (225) 381-7700
> Facsimile: (225) 381-7730
> rsherburne@midrid.com
>
> **ATTORNEYS FOR FLUOR ENTERPRISES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2009, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sends notice of electronic filing to all counsel of record, including court-appointed liaison counsel, who are CM/ECF participants.

>             */s/ Charles R. Penot, Jr.*
>             **CHARLES R. PENOT, JR.**

4834-7706-9316