UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE:  FEMA TRAILER                                    MDL NO. 07-1873
         FORMALDEHYDE PRODUCTS
         LIABILITY LITIGATION                           SECTION N(5)

                                                        JUDGE ENGELHARDT

THIS DOCUMENT RELATES TO:                               MAGISTRATE CHASEZ
ALL CASES
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### SHAW ENVIRONMENTAL, INC.'S
### <u>MASTER PRESERVATION OF DEFENSES</u>

**NOW INTO COURT,** through undersigned counsel, comes defendant Shaw

Environmental, Inc. ("Shaw"), and pursuant to Pretrial Order No. 44 (Rec. Doc. 2759) and with a

full reservation of rights, submits the following list of defenses and motions to be preserved in all

suits currently pending in the captioned MDL proceeding and in all cases that may be filed or

transferred into this MDL in the future.  Shaw reserves the right to amend or supplement this list

of defenses and to file any other preliminary pleadings, dispositive motions or affirmative

defenses in any related matter in which it is now or subsequently named as a defendant and

properly served.

1.      Rule 12(b)(1): Plaintiffs lack standing.

2.      Rule 12(b)(3): Improper venue.

3.      Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted against Shaw.

4.      Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted because the claims against Shaw are barred by the applicable prescriptive and peremptive periods, statutes of limitations, statutes of repose, and/or laches.

5.      Rule 12(b)(4)(5): Insufficient process and insufficiency of service of process.

6.      Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted against Shaw under applicable state law governing products liability.

7.      Rule 12(b)(6): Plaintiffs fail to state a claim for negligence.

8.      Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted because Shaw owed no actionable duty to plaintiffs.

9.      Rule 12(b)(6): Plaintiffs fail to state a claim for breach of implied and/or express warranty.

10.      Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted inasmuch as plaintiffs have not specifically claimed any current injury, but rather have generally claimed unspecified current and future alleged injuries.

11.      Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted because plaintiffs make no particularized allegation regarding injury or damages and have not connected the conduct of Shaw to such injury or damages.

12.      Rule 12(b)(6): Plaintiffs fail to state a claim for recovery of attorneys' fees.

13.     Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon Shaw and the other named defendants.

14.     Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiffs seek to recover punitive and/or exemplary damages.

15.     Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiffs seek property or economic damages.  (*See also* Rec. Doc. 984.)

16.     Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiffs seek damages for medical monitoring.

17.     Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiffs seek damages for wrongful death and/or survival damages.

18.     Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiffs seek damages for loss of consortium and/or society.

19.     Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted to the extent it is determined that plaintiffs have pending another lawsuit arising out of the operative facts and circumstances made the subject of this lawsuit.

20.     Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted on grounds that Shaw is a government contractor that performed its work according to and in compliance with specifications approved and mandated by the U.S. government through the Federal Emergency Management Agency ("FEMA").  As such, plaintiffs' claims are preempted and Shaw is immunized from liability by the government contractor defense.

21.    Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted on grounds that Shaw is a contractor that performed its work in accordance with the plans and/or specifications furnished to it by FEMA.  As such, Shaw is shielded from liability by the *Spearin* doctrine and applicable state law.

22.    Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted inasmuch as Shaw's duties and obligations are limited to those defined in the relevant contract between Shaw and FEMA.

23.    Rule 12(b)(6): Plaintiffs fail to state a claim against Shaw insofar as Plaintiffs have not named Shaw Environmental, Inc. as a defendant and/or have named a different or nonexistent juridical entity as a defendant.

24.    Rule 12(b)(7): Plaintiffs have failed to join one or more parties under Rule 19.

25.    Rule 12(e): Motion for a more definite statement: Plaintiffs make no particularized allegations regarding injury or damages and have not connected the conduct of Shaw to such injury or damages.

26.    Rule 9(b): Plaintiffs fail to plead fraud and/or misrepresentation with particularity.

27.    Rule 21: Improper Joinder.

28.    Shaw hereby adopts each and every other defense stated by each defendant in all matters related to the captioned MDL proceeding insofar as such defenses are available to and not contrary to the best interests of Shaw.

**WHEREFORE,** pursuant to Pretrial Orders 36 (Rec. Doc. 1386) and 44 (Rec. Doc. 2759), defendant Shaw Environmental, Inc. prays that the defenses listed above be preserved until the underlying lawsuits are scheduled for trial at a later date.  Shaw reserves the right to brief any motion in full and to request oral argument on the merits of its motions.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

_____/s/ Catherine N. Thigpen_____
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000

**ATTORNEYS FOR DEFENDANT,
SHAW ENVIRONMENTAL, INC.**

### CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of September, 2009, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system

_____/s/ Catherine N. Thigpen_____