UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY | * | SECTION:  N(5) |
| LITIGATION | * | |
| | * | JUDGE: ENGELHARDT |
| This Document Relates to:  TO ALL CASES | * | |
| | * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## GULF STREAM COACH, INC.'S PRESERVATION LIST

NOW INTO COURT, through undersigned counsel, comes defendant, Gulf Stream

Coach, Inc. ("Gulf Stream"), pursuant to Pretrial Order No. 44 (Rec. Doc. 2759), who hereby

files a list of motions and defenses to be preserved in all of the suits currently pending in this

MDL and those that may be filed into this MDL in the future:

### *MOTIONS*

1. Rule 12(b)(1): Lack of subject matter jurisdiction over claims;
2. Rule 12(b)(2): Lack of personal jurisdiction;
3. Rule 12(b)(3): Improper venue;
4. Rule 12(b)(4),(5): Insufficient process and insufficiency of service of process;
5. Rule 12(b)(6): Failure to state a claim under the Louisiana Products Liability Act;
6. Rule 12(b)(6): Failure to state a claim for negligence, negligence per se, gross negligence, recklessness and willfulness or strict liability in tort under Louisiana law.
7. Rule 12(b)(6): Failure to state a claim for breach of express warranty because those claims are not available to plaintiff, and to the extent that they are available, they are precluded by the Louisiana Products Liability Act;
8. Rule 12(b)(6): Failure to state a claim for redhibition/implied warranty) because plaintiff has not alleged the elements of these claims, including the lack of a sale and privity with Gulf Stream;
9. Rule 12(b)(6): Failure to state a claim for medical monitoring damages under Louisiana law because plaintiff has not alleged the elements of this recovery, including the failure to allege a present and manifest injury;

10. Rule 12(b)(6): Failure to state a claim for punitive damages under Louisiana law;

11. Rule 12(b)(6): Failure to state a claim for attorney's fees under Louisiana law;

12. Rule 12(b)(6): Failure to state a claim under the Mississippi Product Liability Act, Miss. Code Ann. §11-1-63, *et seq.*;

13. Rule 12(b)(6): Failure to state a claim for negligence and/or strict liability under Mississippi law;

14. Rule 12(b)(6): Failure to state a claim for breach of express warranty under Mississippi law;

15. Rule 12(b)(6): Failure to state a claim for breach of implied warranty under Mississippi law;

16. Rule 12(b)(6): Failure to state a claim for medical monitoring under Mississippi law because plaintiff has not alleged the elements of this recovery, including the failure to allege a present and manifest injury;

17. Rule 12(b)(6): Failure to state a claim for punitive and/or exemplary damages under Mississippi law, including such damages under Miss. Code Ann. §11-1-65;

18. Rule 12(b)(6): Failure to state a claim under the Alabama Extended Manufacturer's Liability Doctrine, Code of Ala., §6-5-521;

19. Rule 12(b)(6): Failure to state a claim for breach of express warranty under Alabama law;

20. Rule 12(b)(6): Failure to state a claim for breach of implied warranty under Alabama law;

21. Rule 12(b)(6): Failure to state a claim for medical monitoring under Alabama law;

22. Rule 12(b)(6): Failure to state a claim for punitive and/or exemplary damages, including such damages under Code of Ala. §6-11-23;

23. Rule 12(b)(6): Failure to state a claim for medical monitoring under Alabama law because plaintiff has not alleged the elements of this recovery, including the failure to allege a present and manifest injury;

24. Rule 12(b)(6): Failure to state a claim under the Texas Products Liability Act, Tex. Civ. Pract. & Rem.Code Ann. § 82.002, et seq.;

25. Rule 12(b)(6): Failure to state a claim for breach of express warranty under Texas law;

26. Rule 12(b)(6): Failure to state a claim for breach of implied warranty under Texas law;

27. Rule 12(b)(6): Failure to state a claim for medical monitoring under Texas law;

28. Rule 12(b)(6): Failure to state a claim for punitive and/or exemplary damages under Texas law;

29. Rule 12(b)(6): Failure to state a claim because plaintiff failed to make any particularized allegations regarding her injuries and damages, and failed to make any particularized allegations connecting the plaintiff to conduct by any particular defendant;

