UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873 <br><br> SECTION "N-4" <br><br> JUDGE ENGELHARDT |
| THIS DOCUMENT IS RELATED TO: <br> *Pujol, et al v. The United States of America, et al* <br> Civil Action No. No. 08-3217 | MAG. JUDGE CHASEZ |

**FEDERAL RULE OF CIVIL PROCEDURE RULE 12(B) PRESERVATION LIST FILED ON BEHALF OF HY-LINE ENTERPRISES, INC.**

Pursuant to Pre-Trial Order Number 44 (Dkt. No. 2759), Defendant, Hy-Line Enterprises, Inc. ("Hy-line"), respectfully submits for preservation the following specific Federal Rule of Civil Procedure Rule 9 and 12 defenses ("Preservation List") as they relate to the Complaint filed in *Pujol, et al v. The United States of America, et al*, Civil Action No. 08-3217 ("*Pujol's* Complaint") or any subsequent cases. Hy-Line files this Preservation List without prejudicing its right to assert any other allowable preliminary motions, pleadings, dispositive motions or affirmative defenses in this or any other case in which they are subsequently named and properly served. Furthermore, Hy-Line hereby incorporates and adopts all the items listed in the Preservation Lists of all the named defendants in the Multi-District Litigation, MDL No. 07-1873, in all of the underlying cases.

1165597
171437-1

As more fully set forth at length herein, Hy-Line raises and preserves the following affirmative defenses and motions including, but not limited to, the following:

1. Rule 12(b)(1) – Lack of subject matter jurisdiction over claims;

2. Rule 12(b)(3) - Improper venue;

3. Rule 12(b)(4), (5) – Insufficient process and insufficiency of service of process;

4. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted under the Louisiana Products Liability Act, the Mississippi Products Liability Act, the Alabama Products Liability Act, and/or the Texas Products Liability Act;

5. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted for negligence, negligence *per se*, gross negligence, recklessness and willfulness and/or strict liability in tort under the laws of Louisiana, Mississippi, Alabama, and/or Texas;

6. Rule 12(b)(6) –Failure to state a claim upon which relief can be granted for breach of express warranty because those claims are not available to plaintiff, and to the extent that they are available, they are precluded by the Louisiana Products Liability Act;

7. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted for redhibition/implied warranty because plaintiff has not alleged the elements of these claims, including but not limited to the lack of a sale and privity with Hy-Line;

8. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted for medical monitoring damages under Louisiana, Mississippi, Alabama, and/or

2

Texas law because plaintiff has not alleged the elements of this recovery, including but not limited to the failure to allege a present and manifest injury;

9. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted for punitive and/or exemplary damages under Louisiana, Mississippi, Alabama, and/or Texas law;

10. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted for attorney's fees under Louisiana, Mississippi, Alabama, and/or Texas law;

11. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted under the Alabama Extended Manufacturer's Liability Doctrine;

12. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted because plaintiff failed to make any particularized allegations regarding his/her injuries and damages, and failed to make any particularized allegations connecting any alleged injuries and/or damages to any conduct by any particular defendant;

13. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted for class action relief/status;

14. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted because plaintiff's claims are barred by the applicable prescriptive periods, statutes of limitation periods, and/or statutes of repose periods under the laws of Louisiana, Mississippi, Alabama, and/or Texas;

15. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted for joint, several and/or solidary liability among the defendants;

16. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted for loss of consortium and/or loss of society;

1165597
171437-1

17. Rule 12(b)(6) – Failure to state a claim upon which relieve can be granted to the extent that any of the plaintiff's claims are barred by the exclusivity provisions of the products liability acts of Louisiana, Mississippi, Alabama, and/or Texas;

18. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as the plaintiff's claims are duplicative to the extent it is established that any named plaintiff previously filed and has pending, another lawsuit arising out of the same operative facts and circumstance made the subject of this lawsuit;

19. Rule 12(e) – Motion for more definite statement of the complaint based on plaintiff's failure to make particularized allegations about his/her injuries and/or damages, and failure to make any particularized allegations about any particular defendant's alleged conduct;

20. Rule 21 – Improper joinder: failure to satisfy requirements for joinder of parties under FRCP 19 and 20;

21. Rule 9(b) – Failure to plead fraud and misrepresentations with particularity;

22. Rule 23 – Failure to allege/demonstrate elements for class action;

23. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically seek property damages inasmuch as such claims are precluded under applicable law;

24. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiff seeks to impose joint and several and/or solidary liability upon the manufacturing defendants inasmuch as the applicable laws preclude such reapportionment of fault;

25. Rule 12(b)(6) – Failure to state a claim for injunctive relief inasmuch as none of the theories invoked by plaintiff provides recovery for injunctive relief, and plaintiff have not alleged a sufficient basis to entitle them to injunctive relief;

26. Rule 12(b)(2) – Plaintiff has failed to establish that this Court has personal jurisdiction over Hy-Line;

27. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted because plaintiff was given adequate warnings;

28. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that plaintiff has not alleged actual damage and/or has failed to mitigate his/her damage;

29. Plaintiff has not sustained any damages proximately caused by Hy-Line;

30. Rule 12(b)(7) – Failure to join a necessary and indispensable party – (A) the suppliers of the materials used in construction of the product have not been added as parties; there is contractual indemnification provisions between certain defendants and the companies that contracted with defendant for manufacture of such homes; and (B) the manufacturers of the furniture or other FEMA mandated furnishings which contain formaldehyde.

Respectfully submitted:

BLUE WILLIAMS, L.L.P.

/s/ Thomas G. Buck

---

| | |
|---|---|
| THOMAS G. BUCK   T.A. | Bar No. 14107 |
| tbuck@bluewilliams.com | |
| JOHN C. HENRY | Bar No. 18948 |
| jhenry@bluewilliams.com | |
| BRETT W. TWEEDEL | Bar No. 30100 |
| btweedel@bluewilliams.com | |
| DAVID B. PARNELL, JR. | Bar No. 27031 |
| dparnell@bluewilliams.com | |

3421 North Causeway Boulevard, Suite 900
Metairie, LA  70002
TGB Direct Dial 504-830-4912
TGB Direct Facsimile 504-849-3029
Attorneys for defendant, Hy-Line Enterprises, Inc.

## CERTIFICATE OF SERVICE

I do hereby certify that I have on September 18, 2009, electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record. I further certify that I mailed the foregoing document by first-class mail to all non-CM.ECF participants.

/s/ Thomas G. Buck

---
THOMAS G. BUCK

1165597
171437-1