UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: FEMA TRAILER<br>        FORMALDEHYDE PRODUCTS<br>        LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION "N"  (5) |

THIS DOCUMENT RELATES TO
Member Case No. 09-2892

## RULINGS ON OBJECTIONS ON DEPOSITION TESTIMONY[1] AT TRIAL

Pursuant to the Court's previous Order, various deposition transcripts have been provided to the Court of witnesses whose testimony will be presented to the jury by way of those transcripts, in lieu of live appearance. To the extent that the submitted transcripts have objections by counsel on the selected portions for trial, the Court has also obtained from counsel their respective positions regarding such objections. With regard to the witnesses listed below, these objections are resolved as follows: **to the extent that the Court makes no mention of an objection in this Order, such objection is hereby OVERRULED**. As for each other objection, the following are **SUSTAINED**:[2]

---

[1] This Order pertains to the following witnesses: Stanley Larson (August 20, 2009), Michael Harder (August 20, 2009) Guy Nicholas Bonomo (August 21, 2009) and David Edward Garratt (July 7, 2009).

[2] When the Court sustains an objection, counsel presenting such testimony shall be responsible for editing the witness' videotape testimony accordingly.

1

**I.     Testimony of Stanley Larson (August 20, 2009)**

Page 23, Line 23 - Page 24, Line 3  –  Sustained - calls for witness to speculate.

**II.    Testimony of Michael Harder (August 20, 2009)**

No objections sustained.

**III.   Testimony of Guy Nicholas Bonomo (August 21, 2009)**

No objections sustained.

**IV.    Testimony of David Edward Garratt (July 7, 2009)**

Page 36, Lines 2-15  –  Sustained - cumulative.

Page 81, Line 6 - Page 82, Line 17 and Page 86, Line 15 - Page 87, Line 12  –  Sustained. Lack of personal knowledge, possibly calls for a legal conclusion as worded.

Page 137, Lines 10-14  –  Sustained.  Testimony relates to new FEMA specs.

Page 138, Line 15 - Page 139, Line 4  –  Sustained.  Improper question, lack of foundation.

Page 192, Lines 3-20  –  Sustained.  Relates to new FEMA standards.

Page 206, Lines 10-17  –  Sustained.  Lack of personal firsthand knowledge.

Page 212, Lines 12-14  –  Sustained. Rhetorical question.

Page 213, Line 14 - Page 214, Line 4  –  Sustained.  Lack of personal knowledge.

Page 218, Lines 1-11  –  Sustained.  Witness does not seem to have personal firsthand knowledge, but refers to his "belief" and/or "understanding."

Page 224, Line 7 - Page 225, Line 6 – Sustained.  Lack of knowledge as to policy: question as to "practice" would be permissible, but would make no sense on this transcript without the prior policy question, of which the witness has no knowledge.

New Orleans, Louisiana, this 21st day of September, 2009.

**KURT D. ENGELHARDT**
**United States District Court**