UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) | MDL NO. 07-1873 <br><br> SECTION "N-5" <br><br> JUDGE ENGELHARDT <br><br> Magistrate Judge Alma L. Chasez |
| THIS DOCUMENT RELATES TO: *Daigre, et al. v. Giles Family Holdings, Inc., et al.*, No. 09-3721 | | |

### GILES INDUSTRIES, INC.'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant Giles Industries, Inc., by and through its undersigned counsel, hereby submits this Memorandum in support of its Motion for Summary Judgment on Plaintiffs' claims on the basis that there is no genuine dispute of material fact, and Giles Industries, Inc. is therefore entitled to be dismissed as a matter of law.[1]  In support of this Memorandum, Giles Industries is filing concurrently herewith an Evidentiary Submission providing the evidentiary basis for the facts set forth herein.

### I.     INTRODUCTION

All of Plaintiffs' claims relate to the sale to FEMA of certain housing units after the landfalls of Hurricanes Katrina and Rita in August and September of 2005 and the provision of those housing units to Plaintiffs.  Contrary to Plaintiffs' assertions, however, Giles Industries, Inc. did not manufacture or sell any of these housing units to FEMA.  Rather, the housing units in question were sold to FEMA by a corporate entity from which Giles Industries, Inc. purchased

---

[1] A similar motion for summary judgment was filed by Giles Industries pertaining to the AMC (Rec. Doc. 295-2) which prompted the PSC to "amend in new corporate entities unrelated to . . . Giles Industries, Inc." in the First Supplemental and Amended AMC (Rec. Doc. 379). *See* July 17, 2008 Order (Rec. Doc. 541) (recognizing that, the "First Supplemental and Amended Master Complaint (Pacer No. 379) . . . dismisses Giles Industries, Inc. . . . from the AMC and the Pujols complaints.").

1

01829217.1

assets. Accordingly, Giles Industries, Inc. is not liable for any of the housing units at issue in this dispute and as a result, respectfully requests that this Honorable Court dismiss this action in its entirety.

## II.    MOTION FOR SUMMARY JUDGMENT

### A.    Standard of Review

Summary judgment is appropriate when the pleadings, affidavits, and other summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007). The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id*. The burden then shifts to the nonmovant to show the existence of a genuine fact issue for trial; however, the nonmovant may not rest upon allegations in the pleadings to make such a showing. *Id*. When deciding whether there is a genuine issue of material fact, the Court must view all evidence in the light most favorable to the non-moving party. *Id*.

### B.    As a Matter of Law, Giles Industries, Inc. Is Not Liable For Alleged Defects in Any Housing Units Sold On Or Before March 20, 2006.

#### 1)    Giles Industries, Inc. Did Not Assume Any Liabilities In The Purchase of Assets.

Although Giles Industries, Inc. happened to have acquired the name of its predecessor entity that manufactured and sold housing units to FEMA in the aftermath of Hurricanes Katrina and Rita, it is in no way liable for this predecessor entity's alleged conduct or for liability associated with its products.

It is a well established and generally accepted rule of law that where one corporate entity sells or otherwise transfers all of its assets to another corporate entity, the transferee is not liable

for the debts and liabilities of the transferor.  *See Joseph v. Apache Stainless*, 1999 U.S. Dist. LEXIS 18146, at *10 (E.D. La. Nov. 16, 1999); *Lloyd Noland Found., Inc. v. City of Fairfield Healthcare Auth.*, 837 So. 2d 253, 265 (Ala. 2002); *Huff v. Shopsmith*, 786 So. 2d 383, 387 (Miss. 2001); *Lockheed Martin Corp. v. Gordon*, 16 S.W.3d 127, 135 (Tex. App. 2000).

Here, it is undisputed that all housing units that were sold to FEMA under the name "Giles Industries" were manufactured and sold on or before March 4, 2006. See Exhibit 4 to Evidentiary Submission, ¶¶ 7-8  It is further undisputed that Giles Industries, Inc. did not manufacture or sell any of these units but rather, merely acquired the assets (and NOT the liabilities) of a company that did.  *See generally* Exhibit 4 to Evidentiary Submission.  As such, Giles Industries, Inc. is entitled to judgment as a matter of law.

