UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) ) | MDL NO. 07-1873 SECTION "N-5" JUDGE ENGELHARDT Magistrate Judge Alma L. Chasez |
| THIS DOCUMENT RELATES TO: *Daigre, et al. v. Giles Family Holdings, Inc., et al.,* No. 09-3721 | | |

**GILES INDUSTRIES, INC.'S
NARRATIVE STATEMENT OF UNDISPUTED FACTS
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant Giles Industries, Inc., by and through its undersigned counsel, hereby submits this Narrative Statement of Undisputed Facts in support of its Motion for Summary Judgment. In support of this Narrative Statement of Undisputed Facts, Giles Industries is filing concurrently herewith an Evidentiary Submission providing the evidentiary basis for the facts set forth herein.

**Narrative Statement of Undisputed Facts**

1. Plaintiffs filed *Daigre, et al. v. Giles Family Holdings, Inc., et al.,* No. 09-3721 (the "*Daigre* Complaint") against Giles Industries, Inc., Fluor Enterprises, Inc., and the United States of America. *See Daigre* Complaint.

2. Plaintiffs allege that a housing unit allegedly manufactured by Giles Industries contained harmful levels of formaldehyde due to defects in the manufacture of the housing unit. *Id.*

1

3. Based on alleged personal injuries purportedly resulting from exposure to this formaldehyde, Plaintiffs assert various state law claims against defendants, including Giles Industries. *Id*.

### 1) Source of the Housing Units At Issue.

4. All housing units that were sold to FEMA under the name "Giles Industries" were manufactured and sold on or before March 4, 2006. *See* Exhibit 1 to Evidentiary Submission, ¶¶ 7-8.

5. Manufactured homes manufactured and sold under the name "Giles Industries" before February 8, 2006 were manufactured and sold by a company named Giles Industries of Tazewell, Incorporated. *See* Exhibit 1 to Evidentiary Submission, ¶¶ 7-8 and Exhibit 2 to Evidentiary Submission.[1]

6. Giles Industries of Tazewell, Incorporated was a Tennessee corporation incorporated June 6, 1968. *See* Exhibit 2 to Evidentiary Submission.

### 2) Sale of Assets.

7. The assets of Giles Industries of Tazewell, Incorporated, a Tennessee corporation, were purchased on March 20, 2006 by Giles Acquisition Corp., an Alabama corporation (this transaction is hereinafter referred to as the "Acquisition"). *See* Exhibit 3 to Evidentiary Submission.

8. Under the terms of the Asset Purchase Agreement, Giles Acquisition Corp. acquired substantially all the assets of Giles Industries of Tazewell, Incorporated, specifically including "[a]ll of the inventory . . . including raw materials, work-in-process, finished goods

---

[1] The entity Giles Industries of Tazewell, Incorporated no longer exits under that name. *See* Exhibit 5 to Evidentiary Submission.

and inventory", and both companies' names and all of their respective patents, trademarks, service marks and trade names. *See* Exhibit 3 to Evidentiary Submission, §§ 1.2A(ii), (vii).

9. Under this same agreement, Giles Acquisition Corp. specifically and expressly did not assume any product liability and warranty claims:

> **1.4 Liabilities Not Assumed**. Other than the Assumed Liabilities, Purchasers shall not accept, assume, become or be liable for or subject to any liability, indebtedness, obligation or responsibility of Sellers or of any other person or entity in any way related to the ownership or operation, or both, of the Purchased Assets or the Business prior to the Closing Date [March 20, 2006], whether said liability, indebtedness, obligation or responsibility arises before or after the Closing.... **It is expressly agreed, without limiting the effect of the preceding sentence, that Purchasers shall not be obligated to assume or become liable for**, without Purchasers' express written consent, any of Sellers' liabilities, debts or commitments of any kind whatsoever, known or unknown, fixed or contingent, or, without limitation, . . . **liabilities which relate to any product liability or warranty claim with respect to products sold by Industries or SunRay or sold after the Closing Date but produced prior to the Closing Date ....**

*See* Exhibit 3 to Evidentiary Submission, §§ 1.3, 1.4 (emphasis added).

### 3) Change of Corporate Names.

10. Immediately following the Acquisition, both Giles Acquisition Corp. and Giles Industries of Tazewell, Incorporated changed their names to effectuate the transfer of the trade names and associated rights from the selling/predecessor Tennessee entity (Giles Industries of Tazewell, Incorporated) to the purchasing/successor Alabama entity (Giles Acquisition Corp.). *See* Exhibit 3 to Evidentiary Submission, § 9.5.

11. On March 21, 2006, the name of Giles Industries of Tazewell, Incorporated was changed to Giles Family Holdings, Inc. *See* Exhibit 4 to Evidentiary Submission.

12. Likewise, on March 23, 2006, the name of Giles Acquisition Corp. was changed to Giles Industries, Inc. *See* Exhibits 5 to Evidentiary Submission.

Wherefore, Giles Industries, Inc. hereby respectfully submits this Narrative Statement of Undisputed Facts in support of its Motion for Summary Judgment.

Respectfully submitted,

/s/ *Stephanie Skinner*
Stephanie Skinner
One of the Attorneys for Giles Industries, Inc.

**OF COUNSEL:**

FOWLER RODRIGUEZ VALDES-FAULI
400 Poydras Street, 30th Floor
New Orleans, Louisiana 70130
Telephone: 504-523-2600
Fax: 504-523-2705

Lee E. Bains, Jr.
Thomas W. Thagard, III
Edward A. "Ted" Hosp
Edward S. Sledge IV
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2616
(205) 254-1000

## **CERTIFICATE OF SERVICE**

  I hereby certify that on September 24, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document by first-class mail to all counsel of record who are non-CM/ECF participants.


             */s/ Stephanie Skinner*
             Of Counsel

5

01829238.1