# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION ) ) ) ) | MDL NO. 1873<br><br>SECTION "N" (4) |
| This applies to Bell, No. 09-2976 (E.D. La.) ) ) | JUDGE ENGELHARDT<br><br>MAGISTRATE CHASEZ |

## MEMORANDUM IN SUPPORT OF KEYSTONE'S MOTION TO SHORTEN DISCOVERY DEADLINE

Defendant, Keystone RV Company ("Keystone") submits this memorandum in support of its Motion to Shorten Discovery Deadline directed to bellwether plaintiff, Raymond Bell, III. Keystone is seeking expedited consideration of this motion.

## IMPORTANT FACTUAL BACKGROUND

On April 6, 2009, nearly six months ago, the Court entered Pretrial Order No. 34 in which it named Diana Bell as the bellwether plaintiff for claims against Keystone.[1] Two days later, the Court entered a scheduling order for the Bell/Keystone bellwether trial.[2] Because Ms. Bell was unwilling to serve as a bellwether plaintiff, Ms. Bell dismissed her claims with prejudice on September 23,

---

[1] Rec. Doc. No. 1299.

[2] Rec. Doc. No. 1308. This order was entitled "Trial IV Scheduling Order." Since that time, the Court has reordered the schedule of the bellwether trials, such that Keystone is now set as the third bellwether trial.

{B0612565.1}                                     1

2009.[3]   That same day, in a conference with the parties, the Court selected Raymond Bell, III, Diana Bell's son, as the replacement bellwether plaintiff.   The Court emphasized it would not adjust the trial date and that Mr. Bell's claims would go to trial on January 11, 2010.

Keystone served Mr. Bell with written discovery on September 25, 2009.[4]   Because of the fast-approaching trial date, Keystone asked the plaintiff to agree to October 15, 2009 as the response deadline for this discovery.[5]   Plaintiff refused to agree to this shortened deadline.[6]   Keystone was left with no choice but to file its motion.

## LAW AND ARGUMENT

Mr. Bell's responses to Keystone's written discovery requests are presently due by October 28, 2009.   Because of the January 11, 2010 trial date, Keystone is seeking an order from the Court requiring that Mr. Bell respond to discovery by October 15, 2009.

---

[3] Rec. Doc. No. 3688.

[4] Keystone has attached a copy of its first set of discovery requests to Raymond Bell, III as Exhibit "1" to this memorandum.

[5] *See* Exhibit "2" (September 25, 2009 email from Ryan Johnson).

[6] See Exhibit "3" (September 28, 2009 email string between Justin Woods and Ryan Johnson).

Rules 33 and 34 allow the Court to shorten the response time for interrogatories and document requests.[7]  As with other pretrial-discovery matters, the Court is vested with wide discretion to shorten discovery deadlines, when appropriate.  The Court should do so when the discovering party shows "good cause."[8]

"Good cause" exists for shortening Mr. Bell's response deadline for a number of reasons, including the following:

- The Court selected Raymond Bell, III as a replacement bellwether on September 23, 2009, *less than four months* before the current January 11, 2010 trial date.

- The written discovery sought by Keystone is narrowly tailored to the issues in this litigation, and will assist Keystone (and the other defendants) in preparing for the plaintiff's deposition, and, ultimately, preparing for trial.

- Keystone's experts may need to review and/or rely upon plaintiff's discovery responses in formulating their opinions.  If Mr. Bell doesn't respond until October 28, 2009 (or later if he seeks an extension of time),

---

[7] *See Vial v. First Commerce Corp., et al*, 1983 WL 1896 (E.D. La. 1983)("Rules 33(a), 34(b), and 36(a) of the Federal Rules of Civil Procedure provide that the court may shorten the time for each of these types of discovery.).

[8] *See Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Ca. 2002)("Good cause may be found where the need for expedited discovery, in consideration for the administration of justice, outweighs the prejudice to the responding party.").

> Keystone's experts will not have enough time to review the responses before having to submit their own reports.

- In requesting expedited responses by October 15, 2009, rather than an even shorter period of time, Keystone has attempted to balance plaintiff's need for sufficient time to respond, against Keystone's need for responses to prepare the matter for trial.

It is important to note that Keystone attempted reach an agreement and stipulation regarding the October 15, 2009 deadline. Under Rule 29(b), the parties can stipulate to a shortened response time for discovery. The plaintiff refused to agree to a shortened response time.[9]

In addition, pursuant to Pre-trial Order No. 10, Keystone states that this motion is opposed by plaintiffs.

## CONCLUSION

For the reasons explained in this memorandum, defendant Keystone requests that the Court enter an order shortening the plaintiff's deadline to respond to its outstanding discovery, from October 28, 2009, to October 15, 2009.

Respectfully submitted,

*s/Ryan E. Johnson*

James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
Jones, Walker, Waechter, Poitevent,
 Carrère & Denègre, L.L.P.

---

[9] *See* Exhibit "3."

{B0612565.1} 4

        8555 United Plaza Blvd., 5th floor
        Building Four
        Baton Rouge, LA  70809
        Telephone: (225) 248-2000
        Facsimile:  (225) 248-3080

        -and-

        Madeleine Fischer (La. Bar No. 5575)
        Nan Roberts Eitel (La. Bar No. 19910)
        Jones, Walker, Waechter, Poitevent,
          Carrère & Denègre, L.L.P.
        201 St. Charles Avenue, 49th floor
        New Orleans, LA   70170
        Telephone:  (504) 582-8000
        Facsimile:  (504) 589-8208

        *Attorneys for Defendant,*
         *Keystone RV Company*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this day, a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system.  Notice of this filing will be sent to all known counsel by operation of the court's electronic filing system.  I also certify that I have mailed a copy of this filing to any non-CM/ECF participants by U.S. Mail, postage prepaid and properly addressed.

    Baton Rouge, Louisiana, this 28th day of September, 2009.

                *s/Ryan E. Johnson*
            _____
                Ryan E. Johnson