UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

U. S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   SEP 2 4 2009

LORETTA G. WHYTE
CLERK

In Re: FEMA TRAILER

FORMALDEHYDE PRODUCTS
LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N" (5)

THIS DOCUMENT RELATES TO:
*Charlie Age, et al. V. Gulf Stream Coach, Inc.,
et al.,* Member Case No. 09-2892

## PROPOSED JURY INSTRUCTION

HERE, FLUOR CLAIMS THAT IT DID NOT INSTALL PLAINTIFFS' EHU.

INSTEAD, FLUOR ASSERTS THAT IT HIRED MLU SERVICES INC., WHICH IN TURN

HIRED DAN'S MOBILE HOME SERVICE TO INSTALL PLAINTIFFS' EHU.

IF YOU FIND THAT FLUOR CONTRACTED WITH THE TORTFEASOR OR

WRONGDOER TO DO SOMETHING FOR FLUOR, BUT DID NOT CONTROL HOW

HE DID IT OR WHEN HE DID IT, THEN YOU MUST CONCLUDE THAT THE

INDIVIDUAL IS AN INDEPENDENT CONTRACTOR RESPONSIBLE FOR HIS OWN

CONDUCT AND FLUOR  IS NOT RESPONSIBLE FOR HIS CONDUCT.



## PROPOSED INSTRUCTION:  CAUSATION

A defendant is only liable for damage caused by his fault, not from separate, independent, or intervening causes of damage, and it is the plaintiffs who bear the burden of proving that plaintiff's injuries are in fact attributable to a defendant.

Douchet v. Doug Ashy Bldg. Materials, Inc., 671 So.2d 1148 (La. App. 3d Cir. 1966); Rhodes v. State Through Dept. of Transp. and Development, 684 So.2d 1134 (La. App. 1st Cir. 1996), writ not considered, 688 So.2d 487 (La. 1991); Hurts v. Woodis, 676 So.2d 1166 (La. App. 1st Cir. 1996).

## PROPOSED INSTRUCTION:  [ALTERNATE] CAUSATION

In order to prove causation, the plaintiffs must show that plaintiffs would not have suffered the injuries but for Fluor Enterprises, Inc.'s conduct, and the plaintiffs must show that Fluor Enterprises, Inc.'s conduct was a substantial contributing factor in bringing about the harm and was not a remote or slight part.

Quick v. Murphy, 643 So.2d 1291 (La. App. 4th Cir. 1994); Lastrappes v. South Central Bell Telephone Co., 473 So.2d 115, 119 (La. App. 3d Cir. 1985); Doven v. Cessna Aircraft Co., 416 So.2d 1337 (La. App. 3d Cir. 1982); Rogers v. Parish of East Baton Rouge, 577 So.2d 1068, 1071 (La. App. 1st Cir. 1991).

## PROPOSED INSTRUCTION:  PRESCRIPTION DEFENSE

The defendants assert as a defense that plaintiffs' claim is barred by prescription. Prescription is a law that provides that a suit is barred if a plaintiff does not bring it within a prescribed period of time.  The time period within which the suit must be brought begins when the plaintiffs first knew, or by the exercise of reasonable care, should have known of their formaldehyde claim against defendants.

The applicable prescriptive period is one year, and the defendants claim that the plaintiffs' suit is barred here because the plaintiffs knew, or by the exercise of reasonable care should have known, more than one year before bringing this suit that their alleged injuries were caused by exposure to formaldehyde while living in the emergency housing unit.

La. Civ. Code art. 3492; Mistich v. Cordis Manufacturing Co., 607 So.2d 955, 956 (La. App. 4th Cir. 1992); Griffin v. Minberger, 507 So. 2d 821, 823 (La. 1987).

### PROPOSED INSTRUCTION:  LA. REV. STAT §9:2771

A contractor who performs work pursuant to plans and specifications provided by another party can not be held liable to any person injured as a result of that work unless the contractor had a justifiable reason to believe that following the plans and specifications would create a hazardous condition.

Therefore, if you find that Fluor Enterprises, Inc. is a contractor that performed its work in accordance with the plans and/or specifications furnished to it by the Government, then you must return your verdict in favor of Fluor Enterprises, Inc.

Nolan v. S & W Steel Fabricators, Inc., 600 So.2d 929, 932 (La. App. 2d Cir. 1992); Richard v. State Through DOTD, 610 So.2d 839 (La. App. 1st Cir. 1992); La. Rev. Stat. § 9:2771.

## PROPOSED INSTRUCTION:  NEGLIGENCE

I have instructed you that in order for Fluor Enterprises, Inc. to be liable to the plaintiffs, it is necessary for you to find that Fluor Enterprises, Inc.'s conduct was sub-standard in relation to the rule which applies to its conduct, and that Fluor Enterprises, Inc.'s conduct must have played a substantial part in causing the plaintiffs' injuries.

But there is a further finding that is necessary in order for you to render a verdict for the plaintiffs.  You must also consider whether a reasonable contractor, in doing or contemplating the acts or omissions with which Fluor Enterprises, Inc. is charged, would have considered the general kind of injury as those suffered in this case as one of the dangers created or enhanced by its conduct.  In other words, do you think that the standard applicable to Fluor Enterprises, Inc.'s conduct was meant to cover what happened to these plaintiffs?

Brown v. Tesack, 566 So.2d 955 (La. 1990).

## PROPOSED INSTRUCTION:  NEGLICENCE

The failure to take every precaution against every foreseeable risk or to use extraordinary skill, caution, and foresight is not negligence.

Smolinski v. Taulli, 276 So.2d 286 (La. 1973).