IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | § | MDL NO: 1873 |
| FORMALDEHYDE PRODUCTS | § | |
| LIABILITY LITIGATION | § | SECTION: N (5) |
| | § | |
| | § | JUDGE ENGLEHARDT |
| | § | |
| | § | MAGISTRATE CHASEZ |
| THIS DOCUMENT IS RELATED TO: | § | |
| *North American Catastrophe Services,* | § | |
| *Inc. v. Northfield Ins. Co.*, No. 09-3818 | § | |

OPPOSITION TO NORTHFIELD INSURANCE
COMPANY'S MOTION TO TRANSFER VENUE

Plaintiff North American Catastrophe Services, Inc. ("NACS") opposes
Defendant Northfield Insurance Company's motion to transfer from this Court to
the United States District Court for the Middle District of Florida on a number of
grounds. In short, Northfield has not carried its heavy burden of showing that
NACS' choice of forum should be disturbed in this case, and the relevant factors, in
addition to the insurance policy itself, favor litigation in this forum.

## Statement of Facts

NACS is a defendant in two actions pending in this Court styled as *Aldridge, et al., v. Gulf Stream Coach, Inc., et al.,* No. 07-9228, and *Montrell Sinegar, et al. v. Forest River, Inc., et al.,* No. 09-2926. In both of these actions, plaintiffs allege that NACS, among others, received a contract from the U.S. government to identify, select, and procure temporary housing units for those displaced by Hurricanes Katrina and Rita. Plaintiffs further allege that NACS negligently selected certain travel-trailers and that it knew or should have known that the travel-trailers were inappropriate for extended habitation.

This Court has appropriately exercised jurisdiction over the two underlying suits, as NACS engaged in commerce here with respect to the activities and claims which are the subject of the underlying litigation, the housing units were provided to the underlying plaintiffs here, and plaintiffs' injuries are alleged to have been sustained here.

Based on the allegations in the underlying personal injury suits, NACS filed this declaratory judgment action against Northfield, NACS' general liability insurer. Northfield issued an insurance policy providing coverage for sums that NACS becomes legally obligated to pay as damages because of "bodily injury" or "property damage." NACS seeks defense and indemnity under the policy of insurance issued by Northfield for the claims of the plaintiffs in the underlying lawsuits.

**Argument & Authorities**

I.   **The policy of insurance issued by Northfield gives NACS the exclusive right to select the forum for this dispute**

An endorsement to the insurance policy issued by Northfield to NACS provides as follows:

SERVICE OF SUIT

> It is agreed that in the event of our failure to pay any amount claimed to be due hereunder, we, at your request, will submit to the jurisdiction of any court of competent jurisdiction within the United States of America and will comply with all requirements necessary to give such court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such court. …[1]

Both the U.S. Fifth Circuit and this Court, interpreting almost identical provisions, have held that this clause gives the policyholder the right to select the forum.[2] These decisions "[turn] not on the use of the word 'jurisdiction,' and not on venue or forum, but on the contract's giving one party the exclusive right to choose the forum of any proceedings."[3] Thus, the policy language—together with the well-settled principle that any ambiguities in an insurance contract are construed against the drafter of the policy—give NACS the right to choose which forum will hear its claims. NACS' selection of this forum therefore obligates Northfield to defend against NACS' claims—to the extent it can—in the Eastern District of Louisiana.

---

[1] *See* Northfield Insurance Company policy No. CP494600, previously attached as Exhibit A to Northfield Insurance Company's Memorandum in Support of Motion to Transfer Venue for Convenience to Middle District of Florida Pursuant to 28 U.S.C. § 1404(A).

[2] *See City of Rose City v. Nutmeg Insurance Company*, 931 F.2d 13, 16 (5th Cir. 1991); *Shrimp Louisiana Gulf, L.L.C. v. Scottsdale Insurance Company*, 2007 WL 4291146, *2 (E.D.La. 2007).

[3] *See City of New Orleans v. Municipal Administrative Services*, 376 F.3d 501, 505 (5th Cir. 2004).

