**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                                 MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION               SECTION N-5
                                                                 JUDGE ENGELHARDT
                                                                 MAG. JUDGE CHASEZ

**This Document Relates to:**
***Diana Bell, et. al. v. Keystone RV Co., et. al.*, Case No.09-2967**

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THE UNITED STATES OF AMERICA'S MEMORANDUM IN RESPONSE AND**
**OPPOSITION TO "MOTION TO SUBSTITUTE BELLWETHER PLAINTIFF**
**OR IN THE ALTERNATIVE TO CONTINUE TRIAL" (Doc. Rec. 4164)**

The United States of America pursuant to the Court's Order (Doc. Rec. 4259) submits

this memorandum in response and opposition to Plaintiffs' Steering Committee's ("PSC")

"Motion To Substitute Bellwether Plaintiff Or In The Alternative To Continue Trial" (Doc. Rec.

4164). The Court should deny PSC's motion because PSC and Mr. Raymond Bell III ("Mr.

Bell") have failed to establish good cause to alter and modify the January 11, 2010, trial date.

Further, to the extent that Mr. Bell asserts that he intends to intentionally refuse to cooperate and

comply with this Court's Order so that his action can be brought to trial on January 11, 2010, the

Court, pursuant to Fed. R. Civ. P. 16(f) and 41(b), should dismiss his claim with prejudice

because his intentional and willful refusal to comply with the Court's Order will substantially

delay and interfere with the Court and parties' opportunity to assess the merits of claims in this

Multi-District Litigation action being made by persons who resided in trailers occupied by a

smoker.

## STANDARD OF REVIEW

**I.      Federal Rule of Civil Procedure 16(b) &(f).**

The Federal Rules of Civil Procedure authorize a Court to set a trial date.  *See* Fed. R.

Civ. P. 16(b)(3)(B)(vi).  Further, any such trial date "may be modified only for good cause and

with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Consistent with the authority vested in the

trial court by Fed. R. Civ. P. 16, the Fifth Circuit gives the district court "'broad discretion to

preserve the integrity and purpose of the pretrial order." *Turnage v. Gen. Elec. Co.*, 953 F.2d

206, 208 (5th Cir.1992) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir.1990)).

Rule 16(b) requires that a party demonstrate good cause to modify a trial date.  *See generally*

*Tunica-Biloxi Indians of Louisiana v. Pecot*, 227 F.R.D. 271, 276-77 (W.D. La. 2005). The

"good cause" standard requires the "party seeking relief to show that the deadlines cannot

reasonably be met despite the diligence of the party needing the extension." *Southwestern Bell*

*Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir.2003) (quoting 6A Charles Alan Wright,

et al., Federal Practice and Procedure § 1522.1 (2d ed.1990)). "[T]he good cause showing

unambiguously centers on [the mover's] diligence." *STMicroelectronics, Inc. v. Motorola, Inc.*,

307 F.Supp.2d 845, 851 (E.D. Tex. 2004); *see also Verhoeven v. Balboa Ins. Co.*, No. 06-4891,

2007 WL 4374222, at *7 (E.D. La. 2007) (absence of prejudice to the non-moving party is

irrelevant to whether there exists good cause); *Porter v. Milliken & Michaels, Inc*, 2001WL

378687 *1 (E.D. La. 2001) (same).

In *Dilmar Oil Co, Inc. v. Federated Mut. Ins. Co.*, 986 F.Supp. 959, 980 (D. S.C.1997),

the court explained:

Rule 16(b)'s "good cause" standard is much different than the more lenient

> standard contained in Rule 15(a).  Rule 16(b) does not focus on the bad
> faith of the movant, or prejudice to the opposing party.  Rather, it focuses
> on the diligence of the party seeking leave to modify the scheduling order
> to permit the proposed amendment.  Properly construed, "good cause"
> means that scheduling deadlines cannot be met despite a party's diligent
> efforts.  In other words, this court may "modify the schedule on a showing
> of good cause if [the deadline] cannot be met despite the diligence of a
> party seeking the extension."

*Id*. at 980 (citations omitted).  *See also Ordemann v. Unidentified Party*, 2008 WL 695253 *2

(E.D. La. 2008) (inexplicable delay and failure to timely move to alter scheduling deadline "is

tantamount to no explanation at all").

Furthermore, Fed. R. Civ. P. 16(f) authorizes that "[o]n motion or on its own, the court

may issue any just orders . . . if a party or its attorney . . . fails to obey a scheduling or other

pretrial order."  Fed. R. Civ. P. 16(f).  The same criteria developed for evaluating dismissals for

failure to prosecute or obey a court order under Fed. R. Civ. P. 41(b) are to be applied in a Rule

16(f) case.  *See Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1518-19 (5th

Cir.1985).

