UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER )<br>FORMALDEHYDE PRODUCTS )<br>LIABILITY LITIGATION )<br>)<br>This applies to all cases )<br>) | MDL NO. 1873<br><br>SECTION "N" (4)<br><br>JUDGE ENGELHARDT<br><br>MAGISTRATE CHASEZ |

**GIBRALTAR INSURANCE COMPANY, LTD.'S LIST OF DEFENSES
AND RULE 12 MOTIONS TO BE PRESERVED**

Pursuant to Pretrial Order No. 44 (Rec. Doc. No. 2759), defendant Gibraltar Insurance Company, Ltd. (hereinafter referred to as "Gibraltar") respectfully submits the following list of defenses and Federal Rule of Civil Procedure Rule 12 motions to be preserved in all of the suits currently pending in this MDL litigation and those that may be filed into this MDL litigation in the future.

Gibraltar lists the following motions to be preserved:

(1)   Rule 12(b)(1):  Lack of subject matter jurisdiction over claims;

(2)   Rule 12(b)(3):  Improper venue;

(3)   Rule 12(b)(4),(5): Insufficient process and insufficiency of service of process;

(4)   Rule 12(b)(6):  Failure to state a claim under the Louisiana Products Liability Act;

(5)   Rule 12(b)(6):  Failure to state a claim for negligence or strict liability under Louisiana law;

(6)   Rule 12(b)(6):  Failure to state a claim for breach of express warranty because those claims are not available to plaintiff, and to the extent that they are available, they are precluded by the Louisiana Products Liability Act;

(7)   Rule 12(b)(6):  Failure to state a claim for redhibition/implied warranty) because plaintiff has not alleged the elements of these claims, including the lack of a sale and privity with Gibraltar;

(8)   Rule 12(b)(6):  Failure to state a claim for medical monitoring damages under Louisiana law because plaintiff has not alleged the elements of this recovery, including the failure to allege a present and manifest injury;

(9)   Rule 12(b)(6): Failure to state a claim for punitive damages under Louisiana law;

(10)   Rule 12(b)(6):  Failure to state a claim for attorney's fees under Louisiana law;

(11)   Rule 12(b)(6):  Failure to state a claim under the Mississippi Product Liability Act, Miss. Code Ann. §11-1-63, *et seq.*;

(12)   Rule 12(b)(6):  Failure to state a claim for negligence and/or strict liability under Mississippi law;

(13)   Rule 12(b)(6):  Failure to state a claim for breach of express warranty under Mississippi law;

(14)    Rule 12(b)(6):  Failure to state a claim for breach of implied warranty under Mississippi law;

(15)   Rule 12(b)(6):  Failure to state a claim for medical monitoring under Mississippi law because plaintiff has not alleged the elements of this recovery, including the failure to allege a present and manifest injury;

(16)   Rule 12(b)(6):  Failure to state a claim for punitive and/or exemplary damages under Mississippi law, including such damages under Miss. Code Ann. §11-1-65;

(17) Rule 12(b)(6): Failure to state a claim under the Alabama Extended Manufacturer's Liability Doctrine, Code of Ala., §6-5-521;

(18) Rule 12(b)(6): Failure to state a claim for breach of express warranty under Alabama law;

(19) Rule 12(b)(6): Failure to state a claim for breach of implied warranty under Alabama law;

(20) Rule 12(b)(6): Failure to state a claim for medical monitoring under Alabama law;

(21) Rule 12(b)(6): Failure to state a claim for punitive and/or exemplary damages, including such damages under Code of Ala. §6-11-23;

(22) Rule 12(b)(6): Failure to state a claim for medical monitoring under Alabama law because plaintiff has not alleged the elements of this recovery, including the failure to allege a present and manifest injury;

(23) Rule 12(b)(6): Failure to state a claim under the Texas Products Liability Act, Tex. Civ. Pract. & Rem.Code Ann. § 82.002, et seq.;

(24) Rule 12(b)(6): Failure to state a claim for breach of express warranty under Texas law;

(25) Rule 12(b)(6): Failure to state a claim for breach of implied warranty under Texas law;

(26) Rule 12(b)(6): Failure to state a claim for medical monitoring under Texas law;

(27) Rule 12(b)(6): Failure to state a claim for punitive and/or exemplary damages under Texas law;

(28) Rule 12(b)(6): Failure to state a claim because plaintiff failed to make any particularized allegations regarding her injuries and damages, and failed to make any particularized allegations connecting the plaintiff to conduct by any particular defendant;

(29) Rule 12(b)(6): Failure to state a claim for injunctive relief;

(30) Rule 12(b)(6): Failure to state a claim for class action relief/status;

(31) Rule 12(b)(6): Failure to state a claim because plaintiff's claims are barred by the applicable prescriptive periods, statutes of limitations periods and/or statutes of repose periods;

(32) Rule 12(b)(6): Failure to state a claim for joint, several and/or solidary liability among the defendants;

(33) Rule 12(b)(6): Failure to state a claim for loss of consortium and/or society.

