UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER            MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION   SECTION "N-5"

                               JUDGE ENGELHARDT
                               MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO ALL CASES
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION REQUESTING A SUMMARY JURY TRIAL FOR ONE OR MORE SCHEDULED BELLWETHER CASES

MAY IT PLEASE THE COURT:

The Plaintiffs' Steering Committee (PSC), through undersigned counsel, respectfully requests that this Honorable Court invoke a summary jury trial procedure (SJT) for at least one of the next two designated bellwether cases currently set for trial herein, in order to conserve judicial resources and promote cost efficiency in the effort to resolve the consolidated claims in this MDL through the trial of select cases. The Court's authority to order summary trials is predicated upon the inherent case management power of a federal district court, the Federal Rules of Civil Procedure, and the statutory basis for this MDL.

The Supreme Court has long acknowledged the power of a federal court to control and manage its trial docket. *See Federal Reserve Bank of Minneapolis v. Carey-Canada, Inc.,* 123 F.R.D. 603, 604 (D. Minn. 1988). In *Link v. Wabash*, 370 U.S. 626, 8 L.Ed. 2d 734, 82 S.Ct. 1386 (1962), it was made clear by the Court that this power is inherent and implied; it is not dependent upon an express statute or rule. The prerogative of a district court to use broad

discretion in managing its docket, in fact, is so important that it will not be impaired or curtailed by the preferences of litigants. *See Federal Reserve*, *supra*, at 604. Without inherent case management authority to perform the task of dealing efficiently and effectively with the multiple cases before it, the ultimate mission of federal judiciary would be adversely affected. *See Arabian American Oil Co. v. Scarfone*, 119 F.R.D. 448, 449 (M.D.Fla. 1988). Moreover, "[t]he exigencies of modern dockets demand the adoption of novel and imaginative means lest the courts, inundated by a tidal wave of cases, fail in their duty to provide a just and speedy disposition of every case." *Lockhart v. Patel*, 115 F.R.D. 44 (E.D.Ky. 1987). This latter observation should be given particular weight in large, consolidated litigation such as this MDL, where the primary focus and mission of the presiding judge is to (1) resolve common issues on a pretrial basis and (2) explore and exhaust all prospects of global resolution prior to remand. [1]

The Federal Rules of Civil Procedure (FRCP) recognize the authority of a trial judge to use alternative dispute resolution devices in promoting the just, efficient, and inexpensive adjudication of claims. Indeed, Rule 1 of the FRCP declares that the rules as a whole "shall be construed to secure the just, speedy, and inexpensive determination of every action." The provisions of Rule 16(a), concerning pretrial activities, further state that "in any action, the court may in its discretion direct the attorneys for the parties and any unrepresented parties to appear before it for a conference or conferences before trial for such purposes as (1) expediting the disposition of the action… and (5) facilitating settlement." Rule 16(a), Fed. R. Civ. Pro. Rule 16(c) provides that a district judge may take appropriate action on the following matters:…"(I) settling the case and <u>using special procedures</u> to assist in resolving the dispute when authorized

---

[1] An MDL affords "a unique opportunity for the negotiation of a global settlement." *See* Manual for Complex Litigation (West 4th ed.), at §20.132, p. 223.

2

by statute or local rule; … and (L) adopting <u>special procedures</u> for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems…." Rule 16(c), Fed. R. Civ. Pro. [emphasis added].

These "special procedures" would clearly include the summary jury trial (SJT), a device expressly recognized in the *Guide to Judicial Management of Cases in ADR* (Federal Judicial Center 2001). Indeed, by formal resolution, the Judicial Conference of the United States long ago confirmed the value of the SJT as a potentially effective means of promoting settlement. *See* Report of Judicial Conference Committee on the Operation of the Jury System, Agenda G-13, Page 4, September 1984.

The SJT affords a particularly useful tool in the context of MDL bellwether trials. First, the SJT recognizes the importance of decisions rendered by jurors, and, consistent with Fed. R. Civ. P. 39(c), effectively utilizes the jury in an advisory capacity on merits issues. This provides the desired "instructiveness" as to claims and defenses which bellwether jury trials are designed to deliver. Secondly, the SJT allows such juror feedback through a far less costly and time-consuming process, through stream-lined procedures such as narrative and summary presentations of the evidence. The precise extent to which this occurs in a given case is a matter to be decided by the Court and the parties, reflecting yet another advantage of the SJT: flexibility. If, for example, there are video-taped trial depositions to be presented which already have been played in a bellwether trial, the parties should be in a position to emphasize and present (by summary or abbreviated excerpt) only the most essential portions of the testimony, rather than the more detailed and time-consuming presentation by designation and counter-designation of the complete deposition.

