UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N(5)<br><br>JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO:<br>*Diana Bell, et al. v. Keystone RV Company,*<br>*et al.*, No. 09-2967 | MAGISTRATE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**SHAW ENVIRONMENTAL, INC.'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO SUBSTITUTE BELLWETHER
OR IN THE ALTERNATIVE TO CONTINUE TRIAL**

**NOW INTO COURT**, through undersigned counsel, comes defendant, Shaw Environmental, Inc. ("Shaw"), who respectfully submits this memorandum in opposition to plaintiff Raymond Bell, III's Motion to Substitute Bellwether Plaintiff (Rec. Doc. No. 4164).

**INTRODUCTION**

It is plain from Mr. Bell's motion to substitute that he is refusing to proceed to a bellwether trial and at the same time refusing to dismiss his claims. Such action flies in the face of this Court's authority to select bellwether plaintiffs and should not be permitted for that reason alone. Moreover, another substitution at this late date would prejudice Shaw, and it would undermine the whole purpose of having bellwether trials. If the plaintiffs are allowed to

repeatedly rotate in new plaintiffs as they see fit, the claims actually tried will not be representative of the mass of cases remaining in this MDL. The defendants cannot simply wait until the eve of trial and then declare that they do not wish to try a particular claim for one reason or another. The plaintiffs should not be permitted to do so either. Shaw submits that the Court should require Mr. Bell to try his case in January, as scheduled, or dismiss his claims with prejudice. If, however, the Court finds any merit in Mr. Bell's plea, the remedy should be to require him to try his case in July 2010, rather than attempt to force yet another new bellwether plaintiff into the January slot.

## BACKGROUND

The *Bell* case, which was filed on March 2, 2009, was brought by plaintiff Diana Bell and her son, Raymond Bell, III. Pursuant to Pre Trial Order No. 34 (Rec. Doc. No. 1299) dated April 6, 2009, Ms. Bell was selected as a plaintiff for one of five scheduled bellwether trials, and hers was set to commence on January 11, 2010. Five months later, on September 17, 2009, Ms. Bell moved to withdraw as a bellwether plaintiff based on certain alleged financial-related issues. Based principally on the fact that keeping the trailer already at issue would be less disruptive, the Court selected Mr. Bell as the substitute bellwether plaintiff on September 22, 2009 and later entered an Order on September 29, 2009, ruling that "Raymond Bell, III, who was originally a bellwether plaintiff nominee" would replace Ms. Bell as a bellwether plaintiff. (Rec. Doc. No. 4111).

Nevertheless, on September 29, 2009, Mr. Bell moved, without good cause, to withdraw as a bellwether plaintiff. Mr. Bell further asked that he be allowed to continue to pursue his

claims against the United States of America, Keystone RV Company, and Shaw. Such a result would be highly prejudicial and should not be permitted.

## ARGUMENT

### A. Late Substitution is Prejudicial to Shaw.

Permitting a substitution of the plaintiff in the third bellwether trial at this juncture would severely prejudice Shaw. Trial in this case is less than 3½ months away. The deadline for filing plaintiff's expert reports has passed, and the cut-off for discovery completion and for filing all pre-trial motions is only six weeks away (November 12, 2009). Indeed, the substitution of a new bellwether plaintiff would make a January 11, 2010 trial unfeasible because discovery relating to the potential plaintiff's claims could not be completed by that time.

Plaintiff avers that the parties are in the same position to prepare for trial with Ms. Byrd as with Mr. Bell. This simply is not true. Although Mr. Bell was recently designated as a bellwether plaintiff, Shaw and the other defendants are more familiar with his claims than those of Ms. Byrd given the fact that Mr. Bell lived in the same trailer as his mother, Diana Bell (the original bellwether plaintiff). Information gathering on that trailer is well underway. Shaw would be prejudiced by having to start all over again with a completely new bellwether plaintiff. Put simply, the late addition of a new plaintiff with new claims would prejudice Shaw's defense. Shaw needs—and is entitled to—sufficient time to prepare its case and adequately defend itself in this bellwether case through discovery, motion practice, and other pre-trial motions.

With regard to Mr. Bell's excuses for not wishing to proceed, it should be noted that all parties to the litigation could claim similar hardships. Being expected to participate in a trial is part and parcel of filing a lawsuit. The trial cannot be arranged to fit the conveniences of Mr.

Bell's schedule, any more than it should be fit to the schedules of Shaw's witnesses, who will be equally inconvenienced, if not more so. There is no difference to Mr. Bell in terms of work or school, or even finding child care, if his case is tried now or later. For that matter, it is really no different than being out sick. Indeed, any inconvenience to Mr. Bell pales in comparison to that imposed upon the jurors, who have no financial stake in the matter. This Court has ordered that Mr. Bell will serve as the January bellwether plaintiff. That decision should not be disturbed.

### B.     Substitution of Valena Byrd Would Frustrate the Bellwether Process.

Plaintiff's request to substitute Ms. Byrd as a new bellwether plaintiff months before trial is set to begin undermines the value of the bellwether selection process. The purpose of bellwether trials is to "produce a sufficient number of representative verdicts" to "enable the parties and the Court to determine the nature and strength of the claims, whether they can fairly be developed and litigated on a group basis and what range of values the cases may have if resolution is attempted on a group basis." *See* Manual for Complex Litigation § 22:315 (2004). Ms. Bell, Mr. Bell and Ms. Byrd were originally nominated as potential bellwether candidates. The Court selected Ms. Bell, and later Mr. Bell, as bellwether plaintiffs because it was determined that their experiences would be fairly representative of the range of cases proceeding in the MDL. Among other things, and unlike Ms. Byrd, the Bells lived in their trailer with a smoker and their trailer was placed at a group site, both common situations that are not covered in any of the other bellwether cases.

This is the second time in less than a month that plaintiffs' counsel has sought to withdraw and substitute a bellwether plaintiff in the third bellwether trial. Allowing Mr. Bell to withdraw as a bellwether plaintiff and substitute Ms. Byrd as a new bellwether plaintiff at this

late date gives the appearance that the plaintiffs are "cherry-picking" the most favorable claims for trial. Such an appearance may render any information obtained from the third bellwether trial meaningless and decrease the prospects of global resolution.

Mr. Bell should be required to try his case in January, as scheduled, or dismiss his claims with prejudice. If the Court sees fit to allow Mr. Bell to refrain from participating in a January 2010 trial, Shaw submits that his case should be continued until July 2010, rather than substituting yet another new bellwether plaintiff.

## **CONCLUSION**

It is simply not feasible to try Ms. Byrd's case in January. Mr. Bell is the current January bellwether plaintiff, and he should be required to bring his case to trial at that time. If he refuses, his claims should be dismissed with prejudice. Alternatively, Mr. Bell's claims should be tried in July.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**


       s/M. David Kurtz
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR DEFENDANT,
SHAW ENVIRONMENTAL, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of September, 2009, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel.

       s/M. David Kurtz
       M. DAVID KURTZ

6