## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | MDL NO. 07-1873 |
| | SECTION N(5) |
| | JUDGE ENGELHARDT |
| THIS DOCUMENT IS RELATED TO: *No. 09-4462, Scieneaux v. Frontier RV, Inc., et al* | MAGISTRATE CHASEZ |

**************************************************************************

### TKTMJ INC.'S PRESERVATION OF DEFENSES UNDER RULE 12(b)

**NOW INTO COURT**, through undersigned counsel, comes defendant, TKTMJ, Inc. (hereinafter "TKTMJ") which, pursuant to Pretrial Order 36 (Rec. Doc. 1386) and Pretrial Order 44 (Rec. Doc. 2759) and with a full reservation of rights, submits for preservation the following list of defenses and motions under Rule 12(b) of the Federal Rules of Civil Procedure in the referenced underlying lawsuit styled as *Scieneaux v. Frontier RV, Inc., et al.*, No. 09-4462, originally filed in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, removed to the U.S. District Court for the Eastern District of Louisiana, and currently pending in the captioned MDL proceeding. TKTMJ reserves the right to amend or supplement this list of Rule 12(b) defenses and to file any other preliminary pleadings, dispositive motions or affirmative defenses in the referenced underlying lawsuit, the captioned

MDL proceeding, or in any other case in which it is now or subsequently named as a defendant and properly served.

1.    Rule 12(b)(1):  Plaintiffs lack standing.

2.    Rule 12(b)(3):  Improper venue as to any plaintiff who resides outside the Eastern District of Louisiana.

3.    Rule 12(b)(6):  Plaintiffs fail to state a claim upon which relief can be granted against TKTMJ.

4.    Rule 12(b)(6):  Plaintiffs fail to state a claim upon which relief can be granted because the claims against TKTMJ are barred by the applicable prescriptive and preemptive periods, statute of limitations, and/or laches.

5.    Rule12(b)(6):  Plaintiffs fail to state a claim upon which relief can be granted because on the face of the pleadings it is clear that plaintiffs knew or should have known of their cause of action more than a year before the referenced action was filed, rendering all claims prescribed under Louisiana law.  Plaintiffs are not entitled to claim any tolling of the applicable prescriptive period as against defendant, TKTMJ, during the pending of the putative class action.

6.    Rule 12(b)(6):  Plaintiffs fail to state a claim upon which relief can be granted against TKTMJ under the Louisiana Products Liability Act ("LPLA").

7.    Rule 12(b)(6):  Plaintiffs fail to state a claim upon which relief can be granted against TKTMJ under the LPLA inasmuch as plaintiffs have not and cannot allege any set of facts that would establish that TKTMJ is a "manufacturer" within the meaning of the LPLA.

8.    Rule 12(b)(6):  Plaintiffs fail to state a claim for negligence under Louisiana law.

9.      Rule 12(b)(6):  Plaintiffs fail to state a claim upon which relief can be granted because TKTMJ owed no actionable duty to any of the plaintiffs.

10.     Rule 12(b)(6):  Plaintiffs fail to state a claim upon which relief can be granted inasmuch as plaintiffs have not specifically claimed any current injury, but rather have generally claimed unspecified current and future alleged injuries.

11.     Rule 12(b)(6):  Plaintiffs fail to state a claim for recovery of attorneys' fees because (a) attorneys' fees are not recoverable against TKTMJ under Louisiana law and (b) plaintiffs have not alleged any other viable theory of liability through which they can recover attorneys' fees against TKTMJ.

12.     Rule 12(b)(6):  Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon TKTMJ and the other named defendants inasmuch as Louisiana law does not provide for solidary liability on the facts alleged.

13.     Rule 12(b)(6):  Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiffs later seek to recover punitive damages under federal or Louisiana law inasmuch such damages are precluded.

14.     Rule 12(b)(6):  Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property or economic damages under Louisiana law inasmuch as such claims are precluded.  (*See also* Rec. Doc. 984.)

15.     Rule 12(b)(6):  Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiffs later seek damages for medical monitoring under Louisiana law inasmuch as plaintiffs have not alleged a present and manifest injury.

16.     Rule 12(b)(6):  Plaintiffs fail to state a claim upon which relief can be granted to the extent it is determined that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

17.     Rule 12(b)(6):  Plaintiffs fail to state a claim upon which relief can be granted on the grounds that TKTMJ is a government contractor that performed its work according to and in compliance with specifications approved and mandated by the U.S. government through the Federal Emergency Management Agency ("FEMA").  As such, plaintiffs' action, claims and demands are preempted and TKTMJ is immunized from liability by the government contractor defense.

18.     Rule 12(b)(6):  Plaintiffs fail to state a claim upon which relief can be granted on grounds that TKTMJ is a contractor that performed its work in accordance with the plans and/or specifications furnished to it by FEMA.  As such, TKTMJ is shielded from liability by La. R.S. 9:2771 and the *Spearin* doctrine.

19.     Rule 12(b)(6):  Plaintiffs fail to state a claim upon which relief can be granted on grounds that pursuant to *Days v. National radiator Corp.*, 128 So.2d 660 (La. 1961), TKTMJ's duties and obligations are limited to what is defined in the relevant contracts.

**WHEREFORE**, pursuant to Pretrial Order 36 (Rec. Doc. 1386) and Pretrial Order 44 (Rec. Doc. 2759), defendant, TKTMJ, Inc. prays that the Rule 12(b) defenses listed above be preserved until the referenced underlying lawsuits are scheduled for trial at a later date.  TKTMJ, Inc. reserves the right to brief any Rule 12(b) motion in full and to request oral argument on the merits of its motions.

Respectfully submitted,

  /s/  Jennifer S. Kilpatrick

SIDNEY W. DEGAN, III (#04804)
KEITH A. KORNMAN (#23169)
JENNIFER S. KILPATRICK (#26510)
Degan, Blanchard & Nash
400 Poydras Street, Suite 2600
New Orleans, LA 70130
Tel:  504-529-3333   Fax:  504-529-3337

Attorneys for TKTMJ, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of September, 2009, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel and counsel of record who are CM/ECF participants.

  /s/ Jennifer S. Kilpatrick

L:\168\6791\Doc\01 preservation of defenses.doc