UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                         MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                SECTION "N-5"

                                            JUDGE ENGELHARDT
                                            MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon Wright v. Forest River, Inc., et al.*
*Case No. 09-2977 (E.D. La.) and*
*James H. Aldridge and Angela L. Aldridge,*
*et al vs. Gulfstream Coach, Inc., et al,*
*No. 07-9228 (as further referred to as Elisha Dubuclet,*
*individually and on behalf of minor children,*
*Timia Dubuclet and Timothy Dubuclet, Jr.., et al*
*vs. Fleetwood Enterprises, Inc., et al)*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MEDICAL EXPERT DR. H. JAMES WEDNER

**MAY IT PLEASE THE COURT:**

Plaintiffs, Lyndon T. Wright ("Lyndon") and Elisha Dubluclet, individually and on behalf of her minor children Timia Dubuclet and Timothy Dubuclet, Jr. ("Dubuclet") (collectively hereinafter "Plaintiffs"), respectfully submit this Memorandum in Support of their Motion to Strike Defendant's Medical Expert, Dr. H. James Wedner ("Dr. Wedner"), for practicing medicine in the State of Louisiana without a license.

On or about June 1, 2009, Plaintiffs underwent a medical exam consisting of two phases, a pulmonary function study and a standard office physical exam. Both exams were performed by

1

Dr. Wedner, an allergist/immunologist from Washington University School of Medicine in St. Louis, Missouri. The examinations were performed by Dr. Wedner in Louisiana even though he was not licensed to practice medicine in the state of Louisiana. As such, the Plaintiffs would respectfully request that Dr. Wedner be prohibited from offering any opinions relating to the plaintiffs. This motion is offered pursuant to La. Rev. Sat. Ann. § 37:1284 (2009), which reads in pertinent part:

> Unlicensed physicians shall not be permitted to collect any fees or charges for services rendered, or be allowed to testify as a medical expert in any court, or execute public or legal as a physician, or hold any medical office, or be recognized by the state or parish or municipal corporation as a physician, or be entitled to enjoy any of the privileges, rights, or exemptions granted to physicians by the laws of this state.

Since Dr. Wedner is from Missouri and did not obtain a license to practice medicine in the state of Louisiana, any testimony he may offer regarding his evaluation and diagnosis of the Plaintiffs is prohibited by Louisiana law.

Further, La. Rev. Stat. § 37:1271(b) states that, "No person shall practice or attempt to practice medicine across state lines without first complying with the provisions of this Part and without being a holder of either an unrestricted license to practice medicine in Louisiana or a telemedicine license entitling him to practice medicine pursuant to R.S. 37:1276.1" Dr. Wedner did not obtain a license to practice medicine in Louisiana, nor did he get a special dispensation to perform the medical exam. Also, La. Rev. Stat. § 37:1262 (3) defines practicing medicine as "[b]eing engaged in the business of, or the actual engagement in, the diagnosing, treating, curing, or relieving of any bodily or mental disease, condition, infirmity, deformity, defect, ailment, or injury in any human being…." Dr. Wedner, when he participated and performed the medical examinations of the Plaintiffs was engaged in the practice of medicine which is strictly prohibited under Louisiana law.

Dr. Wedner admitted under oath, during his deposition in the Alexander trial (Docket No. 09-2892) that he was not licensed to practice medicine in the state of Louisiana, and he that he and he alone performed the examination in Metairie, Louisiana:

> Mr. Reich: Did you do the examination yourself or were you simply an observer?
> Dr. Wedner: No, no, I did it all by myself.
> Mr. Reich: Now are you a physician that is licensed in Louisiana?
> Dr. Wedner: No.
> Mr. Reich: Did you get a special dispensation to do the examination?
> Dr. Wedner: No.
> Mr. Reich: Where are you licensed to practice medicine?
> Dr. Wedner: Missouri.
> Mr. Reich: Only Missouri?
> Dr. Wedner: Correct.

(Dr. Wedner's Depostion, p. 98, Exhibit A).

Dr. Wedner is aware that his actions constitute the practice of medicine and further that he is aware that in order to practice medicine across state lines, he would need to obtain a special dispensation to perform a medical exam.

The only cases in which physicians not licensed in Louisiana have been permitted to testify about their diagnosis or treatment of a patient have been those in which neither the Doctor nor the patient being examined was a resident of Louisiana, *see Brown v. Yellow Cab Co. of Shreveport*, 94 So.2d 573 (La. App. 2d Cir. 1957). The testimony of an unlicensed physician is also permissible in Court if the diagnosis or treatment of the patient took place in a state where the physician was licensed, *see Boyd v. Allstate Ins. Co.*, 640 So. 2d 603, 93-999 pp. 6-7 (La. App. 3 Cir. 5/11/94). However, both of these cases are distinguishable from the instant case because the Plaintiffs are residents of Louisiana and the exam took place in Louisiana and was performed by a doctor who admitted, under oath, that he was not licensed to practice medicine in Louisiana.

The law is well settled in Louisiana that any physician who practices medicine in Louisiana without being licensed here or without obtaining a telemedicine license, is not allowed to practice medicine or testify as an expert witness. Dr. Wedner admitted in his deposition that he had not received special licensing from Louisiana to perform the examinations of the Plaintiffs. This admission implies he was aware he was practicing medicine across state lines and that he would need to obtain special licensing to do so. Therefore, any expert testimony he may offer must be stricken and should not be used at trial.

WHEREFORE, Plaintiffs Lyndon Wright and Elisha Dubuclet, individually and on behalf of her minor children Timia Dubuclet and Timothy Dubuclet, Jr., pray that this honorable Court grant his Motion to Strike the Defendant's medical expert for the reasons set forth in this Memorandum.

RESPECTFULLY SUBMITTED:

**FRANK J. D'AMICO, JR., APLC**

BY:s/Frank J. D'Amico, Jr.
FRANK J. D'AMICO, JR., T.A. (#17519)
AARON Z. AHLQUIST (#29063)
**FRANK J. D'AMICO, JR., APLC**
622 Baronne Street
New Orleans, LA 70113
Telephone:   (504) 525-7272
Fax:            (504) 525-9522

4

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                                  s/Frank J. D'Amico
                                                  FRANK J. D'AMICO, #17519