UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER
FORMALDEHYDE PRODUCTS
LIABILITY LITIGATION

MDL NO. 1873

SECTION N (5)

JUDGE ENGELHARDT

THIS DOCUMENT RELATES TO:
*All cases filed by Hurricane Legal Center, LLC*

## DECLARATION OF PAUL LEE

I, Paul Y. Lee, declare as follows:

1. I am an attorney licensed to practice in all the Courts of the State of California as well as the United States District Court for the Central District of California. Pursuant to this Court's order, I am admitted to practice in this Court for the purposes of this MDL litigation. I have personal knowledge of the matters stated herein and if called as a witness I could and would competently testify thereto.

2. On or about May 5, 2009, Hurricane Legal Center, LLC ("HLC") served on the United States, through Plaintiffs' Steering Committee ("PSC"), an Excel spreadsheet requesting matching information for approximately 1,300 trailer applicants (Group 1 request). The United States responded to the Group 1 request on June 9, 2009. Approximately 100 of HLC's clients on this list came back unmatched and approximately 30 came back partially matched.

3. On or about May 21, 2009, HLC served a Group 2 request containing 690 trailer applicants. In regard to Group 2, there were at least 45 clients who were not

EXHIBIT A

matched by the United States even though HLC had provided the FEMA ID numbers as well as the other pertinent information requested by the United States.

4. On or about June 25, 2009, HLC submitted another matching request (Group 3) consisting entirely of new clients. (Group 3 request was labeled Exhibit LL by the PSC.) On the same date, HLC submitted a fourth request (Group 4) consisting of 2,229 trailer applicants. (Group 4 request was labeled Exhibit KK.) The Group 4 list of trailer applicants included approximately 239 trailer applicants on behalf of whom a matching request had never previously been submitted. Moreover, this group of requests included a resubmission of the entirety of Group 1 and Group 2 requests which the United States had previously responded to. HLC decided to resubmit the entire Group 1 and Group 2 requests because some of the clients in those groups had come back unmatched or partially matched notwithstanding the fact that HLC had provided FEMA ID numbers and the other requested data to the United States. The decision to resubmit the Group 1 and Group 2 names was made based on time constraints and technical difficulties separating out the names in Group 1 and Group 2 who had come back unmatched or partially matched.

5. On or about July 28, 2009, HLC received United States' response to Group 3 and Group 4 submissions. In regard to Group 4, HLC meticulously compared the matching information in that group with data for the same names in Group 1 and Group 2 previously received from the United States. Based on this analysis, full 25% of the matching information provided by the United States in the second round (Group 4) conflicted with the information provided in the first round (Groups 1 and 2) even though the data provided to the United States in the two submissions were identical. In an effort

EXHIBIT A

to analyze the extent of the discrepancies, HLC combined all of the data it received from the United States (Groups 1-4) in order to identify those with conflicting matching information. Of the 4545 total names (this number includes duplicate names that were sent a second time), there were 1031 names as to whom the United States had provided matching information that conflicted with the matching information previously provided by the United States.

6. A table which illustrates the conflicting information received by HLC is included in the accompanying Memorandum in Support of HLC's Motion. For the purposes of this motion only, and without waiving any work product doctrine that may be applicable, attached to this motion as Exhibit "B" is a printout of HLC's internal e-mails discussing the conflicting matching information received by HLC from the United States.

7. The extent of the conflicting matches is particularly noteworthy because the United States appears not to have followed its own protocol for compiling the matching information. A true and correct copy of Declaration of Jonathan R. Waldron in opposition to PSC's motion to compel the United States to produce "disaster" and/or individual assistance files maintained by FEMA, which declaration outlines the procedures that the United States purportedly utilizes to acquire matching information, is attached to this motion as Exhibit "C." (Mr. Waldron's declaration is Document 2832-7.)

8. HLC is in possession of the matching data requests submitted by HLC as well as the responses received from the United States. The entirety of the electronic data in HLC possession will be made available upon request to the Court, any of the plaintiffs, or the United States.

EXHIBIT A

9. Separate and apart from the discrepancies in the data provided by the United States, there have been other signs indicating that the information provided by the United States is less than completely reliable or accurate. At the beginning of the matching process involving HLC, United States appeared to conduct a more thorough research in furtherance of its quest to obtain the matching information. For example, in connection with the Group 1 and Group 2 submissions, there were one or more instances wherein HLC had listed an erroneous FEMA ID number in connection with a trailer applicant. When responding to HLC's matching request, United States corrected the wrong FEMA ID number after apparently utilizing the other pieces of information provided by HLC, including trailer address, applicant date of birth, social security number, etc. However, in responding to the Group 4 submission (Exhibit KK), United States appears to have been less thorough and appears to have not followed its own protocol for obtaining matching information. For example, HLC erroneously submitted an identical FEMA ID number regarding two different trailer applicants. Based on United States' search criteria as outlined in Jonathan Waldron's July 27, 2009 letter, United States should have detected that the FEMA ID number for one of the applicants was wrong. However, both applicants came back with the exact same matching trailer and contractor information. This was the case even though the second applicant had a different applicant number, different trailer address, and different date of birth.

10. In other instances United States came back with the same VIN number regarding two different individuals, even though they had different names, FEMA ID numbers, different applicant names, and different trailer addresses.

EXHIBIT A

11. In at least one instance, United States in response to Group 1 request matched six different trailers to a claimant, but later in response to an identical Group 4 request identified only a single trailer. HLC followed up with this claimant and confirmed that she resided in multiple trailers. In another instance, HLC provided United States with three different trailer addresses for a claimant but United States responded with only a single manufacturer and contractor. HLC has confirmed with this claimant that she resided in three different trailers.

12. A true and correct copy of Jonathan R. Waldron's July 27, 2009 letter accompanying United States' Group 3 and Group 4 production (Exhibit LL and KK) is attached to this motion as Exhibit "D."

13. A true and correct copy of Jonathan R. Waldron's June 8, 2009 letter accompanying United States response to other parties' matching requests is attached to this motion as Exhibit "E."

I declare under penalty of perjury under the laws of the State of Louisiana and the United States of America that the foregoing is true and correct.

Executed this 30 day of September 2009 at Huntington Beach, California.

*(signature)*

Paul Y. Lee

EXHIBIT A

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2009 I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed a forgoing documents and a notice of electronic filing by first class mail to all counsel on record who are non-CM/ECF participants. No non-CM/ECF Participants.

                                               */s/ Paul Y. Lee*
                                               Paul Y. Lee