# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL. NO. 07-1873 |
| | FORMALDEHYDE | * | |
| | PRODUCTS LIABILITY | * | SECTION: N (5) |
| | LITIGATION | * | |
| | | * | JUDGE:  ENGELHARDT |
| This Document Relates to: | | * | |
| Lillie Boteler, et al | | * | MAG. JUDGE:  CHASEZ |
| Case No. 09-160 | | | |

## NORTHWOOD MANUFACTURING INC.'S LIST OF DEFENSES AND RULE 12 MOTIONS TO BE PRESERVED

**NOW INTO COURT**, through undersigned counsel, comes defendant, Northwood Manufacturing, Inc. (hereinafter "Northwood"), and in accord with Pretrial Orders No. 4 (Rec. Doc. No. 130) and No. 44 (Rec. Doc. No. 2759) respectfully submits the following list of defenses and Federal Rule of Civil Procedure Rule 12 motion to be preserved in the underlying action, which is currently pending in the above captioned matter or will be subsequently transferred to the above captioned matter:

MPM Library:1021-65176\CWS-001696_1 _1

In *Lillie Boteler, et al v. Alliance Homes, Inc., et al*, originally filed in the Southern District of Mississippi, Case number 09-160, Northwood preserves the following defenses:

a.  Rule 12(b)(5):  Insufficient Service of Process.

b.  Rule 12(b)(1):  Lack of subject matter jurisdiction.

c.  Rule 12(b)(6):  Failure to state a claim for negligence, negligence per se, gross negligence, recklessness and willfulness, strict liability, and breach of express and implied warranties under Louisiana law because those claims are barred by the Louisiana Products Liability Act.

d.  Rule 12(b)(6):  Failure to state a claim because plaintiffs failed to make any particularized allegations regarding their injuries and damages, and failed to make any particularized allegations connecting any plaintiff to conduct by any particular defendant.

e.  Rule 12(b)(6):  Failure to state a claim for punitive damages under Louisiana law.

f.  Rule 12(b)(6):  Failure to state a claim for medical monitoring damages under Louisiana and Mississippi law because plaintiffs have not alleged a present and manifest injury.

g.  Rule 12(b)(6):  Plaintiffs' claims are barred by the applicable prescriptive periods.

h.  Rule 12(b)(6):  Failure to state a claim for breach of express warranty under Louisiana and Mississippi law.

i.  Rule 12(b)(6):  Failure to state a claim for breach of implied warranty under Louisiana and Mississippi law.

j.  Rule 12(e):  Motion for more definite statement of the complaint based on plaintiffs' failure to make particularized allegations about their injuries and damages and failure to make any particularized allegations about any particular defendants' alleged conduct.

k.    Rule 12(b)(6):  Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically seek property damages inasmuch as such claims are precluded under applicable law.

l.    Rule 12(b)(6):  Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon the manufacturing defendants inasmuch as the applicable law precludes such reapportionment of fault.

m.    Rule 12(b)(6):  Failure to state a claim upon which relief can be granted to the extent that plaintiffs specifically seek attorneys fees under federal or state law inasmuch as such claims are precluded.

n.    Rule 12(b)(6):  Failure to state a claim upon which relief can be granted to the extent that plaintiffs seek injunctive relief as none of the theories invoked by plaintiffs provide recovery for injunctive relief sought by plaintiffs and plaintiffs have not alleged a sufficient basis to entitle them to injunctive relief.

o.    Rule 12(b)(3):  Improper venue as to plaintiffs who reside outside the Eastern District of Louisiana.

p.    Rule 12(b)(6):  Plaintiffs' claims should be dismissed for lack of standing because the allegations fail to connect any particular plaintiff with a particular defendant.

q.    Rule 12(b):  Motion to dismiss class action allegations for failure to timely file a motion for class certification pursuant to Uniform Local Rule 23.1.

r.    Rule 9(b):  Failure to plead fraud or misrepresentation with particularity.

Further, Northwood reserves the right to amend or supplement these defenses and to file any appropriate preliminary pleadings and/or dispositive motions in the above case and in any other cases in which it has been or will be named as a party.

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this __5__ day of __October__, 2009, served a copy of the foregoing pleading on counsel for all parties to this proceeding either by **e-mailing, faxing or by mailing** the same by United States mail, properly addressed and first class postage prepaid.

Respectfully submitted,

**HAILEY, McNAMARA, HALL, LARMANN & PAPALE, L.L.P.**

BY: _____
**MICHAEL P. MENTZ, BAR #9438**
**JOHN C. DUPLANTIER, BAR #18191**
**BRAD D. FERRAND, BAR #29860**
One Galleria Boulevard - Suite 1400
Post Office Box 8288
Metairie, Louisiana 70011-8288
Telephone: (504) 836-6500
Attorneys for Northwood Manufacturing, Inc.