CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

FILED JUL 3 1 2009 DEPUTY CLERK CIVIL DISTRICT DIVISION

SECTION 10

NO.: 09-7971

Nathaniel Malone, Sr.; Bertha Ellis; Richard Clay; Kenneth M. Lewis, Sr. and Joyce W. Lewis, individually, and for their minor child, Linye M. Lewis; Travis A. Crawford, Sr., and Lekisha Crawford, individually, and for their minor child, Travis A. Crawford, Jr.; Linda Gilmore; Melvin Murphy; Mark Clark, Sr., individually, and for his minor child, Mark Clark, Jr.; and Mary E. Dykes,

Plaintiffs

versus

American International Group Inc.; American International Specialty Lines Insurance Company; American Camper Manufacturing, LLC, d/b/a Ameri-Camp; American Homestar Corporation; Cavalier Home Builders, LLC; Cavalier Homes, Inc; Circle B Enterprises, Inc; Coachmen Industries, Inc.; Coachmen Recreational Vehicle Company, LLC; Destiny Industries, LLC; DS Corp; Dutch Housing, Inc., d/b/a Champion Homes; Dutchmen Manufacturing, Inc.; Fairmont Homes, Inc.; Forest River, Inc.; Frontier RV, Inc.; Gibraltar Insurance Company, Ltd.; Gulf Stream Coach, Inc.; Horton Homes, Inc.; Indiana Building Systems, LLC d/b/a Holly Park; Integrity Midwest Inc., d/b/a US Adventure RV; Jayco Enterprises, Inc.; Keystone Industries, Inc.; KZRV, LP; Lakeside Park Homes, Inc.; Layton Homes Corp.; Liberty Homes, Inc.; Liberty RV & Marine, Inc.; Oak Creek Homes, LP; Oak Creek Homes, Inc.; Oak Creek Homes, LLC; Palm Harbor Homes, Inc.; Philips Products, Inc., Palm Harbor Homes; Recreation By Design, LLC; Redman Homes, Inc.; River Birch Homes, Inc, and/or River Birch Homes, LLC; Scotbilt Homes, Inc.; Sentry Insurance A Mutual Company; Silver Creek Homes, Inc.; Skyline Corporation; Starcraft RV, Inc.; Starr Excess Liability Insurance Company, Ltd.; Stewart Park Homes, Inc.; Sunray RV, LLC; Tom Stinnett Holiday RV Center; Thor Industries, Inc.; Thor California, Inc.; TL Industries, Inc.; Vanguard Industries of Michigan, Inc., (a/k/a Palomino RV); and Waverlee Homes, Inc.; United States Of America Through The Federal Emergency Management Agency; Shaw Environmental, Inc.; Fluor Enterprises, Inc.; and CH2M Hill Constructors, Inc.,

Defendants.

**PETITION FOR DAMAGES**

THE PETITION of Nathaniel Malone, Sr.; Bertha Ellis; Richard Clay; Kenneth M. Lewis, Sr. and Joyce W. Lewis, individually, and for their minor child, Linye M. Lewis; Travis A. Crawford, Sr., and Lekisha Crawford, individually, and for their minor child, Travis A. Crawford, Jr., Linda Gilmore; Melvin Murphy; Mark Clark, Sr., individually, and for his minor child, Mark Clark, Jr.; and Mary E. Dykes, persons of full age of majority, on behalf of themselves and, in some instances, on behalf of individuals who lack the

capacity to sue individually (hereinafter, "Plaintiffs"), through undersigned counsel, respectfully represent that:

I.

Plaintiffs are residents of and domiciled in the parishes below:

A. Plaintiff Nathaniel Malone, Sr. is a resident of and domiciled in the Parish of Orleans, State of Louisiana.

B. Plaintiff Richard Clay is a resident of and domiciled in the Parish of Orleans, State of Louisiana.

C. Plaintiff Bertha Ellis is a resident of and domiciled in the Parish of Orleans, State of Louisiana.

D. Plaintiffs Kenneth M. Lewis and Joyce W. Lewis, individually, and for their minor child, Linye M. Lewis, are residents of and domiciled in the Parish of Orleans, State of Louisiana.

