

CIVIL DISTRICT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2009-7971                                                           DIVISION "C"

NATHANIEL MALONE, SR., ET AL.

versus

AMERICAN INTERNATIONAL GROUP INC., ET AL.

FILED: _____          _____
                                                                   DEPUTY CLERK

### NOTICE OF FILING OF NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes defendant, CH2M Hill Constructors, Inc. ("CH2M HILL"), and hereby notifies this Court that it has filed a Notice of Removal of the captioned matter with the United States District Court for the Eastern District of Louisiana, a copy of which is attached hereto as Exhibit "A." Accordingly, pursuant to the provisions of 28 U.S.C. § 1446, this Court shall proceed no further unless the case is remanded.

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

_____
Danny G. Shaw (Bar No. 11977)
Gerardo R. Barrios (Bar No. 21223)
Wade M. Bass (Bar No. 29081)
Sandra Varnado (Bar No. 30775)
No. 3 Sanctuary Boulevard, Suite 201
Mandeville, LA 70471
Telephone: (985) 819-8400
Facsimile: (985) 819-8484
dshaw@bakerdonelson.com
gbarrios@bakerdonelson.com
wbass@bakerdonelson.com
svarnado@bakerdonelson.com

**ATTORNEYS FOR
CH2M HILL CONSTRUCTORS, INC.**

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on September 15th, 2009, the foregoing Notice of Filing of Notice of Removal was served on Plaintiffs' counsel of record via facsimile transmission and/or by placing same in the United States Mail, in a properly addressed envelope, with first-class postage pre-paid.

_____



UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NATHANIEL MALONE, SR., ET AL. | * | |
| | * | |
| Plaintiffs, | * | 09-6251 |
| vs. | * | |
| | * | SECT. N MAG. 5 |
| AMERICAN INTERNATIONAL GROUP, INC., ET AL. | * | |
| | * | |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, comes defendant, CH2M Hill Constructors, Inc. ("CH2M HILL"), and, with a full reservation of rights, files this Notice of Removal and avers that this matter is hereby removed to this Court on the following grounds:



1.

On July 31, 2009, plaintiffs, through attorney J. Rock Palermo, III, filed this action, entitled "*Nathaniel Malone, Sr., et al. vs. American International Group Inc., et al.*" and bearing Docket Number 2009-7971, Division "C," (the "Petition"), in the Civil District Court for the Parish of Orleans, State of Louisiana.

2.

For purposes of allotment, this Petition arises solely from operative facts that are the subject of multidistrict litigation ongoing in the U.S. District Court for the Eastern District of Louisiana, entitled *In re: FEMA Trailer Formaldehyde Products Liability Litigation* and bearing MDL docket number 07-1873, which matter is pending before Judge Engelhardt, Section N(5) [*In re: FEMA Trailer Formaldehyde Products Liability Litigation*, MDL No. 07-md-01873-KDE-ALC (E.D. La.)].

3.

CH2M HILL has not been served with any process, pleadings, or order. 28 U.S.C. § 1446(a). However, it is removing the captioned case out of an abundance of caution, given that removal must be effected within 30 days of service on the first defendant.

4.

CH2M HILL is removing this case pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1), which provides an exception to the general rule requiring that all defendants join in the removal. *Akin v. Ashland Chemical*, 156 F.3d 1030, 1034 (10th Cir. 1998); *Fowler v. Southern Bell Tel. & Tel. Co.*, 343 F.2d 150, 152 (5th Cir. 1965) ("it is settled that the filing of a petition for removal by a single federal officer removes the entire case to the federal court."); *Ely*

*Valley Mines, Inc. v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981) ("Since the federal officer is the only one entitled to remove under § 1442, he alone can remove without other defendants joining in the petition, and the entire case is removed to the federal court."). Thus, this Notice of Removal of the case to the United States District Court is timely filed, *i.e.*, no more than thirty (30) days after service of the Petition, in accordance with 28 U.S.C. §§ 1441 and 1446.

5.

"[T]he right of removal under 28 U.S.C. § 1442 (a)(1) is made absolute whenever a suit in state court is for any act 'under color' of federal office, regardless of whether the suit could originally have been brought in federal court. Federal jurisdiction rests on a 'federal interest in the matter' . . . ." *Willingham v. Morgan*, 395 U.S. 402, 406, 89 S.Ct. 1813, 1816, 23 L.Ed.2d 396 (1969).

6.

Three requirements must be met to invoke the federal officer removal statute: (1) the defendant must be a "person" within the meaning of §1442(a)(1); (2) the defendant must have acted under color of federal authority when committing the acts that allegedly caused plaintiffs' injuries; and (3) the defendant must have a colorable federal defense. *Williams v. Todd Shipyards Co.*, 154 F.3d 416 (5th Cir. 1998) (citing *Mesa v. California*, 489 U.S. 121, 129, 131, 109 S.Ct. 959, 103 L.Ed.2d 99 (1989)). All three requirements exist in this instance. *See, e.g., Isaacson v. DOW Chemical Co.*, 517 F.3d 129 (2nd Cir. 2008) (finding removal proper under Section 1442(a)(1) where the defendant was a government contractor and its colorable federal defense was based upon the government contractor defense); *Miller v. Diamond Shamrock*

3

*Chemical Co.*, 275 F.3d 414 (5th Cir. 2001) (same); *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 397-401 (5th Cir. 1998) (same); *Williams v. Todd Shipyards Corp.*, 154 F.3d 416 (5th Cir. 1998) (same).

