UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N(5)<br><br>JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO:<br>ALL CASES | MAGISTRATE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### SHAW ENVIRONMENTAL, INC.'S MEMORANDUM IN OPPOSITION TO THE PSC'S MOTION REQUESTING A SUMMARY JURY TRIAL FOR ONE OR MORE SCHEDULED BELLWETHER CASES

**NOW INTO COURT**, through undersigned counsel, comes defendant, Shaw Environmental, Inc. ("Shaw"), who respectfully submits this memorandum in opposition to the PSC's Motion Requesting a Summary Jury Trial For One or More Scheduled Bellwether Cases (Rec. Doc. No. 4271). Leaving aside the question of whether the Court has the authority to compel parties to participate in a summary jury trial, Shaw submits that the Court should not do so at this time, because it simply is not a good idea under the circumstances of this MDL.

This Court previously ordered that the MDL proceed as a "mass action" with five bellwether trials scheduled between September 2009 and May 2010. The reason for using bellwether trials is that the results might be seen as having predictive value about the results of

the thousands of claims not yet set for trial, and the parties might therefore be able to use those results as data when contemplating a resolution of the entire MDL.  On September 30, 2009, weeks after the first bellwether trial ended and only two months before the second bellwether trial is set to commence, the PSC requested that the Court invoke a summary jury trial procedure for one or more of the next two designated bellwether cases currently set for trial.  However, and notwithstanding extensive discussions among counsel and with the Court about the importance of the procedure to be utilized, the PSC has neglected to propose or even outline a specific procedure for conducting a summary jury trial.  Without agreed-upon rules of procedure, there is really no way to be exactly sure what is being proposed.  The PSC's approach – to leave this to be sorted out later – does little but invite future conflict.  For this reason alone, Shaw objects to the use of the summary jury trial proceeding at this time.

In any event, the use of summary jury trials at this stage of the MDL will result in a waste of judicial resources and the parties' time and money on a futile endeavor.  The Court's goal in holding bellwether trials was to produce a sufficient number of representative verdicts that will highlight the strengths and weaknesses of the parties' respective cases.  This goal will not be furthered should the Court permit a summary jury trial procedure, certainly not to the degree as actual trials would.  The scheduled bellwether trials are designed to allow each of the parties to present their best arguments, testimony and evidence on crucial issues in a full trial setting.  On the other hand, a summary jury trial is an expedited, non-binding proceeding where no or minimal live testimony is given; instead, counsel for each party summarizes the evidence to an advisory jury.   Because the presentation of evidence and direct and cross-examination of

witnesses would be truncated and replaced with arguments of counsel, the summary jury trial process would have little to no predictive value to Shaw.

After all, this whole exercise (aside from obtaining a few final judgments) is about predicting the outcome of all of the other cases in this MDL. Absent a settlement or dismissal, those cases will be tried to real juries with real evidence, not to advisory juries through argument of counsel. The crux of the matter is whether a summary jury "verdict" would assist in settling the entire MDL, and due to its minimal predictive value, Shaw submits that it would not.

The PSC seeks to justify backing away from real trials through its contention that the summary jury trial is a "far less costly" procedure than a full-blown trial. However, "for the summary jury trial to be beneficial, the case must substantially be in posture for trial."[1] There will still be a need for the parties to expend significant money, resources and time on conducting/completing discovery, hiring experts, taking depositions, etc. Since the summary jury trial process is non-binding, no finality will be achieved despite the need to spend a considerable amount of money preparing the case for "trial." Thus, at the end of the day, all of the pretrial costs will remain and the parties will have no binding, or even predictive, result.

**WHEREFORE,** for the foregoing reasons, Shaw Environmental, Inc. urges the Court to deny the PSC's Motion Requesting Summary Jury Trial For One or More Scheduled Bellwether Cases.

---

[1] Wayne D. Brazil, 3-16 Moore's Federal Practice-Civil § 16:53 Advantages and Limitations of Principal ADR Processes, Vol. 3, p. 12 (Matthew Bender & Company, Inc. 2009).

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**


      s/M. David Kurtz
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR DEFENDANT,
SHAW ENVIRONMENTAL, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of October, 2009, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel.

      s/M. David Kurtz
      M. DAVID KURTZ

4