UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N(5)<br><br>JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO:<br>ALL CASES | MAGISTRATE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### FLUOR ENTERPRISE INC. MEMORANDUM IN OPPOSITION TO THE PSC'S MOTION REQUESTING A SUMMARY JURY TRIAL FOR ONE OR MORE SCHEDULED BELLWETHER CASES

**NOW INTO COURT**, through undersigned counsel, comes defendant, Fluor Enterprise Inc.,(FEI) which respectfully submits this memorandum in opposition to the PSC's Motion Requesting a Summary Jury Trial For One or More Scheduled Bellwether Cases (Rec. Doc. No. 4271). FEI adopts the opposition filed by Shaw but writes separately to additionally oppose the motion on grounds not articulated by Shaw.

First, FEI suggest that the reasons articulated by the PSC as a substantial basis for use of summary jury trial are in fact not present as to the December bellweather. The PSC articulates as part of its request for SJT that the use of SJT for the next two bellweather claims will avoid spending many times what a claim is worth (based on the irritant effects of formaldehyde

exposure).[1]  The PSC makes this argument despite the fact that the PSC has, as recently as October 1, 2009 during the expert scheduling process, refused to withdraw the fear of cancer claims brought by plaintiff Dubuclet.  The Dubuclet claim, as of this writing, is about much more than the value of irritation claims and is thus deserving of a full trial, if there is to be a trial at all.

Second, despite the suggestion of the PSC that the use of an SJT will allow " A less than full-fledged expenditure of costs"[2] FEI respectfully submits the vast majority of the costs will be essentially identical – save for the costs of a plaintiff and counsel in court for two or three days instead of nine days.  In regards to the costs, ALL of the discovery costs will be identical, if not enhanced as each party endeavors to take a deposition that will be useful at the SJT[3].  Further, ALL of the exhibit preparation costs will be identical.  Video cut costs will be greatly magnified – a not inconsiderable concern if most witnesses are presented by video.  Lastly, none of the normal pre-trial preparation costs which are expended will lead to a final judgment as to the claims of Timia Dubuclet.  In short, while in all likelihood there will be no real savings, no party will walk away after an SJT with a final judgment – leaving to another day the need expend funds to fully try the claims of Ms. Dubuclet.

Third, FEI believes that it should not be subject to a summary jury trial simply due to the luck of the draw alignment with Fleetwood as codefendants in the second bellweather.  FEI has been through the costs and burden of a trial and has a full sense of the issues and claims of the

---

[1] Page 4, Para.1 of Memorandum in Support of Plaintiff's(sic) Motion Requesting Summary Jury Trial

[2] Page 4, Para 2 of Memorandum in Support of Plaintiff's(sic) Motion Requesting Summary Jury Trial

[3] During BW1 preparation several depositions took in excess of 10 hours due to plaintiff counsel taking a direct examination of the expert suitable for trial use after conclusion of the discovery portion of the deposition.

formaldehyde claims against it.  No other defendant in the next two bellweather trials is in that same position – indeed the United States is not even a party in the second bellweather at this point.  Accordingly, for many of the reasons that the PSC asserts that a summary trial is appropriate as to Fleetwood due to their unique status in the litigation, FEI asserts that a summary jury trial is inappropriate as to it.  FEI should not be asked to bear, for a second time almost all the costs of a trial with no final judgment on the balance sheet.

Lastly, the use of a summary jury trial, unconsented to by the parties[4], runs the very real cost of forcing parties to disclose trial strategy and considerations during what is designed to be an alternate dispute resolution device.  The PSC motion, while admirable for its brevity, fails to put either the cart or the horse on the street – for it fails to identify exactly what procedures the PSC desires be followed at any SJT.  This failure is crucial, for if the result of an SJT is to be instructive[5] then the process should at least in large part be tailored to achieve the dynamic of a real trial – with real testimony subject to the vigor of cross examination.  The PSC motion – for it is not a proposal – contains no such process or proposal.  Without such precision as to desired process any claims of costs reduction is illusory, any claim of instructiveness is mistaken, and the SJT cannot result in holding bellwether trials which produce a sufficient number of representative verdicts that highlight the strengths and weaknesses of the parties' respective cases.

---

[4] Itself a questionable idea in light of LR16.3.1E (b)..

[5] Or at least more instructive than the mock trials it can be safely assumed the PSC has engaged in.

**WHEREFORE,** for the foregoing reasons, Fluor Enterprises, Inc. urges the Court to deny the PSC's Motion Requesting Summary Jury Trial For One or More Scheduled Bellwether Cases.

Respectfully submitted,

**MIDDLEBERG, RIDDLE & GIANNA**

BY: _____/s/ Richard A. Sherburne Jr.._____
Charles R. Penot, Jr. (La. Bar No. 1530 &
TX. Bar No. 24062455)
717 North Harwood, Suite 2400
Dallas, Texas 75201
Tel: (214) 220-6334; Fax: (214) 220-6807
cpenot@midrid.com


Dominic J. Gianna, La. Bar No. 6063
Sarah A. Lowman, La. Bar No. 18311
201 St. Charles Avenue, Suite 3100
New Orleans, Louisiana 70170
Telephone: (504) 525-7200
Facsimile: (504) 581-5983
dgianna@midrid.com
slowman@midrid.com

*-and-*

Richard A. Sherburne, Jr., La. Bar No. 2106
450 Laurel Street, Suite 1101
Baton Rouge, Louisiana 70801
Telephone: (225) 381-7700
Facsimile: (225) 381-7730
rsherburne@midrid.com

**ATTORNEYS FOR FLUOR ENTERPRISES, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of October, 2009, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel.

                                                  /s/ Richard A. Sherburne Jr.
                                                            Attorney