## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>　　　　FORMALDEHYDE PRODUCTS　)<br>　　　　LIABILITY LITIGATION　　　　)<br>　　　　　　　　　　　　　　　　　　　)<br>　　　　　　This applies to all cases (and　)<br>　　　　　　Bell, 09-2967)　　　　　　　　)| MDL NO. 1873<br><br>SECTION "N" (5)<br><br>JUDGE ENGELHARDT<br><br>MAGISTRATE CHASEZ |

## KEYSTONE'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JURY TRIAL

Defendant Keystone RV Company (Keystone) submits this memorandum in opposition to the plaintiff's motion requesting a summary jury trial.[1]  The plaintiffs ask the Court to order the parties in the Fleetwood and/or Keystone bellwether trials to use a summary jury trial—a novel and controversial ADR procedure—in lieu of a full trial on the merits.  For the reasons explained below, Keystone opposes this motion.

## REASONS WHY SUMMARY JURY TRIAL

## SHOULD NOT BE USED

The Keystone/Shaw bellwether trial is not suited for a summary jury trial for a number of reasons:

**1.      The summary jury trial is an ADR procedure and should not be used as a substitute or shortened version of a full trial.**

Unlike a trial on the merits, a summary jury trial is a form of alternative

dispute resolution, akin to mediation or a settlement conference:

> A summary jury trial is a non-binding proceeding in
> which the parties present their case, in abbreviated form,
> to a panel of jurors selected from the court's jury pool.
> Instead of actually presenting the case in the form of
> witnesses, the attorneys will usually present a narrative
> summary of their cases, often with the assistance of
> demonstrative evidence….The primary purpose of
> summary jury trials is to give the parties a preview of
> how their case will fare before a real jury.[2]

The summary jury trial is not intended to take the place of a full trial or a

"low cost" alternative where a plaintiff's potential recovery far outweighs the cost of

litigation.  Instead, the summary jury trial is intended to help the parties when

obstacles prevent settlement for one reason or the other.  Explaining the basis for

the procedure, Judge Thomas Lambros (who developed the summary jury trial)

wrote:

> Some cases, however, are not amenable to settlement
> through the usual pretrial methods of dispute resolution,
> or the alternative methods mentioned above.  There may
> be a variety of reasons for this inability to settle.
> Litigants may refuse to accept a compromise because
> emotionally they need their "day in court" to tell their
> story.  Absent the opportunity to hear both sides of the
> case presented to finders of fact, a lawyer and his client

---

[1] Rec. Doc. No. 4271.  The plaintiffs moved for expedited consideration of this motion and directed the parties to file a response by 12:00 p.m. on October 5, 2009.

[2] Litigating Tort Cases, Chapter 11, Alternative Dispute Resolution, §11:66. A copy of excerpts from this publication is attached to this memorandum as Attachment 1.

> may be unable to objectively recognize the weaknesses in
> their positions....These reasons, among others, act as
> barriers to settlement; barriers which often result in
> protracted litigation and expense.[3]

Tellingly, plaintiffs have not focused their arguments on settlement obstacles in the Keystone or Fleetwood bellwether.  Instead, their primary concern is the potential cost of litigation—which they initiated—in contrast to their potential recovery.  Plaintiffs envision the summary trials as a process that "avoids spending multiple times more on a merits trial than the amount of recoverable damages...."[4] If the plaintiffs and their counsel are concerned about the small value of their claims, this begs the obvious question—why did they bring the claims in the first place?  They should well know that the federal court system is not a clearinghouse or claims adjusting facility for low-value claims.

The plaintiffs apparently envision the summary jury trial as a shortened or "lite" version of a full trial.  This is not the proper use of the proceeding; a summary jury trial is *not* a real trial on the merits.  Typically, the proceeding lasts less than one day, and does not involve any of the formalities of a full trial.[5]  After a brief jury selection process, the attorneys for the parties make very short opening statements, followed by the attorney's "summary of the evidence, which usually lasts one hour

---

[3] Judge Thomas Lambros, Federal Rules Decisions, January 1984, "The Summary Jury Trial and Other Alternative Methods of Dispute Resolution, A Report to the Federal Judicial Center," p. 468. ("Summary Jury Trials").

