Westlaw.

LITGTORT § 11:66                                                                                         Page 1
1 Litigating Tort Cases § 11:66

Litigating Tort Cases

Database updated June 2009

Roxanne Barton Conlin & Gregory S. Cusimano, Editors-in-Chief

Chapter
11. Alternative Dispute Resolution[*]

by Pat Maloney, Sr. and David Clay Snell

§ 11:66. Advantages and disadvantages of summary jury trials

**Forms**

Am. Jur. Pleading and Practice Forms, Alternative Dispute Resolution §§ 31 to 36

**Law Reviews and Other Periodicals**

John H. Wilkinson, Alternative Dispute Resolution—The Summary Jury Trial, Practising Law Institute, 605 PLI/Lit 933, PLI Order No. H0-003Y (June, 1999)

A summary jury trial is a non-binding proceeding in which the parties present their case, in abbreviated form, to a panel of jurors selected from the court's jury pool or provided by private organizations that assemble panels of people who mirror the demographics of the typical jury pool. Instead of actually presenting the case in the form of witnesses, the attorneys will usually present a narrative summary of their cases, often with the assistance of demonstrative evidence. The jurors are then given jury interrogatories and begin their deliberations. Although the jury delivers a "verdict," the members are usually not told that their findings are merely advisory. The primary purpose of summary jury trials is to give the parties a preview of how their case will fare before a real jury.

There are two major advantages to summary jury trials. First, as with most forms of ADR, they provide a much more efficient means of evaluating the merits of a case than a conventional jury trial. Often the summary trial lasts less than a single day. Second, summary jury trials have an excellent track record for promoting settlement.[1] By having the parties' respective positions evaluated by a body similar to the jury they will face in the future, summary jury trials are tremendously effective at giving the parties a realistic preview of the ultimate outcome.[2] From a plaintiff's standpoint, summary jury trials are very effective of inducing settlement by foreshadowing the risk the defendant will face at trial.

A potential disadvantage to summary jury trials is disclosure of trial strategy that might allow the opposing party the opportunity to defuse that strategy.[3] In a similar vein, summary jury trials might not be an accurate prediction of the actual trial where one party decides not to put on its best case for fear of disclosing strategies. In addition, because witnesses are not used, summary jury trials are less likely to be a true indicator of how a party is going to fare before a jury in cases in which witness' credibility is central to the case.

[FN*] The authors would like to thank Barbara Radnofsky, of Vinson & Elkins in Houston, Texas, for her

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

ATTACHMENT 1

invaluable assistance in this project. In our eyes, she is regarded as a premier mediator and, hence, her pearls have neither gone unnoticed nor unappreciated in the comments that follow.

[FN1] See Grenig, Alternative Dispute Resolution With Forms (2d ed.) § 9.1 at 166 (1997) (describing one report that 30–40 percent of the cases set for summary jury trials settle before summary trial, and that, of those remaining, very few actually end up in trial).

[FN2] See generally Connolly, A Dose of Social Science: Support for the Use of Summary Jury Trials as a Form of Alternative Dispute Resolution, 24 Wm Mitchell L. Rev. 1419 (1999); Lambros, The Summary Jury Trial—Ending the Guessing Game: An Objective Means of Case Evaluation, 12 Ohio St. J. on Disp. Resol. 621 (1997).

[FN3] See Grenig, Alternative Dispute Resolution With Forms (2d ed.) § 9.1 at 166–167 (1997).

Westlaw. © 2009 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

LITGTORT § 11:66

END OF DOCUMENT

Westlaw.

LITGTORT § 11:67         Page 1
1 Litigating Tort Cases § 11:67

Litigating Tort Cases

Database updated June 2009

Roxanne Barton Conlin & Gregory S. Cusimano, Editors-in-Chief

Chapter
11. Alternative Dispute Resolution[*]

by Pat Maloney, Sr. and David Clay Snell

### § 11:67. Advantages and disadvantages of summary jury trials—Implementing the summary jury trial

Summary jury trials can be implemented by agreement of the parties or, in some jurisdictions, by the court after being petitioned by one of the parties. The actual jury panel can be provided through private organizations[1] that assemble mock jury panels or through the court.

