UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION N-5<br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

THIS DOCUMENT RELATES TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### DEFENDANT UNITED STATES' MEMORANDUM IN OPPOSITION TO "PLAINTIFFS' MOTION REQUESTING A SUMMARY JURY TRIAL FOR ONE OR MORE SCHEDULED BELLWETHER CASES" [Doc. No. 4271]

Defendant United States of America ("United States") hereby submits this memorandum in response and opposition to "Plaintiffs' Motion Requesting A Summary Jury Trial For One Or More Scheduled Bellwether Cases" [Doc. No. 4271]. Generally, the United States agrees with the opposition offered by defendant Shaw Environmental, Inc. [Doc. No. 4537]. The United States writes separately to explain the unique reasons why, as to the United States, Plaintiffs' summary jury trial ("SJT") proposal should be rejected.[1]

Plaintiffs concede in their memorandum that there are obvious difficulties in including the United States in any kind of SJT procedure. Pls.' Memo at 5 [Doc. No. 4271-2] ("An acknowledged complication in the foregoing is the inclusion of the non-jury FTCA claims against FEMA . . ."). They attempt to sidestep this issue by pointing out that it is unlikely that

---

[1] While Plaintiffs argue that the Court should employ a "special procedure" in the form of SJTs as a part of these MDL proceedings, their motion is wholly void of the necessary details regarding how this "special procedure" would be designed, structured, and administered. *See* Pls.' Memo at 3 [Doc. No. 4271-2]. Relying on the abstract, they argue that SJTs generally help conserve resources and promote efficiency, but they offer nothing in the form of a concrete plan applied to the context of this multi-district litigation that could potentially achieve these objectives.

the United States will remain a trial defendant in either of the two bellwether cases they propose should be heard through SJTs.[2]  Regardless of how motion practice in these bellwether cases may ultimately unfold, any requirement that the United States participate in any form of SJT imposes an undue burden – one that is entirely devoid of any utility – upon the United States.

As discussed in Plaintiffs' motion, SJTs are a form of alternative dispute resolution. Pls.' Memo at 2-3 [Doc. No. 4271-2].  They utilize a jury "in an advisory capacity on merits issues." *Id*. at 3.  As this Court is aware, 28 U.S.C. § 2402 requires that Plaintiffs' Federal Tort Claims Act ("FTCA") claims be "tried by the court without a jury." 28 U.S.C. §2402. *See also Andrade v. Chojnacki*, 338 F.3d 448, 457 (5th Cir. 2003)*; United States v. Myers*, 363 F.2d 615, 620, n.8 (5th Cir. 1966) (in all FTCA actions trial is to be had "in a United States District Court and is without a jury").[3]  Consistent with 28 U.S.C. § 2402, this Court has held that as to any claims against the United States, it "is obligated to make its own findings and be entirely unmoved by any jury advice . . ." July 2, 2009, Order and Reasons at 3 [Doc. No. 2034].  Given the requirements of § 2402 and this Court's instruction that it will make its own findings and be entirely unmoved by any jury advice, absolutely no purpose is served by requiring the United States to participate in an SJT proceeding.  While other parties could potentially benefit from learning how a jury – the ultimate fact finder in their eventual trial on the merits – views their respective positions, the United States would be forced to go through the time and expense of an

---

[2] Although Plaintiffs make reference to the *Dubuclet* case, Pls. Memo at 5 [Doc. No. 4271-2, the United States is not a party to that case.

[3] The requirement that Plaintiffs' FTCA claims be tried by the Court without a jury is a condition of the United States' waiver of sovereign immunity. *See Lehman v. Nakshian*, 453 U.S. 156, 160-61 (1981) (stating that Congressional waivers of the United States' sovereign immunity are "almost always conditioned . . . upon a plaintiff's relinquishing any claim to a jury trial," and the terms of the government's consent to suit "must be strictly observed").

SJT proceeding only to receive nothing useful in return. A jury's finding in response to an SJT proceeding would provide little to no instruction for the United States in terms of how it views the claims against it in this MDL.[4] As the Court is aware, a jury could potentially find liability against the United States for a myriad of activities that this Court has already found to be protected under exceptions to the FTCA's limited waiver of sovereign immunity.[5] *See* October 3, 2008, Order and Reasons [Doc. No. 717]. The decision of an SJT jury has no relation to how the fact finder in Plaintiffs' FTCA claims against the United States – this Court – would potentially decide the case.

