UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY | * | SECTION: N(5) |
| LITIGATION | * | |
| | * | JUDGE: ENGELHARDT |
| This Document Relates to: *Charlie Age, et al. v.* | * | |
| *Gulf Stream Coach Inc., et al*, Docket No. 09-2892 | * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM REGARDING APPORTIONMENT OF FAULT

**NOW INTO COURT,** comes Defendant, Gulf Stream Coach, Inc. ("Gulf Stream"), who respectfully submits the following Memorandum regarding apportionment of fault to the United States of America, through the Federal Emergency Management Agency ("FEMA"), in the upcoming bellwether trial.

Recently, counsel for the Plaintiff has argued that a Motion filed by FEMA regarding the application of a Louisiana statutory standard of gross fault is one that has continued relevance in the Alexander trial despite the dismissal of the government from this trial.[1] In counsel's opinion, "any evidence offered by other defendants to allocate fault to the federal government as a non-party defendant would be governed by the 'gross fault standard' urged in FEMA's motion." In other words, if Gulf Stream or Fluor Enterprises, Inc., wish to offer evidence to establish the federal government's fault in this case, the defendants must establish that the federal government acted with gross negligence or willful/wanton misconduct.

The Plaintiff's position is completely unreasonable in light of established Louisiana law. The government's argument was based on a specific statute, section 29:733.1 (part of the Louisiana Homeland Security and Emergency Assistance and Disaster Act). The statute states that any public organization that owns immovable property or "other premises" and lets people

---

[1] The government's Memorandum in which it set forth this argument is Rec. Doc. 2733-2.

use the property/premises for the purpose of sheltering those people during an emergency "shall not be liable" for the death or injury of any person on or about the premises. LA. REV. STAT. § 29:733.1 (2009). However, that protection does not apply if one shows that the public organization's gross negligence or willful/wanton misconduct was the proximate cause of the death or injury. *Id*.

By its own terms, section 733.1 is an immunity statute, and it has been recognized as such. *See* Op. Atty. Gen., No. 08-0093 (July 24, 2008), 2008 WL 3889507, at *9 ("The <u>immunity</u> previously empowered through <u>this section</u> . . ."). Much like other immunity statutes (*see, e.g.*, La. Rev. Stat. § 9:2793.3—2793.9; § 9:2800.4—2800.5; § 15:703; § 28:53—54; § 37:1731—1732.2; § 40:1233), this one makes the entitlement to immunity contingent on the absence of gross negligence or willful/wanton misconduct. *See* § 733.1.

Regardless of the mechanism through which immunity is obtained, a party's immunity has no effect on the allocation of fault. Under Louisiana Civil Code article 2323, the degree or percentage of fault of <u>all</u> persons causing or contributing to the injury, death, or loss of a person <u>shall</u> be determined, **regardless of the person's immunity by statute**. Likewise, under article 2324 (the mirror image of 2323's pronouncement), a joint tortfeasor cannot be liable for more than his degree of fault and cannot be solidarily liable with any other person **regardless of such other person's immunity by statute**. The implication of these articles is clear – a person immune by statute may still be "at fault" if he caused damage to another. His immunity simply means that he doesn't have to pay for the fault he caused. The immunity does <u>not</u> alleviate the need for the fact-finder to apportion the person's fault. *See* art. 2323; *Mesa-Toney v. Mazda Motor of Am., Inc.*, 2000 WL 1511189, * 3 (E.D.La. 10/10/00). Furthermore, because immunity itself has no bearing on the allocation of fault, it follows that the method by which a party

2

obtains immunity (i.e., the absence of gross negligence or willful/wanton misconduct) also has no bearing on the allocation. Pure comparative fault is a straightforward concept: fault is apportioned to he who causes injury, and in proportion to the amount of injury he caused. The scheme does not carve out an exception for parties immune by statute from tort liability. *See Zimko v. American Cyanamid*, 905 So.2d 465, 493 (La. App. 4 Cir. 2005); *see also Foley v. Entergy Louisiana, Inc.*, 946 So.2d 144 (La. 2006); *Moore v. Safeway, Inc.,* 700 So.2d 831 (La. App. 1 Cir. 1996). Applied to this case, the jury must apportion fault to each person who caused the Plaintiff's alleged injuries, including the government. Any immunity the government is entitled to – and certainly, the mechanism by which the government obtains that immunity – is of no consequence.

As a final point, Gulf Stream would also note the lack of merit in the Plaintiff's argument that allocation of fault to the government without a showing of gross negligence would allow allocation to the trailer manufacturer without regard to the standards set forth in the Louisiana Products Liability Act. Counsel for the Plaintiff is concerned that allocation under article 2323 may occur without reference to any sort of liability issues. However, that is precisely what Louisiana law instructs this Honorable Court to do. Under article 2323, the allocation of fault applies to any claim for damages asserted <u>under any law or legal doctrine or theory of liability</u>, **<u>regardless of the basis of liability</u>**. The theories of liability do not matter. For this reason and the other reasons set forth above, the Court should reject the Plaintiff's argument regarding the

allocation of fault to the United States without a showing of gross negligence or willful/wanton misconduct.

Respectfully Submitted:

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK #18495
JOSEPH G. GLASS #25397**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON
Timothy D. Scandurro #18424
Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

## C E R T I F I C A T E

I hereby certify that on the 8th day of September, 2009, a copy of the foregoing Memorandum Regarding Apportionment of Fault was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495
andreww@duplass.com