UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCTS LIABILITY LITIGATION

MDL NO: 1873

SECTION N(5)

JUDGE ENGELHARDT

THIS DOCUMENT IS RELATED TO:
*North American Catastrophe Service, Inc. v. Northfield Ins. Co.*
*No. 09-3818*

MAGISTRATE CHASEZ

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NORTHFIELD INSURANCE COMPANY'S REPLY MEMORANDUM
IN SUPPORT OF MOTION TO TRANSFER VENUE FOR CONVENIENCE TO
MIDDLE DISTRICT OF FLORIDA PURSUANT TO  28 U.S.C. § 1404(A)

MAY IT PLEASE THE COURT:

Defendant, Northfield Insurance Company ("Northfield"), respectfully submits this reply

memorandum in support of its Motion to Transfer Venue to Middle District of Florida Pursuant

to 28 U.S.C. § 1404(a) ("Motion to Transfer") [Rec. Doc. 3193].

Notably, in opposition to Northfield's Motion to Transfer [Rec. Doc. 4196], North

American Catastrophe Services, Inc. ("NACS") does not dispute that the instant civil action

could have been brought in the Middle District of Florida.   Instead, NACS contends that this

Honorable Court should defer to NACS' choice of forum because of (1) the "Service of Suit"

provision and (2) the "neutrality" of the public and private interest factors.  For the reasons

discussed below, NACS' reliance on the "Service of Suit" clause is ill-founded and the balance

1

of private and public interest factors confirm that the Middle District of Florida is a more convenient forum.

**I.      The "Service of Suit" Clause Does Not Preclude Transfer Of The Captioned Matter To A More Convenient Forum.**

At best, the "Service of Suit" clause relied upon by NACS establishes that this Court *could* exercise jurisdiction.  Northfield does not dispute whether this Court *could* exercise jurisdiction.  Rather, the question pending is whether this Honorable *should* exercise jurisdiction over a contractual dispute between two foreign corporations when a forum more convenient to the parties exists.  Analysis of the "Service of Suit" clause confirms why the answer to that pending question is "no."

The "Service of Suit" clause constitutes a permissive forum selection clause, meaning that its effect is to waive any objections to personal jurisdiction rather than mandating jurisdiction before a specific court. *See. Massachusetts Mut. Life Ins. v. Factory Mut. Ins. Co.,* 2007 WL 3273452 (N.D. W. Va. Nov. 2, 2007) (transferring venue despite "Service of Suit" clause) *quoted in Massey Energy Co. v. American International Specialty Lines Ins. Co.,* No. 09-cv-00029, *slip op.,* (S.D. W. Va. April 16, 2009) *available at* 2009 WL 1034243.  Such interpretation is supported by the language, which provides that jurisdiction will be valid before "*any* court of competent jurisdiction." *See, Massachusetts Mutual,* 2007 WL 3273452 at *3 (acknowledging "service of suit" language enabled suit to be brought in *any* district and determining that parties would not be unduly burdened by transfer because transfer was anticipated).   Here, Northfield does not dispute this Honorable Court's jurisdiction over Northfield; rather, Northfield contends that the Middle District of Florida is a more convenient forum to resolve the purely legal, contract dispute between two foreign corporations.   Thus,

NACS' reliance on the "Service of Suit" clause—a clause designed effectively to waive bars to personal jurisdiction—is misplaced.

Moreover, NACS' reliance on the "Service of Suit" clause to defeat transfer to a more convenient forum ignores this Court's discretion to transfer venue under Section 1404 *sua sponte*. See, *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989) (court may transfer venue *sua sponte* and such decision lies in the sound discretion of the transferring judge); *Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987) (same). In essence, NACS suggests that courts are held hostage to the presence of "Service of Suit" clauses despite the availability of more convenient forums and the principles of judicial efficiency and fairness. Certainly, the plain language of 28 U.S.C. § 1404 does not support such a result.

## II.  The Balance of Public and Private Interest Factors Weigh In Favor of Transferring the Captioned Matter to The Middle District of Florida.

The Fifth Circuit has made clear that, where a party demonstrates the presence of a more convenient forum, the matter *should* be transferred to that alternative venue. See, *In re Volkswagon*, 545 F.3d 304, 315 (5th Cir. 2008). A moving party sustains its burden upon a showing of inconvenience. *Roulston v. Yazoo River Towing, Inc.*, 2004 WL 1687232 (E.D. La. 2004); *Mortensen v. Maxwell House Coffee Company*, 879 F. Supp 54 (E.D. Tx. 1995); *In Re Volkswagen*, 2008 WL 4531718. (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 75 S. Ct. 544 (1955)). Northfield has carried that burden.

