UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|     FORMALDEHYDE | * | |
|     PRODUCTS LIABILITY | * | |
|     LITIGATION | * | SECTION: N(5) |
| | * | |
| This Document Relates to: *Lyndon T. Wright. v.* | * | JUDGE: ENGELHARDT |
| *Forest River, Inc., et al*, Docket No. 09-2977 | * | |
| | * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**FOREST RIVER, INC'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S DESIGNATION OF KENNETH R. LAUGHERY, PH.D.**

**MAY IT PLEASE THE COURT:**

Defendant Forest River, Inc. ("Forest River") respectfully submits this memorandum of points and authorities in support of its Motion *in limine* to strike the testimony of Dr. Kenneth Laughery. Forest River hereby adopts and incorporates the arguments made in Fleetwood Enterprises, Inc.'s pending Motion to Strike Plaintiff's Designation of Kenneth R. Laughery. [Rec. Doc. 2348], filed 7/28/09, and offers the following analysis specific to Forest River.

**ARGUMENT**

On October 2, 2009, plaintiff Lyndon Wright ("plaintiff") filed his Designation of Expert Witnesses. [Rec. Doc. 4488]. Included among these experts is Dr. Kenneth Laughery, whose areas of testimony are listed as "Warnings, Labeling, and Human Factors." *Id.* at p. 3. Laughery's expert report confirms that he is a "certified Human Factors Professional" who

1

has published research on the design and effectiveness of product instructions, warnings, and labels, as well as research involving industrial accident analysis. *See* Laughery Expert Report, attached as Exhibit "A." His teaching experience includes courses in "human factors and ergonomics, human factors methodology, human reliability and safety." *Id.*

Forest River submits that, based on this Court's Order and Reasons excluding the testimony of Dr. Lila Laux in the Gulf Stream bellwether trial [Rec. Doc. 2181], Dr. Laughery should be struck from plaintiff's Designation of Expert Witnesses in this case. In the Gulf Stream case, plaintiffs tendered Dr. Lila Laux as an expert on "human factors . . . regarding her evaluation of the warnings and information concerning formaldehyde in the subject EHU." *Id.* at p. 5. In concluding that Dr. Laux's opinions failed to assist the Court or Jury, this Court expressed concerns that Laux seemed "to play the role of an 'uber-juror' rather than as an expert, offering opinions that invade the province of the jury. . . ." *Id.* The Court went on to note:

> [T]he adequacy of any warning involved in this litigation is a factual issue. Fact issues are not beyond the common understanding of the average juror, thus, the jury can handle such issues without expert help. . . . **To be clear, the Court notes that no party will be permitted to introduce a human factors expert; no expert will be allowed to directly instruct the jury how it should dispose of a factual issue in this case.**

*Id.* at p. 6 (emphasis added).

Despite this instruction, plaintiffs have nevertheless sought to introduce testimony from Dr. Laughery, a certified Human Factors Professional, in both the Fleetwood and Forest River bellwether trials. A cursory review of Laughery's expert report in the instant matter reveals that he will address the same topics, and render similar conclusions, as those of Dr. Laux.[1]

---

[1] Laux and Laughery share overlapping, if not identical, areas of expertise. In plaintiffs' Designation of Expert Witnesses in the Gulf Stream bellwether, Dr. Laux's areas of testimony are described as "Science of human factors engineering and how it applies in this case, warnings, failure to warn, and the consequences of failing to warn of formaldehyde and dangers thereof." [Rec. Doc. 2348-4, p. 6].
    In the Fleetwood bellwether, Laughery's areas of testimony are "science of human factors engineering, ergonomics, human factors methodology, human reliability, and safety and how it applies in this case, warnings,

The bulk of Dr. Laughery's report is spent reciting facts related to Mr. Wright's time in the trailer and the relevant warning information included in the Forest River Owner's Manual. Only on the last page of his report does Laughery summarily opine that the formaldehyde warning for the trailer was inadequate. *See* Ex. A, p. 7. There is no discussion of the relevant scientific literature relied upon to reach such a conclusion, nor any substantive analysis of that literature's application to these facts. *Id.* Moreover, Dr. Laughery's report is replete with legal conclusions which have no support whatsoever. For instance, Laughery states that, "pursuant to federal law," a specific health notice regarding formaldehyde is to be displayed in the trailer. *Id.* at p. 5-6. Although he fails to identify the specific law to which he refers, he is likely quoting HUD regulations which apply to manufactured homes, not travel trailers.[2]

Regardless of the scientific underpinnings or accuracy of his conclusions, Laughery's testimony is exactly the type of "common sense assessment within the realm of the average juror's knowledge and experience" that the Court discussed with regard to Dr. Laux. *See* Rec. Doc. 2181, p. 5 (*citing McNabb v. Graham Gulf, Inc.*, 2005 WL 1038024 (E.D. La. 2005); *Peters v. Five Star Marine Serv.*, 899 F.2d 448, 450 (5th Cir. 1990). As such, his testimony clearly falls within this Court's ruling excluding all human factors expert testimony, and the Court should thus exclude Dr. Laughery's testimony and strike him from plaintiff's Designation of Expert Witnesses.

---

failure to warn, and the adequacy of warnings, lack of warnings, and consequences of failing to adequately warn of formaldehyde and dangers thereof." [Rec. Doc. 2348-3, p. 4].

In the case of Forest River, plaintiff lists Dr. Laughery's areas of expertise as "Warnings, Labeling, and Human Factors." [Rec. Doc. 4488, p. 3]. Although plaintiff has obviously truncated his description of Laughery's testimony, there is no doubt that both Laux and Laughery have been offered to testify on the same subject matter, human factors.

[2] Indeed, it appears that Dr. Laughery simply lifted this portion of "federal law" from Paragraph 22 of Plaintiff's Original Complaint.

## CONCLUSION

**WHEREFORE,** considering the foregoing, Forest River respectfully requests that this Honorable Court issue an Order striking Dr. Laughery from plaintiff's Designation of Expert Witnesses and precluding his testimony at the trial of this matter.

Respectfully submitted,

/s/ Jason D. Bone
ERNEST P. GIEGER, JR. (La. State Bar No. 6154)
JASON D. BONE (La. State Bar No.28315)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
*ATTORNEYS FOR FOREST RIVER, INC.*

## **CERTIFICATE**

I hereby certify that on the 6th day of October, 2009, a copy of the foregoing Memorandum in Support was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

/s/ Jason D. Bone
JASON D. BONE