UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                  MDL NO. 07-1873
        FORMALDEHYDE PRODUCTS
        LIABILITY LITIGATION

                                                                                  SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member case no. 07-9228

## ORDER AND REASONS

Before the Court is Fleetwood Enterprises, Inc's Motion to Strike Plaintiff's Designation of Kenneth R. Laughery, Ph.D (Rec. Doc. 2348). In this motion, Fleetwood Enterprises, Inc. ("Fleetwood") seeks to have this Court strike Plaintiff's designation of Kenneth R. Laughery, Ph.D ("Dr. Laughery"), Plaintiffs' human factors expert. After considering the memoranda of the parties, Dr. Laughery's expert report (See Exhibit C to Rec. Doc. 2348), and the applicable law, the Court rules as set forth herein.

**I.    BACKGROUND**

In relation to the second bellwether trial, Plaintiff Elisha Dubuclet on behalf of her minor child Timia Dubuclet ("Plaintiff"), seeks to introduce the opinions of Dr. Laughery, a human factors expert. Specifically, Dr. Laughery would testify to the "[s]cience of human factors engineering, ergonomics, human factors methodology, human reliability, and safety and how it applies in this case, warnings, failure to warn, and the adequacy of warnings, lack of warnings, and consequences of failing to adequately warn of formaldehyde and dangers thereof." (Exhibit A to Rec. Doc. 2348, p. 4). This Court has previously granted another defendant's motion to exclude the testimony of a human factors expert. (See Rec. Doc. 2181). In that Order and Reasons, this Court stated, "[t]o be clear, the Court notes that no party will be permitted to

introduce a human factors expert; no expert will be allowed to directly instruct the jury how it should dispose of a factual issue in this case." (See Rec. Doc. 2181, p. 6).

In the instant motion, Fleetwood claims that Dr. Laughery would speak to the very human factors topics that this Court concluded were inadmissible in its prior ruling.

## II.  LAW AND ANALYSIS

This Court has previously stated the law relative to Rule 702 of the Federal Rules of Evidence and the United States Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) and its progeny and will not repeat it herein. (See Rec. Doc. 2181, pp. 3-4).

As for the Court's analysis, while the Court concedes that both Dr. Laux and Dr. Laughery are highly-educated and skilled in their areas of expertise, their opinions in this case, regarding the adequacy of certain warnings, are opinions that jurors can formulate on their own after hearing all the evidence. While the Court finds admissible the first opinion stated by Dr. Laughery in his report, regarding the need for a warning (See Exhibit 1 to Rec. Doc. 2491, p. 39 of 55), the remainder of his opinions regarding the inadequacy of such warnings are inadmissible as those matters are within the common knowledge of the jury.

Plaintiff cites several cases, at least one of which pre-dates *Daubert*,[1] wherein Dr. Laughery was allowed to testify. This Court notes that just because other courts have determined that Dr. Laughery's testimony is admissible in those cases does not necessarily mean that his testimony is admissible in this particular matter. It is also true that some courts have not permitted Dr. Laughery to testify. See *Shepherd v. Michelin Tire Corporation*, 6 F. Supp.2d

---

[1]  See, e.g., *Gean v. Cling Surface Co.*, 971 F.2d 642 (11th Cir. 1992).

1307, 1313 (N.D. Al. 1997); *Kreiner v. Bridgestone/Firestone*, Inc. 2000 WL 426400, p. 2 (S.D.N.Y. 2000). Plaintiff cites *Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235 (10th Cir. 2000) as one example of an appellate court affirming a district court's decision to allow the testimony of a human factors expert. However, as noted by the Tenth Circuit, the bulk of that expert's testimony focused on the procedure the defendant had followed in developing and marketing the product; the expert did not testify regarding the inadequacy of the warning[2], and for this reason alone, this Court fails to find the *Smith* decision instructive.

As for *Frietas v. Michelin Tire Corp.*, 2000 WL 424187 (D. Conn. Mar. 2, 2000), cited by Plaintiff, the district court ultimately determined that Dr. Laughery's testimony should be precluded because it lacked scientific reliability.

Plaintiff also cites *Mcneely v. Denman Tire Corporation*, 1995 WL 902213 (N.D. Fla. July 20, 1999) as another example of a decision wherein Dr. Laughery was allowed to testify. However, the *Mcneely* Court specifically noted that the defendants could object, pursuant to

---

[2] The human factors expert in *Smith* testified:

> based on a review of depositions and discovery material, [the defendant] failed to conduct an adequate human factors analysis of the [product] before marketing it. He also testified, from the standpoint of human factors analysis, that the lack of adequate visibility around [the product] and the noise, which prevented adequate communication among workers, made [the product] unreasonably dangerous and defective. Asked what devices he would recommend adding to [the product] to increase safety, [the human factors expert] testified [the product] should have had mirrors to enable the operator to view the groundsmen on either side. Finally, [the human factors expert] disputed [the defendant]'s claim that mirrors would create a false sense of security leading to more accidents, testifying the claim was a rationalization which had been tested and disproven in human factors literature.

214 F.3d at 1243.

Rules 403 and 704 of the Federal Rules of Evidence, to Dr. Laughery's testimony at trial if he invaded the province of the jury "by testifying as to ultimate legal conclusions." *Id.* at *8. This is exactly what this Court has determined that Dr. Laughery would be accomplishing if allowed to testify regarding the adequacy of a particular warning. Whether a product is unreasonably dangerous based on the lack of an "adequate" warning is a specific claim under the LPLA. The jury is perfectly capable of determining, based upon all the evidence and the LPLA instructions the Court will give it before deliberation, whether a particular warning is adequate. Allowing Dr. Laughery to testify as to this would be allowing him to "invade the province of the jury." Moreover, it is this Court's conclusion that the issue of the adequacy of a particular warning involves a common sense assessment "within the realm of the average juror's knowledge and experience." See *Peters v. Five Star Marine Serv.*, 898 F.2d 448, 450 (5th Cir. 1990); see also *Bouton v. Kim Susan, Inc.*, No. 96-902, 1997 WL 61450, at *3 (E.D. La. Feb.6, 1997).

## III. CONCLUSION

Considering the foregoing, **IT IS ORDERED** that **Fleetwood Enterprises, Inc's Motion to Strike Plaintiff's Designation of Kenneth R. Laughery, Ph.D (Rec. Doc. 2348)** is **GRANTED IN PART and DENIED IN PART**, as expressed herein.

New Orleans, Louisiana, this 6th day of October, 2009.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

4