UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION:  N(5) |
| | * | |
| This Document Relates to: | * | |
| *Dubuclet v. Fleetwood Enterprises, Inc., et al.* | * | |
| Case No. 07-9228 | * | JUDGE: ENGELHARDT |
| | * | |
| *Wright v. Forest River, et al.* | * | |
| Case No. 09-2977 | * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANTS' JOINT OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE
DEFENDANTS' MEDICAL EXPERT DR. H. JAMES WEDNER**

**May It Please The Court:**

Through undersigned counsel, come Defendants Fleetwood Enterprises, Inc. and Forest

River, Inc., (hereinafter, "Defendants") who respectfully submit this memorandum in opposition

to Plaintiffs' Motion to Strike Defendants' Medical Expert Dr. H. James Wedner ("Plaintiffs'

Motion to Strike") (Rec. Doc. 4303), and in support thereof would demonstrate unto the Court as

follows:

**I.  INTRODUCTION**

Dr. James Wedner is known to this Court.  He is a well-respected physician who has over

three decades of clinical experience at one of the nation's most esteemed teaching hospitals.  In

addition to his clinical practice, Dr. Wedner has conducted numerous studies in the field of

allergy and immunology and has extensive publications to his credit.  Indeed, Dr. Wedner has

been accepted as an expert by this Honorable Court during both the class certification hearing

and the *Alexander* trial.  Although Dr. Wedner's credentials are beyond reproach, Plaintiffs now

move boldly -- but vacuously -- to strike him as a witness on the singular ground that, despite

being a licensed physician, he is not licensed to practice medicine in the state of Louisiana.[1]  As

will be shown below, this transparent, desperate attempt to prevent Dr. Wedner from testifying is

wholly unfounded, both as a matter of law and fact, and should properly be denied.

Following the class certification hearing, Dr. Wedner's next involvement in this litigation

occurred when he traveled to Louisiana in June 2009 in order to perform independent medical

examinations on the individual plaintiffs in the four scheduled bellwether trials.  Even though the

Plaintiff's Steering Committee withdrew the Fleetwood bellwether plaintiffs just days before

their scheduled IME, Dr. Wedner nonetheless examined the Gulf Stream, Forest River, and

Keystone bellwether plaintiffs.   Although not germane to the issue here presented, it is

interesting to note that in connection with the examinations of all of the bellwether plaintiffs, Dr.

Wedner's examination, consisting of an oral history and physical, were performed with the

knowledge and permission of East Jefferson General Hospital, Jefferson Pulmonary Associates,

---

[1] That he is extremely well qualified and credentialed is beyond dispute.  To note but a few highlights of his professional background, Dr. Wedner graduated from Cornell undergraduate and then Cornell medical school in 1967.  *See* Curriculum Vitae of H. James Wedner, M.D., attached hereto as Exhibit A.  He then completed his internship and residency at Barnes Hospital in St. Louis, Missouri between 1967 and 1971.  *Id.*  After additional practical training and several positions at the Washington University School of Medicine, including an Associate Professor of Medicine, Dr. Wedner was named the Director of the Allergy Clinic at Barnes Hospital in 1979.  *Id.*  In 1987 he became Chief of the Clinical Allergy and Immunology Department of Internal Medicine at the Washington University School of Medicine.  *Id.*  He is currently the Chief of the Division of Allergy and Clinical Immunology, the Medical Director of the Asthma & Allergy Center, and the Director of the Allergy and Clinical Immunology Fellowship Training Program at the Washington University School of Medicine.  *Id.*  Dr. Wedner is the recipient of numerous awards and has authored over 130 articles in his field of allergy and immunology.  *Id.*  Indeed, he has been involved with formaldehyde-related medical issues since he began studying the issue in the 1970's.  *See* Alexander trial testimony, Sept. 23, 2009 at page 91, attached hereto as Exhibit B.

and Dr. Kenneth Smith (a physician licensed by the State of Louisiana).  Dr. Smith and the staff of EJGH ordered and administered all medical testing of the plaintiffs.

