UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE | * | |
| | PRODUCTS LIABILITY | * | |
| | LITIGATION | * | |
| | | * | JUDGE: ENGELHARDT |
| This Document Relates to: | | * | |
| | | * | |
| *Bell*, No. 09-2967 | | * | MAG: CHASEZ |
| | | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, KEYSTONE RV COMPANY

Defendant, Keystone RV Company ("Keystone") answers and asserts affirmative defenses to the Plaintiffs' Complaint for Damages and First Supplemental and Amended Complaint for Damages (Rec. Doc. No. 2588) (collectively the "Amended Complaint") filed in the above-referenced matter.

## FIRST DEFENSE

Keystone incorporates by reference its pending Motion to Dismiss (Rec. Doc. No. 2221) and asserts the motion and the arguments asserted in it, as an affirmative defense.[1]

## SECOND DEFENSE

The Amended Complaint fails to state a claim or cause of action against Keystone upon which relief can be granted.

_____

[1] Plaintiffs filed an opposition to Keystone's motion.  See Rec. Doc. No. 2494. Keystone's motion is still pending.

**THIRD DEFENSE**

The plaintiffs' claims are, or may be, barred in whole or in part by the applicable statutes of limitation and/or prescriptive and/or peremptive periods.

**FOURTH DEFENSE**

The plaintiffs' claims are barred, in whole or in part, or, alternatively, their recovery is reduced, by plaintiffs' own fault and/or the fault of other persons.

**FIFTH DEFENSE**

The plaintiffs are not entitled to the recovery they seek because they have not suffered any damages, or, alternatively, because they have failed to mitigate their own damages.

**SIXTH DEFENSE**

Any products manufactured by Keystone that are the subject of the claims in this action were manufactured in conformity with the state of the art technology and consistent with all applicable standards, regulations, laws and/or industry standards.

**SEVENTH DEFENSE**

Keystone specifically denies the existence of any defect or defects that would render its product unreasonably dangerous under the Louisiana Products Liability Act, the limited warranty, and/or any other applicable law, contract, or standard.

**EIGHTH DEFENSE**

Keystone reasserts as affirmative defenses the defenses raised in the Manufacturing Defendants' Joint Rule 12(b)(6) Motions to Dismiss (Rec. Doc. 210), including Keystone's joinder therein, and incorporates herein the Court's Order and

Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss.

## NINTH DEFENSE

Solely in the alternative, in the event that it is determined there was any defect in any travel trailer, which is specifically denied, said defect was apparent and obvious and could be easily avoided or remedied, precluding any recovery by plaintiffs.

## TENTH DEFENSE

Keystone further pleads that Plaintiffs' claims are or may be barred, in whole or in part, to the extent that the Economic Loss Doctrine applies, and incorporates Court's Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, as if plead herein, *in extenso*.

## ELEVENTH DEFENSE

Claims against Keystone are or may be barred, in whole or in part, by the Doctrines of Estoppel, release or waiver.

## THIRTEENTH DEFENSE

Any express warranty obligations that may be owed by Keystone are strictly limited by the terms of the limited warranty, including all of its limitations and exclusions, which are pleaded herein, as if copied *in extenso*.

## FOURTEENTH DEFENSE

Keystone hereby gives notice that it intends to rely upon any and all other such affirmative defenses as become available or apparent during the course of discovery, and reserves the right to amend its Answer to assert any and all such defenses.

## FIFTEENTH DEFENSE

In the event that discovery reveals the following, Keystone specifically pleads that the accident and/or injuries sued upon herein occurred only and solely due to the substantial alteration and/or modification of the product sued upon herein, which alteration and/or modification was not foreseeable, after it left the hands of the manufacturer, which is specifically pleaded as a complete bar to any recovery against Keystone.

## SIXTEENTH DEFENSE

Keystone specifically pleads, to the extent applicable, all defenses allowed under the Louisiana Products Liability Act, La. R.S. 9:2800.51, *et. seq.*, and/or other Louisiana law.

## SEVENTEENTH DEFENSE

Keystone specifically pleads that its products were reasonable fit for ordinary use.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, to the extent that the Amended Complaint does not state a cause of action for punitive or exemplary damages against Keystone, sufficient in law whereby recovery may be had.

## NINETEENTH DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, to the extent that any award of punitive damages, to the extent they are even pled in the Amended Complaint would be unconstitutional because the standards utilized to allow the

imposition of such damages are so vague, both on their face and as applied, so as to fail to give adequate or sufficient notice of the prohibitive conduct.

