## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA
## NEW ORLEANS DIVISION

**IN RE: FEMA TRAILER**              **MDL NO. 1873**
**FORMALDEHYDE**
**PRODUCTS LIABILITY LITIGATION**     **SECTION "N-5"**
                                     **JUDGE ENGELHARDT**
                                     **MAG. JUDGE CHASEZ**

**THIS DOCUMENT IS RELATED TO:**
***Bell, et al. v. Keystone RV Company, et al.,***
**No. 09-2967**

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * ********

### DEFENDANT UNITED STATES' ANSWER TO "FIRST SUPPLEMENTAL
### AND AMENDED COMPLAINT FOR DAMAGES" [Doc. No. 2588]

Defendant United States of America ("United States") hereby answers Plaintiffs' "First Supplemental and Amended Complaint for Damages" [Doc. No. 2588] as follows:

1.

Paragraph 1 is denied because the United States lacks sufficient information to admit or deny.

2.

Paragraph 2 is an introductory sentence to which a responsive pleading is not required, however, to the extent a response is required, the United States admits that in anticipation and/or response to Hurricanes Katrina and/or Rita, FEMA purchased emergency housing units. The United States denies any other factual allegations contained in Paragraph 2.

3.

Paragraph 3 is an introductory sentence to which a responsive pleading is not required.

4.

Paragraph 4, as to the phrase, "Shaw Environmental, Inc. ("Shaw"), a Louisiana corporation," is denied because the United States lacks sufficient information to admit or deny. The remainder of Paragraph 4 is denied.

5.

Paragraph 5 sets forth legal conclusions to which a responsive pleading is not required, however, to the extent a response is required, any factual allegations contained therein are denied.

6.

Paragraph 6 sets forth legal conclusions to which a responsive pleading is not required, however, to the extent a response is required, any factual allegations contained therein are denied.

7.

Paragraph 7 sets forth legal conclusions to which a responsive pleading is not required, however, to the extent a response is required, any factual allegations contained therein are denied.

8.

Paragraph 8 sets forth legal conclusions to which a responsive pleading is not required, however, to the extent a response is required, any factual allegations contained therein are denied.

9.

Paragraph 9 sets forth legal conclusions to which a responsive pleading is not required, however, to the extent a response is required, any factual allegations contained therein are denied.

10.

Paragraph 10 sets forth legal conclusions to which a responsive pleading is not required, however, to the extent a response is required, any factual allegations contained therein are denied.

11.

Paragraph 11 sets forth legal conclusions to which a responsive pleading is not required, however, to the extent a response is required, any factual allegations contained therein are denied.

12.

Paragraph 12 is denied because the United States lacks sufficient information to admit or deny.

13.

Paragraph 13 is denied because the United States lacks sufficient information to admit or deny Plaintiffs' characterization of "travel trailers."

14.

Paragraph 14 is denied.

15.

Paragraph 15 is denied.

16.

Paragraph 16 is denied because the United States lacks sufficient information to admit or deny.

17.

Paragraph 17 is denied because the United States lacks sufficient information to admit or deny.

18.

Paragraph 18 is denied.

19.

Paragraph 19 asserts that "the housing unit at issue contained dangerous levels of formaldehyde due to Keystone's use of certain materials in their construction, and/or posed the threat of producing dangerous levels of formaldehyde due to the Federal Government's intended use of the housing units as temporary residences for at least 18 months . . ." This paragraph is denied because the United States lacks sufficient information to admit or deny.

Paragraph 19 further asserts that "Keystone failed to warn the Federal Government about these dangers . . ." The United States admits that Keystone never issued any warning to FEMA about such dangers.

Paragraph 19 further asserts that these dangers "initially were not known to the Federal Government." The United States admits that such dangers were not initially known to the Federal Government, and denies that such dangers were subsequently discovered by FEMA.

20.

Paragraph 20 is denied because the United States lacks sufficient information to admit or deny.

21.

Paragraph 21 is denied.

22.

Paragraph 22 is denied because the United States lacks sufficient information to admit or deny.

23.

Paragraph 23 is denied because the United States lacks sufficient information to admit or deny.

24.

Paragraph 24 sets forth legal conclusions to which a responsive pleading is not required, however, to the extent a response is required, any factual allegations contained therein are denied.

