UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                         MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                SECTION "N-5"

                                            JUDGE ENGELHARDT
                                            MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon Wright v. Forest River, Inc., et al.*
*Case No. 09-2977 (E.D. La.)*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

PLAINTIFF'S OPPOSITION TO FOREST RIVER, INC.'S
MOTION TO STRIKE PLAINITFF'S
DESIGNATION OF KENNETH R. LAUGHERY, PH.D

MAY IT PLEASE THE COURT:

        Plaintiff, Lyndon Wright ("Plaintiff") respectfully submits this Memorandum of points

and authorities in support of his opposition to Defendant Forest River, Inc.'s ("Defendant")

Motion *in Limine* to strike the testimony of Dr. Kenneth Laughery. Plaintiff hereby incorporates

the arguments made in Plaintiff Elisha Dubuclet's Opposition to Fleetwood Enterprises, Inc.'s

Motion to Strike Plaintiff's Designation of Kenneth Laughery (Rec. Doc. 2491), filed August 8,

2009, and to which this Court gave its Order and Reasons on October 6, 2009 (Doc. 4845), and

offers the following argument specific to the instant matter.

        Defendant's basis for opposing Kenneth R. Laughery is this Court's July 15, 2009 *Order*

*and Reasons* (Rec. Doc. 2181), which excluded the testimony of a different expert witness, Lila

Laux, Ph.D. The Defendant points out in their Motion that this Court struck Lila Laux, Ph.D as

1

an expert witness and stated, "[t]o be clear, the Court notes that no party will be permitted to introduce a human factors expert; no expert will be allowed to directly instruct the jury how it should dispose of a factual issue in this case." (See Rec. Doc. 2181, p. 6). However, the Plaintiff offers that Kenneth Laughery, Ph.D will not instruct the jury as to issues of fact, but rather will provide expert opinions of the need for a warning and the inadequacy of any Forest River warnings which are not immediately apparent, based on technical interpretations of the fact pattern present in the Lyndon Wright case. Also, Dr. Laughery's areas of testimony is more than simply "human factors" but goes to "Warnings, Labeling *and* Human Factors" all of which Dr. Laughery is imminently qualified to give expert opinion on. The need for warnings and the adequacy (or lack thereof) of any such warnings are key components of the instant case and not necessarily in the common knowledge of the jury.

As this Court has already ruled in its Order and Reasons regarding Dr. Laughery in the Dubuclet matter, Dr. Laughery should at the very least be allowed to testify as to the need for a warning in the Wright matter. Plaintiff, further, asserts that a sophisticated examination of all the facts at issue relating to the adequacy of the warning is necessary to benefit the jury. Here, Defendant's Motion should be denied because Dr. Laughery's testimony is not within the ordinary knowledge of the jurors and will greatly assist the jury in determining how and why a Warning label is necessary, and if present, whether such a warning is adequate, without conflicting with the Court's previous ruling of testimony regarding an ultimate issue of fact.

This Court's prior Order was made in response to a motion *in limine* filed by Defendant Gulf Stream Coach, Inc. to exclude the testimony of Dr. Lila Laux regarding the bellwether plaintiff in another case, No. 09-2892 (Rec. Doc. 1753). Gulf Stream's motion was limited to Dr. Laux, and was based on her particular testimony (See Rec. Doc. 2181 at 1). More importantly, in

the prior motion, Gulf Stream argued that Dr. Laux, an industrial psychologist, was "not qualified" to render expert opinions on the design of the EHU, or whether the bellwether plaintiff's alleged exposure to formaldehyde caused resultant damages (See Rec. Doc. 218 at 2).

The Plaintiff was not given the opportunity to argue the admissibility of Dr. Laughery's testimony before this Court entered its prior order concerning Dr. Laux. There was no mention of Dr. Laughery in the prior motion, and his qualifications and opinions were neither briefed by the parties nor considered by this Court before the July 15 Order was rendered.

This Court excluded Dr. Laux's conclusory opinions that the EHU in that case was unreasonably dangerous for its occupants because it "could reasonably be expected to create elevated levels of formaldehyde gas in the interior of the trailer. (See Rec. Doc. 218 at p. 5). By contrast, Dr. Laughery's opinions are not conclusive in nature and are based on methodology used and accepted by experts in the field of both human factors and *warnings.*

Finally, as this Court ordered on October 6, 2009, Dr. Laughery should be allowed to give expert opinion on the issue of the need for warning, at the very least. Defendant Forest River offers no real additional argument as to the need to exclude Dr. Laughery, and Plaintiff Lyndon Wright believes the Motion to Strike Dr. Laughery must fail for the same reasons given by the Court in the Dubuclet matter.

WHEREFORE, the Plaintiff Lyndon Wright respectfully requests that this Honorable Court dismiss the Defendant's Motion in Limine to strike Dr. Laughery as an expert witness for the reasons set forth in this Memorandum and the prior rulings of the Court.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY: s/Gerald E. Meunier
   GERALD E. MEUNIER, #9471
   **PLAINTIFFS' CO-LIAISON COUNSEL**
   Gainsburgh, Benjamin, David, Meunier &
   Warshauer, L.L.C.
   2800 Energy Centre, 1100 Poydras Street
   New Orleans, Louisiana 70163
   Telephone: 504/522-2304
   Facsimile: 504/528-9973
   gmeunier@gainsben.com

   s/Justin I. Woods
   JUSTIN I. WOODS, #24713
   **PLAINTIFFS' CO-LIAISON COUNSEL**
   Gainsburgh, Benjamin, David, Meunier &
   Warshauer, L.L.C.
   2800 Energy Centre, 1100 Poydras Street
   New Orleans, Louisiana 70163
   Telephone: 504/522-2304
   Facsimile: 504/528-9973
   jwoods@gainsben.com

   **COURT-APPOINTED PLAINTIFFS'
   STEERING COMMITTEE**
   ANTHONY BUZBEE, Texas # 24001820
   ROBERT BECNEL, #14072
   RAUL BENCOMO, #2932
   FRANK D'AMICO, #17519
   MATT MORELAND, #24567
   LINDA NELSON, #9938
   DENNIS REICH, Texas #16739600
   MIKAL WATTS, Texas # 20981820

**<u>CERTIFICATE OF SERVICE</u>**

   I hereby certify that a true and correct copy of the foregoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on October 13, 2009.

   /s/Justin I. Woods
   JUSTIN I. WOODS

4