UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL NO. 1873

SECTION "N-5"

JUDGE ENGELHARDT
MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon Wright v. Forest River, Inc., et al.*
*Case No. 09-2977 (E.D. La.) and*
*James H. Aldridge and Angela L. Aldridge,*
*et al vs. Gulfstream Coach, Inc., et al,*
*No. 07-9228 (as further referred to as Elisha Dubuclet,*
*individually and on behalf of minor children,*
*Timia Dubuclet and Timothy Dubuclet, Jr.., et al*
*vs. Fleetwood Enterprises, Inc., et al)*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S REPLY TO DEFENDANT FOREST RIVER'S OPPOSITION TO STRIKE DR. H. JAMES WEDNER

**MAY IT PLEASE THE COURT:**

**NOW INTO COURT,** through undersigned counsel, come Plaintiffs Lyndon Wright and Elisha Dubuclet, individually and on behalf of her minor children Timia Dubuclet and Timothy Dubuclet, Jr., who respectfully submit this Reply to Defendants' Joint Opposition to Plaintiff's Motion to Strike Defendants' Medical Expert, Dr. H. James Wedner. As the Plaintiffs noted in their Motion to Strike the Defendant's Medical Expert Dr. Wedner improperly practiced medicine in the State of Louisiana without being licensed here and for failing to obtain a special dispensation allowing him to practice medicine in Louisiana. Though the Defendants argue that

1

Dr. Wedner should be allowed to testify because his credentials are "beyond reproach", this simply does not excuse him from violating La. Rev. Stat. § 37:271(Attached hereto as Exhibit A) and thus his testimony should be stricken.

The Defendants arguments that Dr. Wedner's credentials are "beyond reproach" and that the Plaintiffs' have "vacuously" brought a Motion to Strike him are not sufficient to overcome what Louisiana requires of those individuals practicing medicine in state. Further, the Plaintiffs would like to note that all of their medical experts have complied with La. Rev. Stat. § 37:1271(b) (See Exhibit A) by either being licensed in Louisiana or by obtaining a special dispensation to practice medicine in Louisiana.

In their Opposition, the Defendants simply avoid addressing the application of La. Rev. Stat. § 37:1271(b) which *clearly* states that: "No person shall practice or attempt to practice medicine across state lines without first complying with the provisions of this Part and without being a holder of either an unrestricted license to practice medicine in Louisiana or a telemedicine license entitling him to practice medicine pursuant to R.S. 37:1261". This statute was designed for this exact situation and was implemented as a gatekeeper to ensure the quality of out of state doctors practicing medicine in Louisiana. If, as the Defendants posit, Dr. Wedner's credentials are "beyond reproach", it would not have been an issue for him to obtain special dispensation to practice in Louisiana. However, he failed to do so, which clearly violates Louisiana Law.

The Defendants also argue that the Plaintiffs submitted to the medical exam without objection. However, it is not the responsibility of the Plaintiffs to ensure that Dr. Wedner follows the clearly constructed rules of practicing medicine in Louisiana. The Plaintiffs had no knowledge that Dr. Wedner had not obtained a special dispensation to perform the medical exam

and had no reason to question him. The Defendants raise points on Dr. Wedner coming to Louisiana as a convenience to the Plaintiffs to spare them having to travel out of state. This argument is nonsensical because convenience to the Plaintiffs does not obviate the obligation to follow Louisiana Licensure statue. Also, any discussion of the presence of a physician licensed in Louisiana during the exam is irrelevant and should be given no weight.

Finally, the Defendants argue that Dr. Wedner's testimony is admissible under Federal Rule of Evidence 702 which provides the standard for admission of expert testimony:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise.

Tha Plaintiffs argue that even under Rule 702, Dr. Wedner's testimony should be stricken because he will be basing his opinions on a medical exam performed without a license. Further, Rule 702 applies to the qualification of *non-medical* experts who are simply analyzing data sets or fact patterns, rather than a performing a medical procedure. Simply put, the foundation of Dr. Wedner's reports and testimony cannot be based upon the unlicensed and improper practice of medicine in Louisiana and in clear violation of La. Rev. Stat. § 37:1271.

WHEREFORE, Plaintiffs Lyndon Wright and Elisha Dubuclet, individually and on behalf of her minor children Timia Dubuclet and Timothy Dubuclet Jr., pray that this Honorable Court grant their Motion to Strike the Defendant's medical expert for the reasons more clearly articulated in this Reply.

RESPECTFULLY SUBMITTED:

**FRANK J. D'AMICO, JR., APLC**

BY:<u>s/Frank J. D'Amico</u>
FRANK J. D'AMICO, JR., T.A. (#17519)
AARON Z. AHLQUIST (#29063)
**FRANK J. D'AMICO, JR., APLC**
622 Baronne Street
New Orleans, LA 70113
Telephone: (504) 525-7272
Fax: (504) 525-9522


By:   <u>/s/ Raul R. Bencomo</u>
Raul R. Bencomo (La. Bar #2932)
**Bencomo & Associates**
639 Loyola Avenue
New Orleans, Louisiana 70113
Telephone: (504) 529-2929
Facsimile: (504) 529-2018


## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

s/Frank J. D'Amico
FRANK J. D'AMICO, #17519