**LSA-R.S. 37:1271**



West's Louisiana Statutes Annotated <u>Currentness</u>
  Louisiana Revised Statutes
    Title 37. Professions and Occupations (Refs & Annos)
      ⁋ Chapter 15. Physicians, Surgeons, and Midwives (Refs & Annos)
        ⁋ Part I. Medicine, Surgery, Midwifery (Refs & Annos)
          ➡ **§ 1271. License to practice medicine or telemedicine required**

A. No person shall practice medicine as defined herein until he possesses a duly recorded license issued under this Part or a permit or registration as provided for herein.

B. (1) No person shall practice or attempt to practice medicine across state lines without first complying with the provisions of this Part and without being a holder of either an unrestricted license to practice medicine in Louisiana or a telemedicine license entitling him to practice medicine pursuant to R.S. 37:1276.1.

(2) Any person authorized by the board to practice telemedicine as defined in this Part shall ensure that a licensed health care professional who can adequately and accurately assist with any of the requirements listed in R.S. 37:1276.1(B)(2) is in the examination room with the patient at the time such patient is receiving telemedicine services. The board shall promulgate rules in accordance with the Administrative Procedure Act to establish what type of health care professional is necessary and appropriate under the circumstances.

CREDIT(S)

Acts 1975, No. 350, § 1. Amended by Acts 1985, No. 302, § 2; Acts 2001, No. 17, § 1, eff. May 17, 2001; Acts 2008, No. 850, § 1.

EFFECTIVE DATE--ACTS 2008, NO. 850

    <Section 2 of Acts 2008, No. 850 (§ 1 of which amended this section) provides:>

    <"Section 2. The provisions of this Act shall become effective upon the final adoption of the necessary rules and regulations promulgated by the Louisiana State Board of Medical Examiners.">

HISTORICAL AND STATUTORY NOTES

2009 Electronic Update

Acts 2008, No. 850, § 1, in the section heading, inserted "or telemedicine"; designated the existing text of this section as subsec. A; and added subsec. B.

2007 Main Volume

Source:

    R.S. 37:1270.

Acts 1975, No. 350, § 1 revised Part I of Chapter 15 of Title 37 of the Louisiana Revised Statutes of 1950 by amending and reenacting R.S. 37:1261 through R.S. 37:1290 and enacting R.S. 37:1291. For disposition of subject matter of the sections as they appeared prior to Acts 1975, No. 350, § 1, see Table preceding R.S. 37:1261.

The 1985 amendment, in the section heading and the text, inserted ", osteopathy,".

Acts 1999, No. 1019, authorizing the use of chelating agents and chelation therapy by physicians, provides:

"Section 1. A. Until February 1, 2001, and as further provided in Subsection C of this Section, it shall be lawful in the state of Louisiana for a licensed physician to prescribe, dispense, administer, supply, sell, give, or otherwise make available to any person, any chelating agent or chelation therapy for the treatment or prevention of any medical condition when the physician, in his professional judgment, deems it in the best interest of a patient.

"B. For the purposes of this Act, 'chelating agent' shall mean any medication which is a parenteral or oral metal-binding and bioinorganic agent. For the purposes of this Act, 'chelation therapy' means a therapy to restore cellular homeostasis through the use of a parenteral or oral chelating agent. For the purposes of this Act, 'physician' shall mean a physician licensed to practice medicine in this state under the provisions of R.S. 37:1261 et seq.

"C. In an effort to make this alternative medical therapy available to the citizens of the state in the safest and most advantageous way possible, the Louisiana State Board of Medical Examiners may choose to engage in a study of the utilization of chelation therapy. No rulemaking effort by the board on this topic shall commence until the board has completed such a study including but not limited to adequate public notice, solicitation of all interested parties, and submission of the required report, all as is provided for under the provisions of the Administrative Procedure Act. No such report shall be submitted to the legislature prior to February 1, 2001, unless there is clear and convincing scientific evidence that the actual use of chelation therapy produces harmful side effects to individuals receiving this form of therapy.

"Section 2. All proposed rules on the subject of chelation therapy previously published as a notice of intent in the Louisiana Register and any and all rules and regulations promulgated by the Department of Health and Hospitals, Board of Medical Examiners in conflict with the provisions of this Act are hereby declared null, void, and of no effect."

Acts 2001, No. 17, § 1, in the section heading, deleted ", osteopathy, or midwifery" preceding "required"; and in the text of the section, deleted ", osteopathy, or midwifery" following "medicine" and inserted "or registration".

Prior Laws:

    Acts 1914, No. 56, § 1.
    Acts 1918, No. 54, § 1.

CROSS REFERENCES

    Professional medical corporations, practice of medicine, see R.S. 12:901 et seq.

LAW REVIEW AND JOURNAL COMMENTARIES

Medical Law. N. Blanchard Carstarphen, 2 Loy.L.J. 17 (1921).


LIBRARY REFERENCES

2007 Main Volume

    Health ⚖115.
    Westlaw Topic No. 198H.

NOTES OF DECISIONS

Acts constituting unauthorized practice 5
Certificates of renewal 3
Necessity of license 2
Property right 4
Validity 1

1. Validity

This section is constitutional. Louisiana State Bd. of Medical Examiners v. Beaird, App. 2 Cir.1955, 83 So.2d 481.

2. Necessity of license

Person who was not a duly licensed practitioner could not hold himself out to public as engaged in profession of diagnosing diseases or ailments. Op.Atty.Gen.1920-22, p. 1009.

3. Certificates of renewal

Person was a duly licensed physician only when he secured certificate of renewal and complied with Acts 1918, No. 54, § 1 (see, now, this section), and inasmuch as parish health officer was supposed to be a duly licensed physician, it was proper for him to be registered and secure a certificate in conformity with this section. Op.Atty.Gen., 1920-22, p. 711.

4. Property right

The holder of a license to practice medicine has a property right which cannot be curtailed or revoked, save for causes prescribed by law on charges formally made and heard contradictorily, but an applicant for license is not entitled to a hearing before Board and has no right to demand that charges be proffered against applicant, that persons who gave derogatory information to Board be produced, or that they be subjected to cross-examination. State ex rel. McAvoy v. Louisiana State Bd. of Medical Examiners, Sup.1959, 238 La. 502, 115 So.2d 833. Health ⚖ 157; Health ⚖ 219

5. Acts constituting unauthorized practice

Fact that nurse conducted post payment review for Department of Health and Hospitals (DHH) of records of medical clinics, which provided services to Medicaid recipients, to determine if procedures ordered by the clinics were medically necessary did not render the review invalid as an unauthorized practice of medicine, though the practical effect of such a review could amount to a nurse second-guessing a doctor's treatment decisions, as there was no statutory provision or internal DHH rule specifically prohibiting post payment review by nurses, nurse's determinations on medical necessity were not completely unilateral, nurse consulted to some extent with a physician, and recoupment by DHH of alleged overpayments to medical clinics was not initiated until physician affirmed nurse's initial conclusion that there was a pattern of billing for procedures that were not medically unnecessary. Doc's Clinic, APMC v. State ex rel. Dept. of Health and Hospitals, App. 1 Cir.2007, 984 So.2d 711, 2007-0480 (La.App. 1 Cir. 11/2/07), rehearing denied, writ denied 974 So.2d 665, 2007-2302 (La. 2/15/08). Health ⚖ 487(5)

**LSA-R.S. 37:1271**, LA R.S. **37:1271**

Current through the 2008 Regular Session

Copr (c) 2009 Thomson Reuters/West.

END OF DOCUMENT