UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE:  FEMA TRAILER                                              MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                          SECTION "N-5"

                                                                                JUDGE ENGELHARDT
                                                                                MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Frank R. Airhart, et. al., vs. The United States of America
and FEMA No. 09-5477 (as further referred to as Elisha Dubuclet,
individually and on behalf of minor children,
Timia Dubuclet and Timothy Dubuclet, Jr.
vs. The United States of America and FEMA)*

-------------------------------------------------------------------------------

**FIRST SUPPLEMENTAL AND AMENDED COMPLAINT**

**NOW INTO COURT,** through undersigned counsel, comes the plaintiff Elisha Dubuclet ("Ms. Dubuclet"), individually and on behalf of minor children, Timia Dubuclet ("Timia" or "Plaintiff") and Timothy Dubuclet, Jr. ("Timothy"), (collectively hereinafter the "Dubuclets") who respectfully request that this honorable Court allow them to supplement and amend the Plaintiffs' Original Complaint (the "Original Complaint") with this the Plaintiff's First Supplemental and Amending Complaint (the "Amended Complaint"), and include, insert and add the following to the Complaint:

1.

Plaintiff hereby incorporates and adopts and generally reiterates all assertions, claims and statements raised in the Original Complaint and will reaver specific paragraphs as necessary. Plaintiff further supplements and amends as follows:

1

2.

Plaintiff, a minor represented by her mother, Elisha Dubuclet, is included among the plaintiffs enumerated in the Original Complaint.

3.

The allegations of the Original Complaint with respect to the identification of Parties as well as the allegations of the Original Complaint with respect to Jurisdiction and Venue, respectfully are reiterated and incorporated herein.

4.

The allegations of the Original Complaint dealing with general factual information also are reiterated and incorporated herein.

5.

Plaintiff was displaced from her permanent home as a result of Hurricane Katrina. Since the Dubuclets' home was rendered uninhabitable as a result of Hurricane Katrina, the Dubuclets were deemed eligible to receive emergency housing assistance from the defendant Federal Emergency Management Agency (hereinafter "FEMA").

6.

The emergency housing assistance provided to the Dubuclets was in the form of a travel trailer manufactured by Fleetwood Enterprises, Inc., Fleetwood Travel Trailers of Texas, Inc. and Fleetwood Plant No. 40 (collectively hereinafter "Fleetwood"), with Vehicle Identification Number (VIN) 4CJ1F322764015272. The Temporary Housing Unit was a Model 32 FSH, whose date of manufacture was 3/27/2006 (hereinafter the "trailer"). Upon information and belief, the dealer and procurement of the unit was by Morgan Buildings & Spas, Inc.. The unit was subsequently shipped the following day on 3/28/2006.

7.

The trailer was delivered to the Dubuclets for occupancy in New Orleans, Louisiana, at 6046 Dorothea Street, New Orleans, Louisiana 70126 on or about early June 2006.

8.

The trailer was installed at the above location, hooked to residential utilities and residential sewerage and water by Fluor Enterprises, Inc. (hereinafter "Fluor"), pursuant to a contract between Fluor and the defendant FEMA.

9.

Plaintiff began living in the trailer on or about June 2006, and stopped living in it on or about September 2007. Plaintiff resided continuously in the unit during this period of time.

10.

Plaintiff respectfully reiterates and incorporates all allegations set forth in the Original Complaint with respect to the cause of action against the defendant FEMA. In addition, and more specifically, Plaintiff avers that the defendant FEMA negligently failed to take prompt and appropriate remedial action, and/or to communicate promptly and effectively to Plaintiff, with respect to the safety and health risks and concerns related to formaldehyde exposure in the trailer, even though FEMA became aware of such risks and concerns generally, as early as the Fall/Winter of 2005. As a result, Plaintiff was negligently and unnecessarily exposed to unsafe and potentially dangerous levels of formaldehyde in the trailer, prior to the time Plaintiff became aware of the need to vacate the trailer.

11.

From the time the trailer was delivered, Ms. Dubuclet made several phone calls to FEMA regarding maintenance problems with the trailer. Ms. Dubuclet's trailer complaints to FEMA included the door to bathroom needing a new hinge, caulking in the shower needed replacement, the microwave not working, the stove needed repair, the air conditioner needed repair several times, the front door continually jammed causing the lock mechanism to fail and the bed needed a head board. Further, Ms. Dubuclet made several complaints regarding the significant mold and/or mildew in the trailer.

12.

Plaintiff respectfully amends the allegations with respect to damages in the Original Complaint, as well as the allegations in the Prayer for Relief in the Original Complaint, in order to specify that Plaintiff seeks compensatory damages herein for the following:

a.  Plaintiff's physical pain and suffering;

b.  Plaintiff's mental anguish and emotional distress, including the fear of an increased risk of future cancer or other serious disease;

c.  the past, continuing and future medical expenses of Plaintiff which have been necessitated by the injuries sustained herein, including costs for future medical treatment, services, surveillance, medical monitoring costs, and/or procedures to address physical and/or mental injuries from formaldehyde exposure which currently are manifest;

d.  Plaintiff's worsening of eczema condition;

e.  Plaintiff Timia Dubuclet's conditions including Lichen Planus, Allergic Rhinitis, Atopic Dermatitis, headaches, nosebleeds, cough, irritation of eyes and worsening of eye condition and worsening of allergies;

f.  Plaintiff's loss of consortium and services due to the harm suffered by immediate family members.

Plaintiff specifically reiterates request for trial by jury of all claims herein, to the extent permitted by law.

WHEREFORE, Plaintiff respectfully supplements and amends the Original Complaint in the foregoing respects, and otherwise reiterates and reavers all of the allegations and prayers for relief contained therein.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:  s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:     504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:     504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
ROBERT BECNEL, #14072
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
DENNIS REICH, Texas #16739600
MIKAL WATTS, Texas # 20981820

### CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on October 13, 2009.

                                              /s/Justin I. Woods
                                              JUSTIN I. WOODS