UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-2967

## ORDER AND REASONS

Before the Court is the Motion to Dismiss Without Prejudice the Claims of Raymond Bell, III (Rec. Doc. 5102). This motion is opposed to the extent that Raymond Bell, III seeks a dismissal "without prejudice." (See Attachments). After considering all the positions of the parties,

**IT IS ORDERED** that the **Motion to Dismiss Without Prejudice the Claims of Raymond Bell, III (Rec. Doc. 5102) is GRANTED IN PART AND DENIED IN PART**, such that the claims of Raymond Bell, III are hereby dismissed **WITH PREJUDICE**.

Plaintiffs' counsel should take notice that all plaintiffs who assert claims in this MDL shall be ready and willing to serve as bellwether plaintiffs in this matter, if called upon to do so, as any other plaintiff would be expected to do in an ordinary case. The claims of those plaintiffs who refuse to do so, when called upon, will be dismissed with prejudice. Such has been the case thus far in this litigation and the Court sees no reason to depart from this mode of procedure for Raymond Bell, III.

As discussed on many previous occasions, the parties have expended much time, effort,

and money into readying the case involving the Bell trailer for trial. When Mrs. Bell chose to voluntarily dismiss her claims with prejudice in lieu of fulfilling her role as the bellwether plaintiff, the Court chose her son, Mr. Bell to fulfill the role, reasoning that the same trailer could be used, which would save the parties from incurring more expenses readying a case involving a different trailer for trial. However, despite the offer from the Court to instruct the jury as to any absences/prior commitments of Mr. Bell that would prohibit him from sitting through the entire trial, he still insists on dismissing his claims in lieu of fulfilling his role as the bellwether plaintiff. Based on his decision (and that of Mrs. Bell), all the pre-trial work and discovery relating to the Bell trailer is rendered utterly useless. All of the resources spent in preparing this case for trial have been wasted. Because the parties will now have to choose another bellwether plaintiff, which will involve conducting discovery on an entirely different trailer and readying a completely different case for trial, the claims of Mr. Bell, like those of Mrs. Bell, should be dismissed *with prejudice*. Not doing so would possibly cause other bellwether plaintiffs to "jump ship" at the last minute; this is obviously a tactic that the Court does not wish to encourage.

New Orleans, Louisiana, this 14th day of October, 2009.

KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE



**RE: FEMA - Bell vs. Keystone**

Percy, James to Amanda_Ballay

10/12/2009 02:50 PM

Cc: "Gerald E. Meunier", "ANDREW WEINSTOCK", "Johnson, Ryan", "Kurtz, David", "Whitfield, Karen", "Miller, Henry (CIV)", "Dinnell, Adam (CIV)", "Greif, Michele (CIV)", "Linda Nelson", "Denise Martin", "Justin Woods"

History: This message has been forwarded.

Amanda.

I apologize for the informal communication, but Keystone believes that it is important to outline its position with regard to the Bell bellwether trial currently set in January. We have received the plainitff's motion to dismiss Mr. Bell's claims without prejudice. But, with all due respect to the plaintiff, this does not "effectively remove him as a bellwether" as represented in Justin's email below. The judge has considered this issue numerous times and has ruled the same way each time. Either Mr. Bell proceeds to trial or his claims should be dismissed with prejudice. Noticeably lacking in Mr. Bell's affidavit is any indication that he WILL NOT participate in pre-trial discovery or trial. He merely repeats the same reasons that the judge previously found insufficient to remove him from the bellwether trial schedule.

