# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER )<br>FORMALDEHYDE PRODUCTS )<br>LIABILITY LITIGATION )<br> )<br>This applies to *Aldridge* )<br>No. 07-9228 (E.D. La.) ) | MDL NO. 1873<br><br>SECTION "N" (5)<br><br>JUDGE ENGELHARDT<br><br>MAGISTRATE CHASEZ |

### KEYSTONE'S MEMORANDUM IN SUPPORT OF ITS MOTION TO NAME VALENA BYRD AS REPLACEMENT BELLWETHER PLAINTIFF

Defendant Keystone RV Company ("Keystone") submits this memorandum in support of its Motion to Name Valena Byrd as Replacement Bellwether Plaintiff. The purpose of the motion is to name Ms. Byrd as the replacement bellwether plaintiff for the January 11, 2010 trial, now that the Court has dismissed the claims of Raymond Bell, III.[1]

### FACTUAL AND PROCEDURAL BACKGROUND.

The Court is very familiar with the bellwether selection process for the January 11, 2010 trial slot. The Court originally named Diana Bell as the

---

[1] It is unclear in which suit Ms. Byrd is named as plaintiff. "Valenia C. Byrd" is named as a plaintiff in the *Aldridge* suit, No. 07-9228 filed by Frank D'Amico. "Valena C. Byrd" is named as a plaintiff in the *Airhart* suit, No. 09-5477, a suit also filed by Mr. D'Amico. The U.S. is the only defendant in the *Airhart* suit.

{B0618525.1}                                     1

bellwether plaintiff for that trial date.[2] Citing personal and financial reasons, Ms. Bell dismissed her claims, with prejudice, on September 23, 2009.[3]

After Mrs. Bell dismissed her claims, the Court named Raymond Bell, III (Diana Bell's son) as the replacement bellwether plaintiff. The Court selected him because the Bells lived in the same trailer, and because the parties had already spent time and money preparing for trial on the Bell trailer. In its order replacing Ms. Bell, the Court reminded the parties that it would maintain the January 11, 2010 trial date.[4]

Faced with the prospect of having to take his claims to trial, Mr. Bell moved the Court to dismiss his claims with<u>out</u> prejudice.[5] On October 14, 2009, the Court granted Mr. Bell's motion in part, but dismissing Mr. Bell's claims with prejudice.[6] In its ruling, the Court observed that the process of withdrawing and substituting a new bellwether, only to have claims dismissed at the eleventh hour, had caused the parties to waste time and money. The Court concluded that "all the pre-trial work and discovery related to the Bell trailer is rendered utterly useless. All of the resources spent in preparing this case for trial have been wasted."[7]

---

[2] The Court issued a scheduling order for Mrs. Bell's trial on April 8, 2009. *See* Rec. Doc. No. 1308.

[3] Rec. Doc. No. 3688.

[4] Rec. Doc. No. 4370.

[5] Rec. Doc. No. 5102.

[6] Rec. Doc. No. 5471.

[7] Rec. Doc. No. 5471, p. 2 (October 14, 2009 order).

It is against this backdrop that Keystone files the instant motion.

## ARGUMENT

**1.   The Court should select Valena Byrd because the parties are familiar with her as a bellwether candidate.**

On a number of occasions, the Court has reminded the parties that it intends to keep the January 11, 2010 trial date for the Keystone/Shaw trial. The Court confirmed its intentions in the October 1, 2009 order in which it named Raymond Bell, III as the substitute bellwether candidate, noting that the trial date would remain the same for his claims.[8]

If the Court maintains the current trial date, it should name Valena Byrd as the plaintiff because the parties are already familiar with her as a possible bellwether candidate. The Court will recall that (a) plaintiffs originally nominated Ms. Byrd as a bellwether candidate; (b) the Court and parties extensively reviewed Ms. Byrd's qualifications as a bellwether; and (c) plaintiffs recently moved to substitute Ms. Byrd after Diana Bell dismissed her claims. Thus, Ms. Byrd is a logical choice as a replacement candidate.[9]

---

[8] Rec. Doc. No. 4370.

[9] Keystone has previously noted that Ms. Byrd sued Keystone Industries, Inc., a defunct Indiana corporation with no ties to Keystone RV Company, the entity that is likely the proper defendant to Ms. Byrd's claims. This mistake in pleading could be cured through a simple amendment.

**2.   While it may be difficult to prepare the case for the January 11, 2010 trial date, Keystone will work diligently to do so.**

Keystone acknowledges that plaintiffs and the other defendant, Shaw Environmental, Inc. ("Shaw") have raised concerns about whether the parties can adequately prepare this matter for a January 11, 2010 trial date.  The parties will likely oppose this motion.

Keystone recognizes the difficulties in the process, particularly because the identity of the replacement bellwether candidate is not presently known.  Keystone also recognizes, however, the Court's desire to move the bellwether cases forward for trial and the Court's stated intentions to maintain the January 11, 2010 trial date.[10]

All parties will face a heavy burden to prepare for the existing trial date.  Shaw certainly faces unique circumstances in its preparation.  Shaw was joined as a party *after* the parties narrowed the bellwether selection pool to Diana Bell, Raymond Bell, III and Valena Byrd and *after* the Court selected Diana Bell as the initial bellwether plaintiff.   In addition, Shaw, if required to go to trial in January, 2010, would be faced with the prospect of defending three cases in a row (e.g., the January, March and May bellwether trials).  Keystone understands these issues.

