UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * | MDL NO. 1873<br><br>SECTION: N(5) |
| This Document Relates to: *Lyndon T. Wright. v. Forest River, Inc., et al*, Docket No. 09-2977 | * * * | JUDGE: ENGELHARDT<br><br>MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## FOREST RIVER, INC'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S DESIGNATION OF KENNETH R. LAUGHERY, PH.D.

**MAY IT PLEASE THE COURT:**

Defendant Forest River, Inc. ("Forest River") respectfully submits this reply memorandum in support of its Motion *in limine* to strike the testimony of Dr. Kenneth Laughery.

### ARGUMENT

On October 6, 2009, this Court issued its Order and Reasons on Fleetwood's Motion to Strike Plaintiffs' Designation of Dr. Kenneth Laughery. [Rec. Doc. 4845]. That Order set forth clear parameters and restrictions as to the scope of Dr. Laughery's testimony in the Fleetwood bellwether. Although the Court allowed Dr. Laughery to discuss the need for a formaldehyde warning, it excluded the remainder of his opinions regarding the inadequacy of such warnings, as those matters were within the common knowledge of the jury. [Rec. Doc. 4845].

1

Forest River respectfully submits that, while the Order is well reasoned, its logic compels the Court to go one step further and exclude Dr. Laughery's testimony in its entirety. The overarching concern in both of the Court's prior Orders on Laux and Laughery is the same: the invasion of expert testimony into the province of the jury. In the Order and Reasons excluding the testimony of Dr. Lila Laux in the Gulf Stream bellwether trial [Rec. Doc. 2181], this Court stated:

> Fact issues are not beyond the common understanding of the average juror, thus, the jury can handle such issues without expert help. . . . To be clear, the Court notes that no party will be permitted to introduce a human factors expert; no expert will be allowed to directly instruct the jury how it should dispose of a factual issue in this case.

[Rec. Doc. 2181, p. 6.].[1]

Although the Court has acknowledged that the *adequacy* of the warning is a fact issue that should be excluded from the scope of expert testimony, Forest River submits that the *need* for a warning is also a question of fact. Plaintiffs have not – and cannot – point to a specific state or federal regulation governing the existence or content of formaldehyde warnings in travel trailers in effect at the time of manufacture of this unit in 2005.[2] Thus, as a matter of law, no warning was necessary. On the other hand, the question of whether such a warning was "needed" is one of fact for the jury to decide and involves no more or less of a "common sense

---

[1] That same sentiment was echoed in the Order and Reasons in the Fleetwood case:

> The jury is perfectly capable of determining, based upon all the evidence and the LPLA instructions the Court will give it before deliberation, whether a particular warning is adequate. Allowing Dr. Laughery to testify as to this would be allowing him to "invade the province of the jury." Moreover, it is this Court's conclusion that the issue of the adequacy of a particular warning involves a common sense assessment "within the realm of the average juror's knowledge and experience." See *Peters v. Five Star Marine Serv.*, 898 F.2d 448, 450 (5th Cir. 1990).

[Rec. Doc. 4845].

[2] Forest River questions Dr. Laughery's familiarity with applicable laws governing formaldehyde warnings. He states that, "pursuant to federal law," a specific health notice regarding formaldehyde is to be displayed in the trailer. Laughery Report, p. 5-6. Although he fails to identify the specific law to which he refers, he is likely quoting HUD regulations which apply to manufactured homes, not travel trailers. Indeed, it appears that Dr. Laughery simply lifted this portion of "federal law" from Paragraph 22 of Plaintiff's Original Complaint.

assessment" than the question of whether that warning was "adequate." Accordingly, because both the need for and adequacy of formaldehyde warnings are questions of fact for the jury, Dr. Laughery's testimony should be excluded in its entirety.

Regardless of the "need" versus "adequacy" distinction, plaintiff's Opposition to Forest River's Motion to Strike still asserts that the adequacy of such a warning is an appropriate area for expert testimony. Plaintiff argues that, "Kenneth Laughery, Ph. D. will not instruct the jury as to issues of fact, but rather will provide expert opinions of the need for a warning **and the inadequacy of any Forest River warnings which are not immediately apparent**, based on technical interpretations of the fact pattern present in the Lyndon Wright case." [Rec. Doc. 5259, p. 2] (emphasis added). Indeed, plaintiff goes even further by noting, "The need for warnings and the adequacy (or lack thereof) of any such warnings are key components of the instant case and not necessarily in the common knowledge of the jury." *Id.*

Plaintiff has clearly not grasped the import of the Court's prior rulings on this issue, as he continues to argue that the adequacy of the warning is an appropriate topic upon which Dr. Laughery can opine. These assertions underscore the need to exclude Dr. Laughery's testimony in its entirety, as there is a significant risk that plaintiff will attempt to introduce testimony regarding the adequacy of the warning.[3] At a minimum, however, Dr. Laughery's testimony on the adequacy of any formaldehyde warnings should be excluded in the same manner as it was in the Fleetwood bellwether.[4]

---

[3] If Dr. Laughery is limited to discussing only the need for a warning, his testimony would be so restricted that it would provide little, if any, probative value to the jury. Accordingly, he should be excluded from testifying entirely.
[4] Forest River specifically refers to Opinion #2 of Dr. Laughery's October 1, 2009 report, located on page 7.

3

## CONCLUSION

**WHEREFORE,** considering the foregoing, Forest River respectfully requests that this Honorable Court issue an Order striking Dr. Laughery from plaintiff's Designation of Expert Witnesses and precluding his testimony at the trial of this matter.

Respectfully submitted,

/s/ Jason D. Bone
ERNEST P. GIEGER, JR. (La. State Bar No. 6154)
JASON D. BONE (La. State Bar No.28315)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
*ATTORNEYS FOR FOREST RIVER, INC.*

## **CERTIFICATE**

I hereby certify that on the 19th day of October, 2009, a copy of the foregoing Memorandum in Support was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

/s/ Jason D. Bone
JASON D. BONE