UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N(5)<br><br>JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO:<br>*Diana Bell, et al. v. Keystone RV<br>Company, et al.,* No. 09-2967 | MAGISTRATE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**SHAW ENVIRONMENTAL, INC.'S MEMORANDUM IN OPPOSITION
TO KEYSTONE RV COMPANY'S MOTION TO NAME
VALENA BYRD AS REPLACEMENT BELLWETHER PLAINTIFF**

**NOW INTO COURT**, through undersigned counsel, comes defendant, Shaw Environmental, Inc. ("Shaw"), who respectfully submits this memorandum in opposition to Keystone RV Company's ("Keystone") Motion to Name Valena Byrd as Replacement Bellwether Plaintiff for the January 11, 2010 trial.  (Rec. Doc. No. 5537).

**FACTUAL AND PROCEDURAL BACKGROUND**

The Court is very familiar with the bellwether selection process in connection with this matter.  Pursuant to Pre-Trial Order No. 34 (Rec. Doc. No. 1299), Diana Bell was selected as a bellwether plaintiff on April 6, 2009, for a trial scheduled to commence on January 11, 2010.

Five months later, on September 17, 2009, Ms. Bell moved to withdraw as a bellwether plaintiff based on certain alleged financial-related issues. On September 23, 2009, Ms. Bell dismissed her claims with prejudice. (Rec. Doc. No. 3688). Based principally on the fact that keeping the trailer already at issue would be less disruptive, the Court selected her son, Raymond Bell, III, to serve as the substitute bellwether plaintiff. (Rec. Doc. No. 4111). Shortly thereafter, Mr. Bell moved, without good cause, to withdraw as a bellwether plaintiff and dismiss his claims without prejudice. (Rec. Doc. No. 5102). On October 14, 2009, the Court granted Mr. Bell's motion in part, but dismissed Mr. Bell's claims with prejudice. (Rec. Doc. No. 5471).

## ARGUMENT

Shaw understands the Court's desire to have a January 2010 trial and its basis for establishing an expedited schedule for pretrial proceedings. While Shaw has made every effort to prepare its case within the short time provided, the recent withdrawal of Ms. Bell, and subsequently Mr. Bell, as bellwether plaintiffs has now left Shaw with insufficient time to prepare for trial on January 11, 2010, with a wholly new plaintiff and trailer.

Only 82 days, including Thanksgiving, Christmas and New Year's Day, remain between now and January 11, 2010. Because a new plaintiff has yet to be selected, the parties have conducted no meaningful discovery. Specifically, documents have not been collected, medical records have not been requested, the trailer has not been tested (at least not by Shaw), and experts have not begun any work evaluating a plaintiff or a trailer. There simply is not enough time to assemble evidence for expert analysis, submit expert reports, conduct depositions, file dispositive motions, and prepare for a January 11, 2010 trial with an entirely new bellwether plaintiff – Valena Byrd or otherwise.

It would be challenging at best to accomplish all required pretrial activities in 82 days even if that were Shaw's only bellwether trial in this MDL. As the schedule currently stands, however, Shaw (unlike Keystone) is also a defendant in the March and May 2010 trials. Plaintiffs recently produced fifteen expert reports in the *Wright v. Forest River* (March) bellwether case, and the parties have just begun an intense period of expert depositions and other discovery activities in that case. Among numerous other pretrial deadlines, Shaw's expert reports are due in the *Wright* case on November 2, 2009, and Shaw's deadline to complete testing of the trailer at issue in the *Carrie Smith* (May) bellwether case is during the proposed January 11, 2010 trial. In the next three months, it is simply unworkable for Shaw to juggle a complete work-up of a trial with a different (and currently unknown) plaintiff and trailer, while simultaneously preparing for the March and May bellwether trials. Proceeding with a January 11, 2010 trial with a new plaintiff at this late date will seriously prejudice Shaw's ability to prepare an adequate defense.

Moreover, Keystone's motion presupposes that a January 2010 trial currently exists. Obviously, there was a scheduling order entered with respect to Diana Bell that set a trial date of January 11, 2010, as well as a number of pre-trial deadlines (many of which have now passed). When Ms. Bell, and, later, her son, elected to dismiss their claims, the case in which their claims had been brought ended. When the case ended, the scheduling order had no further effect, just as when any other case is dismissed before trial for any reason, the scheduling order has no further effect. What Keystone is really asking the Court to do is not to slip another plaintiff into a trial date that currently exists, but to take some other case from within the MDL and enter a new

scheduling order in that case that would set, for the first time (in that case) a trial date less than 90 days out.

Shaw, of course, is cognizant that the Court and all parties have considered January 11, 2010, to be a trial "slot" for the Keystone bellwether. Shaw, like Keystone, was prepared to comply with the Bell scheduling order in order to achieve that trial slot — even as late as last month, when Shaw agreed to the substitution of Raymond Bell, III, as the new bellwether plaintiff. Shaw both understands and agrees with the Court's desire to conduct bellwether trials expediently, and according to a pre-determined schedule. Indeed, the reason why the parties and the Court find themselves in this position cannot be ascribed to Shaw. But the plaintiffs' decision to twice dismiss the claims of the January bellwether plaintiffs leaves Shaw in an untenable position if the Court were to treat the January trial slot as if it existed in a vacuum, simply waiting for a plaintiff to be slid in at any time. Rather, Shaw submits that the observation that scheduling orders do not exist in the absence of a case is not merely academic, and that, to the contrary, this observation emphasizes the burdensome nature of what Keystone now proposes. Shaw objects to this procedure.

Rather, Shaw submits that the Court should schedule a new Keystone bellwether trial during July 2010, and reopen the bellwether selection process now. Aside from avoiding the disruption of the *Wright v. Forest River* and *Smith v. Recreation by Design* trial schedules, a July 2010 trial would allow the Court and all parties adequate time to engage in a new bellwether selection process. As the Court is aware, the contractor defendants were not given a meaningful opportunity to participate in the selection of bellwether candidates for any of the currently scheduled trials. The fact that Shaw had no input in the plaintiff selection process could possibly

explain why it wound up being a defendant in three of the five bellwether trials, while CH2M HILL Constructors, Inc. is in none.[1] This outcome fails to serve one of the principal goals of the bellwether process – the selection of plaintiffs in diverse circumstances who can be truly representative of the mass of plaintiffs in the MDL.  If the Keystone bellwether trial is reset for July 2010, Shaw respectfully submits that the bellwether selection process be reopened so that all parties can participate in selecting a new bellwether plaintiff and, in so doing, give significant weight to the question of which contractor defendant installed the particular trailer being proposed.

**WHEREFORE,** for the foregoing reasons, Shaw urges the Court to deny Keystone RV Company's Motion to Name Valena Byrd as a Replacement Bellwether Plaintiff.  Further, Shaw requests that the Court reschedule the Keystone bellwether trial to July 2010 and reopen the bellwether selection process so that all parties are given a sufficient period of time to evaluate and propose new candidates.

---

[1] The remaining contractor defendant, Bechtel National, Inc., also has not been assigned a bellwether trial, but it cannot effectively participate in the bellwether trial process in this Court, because it did not install trailers in Louisiana.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**


      s/M. David Kurtz
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR DEFENDANT,
SHAW ENVIRONMENTAL, INC.**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 21st day of October, 2009, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel.

      s/M. David Kurtz
      M. DAVID KURTZ