UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER　　　　* | | MDL NO. 1873 |
| 　　　　FORMALDEHYDE　　　　* | | |
| 　　　　PRODUCTS LIABILITY　* | | |
| 　　　　LITIGATION　　　　　 * | | SECTION: N(5) |
| 　　　　　　　　　　　　　　 * | | |
| This Document Relates to:　　 * | | JUDGE: ENGELHARDT |
| *Dubuclet v. Fleetwood Enterprises, Inc., et al.* * | | |
| Case No. 07-9228　　　　　　　* | | MAG: CHASEZ |

*****************************************************************************

### FLEETWOOD ENTERPRISES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FOURTH SUPPLEMENTAL AND AMENDING COMPLAINT

**May It Please The Court:**

Through undersigned counsel, comes Defendant Fleetwood Enterprises, Inc. ("Fleetwood") who respectfully submits this memorandum in opposition to Plaintiff's Motion for Leave to File Fourth Supplemental and Amending Complaint ("Plaintiff's Motion for Leave") (Rec. Doc. 5394), and in support thereof would demonstrate unto the Court as follows:

### I. INTRODUCTION

Plaintiff Elisha Dubuclet, on behalf of her minor daughter, Timia Dubuclet ("Plaintiff") on October 13, 2009, filed her motion for leave to yet again amend her Complaint, almost two years from the filing of her Original Complaint on November 30, 2007. More alarmingly, her motion was filed when there is little more than two weeks remaining before the close of discovery on October 30, 2009[1] and less than two months before trial of this case which is

---

[1] Currently pending before this Court is a joint motion for extension of the discovery period through November 6, 2009 for the very limited purpose of taking only those very few depositions that could not be scheduled by the October 30, 2009 deadline.

scheduled to commence on December 7, 2009. In her proposed Fourth Supplemental and Amended Complaint (Rec. Doc. 5394-3), among other proposed additions, Plaintiff seeks to allege additional facts surrounding Fleetwood's duty to warn (*Id.* at ¶ 10) and additional damages allegations including fear of cancer "or other serious disease", a host of past, continuing and future medical expenses -- including future medical treatment and medical monitoring -- and loss of consortium and services (*Id.* at ¶ 12).

As will be explained more fully below, Plaintiff's Motion for Leave fails for three reasons: (1) the motion is not timely; (2) Plaintiff fails to show good cause for such leave, and (3) Fleetwood would be unfairly prejudiced by a grant of such leave.

## II.     LAW AND ARGUMENT

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." *Id*. Although there is a bias in favor of granting leave to amend, a trial court may, in its discretion, "consider such factors as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Southwest Intelecom, Inc. v. Compass Bank*, 253 Fed. Appx. 372, 375-76 (5th Cir. 2007) (quoting *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (internal citations omitted). Further, when, as here, motions to amend are particularly late, the movant "must meet the burden of showing that the delay was due to oversight, inadvertence, or excusable neglect, a burden which properly shifts to the party seeking to amend where apparent lack of diligence exists." *Id*. (internal quotations omitted). Plaintiff's motion, just two weeks

before the close of discovery, is so late as to justify the imposition of this burden, a burden which she has not met.

As part of her meager effort to show good cause for leave to amend, Plaintiff merely asserts that "supplemental and amended pleadings have been allowed in the Forest River trial as well as the Gulfstream and Keystone trials." This assertion truly has no bearing. The Forest River and Keystone trials will take place *after* the Fleetwood bellwether and those motions therefore could not possibly have been faced with the same time constraints. In addition, the final amendment of the *Alexander* Complaint in the Gulf Stream bellwether trial was filed on June 5, 2009 (Rec. Doc. 1686) -- more than three months before the *Alexander* trial and well within the *Alexander* discovery period that had been established by this Court. Moreover, Plaintiff *has* been allowed to amend her Complaint in this case -- on three separate occasions.

Plaintiff also states evasively that "further development of the case and discovery of new information after extensive interview with Timia that was not previously known is critical to Timia's case and to providing a complete account of her allegations." Plaintiff's Motion for Leave, p. 2. What Plaintiff fails to show is *what* development of the case transpired or *what* new information was gathered that requires or justifies a fourth amended complaint so near the close of discovery. Furthermore, Plaintiff's counsel has had the ability to interview its client since the inception of this case. Fleetwood fails to understand how information garnered from an interview with Plaintiff's counsel's own minor client would ever serve to allow such a late amendment.

And finally, Fleetwood would be unduly prejudiced by Plaintiff's proposed fourth amended complaint. With only two weeks remaining in discovery, there is simply not sufficient

time for Fleetwood to explore Plaintiff's newly alleged damages, including medical monitoring, fear of cancer (or "other serious disease"), and loss of consortium. Indeed, Fifth Circuit courts have denied motions for leave to amend filed much sooner in the life of a case. For example, in *Southmark Corp. v. Schulte Roth & Zabel*, the plaintiff argued that its delay in filing a motion for leave to amend its complaint was not undue where no trial date had even been set, the only party who had commenced discovery was the plaintiff itself, and the defendant had only filed its answer two months earlier. 88 F.3d 311, 315 (5th Cir. 1996). The Fifth Circuit was "unpersuaded by [the plaintiff's] arguments" and denied its motion for leave to amend. *Id.*

In this instance, where exhaustive discovery has already been completed, trial is set in less than two months, and Plaintiff's original complaint was filed nearly two years ago, Fleetwood respectfully posits that this Court should likewise be unpersuaded by Plaintiff's hollow recitation of need to amend her Complaint and deny her motion.

### III.   CONCLUSION

**WHEREFORE,** considering the foregoing, defendant Fleetwood Enterprises, Inc. is entitled to and respectfully requests that this Honorable Court enter an order denying Plaintiff's Motion for Leave to File Fourth Supplemental and Amending Complaint.

This 22nd day of October, 2009.

Respectfully submitted:

 */s/ Richard K. Hines, V*
Richard K. Hines, V
GA Bar No. 356300
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA  30363

(404) 322-6000 (phone)
(404) 322-6050 (fax)

Jerry L. Saporito
LA Bar No. 11717
LEAKE & ANDERSSON, L.L.P.
1700 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-1701
(504) 585-7500 (phone)
(504) 585- 7775 (fax)

Counsel for Fleetwood Enterprises, Inc.

## **C E R T I F I C A T E OF SERVICE**

I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )   Hand Delivery                    ( )   Prepaid U.S. Mail

( )   Facsimile                        ( )   Federal Express

(X)   CM/ECF

New Orleans, Louisiana, this 22nd day of October, 2009.

                                                    */s/ Richard K. Hines, V*
                                                  Richard K. Hines, V
                                                  Georgia Bar No. 356300
                                                  richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)