**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE PRODUCTS | * | |
| | LIABILITY LITIGATION | * | SECTION "N" (5) |
| | | * | |
| **THIS DOCUMENT IS RELATED TO** | | * | **JUDGE ENGELHARDT** |
| *Charlie Age, et al v. Gulf Stream Coach* | | * | **MAGISTRATE CHASEZ** |
| *Inc., et al*, Docket No. 09-2892; | | * | |
| Alana Alexander, individually and on behalf | | * | |
| of Christopher Cooper | | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION
FOR RELIEF FROM JUDGMENT**

**MAY IT PLEASE THE COURT:**

Pursuant to the provisions of Rule 60 of the Federal Rules of Civil Procedure (FRCP), plaintiff Alana Alexander, on behalf of her minor son Christopher Cooper, respectfully moves for a new trial and/or for relief from judgment as to the dismissal of all claims against defendant United States of America ("United States") under the Federal Tort Claims Act ("FTCA"). The instant motion is necessary and appropriate in response to this Honorable Court's Judgment under FRCP 54(b) rendered on October 14, 2009 (Rec. Doc. 5440).

**I. Background**

Alana Alexander, on July 10, 2008, submitted an administrative claim against the United States on behalf of her son, Christopher Cooper. The FTCA provides that "a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. §2401(b). Additionally, "the limitations period is not tolled during the minority of the putative plaintiff; rather 'his parent's knowledge of the injuries is imputed to him.'" *MacMillan v. United States*, 46 F.3d 377,

381 (5th Cir. 1995)(citing *Zavala v. United States*, 876 F.2d 780, 782 (9th Cir. 1989)). Therefore, the Court should consider Alana Alexander's knowledge, reasonableness, and diligence in response to Christopher Cooper's injuries to determine the date on which Christopher Cooper's FTCA claim accrued. Plaintiff respectfully asserts that Alana Alexander properly filed the required administrative claim within two years of the accrual of this claim.

## II. Grounds for Post-Judgment Relief

FRCP 60(b)(6) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for a number of reasons, including "any other reason that justifies relief."[1]  Federal courts repeatedly have held that "errors of law are cognizable under Rule 60(b)."[2]  Accordingly, since the wrongful dismissal of Christopher Cooper's claims against the United States constitutes legal error, plaintiff is entitled to Relief from Judgment pursuant to FRCP 60(b)(6).

## III. Alana Alexander Did Not Have Sufficient Information to Start Accrual until December 2007

Plaintiffs agree that generally, a tort action under the FTCA accrues at the time of a plaintiff's injury. *United States v. Kubrick*, 444 U.S. 111, 120 (1979). However, federal courts have not hesitated to impose a less stringent standard – the "discovery rule" of accrual – in instances of medical malpractice, latent injuries, or toxic exposure. *See e.g., Johnson v. United States*, 460 F.3d 616, 622 (5th Cir. 2006); *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983); *Stoleson v. United States*, 629 F.2d 1265 (7th Cir. 1980). Under this rule, time begins

---

[1] Fed. R. Civ. P. 60(b)(6).
[2] *In Re International Fibercom, Inc.*, 503 F.3d. 933, 940 (C.A.9 Ariz. 2007) (citing *Liberty Mutual Ins. Co. v. EEOC*, 691 F.2d 438, 441 [9th Cir. 1982].

to run for accrual purposes when a plaintiff has acquired the information needed to discover both the injury suffered and its cause. *See U.S. v. Kubrick*, 444 U.S. 111, 120, 100 S.Ct. 352 (1979).

The purpose of the discovery rule is to ensure that where a plaintiff's injury or its cause may not be initially manifested to the plaintiff, the tort action should not accrue for statute of limitations purposes until the plaintiff is put on notice of the wrong. *See Waits v. United States*, 611 F.2d 550, 552 (5th Cir. 1980). In such cases, the limitations period begins to run then when the plaintiff has knowledge of facts that would lead to a reasonable person (a) to conclude that there was a causal connection between the negligence and injury, or (b) to seek and obtain professional advice upon which it may be concluded that there was a connection, between the cause and the injury. *See Johnson v. U.S.,* 460 F.3d 616, 621 (5th Cir. 2006)

Here, Alana Alexander did not possess any knowledge of facts pertaining to Christopher's injuries - exacerbation of asthma or his fear of cancer - until July 2006 and December 2007, respectively. Further, Ms. Alexander did not have sufficient knowledge of the potential cause of those injuries – formaldehyde exposure - until December 2007, when she moved out of the trailer. It is respectfully submitted that the dismissal of Christopher Cooper's FTCA claims against the United States, therefore, was legal error, and the plaintiff requests this Honorable Court grant the relief requested herein, because Ms. Alexander's filing of the administrative claim for her son in July 2008 occurred within two years of her discovery of his FTCA cause of action.

In the wake of Hurricane Katrina, Alana Alexander and Christopher Cooper were displaced from their home, and did not return to New Orleans until May 2006. Soon thereafter they moved into a FEMA trailer, and, on doing so, Ms. Alexander noticed a "chemical smell" in the unit. She also experienced eye and throat irritations and nasal burning sensations at that time.

