UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|     FORMALDEHYDE | * | |
|     PRODUCTS LIABILITY | * | |
|     LITIGATION | * | SECTION: N(5) |
| | * | |
| This Document Relates to: | * | |
| *Dubuclet v. Fleetwood Enterprises, Inc., et al.* | * | |
| Case No. 07-9228 | * | JUDGE: ENGELHARDT |
| | * | |
| *Wright v. Forest River, et al.* | * | |
| Case No. 09-2977 | * | MAG: CHASEZ |

****************************************************************************

**DEFENDANTS' JOINT OPPOSITION TO PLAINTIFFS' MOTION FOR
RECONSIDERATION ON THE MOTION TO STRIKE DEFENDANTS'
MEDICAL EXPERT DR. H. JAMES WEDNER**

**May It Please The Court:**

Through undersigned counsel, come Defendants Fleetwood Enterprises, Inc. and Forest River, Inc., (hereinafter, "Defendants") who respectfully submit this memorandum in opposition to Plaintiffs' Motion for Reconsideration on the Motion to Strike Defendants' Medical Expert Dr. H. James Wedner ("Plaintiffs' Motion for Reconsideration") (Rec. Doc. 5602), and in support thereof would demonstrate unto the Court as follows:

**I.  INTRODUCTION**

Astonishingly, Plaintiffs ask this Court to reconsider its Order (Rec. Doc. 5306) with a motion that contains no new facts or purported error of law as required by a motion for reconsideration and that goes so far as to compare an agreed upon Fed. R. Civ. P. 35 medical examination with the intentional, sworn misrepresentations of a witness.  Further, the Motion for Reconsideration fails to acknowledge binding Fifth Circuit precedent that dismisses out of hand

a similar attempt to use the identical Louisiana statute in another case. *See Dawsey v. Olin Corp.*, 782 F.2d 1254, 1262 (5th Cir. 1986). With no authority and no basis, Plaintiffs nonetheless seek to rehash their same desperate attempt to exclude Dr. Wedner, an eminently qualified expert, by improperly relying on an inapplicable Sixth Circuit case. For each of the following reasons, Plaintiffs' Motion for Reconsideration fails.[1]

## II. LAW AND ARGUMENT

**A. Plaintiffs' Motion, Which Attempts to Compare Dr. Wedner's Medical Examination to the Sanctionable, Intentional Misconduct of Ms. DeVany and Which Suggests Criminal Prosecution, Flies in the Face of Propriety and Does Not Provide a Proper Basis for a Motion for Reconsideration.**

At the outset, the very nature of the allegations contained in Plaintiffs' Motion for Reconsideration should be questioned. The motion appears to have no substantial purpose other than to embarrass, delay, or burden Dr. Wedner -- a most inappropriate purpose. *See* Rule 4.4 of the Rules of Professional Conduct of the Louisiana State Bar Association; s*ee also Louisiana State Bar Association v. Harrington*, 585 So. 2d 514, 517 (La. 1990). In *Harrington*, the Louisiana Supreme Court reviewed plaintiff's counsel's actions in connection with his representation of an individual involved in an automobile accident. During the course of this representation, plaintiffs' counsel sent a letter to the defendant that provided, in part: "Please advise this office of the insurance company which you had on your car at the time of this accident. If we do not receive this information within ten days of the date of this letter, I will

---

[1] Defendants note the strained argument that Plaintiffs attempt to now belatedly assert -- that they "operated under the assumption" that Dr. Wedner was licensed in Louisiana and therefore never raised this point in *Alexander*. (Rec. Doc. 5602, p. 10). It is not difficult to read between the lines: Plaintiffs knew this was an exceedingly weak argument, one in fact dismissed by the Fifth Circuit. However, following their defeat in the *Alexander* bellwether, they are now persuaded to play this Hail Mary, illustrating that they will go to whatever strained ends they must to wrongly try to prevent an extraordinarily well-qualified immunologist from testifying.

seek to have felony criminal charges pressed against you and seeked [sic] to have you expedited [sic] from the State of Texas to Louisiana, where you will face criminal charges." The Louisiana Supreme Court found this to be in violation of both Rules 4.4 and 8.4(h) of the Rules of Professional Conduct of the Louisiana State Bar Association. *Id.* at 520.

In their Motion for Reconsideration, Plaintiffs engage in a game of tit-for-tat (apparently arising from their frustration over this Court's ruling with respect to Mary DeVany),[2] and in so doing, have brazenly argued, indeed impliedly threatened:

(a) "At issue with Dr. Wedner is not a simple misstatement, but a criminal act subject to fines and jail time for the practice of medicine in Louisiana without a license to do so;" and

(b) "Not only should Dr. Wedner's testimony be stricken from use, but he should be reported to the appropriate authorities for further action against him."

