UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCT LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | JUDGE ENGELHARDT |
| THIS DOCUMENT IS RELATED TO | * | |
| ALL CASES | | MAG. JUDGE CHASEZ |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## JOINT REPORT NO. 13 OF LIAISON AND GOVERNMENT COUNSEL

Plaintiffs' Liaison Counsel ("PLC"), Manufacturing Defendants' Liaison Counsel ("MDLC"), Individual Assistance/Technical Assistance Contractor Defendants' Liaison Counsel ("IALC") subject to a full reservation of rights and defenses, and U.S. Government Counsel ("GC") respectfully submit this Joint Report No. 13.

## I.      REPORT OF CLAIMS AND CASE INVENTORY:

PLC and MDLC report that an estimated 1,706 actions now have been filed, or transferred into, this MDL.  The attached appendix lists the complaints that were filed or transferred into the MDL since the last Joint Report.

## II.     PLAINTIFF FACT SHEETS (PFS)

The PSC still operates a central claims office located at 4731 Canal Street, New Orleans, Louisiana.  PLC advises that it has delivered 8604 completed PFS (which include duly executed privacy act waivers) to the Defendants to date.   The U.S. Government has produced 104 Individual Assistance Files to the parties.

1



The PSC to date has cured 1628 deficiencies cited by Defendants pursuant to Pre-Trial Order No. 2 (Doc No. 87). Pre-Trial Order No. 32 (Doc. 1180) was entered on March 18, 2009 amending specific instructions and deadlines as found in Pre-Trial Order No. 2 (Doc. 87).

III.  **MOTION PRACTICE**

The following Motions are pending:

| | |
|---|---|
| Doc. No. 2554 | Plaintiff's Motion to Compel United States to Produce Disaster and/or Individual Assistance Files Maintained by FEMA |
| Doc. No. 2581 | Shaw Environmental, Inc.'s Motion for Summary Judgment Regarding Prescription in the *Wright* matter |
| Doc. No. 3193 | Northfield Insurance Company's Motion to Transfer Venue for Convenience to Middle District of Florida Pursuant to 28 U.S.C. §1404(A) in the *North American Catastrophe Services, Inc.* matter |
| Doc. No. 4271 | PSC's Motion Requesting a Summary Jury Trial for One or More Scheduled Bellwether Cases |
| Doc. No. 4800 | Forest River, Inc.'s Motion to Strike Plaintiff's Designation of Kenneth R. Laughery, Ph.D. |
| Doc. No. 5394 | Plaintiffs Motion for Leave to File Fourth Supplemental and Amended Complaint in the *Dubuclet* matter |
| Doc. No. 5395 | Plaintiff's Motion for Leave to File First Supplemental and Amended Complaint in the *Wright* matter |
| Doc. No. 5537 | Keystone's Motion to Name Valena Byrd as a Replacement Bellwether Plaintiff |
| Doc. No. 5602 | Plaintiff's Motion for Reconsideration on Motion to Strike Defendant Medical Expert H. James Wedner |
| Doc. No. 5609 | Plaintiff's Motion for a New Trial or, Alternatively, for Relief from Judgment in the *Age* matter |

IV.  **MOBILE HOUSING UNIT MANUFACTURERS SEPARATE "TRACK"**

On October 8, 2009 the Court entered an Order (Doc. 4993) extending the non-litigation track for a period of sixty days.  Under prior Order (Doc. 2530), the parties must agree on a bellwether plaintiff on or before January 19, 2010 for a sixth bellwether trial to begin on October 18, 2010.  The prior Order requires that the agreed upon bellwether plaintiff be matched to a specific manufactured home defendant and to have a FEMA-ripe claim.  Finally, the prior Order also requires the parties to submit a jointly proposed scheduling order for the sixth bellwether trial on or before February 1, 2010.

## V.     MATCHING PLAINTIFF TO DEFENDANT MANUFACTURER AND FEMA CONTRACTOR

The PSC has issued written discovery requesting that the United States disclose the vehicle identification numbers of the emergency housing units ("EHUs") provided to these Plaintiffs by FEMA.  PLC has instructed all Plaintiffs' counsel that, in order to have their clients matched, the request for matching should: (1) be submitted in groups of approximately 500 claimants (or a lesser amount if the plaintiff counsel represents less than 500 persons); (2) include a list containing necessary search information in an Excel and PDF spreadsheet format; and (3) for each family of occupants, provide only the name of the head of household or adult family members – no children or other minors should be included.  Information that the Plaintiffs' counsel should provide to the United States is the claimant's (a) full name; (b) FEMA ID Number; (c) social security number; (d) date of birth; (e) and address/State where EHU was installed.  If a claimant resided in more than one EHU that should be noted and claimant should provide the address/State where each EHU they occupied was located.  To the extent Plaintiffs are aware of the bar code number assigned to their issued unit, this information also should be provided to FEMA.

