UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL NO. 1873

SECTION N-5
JUDGE ENGELHARDT
MAG. JUDGE CHASEZ

This Document Relates to:
*Airhart, et. al., vs. United States, No. 09-5477*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**DEFENDANT UNITED STATES OF AMERICA'S RESPONSE TO
"PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST SUPPLEMENTAL
AND AMENDED COMPLAINT" (Doc. Rec. 5395)**

Defendant United States of America ("United States") hereby submits its response to "Plaintiffs' Motion For Leave To File First Supplemental And Amended Complaint" (Doc. Rec. 5395). The United States objects to Plaintiff Timia Dubuclet's Motion to the extent that she asserts or seeks through this Motion to consolidate, join or try her action against the United States in *Frank R. Airhart, et. al.,* No. 09-5477, for which no Scheduling Order or trial date has been set, with *Dubuclet v. Fleetwood Enterprises, Inc., et al.*, Case No. 07-9228, which is set for trial on December 7, 2009.

The facts relating to this matter are not complicated. On June 19, 2009, the Court selected Timia Dubuclet as the replacement Fleetwood Bellwether Plaintiff (Doc. Rec. 1760) and entered an aggressive Scheduling Order (Doc. Rec. 1761).[1] Trial is scheduled to commence on December 7, 2009.

---

[1] Since June 19, 2009, the Court has modified and altered the Scheduling Order and under the Court's most recent Orders the deadline for dispositive motions is November 2, 2009; deadline for completion of discovery is November 6, 2009 (Doc. Rec. 5669); the deadline for *Daubert* Motions is November 9, 2009; the deadline for Motions *In Limine* by November 16, 2009; and with the Pretrial Conference scheduled for November 19, 2009 (Doc. Rec. 5744).

On July 24, 2009, the Court, in *Dubuclet v. Fleetwood Enterprises, Inc., et al.*, Case No. 07-9228, denied Plaintiff Dubuclet's Motion for Leave to File Third Supplemental and Amending Complaint ruling that it lacked subject matter jurisdiction over her claims against the United States. The Court Ordered Plaintiff Dubuclet to file an entirely new lawsuit with the instruction that she "shall move to consolidate the new lawsuit with the instant one once the Complaint is filed." Order and Reasons at 2-3 (Doc. Rec. 2323).

On August 10, 2009, Plaintiffs' Counsel filed an entirely new lawsuit, *Frank R. Airhart, et. al., vs. United States of America*, No. 09-5477. The *Airhart* Complaint, asserts claims on behalf of seventy-one Plaintiffs, including claims by Plaintiff Dubuclet and it is the subject of the pending Motion.[2] To date, Plaintiff Dubuclet has not filed a Motion to Consolidate her claims against the United States in *Airhart* with *Dubuclet v. Fleetwood Enterprises, Inc., et al.*, Case No. 07-9228 .[3] Notwithstanding the filing of the *Airhart* Complaint, until the filing of the instant Motion on October 13, 2009, Plaintiffs' Lead Counsel for the *Dubuclet* Bellwether Trial consistently represented to Government Counsel that Plaintiff Dubuclet had not filed a new action against the United States because of concerns that the Court lacked subject matter

---

[2] Neither Elisha Dubuclet or Timia Dubuclet's name appears in the caption of the August 10, 2009, *Airhart* Complaint. Rather their names are listed on Attachment "A," an eleven page document filed in conjunction with the Complaint. Attachment A lists more than seventy-one (71) plaintiffs, and number 23 on the list is Elisha Dubuclet individually and on behalf of Timia Dubuclet and Timothy Dubuclet, Jr. *Airhart, et. al.,* No. 09-5477 (Doc. Rec. 1-1, Doc. Rec. 1-2 at 4).

[3] On October 25, 2009, Plaintiffs' Counsel informed the Court that they failed to comply with the Court's instruction and immediately file a Motion to Consolidate because they were told by the "Clerk's office that we could not consolidate the two actions because *Aldridge* had already been consolidated with the MDL, and due to limitations in the CMECF system, a case cannot be consolidated two times." Exh. 1, Oct. 25, 2009, E-Mail.

jurisdiction over any claims against the United States.  On September 10, 2009, the undersigned Government Counsel after having discussed the matter with Plaintiffs' Lead Counsel for the *Dubuclet* Bellwether Trial, followed the conversation with an E-Mail and requested that Counsel let the Government know a soon as possible whether Plaintiff Dubuclet intended to file a new action against the United States.

> Per our discussion, I have reviewed the Government records relating to Timia Dubuclet to determine whether her FTCA claims are time-barred. The records show that an administrative claims was received by FEMA from Mr. Frank D'Amico on or about October 27, 2008.  Further, review of Elisha Dubuclet's deposition taken for Class Certification purposes demonstrates that on or before June 2006, Ms. Dubuclet associated her alleged injuries to odors/chemicals that she believed came from the trailer. Under the FTCA, Ms. Elisha Dubuclet's knowledge is imputed to her minor daughter Timia Dubuclet.
>
> Accordingly, the United States agrees with PSC's assessment that Timia Dubuclet's FTCA claims are time-barred.
>
> As you are aware Timia Dubclet's FTCA claims were dismissed by the Court in July without prejudice, because PSC had filed suit prematurely. The Court instructed PSC that it must file a separate lawsuit against the United States and then move to join.  ***It is my understanding that PSC has not yet filed that separate lawsuit, and based upon our discussion, PSC may choose to forego filing of the lawsuit.  In any event, please let me know ASAP if given this information PSC intends to file suit and pursue Timia Dubuclet's FTCA claims.***

 *See* Exh. 2, Sept. 10, 2009, E-Mail (emphasis added).

