UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * | MDL No.: 1873<br><br>SECTION:  N<br><br>MAGISTRATE:  4 |
| **This Document Relates to:**<br>*Gloria M. Durham, et al v. Alliance Homes, Inc., et al*<br>*No.: 09-6636* | * * * | |
| *    *    *    *    *    *    *    *    * | | |

## PRESERVATION OF FEDERAL RULE OF CIVIL PROCEDURE 12(B) DEFENSES BY DEFENDANT, DEL-JEN, INC.

**NOW INTO COURT**, through undersigned counsel, comes defendant, Del-Jen, Inc. ("Del-Jen"), who, pursuant to Pretrial Order 44 (Record Doc. No. 2759), dated August 18, 2009, and without prejudice to Del-Jen's right to file or assert any other permitted pleadings, dispositive motions, or affirmative defenses in any case in which Del-Jen has been made, or subsequently is joined as, a defendant and properly served, submits the following list of defenses pursuant to Federal Rule of Civil Procedure 12(b).  Del-Jen submits this Preservation of Defenses in addition to any and all joint defenses, including any Rule 9 and/or Rule 12 defenses submitted by defense liaison counsel in the MDL proceedings:

1. 12(b)(1) – Plaintiff lacks standing.

2. 12(b)(3) – Improper venue as to any plaintiff who resides outside of the Eastern District of Louisiana.

3. 12(b)(6) – Plaintiff fails to state a claim upon which relief can be granted against Del-Jen.

4. 12(b)(6) – Plaintiff fails to state a claim upon which relief can be granted because the claims against Del-Jen are barred by the applicable prescriptive and peremptive periods, statute of limitations, or laches.

5. 12(b)(6) – Plaintiff fails to state a claim upon which relief can be granted against Del-Jen under the Louisiana Products Liability Act ("LPLA"), as plaintiff has not and cannot alleged any set of facts that would establish that Del-Jen was a "manufacturer" within the meaning of the LPLA.

6. 12(b)(6) – Plaintiff fails to state a claim for negligence under Louisiana law.

7. 12(b)(6) – Plaintiff fails to state a claim upon which relief can be granted because Del-Jen owed no actionable duty to the plaintiff.

8. 12(b)(6) – Plaintiff fails to state a claim upon which relief can be granted inasmuch as plaintiff has not specifically claimed any current injury but rather has generally claimed unspecified current and future injuries.

9. 12(b)(6) – Plaintiff fails to state a claim a claim upon which relief can be granted to the extent that plaintiff seeks to recover attorneys' fees, which are not recoverable against Del-Jen under Louisiana law, and plaintiff has not alleged any other theory of liability through which she can recover attorneys' fees against Del-Jen.

10. 12(b)(6) – Plaintiff fails to state a claim upon which relief can be granted to the extent that plaintiff seeks to impose joint, several, or solidary liability on the named defendants, as Louisiana law does not provide for solidary liability on the facts alleged.

11. 12(b)(6) – Plaintiff fails to state a claim upon which relief can be granted to the extent that plaintiff seeks to recover punitive damages under federal or Louisiana law, as such damages are precluded.

12. 12(b)(6) – Plaintiff fails to state a claim upon which relief can be granted to the extent that plaintiff specifically seeks property or economic damages under Louisiana law inasmuch as such claims are precluded.

13. 12(b)(6) – Plaintiff fails to state a claim upon which relief can be granted to the extent that plaintiff seeks damages for medical monitoring under Louisiana law inasmuch as plaintiff has not alleged a present and manifest injury.

14. 12(b)(6) – Plaintiff fails to state a claim upon which relief can be granted to the extent that it is determined that plaintiff previously filed and/or has pending another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

15. 12(b)(6) – Plaintiff fails to state a claim upon which relief can be granted on grounds that Del-Jen is a contractor that performed its work in accordance with the plans and/or specifications of FEMA.

16. 12(b)(6) – Plaintiff fails to state a claim upon which relief can be granted relating to breach of implied and/or express warranty because those claims are not available to plaintiff. To the extent they are available, such claims are precluded by the LPLA.

17. 12(b)(6) – Plaintiff fails to state a claim upon which relief can be granted inasmuch as plaintiff failed to make any particularized allegations regarding her injuries and damages and failed to make any particularized allegations connecting any particular plaintiff to conduct of Del-Jen.

18. 12(b)(6) – Plaintiff fails to state a claim upon which relief can be granted to the extent that plaintiff alleges strict liability as there is no basis under Louisiana law for the same.

19. 12(b)(6) – Plaintiff fails to state a claim upon which relief can be granted to the extent that plaintiff seeks compensatory damages as there is no basis for awarding same under the facts alleged in the Complaint and applicable law.

20. 12(b)(6) – Failure to state a claim for loss of consortium and/or society.

21. 12(b)(6) – Failure to state a claim for loss of enjoyment and quality of life.

22. 12(b)(6) – Failure to state a claim for past and future loss of earning capacity.

23. 12(b)(6) – Plaintiff fails to state a claim upon which relief can be granted because on the face of the pleadings it is clear that plaintiff knew or should have known of her cause of action more than one year before the referenced action was filed, rendering all claims prescribed under Louisiana law.  Plaintiff is not entitled to claim any tolling of the applicable prescriptive period as against Del-Jen during the pendency of the putative class action.

Defendant, Del-Jen, Inc., hereby adopts and incorporates all filings of applicable items listed in the preservation lists of similarly situated co-defendants in the Multi-District Litigation, 07-1873, and all underlying cases, as well as all applicable Rule 12 and Rule 9 Motions filed by similarly situated co-defendants in the MDL and underlying cases, as if copied herein *in extenso*.

Respectfully submitted,

*/s/ Richard E. King*

**RICHARD E. KING (#25128)**
**DAVID M. MORAGAS (#29633)**
**MATTHEW J. LINDSAY (#30599)**
**GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH**
701 Poydras Street, Suite 4040
New Orleans, Louisiana  70139
Telephone: (504) 525-6802
Facsimile:  (504) 525-2456

*Counsel for Defendant,*
*Del-Jen, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 30th day of October, 2009, undersigned electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

*/s/ Richard E. King*

**RICHARD E. KING**