UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER  MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION  SECTION N-5
JUDGE ENGELHARDT
MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
AGE, et al. v. GULFSTREAM COACH, INC., et al. [Case No. 09-2892]

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

UNITED STATES' MEMORANDUM IN OPPOSITION TO
THE PSC'S MOTION FOR RELIEF FROM JUDGMENT

The PSC, having filed a motion [Rec. No. 3049] seeking a Rule 54(b) judgment based upon the Court's Order of August 21, 2009 [Rec. No. 2789] – which dismissed the claims of Plaintiff Christopher Cooper for lack of subject matter jurisdiction under the Federal Tort Claims Act (FTCA) – now seeks relief from the Rule 54(b) judgment that the Court subsequently entered. The PSC argues that relief from the judgment is appropriate because of an "error of law." (PSC Br. at 2). The PSC has not cited any new legal authority, and the PSC failed to point out this supposed error of law *before* the Court tried the Plaintiffs' action against the private defendants. Indeed, the PSC has not made any legal arguments in its motion that it did not make in response to the United States' original motion to dismiss. The Court's ruling was correct, and because the PSC can show no obvious error of law, the Court should deny its motion.

STATEMENT OF MATERIAL FACTS

1. On July 27, 2009, the United States filed a motion to dismiss the claims of minor plaintiff Christopher Cooper for lack of subject matter jurisdiction on the grounds that Christopher Cooper's claims were barred by the FTCA's two-year statute of limitations, 28

U.S.C. § 2401(b) [Rec. No. 2317].  The United States argued that Christopher Cooper's FTCA claims accrued shortly after he moved into a trailer that the Federal Emergency Management Agency (FEMA) provided in May 2006, because he began experiencing symptoms that he and his mother, Alana Alexander, attributed to the trailer at that time.  Consequently, the United States asserted that Cooper's administrative claim, which Alexander submitted in July 2008, was untimely.[1]

    2.       On August 21, 2009, the Court granted the United States' Motion to Dismiss, finding that Christopher Cooper's FTCA claims were barred by the Act's two-year statute of limitations.  *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, No. MDL 07-1873, 2009 WL 2599195, at *1 (E.D. La. Aug 21, 2009).  The Court found that the two-year statute of limitations began to run when Alexander first associated Cooper's symptoms to conditions in the trailer shortly after they moved in.  *Id.* at *3.  Following *United States v. Kubrick*, 444 U.S. 111 (1979), the Court held that it was not necessary for the plaintiff to know the precise agent causing injury for the claim to accrue.  *Id.* at *2.  The Court also found that because the FTCA's statute of limitations hinges on notice, it was unnecessary for the plaintiff to be aware of, or have suffered, the full extent of his injuries for the limitations period to begin to run.  *Id.* at *3.

    3.       The Court also found that the FTCA's statute of limitations was jurisdictional, was subject to a strict interpretation, and could not be equitably tolled.  *Id.* at *1 n.1 & 3 n.4.

---

[1] For purposes of its Motion to Dismiss, the United States assumed that Christopher Cooper's administrative claim was submitted in July 10, 2008, based upon the date on the claim.  Subsequently, the United States has learned that many administrative claims in the multi-district litigation were submitted months after the claims were signed and dated.  For purposes of the FTCA's two-year statute of limitations, the operative date is the date a claim is "presented" to the administrative agency.  28 U.S.C. § 2401(b).  Cooper's claim was received on July 11, 2008.

The PSC argued that accrual of the FTCA's statute should be delayed because an unidentified person had told Alexander that the "chemical smell" in the trailer was "nothing to worry about." The Court discounted the statement, finding that a reasonable person who relied upon such a representation would at least know the identity of the person making the statement. *Id.* at *3 n.4. Regardless of who made the statement, the Court found that the statute of limitations could not be tolled by virtue of the statement. *Id.*

4.      From September 14, 2009 to September 23, 2009, Plaintiff Christopher Cooper tried his tort claims against the private defendants who remained in the case, Gulfstream Coach Inc. and Fluor Enterprises, Inc.  The jury returned a verdict in favor of the defendants and against the Plaintiff Christopher Cooper.

## STANDARD OF REVIEW

**Under Rule 60(b), A Court Should Grant Relief From Judgment For An Error Of Law Only If The Error Is Obvious.**

While the Fifth Circuit allows courts to grant leave of judgment for legal errors under Fed. R. Civ. P. 60(b)(1) (allowing relief for "mistake, inadvertence, surprise, or excusable neglect), the error must be obvious.  Reviewing its previous case law on the subject, the Fifth Circuit stated:

> Rule 60(b)(1) does allow relief from final judgments on account of "mistake," and, in this circuit, the rule may be invoked for the correction of judicial error, but only to rectify an obvious error of law, apparent on the record.  Thus, it may be employed when the judgment obviously conflicts with a clear statutory mandate or when judicial error involved a fundamental misconception of the law.

*Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987) (footnotes omitted).  *See also Mason v. AAA Ins. Co.*, No. 07-9483, 2009 WL 2448004, *2 (E.D. La. Aug. 10, 2009) (stating that Rule 60 relief for errors of law is only available for obvious errors).  As *Moore Federal*

*Practice* notes, "the Fifth Circuit has been consistent in maintaining that Rule 60(b)(1) should not be an alternative to appeal involving ordinary claims of legal error . . . . Relief is available only when the legal error in question is so obvious than an appeal would be a waste of everyone's time." 12 James Wm. Moore et al, Moore's Federal Practice ¶ 60.41[4][b][v] (3d ed. 1999 & 2007 Supp.).

## ARGUMENT

### The District Court's Dismissal Based Upon The Statute Of Limitations Was Correct, And The Court Did Not Commit An Obvious Error Of Law.

Instead of pointing to some obvious legal error, the PSC raises the same arguments it made in response to the United States' motion to dismiss. The PSC argues that the Court incorrectly determined that Cooper's FTCA cause of action accrued shortly after he moved into the trailer in May 2006. The PSC argues that the cause of action did not accrue – and the statute of limitations therefore did not start – until Cooper's mother, Alana Alexander, had sufficient knowledge that formaldehyde exposure was a potential cause of the injuries, in December 2007.

The law under the FTCA, however, is clear that a plaintiff need not know the precise agent causing the injury for the claim to accrue. A plaintiff only need have sufficient information regarding injury and causation that would lead a reasonable person to inquire further into the facts to determine the specific cause and to ascertain whether there is a cause of action. Here, Cooper had this information because he and his mother were experiencing symptoms that they related to the trailer. By Alana Alexander's own admission, she had sufficient facts to make an further inquiry into the specific chemical agent of causation, because, shortly after moving into the trailer, she actually asked a representative of Gulf Stream Coach about the smell in the trailer. *See* Declaration of Alana Alexander ¶¶ 2-4 [Document 2493-2]. She called it a

"chemical smell" and she related the smell to symptoms that she and her children were experiencing. *Id.*

Contrary to the Plaintiffs' representation, the Fifth Circuit's decision in *MacMillan v. United States*, 46 F.3d 377, 381 (5th Cir. 1995), does not stand for the proposition that the FTCA's statute of limitations does not begin to run in this case until the Plaintiffs knew or should have known that formaldehyde was "***the cause***" of Cooper's symptoms. *See* PSC Mem. at 4 (PSC's emphasis). Instead, in *MacMillan*, the Fifth Circuit held that the statute begins to run when a plaintiff has sufficient information to ***make an inquiry*** regarding the specific cause of the injury. *See* 46 F.3d at 381. In that case, the Court found that the statute of limitations started when the plaintiff's parents received a report, noting that the plaintiff had likely suffered "anoxia at birth" and resulting neurological damage, which provided "facts sufficient to compel a reasonable person to seek professional advice regarding [the plaintiff's] neurological difficulties and the connection, if any, to the problems associated with her birth." *Id.* Thus, knowing, or having reason to know, the precise cause of injury was not necessary; instead, having enough information regarding injury and cause (in *MacMillan* knowing of a potential cause) to begin an inquiry will start the limitations period. *See also Johnson v. United States*, 460 F.3d 616, 622 (5th Cir. 2006) (analyzing *MacMillan* and holding that knowing about a potential cause or facts that would lead a reasonable person to inquire into specific causation was sufficient to begin the FTCA's statute of limitations).

The Court's opinion correctly found that the FTCA's statute of limitations began shortly after Cooper and Alexander moved into the trailer because they were on notice at that time to pursue their claims:

> Here, the FTCA's two-year statute of limitations for Cooper's claims against the Government began to run when Alexander first associated Cooper's symptoms to conditions in the EHU shortly after they moved in. Cooper and Alexander both noticed an irritating chemical smell in the EHU and experienced physical symptoms such as a burning sensation in the nose, sneezing, and itchy eyes from the very first day they moved into the EHU. (Exhibit 4 to Rec. Doc. 2317, pp. 167-68, 313-14, 317-18). The physical symptoms were worse for Alexander and Cooper during the first couple of months they lived in the EHU (Exhibit 4 to Rec. Doc. 2317, pp. 181-82; 391-92), and during that time, Cooper's asthma worsened forcing him to increase the use of his inhaler. (Exhibit 4 to Rec. Doc. 2317, pp. 181-83; 391-92). Yet, Alexander waited until July 10, 2008 to file an administrative claim behalf of Cooper (Exhibit 1 to Rec. Doc. 2317). Even though Alexander did not immediately know of the exact cause of her and Cooper's physical symptoms, she was aware that they either began (in the case of the burning sensation in the nose, sneezing, and itchy eyes) or worsened (in the case of Cooper's asthma) when they initially took up residence in the EHU. The Court concludes that this was sufficient information regarding injury and causation that would lead a reasonable person to inquire further in the facts to determine the specific cause of the injury.

