UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|     FORMALDEHYDE | * | |
|     PRODUCTS LIABILITY | * | |
|     LITIGATION | * | SECTION: N(5) |
| | * | |
| This Document Relates to: *Charlie Age, et al. v* | * | |
| *Gulf Stream Coach Inc., et al*, Docket No. 09-2892 | * | JUDGE: ENGELHARDT |
| | * | |
| **This Pleading Pertains Only to**: Severed Claims | * | |
| of Alana Alexander individually and on behalf | * | MAG: CHASEZ |
| of the minor child Christopher Cooper | * | |

*******************************************************************************

**MEMORANDUM IN SUPPORT OF GULF STREAM COACH, INC.'S
<u>MOTION TO ASSESS TAXABLE COSTS</u>**

**MAY IT PLEASE THE COURT:**

Gulf Stream Coach, Inc. respectfully submits the following Memorandum in Support of its Motion to Assess Taxable Costs:

    **I.    BACKROUND**

The above matter commenced to trial before a jury on September 14, 2009. After eight (8) days of trial, the jury returned a verdict in favor of Gulf Stream Coach, Inc. (as well as in favor of co-defendant, Fluor Enterprises, Inc.) on September 24, 2009. This Honorable Court entered Judgment on the jury verdict on October 6, 2009, dismissing with prejudice all claims by the plaintiff, Alana Alexander individually and/or on behalf of the minor child Christopher Cooper, against Gulf Stream Coach, Inc. and Fluor Enterprises, Inc. and assessing taxable costs against plaintiff. (Doc. 4757).

1

A. <u>Authority for Assessment of Costs</u>

The taxing of costs rests in the sound discretion of the trial court and will not be disturbed on appeal except in case of abuse of such discretion. See *U.S. Marshals Service v. Means*, 741 F.2d 1053 (8th Cir. 1984); and *State of Illinois v. Sangamo Construction Co*., 657 F.2d 855 (7th Cir. 1981). Pursuant to Federal Rule of Civil Procedure 54(d), costs ". . . should be allowed to the prevailing party." Fed. Rule Civ. Proc. 54(d). In this vein, federal law provides that "a judge or clerk of any court of the United States may tax as costs the following: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under section [28 U.S.C.A. 1923]; (6)compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section [28 U.S.C.A. 1828]." 28 U.S.C.A. 1920. The Uniform Local Rules allow that "within thirty (30) days after receiving notice of entry of judgment . . .the party in whose favor judgment is rendered and who claims and is allowed costs, shall serve on the attorney for the adverse party and file with the clerk a notice of application to have the costs taxed, together with a memorandum signed by the attorney of record stating that the items are correct and that the costs have been necessarily incurred." Uniform District Court Rules, Local Civil Rule LR 54.3.

As the Court observed through the nearly two weeks of trial, this matter involved significant and complex issues of: product design, construction and operation; medical, chemical, and materials science; and had potentially far-reaching implications in both legal and industrial communities given its nature as the first bellwether trial in the FEMA Trailer Formaldehyde Product Liability litigation. As such, it was necessary and, in fact, incumbent upon counsel for

Gulf Stream Coach, Inc. to obtain numerous depositions for trial preparation, motion practice and trial presentation. Indeed, many of the witnesses' testimonies were provided solely by way of video due to the unavailability of numerous witnesses. In addition, there were necessarily incurred costs for voluminous medical records, transcripts, reports, pleadings, scientific publications, and various other copies of items required for adequate preparation of expert and fact witnesses, discovery, pre-trial motions, trial preparation and trial presentation.

### B. Costs Taxable

The costs sought by Gulf Stream Coach, Inc. are those allowed by law under the Federal Rules of Civil Procedure, Federal statutes and/or Federal jurisprudence interpreting and applying same.

