UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | : | MDL NO. 2:07-MD-1873 |
| | : | SECTION "N" (5) |
| THIS DOCUMENT IS RELATED TO: | : | JUDGE ENGELHARDT |
| *Linda Maldonado - West, et al v. Palm Harbor Homes, Inc., et al., No. 09-5566* | : | MAGISTRATE JUDGE CHASEZ |

### PRESERVATION OF DEFENSES ON BEHALF OF PALM HARBOR HOMES, INC., PALM HARBOR ALBERMARLE, LP, AND PALM HARBOR MANUFACTURING, LP

NOW INTO COURT, through undersigned counsel, come Defendants, Palm Harbor Homes, Inc., Palm Harbor Albermarle, LP,[1] and Palm Harbor Manufacturing, LP[2] (collectively "Defendants"), who, pursuant to Pretrial Order No. 4 and in accordance with the Federal Rules of Civil Procedure, respectfully submit the following list of defenses to be preserved in the underlying action of *Linda Maldonado West, et al v. Palm Harbor Homes, Inc. et al*, which was filed in the U.S. District Court, Southern District of Mississippi, Civil Action No. 1:09-cv-00432-HSO-JMR, and supplements and amends all previous Preservations of Defenses filed by these Defendants in the MDL and all underlying actions.

Defendants submit the following defenses that are anticipated to be raised should the underlying matters proceed forward against these Defendants:

---

[1] Erroneously identified as Palm Harbor Albermarle, LLC in the Complaint for Damages.

[2] Erroneously identified as Palm Harbor Manufacturing, Inc. in the Complaint for Damages.

1

1. **Article III Standing.** Plaintiffs have failed to satisfy their burden of establishing Article III standing against the Defendants, and thus this Court does not have subject matter jurisdiction over Plaintiffs' claims against the Defendants.

2. **Improper Joinder.** Plaintiffs have improperly joined whatever individual claim each may theoretically have against a Defendant with claims that other Plaintiffs may or may not have against other Defendants and have failed to demonstrate any common evidentiary link between either Plaintiffs' claims or the Defendants. Accordingly, the claims levied against the Defendants solely as members of the "industry" should be dismissed.

3. **Rule 12(b)(3).** Improper venue as any Plaintiffs who reside outside the Eastern District of Louisiana.

4. **Rule 12(b)(6).** Failure to state a claim upon which relief can be granted because the claims alleged are barred by federal preemption pursuant to 42 U.S.C. § 5401, et seq., 24 C.F.R. § 3280, *et seq.*, and 24 C.F.R. § 3282, *et seq.*, as this Court ruled May 29, 2009, just prior to the filing of the underlying action.

5. **Rule 12(b)(6).** Failure to state a claim upon which relief can be granted to the extent the Complaint fails to identify a particular plaintiff with alleged exposure to a product manufactured by these Defendants.

6. **Rule 12(b)(6).** Failure to state a claim insofar as Plaintiffs have not alleged and cannot prove either specific or general causation for their alleged injuries.

7. **Rule 12(b)(6).** Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' negligence, negligence *per se*, gross negligence, recklessness, failure to inspect, breach of implied warranty and "failing to act in a prudent manner" claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

8. **Rule 12(b)(6).** Failure to state a claim for breach of implied and express warranty because implied warranty claims are not available to plaintiffs under the Louisiana Products Liability Act. Express warranty claims are available under the Louisiana Products Liability Act only if the express warranty has induced the claimant or other person or entity to use the product and the claimant's damage was proximately caused because the express warranty was untrue.

9. **Rule 12(b)(6).** Failure to state a claim upon which relief can be granted as plaintiffs' claims are prescribed under Louisiana's one year prescriptive period.

10. **Rule 12(b)(6).** Failure to state a claim upon which relief can be granted as plaintiffs have not alleged a specific or present manifest injury or disease resulting from the alleged exposure, nor are plaintiffs entitled to medical monitoring damages to the extent plaintiffs seek same.

11. **Rule 12(b)(6).** Failure to state a claim because plaintiffs' failed to make any particularized allegations regarding their injuries and damages, and failed to make any particularized connecting any particular plaintiff to conduct by any particular defendant.

12. **Rule 12(b)(6).** Failure to state a claim for breach of express and implied warranty under Mississippi, Texas, Alabama or any other applicable law as such claims are precluded as plaintiffs do not rely and cannot prove contractual sale, privity of contract, or reliance.

13. **Rule 12(b)(6).** Failure to state a claim upon which relief can be granted to the extent that plaintiffs' allege strict liability as there is no basis under Louisiana law for same.

14. **Rule 12(b)(6).** Failure to state a claim upon which relief can be granted to the extent the plaintiffs seek to impose joint and several, solidary liability and/or market share liability upon manufacturing defendants, as such claims are precluded by applicable law.

15. **Rule 12(b)(6).** Failure to state a claim upon which relief can be granted for attorney's fees as there is no basis under Louisiana, Mississippi, Alabama, Texas or Federal law, and/or any other applicable law for the awarding of attorney's fees based upon the facts alleged in the complaint.

16. **Rule 12(b)(6).** Failure to state a claim upon which relief can be granted to the extent plaintiffs' seek property damages under Louisiana, Mississippi, Alabama or Texas law, as plaintiffs are not entitled to recover same.

17. **Rule 12(b)(6).** Failure to state a claim upon which relief can be granted to the extent plaintiffs seek punitive damages as there is no basis for awarding punitive damages under the facts alleged in the complaint and applicable law.

18. **Rule 12(b)(6).** Failure to state a claim upon which relief can be granted to the extent plaintiffs seek compensatory damages as there is no basis for awarding same under the facts alleged in the complaint and applicable law.

