UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER <br>     FORMALDEHYDE PRODUCTS <br>     LIABILITY LITIGATION <br>     This applies to all cases | )    MDL NO. 1873 <br> )    SECTION "N" (5) <br> ) <br> )    JUDGE ENGELHARDT <br> )    MAGISTRATE CHASEZ |

**KEYSTONE RV COMPANY'S REPORT CONCERNING
BELLWETHER TRIAL CANDIDATES**

Defendant Keystone RV Company ("Keystone") submits this report pursuant to Pretrial Order No. 46.[1] The purpose of the report is explain why the Court should select one of the four candidates proposed by the defendants, and why the Court should reject the plaintiffs' candidate.

**Background**

The list of proposed candidates is as follows:

---

[1] *See* Rec. Doc. No. 5744 (Pretrial Order No. 46). The Court is well-familiar with the history related to this bellwether trial. Keystone's bellwether trial was previously set for January 11, 2010. After a long and tortured process, the claims of the two different bellwether candidates, Diana Bell and Raymond Bell, III, were dismissed with prejudice. The Court then reset the Keystone/CH2M HILL trial for July 19, 2010.

| Bellwether Candidate | Proposed By | Position of Other Parties | CERTIFICATION FORM COMPLETED? |
|---|---|---|---|
| John Edinburg | Plaintiffs | Keystone, CH2M Hill, Government object to selection | Yes [2] |
| Jonah Stevenson | Keystone | CH2M HILL and Government do not object to selection; plaintiffs object to selection | No |
| David L. McGraw | CH2M HILL | Keystone and Government do not object to selection; plaintiffs object to selection | Yes |
| Kenneth Risch | Keystone | CH2M HILL and Government do not object to selection; plaintiffs object to selection | Yes |
| Paul Lastrapes | Keystone | CH2M HILL and Government do no object; plaintiffs object | No [3] |

Plaintiffs have objected to <u>all</u> the candidates proposed by defendants. The only explanation for objecting to Mr. Risch is that he lived in a travel trailer he

---

[2] Presumably, as the plaintiffs' proposed candidate, Mr. Edinburgh has agreed to be a bellwether plaintiff. Plaintiffs' counsel has not, however, provided a signed certification form for Mr. Edinburgh.

[3] As discussed below, Plaintiffs' Counsel refused to contact Mr. Lastrapes to ask whether he would sign a certification form.

purchased before moving into his FEMA-issued trailer. As discussed below, this is not a good reason to reject Mr. Risch. Plaintiffs haven't provided any explanation for objecting to the other defense candidates.

Despite multiple attempts to engage in a discussion about the candidates and possibly reach an agreement on a bellwether candidate (as was accomplished in the Gulf Stream and Forest River cases), plaintiffs declared that "the reality is that we will never reach a consensus."[4] Consequently, Keystone submits this report addressing each of the proposed candidates.

### (a)   John Edinburgh (Proposed by Plaintiffs)

Mr. Edinburgh is not an appropriate bellwether plaintiff for *at least* five important reasons, which are discussed below.

First, the Court has expressed its intent to try one or more bellwether cases involving smokers. Mr. Edinburg is not a current smoker. Given the number of smokers involved in this litigation, it is important to try one or more bellwether cases involving smokers. Currently, none of the other bellwether trials involve a plaintiff who is a smoker. As the Manual for Complex Litigation observes, if bellwether trials "are to produce reliable information about other mass tort cases, the specific plaintiffs and their claims should be representative of the range of cases….The more representative the test cases, the more reliable the information

---

[4] *See* Exhibit "1" (November 5, 2009 email from Justin Woods).

about similar cases will be."[5] According to many of the Plaintiff Fact Sheets, a large number of the existing plaintiffs are smokers and have smoked in their units. Thus, it is important to have a bellwether case presenting similar circumstances.

Because he's not a current smoker, Mr. Edinburgh's claims will not be representative of the large percentage of claims by individuals who smoked in their FEMA trailers. Thus, he is not a suitable bellwether candidate.

Second, Mr. Edinburgh's fact sheet is deficient and Keystone cannot, for example, confirm that he lived in a Keystone unit installed by CH2M HILL.[6] These deficiencies include:

- No manufacturer listed (p. 8);
- No VIN number listed (p. 8);
- No FEMA Identification number listed (p. 8); and
- No Bar Code or FEMA housing unit number (p. 8).[7]

Plaintiff's counsel have represented that Mr. Edinburg is an eligible plaintiff and have provided his unit's VIN number by email. They have not, however, provided an updated PFS.[8]

---

[5] Manual For Complex Litigation, 4th, Section §22.315, p. 360.

