UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | * * * * | MDL NO. 1873 <br><br> SECTION "N-5" |
| THIS DOCUMENT RELATES TO ALL CASES | * * * | JUDGE ENGLEHARDT <br><br> MAG. JUDGE CHASEZ |

*******************************************************************

### REPORT ON KEYSTONE BELLWETHER TRIAL CANDIDATES
### ON BEHALF OF THE PLAINTIFFS' STEERING COMMITTEE

**NOW INTO COURT,** through undersigned counsel, come the Plaintiffs' Steering Committee (PSC), which pursuant to Court Order dated October 23, 2009 (Rec. Doc. 5744), respectfully provides its objections to and arguments in support of trial candidates for the Keystone bellwether trial to be held on July 17, 2010.

I. INTRODUCTION

On October 23, 2009, the Court issued Pretrial Order No. 46 which required all parties to the Keystone bellwether trial to agree on a bellwether plaintiff on or before November 6, 2009. The Court further ordered that if by November 6, the parties could not reach an agreement, they are to submit nominations and Plaintiff Fact Sheets for the nominees. As the parties have been unable to agree on a bellwether candidate, the PSC hereby submits its objections and arguments in support of trial candidates for the Keystone bellwether trial.

## II. LAW AND ARGUMENT

The Manual for Complex Litigation gives some guidance on the selection of bellwether trial participants. The Manual states that "…if individual trials, sometimes referred to as bellwether trials or test cases, are to produce reliable information about other mass tort cases, the specific plaintiffs and their claims should be representative of the range of cases…the more representative the test cases, the more reliable the information about similar cases will be." *Manual for Complex Litigation, Fourth Edication, §22.315.*

    i.    **Keystone's Bellwether Candidate is Not Representative**

Keystone originally proposed Jonah Stevenson as its nominee for bellwether plaintiff. The PSC attempted to contact Mr. Stevenson numerous times in regards to his nomination. Finally, the PSC was able to reach him in Dallas, Texas where he has been living for the past two years. Mr. Stevenson advised that he would be unable to return from Dallas as he is currently looking for gainful employment in that area. The PSC alerted Keystone's counsel of this situation. Keystone then nominated Kenneth Risch in place of Jonah Stevenson.

After meeting with Mr. Risch it has come the PSC's attention that his claim against the defendants is not representative of other similarly situated plaintiffs. Immediately following Hurricane Katrina, Mr. Risch purchased a travel trailer for purposes of temporary residential housing prior to his receiving a trailer from FEMA. He resided in this trailer for approximately four to five months before moving into the Keystone unit at issue herein. Furthermore, once Mr. Risch moved out of the Keystone trailer, he purchased and resided in a mobile home for approximately one year. These facts make Mr. Risch unique as a plaintiff if this litigation. His residence in other mobile housing units sets him apart from other Keystone plaintiffs and as such, a trial against Keystone, CH2M Hill, and the United States under these facts would render

an atypical result. Accordingly, the PSC respectfully objects to the nomination of Kenneth Risch as a bellwether plaintiff.

### ii. CH2M Hill's Bellwether Candidate in Not Representative

Defendant CH2M Hill has nominated David McGraw as its candidate for bellwether plaintiff. Again, Mr. McGraw is not representative of the plaintiffs at large as he too resided in another travel trailer unit prior to his residency in the Keystone unit provided to him by FEMA. Mr. McGraw has indicated that he resided in another FEMA provided unit for approximately one month prior to the arrival of his Keystone unit. His residency in another FEMA-provided THU, although short, again makes his case atypical of other plaintiffs. A trial based upon these facts would again render a verdict that would be inapplicable to other plaintiffs. Accordingly, the PSC respectfully objects to the nomination of David McGraw as a bellwether plaintiff.

### iii. PSC's Proposed Bellwether Plaintiff is Representative

The PSC respectfully submits that John Edinburgh would be an appropriate candidate for the Keystone bellwether trial.[1] While Mr. Edinburgh is not a current smoker, he is a past smoker who smoked for approximately twenty years. Mr. Edinburgh lists symptoms in his Plaintiff Fact Sheet (PFS) which are typical and representative of other plaintiffs in this litigation.[2] Furthermore, Mr. Edinburgh's trailer has the benefit of already being tested on three different occasions, unlike the defendants' nominations. The results of those tests, being much closer in time to his occupancy of the trailer, will be more instructive, not only of other plaintiffs, but of the levels of formaldehyde as they existed at the time of injury. The PSC also notes that Mr.

---

[1] John Edinburgh's Plaintiff Fact Sheet is attached as Exhibit A.

[2] For example, Mr. Edinburgh complains of irritation, burning, and tearing of the eyes, rashes on his skin, nausea, shortness of breath, persistent cough, and a fear of cancer.

Edinburgh is currently retired, alleviating the concerns of previous bellwether candidates' inflexible work schedules.

The defendants have asserted that the bellwether plaintiff for the Keystone trial should be a smoker or someone exposed to smoking while residing in their FEMA EHU. The initial pick for the Keystone bellwether plaintiff, Diana Bell, is not a smoker but resided with her husband in the EHU who is a smoker. An adequate replacement for Mrs. Bell would be an individual who did not themselves smoke during the time of residing in the EHU but has some exposure to cigarette smoking. John L. Edinburgh would be an adequate replacement based on his smoking history.

Accordingly, the PSC nominates John Edinburgh as a bellwether plaintiff.

It is important to note that all three candidates have been explained the minimum requirements for serving as a bellwether plaintiff and have executed certifications of such (attached as Exhibit B in globo).

## III. CONCLUSION

A successful bellwether trial requires the selection of meaningful, representative, and typical persons to serve as bellwether plaintiffs. The PSC submits that multiple occupancy of both Kenneth Risch and David McGraw, among other reasons, would cause their trial to be insignificant and unrepresentative. Instead the PSC submits that a bellwether trial of John Edinburgh would produce meaningful insight and information that would serve to facilitate the resolution of all claims.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY: s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:    504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:    504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
ROBERT BECNEL, #14072
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
DENNIS REICH, Texas #16739600
MIKAL WATTS, Texas # 20981820

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on November 6, 2009.

/s/Justin I. Woods
---
JUSTIN I. WOODS