UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER | MDL NO. 07-1873 |
| FORMALDEHYDE PRODUCTS | |
| LIABILITY LITIGATION | SECTION "N" (5) |
| | JUDGE ENGELHARDT |
| | MAG. JUDGE CHASEZ |

THIS DOCUMENT RELATES TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

DEFENDANT UNITED STATES OF AMERICA'S
OBJECTIONS AND ARGUMENTS REGARDING THE SELECTION
OF THE KEYSTONE BELLWETHER TRIAL PLAINTIFF

The United States of America ("United States") pursuant to Pretrial Order No. 46 (Doc. Rec. 5744) hereby submits its objections and arguments regarding the selection of the Keystone RV Company ("Keystone") bellwether trial plaintiff.

I.     Introduction.

On October 30, 2009, Keystone notified Plaintiffs' Steering Committee ("PSC") that Keystone proposed Jonah Stevenson as the bellwether plaintiff, CH2M HILL nominated David McGraw, and that both nominees were acceptable to the Government. On Wednesday, November 4, 2009, PSC notified the Defendants that they propose John L. Edinburgh, and also provided the Defendants with Mr. McGraw and Mr. Edinburgh's certifications stating that they agreed to serve as Bellwether Plaintiffs.

On November 5, 2009, PSC notified the Defendants that Jonah Stevenson will not sign a certification because he does not live in Louisiana, and also informed Defendants that PSC objected to CH2M Hill's nominee Mr. McGraw. Later that morning, Keystone proffered two additional names to PSC for consideration as bellwether plaintiffs – Paul Lastrapes and Kenneth

Risch.  PSC in response explained that it was it is too late for it to "contact Mr. Lastrapes and Mr. Risch to discuss with them the requirements for being a bellwether plaintiff.  Today is Thursday.  I am sure that both Mr. Lastrapes and Mr. Risch have busy schedules that cannot be interrupted at the drop of a hat."  Exh. 1.  PSC did agree to attempt to obtain certification from one of the two additional nominees, and contacted Mr. Risch who provided a certification.  Notwithstanding the Government's request, PSC did not attempt to contact Mr. Lastrapes to determine whether he would agree to serve as the Bellwether Plaintiff.  *Id*.

Consistent with the Court's instruction all four of the Keystone and CH2M Hill nominees, as well as the PSC's nominee are male; all nominees resided in a Keystone built travel trailer installed by CH2M Hill; all nominees have completed a Fact Sheet and indicate on that Fact Sheet that they have completed a Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346(b)(1), 2671-80, Standard Form 95 Administrative Claim.  All four of the Keystone and CH2M Hill nominees are smokers.  The PSC's nominee is not a smoker.

## II.     United States' Objection To The Selection Process.

As a preliminary matter, the United States suggests that the Keystone Bellwether nomination process is fundamentally flawed for three specific reasons.  First, PSC did not disclose its nominee in a timely manner which prevented the parties from meaningfully meeting and conferring prior to filing nominations, objections and arguments with the Court.  Defendants consistent with the Court's instruction disclosed their nominations to PSC on Friday, October 30, 2009 – Keystone proposed Mr. Stevenson and CH2M Hill proposed Mr. McGraw.  On Wednesday, November 4, 2009, PSC, disclosed their proposed nomination – Mr. Edinburgh.  PSC's delay in disclosing their nomination apparently resulted from a misunderstanding of the

Court's instruction. The effect of that delay, combined with PSC's decision to only nominate one claimant and the November 6, 2009, deadline to report to the Court, truncated the parties' ability to meaningfully meet and confer in an attempt to identify a mutually acceptable nominee.

Second, PSC's unilateral decision to require that each nominee physically meet with PSC effectively prevented the Defendants from offering alternative nominees when PSC disclosed on November 4, 2009, that it would not pursue certification from Mr. Stevenson because he was not currently living in the State of Louisiana and Mr. McGraw – for some undisclosed reason was not acceptable to PSC. In response, to PSC's notification that Mr. Stevenson was living outside the State of Louisiana, Keystone proposed two alternate nominees – Paul Lastrapes and Kenneth Risch. PSC in response told Keystone that it would only seek to obtain certification from one additional person. *See* Exh. 1. The United States' objected and requested that PSC seek certification from both Mr. Lastrapes and Mr. Risch. PSC in response asserted that given time constraints the Government's request was unduly burdensome and therefore, PSC only sought and obtained a certification from Mr. Risch. *See* Exh. 1.

