UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | | |
|---|---|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * | | MDL NO. 1873 SECTION: N(5) |
| This Document Relates to: *Dubuclet v. Fleetwood Enterprises, Inc.* Case No. 07-9228 | | * * * * * * | | JUDGE: ENGELHARDT MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT FLEETWOOD ENTERPRISES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY <u>JUDGMENT ON THE EXPRESS WARRANTY CLAIM</u>**

Defendant Fleetwood Enterprises, Inc. (hereinafter "Fleetwood") has moved for partial summary judgment on Plaintiff's express warranty claim under the Louisiana Products Liability Act ("LPLA"). Plaintiff cannot show that she relied on any express warranty from Fleetwood, and cannot carry her burden of proving that Fleetwood breached any express warranty. Indeed, Plaintiff has not pointed to any express warranty that she believes has been breached, much less any warranty that she relied on.

**I.      Statement of Facts**

Among many other claims, Plaintiff Timia Dubuclet has asserted allegations for breach of express warranty against Fleetwood.[1] She claims that Fleetwood "expressly or impliedly warranted that the Housing Units would be of merchantable quality and fit for their intended purpose as a safe and compliant house to be used, among other things, to house families including families with small children and infants."[2] Plaintiff claims that Fleetwood breached

---

[1] Aldridge Nov. 30, 2007 Compl. at 26-27 (paragraphs are unnumbered).
[2] *Id.* at 27.

the warranties because the Emergency Housing Unit ("EHU") in which she resided[3] was "defective and unfit for those particular purposes and [was] not of a reasonably merchantable quality."[4] These allegations are vague and not specific as to what the alleged warranty is and how Fleetwood breached this unidentified warranty. Plaintiff's mother, Elisha Dubuclet, has testified that she has *not* seen a copy of Fleetwood's owner's manual, and that she has *never read* anything in the owner's manual.[5] She does not recall seeing any stickers or labels in the unit.[6] Neither does Timia remember seeing any stickers in the unit or the owner's manual.[7] Plaintiff's claims are centered on being exposed to formaldehyde fumes in the unit,[8] but whatever her breach of warranty claim is -- whether it relates to the presence of formaldehyde-containing products or something else -- her express warranty claim fails because she has not shown any reliance.

## II. Argument and Citation of Authority

### A. Legal standard for granting summary judgment.

Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmovant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."[9] In deciding a summary judgment motion, a court must

---

[3] The Dubuclet EHU has been identified as a Fleetwood unit, VIN 4CJ1F322764015272. *See* Timia Dubuclet Plaintiff Fact Sheet, excerpts attached as Ex. A.
[4] *Id.*
[5] E. Dubuclet Dep. (Oct. 7, 2009) at 98:15-23, excerpts attached as Ex. B. Plaintiff cannot circumvent this testimony by pointing to the Lease Check-In List (attached as Ex. C) that has a check mark indicating paper work and warranty and instructional packages must remain with the trailer. Addressing this list, Elisha Dubuclet was clear in her testimony that no such paperwork was given to her. E. Dubuclet Dep. (Oct. 7, 2009) at 99:15-102:10 (Ex. B).
[6] E. Dubuclet Dep. (Oct. 7, 2009) at 98:24-99:11 (Ex. B).
[7] Timia Dubuclet Dep. at 31:11-32:13, 46:25-47:3, 48:19-22 (Ex. D).
[8] *See, e.g.*, Aldridge Nov. 30, 2007 Compl. at 20 (paragraphs are unnumbered).
[9] *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 809 (5th Cir.1991) (citations omitted); Fed. R. Civ. Proc. 56(c).

