UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * | MDL NO. 1873 |
| | | | SECTION: N(5) |
| This Document Relates to: *Dubuclet v. Fleetwood Enterprises, Inc.* . *Case No. 07-9228* | | * * * * * * | JUDGE: ENGELHARDT |
| | | * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT FLEETWOOD ENTERPRISES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO MEDICAL MONITORING, PUNITIVE DAMAGES AND LOSS OF CONSORTIUM CLAIMS**

Defendant Fleetwood Enterprises, Inc. (hereinafter "Fleetwood") has moved for partial summary judgment based on Plaintiff's failure to show that there is any genuine issue of material fact as to certain damages claimed by Plaintiff, specifically: 1) damages for medical monitoring, 2) punitive damages, and 3) loss of consortium.

First, for her claimed medical monitoring damages, Plaintiff has not presented any type of medical monitoring plan for any type of latent disease. Plaintiff has not even identified any latent disease for which she could possibly be monitored. Without such a plan, damages are not recoverable for medical monitoring, and summary judgment should be granted in Fleetwood's favor on this element of damages

Second, punitive damages are not permitted under the Louisiana Product Liability Act. Therefore, no such damages should be allowed in this action.

Finally, Plaintiff is claiming loss of consortium due to harm suffered by unidentified family members. But Plaintiff has not offered any evidence regarding any family member's damages, much less Fleetwood's liability to any of her family members. Therefore, no loss of consortium damages should be permitted.

Fleetwood brings this motion in the alternative to its motion for summary judgment on causation. As explained in that motion, because Plaintiff has failed to meet her burden on causation, her medical monitoring claim fails as well. Damages for medical monitoring are only permitted when the monitoring procedures are "directly related to a manifest physical or mental injury or disease."[1] When the underlying claims fail as a matter of law, there is nothing left to base medical monitoring damages on, so that claim should be dismissed as well.[2] But if the Court does not grant summary judgment, then summary judgment on the medical monitoring claim should still be granted on these independent grounds.

I.    **Statement of Facts**

    A.    **Plaintiff's Claims**

Plaintiff, Timia Dubuclet, in addition to other claims, has brought a claim for medical monitoring and surveillance, punitive damages, and loss of consortium.[3] The underlying injuries she is claiming are exacerbation of dermatitis/eczema, allergic rhinitis, and mental anguish, including anxiety and fear of cancer or other disease.[4]

---

[1] La. Civ. Code Ann. Art. 2315(B) (2009).
[2] *See, e.g.*, *Anderson v. Dow Chem. Co.*, No. 06-30445, 2007 WL 1879170, at *5 (5th Cir. June 28, 2007) (affirming grant of summary judgment, including medical monitoring claim, when claims for mental anguish and increased risk of future disease were dismissed).
[3] *See* Proposed Fourth Supp. & Amd. Aldridge Compl. at ¶ 12 (Rec. Doc. 5394-3); Aldridge Nov. 30, 2007 Compl. at 27 (paragraphs are unnumbered).
[4] Proposed Fourth Supp. & Amd. Aldridge Compl. at ¶ 12 (Rec. Doc. 5394-3).

2

1.     *Medical monitoring claim: No latent disease identified.*

Plaintiff is not claiming increased risk of cancer.[5]  Timia Dubuclet has suffered from eczema since she was two months old.[6]  Her treating dermatologist, Dr. George A. Farber, testified that children who have atopic dermatitis as infants will have that condition for life.[7]  Dr. Farber's affidavit also states that "Ms. Dubuclet will continue to have problems with her skin."[8]  No expert has identified a latent disease that needs to be monitored.

2.     *Medical monitoring claim: No medical monitoring plan.*

Plaintiff has not presented any monitoring procedure plan, nor has Plaintiff identified a latent disease that is in need of monitoring.  While Fleetwood speculates that Plaintiff may attempt to use Dr. Patricia M. Williams's opinions regarding alleged DNA damage related to formaldehyde exposure to support some medical monitoring claim,[9] Dr. Williams did not identify any monitoring plan or procedure that would make early detection of any (unidentified) latent disease possible.[10]

3.     *Punitive damages.*

In the current complaint, Plaintiff seeks punitive damages.[11]  Although Plaintiff has not

---

[5] Plaintiff does not make a claim for increased risk of cancer even in her proposed Fourth Supplemental and Amended Complaint.  *See* Rec. Doc. 5394-3 at 5.

