+UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE | * | |
| | PRODUCTS LIABILITY | * | |
| | LITIGATION | * | SECTION:  N(5) |
| | | * | |
| This Document Relates to: | | * | |
| *Dubuclet v. Fleetwood Enterprises, Inc.* | | * | |
| | | * | JUDGE: ENGELHARDT |
| *Case No. 07-9228* | | * | |
| | | * | |
| | | * | MAG: CHASEZ |

*********************************************************************************

## DEFENDANT FLEETWOOD ENTERPRISES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ON MENTAL ANGUISH CLAIMS

Defendant Fleetwood Enterprises, Inc. (hereinafter "Fleetwood") has moved for partial summary judgment based on Plaintiff's failure to show that there is any genuine issue of material fact regarding her mental anguish claims, including her fear of cancer claim.  Plaintiff's anxiety claim fails because the proposed expert, Dr. Edward H. Shwery, has no reliable scientific basis for his opinion on anxiety: he relies on Dr. George A. Farber's testimony for causation, and Dr. Farber's testimony is unreliable.[1]  Plaintiff's fear of cancer claim fails because Plaintiff has not articulated any specific fear of cancer.  Even if she had, she has not shown with expert medical testimony that such a fear is reasonable.

Fleetwood is making this motion in the alternative to its motion for summary judgment on causation.  As explained in that motion, because Plaintiff has failed to meet her burden on causation, her mental anguish claims, including fear of cancer, fail as well.  But if the Court does not grant

---

[1] Fleetwood has moved to exclude Dr. Farber's causation testimony, and incorporates that motion and memorandum of law herein.

summary judgment, then summary judgment on the mental anguish claims should be still be granted on these independent grounds.

## I.        Statement of Facts

Plaintiff, Timia Dubuclet, has claimed the following types of injuries: exacerbation of dermatitis / eczema, allergic rhinitis, and mental anguish, including anxiety and fear of cancer or other disease.[2]  The proposed amendment also alleges a loss of consortium claim.[3]

### A.        Plaintiff's anxiety claim

Dr. Shwery opines that Timia suffer from stress, worry, and anxiety regarding her medical conditions, primarily her eczema.[4]  He also testified that he believes living in the EHU worsened Timia's skin condition and led to her anxiety.[5]  But he bases his opinion on Dr. Farber's indication that she is allergic to formaldehyde.[6]  Dr. Farber's testimony, however, is clear that he actually does not know whether Timia is sensitized to formaldehyde.[7]  Dr. Shwery also provides a proposed plan of treatment for Timia's alleged anxiety related to her eczema.[8]

### B.        Plaintiff's fear of cancer claim

Plaintiff has not articulated any specific fear of cancer that is related to her living in the EHU. Her only testimony was that she is afraid she might get cancer before her Aunt Rita died from cancer.[9] Timia's mother, Elisha Dubuclet, has claimed that she fears cancer for herself, but did not testify about any specific fear about Timia contracting cancer in the future.  Dr. Shwery personally met with Timia

---

[2] *See* Proposed Fourth  Supp. & Amd. Aldridge Compl. (Rec. Doc. 5394-3).
[3] *Id.*
[4] Shwery Aff. at 8 (DUB001136), attached as Ex. A.  His evaluation makes no mention of any alleged fear of cancer. Fleetwood has moved to exclude Dr. Shwery's opinions, and incorporates that motion and brief here.
[5] Shwery Dep. at 104:22-105:2, excerpts attached Ex. B.
[6] Shwery Dep. at 109:22-110:13 (Ex. B.) Dr. Shwery indicates that he would defer to Dr. Farber's opinion regarding the skin condition.  *Id.* at 112:3-8.
[7] Farber Dep. at 50:2-51:11(Ex. C).
[8] Shwery Aff. at 8 (DUB001136) (Ex. A)
[9] Timia Dubuclet Dep. at 74:17-76:3 (Ex. D).

2

on July 15, 2009, yet his evaluation made no mention of the child's expressing any fear of cancer.[10]  No medical expert has testified regarding the fear of cancer claim.  Dr. Patricia M. Williams has attempted to provide testimony on general causation in an effort to show how formaldehyde *could* cause cancer.[11]  But Dr. Williams is unwilling and unable to provide an opinion as to what exposure levels are sufficient to trigger any cancerous process due to formaldehyde exposure.[12]  Mary DeVany -- who is not a medical doctor -- also purports to offer general medical causation opinions in her affidavit, including formaldehyde's cancer-causing potential.[13]  But DeVany does not state at what level that could possibly occur.  Therefore, no expert has indicated that the exposure level that Timia allegedly experienced puts her at any possible risk for cancer.

