UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER FORMALDEHYDE | § | MDL No. 1873 |
| PRODUCTS LIABILITY LITIGATION | § | |
| | § | SECTION N(5) |
| | § | |
| THIS DOCUMENT IS RELATED TO: | § | JUDGE ENGELHARDT |
| *Civil Action No. 07-9228* | § | |
| *Aldridge, et al v. Gulf Stream Coach, Inc., et al* | § | MAGISTRATE CHASEZ |
| *(Elisha Dubuclet o/b/o Timia Dubuclet)* | § | |

**FLUOR ENTERPRISES, INC.'S MOTION FOR SUMMARY JUDGMENT
BASED ON THE GOVERNMENT CONTRACTOR DEFENSE**

# FLUOR EXHIBIT 8

```
1:1             UNITED STATES DISTRICT COURT
  2             EASTERN DISTRICT OF LOUISIANA
  3
  4   IN RE:    FEMA TRAILER           * MDL NO. 1873
  5             FORMALDEHYDE PRODUCTS  *
  6             LIABILITY LITIGATION   * SECTION "N" (5)
  7                                    *
  8                                    * JUDGE ENGELHARDT
  9   THIS DOCUMENT IS RELATED TO      * MAGISTRATE CHASEZ
 10                                    *
 11   Charlie Age, et al v. Gulf       *
 12   Stream Coach, Inc., et al,       *
 13   Docket No. 09-2892; Alana        *
 14   Alexander, individually and on   *
 15   behalf of Christopher Cooper     *
 16                      - - - -
 17    Videotaped  telephone deposition of ROBERT
 18   E. DUCKWORTH, taken by the Plaintiffs,
 19   pursuant to notice and/or agreement, before
 20   Phyllis Butler, Court Reporter and Notary
 21   Public, at the Hilton, 45 West Orchard Park
 22   Drive, Greenville, South Carolina, on the
 23   5th day of August, 2009, commencing at the
 24   hour of 6:15 o'clock, p.m.
 25                      - - - -
```



EXHIBIT 8

```
8:1     MR. MILLER:  Henry Miller for the
  2     Defendant United States of America.
  3        MR. GLASS:  Joe Glass for Gulf
  4     Stream Coach, Inc.
  5        MR. BARRIOS:  Jerry Barrios for
  6     CH2M and Hill Constructors, Inc.
  7        MR. PENOT:  Charles Penot for
  8     Fluor Enterprises, Inc., and with
  9     me in the room are Mr. Charles Al
 10     Whitaker and Hugo Linares.
 11                ROBERT E. DUCKWORTH,
 12           being first duly sworn, was examined
 13           and deposed as follows:
 14                DIRECT EXAMINATION
 15     BY MR. PINEDO:
 16     Q.   Sir, could you please state your name.
 17     A.   My name is Robert England Duckworth.
 18     Q.   Mr. Duckworth, how are you currently
 19     employed?
 20     A.   I am an employee of Fluor Corporation.
 21     Q.   And what is your title with Fluor
 22     Corporation?
 23     A.   Senior Safety Manager, Health, Safety
 24     and Environment.
 25     Q.   And how long have you held that
```

```
9:1   position?
  2   A.   I have held my present position since
  3   approximately --- for about three
  4   years.  I've held various positions
  5   through the company.
  6   Q.   In March of 2006 what was your position
  7   with Fluor?
  8   A.   I was an employee of Fluor Government
  9   Group.  I was the Senior Site Safety
 10   Manager for the FEMA IATAC Contract for
 11   our work in Gonzales Operations Center.
 12   Q.   And that's Gonzales, Louisiana; is that
 13   right?
 14   A.   That is correct.
 15   Q.   You understand that you are a
 16   designated representative on behalf of
 17   Fluor today?
 18   A.   Yes, I understand that.
 19   Q.   You are a designated representative on
 20   Item Number 18 in the Deposition
 21   Notice, which is what you knew --- and
 22   you understand "you" as being Fluor; is
 23   that right?
 24   A.   Can I see Number 18, please?  Yes, that
 25   is correct.
```

```
10:1   Q.   Let me read it to you and get your
   2   affirmation once I've read it.  "What
   3   Fluor knew about formaldehyde in travel
   4   trailers and formaldehyde exposures,
   5   dangers ---"  Let me start over.
   6   Number 18 states, "What you knew about
   7   formaldehyde in travel trailers and
   8   formaldehyde exposure dangers prior to
   9   Hurricanes Katrina and Rita."  You
  10   understand you're a designated
  11   representative on behalf of Fluor for
  12   that item?
  13   A.   Yes, I do.
  14   Q.   You also understand that you are the
  15   designated representative of Fluor on
  16   communications with Gulf Stream Coach,
  17   Inc. and/or FEMA regarding the effects
  18   of formaldehyde exposure and the
  19   potential length of time residents
  20   would stay in travel trailers; is that
  21   right?
  22   A.   Yes, I am one of the representatives.
  23   Q.   And you're also one of the
  24   representatives on Item Number 13 on
  25   that Deposition Notice; is that right?
```

78:1    MR. PINEDO: Object to the form.

2    A.    That is correct.

3    Q.    When did Fluor first become aware of

4    the potential problem of formaldehyde

5    in the travel trailers?  I'm just

6    rephrasing the question to respond to

7    the counsel's objection.

8    A.    Of the potential for a problem?

9    Q.    Yes.

10    A.    Yeah, in March 2006.

11    Q.    Prior to March 2006 had Fluor received

12    any complaints about formaldehyde

13    concerns in the travel trailers?

14    A.    None that I am aware of.

15    Q.    Had it received any complaints from any

16    of its employees?

17    A.    None.

18    Q.    Any of the occupants to the best of

19    your knowledge?

20    A.    None to the best of my knowledge.

21    Q.    Prior to March of 2006 had Fluor in any

22    of its prior experiences responding to

23    any disasters had any information that

24    formaldehyde was an issue of concern

25    for occupants in travel trailers?

```
79:1   A.   None that I am aware.
   2   Q.   Had Fluor any information that
   3   suggested that formaldehyde was an
   4   issue of concern for its employees in
   5   travel trailers?
   6   A.   None that I'm aware.
   7    MR. MILLER:  Sir, those are all
   8   the questions I have.  I appreciate
   9   your time and patience.
  10    MR. PENOT:  Are you guys reserving
  11   ---
  12    MR. MILLER:  And I apologize.
  13   That's all the questions I have
  14   now.  I reserve the rest of my
  15   time, and I join in Mr. Pinedo's
  16   concerns and the statements
  17   regarding why the Government is
  18   reserving that time.
  19    MR. PINEDO:  Let me just make one
  20   more statement for the record.  I
  21   understand the deposition is
  22   limited to ten hours.  I understand
  23   the Defendants are not proceeding
  24   with the three hours.  I would like
  25   to proceed with the remainder of
```