UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE | * | |
| | PRODUCTS LIABILITY | * | |
| | LITIGATION | * | SECTION:  N(5) |
| | | * | |
| This Document Relates to: | | * | |
| *Dubuclet v. Fleetwood Enterprises, Inc.* | | * | |
| . | | * | JUDGE: ENGELHARDT |
| *Case No. 07-9228* | | * | |
| | | * | |
| | | * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>DEFENDANT FLEETWOOD ENTERPRISES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO LIMIT PAUL HEWETT, PH.D.'S TESTIMONY REGARDING CAUSATION</u>

Defendant Fleetwood Enterprises, Inc. (hereinafter "Fleetwood")  has moved to limit Paul

Hewett, Ph.D.'s testimony on the limited grounds that he should not be permitted to testify to the

principle that formaldehyde exposures tend to decrease with age.  This Court excluded this testimony

in the *Alexander* case because Hewett himself stated the jury would not need his expertise on this

point.  In this case, plaintiffs' counsel has also stated that he would not offer opinions regarding the

formaldehyde decay coefficient, but because this opinion is still in his current affidavit, Fleetwood

moves to exclude it.

## I.      Factual Background

### A.      Hewett's Opinions.

Plaintiff has offered Paul Hewett, Ph.D. for his opinions on statistics, including analyzing the

testing data to evaluate formaldehyde exposure levels.  Hewett has submitted three affidavits for the

*Dubuclet* matter, revising them to reflect his additional analyses.  The first affidavit is dated July 16, 2009,[1] the second is dated October 10, 2009,[2] and the third is dated October 26, 2009.[3]

In the second affidavit --  drafted months after the due date for Plaintiffs expert reports in this case and provided to Fleetwood's counsel for the first time furing Hewett's scheduled deposition in the *Dubuclet* case on October 22, 2009 -- Hewett included a wholly new section  numbered Section 3.4, titled "Estimation of the Formaldehyde Decay Coefficient."[4]  In that affidavit, he set forth an equation that he used to conduct regression analysis by applying a formaldehyde concentration prediction model.[5]  But at Hewett's October 22, 2009 deposition, plaintiffs' counsel stated on the record that Plaintiffs will not be offering Hewett's opinion on the decay coefficient or any of the opinions or analysis within Section 3.5 of that second affidavit.[6]

Hewett's third affidavit did not include Section 3.5 from the prior affidavit..[7]  However, Hewett still concluded his third affidavit, dated October 26, 2009, that his analyses of formaldehyde exposure datasets were based on the "observed data" and did not take into account "the very real possibility that earlier formaldehyde concentrations tended to be greater than the concentrations measured here."[8]

**B.     Court's previous ruling regarding Hewett's testimony.**

In Hewett's deposition taken in *Alexander*, he testified that it was "common sense" that formaldehyde exposures are higher earlier in the life of the trailer than exposures later in the life of the trailer.[9]  He further testified that the jury would not need his expertise to reach that conclusion.[10]

---

[1] Hewett Aff. (July 16, 2009), attached as Ex. A.
[2] Hewett Aff. (Oct. 10, 2009), attached as Ex. B.
[3] Hewett Aff. (Oct. 26, 2009), attached as Ex. C.
[4] Hewett Aff. (Oct. 10, 2009) at 11, § 3.5 (Ex. B).
[5] *Id.*
[6] Hewett Dep. (Oct. 22, 2009) at 64:11-65:14 (Ex. D).
[7] Hewett Aff. (Oct. 26, 2009) (Ex.C).
[8] Hewett Aff. (Oct. 26, 2009) at 14 (last paragraph) (Ex. C).
[9] Hewett Dep. (July 10, 2009) at 75:7-77:6 (Ex. E).
[10] *Id.* at 76:21-77:6 (Ex. E).

Based on that admission, this Court ruled that Hewett would not be able to offer the opinion at trial that exposures tend to decline with the age of the trailer.[11]

## II.    Argument & Citation to Authority

### A.    This Court's Gatekeeping Role Regarding Hewett's Opinions.

Federal Rule of Evidence 702 permits a witness who, through his expertise, has the knowledge, skill, experience, training or education to offer scientific, technical, or other specialized knowledge may testify regarding that knowledge if it will assist the trier of fact to understand the evidence or to determine a fact in issue.  A proposed expert witness must first be qualified to testify regarding the issues for which he is offered.[12]  Even if an expert is qualified, his opinion can be excluded if not reliable.[13]

Once the expert is deemed qualified, his testimony is only admissible if it is based upon sufficient facts or data, it is the product of reliable principles and methods, *and* the witness has applied the principles and methods reliably to the facts of the case.[14]  The reliability inquiry is flexible, and several nonexclusive factors may be considered, including: (1) whether the technique has been tested, (2) whether the technique has been subjected to peer review and publication, (3) the potential error rate, and (4) whether the technique is generally accepted in the relevant scientific community.[15]  The expert testimony must also be relevant—not only in the way that all testimony must be relevant under Federal Rule of Evidence 402, but also in the sense that the expert's proposed opinion would assist the

