UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * | MDL NO. 1873 SECTION: N(5) |
| This Document Relates to: *Dubuclet v. Fleetwood Enterprises, Inc., et al.* Case No. 07-9228 | | * * * * * * | JUDGE: ENGELHARDT MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**JOINT RESPONSE OF THE PARTIES TO THE
COURT'S SHOW CAUSE ORDER DATED NOVEMBER 9, 2009**

**COME NOW** the parties and jointly respond to this Court's Show Cause Order dated November 9, 2009 (Rec. Doc. 6599) and show the Court as follows:

First, the parties apologize for what may have been a misunderstanding on their part with respect to the "finality" of the trial plan -- the wording of Pretrial Order 46 (Rec. Doc. 5744) notwithstanding -- and want the Court to understand that they in no way intended to trespass on the Court's direction or its Pretrial Order.

With respect to the trial plan, Plaintiffs and Fleetwood recall that the first mention of the trial plan was made during the *in camera* liaison counsel meeting with the Court on October 23. During the *in camera* conference, the parties recall that the phraseology used by the Court was that a trial plan "draft" was due by November 6. Indeed, the handwritten notes of counsel for Fleetwood reflect:  " \*\* trial plan draft by 11/6 . . . roster with names and game plan." It was with this as background that the parties interpreted the meaning of Pretrial Order 46.

In accordance with Pretrial Order 46, Plaintiffs' counsel Raul Bencomo and Fleetwood counsel Richard Hines and Taylor Daly met and conferred via telephone on Thursday, November 5 and discussed their preparation of the trial plan. During the course of the conversation, the parties discussed the fact that certain of the depositions had not yet been transcribed, many of the deposition cuts had not been made, and thus it would be virtually impossible to predict the playing time precisely of those witnesses.

More importantly, however, the parties discussed the fact that during the preparation of the *Alexander* trial plan, the Court had become frustrated with the number of witnesses listed and a trial plan that would have taken much longer than two weeks to try. Accordingly, during the course of the November 5 conference, the parties agreed that, although it was to be a draft trial plan, each party would, in good faith, limit its listing of witnesses to those it realistically anticipated would be called for trial. It was further agreed that, since this was to be a draft trial plan, depending on which witnesses were being listed by the other party, each side would be able to adjust its final trial plan in order to either add or subtract witnesses as necessary.

Indeed, both parties were operating under the apparent misapprehension that the trial plan, as ordered by Pretrial Order 46, was to be a draft. The parties now fully appreciate the fact that the Court had a far different view. Other than the "meet and confer" between counsel for Plaintiffs and counsel for Fleetwood, the parties did not separately confer with counsel for Fluor, who did not have notice of the November 5 telephone conference. Fluor understood its obligation to meet and confer but has been concentrating its efforts on a dispositive motion in light Flour's view that there is an the absence of proof of negligence on its part in connection with the condition of the involved Dubuclet Fleetwood unit, in the hope that it could present the

Court with an uncontested motion, although neither Fleetwood nor plaintiffs had made any such commitment as of the trial plan filing date.  However, when the Plaintiffs' trial plan was filed, Counsel for Fluor reviewed the Fluor witnesses contained in Plaintiffs' proposed trial plan, and based on Fluor's understanding of the undisputed evidence as of the date the trial plan was due, determined that the five Fluor witnesses listed would be the extent of the witnesses called by Fluor and would be "taken on direct" by Fluor if called by Plaintiffs in their case-in-chief.

The parties show the Court that, in order to meet their discovery obligations, during the week of November 2, the parties took the depositions of nine different witnesses in locations ranging from New Orleans, Louisiana, to Dallas, Texas, to Waco, Texas, to Riverside, California, to Atlanta, Georgia.  Indeed, the deposition taken on Friday, November 6, in Dallas was specifically an evidentiary preservation deposition, and the transcript and video on that deposition will not be ready for a number of days.  Furthermore, the parties engaged in finalizing *Daubert* and dispositive motions to be filed with the Court on November 9, 2009.  While this does not excuse the lack of a joint filing, it is intended to show to the Court that the parties were all working at break-neck speed in an effort to meet all of the deadlines imposed upon them in order to prepare this case for its December 7, 2009 trial.

The parties pledge to the Court that they will confer by telephone immediately in order to utilize their best efforts to put together a trial plan utilizing the best estimation of length of deposition and both direct and cross-examination times for the live witnesses.  Indeed, that meeting has been scheduled for Tuesday, November 10.

3

Counsel for Plaintiffs understand that this show cause has been set for Friday, November 13 and wishes to call to the Court's attention that Plaintiffs presently are scheduled to take a deposition of a FEMA witness in Texas on that date.

In conclusion, the parties invite the Court's indulgence over what apparently was a misunderstanding that the trial plan due to the Court on November 6 was one to be a draft trial plan only as opposed to the final version of the trial plan. If the Court would like any other information or a conference call on the subject, the parties stand ready to be guided by the Court's direction.

For all of the reasons, the parties respectfully request that the Court not impose monetary sanctions but rather accept the pledge of the parties to provide to the Court by November 13 a jointly prepared trial plan which incorporates the parties' best estimates as to the timing of each witness to be called at trial of this matter.

This 9th day of November 2009.

Respectfully submitted:

/s/ Raul R. Bencomo
Raul R. Bencomo
LA Bar No. 2932
Bencomo & Associates
639 Loyola Avenue
Suite 2110
New Orleans, LA 70119
(504) 529-2929 (phone)
(504) 529-2018 (fax)

/s/ Linda J. Nelson
Linda J. Nelson
LA Bar No. 9938
Lambert and Nelson, PLC
701 Magazine Street

New Orleans, Louisiana 70130
(504) 581-1750 (phone)
(504) 529-2931 (fax)

Counsel for Plaintiffs


 /s/ Richard K. Hines, V
Richard K. Hines, V
GA Bar No. 356300
Taylor T. Daly
GA Bar No. 697887
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)

Jerry L. Saporito
LA Bar No. 11717
LEAKE & ANDERSSON, L.L.P.
1700 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-1701
(504) 585-7500 (phone)
(504) 585- 7775 (fax)

Counsel for Fleetwood Enterprises, Inc.


 /s/Charles R. Penot, Jr.
Charles R. Penot, Jr.
LA Bar No. 1530
Middleberg, Riddle & Gianna
717 North Harwood
Suite 2400
Dallas, TX 75201
(214) 220-6300 (phone)
(214) 220-2785 (fax)

Counsel for Fluor Enterprises, Inc.

**C E R T I F I C A T E OF SERVICE**

  I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )  Hand Delivery      ( )  Prepaid U.S. Mail

( )  Facsimile        ( )  Federal Express

(X)  CM/ECF

  New Orleans, Louisiana, this 9th day of November 2009.

              /s/ Richard K. Hines, V
              Richard K. Hines, V
              Georgia Bar No. 356300
              richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA 30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)