UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE | * | |
| | PRODUCTS LIABILITY | * | |
| | LITIGATION | * | SECTION: N(5) |
| | | * | |
| This Document Relates to: | | * | |
| | | * | |
| This Document Relates to: | | * | |
| *Dubuclet v. Fleetwood Enterprises, Inc.* | | * | |
| | | * | JUDGE: ENGELHARDT |
| Case No. 07-9228 | | * | |
| | | * | |
| | | * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT FLEETWOOD ENTERPRISES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF PLAINTIFF'S EXPERT KENNETH R. LAUGHERY, PH.D.**

**May It Please The Court:**

Defendant Fleetwood Enterprises, Inc. (hereinafter "Fleetwood") has moved this Court *in limine* to exclude the testimony of Plaintiff's expert Kenneth R. Laughery, Ph.D. Fleetwood now submits this Memorandum in Support of its Motion and respectfully shows this Court as follows.

## I. BACKGROUND

On July 15, 2009 this Court granted Gulf Stream Coach, Inc.'s Motion to Exclude the Testimony of Lila Laux, who was designated as a human factors expert in the *Alexander* bellwether trial. (Rec. Doc. 1753). This Court explained that a jury would not benefit from Dr. Laux's conclusory testimony as a "human factors" expert. *Id.* at p. 6. In fact, this Court went on to rule that: "To be clear . . . no party will be permitted to introduce a human factors expert; no

expert will be allowed to directly instruct the jury how it should dispose of a factual issue in this case." *Id.* On July 17, 2009, Plaintiff Elisha Dubuclet on behalf of her minor child, Timia Dubuclet ("Plaintiff") nonetheless sought to introduce the opinions of another human factors expert, Dr. Kenneth Laughery, in this matter.[1] As a result, Fleetwood moved this Court to strike Dr. Laughery from Plaintiff's Designation of Expert Witnesses. (Rec. Doc. 2348).[2] In its Order and Reasons, this Court explained that Dr. Laughery would only be permitted to testify as to the need for a warning in the Dubuclet unit. (Rec. Doc. 4845, p. 2). He is not allowed to "invade the province of the jury" by testifying regarding the adequacy of the Fleetwood warning. *Id.* Despite this severe limitation, Plaintiffs nonetheless persist in offering the opinions of Dr. Laughery. Indeed, in their Opposition to Forest River's Motion to Strike Dr. Laughery (Rec. Doc. 5259, p. 2) filed one week after this Court's very Order on the fact Dr. Laughery cannot testify on the issue of the adequacy of the warning, Plaintiffs' argue: "However, the Plaintiff offers that Kenneth Laughery, PhD will not instruct the jury as to issues of fact, but rather <u>will provide</u> <u>opinions</u> of the need for a warning and <u>the inadequacy of any Forest River warnings</u> <u>which are not immediately apparent, based on technical interpretations of the fact pattern of the</u> <u>Lyndon Wright case</u>." This argument presages precisely Plaintiffs' effort to skirt the clear meaning of the Court's October 6 Order in this case and such should not be permitted.[3]

  Additionally, the only opinion Dr. Laughery is left with is inapplicable to this case and should be excluded. Fleetwood has provided warnings regarding formaldehyde containing

---

[1] See Expert Report of Kenneth R. Laughery, Ph.D., dated July 15, 2009, attached hereto as Exhibit A.
[2] Fleetwood expressly reserved its right to assert other challenges to be made as to the expert opinions of Dr. Laughery. (Rec. Doc. 2348, pp. 2-3).
[3] Indeed, because of this effort to skirt the clear mandate of the Court's October 6 Order (Rec. Doc 4845), the deposition of Dr. Laughery is scheduled for November 12, 2009. Fleetwood will file a motion seeking leave to file a reply brief as soon as the transcript is available following his deposition.

products with its travel trailers (both as a posted notice in the unit and as a notice printed in the owner's manual) since the mid 1980's.  In fact, Dr. Laughery has himself acknowledged the presence of Fleetwood's formaldehyde warning within the Dubuclet EHU specifically.  Exhibit A, p. 4.  The remainder of his opinions concern the adequacy of this warning, which have already been excluded by this Court.  (Rec. Doc. 4845).  Therefore, Dr. Laughery offers no testimony that would assist the trier of fact as required by Federal Rule of Evidence 702.

## II.     ARGUMENT AND CITATION OF AUTHORITY

Federal Rules of Evidence 702 and 703 govern the admissibility of expert testimony.  Rule 702 provides that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." *Id.*  The trial judge serves as a gatekeeper to keep out inadmissible expert testimony.  *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589-90 (1993).  In *Daubert*, the Supreme Court held that Federal Rule of Evidence 702 imposes a special obligation upon a trial judge to ensure that any and all scientific testimony is not only relevant, but it is also reliable.  *See, Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).  A party seeking to admit expert testimony bears the burden of demonstrating that the expert's findings and conclusions are based on the scientific method, and therefore, is more reliable.  *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).

Perhaps more applicable for purposes of this Motion, Rule 702 also demands that there be some degree of regulation of the subjects and theories about which an expert may testify.

Therefore, expert testimony on matters which a jury is capable of understanding and deciding without the expert's help should be excluded.  Similarly, expert testimony that does nothing more than "mirror" testimony offered by fact witnesses should also be excluded.  And finally, the expert witness must "bring to the jury more than the lawyers can offer in argument."  *Tasch, Inc. v. Sabine Offshore Serv., Inc.*, 1999 U.S. Dist. LEXIS 12368, at *7 (E.D. La. Aug. 4, 1999) (internal citations omitted).

This "mirror testimony" is precisely the type of inadmissible "expert" testimony that Dr. Laughery is left with here.  Evidence of the fact of the existence of the Fleetwood warning posted in the Dubuclet EHU is uncontroverted.[4]  Where the Plaintiff does not dispute the existence of a warning in her EHU, there is simply no room for Dr. Laughery's sole remaining expert opinion that Fleetwood should have included a warning in the EHU.  *See*, *e.g.*, *Id.*

### III.   CONCLUSION

For the foregoing reasons, Fleetwood respectfully request that this Honorable Court issue an Order excluding the testimony of Dr. Laughery in its entirety.

This 9th day of November 2009.

>    Respectfully submitted:
>
>    */s/ Richard K. Hines, V*
>    Richard K. Hines, V
>    GA Bar No. 356300
>    NELSON MULLINS RILEY & SCARBOROUGH, LLP
>    Atlantic Station
>    201 17th Street, NW, Suite 1700
>    Atlanta, GA  30363

---

[4] Attached as Exhibit B is the formaldehyde warning posted by Fleetwood in the Dubuclet unit, as photographed by Plaintiff's expert, Alexis Mallett.

4

(404) 322-6000 (phone)
(404) 322-6050 (fax)

Jerry L. Saporito
LA Bar No. 11717
LEAKE & ANDERSSON, L.L.P.
1700 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-1701
(504) 585-7500 (phone)
(504) 585- 7775 (fax)

Counsel for Fleetwood Enterprises, Inc.

## **C E R T I F I C A T E OF SERVICE**

I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )   Hand Delivery              ( )   Prepaid U.S. Mail

( )   Facsimile                  ( )   Federal Express

(X)   CM/ECF

New Orleans, Louisiana, this 9th day of November 2009.

           */s/ Richard K. Hines, V*
           Richard K. Hines, V
           Georgia Bar No. 356300
           E-mail:  richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)