UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE PRODUCTS | * | |
| | LIABILITY LITIGATION | * | SECTION "N" (5) |
| | | * | |
| | | * | JUDGE ENGELHARDT |
| | | * | MAGISTRATE CHASEZ |
| | | * | |
| THIS DOCUMENT IS RELATED TO | | * | |
| | | * | |
| *Aldridge, et al v. Gulf Stream Coach* | | * | |
| *Inc., et al*, Docket No. 07-9228; | | * | |
| Elisha Dubuclet, individually and on behalf | | * | |
| of Timia Dubuclet | | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S *DAUBERT* MOTION TO EXCLUDE THE TESTIMONY OF HOWARD I. MAIBACH M.D.**

Plaintiff Elisha Dubuclet, individually and on behalf of Timia Dubuclet, ("Ms. Dubuclet" or "Plaintiff") respectfully submits the following memorandum in support of Plaintiff's *Daubert* Motion to Exclude the Testimony of Howard I. Maibach, M.D. and hereto states:

**INTRODUCTION**

The matter before this Court involves injuries caused by formaldehyde. In addition to other injuries, Plaintiff specifically asserts that the formaldehyde exposure exacerbated Timia Dubuclet's eczema. Defendant Fleetwood, Inc., designates Dr. Howard I. Maibach as an expert qualified to provide testimony concerning the specific causation of Timia Dubuclet's ezecma. Maibach developed the skin patch testing, known as the T.R.U.E. test, which has been tested on Timia Dubuclet. The results of T.R.U.E. test indicate that Timia Dubuclet suffers contact sensitivity to epoxy resin, p-

1

tert butylphenol resin and imidazolidinyl urea; all of which are made from formaldehyde, and notably, p-tert butylphenol resin is used in the manufacture of plywood, insulation and fiberglass. Exhibit A, Timia Dubuclet's T.R.U.E. test results and Accompanying Product Explanation. Maibach's resulting opinion that Timia Dubuclet does not have formaldehyde allergic contact dermatitis is unreliable because Maibach does not apply recognized principles of false-negatives.

### I. STANDARD OF ADMISSIBILITY

Under the Federal Rules of Evidence, the party offering the expert witness bears the burden of establishing that the expert is qualified to give the opinion, and that such opinion is both reliable and relevant to the case at bar. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999). Prior to accepting the testimony of an expert witness, trial courts are charged with a "gatekeeper" function requiring a determination of whether an opinion is based upon sound, reliable theory. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 589-91 (1993). As such, "[p]roposed testimony must be supported by appropriate validation–*i.e.*, good grounds." *Id.* at 590 (internal quotations omitted). What constitutes "good grounds" are codified under Federal Rule of Evidence 702: "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702. Maibach's testimony fails to meet appropriated apply the principles and methods to the data, and thus should be excluded.

### II. MAIBACH'S OPINION IS NOT RELIABLE UNDER RULE 702 AND SHOULD BE EXCLUDED.

Over the last few decades, studies have revealed that "false-negative reactions with TRUE Test [are] the main concern." Vozmediano, J.M. & Hita, J.C., *Concordance and*

*Discordance between TRUE Test and Finn Chamber*, 42 CONTACT DERMATITIS 182 (2000); *see also* Sheretzm, E., et al., *Patch Testing Discordance Alert: False-Negatives Findings With Rubber Additives and Fragrances*, 45:2 J. AM. ACAD. DERMATOL. 313 (2001) (determining the positive reactions may be missed to certain allergens if T.R.U.E. testing is used alone); Voxmediano, J.M., et al., *A Comparison of TRUE Test and Finn Chamber in Construction Workers*, 28 CONTACT DERMATITIS 244 (1993). In reaching his conclusion that Timia Dubuclet's eczema was not exacerbated by formaldehyde exposure, Maibach relies on the T.R.U.E. patch results that were negative to formaldehyde, but positive to two other formaldehyde-based substances. However, this conclusion fails to consider the false-negative principle with respect to formaldehyde.

While Maibach is knowledgeable of the false-negative principle and has published regarding the topic, Maibach is unaware of how this principle affects formaldehyde testing.

> Q. And what is the concordance rate that you're aware of between the Finn Test and the TRUE Test with regard to formaldehyde?
>
> A. I would have to review every one of those papers. I would have to then try to understand how it was done and then make the best quantitative analysis that I could, something that our group specializes in, but I haven't done it for formaldehyde.
>
> Q. So as you sit here right now, you don't know the error rate for the TRUE Test with regard to a false negative for formaldehyde, do you?
>
> A. I do not.

