UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE:   FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Aldridge, et al v. Gulf Stream Coach* | * | |
| *Inc., et al*, Docket No. 07-9228; | * | |
| Elisha Dubuclet, individually and on behalf | * | |
| of Timia Dubuclet | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S *DAUBERT* MOTION TO LIMIT THE TESTIMONY OF ROBERT C. JAMES, PH.D.**

Plaintiff Elisha Dubuclet, individually and on behalf of Timia Dubuclet, ("Ms. Dubuclet" or "Plaintiff") respectfully submits the following memorandum in support of Plaintiff's *Daubert* Motion to Limit the Testimony of Robert C. James, Ph.D., and hereto states:

**INTRODUCTION**

The matter before this Court involves injuries to a minor child caused by formaldehyde. In addition to other injuries, Plaintiff specifically asserts that the formaldehyde exposure exacerbated young Timia Dubuclet's eczema. Defendant Fleetwood, Inc. has designated Robert C. James, Ph.D. as an expert qualified to provide testimony concerning the toxicological effects of formaldehyde. However, because James's knowledge does not extend to the effects of formaldehyde and eczema, James should be precluded from offering a general causation opinion regarding such.

### I. JAMES IS NOT QUALIFIED TO RENDER AN OPINION REGARDING THE EFFECT OF FORMALDEHYDE ON THE SKIN.

Under the Federal Rules of Evidence, the party offering the expert bears the burden of establishing that the expert is qualified to give the opinion. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999). Prior to accepting the testimony of an expert witness, trial courts are charged with a "gatekeeper" function requiring a determination of whether an expert is sufficiently qualified and whether their opinion is based upon sound, reliable theory. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 589-91 (1993). "In performing its gatekeeping function, a court must consider whether the putative expert is qualified by knowledge, skill, experience, training or education." *Prado Alvarez v. R.J. Reynolds Tobacco Co.*, 405 F.3d 36, 40 (1st Cir. 2005).

In determining general causation, James believes that "the judgment as to whether or not a causal relationship has been established for a chemical and a specific." Exhibit B, Affidavit of Robert C. James, Ph.D., p. 5. Further, as noted by numerous courts, an expert must retain experience and knowledge specific to the claims alleged and cannot merely profess a generalized knowledge of issues arguably relevant to the matter at bar. *See Hypertherm, Inc. v. Am. Torch Tip Co.*, 2009 WL 53004, *3-4 (D.N.H. Feb 27, 2009) ("The court, in its role as gatekeeper, must exclude expert testimony that is not reliable and not specialized. Here, James admits that he was not asked to discuss the effects of formaldehyde on the skin. Exhibit A, Deposition Transcript of Robert C. James, Ph.D., p. 63, l. 19-22. Moreover, James admits that he did not attempt to find studies regarding formaldehyde and skin irritancy. Exhibit A, p. 46, l. 10-13. ("Q. You didn't specifically go out and look for papers regarding skin irritation due to formaldehyde in the air, did you? A. I did not. I did not specifically."). Finally, <u>none</u> of the chamber studies reviewed by James discussed skin irritation. Exhibit A, p. 47, l. 4-6.

Because "an expert must have specific knowledge, not [a] mere capacity to acquire," knowledge James's failure to search for and analyze the numerous studies regarding formaldehyde and skin irritation renders him unqualified on the toxicological effects of formaldehyde on the skin. *Silva v. Amer. Airlines*, 960 F. Supp. 528, 531 (D.P.R. 1997). As such, James should be precluded from offering any opinions, especially general causation opinions, regarding the effect of formaldehyde on the dermis.

Respectfully submits:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
    GERALD E. MEUNIER, #
    **PLAINTIFFS' CO-LIAISON COUNSEL**
    Gainsburgh, Benjamin, David, Meunier &
    Warshauer, L.L.C.
     Energy Centre,  Poydras Street
    New Orleans, Louisiana
    Telephone:    /-
    Facsimile:    /-
    gmeunier@gainsben.com

    s/Justin I. Woods
    JUSTIN I. WOODS, #
    **PLAINTIFFS' CO-LIAISON COUNSEL**
    Gainsburgh, Benjamin, David, Meunier &
    Warshauer, L.L.C.
     Energy Centre,  Poydras Street
    New Orleans, Louisiana
    Telephone:    /-
    Facsimile:    /-
    jwoods@gainsben.com

    **COURT-APPOINTED PLAINTIFFS'
    STEERING COMMITTEE**
    ANTHONY BUZBEE, Texas #
    RAUL BENCOMO, #
    FRANK D'AMICO, #
    MATT MORELAND, #
    LINDA NELSON, #
    MIKAL WATTS, Texas #
    DENNIS REICH, Texas #

3

4

ROBERT M. BECNEL, #

## **CERTIFICATE OF SERVICE**

     I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing on November , .

                          s/Gerald E. Meunier
                          GERALD E. MEUNIER, #