UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE PRODUCTS | * | |
| | LIABILITY LITIGATION | * | SECTION "N" (5) |
| | | * | |
| | | * | JUDGE ENGELHARDT |
| | | * | MAGISTRATE CHASEZ |
| | | * | |
| THIS DOCUMENT IS RELATED TO | | * | |
| | | * | |
| *Aldridge, et al v. Gulf Stream Coach* | | * | |
| *Inc., et al*, Docket No. 07-9228; | | * | |
| Elisha Dubuclet, individually and on behalf | | * | |
| of Timia Dubuclet | | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S *DAUBERT* MOTION TO EXCLUDE THE TESTIMONY OF PATRICIA K. FARRIS, M.D., F.A.A.D.**

Plaintiff Elisha Dubuclet, individually and on behalf of Timia Dubuclet, ("Ms. Dubuclet" or "Plaintiff") respectfully submits the following memorandum in support of Plaintiff's *Daubert* Motion to Exclude the Testimony of Patricia K. Farris, M.D., F.A.A.D., and hereto states:

**INTRODUCTION**

The matter before this Court involves injuries caused by formaldehyde. In addition to other injuries, Plaintiff specifically asserts that the formaldehyde exposure exacerbated Timia Dubuclet's eczema. Defendant Fleetwood, Inc., has designated Dr. Patricia Farris as an expert qualified to provide testimony concerning the specific causation of Timia Dubuclet's ezecma. As will be discussed *infra*, Farris's testimony should be excluded as Farris is not qualified to render an opinion on specific causation. While Farris is experienced in the field of dermatology, she has no knowledge of the

1

dermatologic effects of gaseous formaldehyde exposure nor has Farris attempted to gain such knowledge. Similarly, Farris's conclusion that Timia Dubuclet's eczema exacerbation was "stress related" is unfounded as Farris is not an expert in the field of psychology and has no proper foundation for such an opinion.

I.  **FARRIS'S TESTIMONY SHOULD BE EXCLUDED BECAUSE FARRIS IS NOT QUALIFIED TO OFFER AN EXPERT OPINION ON THE EFFECTS OF GASEOUS FORMALDEHYDE.**

Under the Federal Rules of Evidence, the party offering the expert witness bears the burden of establishing that the expert is qualified to give the opinion. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999). Prior to accepting the testimony of an expert witness, trial courts are charged with a "gatekeeper" function requiring a determination of whether an expert is sufficiently qualified and whether their opinion is based upon sound, reliable theory. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589-91 (1993). "In performing its gatekeeping function, a court must consider whether the putative expert is qualified by knowledge, skill, experience, training or education." *Prado Alvarez v. R.J. Reynolds Tobacco Co.*, 405 F.3d 36, 40 (1st Cir. 2005).

Notably, this standard is more stringently applied "where the plaintiff claims that exposure to a toxic substance caused his injury, [because a] jury may blindly accept an expert's opinion that conforms with their underlying fears of toxic substances without carefully understanding or examining the basis for that opinion." *See O'Conner v. The Commonwealth Edison Co.*, 807 F.Supp. 1376, 1391(C.D. Ill. 1992); *Whiting v. Boston Edison Co.*, 891 F.Supp. 12, 24 (D. Mass. 1995); *see also Daubert*, 509 U.S. at 592 (noting that a strict standard must be employed because "relaxation of the usual requirements of first-hand knowledge" are inherently "premised on an assumption that the expert's opinion will have a reliable basis in the knowledge and experience of his discipline").

