UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * | MDL NO. 1873 SECTION: N(5) |
| This Document Relates to: *Dubuclet v. Fleetwood Enterprises, Inc., et al.* Case No. 07-9228 | | * * * * * * | JUDGE: ENGELHARDT MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT FLEETWOOD ENTERPRISES, INC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF PLAINTIFF'S EXPERT CHARLES DAVID MOORE, PE, PLS**

**May It Please The Court:**

Defendant Fleetwood Enterprises, Inc. (hereinafter "Fleetwood") has moved this Court *in limine* to exclude the testimony of Plaintiff's expert Charles David Moore, PE, PLS. Fleetwood now submits this Memorandum in Support of its Motion and respectfully shows this Court as follows.

**I.      BACKGROUND**

In support of her claims, Plaintiff Timia Dubuclet ("Timia") provided fourteen written expert reports, including the report of Charles David Moore, as a structural condition assessment expert in this case. Exhibit "A," Moore's July 16, 2009 Structural Condition Assessment. Moore is a professional, licensed engineer in the State of Louisiana.

Moore intends to offer expert opinions and testimony regarding the condition of the FEMA travel trailer assigned to Plaintiff, which he did not inspect until July of 2009. Exhibit "A," Report of Moore, pp. 4-5. Moore does not have any opinion "relative to whether or not

there is or is not an excessive level of formaldehyde or even the existence of formaldehyde in [Timia's] travel trailer."  Exhibit "B," Deposition of Charles David Moore, August 11, 2009, at p. 59.  Rather, Moore's involvement is solely "as a civil engineer, a structural engineer involving the structural members of the trailer and the load bearing capabilities." *Id.*

The opinions of Moore, as discussed below, should be excluded because they have no basis in fact and are purely speculative.  In fact, not only are Moore's opinions speculative, but they are directly contrary to the actual observations made by Moore during his inspection of Timia's unit.

## II.    Argument & Citation to Authority

### A.    This Court's Gatekeeping Role Regarding Moore's Opinions.

Federal Rule of Evidence 702 permits a witness who, through his expertise, has the knowledge, skill, experience, training or education to offer scientific, technical, or other specialized knowledge may testify regarding that knowledge if it will assist the trier of fact to understand the evidence or to determine a fact in issue.  A proposed expert witness must first be qualified to testify regarding the issues for which he is offered.[1]  Courts have routinely refused to admit a proffered expert's testimony where the proffered expert, despite a generalized or professed knowledge of issues arguably relevant to the subject matter, nevertheless lacked expertise with the specific nature of the claims being litigated.[2]  Even if an expert is qualified, his opinion can be excluded if not reliable.[3]

Once the expert is deemed qualified, his testimony is only admissible if it is based upon sufficient facts or data, it is the product of reliable principles and methods, *and* the witness has

---

[1] *See U.S. v. Frazier*, 387 F.3d 1244, 1260-1261 (11th Cir. 2004).
[2] *See, e.g,. Kassim v. City of Schenectady,* 415 F.3d 246, 251 (2nd Cir. 2005) (expert lacked knowledge regarding Arabic translation); *In Re: Rezulin Prods. Liab. Litig.*, 309 F.Supp.2d 531, 543-544 (S.D.N.Y. 2004) (expert's opinion not based on qualification or experience but on subjective views of ethical standards at issue).
[3] *U.S. v. Frazier*, 387 F.3d 1244, 1261 (11th Cir. 2004).

applied the principles and methods reliably to the facts of the case.[4]  As this Court has recognized, "The United States Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals* provides the analytical framework for determining whether expert testimony is admissible under Rule 702."[5]  The reliability inquiry is flexible, and several nonexclusive factors may be considered, including: (1) whether the technique has been tested, (2) whether the technique has been subjected to peer review and publication, (3) the potential error rate, and (4) whether the technique is generally accepted in the relevant scientific community.[6]  The expert testimony must also be relevant -- not only in the way that all testimony must be relevant under Federal Rule of Evidence 402, but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue.[7]  *Id.*

### B.     Moore's Testimony is Purely Speculative and not Based on Facts

Moore believes that Timia's travel trailer was constructed in accordance with accepted practices for travel trailers.  Exhibit "A," Report of Moore, p. 7.  Nevertheless, Moore objects to the structural design of the temporary housing unit occupied by the Dubuclets because he concludes that the unit did not meet structural requirements for *long term residential occupancy*. *Id.*  Importantly, Moore noted in his report that none of the standards he consulted specifically pertain to travel trailers.  *Id.*

