Exhibit D

AFFIDAVIT OF THOMAS W. FRIBLEY

State of Louisiana
Parish of Orleans

BEFORE ME, an officer duly authorized to administer oaths, came Thomas W. Fribley, who, having been duly sworn deposes and makes this affidavit in connection with

1.

My name is Thomas W. Fribley. I have been in the recreational vehicle industry for thirty nine years. I have been employed by vendors and manufacturers for over thirty years and have, for the last six years, been President of Fribley Technical Services, Inc., a consulting company to the RV industry. I am a Certified Master Service Technician in the repairing of recreational vehicles and their components. A copy of my curriculum vitae and rate sheet is attached as Exhibit A.

2.

I have been actively involved in the Recreational Vehicle Industry Association (RVIA) and Recreational Vehicle Dealers Association (RVDA) training programs and textbook writing committees for recreational vehicle service technicians since 1988 and at Coachmen Industries since 1976. These training programs have taught thousands of technicians how to repair recreational vehicles and the different construction methods used by various manufacturers in the construction of their products. I have also trained service personnel on how to properly maintain and service appliances as well as the exterior coach seals and required maintenance.

3.

On August 14, 2009 I traveled to the FEMA storage facility at 5310 Old State Highway, Lottie, LA 70756 and inspected the trailer involved in the Dubuclet v Fleetwood case. Below is the description of the trailer, along with notes regarding its condition:

VIN #:  4CJ1F322764015272

Date of Manufacture:  March 2006

FEMA Barcode #:  1373963

Fleetwood ELU #:  1015188

Number on Front of Trailer:  60 6

4.

Damage to the trailer is noted below:

Rear road side lower corner damage from impact (pulled away).

Electrical service door mounting pulled away from body.

Metal strapping added above sewer termination at rear of slide room with screws through roof edge molding.

Hole in bottom front corner of entry door from impact.

Non OEM screw above window in entry door.

Entry door frame bent at latch assembly.

Screw holes (2) in lower metal rear of entry door.

Scratches in metal below ELU label.

Scratches in metal passenger side rear below clearance light.

Front lower exterior corner slide room flange bent.

Missing break-away switch pull pin.

Wooden frame of sofa broken.

Air conditioner return air filter clogged with dirt/dust.

Stove cook-top missing.

Plumbing seals under trailer require resealing.

Cabinet door over front bed on roadside of trailer torn off.

Rollers off track of sliding pocket door between bathroom and kitchen.

Floor damaged from water intrusion at front edge of entry door.

5.

Maintenance is required on all exterior seals, moldings, and appurtences to prevent additional future leakage.

Utilizing an Extech MO 100 moisture meter, the interior of the vehicle was tested at 50 plus locations with all readings in a normal area of 0 to 1 %. The floor at the front corner of the entry door, where a high reading of 97% was found, was the only area where moisture intrusion has occurred. This would indicate a pool of water at this location under the floor below the front door corner. The other side of the entry door registered just 1%.

Underbelly testing showed a high of 106 % just below the non-oem screw hole opening in the lower metal at the rear of the door entry area.

6.

This particular THU is designed to accommodate a wheelchair handicapped occupant. An exterior deck/ramp had been added to the trailer for its use by a third party. The screw holes in the lower side metal where water intrusion was occurring was caused when the exterior deck/ramp was added to the trailer.

7.

The trailer met all applicable industry standards in effect at the time of its manufacture. Based on my experience and my investigation and inspection of the trailer, I conclude there were no water leaks attributable to the manufacturer. Water leakage was caused after the trailer was transferred into FEMA's care and responsibility.

8.

The trailer showed a lack of maintenance and care, both by the end user and by the company which set the trailer and ran screws through the exterior metal.

FURTHER AFFIANT SAYETH NOT.

Thomas W. Fribley

Sworn to and subscribed before me
this 20 day of August, 2009.

Notary Public

My commission expires Upon Death

RAYMOND R. EGAN, III
Notary Public, Bar No. 22350
State of Louisiana
My Commission Issued for Life