UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | | |
|---|---|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * | MDL NO. 1873 SECTION: N(5) | |
| This Document Relates to: *Dubuclet v. Fleetwood Enterprises, Inc.* Case No. 07-9228 | | * * * * * * | JUDGE: ENGELHARDT MAG: CHASEZ | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT FLEETWOOD ENTERPRISES, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO
<u>EXCLUDE DR. EDWARD H. SHWERY'S TESTIMONY</u>**

Defendant, Fleetwood Enterprises, Inc. (hereinafter "Fleetwood") moves this Court to exclude the testimony of Plaintiff has disclosed Dr. Edward H. Shwery as a clinical psychologist to support Plaintiff's claim that she has suffered anxiety as a result of her alleged exposure to formaldehyde. His testimony, however, is not admissible without the proper evidentiary foundation. Dr. Shwery only relies on Dr. George A. Farber to connect Timia Dubuclet's alleged injuries back to Fleetwood, and because Dr. Farber opinion is now that he does not know whether Timia is sensitized to formaldehyde, Dr. Shwery lacks the proper evidentiary foundation for his opinion, has no reliable basis for his opinion, and his testimony should be excluded.[1]

---

[1] Fleetwood counsel received correspondence on November 5, 2009 to the effect that Dr. Shwery has prepared a supplemental report in this case. As of today, November 9, 2009, as Fleetwood is preparing this motion for filing with the Court, Fleetwood has not received any supplemental report prepared by Dr. Shwery. Fleetwood reserves the right to object to this late prepared report and reserves the right to supplement this instant motion as appropriate.

**I.     Factual Background**

Dr. Shwery opines that Timia suffers from stress, worry, and anxiety regarding her medical conditions, primarily her eczema.[2] He also testified that he believes living in the Emergency Housing Unit ("EHU") worsened Timia's skin condition and caused or contributed to her alleged anxiety.[3] But Dr. Shwery bases his opinion on Dr. Farber's indication that Timia is in fact allergic to formaldehyde which has resulted in her suffering from eczema.[4] Dr. Shwery testified that he would defer to Dr. Farber's opinion regarding the skin condition.[5] Dr. Shwery provides a proposed plan of treatment for Timia's alleged anxiety related to her eczema.[6] But, as detailed in Fleetwood's motion to exclude Dr. Farber, which Fleetwood references and incorporates herein, Dr. Farber is not able to testify regarding specific causation between formaldehyde exposure in the travel trailer unit at issue and Timia's eczema. Without such a causative link, any discussion of the need for a plan of treatment for Timia's alleged anxiety is inappropriate and should be excluded. For sake of clarity, Plaintiff's other specific causation witness, Dr. Lawrence Miller does not opine that formaldehyde gas caused Timia's formaldehyde, he expressly limits his opinion to exacerbation of Timia's formaldehyde, he expressly limits his opinion to exacerbation of Timia's pre-existing eczema.[7]

---

[2] Shwery Aff. at 8 (DUB001136), attached as Ex. A. His evaluation makes no mention of any alleged fear of cancer.
[3] Shwery Dep. at 104:22-105:16, excerpts attached Ex. B.
[4] Shwery Dep. at 109:22-110:13 (Ex. B). Although Dr. Shwery indicates that he reviewed Dr. Lawrence G. Miller's report, Shwery Dep. at 16:5-10, Dr. Shwery's evaluation does not reference any reliance on Dr. Miller. Shwery Aff. (Ex. A). Of course, Dr. Miller also relies on Dr. Farber's interpretation of the T.R.U.E. test to provide a link between the alleged skin problems and formaldehyde. Miller Dep. at 52:1-6 (Ex. C) (stating that although he was present with Dr. Farber while he was interpreting the test, he is relying on Dr. Farber to interpret the results); *see also id.* at 52:7-53:2 (restating that he is relying on Dr. Farber to interpret the T.R.U.E. Test).
[5] Shwery Dep. at 112:3-8 (Ex. B).
[6] Shwery Aff. at 8 (DUB001136) (Ex. A).
[7] Miller Aff. at 6 (DUB000601) (Ex. E).

2

Additionally, plaintiffs notified the Court and the parties on November 2, 2009, that Dr. Farber's medical license has been revoked.[8] If Dr. Farber does not testify at trial, then Dr. Farber's opinions would not be in evidence, and there would be no basis for Dr. Shwery's related opinion. But because Plaintiffs have not yet withdrawn Dr. Farber, Fleetwood makes this motion.

## II.     Argument & Citation to Authority

### A.     This Court's gatekeeping role regarding Dr. Shwery's opinions.

Federal Rule of Evidence 702 permits a witness who, through his expertise, has the knowledge, skill, experience, training, or education to offer scientific, technical, or other specialized knowledge may testify regarding that knowledge if it will assist the trier of fact to understand the evidence or to determine a fact in issue. Even if an expert is qualified, his opinion can be excluded if it is not reliable.[9]

A qualified expert's testimony is only admissible if it is based upon sufficient facts or data, it is the product of reliable principles and methods, *and* the witness has applied the principles and methods reliably to the facts of the case.[10] The expert testimony must also be relevant -- not only in the way that all testimony must be relevant under Federal Rule of Evidence 402, but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue.[11]

*Daubert* also cautions against admitting expert testimony in a case when the application of the expert's methodology to the facts of the case involves an impermissible leap of faith. The Supreme Court in *General Electric v. Joiner* acknowledged, "[t]rained experts commonly extrapolate from existing data. But nothing in either *Daubert* or the Federal Rules of Evidence

---

[8] Plaintiff has not yet indicated that she would withdraw Dr. Farber's opinions for this reason.
[9] *U.S. v. Frazier*, 387 F.3d 1244, 1261 (11th Cir. 2004).
[10] Fed. R. Evid. 702.
[11] Order dated July 15, 2009, at 4 (Rec. Doc. 2181) (citing *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir.2003)).

