**From:** ANDREW WEINSTOCK
**Sent:** Monday, November 09, 2009 5:21 AM
**To:** Philip Watson; JOSEPH G. GLASS
**Subject:** FW: Dr. Cole

---

**From:** ANDREW WEINSTOCK
**Sent:** Thursday, October 29, 2009 10:25 AM
**To:** Gerald E. Meunier; Justin Woods
**Cc:** 'Dennis Reich'; Chris Pinedo; 'Miller, Henry (CIV)'; Dinnell, Adam (CIV); 'Kurtz, David'; CPenot@midrid.com; 'RSherburne@midrid.com'
**Subject:** Dr. Cole

Jerry,

It appears that Dr. Cole inadvertently produced a personal document as a "page 3" to his Alexander report. During the deposition on Tuesday, Chris Pinedo attempted to question Dr. Cole about the document. It is my understanding that Dr. Cole limited answers to certain questions about matters contained in the document and declined to answer other questions about the document and matters referenced in the document. Nevertheless, Chris attached it to the deposition as exhibit number 7. We request you return all physical copies of the document and permanently delete all electronic versions wherever the same may be located. Dr. Cole has authored a letter requesting similar action. I am attaching the electronic version of the letter that was emailed to Chris for your ready reference. We are also requesting the document be removed as an exhibit to the deposition and are presently asking the court reporter to hold all copies of the exhibits.

Separately, there was questioning about the contents of Exhibit 7 that is similarly proprietary and constitutes information on wholly unrelated matters. There was some questioning on some work for the Formaldehyde Council that was also referenced in the Exhibit 7. Because of the proprietary nature of that particular work and because, as Dr. Cole discussed, that work is not his but rather belongs to the lead author and or the Formaldehyde Council, he was not at liberty to discuss this further. I am not asking you to agree that the

11/9/2009

Formaldehyde Council work is proprietary and you are not entitled to it -- that may be the subject of a separate motion -- I am simply asking for the time we place under seal, that portion of the questions and answers that deal with matters contained within the four corners of Exhibit 7.  In an abundance of caution, Richard Hines called the court reporter this morning and asked that the transcript and exhibits be held until we determine the best way to handle the inadvertent production and resulting deposition colloquy.

Please let me know if the PSC agrees to return all copies and remove it as a deposition exhibit. I would ask for a response by the close of business today. If you cannot respond by that time, please let me know that as well. By copy of this e-mail, I am asking all other parties if they object to the removal of this document as an exhibit to the deposition and agree to the return or destruction. The document has 12 enumerated items (all only a single line in length) and one unnumbered line that begins with an asterisk. It is dated June 15, 2009 at the bottom left side of the page. Finally, if anyone who possesses this document has disseminated it to another, please request it be returned to you and we ask you return it to me or Richard Hines.

Andy

11/9/2009

**From:** ANDREW WEINSTOCK
**Sent:** Thursday, October 29, 2009 3:46 PM
**To:** 'Gerald E. Meunier'; Justin Woods
**Cc:** 'Linda Nelson'; Chris Pinedo; 'Richard Hines'; 'joe glass'; Kurtz, David; Whitfield, Karen; CPenot@midrid.com; 'RSherburne@midrid.com'; Miller, Henry (CIV); Dinnell, Adam (CIV)
**Subject:** Dr. Coie

Jerry,

This e-mail is a follow-up to mine of this morning and our telephone conference. We believe the document in question (exhibit number 7 to Dr. Cole's deposition) falls under paragraphs 11 and 13 of the Stipulated Protective Order. Pursuant to that order we call for the return and destruction of all copies of the document. The Protective Order gives us no less than 3 days from discovery of the inadvertent production and since we first learned of the production on Tuesday, we are within that time period. As I understand it, your position is as follows:

!. Either the Stipulated Protective Order does not apply or you consider it our burden to file a motion with the court.

2. You will not return or destroy the copies of the inadvertently produced document without a court order.

3. You believe we need to show that the document is "privileged" in order for us to seek its return. You do not believe an expert's confidential work papers qualifies. If that work paper contains privileged or confidential material, you believe it is our burden to prove that.

4. I was mistaken when we spoke. We are requesting that the court reporter hold both the transcript and the exhibits until this is resolved by the court (I told you we were only asking to hold the exhibits). You agree we can ask the court reporter to hold the exhibits but not the transcript.

If this is incorrect in any way, please let me know ASAP. Additionally, I understand your have motion deadlines pending and feel that you need the transcript immediately. I am flying this afternoon and I have a hearing in the morning that I must attend. I think it is best if we can ask for a call with the court for tomorrow afternoon. Let me know if you agree.

Andy

11/9/2009

P.S. I have copied Linda Nelson and request she stop calling the court reporter until the court addresses this tomorrow.

11/9/2009