UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | 07-md-1873 |
| | FORMALDEHYDE | * | |
| | PRODUCTS LIABILITY | * | |
| | LITIGATION | * | SECTION: N(5) |
| | | * | |
| | | * | JUDGE: ENGELHARDT |
| | | * | |
| | | * | MAG: CHASEZ |

This document is related to:
  *Charlie Age, et al. v. Gulf Stream Coach, Inc., et al.*, No. 09-2892
  Alana Alexander, Individually and on behalf of Christopher Cooper

---

**FLUOR ENTERPRISES, INC.'S MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION FOR NEW TRIAL OR,
ALTERNATIVELY, FOR RELIEF FROM JUDGMENT**

**PRELIMINARY STATEMENT**

Plaintiff moves for a new trial (1) on the Court's summary judgment dismissal of her LPLA claims against FEI, and (2) on the ground defendants' peremptory jury challenges violated Batson. Plaintiff's motion for new trial on this Court's summary judgment dismissal of plaintiff's LPLA claims against FEI should be denied as procedurally and substantively deficient under Federal Rules of Civil Procedure 59 and 60. Plaintiff's motion for a new trial of the summary judgment dismissal of the LPLA claim is procedurally deficient under Fed. R. Civ. P.

59(a)(1)(A), since the LPLA claim was <u>not</u> presented to the jury. Plaintiff failed to file a timely motion to reconsider under Rule 59(e). Plaintiff compounds this procedural error by alternatively seeking reconsideration under Rule 60(b), but fails to articulate any criteria for reconsideration under the restrictive grounds of that rule. The Court's dismissal of plaintiff's LPLA claims against FEI on summary judgment was an appropriate and correct disposition of those claims, which claims are not supported by the facts or law in this case. A motion for reconsideration is "an extreme remedy to be granted in rare circumstances."[1] Plaintiff fails to present any new evidence or intervening change in the controlling law to warrant reconsideration of this Court's dismissal of her LPLA claims. Plaintiff merely repackages the same evidence and advances the same arguments in her motion for new trial that were previously made (or could have been, but were not) by plaintiff in response to the original summary judgment motion, and were rejected by the Court. Thus, plaintiff's motion is procedurally improper and lacks merit. This Court's dismissal of plaintiff's LPLA claims against FEI is well founded and consistent with Louisiana law.

Plaintiff's Batson challenge to defendants' peremptory strikes is without merit, and the Court's remedy to afford options to the defendants and also satisfy the Batson challenge was an appropriate and equitable remedy. FEI adopts and incorporates fully herein Gulf Stream's argument and law set forth in opposition to plaintiff's Batson claims and Gulf Stream's discussion of plaintiff's failure to meet her burden to satisfy the standard for a new trial.[2]

The jury's verdict in favor of defendants, FEI and Gulf Stream, was codified by the Court in a final judgment.[3] The Court's final judgment was proper and without reproach.

---

[1] <u>Breaux Mart Corp. v. Samson Resources Corp</u>., 57 F.3d 941, 944 (10th Cir. 1995).
[2] Gulf Stream's opposition to plaintiff's motion for new trial or, alternatively, motion for relief from judgment, sections II (rebuttal of plaintiff's Batson claims) and I (standard for motion for new trial), respectively.
[3] Rec. Doc. 4757.

2

## ARGUMENT/LAW

**I.     Plaintiff's Motion For New Trial On The Pre-Trial Dismissal Of Her LPLA Claims Against FEI Is Procedurally And Substantively Deficient.**

Plaintiff's motion for new trial on this Court's summary judgment dismissal of plaintiff's LPLA claims against FEI should be denied as procedurally deficient. Plaintiff's motion is procedurally inappropriate under Fed. R. Civ. P. 59(a)(1)(A) since the LPLA claims were <u>not</u> tried to the jury, a motion to reconsider under Rule 59(e) is untimely, and plaintiff fails to satisfy any requirement for reconsideration under Rule 60(b)(6). The motion merely restates the <u>same</u> evidence and legal arguments already considered and rejected by this Court. Plaintiff may not re-litigate a motion for summary judgment she already had a chance to contest, and lost.

