UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * | MDL NO. 1873 |
| | | * | SECTION: N(5) |
| This Document Relates to: | | * | |
| *Dubuclet v. Fleetwood Enterprises, Inc.* | | * | JUDGE: ENGELHARDT |
| Case No. 07-9228 | | * * | |
| | | * | MAG: CHASEZ |

*******************************************************************************

**MEMORANDUM IN SUPPORT OF FLEETWOOD ENTERPRISES, INC.'S MOTION IN LIMINE TO LIMIT EVIDENCE, TESTIMONY, AND ARGUMENTS REGARDING OTHER LAWSUITS OR CLAIMS**

Defendant Fleetwood Enterprises, Inc. (hereinafter "Fleetwood") moves this Court to limit evidence, testimony, and argument regarding other lawsuits or claims by people who, having been displaced by Hurricanes Katrina or Rita were placed in a FEMA unit, on the grounds that such evidence is irrelevant, risks jury confusion, and is unduly prejudicial. There is only one person's lawsuit that the jury must consider in this case: Timia Dubuclet's. Permitting discussion of other lawsuits and claims introduces issues that are not before this jury and which will undoubtedly prejudice Fleetwood..[1]

**I.      Law and Argument**

Under the Federal Rules of Evidence, only relevant evidence is admissible.[2] The Court may still exclude such evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.[3]

---

[1] A similar motion was filed in *Alexander*, and this Court deferred ruling on that motion until trial. Order dated Sept. 2, 2009 (Rec. Doc. 3013).
[2] Fed. Rule Evid. 402.
[3] Fed Rule Evid. 403.

### A. Plaintiff Cannot Meet the Relevance and "Substantial Similarity" Requirement.

Under Federal Rule of Evidence 402, only relevant evidence is admissible. When courts examine evidence from similar incidents, such as other lawsuits or claims in this MDL proceeding, the courts recognize that admitting similar incident evidence threatens to raise extraneous controversial issues and be more prejudicial than probative.[4] In narrow circumstances, evidence of similar incidents may be relevant to prove a defendant had notice of a defect and the ability to correct a known defect.[5] But in order for similar incident evidence to be admissible, the incident must be "substantially similar to the case at bar."[6] An incident may be considered "substantially similar" if it is sufficiently similar in time, place, or circumstance.[7] The proponent bears the burden to show that the facts and circumstances of the other incident are substantially similar to the case at bar.[8]

Here, the only Emergency Housing Unit (EHU) in dispute is the Dubuclet unit. Thus, if Plaintiff intends on introducing evidence or argument of other lawsuits, claims, or trailers, she would have to show that these other lawsuits, claims, or trailers are substantially similar to the one at issue in this litigation.[9] Given the disparity of the alleged illnesses from formaldehyde,[10] every individual's unique susceptibilities, the different exposures, the number of defendant manufacturers, each unit's unique wood-product components, and each unit's separate set-up and installation, "substantial similarity" is a tough burden. Plaintiff would have to show that the other lawsuit or claim involved a trailer also manufactured by Fleetwood, set-up and installed the same way, containing identical component parts, used and occupied the same way, having the

---

[4] *Olson v. Ford Motor Co.*, 410 F. Supp. 2d 855, 862 (D.N.D. 2006).
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Drabik v. Stanley-Bostitch, Inc.*, 997 F.2d 496, 508 (8th Cir. 1993).
[9] Even if it were the same unit involved, such claims would still be irrelevant. Fleetwood has also moved to exclude evidence of Timia's family members' claims.
[10] For example, Plaintiffs insisted on adding a list of over 40 alleged symptoms to the Fact Sheet in this litigation.

same design layout, and inhabited by plaintiffs with similar medical histories for the same time period and duration of time.  Plaintiff cannot meet this burden.  No such evidence that would establish this foundation is in the record; no party has produced such documents that would establish substantial similarity.  The mere fact that nonparties may have filed lawsuits involving other trailers and other manufacturers -- or even the same manufacturer -- is irrelevant to the underlying issues of this case.[11]

### B. Even if Plaintiff Could Meet the Relevance and "Substantial Similarity" Requirement, Evidence of Other Lawsuits, Claims, and Trailers Should be Excluded Due to the Risk of Jury Confusion and Undue Prejudice.

Even if this evidence were relevant and Plaintiff could show substantial similarity, the Court can still exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.[12]

Even when substantial identity of the circumstances is proven, the admissibility of such evidence lies within the discretion of the court, who must weigh these Rule 403 factors.[13]  The risk of jury confusion would mandate that Fleetwood spend a substantial amount of time to examine these collateral issues.  A statement made by Plaintiff's counsel at a deposition illustrates this point:

> Q.      Do you know how many complaints by way of lawsuits or claims Fleetwood obtained between 2005 and 2009 as we sit here today, in connection with allegations of formaldehyde in their travel trailers?
>
> A:      No I do not.

---

[11] *See Weiss v. Allstate Ins. Co.*, 512 F. Supp. 2d. 463, 472 (E.D. La. 2007).
[12] Fed. R. Evid. 403 (2009); *see Compaq Computer Corp. v. Ergonome Inc.,* 387 F.3d 403, 408-09 (5th Cir. 2004) (concluding that district court did not abuse its discretion by excluding evidence of past lawsuits against defendant because any probative value was outweighed by its prejudicial and inflammatory nature and "its tendency to confuse the jury with tangential litigation"); *Yellow Bayou Plantation, Inc. v. Shell Chem., Inc.,* 491 F.2d 1239, 1242-43 (5th Cir. 1974) (upholding district court's exclusion of list of prior lawsuits and complaints against defendant because evidence was "of such faint probative value and high potential for unfair prejudice," even when offered by plaintiffs to show that product was ineffective).
[13] *Olson v. Ford Motor Co.*, 410 F. Supp. 2d 855, 862 (D.N.D. 2006) (citing *Hicks v. Six Flags Over Mid-America*, 821 F.2d 1311, 1316 (8th Cir. 1987)).

