UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCT | * | |
| LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| THIS DOCUMENT RELATES TO | * | JUDGE ENGLEHARDT |
| ALL CASES | * | |
| | * | MAG. JUDGE CHASEZ |

*********************************************************************

## OBJECTION TO KEYSTONE BELLWETHER TRIAL CANDIDATE PAUL LASTRAPES

**NOW INTO COURT**, through undersigned counsel, come the Plaintiffs' Steering Committee (PSC), which respectfully supplements its original Report on Keystone Bellwether Trial Candidates, with the additional objection to the selection of Paul Lastrapes as the plaintiff in the Keystone bellwether trial to be held on July 17, 2010.

### I. INTRODUCTION

On November 10, 2009, the Court issued a Pretrial Order requiring the PSC to produce by November 13, 2009, either a signed certification of bellwether service or a detailed statement why a certification was not possible for Paul Lastrapes. Prior to the Order, the PSC had believed Paul Lastrapes was not a legitimate bellwether nominee because his name was not timely put forth by a defendant pursuant to this Court's October 23, 2009 Order. (Rec. No. 5744). Accordingly, the PSC did not initially provide its objections to his selection as a bellwether plaintiff. Now, however, in light of the Court's Order seeking either his certification or

statement, the PSC respectfully submits its objections to Mr. Lastrapes' selection as a bellwether plaintiff.

## II. LAW AND ARGUMENT

The Manual for Complex Litigation gives some guidance on the selection of bellwether trial participants. The Manual states that "...if individual trials, sometimes referred to as bellwether trials or test cases, are to produce reliable information about other mass tort cases, the specific plaintiffs and their claims should be representative of the range of cases...the more representative the test cases, the more reliable the information about similar cases will be." *Manual for Complex Litigation, Fourth Edition, §22.315.*

### i. Paul Lastrapes is not a Representative Bellwether Candidate

The PSC respectfully objects to the selection of Paul Lastrapes as a plaintiff in the July 17, 2009, bellwether trial against Keystone RV Company, CH2M Hill Constructors, Inc., and the Federal Government. While Mr. Lastrapes did occasionally reside in the travel trailer at issue for a few weeks at a time, he was not a continuous occupant. The travel trailer was first made available to Mr. Lastrapes' girlfriend in January of 2006. However, Mr. Lastrapes personally did not move into the trailer until January of 2007.[1] From January 2007 to January 2008, Mr. Lastrapes was only a periodic visitor to the Keystone trailer in which his girlfriend was a full-time occupant. As a result of only having a sporadic and short-term exposure to the Keystone

---

[1] Plaintiff acknowledges that his Plaintiff Fact Sheet incorrectly states his move in date occurred in January of 2006. *See* Plaintiff's Fact Sheet of Paul Lastrapes, p. 10, attached hereto as Exhibit A. However, this move in date was an error. Attached hereto as Exhibit B is an amendment to Mr. Lastrapes' PFS certifying that Mr. Lastrapes moved into the Keystone unit in January of 2007.

2

trailer, Mr. Lastrapes cannot be instructive as to any other plaintiff who used their Keystone travel trailer as a continuous temporary housing unit. A selection of Mr. Lastrapes as the bellwether plaintiff would force both defendants and the PSC to squander enormous resources and this Court's time on a trial that would present no meaningful result.

Furthermore, Mr. Lastrapes continues to work and reside outside of Louisiana. If he was selected to serve as the bellwether plaintiff, counsel would be forced to travel to his jobsite, which is currently located in New Jersey, although this too is subject to change, in order to conduct depositions, medical examinations, and the other substantial requirements of preparing a plaintiff's case for trial. While this expense might be deemed appropriate were the result to be instructive as to other plaintiffs' cases, here, as argued above, this is not the case. It is important to note, however, that, although the trial of Mr. Lastrapes' claims may not be instructive as to other plaintiff cases in this litigation, his claims are no less deserving of being tried on the merits in the course of an appropriately streamlined case management of the consolidated cases remaining in the Eastern District of Louisiana after the MDL has been concluded. Accordingly, the PSC respectfully objects to the nomination of Paul Lastrapes as a bellwether plaintiff, and instead requests this Court to allow his claims to be tried upon the conclusion of the MDL.

### III. CONCLUSION

A successful bellwether trial requires the selection of meaningful, representative, and typical persons to serve as bellwether plaintiffs. The PSC submits that the sporadic residency of Paul Lastrapes in a FEMA trailer, as well as his current location, are problematic in any effort to make the trial of his case instructive and cost-efficient as a bellwether trial. The PSC continues to suggest that a bellwether trial of John Edinburgh's claim would produce meaningful insight and information that would serve to facilitate the resolution of all claims.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
       GERALD E. MEUNIER, #9471
       **PLAINTIFFS' CO-LIAISON COUNSEL**
       Gainsburgh, Benjamin, David, Meunier &
       Warshauer, L.L.C.
       2800 Energy Centre, 1100 Poydras Street
       New Orleans, Louisiana 70163
       Telephone:   504/522-2304
       Facsimile:   504/528-9973
       gmeunier@gainsben.com

       s/Justin I. Woods
       JUSTIN I. WOODS, #24713
       **PLAINTIFFS' CO-LIAISON COUNSEL**
       Gainsburgh, Benjamin, David, Meunier &
       Warshauer, L.L.C.
       2800 Energy Centre, 1100 Poydras Street
       New Orleans, Louisiana 70163
       Telephone:   504/522-2304
       Facsimile:   504/528-9973
       jwoods@gainsben.com

       **COURT-APPOINTED PLAINTIFFS'
       STEERING COMMITTEE**
       ANTHONY BUZBEE, Texas # 24001820
       ROBERT BECNEL, #14072
       RAUL BENCOMO, #2932
       FRANK D'AMICO, #17519
       MATT MORELAND, #24567
       LINDA NELSON, #9938
       DENNIS REICH, Texas #16739600
       MIKAL WATTS, Texas # 20981820

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on November 13, 2009.

/s/Justin I. Woods

JUSTIN I. WOODS