UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Dubuclet v. Fleetwood Enterprises, Inc.* | * | |
| Docket No. 07-9228; | * | |

**PLAINTIFF'S RESPONSE TO DEFENDANT FLEETWOOD ENTERPRISES, INC.'S MOTION *IN LIMINE* TO EXCLUDE EXPERT THE TESTIMONY OF PLAINTIFF'S EXPERT KENNETH R. LAUGHERY, PH.D**

Plaintiff, Elisha Dubuclet, individually and on behalf of Timia Dubuclet, files this response to Defendant Fleetwood Enterprises, Inc.'s Motion in Limine to Exclude the Expert Testimony of Plaintiff's Expert Kenneth R. Laughery, Ph.D.

**I.**

**EXHIBITS**

Exhibit A.     Affidavit of Kenneth Laughery, PhD

**II.**

**ARGUMENT**

The Court has already examined issues relating to Dr. Laughery's opinions in an Order dated October 6, 2009.  *See* Court Doc. 4845.  The Court specifically ruled that Dr. Laughery's first opinion, which Defendant now challenge, is admissible.  *See* Court Doc. 4845, p. 2. Defendants are trying to get a second bite at the apple.  Incongruously, Defendant argues that Dr.

Laughery's opinions in this case should be excluded because what he is going to say in the Fleetwood case is "presaged" by what counsel in the Forest River case represented as the scope of Dr. Laughery's opinions would be in the Forest River travel trailer case.  *See* Defendant's Memo, p. 2.  This argument borders on the frivolous.  Plaintiff's counsel have received the Court's ruling in the Dubuclet case, Court Doc. 4845, and will only offer Dr. Laughery on the issues the Court has previously ruled he can testify on.

Defendant also argues that Dr. Laughery's first opinion is "inapplicable" to this case, but does not provide clear reasoning why it is "inapplicable."  *See* Defendant's Memo, p. 2.  It appears Defendant is alleging that since Fleetwood gave a warning, then there is no need for Dr. Laughery to set forth his first opinion.  Dr. Laughery's first opinion is as follows:

> The health hazards and consequences associated with permanent occupancy of the Fleetwood trailer are not open or obvious.  Indeed, the hazards are technical in nature, and concern issues of chemical vapors, toxicology, and biological/medical reactions.  Thus it is imperative that an adequate warning system be provided to potential occupants in order for informed decisions to be made regarding the manner in which the trailer is used or used at all. [ *See* Exhibit A, p. 6.]

The Court ruled that the this opinion was admissible but the remaining of Dr. Laughery's opinions in his report were inadmissible, as the Court expressed a concern that Dr. Laughery would be invading the province of the jury in determining the adequacy of the Fleetwood warning.  *See* Rec. Doc. 4845, at pp. 2-3.  The type of information contained in Dr. Laughery's first opinion, is the type that would assist the trier of fact in making ultimate decision if a warning adequate, i.e. the hazards are not open, the hazards are not obvious, the hazards are technical, the hazards involve chemical vapors, the hazards involve medical.  Here, Dr. Laughery is setting forth the need and importance of a warning system and provides the finder of fact with

elements to be considered[1]. It is still being left the jury, as articulated by the Court in its October, 6 2009 Order, to determine if a particular warning is adequate. Therefore, Dr. Laughery's opinion and testimony is more than testimony of a "fact in existence" or a "mirror" offered by fact witnesses as Defendant alleges. *See* Defendant's Memo, p. 3. Dr. Laughery's first opinion will indeed assist the trier of fact.

## IV.
## PRAYER

For the reasons stated in this Response, Plaintiff respectfully requests that the Court deny Defendant Fleetwood Enterprises, Inc.'s Motion in Limine to Exclude the Testimony of Plaintiff's Expert Kenneth R. Laughery, Ph.D.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:  s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:  504/522-2304
Facsimile:  504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &

---

[1] Plaintiffs would note that Defendants have not fully explored the basis for this opinion as Dr. Laughery has not been deposed. Plaintiffs originally offered Dr. Laughery for deposition in early October and the deposition was scheduled. After the Court's ruling on October 6, 2009, allowing Dr. Laughery to testify, Defendants informed Plaintiffs that they did not wish to proceed with the deposition. Then in early November, Defendants called saying that they indeed wished to proceed with Dr. Laughery's deposition. The deposition was set for November 12th, but then was later postponed.

Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:     504/522-2304
Facsimile:     504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
ROBERT BECNEL, #14072
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
DENNIS REICH, Texas #16739600
MIKAL WATTS, Texas # 20981820

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on November 13, 2009.


/s/Gerald E. Meunier
GERALD E. MEUNIER