UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: | FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | * MDL NO. 1873<br>*<br>* SECTION "N" (5)<br>*<br>* JUDGE ENGELHARDT<br>* MAGISTRATE CHASEZ |
| THIS DOCUMENT IS RELATED TO | | * |
| *Aldridge, et al v. Gulf Stream Coach Inc., et al*, Docket No. 07-9228;<br>Elisha Dubuclet, individually and on behalf of Timia Dubuclet | | *<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S RESPONSE TO DEFENDANT FLEETWOOD ENTERPRISES, INC.'S
MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY OF
DR. EDWARD H. SHWERY**

Plaintiff Elisha Dubuclet, individually and on behalf of Timia Dubuclet, ("Ms. Dubuclet" or "Plaintiff") respectfully submits the following Response to Defendant Fleetwood Enterprises, Inc.'s Motion *in limine* to Exclude the Testimony of Dr. Edward H. Shwery and hereto states:

**INTRODUCTION**

Dr. Edward H. Shwery is a licensed clinical psychologist. Based on his evaluation, his review of Timia Dubuclet's medical records, Dr. Patricia Williams's report and Dr. Lawrence Miller's report, Dr. Shwery has concluded that the fifteen months spent in the emergency housing unit ("EHU") and the resulting effects on Timia Dubuclet's eczema have affected her psychologically, including "private stress, worry and anxiety regarding her medical difficulties; primarily her eczema." Exhibit A, Affidavit of Dr. Edward H. Shwery, p. 8. Defendant Fleetwood Enterprises, Inc.

1

("Defendant") seeks to exclude the testimony of Dr. Shwery's on the grounds that his opinion is based on Dr. Farber's allegedly unreliable conclusion that formaldehyde exacerbated Timia Dubuclet's eczema. Defendant attempts to persuade this Court by citing to only one of multiples sources used by Dr. Shwery in establishing the foundation of his opinion. However, even a cursory review of Dr. Shwery's report evidences that Dr. Shwery did not base his opinion solely on the opinion of Dr. Farber, but instead engaged in a methodologically sound evaluation of Timia Dubuclet, which included reviewing Timie Dubuclet's medical records and affidavits by Dr. Williams and Dr. Miller, both of which establish a causal/exacerbative relationship between eczema and formaldehyde.

**I.    STANDARD OF ADMISSIBILITY.**

An expert must "by knowledge, skill, experience, training, or education" provide "scientific, technical, or other specialized knowledge that will assist the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702; *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 508 U.S. 579, 589-91 (1993). In addition, Rule 702 provides that expert testimony is admissible where "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." *Id.*

Although Defendant asserts that Dr. Shwery has failed the second prong of Rule 702 by not following a reliable methodology, Defendant focuses all of its argument on the evidentiary foundation, or what is best described as "sufficient facts or data" under prong one of Rule 702. Thus, it should be noted that "[a]s a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-

2

examination." *Hose v. Chicago NW Transp. Co.*, 70 F.3d 968, 974 (8th Cir. 1995). Yet regardless of what Defendant is attempting to argue, Dr Shwery's opinion fulfills all Rule 702 prongs and assists the trier of fact in understanding the psychological ramifications of Timia Dubuclet's eczema exacerbation.[1]

**II.    DR. SHWERY'S TESTIMONY IS BASED UPON SUFFICIENT FACTS OR DATA.**

Rule 703 provides that an expert should rely on facts or data "reasonably relied upon by experts in particular field in forming opinions or inferences upon the subject." FED. R. EVID. 703. In addition, an expert may rely on inadmissible evidence in forming his opinion so long it is of a "type reasonably relied upon by experts in the particular field." *See, e.g., Champion v. GlobalSantaFe Drilling Co.*, 2008 WL 6928168, *2 (E.D. La. March 13, 2008). As clearly acknowledged by Dr. Shwery, he is not an expert on the effects of formaldehyde on the skin. Exhibit B, p. 105, l. 24-p. 106, l. 12. However, Dr. Shwery relies on his own evaluations, the medical records and other expert reports, and it is well established that such reliance is permissible. *See Daubert*, 508 U.S. at 592 (finding that an "expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge — a rule which represents a most pervasive manifestation of the common law — insistence upon the most reliable sources of information."); *Larson v. Kempker*, 414 F.3d 936, 941 (8th Cir. 2005) ("We agree with the district court that "an expert may extrapolate from data supplied by other experts, *see* FED. R. EVID. 703, but a person does not become an expert simply by reviewing an expert's reports or research.").

---
[1] Defendant does not take issue with Dr. Shwery's qualifications. As admitted in the *Alexander* trial, Dr. Shwery is an expert in clinical psychology. Exhibit C, Alexander, et al. v. Gulfstream Coach Inc. Trial Transcript, September 17, 2009, p. 24, l. 19-23. Similarly, Dr. Shwery has been dually asked by federal courts to render psychological expert opinions. Exhibit B, Deposition Transcript of Dr. Edward H. Shwery, August 10, 2009, p. 160, l. 5-16.

