UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * | MDL NO. 1873 |
| | | SECTION: N(5) |
| This Document Relates to: *Dubuclet v. Fleetwood Enterprises, Inc.* Case No. 07-9228 | * * * * | JUDGE: ENGELHARDT |
| | * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**FLEETWOOD ENTERPRISES, INC.'S OPPOSITION TO PLAINTIFF'S DAUBERT MOTION TO EXCLUDE THE TESTIMONY OF PATRICIA K. FARRIS, M.D., F.A.A.D.**

**May It Please The Court:**

Fleetwood Enterprises, Inc. ("Fleetwood") submits that Plaintiff's Motion to exclude the testimony of Patricia K. Farris, M.D., F.A.A.D. ("Dr. Farris") should be denied for the following reasons.

**I.   Introduction**

It is not disputed that Timia Dubuclet ("Timia") has atopic dermatitis or what is frequently referred to as "eczema". It is undisputed that she has had this skin disease since she was six weeks old. Plaintiff presently offers an expert to suggest that this pre-existing condition

was caused by formaldehyde exposure while she was living in the Fleetwood trailer.  At issue is whether Timia's atopic dermatitis was aggravated by exposure to formaldehyde while she resided in trailer from approximately June 2006 to September 2007.

Fleetwood retained Dr. Farris to in order to perform a medical examination and render her opinion on the condition on the then ten year old Timia. Prior to rendering her opinion, Dr. Farris conducted an examination of Timia inclusive of obtaining a medical history, reviewed the medical records of Timia for treatment rendered both before and after Hurricane Katrina and reviewed the expert opinions rendered by Dr. James Wedner, Dr. Lawrence G. Miller, Dr. George Farber (including Dr. Farber's deposition testimony taken in this matter)(now withdrawn by plaintiffs in this case), and Dr. Howard I. Maibach.

On September 30, 2009 Dr. Farris generated a report wherein she concluded in pertinent part that "[i]n conclusion, I think there is no direct evidence to support that Timia was sensitized to formaldehyde while living in the FEMA trailer. I think a far more plausible explanation for Timia's allergic flare at that time is that she was under a tremendous amount of stress after leaving Houston and returning to live in a crowded FEMA trailer in the middle of a construction site. Stress is well documented to trigger and exacerbate allergic symptoms and atopic dermatitis. Emotional stress actually deregulates the immune system in a way that favors allergic symptoms and eczema."[1] (*See* Report of Patricia K. Farris, M.D., F.A.A.D., attached as Exhibit "A").

On or about October 14, 2009 Dr. Farris was deposed and testified at length regarding her opinions and conclusions regarding the cause of Timia's alleged flare of eczema. Plaintiff now

---

[1] Dr. Farris referenced the studies "Arndt J, Smith N, Tausk F. Stress and atopic dermatitis. Curr Allergy Asthma Rep. 2008;8(4):312-317" and "Hashizume J, Takigawa M. Anxiety in allergy and atopic dermatitis. Curr Opin Allergy Clin Immunol 2006;6(5):335-339" in support of her conclusions.

seeks to exclude Dr. Farris from testifying at trial based upon her alleged inability to render opinions on the cause of Timia's eczema.

First, plaintiff argues that Dr. Farris is not qualified to offer an expert opinion on the effects of gaseous formaldehyde – the alleged cause of Timia's flare of eczema. Second, plaintiff argues that Dr. Farris's conclusion that the eczema was related to stress should be excluded because she is not an expert in the field of psychology.

As set forth more fully below, plaintiff's arguments lack merit because Dr. Farris is an expert in the field of dermatology and is qualified to render opinions on the cause of the aggravation of Timia's atopic dermatitis pursuant to Federal Rule of Evidence 702 as interpreted by *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993). In addition, Dr. Farris's opinion that stress was the cause of the eczema flares falls within her expertise as a dermatologist.

**II.    Applicable law regarding the admissibility of expert testimony**

*Daubert* and the cases that followed it dealt with the U.S. Supreme Court's quest to provide district judges with flexible guidelines regarding admissibility of expert testimony under Federal Rule of Evidence 702. Rule 702 provides: "If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise."

The expert testimony must be relevant, not simply in the sense that all testimony must be relevant pursuant to Federal Rule of Evidence 402, but also in the sense that the expert's

proposed opinion would assist the trier of fact to understand or determine a fact in issue. *Daubert*, 509 U.S. at 591-592. Put differently, Rule 702 "requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility." *Id.* at 592.

