UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | ) | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | ) | SECTION "N" (5) |
| LIABILITY LITIGATION | ) | |
| This applies to all cases | ) | JUDGE ENGELHARDT |
| | ) | MAGISTRATE CHASEZ |

**KEYSTONE RV COMPANY'S REPORT CONCERNING
BELLWETHER TRIAL CANDIDATES**

Defendant Keystone RV Company ("Keystone") submits this supplement to its original bellwether report.[1] PLC has proposed John Edinburgh as its candidate, and has objected to each of the candidates proposed by Keystone and CH2M HILL (Jonah Stevenson, David McGraw, Kenneth Risch, and Paul Lastrapes).

Of the potential bellwether candidates, Edinburgh, McGraw and Risch have provided certification forms.[2] Stevenson and Lastrapes refused to provide certifications. In addition, plaintiffs have withdrawn their opposition to Mr.

---

[1] Rec. Doc. No. 6527.

[2] By order, the Court required that any potential bellwether candidates sign a certification form indicating their willingness to serve as a bellwether plaintiff.

McGraw as a bellwether candidate and have withdrawn their opposition to Kenneth Risch if the defendants agree to a summary jury trial.

Jonah Stevenson refused to sign a certification because he is unemployed and lives outside Louisiana, in Dallas, Texas. Plaintiffs didn't provide any additional explanation about why he would not serve as a bellwether.

The PLC explained that plaintiff Paul Lastrapes also works out of state. According to the statement filed in the record, Mr. Lastrapes' schedule is too unpredictable to serve as a bellwether for the July 2010 trial, but he can sufficiently predict his schedule to "be available as a trial plaintiff in the appropriate scheduling of trials following remand."[3] This statement is puzzling.

Neither Stevenson nor Lastrapes have provided sufficient explanations for why they refuse to serve as bellwethers. Stevenson is currently unemployed and could easily serve as a bellwether candidate. Plaintiffs indicated that he "is unable to return from Dallas because he is currently looking for employment in that area."[4] Keystone hasn't suggested that Mr. Stevenson should move back to New Orleans to serve as a bellwether. Other than trial itself, Stevenson wouldn't be required to spend any significant amount of time in New Orleans. Lastrapes refusal to sign his certification is also unpersuasive and it is unclear why he apparently can serve as a plaintiff in a regular trial, but not in a bellwether trial.

---

[3] Rec. Doc. No. 6530, p. 2.

[4] *Id.*

Keystone believes that both Stevenson and Lastrapes should be available to serve and would be good bellwether candidates for all the reasons previously provided. But, Keystone is concerned that neither individual will actually serve if selected by the Court. Consequently, Keystone urges the Court to select one of the two other proposed defense candidates—David McGraw or Kenneth Risch because they have both signed certification forms. Keystone also urges the Court to reject Mr. Edinburgh as a bellwether.

**Kenneth Risch**

Plaintiffs argued that Mr. Risch isn't a good bellwether candidate because he lived in another travel trailer *before* he moved into his FEMA trailer, and then lived in a mobile home *after* he moved out of the FEMA trailer.[5] This should not disqualify Mr. Risch for several reasons.

First, Mr. Risch no longer owns his pre-storm travel trailer and does not know who manufactured the unit.[6] According to plaintiffs' counsel, Risch has not sued the manufacturer of the other unit. In addition, they have given no indication that Risch suffered injuries from living in that travel trailer or that he plans to sue the manufacturer. Likewise, they have not indicated that he intends to sue the manufacturer of the mobile home in which he currently lives. Thus, this is not a situation where the parties will be faced with multiple manufacturer defendants in the same lawsuit.

---

[5] *Id.*

[6] Plaintiffs' counsel provided this information in a November 11, 2009 email.

Second, Mr. Risch's situation is similar to plaintiffs who lived in other locations (such as mobile homes or conventional homes) for a period of time before or after living in their FEMA trailer. According to many plaintiff fact sheets, a high percentage of plaintiffs waited a period of months before moving into their trailers. Obviously, plaintiffs moved into other housing after leaving their FEMA trailers. Thus, Mr. Risch's situation is representative of many plaintiffs in the potential pool.

Third, Mr. Risch should not be disqualified because the defendants may seek to apportion fault based on the other locations where Mr. Risch lived. Mr. Risch apparently has no present plan to sue the manufacturers of his other housing, and thus, the parties will not be confronted with multiple defendants in the same lawsuit.

Fourth, plaintiffs' counsel agreed to withdraw its objection to Mr. Risch on the condition that the defendants agree to a summary jury trial.[7] Plaintiffs provided no explanation about this condition, or how it has any bearing on the bellwether-selection process. The fact is that Risch signed his certification and indicated his willingness and ability to go to trial. Therefore, he should be prepared to participate in a full-blown trial in July 2010.

**David McGraw**

The plaintiffs objected to Mr. McGraw on the grounds that he "resided in another FEMA-provided unit for approximately one month prior to the arrival of his

---

[7] Plaintiffs' counsel withdrew their objections in a November 11, 2009 email to the Court and counsel.

Keystone unit."[8] This is the only objection plaintiffs' offer to Mr. McGraw. Plaintiffs did not provide any information about the manufacturer of the other FEMA unit.

Apparently, this "other" FEMA unit was issued to McGraw's sister and he lived there for a short period of time before moving into his Keystone unit. The PLC confirmed that Mr. McGraw is <u>not</u> making a claim based on exposure during that one month period of time, but based on his alleged exposure to formaldehyde in his FEMA unit manufactured by Keystone.[9]

McGraw should not be disqualified because he lived in another unit for a single month. He is not making a claim based on exposure during that one-month period of time. In addition, McGraw's situation is no different from the hundreds, if not thousands, of other plaintiffs who spent time in other FEMA units before they moved into their own FEMA units. For example, it is likely that many plaintiffs stayed with relatives or friends in other FEMA units for short periods of time before moving into their own units, or even while they lived in their own units. Consequently, Mr. McGraw's claims are representative of many of the other individuals in the potential pool of plaintiffs, and the Court should select him as a bellwether.

---

[8] Rec. Doc. No. 6530, p. 3.

[9] Plaintiffs' counsel confirmed this in an email on November 11, 2009. They also indicated that Mr. McGraw has not made a claim against the manufacturer of his sister's trailer, and has no present plan to do so.

In addition, it is important to note that plaintiffs have withdrawn their opposition to Mr. McGraw as a bellwether defendant and he signed his certification.

<div style="margin-left: 3em;">

Respectfully submitted,

*s/Ryan E. Johnson*
_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
Jones, Walker, Waechter, Poitevent,
   Carrère & Denègre, L.L.P.
8555 United Plaza Blvd., 5th floor
Building Four
Baton Rouge, LA  70809
Telephone: (225) 248-2000
Facsimile:  (225) 248-3080

-and-

Madeleine Fischer (La. Bar No. 5575)
Nan Roberts Eitel (La. Bar No. 19910)
Jones, Walker, Waechter, Poitevent,
   Carrère & Denègre, L.L.P.
201 St. Charles Avenue, 49th floor
New Orleans, LA   70170
Telephone:  (504) 582-8000
Facsimile:  (504) 589-8208

*Attorneys for Defendant Keystone RV Company*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system. Notice of this filing will be sent to all known counsel by operation of the court's electronic filing system.

Baton Rouge, Louisiana, this 13th day of November, 2009.

*s/Ryan E. Johnson*
_____
Ryan E. Johnson