UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | | |
|---|---|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * | | MDL NO. 1873 SECTION: N(5) |
| This Document Relates to: *Dubuclet v. Fleetwood Enterprises, Inc., et al.* Case No. 07-9228 | | * * * | | JUDGE: ENGELHARDT MAG: CHASEZ |

*****************************************************************************

# FLEETWOOD ENTERPRISES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO LIMIT THE TESTIMONY OF ROBERT C. JAMES, PH.D.

**May It Please The Court:**

Through undersigned counsel, comes Defendant Fleetwood Enterprises, Inc. ("Fleetwood") who respectfully submits this memorandum in opposition to Plaintiff's Motion to Limit the Testimony of Robert C. James, Ph.D. ("Plaintiff's Motion to Limit") (Rec. Doc. 6651), and in support thereof would demonstrate unto the Court as follows:

## I.  INTRODUCTION

Plaintiff Timia Dubuclet brings this motion to limit the testimony of Fleetwood's expert, Robert C. James, Ph.D. on the misplaced ground that Dr. James' knowledge does not extend to the effects of formaldehyde and eczema. As explained more fully below, this allegation is without any basis and Plaintiff's Motion to Limit must be denied.

## II.  DAUBERT STANDARD OF REVIEW

Federal Rule of Evidence 702 permits a witness who, through his expertise, has the knowledge, skill, experience, training or education to offer scientific, technical, or other specialized knowledge to testify regarding that knowledge if it will assist the trier of fact to

understand the evidence or to determine a fact in issue. Once the expert is deemed qualified, his testimony is admissible if it is based upon sufficient facts or data, it is the product of reliable principles and methods, and the witness has applied the principles and methods reliably to the facts of the case.[1]  As this Court has recognized, "The United States Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals* provides the analytical framework for determining whether expert testimony is admissible under Rule 702."[2]  The reliability inquiry is flexible, and several nonexclusive factors may be considered, including: (1) whether the technique has been tested, (2) whether the technique has been subjected to peer review and publication, (3) the potential error rate, and (4) whether the technique is generally accepted in the relevant scientific community.[3]  It is important to note that the trial court's role as gatekeeper is *not* intended to serve as a replacement for the adversary system.[4] Rather, as *Daubert* makes clear, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate methods to attack potentially shaky but admissible evidence."[5]

---

[1] Fed. R. Ev.  *Id.* 702.
[2] Order dated July 15, 2009, at 3 (Rec. Doc. 2181) (citing *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243 (5th Cir. 2002)).
[3] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 593-94 (1993) (discussing the four nonexclusive factors); Order dated July 15, 2009 at 4 (Rec Doc. 2181) (citing *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004).
[4] *Pipitone*, 288 F.3d at 250.
[5] *Daubert.*, 509 U.S. at 595.

### III.  ARGUMENT

**PLAINTIFF'S MOTION TO LIMIT THE TESTIMONY OF DR. JAMES SHOULD BE DENIED BECAUSE DR. JAMES NOT ONLY IS WELL QUALIFIED TO RENDER GENERAL CAUSATION OPINIONS ON THE EFFECT OF GASEOUS FORMALDEHYDE ON THE SKIN, BUT HE HAS STATED THAT OPINION CLEARLY IN HIS AUGUST REPORT AND HAS BEEN EXAMINED THOROUGHLY ON THE ISSUE IN HIS OCTOBER 20, 2009 DEPOSITION.**

Plaintiff's memorandum (Rec. Doc. 6651-2) suggests that Dr. James' knowledge does not extend to the effects of formaldehyde and eczema and, accordingly, he should be limited from offering a general causation on the subject.  Dr. James is known to this Court as he was the first witness called by Gulf Stream in the *Alexander* trial.  During the summer of 2009, Dr. James was engaged by the United States to review his opinion in the *Alexander* case, review the medical records of Timia Dubuclet, and determine whether or not the review of the medicals would alter or modify any of the opinions he had previously rendered in the *Alexander* case.  (James Affidavit, Exhibit A, ¶ 2).  During the analysis and the preparation for his report in the *Alexander* case, Dr. James conducted a review of the world's literature looking at acute symptomology that had been studied.  (*Id*. at ¶ 3).  The world's medical literature makes only passing reference to formaldehyde gas and skin irritation.  (*Id.*)

In Section 5.2 of his August *Dubuclet* report (Exhibit B), Dr. James reviewed a number of chamber studies performed on individuals in order to determine the levels at which formaldehyde was found to irritate volunteers engaged in those studies.  (*Id. at ¶* 4).  Skin patch testing for formaldehyde was performed in only one study and a challenge at a 2% formaldehyde solution failed to produce any allergic response.  (*Id. at ¶* 4).  This study is consistent with the

generally held view of toxicologist that formaldehyde in gaseous state is non-irritative to the skin. (*Id. at ¶ 5*). Although other chamber studies did not report complaints related to skin irritation, had the subjects who were reporting on irritation in general have had a skin irritation, the authors likely would have recorded those complaints in their papers. (*Id. at ¶ 6*).

