UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * * * * * * * * | MDL NO. 1873 SECTION "N" (5) JUDGE ENGELHARDT MAGISTRATE CHASEZ |
| THIS DOCUMENT IS RELATED TO | | | |
| *Dubuclet v. Fleetwood Enterprises, Inc.* | | | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S RESPONSE TO DEFENDANT FLEETWOOD ENTERPRISES, INC.'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF PLAINTIFF'S EXPERT CHARLES DAVID MOORE, PE, PLS**

**MAY IT PLEASE THE COURT:**

Plaintiff Timia Dubuclet ("Dubuclet" or "Plaintiff") respectfully submits the following Response to Defendant Fleetwood Enterprises, Inc.'s ("FEI") Motion in Limine to Exclude Testimony of Plaintiff's Expert Charles David Moore, PE, PLS. (Docket Entry No.6657).

**I.  STANDARD OF ADMISSIBILITY FOR EXPERT TESTIMONY.**

FEI seeks to exclude the expert testimony of Charles David Moore ("Moore"). As will be discussed *infra*, Moore is more than qualified to render the opinions he has offered, the science supporting his opinions is sound, and his opinions are reliable.

The admission of expert testimony in federal court is government by Federal Rule of Evidence 702, which provides:

> "If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to

1

> determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."

FED. R. EVID. 702. Pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), a Rule 702 determination is a question of law for the district court that imposes a special obligation on the trial judge. *Id.* at 579, 592. This special obligation requires that the trial judge act as a gatekeeper to assess "whether the reasoning or methodology underlying the testimony is scientifically valid and whether that reasoning or methodology properly can be applied to the facts in issue." *Id.* at 583-84.

Under a Rule 702 inquiry, the first step is to determine whether the expert is qualified to testify. *Paoli R.R. Yard PCB Litigation*, 35 F.3d 717, 741 (3d Cir. 1994). The United States Supreme Court in *Daubert* emphasized that the Rule 702 inquiry was "a flexible one" where the individual factors are neither exclusive nor dispositive. *Daubert*, 509 U.S. at 594-595. As such, this Court essentially considers whether the expert retains a broad range of knowledge, skills and training. *Id.*

The second step of the Rule 702 inquiry requires the expert testimony to be reliably based upon scientific methods. *Paoli*, 35 F.3d at 742. "*Daubert* explains that the language of Rule 702 requiring the expert to testify to scientific knowledge means that the expert's opinion must be based on the 'methods and procedures of science' rather than on 'subjective belief or unsupported speculation'; the expert must have 'good grounds' for his or her belief." *Id.* (citing *Daubert*, 509 U.S. at 590). Although not inclusive, these following concepts have been articulated as factors to guide the Court's

assessment of reliability: (1) whether the theory or technique can be tested, (2) whether the theory or technique has been subjected to peer review, (3) whether there is a high rate of known or potential error, (4) whether there are standards controlling the technique's operation, and (5) whether the theory enjoys "general acceptance". *Daubert*, 509 U.S. at 593-94; *see also Moore v. Ashland Chemical Inc.*, 151 F.3d 269, 275-76 (5th Cir. 1998). Moreover, expert testimony should be admitted "if there are 'good grounds' for the expert's conclusion." *Heller v. Shaw*, 167 F.3d 146, 152-53 (3d Cir. 1999).

Moore is not only qualified to provide his opinions, but his opinions are indeed reliable — not result oriented — and provide information that will undoubtedly assist the trier of fact in developing a reasoned decision. In a faulty attempt to exclude Moore's testimony, FEI embarks on a crusade to misconstrue Moore's representations and twist his and other's statements to support their illogical conclusions that his testimony is purely speculative and not based on facts.

**II.    MOORE IS QUALIFIED TO TESTIFY.**

The first step in a Rule 702 inquiry is determine whether the expert is qualified. As discussed below, Moore is clearly qualified by knowledge skill, experience, training and education to offer the testimony he presents in this case. Furthermore, FEI does not even attempt to refute Moore's qualifications.

Moore holds a degree in civil engineering from the University of Kentucky, he is a professional licensed engineer in the State of Louisiana, and he is the owner of the civil engineering firm Freyou Moore and Associates in New Iberia, Louisiana. *See* **Exhibit A**, Deposition of Charles David Moore at 14-15, 19; *see also* **Exhibit B**, CV of Charles

David Moore.  Moore is extremely experienced in different aspects of civil engineering, and has even designed travel trailer parks. *See* **Exhibit A**, Deposition of Charles David Moore at 17-25.

Thus, Moore is unquestionably qualified by knowledge, skill, experience, training, and education to offer the testimony he presents in this case. *See* FED. R. EVID. 702. Again, FEI does not contest the fact that Moore is qualified to render the expert opinions he has put forth in this case anywhere in its Motion to Exclude Expert Testimony of Charles David Moore, PE, PLS, and is not at issue.

