UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * MDL NO. 1873 * * SECTION "N" (5) * * JUDGE ENGELHARDT * MAGISTRATE CHASEZ |
| THIS DOCUMENT IS RELATED TO | | * * |
| *Aldridge, et al v. Gulf Stream Coach Inc., et al*, Docket No. 07-9228; Elisha Dubuclet, individually and on behalf of Timia Dubuclet | | * * * * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S RESPONSE TO DEFENDANT FLEETWOOD ENTERPRISES, INC.'S MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY OF PAUL HEWETT, PH.D., CIH**

Plaintiff Elisha Dubuclet, individually and on behalf of Timia Dubuclet, ("Ms. Dubuclet" or "Plaintiff") respectfully submits the following Response to Defendant Fleetwood Enterprises, Inc.'s Motion *in limine* to Exclude the Testimony of Paul Hewett, Ph.D., CIH and hereto states:

### INTRODUCTION

Plaintiff has designated Paul H. Hewett for his expertise in statistical analysis. Dr. Hewett performed such statistical analyses the dataset of formaldehyde measurements from the Gulf Stream Coach FEMA trailers. *See* Exhibit A, Affidavit of Paul Hewett, Ph.D, CIH p. 2. The data, consisting of 1,191 separate exposure measurements, was the results of formaldehyde testing conducted on FEMA trailers by various entities. The testing entities for which the data is publicly available include the Sierra Club, the Centers for Disease Control (CDC), and the Texas Parks & Wildlife

1

Department. From this dataset, Dr. Hewett has drawn numerous conclusions that Fleetwood Enterprises, Inc. ("Defendant") has not taken issue with respect to *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 593-94 (1993). Rec. Doc. 6644-2, p. 1. Defendant takes issue with only Dr. Hewett's conclusion regarding the formaldehyde decay coefficient. Although this Court previously ruled that Dr. Hewett was prohibited from rendering such a conclusion, Rec. Doc. 3092, because Dr. Hewett (1) provides support for his conclusion and (2) such support is within evidence, Dr. Hewett should be allowed to incorporate the formaldehyde decay coefficient into his opinion.

### STANDARD OF ADMISSIBILITY.

An expert must "by knowledge, skill, experience, training, or education" provide "scientific, technical, or other specialized knowledge that will assist the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702; *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 508 U.S. 579, 589-91 (1993). Prior to accepting the testimony of an expert witness, trial courts are charged with a "gatekeeper" function requiring a determination of whether an expert is sufficiently qualified and whether their opinion is based upon sound, reliable theory. *Daubert*,509 U.S. at 589-91 (1993). As such, "[p]roposed testimony must be supported by appropriate validation–*i.e.*, good grounds." *Id.* at 590 (internal quotations omitted). The court's role as gatekeeper, however, should not replace the adversary system. *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 250 (5th Cir. 2002). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, H509 U.S. at 595.

**I.    DR. HEWETT'S OPINION REGARDING FORMALDEHYDE DECAY**

2

**COEFFICIENT IS RELIABLE.**

As noted *supra*, although this Court previously excluded Dr. Hewett's opinion regarding the decrease of formaldehyde over the lifespan of the trailer, such opinion should not be precluded in the instant case as "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." FED. R. EVID. 702.

In his Affidavit, Dr. Hewett renders the following conclusion:

> The data collected by DeVany Industrial Consultants in July and August of 2008 from unoccupied THU's were considered the most appropriate for addressing this question. The THU's were all unoccupied or never occupied and presumably were subject to roughly identical temperatures and relative humidity, and stored in similar locations. Therefore, it could be assumed that any differences in formaldehyde levels would be related more to the age of the trailers than any other factor. These data were extracted and plotted by year of THU manufacture. Figure 15, where the data were plotted in relation to age of the THU, does not suggest that older THU's tend to have lower formaldehyde levels.

Exhibit A, p. 8. As noted by Defendant, Dr. Hewett mistakenly testified during his *Alexander* deposition that such a determination required a "common-sense" methodology. Rec. Doc. 6644-2, p.2. However, as Dr. Hewett pointed out during his trial testimony, as a first time expert, Dr. Hewett "is learning to moderate [his] phraseology." Exhibit B, Trial Testimony of Paul Hewett, Ph.D., NIF in *Alexander, et al, v. Gulf Stream, Inc., et al.*, September 18, 2009, p. 256, l. 24-25. Furthermore, Dr. Hewett has provided the necessary support for such conclusion. Subsequent his opinion regarding the formaldehyde decay coefficient, Dr. Hewett provides the basis for his conclusion stating "a decline in levels with the age of the trailer is the expected result, based upon past studies (CDC, 2008). This phenomenon was observed in an earlier

3

analysis of the Gulf Stream Coach, Inc. dataset (Hewett, 2009) and was discussed by the CDC (2008; page 13)." Exhibit A, p. 8. Showing further support, Dr. Hewett directly quotes from the CDC, "[t]hese measured level probably underrepresent [sic] occupant exposures in the early months of occupation and even the average exposure over time the trailers were occupied because formaldehyde levels tend to be higher in newly constructed trailers and during warm weather." Exhibit A, p. 8 (citing the July 2, 2008 Final Report by the Center for Disease Control and Prevention). It should also be noted that the CDC Report in which Hewett bases his opinion was admitted Exhibit No. 147 during the *Alexander* trial and is a proposed trial exhibit in the instant case. Accordingly, per Rule 703, an expert may rely on admissible or inadmissible evidence in developing his opinion, and thus Dr. Hewett should be allowed to discuss his opinion with respect to the CDC's findings. FED. EVID. R. 703,

As such, because Dr. Hewett's conclusions regarding the formaldehyde decay coefficient are reliable and supported by sound evidence that has been admitted to the Court, Dr. Hewett should not be precluded from testifying regarding such.

Respectfully submits:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:    504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**

4

Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
DENNIS REICH, Texas #16739600
ROBERT M. BECNEL, #14072

**CERTIFICATE OF SERVICE**

    I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing on November 13, 2009.

    s/Gerald E. Meunier
    GERALD E. MEUNIER, #9471

5