UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE<br>PRODUCTS LIABILITY LITIGATION | MDL NO. 07-1873 |
| | SECTION N(5) |
| | JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO:<br>ALL CASES | MAGISTRATE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**CH2M HILL CONSTRUCTORS, INC.'S
SUPPLEMENTAL REPORT
<u>REGARDING BELLWETHER TRIAL CANDIDATES</u>**

**NOW INTO COURT,** through undersigned counsel, comes defendant CH2M HILL Constructors, Inc. ("CH2M HILL"), which submits this supplemental report to its original nominations and objections[1] regarding the bellwether trial plaintiff candidates for the July 19, 2010 trial involving Keystone RV Company ("Keystone"), CH2M HILL, and the United States of America.

A.   **David L. McGraw**

CH2M HILL has nominated **David L. McGraw**. The Plaintiffs' Steering Committee ("PSC") has withdrawn its objection to Mr. McGraw as a bellwether candidate and has informed this Court that the PSC is prepared to try Mr. McGraw's case against Keystone, CH2M HILL and the United States in a full bellwether trial.[2] Mr. McGraw has signed a Certification

---

[1]   CH2M HILL's Nomination and Objections Regarding Bellwether Candidates [Rec. Doc. 6529].

[2]   *See* E-mail from Gerald E. Meunier, Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC, to Amanda Ballay, Law Clerk to Judge Kurt D. Engelhardt (Nov. 11, 2009), a copy of which is attached as Exhibit "1."

1

confirming that he is ready, willing, and able to participate in the July 2010 bellwether trial.[3] Keystone has also submitted Mr. McGraw as one of its proposed bellwether candidates.[4] Mr. McGraw is acceptable to the United States.[5] Accordingly, Mr. McGraw is the only unopposed bellwether candidate for the full bellwether trial. For the reasons set forth in CH2M HILL's original Nomination and Objections Regarding Bellwether Candidates[6] and in Keystone's original Report and Supplemental Report Concerning Bellwether Trial Candidates,[7] CH2M HILL respectfully urges that Mr. McGraw would be an appropriate and representative bellwether trial plaintiff.[8]

**B.     Kenneth Risch**

Alternatively, in the event this Court is not inclined to select Mr. McGraw as the bellwether trial plaintiff, CH2M HILL agrees with Keystone's Supplemental Report that this

---

[3]     A copy of Mr. McGraw's Certification that he is available for the bellwether trial is attached as Exhibit "1" to CH2M HILL's original Nomination and Objections Regarding Bellwether Candidates [Rec. Doc. 6529].

[4]     *See* Keystone's original and Supplemental Report Concerning Bellwether Trial Candidates [Rec. Docs. 6527 and 7159].

[5]     *See* The United States' Objections and Arguments Regarding the Selection of the Keystone Bellwether Trial Plaintiff [Rec. Doc. 6531].

[6]     Rec. Doc. 6529.

[7]     Rec. Docs. 6527 and 7159.

[8]     Before withdrawing its objection, the PSC maintained (as its only grounds for objection) that Mr. McGraw previously resided in another FEMA trailer issued to his sister for "approximately one month" before the arrival of the Keystone unit, which is actually contrary to Mr. McGraw's signed and sworn plaintiff fact sheet. Nonetheless, the fact that Mr. McGraw may have lived in another unit for less than a month is insufficiently significant to disqualify him as a bellwether candidate. The PSC has confirmed that Mr. McGraw has not asserted a claim against the manufacturer of the other FEMA trailer in which Mr. McGraw lived, and has no present plan to do so. Furthermore, Mr. McGraw is not making a claim based on exposure during that one-month period of time in the other unit. As a result, the bellwether trial would not involve Mr. McGraw's claims against two different manufacturer defendants. Finally, as pointed out in Keystone's Supplemental Report, "McGraw's situation is no different from the hundreds, if not thousands, of other plaintiffs who spent time in other FEMA units before they moved into their own FEMA units. For example, it is likely that many plaintiffs stayed with relatives or friends in other FEMA units for short periods of time before moving into their own units, or even while they lived in their own units. Consequently, Mr. McGraw's claims are representative of many of the other individuals in the potential pool of plaintiffs, and the Court should select him as a bellwether." [Rec. Doc. 7159, at 5.]

