UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * | MDL NO. 1873<br><br>SECTION: N(5) |
| This Document Relates to:<br>*Dubuclet v. Fleetwood Enterprises, Inc.*<br><br>*Case No. 07-9228* | | * * * * * * | JUDGE: ENGELHARDT<br><br>MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF DEFENDANT FLEETWOOD
ENTERPRISES, INC.'S MOTION IN LIMINE TO EXCLUDE EVIDENCE,
TESTIMONY, AND ARGUMENT REGARDING FAMILY MEMBERS' CLAIMS**

Defendant Fleetwood Enterprises, Inc. (hereinafter "Fleetwood"), moves this Court to exclude evidence, testimony and arguments regarding family members' claims.[1] There is only one person's claim that the jury must consider in this case: Timia Dubuclet's. Although three other people in Timia's family have also brought lawsuits in this MDL litigation, their claims are not at issue in this case, and any evidence, testimony, or argument regarding their claims is irrelevant, risks jury confusion, and is unduly prejudicial. Even if Timia's family members had some level of exposure to the same unit, that fact alone does not permit those claims to be admitted into evidence.[2] Not only is each person's medical condition different, but allowing evidence of their claims could unduly prejudice the jury by hearing about multiple claims for one unit.

---

[1] Fleetwood does not seek to exclude one reference to "other family members' claims", agreed to by Fleetwood and included in the parties' Joint Stipulation of Facts, filed November 13, 2009 [Rec. Doc. 7167 ], Para. 23 which states: "Elisha Dubuclet, and her minor son Timothy Dubuclet, Jr. are named as plaintiffs in this litigation. The Court has determined that Timia Dubuclet's case shall be tried separately from their claims."

[2] Fleetwood has also moved to exclude nonparties' medical conditions, including family members' health conditions. Fleetwood incorporates that motion here, but the instant motion also addresses the broader subject of their claims against Fleetwood. This motion also overlaps with the motion *in limine* to exclude evidence of other lawsuits or claims.

**I.     Law and Argument**

Under the Federal Rules of Evidence, only relevant evidence is admissible.[3]  The Court may still exclude such evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.[4]

    **A.     Plaintiff Cannot Meet the Relevance and "Substantial Similarity" Requirement.**

Under Federal Rule of Evidence 402, only relevant evidence is admissible.  When courts examine evidence from similar incidents, such as other lawsuits or claims in this MDL proceeding, the courts recognize that admitting similar incident evidence threatens to raise extraneous controversial issues and be more prejudicial than probative.[5]  In narrow circumstances, evidence of similar incidents may be relevant to prove a defendant had notice of a defect and the ability to correct a known defect.[6]  But in order for similar incident evidence to be admissible, the incident must be "substantially similar to the case at bar."[7]  An incident may be considered "substantially similar" if it is sufficiently similar in time, place, or circumstance.[8]  The proponent bears the burden to show that the facts and circumstances of the other incident are substantially similar to the case at bar.[9]

Here, only Timia's alleged injury and exposure are in dispute.  But Timia's mother, Elisha Dubuclet and brother, also a minor; have also filed claims in this MDL proceeding, and her grandmother Leslie Picot lived in the EHU.  While Fleetwood certainly does not object to them testifying as fact witnesses, their testimony should be limited to issues relevant in this case

---

[3] Fed. Rule Evid. 402 (2009).
[4] Fed. Rule Evid. 403 (2009).
[5] *Olson v. Ford Motor Co.*, 410 F. Supp. 2d 855, 862 (D.N.D. 2006).
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Drabik v. Stanley-Bostitch, Inc.*, 997 F.2d 496, 508 (8th Cir. 1993).

-- namely, Timia's health condition, information about the EHU they resided in, and Timia's own alleged exposure to formaldehyde. But Plaintiff seems to be contemplating offering evidence for symptoms and exposure of the entire family. Their time to present their case to a jury will come; now is not that time.

Plaintiff also appears to be attempting to enter other family members' claims by adding, in her Proposed Fourth Supplemental and Amended Complaint, a claim for "loss of consortium and services due to the harm suffered by immediate family members."[10] Plaintiff has not identified from which "family members" she has lost aid, assistance, companionship, or affection. While Fleetwood has filed a motion for summary judgment on this element of damages, it is more evidence that Plaintiff intends to bring in family members' claims, even if there is no expert testimony to support such claim.

