UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * | MDL NO. 1873 SECTION: N(5) |
| This Document Relates to: *Dubuclet v. Fleetwood Enterprises, Inc.* Case No. 07-9228 | | * * * * * * | JUDGE: ENGELHARDT MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT FLEETWOOD ENTERPRISES, INC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE REFERENCES TO TRAVEL TRAILERS FAILING TO MEET HOUSING CODES**

Defendant Fleetwood Enterprises, Inc. (hereinafter "Fleetwood") has moved this Court *in limine* to exclude references that Fleetwood anticipates may be made in this case regarding the failure of the travel trailer occupied by Plaintiff Timia Dubuclet to comply with housing codes. As will be argued below, these housing codes have no applicability whatsoever to travel trailers, and as a result any references to the fact that Defendant's travel trailers may not meet housing codes are both irrelevant and unduly prejudicial.

**I.      Law & Argument**

Under the Federal Rules of Evidence, only relevant evidence is admissible.[1] Evidence is relevant when it has any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.[2] The Court, however, may still exclude relevant evidence if its probative value is substantially

---

[1] Fed. Rule Evid. 402.
[2] *Brookshire Bros. Holding, Inc. v. Total Containment, Inc.*, Civ. No. 04-1150, 2007 WL 2491807, *2 (W.D. La. Aug. 30, 2007); Fed. Rule Evid. 401.

outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.[3]

The unit as issue in this case, which was inhabited by Plaintiff, was a travel trailer that was specified as such and contracted for by FEMA. See Exhibit "A," FEMA Accessible Model Travel Trailer Procurement Specification, Dated: August 12, 2004 (FLE-00010990 – 109902). This specification – as do other FEMA specifications for travel trailers, see Exhibit "B," FEMA Accessible Model Travel Trailer Procurement Specification, Dated: April 21, 2006 (FLE-00007042 – 7048), specifically states:

> Travel Trailers being procured under this contract are for the purpose of providing temporary housing. The units are subjected to continuous road travel, multiple installations and deactivations. . . .

The FEMA specifications, Exhibit A, also note in the section entitled "Type", **"FEMA Model Travel Trailer."** Exhibits A and B. Accordingly, the unit was built to FEMA's specifications for travel trailers. Plaintiff's own expert, in addition to Defendant's expert, believes that the travel trailer occupied by Plaintiff was constructed in accordance with acceptable travel trailer practices. Exhibit "C," Report of Charles David Moore, p. 7; Exhibit "D," Deposition of Thomas W. Fribley, October 21, 2009, at pp. 106-110. Faced with this undisputed fact, Plaintiff is now attempting to make the wholly irrelevant and unduly prejudicial argument that her travel trailer was not built in accordance with standards applicable to manufactured housing. In an attempt to lay a foundation for this argument, Plaintiff has pointed to various places in the travel trailer procurement specifications promulgated by FEMA where the government refers to the unit as a "home." See, e.g., Exhibit "D," Fribley Dep., at pp. 94-96.

However, FEMA's euphemistic reference to the unit as a "home" at a few points in the specification *does not* have the grand effect of altering the meaning of the explicit wording of the

---

[3] Fed. Rule Evid. 403.

FEMA procurement contract and specifications applicable to Plaintiff's unit, which both state that they are for travel trailers, and which at no point indicate that the travel trailers should comply with codes that are applicable to manufactured housing.

It is highly illustrative to note that while FEMA's specification sheet for travel trailers *does not* state that the travel trailers should be built according to housing codes, FEMA's specification sheet for manufactured homes *does* explicitly state that the manufactured homes must be built according to housing codes. See Exhibit "A," FEMA Accessible Model Travel Trailer Procurement Specification, Dated: August 12, 2004, p. 2 "Quality of Construction" (FLE-00010990 – 109902); Exhibit "E," FEMA Ruggedized Manufactured Home Procurement Specifications, Dated: September 16, 2004, p. 2 "Quality of Construction." (FLE-00000545 – 560). Thus, FEMA clearly acknowledged and intentionally allowed that the travel trailers it was procuring would not be built to the same codes as the manufactured housing units it was procuring.

The Department of Housing and Urban Development ("HUD") does not regulate the construction of travel trailers. Exhibit "F," Deposition of Fleetwood Enterprises, Inc., taken June 25, 2009, at pp. 136. Accordingly, the regulations promulgated by HUD have no applicability to travel trailers. Exhibit "F," Fleetwood Dep., at pp. 207-208; Exhibit "G," Deposition of Damien Serauskas, taken October 22, 2009, at p. 149. There are separate standards that regulate the construction of travel trailers. Exhibit "G," Serauskas Dep., at pp. 149-150; Exhibit "H," Deposition of Robert Wozniak, taken October 6, 2009, at p. 23. As noted above, experts for both parties agree that Plaintiff's unit was properly built to these standards.[4]

---

[4] It is relevant to note that although HUD standards are not applicable to the construction of travel trailers, Fleetwood did *voluntarily* undertake to comply with HUD code requirements for the use of low-formaldehyde-emitting materials in its travel trailers. Exhibit "F," Fleetwood Dep., taken August 18, 2009, at pp. 373-374.

It has been indisputably established throughout this lawsuit that the unit occupied by Plaintiff was a travel trailer, provided under a contract with FEMA that explicitly requested travel trailers, constructed in accordance with a FEMA specification that applied to travel trailers, and properly built to industry standards for travel trailers.  Plaintiff should not be allowed to introduce evidence that her unit may not have been built in accordance with a wholly inapplicable construction code simply because the facts have not developed in her favor over the course of this lawsuit.

**II.    Conclusion**

Any evidence regarding the failure of Plaintiff's travel trailer to be constructed to HUD standards is irrelevant, unfairly prejudicial, confusing, misleading to the jury, and wastes time and judicial resources.  Fleetwood respectfully requests that this Court issue an Order excluding all evidence of the failure of Plaintiff's travel trailer to meet HUD construction standards.

This 15th day of November 2009.

Respectfully submitted:

 */s/ Richard K. Hines, V*
Richard K. Hines, V
GA Bar No. 356300
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)

Jerry L. Saporito
LA Bar No. 11717
LEAKE & ANDERSSON, L.L.P.
1700 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-1701
(504) 585-7500 (phone)

4

(504) 585- 7775 (fax)

Counsel for Fleetwood Enterprises, Inc.

## **C E R T I F I C A T E OF SERVICE**

I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )   Hand Delivery                    ( )   Prepaid U.S. Mail

( )   Facsimile                        ( )   Federal Express

(X)   CM/ECF

New Orleans, Louisiana, this 15th day of November, 2009.

                                       /s/ Richard K. Hines, V
                                       Richard K. Hines, V
                                       Georgia Bar No. 356300
                                       richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)