UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION:  N(5) |
| | * | |
| This Document Relates to: | * | |
| *Dubuclet v. Fleetwood Enterprises, Inc.* | * | |
| | * | JUDGE: ENGELHARDT |
| *Case No. 07-9228* | * | |
| | * | |
| | * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF DEFENDANT FLEETWOOD ENTERPRISES
INC'S MOTION IN LIMINE TO PROHIBIT ANY TESTIMONY, EVIDENCE, OR
ARGUMENT REGARDING NONPARTIES' MEDICAL ISSUES**

Defendant Fleetwood Enterprises, Inc. (hereinafter "Fleetwood"), moves this Court to

prohibit any testimony, evidence, or arguments regarding nonparties' medical issues.  There is

only one person's health that the jury must consider in this case:  Timia Dubuclet.  Evidence of

anyone else's medical issues, even if that person subjectively relates the alleged medical issue to

formaldehyde, is irrelevant and its admission into evidence is unfairly prejudicial.  Nevertheless,

Fleetwood anticipates that Plaintiff will attempt to offer into evidence alleged medical issues of

various witnesses who are not a named plaintiff in this case.

Fleetwood seeks exclusion of any testimony, evidence, or argument by any fact or expert

witness to any nonparty's alleged medical problems allegedly related to their being in or around

an Emergency Housing Unit ("EHU"). This type of evidence from nonparties is irrelevant.

Moreover, any potential probative value of the evidence is substantially outweighed by its

prejudicial effect and will also result in undue delay, waste of time, and needless presentation of cumulative evidence.  For these reasons, the evidence should be excluded.[1]

## I.    Law and Argument

Plaintiff's proposed testimony regarding nonparties' medical issues is both irrelevant and unfairly prejudicial.  Under the Federal Rules of Evidence, only relevant evidence is admissible.[2] Evidence is relevant if it has a tendency to make the existence of a consequential fact more probable or less probable in this case.[3]  Any reference to any nonparty's alleged health problems purportedly caused by being in or around an EHU is irrelevant because that nonparty's subjective experience has not relation to Timia Dubuclet's health, and, therefore, that evidence has no tendency to make the existence of a consequential fact more probable or less probable in this case.  This matter is not a class action and only Timia Dubuclet has a claim in this case.  And the only manufacturing defendant in this case is Fleetwood, and the only EHU at issue in this case is the Dubuclet's.

Plaintiffs in this litigation have previously argued that evidence of nonparties' medical issues are relevant to show both notice that a defendant manufacturer knew of the purported danger and that it failed to warn of that danger.[4]  Yet there is no evidence on record indicating that any of the nonparties gave any notice of their purported complaints to Fleetwood that could arguably put Fleetwood on notice.  Indeed, not even all of the nonparties have brought claims against Fleetwood.  This "notice" argument would simply not hold up in this case.

---

[1] In *Alexander*, Gulf Stream filed a similar motion, and this Court deferred ruling on the motion until trial.  Order dated Sept. 1, 2009 (Rec. Doc. 3005).
[2] Fed. R. Evid. 402.
[3] Fed. R. Evid. 402.
[4] *See* Pls.' Opp'n to Gulf Stream's Mot. To Exclude Any Testimony or Evidence Relating to Any Non-party Witness Medical Issues, at 2-3 (Rec. Doc. 2948).

Moreover, this Court has previously stated that certain witnesses could testify that, "upon entry into the EHUs, they noticed a strong odor and were told to ventilate the EHUs."[5]  But those witnesses and counsel could take it further because:

> there is no evidence suggest that any physical reactions they had were caused by the odor, as opposed to any other factor or medical condition each may have been suffering from at the time.  There is no medical testimony whatsoever that dispositively diagnoses their ailments, or the causes of such ailments.[6]

The Court issued a reminder that the case is about the injuries allegedly sustained by the plaintiff, and therefore, "such testimonial evidence would not be relevant, even it were known."[7]

Even if evidence is relevant, the Court may exclude it if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.  Fed. R. Evid. 403 (2009).  Should Plaintiff insist on introducing this tangential evidence, Fleetwood would have no choice but to explore, in depth, the specifics of that nonparty's testimony, including:

- The medical conditions of the nonparty, even those the nonparty does not subjectively relate to formaldehyde;

- Other causes of the alleged symptoms;

- Other potential exposures of the nonparty, including possible exposure to other manufacturing defendants' EHUs; and

- Medical treatment received by the nonparty.

