UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | | |
|---|---|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * | | MDL NO. 1873 |
| | | | | SECTION: N(5) |
| This Document Relates to: | | * * | | |
| This Document Relates to: *Dubuclet v. Fleetwood Enterprises, Inc.* | | * * * | | JUDGE: ENGELHARDT |
| Case No. 07-9228 | | * * * | | MAG: CHASEZ |

*********************************************************************************

**DEFENDANT FLEETWOOD ENTERPRISES, INC.'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF PLAINTIFF'S EXPERT KENNETH R. LAUGHERY, PH.D.**

In her response (Rec. Doc. 7039) to Fleetwood's motion *in limine* to exclude the testimony of Plaintiff's expert Kenneth R. Laughery, Ph.D. (Rec. Doc. 6649), Plaintiff first complains that Fleetwood is trying to get a second bite at the apple. (Rec. Doc. 7039, p. 1). This complaint is without merit. In fact, Fleetwood specifically reserved its right to bring a full *Daubert* motion in its original motion to strike Dr. Laughery from Plaintiff's expert designations, which motion was based solely on this Court's previous rulings. *See* Rec. Doc. 2348. Although this Court did allow Dr. Laughery's opinion "regarding the need for a warning" (Rec. Doc. 4845), the issue had not fully been briefed at that point and this Court was not made aware of the fact that Fleetwood did indeed place a warning in the Dubuclet unit. Thus, once it was clear that Plaintiff still intended to call Dr. Laughery at trial, Fleetwood respectfully raised these more complete issues for this Court. (Rec. Doc. 6649).

Next, Plaintiff alleges that Fleetwood has not made clear how Dr. Laughery's expert opinion that a warning is needed is inapplicable to this case. Frankly, it is difficult to respond to this accusation because Plaintiff is engaging a seemingly endless tautological argument. She defines the need for Dr. Laughery's only admissible opinion by referring to the specifically excluded portions of his opinion. For example, she continues to assert that Dr. Laughery should be permitted to testify so as to "assist the trier of fact in making [the] ultimate decision if a warning [is] adequate, i.e. the hazards are not open, the hazards are not obvious, the hazards are technical, the hazards involve chemical vapors, the hazards involve medical." (Rec. Doc. 7039). This Court has already ruled that the trier of fact does not need assistance in determining if a warning is adequate, explaining that this "involves a common sense assessment 'within the realm of the average juror's knowledge and experience.'" (Rec. Doc. 4845). Dr. Laughery's sole remaining opinion allowed by this Court is his opinion that Fleetwood should have included a warning in the Dubuclet unit – the fact that Fleetwood *did* include a warning is undisputed. It is a waste of judicial and the parties' resources to call an expert witness at trial to offer nothing but an opinion as to an undisputed fact – that there is a posted formaldehyde warning in the Dubuclet unit.

Furthermore, as noted above, Fleetwood has every reason to believe that Plaintiff either does not understand this Court's clear limitation on Dr. Laughery's opinions or nonetheless intends to illicit from Dr. Laughery impermissible opinions despite this limitation. In her response, she notes that "Dr. Laughery is setting forth the need and importance of a warning system *and provides the finder of fact with the elements to be considered*." (Rec. Doc. 7039, pp.

2-3) (emphasis added).  Again, if there is a warning, the first half of Plaintiff's statement is inapplicable in this case.  As to the second half of this statement, Plaintiff appears to be defying this Court's instruction at to the proper limitation of Dr. Laughery's opinions in this matter.  The trier of fact is to determine what constitutes an adequate warning.  (Rec. Doc. 4845).  Plaintiff wants Dr. Laughery to testify as to exactly what the jury should consider in reaching a decision as to the adequacy of the warning.  This goes too far and would "invade the province of the jury." (Rec. Doc. 4845).

For the foregoing reasons, and those stated in its underlying motion to exclude (Rec. Doc. 6649), Fleetwood respectfully request that this Honorable Court issue an Order excluding the testimony of Dr. Laughery in its entirety.

This 16th day of November 2009.

                Respectfully submitted:

                */s/ Richard K. Hines, V*
                Richard K. Hines, V
                GA Bar No. 356300
                NELSON MULLINS RILEY & SCARBOROUGH, LLP
                Atlantic Station
                201 17th Street, NW, Suite 1700
                Atlanta, GA  30363
                (404) 322-6000 (phone)
                (404) 322-6050 (fax)

                Jerry L. Saporito
                LA Bar No. 11717
                LEAKE & ANDERSSON, L.L.P.
                1700 Energy Centre
                1100 Poydras St.
                New Orleans, LA 70163-1701
                (504) 585-7500 (phone)
                (504) 585- 7775 (fax)

Counsel for Fleetwood Enterprises, Inc.

## **C E R T I F I C A T E OF SERVICE**

      I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )    Hand Delivery                ( )    Prepaid U.S. Mail

( )    Facsimile                      ( )    Federal Express

(X)    CM/ECF

      New Orleans, Louisiana, this 16th day of November, 2009.

                                      */s/ Richard K. Hines, V*
                                      Richard K. Hines, V
                                      Georgia Bar No. 356300
                                      E-mail:  richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)