UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE | * | |
| | PRODUCTS LIABILITY | * | |
| | LITIGATION | * | SECTION:  N(5) |
| | | * | |
| This Document Relates to: | | * | |
| *Dubuclet v. Fleetwood Enterprises, Inc.* | | * | |
| .                     | | * | JUDGE: ENGELHARDT |
| *Case No. 07-9228* | | * | |
| | | * | |
| | | * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT FLEETWOOD ENTERPRISES, INC.'S REPLY BRIEF
IN SUPPORT OF ITS MOTION
<u>TO LIMIT PAUL HEWETT, PH.D.'S TESTIMONY</u>**

COMES now Defendant Fleetwood Enterprises, Inc. (hereinafter "Fleetwood") and in its

response to this very limited motion to exclude Paul Hewett's testimony that formaldehyde

exposures tend to decline with the age, Plaintiff has now expanded beyond the current affidavit

of Hewett, and is insisting on offering an opinion that her counsel has stated on the record that

she would not offer.  Based on that representation at the deposition, Fleetwood's counsel did not

fully question Hewett on this limited issue.  To confirm statements made on the record, Hewett

submitted a revised affidavit days after his deposition removing the section that Plaintiff's

counsel had said was not going to be offered.  Of course, to read Plaintiff's response, one would

not know that this opinion was withdrawn at the deposition or that Hewett has submitted three

different affidavits.  It is as if Plaintiff's counsel did not read the motion that Fleetwood

submitted.  Plaintiff does not even attempt an excuse[1] for why her counsel would state on the

---

[1] There is, of course, an excuse for why the Court's previous ruling on Hewett was purportedly wrong: Hewett's previous testimony that it was "common sense" about the formaldehyde levels lowering was "mistaken" and Hewett is now "learning to moderate [his] phraseology."  Pl.'s Resp. at 3 (Rec. Doc. 7164).

record that the opinion is withdrawn, why counsel would submit a revised affidavit removing

that opinion, and then still attempt to offer that opinion.

**1.      Plaintiff has withdrawn Hewett's formaldehyde decay coefficient opinion.**

At the deposition taken in this case of Hewett, on October 22, 2009, when Fleetwood's

counsel was sixty-two pages worth of testimony into her questioning of him, he presented --  for

the first time -- a Second Affidavit he had prepared in this case which was substantially different

from his original report in this case.[2]  The Second Affidavit included a completely new analysis

of testing results on Fleetwood units and contained a completely new analysis at Section 3.5 of

the Affidavit titled "Estimation of the Formaldehyde Decay Coefficient."  Fleetwood counsel

protested about being presented with a wholly new affidavit at the deposition itself (when the

Affidavit had been signed on October 10, 2009, some 12 days before the deposition) which

contained complicated mathematical information, since Hewett is a statistician.  Fleetwood's

counsel noted on the record that since she had only received this Second Affidavit during the

course of Hewett's deposition, she reserved the right to move to strike the entire Second

Affidavit or to stop the deposition and re-depose Hewett after she could consult with Fleetwood's

statistical expert for assistance in interpreting the newly produced report.[3]  It was following that

statement that Plaintiff withdrew the opinion.

Chris Pinedo, who was representing Plaintiff at that deposition, stated that Plaintiff was

not going to offer his opinions on the decay coefficient:

> MR. PINEDO:
> I am not putting him forward, I will tell you right now, on the decay
> coefficient.  He is not going to be put forward on the decay coefficient.

---

[2] Hewett Dep. (October 22, 2009) at 62:6-63:4 (Ex. A) and  Second Hewett Aff. (dated Oct. 10, 2009) (Ex. B to Rec. Doc. 6644).
[3] *Id.*

> MS. DALY:
> Does that mean I don't need to go through it?  Are you withdrawing him on 3.5 so I don't have to discuss it with the tables that go with it?
>
> MR. PINEDO:
> The plaintiffs are not going to offer him for the analysis in Section 3.5 relative to the formaldehyde decay coefficient.
>
> MS. DALY:
> Is anybody going to testify to that?
>
> MR. PINEDO:
> I don't know of anybody who is going to testify about the estimation of formaldehyde decay coefficient.  I don't.  I don't expect any expert that plaintiffs have that are going to rely upon this analysis.  I don't know what Kaltofen has done.  I don't know what Smulski has done.  He is here to talk about his opinions.  Plaintiffs are not going to offer him on Section 3.5.
>
> MS. DALY:
> That was very helpful.[4]

The parties also confirmed that Figures 20-25 were connected to Section 3.5 and were also to be withdrawn.[5]  The parties then agreed to reconvene the Hewett deposition the following week so that Hewett could finalize his data analysis using information from Fleetwood regarding VIN numbers to collect more Fleetwood unit data.[6]

Hewett then issued his Third Affidavit on October 26, 2009, removing the opinion on the formaldehyde decay coefficient, and the deposition reconvened on October 29, 2009.  In that second deposition, Hewett testified as follows and was not corrected by Plaintiff's counsel:

> Dr. Hewett, I suspect I know the answer to these questions, but I want to make sure.  At the very beginning of the questions today you were asked what you were retained to do, and you answered by detailing two things you were retained to do, a statistical analysis of the data set and then compare the data set to NIOSH and ATSDR limits.  Were those the only two things you were retained to do in regards to the Dubuclet unit and data?

---

[4] Hewett Dep. (Oct. 22, 2009) at 64:11-65:16 (Ex. A).
[5] *Id.*
[6] Hewett Dep. (Oct. 22, 2009) at 75:19-76:24 (Ex. A.).

A.      Well, I hesitate to answer that because then it gets into the area in which all parties have agreed will not be part of or would not be part of this October 26 report.

