UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|      FORMALDEHYDE | * | |
|      PRODUCTS LIABILITY | * | |
|      LITIGATION | * | SECTION:  N(5) |
| | * | |
| This Document Relates to: | * | |
| *Dubuclet v. Fleetwood Enterprises, Inc., et al.* | * | |
| | * | JUDGE: ENGELHARDT |
| Case No. 07-9228 | * | |
| | * | |
| | * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT FLEETWOOD ENTERPRISES, INC.'S MEMORANDUM IN SUPPORTS OF ITS MOTION IN LIMINE REQUESTING THAT THE COURT ENTER ITS PRIOR RULINGS MADE IN THE *ALEXANDER* BELLWETHER TRIAL AS TO CERTAIN SIMILAR EVIDENTIARY ISSUES RELEVANT TO THIS MATTER**

Defendant Fleetwood Enterprises, Inc. (hereinafter "Fleetwood") has moved this Court to enter in the *Dubuclet* matter its prior ruling made in the *Alexander* bellwether trial as to the following evidentiary issues which are also issues present in the Dubuclet matter:

    **1.**    **References to political proceedings as set out in Order 3029.**

In *Alexander*, the Court granted Gulf Stream's motion, excluding evidence related to political proceedings "to the extent that any party seeks to introduce evidence, by way of documentation or testimony, about Congressional hearings, proceedings, inquiries, or other legislative branch events.  This includes any investigatory reports, committee minutes, committee reports, analysis, opinions, or other attempts by members of Congress, or their staffs, to find facts that somehow relate to the use of Gulf Stream EHU's by FEMA in the aftermath of Hurricanes Katrina and Rita.  While those inquiries might well touch upon matters central to the

~ Doc #1038535.01 ~

trial in this matter, they were conducted for various purposes, including review of past policy decisions and future policy formulation and FEMA planning.  This matter, on the other hand, seeks to establish only the liability *vel non* of the defendant herein, applying the legal standard of the Louisiana Product Liabilities Act, La. Rev. Stat. Ann. § 9:2800.52, *et seq.*, and/or in the alternative, negligence (in the instance of defendant Fluor Enterprises, Inc.).  Thus, any facts, opinions, or analysis offered as a result of Congressional hearings or investigations are not admissible in these proceedings." Rec. Doc. 3029

The same issues are present in the *Dubuclet* case.  Fleetwood requests that the Court enter its prior ruling on this issue in the *Dubuclet* case.

### 2. Events leading up to Hurricane Katrina as set out in Order 3018.

In *Alexander*, the Court ruled with respect to references, testimony, or evidence related to Plaintiffs' Hurricane Katrina Evacuation Experience that "[t]he Court will not at this time exclude such references, testimony, and evidence. However, Plaintiffs are cautioned that trial time is limited, so details of such evacuation experience should be very limited.  The Court may short-circuit any attempt to elicit irrelevant details." Rec. Doc. 3018, p. 2.

The same issues are present in the *Dubuclet* case.  Fleetwood requests that the Court enter its prior ruling on this issue in the *Dubuclet* case.

### 3. Fleetwood financial status/finances from FEMA sales at set forth in Orders 3018 and 3019.

In *Alexander,* the Court ruled, as to references to the manufacturer's income related to its production of EHUs, that "[s]uch references shall be excluded . . . [a]s this Court has cautioned, this is a products liability case about two individuals who were provided emergency housing

after Hurricane Katrina, resided in that housing, and who claim to have been injured as a result. This bellwether case is not about multimillion dollar government contracts that were entered into to satisfy a mass monolithic housing need." Rec. Doc. 3018, p. 2; *see also* Rec. Doc. 3019.

The same issues are present in the *Dubuclet* case. Fleetwood requests that the Court enter its prior ruling on this issue in the *Dubuclet* case.

**4.    Ambient air standards as set out in Order 3069.**

In *Alexander*, the Court granted Gulf Stream's motion seeking to exclude references to ambient air standards that post dated the move out date of the Alexanders from their EHU. In this case, the Dubuclets moved out of their EHU in September, 2007. In granting Gulf Stream's motion the Court ruled "to the extent that any formaldehyde regulations or guidelines that were established after Plaintiffs vacated the trailer are excluded, as that time period is not relevant for purposes of formaldehyde inhalation for these particular plaintiffs." Rec. Doc. 3069, p. 2.

The same issues are present in the *Dubuclet* case. Fleetwood requests that the Court enter its prior ruling on this issue in the *Dubuclet* case.

**5.    Chris DeRosa will not testify as an expert or render expert opinions as set out in Order 3067.**

In *Alexander*, the Court ruled that "[a]ny Rule 702 'expert opinions' provided by Dr. DeRosa that were formulated specifically for this litigation are excluded. Regardless of whether he was hired/retained as an expert by a party, it was made clear by this Court that any party who intended to call an individual as an expert witness to elicit an expert opinion was still obligated to obtain and produce an expert report of all such opinions for trial. If this were not the case, the potential for abuse of this rule would be great as attorneys might then wait until the last minute to

list a "nonretained expert" who has not produced an expert report and to whom the opposing party has had little-to-no chance to review and analyze in order to assess the need to produce a countervailing expert." Rec. Doc. 3067, pp. 1-2.

The same issues are present in the *Dubuclet* case. Fleetwood requests that the Court enter its prior ruling on this issue in the *Dubuclet* case.

**6.     Inflammatory statements as outlined in Order 3018.**

In *Alexander*, the Court ruled on the following specific references as follows:

- "Chinese quality"

    (1(a)) References to Trailers as "Chinese Quality" or "Chinese Grade": All such references are excluded.

- Racial commentary

    (2) Inflammatory Racial Commentary: Any such commentary is excluded.

- "Formaldehyde counsel"

    (3) References to Counsel of Gulf Stream and Other EHU Manufacturers as "Formaldehyde Counsel, Inc.": All such references are excluded.

*See* Rec. Doc. 3018, pp. 1-2.

The same issues are present in the *Dubuclet* case. Fleetwood requests that the Court enter its prior ruling on this issue in the *Dubuclet* case. Fleetwood notes that the exclusion of references to "Formaldehyde Counsel" should not extend to references by any party to the Formaldehyde Council, an organization formerly known as the Formaldehyde Institute.

4

For the foregoing reasons, Fleetwood respectfully requests that the Court enter its prior rulings made in the *Alexander* case on these issues.

This 16th day of November, 2009.

Respectfully submitted:

/s/Richard K. Hines
Richard K. Hines, V
GA Bar No. 356300
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)

Jerry L. Saporito
LA Bar No. 11717
LEAKE & ANDERSSON, L.L.P.
1700 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-1701
(504) 585-7500 (phone)
(504) 585- 7775 (fax)

Counsel for Fleetwood Enterprises, Inc.

## **C E R T I F I C A T E OF SERVICE**

      I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )     Hand Delivery                        ( )     Prepaid U.S. Mail

( )     Facsimile                                ( )     Federal Express

(X)     CM/ECF

      New Orleans, Louisiana, this 16th day of November, 2009.

                                        /s/Richard K. Hines
                                        Richard K. Hines, V
                                        Georgia Bar No. 356300
                                        richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)