UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 | |
| FORMALDEHYDE | * | | |
| PRODUCTS LIABILITY | * | | |
| LITIGATION | * | SECTION: N(5) | |
| | * | | |
| | * | | |
| This Document Relates to: | * | | |
| *Dubuclet v. Fleetwood Enterprises, Inc.* | * | | |
| . | * | JUDGE: ENGELHARDT | |
| *Case No. 07-9228* | * | | |
| | * | | |
| | * | MAG: CHASEZ | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT FLEETWOOD ENTERPRISES, INC.'S REPLY BRIEF IN SUPPORT
OF ITS MOTION IN LIMINE
<u>TO LIMIT TESTIMONY OF MARCO KALTOFEN, P.E.</u>**

Defendant Fleetwood Enterprises, Inc. (hereinafter "Fleetwood") submits this reply brief in support of is motion to limit Marco Kaltofen's testimony. Kaltofen is not a statistician, and relies on information from Plaintiff's expert Paul Hewett. Much of Kaltofen's testimony is therefore duplicative, and outdated.

**1.   Opinion No. 4: Kaltofen should not be permitted to introduce outdated information.**

Plaintiff is seeking to introduce outdated information, with no explanation for how this would be helpful to the jury. Plaintiff says Kaltofen's opinion on the mean -- which is higher, of course, than Hewett's later and more detailed calculations -- should be admitted because it was "accurate at that time."[1] Even if that is true, it is clear that Kaltofen is relying on Hewett's analysis in talking about "the mean" since Kaltofen did not himself calculate that. Recognizing that in his first affidavit submitted in this case he had failed to consider a substantial percentage of the data that was available to him, relating to testing of Fleetwood travel trailers provided to

---

[1] Pl.'s Resp. at 3-4 (Rec. Doc. 7165).

FEMA, post-Katrina, Hewett issued a greatly revised Second Affidavit, in which he calculated the mean at which Fleetwood units tested for formaldehyde, analyzing the data separately for units tested while occupied and for units tested while unoccupied. Hewett recognized at his deposition on October 22, 2009 that he was still missing significant amounts of data that was available to him regarding Fleetwood travel trailers testing and so he then issued a Third Affidavit in which he did the same calculations. In both Hewett's Second and Third Affidavits, the mean formaldehyde level was substantially lower than the number he calculated and reported in his first affidavit.[2] Ignoring this, Plaintiff is attempting to admit Hewett's first, and higher, calculations as to the mean through Kaltofen's testimony. Plaintiff should not be permitted to present to the jury this outdated information, particularly when the calculations were not done by Kaltofen himself. Plaintiff, without an affidavit from Kaltofen, states that Kaltofen is "merely recounting a result from a computer program that automatically calculated the mean or the average."[3] But from his affidavit, it appears that he is "merely recounting" a previous result from Hewett's First Affidavit, not Hewett's Third Affidavit.

Moreover, this calculation is not a simple mathematical equation -- there are many assumptions built into this calculation, none of which Kaltofen has addressed. Those assumptions should be addressed by a statistician in order to determine whether the numbers make any sense or are in any way helpful to the jury. How many of those units were occupied when tested? How many Fleetwood units were not even considered in the first calculations done by Hewett such that Hewett's first analysis was so faulty as to be of no benefit to the jury? (Certainly Hewett, the statistician, felt that his first analysis was incomplete and inaccurate as he

---

[2] *Compare* Hewett Aff. dated July 16, 2009 (Table 1, DUB000556, showing 0.1466 as mean formaldehyde level for Fleetwood dataset) (Ex. 8 to Rec. Doc. 6661) *with* Hewett Aff. dated Oct. 26, 2009 (Table 2 showing 0.0635 mean formaldehyde level for Fleetwood dataset) (Ex. 9 to Rec. Doc. 6661).
[3] Pl.'s Resp. at 4 (Rec. Doc. 7165).

has now corrected it twice.) Kaltofen does not answer those questions. Instead, he is "merely recounting" Hewett's First Affidavit for this opinion. This cumulative testimony should be excluded, and Hewett can directly provide the results of his calculations.

