UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE | * | |
| | PRODUCTS LIABILITY | * | |
| | LITIGATION | * | SECTION:  N(5) |
| | | * | |
| This Document Relates to: | | * | |
| | | * | |
| This Document Relates to: | | * | |
| *Dubuclet v. Fleetwood Enterprises, Inc.* | | * | |
| | | * | JUDGE: ENGELHARDT |
| Case No. 07-9228 | | * | |
| | | * | |
| | | * | MAG: CHASEZ |

*************************************************************************

**DEFENDANT FLEETWOOD ENTERPRISES, INC.'S REPLY BRIEF IN
FURTHER SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE THE
TESTIMONY OF PLAINTIFF'S EXPERT CHARLES DAVID MOORE, PE, PLS**

In her response (Rec. Doc. 7163) to Fleetwood's motion *in limine* to exclude the

testimony of Plaintiff's expert Charles David Moore, PE, PLS (Rec. Doc. 6657), Plaintiff claims

that Fleetwood has misconstrued and twisted Moore's representations. Yet, it is Plaintiff who

misconstrues and twists Moore's testimony in an effort to make it appear non-speculative.

Additionally, Plaintiff fails to directly address Fleetwood's various arguments regarding the lack

of a factual basis for Moore's opinions. As a result, Moore's testimony can only be characterized

as speculative and contrary to the facts observed by Moore himself. Such speculation is not only

useless where actual facts are available to the jury, but is especially harmful and unreliable where

the speculation is directly contradictory to the undisputed facts. Moore's testimony should be

excluded.

Moore opines that Plaintiff's travel trailer's structure "cannot perform to normal air and water resistance under these types of loading." See Rec. Doc. 6657-3 at 9. Plaintiff characterizes this opinion as "not speculative and based on fact." See Rec. Doc. 7163 p. 7. Yet Plaintiff fails to reconcile this opinion with – or to address at all – Moore's deposition testimony that he did not in fact have *any* proof to support a statement that there actually was any intrusion of water or air into Timia's unit while the Dubuclets were living there. See Rec. Doc. 7163-2 at pp. 101-102. It does not matter what might have happened or could have happened to Plaintiff's travel trailer over the course of time; what is relevant is what actually happened to Plaintiff's travel trailer while she was living there.

Plaintiff claims that: "Moore testified that he did observe damage to the travel trailer that indicated it did not perform adequately as intended. There were seals around the exterior of the unit that were either broken or cracked, sunlight was visible through the flap seal of the slide-out, and a spongy weak floor in the area in front of the doorway." See Rec. Doc. 7163 at p. 7. However, Moore's actual testimony was, of course, much more speculative than that.

Initially, Moore admits that he did not include his observations of this damage in his report regarding the condition of the interior or exterior of Plaintiff's unit. See Rec. Doc. 7163-2 at p. 103.  This indicates to Fleetwood that if in fact Moore did observe this damage, he did not consider this damage relevant to his opinions. Additionally, prior to testifying that he observed this damage, Moore testified – without qualification – that *he did not find any structural damage on the interior or exterior of Plaintiff's unit*. Id. at pp. 101-102.

2

Finally – and to clarify –Moore did *not* testify that "he did observe damage to the travel trailer that indicated it did not perform adequately as intended," as Plaintiff claims. See Rec. Doc. 7163 at p. 7. Rather, in his typical speculative style, Moore stated: "I saw some things there that *could have been* that." See Rec. Doc. 7163-2 at p. 102 (emphasis added). Moore then goes on to state, about the damage he claims to have observed: "Whether those were done while the Dubuclets were living there, I don't know." Id. at p. 103.

In conclusion, the following undisputed facts remain: 1) Moore believes that Plaintiff's travel trailer was constructed in accordance with accepted practices for travel trailers; 2) Moore testified and reported that he did not find any interior or exterior structural damage to Plaintiff's unit; 3) Regarding any damage Moore later claimed in his deposition to have observed, Moore did not include this damage in his report and has admitted that he does not know whether that damage was there when Plaintiff occupied the unit; 4) Moore testified that he does not have any proof to support a statement that there was any air or water intrusion into Plaintiff's unit while she lived there. See Rec. Doc. 6657. As a result, Moore's speculations regarding what "might" or "could" or "may" have happened to Plaintiff's unit over the course of time are unreliable, contradictory to the established facts, and would provide no assistance to the trier of fact.

For the foregoing reasons, and those stated in its underlying motion to exclude (Rec. Doc. 6657), Fleetwood respectfully requests that this Honorable Court issue an Order excluding the testimony of Mr. Moore in its entirety.

3

This 16th day of November 2009.

                              Respectfully submitted:

                              */s/ Richard K. Hines, V*

                              Richard K. Hines, V

                              GA Bar No. 356300

                              NELSON MULLINS RILEY & SCARBOROUGH, LLP

                              Atlantic Station

                              201 17th Street, NW, Suite 1700

                              Atlanta, GA  30363

                              (404) 322-6000 (phone)

                              (404) 322-6050 (fax)

                              Jerry L. Saporito

                              LA Bar No. 11717

                              LEAKE & ANDERSSON, L.L.P.

                              1700 Energy Centre

                              1100 Poydras St.

                              New Orleans, LA 70163-1701

                              (504) 585-7500 (phone)

                              (504) 585- 7775 (fax)

                              Counsel for Fleetwood Enterprises, Inc.

## C E R T I F I C A T E OF SERVICE

I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )   Hand Delivery           ( )   Prepaid U.S. Mail

( )   Facsimile               ( )   Federal Express

(X)   CM/ECF

New Orleans, Louisiana, this 16th day of November, 2009.

                                             */s/ Richard K. Hines, V*
                                             Richard K. Hines, V
                                             Georgia Bar No. 356300
                                             E-mail: richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)