UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * | MDL NO. 1873 |
| | | * | SECTION: N(5) |
| This Document Relates to: *Dubuclet v. Fleetwood Enterprises, Inc.* | | * * * | |
| | | * | JUDGE: ENGELHARDT |
| Case No. 07-9228 | | * * | |
| | | * | MAG: CHASEZ |

*****************************************************************************

**DEFENDANT FLEETWOOD ENTERPRISES, INC.'S
REPLY BRIEF IN FURTHER SUPPORT OF ITS
<u>MOTION TO LIMIT ERVIN L. RITTER, P.E.'S TESTIMONY</u>**

In support of Plaintiff's Response (Rec. Doc. 7169), to Fleetwood's motion to limit Plaintiff's expert Ervin L. Ritter (Rec. Doc. 6658), Mr. Ritter has now submitted a supplemental Declaration to bolster the three opinions challenged by Fleetwood (Rec. Doc. 7169-6).[1] As explained more fully below, this supplemental declaration itself offers unsupported opinions and is not sufficient to defeat Fleetwood's motion to limit his testimony.

**1.    Ritter's opinion that a negative pressure condition draws contaminants into the living space is unreliable and should be excluded.**

Ritter's new Declaration offers no further support for this opinion. To combat Fleetwood's criticisms, Plaintiff merely points to Ritter's recitation of his reliance on certain findings by Defense expert, Tony Watson, and summarily concludes that there is no reason to strike this opinion. To the contrary, this type of analytical gap is precisely what *Daubert* and its

---

[1] Although Plaintiff initially objects to the shortened response time (Rec. Doc. 7169, p. 1), Fleetwood would like to point out that all parties are equally affected by the Court's ordered response times. Moreover, the parties are already scheduled to respond and reply to multiple motions next week. *See* Rec. Docs. 6787 and 7103. In addition, trial of the case commences on December 7, 2009. As such, Fleetwood objects to Plaintiff's request for an extension of time to respond in more detail.

progeny exclude. *See, e.g., General Electric v. Joiner*, 522 U.S. 136, 146 (1997). Plaintiff offers no explanation for how Ritter was able to reach his opinions despite his admitted lack of quantifiable measurements. Furthermore, Ritter's supplemental affidavit makes no connection between his reliance on Mr. Watson's findings of certain positive pressure relationships in the Dubuclet unit and his conclusions that the unit must be "operating in a negative pressure condition." Rec. Doc. 7169, p. 4. This opinion is not supported by reliable methodology. His opinion is based only on a subjection observation and reliance on unconnected findings of Mr. Watson, and therefore this opinion on the negative pressure condition being creating and that contaminants were drawn into the living space should be excluded.

> **2. Ritter has not identified any applicable standard that the ductwork did not meet, and therefore this opinion is unreliable and should be excluded.**

He has not identified any specific construction or insulation standard that actually applies to the Dubuclet unit. Ritter instead looks to housing codes which do not apply the Fleetwood travel trailer to conclude that Fleetwood has not met those standards in its manufacture of the Dubuclet unit. Although Ritter's report does not specify which inapplicable housing code, ASHRAE or SMACNA, standards Fleetwood allegedly failed to comport with, Ritter does now include in his new Declaration (Rec. Doc. 7169-6, p. 2) the specific sections to which he was apparently alluding. But Ritter still offers no actual support for how these standards should be applied to a travel trailer. This failure is particularly egregious where Ritter has expressly acknowledged that the "travel trailer industry does not have a specific code or standard for construction of recreational travel trailers and recreation vehicles."[2] For Ritter to opine as to what building code should have been applicable to this travel trailer is an impermissible stretch of an expert opinion. It is not an opinion based on fact; it is incorrect imposition of law.

---

[2] *See* Exhibit B, p. 14 to Fleetwood's underlying motion (Rec. Doc. 6658).

Inasmuch as Plaintiff's response only reiterates Ritter's opinions that the Dubuclet unit did not meet *inapplicable* building codes, Ritter's opinions as to ductwork standards should be excluded as irrelevant and unhelpful to the trier of fact.

> **3.    Ritter's vague opinion that the EHU should have been designed differently is not supported by any viable alternative design, and so it is unreliable and should be excluded.**

Ritter's opinions regarding placement of the vapor barrier, the R-value of the insulation, and increasing the size of the ductwork – despite his slight expansion of these opinions in his new Declaration (Rec. Doc. 7169-6, p. 2) – are not sufficiently specific and detailed to be helpful to a jury. In response to Fleetwood's valid criticisms regarding the obvious shortcomings of Ritter's proposed "alternative design," Ritter offers only vague conclusory statements such as "the cost different would be minimal" and "this would not affect the utility of the unit." It is difficult to understand how increasing the entire ductwork by 3 inches in width and 3 inches in height – as suggested by Ritter -- would entail only a minimal cost difference and would not affect the utility of the unit. *See* Rec. Doc. 7169-6, p. 2, not to mention that Ritter makes no calculations as to the corresponding increased weight of the unit, which will have a direct impact on the transportability of the unit, a unique concern when manufacturing travel trailers.

For all the foregoing reasons and for those stated in its underlying motion (Rec. Doc. 6658), Fleetwood requests that the Court enter an order limiting Ritter's testimony as to these three opinions. While Ritter can testify to his inspection, he should not be permitted to offer these conclusions because he does not have a reliable basis for doing so, and has not followed any methodology in reach these opinions.

This 16TH day of November, 2009.

                                 Respectfully submitted:

                                  */s/ Richard K. Hines, V*
                                  Richard K. Hines, V
                                  GA Bar No. 356300
                                  NELSON MULLINS RILEY & SCARBOROUGH, LLP
                                  Atlantic Station
                                  201 17th Street, NW, Suite 1700
                                  Atlanta, GA  30363
                                  (404) 322-6000 (phone)
                                  (404) 322-6050 (fax)

                                  Jerry L. Saporito
                                  LA Bar No. 11717
                                  LEAKE & ANDERSSON, L.L.P.
                                  1700 Energy Centre
                                  1100 Poydras St.
                                  New Orleans, LA 70163-1701
                                  (504) 585-7500 (phone)
                                  (504) 585- 7775 (fax)

                                  Counsel for Fleetwood Enterprises, Inc.

## **C E R T I F I C A T E OF SERVICE**

   I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )  Hand Delivery      ( )  Prepaid U.S. Mail

( )  Facsimile        ( )  Federal Express

(X)  CM/ECF

   New Orleans, Louisiana, this 16th day of November, 2009.

             /s/ Richard K. Hines, V
             Richard K. Hines, V
             Georgia Bar No. 356300
             richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)