UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | | |
|---|---|---|---|---|
| IN RE: | FEMA TRAILER | * | | MDL NO. 1873 |
| | FORMALDEHYDE | * | | |
| | PRODUCTS LIABILITY | * | | |
| | LITIGATION | * | | SECTION: N(5) |
| | | * | | |
| This Document Relates to: | | * | | |
| *Dubuclet v. Fleetwood Enterprises, Inc., et al.* | | * | | |
| | | * | | JUDGE: ENGELHARDT |
| Case No. 07-9228 | | * | | |
| | | * | | |
| | | * | | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT FLEETWOOD ENTERPRISES, INC.'S REPLY BRIEF
IN FURTHER SUPPORT OF ITS MOTION TO EXCLUDE
THE TESTIMONY OF PLAINTIFF'S EXPERT, ALEXIS MALLET, JR.**

In her response (Rec. Doc. 7166) to Fleetwood's motion to exclude the testimony of Alexis Mallet (Rec. Doc. 6655), Plaintiff points to a list of Mallet's licensures and certifications in attempt to show that he is qualified to render the impressive array of opinions found in his expert report issued in the Dubuclet matter.[1]  Without discrediting Mr. Mallet's long career as a general contractor, Fleetwood maintains that these licensures and certifications are not sufficient for him to render the ultimate opinions he offers in this case, including his conclusion that even though the Dubuclet travel trailer was not defective in and of itself, that FEMA's application of the unit rendered it defective.  For example, Mallet's role as the only non-engineer member of the Investigative Engineers Association does not mean that his opinions more properly belonging to

---

[1] Although Plaintiff initially objects to the shortened response time (Rec. Doc. 7169, p. 1), Fleetwood would like to point out that all parties are equally affected by the Court's ordered response times.  Moreover, the parties are already scheduled to respond and reply to multiple motions next week. *See* Rec. Docs. 6787 and 7103.  In addition, trial of the case commences on December 7, 2009.  As such, Fleetwood objects to Plaintiff's request for an extension of time to respond in more detail.

an actual engineer are now admissible. *See* Rec. Doc. 7166, p. 4. Although Mallet may have generalized knowledge of issues arguably relevant to this matter, his testimony should be excluded where he nevertheless lacks expertise with the specific nature of the claims being litigated. *See, e.g., Montefiore Medical Center v. American Protection Ins. Co.,* 2003 WL 2110 8232 (S.D.N.Y. 2003) (expert lacked specific experience with building deterioration issues despite generalized expertise in field of construction).

Plaintiff also argues that Mallet's duplicative opinions are admissible despite his reliance on the expert opinions of others. In support, Plaintiff cites to several cases which held that an expert may given opinions "based, **in part**, upon reports of others which **are not in evidence** . . ." *See* Rec. Doc. 7166, p. 6 (emphasis added). In contrast, Mallet relies *in whole* on the opinions of other experts offered in this litigation to reach 8 of his 15 opinions. *See* Rec. Doc. 6655, p. 9. Moreover, he relies on the opinions of other experts that Plaintiff is specifically offering *into evidence*. Therefore, the cases relied on by Plaintiff are inapplicable and do not save Mallet's duplicative opinions from exclusion.

**D.      Mallet's Specific Opinions to be Excluded**

<u>**Opinion No. 1**</u>

As evidence that Mallet's opinion regarding condensation is well founded -- despite the complete lack of water stains on the unit that was over 3 years old at the time of his inspection -- Plaintiff reasserts Mallet's reliance on Ms. Dubuclet's testimony that she cleaned the trailer two to three times a week. *See* Rec. Doc. 7166, p. 8. He offers no concrete evidence of what type of cleaner she used, whether that would be effective in erasing all water stains, or whether she even cleaned the ceilings at all. Plaintiff also cites to Mallet's newly offered affidavit (Rec. Doc.

