UNITED STATES DISTRICT COURT3

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                      MDL NO. 07-1873
       FORMALDEHYDE PRODUCTS
       LIABILITY LITIGATION
                                                                           SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-2977

## ORDER AND REASONS

Before this Court is Shaw Environmental, Inc.'s Motion for Summary Judgment Regarding Prescription (Rec. Doc. 2581). In this action, Shaw Environmental, Inc. ("Shaw") asserts that Plaintiff's claims against it have prescribed. The motion is opposed. (Rec. Doc. 2803). After reviewing the parties' memoranda and the applicable law, the Court denies this motion and finds that Plaintiff's claims against Shaw are timely.

**I.    BACKGROUND**

After Hurricane Katrina made landfall on the Gulf Coast in late August 2005, Shaw contracted with the Federal Emergency Management Agency ("FEMA"), agreeing to (1) haul and transport Emergency Housing Units ("EHUs"), (2) install and make-ready EHUs, (3) inspect EHUs, and (4) maintain EHUs.

Bellwether plaintiff, Lyndon Wright, filed his original complaint on March 2, 2009. (Member Case 09-2977, Rec. Doc. 1). In the instant motion, Shaw claims Plaintiff's claims

against it are prescribed.

## II. DISCUSSION

### A. Legal Standard - Motion for Summary Judgment

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana*, 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.*, 277 F.3d 757, 764 (5th Cir. 2001). Factual controversies are also to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Id.*(citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003)("When evidence exists in the summary judgment record but the nonmovant fails to refer to it in response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by

"unsubstantial assertions," or "by one scintilla of evidence." *Little*, 37 F.3d at 1075. Rather, a factual dispute precludes grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

### B. Prescription Analysis

It is well settled under Louisiana law that a cause of action based on negligence is a delictual action subject to a one year prescriptive period commencing on the "day the injury or damage is sustained." La. Civ. Code. Art. 3492. This period is equally applicable to claims brought under the Louisiana Products Liability Act ("LPLA"). *Denoux v. Vessel Management Services, Inc*., 2007-0163 (La. App. 4 Cir. 7/11/07), 964 So.2d 1081. Generally, prescription begins to run "when plaintiff has actual or constructive notice of the alleged tortious act." *Mistich v. Cordis Manufacturing Co.*, 607 So. 2d 955, 956 (La. App. 4th Cir. 1992). In other words, prescription begins to run when it can be objectively determined that the exercise of reasonable diligence would have alerted a reasonably minded plaintiff of the reasonable possibility that it was a victim of tortious conduct. *Griffin v. Minberger*, 507 So. 2d 821, 823 (La. 1987).

Here, Plaintiff testified that he told his mother in April 2006 that he believed the EHU was making him sick. (Exhibit D to Rec. Doc. 2581, pp. 169-171). Thus, Shaw argues that under Louisiana law, prescription began to run at least by that day. According to Shaw, Plaintiff's claims against Shaw prescribed at the latest in April 2007.

Plaintiff alleges the following theories to demonstrate his claims against Shaw have not prescribed: (1) the statute of limitations was tolled; (2) *contra non valentum* operates to bar

prescription; and (3) under the Louisiana tortfeasor doctrine, Shaw's motion is premature. This Court will address each theory herein.

### (1) Tolling

"Under Louisiana law, prescription is interrupted by the timely commencement of an action, and that interruption continues for as long as the suit is pending." *Orleans Parish School Board v. Asbestos Corp. Ltd.*, 892 F.Supp. 794, 802 (E.D.La. 1995), *aff'd* 114 F.3d 66 (5th Cir. 1997), *cert. denied*, 522 U.S. 995 (1997). In *American Pipe and Construction Co. v. Utah*, 414 U.S. 538 (1974), the United States Supreme Court held that the filing of a class action tolls the applicable statute of limitations as to all members of the putative class. The rationale behind this holding was in part to avoid unnecessary repetitive filings by individuals who wanted to join the class and in part to protect the rights of putative class members who were unaware that litigation had even been filed ostensibly on their behalf. If class certification was subsequently denied, the prescription commenced to run again. *In Re FACTOR VIII or IX Concentrate Blood Products Litigation*, 2000 WL 282787, *4 (E.D. La. March 14, 2000).

Here, Plaintiff claims that the statute of limitations was tolled until the Motion to Certify Class was denied on December 29, 2008. (See Rec. Doc. 1014). Further, Plaintiff filed his lawsuit on March 2, 2009, within three months of the Court's denial of the Motion to Certify Class.

Conversely, Shaw argues that Plaintiffs may not benefit from *American Pipe* tolling because the putative *Hillard* class[1] did not assert any claims against Shaw (or any other

---

[1] The first putative class action against Shaw and others was *Hillard, et al. V. Gulf Stream, et al.*, which was filed on May 18, 2006. (See Member Case No. 06-2576, Rec. Doc. 1).

contractor defendants). Shaw argues that *American Pipe* speaks only of claims actually brought by the putative class members and not of every claim that might have been added against potential unnamed defendants, like Shaw.

