UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                        MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION
                                                                           SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case Nos. 09-2977 and 07-9228

**ORDER AND REASONS**

Before the Court is the Motion for Reconsideration on the Motion to Strike Defendants' Medical Expert Dr. H. James Wedner (Rec. Doc. 5602), filed by Plaintiffs Lyndon Wright and Elisha Dubuclet, individually and on behalf of her minor child Timia Dubuclet (collectively, "Plaintiffs"). After considering the memoranda filed by the parties and the applicable law,

**IT IS ORDERED** that the **Motion for Reconsideration on the Motion to Strike Defendants' Medical Expert Dr. H. James Wedner (Rec. Doc. 5602)** is **DENIED**, for all the same reasons as stated by Defendants Fleetwood Enterprises, Inc. and Forest River, Inc. in Defendants' Joint Opposition to Plaintiffs' Motion to Strike Defendants' Medical Expert Dr. H. James Wedner (Rec. Doc. 4854) and in Defendants' Joint Opposition to Plaintiffs' Motion for Reconsideration on the Motion to Strike Defendants' Medical Expert Dr. H. James Wedner (Rec. Doc. 5817). It is true that La. Rev. Stat. § 37:1284 provides that "[u]nlicensed physicians shall not

1

be permitted to . . . testify as a medical expert in any court." However, in *Dawsey v. Olin Corp.*, 782 F.2d 1254 (5th Cir. 1986), the Fifth Circuit concluded, "...we need not concern ourselves with [La. Rev. Stat. § 37:1284] because the statute does not apply in federal court; questions concerning the admissibility of evidence in federal court are governed by the Federal Rules of Evidence. 782 F.2d at1262 (citing Fed.R.Evid. 1101; *Pollard v. Metropolitan Life Insurance Co.*, 598 F.2d 1284, 1286 (3d Cir.1979)). To the extent that Plaintiffs claim that La. Rev. Stat. § 37:1271[1] requires the granting of this motion to reconsider, the Court notes that this statute, which is included in the same title as La. Rev. Stat. § 37:1284, was in effect at the time the Fifth Circuit rendered its decision in *Dawsey*. This Court finds that the learned Circuit Judges who rendered the *Dawsey* opinion were surely aware of La. Rev. Stat. § 37:1271 when they determined that the Louisiana statute was inapplicable in federal court. Thus, this Court denies the Plaintiffs' motion to reconsider.

New Orleans, Louisiana, this 16th day of November, 2009.

**KURT D. ENGELHARDT**
**United States District Court**

---

[1] This statute provides, in part:

> No person shall practice or attempt to practice medicine across state lines without first complying with the provisions of this Part and without being a holder of either an unrestricted license to practice medicine in Louisiana or a telemedicine license entitling him to practice medicine pursuant to R.S. 37:1276.1.

La. Rev. Stat. 37: 1271 (B)(1).