UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION: N(5) |
| | * | |
| This Document Relates to: | * | |
| *Dubuclet v. Fleetwood Enterprises, Inc.* | * | |
| | * | JUDGE: ENGELHARDT |
| *Case No. 07-9228* | * | |
| | * | |
| | * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT FLEETWOOD ENTERPRISES, INC.'S REPLY BRIEF IN
SUPPORT OF ITS MOTION TO LIMIT
STEPHEN SMULSKI, Ph.D'S TESTIMONY**

COMES NOW Defendant Fleetwood Enterprises, Inc. (hereinafter "Fleetwood") and submits this reply in support of its Motion to Limit the Testimony of Plaintiff's expert Stephen Smulski, Ph.D. Plaintiff's proposed expert Stephen Smulski, Ph.D. has ventured outside of his zone of expertise, and those opinions—ranging from design defects to medical causation—should be excluded. Plaintiff's response brief provides no support to Smulski's opinion, and, indeed, it appears to be an effort to shift the burden of proving an alternative design to Fleetwood. Plaintiff has excuses for why Smulski's opinions are not the product of reliable methods, none of which are valid, as addressed below.

**1.      Smulski has made no attempt to design a travel trailer, and provides no basis for his opinion that there are alternative wood products that could have been used.**

Smulski's opinion that there were alternative wood products available is useless unless those products can be incorporated into a travel trailer that meets industry standards. Plaintiff makes much of the fact that it does not matter that Smulski is not a civil engineer because he is

not speaking to load-bearing materials.[1] The opinion as to "load-bearing materials", however, is not the only reason to have a civil engineer; it is the entire design that must be implemented. Plaintiff states that Smulski "works with" architects and engineers,[2] but here, Smulski is offering these opinions alone, not in conjunction with an engineer. Smulski also testified that he has no reason to believe that alternative products would "perform any differently than what was actually used in those units."[3] But his opinion on the performance is not based on any testing, is not based on examining a particular wood alternative product, and is not based on whether the alternate product would allow the travel trailer to meet the standards required by the industry. As Fleetwood's recreational vehicle expert Thomas Fribley testified, the industry standards which applied to the FEMA EHUs produced by Fleetwood in March of 2006 were the NFPA 1192 standards, which "involve the whole recreational vehicle".[4] The NFPA 1192 standards incorporate SAE and DOT standards that the travel trailer must meet.[5] Even if Smulski could show that the alternative wood products could meet these industry standards, he has made no attempt to design a travel trailer using non-formaldehyde products to determine whether the components that he chose to substitute would meet the transportability, durability, price point for a travel trailer to be commercially viable. Indeed, Smulski does not even know that he needs to consider these factors when considering alternative wood products to possibly use in a travel trailer. For these reasons, his opinion on possible alternative designs should be excluded.

**2.      Plaintiff received, through discovery, documents that Smulski could have relied on to conduct an economic feasibility analysis of an alternative design.**

---

[1] Pl.'s Resp. at 4-5 (Rec. Doc. 7170).
[2] *Id.* at 5 (Rec. Doc. 7170).
[3] Smulski Dep. (Oct. 20, 2009) at 67:14-68:14 (Ex. A).
[4] Fribley Dep. at 103:4-6 (Ex. B).
[5] Fribley 103:1 to 107:11 (Ex. B).

Plaintiff seeks to excuse Smulski from conducting an economic analysis by misrepresenting the state of the record in this case. It appears to Fleetwood that Plaintiff has not even cursorily reviewed the documents that Fleetwood has produced. Plaintiff writes that she has not received information by which an expert could do an economic analysis of an alternative design: "Defendants have not provided the unit cost for the formaldehyde emitting wood products in the unit. Plaintiffs should not be criticized for failing conduct an economic analysis when Defendants failed to provide the necessary information to do the analysis."[6] But Fleetwood has produced the following type of documents, which Plaintiff has apparently not even provided to Smulski:

- Purchase order documents from Continental Lumber: FLE-45 through FLE-5513. These documents were produced in 2008, and show purchases of wood products used in travel trailer units and the purchase prices of same. By way of example only, one such purchase order is attached as Exhibit C.

- Purchase order documents from Patrick Industries: FLE-00014472 through FLE-00014960. These documents were produced on August 13, 2009. These documents also show purchases of wood products used in travel trailer units and the purchases prices of same. By way of example only, one such purchase order is attached as Exhibit D.

- Bill of Materials Manual: FLE-00004474 through FLE-00004835. This was produced on July 8, 2008. This relates to the design and construction of units such as the Dubuclet unit.

---

[6] Pl.'s Resp. at 6 (Rec. Doc. 7170).

- Travel Trailer Assembly Manual: This was produced on June 24, 2009 at bates numbers FLE-10017 through FLE-10936.  This relates to the design and construction of units such as the Dubuclet unit.

Plaintiff cannot now complain that she did not have sufficient information from Fleetwood to address an economic analysis of an alternative design. Plaintiff never asked for more information from Fleetwood, and never moved the Court to compel any other documents. If Plaintiff did not provide these documents to Smulski, then he did not rely on them to form his opinion, but Smulski cannot be excused from the requirements of Rule 702 based on Plaintiff's failure to obtain through the Federal Rules of Civil Procedure relevant documents and/or to provide the documents they had received to Smulski.

