UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER         * | | MDL NO. 1873 |
|        FORMALDEHYDE   * | | |
|        PRODUCTS LIABILITY * | | |
|        LITIGATION         * | | SECTION: N(5) |
|    * | | |
| This Document Relates to:   * | | |
| *Dubuclet v. Fleetwood Enterprises, Inc.*   * | | |
|    * | | JUDGE: ENGELHARDT |
| *Case No. 07-9228*   * | | |
|    * | | |
|    * | | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT FLEETWOOD ENTERPRISES, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO EXCLUDE DR. EDWARD H. SHWERY'S TESTIMONY**

Comes now Defendant Fleetwood Enterprises, Inc. (hereinafter "Fleetwood") and states that in Plaintiff's response (Rec. Doc. 7087) to Fleetwood's motion to exclude Dr. Shwery's testimony (Rec. Doc. 6662), Plaintiff has attempted to broaden the scope of Dr. Shwery's reliance—critical to Plaintiff's argument given that Plaintiff has now withdrawn Dr. Farber as a witness. As Fleetwood shows below, this attempt to bolster Dr. Shwery's opinion does not satisfy the requirements of Federal Rule of Evidence 702, and Dr. Shwery's opinion should still be excluded.

1. **Dr. Shwery's primary reliance was on Dr. Farber, and Dr. Miller's limited causation opinion and Dr. Williams's general causation opinion do not supply a sufficient basis for Dr. Shwery's opinion.**

Plaintiff points to Dr. Shwery's affidavit and his testimony that he relied on others' reports, not just Dr. Farber's. First, Dr. Shwery's testimony, particularly as it relates to his conclusion that Timia is allergic to formaldehyde, is clear that he is relying on Dr. Farber: "[Dr. Farber] said that she is allergic to formaldehyde, and he described for me the process by which

that will medically result in a recurrence of skin conditions and allergic reactions."[1] While Shwery admitted that he reviewed Dr. Miller's report, his testimony does not specify to what extent or on what point he reviewed that report. In fact, he states that he "read it for background,"[2] and he states, "I had already formulated my opinions before I read that."[3]

Neither is Plaintiff specific as to what reliance Dr. Shwery places on Dr. Williams. Yes, Dr. Shwery's affidavit recites his review of Dr. Williams's affidavit, but nothing specifies which part of Dr. Williams's opinion supports Dr. Shwery's opinion. Dr. Williams is not discussed in Dr. Shwery's deposition.[4] And, in any event, Dr. Williams is only offering a general causation opinion; therefore it would not be appropriate for Dr. Shwery to rely on her opinion to support specific causation here.[5]

**2.     Dr. Shwery's review of medical records does not support Dr. Shwery's opinion.**

Nothing in Timia's medical records indicates that she is sensitized to formaldehyde. It was only Dr. Farber's erroneous conclusion—a conclusion that is now withdrawn—that she was sensitized to formaldehyde that provided any information in the case on this point. Indeed, assuming that her medical records, including the reading of the T.R.U.E. Test by Dr. Farber, are admitted into evidence, the results of the T.R.U.E. Test indicate that she is not allergic to formaldehyde.[6] While Dr. Farber may have reached a different conclusion in his affidavit, because Dr. Farber is no longer a witness in this case, that conclusion can no longer serve as the basis for Dr. Shwery's opinion. Dr. Shwery has admitted that he cannot form any opinion on his

---

[1] Shwery Dep. at 109:22-110:13 (Ex. B to Rec. Doc. 6662) excepts attached as Ex. A.
[2] Shwery Dep. at 23:25-24:6, (Ex. B to Rec. Doc. 6662).(Ex. A.)
[3] *Id.* at 24:21-25 (Ex. A).
[4] Fleetwood notes that Dr. Shwery has submitted a supplemental report, dated November 5, 2009, but it does not state his basis for any further reliance on Dr. Miller or Dr. Williams. See Shwery Nov. 5, 2009 Examination, attached as Ex. B. Indeed, he still notes that he will consult with Dr. Farber for long-term recommendation, even though Dr. Farber no longer had a valid medical license. *Id.* at 3 (Ex. B).
[5] Williams Aff. at 40 (DUB000245) (Ex. C to Rec. Doc. 6664).
[6] Standard Data Collection Form (DUB 001143, attached to Farber Aff.), attached as Ex. C.

own about whether there was excessive formaldehyde and whether that level would have any negative impact on her health condition.[7] Dr. Shwery has not pointed to anything in her medical records that allows him to draw the conclusion that formaldehyde exposure has caused her eczema or exacerbation of her eczema.

### III.     Conclusion

Plaintiff must do more than cite a laundry of list of items that Dr. Shwery has reviewed, and should examine how a specific item or document actually supports his opinion. Dr. Shwery provided that basis in his deposition for his reliance on Dr. Farber's testimony—unfortunately it was a basis that Dr. Farber later corrected, and now Plaintiff has withdrawn Dr. Farber. Fleetwood therefore requests that Dr. Shwery's opinion be excluded because there is no reliable basis for that opinion to be presented to the jury.

'This 16th day of November 2009.

Respectfully submitted:

 /s/ Richard K. Hines, V
Richard K. Hines, V
GA Bar No. 356300
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)

Jerry L. Saporito
LA Bar No. 11717
LEAKE & ANDERSSON, L.L.P.
1700 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-1701
(504) 585-7500 (phone)

---

[7] Shwery Dep. at 105:17-106:17 (Ex. B to Rec. Doc. 6662).

        (504) 585- 7775 (fax)

        Counsel for Fleetwood Enterprises, Inc.

## **C E R T I F I C A T E OF SERVICE**

  I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( ) Hand Delivery      ( ) Prepaid U.S. Mail

( ) Facsimile        ( ) Federal Express

(X) CM/ECF

  New Orleans, Louisiana, this 16th day of November, 2009.

            /s/ Richard K. Hines, V
           Richard K. Hines, V
           Georgia Bar No. 356300
           richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)