UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Dubuclet v. Fleetwood Enterprises, Inc.* | * | |
| Docket No. 07-9228; | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION *IN LIMINE* TO EXCLUDE TESTIMONY AND EVIDENCE RELATING TO FLEETWOOD ENTERPRISES, INC.'S BANKRUPTCY FILING**

Plaintiff Elisha Dubuclet ("Ms. Dubuclet" or "Plaintiff") submits this memorandum in support of its Motion *in Limine* to Exclude Testimony and Evidence Relating to Fleetwood Enterprises, Inc.'s Bankruptcy Filing. Specifically, Plaintiff seeks to exclude the following:

> Any testimony or evidence referring to Fleetwood Enterprises, Inc.'s Bankruptcy filing and any circumstances related to the same.

**ARGUMENT AND AUTHORITIES**

**I.   STANDARD OF ADMISSIBILITY.**

Only relevant evidence is admissible. FED. R. EVID. 402. In determining relevancy, Rule 401 provides that relevant evidence is "evidence, having any tendency to make the existence of any fact that is of consequence the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Under Rule 403 of the Federal Rules of Evidence, a district judge is permitted to exclude even relevant evidence if he finds that its probative value is substantially outweighed by the danger of "unfair prejudice, confusion of the issues, or misleading the jury". FED. R. EVID. 403.

1

**II.     TESTIMONY REGARDING THE BANKRUPTCY FILING IS IRRELAVANT AND FAILS THE RULE 403 BALANCING TEST.**

Defendant Fleetwood has filed for Bankruptcy. Plaintiff submits that any evidence regarding Bankruptcy filing is irrelevant to the case at bar, and if submitted, such evidence would confuse the issues, mislead the jury or would present a waste of this Court's time.

Even if this Court were to find the Bankruptcy filing slightly relevant, testimony regarding the same should be excluded because it fails the balancing test set forth in Rule 403. This Court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. FED. R. EVID. 403. Evidence is considered unfairly prejudicial not merely because it damages the opposing party's case, but also because its admission makes it likely the jury will decide the case on an improper basis, such as an emotional one, rather than on the evidence presented. *United States v. Connelly*, 874 F.2d 412, 418 (7th Cir. 1989). Here, because evidence with regard to Bankruptcy filing would raise issues of prejudice wholly unrelated to any relevant issue, any such evidence should be excluded as unfairly prejudicial and confusion of the issues. Furthermore, any evidence and testimony regarding the same presents a waste of time in what this Court has deemed as limited trial time. Therefore, this Court should exclude any evidence relating to Fleetwood's filing for Bankruptcy.

## **PRAYER**

WHEREFORE, Plaintiffs respectfully requests that this Court exclude the above described irrelevant and prejudicial evidence relating to Fleetwood Enterprises, Inc.'s filing for Bankruptcy and grant Plaintiff's Motion *in Limine* to Exclude Testimony and Evidence Related

to Fleetwood Enterprises Inc.'s Bankruptcy Filing.

        Respectfully submitted:

        **FEMA TRAILER FORMALDEHYDE**
        **PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:    504/522-2304
        Facsimile:    504/528-9973
        gmeunier@gainsben.com

        s/Justin I. Woods
        JUSTIN I. WOODS, #24713
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:    504/522-2304
        Facsimile:    504/528-9973
        jwoods@gainsben.com

        **COURT-APPOINTED PLAINTIFFS'**
        **STEERING COMMITTEE**
        ANTHONY BUZBEE, Texas # 24001820
        RAUL BENCOMO, #2932
        FRANK D'AMICO, #17519
        MATT MORELAND, #24567
        LINDA NELSON, #9938
        MIKAL WATTS, Texas # 20981820
        Dennis Reich, Texas #16739600

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing on November 16, 2009.

                                     s/Gerald E. Meunier
                                  GERALD E. MEUNIER, #9471