UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Dubuclet v. Fleetwood Enterprises, Inc.* | * | |
| Docket No. 07-9228; | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION *IN LIMINE* TO PROHIBIT REFERENCES TO TRAILER TESTING NOT PERFORMED

Plaintiff Elisha Dubuclet ("Ms. Dubuclet" or "Plaintiff") submits this memorandum in support of its Motion *in Limine* to Prohibit References to Trailer Testing Not Performed. Specifically, Plaintiff seeks to exclude the following:

Any testimony or evidence referring to trailer testing not performed.

### BACKGROUND

Plaintiff brings this Motion in limine to prohibit any reference to testing that was not conducted by the Plaintiff and her experts. During the deposition of Plaintiff experts, Defendants asked several Plaintiff experts about blower door tests, duct blaster tests and other tests that Plaintiff's experts did not conduct during their examination of the subject travel trailer. Plaintiff requests an order from the Court prohibiting defense counsel about asking about any testing that Plaintiffs did not conduct and any reference to the same for the reason that Plaintiff wished to conduct more thorough testing in the subject travel trailer, but Defendant Fleetwood objected to the same and in fact filed a Motion for a Protective Order to prevent more thorough testing. Court Doc. 1815. The Defendants specifically requested the Court to limit any testing that

1

Plaintiffs would conduct to a "formaldehyde air sampling and a walkthrough." Court Doc. 1815, p. 1. Defendant specifically claimed to do further testing would result in an increase in cost and time and would be destructive, when in fact the manometer testing, blower door testing and duct blaster testing would not have been destructive. .[1] Defendant speciously maintained that conducting the testing "will take days, and likely weeks" when in fact a manometer, blower door test and duct blaster test would have taken less than a day Court Doc. 1815-2, p. 4.

## ARGUMENT AND AUTHORITIES

I. **STANDARD OF ADMISSIBILITY.**

Only relevant evidence is admissible. FED. R. EVID. 402. In determining relevancy, Rule 401 provides that relevant evidence is "evidence, having any tendency to make the existence of any fact that is of consequence the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Under Rule 403 of the Federal Rules of Evidence, a district judge is permitted to exclude even relevant evidence if he finds that its probative value is substantially outweighed by the danger of "unfair prejudice, confusion of the issues, or misleading the jury". FED. R. EVID. 403.

II. **TESTIMONY REGARDING TESTING NOT COMPLETED FAILS THE RULE 403 BALANCING TEST.**

Although testimony about tests not done may be relevant, testimony regarding the same should be excluded because it fails the balancing test set forth in Rule 403. This Court may exclude relevant evidence if its probative value is substantially outweighed by the danger of

---

[1] Blower Door Testing and Duct Blaster Testing are part of the testing used to evaluate ventilation, air conditioning return air and supply, furnace duct and supply and air infiltration. Defendant Fleetwood opposed all of the same. See Court Doc. 1815-2, pp5-6.

unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time. FED. R. EVID. 403. Evidence is considered unfairly prejudicial not merely because it damages the opposing party's case, but also because its admission makes it likely the jury will decide the case on an improper basis, such as an emotional one, rather than on the evidence presented. *United States v. Connelly*, 874 F.2d 412, 418 (7th Cir. 1989). Here, because evidence with regard to testing not performed would raise issues of prejudice wholly unrelated to any relevant issue, any such evidence should be excluded as unfairly prejudicial. Further such evidence would confuse the issues and would be misleading to the jury since Plaintiffs wanted to conduct more tests, but the Defendants objected to and would not allow the Plaintiffs to conduct the tests. Defendant should be estopped from raising the defense or and/or attack on Plaintiff's experts of so called "inadequate" or "incomplete" testing since it was the Defendant's themselves and not the oversight or negligence of Plaintiff's experts that was the reason for limited testing.

## PRAYER

WHEREFORE, Plaintiffs respectfully requests that this Court exclude the above described misleading, confusing and prejudicial evidence relating to trailer tests not performed and grant Plaintiff's Motion *in Limine* to Prohibit References to Trailer Testing Not Performed.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
   GERALD E. MEUNIER, #9471
   **PLAINTIFFS' CO-LIAISON COUNSEL**
   Gainsburgh, Benjamin, David, Meunier &
   Warshauer, L.L.C.

3

2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:     504/522-2304
Facsimile:      504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:     504/522-2304
Facsimile:      504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
Dennis Reich, Texas #16739600

**CERTIFICATE OF SERVICE**

4

I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing on November 16, 2009.

 s/Gerald E. Meunier
GERALD E. MEUNIER, #9471