UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE FEMA TRAILER FORMALDEHYDE | * | MDL NO. 07-1873 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION: N (5) |
| THIS DOCUMENT RELATES TO | * | |
| CIVIL ACTION NO. 2:07-CV-9228 | * | JUDGE ENGELHARDT |
| *Aldridge, et al. v. Gulf Stream Coach, Inc., et al.* | * | |
| *(Elisha Dubuclet obo Timia Dubuclet v.* | * | MAGISTRATE JUDGE CHASEZ |
| *Fleetwood Fluor Enterprises, Inc. and FEMA)* | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION IN LIMINE TO EXCLUDE EVIDENCE, TESTIMONY,
AND ARGUMENT REGARDING OTHER LAWSUITS OR CLAIMS
(OR ABSENCE OF OTHER CLAIMS OR LAWSUITS)**

Plaintiffs, Elisha Dubuclet and on behalf of her minor child, Timia Dubuclet, respectfully request that this Court issue an order excluding all evidence, testimony and argument regarding other lawsuits or claims against Defendants (or the alleged absence of such claims or lawsuits) because such evidence is irrelevant, improper character evidence, risks jury confusion, and is unfairly prejudicial.

Defendant Fleetwood has filed a related motion in limine (Rec. Doc. 6898) requesting that this Court "exclude all evidence, testimony, and argument regarding other lawsuits or claims by people who, having been displaced by Hurricanes Katrina or Rita, were placed in a FEMA unit ...."[1] Fleetwood's motion is set for hearing on December 2, 2009.

---

[1] Rec. Doc. 6898, Defs. Motion at 1.

As mentioned in Plaintiffs' Opposition Memorandum, filed on November 16, 2009, it would be unfairly prejudicial to allow Fleetwood to offer evidence concerning an alleged *absence of* other claims and lawsuits while prohibiting Plaintiffs from offering contrary evidence. Plaintiffs contend that all parties should be precluded from offering evidence of other lawsuits and claims (or the lack thereof) unless such evidence is sought to be used to prove Notice of the unreasonably dangerous condition of the product. But if Fleetwood is permitted to attempt to prove that there were few or no other claims or lawsuits, Plaintiffs should be permitted to rebut that evidence.

I.     **Statement of law.**

Only relevant evidence is admissible. Fed. R. Evid. 402. In general, a party may not seek to bolster its own credibility by testimony of specific acts of conduct (i.e. alleged acts of safety). Fed. R. Evid. 404, 608. This Court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403.

II.    **Evidence of the alleged lack of prior claims or lawsuits against Fleetwood should be excluded.**

While Fleetwood seeks to prevent Plaintiffs from offering evidence of other lawsuits and claims, Fleetwood's counsel have repeatedly sought to elicit testimony concerning an alleged *lack* of other lawsuits and claims during discovery. In the June 25, 2009 Rule 30(b)(6) deposition of Fleetwood, through its representative Forrest Theobald, counsel for Fleetwood asked his own witness about other complaints:

-2-

Q.  During the time that you were associated with the providing of travel trailers to natural disaster sites, **are you aware of a single instance where there was ever a complaint from a resident of a travel trailer** provided in the emergency setting with respect to formaldehyde issues, odor problems, or otherwise during the period of time those displaced persons were living in the emergency housing units provided to them following that natural disaster?[2]

Counsel for Fleetwood later asked his own witness about prior lawsuits against Fleetwood:

Q.  So out of -- just with respect to travel trailers, if there were approximately 30,000 a year for 10 years for that period of the '80s and you recall a handful, about five lawsuits, perhaps, **that would be maybe five lawsuits out of 300,000 travel trailers**?[3]

In *Stapleton*, decided under the similar Louisiana Code of Evidence, the Louisiana Supreme Court held that the defendant truck driver's testimony about his two million miles of safe driving, and awards from the National Safety Council, were inadmissible character evidence.[4] The Supreme Court rejected the argument that such testimony was admissible as "habit" evidence under art. 406. Likewise, any testimony about an alleged lack of claims against Fleetwood would merely be an impermissible attempt to bolster the character of the Defendant.

