UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                         MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION          SECTION N-5
                                        JUDGE ENGELHARDT
                                        MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:

*Lyndon Wright v. Forest River, et. al.*, No. 09-2977 (E.D. LA)

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

MEMORANDUM IN SUPPORT OF DEFENDANT UNITED STATES
OF AMERICA'S MOTION TO DISMISS PLAINTIFF LYNDON WRIGHT'S FTCA
CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION

## TABLE OF CONTENTS

TABLE OF CONTENTS........................................................ i

TABLE OF AUTHORITIES..................................................... ii

INTRODUCTION............................................................. 1

STATEMENT OF MATERIAL FACTS............................................. 3

STANDARD OF REVIEW...................................................... 7

ARGUMENT............................................................... 11

     I.     The Court Must Dismiss Mr. Wright's FTCA Claims for Lack
           of Subject Matter Jurisdiction Because He Filed Suit Prior To
           Exhausting His Administrative Remedies............................... 11

     II.    Mr. Wright's FTCA Claims Are Barred By The FTCA Two-Year
           Statute of Limitations.............................................. 13

CONCLUSION............................................................. 19

i

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Albertson v. T.J. Stevenson & Co., Inc.*,
  749 F.2d 223 (5th Cir. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Bailes v. United States*,
  988 F.2d 1209, 1993 WL 82030 (5th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 19

*Bailey v. United States*,
  642 F.3d 344 (9th Cir. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 19

*Barrett ex rel. Estate of Barrett v. United States*,
  462 F.3d 28 (1st Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Beech v. United States*,
  345 F.2d 872 (5th Cir. 1965). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Bellecourt v. United States*,
  994 F.2d  427 (8th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 19

*Childers v. United States*,
  442 F.2d 1299 (5th Cir. 1971). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*FDIC v. Meyer*,
  510 U.S. 471 (1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Gaar v. Quirk*,
  86 F.3d 451 (5th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Gregory v. Mitchell*,
  634 F.2d 199 (5th Cir. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Harrison v. United States*,
  708 F.2d 1023 (5th Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Houston v. U.S. Postal Service*,
  823 F.2d 896 (5th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Industrial Constructors Corp. v. United States Bureau of Reclamation*,
  15 F.3d 963 (10th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*In re: FEMA Trailer Formaldehyde Prod. Liab. Litig.*,
   2009 WL 2599195 (E.D. La. August 21, 2009). . . . . . . . . . . . . . . . . . . . . . . 2, 3, 8, passim

*Jama v. Internal Revenue Service*,
   22 F.Supp.2d 353 (D. N.J. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Jerves v. United States*,
   966 F.2d 517 (9th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*John R. Sand & Gravel Co. v. United States*,
   552 U.S. 130 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Johnson v. United States*,
   460 F.3d 616 (5th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 17

*Johnston v. United States*,
   85 F.3d 217 (5th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Land v. Dollar*,
   330 U.S. 731 (1947). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*MacMillan v. United States*,
   46 F. 3d 377 (5th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Marley v. United States*,
   567 F.3d 1030 (9th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*McNeil v. United States*,
   508 U.S. 106 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Menchaca v. Chrysler Credit Corp.*,
   613 F.2d 507 (5th Cir. 1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Montoya v. United States*,
   841 F.2d 102 (5th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Mortensen v. First Federal Savings & Loan Ass'n.*,
   549 F.2d 884 (3d Cir. 1977). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Perez v. United States*,
   167 F.3d 913 (5th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Price v. United States*,
   69 F.3d 46 (5th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11

iii

*Ramming v. United States,*
    281 F.3d 158 (5th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11

*Reynolds v. United States,*
    748 F.2d 291 (5th Cir. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 11

*Richards v. United States,*
    369 U.S. 1 (1962). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Steel Co. v. Citizens for a Better Env't.,*
    523 U.S. 83 (1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*TRW, Inc. v. Andrews,*
    534 U.S. 19 (2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States ex rel. Reagan v. E. Tex. Med. Ctr. Reg'l Healthcare Sys.,*
    384 F.3d 168 (5th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Kubrick,*
    444 U.S. 111 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9, 13, passim

*Williamson v. Tucker,*
    645 F.2d 404 (5th Cir. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## FEDERAL STATUTES

28 C.F.R. §14.2(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Fed. R. Civ. P. 12(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

Fed. R. Civ. P. 56. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

28 U.S.C. § 1346(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 2401(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 9, passim

28 U.S.C. § 2501. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

28 U.S.C. § 2674(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. §2675(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8, 12, passim

**EXHIBITS**

Exhibit 1      February 19, 2009, Lyndon Wright Plaintiff Fact Sheet.

Exhibit 2      April 14, 2009, Lyndon Wright Plaintiff Fact Sheet.

Exhibit 3      May 21, 2009, Lyndon Wright Plaintiff Fact Sheet.

Exhibit 4      July 10, 2009, Deposition of Lyndon Wright.

Exhibit 5      November 16, 2009, Declaration Tricia Hackshaw.

Exhibit 6      November 13, 2009, Declaration of Austin Kyles.

Exhibit 7      November 17, 2009, Declaration Yong Crosby.

Exhibit 8      United Parcel Serve and FEMA Shipping/Receipt Labels.

Exhibits 9     United Parcel Service Delivery Confirmation Document.

Exhibit 10     April 2, 2008, Lyndon Wright Standard Form 95, Administrative Claim.

