UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Dubuclet v. Fleetwood Enterprises, Inc.* | * | |
| Docket No. 07-9228 | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S RESPONSE TO DEFENDANT FLEETWOOD INTERPRISES, INC.'S MOTION FOR SUMMARY JUDGMENT ON CAUSATION**

Plaintiff Elisha Dubuclet, on behalf of her minor child Timia Dubuclet responds to Defendant Fleetwood Enterprises, Inc.'s ("Fleetwood") Motion for Summary Judgment regarding causation, and, in support would show:

**I.
FACTUAL BACKGROUND**

Plaintiff has asserted claims against Fleetwood under the Louisiana Products Liability Act ("LPLA"). Specifically, Plaintiff claims that the Fleetwood unit she occupied from June of 2006, until September of 2007, due to its construction, composition, design, and lack of warnings, exposed Timia to dangerous levels of formaldehyde.  As a result, Timia's dermatitis/eczema was exacerbated, and she developed allergic rhinitis. *See* Fourth Supp. & Amd. Aldridge Compl. (rec. Doc. 5394-3).

Defendant now seeks summary judgment based on its erroneous allegation that Plaintiff has presented no medical testimony connecting her level of exposure to her injuries, specifically

1

the exacerbation of her eczema. As discussed below, Plaintiff has provided threshold concentrations at which formaldehyde is capable of causing the injury, and established that Plaintiff was exposed for over sixteen months to concentrations of formaldehyde exceeding the established threshold.

## II.
## EVIDENCE

Exhibit A    Miller deposition excerpts

Exhibit B    Supplemental Affidavit from Patricia Williams, Ph.D.

The following expert reports are attached to Defendant's Memorandum of Law:

1. Williams affidavit, attached as Exhibit C.
2. Miller Affidavit, attached as Exhibit G.

## III.
## ARGUMENT AND AUTHORITIES

**A.**    Summary Judgment Standard

Summary judgment is proper only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp, 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, Gillis v. Louisiana, 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. Hunt v. Rapides Healthcare System, L.L.C., 277 F.3d 757, 764 (5th Cir. 2001). A factual dispute where the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party precludes a grant of summary judgment. Smith v. Amedisys, 298 F.3d 434, 440 (5th Cir. 2002).

B.    <u>Summary judgment should be denied because Plaintiff's evidence raises a fact issue as to causation.</u>

Although both the harmful exposure level to a chemical and the levels to which the plaintiff was exposed are necessary to prove causation, the law does not require a showing of precise concentrations. <u>Curtis v. M&S Petroleum, Inc.</u>, 174 F.3d 661, 670-71 (C.A.5 1999). The standard for proving concentrations relating to causation is "relatively lenient." <u>Slaughter v. Southern Talc Co.</u>, 949 F.2d 167, 172 (5th Cir.1991). "Circumstantial evidence can be used to establish injurious exposure." <u>O'Neill v. Seariver Maritime, Inc</u>**,** 246 Fed.Appx. 278 280 (5th Cir. 2007).

1. *Dr. Williams provided a concentration range at which formaldehyde is capable of causing eczema, thus raising a fact issue as to general causation..*

Dr. Patricia Williams established general causation with her opinion that a cause and effect relationship exists between formaldehyde and eczema. *See* Williams affidavit, p. 40. She has cited several scientific articles that not only support her opinion, but also provide harmful concentration levels as related to eczema. She demonstrated that concentrations of air-borne formaldehyde well below 1 ppm can provoke skin reactions in sensitized individuals. *See* Williams supplemental affidavit, attached as Exhibit B, p. 6. A study by Matsunaga, et al, positively associated formaldehyde levels of 47 ppb with an increased prevalence of eczema. *See* Williams Affidavit, p. 22. The Everlein-Konig study showed that short-term exposure to formaldehyde at 64-96 ppb could induce skin changes in patients with atopic eczema. *See* Williams Affidavit, p. 21. A reasonable conclusion from this information is that for Timia Dubuclet, a child with atopic eczema, any formaldehyde exposure between 47-96 ppb could exacerbate her allergies. The evidence in Dr. Williams' report thus raises a fact issue by

3

establishing a formaldehyde concentration range for general causation. Because Defendant has failed to negate this fact issue, its motion for summary judgment on the issue of general causation should be denied. *See* Amburgey, 936 F.2d at 809.

2. *Dr. Miller determined the formaldehyde concentration range to which Plaintiff was exposed, thus raising a fact issue as to specific causation.*

Dr. Miller, whose opinion that formaldehyde exposure was the specific cause of the exacerbation of Timia's eczema, also provided concentration levels on which his opinion was based. *See* Miller's Affidavit, p. 6. Having reviewed Dr. Williams's affidavit, Dr. Miller had the benefit of her general causation analysis, which included summaries of the two studies on which she relied for the 47-96 ppb threshold concentration applicable to exacerbation of eczema. *See* Miller Affidavit, p. 1.

