UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|     FORMALDEHYDE PRODUCTS | * | |
|     LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Dubuclet v. Fleetwood Enterprises, Inc.* | * | |
| Docket No. 07-9228 | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S RESPONSE TO DEFENDANT FLEETWOOD
ENTERPRISES, INC.'S MOTION FOR SUMMARY JUDGMENT
ON GOVERNMENT CONTRACTOR DEFENSE**

Plaintiff Elisha Dubuclet, on behalf of her minor child Timia Dubuclet responds to Defendant Fleetwood Enterprises, Inc.'s ("Fleetwood") Motion for Summary Judgment regarding its government contractor defense (Docket Entry No. 662602) and, in support, would show:

**I.
FACTUAL BACKGROUND**

Plaintiff has asserted claims against Fleetwood under the Louisiana Products Liability Act ("LPLA"). Specifically, Plaintiff claims that the Fleetwood unit she occupied from June of 2006, until September of 2007, due to its construction, composition, design, and lack of warnings, exposed Timia to dangerous levels of formaldehyde.

Fleetwood never entered into a contract with the Federal Emergency Management Agency ("FEMA"). FEMA merely purchased trailers from Fleetwood that met its procurement specifications. *See* e.g., FLE-00006914. The procurement specifications, however, did not

include any requirements as to the use of formaldehyde-containing products. *See* FLE-00006914; FLE-00006492. Additionally, FEMA never inspected Timia Dubuclet's trailer for compliance with its procurement specifications. The only inspection FEMA performed was one checking for obvious damage at delivery. *See* FEMA 166-000011.

Fleetwood now seeks summary judgment based on the government contractor defense. Fleetwood has failed, however, to negate all material fact issues as to whether or not it is entitled to such immunity.

## II.
## EVIDENCE

The following expert reports are attached to Defendant's Memorandum of Law:

1. FEMA Model Travel Trailer Procurement Specifications, attached as Exhibit B

2. FEMA Unit Specifications, attached as Exhibit C

3. FEMA Unit Inspection Report, attached as Exhibit F

## III.
## ARGUMENT AND AUTHORITIES

**A.**     Summary Judgment Standard

Summary judgment is proper only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp, 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, Gillis v. Louisiana, 294 F.3d 755, 758 (5th Cir. 2002), and draws all

reasonable inferences in favor of that party. Hunt v. Rapides Healthcare System, L.L.C., 277 F.3d 757, 764 (5th Cir. 2001). A factual dispute where the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party precludes a grant of summary judgment. Smith v. Amedisys, 298 F.3d 434, 440 (5th Cir. 2002).

The "government contractor defense" is an affirmative defense, as to which Fleetwood bears the burden of proof. Bailey v. McDonnell Douglas Corp., 989 F.2d 794, 802 (5th Cir. 1993). Thus, Fleetwood must show the absence of a genuine issue of material fact and establish each element of the defense as a matter of law. Terrebonne Parish Sch. Bd. v. Mobil Oil Corp., 310 F.3d 870, 877 (5th Cir. 2002); Fontenot v. Upjohn Co., 780 F.2d 1190, 1194 (5th Cir. 1986). If Fleetwood fails to meet its "initial burden, the motion must be denied, regardless of the nonmovant's response." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).

B. <u>Summary judgment should be denied because Fleetwood has failed to prove as a matter of law that it is a government contractor.</u>

It is axiomatic that in order to invoke the government contractor defense, one must actually be a government contractor. *See generally,* Boyle v. United Technologies Corp., 487 U.S. 500, 504-06 (1988). The defense protects the government's interests *under its contracts. See* Id. In relation to the defense, *Boyle* repeatedly emphasizes the necessity of a contract; it discussed "obligations to and rights of the United States under its contracts," "performance of a [government] contract," "the present case involves an independent contractor performing its obligations under a procurement contract," and "civil liabilities arising out of the performance of federal procurement contracts." Id. at 505-506.

Fleetwood, however, does not qualify as a government contractor. It has failed to produce any contract with FEMA or any other agency of the government. Since the government is not a party to a contract with Fleetwood, the government's rights and interests are not involved. No reason exists to extend the government contractor defense to Fleetwood, which did not contract with the government. *See* Id. Because Fleetwood has failed to prove as a matter of law that it is, in fact, a government contractor, the motion for summary judgment should be denied. *See* Amburgey, 936 F.2d at 809.

C.  Summary judgment should be denied because a fact issue exists as to government's approval of reasonably precise specifications.

The government contractor defense immunizes a defendant only where the governmental agency at issue approved reasonably precise specifications. *See* Boyle, 487 U.S. at 512. Whether the specifications were reasonably precise and whether actual approval occurred are fact-specific inquiries. *See* Stout v. Bourg-Warner Corp., 933 F.2d 331, 336-37 (5th Cir. 1991). Both issues turn on whether the government agency exercised substantial oversight of the product's original design, development and production. *See* Id. (the government examined production drawings and actually tested the prototypes); Smith v. Xerox Corp., 866 F.2d 135, 137-38 (5th Cir. 1989)(the government provided initial specifications that were incorporated into the production contract, and reviewed and approved the contractor's final drawings); *see also* Harduvel v. General Dynamics Corp., 878 F.2d. 1311, 1320 (11th Cir. 1989); Kleeman v. McDonnell Douglas Corp., 890 F.2d 698 (4th Cir. 1989). Mere passive acceptance of a contractor's independently-developed design choices does not constitute approval of reasonably precise specifications.

