UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE FEMA TRAILER FORMALDEHYDE | * | MDL NO. 07-1873 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION: N (5) |
| THIS DOCUMENT RELATES TO | * | |
| CIVIL ACTION NO. 2:07-CV-9228 | * | JUDGE ENGELHARDT |
| *Aldridge, et al. v. Gulf Stream Coach, Inc., et al.* | * | |
| (*Elisha Dubuclet obo Timia Dubuclet v.* | * | MAGISTRATE JUDGE CHASEZ |
| *Fleetwood Fluor Enterprises, Inc. and FEMA*) | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
"FLEETWOOD ENTERPRISES, INC.'S MOTION IN LIMINE
TO EXCLUDE EVIDENCE, TESTIMONY, AND
ARGUMENT REGARDING OTHER LAWSUITS OR CLAIMS"**

Plaintiffs, Elisha Dubuclet and on behalf of her minor child, Timia Dubuclet, through undersigned counsel, submit this memorandum in opposition to Defendant Fleetwood Enterprises, Inc.'s "Motion in Limine to Exclude Evidence, Testimony, and Argument Regarding Other Lawsuits or Claims (Rec. Doc. 6898) which is set for hearing on December 2, 2009.

Defendant Gulf Stream Coach, Inc. filed a similar motion in limine in the *Age* action, No. 09-2892 (Rec. Doc. 2799), which Plaintiffs opposed in that case (Rec. Doc. 2949). After initially deferring a ruling on Gulf Stream's motion (Rec. Doc. 3013), this Court ruled on and disposed of the motion, for reasons expressed in the transcript, on September 23, 2009 (see Minute Entry, Rec. Doc. 4104).

Plaintiffs have filed a motion in limine, on November 16, 2009, seeking to preclude Fleetwood from introducing evidence, testimony and argument regarding the alleged *lack of* other lawsuits or claims. As mentioned in that motion, it would be unfairly prejudicial to allow Fleetwood to offer evidence concerning an alleged *absence of* other claims and lawsuits while prohibiting Plaintiffs from offering contrary evidence. Plaintiffs contend that <u>all parties</u> should be precluded from offering evidence of other lawsuits and claims (or the lack thereof) unless such evidence is sought to be used to prove Notice of the unreasonably dangerous condition of the product. Moreover, if Fleetwood is permitted to attempt to prove that there were few or no other claims or lawsuits, Plaintiffs should be permitted to rebut that evidence.

**1.     Evidence of other claims and lawsuits is admissible to rebut Defendant's evidence about a lack of prior claims and lawsuits.**

Defendant should not be permitted to offer testimony about an alleged lack of other claims and lawsuits and then object to contrary evidence at trial. As recently noted by Judge Melancon in the Western District, a defendant who raises an issue on direct examination (such as other lawsuits) "opens the door" to contrary evidence on cross-examination.[1]

While Fleetwood seeks to prevent Plaintiffs from offering evidence of other lawsuits and claims, Fleetwood's counsel have repeatedly sought to elicit testimony concerning an alleged *lack* of other lawsuits and claims during discovery. For example, in the June 25, 2009 Rule 30(b)(6)

---

[1] U.S. v. Patel, No. Crim. A 06-60006, 2009 WL 1579526 (W.D. La. June 3, 2009) (Melancon, J.) (holding that criminal defendant had "opened the door" to questions on cross-examination about lawsuits by others against him, after defendant referred to lawsuits by witnesses on direct examination). *See also Dick v. Cain*, No. No. Civ. A 05-1467, 2008 WL 4544362 (E.D. La. Oct. 8, 2008) (Engelhardt, J.) (holding that the government had properly questioned defendant about "other crimes" involving drug sales, on the issue of credibility, after defendant opened the door to such testimony by stating that he had never sold drugs).

-2-

deposition of Fleetwood, through its representative Forrest Theobald, counsel for Fleetwood asked his own witness about other complaints:

> Q. During the time that you were associated with the providing of travel trailers to natural disaster sites, **are you aware of a single instance where there was ever a complaint from a resident of a travel trailer** provided in the emergency setting with respect to formaldehyde issues, odor problems, or otherwise during the period of time those displaced persons were living in the emergency housing units provided to them following that natural disaster?[2]

Counsel for Fleetwood then asked his own witness about prior lawsuits against Fleetwood:

> Q. So out of -- just with respect to travel trailers, if there were approximately 30,000 a year for 10 years for that period of the '80s and you recall a handful, about five lawsuits, perhaps, **that would be maybe five lawsuits out of 300,000 travel trailers**?[3]

Counsel for Fleetwood has further represented to counsel for plaintiff in the instant matter that they want to elicit such testimony in order to tell the jury "part of our story." Counsel for plaintiff simply believes that, in this instance, what is "good for the goose is good for the gander" with the exception noted in Paragraph 2 of Plaintiff's Opposition, *infra*.

As noted by Judge Schwartz of this Court:

> When counsel for one party places evidence or issues before the jury, the party opens the door to those issues and evidence and cannot later assert that they are objectionable. To hold otherwise would allow one party to present a one dimensional view of what are often the most disputed facts of a case.[4]

---

[2] Exhibit 1, Deposition of Fleetwood Enterprises, Inc., through Forrest Theobald, June 25, 2009 at 246 (emphasis added).

