# Exhibit "L"

# Excerpt of Transcript of Rule 104 Hearing, September 14, 2009

# Proceedings Title & Swear in of Witness-Page 1-2.

# Excerpt-Page 43, Line 17-25; Page 44, Line 1-4.

ROUGH DRAFT COPY - FOR INTERNAL USE ONLY

1

2                              **PROCEEDINGS**

3                            (September 14, 2009)

4         THE DEPUTY CLERK:  All rise.

5         THE COURT:  All right.  You may be seated.

6                 Before we begin this hearing on this motion, I

7    want to go ahead and make the record that this motion relates

8    to the Court's order, Document No. 3094, which the Court

9    entered relative to Dr. Patricia M. Williams who is here today

10   intending -- the plaintiffs intend to call her as an expert

11   witness in the field of ... Mr. Meunier?

12        MR. MEUNIER:  Toxicology.

13        THE COURT:  Toxicology, okay.

14                The Court had entered an order, for which I gave

15   the document number, indicating that there were some concerns

16   raised in the defendant Gulf Stream's motion that were best

17   heard with the witness on the stand.  So that is what we're

18   going to do now.

19                Mr. Meunier is going to question Dr. Williams,

20   at which time we'll have a cross-examination by Mr. Weinstock.

21   I don't know whether Mr. Penot is going to ask -- I'm sorry.

22   Anyway, we'll give both defendants the opportunity to question

23   the witness and then we'll have redirect.

24                This hearing is limited only to the issue that

25   remains on the table about the expert opinion regarding general

ROUGH DRAFT COPY - FOR INTERNAL USE ONLY

1  causation relative to cancer; is that correct?
2         MR. MEUNIER: That's correct, Your Honor. And just
3  so we're clear, I'm going to put on the ELMO the Page 35 of the
4  expert report.
5         THE COURT: Right.
6         MR. MEUNIER: Now, to be more precise, there are
7  opinions stated throughout the report, but the bottom line
8  opinion is a general causation relationship association with --
9  and association with cancer.
10        THE COURT: That's correct. And you've put on the
11 screen exactly the provision that I cited in Document 3094,
12 which was the Court's orders and reasons. And the hearing will
13 relate to the cause that says: "A cause/effect relationship
14 exists between formaldehyde and upper respiratory tract damage
15 and cancer."
16        All right. Go ahead, Mr. Meunier -- well, first
17 of all, let's go ahead and swear the witness in. If you would
18 remaining standing, please.
19        (WHEREUPON, **Patricia M. Williams**, having been duly
20 sworn, testified as follows.)
21        THE DEPUTY CLERK: Please state your full name and
22 correct spelling for the record.
23        THE WITNESS: Patricia M. Williams. P-A-T-R-I-C-I-A,
24 M, middle initial, Williams, W-I-L-L-I-A-M-S, PhD, DABT.
25

ROUGH DRAFT COPY - FOR INTERNAL USE ONLY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17  It is a reactive electrophile.  In theory, one molecule can
18  attack a cell of DNA.
19          However, I also said in the deposition that you're
20  not showing, it's theoretically not plausible that one molecule
21  would cause a cancer, because it would depend on when in the
22  cell cycle that that event to damage the DNA occurred.  We have
23  numerous repair mechanisms that depending on when in the cell
24  cycle the insult occurs that it could be repaired.
25          So, basically, a no-threshold level is recognized for

ROUGH DRAFT COPY - FOR INTERNAL USE ONLY

1  mechanistic purposes.  The risk -- the Reference Manual on
2  Scientific Evidence recognizes that and says, it's not
3  probable -- it's not probable -- that a cancer results, but,
4  quote, "The risk is not zero."  And that's directly from the
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25