UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  FEMA TRAILER                    *       MDL NO. 1873
   FORMALDEHYDE PRODUCTS       *
   LIABILITY LITIGATION        *       SECTION "N" (5)
            *
            *       JUDGE ENGELHARDT
            *       MAGISTRATE CHASEZ
            *
THIS DOCUMENT IS RELATED TO            *
            *
*Dubuclet v. Fleetwood Enterprises, Inc.*  *
Docket No. 07-9228                      *
            *

*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

**PLAINTIFF'S RESPONSE TO DEFENDANT FLEETWOOD ENTERPRISES, INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
ON MENTAL ANGUISH CLAIMS**

   Plaintiff Elisha Dubuclet, on behalf of her minor child Timia Dubuclet responds to

Defendant Fleetwood Enterprises, Inc.'s ("Fleetwood") Motion for Partial Summary Judgment

on Mental Anguish Claims, and, in support would show:

**I.
FACTUAL BACKGROUND**

   Plaintiff has asserted claims against Fleetwood under the Louisiana Products Liability

Act ("LPLA").  Specifically, Plaintiff claims that the Fleetwood unit she occupied from June of

2006, until September of 2007, due to its construction, composition, design, and lack of

warnings, exposed Timia to dangerous levels of formaldehyde.  As a result, Timia has suffered

mental anguish and continues to exhibit anxiety and a fear of developing cancer. *See* Fourth

Supp. & Amd. Aldridge Compl. (rec. Doc. 5394-3).

   Defendant now seeks summary judgment as to Timia's mental anguish claims, based

primarily on its erroneous interpretation of the legal standards applicable to such claims.

Plaintiff has presented sufficient evidence to satisfy the correct standards and raise a fact issue as to Timia's mental anguish, thus precluding summary judgment.

## II.
## EVIDENCE

Exhibit A        Elisha Debuclet deposition excerpts

Exhibit B        Picot deposition excerpts

Exhibit C        Timia Dubuclet deposition excerpts

Exhibit D        de la Rosa deposition excerpts

Exhibit E        Williams affidavit

The following expert reports are attached to Defendant's Memorandum of Law:

1. Shwery affidavit, attached as Exhibit A

2. DeVany affidavit, attached as Exhibit F

## III.
## ARGUMENT AND AUTHORITIES

A.        Summary Judgment Standard

Summary judgment is proper only where "there is no genuine issue as to any material fact and  . . . the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp, 936 F.2d 805, 809 (5th Cir. 1991);  Fed. R. Civ. P. 56(c).  When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, Gillis v. Louisiana, 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. Hunt v. Rapides Healthcare System, L.L.C., 277 F.3d 757, 764 (5th Cir. 2001).  A factual dispute where the evidence is sufficient to permit a

reasonable trier of fact to find for the nonmoving party precludes a grant of summary judgment. Smith v. Amedisys, 298 F.3d 434, 440 (5th Cir. 2002).

B.   Summary judgment should be denied because Plaintiff produced ample evidence that Fleetwood, by exposing her to formaldehyde, caused her mental anguish.

Defendant asserts that Plaintiff has failed to establish a causal relation between her mental anguish and the formaldehyde emissions from her Fleetwood trailer.  At the outset, it is important to note that expert testimony is not required to support a recovery for mental anguish. Dickerson v. Lexington Ins. Co., 556 F.3d 290, 305 (5th Cir. 2009).  Defendant's proposed *Daubert* inquiry into the foundation of Dr. Shwery's opinion on the issue is therefore unnecessary and irrelevant to this motion. *See* Id.

The evaluation of a mental anguish claim is exceptionally fact-dependent. *See* Id. at 304-05.  It is within the almost exclusive purview of the fact finder to determine questions relating to mental anguish. *See* Id.  Plaintiff has presented more than sufficient evidence to permit a jury to find that Timia's mental anguish was caused by Fleetwood's actions, *i.e.,* from the exacerbation of her eczema due to her formaldehyde exposure in the Fleetwood trailer.

Mrs. Elisha Dubuclet, Timia's mother, testified that prior to moving to the trailer, Timia's skin condition was only minor. *See* Elisha Debuclet depo., pp. 168-69.  While living in the trailer, Timia's eczema worsened to the point that some of her classmates made fun of her skin. *See* Elisha Debuclet depo. pp. 123, 172.  When Mrs. Dubuclet asked Timia's doctors if living in the trailer could have caused the exacerbation of Timia's eczema, she was told that it was a possibility. *See*  Elisha Debuclet depo., p. 174.

Leslie Picot, Timia's grandmother, also testified that prior to living in the trailer, Timia's skin condition was hardly noticeable. *See* Picot depo. pp. 144-145.  Although she had always seen Timia frequently, the first time Ms. Picot really noticed Timia's skin condition was after moving into the trailer herself. *See* Picot depo. pp 144-45, 148.  At times, she noticed that Timia would scratch her skin until it bled. *See* Picot depo. p. 147.  On at least two occasions while living in the trailer, Timia's skin became so inflamed that she had to be taken to the emergency room. *See* Picot depo. pp. 148-149.

