defUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | | |
|---|---|---|---|---|
| IN RE: | FEMA TRAILER | * | | MDL NO. 1873 |
| | FORMALDEHYDE | * | | |
| | PRODUCTS LIABILITY | * | | |
| | LITIGATION | * | | SECTION: N(5) |
| | | * | | |
| This Document Relates to: | | * | | |
| | | * | | |
| This Document Relates to: | | * | | |
| *Dubuclet v. Fleetwood Enterprises, Inc.* | | * | | |
| | | * | | JUDGE: ENGELHARDT |
| Case No. 07-9228 | | * | | |
| | | * | | |
| | | * | | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT FLEETWOOD ENTERPRISES, INC.'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE TO PREVENT ANY MENTION OF THE REVOCATION OF THE TREATING PHYSICIAN DR. GEORGE FARBER'S MEDICAL LICENSE**

Plaintiff has filed a motion in limine to prevent any mention of the revocation of the treating physician Dr. George Farber's medical license. Because Dr. Farber has been withdrawn as a witness, Fleetwood can agree that it will not reference the revocation of Dr. Farber's license.[1] Fleetwood's agreement, however, is only provided to the extent that no witness references Dr. Farber's opinions presented in his now-withdrawn expert affidavit. If any of Plaintiff's experts attempt to rely on his previous "expert" opinions -- and Fleetwood denies that any other expert can rely on these litigation generated opinions under Fed. R. Evid. 703 -- then Plaintiff has opened the door to Dr. Farber's qualifications, including the revocation of his medical license.

---

[1] Indeed, Fleetwood had attempted to so stipulate with Plaintiff, but because Fleetwood added the conditions referenced below, Plaintiff did not agree.

Fleetwood has no objection to the T.R.U.E.™ Test results, as read by the Kenner Clinic, coming into evidence. But under no circumstances can Plaintiff's proposed expert Dr. Lawrence G. Miller or Dr. Edward H. Shwery, or any other witness, testify about Dr. Farber's interpretation of that test, specifically Dr. Farber's previous expert opinion that Timia is "allergic to formaldehyde":

> These positive test results indicate that Ms. Dubuclet had been sensitized to formaldehyde and is now allergic to formaldehyde.[2]

Rather, only the simple factual findings in that test may come in, as represented on the Standard Data Collection Form,[3] specifically a finding of positive for three chemicals and negative for all other chemicals, including formaldehyde. If any witness, however, such as Dr. Miller, testifies to the effect that "[r]ecent allergy testing performed by Dr. Farber indicates a positive response to formaldehyde; as Dr. Farber states, "The positive test for formaldehyde indicated that Timia has been sensitized to formaldehyde and is now allergic to it,"[4] or testifies that "[t]he positive allergy tests performed by Dr. Farber further support the completed exposure pathway for formaldehyde,"[5] then Fleetwood would consider that the door has been opened to Dr. Farber's qualifications, and the revocation of his license is at issue.[6] Neither Dr. Miller nor any other witness can support such statements independent from their reliance on Dr. Farber's

---

[2] Farber Aff. at 3 (DUB001140), attached as Ex. A.
[3] Standard Data Collection Form (DUB001143, attached to Farber Aff., Ex. B) (identifying the allergens and negative control).
[4] *See, e.g.*, Miller Aff. at 2 (DUB000597), attached as Ex. C.
[5] *Id.* at 5.
[6] Indeed, at that point, Fleetwood would consider that the Plaintiff would then be offering Dr. Farber as an expert witness, and would seek to challenge his qualifications and opinions under Rule 702, as outlined in the previously withdrawn Daubert motion.

interpretation in his "expert" affidavit.  In addition, PSC will be limited to stating that Timia was seen at the Kenner Clinic and there can be no reference to Dr. Farber himself.

This 18th day of November 2009.

> Respectfully submitted:
>
> /s/ Richard K. Hines, V
> Richard K. Hines, V
> GA Bar No. 356300
> NELSON MULLINS RILEY & SCARBOROUGH, LLP
> Atlantic Station
> 201 17th Street, NW, Suite 1700
> Atlanta, GA  30363
> (404) 322-6000 (phone)
> (404) 322-6050 (fax)
>
> Jerry L. Saporito
> LA Bar No. 11717
> LEAKE & ANDERSSON, L.L.P.
> 1700 Energy Centre
> 1100 Poydras St.
> New Orleans, LA 70163-1701
> (504) 585-7500 (phone)
> (504) 585- 7775 (fax)
>
> Counsel for Fleetwood Enterprises, Inc.

## **C E R T I F I C A T E OF SERVICE**

      I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )    Hand Delivery               ( )    Prepaid U.S. Mail

( )    Facsimile                     ( )    Federal Express

(X)    CM/ECF

      New Orleans, Louisiana, this 18th day of November, 2009.

                                  */s/ Richard K. Hines, V*
                                  Richard K. Hines, V
                                  Georgia Bar No. 356300
                                  E-mail:  richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)