UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER
       FORMALDEHYDE PRODUCTS
       LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 07-9228

# ORDER AND REASONS

Before the Court is Defendant Fleetwood Enterprises, Inc's Motion in Limine to Exclude the Testimony of Plaintiff's Expert Kenneth R. Laughery, Ph.D (Rec. Doc. 6649). This motion is opposed by Plaintiff.

On October 6, 2009, in reference the undersigned ruled,

> ... while the Court concedes that both Dr. Laux and Dr. Laughery are highly-educated and skilled in their areas of expertise, their opinions in this case, regarding the adequacy of certain warnings, are opinions that jurors can formulate on their own after hearing all the evidence. While the Court finds admissible the first opinion stated by Dr. Laughery in his report, regarding the need for a warning (See Exhibit 1 to Rec. Doc. 2491, p. 39 of 55), the remainder of his opinions regarding the inadequacy of such warnings are inadmissible as those matters are within the common knowledge of the jury.

(Rec. Doc. 4845). This first opinion provides:

> The formaldehyde health hazards and consequences associated with permanent occupancy of the Fleetwood trailer are not open or obvious. Indeed, the hazards are technical in nature, and concern issues of chemical vapors, toxicology, and biological/medical reactions. Thus, it is imperative that an adequate warning system be provided to potential occupants in order for informed decisions to be made regarding the manner in which the trailer is used or used at all.

(Exhibit A to Rec. Doc. 7039, p. 5 of 8).

Both parties acknowledge that this Court has ruled that this first opinion is admissible but the remaining of Dr. Laughery's opinions in his report are inadmissible, and that the Court expressed

a concern that Dr. Laughery would be invading the province of the jury in determining the adequacy of the Fleetwood warning. However, Plaintiff now claims that "the type of information contained in Dr. Laughery's first opinion, is the type that would assist the trier of fact in making the ultimate decision if a warning [sic] adequate, i.e. the hazards are not open, the hazards are not obvious, the hazards are technical, the hazards involve chemical vapors, the hazards involve medical." (Rec. Doc. 7039, p. 2 of 4).

This Court's October 6, 2009 ruling was and is clear. Only testimony about the need for a warning (the first question, quoted above) - not the adequacy of any such warning - shall be admissible. Dr. Laughery is precluded from testifying about whether this particular warning was adequate or about matters which would "assist" the jury in making the ultimate decision on the adequacy of the instant warning. Indeed, the fact that Dr. Laughery's first opinion has been found to be admissible does not change the Court's conclusion in this regard. With regard to this product, warnings should be made and created such that lay people may understand them. It is within the province of the jury, as lay persons who would otherwise be purchasers/users of this trailer, to determine whether and to what extent the instant warning was adequate.

Considering the foregoing, **IT IS ORDERED** that **Defendant Fleetwood Enterprises, Inc's Motion in Limine to Exclude the Testimony of Plaintiff's Expert Kenneth R. Laughery, Ph.D (Rec. Doc. 6649)** is **GRANTED.**

New Orleans, Louisiana, this 18th day of November, 2009.

_____
**KURT D. ENGELHARDT
United States District Court**

2