UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE:   FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * | MDL NO. 1873 SECTION "N" (5) |
| | * * * | JUDGE ENGELHARDT MAGISTRATE CHASEZ |
| THIS DOCUMENT IS RELATED TO | * * | |
| *Aldridge, et al v. Gulf Stream Coach Inc., et al*, Docket No. 07-9228; Elisha Dubuclet, individually and on behalf of Timia Dubuclet | * * * * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S RESPONSE TO FLEETWOOD ENTERPRISES, INC.'S MOTION *IN LIMINE* TO PROHIBIT ANY TESTIMONY, EVIDENCE, OR ARGUMENT REGARDING NONPARTIES' MEDICAL ISSUES**

Plaintiff Elisha Dubuclet, individually and on behalf of Timia Dubuclet, ("Ms. Dubuclet" or "Plaintiff") respectfully submits the following response to Fleetwood Enterprises, Inc.'s Motion *in Limine* To Prohibit Any Testimony, Evidence, or Argument Regarding Nonparties' Medical Issues, and hereto states:

**I.      STANDARD OF REVIEW.**

All relevant evidence is admissible. FED. R. EVID. 402. Relevant evidence is defined as all "evidence, having any tendency to make the existence of any fact that is of consequence the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. However, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403.

1

## II.   TESTIMONY, EVIDENCE OR ARGUMENT REGARDING NONPARTIES' MEDICAL ISSUES IS RELEVANT AND PROBATIVE.

Testimony, evidence or argument of nonparties' medical issues is relevant to Fleetwood Enterprises, Inc's ("Defendant") notice of the unreasonably dangerous condition of its product.

First, evidence of nonparty witnesses' medical issues is relevant to the issue of Defendant's notice of the unreasonable dangers present in the Emergency Housing Unit ("EHU"). The Louisiana Products Liability Act ("LPLA") provides the plaintiff with a cause of action against Defendant as a manufacturer for damages arising from a defect that is unreasonably dangerous because of an inadequate warning. Specifically, the LPLA provides that:

> A product is unreasonably dangerous because an adequate warning about the product has not been provided if, at the time the product left its manufacturer's control, the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product.

*See id*. at § 9:2900.57(A). The LPLA defines an adequate warning as:

> [A] warning or instruction that would lead an ordinary reasonable user or handler of a product to contemplate the danger in using or handling the product and either to decline to use or handle the product or, if possible, to use or handle the product in such a manner as to avoid the damage for which the claim is made.

*See id*. at § 9:2900.53(9).

Additionally, even after a product has left the control of the manufacturer, there is a duty to warn owners and operators of any dangers of which the manufacturer subsequently learns. LA. R.S. 9:2800.57(C). A manufacturer of a product who, after the product has left its control, acquires knowledge of a characteristic of the product that may cause damage must act reasonably to provide an adequate warning of such

2

characteristic and its danger to users. LA. R.S. 9:2800.57(C); *Our Lady of the Lake Hosp., Inc. v. Carboline Co.*, 632 So.2d 339, 343 (La. App. 1 Cir. 1993).

Under the LPLA, Defendant's knowledge of the presence of formaldehyde, or the defective characteristic, is an element of Plaintiff's claim for damages arising from the inadequate warning as to that characteristic. Defendant erroneously argues that "there is no evidence on record indicating that any of the nonparties gave any notice of their purported complaints to Fleetwood that could arguably put Fleetwood on notice." Rec. Doc. 7202-2, p. 2. In fact, former Fleetwood employee Jason Leidig has testified as to the irritant effects of formaldehyde Fleetwood mobile structures that purportedly used low formaldehyde emitting wood. Exhibit A, Deposition Transcript of Jason Leidig, November 3, 2009, p. 36, l. 15-21. Moreover, even if Defendant's employees never reported their experiences to management, which may or not be the case, Defendant still has imputed knowledge due to the fact that their workers knew there was a problem. *See, e.g., Cangiana v. Scottsdale Ins. Co.*, 772 So.2d 879 (La. App. 5th Cir. 2000).

Defendant's knowledge is also key to its continuing duty to warn Plaintiff of any danger that it learns subsequent to the product leaving its control. In the case at bar, evidence and testimony of nonparty witnesses as to their medical issues as a result of being exposed to formaldehyde is relevant to whether Defendant knew of these medical issues and thereby had notice of the issue of formaldehyde, the defective characteristic, which rendered the product unreasonably dangerous.

**III.   TESTIMONY, EVIDENCE OR ARGUMENT REGARDING FAMILY MEMBERS' MEDICAL ISSUES IS RELEVANT AND PROBATIVE.**

Second, testimony, evidence or argument of family members' medical issues is also relevant to Plaintiff's allegations as to the defective condition of the Plaintiff's EHU.

Under her LPLA claims, the Plaintiff must show that the EHU in which she resided was defective. Testimony and evidence by other witnesses and family members as to the presence of formaldehyde in Plaintiff's EHU and their resulting medical issues from such exposure is relevant to whether the defective condition existed.

Defendant's argument that such evidence is irrelevant is without merit. Defendant's notice of the formaldehyde issue, provided through evidence of the medical issues of nonparty witnesses, is an element of Plaintiff's claims and evidence thereof would clearly make those issues of consequence more or less probable. In addition, testimony of other nonparty witnesses as to the defective condition of the Plaintiff's EHU as they experienced it and their subsequent medical issues is also relevant to Plaintiff's claims.

**IV.  TESTIMONY, EVIDENCE OR ARGUMENT REGARDING NONPARTIES' MEDICAL ISSUES DOES NOT CREATE MINI-TRIALS.**

Defendant also argues that testimony, evidence or argument regarding nonparties' medical issues will cause undue delay by forcing Defendant to explore in-depth nonparties' testimony. While Defendant describes this in-depth exploration as a mini-trial, the perhaps proper designation for such is 'thorough cross-examination.' As with all witnesses, a thorough cross-examination is essential to proper adjudication. Prohibiting a witness simply because his testimony would require in-depth analysis would essentially require exclusion of all witness testimony. Seeking testimony as to nonparties medical issues are wholly relevant and although Defendant may have to engage in some legwork, that does not render such testimony overtly prejudicial as to warrant exclusion. Furthermore, Plaintiff has no interest in prolonging this trial and will agree to a reasonable time limit for direction examination of such witnesses.

## CONCLUSION

4

Evidence, testimony and arguments of nonparties' medical issues as result of their formaldehyde exposure is relevant to whether Defendant knew of these medical issues and thereby had notice of the formaldehyde issues. Moreover, evidence, testimony and arguments of family member's medical issues resulting from their formaldehyde exposure is relevant to establishing the defectiveness of the EHU. Finally, Defendant suffers no prejudice nor is unduly burdened by conducting a proper cross-examination of such witnesses. As such, this Court should deny Defendant's Motion *in Limine* to Exclude Any Testimony, Evidence, or Argument Regarding Nonparties' Medical Issues.

Respectfully submitted:

FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

BY:   s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
PLAINTIFFS' CO-LIAISON COUNSEL
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:    504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
PLAINTIFFS' CO-LIAISON COUNSEL
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:    504/528-9973
jwoods@gainsben.com

COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE

        ANTHONY BUZBEE, Texas # 24001820
        RAUL BENCOMO, #2932
        FRANK D'AMICO, #17519
        MATT MORELAND, #24567
        LINDA NELSON, #9938
        MIKAL WATTS, Texas # 20981820
        Dennis Reich, Texas #16739600

## CERTIFICATE OF SERVICE

 I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing on November 17, 2009.

        s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471