UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE:    FEMA TRAILER <br> FORMALDEHYDE PRODUCTS <br> LIABILITY LITIGATION | * <br> * <br> * <br> * <br> * <br> * <br> * | MDL NO. 1873 <br><br> SECTION "N" (5) <br><br> JUDGE ENGELHARDT <br> MAGISTRATE CHASEZ |
| THIS DOCUMENT IS RELATED TO <br><br> *Aldridge, et al v. Gulf Stream Coach Inc., et al*, Docket No. 07-9228; <br> Elisha Dubuclet, individually and on behalf of Timia Dubuclet | * <br> * <br> * <br> * <br> * <br> * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S RESPONSE TO DEFENDANT FLEETWOOD ENTERPRISES, INC.'S MOTION *IN LIMINE* TO EXCLUDE EMAILS REGARDING "HARMFUL CHEMICALS NOTICE"**

Plaintiff Elisha Dubuclet, individually and on behalf of Timia Dubuclet, ("Ms. Dubuclet" or "Plaintiff") respectfully submits the following Response to Defendant Fleetwood Enterprises, Inc.'s Motion *in Limine* to Exclude Emails Regarding "Harmful Chemicals Notice" and hereto states:

**INTRODUCTION**

Defendant Fleetwood Enterprises, Inc. ("Defendant") seeks to exclude emails regarding "Harmful Chemicals Notice" arguing that such emails are not relevant, or in the alternative, are more prejudicial than probative. These "Harmful Chemicals Notice" emails are in fact relevant in establishing Defendant's notice of the dangers of formaldehyde with respect to the Emergency Housing Units ("EHUs") and Defendant's subsequent failure to warn Plaintiff of such dangers. Further, the emails and related testimony are not more prejudicial than probative. The testimony of Jason Leidig,

1

Jessica Guay and Rene Rodriguez establish the context and foundation for the emails and confirm that Defendant retained broad knowledge of formaldehyde dangers during the time Plaintiff resided in the EHU. Thus, "Harmful Chemicals Notice" emails and testimony regarding such are relevant and probative to this litigation.

I. PLAINTIFF'S RENDITION OF THE FACTS.

Plaintiff's EHU was manufactured on March 28, 2006, and Plaintiff subsequently moved into this EHU on approximately May 11, 2006.[1] The email chain at issue began on July 11, 2006 and originated from a FEMA employee inquiring on behalf of an hurricane disaster victim who occupied an EHU. The EHU occupant requested information regarding chemicals listed on a label posted in his unit. The original email contained a photograph of the notice, but has inadvertently been lost undoubtedly due to multiple transactions involved in this email chain. Nevertheless, the email chain wound up in the inbox of former Fleetwood employee Jason Leidig who forwarded it to "Jessie" formally known as Jessica Guay, a former Fleetwood customer service representative. Exhibit B, Deposition Testimony of Jason Leidig, p.18, l. 16-p. 20, l. 12; p. 23, l. 16-p. 27, l. 21. Ms. Guay responded to the inquiry regarding the chemicals on July 16, 2006, stating:

> I understand that you all are very concerned with the notice that you see in the trailer advising of harmful chemicals in the trailer that can cause cancer or birth defects. These products are manufactured with ureaformaldehyde resin. Formaldehyde vapor may in some people cause headaches, eye, nose and throat irritation, and aggravation of allergies and respiratory problems, such as asthma. Proper ventilation should reduce the risk of such problems. Also you should know that urethane foam is flammable.
>
> Urethane foam will burn rapidly, in an enclosed space the resulting deficiency of oxygen will present a danger of suffocation to the occupants. Hazardous gases released by

---

[1] Exhibit A, Trailer Lease Check-In List On Behalf of Elisha Dubuclet, May 11, 2006, FEI000049-50.

>   the burning foam can be incapacitating or fatal to human beings if inhaled in sufficient quantities.
>
>   I'm not sure if these trailers came with Owner's Manuals, but if so they do outline what I just wrote. I hope this will answer your questions. If we can be of further assistance, you can also reach us at (800) 445-3307.

Exhibit C, Email From Jessica Guay, July 16, 2009.

