# EXHIBIT "B"

# DEPOSITION TESTIMONY OF JASON LEIDIG

## Appearance & Swear in of Witness-Pages 1-3 and 6.

## Excerpts-
## Page 18, Line 16-25;
## Page 19, Line 1-25;
## Page 20, Line 1-12;
## Page 23, Line 16-25;
## Page 24, Line 1-25;
## Page 25, Line 1-25;
## Page 26, Line 1-25;
## Page 27, Line 1-21.

## Court Reporters Certification-Page 80.

Page 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


IN RE: FEMA TRAILER          )  MDL NO. 07-1873

                             )

FORMALDEHYDE PRODUCTS         )  SECTION:  "N" (5)

                             )

LIABILITY LITIGATION          )  JUDGE ENGELHARDT



VIDEOTAPED AND ORAL DEPOSITION OF

JASON LEIDIG

VOLUME 1



        VIDEOTAPED AND ORAL DEPOSITION OF JASON LEIDIG, a

witness produced at the instance of the Plaintiffs, and

duly sworn, was taken in the above-styled and numbered

cause on the 3rd day of November, 2009, from 1:40 p.m.

to 3:22 p.m., before Mary LaBounty, a Certified

Shorthand Reporter in and for the State of Texas,

reported by machine shorthand, at Associated Court

Reporters, 425 Austin Avenue, 14th Floor, Waco, Texas,

pursuant to the Texas Rules of Civil Procedure and the

provisions stated on the record.

Jason Leidig                          I              November 3, 2009

Page 2

```
 1                            APPEARANCES
 2
 3      FOR THE PLAINTIFFS:
            Mr. Chris Pinedo
 4          Attorney at Law
            4550 Jericho Road
 5          Corpus Christi, Texas  78413
            Phone:  (361) 946-1474
 6
        FOR THE DEFENDANT, FLEETWOOD ENTERPRISES, INC.:
 7          Ms. Taylor Tapley Daly
            Nelson, Mullins, Riley & Scarborough
 8          201 17th Street, Suite 1700
            Atlanta, Georgia  30364
 9          Phone:  (404) 322-6156
10      FOR THE DEFENDANT, UNITED STATES DEPARTMENT OF JUSTICE:
            Mr. Adam M. Dinnell
11          U.S. Department of Justice
            Ben Franklin Station
12          P.O. Box 340
            Washington, DC  20044
13          Phone:  (202) 616-4211
14      FOR THE DEFENDANT, FLUOR ENTERPRISES, INC.:
            Ms. Tanya Henkels Fields
15          Middleberg, Riddle & Gianna
            717 North Harwood, Suite 2400
16          Dallas, Texas  75201
            Phone:  (214) 220-6300
17
        FOR THE DEFENDANT, KEYSTONE RV COMPANY; THOR CALIFORNIA;
18      THOR INDUSTRIES; DUTCHMEN MANUFACTURING; DS CORP; KZ RV,
        LP:
19          Mr. William Lampton  (Via telephone)
            Jones Walker
20          Four United Plaza, Fifth Floor
            8555 United Plaza Boulevard
21          Baton Rouge, Louisiana  70809
            Phone:  (225) 248-2094
22
        FOR THE DEFENDANT, JAYCO, INC.; STARCRAFT RV, INC.:
23          Mr. Thomas L. Cougill  (Via telephone)
            Willingham, Fultz & Cougill
24          Niels Esperson Building
            808 Travis, Suite 1608
25          Houston, Texas  77002
```

