UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | | |
|---|---|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * | MDL NO. 1873 SECTION: N(5) | |
| This Document Relates to: *Dubuclet v. Fleetwood Enterprises, Inc.* Case No. 07-9228 | | * * * * * | JUDGE: ENGELHARDT MAG: CHASEZ | |

*************************************************************************

**DEFENDANT FLEETWOOD ENTERPRISES, INC.'S REPLY BRIEF
IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY
<u>JUDGMENT ON GOVERNMENT CONTRACTOR DEFENSE</u>**

**MAY IT PLEASE THE COURT:**

In her response (Rec. Doc. 7448) to Fleetwood's Motion for Summary Judgment on Government Contractor Defense (Rec. Doc. 6626), Plaintiff alleges three reasons why Fleetwood's motion should fail. As will be explained more fully below, two of these reasons rest on misconstruction of law and the third is a complete misapplication of both the law and the facts of this case.[1] Fleetwood is entitled to an Order granting its motion.

    **A.    Fleetwood is entitled to invoke the government contractor defense.**

Plaintiff argues that Fleetwood is not entitled to invoke the government contractor defense because it did not contract directly with FEMA for the manufacture of its travel trailers

---

[1] In fact, Plaintiff has failed to comply with Local Rule 56.2. As a result, Fleetwood asserts that all material facts set forth in its statement of uncontested facts, filed at Rec. Doc. 6626-3 pursuant to Local Rule 56.1, are deemed admitted. *See* USDC La. LR 56.2 (2009). Courts have recently confirmed this result where the plaintiff in a toxic tort case, in opposing a chemical company's motion for summary judgment, did not include a statement of material facts to which plaintiffs claimed that there existed genuine issues of material facts to be tried. *Atkins v. Ferro Corp.*, 534 F. Supp. 2d 662 (M.D. La. 2008), *affirmed by* 314 Fed. Appx. 662 (5th Cir. 2009). In that case, the trial court held that the facts listed in the chemical company's statement of uncontested facts were deemed admitted pursuant to Local Rule 56.2. *Id.*

as emergency housing units following Hurricanes Katrina and Rita.[2] *See* Rec. Doc. 7448, pp. 3-4. Plaintiff is reading the colloquial name of this defense too literally. She has cited no case law that supports her extremely limited reading of this defense. However, to the contrary, there is Fifth Circuit law showing that the contract does not have to be directly with the federal government for this defense to apply. In one such case, the U.S. Air Force entered into a procurement contract with Lockheed Corporation for the manufacture of C-5As. *In re Air Disaster at Ramstein Air Base, Germany*, 81 F.3d 570 (5th Cir. 1996). Lockheed Corporation then subcontracted with General Electric to design and manufacture engines for the C-5A. Following the fatal crash of an Air Force C-5A, plaintiff brought suit against both Lockheed Corporation and General Electric. The trial court granted summary judgment in favor of both defendants. The Fifth Circuit affirmed this grant of summary judgment in favor of *both* defendants based specifically on the government contractor defense. *Id.* at 574. This scenario is factually on point with the relationship between Morgan Buildings & Spas, Inc. and Fleetwood. In fact Fleetwood's relationship is even more suited to the government contractor defense where Fleetwood manufactured the entire product to government procurement specifications, and not only a component part. Therefore, Fleetwood has established that it is entitled to invoke the government contractor defense and should be granted summary judgment in this matter.

**B.     FEMA drafted reasonably precise specifications that Fleetwood met.**

Contrary to Plaintiff's assertions, Fleetwood has clearly met this prong of the government contractor defense. Plaintiff complains about the lack of specificity in the FEMA inspection form as if it has bearing on the precision of FEMA's procurement specifications. This is a red-

---

[2] Fleetwood has produced to Plaintiff its contract with Morgan Building & Spas, Inc. for the manufacture of emergency housing units to be provided to FEMA following Hurricanes Katrina and Rita. FLE_000045 – FLE_0000050. It is not disputed that Morgan Building & Spas, Inc. first entered into a contract with FEMA for the procurement of these units and then sought to fulfill this contract through its contracts with the actual manufacturers of the units. *See* Schilligo Dep. (October 22, 2009) attached hereto as Exhibit A, p. 24.

