UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | | |
|---|---|---|---|---|
| IN RE: | FEMA TRAILER | * | | MDL NO. 1873 |
| | FORMALDEHYDE | * | | |
| | PRODUCTS LIABILITY | * | | |
| | LITIGATION | * | | SECTION: N(5) |
| | | * | | |
| This Document Relates to: | | * | | |
| | | * | | |
| This Document Relates to: | | * | | |
| *Dubuclet v. Fleetwood Enterprises, Inc.* | | * | | |
| | | * | | JUDGE: ENGELHARDT |
| Case No. 07-9228 | | * | | |
| | | * | | |
| | | * | | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT FLEETWOOD ENTERPRISES, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY AND
ARGUMENT REGARDING OTHER LAWSUITS OR CLAIMS
(OR ABSENCE OF OTHER CLAIMS OR LAWSUITS)**

Plaintiff has filed a motion *in limine* to exclude all reference to other lawsuits or claims against Fleetwood "or the alleged absence of such claims or lawsuits" (Rec. Doc. 7288).[1] As is clear from that motion, Plaintiff fails to appreciate the important distinction between the lack of travel trailer formaldehyde claims made ***prior*** to the manufacture of the Dubuclet unit and the recent, irrelevant lawsuits filed ***after*** the Dubuclets had already vacated their unit. These two different types of claims do not have equal weight under the law.

---

[1] A cursory review of Plaintiff's motion quickly shows that Plaintiff is actually only seeking to exclude evidence of the *lack* of prior travel trailer formaldehyde claims, which Fleetwood strongly opposes. Fleetwood does not oppose the portion of this motion -- to the extent Plaintiff truly asserts it herein -- that seeks to exclude reference to other lawsuits or claims, which are irrelevant, unduly prejudicial, and should not be admitted.  *See* Rec. Doc. 6898 filed by Fleetwood regarding this precise issue.

Contrary to Plaintiff's assertion, Fleetwood is not seeking to "bolster its own credibility" by pointing out this lack of formaldehyde claims.  Rec. Doc. 7288-2, p. 2.  Rather, Fleetwood offers this evidence for a legitimate purpose -- this evidence is admissible to show that Fleetwood had no notice or reason to believe that the formaldehyde levels of its travel trailers posed any danger to the Dubuclets where it had supplied travel trailers for use as emergency housing units to FEMA for many years without any formaldehyde complaints.  The cases cited by Plaintiff are inapposite.  Fleetwood is not seeking to establish that it had a "habit" of manufacturing safe travel trailers.  *Contra Stapleton v. Great Lakes Chem. Corp.,* 627 So. 2d 1358, 1361 (La. 1993).  Nor is Plaintiff's citation to *Imperial Trading Co., Inc.* helpful.  In that case, the plaintiffs sought to make reference to two former complaints against defendant with the express purpose of establishing a pattern or habit of defendant's unprofessional manner -- an entirely different factual scenario than the case at bar.  *Imperial Trading Co., Inc. v. Travelers Property Cas. Co. of Am.,* No. 06-4262, 2009 WL 2408410, at *3 (E.D. La. July 29, 2009).

Although Plaintiff relies on a 1943 premises liability case regarding lack of prior accidents, it is not applicable to the LPLA claims that Plaintiffs asserts here.[2]  In more recent cases specifically addressing manufacture and design claims, Louisiana courts have allowed defendants to introduce evidence of a lack of similar accidents.  *See, e.g., Panek v. Gulf Ins. Co.*, 341 So. 2d 46, 52 (La. App. 3rd Cir. 1976); *see also Manchack v. Willamette Indus., Inc.*, 621 So. 2d 649 (La. App. 2nd Cir. 1993) (holding that "[a]nother important factor is the absence of any other similar accidents in the 20 years since the scales were first put in use").

---

[2] *See Cassanova v. Paramount-Richard Theatres, Inc.*, 16 So.2d 444 (La. 1943).

Fleetwood properly offers this evidence to show that it had no notice or reason to believe that the formaldehyde levels of its travel trailers posed any danger to the Dubuclets. Furthermore, Fleetwood respectfully asserts that it is entitled to offer this evidence in order to properly defend itself where Plaintiff alleges that Fleetwood has long known of the alleged dangers of formaldehyde in its products. And finally, this fact is necessary for the defenses Fleetwood has asserted in its motion for summary judgment based on its immunity as a government contractor. *See* Rec. Doc. 6626.

Wherefore, Fleetwood respectfully requests that this Court issue an Order denying Plaintiff's motion *in limine* at Rec. Doc. 7288.

This 19th day of November 2009.

Respectfully submitted:

*/s/ Richard K. Hines, V*
Richard K. Hines, V
GA Bar No. 356300
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)

Jerry L. Saporito
LA Bar No. 11717
LEAKE & ANDERSSON, L.L.P.
1700 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-1701
(504) 585-7500 (phone)
(504) 585- 7775 (fax)

Counsel for Fleetwood Enterprises, Inc.

# **C E R T I F I C A T E OF SERVICE**

I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )   Hand Delivery                         ( )   Prepaid U.S. Mail

( )   Facsimile                             ( )   Federal Express

(X)   CM/ECF

New Orleans, Louisiana, this 19th day of November, 2009.

                                                        */s/ Richard K. Hines, V*
                                                        Richard K. Hines, V
                                                        Georgia Bar No. 356300
                                                        E-mail:  richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)