UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER       FORMALDEHYDE       PRODUCTS LIABILITY       LITIGATION | * * * * * | MDL NO. 1873 <br><br> SECTION: N(5) |
| This Document Relates to: *Dubuclet v. Fleetwood Enterprises, Inc.* Case No. 07-9228 | * * * * | JUDGE: ENGELHARDT |
| | * | MAG: CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**OPPOSITION BY FLEETWOOD ENTERPRISES, INC. TO THE
MOTION IN LIMINE TO PROHIBIT REFERENCE TO UNRELATED,
NON-PLED CLAIMS FILED BY PLAINTIFF, ELISHA DUBUCLET,
O/B/O HER MINOR CHILD, TIMIA DUBUCLET**

**May It Please The Court:**

Fleetwood Enterprises, Inc. ("Fleetwood"), defendant, submits the following brief in opposition to the *Motion in Limine to Prohibit Reference to Unrelated, Non-Pled Claims* [Rec.Doc. 7284] filed by plaintiff, Elisha Dubuclet, on behalf of her minor child, Timia Dubuclet.

    **A.**    **Introduction.**

It is well settled in Louisiana that a plaintiff may not recover for diseases that they do not have, and a court cannot award damages for the possibility of an injury that may never arise. *Ulmer v. Travelers Ins. Co.*, 156 So.2d 98 (La.App. 1 Cir. 1963); *Hagerty v. L&L Marine Services, Inc.*, 788 F.2d 315, 320 (5th Cir. 1986). Further, in toxic chemical cases, the disease of

cancer should be treated as a separate cause of action for all purposes, and the prescriptive period for such claims does not begin to run until the date of manifestation. *Hagerty*, at 320. As such, the law specifically excludes recovery for injuries that could develop in the future, and it is appropriate to inform the jury of the law in this case.[1]

### B. The availability of a later suit to recover for a latent injury does not confuse the issues.

"The single cause of action rule bars a plaintiff from filing a second suit to recover for future complications arising out of his initial injury. As noted by the Fifth Circuit, this rule is applied by the vast majority of courts in latent disease cases, particularly those involving asbestos exposure." *Johnson v. Armstrong Cork Company*, 645 F.Supp. 764, 769 (W.D.La. 1986), citing *Hagerty v. L&L Marine Services, Inc.*, 788 F.2d 315, 320 (5th Cir. 1986). Courts have acknowledged the inherent inequity in this rule on both sides because of the highly speculative nature of latent diseases. *Id.* at 769. Courts have attempted to deal with this apparent conflict by developing rules to deal with cancer evidence in latent disease cases involving toxic torts. *Johnson*, supra, at 769. Those rules include, (1) evidence of fear of contracting cancer is admissible when there is an actionable injury; (2) medical expenses, past and future, which a plaintiff incurs to monitor the development of a possible cancerous condition is a recoverable element of damages; (3) evidence concerning the increased risk of cancer in the future will be admissible where the plaintiff can show that the toxic exposure more likely than not will lead to cancer; and (4) evidence of the carcinogenic properties of a substance is admissible. *Id.* (citations omitted). However, in the appropriate circumstances, courts have allowed plaintiffs to

---

[1] In fact, a jury instruction to this effect was used in the predecessor suit, *Charlie Age, et al. v. Gulf Stream Coach Inc., et al.*, Docket No. 09-2892 (*Alana Alexander, individually and on behalf of Christopher Cooper*).

file a second suit when a latent disease not previously contemplated manifests itself. See *Breaux v. Mine Safety Appliances Co.*, 717 So.2d 1255 (La.App. 5 Cir. 1998).

