UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 | |
| FORMALDEHYDE | * | | |
| PRODUCTS LIABILITY | * | | |
| LITIGATION | * | SECTION: N(5) | |
| | * | | |
| This Document Relates to: | * | | |
| *Dubuclet v. Fleetwood Enterprises, Inc.* | * | JUDGE: ENGELHARDT | |
| *Case No. 07-9228* | * | | |
| | * | | |
| | * | MAG: CHASEZ | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | | | |

**FLEETWOOD ENTERPRISES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PROHIBIT REFERENCE TO TRAILER TESTING NOT PERFORMED**

**May It Please The Court:**

Fleetwood Enterprises, Inc. ("Fleetwood") submits that Plaintiff's Motion In Limine to Prohibit Reference to Trailer Testing Not Performed should be denied for the following reasons.

Plaintiff argues that Fleetwood should be prohibited from questioning her experts regarding testing that the experts did not perform on plaintiff's trailer because Fleetwood objected to certain proposed testing and filed a Motion for Protective Order. (R. 1815). Accordingly, plaintiff argues that the probative value of this relevant evidence would be unfairly prejudicial and/or Fleetwood should be estopped from questioning her expert regarding "inadequate" or "incomplete" testing "since it was the Defendant's themselves and not the oversight or negligence of Plaintiff's experts that was the reason for limited testing."[1]

---

[1] *See* Plaintiff's Memorandum in Support of Her Motion *In Limine* to Prohibit Reference to Trailer Testing Not Performed, p. 3.

Plaintiff's motion is nothing more then an effort to have her experts provide testimony in circumvention of the requirements of Federal Rules of Evidence Rule 702. This rule provides in pertinent part that an expert may provide opinion testimony if (1) the testimony is based upon **sufficient facts and data,** (2) the testimony is the product or **reliable principles and methods,** and (3) the witness has applied the principles and methods reliably to the facts of the case. (Emphasis Ours).

In essence, plaintiff admits in her motion that additional testing should have been performed by her experts in order to formulate reliable opinions regarding the central issues in the case – whether at the time the trailer left the hands of Fleetwood it contained unreasonably dangerous levels of formaldehyde (it did not) about which Fleetwood failed to warn (it did not) which caused injury to the plaintiff (it did not). It is the plaintiff that has the burden of proving these disputed issues at trial. Therefore, it was the obligation of the plaintiff to ensure that her experts had a sufficient amount of time to conduct all of the tests necessary to provide reliable testimony at trial in accordance with Rule 702.

Plaintiff and her experts have failed to conduct the tests required to provide reliable testimony at trial and are now seeking to blame Fleetwood for their own shortcomings. Although Fleetwood filed a Motion for Protective Order Regarding Plaintiff's New Testing Protocol (R. 1815), at the outset Fleetwood stated that "[b]y filing this objection and motion, Fleetwood and Fluor in no way waive – but rather reserve – all of their arguments addressing the scientific validity and acceptability of the protocol and the opinions and conclusions purportedly derived from such requested testing."[2] In addition, Fleetwood asserted that "[t]o the extent that Plaintiff's claim they are prejudiced if this Court limits their proposed protocol, it is prejudice of

---

[2] *See* Fleetwood Enterprises, Inc. and Fluor Enterprises, Inc.'s Memorandum of Law in Support of Its Motion For Protective Order Regarding Plaintiff's New Testing Protocol, P. 1, FN 1.

their own making. Plaintiff's could have tested this unit during the testing period last summer …."[3]

Accordingly, Fleetwood's request for a protective order did not suggested that the limited testing was sufficient for plaintiff's experts to render reliable opinions in accordance with Rule 702 and/or that Fleetwood intended to waive their right to attack the reliability of the opinions rendered by plaintiff's experts after the testing was completed.

Moreover, Fleetwood did not prohibit plaintiff's experts from performing additional testing. After Fleetwood filed the request for a protective order plaintiff agreed to the protocol that was ultimately used by the experts. Plaintiff cannot now use the agreed upon protocol to complain that it did not include certain tests required for plaintiff to meet her burden of proof at trial.

Plaintiff agreed to the protocol knowing what her burden of proof would be at trial. If the agreed upon protocol was not sufficient for plaintiff to meet her burden of proof at trial then she should have notified Fleetwood and/or filed a motion with the Court to expand the protocol. Plaintiff did neither.

In sum, plaintiff's motion should be denied because the shortcomings with the testing protocol utilized by her experts did not result from Fleetwood prohibiting plaintiff from performing the testing. Rather, the shortcomings are the result of plaintiff's delay in testing the unit and the subsequent protocol that was agreed upon after plaintiff had an opportunity to consult with her experts on the type of testing needed. If the testing in the protocol was not sufficient for plaintiff to maintain her burden of proof at trial a motion should have been filed with the court to expand the testing. Accordingly, references to additional testing that should

---

[3] *See* Fleetwood Enterprises, Inc. and Fluor Enterprises, Inc.'s Memorandum of Law in Support of Its Motion For Protective Order Regarding Plaintiff's New Testing Protocol, P. 2.

have been performed by plaintiff's experts should not be excluded as prejudicial and/or on the grounds of estoppel.

Respectfully submitted:

 */s/ Amanda W. Vonderhaar*
**Jerry L. Saporito**
Louisiana Bar No. 11717
**Amanda W. Vonderhaar**
Louisiana Bar No. 31350
LEAKE & ANDERSSON, L.L.P.
1700 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-1701
(504) 585-7500 (phone)
(504) 585- 7775 (fax)

**Richard K. Hines, V**
Georgia Bar No. 356300
NELSON MULLINS RILEY &
SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW,  Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)

Counsel for Fleetwood Enterprises, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been electronically filed this date and delivered to all counsel of record by notice of electronic filing by the court, by depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this 19th day of November, 2009, at their last known address of record.

*/s/ Amanda W. Vonderhaar*