UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|     FORMALDEHYDE | * | |
|     PRODUCTS LIABILITY | * | |
|     LITIGATION | * | SECTION: N(5) |
| | * | |
| This Document Relates to: | * | |
| *Dubuclet v. Fleetwood Enterprises, Inc.* | * | |
| | * | JUDGE: ENGELHARDT |
| *Case No. 07-9228* | * | |
| | * | |
| | * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT FLEETWOOD ENTERPRISES, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO EXCLUDE DR. LAWRENCE G. MILLER'S TESTIMONY (REC. DOC. NO. 6665)**

COMES NOW Defendant Fleetwood Enterprises, Inc. (hereinafter "Fleetwood") and states that Plaintiff's response (Rec. Doc. 7454) to Fleetwood's motion to exclude Dr. Miller's testimony (Rec. Doc. 6665) was filed with no supporting affidavit from Dr. Miller, and nothing changes Fleetwood's argument.

**1.  Plaintiff has not shown that Dr. Miller is qualified to provide specific causation opinions.**

Dr. Miller has not treated patients in over four years. Although Plaintiff relies on *Huss v. Gayden* to state that an expert need not be "highly qualified," in *Huss*, the Court was examining whether a defendant's expert was qualified to "act as a counterpoint" to the plaintiff's expert.[1] Here, however, Dr. Miller is now Plaintiff's sole expert on specific causation, and is the only one left to carry Plaintiff's burden on specific causation. Fleetwood does not expect Dr. Miller to be "highly qualified," but Dr. Miller is not qualified to offer the specific causation opinions.

---

[1] *Huss v. Gayden*, 571 F.3d 442, 455 (5th Cir. 2009).

Plaintiff has painted Dr. Miller as having "expertise" in dermatological illnesses,[2] but his testimony does not support this characterization.  Regarding dermatological diseases, Dr. Miller has no specific memory of diagnosing a patient with dermatitis, yet he states, "clinically I'm trained as an internist, pulmonary physician and a clinical pharmacologist.  I work in all of those areas, and certainly dermatologic illness is a part of internal medicine.  I see them all time."[3]  This testimony does not qualify as any special expertise in dermatology -- he cannot recall even one patient.

As Fleetwood stated in its opening brief, Dr. Miller is not a dermatologist;[4] rather, he is board certified in Internal Medicine, Pulmonary Disease, and Clinical Pharmacology.[5]  He also has an M.P.H. degree in Environmental Health.[6]  Dr. Miller is currently employed by his company, Mediphase, a company that invests in healthcare companies, and has not worked with patients in the past four years.[7]  Since the early 1990s, he has been more involved in the business side of medicine than the clinical side.[8]  In the 1990s, the clinical side of his work was mostly teaching medical students internal medicine, usually just one afternoon a week.[9]  He has not published regularly since the early 1990s.[10]  When he did publish, it was primarily pharmacology publications.[11]  He has not written any articles on formaldehyde and has not had any experience in reviewing formaldehyde-related diseases, stating, "I don't recall dealing with formaldehyde in

---

[2] Pl.'s Resp. at 1, 3.
[3] Miller Dep. at 62:23-63:20, attached as Ex. A.
[4] Miller Dep. at 35:23-24 (Ex. A to Rec. Doc. 6665).
[5] Miller Aff. at 1 (DUB000596) (Ex. B to Rec. Doc. 6665).
[6] *Id.* (Ex. B to Rec. Doc. 6665).
[7] Miller Dep. at 14:7-18 (Ex. A to Rec. Doc. 6665); *id.* at 12:18-25 (describing Mediphase).
[8] *Id.* at 16:18-21 (Ex. A); *id.* at 14:19-15:18 (in early 1990s, clinical work encompasses 10-20% of his time); *id.* at 18:11-19:9 (around 1996, the clinical side of his work remained at 10-20%, and the other part was decision support for physicians); *id.* at 23:19-24:7 (in 1997, his clinical work remained constant at 10-20%).
[9] *Id.* at 19:25-21:13 (Ex. A to Rec. Doc. 6665).
[10] *Id.* at 22:20-23:3 (Ex. A to Rec. Doc. 6665).
[11] *Id.* at 23:4-10 (Ex. A to Rec. Doc. 6665).

the past."[12]  Plaintiff has not offered anything new that would show Dr. Miller is qualified to offer the opinions that he does in this case.

**2.    Dr. Miller's weight-of-the-evidence methodology is not sufficiently reliable.**

Plaintiff claims that "Dr. Miller specifically describes how he used the weight-of-the-evidence approach,"[13] but Plaintiff did not offer any further affidavit from Dr. Miller.  The deposition testimony that Plaintiff cites for this claim is:

> Q   Explain how you came to that conclusion, Doctor.
>
> A   Well, in a high level, and perhaps I wasn't as clear as I might have been before, it's not a single paper, nor do you expect any single paper to say X causes Y.  Frankly, it would be hard to get that published.  The editors usually force you to be a little more circumspect than that.  But you got papers that establish associations, establish correlations, and then you bring the evidence together.  So it's the balance of the evidence that creates the causative inference rather than just a single paper saying X causes Y.  You just don't find many of those.  I'm also referring here to the Federal Rules, which specifically look for a risk -- you know, a risk ratio, an odds ratio of greater than 2.0 for epidemiological studies to support a causative inference.[14]

This is the same testimony that Fleetwood cited in its opening brief.  This description from Dr. Miller does nothing to elucidate *how* he "brought the evidence together." Indeed, this quote is illustrative of the faulty methodology that both Dr. Patricia Williams and Dr. Miller use: they improperly infer causation even when the author of a study states that the study does not find causation, only an association.

