**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
|        FORMALDEHYDE PRODUCTS | * | |
|        LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Dubuclet v. Fleetwood Enterprises, Inc.* | * | |
|  Docket No. 07-9228; | * | |

**PLAINTIFF'S RESPONSE TO**
**DEFENDANT FLEETWOOD ENTERPRISES, INC'S MOTION *IN LIMINE***
**REQUESTING THAT THE COURT ENTER ITS PRIOR RULINGS MADE IN THE**
***ALEXANDER* BELLWETHER TRIAL AS TO CERTAIN SIMILAR EVIDENTIARY**
**ISSUES RELEVANT TO THIS MATTER**

Plaintiff, Elisha Dubuclet, on behalf of Timia Dubuclet, files this Response to Defendant Fleetwood Enterprises, Inc.'s Motion *in Limine* Requesting that the Court Enter its Prior Rulings Made in the *Alexander* Bellwether Trial as to Certain Similar Evidentiary Issues Relevant to this Matter.

**I.**
**BACKGROUND**

Defendant Fleetwood has requested that the Court enter similar rulings to those entered in the *Alexander* Bellwether Trial.  Each one of the requested orders will be addressed in sequence.

**II.**
**REQUESTED ORDERS**

References to Political Proceedings as set out in Order 3029

Defendant's Gulf Stream's Motion regarding Political Proceedings, Court Doc. 2839,

was the subject of the Court's Order 3029.  Plaintiff responded to this Motion in Court Doc. 2980, Plaintiff's Memorandum in Opposition to Gulf Stream's Motion in Limine Regarding Political Proceedings.   Plaintiff would re-urge and incorporate by reference all the same points in this matter as originally addressed in Plaintiff's Response 2980 as if the same arguments were being made by Plaintiff Dubuclet in the context of an action against Fleetwood.

Events Leading up to Hurricane Katrina as set out in Order 3018

Plaintiff has no opposition to the Court entering an Order similar to Court Doc. 3018 with regard to the events leading up to Hurricane Katrina, as long as Defendant is likewise limited from making references, seeking testimony or evidence related to their heroic or altruistic response to hurricanes Katrina or Rita.

Fleetwood's Financial Status/Finances from FEMA sales as set out in Order 3018 and 3019

Plaintiff has no opposition to the Court entering an order with regard to Fleetwood's income related to its production of EHU's similar to the Order the Court entered in *Alexander* as long as the Court likewise prohibits Defendant Fleetwood from making references to its Bankruptcy filing or related financial matters.  Plaintiff would note that Order 3019 dealt with Fluor, a contractor, not a travel trailer manufacturer.

Ambient Air Standards as set out in Order 3069

Defendant Gulf Stream's Motion in Limine to Prohibit Plaintiffs' Reference to, or Introduction of Evidence Regarding Unreasonable and Subsequently Passed Ambient Air Standards, Court Doc. 2887, was the subject of the Court's Order on Ambient Air Standards 3069.   Plaintiff responded to this Motion in Court Doc. 2982, Plaintiff's Memorandum in Opposition to Gulf Stream's Motion in Limine to Prohibit Reference to, or Introduction of, Subsequently Passed Ambient Air Standards.   Plaintiff would re-urge and incorporate by

2

reference all the same points in this matter as originally addressed in Plaintiff's Memorandum in Opposition, Court Doc. 2982, as if the same arguments were being made by Plaintiff Dubuclet in the context of an action against Fleetwood.

Dr. Christopher DeRosa will not testify as an expert or render expert opinions in the Dubuclet matter as set out in Order 3067

Defendant Gulf Stream's Motion in Limine to Exclude Expert Testimony of Christopher DeRosa, Ph.D., Court Doc. 2872 was the subject of the Court's Order 3067.  Plaintiff responded to this Motion in Court Doc.2988, Plaintiff's Memorandum in Opposition to Gulf Stream's Motion in Limine to Exclude Testimony of Christopher DeRosa, Ph.D.  Plaintiff would re-urge and incorporate by reference all the same points in this matter as it originally addressed in Plaintiff's Response, Court Doc. 2872, as if the same arguments were being made by Plaintiff Dubuclet in the context of an action against Fleetwood.

Inflammatory Statements as outlined in Order 3018

Plaintiff has no opposition to the Court entering an order regarding inflammatory statements as set forth in Order 3018, as long as the prohibitions apply equally to both sides.

**PRAYER**

For the reasons stated in this Response, Plaintiff respectfully requests that the Court deny Defendant's Motion *in Limine* as set forth above.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
       GERALD E. MEUNIER, #9471

3

**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:     504/522-2304
Facsimile:      504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:     504/522-2304
Facsimile:      504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
ROBERT BECNEL, #14072
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
DENNIS REICH, Texas #16739600
MIKAL WATTS, Texas # 20981820

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on November 19, 2009.

/s/Gerald E. Meunier
GERALD E. MEUNIER