UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | | |
|---|---|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * * * | | MDL NO. 1873 SECTION: N(5) |
| This Document Relates to: *Dubuclet v. Fleetwood Enterprises, Inc.* Case No. 07-9228 | | * * * * * | | JUDGE: ENGELHARDT MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT FLEETWOOD ENTERPRISES, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION IN LIMINE TO LIMIT EVIDENCE, TESTIMONY, AND ARGUMENTS REGARDING OTHER LAWSUITS OR CLAIMS (Rec. Doc. 6898)**

In response to this motion, Plaintiff seemingly agrees with Fleetwood's motion, but places an improper caveat on that agreement: "Plaintiffs contends that all parties should be precluded from offering evidence of other lawsuits and claims (or the lack thereof) unless such evidence is sought to be used to prove Notice of the unreasonably dangerous condition of the product."[1] The improper caveat is that Plaintiff seeks to exclude evidence that Fleetwood did not have prior claims or lawsuits -- this caveat is addressed in Plaintiff's motion filed at Rec. Doc. 7288, and Fleetwood incorporates its opposition to that motion (Rec. Doc. 7577) herein.[2]

---

[1] Pl.'s Opp'n at 2 (Rec. Doc. 7450).
[2] Plaintiff has filed a motion *in limine* to exclude all reference to other lawsuits or claims against Fleetwood "or the alleged absence of such claims or lawsuits" (Rec. Doc. 7288).

In her opposition, Plaintiff only argues that the other lawsuits and claims (*i.e.*, claims in this MDL litigation) should be admitted into evidence if Fleetwood "opens the door" by introducing evidence that prior to the manufacture of the Dubuclet unit it had very few claims. But, as Fleetwood has explained in its response (Rec. Doc. 7577) to Plaintiff's motion to exclude all reference to other lawsuits or claims (Rec. Doc. 7288), Plaintiff fails to appreciate the important distinction between the lack of travel trailer formaldehyde claims made ***prior*** to the manufacture of the Dubuclet unit and the recent, irrelevant lawsuits filed ***after*** the Dubuclets had already vacated their unit. These two different types of claims do not have equal weight under the law. Plaintiff has attempted to argue that the subsequent claims are relevant to Fleetwood's "knowledge and liability for failure to warn."[3] Yet, even as briefed by Plaintiff, the *Brodtmann* case dealt with previous accidents,[4] not subsequent accidents. Plaintiff has not provided any case law that purports to allow evidence of subsequent accidents to show notice. If Plaintiff intend on offering the claims of MDL litigants, these claims occurred after the manufacture of the Dubuclet unit, and are not admissible. Moreover, Plaintiff did not address the near impossibility of showing that even one of those claims is substantially similar to Plaintiff's claim.

For these reasons, Fleetwood asks that its motion filed at Rec. Doc. 6898 be granted, and that even if Fleetwood properly offers evidence to show that it had no notice or reason to believe that the formaldehyde levels of its travel trailers posed any danger to the Dubuclets, Plaintiff is prohibited from offering evidence of other lawsuits or claims.

---

[3] Pl.'s Opp'n at 5 (Rec. Doc. 7450).
[4] *Id.*; *see also Brodtmann v. Duke*, 708 So. 2d 447, 456-58 (La. Ct. App. 1998).

2

This 19th day of November 2009.

       Respectfully submitted:

       */s/ Richard K. Hines, V*
       Richard K. Hines, V
       GA Bar No. 356300
       NELSON MULLINS RILEY & SCARBOROUGH, LLP
       Atlantic Station
       201 17th Street, NW, Suite 1700
       Atlanta, GA  30363
       (404) 322-6000 (phone)
       (404) 322-6050 (fax)

       Jerry L. Saporito
       LA Bar No. 11717
       LEAKE & ANDERSSON, L.L.P.
       1700 Energy Centre
       1100 Poydras St.
       New Orleans, LA 70163-1701
       (504) 585-7500 (phone)
       (504) 585- 7775 (fax)

       Counsel for Fleetwood Enterprises, Inc.

## **C E R T I F I C A T E OF SERVICE**

I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )  Hand Delivery        ( )  Prepaid U.S. Mail

( )  Facsimile            ( )  Federal Express

(X)  CM/ECF

New Orleans, Louisiana, this 19th day of November, 2009.

                                */s/ Richard K. Hines, V*
                                Richard K. Hines, V
                                Georgia Bar No. 356300
                                E-mail: richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)