UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * | MDL NO. 1873 SECTION: N(5) |
| This Document Relates to: | | * * | |
| This Document Relates to: *Dubuclet v. Fleetwood Enterprises, Inc.* | | * * * | JUDGE: ENGELHARDT |
| Case No. 07-9228 | | * * * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT FLEETWOOD ENTERPRISES, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO EXCLUDE DR. PATRICIA WILLIAMS'S TESTIMONY**

There is no basis under Rule 702 that would permit a jury to hear testimony from a general causation expert who cannot cite a single scientific study that shows causation, and studies that address possible associations are not sufficiently reliable. Plaintiff insists on offering Dr. Patricia Williams as an expert whose epidemiological basis for her opinions is centered on observational studies that do not themselves show causation. The Fifth Circuit has agreed that experts should not be permitted to testify when their opinion is based on studies that only suggest association:

> It is axiomatic that causation testimony is inadmissible if an expert relies upon studies or publications, the authors of which were themselves unwilling to conclude that causation had been proven.[1]

---

[1] *Huss v. Gayden*, 571 F.3d 442, 459 (5th Cir. 2009) (granting new trial because the general causation evidence suggests speculation and not a reasonable degree of medical certainty).

"[C]orrelation is not causation."[2] Therefore Plaintiff is unable to pass the admissibility threshold with proposed expert opinions that rely on studies that show only possible association and not causation. Plaintiff has not shown any reason how a study that expressly states that it does not show causation could support a finding of causation.

Fleetwood has thoroughly examined the three studies that Dr. Williams principally relies on, and none of them provide a scientifically reliable causal link between exposure to formaldehyde and Plaintiff's alleged injuries. As recently as last week, the District Court for the Eastern District of Louisiana has held that a report only "suggesting" a causal relationship could not serve as a basis for the plaintiffs' causation experts to opine on the issue of general causation.[3] The Court held that "[t]e 'suggestion' of a causal relationship in this report does not constitute reliable scientific evidence under *Daubert*, and 'surely' does not constitute 'statistically significant' evidence under *Allen*."[4] This case is consistent with previous Fifth Circuit case law. In *Vargas v. Lee*, the Court found that a study that indicated that although "trauma may cause [fibromyalgia syndrome]," the "present data in the literature are insufficient to indicate whether causal relationships exist between trauma and [fibromyalgia] and that called for further studies is "not sufficiently reliable to be admitted under Rule 702."[5]

The same language found in these studies that show the studies are not scientifically reliable to show causation is found in the three principal studies relied on by Williams:

---

[2] *Id.*
[3] *LeBlanc v. Chevron USA Inc.*, No. 05-5485, 2009 U.S. Dist. LEXIS 106339, at *9 (E.D. La. Nov. 13, 2009).
[4] *Id.* (referring to *Allen v. Pa. Eng'g Group*, 102 F.3d 194 (5th Cir. 1996)).
[5] *Vargas v. Lee*, 371 F.3d 498, 502 (5th Cir. 2003).

2

- **Matsunaga**: The authors state that "we *could not establish a cause and effect relationship for the associations under study. Further evaluations in prospective studies are needed* to draw a conclusion regarding whether [formaldehyde] exposure increases the likelihood of atopic eczema."[6] Moreover, the authors do not reach any conclusion on exacerbation of atopic eczema, noting that while exposure to formaldehyde "*may* exacerbate atopic eczema symptoms in adults," that the alternative is that "the observed association might be attributed to unrecognized environmental factors associated with [formaldehyde]."[7]

- **Takahashi**: The authors conclude that "formaldehyde induces skin irritation in students [*i.e.,* medical students in anatomy lab with average exposure at 2.4 ppm] with atopic background, which *may* in turn worsen atopic dermatitis."[8] The authors said may worsen -- not did worsen. The authors also found that there was no allergic mechanism for most of the symptoms complained of and were so confounded by their findings that they pointed out that the results could have been caused either by direct contact with the formalin in the embalmed bodies or by a reaction to the first patch test.

