UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
|     FORMALDEHYDE PRODUCTS | * | |
|     LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Dubuclet v. Fleetwood Enterprises, Inc.* | * | |
|  Docket No. 07-9228; | * | |

**PLAINTIFF'S RESPONSE TO
DEFENDANT FLEETWOOD ENTERPRISES, INC'S
MOTION TO EXCLUDE CERTAIN COMMENTS FROM THE JURY**

Plaintiff, Elisha Dubuclet on behalf of Timia Dubuclet, files this Response to Defendant Fleetwood Enterprises, Inc.'s Motion to Exclude Certain Comments to the Jury.

**I.**

**EXHIBITS**

Exhibit A            Email Recent FEMA News and Rita

Exhibit B            Smulski Affidavit in *Dubuclet*

Exhibit C            Smulski Affidavit in *Alexander*

1

## II.

## ARGUMENT

Defendant Fleetwood has requested that the Court exclude certain comments to the jury claiming that they would be irrelevant and prejudicial. Each of the comments will be examined in sequence. At the outset, to the extent that Counsel for the Plaintiff makes such comments, Plaintiff would note that such comments do not constitute evidence and are not subject to the same balancing test contained in Rule 402 of the Federal Rules of Evidence. To the extent that such comments are made by witnesses, Plaintiff would maintain that she should not be prohibited in advance of trial from exploring valid lines of inquiry.

Reference to Impact on Jurors or others as Taxpayers

Defendant Fleetwood "requests that Plaintiff's counsel refrain from referring to the impact of FEMA's decision [sic] not to utilize travel trailer on the jurors as 'taxpayers'". Defendant's Memo, p. 3. Plaintiff would respond first, that the prior reference that Defendant is complaining about was a statement in closing argument and that the Court overruled Defense counsel's objection to it. See Exhibit a, p. 74, lines 9-11 to Defendant's Memo. Second, Plaintiff would show that reference to taxpayers is relevant to this matter. The fact that the Federal Government purchased these trailers cannot be separated from the facts and circumstances in this case, therefore it is obvious that the taxpayers paid for the units. Third, any reference to taxpayers does not violate the "golden rule", and does not ask the jurors to place themselves in the plaintiff's position. Therefore, Defendant's Motion in this regard should be denied.

Reference to Residents of FEMA EHU's as "victims"

Defendant requests that Plaintiff's counsel and their witnesses refrain from referring to Plaintiff and her family as "victims". Defendant's Memo, p. 4. To the extent that such a reference is contained in opening or closing, such a reference is not evidence. Secondly, the Court should not exclude any such references as because the Plaintiffs fit the definition of "victims". According to the Merriam Webster Online Dictionary, merriam-webster.com ( last checked on 12/19/09), a victim is one who is injured under any of various conditions or one that is subjected to oppression, hardship, or mistreatment. The Plaintiff was injured or harmed by living in a condition where she was exposed to formaldehyde on a daily basis. Furthermore, she was subjected to hardship to the extent she was living in a trailer that contained formaldehyde and it caused her to have eye, nose,throat and skin irritation. The Plaintiff and her family in this case indeed fit the definition of a victim and referring her to such does not cause undue prejudice. Therefore, Defendant's Motion in this regard should be denied.

Reference to shortages or substitutions of products in FEMA units

Defendant requests that Plaintiff's counsel and their witnesses refrain from referring to shortages or substitutions of products in FEMA emergency housing units. Defendant's Memo, pp. 4-6. Plaintiff is not sure what specific references the Defendant is referring to or what ruling Defendant is seeking. It almost appears that Defendant is seeking a Motion for Summary Judgment that there were no shortages or substitutions as two of their witnesses did not know of any, and therefore Plaintiff should not be allowed to inquire with regard to the same. This is not the law. If Plaintiff makes such claims or inquiries, it will be Plaintiff's burden to show evidence

3

supporting the same, but it is not proper to cut off a line of inquiry even before the trial begins. Furthermore, there are documents that are indicative of shortages and substitutions such as a Fleetwood email that states "we produce what we say we can produce within the limitations given (raw material issues, etc)". Exhibit A. Furthermore, to the extent a particular Fleetwood witness is not aware of shortages or substitutions, that does not mean that another witness may not be aware of shortages or substitutions. Plaintiff cannot and should not be prohibited from this important line of inquiry. Therefore, Defendant's Motion in this regard should be denied.

