UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | JUDGE ENGELHARDT |
| | * | |
| | * | MAGISTRATE CHASEZ |
| | * | |
| *Dubuclet v. Fleetwood Enterprises, Inc.* | * | |
| No. 07-9228 | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' OPPOSITION TO DEFENDANT FLEETWOOD ENTERPRISES, INC.S
MOTION IN LIMINE TO EXCLUDE EVIDENCE, TESTIMONY AND ARGUMENT
<u>REGARDING FAMILY MEMBERS' CLAIMS</u>**

**MAY IT PLEASE THE COURT:**

Plaintiff, Elisha Dubuclet o/b/o Timia Dubuclet (hereinafter "Plaintiff") respectfully submits this Memorandum of points and authorities in support of her Opposition to Defendant Fleetwood Enterprises, Inc.'s ("Fleetwood" or "Defendant") Motion In Limine to Exclude Evidence, Testimony, and Argument regarding Family Members' Claims (Rec. Doc. 7193), and offers the following argument.

Defendant's basis for its Motion in Limine is that evidence, testimony or argument regarding the claims of the family members is irrelevant, risks jury confusion, and is unduly prejudicial.  Plaintiff asserts that this is inaccurate and that such testimony is both relevant and necessary.

1

While Plaintiff agrees that the Court has determined that Timia Dubuclet's case shall be tried separately from her family member's claims to exclude the other trailer occupants' testimony concerning their own experience while living in the same unit as Timia creates an artificial isolation around the plaintiff and goes against treatment of the same issue by this Honorable Court in the Alexander/Cooper trial.

**I.    Law and Argument**

**A. The testimony of the Dubuclet family members' experience in the unit is relevant.**

Fleetwood's first argument is that such evidence is irrelevant. This contravenes the Federal Rules of Evidence. Rule 401 of Evidence provides that relevant evidence is "evidence, having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rue 402 provides that all relevant evidence is admissible except as provided by law. Rule 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence."  These rules support the inclusion of such testimony.

The Plaintiff has the right to present its case in its entirety and the jury has a right to understand Timia Dubuclet's claim in its totality. This case did not happen in a vacuum. The jury needs to know the circumstances surrounding the Plaintiff and her everyday life in the trailer. This necessarily involves testimony from her family members, who shared the same trailer, to explain the trailer environment and to briefly tell the jury how the trailer affected their daily lives. Surely, the jury would find it suspect if this evidence was not presented. Common sense would dictate that Timia's claim cannot be evaluated in isolation, but must be examined in

the total context of the Dubuclet family's experience. This can easily be accomplished through testimony without the going into any real depth as to each family member's individual claim, as Defendants fear. It is important to note that the Defendant is Fleetwood and the issue is the trailer which the Plaintiff and her family shared.

In support of its position Defendant relies on *Olson v Ford Motor Co.,* 410 F. Supp. 2d 855 (D.N.D 2006) (citing *Hicks v. Six Flags Over Mid-America*, 821 F.2d 1311 (8th Cir. 1987) which discusses the "substantial similarity test" for its contention that the disparity of the alleged illnesses from formaldehyde makes the "substantial similarity test" a difficult burden to bear. We disagree. Clearly, testimony by the other trailer occupants would qualify as admissible evidence under the substantial similarity requirement of Olson because their shared experience is "substantially similar to the case at bar", and is "sufficiently similar in time, place or circumstance." *Olson v Ford Motor Co.,* 410 F. Supp. 2d 855 (D.N.D 2006) (citing *Hicks v. Six Flags Over Mid-America*, 821 F.2d 1311 (8th Cir. 1987) Their collective experience while sharing this trailer is the very definition of the requirement in Olson, as what could be more similar? They spent every day of their sixteen month ordeal in the same trailer, in the same location and under the same climatic conditions. The fact that all of the unit occupants experienced the same or similar symptoms from the smell inside the trailer makes their testimony highly relevant to show that whatever chemical was present in the trailer caused their symptoms. All of the Dubuclet family knew there was a chemical of some kind physically affecting them, but did not know it was formaldehyde until long after their initial exposure.

Surely, this is not the sort of tangential litigation that the court referred to in *Compaq Computer Corp. v. Ergonome Inc.*, 387 F. 3d 403 (5th Cir. 2004), and is cited by the Defendant. Compaq involved copyright infringement by a computer manufacturer who included certain

language from a teaching text in its instruction manual. The allegedly plagiarized materials included directions describing the preferred, ergonomically correct hand position to be used with the computer. In *Compaq*, the court disallowed evidence related to past repetitive stress injury lawsuits against the computer manufacture as being tangential litigation. In the instant case, Plaintiff is simply asking the court to allow testimony and evidence as to her family member's medical symptoms (and similar experiences) while residing in the trailer at issue.

