UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
|       FORMALDEHYDE PRODUCTS | * | |
|       LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Dubuclet v. Fleetwood Enterprises, Inc.* | * | |
|  Docket No. 07-9228; | * | |

**PLAINTIFF'S RESPONSE TO
DEFENDANT FLEETWOOD ENTERPRISES, INC'S
<u>MOTION TO EXCLUDE REFERENCES TO POST-KATRINA "PROTOTYPE'</u>**

Plaintiff, Elisha Dubuclet on behalf of Timia Dubuclet, files this Response to Defendant Fleetwood Enterprises, Inc.'s Motion to Exclude References to Post-Katrina "Prototype"

<u>**ARGUMENT**</u>

Defendant Fleetwood has requested that the Court exclude exclude evidence, testimony, and argument regarding the "prototype" manufactured housing that Fleetwood manufactured post-Katrina with a lower formaldehyde level and that former Fleetwood employee Steve Smith testified about and that was made in Texas[1]. See Defendant's Memo. Defendant argues that this evidence is irrelevant and could possibly confuse the jury.

Plaintiff would respond that this testimony is relevant to the issues at hand and would not confuse the jury. The prototype that Steven Smith described was of a manufactured housing unit

---

[1] William Farish also testified about the prototype in a limited fashion. See Defendant's Memo, Exhibit b, page 5 of 6 and 6 of 6.

1

that had a lower formaldehyde level.  See Exhibit a, pp. 72-75 to Defendant's Memo.   Plaintiff would attempt to introduce the evidence to show that in the same manner Fleetwood had the expertise to develop a manufactured housing unit with a lower formaldehyde level, that Fleetwood had the expertise to develop a travel trailer with a lower formaldehyde level.  This is especially true to the extent that many of the same wood products that were used in manufactured housing were used in travel trailers.  Therefore, since Plaintiff would be making the clear distinction that Steve Smith was testifying about a prototype manufactured housing unit and not a travel trailer, then the testimony should not be excluded and should come in for the limited purpose for which Plaintiff seeks to use it.  The testimony is also relevant to the extent that the witness testified that Fleetwood had a device to determine the formaldehyde levels in units just as they came off the line and they used it on the prototype to determine the formaldehyde level.  This evidence is relevant and not unduly prejudicial.  Therefore, Defendants Motion in this regard should be denied.

## **PRAYER**

For the reasons stated in this Response, Plaintiff respectfully requests that the Court deny Defendant's Motion as set forth above.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
         GERALD E. MEUNIER, #9471
         **PLAINTIFFS' CO-LIAISON COUNSEL**
         Gainsburgh, Benjamin, David, Meunier &
         Warshauer, L.L.C.
         2800 Energy Centre, 1100 Poydras Street

2

New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:    504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:    504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
ROBERT BECNEL, #14072
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
DENNIS REICH, Texas #16739600
MIKAL WATTS, Texas # 20981820

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on November 19, 2009.

/s/Gerald E. Meunier
GERALD E. MEUNIER

3