## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

**NORTHFIELD INSURANCE COMPANY,**

**Plaintiff,**

-vs-                                            **Case No.  6:09-cv-1560-Orl-28GJK**

**NORTH AMERICAN CATASTROPHE
SERVICES, INC.,**

**Defendant.**

## ORDER

Plaintiff, Northfield Insurance Company ("Northfield"), filed the instant action in this Court on September 11, 2009, seeking declaratory relief with regard to its potential obligations to defend and indemnify its insured, North American Catastrophe Services, Inc. ("NACS") in certain lawsuits ("the underlying lawsuits") currently pending against NACS in the United States District Court, Eastern District of Louisiana.  The case is currently before the Court on the Motion to Dismiss, Stay, or Transfer (Doc. 5) filed by NACS, in response to which Northfield has filed a memorandum in opposition (Doc. 8).  Having considered the parties' submissions, the Court concludes that NACS's motion is well-taken and that this case shall be transferred to the Eastern District of Louisiana.

On June 10, 2009, three months before Northfield filed this suit, NACS filed suit against Northfield in the Eastern District of Louisiana—the same forum in which the underlying lawsuits against NACS are pending—seeking a declaration of Northfield's duties



EXHIBIT

**A**

to defend and indemnify NACS in the underlying lawsuits. (Ex. C to Doc. 5). Thus, with the filing of the instant action, there are now two suits pending involving these parties and seeking the same clarification of Northfield's obligations.

"Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005). "[T]he party objecting to jurisdiction in the first-filed forum [must] carry the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." Id. (quoting Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 675 F.2d 1169, 1174 (11th Cir. 1982)).

Northfield acknowledges the "first-filed" rule but argues that departure from that rule is warranted here.  However, Northfield has not met its burden of establishing that "compelling circumstances" exist in this case to support deviation from the first-filed rule. Therefore, this case shall be transferred to the Eastern District of Louisiana for consideration with the first-filed case.

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1.  Defendant North American Catastrophe Services, Inc.'s Motion to Dismiss, Stay, or Transfer (Doc. 5) is **GRANTED** to the extent it seeks transfer and **DENIED as moot** in all other respects.

2.  The Motion to Present Oral Argument (Doc. 9) is **DENIED**.

3.  The Clerk is directed to transfer this case to the United States District Court, Eastern District of Louisiana, for consideration with Civil Action No. 09-3818 (*North American*

*Catastrophe Services, Inc. v. Northfield Insurance Co.*) and MDL No. 1873 (*In re: FEMA Trailer Formaldehyde Products Liability Litigation*).  Thereafter, the Clerk shall close this file.

**DONE** and **ORDERED** in Orlando, Florida this 5th day of November, 2009.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record