UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                             MDL NO. 07-1873
       FORMALDEHYDE PRODUCTS
       LIABILITY LITIGATION
                                                                  SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 07-9228

## ORDER AND REASONS

Before the Court is Defendant Fleetwood Enterprises, Inc's Motion in Limine Requesting that the Court Enter its Prior Rulings Made in the Alexander Bellwether Trial as to Certain Similar Evidentiary Issues Relevant to the Matter (Rec. Doc. 7215). Plaintiff partly opposes this motion. After considering the memoranda of the parties and the applicable law, the Court rules as set forth herein. This Court will address each previous Order separately.

**1.    References to political proceedings as set out in Order 3029.**

Despite Plaintiff's objection, this Court issues the Order at Rec. Doc. 3029 in relation to this bellwether trial.

**2.    Events leading up to Hurricane Katrina as set out in Order 3018.**

Plaintiff has no opposition to the Court entering the Order at Rec. Doc. 3018 with regard to the events leading up to Hurricane Katrina, as long as Fleetwood Enterprises, Inc. ("Fleetwood") is limited from making references and/or seeking testimony or evidence related to

its "heroic or altruistic response to hurricanes Katrina or Rita." This Court agrees that such a limitation is warranted. Thus, this Court issues the Order at Rec. Doc. 3018 in relation to this bellwether trial with the additional limitation that Fleetwood is limited from making references and/or seeking testimony or evidence related to its "heroic or altruistic response to hurricanes Katrina or Rita."

**3.     Fleetwood financial status/finances from FEMA sales as set out in Orders 3018 and 3019.**

Plaintiff has no opposition to the Court entering an order with regard to Fleetwood's income related to its production of EHU's similar to the Order the Court entered in Alexander as long as the Court likewise prohibits Fleetwood from making references to its bankruptcy filing or related financial matters. Fleetwood has previously consented to an Order prohibiting any reference by the parties or their witnesses to the fact that Fleetwood is in bankruptcy (See Rec. Doc. 7514) and is requesting in the instant motion the preclusion of all references to its financial status (including profits received from its manufacture of emergency housing unit). Thus, the Court issues the Orders at Rec. Doc. 3018 and 3019, to the extent that they relate to Fleetwood's financial status, in relation to this bellwether trial.

**4.     Ambient air standards as set out in Order 3069.**

Despite Plaintiff's objection, this Court issues the Order at Rec. Doc. 3069 in relation to this bellwether trial.

**5.     Chris DeRosa will not testify as an expert or render expert opinions as set out in Order 3067.**

Despite Plaintiff's objection, this Court issues the Order at Rec. Doc. 3067 in relation to this bellwether trial.

**6.     Inflammatory statements as outlined in Order 3018.**

Plaintiff has no opposition to the Court entering an order regarding inflammatory statements as set forth in the Order at Rec. Doc. 3018, as long as the prohibitions apply equally to both sides.  This Court agrees that such a limitation is warranted.  Thus, this Court issues the Order at Rec. Doc. 3018, to the extent that it relates to inflammatory statements, in relation to this bellwether trial, with the limitation that such a prohibition shall apply equally to both parties.

Considering the foregoing, **IT IS ORDERED** that **Defendant Fleetwood Enterprises, Inc's Motion in Limine Requesting that the Court Enter its Prior Rulings Made in the Alexander Bellwether Trial as to Certain Similar Evidentiary Issues Relevant to the Matter (Rec. Doc. 7215)** is **GRANTED** to the extent expressed herein.

New Orleans, Louisiana, this 20th day of November, 2009.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**