**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                                    MDL NO. 07-1873
FORMALDEHYDE PRODUCTS
LIABILITY LITIGATION                                   SECTION "N" (5)
                                                       JUDGE ENGELHARDT
                                                       MAG. JUDGE CHASEZ

THIS DOCUMENT RELATES TO:
ALL CASES ("Mississippi Plaintiffs")

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**DEFENDANT UNITED STATES OF AMERICA'S STATEMENT OF FACTS**
**IN SUPPORT OF ITS MOTION TO DISMISS THE REMAINING FTCA CLAIMS OF**
**ALL "MISSISSIPPI PLAINTIFFS" FOR LACK OF SUBJECT MATTER**
**JURISDICTION BASED UPON NO ANALOGOUS PRIVATE LIABILITY**

Pursuant to Local Rule 56.1, the United States hereby submits its statement of material

facts as to which the United States contends there is no genuine issue to be tried, in support of its

motion to dismiss the Mississippi Plaintiffs' claims brought pursuant to the Federal Tort Claims

Act, 28 U.S.C. § 1346(b)(1), 2671-80 ("FTCA"), or in the alternative, for summary judgment.

1.  On August 27, 2005, the Governor of Mississippi requested that the President declare

a state of emergency in Mississippi as a result of Hurricane Katrina, noting that he had issued a

State of Emergency for the entire state and had determined that the damage caused by Hurricane

Katrina was "of such severity and magnitude that effective response [was] beyond the

capabilities of the State and affected local governments, and that supplementary Federal

assistance [was] necessary" for the health and safety of residents of Mississippi.  U.S. Ex. 9

(Letter from Haley Barbour to President Bush, dated August 27, 2005).[1]

---

[1] All references herein refer to Exhibits submitted with the United States' Memorandum in Support of its Motion to Dismiss the Remaining FTCA Claims of All "Mississippi Plaintiffs" For Lack of Subject Matter Jurisdiction Based Upon No Analogous Private Liability.

2.  On August 29, 2005, the President, through FEMA, declared Hurricane Katrina a major disaster in Mississippi, authorizing FEMA to provide federal assistance to the state and its individuals under the Stafford Act, 42 U.S.C. § 5121, *et seq.*, and its implementing regulations. U.S. Ex. 10 (Federal Register Notice dated August 29, 2005).

3.  In the winter of 2007, the Governor of Mississippi requested that FEMA extend its temporary housing assistance program for an additional year, to the winter of 2008.  U.S. Ex. 11 (Mississippi Governor's Office of Recovery and Renewal, Press Release, dated January 19, 2007).

4.  As of the spring of 2008, over 2,000 households remained in FEMA-provided temporary emergency housing units ("EHUs") in Mississippi.  U.S. Ex. 7 (FEMA Press Release No. FNF-09-009).

5.  FEMA's temporary emergency housing program did not end in Mississippi until the spring of 2009.  U.S. Ex. 13 (FEMA Press Release No. 1604-724).

6.  FEMA requires that, in order to qualify for temporary emergency housing, an individual or family must be unable to live in their primary residence because of disaster-related damage, and must agree to "accept other housing options, when they become available."  U.S. Ex. 6 (Emergency Shelter – Agreement to Rules of Occupancy); U.S. Ex. 5 (FEMA Temporary Housing Occupant Dwelling Lease).

7.  The occupancy agreements entered into between FEMA and the Mississippi Plaintiffs refer to the EHUs that FEMA provided to the Mississippi Plaintiffs as "premises" and "temporary shelter" required by an emergency.  U.S. Ex. 5; U.S. Ex. 6.

8.  EHUs are among the types of premises that Mississippi uses to house disaster victims. Miss. Code § 33-15-219; § 89-8-7.

9.  It was the Mississippi Plaintiffs' "use" of the EHUs that were "provided" to them by FEMA that gave rise to their alleged injuries.  Third AMC ¶¶ 124, 135; U.S. Ex. 6.

10.  FEMA did not charge the Mississippi Plaintiffs any rent or consideration for their use of the EHUs.  U.S. Ex. 5; U.S. Ex. 7; U.S. Ex. 8 (Dec. Garratt ¶ 3); 42 U.S.C. § 5174.

11.  FEMA's provision of the EHUs to the Mississippi Plaintiffs was voluntary.  42 U.S.C. § 5174; Order and Reasons at 48-49 (Doc. Rec. 1014); Third AMC ¶ 142.


Dated:  November 20, 2009                        Respectfully Submitted,

TONY WEST                                        HENRY MILLER
Assistant Attorney General, Civil Division       ADAM BAIN
                                                 Senior Trial Counsel

J. PATRICK GLYNN                                 ADAM DINNELL
Director, Torts Branch, Civil Division           MICHELE GREIF
                                                 JONATHAN WALDRON
DAVID S. FISHBACK                                Trial Attorneys
Assistant Director
                                                 //S// *Michelle Boyle*
                                                 MICHELLE BOYLE (Va. Bar No. 73710)
OF COUNSEL:                                      Trial Attorney
JORDAN FRIED                                     United States Department of Justice
Associate Chief Counsel                          Civil Division – Torts Branch
                                                 P.O. Box 340, Ben Franklin Station
JANICE WILLIAMS-JONES                            Washington, D.C. 20004
Senior Trial Attorney                            Telephone No:  (202) 616-4447
FEMA/DHS                                         E-mail: Michelle.Boyle@USDOJ.Gov
Department of Homeland Security
Washington, D.C. 20472                           Attorneys for the United States of America


**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2009, the foregoing document was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison Counsel.

*//S// Michelle Boyle* (Va. Bar No. 73710)