UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY | * | |
| LITIGATION | * | |
| | * | |
| This Document Relates to: | * | JUDGE: ENGELHARDT |
| *Dubuclet v. Fleetwood Enterprises, Inc.* | * | |
| Case No. 07-9228 | * | MAG: CHASEZ |

*************************************************************************

## MEMORANDUM IN SUPPORT OF
## MOTION TO STRIKE LAY WITNESS

**MAY IT PLEASE THE COURT:**

Fleetwood Enterprises, Inc. ("Fleetwood") submits the following Memorandum in Support of its Motion to Strike Lay Witness in this case.

**I.**

On April 29, 2009, this Honorable Court set forth Pre-Trial Order Number 36. (Rec. Doc. 1386). In that Order, the Court specified that:

> "All depositions of fact and expert witnesses taken for use or reference in a bellwether trial shall be complete by the discovery deadline for the specific trial setting applicable to that case."

**II.**

On August 17, 2009, this Honorable Court set forth a Trial II Scheduling Order. (Rec. Doc. 2717). In that Order, the Court specified that:

> "Counsel for the parties shall file in the record and serve upon their opponents a list of all witnesses who may or will be called to testify at trial, and all exhibits that may or will be used at trial no later than **October 7, 2009** (**69** days prior to Final Pre-trial Conference Date).

\*\*\*

> Depositions for use at trial shall be taken and all discovery shall be completed no later than **October 30, 2009** (**38** days prior to the Trial Date)."

(emphasis in original).

### III.

Also incorporated in the Trial II Scheduling Order (Rec. Doc. 2717) was this Honorable Court's specification that:

> "Deadlines, cut-off dates, or other limits fixed herein may only be extended by the Court upon timely motion filed in compliance with the Plan and Local Rules and upon a showing of ***good cause or compelling reason*** …."

(emphasis added)

### IV.

On October 2, 2009, Fleetwood and Plaintiff filed a Consent Motion to Extend Deadline for Submission of Exhibit and Witness Lists. (Rec. Doc. 4483). The Parties requested that the October 7, 2009 deadline for filing witness and exhibit lists, as ordered in the Trial II Scheduling Order (Rec. Doc. 2717), be amended to allow the parties until October 30, 2009 to file their respective witness and exhibit lists. (Rec. Doc. 4483).

### V.

On October 5, 2009, this Honorable Court granted the parties' motion to amend the Trial II Scheduling Order. (Rec. Doc. 4608). The Court ordered that "Counsel for the parties shall file in the record and serve upon their opponents a list of all witnesses who may or will be called to testify at trial, and all exhibits that may or will be used at trial no later than October 30, 2009." (Rec. Doc. 4608).

2

**VI.**

On October 20, 2009, Fleetwood, Fluor Enterprises, Inc. and Plaintiff filed an Unopposed Joint Motion to Extend Deadlines. (Rec. Doc. 5575). The Parties requested that the amended October 30, 2009 deadline for filing witness and exhibit lists, as ordered (Rec. Doc. 4608), again be amended to allow the parties until November 6, 2009 to file their respective witness and exhibit lists. (Rec. Doc. 5575).

Further, the parties requested that the October 30, 2009 discovery deadline be extended until November 6, 2009. (Rec. Doc. 5575).

**VII.**

On October 21, 2009, this Honorable Court granted the parties motion to amend the Trial II Scheduling Order. (Rec. Doc. 5669). The Court ordered that the October 30, 2009 discovery deadline be extended to November 6, 2009 and that the October 30, 2009 deadline for submitting witness and exhibit lists be extended to November 6, 2009. (Rec. Doc. 5669).

**VIII.**

On October 30, 2009, Fleetwood and Plaintiff filed a Consent Motion for the Limited Extension of Certain Deadlines. (Rec. Doc. 6083). The Parties requested that to the extent that a limited number of depositions were to be completed after the November 6, 2009 discovery deadline, such depositions shall be completed no later than November 13, 2009. (Rec. Doc. 6083).

**IX.**

On November 2, 2009, this Honorable Court granted the Parties' Consent Motion for the Limited Extension of Certain Deadlines. (Rec. Doc. 6198).

**X.**

On November 4, 2009, Fleetwood and Plaintiff filed a final Unopposed Motion to Extend Deadlines. (Rec. Doc. 6394). The Parties requested that the amended November 6, 2009 deadline for submission of witness and exhibit lists be extended to November 13, 2009 (the amended deadline for completion of discovery). (Rec. Doc. 6083).

**XI.**

On November 5, 2009, this Honorable Court granted the parties' Consent Motion for the Limited Extension of Certain Deadlines. (Rec. Doc. 6426).

**XII.**

Pursuant to the Trial II Scheduling Order (Rec. Doc. 2717), and the amended November 13, 2009 deadline (Rec. Doc. 6426), Plaintiff timely submitted a Witness List identifying fifty-four (54) potential witnesses whom Plaintiff anticipated may or will be called to testify at trial, along with two "catch-all" witness designations. (Rec. Doc. 7168-6). Plaintiff identifies in her witness list a "Representative of the Formaldehyde Council". (Rec Doc. 7168-6, p. 6).

