Exhibit A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE | * | MDL NO. 07-1873 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE: ENGELHARDT |
| THIS DOCUMENT IS RELATED TO ALL CASES | * | |
| | * | MAG: CHASEZ |

**************************************************************************

**NOTICE OF VIDEOTAPED FEDERAL RULE 30(b)(6)**
**DEPOSITION OF THE FORMALDEHYDE COUNCIL, INC.**

**To:**   Betsy Natz                     **To:**   CT Corporation System
          Executive Director                      Registered Agent for:
          Formaldehyde Council, Inc.              Formaldehyde Council, Inc.
          801 N. Quincy Street, Suite 700         4701 Cox Road, Suite 301
          Arlington, VA 22203                     Glen Allen, Virginia 23060


**PLEASE TAKE NOTICE** that Plaintiff, Elisha Dubuclet on behalf of Timia Dubuclet,

pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, will take the video-taped

deposition of one or more officers, directors, managing agents, or other persons designated

by the **FORMALDEHYDE COUNCIL, INC.,** as most knowledgeable concerning the issues

listed on Exhibit A.  The deposition will take place on Wednesday, November 25, 2009

beginning at 10:00 AM at LAD-Merrill Reporting, 1325 G Street, North West, 2nd Floor,

Washington D.C. 20005, (800) 292-4789, or as otherwise agreed upon.  The deposition will

continue from day to day thereafter, weekends and holidays excluded, until complete.  The

deposition will be taken before a Notary Public or other officer authorized to administer

oaths under the law.  You are invited to attend and examine the witnesses if you so desire.

1

You are requested to designate and identify each officer, director, managing agent, or other persons who will testify on behalf of the Formaldehyde Council, and to set forth, for each person designated, the matters on which the person will testify.  Deponent is further requested to bring to the deposition all documents, communications, and/or videos reviewed or consulted in preparation for the deposition.

Plaintiff reserves the right to record the deposition stenographically, as well as by videotape, audiotape, and live note.  The deposition is being taken for the purposes of discovery, for use at trial, or for all other purposes as are permitted under the Federal Rules of Civil Procedure.

## INSTRUCTIONS AND DEFINITIONS

1.  Documents responsive to this document request, attached as Exhibit B, shall be produced at the offices of Lambert & Nelson, PLC, 701 Magazine Street, New Orleans, LA, 70130, no later than seven (7) days after receipt of the subpoena.

2.  "You" and its various forms, such as "your" and "yourself", shall mean the Formaldehyde Council Inc. and all present and former agents, employees, representatives, attorneys, custodian of records, and all other persons acting on behalf of such person, including, but not limited to, deponent, its divisions, parents, subsidiaries, related companies or corporations, predecessors, successors, and all present and former officers, directors, agents, employees, representatives, and attorneys, and all other persons acting or purporting to act on behalf of deponent.

3.  "Documents" shall mean or refer to all written or graphic matter of every kind of description, however, produced or reproduced, whether draft or final, original or reproduction, and all tangible things within the scope of Federal Rule of Civil Procedure 30(b)(6), specifically including, but not limited to: writings, graphs, charts, photographs, satellite and/or radar imagery, telephone records, data compilations (from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), letters, correspondence, e-mail communications, memoranda, minutes, notes, contracts, agreements, books, diaries, time sheets, laboratory books, logs, bulletins, circular, notices, rules, regulations, prospects, directions, teletype messages, inter-office communications, intra-office communications, reports, company worksheets, credit

