Exhibit B

**KH** **KELLER AND HECKMAN LLP**
*Serving Business through Law and Science®*

1001 G Street, N.W.
Suite 500 West
Washington, D.C. 20001
*tel.* 202.434.4100
*fax* 202.434.4646

Writer's Direct Access
Hesham M. Sharawy
(202) 434-4207
Sharawy@khlaw.com

November 20, 2009

*Via E-mail (Cpinedo@cpinedolaw.com) and U.S. Postal Service*

Chris Pinedo, Esquire
4550 Jericho Road
Corpus Christi, Texas 78413

Re:   *In re: FEMA Trailer Formaldehyde Product Liability Litigation,*
      **MDL No. 07-1817; Non-Party Subpoenas to Besty Natz and The Formaldehyde Council, Inc.**

Dear Mr. Pinedo:

This follows-up on our conversation yesterday and responds to your e-mail of today's date.

Preliminarily, we note that Plaintiffs in the above-captioned litigation have served a subpoena *duces tecum* on CT Corporation as the registered agent of our client, The Formaldehyde Council, Inc. ("FCI"), seeking both testimony and documents. FCI is in receipt of your subpoena.[1]

We are surprised by your lack of civility in this matter. First, even though we engaged in extensive negotiations with your co-counsel over a prior subpoena *duces tecum* that plaintiffs issued to FCI in the summer of 2008, you subpoenaed our client for a deposition without any attempt to negotiate the date with us. Instead, you chose to contact our client directly, which, as you should know is improper. Furthermore, having been promptly notified that our client is not available for deposition the day before Thanksgiving, and having been subpoenaed only approximately one week in advance of that date, you threatened to seek a contempt citation if we failed to provide you with an acceptable, alternative date for the deposition.

In an attempt to address this matter civilly, and in fulfillment of our obligations to meet and confer, we provide the following:

---

[1] You provided us with a copy of the subpoena addressed to Betsy Natz. To date, Ms. Natz has not been served with a subpoena and, therefore, any obligation to respond to a subpoena directed towards her does not exist until such time as she is properly served. Accordingly, this response does not relate to that subpoena.

# KELLER AND HECKMAN LLP

Chris Pinedo, Esquire
November 20, 2009
Page 2

      1.      <u>FCI's Rule 30(b)(6) Corporate Designee</u>: You asked for confirmation as to whether Ms. Natz will be FCI's corporate designee for purposes of a Rule 30(b)(6) deposition. We expect that Ms. Natz will be FCI's corporate designee. However, since we have not had the opportunity to review your proposed deposition topics with our client, it is possible that FCI could designate an alternative or additional individual(s).

      2.      <u>FCI's Availability on November 25, 2009</u>: You asked whether Ms. Natz will be made available for a deposition on November 25, 2009, the day before the Thanksgiving holiday. As you were informed, FCI is not available that day or any other time during the week of November 23, 2009. In that regard, your subpoena fails to allow a reasonable time to reply and otherwise is unduly burdensome. FCI is not available because Ms. Natz, FCI's executive director, is scheduled to be out of town Thanksgiving week and FCI is not able to respond to the documents requests in that time-frame. Other objections to your subpoena will be provided consistent with Rule 45.

      3.      <u>Alternative Dates for a Deposition</u>: You requested alternative dates for when FCI will be available for deposition. Given the scope of the subpoena *duces tecum* to which FCI is currently required to respond, the schedules of FCI employees and counsel, and the intervening holidays, we believe a deposition cannot be scheduled until, at the earliest, the second week of January. This schedule will allow us to negotiate the scope of your subpoena, hopefully allow sufficient time to produce responsive documents, and allow us adequate time to inform the witness on the topics to be covered at the deposition. FCI reserves the right to seek a change of that proposed time frame if we are unable to come to an agreement on narrowing the scope of both the document requests and the deposition and/or if scheduling conflicts require such a change. We ask that you confer with Mr. Taaffe of The Buzbee Law firm so that you can be fully informed about the prior negotiations and agreements that were made between FCI and the PSC last year.

      4.      <u>Contempt</u>: Despite having informed you that FCI is unable to comply with your subpoena or to sit for the requested deposition on November 25, 2009, and being unable to provide you with an alternative date, you represented that you would not withdraw the subpoenas unless a motion to quash them was filed; you would have a clerk appear at the date, time and location for the deposition; and you would request that the Court hold FCI and/or Ms. Natz in contempt for failing to appear. We ask you to reconsider. First, your subpoena is invalid on its face as it does not comply with Rule 45. Second, service of your subpoena was improper as it too failed to comply with Rule 45. Thus, FCI is under no obligation to plaintiffs. However, realizing that plaintiffs can remedy these defects, we are willing to waive them in return for (1) your withdrawal of the currently scheduled deposition and (2) your agreement, by close of business November 23, to enter into good faith negotiations regarding the date of the deposition and the scope of both the topics to be covered and the documents to be produced. If, however, you intend to press us to appear on November 25, please notify us immediately so that we can

# KELLER AND HECKMAN LLP

Chris Pinedo, Esquire
November 20, 2009
Page 3

respond accordingly. Please be aware, we will seek appropriate sanctions if we are required to seek the assistance of the Court.

     5.    <u>The Paper Co-authored by Dr. Philip Cole</u>: You asked whether FCI intended to produce a paper co-authored by Jack Mandel and you alleged that the Court ordered FCI to produce that document to plaintiffs' counsel. As I mentioned during our call, it is our understanding that Magistrate Judge Chasez's November 12, 2009, Order does not *order* FCI to produce the paper, but instead directs plaintiffs to *subpoena* the paper at issue directly from Dr. Mandel and/or FCI. Further, it would be strange for Judge Chasez to have entered an order directed to FCI since FCI was not present before the Court. If our understanding is incorrect, please let us know.

As noted above, FCI is in receipt of plaintiffs' subpoena *duces tecum*. FCI will respond to that subpoena as required under Rule 45. Furthermore, we are prepared to discuss the production of the paper in the course of our negotiations of the scope of the subpoena and the related deposition.

We look forward to your prompt response and trust that you will reconsider your stated intentions with regard to November 25. If you have any questions or want to discuss this matter further, please feel free to contact me.

                                            Sincerely,
                                            Keller and Heckman LLP

                                            Hesham M. Sharawy

c: Betsy Natz, Executive Director FCI
   Andy Weinstock, Esquire, defendants' liaison counsel (via e-mail)
   Justin I. Woods, Esquire, plaintiffs' liaison counsel (via e-mail)
   Peter L. de la Cruz, Esquire, Keller and Heckman
   Douglas J. Behr, Esquire, Keller and Heckman