UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | MDL No. 1873 |
| | SECTION N(5) |
| | JUDGE ENGELHARDT |
| THIS DOCUMENT IS RELATED TO: | MAGISTRATE CHASEZ |

*Administrative Master Complaint, No. 07-1873*

---

### MEMORANDUM IN SUPPORT OF MORGAN'S MOTION TO DISMISS PURSUANT TO RULES 12(b)(1), 12(b)(2) AND 12(b)(6) WITH RESPECT TO THE THIRD AND FOURTH SUPPLEMENTAL AND AMENDED ADMINISTRATIVE MASTER COMPLAINTS (R. DOC. 4486 and 7688)

Morgan Building & Spas, Inc. (Morgan Buildings) and Morgan Building Systems, Inc.[1] (Morgan Systems, and collectively with Morgan Buildings, Morgan) file this memorandum in support of their motion to dismiss the Third Supplemental and Amended Administrative Master Complaint (collectively AMC) (R. Docs. 4486) pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2) with respect to the allegations under Texas law and 12(b)(6) with respect to the Louisiana plaintiffs' claims for breach of express warranty.[2]

The AMC names Morgan as a "manufacturing defendant" with regard to the Louisiana law claims because it allegedly labeled or otherwise held itself out as the manufacturer temporary housing units. (R. Doc. 4486, ¶¶ 68-69). Under Louisiana law, plaintiffs purport to allege a cause of action pursuant to Louisiana's Products Liability Act. (R. Doc. 4486, ¶¶ 210-216). The AMC also names Morgan as "procurement defendant" (R. Doc. 4486, ¶¶ 68-69) and asserts a negligence claim

---

[1] Morgan Building Systems, Inc., which merged into Morgan Buildings & Spas, Inc. on January 19, 1994, no longer exists.
[2] The Fourth Supplemental and Amending Administrative Master Complaint which removes some defendants and adds others, has no changes pertinent to Morgan.  (R. Doc. 7688).

341321.2

against the procurement defendants under the laws of Louisiana, Mississippi, Alabama and Texas. (R. Doc. 4486, ¶¶ 343-352).

Morgan moves to dismiss the AMC on grounds that plaintiffs' claims against it lack subject matter jurisdiction and the Court has no *in personam* jurisdiction over Morgan with respect to the claims asserted under Texas law. Morgan also moves to dismiss the claims for breach of express warranty under Louisiana law, because plaintiffs have failed to allege that they were induced to use the temporary housing units at issue because they relied upon an alleged express warranty by Morgan.

I.  **PLAINTIFFS' CLAIMS AGAINST MORGAN SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

Last year, the Court was presented with numerous defense Rule 12(b)(1) challenges, including a Rule 12(b)(1) motion by Morgan, to the Court's subject matter jurisdiction as the plaintiffs had failed to match specific plaintiffs with specific defendants. Finding merit in these motions, the Court granted Morgan's Rule 12(b)(1) motion and ordered the plaintiffs to match individual plaintiffs with specific defendants or risk dismissal. (R. Docs. 599 and 604). Thereafter, numerous new suits were filed in or transferred to the MDL and Pretrial 40 was entered giving plaintiffs 45 days from the filing of each complaint to match plaintiffs to manufacturers. (R. Doc. 1781). After 45 days, plaintiffs' counsel was to notify the Court of the unmatched plaintiffs, who would be subject to dismissal, without prejudice, and without further notice. *Id.*

Since that time, the 45-day period allowed by Pretrial Order 40 has been extended in individual cases and, most recently, to all underlying cases pending Magistrate Chasez's ruling on the PSC's motion to compel the government to produce "disaster" or individual assistance files. (R. Doc. 3325). A decision on the PSC's motion to compel was delayed to allow the PSC time to depose "Ms. Green" concerning usefulness of FEMA's NEMIS database. (R. Doc. 3033). On

341321.2

November 10, 2009, Magistrate Chasez ordered that, beginning in December, the plaintiffs are to furnish FEMA with a list of 200 names to be searched in the NEMIS database and FEMA must furnish the requested information within 30 days. Thereafter, plaintiffs may provide additional names, and FEMA's response is due, on a rolling-thirty day basis. (R. Doc. 7138). Though Magistrate Chasez has ruled on the PSC's motion to compel, presently, there is no deadline for plaintiffs to match themselves to a manufacturer.

