DUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE | * | |
| | PRODUCTS LIABILITY | * | |
| | LITIGATION | * | SECTION:  N(5) |
| | | * | |
| | | * | |
| | | * | |
| This Document Relates to: | | * | |
| *Dubuclet v. Fleetwood Enterprises, Inc.* | | * | |
| | | * | JUDGE: ENGELHARDT |
| Case No. 07-9228 | | * | |
| | | * | |
| | | * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANT FLEETWOOD ENTERPRISES, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT REGARDING FAMILY MEMBERS' CLAIMS (Rec. Doc. 7193)

Plaintiff has misunderstood Fleetwood's argument by stating that the family's "collective experience" should be admitted -- but that "collective experience" is not the type of testimony that Fleetwood is seeking to exclude. By seeking to exclude the family members' claims, Fleetwood has stated that the family members can testify as fact witnesses, including providing information about Timia's health condition, information about the EHU they resided in, and Timia's exposure to formaldehyde.[1] But Plaintiff should not be permitted to state that these family members are also seeking damages from Fleetwood. Plaintiff also seeks to reassure Fleetwood that she can address this issue without "going into any real depth as to each family member's individual claim," yet Plaintiff insists that her claim cannot be evaluated in isolation.[2] Fleetwood is rightfully concerned because the line is easy to cross, and only Timia's claim is to

---

[1] Def.'s Memo. at 3 (Rec. Doc. 7193).
[2] Pl.'s Resp. at 2-3 (Rec. Doc. 7635).
~ Doc #1118637.01 ~

be presented at this time. Showing how easy it is for this line to be crossed, Fleetwood agrees

that the family members can "explain the trailer environment,"[3] but that does not extend to the

family members testifying regarding their own alleged symptoms, for which they have brought

their own lawsuits.[4] Fleetwood will be unduly prejudiced should the family members present

evidence of their own claims -- including the alleged symptoms for which they have sued -- and

such evidence should be excluded.

      For these reasons, Fleetwood asks that its motion filed at Rec. Doc. 7193 be granted.

      This 23rd day of November 2009.

                    Respectfully submitted:

                     */s/ Richard K. Hines, V*

Richard K. Hines, V
GA Bar No. 356300
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)

Jerry L. Saporito
LA Bar No. 11717
LEAKE & ANDERSSON, L.L.P.
1700 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-1701
(504) 585-7500 (phone)
(504) 585- 7775 (fax)

Counsel for Fleetwood Enterprises, Inc.

---

[3] *Id.* at 2 (Rec. Doc. 7635).
[4] Fleetwood incorporates here in its motion to exclude nonparty medical issues (Rec. Doc. 7207) and its reply brief in support of that motion.

## C E R T I F I C A T E OF SERVICE

I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )    Hand Delivery               ( )    Prepaid U.S. Mail

( )    Facsimile                     ( )    Federal Express

(X)    CM/ECF

New Orleans, Louisiana, this 23rd day of November, 2009.

*/s/ Richard K. Hines, V*
Richard K. Hines, V
Georgia Bar No. 356300
E-mail:  richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)