UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * | MDL NO. 1873 SECTION: N(5) |
| This Document Relates to: *Dubuclet v. Fleetwood Enterprises, Inc.* Case No. 07-9228 | | * * * * * | JUDGE: ENGELHARDT MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT FLEETWOOD ENTERPRISES, INC'S REPLY BRIEF IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE REFERENCES TO TRAVEL TRAILERS FAILING TO MEET HOUSING CODES**

In her response (Rec. Doc. 7619) to Fleetwood's motion (Rec. Doc. 7194), Plaintiff claims that the issue of travel trailers failing to meet housing codes is highly relevant and therefore not unduly prejudicial. However, Plaintiff neither makes a sound argument for the relevance of this issue nor counters Fleetwood's arguments demonstrating the issue's irrelevance. As a result, there is no probative nature to Plaintiff's proposed argument, and the potential harm to Defendant is great, meriting the exclusion of such evidence.

**Plaintiff Fails to Show Relevance**

Plaintiff claims that the fact that Fleetwood's travel trailers did not meet housing codes is relevant because Fleetwood should have known that the units would need to be HUD-compliant. However, in an effort to create some sort of notice or duty in the part of Fleetwood, Plaintiff seems to consider the patently opposite words "permanent" and "temporary" to be synonymous. She argues that Fleetwood's statement in its travel trailer owner's manual that travel trailers are not designed to be used as *permanent* housing is in conflict with Fleetwood's provision of travel

~Doc #1117973.01~

trailers to FEMA for the purpose of providing *temporary* housing. Somehow, Plaintiff believes that it logically follows that because Fleetwood may have been on notice that its travel trailers were going to be used as temporary housing, Fleetwood should have constructed the travel trailers in accordance with housing codes for permanent residences. However, it is clear that, even under Plaintiff's own argument, there was never any indication in the procurement specifications provided by FEMA, or in FEMA's procurement contract, or in any other document, that Fleetwood's travel trailers should be manufactured to housing codes for use as permanent residences.

**Plaintiff Fails to Counter Fleetwood's Arguments Regarding Irrelevance**

Notably, Plaintiff makes no attempt to counter Fleetwood's arguments that: 1) the unit inhabited by Plaintiff was a travel trailer; 2) Plaintiff's unit was procured under a contract for travel trailers; 3) Plaintiff's unit was built according to a specification provided by FEMA that applied to travel trailers; 4) Plaintiff's unit was properly built in accordance with acceptable travel trailer practices, and 5) housing codes are not applicable to travel trailers. Rather, Plaintiff argues that Plaintiff's unit should have been built in compliance with housing codes, despite the fact that it was a travel trailer, because Plaintiff ended up living in the unit for an extended period of time. To make such an argument is unduly prejudicial to Fleetwood because there is absolutely no evidence that Fleetwood had any duty or reason to vary from the procurement contract, procurement specifications, and industry standards for travel trailers to build its travel trailers in compliance with housing codes that are wholly inapplicable to the construction of travel trailers.

As Plaintiff notes, FEMA specified that the manufactured housing units it procured from Fleetwood had to be built according to housing codes. FEMA *did not* specify – though it

certainly could have – that Fleetwood's travel trailers had to meet housing codes. As such, Plaintiff cannot assert that simply because the unit was being procured for use as "*temporary housing*," Fleetwood should have built the units to HUD standards. FEMA clearly did not specify this; the HUD standards *do not* apply to travel trailers, and Plaintiff's argument that a travel trailer being used for emergency housing is suddenly transformed into a house so that Fleetwood was required to build it to meet housing codes is not support by anything in the record whatsoever.

**Conclusion**

Plaintiff cannot demonstrate any relevance with respect to references to travel trailers failing to meet housing codes. As a result, there is no probative nature to such references, and making this argument in front of the jury would be unduly prejudicial to Fleetwood. For all of these reasons, Fleetwood asks that its motion be granted.

This 23rd day of November 2009.

Respectfully submitted:

 */s/ Richard K. Hines, V*
Richard K. Hines, V
GA Bar No. 356300
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)


Jerry L. Saporito
LA Bar No. 11717
LEAKE & ANDERSSON, L.L.P.
1700 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-1701

(504) 585-7500 (phone)
(504) 585- 7775 (fax)

Counsel for Fleetwood Enterprises, Inc.

## **C E R T I F I C A T E OF SERVICE**

   I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )  Hand Delivery      ( )  Prepaid U.S. Mail

( )  Facsimile        ( )  Federal Express

(X)  CM/ECF

   New Orleans, Louisiana, this 23rd day of November 2009.

             /s/ Richard K. Hines, V
             Richard K. Hines, V
             Georgia Bar No. 356300
             richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)