UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * | MDL NO. 1873 |
| | | | SECTION: N(5) |
| This Document Relates to: | | * | |
| *Dubuclet v. Fleetwood Enterprises, Inc.* | | * * | JUDGE: ENGELHARDT |
| Case No. 07-9228 | | * * | |
| | | * | MAG: CHASEZ |

**************************************************************************

# DEFENDANT FLEETWOOD ENTERPRISES, INC'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO EXCLUDE EMAILS REGARDING "HARMFUL CHEMICALS NOTICE"

Plaintiff is seeking to introduce emails that all discuss a missing attachment.[1] Plaintiff offers the pretext that these emails discussing the unknown attachment are necessary to show that Fleetwood knew about the alleged dangers of formaldehyde and that "certain EHUs contained labels indicating such."[2]

**1.    The emails are not relevant without the pertinent attachment.**

Plaintiff states bluntly that she wants to use these emails to show that "certain EHUs" contained labels indicating the alleged dangers of formaldehyde. But this use cannot satisfy the relevancy requirement. There is missing information and too much unknown about this missing attachment to permit any further discussion of it when it cannot be reviewed itself. Among the open questions:

---

[1] Fleetwood notes that Plaintiff has never indicated that Fleetwood did not produce any responsive documents; these emails were produced by the government, and, as Plaintiff states, the attachment "has inadvertently been lost undoubtedly due to multiple transactions involved in this email chain." Pl.'s Resp. at 2 (Rec. Doc. 7557). To Fleetwood's knowledge, Plaintiff has not sought a motion to compel to locate the missing attachment.
[2] Pl.'s Resp. at 7 (Rec. Doc. 7557).

~Doc #1117973.01~

- What does the purported label say?[3]

    - Who placed the label there?[4]

    - Why does the email reference "chemicals", "cancer" or "birth defects" when the Fleetwood warning posted in FEMA travel trailers does not include those words?[5]

    - Does the unseen label even use the word "formaldehyde"?[6]

Without the answers to these questions, it is irrelevant—Plaintiff cannot use these emails to show that "certain EHUs" had these unknown labels. Plaintiff has deposed three individuals whose names appear on the email stream they seek to use – Jessica Guay, Jason Leidig and FEMA employee Rene Rodriguez. None of these individuals was able to testify as to what label was being discussed or what it said. No witness has authenticated the discussed label or laid a foundation for its having any relevance to the Dubuclet unit at all.

**2.    Supplement with Rodriguez deposition cites**

Fleetwood also stated in its opening brief that it would supplement with the appropriate Rodriguez depo cites and offers them now:

> Rene Rodriguez, identified as an employee with FEMA in this email chain, never spoke to the EHU occupant who called about the notice.[7] The occupant did not call with a complaint about formaldehyde or odors in the unit, rather he wanted to know what the notice "about chemicals" in the unit meant. Rodriguez did not go to the unit to observe the notice, rather he sent a field officer Robert Ford to the

---

[3] *See, e.g.*, Guay Dep. at 6:25-7:10 (Ex. D to Rec. Doc. 7279); Leidig Dep. at 70:24-71:3 (Ex. A to Rec. Doc. 7279); Rodriguez Dep. at 32:3-4, draft excerpts attached as Ex. A.
[4] Rodriguez Dep. at 35:24-25 (Ex. A).
[5] *See, e.g.*, Guay Dep. at 19:4-20:17 (Ex. D to Rec. Doc. 7279); "Important Notice" (Ex. 2 to Guay Dep.) (Ex. E to Rec. Doc. 7279); Guay email (July 17, 2006) (FEMA17-005860) (Ex. C to Rec. Doc. 7279).
[6] *See, e.g.*, Leidig Dep. 32:8-18 (Ex. A to Rec. Doc. 7279); Rodriguez Dep. at 34:5-10, 36:6-13 (Ex. A).
[7] Rodriguez Dep. at 1:20-23 (he is a current FEMA employee) (Ex.A).

2

unit. Apparently Ford took a photo of "the notice".[8] Rodriguez does not have a copy of the photograph.[9] He does not recall having ever seen a copy of the notice that was shown in the photograph he received.[10] He does not recall what the notice said.[11] He does not recall if it referenced any particular chemical.[12] He does not recall if it referenced formaldehyde.[13] Rodriguez thinks that the notice was on the inside of a window in the kitchen of the unit but he really cannot say for sure.[14] He cannot say how long the occupant in this unit lived there prior to calling about the notice.[15] He does not know when the notice was placed.[16] He does not know who placed the notice.[17]

**Conclusion**

It is unduly prejudicial to allow this evidence against Fleetwood when the label at issue is not in evidence. Fleetwood would then need to spend time to address these unanswered questions. Allowing this testimony puts Fleetwood in the position of defending itself against the unknown, and asks the jury to consider liability against Fleetwood for a label and what Plaintiff will argue the label means, when the jury cannot see the label itself. This situation would unduly prejudice Fleetwood. For all of these reasons, Fleetwood asks that its motion be granted.

---

[8] *Id.* at 55:8-19 (Ex.A).
[9] *Id.* at 31:23-32:2, 35:18-20 (Ex. A).
[10] *Id.* at 32:5-13 (Ex. A).
[11] *Id.* at 32:3-4 (Ex. A)
[12] *Id.* at 34:5-7 (Ex. A).
[13] *Id.* at 34:8-10 (Ex. A).
[14] *Id.* at 35:1-17 (Ex. A).
[15] *Id.* at 36:3-5 (Ex. A).
[16] *Id.* at 35:21-23 (Ex. A).
[17] *Id.* at 35:24-25 (Ex. A).

This 23rd day of November 2009.

        Respectfully submitted:

        /s/ Richard K. Hines, V
        Richard K. Hines, V
        GA Bar No. 356300
        NELSON MULLINS RILEY & SCARBOROUGH, LLP
        Atlantic Station
        201 17th Street, NW, Suite 1700
        Atlanta, GA  30363
        (404) 322-6000 (phone)
        (404) 322-6050 (fax)

        Jerry L. Saporito
        LA Bar No. 11717
        LEAKE & ANDERSSON, L.L.P.
        1700 Energy Centre
        1100 Poydras St.
        New Orleans, LA 70163-1701
        (504) 585-7500 (phone)
        (504) 585- 7775 (fax)

        Counsel for Fleetwood Enterprises, Inc.

## **C E R T I F I C A T E OF SERVICE**

  I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( ) Hand Delivery    ( ) Prepaid U.S. Mail

( ) Facsimile     ( ) Federal Express

(X) CM/ECF

  New Orleans, Louisiana, this 23rd day of November 2009.

             /s/ Richard K. Hines, V
            Richard K. Hines, V
            Georgia Bar No. 356300
            richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)