UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE:   FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Aldridge, et al v. Gulf Stream Coach* | * | |
| *Inc., et al*, Docket No. 07-9228; | * | |
| Elisha Dubuclet, individually and on behalf | * | |
| of Timia Dubuclet | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### REPLY TO DEFENDANT FLEETWOOD ENTERPRISES, INC.'S RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* TO PROHIBIT REFERENCE TO FORMALDEHYDE IN FOODS AND OTHER PRODUCTS

Plaintiff Elisha Dubuclet on behalf of Timia Dubuclet, ("Ms. Dubuclet" or "Plaintiff") respectfully submits the following reply to Defendant Fleetwood Enterprises, Inc. Response to Plaintiff's Motion *in Limine* to Prohibit Reference To Formaldehyde in Food and Other Products.

In its response to Plaintiff's motion to exclude reference to formaldehyde in food and other products, Defendant exemplifies the confusing nature of this issue. Essentially, by allowing Defendant to relate gaseous formaldehyde exposure to formyl found in food or other products, Plaintiff will consequently be forced to engage in substantial explanation that is unnecessary and prejudicial.  FED. R. EVID. 403. Furthermore, the lengthy scientific explanation provided by Defendant does little to

1

explain the relevance of references to formyl in food products. In fact, Defendant's only argument for relevancy is that the ATSDR references formaldehyde levels from frying fish indoors. Rec. Doc. 7692, p. 2-3. However, Defendant fails to examine this source, and had Defendant read the ATSDR's Toxicological Profile for Formaldehyde, Defendant would have realized:

> A major route of formaldehyde exposure for the general population is inhalation of indoor air; releases of formaldehyde from new or recently installed building materials and furnishings may account for most of the exposure. Environmental tobacco smoke may contribute 10–25% of the exposure. **Since formaldehyde in food is not available in free form, it is not included in estimated exposures (Fishbein 1992).** Consumers can be exposed to formaldehyde gas through its use in construction materials, wood products, textiles, home furnishings, paper, cosmetics, and pharmaceuticals. Dermal contact with formaldehyde containing materials, including some paper products, fabrics, and cosmetics, may also lead to consumer exposure. Commuters may be exposed to formaldehyde while riding in automobiles or subways, walking, and biking (Chan et al. 1991).

Agency for Toxic Substances and Disease Registry, Toxicological Profile for Formaldehyde. Atlanta: US Department of Health and Human Services; 1999. Thus, while formaldehyde is part of the "one carbon pool" — its existence in food as formyl has no relation to gaseous formaldehyde exposure. Further, as noted by Dr. Wedner's own words, formaldehyde exposure from foods makes little scientific sense.

> Q    And if somebody was making a comparison between formaldehyde and food and formaldehyde and ambient air, that would just be something that is totally without merit when we are discussing about a risk of harm due to exposure to formaldehyde, wouldn't it?

>A    I have no idea what you are talking about. Formaldehyde is a gas. So the formaldehyde that I envision in food is a formyl one carbon fragment, so I wouldn't even call it formaldehyde.

Exhibit A, Deposition Transcript of H. James Wedner, M.D., October 12, 2009, p. 89: 8-18. Similarly, Defendant's Expert, Dr. Robert C. James, clearly states that he would never compare gaseous formaldehyde exposure to formaldehyde contained in food.

>Q.   And formaldehyde in food really isn't relevant to those number you here in comparison to free formaldehyde in ambient air, is it?
>
>A.   Concentrations in food are not comparable to concentrations in air. They're two different things . . .
>
>Q    So it would be silly to compare the amount of formaldehyde in food with the amount of formaldehyde that's in the ambient air wouldn't it?
>
>A    I don't do that.

Exhibit B, Deposition Transcript of Robert C. James, Ph.D., November 6, 2009, p. 96:16 – 97:4   Similarly, as noted in scientific studies, "[i]ngestion represents a minor route of [formaldehyde] exposure because the dilution factor and the binding to the macromolecules present in food reduce substantially the [formaldehyde] concentration that enters into contact with the gastrointestinal mucosa." Restani, Patrizia, Corrado Galli, *Oral Toxicity of Formaldehyde and Its Derivatives*, 21(5) CRIT. REV. TOXICOL., p, 315-328 (1991).  As such, Defendant's attempt to explain the relationship between formaldehyde found in food and formaldehyde existing in ambient air is misleading and manipulates the existing scientific research on such relationship. Accentuating the

confusion and their own misunderstanding of the issue, Defendants attach an Exhibit A to their Memorandum, Court Doc. 7692-2, which sets forth "Foods Known to Contain Naturally Occurring Formaldehyde." However, the "formaldehyde" in these foods is measured in milligrams per kilogram (weight by weight), not in parts per million (volume by volume), which evinces the concept of misunderstanding and confusion which Defendants so vigorously deny. Defendant's argument is meritless and this Court should grant Plaintiff's Motion *in Limine* to Exclude References to Formaldehyde in Food and Other Products.

      Respectfully submitted:

      **FEMA TRAILER FORMALDEHYDE**
      **PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:   504/522-2304
        Facsimile:    504/528-9973
        gmeunier@gainsben.com

        s/Justin I. Woods
        JUSTIN I. WOODS, #24713
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:   504/522-2304
        Facsimile:    504/528-9973
        jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
Dennis Reich, Texas #16739600


## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing on November 23, 2009.


    s/Gerald E. Meunier
    GERALD E. MEUNIER, #9471