UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                    MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION

                                          SECTION "N" (5)

THIS DOCUMENT RELATES TO
*Dubuclet v. Fleetwood Enterprises, Inc.*

Member Case No. 07-9228

## <u>ORDER AND REASONS</u>

Before the Court is Plaintiff's *Daubert* Motion to Exclude the Testimony of Patricia K. Farris, M.D., F.A.A.D. (Rec. Doc. No. 6653). Plaintiff contends that Dr. Farris' opinion in this matter should be excluded because she is not qualified to render an opinion on specific causation. Plaintiff asserts that Dr. Farris has no knowledge of the dermatologic effects of gaseous formaldehyde exposure nor has she attempted to gain such knowledge. Plaintiff further contends that Dr. Farris' conclusion that Timia Dubuclet's eczema exacerbation was "stress related" is unfounded because Dr. Farris is not an expert in the field of psychology and thus does not have a proper foundation in order to assert such an opinion. The motion is opposed by the defendant, Fleetwood Enterprises, Inc.

1

Dr. Farris' opinion is succinctly stated as follows:

> In conclusion, I think there is no direct evidence to support that Timia was sensitized to formaldehyde while living in the FEMA trailer. I think a far more plausible explanation for Timia's allergic flare at that time is that she was under a tremendous amount of stress after leaving Houston and returning to live in a crowded FEMA trailer in the middle of a construction site. Stress is well documented to trigger and exacerbate allergic symptoms and atopic dermatitis.[1] [2] Emotional stress actually deregulates the immune system in a way that favors allergic symptoms and eczema. We know many of the children who returned to the city to see the devastation and destruction of their homes and community suffered from severe post-traumatic stress syndrome as well as anxiety and depression.[3] [4] This remains an ongoing problem in our community.

There is no question that Dr. Farris is an expert in the field of dermatology, and is qualified to diagnose the plaintiff's condition insofar as it is evidenced by allergic symptoms and atopic dermatitis, commensurate with allergic flare and eczema. Moreover, Dr. Farris was provided a great deal of information, as set forth in her report, for the basis of her opinion, including testing done by other medical health professionals and a personal history of Timia Dubuclet provided by her mother.

[1]Arndt J, Smith N, Tausk F. Stress and atopic dermatitis. Curr Allergy Asthma Rep. 2008;8(4):312-317.

[2]Hashizume J, Takigawa M. Anxiety in allergy and atopic dermatitis. Curr Opin Allergy Clin Immununol 2006;6(5):335-339.

[3]Osofsky HJ, Osofsky JD, Kronenberg M, et al. Posttraumatic stress symptoms in children after Hurricane Katrina: predicting the need for mental health services. AM J Orthopsychiatry. 2009;79(2)212-220.

[4]Drury SS, Scheeringa MS, Zeanah CH. The traumatic impact of Hurricane Katrina on children in New Orleans. Child Adolesc Psychiatr Clin N Am. 2008 17(3):685-702.

While, as plaintiff points out, Dr. Farris admitted she has not treated patients for formaldehyde exposure in the past, such fact does not automatically warrant exclusion of her opinion/diagnosis, nor necessarily does it mean that Dr. Farris' opinion is incorrect. To the extent plaintiff believes that Dr. Farris' opinion is incomplete, inaccurate or not fully informed based upon her lack of experience with patients who suffer formaldehyde exposure, such alleged weakness in the opinion may be brought out on cross-examination, so that the jury can decide whether the opinion is nonetheless acceptable.

Plaintiff further contends that Dr. Farris cannot evaluate "stress" for purposes of her opinion, since Dr. Farris also candidly admits that she is not a psychiatrist. (Memorandum in Support, p. 6) Nonetheless, being in a state of mind described as "stressful" does not necessarily mean that an assessment by a mental health professional is required. Indeed, a jury of ordinary lay persons can appreciate whether a situation is one which causes "stress" or not, and whether such "stress" is sufficient to explain a variety of reactions thereto. Dr. Farris states the grounds for her belief that Timia Dubuclet suffered from "stress", and the jury can appreciate such facts as it wants. It is well understood that, although significant stress can cause one to see a mental health professional for a diagnosis and treatment, one can also assess a situation, certain circumstances, or a lifestyle as "stressful" without requiring consultation with and confirmation from a psychiatrist, psychologist, or other mental health professional.

Accordingly, for these reasons, the Motion to Exclude the Testimony of Patricia K. Farris, M.D., F.A.A.D. is **DENIED**.

New Orleans, Louisiana, this 23<u>rd</u> day of <u>November</u>, 2009.

**KURT D. ENGELHARDT**
**United States District Judge**