UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER  
      FORMALDEHYDE PRODUCTS  
      LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N" (5)

THIS DOCUMENT RELATES TO  
*Dubuclet v. Fleetwood Enterprises, Inc.*

Member Case No. 07-9228

# ORDER AND REASONS

Before the Court is Plaintiff's *Daubert* Motion to Limit the Testimony of Thomas W. Fribley ("Fribley") (Rec. Doc. No. 6654). Plaintiff claims that Fribley, Fleetwood Enterprises, Inc.'s ("Fleetwood") recreational vehicle construction expert, should not be allowed to testify to: (a) any EHU industry standards other than the standards promulgated by the National Fire Protection Agency ("NFPA"); (b) any expert testimony regarding the adequacy of HVAC components; (c) the adequacy of maintenance and the source of water damages on the Dubuclet trailer; and (d) the adequacy of any warnings provided with regard to formaldehyde. Defendants oppose this motion in part, and also point out that several of the "opinions" which plaintiff seeks to exclude are actually not opinions offered at all, and thus are really not at issue.

1

> Fleetwood clarifies Fribley's opinions with regard to recreational vehicle industry standards.
>
> He (Fribley) explained repeatedly in his deposition that industry standards for the Dubuclet unit were the NFPA 1192 standard which incorporates various other standards such as SAE standards – that the NFPA 1192 standard "involves the whole recreational vehicle." Plaintiffs complain that Mr. Fribley only spoke to the unit meeting NFPA 1192 standards, however, Mr. Fribley explained that the NFPA 1192 standards ARE the recreational vehicle standards.

(Fleetwood's Memorandum in Opposition, p. 4) Thus, it appears that plaintiff's objection to this opinion testimony is moot, in light of Fleetwood's representation herein.

Plaintiff also claims that Fribley is unqualified to render an opinion regarding the trailer's HVAC component. Fleetwood admits that Fribley "did not opine about the sufficiency or insufficiency of the HVAC system in the report he submitted in this case." (Fleetwood's Memorandum in Opposition, p. 5) It is clear that, although Fribley can testify as to what HVAC system is typically incorporated into and used by this manufacturer on the type of trailer at issue in the Dubuclet matter, he cannot testify as to its effectiveness or efficiency in ventilating such unit. Moreover, the Court agrees that Fribley cannot offer the opinion that the HVAC system in the Dubuclet unit met *all* industry standards, since Fribley is not an expert in the field of HVAC and is unfamiliar with certain fundamental concepts of the air exchange rates, as described in plaintiff's Memorandum in Support on p. 5.

As to his opinion regarding maintenance and water damages, Fribley "readily admitted that he does not know when these conditions or damage to the unit occurred – during transportation of the unit to FEMA, during installation, during occupancy by the Dubuclets, during deactivation of the unit by FEMA, or during the time when the unit was stored at FEMA's yard in Lottie,

2

Louisiana." (Fleetwood's Memorandum in Opposition, p. 5)  Accordingly, Fribley cannot testify as to how or when such damage or deterioration to the unit occurred, however, he will be able to testify as to what condition an EHU such as the one at issue herein is in (or should be in) when it leaves Fleetwood's production facility.

Lastly, plaintiff objects to any opinion from Fribley regarding the formaldehyde warning. The Court agrees with plaintiff in this regard.  Certainly, the jury can understand that warnings were made available as to various matters involving this EHU.  Aside from the existence of the warnings, which should be subject to stipulation, this Court has held that it is the province of the jury to determine the adequacy of the warnings in light of the potential danger which existed.  Thus, the Court sees no purpose in allowing Fribley, as an expert witness, to opine about any of the warnings, and Fleetwood agrees that his report in this case "contained no opinions about the warning label." (Fleetwood Memorandum in Opposition, p. 6)

Therefore, for the reasons stated herein, plaintiff's motion is **GRANTED**, and the testimony of expert witness Thomas W. Fribley shall be limited accordingly.

New Orleans, Louisiana, this 24th day of November, 2009.

**KURT D. ENGELHARDT**
**United States District Judge**