UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION "N" (5) |

THIS DOCUMENT RELATES TO
*Dubuclet v. Fleetwood Enterprises, Inc.*

Member Case No. 07-9228

# **ORDER AND REASONS**

Before the Court are two *Daubert* motions: (1) Plaintiff's *Daubert* Motion to Limit the Testimony of H. James Wedner, M.D. (Rec. Doc. No. 6652); and (2) Defendant Fleetwood Enterprises, Inc.'s Motion to Exclude Dr. Patricia Williams's Testimony (Rec. Doc. No. 6664). Both of these motions are opposed. The Court further notes that these two expert witnesses appeared in the first bellwether trial in this multi-district litigation, *Alexander v. Gulf Stream, et al*, No. 09-2892, though issues raised by the subject motions are, in some respects, somewhat different than the objections raised in connection with the prior trial.

1

### A. H. James Wedner, M.D.

Plaintiff objects to Dr. Wedner's testimony because (a) his opinion regarding the effects of gaseous formaldehyde on Type I Gell and Coombs Classification is unsubstantiated; (b) his opinion that there is no evidence to suggest that children and the elderly are more sensitive to formaldehyde is unsubstantiated; and (c) his opinion regarding the cause of nosebleeds is not the result of any study and has no analytical basis to support it.

Although plaintiff vigorously argues that Dr. Wedner cannot substantiate his opinion regarding the effects of gaseous formaldehyde, the Court disagrees. Dr. Wedner's report, as well as his deposition testimony, indicate that he has adequately explained the basis for his belief, subject to traversal by an opposing expert as well as cross-examination before the jury.

Insofar as Dr. Wedner's opinion regarding the effect of gaseous formaldehyde on children and elderly persons, plaintiff selects deposition passages wherein Dr. Wedner is questioned by counsel regarding "articles" generally, in response to which Dr. Wedner declined to engage without counsel specifying which article or articles were at issue. Such is not the proper basis for objecting to Dr. Wedner's opinions, or moving to exclude his testimony. Dr. Wedner repeatedly stated that he would go over and respond to the findings represented in any article presented to him, and the Court finds no basis to exclude an opinion that is otherwise supported because of such failure to identify, at his deposition, specific studies that he may or may not have considered and which may have differing results.

Thirdly, with regard to Dr. Wedner's opinions regarding nosebleeds, and the fact that they are usually caused by one's own fingers, Dr. Wedner has over 40 years in the medical profession, starting with hospital training at Barnes Hospital in St. Louis, Missouri. During such time, he has undoubtedly gained empirical knowledge for the basis of this opinion, without resorting to studies and analysis demonstrating the connection between the insertion of a finger into a nose and a resulting consequential nosebleed.

### B. Patricia M. Williams, Ph.D., DABT

Defendant objects and seeks to exclude Dr. Williams' testimony on grounds that (a) as a toxicologist, Dr. Williams is not qualified to render a causation opinion regarding formaldehyde, (b) she improperly relied upon three inconclusive principal studies for her general causation regarding formaldehyde and eczema, (c) her general causation opinion regarding cancer is not based upon reliable methodology. The Court notes that this third objection is identical to that raised in the *Alexander* matter, and is subject to the Court's previous ruling allowing Dr. Williams' testimony on that point.

Although the three primary studies relied upon by Dr. Williams are less than certain or positively conclusive in their result, plaintiff points out that Dr. Williams did not rely solely on the three studies at issue in this motion. Dr. Williams' report sets forth the basis for her opinion regarding her eczema opinion. Moreover, as a toxicologist, Dr. Williams is qualified to offer such an opinion, subject to proper and substantial research/methodology upon which such an opinion can be founded. Thus, although the defendant appears to have highlighted purported weaknesses or

3

infirmities in Dr. Williams' opinion, the Court does not find sufficient grounds to exclude the opinions of Dr. Williams at trial.

## CONCLUSION

For these reasons, as well as the reasons highlighted in the oppositions to these motions, the Motions to Exclude the Testimony of Experts H. James Wedner, M.D. and Patricia M. Williams, Ph.D., DABT are **DENIED**.

New Orleans, Louisiana, this 24th day of November, 2009.

**KURT D. ENGELHARDT**
**United States District Judge**