## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA
## NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N-4" |
| | * | |
| | * | JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO: | * | |
| Member Case Nos. 09-3943 and 09-3944 | * | MAG. JUDGE CHASEZ |

******************************************************************************

### PLAINTIFFS' OPPOSITION TO BECHTEL NATIONAL, INC.'S MOTION TO CERTIFY THE COURT'S OCTOBER 1, 2009 ORDER (Rec.  Doc. 4366) FOR INTERLOCUTORY REVIEW

**MAY IT PLEASE THE COURT:**

Plaintiffs respectfully submit this opposition to Bechtel National, Inc.'s (hereinafter "Bechtel") Motion to Certify this Court's October 1, 2009 Order for Interlocutory Review. (Rec. Docs. 4366 and 6082).

For the reasons set forth below, Plaintiffs maintain that the requisite elements of 28 U.S.C. § 1292(b) necessary for certifying an order for interlocutory appeal are not presented in the Order at issue.  First, there is no substantial difference of opinion with this Court's ruling that the government contractor defense does not apply to Bechtel's improper installation of the Plaintiffs' emergency housing units (hereinafter "EHUs").  Second, an immediate appeal as to the Kujawa and Bartel Plaintiffs' claims against Bechtel will not materially advance the ultimate termination of this litigation.

### STATEMENT OF MATERIAL FACTS

On August 24, 2009, Bechtel filed a Rule 12(b)(6) motion to dismiss plaintiffs' claims asserting that the government contractor defense barred Plaintiffs' claims. (Rec. Doc. 2796).  On August 26, 2009, Plaintiffs filed an opposition to Bechtel's Rule 12(b)(6) motion

to dismiss. (Rec. Doc. 2894). Bechtel replied to Plaintiffs' opposition (Rec. Doc. 3001) and this Court issued its Order and Reasons denying Bechtel's motion to dismiss based upon the government contractor defense as to Plaintiffs' claims regarding improper installation and granting Bechtel's motion to dismiss as to Plaintiffs' claims of negligent maintenance and inspection. (Rec. Doc. 4366 at 2 and 3). On October 30, 2009, Bechtel filed a motion to certify this Court's October 1, 2009 order for interlocutory review. (Rec. Doc. 6082).

## THIS COURTS RULING ON
### BECHTEL'S GOVERNMENT CONTRACTOR DEFENSE

In its October 1, 2009 Order (Rec. Doc. 4633) this Court found that for many of the same reasons provided in its September 10, 2009 Order and Reasons (Rec. Doc. 3205), Bechtel failed to satisfy the first element of the *Boyle* test, regarding the Government's approval of 'reasonably precise specifications.' (Rec. Doc. 4366 at 2). This Court recognized that while the Government gave Bechtel detailed specifications for "blocking" EHUs it left the "critically important" procedure for "jacking" up the EHUs to Bechtel's discretion. *Id.* This Court further recognized that it is Bechtel's jacking process that Plaintiffs assert caused and/or substantially contributed to the increased levels of formaldehyde emissions in Plaintiffs' EHUs. Because there are many ways to jack up or lift an EHU and many different tools, machines and mechanisms that Bechtel could have utilized, some better than others, the government contractor defense is unavailable to Bechtel with regard to Plaintiffs' claims of improper installation. *Id*

In this Court's September 10, 2009 Order (Rec. Doc. 3205) it rejected the analogous government contractor defense of Fluor Enterprises, Inc. in a related bellwether case. In that order this Court cited the Fifth Circuit's ruling in *Trevino v. General Dynamics, Corp.*,

2

865 F.2d 1474 (5th Cir. 1989), *cert. denied*, 493 U.S. 935, 110 S.Ct. 327, 107 L.Ed.2d 317

(1989)**.** *Id. at* 9. This Court recognized that *Boyle* only protects government contractors

from liability when discretion over the specific design feature in question was exercised by

the government. *Id. at* 10. This Court recognized that the process of jacking up the EHUs

was left to the discretion of the IA/TAC contractors and thus installation very likely varied

from one EHU to the next depending on the individual circumstances affecting each EHU

and its precise location. *Id. at* 11.

