# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | **MDL NO. 1873** |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | **SECTION "N" (5)** |
| | * | |
| | * | **JUDGE ENGELHARDT** |
| | * | **MAGISTRATE CHASEZ** |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Charlie Age, et al v. Fluor Coach* | * | |
| *Inc., et al*, Docket No. 09-2892; | * | |
| Alana Alexander, individually and on behalf of | * | |
| Christopher Cooper | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S OPPOSITION TO DEFENDANT FLUOR'S MOTION TO ASSESS TAXABLE COSTS

Plaintiff Alana Alexander, individually and on behalf of her son, Christopher Cooper ("Ms. Alexander" or "Plaintiff"), responds to Defendant Fluor Enterprises, Inc.'s ("Fluor") Motion to Assess Taxable Costs (Doc. 6427), and, in support, would show:

## BACKGROUND

Fluor seeks an award of costs[1] in the amount of $132,535,20 from Ms. Alexander, a single mother of two children who works for a KIPP school.  Fluor seeks costs for a litany of items that are clearly not permissible.

## ARGUMENT AND AUTHORITIES

Pursuant to FED. R. CIV. P. 54(d)(1), costs are generally to be awarded as a matter of course, unless the Court directs otherwise.  The types of costs awardable under Rule 54(d) are limited to those enumerated in 28 U.S.C. § 1920.  *Crawford Fitting Co., v. J.T. Gibbons, Inc.* 482

---

[1] Plaintiff understands that the District Clerk is considering Fluor's request and that the Court is not. Plaintiff reserves the right to seek relief from the Court on the District Clerk's award of costs.

U.S. 437, 441-442 (1987).   Section 1920 permits the following recoverable costs:

(1)     Fees of the Clerk and Marshal;

(2)     Fees of the Court reporter for all or any part of the stenographic transcript obtained for use in the case;

(3)     Fees and disbursements for printing and witnesses;

(4)     Fees for exemplification and copies of papers necessarily used for use in the case;

(5)     Docket fees under § 1923;

(6)     Compensation of court-appointed experts, compensation for interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828.

Section 1920 "embodies Congress' considered choice as to the kinds of expenses that a federal court may tax as costs against the losing party." *Id.* at 440.   Costs not listed in Section 1920 may not be taxed to the losing party unless they are specifically authorized by some other statute or by contract.   *Id.;* see also *Mota v. University of Texas Houston Health Science Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001); *Coats v. Penrod Drilling Corp.*, 5 F.3d. 877, 891 (5th Cir.1993)("A district court may decline to award the costs listed in the statute but may not award costs omitted from the list.")

Plaintiff will take each item of allowable costs in turn.

## I.      Fees of the Clerk and Marshal

Fluor claims no costs under this provision.

## II.     Fees of the Court reporter for all or part of the stenographic transcript obtained for use in the case.

Fluor claims costs in the amount of $94,613.86 under this section.   This includes for deposition videos, videographer fees, e-tran fees, expedition fees, deposition transcript,

2

deposition "synch" fees[2], daily feed of trial transcripts.  Plaintiff has added up these amounts and find that the invoices actually amount to approximately $90,500.00—further proof that Fluor is submitting claims without sufficient backup.

First, Section 1920 does not allow for recovery of "synch" fees, e-tran fees, or expedition fees.   Fluor does not offer any authority in support of this claim.   Since these fees are not enumerated in Section 1920, they should not be allowed.  *Crawford Fitting Co.,* 482 U.S. at 441-442; *Coats*, 5 F.3d. at 891.

Second, as to the fees associated with video depositions, the Fifth Circuit has recently made it clear that this is not a recoverable cost:

> The court erred in taxing the University with the cost of videotaped depositions. We have observed that "28 U.S.C. § 1920(2) only allows for the recovery of '[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case.'  There is no provision for videotapes of depositions." This reading is consistent with the text of 28 U.S.C. § 1920(2) and the Supreme Court's admonition that we strictly construe this provision.

*Mota v. University of Texas Houston Health Science Center*, 261 F.3d 512, 529-30 (5th Cir. 2001)(citing *Crawford Fitting Co.*, 482 U.S. at 441-42); *see also Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir.1998)(same).    The Clerk should not award any costs for video deposition charges or videographer fees.

Further, costs of depositions taken purely for discovery or investigative purposes, rather than for trial preparation or trail use, ordinarily are not recoverable.  *Coats,* 5 F.3d at 891.  Fluor has failed to segregate which depositions it took for trial preparation or trial use versus discovery.    Therefore, Fluor's costs for deposition transcripts should not be allowed because

---

[2] Presumably, fees associated with synchronizing a deposition transcript with its video counterpart.

