UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | | |
|---|---|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * * * | MDL NO. 1873 SECTION: N(5) | |
| This Document Relates to: *Dubuclet v. Fleetwood Enterprises, Inc.* Case No. 07-9228 | | * * * * * * | JUDGE: ENGELHARDT MAG: CHASEZ | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT FLEETWOOD ENTERPRISES, INC.'S OBJECTIONS
TO PLAINTIFF'S REQUESTED VOIR DIRE QUESTIONS**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Fleetwood Enterprises, Inc. ("Fleetwood"), which, pursuant to the Court's Order (R. Doc. 7605), dated November 19, 2009, respectfully objects to the following Jury *Voir Dire* questions proposed by Plaintiff, Timia Dubuclet:

1. In this trial, the jury may be asked to assess the fault (if any) of entities other than the defendant Fleetwood, as well as the plaintiff herself. If the jury concludes there is evidence of fault on the part of a non-party entity or the plaintiff, it then will be required to divide by percentages the total fault in the case among the defendant, the plaintiff, and/or one or more non-parties. Would anyone have difficulty deciding percentages of fault, if any, to be assigned to different parties and non-parties, with the total of these percentages adding up to 100%.

This question was addressed in Questions 71, 83, 106, 116 and 128 of the Juror Questionnaire. Thus, this question is duplicative. Moreover, the question is encompassed by the Court's *Voir Dire* script wherein the Court inquires:

> 18. IF YOU WERE ONE OF THE PARTIES IN THIS CASE, DO YOU KNOW OF ANY REASON WHY YOU WOULD NOT BE CONTENT TO HAVE THE CASE TRIED BY SOMEONE IN YOUR FRAME OF MIND?

1

      19.    IF YOU ARE SELECTED TO SIT AS A JUROR IN THIS CASE, WILL YOU BE UNABLE OR UNWILLING TO RENDER A VERDICT SOLELY ON THE EVIDENCE PRESENTED AT THE TRIAL AND THE LAW AS I GIVE IT TO YOU IN MY INSTRUCTIONS, DISREGARDING ANY OTHER IDEAS, NOTIONS OR BELIEFS ABOUT THE LAW YOU MAY HAVE ENCOUNTERED IN REACHING YOUR VERDICT?

      20.    WOULD YOU BE UNABLE OR UNWILLING TO FIRMLY PUT ASIDE ANY FEELINGS OF SYMPATHY OR COMPASSION FOR PLAINTIFF(S) OR DEFENDANT(S) AND DECIDE THIS CASE SOLELY ON ITS MERITS AND ACCORDING TO THE LAW AS I WILL EXPLAIN IT TO YOU?

      21.    DO YOU KNOW OF ANY REASON WHY YOU THINK THAT YOU COULD NOT SIT IN THIS CASE AND RENDER A JUST, FAIR, HONEST AND IMPARTIAL VERDICT?

2.    One of the non-parties as to which the jury in this case may have to assess fault, is FEMA. Therefore, the jury may have to assign a percentage of fault to FEMA. Would anyone have difficulty putting aside any pre-existing attitudes about FEMA and assessing the fault of FEMA, if any, based solely on the evidence presented in this trial?

This question was addressed in Questions 82 and 83 of the Juror Questionnaire. Thus, this question is duplicative. Moreover, the question is encompassed by the Court's *Voir Dire* script wherein the Court inquires:

8

      18.    IF YOU WERE ONE OF THE PARTIES IN THIS CASE, DO YOU KNOW OF ANY REASON WHY YOU WOULD NOT BE CONTENT TO HAVE THE CASE TRIED BY SOMEONE IN YOUR FRAME OF MIND?

      19.    IF YOU ARE SELECTED TO SIT AS A JUROR IN THIS CASE, WILL YOU BE UNABLE OR UNWILLING TO RENDER A VERDICT SOLELY ON THE EVIDENCE PRESENTED AT THE TRIAL AND THE LAW AS I GIVE IT TO YOU IN MY INSTRUCTIONS, DISREGARDING ANY OTHER IDEAS, NOTIONS OR BELIEFS ABOUT THE LAW YOU MAY HAVE ENCOUNTERED IN REACHING YOUR VERDICT?

      20.    WOULD YOU BE UNABLE OR UNWILLING TO FIRMLY PUT ASIDE ANY FEELINGS OF SYMPATHY OR COMPASSION FOR PLAINTIFF(S) OR DEFENDANT(S) AND DECIDE THIS CASE SOLELY ON ITS MERITS AND ACCORDING TO THE LAW AS I WILL EXPLAIN IT TO YOU?

      21.    DO YOU KNOW OF ANY REASON WHY YOU THINK THAT YOU COULD NOT SIT IN THIS CASE AND RENDER A JUST, FAIR, HONEST AND IMPARTIAL VERDICT?

3.    The law allows a plaintiff in a case such as this to be compensated monetarily for damages proven to be caused by the fault of a defendant. In this case, the plaintiff seeks to recover damages for her minor daughter's physical pain and suffering, mental anguish and emotional distress, medical expenses (both past and future), and the loss or impairment of the enjoyment of life's pleasures. Will anyone have difficulty considering these claims for damages and determining a fair amount to compensate for such damages, assuming fault on the part of the defendant is established?

This question was addressed in Questions 71, 78, 83 and 128 of the Juror Questionnaire. Thus, this question is duplicative. Moreover, the question is encompassed by the Court's *Voir Dire* script wherein the Court inquires:

8

18.    IF YOU WERE ONE OF THE PARTIES IN THIS CASE, DO YOU KNOW OF ANY REASON WHY YOU WOULD NOT BE CONTENT TO HAVE THE CASE TRIED BY SOMEONE IN YOUR FRAME OF MIND?

