UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * * * | MDL NO. 1873 SECTION: N(5) |
| This Document Relates to: *Dubuclet v. Fleetwood Enterprises, Inc.* Case No. 07-9228 | | * * * * * * | JUDGE: ENGELHARDT MAG: CHASEZ |

******************************************************************************

**DEFENDANT FLEETWOOD ENTERPRISES, INC.'S MEMORANDUM
IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO
<u>CERTAIN OF FLEETWOOD ENTERPRISES, INC.'S TRIAL EXHIBITS</u>**

COMES NOW Fleetwood Enterprises, Inc. ("Fleetwood") and submits this its memorandum outlining its opposition to objections raised by Plaintiff to certain of Fleetwood's Exhibits listed on Exhibit B to the Joint Pretrial.

**A.     Exhibits specific to the Dubuclet family.  (Medical and School records)**

Plaintiff notes that FLE Exs. 1 and 5, relating to medical records of Timia, do not contain bates numbers.  Fleetwood has not yet received documents in response to its requests for those records but will provide these records to Plaintiff upon receipt.

Plaintiff objects that FLE Ex. 6, Walgreen prescription records, is hearsay.  The parties agreed prior to submission of the pretrial that no custodian of records need be listed to authenticate or lay foundation for medical records consequently these records should be admissible and will be admissible anyway through examination of the Dubuclets and medical experts on both sides reviewed and relied on these records.

Plaintiff objects to FLE Ex. 13, school records for Timia Dubuclet, as hearsay. The parties agreed prior to submission of the pretrial that no custodian of records need be listed to authenticate or lay foundation for medical records consequently these records from Timia's school which contain information about her health history should be admissible and will be admissible anyway through examination of the Dubuclets and medical experts on both sides reviewed and relied on these records.

Plaintiff reserves the right to object to FLE Exs. 306. and 307 because Fleetwood did not bates stamp these. Fleetwood is curing this, however, these are Plaintiff's expert Dr. Schwery's medical records and notes on Timia Dubuclet that are within his own files, are well known to Plaintiff and are identified by Plaintiff as their Exhibit 107. As a treating doctor and expert they are relevant.

**B.     Fleetwood Exhibits objected to by Plaintiff but which also appear on Plaintiff's own exhibit list and therefore Fleetwood doe not understand the objections.**

Plaintiff objects to or reserves the right to object to the following Fleetwood exhibits which are documents that the Plaintiff included on her exhibit list, consequently the objection is without merit. Fleetwood is updating its exhibit list with additional bates numbers to insure that Plaintiff is satisfied that the document is in fact the same as their listed exhibit.

- FLE Ex. 12 (school records of Timia Dubuclet at Lake Forest Charter School) = Plaintiff Exhibit. 214.

- FLE Ex. 16 (photos of Timia Dubuclet) = Plaintiff Exhibit 212.

- FLE Ex, 34 (2006 Pioneer Owner's Manual for Fleetwood travel trailer) = Plaintiff Exhibit 132. Plaintiff's counsel asked numerous questions of numerous witnesses about portions of this document.

- FLE Ex. 35 (Fleetwood warning label and placement directions from design book) = Plaintiff Exhibit 145.  The warning label at issue, photographed as present in the unit, is clearly relevant.

- FLE Exs. 44, 45, 46 (Fleetwood engineering standards) = Plaintiff's Exhibit 230).  Clearly relevant since PSC argues that Fleetwood may not have had a specific policy on LFE, may not have kept to its policy for LFE use, etc.

- FLE Ex. 47 (Fleetwood Quality Assurance Manual) = Plaintiff's Exhibit 231, relevant since PSC argues Fleetwood's design is faulty.

- FLE Ex. 48 (Fleetwood Travel Trailer Assembly Manual) = Plaintiff's Exhibit 147, relevant same as 47 above.

- FLE Ex. 49 (Bill of Materials Manual for FEMA travel trailers) = Plaintiff's Exhibit 137, relevant same as 47 above.

- FLE Ex. 62 is the HUD regulation here at issue.  The Court can take judicial notice of same.  It is also Plaintiff Exs. 18 and 19.

- FLE Exs. 63 and 64.  These exhibits are the American Society of Heating, Refrigeration and Air Conditioning Engineers, Inc.'s standards relating to ventilation, referred to by Fleetwood's ventilation expert Serauskus and by various of Plaintiff's experts.  They are also listed as Plaintiff's Exhibit 15.

- FLE Ex. 66.  This is the NFPA 1192 Standard for Recreational Vehicles referred to by Fleetwood's expert Fribley and by various of Plaintiff's experts.  This is also listed as Plaintiff's Exhibit 30.

