UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * * * | MDL NO. 1873 SECTION: N(5) |
| This Document Relates to: *Dubuclet v. Fleetwood Enterprises, Inc.* Case No. 07-9228 | | * * * * * * | JUDGE: ENGELHARDT MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANT FLEETWOOD ENTERPRISES, INC.'S OBJECTIONS TO PLAINTIFF'S PROPOSED JURY VERDICT FORM

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Fleetwood Enterprises, Inc. ("Fleetwood"), which, pursuant to the Court's Order (R. Doc. 7605), dated November 19, 2009, respectfully objects to Plaintiff's, Timia Dubuclet's, Proposed Jury Verdict Form, as follows:

I.   Fleetwood's Proposed Forms

In compliance with the Court's Order (R. Doc. 7605), Fleetwood presented the Court with two versions of a proposed Jury Verdict Form (R. Doc. 7751).  The difference between the two versions was simply the specific order of the questions on the Form. Fleetwood respectfully suggests that either of these Forms is appropriate, and to the extent that Plaintiff's proposed Jury Verdict Form varies from either of these proposed Forms, Fleetwood objects.

II.   Plaintiff's Proposed Form

Alternatively, Fleetwood specifically objects to Plaintiff's Proposed Jury Verdict Form in two regards: 1) Question A.4 (Causation); and 2) Question B.5 (Allocation of Fault).

First, Plaintiff requests that the Form question the Jury as to whether it finds one or more unreasonably dangerous conditions "caused or substantially contributed" to an injury sustained by Plaintiff.  Fleetwood objects to this question as drafted, as it broadens the

1

potential injuries for which Fleetwood can be held liable.  For this reason, the question misstates the law.  As drafted, the Jury can hold Fleetwood liable for an unreasonably dangerous condition of the trailer even if the condition failed to substantially contribute to the alleged injuries of Plaintiff.  As noted in *In re Gramercy Plant Explosion at Kaiser*, 04-1151 (La. App. 5 Cir., 3/28/06), 927 So.2d 492, 500, when addressing product liability claims against a defendant the court instructed:

> When there are concurrent causes of an accident, the proper inquiry is whether the conduct in question was a substantial factor in bringing about the accident.  Whether the defendant's conduct was a substantial factor in bringing about the harm, and, thus, a cause-in-fact of the injuries, is a factual question to be determined by the factfinder.  *Theriot v. Lasseigne*, 93-2661, p.5 (La. 7/5/94), 640 So.2d 1305, 1310.

Thus, to the extent that the Court uses Plaintiff's proposed form, Fleetwood respectfully requests that the word "cause" be omitted.  Alternatively, Fleetwood requests that "was solely" modify the word "caused."

Second, concerning fault allocation, Plaintiff has omitted several specific parties that may be found liable to Plaintiff if fault and damages are established.  Specifically, Fleetwood respectfully suggests that the Jury will be presented with evidence that will require a factual determination of fault on the part of FEMA; P2S (Plant Performance Services), the subcontractor who "hauled and installed" the Plaintiff's travel trailer; and DC Recovery, a maintenance subcontractor.  Thus, to the extent that the Court uses Plaintiff's proposed Form, these entities should be specifically identified, and a "blank" provided on the Form for each entity.

This 25th day of November 2009.

                        Respectfully submitted:

                         /s/ Richard K. Hines, V
                        Richard K. Hines, V
                        GA Bar No. 356300
                        NELSON MULLINS RILEY & SCARBOROUGH, LLP
                        Atlantic Station
                        201 17th Street, NW, Suite 1700
                        Atlanta, GA  30363
                        (404) 322-6000 (phone)
                        (404) 322-6050 (fax)

                        Jerry L. Saporito
                        LA Bar No. 11717
                        LEAKE & ANDERSSON, L.L.P.
                        1700 Energy Centre

1100 Poydras St.
New Orleans, LA 70163-1701
(504) 585-7500 (phone)
(504) 585- 7775 (fax)

Andrew D. Weinstock
LA Bar No. 18495
DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700 (phone)
(504) 837-3119 (fax)

**Counsel for Fleetwood Enterprises, Inc.**

## **C E R T I F I C A T E OF SERVICE**

I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )   Hand Delivery                       ( )   Prepaid U.S. Mail

( )   Facsimile                           ( )   Federal Express

(X)   CM/ECF

New Orleans, Louisiana, this 25th day of November, 2009.

                                  */s/ Richard K. Hines, V*
                                  Richard K. Hines, V
                                  Georgia Bar No. 356300
                                  E-mail:  richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)