UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                              MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                     SECTION "N-5"

                                                 JUDGE ENGELHARDT
                                                 MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Elisha Dubuclet v. Fleetwood Enterprises,*
*Inc., et al, No. 07-9228*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PLAINTIFF ELISHA DUBUCLET'S OBJECTIONS TO JURY VERDICT FORMS PROPOSED BY DEFENDANT FLEETWOOD ENTERPRISES, INC.

NOW INTO COURT, through undersigned counsel, comes plaintiff Elisha Dubuclet, who objects on the following grounds to the jury verdict forms proposed by the defendant Fleetwood Enterprises, Inc.:

Plaintiff respectfully objects to the jury verdict form attached as Exhibit A to the defendant Fleetwood's submission, because this verdict form begins by having the jury decide whether there was a causal relationship between Fleetwood's liability for a product defect and the alleged damages of Timia Dubuclet. Although this approach may have efficiency to commend it in ordinary single-case proceedings outside of the MDL context, the approach is not consistent with the objective to obtain instructive information for global settlement purposes in MDL bellwether trials. It will be instructive here to find out whether the jury finds there to have been a defect in the Fleetwood trailer. An affirmative or negative response on the existence *vel non* of a defect in

the defendant's product provides value for MDL bellwether purposes. It is information which should be obtained through the *Dubuclet* trial, regardless of how the jury then decides the question of causation. Indeed, this is consistent with how the Court proceeded in the *Alexander* trial, when this same issue arose.

In addition, plaintiff respectfully objects to both versions of the verdict form submitted by Fleetwood (both Exhibit A and Exhibit B attached to the defendant's submission) on the basis that the language proposed for the "causation questions" on the forms is not sufficiently precise. In the plaintiff's submission of a verdict form, the question (no. 4 on plaintiff's verdict form) is whether the jury finds that one or more unreasonably dangerous conditions of the Fleetwood trailer caused or substantially contributed to an injury or injuries sustained by Timia Dubuclet. In contrast, Fleetwood proposes that the jury answer the question whether Timia Dubuclet sustained injury "to which Fleetwood substantially contributed, as a result of the unreasonably dangerous condition of the trailer." This implies a conduct-oriented rather than product-oriented basis for Fleetwood's fault under the LPLA, which is inappropriate. The causal relationship that must exist herein is the one between the product defect and the harm, not between Fleetwood and the plaintiff's harm.

Plaintiff's language also is preferable because it references one or more injuries of Timia Dubuclet, and one or more unreasonably dangerous conditions of the trailer.

Finally, plaintiff respectfully objects to both versions of the defendant's verdict form (Exhibits A and B) with respect to the question addressing the percentage allocation of fault. It is plaintiff's position that, under the express provisions of Article 2323A of the Louisiana Civil Code, it is only the degree of percentage of fault of a person or entity "causing or contributing to the [plaintiff's] injury..." which "shall be determined...." This imposes a two-fold burden of proof

on the defendant Fleetwood: first, the defendant must prove by a preponderance of the evidence that there was legal "fault" on the part of an entity or person other than Fleetwood; and, secondly, Fleetwood then must prove by a preponderance of the evidence that any such fault on the part of a person or entity other than Fleetwood caused or substantially contributed to the injuries of Timia Dubuclet. The defendant's verdict form anticipates that such proof can or will be made in this case, whereas plaintiff submits that there will be no trial evidence of fault worthy of jury consideration other than the fault of the defendant Fleetwood and, arguably, the plaintiff Elisha Dubuclet. Unless and until Fleetwood demonstrates in the course of trial that it has carried its two-fold burden of proof with respect to fault and causation involving non-parties, a verdict form specifying fault not only for Fluor Enterprises and for FEMA, but also, generically, for all others, is a premature and unfounded specification at best.

In contrast, the plaintiff's verdict form question on the allocation of fault does reference a final entry for any non-party person or entity other than the defendant and plaintiff, pursuant to Article 2323. Under this format, any named entities or persons can be listed in sub-heading fashion with separate percentage fault lines, <u>assuming</u> sufficient trial evidence is presented by Fleetwood to justify jury consideration of fault allocation to these other, specified entities. To first single out, as Fleetwood has done, both Fluor and FEMA, and then, in addition, to set forth another entry for "other" non-parties, is both confusing and duplicative.

                                  Respectfully submitted:

                                  **FEMA TRAILER FORMALDEHYDE**
                                  **PRODUCT LIABILITY LITIGATION**

                            BY:    s/Gerald E. Meunier
                                  GERALD E. MEUNIER, #9471
                                  **PLAINTIFFS' CO-LIAISON COUNSEL**
                                  Gainsburgh, Benjamin, David, Meunier &

Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:     504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:     504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
ROBERT M. BECNEL, #14072
RAUL BENCOMO, #2932
FRANK D'AMICO, JR., #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
DENNIS REICH, Texas #16739600
MIKAL C. WATTS, Texas #20981820

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

s/Gerald E. Meunier
GERALD E. MEUNIER, #9471