UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER　　　　　　　　　　MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION　　　　　SECTION "N-5"

　　　　　　　　　　　　　　　　　　　　JUDGE ENGELHARDT
　　　　　　　　　　　　　　　　　　　　MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Elisha Dubuclet, et al v. Fleetwood Enterprises,
Inc., et al, No. 07-9228*
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### OBJECTIONS/RESPONSE OF PLAINTIFF ELISHA
### DUBUCLET TO JURY CHARGES PROPOSED
### BY THE DEFENDANT FLEETWOOD ENTERPRISES, INC.

NOW INTO COURT, through undersigned counsel, comes plaintiff Elisha Dubuclet, who objects and responds as follows to the jury charges proposed by the defendant Fleetwood Enterprises, Inc.:

Plaintiff respectfully objects to Fleetwood's proposed jury instruction no. 1 on causation, because the jury instruction does not define what is meant by "separate, independent, or intervening causes of damage," and neither does this jury instruction properly set forth the "caused or substantially contributed to" standard for causation under Louisiana law.

In response to Fleetwood's proposed jury instruction no. 2, the plaintiff agrees that this represents an appropriate statement of the law of causation in this case.

Plaintiff respectfully objects to Fleetwood's proposed jury instruction no. 3, entitled "Landlord Liability."  In the first place, to the extent this jury charge is predicated on categorizing FEMA as a "landlord," this predicate is fallacious.  FEMA is not a rent-collecting "landlord" in

any traditional or common-sense meaning of that term. Fleetwood acquired and then provided travel trailers under an Act of Congress (the Stafford Act). It did not collect rent from the plaintiff or anyone else who occupied these travel trailers. It was not a landlord.

More responsive to the language (as opposed to the caption) of the proposed charge, the defendant Fleetwood cites as authority Louisiana Civil Code Article 2322, but it does not refer the Court to Louisiana case law under the Article which makes this jury charge inapposite under the facts of the instant matter. Specifically, it is the law of this State that:

> [w]hen the owner [of a building or structure] does not have actual custody of the building, ruin is limited to an actual fall or collapse of the building.

*Gorton v. Ouachita Parish Police Jury*, 814 So.2d 95, 104 (La. App. 2 Cir. 2002) [citing *Griffin v. Foti*, 523 So.2d 935 (La. App. 4 Cir. 1988), *writ denied* 531 So.2d 272 (La. 1988)]. This holding of the Louisiana Second Circuit, citing the Louisiana Supreme Court decision in *Griffin v. Foti*, derives from the principles that, while Article 2322 itself does not distinguish between an owner in control and possession of a building and non-custodial owner, it is established that (1) the interpretation of what constitutes "ruin" under the Article has varied from the literal collapse of a building or major component of a building to less dramatically-manifest defects, and (2) the liability of an owner for "ruin" under Article 2322 likewise varies according to whether the owner was or was not in custody and control of the building. *See Gorton v. Ouachita Parish Police Jury, supra,* at 107.

Indeed, this distinction is considered particularly important in cases where Governmental bodies are sought to be held liable as owners for "ruin" under Article 2322. In not only the *Gorton* case, *supra* but also in *Grieff v. Parish of Jefferson*, 780 So.2d 425 (La. App. 5 Cir. 2000), *writ denied*, 789 So.2d 592 (La. S.Ct. 2001), the Court found it relevant that a

Governmental entity, Jefferson Parish, was merely an absent owner of the facility at issue, whereas the sheriff in that case had complete custody and control of the building. On this basis, the Court found it inappropriate to impose fault for "ruin" under Article 2322 on an absent owner which did not have custody of the property. The alleged defect did not involve the actual ruin or collapse of the facility or any part of the facility.

The case law under Article 2322 thus makes it clear that an absent, non-custodial owner of a structure — particularly if a Governmental entity — will not be considered liable under Article 2322 absent "ruin" amounting to the actual collapse of the structure or a component of the structure. Since FEMA in this case did not have custody of the travel trailer at the time of the alleged harm suffered by the plaintiff, and is a Governmental entity that clearly fits the definition of an absent, non-custodial owner, it cannot be held liable under Article 2322. There was no collapse or true "ruin" of the travel trailer at issue, and hence no legal basis herein for the jury charge under Article 2322 that has been submitted by Fleetwood.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:  s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:    504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**

         Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
         2800 Energy Centre, 1100 Poydras Street
         New Orleans, Louisiana 70163
         Telephone: 504/522-2304
         Facsimile: 504/528-9973
         jwoods@gainsben.com

       **COURT-APPOINTED PLAINTIFFS'**
       **STEERING COMMITTEE**
         ANTHONY BUZBEE, Texas # 24001820
         ROBERT M. BECNEL, #14072
         RAUL BENCOMO, #2932
         FRANK D'AMICO, JR., #17519
         MATT MORELAND, #24567
         LINDA NELSON, #9938
         DENNIS REICH, Texas #16739600
         MIKAL C. WATTS, Texas #20981820

## **CERTIFICATE OF SERVICE**

  I hereby certify that on November 25, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

         s/Gerald E. Meunier
         GERALD E. MEUNIER, #9471