UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                         MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION               SECTION "N-5"

JUDGE ENGELHARDT
MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED:
*Dubuclet, et al v. Fleetwood Enterprises,*
*Inc., et al, No. 07-9228*
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

PLAINTIFF'S LIST OF PROSPECTIVE JURORS
WHO SHOULD BE EXCUSED FOR CAUSE

MAY IT PLEASE THE COURT:

Pursuant to the Court's Order of 11/19/09 (Doc. 7605), plaintiff Elisha Dubuclet lists the

following prospective jurors whom plaintiff believes should be excused for cause in this matter,

accompanied by a short explanation of the reason(s) for same.

As a general proposition to be stated at the outset, plaintiff respectfully submits that each

potential juror who has lived in any travel trailer or mobile home without encountering problems

should be stricken for cause.  These individuals necessarily come to this case with experience-

based resistance to finding that the trailer at issue to this case was defective.  There is no

practical difference between an individual who lived in a FEMA trailer and who is not making a

liability claim in these proceedings, and an individual who has occupied a recreational trailer

without concern.  If it is the intention of the Court, therefore, to excuse the former for cause, then

the same should occur as to the latter.  Hence, plaintiff believes that all potential jurors who have

occupied any trailer or mobile home, whether it was a FEMA trailer or otherwise, should be

excused for cause.

Alternatively, all such individuals should be questioned at the bench in order to assure that the experience of having occupied a travel trailer or mobile home without experiencing problems or making a claim, does not undermine their objectivity in this matter.

**1. MARILYN ADAMS**

Ms. Adams should be excused for cause because she resided in a FEMA trailer following Hurricane Katrina (Q #114).

**2. LADONNA ALEXANDER**

Ms. Alexander should be excused for cause because she expresses a belief that too many people too often file frivolous lawsuits to address grievances: "I think sometimes people look at what they can get rather than if it is really the right thing to do." (Q #65).

**3. CHRIS AUTHEMENT**

Mr. Chauvin should be excused for cause because he has indicated he has general concerns about how the Federal Government spends money, operates, or treats its citizens which would influence his ability to be fair and impartial in this case (Q #81).

**4. JUSTIN BERCEGENY**

Mr. Bercegeny should be excused for cause because he has general concerns about how the Federal Government spends money, operates, or treats its citizens which would influence his ability to be a fair and impartial juror because he doesn't "like how much money is given to 'poverous' minorities, housing, welfare, etc" (Q #81).  Further, Mr. Bercegeny indicated "yes" when asked if he, his spouse/partner, or any member of his immediate family ever owned, used or resided in a travel trailer, park model, mobile home unit, or any recreational vehicle (Q #96). Last, Mr. Bercegny indicated that he would have trouble being open-minded in a case involving

a person suing the trailer manufacturers, installation and maintenance contractors, and FEMA for formaldehyde exposure from their FEMA-issued trailers (Q #127).

**5. BRIAN BETHANCOURT**

Mr. Bethancourt should be excused for cause because he would "agree" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82).

**6. DARRELL BLANCHARD**

Mr. Blanchard should be excused for cause because he lived in a camper w/ a generator following the hurricane.  Further, he would have difficulty being fair and impartial toward the Federal Government because he "doesn't think that the federal government should have the right to misuse taxpayer's money" (Q #81).  Last, Mr. Blanchard would "agree" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82).

**7. RICHARD BOND**

Mr. Bond should be excused for cause because he would "agree" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82).  Mr. Bond has also rented and RV in the past (Q #98).

**8. ALICIA BORROUSO**

Ms. Borrouso should be excused for cause because she will not be impartial towards the plaintiff in this matter.  She believes that too many people too often file frivolous lawsuits to address grievances (Q #65) and she supports legislative reforms to place caps on the amount of damages juries can award (Q #67).  Further, she believes that our system of lawsuits gives an

unfair advantage or disadvantage to people who file lawsuits, saying "some lawsuits are just stupid" (Q #70).

### 9. MICHAEL BRANNON

Mr. Brannon should be excused for cause because his family lived in a mobile home until he was ten years old (Q #98).

