UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * * * | MDL NO. 1873 |
| | | | SECTION: N(5) |
| This Document Relates to: *Dubuclet v. Fleetwood Enterprises, Inc.* | | * * * | |
| Case No. 07-9228 | | * * * | JUDGE: ENGELHARDT |
| | | * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT FLEETWOOD ENTERPRISES, INC.'S OBJECTIONS TO PLAINTIFF'S PROPOSED SPECIAL JURY CHARGES AND PLAINTIFF'S REVISED BELLWETHER TRIAL I JURY CHARGES**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Fleetwood Enterprises, Inc. ("Fleetwood"), which, pursuant to the Court's Order (R. Doc. 7605), dated November 19, 2009, respectfully objects to the following special jury charges contained in Plaintiff's, Timia Dubuclet's, Requested Special Jury Charges, and further objects to Plaintiff's revisions to the Bellwether Trial I Jury Charges, as follows:

I.  Plaintiff's Requested Special Jury Charge 1

   Objection. The charge is an incorrect recitation of the law. Specifically, the requested charge cites pre-Louisiana Products Liability Act ("LPLA") law. Fleetwood respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Johnson, "Civil Jury Instructions," vol. 18 Louisiana Civil Law Treatise (2d ed.), § 11.02.

   The Court previously considered this proposed charge (R. Doc. 2045, p. 12), and declined to incorporate the Plaintiff's version of the instruction into the Jury Charges applied in the *Alexander* case (Bellwether Trial I).

II. Plaintiff's Requested Special Jury Charge 2

Objection. The charge is an incorrect recitation of the law. Specifically, the requested charge cites pre-LPLA law. Fleetwood respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Johnson, "Civil Jury Instructions," vol. 18 Louisiana Civil Law Treatise (2d ed.), § 11.03.

The Court previously considered this proposed charge (R. Doc. 2045, p. 16), and declined to incorporate the Plaintiff's version of this instruction into the Jury Charges applied in the *Alexander* case (Bellwether Trial I).

III. Plaintiff's Requested Special Jury Charge 3

Objection. The charge is an incorrect recitation of the law. Specifically, the requested charge cites pre-LPLA law. Fleetwood respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Johnson, "Civil Jury Instructions," vol. 18 Louisiana Civil Law Treatise (2d ed.), § 11.03.

The Court previously considered this proposed charge (R. Doc. 2045, p. 17), and declined to incorporate the Plaintiff's version of this instruction into the Jury Charges applied in the *Alexander* case (Bellwether Trial I).

IV. Plaintiff's Requested Special Jury Charge 4

Objection. The requested charge is not applicable to Fleetwood. Specifically, the requested charge impermissibly applies general negligence claims against Fleetwood in contravention of the exclusivity provisions of the LPLA.

The Court previously considered this proposed charge (R. Doc. 2045, p. 36), and declined to incorporate the Plaintiff's version of this instruction into the Jury Charges applied in the *Alexander* case (Bellwether Trial I).

V. Plaintiff's Requested Special Jury Charge 5

Objection. The requested charge is an incomplete and inaccurate recitation of the law, as to Fleetwood. Fleetwood respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Johnson, "Civil Jury Instructions," vol. 18 Louisiana Civil Law Treatise (2d ed.), §§ 11.01, 11.02 and 11.03.

The Court previously considered this proposed charge (R. Doc. 2045, p. 41), and declined to incorporate the Plaintiff's version of this instruction into the Jury Charges applied in the *Alexander* case (Bellwether Trial I).

VI.    Plaintiff's Requested Special Jury Charge 6

Objection. The charge is inconsistent with the Court's prior consideration of this issue in the *Alexander* case (Bellwether Trial I). The Court previously considered this proposed charge (See September 5, 2009 e-mail and Plaintiffs' Requested Jury Charge Number 59, attached hereto as Exhibit "A"), and, after briefing by the parties, declined to incorporate the instruction into the Jury Charges applied in the *Alexander* case (Bellwether Trial I).

VII.    Plaintiff's Requested Special Jury Charge 7

Objection. The charge is inconsistent with the Court's prior consideration of this issue in the *Alexander* case (Bellwether Trial I). The Court previously considered this "gross negligence" charge (See September 5, 2009 e-mail and Plaintiffs' Requested Jury Charge Number 59, attached hereto as Exhibit "A"), and, after briefing by the parties, declined to incorporate the instruction into the Jury Charges applied in the *Alexander* case (Bellwether Trial I).

