UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE | * | |
| | PRODUCTS LIABILITY | * | |
| | LITIGATION | * | SECTION:  N(5) |
| | | * | |
| | | * | |
| | | * | |
| This Document Relates to: | | * | |
| *Dubuclet v. Fleetwood Enterprises, Inc.* | | * | |
| | | * | JUDGE: ENGELHARDT |
| Case No. 07-9228 | | * | |
| | | * | |
| | | * | MAG: CHASEZ |

******************************************************************************

## DEFENDANT FLEETWOOD ENTERPRISES, INC'S OBJECTIONS TO CERTAIN PORTIONS OF PLAINTIFFS DESIGNATED TESTIMONY WITH RESPECT TO WILLLIAM FARISH DEPOSITION OF NOVEMBER 4, 2009

COMES NOW Defendant Fleetwood Enterprises, Inc. (hereinafter "Fleetwood") and submits these its objections to certain portions of Plaintiffs designated testimony with respect to William Farish deposition taken November 4, 2009.  (Referenced pages of the deposition are attached as Exhibit A).

**Objections:**

1.      Pages 13:19 – 24; 16:4 – 25 – 17:11 Objection.  Cumulative testimony. Rule 403. This witness is not the best witness to testify on this subject anyway.

Farish is asked whether Fleetwood performed formaldehyde testing between 1984 and 2007.  He responds that he in unaware of such testing.  This question can be asked of witnesses Theobald and Wozniak with Theobald being able to give the most complete answer.  Farish is Director of Engineering on the Manufactured Housing side and so it not a witness who can provide information on travel trailers.

2.      Pages 18:10 – 17.  Objection.  Attorney client privilege, irrelevant to any issue in the case, prejudicial.  Rule 402.

Farish is asked about his meetings with Fleetwood counsel in preparation for depositions. The question and answer are irrelevant to any issue before the Court.

3.      Pages 20: 23 – 23: 8.  Objection.  Section is irrelevant to any issue in the case. The witness has no knowledge of the information he is examined about.  The witness disagrees that having the information he is examined about made available to him would have made any difference to him in his job in the Manufactured Housing Division with Fleetwood.  In addition, the testimony is confusing and misleading to the jury and prejudicial to Fleetwood.  Rules 402, 403, 602.

Farish is asked about certain testing done on Fleetwood manufactured housing units by a company named RADCO, back in the 70's and mid-80's (Dep. at 20:23 – 21:16) -- before Mr. Farish was employed by Fleetwood in 1988 (Dep. at 11:6).  Mr. Farish testified that he did not know about the RADCO testing.  Despite this, Plaintiff inquired whether as Director of Engineering **"would you have liked to have had that information available to you?"** (Dep. at 22: 9-10) to which Mr. Farish responded **"it's interesting information.  But, I mean, we – the time period you're talking about, Fleetwood did all kinds of testing in the early days of the HUD program that wouldn't be benefit to me now.  And that would be interesting to see that.  But since we weren't having formaldehyde problems, any old testing that was done would be superficial to any -- to my daily activities and pressures."** (Dep. at 22:11 – 19). Mr. Farish's testimony on the RADCO testing lacks foundation, he has no personal knowledge of it.  Other witnesses will testify in detail about the RADCO testing.  Mr. Farish's testimony on

this issue is not relevant to any issue in the case.  The testimony is misleading, confusing and prejudical to Fleetwood and should be excluded.

      4.      Page 23:9 – 22.  Objection.  Cumulative.  Witness lacks personal knowledge. Fleetwood witnesses Elden Smith, Craig Biazo and others were also asked this question and can testify as Farish testifies. Rule 403, 602.

      Farish is asked when he first heard about formaldehyde complaints in the FEMA EHUs provided to displaced persons after Hurricane Katrina.  He agrees, that like all other Fleetwood witnesses who have been deposed in this case, he learned about it through media reports.  Farish testimony adds nothing.  Several other Fleetwood witnesses, with knowledge of travel trailers which Farish does not have, will testify on this issue.  As such, the testimony of Mr. Farish on this issue should be excluded.

      5.      Pages 23:23 – 25:11.  Objection.  Seeking to introduce information about post notice action taken by Fleetwood relative to formaldehyde complaints.  Testimony is irrelevant to any issue in the case, is misleading and confusing to the jury, prejudicial.  Rule 402, 403.

