UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * * * | MDL NO. 1873 |
| | | | SECTION:  N(5) |
| This Document Relates to: *Dubuclet v. Fleetwood Enterprises, Inc.* | | * * * | |
| Case No. 07-9228 | | * * * | JUDGE: ENGELHARDT |
| | | * | MAG: CHASEZ |

*****************************************************************************

### DEFENDANT FLEETWOOD ENTERPRISES, INC'S OBJECTIONS TO CERTAIN PORTIONS OF PLAINTIFFS DESIGNATED TESTIMONY WITH RESPECT TO FEMA WITNESSES MARTIN MCNEESE AND BRYAN MCCREARY

COMES NOW Defendant Fleetwood Enterprises, Inc. ("Fleetwood") and submits these its objections to certain portions of Plaintiffs designated testimony with respect to the deposition of FEMA witness Martin McNeese, taken July 14, 2009, and Bryan McCreary, taken September 23, 2008.

**Martin McNeese Objections:** (Referenced pages for McNeese are attached as Exhibit A)

1.    Pages 54:17 – 58:9.  Objection.  The testimony is irrelevant to any issue in the case.  In addition, the testimony is confusing and misleading to the jury, cumulative of other witnesses who do have requisite knowledge, and prejudicial to Fleetwood.  Rules 402, 403.

The United States is not a party to the Dubuclet case.  These pages relate to internal discussions within FEMA in 2006 regarding the possibility of the government's specifying specific, lower formaldehyde requirements for EHUs in the future.  This testimony references levels from 0.3 ppm to 0.008 ppm.  The testimony is not relevant to any issue in the Dubuclet

because it post dates the manufacture and delivery date of the Fleetwood unit to the Dubuclets, it relates to internal discussions within the government, not shared at that time with Fleetwood, and therefore does not amount to any notice to Fleetwood.  Additionally, it references a 0.008 ppm level which is not the level that was eventually adopted by FEMA.  The Court has previously ruled that discussion of formaldehyde standards which post date the Dubuclet move out date are not admissible.  (Rec. Doc. 7684, incorporating by reference its ruling in the *Alexander* case (Rec. Doc. 3069 at 2).  This testimony lacks relevance, is misleading, confusing and highly prejudicial to Fleetwood and should be excluded.

      2.      Pages 62:14 – 65:3  Objection.  Lacks relevance, the testimony is confusing and misleading to the jury, and prejudicial to Fleetwood.  Rules 402, 403.

McNeese is asked about another FEMA employee's email, authored in 2006, recommending that a particular travel trailer unit (not the Dubuclets') be designated uninhabitable because of what he considers a "high level" of formaldehyde.  The testimony does not include what the level even was in the trailer at issue, and it does not indicate that the unit at issue was a Fleetwood unit.  McNeese testifies that this was an improper suggestion by the author of the email because no government agency had yet set a level of what was acceptable and what was not.  This is also an internal government email that was not shared with Fleetwood at the time and therefore does not amount to any notice to Fleetwood.  As such this testimony lacks relevance, is misleading, confusing and highly prejudicial to Fleetwood and should be excluded.

      **Objections Bryan McCreary**: (Referenced pages for McCreary are attached as Exhibit B)

1.	Pages 34:1 – 35:11.  Objection.  Lacks relevance, the testimony is confusing and misleading to the jury, and prejudicial to Fleetwood.  Rules 402, 403.

This testimony is about the "current" decision by FEMA to use travel trailers "as a last resort" form of EHU.  It discusses what FEMA's requirements were in 2009 for EHUs.  It discusses FEMA decisions which post date the Dubuclets' move out date from the unit.  It is not relevant to any Fleetwood unit nor does it constitute notice to Fleetwood at a relevant time.  The Court has previously ruled that discussions of formaldehyde level requirements promulgated after the move out date of the Dubuculets was irrelevant.  Rec. Doc. 7684, referencing the Court's earlier ruling in *Alexander*, Rec. Doc. 3069.

This 29th day of November 2009.

Respectfully submitted:

 /s/ Richard K. Hines, V
Richard K. Hines, V
GA Bar No. 356300
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)

Jerry L. Saporito
LA Bar No. 11717
LEAKE & ANDERSSON, L.L.P.
1700 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-1701
(504) 585-7500 (phone)
(504) 585- 7775 (fax)

Andrew D. Weinstock
Louisiana Bar No. 18495
DUPLASS, ZWAIN, BOURGEOIS,
	PFISTER & WEINSTOCK

3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700 (phone)
(504) 837-3119 (fax)

Counsel for Defendant Fleetwood Enterprises, Inc.

**C E R T I F I C A T E OF SERVICE**

      I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )    Hand Delivery               ( )    Prepaid U.S. Mail

( )    Facsimile                     ( )    Federal Express

(X)    CM/ECF

      New Orleans, Louisiana, this 29th day of November 2009.

                            /s/ Richard K. Hines, V
                            Richard K. Hines, V
                            Georgia Bar No. 356300
                            E-mail: richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)

5