UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * * * | MDL NO. 1873 |
| | | | SECTION: N(5) |
| This Document Relates to: *Dubuclet v. Fleetwood Enterprises, Inc.* | | * * * | |
| | | | JUDGE: ENGELHARDT |
| Case No. 07-9228 | | * * * | |
| | | | MAG: CHASEZ |

*******************************************************************************

**DEFENDANT FLEETWOOD ENTERPRISES, INC'S OBJECTIONS TO CERTAIN PORTIONS OF PLAINTIFFS DESIGNATED TESTIMONY WITH RESPECT TO CHARLES REICK DEPOSITION OF OCTOBER 6, 2009**

COMES NOW Defendant Fleetwood Enterprises, Inc. (hereinafter "Fleetwood") and submits these its objections to certain portions of Plaintiffs designated testimony with respect to the Charles Reick deposition taken October 6, 2009. (Referenced pages of the deposition are attached as Exhibit A).

**Objections:**

1. Page 76:10 – 22. Objection. The testimony is irrelevant to any issue in the case. In addition, the testimony is confusing and misleading to the jury, and prejudicial to Fleetwood. Rules 402, 403. The Court has previously ruled that this type of evidence, relating to financial issues, will not be admitted in this case. Rec. Doc. 7864.

Mr. Reick is asked to tell the jury "how many hundreds of millions of dollars Fleetwood made in connection with" sales of EHUs to FEMA. The Court has ruled, as it did in the Alexander case, that testimony on this issue will be excluded. The question, and answer thereto,

lacks any relevance to any issue in the case. It is highly prejudicial to Fleetwood. The Court has previously ruled on this issue, noting such evidence is not admissible. As such, this testimony should be excluded.

2. Pages 87:24 to 89:2 - 17. Objection. The testimony is irrelevant to any issue in the case. The witness has no first hand knowledge of the document being inquired about. In addition, the testimony is confusing and misleading to the jury, and prejudicial to Fleetwood. Rules 402, 403, 601, 602.

Plaintiff examines Mr. Reick about a document FLE-00001944 which is a FEMA Storage Procedures document. Plaintiff lays no foundation with this witness about this document but simply has the witness read portions of it. As Morgan employee James Schilligo testified in his deposition on October 22, 2009, this document was drafted by Mr. Henriquez in the summer of 2005, prior to Katrina, and contains proposed procedures for handling Fleetwood units sold to Morgan for use as EHUs by FEMA, however, Henriquez had never run a storage process before, while Morgan had, and Mr. Schilligo rejected the draft -- "rejected it before the Katrina/Rita response." The document was never utilized. James Schilligo Dep. October 22, 2009, at 94:7 – 25 to 95:1 – 19. As such, the document lacks any relevance and should be excluded under Federal Rules of Evidence 402 and 403. [Fleetwood is attaching a copy of the referenced excerpts from Mr. Schilligo's deposition are attached as Exhibit B.]

This 29th day of November 2009.

                                  Respectfully submitted:

                                  /s/ Richard K. Hines, V
                                Richard K. Hines, V
                                GA Bar No. 356300
                                NELSON MULLINS RILEY & SCARBOROUGH, LLP
                                Atlantic Station
                                201 17th Street, NW, Suite 1700

Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)

Jerry L. Saporito
LA Bar No. 11717
LEAKE & ANDERSSON, L.L.P.
1700 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-1701
(504) 585-7500 (phone)
(504) 585- 7775 (fax)

Andrew D. Weinstock
Louisiana Bar No. 18495
DUPLASS, ZWAIN, BOURGEOIS,
       PFISTER & WEINSTOCK
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700 (phone)
(504) 837-3119 (fax)

Counsel for Defendant Fleetwood Enterprises, Inc.

## **C E R T I F I C A T E OF SERVICE**

I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )     Hand Delivery                          ( )     Prepaid U.S. Mail

( )     Facsimile                              ( )     Federal Express

(X)     CM/ECF

New Orleans, Louisiana, this 29th day of November 2009.

                                              /s/ Richard K. Hines, V
                                              Richard K. Hines, V
                                              Georgia Bar No. 356300
                                              E-mail: richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)