UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * * * | MDL NO. 1873 |
| | | | SECTION: N(5) |
| This Document Relates to: *Dubuclet v. Fleetwood Enterprises, Inc.* | | * * * | |
| | | | JUDGE: ENGELHARDT |
| Case No. 07-9228 | | * * * | |
| | | | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT FLEETWOOD ENTERPRISES, INC'S OBJECTIONS TO CERTAIN PORTIONS OF PLAINTIFFS DESIGNATED TESTIMONY WITH RESPECT TO ALBERT SNYDER DEPOSITION OF AUGUST 18, 2009**

COMES NOW Defendant Fleetwood Enterprises, Inc. (hereinafter "Fleetwood") and submits these its objections to certain portions of Plaintiffs designated testimony with respect to the Albert Snyder deposition taken August 18, 2009. (Referenced pages of the deposition are attached as Exhibit A).

**Objections:**

1. Pages 292:13 – 25. Objection. The witness lacks personal knowledge of the subject he is being examined about, the testimony is not relevant, and is confusing and misleading to the jury and prejudicial to Fleetwood. Rules 402, 403, 601, 602.

Snyder is questioned about an MSDS sheet from Louisiana Pacific. He is simply asked to read the document to publish a section of it. Plaintiffs fail to lay any foundation under Rules 601 or 602 with respect to this witness' knowledge of the document. It is not established that the product to which the particular MSDS document relates was incorporated into a travel trailer.

Snyder is not asked about is familiarity with the document presented to him.  In fact, the witness testified that he had general familiarity with MSDS sheets and had read various ones from time to time.  (Snyder Dep. at 292:5 – 12.):  The witness has no medical or industrial hygiene background and cannot comment on the accuracy of the statements in the MSDS that he is questioned about.   As such, this testimony should be excluded.

     2.       Pages 295:2 – 25 to 296:12 and 305:9 0 25 to 306:1 -5.  Objection. The witness lacks personal knowledge of the subject he is being examined about, the testimony is not relevant, and is confusing and misleading to the jury and prejudicial to Fleetwood.  Rules 402, 403, 601, 602.

     Snyder is asked about a list of panel products apparently manufactured by a company called North American Forest Products and asked which of the products on the list "contain formaldehyde".  Snyder answers that he does not know.  Plaintiffs fail to lay any foundation under Rules 601 or 602 with respect to this document.  They do not establish that the products were used in travel trailers.  They do not establish the witness' familiarity with the document or the products listed on the document.  The testimony is not relevant to any issue in the case.  As such the testimony should be excluded.

     In addition, the lawyer colloquy from Plaintiffs counsel relating to marking of exhibits (at 305:21 to 306: 5) throughout the deposition contains argument, is not testimony or actual questioning by counsel, is not relevant to any issue in the case, and should be excluded.

     3. Pages 297:17 – 25 to 299:8.  Objection. The witness lacks personal knowledge of the subject he is being examined about, the testimony is not relevant, and is confusing and misleading to the jury and prejudicial to Fleetwood.  Rules 402, 403, 601, 602.

Snyder is asked about the Fleetwood travel trailer warning as to formaldehyde. He is first asked to testify to what it says and notes that he cannot respond to that "'ff the top of my head." (Snyder Dep. 297:19 – 23) and "without the warning in front of me, sir, I'd just be speculating what it says. I'd rather not do that." (Snyder Dep. 298:2 – 4) Yet, in the very next question Plaintiff's counsel asked "without having the warning in front of you , though, you cannot tell?" to which Mr. Snyder answered: "I cannot tell". (Snyder Dep. 298:7 – 9). Despite giving those answers, he is then questioned, out of context, about certain terms that appear in the warning. (Snyder Dep. at 298:10 – 11). Snyder testifies through page 299 that he "can't answer" the questions put to him. As such, the testimony should be excluded.

4. Pages 307:21 to 308: 4 and 314:23 – 25 and 323:2 – 5 and 325:13 – 15 and 331:18 - 20. Objection. The questions are statements of counsel not a question, lack relevance, and are confusing and misleading to the jury and prejudicial to Fleetwood. Rules 402, 403.

The lawyer colloquy from Plaintiff's counsel relating to marking of exhibits contains argument, emphasis on certain exhibits and statements about certain exhibits, is not testimony of the witness or even actual questioning by counsel, and as such it is not relevant to any issue in the case and prejudicial, and should be excluded.

5. Pages 313:10 to 21. Objection. Witness has no personal knowledge, the question is confusing. Rule 402, 601, 602.

Snyder is being asked about a document however the document as read to him is confusingly read and the witness states he does not know what the terms that were read to him mean. The witness has no knowledge of that portion of the document that is simply being read to him. There is no actual testimony, just counsel questioning. This portion is not relevant to any issue, is misleading and confusing and should be excluded.

6. Page 318:16 – 18.   Objection.  Irrelevant, prejudical.  Rule 402, 403.

Plaintiff's counsel upbraids the witness instructing him to "listen to my question".  The direction was improper and unnecessary at the time of the deposition, adds no relevant testimony (since it is Plaintiffs counsel talking) and is prejudical.  It should be excluded.

This 29th day of November 2009.

Respectfully submitted:

 /s/ Richard K. Hines, V
Richard K. Hines, V
GA Bar No. 356300
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)

Jerry L. Saporito
LA Bar No. 11717
LEAKE & ANDERSSON, L.L.P.
1700 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-1701
(504) 585-7500 (phone)
(504) 585- 7775 (fax)

Andrew D. Weinstock
Louisiana Bar No. 18495
DUPLASS, ZWAIN, BOURGEOIS,
    PFISTER & WEINSTOCK
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700 (phone)
(504) 837-3119 (fax)

Counsel for Defendant Fleetwood Enterprises, Inc.

## **C E R T I F I C A T E OF SERVICE**

      I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )    Hand Delivery                ( )    Prepaid U.S. Mail

( )    Facsimile                     ( )    Federal Express

(X)    CM/ECF

      New Orleans, Louisiana, this 29th day of November, 2009.

                                        /s/ Richard K. Hines, V
                                        Richard K. Hines, V
                                        Georgia Bar No. 356300
                                        E-mail: richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)