UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * * * | MDL NO. 1873 |
| | | | SECTION: N(5) |
| This Document Relates to: *Dubuclet v. Fleetwood Enterprises, Inc.* | | * * * | |
| | | | JUDGE: ENGELHARDT |
| Case No. 07-9228 | | * * | |
| | | * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT FLEETWOOD ENTERPRISES, INC'S OBJECTIONS TO CERTAIN PORTIONS OF PLAINTIFF'S DESIGNATED TESTIMONY WITH RESPECT TO STEVEN SMITH DEPOSITION OF NOVEMBER 3, 2009**

COMES NOW Defendant Fleetwood Enterprises, Inc. (hereinafter "Fleetwood") and submits these its objections to certain portions of Plaintiffs designated testimony with respect to the Steven Smith deposition taken November 3, 2009. (Referenced pages of the deposition are attached as Exhibit A).

Steven Smith, an employee of Fleetwood for 41 years, who left the employ of Fleetwood in 2009, testified that in the 2005 – 2006 time frame he was Director of Corporate Services for the Manufactured Housing Division of Fleetwood. (S. Smith Dep. at 43:14 – 19). He was exhaustively questioned about his entire employment history and testified that he always worked in manufactured housing arena, never with travel trailers. (S. Smith Dep. at 7 – 11, 13, 16 – 19, 22, 25 – 32, 39 – 40). He specifically testified that he had "no knowledge of what was going on in the recreation vehicle side" of Fleetwood during his tenure there (S. Smith Dep. at 38:19 – 21) and that "every meeting and every communication that I had was related to manufactured

housing" not travel trailers. (S. Smith Dep. 38: 5 – 6).  Yet, Smith was questioned in this case on numbers of issues specific to travel trailers.  Smith lacks personal knowledge of the issues about which he was examined, and his testimony is not relevant to any issue here.

**Objections:**

    1.    Pages 19:9 - 20: 3.  Objection. The testimony is irrelevant to any issue in the case. The testimony is confusing and misleading to the jury, cumulative of other witnesses who do have requisite knowledge, and prejudicial to Fleetwood.  Rules 402, 403.

    Smith was asked if he knows that in the 1980's composite wood products were used in manufactured housing units and he says "yes."  This testimony adds nothing to any issue in the case.

    2.    Page 21:6 – 14, 22:11 – 20, 23:6 – 12.  Objection.  Lacks relevance, the testimony is confusing and misleading to the jury, and prejudicial to Fleetwood.  Rules 402, 403.

    Smith was asked "do you recognize formaldehyde as having health risks to individuals". He responded "yes, in high volumes" and then noted that he learned of this in the 1970's when the industry had some claims and lawsuits.  He then testified that he was not involved in the handling of those claims or lawsuits (S. Smith Dep. at 21:15 – 17) and that he was only "remotely" aware of the claims or lawsuits (S. Smith Dep. 22:21 -25).  Smith has no medical training.  His entire experience is with manufactured housing.  His response to these questions related to long ago claims and lawsuits (prior to Fleetwood's building its units to the HUD standards which it began to do in the mid 1980's) involving manufactured housing units, about which Smith was only "remotely" aware anyway is testimony that is not relevant to any issue in the case and it should be excluded.

3. Pages 36:11 – 25 to 37:1-2. Objection. Lacks relevance, the testimony is confusing and misleading to the jury, and prejudicial to Fleetwood. Rules 402, 403.

Smith was asked about experiencing eye irritation when entering units and he testified that back in the 60's and 70's he experienced such symptoms on occasion when entering manufactured housing units. The time frame and the product type are not at issue in this case. As such the testimony is not relevant or probative and should be excluded.

4. Pages 37:3 – 25 to 38: 1-2. Objection. Lacks relevance, the testimony is confusing and misleading to the jury, and prejudicial to Fleetwood. Rules 402, 403.

Smith was asked if he knew certain wood products contained formaldehyde and when he learned that. He responded that he learned about that in the 1980's in meetings at Fleetwood relating to the manufactured housing division adopting the use of low emitting products. He testified that all such meetings dealt with manufactured housing only. (S. Smith Dep. at 38: 5 – 6). As such the testimony is not relevant or probative and should be excluded.

5. 42: 3 -25 to 43:1 – 10.. Objection. Lacks relevance, the testimony is confusing and misleading to the jury, and prejudicial to Fleetwood. Rules 402, 403.

Smith was asked if Fleetwood knew in the 1980's that one way to reduce formaldehyde in manufactured housing units was to use products that emitted low amounts of formaldehyde. He said "yes." He also testified that he had been told that heat and humidity can impact emissions of formaldehyde, but based his testimony in this regard on his historical knowledge of manufactured housing units in the 70's and early 80's. This testimony relates solely to his experience with manufactured housing, in that time frame, and not with travel trailers. As such the testimony is not relevant or probative and should be excluded.

6. Pages 120:21 – 25 to 121:1 10. Objection. Testimony relates to manufactured housing requirements and experience, not to travel trailers, and therefore lacks relevance, is misleading and confusing to the jury and prejudicial. Rules 402, 602, 403.

Smith was asked about manufactured housing products by counsel for FEMA and answered questions about whether FEMA had any role in selecting the wood products used by Fleetwood in its manufactured housing products, and agreed FEMA did not. The testimony has no relevance to any issue in this case. As such the testimony is not relevant or probative and should be excluded.

This 29th day of November 2009.

Respectfully submitted:

*/s/ Richard K. Hines, V*
Richard K. Hines, V
GA Bar No. 356300
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)

Jerry L. Saporito
LA Bar No. 11717
LEAKE & ANDERSSON, L.L.P.
1700 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-1701
(504) 585-7500 (phone)
(504) 585- 7775 (fax)

Counsel for Fleetwood Enterprises, Inc.

## C E R T I F I C A T E OF SERVICE

      I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )    Hand Delivery            ( )    Prepaid U.S. Mail

( )    Facsimile                ( )    Federal Express

(X)   CM/ECF

      New Orleans, Louisiana, this 29th day of November, 2009.

                                          /s/ Richard K. Hines, V
                                          Richard K. Hines, V
                                          Georgia Bar No. 356300
                                          E-mail: richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)