UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-5"<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

**THIS DOCUMENT IS RELATED TO:**
*Elisha Dubuclet, et al v. Fleetwood Enterprises, et al, No. 07-9228*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF ELISHA DUBUCLET'S RESPONSES
AND OBJECTIONS TO DEFENDANT FLEETWOOD'S
JURY CHALLENGES FOR CAUSE**

NOW INTO COURT, through undersigned counsel, comes plaintiff Elisha Dubuclet, appearing on behalf of her minor daughter Timia Dubuclet, who responds and objects as follows to the challenges for cause by the defendant Fleetwood with respect to certain prospective jurors, specifically those enumerated starting at page 3 of the defendant's "List of Prospective Jurors Who Should Be Excused for Cause" (Doc. 8139).

1. **Lewis H. Bayhi, III**

Defendant relies in part on this individual's responses to questions number 82 and 83 on the juror questionnaire. However, these responses relate only to the claims of an individual against the Government, and therefore are not relevant to the issue of whether this individual can be objective as a juror in a case against Fleetwood. Moreover, Ms. Bayhi describes herself as <u>not</u> "unusually sympathetic" in response to question number 35. She also believes corporations

-1-

generally try to make safe products, according to the response to question no. 77.  Finally, and perhaps most importantly, Ms. Bayhi declares that she could fairly decide a case of an individual against a corporation in response to question number 71.  Only by disregarding this answer, could such a juror be excused for cause in advance of a *voir dire* opportunity to question her further.  It is respectfully submitted that Ms. Bayhi should be the subject of a peremptory challenge, not a challenge for cause.

2.     **Jerry L. Brooks**

Defendant cites responses to this individual's questions about the Federal Government's obligations, which provide no basis whatsoever for claiming a lack of objectivity as to the defendant private corporation.  Mr. Brooks' response to question number 25 about being willing to re-examine his opinions and deliberation, is ambiguous and requires further questioning during *voir dire*, i.e., the response about people in Mr. Brooks' family who have been convicted does not seem to relate to the question at hand, and may be a case of misunderstanding the question.  As to the critical issue of this gentleman's ability to be an impartial juror, the Court will note that he states in response to question number 71 (asking whether he could fairly decide a lawsuit by an individual against a corporation) that this would be a "fifty fifty" proposition, suggesting (again, to be clarified as needed at *voir dire*) that he appropriately would see the individual and the corporation starting on equal terms.  Significantly, Mr. Brooks also states in response to number 77 that he does think corporations generally try to make their products safe.  There is no basis for excusing this individual for cause in advance of *voir dire*.  Any issues perceived in his responses should be the subject of further questioning during *voir dire* and/or made a basis for a peremptory challenge, not a challenge for cause.

3. **Shirlene Brumfield**

Defendant Fleetwood offers hardly any substantive reason to excuse Ms. Brumfield for cause. In any event, this individual confirms that she could fairly decide a case involving an individual making a claim against corporation, in response to question number 71. She does not believe that corporations conspire to hide health and safety information, but instead agrees that most companies try to conduct their business honestly and ethically, in response to questions 74 and 75. She also believes corporations generally try to make their products safe, in answer to question number 77. There is no reason to excuse her for cause in advance of *voir dire*.

4. **Andrew J. Cannatella**

Defendant cites this individual's disclosure that some of his cousins lived in a FEMA trailer. Without more, however, this is information which may be as helpful to the defendant as to plaintiff (e.g., if the cousins lived in a FEMA trailer without concern and without making a claim). Certainly if this matter is to be pursued, it should be done in *voir dire*, rather than foreclosing follow-up questioning through an advance excusal of Mr. Cannatella. More importantly, Mr. Cannatella states that corporations generally try to make their products safe (answer to question number 77) and declares that he could fairly decide a case brought by an individual against a corporation (answer to question number 71). It would be improper to disregard the latter answer by allowing Fleetwood's challenge for cause at this juncture.

5. **Angela G. Cilluffa**

Fleetwood cites the fact that Ms. Cilluffa has two sisters who lived in FEMA trailers and who have had health complaints. This information, in and of itself, is insufficient to justify an advance excusal for cause. Rather, *voir dire* questioning will provide an opportunity to

determine whether, despite the experience of her sisters, Ms. Cilluffa feels she can be fair in this case involving a specific trailer manufactured by Fleetwood. Moreover, and more relevant to the question of impartiality in this case, Ms. Cilluffa states that corporations generally try to make safe products (answer to question number 77) and also states that she could fairly decide a lawsuit involving an individual against a corporation (answer to question number 71). Fleetwood also alludes to the fact that Ms. Cilluffa's parents appear to have Chinese drywall in their home (answer to question number 97). On this basis, the defendant makes the remarkable — and unsupportable — statement that Ms. Cilluffa is represented by the "PSC" in the Drywall litigation. First, the fact that this individual's parents had drywall does not necessarily give her her own legal claim in the MDL involving Chinese drywall. Even if it did, however, this has no possible relevance in determining whether Ms. Cilluffa can be a fair juror in this case against Fleetwood.

