UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE | * | |
| | PRODUCTS LIABILITY | * | |
| | LITIGATION | * | SECTION:  N(5) |
| | | * | |
| | | * | |
| | | * | |
| This Document Relates to: | | * | |
| *Dubuclet v. Fleetwood Enterprises, Inc.* | | * | |
| | | * | JUDGE: ENGELHARDT |
| Case No. 07-9228 | | * | |
| | | * | |
| | | * | MAG: CHASEZ |

\***************************************************************************

**RESPONSE OF DEFENDANT FLEETWOOD ENTERPRISES, INC. TO PLAINTIFF'S LIST OF PROSPECTIVE JURORS WHO SHOULD BE EXCUSED FOR CAUSE**

**MAY IT PLEASE THE COURT:**

Pursuant to the Court's Order of November 19, 2009 (Rec. Doc. 7305), Defendant Fleetwood Enterprises, Inc. (hereinafter "Fleetwood") timely files its response to the challenges raised by Plaintiff to certain prospective jurors she believes should be excused for cause:

**PLAINTIFF'S CHALLENGES AND RESPONSE OF FLEETWOOD**

**2.     LADONNA ALEXANDER**

Ms. Alexander should be excused for cause because she expresses a belief that too many people too often file frivolous lawsuits to address grievances:  "I think sometimes people look at what they can get rather than if it is really the right thing to do." (Q #65).

**FLEETWOOD'S RESPONSE:**

Ms. Alexander should not be excused for cause.  Ms. Alexander has an open mind on the issues and should not be excused for cause.  Plaintiff's citation to Q #65 is quickly answered in

Q #66 where she answers that there should not be a fixed limit on the amount of compensation because "every case is different."  In Q #68, she circles "8" out of 10 on the scale of being able to get a fair trail.  In Q #69, she answers that she really doesn't know if corporations have an unfair advantage or disadvantage in the courtroom and the same response with respect to Q #70 for the individual.  In Q #117, she indicates that she has heard of news reports about problems with trailers but she does not have any fixed opinions (Q #119) and in Q #124 says that although she has heard about news reports, she does not remember anything specific.  In Q #127, she knows of no reason that she would have trouble being open minded in the case.

**5.    BRIAN BETHANCOURT**

Mr. Bethancourt should be excused for cause because he would "agree" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82).

**FLEETWOOD'S RESPONSE:**

Mr. Bethancourt should not be excused for cause.  Mr. Bethancourt has an open mind on the issues and should not be excused for cause.  Notwithstanding this answer to Q #82, he immediately states in answer to Q #83 that he could fairly decide a lawsuit between an individual and the government.  In Q #25, Mr. Bethancourt indicates that he would, without hesitation, re-examine his own opinions and change his mind if he was shown he was wrong.  In Q #66, he indicates that a plaintiff should recover whatever he is suing for without any limitation.  In Q #127, he indicates that he would have no trouble being open minded in a case involving a person suing the trailer manufacturers and FEMA for formaldehyde exposure from the FEMA issued trailers.

**6.  DARRELL BLANCHARD**

Mr. Blanchard should be excused for cause because he lived in a camper with a generator following the hurricane.  Further, he would have difficulty being fair and impartial toward the Federal Government because he "doesn't think that the federal government should have the right to misuse taxpayer's money" (Q #81). Last, Mr. Blanchard would "agree" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82).

**FLEETWOOD'S RESPONSE:**

Mr. Blanchard should not be excused for cause.  Mr. Blanchard has an open mind on the issues and should not be excused for cause.  In Q #96 and Q #98 it is clear that Mr. Blanchard owns his pull behind camper for recreation and at Q #112, indicates that he lived in his camper with a generator power for a couple of weeks and did not apply for FEMA assistance.  This is not a FEMA trailer and should not sustain a cause challenge, especially where he indicates in Q #127 that there is nothing that would prevent him from being open minded in the case.  He elsewhere states that he will change his opinions if shown to be wrong (Q #25), has not preconceived opinions about formaldehyde (Q #119), and he knows nothing about the FEMA formaldehyde litigation (Q #124).

**7.  RICHARD BOND**

Mr. Bond should be excused for cause because he would "agree" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82). Mr. Bond has also rented and RV in the past (Q #98).

**FLEETWOOD'S RESPONSE:**

Mr. Bond should not be excused for cause.  Mr. Bond has an open mind on the issues and should not be excused for cause.  Notwithstanding his answer to Q #82, he immediately follows in an answer to Q #83 that he could fairly decide a lawsuit between an individual and the government and although he has rented an RV for a short vacation (Q #98) as questioned by the Plaintiff, there is no indication as to whether or not this was a travel trailer or a motor home and should certainly now affect his ability to be a fair and impartial juror just as he mentions in response to Q #127.  Indeed, in connection with Q #117, he indicates that he has only read about formaldehyde in the newspaper and seen the news on TV but he has no opinions (Q #117, Q #118, Q #119) on the effects of formaldehyde.

## 8.    ALICIA BORROUSO

Ms. Borrouso should be excused for cause because she will not be impartial towards the plaintiff in this matter. She believes that too many people too often file frivolous lawsuits to address grievances (Q #65) and she supports legislative reforms to place caps on the amount of damages juries can award (Q #67). Further, she believes that our system of lawsuits gives an unfair advantage or disadvantage to people who file lawsuits, saying "some lawsuits are just stupid" (Q #70).

**FLEETWOOD'S RESPONSE:**

Ms. Borrouso should not be excused for cause.  Ms. Borrouso has an open mind on the issues and should not be excused for cause.  In response to Q #25, Ms. Borrouso indicates that she can keep an open mind and re-examine without hesitation he own opinions and change her opinions if she feels that they are wrong.  She has served as a member of grand jury in the past. Although in Q #65, she checks the often filled out box that "too often frivolous lawsuits are

4

filed," she immediately answers in Q #66 that she would not support a fixed limit on the amount of compensation if evidence supported a higher amount. On a scale of 1 to 10, she circles 8 as being able to get a fair trial (Q #68) and she believes that she could be fair in a lawsuit involving an individual and a corporation (Q #71). Indeed, in Q #73 she says that she has hardly any confidence in major corporations in our country. In Q #117 and Q #118, she has no preconceived notions or opinions about formaldehyde and in Q #127 she knows of no reason why she could not be fair and impartial in the case.

**9.    MICHAEL BRANNON**

Mr. Brannon should be excused for cause because his family lived in a mobile home until he was ten years old (Q #98).

**FLEETWOOD'S RESPONSE:**

Mr. Brannon should not be excused for cause. Mr. Brannon has an open mind on the issues and should not be excused for cause. Mr. Brannon, who is now approximately 45 years of age, apparently lived in a mobile home, the manufacturer of which he does not know, when he was "very young (1964-1974)" (Q #96 and Q #98) and in Q #99 indicates that they always worried about tornadoes. This would be no reason to support a cause challenge. In Q #117, Q #118, and Q #119, he indicates that he has no preconceived opinions about formaldehyde. He knows nothing about the lawsuits (Q #124) and can be fair and impartial as a juror (Q #127).

**13.    JASON CHAMPAGNE**

Mr. Champagne should be excused for cause because he has been camping in a mobile home several times. After Hurricane Gustav, he also worked for approximately 3 weeks out of a travel trailer that had been converted into a mobile retail location (Q #98).

