UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * * * | MDL NO. 1873 |
| | | | SECTION: N(5) |
| This Document Relates to: *Dubuclet v. Fleetwood Enterprises, Inc.* | | * * * | |
| Case No. 07-9228 | | * * * | JUDGE: ENGELHARDT |
| | | * | MAG: CHASEZ |

**************************************************************************

### DEFENDANT FLEETWOOD ENTERPRISES, INC'S OBJECTIONS TO CERTAIN PORTIONS OF PLAINTIFF'S DESIGNATED TESTIMONY WITH RESPECT TO DAVID GARRATT DEPOSITION OF JULY 7, 2009

COMES NOW Defendant Fleetwood Enterprises, Inc. (hereinafter "Fleetwood") and submits these its objections to certain portions designated by Plaintiff of the David Garratt deposition taken July 7, 2009.  (Referenced pages of the deposition are attached as Exhibit "A").

David Garratt was the Acting Deputy Assistant Administrator of FEMA at times relevant to the Hurricane Katrina response.  (Garratt Dep. at 15).

**Objections:**

1.	Pages 50:21 – 54:5.  Objection. The testimony is irrelevant to any issue in the case.  In addition, the testimony is confusing and misleading to the jury, and prejudicial to Fleetwood.  Rules 402, 403.

This testimony is a discussion of how FEMA was going to deal with media issues in the aftermath of complaints from Katrina EHU occupants.  It refers to an email which uses the term "media angle", implying some sort of cover up or facts or proposed manipulation of the media by

FEMA.  The United States is not a defendant in this case.  Fleetwood had no knowledge of, or input into, FEMA's handling of media coverage of the issues.  The testimony is prejudicial to Fleetwood as the only remaining defendant in the case.  As such, the testimony should be excluded.    Fleetwood suggests that pages 52:21 – 53:19 be left in as they include one piece of testimony by the witness that the problem "may be widespread" which Fleetwood believes Plaintiff was intending to offer.

     2.     Pages 72:2 – 13, 77:5 – 78:12, 81:6 – 82:17, 152:17 – 156:10, 158:5 – 159:18, 175:10 – 177:13, 200:14 – 202:22.  Objection.  Lacks relevance, the testimony is confusing and misleading to the jury, and prejudicial to Fleetwood.  Rules 402, 403.

In the first series of pages designated by Plaintiff (the deposition was taken in July 2009), Garratt is asked "what, if any, changes in FEMA's strategy with respect to housing assistance . . . .will be different going forward because of what happened after Katrina".  Garratt responds fully to the question.  The remaining pages cited in this objection and designated by Plaintiff involve similar discussions of FEMA decisions post Katrina regarding use of EHUs, formaldehyde level standards, etc. (Note that at Garratt Dep. at 76:11 – 14, he makes clear that he is talking about post Katrina, recent changes that FEMA is making to its disaster response, when he speaks about "another program that we implemented after Hurricane Katrina".)

This testimony relates to analyses and decisions made after Katrina.  It is not relevant to any issue in the case.  Fleetwood had not involvement in the analyses or decisions.  The testimony is prejudicial to Fleetwood.  The Court has ruled that political proceedings after the fact are not admissible (Rec. Doc. 7684, incorporating by reference its ruling in the *Alexander* case Rec. Doc. 3029) and has ruled that evidence relating to post move out date changes in or

promulgation of formaldehyde standards is not admissible. (Rec. Doc. 7684, incorporating by reference its ruling in the *Alexander* case Rec. Doc. 3069 at 2).

3.  Pages 238:18 – 239:15.  Objection.  Lacks relevance, the testimony is confusing and misleading to the jury, and prejudicial to Fleetwood.  Rules 402, 403.

This testimony discusses criticism leveled at FEMA, post Katrina, regarding its response to EHU occupant complaints about formaldehyde.  The United States is not a defendant in this case.  Fleetwood had no knowledge of, or input into, FEMA's handling of media coverage of the issues.  The testimony is not relevant to any issue in this case.  The testimony is potentially prejudicial to Fleetwood as the only remaining defendant in the case.  As such, the testimony should be excluded.

This 30th day of November 2009.

Respectfully submitted:

 */s/ Richard K. Hines, V*
Richard K. Hines, V
GA Bar No. 356300
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)

Jerry L. Saporito
LA Bar No. 11717
LEAKE & ANDERSSON, L.L.P.
1700 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-1701
(504) 585-7500 (phone)
(504) 585- 7775 (fax)

Counsel for Fleetwood Enterprises, Inc.

3

## **C E R T I F I C A T E OF SERVICE**

      I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )    Hand Delivery              ( )    Prepaid U.S. Mail

( )    Facsimile                    ( )    Federal Express

(X)    CM/ECF

      New Orleans, Louisiana, this 30th day of November, 2009.

                                      /s/ Richard K. Hines, V
                                      Richard K. Hines, V
                                      Georgia Bar No. 356300
                                      E-mail: richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)