UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE PRODUCTS | * | |
| | LIABILITY LITIGATION | * | SECTION "N" (5) |
| | | * | |
| | | * | JUDGE ENGELHARDT |
| | | * | MAGISTRATE CHASEZ |
| | | * | |
| THIS DOCUMENT IS RELATED TO | | * | |
| | | * | |
| *Aldridge, et al v. Gulf Stream Coach* | | * | |
| *Inc., et al*, Docket No. 07-9228; | | * | |
| Elisha Dubuclet, individually and on behalf | | * | |
| of Timia Dubuclet | | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S OBJECTIONS TO CERTAIN
PORTIONS OF DEFENDANT'S DESIGNATED TESTIMONY
WITH RESPECT TO MORGAN 30(b)6 DEPOSITION**

COMES NOW Plaintiff and submits these its objections to certain portions of Defendant's designated testimony with respect to the 30(b)6 deposition of Morgan Buildings & Spas, Inc. (Referenced pages of the deposition are attached as Exhibit A).

On October 22, 2009, Plaintiff took the 30(b)6 deposition of Morgan Buildings & Spas, Inc, (hereinafter, "Morgan). In response to the notice that was issued, Morgan designated James Schilligo as a witness to speak on behalf of the company. A copy of the deposition notice is attached hereto as Exhibit B. Plaintiff designated certain pages of the Schilligo deposition to use in their case in chief. In response to Plaintiff's designations, Defendant counter designated extensive sections of the deposition. As background, Morgan purchased travel trailers from Fleetwood and other manufactures and then sold them to FEMA. The parties have worked to resolved certain objections to the Morgan testimony, however the remaining ones are being submitted to the Court.

1

Plaintiff objects to the following deposition designations by Defendant:

46:18 - 47:24. The witness was asked if anyone at *Fleetwood* made representations to Morgan about formaldehyde in the trailers and Fleetwood designated the non-responsive answer from the witness where he discusses an email on formaldehyde from CH2M Hill, a contractor wholly unrelated to the case at bar. CH2M Hill did not install this unit. The testimony is non-responsive, confusing and could mislead the jury and is of limited or no relevance.

If the Court overrules Plaintiff's objection, Plaintiff would request 46:14-17 be included for optional completeness.

68:7 - 68:11. The witness is asked about when the was the first time that Morgan entered into a contract with the United States to procure emergency housing unit for a national disaster. Plaintiff objects to the testimony as irrelevant and confusing to the jury. Morgan was not and is not a party to this litigation. When Morgan first contracted with the United States for emergency housing units is irrelevant to any issue at hand, could confuse the jury and would constitute a waste of time.

69:16 - 19. The witness is asked if Morgan had any complaints regarding the emergency housing units that Morgan supplied to the government after hurricane Charlie. Plaintiff objects since this witness was not designated as a corporate representative on complaints. See deposition notice, Exhibit A, attached. Furthermore, to discuss hurricane Charlie, may will confuse the jury and is further irrelevant to the case at bar

79:21 - 81:10. The witness is asked about complaints that Morgan received. The witness was not designated by Morgan as a corporate representative on complaints. See Exhibit B. Further the witness talks about complaints with locks and doors. The only way an occupant

would have known to call Morgan was based on a dealer sticker that was on the unit, but the witness could not verify that there was indeed a dealer sticker on each and every unit that Morgan supplied to FEMA admitted sometimes they ran out of stickers. See deposition testimony 117:21-118:-9. Therefore, any such testimony about complaints would be misleading to show an absence of complaints because there is no verification that all the trailers had Morgan's phone number posted on them. Plaintiff objects to this testimony as it is prejudicial, confusing, misleading and since the witness was not designated as a corporate representative on complaints.

