UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * | MDL NO. 1873 |
| | | SECTION "N" (5) |
| THIS DOCUMENT RELATES TO: 07-9228 Aldridge, et al. vs. Gulf Stream Coach, Inc., et al. *(Elisha Dubuclet obo Timia Dubuclet)* | * * * * | JUDGE ENGELHARDT MAGISTRATE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF VIDEO-TAPED FEDERAL RULE 30(b)(6) DEPOSITION OF MORGAN BUILDINGS & SPAS, INC.

| | |
|---|---|
| **TO:** **The United States of America Through the Federal Emergency Management Agency** Through its respective counsel, Henry T. Miller, Esq. Senior Trial Attorney U.S. Department of Justice, Civil Division 1331 Pennsylvania Avenue, NW Room 8220-N Washington, D.C. 20004 | **TO:** **All Manufacturing Defendants** Through Defense Liaison Counsel, Andrew D. Weinstock, Esq. Duplass, Zwain, Bourgeois, Pfister & Weinstock, PLC 3838 N. Causeway Blvd., Three Lakeway Center, Suite 2900 Metairie, Louisiana 70002-8330 |
| **TO:** **All Contractor Defendants** Through Contractor Defense Liaison Counsel, M. David Kurtz, Esq. Baker Donelson Bearman Caldwell & Berkowitz, PC 201 St. Charles Avenue, Suite 3600 New Orleans, Louisiana 70170 | **TO:** **Morgan Buildings & Spas, Inc.** Through its respective counsel, Christine M. Lipsey, Esq. McGlinchey Stafford, PLLC One American Street, 14th Floor Baton Rouge, LA 70825 |

PLEASE TAKE NOTICE that Plaintiffs, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, will take the video-taped deposition of one or more persons designated by you to testify on the behalf of the **MORGAN BUILDINGS & SPAS, INC.** concerning the matters as set forth on Exhibit "A" and "B" attached hereto.



This deposition will take place on **October 22, 2009, commencing at 2:00 p.m. CST at McGlinchey Stafford, PLLC, 601 Poydras Street, 12th Floor, New Orleans, Louisiana 70130, (504) 586-1200**; or as otherwise agreed upon. The deposition will continue from day to day thereafter, weekends and holidays excluded, until complete. The depositions will be taken before a Notary Public or some other officer authorized to administer oaths under the law. You are invited to attend and examine the witnesses if you so desire. Defendant is requested to designate and identify each person who will testify on its behalf, and to set forth, for each person designated, the matters on which the person will testify.

Plaintiffs reserve the right to record the deposition stenographically, as well as by videotape, audiotape, and live note, and will be transcribed. The deposition is being taken for the purposes of discovery, for use at trial, or for such other purposes as are permitted under the Federal Rules of Civil Procedure.

In connection with and pursuant to the Federal Rules of Civil Procedure, the deponent is requested to designate and produce for inspection and copying documents responsive to this Notice seven (7) business days prior to the deposition as identified on Exhibit "B."

## DEFINITIONS

1. **"You"** and its various forms such as "your" and "yourself" shall mean the person subject to this notice and/or subpoena and/or request for production and all present and former agents, employers, employees, representatives, attorneys, custodian of records, and all other persons acting on behalf of such person, including, but not limited to, deponent, and all other persons acting on behalf of deponent.

