UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                           MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                  SECTION "N-5"

                                              JUDGE ENGELHARDT
                                              MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Elisha Dubuclet, et al v. Fleetwood Enterprises, et al, No. 07-9228*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### PLAINTIFF'S OBJECTIONS WITH COUNTER-DESIGNATIONS OF DEPOSITION OF DR. CHRISTOPHER DEROSA

1. Plaintiff objects to the defendant's designation of page 155, lines 1 to 3, and page 157, lines 8 to 16, since these excerpts lack completeness and appropriate context by eliminating the testimony between the excerpts. Accordingly, plaintiff counter-designates **page 156, line 4 through page 157, line 7**.

2. Plaintiff objects to the defendant's designation of page 160, lines 13 to 21, and page 161, lines 5 to 24, because this testimony refers to an e-mail involving individuals other than the witness (Dr. DeRosa). In fact, the witness indicated he had not seen the e-mail before. He was improperly asked, without foundation, to testify on review of an e-mail written by others. Plaintiff's counsel objected to the lack of foundation at the time of the deposition. *See* **Page 160, lines 24 to page 161, line 3**.

3. Plaintiff objects to the designation of page 176, lines 3 to 19, because the witness was asked about a document of which he was completely unaware, and then the document

was simply read to him by counsel.  There is no foundation for presenting this reading as the testimony of this witness, and counsel's reading of the document constitutes hearsay at best.

4. Plaintiff objects to the designation of page 190, lines 1 to 25, page 191, lines 1 to 25, and page 192, lines 1 to 4, because these excerpts lack completeness and because the witnesses' explanation of his answers is not included in the defendant's excerpts. Plaintiff accordingly counter-designates, for the purpose of completeness and in order to include the witness' explanation, **page 192, lines 5 to 24**.

5. Plaintiff objects to the designation of page 202, lines 1 to 15, because this excerpt literally cuts off Dr. DeRosa's testimony in the middle of an answer.  For completeness, plaintiff counter-designates **page 202, lines 16 through page 203, line 3**.

6. Plaintiff objects to the designation of page 207, lines 1 to 5, and 19 to 21; page 208, lines 13 to 25; page 209, lines 1 to 5, and 15 to 23; page 210, lines 23 to 25; and page 211, lines 1, 13 to 21, and 24 to 25.  These excerpts are carefully lifted from an ongoing discussion and series of questions and answers with the witness, and they lack both completeness and appropriate context without the entire exchange being included. Plaintiff accordingly counter-designates **page 206, line 5 through page 212, line 9**.

7. Plaintiff objects to the designation of page 212, lines 1 to 6 because it is incomplete, and, particularly given the aforementioned counter-designation, **page 212, lines 7 to 9**, should be counter-designated as well.

8. Plaintiff objects to the designation of page 221, lines 24 to 25; page 222, line 1; and page 223, lines 22 to 25.  These excerpts lack completeness and appropriate context, and, for

the sake of completeness, plaintiff counter-designates **page 220, line 15 through page 223, line 21**.

9. Plaintiff objects to the designation of page 228, lines 17 to 25, because this answer as to a specific formaldehyde level in residential settings is taken out of context unless the witness' preceding testimony also is given.  Plaintiff accordingly counter-designates **page 226, line 23 through page 228, line 16**.

10. Plaintiff objects to the designation of page 262, lines 1 to 2, and 10 to 14, because these excerpts lack completeness and appropriate context.  For the sake of such completeness and context, plaintiff counter-designates **page 263, lines 3 to 9**.

11. Plaintiff objects to the designation of page 268, lines 1 to 6, because this excerpt lacks completeness, and, in fact, to end the excerpt at line 6 is literally to cut the witness off mid-sentence.  This line is the first line of an answer that continues for seven lines in the transcript of the deposition.  For completeness, therefore, plaintiff counter-designates **page 268, lines 7 to 13**.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:   504/528-9973
gmeunier@gainsben.com

        s/Justin I. Woods
        JUSTIN I. WOODS, #24713
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone: 504/522-2304
        Facsimile: 504/528-9973
        jwoods@gainsben.com

        **COURT-APPOINTED PLAINTIFFS'**
        **STEERING COMMITTEE**
         ANTHONY BUZBEE, Texas # 24001820
         ROBERT M. BECNEL, #14072
         RAUL BENCOMO, #2932
         FRANK D'AMICO, JR., #17519
         MATT MORELAND, #24567
         LINDA NELSON, #9938
         DENNIS REICH, Texas #16739600
         MIKAL C. WATTS, Texas #20981820

## **CERTIFICATE OF SERVICE**

  I hereby certify that on November 30, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

        s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471