UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * | MDL NO. 1873 SECTION: N(5) JUDGE: ENGELHARDT |
| This Document Relates to: | | * * | |
| *Elisha Dubuclet, et al v. Fleetwood Enterprises, Inc., et al.* | | * * * | MAG: CHASEZ |
| Docket No. 07-9228 | | * | |

**DEFENDANT FLEETWOOD ENTERPRISES, INC'S OPPOSITION TO PLAINTIFF'S OBJECTIONS TO CERTAIN OF FLEETWOOD'S DESIGNATIONS OF DEPOSITION FOR WITNESSES JOSEPH LITTLE, MARTIN MCNEESE, AND JAMES SCHILLIGO**

COMES NOW Defendant Fleetwood Enterprises, Inc. (hereinafter "Fleetwood") and files this its oppositions to Plaintiff's Objections to Certain of Fleetwood's Designations of Deposition for Various Witnesses, having first conferred with counsel for Plaintiff's in an effort to resolve said objections.

**1.      Joseph Little, ATSDR witness, Deposition taken June 23, 2009.**

Plaintiff objects to the following page/line designations made by Fleetwood to the Joseph Little deposition on grounds that the testimony amounts to "expert opinion" from a fact witness.

P. 109:15 – P. 111:24;
P. 112:7 – P. 113:17;
P. 114:6 – P. 115:22; P.116:1 – P.117:16;
P. 118:11 – P.119:20;
P. 120:12-21;
P. 122:18 – P.123:2;
P. 124: 1 – 14;
P. 124: 19 – P. 125: 21;
P. 126: 20 – P. 127: 14: 18 – 21;
P. 128: 3 – 18;
P. 129: 1 – 21;

      P. 130: 14 – P. 131: 12;
      P. 131: 23 – P. 132: 24.

Fleetwood responds that Joseph Little assisted in the research for and drafting of ATSDR's February 2007 preliminary report. Mr. Little's testimony designated by Fleetwood, and objected to by Plaintiff, is all discussion of resource material he reviewed and used in the report or is discussion of his analysis for drafting the report. As such, it is admissible. It is Fleetwood's understanding that the Court admitted this testimony of Mr. Little in the *Alexander* case. (The highlighted transcript of Mr. Little's deposition is being delivered to the Court today for its review).

2.     **Martin McNeese, FEMA witness, taken July 14, 2009.**

     **Plaintiff Objection**: 28:16 – 19 - hearsay.

     **Fleetwood Response:** Mr. McNeese is being examined about a document (Exhibit 2 to his deposition) at page 28. Mr. McNeese stated on at page 23:7 – 10 that he authored the document. His testimony at page 28 about the document is not hearsay. The testimony is relevant. In addition, Mr. McNeese is asked what prompted him to tell another FEMA employee that travel trailers were still viable EHUs and his testimony at page 28 explains what he relied on in making that statement. (The highlighted transcript of Mr. McNeese's deposition is being delivered to the Court today for its review).

3.     **30(b)6 deposition of Morgan, James Schilligo, taken October 22, 2009.**

     **Plaintiff Objection**: 46:18 - 47:24 – Irrelevant, waste of time, non-responsive, confusing, misleading. The witness was asked at 46:18 if anyone at Fleetwood made representations about formaldehyde in the trailers and he goes off on a discussion about an email

from CH2M Hill who was a contractor and not Fleetwood. Furthermore CH2M Hill did not install this unit.  Also, 81:20 – 87:22   - Lack of foundation and irrelevant, waste of time, cumulative.  The witness is being asked about an email string that he did not author. Defendant has already provided deposition designations that included a discussion of the email.  The witness is simply being asked what the email says.  The email also relates to CH2M Hill which is not involved in this case.  He is asked what the email does not discuss. This is irrelevant and misleading in the context in which it is asked.  To the extent that this email string contains comments by Craig Biazo who authored part of the email string and who Fleetwood is calling live at trial, the discussion about the email is better handled through Craig Biazo as opposed to this witness.  To the extent that the witness is asked about occupant complaints in the context of questioning about this email, this witness was not designated as a corporate representative on occupant complaints.  Further to the extent the witness is asked about a Fleetwood Engineering Standards bulletins beginning on 85:22 and what the bulleting says, the questions would be better addressed to a Fleetwood representative. They are hearsay statements to the extend he is reading from the Engineering Standards bulletin and 88:12 – 17 – Irrelevant, and 88:23 – 89:2 - Irrelevant.

  **Fleetwood Response**:  This series of testimony relates to a request for information about "formaldehyde" that came to Morgan from a FEMA contractor in February 2006.  Mr. Schilligo, testifying as a 30b6 witness for Morgan, discusses the email stream found in Morgan's business records.  This email describes the inquiry from Morgan to Fleetwood about Fleetwood's formaldehyde standards and Fleetwood's response, through its employee Craig Biazo, which amounted to Fleetwood sending Morgan its Engineering Standard.  The Engineering Standard is Fleetwood's written policy of requiring the use of low emitting formaldehyde products in the

construction of Fleetwood travel trailers.  The testimony is highly relevant and Mr. Schilligo lays a proper foundation for same.

