UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE PRODUCTS | * | |
| | LIABILITY LITIGATION | * | SECTION "N" (5) |
| | | * | |
| | | * | JUDGE ENGELHARDT |
| | | * | MAGISTRATE CHASEZ |
| | | * | |
| THIS DOCUMENT IS RELATED TO | | * | |
| | | * | |
| *Aldridge, et al v. Gulf Stream Coach* | | * | |
| *Inc., et al*, Docket No. 07-9228; | | * | |
| Elisha Dubuclet, individually and on behalf | | * | |
| of Timia Dubuclet | | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S OBJECTIONS TO DESIGNATED TESTIMONY
OF STEVEN SMITH DEPOSITION

COMES NOW Plaintiff and submits this her opposition to certain objections raised by Defendant to the portions of the Steven Smith Deposition that Plaintiff designated.

1. Pages 19:9 - 20: 3. Defendant claims that this testimony is irrelevant. The witness testifies about various composite wood products that contain formaldehyde. This testimony is relevant as to Fleetwood's knowledge of the formaldehyde issue. Defendant alleges this testimony is cumulative of other witnesses, but does not identify any such witnesses. Defendant's objections should be overruled.

2. Page 21:6 – 14, 22:11 – 20, 23:6 – 12. Defendant objects claiming a lack of relevance, the testimony is confusing and misleading to the jury. The witness is asked if formaldehyde is a health risk and he agrees that it is and stated that he has known it since the 70's. Furthermore, as the Defendant pointed out in their Objections, Steve Smith had worked for Fleetwood for 41 years. See Defendant's Objections, p. 1. Smith said he knew formaldehyde was harmful because of lawsuits that were filed. p. 21. He was later asked about those lawsuits and confirmed the lawsuits were filed against

1

Fleetwood due to claims that the occupants were sustained illnesses by being exposed to formaldehyde in Fleetwood products.  Such testimony is highly relevant to issues of notice on behalf of Fleetwood, and should not be excluded.  Moreover, the same wood products that are used in mobile homes are used in travel trailers.  See Smulski Report, Exhibit A, paragraphs 24, 25, and 26.  Defendant seems to make the distinction that since the lawsuits involved mobile homes and not travel trailers it should be excluded. This is a distinction without merit, the basis of the claim was that manufactured wood in Fleetwood products released formaldehyde and caused harm and lawsuits arose. This is exactly the issue here and the testimony is relevant and not unduly prejudicial and will not confuse the jury.  Furthermore, Smith does not need any medical training to discuss his understanding of the lawsuits and allegations as Defendant alleges.

3.  Pages 36:11 – 25 to 37:1-2.  Defendant alleges this testimony  lacks relevance,  alleging Smith's experience of walking into mobile homes manufactured by Fleetwood in the 60's and 70's that he had eye irritation, and that after Fleetwood changed the changed the products they used in building the units he did not notice the eye irritation anymore. This testimony is highly relevant as it shows knowledge and the feasibility of an alternate design to reduce formaldehyde emission and the side effects of the same in its products by using different materials.  The time frame, in the fact that the construction was some 30 years or more prior to the construction of this travel trailer does not make it irrelevant.  On the contrary, that Fleetwood had this knowledge of the feasibility of reducing formaldehyde emissions by using different wood products some 30 years ago, makes the testimony even more relevant.  Further the same wood products that are used in mobile homes are used in travel trailers.  See Smulski Report, Exhibit A, paragraphs 24, 25, and 26.

4.  Pages 37:3 – 25 to 38: 1-2.  Defendant objects to this testimony as irrelevant and confusing and misleading to the jury.  Smith was asked if he knew certain wood products contained formaldehyde and when he learned that.  He responded that he learned about that in meeting relating to the manufactured housing division adopting the use of low emitting products, back in the 1980's.

Fleetwood seems to be making some kind of claim that there was a Chinese wall between the manufactured housing division of Fleetwood and the rest of the company such that the rest of the company would be totally unaware of what was going on in the manufactured housing division. There is no evidence to support this and further some of the same composite wood products that are used in manufactured housing are also used in travel trailers. See Smulski Report Exhibit A, paragraphs 24, 25, and 26. Fleetwood as a company was put on notice of claims surrounding formaldehyde containing wood products causing injury and damages some thirty years ago. Fleetwood cannot claim the knowledge that they gained by virtue of what did on the manufactured housing side of the business is not applicable to its other product lines. Furthermore, Fleetwood had meetings in the 1980's about using alternative wood products in their manufactured housing and how to reduce formaldehyde emissions. The fact that these meetings took place in the context of manufactured housing production is without merit as the same principles apply with regard to composite wood products used in travel trailers as in mobile homes. See Smulski Report, Exhibit A, paragraphs 24, 25, and 26.

5. Page 40:8 – 15, 42: 3 -25 to 43:1 – 10. Smith was asked if Fleetwood knew in the 80's that one way to reduce formaldehyde in manufactured housing units was to use products that emitted low amounts of formaldehyde and he responded "yes." He also testified that he had been told that heat and humidity can impact emissions of formaldehyde, and based his testimony on his historical knowledge of manufactured housing units in the 70's and early 80's. As noted above such testimony is relevant as to alternative design and knowledge of the emission of formaldehyde from wood products. The fact that he gained this knowledge in the context of working on manufactured housing as opposed to travel trailers is of no weight in this analysis as the same principles are at work here whether or not the wood is in a mobile home or in a travel trailer. See Smulski Report, Exhibit A. Furthermore, Smith worked in various positions of high responsibility including Director of Corporate Services and as Plant Manager. See page 43 of Smith testimony attached to Defendant's Objections.

6.      Pages 120:21 – 25 to 121:1 10.  Plaintiff agrees to withdraw this testimony from her designation.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
       GERALD E. MEUNIER, #9471
       **PLAINTIFFS' CO-LIAISON COUNSEL**
       Gainsburgh, Benjamin, David, Meunier &
       Warshauer, L.L.C.
       2800 Energy Centre, 1100 Poydras Street
       New Orleans, Louisiana 70163
       Telephone:    504/522-2304
       Facsimile:    504/528-9973
       gmeunier@gainsben.com

       s/Justin I. Woods
       JUSTIN I. WOODS, #24713
       **PLAINTIFFS' CO-LIAISON COUNSEL**
       Gainsburgh, Benjamin, David, Meunier &
       Warshauer, L.L.C.
       2800 Energy Centre, 1100 Poydras Street
       New Orleans, Louisiana 70163
       Telephone:    504/522-2304
       Facsimile:    504/528-9973
       jwoods@gainsben.com

       **COURT-APPOINTED PLAINTIFFS'
       STEERING COMMITTEE**
       ANTHONY BUZBEE, Texas # 24001820
       RAUL BENCOMO, #2932
       FRANK D'AMICO, #17519
       MATT MORELAND, #24567
       LINDA NELSON, #9938
       MIKAL WATTS, Texas # 20981820
       Dennis Reich, Texas #16739600

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing on November 30, 2009.

                                    s/Gerald E. Meunier
                                GERALD E. MEUNIER, #9471