UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE | * | MDL NO. 07-1873 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION "N" (5) |
| THIS DOCUMENTS IS RELATED TO: | * | |
| CIVIL ACTION NO. 07-9228 | * | JUDGE: ENGELHARDT |
| *(Elisha Dubuclet obo Timia Dubuclet vs. Fleetwood,* | * | |
| | * | MAG: CHASEZ |

**************************************************************************

## PLAINTIFFS' RESPONSES TO DEFENDANT'S OBJECTIONS
## PERTAINING TO WILLIAM FARISH

      **COMES NOW** Plaintiffs responses to Defendant's objections pertaining to William Farish as follows:

Response to Objections:

1.    Relevancy.  Farish interfaced with Wozniak and the testimony goes to show company wide knowledge (or lack thereof).  Theobald, who is not an engineer was the company's in-house counsel.  Farish is much better suited to address this line of questioning.

2.    Undersigned Counsel did not ask questions about the content of the discussions, thus there can be no attorney client privilege nor was such an objection raised at the time.  The jury can infer whatever they want from this line of questioning and can certainly consider this, along with other factors, when deciding credibility of witness, weight of evidence, etc.

3.    Relevancy.  This section is clearly relevant since it addresses the issue of the importance of Formaldehyde testing once the company became aware of the problems (February - March 2006).  Although counsel for Fleetwood points the Court to pg. 22, line 9-19, it leaves out the most important part of the inquiry.  At pg. 22: 20-23 (which immediately follows Fleetwood's cite that the testimony is irrelevant) the witness is asked the following question:

        Q:    Well, would formaldehyde testing become important as soon as
              any issues arose pertaining to Formaldehyde.

> **A.**   **Yes. I think if we had some significant concerns about formaldehyde, we'd definitely want to know about our history, yes, any data we had.**

4.   Relevancy. To the contrary, the issue of when he(Farish) first heard about Formaldehyde complaints is clearly relevant to show that everyone from the President to the Director of engineering (Farish) was aware of this problem in February or March of 2006 but took no curative/remedial action with regards to Plaintiff's trailer which was manufactured **after** the news about Formaldehyde were disseminated by the media. This area of inquiry is only 13 lines long but highly relevant to the issues at hand.

5.   Relevancy. The jury is entitled to hear from the President of the Company and the Director of Engineering that their recollection is the same about when they first heard about Formaldehyde - pg. 23, line 18-22.

> **Q.**   Mr. Smith has previously testified that that's how he learned - he first learned about the issue of formaldehyde. So you have a similar recollection correct?

> **A.**   **I guess so, yes.**

Also, the action *vel non* that the company took once they received notice about Formaldehyde is certainly something that the jury is entitled to hear and give whatever weight it deems as important to Fleetwood's response (or lack thereof) once it received notice. Pg. 24, line 6-8.

> **Q.**   Did you attend any meetings at any time pertaining to formaldehyde (post media news) sometime after that? (Parentheses and verbiage with parentheses added by undersigned counsel).

> **A.**   **Oh. yes.**

7.   Relevancy. Just as this Court is allowing some witnesses to testify as to General and others as to Specific Causation the jury is entitled to hear from those inside the company that is the defendant in this matter. The issue of Formaldehyde off gassing is central to the issue of product defect under the LPLA. The laws of physics don't change just because the defendants want them to go away. Thus, the witness' testimony, which Defendant's leave out, shows that his answer to the

question was not only responsive but relevant when he responded as follows to the area of inquiry objected to by Defendants.

>  p. 44, line 16-17
>  "the general knowledge is that that should vary some, yes." (Farish)

8.  Relevancy. The testimony given by the witness has to do with ventilation. Ventilation has to do with windows (among other factors) and the witness addresses the issue directly.

>  Pg. 45, line 16-25;
>
>  Q.   And why does one have to want good air quality in a living unit?
>
>  A.   **The most obvious reason I think is because the way people live generates undesirable air quality:**
>
>  Cooking, smoking, other aspects add things to the air and you want to disperse those.
>
>  Q.   You want to disperse the bad elements, if you will, that are within a particular structure; correct? And that's for health reasons?
>
>  A.   **Generally.**
>
>  p. 46, line 1-6.
>
>  Q.   Do windows help ventilation?
>
>  A.   **Yes.**
>
>  Q.   And why and how do windows help and affect ventilation?
>
>  A.   **They give you a chance to exchange outdoor supposedly fresh air with the indoor air.**

9.      The questions pertaining to the understanding of the  warning by the defendant's
        Director of Engineering are qualitatively different from those that this Court
        addressed in Rec. Doc. 7533.  Defendants are expected to, and will, argue that the
        Plaintiffs were warned because the trailer allegedly contained what Fleetwood
        refers to as the "Fleetwood warning label."  Yet, they hope that this Honorable
        Court prevents the jury from hearing from the authors of the label what they
        themselves understood from the words that they chose to insert into the label.  At
        pg. 47, line 8-25, the following colloquy takes place:

        Q.      Now, how does that differ from "adequate ventilation"?

        A.      **It depends on how it was used, who was saying it, how they
                were using it.  I wouldn't want to split hairs on that.**

        Q.      Assume for a moment that a document reads, and I'll quote, "This
                product is manufactured with urea-formaldehyde resin.
                Formaldehyde vapor may in some people cause headaches, eye,
                nose, and throat irritation, and aggravation of allergies and
                respiratory problems, such as asthma.  Proper ventilation should
                reduce the risk of such problems." [EXH-6]  As an engineer, what
                does that tell you, proper ventilation?

        A.      **It doesn't quantify.  So as an engineer I would be frustrated
                with that.  But it does say you should have ventilation.  It does
                say you should have some ventilation definitely.**

        Additionally, the Defendants will argue that they adopted the HUD standards for
the travel trailers.  The fact that they will elicit this type of testimony from several of their
own witnesses militate in favor of allowing the HUD requirements contained in 24 CFR
3280.309 to be made known to the jury.

THIS 30TH DAY OF NOVEMBER, 2009.

Respectfully submitted,

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

**_____ /s/ Gerald E. Meunier _____**
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.**
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70113
Telephone:   (504) 522-2304
Facsimile:    (504) 528-9973
**gmeunier@gainsben-com**

**_____ s/Justin I. Woods _____**
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL
Gainsburgh, Benjamin, David, Meunier&
Warshauer, L.L.C.**
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70113
Telephone:   (504) 522-2304
Facsimile:    (504) 528-9973
**jwoods@gainsben-com**

**COURT-APPOINTED PLAINTIFFS'**
**STEERING COMMITTEE**
RAÚL R. BENCOMO (LA Bar #2932)
LINDA J. NELSON (LA Bar #9938)
FRANK D'AMICO (LA Bar #17519)
MATT MORELAND (LA Bar #24567)
ROBERT M. BECNEL (LA Bar #14072)
ANTHONY BUZBEE (TX #24001820)
MIKAL WATTS (TX #20981820)
DENNIS REICH (TX #16739600)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing Notice of

Deposition by using the CM/ECF system which will send a notice of electronic filing to

all counsel of record who are CM/ECF participants.  I further certify that I mailed the

foregoing document and the notice by electronic transmission on November 30, 2009.

/s/ Gerald E. Meunier
GERALD E. MEUNIER, #9471