RETURN

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

| | |
|---|---|
| LESTER ADAMS ET AL. <br> *Plaintiff* <br> v. <br> FLEEDWOOD CANADA LTD., ET ALS. <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 09-4669 <br> ) <br> ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: Roberta L. Burns Esq.
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from __08/07/2009__, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 11·12·09

*Signature: Tanya Henkels Fields*
*Signature of the attorney or unrepresented party*

Fluor Enterprises, Inc.
*Printed name of party waiving service of summons*

Tanya Henkels Fields
Counsel for Fluor Enterprises, Inc.
Middleberg, Riddle & Gianna
717 N. Harwood Street, Suite 2400
Dallas, TX 75201
(214) 220-6884 (telephone)
(214) 220-6807 (facsimile)

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.