UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-5"<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

THIS DOCUMENT IS RELATED TO:
*Elisha Dubuclet, et al v. Fleetwood Enterprises, et al, No. 07-9228*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S OBJECTIONS TO FLEETWOOD'S DESIGNATIONS,
AND PLAINTIFF'S COUNTER-DESIGNATIONS,
0F DEPOSITION OF DAVID GARRATT**

1. Plaintiff objects to the defendant's designation of page 203, lines 14 to 16, since this violates what is understood to be an agreement among counsel and the Court that no deposition excerpts played to the jury in this trial should identify, by name and represented client, counsel asking questions on behalf of defendants which are not parties in this case. The aforementioned designation represents the on-record introduction of Tim Scandurro as counsel for Gulf Stream. This is both unnecessary for present purposes, and has the potential to confuse the jury as to the role of Gulf Stream in the matter at hand.

2. Plaintiff objects to the defendant's designation of page 210, line 9 through page 212, line 14. This exchange between Mr. Scandurro and the witness explores the number or volume of "complaints" either presented to, or "recorded" by, FEMA in connection with

-1-

trailers put in use after Hurricane Katrina.

The Court will recall that this same issue arose during the Alexander trial, and it was — and remains — plaintiff's position that, while on the one hand a trial defendant objects to any reference at trial to the actual number of legal claims involving that defendant's trailers, testimony or reference in the course of trial to the number of volume of other claims surely would "open the door" to this otherwise-prohibited testimony. The Court also may recall that, after a bench conference in Alexander, the Court was obliged to instruct the jury that the just-heard testimony to other complaints did not mean other legal actions. This distinction itself may raise questions in the minds of jurors, and such potential confusion is easily avoided by striking such testimony.

Additionally, the specific deposition excerpt at issue does not define what is meant by "complaints," i.e., whether Mr. Garratt is talking about Form 95 claims or simply call-in complaints to a FEMA office. Neither is it clear from the testimony — certainly Mr. Garratt does not make it clear — at what point in time the number of complaints is being measured. At best, the witness can only refer to a "snapshot" in time; obviously the number of complaints did increase with the passage of time.

The Court repeatedly has cautioned that these bellwether trials are only about the unit at issue and the plaintiff at issue. If the parties wish to get into a discussion in front of the jury about the number of other claimants, then this should be done with full and accurate disclosure, both as to the number of Form 95 complaints filed against FEMA, and with respect to the number of plaintiffs and lawsuits pending. Without giving the jury the full picture in this regard, any probative value of the offered testimony by Mr.

Garratt clearly is outweighed by the misinformation that the number of FEMA trailer/Formaldehyde complaints in connection with the issues in this litigation truly was, or has been, limited.  The parties are well aware this is not so, and it is misleading to suggest otherwise to a bellwether trial jury.

Finally, it should be noted that at the outset of the proferred excerpt, Mr. Scandurro referred Mr. Garratt to undersigned counsel's earlier questioning in the deposition about the volume or frequency of complaints made to FEMA.  This presumably refers to plaintiff's designated questioning beginning at page 89, line 2, through page 90, line 90; but the Court will note that this prior questioning brought focus on the nature of FEMA's response to the earliest expressions of concern about formaldehyde in the trailers, dating back to October 2005, and not the number of complaints.

    Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:    504/522-2304
        Facsimile:    504/528-9973
        gmeunier@gainsben.com

        s/Justin I. Woods
        JUSTIN I. WOODS, #24713
        **PLAINTIFFS' CO-LIAISON COUNSEL**

        Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:     504/522-2304
Facsimile:      504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'**
**STEERING COMMITTEE**
    ANTHONY BUZBEE, Texas # 24001820
    ROBERT M. BECNEL, #14072
    RAUL BENCOMO, #2932
    FRANK D'AMICO, JR., #17519
    MATT MORELAND, #24567
    LINDA NELSON, #9938
    DENNIS REICH, Texas #16739600
    MIKAL C. WATTS, Texas #20981820

### CERTIFICATE OF SERVICE

    I hereby certify that on November 30, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

        s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471