UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER  　　　　　　　　　　　　　MDL NO. 07-1873
   FORMALDEHYDE PRODUCTS
   LIABILITY LITIGATION
                  SECTION "N" (5)

THIS DOCUMENT RELATES TO
*Dubuclet v. Fleetwood Enterprises, Inc.*

Member Case No. 07-9228

## ORDER AND REASONS

  Before the Court is Defendant Fleetwood Enterprises, Inc.'s ("Fleetwood") Motion to Exclude Dr. Lawrence G. Miller's Testimony (Rec. Doc. No. 6665), which is opposed by Plaintiff.

  Fleetwood initially moves to exclude Dr. Miller's testimony on grounds that he does not have sufficient expertise and thus is not qualified to offer the exacerbation opinions regarding gaseous formaldehyde and Ms. Dubuclet's claimed conditions. Fleetwood asserts that, although Dr. Miller has an M.P.H. degree in Environmental Health and is board certified in Internal Medicine, Pulmonary Disease, and Clinical Pharmacology, he has not treated patients in approximately four years and is involved in a venture company which invests in biotech enterprises. Dr. Miller is a Harvard-trained physician, holds a Masters in Public Health from the Boston University School of

Public Health, has served as the director of the Environmental and Occupational Health Service of the LSU Medical Center, has been involved in teaching at that center since 1965, and with regard to internal medicine, he has been trained in the study of dermatological illnesses and epidemiology. The Court finds that Dr. Miller is qualified to opine in this case.

Fleetwood next asserts that Dr. Miller uses a "weight of the evidence methodology", wherein he incorporates certain testing done by Dr. Farber, and in which he fails to distinguish between gaseous formaldehyde versus formaldehyde in the solid and/or aqueous states with regard to skin allergies.

On the showing made, the Court cannot agree with Defendant Fleetwood's position that Dr. Miller's opinion should be excluded. Although Fleetwood highlights certain issues in which the Court is interested, it is difficult to determine whether those issues are merely strong lines of questioning for cross examination, or should be the subject of a *Daubert* hearing outside the presence of the jury. Thus, the Court is willing to hear argument, and conduct a *Daubert* hearing, should Fleetwood so desire, to be held one evening during the course of the trial. At this stage, however, it appears unlikely that Dr. Miller's testimony will be excluded.

New Orleans, Louisiana, this 30th day of November, 2009.

**KURT D. ENGELHARDT**
**United States District Judge**