UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | | |
|---|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 | |
| | FORMALDEHYDE | * | | |
| | PRODUCTS LIABILITY | * | SECTION: N(5) | |
| | LITIGATION | * | | |
| | | * | JUDGE: ENGELHARDT | |
| This Document Relates to: | | * | | |
| | | * | | |
| *Dubuclet, et al v. Fleetwood* | | * | | |
| *Enterprises, Inc., et al.* | | * | MAG:  CHASEZ | |
| | | * | | |
| Docket No. 07-9228 | | * | | |

---

## DEFENDANT FLEETWOOD ENTERPRISES, INC.'S OPPOSITION TO PLAINTIFF'S OBJECTIONS, WITH COUNTER-DESIGNATIONS, AS TO DEPOSITIONS OF DR. CHRISTOPHER DEROSA and DAVID GARRATT

Plaintiff filed on November 30, 2009, as Rec. Doc. 8186, certain objections and counter-designations to the deposition of Christopher DeRosa.  Plaintiff's objections and counter-designations are set forth in full below followed by Fleetwood's responses to each:

1.      Plaintiff objects to the defendant's designation of page 155, lines 1 to 3, and page 157, lines 8 to 16, since these excerpts lack completeness and appropriate context by eliminating the testimony between the excerpts.  According, plaintiff counter-designates **page 156, line 4 through page 157, line 7.**

**Fleetwood Response:**  No Objection

2.      Plaintiff objects to the defendant's designation of page 160, lines 13 to 21, and page 161, lines 5 to 24, because this testimony refers to an e-mail involving individuals other than the witness (Dr. DeRosa).  In fact, the witness indicated he had not seen the e-mail before. He was improperly asked, without foundation, to testify on review of an e-mail written by others.

Plaintiff's counsel objected to the lack of foundation at the time of the deposition.  *See* **Page 160, lines 24 to page 161, line 3.**

      **Fleetwood Response:**  Requires a ruling by the Court.

      3.     Plaintiff objects to the designation of page 176, lines 3 to 19, because the witness was asked about a document of which he was completely unaware, and then the document was simply read to him by counsel.  There is no foundation for presenting this reading as the testimony of this witness, and counsel's reading of the document constitutes hearsay at best.

      **Fleetwood Response**:  This testimony refers to the February 2007 report which DeRosa has criticized ATSDR for keeping FEMA out of the loop on, except for attorney Rick Preston This impeaches that testimony.

      4.     Plaintiff objects to the designation of page 190, lines 1 to 25, page 191, lines 1 to 25, and page 192, lines 1 to 4, because these excerpts lack completeness and because the witnesses' explanation of his answers is not included in the defendant's excerpts.  Plaintiff accordingly counter-designates, for the purpose of completeness and in order to include the witness' explanation, **page 192, lines 5 to 24.**

      **Fleetwood Response:**  Objection to adding this testimony as completely outside any report or contemporaneous writing.

      5.     Plaintiff objects to the designation of page 202, lines 1 to 15, because this excerpt literally cuts off Dr. DeRosa's testimony in the middle of an answer.  For completeness, plaintiff counter-designates **page 202, lines 16 through page 203, line. 3.**

      **Fleetwood Response**:  No Objection.

      6.     Plaintiff objects to the designation of page 207, lines 1 to 5, and 19 to 21; page 208, lines 13 to 25; page 209, lines 1 to 5, and 15 to 23; page 210, lines 23 to 25; and page 211,

lines 1, 13 to 21, and 24 to 25.  These excerpts are carefully lifted from an ongoing discussion and series of questions and answers with the witness, and they lack both completeness and appropriate context without the entire exchange being included.  Plaintiff accordingly counter-designates **page 206, line 5 through page 212, line 9.**

**Fleetwood Response:**  No Objection.

7.    Plaintiff objects to the designation of page 212, lines 1 to 6 because it is incomplete, and, particularly given the aforementioned counter-designation, **page 212, lines 7 to 9,** should be counter-designated as well.

**Fleetwood Response:**  No Objection.

8.    Plaintiff objects to the designation of page 221, lines 24 to 25, page 222, line 1; and page 223, lines 22 to 25.  These excerpts lack completeness and appropriate context, and, for the sake of completeness, plaintiff counter-designates **page 220, lines 15 through page 223, line 21.**

**Fleetwood Response:**  No Objection.

9.    Plaintiff objects to the designation of page 228, lines 17 to 25, because this answer as to a specific formaldehyde level in residential settings is taken out of context unless the witness' preceding testimony also is given.  Plaintiff accordingly counter-designates **page 226, line 23 through page 228, line 16.**

**Fleetwood Response:**  Objection.  This is not in his report and it is not necessary to put the 228 lines 17 – 25 into context.  The testimony on page 228 is simply an explanation of the ATSDR Chronic MRL and needs no introduction.

10.     Plaintiff objects to the designation of page 262, lines 1 to 2, and 10 to 14, because these excerpts lack completeness and appropriate context.  For the sake of such completeness and context, plaintiff counter-designates **page 262, lines 3 to 9.**

**Fleetwood Response:**  No Objection.

**11.**     Plaintiff objects to the designation of page 268, lines 1 to 6, because this excerpt lacks completeness, and, in fact, to end the excerpt at line 6 is literally to cut the witness off mid-sentence.  This line is the first line of an answer that continues for seven lines in the transcript of the deposition.  For completeness, therefore, plaintiff counter-designates **page 268, lines 7 to 13.**

**Fleetwood Response:**  No Objection.

**David Garratt**

Plaintiff has added two areas of testimony with respect to David Garratt as follows:

1.  Page 78, line 13 through Page 79, line 20.  In Doc. 3069 (applied now *via* Doc. 7684), the Court excluded "formaldehyde regulations or guidelines" established by FEMA after the plaintiffs move-out date (September 2007 in Dubuclet). The designated Garratt testimony at p. 78, lines 13 through page 79, line 20 refers primarily to the new strategy of de-emphasizing the use of travel trailers (the only reference to formaldehyde requirements being at page 79, lines 8 to 10, and it is not stated that these are new requirements).

**Fleetwood objection**:  Fleetwood asserts that this portion of Garratt's testimony is covered by the Court's prior ruling at Doc. 3069 and should not be included.  It is clearly eliciting FEMA's current policies about travel trailer use to case doubts on prior use of travel trailers.

This 30th day of November 2009.

Respectfully submitted:

 */s/ Richard K. Hines, V*
Richard K. Hines, V
GA Bar No. 356300
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)

Jerry L. Saporito
LA Bar No. 11717
LEAKE & ANDERSSON, L.L.P.
1700 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-1701
(504) 585-7500 (phone)
(504) 585- 7775 (fax)

Andrew D. Weinstock
Louisiana Bar No. 18495
DUPLASS, ZWAIN, BOURGEOIS,
        PFISTER & WEINSTOCK
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700 (phone)
(504) 837-3119 (fax)

Counsel for Defendant Fleetwood Enterprises, Inc.

# C E R T I F I C A T E OF SERVICE

I hereby certify that a copy of the foregoing has this date been serves on all counsel of record in this proceeding by:

( )     Hand Delivery                          ( )     Prepaid U.S. Mail

( )     Facsimile                              ( )     Federal Express

(X)     CM/ECF

New Orleans, Louisiana, this 30th day of November 2009.

$\hspace{5cm}$ */s/ Richard K. Hines, V*
$\hspace{5cm}$ Richard K. Hines, V
$\hspace{5cm}$ Georgia Bar No. 356300
$\hspace{5cm}$ E-mail:  richard.hines@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)