UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|     FORMALDEHYDE | * | |
|     PRODUCTS LIABILITY | * | |
|     LITIGATION | * | SECTION: N(5) |
| | * | |
| This Document Relates to: *Charlie Age, et al. v* | * | |
| *Gulf Stream Coach Inc., et al*, Docket No. 09-2892 | * | JUDGE: ENGELHARDT |
| | * | |
| **This Pleading Pertains Only to**: Severed Claims | * | |
| of Alana Alexander individually and on behalf | * | MAG: CHASEZ |
| of the minor child Christopher Cooper | * | |

*************************************************************************

**REPLY MEMORANDUM IN SUPPORT OF GULF STREAM COACH, INC.'S
MOTION TO ASSESS TAXABLE COSTS**

**MAY IT PLEASE THE COURT:**

Gulf Stream Coach, Inc. respectfully submits the following Reply Memorandum in Support of its Motion to Assess Taxable Costs to briefly address points raised by Plaintiff in her Opposition to Gulf Stream Coach, Inc.'s Motion to Assess Taxable Costs:

**I. DEPOSITION COSTS**

In Plaintiff's Opposition (Doc. 8073), Plaintiff complains that, in relation to the deposition costs sought by Gulf Stream Coach, Inc., the costs for videotaping and synchronizing the depositions are not recoverable nor are the expert witness fees charged by the experts who gave the depositions. Gulf Stream Coach, Inc. does not concede these contentions for the reasons set forth in its Motion; however, the only argument that Plaintiff asserts that the transcript costs for the numerous depositions (invoices for which are attached to Gulf Stream Coach, Inc.'s Motion as part of Exhibit 2) is that Gulf Stream Coach, Inc. did not "segregate which depositions it took for trial preparation or trial use

versus discovery." (Doc. 8073, p. 4). Indeed, Gulf Stream Coach, Inc. did just that in its Memorandum in Support of its Motion to Assess Taxable Costs (Doc. 6325) at pages 5-13 thereof. For nearly each of the numerous witnesses identified therein, Gulf Stream Coach, Inc. noted whether the deposition was one of a fact or expert witness, whether that witness testified at trial (live or by videotape), whether the witness if not called at trial was deposed for the purposes of preparation for the deposition or examination of other witnesses and/or whether the witness was identified or called to trial but never presented for testimony. These depositions were taken and/or obtained as a result of the extensive witness lists filed by Plaintiff barely two (2) months prior to trial that identified over 280 witnesses (Doc. 2211 and 2303 – Plaintiffs' Witness Lists filed 7/17/09 and 7/24/09). Indeed, even the Joint Witness list prepared by the parties as part of the Pre Trial Order (Doc. 3070-2) identified 46 "will call" and additional "may call" witnesses for Plaintiff, 18 "will call" witnesses and additional "may call" witnesses for Gulf Stream Coach, Inc. and several more identified by Fluor Enterprises, Inc.

As discussed by Gulf Stream Coach, Inc. in its Motion, the burden is not that the deposition be actually used at trial; rather, that at that time the deposition was taken, it could have been reasonably expected to be used for trial preparation. *Fogleman v. ARAMCO*, 920 F.2d 278 (5th Cir. 1991). Costs for depositions taken are recoverable if all or any part of the deposition was necessary for use in the case. *Zapata Gulf Marine Corp. v. Puerto Rico Maritime Shipping Authority*, 133 F.R.D. 481 (E.D. La. 1990). For each of the witness depositions that Gulf Stream Coach, Inc. seeks reimbursement for in its Motion, Gulf Stream Coach, Inc. specified the exact nature of the witness's testimony as well as the reason(s) for the taking or obtaining of such deposition. With the hundreds

2

of exhibits and nearly as impressive amount of witnesses produced in this bellwether trial, it is difficult to even state with any degree of seriousness that any witness was deposed purely for discovery purposes or the convenience of counsel. At a minimum, the transcript-only costs of each of the witnesses identified by Gulf Stream Coach, Inc. are recoverable – Plaintiff's arguments regarding videography, synchronization and expert fees notwithstanding. Set forth below are the transcript-only costs associated with each witness[1]:

    a. Janet Barnes, M.D. = $1,932.20

    a. Gary Bunzer = $843.88

    b. Mary DeVany, M.S., C.S.P., C.H.M.M. = $1,037.35

    c. Paul Hewett = $733.87

    d. Marco Kaltofen, P.E. = $567.15

    e. James Kornberg, M.D. Sc.D. = $1,394.25

    f. Paul LaGrange = $458.55

    g. Lila Laux, Ph.D. = $1,812.90

    h. Gerald McGwin, M.S., Ph.D. = $1,824.60

    i. Alexis Mallet, Jr. = $927.30

    j. Charles David Moore, P.E. = $439.80

    k. Karin Pacheco, M.D., M.S.P.H. = $1,257.00

    l. Ervin Ritter, P.E. = $394.35

    m. William D. Scott, P.E., C.H.M.M. = $1,343.65

    n. Edward Schwery, Ph.D. = $554.90

    o. Stephen Smulski, Ph.D. = $2,630.75

---

[1] See attached Exhibit "1," Invoices for Deposition Transcripts.

