**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER FORMALDEHYDE | * | **MDL NO. 07-1873** |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | **SECTION N(4)** |
| | * | |
| | * | **JUDGE ENGELHARDT** |
| **THIS DOCUMENT IS RELATED TO ALL CASES** | * | |
| | * | **MAGISTRATE ROBY** |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**UNIVERSAL LIST OF DEFENSES AND MOTIONS**</u>
<u>**TO BE PRESERVED ON BEHALF OF T-MAC, INC.**</u>

 **NOW INTO COURT**, through undersigned counsel, comes defendant, T-Mac, Inc. (hereinafter "T-Mac") which, pursuant to Pretrial Order 44 (Rec. Doc. 2759) and with a full reservation of rights, submits the following list of defenses and motions under Rule 12(b) of the Federal Rules of Civil Procedure to be preserved both for the suits currently pending in the MDL litigation, as well as those that may be transferred and/or filed in this MDL litigation in the future.  T-Mac reserves the right to amend and supplement this list of Rule 12(b) defenses and to file any other preliminary pleadings, dispositive motions or affirmative defenses in the referenced underlying lawsuit, the captioned MDL proceeding, or in any other case in which it is now or subsequently named as a defendant and properly served.

1.     Rule 12(b)(1) - Plaintiffs fail to establish that this Court has subject matter jurisdiction over their claims.

2.     Rule 12(b)(1) - Plaintiffs lack standing.

3.     Rule 12(b)(3) - Improper venue as to any plaintiff who resides outside the Eastern District of Louisiana.

4.     Rule 12(b)(4) and (5) – Insufficient process and insufficient service of process with regard to the complaints filed against T-Mac.

5.     Rule 12(b)(6) - Plaintiffs fail to state a claim upon which relief can be granted against T-Mac because they fail to make particularized allegations regarding their injuries and damages and fail to make any particularized allegations connecting themselves to conduct by any particular defendant and, specifically, T-Mac.

6.     Rule 12(b)(6) - Plaintiffs fail to state a claim upon which relief can be granted because the claims against T-Mac are barred by the applicable prescriptive and peremptive periods, statute of limitations, and/or laches.

7.     Rule12(b)(6) - Plaintiffs fail to state a claim upon which relief can be granted because on the face of the pleadings it is clear that plaintiffs knew or should have known of their cause of action more than a year before the referenced action was filed, rendering all claims prescribed under Louisiana law.  Plaintiffs are not entitled to claim any tolling, interruption or suspension of the applicable prescriptive period as against defendant, T-Mac, during the pending of the putative class action.

8.     Rule 12(b)(6) - Plaintiffs fail to state a claim upon which relief can be granted against T-Mac under the Louisiana Products Liability Act ("LPLA").

9.     Rule 12(b)(6) – One of the non-exclusive reasons why Plaintiffs fail to state a claim upon which relief can be granted against T-Mac under the LPLA is because plaintiffs have not and cannot allege any set of facts that would establish that T-Mac is a "manufacturer" within the meaning of the LPLA.

10.    Rule 12(b)(6) – Plaintiffs fail to state a claim under the applicable products liability laws of Alabama, Mississippi and/or Texas.

11.    Rule 12(b)(6) – Plaintiffs fail to state a claim for negligence or strict liability under the laws of Alabama, Louisiana, Mississippi and/or Texas.

12.    Rule 12(b)(6) – Plaintiffs fail to state a claim for redhibition under the laws of Alabama, Louisiana, Mississippi, and/or Texas.

13.    Rule 12(b)(6) - Plaintiffs fail to state a claim upon which relief can be granted because T-Mac owed no actionable duty to any of the plaintiffs.

14.    Rule 12(b)(6) - Plaintiffs fail to state a claim upon which relief can be granted inasmuch as plaintiffs have not specifically claimed any current injury, but rather have generally claimed unspecified current and future alleged injuries.

15.    Rule 12(b)(6) – Plaintiffs fail to state a claim for breach of an express warranty. *See also* Court's dismissal. R.Doc. 984.

16.    Rule 12(b)(6) – Plaintiffs fail to state a claim for breach of an redhibition/implied warranty.

17.    Rule 12(b)(6) - Plaintiffs fail to state a claim upon which relief can be granted on the grounds that T-Mac is a government contractor that performed its work according to and in compliance with specifications approved and mandated by the U.S. government through the Federal Emergency Management Agency ("FEMA").   As such, plaintiffs' action, claims and

demands are preempted and T-Mac is immunized from liability by the government contractor defense.

18.     Rules 12(b)(6) – Each plaintiff's negligence contributed to his/her alleged injury.

19.     Rule 12(b)(6) - Plaintiffs fail to state a claim for recovery of attorneys' fees because (a) attorneys' fees are not recoverable against T-Mac under Louisiana law and (b) plaintiffs have not alleged any other viable theory of liability through which they can recover attorneys' fees against T-Mac.

20.     Rule 12(b)(6) - Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiffs later seek to recover punitive damages under federal or Louisiana law because such damages are precluded.

21.     Rule 12(b)(6) - Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property or economic damages under Louisiana law inasmuch as such claims are precluded.

22.     Rule 12(b)(6) - Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon T-Mac and the other named defendants inasmuch as Louisiana law does not provide for solidary liability on the facts alleged.

23.     Rule 12(b)(6) – Plaintiffs fail to state a claim for injunctive relief.

24.     Rule 12(b)(6) - Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiffs later seek damages for medical monitoring under Louisiana law inasmuch as plaintiffs have not alleged a present and manifest injury.

