UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N(5)<br><br>JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO:<br>*Lyndon Wright v. Forest River, Inc., et al.*<br>No. 09-2977 (E.D. La.) | MAGISTRATE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION TO CERTIFY FOR INTERLOCUTORY REVIEW PURSUANT TO 28 U.S.C. § 1292(b) THE COURT'S NOVEMBER 16, 2009 ORDER DENYING SHAW ENVIRONMENTAL, INC.'S <u>MOTION FOR SUMMARY JUDGMENT BASED ON PRESCRIPTION</u>

**MAY IT PLEASE THE COURT:**

Shaw Environmental, Inc. ("Shaw") respectfully asks that the Court, pursuant to 28 U.S.C. § 1292(b), certify for interlocutory review the Court's November 16, 2009 Order (Rec. Doc. 7241) (the "Order") because it rests upon controlling questions of law as to which there are substantial grounds for differences of opinion, and because final resolution of those issues would materially advance the ultimate termination of thousands of claims presently pending in this MDL, as well as many more claims not yet filed.

**I.     LAW AND ARGUMENT**

Section 1292(b) is designed to authorize interlocutory appeals "for the purpose of minimizing the total burden of litigation on parties and the judicial system by accelerating or at least simplifying trial court proceedings." 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3930 (2007); *see In re Uranium Antitrust Litig.,* 617 F.2d 1248, 1263 (7th Cir. 1980) ("Interlocutory review is permitted to assure orderly and efficient administration of complex cases."). In order for this Court to certify the Order for interlocutory appeal, the Court must find that (1) the matter involves a controlling question of law, (2) the issue is one as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order would materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). All of these criteria are present.

There are at least three important and controlling questions of law addressed in the Order. Two of the questions relate to whether the filing of a putative class action suspends prescription of unasserted claims by putative class members against third parties not originally named in the putative class action. The third question relates to whether lack of knowledge of a tortfeasor's identity is sufficient to interrupt prescription under the doctrine of *contra non valentum*. Secondly, with regard to all of these questions, there are substantial grounds for a difference of opinion. Lastly, given the thousands of cases awaiting disposition in this MDL, early clarification and finalization as to these legal issues will assuredly advance in a material way the ultimate conclusion of those actions that present similar, if not identical, issues.

### A.     ALL THREE ISSUES INVOLVE CONTROLLING QUESTIONS OF LAW

Under § 1292(b), a "controlling question of law is one that would require reversal if decided incorrectly or that could materially affect the course of litigation with resulting savings of the court's or the parties' resources." *APCC Services, Inc. v. Sprint Communications Co., L.P.,* 297 F. Supp. 2d 90, 96 (D.D.C. 2003). In other words, a question of law is a "controlling" question for purposes of 28 U.S.C. § 1292(b) when the decision on that question may materially advance the resolution of substantial portions of the case. "The resolution of an issue need not necessarily terminate an action or have precedential value for a number of pending cases to be controlling. Rather, all that must be shown in order for a question to be controlling is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *See In re Baker & Getty Fin. Servs.*, 954 F.2d 1169, 1172 (6th Cir. 1992).

The legal issues that are the subject of the Court's Order are central to the resolution of this case. Under Louisiana law, negligence in a delictual action is subject to a one-year prescriptive period commencing on the "day the injury or damage is sustained." La. Civ. Code Art. 3492. The record undoubtedly proves that Mr. Wright did not file this action within a year of being injured or within a year of knowing that he had been injured. Plaintiff does not dispute this. However, plaintiff argues that the statutory period was suspended under the *American Pipe* tolling doctrine, the doctrine of *contra non valentum,* and Article 2324 of the Louisiana Civil Code. The Court agreed with plaintiff, holding that each of these theories applied to suspend the running of prescription.

