**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | |
|---|---|
| **IN RE: FEMA TRAILER** | **MDL NO. 07-1873** |
| **FORMALDEHYDE** | |
| **PRODUCT LIABILITY LITIGATION** | **SECTION N-5** |
| | |
| | **JUDGE ENGELHARDT** |
| | **MAG. JUDGE CHASEZ** |

**THIS DOCUMENT IS RELATED TO:**

*Earline Castanel, et al. v. Recreation by Design, LLC, et al.*
**Case No. 09-3251 (E.D. La.)**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF DEFENDANT UNITED STATES**
**OF AMERICA'S MOTION TO DISMISS PLAINTIFF EARLINE CASTANEL'S**
**FTCA CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION**

**TABLE OF CONTENTS**

Table of Contents............................................................ i

Table of Authorities........................................................ ii

INTRODUCTION............................................................... 1

STATEMENT OF MATERIAL FACTS.......................................... 2

STANDARD OF REVIEW.................................................... 6

ARGUMENT................................................................ 10

      Ms. Castanel's FTCA Claims Are Barred By The FTCA Statute Of Limitations
      Because Her Claim Accrued On Or Before April 2006 And She Presented Her
      Claim To FEMA On August 7, 2008, Well Beyond The Two-Year Limitation.. . . . 10

CONCLUSION............................................................... 16

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Albertson v. T.J. Stevenson & Co., Inc.*,
    749 F.2d 223 (5th Cir. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

*Bailes v. United States*,
    988 F.2d 1209, 1993 WL 82030 (5th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Bailey v. United States*,
    642 F.3d 344 (9th Cir. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Beech v. United States*,
    345 F.2d 872 (5th Cir. 1965). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Bellecourt v. United States*,
    994 F.2d 427 (8th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Childers v. United States*,
    442 F.2d 1299 (5th Cir. 1971). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Crack v. United States*,
    694 F.Supp. 1244 (E.D. Va. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*FDIC v. Meyer*,
    510 U.S. 471 (1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Gaar v. Quirk*,
    86 F.3d 451 (5th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Harrison v. United States*,
    708 F.2d 1023 (5th Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Houston v. U.S. Postal Service*,
    823 F.2d 896 (5th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Industrial Constr. Corp. v. U.S. Bureau of Reclamation*,
    15 F.3d 963 (10th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*,
    2009 WL 2599195 (E.D. La. Aug. 21, 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*John R. Sand & Gravel Co. v. United States,*
    552 U.S. 130 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Johnson v. United States,*
    460 F.3d 616 (5th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Johnston v. United States,*
    85 F.3d 217 (5th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Land v. Dollar,*
    330 U.S. 731 (1947). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*MacMillan v. United States,*
    46 F. 3d 377 (5th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*Marley v. United States,*
    567 F.3d 1030 (9th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Menchaca v. Chrysler Credit Corp.,*
    613 F.2d 507 (5th Cir. 1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Mortensen v. First Fed. Savings & Loan Ass'n.,*
    549 F.2d 884 (3d Cir. 1977). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Perez v. United States,*
    167 F.3d 913 (5th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Ramming v. United States,*
    281 F.3d 158 (5th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

*Reynolds v. United States,*
    748 F.2d 291 (5th Cir. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Richards v. United States,*
    369 U.S. 1 (1962). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Steel Co. v. Citizens for a Better Env't.,*
    523 U.S. 83 (1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*TRW, Inc. v. Andrews,*
    534 U.S. 19 (2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

iii

*United States ex rel. Reagan v. E. Tex. Med. Ctr. Reg'l Healthcare Sys.*,
    384 F.3d 168 (5th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Kubrick*,
    444 U.S. 111 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Williamson v. Tucker*,
    645 F.2d 404 (5th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## FEDERAL STATUTES

28 C.F.R. §14.2(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Fed. R. Civ. P. 12(b)(1) and 12(h)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8, 9

Fed. R. Civ. P. 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8, 9

Federal Tort Claims Act, 28 U.S.C. §§1346(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

