UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION N-5<br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

THIS DOCUMENT IS RELATED TO:

*Earline Castanel, et. al. v. Recreation by Design, LLC, et. al.*
Case No. 09-3251 (E.D. La.)

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**DEFENDANT UNITED STATES OF AMERICA'S STATEMENT OF FACTS
IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF EARLINE CASTANEL'S
FTCA CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendant the United States of America ("United States") hereby submits this statement of facts in support of its Fed. R. Civ. P. 12(b)(1) and 12(h)(3), or alternatively, Fed. R. Civ. P. 56(b), motion to dismiss plaintiff Earline Castanel's Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346(b)(1), 2671-80, claims for lack of subject matter jurisdiction.

**STATEMENT OF FACTS**

1.  On or before March 11, 2006, Ms. Castanel moved into a FEMA issued travel trailer manufactured by Recreation by Design.  Exh. 1, Fact Sheet at 9; Exh. 2, Castanel Depo. at 22-23:6-23; 68:20-23; Exh. 3, Emergency Shelter Agreement; Exh. 4, Housing Inspection Report; Exh. 5, Shaw Notice.  The travel trailer was installed at 2261 Urquhart Street, New Orleans, Louisiana.  Exh. 1, Fact Sheet at 9.  In March 2007, Ms. Castanel vacated the unit.  Exh. 1, Fact Sheet 9; Exh. 2, Castanel Depo. at 22-23:6-23.

2.  Ms. Castanel asserts that in March 2006, as a result of living in the trailer and


being exposed to formaldehyde, she suffered irritation and burning of the eye; irritation to nasal membrane; irritation, itching, rashes, and drying or scaling of her skin; irritation or swelling of eyelids or eye area; tingling or swelling of lips or face area; headaches; nausea, abdominal pain and diarrhea; difficulty breathing, shortness of breath, and tightness of the chest; throat irritation and hoarseness; worsening of allergies; and dizziness. Exh. 1, Fact Sheet at 3-5.

      3.      Before moving into the trailer Ms. Castanel was not sick. Exh. 2, Castanel Depo. at 68-70:24-12. Within four to six weeks of moving into the trailer she began to experience breathing and sinus problems – at deposition she testified that "[a]fter I was in there, that's when I started really having it bad, I couldn't breath." *Id*. at 41-42:7-1. To breath and relieve these symptoms, Ms. Castanel "would go stand by the door" or go outside the trailer. *Id*. at 32-33:19-21. According to Ms. Castanel within five to six weeks of moving into the trailer "everything got worse," *see id.* at 41-42:7-18, her eyes became puffy and itchy, she suffered headaches that hurt much more than a regular headache. *Id*. at 36-38:16-24; 41-42:2-1. Three months after moving into the trailer she began to suffer dry itchy skin, nausea, abdominal pain, and diarrhea. *Id*. at 35-36:22-15; 38-39:25-9.

      4.      Ms. Castanel attributes the injuries she suffered to the trailer. Ms. Castanel testified that:

> Q.    So your best recollection as you sit here stays the same, you moved in, best estimate was February of 2006?
>
> A.    Yeah.
>
> Q.    Just to make it very clear, within five to six weeks of moving in you started suffering these symptoms, sinus problems, itching, dry itching skin, generally not feeling good; is that right?
>
> A.    Yes.

Q. Prior to moving into the trailer you weren't experiencing those symptoms or those problems?

A. No.

Q. You didn't have those problems before?

A. No. I had a -- I used to have my nose stop up a little bit but nothing like I had it in there.

Q. It was different and it was much worse.

A. Yes, it was much worse.

Q. It was different than what you'd experienced before and it was worse than you experienced before?

A. Yes.

Q. And that happened within five or six weeks of moving in the trailer.

A. Yes.

Q. And you had discussions with your neighbor and your daughter about these problems?

A. Yes.

Q. And I think you also indicated that you mentioned it to your doctor; is that right?

A. Yes.

Q. And did these problems go away after you moved back into your house?

A. I might have a -- well, I'll say yes, because I don't have that anymore.

Q. So these were problems that you had because you attributed because of the trailer?

A. Yeah.

Q. And at no time did you complain to FEMA or the maintenance contractor about these problems?

A. No. I mean, when the guy came and fixed that I told him I wasn't feeling good,

3

> but I don't know who he was or nothing. You know, when they come in and say, good evening, how you doing, I'd just say, well, I'm not doing too well, that's all.
>
> Q. But you never called up FEMA and said hey, I need for you to replace this trailer or put me someplace else?
>
> A. No.
>
> Q. And the complaints that you called up about were the air conditioning several times, the screen door that needed to be repaired, and some wire thing that was running around that had to be repaired; and in each of those occasions within 2, 3, 4, 5, 6 or 7 days someone came out and fixed it; is that correct?
>
> A. Yeah.
>
> Q. And when you were in this trailer, if the air conditioning wasn't working and it was warm you would open the windows.
>
> A. Yeah.
>
> Q. And if it was warm out and the air conditioner was working you'd run the air conditioning?
>
> A. Yes.

Exh. 2, Castanel Depo. at 68-71:20-16. Ms. Castanel further testified:

> Q. . . . you recalled Harry telling you when he gave you the keys was he said to enjoy your travel trailer.
>
> A. No. Enjoy my trailer.
>
> Q. Enjoy your trailer.
>
> A. Yeah.
>
> Q. Did you enjoy your trailer?
>
> A. It was all right. But I was sick and I know that. After I was in there a while it wasn't like I thought it would have been.
>
> Q. And after you were in there a while you thought that the trailer was making you sick?

4

> A. There was nothing else I see could be making me sick, there was nothing else. Like I said, I don't drink, I don't smoke, and I don't run the streets, so I don't see nothing else could make me sick.
>
> Q. And you got sick within four or five or six weeks of moving in that trailer.
>
> A. Yeah. Because I started feeling bad, you know, so that's it.

*Id*. at 111-12:17-13.

     5.    On August 7, 2008, FEMA received from Ms. Castanel's attorney an administrative claim that he had issued on her behalf seeking $6,500 in property damage and $100,000 for personal injuries. Exh. 6, August 6, 2008, Cover Letter/Federal Express Label; Exh. 7, Administrative Claim.

Dated: December 7, 2009.                                              Respectfully Submitted,

TONY WEST                                                             ADAM BAIN
Assistant Attorney General, Civil Division                            Senior Trial Counsel

J. PATRICK GLYNN                                                      MICHELLE BOYLE
Director, Torts Branch, Civil Division                                ADAM DINNELL
                                                                      MICHELE GREIF
DAVID S. FISHBACK                                                     JONATHAN WALDRON
Assistant Director                                                    Trial Attorneys

OF COUNSEL:                                                           //S// *Henry T. Miller*
                                                                      HENRY T. MILLER (D.C. Bar No. 411885)
JORDAN FRIED                                                          Senior Trial Counsel
Associate Chief Counsel                                               United States Department of Justice
                                                                      Civil Division – Torts Branch
JANICE WILLIAMS-JONES                                                 P.O. Box 340, Ben Franklin Station
Senior Trial Attorney                                                 Washington, D.C. 20004
Federal Emergency Management Agency                                   Telephone No: (202) 616-4223
Department of Homeland Security                                       E-mail: Henry.Miller@USDOJ.Gov
Washington, D.C. 20472

                                                                                   Attorneys for the United States of America

## CERTIFICATE OF SERVICE

      I hereby certify that on December 7, 2009, the foregoing document was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison Counsel.

                                          *//S// Henry T. Miller*
                                          HENRY T. MILLER (D.C. Bar No. 411885)