UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 2:07-MD-1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY | * | SECTION: N(4) |
| LITIGATION | * | |
| | * | JUDGE: ENGELHARDT |
| THIS DOCUMENT RELATES TO: | * | |
| *ALL CASES* | * | MAGISTRATE JUDGE: CHASEZ |
| | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### FIRST SUPPLEMENTAL UNIVERSAL LIST OF DEFENSES AND MOTIONS TO BE PRESERVED ON BEHALF OF HEARTLAND RECREATIONAL VEHICLES, L.L.C.

Pursuant to Pretrial Order No. 44 (Rec. Doc. No. 2759), specifically authorizing the defendants the right to amend their respective preservation lists, defendant Heartland Recreational Vehicles, L.L.C., ("Heartland" or "Defendant"), submits the following supplemental list of defenses and motions to be preserved in all of the suits currently pending in this MDL litigation and those that may be filed into this MDL litigation in the future.

Heartland lists the following additional motions to be preserved:

(49)    Rule 12(b)(2) Plaintiff has failed to establish that this Court has personal jurisdiction over Heartland;

(50)    Rule 12(b)(6) Failure to state a claim upon which relief can be granted because plaintiff was given adequate warnings;

(51)    Rule 12(b)(7) Failure to join a necessary and indispensable party – (A) the suppliers of the materials used in construction of the product have not been added as parties; there are contractual indemnification provisions between certain defendants and the companies that

contracted with defendant for manufacture of such homes; and (B) the manufactures of the furniture or other FEMA mandated furnishings which contain formaldehyde;

(52) Rule 56 Motions for Summary Judgment regarding issues for which Heartland is entitled to a judgment as a matter of law;

(53) Rule 26 Motions for Protective Order;

(54) Rule 26 Motions to Compel;

(55) Fed. R. Evid. 702 Any and all applicable Daubert motions regarding expert witnesses whose testimony and opinions should be barred by Rule 702;

(56) Any and all applicable Motions in Limine regarding inadmissible evidence.

In addition, Heartland asserts and preserves the following additional affirmative defenses:

Affirmative Defense 13: Heartland is entitled to the Government Contractor Immunity defense.

Affirmative Defense 14: Heartland pleads to the extent applicable all defenses allowed under the La. Health Emergency Powers Act, La. R.S. 29:771, and/or other Louisiana Law.

Affirmative Defense 15: Heartland specifically denies the existence of any defect or defects that would render its product unreasonably dangerous under the Louisiana Products Liability Act, the limited warranty, and/or any other applicable law, contract or standard.

Affirmative Defense 16: Heartland reasserts as affirmative defenses the defense raised in the Manufacturing Defendants' Joint Rule 12(b)(6) Motion to dismiss (Rec. Doc. 210), and incorporates the Court's Order and Reasons (Rec. Doc,. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motion to Dismiss, respectively, as if plead herein, *in extenso*, and asserts that all claims contrary to the orders are precluded.

Affirmative Defense 17: Further, in the alternative, all damages complained of resulted solely or substantially from the negligence, fault or comparative fault of third parties for whom Heartland is not responsible.

Affirmative Defense 18:  Solely in the alternative, in the event that this Court determines that there was any defect in the travel trailer, which is specifically denied, said defect was apparent and obvious and could be easily avoided or remedied, precluding any recovery by plaintiff.

Affirmative Defense 19:  All of the claims against Heartland are preempted or otherwise precluded by the statutes, standards, regulations and rules promulgate by the Federal Government and/or HUD, and/or FEMA, and/or the plaintiff's lease agreement with FEMA.

Affirmative Defense 20:  Claims against Heartland are, or may be, barred in whole or in part by the doctrine of release.

Affirmative Defense 21:  Any express warranty obligations that may be owed by Heartland are strictly limited by the terms of the limited warranty, including all of its limitations and exclusions, which are pleaded herein, as if copied *in extenso*.

Affirmative Defense 22:  Heartland specifically pleads to the extent applicable, all defenses allowed under the Louisiana Products Liability act, LSA –RS 9:2800.51 et. seq., and/ or other Louisiana Law.

Affirmative Defense 23:  In the event that discovery reveals the following, Heartland specifically pleads that the injures sued upon herein occurred only and solely by virtue of the failure of the user/handler of the product to properly and adequately maintain, service and/or inspect said product in accordance with the Owner's Manual and/or instructions for use, which is specifically pleaded as a complete bar to any recovery against the Heartland.

Affirmative Defense 24:  In the event that discovery reveals the following, Heartland specifically pleads that the product sued upon herein was not in a reasonably anticipated use at any relevant time.

