UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE | MDL No. 1873 |
| PRODUCTS LIABILITY LITIGATION | SECTION N(5) |
| | JUDGE ENGELHARDT<br>MAGISTRATE CHASEZ |
| THIS DOCUMENT IS RELATED TO: | |

*Administrative Master Complaint No. 07-1873*

---

## PLAINTIFFS' OPPOSITION TO MORGAN'S MOTION TO DISMISS THE THIRD AND FOURTH SUPPLEMENTAL AND AMENDED ADMINISTRATIVE MASTER COMPLAINTS

NOW INTO COURT, through undersigned counsel come plaintiffs, who present this memorandum in opposition to the Rule 12(B)(1), 12(B)(2), and 12(B)(6) Motions filed by Defendant, Morgan Building & Spas, Inc. (Morgan Buildings) and Morgan Building Systems, Inc. (Morgan Systems, and collectively with Morgan Buildings, "Morgan").

### I. Introduction

In their Motion to Dismiss, defendants urge that plaintiffs' claims should be dismissed for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim under the LPLA for Breach of Express Warranty. (Rec. Doc 7792-2)  Morgan's Motion to Dismiss should be denied on all of the above because dismissal of plaintiffs' claims at this juncture on the basis of a lack of standing and personal jurisdiction would be both premature and prejudicial to

plaintiffs.  Furthermore, plaintiffs' AMC contains allegations sufficient to establish their claim for breach of express warranty under the LPLA.

**II. Argument**

### a. Dismissal of Plaintiffs' Claims for Lack of Subject Matter Jurisdiction Is Premature and Prejudicial to Plaintiffs.

Morgan argues that this Honorable Court has no subject matter jurisdiction over claims against them because many of the cases listed by Morgan in its Motion to Dismiss have not yet been matched to particular plaintiffs.  The standard for dismissal for lack of subject matter jurisdiction is very high, and is "appropriate only in those rare instances when the challenged claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.' *Trimble v. Asarco, Inc.,* 232 F.3d 946, 953 (8th Cir.2000) (quoting *Bell v. Hood,* 327 U.S. 678, 682-83, 90 L.Ed. 939 (1946)). Plaintiffs' claims for the injuries suffered as a result of their exposure to dangerous levels of formaldehyde is far from 'immaterial,' and thus, Morgan fails to meet the applicable burden required to maintain their 12(b)(1) motion.

At this stage in the litigation Morgan's argument as to the plaintiffs' failure to match to a particular defendant is irrelevant and disingenuous as this Court is fully aware that some plaintiffs remain unmatched.  Nearly all of the cases listed in Morgan's "Exhibit B" to their Motion to Dismiss are those that were filed for protective purposes.  The defendants named in these suits will be matched to plaintiffs and amended into individual suits as the matching between the plaintiffs and the defendants, including Morgan, becomes known.

Furthermore, since the issuance of Pretrial Order No. 40 (R. Doc. 1781), which instructed plaintiffs to submit plaintiff information to FEMA to be matched, plaintiffs have been in continuous communication with FEMA in an attempt to match every plaintiff to their respective

manufacturer. However, once plaintiffs have submitted that information to FEMA, further matching is beyond plaintiffs' control. Plaintiffs have sought in good faith to discover the correct matching information required by this Court's previous rulings. Accordingly, it would be premature, inequitable, and prejudicial to any unmatched plaintiffs to dismiss their claims on the basis of lack of standing at this juncture in the litigation.

### b. Dismissal of Plaintiffs' Claims for Lack of Personal Jurisdiction is Premature to Plaintiffs.

Morgan's second argument for seeking dismissal is its assertion that this Court has no personal jurisdiction over them for the claims brought under Texas law. While it is true that Morgan has not yet been made a defendant in any of the Texas suits in this litigation, Morgan's motion is again premature. The fact that to date no suit has been filed in the state of Texas is irrelevant. The applicable statute of limitations on such claims has not yet run. Any viable claims against Morgan can and likely will be brought prior to that time. Thus, it would be premature and prejudicial to future Texas plaintiffs to dismiss Morgan with regards to these future claims.

