UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER
FORMALDEHYDE
PRODUCTS LIABILITY LITIGATION

MDL NO. 1873

SECTION "N" (4)

JUDGE ENGELHARDT
MAG. JUDGE ROBY

PERTAINING TO:

JOSEPH AND MARY ANN KLEIN,
INDIVIDUALLY AND AS HUSBAND AND
WIFE

VERSUS

TEILER PRESS, MERCURY
INSURANCE COMPANY, ET AL

CIVIL ACTION NO. 09-6217

SECTION: N

MAG.: 5

Defendants

## ANSWER AND THIRD PARTY DEMAND

### ANSWER

Jacquet Construction Services, LLC, ("Jacquet"), answers the Petition of Joseph and Mary Ann Klein as follow:

1.

Paragraphs I, III, IV, V, VI, VII, VIII, IX, X, XI, XVIII, XIX, XX, XXI, XXII, XXIII, XXIV, XXV, XXVI, XXVII, XXVIII, XXIX, XXX, XXXI and XXXIII are denied for lack of sufficient

information to justify a belief.

2.

For answer to paragraph II, Jacquet admits its status, but denies the other allegations of this paragraph for lack of sufficient information to justify a belief.

3.

For answer to paragraph XII of the Petition, Jacquet admits that it had a contract with FEMA. The written contract is the best evidence of its terms, and it is specifically plead herein.

4.

For answer to paragraph XIII of the Petition, Jacquet admits that it had a contract with FEMA. The written contract is the best evidence of its terms, and it is specifically plead herein.

5.

For answer to paragraph XIV of the Petition, Jacquet admits that it had a contract with FEMA. The written contract is the best evidence of its terms, and it is specifically plead herein.

6.

For answer to paragraph XV, Jacquet admits that it may have used subcontractors to perform some services under the contract between Jacquet and FEMA. Otherwise the allegations of this paragraph are denied for lack of sufficient information to justify a belief.

7.

For answer to paragraph XVI of the Petition, Jacquet admits that it had a contract with FEMA. The written contract is the best evidence of its terms, and it is specifically plead herein.

8.

For answer to paragraph XVII of the Petition, Jacquet admits that it had a contract with FEMA. The written contract is the best evidence of its terms, and it is specifically plead herein.

9.

Paragraphs XXIII and XXIV of the Petition are denied.

10.

Paragraphs XXXV and XXXVI of the Petition are not allegations requiring a response, but insofar as a response is required, these paragraphs are denied.

11.

All unnumbered, misnumbered, or unanswered allegations of the Petition are denied.

12.

Plaintiffs' claims against Jacquet are barred by prescription, peremption, and/or the statute of limitations.

13.

Plaintiffs have a duty to mitigate their damages, and their failure to do so bars or diminishes their recovery.

14.

To the extent plaintiffs may have contributed to the damages through their own fault, neglect or omission, these acts of comparative negligence bar or diminish their recovery.

15.

Jacquet avers that at all pertinent times it followed the plans and direction of others, and

pursuant to LSA-R.S. 9:2771, it is not responsible.

16.

Jacquet through its subcontractors moved and installed travel trailers according to specifications of the United States Government. Any alleged defect claimed herein, which is specifically denied, is the result of the standards maintained by the Unites States Government over which Jacquet had no control. Accordingly Jacquet is immunized from liability by the Federal Contractor's Defense.

17.

Jacquet denies that it was a manufacturer within the meaning of Louisiana Product Liability Act.

18.

If, and only if Jacquet is found to be a manufacturer, which Jacquet denies, Jacquet specifically denies the existence of any defects which would render the travel trailers unreasonably dangerous under the meaning of the Louisiana Product Liability Act or any similar laws. Jacquet denies that it was negligent, or that its negligence caused harm to plaintiffs.

19.

Plaintiffs damages, if any, were cause by the fault and neglect of others for whom Jacquet is not responsible. Jacquet pleads the plaintiffs' claims are or may be barred in whole or in part to the extent of the Economic Loss Doctrine under orders of this Court.

20.

The claims against Jacquet are or may be barred in whole or in part by the doctrine of

estoppel, release or waiver.

21.

Jacquet owes no warranty obligations to the plaintiff.

22.

Jacquet avers that the sole cause of plaintiffs' injuries, if any, are the failure of plaintiffs to follow instructions to vent their trailer and any and all other acts or omissions which may introduced before the time of trial, which constitute a complete bar to the plaintiffs' claims.

### THIRD PARTY DEMAND

Now for its Third Party Demand against Mad Dawg, Inc. of North Carolina, Jacquet Construction Services, LLC respectfully avers:

1.

Mad Dawg, Inc. of North Carolina ("Mad Dawg") is a foreign corporation domiciled in North Carolina.

2.

Mad Dawg entered enter into a subcontract with Jacquet to perform work on the FEMA housing unit occupied by Joseph and Mary Klein, including but limited to relocation and deactivation of the housing unit.

3.

Jacquet subcontracted all of the work assigned to it by FEMA regarding the housing unit occupied by Joseph and Mary Klein to Mad Dawg.

4.

It the work performed by Mad Dawg was performed improperly or below the standard of care for such work, it was due to the fauld and neglect of Mad Dawg.

5.

If the work performed by Mad Dawg was performed improperly or below the standard of care for such work, this constitutes a breach of the subcontract between Mad Dawg and Jacquet for which Jacquet is entitled to damages.

6.

If this Court finds plaintiffs are entitled to damaged from Jacquet, Jacquet is entitled to judgment against Mad Dawg for contribution, indemnity, breach of contract, cost of defense, court cost, attorney fees and interest.

WHEREFORE, Jacquet Construction Services, LLC, prays that its answer be deemed good and sufficient, and after due proceedings that plaintiffs' claim be dismissed at plaintiffs' costs. Alternatively, Jacquet Construction Services, LLC prays for judgment on its Third Party Demand against Mad Dawg, Inc. of North Carolina.

RESPECTFULLY SUBMITTED:

/s/ John A. Stewart, Jr.
JOHN A. STEWART, JR. (#8164)
HULSE & WANEK
1010 Common Street, Suite 2800
New Orleans, Louisiana 70112
(504) 524-6221  Fax: (504) 529-4106
Attorney for Jacquet Construction
Services, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been delivered to all counsel of record by filing same in the Court's electronic docket using the CM/ECF system on this 9th day of December, 2009.

/s/ John A. Stewart, Jr.
JOHN A. STEWART, JR.

**PLEASE SERVE:**

Mad Dawg, Inc. of North Carolina
Through its agent for service of process,
Mr. Jake Airey
303 South S. Military Road
Slidell, Louisiana 70461