UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER
FORMALDEHYDE
PRODUCTS LIABILITY LITIGATION

MDL NO. 1873

SECTION "N" (4)

JUDGE ENGELHARDT
MAG. JUDGE ROBY

PERTAINING TO:

JOSEPH AND MARY ANN KLEIN,
INDIVIDUALLY AND AS HUSBAND AND
WIFE

VERSUS

TEILER PRESS, MERCURY
INSURANCE COMPANY, ET AL

CIVIL ACTION NO. 09-6217

SECTION: N

MAG.: 5

Defendants

### ANSWER TO ADMINISTRATIVE MASTER COMPLAINT OF JACQUET CONSTRUCTION SERVICES, L.L.C.

Jacquet Construction Services, LLC, ("Jacquet"), answers the Administrative Master Complaint, the First Supplemental and Amended Master Complaint, the Second Supplemental and Amended Master Complaint, and Third Supplemental and Amended Administrative Master Complaint as follows:

1.

Paragraphs 1, 2, 3, 4 and 5 of the Administrative Master Complaint are not allegations requiring a responsive pleading, but insofar as an answer may be required, these paragraphs are denied for lack of sufficient information to justify a belief.

2.

Paragraphs 6 through 204 of the Administrate Master Complaint are denied for lack of sufficient information to justify a belief.

3.

Paragraphs 1, 2, 3, 4 and 5 of the First Supplemental and Amended Master Complaint are not allegations requiring a responsive pleading, but insofar as an answer may be required, these paragraphs are denied for lack of sufficient information to justify a belief.

4.

Paragraphs 6, 7 and 8 of the First Supplemental and Amended Master Complaint are denied for lack of sufficient information to justify a belief.

5.

Paragraphs 1, 2, 3 and 4 of the Second Supplemental and Amended Master Complaint are not allegations requiring a responsive pleading, but insofar as an answer may be required, these paragraphs are denied for lack of sufficient information to justify a belief.

6.

Paragraphs 5, 6, 7, 8 and 9 of the Second Supplemental and Amended Master Complaint are

denied for lack of sufficient information to justify a belief.

7.

Paragraphs 1 and 2 of the Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief.

8.

Paragraph 3 of the Third Supplemental and Amended Administrative Master Complaint are not allegations requiring a responsive pleading, but insofar as an answer may be required, this paragraph is denied for lack of sufficient information to justify a belief.

9.

Paragraph 4 of the Third Supplemental and Amended Administrative Master Complaint are not allegations requiring a responsive pleading, but insofar as an answer may be required, it is admitted that the referenced court orders are part of the record of this matter.

10.

Paragraphs 5, 6 and 7 of the Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief.

11.

Paragraphs 8 through 263 of the Third Supplemental and Amended Administrative Master Complaint exclusive are denied for lack of sufficient information to justify a belief.

12.

All unnumbered, misnumbered, or unanswered allegations of the Administrative Master Complaint, the First Supplemental and Amended Master Complaint, the Second Supplemental and

Amended Master Complaint, and Third Supplemental and Amended Administrative Master Complaint are denied.

13.

Plaintiffs' claims against Jacquet are barred by prescription, peremption, and/or the statute of limitations.

14.

Plaintiffs have a duty to mitigate their damages, and their failure to do so bars or diminishes their recovery.

15.

To the extent plaintiffs may have contributed to the damages through their own fault, neglect or omission, these acts of comparative negligence bar or diminish their recovery.

16.

Jacquet avers that at all pertinent times it followed the plans and direction of others, and pursuant to LSA-R.S. 9:2771, it is not responsible.

17.

Jacquet through its subcontractors moved and installed travel trailers according to specifications of the United States Government. Any alleged defect claimed herein, which is specifically denied, is the result of the standards maintained by the Unites States Government over which Jacquet had no control. Accordingly Jacquet is immunized from liability by the Federal Contractor's Defense.

18.

Jacquet denies that it was a manufacturer within the meaning of Louisiana Product Liability Act.

19.

If, and only if Jacquet is found to be a manufacturer, which Jacquet denies, Jacquet specifically denies the existence of any defects which would render the travel trailers unreasonably dangerous under the meaning of the Louisiana Product Liability Act or any similar laws. Jacquet denies that it was negligent, or that its negligence caused harm to plaintiffs.

20.

Plaintiffs damages, if any, were cause by the fault and neglect of others for whom Jacquet is not responsible. Jacquet pleads the plaintiffs' claims are or may be barred in whole or in part to the extent of the Economic Loss Doctrine under orders of this Court.

21.

The claims against Jacquet are or may be barred in whole or in part by the doctrine of estoppel, release or waiver.

22.

Jacquet owes no warranty obligations to the plaintiff.

23.

Jacquet avers that the sole cause of plaintiffs' injuries, if any, are the failure of plaintiffs to follow instructions to vent their trailer and any and all other acts or omissions which may introduced before the time of trial, which constitute a complete bar to the plaintiffs' claims.

WHEREFORE, Jacquet Construction Services, LLC, prays that its answer to the Administrative Master Complaint, the First Supplemental and Amended Master Complaint, the Second Supplemental and Amended Master Complaint, and Third Supplemental and Amended Administrative Master Complaint be deemed good and sufficient, and after due proceedings that plaintiffs' claim be dismissed at plaintiffs' costs.

RESPECTFULLY SUBMITTED:

/s/ John A. Stewart, Jr.
JOHN A. STEWART, JR. (#8164)
HULSE & WANEK
1010 Common Street, Suite 2800
New Orleans, Louisiana 70112
(504) 524-6221  Fax: (504) 529-4106
Attorney for Jacquet Construction
Services, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been delivered to all counsel of record by filing same in the Court's electronic docket using the CM/ECF system on this 9th day of December, 2009.

/s/ John A. Stewart, Jr.
JOHN A. STEWART, JR.