UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KATHERLEEN MCLAUGHLIN, individually and for her minor child, L.M., and DRUICILLA MCLAUGHLIN, | * * * * | CIVIL ACTION NO. |
| Plaintiffs, | * * * * | SECTION JUDGE |
| VERSUS | * * * * | MAG. DIV. MAG. JUDGE |
| FOREST RIVER, INC. and SHAW ENVIRONMENTAL, INC., | * * * * | |
| Defendants. | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, comes defendant Shaw Environmental, Inc. ("Shaw") and, with a full reservation of rights, files this Notice of Removal and avers that this matter is hereby removed to this Court on the following grounds:

1.

On about October 6, 2009, plaintiffs, through attorney J. Rock Palermo, III of Vernon, Bice, Palermo & Wilson, LLC, filed this action entitled *Katherleen McLaughlin, individually and for her minor child, L.M., and Druicilla McLaughlin v. Forest River, Inc. and Shaw Environmental, Inc.*, and bearing Docket Number 582959, Division "22" (the "Petition"), in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

2.

For purposes of allotment, this Petition arises solely from operative facts that are the subject of multidistrict litigation ongoing in the U.S. District Court for the Eastern District of Louisiana, entitled *In re: FEMA Trailer Formaldehyde Products Liability Litigation* and bearing MDL docket number 07-1873, which matter is pending before Judge Engelhardt, Section N(5) [*In re: FEMA Trailer Formaldehyde Products Liability Litigation*, MDL No. 07-md-01873-KDE-ALC (E.D. La.)].

3.

Shaw was served with the Citation and Petition on November 24, 2009. A copy of all process, pleadings, and orders served upon Shaw is attached hereto as Exhibit "1" in accordance with 28 U.S.C. § 1446(a).

4.

Shaw is removing this case pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1), which provides an exception to the general rule requiring that all defendants join in the removal. *Akin v. Ashland Chemical*, 156 F. 3d 1030, 1034 (10th Cir. 1998); *Fowler v. Southern Bell Tel. & Tel. Co.*, 343 F. 2d 150, 152 (5th Cir. 1965) ("[I]t is settled that the filing of

a petition for removal by a single federal officer removes the entire case to the federal court."); *Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co.*, 644 F. 2d 1310, 1315 (9th Cir. 1981) ("Since the federal officer is the only one entitled to remove under § 1442, he alone can remove without other defendants joining in the petition, and the entire case is removed to the federal court."). Thus, this Notice of Removal of the case to the United States District Court is timely filed, *i.e.*, no more than thirty (30) days after service of the Petition, in accordance with 28 U.S.C. §§ 1441 and 1446.

5.

"[T]he right of removal under 28 U.S.C. § 1442 (a)(1) is made absolute whenever a suit in state court is for any act 'under color' of federal office, regardless of whether the suit could originally have been brought in federal court. Federal jurisdiction rests on a 'federal interest in the matter' . . . ." *Willingham v. Morgan*, 395 U.S. 402, 406, 89 S.Ct. 1813, 1816, 23 L.Ed.2d 396 (1969).

6.

Three requirements must be met to invoke the federal officer removal statute: (1) the defendant must be a "person" within the meaning of §1442(a)(1); (2) the defendant must have acted under color of federal authority when committing the acts that allegedly caused plaintiff's injuries; and (3) the defendant must have a colorable federal defense. *Williams v. Todd Shipyards Co.*, 154 F.3d 416 (5th Cir. 1998) (citing *Mesa v. California*, 489 U.S. 121, 129, 131, 109 S.Ct. 959, 103 L.Ed.2d 99 (1989)). All three requirements exist in this instance. *See, e.g., Isaacson v. DOW Chemical Co.*, 517 F.3d 129 (2d Cir. 2008) (finding removal proper under Section 1442(a)(1) where the defendant was a government contractor and its colorable federal

3

defense was based upon the government contractor defense); *Miller v. Diamond Shamrock Chemical Co.*, 275 F.3d 414 (5th Cir. 2001) (same); *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 397-401 (5th Cir. 1998) (same); *Williams v. Todd Shipyards Corp.*, 154 F.3d 416, 1998 WL 526612 (5th Cir. 1998) (same).

7.

Shaw qualifies as a "person" under Section 1442(a)(1). *See Winters v. Diamond Shamrock Chemical Company*, 149 So. 2d 387, 398 (5th Cir. 1998) (examining the federal officer removal statute and explaining that "corporate entities qualify as 'persons' under § 1442(a)(1)") (citation omitted).

