UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE                      MDL No. 1873
PRODUCTS LIABILITY LITIGATION

                                                       SECTION N(5)

                                                       JUDGE ENGELHARDT

THIS DOCUMENT IS RELATED TO:                           MAGISTRATE CHASEZ

*Administrative Master Complaint, No. 07-1873*

---

## REPLY MEMORANDUM IN SUPPORT OF MORGAN'S MOTION TO DISMISS PURSUANT TO RULES 12(b)(1), 12(b)(2) AND 12(b)(6) WITH RESPECT TO THE THIRD AND FOURTH SUPPLEMENTAL AND AMENDED ADMINISTRATIVE MASTER COMPLAINTS (R. DOCS. 4486 and 7688)

Morgan Building & Spas, Inc. (Morgan Buildings) and Morgan Building Systems, Inc.[1] (Morgan Systems, and collectively with Morgan Buildings, Morgan) file this reply memorandum in support of their motion to dismiss the Third and Fourth Supplemental and Amended Administrative Master Complaints (collectively, AMC) (R. Doc. 7792), to briefly address the arguments raised by plaintiffs in their opposition to Morgan's motion (R. Doc. 8891).

Morgan moves to dismiss the AMC on grounds that plaintiffs' claims against it lack subject matter jurisdiction and the Court has no *in personam* jurisdiction over Morgan with respect to the claims asserted under Texas law. Morgan also moves to dismiss the claims for breach of express warranty under Louisiana law, because plaintiffs have failed to allege that they were induced to use the temporary housing units at issue because they relied upon an alleged express warranty by Morgan.

---

[1] Morgan Building Systems, Inc., which merged into Morgan Buildings & Spas, Inc. on January 19, 1994, no longer exists.

344920.1

## I.     MORGAN'S RULE 12(B)(1) MOTION IS NOW MOOT

Morgan moved to dismiss the AMC under Rule 12(b)(1), because numerous plaintiffs in the underlying suits against Morgan failed to specifically match themselves to Morgan causing the Court to lack subject matter jurisdiction.   Morgan raised this defense out of an abundance of caution because Pretrial Order No. 40's requirement, that unmatched plaintiffs be matched to a specific manufacturer within 45 days of the filing of the complaint, had been indefinitely extended pending the Magistrate's ruling on the PSC's motion to compel the government to produce individual assistance / disaster files.   Though Magistrate Chasez ruled on the PSC's motion to compel on November 10, 2009, at the time Morgan filed its Rule 12(b)(1) motion, no new deadline for plaintiffs to match themselves to a manufacturer had been set.

On December 8, 2009, the Court issued Pretrial Order No. 49 (R. Doc. 8908), reestablishing the 45-day deadline for plaintiffs to match with manufacturers with regard to new complaints as set forth in Pretrial Order No. 40.   Pretrial Order No. 49 further provides that current unmatched plaintiffs must be matched within 20 days of the Order, with these deadlines being subject to extension upon a showing of good cause.   In light of Pretrial Order No. 49, Morgan asserts that its Rule 12(b)(1) motion is now moot.   Morgan, however, specifically reserves its right to oppose any motion for extension of time to match plaintiffs with defendants pursuant to Pretrial Order No. 49 or to otherwise contest an individual plaintiff's alleged standing against Morgan.

## II.    PLAINTIFFS IGNORE THE FUNDAMENTALS OF *IN PERSONAM* JURISDICTION IN MULTIDISTRICT LITIGATION

Morgan has moved to dismiss the AMC's allegations against Morgan under Texas law, because Morgan is not a defendant in any underlying Texas suit.   As a result, the Court has no *in personam* jurisdiction over Morgan for alleged Texas law claims.   Plaintiffs oppose Morgan's Rule 12(b)(2) motion arguing that Morgan's motion is premature, while at the same time acknowledging

that Morgan is not a defendant in any Texas suit.   Plaintiffs contend that because the statue of limitations under Texas law allegedly has not run, Morgan may be a defendant in a Texas suit some time in the future.

Plaintiffs' argument has put the proverbial cart before the horse.   That Morgan may be a defendant in a Texas suit at some future unknown time and, at that time, a Texas transferor court may have jurisdiction over Morgan because Morgan allegedly has minimum contacts with Texas and Louisiana, is irrelevant and ignores the basic purpose of multidistrict litigation.   Multidistrict litigation is designed to coordinate and consolidate pretrial proceedings.   Consolidation of cases under 28 U.S.C. §1407, however, is procedural, and does not "expand the jurisdiction of either the transferor or the transferee court." *In re Showa Denko, K.K. L-Tryptophan Products Liability Litigation – II*, 953 F.2d 162, 165 (4th Cir. 1992).   Thus, a transferee court's jurisdiction is limited to persons who are proper parties in the transferred cases. *Id., citing Hartland v. Alaska Airlines*, 544 F.2d 992, 1002 (9th Cir. 1976).

Plaintiffs claim that the Court has personal jurisdiction over Morgan because it does substantial business in Louisiana, Mississippi, Alabama, and Texas.   (R. Doc. 4486, ¶¶ 68-69).   Plaintiffs also claim that the original district courts, upon remand from the MDL court, will have personal jurisdiction over Morgan as well. *(Id.,* at ¶ 120).   While this may be true with regard to Louisiana, Mississippi and Alabama, the same cannot be said about allegations under Texas law.   An underlying Texas suit is the cornerstone of this Court's jurisdiction over Morgan with respect to the Texas law allegations.

