UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER  　　　　　　　　　MDL NO. 07-1873
FORMALDEHYDE
PRODUCTS LIABILITY LITIGATION 　　　SECTION N-5
　　　　　　　　　　　　　　　　　　　　　　　JUDGE ENGELHARDT
　　　　　　　　　　　　　　　　　　　　　　　MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:

*Lyndon Wright v. Forest River, et al.*, No. 09-2977 (E.D. LA)

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**REPLY MEMORANDUM IN SUPPORT OF "DEFENDANT UNITED STATES
OF AMERICA'S MOTION TO DISMISS PLAINTIFF LYNDON WRIGHT'S FTCA
CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION" (Doc. Rec. 7368)**

   The United States of America ("United States") submits this reply memorandum in support of its "Motion to Dismiss Plaintiff Lyndon Wright's FTCA Claims for Lack of Subject Matter Jurisdiction" (Doc. Rec. 7368). Plaintiff argues that his complaint, which was filed on March 3, 2009, was not premature because he signed a Standard Form 95 ("SF95") on April 2, 2008, which was "mailed to FEMA as required by law." *See* Opp. Memo. at 2 (Doc. Rec. 8670). Plaintiff further contends that his claim accrued in April of 2008, when a representative from Plaintiffs' Counsel's office visited Plaintiff's trailer and "spoke to him extensively about Formaldehyde and its potential health risk in FEMA trailers." *See id.* As demonstrated below, Plaintiff has failed to meet his burden to show (1) that he exhausted his administrative remedy prior to filing suit under 28 U.S.C. § 2675(a); and (2) that his claim is not time-barred by the FTCA statute of limitations, 28 U.S.C. § 2401(b).

   As an initial matter, the date the Federal Emergency Management Agency ("FEMA") received Mr. Wright's administrative claim, March 20, 2009, is the date relevant to determining

whether Mr. Wright exhausted his administrative remedy before filing suit – not the date on which Mr. Wright signed his administrative claim form. *See* 28 U.S.C. § 2675(a).[1/] Until FEMA took final action on his claim, Mr. Wright thus was required to have waited six months from March 20, 2009, before filing suit. *See id.* Since Mr. Wright commenced this action on March 2, 2009, it is premature if he did not present his administrative claim to FEMA on or before September 2, 2008. *See McNeil v. United States*, 508 U.S. 106, 112-13 (1993); *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995); *Ramming v. United States,* 281 F.3d 158, 165 (5th Cir. 2001); *Houston v. U.S. Postal Serv.*, 823 F.2d 896, 902 (5th Cir. 1987); *Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981); Order and Reasons at 2-3 (*Aldridge*, No. 07-9228) (Doc. Rec. 2323). The evidence proffered by the United States shows that FEMA received Mr. Wright's claim on March 20, 2009, eighteen days after Mr. Wright filed this suit. *See* Statement of Contested/Uncontested Facts ¶¶ 5-8 (Doc. Rec. 7368-3); Exhibit 5, Dec. Hackshaw (Doc. Rec. 7368-9); Exhibit 6, Dec. Kyles (Doc. Rec. 7368-10); Exhibit 7, Dec. Crosby (Doc. Rec. 7368-11); Exhibit 8, Shipping Labels (Doc. Rec. 7368-12); Exhibit 9, UPS Delivery Confirmation

---

[1/] As explained in the Government's initial memorandum, an FTCA administrative claim is deemed presented *only* upon receipt by the Federal agency. The Attorney General's regulations governing tort claims state that "a claim shall be deemed to have been presented when a Federal agency *receives* from a claimant . . . written notification of an incident . . . . " 28 C.F.R. §14.2(a) (emphasis added). These regulations further provide that "[a] claim shall be presented as required by [the FTCA] as of the date it is *received* by the appropriate agency." 28 C.F.R. §14.2(b)(1) (emphasis added). Thus, in *Bailes v. United States*, 988 F.2d 1209, 1993 WL 82030 (5th Cir. 1993), the Fifth Circuit affirmed the dismissal of an FTCA claim because the plaintiff failed to establish that the appropriate federal agency received his claim. *See also* U.S. Memo. at 12-13 (Doc. Rec. 7368-2 at 18-19); *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993) (affirming decision that court lacked jurisdiction because plaintiff failed to establish actual presentment to federal agency); *Bailey v. United States*, 642 F.3d 344, 347 (9th Cir. 1981) (affirming dismissal of tort claim where attorneys failed to ensure that plaintiffs' administrative claim was timely presented to federal agency); *Crack v. United States*, 694 F. Supp. 1244, 1247-48 (E.D. Va. 1988) (dismissing tort claim where plaintiff failed to demonstrate presentment).

(Doc. Rec. 7368-13). Thus, the Court lacks jurisdiction over this action. *See* 28 U.S.C. 2675(a), *McNeil*, 508 U.S. at 112-13.

Further, Plaintiff's contention that his SF95 was "mailed to FEMA as required by law" fails to satisfy his burden of showing that he exhausted his administrative remedy prior to filing suit. Plaintiff's argument is allegedly supported by a declaration, purportedly issued by Plaintiff's Counsel's assistant Greg Warren. *See* Opp. Memo. at 2 (Doc. Rec. 8670). As an initial matter, Plaintiff's argument should be disregarded because Plaintiff failed to file with the Court and/or produce Mr. Warren's affidavit, even after the Government informed Plaintiffs' Counsel of this deficiency. *See* Exh. A, E-Mail from DOJ to Mr. Schmidt, dated Dec. 7, 2009; Exh. B, E-Mail from Mr. Schmidt to DOJ, dated Dec. 7, 2009. Further, even assuming that Mr. Warren issued such an affidavit, his testimony that Mr. Wright's "SF95 form was mailed to FEMA as required by law," fails to establish exhaustion of Mr. Wright's administrative remedy. The issue is not whether Mr. Wright's SF95 was sent to FEMA – this is not disputed – but rather the date that it was sent and received. As the United States has shown, Mr. Wright's claim was mailed to FEMA via United Parcel Service on March 17, 2009, and received by FEMA on March 20, 2009. *See supra* at 2. Mr. Wright commenced the instant action prematurely because he filed suit less than six months after FEMA received his administrative claim. Accordingly, the Court lacks subject matter jurisdiction over this FTCA case.

