UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCTS LIABILITY LITIGATION

MDL NO: 1873

SECTION N(5)

JUDGE ENGELHARDT

THIS DOCUMENT IS RELATED TO:

MAGISTRATE CHASEZ

*North American Catastrophe Service, Inc. v. Northfield Ins. Co.*
*No. 09-3818*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NORTHFIELD INSURANCE COMPANY'S ANSWER AND DEFENSES

**NOW INTO COURT,** comes Northfield Insurance Company ("Northfield"), which hereby responds to the allegations in the Complaint filed by North American Catastrophe Services ("NACS") as follows:

I.

Paragraph I contains no allegations against Northfield, but only asserts the relief sought by NACS. Therefore, no response is required. To the extent a response is deemed necessary, Northfield denies the allegations in Paragraph I and expressly denies any liability to Plaintiff.

II.

Paragraph II contains no allegations against Northfield, but only sets for the bases for this Court's jurisdiction. Therefore, no response is required. To the extent a response is deemed necessary, Northfield denies the allegations except to state that this Court has diversity jurisdiction over NACS's Complaint against Northfield. In further answer, Northfield responds

that NACS's claim for indemnity coverage is premature and non-justiciable given that there has been no adjudication as to its liability.

III.

Paragraph III contains no allegations against Northfield. Therefore, no response is required. To the extent a response is deemed necessary, Northfield states only that NACS is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in Florida. Northfield denies the remaining allegations for lack of information sufficient to justify a belief as to the truth of the matters asserted therein.

IV.

Northfield admits that it (1) is a corporation organized and existing under the laws of the State of Iowa with its principal place of business in Minnesota and (2) it issues commercial liability policies to commercial entities located in different states.

V.

Northfield denies the allegations in Paragraph V except to state that it issued the following policies of insurance, providing coverage consistent with all terms, limitations, conditions, and exclusions contained therein, to North American Catastrophe Services: (1) Policy number CP494600 and covering the period from August 25, 2004 through August 25, 2005, and (2) Policy number CP494600-1 and covering the period from August 25, 2005 through August 25, 2006 (collectively, "Policies"). In further answer, Northfield responds that the Policies are written documents and the best evidence of their own contents. Any allegations that tend to modify, alter, amend, vary, expand, interpret or otherwise characterize the contents of those documents are expressly denied.

2

VI.

The allegations in Paragraph VI constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, Northfield expressly denies those legal conclusions and denies any liability to Plaintiff. In further response, the allegations in Paragraph VI refer to written documents which are the best evidence of its own contents. Any allegations that tend to modify, alter, amend, vary, expand, interpret or otherwise characterize the contents of those documents are expressly denied.

VII.

Northfield denies the allegations in Paragraph VII for lack of information sufficient to justify a belief as to the truth of the matters asserted therein.

VIII.

Paragraph VIII contains no allegations against Northfield. Therefore, no response is required. To the extent a response is deemed necessary, Northfield denies the allegations except to state that James Aldridge, et al., filed that certain suit bearing original docket number 07-9928, which suit James Aldridge amended on or about January 13, 2009 to assert a claim against NACS (collectively, "Aldridge Complaints"). In further answer, the allegations in Paragraph VIII refer to written documents, which are the best evidence of their own contents. Any allegations that tend to modify, alter, amend, vary, expand, interpret or otherwise characterize the content of those documents are expressly denied.

IX.

Paragraph IX contains no allegations against Northfield. Therefore, no response is required. To the extent a response is deemed necessary, Northfield denies the allegations except to state that Montrell Sineger, et al., filed that certain suit bearing original docket number 09-

2926 against several defendants, including NACS ("Sinegar Complaint"). In further answer, the allegations in Paragraph IX refer to a written document, which is the best evidence of its own contents. Any allegations that tend to modify, alter, amend, vary, expand, interpret or otherwise characterize the content of that documents are expressly denied.

### X.

The allegations in Paragraph X contain no allegations against Northfield. Therefore, no response is required. To the extent a response is deemed necessary, Northfield responds that the allegations in Paragraph X refer to written documents, which are the best evidence of their own contents. Any allegations that tend to modify, alter, amend, vary, expand, interpret or otherwise characterize the contents of those documents are expressly denied.

