UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 07-1873 |
|       FORMALDEHYDE PRODUCTS | * | |
|       LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Lyndon Wright v. Forest River, Inc., et al.* | * | |
| Docket No. 09-2977 (E.D. La.) |               * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S OPPOSITION TO MOTION TO CERTIFY
FOR INTERLOCUTORY REVIEW PURSUANT TO 28 U.S.C. § 1292(b)
THE COURT'S NOVEMBER 16, 2009 ORDER DENYING
SHAW ENVIRONMENTAL, INC.'S MOTION FOR SUMMARY JUDGMENT
BASED ON PRESCRIPTION**

Plaintiff Lyndon Wright respectfully submits this opposition to Shaw Environmental Inc.'s Motion to certify for interlocutory review the November 16, 2009 Order denying summary judgment based on prescription, and would show as follows:

**I.
ARGUMENT AND AUTHORITIES**

**A. Certification for interlocutory appeal should be used only in exceptional circumstances.**

Certification for interlocutory appeal is limited to extraordinary cases, and is not intended to provide early review of difficult rulings. German by German v. Federal Home Loan Mortg. Corp., 896 F.Supp. 1385, 1398 (S.D.N.Y., 1995).  The procedure should be limited to only those cases in which exceptional circumstances justify departure from the policy of postponing appellate review until after entry of final judgment. In re Flor, 79 F.3d 281, 284 (2nd Cir. 1996). Interlocutory review is not an appropriate vehicle for questioning the correctness of a district

court's ruling, or for attempting to obtain a second, more favorable ruling. Ryan v. Flowserve Corp., 444 F.Supp.2d 718, 272 (N.D.Tex., 2006).

The decision to grant or deny a motion to certify an interlocutory appeal lies within the sound discretion of the district court. *See* OFS Fitel, LLC v. Epstein, Becker and Green, P.C., 549 F.3d 1344, 1358 (11th Cir., 2008)  Because such certification should be granted sparingly, the movant bears the heavy burden of demonstrating that its case is exceptional and warrants immediate appeal. *See* White v. Nix, 43 F.3d 374, 376 (8th Cir., 1994).  Under 28 U.S.C. § 1292(b), the movant must demonstrate (1) a controlling question of law, (2) substantial grounds for a difference of opinion as to the controlling question, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).  Before certification can be ordered, all three requirements must be met. Piazza v. Major League Baseball, 836 F.Supp. 269, 270 (E.D.Pa., 1993).  Even where the three statutory requirements appear to be met, however, the district court has unfettered discretion to deny certification if other factors weigh against it. Transport Workers Union of America, Local 100, AFL-CIO v. New York City Transit Authority, 358 F.Supp.2d 347, 350-51 (S.D.N.Y. ,2005).  In this case, Defendant Shaw Environmental, Inc. ("Shaw") has totally failed to justify its request for certification of an interlocutory review. *See* White, 43 F.3d at 376.

B.  Shaw has failed to identify a controlling question of law.

A "controlling question of law is one that would require reversal if decided incorrectly." APCC Services, Inc. v. Spring Communications Co. L.P., 297 F. Supp. 2d 90, 96 (D.D.C. 2003). Additionally, the question must be one in which the Court of Appeals would be able to rule on a

2

pure question of law without having to delve beyond the surface of the record to determine the facts. McFarlin v. Conseco Services, LLC, 381 F.3d 1251, 1259 (11th Cir., 2004). The questions Shaw has articulated fail to satisfy either of these criteria.

The Order's finding that prescription had been interrupted was independently supported by three separate theories, *i.e.* three different questions of law. A finding that any one of the questions had been decided erroneously would not, therefore, require reversal of the Order, and would not affect the litigation at all. Reversal would result only in the highly unlikely situation that all three questions had been decided incorrectly. None of the questions articulated by Shaw, therefore, can be considered "controlling" for purposes of certification of an interlocutory appeal. *See* APCC Services, Inc., 297 F. Supp. 2d at 96.

Further, the doctrine of *contra non valentum* cannot be considered a pure question of law. The question Shaw presents is not whether the doctrine is capable of interrupting prescription, but rather whether the facts of this particular case were sufficient to justify application of the doctrine. *See* Shaw's Memorandum, p. 2. Answering this question necessarily requires evaluation of numerous factual issues related to whether the cause of action against Shaw was unknown and not reasonably discoverable. *See* Corsey v. State ex re. Dept. of Corrections, 375 So. 26, 1319, 1321-22 (La. 1979). The Appeals Court would be forced to examine the entire factual record to determine the state of the Plaintiff's knowledge, when he acquired the knowledge, and why he could not have acquired the knowledge sooner. Additionally, the course of the extremely complex consolidated litigation would have to be researched for factors preventing the discovery of the cause of action against Shaw. The overwhelming number of fact

issues involved in the *contra non valentum* question thus prevents certification for interlocutory review. *See* McFarlin, 381 F.3d at 1259.

