UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-5"<br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

THIS DOCUMENT RELATES TO:
*Castanel, et al v. Recreation by Design, et al,*
*No. 09-3251*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS
THE CLAIMS OF PLAINTIFF EARLINE CASTANEL'S FTCA
FOR LACK OF SUBJECT MATTER JURISDICTION**

**MAY IT PLEASE THE COURT:**

### INTRODUCTION

In its Motion to Dismiss under Fed. R. Civ. P. 12(b)(1), Fed. R. Civ. P. 12(b)(3), or alternatively, Fed. R. Civ. P. 56(b) the defendant United States of America ("United States" or "Government") avers that the Federal Tort Claim Act's ("FTCA") two-year statute of limitations, 28 U.S.C. §2401(b), bars plaintiff Earline Castanel's claims in this action, mandating a dismissal for lack of subject matter jurisdiction. Plaintiff respectfully submits, however, that in all respects the instant motion is without merit.

Earline Castanel, on August 7, 2008, submitted an administrative claim against the United States. The FTCA provides that "a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. §2401(b). Earline Castanel respectfully asserts that she properly filed the administrative claim within two years of the accrual of her claim.

1

**ARGUMENT**

**I.     Earline Castanel Did Not Have Sufficient Information to Start Accrual until after March 2007.**

Plaintiff agrees that generally, a tort action under the FTCA accrues at the time of a plaintiff's injury. *United States v. Kubrick*, 444 U.S. 111, 120 (1979). However, federal courts have not hesitated to impose a less stringent standard – the "discovery rule" of accrual – in instances of medical malpractice, latent injuries, or toxic exposure. *See e.g., Johnson v. United States*, 460 F.3d 616, 622 (5th Cir. 2006); *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983); *Stoleson v. United States*, 629 F.2d 1265 (7th Cir. 1980).

Though defendant intimates that the discovery rule may only apply to medical malpractice cases, the history of the rule suggests otherwise. The Fifth Circuit has recognized that the United States Supreme Court's decision in *Urie v. Thompson*, 337 U.S. 163 (1949), served as a precursor to the application of the discovery rule to FTCA claims. *See Quinton v. United States*, 304 F.2d 234, 240-41 (5th Cir. 1962). *Urie* did not involve a medical malpractice claim, but rather a railroad fireman who claimed he contracted silicosis after long-term exposure to silica dust. 337 U.S. at 165-66. The Supreme Court held that the plaintiff's claim did not accrue until after he discovered the existence and *the cause* of his ailment. *Id.* at 170. As has been noted by the Seventh Circuit, "*Urie* teaches that it is the nature of the problems faced by a plaintiff in discovering his injury and its cause, and not the occupation [i.e., whether the case sounds in malpractice against a physician] of the defendant, that governs the applicability of the discovery rule." *Stoleson*, 629 F.2d at 1269. From the facts pertinent herein, it is clear that Earline Castanel faced understandable obstacles in learning about the existence *and cause* of her

injuries, so that this Court now should afford her every benefit of application of the discovery rule in determining the legal "accrual" date of her injuries.

In the wake of Hurricane Katrina, Earline Castanel was displaced from her home and believes that she did not return to New Orleans until February 2006. Roughly five to six weeks after taking residency in the unit at issue, Earline Castanel began to suffer breathing and sinus problems. *See* Ex. 2 attached to Defendant's Motion [Deposition of Earline Castanel] at 41-42:7-1. However, Ms. Castanel at that time did not associate her symptoms with formaldehyde emissions present in the temporary residence, and neither did she have any cause or reason to do so. In fact, Earline Castanel did not even know about formaldehyde or potential health risks at that time.

The Fifth Circuit held in *MacMillan v. United States* that the key inquiry under the discovery rule of injury accrual is whether – and when – the plaintiff knew, or in the exercise of reasonable diligence should have discovered *the cause* of the plaintiff's injuries. 46 F.3d 377, 381 (5th Cir. 1995).  Ms. Castanel testified in her deposition that she did not know the cause of her injuries while she was living in the travel trailer at issue.  When discussing her injuries Ms. Castanel stated, "I don't know what it was being caused by, I just know I felt it." *See* Deposition testimony of Earline Castanel, p. 34-35, attached as Exhibit A. Again, Ms. Castanel in her conversations with her neighbor, Ms. Robin, she stated that she didn't know what was causing her injuries. *See* Exhibit A, p. 51.  Ms. Castanel did not know of the cause of her injuries until after she moved out of the trailer, as early as March of 2007.  It was at this time that she first became aware of the presence of formaldehyde and that it could have been causing her injuries. *See* Exhibit A, p. 82-93.

To be clear, it is not plaintiff Earline Castanel's contention that ignorance of her legal rights delayed the accrual of her claims. Rather, plaintiff asserts that facts as to the causal relationship between formaldehyde exposure and her injuries in this housing unit were in the control of the defendant United States and were unavailable, to her or at least very difficult for her to obtain. In the seminal FTCA claim accrual case, *United States v. Kubrick,* the Supreme Court held that:

> a plaintiff's ignorance of his legal rights and his ignorance of the fact of his injury or its cause should [not] receive identical treatment. That he has been injured in fact may be unknown or unknowable until the injury manifests itself; and the facts about causation may be in the control of the putative defendant, unavailable to the plaintiff or at least very difficult to obtain. The prospect is not so bleak for a plaintiff in possession of the critical facts that he has been hurt and who has inflicted the injury. He is no longer at the mercy of the latter.

