UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: FEMA TRAILER | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | |
| LIABILITY LITIGATION | |
| | SECTION "N" (4) |
| THIS DOCUMENT RELATES TO: | |
| *Helen Albarado, et al. v. Morgan Buildings & Spas, Inc., et al.,* | |
| No. 09-3829 | |

**************************************************************************

## SECOND SUPPLEMENTAL AND AMENDED COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come **Helen Albarado**, *et al.*, who supplement and amend their original Complaint for Damages *Helen Albarado, et al. v. Morgan Buildings & Spas, Inc., et al.,* **No. 09-3829** (Rec. Doc. 1) filed on June 11, 2009, and as amended (Rec. Doc. 2387) on July 30, 2009. Plaintiffs seek to supplement and amend the original Complaint for Damages to add the named plaintiff(s) listed in Exhibit A, attached, to add a manufacturer defendant, add relevant allegations pertaining to the defendants, and to reassert all claims against the defendants named herein.

While no answer has been filed in the underlying matter, responsive pleadings in the form of "Preservation of Defenses" may have been filed by one or more of the defendants. Plaintiffs herein simply desire to file a Second Supplemental and Amending Complaint for Damages to include the additional parties plaintiff and defendant. No undue prejudice will result in allowing the attached Second Supplemental and Amending Complaint for Damages to be filed since no trial date has yet been scheduled.

1

Plaintiffs supplement and amend the original, underlying Complaint for Damages, as amended, in the following respects and otherwise reiterate and reaver all of the allegations, claims and prayers for relief contained therein.

1.

By supplementing **Section I.** (Parties), paragraph 2 of the Original Complaint for Damages by adding as parties plaintiff hereto the individuals who are all named in the annexed listing of all Named Plaintiffs (hereinafter, "Exhibit A").

2.

By supplementing and amending **Section I.** (Parties), paragraph 3 of the Original Complaint for Damages to restate the allegations as to the defendant Morgan Buildings & Spas, Inc. as follows:

"3. Defendant **Morgan Buildings & Spas, Inc.** ('Morgan') is upon information and belief a Nevada corporate entity which conducts business in the States of Louisiana, Mississippi, Alabama, and Texas, and which manufactured and supplied FEMA trailers or housing units as defined below pursuant to contracts with FEMA for use in the States of Louisiana, Mississippi, Alabama, and Texas. Specifically, as relates to Louisiana plaintiffs, Morgan is a manufacturer under La. R. S. 9:2800.51, *et. seq.* because it labeled or otherwise held itself out as the manufacturer of FEMA trailers or housing units. In addition, Morgan received a contract from the United States to identify, select and procure temporary housing units for those displaced by Hurricanes Katrina and Rita, and in this capacity also is a 'Procurement Defendant'."

3.

By supplementing and amending **Section I.** (Parties), paragraph 3 of the Original Complaint for Damages to add a related defendant Morgan Building Systems, Inc. as follows:

"3.A    Defendant **Morgan Building Systems, Inc.** ('Morgan Systems') is upon information and belief an Illinois corporate entity which conducts business in the States of Louisiana, Mississippi, Alabama, and Texas, and which manufactured and supplied FEMA trailers or housing units as defined below pursuant to contracts with FEMA for use in the States of Louisiana, Mississippi, Alabama, and Texas.  Specifically, as relates to Louisiana plaintiffs, Morgan is a manufacturer under La. R. S. 9:2800.51, *et. seq.* because it labeled or otherwise held itself out as the manufacturer of FEMA trailers or housing units.  In addition, Morgan received a contract from the United States to identify, select and procure temporary housing units for those displaced by Hurricanes Katrina and Rita,  and in this capacity also is a 'Procurement Defendant'."

4.

By amending the Original Complaint to substitute the terms "Morgan and Morgan Systems" for each and every occurrence of the term "Morgan".

