UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE | * | MDL NO. 1873 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO: *09-3922* | * | |
| *Antoine Prince, Sr., et al. v. Liberty Mutual Ins. Corp., et al.* | * | MAGISTRATE CHASEZ |
| | * | |
| | * | JURY DEMAND |

*******************************************************************************

**PLAINTIFFS' UNOPPOSED THIRD SUPPLEMENTAL AND AMENDING
COMPLAINT FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, come Plaintiffs in the above referenced matter, who through undersigned counsel, respectfully supplement and amend their Original and First Supplemental and Amending Complaints for Damages in the following respects and otherwise reiterate and re-aver all of the allegations, claims and prayers for relief contained therein.

**1.**

The following defendants are added as parities:

a.  Upon information and belief, Defendant Arch Specialty Insurance Company, (hereinafter, "Arch"), is, upon information and belief, an entity incorporated in a state other than the state of Louisiana, with its principle place of business in a state other than the state of Louisiana, licensed to do business in the State of Louisiana and in good standing.  Further, defendant Arch provided insurance coverage for the matters, risks, and things for which Plaintiffs assert herein and in their underlying complaints against R-Vision,

1

        Inc. (hereinafter, "R-Vision"), which manufactured and supplied FEMA trailers or housing units as defined in the underlying complaints pursuant to contracts with FEMA for use in the State of Louisiana. Thus, affording Plaintiffs the right to proceed against Arch under the provisions of the Louisiana Direct Action Statute, LSA-R.S. §1269.

b.    Upon information and belief, Defendant Lexington Insurance Company, (hereinafter, "Lexington"), is, upon information and belief, an entity incorporated in a state other than the state of Louisiana, with its principle place of business in a state other than the state of Louisiana, licensed to do business in the State of Louisiana and in good standing. Further, defendant Lexington provided insurance coverage for the matters, risks, and things for which Plaintiffs assert herein and in their underlying complaints against R-Vision, which manufactured and supplied FEMA trailers or housing units as defined in the underlying complaints pursuant to contracts with FEMA for use in the State of Louisiana. Thus, affording Plaintiffs the right to proceed against Lexington under the provisions of the Louisiana Direct Action Statute, LSA-R.S. §1269.

c.    Upon information and belief, Defendant Westchester Surplus Lines Insurance Company, (hereinafter, "Westchester"), is, upon information and belief, an entity incorporated in a state other than the state of Louisiana, with its principle place of business in a state other than the state of Louisiana, licensed to do business in the State of Louisiana and in good standing.

Further, defendant Westchester provided insurance coverage for the matters, risks, and things for which Plaintiffs assert herein and in their underlying complaints against R-Vision, which manufactured and supplied FEMA trailers or housing units as defined in the underlying complaints pursuant to contracts with FEMA for use in the State of Louisiana. Thus, affording Plaintiffs the right to proceed against Westchester under the provisions of the Louisiana Direct Action Statute, LSA-R.S. §1269.

**2.**

The following paragraphs are added to "II. Jurisdiction and Venue" of the Original Complaint for Damages:

a. Arch is subject to the *in personam* jurisdiction of this Court because it and its insured client, R-Vision, does sufficient business in the State of Louisiana and within this federal district to confer same, and at all relevant times hereto engaged in commerce both in this federal district and in the State of Louisiana with respect to the activities and claims which are the subject of this litigation.

b. Lexington is subject to the *in personam* jurisdiction of this Court because it and its insured client, R-Vision, does sufficient business in the State of Louisiana and within this federal district to confer same, and at all relevant times hereto engaged in commerce both in this federal district and in the State of Louisiana with respect to the activities and claims which are the subject of this litigation.

    c.      Westchester is subject to the *in personam* jurisdiction of this Court because it and its insured client, R-Vision, does sufficient business in the State of Louisiana and within this federal district to confer same, and at all relevant times hereto engaged in commerce both in this federal district and in the State of Louisiana with respect to the activities and claims which are the subject of this litigation.