30. Rule 12(b)(6): Failure to state a claim for injunctive relief;

31.   Rule 12(b)(6): Failure to state a claim because plaintiff's claims are barred by the applicable prescriptive periods, statutes of limitations periods and/or statutes of repose periods;

32.   Rule 12(b)(6): Failure to state a claim for joint, several and/or solidary liability among the defendants;

33.   Rule 12(b)(6): Failure to state a claim for loss of consortium and/or society.

34.   Rule 12(e): Motion for more definite statement of the complaint based on plaintiff's failure to make particularized allegations about their injuries and damages and failure to make any particularized allegations about any particular defendant's alleged conduct;

35.   Rule 12 (b)(6): Failure to state a claim upon which relief can be granted to the extent that any of the plaintiffs' claims are barred by the exclusivity provisions of the Louisiana Products Liability Act;

36.   Rule 12(b)(6): Failure to state a claim upon which relief can be granted inasmuch as the plaintiffs' claims are duplicative to the extent it is established that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit;

37.   Rule 21: Improper joinder: Failure to satisfy requirements for joinder of parties under FRCP 19 and 20;

38.   Rule 9(b): Failure to plead fraud and misrepresentations with particularity;

39.   Rule 56: Motions for Summary Judgment regarding issues for which Gulf Stream is entitled to judgment as a matter of law;

40.   Rule 26: Motions for Protective Order;

41.   Rule 26: Motions to Compel;

42.   Fed. R. Evid. 702: Any and all applicable Daubert motions regarding expert witnesses whose testimony and opinions should be barred by Rule 702

43.   Any and all applicable Motions in Limine regarding inadmissible evidence.

## _DEFENSES_

## FIRST DEFENSE

The Plaintiff's Complaint for Damages, as supplemented and amended, fails to state a

claim or cause of action against Gulf Stream Coach, Inc. upon which relief can be granted.

## SECOND DEFENSE

The claims against Gulf Stream Coach, Inc. are, or may be, barred in whole or in part by

Plaintiffs' failure to institute suit within the period of time required by the applicable statutes of

limitation and/or any applicable limitation of actions, or by pereemption or prescription, or
failure to initiate suit within the period of time required by the applicable prescriptive periods
and/or any limitation of actions contained in any applicable contracts.

### THIRD DEFENSE

Gulf Stream Coach, Inc. shows that it has supplied for FEMA travel trailers since at least
1992, and that its travel trailers were designed, constructed, and manufactured in conformity with
industry standards and in compliance with FEMA specifications.

### FOURTH DEFENSE

Gulf Stream Coach, Inc.'s travel trailers were manufactured according to the specifications
of the United States government, which had specific requirements regarding the design and
construction of the travel trailers.  Any alleged defect claimed herein, which is specifically denied,
is the result of the standards mandated by the United States government over which Gulf Stream
Coach, Inc. had no control.  Accordingly, Gulf Stream Coach, Inc. is immunized from liability by
the government contractor defense.

### FIFTH DEFENSE

Gulf Stream Coach, Inc. pleads to the extent applicable all defenses allowed under the
La. Health Emergency Powers Act, LSA--R.S. 29:771, and/or other Louisiana law.

### SIXTH DEFENSE

Gulf Stream Coach, Inc. specifically denies the existence of any defect or defects that would
render its product unreasonably dangerous under the Louisiana Products Liability Act, the limited
warranty, and/or any other applicable law, contract, or standard.

### SEVENTH DEFENSE

Gulf Stream Coach, Inc. reasserts as affirmative defenses the defenses raised in the

Manufacturing Defendants' Joint Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 210), including Gulf Stream Coach, Inc.'s joinder therein, and Gulf Stream's Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 1811), and incorporates the Court's Order and Reasons (Rec. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss and the Court's Order and Reasons (Rec. Doc. 2322) on Gulf Stream's Rule 12(b)(6) Motion to Dismiss, respectively, as if plead herein, *in extenso*, and asserts that all claims contrary to the orders are precluded.