### 2) Plaintiffs Cannot Offer Any Evidence In Support of Any Exception to the General Rule.

Traditionally, there are -- at most -- only four exceptions to this general rule against successor liability:

- When the successor expressly or impliedly agrees to assume the liabilities of the predecessor;

- When the transaction may be considered a de facto merger;

- When the successor may be considered a "mere continuation" of the predecessor; or

- When the transaction was fraudulent.

*Huff*, 786 So. at 388; *Joseph*, 1999 U.S. Dist. LEXIS 18146, at *10-11 (stating that the three exceptions to the general rule of no successor liability are "(1) when the successor expressly or impliedly agrees to assume obligations of the predecessor, (2) when the transaction was entered into to escape liability to third parties, and (3) when the purchaser is merely a continuation of the selling corporation including instances such as mergers, consolidations, and sale of all assets.");

3

*Lloyd Noland Found., Inc.*, 837 So. 2d at 265 (no successor liability "unless (1) there is an express agreement to assume the obligations of the transferor, (2) the transaction amounts to a de facto merger facto merger or consolidation of the two companies, (3) the transaction is a fraudulent attempt to escape liability, or (4) the transferee corporation is a mere continuation of the transferor."); *Lockheed Martin Corp. v. Gordon*, 16 S.W.3d 127, 135 (Tex. App. 2000) ("The Act [TEX. BUS. CORP. ACT art. 5.10(B)(2)] specifies that purchase of all or substantially all of the assets of the seller's corporation 'does not make the acquiring [entity] responsible or liable for any liability or obligation of the selling corporation' unless the acquiring entity expressly assumes the liability or the obligation, or unless another statute expressly provides to the contrary").

Importantly, the plaintiff carries the burden of showing that any one of these exceptions to the general rule against successor liability exists. *See generally Orion Ref. Corp. v. Dep't of Revenue*, 2005 Bankr. LEXIS 736 (Bankr. M.D. La. Apr. 27, 2005) ("[Plaintiff] has not met its burden of proving that [Defendant] is liable as [predecessor corporation's] successor."); *Owners Ass'n of Pecan Square, Inc. v. Capri Lighting, Inc.*, 1992 WL 186261, at *3 (Tex. App. 1992) ("We conclude that successor liability is a form of vicarious liability that the plaintiff, not the defendant, must plead"). *See also Jones v. Sig Arms, Inc.*, 2001 WL 1617187, at *4 (Tex. App. 2001); *Hall v. Tomball Nursing Center, Inc.*, 926 S.W.2d 617, 621 (Tex. App. 1996).

To this end, Plaintiffs cannot carry their burden of showing that Giles Industries, Inc. should be held liable under a theory of successor liability. To the contrary, the Affidavit and the Asset Purchase Agreement provided herewith unequivocally demonstrate that (1) there was no express or implied agreement to assume the obligations of the transferor and, in fact, there was an express agreement <u>not</u> to assume the liabilities of the transferor, (2) the Acquisition was not a

de facto merger but was an actual sale of assets, (3) the Acquisition was not a fraudulent attempt to escape liability but rather, a real arm's length transaction, and (4) the transferee corporation is not a mere continuation of the transferor since the new entities are subsidiaries of Southern Energy Homes.

As such, Giles Industries, Inc. is not liable for any conduct of its predecessor entity, and all claims asserted against it should be dismissed with prejudice.

### III. CONCLUSION

For the reasons set forth above, this Honorable Court should grant Giles Industries, Inc.'s Motion for Summary Judgment and dismiss it from this case.

       Respectfully submitted,

       /s/ *Stephanie Skinner*
       Stephanie Skinner
       One of the Attorneys for Giles Industries, Inc.

**OF COUNSEL:**

FOWLER RODRIGUEZ VALDES-FAULI
400 Poydras Street, 30th Floor
New Orleans, Louisiana 70130
Telephone: 504-523-2600
Fax: 504-523-2705

Lee E. Bains, Jr.
Thomas W. Thagard, III
Edward A. "Ted" Hosp
Edward S. Sledge IV
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2616
(205) 254-1000

01829217.1

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 24, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document by first-class mail to all counsel of record who are non-CM/ECF participants.

                                   */s/ Stephanie Skinner*
                                   Of Counsel

01829217.1