## II.    Northfield cannot meet its heavy burden of showing that the balance of conveniences overcomes the strong presumption in favor of NACS' choice of forum

The burden of showing the necessity of a transfer under 28 U.S.C. § 1404(a) is on the party seeking the transfer.[4] The burden is a heavy one.[5] The party seeking the transfer must make out a strong case for the transfer and must show by more than a preponderance of the evidence that the trial will more conveniently proceed and the ends of justice will be better served by the transfer. The discretion as to whether to transfer venue rests within the sound discretion of this Court.[6] Nevertheless, the U.S. Supreme Court holds that a plaintiff's choice of forum is presumptively correct.[7]

In this case, each of Northfield's arguments for transfer is flawed, and in fact does not weigh toward transfer. Because Northfield fails to meet its burden of showing that the balance of conveniences heavily outweighs the strong presumption of NACS' choice of forum, transfer is not warranted in this case.

### a.  Private interest factors weigh in favor of resolving this dispute in the Eastern District of Louisiana

A plaintiff's choice of forum is often the most important factor in a transfer of venue analysis, and it is rarely disturbed.[8] Although the weight of a plaintiff's choice of forum can be lessened where there is little connection between the

---

[4] *See* 28 U.S.C. § 1404(a).
[5] *See Sonic Drive-In of Alexandria v. Dronet*, 968 F.Supp. 303 (E.D.La. 1997).
[6] *See Dronet*, 968 F.Supp. 303.
[7] *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 265-66 (1981).
[8] *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).

complaint and the chosen forum, that is certainly not the case here.[9] In this case, Northfield's duties of defense and indemnity arise entirely from the allegations of local plaintiffs which arise from events allegedly occurring here.

Moreover, Northfield's suggestion that witnesses to the dispute underlying this declaratory judgment action may be inconvenienced is misguided. First and foremost, Northfield's duty to defend does not require witness testimony. That is, to determine whether Northfield has a duty to defend NACS, this Court need only compare the complaints in the underlying lawsuits and the insurance policy issued by Northfield. Northfield fails to demonstrate how its burden of proof to deny defense and indemnity is impacted by the resolution of this dispute in the Eastern District of Louisiana.

In addition, this is merely a matter of contractual interpretation of an insurance policy.[10] Northfield suggests that certain witnesses may be required to ascertain the intent of the parties to this coverage dispute. To the extent that this contention has merit, it is well-settled that the mere fact that a party may wish to call witnesses who reside in the transferee district is not sufficient, unless the party shows that the witnesses will not attend, or will be severely inconvenienced, if the litigation proceeds in the forum district. Northfield makes no such showing in its motion to transfer.

---

[9] *See Triad v. Intern. Maintenance Corp. v. Aim Aviation, Inc.*, 473 F.Supp.2d 666 (M.D. N.C. 2006).

[10] *See, e.g., Sandvik, Inc. v. The Continental Insurance Company*, 724 F.Supp. 303, 309 (E.D.N.J. 1989).

### b.  Public interest factors weigh in favor of resolving this dispute in the Eastern District of Louisiana

Choice of state law is not a consideration in determining whether this case should be transferred, as the transferee court must apply the state law that would apply even if there is no transfer. While the forum's familiarity with governing law is a relevant factor, federal courts are accustomed in diversity actions to applying laws foreign to the law of their particular state. Assuming without conceding that the law of a state other that Louisiana might apply to this dispute, surely Northfield does not contend that the Eastern District of Louisiana is inexperienced in applying the laws of other states to a wide variety of disputes.

Finally, to the extent that Northfield invokes "the interests of justice" in support of its motion to transfer, it is significant that the events giving rise to this coverage dispute are alleged to have occurred here. Louisiana—vis-à-vis Florida—has a much greater interest in ensuring that its laws apply to the dispute at the heart of this declaratory judgment action.

### Conclusion

Each of the factors relied on in Northfield's motion is either neutral or weighs against transferring the case out of Louisiana. Because Northfield's motion fails to meet its burden of showing that convenience factors outweigh NACS' right as a plaintiff to choose its forum, Northfield's motion to transfer should be denied.

Respectfully submitted,


/s/ Kevin F. Bruce
John E. Galloway, Bar #5892
Kevin F. Bruce, Bar #31071
GALLOWAY, JOHNSON,
TOMPKINS,
BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone: (504) 525-5802
Facsimile: (504) 525-2456

**Attorneys for North American
Catastrophe Services, Inc.**

## Certificate of Service

I hereby certify that on the 29th of September a copy of the foregoing was filed

electronically with the Clerk of Court using the CM/ECF system which will send a

notice of electronic filing to all counsel of record by operation of the Court's

electronic filing system.


/s/ Kevin Bruce