## II.   Federal Rule of Civil Procedure 41(b).

Federal Rule of Civil Procedure 41(b) provides that:

> If the plaintiff fails to prosecute or comply with these rules or a court order
> a defendant may move to dismiss the action or any claim against it.
> Unless the dismissal order states otherwise, a dismissal . . . operates as an
> adjudication on the merits.

Fed. R. Civ. P. 41(b).  Although the text of rule 41(b) suggests the defendant needs to move for

dismissal, district courts have the inherent power to raise the possibility of dismissal *sua sponte*.

*Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir.1997) (disobeying court order) (citations

omitted).  "The power to invoke this sanction is necessary in order to prevent undue delays in the

disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962) (failure to prosecute).

Dismissal under Fed. R. Civ. P. 41(b) is authorized when: (1) the failure to comply with the court's order results from wilfulness or bad faith, and not from the inability to comply; and (2) the deterrent value cannot be substantially achieved by the use of less drastic sanction. *See generally Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511, 514 (5th Cir. 1985) (addressing dismissal with prejudice under Rule 37 for failure to comply with discovery order). Other factors that a court may consider in determining whether to dismiss an action for failure to comply with an order include whether the other party's preparation for trial was substantially prejudiced or when neglect and failure to comply is plainly attributable to the client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders. *Id*. *See also Marshall v. Segona, 621 F.2d 763, 768 (5th Cir.1980)*; *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir.1978). Dismissals with prejudice are reserved for the cases where the requisite factors of delay and ineffective lesser sanctions are bolstered by an aggravating factor such as delay resulting from intentional conduct, delay caused by the plaintiff personally, and delay causing prejudice to the defendant. *See Clofer v. Perego*, 106 F.3d 678 (5th Cir. 1997) (failure to prosecute).

## ARGUMENT

The Court should deny PSC's Motion because Mr. Bell has failed to establish "good cause" to either withdraw as the Keystone Bellwether Plaintiff or continue the January 11, 2010, trial date. PSC's arguments asserting that there exists "good cause" simply repeat the arguments that have been previously considered and rejected by the Court during the bellwether selection

process.  Given the absence of any new information, the Court should deny PSC's Motion.

Further, Plaintiffs' Liaison Counsel ("PLC") has indicated to the United States during informal conversations regarding this matter, that in the event that the Court refuses to comply with Mr. Bell's demand and postpone his trial, Mr. Bell intends to disobey the Court's Order and not respond to discovery requests or appear for trial on January 11, 2010.  The United States has not had an opportunity to speak with Mr. Bell, nor has PSC submitted any documentation demonstrating that this is in fact the course of action Mr. Bell will take in the event the Court denies PSC's Motion.  However, given the substantial costs and expense associated with preparing for trial, the United States requests that the Court make a determination whether Mr. Bell intends to comply with or intentionally disobey the Court's Order to proceed to trial on January 11, 2010.  In the event that the Court is satisfied that Mr. Bell intends to intentionally disobey the Court's Order, the United States requests that the Court dismiss Mr. Bell's claims with prejudice, pursuant to Fed. R. Civ. P. 16(f) and 41(b), for failure to prosecute and for refusing to comply with the Court's Order that he proceed to trial on January 11, 2010.

## CONCLUSION

For all of these reasons the Court should deny PSC's Motion, and in the event that Mr. Bell refuses to comply with the Court's Order and prosecute his case to trial on January 11, 2010, the Court, pursuant to Fed. R. Civ. P. 16(f) and 41(b), should dismiss his claims with prejudice.

Dated: September 30, 2009.                Respectfully Submitted,

TONY WEST                     ADAM BAIN
Assistant Attorney General, Civil Division      Senior Trial Counsel

J. PATRICK GLYNN             ADAM DINNELL
Director, Torts Branch, Civil Division       MICHELLE BOYLE
                                     MICHELE GREIF
DAVID S. FISHBACK            JONATHAN WALDRON
Assistant Director                 Trial Attorneys

OF COUNSEL:                *//S// Henry T. Miller*
JORDAN FRIED              HENRY T. MILLER (D.C. Bar No. 411885)
Associate Chief Counsel        Senior Trial Counsel
                                     United States Department of Justice
JANICE WILLIAMS-JONES   Civil Division – Torts Branch
Trial Attorney                  P.O. Box 340, Ben Franklin Station
FEMA/DHS                    Washington, D.C. 20004
Department of Homeland Security   Telephone No: (202) 616-4223
Washington, D.C. 20472        E-mail: Henry.Miller@USDOJ.Gov

                                     Attorneys for the United States of America

## CERTIFICATE OF SERVICE

     I hereby certify that on September 30, 2009, the foregoing document was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison Counsel.

                                *//S// Henry T. Miller*
                                HENRY T. MILLER (D.C. Bar No. 411885)