(34) Rule 12(e): Motion for more definite statement of the complaint based on plaintiff's failure to make particularized allegations about their injuries and damages and failure to make any particularized allegations about any particular defendant's alleged conduct;

(35) Rule 21: Improper joinder: Failure to satisfy requirements for joinder of parties under FRCP 19 and 20;

(36) Rule 9(b): Failure to plead fraud and misrepresentations with particularity; and

(37) Rule 23: Failure to allege/demonstrate elements for class action

In addition, Gibraltar asserts and preserves the following affirmative defenses:

Affirmative Defense 1: Gibraltar affirmatively alleges that plaintiffs have not stated a claim upon which relief can be granted.

Affirmative Defense 2: Gibraltar affirmatively alleges that plaintiffs' claims may be barred by the applicable prescriptive periods, statutes of limitations periods and/or statutes of repose.

Affirmative Defense 3: Gibraltar affirmatively alleges that plaintiffs may fail to mitigate their damages as required by law.

Affirmative Defense 4: Gibraltar affirmatively alleges that plaintiffs' claims may be barred in whole or in part by assumption of the risk, contributory negligence and/or comparative negligence.

Affirmative Defense 5: Gibraltar affirmatively alleges that plaintiffs' claims may be barred by a lack of reliance.

Affirmative Defense 6: Gibraltar affirmatively alleges that plaintiffs' claims may be barred by lack of causation, including lack of proximate cause.

4

<u>Affirmative Defense 7:</u>   Gibraltar affirmatively alleges that plaintiffs' damages may have been caused in whole or in part by product alteration, product abuse, product modification or product neglect.

<u>Affirmative Defense 8:</u>   Gibraltar affirmatively alleges that plaintiffs' claims may be barred in whole or in part by waiver, estoppel and/or laches.

<u>Affirmative Defense 9:</u>   Gibraltar affirmatively alleges that plaintiffs' claims may be barred because plaintiffs may have had knowledge of the allegedly dangerous condition of the trailers and deliberately and voluntarily exposed themselves to the allegedly dangerous condition of the trailers in spite of that knowledge.

<u>Affirmative Defense 10:</u>   Gibraltar affirmatively alleges that plaintiffs may not be entitled to recovery because Gibraltar did not know and/or could not reasonably have known under the then-existing technology about the allegedly dangerous characteristics of the plaintiffs' trailers.

<u>Affirmative Defense 11:</u>   Gibraltar affirmatively alleges that plaintiffs may not be entitled to recovery because Gibraltar did not know and/or could not reasonably have known under the then-existing technology about any alternative design to that used in the trailers at issue.

<u>Affirmative Defense 12:</u>   Gibraltar affirmatively alleges that plaintiffs may not be entitled to recovery because any alternative designs to that used in the trailers at issue were not feasible.

Further, Gibraltar preserves all defenses raised and briefed in the Manufacturing Defendants' Joint Rule 12(b)(6) Motion to Dismiss and the Manufacturing Defendants' Joint Rule 9(b) Motion to Dismiss. Finally, Gibraltar reserves the right to amend or supplement these defenses and to file any appropriate preliminary pleadings and/or dispositive motions in the above case and in any other cases in which it has been or will be named as a party.

Respectfully submitted,

*/s/ Jeffrey M. Burg*
_____
JERRY L. SAPORITO, T. A. (#11717)
AMANDA W. VONDERHAAR (#31350)
JEFFREY M. BURG (#25993)
Leake & Andersson, L.L.P.
1100 Poydras Street
Suite 1700
New Orleans, LA  70163-1701
Telephone:  (504) 585-7500
Facsimile:  (504) 585-7775
E-Mail:  jsaporito@leakeandersson.com
            avonderhaar@leakeandersson.com
            jburg@leakeandersson.com

*Attorneys for Gibraltar Insurance Company, Ltd.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system.  Notice of this filing will be sent to all known counsel by operation of the court's electronic filing system.  I also certify that I have mailed a copy of this filing to any non-CM/ECF participants by U.S. Mail, postage prepaid and properly addressed.

New Orleans, Louisiana, this 30th day of September, 2009.

*/s/Jeffrey M. Burg*
_____
Jeffrey M. Burg

CP-3498-39075-Doc. 26275

6