The PSC hopes that all defendants in all of the scheduled bellwether cases would be amendable to an SJT procedure. However, should any such defendant decline to participate in an SJT and insist on a full-fledged, binding jury trial verdict, it need not be deprived of this opportunity. In the post-MDL/remand of cases against that defendant, it will be given a full opportunity for the binding merits trials of individual cases. Given that the purpose of MDL bellwether trials is to explore "pretrial" resolution, however, global instructiveness rather than the binding effect in an individual case should remain the focus; and, given the nature of many of the claims herein (based on the irritant effects of formaldehyde exposure), a process that avoids spending multiple times more on a merits trial than the amount of recoverable damages, surely is to be commended as a matter of judicial efficiency.

The two most logical candidates for the use of the SJT among the scheduled bellwether trials are the December 7, 2009 and January 11, 2010 settings. The first setting is against Fleetwood as manufacturer, and this defendant not only has sought bankruptcy relief but also is afforded insurance coverage under a policy diminished by defense costs. The bankruptcy stay order was lifted only as to the bellwether trial plaintiff in this MDL, effectively limiting the applicability of the Fleetwood bellwether trial for MDL purposes. Settlement as to Fleetwood should be pursued in as cost-efficient a manner as possible. The second setting follows the first by roughly one month, with the Christmas holidays intervening; and, as the Court is aware, there are pressing pretrial deadlines approaching without certainty as to the identity of the bellwether plaintiff. A less than full-fledged expenditure of costs and a less onerous jury trial presentation of evidence would seem especially appropriate under these circumstances.

An acknowledged complication in the foregoing is the inclusion of the non-jury FTCA claims against FEMA in the cases of *Dubuclet v. Fleetwood, et al* (Dec. 7, 2009) and *Bell/Byrd v. Keystone, et al* (Jan. 11, 2010). However, if the United States/FEMA were to consider the deposition testimony of the plaintiff Dubuclet, and propound appropriate discovery to the claimant Valena Byrd (since it is not expected that Raymond Bell III will be a trial plaintiff), it will be apparent that under the Court's present construction of FTCA cause of action accrual, neither of these next two trial settings is likely to involve FEMA as a trial defendant. The PSC would agree to expedited motion practice to confirm as much.

Congress expressly limits the use of the MDL procedure to the "pretrial" deposition of common issues. *See* 28 U.S.C. §1407. The bellwether trial has emerged as a useful mechanism to inform and instruct the Court and the litigants as to matters bearing on the potential for global resolution. The cost and effort of a bellwether trial can be justified on this basis, and on this basis alone. There is no more appropriate use for the SJT than in certain bellwether cases in this MDL, especially cases where the potential damages at issue may be limited, and especially where compressed scheduling (here, made more complicated by plaintiff-selection problems) will make it both difficult and costly for the parties to make a full and proper presentation of the evidence in a traditional, binding trial. The SJT will alleviate these cost and scheduling concerns associated with traditional bellwether trials and allow the litigants to present their claims and defenses in a cost-efficient manner to a panel of jurors selected in the customary manner.

Accordingly, the PSC respectfully requests this Honorable Court schedule one or more Summary Jury Trials in regard to the next two bellwether cases scheduled herein. More specifically, the PSC proposes that the December 7, 2009 and/or January 11, 2010 trials be

Summary Jury Trials, and that the parties to these cases immediately be required to confer and submit either joint or competing versions of trial plans and pretrial schedules consistent with an SJT presentation.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
      GERALD E. MEUNIER, #9471
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone:    504/522-2304
      Facsimile:    504/528-9973
      gmeunier@gainsben.com

      s/Justin I. Woods
      JUSTIN I. WOODS, #24713
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone:    504/522-2304
      Facsimile:    504/528-9973
      jwoods@gainsben.com

      **COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
      ANTHONY BUZBEE, Texas # 24001820
      ROBERT BECNEL, #14072
      RAUL BENCOMO, #2932
      FRANK D'AMICO, #17519
      MATT MORELAND, #24567
      LINDA NELSON, #9938
      DENNIS REICH, Texas #16739600
      MIKAL WATTS, Texas # 20981820

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on September 30, 2009.

/s/Gerald E. Meunier
GERALD E. MEUNIER