E. Plaintiffs Travis A. Crawford, Sr., and Lekisha Crawford, individually, and for their minor child, Travis A. Crawford, Jr., are residents of and domiciled in the Parish of Orleans, State of Louisiana.

F. Plaintiff Linda Gilmore is a resident of and domiciled in the Parish of Orleans, State of Louisiana.

G. Plaintiffs Mark Clark, Sr., individually, and for his minor child, Mark Clark, Jr., are residents of and domiciled in the Parish of Orleans, State of Louisiana.

H. Plaintiff Melvin Murphy is a resident of and domiciled in the Parish of Orleans, State of Louisiana.

I. Plaintiff Mary E. Dykes is a resident of and domiciled in the Parish of Orleans, State of Louisiana.

II.

Made Defendants are:

A. The following defendants, collectively referred to as the "Manufacturing Defendants," upon information and belief, conducted business in the State of Louisiana, and manufactured and supplied FEMA trailers or

housing units as defined below pursuant to contracts with FEMA for use in the State of Louisiana:

    a. Defendant American International Group Inc. (hereinafter, "AIG"), is, upon information and belief, a Delaware corporation, with its principle place of business in New York. Further, defendant AIG provided insurance coverage for the risks involved herein of Fleetwood Enterprises, Inc., (hereinafter, "Fleetwood"), which manufactured and supplied FEMA trailers or housing units as defined below pursuant to contracts with FEMA for use in the State of Louisiana. AIG is subject to the in personam jurisdiction of this Court because it and its insured client, Fleetwood, does sufficient business in the State of Louisiana and within this federal district to confer same, and at all relevant times hereto engaged in commerce both in this federal district and in the State of Louisiana with respect to the activities and claims which are the subject of this litigation.

    b. Defendant American International Specialty Lines Insurance Company (hereinafter, "AISLIC"), is, upon information and belief, an Alaskan corporation, with its principle place of business in New York. Further, defendant AISLIC provided insurance coverage for the risks involved herein of Fleetwood, which manufactured and supplied FEMA trailers or housing units as defined below pursuant to contracts with FEMA for use in the State of Louisiana. AISLIC is subject to the in personam jurisdiction of this Court because it and its insured client, Fleetwood, does sufficient business in the State of Louisiana and within this federal district to confer same, and at all relevant times hereto engaged in commerce both in this federal district and in the State of Louisiana with respect to the activities and claims which are the subject of this litigation.

c. American Camper Manufacturing, LLC, d/b/a AMERI-CAMP, is, upon information and belief, an entity incorporated in the state of Indiana;

d. American Homestar Corporation, is, upon information and belief, an entity incorporated in the state of Texas;

e. Cavalier Home Builders, LLC, is, upon information and belief, an entity incorporated in the state of Alabama;

f. Cavalier Homes, Inc., is, upon information and belief, an entity incorporated in the state of Alabama;

g. Circle B Enterprises, Inc., is, upon information and belief, an entity incorporated in the state of Georgia;

h. Coachmen Industries, Inc., is, upon information and belief, an entity incorporated in the state of Indiana;

i. Coachmen Recreational Vehicle Company, LLC, is, upon information and belief, an entity incorporated in the state of Indiana;

j. Destiny Industries, LLC, is, upon information and belief, an entity incorporated in the state of Georgia;

k. DS Corp., is, upon information and belief, an entity incorporated in the state of Indiana;

l. Dutch Housing, Inc., d/b/a Champion Homes, is, upon information and belief, an entity incorporated in the state of Michigan;

m. Dutchmen Manufacturing, Inc., is, upon information and belief, an entity incorporated in the state of Indiana;

n. Fairmont Homes, Inc., is, upon information and belief, an entity incorporated in the state of Indiana;

o. Forest River, Inc., is, upon information and belief, an entity incorporated in the state of Indiana;

p. Frontier RV, Inc., is, upon information and belief, an entity incorporated in the state of Texas;

q. Defendant Gibraltar Insurance Company, Ltd. (hereinafter, "Gibraltar"), is, upon information and belief, incorporated in Bermuda, with its principle place of business in a foreign state. Further, defendant Gibraltar provided insurance coverage for the risks involved herein of Fleetwood, which manufactured and supplied FEMA trailers or housing units as defined below pursuant to contracts with FEMA for use in the State of Louisiana. Gibraltar is subject to the in personam jurisdiction of this Court because it and its insured client, Fleetwood, does sufficient business in the State of Louisiana and within this federal district to confer same, and at all relevant times hereto engaged in commerce both in this federal district and in the State of Louisiana with respect to the activities and claims which are the subject of this litigation.