7.

CH2M HILL qualifies as a "person" under Section 1442(a)(1). *See Winters v. Diamond Shamrock Chemical Company*, 149 So. 2d 387, 398 (5th Cir. 1998) (examining the federal officer removal statute and explaining that "corporate entities qualify as 'persons' under § 1442(a)(1)") (citation omitted).

8.

CH2M HILL was acting under color of federal authority when it is alleged to have performed the work that resulted in plaintiffs' alleged injuries. Indeed, plaintiffs' allegations against CH2M HILL arise out of CH2M HILL's contractual engagement by FEMA to perform "the transportation, installation, site identification and preparation of locations and group sites, preparation of infrastructure to handle the units, inspection of the temporary housing units, maintenance and repair, refurbishment and restoration, and the eventual de-installation and removal of the units." *See* Exh. "1," Petition ¶ XII. If CH2M HILL performed the transportation, installation, inspection, maintenance or repair of the FEMA trailers involved in this litigation (the "Work"), then the Work, as alleged by plaintiffs, was performed pursuant to a federal contract between FEMA and CH2M HILL (the "Contract"), and CH2M HILL was acting under color of federal authority when performing under the Contract.

9.

Specifically, FEMA approved and provided reasonably precise specifications regarding installation of travel trailers, and mandated the installation method complained of at ¶¶ XVII, XVIII, XIX, and XX of the Petition (*i.e.*, "blocking the unit"). Further, CH2M HILL performed this government work under FEMA's supervision and FEMA inspectors monitored and inspected the Work performed under the Contract. Moreover, FEMA maintained enforcement authority and substantively reviewed the Work performed by CH2M HILL. The Contract between CH2M HILL and FEMA are attached hereto as Exhibit "2."

10.

More specifically, the Contract provides detailed specifications, checklists, procedures and policies regarding delivery, installation, maintenance, and inspection of the FEMA trailers.[1] Exhibit 7 to Attachment A of the Contract, entitled "TRAVEL TRAILER INSTALLATION" provides precise direction as to the method of installing the units allegedly occupied by the plaintiffs, and these directions specifically mandate the "Blocking and Leveling" about which plaintiffs complain.[2]

11.

As a government contractor involved in the Hurricane Katrina disaster assistance provided by FEMA, CH2M HILL has available to it the government contractor defense.[3] *See In*

---

[1] *See, e.g.*, Contract (Exh. "2") at Sections G.7 – Project Monitor; Section G.8 – Technical Direction and Surveillance; Section J, Attachment A – Performance Work Statement; and Section J, Attachment A – Performance Work Statement, Exhibits 1-15. Throughout performance of the Contract, FEMA modified and amended its policies and procedures with respect to the Work by contract modifications and verbal and written communication to CH2M HILL.

[2] *See* Contract (Exh. "2"), Attachment A, Exhibit 7, Section 2.1.2 "Blocking and Leveling."

*re World Trade Center Disaster Site Litigation*, 521 F.3d 169, 197 (2nd Cir. 2008) (applying the government contractor defense to "the disaster relief context due to the unique federal interest in coordinating federal disaster assistance and streamlining the management of large-scale disaster recovery projects, as evidenced by the Stafford Act.").

12.

In accordance with the requirements of 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal, CH2M HILL will give written notice of this Notice of Removal to all adverse parties and will file a copy of this Notice of Removal with the Clerk of Court for the Civil District Court for the Parish of Orleans, which notice shall be in the form of the Notice of Filing of Notice of Removal attached hereto as Exhibit "3."

**WHEREFORE**, defendant, CH2M Hill Constructors, Inc. prays that this matter be removed to the United States District Court for the Eastern District of Louisiana for further proceedings and disposition.

---

[3] For purposes of removal, CH2M HILL is not required to prove success on its defense. *Mesa*, 489 U.S. at 133; *Magnin v. Teledyne Continental Motors*, 91 F.3d 1424, 1427 (11th Cir. 1996) ("defense need only be plausible; its ultimate validity is not to be determined at the time of removal."); *Jamison v. Wiley*, 14 F.3d 222, 238 (4th Cir. 1994) ("defendant need not prove that he will actually prevail on his federal immunity defense in order to obtain removal"). Rather, CH2M HILL is only required to show a causal connection between the plaintiffs' claims and CH2M HILL's performance as a federal contractor; CH2M HILL has done so. *See Williams v. Todd Shipyards Co.*, 154 F.3d 416 (5th Cir. 1998).

6

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

_____
Danny G. Shaw (Bar No. 11977)
Gerardo R. Barrios (Bar No. 21223)
Wade M. Bass (Bar No. 29081)
Sandra Varnado (Bar No. 30775)
No. 3 Sanctuary Boulevard, Suite 201
Mandeville, LA 70471
Telephone: (985) 819-8400
Facsimile: (985) 819-8484
dshaw@bakerdonelson.com
gbarrios@bakerdonelson.com
wbass@bakerdonelson.com
svarnado@bakerdonelson.com

**ATTORNEYS FOR
CH2M HILL CONSTRUCTORS, INC.**

7

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have on September 11th, 2009, filed a true copy of the foregoing Notice of Removal. Plaintiffs' counsel received notice of this filing by operation of the Court's electronic filing system. I further certify that the foregoing pleading was served upon counsel for plaintiffs by placing same in the United States Mail, in a properly addressed envelope, with first-class postage pre-paid. Other parties may access this filing through the Court's CM/ECF system.

*[signature]*

8