[4] Rec. Doc. No. 4271-2, p.4.

[5] Litigating Tort Cases, 11:68.

per party."[6]  Although the attorneys are allowed to present only evidence that would be admissible, the rules of evidence are "few and flexible,"[7] and evidentiary objections are discouraged.[8]

A significant problem is that even though the summary trial is not a trial, the parties must still prepare as though it is.  The parties must still conduct written discovery and depositions to work the case up for trial.  The parties must also submit expert reports and take expert discovery.

Keystone expects these steps will be time consuming and extremely expensive.  The summary trial does not avoid any of these expenses and inconveniences.  In fact, the procedure may exacerbate them, forcing the parties to prepare once for the summary trial, and then again for a full trial on the merits if the matter does not settle.

Even with the flexibility allowed for a summary trial presentation, the evidence itself must still be properly prepared as if for trial.   During the evidence presentation, the attorneys may only refer to testimony that is "based on the product of a discovery procedure, on a written sworn statement of the witness, or in the absence of these, on a sworn affidavit of counsel that the witness would not sign

---

[6] *Id.*

[7] Jacoubovitch and Moore, Summary Jury Trials in the Northern District of Ohio, A Report to the Federal Judicial Center, p. 2.

[8] Litigating Tort Cases, 11:68.

an affidavit, that the witness would be called in the event of a full trial, and that counsel has been told firsthand the substance of the witness's proposed testimony."[9]

## 2.     A summary jury trial would not be instructive for other trials because of the confidentiality requirements.

If the Court ordered a summary jury trial, the results of the trial must remain confidential.  As an ADR process, confidentiality is warranted because the proceeding is advisory only and in the nature of settlement discussions. By contrast, in a full trial, the verdicts are binding and public.  More importantly, the verdicts send a useful message to both the plaintiff and defendant communities regarding the validity and potential values of claims yet to be tried.  In fact, one of the Court's primary purposes in using bellwether trials was to provide information and value to future litigation.  That purpose won't be accomplished with a confidential summary jury trial procedure.

If the results of a summary jury trial remain confidential, as they must, then they have limited usefulness in prompting settlements by other plaintiffs and defendants.  Again, if the Court desires that the early trials in this litigation should serve to educate the parties about the costs and risks of litigation and the potential value of the thousands of outstanding claims, it would appear the current plan for full public bellwether trials is the appropriate mechanism.

---

[9] Summary Jury Trials, p. 2.

**3.     The Keystone bellwether case is not ripe for settlement.**

A summary jury trial aimed at settlement is clearly premature at this point in at least the Keystone bellwether trial.  At present, the Court has conducted one bellwether trial.  At the trial, with a full presentation of the facts, science and legal issues, and after lengthy instructions by the Court, the jury returned a verdict of no liability.   In addition, there have been at least two plaintiffs scheduled for trial who have apparently determined that their claims are not worth the inconvenience of a trial.  Quite simply, there is nothing to settle.

Keystone understands that the PSC does not want the expense of a full trial on claims worth little or nothing.  Plaintiffs tried to address this problem through class certification, but the Court declined to certify the proposed class.   Thus, the plaintiffs are faced with a difficult situation:  thousands of low and no value claims lumped together solely because they happened during Hurricanes Katrina and Rita.

The PSC would like the court and its MDL proceeding to become a sophisticated adjusting service, attempting to settle claims that might never have been brought under normal circumstance because the cost of trying individual cases outweighs the value of the claims.  Keystone suggests that until there are several full bellwether trials of representative cases where the plaintiffs demonstrate something more than nuisance value of the claims, these matters are simply not ripe for settlement.

Keystone also recognizes that some plaintiffs may not want to expend the time and resources for a full-blown trial.  That has already occurred as evidenced by

the voluntary dismissal of several claims.  But that is a good mechanism for weeding out the claims that plaintiffs shouldn't have filed, and potentially assigning a value, if any, to those left.  Quite simply, these matters are a long way from settlement and Keystone suggests that summary jury trials are not appropriate at this time.