Although parties to a lawsuit are always free to agree to participate in a summary jury trial, the law is unsettled as to whether a court can order the parties to do so. Several courts have held that judges do not have the authority to order the parties' participation in summary jury trials,[2] while others have held that mandatory participation in this form of ADR is necessary to alleviate crowded dockets.[3] However, some courts have held that the 1993 amendments to Rule 16 of the Federal Rules of Civil Procedure have overruled the cases holding that parties could not be compelled to participate in summary jury trials.[4]

Because summary jury trials are designed to simulate an actual jury trial, the parties must have completed discovery or be near finalizing trial preparations. Therefore, summary jury trials are generally not appropriate until the latter stages of litigation.

Summary jury trials are generally more appropriate for cases that will turn on questions of fact, such as the amount of non-pecuniary damages, an area that other evaluative forms of ADR are less effective at predicting. For example, in a case in which the amount of punitive damages is highly speculative, the parties' subsequent negotiations will undoubtedly be benefited by the mock jury's insight in this matter. On the other hand, a case that turns predominately on legal issues will not be benefited by summary jury trials as much as cases turning on factual issues.

[FN*] The authors would like to thank Barbara Radnofsky, of Vinson & Elkins in Houston, Texas, for her invaluable assistance in this project. In our eyes, she is regarded as a premier mediator and, hence, her pearls have neither gone unnoticed nor unappreciated in the comments that follow.

---

[FN1] One such organization is JAMS. For more information, visit http://www.jamsadr.org.

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

LITGTORT § 11:68  Page 1
1 Litigating Tort Cases § 11:68

Litigating Tort Cases

Database updated June 2009

Roxanne Barton Conlin & Gregory S. Cusimano, Editors-in-Chief

Chapter
11. Alternative Dispute Resolution[*]

by Pat Maloney, Sr. and David Clay Snell

### § 11:68. Advantages and disadvantages of summary jury trials—Procedure for summary jury trials/confidentiality

The biggest advantage of summary jury trials is their flexibility: the procedure can be tailored to meet the needs of the individual case.[1]

In court-sanctioned summary jury trials, the procedure typically begins with counsel attending a preliminary meeting with the judge, in which various administrative matters are resolved and preliminary legal issues, such as admissibility of evidence, are discussed. The jury pool is then called in to the courtroom, which is followed by introductory remarks by the judge explaining the process.[2] The jurors are informed that the purpose of the procedure is to facilitate settlement. However, in most cases, the non-binding nature of the proceeding is not communicated to them in an effort to get a more accurate assessment of how a real jury will respond to the evidence.[3]

Jury selection is usually expedited by having the judge conduct general voir dire followed by the attorney's individual questions being read by the judge. The parties are then allowed to exercise peremptory strikes in the same manner as a full jury trial. Once jury selection is completed, the judge will usually allow the attorneys to make brief opening statements, depending upon the time allotted and the parties' wishes. These are followed by the attorney's summary of the evidence, which usually lasts one hour per party.

Counsel is permitted to present only evidence that would be admissible at trial, and objections are usually discouraged. Counsel should mainly present evidence that is undisputed and point out the areas in which the facts are disputed.[4] At the conclusion of the evidence, parties are sometimes allowed to deliver brief summa- tions.

After the case is presented, the judge will usually give the jury an abbreviated charge, which is generally drafted by the parties. The jurors are then given interrogatories similar to the ones to be used at trial and allowed to deliberate. Following delivery of the verdict, the parties are encouraged to engage in settlement negotiations. Like most forms of ADR, the summary jury trial proceedings are confidential.[5]

> [FN*] The authors would like to thank Barbara Radnofsky, of Vinson & Elkins in Houston, Texas, for her invaluable assistance in this project. In our eyes, she is regarded as a premier mediator and, hence,

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.