---

[4] Thus, as defendant Gulf Stream Coach, Inc. recently explained in its memorandum regarding the potential apportionment of fault to the United States – under Louisiana Civil Code Article 2323, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss of a person shall be determined by the jury, regardless of the entity's immunity by statute. Similarly, under Article 2324 (mirroring Article 2323's pronouncement), a joint tortfeasor cannot be liable for more than his degree of fault and cannot be solidarily liable with any other person regardless of such other person's immunity by statute. The existence of immunity simply means that the party does not have to pay for the fault he caused. The immunity does not alleviate the need for the fact-finder to apportion the person's fault. *See* La. Civ. Code art. 2323; *Mesa-Toney v. Mazda Motor of Am., Inc.*, 2000 WL 1511189, * 3 (E.D.La. 10/10/00); *see also* Gulf Stream Coach, Inc., Memorandum Regarding Apportionment of Fault [Exhibit A].

This Court's decisions regarding application of the FTCA's discretionary function in conjunction with Louisiana's comparative fault rules mean that an SJT proceeding cannot provide the Government with any meaningful information regarding the merits of Plaintiffs' FTCA claims and/or the Government's defenses to Plaintiffs' claims. Any information that an SJT proceeding would provide to the Government would be flawed to such a degree that it would have to be considered useless.

[5] For example, the Court has ruled that the United States cannot be held liable based upon any potential fault based upon its decisions: (1) to use travel trailers as emergency housing following the hurricanes, (2) to delegate responsibility to contractors to haul, install, and maintain the units, as well as to provide contractual terms setting forth instructions regarding such activities, and (3) relating to response actions taken after approximately June 2006. *See* October 3, 2008, Order and Reasons at 39-40, 44-45 [Doc. No. 717]; August 13, 2009, Order and Reasons at 2 n.1 [Doc. No. 2621].

Finally, the United States has significant concerns that if the Court actively participates in an SJT proceeding involving the United States, such activity may preclude the Court from serving as the finder of fact as to any claims against the Government.  Allowing an SJT proceeding would force the Court to preside over a settlement proceeding in a case where it may end up serving as the ultimate fact finder at trial (as to Plaintiffs' FTCA claims).  Section 455(a) of Title 28 states that a judge should recuse himself "in any proceeding in which his impartiality might reasonably be questioned." *Id.*  "In order to determine whether a court's impartiality is reasonably in question, the objective inquiry is whether a well-informed, thoughtful and objective observer would question the court's impartiality." *Trust Co. of Louisiana v. N.N.P.*, 104 F.3d 1478, 1491 (5th Cir. 1997).  The purpose of §455(a) and the principle of recusal itself is not just to prevent actual partiality but to avoid even the appearance of impartiality.  *See United States v. Jordan*, 49 F.3d 152, 155 (5th Cir.1995); *Garrett v. Delta Queen Steamboat Co., Inc.*, 2007 WL 837177 *2 (E.D. La. 2007) (Barbier, J.).  The responsibilities of someone presiding over a settlement proceeding an eventual finder of fact become antithetical if performed by the same person.  In *Becker v. Tidewater, Inc.*, 405 F.3d 257 (5th Cir. 2005), the Fifth Circuit explained that it would be inappropriate for a district court judge to serve as the fact finder in a bench trial where the judge mediated a settlement conference and was provided with information concerning the parties' evaluation of the action. *Id*. at 260; *see also Tucker v. Calloway County Bd. of Ed.*, 136 F.3d 495, 503  (6th Cir.1998) (the district court judge was involved in settlement discussions and determined it was necessary to recuse himself since the matter would involve a bench trial); *Garrett*, 2007 WL 837177 *2.

The Court's involvement in any SJT proceeding involving the United States may result in

the parties providing the Court with information that will compel the Court to recuse itself as the finder of fact in actions involving the Government. Given the Court's substantial institutional knowledge, the United States believes that such a result, rather than promoting or facilitating settlement, will simply prolong this litigation.

## CONCLUSION

For all of these reasons, the United States requests that the Court deny Plaintiffs' Motion.

Dated: October 5, 2009.                                    Respectfully Submitted,

TONY WEST                                                  HENRY MILLER
Assistant Attorney General, Civil Division                 ADAM BAIN
                                                           Senior Trial Counsel

J. PATRICK GLYNN
Director, Torts Branch, Civil Division                     MICHELLE BOYLE
                                                           MICHELE GREIF
DAVID S. FISHBACK                                          JONATHAN WALDRON
Assistant Director                                         Trial Attorneys

                                                           //S// *Adam M. Dinnell*
                                                           ADAM M. DINNELL
                                                           Trial Attorney
                                                           United States Department of Justice
                                                           Civil Division – Torts Branch
                                                           P.O. Box 340, Ben Franklin Station
                                                           Washington, D.C. 20004
                                                           Telephone No: (202) 616-4211
                                                           E-mail: Adam.Dinnell@USDOJ.Gov

                                                           Attorneys for the United States of America

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2009, the foregoing document was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison Counsel.

                                                           //S// *Adam M. Dinnell*
                                                           ADAM M. DINNELL