### A. The Public Interest Factors Establish That The Middle District of Florida Is A More Convenient Forum

NACS' assertion that Louisiana has a greater interest in applying its laws to a contract dispute between two foreign corporations belies NACS' motive in filing its Declaratory

Judgment Action before this Honorable Court: NACS seeks to have Northfield's coverage obligations—which originate under a contract negotiated, brokered and issued in Florida to a Florida insured—decided under Louisiana law rather than Florida law, which enforces pollution exclusions as written.

Importantly, NACS has not refuted Northfield's contention that Florida law governs the disputed policy. Rather, NACS suggests only that federal courts are adept at applying laws outside of the forum in which they sit. That suggestion, however, does not negate the fact that Florida has a vested interest in handling and regulating insurance disputes involving its citizens. As the United States Supreme Court has previously determined,

> [t]here is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle the problems in conflict of laws, and in law foreign to itself.

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S. Ct. 839, 843 (1947).

Moreover, NACS completely ignores the inconvenience and costliness imposed upon Northfield as a result of having to litigate a discrete coverage dispute within the Formaldehyde Multi-District Litigation. Because NACS's Declaratory Judgment Action has been consolidated into the massive Formaldehyde Multi-District Litigation, Northfield has already been subjected to substantial expenses necessitated by the receipt of, monitoring, and review of numerous MDL filings by other parties, which are completely unrelated to the coverage dispute between Northfield and NACS. *Id.* (recognizing that "[a]dministrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin.") NACS ignores the effect that the sheer volume of other MDL-related issues may have upon the quick and just resolution of the coverage dispute between Northfield and NACS. NACS does not dispute that

the Declaratory Judgment Action regarding Northfield's coverage obligations could be resolved quickly and at less expense to the parties if conducted outside of the Multi-District Litigation. Thus, the public interest factors weigh in favor of transferring venue to the Middle District of Florida.

**B.  The Private Interest Factors Establish That The Middle District of Florida Is A More Convenient Forum**

Without citation, NACS suggests that Northfield cannot prove the Eastern District to be inconvenient forum unless it first shows that potential witnesses who may be able to shed light on the intent of the policy's exclusionary language "will not attend, or will be severely inconvenienced." Not so.   The United States Fifth Circuit, establishing a 100-mile rule, has already recognized that the inconvenience to witnesses increases in direct relation to the additional distance to be traveled between a proposed venue and the existing venue.  *In re TS Tech,* 551 F.3d 1315,1320 (5th Cir. 2008).

Here, the agent and NACS witnesses are all located more than 100 miles from the Eastern District of Louisiana.  Moreover, the insurance agent, along with its file and other documentary evidence, is located outside of the subpoena power of this Court, making it difficult to obtain witness and documents should they become necessary. Indeed, not a single individual who participated in the negotiation, brokering and sale of the insurance policy at issue resides in Louisiana, let alone within the Eastern District's 100-mile radius.  Further, the parties to this action do not dispute the nature of the allegations levied against NACS in the underlying actions, and as a result, no Louisiana residents are likely to be called upon to provide testimony concerning the issues in dispute.  These factors are sufficient to establish inconvenience for potential witnesses who may be called upon to resolve the issues in dispute which concern the scope of coverage provided for by the policy at issue as well as the applicability of exclusions

contained therein.  For that reason alone, the private interest factors affecting Northfield's ability to defend itself against NACS' Declaratory Judgment Action weigh in favor of transferring venue.

## CONCLUSION

The Middle District of Florida is a more convenient forum not only because potential witnesses and documentary evidence are located there, but also because Florida has a vested interest in regulating and applying insurance policies under Florida law vis-à-vis Florida citizens. For that reason, Northfield respectfully requests that this matter be transferred to the Middle District of Florida for further handling.

Respectfully submitted,

**RALPH S. HUBBARD III, T.A., La. Bar # 7040**
**TINA L. KAPPEN, La. Bar #29579**
**LUGENBUHL, WHEATON, PECK,**
**RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone:  (504) 568-1990
**Attorneys for Northfield  Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of October, 2009, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system and notice of this filing was sent to all know counsel of record by operation of the court's electronic filing system.