At no time prior to the plaintiffs' IMEs were there any objections from any plaintiffs' counsel to Dr. Wedner's performing such evaluations.  Indeed, Dr. Wedner's observations and opinions resulting from his examination of Christopher Cooper were admitted during the Gulf Stream bellwether trial with no such objection.

In scheduling the IME of the current Fleetwood bellwether plaintiff, ten year-old Timia Dubuclet, it was agreed with Plaintiff's counsel that Dr. Wedner would travel to the plaintiff's state of residence rather than requiring the minor plaintiff to travel to him.  This was done for the plaintiff's own convenience.  During these discussions, there was still no objection by Plaintiff's counsel to Dr. Wedner's conducting the IME in Louisiana.  In fact, there was even discussion between counsel for Fleetwood and counsel for Timia Dubuclet regarding plaintiff's payment of Dr. Wedner's additional travel expenses for having to make a second trip to Louisiana following the late dismissal of the Jenkins plaintiffs.

Now, despite having never posed any objection to Dr. Wedner's examination of Timia Dubuclet (or any of the three other sets of bellwether plaintiffs), Plaintiffs seek to avoid Dr. Wedner's opinions not because of the reliability of those opinions, but rather because of an improper extension of the Louisiana medical licensing statute and a misinterpretation of its application.

## II.    LAW AND ARGUMENT

PLAINTIFF'S MOTION TO STRIKE SHOULD BE DENIED FOR TWO PRIMARY REASONS: (1) FEDERAL LAW, NOT STATE LAW, GOVERNS THE ADMISSIBILITY OF EVIDENCE IN THIS COURT, AND (2) UNDER BOTH THE FEDERAL RULES OF EVIDENCE AND LOUISIANA STATE LAW, DR. WEDNER'S OPINIONS ARE ADMISSIBLE.

### A.    Federal Law Applies to Questions of Evidence

In support of their motion, Plaintiffs mistakenly rely on La. Rev. Stat. Ann. § 37:1284 (2009). Simply put, as a matter of law, this statute is not relevant to the admissibility of Dr. Wedner's opinions in this Court. As succinctly stated by the Fifth Circuit when faced with the identical Louisiana statute, "we need not concern ourselves with the Louisiana statute [La. Rev. Stat. Ann. § 37:1284] because the statute does not apply in federal court; questions concerning the admissibility of evidence in federal court are governed by the Federal Rules of Evidence, *see* Fed. R. Evid. 1101; *Pollard v. Metropolitan Life Insurance Co.,* 598 F.2d 1284, 1286 (3rd Cir. 1979)." *Dawsey v. Olin Corp.*, 782 F.2d 1254, 1262 (5th Cir. 1986).

Manifestly, questions concerning the admissibility of evidence in federal courts are governed by the Federal Rules of Evidence. *Id*. More specifically, Rule 702 provides the standard for the admission of expert testimony:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Appropriately, Plaintiffs' Motion to Strike does not attempt to invoke Rule 702 to exclude the opinions of Dr. Wedner, whose qualifications and opinions are certainly above question.

4

Because the sole ground for Plaintiffs' Motion to Strike is inapplicable to this federal proceeding, Plaintiffs' motion must be denied as a matter of law.

**B.     Dr. Wedner's Opinions are Admissible Not Only Under the Federal Rules of Evidence but Under Louisiana State Law as Well**