## **TWENTIETH DEFENSE**

The exact damages/losses claimed by Plaintiffs are unknown to Keystone, and, thus, Keystone cannot adequately determine all defenses that may be applicable to Plaintiffs' claims.  Therefore, Keystone expressly reserves by this reference the right to raise additional defenses to the extent that:

a.     Additional defenses become applicable under state and federal law;

b.     Additional defenses are established as discovery proceeds; and

c.     Additional defenses are available under subsequently asserted theories of recovery.

## **TWENTY-FIRST DEFENSE**

The Amended Complaint has improperly joined parties (both plaintiffs and defendants) in this action in violation of Rule 19 of the Federal Rules of Civil Procedure, requiring severance of parties as provided by Rule 21 of the Federal Rules of Civil Procedure.

## **TWENTY-SECOND DEFENSE**

The Amended Complaint has improperly joined claims under Rule 18 of the Federal Rules of Civil Procedure, requiring severance of claims as provided by Rule 21 of the Federal Rules of Civil Procedure.

## <u>TWENTY-THIRD DEFENSE</u>

Keystone asserts that it did not have a direct contract with FEMA or any other governmental agency, and that its construction of the travel trailer at issue in this litigation was not subject to or governed by any so called "FEMA specifications."

And, in response to the specific allegations of the Complaint, Keystone answers as follows:

1.

Keystone denies the allegations and legal conclusions in Paragraph 1 of the Amended Complaint for lack of sufficient information to justify a belief therein.

2.

Keystone denies the allegations in Paragraph 2 of the Amended Complaint.

3.

Keystone denies the allegations in Paragraph 3 of the Amended Complaint.

4.

Keystone denies the allegations in Paragraph 4 of the Amended Complaint for lack of sufficient information to justify a belief therein, except to admit that Shaw Environmental, Inc. has been named as a defendant in this action.

5.

Keystone denies the factual allegations and legal conclusions in paragraph 5 of the Amended Complaint.

6.

Keystone denies the allegations and legal conclusions contained in Paragraph 6 of the Amended Complaint.

7.

Keystone denies the allegations and legal conclusions in Paragraph 7 of the Amended Complaint.

8.

Keystone denies the allegations and legal conclusions in Paragraph 8 of the Amended Complaint.

9.

Keystone denies the allegations and legal conclusions in Paragraph 9 of the Amended Complaint.

10.

Keystone denies the allegations and legal conclusions in Paragraph 10 of the Amended Complaint, for lack of sufficient information to justify a belief therein.

11.

Keystone denies the allegations in Paragraph 11 of the Amended Complaint for lack of sufficient information to justify a belief therein, and also denies the legal conclusions contained in that paragraph.

12.

Keystone denies the allegations and legal conclusions in Paragraph 12 of the Amended Complaint, for lack of sufficient information to justify a belief therein.

13.

Keystone denies the allegations and legal conclusions in Paragraph 13 of the Amended Complaint.

14.

Keystone denies the allegations in Paragraph 14 of Amended Complaint for lack of sufficient information to justify a belief therein.

15.

Keystone denies the allegations in Paragraph 15 of the Amended Complaint.

16.

Keystone denies the allegations in Paragraph 16 of the Amended Complaint.

17.

Keystone denies the allegations and legal conclusions in Paragraph 17 of the Amended Complaint.

18.

Keystone denies the allegations in Paragraph 18 of the Amended Complaint.

19.

Keystone denies the allegations in Paragraph 19 of the Amended Complaint.

20.

Keystone denies the allegations in Paragraph 20 of the Amended Complaint.

21.

Keystone denies the allegations in Paragraph 21 of the Amended Complaint for lack of sufficient information to justify a belief therein.

22.

Keystone denies the allegations in Paragraph 22 of the Amended Complaint for lack of sufficient information to justify a belief therein.

23.

Keystone denies the allegations in Paragraph 23 of the Amended Complaint for lack of sufficient information to justify a belief therein.

24.

Keystone denies the allegations in Paragraph 24 of the Amended Complaint for lack of sufficient information to justify a belief therein.

25.

Keystone denies the allegations in Paragraph 25 of the Amended Complaint.

26.

Keystone denies the allegations in Paragraph 26 of the Amended Complaint, except to state that the federal statutes cited by plaintiffs are the best evidence of their contents.

27.

Keystone denies the allegations in Paragraph 27 of the Amended Complaint for lack of sufficient information to justify a belief therein.