25.

Paragraph 25 sets forth legal conclusions to which a responsive pleading is not required, however, to the extent a response is required, any factual allegations contained therein are denied.

26.

Paragraph 26 sets forth legal conclusions to which a responsive pleading is not required, however, to the extent a response is required, any factual allegations contained therein are denied.

27.

Paragraph 27 relates to FEMA's contract with Shaw.  The United States admits that FEMA contracted with Shaw and that, pursuant to that contract, Shaw performed various activities in response to Hurricanes Katrina and Rita.  The remainder of Paragraph 27 sets forth legal conclusions or Plaintiffs' characterizations of the terms and conditions of FEMA's contracts with Shaw, and thus, a responsive pleading is not required, however, to the extent a response is required, any such facts and/or factual characterization of the contract, or any other factual allegations contained therein are denied.

28.

Paragraph 28 sets forth legal conclusions as to what Shaw was tasked or obligated to do pursuant to a contract with the government and, as such, no responsive pleading is required, however, to the extent a response is required, any factual allegations contained therein are denied.

29.

Paragraph 29 sets forth legal conclusions as to what Shaw was tasked or obligated to do pursuant to a contract with the government and, as such, no responsive pleading is required, however, to the extent a response is required, any factual allegations contained therein are denied.

30.

Paragraph 30 sets forth legal conclusions as to what Shaw was tasked or obligated to do pursuant to a contract with the government and, as such, no responsive pleading is required, however, to the extent a response is required, any factual allegations contained therein are denied.

31.

Paragraph 31 is denied because the United States lacks sufficient information to admit or deny.

32.

Paragraph 32 sets forth legal conclusions as to what Shaw was tasked or obligated to do pursuant to a contract with the government and, as such, no responsive pleading is required, however, to the extent a response is required, any factual allegations contained therein are denied.

33.

Paragraph 33 sets forth legal conclusions as to what Shaw was tasked or obligated to do pursuant to a contract with the government and, as such, no responsive pleading is required, however, to the extent a response is required, any factual allegations contained therein are denied.

34.

Paragraph 34 is denied because the United States lacks sufficient information to admit or deny.

35.

Paragraph 35 is denied because the United States lacks sufficient information to admit or deny.

36.

Paragraph 36 is denied because the United States lacks sufficient information to admit or deny.

37.

Paragraph 37 is denied because the United States lacks sufficient information to admit or deny.

38.

Paragraph 38 sets forth legal conclusions as to what Shaw was tasked or obligated to do pursuant to a contract with the government and, as such, no responsive pleading is required, however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 38 further asserts that Shaw failed to comply with certain contractual tasks or obligations.  These allegations are denied because the United States lacks sufficient information to admit or deny.

39.

Paragraph 39 is denied because the United States lacks sufficient information to admit or deny.

40.

Paragraph 40 sets forth legal conclusions as to what Shaw was tasked or obligated to do pursuant to a contract with the government and, as such, no responsive pleading is required, however, to the extent a response is required, any factual allegations contained therein are denied.

41.

Paragraph 41 sets forth legal conclusions as to what Shaw was tasked or obligated to do pursuant to a contract with the government and, as such, no responsive pleading is required,

however, to the extent a response is required, any factual allegations contained therein are denied.

42.

Paragraph 42 sets forth legal conclusions as to what Shaw was tasked or obligated to do pursuant to a contract with the government and, as such, no responsive pleading is required, however, to the extent a response is required, any factual allegations contained therein are denied.

43.

Paragraph 43 is denied because the United States lacks sufficient information to admit or deny.

44.

Paragraph 44 is denied because the United States lacks sufficient information to admit or deny.

45.

Paragraph 45 is denied because the United States lacks sufficient information to admit or deny.

46.

Paragraph 46 sets forth legal conclusions and argument and, as such, no responsive pleading is required, however, to the extent a response is required, any factual allegations contained therein are denied.

47.

Paragraph 47 sets forth legal conclusions and argument and, as such, no responsive pleading is required, however, to the extent a response is required, any factual allegations contained therein are denied.

48.

Paragraph 48 sets forth legal conclusions and argument and, as such, no responsive pleading is required, however, to the extent a response is required, any factual allegations contained therein are denied.