We currently await Mr. Bell's responses to our written discovery (which are due on October 15 under the court's expedited discovery order) and we have scheduled his deposition for October 16 (assuming we receive his responses to our written discovery). If he does not answer our discovery or appear and participate in the deposition, then we can move for an involuntary dismissal under Rule 41(b), for failure of the plaintiff to prosecute his action or failure to comply with a court order. If, on the other hand, Mr. Bell will now tell the court that he refuses to participate any further in the case, then his claims can be dismissed now, with prejudice. But unless and until either of those things happens, a dismissal without prejudice would be entirely premature and inappropriate, we believe, given the judge's clear instructions and prior rulings and orders. We certainly oppose the dismissal without prejudice, and will brief the matter again if necessary. In summary, the only question now is - will Mr. Bell proceed to trial as ordered, or will he not? He should so advise the court immediately. If he will participate as ordered by the court, then there is no reason to dismiss his claims.

The parties have discussed this at length, and we await the PSC advising the court whether Mr. Bell will or will not participate in the trial and pre-trial discovery.



**RE: FEMA - Bell vs. Keystone**

Kurtz, David to Amanda_Ballay

10/12/2009 01:45 PM

Cc: "Gerald E. Meunier", "ANDREW WEINSTOCK", "Percy, James", "Johnson, Ryan", "Whitfield, Karen", "Miller, Henry \(CIV\)", "Dinnell, Adam \(CIV\)", "Greif, Michele \(CIV\)", "Linda Nelson", "Denise Martin", "Justin Woods"

History: This message has been forwarded.

---

Amanda:

In light of Mr. Bell's withdrawal as the January bellwether plaintiff (whether without prejudice, as plaintiffs have requested, or with prejudice, as the defendants will insist), I write to make the Court aware of Shaw's position regarding the upcoming trial schedule. It is our view that it would literally be impossible to slide a new plaintiff into the January slot without prejudicing the ability of Shaw to prepare an adequate defense. Only 91 days remain between now and the January 11, 2010, start date (including Thanksgiving, Christmas, and New Year's Day). Naturally, since we do not know who the new plaintiff will be, no documents have been collected, the trailer has not been tested, no medical records have been requested, no experts have given reports, and so on. It would be a challenge, to say the least, to accomplish all of the various pre-trial activities in 91 days if that were our only current task in the MDL, but the plaintiffs in the *Wright v. Forest River* case just produced their expert reports, meaning that Shaw (and the government) are about to embark on an intense period of taking expert depositions and other discovery activities in that case. There really is no way for Shaw's defense counsel to juggle a complete work-up of a trial with a different (and currently unknown) trial plaintiff and trailer during the next three months while at the same time preparing for a March trial in the *Wright* case.

We also see no reason to upset the *Wright v Forest River* or the *Smith v Recreation by Design* schedules. Rather, the logical solution would be to slide the *Keystone* trial back into a currently open slot in July (or thereabouts, according to the Court's schedule). Aside from avoiding the disruption of existing pre-trial schedules, this would allow the Court and all parties to carefully select a new bellwether plaintiff for the *Keystone* trial. As you know, the contractor defendants effectively had no say in the selection of bellwether plaintiffs when they were first picked. Perhaps as a result of that, Shaw wound up being randomly allocated three of the five bellwether trials, while CH2M HILL has none. (Bechtel also has none, but it cannot effectively participate in the bellwether trial process here in New Orleans, since it did not install trailers in Louisiana.) This outcome fails to serve one of the principal goals of the bellwether process -- the selection of plaintiffs in diverse circumstances who can truly be representative of the whole mass of plaintiffs in the MDL. We submit that sliding the *Keystone* case back to July will allow the Court to pick a new bellwether and in so doing give significant weight to the question of who installed the particular trailer being proposed.

I know that Judge Engelhardt has urged the parties to approach issues without unnecessary formality, and for that reason (and because of the need for a speedy resolution of this issue), I have simply outlined Shaw's issues and concerns in this email. Should the Court wish to take up these issues on the basis of my email (and any responses from other parties), we of course would be happy to participate in a telephone status conference at the Court's convenience. If, on the other hand, the Court prefers that we approach these issues through motion practice, we will file a motion to select a new bellwether plaintiff right away.

We look forward to hearing from the Court in this regard.

Dave