Keystone believes that if the parties work diligently, this matter may be ready for trial in January for several reasons:

---

[10] In a September 28, 2009 email to the parties, the Court indicated that if Raymond Bell, III dismissed his claims, the Court "would proceed with Valena Byrd as the bellwether plaintiff in the January 2010 Keystone trial."

- As the Court is aware, the air quality testing process is time consuming and expensive for the parties. Unlike other units, the travel trailer lived in by Ms. Byrd has already been tested by the plaintiff and by the federal Centers for Disease Control, so that additional testing would not be necessary. Keystone does not, at this time, intend to perform air quality tests on the unit.[11]

- Ms. Byrd did not live in her trailer with a number of other family members who might be potential deponents, and, consequently, the discovery process will be streamlined for Ms. Byrd's claims.

- According to Ms. Byrd's plaintiff fact sheet, she is not making claims for emotional distress. Had they been asserted, these claims might have complicated the case somewhat, and lengthened the trial preparation process.

- The parties have been aware of Ms. Byrd and her claims since early in 2009, such that they have (or should have been able to) gather medical records and employment records for Ms. Byrd.

- Keystone anticipates that some expert witnesses used in other trials may be used for Ms. Byrd's claims, reducing the "learning curve" for the parties, and focusing those issues for which expert testimony may be required.

---

[11] Keystone reserves the right, however, to test the unit for formaldehyde in the event the plaintiff obtains permission to retest her unit and/or the January 2010 trial date is postponed.

Keystone also notes that even if the parties ultimately seek a continuance of the January 2010 date, a diligent effort between now and then will assist the parties in preparing for trial at a future date to be selected by the Court. Thus, Keystone believes that the parties should make their best attempts to prepare for trial in January 2010 or a date selected by the Court.

3. **If the Court does not maintain the current trial date, it should pick Ms. Byrd as a replacement bellwether plaintiff and set a trial date in the Spring or Summer of 2010.**

For all the reasons explained above, Keystone believes that the parties can and should work toward preparing this case for trial as promptly as possible. If the Court determines that the parties cannot adequately prepare for trial in January, 2010, it should consider setting the trial of Ms. Byrd's claims for a date in April, June or July of 2010. Regardless of which trial date the Court selects, Keystone requests that the Court select a date certain and enter an appropriate scheduling order. This will allow the parties to move the case forward, without unnecessary delay.

4. **If the Court reopens the bellwether selection process, it should give the parties a sufficient time period to evaluate and propose new candidates.**

Keystone does not, at this time, request reopening the bellwether selection process.[12] However, if the Court is inclined to do so, Keystone requests that the Court give all parties sufficient time to evaluate the potential candidates, research them, and present their suggestions to the Court. In addition, Keystone requests

that the Court require plaintiffs to identify their proposed candidates (who meet the Court's criteria) well in advance of the defendants' deadline for doing so.[13] Otherwise, the defendants would be unfairly prejudiced and be forced to select a candidate without a meaningful opportunity to participate in the selection process.

## CONCLUSION

For the reasons explained in this memorandum, Keystone requests that the Court name Valena Byrd as replacement bellwether plaintiff for the Keystone/Shaw trial and that it maintain the January 11, 2010 trial date.  If the Court resets the trial date, Keystone requests that it do so either in the Spring or Summer of 2010.  Alternatively, if the Court reopens the bellwether selection process, it requests that the Court give the parties sufficient time to propose adequate and representative bellwether plaintiffs.

Respectfully submitted,

*s/Ryan E. Johnson*

_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA  70809

---

[12] As noted, Keystone is mindful that Shaw had no participation in the initial bellwether selection process.

[13] If the Court reopens the bellwether process, plaintiffs will be permitted to cherry pick candidates from their existing pool, candidates they have presumably known about for months, if not years.  At a minimum, Keystone suggests that the schedule should be such that defendant have enough time to evaluate the plaintiffs' list before having to submit their own.

{B0618525.1}                              7

>Telephone: (225) 248-2080
>Facsimile:  (225) 248-3080
>
>-and-
>
>Madeleine Fischer (La. Bar No. 5575)
>Nan Roberts Eitel (La. Bar No. 19910)
>Jones, Walker, Waechter, Poitevent,
>Carrère & Denègre, L.L.P.
>201 St. Charles Avenue, 49th floor
>New Orleans, LA   70170
>Telephone:  (504) 582-8000
>Facsimile:  (504) 589-8208
>
>**Counsel for Keystone RV Company**

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of October, 2009, a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system.  Notice of this filing will be sent to all known counsel by operation of the court's electronic filing system.  I also certify that I have mailed a copy of this filing to any non-CM/ECF participants by U.S. Mail, postage prepaid and properly addressed.

>*s/Ryan E. Johnson*
>_____
>Ryan E. Johnson