*See* Deposition of Alana Alexander, 6/29/2009, attached in its entirety as Exhibit A, p. 167. However, Alana Alexander did not associate – and had no reason to associate – such physical sensation with formaldehyde emissions present in the temporary residence. In fact, Ms. Alexander did not even know about formaldehyde or potential health risks at that time, having been assured by a representative of either the United States or one of its contractors that the "chemical smell" was "nothing to worry about." *See* Declaration of Alana Alexander, Pl. Exh. A attached to Response to Motion for Partial Summary Judgment, Rec. Doc. 2493-2 at ¶4. The defendant, its representative, or a representative of one of its contractors therefore *prevented* Alana Alexander from learning about the *cause* of her son's injuries.[3]

The Fifth Circuit held in *MacMillan v. United States* that the key inquiry under the discovery rule of injury accrual is whether – and when – the plaintiff knew, or in the exercise of reasonable diligence should have discovered, *the cause* of the plaintiff's injuries. 46 F.3d 377, 381 (5th Cir. 1995). Ms. Alexander testified repeatedly in her deposition about the first time she discovered that formaldehyde emissions in the travel trailers could lead to respiratory and asthma problems. *See* Exhibit A, p. 115; 191; 291-292; 312. It is clear from this testimony that the first

---

[3] Though plaintiff acknowledges that Christopher Cooper's claims against the United States are governed by the statute of limitations provided by the FTCA, plaintiff nonetheless considers the importance of the Louisiana doctrine of *contra non valentem agere non currit praescriptio*, typically referred to simply as *contra non valentem.* Under the judicially-created doctrine, prescription does not run against a party who is unable to act. *Corsey v. State, Department of Corrections*, 375 So.2d 1319, 1321-22 (La.1979). One category of the doctrine holds that prescription cannot run "where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action." *Id.* In such instances, the defendant is equitably estopped from asserting a prescription defense because the defendant induced the plaintiff not to file suit within the limitations period. Here, a representative of either the United States or a United States contractor induced Alana Alexander to take residence in the trailer with her children, and concealed from her the truth about formaldehyde emissions. Under local law, the limitations period would not begin until Alana Alexander learned the truth about the travel trailer – December 2007.

time she associated her son's asthma exacerbation with the formaldehyde emissions was December of 2007. The July 2008 filing date of Christopher Cooper's administrative claim against the United States was well within the applicable two-year limitations period, commencing in December 2007.

*Assuming arguendo*, that the accrual period in this case began, as the Court decided, when plaintiffs first associate symptoms to the EHU (as opposed to formaldehyde emissions), Christopher Cooper's injuries of asthma exacerbation and fear of cancer were not discovered until July of 2006 and December of 2008, respectively. This Court in its August 21, 2009 Order and Reasons determined that the date when Alana Alexander "first associated [Christopher] Cooper's symptoms to conditions in the EHU…" was the date on which accrual of Christopher's claims began. *See* Order and Reasons, 8/21/2009, Rec. Doc. 2789, p.5. If so, it is clear from the record that Christopher's asthma exacerbation did not begin to materialize until July 2006. Alana Alexander testified by deposition that Christopher did not have an immediate response or need to use his inhaler when he first entered the trailer. *See* Exhibit A, p. 304. Instead, it was not until July of 2006 that Christopher began to use his inhaler at an increased frequency. *Id.* p. 182-183. This is the earliest date that Alana Alexander could have possible identified the "association" because this is the first date that a symptom of Cooper's asthma exacerbation was noticed. Ms. Alexander could not have associated the EHU to Christopher's asthma exacerbation in the first months of moving into the trailer because no symptom of that injury had manifested. Accordingly, the July 2008 filing date of his administrative claims against the United States was properly made within the two year limitations period.

In the seminal FTCA claim accrual case of *United States v. Kubrick,* the Supreme Court held that:

5

> a plaintiff's ignorance of his legal rights and his ignorance of the fact of his injury or its cause should [not] receive identical treatment. That he has been injured in fact may be unknown or unknowable until the injury manifests itself; and the facts about causation may be in the control of the putative defendant, unavailable to the plaintiff or at least very difficult to obtain. The prospect is not so bleak for a plaintiff in possession of the critical facts that he has been hurt and who has inflicted the injury. He is no longer at the mercy of the latter.

444 U.S. 111, 122 (1979). Here, plaintiff Alana Alexander clearly was not "in possession of the critical facts" that Christopher Cooper was injured by formaldehyde and exposure, and did not know who "inflicted the injury," until December 2007. Prior to that time, Alana Alexander was "at the mercy" of the United States, as the Government withheld information from her about the danger and health risks of formaldehyde in federally provided travel trailers.

## **CONCLUSION**

For the foregoing reasons, the plaintiff respectfully submits that this Court's dismissal of Christopher Cooper's FTCA claims against the United States was a miscarriage of justice and requests that the instant Motion for New Trial or, Alternatively, for Relief from Judgment be granted.

        Respectfully submitted:
        **FEMA TRAILER FORMALDEHYDE**
           **PRODUCT LIABILITY LITIGATION**

        BY:    s/Gerald E. Meunier
               GERALD E. MEUNIER, #9471
               **PLAINTIFFS' CO-LIAISON COUNSEL**
               Gainsburgh, Benjamin, David, Meunier &
               Warshauer, L.L.C.
               2800 Energy Centre, 1100 Poydras Street
               New Orleans, Louisiana 70163
               Telephone:    504/522-2304
               Facsimile:     504/528-9973

        gmeunier@gainsben.com

        s/Justin I. Woods
        JUSTIN I. WOODS, #24713
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:    504/522-2304
        Facsimile:    504/528-9973
        jwoods@gainsben.com

        **COURT-APPOINTED PLAINTIFFS'**
        **STEERING COMMITTEE**
            ANTHONY BUZBEE, Texas # 24001820
            ROBERT M. BECNEL, #14072
            RAUL BENCOMO, #2932
            FRANK D'AMICO, JR., #17519
            MATT MORELAND, #24567
            LINDA NELSON, #9938
            DENNIS REICH, Texas #16739600
            MIKAL C. WATTS, Texas #20981820

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

        s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471