(Rec. Doc. 5602, p. 2, 5). This type of conduct – implicitly threatening criminal sanctions in order to obtain an advantage in a civil matter, particularly where the basis for their underlying motion is wholly groundless -- is inappropriate at best and should not serve as a ground for reconsideration. *See Harrington*, 585 So. 2d at 520.

### B. Plaintiffs Fail to Satisfy the Requirements for Bringing a Motion for Reconsideration.

Plaintiffs' Motion for Reconsideration does not address the controlling standard for the bringing of the present motion. However, they present no new evidence and cite no intervening

---

[2] One can hardly ignore the fact that Plaintiffs filed their Motion to Strike Dr. Wedner (Rec. Doc. 4303) on October 1, 2009 -- just two days after this Court entered its Order and Rule to Show Cause regarding Plaintiffs' proffered expert, Mary DeVany on September 29, 2009. (Rec. Doc. 3824).

change in controlling law.³  Thus, they appear to be asking this Court to reconsider its order to correct a manifest error of law or fact.  *See, e.g., Oramous v. The Military Department*, No. 05-3677, 2007 U.S. Dist. LEXIS 59855, at *3 (E.D. La. Aug. 15, 2007) (denying plaintiff's motion for reconsideration where none of the cases that plaintiff cited in her motion presented a similar factual or legal situation, or required a different result).

The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration;" such motions are treated as either a motion to alter or amend judgment under Rule 59(e) or a motion from relief from judgment or order under Rule 60(b).  *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994).  Any motion seeking reconsideration of a district court's judgment within ten days of its entry is considered a Rule 59(e) motion to alter or amend the judgment.  *Days v. Johnson*, 322 F.3d 863, 865 n.3 (5th Cir. 2003).  However, this Court entered its Order and Reasons on Plaintiffs' Motion to Strike Dr. Wedner on October 8, 2009.  (Rec. Doc. 5306). Plaintiffs filed their Motion for Reconsideration on October 20, 2009.  (Rec. Doc. 5602). Therefore, the more exacting standard of Rule 60(b) will apply.⁴  *See*, *e.g.*, *Nagra v. Mike Smith*

---

³ Moreover, Plaintiffs again attack the Defendants' well-reasoned opposition as if they had no chance to offer a rebuttal to Defendants' Joint Opposition to Plaintiffs' Motion to Strike Dr. Wedner (Rec. Doc. 4854).  However, Plaintiffs sought and were granted leave to file a reply brief on their underlying motion.  (Rec. Doc. 4926 and Rec. Doc. 5314).

⁴ Even if the Rule 59(e) standard were to apply, the Plaintiffs likewise have not satisfied that standard.  A motion for reconsideration should be used sparingly, and the motion is not a proper vehicle for "rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment".  *Hanson v. Lamar*, No. 03-3401, 2007 U.S. Dist. LEXIS 61015, at *5 (E.D. La. Aug. 20, 2007) (internal citations omitted).  As Judge Fallon explained in *Hanson*, granting a motion for reconsideration is an "extraordinary remedy." *Id.*  And as Judge Fallon recently confirmed, the "remedy is so extraordinary that the United States Court of Appeals has stated that the denial of Rule 59(e) motions is favored."  *Total Sleep Diagnostics, Inc. v. United Healthcare Ins. Co.*, No. 06-4153, 2009 U.S. Dist. LEXIS 27572, at *7 (E.D. La. March 31 2009).  Courts in this district hold that a moving party must satisfy at least one of the following criteria to prevail on a Rule 59(e) motion:  (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in the controlling law.  *Id*; *see also Ordemann v. Livingston*, No. 06-4796, 2008 U.S. Dist. LEXIS 33270, *3 (E.D. La.

*Forest Prods. LLC*, No. 08-4564, 2009 U.S. Dist. LEXIS 94399, *2 (E.D. La. Oct. 7, 2009) (citing *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000)) (finding that the motion for reconsideration should be analyzed under Rule 60 because it was filed twelve days after the court's order); *see also Johnson v. Harvey,* No. 96-3438, 1998 U.S. Dist. LEXIS 14203, at * 7 (E.D. La. Sept. 8, 2008) (explaining a Rule 60(b) motion is governed by more exacting substantive requirements than a Rule 59(e) motion). As cautioned by Judge Fallon, the "extraordinary relief afforded by Rule 60(b) . . . requires that 'the movant make a sufficient showing of unusual or unique circumstances justifying such relief.'" *Creative Picture Framing, Inc. v. United Fire Group*, No. 07-4422, 2009 U.S. Dist. LEXIS 29191, *4 (quoting *Pryor v. U.S. Postal Service*, 769 F.2d 281, 286 (5th Cir. 1985)).