The United States received from PSC more than 102 Client Lists seeking matching information for approximately 65,000 persons.  To date, the United States has provided responsive information for all but two requests within thirty days of receipt of the requests, and will continue to process those requests.

Based upon recent discussions with counsel for the Hurricane Legal Center ("HLC") and review of the HLC's recently withdrawn Motion to Compel, the United States believes that some counsel may not understand the matching process and what actions that they must take to identify the manufacturer of the EHU that their client occupied and IA/TAC contractor that installed the unit.

In response to a matching request, the United States produces information obtained from the FEMA FRRATS database.  The key information produced to a claimant is the VIN number and FEMA barcode number of the EHU or EHUs issued to a disaster victim.  Using the VIN number, a claimant can determine the identity of the manufacturer of the unit that they occupied. To do this, the claimant must take the VIN number identified and compare it with the "Prefix Key" produced by the Manufacturers' Liaison Counsel in Spring 2008.  Each manufacturer has a unique prefix number that is contained in the VIN.  The "Prefix Key" identifies that number for each of the manufacturer defendants, thereby allowing a claimant using the VIN number to determine the manufacturer of the unit that he or she occupied.  In addition, a claimant using the VIN number can also determine the identity of the manufacturer by accessing the link on the following internet page and inputting the VIN number:

http://www.nhtsa.dot.gov/cars/rules/manufacture/

4

For purposes of identifying the IA/TAC contractor, the claimant must search the Excel spreadsheet produced by the Government to Liaison Counsel in January 2009. That searchable spreadsheet lists each of the EHUs that the IA/TAC contractors installed by VIN number.

Further, claimants should be aware that the matching process identifies the VIN number of the EHU that FEMA issued to a disaster victim. FEMA does not retain information regarding the identity of all persons who occupied or resided in an EHU. Generally, the reason why the Government is unable to provide a match for a claimant is because: (1) the personal data provided is inaccurate (incorrect name, FEMA identification number, social security number, address where unit was installed, dates of occupancy), or (2) the claimant occupied an EHU that had been issued to some other person. A claimant who is not matched should not submit a second request for matching information without first interviewing their client to ensure that they submitted correct personal data and/or a unit was issued to the client, and consulting with PLC/PSC, and if necessary having PLC/PSC meet and confer with Government Counsel.

## VI.   BELLWETHER TRIALS

A. A total of four Bellwether cases are set for trial at this time. They are as follows:

1.   PSC voluntarily dismissed *Shalahn Jenkins and Craig Jenkins, Sr. o/b/o Craig Jenkins, Jr. v. Fleetwood, Fluor and FEMA* and the Court has ordered the case of *Elisha Dubuclet on behalf of Timia Dubuclet v. Fleetwood Enterprises, Inc., et al* to be substituted [Docket No. 1760] and scheduled for trial on December 7, 2009. On July 24, 2009, the Court ruled that it lacked subject matter jurisdiction over Timia Dubuclet's claims against the United States as asserted in a consolidated action filed less than 180 days after Ms. Dubuclet's Form 95 claim against FEMA was

filed. PSC was instructed to file an entirely new lawsuit against the United States and to consolidate the new action with the instant case. PSC has filed the new action but has not moved to consolidate. Responsive pleadings by the defendant FEMA in the new case are awaited.

2.   *Lyndon Wright v. Forest River, Shaw and United States* is scheduled for March 15, 2010.

3.   *Carrie M. Smith v. Recreation by Design, LLC, Shaw and United States* is scheduled for May 17, 2010. Earline Castanel may be substituted as bellwether plaintiff in this case. The substitution if made is not expected to affect the trial date.

4.   July 19, 2010 is the trial date for a bellwether trial against Keystone RV, CH2MHill and the United States. The defendants will provide their list of potential bellwether candidates to the PSC by October 29, 2009. The parties will submit bellwether nominees to the Court by November 6, 2009. Any nominee submitted to the Court will execute an affidavit confirming their availability and willingness to serve as a bellwether plaintiff on July 19, 2010.