Based upon the discussions reflected in the September 10, 2009, e-mail, as well as discussion undersigned Government Counsel had with Plaintiffs' Lead Counsel during the Gulfstream Coach Bellwether Trial, on September 29, 2009, the United States informed the Court (as well as Liaison Counsel, Plaintiffs Lead Counsel, and Defense Counsel responsible for the *Dubuclet* Bellwether Trial) that because Plaintiff Dubuclet had neither filed a new lawsuit,

nor moved to consolidate, it was apparent to the Government that she did not intend to pursue claims against the United States, and therefore, the Government would not expend any further resources preparing for the December 7, 2009, Fleetwood Bellwether Trial, nor would it participate in Plaintiff Dubuclet specific discovery.  Exh. 3, Sept. 29, 2009, E-Mail.

On October 6-7, 2009, the United States attended the depositions of former and current Fleetwood employees for purposes of preserving testimony in other actions.  At the depositions, Plaintiffs' Lead Counsel for the *Dubuclet* Bellwether Trial objected to the United States' asking questions and to Fleetwood Enterprises, Inc. or Fluor Enterprises, Inc., using testimony elicited by Government Counsel at the *Dubuclet* Bellwether Trial because the ***"United States is not a party at the table at this time***."  Exh. 4, Oct. 6, 2009, Depo. C. Reick pp. 35:7 -35:8 (emphasis added).

> MR. BENCOMO: But also, just for the record, as I appreciate it, these are not questions that are specific to Dubuclet, since you indicated you are not in this case, you don't have a dog in this fight.  And the reason I'm asking that is because I don't want any of the questions or answers to be used by anyone else in connection with this litigation in the Dubuclet specific matter.
>
> MR. MILLER: The United States has not been made a defendant in the Dubuclet case. We were initially sued.  The judge dismissed that claim for lack of jurisdiction because the plaintiffs filed suit prematurely.  The plaintiffs were encouraged to refile suit and join the United States in this action. They have not done this to date.  The United States may be a defendant in a Dubuclet case in the future. We are a defendant in other Fleetwood cases. The judge's order requires us to preserve the testimony so Mr. Reick will not be deposed multiple occasions, and that's the purpose of this.  Whether or not the judge would allow other parties to use my questions and Mr. Reick's answers at the Dubuclet trial is not up to me to decide, and I understand your objection and it's noted.
>
> MR. BENCOMO:  And we would also move to strike the questions and the answers to the extent that anyone seeks to use those in connection with the Dubuclet specific matter and the United States is not a party at the table at the time.
>
> Mr. MILLER: Understood.

Exh. 4, Oct. 6, 2009, Depo. C. Reick pp. 34:3 -35:9.

On October 14, 2009, Counsel for Fluor Enterprises, Inc., notified the Government Counsel that Plaintiffs had filed the instant Motion, and that the *Airhart* Complaint only names the United States as a Defendant.  Exh. 5, Oct. 14, 2009, E-Mail.

The United States requests the Court deny Plaintiff Dubuclet's Motion to the extent that through that motion she seeks to consolidate or join her claims asserted against the Untied States in *Airhart, et. al.,* No. 09-5477 with claims asserted in *Dubuclet v. Fleetwood Enterprises, Inc., et al.*, Case No. 07-9228, and maintain the December 7, 2009, trial date.  The reason for this is simple, given the current Scheduling Order deadlines for the Fleetwood Bellwether Trial, the December 7, 2009, Fleetwood Bellwether trial date, fact that the United States has not meaningfully participated in discovery activities relating to Plaintiff Dubuclet's claims since on or about September 10, 2009, and that the Government's available litigation resources are currently committed to conducting discovery for the Forest River Bellwether Trial, it is logistically and physically impossible for the United States to comply with the Fleetwood Bellwether Scheduling Order deadlines and be prepared by December 7, 2009, to meaningfully challenge Plaintiff Dubuclet's claims and present its defenses at trial.

## CONCLUSION

For all these reasons, the United States requests that the Court deny Plaintiff Dubuclet's Motion to the extent that through that motion she seeks to consolidate or join her action against the United States in *Airhart, et. al.,* No. 09-5477, a case for which no Scheduling Order or trial date has been set, with *Dubuclet v. Fleetwood Enterprises, Inc., et al.*, Case No. 07-9228, which is set for trial on December 7, 2009.

| | |
|---|---|
| Dated: October 29, 2009 | Respectfully Submitted, |
| TONY WEST<br>Assistant Attorney General, Civil Division | ADAM BAIN<br>Senior Trial Counsel |
| J. PATRICK GLYNN<br>Director, Torts Branch, Civil Division | ADAM DINNELL<br>MICHELE GREIF<br>JONATHAN WALDRON |
| DAVID S. FISHBACK<br>Assistant Director | Trial Attorneys |
| | //S// *Henry T. Miller*<br>HENRY T. MILLER (D.C. Bar No. 411885) |
| OF COUNSEL:<br>JORDAN FRIED<br>Associate Chief Counsel | Senior Trial Counsel<br>United States Department of Justice<br>Civil Division – Torts Branch<br>P.O. Box 340, Ben Franklin Station |
| JANICE WILLIAMS-JONES<br>Senior Trial Attorney<br>FEMA/DHS<br>Department of Homeland Security<br>Washington, D.C. 20472 | Washington, D.C. 20004<br>Telephone No: (202) 616-4223<br>E-mail: Henry.Miller@USDOJ.Gov<br><br>Attorneys for the United States of America |

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2009, the foregoing document was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison Counsel.

                                                        //S// *Henry T. Miller*
                                                        HENRY T. MILLER (D.C. Bar No. 411885)