2009 WL 2599195 at *3 (footnotes omitted). The Court also correctly noted that an FTCA plaintiff "need not be aware, or have suffered, the full extent of his injuries for the limitations period to begin to run." *Id.* (citing *Beech v. United States*, 345 F2d 872, 874 (5th Cir. 1965)). Thus, there is no merit to PSC's contention that the accrual of the statute of limitations must be delayed for Cooper's alleged fear of cancer claims. *See* PSC Mem. at 3.

Nevertheless, PSC continues to take issue with the Court's finding that the statute accrued shortly after Alexander and Cooper moved into the trailer. First, the PSC argues that Alexander did not know about formaldehyde or potential health risks at the time because she had been assured "by a representative of either the United States or one of its contractors that the "chemical smell" was "nothing to worry about." PSC Mem. at 4. The Court correctly dealt with this contention in its Order:

> The Court finds that while a reasonable person would have inquired to determine the specific cause of the injury or physical symptoms allegedly experienced, were

-6-

>that same reasonable person to rely on the answer to such inquiry, she would
>know, at the very least, the identity of the person answering the important inquiry,
>in order to discern whether that person's answer could be relied upon with any
>degree of confidence. As for the argument that the limitations period was tolled
>based upon this representation (i.e., equitable tolling), regardless of who made it
>on whose behalf, the Court notes that the FTC''s statute of limitations is
>jurisdictional; thus, it is not subject to equitable tolling. *See John R. Sand &
>Gravel Co. v. United States*, 552 U.S. 130, 128 S.Ct. 750, 753, 169 L.Ed.2d 591
>(2008) (interpreting a similar limitations provision in 28 U.S.C. § 2501); *[Marley
>v. United States*, 567 U.S. 1030, 1035-36 (9th Cir. 2009)] (interpreting the
>limitations provision in the FTCA).

2009 WL 2599195 at *3 n.4. The PSC fails to cite any case law to contradict the Court's finding that the FTCA's statute of limitations cannot be equitably tolled based upon such a representation.

Second. the PSC states that the statute of limitations did not accrue shortly after Cooper and Alexander moved into their trailer because "Cooper did not have an immediate response or need to use his inhaler when he first entered the trailer" and he did not begin to "use his inhaler at an increased frequency until July 2006." PSC Mem. at 5. Even if Cooper did not have an immediate response or increase the use of his inhaler until July, however, the record is undisputed that Cooper and Alexander experienced symptoms that they related to the trailer during the first two months of living there and that these symptoms caused Cooper to increase the use of his inhaler. 2009 WL 2599195 at *3 n.4. The Court correctly found that experiencing the symptoms during the two month period and relating them to the trailer was sufficient to start the statutory period. The PSC cannot show that this was an obvious error law. Indeed, the Court noted that Alexander had timely filed her own administrative claim on February 15, 2008, less than two years after her claim accrued. *Id.* at n.3.

In sum, the PSC has failed to show *any* obvious error of law that would justify relief

from judgment under Fed. R. Civ. P. 60(b).

## **CONCLUSION**

For all of the foregoing reasons, the Court should deny PSC's motion for relief from judgment.

| | |
|---|---|
| Dated: November 3, 2009 | Respectfully Submitted, |
| TONY WEST<br>Assistant Attorney General, Civil Division | HENRY T. MILLER<br>Senior Trial Counsel |
| J. PATRICK GLYNN<br>Director, Torts Branch, Civil Division | ADAM DINNELL<br>MICHELLE BOYLE<br>MICHELE GREIF |
| DAVID S. FISHBACK<br>Assistant Director | JONATHAN WALDRON<br>Trial Attorneys |
| OF COUNSEL:<br>JORDAN FRIED<br>Associate Chief Counsel | //S// *Adam Bain*<br>ADAM BAIN (IN Bar No. 11134-49)<br>Senior Trial Counsel<br>United States Department of Justice |
| JANICE WILLIAMS-JONES<br>Trial Attorney<br>FEMA/DHS<br>Department of Homeland Security<br>Washington, D.C. 20472 | Civil Division – Torts Branch<br>P.O. Box 340, Ben Franklin Station<br>Washington, D.C. 20004<br>Telephone No: (202) 616-4209<br>E-mail: adam.bain@usdoj.gov |
| | Attorneys for the United States of America |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2009, the foregoing document was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison Counsel.

*//S// Adam Bain*
Adam Bain (IN Bar No. 11134-49)