### 1. Depositions[1]

The recovery as taxable costs those costs incurred for the taking and/or procuring of depositions has been well settled. Depositions are considered to be reasonably necessary for use in the case, thereby allowing for the assessment as taxable costs the costs incurred in taking same, if, at the time they were taken it could be reasonably expected that the deposition would be used for trial preparation rather than merely for discovery or mere convenience of counsel. See *Fogleman v. ARAMCO*, 920 F.2d 278 (5th Cir. 1991). Costs for depositions, including the obtaining of transcripts of same, court reporter and videographer expenses and witness fees and expenses (expert and fact), are properly taxed as costs in favor of the prevailing party. See e.g. *Zapata Gulf Marine Corp. v. Puerto Rico Maritime Shipping Authority*, 133 F.R.D. 481 (E.D. La. 1990) (costs for 56 depositions allowed where many witnesses resided beyond subpoena

---

[1] Where noted, costs associated with court reporter, videographer, witness deposition fee for Plaintiff experts for whom payment was required for deposition by Gulf Stream Coach, Inc., video/transcript synchronization and deposition cuts for presentation at trial by video of certain witnesses are itemized.

3

power of jurisdiction, witnesses' testimony explained documents used at trial, quotations from depositions were used during trial presentations, and where all but four of the witnesses were listed as potential witnesses at trial); *Bendis v. Alexander and Alexander, Inc.,* 905 F.Supp. 963 (D.Kan. 1995) (copies of depositions taxable as costs against plaintiffs and in favor of prevailing defendant where depositions were used for impeachment and trial examination purposes); *Griffith v. Mt. Carmel Medical Center*, 157 F.R.D. 499 (D.Kan. 1994) (costs of depositions properly taxed where subject matter of case was sufficiently complex and depositions assisted prevailing party to conduct thorough and effective cross-examinations and to focus on the issues, and where many expert witnesses testified who had different and competing opinions – use of depositions was reasonably necessary and not merely a convenience to counsel); and *Chemical Bank v. Kimmel*, 68 F.R.D. 679 (D.C. Del. 1975) (deposition costs properly taxed against plaintiff in favor of prevailing defendant for costs of expert depositions where depositions were used by defendant not only for cross examination of plaintiff experts but also for preparation of direct examination of defendant's experts).  In addition, it is not necessary that the deposition transcript be admitted into evidence for the costs of same to be taxed in favor of the prevailing party.  See e.g. *Nissho-Iwai Co., Ltd. v. Occidental Crude Sales*, 729 F.2d 1530 (5th Cir. 1984); *Firemen's Fund Ins. Co. v. Standard Oil Co. of California*, 339 F.2d 148 (9th Cir. 1964); *Advance Business Systems & Supply Co. v. SCM Corp.*, 287 F.Supp. 143 (D.C. Md. 1968). Finally, travel expenses and fees associated with trial attendance of defense expert witnesses whom plaintiff had deposed are taxable as costs.  See *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63 (5th Cir. 1994).

As stated above, the trial (and preparation for trial) of this matter was extensive and involved highly complicated and important legal issues.  The jury heard the testimony of

4

numerous witnesses, many of whom were necessary to explain documents used at trial, theories of the plaintiff's or defendant's case, and/or to provide the factual background of the case. In addition, plaintiffs utilized approximately twenty (20) experts forcing defendants to have to similarly retain extensive experts and fact witnesses and obtain the depositions of each of them. Indeed, defendants' doing so gave rise to significant pre-trial motion practice in the forms of many successful dispositive motions, *Daubert* motions and motions *in limine* to narrow the issues for trial. These depositions, as set forth below, even if not admitted into evidence, were necessarily taken (and the associated costs incurred) for use in the case and not for mere discovery or convenience purposes. Uses of these depositions included but were not limited to the preparation for subsequent depositions of other witnesses, preparation of direct/cross examination of expert and fact witnesses, opening/closing statements, use of exhibits and documents at trial and/or for pre-trial motion practice that clarified issues for trial and/or resulted in the exclusion of inadmissible evidence.