19. **Rule 12(b)(6).** Failure to state a claim upon which relief can be granted to the extent plaintiffs seek damages pursuant to La. C.C. Arts. 2524 and 1994, 1995, and 1997, as there is no basis for awarding same under the facts alleged in the complaint and applicable law.

20. **Rule 12(b)(6).** Failure to state a claim for injunctive relief as there is no basis for same under the facts alleged in the complaint and applicable.

21. **Rule 12(b)(6).** Plaintiffs lack standing as they are not the purchasers or buyers of the units at issue.

22. **Rule 12(b)(6).** Plaintiffs have failed to mitigate their damages.

23. **Rule 12(e).** Motion for more definite statement of the complaint based on the plaintiffs' failure to make particularized allegations about Defendants' alleged violations of law, alleged breach of duties, Plaintiffs' injuries and damages and failure to make any particularized allegation about any particular defendant's alleged conduct.

24. **Rule 9(b).** Concealment, conspiracy, misrepresentation, and fraud claims should be dismissed for failure to plead such claims with the requisite particularity.

25. **Rule 12(b)(1).** Plaintiffs fail to establish that the court has subject matter jurisdiction over their claims.

26. **Rule 12(b)(5).** Plaintiffs have failed to sufficiently serve process upon these defendants.

27. **Rule 12(b)(2).** Plaintiffs fail to establish that the court has personal jurisdiction over these defendants.

28. **Rule 12(b)(6).** Plaintiffs fail to state a claim upon which relief can be granted under the products liability laws of Alabama, Louisiana, Mississippi, and/or Texas.

29. **Rule 12(b)(6).** Plaintiffs' claims against these defendants are barred by the applicable statutes of limitation, prescriptive, and preemptive periods, and/or latches.

30. **Rule 12(b)(6).** Plaintiffs' claims are barred by the doctrines of waiver, ratification, unclean hands and/or estoppel.

31. **Rule 12(b)(6).** Plaintiffs' claims are barred by the principles of res judicata and/or collateral estoppel.

32. **Plaintiffs' conduct.** Plaintiffs' claims should be dismissed, or alternatively, their damages (the existence of which is denied) should be reduced due to each plaintiff's own negligent conduct, lack of care, comparative fault, breaches of contract, fraud or legal fault.

33. Plaintiffs have not sustained any damages proximately caused by the Palm Harbor Defendants.

34. The damages allegedly sustained by plaintiffs (the existence of such damages is denied) were the results of acts or omissions of parties other than this defendant for which this defendant is not legally responsible.

35. Some or all of plaintiffs' claims may be subject to binding arbitration.

36. **Rule 12(b)(6).** Plaintiffs fail to state a failure to warn claim because they are charged with the knowledge of the federally mandated warnings regarding formaldehyde set forth in 24 C.F.R. § 3280, *et seq.* and in addition these Defendants provided proper warnings.

37. Plaintiffs were properly warned of the risks of formaldehyde alleged to exist in this defendant's product and the symptoms and/or injuries that could occur by occupying this defendant's products, which are the very type and nature of symptoms and injuries they allege they have suffered.

38. Plaintiffs' claims are barred by the government contractor defense as set forth in Boyle v. United Technologies Corp., 487 U.S. 500, 101 L. Ed.2d 442, 108 S. Ct. 2510 (1988).

These Defendants hereby preserve, adopt, and incorporate all defenses and motions to dismiss raised and brief in the Manufacturing Defendants' Supplemental Memorandum in Support of their Joint Rule 12(b)(6) Motion to Dismiss (Doc 922) and the Manufacturing Defendants' Joint Rule 9(b) Motion to Dismiss. These Defendants hereby also preserve, adopt, and incorporate all defenses and motions to dismiss or other applicable items listed on the preservation lists of similarly situated co-defendants in MDL 07-1873 and in all underlying cases that have been transferred into MDL 07-1873, and all applicable Rule 12 and Rule 9 Motions filed by similarly situated co-defendants in the MDL, as if copied herein *in extenso*. These Defendants reserve the right to amend

or supplement these defenses and motions to dismiss and to file any other appropriate preliminary pleadings, dispositive motions or affirmative defenses in this case and in any other cases in which they have been or may be named as a party.

/s/ Eric L. Lindstrom
CRADDOCK DAVIS & KRAUSE LLP
Michael J. Craddock
Texas State Bar No. 04970300
mcraddock@cdklawfirm.com
Eric L. Lindstrom
Texas State Bar No. 12385200
elindstrom@cdklawfirm.com
3100 Monticello Avenue, Suite 550
Dallas, Texas 75205-3466
(214) 750-3550
(214) 750-3551 (FAX)

**ATTORNEYS FOR DEFENDANT PALM HARBOR HOMES, INC., PALM HARBOR ALBERMARLE LP AND PALM HARBOR MANUFACTURING**

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on November 6, 2009, I electronically filed with the Clerk of the Court the foregoing *Preservation of Defenses* by using the CM/ECF system, which will send a notice of electronic filing to:

| | |
|---|---|
| Gerald Edward Meunier | gmeunier@gainsben.com, dmartin@gainsben.com |
| Andrew D. Weinstock | andreww@duplass.com, caccardo@duplass.com, cmotes@duplass.com |
| Justin I. Woods | jwoods@gainsben.com. ssnyder@gainsben.com |
| Henry Thomas Miller | henry.miller@usdoj.gov, etl.files@usdoj.gov |

    I also certify that I have mailed by United States Postal Service this filing to the following non-CM/ECF participants:

Jeffrey N. Luthi  
One Columbus Circle, NE  
Federal Judiciary Bldg., Room G-255  
Washington, DC 20002

                                                   /s/ Eric L. Lindstrom