[6] CH2M HILL has located certain records that indicate Mr. Edinburg *may* have lived in Keystone unit.

[7] *See* Plaintiff Fact Sheet for John Edinburg.

[8] Keystone does not suggest that Plaintiffs' counsel have provided incorrect information about Mr. Edinburgh. However, Keystone simply notes that in this

{B0622494.3}　　　　　　　　　　　　　　　4

Third, Mr. Edinburgh has medical problems that existed before he moved into his FEMA trailer. His prescription drug history, a copy of which plaintiffs attached to Edinburgh's PFS, indicates he has high blood pressure, diabetes, and emotional problems, all of which predate living in the FEMA trailer.[9] Keystone believes these problems are unusual and not representative. In addition, the problems will confound the causation analysis and confuse the jury.

Fourth, many of Mr. Edinburgh's medications can produce symptoms similar to those he associates with living in the FEMA trailer. For example, the records show he took Prinivil before and during the time he lived in his FEMA trailer. This drug can cause side effects like diarrhea, dizziness, headaches, and skin rashes. Similarly, Metaformin, a medication Edinburgh takes for diabetes, can cause diarrhea, indigestion, abdominal discomfort, and headaches. In addition, Hydroxyzine PAM, a drug used to treat anxiety and nervousness, can cause drowsiness, blurred vision, and headaches. Mr. Edinburgh complains of all of these symptoms in his Plaintiff Fact Sheet.[10]

Fifth, Mr. Edinburgh's unit was tested at least three times, according to plaintiffs' counsel. The first test resulted in a level of 2400 ppb or 2.4 ppm.[11] That

---

instance, it is important to have information (such as a completed fact sheet) provided by the plaintiff himself.

[9] *See* Plaintiff Fact for John Edinburgh, attached Prescription Drug listing.

[10] *Id.*, p. 3-4.

[11] The other test results were .3 ppm and .31 ppm.

result is so much higher than other tests, that it suggests a problem with the test procedure itself.  In addition, faced with three different tests, the jury may be confused and find it impossible to determine "the" formaldehyde level to which Mr. Edinburgh was exposed.  Based on this testing issue alone, Mr. Edinburgh is not representative and thus is not an appropriate bellwether candidate.

>	(b)	**David L. McGraw (Proposed by CH2M HILL)**

CH2M HILL proposed David McGraw as their bellwether selection. As of the date of this filing, plaintiffs have refused to provide any specific objections to Mr. McGraw.  Keystone believes he would be a good candidate because: (a) he is a current smoker and smoked in his FEMA trailer; (b) the symptoms he identified on his fact sheet (headaches, nausea, abdominal pain, diarrhea, shortness of breath and coughing) are reasonably typical of claimants in the plaintiff pool[12]; and (c) he signed a certification form indicating his willingness to serve as a bellwether candidate.[13]  In addition, Mr. McGraw lived alone in his FEMA trailer.  Thus, there will be no other claimants whose trial would involve the same trailer.  Finally, Mr. McGraw is an apparently healthy, working 46-year old male, with no other obvious illnesses that could affect a causation analysis.

>	(c)	**Jonah Stevenson (Proposed by Keystone)**

Keystone suggested Jonah Stevenson as its bellwether candidate.  Plaintiffs have not provided a certification for Mr. Stevenson.  In response to a specific

---

[12] *See* Plaintiff Fact Sheet for David McGraw.

[13] *See* Exhibit "2" (Certification form for David McGraw).

question regarding whether he would serve as a bellwether, plaintiffs counsel simply stated that "Jonah Stevenson will not sign a certification because he does not live in Louisiana at this time." Plaintiffs' counsel did not provide any further explanation about Stevenson's situation or why he was not a suitable bellwether candidate.

Mr. Stevenson, like Mr. McGraw, is a good candidate because his symptoms (throat and eye irritation, skin irritation, coughs, nausea, diarrhea, and allergies) are typical of other plaintiffs in the pool and because he is a current smoker.[14] Stevenson is also an apparently otherwise healthy adult male.