Third, PSC used the certification process to gather additional information about the Keystone and CH2M Hill's nominees relevant to matter that the Court had previously noted may potentially disqualify a nominee. The United States applauds PSC's efforts, however, PSC choose to withhold some of that information from the Defendants, thereby allowing Defendants to nominate persons who may not be suitable for selection as a Bellwether Plaintiff. Thus, PSC argues that Mr. McGraw is not suitable selection because he informed them that he resided in two different trailers. PSC Memo. at 6 (Doc. Rec. 6530). PSC's representation is at odds with Mr. McGraw's Fact Sheet which indicates that he only resided in only one trailer – a Keystone

trailer.  *See* August 3, 2009, McGraw Fact Sheet, §V at 8-11.  Significantly, Mr. McGraw's Fact Sheet is signed under "penalty of perjury."  *Id*. at 18.  It appears that PSC during the Certification process discovered that Mr. McGraw's Fact Sheet may be inaccurate.  However, rather then immediately correct the apparent error on Mr. McGraw's Fact Sheet, PSC chose to withhold that information from the Defendants.  The effect of this action is simple –  PSC allowed CH2M Hill to nominated a claimant – Mr. McGraw – that they knew, or had reason to believe, that they could argue was not suitable and thereby compel the Court to select PSC's nominee Mr. Edinburgh.

Simply put, whether done intentionally or inadvertently – PSC has effectively ensured that there is only one certified nominee who resided in one trailer  – PSC's nominee Mr. Edinburgh.

**III.    United States' Objections To The Parties' Nominations**

The United States objects to PSC's nomination of John L. Edinburgh.  The United States concurs with the concerns voiced by both Keystone and CH2M Hill.  In addition, the United States is also concerned that the results of Mr. Edinburgh's trial will simply duplicate the *Lyndon Wright v. Forest River, et. al.*, Bellwether Trial set to commence in March 2010.  This is because both Mr. Edinburgh and Mr. Wright are single males, both lived alone in a travel trailer, both had preexisting medical conditions, and neither smokes.  It is the Government belief that little if anything will be achieved by trying in July 2010 a claim that substantially duplicates the claim that will be tried in March 2010.

Further, if PSC's unsubstantiated factual statements regarding Keystone and CH2M Hill nominees Mr. Stevenson, Mr. Risch, and Mr. McGraw are in true, and this Court were to

conclude for those reasons that none of those three nominees are appropriate Bellwether Plaintiffs, the United States request that the Court select Paul Lastrapes as the Keystone Bellwether Plaintiff.  According to Mr. Lastrapes' Fact Sheet, he occupied a Keystone unit from January 12, 2006 until January 2008; he is a smoker and he submitted an FTCA Standard Form 95.  Although PSC refused to make an attempt to obtained a certification from Mr. Lastrapes, that shortcoming could easily be remedied prior to the Court issuing an Order selecting Mr. Lastrapes as the Keystone Bellwether Plaintiff.

Finally, in the event that the Court determines that PSC objection to Mr. Stevenson, Mr. Risch and Mr. McGraw have merit, and PSC is unable to obtain a certification from Mr. Lastrapes, the United States requests that the Court reopen the nomination process.

## CONCLUSION

For all these reasons, the United States requests that the Court reject PSC's nomination Mr. Edinburgh as the Keystone Bellwether and select one of Keystone or CH2M Hill's nominees.

Dated:  November 6, 2009.                              Respectfully Submitted,

| | |
|---|---|
| TONY WEST | ADAM BAIN |
| Assistant Attorney General, Civil Division | Senior Trial Counsel |
| | |
| J. PATRICK GLYNN | ADAM DINNELL |
| Director, Torts Branch, Civil Division | MICHELE GREIF |
| | JONATHAN WALDRON |
| DAVID S. FISHBACK | Trial Attorneys |
| Assistant Director | |
| | //S// *Henry T. Miller* |
| | HENRY T. MILLER (D.C. Bar No. 411885) |
| OF COUNSEL: | Senior Trial Counsel |
| JORDAN FRIED | United States Department of Justice |
| Associate Chief Counsel | Civil Division – Torts Branch |
| | P.O. Box 340, Ben Franklin Station |
| JANICE WILLIAMS-JONES | Washington, D.C. 20004 |
| Senior Trial Attorney | Telephone No:  (202) 616-4223 |
| FEMA/DHS | E-mail:  Henry.Miller@USDOJ.Gov |
| Department of Homeland Security | |
| Washington, D.C. 20472 | Attorneys for the United States of America |

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2009, the foregoing document was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison Counsel.

>                //S// *Henry T. Miller*
>                HENRY T. MILLER (D.C. Bar No. 411885)