2

review the facts drawing all reasonable inferences in the light most favorable to the nonmovant.[10] Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must go beyond the pleadings and through affidavits, depositions, answers to interrogatories, and admissions on file and designate specific facts showing that there is a genuine issue for trial.[11] The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[12] Summary judgment is appropriate "where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant."[13]

      **B.**      **Plaintiff's express warranty claims fail when there is no warranty that Plaintiff relied on and summary judgment should be granted in favor of Fleetwood on this claim.**

Under Louisiana law, a manufacturer is liable for damage caused by a characteristic of the product that renders the product unreasonably dangerous.[14] A product is considered "unreasonably dangerous" when it does not conform to an express warranty made at any time by the manufacturer about the product if (i) the express warranty has induced the claimant or another person or entity to use the product and (ii) the claimant's damage was proximately caused because the express warranty was untrue.[15] To survive summary judgment on the express warranty issue, a plaintiff is required to provide evidence that: (1) the manufacturer made an express warranty regarding the product, (2) the plaintiff was induced to use the product because

---

[10] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).
[11] *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).
[12] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990)).
[13] *Id.* (quoting *Armstrong v. City of Dallas*, 997 F.2d 62, 67 (5th Cir. 1993)).
[14] La. Rev. Stat. § 9:2800.54(A) (2009).
[15] *Id*. § 9:2800.58(A).

of that warranty, (3) the product failed to conform to that express warranty, and (4) the plaintiff's damage was proximately caused because the express warranty was untrue.[16]

As this Court has already recognized, a central component of proving a breach of express warranty claim under the LPLA is establishing that the Plaintiff was induced to use the product because of the express warranty.[17] Couching the issue in slightly different terms, this Court has said, "Section 2800.58 requires [the] plaintiff to prove that the user of the product *relied* on the warranty in using the product."[18]

Here, Plaintiff has not pointed to any warranty that she relied on. Plaintiff's mother has not seen a copy of the owner's manual.[19] Her mother does not recall seeing any labels or stickers in the unit.[20] Neither has Timia seen any stickers or papers in the unit.[21] Elisha Dubuclet had no correspondence with Fleetwood nor has she produced any correspondence.[22] Here, there is no express warranty that has even been pointed to by Plaintiff, much less relied on, and this claim fails as a matter of law.

## III. Conclusion

Without reliance on any express warranty from Fleetwood, Plaintiff cannot prove each element of her breach of express warranty claim. Therefore, summary judgment on the breach of express warranty claim should be granted.

---

[16] *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 452 (5th Cir. 2002).
[17] Order dated Dec. 12, 2008 (Rec. Doc. 984) at 19-21.
[18] *Traina v. Nationsbank of Texas, N.A.*, 2001 WL 1041773, at *7 (E.D. La. Sept. 7, 2001) (emphasis added).
[19] E. Dubuclet Dep. (Oct. 7, 2009) at 98:15-23 (Ex. B).
[20] *Id.* at 98:24-99:11 (Ex. B).
[21] Timia Dubuclet Dep. at 31:11-32:13, 46:25-47:3, 48:19-22 (Ex. D).
[22] E. Dubuclet Dep. (Oct. 7, 2009) at 27:9-13 (Ex. B).

This 9th day of November, 2009.

                              Respectfully submitted:

                               */s/ Richard K. Hines, V*
                              Richard K. Hines, V
                              GA Bar No. 356300
                              NELSON MULLINS RILEY & SCARBOROUGH, LLP
                              Atlantic Station
                              201 17th Street, NW, Suite 1700
                              Atlanta, GA  30363
                              (404) 322-6000 (phone)
                              (404) 322-6050 (fax)

                              Jerry L. Saporito
                              LA Bar No. 11717
                              LEAKE & ANDERSSON, L.L.P.
                              1700 Energy Centre
                              1100 Poydras St.
                              New Orleans, LA 70163-1701
                              (504) 585-7500 (phone)
                              (504) 585- 7775 (fax)

                              Counsel for Fleetwood Enterprises, Inc.

## **C E R T I F I C A T E OF SERVICE**

   I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )  Hand Delivery      ( )  Prepaid U.S. Mail

( )  Facsimile        ( )  Federal Express

(X)  CM/ECF

   New Orleans, Louisiana, this 9th day of November 2009.

             /s/ Richard K. Hines, V
             Richard K. Hines, V
             Georgia Bar No. 356300
             E-mail: richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)