[6] *See, e.g.*, Miller Dep. at 74:6-11, excerpts attached as Ex. A.

[7] Farber Dep. at 33:9-14, excerpts attached as Ex. B.  Dr. Miller does not disagree with this statement.  Miller Dep. at 73:18-74:5 (Ex. A).

[8] Farber Aff. at 4 (DUB001141), attached as Ex. C.

[9] Williams Aff. at 26-28 (DUB000231-233), attached as Ex. D.

[10] Plaintiff did identify a *treatment* plan for Ms. Dubuclet's alleged anxiety, see Shwery Aff. at 8 (DUB001136), attached as Ex. E, however that proposed plan of treatment is for treatment of a purportedly current condition, and not for a latent disease.  Fleetwood is not seeking to exclude Dr. Shwery's proposed treatment plan with *this* motion although Fleetwood will argue the plan is not warranted in this case.

[11] *See* Aldridge Nov. 30, 2007 Compl. at 27 (paragraphs are unnumbered).  While this complaint has been amended, the complaint currently in effect, the Second Supplemental and Amended Complaint, maintains these allegations.  While the proposed Fourth Supplemental and Amended Complaint does not contain any punitive damages allegations, this complaint has not been filed.  *See* Rec. Doc. 5394-3.  Fleetwood has filed an objection to the Fourth Supplemental and Amended Complaint being filed.  Rec. Doc. 5688.  Plaintiff's motion for leave to file the Third Supplemental and Amended Complaint was denied.  (Rec. Doc. 2323.)

sought punitive damages in the most recent proposed amendment, the Fourth Supplemental and Amended Complaint, Fleetwood is seeking an order clarifying that if punitive damages are being sought, it is entitled to summary judgment on this issue.

### 4. *Loss of Consortium.*

In the newest proposed complaint, Plaintiff is attempting to seek compensatory damages for "loss of consortium and services due to the harm suffered by immediate family members."[12] Plaintiff has not identified from which "family members" she has aid, assistance, companionship, or affection.

## II. Argument and Citation of Authority

### A. Legal standard for granting summary judgment.

Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmovant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."[13] In deciding a summary judgment motion, a court must review the facts drawing all reasonable inferences in the light most favorable to the nonmovant.[14] Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must go beyond the pleadings and through affidavits, depositions, answers to interrogatories, and admissions on file and designate specific facts showing that there is a genuine issue for trial.[15] The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[16] Summary judgment is appropriate

---

[12] Proposed Fourth Supp. & Amd. Compl. at ¶ 12 (Rec. Doc. 5394-3).
[13] *Amburgey v. Corhart Refractories Corp.,* 936 F.2d 805, 809 (5th Cir.1991) (citations omitted); Fed. R. Civ. Proc. 56(c).
[14] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).
[15] *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).
[16] *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075 (5th Cir. 1994) ((citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990)).

"where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant."[17]

### B. Plaintiff cannot establish the requirements to recover damages for medical monitoring, and summary judgment should be entered in favor of Fleetwood.

Louisiana law imposes seven requirements before medical monitoring costs are compensable as damages. Because Plaintiff has failed to provide any evidence, much less competent expert testimony, that details the medical monitoring plan or identifies the latent disease to monitor, there is no genuine issue of material fact as to whether this type of damages is recoverable.[18] The seven requirements are:

(1) significant exposure to proven hazardous substance;[19]

(2) plaintiff suffers increased risk of contracting serious latent disease;

(3) risk of contracting disease is greater than (a) the risk had there been no exposure and (b) risk to members of the general public;

(4) a monitoring procedure that makes early detection possible exists;

(5) a physician prescribed monitoring procedure that was reasonably necessary;