## II.      Argument and Citation of Authority

### A.      Legal standard for granting summary judgment.

Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmovant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."[14]  In deciding a summary judgment motion, a court must review the facts drawing all reasonable inferences in the light most favorable to the nonmovant.[15]  Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must go beyond the pleadings and, through affidavits, depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.[16]  The Court will not, "in the absence of any proof,

---

[10] *See* Shwery Aff. (Ex. A)
[11] Fleetwood has moved to exclude Dr. Williams's causation opinions under Federal Rule of Evidence 702, and incorporates that motion and memorandum of law herein.
[12] Williams Dep. (July 7, 2009) at 97:23-99:6, 127:18-132:15, excerpts attached as Ex. E.
[13] DeVany Aff. at 9 (DUB000612) (Ex. F).  Fleetwood has also moved to exclude DeVany's conclusions and testimony, and incorporates that motion and memorandum of law herein.
[14] *Amburgey v. Corhart Refractories Corp.,* 936 F.2d 805, 809 (5th Cir.1991) (citations omitted); Fed. R. Civ. Proc. 56(c).
[15] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).
[16] *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).

assume that the nonmoving party could or would prove the necessary facts."[17]  Summary judgment is appropriate "where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant."[18]

**B.     A grant of summary judgment is proper when the Plaintiff cannot establish causation and proper evidentiary foundation.**

Mental anguish claims, which include the fear of cancer, must be causally related to a defendant's actions.[19]  The plaintiff must prove causation through medical testimony that it is more probable than not that the subsequent injuries were caused by the product.[20]  Without causation, the plaintiff's claim fails.[21]

For a fear of cancer claim in particular, "a plaintiff must, as a threshold matter, present evidence of [her] particular fear of developing cancerous conditions in the future."[22]  To meet this threshold requirement, the courts will look to the plaintiff's own testimony.[23]  To lay this evidentiary foundation, the plaintiff must present evidence from which the jury could conclude that the plaintiff's fear of cancer is serious and reasonable, and the jury's conclusion must be "premised on the plaintiff's

---

[17] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) ((citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990)).

[18] *Id.* (quoting *Armstrong v. City of Dallas*, 997 F.2d 62, 67 (5th Cir. 1993)).

[19] *Smith v. A.C. & S., Inc.*, 843 F.2d 854, 857-58 (5th Cir. 1988) (quoting *Hagerty v. L & L Marine Svcs., Inc.*, 788 F.2d 315, 318 (5th Cir. 1986)). "'[C]ancerphobia' is merely a specific type of compensable mental anguish or emotional distress." *Id.* at 858.

[20] *Kemp v. Metabolife Int'l, Inc.*, No. 00-3513, 2004 WL 2095618, at *3 (E.D. La. Sept. 13, 2004); *see also Hutchinson v. Shah*, 648 So. 2d 451, 452 (La. Ct. App. 1994) ("[w]hen the conclusion regarding medical causation is not one within common knowledge, expert medical testimony is required").

[21] *Leija v. Penn Maritime, Inc.*, No. 06-10489, 2009 WL 211723, at *3  (E.D. La. Jan. 23, 2009) (granting summary judgment in favor of defendant when proposed expert testimony was insufficient to create an issue of fact as to specific causation); *Babin v. Ecolab, Inc.*, No. 2:04-CV-1595, 2005 WL 1629947, at *5 (W.D. La. July 5, 2005) (granting summary judgment when plaintiffs failed to establish that there is a genuine issue of material fact as to general causation).

[22] *Smith*, 843 F.2d at 859; *see also Easson v. Velsicol Chem. Corp.*, No. 89-188, 1991 WL 220955, at *3 (E.D. La. Oct. 23, 1991) (denying defendant's motion in limine to exclude evidence of fear of cancer when plaintiff offered specific testimony of his fear of cancer as a result of toxic exposure, as well as the requisite expert testimony).