---

[11] Order dated Sept. 8, 2009 at 2-3 (Rec. Doc. 3092).
[12] *See U.S. v. Frazier*, 387 F.3d 1244, 1260-1261 (11th Cir. 2004).
[13] *U.S. v. Frazier*, 387 F.3d 1244, 1261 (11th Cir. 2004).
[14] Fed. R. Evid. 702.
[15] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 593-94 (1993) (discussing the four nonexclusive factors); Order dated July 15, 2009 at 4 (Rec. Doc. 2181) (citing *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004)).

trier of fact to understand or determine a fact in issue.[16]

*Daubert* also cautions against admitting expert testimony in a case when the application of the expert's methodology to the facts of the case involves an impermissible leap of faith. The Supreme Court in *General Electric v. Joiner* acknowledged, "[t]rained experts commonly extrapolate from existing data. But nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to the existing data only by the *ipse dixit* of the expert."[17] If there exists too great an analytical gap between the data and the opinion offered, the testimony is not reliable.[18]

Of course, Rule 702 requires the Court to determine whether the expert will assist the trier of fact. If the Court finds that the jury could assess the issue using their "common experience and knowledge," then a full *Daubert* analysis may not be needed.[19]

> **B.    Hewett's testimony asserting that formaldehyde exposures decline with age should be not be admitted because it is not helpful to the jury.**

Fleetwood is asking this Court to place the same limitation that it previously placed on Hewett's testimony.[20] Hewett should not be permitted to testify on the principle that formaldehyde exposures decrease with age. He has already admitted that the jury does not need his expertise on that point.[21] Plaintiff's counsel has already withdrawn Hewett's opinion on the formaldehyde decay coefficient, confirming the withdrawal when, shortly after the deposition, Hewett sent a revised

---

[16] Order dated July 15, 2009, at 4 (Rec. Doc. 2181) (citing *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir.2003)).
[17] 522 U.S. 136, 146 (1997).
[18] *Id.*
[19] *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, MDL No. 07-1873, 2009 WL 2169224, at *3 (E.D. La. July 15, 2009) (citing *Peters v. Five Star Marine Serv.*, 898 F.2d 448, 450 (5th Cir. 1990)).
[20] Order dated Sept. 8, 2009 at 2-3 (Rec. Doc. 3092).
[21] Hewett Dep. (July 10, 2009) at 76:21-77:6 (Ex. E).

affidavit removing those opinions and analyses.[22]

While these are facts alone are sufficient to justify the exclusion of his opinion on formaldehyde exposures with age, at his deposition in *Alexander*, Hewett seemed to only rely on "common sense" to support that opinion.[23]  Common sense is not sufficient to support an expert opinion.  Therefore, Hewett should not be able to apply this "common sense" opinion when providing his statistical analysis to the jury.  While Fleetwood does not object to him describing how he reached his conclusions, he should not be able to offer this common sense opinion, which is not supported by data, to, in effect, alter his data and conclusion.  By allowing him to even mention that there is "the very real possibility that earlier formaldehyde concentrations tended to be greater than the concentrations measured here," he is attempting to persuade the jury that earlier measurements would have been higher.  Such testimony should be excluded.  It is based on "common sense" and he has already said that his expertise would not be needed on this point, showing that it would not provide any assistance to the jury.

## III.    Conclusion

Fleetwood requests that this limitation, already imposed on Hewett in *Alexander*, be placed on Hewett's *Dubuclet* testimony: no testimony should be permitted that formaldehyde exposures tend to decline with the age.  Hewett has admitted that the jury does not need his expertise on that principle.  Plaintiff's counsel has also withdrawn a related opinion about the formaldehyde decay coefficient.  For these reasons, Fleetwood requests that this motion be granted.

---

[22] Hewett Dep. (Oct. 22, 2009) at 64:11-65:14 (Ex. D); Hewett Aff. (Oct. 26, 2009) (Ex. D).  Indeed, this statement was made at the deposition, and therefore Hewett was not deposed fully on those opinions.
[23] Hewett Dep. (July 10, 2009) at 75:7-77:6 (Ex. E).

This 9th day of November 2009.

Respectfully submitted:

 /s/ Richard K. Hines, V
Richard K. Hines, V
GA Bar No. 356300
E-mail:  richard.hines@nelsonmullins.com
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)

Jerry L. Saporito
LA Bar No. 11717
LEAKE & ANDERSSON, L.L.P.
1700 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-1701
(504) 585-7500 (phone)
(504) 585- 7775 (fax)

Counsel for Fleetwood Enterprises, Inc.

## C E R T I F I C A T E OF SERVICE

I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )    Hand Delivery                          ( )    Prepaid U.S. Mail

( )    Facsimile                               ( )    Federal Express

(X)    CM/ECF

New Orleans, Louisiana, this 9th day of November 2009.

_/s/ Richard K. Hines, V_
Richard K. Hines, V
Georgia Bar No. 356300
E-mail:  richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)