Exhibit B, Deposition Transcript of Howard I. Maibach, M.D., October 20, 2009, p. 151, l. 5-17. Yet, Maibach does agree that there have been reports of false negatives with respect to formaldehyde. Exhibit B, p. 153, l. 1-3. More importantly, Maibach admits

3

that given Timia Dubuclet's positive reaction to substances made from formaldehyde, a false-negative for formaldehyde is possible in this case.

> Q. Now, Timia Dubuclet had a positive response to two different elements that contain formaldehyde, didn't she?
>
> A. Yes.
>
> Q. And one of them was -- what were those elements?
>
> A. One of them was para-tertiary butylphenol formaldehyde resin, and the other one was the preservative.
>
> Q. What preservative was that?
>
> A. That was imidazolidinyl urea.
>
> . . .
>
> Q. Both of those contain formaldehyde?
>
> A. Both of them release formaldehyde.
>
> Q. Both of those elements release formaldehyde. And she had a positive reaction to that?
>
> A. Correct.
>
> . . .
>
> Q. Isn't it possible that since she had a positive reaction to those two elements, which contain formaldehyde, that is, which release formaldehyde, isn't it possible that she had a false negative with regard to item number, which contained formaldehyde?
>
> A. Always possible.

Exhibit B, p. 153, l. 20-p. 154, l. 23. When questioned how one would determine the rate of false-negatives, Maibach responds that "I need to get a careful review of all of the data and try to do what is called a meta analysis." Exhibit B, p. 159, l. 3-5. However, a 2009 meta-analysis has been published regarding formaldehyde patch testing, and clearly recognizes the unreliability of formaldehyde patch tests, concluding:

> Patch testing with formaldehyde is problematic. Former test concentrations of 3–5% resulted in many false-positive reactions. Currently, 1% aqua is the standard for patch testing. However, there are indications that this concentration is too low, resulting in (many) false-negative reactions: of 98 patients with an allergic reaction to formaldehyde 2% aqua, only 59 (60%) reacted to the currently used formaldehyde 1% aqua. This may indicate that up to 40% of allergic patients are missed when tested with formaldehyde 1% aqua only.

Groot, A., et. al., *Formaldehyde-Releasers: Relationship To Formaldehyde Contact Allergy. Contact Allergy To Formaldehyde And Inventory Of Formaldehyde-Releasers*, 61 Contact Dermatitis 63 (2009). Applying this meta-analysis conclusion to the T.R.U.E. Test performed, T.R.U.E Test used here is a "1% formaldehyde by weight in solution," and is thus 40% unreliable. Exhibit C, Affidavit of Howard I. Maibach, p. 5.

Thus, Maibach's acknowledgement that a false-negative is possible is reinforced by meta analysis. Yet, Maibach fails to follow his own published conclusion that "[f]alse negatives could result in persistent dermatitis, ongoing costs in medical care and potential occupational consequences." Sheretzm, E., et al., *Patch Testing Discordance Alert: False-Negatives Findings With Rubber Additives and Fragrances*, 45:2 J. AM. ACAD. DERMATOL. 313 (2001) (Maibach, H., co-author). As a result, Maibach incongruously bases his opinion on the negative formaldehyde patch result, and his failure to take into account for this 40% possibility. Consequently, Maibach's conclusion regarding Timia Dubuclet's formaldehyde sensitivity is unreliable rendering Maibach's opinion regarding Timia Dubuclet's exacerbation of eczema equally unreliable.

## CONCLUSION

Maibach bases his opinion on Timia Dubuclet's negative formaldehyde T.R.U.E. test result. However, Maibach fails to take into account the high possibility of false negatives with respect to formaldehyde patch tests. As he admitted during deposition

and as confirmed by a recent publication, the formaldehyde patch-testing with respect to Timia Dubuclet may be erroneous. Thus, the positive patch tests results to preservatives made from formaldehyde are indicative of formaldehyde sensitivity. As such, Maibach's conclusion is unreliable and should be precluded.

        Respectfully submits:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:   504/522-2304
        Facsimile:    504/528-9973
        gmeunier@gainsben.com

        s/Justin I. Woods
        JUSTIN I. WOODS, #24713
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:   504/522-2304
        Facsimile:    504/528-9973
        jwoods@gainsben.com

        **COURT-APPOINTED PLAINTIFFS'
        STEERING COMMITTEE**
        ANTHONY BUZBEE, Texas # 24001820
        RAUL BENCOMO, #2932
        FRANK D'AMICO, #17519
        MATT MORELAND, #24567
        LINDA NELSON, #9938
        MIKAL WATTS, Texas # 20981820
        DENNIS REICH, Texas #16739600
        ROBERT M. BECNEL, #14072

## **CERTIFICATE OF SERVICE**

     I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing on November 9, 2009.

                                            s/Gerald E. Meunier
                                           GERALD E. MEUNIER, #9471