Although Farris is knowledgeable within the field of dermatology, her testimony seeks to go beyond her expertise in order to render conclusions pertaining to the effects of formaldehyde exposure. As noted by numerous courts, an expert must retain experience and knowledge specific to the claims alleged and cannot merely profess a generalized knowledge of issues arguably relevant to the matter at bar. *See Hypertherm, Inc. v. Am. Torch Tip Co.*, 2009 WL 53004, *3-4 (D.N.H. Feb 27, 2009) ("The court, in its role as gatekeeper, must exclude expert testimony that is not reliable and not specialized…"); *Kassim v. City of Schenectady,* 415 F.3d 246 (2d Cir. 2005) (finding expert unqualified because lack of knowledge of Arabic translation); *Adams v. Teck Cominco Alaska, Inc.*, 399 F.Supp.2d 1031 (D. Alaska 2005) (holding that lack of experience with total dissolved solids technology at issue precluded finding of expertise); *Morales v. E.D. Etnyre & Co.*, 382 F.Supp.2d 1252 (D.N.M. 2005) (finding that little experience, training and knowledge of in distribution, sales and marketing practices failed Rules 702 test); *In Re: Rezulin Products Liability Litigation*, 309 F.Supp.2d 531 (S.D.N.Y. 2004) (finding expert's opinion based on subjective view, not experience or knowledge); *Lippe v. Bairnco Corp.*, 288 B.R. 678 (S.D.N.Y. 2003) (excluding opinion where expert had never performed a business valuation); *Montefiore Medical Center v. American Protection Ins. Co.*, 2003 WL 2110 8232 (S.D.N.Y. 2003) (lacking specific experience with building deterioration issues despite generalized expertise in field of construction); and *Teska v. Potlatch Corp.*, 184 F.Supp.2d 913 (D.Minn. 2002) (disqualifying expert because of lack of current knowledge and experience with respect to crane operation).

Here, while Farris has been recognized in state court as an expert in the general field of dermatology, Farris is admittedly "unfamiliar with gaseous formaldehyde irritancy." Exhibit A, Deposition Transcript of Patricia K. Farris, M.D., F.A.A.D, Oct. 14, 2009, p. 71, l. 14-15. Thus, her opinion that "there is no direct evidence to support that

Timia was sensitized to formaldehyde while living in the FEMA trailer," cannot extend to whether gaseous formaldehyde caused any sensitization. Exhibit B, Expert Report of Patricia K. Farris, M.D., F.A.A.D., p. 5. As she clearly admitted at least four times during her deposition, Farris does not have the understanding to proffer an opinion regarding the effects of gaseous formaldehyde. *See* Exhibit A, p. 71, l. 14-15; p. 89, l. 9-19; p. 101, 9-12 (Q. "We have already established you don't have expertise when it comes to formaldehyde, correct?" A. "Gaseous formaldehyde."); p. 111, l. 18-p.112, l. 1. Further, Farris's basis for not understanding is that she has no experience with effects of gaseous formaldehyde as she "ha[s] never seen any patient with atopic dermatitis or any other type of skin allergy that has been caused by or exacerbated by exposure to formaldehyde gas." Exhibit B, p. 5. However, Farris admits that Timia Dubuclet is the first patient Farris has seen with formaldehyde exposure:

> Q. Is Timia the first patient that you have evaluated who was exposed to formaldehyde?
>
> A. Yes, she is.

Exhibit A, p. 72, l. 15-18. Essentially, Farris claims her expertise comes from having never seen any patients with atopic dermatitis exacerbated by gaseous formaldehyde, even though Timia is her first patient with formaldehyde exposure. This inherent conflict cannot produce expertise; one cannot garner expertise in an area where his foundation is purely subjective. *Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 388 (5th Cir. 2009) ("The testimony must be . . . more than subjective belief of unsupported speculation." (internal quotations omitted)).

Furthermore, Farris fails to take into account the surplus of medical literature supporting the claim that gaseous formaldehyde can cause and exacerbate eczema. For example, Farris states that she did conduct literature research, however, whether her

4

research was thorough "depend[s] on your definition of thorough," and that she did not find any references of sensitization coming from gaseous formaldehyde.  Exhibit A, p. 93, l. 11- p. 94, l. 8.  However, upon questioning, Farris recognizes that studies do exist regarding the effects of gaseous of formaldehyde and atopic eczema.  Exhibit A, p. 95, l. 20-p. 97, l. 2.  In fact, a study conducted by Eberlin-Kong entitled *Influence of airborne nitrogen dioxide or formaldehyde on parameters of skin function and cellular activation in patients with atopic eczema and control subjects*, 101 J. ALL. & CLIN. IMMUNO. 141 (1998), found that low levels of gaseous formaldehyde "can induce skin surface changes, especially a disturbance of the epidermal barrier function."   *Id*. at 143.

Furthermore, when presented with additional research showing a eczema/gaseous formaldehyde relationship, Farris attempts to refute the findings by discounting the study's formaldehyde levels as inapplicable to this case.  Exhibit A, p. 97, l. 23-p. 98, l. 5.   However, Farris is unable to account, or even guess, the formaldehyde levels in that study or the formaldehyde levels in the Dubuclet's trailer. Exhibit A, p. 78, l. 6-16; p. 98, l. 6-10.