Nevertheless, Moore concluded that the structural design of Timia's unit "could lead to problems with connections between elements, which will affect the performance of air and water resistant joints."  Exhibit "A," Report of Moore, p. 8.  However, in direct contrast to this

---

[4] Fed. R. Ev.  *Id.* 702.
[5] Order dated July 15, 2009, at 3 (Rec. Doc. 2181) (citing *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243 (5th Cir. 2002)).
[6] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 593-94 (1993) (discussing the four nonexclusive factors); Order dated July 15, 2009 at 4 (Rec Doc. 2181) (citing *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004).
[7] Order dated July 15, 2009, at 4 (Rec. Doc. 2181) (citing *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir.2003)).

speculative conclusion, Moore testified that when he inspected the travel trailer, he did not find any exterior or interior structural damage.  Exhibit "B," Moore Dep., at pp. 101-102.  Moore also testified that he in fact did not have *any* proof to support a statement that there was any intrusion of water or air into Timia's unit while the Dubuclets were living there.  *Id.* at pp. 106-107, 109-110.  Furthermore, Moore did not even undertake to perform an inspection of the structural members of the walls, ceiling, and floor of Timia's unit.  Exhibit "A," Report of Moore, p. 4.

Moore also opined in his report that improper blocking of the unit could cause problems with the trailer, yet admitted that "nothing is known as to the original installation concerning methods and procedures or placement of blocks, etc." *Id.* at  p. 8.

Moore's conclusions regarding deficiencies in the structural condition of Timia's unit, all of which are riddled with speculative words and phrases like "could," "appears to be," and "can lead to," are in direct conflict with the factual observations made by Moore during his inspection.  Moore, by his own admissions, *supra*, does not have any factual basis to support an opinion that the structure of Timia's unit failed in any way while it was occupied by the Dubuclets, that any air or water intruded into the unit, or that the unit was improperly blocked.

The Fifth Circuit has stated that "the existence of sufficient facts and a reliable methodology *is in all instances mandatory"* in order for an expert's testimony to be admissible.[8]  Furthermore, when undisputed record facts contradict an expert's opinion, that opinion cannot form the basis for a jury's verdict.[9]  Accordingly, many courts have rejected expert opinions on the basis that they are inconsistent with the underlying facts, not supported by sufficient facts, and/or are conclusory.[10]  As a result, Moore's testimony, which falls far short of the rigorous

---

[8] *Hathaway v. Bazany*, 507 F.3d 312, 318 (5th Cir.  2007) (emphasis added).
[9]  *Brook Group Ltd. v. Brown Williamson Tobacco Corp*., 509 U.S. 209 242 (1993).
[10] *Buxton v. Lil Drug Store Prods*., No. 202CV178KS, 2007 U.S. Dist. LEXIS 56263, at  *35 (S.D. Miss. August 1, 2007).

requirements for the admissibility of expert testimony as established in *Daubert* and expanded upon by courts within the Fifth Circuit, should be excluded.

**III.     Conclusion**

Moore's testimony regarding his structural condition assessment of Plaintiff's unit should be excluded. Moore's opinions directly contradict the facts that he observed during his inspection of Timia's unit, and he presents only speculative testimony that would not assist the trier of fact.

This 9th day of November 2009.

Respectfully submitted:

 /s/ Richard K. Hines, V
Richard K. Hines, V
GA Bar No. 356300
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)

Jerry L. Saporito
LA Bar No. 11717
LEAKE & ANDERSSON, L.L.P.
1700 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-1701
(504) 585-7500 (phone)
(504) 585- 7775 (fax)

Counsel for Fleetwood Enterprises, Inc.

5

## C E R T I F I C A T E OF SERVICE

I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )   Hand Delivery                              ( )   Prepaid U.S. Mail

( )   Facsimile                                  ( )   Federal Express

(X)   CM/ECF

New Orleans, Louisiana, this 9th day of November 2009.

                                                   /s/ Richard K. Hines, V
                                                 Richard K. Hines, V
                                                 Georgia Bar No. 356300
                                                 richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)