3

requires a district court to admit opinion evidence which is connected to the existing data only by the *ipse dixit* of the expert."[12] If the analytical gap between the data and the opinion offered is too great, the testimony is not reliable.[13]

### B. Dr. Shwery's opinions are not based on any reliable methodology and provide no assistance to the trier-of-fact.

Dr. Shwery's opinion that the cause of Ms. Dubuclet's anxiety was her living in the EHU is based on Dr. Farber's conclusion that she is "allergic" to formaldehyde. But as shown in the motion to limit Dr. Farber's testimony, Dr. Farber has, through his deposition testimony, changed his previous conclusion that the T.R.U.E. Test showed that Ms. Dubuclet is "allergic" to formaldehyde.[14] Dr. Farber *does not know* if Ms. Dubuclet actually had a reaction to formaldehyde or not.[15] All Dr. Farber could state was that it was a medium that contained a complex chemical that was the sensitizer -- he does not know whether it was formaldehyde or another constituent of the complex chemical that was the sensitizer:

> A.   As I understand your question, can I be specific as to those three tests, as to whether or not it was formaldehyde or something else?
>
> Q.   Or something else, exactly.
>
> A.   I cannot tell you that.
>
> Q.   So really, if we look at your next sentence under the paragraph,[16] it simply reads: T.R.U.E. Test report on the second reading, No. 13, No. 26 remained at one plus. Your next paragraph reads: These positive test results indicate that Ms. Dubuclet had been sensitized to formaldehyde and now is allergic to formaldehyde. What you are really saying is she tested positive to 13, 14 and 26, but you do not know what constituent parts of that triggered the positive response; is that correct?
>
> A.   Correct.

---

[12] 522 U.S. 136, 146 (1997).
[13] *Id.*
[14] Farber Dep. at 50:11-51:11 (Ex. D).
[15] *Id.* at 49:13-50:16 (Ex. D).
[16] This question is referring to Dr. Farber's report at page 3. *See* Farber Dep. at 49:5-9 (indicating that the questions are referring to Dr. Farber's report) (Ex. D).

> Q. So that you cannot say whether or not it was formaldehyde or one of the constituent elements that triggered the positive result; is that correct?
>
> A. Correct.[17]

Dr. Shwery is clear that he is relying on Dr. Farber to supply the opinion that formaldehyde affected Ms. Dubuclet, and that he cannot form his own opinion on formaldehyde's connection to any alleged injuries:

> Q. I wrote that down earlier to ask you about it. You are not a medical doctor, correct?
>
> A. Correct.
>
> Q. Not a dermatologist?
>
> A. I am not.
>
> Q. Not an allergist?
>
> A. No.
>
> Q. So you cannot formulate any opinion on your own from a medical standpoint that there was any excessive formaldehyde level in the trailer at all, can you?
>
> A. You are correct, I cannot.
>
> Q. And you are not able to formulate any opinion from a medical standpoint that any level of formaldehyde, whatever it may or may not have been, that any level of formaldehyde had any negative impact on her health condition?
>
> A. That's correct.
>
> Q. You have taken what other experts have said, and using that as a basis, you use that to further explain your psychological findings?
>
> A. That's correct.[18]

Given this admission from Dr. Shwery, he should not be permitted to testify to his conclusion that formaldehyde is connected to Timia's anxiety since there is no underlying causal connection that has been laid to show that formaldehyde in the travel trailer unit at issue caused the eczema condition over which Timia purportedly experiences anxiety. Now that Dr. Farber has admitted

---

[17] Farber Dep. at 50:11-51:11 (Ex. D).
[18] Shwery Dep. at 105:17-106:17 (Ex. B); *see also id.* at 109:22-110:13 (relying on Dr. Farber in particular).

in his own deposition that he does not know if Timia is sensitized to formaldehyde, Dr. Shwery cannot rely on Dr. Farber to provide the causal connection and Dr. Shwery has no other grounds on which to connect his opinion that Timia's anxiety, including any treatment plan for her anxiety, results from her exposure to formaldehyde in the Fleetwood travel trailer. Dr. Shwery's entire opinion should be excluded.

## III.    Conclusion

Dr. Shwery's opinion on Timia's anxiety should be excluded because there is no reliable basis for that opinion to be presented to the jury. He only connects her anxiety back to formaldehyde and Fleetwood through Dr. Farber's earlier opinion that Timia is "allergic" to formaldehyde. Because Dr. Farber has since admitted he does not know whether this is the case, Dr. Shwery's related opinion on anxiety should be excluded.

This 9th day of November 2009.

Respectfully submitted:

/s/ Richard K. Hines, V
Richard K. Hines, V
GA Bar No. 356300
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)

Jerry L. Saporito
LA Bar No. 11717
LEAKE & ANDERSSON, L.L.P.
1700 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-1701
(504) 585-7500 (phone)
(504) 585- 7775 (fax)

Counsel for Fleetwood Enterprises, Inc.

## **C E R T I F I C A T E OF SERVICE**

  I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )  Hand Delivery      ( )  Prepaid U.S. Mail

( )  Facsimile        ( )  Federal Express

(X)  CM/ECF

  New Orleans, Louisiana, this 9th day of November 2009.

              /s/ Richard K. Hines, V
              Richard K. Hines, V
              Georgia Bar No. 356300
              richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)