**A.     The Court's dismissal of plaintiff's LPLA claims against FEI on summary judgment was proper**

In dismissing plaintiff's LPLA claims against FEI, "[t]his Court conclude[d] that Fluor simply does not meet the definition of 'manufacturer' found in the LPLA:"

> [Fluor] was merely a contract service provider, which provided the services of delivering, setting up and readying for use the EHU assigned to the bellwether plaintiffs. It did not manufacturer Plaintiffs' EHU, nor did it assemble it or use it as component part. Moreover, Fluor did not purchase the EHU that was assigned to Plaintiffs, nor did it create a new product by setting up the EHU. It readied the EHU for use; it did not create a new product.[4]

Plaintiff fails to present any new evidence or change in the controlling law that would warrant this Court's departure from its well-reasoned decision, dismissing plaintiff's LPLA claims against FEI. In her motion, plaintiff makes precisely the <u>same</u> argument advanced in her opposition to

---

[4] Court's order and reasons, Rec. Doc. 3217, p. 5.

3

summary judgment – that FEI "manufactured" the trailer by placing it on concrete blocks for extended occupancy. Plaintiff even prefaces this argument with, "as noted in 'Plaintiff's Response to Fluor's motion for summary judgment,' Fluor materially altered the travel trailers by 'jacking up' the units . . . and 'blocking' the trailers . . . ."[5]

In her motion, plaintiff also makes the same original argument that FEI's contractual obligation to refurbish trailers somehow made FEI a "manufacturer" of plaintiff's trailer.[6] Plaintiff made this identical argument in response to FEI's motion for summary judgment.[7] As the sole support for this same argument, plaintiff cites to the IA/TAC contract between FEI and FEMA. The pertinent portions of the IA/TAC were attached as exhibits to FEI's motion for summary judgment and considered by the Court in granting summary judgment.[8] In dismissing plaintiff's LPLA claim, this Court flatly rejected that <u>same</u> contention, finding:

> Fluor did not 'refurnish', 'recondition' or 'remanufacture' the EHU or any of its parts. It merely placed an EHU, which was manufactured by another entity (which is a party to this lawsuit), placed it on blocks and connected local utilities to it. Based on the Rule 56 evidence before the Court, Fluor simply is not a 'manufacturer' of this EHU within the meaning of the LPLA.[9]

This Court was presented with substantial evidence in support of FEI's motion for summary judgment and a thorough briefing of the facts and law,[10] plaintiff's response with exhibits,[11] and FEI's reply.[12] After reviewing the same evidence and arguments plaintiff again presents, "[t]his Court conclude[d] that Fluor simply does not meet the definition of

---

[5] Plaintiff's motion for new trial, p. 38, citing plaintiff's prior response, Rec. Doc. 2884-2, p. 40-41, 87.
[6] Plaintiff's motion for new trial, p. 39.
[7] <u>See</u> plaintiff's refurbishment allegations (Rec. Doc. 1, par. 109(a)) and corresponding material modification allegations (Rec. Doc. 2884, p. 9)..
[8] Rec. Doc. 2743, Exs. A & B.
[9] Court's order and reasons, Rec. Doc. 3217, p. 6.
[10] FEI's motion for summary judgment, Rec. Doc. 2743.
[11] Rec. Doc. 2884.
[12] Rec. Doc. 3110.

'manufacturer' found in the LPLA."[13] This Court properly dismissed plaintiff's LPLA claim against FEI. The Court's partial summary judgment was premised upon a thorough analysis of the facts of this case under applicable Louisiana law. The dismissal of plaintiff's claim does not amount to "a miscarriage of justice" as argued by plaintiff. The Court's entry of summary judgment was an appropriate and sound disposition of plaintiff's LPLA claims against FEI, which are not supported by the facts or law in this case.

A partial summary judgment is a pretrial adjudication that certain issues shall be deemed established for the trial of the case and serves the purpose of speeding up litigation by eliminating before trial matters wherein there is no genuine issue of fact.[14] It is well established that the failure to demonstrate that there is a genuine issue of material fact as it relates to a particular claim may therefore support a ruling eliminating that issue from the litigation.[15] As the Fifth Circuit instructs, a partial summary judgment ruling should have an economical effect in that "the length and complexity of trial on the remaining issues are lessened, all to the advantage of the litigants, the courts, those waiting in line for trial and the American public in general." Calpetco 1981 v. Marshall Exploration, Inc., 989 F.2d 1408,1415 (5th Cir. 1993)(court must have discretion to determine when it has heard enough evidence and need not consider every offer of belated evidence on motion for reconsideration).[16] Plaintiff cannot point to genuine issues of material fact in the record as it existed when the court dismissed her LPLA claim, and the Court properly disposed of that claim.