      Q.      If I told you it was in the thousands, would you be in a position to dispute that sir?

      A.      I have no -- no.[14]

Note that Plaintiff's counsel made this statement to a witness, Michael Zieman, who is not even a Fleetwood employee. Plaintiff's counsel was not attempting to gather information about Fleetwood's knowledge of formaldehyde complaints; rather, if this comment had been made in front of the jury, it would serve only to unduly persuade the jury that Fleetwood's products must be defective if "thousands" or people have filed lawsuits against Fleetwood. This statement has no relevance to this matter. But to use the filings made in the MDL in an attempt to bolster the legitimacy of Plaintiff's claim should not be permitted.

      Plaintiffs will argue that Fleetwood "opens the door" to its argument and testimony about "thousands of other claims" when Fleetwood employees testify that: (1) Fleetwood never received any complaints about formaldehyde or odors in travel trailers manufactured to FEMA specifications for use as emergency housing in years prior to the Katrina production, (2) Fleetwood received only occasional complaints historically about formaldehyde or odors in travel trailers, and (3) Fleetwood received no complaints directly from occupants, from Morgan (to whom it sold the units it produced post Katrina) or from FEMA regarding formaldehyde or odor issues in its units produced for response to Katrina until such time as there was media coverage and the class action began. Fleetwood's unimpeached testimony on this point is admissible in this case. Indeed, this limited testimony does not open the door to Plaintiffs asking about "thousands of claims." Those "thousands of claims" only refers to this MDL litigation and cases filed after the Dubuclet unit was manufactured. But, if this Court deems this limited testimony as opening the door, Fleetwood requests that Plaintiff only be permitted to ask relevant Fleetwood employees, "in the Spring of 2006, after Fleetwood stopped production of the FEMA

---

[14] Michael Zieman Dep. (Oct. 6, 2009) at 76-77, excerpts attached as Ex. A.

units it manufactured post Katrina, and after the lawsuits started to be file, you became aware that there were thousands of claims made against Fleetwood did you not?" however anything beyond this question is improper. Therefore, the question that was asked to Zieman is impermissible. He is not a Fleetwood employee and the timeframe (from 2005 to 2009) is irrelevant to the claims in this case. It would be improper for Plaintiffs to further discuss these claims and lawsuits or to suggest that the fact that other claims and lawsuits were filed is probative evidence of liability on the part of Fleetwood to Timia Dubuclet in this case or was probative evidence that Timia Dubuclet in fact suffers from any medical condition caused by exposure to formaldehyde in the Fleetwood travel trailer.

Allowing such evidence would transform the case into a series of mini-trials about the claims of other plaintiffs who were residing in trailers other than the trailer at issue and, in numerous instances, manufactured by manufacturers other than Fleetwood. There has been no discovery of plaintiffs in those cases by Fleetwood, and, therefore, no opportunity to investigate the veracity or nature of such complaints, if any. To keep the jury's attention on the case properly before it, the evidence should be limited to the facts of this case and this Plaintiff's alleged exposure to formaldehyde. If the jury were presented with other claims, it could lose sight of Timia's claim. Other parties will pursue their own claim at the appropriate time, but their claims should not encroach upon this case.

Not only would such evidence mislead and confuse the jury and unnecessarily extend the trial, but it would unfairly prejudice Fleetwood. Fleetwood is not called in this case to defend each and every EHU that it provided after Hurricanes Katrina and Rita. Nor should Fleetwood have to defend against potential claims against *other* manufacturers. As much as Plaintiff may desire to pile on complaint after complaint against Fleetwood and other defendant manufacturers, this is not a class action; it is limited to Timia's claim. Particularly as a bellwether trial, this trial

should be limited to the one claim before it so that any verdict will not be clouded by evidence from other claims.  Any potential probative value of such evidence is substantially outweighed by the danger of unfair prejudice, the confusion of the issues, misleading of the jury, and undue delay and waste of judicial time and resources.  Therefore, any evidence related to other lawsuits, claims, or trailers should be excluded.

**II.     Conclusion**

As discussed above, evidence concerning other lawsuits, claims, or trailers is irrelevant, unfairly prejudicial, confusing, misleading to the jury, and wastes time and judicial resources. For these reasons, Fleetwood respectfully requests that this Court issue an Order excluding all evidence of other lawsuits, claims, or trailers.

This 12th day of November 2009.

Respectfully submitted:

 /s/ Richard K. Hines, V
Richard K. Hines, V
GA Bar No. 356300
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)


Jerry L. Saporito
LA Bar No. 11717
LEAKE & ANDERSSON, L.L.P.
1700 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-1701
(504) 585-7500 (phone)
(504) 585- 7775 (fax)

Counsel for Fleetwood Enterprises, Inc.

6

## **C E R T I F I C A T E OF SERVICE**

I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )    Hand Delivery                    ( )    Prepaid U.S. Mail

( )    Facsimile                        ( )    Federal Express

(X)    CM/ECF

New Orleans, Louisiana, this 12th day of November 2009.

                                         */s/ Richard K. Hines, V*
                                         Richard K. Hines, V
                                         Georgia Bar No. 356300
                                         richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)