3

Furthermore, Defendant incorrectly states that "Dr. Shwery's opinion that the cause of Ms. Dubuclet's anxiety was her living in the EHU is based on Dr. Farber's conclusion that she is 'allergic' to formaldehyde." Rec. Doc. 6662-2, p. 4. In his Affidavit, Dr. Shwery clearly details the basis for his opinion:

> I reviewed voluminous background information including an affidavit from Dr. Williams, a physician and toxicologist who opined a cause and effect relationship between formaldehyde and upper respiratory tract damage, cancer, bronchial construction, asthma, and eczema. I also reviewed the deposition of Ms. Elisha Dubuclet taken on September 17, 2008. The records of Drs. White, Solis and Farber were reviewed regarding their treatment of Timia. The records are consistent with the information provided by the child's mother, Elisha Dubuclet. Emergency room visits at Children's Hospital of New Orleans were also reviewed documenting problems with allergies, coughing, irritated nasal membranes, nosebleeds, puffy eyes, et cetera. A syncopal episode at school in February 2009 was also reported in the records form Children's Hospital. Pharmacy records form the John Bull Pharmacy were reviewed, as well as photographs of the skin condition and TImia's school records.

Exhibit A, p. 4. In addition, during his deposition Dr. Shwery stated that he also reviewed the report of Plaintiff's expert Dr. Lawrence Miller. Exhibit B, p. 15, l. 24-p. 16, l. 10.

While Defendant would seemingly have this Court believe that Dr. Shwery relied solely on the opinion of Dr. Farber in establishing the "sufficient facts and data," Dr. Shwery engaged in a heavy review of information relating to Timia Dubuclet's exacerbation of eczema. Thus, although Dr. Shwery cannot claim that any particular level of formaldehyde exacerbated Timia Dubuclet's opinion, Dr. Shwery acts in accordance with Rule 703 by relying on Timia Dubuclet's medical records and the Affidavits provided Dr. Farber, Dr. Miller and Dr. Williams — all of which conclude that formaldehyde exacerbates eczema.

4

Nonetheless, as noted by this Court, "the factual basis of an expert opinion goes to the credibility of the testimony not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination," and Defendant's argument is thus one appropriately handled during trial, not pretrial. *Shadow Lake Management Co. Inc. v. Landmark American Ins. Co.*, 2008 WL 2510121, * 3 (E.D.La. June 17, 2008). As such, Dr. Shwery's opinion should not be excluded as it is properly founded and assists the trier of fact in understanding the psychological effects of Timia Dubuclet's injuries.

III. **DR. SHWERY'S METHODOLOGY IS RELIABLE AND DR. SHWERY REASONABLY APPLIED THE METHODOLGY TO TIMIA DUBUCLET.**

Under prongs two and three of Rule 702, the expert's testimony must be "the product of reliable principles and methods" and the expert must "apply the principles and methods reliably to the facts of the case." FED. R. EVID. 702. Defendant asserts that Dr. Shwery's methodology is unreliable because Dr. Shwery relies solely on Dr. Farber's conclusion. As noted above, Dr. Shwery does not rely solely on Dr. Farber's opinion, and regardless, Dr. Farber's opinion is not the methodology applied by Dr. Shwery in evaluating Timia Dubuclet.

Here, in order to analyze the psyche of Timia Dubuclet, Dr. Shwery examined Timia Dubuclet for approximately four to five hours and examined her mother, Elisha Dubuclet, for approximately three hours. Exhibit B, p. 67, l. 1-6. In addition, Dr. Shwery performed a battery of well-recognized psychological tests, including Projective Drawings and the Beck Youth Inventories, both of which have been recognized as reputable in the scientific community. *See, e.g.*, Elizabeth M. Koppitz, *Projective Drawings With Children and Adolescents*, 12(4) SCH. PSYCH. REV. 421 (1983); Judith S. Beck, BECK YOUTH INVENTORIES, American Psychological Association Press (2000).

As noted in Dr. Shwery's detailed affidavit, the results of his psychological examination indicated a concern for Timia Dubuclet's anxiety due to "[t]he distress and worry about her eczema [which] is affecting her social and psychological development in a negative fashion." Exhibit A, p. 8. Thus, given that Dr. Shwery evaluated Timia Dubuclet pursuant to reliably recognized methods, Dr. Shwery's testimony meets the second and third prongs of Rule 702.

**CONCLUSION**

Defendant erroneously argues that Dr. Shwery has relied solely on Dr. Farber's opinion in rendering his opinion. However, it is clear from both Dr. Shwery's Affidavit and testimony that Dr. Shwery relied on a slew of factors in determining his opinion. Nevertheless, Dr. Shwery's factual foundation is not a question typically answered during *Daubert* proceedings, but one of credibility examined during cross-examination and determined by the jury. As such, this Court should deny Defendant's Motion *in limine* to Exclude the Testimony of Dr. Edward H. Shwery.

Respectfully submits:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:   504/528-9973
gmeunier@gainsben.com

 s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:   504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
DENNIS REICH, Texas #16739600
ROBERT M. BECNEL, #14072

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing on November 13, 2009.

 s/Gerald E. Meunier
GERALD E. MEUNIER, #9471