As to reliability, the Supreme Court has provided five, non-exclusive factors to consider when assessing whether a methodology is scientifically reliable. These factors are (1) whether the expert's theory can be or has been tested, (2) whether the theory has been subject to peer review and publication, (3) the known or potential rate of error of a technique or theory when applied, (4) the existence and maintenance of standards and controls, and (5) the degree to which the technique or theory has been generally accepted in the scientific community. *Id.* at 593-94. However, the test for determining reliability is flexible and can adapt to the particular circumstances underlying the testimony at issue. *Kumho Tire Co., Ltd. v. Carmichael* 526 U.S. 137, 147 (1999). The party seeking to have the district court admit expert testimony must demonstrate that the findings and conclusions are reliable, but need not show that the expert's findings and conclusions are correct. *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).

III   **Dr. Farris is an expert in the field of dermatology and is qualified to testify regarding atopic dermatitis**

Dr. Farris is a board certified dermatologist and has been in private practice for 23 years. (Exhibit "A").  She is served on the clinical teaching faculty at Tulane University Medical School in the department of Dermatology since 1986. (Exhibit "A").

Dr. Farris is licensed to practice medicine in the states of Louisiana, California and New York. (Exhibit "A").  As part of her practice Dr. Farris treats patients with problems related to skin allergies, atopic dermatitis and contact dermatitis including pediatric patients. (Exhibit "A").

Dr. Farris has previously been qualified to testify in court as an expert in the field of dermatology. (*See* Deposition of Dr. Patricia Farris, M.D. taken on October 14, 2009, attached as Exhibit "B", p. 11-12).  There is no specialty in atopic dermatitis and, therefore, atopic dermatitis falls under the expertise of a dermatologist. (Exhibit "B", p. 50). Dr. Farris has co-authored a published a chapter on atopic dermatitis in a textbook entitled "Current Clinical Practice-Atopic Dermatitis." (Exhibit "B", p. 50-51).[2]

## IV.   Dr. Farris's opinions on the cause(s) of Timia's atopic dermatitis are admissible pursuant to Federal Rule of Evidence 702

Plaintiff's first argument is that Dr. Farris is not qualified to offer an expert opinion on the effects of *gaseous* formaldehyde.   In support of this argument, plaintiff states that the standards of *Daubert* relating to the district court's "gatekeeping function" should be more stringently applied "where the plaintiff claims that exposure to toxic substance caused his injury, [because a] jury may blindly accept an expert's opinion that conforms with their underlying fears of toxic substances without carefully understanding or examining the basis for that opinion." (Citations omitted). However, preventing the jury from blindly accepting the plaintiff's theory to conform to their underlying fears of toxic substances without carefully understanding that theory is the exact reason why Fleetwood retained Dr. Farris in this matter.

---

[2] A copy of Dr. Farris's Curriculum Vitae is attached hereto as Exhibit "C"

Plaintiff goes on to argue that "[a]lthough Farris is knowledgeable within the field of dermatology, her testimony seeks to go beyond her expertise in order to render conclusions pertaining to the effects of formaldehyde exposure."[3] Plaintiff then cherry picks portions of the testimony of Dr. Farris and assert that Dr. Farris's opinion that Timia's atopic dermatitis is not related to exposure is based upon a subjective "I've never seen it so it must not exist" approach.[4]

A comprehensive review of Dr. Farris's report and her deposition testimony establishes that her opinions related to atopic dermatitis and formaldehyde exposure are reliable and will assist the trier of fact in the resolution of the disputed issue of medical causation for Timia's flare of atopic dermatitis.

Dr. Farris testified that the outer layer of skin- referred to as the "stratum corneum"- has a barrier function.  The barrier function is commonly described as "bricks and mortar."  It is described as bricks and mortar "because the bricks are the epidermal cells, and the mortar that holds them are a series of lipids called natural moisturizing factor or ceramides. So it is the structure of the skin cells and lipids that make the epidermal barrier impenetrable to external substances and also holds water in the skin." (Exhibit "B" pp. 54-55).

Children (such as Timia) with atopic dermatitis "have lower levels or ceramides, of lipids, so they have less mortar. They also have dysfunctional bricks. They lack a protein called filaggrin that causes the bricks to mature in normal way. So in other words, their epidermal barrier is compromised." (Exhibit "B" pp.54-55).  As a result, the skin is more easily penetrated

---

[3] *See* Memorandum in Support of Plaintiff's Daubert Motion to Exclude the Testimony of Patricia K. Farris, M.D., F.A.A.D., p. 3.
[4] *See* Memorandum in Support of Plaintiff's Daubert Motion to Exclude the Testimony of Patricia K. Farris, M.D., F.A.A.D., p. 5.

by potential irritants and allergens. Formaldehyde, topically, is both a potential allergen and an irritant. Allergens can cause skin inflammation and eczema. (Exhibit "B" pp. 55-57).