      At page 65 of his report, Dr. James in fact does address the issue that plaintiff here claims he should not be permitted to address, *i.e.,* does gaseous formaldehyde irritate the skin. Indeed, that is the very issue in this case. As the Court well knows, Plaintiffs are not complaining or contending that Timia Dubuclet's skin condition was caused by formaldehyde. They only contend that her skin was irritated by formaldehyde. At page 65 of his August report, Dr. James clearly states: "I further note that the ATSDR (1999) has stated that none of the volunteer studies they reviewed reported skin irritation in response to vapor concentrations as high as 3.0 ppm."  Plainly as a toxicologist, Dr. James is entitled to render this general causation opinion, that is, that formaldehyde case at concentrations as high as 3.0 ppm is non- irritative to human skin.

      But the fact that Dr. James is well qualified to render his opinion does not stop here. Subsequent to his rendering his August report, Dr. James was asked to review the three papers principally being relied upon by Dr. Patricia Williams with respect to her misplaced general causation opinion that formaldehyde gas causes or exacerbates underlying dermatitis (eczema). One of the three papers principally relied upon by Dr. Williams was the Eberling-Koenig paper. In fact, this paper is discussed on page 69 of the ATSDR profile for formaldehyde, a document that Dr. James had reviewed and cited in his report. (*Id. at ¶ 8*). Although Dr. James had not reviewed the other two papers being relied upon by Dr. Williams, he did review them in order to

4

determine whether they would alter or change in any way his opinion that formaldehyde vapor in concentrations as high as 3.0 ppm did not act as a skin irritant/sensitizer. (*Id. at ¶* 8). Having reviewed those articles in detail, Dr. James concluded that those papers did not alter or affect the opinions expressly stated in his report. (*Id. at ¶* ).

Although Dr. James' opinions on these three papers are not expressly reported in his August report, they were fully ventilated in almost 30 pages of cross-examination at his deposition taken October 20, 2009. (*Id. at ¶* 9). Although counsel was careful to note his objection to the opinion, the fact remains that on October 20, Dr. James discussed in detail all of the opinions that he held with respect to each of the three papers. A review of those pages of cross-examination demonstrates precisely why he is more than well qualified to render opinions about these papers if he were asked at trial. For the Court's convenience that portion of his deposition testimony is attached at Exhibit C.

As Dr. James indicated in his deposition, these three papers do not provide evidence sufficient to reach a general causation conclusion regarding gaseous formaldehyde exposure and dermatitis/eczema. This conclusion is consistent with the principles for establishing general causation that were expressly discussed at the beginning of his August 2009 report. (*Id. at ¶* 10).

### IV. CONCLUSION

For all of these reasons, therefore, it is manifest that Dr. James, a research scientist and consulting toxicologist with more than 30 years of experience is more than well qualified to render the opinion on the skin irritant effects of formaldehyde in aerosolized state. For all of these reasons, therefore, Plaintiff's motion to limit the testimony of Dr. James should be denied.

This 13th day of November 2009.

          Respectfully submitted:

          */s/ Richard K. Hines, V*
          Richard K. Hines, V
          GA Bar No. 356300
          NELSON MULLINS RILEY & SCARBOROUGH, LLP
          Atlantic Station
          201 17th Street, NW, Suite 1700
          Atlanta, GA  30363
          (404) 322-6000 (phone)
          (404) 322-6050 (fax)

          Jerry L. Saporito
          LA Bar No. 11717
          LEAKE & ANDERSSON, L.L.P.
          1700 Energy Centre
          1100 Poydras St.
          New Orleans, LA 70163-1701
          (504) 585-7500 (phone)
          (504) 585- 7775 (fax)

          Counsel for Fleetwood Enterprises, Inc.

## **C E R T I F I C A T E OF SERVICE**

      I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )    Hand Delivery               ( )    Prepaid U.S. Mail

( )    Facsimile                     ( )    Federal Express

(X)    CM/ECF

      New Orleans, Louisiana, this 13th day of November 2009.

                                      */s/ Richard K. Hines, V*
                                      Richard K. Hines, V
                                      Georgia Bar No. 356300
                                      richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)