### III.     MOORE'S TESTIMONY IS RELIABLE.

Under *Daubert* and its progeny, Moore's methodology is reliable and bears numerous hallmarks of reliability. *See Ancar v. Murphy Oil, U.S.A., Inc.*, 2007 WL 3270763, *2 (E.D. La. Nov. 2, 2007); *In re Katrina Canal Breaches Consol. Litigation*, 2007 WL 3245438, *12 (E.D. La. Nov. 2, 2007).  Moore used framing drawings from Fleetwood Recreational Vehicle Group, floor plans, elevations, mechanical and electrical plans, photographs of the unit, the Fleetwood Enterprises, Inc. 2006 owner's manual for the Pioneer travel trailers and fifth wheels, Exhibit 7 of the IA/TAC which was supposed to be used by Defendant Fluor Enterprises, Inc to install the trailer, engineering reference manuals including "The Manual of Steel Construction" from the American Institute of Steel Construction, "The Timber Construction Manual" from the American Institute of Timber Construction, "ASCE 7-05 – Minimum Design Loads for Buildings and Other Structures, and HUD document excerpts.  *See* **Rec.Doc. 6657-3** which is **Exhibit A** to Defendant Fleetwood Enterprises, Inc.'s Memorandum of Law in Support of Motion in Limine to Exclude Testimony of Plaintiff's Expert Charles David

Moore, PE, PLS, Expert Report of Charles David Moore at 4, *see also* **Exhibit A**, Deposition of Charles David Moore at 89-92, 50-54. These indicia of reliability are sufficient to satisfy the standards set forth in both *Daubert* and *Ancar. See Daubert*, 509 U.S. at 589, 593-95; *Ancar*, 2007 WL 3270763 at *2. Furthermore, FEI does not contest the methodology used by Moore anywhere in its Motion in Limine to Exclude Testimony of Plaintiff's Expert Charles David Moore, PE, PLS, and so the methodology used is not at issue.

Furthermore, Moore's opinions have developed naturally and directly from his previous research and projects. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150-51 (1999). Moore has participated in engineering trailer parks, and has professional engineering experience regarding jacking procedures that render his expert opinions in this case reliable. *See* **Exhibit A**, Deposition of Charles David Moore at 18, 25, 158-59. The opinions Moore provides relating to the general causation of structure damage as a result of improper jacking are based naturally and directly from his years and years of experience as a civil engineer, and Moore's adequate experience from which he derives his opinions are also not in dispute, as FEI does not contest this issue in its Motion to Exclude Expert Testimony of Charles David Moore, PE, PLS.

### A.   Moore's Opinions Have Evidentiary Support.

FEI's sole argument in its Motion in Limine to Exclude Testimony of Plaintiff's Expert Charles David Moore, PE, PLS is that Moore's opinions are purely speculative, not based on fact, and are directly contradicted by undisputed facts on the record in this case. *See* Defendant Fleetwood Enterprises, Inc.'s Motion in Limine to Exclude the

Testimony of Plaintiff's Expert Charles David Moore, PE, PLS at 1 (Docket Entry No. 6657).

Moore states that "considering the use of this trailer for long term residential occupancy, the trailer appears to be inadequate in construction." *See* **Rec.Doc. 6657-3** at 8. Moore explains that the structural frame of the unit is not designed for full residential loads as required by standard load requirements for residential housing, and that the longer a family resides in the unit the more likely it is that there are heavier loads in the unit. *Id.* Moore also explains how deflections in the frame of the trailer at issue due to wall, ceiling and floor elements being supported by wood members smaller than those used foe residential housing can effect the performance of air and water resistant joints . *Id.* at 9. Moore goes on to explain how the lighter structural members of the walls, ceiling/roof and floors, which had to endure storms with high winds and rains, "cannot perform like normal residential construction by providing a rigid envelope of protection from the wind and rain." *Id.*

Moore conducted an on-site investigation of the travel trailer on July 8, 2009 where he inspected the structural, mechanical and electrical aspects of the trailer. *Id.* at 4. FEI complains about how "Moore did not even undertake to perform an inspection of the structural members" f the unit. **Rec.Doc. 6657-2** at 4. This argument is misleading in that Moore did not perform an inspection of the structural members because he was not allowed to based on the testing protocol. The fact that Moore did not "undertake" that type of inspection was not his choice to make.

Moore performed Load Computation Analysis whereby he used, *inter alia*, the manufacturer listed maximum permissible weight of the vehicle when fully loaded, the

6

allowable weight which can be safely supported by an axle, photographs, and various technical guidelines, standards and manuals. *See* **Rec.Doc. 6657-3** at 5-8. *See also* **Exhibit A**, Deposition of Charles David Moore at 65-69, 89-96. *See also supra* at Section **III** of this Response. Moore testified that he did observe damage to the travel trailer that indicated it did not perform adequately as intended. There were seals around the exterior of the unit that were either broken or cracked, sunlight was visible through the flap seal at the slide-out, and a spongy weak floor in the area in front of the doorway. *Id.* at 102-103.

Moore went to great lengths using his vast engineering expertise, many resources, and facts to opine that the travel trailer "structure cannot perform to normal air and water resistance under these types of loading." *See* **Rec.Doc. 6657-3** at 9. Moore's opinions and testimony are not speculative and are based on fact. This Honorable Court allowed Moore to render similar expert testimony in the *Alexander* bellwether trial. *See* **Rec.Doc. 3181**.

## CONCLUSION

Moore is a qualified expert. His many years of experience, training, skill and knowledge warrant that he be allowed to provide an opinion in this matter, and his qualifications are not even contested by FEI. His opinions are reliable as based on sound methodology. FEI's <u>sole reason</u> for seeking to exclude Moore, that there is no factual basis for him to provide the opinions sought to be excluded, is unpersuasive, invalid, and quite transparently disingenuous. Moore has provided ample support and material in which to rely upon, and FEI has failed to present any cogent argument to say

7

otherwise. Thus, under *Daubert*, this Court, acting as gatekeeper, should allow the testimony of Moore to proceed.

## PRAYER

WHEREFORE, Plaintiff Timia Dubuclet respectfully requests that the Court deny Defendant Fleetwood Enterprises, Inc.'s Motion in Limine to Exclude Testimony of Plaintiff's Expert Charles David Moore, PE, PLS and for such other relief to which she is entitled.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:    504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:    504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
DENNIS REICH, Texas #16739600

**CERTIFICATE OF SERVICE**

    I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing on November 13, 2009.

    s/Gerald E. Meunier
    GERALD E. MEUNIER, #9471