Court should select **Kenneth Risch**. Mr. Risch is acceptable to the United States.[9] Like Mr. McGraw, Mr. Risch has signed a Certification confirming that he is ready, willing, and able to participate in the July 2010 bellwether trial.[10] Also like Mr. McGraw, the PSC has withdrawn its objection to Mr. Risch as a bellwether candidate – although it conditioned its withdrawal of objection to Mr. Risch upon defendants' agreement to a summary jury trial.[11] The PSC provided no explanation regarding how this condition is relevant to the bellwether selection process or why it placed this condition on Mr. Risch, but not Mr. McGraw – which is particularly curious when Mr. Risch's and Mr. McGraw's circumstances are similar.[12]

For the reasons set forth in Keystone's original Report and Supplemental Report Concerning Bellwether Trial Candidates,[13] CH2M HILL respectfully urges that if Mr. McGraw is not selected, Mr. Risch would be an appropriate and representative bellwether trial plaintiff.[14]

---

[9] *See* The United States' Objections and Arguments Regarding the Selection of the Keystone Bellwether Trial Plaintiff [Rec. Doc. 6531].

[10] A copy of Mr. Risch's Certification that he is available for the bellwether trial is attached as Exhibit "3" to Keystone's original Report Concerning Bellwether Candidates [Rec. Doc. 6527].

[11] *See* E-mail from Gerald E. Meunier, Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC, to Amanda Ballay, Law Clerk to Judge Kurt D. Engelhardt (Nov. 11, 2009) (Exh. "1"). CH2M HILL will not consent to a summary jury trial.

[12] According to the PSC, Mr. Risch lived in another travel trailer before he moved into his Keystone manufactured FEMA trailer, and then moved to a mobile home after he left the FEMA trailer. CH2M HILL understands that Mr. Risch does not allege any injuries arising from living in the pre-storm travel trailer or the mobile home where he lives now, and does not intend to sue either manufacturer. Indeed, Mr. Risch no longer owns the pre-storm travel trailer and does not know the identity of the manufacturer. Thus, as with Mr. McGraw, a bellwether trial involving Mr. Risch would not involve multiple manufacturer defendants. Finally, as set forth in Keystone's Supplemental Report, "Mr. Risch's situation is similar to plaintiffs who lived in other locations (such as mobile homes or conventional homes) for a period of time before or after living in their FEMA trailer. According to many plaintiff fact sheets, a high percentage of plaintiffs waited a period of months before moving into their trailers. Obviously, plaintiffs moved into other housing after leaving their FEMA trailers. Thus, Mr. Risch's situation is representative of many plaintiffs in the potential pool." [Rec. Doc. 7159, at 4.]

[13] Rec. Docs. 6527 and 7159.

[14] The reasons proffered by the PSC for why Paul Lastrapes and Jonah Stevenson refused to submit Certifications to attend the bellwether trial are plainly insufficient. Rather than repeating the reasons for their insufficiency, CH2M HILL adopts the arguments set forth in Keystone's Supplemental Report Concerning Bellwether Trial Candidates [Rec. Doc. 7159, at 1-3]. That said, CH2M HILL shares Keystone's concern that even

## CONCLUSION

Accordingly, CH2M HILL respectfully urges this Court (1) to select **David L. McGraw** as the bellwether trial plaintiff for the Keystone / CH2M HILL / FEMA trial scheduled for July 19, 2010 and (2) to reject plaintiffs' proposed candidate, **John Edinburgh**, inasmuch he would not be an appropriate bellwether plaintiff (for the reasons set forth in the reports previously filed by CH2M HILL, Keystone, and the United States[15]). Alternatively, in the event this Court does not select Mr. McGraw, CH2M HILL agrees with Keystone that this Court should select **Kenneth Risch** as the bellwether trial plaintiff.

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.


 /s/  Gerardo R. Barrios
Danny G. Shaw (Bar No. 11977)
Gerardo R. Barrios (Bar No. 21223)
Wade M. Bass (Bar No. 29081)
Sandra Varnado (Bar No. 30775)
No. 3 Sanctuary Boulevard, Suite 201
Mandeville, LA  70471
Telephone: (985) 819-8400
Facsimile:  (985) 819-8484
dshaw@bakerdonelson.com
gbarrios@bakerdonelson.com
wbass@bakerdonelson.com
svarnado@bakerdonelson.com

**ATTORNEYS FOR
CH2M HILL CONSTRUCTORS, INC.**

---

if the Court selected Messrs. Lastrapes or Stevenson, either would eventually seek to withdraw before the bellwether trial.

[15]     *See* CH2M HILL's Nomination and Objections Regarding Bellwether Candidates [Rec. Doc. 6529, at 4-5]; Keystone's Report Concerning Bellwether Trial Candidates [Rec. Doc. 6527, at 3-6]; The United States' Objections and Arguments Regarding the Selection of the Keystone Bellwether Trial Plaintiff [Rec. Doc. 6531, at 4].

## CERTIFICATE OF SERVICE

I hereby certify that on this the 15th day of November, 2009, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel and counsel of record who are CM/ECF participants.

             /s/ Gerardo R. Barrios
             GERARDO R. BARRIOS