If Plaintiff were to introduce evidence of her family members' claims against Fleetwood, she would have to show that their claims are substantially similar to the one at issue in this litigation. Although the four individuals may have resided in the same Fleetwood unit, their individual exposure to formaldehyde, both in the EHU and in other areas of their lives, would differ. Moreover, given the disparity of the alleged illnesses from formaldehyde,[11] and every individual's unique susceptibilities, "substantial similarity" is a tough burden. Should Plaintiff insist on introducing this tangential evidence, Fleetwood would have no choice but to explore, in depth, the specifics of each family member's claim, including:

- Specifics of exposure to this unit, including length of time in unit;
- Their medical conditions;
- Other causes of the alleged symptoms;
- Other potential exposures;

---

[10] Proposed Fourth Supp. & Amd. Compl. at ¶ 12 (Rec. Doc. 5394-3). This claim is subject to a pending motion for

- Medical treatment received; and

- Expert testimony available to support such a claim.

This detailed inquiry would result in a mini-trial for each family member. Not only would it significantly lengthen the trial of this case, but it would also confuse and mislead the jury. To keep the jury's attention on the case properly before it, the evidence should be limited to the facts of the case.

  **B. Even if Plaintiff Could Meet the Relevance and "Substantial Similarity" Requirement, Evidence of Family Members' Claims Should be Excluded Due to the Risk of Jury Confusion and Undue Prejudice.**

Even if this evidence were relevant and Plaintiff could show substantial similarity, the Court can still exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.[12] Even when substantial identity of the circumstances is proven, the admissibility of such evidence lies within the discretion of the court, who must weigh these Rule 403 factors.[13] The risk of jury confusion would mandate that Fleetwood spend a substantial amount of time to examine each family member's claims. The jury would be asked to separate the family members' claims from Timia's claims, a difficult task when they resided in the same unit.

Not only would such evidence mislead and confuse the jury, it would unnecessarily extend the trial and unfairly prejudice Fleetwood. The jury is only tasked with evaluating one

---

summary judgment on damages.
[11] For example, Plaintiffs insisted on adding a list of over 40 alleged symptoms to the Fact Sheet in this litigation.
[12] Fed. R. Evid. 403 (2009); *see Compaq Computer Corp. v. Ergonome Inc.,* 387 F.3d 403, 408-09 (5th Cir. 2004) (concluding that district court did not abuse its discretion by excluding evidence of past lawsuits against defendant because any probative value was outweighed by its prejudicial and inflammatory nature and "its tendency to confuse the jury with tangential litigation"); *Yellow Bayou Plantation, Inc. v. Shell Chem., Inc.,* 491 F.2d 1239, 1242-43 (5th Cir. 1974) (upholding district court's exclusion of list of prior lawsuits and complaints against defendant because evidence was "of such faint probative value and high potential for unfair prejudice," even when offered by plaintiffs to show that product was ineffective).
[13] *Olson v. Ford Motor Co.*, 410 F. Supp. 2d 855, 862 (D.N.D. 2006) (citing *Hicks v. Six Flags Over Mid-America*, 821 F.2d 1311, 1316 (8th Cir. 1987)).

person's claims, and having other claims present in their mind -- particularly when it is the same unit -- could improperly influence their decisions.  Such testimony seeks to have the jury improperly conclude that the EHU is defective simply due to other claims pending.  Introduction of such evidence could influence the jury to improperly enter an award in an effort to compensate the other family members.  It unfairly prejudices Fleetwood by presenting multiple claims for one EHU.  Any potential probative value of such evidence is substantially outweighed by the danger of unfair prejudice, the confusion of the issues, misleading of the jury, and undue delay and waste of judicial time and resources.  Therefore, any evidence related to family members' claims should be excluded.

**II.    Conclusion**

Any evidence regarding Timia's family members' claims is irrelevant, unfairly prejudicial, confusing, misleading to the jury, and wastes time and judicial resources.  Fleetwood respectfully requests that this Court issue an Order excluding all evidence of family members' claims.

This 13th day of November 2009.

Respectfully submitted:

 /s/ Richard K. Hines, V
Richard K. Hines, V
GA Bar No. 356300
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)

Jerry L. Saporito
LA Bar No. 11717
LEAKE & ANDERSSON, L.L.P.
1700 Energy Centre

1100 Poydras St.
New Orleans, LA 70163-1701
(504) 585-7500 (phone)
(504) 585- 7775 (fax)

Counsel for Fleetwood Enterprises, Inc.

6

## **C E R T I F I C A T E OF SERVICE**

I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )     Hand Delivery                    ( )     Prepaid U.S. Mail

( )     Facsimile                        ( )     Federal Express

(X)     CM/ECF

New Orleans, Louisiana, this 13th day of November 2009.

                                     /s/ Richard K. Hines, V
                                     Richard K. Hines, V
                                     Georgia Bar No. 356300
                                     richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)