This detailed inquiry would result in a mini-trial for each nonparty.  Not only would it significantly lengthen the trial of this case, but it would also confuse and mislead the jury.  To keep the jury's attention on the case properly before it, the evidence should be limited to the facts

---

[5] Order dated Sept. 8, 2009 at 2 (Rec. Doc. 3093).

of the case and Timia Dubuclet's alleged medical condition.  The nonparty's recourse for any perceived injury is to bring his own claim,[8] not to encroach upon this case.  Therefore, even if the evidence of non-party witness' medical conditions were relevant, it should be excluded because any probative value is outweighed by the confusion of the issues, misleading of the jury, and waste of judicial time and resources.

Without waiving its argument that all testimony, evidence, and argument relating to nonparties' medical issues should be excluded, Fleetwood specifically addresses the symptoms of the family members.

**A.  Testimony, evidence, and argument relating to family members' alleged medical issues should be excluded.**

In this case, Timia's mother, Elisha Dubuclet; and her brother, also a minor; have filed claims in the MDL and her grandmother Leslie Picot lived in the EHU with her.[9]  While Fleetwood certainly does not object to them testifying as fact witnesses, their testimony should be limited to issues relevant in this case -- namely, Timia's health condition and *her* alleged exposure to formaldehyde.  But Plaintiff seems to be contemplating offering evidence for symptoms and exposure of the entire family.  Plaintiff is now seeking to bring a claim for "loss of consortium and services due to the harm suffered by immediate family members."[10]  The family members are not plaintiffs in this action; now is not the time to present their case to a jury will come.  Even though the same unit is involved, these four individuals have individual susceptibilities and different alleged injuries.  Any symptoms allegedly experienced by the family members are not relevant to symptoms allegedly experienced by Timia.  This Court has

---

[6] Id.
[7] Id.
[8] Indeed, some of the nonparties have brought their own claims, and they are permitted to pursue those claims separately.
[9] Fleetwood also incorporates here its motion *in limine* to exclude evidence of family members' claims.  Not only should evidence of the family members' claims should be excluded, but also any evidence of their symptoms and exposures.
[10] Proposed Fourth Supp. & Amd. Compl. at ¶ 12 (Rec. Doc. 5394-3).  This claim is subject to a pending motion for

demanded a tight trial schedule.  Allowing testimony about Timia's mother's, brother's, or grandmother's symptoms would still require mini-trials.  Permitting the evidence would confuse the jury as to whose claim is on trial, particularly when they all resided in the same unit. Fleetwood would be required to spend time to differentiate the alleged injuries and to point out anything in their medical histories that could account for their symptoms.  Presenting their symptoms and alleged health condition that they attribute to formaldehyde could unduly influence the jury to enter an award for all injuries conceivably related to that particular EHU and not just Timia's injury.  This could also unduly prejudice Fleetwood, who could later be faced with claims from these very same family members -- would Timia also be permitted to present her alleged symptoms, thereby having Fleetwood defend her claims again?

This case is unique in that it is not only resolving Timia's claim, but it is serving as a bellwether case for Fleetwood.  Presenting only one person's symptoms, the plaintiff's, makes a cleaner trial and a cleaner verdict -- however the jury rules -- if only the claim at issue is presented.

**II.     Conclusion**

For these reasons, Fleetwood requests that this Court issue an order prohibiting Plaintiff from introducing any testimony, evidence, or argument relating to any nonparties' medical issues that they subjectively relate to formaldehyde.

This 16th day of November, 2009.

Respectfully submitted:

*/s/ Richard K. Hines, V*
Richard K. Hines, V
GA Bar No. 356300
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station

---

summary judgment on damages.

201 17th Street, NW, Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)

Jerry L. Saporito
LA Bar No. 11717
LEAKE & ANDERSSON, L.L.P.
1700 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-1701
(504) 585-7500 (phone)
(504) 585- 7775 (fax)

Counsel for Fleetwood Enterprises, Inc.

<u>**C E R T I F I C A T E OF SERVICE**</u>

I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )   Hand Delivery                                    ( )   Prepaid U.S. Mail

( )   Facsimile                                          ( )   Federal Express

(X)   CM/ECF

New Orleans, Louisiana, this 16th day of November, 2009.

*/s/ Richard K. Hines, V*
Richard K. Hines, V
Georgia Bar No. 356300
richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)

7