Q.      Fair enough.  That's what I wanted to make sure.  Anything else is in the area in the "is not part of," is that correct?

A.      I would say so.  Originally I was retained to do a statistical analysis and comparison.  Along the way I was asked to comment upon declining exposures over a period of time.  And then more recently as we discussed in the deposition last week, I was asked to do an analysis of the decay coefficients for the various manufacturers.  That work that I have done is not included in this report.[7]

Nothing was included in that updated affidavit about the formaldehyde decay coefficient.

Hewett did not testify about it.  Plaintiff's counsel did not indicate at the reconvened deposition

of Hewett on October 29 that they intended not to honor their prior agreement about the

withdrawal of the decay coefficients opinion.  Moreover, Plaintiff's counsel even submitted

revised table to Fleetwood's counsel on November 4, 2009, in which Hewett stated "all of my

observations and conclusions in the October 26, 2009 report remain unchanged."[8]  Nothing in

that supplemental report mentioned the formaldehyde decay opinion.  Plaintiff has withdrawn

this opinion, and it should remain withdrawn.

**2.      Hewett's opinion is not the product of a reliable methodology and should be excluded.**

Perhaps Plaintiff is attempting to avoid the withdrawal of this opinion by relying in the

response brief on only the First Affidavit.[9]  Plaintiff now attempts to base this opinion not on the

formaldehyde decay coefficient equation and analysis offered in the Second Affidavit, but on the

CDC Report, the DeVany testing results, and -- inexplicably -- on his analysis of another

---

[7] Hewett Dep. (Oct. 29, 2009) at 55:16-56:17 (Ex. B).

[8] *See* Nov. 4, 2009 Letter and table from Hewett (Ex. C).

[9] Pl.'s Resp. at 3-4 (Rec. Doc. 7164). In the First Affidavit, Hewett states that he was asked to "[e]valuate the data set for evidence that the formaldehyde levels tend to decline with the age of the THU." First Aff. at 2 (Ex. A to Rec. Doc. 6644). But in Hewett's Third Affidavit, this was simply not part of the scope. Third Aff. at 2 (Ex. C to Rec. Doc. 6644).

manufacturer's dataset -- all of which he identified in his First Affidavit.[10]  In that First Affidavit, however, he actually states, "Figure 15, where the data were plotted in relation to age of the THU, does not suggest that older THU's tend to have lower formaldehyde levels.  However, a decline in levels with the age of the trailer is the expected results, based upon past studies (CDC, 2008)."[11]  So the dataset in this Affidavit does not actually support his opinion.  Plaintiff now intends on offering Hewett's opinion on something that the CDC reported, but that is not actually supported by Hewett's data analysis.  Before the withdrawal of the opinion, it appears that Hewett was going to re-evaluate the CDC data because the CDC did not look at the age of the data.[12]  It is not clear how Hewett intends on supporting his opinion that exposure levels decline with time by relying on the CDC report that he states did not analyze the age of the unit at the time of the sampling.  Plaintiff, at least in her response brief, has not mentioned reliance on the complicated equation included in the Second Affidavit.  Therefore, Plaintiff should not be permitted to offer an "opinion" that formaldehyde levels in Fleetwood units would have been higher earlier -- Hewett would only be regurgitating the CDC report that he states did not even analyze age.  Therefore, this opinion should be excluded under Rule 702.

**3.      Even if this testimony is admissible and relevant, Fleetwood requests that the Court exclude it under Rule 403.**

Finally, even if this Court finds that Hewett can testify to the formaldehyde decay coefficient and that exposures decline with age (and so are higher earlier), Fleetwood asks that this Court, under Rule 403, exclude this evidence as unduly prejudicial to Fleetwood.  It is now three weeks before trial is to begin, the discovery period has ended, experts have been designated, the Pretrial Order has been submitted, and Plaintiff is now relying on an opinion that

---

[10] Pl.'s Resp. at 3-4 (Rec. Doc. 7164) (referring to his First Affidavit (dated July 16, 2009) at 8).

[11] First Aff. (dated July 16, 2009) at 8 (Ex. A to Rec. Doc. 6644). Figure 15 is found on page 22 of the First Affidavit.

[12] Hewett Dep. (Oct. 22, 2009) at 58:24-60:14 (Ex. A).

was specifically withdrawn by Plaintiff, by a very specific statement and agreement between the

parties on the record at the Hewett deposition on which Fleetwood counsel of course has relied.

Hewett's testimony regarding the formaldehyde decay coefficient -- which Fleetwood has not

had the opportunity to explore -- and the related opinion about the "possibility" that exposures

decline with age, should be excluded, just as this Court excluded this issue in *Alexander*.  [Rec.

Doc. 3092.]

For all of these reasons, Fleetwood requests that Hewett should not be permitted to testify

that  formaldehyde exposures tend to decline with the age, and that therefore, the formaldehyde

level shown in the "observed data" should actually be higher.

This 16th day of November 2009.

Respectfully submitted:


 /s/ Richard K. Hines, V
Richard K. Hines, V
GA Bar No. 356300
richard.hines@nelsonmullins.com
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)

Jerry L. Saporito
LA Bar No. 11717
LEAKE & ANDERSSON, L.L.P.
1700 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-1701
(504) 585-7500 (phone)
(504) 585- 7775 (fax)

Counsel for Fleetwood Enterprises, Inc.

## C E R T I F I C A T E OF SERVICE

I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )    Hand Delivery                      ( )    Prepaid U.S. Mail

( )    Facsimile                          ( )    Federal Express

(X)    CM/ECF

New Orleans, Louisiana, this 16th day of November 2009.

 /s/ Richard K. Hines, V
Richard K. Hines, V
Georgia Bar No. 356300
richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)