**2.      Opinion No. 7: 95% probability opinion should be excluded.**

In response to Fleetwood's argument that Kaltofen is not qualified and should not be permitted to testify that the statistical sampling gives him a 95% probability of identifying the formaldehyde concentration for any given EHU, Plaintiff focuses on the 95% confidence interval set by the CDC. In examining Kaltofen's testimony in his *Alexander* deposition, it appears that Kaltofen is conflating a confidence interval in statistical sampling with the probability of any future test being above a certain level.[4] Plaintiff does nothing to clarify this confusing testimony. Again, Kaltofen has said that he is not a statistician,[5] and this confusing testimony illustrates that point. Plaintiff clarifies that this opinion is based only on 45 Fleetwood measurements, yet his related testimony in *Alexander* appears that he seeks to extrapolate this measurement taken from his database to apply it to any future test.[6]

**3.      Opinion No. 8: Kaltofen should not be allowed to testify regarding the Berge formula.**

Plaintiff states: "Kaltofen did not perform any such calculation as set forth E 1333 to 'correct' or standardize any formaldehyde measurements in this case based on the standard."[7] In *Alexander*, the Court stated that "[i]f the general opinion to be offered is that emergency housing units ("EHUs") contain higher levels of formaldehyde than outdoor air or air in site-built homes, and that the presence of indoor formaldehyde concentration is related to temperature and

---

[4] Def.'s Memo. at 3-4 (Rec. Doc. 6661).
[5] Kaltofen Dep. at 165:16-28 (Ex. A).
[6] Def.'s Memo. at 10-15 (Rec. Doc. 6661).
[7] Pl.'s Resp. at 7 (Rec. Doc. 7165).

humidity, that is an admissible opinion."[8]  But Plaintiff is now seeking to introduce the *existence* -- not the calculation -- of a correction formula.  Apparently, Kaltofen intends on using this complicated formula only as an illustration of the effect that temperature and humidity can have on formaldehyde concentration.[9]

Fleetwood maintains that it is not a reliable methodology to use a mathematical formula as an illustration without doing the calculation.  And, here, the formula is not intended to measure formaldehyde levels for indoor air.[10]  Fleetwood has not sought to revisit the Court's previous ruling, but has sought to limit introduction of the correction formula that has not been calculated, and, indeed, cannot be used in this case.  Plaintiff has not shown or presented any affidavit from Kaltofen to show that this formula is applicable in this situation and has not shown how it will provide helpful information to the jury.

**Conclusion**

For these reasons, Fleetwood is requesting that the Court apply its previous rulings on Kaltofen to Kaltofen's Dubuclet opinions.  Fleetwood further requests that the Court exclude Kaltofen's Opinion Nos. 4, 7, and 8.  Kaltofen is not a statistician and should not be permitted to present statistical testimony.  Opinion No. 4 is based on outdated information and is not reliable. Kaltofen's Opinion No. 7, regarding how his database shows with a 95% of the data exceeds the ATSDR's MRL, is cumulative of Hewett's testimony, and should not be permitted because it does not account for actual living conditions.  Opinion No. 8 regarding his attempt to "correct" formaldehyde levels is not based on reliable science and should be excluded.  Kaltofen even admits that he would not use that formula.  Therefore, the entirety of Opinion nos. 4, 7, and 8 should be excluded.

---

[8] Order dated Aug. 24, 2009 (Rec. Doc. 2816) at 3.
[9] Pl.'s Resp. at 7 (Rec. Doc. 7165).
[10] *See* Def.'s Memo. at 15 (Rec. Doc. 6661).

4

This 16th day of November, 2009.

        Respectfully submitted:

        */s/ Richard K. Hines, V*
        Richard K. Hines, V
        GA Bar No. 356300
        NELSON MULLINS RILEY & SCARBOROUGH, LLP
        Atlantic Station
        201 17th Street, NW, Suite 1700
        Atlanta, GA  30363
        (404) 322-6000 (phone)
        (404) 322-6050 (fax)

        Jerry L. Saporito
        LA Bar No. 11717
        LEAKE & ANDERSSON, L.L.P.
        1700 Energy Centre
        1100 Poydras St.
        New Orleans, LA 70163-1701
        (504) 585-7500 (phone)
        (504) 585- 7775 (fax)

        Counsel for Fleetwood Enterprises, Inc.

## **C E R T I F I C A T E OF SERVICE**

      I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )    Hand Delivery                        ( )    Prepaid U.S. Mail

( )    Facsimile                               ( )    Federal Express

(X)    CM/ECF

      New Orleans, Louisiana, this 16th day of November, 2009.

                                                                         /s/ Richard K. Hines, V
                                                                        Richard K. Hines, V
                                                                        Georgia Bar No. 356300
                                                                        richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)