7166-5) to show that the vinyl covering has either "a low or medium PERM rating." *See* Rec. Doc. 7166, p. 6. However, it is not explained how this range of PERM rating allowed him to conclude that "one would not expect there to be any water stains in the event of water intrusion." *Id.* Plaintiff also points to Mallet's thermographic imaging to establish that there was condensation in the Dubuclet unit. However, as noted by Fleetwood -- and not clearly refuted by Mallet in his new affidavit -- Mallet does not account for the poor seal on the unleveled slide-out portion of the unit in relying on his thermographic imaging. *See* Rec. Doc. 6655, p. 17.

### Opinion No. 2

Again, Mallet testified that he did not observe any condensation in the wall or roof cavities of the Dubuclet unit during his inspection or see any water stains on the ceiling or the furniture of the Dubuclet trailer. Any attempt to bolster this opinion through reliance on Ms. Dubuclet's poorly defined cleaning habits is pure speculation. That Mallet was not able to specifically identify any condensation in the Dubuclet unit is not solved simply by Plaintiff's conclusory statement that this type of problem would be inherent. *See* Rec. Doc. 7166, p. 9.

### Opinion No. 3

As previously explained, this is an extension of Opinion 2 and should be excluded for the same reasons. *See* Rec. Doc. 6655, p. 13. Plaintiff's reference to Mallet's testimony that all buildings should use a vapor barrier as he suggests does not cure the problem that Fleetwood has noted -- Mallet cannot cite to any literature or standard that requires, specifies or recommends the use of such a barrier as he suggests for travel trailers. *See id.*

**Opinions Nos. 4 and 5**

Plaintiff's response to Fleetwood's well-reasoned critiques of these two opinions borders on the nonsensical.  Plaintiff does nothing to refute Mallet's admission that these "opinions" are hardly expert opinions at all.  Nor does she refute the fact that Mallet is not an expert in the fields of emergency response, mass production or manufacturing of products, or design or construction of travel trailers.  And finally, she offers no reason why this Court's previous Order -- specifically finding these opinions are unsupported and impermissible -- should not apply in this matter.  *See* Rec. Doc. 3218, p. 2. (finding that "given his lack of specific expertise in the design of travel trailers to be used for emergency response purposes, this opinions is unsupported, and therefore impermissible").

**Opinion No. 6**

Despite Mallet's prior admission that he has no expertise with any formaldehyde issues, Plaintiff now attempts to bolster this opinion by noncommittally referencing Mallet's "experience din the construction industry."  *See* Rec. Doc. 7166, p. 11.  Surely generalized experience in construction does not render one an expert in every conceivable offshoot of such an all-encompassing area.  Plaintiff does not even address Fleetwood's point that Mallet has no expertise in the fields of toxicology, industrial hygiene or indoor air quality.  And finally, Plaintiff again ignores this Court's Order dated September 11, 2009, excluding this opinion.  *See* Rec. Doc. 3218, p. 3.

**Opinion No. 7**

With respect to this opinion, Fleetwood maintains that even if Mallet were qualified to render such an opinion regarding formaldehyde containing products, it is duplicative of Plaintiff's other expert, Dr. Smulki's, opinions.

**Opinion No. 8**

Plaintiff asserts that Mallet "does not need to be an engineer to understand the principles of construction that would relate to this matter." Plaintiff is only partially correct. Mallet would also need to be an expert in areas such as design, materials, formaldehyde, and ventilation. Furthermore, again Plaintiff does not adequately address the problem associated with the lack of seal on the improperly leveled slide-out. Plaintiff merely relies on Mallet's completely unsubstantiated statement that "it has no[] effect on [his] conclusions." *See* Rec. Doc. 7166, p. 12.