In response to this assertion, Plaintiff cites to *Appleton Electric Co. v. Graves Truck Line, Inc.*, 635 F.2d 603 (7th Cir. 1980), the U.S. Court of Appeals for the Seventh Circuit held:

> We are persuaded that implicit in the Supreme Court's *American Pipe* decision was the Court's determination that "effectuation of the purpose of litigative efficiency and economy" (which Rule 23 was designed to perform) transcends the policies of response and certainty behind the statute of limitations. . . .
>
> A contrary rule would sound the death knell for suits brought against a *defendant class*, nullifying that part of Rule 23 that specifically authorizes such suits. This, in turn, would have a potentially devastating effect on the federal courts. Plaintiffs would, in each case, be required to file protective suits, pending class certification, to stop the running of the statute of limitations.

635 F.2d at 609-610 (emphasis added). Although there is no clear assertion that there is a defendant class in this case, that is essentially the allegation in the Master Complaint filed in this matter (See Rec. Doc. 109), because there are numerous manufacturing defendants as well as contractor defendants and insurers named therein. Thus, the Court finds that *American Pipe* applies, and Plaintiff timely filed his lawsuit against Shaw on March 2, 2009, within three months of the date the statute of limitations began to run (i.e., within three months of December 29, 2008, the date the Motion to Certify Class was denied).

This Court is persuaded by the reasoning in *Appleton* coupled with *American Pipe*, and concludes, based on these cases, that Plaintiff's claims are timely.

5

### **(2)** *Contra Non Valentum*

The doctrine of *contra non valentum* may interrupt a prescriptive period under four scenarios: (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from availing himself of his cause of action; and (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance was not induced by the defendant. *Corsey v. State ex re. Dept. Of Corrections*, 375 So. 26 1319, 1321-22 (La. 1979).

Plaintiff argues the equitable concept of *contra non valentum* should be applied to bar prescription because numerous factors allegedly contributed to his inability to appreciate his potential claims against Shaw, including his inability to obtain information necessary to identify which contractor installed and maintained the EHU. Plaintiff explains that much of the information necessary to identify Shaw was in the hands of the United States and Shaw, and because his doctor "mis-diagnosed" him in 2006 as having "seasonal allergies."

Shaw, on the other hand, claims that Plaintiff's late filing of claims against it was unreasonable. Shaw essentially argues that Plaintiff was perfectly capable of bringing his claims against it, however, he simply failed or refused to do so in a timely fashion. Shaw contends that by April 2006, Plaintiff was complaining of injuries allegedly caused by the EHU. However, Plaintiff claims that on April 10, 2006, he sought to discover the cause of these injuries by consulting his doctor, who indicated his injuries may be the result of "seasonal allergies." (See Rec. Doc. 2803, p. 20).

Regardless of when Plaintiff had actual or constructive knowledge that his trailer may

have been causing him injury, the Court notes that Plaintiff did not know that Shaw (or one of its subcontractors) installed his EHU. Thus, it follows that his claims against Shaw were not known or reasonably knowable. On the showing made, it is unclear to the Court why a person who was provided an EHU after a disaster would know or remember the identity of the entity who installed the EHU prior to his getting the keys and taking possession, not to mention fathom that such installation and maintenance could be partly or wholly the cause of any perceived injury related to the trailer. Thus, the Court finds that, under the doctrine of *contra non valentum*, Plaintiff's claims against Shaw were not known or reasonably knowable.

### (3) Joint Tortfeasor Doctrine

Plaintiff also claims that under the joint tortfeasor doctrine, Shaw's motion is premature. However, this Court has already held the joint tortfeasor doctrine is applicable to defendants in the instant case, thus serving to interrupt prescription. The Louisiana Civil Code provides that "[i]nterruption of prescription against one joint tortfeasor is effective against all joint tortfeasors." La. C.C. art. 2324. Shaw asserts Plaintiff cannot prove prescription was interrupted pursuant to article 2324 because only the "named plaintiffs" in *Hillard* can avail themselves of the join tortfeasor doctrine under Article 2324. However, this Court finds that *American Pipe* must be read together with Louisiana Civil Code Article 2324, such that Lyndon Wright is considered a "named plaintiff." Pursuant to *American Pipe*, Plaintiff stands in the shoes of the named plaintiffs in *Hilliard* as to the right to claim the benefit of any statute which would toll the relevant Louisiana prescription period. See 414 U.S. at 554.

Further, it should be noted that Fluor's interpretation as to the inapplicability of article 2324 goes against the notion that Louisiana law favors redressability. As the Fifth Circuit has

7

explained,

> The Louisiana Supreme Court has long held that "prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished; thus, of two possible constructions, that which favors maintaining, as opposed to barring, an action should be adopted."

*Richard v. Wal-Mart Stores, Inc.*, 559 F. 3d. 341, 346-47 (5th Cir. 2009) (quoting *Lima v. Schmidt*, 595 So.2d 624, 629 (La. 1992).

Therefore, the Court determines that, under the joint tortfeasor doctrine, Shaw is a joint tortfeasor with the manufacturer defendants that were named in the *Hilliard* action. Thus, prescription as to Plaintiff's claims against Shaw was interrupted.

## III. CONCLUSION

**IT IS ORDERED** that **Shaw Environmental, Inc.'s Motion for Summary Judgment Regarding Prescription (Rec. Doc. 2581)** is **DENIED**.

New Orleans, Louisiana, this 16th day of November, 2009.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**