**3.      Plaintiff improperly attempts to shift the alternative design burden to Fleetwood.**

For Smulski's opinions regarding the wood product alternatives and the mechanical ventilation, Plaintiff has now argued that Smulski does not have to provide certain details because Fleetwood has the knowledge and should know how to do it. Regarding the wood-product alternatives, Plaintiff writes, "[i]t is not essential that Dr. Smulski knew the 'name' of the wood manufacturers, especially when Fleetwood already knew their names and in fact was doing business with them and buying wood from them to use in their manufactured houses for over twenty years."[7] For the mechanical ventilation system, Plaintiff writes, "Although [Smulski] could not identify any trailers that had mechanical ventilation systems, mechanical ventilation systems have been used on a variety of buildings for years. More importantly Fleetwood has been making manufactured housing since the 1980's . . . Fleetwood had mechanical ventilation

---

[7] Pl.'s Resp. at 6 (Rec. Doc. 7170).

4

systems available to them, they [sic] merely needed to put them on a travel trailer to reduce the formaldehyde concentration."[8]

Each of these statements attempts to excuse Smulski for his lack of knowledge, and place the burden of proving an alternative design onto Fleetwood. This is Plaintiff's burden, and her proposed experts are offered in an attempt to meet this burden. If Smulski cannot provide any assistance with an alternative design, then his testimony is not allowed. It is not helpful, nor reliable, to simply offer Smulski to point the finger back at Fleetwood with no basis. Smulski has not done any analysis that certain wood products could be used in a different product or that the ventilation system used on one product could somehow be converted to a different product, which is governed by different regulations. Therefore, his opinions should be excluded.

4.  **Fleetwood is not seeking a second bite at the apple on a previous ruling, rather Fleetwood is asking the Court to evaluate Smulski on the basis of his opinion in this particular case.**

Fleetwood is fully aware that this Court entered an order in *Alexander* regarding Smulski that he may offer an opinion as to the "modification of materials used in the construction of the EHU, but it should be made clear that Dr. Smulski is not an expert in design of EHUs in particular, and thus, cannot offer a general opinion regarding the 'design practices' of EHUs beyond the use of wood, wood-based and wood-composite materials in such design."[9] But, as Fleetwood stated in its opening brief, "it is not clear how this Order would apply in this given his testimony that he cannot identify any specific modifications."[10] While there are certainly similarities in these cases,[11] Fleetwood is entitled to seek a ruling on the basis of Smulski's

---

[8] Pl.'s Resp. at 7 (Rec. Doc. 7170).
[9] Order at 3-4 (Rec. Doc. 2800). Fleetwood notes that Plaintiff, too, has sought in its response to Hewett, to revisit a ruling that the Court made in *Alexander* for Paul Hewett, see Rec. Doc. 7164, and in that case, for an opinion that Plaintiff's stated at the deposition would not be offered.
[10] Def.'s Memo. Law at 2 n.4 (Rec. Doc. 6660).
[11] There are also differences, including the type of testing conducted in each case.

opinions in this case. For the reasons cited in its briefing, Smulski does not have a basis for even offering an opinion on "modification of materials" and should not even be permitted to testify to the that subject.

**5.     Plaintiff cannot excuse the requirement that Smulski's opinions be the product of reliable methods by complaining about an agreed-upon protocol.**

Plaintiff also seeks to excuse Smulski from having his opinions being the product of reliable principles and methods: "Plaintiffs requested the opportunity to conduct a blower door test to determine the air exchange rate, they were not allowed to do so by the Defendants."[12] Plaintiff ignores the fact that the parties agreed upon the testing protocol that was ultimately used by them.  Plaintiff cannot now use this agreed-to protocol to complain that it did not include certain tests they required to meet their burden of proof on some issue in the case.. Neither can Plaintiff use it to excuse her expert from meeting the requirements of Rule 702 that an expert's opinion be the product of reliable principles and methods. Plaintiff agreed to the protocol, knowing what her burden is. Plaintiff did not seek redress from the Court, and she cannot sit idly by, go through with the protocol, and then seek to excuse her expert from not having reliable grounds for his opinion.

**III.    Conclusion**

Smulski's opinions regarding alternative designs should not be admitted under Rule 702. Plaintiff should be held to her full burden, and her failure to either show certain documents to Smulski or to seek redress from the Court regarding certain testing, does not relieve her of that burden. For these reasons, Fleetwood requests that this motion be granted.

---

[12] Pl.'s Resp. at 8-9 (Rec. Doc. 7170).

This 16th day of November 2009.

                              Respectfully submitted:

                              */s/ Richard K. Hines, V*
                              Richard K. Hines, V
                              GA Bar No. 356300
                              NELSON MULLINS RILEY & SCARBOROUGH, LLP
                              Atlantic Station
                              201 17th Street, NW, Suite 1700
                              Atlanta, GA  30363
                              (404) 322-6000 (phone)
                              (404) 322-6050 (fax)

                              Jerry L. Saporito
                              LA Bar No. 11717
                              LEAKE & ANDERSSON, L.L.P.
                              1700 Energy Centre
                              1100 Poydras St.
                              New Orleans, LA 70163-1701
                              (504) 585-7500 (phone)
                              (504) 585- 7775 (fax)

                              Counsel for Fleetwood Enterprises, Inc.

**C E R T I F I C A T E OF SERVICE**

       I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )    Hand Delivery                ( )    Prepaid U.S. Mail

( )    Facsimile                     ( )    Federal Express

(X)    CM/ECF

       New Orleans, Louisiana, this 16th day of November 2009.

                                        /s/ Richard K. Hines, V
                                        Richard K. Hines, V
                                        Georgia Bar No. 356300
                                        richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)