In *Cassanova*, the Louisiana Supreme Court explained that testimony concerning the *lack of* prior similar accidents "should not be admitted."[5] The Court explained that evidence of lack of

---

[2] Exhibit 1, Deposition of Fleetwood Enterprises, Inc., through Forrest Theobald, June 25, 2009 at 246 (emphasis added).

[3] Exhibit 1, Deposition of Fleetwood Enterprises, Inc., through Forrest Theobald, June 25, 2009 at 248-49 (emphasis added).

[4] *Stapleton v. Great Lakes Chem. Corp.*, 627 So.2d 1358, 1361 (La. 1993).

[5] *Cassanova v. Paramount-Richards Theatres, Inc.*, 204 La. 813, 817-20, 16 So 2d 444, 445-47 (1943).

similar accidents is inadmissible because it "has no reasonable tendency to prove that such place of injury was free from danger."[6]   Furthermore, "should the parties be prepared to meet it," such testimony "might introduce into the case numerous collateral issues bearing only remotely on the main issue, which would tend to greatly protract the trial, distract the attention of the jury from the issues involved in the suit, and impose great and unnecessary expense on the parties."[7]

Fleetwood presumably intends to introduce testimony about the alleged lack of prior claims and lawsuits to show that it is a "good" corporation, or that it had a "habit" of making safe products. However, there are many possible reasons for a lack of prior claims and lawsuits other than the safety of the product.  Injured plaintiffs may not realize they have a cause of action, under their particular state laws.  They may decide not to bring a suit for economic reasons--not because they believe Defendant's product is safe.  Some persons only discover the danger of the product after the prescriptive period or statute of limitations has run.  And others never learn of the defect in defendant's product at all--because defendant has hidden the danger from them.

As noted by Judge Vance of this Court in a different context, testimony about other claims and lawsuits (or the lack thereof) is akin to character evidence, which is impermissible under Fed. R. Evid. 404.[8]  Moreover, it is highly likely that this evidence will create a "sideshow" that will detract from the real issues in this trial.[9]  The context and reasons why other plaintiffs did not file suit is

---

[6]  *Id.*

[7]  *Id.*

[8]  *Imperial Trading Co., Inc. v. Travelers Property Cas. Co. of Am.*, No. Civ. A 06-4262, 2009 WL 2408410 (E.D. La. July 29, 2009) (granting a motion in limine to exclude testimony concerning two prior claims against a witness).

[9]  *Id.*

unknown.  In addition to being a "poor use of time, such a dispute would serve only to confuse and mislead the jury."[10]  The distraction that the evidence will introduce into the trial is in no way outweighed by its probative value, which is limited in any case under Fed. R. Evid. 403.

## CONCLUSION

Plaintiffs respectfully request that this Court enter an order excluding all evidence, testimony and argument regarding other lawsuits or claims against Defendants (or the alleged absence of such claims or lawsuits).

Respectfully submitted,

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

_/s/ Gerald E. Meunier_
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
**Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.**
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70113
Telephone: (504) 522-2304
Facsimile:  (504) 528-9973
**meunier@gainsben-com**

---

[10] _Id._

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
JUSTIN I. WOODS (LA Bar #24713)
RAÚL R. BENCOMO (LA Bar #2932)
LINDA J. NELSON (LA Bar #9938)
FRANK J. D'AMICO, JR. (LA Bar #17519)
MATT MORELAND (LA Bar #24567)
ROBERT M. BECNEL (LA Bar #14072)
ANTHONY BUZBEE (TX #24001820)
MIKAL WATTS (TX #20981820)
DENNIS REICH (TX #16739600)

COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon counsel for all parties by electronic mail (CM/ECF) system which will send a notice of electronic filing to all counsel of record addressed this 16th day of November, 2009.

/s/ Gerald E. Meunier
GERALD E. MEUNIER