## INTRODUCTION

The United States of America ("United States") submits this memorandum in support of

its Fed. R. Civ. P. 12(b)(1) and 12(h)(3), or alternatively 56(c),  motion to dismiss Plaintiff

Lyndon Wright's Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346(b)(1), 2671-80, claims

for lack of subject matter jurisdiction.  Mr. Wright's claims against the United States are barred

because:  (1) he filed suit prematurely, prior to exhausting his administrative remedy, 28 U.S.C. §

2674(a), and (2) he failed to present his administrative claim to the Federal Emergency

Management Agency ("FEMA") within the FTCA's two-year statute of limitations.  28 U.S.C. §

2401(b).

Mr. Wright moved into a FEMA issued trailer on or about March 1, 2006.  Exh. 1, Fact

Sheet No. 1at 8-9[1]; Exh. 2, Fact Sheet No. 2 at 8-9; Exh. 3, Fact Sheet No. 3 at 8-9; Exh. 4,

Wright Depo. 298:25-299:11; 346:22-348:14.  Before moving into the trailer Mr. Wright was not

sick, and upon moving into the trailer he started having "blood that comes out of my [sic]

sinuses."  Exh. 4, Wright Depo. 307:5-25.  Additionally he asserts that in March 2006, his

"allergies worsened," and he experienced  "irritation, coughing, sneezing, and eyes red."  Exh. 1,

Fact Sheet No. 1 at 3-4; Exh. 2, Fact Sheet No. 2 at 3-4; Exh. 3, Fact Sheet No. 3 at 3-4; Exh. 4,

Wright Depo. 293:17 - 24.  Mr. Wright testified in deposition that, at the time, he *"thought it*

*[the trailer] was making me sick,"* and, he further testified that in April 2006, he told his mother

that *"I think this trailer has made me sick," "I think this trailer is making me sick."*  Exh. 4,

---

[1] Mr. Wright has completed three Plaintiff Fact Sheets which are respectively dated February 19, 2009, April 14, 2009, and May 21, 2009.  For purposes of this memorandum the February 19, 2009, Fact Sheet, Exhibit No. 1 is cited as "Exh. 1, Fact Sheet No.1," the April 14, 2009, Fact Sheet is cited as "Exh. 2, Fact Sheet No. 2, and the May 21, 2009, Fact Sheet is cited as "Exh. 3, Fact Sheet No. 3."

Wright Depo. 135:1-2; 169:25-171:16 (emphasis added); *see also id.* at 170:24-171:16; 295:1-8; 328:11-20.

On February 19, 2009, Mr. Wright completed a Fact Sheet.  *See* Exh. 1, Fact Sheet at 18. On March 2, 2009, Mr. Wright filed suit against the United States.  *See* Complaint, *Wright v. Forest River, Inc.*, No. 09-2977 (Doc. Rec. 1).  On March 20, 2009, eighteen (18) days after Mr. Wright filed suit, FEMA received from Mr. Wright's counsel, Mr. Douglas Schmidt, through Royal Mail and Parcel, 609 Metairie Road, Metairie, Louisiana and via United Parcel Service ("UPS"), Mr Wright's  administrative claim.  Exh. 5, Dec. Hackshaw; Exh. 6, Dec. Kyles; Exh. 7, Dec. Crosby; Exh. 8, Shipping Labels; Exh. 9, UPS Delivery Confirmation.  Mr. Wright's administrative claim is signed and dated April 2, 2008.  Exh. 5, Dec. Hawkshaw; Exh. 10, Administrative Claim.

This Court lacks jurisdiction over Mr. Wright's FTCA claim because he filed suit against the United States prematurely, prior to exhausting his administrative remedies.  Section 2675(a) of Title 28 prohibits a Court from exercising jurisdiction over an FTCA claim unless the applicable federal agency has either denied the claim or the claim has been pending before the agency for six months.  28 U.S.C. § 2675(a); *see also* Order and Reasons at 2-3 (*Aldridge v. Gulf Stream Coach, Inc.*, No. 07-9228) (Doc. Rec. 2323).  Although Mr. Wright's administrative claim is dated April 2, 2008, his lawsuit was commenced prematurely because the claim was presented to FEMA on March 20, 2009, almost one year after Mr. Wright signed it, and eighteen (18) days after the lawsuit was filed.  Exh. 5, Dec. Hackshaw; Exh. 6, Dec. Kyles; Exh. 7, Dec. Crosby; Exh. 8, Shipping Labels; Exh. 9, UPS Delivery Confirmation.  As this Court has previously ruled, under such circumstances, the claim must be dismissed because the Court lacks

2

subject matter jurisdiction.  *See* Order and Reasons at 2-3 (*Aldridge*, No. 07-9228) (Doc. Rec. 2323).

Furthermore, Mr. Wright's FTCA claim must also be dismissed because it is barred by the FTCA two-year statute of limitations.  28 U.S.C. § 2401(a); *see also In re FEMA Trailer Formaldehyde Prod. Liab. Litig.,* 2009 WL 2599195 (E.D. La. Aug. 21, 2009).  As previously noted, Mr. Wright's moved into the trailer in March 2006, and immediately began to suffer symptoms and injuries that he attributed to the trailer.  Exh. 1, Fact Sheet No. 1 at 3-4; Exh. 2, Fact Sheet No. 2 at 3-4; Exh. 3, Fact Sheet No. 3; Exh. 4, Wright Depo. 135:1-2; 169:25-171:16; 293:17-295:1-8; 328:11-20.  Mr. Wright presented his administrative claim for these alleged injuries to FEMA on March 20, 2009.  Exh. 5, Dec. Hackshaw; Exh. 6, Dec. Kyles; Exh. 7, Dec. Crosby; Exh. 8, Shipping Labels; Exh. 9, UPS Delivery Confirmation.  Consequently, Mr. Wright's FTCA claim is time barred and the Court lacks subject matter jurisdiction because he presented his administrative claim to FEMA well beyond the FTCA two year limitations period. *See In re FEMA Trailer Formaldehyde Prod. Liab. Litig.,* 2009 WL 2599195 at *3 (Doc. Rec. 2789).