Dr. Miller also had the benefit of data from which he could estimate the concentration of Timia's exposure. The W.D. Scott group had measured the formaldehyde levels in the Dubuclet trailer in July of 2009. *See* Miller Affidavit, p. 3. The measurements were taken by two different methods. *See* Miller Affidavit, p. 3. The active tube sample reported a formaldehyde level of 230 ppb., while the passage badge dosimeter method resulted in a concentration of 340 ppb. *See* Miller Affidavit, p. 3. Dr. Miller's research, which included the report of Dr. Stephen Smulski, established that since the Scott results were obtained more than three years after the manufacture of the unit, levels in Timia's trailer during her occupancy were likely to have been higher. *See* Miller Affidavit, p. 3. From this information, Dr. Miller could reasonably conclude that Timia was chronically exposed to at least 230 ppb. formaldehyde during the sixteen months she lived in the Fleetwood trailer.

Other sampling data available to Dr. Miller was consistent with the Scott data. The Center for Disease Control, ("CDC"), had calculated the geometric mean formaldehyde level for occupied FEMA trailers at 77 ppb., with variances up to 590 ppm. *See* Miller Affidavit, p. 3. He also knew that the ATSDR formaldehyde threshold level for eye irritation is .4-3 ppm (400-3,000 ppb.). *See* Miller depo, p. 157. Since he reviewed the deposition of Elisha Dubuclet, Timia's mother, Dr. Miller knew that Timia had experienced numerous incidents of eye irritation; and could reasonably conclude that the formaldehyde concentration during those incidents was at least 400 ppb. *See* Miller deposition, pp. 18-19, 22, 90, 111.

Dr. Miller established that, according to the Scott data, Timia's minimum exposure level over the sixteen months she lived in the trailer was 230 ppb; from the CDC's testing, it was 77 ppb; and from a comparison of Timia's symptoms to the ATSDR threshold for eye irritation, it was 400 ppb. All of these exposure levels exceed the 47-96 ppb threshold formaldehyde level for exacerbation of eczema as derived by Dr. Williams. It is clear that Dr. Miller's opinion that Timia's exposure to formaldehyde emissions in her Fleetwood trailer significantly exacerbated her eczema is adequately supported by reasonable concentration estimates. The evidence presented by Dr. Miller thus raises a fact issue as to specific causation that precludes summary judgment. *See* Amburgey, 936 F.2d at 809.

## IV.
## CONCLUSION

Defendant seeks summary judgment based on its allegation that Plaintiff has not provided concentration levels supporting either general or specific causation. Defendants, however, are wrong. The evidence provided by Dr. Williams allows for the calculation of a range at which formaldehyde is capable of exacerbating eczema, thus raising a fact issue as to general causation.

Dr. Miller's evidence establishes the range of formaldehyde concentrations to which Timia Dubuclet was exposed while living in her Fleetwood trailer. Because the exposure level established by Dr. Miller exceeded Dr. William's threshold level for harm, Dr. Miller raised a fact issue as to specific causation. These fact issues preclude summary judgment.

                Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:     s/Gerald E. Meunier
           GERALD E. MEUNIER, #9471
           **PLAINTIFFS' CO-LIAISON COUNSEL**
           Gainsburgh, Benjamin, David, Meunier &
           Warshauer, L.L.C.
           2800 Energy Centre, 1100 Poydras Street
           New Orleans, Louisiana 70163
           Telephone:   504/522-2304
           Facsimile:    504/528-9973
           gmeunier@gainsben.com

           s/Justin I. Woods
           JUSTIN I. WOODS, #24713
           **PLAINTIFFS' CO-LIAISON COUNSEL**
           Gainsburgh, Benjamin, David, Meunier &
           Warshauer, L.L.C.
           2800 Energy Centre, 1100 Poydras Street
           New Orleans, Louisiana 70163
           Telephone:   504/522-2304
           Facsimile:    504/528-9973
           jwoods@gainsben.com

           **COURT-APPOINTED PLAINTIFFS'
           STEERING COMMITTEE**
           ANTHONY BUZBEE, Texas # 24001820
           RAUL BENCOMO, #2932
           FRANK D'AMICO, #17519
           MATT MORELAND, #24567
           LINDA NELSON, #9938
           MIKAL WATTS, Texas # 20981820
           ROBERT BECNEL, #14072
           DENNIS REICH, Texas # 16739600

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 17, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                              s/Gerald E. Meunier
                                              GERALD E. MEUNIER, #9471