4

Trevino v. General Dynamics Corp., 865 F.2d 1474, 1486-87 (5th Cir. 1989). As explained by the Fifth Circuit:

> The mere signature of a government employee on the 'approval line' of a contractor's working drawings, without more, does not establish the government contractor defense. The trier of fact should not evaluate the wisdom or quality of any government decision, but must locate the actual exercise of the discretionary function. We hold that 'approval' under the *Boyle* defense requires more than a rubber stamp…When the government merely accepts, without any substantial review or evaluation, decisions made by a government contractor, then the contractor, not the government, is exercising discretion. A rubber stamp is not a discretionary function; therefore, a rubber stamp is not 'approval' under *Boyle*.

*Id*. at 1480.

Defendant has failed to establish as a matter of law that FEMA approved reasonably precise specifications. The Unit Inspection Report evidences nothing more than a "rubber stamp." *See* Exhibit F to Defendant's motion. The inspection determined only whether the unit and certain of its furnishings and fittings were damaged at delivery. *See* Defendant's Exhibit F. Many of the procurement specifications, such as winterization, the plumbing system, and whether the siding and roof met industry standards, were not even examined. *See* Exhibits B and F to Defendant's motion. Neither the Procurement Specifications nor the FEMA Unit Specifications evidence any governmental oversight of the actual design, development, or production processes. *See* Exhibits B and C to Defendant's motion. Fleetwood has thus failed to negate the factual dispute concerning whether approval of reasonably precise specifications occurred. *See* Amedisys, 298 F.3d at 440.

Further, the specifications approved must relate to the particular feature of the product claimed to be defective. Trevino, 865 F.2d at 1486; Bailey v. McDonnell Douglas Corp., 989

5

F.2d at 794, 799 (5th Cir. 1993) (a court's analysis must focus upon the "particular feature" allegedly defective); *see also* Snell v. Bell Helicopter Textron, Inc., 107 F.3d 744 (9th Cir. 1997); Gray v. Lockheed Aeronautical Sys. Co., 125 F.3d 1371, 1377-79 (11th Cir. 1997); Shurr v. A.R. Siegler, Inc., 70F.Supp. 2d 900, 900 (E.D. Wis. 1999); Strickland v. Royal Lubricant Co., 911 F. Supp. 1460, 1467-68 (M.D. Ala. 1995). The specific defective feature at issue here is the use of plywood, press board, other products containing formaldehyde. *See* Fourth Supp. & Amd. Aldridge Compl. (rec. Doc. 5394-3). Nothing in the FEMA Model Travel Trailer Procurement Specifications or the FEMA Unit Specifications addresses these components. *See* Exhibits B and C to Defendant's motion. Similarly, there is nothing in the Unit Inspection Report that relates to any of these products. *See* Exhibit F to Defendant's motion. Defendant has thus failed to negate the factual dispute as to whether the particular defect at issue, the use of formaldehyde-containing products, was either specified or approved by the government. *See* Trevino, 865 F.2d at 1486. Summary judgment, therefore, is inappropriate, and Defendant's motion should be denied. *See* Amedisys, 298 F.3d at 440.

D.    Summary judgment should be denied because factual disputes exist on the failure to warn claim.

The requirements for the government contractor defense as applied to a failure to warn claim are the same as in any other context. *See* Tate v. Boeing Helicopters, 55 F.3d 1150 (6th Cir. 1995); Bailey v. McDonnell Douglas Corp., 989 F.2d 794, 801 (5th Cir. 1993); Garner v. Santoro, 865 F.2d 629, 635-36 (5th Cir.1989). Government approval of reasonably precise specifications is therefore one of the requisites. *See* Id. At the very least, the federal authority

6

must have exercised "some kind of direct influence over the contractor's activities with respect to warnings." Cole v. Northrop Grumman Ship Systems, Inc., 2008 WL 2651428, *5 (E.D. La. 2008). Warnings are not mentioned in either the Unit Inspection Report or the Procurement Specifications. *See* Exhibits B and F of Defendant's motion. Additionally, warnings were not event addressed on the Unit Inspection Report. *See* Exhibit F to Defendant's motion. Defendant has thus failed to negate the factual disputes relating to the warning issue. *See* Id. Defendant's motion for summary judgment should therefore be denied. *See* Amedisys, 298 F.3d at 440.

## IV.
## CONCLUSION

Fleetwood has failed to prove as a matter of law that it qualifies as a government contractor. Fleetwood further failed to negate the existence of factual disputes as to whether FEMA approved reasonably precise specifications or whether the specification related in any way to formaldehyde-containing products. Fleetwood therefore is not entitled to summary judgment and its motion should be denied.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:  s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:    504/528-9973

gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:     504/522-2304
Facsimile:      504/528-9973
jwoods@gainsben.com




**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
ROBERT BECNEL, #14072
DENNIS REICH, Texas # 16739600

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                        s/Gerald E. Meunier
                                        GERALD E. MEUNIER, #9471