[3] Exhibit 1, Deposition of Fleetwood Enterprises, Inc., through Forrest Theobald, June 25, 2009 at 248-49 (emphasis added).

[4] *Johnson v. CNA Ins. Co.*, No. Civ. A 91-3205, 1993 WL 205109 at *2 (E.D. La. June 9, 1993) (Schwartz, J.) (denying plaintiff's motion in limine to exclude evidence of prior claims where plaintiff's counsel raised the issue in opening statement to the jury).

Unless all parties are precluded from introducing evidence, testimony and argument concerning other claims and lawsuits (or the lack thereof), Fleetwood's motion in limine should be denied.

## 2. Evidence of other claims and lawsuits is admissible to prove notice to Fleetwood of the unreasonably dangerous condition of its product.

Evidence of claims and lawsuits by other individuals with substantially similar claims is directly relevant to the issue of Fleetwood's knowledge of the unreasonably dangerous condition of the product at issue. Under the Louisiana Product Liability Act (LPLA), Plaintiffs have a claim against Fleetwood, as a manufacturer, for damages arising from a defect in the product which is unreasonably dangerous because of an inadequate warning.[5]

Even after a product has left the control of the manufacturer, there is a continuing duty to warn owners of any dangers which the manufacturer subsequently discovers.[6]

As noted by the Louisiana First Circuit Court of Appeal in *Terex Crane*:

> Louisiana law ascribes to a manufacturer a duty to provide warning of any danger inherent in the normal use of its product which is not within the knowledge of an ordinary user. **The manufacturer's duty to warn is a continuing one.**[7]

---

[5] *See* La. R.S. 9:2800.57(A).

[6] *See* La. R.S. 9:2800.57(C).

[7] *American Cent. Ins. Co. v. Terex Crane*, 861 So. 2d 228, 231 (La. Ct. App. 1 Cir. 2003) (citations omitted, emphasis added), *writ denied*, 869 So. 2d 881 (La. 2004). *See also Winterrowd v. Travelers Indem. Co.*, 462 So.2d 639, 641-43 (La. 1985) (holding that defendant manufacturer had breached its continuing duty to warn of product defects, for example by "published warnings in trade journals," even though the defendant manufacturer was unaware of the location of the product for 38 years before the accident).

In *Brodtmann*, the Louisiana Fourth Circuit Court of Appeal held that a manufacturer who is aware of a product defect from previous accidents has "a further duty to inform end users of the danger inherent in the use of its [product], either by a recall or a letter to end users."[8]

And in *Carboline*, the Louisiana First Circuit Court of Appeal explained that:

> [U]nder Louisiana products liability law, a manufacturer of a product who, after the product has left its control, acquires knowledge of a characteristic of the product that may cause damage must act reasonably to provide an adequate warning of such characteristic and its danger to users. As long as a defendant with a duty to disclose possesses knowledge and yet fails to act, the tort is a continuing one which renews itself from day to day.[9]

Evidence of other claims and lawsuits against Fleetwood is relevant to the issue of its knowledge and liability for failure to warn. *See* Fed. R. Evid. 404(b) (noting that evidence of other acts may be admissible to prove "knowledge").

## CONCLUSION

Defendants' motion in limine should be denied.

---

[8] *Brodtmann v. Duke*, 708 So. 2d 447, 458 (La. Ct. App. 4 Cir.) (affirming finding of liability of product manufacturer under LPLA for failure to warn and affirming trial court's admission of evidence--pleadings, depositions and testimony of witnesses--relating to six incidents in which various plaintiffs made claims for a defect in the product) (emphasis added), *writs denied*, 717 So.2d 1177, 1178 (La.), *cert. denied*, 525 U.S. 1017, 119 S.Ct. 541, 142 L.Ed.2d 450 (1998).

[9] *Our Lady of the Lake Hosp. v. Carboline*, 632 So. 2d 339, 343 (La. Ct. App. 1 Cir. 1993), *writ denied*, 635 So. 2d 228 (La. 1994), *writ denied*, 637 So. 2d 1052 (La. 1994).

Respectfully submitted,

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

*/s/ Gerald E. Meunier*
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
**Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.**
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70113
Telephone: (504) 522-2304
Facsimile: (504) 528-9973
**meunier@gainsben-com**

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
JUSTIN I. WOODS (LA Bar #24713)
RAÚL R. BENCOMO (LA Bar #2932)
LINDA J. NELSON (LA Bar #9938)
FRANK J. D'AMICO, JR. (LA Bar #17519)
MATT MORELAND (LA Bar #24567)
ROBERT M. BECNEL (LA Bar #14072)
ANTHONY BUZBEE (TX #24001820)
MIKAL WATTS (TX #20981820)
DENNIS REICH (TX #16739600)

COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon counsel for all parties by electronic mail (CM/ECF) system which will send a notice of electronic filing to all counsel of record addressed this 16th day of November, 2009.

                                                  */s/ Gerald E. Meunier*
                                                  GERALD E. MEUNIER

# EXHIBITS TO
# PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
# "FLEETWOOD ENTERPRISES, INC.'S MOTION IN LIMINE
# TO EXCLUDE EVIDENCE, TESTIMONY, AND
# ARGUMENT REGARDING OTHER LAWSUITS OR CLAIMS"

1. 30(b)(6) Deposition of Fleetwood Enterprises, Inc., through Forrest Theobald, June 25, 2009, pages 1-8, 206, 246-49.