Apart from his opinion on causation, Dr. Shwery can testify concerning his July 16, 2009, psychological examination of Timia.  He noted that Timia reported that her itching and bleeding from scratching started after moving into the trailer. *See* Shwery affidavit, p. 6.  She also reported that she began crying when alone and biting her nails while living in the trailer. *See* Shwery affidavit, pp. 6. 7.  She told Dr. Shwery that she was concerned about her appearance, and worries that her skin condition will return. *See* Shwery affidavit, p. 6.  She related that her classmates would talk about her skin and call her ugly names. *See* Shwery affidavit, p. 7.  She still worries about the social consequences of her skin condition. *See* Shwery affidavit, p. 7.  Her psychological diagnosis included anxiety disorder due to eczema, and worries and distress due to her skin condition. *See* Shwery affidavit, pp. 6-7.

Certainly, a juror hearing the evidence now in the record could find that Timia's mental anguish was caused by the skin condition that was severely exacerbated while she was exposed to the formaldehyde emissions from the Fleetwood trailer.  Summary judgment is therefore precluded on the issue of the cause of Timia Dubuclet's mental anguish. *See* <u>Amedisys</u>, 298 F.3d at 440.

C.    Plaintiff has presented sufficient evidence of fear of cancer to preclude summary judgment.

Although fear of cancer must be distinguished from general mental anguish, Timia's testimony precludes summary judgment on this issue. *See* Smith v. A.C. & S., Inc., 843 F.2d 854, 859 (5th Cir. 1988).  Timia specifically testified that she does, in fact, fear cancer. *See* Timia Dubuclet depo. pp. 75-76, 77. Considering that she is an 11-year-old child, her explanation of the origin of that fear cannot reasonably be considered determinative, and should therefore be evaluated by the fact finder.  Timia's own testimony, therefore, precludes summary judgment on the issue of whether Timia has a specific fear of cancer. *See* Amedisys*, 298 F.3d at 440.

D.    Summary judgment is precluded because Plaintiff has raised a fact issue that a fear of cancer is reasonable.

Plaintiffs carry a particularly light burden in proving reasonableness for purposes of a fear of cancer claim. *See* Smith, 843 F.2d 8at 859, FN 3.  The burden of proof is less stringent than that for proving an increased risk of cancer, *i.e.* that the exposure will more probably than not lead to cancer. Id.  In proving a fear of cancer claim, the plaintiff must only convince the trier of fact that, given the particular circumstances, his fear is reasonable. *See* Hagerty v. L & L Marine Services, Inc.,788 F.2d 315, 318 (5th Cir. 1986). Without either articulating a standard, or citing a single authority in support of its argument, Defendant erroneously attempts to impose an even higher standard than that for an increased risk of cancer claim.  In fact, Defendant simply reiterates its arguments made elsewhere under *Daubert,* a singularly rigorous standard.

Plaintiff has produced ample evidence that her fear of cancer is reasonable.  It is uncontested that Timia was exposed to formaldehyde every day of the sixteen months she lived in the Fleetwood trailer.  She experienced severe physical effects in the form of exacerbation of

her eczema due to the exposure. *See* Elisha Debuclet depo., pp. 123, 168-69, 172; *See* Picot depo. pp. 144-145, 147, 148-49. The International Agency for Research on Cancer (IARC) has designated formaldehyde a "known human carcinogen," *See* de la Rosa depo. p. 70, attached as Exhibit D., and the Occupational Safety and Health Administration (OSHA) recognizes it as a potential occupational carcinogen. *See* DeVany affidavit at p. 3. Dr. Patricia Williams, Plaintiff's expert toxicologist, after an exhaustive review of the scientific literature, has concluded that there is a cause and effect relationship between formaldehyde and certain types of cancer. *See* Williams affidavit at 40. The totality of this evidence is certainly sufficient to raise a fact issue on the reasonableness of Timia Dubuclet's fear of cancer. *See* Id. Defendant's motion for partial summary judgment must therefore be denied. *See* Amedisys, 298 F.3d at 440.

## IV.
## CONCLUSION

Defendant has challenged Plaintiff's mental anguish claims on the basis of lack of cause and effect evidence, the existence of a fear of cancer claim, and the reasonableness of a fear of cancer claim. Much of Defendant's argument is based on an erroneous understanding of the law and a disregard of the evidence presented. Because Plaintiff has made a sufficient evidentiary showing to raise a fact issue on each challenge, Defendant's partial motion for summary judgment on mental anguish should be denied.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.

2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:     504/522-2304
Facsimile:      504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:     504/522-2304
Facsimile:      504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
ROBERT BECNEL, #14072
DENNIS REICH, Texas # 16739600

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

s/Gerald E. Meunier
GERALD E. MEUNIER, #9471