## II.   STANDARD OF ADMISSIBILITY.

Only relevant evidence is admissible. FED. R. EVID. 402. In determining relevancy, Rule 401 provides that relevant evidence is "evidence, having any tendency to make the existence of any fact that is of consequence the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Under Rule 403 of the Federal Rules of Evidence, a district judge is permitted to exclude even relevant evidence if he finds that its probative value is substantially outweighed by the danger of "unfair prejudice, confusion of the issues, or misleading the jury". FED. R. EVID. 403.

## III.   "FW: HARMFUL CHEMICALS NOTICE" EMAILS ARE RELEVANT

Plaintiff has asserted a claim against Defendant under the Louisiana Products Liability Act ("LPLA"). The LPLA imposes liability on a manufacturer "for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product." LA. REV. STAT. § 9:2800.54(A). The LPLA states that a product may be unreasonably dangerous in one of four ways: (1) construction or composition, (2) design, (3) inadequate warning, and (4) nonconformity to an express warranty. *See id.* at § 9:2800.54(B).

As relevant to this issue, Plaintiff claims that Defendant violated the LPLA

3

through:

- Inherent characteristics, known to Defendants, which gave the products such a potential for causing health problems as to render the products unreasonable per se.

- Lack of warnings or lack of sufficient warnings of the inherently dangerous properties of the products when used in fashion for which they were anticipated or should have been anticipated being used.

- Lack of instructions or lack of sufficient instructions for eliminating or minimizing the health risks inherent in the use of the products.

Aldridge Compl., Nov. 30, 2007, p. 25-26. Defendant has denied each of the claims, and it is thus necessary for Plaintiff to provide evidence that Defendant was in fact aware of the dangers associated to formaldehyde and it failed to properly notify/warn Plaintiff of such dangers.

The email chain at issue is relevant in establishing that Defendant was well aware of the dangers associated with formaldehyde. The email authored by Jessica Guay, a mere Fleetwood customer service representative, cements that Defendant and its employees knew of the dangers surrounding formaldehyde exposure. This is notable as it demonstrates that even lower-level employees were aware of the implicit dangers of formaldehyde, and even if Defendant's employees never reported similar communications to management, Defendant still has imputed knowledge due to the fact that their workers knew of the dangers. *See, e.g., Cangiana v. Scottsdale Ins. Co.*, 772 So.2d 879 (La. App. 5th Cir. 2000).

Moreover, although Defendant implies that Ms. Guay is not able to recall anything regarding the label, Ms. Guay does in fact recognize that it is a warning label issued by Defendant.

    Q.    Now, what warning label was he referring to, do you know?

4

A.   Right offhand I don't specifically know.  There is a couple labels that typically are posted in the trailers.

Q.   So in this instance you don't know which label he would be referring to?

A.   No. Not right off hand. I can't recall.

Q.   And you don't have nothing that refreshes your recollection as it pertains to this e-mail?

A.   Unfortunately, no.

Q.   Now, when you say warning label in the trailer, do you know where a warning label, if there was such a label, might have been located inside of a trailer?

A.   Typically near the entry doorway, the bedrooms sometimes, bathrooms, somewhere near the sofa window area.  It can kind of vary, but those are kind of a lot of the areas you would find.

Q.   So you are aware of the fact that the warnings might vary from location to location within a travel trailer?

A.   Yes.

Q.   And in the bathroom, where might a warning be located in the bathroom?

A.   Around the mirror area in a vanity part.

Q.   You mean on the outside mirror on the vanity?

A.   Yeah.  In the bathroom but like around the mirror area.

Q.   And this is based on your actually having seen some of these warnings?

A.   Correct.

Exhibit D, Deposition Transcript of Jessica Guay, November 4, 2009, p. 9, l. 25-p. 11, l. 4. As such, this testimony establishes that EHUs included numerous labels of which should have been present in Plaintiff's EHU.

5

Furthermore, while the manufacturing location of EHU referenced in the email is unknown, it is conclusive that this email involved a disaster victim residing in Louisiana. Exhibit B, p.24, l. 16-25. More importantly, Ms. Guay notes that she likely gathered the information for her email response from a travel trailer owner's manual, Exhibit D, p. 12, l. 15-20; *see also* Exhibit E; an owner's manual Plaintiff never received. Exhibit E, QC/QA Acceptance Checklist of Elisha Dubuclet's EHU, March 31, 2006, FEI000052 (noting the lack of an Owner's Manual on the list); *see also* Exhibit F, Deposition Transcript of Elisha Dubuclet, October 7, 2009, p. 99, l. 15-p.102, l. 10.