Jason Leidig                          I                    November 3, 2009

Page 3

```
 1                    (Appearances continued.)
 2        FOR THE DEFENDANT, CRUM & FORSTER:
              Ms. Heather Cheesbro   (Via telephone)
 3            Lobman, Carnahan, Batt, Angelle & Nader
              400 Poydras Street
 4            Texaco Center, Suite 2300
              New Orleans, Louisiana   70130
 5            Phone:   (504) 586-9292
 6        ALSO PRESENT:
              Mr. Michael Clark, Videographer
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Jason Leidig                         I              November 3, 2009

Page 6

1          THE VIDEOGRAPHER:  The stenographer court

2    reporter is Mary LaBounty, also of Associated Court

3    Reporters, who may now swear in the deponent.

4          THE REPORTER:  Would you raise your right

5    hand.  Do you solemnly swear or affirm to tell the

6    truth, the whole truth and nothing but the truth, so

7    help you God?

8          THE WITNESS:  Yes, I do.

9          JASON LEIDIG,

10   having been first duly sworn, testified as follows:

11                    EXAMINATION

12   BY MR. PINEDO:

13        Q.    Sir, my name is Chris Pinedo.  We've never met

14   before, have we?

15        A.    Correct.

16        Q.    You understand that I am an attorney

17   representing the plaintiffs in a lawsuit that's on file

18   in the Eastern District of Louisiana?

19        A.    Yes, sir.

20        Q.    Have you ever given a deposition before?

21        A.    No.

22        Q.    If at any time I ask you a question and it's

23   not clear to you what my question is, will you let me

24   know and I'll do my best to restate it?

25        A.    Sure.

Jason Leidig                        I            November 3, 2009

                                                     Page 18

    1

    2

    3

    4

    5

    6

    7

    8

    9                                                      J

   10

   11

   12

   13

   14

   15

   16        Q.    And when you're talking about units, are you

   17   just saying that you had responsibility for manufactured

   18   housing as opposed to travel trailers?

   19        A.    Exactly, manufactured housing.  I had no

   20   exposure to travel trailers whatsoever with exception of

   21   for example here an e-mail where -- like Lydell --

   22        Q.    You're talking about Exhibit Number 1?

   23        A.    Yes, I am.  Like, for example, Lydell Broom --

   24   what I learned early in my work with overseeing the

   25   logistics is, the better that you worked at creating

Jason Leidig                    I              November 3, 2009

Page 19

1    relationships with the FEMA reps that were at the

2    staging area, the more able you were to get your units

3    in.  So, it's kind of like you scratch their back, they

4    scratch yours kind of thing, and Lydell was one that I

5    was able to --

6         Q.   Let me --

7         A.   -- to establish a relationship.  And FEMA --

8    my name and number --

9         Q.   Let --

10        A.   I'm sorry.

11        Q.   Let me stop you right there.

12        A.   Okay.

13        Q.   Lydell Broom is identified on page two of

14   Exhibit 1; is that right?

15        A.   Yes.  That's correct.

16        Q.   And, so, Lydell Broom had asked you a

17   question; is that right?

18        A.   Yes.  And that -- and any time I got a

19   question regarding like travel trailers, I would just

20   try to find out who they needed to contact, and then I

21   would put them in touch with them.  So, I'm kind of

22   saying that to explain my exposure to travel trailers.

23   That was it.

24        Q.   Please continue.  I'm sorry.  I interrupted

25   you.

Jason Leidig                          I                 November 3, 2009

Page 20

1        A.    Oh, that's no problem.   So, that's what I'm

2    saying.   That's the only exposure I had to travel

3    trailers was when I got -- when I received a call that

4    concerned travel trailers, I would -- I would simply try

5    to find out who they needed to contact, and then I would

6    put them in contact with them.

7        Q.    And Lydell Broom worked for FEMA; is that

8    right?

9        A.    Yes.   If I'm not mistaken, she was -- she was

10   the manager at the Louisiana staging area, and she

11   helped me out a time or two with getting some units in

12   there for me.

13       Q.    You never met her personally?

14       A.    No.

15       Q.    Did you ever go to Louisiana with regard to

16   this work?

17       A.    No.

18       Q.    And at some point you were no longer working

19   for Fleetwood; is that right?

20       A.    Correct.

21       Q.    And how did that come to an end?

22       A.    When the housing division was purchased by

23   Cavco.

24       Q.    And when was that?

25       A.    August 17th of this year was my last day.

Associated Court Reporters     P. O. Box 1247, Waco, TX   76703           254-753-3330

Jason Leidig                          I                November 3, 2009

Page 23

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16          Q.    Thursday, July 13th, 2006, at 9:31, Lydell

17     Broom writes you an e-mail.  It starts out, "good

18     morning, Jason."  Do you see that?

19          A.    Yes, I do.

20          Q.    It says, "Per our conversation this morning,

21     I'm forwarding the file that contains pictures of the

22     mobile home unit I spoke about in California."  What

23     does she mean, mobile home unit she spoke about in