2

herring; it is undisputed that Fleetwood received the FEMA specifications for the travel trailer in question and complied with the FEMA specifications.[3] All Fleetwood travel trailers provided through Morgan to FEMA were inspected and accepted by FEMA, making it clear that the Fleetwood unit met the specifications required by FEMA.[4] Moreover, the inspection form has nothing to do with the specificity of procurement specifications. Plaintiff also seems to argue that FEMA did not have sufficient input in the specifications at issue. This is nonsensical. FEMA did more than "approve" the specifications; it drafted them in their entirety, exerting much more control than typically seen in government contractor defense cases, a distinction that seems to have confused Plaintiff.[5]

Finally, Plaintiff incorrectly argues that Fleetwood's government contractor defense fails because the FEMA procurement specification does not specifically address formaldehyde levels. The Fifth Circuit has held that the specifications need not address the specific defect alleged; the government need only evaluate the design feature in question. *Kersette v. Pac. Scientific Co.*, 210 F.3d 431, 435 (5th Cir. 2000). The FEMA procurement specifications meet this qualification because they specify that the units must meet the industry standards in all respects. *See* Rec. Docs. 6626-5 and 6626-6. The industry standard has always been the installation of a composite wood product, which of course is the design feature in question. Furthermore, the specifications explicitly preclude the use of optional accessories, so Fleetwood had no leeway with respect to how these trailers were built. Because these specifications touch upon industry-

---

[3] *See* Rec. Doc. 6626-2, p. 3; *see also* Rec. Doc. 6626-3, ¶ 5, which is deemed admitted as explained in footnote 1, *supra*.
[4] *See* Rec. Doc. 6626-7, p. 78; *see also* Rec. Doc. 6626-3, ¶ 6, which is deemed admitted as explained in footnote 1, *supra*.
[5] *See* Rec. Doc. 6626-7, p. 34; *see also* Rec. Doc. 6626-3, ¶ 4, which is deemed admitted as explained in footnote 1, *supra*.

standard composite wood products and state that the supplier cannot deviate from that direction, the trailer specifications clearly evaluate the design feature in question.

And as very recently cautioned by the Eleventh Circuit, "Plaintiffs' view would render the government contractor defense illusory." *Brinson v. Raytheon Co.*, 571 F.3d 1348, 1358 n.11 (11th Cir. 2009) (explaining that "[n]onconformance to precise specifications must mean more than that the design does not work in compliance with some general admonition against an unwanted condition"). Fleetwood has established as a matter of law that it complied with reasonably precise government specifications and is therefore entitled to summary judgment under the government contractor defense.

### C. There are no material facts in dispute with respect to the applicability of the government contractor defense to Plaintiff's failure to warn claim.

As her final argument, Plaintiff perplexingly adds that factual disputes exist on the failure to warn claim. Notwithstanding the fact that Fleetwood did include a warning, this argument adds nothing to the relevant discussion. Plaintiff's failure to warn claim is also susceptible to the government contractor defense. If a failure to warn claim is part of the design defect or unreasonably dangerous product theory of liability -- as is the case with Plaintiff's claim here -- then government contractor immunity applies. *See, e.g., In re Air Disaster at Ramstein Air Base, Germany*, 81 F.3d at 576.

Because Fleetwood has satisfied each prong of the government contractor defense -- showing that the government approved reasonably precise specifications, that it complied with those specifications, and that it knew of no dangers in the product that it was obligated to bring to the government's attention -- Fleetwood asks this Court to grant summary judgment in its favor, thereby dismissing the Plaintiff's claims against it.

This 19th day of November 2009.

        Respectfully submitted:

        */s/ Richard K. Hines, V*
        Richard K. Hines, V
        GA Bar No. 356300
        NELSON MULLINS RILEY & SCARBOROUGH, LLP
        Atlantic Station
        201 17th Street, NW, Suite 1700
        Atlanta, GA  30363
        (404) 322-6000 (phone)
        (404) 322-6050 (fax)

        Jerry L. Saporito
        LA Bar No. 11717
        LEAKE & ANDERSSON, L.L.P.
        1700 Energy Centre
        1100 Poydras St.
        New Orleans, LA 70163-1701
        (504) 585-7500 (phone)
        (504) 585- 7775 (fax)

        Counsel for Fleetwood Enterprises, Inc.

## **C E R T I F I C A T E OF SERVICE**

      I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )    Hand Delivery                     ( )    Prepaid U.S. Mail

( )    Facsimile                           ( )    Federal Express

(X)    CM/ECF

      New Orleans, Louisiana, this 19th day of November 2009.

                                            /s/ Richard K. Hines, V
                                            Richard K. Hines, V
                                            Georgia Bar No. 356300
                                            richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA 30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)