Consistent with the above described factors, plaintiff will argue at trial that, (1) formaldehyde is carcinogenic; and (2) as a result of her alleged exposure to a carcinogen, she now fears developing cancer. When confronted with this kind of evidence, a jury could reasonably infer that, while not specifically pled, an increased risk of cancer may exist or that later cancer-in-fact may be a foregone conclusion and award damages accordingly. Thereafter, if the plaintiff later develops cancer, she would be in a position to make an impermissible double recovery on the very same items of damage being claimed herein. In order to avoid this apparent injustice, it is critical for Fleetwood to instruct the jury that these types of damages are more appropriately addressed in a future claim should the plaintiff ever develop cancer-in-fact. Cautioning the jury against this kind of injustice neither prejudices the plaintiff nor confuses the issues, and the foregoing would in no way *unfairly* influence the jury. To the contrary, Fleetwood's evidence directly attacks the legitimacy of plaintiff's allegations and provides the jury with the information it needs to render a just and fair verdict in Fleetwood's favor.

### C.  **Plaintiff has made a *de facto* claim for increased risk of cancer.**

Plaintiff argues that she has not directly asserted a claim for increased risk of cancer; however, by alleging an otherwise unsubstantiated claim for fear of future cancer, she will have to introduce evidence at trial that could mislead the jury and result in a *de facto* inference that plaintiff is at an increased risk for developing cancer. Further, this information is relevant to the issue of whether plaintiff's fear is reasonable. While it is true that under certain circumstances a plaintiff may be able to plead damages arising out of a legitimate and reasonable fear of

3

developing cancer as a result of a defendant's negligence, "[i]t is for the jury to decide questions such as the existence, severity and reasonableness of the fear." *Hagerty v. L&L Marine Services, Inc.*, 788 F.2d 315, 318 (5th Cir. 1986).  However, the *Hagerty* court was very clear that, under no circumstance can there be a fear claim without an "actionable underlying injury." *Id.* on reconsideration, 797 F.2d 256 (5th Cir. 1986).  See also *Johnson v. Armstrong Cork Company*, 645 F.Supp. 764 (W.D.La. 1986); and *Easson v. Velsicol Chemical Corp.*, 1991 WL 220955 (E.D.La. 1991).  While *Hagerty* does not go so far as to require a physical manifestation of an injury before a fear claim can be asserted, the court emphasized that the plaintiff must still have an "actionable injury." *Hagerty*, supra, 797 F.2d 256 (on reconsideration).  Here, while there is no actionable underlying injury upon which plaintiff can base her fear of cancer claim, the evidence plaintiff intends to rely upon could mislead the jury into believing that a *de facto* claim for increased risk of cancer may still exist.

Plaintiff has neither a physical manifestation nor any other type of actionable injury that would serve to legitimize her fear claim.  Specifically, (1) plaintiff has not been diagnosed with any type of cancer; (2) she is asymptomatic for any type of pre-cancerous condition; (3) there is no evidence of any pre-cancerous or even atypical cell growth, cell formation or other anomalies in her bloodstream, lymphatic system or nasopharynx indicative of any type of underlying injury to any of these systems;[2] (4) she has never been tested, treated or screened for cancer as a result of her alleged formaldehyde exposure; (5) there are no current recommendations from her treating physicians for her to undergo this type of screening now; and (6) her treating physicians

---

[2] Studies by the National Cancer Institute have focused on whether an association exists between formaldehyde exposure and cancers of the blood, lymphatic system or nasopharynx.  No studies have concluded that formaldehyde exposure increases the risk of cancer by more than 50%; therefore, plaintiff is not at an increased risk of cancer.

have not recommended that plaintiff undergo periodic future cancer screening because of her alleged exposure.  Given the apparent absence of any physical manifestation,[3] plaintiff has to show some other type of actionable underlying injury in order to maintain a claim for 'cancerphobia,' to wit, medical monitoring or increased risk of cancer.

A medical monitoring claim requires proof that a physician has recommended periodic check-ups and cancer screening in the past, they continue to be medically advisable, and they are likely to remain advisable in the future.  *Johnson*, supra, at 769.  In this case, plaintiff's medical records do not indicate that she has ever been screened for cancer or that she is considered to be at high risk for cancer (either genetically or otherwise), there are no recommendations that she begin monitoring now, and no treating physician has suggested that this may become necessary in the future; therefore, plaintiff's claim for medical monitoring is without merit and cannot serve as the actionable underlying injury for her fear of cancer claim.