The Fifth Circuit has agreed that experts should not be permitted to testify when their opinion is based on studies that only suggest association:

---

[12] *Id.* at 23:11-18, 45:11-12 (Ex. A to Rec. Doc. 6665).  He does clarify that as a medical student he worked with formaldehyde, as every medical student does, but that it was not vaporous formaldehyde. *Id.* at 48:9-49:13.
[13] Pl.'s Resp. at 4 (Rec. Doc. 7454).
[14] Miller Dep. at 241:1-22 (Ex. A to Rec. Doc. 6665).

3

> It is axiomatic that causation testimony is inadmissible if an expert relies upon studies or publications, the authors of which were themselves unwilling to conclude that causation had been proven.[15]

"[C]orrelation is not causation."[16] As recently as last week, the District Court for the Eastern District of Louisiana has held that a report only "suggesting" a causal relationship could not serve as a basis for the plaintiffs' causation experts to opine on the issue of general causation.[17] The Court held that "[t]e 'suggestion' of a causal relationship in this report does not constitute reliable scientific evidence under *Daubert*, and 'surely' does not constitute 'statistically significant' evidence under *Allen*."[18] This case is consistent with previous Fifth Circuit case law. In *Vargas v. Lee*, the Court found that a study that indicated that although "trauma may cause [fibromyalgia syndrome]," the "present data in the literature are insufficient to indicate whether causal relationships exist between trauma and [fibromyalgia] and that called for further studies is "not sufficiently reliable to be admitted under Rule 702."[19] Therefore Plaintiff is unable to pass the admissibility threshold with proposed expert opinions that rely on studies that show only possible association and not causation. Plaintiff has not shown any reason how a study that expressly states that it does not show causation could support a finding of causation. Dr. Miller has not pointed to any study that addresses causation -- not mere association -- of formaldehyde exposure and skin conditions.

**3.     No reference to Timia being "allergic" to formaldehyde should be made because Dr. Miller relies on the now-withdrawn Dr. Farber.**

---

[15] *Huss v. Gayden*, 571 F.3d 442, 459 (5th Cir. 2009) (granting new trial because the general causation evidence suggests speculation and not a reasonable degree of medical certainty).
[16] *Id.*
[17] *LeBlanc v. Chevron USA Inc.*, No. 05-5485, 2009 U.S. Dist. LEXIS 106339, at *9 (E.D. La. Nov. 13, 2009).
[18] *Id.* (referring to *Allen v. Pa. Eng'g Group*, 102 F.3d 194 (5th Cir. 1996)).
[19] *Vargas v. Lee*, 371 F.3d 498, 502 (5th Cir. 2003).

Plaintiff now downplays Dr. Miller's previous reliance on Dr. Farber. But without Dr. Farber's previous expert opinion -- particularly his interpretation of the T.R.U.E.™ Test and opinion that Timia is "allergic" to formaldehyde -- Dr. Miller should not be permitted to present any opinion that relies on that conclusion. Moreover, without that underlying opinion from Dr. Farber, Dr. Williams has no support -- not even his faulty weight-of-the-evidence approach -- to support his conclusion that Timia suffers from allergic rhinitis.[20]

For these reasons, Dr. Miller's unsupported and unscientific conclusion is not helpful to any jury. The jury needs an expert who can make sense of the various publications and of the T.R.U.E.™ Test. Dr. Miller is not that expert. His testimony that formaldehyde exposure exacerbated Ms. Dubuclet's pre-existing conditions, and all other testimony, should be excluded.

This 19th day of November 2009.

Respectfully submitted:

 /s/ Richard K. Hines, V
Richard K. Hines, V
GA Bar No. 356300
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)

Jerry L. Saporito
LA Bar No. 11717
LEAKE & ANDERSSON, L.L.P.
1700 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-1701
(504) 585-7500 (phone)
(504) 585- 7775 (fax)

---

[20] Def.'s Memo. at 7-8, 15 (Rec. Doc. 6665).

Counsel for Fleetwood Enterprises, Inc.

## **C E R T I F I C A T E OF SERVICE**

      I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )    Hand Delivery                            ( )    Prepaid U.S. Mail

( )    Facsimile                                   ( )    Federal Express

(X)    CM/ECF

      New Orleans, Louisiana, this 19th day of November 2009.

                                            /s/ Richard K. Hines, V
                                            Richard K. Hines, V
                                            Georgia Bar No. 356300
                                            richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)