  > In the present study, the patch test results to 1% formaldehyde solution were negative in all 60 students at the beginning, and two (3.3%) of them became positive at the end of the anatomy course. These data confirm that most of the symptoms complained of by the students were due to primary irritation by formaldehyde, without an allergic mechanism. In contrast, the present results suggest that de novo sensitization to formaldehyde occurs in a minority of students due to airborne *or direct contact* with

---

[6] Ichiro Matsunaga, et al., *Ambient Formaldehyde Levels and Allergic Disorders Among Japanese Pregnant Women: Baseline Data From the Osaka Maternal and Child Health Study*, 18 Ann. Epidemiol. 78, 84 (2008) at 83 (Ex. E to Rec. Doc. 6664).
[7] *Id.* at 82 (emphasis added) (Ex. E to Rec. Doc. 6664).
[8] Sachiko Takahashi, Prospective Study of Clinical Symptoms and Skin Test Reactions in Medical Students Exposed to Formaldehyde Gas, 34 J. Dermatology 283, 288 (2007) (emphasis added) (Ex. F to Rec. Doc. 6664).

>formaldehyde during the anatomy course. Alternatively, we should consider *another possibility* that the sensitization was *induced by 1% formaldehyde solution* used for the first patch test[9] (emphasis added).

- **Eberlein-König***:* The authors noted that the "known irritant properties of formaldehyde *may* be the cause of this worsened epidermal barrier function."[10] The authors did not say it was the cause -- only may be. The study also found that formaldehyde exposure did not affect disease activity in the skin of the atopic subjects being studied because they measured eosinophil cationic protein (ECP) and soluble interleukin-2 receptor (sIL-2R) levels, which are markers that correlate with the disease activity in atopic eczema.[11] The authors found that "ECP levels in the serum were not influenced by the different exposures. Observed changes of sIL-2R serum levels seemed to follow a circadian rhythm and were unrelated to pollutant exposure."[12] Simply put, the formaldehyde did *not* incite the eczema.

None of these studies is scientifically reliable to support Dr. Williams's general causation opinion and should not be admitted under Rule 702. While the studies cited by Dr. Williams may be hypothesis-setting, they are not causation-concluding. Without the proper epidemiological evidence that is critical in a toxic tort case, Dr. Williams's opinions do not pass *Daubert* muster and cannot be presented to the jury. Plaintiff has not identified any study

---

[9] *Id.*(Ex. F to Rec. Doc. 6664).
[10] Bernadette Eberlein-König, et al., *Influence of airborne nitrogen dioxide or formaldehyde on parameters of skin function and cellular activation in patients with atopic eczema and control subjects*, J. Allergy Clin. Immunol. 141, 143 (Jan. 1998) (Ex. G to Rec. Doc. 6664).
[11] *Id.* at 141 (Ex. G to Rec. Doc. 6664).
[12] *Id.* at 142 (Ex. G to Rec. Doc. 6664).

finding that gaseous formaldehyde exposure can cause Plaintiff's injuries here.[13] "Courts must be arbiters of truth, not junk science and guesswork."[14] The studies relied on by Dr. Williams only show, at best, an association, and an association is not -- either medically or legally -- a cause and effect relationship. Therefore, Fleetwood requests that this Court grant its motion to exclude Dr. Williams's testimony.

This 19th day of November, 2009.

Respectfully submitted:

 /s/ Richard K. Hines, V
Richard K. Hines, V
GA Bar No. 356300
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)

Jerry L. Saporito
LA Bar No. 11717
LEAKE & ANDERSSON, L.L.P.
1700 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-1701
(504) 585-7500 (phone)
(504) 585- 7775 (fax)

Counsel for Fleetwood Enterprises, Inc.

---

[13] Indeed, given this lack of information, the best that Plaintiff can do to address general causation is to rely on public health standards. *See* Pl.'s Resp. at 8-9 (Rec. Doc. 7451). Plaintiff provides no information on the basis for the public health standards.

[14] *Huss*, 571 F.3d at 459.

5

## **C E R T I F I C A T E OF SERVICE**

      I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )    Hand Delivery                    ( )    Prepaid U.S. Mail

( )    Facsimile                          ( )    Federal Express

(X)    CM/ECF

      New Orleans, Louisiana, this 19th day of November, 2009.

                                  */s/ Richard K. Hines, V*
                                  Richard K. Hines, V
                                  Georgia Bar No. 356300
                                  E-mail:  richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)