<u>Reference to broken formaldehyde test in the Dubuclet unit</u>

Defendant seeks to exclude reference or testimony regarding glass debris Plaintiff's expert William Scott found in the travel trailer that was indicative of another formaldehyde test was done prior to his arrival. Defendants Memo, pp. 6-7. Plaintiffs are willing to limit any such testimony or references regarding another formaldehyde test on the condition that Defendant will stipulate that it has identified the only trailer testing that Defendant is aware of by their experts or representatives were the tests reported by their expert Tony Watson as described in Watson's Report. To the extent that Defendant has had a "consulting expert" test the unit and withheld those test results, Plaintiff would respond that any such testing is highly relevant and should have been turned over in discovery. If Defendant will not stipulate as requested, Plaintiff would maintain that all testimony regarding this unknown testing is relevant and should come in. To the extent that the jury would make inferences about Fleetwood's character by failing to turn over the test results, as referenced on page 8 of Defendant's Memorandum, such inferences would be justified as Fleetwood knowingly be withholding relevant test results.

4

Reference Fleetwood was "plagued" by formaldehyde problems

Fleetwood requests that Plaintiff not be permitted to argue that Fleetwood has been "plagued" by formaldehyde problems. Defendant's Memo, page 8. The genesis of this request appears to be language and testimony from Plaintiff's expert Stephen Smulski, Ph.D. In his Affidavit Dr. Smulski, wrote that the manufactured housing industry has been "plagued" with formaldehyde gas problems. Exhibit B, page 8, paragraph 24. There are several points to note here. First, Smulksi made this statement in his Affidavit with regard to the "manufactured housing" industry as opposed to Fleetwood itself. Second, to the extent that Dr. Smulski describes a "plague" of complaints then the basis for that opinion can be properly explored on cross examination, however it is not proper to limit any references to the same prior to trial. Third, Plaintiff would note that Dr. Smulski's opinions were previously challenged in the *Alexander* case and the depiction of a "plague" was contained in Paragraph 23. See Exhibit C, p. 7[1]. Further, when the opinion in Paragraph 23 was challenged in the *Alexander* case, the Court ruled this portion of the opinion was admissible. See Court's Ruling at Court Doc. 2800, pp. 3-4. Therefore, Defendant's Motion in this regard should be denied.

Wedner practicing medicine without a medical license.

With regard to Dr. Wedner practicing medicine without a license, Plaintiff would respond that such testimony is material and relevant to this matter. Plaintiff would also state that she is aware of the Court's opinions in this regard. In response to Defendant's request in this regard, Plaintiff would hereby incorporate by reference and re-urge the same arguments herein as were

---

[1] The same language and description of a plague of complaints is contained in Paragraph 24 of Dr. Smulski's Affidavit in *Dubuclet*. Exhibit B, p. 8.

5

raised by Plaintiffs Alexander and Dubuclet in the following filings: Plaintiff's Motion to Strike Wedner, Court Doc. 4303; Plaintiff's Reply to Response to Motion to Strike Wedner, Court Doc. 5317; Plaintiff's Motion for Reconsideration Re 5306 Order [Denying Motion to Strike Wedner], Court Doc. 5602; and Plaintiff's Motion to Exclude Wedner, Court Doc. 6652

## PRAYER

For the reasons stated in this Response, Plaintiff respectfully requests that the Court deny Defendant's Motion as set forth above.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:   504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:   504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**

6

        ANTHONY BUZBEE, Texas # 24001820
        ROBERT BECNEL, #14072
        RAUL BENCOMO, #2932
        FRANK D'AMICO, #17519
        MATT MORELAND, #24567
        LINDA NELSON, #9938
        DENNIS REICH, Texas #16739600
        MIKAL WATTS, Texas # 20981820

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on November 19, 2009.

        /s/Gerald E. Meunier
        GERALD E. MEUNIER