Furthermore, evidence of the family member's medical issues is also relevant to plaintiff's allegations as to the defective condition of the Plaintiff's unit in particular. Under her LPLA claims, the Plaintiff must show that the unit in which she and her family resided, was indeed defective. Testimony and evidence by other witnesses as to the presence of formaldehyde and the medical issues which they encountered as a result of their own exposure to the unit is relevant as to whether the defective condition existed.

Fleetwood's argument that such evidence is irrelevant is without merit. Evidence of the medical issues and claims of these fact witnesses is an element of Plaintiff's claims and evidence thereof would clearly make those issues of consequence more or less probable.

      **B.  Introduction of this evidence will not confuse the jury or unduly prejudice the Defendants.**

Fleetwood's second argument is that admission of such testimony would cause an undue risk of jury confusion and prejudice and should therefore be disallowed under Rule 403. Again, this evidence would not mislead or confuse the jury, but would explain and affirm Timia Dubuclet's recollection of their shared daily experiences while residing in the trailer. This family of four shared approximately 240 square feet of living space for over a year and their lives and experiences are fundamentally shared – Timia's story is that of her family.

Further, Defendant's' underestimate the jury's ability to differentiate Timia's claim from

any other claims being asserted by her family against Fleetwood which are not at issue in the present trial and can be so instructed by the Court, if necessary. Defendants express concern that the jury will infer that the unit is defective simply because multiple claims are being pursued. This gives no credit to a jury of peers who are to be presented with the facts of this case, and the Defense is more than capable of pointing out to the jury that this case relates solely to Timia Dubuclet's claim, and not those of her family.

### C. Similar Evidence was Introduced in the Alexander Trial without Prejudice to the Defendants

In the Alexander trial (*Charlie Age, et al v. Gulf Stream Coach, Inc. et al*, Docket No. 09-2892 *Alana Alexander, individually and on behalf of Christopher Cooper*), Plaintiffs called as fact witnesses, the other trailer occupants, namely the family of plaintiff Christopher Cooper. In fact, the first witness called was plaintiff's sister, Erika Alexander. Erika testified about the smell in the trailer and the physical manifestations of her exposure to the formaldehyde in the trailer (See Alexander Trial Transcript, relevant pages are attached hereto as Exhibit "A", pages 179 – 181; 183; 185-186; 189-190; 198 and 207). Erika testified that the trailer had a "funky" smell and that when in the trailer, her eyes and nose would burn. Erika also experienced nosebleeds while in the trailer. No objection was raised by defense counsel as to the relevance of her testimony, nor did the Court restrict her testimony in any way. Similarly, when Christopher Cooper's mother testified, Ms. Alexander described her experience in the trailer, her initial reaction to the smell in the trailer and her symptoms of upper respiratory distress upon entering the trailer (see Exhibit "A", page 255, line 25 through page 256, lines 1-7; page 256, lines 20-21; page 258, lines 21-24). Ms. Alexander further testified as to Erika's physical reaction to the trailer, noting that Erika experienced nosebleeds, runny eyes and a burning and itchy nose (see Exhibit "A", page 260, lines 21-25).   The court allowed this testimony.  In fact, at no time was

5

an objection raised to any of this testimony and the jury did not indicate any confusion on this issue (no questions were asked about this testimony while deliberating).

On cross examination, defense counsel did not feel it necessary to "explore, in depth, the specifics of each family member's claim, including specifics of exposure to this unit, including length of time in unit; their medical conditions; other causes of the alleged symptoms; other potential exposures; medical treatment received; or expert testimony available to support such a claim." (See pages 3-4 of Defendants' Motion). There were no mini-trials to which Defendants allude and this testimony did not cause significant delays in the trial.

**II.     Conclusion**

In conclusion, the testimony, evidence and argument concerning Plaintiff's family members' experiences while living in the trailer is probative, relevant and will be instructional to the jury in their overall understanding of the case. Such evidence illustrates and supports the Plaintiffs claims and ok outweighs any slight prejudice that it may present. Further, there is no evidence that admission of this testimony will confuse the jury. As was shown in the Alexander trial, this is simply not the case. Accordingly, Fleetwood's Motion to Exclude must be denied.

WHEREFORE, the Plaintiff Elisha Dubuclet o/b/o Timia Dubuclet respectfully requests that this Honorable Court deny the Defendant's Motion in Limine to Exclude Evidence, Testimony and Argument Regarding Family Members' Claims for the reasons set forth in this Memorandum.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY: s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:    504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:    504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
ROBERT BECNEL, #14072
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
DENNIS REICH, Texas #16739600
MIKAL WATTS, Texas # 20981820

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on November, 19, 2009.

                                              /s/Justin I. Woods___
                                              JUSTIN I. WOODS