**XIII.**

A representative of the Formaldehyde Council was not deposed within the November 13, 2009 discovery deadline established in this matter. Nor has Plaintiff filed any motions in an attempt to comply with this Court's Trial II Scheduling Order, as amended, to establish good cause or compelling reasons why this witness should be allowed to be deposed beyond the established discovery deadline. (Rec. Doc. 6426).

**XIV.**

Based on this Honorable Court's above referenced Pre-Trial Order Number 36 and Trial II Scheduling Order, the party seeking to obtain evidence out of time carries the burden of

obtaining an order via a timely motion filed in compliance with the Plan and Local Rules and upon a showing of *good cause or compelling reason*. (Rec. Doc. 2717).

The "good cause" standard focuses on the diligence of the party seeking the modification to the scheduling order. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992); *Marcum v. Zimmer,* 163 F.R.D. 250, 254 (S.D.W. Va. 1995). The absence of prejudice to the nonmovant and mere inadvertence on the part of the movant are insufficient to demonstrate "good cause." *Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir. 1990). Instead, the movant may demonstrate "good cause" only by showing that, despite his diligence, he could not have reasonably met the scheduling deadline. *Callais v. Susan Vizier, Inc.,* 2000 WL 278097 (E.D. La. 2000). Plaintiff obviously has failed to establish good cause because she has failed to submit a motion.

## XV.

Plaintiff has noticed the Federal Rule of Civil Procedure Rule 30(b)(6) deposition of The Formaldehyde Council, Inc. ("FCI") to occur on November 25, 2009. Ostensibly, this deposition has been scheduled to occur as part of "general discovery" in the MDL proceedings, rather than in the *Dubuclet* case set for trial on December 7, 2009. See Subpoena, attached hereto as Exhibit "A".

## XVI.

The status of the deposition of FCI is currently in dispute. See Correspondence, attached hereto as Exhibit "B".

## XVII.

Assuming that Plaintiff obtains deposition testimony from FCI prior to the December 7, 2009 trial in this matter, Fleetwood respectfully submits that such testimony must be struck from

the *Dubuclet* trial pursuant to Pre-Trial Order Number 36 and Trial II Scheduling Order. Importantly, Plaintiff has not presented this Court with any showing of "good cause" or "compelling reason" why such testimony could not have been obtained within the established deadlines.

More importantly, Fleetwood will be prejudiced if such testimony is allowed. Depending upon the testimony of FCI, Fleetwood may require discovery from additional fact and expert witnesses. Furthermore, the opinions of current expert witnesses may have to account for such testimony. In other words, discovery, both fact and expert, in equity, may have to be reopened, and the December 7, 2009 trial date would certainly no longer be viable.

## XVIII.

To allow Plaintiff to utilize "general MDL discovery" deposition testimony from a witness obtained beyond the established discovery deadline in the *Dubuclet* matter, without a showing of "good cause" or a "compelling reason", would render all bellwether trial Scheduling Order deadlines meaningless. The parties could simply continue discovery up to the eve of trial as part of "general" MDL discovery.

## XIX.

Fleetwood suggests that absent a showing of good cause or compelling reason by Plaintiff as to why such testimony could not be obtained within the scheduled deadlines, such testimony is precluded. Fleetwood respectfully reserves its right to respond to any pleading purporting to establish specific good cause or compelling reason for the use at the *Dubuclet* trial of subsequently obtained Formaldehyde Council, Inc. testimony.

As a result, The Formaldehyde Council, Inc. should be struck from the Plaintiff's witness list and be precluded from testifying *via* deposition, to the extent that such testimony is obtained prior to the December 7, 2009 trial in this matter.

**WHEREFORE,** considering the foregoing, Fleetwood Enterprises, Inc. respectfully requests that this Honorable Court issue an Order striking the aforementioned lay witness because of Plaintiff has not established good cause or compelling reason for allowing discovery to obtain such testimony beyond discovery deadline established in this matter.

Respectfully Submitted:

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**

s/*Richard K. Hines, V*

_____

**Richard K. Hines, V**
**GA Bar No. 356300**
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)
richard.hines@nelsonmullins.com

**LEAKE & ANDERSSON, LLP**
**Jerry L. Saporito #11717**
1700 Energy Center
1100 Poydras Street
New Orleans, LA 70163-1701
(504) 585-7500 (phone)
(504) 585-7775 (FAX)
jsaporito@leakeandersson.com
**Counsel for Defendant, Fleetwood Enterprises, Inc.**

## **C E R T I F I C A T E**

    I hereby certify that on the 21st day of November, 2009, a copy of the foregoing Memorandum in Support of Motion for to Strike Lay Witness was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

                                                 s/*Richard K. Hines, V*
                                     _____
                                            Richard K. Hines, V
                                            Georgia Bar No. 356300