2

files, evidence of indebtedness, negotiable instruments, telegrams, mailgrams, books, news releases, newspapers, magazines, advertisements, periodicals, pamphlets, sketches, drawings, statements, reports, articles of incorporation, by-laws, directives, minutes of meetings, balance sheets, income and loss statements, profit and loss statements, inventories, operating budgets, accounting worksheets, financial accounts, bills, vouchers, bank checks, proposals, offers, orders, acknowledgments, receipts, invoices, checks, working papers, telephone messages (whether written or recorded), notebooks, post cards, evaluations, recommendations, annual reports, confirmations, leases, analyses, feasibility or market studies, disbursement requests or orders, charts, graphs, indices, projections, forms, data sheets, data processing discs, or readable computer-produced interpretations thereof, booklets, articles, manuals, speeches, stenographic notes, maps, studies, tests, surveys, cables, tape and disc recordings (both audio and video), blueprints, containers, cartons, package labels, slides, audit reports, tender offers or invitations, personal interviews, and summaries, abstracts, compilations or paraphrases of any of the foregoing, or material similar to any of the foregoing, however denominated, which are in the possession, custody or control of the party upon whom this subpoena and/or request for production of documents is served or to which said party can obtain access.  The subpoena and/or request for production of documents calls for originals, unless otherwise specified, and for all copies when originals are not available.  If a document has been prepared in several copies, or additional copies have been made and the copies are not identified (or by reason of subsequent modification of the copy by additions or notations, or other modifications, are no longer identical), each non-identical copy is a separate "document."

4.    With respect to the production of any documents which are claimed to be privileged, a statement shall be provided by the attorneys for the respondent setting forth as to each such documents (and, where applicable, each attachment thereto):

    a.    the name of the sender, if any, of the documents;

    b.    the name of the author of the document;

    c.    the name of the person, if any, to whom the document and copies were sent;

    d.    the date of the document;

    e.    the date on which the document was received by those having possession of the document;

    f.    a description of the nature and the subject matter of the document;

    g.    the statute, rule or decision which is claimed to give rise to the privilege;

    h.    the last-known custodian of the document and the present location of the document;

    i.    attachments to the document;

    j.    the number of pages comprising the document;

      k.     whether the document is handwritten, typewritten or otherwise prepared; and,

      l.     any other information which is useful in identifying or is necessary to identify the document.

5.     Whenever appropriate, the singular form of the word shall be interpreted in the plural and vice versa.

6.     All words and phrases shall be construed as masculine, feminine, or neutral gender according to the context.

7.     "And" as well as "or" shall be construed either disjunctively as necessary to bring within the scope of the subpoena and/or request for production of documents any matters which might otherwise be construed to be outside of the scope of the subpoena and/or request for production of documents.

8.     "Identify" with regard to a natural person, means to provide the name, last known address, last known telephone number; whether ever employed by you, and if so, dates of employment, descriptions and/ or title of each position held, and the reasons for termination; and, current employer and/or last known employer and position held.

"Identify," *with regard to a corporation*, means to provide the name of the entity along with its primary business address and telephone number.

"Identify," *with regard to documents or other inanimate objects*, means to provide the date, author, address, number of pages, subject matter, custodian of the document, and location of the document.

9.     Describe or Specify means the following:

      a.     to offer a detailed description of the thing sought including where appropriate, to identify the thing;

      b.     to set forth the matter which you are asked to "describe" or "specify", and do so fully in detail, by reference to underlying facts rather than reference to ultimate facts or conclusion of fact and law;

      c.     to state particulars as to (I) time and (ii) place;

      d.     "Identify" the "person" participating, present or involved at any time; and

      e.     to set forth all facts necessary to a complete understanding of the "fact",

process, or thing in questions.

10.     "FEMA" means the Federal Emergency Management Agency and includes the Department of Homeland Security and any governmental or other related agency.

11.     "THU" means Temporary Housing Units and is defined as travel trailers, mobile homes, park model homes or any similar type of housing provided by FEMA.

12.     "Formaldehyde" means formaldehyde and/or all formaldehyde based resins.

13.     "Database" means a digital file or systematically arranged collection of computer data, structured so that it can be automatically retrieved, searched and sorted, such as an Excel spreadsheet, CSV spreadsheet, a comma delimited file or any other digital document that is in an electronic searchable format.