The AMC incorporates by reference the plaintiffs named in each of the underlying actions. (R. Doc. 4486, ¶ 1). Presently, Morgan is named as a defendant in 39 underlying lawsuits which were filed in or have been transferred to this MDL.[3] Of those cases, Morgan has been matched to a particular plaintiff in only 9 cases.[4] Due to the lack of a specific deadline for plaintiffs to match themselves with defendants and to preserve all defenses which Morgan has related to the plaintiffs' failure to match individual plaintiffs to Morgan, out of an abundance of caution, Morgan re-urges its Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Matte v. Sunshine Mobil Homes, Inc.*, 270 F.Supp.2d 805, 812 (W.D. La. 6/9/03), *quoting Home Builders Association of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (*quoting Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1187 (2d Cir. 1996)).

Article III of the Constitution confines a federal court to adjudicating actual "cases and controversies." *Allen v. Wright*, 468 U.S. 737, 750, 104 S.Ct. 3315, 82 L. Ed.2d (1984). A federal district court lacks subject matter jurisdiction over a case unless a plaintiff has standing to bring the action. "In the absence of standing, there is no 'case or controversy' between the plaintiff and defendant which serves as the basis for the exercise of judicial power under Article III of the

---

[3] Exhibit A.
[4] Exhibit B.

341321.2

Constitution." *Matte,* at 813, *citing Warth v. Seldin*, 422 U.S. 490, 498–499, 95 S.Ct. 2197, 45 L. Ed.2d 343 (1975); *see also Doe v. Tangipahoa Parish School Board*, 494 F.3d 494, 496-497, (5th Cir., 2007). ("Standing to sue must be proven, not merely asserted, in order to provide a concrete case or controversy and to confine the courts' rulings within our proper judicial sphere.")  The Court must ask whether the plaintiff has "alleged such a personal stake in the outcome of the controversy" as to warrant federal court jurisdiction.  *Matte*, 270 F.Supp.2d at 813, *citing Baker v. Carr,* 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962).

The court's jurisdiction over plaintiffs' claims against Morgan depends upon whether the named plaintiffs have standing to pursue the alleged claims.  In order for a plaintiff to have standing, he must satisfy three constitutional elements: (1) the plaintiff must have suffered an actual or eminent injury which is concrete and particularized and may not be conjectural or hypothetical; (2) there must be a casual connection between the injury and the conduct complained of; and (3) it must be likely as opposed to merely speculative that the injury will be redressed by a favorable decision. *Id., citing United States v. Hays*, 515 U.S. 737, 742-743, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995), *quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). (internal quotation marks omitted).

The cases listed in Exhibit B fail to allege any specific link between a particular plaintiff and Morgan.[5]  As a result, those plaintiffs lack constitutional standing to bring their claims against Morgan, and the Court should dismiss Morgan from those cases, with prejudice, for lack of subject matter jurisdiction over plaintiffs' claims.  *See* R. Docs. 599 and 604.

## II. THE COURT HAS NO *IN PERSONAM* JURISDICTION OVER MORGAN FOR ALLEGED TEXAS LAW CLAIMS

The AMC purports to allege claims against Morgan as a procurement defendant under Texas negligence law.  Morgan, however, is not a defendant in any underlying Texas suit.

---

[5] Exhibit B.

341321.2

The purpose of multidistrict litigation is to coordinate and consolidate pretrial proceedings. Consolidation of cases under 28 U.S.C. §1407 is procedural, and does not "expand the jurisdiction of either the transferor or the transferee court." *In re Showa Denko, K.K. L-Tryptophan Products Liability Litigation – II*, 953 F.2d 162, 165 (4th Cir. 1992). A transferee court's jurisdiction is limited to persons who are proper parties in the transferred cases. *Id., citing Hartland v. Alaska Airlines*, 544 F.2d 992, 1002 (9th Cir. 1976);

When faced with a Rule 12(b)(2) motion, "it is important to bear in mind that the plaintiff bears the burden of establishing the district court's jurisdiction." *Gundle Lining Construction Corp. v. Adams Country Asphalt, Inc.*, 85 F.3d 201, 204 (5th Cir. 1996), *citing Stuart v. Spademan*, 772 F.2d 1185, 1992 (5th Cir. 1985). Plaintiffs claim that the Court has personal jurisdiction over Morgan because it does substantial business in Louisiana, Mississippi, Alabama, and Texas. (R. Doc. 4486, ¶¶ 68-69). Plaintiffs also claim that the original district courts, upon remand from the MDL court, will have personal jurisdiction over Morgan as well. (R. Doc. 4486, ¶ 120). Contrary to plaintiffs' allegations, Morgan is not a defendant over which this Court has personal jurisdiction with respect to the allegations under Texas law, because no district court has personal jurisdiction over either Morgan Buildings or Morgan Systems with respect to any alleged Texas plaintiff's claims.