This Court also recognized in its September 10, 2009 Order that automatic

satisfaction of the first element of the *Boyle* test is not met by the government's use of the

product. *Id. at* 10. This Court found that the case law is clear that "the use of the product

must be pronounced (i.e., 20 years or more)." *Id*

Accordingly, this Court's Order on the government contractor defense does not

terminate all of Plaintiffs' claims in the Kujawa and Bartel complaints, or the other

complaints in this MDL. Therefore, this court should deny Bechtel's motion for certification

for  interlocutory review.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1292(b), interlocutory review of this Court's Order can only occur

if this Court certifies the order and the Court of Appeals accepts the certification. This

Court has previously stated the appropriate standard for certification of interlocutory

appeals in this litigation:

> Before a district court may certify an order for interlocutory appeal, the
> moving party must demonstrate that the matter involves (1) a controlling
> question of law, (2) as to which there is substantial ground for difference of
> opinion, and (3) an immediate appeal from the order would materially

> advance the ultimate termination of the litigation.  See <u>28 U.S.C. § 1292(b)</u>.
> See also  <u>*Complaint of L.L.P. & D. Marine, Inc.*, Nos. Civ. A 97-1668, 97-2992,</u>
> <u>97-3349, 1998 WL 66100, at \*1 (E.D. La. Feb. 13, 1998)</u> (explaining that the
> moving party bears the burden of "demonstrating the necessity of
> interlocutory appeal").  An interlocutory appeal, however, is "exceptional"
> and assuredly does not lie simply to determine the correctness of judgment.
> <u>*Clark-Dietz & Assocs.-Eng'rs Inc., v. Basic Constr. Co.*, 702 F.2d 67, 68, 69 (5th</u>
> <u>Cir. 1983)</u>.

*In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, Doc. MDL 07-1873, 2008 WL 4923035,

at \*2 (E.D. La. Nov. 13, 2008).  Certification of an interlocutory appeal is within the full

discretion of the district court.  *Complaint of L.L.P. & D. Marine, Inc.,* 1998 WL 66100, at \*1

(E.D. La. Feb. 13, 1998) *citing Swint v. Chambers County Comm'n*, 514 U.S. 35, 115 S.Ct. 1203,

131 (L.Ed.2d 60 (1995).   The moving party must demonstrate the necessity of an

interlocutory appeal.  *Id.*

Although the government contractor defense is an affirmative defense and thus a

controlling issue of law, Bechtel has not met its burden for certification of interlocutory

appeal.  Bechtel has failed to demonstrate that this Court's Order denying its motion to

dismiss related to a question of law as to which there is substantial ground for difference of

opinion.  Furthermore, Bechtel has failed to demonstrate that an immediate appeal would

materially advance the ultimate termination of its role in this litigation.  Because Bechtel

has not met the requirements of 28 U.S.C. § 1292(b) its motion to certify the Court's

October 1, 2009 order for interlocutory review should be denied.

## **ARGUMENT**

### I.    **Bechtel Has Failed to Show Exceptional Circumstances for Interlocutory Review.**

This Court's Order denying Bechtel's government contractor defense as to the

installation of the Plaintiffs' EHUs is well-reasoned, supported by precedent and correctly applies the federal law.  Additionally, Bechtel has failed to demonstrate that there is substantial ground for difference of opinion on the law or that an immediate appeal may materially advance the ultimate termination of this multi-district litigation.  Furthermore, while this Court's Order denying in part and granting in part Bechtel's Rule 12(b)(6) motion may have been "concise," this Court also clearly stated that it did so "[f]or many of the same reasons . . . detailed in the September 10, 2009 Order and Reasons." (Rec. Doc. 3205 and Rec. Doc. 4366 at *2).

**II.     The Fifth Circuit Has Already Spoken on the Point of the Government Contractor Defense.**

This Court's Order, when read in conjunction with the referenced and supporting Order to Fluor Enterprises, Inc.'s government contractor defense (Rec. Docs. 3205 and 4366) is detailed, well-reasoned, supported by binding authority and correctly applies *Boyle's* government contractor defense test, of which there is no substantial difference of opinion.

Substantial ground for difference of opinion appears where:

> a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issues, if the circuits are in dispute on the questions and the Court of Appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.

4 Am.Jur.2d Appellate Review § 128 (2005).  But simply because a court is the first to rule on a question or counsel disagrees on applicable precedent does not qualify the issue as one over which there is substantial disagreement.  *Id.*  Nor does a party's claim that a district court has ruled incorrectly demonstrate a substantial disagreement.  *Wausau Bus. Ins. Co. v. Turner Constr. Co.*, 151 F.Supp.2d 488, 491 (S.D.N.Y. 2001).