Fluor failed to meet its burden.   At best, Fluor should be required to re-submit a new request for

costs which properly meets its burden.

Fluor also seeks costs of expedited daily transcripts of the trial and pre-trial hearings for

use by its counsel.   "It is the rule in the Fifth Circuit that a copy of a transcript of the trial

evidence obtained by counsel for use during trial is not a taxable item." See *Hiller v. Merrill*

*Lynch, Pierce, Fenner & Smith, Inc.*, 60 F.R.D. 87,87 (N.D. Ga. 1973) (emphasis supplied);

*United States v. Lynd*, 334 F.2d (5th Cir. 1964); *Carmichael v. Allen*, 267 F. Supp. 985 (N.D. Ga.

1965); *Department of Highways v. McWilliams Dredging Co.*, 10 F.R.D. 107 (W.D. La. 1951),

*aff'd*, 187 F.2d 61 (5th Cir. 1951).  The Court may not award transcript fees when used merely

for attorney convenience." *Bats, Inc. v. Vector Pipeline LP*, 222 F.R.D. 356, 359 (D. Ind. 2004);

*Brumley Estate v. Iowa Beef Processors, Inc.*, 704 F.2d 1362, 1363 (5th Cir. 1983).

As the court, in *Zapata Gulf Marine Corp. v. Puerto Rico Maritime Shipping Authority*,

133 F.R.D. 481, 484 (E.D. La. 1990), explained:

> Daily transcripts of trial proceedings are not customary.  In this case, the parties
> infrequently referred to the daily transcripts during testimony.  Considering that
> the trial lasted eight weeks, it is likely that the lawyers personally used the daily
> transcripts to refresh their memories of past testimony.  Any one of the lawyers
> sitting with trial counsel could have taken notes for that purpose.  Both trial
> attorneys in this case are partners in large law firm with extensive staff support.
> Accordingly, the court finds that the daily transcripts were obtained primarily for
> the convenience of the lawyers are were not necessarily obtained for use in that
> case.

*See also In re Nissan Antitrust Litigation*, 577 F.2d 910, 918 (5th Cir. 1978), *cert denied*, *P.D.Q.,*
*Inc. of Miami v. Nissan Motor Corporation in U.S.A.*, 439 U.S. 1072 (1979); *Harris Corp. v.*
*Sanyo N. Am. Corp.*, 2002 U.S. Dist LEXIS 3608 (N.D. Tex., Mar. 4, 2002).

Courts within this judicial district agree:

Daily transcripts are not routinely prepared.  In this case, there was little occasion

4

> for the Court or the jury to make use of the daily transcripts, and post-trial findings of fact were not necessary.  The Court finds that the daily transcripts were a luxury item obtained primarily for the convenience of counsel and were not necessarily obtained for use in the case.  Accordingly, $45,435.90 will be deducted from the costs taxed to the plaintiffs.

*Industrial Risk Insurers v. New Orleans Public Service, Inc*., 1991 U.S. Dist. LEXIS 259 (E.D. La. 1991).

To have any basis on which to award the cost of daily transcripts under any circumstances, the Fifth Circuit has required that a court find both that such transcripts were "not obtained primarily for the convenience of the parties but were "necessarily obtained for use in this case." *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991); *Bolton v. Resoro Petroleum Corp*., 871 F.2d 1266, 1278 (5th Cir. 1989); *Studiengesellschaft Kohle v. Eastman Kodak Co*. 713 F.2d 128, 133 (5th Cir. 1983).  A finding of necessity is a factual finding [*Studiengesellshaft*, 713 F.2d at 133] on which Fluor bears the burden of proof.  *Fogleman*, 920 F.2d at 286; *Datapoint*, 1998 U.S. Dist. LEXIS 10897.  Thus, Fluor was required to come forward with "affirmative proof that without the daily transcripts, the presentation of [its] case would have been adversely affected."  Fluor has failed to meet its burden and it should not be awarded costs for daily transcripts.

**III.**     **Fees and disbursements for printing and witnesses.**

Fluor does not seek costs under this provision.

**IV.**     **Fees for exemplification and copies of papers necessarily used for use in the case**.

Fluor seeks $32,370.30 for under this section. However, Fluor does not break this out and a review of the invoices shows that this apparently includes copies (including color copies), imaging costs (pdf conversion, OCR, character recognition, logical document determination

costs), scanning costs, bates labeling, DVD and CD production and duplication, supplies (tabs and binders). Aside from copies, none of these items are recoverable costs under Section 1920. Fluor's Motion should be denied entirely for seeking recover of these clearly unrecoverable costs.