19.    IF YOU ARE SELECTED TO SIT AS A JUROR IN THIS CASE, WILL YOU BE UNABLE OR UNWILLING TO RENDER A VERDICT SOLELY ON THE EVIDENCE PRESENTED AT THE TRIAL AND THE LAW AS I GIVE IT TO YOU IN MY INSTRUCTIONS, DISREGARDING ANY OTHER IDEAS, NOTIONS OR BELIEFS ABOUT THE LAW YOU MAY HAVE ENCOUNTERED IN REACHING YOUR VERDICT?

20. WOULD YOU BE UNABLE OR UNWILLING TO FIRMLY PUT ASIDE ANY FEELINGS OF SYMPATHY OR COMPASSION FOR PLAINTIFF(S) OR DEFENDANT(S) AND DECIDE THIS CASE SOLELY ON ITS MERITS AND ACCORDING TO THE LAW AS I WILL EXPLAIN IT TO YOU?

21. DO YOU KNOW OF ANY REASON WHY YOU THINK THAT YOU COULD NOT SIT IN THIS CASE AND RENDER A JUST, FAIR, HONEST AND IMPARTIAL VERDICT?

4.    In this case, the defendant will assert that formaldehyde is a substance commonly found in everyday life. How many of you, because of this, will have difficulty fairly considering the plaintiff's claim that her daughter was harmed by the levels of formaldehyde in a travel trailer?

This question was neutrally addressed in Questions 120 and 121 of the Juror Questionnaire. Thus, this question is duplicative. Moreover, as worded, this question asks the potential jurors to pre-judge the case.

     5.     Do any of you feel that, since the Federal Government (FEMA) provided the travel trailer in this case to the plaintiff Elisha Dubuclet as emergency housing, this must mean that the trailer was safely designed and made by the manufacturer Fleetwood?

This question was neutrally addressed in Questions 82, 83 and 116 of the Juror Questionnaire. Thus, this question is duplicative. Moreover, as worded, this question asks the potential jurors to pre-judge the case.

     6.     In this case, the plaintiff Elisha Dubuclet did apply for emergency housing assistance after Hurricane Katrina, and this is why FEMA provided the travel trailer to her and her family. Would anyone have difficulty in considering the claims of Ms. Dubuclet on behalf of her minor daughter Timia, because of the fact that these claims of alleged harm from formaldehyde exposure result from living in a travel trailer which was provided to Ms. Dubuclet and her family free of charge, as emergency housing?

This question was neutrally addressed in Questions 82, 83 and 116 of the Juror Questionnaire. Thus, this question is duplicative. Moreover, as worded, this question asks the potential jurors to pre-judge the case. Moreover, the question is encompassed by the Court's *Voir Dire* script wherein the Court inquires:

8

> 18. IF YOU WERE ONE OF THE PARTIES IN THIS CASE, DO YOU KNOW OF ANY REASON WHY YOU WOULD NOT BE CONTENT TO HAVE THE CASE TRIED BY SOMEONE IN YOUR FRAME OF MIND?
>
> 19. IF YOU ARE SELECTED TO SIT AS A JUROR IN THIS CASE, WILL YOU BE UNABLE OR UNWILLING TO RENDER A VERDICT SOLELY ON THE EVIDENCE PRESENTED AT THE TRIAL AND THE LAW AS I GIVE IT TO YOU IN MY INSTRUCTIONS, DISREGARDING ANY OTHER IDEAS, NOTIONS OR BELIEFS ABOUT THE LAW YOU MAY HAVE ENCOUNTERED IN REACHING YOUR VERDICT?
>
> 20. WOULD YOU BE UNABLE OR UNWILLING TO FIRMLY PUT ASIDE ANY FEELINGS OF SYMPATHY OR COMPASSION FOR PLAINTIFF(S) OR DEFENDANT(S) AND DECIDE THIS CASE SOLELY ON ITS MERITS AND ACCORDING TO THE LAW AS I WILL EXPLAIN IT TO YOU?
>
> 21. DO YOU KNOW OF ANY REASON WHY YOU THINK THAT YOU COULD NOT SIT IN THIS CASE AND RENDER A JUST, FAIR, HONEST AND IMPARTIAL VERDICT?

4

This 25th day of November 2009.

        Respectfully submitted:

        */s/ Richard K. Hines, V*
        Richard K. Hines, V
        GA Bar No. 356300
        NELSON MULLINS RILEY & SCARBOROUGH, LLP
        Atlantic Station
        201 17th Street, NW, Suite 1700
        Atlanta, GA  30363
        (404) 322-6000 (phone)
        (404) 322-6050 (fax)

        Jerry L. Saporito
        Louisiana Bar No. 11717
        LEAKE & ANDERSSON, L.L.P.
        1700 Energy Centre
        1100 Poydras St.
        New Orleans, LA 70163-1701
        (504) 585-7500 (phone)
        (504) 585- 7775 (fax)

        Andrew D. Weinstock
        Louisiana Bar No. 18495
        DUPLASS, ZWAIN, BOURGEOIS,
            PFISTER & WEINSTOCK
        3838 N. Causeway Boulevard, Suite 2900
        Metairie, Louisiana 70002
        (504) 832-3700 (phone)
        (504) 837-3119 (fax)

        **Counsel for Defendant Fleetwood Enterprises, Inc.**

**C E R T I F I C A T E OF SERVICE**

      I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )    Hand Delivery               ( )    Prepaid U.S. Mail

( )    Facsimile                    ( )    Federal Express

(X)    CM/ECF

      New Orleans, Louisiana, this 25th day of November, 2009.

                                      /s/ Richard K. Hines, V
                                      Richard K. Hines, V
                                      Georgia Bar No. 356300
                                      E-mail: richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)