3

### C. Dubuclet Family and Dubuclet Unit Materials.

Plaintiff objects on grounds of lack of relevancy to copies of the Plaintiff Fact Sheets, copies of a filed restraining order issued in favor of Mrs. Dubuclet to prevent an individual from assaulting her children (FLE Exs. 15, 17, 18, 21, 22) and to FEMA and Fluor documents relating to the history and condition of the Dubuclet unit (FLE Exs. 23, 24, 25). All of these documents include relevant direct evidence information in this case and are documents which may also be admissible for impeachment purposes, if a proper impeachment foundation is laid.

In addition, Plaintiff objects on grounds of hearsay or lack of relevance to the Dubuclet unit production file (FLE Ex. 27), when the foundation for this document was completely laid in the deposition of Fleetwood Plant 40 supervisor Danny McBride who you examined on every page of this document; and to photographs either taken by the Plaintiff's own experts or counsel or are photographs taken by Defendant's experts or counsel with agents for Plaintiff present (FLE Ex. 39), which depict nothing more than the warning that was found be everybody during the inspections in July and August 2009 to be posted in the bathroom of the unit. A foundation for the photographs will be laid by numerous witnesses. Again, all of these documents include relevant direct evidence information in this case and are documents which may also be admissible for impeachment purposes, if a proper impeachment foundation is laid.

The parties have stipulated to the information in FLE Ex. 26 which is the certificate of origin of the Dubuclet unit.

### D. Demonstrative evidence.

Plaintiff objects to FLE Ex. 19 and 20, timelines of medical visits and prescription filling for Timia Dubuclet, on grounds of hearsay. Fleetwood seeks to use these timelines on the medical visits and prescription filling for Timia Dubuclet as demonstrative exhibits.

4

Demonstrative exhibits are due to the Court on December 3, 2009. Fleetwood will confer further with Plaintiff on this exhibit and report on December 3 whether the parties were able to resolve the objections to these exhibits.

### E.   Fleetwood corporate documents

Plaintiff objects to FLE Ex. 34. Fleetwood's 2006 Pioneer Owner's Manual for travel trailers as irrelevant when Plaintiff's counsel asked numerous questions of numerous witnesses about portions of this document throughout discovery and when Plaintiff also lists this document as her own exhibit (See Plaintiff Exhibit 132 ) and similarly objects to FLE Ex. 35, Fleetwood's travel trailer warning label and placement directions from its design book, when the warning label is one of the central issues in the case, and despite its being photographed present in the unit upon the parties' inspection of the unit. This same warning label is listed as Plaintiff's Exhibit 145.

Plaintiff objects to FLE Exs. 40, 41, 42, 43 on grounds of hearsay and lack of relevancy. These documents are 2005 emails between Fleetwood and Morgan employees related to the FEMA production. The emails explain the background of Fleetwood building to the FEMA specifications. Plaintiff has argued that the FEMA spec was perfunctory and not detailed. These emails indicate otherwise. Foundation for these emails has been laid by various witnesses who will testify live or by deposition in this case.

Plaintiff also objects to FLE Ex. 44, 45, 46 on grounds of hearsay and relevancy. These documents are Fleetwood engineering standards which put into place Fleetwood's policy to use only low emitting formaldehyde containing products. The documents are clearly relevant since Plaintiff argues that Fleetwood may not have had a specific policy on LFE, may not have kept to

5

its policy for LFE use, etc. In addition, Plaintiff has listed some of these standards as Plaintiff Exhibit 230.

Plaintiff also objects to FLE Ex. 47, 48, and 49 on grounds of hearsay and relevancy, despite the fact that Plaintiff has listed each of these exhibits on its exhibit list. FLE Ex. 47 is Fleetwood Quality Assurance Manual (listed as Plaintiff Ex. 231); FLE Ex. 48 is Fleetwood's Travel Trailer Assembly Manual (listed as Plaintiff Ex. 147), and Exhibit 49, Fleetwood Bill of Materials for FEMA travel trailers, (listed as Plaintiff Ex. 137), are all relevant since Plaintiff argues that Fleetwood's design and construction were faulty and these documents describe the design and construction process in detail. Various Fleetwood witnesses can testify to the contents of these documents.

Fleetwood agrees to withdraw FLE Ex. 53, the April 2006 FEMA specification, since it did not apply to the Dubuclet unit, unless Plaintiff opens door to its use. Plaintiff examined numerous witnesses on this specification despite the fact that it does not apply to the Dubuclet unit.