### 10. MELISSA BRIGNAC

Ms. Brignac has indicated she has general concerns about how the Federal Government spends money, operates, or treats its citizens which would influence his ability to be fair and impartial in this case: "Mistreatment of funds or citizens makes me believe the government is corrupt and does not care" (Q #81). Further, Ms. Brignac has indicated that she owned and lived in a Brighton mobile home (Q #98). Ms. Brignac also indicates that she might have opinions about the companies with which FEMA contracted that would make it difficult for her to be impartial in this lawsuit. She would "probably favor FEMA because a lot of those contracted companies heightened their costs just to make money (from what [she's] heard and read) (Q #115).

### 11. WALLACE BROUSSARD

Mr. Broussard should be excused for cause because he lived in a FEMA trailer after Katrina (Q #114) and he believes he has a claim concerning injuries from living in a FEMA trailer (Q #126).

### 12. MICHAEL J. CAMPBELL, SR.

Mr. Campbell should be excused for cause because he resided in a FEMA trailer after Hurricane Katrina (Q #114).

### 13. JASON CHAMPAGNE

Mr. Champagne should be excused for cause because he has been camping in a mobile home several times.  After Hurricane Gustav, he also worked for approximately 3 weeks out of a travel trailer that had been converted into a mobile retail location (Q #98).

**14. CYNTHIA CHESS**

Ms. Chess should be excused for cause because she lived in a FEMA trailer after Hurricane Katrina and stated that her family members believe that she and her spouse have a claim for their injured incurred from the trailer (Q #126).  Further, she indicated that she might have trouble being open-minded due to "the fact that we were in a FEMA trailer and inhaled that strong fumes that I was told by one of the installers or inspectors that it was probably the glue that the manufacturer used" (Q #127).

**15. CHELSEY CLEMENT**

Ms. Clement should be excused for cause because she and her husband owned an RV for years (Q #96) and her daughter and son-in-law currently own one (Q #98).

**16. HERSCHEL COLLINS**

Mr. Collins should be excused for cause because his son lives in a trailer (Q #98).

**17. DONALD COOK**

Mr. Cook should be excused for cause because he would "agree strongly" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82).

**18. DAL COUSANS**

Mr. Cousans should be excused for cause because he would "agree" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82).

**19. VIRGINIA CROCHET**

Ms. Crochet should be excused for cause because she would "agree" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82).  Further, Ms. Crochet lived in a mobile home as a child for 8-10 years and as an adult for 3 years (Q #98).  Ms. Crochet should also be excused if it can be confirmed prior to *voir dire* that the trailer she lived in as a child was manufactured by Fleetwood.  She stated that "that may be the name of the one when I was younger not sure" (Q #101).

**20. CHRISTIAN CROOP**

Mr. Croop should be excused for cause because he could not fairly decide a lawsuit involving an individual against a corporation (Q #71).   Further, Mr. Croop would "agree" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82).

**21. ANCYLEE CROSBY**

Ms. Crosby should be excused for cause because she and her sons resides in FEMA trailers following a Hurricane (Q #114).

**22. GARY DAIGREPONT**

Mr. Daigrepont should be excused for cause because he would "agree strongly" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82).  Further, he has discussed the topic of formaldehyde exposure with his coworkers, and stated that "he believes it's glue and press board.  That usually doesn't make a healthy person sick" (Q #117).

**23. DARLENE DEKERLEGAND**

Ms. Dekerlegand should be excused for cause because she is unsure whether she could fairly decide a lawsuit involving an individual against a corporation (Q #71).   Further, Ms. Dekerlegand admits that she would have a difficulty holding a manufacturer responsible in a product liability case "because it is probably difficult to prove without a doubt how the individual got sick" (Q #78).  Ms. Dekerlegand indicated that she has concerns about the government that would influence her ability to be impartial in this case: she sees "too much free care given in the hospital setting to people who could be working" (Q #81).