VIII.    Plaintiff's Revisions to Bellwether Trial I Jury Charges

On November 23, 2009, Plaintiff submitted to the Court a revised version of the Jury Charges used in the Alexander case (Bellwether Trial I). In general, Fleetwood objects to any proposed substantive changes to the charges applicable to it. Fleetwood recognizes that the charges require modification to account for the differences in the parties, and it does not object to appropriate modifications to account for these changes.

In addition to its general objection, Fleetwood specifically objects to a number of revisions, as follows:

A.    Initially, Fleetwood objects to Plaintiff's revision to the instruction on construction/composition defect (Plaintiff's proposed charges, n.19). Plaintiff omits the following portion of the instruction used in Bellwether Trial I:

"(4) THERE WAS ACTUAL DAMAGE TO THE PERSON OF EACH PLAINTIFF."

The revision proposed by Plaintiff renders the charge incomplete and fails to accurately and completely instruct the jury.

B.    Fleetwood objects to Plaintiff's revision to the instruction on design defect (Plaintiff's proposed charges, n.22). Plaintiff omits the following portion of the instruction used in Bellwether Trial I:

"(4) THERE WAS ACTUAL DAMAGE TO THE PERSON OF EACH PLAINTIFF.

IF YOU FIND THAT THE GULF STREAM HAS USED REASONABLE CARE TO PROVIDE AN ADEQUATE WARNING TO THE USERS OF THE PRODUCT, THEN YOU MUST CONSIDER THE EFFECT OF THAT WARNING IN DECIDING THE

3

        LIKELIHOOD THAT THE DESIGN OF THE PRODUCT WOULD CAUSE PLAINTIFFS' INJURIES."

        The revision proposed by Plaintiff renders the charge incomplete and fails to accurately and completely instruct the jury.

C.    Fleetwood objects to Plaintiff's revision to the instruction on inadequate warning (Plaintiff's proposed charges, n.24). Plaintiff's revision of subparagraph 1 replaces "damage" with "harm" and "characteristic" with "potential danger." Fleetwood respectfully suggests that such modifications confuse the clear instruction used in Bellwether Trial I. Fleetwood suggests that Plaintiff's revision is less clear than the original language:

        "(1) AT THE TIME THE PRODUCT LEFT GULF STREAM'S CONTROL, THE PRODUCT HAD A CHARACTERISTIC THAT MIGHT CAUSE DAMAGE AND GULF STREAM FAILED TO USE REASONABLE CARE TO PROVIDE AN ADEQUATE WARNING OF THAT CHARACTERISTIC AND ITS DANGER TO USERS OF THE PRODUCT."

        Additionally, Plaintiff omits the following portion of the instruction used in Bellwether Trial I:

        "(4) THERE WAS ACTUAL DAMAGE TO THE PERSON OF EACH PLAINTIFF."

        The revision proposed by Plaintiff renders the charge incomplete and fails to accurately and completely instruct the jury.

D.    Fleetwood objects to Plaintiff's revision to the instruction on design defect (Plaintiff's proposed charges, n.29). Plaintiff omits the following portion of the instruction used in Bellwether Trial I:

        "THESE ARE NOT REASONABLY ANTICIPATED ACTIONS FOR WHICH THE DEFENDANT MAY BE HELD RESPONSIBLE BASED ON INADEQUATE WARNING."

        The revision proposed by Plaintiff renders the charge incomplete and fails to accurately and completely instruct the jury.

E.    Fleetwood objects to Plaintiff's revision to the instruction on sophisticated purchaser (omitted from Plaintiff's proposed charges). Plaintiff omits the following instructions used in Bellwether Trial I:

### "SOPHISTICATED PURCHASER/USER[1]

IN THIS CASE, GULF STREAM HAS ASSERTED THE SOPHISTICATED PURCHASER/USER DEFENSE IN RELATION TO THE LPLA CLAIMS ASSERTED AGAINST IT BY PLAINTIFFS.