      Farish is asked whether meetings were called at Fleetwood after hearing of the news reports about formaldehyde claims.  He says that they were but does not give specifics.  This testimony is not relevant to any issue before the Court and should be excluded.

      6.      Pages 35:3 – 6, 36:9 – 38:15, 39:4 – 43:6, 44:9 – 45:3.  Objection.  The Court has previously ruled that reference to ambient air standards that post date the move out date of the Dubuclets will be excluded.  Rec. Doc. 7864 referencing the Court's prior order Rec. Doc. 3069.

      Farish is asked about a memo he wrote summarizing a CDC telephone conference in which he participated on December 11, 2007.  During that conference call, representatives of the CDC discussed its potential changes to the ambient air levels requirements for formaldehyde

emissions in EHUs and the proposed California changes in standards and what Fleetwood's response to the new levels may be.  Mr. Farish then wrote a memo summarizing what he heard on the telephone conference.  The testimony deals strictly with issues that post date the Dubuclets move out of the Fleetwood unit and deals with post move out date changes to formaldehyde standards which the Court has previously ruled is not admissible evidence.  (Rec. Doc. 7684, incorporating by reference its ruling in the *Alexander* case Rec. Doc. 3069 at 2).

7.      Page 44:9 – 17.  Objection.  Witness lacks personal knowledge of the subject he is being examined about, cumulative testimony.  Rules 602, 403.

Farish is asked whether formaldehyde off gassing varies in travel trailers depending on the age of the product.  He responds **"I don't have expertise in that area"** and goes on to give a very general answer.  (Dep. at 44:15 – 17).  Many other witnesses on the travel trailer side were asked about this and give testimony on this issue.  Mr. Farish is without personal knowledge sufficient to provide this testimony, as he stated.  The testimony should be excluded.

8.      Pages 45:7 – 47:25.  Objection.  Testimony relates to manufactured housing requirements and experience, not to travel trailers. and therefore lacks relevance.  Witness lacks personal knowledge of the subject he is being examined about.  Cumulative testimony.  Rules 402, 602, 403.

Farish is asked about ventilation systems in manufactured housing units and talks about those systems generally and how manufactured housing has to meet code requirements relating to ventilation. He is not asked about travel trailers.  The testimony is not relevant to any issue in the case and should be excluded.

9.      Pages 47:3 -25, 48:22 – 49:11, 50:20 – 51:21.  Objection.  Witness is asked to interpret the Fleetwood warning label and the sufficiency of the warning. The Court has

previously stricken testimony by Plaintiffs' warning expert Laughery regarding his interpretation

of what the label may have meant to the Dubuclets as not helpful to the jury. (Rec. Doc. 7533)

Farish is asked about the language of the Fleetwood travel trailer warning regarding

formaldehyde and what "proper ventilation" means to him. This is an effort by Plaintiff to use a

witness who has no experience with travel trailers to comment on the sufficiency of the warning

label or about how the Dubuclets may have interpreted the warning. Plaintiffs are simply trying

to use this witness, without establishing any foundation regarding his knowledge of warnings, to

do that which the Court has ruled expert Laughery cannot do. As such, the testimony should be

excluded.

This 29th day of November 2009.

Respectfully submitted:

 */s/ Richard K. Hines, V*
Richard K. Hines, V
GA Bar No. 356300
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)

Jerry L. Saporito
LA Bar No. 11717
LEAKE & ANDERSSON, L.L.P.
1700 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-1701
(504) 585-7500 (phone)
(504) 585- 7775 (fax)

Andrew D. Weinstock
Louisiana Bar No. 18495
DUPLASS, ZWAIN, BOURGEOIS,
     PFISTER & WEINSTOCK

3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700 (phone)
(504) 837-3119 (fax)

Counsel for Defendant Fleetwood Enterprises, Inc.

<u>C E R T I F I C A T E OF SERVICE</u>

      I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )    Hand Delivery             ( )    Prepaid U.S. Mail

( )    Facsimile                  ( )    Federal Express

(X)    CM/ECF

      New Orleans, Louisiana, this 29th day of November, 2009.

                     */s/ Richard K. Hines, V*
                     Richard K. Hines, V
                     Georgia Bar No. 356300
                     E-mail:  richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)