6.  **Phyllis Dufrene**

The scant responses cited by Fleetwood in support of this challenge for cause are clearly offset and overcome by Ms. Dufrene's responses to the effect that corporations generally try to make safe products (question number 77) and that she could fairly decide a case brought by an individual against a corporation (question number 71). There is no justification to disregard these responses, especially the latter response, by excusing Ms. Dufrene in advance for cause.

7.  **Pepper Dupont**

Ms. Dupont believes that corporations have neither an unfair advantage nor disadvantage in the courtroom, because "[e]veryone has the same advantages" in that setting (answer to question number 69). She believes that corporations generally try to make their products safe

(question number 77), and she declares that she could fairly decide a lawsuit involving an individual against a corporation (question number 71). These responses alone foreclose any advance challenge or excusal of this individual on a "for cause" basis. Moreover, Fleetwood's mere reference to the individual's response that "in-laws" lived in a travel trailer after Hurricane Katrina, provides no basis for concluding that this in any way would influence the individual for or against Fleetwood.

8.  **Deborah Frank**

It is interesting that Fleetwood would seek to excuse for cause a prospective juror who believes that too many people filed frivolous lawsuits (answer to question number 65) and who also supports legislative caps on monetary awards by juries (question number 67). Ms. Frank also believes that corporations generally try to make safe products (question number 77), and declares that she could fairly decide a case brought by an individual against a corporation (question number 71). These responses alone eliminate any rational basis for declaring in advance that Ms. Frank is incapable of being a partial and objective juror in the present case against Fleetwood. Fleetwood cites the disclosure by Ms. Frank that her mother and brother lived in a FEMA trailer (question number 114), and that her mother had respiratory problems and was sick during and after the time she lived in the FEMA trailer (question numbers 94 and 95). However, Ms. Frank also states that her mother "worked at [a] cement company and experienced lung problems....," in response to question number 95. Therefore, it is far from clear in these answers whether Ms. Frank would attribute her mother's respiratory problems to living in the FEMA trailer, or to on-the job exposure. At the very least, the parties (through the Court) should have a *voir dire* opportunity to determine whether Ms. Frank cannot be a fair juror because of her

mother's health history and/or experience as a FEMA trailer resident.  Importantly, Ms. Frank did not declare in the responses to the questionnaire that, because of her mother's experiences, she herself could not be a fair juror in this case against the defendant corporation.  In fact, she indicated to the contrary.

9.    **Joseph Gale**

Interestingly, Fleetwood again would challenge an individual who writes the word "greed" in addition to an affirmative response to whether too many frivolous lawsuits are filed (answer to question number 65), and who also endorses the idea of fixed limits on a plaintiff's recovery of compensation for injury (question number 66).  Moreover, despite the responses relied upon by Fleetwood in this challenge, the Court will note that Mr. Gale believes that corporation's generally try to make safe products (question number 77) and, more critically, states that he could fairly decide a case brought by an individual against a corporation (question number 71).  The latter response cannot be simply discarded and given no weight, in determining whether the questionnaire responses in and of themselves justify an advance challenge for cause in this instance.

10.   **Pamela Guidry**

Hardly any support in questionnaire responses is offered by Fleetwood for this particular challenge.  Suffice it to say that Ms. Guidry believes that too many people file frivolous lawsuits (answer to question number 65), supports legislative caps on recovery (question number 67), thinks corporations generally make safe products (question number 77), and, most importantly, states that she could fairly decide a case brought by an individual against a corporation (question number 71).  She may be the subject of a peremptory challenge in this matter, but Fleetwood

offers no basis for an advance challenge for cause in this instance.

11. **Destiny Henry**

The defendant Fleetwood reveals the lack of merit for this challenge for cause with its initial observation about Ms. Henry that she cannot be objective because her employer is ACORN! The leap from this fact of employment to the lack of impartiality apparently requires the Court to accept Fleetwood's assertion that ACORN has "enlisted" people this (sic) litigation." Surely this is a leap the Court is not interested in making, without so much as questioning the underlying assumption about ACORN in this litigation, and without so much as asking Ms. Henry whether her employment with ACORN has brought her into any contact whatsoever with this litigation. This individual does not consider herself an "unusually sympathetic" person, because she is "all for fairness" (answer to question number 35). She believes that people too often file frivolous lawsuits (question number 65). She believes that corporations generally try to make their products safe (question number 77). Most importantly, she feels she could fairly decide a lawsuit involving an individual against a corporation (question number 71). Putting aside mere conjecture and speculation, there is simply no basis in the questionnaire responses for this challenge for cause, particularly on an advance basis and without the opportunity for *voir dire*.