**FLEETWOOD'S RESPONSE:**

Mr. Champagne should not be excused for cause.  Mr. Champagne has an open mind on the issues and should not be excused for cause.  In Q #96, he indicates that he has never owned a travel trailer or manufactured home, although in Q #98 he has been camping with neighbors a couple of times, it is unclear whether it was a motor home, RV, or some other type of unit.  After Hurricane Gustav, he worked out of a travel trailer which was converted to a mobile retail location for about three weeks, this would certainly not be sufficient to sustain a cause challenge. If one reviews his responses to the questionnaire, he does a thorough job in answering and filling in many questions including, for example, Q #65 where he is asked about frivolous lawsuits and indicates that he would not say that frivolous lawsuits are filed too often, however, he does believe that there are a number of suits that may be deemed frivolous.  Then in Q #66, he indicates that there should not be a fixed limit on the amount of compensation a plaintiff may recover and indicates that if the evidence supports a higher amount of compensation then some predetermined limit, then full restitution should be awarded in the case.  It is plain that he will be fair and in responses to Q #117, Q #118, and Q #119, he indicates that he has no preconceived ideas about formaldehyde.  In Q #127, he indicates that he would have no trouble deciding this case involving the parties to this litigations.

## 15.    CHELSEY CLEMENT

Ms. Clement should be excused for cause because she and her husband owned an RV for years (Q #96) and her daughter and son-in-law currently own one (Q #98).

**FLEETWOOD'S RESPONSE:**

Ms. Clement should not be excused for cause.  Ms. Clement has an open mind on the issues and should not be excused for cause.  In Q #96, Ms. Clement actually says that she and her

husband owned either a travel trailer, park model, or manufactured home or RV some 36 years ago and sold it 33 years ago and does not remember the manufacturer.  She indicates that her daughter and son-in-law presently own an RV (Q #98) but this certainly would not support a cause challenge.  In Q #101, she does not know the name of the daughter's RV.  In Q #117, Q #118, and Q #119, she indicates she has no preconceived ideas about formaldehyde.  In Q #127, she indicates that she could be fair and impartial in deciding this lawsuit.

**16.   HERSCHEL COLLINS**

Mr. Collins should be excused for cause because his son lives in a trailer (Q #98).

**FLEETWOOD'S RESPONSE:**

Mr. Collins should not be excused for cause.  Mr. Collins has an open mind on the issues and should not be excused for cause.  Although in Q #98, he indicates that his son lives in a "house trailer," he does not know the name of it, and apparently it is not a Fleetwood unit (101). It is not a FEMA unit (Q #114), therefore there is no ground for a cause challenge.  In Q #117, Q #118, and Q #119, he indicates that he has no preconceived ideas about formaldehyde.  In Q #127, he knows of no reason why he cannot be fair and impartial in deciding the case between the present parties.

**17.   DONALD COOK**

Mr. Cook should be excused for cause because he would "agree strongly" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82).

**FLEETWOOD'S RESPONSE:**

Mr. Cook should not be excused for cause.  Mr. Cook has an open mind on the issues and should not be excused for cause.  Mr. Cook indicates in response to Q #83 that he knows of no

reason why he could not be fair and impartial in deciding a lawsuit between an individual and the government.  He indicates in response to Q #25 that he would have no problem re-examining his own opinions and changing his mind if he was convinced that he was wrong during jury deliberation.  He has no preconceived opinions about formaldehyde (Q #117, Q #118, and Q #119) and knows of no reason why he cannot be fair and impartial in deciding this case between the present parties (Q #127).

## 18.    DAL COUSANS

Mr. Cousans should be excused for cause because he would "agree" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82).

## FLEETWOOD'S RESPONSE:

Mr. Cousans should not be excused for cause.  Mr. Cousans has an open mind on the issues and should not be excused for cause.  Notwithstanding his response to Q #82, he responds to Q #83 that he could fairly decide a lawsuit between an individual and the government. Indeed, he indicates that there should not be a fixed limit on the amount of compensation a plaintiff may recover because recovery should depend on the situation due to the circumstances. In Q #68, on a scale of 1 to 10, he rates being able to get a fair trial a 10 in Louisiana.  In Q #117, Q #118, and Q #119, he indicates that he has no preconceived opinions on formaldehyde.  In response to Q #127, knows of no reason why he cannot be open minded in the case between the present parties.

## 20.    CHRISTIAN CROOP

Mr. Croop should be excused for cause because he could not fairly decide a lawsuit involving an individual against a corporation (Q #71). Further, Mr. Croop would "agree" that

8

individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82).

**FLEETWOOD'S RESPONSE:**

Mr. Croop should not be excused for cause.  Mr. Croop has an open mind on the issues and should not be excused for cause.  Although Mr. Croop indicates that he could not fairly decide a lawsuit involving an individual against a corporation (Q #71), he does not have any opinion in Q #69 or Q #70 as to whether or not a corporation has an advantage or disadvantage in a courtroom or if an individual has an unfair advantage or disadvantage in the courtroom.  The answer to Q # 71 alone should not sustain a cause challenge, but perhaps should be dealt with in follow up question to Mr. Croop.  Otherwise, he appears to be a fair and impartial juror in that he does not have any opinions with respect to formaldehyde (Q #117, Q #118, and Q #119).  He knows of no reason why he could not be fair and impartial in dealing with the present parties to the litigation (Q #127).

## 22.   GARY DAIGREPONT

Mr. Daigrepont should be excused for cause because he would "agree strongly" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82). Further, he has discussed the topic of formaldehyde exposure with his coworkers, and stated that "he believes it's glue and press board.  That usually doesn't make a healthy person sick" (Q #117).

**FLEETWOOD'S RESPONSE:**

Mr. Daigrepont should not be excused for cause.  Mr. Daigrepont has an open mind on the issues and should not be excused for cause.  Notwithstanding his answers to Q #82 and Q #83, in response to Q #25, he states he knows of no reason why he would not be able to change

his mind during jury deliberations if he was convinced that he was wrong.  In respect to his response to Q #82, he then immediately states in answer to Q #83 that he could be fair and impartial in a suit between an individual and the federal government just as he could be with respect to a lawsuit between an individual and a corporation (Q #72).  Notwithstanding his response to Q #117, he indicates in Q #127 that he knows of no reason that he would have trouble being open minded in a case involving the present parties to this litigation.

23.    **DARLENE DEKERLEGAND**

Ms. Dekerlegand should be excused for cause because she is unsure whether she could fairly decide a lawsuit involving an individual against a corporation (Q #71). Further, Ms. Dekerlegand admits that she would have a difficulty holding a manufacturer responsible in a product liability case "because it is probably difficult to prove without a doubt how the individual got sick" (Q #78). Ms. Dekerlegand indicated that she has concerns about the government that would influence her ability to be impartial in this case: she sees "too much free care given in the hospital setting to people who could be working" (Q #81).

**FLEETWOOD'S RESPONSE:**

Ms. Dekerlegand should not be excused for cause.  Mr. Dekerlegand has an open mind on the issues and should not be excused for cause.  Notwithstanding the answers cited by Plaintiff, in response to Q #25, Ms. Dekerlegand indicates that she would not have a problem surrendering her own views and changing her mind if she is shown that she was wrong during jury deliberations.  She herself has been a plaintiff to litigation (Q #61) and notwithstanding her answer to Q #78 that it would be difficult to prove "without a doubt," that is the incorrect burden of proof as the court will instruct her with the result that she should not be struck for cause for that particular answer.  In response to Q #119 and Q #120, she has no opinions with respect to

10

formaldehyde or how dangerous it might be and knows nothing about the litigation -- only what she has been through the news (Q #124).  With respect to Q #71 where she indicates that she is not sure she can fairly decide a lawsuit, in responses to Q #69 and Q #70, it is plain that she has no preconceived notions in light of the fact that she does not know whether corporations or individuals have unfair advantages or disadvantages in lawsuits.