      81:20 - 87:22. The witness is being asked about an email string that he did not author. The witness is simply being asked what the email says. The email also relates to CH2M Hill which is not involved in this case. He is asked what the email does not discuss. This testimony is irrelevant and misleading in the context in which it is asked. To the extent that this email string contains comments by Craig Biazo, a Fleetwood employee, who Defendant intends to call live to testify at trial and who authored part of the email string, he would be better witness to ask these questions. To the extent that the witness is asked about occupant complaints in the context of questioning about this email, this witness was not designated as a corporate representative on occupant complaints. See Exhibit B. Further to the extent the witness is asked about a Fleetwood Engineering Standards Bulletin beginning on 85:22 and what the Bulletin says, the questions would be better addressed to a Fleetwood representative who authored the Engineering Standard Bulletin. The testimony is hearsay to the extent he is reading from a Engineering Standards Bulletin that he did not author. Plaintiff objects to this testimony as there is a lack of proper foundation, the testimony is irrelevant, it is a waste of time and cold be confusing and misleading

to the jury. To the extent the Court has overruled Plaintiff's objections to the testimony noted at 46:18 - 47:24, above, this testimony is cumulative to some degree.

88:12 - 17 & 88:23 - 89:2. The witness is asked about Engineering Standard Bulletin that was forwarded to Morgan.  For the same reasons as set forth in the prior section regarding the Engineering Standard Bulletin that was forwarded to Morgan, Plaintiff objects to this testimony.

89:6 - 15. The witness is asked about when he first heard of complaints of formaldehyde in travel trailers and he said it was a Wall Street Journal Article.  Plaintiff objects to this testimony to the extent that this witness was not designated on the subject on when Morgan first heard of complaints regarding formaldehyde.  See Exhibit B.  Conversely, if Defendant will stipulate that it has no objection to newspaper articles and the contents of those articles being discussed during the trial of this matter, Plaintiff will withdraw her objection.  Quite simply if Defendant is allowed to reference the contents of newspaper articles in testimony from witnesses, Plaintiff should also be allowed the same latitude.

89:25 - 90:22. This is a discussion of who was allowed on the staging areas before the travel trailers were deployed and who was looking at them. This testimony is irrelevant and constitutes a waste of time and could confuse the jury.

92:19 - 94:6. This testimony lacks the proper foundation as the witness was not designated by Morgan to testify about owner's manuals and therefore the testimony is misleading and confusing as he does not have authority on behalf of Morgan to testify on these issues and furthermore he was not deposed in his individual capacity. See deposition, notice, Exhibit B.  Plaintiff further objects to this testimony as irrelevant, cumulative and a waste of

4

time. To the extent the Court overruled Plaintiff's objections to this section, Plaintiff would request 163:23 – 164:8 to be added for optional completeness.

117:21 - 120:10.  To the extent that the Court overrules Plaintiff's objections to 79:21 - 81:10 above, Plaintiff would withdraw her objections to testimony 117:21-118:9 as it places the prior testimony in context.  Plaintiff objects to the remainder of the testimony from 118:9-121:10 as this witness was not designated by Morgan to testify about complaints.  Exhibit B.  Furthermore, there is no log of complaints kept so whatever complaints/or lack thereof he would be offering testimony from memory what occurred some three years prior and is speculative.  Therefore this testimony would be misleading and confusing to the jury and would further be prejudicial.

132:4 - 133:1.  Irrelevant and cumulative.  Some of these matters have been designated three and four times over with regard to the staging grounds and inspections already conducted.  See pages 43:6 - 45:13.  Therefore this testimony is cumulative and a waste of time.  Furthermore to the extent that FEMA did not "reject" any of the units, that does not mean it was not defective.  The testimony therefore would be confusing and misleading to the jury because the jury may infer that the lack of "rejection" may mean to them that the units were not defective.  If the Court overrules Plaintiff's objection in this testimony, Plaintiff would request an instruction from the Court to be read to the jury that if a emergency housing unit is not "rejected" that does not mean it is not defective.

                                      Respectfully submitted:

                                      **FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:     504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:     504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
DENNIS REICH, Texas #16739600

**CERTIFICATE OF SERVICE**

   I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing on November 30, 2009.


 s/Gerald E. Meunier
GERALD E. MEUNIER, #9471