2. **"Documents"** shall mean or refer to all written or graphic matter of every

kind of description, however, produced or reproduced, whether draft or final, original or reproduction, and all tangible things within the scope of Federal Rule of Civil Procedure 30(b)(6), specifically including, but not limited to: writings, graphs, charts, photographs, satellite and/or radar imagery, telephone records, data compilations (from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), letters, correspondence, e-mail communications, memoranda, minutes, notes, contracts, agreements, books, diaries, time sheets, laboratory books, logs, bulletins, circular, notices, rules, regulations, prospects, directions, teletype messages, inter-office communications, intra-office communications, reports, company worksheets, credit files, evidence of indebtedness, negotiable instruments, telegrams, mailgrams, books, news releases, newspapers, magazines, advertisements, periodicals, pamphlets, sketches, drawings, statements, reports, articles of incorporation, by-laws, directives, minutes of meetings, balance sheets, income and loss statements, profit and loss statements, inventories, operating budgets, accounting worksheets, financial accounts, bills, vouchers, bank checks, proposals, offers, orders, acknowledgments, receipts, invoices, checks, working papers, telephone messages (whether written or recorded), notebooks, post cards, evaluations, recommendations, annual reports, confirmations, leases, analyses, feasibility or market studies, disbursement requests or orders, charts, graphs, indices, projections, forms, data sheets, data processing discs, or readable computer-produced interpretations thereof, booklets, articles, manuals, speeches, stenographic notes, maps, studies, tests, surveys, cables, tape and disc recordings (both audio and video), blueprints, containers, cartons, package labels, slides, audit reports, tender offers or invitations, personal interviews, and summaries, abstracts, compilations or paraphrases of any of the foregoing, or material similar to any of the foregoing, however denominated, which are in the possession, custody or control of the party upon whom this subpoena and/or request for production of documents is served or to which said party can obtain access. The subpoena and/or request for production of documents calls for originals, unless otherwise specified, and for all copies when originals are not available. If a document has been prepared in several copies, or additional copies have been made and the copies are not identified (or by reason of subsequent modification of the copy by additions or notations, or other modifications, are no longer identical), each non-identical copy is a separate "document."

3. With respect to the production of any documents which are claimed to be privileged, a statement shall be provided by the attorneys for the respondent setting forth as to each such documents (and, where applicable, each attachment thereto):

       a.    the name of the sender, if any, of the documents;
       b.    the name of the author of the document;
       c.    the name of the person, if any, to whom the document and copies were sent;
       d.    the date of the document;
       e.    the date on which the document was received by those having possession of the document;
       f.    a description of the nature and the subject matter of the document;
       g.    the statute, rule or decision which is claimed to give rise to the privilege;
       h.    the last-known custodian of the document and the present location of the document;
       i.    attachments to the document;
       j.    the number of pages comprising the document;
       k.    whether the document is handwritten, typewritten or otherwise prepared; and
       l.    any other information which is useful in identifying or is necessary to identify the document.

4. Whenever appropriate, the singular form of the word shall be interpreted in the plural and vice versa.

5. All words and phrases shall be construed as masculine, feminine, or neutral gender according to the context.

6. "**And**" as well as "**or**" shall be construed either disjunctively as necessary to bring within the scope of the subpoena and/or request for production of documents any matters which might otherwise be construed to be outside of the scope of the subpoena and/or request for production of documents.

7. "**Identify**" with regard to a natural person, means to provide the name, last known address, last known telephone number; whether ever employed by you, and if so, dates of employment, descriptions and/ or title of each position held, and the reasons for termination; and, current employer and/or last known employer and position held.

"**Identify**," *with regard to a corporation*, means to provide the name of the entity along with its primary business address and telephone number.

"**Identify**," *with regard to documents or other inanimate objects*, means to provide the date, author, address, number of pages, subject matter, custodian of the document, and location of the document.

8. **"Describe"** or **"Specify"** means the following:

    a.     to offer a detailed description of the thing sought including where appropriate, to **identify** the thing;

    b.     to set forth the matter which you are asked to "describe" or "specify", and do so fully in detail, by reference to underlying facts rather than reference to ultimate facts or conclusion of fact and law;

    c.     to state particulars as to **(i)** time and **(ii)** place;

    d.     "Identify" the "person" participating, present or involved at any time; and

    e.     to set forth all facts necessary to a complete understanding of the "fact", process, or thing in questions.

9. **"Relate," "Relating," "Related To," or "Regarding"** as to any given subject means anything that constitutes, contains, embodies, identifies, deals with, or is in any manner whatsoever pertinent to that subject, including by not limited to records concerning the preparation of other records.