**Plaintiff Objection**:  68:7– 68:11 – irrelevant, confusing to the jury.

**Fleetwood Response:**  This testimony explains the history of Morgan's relationship with FEMA regarding the supply of EHUs for disasters.  It is relevant and Mr. Schilligo has personal knowledge of the information about which he is testifying.

**Plaintiff Objection:** 69:16 - 19 – lacks foundation, confusing to the jury as this witness was not designated by Morgan to answer issues on complaints nor was it shown that he was in a position to routinely field complaints in his role with Morgan. Also 79:21 – 80:19 – Irrelevant, waste of time with regard to calls for keys etc. and 80:20 - 81:10 – Lack of foundation and misleading to the jury to extent that there were no complaints that this witness was aware of, as the witness was not designated as a corporate representative on complaints, and 117:21 – 120:10 - Lack of foundation.  Discussion on complaint, this witness is not designated as a corporate representative on the complaints that Morgan did or did not receive.  Nor has it been established that he would routinely and regularly be informed of complaints.  To the extent that implication is being made that he would be aware of complaints and there were none, the testimony is misleading, prejudicial and confusing – Irrelevant for the same reasons set forth in the prior section, furthermore, 119:9-23 is cumulative.

**Fleetwood Response:**   This testimony relates to whether there were occupant complaints about the EHUs in prior disaster responses in which Morgan was involved.  Mr. Schilligo testifies in this deposition that customer complaints were reported to him (Schilligo Dep. at

4

118:21 - 24).  He has personal knowledge of such complaints.  The testimony is relevant to notice to Morgan and to Fleetwood and to the fact that in prior disaster responses Morgan received no formaldehyde complaints.  While Mr. Schilligo is asked about this issue several times, the questions are put to him differently and each answer is relevant.

**Plaintiff Objection:** 89:6 – 15 – Lack of foundation as this witness was not designated on the subject on when Morgan first heard of complaints regarding formaldehyde.  Defendant has previously objected to the Plaintiff using newspaper articles such as the Wall Street Journal article.  If Defendant will stipulate that newspaper articles can come in as exhibits in this matter, Plaintiff will agree to this testimony.

**Fleetwood Response:**  Fleetwood does not agree to the admissibility of the news article referenced in this testimony however the testimony itself is relevant.  Mr. Schilligo was asked when he first learned of any formaldehyde complaints in the thousands of units he sold to FEMA and he said when media coverage, specifically an article in the Wall Street Journal, came out.  What the article says, and what hearsay it contains, is not admissible and not necessary to allow this testimony of Mr. Schilligo who is simply noting when and how he learned of the complaints.

**Plaintiff Objection:** 89:25 - 90:14 - Waste of time, irrelevant.  Also 90:15 – 22 – Cumulative as this is repetitive of earlier testimony designated by Defendant and 132:4 – 133:1 – Irrelevant and cumulative.  Some of these matters have been designated three and four times over.

**Fleetwood Response:**  This portion of Mr. Schilligo's deposition is his testimony, based on his personal knowledge, that FEMA inspected every Fleetwood unit received.  This is highly relevant since FEMA's acceptance of the Fleetwood units is an important issue in the case.

**Plaintiff Objection:** 92:7 – 94:6 – Cumulative, waste of time.

**Fleetwood Response:**  Mr. Schilligo is testifying of his own personal knowledge that owners' manuals accompanied the EHUs.  This is relevant.

(The highlighted transcript of Mr. Schilligo's deposition is being delivered to the Court today for its review).

This 30th day of November 2009.

        Respectfully submitted:

        /s/ Richard K. Hines, V
        Richard K. Hines, V
        GA Bar No. 356300
        NELSON MULLINS RILEY & SCARBOROUGH, LLP
        Atlantic Station
        201 17th Street, NW, Suite 1700
        Atlanta, GA  30363
        (404) 322-6000 (phone)
        (404) 322-6050 (fax)

        Jerry L. Saporito
        LA Bar No. 11717
        LEAKE & ANDERSSON, L.L.P.
        1700 Energy Centre
        1100 Poydras St.
        New Orleans, LA 70163-1701
        (504) 585-7500 (phone)
        (504) 585- 7775 (fax)

        ANDREW D. WEINSTOCK, #18495
        DUPLASS, ZWAIN, BOURGEOIS,
            PFISTER & WEINSTOCK
        3838 N. Causeway Boulevard, Suite 2900

Metairie, Louisiana 70002
(504) 832-3700 (phone)
(504) 837-3119 (fax)

Counsel for Defendant Fleetwood Enterprises, Inc.

## C E R T I F I C A T E OF SERVICE

I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )     Hand Delivery                         ( )     Prepaid U.S. Mail

( )     Facsimile                             ( )     Federal Express

(X)     CM/ECF

New Orleans, Louisiana, this 30th day of November 2009.

                                     /s/ Richard K. Hines, V
                                     Richard K. Hines, V
                                     Georgia Bar No. 356300
                                     E-mail: richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)