p.  Patricia Williams, Ph.D., D.A.B.T.= $531.30

q.  Graham Allan = $1,264.40

r.  Megan Ciota, Ph.D. = $310.75

s.  Philip Cole, M.D. = $562.90

t.  Nathan T. Dorris, Ph.D., C.P.E. = $1006.75

u.  William Dyson, Ph.D., C.I.H. = $624.80

v.  Michael Ginevan, Ph.D. = $993.00

w.  Gary M. Marsh, Ph.D., F.A.C.E. = $390.00

x.  Damien W. Serauskas, P.E. = $412.55

y.  Kenneth B. Smith, M.D. = $497.50

z.  H. James Wedner, M.D. = $323.35

aa. Robert D. James, M.D. = $305.91

bb. Jessica Herzstein, M.D. = $819.56

cc. Christopher DeRosa = $991.00

dd. Jim Shea = $1,009.69

ee. Eddie Abbott = $290.90

ff. Dan Shea = $719.31

gg. Jeff Zumbrun = $123.11

hh. Angela Baksh = $645.72

ii. Gerald Blanchard = $446.20

jj. Heath Allen = $316.95

kk. Travis Allen = $281.90

ll. Al Whitaker = $1,050.50

mm. Dwight Durham = $287.20

nn. Joseph Little = $704.55

oo. Guy Bonomo = $233.20

pp. Martin McNeese = $547.75

qq. Burl Keel = $401.02

rr. James Brown = $123.11

ss. Kyle Timmins = $123.11

tt. Robert Duckworth = $186.50

uu. Kevin Souza = $896.85

vv. David Garratt = $642.60

ww. Stanly Larson = $85.80

xx. Michael Harder = $120.90

yy. Stephen Miller = $890.85

zz. Shirley Alexander = $401.50

aaa. Christopher Cooper = $270.15

bbb. Alana Alexander = $1,035.30

ccc. Ericka Alexander = $428.70

fff. Scott Pullin = $568.84

ggg. Scott Bailey = $90.55

hhh. Jeremiah Scott = $297.70

iii. Linda Esparza = $123.11

jjj. Terry Slone = $123.11

kkk. David Methot = $873.10

lll. Michael Lapinski = $603.70

mmm. David Porter = $874.45

nnn. Michael Lindell = $1,737.20

    ooo.  Dr. Richard Monson = $515.35

    ppp.  Leonard Quick, P.E. = $639.05

    qqq.  Jeremy Williams = $123.11

    rrr.   William Dudek = $123.11

    sss.  Todd Lentych = $123.11

    ttt.   Mark Polk = $618.25

    uuu.  Joe Cleland = $123.11

    vvv.  Philip Savari = $193.00

    www.  Andy Cristina = $191.55

    xxx.  Dr. George Farber = $323.50

    yyy.  Brian Shea = $193.76

    zzz.   Elizabeth Ganiere = $72.92

    aaa.  Coreen Robbins = $1,453.00

    **Transcript Total = $ 49,479.22**

## II. OTHER FACTORS

  Plaintiff urges that the costs be apportioned among all plaintiffs in similar cases. The only case cited by Plaintiff in support of this notion is in the context of class action cases and, as this Court is aware, Plaintiff's Motion for Class Certification in this matter was denied. Thus, there is no precedent or authority to allow for the apportioning of costs to other plaintiffs in other matters. Indeed, as Plaintiff points out, this was a bellwether trial that Ms. Alexander chose to present to a jury albeit to her dissatisfaction. The amount of time, resources and expense brought on by this choice cannot be ignored

and Gulf Stream Coach, Inc. is entitled to a recovery of reasonably allowable costs as set forth in its Motion to Assess Taxable Costs and herein.[2]

III. **CONCLUSION**

Gulf Stream Coach, Inc. respectfully asks that this Court grant its Motion to Assess Taxable Costs for the reasons set forth therein and in this Reply.

Respectfully submitted,

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER, & WEINSTOCK**

s/Andrew D. Weinstock

**ANDREW D. WEINSTOCK #18495**
**JOSEPH G. GLASS #25397**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
Fax: (504) 837-3119
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON**
**Timothy D. Scandurro #18424**
**Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
Telephone: (504) 522-7100
tim@scanlayr.com
dewey@scanlayr.com
*Counsel for Defendant, Gulf Stream Coach, Inc.*

---

[2] Gulf Stream Coach, Inc. submits that it is entitled to all other cost items set forth in its Motion to Assess Taxable Costs.

## **C E R T I F I C A T E**

I hereby certify that on the 30th day of November, 2009, a copy of the foregoing Memorandum in Support of Gulf Stream Coach, Inc.'s Reply In Support of Motion to Assess Taxable Costs was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

                s/Andrew D. Weinstock
                _____
                ANDREW D. WEINSTOCK #18495