25.     Rule 12(b)(6) - Plaintiffs fail to state a claim upon which relief can be granted to the extent it is determined that any named plaintiff previously filed, and has pending, another

lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

26.     Rule 12(b)(6) - Plaintiffs fail to state a claim upon which relief can be granted on grounds that T-Mac is a contractor that performed its work in accordance with the plans and/or specifications furnished to it by FEMA.  As such, T-Mac is shielded from liability by La. R.S. 9:2771 and the *Spearin* doctrine.

27.     Rule 12(b)(6) - Plaintiffs fail to state a claim upon which relief can be granted on grounds that pursuant to *Days v. National Radiator Corp.*, 128 So.2d 660 (La. 1961), T-Mac's duties and obligations are limited to what is defined in the relevant contracts.

28.     Rule 12(b)(6) – Plaintiffs fail to state a claim for loss of consortium and/or society.

29.     Rule 9(b) – Plaintiffs have failed to allege fraud and/or misrepresentation with particularity.

30.     Rule 12(e) – Plaintiffs' original and amending complaints are so vague and ambiguous, T-Mac cannot reasonably prepare a response.

31.     Rule 12(e) -  Motion for more definite statement of the complaint based on plaintiff's failure to make particularized allegations about his/her injuries and damages and failure to make any particularized allegations about any particular defendant's alleged conduct.

32.     Rule 21 – Improper Joinder:  Plaintiffs fail to satisfy the requirements for joinder of parties under FRCP 19 and 20.

33.     Rule 12(b)(6) – Plaintiffs' claims are barred by the doctrines of waiver, ratification, unclean hands and/or estoppel.

34.     Rule 12(b)(6) – Plaintiffs' claims are barred by *res judicata* and/or collateral estoppel.

35.     Rule 12(b)(6) – Plaintiffs' claims should be dismissed, or alternatively, their damages (the existence of which damage is denied) should be reduced by each plaintiff's own negligent conduct, lack of care, comparative fault, or other legal fault.

36.     Rule 12(b)(6) – Plaintiffs have not sustained any damages proximately caused by T-Mac.

37.     Rule 12(b)(6) – Any damages sustained by plaintiffs (the existence of which damages is denied) were the result of acts or omissions of other parties other than T-Mac and for which T-Mac is not legally responsible and that negligence was a proximately cause, or in the alternative, was the sole proximate cause, of the incident in question and any alleged losses, damages, and/or injuries of Plaintiffs.

38.     Rule 12(b)(6) – Plaintiffs have failed to mitigate any alleged damages.

39.     Rule 12(f) – Motion to Strike for any and all redundant, immaterial, impertinent and scandalous matters.


In addition, T-Mac asserts and preserves the following affirmative defenses:

Affirmative Defense #1 – T-Mac affirmatively alleges that plaintiffs have not stated a claim upon which relief can be granted.

Affirmative Defense #2 – T-Mac affirmatively alleges that plaintiffs' claims may be barred by the applicable peremptive and/or prescriptive periods, statues of limitations periods and/or statutes of repose.

Affirmative Defense #3 – T-Mac affirmatively alleges that plaintiffs failed to mitigate their damages as required by law.

Affirmative Defense #4 – T-Mac affirmatively alleges that plaintiffs' claims may be barred in whole or in part by assumption of the risk, contributory negligence and/or comparative negligence.

Affirmative Defense #5 – T-Mac affirmatively alleges that the sole proximate cause of the plaintiffs' claims are the fault of third parties for whom T-Mac is not responsible.

Affirmative Defense #6 – T-Mac affirmatively alleges that plaintiffs' claims may be barred by lack of reliance.

Affirmative Defense #7 – T-Mac affirmatively alleges that plaintiffs' claims may be barred by lack of causation, including proximate cause.

Affirmative Defense #8 – T-Mac affirmatively alleges that plaintiffs' claims may be barred in whole or in part by waiver, estoppel, and/or laches.

Affirmative Defense #9 – T-Mac affirmatively alleges that it is entitled to indemnification pursuant to all applicable contracts.

Affirmative Defense #10 – T-Mac affirmative alleges that the Damnum Absque Injuria applies.

Affirmative Defense #11 – T-Mac affirmatively alleges that all motions and defenses listed herein are adopted as affirmative defenses as if copied herein in extensor pursuant to FRCP 10(c).

T-Mac expressly reserves the right to supplement this list of preservation of defenses and motions.  T-Mac also expressly reserves its right to request a jury trial for any and all cases set for trial if and when it is subsequently added as a party defendant.

**WHEREFORE**, pursuant to and Pretrial Order 44 (Rec. Doc. 2759), defendant, T-Mac, Inc. prays that the Rule 12(b) defenses listed above be preserved until the referenced underlying lawsuits are scheduled for trial at a later date.  T-Mac, Inc. reserves the right to brief any Rule 12(b) motion in full and to request oral argument on the merits of its motions.

Respectfully submitted,

**DEGAN, BLANCHARD & NASH**


  /s/  Laura M. Mayes
SIDNEY W. DEGAN, III (#04804)
KEITH A. KORNMAN (#23169)
JENNIFER S. KILPATRICK (#26510)
LAURA M. MAYES (#32197)
400 Poydras Street, Suite 2600
New Orleans, LA 70130
Tel:  504-529-3333   Fax:  504-529-3337

*Attorneys for T-Mac, Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of December, 2009, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel and counsel of record who are CM/ECF participants.


  /s/ Laura M. Mayes


F:\168\7024\Doc\01 preservation of defenses.doc