Shaw, however, contends that none of these theories applies to the circumstances of this case. Should an appellate court determine Shaw is correct, that would result in the dismissal of

this action. Therefore, Shaw's challenge to the tolling of prescription raises a controlling of question of law in the sense that a ruling on that challenge "would terminate an action if the district court's order was reversed."

For this reason, a number of courts have recognized that district court decisions regarding the issue of prescription are appropriate for interlocutory appeal. For example, in *Bourdais v. City of New Orleans*, 2002 WL 562671 (E.D. La. 2002), the district court certified interlocutory review on the question of whether plaintiffs' civil rights action was time-barred by the applicable statute of limitations. *See also Brookshire Bros. Holding, Inc. v. Total Containment, Inc*., 2006 WL 2997976 * 4 (W.D. La. 2006) ("The Court is of the opinion that the decision rendered in this matter as to the issue of prescription involves a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."); *Public Investors, Inc. v. Finevest Life Investors, Ltd. Partnership*, 1992 WL 189495 (E.D. La. 1992) ("[t]he Court finds an appeal on the issue of prescription may materially advance the ultimate termination of this litigation, and prescription presents a controlling question of law over which there can be a substantial ground for a difference of opinion."); and *Sperling v. Hoffmann-La Roche, Inc*. 24 F.3d 463, 465 (3rd Cir. 1994) ("[T]he issue of whether filing of the original complaint in this action tolled the statute of limitations for those plaintiffs who joined the action pursuant to this Court's Order dated January 5, 1988, involves a controlling question of law as to which there is a substantial ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate termination of the litigation.").

### B.     THERE ARE SUBSTANTIAL GROUNDS FOR DIFFERENCES OF OPINION AS TO ALL THREE ISSUES.

It is equally clear that there are "substantial grounds for a difference of opinion" as to whether suspension of prescription under the three theories advanced by plaintiff applies to the circumstances of this case.  For example, courts in other jurisdictions have expressly held that *American Pipe* does not apply to parties not named as defendants in the class action.  *See Arneil v. Ramsey*, 550 F.2d 774, 782 n. 10 (2d Cir.1977) (reversed on other grounds) (declining to extend the rule and noting that "nothing in *American Pipe* suggests that the statute be suspended from running in favor of a person not named as a defendant in the class suit.... A different conclusion would not comport with reason."); *Mott v. R.G. Dickinson & Co.*, 1993 WL 63445, at *5 (D.Kan. Feb. 24, 1993) ("[t]he *American Pipe* case, however, only applies to tolling the complaint for putative class members as to the same defendants. If this legal tolling applied to claims against defendants other than those named in the initial class complaint, it would violate the purpose of the limitations period.  The Court has stressed that a class complaint notifies the defendants of substantive claims being brought against them, and therefore, tolling the statute produces no unfair surprise.").

As for the issue of whether *contra non valentum* applies to cases where a plaintiff does not know the identity of a tortfeasor, the Order holds that it does.  However, a number of Louisiana courts have held differently.  *See Daigle v. McCarthy*, 444 F. Supp. 2d 705, 715-716 (W.D. La. 2006), affirmed 238 Fed.Appx. 1, 2007 WL 671913 (A defendant's "concealment of his identity by silence alone is not enough to toll the running of prescription" under Louisiana law; the defendant "must be guilty of some trick or contrivance tending to exclude suspicion and prevent the plaintiff from bringing his action," and there must be "reasonable diligence on the

5

part of the plaintiff to ascertain the identity of the party injuring him and the means of knowledge are the same in effect as knowledge itself"); *Bennett v. General Motors Corp.*, 420 So.2d 531, 537 (La. App. 2 Cir. 1982) ("[M]ere failure on part of plaintiff to ascertain whom to sue within year does not toll running of prescription. There must be reasonable diligence on part of plaintiff to ascertain identity of party injuring him, and means of knowledge are same in effect as knowledge itself"); *Dagenhart v. Robertson Truck Lines, Inc.* 230 So.2d 916 (La. App. 1970) ("[M]ere fact that plaintiffs, whose property near highway was damaged by defendant's truck tire, were unable to ascertain within a year who was the owner of the tire did not toll the running of prescription, and in absence of any conduct by owner of tire hindering efforts of plaintiffs, doctrine of *contra non valentem* was not applicable.").