28 U.S.C. § 2401(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

Tucker Act, 28 U.S.C. § 2501 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## INTRODUCTION

The United States of America ("United States") submits this memorandum in support of its Fed. R. Civ. P. 12(b)(1) and 12(h)(3), or alternatively 56(c),  motion to dismiss Plaintiff Earline Castanel's Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346(b)(1), 2671-80, claims for lack of subject matter jurisdiction.  Ms. Castanel's claims against the United States are barred because she failed to present her administrative claim to the Federal Emergency Management Agency ("FEMA") within the FTCA's two-year statute of limitations period.  28 U.S.C. § 2401(b).

Ms. Castanel moved into a FEMA issued trailer on or before March 11, 2006.  Exh. 1, Fact Sheet at 9; Exh. 2, Castanel Depo. at 22-23:6-23; 68:20-23.[1/]  Before moving into the trailer Ms. Castanel was not sick.  *Id.* at 68-70:24-12.  Within four to six weeks of moving into the trailer she began to experience breathing and sinus problems  – at deposition she testified that "[a]fter i was in there, that's when I started really having it bad, I couldn't breath[e]."  *Id.* at 41-42:7-1.  To breathe and relieve these symptoms, Ms. Castanel "would go stand by the door" or go outside the trailer.  *Id.* at 32-33:19-21.  According to Ms. Castanel within five to six weeks of moving into the trailer "everything got worse," *see id.* at 41-42:7-18, her eyes became puffy and itchy, she suffered headaches that hurt much more than a regular headache.  *Id.* at 36-38:16-24; 41-42:2-1.  Three months after moving into the trailer she began to suffer dry itchy skin, nausea,

---

[1/] It is unclear whether Ms. Castanel moved into the trailer in February 2006 or on March 11, 2006.  According to Ms. Castanel's Fact Sheet and deposition testimony she moved into the unit in February 2006, however, documents associated with a FEMA aid recipient moving into a trailer are signed and dated March 11, 2006.  *Compare* Exh. 1, Fact Sheet at 9; Exh. 2, Castanel Depo. at 22-23:6-23; 68:20-23, *with* Exh. 3, Emergency Shelter Agreement; Exh. 4, Inspection Report; and Exh. 5, Warning Notice.  FEMA received Ms. Castanel's administrative claim on August 7, 2008.  Exh. 6, Letter/ Federal Express Label.  For purposes of this motion, whether Ms. Castanel moved into the trailer in February 2006 or March 2006, is irrelevant because in either case her claim accrued more than two years before August 7, 2006, and thus, is time-barred.

1

abdominal pain, and diarrhea.  *Id*. at 35-36:22-15; 38-39:25-9.  Ms. Castanel testified:

> Q.     Did you enjoy your trailer?
>
> A.     It was all right.  But I was sick and I know that.  After I was in there a while it wasn't like I thought it would have been.
>
> Q.     And after you were in there a while you thought that the trailer was making you sick?
>
> A.     There was nothing else I see could be making me sick, there was nothing else. Like I said, I don't drink, I don't smoke, and I don't run the streets, so I don't see nothing else could make me sick.
>
> Q.     And you got sick within four or five or six weeks of moving in that trailer.
>
> A.     Yeah.  Because I started feeling bad, you know, so that's it.

*Id*. at 111-12:23-13.  Ms. Castanel related her concerns about health problems and the trailer to

her neighbor, Ms. Robert, and one of her daughters.  *Id*. at 53:2-21.

On August 7, 2008, more than two years after Ms. Castanel first presented with

symptoms or injuries that she alleges were caused by the trailer, FEMA received from her

counsel an administrative tort claim seeking $106,500 in property damage and personal injuries

allegedly caused by exposure to formaldehyde in the trailer.  Exh. 6, Letter/Fed. Exp. Label; Exh.