Affirmative Defense 25:  Heartland specifically pleads that the subject trailer, including all component parts thereof, was properly designed, manufactured and distributed with accordance to the state of the art at the time the product left the hands of the manufacturer; and, therefore, there is no legal basis for any assessment of fault against Heartland.

Affirmative Defense 26: Heartland avers that at the time the product left the manufacturer's control, the product met all the manufacturer's specifications and performance standards for the product and/or for otherwise identical products manufactured by the manufacturer.

Affirmative Defense 27: Alternatively, Heartland affirmatively avers that in the event it is found liable in any way to plaintiff, which is denied, any liability on their part is merely joint liability and not joint and several, nor *in solido,* with the liability of other parties for whom it is not responsible.

Affirmative Defense 28: Heartland specifically pleads that its product was reasonably fit for ordinary use.

Affirmative Defense 29: Heartland specifically denies liability under Mississippi law, including but not limited to the Mississippi Product Liability Act, the negligence and/or strict liability laws of Mississippi, the express warranty law of Mississippi, the implied warranty law of Mississippi, any and all Mississippi laws regarding medical monitoring, and any and all Mississippi laws regarding punitive and/or exemplary damages.

Affirmative Defense 30: Heartland specifically denies liability under Alabama law, including but not limited to the Alabama Extended Manufacturer's Liability Doctrine, the express warranty law of Alabama, the implied warranty law of Alabama, any and all Alabama laws regarding medical monitoring and any and all Alabama laws regarding punitive and/or exemplary damages.

Affirmative Defense 31: Heartland specifically denies liability under Texas law, including but not limited to the Texas Products Liability Act, the express warranty law of Texas, the implied warranty law of Texas, any and all Texas laws regarding medical monitoring, and any and all Texas laws regarding punitive and/or exemplary damages.

Affirmative Defense 32: Heartland requests trial by jury.

Affirmative Defense 33: Heartland owed no actionable duty to Plaintiff's in this case.

Affirmative Defense 34: If it is found that Heartland owed an actionable duty to Plaintiff's which it denies, Heartland did not breach that duty.

| | |
|---|---|
| Affirmative Defense 35: | The injures, damages or losses alleged by Plaintiffs were not caused by any negligent or wrongful act or omission of any officer, agent, servant or employee of Heartland. |
| Affirmative Defense 36: | No negligent, wrongful act or omission of Heartland was the cause in fact, or in any way contributed to, Plaintiffs' alleged injures, damages or losses. |
| Affirmative Defense 37: | Any alleged injuries, damages or losses sustained by Plaintiffs were not caused by acts or omissions on the part of Heartland but were caused, in whole or in part by occurrences and conditions prior, or subsequent. |
| Affirmative Defense 38: | Any alleged injuries, damages or losses sustained by Plaintiffs were not caused by acts or omissions on the part of the Heartland but were caused, in whole or in part by the negligence of third parties. |
| Affirmative Defense 39: | Any alleged injuries, damages or losses sustained by Plaintiffs were not caused by acts or omissions on the part of the Heartland but were caused, in whole or in part by an intervening or superseding cause or event. |
| Affirmative Defense 40: | Any alleged injuries, damages or losses sustained by Plaintiffs were not caused by acts or omissions on the part of the Heartland but were caused, in whole or in part by Plaintiffs' own negligence or were the product of a voluntary assumption of risk. |
| Affirmative Defense 41: | Any liability of Heartland and responsible parties, named or unnamed, should be proportionately reduced and apportioned based on their respective degrees of fault, and the liability of Heartland, if any, should be reduced in accordance with law. |
| Affirmative Defense 42: | Plaintiffs have not suffered any compensable damages. |
| Affirmative Defense 43: | If it is found that Heartland is liable, which it expressly denies, Heartland is entitled to an offset against damages, if any, for all amounts received by Plaintiffs from all collateral sources. |
| Affirmative Defense 44: | All future damages, if any, must be reduced to present value. |
| Affirmative Defense 45: | Income taxes must be deducted from all alleged past and future lost earnings. |

Heartland expressly reserves the right to supplement this list of preservation of defenses and motions.

Respectfully submitted,

**ALLEN & GOOCH**

BRENT M. MAGGIO, T.A., # 19959
SCOTT F. DAVIS, # 26013
JEFF S. VALLIERE, # 31346
LORI A. DAIGLE, # 31687
DAX C. FOSTER, # 30506
3900 N. Causeway Blvd, Suite 1450
Metairie, Louisiana 70002
Tel: 504.836.5260
Fax: 504.836.5265
*Attorneys for Heartland Recreational Vehicles, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically filed on the 8 day of December, 2009, with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

BRENT M. MAGGIO