Moreover, if Morgan is named as a defendant in a suit filed on behalf of a Texas plaintiff at a later date, this MDL Court's personal jurisdiction over Morgan will likely not be an issue. The Texas transferor court will clearly have had jurisdiction prior to transfer because Morgan has retail locations in both Texas and Louisiana, has clearly established minimum contacts, and has purposely availed itself to both forum states.

### c. Plaintiffs' AMC Stated that Trailer Residents Were Induced by Defendant's Warranty.

In its 12(b)(6) Motion to Dismiss, Morgan asserts that plaintiffs failed to state a claim for a breach of express warranty claim under the Louisiana Products Liability Act. In *Browne v.*

3

*McCain*, 611 F.Supp.2d 1073, 1077 (C.D.Cal. 2009), the court explained the burden that defendants must meet in order to prevail on a Motion to Dismiss for failure to state a claim upon which relief can be granted:

> In deciding a Rule 12(b)(6) motion, the court must assume allegations in the challenged complaint are true, and construe the complaint in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir.1996). The court shall not consider facts outside the complaint." *See Arpin v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 925 (9th Cir. 2001). The court may not dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Russell v. Landrieu,* 621 F.2d 1037, 1039 (9th Cir.1980)….Dismissal is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mendiondo v. Centinela Hosp. Med. Ctr.,* 521 F.3d 1097, 1104 (9th Cir.2008).

Here, plaintiffs have specifically averred a claim for breach of express warranty under the LPLA and referenced all of the necessary elements that are required to prevail thereupon. Plaintiffs implicitly stated in the AMC that residents of the Manufacturing Defendants'[1] trailers were induced to reside therein based upon the warranties made by defendants:

> Manufacturing Defendants…concealed and/or condoned the concealment of, the fact that each and all of the housing units at issue contained dangerous levels of formaldehyde due to the Manufacturing Defendants' use of certain materials in their construction, and/or posed the threat of producing dangerous levels of formaldehyde due to the Federal Government's intended use of the housing units as temporary residence for at least 18 months, all in order to sell the Manufacturing Defendants' products…(R. Doc. 4486, ¶134).

As such, plaintiffs' breach of express warranty claim should not be dismissed and Morgan has inarguably failed to meet the burden required to necessitate dismissal.

Though plaintiffs have already established the necessary elements of a breach of express warranty claim in the AMC, if the Court *is* to find that plaintiffs did not properly establish such a claim, plaintiffs request an opportunity to amend the AMC to assert this element, instead of

---

[1] Morgan is specifically named as a "Manufacturing Defendant" in Paragraphs 68 and 69 of the AMC.

allowing dismissal of that claim pursuant to Morgan's 12(b)(6) motion. Plaintiffs need to conduct further discovery to find out exactly what materials Morgan furnished along with the trailers that they manufactured, who was induced by those materials, and other pertinent information.

Moreover, because the statute of limitations has not yet run with regard to many claims in this litigation, it is possible that future plaintiffs will assert that they were induced to live in the trailers by express warranties made by Morgan, and at that later date plaintiffs will need to amend the AMC to include this information.

### III. Conclusion

Plaintiffs have exercised due diligence to establish the matching between plaintiffs and defendants in this matter. To dismiss plaintiffs' claims for lack of standing would be premature and prejudicial. Additionally, dismissal on the basis of lack of personal jurisdiction would be extraordinarily premature as Texas claimants have not yet filed their suits in this litigation. Finally, Morgan's assertion that the plaintiffs have failed to state a claim for breach of an express warranty is without merit because plaintiffs have made the necessary assertions in the AMC. Accordingly, plaintiffs pray that Morgan's 12(b)(1), 12(b)(2), and 12(b)(6) motions be denied.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY: s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973

gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
ROBERT M. BECNEL, #14072
RAUL BENCOMO, #2932
FRANK D'AMICO, JR., #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
DENNIS REICH, Texas #16739600
MIKAL C. WATTS, Texas #20981820

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

s/Gerald E. Meunier
GERALD E. MEUNIER, #9471