8.

Shaw was acting under color of federal authority when it is alleged to have performed the work that resulted in plaintiff's alleged injuries. Indeed, plaintiff's allegations against Shaw arise out of Shaw's contractual engagement by FEMA to perform "the transportation, installation, site identification and preparation of locations and group sites, preparation of infrastructure to handle the units, inspection of the temporary housing units, maintenance and repair, refurbishment and restoration, and the eventual de-installation and removal of the units." *See* Exh. "1," Petition ¶ XII. If Shaw performed the transportation, delivery, installation, maintenance or repair of the FEMA trailers involved in this litigation (the "Work"), then the Work, as alleged by plaintiff, was performed pursuant to a federal contract between FEMA and Shaw (the "Contract"), and Shaw was acting under color of federal authority when performing under the Contract.

9.

Specifically, FEMA approved and provided reasonably precise specifications regarding installation of travel trailers, and mandated the installation method complained of at ¶¶ XVII-XX of the Petition (*i.e.*, "blocking the unit"). Further, Shaw performed this government work under FEMA's supervision and FEMA inspectors monitored and inspected the Work performed under the Contract. Moreover, FEMA maintained enforcement authority and substantively reviewed the Work performed by Shaw. Relevant excerpts of the Contract between Shaw and FEMA are attached hereto as Exhibit "2."

10.

More specifically, the Contract provides detailed specifications, checklists, procedures and policies regarding delivery, installation, maintenance, and inspection of the FEMA trailers.[1] Exhibit 7 to Attachment A of the Contract, entitled "TRAVEL TRAILER INSTALLATION" provides precise direction as to the method of installing the units allegedly occupied by the plaintiff, and these directions specifically mandate the "Blocking and Leveling" about which plaintiff complain.[2]

---

[1] *See, e.g.*, Contract (Exh. "2") at Sections G.7 – Project Monitor; Section G.8 – Technical Direction and Surveillance; Section J, Attachment A – Performance Work Statement; and Section J, Attachment A – Performance Work Statement, Exhibits 1–15. Throughout performance of the Contract, FEMA modified and amended its policies and procedures with respect to the Work by contract modifications and by verbal and written communication to Shaw.

[2] *See* Contract (Exh. "2"), Attachment A, Exhibit 7, Section 2.1.2 "Blocking and Leveling."

5

11.

As a government contractor involved in the Hurricane Katrina disaster assistance provided by FEMA, Shaw has available to it the government contractor defense.[3] *See In re World Trade Center Disaster Site Litigation*, 521 F.3d 169, 197 (2d Cir. 2008) (applying the government contractor defense to "the disaster relief context due to the unique federal interest in coordinating federal disaster assistance and streamlining the management of large-scale disaster recovery projects, as evidenced by the Stafford Act.").

12.

In accordance with the requirements of 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal, Shaw will give written notice of this Notice of Removal to all adverse parties and will file a copy of this Notice of Removal with the Clerk of Court for the 19th Judicial District Court Parish of East Baton Rouge, State of Louisiana, which notice shall be in the form of the Notice of Filing of Notice of Removal attached hereto as Exhibit "3."

**WHEREFORE,** defendant, Shaw Environmental, Inc. prays that this matter be removed to the United States District Court for the Middle District of Louisiana for further proceedings and disposition.

---

[3] For purposes of removal, Shaw is not required to prove success on its defense. *Mesa*, 489 U.S. at 133; *Magnin v. Teledyne Continental Motors*, 91 F.3d 1424, 1427 (11th Cir. 1996) ("defense need only be plausible; its ultimate validity is not to be determined at the time of removal."); *Jamison v. Wiley*, 14 F.3d 222, 238 (4th Cir. 1994) ("defendant need not prove that he will actually prevail on his federal immunity defense in order to obtain removal"). Rather, Shaw is only required to show a causal connection between the plaintiffs' claims and Shaw's performance as a federal contractor; Shaw has done so. *See Williams v. Todd Shipyards Co.*, 154 F.3d 416, 1998 WL 526612, *6 (5th Cir. 1998).

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

/s/ Catherine N. Thigpen
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR DEFENDANT,
SHAW ENVIRONMENTAL, INC.**

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on December 8, 2009, the foregoing Notice of Removal was served on all known counsel of record via facsimile transmission and/or by placing same in the United States Mail, in a properly addressed envelope, with first-class postage pre-paid.

/s/ Catherine N. Thigpen