Because Morgan is not a party to any of the consolidated cases asserting claims by Texas plaintiffs, this MDL Court does not have *in personam* jurisdiction over Morgan with respect to any Texas plaintiffs' claims.   In the absence of an underlying Texas suit, this Court is without jurisdiction

and Morgan should not be forced to litigate matters involving Texas law. Thus, Morgan should be dismissed from the Administrative Master Complaint with respect to claims under Texas law.

## III. PLAINTIFFS HAVE NOT ALLEGED THE ELEMENTS FOR BREACH OF EXPRESS WARRANTY UNDER THE LPLA

Morgan's Rule 12(b)(6) motion concerning plaintiffs' allegations of breach of express warranty under the Louisiana Products Liability Act (LPLA), set forth in paragraphs 216(d-i) of the AMC, is based on plaintiffs' failure to allege that they were induced to use the EHUs because of an express warranty. As this Court has recognized, in order to assert such a claim, a plaintiff must show that he "was induced to use the product because of [the express] warranty." *Caboni v. General Motors Corp.*, 278 F.3d 448, 453-55 (5th Cir. 2002); *e.g.* La. R.S. 9:2800.58 (manufacturer is potentially liable only if "the express warranty has induced the claimant or another person or entity to use the product"); Order and Reasons (Dec. 12, 2008), R. Doc. 984, pp. 19-21.

In their opposition, plaintiffs argue that they have made such an allegation in paragraph 134, which states in its entirety:

> Named Plaintiffs submit that the Manufacturing Defendants ignored, or concealed and/or condoned the concealment of, the fact that each and all of the housing units at issue contained dangerous levels of formaldehyde due to the Manufacturing Defendants' use of certain materials in their construction, and/or posed the threat of producing dangerous levels formaldehyde due to the Federal Government's intended use of the housing units as temporary residences for at least 18 months, all in order to sell the Manufacturing Defendants' products, and/or avoid the costs of safety precautions/inspections, and/or avoid litigation by persons injured by formaldehyde emissions. (R. Doc. 4486, ¶ 134).

This paragraph does not allege that Morgan made an express warranty concerning an EHU. Quite the opposite from an express warranty, paragraph 134 alleges that the manufacturing defendants ignored or concealed information about formaldehyde in the EHUs. Nor does

344920.1

4

paragraph 134 make any allegation that plaintiffs were induced to use the EHU. The AMC's silence with respect to this element, required for an LPLA claim, makes dismissal of the breach of express warranty claim proper. *See Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006).

Plaintiffs alternatively argue that they should be given an opportunity to amend the AMC to properly establish such a claim because they need to conduct further discovery to ascertain what materials Morgan allegedly furnished, who was induced by those materials and "other pertinent information." Plaintiffs further argue that future plaintiffs may assert that they were induced to live in trailers due to express warranties by Morgan.

Further amendment of the AMC is inappropriate. This MDL has been pending for over two years. Morgan has been deposed twice concerning its involvement in FEMA's distribution of EHUs following Hurricanes Katrina and Rita.[2] Plaintiffs have had more than sufficient time to evaluate and formulate their AMC claims. If the current plaintiffs were induced to move into an EHU because of some alleged express warranty made by Morgan, the allegation should have been made by now. What some unknown plaintiff may allege at some unknown future time is not a proper basis for amendment to the AMC.

## CONCLUSION

In light of Pretrial Order No. 49, Morgan asserts that its Rule 12(b)(1) motion is now moot, reserving its right to oppose any motion for extension of time to match plaintiffs with defendants or otherwise contest an individual plaintiff's alleged standing against Morgan. With respect to the allegations against Morgan under Texas law, plaintiffs' opposition arguments are without merit, overlooking the cornerstone of any multidistrict litigation: an underlying case in which the transferor court has *in personam* jurisdiction. Without an underlying Texas case, this Court does not have *in personam* jurisdiction over Morgan with respect to the allegations under Texas law.

---

[2] Morgan's corporate deposition was taken in connection with the 2008 class certification efforts and recently with regard to the Fleetwood bellwether trial that was scheduled to begin this month.

344920.1

Finally, plaintiffs have been given numerous opportunities to amend the AMC to properly assert a claim of breach of express warranty, which requires an allegation that the plaintiffs were induced to use the product because of an express warranty. Plaintiffs have failed to do so, and their claims for breach of express warranty under the LPLA should be dismissed pursuant to Rule 12(b)(6).

Respectfully submitted:

**McGlinchey Stafford, PLLC**

*s/Amanda S. Stout*
Christine Lipsey (LA Bar Roll # 1182), T.A.
Dan E. West (LA Bar Roll #13372)
Amanda S. Stout (LA Bar Roll #29001)
One American Place, 14th Floor
Baton Rouge, LA  70825
Telephone:  (225) 383-9000
clipsey@mcglinchey.com
dwest@mcglinchey.com
astout@mcglinchey.com

*Attorneys for Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc.*

## CERTIFICATE OF SERVICE

I certify that, on December 14, 2009, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the court's CM/ECF system. I also certify that there are no known non-CM/ECF participants.

*s/Amanda S. Stout*
Amanda S. Stout

344920.1