The Court should also reject Mr. Wright's argument that his claim accrued in April 2008, when a representative from Plaintiff's Counsel's office met with Mr. Wright and spoke to him "extensively about Formaldehyde and its potential health risk in FEMA trailers." Opp. Memo. at

3

2 (Doc. Rec. 8670).[2/] Mr. Wright asserts that, although he may have discovered his injury much earlier, his action did not accrue until Plaintiffs' Counsel's representative told him that he had been exposed to formaldehyde and it was the "cause of his injuries." *Id*. at 5. This Court has previously addressed and rejected this argument in its Order and Ruling dismissing Chris Cooper's FTCA claims. *See In re FEMA Trailer Formaldehyde Prod. Liab. Litig.,* 2009 WL 2599195 (E.D. La. Aug. 21, 2009). In dismissing Cooper's FTCA claim the Court ruled that his claim accrued when his mother first associated his symptoms to the trailer, even though at the time she was unaware that there was formaldehyde in the trailer. This Court explained: "[e]ven though Alexander did not immediately know of the exact cause of her and Cooper's physical symptoms, she was aware that they either began (in the case of the burning sensation in the nose, sneezing, and itchy eyes) or worsened (in the case of Cooper's asthma) when they initially took up residence in the EHU." *Id.* at *3. The Court concluded that "this was sufficient information regarding injury and causation that would lead a reasonable person to inquire further in the facts to determine the specific cause of the injury." *Id.*

In the instant case, it is undisputed that Mr. Wright began to suffer symptoms when he moved into the trailer in March 2006 and immediately attributed those symptoms/injuries to the trailer. *See* Statement of Contested/Uncontested Facts ¶¶ 1-4 (Doc. Rec. 7368-3); Exh. 1 (Doc. Rec. 7368-5, Fact Sheet No. 1 at 3-5; Exh. 2, Fact Sheet No. 2 at 3-5 (Doc. Rec. 7368-6); *see also* Exh. 4, Wright Depo. 293:17-24 (Doc. Rec. 7368-6). Further, in April 2006, one month after moving into the trailer, he reported to his mother, ***"I think this trailer has made me sick,"***

---

[2/] Although Counsel cites to Mr. Wright's deposition transcript, the relevant deposition excerpts are not attached to Plaintiff's Opposition to the United States' Motion. *See* Opp. Memo. (Doc. Rec. 8670).

*"I think this trailer is making me sick."* Exh. 4, Wright Depo. 135:1-2; 169:25-171:16 (emphasis added); *see also id.* at 295:1-8; 328:11-20 (Doc. Rec. 7368-8). This knowledge is sufficient to commence the limitations period, even if Mr. Wright was unaware of the precise causal agent. *See In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 2009 WL 2599195 at *3. Further, this is true even under the "discovery rule" of accrual advanced by Plaintiff and the cases Plaintiff cites in support thereof. *See* Opp. Memo. at 5 (Doc. Rec. 8670); *Johnson v. United States*, 460 F.3d 616 (5th Cir. 2006); *Harrison v. United States*, 708 F.2d 1023 (5th Cir. 1983); *Soleson v. United States*, 629 F.2d 1265 (7th Cir. 1980); *Urie v. Thompson*, 337 U.S. 163, 170 (1949). Thus, the Court lacks jurisdiction over Mr. Wright's FTCA claim because it accrued in March 2006, but he did not present his administrative claim to FEMA until March 20, 2009, well beyond the FTCA two year statute of limitations period. 28 U.S.C. § 2675(a).

## CONCLUSION

For all of the foregoing reasons, the Court should grant the United States' Motion and dismiss Mr. Wright's FTCA claims for lack of subject matter jurisdiction.

Dated: December 15, 2009.                              Respectfully Submitted,

| | |
|---|---|
| TONY WEST | ADAM BAIN |
| Assistant Attorney General, Civil Division | HENRY T. MILLER |
| | Senior Trial Counsel |
| J. PATRICK GLYNN | ADAM DINNELL |
| Director, Torts Branch, Civil Division | MICHELE GREIF |
| | JONATHAN WALDRON |
| DAVID S. FISHBACK | Trial Attorneys |
| Assistant Director | |
| OF COUNSEL: | //S// *Michelle Boyle* |
| | MICHELLE BOYLE (Va. Bar No. 73710) |
| JORDAN FRIED | Trial Attorney |
| Associate Chief Counsel | United States Department of Justice |
| | Civil Division – Torts Branch |
| JANICE WILLIAMS-JONES | P.O. Box 340, Ben Franklin Station |
| Senior Trial Attorney | Washington, D.C. 20004 |
| Federal Emergency Management Agency | Telephone No: (202) 616-4447 |
| Department of Homeland Security | E-mail: Michelle.Boyle@USDOJ.Gov |
| Washington, D.C. 20472 | |
| | Attorneys for the United States of America |

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2009, the foregoing document and accompanying exhibits were filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison Counsel.

                                               //S// *Michelle Boyle*
                                               MICHELLE BOYLE (Va. Bar No. 73710)