### XI.

Northfield denies the allegations in Paragraph XI except to state that NACS requested that Northfield defend and indemnify NACS under the Policies against the allegations asserted in the Aldridge Complaints and Sinegar Complaint.

### XII.

Northfield denies the allegations in Paragraph 12 except to state that Northfield issued a letter dated April 14, 2009 to NACS. In further answer, that letter is a written document, which is the best evidence of its contents. Any allegations that tend to modify, alter, amend, vary, expand, interpret, or otherwise characterize the contents of that document is expressly denied.

### XIII.

Paragraph XIII contains no allegations against Northfield, but only a recitation of the preceding allegations. Therefore, no response is required. To the extent a response is deemed

necessary, Northfield adopts and incorporates by reference its answers to Paragraphs I through XII as if set forth in full herein.

## XIV.

The allegations in Paragraph XIV constitute conclusions of law to which no response is required.   To the extent a response is deemed necessary, Northfield denies those legal conclusions.  In further response, the allegations in Paragraph XIV refer to written documents, which are the best evidence of their own contents.  Any allegations that tend to modify, alter, amend, vary, expand, interpret, or otherwise characterize the contents of those documents are expressly denied.

## XV.

Northfield denies the factual allegations in Paragraph XV.  The remaining allegations constitute conclusions of law, to which no response is required. To the extent a response is deemed necessary, Northfield denies those legal conclusions.  In further answer, the allegations in Paragraph XV refer to written documents, which documents are the best evidence of their own contents.  Any allegations that tend to modify, vary, alter, amend, expand, interpret or otherwise characterize the contents of those documents are expressly denied.

## XVI.

The allegations in Paragraph XVI constitute conclusions of law to which no response is required.   To the extent a response is deemed necessary, Northfield denies those legal conclusions.  In further answer, the allegations in Paragraph XVI refer to written documents, which documents are the best evidence of their own contents.  Any allegations that tend to modify, vary, alter, amend, expand, interpret or otherwise characterize the contents of those documents are expressly denied.

XVII.

The allegations in Paragraph XVII constitute conclusions of law to which no response is required.   To the extent a response is deemed necessary, Northfield denies those legal conclusions.   In further answer, the allegations in Paragraph XVII refer to written documents, which documents are the best evidence of their own contents.   Any allegations that tend to modify, vary, alter, amend, expand, interpret or otherwise characterize the contents of those documents are expressly denied.

XVIII.

Paragraph XVIII contains no allegations against Northfield, but only an assertion that declaratory relief will resolve the coverage dispute between NACS and Northfield.   Therefore, no response is required.   To the extent a response is deemed necessary, Northfield submits that declaratory relief is appropriate.

XIX.

The allegations in Paragraph XIX constitute conclusions of law to which no response is required.   To the extent a response is deemed necessary, Northfield denies those legal conclusions and expressly denies any liability to NACS.   In further answer, the allegations in Paragraph XIX refer to a written document, which is the best evidence of its own contents.   Any allegations that tend to modify, vary, alter, amend, expand, interpret or otherwise characterize the contents of those documents are expressly denied.   In further answer, NACS's request for a determination regarding Northfield's indemnity obligations is premature and non-justiciable.

XX.

Paragraph XX contains no allegations against Northfield, but only a recitation of the preceding allegations.   Therefore, no response is required.   To the extent a response is deemed

6

necessary, Northfield adopts and incorporates by reference its answers to Paragraphs I through XIX as if set forth in full herein.

### XXI.

Northfield denies the factual allegations in Paragraph XXI except to state that, upon information and belief, NACS has retained counsel to represent its interests against the Aldridge Complaints and Sinegar Complaint filed before this Court. The remaining allegations constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, Northfield denies those legal conclusions. In further answer, to the extent NACS seeks a determination regarding Northfield's indemnity obligations under the Policies, such request is premature and asks this Court to render an advisory opinion regarding a non-justiciable controversy.