> C. Shaw erroneously attributes substantial grounds for difference of opinion to the questions it identified.

A "substantial ground for difference of opinion" must arise from a genuine doubt as to the correct legal standard. Kapossy v. McGraw-Hill, Inc., 942 F.Supp. 996, 1001 (D.N.J. 1996). A mere claim that the district court's ruling was incorrect does not justify certification for interlocutory review. Wausau Business Ins. Co. v. Turner Const. Co., 151 F.Supp.2d 488, 491 (S.D.N.Y., 2001). Shaw has failed to raise substantial grounds for a difference of opinion on any of the questions it has challenged.

Shaw's only argument as to *American Pipe* consists of citing two cases from jurisdictions other than Louisiana or the Fifth Circuit that held differently than did the Order at issue. Mere disagreement among courts outside the circuit, however, does not justify interlocutory review. Ryan, Beck & Co., LLC v. Fakih, 275 F.Supp.2d 393 398 (E.D.N.Y., 2003).

The doctrine of *contra non valentum* has been granted explicit recognition by Louisiana law. Sprinkle v. Farm Bureau Ins. Companies, 492 F.2d 469, 471 (5th Cir. 1974); Kling Realty Co., Inc. v. Chevron USA, Inc., 575 F.3d 510, 517 (5th Cir. 2009). The Order applied the doctrine pursuant to its finding that the claims against Shaw "were not known or reasonably knowable," a basis that fully comports with Louisiana law. *See* Corsey v. State, Through Dept. of Corrections, 375 So.2d 1319, 1321-22 (La., 1979); Edmundson v. Amoco Production Co., 924 F.2d 79, 82 (5th Cir. 1991). Shaw, however, disingenuously mischaracterizes the Order as

4

dealing with a situation limited to the plaintiff's lack of knowledge as to the identity of the tortfeasor. *See* Shaw's Memorandum, p. 5.  All of the cases Shaw cites are thus in no way determinative of any question relevant to the Order.  Shaw has thus failed to establish grounds for a substantial difference in opinion as to the Order's application of the doctrine of *contra non valentum*. *See* Id.

As regards Louisiana Civil Code Article 2324, Shaw argues only that no case has held that the Article applies to putative class members.  The fact that a disputed issue is a question of first impression, without more, however, is insufficient to demonstrate a substantial ground for difference of opinion warranting certification for interlocutory appeal. Klein v. Vision Lab Telecommunications, Inc., 399 F.Supp.2d 528, 537, (S.D.N.Y. 2005).

Shaw's arguments fall woefully short of establishing substantial grounds for a difference of opinion as to any of the questions it identified.  Without such a showing, its motion for certification for interlocutory review should be denied. *See* Kapossy, 942 F.Supp. at 1001.

D. Shaw has failed to demonstrate that interlocutory review would materially advance the ultimate termination of the litigation.

For interlocutory review of the Order to make any difference at all in the litigation, the Court of Appeals would have to find that all three questions identified by Shaw were incorrectly decided.  Shaw, however, has failed to present persuasive argument that any of the decisions were erroneous.  Additionally, since Shaw failed to demonstrate the existence of the first two requirements for interlocutory review, it is unlikely that that the Appeals Court would even grant an immediate review. *See* OFS Fitel, LLC., 549 F.3d at 1358.  Thus, Shaw has failed to

5

demonstrate that certification for interlocutory review would have any effect other than delay of the litigation. Shaw's motion for certification for interlocutory review, therefore, should be denied. *See* Piazza, 836 F.Supp. at 270.

## IV.
## CONCLUSION

The Court's November 16, 2009 Order is not appropriate for certification for interlocutory review. Because the Order was based on three independent theories, none are, in and of themselves, controlling. Shaw has additionally failed to establish a "substantial ground for difference of opinion" as to any of the three questions, and has failed to persuade that even one was decided incorrectly. Since the Order does not meet the requirements for interlocutory review, it is doubtful that it would be heard by the Appeals Court even if certified. Because certification for interlocutory review would result in nothing other than delay, Shaw's motion should be denied.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
   GERALD E. MEUNIER, #9471
   **PLAINTIFFS' CO-LIAISON COUNSEL**
   Gainsburgh, Benjamin, David, Meunier &
   Warshauer, L.L.C.
   2800 Energy Centre, 1100 Poydras Street
   New Orleans, Louisiana 70163
   Telephone:   504/522-2304
   Facsimile:   504/528-9973
   gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:    504/528-9973
jwoods@gainsben.com


**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
ROBERT BECNEL, #14072
DENNIS REICH, Texas # 16739600

**CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                        s/Gerald E. Meunier
                                        GERALD E. MEUNIER, #9471