444 U.S. 111, 122 (1979). Here, plaintiff Earline Castanel clearly was not "in possession of the critical facts" that she was injured by formaldehyde exposure, and did not know who "inflicted the injury" until after she had moved out of the travel trailer. Prior to that time, Earline Castanel was "at the mercy" of the United States, as the Government withheld information from her about the danger and health risks of formaldehyde in federally provided travel trailers.

By the defendant's own admission in support of the instant motion, "[t]he crux of the FTCA's accrual rule is that once there is sufficient information that would lead a reasonable person to inquire further into the facts to ascertain whether there is a cause of action, that person then has two years to determine whether to file an administrative claim." *See* Defendant's Motion to Dismiss, No. 07-1873, Rec. Doc. 8629-2, p. 12 (E.D. La. Dec. 7, 2009). Contrary to the United States' contention, Ms. Castanel did not have sufficient information in March or April of 2006 that would prompt a reasonable person to inquire further into the facts to ascertain whether

4

there was a cause of action for her injuries. It was not until after Ms. Castanel vacated her trailer, that she learned about dangerous formaldehyde emissions in the trailers such as hers. Consequently, Ms. Castanel's claims against the United States could not have accrued until after March 2007 at the earliest. Earline Castanel's administrative filing in August 2008 is well within the two-year statute of limitations imposed by the FTCA. Accordingly, plaintiff asks the Court to deny the instant motion to dismiss, as the Court has subject matter jurisdiction over all of Earline Castanel's claims.

## II. Earline Castanel Suffered Injury until She Moved Out of the Travel Trailer in March 2007, At Which Point Her Claim Accrued.

Even if the Court chooses to apply the general rule that a tort action under the FTCA accrues at the time of a plaintiff's injury, the nature of the injury claimed herein is such that Earline Castanel still filed the administrative claim within the two-year statute of limitations provided by 28 U.S.C. §2401(b). Plaintiff submits, and intends to prove at trial, that Earline Castanel sustained an ongoing and continuous injury caused by formaldehyde exposure during the period she lived in the unit at issue. Because Earline Castanel filed her claim within two years of March 2007, her alleged move-out date, this Court has subject matter jurisdiction over her claims.

In *Albertson v. T.J. Stevensen & Co., Inc.*, the Fifth Circuit applied the "time of event" rule of accrual to a toxic exposure case. 749 F.2d 223, 232-33 (5th Cir. 1984). The plaintiff, Albert Albertson, worked as an electrician aboard a ship for a four-month period between November 1968 and February 1969. *Id.* at 226. Albertson claimed that he used an undiluted toxic chemical to clean electrical equipment on the ship, which caused headaches on five or six

5

occasions. *Id.* at 226-27. Later, however, Albertson suffered severe physical and psychiatric problems that he attributed to the toxic exposure. *Id.* at 227-28. In determining the appropriate trigger date for the statute of limitations, the Fifth Circuit found that "Albertson possessed the critical facts of his injury and its cause *at the time he endured the last exposure* to the [chemical]," and he "either possessed or had a reasonable opportunity to discover the critical facts of his injury and its cause *at the time of his last exposure* to the [chemical]." *Id.* at 233 (emphasis added). The Fifth Circuit therefore found that his "cause of action accrued at that time," in 1969. *Id.*

Upon information and belief, Earline Castanel was last exposed to the formaldehyde fumes in March 2007. Under the law applicable to continuous toxic exposure claims under the FTCA, and independent of the discovery rule, Earline Castanel's claim did not accrue until the time she endured the last exposure to formaldehyde. Consequently, her claims against the United States did not accrue until the March 2007 exposure to formaldehyde emissions in the trailer. Assuming *arguendo*, therefore, that Earline Castanel possessed or had a reasonable opportunity to discover the critical facts of her injury while she resided in the trailer, she still has filed an administrative claim against the defendant within the two year statute of limitations under the FTCA. On this additional basis, plaintiff respectfully submits that the Court should deny the instant motion to dismiss under Fed R. Civ. P. 12(b)(1), 12(h)(3), or alternatively, Fed R. Civ. P. 56(b).

## CONCLUSION

For the foregoing reasons, plaintiff respectfully submits that the defendant's 12(b)(1), 12(h)(3) or alternatively, Fed. R. Civ. P. 56(b) motion should be denied.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

**BY:** s/Gerald E. Meunier
**GERALD E. MEUNIER, #9471**
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
ROBERT M. BECNEL, #14072
RAUL BENCOMO, #2932
FRANK D'AMICO, JR., #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
DENNIS REICH, Texas #16739600
MIKAL C. WATTS, Texas #20981820

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 22, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                                           s/Gerald E. Meunier
                                                          GERALD E. MEUNIER, #9471