5

By supplementing and amending **Section III.** (Facts and General Allegations), of the Original Complaint to add the following allegations:

"34.A  In response to hurricanes Katrina and Rita, FEMA, upon information and belief, tasked the Procurement Defendants with the identification, selection and procurement of approximately 143,000 temporary housing units (i.e., travel trailers, park models, mobile homes and manufactured housing) pursuant to the direct housing assistance

provisions of the Stafford Act, which FEMA purchased from the manufacturers and off dealer lots, and intended for Gulf Coast residents in the four states at issue.

34.B At all times, the Procurement Defendants identified, selected and procured housing units, and in particular travel trailers, for FEMA to utilize as temporary housing under the Stafford Act, while failing to consult with the manufacturers regarding the warnings or instructions against the use of travel trailers for extended occupancy.

34.C The Procurement Defendants communicated with manufacturers prior to hurricanes Katrina and Rita regarding the financial opportunities associated with the provision of travel trailers as temporary housing units, but failed to take into account or research the health concerns relating to formaldehyde exposure to occupants of the travel trailers and other foreseeable problems and defects which would occur during an extended occupancy.

34.D The Procurement Defendants knew or should have known that the Federal Government's intended use of the travel trailers and other temporary housing units was for residential occupancy for periods up to eighteen months, if not longer, pursuant to the emergency housing mandate of the Stafford Act.

34.E The Procurement Defendants knew or should have known that the manufacturers' intended use of the travel trailers was for intermittent, recreational use, and that the travel trailers were designed as recreational vehicles rather than permanent or long-term housing units. Further, the Procurement Defendants knew or should have known that the manufacturers' warned against long-term occupancy of the travel trailers.

34.F Following the procurement of the temporary housing units by the Procurement Defendants, the Federal Government contracted with the No-Bid Defendants to

implement the mandates of the Stafford Act in the areas affected by hurricanes Katrina and Rita."

6.

By supplementing and amending **Section III.** (Facts and General Allegations), of the Original Complaint to amend the following allegations:

"35. In order to implement and manage its disaster response obligation and temporary housing mandate under the Stafford Act, FEMA engaged one or more of the No-Bid Defendants with No-Bid contracts, eventually amounting to billions of dollars. The Federal Government also relied on the expertise and knowledge of the No-Bid Defendants and the Procurement Defendants to provide information and advice on, among other things, the conversion of mobile travel trailers into temporary housing units for periods up to, and potentially exceeding, eighteen months in duration."

7.

By supplementing and amending **Section III.** (Facts and General Allegations), of the Original Complaint to add the following allegations:

"55.A The Procurement Defendants knowingly and intentionally identified, selected and procured approximately 140,000 travel trailers for converted use by FEMA as temporary housing units, despite the manufacturers' clearly expressed warnings against using the travel trailers for that purpose. In doing so, the Procurement Defendants created and contributed to a situation where hundreds of thousands of people displaced by hurricanes Katrina and Rita were exposed to elevated and hazardous levels of formaldehyde."

8.

By supplementing and amending **Section III.** (Facts and General Allegations), of the Original Complaint to add the following allegations:

## "COUNT 5
## NEGLIGENCE OF PROCUREMENT DEFENDANTS

108.A   Named Plaintiffs incorporate the above allegations as if fully repeated verbatim herein.

108.B   At all relevant times the Procurement Defendants were tasked with the identification, selection and procurement of FEMA temporary housing units for use in Louisiana following hurricanes Katrina and Rita.

108.C   The Procurement Defendants owed a duty to Named Plaintiffs to select units which were suitable for the intended purpose of extended habitation up to and exceeding 18 months.

108.D   At all relevant times, the Procurement Defendants were in communication with the manufacturers of the subject housing units, including travel trailers, regarding their use as temporary housing units for FEMA in response to hurricanes Katrina and Rita.

108.E   The Procurement Defendants knew or should have known when they identified, selected and procured the housing units for use as temporary housing units that the manufacturers specifically warned against such use, and clearly indicated in the various owners' manuals for travel trailers in particular that these were recreational vehicles designed to be mobile and towable, and were expressly not designed for use as permanent dwellings.