**3.**

The following counts are added:

**COUNT 4:**

**CAUSE OF ACTION AGAINST ARCH UNDER THE
LOUISIANA PRODUCTS LIABILITY ACT**

a.      Named Plaintiffs incorporate the above allegations and their allegations in the Original and First Supplemental and Amending Complaints as if fully repeated verbatim herein.

b.      R-Vision is the manufacturer of the housing unit occupied by the Named Plaintiffs, which unit constitutes a product under the Louisiana Products Liability Act (hereinafter, "LPLA").

c.      The exposure to Named Plaintiffs to formaldehyde fumes from R-Vision's products and equipment resulted from the normal, foreseeable, and intended use of the product and equipment, without substantial alteration in the condition in which R-Vision sold the housing unit.

d.      The design of the housing unit, using plywood, press board, other composite wood products and other products that contain formaldehyde is defective

and posed an unreasonable risk of harm to Named Plaintiffs.

e. Alternatively, the use of plywood, press board, other composite wood products and other products that contain formaldehyde constitutes a defect in composition or manufacture that posed an unreasonable risk of harm to Named Plaintiffs.

f. R-Vision's product, equipment and supplies used by Named Plaintiffs was in a defective condition and was unreasonably dangerous under normal use at the time the product and equipment left R-Vision's control. Named Plaintiffs were intended and foreseeable users of the alleged defective product and damages and losses to Named Plaintiffs reasonably could have been anticipated by R-Vision.

g. The defects in R-Vision's housing unit is the result of and/or includes, but is not limited to, the following:

h. In failing to design their respective product so as not to emit dangerous levels of formaldehyde;

i. In providing a housing unit which, by virtue of its design and/or manufacture and/or composition, was unreasonably dangerous under reasonably anticipated use;

j. In providing a housing unit which, by virtue of a lack of an adequate warning(s), was unreasonably dangerous under reasonably anticipated use;

k. In providing a housing unit which did not conform to the express warranties made by R-Vision regarding its fitness for use as reasonably anticipated;

l.  In manufacturing, testing, marketing, distributing, licensing and selling of an unreasonably dangerous housing unit;

m.  In failing to properly test the housing unit to correctly evaluate the level of emissions of formaldehyde under foreseeable conditions for extended periods of time;

n.  In failing to warn Named Plaintiffs of the unreasonably dangerous nature of the housing unit occupied by the Plaintiffs, or warn adequately of the presence of excessive levels of emissions of formaldehyde and the hazards associated with the excess levels of emissions of formaldehyde in the unit.

o.  In failing to ensure that the housing unit it manufactured and provided to Named Plaintiffs was suitable for its intended use;

p.  In failing to adhere to any and all express warranties of fitness and safety for the housing unit they manufactured and provided;

q.  In manufacturing and providing a housing unit which was unduly dangerous due to its emissions of formaldehyde; and,

r.  Such other indicia of fault under the LPLA as will be shown at the trial of this matter.

### COUNT 5:

### CAUSE OF ACTION AGAINST LEXINGTON UNDER THE LOUISIANA PRODUCTS LIABILITY ACT

a.  Named Plaintiffs incorporate the above allegations and their allegations in the Original and First Supplemental and Amending Complaints as if fully repeated verbatim herein.

b. R-Vision is the manufacturer of the housing unit occupied by the Named Plaintiffs, which unit constitutes a product under the Louisiana Products Liability Act (hereinafter, "LPLA").

c. The exposure to Named Plaintiffs to formaldehyde fumes from R-Vision's products and equipment resulted from the normal, foreseeable, and intended use of the product and equipment, without substantial alteration in the condition in which R-Vision sold the housing unit.

d. The design of the housing unit, using plywood, press board, other composite wood products and other products that contain formaldehyde is defective and posed an unreasonable risk of harm to Named Plaintiffs.

e. Alternatively, the use of plywood, press board, other composite wood products and other products that contain formaldehyde constitutes a defect in composition or manufacture that posed an unreasonable risk of harm to Named Plaintiffs.