## EIGHTH DEFENSE

Solely in the alternative, in the event the Court finds the plaintiff has suffered any damages whatsoever, the damages complained of resulted solely or substantially from the negligence, fault or comparative fault of the plaintiff through misuse and/or abuse and/or lack of maintenance of the travel trailers, failure to follow instructions for use, failure to heed applicable warnings, and/or through other acts or omissions which will be shown more fully at the trial of this matter and which preclude recovery by plaintiff or reduce any recovery by her respective percentage of fault.

## NINTH DEFENSE

Further in the alternative, all damages complained of resulted solely or substantially from the negligence, fault or comparative fault of third parties for whom Gulf Stream Coach, Inc. is not responsible.

## TENTH DEFENSE

Solely in the alternative, in the event this Court determines there was any defect in any travel trailer, which is specifically denied, said defect was apparent and obvious and could be easily avoided or remedied, precluding any recovery by plaintiff.

## ELEVENTH DEFENSE

All of the claims asserted against Gulf Stream Coach, Inc. are preempted or otherwise

precluded by the statutes, standards, regulations, and rules propagated by the Federal Government and/or HUD, and/or FEMA, and/or the plaintiff's lease agreement with FEMA.

## TWELFTH DEFENSE

Gulf Stream Coach, Inc. further pleads that plaintiff's claims are, or may be, barred, in whole or in part, to the extent that the Economic Loss Doctrine applies and incorporates Court's Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss as if plead herein, *in extenso*.

## THIRTEENTH DEFENSE

Claims against Gulf Stream Coach, Inc. are, or may be, barred in whole or in part by the doctrines of estoppel, release or waiver.

## FOURTEENTH DEFENSE

Any express warranty obligations that may be owed by Gulf Stream Coach, Inc. are strictly limited by the terms of the limited warranty, including all of its limitations and exclusions, which are pleaded herein, as if copied *in extenso*.

## FIFTEENTH DEFENSE

Upon information and belief, plaintiffs have failed to mitigate their damages.

## SIXTEENTH DEFENSE

In the event that discovery reveals the following, Gulf Stream Coach, Inc. specifically pleads that the accident and/or injuries sued upon herein occurred only and solely due to the substantial alteration and/or modification of the product sued upon herein, which alteration and/or modification was not foreseeable, after it left the hands of the manufacturer, which is specifically pleaded as a complete bar to any recovery against Gulf Stream Coach, Inc.

## SEVENTEENTH DEFENSE

Gulf Stream Coach, Inc. specifically pleads to the extent applicable, all defenses allowed under the Louisiana Products Liability Act, LSA--R.S. 9:2800.51 et. seq., and/or other Louisiana law.

### EIGHTEENTH DEFENSE

In the event that discovery reveals the following, Gulf Stream Coach, Inc. specifically pleads that the injuries sued upon herein occurred only and solely by virtue of the failure of the user/handler of the product to properly and adequately maintain, service and/or inspect said product in accordance with the Owner's Manual and/or instructions for use, which is specifically pleaded as a complete bar to any recovery against the Gulf Stream Coach, Inc.

### NINTEENTH DEFENSE

In the event that discovery reveals the following, Gulf Stream Coach, Inc. specifically pleads that the product sued upon herein was not in a reasonably anticipated use at any relevant time.

### TWENTIETH DEFENSE

In the event that discovery reveals the following, Gulf Stream Coach, Inc. specifically pleads that any alleged fault, negligence and/or strict liability attributed to Gulf Stream Coach, Inc., which is specifically denied, was not the proximate or legal cause of the injuries sued upon herein.