r. Gulf Stream Coach, Inc., is, upon information and belief, an entity incorporated in the state of Indiana;

s. Horton Homes, Inc., is, upon information and belief, an entity incorporated in the state of Indiana;

t. Indiana Building Systems, LLC d/b/a Holly Park, is, upon information and belief, an entity incorporated in the state of Indiana;

u. Integrity Midwest Inc., d/b/a US Adventure RV, is, upon information and belief, an entity incorporated in the state of Iowa;

v. Jayco Enterprises, Inc., is, upon information and belief, an entity incorporated in the state of Indiana;

w. Keystone Industries, Inc., is, upon information and belief, an entity incorporated in the state of Indiana;

x. KZRV, LP, is, upon information and belief, an entity incorporated in the state of Indiana;

y. Lakeside Park Homes, Inc., is, upon information and belief, an entity incorporated in the state of Georgia;

z. Layton Homes Corp., is, upon information and belief, an entity incorporated in the state of Indiana;

aa. Liberty Homes, Inc., is, upon information and belief, an entity incorporated in the state of Indiana;

bb. Liberty RV & Marine, Inc., is, upon information and belief, an entity incorporated in the state of Florida;

cc. Oak Creek Homes, LP, is, upon information and belief, an entity incorporated in the state of Texas;

dd. Oak Creek Homes, Inc., is, upon information and belief, an entity incorporated in the state of Texas;

ee. Oak Creek Homes, LLC, is, upon information and belief, an entity incorporated in the state of Georgia;

ff. Palm Harbor Homes, Inc., is, upon information and belief, an entity incorporated in the state of Indiana;

gg. Philips Products, Inc., Palm Harbor Homes, is, upon information and belief, an entity incorporated in the state of Indiana;

hh. Recreation By Design, LLC, is, upon information and belief, an entity incorporated in the state of Indiana;

ii. Redman Homes, Inc., is, upon information and belief, an entity incorporated in the state of Indiana;

jj. River Birch Homes, Inc, and/or River Birch Homes, LLC, is, upon information and belief, an entity incorporated in the state of Alabama;

kk. Scotbilt Homes, Inc, is, upon information and belief, an entity incorporated in the state of Georgia;

ll. Defendant Sentry Insurance A Mutual Company (hereinafter, "Sentry"), is, upon information and belief, an entity incorporated in the state of Wisconsin, with its principle place of business in the state of Wisconsin. Further, defendant Sentry provided

insurance coverage for the risks involved herein of Pilgrim International, Inc. (hereinafter, "Pilgrim"), which manufactured and supplied FEMA trailers or housing units as defined below pursuant to contracts with FEMA for use in the State of Louisiana.

mm. Silver Creek Homes, Inc., is, upon information and belief, an entity incorporated in the state of Texas;

nn. Skyline Corporation, is, upon information and belief, an entity incorporated in the state of Indiana;

oo. Defendant Starr Excess Liability Insurance Company, Ltd. (hereinafter, "Starr"), is, upon information and belief, a Delaware corporation, with its principle place of business in New York. Further, defendant Starr provided insurance coverage for the risks involved herein of Fleetwood which manufactured and supplied FEMA trailers or housing units as defined below pursuant to contracts with FEMA for use in the State of Louisiana. Starr is subject to the in personam jurisdiction of this Court because it and its insured client, Fleetwood, does sufficient business in the State of Louisiana and within this federal district to confer same, and at all relevant times hereto engaged in commerce both in this federal district and in the State of Louisiana with respect to the activities and claims which are the subject of this litigation.