**4.     Summary jury trials are not appropriate where the government is a party and where witness credibility will be a critical issue.**

Judge Lambros identified additional limitations of the summary jury trial procedure, particularly when the government is a party and when witness credibility issues may arise:

> A case should not be assigned to summary jury trial if (a) the case is likely to set precedent (rather than simply required application of existing law); (b) a government office or agency is a party in the case; or (c) the credibility of a witness is a critical issue in the resolution of the dispute.[10]

Two of these factors—the government as a party and witness credibility—exist here and counsel *against* using a summary jury trial.

**a.     At present, FEMA is still a party to the Keystone/Shaw bellwether trial.**

When the government is a party to a suit, the Court should not use the summary trial procedure.  This is because claims against the government are tried by the Court, not the jury. Any recommendation by the summary jury about the government's liability would not be instructive of how the Court would ultimately

---

[10]  *Id*., at p. 3.

decide the plaintiffs' claims.  Just the opposite, the summary trial would put the Court in the uncomfortable position of hearing evidence and considering arguments for claims against the government (which it would ultimately decide) long before the trial itself, without the benefit of the full adjudicative process.

The PSC has argued that FEMA may not ultimately be involved in the Keystone/Shaw or Fleetwood/Fluor bellwether trials.  But, at present, FEMA is a still a party defendant in the Keystone/Shaw matter and is very much involved. Therefore, for this reason alone, a summary trial is not appropriate.

### b. Witness credibility will be a critical issue in the bellwether trials.

Judge Lambros also observed that if witness credibility is a critical issue in resolving the dispute, the matter is not appropriate for a summary jury trial.[11] Such is the case for the Keystone/Shaw bellwether, for example.

Mr. Bell's plaintiff fact sheet indicates that he is complaining about irritation.[12]   He is *not* complaining about any physical injury, disease or emotional distress.   Keystone has seen nothing to indicate that Mr. Bell has ever sought or received any medical treatment for his alleged complaints.  Thus, his complaints are purely subjective and his credibility will be crucial to determining both liability (*i.e.*, did Keystone cause any harm) and damages (*i.e.*, what that harm is worth, if anything).

---

[11] Summary Jury Trials in the Northern District of Ohio, p. 3.

[12] Mr. Bell has not responded to Keystone's written discovery.

In the Gulfstream bellwether trial, credibility of witnesses was critical. The jury carefully weighed the credibility of the plaintiffs and each defendant's employees, officers and contractors. The jury also carefully considered the credibility of the parties' experts, and will do so in the upcoming bellwether trials.

As the Court is aware, the science of formaldehyde is in dispute as to plaintiffs' claims. The jury will be faced with numerous "levels" and purported "standards" to consider. Experts are essential in determining which of these, if any, apply. The jury will also undoubtedly look to the experts to provide guidance about formaldehyde related injuries. The credibility of these experts will be critical.

Given the nature of the issues and claims, a summary jury would not have any sense of the witnesses' credibility if the lawyers were permitted to simply read witness testimony or summaries. It would be highly prejudicial to any party to restrict the trial to a cold reading of evidence by lawyers or even brief video testimony.[13] Each party must be given the opportunity to present their witnesses live before the jury and to cross-examine the other parties' witnesses. This will help the jury determine which witnesses to believe and those whose credibility is suspect. And, once live testimony of numerous witnesses becomes essential (as in the Bell case), the advantages of a summary trial are lost.

---

[13] Plaintiffs apparently intend to use some live witnesses, but they have not set out a concrete trial plan. Some judges don't allow any live witnesses during the proceeding. *See* Spiegel, Summary Jury Trials, 54 Univ. Cincinnati Law Review 829, 830 ("At the voir dire, as well as in the Court's preliminary instruction, we follow the procedures utilized in regular jury trials, except for my explanation that there will be no live testimony…).