Even assuming, *arguendo*, Louisiana state law were to be applied, without the benefit of federal procedural guidance, Dr. Wedner's testimony remains admissible.   Interestingly, Plaintiffs cite no cases in which La. Rev. Stat. Ann. § 37:1284 (2009) has been used to exclude the expert opinions of a duly licensed medical doctor -- much less a duly licensed medical doctor performing a consensual medical exam pursuant to the Federal Rules of Civil Procedure.  In fact, the only two cases cited by Plaintiffs illustrate the limited application of this statute in the state courts of Louisiana.  In *Brown v. Yellow Cab Co. of Shreveport*, the plaintiff objected to the defendant's use -- in a Louisiana state court -- of a medical doctor licensed by the state of Kansas. 94 So.2d 573 (La. App. 2nd Cir. 1957).  In responding to this objection, the court first noted that "[i]n the face of the . . . education, training, experience and professional qualification we are truly disposed to feel that the objection, at best, ***constitutes a super-technical contention which is scarcely deserving of consideration***."  *Id.* at 574 (emphasis added).  The court then explained that had the proffered expert been a resident of the State of Louisiana at the time and without a proper medical license, the plaintiff's objection would be valid; however, the court declined "to extend extra-territorial implications" of the law as suggested by the plaintiff.  *Id.* at 575.

In the second case cited by Plaintiffs, again a Louisiana state court case, the court rejected the plaintiff's objection to the defendant's offer of a physician who was licensed by a state other than Louisiana.  *Boyd v. Allstate Ins. Co.*, 640 So2d. 603, 607 (La. App. 3rd Cir.

1994) (noting that the doctor was not licensed in Louisiana but was licensed to practice medicine in Texas).  Although the examination did occur outside the state of Louisiana, the *Boyd* court did not appear to hinge its holding on that fact.  Almost as if an afterthought, following the declaration that the physician was in fact licensed elsewhere to practice medicine, the court added, "Also, it was in Texas that he saw and treated [the plaintiff]."  To be sure, the only question that need be answered under the statute at issue appears to be whether the proffered expert is an "unlicensed physician."  As so aptly put in another case, "[t]o hold otherwise would render inadmissible the testimony in this State of certain experts of world renown attached to the great medical centers in other states.  This not the purpose of the statute."  *Herbert v. Travelers Indemnity Co.*, 239 So.2d 367, 371 (La. App. 4th Cir. 1970).

Here, Dr. Wedner, is not an "unlicensed physician" as contemplated by the statute, but rather is an eminently qualified allergist and immunologist with decades of experience in formaldehyde-related medical issues, who holds an active medical license in the State of Missouri.  The statute advanced by Plaintiffs in their attempt to exclude Dr. Wedner is wholly inapplicable to Dr. Wedner's ability to testify before this Court and in nowise does it operate to exclude his expert opinions, nor does it serve to assail the relevance or reliability of his findings.  Indeed, judged by either Louisiana state law or the Federal Rules of Evidence, Dr. Wedner's testimony satisfies the requirements for admissibility.  Accordingly, Plaintiffs' arguments against the admission of Dr. Wedner's testimony must fail and their motion denied.

### III.    CONCLUSION

**WHEREFORE,** considering the foregoing, defendants Fleetwood Enterprises, Inc. and Forest River, Inc. are entitled to and respectfully request that this Honorable Court enter an order denying Plaintiffs' Motion to Strike Defendants' Medical Expert Dr. H. James Wedner.

This 7th day of October, 2009.

Respectfully submitted:

_/s/ Richard K. Hines, V_
Richard K. Hines, V
GA Bar No. 356300
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)

Jerry L. Saporito
LA Bar No. 11717
LEAKE & ANDERSSON, L.L.P.
1700 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-1701
(504) 585-7500 (phone)
(504) 585- 7775 (fax)

Counsel for Fleetwood Enterprises, Inc.

-- and --

/s/ Jason D. Bone
ERNEST P. GIEGER, Jr. (Bar No.6154)
JASON D. BONE (Bar No. 28315)
GIEGER, LABORDE & LAPERROUSE, LLC
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone: (504) 561-0400

7

Facsimile: (504) 561-1011

Counsel for Forest River, Inc.

<u>**C E R T I F I C A T E OF SERVICE**</u>

I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )    Hand Delivery                              ( )    Prepaid U.S. Mail

( )    Facsimile                                       ( )    Federal Express

(X)    CM/ECF

New Orleans, Louisiana, this 7th day of October, 2009.

 */s/ Richard K. Hines, V*
Richard K. Hines, V
Georgia Bar No. 356300
richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)

9