28.

Keystone denies the allegations in Paragraph 28 of the Amended Complaint for lack of sufficient information to justify a belief therein.

29.

Keystone denies the allegations in Paragraph 29 of the Amended Complaint for lack of sufficient information to justify a belief therein.

30.

Keystone denies the allegations in Paragraph 30 of the Amended Complaint for lack of sufficient information to justify a belief therein.

31.

Keystone denies the allegations in Paragraph 31 of the Amended Complaint for lack of sufficient information to justify a belief therein.

32.

Keystone denies the allegations in Paragraph 32 of the Amended Complaint for lack of sufficient information to justify a belief therein.

33.

Keystone denies the allegations in Paragraph 33 of the Amended Complaint for lack of sufficient information to justify a belief therein.

34.

Keystone denies the allegations in Paragraph 34 of the Amended Complaint for lack of sufficient information to justify a belief therein.

35.

Keystone denies the allegations in Paragraph 35 of the Amended Complaint for lack of sufficient information to justify a belief therein.

36.

Keystone denies the allegations in Paragraph 36 of the Amended Complaint for lack of sufficient information to justify a belief therein.

37.

Keystone denies the allegations in Paragraph 37 of the Amended Complaint for lack of sufficient information to justify a belief therein.

38.

Keystone denies the allegations in Paragraph 38 of the Amended Complaint for lack of sufficient information to justify a belief therein.

39.

Keystone denies the allegations in Paragraph 39 of the Amended Complaint for lack of sufficient information to justify a belief therein.

40.

Keystone denies the allegations in Paragraph 40 of the Amended Complaint for lack of sufficient information to justify a belief therein.

41.

Keystone denies the allegations in Paragraph 41 of the Amended Complaint for lack of sufficient information to justify a belief therein.

42.

Keystone denies the allegations in Paragraph 42 of the Amended Complaint for lack of sufficient information to justify a belief therein.

43.

Keystone denies the allegations in Paragraph 43 of the Amended Complaint for lack of sufficient information to justify a belief therein.

44.

Keystone denies the allegations in Paragraph 44 of the Amended Complaint for lack of sufficient information to justify a belief therein.

45.

Keystone denies the allegations in Paragraph 45 of the Amended Complaint for lack of sufficient information to justify a belief therein.

46.

Keystone denies the allegations in Paragraph 46 of the Amended Complaint for lack of sufficient information to justify a belief therein.

47.

Keystone denies the allegations in Paragraph 47 of the Amended Complaint for lack of sufficient information to justify a belief therein.

48.

Keystone denies the allegations in Paragraph 48 of the Amended Complaint for lack of sufficient information to justify a belief therein.

49.

Keystone denies the allegations in Paragraph 49 of the Amended Complaint for lack of sufficient information to justify a belief therein.

50.

Keystone denies the allegations in Paragraph 50 of the Amended Complaint for lack of sufficient information to justify a belief therein.

51.

Keystone denies the allegations in Paragraph 51 of the Amended Complaint for lack of sufficient information to justify a belief therein.

52.

Keystone denies the allegations in Paragraph 52 of the Amended Complaint for lack of sufficient information to justify a belief therein.

53.

Keystone denies the allegations in Paragraph 53 of the Amended Complaint for lack of sufficient information to justify a belief therein.

54.

Keystone denies the allegations in Paragraph 54 of the Amended Complaint for lack of sufficient information to justify a belief therein.

55.

Keystone denies the allegations in Paragraph 55 of the Amended Complaint for lack of sufficient information to justify a belief therein.

56.

The allegations contained in Paragraph 56 of Plaintiffs' Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

57.

Keystone denies the allegations in Paragraph 57 of the Amended Complaint for lack of sufficient information to justify a belief therein.

58.

Keystone denies the allegations in Paragraph 58 of the Amended Complaint for lack of sufficient information to justify a belief therein.

59.

Keystone denies the allegations in Paragraph 59 of the Amended Complaint for lack of sufficient information to justify a belief therein.

60.

Keystone denies the allegations in Paragraph 60 of the Amended Complaint for lack of sufficient information to justify a belief therein.

61.

Keystone denies the allegations in Paragraph 61 of the Amended Complaint for lack of sufficient information to justify a belief therein.

62.

Keystone denies the allegations in Paragraph 62 of the Amended Complaint for lack of sufficient information to justify a belief therein.

63.

Keystone denies the allegations in Paragraph 63 of the Amended Complaint for lack of sufficient information to justify a belief therein.