49.

Paragraph 49 is admitted in part and denied in part.  The United States admits that the Department of Labor, Occupational Safety and Health Agency ("OSHA") tested approximately 150 unoccupied emergency housing units that had not yet been made ready for occupancy between October 11, 2005, and January 2006.  The remainder of Paragraph 49 sets forth legal conclusions and argument because ATSDR minimum risk levels are not intended as regulatory action levels and are not used by OSHA; as such, no responsive pleading is required, however, to the extent a response is required, any factual allegations contained therein are denied.

50.

Paragraph 50 sets forth legal conclusions and argument and, as such, no responsive pleading is required, however, to the extent a response is required, any factual allegations contained therein are denied.

51.

Paragraph 51 is denied.

52.

Paragraph 52 sets forth legal conclusions and argument and, as such, no responsive pleading is required, however, to the extent a response is required, the United States lacks sufficient information to admit or deny and thus any factual allegations contained therein are denied.

53.

Paragraph 53 sets forth legal conclusions and argument and, as such, no responsive pleading is required, however, to the extent a response is required, any factual allegations contained therein are denied.

54.

Paragraph 54 is denied.

55.

Paragraph 55 is denied.

56.

Paragraph 56 is denied.

57.

Paragraph 57 is admitted in part and denied in part.  The United States admits that several conference calls involving representatives from FEMA, the United States Environmental Protection Agency ("EPA"), and Centers for Disease Control and Prevention/Agency for Toxic Substances and Disease Registry ("CDC/ATSDR") took place commencing on or about June 2006.  The remainder of any factual allegations contained in Paragraph 57 is denied.

58.

Paragraph 58 is denied.

59.

Paragraph 59 sets forth legal conclusions and argument and, as such, no responsive pleading is required, however, to the extent a response is required, any factual allegations contained therein are denied.

60.

Paragraph 60 is denied.

61.

Paragraph 61 is denied.

62.

Paragraph 62 is denied.

63.

Paragraph 63 sets forth legal conclusions and argument and, as such, no responsive pleading is required, however, to the extent a response is required, any factual allegations contained therein are denied.  Further, the United States specifically denies the characterization of Mary DeVany as an "independent industrial hygienist," as she an expert retained by Plaintiffs.

64.

Paragraph 64 is admitted in part and denied in part.  The United States admits that on or about March 17, 2007, Dr. Mark Klein sent FEMA a letter regarding the ATSDR's February 2, 2007, Health Consultation Report.  As to the remainder of Paragraph 64, any factual allegations contained therein are denied because the allegations mischaracterize the March 17, 2007, letter.

65.

Paragraph 65 is admitted in part and denied in part.  The United States admits that in October 2007, CDC/ATSDR issued a revised Health Consultation Report.  As to the remainder of the allegations set forth in Paragraph 65, any factual allegations contained therein are denied.

66.

Paragraph 66 is denied.

67.

Paragraph 67 is admitted in part and denied in part.  The United States admits that testing of approximately 519 occupied emergency housing units was conducted as part of a study to investigate the levels of formaldehyde in units and that such testing commenced on or about December 2007.  As to the remainder of the allegations set forth in Paragraph 67, any factual allegations contained therein are denied.

68.

Paragraph 68 sets forth legal conclusions and argument and, as such, no responsive pleading is required, however, to the extent a response is required, the United States lacks sufficient information to admit or deny, and any factual allegations contained therein are denied.

69.

Paragraph 69 is admitted in part and denied in part.  The United States admits that on or about February 2008, the CDC issued press releases reporting the preliminary or interim results of its testing of 519 occupied units and that those news releases may have contained or recommended certain courses of action that should be taken in response to concerns about formaldehyde in emergency housing units.  As to the remainder of the allegations set forth in

paragraph 69, the United States lacks sufficient information to admit or deny, and thus any factual allegations contained therein are denied.

70.

Paragraph 70 is denied.

71.

Paragraph 71 sets forth legal conclusions and argument and, as such, no responsive pleading is required, however, to the extent a response is required, any factual allegations contained therein are denied.

72.