     Despite this burden, Plaintiffs make no such showing of unusual or unique circumstances whatsoever. In fact, Plaintiffs cite no true basis for their Motion for Reconsideration. Instead, their underlying Motion to Strike is simply "reasserted pursuant" to Louisiana's medical licensing statute. (Rec. Doc. 5602, p. 3). Plaintiffs do not complain of newly discovered evidence, fraud, a void judgment, or a judgment that has been satisfied, or any other reason properly considered under Rule 60 of the Federal Rules of Civil Procedure.[5] *See* Fed. R. Civ. P.

---

April 23, 2008) (explaining that "[b]ecause of the interest in finality, motions for reconsideration may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously). Plaintiffs have urged none of these reasons as the grounds for its motion for reconsideration. Rather, they simply assert their dissatisfaction with the result.

[5] Relief under the catch-all subsection (b)(6) of Fed. R. Civ. P. 60 is inapplicable here. The Fifth Circuit has interpreted this provision to apply exclusively in the presence of "extraordinary circumstances." *Batts v. Tow Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995). Even an erroneous judgment that may cause some hardship is not sufficient to rise to the level of extraordinary. *Williams v. New Orleans Pub. Svc., Inc.*, 728 F.2d 730, 736 (5th Cir. 1984). Relief under subsection (b)(6) is also mutually exclusive, which means that grounds for relief under Fed. R. Civ. P. 60(b)(1)-(5) cannot be used to gain relief under subsection (b)(6). *Liljeberg v. Health Servs. Corp.*, 486 U.S. 847, 863 (1988).

60(b)(2-6). Therefore, it appears that the only ground possibly urged by Plaintiffs is Rule 60(b)(1). *See Nagra*, 2009 U.S. Dist. LEXIS 94399, at *4 n.1 (holding that where the motion alleged only that reconsideration is necessary on the grounds of judicial error, subsections (b)(2) through (b)(5) of Fed. R. Civ. P. 60 were not relevant). Under Rule 60(b)(1), federal courts may grant relief from a final judgment or order on the grounds of "mistake, inadvertence, surprise, or excusable neglect," with "mistake" being the only possibly relevant ground here. *See* Fed. R. Civ. P. 60(b)(1).

Here, the "mistake" alleged by Plaintiffs is a substantive legal error on the part of this Court. *See Benson v. St. Joseph Reg'l Health Ctr.*, 575 F.3d 542, 547 (5th Cir. 2009). In *Benson*, the Fifth Circuit addressed whether a legal error can be raised in a Rule 60(b) motion, explaining that in the Fifth Circuit, a Rule 60(b) motion may only be used "to rectify an obvious error of law, apparent on the record." *Id.* (citing *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987)). The Court then held that the alleged legal error before it in *Hanson* was not one appropriately characterized as an "obvious error of law":

> While we may doubt whether the district court employed the appropriate evidentiary standard, all parties concede that Texas state courts have never expressly stated what standard should be used to prove malice in this context. Therefore, were we to reach the merits of Benson's claim, we would be required to determine how the Texas Supreme Court would interpret state law. *See Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009). This is not the sort of legal error we have allowed to be brought in a Rule 60(b) motion. *See Alvestad v. Monsanto*, 671 F.2d 908, 913 (5th Cir. 1982) (recognizing that our prior Rule 60(b) cases involving alleged legal errors have attempted "merely to avoid wasting appellate resources on the perfunctory correction of 'obvious errors of law'"). The answer would not be free from

>doubt. Consequently, any error is not so obvious as to permit the impropriety of the motion to be overlooked.

*Id.* Similarly, as will be more fully explained below, even if this Court were to reconsider Plaintiffs' underlying Motion to Strike, such reconsideration would not be based on an obvious error of law on the record before this Court, but rather an impermissible stretch of a *non-binding* case which *expressly* does not reach the issue at hand in this matter.  Therefore, Plaintiffs' Motion for Reconsideration must be denied.

    **C.    Plaintiffs Have Shown No Reason to Exclude the Expert Opinions of Dr. Wedner.**

Although the merits of Plaintiffs' challenge to Dr. Wedner's opinions do need to be addressed to resolve this motion in Defendants' favor, Defendants respond, albeit briefly.  First, although Plaintiffs fault Defendants for "erroneously" citing to Rule 702 of the Federal Rules of Evidence, Defendants did not unilaterally cite to Rule 702 of the Federal Rules of Evidence. (Rec. Doc. 5602, p. 6).  Rather, Defendants correctly pointed out that the Fifth Circuit, the only circuit binding upon this Court, applied Rule 702 in wholly dismissing the application of La. Rev. Stat. Ann. § 37:1284 (2009) -- the exact statute relied up on by Plaintiffs -- in federal courts within the Fifth Circuit.  *Dawsey v. Olin Corp.*, 782 F.2d 1254, 1262 (5th Cir. 1986).  Rather than conceding that the Fifth Circuit has ruled on this issue and done so in favor of Defendants, Plaintiffs filed this "motion for reconsideration," apparently in the hope that perseverance will substitute for correctness.