5.   September 13, 2010 is the trial date for an additional bellwether trial against Gulf Stream, et al. Counsel for Gulf Stream will submit a list of twenty (20) potential bellwether candidates to the PSC by November 30, 2009. The PSC will choose one candidate and notify the Court by December 30, 2009.

B.     The PSC has filed amending complaints in one of the three bellwether plaintiffs' cases in order to set forth allegations specific to the selected bellwether plaintiffs in these cases, and will file amending complaints for the remaining bellwether cases in the near future.

## VII.   SEVERANCE OF BELLWETHER PLAINTIFFS UNDER FRCP RULE 21

A.     Defendants in all bellwether plaintiff cases request the Court sever the individual bellwether claims from their existing Petitions where necessary.

## VIII.  MASTER DISCOVERY

A.     General Discovery

1.     PSC has served the United States with requests to produce 5,000 IA/disaster files. The United States objected to production of those materials at this stage of the litigation because it is unduly burdensome. PSC filed a Motion to Compel (Doc. No. 2517). The Honorable Magistrate Judge Chasez has deferred ruling on PSC's Motion to Compel pending PSC's deposition of the FEMA official responsible for maintaining the IA files for purposes of determining the actual burden associated with production of the 5,000 IA disaster files. On October 16, 2009, PSC deposed the FEMA official. Pursuant to Magistrate Chasez's instructions, following the completion of the deposition of Faye Green, the PSC now will file a supplemental memorandum in support of its motion, and if appropriate the United States will file a responsive supplemental memorandum.

2.    PSC has served written discovery on the United States requesting that the Government identity each and every EHU purchased from the early 1990s to the present, and the dates that each unit was occupied by each disaster victim.  The United States' response to this discovery request is due in early November 2009.

B.    Insurance Discovery

Primarily through 30(b)(6) depositions, the PSC will conduct discovery of the defendants' relevant information concerning insurance coverage for the matters at issue in this litigation.  The PSC contemplates that such discovery will proceed as a separate "Insurance Coverage Discovery Track" simultaneously with the General Discovery Track.

C.    Discovery Other Bellwether Trials

1.    **Fleetwood Bellwether Trial.**  All parties in the Fleetwood Bellwether trial have issued their Rule 26 expert reports, and parties are in the process of taking discovery depositions.  The discovery deadline is October 30, 2009 deadline, and parties have jointly requested that the Court extend that deadline to November 6, 2009.

The Court ruled on July 24, 2009, that it lacks jurisdiction over Ms. Dubuclet's FTCA claims against the United States and instructed the PSC to file an entirely new lawsuit and move to consolidate that new lawsuit with the Fleetwood Bellwether action once the new lawsuit was filed. PSC has filed an entirely new lawsuit against the United States, *Airhart, et*

8

*al v. United States,* Case No. 09-5477 (EDLA) but has not moved to consolidate that new lawsuit with the Fleetwood Bellwether action.

2.   **Forest River Bellwether Trial.**  All parties have completed their inspection and destruction/component part testing of the travel trailer unit at issue in the Forest River Bellwether trial.  PSC has issued their Rule 26 expert reports.  PSC and the Defendants in this action are taking discovery depositions.  Defendants' Rule 26 expert reports are due on November 2, 2009.  Discovery is expected to be completed by the January 29, 2010 deadline.

3.   **Keystone Bellwether Trial.**  The first Keystone Bellwether plaintiff, Diana Bell, dismissed her claim with prejudice.  The second Keystone Bellwether plaintiff, Raymond Bell, III had his claim dismissed with prejudice.  As previously noted, pursuant to the Court's instructions, the parties will propose potential substitute bellwether plaintiffs to the Court on or before November 4, 2009.

4.   **Recreation By Design Bellwether Trial.**  The parties in the Recreation by Design Bellwether trial have issued written discovery requests.

5.   **Manufactured Housing Bellwether Trial.**  The Court has set January 29, 2010 as the deadline for the parties' nominations for bellwether plaintiff and defendant.  The parties envision that discovery will commence soon after the Court selects the bellwether plaintiff and defendant and enters a Scheduling Order.