The deposition costs associated with witnesses in this case (fact and expert) are as follows for which Gulf Stream, Inc. seeks to have assessed as taxable costs against Plaintiff:[2]

> a. Janet Barnes, M.D. (Plaintiff expert who testified live at trial regarding the treatment and alleged medical conditions of Christopher Cooper)
>
>   1. Deposition fee - $2,400.00
>   2. Deposition video, transcript and synch - $3,514.70
>
> a. Gary Bunzer (Plaintiff expert in recreational vehicle design and maintenance and whose opinions and testimony formed the basis, or parts thereof, of other experts called by Plaintiff (i.e. Stephen Smulski, Ph.D.))
>
>   1. Deposition fee - $2,100.00

---

[2] Attached as "in globo" exhibits are the following:
Exhibit 1: Deposition fee (plaintiff experts) invoices
Exhibit 2: Deposition cost invoices (transcript, video, synch, etc…)
Exhibit 3: Defense expert trial attendance expenses/fees invoices

      2. Deposition video, transcript and synch - $843.88

b. Mary DeVany, M.S., C.S.P., C.H.M.M. (Plaintiff expert in industrial hygiene, sampling and testing who was the subject of vigorous pre-trial motion practice for her representations made at deposition regarding her formaldehyde expertise and who Plaintiffs called to trial but who ultimately did not testify at trial)

      1. Deposition fee - $2,118.27
      2. Deposition video, transcript and synch - $1,085.00

c. Paul Hewett (Plaintiff expert statistician who testified live at trial)

      1. Deposition fee - $2,887.50
      2. Deposition video, transcript and synch - $2,458.87

d. Marco Kaltofen, P.E. (Plaintiff expert in sampling and testing who testified live at trial and whose opinions and testimony formed the basis or part thereof of other Plaintiff experts)

      1. Deposition fee - $3,500.00
      2. Deposition video, transcript and synch - $1,882.15

e. James Kornberg, M.D. Sc.D. (Plaintiff expert for specific causation and medical monitoring who testified live at trial and whose opinions and testimony formed the basis or part thereof of a large portion of Plaintiff's alleged damages and also other Plaintiff expert opinions (i.e. Thomas Mayor))

      1. Deposition fee - $6,240.00
      2. Deposition video, transcript and synch - $3,533.61

f. Paul LaGrange (Plaintiff expert HVAC and building envelope tester whose opinions and work formed a large part of the opinions offered by other Plaintiff experts including testifying experts Ervin Ritter, P.E. and Alexis Mallet, Jr. both of whom testified at trial and all of whom were the subject of extensive pre-trial motion practice regarding admissibility of their opinions)

      1. Deposition fee - $1,500.00
      2. Deposition video, transcript and synch - $1,502.30

g. Lila Laux, Ph.D. (Plaintiff expert in warnings and human factors whose opinions and testimony formed the basis of Plaintiff's inadequate warnings claim and who was the subject of significant pre-trial motion practice regarding the admissibility of her opinions)

      1. Deposition video, transcript and synch - $3,417.90

h.  Gerald McGwin, M.S., Ph.D. (Plaintiff expert in causation and epidemiology of asthma and nasopharyngeal cancer who testified live at trial)

   1. Deposition fee - $2,400.00
   2. Deposition video, transcript and synch - $3,254.85

i.  Alexis Mallet, Jr. (Plaintiff expert in construction and building function who testified live at trial)

   1. Deposition fee - $3,600.00
   2. Deposition video, transcript and synch - $2,039.80

j.  Charles David Moore, P.E. (Plaintiff expert structural engineer who testified live at trial)

   1. Deposition video, transcript and synch - $689.80

k.  Karin Pacheco, M.D., M.S.P.H. (Plaintiff expert who physician who examined Christopher Cooper and testified by video deposition at trial)

   1. Deposition fee - $2,880.00
   2. Deposition video, transcript and synch - $2,994.50

l.  Ervin Ritter, P.E. (Plaintiff expert HVAC engineer who testified live at trial)

   1. Deposition video, transcript and synch - $1,195.60

m.  William D. Scott, P.E., C.H.M.M. (Plaintiff expert in testing and sampling whose opinions and testimony formed the basis or part thereof of other Plaintiff expert opinions)