**(d)   Kenneth Risch (Proposed by Keystone)**

Keystone also proposed Mr. Risch as a bellwether candidate. Like the other defense candidates, he is a current smoker. He still lives and works in the New Orleans area. He lists a number of symptoms in his Plaintiff Fact Sheet that are consistent with other plaintiffs—eye and nose irritation, headaches, wheezing, persistent cough, eyesight problems, and emotional distress.[15] Like McGraw and Stevenson, plaintiffs objected to Mr. Risch as a bellwether, but have only given as a reason the fact that before he moved into his FEMA trailer, he lived in a trailer that he purchased. Plaintiffs have refused to identify the manufacturer of the other trailer, but have conceded that Mr. Risch has not sued the manufacturer of the other trailer. Previously, the Court had instructed that the bellwether plaintiff

---

[14] *See* Plaintiff Fact Sheet for Jonah Stevenson.

[15] *See* Plaintiff Fact Sheet for Kenneth Risch, p. 3-4.

should have only lived in one FEMA trailer.  One of the stated reasons for that limitation was to avoid two manufacturer defendants having to defend the same claim.  Such is *not* the case with Mr. Risch.

Risch lived in only one FEMA trailer and has not sued the manufacturer of trailer he purchased.   The fact that Keystone or the other defendants may attempt to apportion liability to another unnamed manufacturer does not affect the issues at trial. As the Court is aware, the defendants in these bellwether trials can attempt to apportion liability to any other party—whether named or unnamed—and this should not preclude selection as a bellwether.  Further, Kenneth Risch signed a certification, indicating his willingness to be a bellwether plaintiff.[16] He also indicates that he lived alone in his unit.  For all these reasons, he is entirely appropriate as a bellwether plaintiff.

    **(e)    Paul Lastrapes (Proposed by Keystone)**

Keystone's last bellwether candidate would be a suitable plaintiff for many of the same reasons listed above in the discussion of McGraw, Stevenson and Risch. Like those individuals, Lastrapes is a current smoker.[17]   His listed symptoms consistent with other plaintiffs in the potential pool:  burning nose, "formaldehyde exposure" and possibility of cancer."[18]   Other than these alleged problems, Mr. Lastrapes appears to be a healthy, adult male.  His fact sheet also shows that he

---

[16] *See* Exhibit "3" (Certification form for Kenneth Risch).

[17] *See* Plaintiff Fact Sheet for Paul Lastrapes, p. 12.

[18] *Id*. at p. 3-4.

lived in his trailer with two other individuals, Cassandra Wilson and Pearl Sylve. Keystone believes he would be a good bellwether plaintiff.

Plaintiffs have not provided a certification for Mr. Lastrapes. When asked whether he would sign the form, Plaintiffs Counsel indicated they were not even willing to contact him regarding the certification. Despite this, Keystone has proposed Mr. Lastrapes as a suitable bellwether candidate.

## Conclusion

As explained above, defendant Keystone RV Company suggests the Court select one the defendants' four proposed bellwether candidates, David McGraw, Jonah Stevenson, Kenneth Risch, or Paul Lastrapes, and that it reject the plaintiffs' candidate, John Edinburgh.

As discussed above, Plaintiffs refused to explain the basis for their objections to the defendants' proposed bellwethers. Thus, Keystone requests an opportunity to respond to Plaintiffs' stated objections once they are filed.

Respectfully submitted,

*s/Ryan E. Johnson*
_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
8555 United Plaza Blvd., 5th floor
Building Four
Baton Rouge, LA  70809
Telephone: (225) 248-2000
Facsimile:  (225) 248-3080

-and-

        Madeleine Fischer (La. Bar No. 5575)
        Nan Roberts Eitel (La. Bar No. 19910)
        Jones, Walker, Waechter, Poitevent,
          Carrère & Denègre, L.L.P.
        201 St. Charles Avenue, 49th floor
        New Orleans, LA 70170
        Telephone: (504) 582-8000
        Facsimile: (504) 589-8208

        *Attorneys for Defendant Keystone RV Company*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this day, a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system. Notice of this filing will be sent to all known counsel by operation of the court's electronic filing system. I also certify that I have mailed a copy of this filing to any non-CM/ECF participants by U.S. Mail, postage prepaid and properly addressed.

      Baton Rouge, Louisiana, this 6th day of November, 2009.

                *s/Ryan E. Johnson*
          _____
                Ryan E. Johnson