(6) a prescribed monitoring regime is different from that normally recommended in the absence of exposure; and

(7) clinical value in early detection and diagnosis.[20]

Each of these criteria must be proven with competent expert testimony.[21]

Plaintiff is unable to establish these criteria. First, no expert has identified any latent disease that should be monitored. Without any disease identified, it is impossible to meet the second and third criteria. Second, no expert has identified any medical monitoring plan or

---

[17] *Id.* (quoting *Armstrong v. City of Dallas*, 997 F.2d 62, 67 (5th Cir. 1993)).
[18] *Scott v. Am. Tobacco Co., Inc.*, 949 So. 2d 1266, 1282-83 (La. Ct. App. 2007).
[19] Fleetwood anticipates filing a motions for summary judgment or Daubert motions that, if any one of which were granted, this requirement would not be met. But, in any case, the other criteria cannot be satisfied.
[20] *Id.*
[21] *Id.* at 1282.

procedure. Therefore the fourth criterion fails. Consequently, because no expert has proposed a monitoring plan, it is not possible for Plaintiff to meet her burden of proof as to the fifth, sixth, and seventh criteria. Because Plaintiff has not presented any evidence upon which a jury could reasonably find in favor of Plaintiff, summary judgment should be granted on the medical monitoring claim in favor of Fleetwood.

### C. Punitive damages are not permitted under the Louisiana Products Liability Act, and summary judgment should be granted in favor of Fleetwood on this element of damages.

Punitive damages are not authorized by the Louisiana Products Liability Act, and so the Plaintiff cannot recover them in this action. Exemplary or punitive damages are not recoverable under Louisiana law unless expressly provided for by statute.[22] While there are two specific circumstances in which exemplary damages are permitted under Louisiana law, this action does not implicate either of those circumstances.[23] This action arises under the LPLA, which specifically limits those claims that can be made against a manufacturer for use of its product by a consumer, and it does not authorize punitive damages.[24] Therefore, to the extent that Plaintiff is still seeking punitive damages, no recovery for punitive damages is permitted under Louisiana law, and summary judgment should be granted in Fleetwood's favor for this element of damages.

---

[22] *Albert v. Farm Bureau Ins., Inc.*, 940 So. 2d 620, 622 (La. 2006) (citation omitted).
[23] *See* La. Civ. Code Art. 2315.4 (exemplary damages may be awarded if defendant's intoxication while operating a motor vehicle caused injury); *Id.* Art. 2315.7 (exemplary damages may be awarded if injuries caused through criminal sexual activity when victim was seventeen years old or younger).
[24] *Bladen v. C.B. Fleet Holding Co.*, 487 F. Supp. 2d 759, 770 (W.D. La. 2007).

### D. Loss of consortium damages are not permitted when Plaintiff has not proved any primary victim's damages, from which loss of consortium damages flow.

Plaintiff appears to be claiming loss of consortium due to harm suffered by unidentified "family members."[25] Only certain categories of people are permitted to claim loss of consortium:

> Damages may include loss of consortium, service, and society, and shall be recoverable by the same respective categories of persons who would have had a cause of action for wrongful death of an injured person.[26]

Under La. Civ. Code Art. 2315.2, Timia Dubuclet could only recover loss of consortium damages for her mother's injuries, not just for harm suffered by "immediate family members."[27] In order to establish a claim for loss of consortium, a claimant must prove the defendant's liability, the damage suffered by the primary victim, and her loss of consortium damages.[28] Here, the only "primary victim" from whom Timia's alleged damages for loss of consortium could flow is her mother, Elisha Dubuclet. An injured party cannot claim loss of consortium damages for themselves; rather, those damages are due to the "*family members of the injured party, not* to the injured party, who has [her] own other elements of damages that are recoverable."[29] Loss of consortium is a secondary layer of tort liability and derivative from the injury to the primary victim.[30]