[23] *Smith*, 843 F.2d at 858-59 (discussing several cases).

evidence as to [her] specific fear of cancer" -- not premised on a general statement by the plaintiff that she is concerned about her health.[24]

If this proper evidentiary foundation is laid, then the plaintiff must also present expert testimony that the plaintiff's fear of cancer is reasonable.[25]  To qualify as a reasonable fear, the plaintiff must show that it is possible to contract a disease, though the plaintiff has no obligation to show that the likelihood is more probable than not.[26]  And to show that the fear is reasonable and that it is possible for cancer to be caused, the plaintiff "must produce at least some reliable scientific evidence."[27]  "Mere speculation" will not suffice.[28]  Reliable scientific evidence comes in the form of epidemiologic studies.[29]  Courts consider epidemiologic studies to be crucial in establishing causation.[30]

> **1.**     ***Plaintiff's anxiety claim fails as a matter of law because Dr. Shwery has no reliable scientific basis for his opinion.***

Dr. Shwery connects Timia's alleged anxiety to her eczema, which he only connects to formaldehyde (and, therefore, Fleetwood) through Dr. Farber's opinion:

> I think the primary issue is, according to Dr. Farber, as he explained it to me, that exposure to the formaldehyde led to an allergic reaction to formaldehyde and that increases and exacerbates the skin illness or the skin condition.[31]

---

[24] *Id.* at 859.

[25] *Id.* (holding that the district court erred in admitting expert testimony on reasonableness of fear of cancer without the proper evidentiary foundation); *see also Maurer v. Heyer-Schulte Corp.*, No. 92-3485, 2002 WL 31819160, at *3 (E.D. La. Dec. 13, 2002).

[26] *Maurer*, 2002 WL 31819160, at *3.

[27] *Id.*

[28] *Id*. (citation omitted).

[29] *See Brock v. Merrell Dow Pharms., Inc.*, 874 F.2d 307, 311 (5th Cir. 1989).

[30] *See id.*; *Thomas v. Hoffman-La Roche, Inc.*, 731 F. Supp. 224 (N.D. Miss. 1989) (holding that without some epidemiological study or statistical basis, an expert's opinion as to causation amounts to little more than speculation), *aff'd*, 949 f.2d 806 (5th Cir. 1992), *cert. denied*, 504 U.S. 956 (1992); *see also Maiorana v. U.S. Mineral Prod. Co.*, 52 F.3d 1124 (2d Cir. 1995) ("[E]pidemiological evidence is indispensable in toxic and carcinogenic tort actions where direct proof of causation is lacking."); *Elkins v. Richardson-Merrell*, 8 F.3d 108, 1073 (6th Cir. 1993) (affirming summary judgment where plaintiff failed to raise a genuine issue of fact regarding causation in light of epidemiological evidence).

[31] Shwery Dep. at 111:3-9 (Ex. B)

As stated in the motion to exclude Dr. Farber's causation testimony, Dr. Farber explained in his deposition that he actually does *not* know whether Ms. Dubuclet is allergic to formaldehyde.[32]  Dr. Farber's testimony changed the opinion in his affidavit, and now Dr. Shwery has nothing to connect Timia's alleged anxiety to formaldehyde.  Dr. Shwery has no other basis to connect Timia's anxiety to Fleetwood.  The only evidence of a possible causal link between Timia's alleged anxiety is based on Dr. Farber's previous "opinion" in his affidavit -- not on his clarifying testimony.  There is no evidence upon which a jury could reasonably find that Timia's alleged anxiety is in any way caused by Fleetwood.  Therefore, Timia's anxiety claim should be dismissed as a matter of law.

> **2.      *Plaintiff's fear of cancer claim has no evidentiary foundation because there is no specific evidence regarding her fear of cancer.***

The only "evidence" that Timia has a fear of developing an unknown type of cancer is the allegations made by her attorneys.  She did not mention her "fear of cancer" when she met with Dr. Shwery on July 15, 2009, even though he was evaluating her for anxiety.[33]  Plaintiff's alleged fear of cancer is only connected her Aunt Rita passing away from cancer, making her fear a general one common to many children who have known a person who died of this condition.[34]  Her mother has not testified about her daughter's fear of cancer.  In *Smith v. A.C. & S., Inc.*, the plaintiff testified about his general concern for his future health, but the Fifth Circuit could not take the evidentiary leap from that general statement to a specific fear of cancer.[35]  The Fifth Circuit court found that the district court erred in allowing expert testimony on the reasonableness of his fear of cancer when the proper evidentiary foundation had not been laid.[36]  Here, outside of broad statements about having eczema in