Farris is aware, though, that this case is regarding formaldehyde exposure and that Timia Dubuclet suffered from "headaches, vomiting at night, itchy eyes, burning eyes, itchy lips, burning lips, runny nose, terrible rash that she was itching until she was raw," and that there was a "funny smell" in the trailer.  Exhibit A, p. 59, l. 14-p. 60, l. 2; p. 80, l. 7-l. 15.  Yet, Farris has not, without any explanation beyond the subjective 'I've never seen it so it must not exist,' provided any substantive basis for her opinion regarding gaseous formaldehyde.   As such, Farris's admitted lack of experience, knowledge and training renders her unqualified as an expert under Rule 703. *Paz*, 555 F.3d at 388.

**II. FARRIS'S TESTIMONY SHOULD BE EXCLUDED BECAUSE FARRIS IS NOT QUALIFIED TO OFFER AN OPINION THAT "STRESS" EXACERBATED THE ECZEMA.**

Farris is not a psychiatrist, and Farris acknowledges such. Exhibit A, p. 107, l. 21 – 23. Yet, Farris concludes that "a far more plausible explanation for Timia's flare at that time is that she was under a tremendous amount of stress," Exhibit B, p. 6-7, and refers to this opinion as "discussing the psychological status" of Timia Dubuclet. Exhibit A, p. 106, l. 18-20. Such an opinion is inadmissible because Farris is not qualified to proffer opinions regarding Timia Dubuclet's "psychological status" before, during or after Hurricane Katrina. *See State v. Roux*, 487 So. 2d 1226 (La. App. 3d Cir. 1986).

Moreover, Farris's opinion is based one thirty minute session with Timia Dubuclet and her mother, Elisha Dubuclet (where Farris notes that Elisha Dubuclet did most of the talking), and a review of certain medical records and documents. Exhibit B, p. 1. This basis simply does not qualify Farris as an expert of Timia Dubuclet's "psychological status." Further, Farris admits that she has no information regarding Timia's mental state:

> Q. You mentioned in your report that Timia liked school and her friends in Houston and she didn't want to come back, but she is apparently doing better now. Do you remember that?
>
> A. Yes, I do.
>
> Q. Do you have any information from Timia regarding her mental state before moving to Houston?
>
> A. No.
>
> Q. Do you have any information from Timia or her mom regarding her mental state while in Houston?
>
> A. No.

Exhibit A, p. 74, l. 16-p. 75, l. 4. Thus, even if Farris was qualified, Farris has no basis to which to determine whether Timia Dubuclet was, in fact, stressed, and testimony concerning Timia's mental state or stress level is thus inadmissible, subjective speculation. *Hathaway v. Bazany*, 507 F.3d 312, 318 (5th Cir. 2007); *Lewis v. Parish of Terrebonne*, 894 F.2d 142, 146 (5th Cir. 1990).

## CONCLUSION

Any of Farris's opinions regarding the exacerbation of Timia Dubuclet's eczema are inadmissible. Farris has proffered these conclusions with no knowledge of the effects of gaseous formaldehyde, nor has Farris attempted to gain knowledge to form a foundation. As admitted by Farris, she has no knowledge of whether gaseous formaldehyde can exacerbate atopic eczema, and simply because Farris has not previously handled a patient whose eczema was exacerbated by gaseous formaldehyde does not give her the authority of an expert concerning the effect of gaseous formaldehyde. Further, Farris's explanation that the exacerbation of Timia's eczema was caused by "stress" is unsupported as Farris is not a psychologist nor has she attempted to gather information regarding Timia Dubuclet's mental state. Thus, this Court should grant Plaintiff's motion finding that Farris fails the Rule 702 standard by lacking the requisite qualifications necessary to provide expert testimony.

    Respectfully submits:

    **FEMA TRAILER FORMALDEHYDE**
    **PRODUCT LIABILITY LITIGATION**

    BY:    s/Gerald E. Meunier
            GERALD E. MEUNIER, #9471
            **PLAINTIFFS' CO-LIAISON COUNSEL**
            Gainsburgh, Benjamin, David, Meunier &
            Warshauer, L.L.C.
            2800 Energy Centre, 1100 Poydras Street

New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:    504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:    504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
DENNIS REICH, Texas #16739600
ROBERT M. BECNEL, #14072

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing on November 9, 2009.

 s/Gerald E. Meunier
GERALD E. MEUNIER, #9471