---

[13] Rec. Doc. 3217, p. 5.
[14] Moore's Fed. Prac. §56 App.-5(c) committee note of 1946 to Fed. R. Civ. P. 56(d).
[15] Moore's Fed. Prac. §56.40[2].
[16] Cited by Moore's Fed. Prac. §56.40[2]; see e.g., Evans v. United Airlines, Inc., 986 F.2d 942, 944 (5th Cir. 193)(court found no breach of fiduciary duty in contract action); Indiana Harbor Belt Railroad v. American Cyanamid, 860 F.2d 1441, 1444-46 (7th Cir. 1988) (partial summary judgment granted for plaintiff on strict liability without ruling on negligence).

### B. No reconsideration is merited under Rules 59 or 60.

#### 1. Plaintiff's motion is procedurally deficient under Rule 59(a)

Plaintiff's motion for a new trial of the Court's summary judgment dismissal of her LPLA claim is procedurally deficient under Fed. R. Civ. P. 59(a)(1)(A), since the LPLA claim was not presented to the jury. Rule 59(a) provides:

> 1. *Grounds for New Trial*  The Court may, on motion, grant a new trial on all or some of the issues ... as follows:
> (A)  After a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . .

From the plain text of Rule 59(a), plaintiff's motion for new trial on the summary judgment dismissal of her LPLA claim is procedurally inappropriate. Rush v. Virginia Dept. of Transp.[17] is factually and legally distinguishable and does not support a "new trial" on dismissal of plaintiff's LPLA claim. The court granted an employer's motion in limine to exclude evidence regarding a supervisor's sexist attitudes and discrimination toward the employee plaintiff because the sexual harassment claim had been dismissed. A new trial was granted because the court determined that the evidence was relevant to plaintiff's claim of gender discrimination and, therefore, the exclusion of the evidence was not harmless error under Fed. R. Civ. P. 61, the harmless error rule. Rush is in stark contrast to this Court's proper summary judgment dismissal of plaintiff's LPLA claim as a matter of law, which does not implicate Rule 61.

In any event, at trial plaintiff presented the same evidence on her negligence claim regarding FEI's role installing the trailer, as she would have presented for her LPLA claim against FEI. In its Order and Reasons, the Court recognized that at trial plaintiff could make the same factual allegations in support of her LPLA claim against FEI, on her negligence claim:

---

[17]  208 F. Supp. 2d 624 (W.D. Va. 2002).

6

> It is clear that Fluor was required by contract to transport the EHU to its designated location, install it and connect the EHU to the local utilities (sewer and electricity). Plaintiffs argued that these actions (and particularly the lifting of the EHU from its wheel base) significantly altered or modified the EHU's design and/or construction. **While those allegations can be made at trial relating to alleged negligence claims against Fluor,** this court fails to see how these actions make Fluor a 'manufacturer' under the LPLA.[18]

The jury found that FEI was not negligent in installing plaintiff's trailer. Thus, there was no "prejudice" to plaintiff at trial even if this Court's dismissal of her LPLA claim had been erroneous, which it was not. Further evidence that plaintiff was not prejudiced at trial by dismissal of her LPLA claim against FEI is the jury's verdict exonerating the actual manufacturer of the trailer (Gulf Stream) from liability under the LPLA. A new trial on dismissal of plaintiff's LPLA claim against FEI on summary judgment is procedurally inappropriate under Rule 59(a) and not warranted by the evidence on summary judgment.

### 2.   Plaintiff's motion is untimely under Rule 59(e)

Plaintiff's motion is really a motion to reconsider summary judgment on its LPLA claim, disguised as a motion for new trial under Rule 59(a), because a motion to reconsider under Rule 59(e) is untimely. The Federal Rules of Civil Procedure do not formally recognize a motion to reconsider in haec verba. Rowley Hansel-Petin v. Mid Continent Cas. Co., No. 03-3629, 2004 U.S.Dist. Lexis 14227, *3 (E.D. La. 2004). Nevertheless, the Fifth Circuit has held that a motion for reconsideration to reinstate a case may be classified under either Rule 59(e) or Rule 60, depending on the time of filing. Id.[19] Rule 59(e) requires that motions to alter or amend a judgment be brought within ten days after entry of the judgment. That requirement is jurisdictional, and is strictly construed. Gurschke v. Vitek, Inc., No. C89-4084 SC, 1992

---

[18] Rec. Doc. 3217, p. 6 (emphasis added).
[19] Citing Pryor v. U.S. Postal, 769 F.Supp, 281, 285 (5th Cir. 1985).

7

U.S.Dist. Lexis 19144, *2 (N.D. Ca. 1992).  As plaintiff's motion was filed well beyond ten days after entry of this Court's order granting summary judgment on September 11, 2009, plaintiff's motion is untimely and may not be considered under Rule 59(e).