In addition to her knowledge regarding atopic dermatitis, Dr. Farris obtained a medical history from Timia's mother. Dr. Farris summarized the history in the following manner:

> Q.    My question was, do you have an independent recollection or do you have to refer to your notes in order to refresh your recollection?

> A.    I mean, I can summarize it fairly simply if you don't want detail. I mean, her mother told me that she had had eczema since she was an infant, first diagnosed, I believe, by Dr. Stern, who was her pediatrician at the time.
>
> She said she had eczema that she said was no big deal, she was controlling it with hydrocortisone cream. She got occasional prescriptions of Triamcinolone from the physician.
>
> She gave a history of the child having had allergies, runny nose, stuffy nose, that sort of thing, which again, she said was really no big deal.
>
> And she pinned the time that they moved into the FEMA trailer as the time when she began experiencing what she described as a fairly significant change in her medical status: Headaches, vomiting at night, itchy eyes, burning eyes, itchy lips, burning lips, runny nose, terrible rash that she was itching until raw.
>
> And the mother explained that there were a number of things in the FEMA trailer that she did not like, including bugs and fungus and whatever else, you know that she said it was dirty, basically.
>
> She told me that she did notice a smell in the trailer, particularly right when she moved in, which she described to me as a mold musty smell, or a new trailer smell.
>
> And she — you know, that was basically the history of the way she described the change in the child's medical condition after moving into the trailer.

(Exhibit "B" pp. 59-60)

After obtaining the medical history, Dr. Farris conducted a physical examination of Timia. During the examination Dr. Farris noted several findings consistent with patients with atopic dermatitis including: (1) scratching of the lips, face and arms during the exam; (2) Dennie Morgan folds under both eyes; (3) dry, patchy, mild eczematoid dermatitis on the left and right eyelids; (4) dry lips with flaking; (5) hyperpigmentation or darkening around the corners of the lips; (6) eczema in the antecubital folds on both arms; (7) eczema on the popliteal folds behind the knee; and (8) hyperpigmented streaks compatible with prior scratching. (pp. 63-70). Dr. Farris described this presentation as "a classic atopic". (Exhibit "B" p. 110).

Dr. Farris also reviewed the medical records of the treating physicians that were produced by counsel for plaintiff prior to formulating her opinions in this matter. Dr. Farris noted that Timia was treated on an average of two or three times a year for eczema prior to Hurricane Katrina with either her pediatrician or in the emergency room. During the time that Timia lived in the trailer she had only one visit to the pediatrician for eczema. (Exhibit "B" pp. 126-127 and Exhibit "A").

Further, in rendering the opinion that "there is no direct evidence to support that Timia was sensitized to formaldehyde while living in a FEMA trailer" Dr. Farris relied upon the negative patch test for formaldehyde contained in Dr. Farber's records. (Exhibit "B" p. 101). Importantly, kids with eczema have a problem with false positive tests, not a problem with false negatives. (Exhibit "B" p. 129).

Despite all of the above, plaintiff argues that Dr. Farris is not qualified to testify on causation because Timia was the first patient that she treated who was exposed to formaldehyde.[5] However, Dr. Farris testified that after Hurricane Katrina she treated patients with atopic dermatitis that lived in FEMA trailers but none of these patients complained that they thought the atopic dermatitis was caused or made worse by their trailer or as a result of exposure to formaldehyde. (Exhibit "B" pp. 126-127). Plaintiff's pursuit of a novel theory of medical causation should not provide a basis for excluding an expert witness such as Dr. Farris from testifying at trial.

Plaintiff also attempts to convince the court that Dr. Farris's testimony on medical causation is not reliable because of an alleged failure "to take into account the surplus of medical literature supporting the clam that gaseous formaldehyde can cause or exacerbate eczema." [6] Plaintiff fails to provide the court with an adequate account of Dr. Farris's testimony regarding her opinions on gaseous formaldehyde and/or her knowledge of the "surplus of medical literature."

Dr. Farris testified that to her knowledge gaseous formaldehyde doesn't cause or exacerbate atopic dermatitis. However, topical formaldehyde can cause or exacerbate atopic dermatitis. (Exhibit "B" p. 89).   When questioned regarding the study by Eberlin-Kong, Dr. Farris testified that she read the study on PubMed and that the study revealed an increase in transepidermal water loss in the epidermal barrier after exposure to gaseous formaldehyde as

---

[5] *See* Memorandum in Support of Plaintiff's Daubert Motion to Exclude the Testimony of Patricia K. Farris, M.D., F.A.A.D., p. 4.