**Opinion No. 9**

Although this opinion was admitted in the *Alexander* trial, with respect to the Dubuclet unit, Mallet did not personally inspect any of the ductwork, did not find any area of leakage in the ductwork, nor did he measure or attempt to quantify in any way the amount of cold air that he speculated was leaking. *See* Rec. Doc. 6655, p. 18 (offering more detailed discussion of this short-coming). Again, to the extent this opinion is based on his inspection of the Dubuclet unit and his use of thermographic imaging, it likewise should be excluded as explained previously under "Opinion No. 8." And finally, Plaintiff has offered no response to the formaldehyde component of this opinion or how Mallet would be qualified to render this opinion given that he has admitted to having no expertise in factors that may cause off-gassing of formaldehyde. *See*

Exhibit B, pp. 46-47, 61-64, 164, 185, attached to Fleetwood's underlying motion at Rec. Doc. 6655.

### Opinions Nos. 10 and 11

Even if Fleetwood were to assume, *arguendo*, that Mallet were qualified to render these opinions, Plaintiff has still not pointed to any evidence that there was any actual damage to the Dubuclet unit, i.e., evidence that render Mallet's opinions even relevant to this matter. Plaintiff does not address Fleetwood's citation to Mallet's testimony where he notes the absence of any cracks in any walls or wall panels, or ceiling panels falling. *See* Exhibit C, p. 152, attached to Fleetwood's underlying motion at Rec. Doc. 6655. Mallet's new declaration that the subjectively "excess" sealant on the roof is an *"indication"* of a roof leak or *"perceived"* leak is layers of speculation upon speculation and should be excluded. *See* Rec. Doc. 7166-5, p. 3.

### Opinion No. 12

Plaintiff responds to Fleetwood's criticisms regarding this opinion by arguing that Mallet should be allowed to opine regarding the "lack of clarity" concerning warnings in the Dubuclet unit. Plaintiff wholly ignores this Court's previous mandate that it would exclude from trial proffered "warnings" or "human factors" expert opinions. *See* Rec. Docs. 2181 and 4845. This response serves only to further highlight the many reasons why this opinion should be excluded.

### Opinion No. 13

Plaintiff fails to show the relevance of Mallet's opinion that Fleetwood "failed to conform to its express warranty" should Fleetwood prevail on its Motion for Summary Judgment as to Plaintiff's claim for breach of express warranty (Rec. Doc. 6579). If Fleetwood wins this motion,

there is no need for this opinion.  Even if Fleetwood were to lose this motion, this opinion is a conclusion of law and not a proper expert opinion.

**Opinion No. 14**

In response to Fleetwood's arguments regarding this opinion, Plaintiff does not address the fact that this opinion is admittedly entirely duplicative of the opinions offered by Plaintiff's other experts.  *See* Exhibit C, pp. 158-59, attached to Fleetwood's underlying motion at Rec. Doc. 6655.  Even more problematic is Plaintiff's continued reference to post-Katrina ambient air standards.  Despite this Court's ruling in Rec. Doc. 3069 and Plaintiff's concession that this standard was not in effect when the Dubuclet trailer was manufactured, Mallet nonetheless persists in his bald assertion that the methods and means to construct a travel trailer that would meet such specifications existed in 2005.  *See* Rec. Doc. 7166, p. 15.

Mallet flippantly suggests that Fleetwood could have used different materials in 2005 to construct the Dubuclet travel trailer.  However, he offers no evidence that this is completely possible.  Instead he improperly places the burden on Fleetwood to show the lack of a viable alternative design.  For example, he does not address the cost difference, the weight difference, the difference in application of the materials, differences in durability, or any other variables associated with the design and construction of a travel trailer.