### STATEMENT OF MATERIAL FACTS

1.      On March 1, 2006, Mr. Wright moved into a FEMA issued travel trailer manufactured by Forest River.  Exh. 1, Fact Sheet No. 1at 8-9; Exh. 2, Fact Sheet No. 2 at 8-9; Exh. 3, Fact Sheet No. 3; Exh. 4, Wright Depo. 298:25-299:11; 346:22-348:14.  The travel trailer was installed at 2315 Seminole Lane, New Orleans, Louisiana.  Exh. 1, Fact Sheet No. 1at 9.  Mr. Wright vacated the unit in July 2008.  *Id*.; Exh. 4, Wright Depo. 287:21-288:7.

2.      Mr. Wright asserts in his Fact Sheets that in March 2006, as a result of living in

3

the trailer and being exposed to formaldehyde, his "allergies worsened," and he suffered

"irritation, coughing, sneezing, and eyes red."  Exh. 1, Fact Sheet No. 1 at 3-5; Exh. 2, Fact Sheet

No. 2 at 3-5; Exh. 3, Fact Sheet No. 3 at 3-5; *see also* Exh. 4, Wright Depo. 293:17-24

(acknowledging that his "injury or disease" first occurred in March 2006).

> 3.   Mr. Wright at his deposition testified about his alleged injuries:

> Q.   What personal injuries have you sustained in this litigation that you are
>       seeking compensation for?

> A.   My main thing is the blood that comes out of my sinuses, you know, when
>       I expel mucus.  That's my main one because I don't know what is keeping
>       that going on.  I mean, it's just progressively getting -- I wasn't going to say
>       getting worse, but it got noticeably bad in the trailer.  I mean, I wasn't sick
>       before I got into that trailer.  I mean, my eyes wasn't always irritated,
>       waking up with mucus in them and all that, going to the doctor, trying to
>       get treatment because I'm thinking something is seriously wrong, but it's
>       just an irritation.  And the coughing that gave me headaches and things
>       like that.

Exh. 4, Wright Depo. 307:6-25.

> 4.   Mr. Wright, in March 2006, and certainly no later than April 2006, thought that

his health problems  – bloody sinuses,  allergies, irritation, coughing, sneezing, and red eyes red

– were caused by the trailer.  At deposition, he testified:

> Q.   Do you recall being asked by anyone if you had any health problems
>       associated with this particular unit?

> A.   My mom.

> Q.   When did that conversation take place?

> A.   Basically, when I was on the phone talking to her at one time and I was
>       doing a lot of coughing.  I made the mention that I woke up choking, you
>       know, looking for water**.  *I believe I made the comment that I think this
>       trailer has made me sick because I wasn't like this when I was on the
>       cruise ship.*  She said, "Well, I'm going to call FEMA and have somebody
>       come out.  You think there's a leak going on up in there?"  I said, "Not that

I know of, I don't smell propane or nothing, I'm just not feeling like I was feeling on the cruise ship."

Q.     Explain to me the difference in the way you were feeling from the time -- as compared to the cruise ship, which is why you thought there was some problem with the  unit.

A.     I mean, I slept comfortably.  I was actually -- what word can I use? I felt a lot better on the cruise ship than I did in the trailer.  When I got in the trailer, my eyes started getting irritated and I just associated it with my allergies, and I think it was this trailer, but it was just constant. And the coughing, just a plain old dry cough.  And I started seeing blood in my mucus when I expelled, you know.

Q.     Uh-huh.

A.     And I would wake up with this choking feeling out of my sleep.  And I started keeping water by the bed -- by the sofa, really, I slept on the sofa. It just didn't feel right, I mean, between telling the people about the rainwater and -- I don't know.  It was just aggravating.

Exh. 4, Wright Depo. 134:16-136:10 (emphasis added).

Q.     When you first believed or came to the belief that your occupancy of this particular unit was impacting your health, did you tell your mother immediately?

A.     Yes.  I made the comment, because I was coughing so much, I made the comment, ***"Ma, I think this trailer is making me sick."***

Q.     Did you ask her to take any action on your behalf in that regard?

A.     Initially, she wanted me to call the maintenance people, but they gave me the runaround.  They wanted all kinds of  personal information from my mom, so I told my mom she had to call.  So she said she called to tell them that I was smelling a foul odor.  They gave her the runaround. She said they gave her another number to call.  She called that number and somebody said they would get back in touch with her.  She never did get a phone call, and it just pretty much fell from there on.  That's when I started telling the maintenance people when I saw them.

Q.     Do you recall when the phone call was with your mother that you expressed to her that you believed your occupancy of this unit was causing you a health problem?