In addition, the close temporal proximity between the email chain and the date in which Plaintiff moved into the EHU is significant in proving Defendant's failure to sufficient warn Plaintiff's of its knowledge surrounding formaldehyde dangers. Thus, because Defendant failed to provide Plaintiff with an owner's manual and sufficient notice regarding the dangers of formaldehyde and proper ventilation methods, this evidence and testimony derived from such is relevant to establishing the extent of Defendant's knowledge and practices.

Similarly, the testimony of individuals on the email chain, including Jessica Guay, Jason Leidig and Rene Rodriguez are relevant in illustrating the extent to which employees of Defendant and individuals associated with Defendant knew of such dangers and yet Defendant failed to warn Plaintiff. Furthermore, Defendants attempt to strike all of Jessica Guay's testimony for lack of foundation is fruitless. Under Rule 803(5), a witness may read into the record "[a] memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the witness's memory and to reflect that knowledge correctly." FED. R. EVID. 803(5). Ms. Guay did exactly this.

6

Exhibit D, p. 10, l. 8-10; p. 12, l. 1-9.  As such, testimony regarding the Harmful Chemicals Notice email chain are admissible to provide foundation for the email chain and are relevant to Defendant's notice of formaldehyde issues.

### IV. "FW: HARMFUL CHEMICALS NOTICE" EMAILS ARE MORE PROBATIVE THAN PREJUDICIAL.

As noted above, Rule 403 provides that even relevant evidence can be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  FED. R. EVID. 403. Specifically, unfair prejudice means "an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one." *Ballou v. Henri Studios, Inc.*, 656 F.2d 1147, 1155 (5th Cir. 1981). "Because Rule 403 allows for the exclusion of relevant evidence, its application 'must be cautious and sparing.'" *Henson v. Odyssea Vessels, Inc.*, 2008 WL 89513, *16 (ED La., Jan. 7, 2008) (citing *Brady v. Fort Bend County*, 145 F.3d 691, 715 (5th Cir. 1998)).

Here, Defendant argues that "Plaintiff intends to use this email referencing an unseen, unknown attachment to argue to the jury that Fleetwood believes formaldehyde is dangerous and that is 'negative for them.'" Rec. Doc. 7279-2, p. 6. Respectfully, what Plaintiff intends to argue is that Defendant clearly had knowledge of the dangers of formaldehyde and that certain EHUs contained labels indicating such. While such "testimony may be totally adverse to the Defendants," the testimony is not unfairly prejudicial. *See Henson*, 2008 WL 89513, *15, *citing to Harris v. Kubota Tractor Corp.*, 2006 WL 2734460 (W.D. La. Sept. 22, 2006). This testimony will not affect the jury in a way that will unduly suggest a decision on an improper basis.

Furthermore, the emails regarding "Harmful Chemicals Notice" and related

7

testimony establishes that Defendant used multiple labels to provide notice of formaldehyde dangers and procedures to remedy such, but that Defendant failed to provide such notice to Plaintiff and adequately warn of her of potential dangers. Thus, the email chain and related testimony is more probative than prejudicial in demonstrating the extent of Defendant's knowledge regarding formaldehyde and its subsequent failure to inform Plaintiff of those dangers.

## CONCLUSION

Defendant seeks to exclude emails regarding "Harmful Chemicals Notice" on the grounds that the email chain is irrelevant and otherwise prejudicial. However, because the email chain establishes that even a Fleetwood customer service representative knew of the dangers formaldehyde, the email chain is relevant in establishing Defendant's knowledge at the time surrounding Plaintiff's move into the EHU. Furthermore, the email chain and related testimony shows that such information, including ventilation procedures, were available in the owner's manual, which was not provided to Plaintiff. Finally, the email chain and related testimony is not prejudicial as it serves to establish that Defendant clearly knowledge of formaldehyde dangers and that it failed to provide all possible labeling regarding such dangers and remedial measures.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
      GERALD E. MEUNIER, #9471
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier &
      Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone:   504/522-2304

Facsimile: 504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
DENNIS REICH, Texas #16739600
ROBERT M. BECNEL, #14072

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing on November 17, 2009.

 s/Gerald E. Meunier
GERALD E. MEUNIER, #9471

9