24     California?

25          A.    I can't recollect -- recollect that.

Jason Leidig                      I                 November 3, 2009

Page 24

1          Q.    It goes on to state, "I need for you to verify

2     if Fleetwood placed this sign in a unit, and if so, what

3     type of chemicals were used.  The applicant in the home

4     is requesting this information to report to his doctor."

5     Do you see that?

6          A.    Yeah.  You know, I believe -- from my

7     recollection, I believe that she misused the word

8     "mobile home."  You know, the only reason that I would

9     forward it on to Jessica Guay, which is -- which was at

10    plant 15 -- she's travel trailers.  You know, I think

11    when I finally realized that was a travel trailer -- and

12    the pictures would probably have provided that

13    information for me.  That's -- I think her use of

14    "mobile home" was misused.  I think she meant to use

15    "travel trailer."

16         Q.    Well, if we look at the -- on the e-mail

17    string going back to July 12th, 2006, at 8:41 a.m.,

18    there's an e-mail there from Rene Rodriguez that says,

19    "To all:  Please see attached pictures of a notice

20    posted in a window of a Fleetwood unit located in" --

21    blank -- "Louisiana.  The applicant's name is" --

22    blank -- "wants to know what types of chemicals are used

23    in the unit so he may inform his doctor."  Do you see

24    that?

25         A.    Yes.

Associated Court Reporters    P. O. Box 1247, Waco, TX  76703              254-753-3330

Jason Leidig                          I                November 3, 2009

Page 25

1          Q.    And then if we look on the first page of

2     Exhibit 1, it says, "I understand that you're all very

3     concerned with the notice that you see in the trailer."

4     Do you see that?

5          A.    Yes.

6          Q.    All right.  Well, let me ask you, when did

7     Lydell Broom call you?  Was it that same day or the

8     prior day?  This e-mail is sent at 9:31 a.m.

9          A.    It would have been the same day or prior.  I

10    was always quick to follow up with any FEMA rep, so it

11    would have been, you know, within 24 hours or less.  ·

12         Q.    Okay.  And she writes in her e-mail at 9:31

13    a.m. on July 13th, "I look forward to receiving your

14    responses first thing tomorrow morning upon your return

15    trip from California."  So, you were in California at

16    the time that you talked to her; is that right?

17         A.    At the time that she wrote this, I was

18    actually -- I came out to California for the interview

19    for the promotion, and I was considering the job.  So,

20    it was on the cusp of me actually moving out here and

21    taking the position.

22         Q.    Do you remember anything about the pictures of

23    the unit that she would have forwarded to you?

24         A.    No.  Because at that time I was working 60 to

25    80 hours, you know, a week, and also with me being out

Jason Leidig                    I              November 3, 2009

Page 26

1    in California -- once I understood that it was a travel

2    trailer issue, you know, I knew I couldn't do anything

3    with it, so I would just put it in the right hands of

4    somebody that could.

5         Q.    And after reviewing this e-mail, you're

6    convinced that what was being discussed here was a

7    travel trailer as opposed to a mobile home?

8         A.    Oh, certainly or I would have dealt with the

9    issue, myself, if it would have been a mobile home or

10   you would have seen me putting it in somebody's hands

11   that was with mobile homes or manufactured house.

12        Q.    And it was a Fleetwood travel trailer, wasn't

13   it, that's being discussed here?

14        A.    Yeah, I believe so because Jessica Guay, you

15   know, recognized it as such, I believe, or she wouldn't

16   have responded to it the way she did.

17        Q.    All right.  Let's turn to page one of

18   Exhibit 1.  It's from you, Jason Leidig, on Friday the

19   14th of July, 2006, at 2:15 p.m.; is that right?

20        A.    Yes.

21        Q.    And it's copied to James Kaczorowski.  Who's

22   he?

23        A.    If I'm not mistaken, I think that's -- I

24   believe that's some people that are associated with FEMA

25   or some FEMA contractors.

Jason Leidig                        I              November 3, 2009

Page 27

1          Q.   All right.  The next name is Scott Colonel.

2    Do you know who that is?

3          A.   No, I do not.  Same thing there, I would only

4    think they would be somebody associated with FEMA.

5          Q.   Ronald Goins, do you know who that is?

6          A.   No, I do not.

7          Q.   Stephen Miller, do you know who that is?

8          A.   No.

9          Q.   And Lydell Broom we have discussed; is that

10   right?

11         A.   Correct.

12         Q.   And it's sent to Owner Relations 15.  What is

13   Owner Relations 15?

14         A.   I do not have a clue.

15         Q.   Well, when we see -- when we go above your

16   e-mail sent at July 14th, 2006, at 2:15 p.m., Jessica

17   Guay responds to you on behalf of Owner Relations 15; is

18   that right?

19         A.   Yeah.  I would think that's probably just a

20   standard e-mail address that is used by the service

21   department there at plant 15.  That would be my guess.

22

23

24

25

Jason Leidig                        I              November 3, 2009

Page 80