While plaintiff argues that she has not asserted a claim for increased risk, a jury could nevertheless infer the existence of such a claim from the evidence offered in support of her fear of cancer claim because it reasonably follows that a there can be no fear without an increased risk.  The rule in this jurisdiction states that a plaintiff can recover for increased risk ". . . only where he can show that the toxic exposure more probably than not *will* lead to cancer."  *Hagerty*, supra, 788 F.2d at 319; see also *Easson*, supra, 1991 WL 220955 at *2.  "Where there is no evidence that the increased risk of cancer exceeds 50 percent, there may be no recovery for the increased risk of cancer."  *Johnson*, supra, 645 F.Supp. at 769.  In *Hagerty*, the court concluded

---

[3] The existence of a ***pre-existing*** eczema skin condition cannot serve as plaintiff's "underlying actionable injury" for her fear of future cancer claim because that pre-existing skin condition is wholly unrelated to any alleged injury to the bloodstream, lymphatic system or nasopharynx.

that, because the plaintiff did not allege that he had cancer or would probably develop it in the future, he did not state a claim for this possible effect from the exposure. *Hagerty*, supra, 788 F.2d at 319. Here, plaintiff does not allege that she has cancer now, nor does she allege that it is more likely than not that she will develop cancer in the future; however, a fear of cancer claim creates an implication that there is an increased risk of cancer, for without an increased risk the fear would be unreasonable. As such, Fleetwood must be permitted to address the reasonableness of plaintiff's fear in the context of the likelihood that she will be diagnosed with cancer in the future and again be able to avail herself of a cancer claim at that time. Since plaintiff's present cancer claims are necessarily so intertwined with an implied increased risk of cancer, Fleetwood is entitled to discuss the possibility of a second cancer claim with the jury. This information is relevant, admissible and in no way creates an unfair risk of prejudice or confusion of the issues. For the foregoing reasons, plaintiff's motion should be denied.

### D. Conclusion.

Due to the inherently speculative nature of latent disease claims, plaintiff may have an opportunity to reassert her cancer claims in a second lawsuit, which in turn creates an inherent risk of an impermissible double recovery for the same injuries. Further, because her present cancer claims are so intricately interlaced with a possible future cancer claim, it is necessary to ensure that the jury is fully informed on this issue so as to minimize the risk of unfair prejudice to Fleetwood. Conveying this kind of information to the jury is necessary in order to avoid manifest injustice. Finally, while plaintiff's cancer related claims are thin at best, she has nevertheless opened the door to allow Fleetwood to attack the reasonableness of her claims by showing the jury that, because she is not at an increased risk of contracting cancer, her alleged

fear is *de minimis* at best and more likely altogether nonexistent, and such claims would be more appropriately brought in a subsequent suit should she ever actually develop cancer. For the foregoing reasons, plaintiff's motion should be denied.

                                    Respectfully submitted:

                                     */s/ Amanda W. Vonderhaar*
                                    **Jerry L. Saporito, Esq.**
                                      Louisiana Bar No. 11717
                                      **Amanda W. Vonderhaar, Esq.**
                                      Louisiana Bar No. 31350
                                      LEAKE & ANDERSSON, L.L.P.
                                      1700 Energy Centre
                                      1100 Poydras St.
                                      New Orleans, LA 70163-1701
                                      (504) 585-7500 (phone)
                                      (504) 585- 7775 (fax)
                                      *Counsel for Fleetwood Enterprises, Inc.*

                                      **Richard K. Hines, V., Esq.**
                                      Georgia Bar No. 356300
                                      NELSON MULLINS RILEY &
                                      SCARBOROUGH, LLP
                                      Atlantic Station
                                      201 17th Street, NW, Suite 1700
                                      Atlanta, GA  30363
                                      (404) 322-6000 (phone)
                                      (404) 322-6050 (fax)
                                      *Counsel for Fleetwood Enterprises, Inc.*

### **CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing pleading has been electronically filed this date and delivered to all counsel of record by notice of electronic filing by the court, by depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this 19th day of November, 2009, at their last known address of record.

                                     */s/ Amanda W. Vonderhaar*