**THIS DEPOSITION IS <u>NOT</u> FOR RECORDS ONLY**


Respectfully submitted:


**FEMA TRAILER FORMALDEHYDE**
**PRODUCT LIABILITY LITIGATION**


BY:     <u>s/Gerald E. Meunier</u>
          GERALD E. MEUNIER, #9471
          **PLAINTIFFS' CO-LIAISON COUNSEL**
          Gainsburgh, Benjamin, David, Meunier &
          Warshauer, L.L.C.
          2800 Energy Centre, 1100 Poydras Street
          New Orleans, Louisiana 70163
          Telephone:    504/522-2304
          Facsimile:      504/528-9973
          gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:      504/528-9973
jwoods@gainsben.com


**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
ROBERT BECNEL, # 14072
DENNIS REICH, Texas # 16739600


## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing Notice of Deposition upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission on November 13, 2009.


     /s/ Raul Bencomo
Raul Bencomo, #2932

**EXHIBIT A**

1.  All communications between the Formaldehyde Council and Philip Cole, M.D.

2.  All contracts between the Formaldehyde Council and Philip Cole, M.D.

3.  All compensation paid by the Formaldehyde Council to Philip Cole, M.D.

4.  All communications between the Formaldehyde Council and James Wedner, M.D.

5.  All contracts between the Formaldehyde Council and James Wedner, M.D.

6.  All compensation paid by the Formaldehyde Council to James Wedner, M.D.

7.  All communications between the Formaldehyde Council and Michael Ginevan.

8.  All contracts between the Formaldehyde Council and Michael Ginevan.

9.  All compensation paid by the Formaldehyde Council to Michael Ginevan.

10. All communications between the Formaldehyde Council and Jack Mandel.

11. All compensation paid by the Formaldehyde Council to Jack Mandel.

12. All contracts between the Formaldehyde Council and Jack Mandel.

13. All communications between the Formaldehyde Council and any expert or consultant hired by or retained by the Formaldehyde Council.

14. All compensation paid by the Formaldehyde Council to any expert or consultant hired by or retained by the Formaldehyde Council.

15. All contracts between the Formaldehyde Council and any expert or consultant hired by or retained by the Formaldehyde Council.

16. All compensation paid by the Formaldehyde Council to any expert hired by defendants in the FEMA, product liability litigation, MDL No. 1873 pending in the United States District Court for the Eastern District of Louisiana.

17. All papers sponsored or supported by the Formaldehyde Council whether or not the final version of such papers has been published.

18. All interactions and/or communications between the Formaldehyde Council and the United States Environmental Protection Agency concerning health risks of formaldehyde.

19. All interactions and/or communications between the Formaldehyde Council and the State of California concerning health risks of formaldehyde.

20. All interactions and/or communications between the Formaldehyde Council and the Federal Emergency Management Agency concerning formaldehyde emissions from THUs.

21. All interactions and/or communications between the Formaldehyde Council and the National Academy of Science concerning a risk assessment of formaldehyde.

22. All interactions and/or communications between the Formaldehyde Council and the National Cancer Institute, concerning its study of the cancer risks of formaldehyde.

23. All reports from panels, whether or not independent or sponsored by the Formaldehyde Council, concerning the National Cancer Institute's study of the cancer risks of formaldehyde.

24. All videos sponsored, made, and/or ordered by the Formaldehyde Council concerning the health risks of formaldehyde.

25. The purpose or mission statement of the Formaldehyde Council.

26. Contributors to the funding of the Formaldehyde Council since 2000.

27. The membership of the Formaldehyde Council since 2000.

28. All research funded or sponsored by the Formaldehyde Council concerning the health risks of formaldehyde.

29. All publications distributed by the Formaldehyde Council.

30. All interactions and/or communications between the Formaldehyde Council and Fleetwood Canada, Ltd., concerning formaldehyde emissions from the trailers it manufactured.

31. All interactions and/or communications between the Formaldehyde Council and Fleetwood Enterprises, Inc., concerning formaldehyde emissions from the trailers it manufactured.

32. All interactions and/or communications between the Formaldehyde Council and Fleetwood Homes of North Carolina, Inc., concerning formaldehyde emissions from the trailers it manufactured.