Because Morgan is not a party in any of the consolidated cases asserting claims by alleged Texas plaintiffs, this MDL Court does not have *in personam* jurisdiction over Morgan with respect to the Texas plaintiffs' claims. Thus, Morgan should be dismissed from Administrative Master Complaint with respect to claims under Texas law.

### III.   PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION FOR BREACH OF EXPRESS WARRANTY UNDER THE LPLA

A party may move a court to dismiss an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In evaluating a motion to dismiss for failure to state a

341321.2

claim, the court must accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996), *citing McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992). A plaintiff must plead specific facts, not mere conclusory allegations in order to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992), *quoting O'Quinn v. Manuel*, 773 F.2d 605 (5th Cir. 1985). **The complaint's dismissal is proper when it is silent regarding an element required to obtain relief.** *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006)(citations omitted).

In a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court requires "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 US 544, 127 S.Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.*, 127 S.Ct. at 1965 (internal citations and quotation marks omitted).

Plaintiffs attempt to assert a claim under the Louisiana Products Liability Act (LPLA) for breach of express warranty. (R. Doc. 4486, ¶¶ 216(d) and (i)). In order to assert such a claim, a plaintiff must show that he "was induced to use the product because of [the express] warranty." *Caboni v. General Motors Corp.*, 278 F.3d 448, 453-55 (5th Cir. 2002); *E.g.* La. R.S. 9:2800.58 (manufacturer is potentially liable only if "the express warranty has induced the claimant or another person or entity to use the product"); Order and Reasons (Dec. 12, 2008), R. Doc. 984, p. 19-21. Plaintiffs do not allege that a Louisiana plaintiff relied upon an alleged warranty in deciding to use the trailers.

Since plaintiffs have not alleged that they were induced to use the trailers because they relied upon an alleged express warranty by Morgan, plaintiffs have not stated a claim for breach of express warranty under Louisiana law. *Id.* Therefore, plaintiffs' claim against Morgan under the LPLA for breach of express warranty must be dismissed with prejudice.

341321.2

## CONCLUSION

As set forth above, where plaintiffs have failed to allege a specific link to Morgan, those claims should be dismissed for lack of standing under Rule 12(b)(1). With regard to the allegations against Morgan under Texas law, those claims should be dismissed under Rule 12(b)(2) because the court lacks *in personam* jurisdiction over Morgan. An underlying suit against Morgan by Texas plaintiffs is an absolute requirement for personal jurisdiction. Without it, this Court does not have personal jurisdiction over Morgan with respect to those claims.

Finally, and without waiving its Rule 12(b)(1) defense of lack of subject matter jurisdiction with respect to Louisiana plaintiffs, the AMC fails to state a claim against Morgan under Louisiana law for breach of express warranty. Plaintiffs have been given numerous opportunities to amend the AMC to properly assert a claim of breach of express warranty, which requires an allegation that the plaintiffs were induced to use the product because of an express warranty. Plaintiffs have failed to do so, and their claims for breach of express warranty under the LPLA should be dismissed pursuant to Rule 12(b)(6).

Respectfully submitted:

**McGlinchey Stafford, PLLC**

*s/Amanda S. Stout*
Christine Lipsey (LA Bar Roll # 1182), T.A.
Dan E. West (LA Bar Roll #13372)
Amanda S. Stout (LA Bar Roll #29001)
One American Place, 14th Floor
Baton Rouge, LA 70825
Telephone: (225) 383-9000
clipsey@mcglinchey.com
dwest@mcglinchey.com
astout@mcglinchey.com

**Attorneys for Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc.**

341321.2

**CERTIFICATE OF SERVICE**

I certify that, on November 23, 2009, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the court's CM/ECF system. I also certify that there are no known non-CM/ECF participants.

                                                        *s/ Amanda S. Stout*
                                                        Amanda S. Stout

341321.2