*Ryan v. Flowserve Corp.*, 444 F.Supp.2d 718, 723-24 (N.D. Tex. 2006).

A substantial ground for difference of opinion cannot exist regarding this Court's Order because the Fifth Circuit has already spoken on the point of the government contractor defense. The Fifth Circuit has thoroughly addressed the *Boyle* test on several occasions and no question remains in the Fifth Circuit regarding the application of the government contractor defense. Consequently, whether other circuits are in dispute on the application of the government contractor defense is moot, seeing as the Fifth Circuit has already spoken directly to this issue on numerous occasions.

Bechtel may disagree with this Court's application of the *Boyle* test and interpretation of the binding Fifth Circuit case law, however, this does not qualify as a substantial disagreement requiring interlocutory review.

The Supreme Court in *Boyle v. United Technologies Corp.*, 108 S.Ct. 2510, 2518 (1988) provided three necessary elements that must be met before a contractor may avail themselves of the government contractor defense. The three *Boyle* elements that must be met are: 1) the government approved reasonably precise specifications; 2) the equipment conformed to those specifications; and 3) the contractor warned the government about the dangers in the use of the equipment that were known to the contractor but not to the government. *Id.*

The Fifth Circuit, less than eight months later thoroughly analyzed and applied the *Boyle* test in *Trevino v. General Dynamics Corp.*, 865 F.2d 1474 (5th Cir. 1989). This Court cited the Fifth Circuit's reasoning and application of the *Boyle* test in its related and supporting order pertaining to Fluor Enterprises, Inc.'s government contractor defense. (Rec. Doc.

3205 at 9).

The great weight of the Fifth Circuit cases support this Court's application of the *Boyle* test and reliance upon *Trevino.* Bechtel cites Fifth Circuit cases for the proposition that the Fifth Circuit is split on the application of the first and second elements of the Boyle test. However, these cases either are easily distinguishable or support this Court's Order. The one case cited by Bechtel that conflicts with the Fifth Circuit and this Court's application of the first element of the Boyle test is non-binding on this court and is from a District Court in the Eastern District of Virginia. *See, Gauthreaux v. United States*, 2009 WL 3366931 (E.D. Va. Oct. 16, 2009).

**A.**     **The Court Correctly Applied the Boyle Test To The Improper Lifting and Installation of Plaintiff' EHUs.**

Bechtel asserts that Plaintiffs cannot plead around the government contractor defense by challenging a narrow aspect of Bechtel's work that the government contract did not specifically address. (Rec. Doc.  6082 at 4).

In *Bailey v. McDonnel Douglas Corp.*, 989 F.2d 794, 799 (5th Cir. 1993), the Fifth Circuit found that "Boyle makes clear that the requirements of 'reasonably precise specifications' and conformity with them refer to the particular feature of the product claimed to be defective." *Boyle* requires that the government must provide precise specifications leaving no discretion to the contractor. *Boyle*, 487 U.S. at 513.  The Fifth Circuit in *Trevino* held that imprecise or general guidelines implicitly gave contractors discretion. *Id. at* 1480-81.

Silence in the government specifications regarding the defective feature or process is the equivalent of granting the contractor full discretion as to how to perform that portion

7

of the contract.  If imprecise or general guidelines implicitly give contractors discretion, it follows that complete silence gives a contractor full discretion over the alleged defective process.  If there is any discretion left to the contractor, the government contractor defense does not apply.

Bechtel relies upon the non-binding decision of the Second Circuit in *In re Agent Orange*, 517 F.3d 76 (2d Cir. 2008) for its assertion that Plaintiffs may not evade the government contractor defense by mischaracterizing the contract's requirements.  (Rec. Doc. 6082-3 at 4).  *In re Agent Orange* is distinguishable from the facts of this case and is not applicable to this Court's Order and application of the *Boyle* test.

First, related MDL cases concerning the military's use of Agent Orange had been through thirty-five years of discovery.  *Id. at* 82.  In this case there has been no discovery beyond very limited class certification discovery.  Second, Plaintiffs in *In re Agent Orange* argued that there were no specifications regarding the defective feature, dioxin, and thus the government exercised no discretionary authority.  *Id. at* 83.  The Second Circuit found that the allegedly defective-dioxin did not commercially exist apart from the agent orange herbicide and was a byproduct of the specific requirement of the government contract specifying the percentage and purity of the combined chemicals. *Id. at* 88-89.