As to copies, a party's request for the costs of copying documents must include a showing of a sufficient nexus between the costs incurred and the litigation. *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir.1991) ("While we certainly do not expect a prevailing party to identify every xerox copy made for use in the course of legal proceedings, we do require some demonstration that reproduction costs necessarily result from that litigation."); *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir.1994) (vacating costs awarded for photocopying where the district court neglected to make the requisite finding of necessity). Expenses for copies made solely for convenience of counsel or the litigant's own use are not recoverable. *Haroco, Inc. v. American Nat'l Bank & Trust Co. of Chicago*, 38 F.3d 1429, 1441 (7th Cir. 1994).

Fluor has failed to identify which of its copy costs were necessary for trial. All Fluor did is provide a litany of copy and printing invoices. As such, Fluor has failed to meet its burden and, thus, it should not be awarded these costs. A t best, Fluor should be required to re-submit a new request for costs which properly meets its burden.

**V.    Docket fees under § 1923**.

Fluor does not appear to seek costs under this provision.

**VI.    Compensation of court-appointed experts, compensation for interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828.**

Gulf Stream seeks no costs under this section.

6

**VII.**   **Fees for Service of Summons and Subpoena**

Fluor seeks $913.50 for service of summons and subpoena.  Section 1920 does not list this as a proper recoverable cost.  Therefore, this cost should be denied.

**VIII.**   **Other Costs**

Fluor seeks "other costs" in the amount of $4,637.54.  Fluor provides no basis for this request, much less what these costs are for.  Since these unknown costs are obviously not enumerated in Section 1920, they should be denied.

It is amazing that Fluor would seek recovery of these fees against Ms. Alexander. Perhaps they assumed that no one would actually review their backup, but we did.  In sum, Fluor's request is largely unsubstantiated in fact or in law and should be denied.

## REQUEST TO OTHERWISE LIMIT OR DENY COSTS

Plaintiff understand that Fluor's Motion will be presented to the District Clerk, which is what Rule 54(d)(1) contemplates.  *Buchanan v. Stanships, Inc*., 485 U.S. 265, 267 (1988).   The Clerk's role in taxing costs awards, while quasi-judicial, is essentially ministerial and the Clerk has no jurisdiction to consider certain equities when taxing costs.  *In re Paoli R.R. PCB Litig*., 221 F.3d 449, 461 (3rd Cir. 2000).  Thus, Plaintiff reserves the right to seek review of the Clerk's action pursuant to FED. R. CIV. P. 54(d)(1) on the grounds as set forth herein, along with the following grounds:

1) Fluor's request for costs is in large part meritless and unreasonably large, *Andretti v. Borla Performance Industries, Inc*., 426 F.3d 824, 836 (6th Cir. 2005); *White & White, Inc. v. American Hosp. Supply Corp*., 786 F.2d 728, 730 (6th Cir. 1986); *Jansen v. Packaging Corp. of America*, 898 F.Supp. 625, 629 (N.D. Ill. 1995);

2) because of the indigence of the Plaintiff, *Association of Mexican-American Educators v. State of Calif.*, 231 F.3d 572, 592 (9th Cir. 2000); *Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000); *Burroughs v. Hills*, 741 F.2d 1525, 1542 (7th Cir. 1984)(concurring opinion);

3) because of the circumstances and importance of this case, in that it was the first bellwether trial from a plaintiff roster numbering in the tens of thousands, S*tanley v. University of So. Calif.*, 178 F.3d 1069 (9th Cir. 2000), *Association of Mexican-American Educators*, 231 F.3d at 593;

4) because any costs awarded should be apportioned among all plaintiffs in this MDL, *see e.g. White v. Sundstrand Corp.*, 256 F.3d 580, 585-86 (class actions).

## PRAYER

WHEREFORE, Plaintiff Alana Alexander respectfully requests that the Clerk enter an award of Costs of zero.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
       GERALD E. MEUNIER, #9471
       **PLAINTIFFS' CO-LIAISON COUNSEL**
       Gainsburgh, Benjamin, David, Meunier &
       Warshauer, L.L.C.
       2800 Energy Centre, 1100 Poydras Street
       New Orleans, Louisiana 70163
       Telephone:    504/522-2304
       Facsimile:     504/528-9973
       gmeunier@gainsben.com

       s/Justin I. Woods

8

JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:     504/522-2304
Facsimile:     504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
ROBERT BECNEL
DENNIS REICH, Texas # 16739600


## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2009, I electronically filed the foregoing with the

Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all

counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing

document and the notice of electronic filing by first-class mail to all counsel of record who are

non-CM/ECF participants.

s/Gerald E. Meunier
GERALD E. MEUNIER, #9471