FLE Ex. 55 is a list of travel trailers sold by Fleetwood. Fleetwood agrees to withdraw this list of travel trailers sold to FEMA unless Plaintiff opens the door to same by discussing numbers of units sold.

Plaintiff objects to FLE Exs. 56 and 57 on grounds of hearsay and relevancy. These documents are relevant to Fleetwood's notice of formaldehyde complaints in 2005 and 2006 relating to FEMA utilized units and are highly relevant. The foundation for both documents has been laid by numerous Fleetwood witnesses, including Craig Biazo, and by Morgan witness Schilligo.

6

FLE Ex. 58 is a series of MSDS sheets.  Plaintiff objects to these as hearsay yet Plaintiff has also listed the same or similar MSDS sheets as its Exhibits 225 and 226.  The foundation for these MSDS sheets will be laid by Fleetwood or other witnesses.  They are relevant to issues in the case.  Fleetwood witnesses were examined repeatedly about these documents by Plaintiff.

FLE Ex. 59 is a series of Standard Operating Requirements for Plant 40 which were drafted by and provided by Mr. Snyder and which was discussed in his deposition.  Plaintiff objects on grounds of hearsay and relevancy.  Plaintiff questions the production process Fleetwood used in constructing the Dubuclet unit.  These materials are relevant and a foundation will be laid for them.

Plaintiff objects to FLE Exs. 60. and 61 on hearsay and relevancy grounds.  Fleetwood produced these documents some time ago but inadvertently left off it exhibit list the Fleetwood bates numbers.  These documents are invoices to Fleetwood for its purchase of various types of wood products.  Plaintiff objects to these on grounds of hearsay and relevance.  The products Fleetwood purchased are highly relevant to this case.  Fleetwood witnesses will lay a foundation for these documents; they have been discussed in various depositions.  Fleetwood intends to use only representative copies of these materials and not all of the voluminous records in this group.

Plaintiff objects to FLE Exs. 69. through 74 on grounds of hearsay.  These are emails about ordering of owner's manuals for FEMA travel trailers which were produced from Fleetwood's corporate files in response to discovery requests and they are emails to which Fleetwood witness Reick laid the foundation.  These are relevant to Plaintiff's examination of Reick in which he was questioned about whether Fleetwood ordered sufficient owner's manuals for the FEMA trailers.  These are relevant to that issue.

Plaintiff objects to FLE Ex. 75 on grounds of hearsay and relevance.  This document is an email stream from CH2M Hill to Morgan to Fleetwood about formaldehyde issues, foundation fully laid for these emails in the deposition of Schilligo, Snyder and Fleetwood witness Craig Biazo, who wrote the email on behalf of Fleetwood, will lay a foundation about this document.  It is relevant to the issue of notice to FEMA of formaldehyde products being in the units and lack of notice to Fleetwood of any occupant complaints.

Plaintiff objects to FLE Ex. 76 on grounds of hearsay and relevancy.  This material is relevant to many uses Fleetwood has made of its travel trailers without receiving complaints.  Fleetwood witness Elden Smith will lay the foundation for these documents.

      **F.**      **Government and Industry Standards.**

Plaintiff reserves objections to FLE Ex. 62 on grounds that Fleetwood did not provide a bates number for the standard.  Fleetwood will cure that.  This however is the HUD standard setting a target indoor air quality formaldehyde level of 0.4 ppm.  The court has ruled that evidence of air standards pre-existing move out by the Dubuclets was admissible.  (Rec. Doc. 7684, referencing Rec. Doc. 3069).

Plaintiff reserves objections to FLE Exs. 63 and 64.  These exhibits are the American Society of Heating, Refrigeration and Air Conditioning Engineers, Inc.'s standards relating to ventilation, referred to by Fleetwood's ventilation expert and by various of Plaintiff's experts. (which also happen to be listed by Plaintiff as Exhibit 15) and FLE Ex. 66, the NFPA 1192 Recreational Vehicle standards (listed by Plaintiff as Exhibit 30), and referred to by Fleetwood's RV expert Fribley and by Plaintiff's experts as well because Fleetwood did not bates label this.  We will cure that.

### G.    Expert materials

Plaintiff object to FLE Ex. 78 on grounds of hearsay and lack of an assigned bates number.  Fleetwood has provided the specific bates number for this document which is Fleetwood's test protocol for testing the Dubuclet unit.  This document is well known to Plaintiff since it was produced and agreed upon by Plaintiff in advance of its being applied for Fleetwood's testing of the Dubuclet unit in August 2009.  It was also a part of the reliance file of Fleetwood's testing expert Tony Watson, which was produced to Plaintiff before Mr. Watson was deposed by them.  Plaintiff has also listed their test protocols as exhibits.