**24. DENNIS DEUDY**

Mr. Deudy should be excused for cause because he responded affirmatively when asked if he, his spouse, or a member of his immediate family has owned, used or resided in a travel trailer, park model, manufactured housing (mobile home) unit or any recreational vehicle (Q #96).

**25. MICHELLE DESROCHERS**

Mr. Deudy should be excused for cause because she would "agree strongly" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82).

**26. KEITH DIER**

Mr. Dier should be excused for cause because he indicated that he has concerns about the government that would influence his ability to be impartial in this case (Q #81).  He does not feel that he could fairly decide a lawsuit between an individual and the government (Q #83).  Further, he responded affirmatively when asked if he, his spouse, or a member of his immediate family has owned, used or resided in a travel trailer, park model, manufactured housing (mobile home) unit or any recreational vehicle (Q #96).  He also believes that his health has been negatively

affected by time spent in a trailer, park model, or mobile home (Q #100).  Mr. Dier did not answer the question completely, but indicated that he received a FEMA Issued Housing Unit at some point (Q #109).  His wife claims to have an eye injury associated with formaldehyde exposure (Q #121).

**27. JOEY DIGIROLAMO**

Mr. Digirolamo should be excused for cause because he would "agree" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82).  Further, he responded affirmatively when asked if he, his spouse, or a member of his immediate family has owned, used or resided in a travel trailer, park model, manufactured housing (mobile home) unit or any recreational vehicle: "Sunnybrook 5th Wheel 33 CKS" (Q #96).  He also indicated that he, his spouse, or a member of his immediate family has owned, used, or resided in a product  manufactured by Fleetwood Enterprises, Inc (Q #101).

**28. KOMKUM DOESCHER**

Ms. Doescher should be excused for cause because she would have difficulty fairly deciding a lawsuit involving an individual against a corporation (Q #71).  Further, she indicated that she has concerns about the government that would influence her ability to be impartial in this case: "They spend too much money on everything.  And wrong things." (Q #81).  Ms. Doescher lived in a mobile home for six years (Q #98).

**29. MATTHEW DOIRON**

Mr. Doiron should be excused for cause because he has concerns about the government that would influence his ability to be impartial in this case: "They're in it for money don't care for the people" (Q #81).  Mr. Digirolamo should be excused for cause because he would "agree" that individuals receiving Government assistance after a disaster should have no right to sue for

injuries related to that assistance (Q #82).  He indicated that "maybe" he could fairly decide a lawsuit between an individual and the government (Q #83).  He indicated that he would have trouble being open-minded in a case involving a person suing for formaldehyde exposure from their FEMA-issued trailers "if they were paying to stay in it then sue if free then suck it up everyone wants something for nothing get a job and work for what you want" (Q #127).

## 30. PAUL DREHER

Mr. Dreher should be excused for cause because his daughter lived in a FEMA trailer after Katrina (Q #114).  He states that he has been in a mobile home in the past and could smell the formaldehyde (Q #117).  He states that he has already formed opinions about the effects of formaldehyde: "It has been used in mobile homes for many years without any known (at least to me) side effects (Q #119).  He later references that his response to that question would give him trouble being open-minded in deciding that case (Q #127).  He believes it's "not very" dangerous for someone to be exposed to formaldehyde (Q #120).

## 31. DALE FALGOUT

Mr. Falgout should be excused for cause because he has concerns about the government that would influence his ability to be an impartial juror: "I am in a deep financial mess because of what our government has done this past year" (Q #81).   Mr. Falgout should further be excused for cause because he would "agree strongly" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82).  Additionally, he will not be impartial towards the plaintiff in this matter because he believes that too many people too often file frivolous lawsuits to address grievances (Q #65).

## 32. DEBORAH FINNAN

Ms. Finnan should be excused for cause because she would "agree" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82).

## 33. MICHAEL FISHER

Mr. Fisher should be excused for cause because he lived in a trailer during his military career (Q #98). Additionally, he will not be impartial towards the plaintiff in this matter because he believes that too many people too often file frivolous lawsuits to address grievances (Q #65).