WHEN A MANUFACTURER OR DISTRIBUTOR SELLS A PRODUCT TO A SOPHISTICATED PURCHASER, AND THAT PURCHASER THEN SUPPLIES THE PRODUCT FOR USE, THE MANUFACTURER HAS NO LEGAL DUTY TO PROVIDE ANY WARNINGS TO THE USER CONCERNING POSSIBLE HAZARDS ASSOCIATED WITH THE PRODUCT'S USE. A SOPHISTICATED PURCHASER IS ONE WHO BY EXPERIENCE AND EXPERTISE IS AWARE OF THE POSSIBLE HAZARDS ASSOCIATED WITH THE USE OF THE PRODUCT, AND WHO HAS AN OBLIGATION TO INFORM END USERS OF SUCH POTENTIAL HEALTH HAZARDS. THEREFORE, IF YOU FIND THAT (1) GULF STREAM IS A MANUFACTURER (WHICH IS UNDISPUTED), AND (2) THE UNITED STATES THROUGH FEMA IS A SOPHISTICATED PURCHASER OF THIS GULF STREAM TRAILER, THEN YOU MUST RETURN YOUR VERDICT IN FAVOR OF GULF STREAM ON THE LPLA CLAIMS BASED ON INADEQUATE WARNINGS."

> Fleetwood respectfully submits that the Plaintiff's exclusion of this charge is inappropriate.

F.   Fleetwood objects to Plaintiff's revision to the instruction on negligence (omitted from Plaintiff's proposed charges).  Plaintiff omits the following instruction used in Bellwether Trial I:

### "NEGLIGENCE LIABILITY[2]

FOR PLAINTIFFS TO RECOVER DAMAGES FROM A PARTY ON A CLAIM OF NEGLIGENCE, THEY MUST PROVE EACH OF THE FOLLOWING FOUR ELEMENTS BY A PREPONDERANCE OF THE EVIDENCE.

THE <u>FIRST</u> ELEMENT THAT YOU MUST CONSIDER IS WHETHER A PARTY'S CONDUCT WAS <u>NEGLIGENT</u>  IN THAT IT FELL BELOW THE STANDARD OF CARE THAT THE LAW REQUIRES.  IN OTHER WORDS, YOU MUST DECIDE WHETHER A PARTY BREACHED A DUTY IT OWED TO THE PLAINTIFFS TO EXERCISE THE DEGREE OF CARE THAT WE MIGHT REASONABLY EXPECT OF AN ORDINARILY PRUDENT PERSON, PARTY OR ENTITY UNDER THE SAME OR SIMILAR CIRCUMSTANCES.

---

[1] Variation of Fluor's and Gulf Stream's special charge.  See Davis v. Avondale Industries, 975 F.2d 169, 171-72.

[2] Judge Engelhardt's typical negligence charge.

A PARTY'S CONDUCT WAS BELOW THE EXPECTED STANDARD OF CARE IF IT CREATED AN UNREASONABLE RISK OF HARM.  IN DETERMINING WHETHER AN UNREASONABLE RISK OF HARM HAS BEEN CREATED, YOU MAY WEIGH THE LIKELIHOOD THAT AN ACCIDENT MIGHT HAVE OCCURRED, AND THE SERIOUSNESS OF THAT ACCIDENT, AGAINST THE IMPORTANCE TO SOCIETY OF WHAT THAT PARTY WAS DOING, THE ADVISABILITY OF THE MANNER IN WHICH IT WAS DONE, UNDER THE CIRCUMSTANCES, AND THE BURDEN OF TAKING PRECAUTIONS SUFFICIENT TO AVOID AN ACCIDENT.  REASONABLE AND ORDINARY CARE CAN INCLUDE PRIOR DISCOVERY OF REASONABLY DISCOVERABLE CONDITIONS THAT MIGHT BE UNREASONABLY DANGEROUS AND  REMEDYING AND/OR WARNING OF SUCH DANGERS.