12. **Tiffany Jones**

Fleetwood notes that this individual does not believe corporations generally try to make their product safe (answer to question number 77). On the other hand, she also is doubtful that corporations conspire to hide important health and safety information from the public (question number 74). Furthermore, she agrees that individuals receiving emergency assistance from the

Government should have no right to sue the Government for injuries related to this assistance (answer to question number 82b). While questions about impartiality may arise from the inconsistent answers to the questionnaire given by Ms. Jones, there is no basis to excuse her in advance on a "for cause" basis. She should be questioned further in *voir dire* as appropriate.

13.   **Brian Rachal**

The sole ground cited by Fleetwood for this challenge is Mr. Rachal's response to question number 105. However, it is possible to read that response as suggesting that the manufacturers of FEMA trailers had no reason to expect there would be health problems because they believed their trailers would be subject to short-term use only. Mr. Rachal is a registered Republic (question number 19), watches Fox News, Glen Beck and the O'Reilly Factor (question number 28) and does not consider himself an unusually sympathetic person (question number 35). He believes too many frivolous lawsuits are filed (question number 65), thinks there should be fixed limits on compensation recovery (question number 66), and favors legislative caps on jury verdicts (question number 67). He believes our system gives unfair advantages to those who file lawsuits because "anyone can sue for anything" (question number 70). He believes corporations generally try to make their product safe (question number 77); and, critically he believes he could fairly decide a lawsuit brought by an individual against a corporation (question number 71). A single response cited by Fleetwood simply does not present an accurate picture of a prospective juror who is predisposed in favor of the plaintiff in this case. There is no sufficient basis for a challenge for cause in advance of *voir dire* in regard to Mr. Rachal.

14.   **Matthew August Rota**

The primary basis for the defendant's challenge to Mr. Rota is that he acknowledges that,

as a member of the Sierra Club, he knows "some of the people that brought this issue to the media" (answer to question number 117).  However, Mr. Rota also thinks that corporations generally try to make their products safe (question number 77); and he declares that he could fairly decide a lawsuit involving an individual against a corporation (question number 71).  In response to question number 105, Mr. Rota does indicate a criticism of both the manufacturers and the Federal Government regarding FEMA trailer formaldehyde crisis; but he answers that particular question about whether he has already formed opinions in this regard by checking off not "yes" or "no," but "maybe."  This witness should be further questioned in *voir dire*.  There is insufficient basis in the responses of the questionnaire to justify an advanced removal for cause.

15.     **Doris E. Starnes**

Fleetwood quotes extensively from Ms. Starnes' answers to the questionnaire in which she describes her experience of both physical health problems and mental distress after the flooding of her home in Katrina.  This in and of itself does not disqualify her as a prospective juror.  The vast majority of those in the venire will have experienced stress, even significant stress, as a result of Katrina.  More importantly, Ms. Starnes states that in a lawsuit brought by an individual against a corporation, her feeling about the case "depends entirely on the case" (answer to question number 71).  She also believes that corporations generally try to make their products safe (question number 77).  Fleetwood also cites her response to question number 127, an open-ended inquiry into whether there is anything that would prevent the person from being objective in the case.  However, the answer reflects a truthful and honest willingness to be objective.  Ms. Starnes says she is "not sure" she could be objective because of her post-Katrina experience, but she does "wish" that she could be.  This witness should be further questioned in

*voir dire*, since there is not sufficient justification in these responses to excuse her for cause at this time.

16.     **Tracie Thomas**

Fleetwood refers to the fact that this individual's father inspected FEMA trailers after Katrina (question number 98) and that he complained of eye irritation while doing so (question number 100). However, Ms. Thomas stated in the question following this disclosure about her father's inspection activity that she does not have any safety concerns about travel trailers (answer to question number 99). Fleetwood also makes reference to Ms. Thomas' response to question number 119, indicating that "prolonged exposure" to formaldehyde could "possibly" result in "respiratory reactions...." But in the question which follows, number 120, the prospective juror states that formaldehyde is "not very" dangerous for someone exposed to it. She believes that corporations generally try to make their products safe (question number 77). On the critical question of whether she could be fair in a suit filed by an individual against the corporation, she writes out the answer that "with accurate and clear information, yes. I believe I can." This individual clearly could serve as an impartial and objective juror, and there is no basis in her questionnaire responses for excusing her for cause at this time.

For the foregoing reasons and on the basis of the cited questionnaire responses, plaintiff respectfully submits that none of the above-listed prospective jurors should be excused for cause in advance of the *voir dire* to be conducted during jury selection on December 7, 2009.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:    504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:    504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
ROBERT M. BECNEL, #14072
RAUL BENCOMO, #2932
FRANK D'AMICO, JR., #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
DENNIS REICH, Texas #16739600
MIKAL C. WATTS, Texas #20981820

**CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2009, I electronically filed the foregoing with the

Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all

-11-

counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                                          s/Gerald E. Meunier
                                                          GERALD E. MEUNIER, #9471