**24.   DENNIS DEUDY**

Mr. Deudy should be excused for cause because he responded affirmatively when asked if he, his spouse, or a member of his immediate family has owned, used or resided in a travel trailer, park model, manufactured housing (mobile home) unit or any recreational vehicle (Q #96).

**FLEETWOOD'S RESPONSE:**

Mr. Deudy should not be excused for cause.  Mr. Deudy has an open mind on the issues and should not be excused for cause.  Although he answers Q #96 that he or some member of his immediate family either owned, used, or resided in a travel trailer, park model, manufactured home, or recreational vehicle, he does not know who the manufacturer is, and in response to Q #98 indicates that he has never lived in, worked in, gone to school in, or temporarily occupied a motor home, RV, or manufactured home.  Clearly that had nothing to do with a FEMA unit in that he indicates that he never lived in a FEMA unit (Q #114) and has virtually no opinions on formaldehyde or the lawsuits (Q #118, Q #119, Q #120, Q #124) and knows of no reason why he cannot be open minded, fair and impartial in deciding the litigation between the present parties (Q #127).

25.    **MICHELLE DESROCHERS**

Ms. Desrochers should be excused for cause because she would "agree strongly" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82).

**FLEETWOOD'S RESPONSE:**

Ms. Desrochers should not be excused for cause. Ms. Desrochers has an open mind on the issues and should not be excused for cause. Although she answers Q #82 the way she does, she immediately answers Q #83 by saying that she could fairly decide a lawsuit between an individual and the government. She indicates that she could fairly decide a lawsuit between an individual and a corporation (Q #71). She indicates her unbiased attitude when in response to Q #70, she indicates "lawsuits happen more frequently and people that file them are not always honest so it creates a stigma for others that are honest and in need of compensation." She further indicates in response to Q #117, Q #118, and Q #119 that she has no preconceived ideas about formaldehyde and she knows of no reason of why she could not be open minded and fair in deciding the litigation between the present parties (Q #127).

29.    **MATTHEW DOIRON**

Mr. Doiron should be excused for cause because he has concerns about the government that would influence his ability to be impartial in this case: "They're in it for money don't care for the people" (Q #81). Mr. Digirolamo should be excused for cause because he would "agree" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82). He indicated that "maybe" he could fairly decide a lawsuit between an individual and the government (Q #83). He indicated that he would have trouble being open minded in a case involving a person suing for formaldehyde exposure from

12

their FEMA-issued trailers "if they were paying to stay in it then sue if free then suck it up everyone wants something for nothing get a job and work for what you want" (Q #127).

**FLEETWOOD'S RESPONSE:**

Mr. Doiron should not be excused for cause. Mr. Doiron has an open mind on the issues and should not be excused for cause. Although the question referred to by Plaintiff suggests a conservative bent, in response to Q #66 and 67, Mr. Doiron indicates that he does not believe either a plaintiff or an individual filing a lawsuit has an unfair advantage or disadvantage in a courtroom, he suspects that corporations conspire to hide important health and safety information from the public (Q #74), and he does not have any concern about holding a product manufacturer legally responsible if a user or consumer gets sick from exposure to hazardous air pollutants emitted from the product (Q #78). He has no opinions about formaldehyde exposure and hazards associated (Q #117, Q #118, and Q #119). The reasons suggested by the Plaintiff are not grounds for a cause strike.

**30.   PAUL DREHER**

Mr. Dreher should be excused for cause because his daughter lived in a FEMA trailer after Katrina (Q #114). He states that he has been in a mobile home in the past and could smell the formaldehyde (Q #117). He states that he has already formed opinions about the effects of formaldehyde: "It has been used in mobile homes for many years without any known (at least to me) side effects (Q #119). He later references that his response to that Q #would give him trouble being open minded in deciding that case (Q #127). He believes it's "not very" dangerous for someone to be exposed to formaldehyde (Q #120).

**FLEETWOOD'S RESPONSE – SHOULD BE EXCUSED:**

Having reviewed further the response of Mr. Dreher, and understanding that his daughter lived in a FEMA unit, Fleetwood agrees with plaintiff that Mr. Dreher should be excused for cause.

**32.    DEBORAH FINNAN**

Ms. Finnan should be excused for cause because she would "agree" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82).

**FLEETWOOD'S RESPONSE:**

Ms. Finnan should not be excused for cause.  Ms. Finnan has an open mind on the issues and should not be excused for cause.  Notwithstanding her answer to Q #82 in response to Q #83, she immediately responds that she could fairly decide a lawsuit between an individual and the government just as she could fairly decide a lawsuit between an individual and a corporation (Q #71).  She has no opinions on formaldehyde (Q #117, Q #118, and Q #119), and knows of no reason why she could not be open minded in deciding the case between the present parties (Q #127).

**33.    MICHAEL FISHER**

Mr. Fisher should be excused for cause because he lived in a trailer during his military career (Q #98). Additionally, he will not be impartial towards the plaintiff in this matter because he believes that too many people too often file frivolous lawsuits to address grievances (Q #65).

**FLEETWOOD'S RESPONSE:**

Mr. Fisher should not be excused for cause.  Mr. Fisher has an open mind on the issues and should not be excused for cause.  Notwithstanding his answer to Q #98, he indicates that the

14

trailer that he lived in while in the Army was not a Fleetwood (Q #101), and it was certainly not a FEMA related unit (114). He has no opinions on the issue of formaldehyde and disease (Q #117, Q #118, Q #119, and Q #120) and he knows of no reason why he could not be fair and open minded in deciding this case (Q #127).

## 35.    KEVIN GALLAGHER

Mr. Gallagher should be excused for cause because he would "agree" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82). He does not feel that he could fairly decide a lawsuit between an individual and the government (Q #83). Mr. Gallagher indicated that the health of people close to him has not been negatively affected by time spent in a travel trailer because "they should be safe" (Q #100).

## FLEETWOOD'S RESPONSE:

Mr. Gallagher should not be excused for cause. Mr. Gallagher has an open mind on the issues and should not be excused for cause. Mr. Gallagher does not believe that there are frivolous lawsuits (Q #65), does not believe that there should be a fixed limit on the amount of compensation a plaintiff may recover (Q #66), and believes that he could be fair in a lawsuit between an individual and a corporation (Q #71). He has no concerns about holding a product manufacturer legally responsible if a consumer gets sick from exposure to a hazardous chemical (Q #78). It is unclear why he answered Q #100 the way he did in light of the fact that neither he nor any member of his immediate family has ever owned or lived in a travel trailer, park model, manufactured home, or RV (Q #96, Q #98). He knows of no one who has lived in a FEMA trailer (q #114), and he has no opinions about formaldehyde or its health effects (Q #117, Q

#118, and Q #120) and knows of no reason why he cannot be open minded and fair in connection with the litigation between the present parties (q #127).

**36.   SANDRA GENTRY**

Ms. Gentry should be excused for cause because she used to live in a trailer (Q #96). She has some opinions about manufacturers that would make her favor one side over the other "if the company had faulty models across the board" (Q #105).