10. **"FEMA"** means the Federal Emergency Management Agency and includes the Department of Homeland Security and any governmental or other related agency.

11. **"EHUs"** means Emergency Housing Units and is defined as travel trailers, mobile homes, park homes or any similar type of housing provided by FEMA.

12. **"Formaldehyde"** means formaldehyde and/or all formaldehyde based resins.

13. **"Governmental Agency"** means any local, state, or federal governmental agency, members of the U.S. Congress or state legislatures or their staff, congressional or legislative committee members or their staff, and/or members of the Executive Branch of government.

14. The term **"installer"** means any entity that hauled or delivered temporary housing units to individuals displaced by hurricanes Katrina and Rita and integrated into the unit electrical, water and/or sewerage systems that serve the property on which the temporary housing unit was delivered.

The term **"installer"** also encompasses any entity that placed the temporary housing unit on the property for use, raised or jacked up the unit, placed the unit onto blocks, and/or leveled the unit.

15. **"Dubuclet Trailer"** means the travel trailer identifed by Vehicle Identification Number 4CJ1F322764015272 and the FEMA Bar Code 1373963.

16. **"Plaintiff"** means Elisha Dubuclet on behalf of her minor child, Timia Dubuclet.

17. **"Fleetwood"** means Fleetwood Enterprises, Inc. and all related entities and subsidiaries that manufactured travel trailers, park models or mobile homes.

**THIS DEPOSITION IS NOT FOR RECORDS ONLY.**

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
      GERALD E. MEUNIER, #9471
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone:   504/522-2304
      Facsimile:   504/528-9973
      gmeunier@gainsben.com

      s/Justin I. Woods
      JUSTIN I. WOODS, #24713
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone:   504/522-2304
      Facsimile:   504/528-9973
      jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas #20981820
ROBERT BECNEL, #14072
DENNIS REICH, Texas #16739600

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing Notice of Deposition upon all counsel of record by electronic transmission this 16th day of October 2009.

s/Justin I. Woods
JUSTIN I. WOODS, #24713

## EXHIBIT "A"

1. All contracts, memoranda, correspondence, emails or other documents or writings of any kind which relate to or contain a communication by or on behalf of FEMA or the United States either directly or indirectly through another entity or agency to Fleetwood setting forth specifications required or recommended by the Government for EHUs and/or the Dubuclet Trailer.

2. All contracts, memoranda, correspondence, emails or other documents or writings of any kind which relate to or contain a communication by or on behalf of Fleetwood either directly or indirectly through another entity or agency to you setting forth specifications required or recommended for EHUs and/or the Dubuclet Trailer.

3. All written Government specifications from FEMA relating to formaldehyde, formaldehyde emissions, the use of urea-formaldehyde in particle board or plywood, the risk of exposure to formaldehyde related to travel trailers manufactured by Fleetwood, including, but not limited to, the Dubuclet Trailer.

4. All information, documents, and/or communications relating to your knowledge, experience and expertise at the time the Dubuclet Trailer was purchased for use by the Plaintiff of possible hazards associated with the use of travel trailers including, but not limited to, hazards associated with exposure to formaldehyde.

5. All information and documents reflecting your undertaking or assumption of an obligation at the time of the purchase of the Dubuclet Trailer to warn the Plaintiff and/or occupants of EHUs of potential health hazards associated with formaldehyde exposure during occupancy of the travel trailers.

6. All documents and communications relating to your role in supplying, purchasing, selling and/or procuring travel trailers for FEMA after hurricanes Katrina and Rita.

7. All documents and communications regarding modifications, alterations, or changes made to EHUs, including, but not limited to the Dubuclet Trailer, by you after acquiring the travel trailers from Fleetwood or other manufacturers and prior to supplying the travel trailers to FEMA.

8. All documents and communications relating to the purchase, sale, transportation, chain of custody, ownership and physical location of the Dubuclet Trailer at all times before, during and after you acquired the travel trailer.

## **EXHIBIT "B"**

1. Any and all documents relative to items set forth in paragraphs 1-8 of Exhibit "A".