Finally, with respect to the final question addressed in the Court's November 16 Order, no Louisiana courts have held that Article 2324 of the Louisiana Civil Code was meant to be applied to claims asserted by a putative class member who did not assert claims in his own name.

With regard to all three theories that underlie the Order, there are substantial grounds for differences of opinion that justify interlocutory review.

### C. IMMEDIATE APPELLATE REVIEW WILL PROMOTE JUDICIAL EFFICIENCY AND MATERIALLY ADVANCE THE RESOLUTION OF THIS MULTI-DISTRICT LITIGATION.

Interlocutory review of the Court's prescription Order also would materially advance this litigation against Shaw and the other, similarly situated contractor defendants. A "critical" consideration under §1292(b) is whether an interlocutory appeal would "have the potential for substantially accelerating the disposition of the litigation." *In re Duplan Corp.*, 591 F.2d 139, 148 n.11 (2d Cir. 1978) (internal citations omitted); *see also In re Virginal Elec. & Power Co.*,

6

539 F.2d 357, 364 (4th Cir. 1976) (§ 1292(b) appeal is appropriate where resolution of controlling question could prevent waste of "much time, expense and effort").

The same consideration applies with even greater force here. This MDL was established to address and resolve all common issues of law and fact pertinent to the claims of formaldehyde exposure in emergency housing units furnished in the wakes of Hurricanes Katrina and Rita. Because the contractor defendants are late-comers to the MDL, the prescription of claims against contractors is a pertinent issue in the vast majority of cases. In an MDL of this size and scope, with thousands of cases already pending on the docket and many others yet to be filed, the final resolution of a common legal issue that affects many of these cases will obviously avoid the expenditure of enormous judicial and party resources in discovery, motion practice and trials as the cases proceed. The time and expense of a single interlocutory appeal would be far less than continuing the labor-intensive process of working up cases, one-by-one, for trial, having each defendant file motions for summary judgment, having these motions either denied or plaintiffs' claims dismissed, and ultimately requiring an appeal in each case.

Thus, Shaw submits that "[f]or the sake of 'judicial economy and the interests of the parties in obtaining an overall conclusion of the proceedings,' an interlocutory appeal is appropriate." *Philibert v. Ethicon, Inc.*, 2004 WL 1922032, at *5 (E.D. La. 2004) (citation omitted). The Court is respectfully requested to enter an Order certifying its November 16, 2009 Order for immediate interlocutory appeal to the Fifth Circuit, pursuant to 28 U.S.C. § 1292(b).

**II.   CONCLUSION**

The Court should certify its Order for interlocutory review under 28 U.S.C. § 1292(b). The determination of (1) whether the doctrine set forth in *American Pipe and Construction Co. v.*

7

*Utah*, 414 U.S. 538 (1974) operates to suspend the prescription of claims against third parties who are not named as defendants in the putative class action; (2) whether a plaintiff's lack of knowledge of a tortfeasor's identity operates to interrupt prescription under the doctrine of *contra non valentum*; and (3) whether Article 2324 of the Louisiana Civil Code, which provides that interruption of prescription as to one joint tortfeasor is effective against all joint tortfeasors, can be combined with *American Pipe* tolling so as to affect putative class members who have not yet made claims in their own names, all involve purely legal questions.  Further, there exist substantial grounds for differences of opinion as to how to resolve these three controlling legal issues.  Finally, immediate appellate review of these issues would materially advance the ultimate termination of this litigation.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

  /s/ M. David Kurtz
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000

**ATTORNEYS FOR DEFENDANT,
SHAW ENVIRONMENTAL, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2009, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel.

                                            /s/ M. David Kurtz