7, Administrative Claim.  Accordingly, this Court lacks jurisdiction over Ms. Castanel's FTCA

claim because it is barred by the FTCA two-year statute of limitations.  28 U.S.C. § 2401(a); *see*

*also In re FEMA Trailer Formaldehyde Prod. Liab. Litig.,* 2009 WL 2599195 (E.D. La. Aug. 21,

2009).

## STATEMENT OF MATERIAL FACTS

1.      On or before March 11, 2006, Ms. Castanel moved into a FEMA issued travel

trailer manufactured by Recreation by Design.  Exh. 1, Fact Sheet at 9; Exh. 2, Castanel Depo. at

22-23:6-23; 68:20-23; Exh. 3, Emergency Shelter Agreement; Exh. 4, Housing Inspection Report; Exh. 5, Shaw Notice.  The travel trailer was installed at 2261 Urquhart Street, New Orleans, Louisiana.  Exh. 1, Fact Sheet at 9.  In March 2007, Ms. Castanel vacated the unit.  Exh. 1, Fact Sheet 9; Exh. 2, Castanel Depo. at 22-23:6-23.

      2.      Ms. Castanel asserts that in March 2006, as a result of living in the trailer and being exposed to formaldehyde, she suffered irritation and burning of the eye; irritation to nasal membrane; irritation, itching, rashes, and drying or scaling of her skin; irritation or swelling of eyelids or eye area; tingling or swelling of lips or face area; headaches; nausea, abdominal pain and diarrhea; difficulty breathing, shortness of breath, and tightness of the chest; throat irritation and hoarseness; worsening of allergies; and dizziness.  Exh. 1, Fact Sheet at 3-5.

      3.      Before moving into the trailer Ms. Castanel was not sick.  Exh. 2, Castanel Depo. at 68-70:24-12.  Within four to six weeks of moving into the trailer she began to experience breathing and sinus problems  – at deposition she testified that "[a]fter I was in there, that's when I started really having it bad, I couldn't breath." *Id*. at 41-42:7-1.  To breath and relieve these symptoms, Ms. Castanel "would go stand by the door" or go outside the trailer. *Id*. at 32-33:19-21.  According to Ms. Castanel within five to six weeks of moving into the trailer "everything got worse," *see id.* at 41-42:7-18, her eyes became puffy and itchy, she suffered headaches that hurt much more than a regular headache. *Id*. at 36-38:16-24; 41-42:2-1.  Three months after moving into the trailer she began to suffer dry itchy skin, nausea, abdominal pain, and diarrhea. *Id*. at 35-36:22-15; 38-39:25-9.

      4.      Ms. Castanel attributes the injuries she suffered to the trailer.  Ms. Castanel testified that:

3

Q.     So your best recollection as you sit here stays the same, you moved in, best estimate was February of 2006?

A.     Yeah.

Q.     Just to make it very clear, within five to six weeks of moving in you started suffering these symptoms, sinus problems, itching, dry itching skin, generally not feeling good; is that right?

A.     Yes.

Q.     Prior to moving into the trailer you weren't experiencing those symptoms or those problems?

A.     No.

Q.     You didn't have those problems before?

A.     No.  I had a -- I used to have my nose stop up a little bit but nothing like I had it in there.

Q.     It was different and it was much worse.

A.     Yes, it was much worse.

Q.     It was different than what you'd experienced before and it was worse than you experienced before?

A.     Yes.

Q.     And that happened within five or six weeks of moving in the trailer.

A.     Yes.

Q.     And you had discussions with your neighbor and your daughter about these problems?

A.     Yes.

Q.     And I think you also indicated that you mentioned it to your doctor; is that right?

A.     Yes.

4

Q.      And did these problems go away after you moved back into your house?

A.      I might have a -- well, I'll say yes, because I don't have that anymore.

Q.      So these were problems that you had because you attributed because of the trailer?

A.      Yeah.

Exh. 2, Castanel Depo. at 68-70:20-12.  Ms. Castanel further testified:

Q.      . . . you recalled Harry telling you when he gave you the keys was he said to enjoy your travel trailer.

A.      No.  Enjoy my trailer.

Q.      Enjoy your trailer.

A.      Yeah.

Q.      Did you enjoy your trailer?

A.      It was all right.  But I was sick and I know that.  After I was in there a while it wasn't like I thought it would have been.