### XXII.

The allegations in Paragraph XXII constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, Northfield denies those legal conclusions and expressly denies any liability to NACS. In further answer, the allegations in Paragraph XXII refer to a written document, which is the best evidence of its own contents. Any allegations that tend to modify, alter, amend, vary, expand, interpret or otherwise characterize the contents of that document are expressly denied.

### XXIII.

The allegations in Paragraph XXIII constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, Northfield denies those legal conclusions and expressly denies any liability to NACS. In further answer, the allegations in Paragraph XXIII refer to a written document, which is the best evidence of its own contents.

Any allegations that tend to modify, alter, amend, vary, expand, interpret or otherwise characterize the contents of that document are expressly denied.

XXIV.

The allegations in Paragraph XXIV constitute conclusions of law and a demand for relief to which no response is required. To the extent a response is deemed necessary, Northfield denies those legal conclusions and expressly denies any liability to NACS.

The final "Wherefore" Paragraph contains no allegations against Northfield, but asserts only a prayer for relief. Therefore, no response is required. To the extent a response is deemed necessary, Northfield expressly denies any liability to NACS.

**AND NOW,** in further answer to the Complaint, Northfield asserts the following Defenses:

**DEFENSES**

**First Defense**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

Plaintiff's Complaint presents a non-justiciable controversy.

**Third Defense**

Plaintiff asks this Court to render an advisory opinion concerning Northfield's indemnity obligations for liability that has not yet been determined.

**Fourth Defense**

Plaintiff's Complaint fails to state a cause of action and/or right of action against Northfield.

## Fifth  Defense

Plaintiff's Complaint fails to provide sufficient specificity in the allegations to permit a full response thereto and, consequently, Northfield reserves its right to raise any and all defenses under any of the Policies at issue or applicable law until the precise nature of the claims are ascertained through discovery or amendment to the pleadings.

## Sixth Defense

Plaintiff's allegations are barred, in whole or in part, to the extent Plaintiff fails to satisfy its burden of proof in establishing the existence of the Policies as well as their terms, conditions, limitations, and exclusions.

## Seventh Defense

Plaintiff's claims are barred, in whole or in part, to the extent the alleged injuries and damages asserted against Plaintiff fall outside the scope of coverage provided by the Policies and/or are barred by the terms, conditions, limitations, and/or exclusions contained in the Policies, all of which are incorporated herein by reference.

## Eighth Defense

Plaintiff's claims are barred, in whole or in part, to the extent the alleged injuries and damages asserted against Plaintiff occurred before the beginning of the Policies' respective coverage periods or after the expiration of the respective Policies' coverage periods.

## Ninth Defense

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks coverage that is expressly excluded by exclusions contained in the Policies.

### Tenth Defense

To the extent Plaintiff's claims seek to impose coverage upon Northfield for punitive or exemplary damages, they are barred from coverage.

### Eleventh Defense

The Policies provide coverage (consistent with all of the terms, conditions, limitations and exclusions therein) only for sums which the insured shall become obligated to pay by reason of liability imposed by law upon the insured. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks to establish coverage for some amount for which the insured is not legally obligated to pay.

### Twelfth Defense

The Policies provide coverage (consistent with all of the terms, conditions, limitations and exclusions therein) only for "bodily injury" or "property damage" asserted against Plaintiff within the meaning of those Policies. Plaintiff's claims are barred, in whole or in part, to the extent that the claims asserted do not constitute "bodily injury" or "property damage" within the meaning of the Policies.

### Thirteenth Defense

Plaintiff's claims are barred, in whole or in part, to the extent that the "bodily injury" or "property damage" asserted against Plaintiff was not caused by an "occurrence" within the meaning of the Policies.

### Fourteenth Defense

Plaintiff's claims are barred, in whole or in part, under the Policies to the extent that any of the alleged "bodily injury" or "property damage" asserted against Plaintiff occurred outside of the covered territory.

### Fifteenth Defense

Plaintiff's claims are barred, in whole or in part, under the Policies to the extent that any of the alleged "bodily injury" or "property damage" asserted against Plaintiff was either expected or intended, either in whole or in part, by the insured or arises from non-fortuitous events.

### Sixteenth Defense

Plaintiff's claims are barred, in whole or in part, under the Policies to the extent the "bodily injury" or "property damage" was known to have occurred before the respective Policy periods.