108.F   The Procurement Defendants knew or should have known that the housing units and travel trailers in particular off-gassed formaldehyde and that extended habitation

would expose residents to elevated levels of formaldehyde, increased moisture and condensation and a deterioration of the internal soft goods, all of which rendered the travel trailers unfit for FEMA's intended purpose of extended occupancy.

108.G The Procurement Defendants knowingly and intentionally elected to procure housing units and travel trailers in particular instead of alternative housing more fit for extended occupancy.

108.H The Procurement Defendants breached their duty to Plaintiffs in failing to act reasonably in the identification, selection and procurement of the temporary housing units, specifically by:

a. Failing to sufficiently consult with the manufacturers of the subject housing units regarding their use as FEMA temporary housing units;

b. Failing to advise FEMA as to the inadequacy of the travel trailers as temporary housing units; and,

c. Knowingly and intentionally selecting the subject housing units, and travel trailers in particular, for use as temporary housing units, rather than alternative housing more fit for extended occupancy.

108.I The Procurement Defendants' actions were the proximate cause of the increased exposure of formaldehyde to the Named Plaintiffs, by selecting travel trailers for use as temporary housing units.

108.J The Procurement Defendants contributed to the adverse health impacts upon the residents of the temporary housing units by selecting units unfit for extended occupancy."

9.

By supplementing and amending the Original Complaint to add the term "Procurement Defendants" to follow the Terms "Morgan and Morgan Systems" in the **COMPENSATORY DAMAGES** paragraph and in the **PRAYER FOR RELIEF**.

**WHEREFORE**, plaintiffs respectfully supplement and amend the Original Complaint for Damages, as previously amended, in the foregoing respects, they otherwise reiterate and re-aver all of the allegations, claims and prayers for relief contained therein.

Respectfully submitted,

LAW OFFICES OF SIDNEY D. TORRES, III,
*A PROFESSIONAL LAW CORPORATION*

BY:      s/ Roberta L. Burns
SIDNEY D. TORRES, III, La. Bar No. 12869
ROBERTA L. BURNS, La. Bar No. 14945
DAVID C. JARRELL, La. Bar No. 30907
8301 W. Judge Perez Drive
Suite 303
Chalmette, Louisiana 70043
Telephone: (504) 271-8421
***Counsel for plaintiffs***

**SERVICE OF PROCESS INFORMATION**

1. **The United States of America**
   Through the United States Attorney General,
   Hon. Eric H. Holder, Jr.
   U.S. Department of Justice
   950 Pennsylvania Avenue, NW
   Washington, DC 20530-0001
   And
   Through the Office of the U.S. Attorney for the Eastern District of Louisiana
   Through Jim Letten, United States Attorney
   Hale Boggs Federal Building
   500 Poydras Street, Suite B-210
   New Orleans, Louisiana 70130

2. **Federal Emergency Management Agency**
   Through the Office of the Director
   Administrator of the Federal Emergency Management Agency
   500 C Street S.W.
   Washington, D.C. 20472

3. **Morgan Buildings & Spas, Inc.**
   Through its Agent for Service of Process
   C T Corporation System
   5615 Corporate Blvd.
   Ste. 400B
   Baton Rouge, LA 70808

4. **Morgan Building Systems, Inc.**
   Through its Agent for Service of Process
   C T Corporation System
   5615 Corporate Boulevard, Suite 400B
   Baton Rouge, LA 7080

5. **Shaw Environmental, Inc.**
   Through its Counsel of Record
   Karen Whitfield
   Baker Donelson, Bearman, Caldwell & Berkowitz, PC
   201 St. Charles Ave.
   Suite 3600
   New Orleans, LA 70170

6. **Fluor Enterprises, Inc.**
   Through its Counsel of Record

Charles Penot
Middleberg Riddle and Gianna
KPMG Centre
Suite 2400
717 Harwood
Dallas, TX 75201

7. **CH2M Hill Constructors, Inc.**
   Through its Counsel of Record
   Gerardo Barrios
   Baker Donelson, Bearman, Caldwell & Berkowitz, PC
   #3 Sanctuary Boulevard
   Suite 201
   Mandeville, LA 70471