f. R-Vision's product, equipment and supplies used by Named Plaintiffs was in a defective condition and was unreasonably dangerous under normal use at the time the product and equipment left R-Vision's control. Named Plaintiffs were intended and foreseeable users of the alleged defective product and damages and losses to Named Plaintiffs reasonably could have been anticipated by R-Vision.

g. The defects in R-Vision's housing unit is the result of and/or includes, but is not limited to, the following:

7

h.  In failing to design their respective product so as not to emit dangerous levels of formaldehyde;

i.  In providing a housing unit which, by virtue of its design and/or manufacture and/or composition, was unreasonably dangerous under reasonably anticipated use;

j.  In providing a housing unit which, by virtue of a lack of an adequate warning(s), was unreasonably dangerous under reasonably anticipated use;

k.  In providing a housing unit which did not conform to the express warranties made by R-Vision regarding its fitness for use as reasonably anticipated;

l.  In manufacturing, testing, marketing, distributing, licensing and selling of an unreasonably dangerous housing unit;

m.  In failing to properly test the housing unit to correctly evaluate the level of emissions of formaldehyde under foreseeable conditions for extended periods of time;

n.  In failing to warn Named Plaintiffs of the unreasonably dangerous nature of the housing unit occupied by the Plaintiffs, or warn adequately of the presence of excessive levels of emissions of formaldehyde and the hazards associated with the excess levels of emissions of formaldehyde in the unit.

o.  In failing to ensure that the housing unit it manufactured and provided to Named Plaintiffs was suitable for its intended use;

p.  In failing to adhere to any and all express warranties of fitness and safety for the housing unit they manufactured and provided;

q.  In manufacturing and providing a housing unit which was unduly dangerous due to its emissions of formaldehyde; and,

r.  Such other indicia of fault under the LPLA as will be shown at the trial of this matter.

## COUNT 6:

### CAUSE OF ACTION AGAINST WESTCHESTER UNDER THE LOUISIANA PRODUCTS LIABILITY ACT

a.  Named Plaintiffs incorporate the above allegations and their allegations in the Original and First Supplemental and Amending Complaints as if fully repeated verbatim herein.

b.  R-Vision is the manufacturer of the housing unit occupied by the Named Plaintiffs, which unit constitutes a product under the Louisiana Products Liability Act (hereinafter, "LPLA").

c.  The exposure to Named Plaintiffs to formaldehyde fumes from R-Vision's products and equipment resulted from the normal, foreseeable, and intended use of the product and equipment, without substantial alteration in the condition in which R-Vision sold the housing unit.

d.  The design of the housing unit, using plywood, press board, other composite wood products and other products that contain formaldehyde is defective and posed an unreasonable risk of harm to Named Plaintiffs.

e.  Alternatively, the use of plywood, press board, other composite wood products and other products that contain formaldehyde constitutes a defect in composition or manufacture that posed an unreasonable risk of harm to

        Named Plaintiffs.

f.      R-Vision's product, equipment and supplies used by Named Plaintiffs was in a defective condition and was unreasonably dangerous under normal use at the time the product and equipment left R-Vision's control. Named Plaintiffs were intended and foreseeable users of the alleged defective product and damages and losses to Named Plaintiffs reasonably could have been anticipated by R-Vision.

g.      The defects in R-Vision's housing unit is the result of and/or includes, but is not limited to, the following:

h.      In failing to design their respective product so as not to emit dangerous levels of formaldehyde;

i.      In providing a housing unit which, by virtue of its design and/or manufacture and/or composition, was unreasonably dangerous under reasonably anticipated use;

j.      In providing a housing unit which, by virtue of a lack of an adequate warning(s), was unreasonably dangerous under reasonably anticipated use;

k.      In providing a housing unit which did not conform to the express warranties made by R-Vision regarding its fitness for use as reasonably anticipated;

l.      In manufacturing, testing, marketing, distributing, licensing and selling of an unreasonably dangerous housing unit;

m.      In failing to properly test the housing unit to correctly evaluate the level of emissions of formaldehyde under foreseeable conditions for extended

      periods of time;

n.    In failing to warn Named Plaintiffs of the unreasonably dangerous nature of the housing unit occupied by the Plaintiffs, or warn adequately of the presence of excessive levels of emissions of formaldehyde and the hazards associated with the excess levels of emissions of formaldehyde in the unit.