### TWENTY-FIRST DEFENSE

Gulf Stream Coach, Inc. specifically pleads that the subject trailer, including all component parts thereof, was properly designed, manufactured and distributed in accordance with the state of the art at the time the product left the hands of the manufacturer; and, therefore, there is no legal basis for any assessment of fault against Gulf Stream Coach, Inc.

**TWENTY-SECOND DEFENSE**

Gulf Stream Coach, Inc. avers that at the time the product left the manufacturer's control, the product met all the manufacturer's specifications and performance standards for the product and/or for otherwise identical products manufactured by the manufacturer.

**TWENTY-THIRD DEFENSE**

Alternatively, Gulf Stream Coach, Inc. affirmatively avers that in the event it is found liable in any way to plaintiff, which is denied, any liability on their part is merely joint liability and not joint and several, nor *in solido*, with the liability of other parties for whom it is not responsible.

**TWENTY-FOURTH DEFENSE**

Gulf Stream Coach, Inc. specifically pleads that its product was reasonably fit for ordinary use.

**TWENTY-FIFTH DEFENSE**

The exact damages/losses claimed by plaintiff are unknown to Gulf Stream Coach, Inc., and thus Gulf Stream Coach, Inc. cannot adequately determine all defenses that may be applicable to plaintiff's claims. Therefore, Gulf Stream Coach, Inc. expressly reserves by this reference the right to raise additional defenses to the extent that:

      a.      Additional defenses become applicable under state and federal law;

      b.      Additional defenses are established as discovery proceeds; and

      c.      Additional defenses are available under subsequently asserted theories of recovery.

### TWENTY-SIXTH DEFENSE

Pursuant to Federal Rule of Civil Procedure Rule 9, Gulf Stream Coach, Inc. specifically asserts that Alana Alexander lacks procedural capacity to sue on behalf of the minor, Christopher Cooper.  Upon information and belief, Christopher Cooper's father, believed to be Darren Cooper, is alive and residing in Atlanta, Georgia.  Moreover, it is Gulf Stream's understanding that no Court has established Alana Alexander's authority to act in a representative capacity on behalf of Christopher Cooper, rather than Darren Cooper.

### TWENTY-SEVENTH DEFENSE

Alana Alexander's and Christopher Cooper's claims are improperly joined with the claims of numerous other individuals and the joinder does not comply with Federal Rule of Civil Procedure 20.  Thus, their claims must be severed from the claims of the other named plaintiffs.

### TWENTY-NINTH DEFENSE

Gulf Stream Coach, Inc. specifically denies liability under Mississippi law, including but not limited to the Mississippi Product Liability Act, the negligence and/or strict liability laws of Mississippi, the express warranty law of Mississippi, the implied warranty law of Mississippi, any and all Mississippi laws regarding medical monitoring, and any and all Mississippi laws regarding punitive and/or exemplary damages.

### THIRTIETH DEFENSE

Gulf Stream Coach, Inc. specifically denies liability under Alabama law, including but not limited to the Alabama Extended Manufacturer's Liability Doctrine, the express warranty law of Alabama, the implied warranty law of Alabama, any and all Alabama laws regarding

medical monitoring, and any and all Alabama laws regarding punitive and/or exemplary

damages.

## THIRTY-FIRST DEFENSE

Gulf Stream Coach, Inc. specifically denies liability under Texas law, including but not

limited to the Texas Products Liability Act, the express warranty law of Texas, the implied

warranty law of Texas, any and all Texas laws regarding medical monitoring, and any and all

Texas laws regarding punitive and/or exemplary damages.

## THIRTY-SECOND DEFENSE

Gulf Stream Coach, Inc. requests a trial by jury.

Respectfully Submitted:

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK #18495
JOSEPH G. GLASS #25397**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700
(504) 837-3119 (FAX)
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON
Timothy D. Scandurro #18424
Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
(504) 529-6199 (FAX)
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

**C E R T I F I C A T E**

I hereby certify that on the 17th day of September, 2009, a copy of the foregoing Gulf Stream Coach, Inc., Preservation List was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495
andreww@duplass.com