pp. Starcraft RV, Inc., is, upon information and belief, an entity incorporated in the state of Indiana;

qq. Stewart Park Homes, Inc., is, upon information and belief, an entity incorporated in the state of Georgia;

rr. Sunray RV, LLC, is, upon information and belief, an entity incorporated in the state of Tennessee;

ss. Tom Stinnett Holiday RV Center, is, upon information and belief, an entity incorporated in the state of Indiana;

tt. Thor Industries, Inc., is, upon information and belief, an entity incorporated in the state of Ohio;

uu. Thor California, Inc., is, upon information and belief, an entity incorporated in the state of California;

vv. TL Industries, Inc., is, upon information and belief, an entity incorporated in the state of Indiana;

ww. Vanguard Industries of Michigan, Inc., (a/k/a Palomino RV), is, upon information and belief, an entity incorporated in the state of Michigan;

xx. Waverlee Homes, Inc., is, upon information and belief, an entity incorporated in the state of California.

All of the named Defendants are doing business in the State of Louisiana and within the jurisdiction of this Honorable Court.

B. The following defendants, collectively referred to as the "Contractor Defendants," upon information and belief, received No-Bid contracts from the Federal Emergency Management Agency ("FEMA") and was tasked with, amongst other things, performing significant functions in the transportation, delivery, installation, maintenance and repair, de-installation and refurbishment of the temporary housing units provided by FEMA to the victims of hurricanes Katrina and Rita:

a. Shaw Environmental, Inc., is, upon information and belief, an entity incorporated in the state of Louisiana;

b. Fluor Enterprises, Inc., is, upon information and belief, an entity incorporated in the state of California;

c. CH2M Hill Constructors, Inc., is, upon information and belief, an entity incorporated in the state of Delaware;

All of the named Contractor Defendants are doing business in the State of Louisiana and within the jurisdiction of this Honorable Court.

III.

Venue is proper in Jefferson as it is the parish where the plaintiffs' injuries occur.

IV.

At all pertinent times hereto, hereinafter Manufacturing Defendants were engaged by the Federal Emergency Management Agency, hereinafter "FEMA", to sell temporary housing units for provision to the Plaintiffs as temporary housing following Hurricane Katrina.

V.

On information and belief, Manufacturing Defendants expedited production of these housing units, and, on information and belief, resorted to using substandard materials and/or employing irregular practices during the manufacturing process, all of which resulted in the housing units occupied by each Plaintiff containing higher than normal levels of formaldehyde.

VI.

On information and belief, the housing unit of each Plaintiff, including those units which were manufactured prior to the hurricanes and those later manufactured and purchased by FEMA, deviated from Government specifications pertaining to the safety of the unit as a residence.

VII.

Plaintiffs submit that each and all of the housing units which are at issue herein, both those which were manufactured prior to the hurricanes and those later manufactured and purchased by FEMA, did not conform to any Government-imposed specifications which addressed the design and/or construction of the housing units pertinent to formaldehyde levels.

VIII.

Plaintiffs submit that each of the housing units at issue, both those which were manufactured prior to the hurricanes and those later manufactured, and purchased by FEMA, contained dangerous levels of formaldehyde due to Manufacturing Defendants'

use of certain materials in their construction, and/or posed the threat of producing dangerous levels of formaldehyde due to the Federal Government's intended use of the housing units as temporary residences for at least 18 months, but that Manufacturing Defendants failed to warn the Federal Government about these dangers, which initially were not known to the Federal Government.

IX.

Plaintiffs submit that Manufacturing Defendants ignored, or concealed and/or condoned the concealment of, the fact that each and all of the housing units at issue contained dangerous levels of formaldehyde due to Manufacturing Defendants' use of certain materials in their construction, and/or posed the threat of producing dangerous levels of formaldehyde due to the Federal Government's intended use of the housing units as temporary residences for at least 18 months, all in order to sell Manufacturing Defendants' products, and/or avoid the costs of safety precautions/inspections, and/or avoid litigation by persons injured by formaldehyde emissions.

X.

Each and all of the Plaintiffs spent significant time in the FEMA-provided housing units manufactured by Manufacturing Defendants and provided to Plaintiffs by the Federal Government. As a result, the Plaintiffs unwittingly were exposed to dangerously high concentrations of the formaldehyde emitted from products used in the manufacture of the subject housing units.

XI.

Manufacturing Defendants knew or should have known of the health hazards inherent in the products it constructed, by familiarity with industry standards and published medical studies.

XII.