Judge Richard Posner, a retired judge on the U.S. Seventh Circuit also recognized the importance of the credibility issue, and potential for affecting it with a summary trial.  In a 1986 law review article, he wrote:

> The jury's principal function is to determine the credibility of witnesses, yet there are no witnesses in the summary jury trial.  The credibility assessed is that of the lawyers.  A jury may react quite differently when confronted with the actual witnesses.  We do not need a jury of laymen to decide which of two lawyers ism is more credible.[14]

The credibility issue is not only an academic concern.  In interviews done in the Northern District of Ohio, summary jurors expressed concern about the limited nature of evidence presented:

> It is hard to listen to someone for one hour who does not make everything clear or…is not a good speaker
>
> Too much depended on the presentations of the two lawyers-no witnesses, no cross examination, not arguments.  Too much seemed left unsaid and not enough facts made absolutely clear.
>
> You really do not hear enough of the evidence.
>
> The summary jury trial left too much to the imagination, whereas the regular jury trial gave a clearer picture through visual contact with the persons involved.[15]

---

[14] Posner, *The Summary Jury Trial and Other Methods of Alternative Dispute Resolution:  Some Cautionary Observations*, 53 Univ. of Chicago Law Review 366, 374.  Judge Posner also recognized that summary jury trials may encourage "strategizing", i.e., lawyers holding back some of their best evidence or arguments in an effort to surprise the opponent at the real trial.  *Id*. at 374.

[15] Summary Jury Trials in the Northern District of Ohio, p. 22.

5.    **A summary trial might force Keystone and the other parties to disclose strategy and attorney work-product.**

Even if well-intended, summary jury trials may have negative consequences. The proceedings can force disclosure "of trial strategy that might allow the opposing party the opportunity to defuse the strategy."[16]  Moreover, summary jury trials "might not be an accurate prediction of an actual trial where one party decides not to put on its best case for fear of disclosing strategies."[17]    Depending on the length of the summary trial used, a defendant like Keystone might have to disclose testimony and trial strategy that it would otherwise not be required to disclose, except through the discovery and normal pre-trial process.  This could be extremely prejudicial to Keystone, particularly if disclosed outside the context of the summary trial itself.[18]

**6.    A summary trial is not appropriate absent consent of <u>all</u> parties.**

Plaintiffs have not addressed whether the Court may order a summary jury trial over the objection of the parties.  Although the Fifth Circuit has not addressed this issue, at least two federal circuits, the Sixth and Seventh, have both ruled that the consent of all parties is required.

In the *In Re NLO, Inc.*, the Sixth Circuit considered whether the trial court lacked authority to order a summary jury trial in a class action involving a release

---

[16] Litigating Tort Cases, 11:66.

[17] *Id*.

[18] Plaintiffs have not addressed the question about whether a summary trial should be open to the public.  Judge Lambros suggests that it should not be. Keystone addressed the public disclosure issue more fully above.

of radioactive materials.[19]   Reversing the decision to order the trial, the appellate court held Rule 16 does "not permit the compulsory participation in settlement proceedings such as a summary jury trials."[20]

The Sixth Circuit also rejected the ability to order summary trials based on the inherent authority of the district court.[21] The court was sympathetic to the district courts' "struggle to deal effectively with caseloads expanding at a precipitous rate" and encouraged settlement efforts where possible.[22]  But, the Sixth Circuit concluded that Federal Rule 16 and summary trials should not be used to coerce settlements or "to require that an unwilling litigant be sidetracked from the normal course of litigation."[23]

---

[19] 5 F.3d 154 (6th Cir. 1993).

[20] *Id*. at 157.

[21] *Id*. at p. 158.

[22] *Id*. at 157-158.