64.

Keystone denies the allegations in Paragraph 64 of the Amended Complaint for lack of sufficient information to justify a belief therein.

65.

Keystone denies the allegations in Paragraph 65 of the Amended Complaint for lack of sufficient information to justify a belief therein.

66.

Keystone denies the allegations in Paragraph 66 of the Amended Complaint for lack of sufficient information to justify a belief therein.

67.

Keystone denies the allegations in Paragraph 67 of the Amended Complaint for lack of sufficient information to justify a belief therein.

68.

Keystone denies the allegations in Paragraph 68 of the Amended Complaint for lack of sufficient information to justify a belief therein.

69.

Keystone denies the allegations in Paragraph 69 of the Amended Complaint for lack of sufficient information to justify a belief therein.

70.

Keystone denies the allegations in Paragraph 70 of the Amended Complaint for lack of sufficient information to justify a belief therein.

71.

Keystone denies the allegations in Paragraph 71 of the Amended Complaint for lack of sufficient information to justify a belief therein.

72.

Keystone denies the allegations in Paragraph 72 of the Amended Complaint for lack of sufficient information to justify a belief therein.

## COUNT 1:

## CAUSE OF ACTION AGAINST THE FEDERAL GOVERNMENT

73.

The allegations and legal conclusions in Paragraph 73 of the Amended Complaint are not directed at Keystone, and therefore no answer is required.  To the extent an answer is required, however, Keystone denies the allegations and legal conclusions contained in that paragraph.

74.

The allegations and legal conclusions in Paragraph 74 of the Amended Complaint are not directed at Keystone, and therefore no answer is required.  To the extent an answer is required, however, Keystone denies the allegations and legal conclusions contained in that paragraph.

75.

The allegations and legal conclusions in Paragraph 75 of the Amended Complaint are not directed at Keystone, and therefore no answer is required.  To

the extent an answer is required, however, Keystone denies the allegations and legal conclusions contained in that paragraph.

76.

The allegations and legal conclusions in Paragraph 76 of the Amended Complaint are not directed at Keystone, and therefore no answer is required.  To the extent an answer is required, however, Keystone denies the allegations and legal conclusions contained in that paragraph.

77.

The allegations and legal conclusions in Paragraph 77 of the Amended Complaint are not directed at Keystone, and therefore no answer is required.  To the extent an answer is required, however, Keystone denies the allegations and legal conclusions contained in that paragraph.

78.

The allegations and legal conclusions in Paragraph 78 of the Amended Complaint (and each of its subparts) are not directed at Keystone, and therefore no answer is required.  To the extent an answer is required, however, Keystone denies the allegations and legal conclusions contained in that paragraph.

## COUNT 2:

## CAUSE OF ACTION AGAINST KEYSTONE UNDER LOUISIANA

## PRODUCTS LIABILITY ACT

79.

Keystone denies the factual allegations and legal conclusions in Paragraph 79 of the Amended Complaint

80.

Keystone denies the factual allegations and legal conclusions in Paragraph 80 of the Amended Complaint.

81.

Keystone denies the factual allegations and legal conclusions in Paragraph 81 of the Amended Complaint.

82.

Keystone denies the factual allegations and legal conclusions in Paragraph 82 of the Amended Complaint.

83.

Keystone denies the factual allegations and legal conclusions in Paragraph 83 of the Amended Complaint.

84.

Keystone denies all the factual allegations and legal conclusions in Paragraph 84 of the Amended Complaint (including each of its subparts).

## COUNT 3:

## CAUSE OF ACTION AGAINST SHAW UNDER THE LOUISIANA PRODUCTS LIABILITY ACT

85.

The allegations and legal conclusions in Paragraph 85 of the Amended Complaint are not directed at Keystone, and therefore no answer is required.  To the extent an answer is required, however, Keystone denies the allegations and legal conclusions contained in that paragraph.

86.

The allegations and legal conclusions in Paragraph 86 of the Amended Complaint are not directed at Keystone, and therefore no answer is required.  To the extent an answer is required, however, Keystone denies the allegations and legal conclusions contained in that paragraph.

87.

The allegations and legal conclusions in Paragraph 87 of the Amended Complaint are not directed at Keystone, and therefore no answer is required.  To the extent an answer is required, however, Keystone denies the allegations and legal conclusions contained in that paragraph.

88.