Paragraph 72 sets forth legal conclusions and argument and, as such, no responsive pleading is required, however, to the extent a response is required, any factual allegations contained therein are denied.

73.

Paragraph 73 sets forth legal conclusions and argument and, as such, no responsive pleading is required, however, to the extent a response is required, any factual allegations contained therein are denied.

74.

Paragraph 74 sets forth legal conclusions and argument and, as such, no responsive pleading is required, however, to the extent a response is required, any factual allegations contained therein are denied.

75.

Paragraph 75 sets forth legal conclusions and argument and, as such, no responsive pleading is required, however, to the extent a response is required, any factual allegations contained therein are denied.

76.

Paragraph 76 sets forth legal conclusions and argument and, as such, no responsive pleading is required, however, to the extent a response is required, any factual allegations contained therein are denied.

77.

Paragraph 77 sets forth legal conclusions and argument and, as such, no responsive pleading is required, however, to the extent a response is required, any factual allegations contained therein are denied.

78.

Paragraph 78 sets forth legal conclusions and argument and, as such, no responsive pleading is required, however, to the extent a response is required, any factual allegations contained therein are denied.

79.

Paragraph 79 sets forth claims against Keystone RV Company under the Louisiana Products Liability Act and, as such, does not require a response from the United States, however, to the extent a response is required, any factual allegations contained in therein are denied.

80.

Paragraph 80 sets forth claims against Keystone RV Company under the Louisiana Products Liability Act and, as such, does not require a response from the United States, however, to the extent a response is required, any factual allegations contained in therein are denied.

81.

Paragraph 81 sets forth claims against Keystone RV Company under the Louisiana Products Liability Act and, as such, does not require a response from the United States, however, to the extent a response is required, any factual allegations contained in therein are denied.

82.

Paragraph 82 sets forth claims against Keystone RV Company under the Louisiana Products Liability Act and, as such, does not require a response from the United States, however, to the extent a response is required, any factual allegations contained in therein are denied.

83.

Paragraph 83 sets forth claims against Keystone RV Company under the Louisiana Products Liability Act and, as such, does not require a response from the United States, however, to the extent a response is required, any factual allegations contained in therein are denied.

84.

Paragraph 84 sets forth claims against Keystone RV Company under the Louisiana Products Liability Act and, as such, does not require a response from the United States, however, to the extent a response is required, any factual allegations contained in therein are denied.

85.

Paragraph 85 sets forth claims against Shaw under the Louisiana Products Liability Act and, as such, does not require a response from the United States, however, to the extent a response is required, any factual allegations contained in therein are denied.

86.

Paragraph 86 sets forth claims against Shaw under the Louisiana Products Liability Act and, as such, does not require a response from the United States, however, to the extent a response is required, any factual allegations contained in therein are denied.

87.

Paragraph 87 sets forth claims against Shaw under the Louisiana Products Liability Act and, as such, does not require a response from the United States, however, to the extent a response is required, any factual allegations contained in therein are denied.

88.

Paragraph 88 sets forth claims against Shaw under the Louisiana Products Liability Act and, as such, does not require a response from the United States, however, to the extent a response is required, any factual allegations contained in therein are denied.

89.

Paragraph 89 sets forth claims against Shaw under the Louisiana Products Liability Act and, as such, does not require a response from the United States, however, to the extent a response is required, any factual allegations contained in therein are denied.

90.

Paragraph 90 sets forth claims against Shaw under the Louisiana Products Liability Act and, as such, does not require a response from the United States, however, to the extent a response is required, any factual allegations contained in therein are denied.

91.

Paragraph 91 sets forth claims against Shaw under the Louisiana Products Liability Act and, as such, does not require a response from the United States, however, to the extent a response is required, any factual allegations contained in therein are denied.

92.

Paragraph 92 sets forth claims against Shaw and, as such, does not require a response from the United States, however, to the extent a response is required, any factual allegations contained in therein are denied.

93.

Paragraph 93 sets forth claims against Shaw and, as such, does not require a response from the United States, however, to the extent a response is required, any factual allegations contained in therein are denied.

94.

Paragraph 94 sets forth claims against Shaw and, as such, does not require a response from the United States, however, to the extent a response is required, any factual allegations contained in therein are denied.

95.