In their effort, Plaintiffs reach outside the binding authority of the Fifth Circuit to grasp at the straws of *Legg v. Chopra*, 1286 F.3d 286 (6th Cir. 2002).  Review of this Sixth Circuit medical malpractice case reveals that neither the facts, procedural history, nor controlling law

7

has absolutely any bearing on this matter.  To prove her theory that the defendant doctor's treatment of her fell below the standard of care, the plaintiff in *Legg* proffered a medical expert who was licensed to practice in Texas.  This proffer failed to satisfy the requirements of substantive Tennessee state law requiring that an expert testifying in a medical malpractice case be licensed to practice "in the state or a contiguous border state," a statute typically known as a "locality" or "community rule" in medical malpractice cases.  Tenn. Code Ann. § 29-26-115(b).  The Sixth Circuit acknowledged that state witness competency rules may be intertwined with a state substantive rule and that this would be "especially true with *medical malpractice* statutes, because expert testimony is usually required to establish the standard of care."  *Legg*, 286 F.3d at 290 (emphasis added).  Moreover, the Sixth Circuit explained that the "structure of the [Tennessee] statute reflects the intimate relationship between the standard of care and qualification requirements of the medical expert who will establish that standard."  *Id.*  Such an intimate relationship is not at issue here.  Here, Plaintiffs' recovery is linked to the LPLA.  There is no corollary to the substantive witness competency requirements of the Tennessee malpractice statute in the LPLA.  Manifestly, there is *no* provision in the LPLA that requires that only Louisiana licensed doctors, engineers, etc. can offer opinions in connection with claims brought under the LPLA.

The Sixth Circuit also noted that Rule 601 "has been primarily concerned with the proper application of various states' dead man statutes."  *Id.*[6]  The Louisiana licensing statute relied on

---

[6] S*ee also* Notes of Committee on the Judiciary, House Report No. 93-650 (acknowledging that, while there is substantial disagreement as to the merit of Dead Man's Statutes, the Committee nevertheless believed that where such statutes have been enacted they represent State policy which should not be overturned in the absence of a compelling federal interest).

8

by Plaintiffs compels neither the historical application of Rule 601 under a "dead man statute" nor its possible extension vis-à-vis a medical malpractice locality rule. In fact, the Sixth Circuit itself expressly declined to extend its ruling any further than necessary to reach its holding:

> We express no opinion as to any potential conflict between application of Fed. R. Evid. 702 and other state medical certainty standards pertaining to burden of proof and admissibility, because such is not at issue in this case.

*Id.* at 292. Clearly, Plaintiffs fail to grasp the notion that the substantive statutory rules of a state's medical malpractice reparation scheme do not change well recognized federal evidentiary law, a principle which this Court recognized in its earlier Order. (Rec. Doc. 5306).

Plaintiffs have failed to meet the standard for a motion for consideration and have failed to show any grounds for striking Dr. Wedner whatsoever.[7]

### III.   CONCLUSION

**WHEREFORE,** considering the foregoing, defendants Fleetwood Enterprises, Inc. and Forest River, Inc. are entitled to and respectfully request that this Honorable Court enter an order denying Plaintiffs' Motion for Reconsideration on the Motion to Strike Defendants' Medical Expert Dr. H. James Wedner.

This 27th day of October, 2009.

                                      Respectfully submitted:

                                      */s/ Richard K. Hines, V*
                                      Richard K. Hines, V
                                      GA Bar No. 356300
                                      NELSON MULLINS RILEY & SCARBOROUGH, LLP
                                      Atlantic Station

---

[7] Indeed, the subliminal threats suggested in the motion appear to trespass on the Louisiana Rules of Professional Conduct.

201 17th Street, NW, Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)

Jerry L. Saporito
LA Bar No. 11717
LEAKE & ANDERSSON, L.L.P.
1700 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-1701
(504) 585-7500 (phone)
(504) 585- 7775 (fax)

Counsel for Fleetwood Enterprises, Inc.

    -- and --

/s/ *Jason D. Bone*
ERNEST P. GIEGER, Jr. (Bar No.6154)
JASON D. BONE (Bar No. 28315)
GIEGER, LABORDE & LAPERROUSE, LLC
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone: (504) 561-0400
Facsimile: (504) 561-1011

Counsel for Forest River, Inc.

## **C E R T I F I C A T E OF SERVICE**

I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )  Hand Delivery                    ( )  Prepaid U.S. Mail

( )  Facsimile                        ( )  Federal Express

(X)  CM/ECF

New Orleans, Louisiana, this 27th day of October, 2009.

                                       */s/ Richard K. Hines, V*
                                       Richard K. Hines, V
                                       Georgia Bar No. 356300
                                       richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)