### IX.    SUMMARY TRIALS

The PSC has proposed replacing the Fleetwood (December 7, 2009) and the Keystone (January 11, 2009) Bellwether trials with summary trials.  The PSC has not addressed the details of their proposal, including the confidential nature of this alternative dispute resolution process.  Fleetwood has opposed the use of this process until the PSC puts forth an actual Summary Trial plan with specific details.  Keystone, Shaw, Fluor and the United States have opposed the use of Summary Trials at this stage of the litigation.

The Court has directed the parties to form a committee to formulate a summary jury trial procedure to be followed for later bellwether trials.  The committee shall consist of no more than 2 individuals from the PSC and no more than 2 individuals representing each defendant category.

### X.     MISCELLANEOUS

A.    Consistent with the Court's Order and Ruling, the United States and Liaison Counsel have adopted the following process to dispose of excess emergency temporary housing units ("EHU").  The United States produces to Liaison Counsel (1) a searchable list of EHUs that FEMA intends to dispose of, (2) a deadline for Liaison Counsel to identify EHUs on the disposal lists that they want to inspect and/or test, and (3) a deadline for Liaison Counsel to complete all inspection and testing.  In addition, to ensure that all parties receive notice and have an opportunity to notify their respective Liaison Counsel of their desire to inspect and/or test an EHU, the United States files a Notice of FEMA's Intent to Dispose of Temporary Emergency Housing Units identifying EHUs that FEMA will dispose of and the associated deadlines.

Liaison Counsel, in response to the United States' production of the disposal lists, provided the United States with lists identifying units that they want to inspect/test by (1) storage location, (2) barcode and vehicle identification number, (3) dates that they intend to access the storage location to inspect and/or test the designated units, and (4) identity of persons who will access FEMA storage location to inspect and/or test units. To date, the parties have exercised due diligence to comply with the deadlines for designation of units to be tested and the completion of testing. For good cause shown -- weather, inability of FEMA to locate specific units, logistical problems -- the deadline for completion of inspection/testing has been by agreement of the parties voluntarily extended to allow the parties to complete inspection and/or testing.

B.   All persons seeking to access a FEMA Storage Facility to inspect and/or test an EHU must coordinate such a visit through their Liaison Counsel. Prior to being allowed onto a FEMA facility, any person attempting to inspected and/or test an EHU must completed and provide to the Government a signed/dated Indemnity /Hold Harmless Agreement. Further, any such persons must review the Inspection/Testing Protocol, and, by signing the Indemnity/Hold Harmless Agreement, agree to comply with terms and conditions set forth therein. It is imperative that persons accessing the FEMA Storage Facility be familiar with and comply with the terms and conditions in the Inspection/Testing Protocol because failure to do so may result in confiscation of equipment and/or removal from the facility.

C.   Pursuant to the Court's Pre Trial Order No. 36 (Doc No. 1386) and its Order of

August 19, 2009  (DOC No. 2760), the PSC filed its Third Supplemental and

Administrative Master Complaint on October 5, 2009.  Pre Trial Order No. 36

states that any motions to dismiss shall be filed and served within sixty (60) days

after Plaintiffs serve the Administrative Master Complaint.

BY:     s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:     504/522-2304
Facsimile:      504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:     504/522-2304
Facsimile:      504/528-9973
jwoods@gainsben.com

s/Andrew D. Weinstock
ANDREW D. WEINSTOCK, #18495
**DEFENDANTS' LIAISON COUNSEL**
Duplass, Zwain, Bourgeois,
Pfister & Weinstock
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
Telephone:     504/832-3700
Facsimile:      504/837-3119
andreww@duplass.com

12

s/ Henry T. Miller
HENRY T. MILLER
ADAM BAIN
Senior Trial Counsel
ADAM M. DINNELL
MICHELE GREIF
JONATHAN WALDRON
Trial Attorneys
**ATTORNEYS FOR THE UNITED STATES OF
AMERICA**
United States Department of Justice
Civil Division - Torts Branch
1331 Penn. Ave., NW, Rm. 8203-N
Washington, D.C. 20004
Telephone:     202/616-4449
Henry.Miller@usdoj.gov
Adam.Dinnell@usdoj.gov
Jonathan.Waldron@usdoj.gov

s/David Kurtz
DAVID KURTZ
**CONTRACTOR LIAISON COUNSEL**
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
201 St. Charles Ave., Ste. 3600
New Orleans, LA 70170
Telephone:  566-5259
Facsimile: 636-5259
dkurtz@bakerdonelson.com