   1. Deposition fee - $1,960.00
   2. Deposition video, transcript and synch - $2,983.65

n.  Edward Schwery, Ph.D. (Plaintiff expert psychologist who testified live at trial)

   1. Deposition fee - $4,500.00
   2. Deposition video, transcript and synch - $1,669.90

o.  Stephen Smulski, Ph.D. (Plaintiff expert materials scientist who testified live at trial)

   1. Deposition fee - $2,137.50
   2. Deposition video, transcript and synch - $4,858.25

p.  Patricia Williams, Ph.D., D.A.B.T. (Plaintiff expert toxicologist who testified live at trial)

   1. Deposition fee - $3,150.00
   2. Deposition video, transcript and synch - $1,788.80

q.  Graham Allan (Defense expert who was deposed and retained for rebuttal of Plaintiff expert Stephen Smulski, Ph.D.)

   1. Deposition video, transcript and synch - $1,624.40
   2. Trial attendance expenses and fees - $12,833.42

r.  Megan Ciota, Ph.D. (Defense expert psychologist who was deposed and retained for rebuttal of Plaintiff expert Edward Schwery, Ph.D.)

   1. Deposition video, transcript and synch - $440.75

s.  Philip Cole, M.D. (Defense expert in cancer epidemiology who testified live at trial)

   1. Deposition video, transcript and synch - $1,228.43
   2. Trial attendance expenses and fees - $5,744.00

t.  Nathan T. Dorris, Ph.D., C.P.E. (Defense expert in warnings and human factors who was deposed and retained for rebuttal of Plaintiff expert Lila Laux, Ph.D.)

   1. Deposition video, transcript and synch - $1,344.25

u.  William Dyson, Ph.D., C.I.H. (Defense expert in industrial hygiene deposed and retained for rebuttal of Plaintiff experts in industrial hygiene, testing and sampling)

   1. Deposition video, transcript and synch - $849.80

v.  Michael Ginevan, Ph.D. (Defense expert statistician who was deposed and retained for rebuttal of Plaintiff expert Paul Hewett, Ph.D.)

   1. Deposition video, transcript and synch - $993.00

w.  Gary M. Marsh, Ph.D., F.A.C.E. (Defense expert epidemiologist deposed and retained for explanation of scientific articles and epidemiologic issues raised by Plaintiff experts)

   1. Deposition video, transcript and synch - $420.77

8

x.  Damien W. Serauskas, P.E. (Defense expert in HVAC engineering who testified live at trial and was deposed and retained for rebuttal of Plaintiff experts Ervin Ritter, P.E., Paul LaGrange and Alexis Mallet, Jr.)

   1. Deposition video, transcript and synch - $602.55
   2. Trial attendance expenses and fees - $2,800.00

y.  Kenneth B. Smith, M.D. (Defense expert in pulmonology retained and deposed for rebuttal of Plaintiff expert physician Karin Pacheco, M.D. and Janet Barnes, M.D. on issues of asthma and for pulmonary function testing by H. James Wedner, M.D.)

   1. Deposition video, transcript and synch - $627.50

z.  H. James Wedner, M.D. (Defense expert in allergy and immunology who testified live at trial)

   1. Deposition video, transcript and synch - $548.35

aa. Robert D. James, M.D. (Defense expert in toxicology who testified live at trial)

   1. Deposition video, transcript and synch - $694.43

bb. Jessica Herzstein, M.D. (Defense expert in medical monitoring deposed and retained for rebuttal of Plaintiff expert Dr. James Kornberg)

   1. Deposition video, transcript and synch - $819.56

cc. Christopher DeRosa (fact/expert witness who testified at trial via video deposition)

   1. Deposition video, transcript and synch - $1,407.25

dd. Jim Shea (fact witness who testified at trial via video deposition)

   1. Deposition video, transcript and synch - $1,282.85

ee. Eddie Abbott (fact witness who testified at trial via video deposition)