---

[25] Proposed Fourth Supp. & Amd. Compl. at ¶ 12 (Rec. Doc. 5394-3).
[26] La. Civ. Code Art. 2315(B).
[27] La. Civ. Code Art. 2315.2. Because Plaintiff has not identified for which family members she is attempting to seek loss of consortium damages, Fleetwood is left to speculate. There are at least three other family members that have brought claims: 1) Leslie Picot, Ms. Dubuclet's maternal grandmother; 2) Elisha Dubuclet, Timia's mother, who is divorced (see Elisha Dubuclet Dep. (Oct. 7, 2009) at 73:22-74:3) (Ex. F); and 3) Timothy Dubuclet, Timia's brother. But under Art. 2315.2, only Ms. Picot's children could bring an action for loss of consortium; only Elisha Dubuclet's children could bring an action for loss of consortium; and only Timothy's parents could bring a loss of consortium. Therefore, by process of elimination, Fleetwood assumes that Timia is attempting to seek loss of consortium damages for her mother's alleged injuries.
[28] *Turner v. Lyons*, 867 So. 2d 13, 21 (La. Ct. App. 2004); *Peck v. Wal-Mart Stores, Inc.,* 682 So. 2d 974, 977 (La. Ct. App. 1996).
[29] *Yoes v. Shell Oil Co.*, 657 So. 2d 241, 247 (La. Ct. App. 1995) (emphasis in original).
[30] *Id.*

In order for Timia to recover loss of consortium damages now -- and not when her mother's case is before the court -- she must prove that Fleetwood is liable to Elisha Dubuclet, the "primary victim." But Elisha's case is not before the Court.[31] Plaintiff has not sought to prove Elisha's damages. There is no expert medical testimony regarding Elisha's alleged damages. There is no expert medical testimony connecting any alleged injury to Elisha to any level of formaldehyde that she experienced. Plaintiff's burden to prove Elisha's damages is not in any way lessened because she is seeking loss of consortium damages. Therefore, Plaintiff cannot support her burden of proof to find that Fleetwood is liable for any injuries to Elisha Dubuclet.[32] For this reason alone, Timia's claim for loss of consortium damages fails as a matter of law.

## III.  Conclusion

Fleetwood requests that summary judgment be entered in its favor on these three elements of damages. Medical monitoring damages are not recoverable with no plan and no latent disease identified. Punitive damages are not allowed under the LPLA. and Plaintiff has not proven any damages suffered by any primary victim in order to claim loss of consortium damages. For these reasons, Fleetwood requests summary judgment in its favor on each of these elements of damages.

---

[31] Fleetwood will also be moving *in limine*, separately, to prevent Plaintiff from introducing evidence of family member claims. Such evidence is not relevant to Timia Dubuclet's claim and even if it were relevant, it should be excluded due to the risk of jury confusion and undue prejudice.

[32] *Knight v. Kirby Inland Marine Inc.*, 483 F.3d 347, 351 (5th Cir. 2007); *Maranto v. Goodyear Tire & Rubber Co.*, 650 So. 2d 757, 759 (La. 1995).

This 9th day of November 2009.

        Respectfully submitted:


        */s/ Richard K. Hines, V*
        Richard K. Hines, V
        GA Bar No. 356300
        NELSON MULLINS RILEY & SCARBOROUGH, LLP
        Atlantic Station
        201 17th Street, NW, Suite 1700
        Atlanta, GA  30363
        (404) 322-6000 (phone)
        (404) 322-6050 (fax)

        Jerry L. Saporito
        LA Bar No. 11717
        LEAKE & ANDERSSON, L.L.P.
        1700 Energy Centre
        1100 Poydras St.
        New Orleans, LA 70163-1701
        (504) 585-7500 (phone)
        (504) 585- 7775 (fax)

        Counsel for Fleetwood Enterprises, Inc.

**C E R T I F I C A T E OF SERVICE**

   I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )  Hand Delivery      ( )  Prepaid U.S. Mail

( )  Facsimile        ( )  Federal Express

(X)  CM/ECF

   New Orleans, Louisiana, this 9th day of November 2009.

               _/s/ Richard K. Hines, V_
               Richard K. Hines, V
               Georgia Bar No. 356300
               E-mail: richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)