---

[32] Farber Dep. at 50:2-51:11, 93:21-94:7, excerpts attached as Ex. C.
[33] Shwery Aff. (Ex. A).
[34] Timia Dubuclet Dep. at 74:17-76:3 (Ex.D).
[35] *Smith*, 843 F.2d at 859.
[36] *Id.*

the future,[37] no one has testified about even a general concern for Timia's future health, much less any specific concern about cancer.  Even in Plaintiff's Proposed Fourth Supplemental and Amended Complaint, the allegation regarding fear of cancer is general, seeking damages for "Plaintiff's mental anguish and emotional distress, including the fear of an increased risk of future cancer or other serious disease."[38]  Just as the Court in *Scott* found that there was no evidentiary foundation laid, so should this Court find that there is no foundation for a fear of cancer claim.  Plaintiff should not be able to meet this threshold requirement by relying on vague allegations in a complaint.  Neither can she meet this requirement by claiming a fear of cancer that is completely unrelated to exposure to the formaldehyde or living in the EHU.  Her alleged fear of cancer is independent of her alleged exposure, and is not something for which Fleetwood should be made liable.  Without this proper evidentiary foundation, Plaintiff's fear of cancer claim should be dismissed as a matter of law for this reason alone.

### 3. *There is no genuine issue of material fact as to whether Plaintiff's fear of cancer claim is reasonable, and summary judgment should be granted in Fleetwood's favor.*

Even if this Court were to conclude that there is a proper evidentiary foundation sufficient to permit the jury to hear expert testimony on the reasonableness of Plaintiff's alleged fear of cancer, the expert testimony offered by Plaintiff is insufficient to establish a reasonable fear.  Fleetwood has moved separately to exclude both Dr. Williams's testimony on general causation of cancer and DeVany's conclusion about formaldehyde's cancer-causing potential, and incorporates those arguments herein.  Without their testimony, Plaintiff has no evidence from which a jury could reasonably conclude that her alleged fear of cancer is reasonable.  Therefore, the fear of cancer claim should be dismissed for that reason alone.

---

[37] Ms. Dubuclet's treating dermatologist, Dr. George A. Farber, testified that children who have atopic dermatitis as infants will have that condition for life.  Farber Dep. at 33:9-14 (Ex. C); *see also* Farber Aff. at 4 (DUB001141) (Ex. G) (stating that medical problems related to formaldehyde sensitization are "likely to persist for life").
[38] Plaintiff's Proposed Fourth Supp. & Amd. Compl. at ¶ 12 (Rec. Doc. 5394-3).

But even if Dr. Williams and DeVany are permitted to testify on cancer, their testimony is insufficient to permit a jury to find that any fear of cancer is reasonable.  Their opinions are not connected to any exposure level, they are speculative, and they are not based on epidemiological evidence.[39]

> a.  *Without testimony regarding the level of exposure, causation for fear of cancer fails as a matter of law.*

The testimony from Dr. Williams and DeVany on general causation does not provide any causal link to the alleged exposure level of formaldehyde that Timia experienced.[40]  Without any testimony to connect exposure to formaldehyde at the level allegedly experienced by Timia to her claimed injuries, Plaintiff cannot show that her fear of cancer is reasonable.  Even though a plaintiff only needs to show that it is "possible" and not "probable" that she will contract a disease for a fear of future disease claims,[41] that burden cannot be met here.  The scientific literature does not show that cancer is possible for someone exposed to *any* level of formaldehyde -- and Plaintiff must present some scientific evidence of what that level is that makes cancer even "possible."

> b.  *Dr. Williams's cancer opinion is too speculative, and, therefore, no fear of cancer is reasonable.*

Dr. Williams's testimony on theoretical DNA damage cannot save this claim either.  That testimony contains too many leaps of faith that the jury would need to make to conclude that DNA damage occurred, and that it might result in cancer.  Her testimony is too speculative:

> A.  One molecule at the *theoretical* level can cause the damage.  It can also be repaired . . . *we are talking at the molecular level*.  So *theoretically*, molecular level, one hit could *theoretically* cause the mutation. . .