Even if plaintiff had timely filed a motion to reconsider under Rule 59(e), the motion should be denied on the merits.  "A court's reconsideration of a prior order is an extraordinary remedy which should be used only sparingly."  Rowley, Hansel-Petetin, 2004 U.S. Dist. Lexis at *4.[20]  "The Court will not grant relief on the basis of arguments that a party could or should have made before the Court issued judgment."  Id.  (citing Schiller v. Physicians Resource Group, Inc., 342 F.3d 563, 567 (5th Cir. 2003)).[21]  Thus, even if plaintiff had filed a timely Rule 59(e) motion, she has not presented any arguments or evidence that could not have been presented in her original opposition.  Instead, she merely rehashes and embellishes arguments previously rejected by this Court.  Plaintiff's motion merely restates her original argument that FEI somehow assembled and refurbished the trailer by blocking and immobilizing the trailer.  Plaintiff made this precise argument in response to the motion for summary judgment, and all of her cases discussed in her instant motion were briefed in her original response, including the case she principally relies on, Coulon v. Wal-Mart Stores, Inc.[22]  This Court distinguished Coulon.[23] "The Court concludes that what Flour installed, or had a third party install, pursuant to the terms of its contract with FEMA did not create a new product – as was created in Coulon when the parts of the bicycle were assembled by Wall-Mart to create a bicycle:"

---

[20] See also Favre v. Lyndon Properties Ins. Co., 2008 U.S. Dist. Lexis 105334, *22 (SD. Ms. 2008) (citing Templet v. Hydrochem, Inc., 367 F.3d 473, 478 (5th Cir. 2004)).

[21]  As instructed by J. Vance, courts in the Eastern District of Louisiana "hold that a moving party must satisfy at least one of the following criteria to prevail on a Rule 59(e) motion; (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in the controlling law.  Id.  (citations omitted).

[22]  734 So.2d 1916 (La. App. 1 Cir. 1999).

[23]  Court's order and reasons, Rec. Doc. 3217, p. 5-6.

> [T]he EHU was an EHU before being placed on blocks and being hooking up to utilities. No new product was created by the process that Flour utilized to set up the EHU.[24]

Plaintiff's citation of the trial testimony of Jim Shea is procedurally inappropriate and does nothing to support her LPLA theory. Plaintiff improperly cites to the trial record, rather than to the summary judgment record that was before the Court at summary judgment. See generally Amerinet, Inc. v. Xerox Corp., 972 F.2d 1483, 1489-90 (8th Cir. 1992).[25] On reconsideration of the Court's partial summary judgment, it is the summary judgment record, rather than the trial record, that is relevant. Further, Jim Shea's testimony is not new evidence. At trial, Jim Shea testified by video deposition. Yet, this deposition was taken long before trial[26] and plaintiff had a fair opportunity to present this same deposition testimony to the Court at the summary judgment stage. Plaintiff offers no explanation for her failure to earlier, timely submit this deposition testimony in opposition to FEI's motion for summary judgment. Finally, Shea's testimony actually supports the jury's verdict that FEI (and/or its subcontractor) properly installed the Alexander's trailer. Shea testifed that it would not be improper to block the frame of the unit to stablize it.[27]

The federal courts have noted:

> Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence. Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the summary judgment motion. The non-movant has an affirmative duty to come forward to meet a properly supported motion for summary judgment . . . Nor should

---

[24] Rec. Doc. 3217, p. 5-6.
[25] See also Charles A. Wright, Fed. Prac. & Proc. §2716, p. 282-86 (citing Voutour v. Vitale, 761 F. 2d 812 (1st Cir. 1985), cert. denied, 106 S. Ct. 879 (1985) (appellate court's review of pre-trial summary judgment in favor of certain defendants confined to evidence that was before the district court at the time the ruling was made, and neither the evidence offered subsequently on trial nor the verdict was relevant) & Supplement, §2716, p. 16 n.11.
[26] Shea's video deposition was taken on July 24, 2008.
[27] Deposition trial testimony of Shea cited in plaintiff's motion for new trial, p. 38 n. 171.

> a motion for reconsideration serve as the occasion to tender new legal theories for the first time.

Branson, M.D. v. Togo West, 1999 U.S. Dist. Lexis 9172, *4 (N.D. Ill., E.Div. 1999) (citing Rockwell Cotton v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987)) (other citations omitted).

Thus:

> A party seeking to defeat a motion for summary judgment is required to 'wheel out all its artillery to defeat it. Belated factual or legal attacks are viewed with great suspicion and intentionally withholding essential facts for later use on reconsideration is flatly prohibited.'