[6] *See* Memorandum in Support of Plaintiff's Daubert Motion to Exclude the Testimony of Patricia K. Farris, M.D., F.A.A.D., p. 4.

opposed to demonstrating a causal connection between gaseous formaldehyde and atopic dermatitis. (Exhibit "B" p. 96-97).

Dr. Farris testified that she reviewed a second study referenced by opposing counsel but it was not applicable because it involved medical students that had been exposed to much higher levels of liquid formaldehyde in a lab setting. (Exhibit "B" p. 98). Plaintiff has failed to explain how either of these studies renders Dr. Farris's opinion on gaseous formaldehyde unreliable and inadmissible pursuant to Federal Rule of Evidence 702.

Dr. Farris ultimately concluded that "I think a far more plausible explanation for Timia's allergic flare at that time is that she was under a tremendous amount of stress after leaving Houston and returning to live in a crowded FEMA trailer in the middle of a construction site." Plaintiff argues that this opinion should be excluded because Dr. Farris is not an expert in the field of psychology and, therefore, cannot provide testimony regarding Timia's "psychological status".[7]

The flaw in plaintiff's argument is that Dr. Farris is not attempting to provide medical testimony falling within the realm of expertise of a psychological professional. Rather, as part of the history obtained from Timia's mother Dr. Farris learned that Timia was "under a tremendous amount of stress." (Exhibit "B" p. 104). In fact, Timia told Dr. Farris that "[s]he liked school and her friends in Houston and that she didn't want to come back [to New Orleans]." (Exhibit "A"). Dr. Farris was also told that "they were living in two bedroom trailer, three people living in one bed in the middle of a construction zone." (Exhibit "B" p. 104)

---

[7] *See* Memorandum in Support of Plaintiff's Daubert Motion to Exclude the Testimony of Patricia K. Farris, M.D., F.A.A.D., p. 8.

The history provided by Timia's mother that Timia was under a "tremendous amount of stress" is relevant to Dr. Farris as an expert in the field of dermatology because there are studies establishing: (1) that stress is well documented to trigger and exacerbate allergic symptoms and atopic dermatitis; and (2) that emotional stress deregulates the immune system in a way that favors allergic symptoms and eczema.[8] Plaintiff has not attacked the validity of these studies.

As set forth in the Affidavit of Dr. Farris (attached as Exhibit "D"), it is widely accepted in the field of dermatology that stress is a cause of flares of atopic dermatitis. There are numerous publications which establish that stress is a cause of flares of atopic dermatitis. (Exhibit "D")

Moreover, as part of Dr. Farris's practice she treats patients with atopic dermatitis. In fact, Dr. Farris regularly treats patients with atopic dermatitis that have flares caused by stress. Based upon Dr. Farris's experience in the field of dermatology and her review of the applicable literature she is qualified to render the opinion that stress can exacerbate atopic dermatitis. (Exhibit "D")

Accordingly, Dr. Farris's opinions regarding stress as a cause of Timia's allergic flare up is based upon her expertise in the field of dermatology and not psychology. Accordingly, Dr. Farris's testimony that stress triggered the flare up of Timia's atopic dermatitis should not be excluded.

---

[8] See footnote 1.

## V.     Conclusion

Dr. Farris is qualified to testify as an expert in the field of dermatology which includes providing opinions on the cause(s) of atopic dermatitis. Dr. Farris's testimony that Timia was not sensitized to gaseous formaldehyde while living in her trailer and that the more likely cause of Timia's flare up of atopic dermatitis during the time she lived in the trailer was stress is reliable scientific evidence. In addition, Dr. Farris's testimony will assist the tier of fact to resolve the disputed issue of whether Timia's atopic dermatitis was caused or exacerbated by the alleged exposure to gaseous formaldehyde while she resided in her trailer. Accordingly, the plaintiff's motion should be denied.

Respectfully submitted:


 /s/ Amanda W. Vonderhaar
Jerry L. Saporito, Esq.
Louisiana Bar No. 11717
Amanda W. Vonderhaar, Esq.
Louisiana Bar No. 31350
LEAKE & ANDERSSON, L.L.P.
1700 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-1701
(504) 585-7500 (phone)
(504) 585- 7775 (fax)
**Counsel for Fleetwood Enterprises, Inc.**

Richard K. Hines, V., Esq.
Georgia Bar No. 356300
NELSON MULLINS RILEY &
SCARBOROUGH, LLP
Atlantic Station

201 17th Street, NW,  Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)
*Counsel for Fleetwood Enterprises, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been electronically filed this date and delivered to all counsel of record by notice of electronic filing by the court, by depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this 13th day of November, 2009, at their last known address of record.

*/s/ Amanda W. Vonderhaar*