In defense of this complete failure to propose an alternative design, as required under the LPLA, Plaintiff seeks to excuse Mallet from conducting an economic analysis by misrepresenting the state of the record in this case.  It appears that Plaintiff has not even cursorily reviewed the documents that Fleetwood has produced.  Plaintiff claims that she has not received information by which an expert could do an economic analysis of an alternative design:

"Fleetwood has never revealed in discovery, despite repeated requests, the unit cost of the products and structures utilized in the trailer.  Therefore, Plaintiff cannot be faulted for determining an increased cost, as Fleetwood has never produced the actual numbers." Rec. Doc. 7166, p. 15.   But Fleetwood has produced the following type of documents, which Plaintiff has apparently not even provided to Mallet:

- Purchase order documents from Continental Lumber: FLE-45 through FLE-5513. These documents were produced in 2008 throughout Fleetwood's initial production, and show purchases of wood products used in travel trailer units and the purchase prices of same. By way of example only, one such purchase order is attached.

- Purchase order documents from Patrick Industries: FLE-00014472 through FLE-00014960. These documents were produced August 13, 2009. These documents also show purchases of wood products used in travel trailer units and the purchases prices of same. By way of example only, one such purchase order is attached.

- Bill of Materials Manual: FLE-00004474 through FLE-00004835. This was produced on July 8, 2008. This relates to the design and construction of units such as the Dubuclet unit

- Travel Trailer Assembly Manual: This was produced on June 24, 2009 at bates numbers FLE-10017 through FLE-10936 and relates to the design and construction of units such as the Dubuclet unit.

Plaintiff cannot now complain that she did not have sufficient information from Fleetwood to address an economic analysis of an alternative design.  Despite her completely false assertion to the contrary, Plaintiff never asked for more information from Fleetwood, and never moved the Court to compel any other documents.  If Plaintiff did not provide these

documents to Mallet, then he did not rely on them to form his opinion; Mallet cannot be excused from the requirements of Rule 702 based on Plaintiff's failure to obtain through the Federal Rules of Civil Procedure relevant documents and/or to provide him the documents they received.

### Opinion No. 15

Again, it is one thing to say that certain materials either were or now are available.  It is entirely different to prove that their application still achieves the desired result.  Mallet has pointed to no travel trailer, even now, that encompasses his proposed alternatives.  Plaintiff offers no real objection to Fleetwood's critiques of this opinion -- including the fact that this Court previously excluded the same opinion proffered by Mallet at Rec. Doc. 3218, p. 3 -- other than her attempts to excuse Mallet for his lack of knowledge, and place the burden of proving an alternative design onto Fleetwood.  This is Plaintiff's burden, and her proposed experts are presumably offered in an attempt to meet this burden.  If Mallet cannot provide any assistance with an alternative design, then his testimony should not be allowed.  It is not helpful, nor reliable, to simply offer Mallet to point the finger back at Fleetwood with no basis.

### CONCLUSION

For the foregoing reasons and those asserted in Fleetwood's underlying motion at Rec. Doc. 6655, Fleetwood respectfully requests that this Court issue an Order excluding the testimony of Plaintiff's expert, Alexis Mallet.

This 16th day of November 2009.

>Respectfully submitted:
>
>  /s/ Richard K. Hines, V
> Richard K. Hines, V
> GA Bar No. 356300
> NELSON MULLINS RILEY & SCARBOROUGH, LLP
> Atlantic Station
> 201 17th Street, NW, Suite 1700
> Atlanta, GA  30363
> (404) 322-6000 (phone)
> (404) 322-6050 (fax)
>
>
> Jerry L. Saporito
> LA Bar No. 11717
> LEAKE & ANDERSSON, L.L.P.
> 1700 Energy Centre
> 1100 Poydras St.
> New Orleans, LA 70163-1701
> (504) 585-7500 (phone)
> (504) 585- 7775 (fax)
>
> Counsel for Fleetwood Enterprises, Inc.

## **C E R T I F I C A T E OF SERVICE**

I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )     Hand Delivery                    ( )     Prepaid U.S. Mail

( )     Facsimile                        ( )     Federal Express

(X)     CM/ECF

New Orleans, Louisiana, this 16th day of November 2009.

 /s/ Richard K. Hines, V
Richard K. Hines, V
Georgia Bar No. 356300
richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)