5

A.      I would say probably April.

Q.      Of what year?

A.      '06.  Right after I got in the trailer.

Q.      ***So in April of '06, you were of the opinion that your occupancy of this unit was causing you a health problem?***

A.      ***I would say I thought it was making me sick, yes.***

Q.      And you expressed that to your mother by May of 2006, correct?

A.      By April.

Q.      By April of 2006, correct?

A.      Yes.

Exh. 4, Wright Depo. 169:25-171:16 (emphasis added).

Q.      ***You said you had a conversation with your mother in which you told her that you thought the trailer was making you sick, right?***

A.      ***Yes.***

Q.      ***And you said that conversation occurred in April of 2006, right?***

A.      ***Yes.***

Exh. 4, Wright Depo. 295:1-8 (emphasis added).

5.      On April 2, 2008, a representative from Mr. Doug Schmidt's law firm came to the trailer and Mr. Wright signed the administrative claim form.  Exh. 4, Wright Depo. 304:25 - 305:5; Exh. 10, Administrative Claim.  Mr. Wright through this lawsuit is seeking to recover "as much as I [sic] can possibly get," and claims $100,000 in property damage and $200,000 for personal injuries.  Exh. 4, Wright Depo. 308:6-10; Exh. 10, Administrative Claim.

6.      On March 2, 2009, Mr. Wright filed this action against the United States.  *See*

6

Complaint, *Wright*, No. 09-2977 (Doc. Rec. 1).

7.      On March 20, 2009, FEMA received Mr. Wright's administrative claim.  Exh. 5, Dec. Hackshaw; Exh. 6, Dec. Kyles; Exh. 7, Dec. Crosby; Exh. 8, Shipping Labels; Exh. 9, UPS Delivery Confirmation.  Mr. Wright's administrative claim was sent to FEMA by Mr. Douglas Schmidt, through Royal Mail & Parcel, 609 Metairie Road, Metairie, Louisiana, via UPS.  Exh. 5, Dec. Hackshaw; Exh. 6, Dec. Kyles; Exh. 8, Shipping Labels; Exh. 9, UPS Delivery Confirmation.  No cover letter was included with the package, and Mr. Wright's claim was one of the more than five-hundred claims contained in the package.  Exh. 5, Dec. Hackshaw; Exh. 6, Dec. Kyles.

## STANDARD OF REVIEW

**The FTCA's Exhaustion Of The Administrative Claim Process And Statute Of Limitations Are Jurisdictional; Consequently, The Court Must Strictly Construe The Statute, And The Court Must Dismiss His FTCA Claims For Lack Of Subject Matter Jurisdiction Unless He Can Demonstrate That He Exhausted The Administrative Claim Process Before Filing Suit And That He Filed The Claim In A Timely Manner.**

The Federal Government is immune from suit absent a waiver of its sovereign immunity. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  The FTCA, "was designed primarily to remove the sovereign immunity of the United States from suits in tort and . . . to render the Government liable in tort as a private individual would be under like circumstances."  *Richards v. United States*, 369 U.S. 1, 6 (1962).  The United States' waiver of sovereign immunity, however, is conditioned on limitations and exceptions, including certain time restrictions on filing claims against the Government.  *See United States v. Kubrick*, 444 U.S. 111, 117-18 (1979).

Tort suits against the United States must be brought in strict compliance with the FTCA's limitations provisions.  *See Reynolds v. United States*, 748 F.2d 291, 292-93 (5th Cir. 1984); *see*

7

*also Childers v. United States*, 442 F.2d 1299, 1303 (5th Cir. 1971) (stating that suits under the FTCA must be brought in exact compliance with the terms of the Government's consent to waive sovereign immunity).  A jurisdictional prerequisite to filing suit under the FTCA is the filing of a timely administrative claim with the appropriate federal agency and exhausting administrative remedies.  28 U.S.C. § 2675(a); *see Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995) (commencing an FTCA lawsuit without first satisfying the requirements of § 2675(a) and exhausting administrative remedies leaves "the district court . . . without subject matter jurisdiction"); *Montoya v. United States*, 841 F.2d 102, 104-05 (5th Cir. 1988).  Once the administrative claim has been filed, the federal agency has six months to act.  28 U.S.C. § 2675(a).  The claimant can file a suit under the FTCA only after the agency either denies the claim in writing or fails to make a final disposition of the claim within six months after it is filed.  *See Houston v. U.S. Postal Serv.*, 823 F.2d 896, 902 (5th Cir. 1987).  Thus, "'[t]he statutory procedure is clear.' A tort claimant may not commence proceedings in court against the United States without first filing her claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or waiting for six months to elapse without a final disposition of the claim being made." *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992) (citation omitted); *see also Barrett ex rel. Estate of Barrett v. United States*, 462 F.3d 28, 37-38 (1st Cir. 2006); *Reynolds*, 748 F.2d at 292-93.

Likewise, although statutes of limitation are normally affirmative defenses, under the FTCA the time limitation is categorized as jurisdictional, meaning that a plaintiff's failure to comply deprives a federal court of subject matter jurisdiction over his claims.  *See Houston*, 823 F.2d at 902; *see also Ramming v. United States*, 281 F.3d 158, 165 (5th Cir. 2001) (limitations

periods in statutes waiving sovereign immunity are jurisdictional); *Marley v. United States*, 567 F.3d 1030, 1035-36 (9th Cir. 2009) (holding that the FTCA's statute of limitations is jurisdictional); *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.,* 2009 WL 2599195 at *1 n.1 ("this Court assumes [that the FTCA's statute of limitations] is jurisdictional, and as such, determines this issue now as a threshold issue ripe for decision, before reaching the merits).[2]

Because the FTCA's statute of limitations is jurisdictional, courts construe the statue to avoid extending it beyond the limited waiver intended by Congress. *Kubrick,* 444 U.S. at 117-18. The purpose of the FTCA's statute of limitations "is to require the reasonably diligent presentation of tort claims against the government." *Id.* at 123. This Court has previously recognized that the FTCA's statute of limitations should be strictly construed "so as to avoid extending the FTCA beyond the limited waiver that Congress intended and so as to encourage the prompt presentation of claims against the Government." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.,* 2009 WL 2599195 at *3.