```
 1                  UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA

 2

 3      IN RE: FEMA TRAILER        )   MDL NO. 07-1873

                                   )

 4      FORMALDEHYDE PRODUCTS       )   SECTION:  "N" (5)

                                   )

 5      LIABILITY LITIGATION        )   JUDGE ENGELHARDT

 6

 7                  REPORTER'S CERTIFICATION

 8                  DEPOSITION OF JASON LEIDIDG

 9                      NOVEMBER 3, 2009

10          I, Mary LaBounty, Certified Shorthand Reporter in

11      and for the State of Texas, hereby certify to the

12      following:

13          That the witness, JASON LEIDIG, was duly sworn by

14      the officer and that the transcript of the oral

15      deposition is a true record of the testimony given by

16      the witness;

17          That the deposition transcript was submitted on

18      _____, 2009, to the witness or to the attorney

19      for the witness for examination, signature and return to

20      me by _____, 2009;

21          That pursuant to information given to the deposition

22      officer at the time said testimony was taken, the

23      following includes counsel for all parties of record:

24      FOR THE PLAINTIFFS:

            Mr. Chris Pinedo

25
```

Associated Court Reporters     P. O. Box 1247, Waco, TX  76703          254-753-3330

Jason Leidig                          I                November 3, 2009

Page 81

```
 1      FOR THE DEFENDANT, FLEETWOOD ENTERPRISES, INC.:
            Ms. Taylor Tapley Daly
 2

        FOR THE DEFENDANT, UNITED STATES DEPARTMENT OF JUSTICE:
 3          Mr. Adam M. Dinnell
 4      FOR THE DEFENDANT, FLUOR ENTERPRISES, INC.:
            Ms. Tanya Henkels Fields
 5

        FOR THE DEFENDANT, KEYSTONE RV COMPANY; THOR CALIFORNIA;
 6      THOR INDUSTRIES; DUTCHMEN MANUFACTURING; DS CORP; KZ RV,
        LP:
 7          Mr. William Lampton
 8      FOR THE DEFENDANT, JAYCO, INC.; STARCRAFT RV, INC.:
            Mr. Thomas L. Cougill
 9

        FOR THE DEFENDANT, CRUM & FORSTER:
10          Ms. Heather Cheesbro
11          That $_____ is the deposition officer's charges
12      to the Plaintiffs for preparing the original deposition
13      transcript and any copies of exhibits;
14          I further certify that I am neither counsel for,
15      related to, nor employed by any of the parties or
16      attorneys in the action in which this proceeding was
17      taken, and further that I am not financially or
18      otherwise interested in the outcome of the action.
19          Certified to by me this _____ day of November, 2009.
20
21
                    _____
22                  Mary LaBounty, Texas         5
                    Expiration Date: 12/31/10
23                  Firm No.:   29
                    Associated Court Reporters
24                  425 Austin Avenue, 21st Floor
                    Post Office Box 1247
25                  Waco, Texas   76703
```