33. All interactions and/or communications between the Formaldehyde Council and Forest River, Inc., concerning formaldehyde emissions from the trailers it manufactured.

34. All interactions and/or communications between the Formaldehyde Council and Gulf Stream Coach, Inc., Incorporated, concerning formaldehyde emissions from the trailers it manufactured.

35. All interactions and/or communications between the Formaldehyde Council and Keystone Industries, Inc., concerning formaldehyde emissions from the trailers it manufactured.

36. All interactions and/or communications between the Formaldehyde Council and Keystone RV Company, concerning formaldehyde emissions from the trailers it manufactured.

37. All interactions and/or communications between the Formaldehyde Council and Recreation By Design, LLC, concerning formaldehyde emissions from the trailers it manufactured.

38.  All lobbying efforts by the Formaldehyde Council.

39.  All studies, case reports, documents and communications pertaining to alleged injuries due to exposure to formaldehyde in your possession since the creation of the Formaldehyde Council, Inc.

**EXHIBIT B**
**DOCUMENT REQUEST**

1.  The CV of each individual designated as a person most knowledgeable as to any issue listed on Exhibit A.

2.  All correspondence between the Formaldehyde Council and Philip Cole, M.D.

3.  All contracts between the Formaldehyde Council and Philip Cole, M.D., including, but not limited to, all records of compensation paid to Philip Cole, M.D.

4.  All correspondence between the Formaldehyde Council and James Wedner.

5.  All contracts between the Formaldehyde Council and James Wedner, including but not limited to, all records of compensation paid to James Wedner.

6.  All correspondence between the Formaldehyde Council and Jack Mandel, including, but not limited to, all papers, manuscripts or commentaries written by Jack Mandel at the request of the Formaldehyde Council or sponsored by the Formaldehyde Council.

7.  All contracts between the Formaldehyde Council and Jack Mandel, including, but not limited to, all records of compensation paid to Jack Mandel.

8.  All correspondence between the Formaldehyde Council and any expert or consultant hired by or retained by the Formaldehyde Council.

9.  All contracts between the Formaldehyde Council and any expert or consultant hired by or retained by the Formaldehyde Council.

10. All correspondence between the Formaldehyde Council and any expert hired by the Defendants in the FEMA Formaldehyde Products Liability Litigation, MDL No 1873 in the United States District Court for the Eastern District of Louisiana.

11. All contracts between the Formaldehyde Council and any expert hired by the Defendants in the FEMA Formaldehyde Products Liability Litigation, MDL No 1873, in the United States District Court for the Eastern District of Louisiana.

12. All correspondence between the Formaldehyde Council and the United States Environmental Protection Agency concerning health risks of formaldehyde.

13. All correspondence between the Formaldehyde Council and the State of California concerning health risks of formaldehyde.

14. All correspondence between the Formaldehyde Council and the FEMA concerning formaldehyde emissions from trailers.

15. All correspondence between the Formaldehyde Council and the National Academy of Science concerning a risk assessment of formaldehyde.

16. All correspondence, between the Formaldehyde Council and the National Cancer Institute, concerning its study of the cancer risks of formaldehyde.

17. All reports from panels, whether or not independent or sponsored by the Formaldehyde Council, concerning the National Cancer Institute's study of the cancer risks of formaldehyde.

18. All videos sponsored, made, or ordered by the Formaldehyde Council concerning the health risks of formaldehyde, including, but not limited to, all outtakes of such videos.

19. All documents relating to the purpose and/or mission statement of the Formaldehyde Council.

20. All documents relating to contributors to the funding of the Formaldehyde Council since 2000.

21. All documents listing the membership of the Formaldehyde Council since 2000.

22. All mailing lists of members and/or potential members maintained by the Formaldehyde Council since 2000.

23. All documents relating to research funded or sponsored by the Formaldehyde Council concerning the health risks of formaldehyde.