While at first glance the nonexistence of dioxin apart from agent orange may appear to be analogous to the relationship between lifting an EHU prior to blocking and leveling that is not the case.  The lifting or jacking of an EHU exists separate and apart from blocking and leveling.  Unlike dioxin in agent orange, Bechtel was not limited by government specifications as to the precise method of getting the EHUs from the ground to the blocks.

As this Court noted, lifting is separate from blocking and leveling and there are many different ways to lift an EHU and many different tools, machines and mechanisms that can be utilized. (Rec. Doc. 4366 at 2). Unlike the contractor in *In re Agent Orange* who was limited by specifications regarding the percentages of the chemicals and the purity of the final product, Bechtel was given general installation instructions regarding blocking, leveling and the provision of safe and habitable housing that left full discretion with Bechtel regarding how the EHUs would be lifted.

Plaintiffs did not, as Bechtel asserts, define the defective process of lifting the EHUs too narrowly. Lifting or "jacking up" is the design feature which Plaintiffs allege damaged the frame of the EHUs and led to increased emission of formaldehyde. (Rec. Docs. 2721-4. at ¶¶ 39, 41, and 42 and 2721-5 at ¶¶ 33-35) . Furthermore, the Second Circuit acknowledged that the first two requirements of *Boyle* assured that the design feature in question was considered by the government officer and not merely by the contractor itself. *Id. at* 88. In this case the design feature in question, lifting, was not considered by a government officer and was left to the sole discretion of the contractor.

**B.     The Court Correctly Applied the First Element of The Boyle Test - Reasonably Precise Specifications For the Particular Process Plaintiffs Assert Is Defective - To The Lifting and Installation of The EHUs.**

Bechtel asserts that several Fifth Circuit cases provide substantially different opinions regarding this Court's application of the first *Boyle* element of reasonably precise specifications.

Bechtel asserts that the Fifth Circuit "has never regarded mere 'silence' in the specifications as sufficient grounds for defeating the defense" and that 'it is possible to

have an allegedly defective feature about which the government's specifications are silent.' (Rec. Doc. at 6082-3 at 6-7), *citing Bailey*, 989 F.2d at 799, 801.  However, what Bechtel fails to mention is that the Fifth Circuit also noted that if the court were applying the government contractor defense to an allegedly defective feature on which the government specifications were silent,  the first *Boyle* condition-reasonably precise specifications - would probably be in issue with respect to that feature.  *Id. at* 799, FN 9 and *at* 801 FN15. Additionally, the reasonably precise specifications and conformity with them refer to the particular feature or process claimed to be defective, and the contractor is protected from liability "only where discretion over the design feature in question was exercised by the government."  *Id. at* 799 *(emphasis added).  Boyle's* first and second elements were correctly applied by this Court to the defective lifting of the Plaintiffs' EHUs, over which the government exercised no discretion.

There is no substantial ground for difference of opinion between this Court's Order and the Fifth Circuit case *Kersetter v. Pac. Sci. Co.*, 210 F.3d 431 (5th Cir. 2000).  Bechtel uses *Kersetter* to support its argument that it may assert the government contractor defense even when the Plaintiffs' suit rests on defects that neither the contractor nor government considered.  (Rec. Doc. 6082-3 at 7).  Bechtel also cites *Kersetter* for a broader interpretation of the reasonably precise element of the *Boyle* test to extend to specifications that address the feature in question even if the specifications are silent as to 'the specific defect.'  *Id. at* 9-10.

In *Kersetter*, the Fifth Circuit found that specifications do not have to address the specific alleged defect if the government evaluated the design feature in question.  210 F.3d

at 435.  The government's evaluation must include a substantive review of the specifications for *Boyle's* approval of reasonably precise specifications element to be met. *Id.*  The Court provided three factors to determine whether a substantive review occurred: 1) whether the government examined the drawings; 2) whether the government evaluated the defective design or process from time to time; and 3) whether there was criticism and extensive government testing - a 'continuous back and forth' between the contractor and the government.  *Id. at* 435 and 437.