Plaintiff reserves the right to object to FLE Exs. 77, 80, 87, 110, 127, 151a, 271, 273, 283, 302, 303 because Fleetwood had not applied bates numbers to these documents.  We are curing that, however, all of these documents are the CVs of Fleetwood experts which were properly and timely produced with the expert's reports when submitted in the case.  Fleetwood has not objected to Plaintiff's experts CVs.

Plaintiff reserved the right to object to FLE Exs. 304 and 305 because Fleetwood had not applied bates numbers to these documents.  We are curing that, however these documents are the photographs and notes of Fleetwood expert Mr. Fribley, which documents were timely produced to Plaintiff as Mr. Fribley's reliance file (the 2 pages of handwritten notes were promptly sent to Plaintiff after Mr. Fribley identified them at his deposition).

### H.    Learned Treatises

Plaintiff has reserved the right to object to FLE Ex. 81 through 301 (remaining exhibits in this number range not referenced in the immediately preceding remarks on expert CVs) and 360 because Fleetwood had not applied bates numbers to these documents.  We are curing that, however these documents are all learned treatises timely identified by Fleetwood experts and

produced as a part of those experts' reliance files.  Numerous ones of these exhibits are also listed by Plaintiff on its exhibit list.  Under Federal Rule of Evidence 803(18) such learned treatises and may be used to examine and cross examine witnesses, as appropriate, but cannot be admitted into evidence for the jury.  Fleetwood listed these materials to insure Plaintiff had a complete list of such materials that might be referred to by experts.

**I.     FEMA Communications.**

Fleetwood withdraws the following exhibits in this category, objected to by Plaintiff: FLE Ex. 311 (a duplicate of FLE Ex. 335); 314, 317, 320, 334 (a duplicate of 335), 337, 338, 339, 340 (a duplicate of 335), 341 – 354.

Plaintiff objects to FLE Ex. 310, 312, 313, 315, 316, 318, 319, 321, 322, 323, 324, 325 on grounds of hearsay.  These documents are exhibits to the depositions of FEMA/CDC witnesses Bonomo, Larson, Little, McNeese and Garratt.  Portions of the depositions of each of these witnesses will be offered and the parties are currently working to coordinate the designations for these depositions.  To the extent that deposition testimony is designated for these witnesses which lays the foundation for these exhibits, Fleetwood argues that these exhibits are relevant and not hearsay.  To the extent that the final deposition cut does not include testimony that lays the foundation properly for any of these exhibits, Fleetwood will withdraw same.

**J.     Other Issues.**

Fleetwood withdraws FLE Exs. 355, 356, 357 which relate to expert DeVany who Plaintiff has withdraw as a witness.

Fleetwood withdraws FLE Ex. 358 relating to Fluor testing in light of the dismissal of Fluor.

Fleetwood is submitting to the Court with this Memorandum in Opposition to Plaintiff's Objections to Exhibits its original Exhibit List to the Joint Pretrial (designated Exhibit B to the Joint Pretrial) and its Revised Exhibit List (designated Exhibit B-1).  The revised list deletes those exhibits Fleetwood has agreed to withdraw.

This 25th day of November 2009.

        Respectfully submitted:

         /s/ Richard K. Hines, V
        Richard K. Hines, V
        GA Bar No. 356300
        NELSON MULLINS RILEY & SCARBOROUGH, LLP
        Atlantic Station
        201 17th Street, NW, Suite 1700
        Atlanta, GA  30363
        (404) 322-6000 (phone)
        (404) 322-6050 (fax)

        Jerry L. Saporito
        LA Bar No. 11717
        LEAKE & ANDERSSON, L.L.P.
        1700 Energy Centre
        1100 Poydras St.
        New Orleans, LA 70163-1701
        (504) 585-7500 (phone)
        (504) 585- 7775 (fax)

        ANDREW D. WEINSTOCK, #18495
        DUPLASS, ZWAIN, BOURGEOIS,
            PFISTER & WEINSTOCK
        3838 N. Causeway Boulevard, Suite 2900
        Metairie, Louisiana 70002
        (504) 832-3700 (phone)
        (504) 837-3119 (fax)

        Counsel for Fleetwood Enterprises, Inc.

## **C E R T I F I C A T E OF SERVICE**

I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )   Hand Delivery                ( )   Prepaid U.S. Mail

( )   Facsimile                    ( )   Federal Express

(X)   CM/ECF

New Orleans, Louisiana, this 25th day of November 2009.

                                             */s/ Richard K. Hines, V*
                                             Richard K. Hines, V
                                             Georgia Bar No. 356300
                                             E-mail:  richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)