## 34.WAYNE FOSTER

Mr. Foster should be excused for cause because he received a FEMA-issued housing unit after the hurricane (Q #109).  Also, he has concerns about holding a product manufacturer legally responsible if a user or consumer of the product gets sick from exposure to hazardous air pollutants emitted from the product (Q #78).

## 35. KEVIN GALLAGHER

Mr. Gallagher should be excused for cause because he would "agree" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82).  He does not feel that he could fairly decide a lawsuit between an individual and the government (Q #83).  Mr. Gallagher indicated that the health of people close to him has not been negatively affected by time spent in a travel trailer because "they should be safe" (Q #100).

## 36. SANDRA GENTRY

Ms. Gentry should be excused for cause because she used to live in a trailer (Q #96).  She has some opinions about manufacturers that would make her favor one side over the other "if the company had faulty models across the board" (Q #105).

**37. MARTIN GLEESON**

Mr. Gleeson should be excused for cause because he has concerns about holding a product manufacturer liable if a user gets sick from exposure to hazardous air pollutants: "Consumer needs to use common sense in using products safely e.g. don't buy a gasoline-powered engine if you don't want *any* exposure to gasoline fumes" (Q #78).  Further, Mr. Gallagher should be excused for cause because he would "agree strongly" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82).

**38. JAMIE HASTINGS**

Ms. Hastings should be excused for cause because she and her family lived in a FEMA trailer following Katrina (Q #114).

**39. GEOFFREY HAWKINS**

Mr. Hawkins should be excused for cause because he lived in a "formaldehyde-laced" trailer after Katrina (Q #96).  He believes that "the formaldehyde killed his parrot and made his eyes burn every time he stepped into it" (Q #100).  He was "happy to see that chemical-laced breadbox leave his driveway" (Q #105).

**40. RHONDA HUTCHINSON**

Ms. Hutchinson should be excused for cause because she has concerns about the government that would influence her ability to be a fair and impartial juror (Q #81).  Further, Ms. Hutchinson should be excused for cause because she would "agree" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82).  Also, Ms. Hutchinson lived in a Fleetwood trailer for two years and in a Marion ("a division of Fleetwood") trailer for sixteen years (Q #96).

**41. DAVID JOHNSON**

Mr. Johnson should be excused for cause if it can be confirmed prior to *voir dire* that Mr. Johnson or his family owned a Winnebego RV (he alludes to this in Qs #96 and 97 but does not explain fully).

**42. PELEGRINA JOHNSON**

Ms. Johnson should be excused for cause because she owns a motor home (Q #98). Further, Ms. Hutchinson should be excused for cause because she would "agree" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82).

**43. ELAINE JUNCKER**

Ms. Juncker should be excused for cause because she would "agree" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82). Further, Fluor Enterprises, Inc. is a customer of the company that she works for (Q #83).

**44. BRENDA LEBLANC**

Ms. LeBlanc should be excused for cause because she currently resides in a mobile home (Q #6). Further, she would "agree" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82).

**45. MICHAEL LEE**

Mr. Lee should be excused for cause because he could not fairly decide a lawsuit involving an individual against a corporation (Q #71). Further, he would "agree" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82).

**46. CHRIS LEVY**

Mr. Levy should be excused for cause because he will be biased against the plaintiff as a result of his belief that too many people file frivolous lawsuits (Q #65).  Further, he would "agree" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82).

**47. JACYNTHIA SMITH-MACDONALD**

Ms. Smith-MacDonald should be excused for cause because she would have difficulty holding a manufacturer responsible in a product liability case (Q #78).  Further, she has indicated that she has general concerns about how the Federal Government spends money, operates, or treats its citizens which would influence her ability to be fair and impartial in this case (Q #81).  Lastly, her son attended high school largely in modular buildings (Q #98).

**48. ROMENO MARCELLO**

Mr. Marcello should be excused for cause because he will not be impartial towards the plaintiff in this matter.  He believes that people too often file frivolous lawsuits to address grievances (Q #65) and that there should be a fixed limit on the amount of compensation a plaintiff may recover, even if the evidence supported a higher amount of compensation (Q #66).  Further, he would have difficulty holding a manufacturer responsible in a product liability case (Q #78).