THE SECOND ELEMENT THAT YOU MUST CONSIDER IS WHETHER A PARTY'S CONDUCT, IF NEGLIGENT, WAS A CAUSE IN FACT OF THE LOSS, IF ANY, SUFFERED BY EITHER PLAINTIFF.  IN OTHER WORDS, YOU MUST DECIDE WHETHER A PARTY'S CONDUCT ACTUALLY CAUSED A PLAINTIFF'S LOSS. DETERMINING THIS ELEMENT IS USUALLY A "BUT FOR" INQUIRY THAT TESTS WHETHER THE PLAINTIFF'S LOSS PROBABLY WOULD NOT HAVE OCCURRED BUT FOR THE CONDUCT IN QUESTION.  THIS DOES NOT MEAN, HOWEVER, THAT THE LAW RECOGNIZES ONLY ONE CAUSE OF ANY INJURY, CONSISTING OF ONLY ONE FACTOR OR THING, OR THE CONDUCT OF ONLY ONE PERSON OR PARTY.  ON THE CONTRARY, MANY FACTORS OR THINGS MAY OPERATE AT THE SAME TIME, EITHER INDEPENDENTLY OR TOGETHER, TO CAUSE INJURY OR DAMAGE.  WHEN THERE ARE CONCURRENT CAUSES OF AN INJURY, WHICH NEVERTHELESS WOULD HAVE OCCURRED IN THE ABSENCE OF ONE OF THE CAUSES, THE PROPER INQUIRY IS WHETHER THE PARTICULAR CONDUCT IN QUESTION WAS A "SUBSTANTIAL FACTOR" IN BRINGING ABOUT THE INJURY.[3]

THE THIRD ELEMENT THAT YOU MUST CONSIDER IS WHETHER THE DEFENDANT'S CONDUCT, IF NEGLIGENT, WAS A LEGAL CAUSE OF ANY LOSS BY PLAINTIFFS.  CONDUCT IS A LEGAL CAUSE OF A LOSS IF THE LOSS WAS A DIRECT RESULT OF THE CONDUCT IN QUESTION, OR, AT THE TIME THAT CONDUCT OCCURRED, WAS A REASONABLY FORESEEABLE CONSEQUENCE OF THAT CONDUCT.  WITH THIS INQUIRY, YOU SHOULD CONSIDER WHETHER THE  LOSS IN QUESTION IS ONE WHICH THE DUTY OWED WAS DESIGNED TO PREVENT.   THERE MAY BE MORE THAN ONE LEGAL CAUSE OF EACH PLAINTIFF'S LOSS, IF ANY.[4]

THE FOURTH ELEMENT THAT YOU MUST CONSIDER IS WHETHER THERE WAS ACTUAL DAMAGE OR LOSS TO EACH PLAINTIFF.  IN OTHER WORDS, EACH PLAINTIFF MUST SHOW THAT EACH ACTUALLY HAVE SUFFERED A LOSS. IF A PARTY AGAINST WHOM A NEGLIGENCE CLAIM IS ASSERTED CONTENDS OTHERS' ACTIONS WERE NEGLIGENT, THEN THAT PARTY HAS THE BURDEN OF PROVING

---

[3]  VARIATION OF PLAINTIFF'S REQUESTED JURY CHARGE NOS. 33, 35.

[4]  VARIATION OF PLAINTIFF'S REQUESTED JURY CHARGE NO. 34.

THE NEGLIGENCE OF EITHER OR BOTH  PLAINTIFFS, ONE OR ALL OF THE OTHER DEFENDANTS, OR A NON-PARTY.   IF THAT NEGLIGENCE IS PROVEN, THE AMOUNT OF ANY MONETARY RELIEF FOR DAMAGES THAT EACH PLAINTIFF HAS SUFFERED WILL BE REDUCED BY THE EXTENT OF THAT NEGLIGENCE.

TO ESTABLISH THE NEGLIGENCE OF A  PLAINTIFF, ANY OTHER DEFENDANT, OR A NON-PARTY, THE PARTY AGAINST WHOM THE NEGLIGENCE CLAIM IS ASSERTED MUST ESTABLISH THAT THE SAME ELEMENTS THAT I HAVE JUST EXPLAINED IN THE CONTEXT OF THE CONDUCT OF THE PLAINTIFFS, THE OTHER DEFENDANTS, OR A NON-PARTY.  SPECIFICALLY, THE PARTY AGAINST WHOM THE NEGLIGENCE CLAIM IS ASSERTED  MUST ESTABLISH THAT THE CONDUCT OF THE PLAINTIFFS, SOME OR ALL OF THE OTHER DEFENDANTS, OR A NON-PARTY WAS <u>NEGLIGENT</u>, AND THAT THE CONDUCT WAS A <u>CAUSE IN FACT</u> AND A <u>LEGAL CAUSE</u> OF ANY <u>DAMAGES OR LOSS</u> ACTUALLY SUFFERED BY EACH PLAINTIFF."