**FLEETWOOD'S RESPONSE:**

Ms. Gentry should not be excused for cause.  Ms. Gentry has an open mind on the issues and should not be excused for cause.  Although she lived in a trailer years ago, she does not know the manufacturer of the trailer (Q#96), and she has had family members who lived in a trailer park several years ago (Q #98) but does not know whether she lived in a Fleetwood unit (Q #101).  She holds no opinions about formaldehyde or formaldehyde related injury or disease (Q #117, Q #118, Q #119) and has simply heard about the formaldehyde issue on the news (Q #117).  She has seen some stories in the paper and online about formaldehyde lawsuits, but she does not remember much about them (Q #124), and she knows of no reason why she cannot be open minded in deciding the litigation between the present parties (Q #127).

**37.   MARTIN GLEESON**

Mr. Gleeson should be excused for cause because he has concerns about holding a product manufacturer liable if a user gets sick from exposure to hazardous air pollutants: "Consumer needs to use common sense in using products safely e.g. don't buy a gasoline-powered engine if you don't want *any* exposure to gasoline fumes" (Q #78). Further, Mr. Gallagher should be excused for cause because he would "agree strongly" that individuals

receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82).

**FLEETWOOD'S RESPONSE:**

Mr. Gleeson should not be excused for cause.  Mr. Gleeson has an open mind on the issues and should not be excused for cause.  Mr. Gleeson answered many questions much more fully than simply filling in the blanks.  For example, in connection with Q #65 about the filing of frivolous lawsuits, he responds "I nuance this 'yes' as follows:  As long as awards are reasonable (and publicized), most suits brought have merit.  News of large global settlements bring out opportunists."  Then in respect to Q #66, he answers "I believe people should have a right to sue and receive substantial awards . . . but sometimes the amounts are outrageous.  Having reasonable (but substantial) parameters would be a good idea," and in Q #67, would place caps but only if they are "sufficiently high to be fair to the one injured."  Simply put, this is a thinking juror who provides well considered narrative responses to a large percentage of the questions that are asked.  For example, in respect to Q #69, he answers with respect to whether corporations have an advantage or disadvantage in the courtroom, that "sometimes they do, if it is a complicated case with much at stake . . . and stakes are high enough they can make it difficult or impossible for someone with few resources to prevail."  Notwithstanding his answer to Q #82, he immediately answers Q #83 by saying that he does believe he could fairly decide a lawsuit between an individual and the government.  He has no involvement with travel trailers, none of his family members lived in FEMA units and he has no opinions about formaldehyde related disease (Q #117, Q #118, Q #119) and he knows of no reason why he could not be open minded and fair in decided the present litigation between the parties.

**40.    RHONDA HUTCHINSON**

17

Ms. Hutchinson should be excused for cause because she has concerns about the government that would influence her ability to be a fair and impartial juror (Q #81). Further, Ms. Hutchinson should be excused for cause because she would "agree" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82). Also, Ms. Hutchinson lived in a Fleetwood trailer for two years and in a Marion ("a division of Fleetwood") trailer for sixteen years (Q #96).

**FLEETWOOD'S RESPONSE – SHOULD BE EXCUSED:**

In reviewing Plaintiff's objections to Ms. Hutchinson and other responses given by Ms. Hutchinson to her juror questionnaire, Defendant Fleetwood now agrees with Plaintiff that Ms. Hutchinson should be excused for cause.  In addition to the reasons stated by Plaintiff, she indicates in response to Q #119 that "trailers have had formaldehyde used in the making of construction for years.  The newer the stronger the smell, that's why when I bought mine, I went into each home until I didn't smell the chemicals or have burning eyes."  In addition to that, she works in a pediatric physician's office and in response to Q #117 indicates that patients come to the pediatric practice and she has sent out records to attorneys on eight patients in three different families that she can think of "right off the bat."  It is plain this juror has too many preconceived notions and life experiences with the central issues in this case to be fair and impartial.  She should be excused for cause.

**41.   DAVID JOHNSON**

Mr. Johnson should be excused for cause if it can be confirmed prior to *voir dire* that Mr. Johnson or his family owned a Winnebago RV (he alludes to this in Qs #96 and Q #97 but does not explain fully).

**FLEETWOOD'S RESPONSE:**

18

Mr. Johnson should not be excused for cause.  Mr. Johnson has an open mind on the issues and should not be excused for cause.  While he answered to Q #96 and Q #97 that he had owned or used an RV, he answered that it was not a Fleetwood unit, see Q #101.  He answered "yes" to Q #25 that he would re examine his own opinion and change his mind if convinced he was wrong.  In answering 69, he said corporations have an advantage over individuals because of the "quality of legal representation that could be afforded" and "no" to Q #70 that our judicial system does not unfairly advantage or disadvantage those who file lawsuits.  He answered "no" to Q #78, stating he had no concerns holding a product manufacturer responsible to a consumer who gets sick from exposure to the product.  He thinks it is "very" dangerous to be exposed to formaldehyde (Q #120).  Mr. Johnson has balanced views on the issues and should not be excused for cause.

## 42.    PELEGRINA JOHNSON

Ms. Johnson should be excused for cause because she owns a motor home (Q #98).  Further, Ms. Hutchinson (sic) should be excused for cause because she would "agree" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82).

**FLEETWOOD'S RESPONSE:**

Ms. Johnson should not be excused for cause.  Ms. Johnson has an open mind on the issues and should not be excused for cause.  She answered "yes" to Q #25 that she would reexamine her own opinion and change her mind if convinced she was wrong.  She answered "no" to Q #66, that there should not be a fixed limit on compensation for a plaintiff and noted "if it is true evidence they should be awarded accordingly."  She answered "no" to Q #119 stating that she has formed no opinion about effects of formaldehyde on a person and answered "unsure"

19

to 120, "how dangerous" is formaldehyde exposure.  She clearly has an open mind on the issues and should not be excused for cause.

**44.    BRENDA LEBLANC**

Ms. LeBlanc should be excused for cause because she currently resides in a mobile home (Q #6). Further, she would "agree" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82).

**FLEETWOOD'S RESPONSE:**

Ms. LeBlanc should not be excused for cause.  Ms. Leblanc has an open mind on the issues and should not be excused for cause.  She answered "disagree strongly" to Q #82 which asked should the government pay for injuries to a person even when there is no proof that the government did something wrong.  Jurors will be asked in this case to determine if Fleetwood is liable to Plaintiff based on a finding that it did something wrong.  Her answer to this Q #does not disqualify her here.  In Q #6, she notes that she lives in a mobile home not a travel trailer.  Little evidence about mobile homes will be introduced in this case.  She has never owned or used a Fleetwood unit (Q #101).  In answering Q #69, she said corporations have an advantage over individuals because they can afford better legal assistance.  She answered "no" to Q #78 stating that she had no concerns holding a product manufacturer responsible to a consumer who gets sick from exposure to the product.  She answered "no" to Q #119 stating that she has formed no opinion about effects of formaldehyde on a person and answered "unsure" to Q #120, "how dangerous" is formaldehyde exposure.  She clearly has an open mind on the issues and should not be excused for cause.

**46.    CHRIS LEVY**

Mr. Levy should be excused for cause because he will be biased against the plaintiff as a result of his belief that too many people file frivolous lawsuits (Q #65).  Further, he would "agree" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82).