Q.      And after you were in there a while you thought that the trailer was making you sick?

A.      There was nothing else I see could be making me sick, there was nothing else. Like I said, I don't drink, I don't smoke, and I don't run the streets, so I don't see nothing else could make me sick.

Q.      And you got sick within four or five or six weeks of moving in that trailer?

A.      Yeah.  Because I started feeling bad, you know, so that's it.

*Id.* at 111-12:17-13.

5.      On August 7, 2008, FEMA received from Ms. Castanel's attorney an

administrative claim that he had issued on her behalf seeking $6,500 in property damage and

$100,000 for personal injuries. Exh. 6, August 6, 2008, Cover Letter/Federal Express Label; Exh.

5

7, Administrative Claim.

## STANDARD OF REVIEW

The Federal Government is immune from suit absent a waiver of its sovereign immunity. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The FTCA "was designed primarily to remove the sovereign immunity of the United States from suits in tort and . . . to render the Government liable in tort as a private individual would be under like circumstances." *Richards v. United States*, 369 U.S. 1, 6 (1962). The United States' waiver of sovereign immunity, however, is conditioned on limitations and exceptions, including certain time restrictions on filing claims against the Government. *See United States v. Kubrick*, 444 U.S. 111, 117-18 (1979).

Tort suits against the United States must be brought in strict compliance with the FTCA's limitations provisions. *See Reynolds v. United States*, 748 F.2d 291, 292-93 (5th Cir. 1984); *see also Childers v. United States*, 442 F.2d 1299, 1303 (5th Cir. 1971) (stating that suits under the FTCA must be brought in exact compliance with the terms of the Government's consent to waive sovereign immunity). A jurisdictional prerequisite to filing suit under the FTCA is the filing of a timely administrative claim with the appropriate federal agency. Although statutes of limitation are normally affirmative defenses, under the FTCA the time limitation is categorized as jurisdictional, meaning that a plaintiff's failure to comply deprives a federal court of subject matter jurisdiction over his claims. *See Houston v. U.S. Postal Service*, 823 F.2d 896, 902 (5th Cir. 1987); *see also Ramming v. United States*, 281 F.3d 158, 165 (5th Cir. 2001) (limitations periods in statutes waiving sovereign immunity are jurisdictional); *Marley v. United States*, 567 F.3d 1030, 1035-36 (9th Cir. 2009) (holding that the FTCA's statute of limitations is jurisdictional); *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.,* 2009 WL 2599195 at *1

6

n.1 ("this Court assumes [that the FTCA's statute of limitations] is jurisdictional, and as such, determines this issue now as a threshold issue ripe for decision, before reaching the merits).[2/]

Because the FTCA's statute of limitations is jurisdictional, courts must avoid extending it beyond the limited waiver intended by Congress. *Kubrick,* 444 U.S. at 117-18. Further, the purpose of the FTCA's statute of limitations "is to require the reasonably diligent presentation of tort claims against the government." *Id.* at 123. Accordingly, this Court has previously recognized that the FTCA's statute of limitations should be strictly construed "so as to avoid extending the FTCA beyond the limited waiver that Congress intended and so as to encourage the prompt presentation of claims against the Government." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.,* 2009 WL 2599195 at *3.

The Court should resolve whether Ms. Castanel filed a timely administrative claim pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3), which govern challenges to a court's subject matter jurisdiction. The Court can consider the factual materials that the United States has submitted in support of this motion, including the deposition testimony of Ms. Castanel, without converting the motion into a motion for summary judgment. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980); *see also Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947) (stating that on a motion to dismiss for lack of jurisdiction, a court "may inquire by affidavits or otherwise, into the facts as they exist"). Moreover, such jurisdictional issues, whether they