### Seventeenth Defense

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks to establish coverage excluded by the "pollution" exclusions under Coverage A in the Policies.

### Eighteenth Defense

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks to establish coverage excluded by the "your product" exclusions in the Policies.

### Nineteenth Defense

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks to establish coverage excluded by the "your work" exclusions in the Policies.

### Twentieth Defense

The Policies exclude coverage for property damage to impaired property within the meaning of the policy. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks to establish coverage excluded by the "impaired property" exclusions in the Policies.

### Twenty-First Defense

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks to establish coverage excluded by the product-recall exclusions in the Policies.

### Twenty-Second Defense

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks to establish coverage excluded by the "professional services liability" exclusions in the Policies.

### Twenty-Third Defense

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks to establish coverage excluded by the "punitive damages" exclusions in the Policies.

### Twenty-Fourth Defense

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks to establish coverage excluded by the Fungi or Bacteria exclusions in the Policies.

### Twenty-Fifth Defense

The Policies provide coverage (consistent with all of the terms, conditions, limitations and exclusions therein) only for those sums an insured becomes legally obligated to pay as damages because of "personal and advertising injury" asserted against Plaintiff within the meaning of those Policies.   Plaintiff's claims are barred, in whole or in part, to the extent that the claims asserted do not constitute "personal and advertising injury" within the meaning of the Policies.

### Twenty-Sixth Defense

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks to establish coverage excluded by the "pollution" or "pollution-related" exclusions under Coverage B in the Policies.

### Twenty-Seventh Defense

Coverage under the Policies is barred, in whole or in part, to the extent that the insured failed to comply with all of the terms and conditions of those Policies.

### Twenty-Eighth Defense

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks to establish coverage that is expressly excluded by any of the endorsements contained in the Policies.

### Twenty-Ninth Defense

Only to the extent Northfield has any liability under the Policies, such liability is subject to the limits of liability, aggregates, deductibles, self-insured retentions and/or retrospective premiums contained in the Policies or in any endorsement, and subject to any provisions precluding the stacking or accumulation of multiple limits.

### Thirtieth Defense

Plaintiff's claims are barred, in whole or in part, to the extent the claims are for equitable relief and/or are founded on equitable remedies.

### Thirty-First Defense

Any obligations that Northfield may have under any one of the Policies terminates upon the exhaustion of the limits of liability of that Policy.

### Thirty-Second Defense

Plaintiff's claims are barred, in whole or in part, to the extent any of the alleged bodily injury or property asserted or to be asserted against Plaintiff resulted from known risks for which the insured possessed knowledge and information at the time the respective Policies became effective or were losses in progress at the time the respective Policies became effective.

### Thirty-Third Defense

Plaintiff's claims are barred, in whole or in part, to the extent that the insured's act(s) or failure(s) to act that gave rise to the alleged bodily injury or property damage were in violation of public policy or law.

### Thirty-Fourth Defense

Plaintiff's claims are barred, in whole or in part, to the extent that coverage for the alleged bodily injury or property damage asserted against Plaintiff violates public policy.

### Thirty-Fifth Defense

Plaintiff's claims are barred, in whole or in part, to the extent that the insured failed to comply with the cooperation and assistance clause contained in the Policies.

### Thirty-Sixth Defense

Plaintiff's claims are barred, in whole or in part, to the extent the insured negligently or intentionally concealed, misrepresented or failed to disclose the nature of its operations or other facts material to the risks undertaken by Northfield.

### Thirty-Seventh Defense

Plaintiff's claims are barred, in whole or in part, to the extent that the insured has failed to perform all of its obligations under the Policies.

### Thirty-Eighth Defense

Plaintiff's claims are barred, in whole or in part, to the extent the insured had notice of the claims, conditions, events or damages asserted in the Aldridge Complaints and/or Sinegar Complaint and failed to give timely notice and/or forward every demand, notice, summons or other process to Northfield in accordance with the terms of the Policies and/or other applicable laws or regulations.

### Thirty-Ninth Defense

Plaintiff's claims are barred, in whole or in part, to the extent that the Policies or any rights thereunder have been assigned in contravention of policy terms and conditions.