o.    In failing to ensure that the housing unit it manufactured and provided to Named Plaintiffs was suitable for its intended use;

p.    In failing to adhere to any and all express warranties of fitness and safety for the housing unit they manufactured and provided;

q.    In manufacturing and providing a housing unit which was unduly dangerous due to its emissions of formaldehyde; and,

r.    Such other indicia of fault under the LPLA as will be shown at the trial of this matter.

**4.**

Paragraph 117 "IV Compensatory Damages" of Plaintiffs' Original Complaint is amended as follows:

"In addition to and by way of summarizing the compensatory damages prayed for herein, Named Plaintiffs aver that the defendants, Liberty through R-Vision, Arch through R-Vision, Lexington through R-Vision, Westchester through R-Vision and Fluor, individually and/or jointly are responsible for all damages which Named Plaintiffs herein have suffered and continue to suffer as a consequence of defendants' acts and/or omissions as pled herein and in their Original and First

11

Supplemental and Amending Complaints for Damages, which damages include, but are not limited to, past and future physical injuries, past and future mental and physical pain and suffering, past and future physical impairments and disability, past and future reasonable and necessary medical expenses, past and future loss of earning capacity, past and future loss of enjoyment and quality of life and other damages and injuries, loss of consortium, and loss of use and/or opportunity to use safe and adequate shelter during the period of displacement from a natural disaster, as well as, all general, special, incidental and consequential damages as shall be proven at the time of trial.

**5.**

Plaintiffs reiterate that they are entitled to and demand a trial by jury.

**6.**

Plaintiffs reiterate and re-aver their prayers for relief in their Original and First Supplemental and Amending Complaints for Damages. Additionally, Plaintiffs ask that Defendants Arch, Lexington and Westchester by served with a copy of the Original, First and Third Supplemental and Amending Complaints for Damages, and a copy of this Court's Order striking Plaintiffs' Second Supplemental and Amending Complaint for Damages (Rec. Doc. 5304) from the record.

WHEREFORE, Plaintiffs respectfully supplement and amend their Original and First Supplemental and Amending Complaints for Damages in the foregoing respects, and otherwise reiterate and re-aver all of the allegations, claims and prayers for relief contained therein.

Respectfully submitted,

  /s/ Hugh P. Lambert

 HUGH P. LAMBERT, ESQ. (LA Bar #7933)
LINDA J. NELSON, ESQ. (LA Bar #9938)
LAMBERT & NELSON, PLC
701 Magazine Street
New Orleans, LA 70130
Telephone: (504)581-1750
Facsimile: (504)529-2931
hlambert@lambertandnelson.com
lnelson@lambertandnelson.com

**PLEASE SERVE:**

1. Arch Specialty Insurance Company
    **through:**
    The Louisiana Secretary of State
    8585 Archives Avenue
    Baton Rouge, LA 70809

2. Lexington Insurance Company
    **through its attorney of record:**
    Charles E. Leche
    Deutsch, Kerrigan & Stiles
    755 Magazine Street
    New Orleans, LA 70130

3. Westchester Surplus Lines Insurance Company
    **through:**
    The Louisiana Secretary of State
    8585 Archives Avenue
    Baton Rouge, LA 70809

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing pleadings were served on all counsel of record through electronic notification pursuant to the electronic filing in the United States District Court for the Eastern District of Louisiana this 28th day of December, 2009.

                 /s/ *Hugh P. Lambert*
                 Hugh P. Lambert, Esq. (#7933)