At all pertinent times hereto, the Contractor Defendants were engaged by FEMA through a no-bid contract, with the transportation, installation, site identification and

preparation of locations and group sites, preparation of infrastructure to handle the units, inspection of the temporary housing units, maintenance and repair, refurbishment and restoration, and the eventual de-installation and removal of the units.

XIII.

Under the terms of their contract, Contractor Defendants were obligated to adhere to all warnings and instructions relating to the temporary housing units as provided and indicated by the manufacturers of same. Further, under their no-bid contracts with FEMA, Contractor Defendants were obligated to advise and instruct FEMA regarding the implementation of those contracts. Upon information and belief Contractor Defendants failed to properly fulfill either of these tasks.

XIV.

Contractor Defendants contracted with FEMA to pick-up and transport the temporary housing units from FEMA-controlled staging areas and deliver them to areas which Contractor Defendants were tasked with operating. These new areas included staging areas to be managed and maintained as assigned to one of Contractor Defendants or individual locations and addresses where Contractor Defendants assigned that temporary housing unit would have obligations to manage and maintain it.

XV.

To accomplish tits contractual obligation with FEMA, in addition to the use of subsidiary companies, Contractor Defendants entered into numerous sub-contracts, but at all times retained supervisory capacity and responsibility under its individual contract with FEMA.

XVI.

Contractor Defendants were tasked under their contracts with FEMA to identify and prepare the infrastructure for the various group site locations. This included, amongst other things, ensuring there would be adequate water, sewage, electricity, etc. Contractor Defendants knew or should have known that these preparations were for long-term occupancy of the temporary housing units.

XVII.

Once the temporary housing units occupied by the plaintiffs were transported and delivered to a particular location, Contractor Defendants had the responsibility for

installing that temporary housing unit. Contractor Defendants installed the temporary housing units by "blocking" the unit. This meant raising each plaintiff's unit several feet into the air and off of its wheel base, and setting it on concrete blocks.

XVIII.

By blocking the temporary housing units of each plaintiff, Contractor Defendants created stress and flexing on the frames of the unit as it were not designed to be lifted off of the wheel base. In fact, the manufacturers of the temporary housing units warned in the various owners' manuals provided with the units, that units should not be jacked so that the vehicle's weight is no longer supported by the wheels.

XIX.

The stress and flexing of temporary housing units' frames caused by Contractor Defendants "blocking" them with weight off of the wheels created distortion in the travel trailer's shell allowing increased moisture intrusion which contributed to increased formaldehyde exposures.

XX.

The temporary housing units occupied by the plaintiffs which were provided by FEMA were for the most part travel trailers. The travel trailers are, by definition, mobile. They are designed for and intended for periodic, recreational use and not for long-term habitation. By installing the travel trailers on concrete blocks for extended occupancy, Contractor Defendants knowingly and intentionally modified the design and the actual use of these units occupied by the plaintiff(s) by converting them into a temporary housing unit to be used as a residence for long term occupancy in some instances exceeding 18 months.

XXI.

Contractor Defendants failed to consult with the manufacturers of the temporary housing units, including Manufacturing Defendants, with regard to the installation, warnings, warranty issues or advisability of using travel trailers for long term residence and occupation. Contractor Defendants took actions which voided the warranties of the manufacturers and directly created or contributed to unsafe and hazardous living conditions in the temporary housing units.

XXII.

Once Contractor Defendants had completed the transportation, delivery and installation of the temporary housing units occupied by the plaintiffs. Contractor Defendants were tasked with inspecting each unit to ensure that it was safe and habitable, prior to occupancy by the plaintiffs. Upon information and belief, Contractor Defendants failed to adequately inspect the temporary housing units occupied by the plaintiff(s) to ensure that the units were safe and suitable for their intended use – the long-term occupancy by individuals and families displaced by hurricanes Katrina and Rita. This failure to properly inspect the units for unsafe or hazardous conditions directly contributed to the adverse health effects suffered by hurricane victims.

XXIII.

In addition to transportation, site identification, installation and inspection, the temporary housing units occupied by the plaintiffs provided in response to hurricanes Katrina and Rita were also managed, maintained and repaired by Contractor Defendants, or their various subcontractors over whom they maintained direct oversight and responsibility. Upon information and belief, Contractor Defendants failed to adequately manage, maintain and repair the temporary housing units which enabled and contributed to the unsafe and hazardous conditions that led to adverse health effects amongst the plaintiffs.