[23] The Sixth Circuit also recognized that Congress, on several occasions, had considered legislation which would have granted authority to order summary trials over the objection of the parties.  See id, at p. 158, Fn 1.  None of that legislation passed.   Judge Posner, in a 1986 Chicago Law Review article also questions whether the district court has inherent authority or authority under Rule 16 to order summary jury trials.  Posner,  53 Univ of Chicago Law Review at 385.  There are, however, a handful of contrary authorities suggesting that the consent of the parties may not be required.  See *In re Atlantic Pipe Corporation*, 304 F. 3d 135 (1st Cir. 2002)(In dicta, court found that mediation could be ordered based on Court's inherent authority and discussed use of summary trials).  *See also Arabian American Oil Company v. Scarfone*, 119 F.R.D. 448 (M.D. Fla 1988) (Court's inherent authority permits the Court to order summary jury trial where parties had previously failed to object to the procedure); *In Re Southern Ohio Correctional Facility*, 166 F.R.D. 391 (S.D. Oh 1996)(District court had authority to order summary jury trial over objection of the parties).

Likewise, in *Strandell v. Jackson County, Illinois*, the Seventh Circuit ruled that a district court judge could not order a summary trial over the parties' objections.[24] The Seventh Circuit's logic is compelling, and shows why a summary trial is not appropriate here:

> The use of a mandatory summary jury trial as a pre-trial settlement device would also seriously effect the well-established rules concerning discovery and work-product privilege. These rules reflect a carefully-crafted balance between the needs for pretrial disclosure and party confidentiality. **Yet, a compelled summary trial could easily upset that balance by requiring information obtainable, if at all, through the mandated discovery process.**[25]

Like the Sixth Circuit's analysis in *In re NLO*, the Seventh Circuit was sympathetic to the ever increasing case load in the federal courts. But the appellate court cautioned that "a crowded docket does not permit the court to avoid the adjudication of cases properly within the congressionally-mandated jurisdiction."[26] Keystone does not suggest that the Court is attempting to avoid deciding cases before it, but simply arguing that the summary jury trial is not the appropriate procedure to deal with a complex multidistrict litigation case like this one.

Although no Fifth Circuit cases appear to be on point, this Court's local rules address the consent issue. The rules provide that court has "discretion to order nonbinding mini-trial or non binding summary jury trial before a judicial officer

---

[24] 838 F. 2d 884 (7th Cir. 1987).

[25] *Id*. at 888 (emphasis added).

[26] *Id*.

with the parties' consent...."[27]   Although the Court's Civil Justice Reform Act Plan (adopted in 1993) provides that a judge shall "have discretion to order...nonbinding summary jury trial...with or without the parties' consent", Rule 16.1.3E is more directly on point and suggests consent is required.[28]

## CONCLUSION

For the reasons explained in this memorandum, defendant Keystone RV Company objects to the summary jury trial proposal by plaintiffs and urge the Court to deny the pending motion.

Respectfully submitted,

s/Ryan E. Johnson

_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
**JONES, WALKER, WAECHTER, POITEVENT,
CARRERE & DENEGRE, LLP**
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA  70809
Telephone: (225) 248-2080
Facsimile:  (225) 248-3080

            -and-

Madeleine Fischer (La. Bar No. 5575)
Nan Roberts Eitel (La. Bar No. 19910)
Jones, Walker, Waechter, Poitevent,
Carrère & Denègre, L.L.P.

---

[27] Uniform Local Rule 16.3.1E.

[28] Civil Justice Reform Act Plan, Article Four, subpart (b).  Admittedly, the interplay between Rule 16.3.1E and the CJRA section is not completely clear. Keystone suggests that the CJRA article is not in conflict with Local Rule 16.1.3E, which provides a more recent expression of the Eastern District's view of the consent issue as it relates to summary jury trials.

201 St. Charles Avenue, 49th floor
New Orleans, LA   70170
Telephone:  (504) 582-8000
Facsimile:  (504) 589-8208

**_Counsel for Keystone RV Company_**

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of October, 2009, a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system.  Notice of this filing will be sent to all known counsel by operation of the court's electronic filing system.  I also certify that I have mailed a copy of this filing to any non-CM/ECF participants by U.S. Mail, postage prepaid and properly addressed.

_s/Ryan E. Johnson_
_____
Ryan E. Johnson