The allegations and legal conclusions in Paragraph 88 of the Amended Complaint are not directed at Keystone, and therefore no answer is required.  To the extent an answer is required, however, Keystone denies the allegations and legal conclusions contained in that paragraph.

89.

The allegations and legal conclusions in Paragraph 89 of the Amended Complaint are not directed at Keystone, and therefore no answer is required. To the extent an answer is required, however, Keystone denies the allegations and legal conclusions contained in that paragraph.

90.

The allegations and legal conclusions in Paragraph 90 of the Amended Complaint are not directed at Keystone, and therefore no answer is required. To the extent an answer is required, however, Keystone denies the allegations and legal conclusions contained in that paragraph.

91.

The allegations and legal conclusions in Paragraph 91 of the Amended Complaint are not directed at Keystone, and therefore no answer is required. To the extent an answer is required, however, Keystone denies the allegations and legal conclusions contained in that paragraph.

## COUNT 4:

## NEGLIGENCE OF SHAW UNDER LOUISIANA LAW

92.

The allegations and legal conclusions in Paragraph 92 of the Amended Complaint are not directed at Keystone, and therefore no answer is required. To the extent an answer is required, however, Keystone denies the allegations and legal conclusions contained in that paragraph.

93.

The allegations and legal conclusions in Paragraph 93 of the Amended Complaint are not directed at Keystone, and therefore no answer is required.  To the extent an answer is required, however, Keystone denies the allegations and legal conclusions contained in that paragraph.

94.

The allegations and legal conclusions in Paragraph 94 of the Amended Complaint are not directed at Keystone, and therefore no answer is required.  To the extent an answer is required, however, Keystone denies the allegations and legal conclusions contained in that paragraph.

95.

The allegations and legal conclusions in Paragraph 95 of the Amended Complaint are not directed at Keystone, and therefore no answer is required.  To the extent an answer is required, however, Keystone denies the allegations and legal conclusions contained in that paragraph.

96.

The allegations and legal conclusions in Paragraph 96 of the Amended Complaint are not directed at Keystone, and therefore no answer is required.  To the extent an answer is required, however, Keystone denies the allegations and legal conclusions contained in that paragraph.

97.

The allegations and legal conclusions in Paragraph 97 of the Amended Complaint are not directed at Keystone, and therefore no answer is required. To the extent an answer is required, however, Keystone denies the allegations and legal conclusions contained in that paragraph.

98.

The allegations and legal conclusions in Paragraph 98 of the Amended Complaint are not directed at Keystone, and therefore no answer is required. To the extent an answer is required, however, Keystone denies the allegations and legal conclusions contained in that paragraph.

## COMPENSATORY DAMAGES

99.

Keystone denies the factual allegations and legal conclusions contained in Paragraph 99 of the Amended Complaint.

100.

The allegations contained in the "Prayer for Relief" paragraph of Plaintiffs' Amended Complaint do not require a response on the part of Keystone. However, to the extent that an answer is required, Keystone submits that Plaintiffs are not entitled to any of the relief requested in this paragraph.

## REQUEST FOR JURY DEMAND

Keystone requests a trial by jury.

**WHEREFORE**, considering the allegations, denials and defenses asserted above, Defendant Keystone RV Company respectfully prays that this Answer be deemed good and sufficient; that after due proceedings had, there be judgment rendered herein in favor of this Defendant, dismissing Plaintiffs' First Supplemental and Amended Complaint for Damages, with prejudice; and Defendant Keystone RV Company respectfully prays for all such other general, special and equitable relief that law, equity or the nature of the case may permit, and all costs of these proceedings.

Respectfully submitted,

*s/Ryan E. Johnson*
_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
Jones, Walker, Waechter, Poitevent,
   Carrère & Denègre, L.L.P.
8555 United Plaza Blvd., 5th floor
Building Four
Baton Rouge, LA  70809
Telephone: (225) 248-2000
Facsimile:  (225) 248-3080

-and-

Madeleine Fischer (La. Bar No. 5575)
Nan Roberts Eitel (La. Bar No. 19910)
Jones, Walker, Waechter, Poitevent,
   Carrère & Denègre, L.L.P.
201 St. Charles Avenue, 49th floor
New Orleans, LA   70170
Telephone:  (504) 582-8000
Facsimile:  (504) 589-8208

*Counsel for Keystone RV Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of October, 2009, a copy of the foregoing Answer and Affirmative Defenses on behalf of Defendant, Keystone RV Company and Jury Trial Request was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

*s/Ryan E. Johnson*
_____
Ryan E. Johnson