Paragraph 95 sets forth claims against Shaw and, as such, does not require a response from the United States, however, to the extent a response is required, any factual allegations contained in therein are denied.

96.

Paragraph 96 sets forth claims against Shaw and, as such, does not require a response from the United States, however, to the extent a response is required, any factual allegations contained in therein are denied.

97.

Paragraph 97 sets forth claims against Shaw and, as such, does not require a response from the United States, however, to the extent a response is required, any factual allegations contained in therein are denied.

98.

Paragraph 98 sets forth claims against Shaw and, as such, does not require a response from the United States, however, to the extent a response is required, any factual allegations contained in therein are denied.

99.

Paragraph 99 sets forth legal conclusions and argument and, as such, no responsive pleading is required, however, to the extent a response is required, any factual allegations contained therein are denied.

### FTCA JURISDICTIONAL EXCEPTIONS BAR SOME OR ALL
### OF PLAINTIFFS' CLAIMS AGAINST THE UNITED STATES

1.      The Court lacks subject-matter jurisdiction over the FTCA claims of the named

plaintiffs in this action because:

a.      Plaintiffs' FTCA claims are barred by the discretionary function exception to the

FTCA's limited waiver of sovereign immunity.  28 U.S.C. § 2680(a).

b.      Plaintiffs' FTCA claims are barred by the contractor exception to the FTCA's

limited waiver of sovereign immunity.  28 U.S.C. §§ 1346(b)(, 2671.

c.      Plaintifs' FTCA claims are barred because they failed to properly exhaust their

administrative remedies prior to filing suit.  28 U.S.C. § 2675(a); 28 C.F.R. §

14.2.

d.      Plaintiffs' FTCA claims are barred because they failed to present their

administrative claim to the appropriate federal agency in a timely manner.  28

U.S.C. § 2401(b).

e.      Plaintiffs' FTCA claims are barred because they failed to file suit and commence

an action in a timely manner.  28 U.S.C. § 2401(b).

f.      Plaintiffs' FTCA claims are barred by the misrepresentation exception to the

FTCA's limited waiver of sovereign immunity.  28 U.S.C. § 2680(h).

g.      Plaintiffs' FTCA claims based upon strict liability, no fault, or absolute liability

theories are barred because the FTCA only waives sovereign immunity for an

injury or loss of property, or personal injury or death caused by a negligent or

wrongful act or omission.  28 U.S.C. § 1346(b)(1).

h.   Plaintiffs' FTCA claims based upon FEMA's provision of emergency housing are barred because there exist no analogous private liability under applicable state tort law for the provision of emergency housing.  28 U.S.C. §§ 1346(b)(, 2674.

i.   Plaintiffs' FTCA claims are barred because they seek to impose liability upon the United States for the negligent or wrongful acts or omissions of persons or entities other than Federal employees acting within the scope of their employment.  28 U.S.C. §§ 1346(b)(1), 2671.

j.   Plaintiffs' FTCA claims for medical monitoring and other equitable relief are barred because the FTCA only waives sovereign immunity for money damages for injury or loss of property, or personal injury or death.  28 U.S.C. § 1346(b)(1).

k.   The Court lacks subject-matter jurisdiction over Plaintiffs' FTCA claims for money damages in excess of the "sum certain" set forth in Plaintiffs' administrative claim.  28 U.S.C. § 2675(b).

l.   Plaintiffs' claims for punitive damages are barred because the FTCA does not waive sovereign immunity for such claims.  28 U.S.C. § 2674.

m.   Plaintiffs' claims for prejudgment interest are barred because the FTCA does not waive sovereign immunity for such claims.  28 U.S.C. § 2674.

n.   Plaintiffs' claims for attorneys' fees are barred because the FTCA does not authorize the recovery of attorneys' fees.  28 U.S.C. § 2678.

o.   The Court lacks subject-matter jurisdiction over Plaintiffs' claims that FEMA breached an implied and/or express contract arising out of their alleged lease of emergency housing from FEMA.  28 U.S.C. § 1346(a)(2) (Little Tucker Act); 28 U.S.C. § 1491(a) (Tucker Act).

21

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' Complaint, and each and every cause of action, allegation, and claim therein, fails to state a claim upon which relief may be granted.