   1. Deposition video, transcript and synch - $421.90

ff. Dan Shea (fact witness who testified at trial via video deposition)

   1. Deposition video, transcript and synch - $818.48

gg. Jeff Zumbrun (fact witness who testified at trial via video deposition)

   1. Deposition video, transcript and synch - $226.99

hh. Angela Baksh (fact witness who testified live at trial)

   1. Deposition video, transcript and synch - $843.22

ii. Gerald Blanchard (fact witness who testified at trial via video deposition)

   1. Deposition video, transcript and synch - $446.20

jj. Heath Allen (fact witness that testified live at trial)

   1. Deposition video, transcript and synch - $316.95

kk. Travis Allen (fact witness that testified live at trial)

   1. Deposition video, transcript and synch - $281.90

ll. Al Whitaker (fact witness that testified live at trial)

   1. Deposition video, transcript and synch - $ 1,238.25

mm.   Dwight Durham (fact witness who testified at trial via video deposition)

   1. Deposition video, transcript and synch - $331.43

nn. Joseph Little (fact witness who testified at trial via video deposition)

   1. Deposition video, transcript and synch - $974.55

oo. Guy Bonomo (fact witness who testified at trial via video deposition)

   1. Deposition video, transcript and synch - $233.20

pp. Martin McNeese (fact witness who testified at trial via video deposition)

   1. Deposition video, transcript and synch - $726.50

qq. Burl Keel (fact witness who testified at trial via video deposition)

   1. Deposition video, transcript and synch - $500.18

rr. James Brown (fact witness who testified at trial via video deposition)

   1. Deposition video, transcript and synch - $226.99

ss. Kyle Timmins (fact witness who testified at trial via video deposition)

   1. Deposition video, transcript and synch - $226.99

tt. Robert Duckworth (fact witness who testified live at trial)

    1. Deposition video, transcript and synch - $274.25

uu. Kevin Souza (fact witness who testified at trial via video deposition)

    1. Deposition video, transcript and synch - $896.85

vv. David Garratt (fact witness who testified at trial via video deposition)

    1. Deposition video, transcript and synch - $1,278.85

ww. Stanly Larson (fact witness who testified at trial via video deposition)

    1. Deposition video, transcript and synch - $553.46

xx. Michael Harder (fact witness who testified at trial via video deposition)

    1. Deposition video, transcript and synch - $450.90

yy. Stephen Miller (fact witness who testified at trial via video deposition)

    1. Deposition video, transcript and synch - $1,148.35

zz. Shirley Alexander (fact witness who testified live at trial)

    1. Deposition video, transcript & synch - $581.50

aaa. Christopher Cooper (Plaintiff who testified live at trial)

    1. Deposition video, transcript & synch - $535.15

bbb. Alana Alexander (Plaintiff who testified live at trial)

    1. Deposition video, transcript & synch - $2,376.13

ccc. Ericka Alexander (fact witness who testified live at trial)

    1. Deposition video, transcript & synch - $723.39

fff. Scott Pullin (fact witness who testified live at trial)

    1. Deposition video, transcript and synch - $99.16

ggg. Scott Bailey (fact witness who testified live at trial)

    1. Deposition video, transcript and synch - $90.55

 hhh. Jeremiah Scott (fact witness – Christopher Cooper's coach who was listed as a witness by Plaintiff for trial but not called)

   1. Deposition video, transcript and synch - $558.95

 iii. Linda Esparza (former Gulf Stream Coach, Inc. employee listed by Plaintiff for trial but not called)

   1. Deposition video, transcript and synch - $226.99

 jjj. Terry Slone (former Gulf Stream Coach, Inc. employee listed by Plaintiff for trial but not called)

   1. Deposition video, transcript and synch - $226.99

 kkk. David Methot (Fluor Enterprises, Inc. employee listed by Plaintiff or Fluor for trial but not called)

   1. Deposition video, transcript and synch - $956.28

 lll. Michael Lapinski (FEMA employee deposed by Plaintiff on issue of Federal Tort Claims Act claim against FEMA)