---

[39] And Plaintiff has not identified any epidemiologist as an expert.
[40] Indeed, Dr. Williams has not provided an opinion as to what exposure levels are sufficient to trigger any cancerous process due to formaldehyde exposure.  Williams Dep. (July 7, 2009) at 97:23-99:6, 127:18-132:15, excerpts attached as Ex. E.  The only proposed expert from Plaintiff that even attempts to offer an opinion on *any* exposure level is Dr. Miller, but he is clear that his opinions only address noncancerous claims.  Miller Dep. at 160:4-16 (Ex. H).
[41] *Maurer*, 2002 WL 31819160, at *3.

\*    \*    \*    \*

A.      . . . the *theoretical potential* is there, *if* the repair mechanisms fail, *if* the cell cycle timing of the hit is just that it isn't repaired . . . *there is no safe level* of the DNA-reactive carcinogen.[42]

Suffice it to say, her opinion is not only problematic because it is based on subclinical, subcellular damage *potential*, but by her own words it is, at best, "theoretical" and based on numerous "ifs" and uncertainties.

           c.     *Dr. Williams does not have sufficient epidemiological or other scientific evidence to support a fear of cancer claim.*

Finally, Plaintiff cannot meet her burden of presenting expert testimony on the reasonableness of any fear simply by citing studies that address levels of exposure, citing public health standards, and then looking at the testing data for EHUs and formaldehyde levels. While an expert can certainly start with those data points, the data must be analyzed further and applied to Ms. Dubuclet's specific situation. But no expert has done this analysis. It cannot be left up to the jury to look at various testing numbers and figure out which studies or public health standards that discuss exposure levels of gaseous formaldehyde are applicable in this case, and then decide whether cancer in the future is "possible."

Critically, there is no epidemiologic link between formaldehyde at the level that Timia was allegedly exposed to and cancer of any kind. Plaintiff has not identified any epidemiologist. The evidence shows that International Association for Research on Cancer has not set forth an association between formaldehyde and nasopharyngeal cancer ("NPC") at the level that Timia was allegedly exposed to. Even Christopher DeRosa, MS, Ph.D. (an environmental health scientist for the CDC's Agency for Toxic Substances and Disease Registry ("ATSDR")) (who has not been retained by either

---

[42] Williams Dep. (July 7, 2009) at 133:5-134:15 (emphasis added) (Ex. E).

plaintiffs or defendants), has testified that the IARC classification of formaldehyde as a known carcinogen is based primarily on a scientific study from the American Journal of Epidemiology entitled "Mortality from Solid Cancers among Workers in Formaldehyde Industries."[43]  That study concluded that there was no association between formaldehyde and NPC below a peak exposure of *four thousand* parts per billion (or 4 ppm).[44]  Furthermore, the median duration of exposure in the study was 35 years.[45]  This dose and duration of exposure far exceed the dose and duration that Timia was exposed to.  Paul Hewett, the statistician designated by Plaintiff,[46] found that the mean formaldehyde level in occupied Fleetwood "Pioneer" models was 0.0635 ppm -- nowhere close to 4 ppm.[47]  Thus, although the study -- and therefore, IARC -- concludes that there is an association between this cancer and this substance, there is no basis to conclude the association would exist at the levels Timia could have possibly experienced.

Additionally, further scientific analysis has undermined the conclusions of the study that formed the primary basis for IARC's classification of formaldehyde as a known carcinogen.  A reanalysis of the data compiled during the original study showed that six of the 10 NPC deaths observed in the study occurred in one plant where the peak exposure of formaldehyde exceeded four parts per million.[48]  The reanalysis showed that in the other nine plants observed in the original study, there was no evidence of an exposure–response relationship.[49]  Furthermore, five of the seven NPC cases noted in the original study were formerly employed in silver-smithing or metal work.[50]  The