Branson, M.D., 1999 U.S. Dist. Lexis at *9-10 (citing Caisse Nationale De Credit v. CBI Industries, 90 F.3d 1264, 1270 (7th Cir. 1996)).

It was plaintiff's burden to ensure that she brought to the Court's attention all the facts that she believed supported her opposition to FEI's partial motion for summary judgment. She failed to do so and cannot use a motion to reconsider to have another bite of the apple. Jim Shea's deposition was available to plaintiff before the summary judgment motion was decided. Plaintiff has not provided any satisfactory explanation for why she did not provide this deposition testimony to the Court earlier and, in any event, the deposition testimony cited supports the jury's verdict in favor of FEI.

### 3. Plaintiff's motion is procedurally inappropriate and without merit under Rule 60(b)

Similarly, reconsideration of the interlocutory partial summary judgment order[28] under Rule 60(b) is procedurally inappropriate. Rule 60(b) provides for relief from a "final judgment."

---

[28] A partial summary judgment order is interlocutory because it is entered prior to the final disposition of the case in the district court, resolving only a part of a claim or case. Moore's Fed. Prac. 3d, §56.40[3].

10

Moreover, reconsideration is not merited under Fed. R. Civ. P. 60(b), even if reconsideration under this rule was not procedurally inappropriate.

A motion to reconsider under Rule 60(b) is only granted under limited circumstances:

> (1) Mistake, inadvertence, surprise or excusable negligent; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; ... or (6) any other reason that justifies relief.

Plaintiff does not contend, nor does the record support, that there is mistake, inadvertence, surprise or excusable neglect, newly discovered evidence, fraud or misrepresentation by defendants, the judgment is void, or the judgment is satisfied or released. Plaintiff seeks relief under the catchall ground, Rule 60(b)(6) "any other reason that justifies relief." Other than citation to this ground and to general case law permitting reconsideration to prevent injustice, plaintiff references no legal authority explaining why consideration is warranted based upon the facts of this case. Plaintiff's disagreement with the Court's ruling does not amount to manifest injustice, nor does the dismissal of plaintiff's LPLA claims against FEI amount to manifest injustice requiring reconsideration of the Court's opinion and order. The Court's extensive analysis of the facts of this case under the most recent statement of Louisiana law on the LPLA was comprehensive, appropriate and dispositive.

**II.    The Defendants' Peremptory Challenges Did Not Violate Batson And The Court's Remedy To Plaintiff's Alleged Violation Was Appropriate.**

FEI joins Gulf Stream in unequivocally stating that defendants did not strike a single juror on the basis of race. This is evident from the trial transcript discourse regarding plaintiff's Batson challenge and Gulf Stream's point-by-point rebuttal of plaintiff's contentions regarding each juror. Further, the Court's action to remedy plaintiff's Batson challenge was entirely

11

appropriate. FEI adopts and incorporates Gulf Stream's entire argument rebutting plaintiff's Batson claims as if copied herein in extenso.

## CONCLUSION

Based upon the foregoing, Fluor Enterprises, Inc. respectfully submits that plaintiff's motion for new trial or, alternatively, for relief from judgment, should be denied.

Respectfully submitted,

**MIDDLEBERG, RIDDLE & GIANNA**

BY:         /s/ Sarah A. Lowman   .
Dominic J. Gianna, La. Bar No. 6063
Sarah A. Lowman, La. Bar No. 18311
201 St. Charles Avenue, Suite 3100
New Orleans, Louisiana 70170
Telephone: (504) 525-7200
Facsimile: (504) 581-5983
dgianna@midrid.com
slowman@midrid.com

-And-

Charles R. Penot, Jr. (La. Bar No. 1530 &
Tx. Bar No. 24062455)
717 North Harwood, Suite 2400
Dallas, Texas 75201
Tel: (214) 220-6334; Fax: (214) 220-6807
cpenot@midrid.com

-and-

Richard A. Sherburne, Jr., La. Bar No. 2106
450 Laurel Street, Suite 1101
Baton Rouge, Louisiana 70801
Telephone: (225) 381-7700
Facsimile: (225) 381-7730
rsherburne@midrid.com

**ATTORNEYS FOR FLUOR ENTERPRISES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2009, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sends notice of electronic filing to all counsel of record, including court-appointed liaison counsel, who are CM/ECF participants.

                                                  */s/Sarah A. Lowman*
                                                  SARAH A. LOWMAN

ND: 4844-7260-8005, v. 1