The Court should resolve whether Mr. Wright exhausted his administrative remedies prior to filing suit and the related statute of limitations issues pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3), which governs challenges to a court's subject matter jurisdiction. The Court can consider the factual materials that the United States has submitted in support of this motion,

---

[2]   The Fifth Circuit noted in *Perez v. United States,* 167 F.3d 913, 915-16 (5th Cir. 1999), that the jurisdictional nature of 28 U.S.C. § 2401(b) was an open question due to the possible application of equitable tolling to the FTCA's statute of limitations. Since *Perez*, however, the Supreme Court's decision in *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 132-34 (2008) – holding that a similar limitations provision in the Tucker Act, 28 U.S.C. § 2501, was jurisdictional –  likely conclusively answers the question regarding the jurisdictional nature of the FTCA's limitations provision. *See Marley,* 567 F.3d 1030, 1034-37 (9th Cir. 2009); *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.,* 2009 WL 2599195 at *3 (noting that "the FTCA's statute of limitations is jurisdictional; thus, it is not subject to equitable tolling").

including the deposition testimony of Mr. Wright, without converting the motion into a motion

for summary judgment.  *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.

1980); *see also Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947) (stating that on a motion to dismiss

for lack of jurisdiction, a court "may inquire by affidavits or otherwise, into the facts as they

exist").  Moreover, such jurisdictional issues, whether they involve questions of law or fact, are

for the court to decide.  The standard for a factual motion to dismiss for lack of subject matter

jurisdiction is different than the standard for a summary judgment motion under Rule 56 or the

standard for a motion to dismiss under Rule 12(b)(6).

> [T]he trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P.
> 56.  Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction –
> its very power to hear the case – there is substantial authority that the trial court is
> free to weigh the evidence and satisfy itself as to the existence of its power to hear
> the case.  In short, no presumptive truthfulness attaches to plaintiff's allegations,
> and the existence of disputed material facts will not preclude the trial court from
> evaluating for itself the merits of jurisdictional claims.

*Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981) (quoting *Mortensen v. First Fed.*

*Savings & Loan Ass'n.*, 549 F.2d 884, 891 (3d Cir. 1977)).[3]

Jurisdiction is a threshold issue and the separation of powers doctrine requires a federal

court to determine whether it has jurisdiction before reaching the merits of a case.  *See Steel Co.*

*v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) ("[t]he requirement that jurisdiction be

---

[3] Courts, including this Court, have converted Fed. R. Civ. P. 12(b)(1) motions to dismiss into
Fed. R. Civ. P. 56 motions for summary judgment when resolution of the jurisdictional question is
intrinsically intertwined with the merits of the case and materials outside of the pleadings have been
submitted.  *See United States ex rel. Reagan v. E. Tex. Med. Ctr. Reg'l Healthcare Sys.*, 384 F.3d 168,
173 (5th Cir. 2004).  However, as this Court has previously recognized, resolution of whether
an FTCA claim is barred for failure to exhaust the administrative claim process or is barred by the
FTCA's statute of limitations, are issues that are not intertwined with the substantive determination of
the United States' negligence.  *See In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 2009 WL
2599195; Order and Reasons at 2-3 (*Aldridge*, No. 07-9228) (Doc. Rec. 2323).

established as a threshold matter 'spring[s] from the nature and limits of judicial power of the

United States' and is 'inflexible and without exception'") (quoting *Mansfield, C. & L. M. Ry. Co.*

*v. Swan*, 111 U.S. 379, 382 (1884)).  The Supreme Court has explained that "'[w]ithout

jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law,

and when it ceases to exist, the only function remaining to the court is that of announcing the fact

and dismissing the cause.'"  523 U.S. at 94 (citation omitted).  Thus, the Court should resolve

jurisdictional issues of fact on the motion to dismiss, rather than apply a summary judgment

standard and reserve ruling until after trial.

Additionally, because Mr. Wright is invoking this Court's jurisdiction, he must establish

compliance with the FTCA's administrative claim requirement and statute of limitations; mere

"conclusory statements" regarding jurisdiction do not suffice.  *See Gaar v. Quirk*, 86 F.3d 451,

453 (5th Cir. 1996).  In the context of the FTCA's statute of limitations, the Fifth Circuit has

specifically stated that "[t]he burden of proof for a Rule 12(b)(1) motion to dismiss is on the

party asserting jurisdiction."  *Ramming*, 281 F.3d at 161.

## ARGUMENT

**I.      The Court Must Dismiss Mr. Wright's FTCA Claims For Lack Of Subject
         Matter Jurisdiction Because He Filed Suit Prior To Exhausting
         Administrative Remedies.**

It is well established that an FTCA lawsuit filed prior to the exhaustion of a claimant's

administrative claim is premature and must be dismissed for lack of subject matter jurisdiction.