24. All publications, manuscripts or articles funded by sponsored by or written at the request of the Formaldehyde Council whether or not such manuscripts or articles have been published.

25. All studies, papers, reviews or commentaries supported, sponsored or funded in any way by the Formaldehyde Council related to Formaldehyde, including, but not limited to, all drafts and documents completed or authorized for release, publication or public dissemination of said documents.

26. All correspondence between the Formaldehyde Council and any of the manufacturing entities listed on Exhibit A in Items 30-37.

27. All studies, case reports, documents and communications pertaining to alleged injuries due to exposure to formaldehyde in your possession since the creation of the Formaldehyde Council, Inc.

11

28. All advertisements for the Formaldehyde Council published in any media outlet since 2000.

29.  All public relations materials disseminated by or on behalf of the Formaldehyde Council.

30. The by-laws of the Formaldehyde Council since 2000.

31. All documents related to litigation in which the Formaldehyde Council was a party.

32. All documents related to providing expert witnesses to testify as to the health effects of formaldehyde in any litigation in which the Formaldehyde Council was not a party.

33. All documents related to lobbying activities by the Formaldehyde Council.

34. All documents related to the appointment or nomination of officers of the United States Environmental Protection Agency dated within the last two years.

35. All unpublished scientific studies in the custody or control of the Formaldehyde Council.

36. All correspondence between the Formaldehyde Council and Agency for Toxic Substances and Disease Registry and/or the Center for Disease Control.

37. All documents and/or transcripts relating to testimony by a representative of the Formaldehyde Council before any Congressional Committee and/or other regulatory agency.

38. All "White Papers" or educational presentations prepared by or for the Formaldehyde Council relating to the health effects of formaldehyde.

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Virginia

| | |
|---|---|
| In Re: FEMA Formaldehyde Products Liability | ) |
| _Plaintiff_ | ) |
| v. | ) |
| | ) |
| | ) |
| _Defendant_ | ) |

Civil Action No.   MDL NO. 07-1873

(If the action is pending in another district, state where:

Eastern District of Louisiana          )

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Betsy Natz, Executive Director, Formaldehyde Council, Inc., 801 N. Quincy St., Ste 700, Arlington, VA 22203

☑ _Testimony:_  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is _not_ a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: LAD-Merrill Reporting 1325 G St., NW, 2nd Floor Washington, D.C. 20005 (800) 292-4789 | Date and Time: 11/25/2009 10:00 am |
|---|---|

The deposition will be recorded by this method:   Steongraph and video

☑ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Please see attached Exhibit B

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   11/13/2009

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

_____
Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_          Plaintiffs
_____ , who issues or requests this subpoena, are:

Linda J. Nelson, Esq.
Lambert & Nelson, PLC
701 Magazine St., New Orleans, LA 70130 (504) 581-1750

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  MDL NO. 07-1873

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Virginia

| | | |
|---|---|---|
| In re: FEMA Formaldehyde Products Liability Litig. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   MDL No. 07-1873 |
| | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Eastern District of Louisiana            ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   The Formaldehyde Council, Inc. through its registered agent for service of process: CT Corporation System 4701 Cox Road, Ste 301, Glen Allen, VA 23060

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
Please see attached Exhibit A.

| Place: LAD-Merrill Reporting<br> 1325 G St., NW, 2nd Floor<br> Washington, D.C. 20005 (800) 292-4789 | Date and Time:<br><br> 11/25/2009 10:00 am |
|---|---|

The deposition will be recorded by this method:   Stenograph and video

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
Please see attached Exhibit B.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   11/16/2009

CLERK OF COURT

OR

_____          _____
   *Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing (*name of party*)          Plaintiffs
_____ , who issues or requests this subpoena, are:

Linda J. Nelson, Esq.
Lambert & Nelson, PLC
701 Magazine St., New Orleans, LA 70130 (504) 581-1750

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  MDL No. 07-1873

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____            _____

                                        *Server's signature*

                                 _____

                                        *Printed name and title*

                                 _____

                                        *Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).