This Court's application of the reasonably precise specifications element of the *Boyle* test does not substantially differ from the Fifth Circuit's application in *Kersetter* because the government did not substantially review Bechtel's lifting of the EHUs to meet the reasonably precise specifications element.  Bechtel has not produced any lifting or jacking drawings or instructions that the government reviewed.  Nor has Bechtel shown that a government employee was present when the EHUs were lifted and placed on blocks. Finally, Bechtel has failed to show any testing of various lifting methods, tools, machines or mechanisms or continuous communication with the government regarding lifting the EHUs prior to blocking them.

Bechtel has shown that the government issued a ready for occupancy certificate for both units.  (Rec. Doc. 2796-11 and Rec. Doc. 2796-12).  The Bartels' inspection package states that "unit is set up and level on jacks" however, nowhere does it mention approval, examination, evaluation at the time of lifting, testing or communication regarding the actual lifting of the unit.  (Rec. Doc. 2721-12 at 7).  Neither of these inspection packages meets the three factors required by *Kersetter* for reasonable precise specifications for

lifting the EHUs prior to blocking and leveling.  *Id.*   Therefore, there is no substantial difference between this Court's application of the first *Boyle* requirement and the Fifth Circuit in *Kersetter*.

There is no substantial ground for difference of opinion between this Court's order and the Fifth Circuit case *Baldassaro v. United States*, 64 F.3d 206 (5th Cir. 1995).  Bechtel uses *Baldassaro* to support its argument that courts cannot require the government to specify every step or 'almost any exercise of governmental discretion could be overly parsed so as to focus on minute details of sub-decisions to the point that any relationship to policy would appear too attenuated.'  (Rec. Doc. 6082-3 at 8).

*Baldassaro* involved the discretionary function exception of the Federal Tort Claims Act in a suit against the United States Government for injury to a seaman.  64 F.3d at 207-208.  Neither the government contractor defense nor the *Boyle* requirements for its applicability were mentioned or discussed.  *Baldassaro*, 64 F.3d 206.  Therefore, this case does not present a substantial ground for difference of opinion with this Court's order.

Bechtel cites other Fifth Circuit cases which it asserts support a broad interpretation of the reasonably precise specifications element, which are substantially different from this Court's application of the element in its Order.  However, all of these cases are distinguishable and none present a substantial conflict or difference of opinion with this Court's Order.[1]

---

[1] 1) *Smith v. Xerox Corp.*, 866 F.2d 135 (5th Cir. 1989) applying *pre-Boyle* case law to reasonably precise specifications requirement where U.S. Navy worked with contractor to prepare detailed specifications, there were back-and-forth discussions between Navy and contractor engineers, and contractor built a mock-up that Navy reviewed and approved.; 2) *Skyline Air Serv., Inc. V. G.L. Capps Co.*, 916 F.2d 977 (5th Cir. 1990) government contract

Bechtel has failed to prove that this Court's Order is contrary to rulings of the Fifth

Circuit which have already spoken to the government contractor defense.  Therefore,

Bechtel has not proven that there is substantial ground for difference of opinion as

required by 28 U.S.C. § 1292(b) and Bechtel's motion to certify the Court's October 1, 2009

order for interlocutory review should be denied.

### C.   The Government Did Not Approve Reasonably Precise Specifications Through Post-Performance Inspections, Government Acceptance and Use of The EHUs.

Bechtel asserts that any silence in the specifications as to the defects in lifting and

installing the EHUs were "accounted for or otherwise erased by the Government's

inspections, acceptance, and use of Bechtel's work.  (Rec. Doc. 6082-3 at 12).  To support

this proposition Bechtel cites two Fifth Circuit cases, *Kersetter* and *In re Air Disaster*, 81

F.3d 570 (5th Cir. 1996).  Neither *Kersetter* nor *In re Air Disaster* present substantial ground

for difference of opinion with this Court's Order.

This Court's Order did not address the approval of specifications through

performance inspections and acceptance and use of the EHUs. (Rec. Doc. 4366).  However,

---

required strict adherence to government-approved detailed specifications, no deviations to
specifications or drawings were permitted without government approval, contractor
strictly followed procedures to ensure compliance with specifications, and military
inspector inspected and certified that aircraft complied with all contract specifications;  3)
*Stout v. Borg-Warner Corp.*, 933 F.2d 331 (5th Cir. 1991) specifications included engineering
design drawings, specifications required "shop drawings" and pre-production models,
detailed engineering analysis was reviewed and approved by Army engineers, prototype
models underwent extensive testing for several months; and after Army engineers final
approval of the detailed engineering drawings the design was "frozen,"4) *Winters v.
Diamond Shamrock Chem. Co.*, 149 F.3d 387 (5th Cir.) Government contractor defense was
raised only as a colorable defense to support removal under Federal Officer Removal
Statute and court did not decide merits of government contractor defense.