**49. RICHARDSON MAURICE**

Mr. Maurice should be excused for cause because only "maybe" could he fairly decide a lawsuit between an individual and a corporation (Q #71).  Further, he would have difficulty holding a manufacturer responsible in a product liability case where the user of the product got sick from exposure to hazardous air pollutants emitted from the product (Q #78).  Mr. Maurice

also has general concerns about how the Federal Government spends money, operates, or treats its citizens which would influence his ability to be fair and impartial in this case (Q #81).  His father also lived in a FEMA trailer after Katrina (Q #114).

## 50. GEORGE MCGOWEN

Mr. McGowen should be excused for cause because he has had a relationship or some business with Fluor Enterprises "if this is Fluor-Greenville S.C." (Q #104).  Further, he would "agree" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82).  He would also have difficulty holding a manufacturer responsible in a product liability case where the user of the product got sick from exposure to hazardous air pollutants emitted from the product: "I would really have to heart the facts.  I feel we are too quick to blame corporate America" (Q #78).

## 51. MARILYN MEYN

Ms. Meyn should be excused for cause because she bought an RV to live in after Katrina (Q #96) and her son went to school in portable buildings (Q #98)

## 52. HERMAN NAQUIN

Mr. Naquin should be excused for cause because he currently resides in a Fleetwood mobile home (Q #6 and #96).

## 53. DERRICK NETTERVILLE

Mr. Netterville has general concerns about how the Federal Government spends money, operates, or treats its citizens which would influence his ability to be fair and impartial in this case: "Fed. Gov. wants to imprison us all!" (Q #81).  He has indicated that he could not fairly decide a lawsuit between an individual and the government (Q #83).  Further, he stated that he might have trouble being open-minded in a case involving a person suing the trailer

manufacturers, installation and maintenance contractors, and FEMA for formaldehyde exposure from their FEMA-issued trailers: "They gave these people shelter when they had none.  No one forced them to stay there.  They have no case" (Q #127).

**54. DONNA O'DELL**

Ms. O'Dell should be excused for cause because she and her husband lived in a FEMA trailer after Katrina (Q #114).

**55. FRANCISCO ORELLANA**

Mr. Orellana should be excused for cause because his family lived in a FEMA trailer after Katrina (Q #114).

**56.  LOIS PENDERGRASS**

Ms. Pendergrass should be excused for cause because she will not be impartial towards the plaintiff in this matter.  He believes that people too often file frivolous lawsuits to address grievances (Q #65) and that there should be a fixed limit on the amount of compensation a plaintiff may recover, even if the evidence supported a higher amount of compensation (Q #66). Further, she would "agree" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82).

**57. BRIAN PRATTINI**

Mr. Prattini should be excused for cause because his family lived in a FEMA trailer after Katrina (Q #114).

**58. MAC PUEBLA**

Mr. Puebla should be excused for cause because he owns a Winnebego motor home (Q #96) and he has formed opinions about the effects of exposure to formaldehyde (Q #119).

**59.  BARBARA RIVIERE**

Ms. Riviere should be excused for cause because she will not be impartial towards the plaintiff in this matter.  He believes that people too often file frivolous lawsuits to address grievances (Q #65) and that there should be a fixed limit on the amount of compensation a plaintiff may recover, even if the evidence supported a higher amount of compensation (Q #66).  Further, she has general concerns about how the Federal Government spends money, operates, or treats its citizens which would influence his ability to be fair and impartial in this case: "I think there is too much government waste of federal dollars" (Q #81).  Last, Ms. Riviere has opinions about companies that FEMA contracted with regarding trailers that might make her favor one side over the other: "I think FEMA hurriedly chose companies without thoroughly inspecting the trailers before being brought to N.O." (Q #115).