> Fleetwood respectfully submits that the Plaintiff's exclusion of this charge is inappropriate, and without explanation.  The charge is necessary instruct the Jury as to how to appropriately evaluate the potential negligence of FEMA or any other non-party.

G.   Fleetwood objects to Plaintiff's revision to the instruction on comparative fault and/or negligence (Plaintiff's proposed charges, n.35).  Plaintiff's revision of paragraph 2 substantial modifies the clear instruction used in Bellwether Trial I.  Fleetwood suggests that Plaintiff's revision is less clear than the original language.

H.   Fleetwood objects to Plaintiff's revision to the instruction on negligence (omitted from Plaintiff's proposed charges).  Plaintiff omits the following instruction used in Bellwether Trial I:

"**FAULT ALLOCATED TO FEMA**[5]

THE LAW REQUIRES YOU TO DETERMINE WHETHER FEMA'S CONDUCT WAS "NEGLIGENT." I HAVE ALREADY INSTRUCTED YOU AS TO THE LAW REGARDING "NEGLIGENCE" IN THE "NEGLIGENCE LIABILITY" INSTRUCTION."

> Fleetwood respectfully submits that the Plaintiff's exclusion of this charge is inappropriate.

I.   Fleetwood objects to Plaintiff's revision to the instruction on No Damages for Future Disease (Plaintiff's proposed charges, n.46).  Plaintiff's revision substantial modifies the clear instruction used in Bellwether Trial I.  Fleetwood suggests that Plaintiff's revision is

---

[5]   Variation of Plaintiff's Requested Jury Charge No. 59.

less clear than the original language, and an incomplete recitation of the law. Fleetwood suggests that Plaintiff's revision is less clear than the original language:

"**NO DAMAGES FOR FUTURE DISEASE**[6]

OTHER THEN MEDICAL MONITORING COSTS AND FEAR OF CANCER DAMAGES, A PLAINTIFF MAY NOT RECOVER FOR DAMAGES THAT HE OR SHE DOES NOT PRESENTLY HAVE.  OTHER DAMAGES FOR A PARTICULAR DISEASE ARE NOT RECOVERABLE UNLESS AND UNTIL A DISEASE IS DIAGNOSED.[7]  THIS IS TRUE BECAUSE IF THE PLAINTIFF DEVELOPS CANCER OR ANOTHER ILLNESS OR DISEASE AT ANOTHER TIME, THEN HE IS ENTITLED TO BRING ANOTHER LAWSUIT REGARDING THAT CONDITION AT A LATER DATE."

This 25th day of November 2009.

        Respectfully submitted:

        /s/ Richard K. Hines, V
        Richard K. Hines, V
        GA Bar No. 356300
        NELSON MULLINS RILEY & SCARBOROUGH, LLP
        Atlantic Station
        201 17th Street, NW, Suite 1700
        Atlanta, GA  30363
        (404) 322-6000 (phone)
        (404) 322-6050 (fax)

        Jerry L. Saporito
        LA Bar No. 11717
        LEAKE & ANDERSSON, L.L.P.
        1700 Energy Centre
        1100 Poydras St.
        New Orleans, LA 70163-1701
        (504) 585-7500 (phone)
        (504) 585- 7775 (fax)

---

[6] Variation of Gulf Stream's Supplemental Jury Charge Request.

[7] *Hagerty v. L & L Marine Services, Inc.*, 788 F.2d 315 (5th Cir. 1986).

                              Andrew D. Weinstock
Louisiana Bar No. 18495
DUPLASS, ZWAIN, BOURGEOIS,
     PFISTER & WEINSTOCK
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
Telephone:    504/832-3700
Facsimile:    504/837-3119

**Counsel for Fleetwood Enterprises, Inc.**

## C E R T I F I C A T E OF SERVICE

I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )    Hand Delivery              ( )    Prepaid U.S. Mail

( )    Facsimile                  ( )    Federal Express

(X)    CM/ECF

New Orleans, Louisiana, this 25th day of November, 2009.

                                              /s/ Richard K. Hines, V
                                              Richard K. Hines, V
                                              Georgia Bar No. 356300
                                              E-mail: richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)