**FLEETWOOD'S RESPONSE:**

Mr. Levy should not be excused for cause.  Mr. Levy has an open mind on the issues and should not be excused for cause.  He answered "disagree strongly" to Q #82a which asked should the government pay for injuries to a person even when there is no proof that the government did something wrong.  Jurors will be asked in this case to determine if Fleetwood is liable to Plaintiff based on a finding that it did something wrong.  His answer to this Q #does not disqualify him here.  While he said "yes" to Q #65, that people too often file frivolous lawsuits, he answered "no" to the next question, Q #66, that there should not be a fixed limit on compensation for a plaintiff.  He answered "no" to Q #70, saying he did not think our system of lawsuits gives advantage or disadvantage to people who file them and he answered "yes" to Q #71 that he could fairly decide a lawsuit between an individual and a corporation.  He answered "no" to Q #119 stating that he has formed no opinion about effects of formaldehyde on a person and answered "somewhat" to Q #120, the question asking "how dangerous" is formaldehyde exposure.  He clearly has an open mind on the issues and should not be excused for cause.

**48.   ROMENO MARCELLO**

Mr. Marcello should be excused for cause because he will not be impartial towards the plaintiff in this matter.  He believes that people too often file frivolous lawsuits to address grievances (Q #65) and that there should be a fixed limit on the amount of compensation a plaintiff may recover, even if the evidence supported a higher amount of compensation (Q #66).

21

Further, he would have difficulty holding a manufacturer responsible in a product liability case (Q #78).

**FLEETWOOD'S RESPONSE:**

Mr. Marcello should not be excused for cause.  Mr. Marcello has an open mind on the issues and should not be excused for cause.  He answered "no" to Q #70, saying he did not think our system of lawsuits gives advantage or disadvantage to people who file them.  He answered "yes" to Q #71 that he could fairly decide a lawsuit between an individual and a corporation.  He answered "no" to Q #119 stating that he has formed no opinion about effects of formaldehyde on a person.  He answered "unsure" to Q #120, the question asking "how dangerous" is formaldehyde exposure, indicating he has an open mind on these issues.  He answered "yes" to Q #25 that he would reexamine his own opinion and change his mind if convinced he was wrong.  Mr. Marcello has an open mind on the issues and should not be excused for cause.

**50.   GEORGE MCGOWEN**

Mr. McGowen should be excused for cause because he has had a relationship or some business with Fluor Enterprises "if this is Fluor-Greenville S.C." (Q #104). Further, he would "agree" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82). He would also have difficulty holding a manufacturer responsible in a product liability case where the user of the product got sick from exposure to hazardous air pollutants emitted from the product: "I would really have to heart the facts. I feel we are too quick to blame corporate America" (Q #78).

**FLEETWOOD'S RESPONSE:**

Mr. McGowen should not be excused for cause.  Mr. McGowen has an open mind on the issues and should not be excused for cause.  While McGowen answered Q #104 that he had some

knowledge of Fluor, Fluor is not a defendant in the case and Mr. McGowen's depth of relationship should be inquired into on *voir dire* before any decision is made to excuse him for cause based on this response.  He answered "yes" to Q #78 saying that "I would really have to hear the facts.  I feel we are too quick to blame corporate America."  By this statement, it is clear that he will hear the facts.  Based on his answer of "yes" to Q #25, he agrees he would reexamine his own opinion and change his mind if convinced he was wrong.  He answered "no" to Q #66, that there should not be a fixed limit on compensation for a plaintiff and he answered "no" to Q #67, that he does not support legislative reform to place limits on jury awards.  Mr. McGowen has an open mind on the issues and should not be excused for cause.

**51.    MARILYN MEYN**

Ms. Meyn should be excused for cause because she bought an RV to live in after Katrina (Q #96) and her son went to school in portable buildings (Q #98)

**FLEETWOOD'S RESPONSE:**

Ms. Meyn should not be excused for cause.  Ms. Meyn has an open mind on the issues and should not be excused for cause.  She answered "yes" to Q #96 and Q #98, that she owned or lived in a recreational vehicle and that her child went to school in a mobile home after Katrina, but she also notes that her family was impacted by Hurricane Katrina, having been displaced themselves (Q #112).  She answered "no" to Q #119 stating that she has formed no opinion about the effects of formaldehyde on a person and she answered "somewhat" to Q #120, the question asking "how dangerous" is formaldehyde exposure, indicating that she has an open mind on these issues.  She answered "yes" to Q #25 that she would reexamine her own opinion and change her mind if convinced she was wrong.  Ms. Meyn has an open mind on the issues and should not be excused for cause.

52.   **HERMAN NAQUIN**

Mr. Naquin should be excused for cause because he currently resides in a Fleetwood

mobile home (Q #6 and Q #96).

**FLEETWOOD'S RESPONSE:**

Mr. Naquin should not be excused for cause.  Mr. Naquin has an open mind on the issues

and should not be excused for cause.  He answered Q #96 and Q #101 indicating that he lives in

a Fleetwood mobile home, not a travel trailer.  He answered "yes" to Q #25 that he would

reexamine his own opinion and change his mind if convinced he was wrong.  He circled "9" out

of 10 on the scale of how possible it was to get a fair trial in Louisiana (Q #68).  He answered

"yes" to Q #70 (does our system of lawsuits give unfair advantage or disadvantage to people who

file lawsuits) noting "because they don't have the money" which seems to indicate he thinks that

people who file lawsuits are at a disadvantage particularly relative to corporations because he

stated in answer to Q #69 "because money talks, big money lawyers."  He answered "yes" to

Q #71, saying he would be able to fairly decide a lawsuit between an individual and a

corporation.  He answered "no" to Q #78, that he had no concern holding a product manufacturer

responsible for injury.  He answered "no" to Q #119 stating that he has formed no opinion about

the effects of formaldehyde on a person and he answered "unsure" to Q #120, the question asking

"how dangerous" is formaldehyde exposure, indicating that he has an open mind on these issues.

Mr. Naquin has an open mind on the issues and should not be excused for cause.

53.   **DERRICK NETTERVILLE**

Mr. Netterville has general concerns about how the Federal Government spends money,

operates, or treats its citizens which would influence his ability to be fair and impartial in this

case: "Fed. Gov. wants to imprison us all!" (Q #81). He has indicated that he could not fairly

24

decide a lawsuit between an individual and the government (Q #83). Further, he stated that he might have trouble being open minded in a case involving a person suing the trailer manufacturers, installation and maintenance contractors, and FEMA for formaldehyde exposure from their FEMA-issued trailers: "They gave these people shelter when they had none. No one forced them to stay there. They have no case" (Q #127).

**FLEETWOOD'S RESPONSE:**

Mr. Netterville should not be excused for cause.  Mr. Netterville has an open mind on the issues and should not be excused for cause.  He answered "yes" to Q #25, he agrees he would reexamine his own opinion and change his mind if convinced he was wrong.  He answered "no" to Q #66, that there should not be a fixed limit on compensation for a plaintiff and stated "they should get rightful restitution." He also answered "no" to Q #67, that he does not support legislative reform to place limits on jury awards.  He answered Q #69 "yes", that corporations have an advantage in the courtroom, stating "money is all powerful in a courtroom."  He answered "yes" to Q #71 that he could decide a case involving an individual against a corporation fairly.  He did state in answer to Q #81 that the "federal government want to imprison us all!" but the US is not a defendant here and the issues are whether he could decide the case fairly as between the individual plaintiff and Fleetwood, a corporation.  His answers indicate that he can do so.

**56.   LOIS PENDERGRASS**

Ms. Pendergrass should be excused for cause because she will not be impartial towards the plaintiff in this matter.  She believes that people too often file frivolous lawsuits to address grievances (Q #65) and that there should be a fixed limit on the amount of compensation a plaintiff may recover, even if the evidence supported a higher amount of compensation (Q #66).

25

Further, she would "agree" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82).