---

[2/]   The Fifth Circuit noted in *Perez v. United States,* 167 F.3d 913, 915-16 (5th Cir. 1999), that the jurisdictional nature of 28 U.S.C. §2401(b) was an open question due to the possible application of equitable tolling to the FTCA's statute of limitations. Since *Perez,* however, the Supreme Court's decision in *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 132-34 (2008) – holding that a similar limitations provision in the Tucker Act, 28 U.S.C. §2501, was jurisdictional – likely conclusively answers the question regarding the jurisdictional nature of the FTCA's limitations provision. *See Marley*, 567 F.3d 1030, 1034-37 (9th Cir. 2009); *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.,* 2009 WL 2599195 at *3 (noting that "the FTCA's statute of limitations is jurisdictional; thus, it is not subject to equitable tolling").

involve questions of law or fact, are for the court to decide.  The standard for a factual motion to

dismiss for lack of subject matter jurisdiction is different than the standard for a summary

judgment motion under Rule 56 or the standard for a motion to dismiss under Rule 12(b)(6).

Thus,

> the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56.
> Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its
> very power to hear the case – there is substantial authority that the trial court is
> free to weigh the evidence and satisfy itself as to the existence of its power to hear
> the case.  In short, no presumptive truthfulness attaches to plaintiff's allegations,
> and the existence of disputed material facts will not preclude the trial court from
> evaluating for itself the merits of jurisdictional claims.

*Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981) (quoting *Mortensen v. First Fed.*

*Savings & Loan Ass'n.*, 549 F.2d 884, 891 (3d Cir. 1977)).[3/]

Jurisdiction is a threshold issue and the separation of powers doctrine requires a federal

court to determine whether it has jurisdiction before reaching the merits of a case.  *See Steel Co.*

*v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) ("[t]he requirement that jurisdiction be

established as a threshold matter 'spring[s] from the nature and limits of judicial power of the

United States' and is 'inflexible and without exception'") (quoting *Mansfield, C. & L. M. Ry. Co.*

*v. Swan*, 111 U.S. 379, 382 (1884)).  The Supreme Court has explained that "'[w]ithout

jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law,

and when it ceases to exist, the only function remaining to the court is that of announcing the fact

---

[3/]  Courts, including this Court, have converted Fed. R. Civ. P. 12(b)(1) motions to dismiss into Fed. R. Civ.
P. 56 motions for summary judgment when resolution of the jurisdictional question was inextricably intertwined with
the merits of the case and materials outside of the pleadings have been submitted.  *See United States ex rel. Reagan
v. E. Tex. Med. Ctr. Reg'l Healthcare Sys.*, 384 F.3d 168, 173 (5th Cir. 2004); *see also* Order and Reasons at 6-9
(Doc. Rec. 717).   However, as this Court has previously recognized, resolution of whether an FTCA claim is barred
by statute of limitations is not intertwined with the substantive determination of the United States' negligence.  *See In
re FEMA Trailer Formaldehyde Prod. Liab. Litig.,* 2009 WL 2599195; Order and Reasons at 2-3 (Doc. Rec. 2323).

and dismissing the cause.'" *Steel Co.,* 523 U.S. at 94 (citation omitted).  Thus, the Court should

resolve jurisdictional issues of fact on the motion to dismiss, rather than apply a summary

judgment standard and reserve ruling until after trial.

 Additionally, because Ms. Castanel is invoking this Court's jurisdiction, she must

establish compliance with the FTCA's administrative claim requirement and statute of

limitations; and mere "conclusory statements" regarding jurisdiction do not suffice.  *See Gaar v.*

*Quirk*, 86 F.3d 451, 453 (5th Cir. 1996).  In the context of the FTCA's statute of limitations, the

Fifth Circuit has specifically stated that "[t]he burden of proof for a Rule 12(b)(1) motion to

dismiss is on the party asserting jurisdiction."  *Ramming*, 281 F.3d at 161.