### Fortieth Defense

Any liability under the Policies is excluded or reduced to the extent that the Plaintiff has other applicable insurance.

### Forty-First Defense

Plaintiff's claims are barred, either in whole or in part, to the extent that the insured compromised or paid any claims or assumed any obligations without first notifying Northfield and obtaining its consent.

### Forty-Second Defense

Any liability under the Policies is excluded or reduced to the extent that the insured has failed to mitigate, minimize, avoid or otherwise abate any damages allegedly sustained.

### Forty-Third Defense

Plaintiff's claims are barred, in whole or in part, by laches, prescription, statute of limitations and/or peremption.

### Forty-Fourth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of res judicata, collateral estoppel, issue preclusion, claim preclusion, accord and satisfaction, prior settlement, releases, compromise, confusion and/or set-off.

### Forty-Fifth Defense

In the alternative, Plaintiff's claims are barred, in whole or in part, by virtue of the doctrines of waiver, estoppel, unclean hands, consent and/or ratification.

### Forty-Sixth Defense

Plaintiff's claims are barred, in whole or in part, to the extent any of the bodily injury damage referred to and alleged in the Complaint was caused by the negligence, strict liability or fault of third parties for which the insured is not liable.

### Forty-Seventh Defense

In the event that Northfield is found liable for any of the Plaintiff's claims, all damages should be apportioned among each of Plaintiff's insurers (including Plaintiff to the extent Plaintiff was self-insured), whether named in this action or not, in proportion to the respective obligations of each such insurer or other defendant.

### Forty-Eighth Defense

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks recovery under statutory and/or codal authorities that were not in effect during the period of time complained of in the Aldridge Complaints and/or Sinegar Complaint and which may not be applied retroactively.

### Forty-Ninth Defense

For the purpose of determining the limits of liability under the Policies (if any), all bodily injury or property damage arising out of continuous or repeated exposure to substantially the same general conditions shall be considered to arise out of one occurrence.

### Fiftieth Defense

To the extent that Plaintiff has harmed, prejudiced or otherwise impaired Northfield's subrogation rights with regard to any of the claims asserted against Plaintiff, there is no coverage under the Policies.

### Fifty-First Defense

Northfield adopts and incorporates all defenses pleaded by other Defendants to this litigation except to the extent they are inconsistent with this answer.

### Fifty-Second Defense

Coverage for Plaintiff's claims is barred, in whole or in part, to the extent Plaintiff seeks to establish coverage for breach of warranty.

### Fifty-Third Defense

Coverage for Plaintiff's claims is barred, in whole or in part, to the extent Plaintiff seeks to establish coverage for breach of implied warranty.

### Fifty-Fourth Defense

Northfield has no liability under any policy allegedly issued by it because the amount of Plaintiff's liability, if any, has not been finally determined either by judgment against Plaintiff after an actual trial or by written agreement of Plaintiff, any claimant, and Northfield.

### Fifty-Fifth Defense

Given the vague allegations contained in the Complaint and Plaintiff's attempt to establish indemnity coverage for non-adjudicated liability, Northfield reserves the right to assert additional defenses arising under law or based upon any conditions, terms, limitations, exclusions, endorsements or other forms forming part of the Policies as additional facts become known or the precise nature of the claims can be ascertained.

### Fifty-Sixth Defense

Northfield specifically reserves the right to plead additional defenses as they become known to Northfield.

**WHEREFORE,** Northfield respectfully requests that this responsive pleading be deemed good and sufficient, and that after all due delays and proceedings are had, that this Court dismiss with prejudice all claims by Plaintiff at Plaintiff's costs and grant all other general and equitable relief to which Northfield may be entitled.

Respectfully submitted,

/s/ Tina L. Kappen
**RALPH S. HUBBARD III, T.A., La. Bar # 7040**
**TINA L. KAPPEN, La. Bar #29579**
**LUGENBUHL, WHEATON, PECK,**
**RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
**Attorneys for Northfield  Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of December, 2009, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system and notice of this filing was sent to all know counsel of record by operation of the court's electronic filing system.

/s/ Tina L. Kappen
Tina L. Kappen