XXIV.

Parallel to their duty to manage, maintain and repair each temporary housing unit, Contractor Defendants failed to undertake appropriate action, maintenance or repair in response to numerous complaints made by the Plaintiff-occupant(s) of the temporary housing units to various adverse health effects caused by exposure to elevated levels of formaldehyde.

XXV.

Following the Plaintiffs' occupancy of each temporary housing unit, Contractor Defendants were tasked with its de-installation. Upon discovering the deteriorated condition of the temporary housing units at the time of de-installation and removal, Contractor Defendants failed to identify the unsuitability of the temporary housing units for long-term occupancy.

XXVI.

In addition to de-installation of the temporary housing units, Contractor Defendants were tasked with refurbishment and restoration of the temporary housing units for use, either in direct response to hurricanes Katrina and Rita or for use in the future. By restoring and refurbishing these temporary housing units, Contractor Defendants warranted that the units were fit for their intended use, long term occupancy in response to disaster related displacement. By restoring and refurbishing these temporary housing units, Contractor Defendants created and perpetuated existing hazardous conditions which would foreseeably lead to adverse health effects caused by the elevated levels of formaldehyde in the temporary housing units. Further, in thousands of cases, following the restoration and refurbishment, these temporary housing units were immediately occupied by new individuals or families displaced by hurricanes Katrina and Rita, and who were then directly exposed to hazardous levels of formaldehyde.

XXVII.

Contractor Defendants, at every stage of their involvement, failed to warn the plaintiffs of each temporary housing unit of the potential risk of hazardous and unsafe living conditions due to the presence of elevated levels of formaldehyde – a known human carcinogen – which led directly to adverse health effects, including but not limited to the advent of childhood asthma and the onset of adult asthma in some of the Plaintiffs.

XXVIII.

Through their actions and omissions, Contractor Defendants created and perpetuated a situation wherein occupants of the temporary housing units were exposed to elevated levels of formaldehyde and, as a result, suffered adverse health effects. Contractor Defendants negligently failed to adhere to the manufacturer instructions and warnings related to: (1) the manufacturers' intended (short-term) use of the temporary housing units; (2) the installation and set-up of the temporary housing units; and (3) the warning that the temporary housing units contained urea formaldehyde resin which would release formaldehyde gas directly into the intended living space.

XXIX.

Contractor Defendants failed to warn the occupants of temporary housing units of the hazardous conditions created by the elevated levels of formaldehyde in the temporary housing units.

XXX.

By restoring and refurbishing the trailer for future habitation, Contractor Defendants improperly and negligently warranted that the units were fit for the intended use of long-term occupancy.

XXXI.

As a result of the foregoing, Plaintiffs were caused to sustain injuries including, but not limited to, past and future physical injuries, past and future mental and physical pain and suffering, past and future physical impairments and disability, past and future reasonable and necessary medical expenses, past and future loss of earning capacity, past and future loss of enjoyment and quality of life and other damages, loss of consortium, and loss of use and/or opportunity to use safe and adequate shelter during the period of displacement from a natural disaster, as well as, all general, special, incidental and consequential damages as shall be proven.

XXXII.

Plaintiffs' injuries and resulting damages were proximately caused by the fault of Defendants and their officers, agents, employees, and those for whom they are legally responsible.

XXXIII.

Manufacturing Defendants, under all applicable laws, including but not limited to, the Louisiana Products Liability Act, LSA-R.S. 9:2800.51, et seq., are strictly liable unto Plaintiffs for all injuries and damages for designing, manufacturing, distributing and/or selling of temporary housing units described above, that were defective, unsafe, and unreasonably dangerous in design, composition, manufacture, and/or construction and/or due to its lack of and/or inadequate warnings and due to its non-conformity to the express warranties of fitness of said product.

XXXIV.