2.      The United States owed no actionable duty to Plaintiffs in this case.

3.      If it is found that the United States owed an actionable duty to Plaintiffs, which it denies, the United States did not breach that duty.

4.      The injuries, damages, or losses alleged by Plaintiffs were not caused by any negligent or wrongful act or omission of any officer, agent, servant, or employee of the United States.

5.      No negligent, wrongful act or omission of the United States, was the cause in fact, or in any way contributed to, Plaintiffs' alleged injuries, damages, or losses.

6.      No negligent, wrongful act or omission of the United States, was the proximate or legal cause, or in any way contributed to, Plaintiffs' alleged injuries, damages, or losses.

7.      Any alleged injuries, damages, or losses sustained by Plaintiffs were not caused by acts or omissions on the part of the United States, but were caused, in whole or in part, by occurrences and conditions prior, or subsequent.

8.      Any alleged injuries, damages, or losses sustained by Plaintiffs were not caused by acts or omissions on the part of the United States, but were caused, in whole or in part, by the negligence of third parties.

9.      Any alleged injuries, damages, or losses sustained by Plaintiffs were not caused by acts or omissions on the part of the United States, but were caused, in whole or in part, by an intervening or superseding cause or event.

10.      Any alleged injuries, damages, or losses sustained by Plaintiffs were not caused by an act or omission on the part of the United States, but were caused, in whole or in part, by Plaintiffs' own negligence or were the product of a voluntary assumption of risk.

11.      The liability, if any, of the United States and responsible parties, named or unnamed, should be proportionately reduced and apportioned based on their respective degrees of fault, and the liability of the United States, if any, should be reduced, in accordance with law.

12.      Plaintiffs have not suffered any compensable damages.

13.      Plaintiffs have failed to mitigate damages.

14.      If it is found that the United States is liable, which it expressly denies, the United States is entitled to an offset against damages, if any, for all amounts received by Plaintiffs from the United States and its agencies, and also from all collateral sources.

15.      All future damages, if any, must be reduced to present value.

16.      Income taxes must be deducted from all alleged past and future lost earnings.

17.      Plaintiffs fail to state a claim for medical monitoring damages because they have not alleged a specific or manifest injury.

18.      Plaintiffs' claims are barred by the Good Samaritan doctrine.

19.     Plaintiffs' claims are barred, in whole or in part, by the principles of res judicata and/or collateral estoppel.

20.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, laches, estoppel, release, unclean hands, and/or ratification.

21.     The United States asserts any affirmative defenses available under state law.

22.     Plaintiffs' claims are barred because they are based upon actions taken pursuant to or in manner consistent with the Louisiana Homeland Security and Emergency Assistance and Disaster Act.  *See* La. Rev. Stat. §§ 29:721 *et seq*.; 29:723; 29:735.

23.     Plaintiffs' claims are barred by the Louisiana Homeland Security and Emergency Assistance and Disaster Act, La. R.S. 29:721-738.  *See* La. R.S. 29:733.1 (Limitation of liability of owner or operator of facilities).

24.     Plaintiffs' claims are barred by the Louisiana Health Emergency Powers Act, La. R.S. 29:760-772.  *See* La. R.S. 29:771(B)(2)(a) (Liability).

Dated: October 7, 2009                          Respectfully Submitted,

TONY WEST                                       HENRY T. MILLER
Assistant Attorney General                      ADAM BAIN
Civil Division                                  Senior Trial Counsel

J. PATRICK GLYNN                                MICHELLE GREIF
Director, Torts Branch                          MICHELLE BOYLE
Civil Division                                  JONATHAN WALDRON
                                                Trial Attorneys

DAVID S. FISHBACK
Assistant Director                              *s/ Adam M. Dinnell*
                                                ADAM M. DINNELL
                                                Trial Attorney
                                                United States Department of Justice
                                                Torts Branch, Civil Division

P.O. Box 340, Ben Franklin Station
Washington, DC 20004
Telephone: (202) 616-4211
E-mail: Adam.Dinnell@usdoj.gov

Attorneys for Defendant United States

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2009, the foregoing document was filed via the U.S.

District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison

Counsel.


*s/ Adam M. Dinnell*
ADAM M. DINNELL

25