   1. Deposition video, transcript and synch - $603.70

 mmm. David Porter (FEMA employee deposed and listed by Plaintiff or Fluor for trial but not called)

   1. Deposition video, transcript and synch - $929.45

 nnn. Michael Lindell (FEMA expert on issue of disaster response listed by Plaintiff or Fluor for trial but not called)

   1. Deposition video, transcript and synch - $2,367.20

 ooo. Dr. Richard Monson (FEMA expert on health effects of formaldehyde listed by Plaintiff or Fluor for trial but not called)

   1. Deposition video, transcript and synch - $515.35

 ppp. Leonard Quick, P.E. (Fluor expert engineer listed for trial but not called)

   1. Deposition video, transcript & synch - $639.05

 qqq. Jeremy Williams

   1. Deposition video, transcript and synch - $227.00

 rrr. William Dudek

1. Deposition video, transcript and synch - $227.00

sss. Todd Lentych

1. Deposition video, transcript and synch - $227.00

ttt. Mark Polk

1. Deposition video, transcript and synch - $1,106.70

uuu. Joe Cleland

1. Deposition video, transcript and synch - $227.00

vvv. Philip Savari

1. Deposition video, transcript and synch - $292.17

www. Andy Cristina

1. Deposition video, transcript and synch - $466.55

xxx. Dr. George Farber

1. Deposition video, transcript and synch - $323.50

yyy. Brian Shea

1. Deposition video, transcript and synch - $292.93

zzz. Elizabeth Ganiere

1. Deposition video, transcript and synch - $72.92

aaaa. Coreen Robbins

1. Deposition video, transcript and synch - $1,973.00

**Totals for Deposition Costs, Plaintiff Expert Deposition Fees and Defense Expert Trial Attendance Expenses and Fees:**

1. Deposition costs: $81,879.45

2. Plaintiff expert deposition fees: $42,813.27

3. Defense expert trial attendance expenses and fees: $21,377.42

    **2.**    **Copy and Exemplification Costs**

        a.    Medical Records[3]

            1.    Alana Alexander - $86.00

            2.    Christopher Cooper - $208.04

**Total for Medical Records:**    $294.04

        b.    Other Copy Costs - $22,075.78[4]

        c.    Daily Trial Transcripts - $13,048.80[5]

**C.**    **Conclusion**

Wherefore, Gulf Stream Coach, Inc. respectfully asks that the following costs be assessed against Plaintiff and in favor of Gulf Stream Coach, Inc.:

    1.    Deposition costs: $81,879.45

    2.    Plaintiff expert deposition fees: $42,813.27

    3.    Defense expert trial attendance expenses and fees: $21,377.42

    4.    Medical records: $294.04

    5.    Copies: $22,075.78

---

[3] See Exhibit 4 "in globo."

[4] See Exhibit 5 "in globo."

[5] See Exhibit 6 "in globo." The obtaining of daily trial transcript costs were necessary for effective cross and direct examinations as well as closing arguments in this case and should be properly taxed as costs. See *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63 (5th Cir. 1994); *Machesney v. Larry Bruni, M.D.*, 905 F.Supp 1122 (D.D.C. 1995); *Bass v. Spitz*, 522 F.Supp 1343 (S.D.N.Y. 1995); *U.S. v. Bexar County*, 89 F.R.D. 391 (W.D. Tex. 1981).

6. Daily trial transcripts: $13,048.80[6]

TOTAL: $181,488.76

Respectfully submitted,

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER, & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK #18495
JOSEPH G. GLASS #25397**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
Fax: (504) 837-3119
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON
Timothy D. Scandurro #18424
Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
Telephone: (504) 522-7100
tim@scanlayr.com
dewey@scanlayr.com
*Counsel for Defendant, Gulf Stream Coach, Inc.*

**C E R T I F I C A T E**

I hereby certify that on the 3rd day of November, 2009, a copy of the foregoing Memorandum in Support of Gulf Stream Coach, Inc.'s Motion to Assess Taxable Costs was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495