---

[43] *See* DeRosa Dep. at 256-57 (Ex. I).
[44] *See* Michael Hauptmann et al., *Mortality from Solid Cancers among Workers in Formaldehyde Industries*, 159 Am. J. Epid. 1117 (2004), attached as Exhibit J; DeRosa Dep. at 257-58 (Ex. I).
[45] Hauptmann at 1119 (Ex.J).
[46] *See* Pl.'s Designation of Expert Witnesses (July 17, 2009) (Ex.K; Hewett CV (Ex.L).
[47] Hewett Aff. dated Oct. 26, 2009 (Table 2) (Ex. M).  There are not even any outliers in Hewett's dataset that approach 4 ppm, not even testing done by DeVany Industrial Consultants.  *Id.* at 22 (Figures 3 through 7).
[48] *See* Report of Gary Marsh, Ph.D., dated Aug. 19, 2009 at 6 (Ex.N).
[49] *Id.* (Ex. N).
[50] *Id.* at 8-9 (Ex.N).

reanalysis showed that NPC risks were not elevated in subjects exposed only to formaldehyde.[51]  Thus, the reanalysis provided little support for the conclusion that there is a causal relationship between NPC and formaldehyde exposure.[52]  The additional analysis seriously undermines the original study's association of NPC and formaldehyde, and thus calls into question IARC's conclusion that formaldehyde is a known human carcinogen.

Considering the scientific studies cited and relied upon by IARC, and the testimony of the expert witnesses in this matter, Fleetwood respectfully asserts that there is no scientific basis to conclude that there is a link between formaldehyde at the levels present in the Plaintiff's EHU and cancer of any type.  The epidemiologic and scientific studies show that formaldehyde has the capability to cause only one form of cancer -- nasopharyngeal.  But the scientific link between nasopharyngeal cancer and formaldehyde is nonexistent at the formaldehyde level Timia was allegedly exposed to.  Here, exposure to formaldehyde at a certain level has been causally linked to nasopharyngeal cancer, but not at the levels that the Plaintiff and her minor child were exposed to.  This Honorable Court has previously ruled that without such a link, a plaintiff's fear of cancer is not reasonable.[53]  In this case, the Plaintiff has no reasonable fear of cancer, and therefore is not entitled to an award based on her alleged mental anguish.

For these additional reasons, even if Dr. Williams is permitted to testify, Fleetwood requests that Plaintiff's fear of cancer claim be dismissed.

> d.    *DeVany offers no evidence that raises a genuine issue of material fact that Plaintiff's alleged fear of cancer is reasonable.*

DeVany is not a medical doctor, is not an epidemiologist, and offers only a conclusion in her affidavit about the "cancer-causing potential" of formaldehyde in her affidavit.  She admits in her

---

[51] *Id*. at 9 (Ex. N).
[52] *Id*. at 7 (Ex. N).
[53] *See Maurer*, 2002 WL 31819160, at *3.

deposition that she did not do any research or study the adverse health effects from formaldehyde exposure, and only relied on information gathered from other sources.[54]  A sweeping statement about the potential of formaldehyde (at no specific level for no specific duration of time) to cause cancer does not permit the jury to find in favor of Plaintiff on a fear of cancer claim.

**III.     Conclusion**

Fleetwood requests that summary judgment be entered in its favor on Plaintiff's anxiety and fear of cancer claims.  For the anxiety claim, there is no expert testimony sufficient to connect Timia's alleged anxiety back to Fleetwood's actions.  For Timia's fear of cancer claim, the only bases are allegations in a pleading and a fear of cancer completely unrelated to living in the EHU.  There is no scientific basis to show that it is even possible that Timia could develop cancer in the future.  For these reasons, Fleetwood requests that this Court grant summary judgment in its favor on all mental anguish claims.

This 9th day of November 2009.

Respectfully submitted:

_/s/ Richard K. Hines, V_____
Richard K. Hines, V
GA Bar No. 356300
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)

Jerry L. Saporito
LA Bar No. 11717
LEAKE & ANDERSSON, L.L.P.
1700 Energy Centre

---

[54] DeVany Dep. at 116:16-117:13 (Ex. O).

1100 Poydras St.
New Orleans, LA 70163-1701
(504) 585-7500 (phone)
(504) 585- 7775 (fax)

Counsel for Fleetwood Enterprises, Inc.

## C E R T I F I C A T E OF SERVICE

I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )     Hand Delivery                           ( )     Prepaid U.S. Mail

( )     Facsimile                                    ( )        Federal Express

(X)     CM/ECF

New Orleans, Louisiana, this 9th day of November 2009.

*/s/ Richard K. Hines, V*
Richard K. Hines, V
Georgia Bar No. 356300
richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)

14