*See McNeil v. United States*, 508 U.S. 106, 112-13 (1993); *Reynolds*, 748 F.2d at 293; Order and

Reasons at 2-3 (*Aldridge*, No. 07-9228) (Doc. Rec. 2323).  In *Aldridge*, this Court recognized

that the Supreme Court in *McNeil*, 508 U.S. 106, and the Fifth Circuit in *Price*, 69 F.3d 54 and

*Ramming,* 281 F.3d at 165, require a party to exhaust its administrative remedy prior to filing suit, and that the failure to do so cannot be cured during the pendency of the prematurely filed action. *See* Order and Reasons at 2-3 (*Aldridge*, No. 07-9228) (Doc. Rec. 2323); *see also Gregory v. Mitchell*, 634 F.2d 199 (5th Cir. 1981) (same); *Jama v. Internal Revenue Service*, 22 F.Supp.2d 353, 366 (D. N.J. 1998) (*McNeil* mandates that a "case filed prematurely may not loiter on the docket and spring to life once the required period has elapsed"). As the Supreme Court succinctly stated in *McNeil*, "the statute . . . require[s] complete exhaustion of Executive remedies before invocation of the judicial process." *McNeil*, 508 U.S. at 112. The Supreme Court reasoned that allowing exceptions to § 2675(a)'s proscription of premature actions would "undermine the orderly administration" of FTCA litigation and unduly "burden . . . the judicial system and . . . the Department of Justice." *Id.* Thus, as this Court recognized in its previous Order and Ruling, the FTCA requires a claimant to exhaust his or her administrative remedy before filing suit. *See* Order and Reasons at 2-3 (*Aldridge*, No. 07-9228) (Doc. Rec. 2323).

Moreover, it is well established that an FTCA administrative claim is deemed presented *only* upon receipt by the Federal agency. The Attorney General's regulations governing tort claims state that "a claim shall be deemed to have been presented when a Federal agency *receives* from a claimant . . . written notification of an incident . . . . " 28 C.F.R. §14.2(a) (emphasis added). These regulations further provide that "[a] claim shall be presented as required by [the FTCA] as of the date it is *received* by the appropriate agency." 28 C.F.R. §14.2(b)(1) (emphasis added). In *Bailes v. United States*, 988 F.2d 1209, 1993 WL 82030 (5th Cir. 1993), the Fifth Circuit affirmed the dismissal of an FTCA claim because the plaintiff failed to establish that the appropriate federal agency received his claim. *See also Bellecourt v. United States*, 994 F.2d

12

427, 430 (8th Cir. 1993) (affirming decision that court lacked jurisdiction because plaintiff failed to establish actual presentment to federal agency); *Bailey v. United States*, 642 F.3d 344, 347 (9th Cir. 1981) (affirming dismissal of tort claim where attorneys failed to ensure that plaintiffs' administrative claim was timely presented to federal agency); *Crack v. United States*, 694 F.Supp. 1244, 1247-48 (E.D. Va.1988).

Although Mr. Wright apparently signed his administrative claim on April 2, 2008, the claim was not presented to FEMA until March 20, 2009, almost one-year later, and eighteen (18) days ***after*** he filed this action on March 2, 2009. According, the Court must dismiss his FTCA claims for lack of subject matter jurisdiction. *See* Order and Reasons at 2-3 (*Aldridge*, No. 07-9228) (Doc. Rec. 2323).

## II. Mr. Wright's FTCA Claims Are Barred By The FTCA Statute Of Limitations Because His Claim Accrued In March 2006 And He Presented His Claim To FEMA On March 20, 2009, Well Beyond The Two-Year Limitation.

Even had Mr. Wright presented his claim to FEMA before filing suit, his action would be untimely under the FTCA's statute of limitations. The FTCA bars a tort action against the federal government unless the claim is first presented to the appropriate federal agency "within two years after such claim accrues." *Kubrick*, 444 U.S. at 113 (citing 28 U.S.C. § 2401(b)). The statute, however, does not define when a claim "accrues." *Johnston v. United States*, 85 F.3d 217, 219 (5th Cir. 1996). The general rule under the FTCA is that a tort action accrues at the time of a plaintiff's injury. *Kubrick*, 444 U.S. at 120. Under a discovery rule of accrual, the statute of limitations begins to run when the plaintiff knows, or has reason to know, the critical facts of injury and causation.

Neither the United States Supreme Court nor the Fifth Circuit has ever specifically held

that a "discovery rule" of accrual applies to the FTCA outside the context of medical malpractice

cases.  The issue in the seminal FTCA statute of limitations case, *United States v. Kubrick,* was

whether a claim in a medical malpractice case could accrue even if the plaintiff was unaware that

his injury was the result of government negligence.  444 U.S. at 118-19.  Recognizing the

"general rule" of accrual for FTCA actions that "a tort claim accrues at the time of the plaintiff's

injury," *id.* at 120, the *Kubrick* Court held that a claim will accrue even if the plaintiff does not

know, or have reason to know, that the injury was negligently inflicted.  *See id.* at 118-25.  With

respect to any discovery rule, the Court "simply observed (without endorsement) that several

Courts of Appeals had substituted [an] injury-discovery [rule] for the traditional rule [of accrual]

in medical malpractice actions under the [FTCA]."  *See TRW, Inc. v. Andrews*, 534 U.S. 19, 37

n.2 (2001) (Scalia, J., concurring).