in this Court's September 10, 2009 Order denying the government contractor defense to Fluor Enterprises, Inc. the Court found that automatic satisfaction of the first element of the *Boyle* test is not met by the government's use of the product.  (Rec. Doc. 3205 at 10).  This Court found that the case law is clear that "the use of the product must be pronounced (i.e., 20 years or more)." *Id.*   The Court cited as an example *In re Air Disaster*, 81 F.3d 570 (5th Cir. 1996) to support its finding that acceptance and use of the product must be for twenty or more years.  (Rec. Doc. 3205 at 10).

There is no substantial ground for difference of opinion between this Court's Order and the Fifth Circuit cases of *Kersetter*, 210 F.3d 431 (5th Cir. 2000), and *In re Air Disaster*, 81 F.3d 570 (5th Cir. 1996).

In *Kersetter* approval of the specification was found when the government substantively reviewed the defective feature in question.  *Kersetter,* 210 F.3d at 435.  As previously discussed, the court provided three factors to determine if there was <u>substantive review </u>by the federal government.  *Id.*   The three factors are: 1) whether the government examined the drawings; 2) whether the government evaluated the defective design or process from time to time; and 3) whether there was criticism and extensive government testing - a 'continuous back and forth' between the contractor and the government.  *Id. at* 435 and 437.

Bechtel has failed to show that there was any substantive review of the lifting or jacking specifications in this case.  Bechtel has not produced any lifting or jacking drawings or instructions that the government reviewed.  Nor has Bechtel shown that a government employee was present when the EHUs were lifted and placed on blocks.  Finally, Bechtel

14

has failed to show any testing of various lifting methods, tools, machines or mechanisms or continuous communication with the government regarding lifting the EHUs prior to blocking them.

Furthermore, contrary to Bechtel's assertions, the government did not substantially review Bechtel's lifting of the EHUs to meet the reasonably precise specifications element. Bechtel refers to the government's "Temporary Housing Unit Inspection Report," Declaration FEMA employee Stephen C. Miller and the  Kujawa and Bartel EHU Inspection packets to support its claim that the government inspected and approved its work.  (Rec. Doc. 6082-3 at 12).  However, the documents Bechtel refers to are simply ready for occupancy approval worksheets filled out by what was likely a non-expert and a FEMA employee affidavit stating that the worksheet was a walk through inspection to ensure the EHU was new, contained all the amenities and was not damaged in transit.  *See* (Rec. Docs.196-21 at 3, 196-22, 2796-11 and 2796-12).  The worksheets merely provid a check list that ensures the utilities were connected, the EHU was on blocks, the steps were connected, all furnishings were present and undamaged and that there was no damage to the outside of the EHU.  (Rec. Docs. 196-22, 2796-11 and 2796-12).  Bechtel fails to show that the government substantively reviewed the defect at issue, the process used to the lift the EHUs prior to putting them on blocks and leveling them.

Additionally, this Court's Order does not substantially differ or conflict with the Fifth Circuit's decision in *In re Air Disaster.* 81 F.3d 57 (5th Cir. 1996).  As previously recognized the air craft  in question in *In re Air Disaster* was used for more than twenty years before it allegedly caused plaintiff's injuries. *Id. at* 575.  Furthermore, the Air Force

15

inspectors were present and actively involved throughout the design, review, development and testing of the air craft. *Id.*  Bechtel has failed to show: 1)  that EHUs have been used for more than twenty years, 2) government employees were actively involved throughout the design of the process to lift the EHUs onto blocks; 3) government employees reviewed the lifting process; or 4) government employees were present for any testing of the lifting process.  Therefore, this Court's Order does not conflict with the Fifth Circuit's decisions.