## 60. RUFFIN RODRIGUE

Mr. Rodrigue should be excused for cause because he currently resides in a mobile home (Q #6).  He will not be impartial towards the plaintiff in this matter because he believes that too many people file frivolous lawsuits to address grievances (Q #65) and that there should be a fixed limit on the amount of compensation a plaintiff may recover, even if the evidence supported a higher amount of compensation (Q #66).  Further, he would "agree strongly" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82).  He also has opinions about companies that manufacture travel trailers, park models or manufactured housing that would make him favor one side over the other in a lawsuit between an emergency aid recipient and the manufacturer of travel trailers, park models or manufactured housing: "If someone gives you something how can you hold them responsible if something's wrong with it?" (Q #105).

## 61. MICHAEL ROONEY

Mr. Rooney should be excused for cause because he will not be impartial towards the plaintiff. He believes that too many people too often file frivolous lawsuits to address grievances (Q #65) and that there should be a fixed limit on the amount of compensation a plaintiff may recover, even if the evidence supported a higher amount of compensation (Q #66). Further, he would "agree" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82).

## 62. SAMUEL SCHUDMAN

Mr. Schudman should be excused for cause because he will not be impartial towards the plaintiff in this matter. He believes that people too often file frivolous lawsuits to address grievances (Q #65) and that there should be a fixed limit on the amount of compensation a plaintiff may recover, even if the evidence supported a higher amount of compensation (Q #66). Further, he would "agree strongly" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82). Mr. Schudman also stated that "I/my company own many trailers I purchased from FEMA" (Q #96).

## 63. CYNTHIA SEITZ

Ms. Seitz should be excused for cause because she will not be impartial towards the plaintiff in this matter. She believes that people too often file frivolous lawsuits to address grievances (Q #65) and that there should be a fixed limit on the amount of compensation a plaintiff may recover, even if the evidence supported a higher amount of compensation (Q #66). Further, she would "agree strongly" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82). She also has general concerns about how the Federal Government spends money, operates, or treats its citizens that would influence her ability to be fair and impartial in this case (Q #81).

**64. MICHAEL SEROU**

Mr. Serou should be excused for cause because he and his family lived in a FEMA trailer following Katrina (Q #109).

**65. DEBRA SHERIDAN**

Ms. Sheridan should be excused for cause because she does not feel that she could fairly decide a lawsuit between an individual and the government (Q #83).  Further, she lived in a mobile home for seven years (she doesn't remember the manufacturer, which could have been Fleetwood) and her daughter currently lives in a mobile home (Q #98).

**66. SUZETTE SIFUENTES**

Ms. Sifuentes should be excused for cause because she would have difficulty holding a manufacturer responsible if a user of the product got sick from exposure to hazardous air pollutants emitted from the product (Q #78).  Further, she would "agree" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82).

**67. RODNEY SIMMS**

Mr. Simms should be excused for cause because he lived in a borrowed travel trailer for the week following Katrina (Q #96). Also, he will not be impartial towards the plaintiff in this matter because he believes that too many people too often file frivolous lawsuits to address grievances (Q #65).

**68. CONNIE SMITH**

Ms. Smith should be excused for cause because she will not be impartial towards the plaintiff in this matter.  He believes that people too often file frivolous lawsuits to address grievances (Q #65) and that there should be a fixed limit on the amount of compensation a

plaintiff may recover, even if the evidence supported a higher amount of compensation (Q #66). Further, she would "agree" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82). He further indicated that he would have trouble being open-minded in a case involving a person suing the trailer manufacturers, installation and maintenance contractors, and FEMA for formaldehyde exposure from their FEMA-issued trailers because she feels that "everyone is responsible for their well being during a natural disaster. We should all have a plan in case of disaster." (Q #127).

## 69. STEFANI SMITH

Ms. Smith should be excused for cause because she will not be impartial towards the plaintiff in this matter. He believes that too many people too often file frivolous lawsuits to address grievances (Q #65). Further, she has stayed in RVs during camping trips, and knew many co-workers who had FEMA trailers after Katrina (Q #98).