**FLEETWOOD'S RESPONSE:**

Ms. Pendergrass should not be excused for cause.  Ms. Pendergrass has an open mind on the issues and should not be excused for cause.  She answered "yes" to Q #25 that she agrees she would reexamine her own opinion and change her mind if convinced she was wrong, and she answered "yes" to Q #71 that she could fairly decide a case between an individual against a corporation.  She answered "no" to Q #119 stating that she has formed no opinion about the effects of formaldehyde on a person and she answered "unsure" to Q #120, the question asking "how dangerous" is formaldehyde exposure, indicating that she has an open mind on these issues.

**58.   MAC PUEBLA**

Mr. Puebla should be excused for cause because he owns a Winnebago motor home (Q #96) and he has formed opinions about the effects of exposure to formaldehyde (Q #119).

**FLEETWOOD'S RESPONSE:**

Mr. Puebla should not be excused for cause.  Mr. Puebla has an open mind on the issues and should not be excused for cause.  Mr. Puebla answered that he owns a motor home, Q #96, not a Fleetwood unit, Q #101.  While he answers "yes" to Q #119, about forming an opinion about effects of formaldehyde, and then answers Q #120, how dangerous is formaldehyde with "very", he says "yes" to Q #25, that he would reexamine his own opinion and change his mind if convinced he was wrong.  He answered "yes" to Q #71 that he could fairly decide a lawsuit involving an individual against a corporation.

**59.   BARBARA RIVIERE**

Ms. Riviere should be excused for cause because she will not be impartial towards the plaintiff in this matter. He believes that people too often file frivolous lawsuits to address grievances (Q #65) and that there should be a fixed limit on the amount of compensation a plaintiff may recover, even if the evidence supported a higher amount of compensation (Q #66). Further, she has general concerns about how the Federal Government spends money, operates, or treats its citizens which would influence his ability to be fair and impartial in this case: "I think there is too much government waste of federal dollars" (Q #81). Last, Ms. Riviere has opinions about companies that FEMA contracted with regarding trailers that might make her favor one side over the other: "I think FEMA hurriedly chose companies without thoroughly inspecting the trailers before being brought to N.O." (Q #115).

**FLEETWOOD'S RESPONSE:**

Ms. Riviere should not be excused for cause.  Ms. Riviere has an open mind on the issues and should not be excused for cause.  While Ms. Riviere answered "yes" to Q #65 and Q #66 indicating she felt frivolous suits are filed and there should be a limit to recoveries, she also indicated that corporations have an unfair advantage in the courtroom noting "they usually have money to hire more experienced lawyers."  She answered "yes" to Q #71, that she could fairly decide a case between an individual and a corporation.  She says "yes" to Q #25, that she would reexamine her own opinion and change her mind if convinced she was wrong.

**60.   RUFFIN RODRIGUE**

Mr. Rodrigue should be excused for cause because he currently resides in a mobile home (Q #6). He will not be impartial towards the plaintiff in this matter because he believes that too many people file frivolous lawsuits to address grievances (Q #65) and that there should be a fixed limit on the amount of compensation a plaintiff may recover, even if the evidence

supported a higher amount of compensation (Q #66). Further, he would "agree strongly" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82). He also has opinions about companies that manufacture travel trailers, park models or manufactured housing that would make him favor one side over the other in a lawsuit between an emergency aid recipient and the manufacturer of travel trailers, park models or manufactured housing: "If someone gives you something how can you hold them responsible if something's wrong with it?" (Q #105).

**FLEETWOOD'S RESPONSE:**

Mr. Rodrigue should not be excused for cause.  Mr. Rodrigue has an open mind on the issues and should not be excused for cause.  He answers "no" to  Q #119, has not formed an opinion about effects of formaldehyde, and then answers Q #120, how dangerous is formaldehyde with "somewhat" indicating he has not made up his mind on formaldehyde issues. He answered "yes" to Q #25, that he would reexamine his own opinion and change his mind if convinced he was wrong, and "yes" to Q #71 that he could fairly decide a lawsuit involving an individual against a corporation.  While Plaintiff states that his answer to Q #105 indicates a bias in favor of corporations, his answer to Q #73 and Q #74 indicate otherwise.  He notes that he has "only some confident" in major companies in the US, in answer to Q #73 and that "I suspect they conspire" to Q #74 asking if corporations conspire to hide important health and safety information.  Mr. Rodrigue does not show specific bias against Plaintiff.

**61.   MICHAEL ROONEY**

Mr. Rooney should be excused for cause because he will not be impartial towards the plaintiff. He believes that too many people too often file frivolous lawsuits to address grievances (Q #65) and that there should be a fixed limit on the amount of compensation a plaintiff may

recover, even if the evidence supported a higher amount of compensation (Q #66). Further, he would "agree" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82).

**FLEETWOOD'S RESPONSE:**

Mr. Rooney should not be excused for cause.  Mr. Rooney has an open mind on the issues and should not be excused for cause.  He answers "no" to Q #119, that he has not formed an opinion about effects of formaldehyde, and then answers Q #120, how dangerous is formaldehyde with "somewhat", indicating he has not made up his mind on formaldehyde issues. He answered "yes" to Q #25, that he would reexamine his own opinion and change his mind if he was shown he was wrong, and "yes" to Q #71 that he could fairly decide a lawsuit involving an individual against a corporation.  While he answered "agree" to Q #82b which asked if individuals receiving emergency assistance should have not right to sue the federal government, jurors here will be asked to determine if Fleetwood is liable to Plaintiff based on a finding that it did something wrong.  His answer to this question does not disqualify him here.

**63.   CYNTHIA SEITZ**

Ms. Seitz should be excused for cause because she will not be impartial towards the plaintiff in this matter. She believes that people too often file frivolous lawsuits to address grievances (Q #65) and that there should be a fixed limit on the amount of compensation a plaintiff may recover, even if the evidence supported a higher amount of compensation (Q #66). Further, she would "agree strongly" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82). She also has general concerns about how the Federal Government spends money, operates, or treats its citizens that would influence her ability to be fair and impartial in this case (Q #81).

29

**FLEETWOOD'S RESPONSE:**

Ms. Seitz should not be excused for cause.  Ms. Seitz has an open mind on the issues and should not be excused for cause.  She answers "no" to  Q #119, she has not formed an opinion about effects of formaldehyde, and then answers Q #120, how dangerous is formaldehyde, with "unsure" indicating she has not made up her mind on formaldehyde issues.  She answered "yes" to Q #25, that she would reexamine her own opinion and change his mind if convinced he was wrong, and "yes" to Q #71 that she could fairly decide a lawsuit involving an individual against a corporation.  She notes that she has "only some confidence" in major companies in the US, in answer to Q #73 and that "I suspect they conspire" to Q #74 asking if corporations conspire to hide important health and safety information.  She does not show specific bias against Plaintiff or in favor of corporations.  Her answers to Q #81 and 82a that she has concerns about how the federal government spends money and that she "disagrees strongly" that the government should pay for an injury if there is no proof the government did anything wrong, the focus in this case is Fleetwood's liability.  Ms. Seitz does not demonstrate bias and should not be excused for cause.

**65.   DEBRA SHERIDAN**

Ms. Sheridan should be excused for cause because she does not feel that she could fairly decide a lawsuit between an individual and the government (Q #83). Further, she lived in a mobile home for seven years (she doesn't remember the manufacturer, which could have been Fleetwood) and her daughter currently lives in a mobile home (Q #98).