## ARGUMENT

**Ms. Castanel's FTCA Claims Are Barred By The FTCA Statute Of Limitations Because Her Claim Accrued On Or Before April 2006 And She Presented Her Claim To FEMA On August 7, 2008, Well Beyond The Two-Year Limitation Period.**

 Ms. Castanel's FTCA claims are barred by the FTCA statute of limitations because her

claim accrued on or before April 2006, and she presented her claim to FEMA on August 7, 2008,

well beyond the two-year limitation period.  The FTCA bars a tort action against the federal

government unless the claim is presented to the appropriate federal agency "within two years

after such claim accrues."  *Kubrick*, 444 U.S. at 113 (citing 28 U.S.C. § 2401(b)).

 The issue in the seminal FTCA statute of limitations case, *United States v. Kubrick,* was

whether a claim in a medical malpractice case could accrue even if the plaintiff was unaware that

his injury was the result of government negligence.  444 U.S. at 118-19.  Recognizing the

"general rule" of accrual for FTCA actions that "a tort claim accrues at the time of the plaintiff's

injury," *id.* at 120, the *Kubrick* Court held that a claim will accrue even if the plaintiff does not

know, or have reason to know, that the injury was negligently inflicted.  *See id.* at 118-25.  With respect to any discovery rule, the Court "observed (without endorsement) that several Courts of Appeals had substituted [an] injury-discovery [rule] for the traditional rule [of accrual] in medical malpractice actions under the [FTCA]."  *See TRW, Inc. v. Andrews*, 534 U.S. 19, 37 n.2 (2001) (Scalia, J., concurring).  In *Johnson v. United States*, 460 F.3d 616 (5th Cir. 2006), the Fifth Circuit stated:

> For FTCA medical malpractice cases . . . *Kubrick* adopted a "discovery rule" for claim accrual, under which the time starts to run when the plaintiff has the information necessary to discover "both his injury and its cause." [444 U.S. at 120].  This is because, where "the injury or its cause may not be manifested to the plaintiff until many years after the event," the tort action should not accrue, for statute of limitations purposes, "until the plaintiff is put on notice of the wrong."

*Id.* at 621 (quoting *Waits v. United States*, 611 F.2d 550, 552 (5th Cir. 1980)).  *See also Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983) (applying discovery rule to FTCA medical malpractice case).

Even applying a discovery rule of accrual, Ms. Castanel's claim accrued no later than the end of April 2006, when she was aware of numerous symptoms and that there was a relationship between those symptoms and the travel trailer.  Ms. Castanel moved into the trailer on or before March 11, 2006.  Ms. Castanel's Fact Sheets state that her injuries first occurred in March 2006.  Exh. 1, Fact Sheet at 4.  Ms. Castanel claims that as a result of living in the trailer she experienced irritation, burning, and tearing of eyes; irritation, burning, and bleeding of nasal membranes; irritation, burning, rashes, drying of skin; scaling or itching of the skin; irritation or swelling of the eyelids or eye area; tingling or swelling of lips or face; headaches; nausea, diarrhea, and abdominal pain; difficulty breathing; wheezing; shortness of breath; persistent

cough; tightness of the chest; bronchitis; throat irritations; hoarseness; larynngitis; pneumonia; upper respiratory tract infections; asthma; worsening of allergies; dizziness; hypothermia; and abnormal blood tests. *Id*. at 3-4.  Review of Ms. Castanel's Fact Sheet and testimony show that her alleged injury from formaldehyde exposure in the travel occurred no later then the end of April 2006, four to six weeks after she moved into the trailer, and that she attributed those injuries to the trailer.  Exh. 1, Fact Sheet at 4; Exh. 2, Castanel Depo. at 32-33:19-21; 35-38:15-2; 41-42:2-1; 68-71:20-16; 111-12:17-13.  Thus, Ms. Castanel had the information necessary to determine the critical facts to justify and initiate an investigation into the cause of her injury no later than the end of April 2006, but nevertheless failed to present her claim to FEMA until August 7, 2008, well beyond the FTCA two-year statute of limitations.  28 U.S.C. §2401(b).[4]