Furthermore, Contractor Defendants, under all applicable laws, including but not limited to, the Louisiana Products Liability Act, LSA-R.S. 9:2800.51, et seq., are strictly liable unto Plaintiffs for all injuries and damages for designing, manufacturing, constructing, assembling, distributing, and/or refurbishing of the residential housing as described above, that were defective, unsafe, and unreasonably dangerous in design, composition, manufacture, and/or construction and/or due to its lack of and/or inadequate warnings and due to its non-conformity to the express warranties of fitness of said product.

XXXV.

Plaintiffs assert their claims against both Manufacturing Defendants and Contractor Defendants under the laws of the State of Louisiana and under any other state and federal statutes which may be applicable.

XXXVI.

Plaintiffs are entitled to a trial by jury.


WHEREFORE, Plaintiffs pray that Manufacturing Defendants and Contractor Defendants be served with a copy of this Petition for Damages and that after due proceedings are had, Plaintiffs pray for judgment in their favor and against all Defendants in an amount reasonable under the premises, together with legal interest thereon from the date of judicial demand, and for all costs of these proceedings, and for all appropriate legal and equitable relief, and for trial by jury.

Respectfully submitted,

*/s/ J. Rock Palermo*

**J. ROCK PALERMO III**
Bar Roll No. 21793
Veron, Bice, Palermo & Wilson, L.L.C.
721 Kirby Street
P.O. Box 2125
Lake Charles, LA 70602
337-310-1600
Fax: 337-310-1601

**PLEASE WITHHOLD SERVICE ON ALL DEFENDANTS UNTIL FURTHER NOTICE.**

XXXIV.

Furthermore, Contractor Defendants, under all applicable laws, including but not limited to, the Louisiana Products Liability Act, LSA-R.S. 9:2800.51, et seq., are strictly liable unto Plaintiffs for all injuries and damages for designing, manufacturing, constructing, assembling, distributing, and/or refurbishing of the residential housing as described above, that were defective, unsafe, and unreasonably dangerous in design, composition, manufacture, and/or construction and/or due to its lack of and/or inadequate warnings and due to its non-conformity to the express warranties of fitness of said product.

XXXV.

Plaintiffs assert their claims against both Manufacturing Defendants and Contractor Defendants under the laws of the State of Louisiana and under any other state and federal statutes which may be applicable.

XXXVI.

Plaintiffs are entitled to a trial by jury.

WHEREFORE, Plaintiffs pray that Manufacturing Defendants and Contractor Defendants be served with a copy of this Petition for Damages and that after due proceedings are had, Plaintiffs pray for judgment in their favor and against all Defendants in an amount reasonable under the premises, together with legal interest thereon from the date of judicial demand, and for all costs of these proceedings, and for all appropriate legal and equitable relief, and for trial by jury.

Respectfully submitted,

**J. ROCK PALERMO III**
Bar Roll No. 21793
Veron, Bice, Palermo & Wilson, L.L.C.
721 Kirby Street
P.O. Box 2125
Lake Charles, LA 70602
337-310-1600
Fax: 337-310-1601

**PLEASE WITHHOLD SERVICE ON ALL DEFENDANTS UNTIL FURTHER NOTICE.**

FedEx US Airbill

FedEx Tracking Number: 8693 8409 6892

**1 From**

Date: 8/6/09
FedEx Tracking Number: 869384096892
Sender's Name: Rock Palermo
Phone: 337 310-1600
Company: VERON, BICE, PALERMO & WILSON
Address: 721 KIRBY ST
City: LAKE CHARLES  State: LA  ZIP: 70601-5933

**2 Your Internal Billing Reference:** FEMA/Malone

**3 To**

Recipient's Name: Thomas Gives
Phone: 504/592-9100
Company: Civil District Clerk's Office
Recipient's Address: 402 Civil Courts Bldg.
Address: 421 Loyola Ave.
City: New Orleans  State: LA  ZIP: 70112

0405784969

8693 8409 6892

TRK# 8693
0215
XH
emp# 87893

For international shipments, FedEx liability is limited to US$100 shipments by surface or air and may be further limited by certain t Convention, typically to US$9.07 per pound. See the current FedEx International Air Waybill for details.

**Want more information?**
Go to fedex.com, or call 1.800.GoFedEx 1.800.463.3339 for U.S. do for international shipments. Call your local FedEx office if you are

© 2005 FedEx 155476/155475 REV 9/05 RT