Nevertheless, in *Johnson v. United States*, 460 F.3d 616 (5th Cir. 2006), the Fifth Circuit

stated:

> For FTCA medical malpractice cases . . . *Kubrick* adopted a "discovery rule" for
> claim accrual, under which the time starts to run when the plaintiff has the
> information necessary to discover "both his injury and its cause." [444 U.S. at
> 120].  This is because, where "the injury or its cause may not be manifested to the
> plaintiff until many years after the event," the tort action should not accrue, for
> statute of limitations purposes, "until the plaintiff is put on notice of the wrong."

*Id.* at 621 (quoting *Waits v. United States*, 611 F.2d 550, 552 (5th Cir. 1980)).  *See also Harrison*

*v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983) (applying discovery rule to FTCA medical

malpractice case).

Even applying a discovery rule of accrual, Mr. Wright's claim accrued no later than

March 2006, when he was aware of numerous symptoms and that there was a relationship

between those symptoms and the travel trailer.  Mr. Wright moved into the trailer on March 1,

2006.  *See* Exh. 4, Wright Depo. 298:25 - 299:11; 346:22-348:14.  Mr. Wright's Fact Sheets state

that his injuries first occurred in March 2006.  Exh. 1, Fact Sheet No 1 at 4; Exh. 2, Fact Sheet

No. 2 at 4; Exh. 3, Fact Sheet No. 3; Exh. 4, Wright Depo. 293:17-24.  Mr. Wright claims that as

a result of living in the trailer he experienced the following symptoms:  irritation, burning, and

tearing of eyes; irritation, burning, and bleeding of nasal membranes; irritation, burning, rashes,

drying of skin; scaling or itching of the skin; irritation or swelling of the eyelids or eye area;

tingling or swelling of lips or face; headaches; nausea; diarrhea; difficulty breathing; wheezing;

shortness of breath; persistent cough; tightness of the chest; bronchitis; throat irritations;

hoarseness; larynngitis; pneumonia; upper respiratory tract infections; asthma; worsening of

allergies; dizziness; hypothermia; and abnormal blood tests.  Exh. 1, Fact Sheet No. 1 at 3-4;

Exh. 2, Fact Sheet No. 2 at 3-4; Exh. 3, Fact Sheet No. 3 at 3-4.

At deposition, Mr. Wright testified that he experienced the symptoms almost immediately

after moving into the trailer; he testified that he ***"thought it [the trailer] was making me sick,"***

and acknowledged that in April 2006, he told his mother that ***"I think this trailer has made me***

***sick,"*** and ***"I think this trailer is making me sick."***  Exh. 4, Wright Depo. 135:1-2; 169:25-

171:16  (emphasis added); *see also id.* 170:24-171:16; 295:1-8; 328:11-20.  Mr. Wright's Fact

Sheets and his testimony clearly demonstrate that his alleged injury from formaldehyde exposure

in the travel trailer occurred in March 2006, shortly after he moved into the trailer; that he

attributed those injuries to the trailer, and that he reported this to his mother in April 2006.  Exh.

1, Fact Sheet No 1 at 4; Exh. 2, Fact Sheet No. 2 at 4; Exh. 3, Fact Sheet No. 3 at 4; Exh. 4,

Wright Depo. 134:16-136:10; 169:25-171:16; 293:17-24; 295:1-8; 307:6-25.  Thus, Mr. Wright

clearly had the information necessary to determine the critical facts of his injury and its cause in

March 2006, but nevertheless his claim was not presented to FEMA until March 2009, well

beyond the FTCA two-year statute of limitations.  28 U.S.C. §2401(b); Exh. 5, Dec. Hackshaw;

Exh. 6, Dec. Kyles; Exh. 7, Dec. Crosby; Exh. 8, Shipping Labels; Exh. 9, UPS Delivery

Confirmation.

Any argument that Mr. Wright was unaware of the full extent his alleged injuries or its

precise cause will not delay the accrual of his claim.  Even under a discovery rule of accrual, the

plaintiff need not know the full extent of the injuries for the claim to accrue.  In *Albertson v. T.J.*

*Stevenson & Co., Inc.*, 749 F.2d 223, 229 (5th Cir. 1984), the Fifth Circuit, applying the

discovery rule to a Jones Act claim, held that the statute of limitations accrues when any injury is

discernable.  "If the plaintiff later discovers that his injuries are more serious than originally

thought, his cause of action nevertheless accrues on the earlier date, the date he realized that he

had sustained harm." *Id.*  Consequently, the court held that a plaintiff's claim accrued when he

first experienced symptoms, including headaches and nausea, related to a toxic exposure, not

when more severe injuries to his brain, liver and skin developed. *Id.* at 229-33.

Likewise in *Beech v. United States*, 345 F.2d 872, 874 (5th Cir. 1965), the Fifth Circuit

held that an FTCA claim accrued at the time the immediate, though lesser, effects of a tort were

manifest, even though the plaintiff did not realize the seriousness of her injuries until a much

later time.  The *Beech* court stated that the two-year statute of limitations begins to run when

"some damage is discernable," even though the "ultimate damage is unknown or unpredictable."

*Id.  See also Industrial Constr. Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 967 (10th Cir.

1994) (stating "[a] plaintiff need not know the full extent of his injuries before the [FTCA]

statute of limitations begins to run"); *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.,* 2009

WL 2599195 at *3 (stating that "because accrual for the FTCA's statute of limitations hinges on notice, it is unnecessary for the plaintiff to be aware, or have suffered, the full extent of his injuries for the limitations period to begin to run.").