Bechtel also cites 48 C.F.R. § 52.246-5(c) and (d) to assert that the government's failure to require them to re-perform any work that did not conform to the contract was essentially approval of Bechtel's negligent process of lifting the EHUs onto blocks.  (Rec. Doc. 6082-3 at 12).  Bechtel further asserts that the government's failure to exercise its option to unilaterally change the scope of Bechtel's work order as permitted by 48 C.F.R. § 52.243-2 was essentially approval of Bechtel's negligent process of lifting EHUs onto blocks.  *Id.*

Bechtel must show substantial ground for difference of opinion to meet the requirements of 28 U.S.C. § 1292(b) for certification for interlocutory review.  Bechtel's claim that this Court ruled incorrectly and that the ruling conflicts with 48 C.F.R. § 52.246-5(c) and (d) and  48 C.F.R. § 52.243-2 does not demonstrate a substantial disagreement. Bechtel has failed to provide any rulings by any other court interpreting 48 C.F.R. § 52.246-5(c) and (d) and 48 C.F.R. § 52.243-2 in relation to the government contractor defense or the *Boyle* test.

Consequently, Bechtel has not shown that there is substantial ground for difference of opinion within the Fifth Circuit regarding this Court's application of the *Boyle* test and

the government contractor defense, as required by 28 U.S.C. § 1292(b). *Clark-Dietz &*

*Assocs.-Eng'rs v. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir. 1983). Accordingly, Bechtel's

motion to certify this Court's October 1, 2009 order for interlocutory review should be

denied.

III.    **An Immediate Appeal of This Court's Ruling On Bechtel's Government Contractor Defense in the Kujawa and Bartel Cases Will Not Materially Advance the Ultimate Termination This Litigation.**

Certification of an interlocutory appeal requires that an immediate appeal of the

order may materially advance the ultimate termination of the litigation. 28 U.S.C. §

1292(b). This Court has denied interlocutory review when a dismissal of the claim would

have only spawned new, separate lawsuits against the defendants and prolonged the

litigation. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, Doc. MDL 07-1873, 2008 WL

4923035, at *2 (E.D. La. Nov. 13, 2008). Material advancement of the ultimate termination

of the litigation requires that the resolution of the issue must eliminate the need for trial,

eliminate complex issues or streamline issues to simplify discovery. *Complaint of L.l.P. & D*

*Marine, Inc.* at *2 citing *Orson, Inc. V. Miramax Film Corp.*, 867 F.Supp. 319, 322 (E.D.Pa.

1994). An interlocutory appeal should only be granted when "resolution of that question

will materially advance, not retard, [the] ultimate termination of the litigation." *Clark-Dietz*

*& Assocs.-Eng'rs Inc.*, 702 F.2d at 69.

As this Court stated in its Orders (Rec. Doc. 3205 at 11 and Rec. Doc. 4366 at 2) the

specific lifting or "jacking" up process at issue was left to the discretion of Bechtel and

other IA/TAC contractors. There are many different ways to go about "jacking" up or lifting

EHUs from the ground to the concrete blocks and there are many different tools, machines

and mechanisms to accomplish the lifting process. *Id.* As this Court found, this process will vary from one EHU to the next depending on the individual circumstances affecting installation. *Id.* Bechtel has provided no evidence that the Kujawa and Bartel EHUs were lifted and installed in the same manner.  Nor has Bechtel shown that each of the thousands of EHUs it installed along the Gulf Coast following hurricanes Katrina and Rita were installed in the same manner.

Each case will vary depending on the specific facts surrounding the lifting and installation process of each EHU.  Additionally, Bechtel has not shown that the lifting and installation of the Kujawa and Bartel EHUs were representative of the process used in installing each of the thousands of EHUs, but rather this issue is raised in the Kujawa and Bartel cases because they are the first cases to be transferred into the MDL. Therefore, an immediate appeal will not ultimately terminate the litigation in this MDL.   Hundreds if not thousands of other cases against Bechtel will be filed into this MDL. Dismissing Bechtel from the Kujawa and Bartel lawsuits will only spawn new, separate lawsuits against Bechtel, thus prolonging the litigation of the MDL.

Furthermore, this Court's Order only addressed the first element of the *Boyle* test, finding that the Government's approval of 'reasonably precise specifications' was not satisfied.  (Rec. Doc. 4366 at 2).  The *Boyle* test consists of three elements, all of which must be proven by Bechtel for the government contractor defense to apply. *Boyle* 108 S.Ct. at 2518.

Because this Court determined that the first element of the *Boyle* test was not met by Bechtel it did not reach the second and third elements of the *Boyle* test.  (Rec. Doc. 4366

at 2).  Consequently, the second and third elements would still have to be discussed and proven by Bechtel.  Thus, an immediate appeal of this Court's order would not materially advance the ultimate termination of this litigation as required by 28 U.S.C. § 1292(b) and Bechtel's motion to certify the Court's October 1, 2009 order for interlocutory review should be denied.