## 70. TREVER SPAHR

Mr. Spahr should be excused for cause because he used to work as a contractor for FEMA doing "inspection, maintenance, and driving" of travel trailers (Q #12). Further, he indicated that he or a member of his immediate family has owned, used or resided in a product manufactured by Fleetwood (Q #101), and he possibly has done business with Fluor (Q #104).

## 71. JAMES STRAHAN

Mr. Strahan should be excused for cause because he will not be impartial towards the plaintiff in this matter. He believes that too many people too often file frivolous lawsuits to address grievances (Q #65). Further, he would "agree" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82). Last, he has rented RVs for vacation (Q #98) and his wife owned a camper (Q #96).

**72. BRIAN TASTET**

Mr. Tastet should be excused for cause because he will not be impartial towards the plaintiff in this matter.  He believes that too many people too often file frivolous lawsuits to address grievances (Q #65).  Further, he does not think that he could fairly decide a lawsuit between an individual and a corporation (Q #71) or an individual and the government (Q #83).

**73. MICHELE TUPLER**

Ms. Tupler should be excused for cause because she will not be impartial towards the plaintiff in this matter.  She believes that people too often file frivolous lawsuits to address grievances (Q #65) and that there should be a fixed limit on the amount of compensation a plaintiff may recover, even if the evidence supported a higher amount of compensation (Q #66). She indicated that she has opinions about companies that manufacture travel trailers, park models or manufactured housing that would make her favor one side over the other in a lawsuit between an emergency aid recipient and the manufacturer of travel trailers, park models or manufactured housing: "Depending on whether there was a product produced and sold that the company knowingly knew could cause harm" (Q #105).

**74. ALLISON VEGA**

Ms. Vega should be excused for cause because she will not be impartial towards the plaintiff in this matter.  She believes that people too often file frivolous lawsuits to address grievances (Q #65).  Also, she has concerns about holding a product manufacturer legally responsible if a user or consumer of the product gets sick from exposure to hazardous air pollutants emitted from the product (Q #78). Further, she would "agree" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82).

**75. CANARY WARD**

Ms. Ward should be excused for cause because she lived in a FEMA trailer following Katrina (Q #114).

**76. JAMES WILLIAMS**

Mr. Williams should be excused for cause because he will not be impartial towards the plaintiff in this matter.  He believes that too many people too often file frivolous lawsuits to address grievances (Q #65) and that there should be a fixed limit on the amount of compensation a plaintiff may recover, even if the evidence supported a higher amount of compensation (Q #66).  Further, Mr. Williams's brother-in-law owns a Fleetwood travel trailer (Q #96), and Mr. Williams lived in a mobile home for three years (Q #98).

**77. RENEE WILLIAMS**

Ms. Williams should be excused for cause because her sister lived in a FEMA trailer after Katrina (Q #114).  Her sister is bringing a claim resulting from formaldehyde exposure (Q #122) and she believes that would give her difficulty being open-minded in this case (Q #127).

**78. KAREN WILSON-SIDER**

Ms. Wilson-Sider should be excused for cause because she lived in a FEMA trailer after Katrina (Q #112) and believes that she suffers from breathing problems as a result (Q #116).

**79. MICHAEL WOODS**

Mr. Woods should be excused for cause because his mother and grandmother lived in FEMA trailers following Katrina (Q #114).  Further, Mr. Woods will not be impartial towards the plaintiff in this matter because he believes that too many people too often file frivolous lawsuits to address grievances (Q #65) and that there should be a fixed limit on the amount of compensation a plaintiff may recover, even if the evidence supported a higher amount of

compensation (Q #66).  It is unclear from Mr. Woods's responses whether he also lived in a

FEMA trailer following Katrina, but he should further be struck for cause if it can be confirmed

prior to *voir dire* that he did.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY: s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFF' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFF' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFF'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
ROBERT M. BECNEL, #14072
RAUL BENCOMO, #2932
FRANK D'AMICO, JR., #17519
MATT MORELAND, #24567
LINDA NELSON, #9938

DENNIS REICH, Texas #16739600
MIKAL C. WATTS, Texas #20981820

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 24, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

s/Gerald E. Meunier
GERALD E. MEUNIER, #9471