**FLEETWOOD'S RESPONSE:**

Ms. Sheridan should not be excused for cause.  Ms. Sheridan has an open mind on the issues and should not be excused for cause.  She answers "no" to Q #119, she has not formed an opinion about effects of formaldehyde, and then answers Q #120, how dangerous is

30

formaldehyde, with "unsure" indicating she has not made up her mind on formaldehyde issues. She answered "yes" to Q #25, that she would reexamine her own opinion and change her mind if shown she was wrong.  She answered "yes" to Q #71 that she could fairly decide a lawsuit involving an individual against a corporation.  Her answers to Q #83 is "no" she could not decide a lawsuit fairly between an individual and the federal government however the US is not in the case and the focus in this case is Fleetwood's liability.

66.    **SUZETTE SIFUENTES**

Ms. Sifuentes should be excused for cause because she would have difficulty holding a manufacturer responsible if a user of the product got sick from exposure to hazardous air pollutants emitted from the product (Q #78). Further, she would "agree" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82).

**FLEETWOOD'S RESPONSE:**

Ms. Sifuentes should not be excused for cause.  Ms. Sifuentes has an open mind on the issues and should not be excused for cause.  While she answered Q #78 "yes", that she has concerns about holding a manufacturer liable for exposure to pollutant emitted from a product, she also notes that she considers herself and environmentalist (Q #88).  She answered that she did not believe there should be fixed limit on compensation a plaintiff can recover (Q #66), and she does not support legislative caps on awards that juries can make (Q #67).  She answered "yes" to Q #71 that she could fairly decide a lawsuit involving an individual against a corporation.  She demonstrates no particular bias.

67.    **RODNEY SIMMS**

Mr. Simms should be excused for cause because he lived in a borrowed travel trailer for the week following Katrina (Q #96). Also, he will not be impartial towards the plaintiff in this matter because he believes that too many people too often file frivolous lawsuits to address grievances (Q #65).

**FLEETWOOD'S RESPONSE:**

Mr. Simms should not be excused for cause.  Mr. Simms has an open mind on the issues and should not be excused for cause.  Indeed, in response to Q #98 he indicates that he was in an RV "after a hurricane." and it is unclear whether this refers to Katrina or not.  Otherwise, in response to Q #25 he indicates that he can keep an open mind and change his opinion during deliberations if he is wrong.  In fact, in response to Q #114, he indicates that his aunt and uncle lived in a trailer which tends to indicate that he did not live in a borrowed trailer following Hurricane Katrina.  In connection with Q #118, Q #119 and Q #120 he indicates that he has no opinion on formaldehyde and in response to Q #127 indicates that he would have no trouble being open minded in resolving this case between the present parties.

**68.   CONNIE SMITH**

Ms. Smith should be excused for cause because she will not be impartial towards the plaintiff in this matter.  She believes that people too often file frivolous lawsuits to address grievances (Q #65) and that there should be a fixed limit on the amount of compensation a plaintiff may recover, even if the evidence supported a higher amount of compensation (Q #66). Further, she would "agree" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82). He further indicated that he would have trouble being open minded in a case involving a person suing the trailer manufacturers, installation and maintenance contractors, and FEMA for formaldehyde exposure

32

from their FEMA-issued trailers because she feels that "everyone is responsible for their well being during a natural disaster. We should all have a plan in case of disaster." (Q #127).

**FLEETWOOD'S RESPONSE:**

Ms. Smith should not be excused for cause.  Ms. Smith has an open mind on the issues and should not be excused for cause.  In response to Q #25 she indicates that she can keep an open mind and change her opinions during jury deliberations if she is shown that she is wrong. Her response to Q #65 and Q #66 are the type of responses seen by many jurors and she explains in response to Q #66 "sometimes people or plaintiffs do receive an enormous amount of money. I personally think that is what causes an increase of law suits" but in response to Q #71 she believes that she could fairly decide a law suit between an individual and a corporation.  Indeed, in response to Q #74 she believes that corporations conspired together to hide important health and safety information, and notwithstanding her response to Q #82, in Q #83 she believes that she can fairly decide a law suit between an individual and the government.  She appears open minded with respect to travel trailers and formaldehyde in that she has no family member or close acquaintance who lived in a travel trailer (Q #114), and she has no pre-conceived ideas about the litigation as the only thing she knows about the law suits is what she has heard on the news or on the radio (Q #124).  With respect to the response to Q #127, she does not state that she could not be open minded, she states it very equivocally by saying "my only concern is that I feel everyone is responsible for their well being during a natural disaster.  We should all have a plan in case of a disaster."  She does not say that she could not be open minded.  From all of her answers it is show that she is open minded.

**69.    STEFANI SMITH**

Ms. Smith should be excused for cause because she will not be impartial towards the plaintiff in this matter. He believes that too many people too often file frivolous lawsuits to address grievances (Q #65). Further, she has stayed in RVs during camping trips, and knew many co-workers who had FEMA trailers after Katrina (Q #98).

**FLEETWOOD'S RESPONSE:**

Ms. Smith should not be excused for cause.  Ms. Smith has an open mind on the issues and should not be excused for cause.  Notwithstanding her response to Q #65 as cited by the plaintiff, she immediately responds in Q #66 that there should not be a fixed limit on compensation and writes "I think it would depend on the individual case, unless it were a part of a class action suit" and, of course, this is not a class action suit.  She answers both Q #69 and Q #70 by stating that with respect to whether corporations have an unfair advantage in the court room she believes corporations do because "corporation can usually afford a better defense/offense with unlimited resources and more attorneys" (Q #69), and in Q #70 answers that she is not well versed enough to answer whether individuals have an advantage but does state that there are people who will try to take advantage in certain situations indicating that she is a person who is giving good consideration to these questions.  The mere fact that she has friends who owned RVs and that she has stayed in an RV during a camping trip is not a ground for a cause challenge nor is the fact that she knew a few co-workers that had the FEMA trailers ground for a cause challenge.  Indeed, in response to Q #114, she indicates that none of her family members or any close acquaintance resided in housing provided by FEMA and in responses to Q #117, #118 and #119, she has no preconceived ideas about formaldehyde, knows only about the litigation from what she has heard on radio and TV (Q #124) and knows of no reason why she could not be open minded in deciding the law suits between the parties (Q #127).

70.    **TREVER SPAHR**

Mr. Spahr should be excused for cause because he used to work as a contractor for FEMA doing "inspection, maintenance, and driving" of travel trailers (Q #12). Further, he indicated that he or a member of his immediate family has owned, used or resided in a product manufactured by Fleetwood (Q #101), and he possibly has done business with Fluor (Q #104).

**FLEETWOOD'S RESPONSE:**

Mr. Spahr should not be excused for cause.  Mr. Spahr has an open mind on the issues and should not be excused for cause.  Although Mr. Spahr was self-employed as a contractor and worked at the FEMA yard in Jasper, TX (Q #12) he does not have any family member or close acquaintance who was living the trailers (Q #114).  In Q #117 he indicates that he had heard formaldehyde discussed on the news when he was "contracted to FEMA" and in Q #118 indicates that he would keep an open mind because "there wasn't any determination of there being an issue with formaldehyde but some trailers came back from "tenants" saying there was a problem with it.  But in Q #119 he indicates that he has not formed any opinions about formaldehyde and in Q #127 knows of no reason why he could not keep an open mind.  The fact that he transported the trailers should not be a ground for cause.

71.    **JAMES STRAHAN**

Mr. Strahan should be excused for cause because he will not be impartial towards the plaintiff in this matter. He believes that too many people too often file frivolous lawsuits to address grievances (Q #65). Further, he would "agree" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82). Last, he has rented RVs for vacation (Q #98) and his wife owned a camper (Q #96).