Any argument that Ms. Castanel was unaware of the full extent of her alleged injuries or their precise cause will not delay the accrual of her claim.  Even under a discovery rule of accrual, the plaintiff need not know the full extent of the injuries for the claim to accrue.  In *Albertson v. T.J. Stevenson & Co., Inc.*, 749 F.2d 223, 229 (5th Cir. 1984), the Fifth Circuit, applying the discovery rule to a Jones Act claim, held that the statute of limitations accrues when any injury is discernable.  "If the plaintiff later discovers that his injuries are more serious than

---

[4] Ms. Castanel's counsel issued her administrative claim on August 6, 2008, and FEMA received the claim on August 7, 2008.  Exh. 6, Letter/Federal Express Label; Exh. 7, Administrative Claim.  The date FEMA receives the administrative claim is the operative date for FTCA statute of limitations purposes.  The Attorney General's regulations governing tort claims state that "a claim shall be deemed to have been presented when a Federal agency **receives** from a claimant . . . written notification of an incident . . . ."  28 C.F.R. §14.2(a) (emphasis added).  These regulations further provide that "[a] claim shall be presented as required by [the FTCA] as of the date it is **received** by the appropriate agency."  28 C.F.R. §14.2(b)(1) (emphasis added).  In *Bailes v. United States*, 988 F.2d 1209, 1993 WL 82030 (5th Cir. 1993), the Fifth Circuit affirmed the dismissal of an FTCA claim because the plaintiff failed to establish that the appropriate federal agency received his claim.  *See also Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993) (affirming decision that court lacked jurisdiction because plaintiff failed to establish actual presentment to federal agency); *Bailey v. United States*, 642 F.3d 344, 347 (9th Cir. 1981) (affirming dismissal of tort claim where attorneys failed to ensure that plaintiffs' administrative claim was timely presented to federal agency); *Crack v. United States*, 694 F.Supp. 1244, 1247-48 (E.D. Va. 1988) (same).

originally thought, his cause of action nevertheless accrues on the earlier date, the date he

realized that he had sustained harm." *Id.*  Consequently, the court held that a plaintiff's claim

accrued when he first experienced symptoms, including headaches and nausea, related to a toxic

exposure, not when more severe injuries to his brain, liver and skin developed.  *Id.* at 229-33.

Here, Ms. Castanel has plainly testified that her alleged injuries occurred within weeks of moving

into the trailer.   Exh. 2, Castanel Depo. at 32-33:19-21; 35-38:15-2; 41-42:2-1; 68-71:20-16;

111-12:17-13.

  Likewise in *Beech v. United States*, 345 F.2d 872, 874 (5th Cir. 1965), the Fifth Circuit

held that an FTCA claim accrued at the time the immediate, though lesser, effects of a tort were

manifest, even though the plaintiff did not realize the seriousness of her injuries until a much

later time.  The *Beech* court stated that the two-year statute of limitations begins to run when

"some damage is discernable," even though the "ultimate damage is unknown or unpredictable."

*Id.  See also Industrial Constr. Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 967 (10th Cir.

1994) (stating "[a] plaintiff need not know the full extent of his injuries before the [FTCA]

statute of limitations begins to run"); *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.,* 2009

WL 2599195 at *3 (stating that "because accrual for the FTCA's statute of limitations hinges on

notice, it is unnecessary for the plaintiff to be aware, or have suffered, the full extent of his

injuries for the limitations period to begin to run").

  The crux of the FTCA's accrual standard is that once there is sufficient information that

would lead a reasonable person to inquire further into the facts to ascertain whether there is a

cause of action, that person then has two years to determine whether to file an administrative

claim.  At that point, the putative plaintiff need only ask competent lawyers and experts whether

he has a cause of action against the government, given the known facts. *Kubrick*, 444 U.S. at 120; *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 2009 WL 2599195 at *3.