The crux of the FTCA's accrual standard is that once there is sufficient information that would lead a reasonable person to inquire further into the facts to ascertain whether there is a cause of action, then person then has two years to determine whether to file an administrative claim.  At that point, the putative plaintiff need only ask competent lawyers and experts whether he has a cause of action against the government, given the known facts.  *Kubrick*, 444 U.S. at 120; *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.,* 2009 WL 2599195 at *3.

For example, in *MacMillan v. United States*, 46 F. 3d 377 (5th Cir. 1995), the Fifth Circuit held that a plaintiff need not know of the precise causal connection between injuries and the delivery of a child to proceed on a malpractice claim.  *Id.* at 381.  The Court found that a report, noting that plaintiff had likely suffered "anoxia at birth" and resulting neurological damage, provided "facts sufficient to compel a reasonable person to seek professional advice regarding [plaintiff's] neurological difficulties and the connection, if any, to the problems associated with her birth."  *Id.*  Though the plaintiff did not know the precise cause of the injury, she knew about a potential cause and that was sufficient to start the statute of limitations.  *Id. See also Johnson*, 460 F.2d at 622 (analyzing *MacMillan* and holding that knowing about a potential cause or facts that would lead a reasonable person to inquire into causation was sufficient to begin the FTCA's statute of limitations).

This Court's Order and Ruling in *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.,* 2009 WL 2599195, is directly on point.  In dismissing Chris Cooper's FTCA claim the Court

17

ruled that his claim accrued when his mother first associated her son's symptoms to the trailer, even though at the time she was unaware that there was formaldehyde in the trailer. This Court explained: "[e]ven though Alexander did not immediately know of the exact cause of her and Cooper's physical symptoms, she was aware that they either began (in the case of the burning sensation in the nose, sneezing, and itchy eyes) or worsened (in the case of Cooper's asthma) when they initially took up residence in the EHU." *Id.* at *3. This Court concluded that "this was sufficient information regarding injury and causation that would lead a reasonable person to inquire further in the facts to determine the specific cause of the injury." *Id.*

Here, Mr. Wright's Fact Sheets and his testimony clearly demonstrate that he began to suffer symptoms when he moved into the trailer in March 2006 and attributed those injuries to the trailer. *See* Exh. 1, Fact Sheet No. 1 at 3-5; Exh. 2, Fact Sheet No. 2 at 3-5; *see also* Exh. 4, Wright Depo. 293:17-24. Further, in April 2006, one month after moving into the trailer he reported to his mother that ***"I think this trailer has made me sick," "I think this trailer is making me sick."*** Exh. 4, Wright Depo. 135:1-2; 169:25-171:16 (emphasis added); *see also id.* at 170:24-171:16; 295:1-8; 328:11-20. This knowledge is sufficient to commence the limitations period even if Mr. Wright was unaware of the precise causal agent. *See In re FEMA Trailer Formaldehyde Prod. Liab. Litig.* 2009 WL 2599195 at *3.

The Court lacks jurisdiction over Mr. Wright's FTCA claim because it accrued in March 2006 and he presented his administrative claim to FEMA on March 20, 2009, well beyond the FTCA two year statute of limitations. 28 U.S.C. § 2675(a). As previously discussed, it is well established that an administrative claim is not presented for purposes of complying with the two-year statute of limitations under the FTCA until it is received by the Federal agency. *See Bailes*,

1993 WL 82030 at *1 (FTCA claim dismissed because the plaintiff failed to establish that the appropriate federal agency received his claim); *Bellecourt*, 994 F.2d at 430 (same); *Bailey*, 642 F.3d at 347 (same);  *Crack*, 694 F.Supp. at 1247-48 (same).  Here, although Mr. Wright apparently signed the administrative claim on April 2, 2008, that claim was not received by FEMA until March 20, 2009.  Exh. 5, Dec. Hackshaw; Exh. 6, Dec. Kyles; Exh. 7, Dec. Crosby; Exh. 8, Shipping Labels; Exh. 9, UPS Delivery Confirmation; Exh. 10, Administrative Claim.  Thus, because Mr. Wright failed to present his claim within the FTCA two-year limitation period, this Court must dismiss his claim for lack of subject matter jurisdiction.

## CONCLUSION

For all of the foregoing reasons, the Court should grant the United States' Motion and dismiss Mr. Wright's FTCA claims for lack of subject matter jurisdiction.

Dated:  November 17, 2009

TONY WEST
Assistant Attorney General, Civil Division

J. PATRICK GLYNN
Director, Torts Branch, Civil Division

DAVID S. FISHBACK
Assistant Director

OF COUNSEL:

JORDAN FRIED
Associate Chief Counsel

JANICE WILLIAMS-JONES
Senior Trial Attorney
Federal Emergency Management Agency
Department of Homeland Security
Washington, D.C. 20472

Respectfully Submitted,

ADAM BAIN
Senior Trial Counsel

MICHELLE BOYLE
ADAM DINNELL
MICHELE GREIF
JONATHAN WALDRON
Trial Attorneys

*//S// Henry T. Miller*
HENRY T. MILLER (D.C. Bar No. 411885)
Senior Trial Counsel
United States Department of Justice
Civil Division – Torts Branch
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20004
Telephone No:  (202) 616-4223
E-mail:  Henry.Miller@USDOJ.Gov

Attorneys for the United States of America

19

CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2009, the foregoing document was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison Counsel.

_//S// Henry T. Miller_____
HENRY T. MILLER (D.C. Bar No. 411885)