**IV.   Plaintiffs' Complaint for Damages States a Plausible Claim For Relief, Specifically That Bechtel's "Jacking" of the EHUs Made the Pre-Existing Presence of Formaldehyde Worse, Thus Contributing to Plaintiffs' Injuries.**

To certify this issue for interlocutory appeal Bechtel must meet the requirements of 28 U.S.C. § 1292(b) as previously stated by this Court by demonstrating that review of this Court's denial of its Rule 12(b)(6) motion to dismiss on government contractor grounds involves: (1) a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order would materially advance the ultimate termination of the litigation. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, Doc. MDL 07-1873, 2008 WL 4923035, at *2 (E.D. La. Nov. 13, 2008) (citations omitted).  Certification of an interlocutory appeal is within the full discretion of the district court. *Complaint of L.L.P. & D. Marine, Inc.,* 1998 WL 66100, at *1 (E.D. La. Feb. 13, 1998) *citing Swint v. Chambers County Comm'n*, 514 U.S. 35, 115 S.Ct. 1203, 131 (L.Ed.2d 60 (1995).  The moving party must demonstrate the necessity of an interlocutory appeal.  *Id.*

To show a substantial ground for difference of opinion Bechtel must demonstrate that this Court's Order is contrary to the ruling of all Courts of Appeals which have reached this issue.  *Ryan,* 444 F.Supp.2d at 723 *citing* 4 Am.Jur.2d Appellate Review § 128 (2005). A party's disagreement on applicable precedent does not qualify as substantial

19

disagreement. *Id. at 724.*  Nor does Bechtel's claim that this Court ruled incorrectly qualify as a substantial disagreement. *Id. at 724 citing Wausau Bus. Ins. Co. v. Turner Constr. Co.*, 151 F.Supp.2d 488, 491 (S.D.N.Y. 2001).

Bechtel seeks to reargue its Federal Rule of Civil Procedure 12(b)(6) motion to dismiss on governmental contract grounds through its motion to certify for interlocutory review.  (Rec. Doc. 6082-3 at 14). Bechtel fails to demonstrate a question of law which courts substantially disagree.  Bechtel cites no cases in any appellate court in any circuit which substantially disagrees with this Court's Order.   Bechtel merely applies its own interpretation of the Supreme Court's ruling in *Ashcroft v. Iqbal* and asserts that it conflicts with this Court's Order and application of Federal Rules of Civil Procedure 8 and 12(b)(6). Bechtel's interpretation that *Iqbal* presents a substantial ground for difference of opinion that conflicts with this Court's Order does not meet the standard required by 28 U.S.C. § 1292(b).  Therefore, Bechtel has not demonstrated that this Court's order should be certified for interlocutory appeal and thus should be denied.

## CONCLUSION

Because Bechtel has failed to meet its burden of demonstrating any substantial ground for difference of opinion in the Fifth Circuit with this Court's correct application of the government contract defense and has failed to show that an immediate appeal from this Court's Order would materially advance the ultimate termination of the litigation, its request for certification of this Court's Order denying Bechtel's motion to dismiss Plaintiffs' improper installation claims based upon the government contractor defense should be denied.

20

Furthermore, Bechtel has failed to meet its burden of demonstrating any substantial ground for difference of opinion in any circuit with this Court's correct application of Federal Rules of Civil Procedure 8 and 12(b)(6).  Therefore, Bechtel's motion to certify for interlocutory review this Court's denial of the governmental contractor defense as to the Plaintiffs' improper installation ("jacking") claims should be denied.

Respectfully submitted,

  /s/ Hugh P. Lambert

 HUGH P. LAMBERT, ESQ. (LA Bar #7933)
LINDA J. NELSON, ESQ. (LA Bar #9938)
LAMBERT & NELSON, PLC
701 Magazine Street
New Orleans, LA 70130
Telephone: (504)581-1750
Facsimile: (504)529-2931
hlambert@lambertandnelson.com
lnelson@lambertandnelson.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing pleadings were served on all counsel of record through electronic notification pursuant to the electronic filing in the United States District Court for the Eastern District of Louisiana this 24th day of November, 2009.

  /s/ Hugh P. Lambert
Hugh P. Lambert, Esq. (#7933)