**FLEETWOOD'S RESPONSE:**

Mr. Strahan should not be excused for cause.  Mr. Strahan has an open mind on the issues and should not be excused for cause.  Notwithstanding his response to Q #65 about too often people file frivolous law suits, in response to Q #66 and Q #67 he does not believe that there should be a fixed limit on the amount of compensation nor does he believe that there should be caps placed on the limit of money juries can award.  In Q #71 he believes that he can fairly decide a law suit involving an individual against a corporation and in response to Q #83 believes that he can fairly decide a law suit between an individual and the government.  The fact that his wife at one time owned a camper (Q #96) and that they had rented an RV for a vacation (Q #98) is not grounds for a cause challenge.  Indeed, in response to Q #114 he does not have any family member of close acquaintance that lived in a travel trailer following Hurricanes Katrina and Rita, in responses to Q #117, #118 and #119 he indicates that he has not formed any opinions with respect to formaldehyde, and has only heard about the litigation on the news and the radio (Q #124) and he knows of no reason why he cannot be fair and impartial and keep an open mind in connection with the litigation between the present parties (Q #127).  He is open minded.

## 73.   MICHELE TUPLER

Ms. Tupler should be excused for cause because she will not be impartial towards the plaintiff in this matter. She believes that people too often file frivolous lawsuits to address grievances (Q #65) and that there should be a fixed limit on the amount of compensation a plaintiff may recover, even if the evidence supported a higher amount of compensation (Q #66). She indicated that she has opinions about companies that manufacture travel trailers, park models or manufactured housing that would make her favor one side over the other in a lawsuit between an emergency aid recipient and the manufacturer of travel trailers, park models or manufactured

housing: "Depending on whether there was a product produced and sold that the company knowingly knew could cause harm" (Q #105).

**FLEETWOOD'S RESPONSE:**

Ms. Tupler should not be excused for cause.  Ms. Tupler has an open mind on the issues and should not be excused for cause.  Notwithstanding her responses to Q #65, Q #66 and Q #67 with respect to frivolous and limits on compensation, she does believe that she could fairly decide a law suit involving an individual and a corporation (Q #71) and she even suspects that companies conspired to hide important health information and safety information from the public (Q #74).  In response to Q #105 that plaintiff cites, she checks the box "maybe" and explains that depending on whether the product produced and sold that the company knowingly knew could cause harm which indicates that under those circumstances, she might not be fair to the corporate defendant.  However, in response to Q #25, she indicates that she can keep an open mind and change her opinion if she is shown to be wrong, in response to Q #117, and Q #118, she indicates that she has no preconceived notions about formaldehyde but does indicate in response to Q #119 that a minimum, it appears that people may have suffered from allergens, and asthma as a result of exposure to formaldehyde, but all of these are indications of holding an open mind and in response to Q #127 she indicates that she would not have a problem being open minded in the case involving the resolution of the present litigation.

**74.   ALLISON VEGA**

Ms. Vega should be excused for cause because she will not be impartial towards the plaintiff in this matter. She believes that people too often file frivolous lawsuits to address grievances (Q #65). Also, she has concerns about holding a product manufacturer legally responsible if a user or consumer of the product gets sick from exposure to hazardous air

pollutants emitted from the product (Q #78). Further, she would "agree" that individuals receiving Government assistance after a disaster should have no right to sue for injuries related to that assistance (Q #82).

**FLEETWOOD'S RESPONSE:**

Ms. Vega should not be excused for cause. Ms. Vega has an open mind on the issues and should not be excused for cause. Although she checks the often checked box of frivolous law suits (Q #65), she immediately responds to Q #66 by indicating that she would not want fixed limits on compensation because each case should be evaluated based on the needs of the case and she would not support legislative reform with respect to caps (Q #67). She can fairly decide a law suit involving an individual against a corporation and believes that can and would surrender her opinions if shown that she was wrong during jury deliberations (Q #25). Notwithstanding her response to Q #82, she immediately responds in Q #83 that she can fairly decide a law suit between an individual and the government and appears otherwise very impartial to the issues here presented in light of the fact that she does not own nor has she ever lived in manufactured housing and travel trailers (Q #96) nor did she or any member of her family or close acquaintance live in FEMA trailers (Q #114) nor does she have any opinions about formaldehyde (Q #117, Q #118, Q #119, Q #120), knows nothing about the FEMA litigation (Q #124) and can keep an open mind and be impartial with respect to the parties to the present litigation (Q #127).

**76. JAMES WILLIAMS**

Mr. Williams should be excused for cause because he will not be impartial towards the plaintiff in this matter. He believes that too many people too often file frivolous lawsuits to address grievances (Q #65) and that there should be a fixed limit on the amount of compensation a plaintiff may recover, even if the evidence supported a higher amount of compensation (Q

#66). Further, Mr. Williams's brother-in-law owns a Fleetwood travel trailer (Q #96), and Mr. Williams lived in a mobile home for three years (Q #98).

**FLEETWOOD'S RESPONSE:**

Mr. Williams should not be excused for cause.  Mr. Williams has an open mind on the issues and should not be excused for cause.  Notwithstanding his responses to Q #65 and #66 with respect to frivolous law suits and limits on compensation, he indicates in Q #69 that whether or not corporations have an advantage or disadvantage "depends on each case" and in Q #71 states that he could fairly decide a law suit involving an individual against a corporation. Furthermore, in response to Q #25, he has indicated that he would surrender any views that he holds if he is proven to be wrong during jury deliberations (Q #25).  The mere fact that a brother-in-law has owned a Fleetwood travel trailer (Q #96) is not grounds for a cause challenge. Furthermore, the fact that he lived in a mobile home for three years while going to school in the mid-70s is not grounds for a cause challenge.  Indeed, he is otherwise wholly uninvolved with the FEMA trailer situation as he has no family member or any close acquaintance that resided in the emergency housing provided by FEMA (Q #114), and in response to Q #117 indicates that with respect to formaldehyde, he does recall that when he moved into his mobile home the smell of formaldehyde was very strong.  Again, such would not be grounds for a cause challenge because he otherwise has no opinion about the overall effects, if any, of formaldehyde exposure on a person (Q #119) and holds no opinion as to its dangerousness (Q #120).  Finally, he knows nothing about the litigation (Q #124).

WHEREFORE, with the exception of Paul Dreher and Rhonda Hutchinson who should be excused for cause, the jurors listed above should not be stricken for the reasons Fleetwood sets forth.

39

This 30th day of November 2009.

Respectfully submitted:

*/s/ Richard K. Hines, V*
Richard K. Hines, V
GA Bar No. 356300
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)

Jerry L. Saporito
LA Bar No. 11717
LEAKE & ANDERSSON, L.L.P.
1700 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-1701
(504) 585-7500 (phone)
(504) 585- 7775 (fax)

ANDREW D. WEINSTOCK, #18495
DUPLASS, ZWAIN, BOURGEOIS,
      PFISTER & WEINSTOCK
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700 (phone)
(504) 837-3119 (fax)

**Counsel for Fleetwood Enterprises, Inc.**

## C E R T I F I C A T E OF SERVICE

I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )     Hand Delivery                         ( )     Prepaid U.S. Mail

( )     Facsimile                             ( )     Federal Express

(X)     CM/ECF

New Orleans, Louisiana, this 30th day of November, 2009.

 */s/ Richard K. Hines, V*
Richard K. Hines, V
Georgia Bar No. 356300
E-mail:  richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)