For example, in *MacMillan v. United States*, 46 F. 3d 377 (5th Cir. 1995), the Fifth Circuit held that a plaintiff need not know of the precise causal connection between the child's injuries and the delivery of a child to proceed on a malpractice claim. *Id.* at 381.  The Court found that a report, noting that plaintiff had likely suffered "anoxia at birth" and resulting neurological damage, provided "facts sufficient to compel a reasonable person to seek professional advice regarding [plaintiff's] neurological difficulties and the connection, if any, to the problems associated with her birth." *Id.*  Though the plaintiff did not know the precise cause of the injury, her knowledge about a potential cause was sufficient to start the statute of limitations. *Id. See also Johnson*, 460 F.3d at 622 (analyzing *MacMillan* and holding that knowing about a potential cause or facts that would lead a reasonable person to inquire into causation was sufficient to begin the FTCA's statute of limitations).

This Court's Order and Ruling in *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 2009 WL 2599195, is directly on point.  In dismissing Chris Cooper's FTCA claim the Court ruled that his claim accrued when his mother first associated his symptoms with the trailer, even though at the time she was unaware that there was formaldehyde in the trailer.  This Court explained:  "[e]ven though Alexander did not immediately know of the exact cause of her and Cooper's physical symptoms, she was aware that they either began (in the case of the burning sensation in the nose, sneezing, and itchy eyes) or worsened (in the case of Cooper's asthma) when they initially took up residence in the EHU." *Id.* at *3.  This Court concluded that "this was sufficient information regarding injury and causation that would lead a reasonable person to

inquire further in the facts to determine the specific cause of the injury."  *Id.*

Here, Ms. Castanel's Fact Sheets and her testimony demonstrate that her claim accrued no later then the end of April 2006.  As she explained at her deposition, inside the trailer she "couldn't breath[e]", *see* Exh. 2, Castanel Depo. at 41-42:2-9, and to relieve those symptoms had to stand by the door or go outside the trailer.  *Id.* at 32-33:19-21.  Prior to moving into the trial Ms. Castanel did not have this problem, and she discussed this problem she was having with her trailer with the both her neighbor Ms. Robert and  her daughter.  *Id.* at 53:2-21.  Ms. Castanel was clearly aware of the onset of new physical symptoms shortly after moving into the trailer, and this knowledge is sufficient to commence the limitations period even if Ms. Castanel was unaware of the precise causal agent.  *See In re FEMA Trailer Formaldehyde Prod. Liab. Litig.* 2009 WL 2599195 at *3. Thus, because Ms. Castanel failed to present her claim to FEMA until August 7, 2008, which was well beyond  the FTCA two-year limitation period, this Court must dismiss his claim for lack of subject matter jurisdiction.  28 U.S.C. § 2401(b).

14

## CONCLUSION

For all of the foregoing reasons, the Court should grant the United States' Motion and

dismiss Ms. Castanel's FTCA claims for lack of subject matter jurisdiction.

Dated:  December 7, 2009.                           Respectfully Submitted,

TONY WEST                                           ADAM BAIN
Assistant Attorney General, Civil Division          Senior Trial Counsel

J. PATRICK GLYNN                                    MICHELLE BOYLE
Director, Torts Branch, Civil Division              ADAM DINNELL
                                                    MICHELE GREIF
DAVID S. FISHBACK                                   JONATHAN WALDRON
Assistant Director                                  Trial Attorneys

OF COUNSEL:                                         //S// Henry T. Miller
                                                    HENRY T. MILLER (D.C. Bar No. 411885)
JORDAN FRIED                                        Senior Trial Counsel
Associate Chief Counsel                             United States Department of Justice
                                                    Civil Division – Torts Branch
JANICE WILLIAMS-JONES                               P.O. Box 340, Ben Franklin Station
Senior Trial Attorney                               Washington, D.C. 20004
Federal Emergency Management Agency                 Telephone No:  (202) 616-4223
Department of Homeland Security                     E-mail:  Henry.Miller@USDOJ.Gov
Washington, D.C. 20472
                                                    Attorneys for the United States of America

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2009, the foregoing document was filed via the U.S.
District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison
Counsel.

                                        //S// Henry T. Miller
                                        HENRY T. MILLER (D.C. Bar No. 411885)