**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                                      MDL NO. 07-1873
FORMALDEHYDE PRODUCTS
LIABILITY LITIGATION                                     SECTION N-5
                                                         JUDGE ENGELHARDT
                                                         MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Earline Castanel, et al. v. Recreation by Design, LLC, et al.*
**Case No. 09-3251 (E.D. La.)**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**REPLY MEMORANDUM IN SUPPORT OF "UNITED STATES OF AMERICA'S
MOTION TO DISMISS PLAINTIFF EARLINE CASTANEL'S FTCA CLAIMS
FOR LACK OF SUBJECT MATTER JURISDICTION" (Rec. Doc. 8629)**

**INTRODUCTION**

The United States of America ("United States") hereby submits this Reply Memorandum

in support of its "Motion to Dismiss Plaintiff Earline Castanel's Federal Tort Claims Act

("FTCA"), 28 U.S.C. §§1346(b)(1), 2671-80, Claims for Lack of Subject Matter Jurisdiction"

(Rec. Doc. 8629).  In response to the United States' motion, the Plaintiffs' Steering Committee

("PSC") has failed to meet its burden to show that Ms. Castanel's claim was timely presented

within the FTCA's two-year statute of limitations, 28 U.S.C. § 2401(b).[1]  PSC argues that the

FTCA's statute of limitations did not start to run prior to March 2007 because: (1) Ms. Castanel

---

[1] In their opposition, PSC does not challenge the proposition that the jurisdictional question
presented – whether Ms. Castanel presented a timely administrative claim – bears no relation to a merits
determination of whether the United States was negligent.  Thus, the United States' motion should be
decided pursuant to Rules 12(b)(1) and 12(h)(3), rather than Rule 56, of the Federal Rules of Civil
Procedure.  *See* PSC Opp. Memo. (Rec. Doc. 9402).  Nonetheless, should the Court choose to apply the
summary judgment standard to this motion, there remains no genuine issue of material fact regarding
whether Ms. Castanel's claim accrued more than two years prior to the presentation of her administrative
claim.  In addition, since PSC's opposition did not include a responsive statement of material facts, the
United States' statement of material facts should be deemed admitted pursuant to Local Rule 56.2.

did not know that her symptoms were related to the chemical formaldehyde, *see* PSC Opp.

Memo. at 2-5 (Rec. Doc. 9402), and (2) Ms. Castanel continued to be exposed to formaldehyde

and suffer injury until she moved out of the trailer in March 2007, *id*. at 6-7.  This Court, in the

context of this Multi-District Litigation, through its ruling on the untimely claim of bellwether

plaintiff Christopher Cooper, has already considered and rejected both of the arguments

advanced by PSC in their opposition to the current motion.  *See In re: FEMA Trailer*

*Formaldehyde Prod. Liab. Litig.,* 2009 WL 2599195, at \*3 (E.D. La. Aug. 21, 2009) (Engelhardt,

J.).[2]  Consistent with this Court's Order and Reasons, the FTCA's two-year statute of limitations

began to run when Ms. Castanel first associated her symptoms to conditions in the trailer.  *See id*.

The undisputed evidence shows that Ms. Castanel knew the critical facts of injury and cause

shortly after she moved into her trailer in February/March 2006 – well more than two years

before FEMA received her administrative claim on August 7, 2008.   By February/March 2006,

Ms. Castanel was experiencing symptoms that she objectively related to her trailer; and, thus, at

that time, she possessed more than enough information to begin an inquiry to determine the

specific cause of her symptoms.[3]

---

[2] PSC's arguments in opposition to this motion are the same as the arguments previously advanced by the PSC and rejected by the Court in granting the United States' motion to dismiss bellwether plaintiff Christopher Cooper's FTCA claims.  *See In re: FEMA Trailer Formaldehyde Prod. Liab. Litig.,* 2009 WL 2599195, at \* 3; *compare* Plaintiff's Memo. In Opp. To Defendant's Motion to Dismiss The Claims of Plaintiff Christopher Cooper for Lack of Subject Matter Jurisdiction at 2-7 (Rec. Doc. 2559), *with* Plaintiff's Memo. In Opp. To Defendant's Motion to Dismiss the Claims of Plaintiff Earline Castanel for Lack of Subject Matter Jurisdiction at 2-6 (Rec. Doc. 9402).

[3] For purposes of this motion, the Government refers to Ms. Castanel's alleged injuries from exposure to formaldehyde but does not concede that such injuries occurred or were in fact related to formaldehyde exposure.

**I.**     **The Two-Year Statute Of Limitations Began To Run Prior to August 7, 2006, More Than Two Years Before The Presentment Of Ms. Castanel's Administrative Claim, Even If Ms. Castanel Did Not Associate Her Symptoms With The Specific Chemical Formaldehyde.**

PSC erroneously asserts that Ms. Castanel's FTCA claim accrued, and that the two-year statute of limitations began to run, when Ms. Castanel discovered and specifically associated her symptoms with exposure to formaldehyde emissions in her temporary emergency housing unit ("EHU"). PSC Opp. Memo. at 3-5 (Rec. Doc. 9402). This Court, in dismissing bellwether plaintiff Christopher Cooper's FTCA claims, has previously considered and rejected this very argument, ruling that under the FTCA "a plaintiff need only have sufficient information regarding injury and causation that would lead a reasonable person to inquire further into the facts to determine the specific cause of the injury . . ." *In re: FEMA Trailer Formaldehyde Prod. Liab. Litig.,* 2009 WL 2599195, at *3. This Court's ruling is in accord with the jurisprudence of the Supreme Court and the Fifth Circuit. *See United States v. Kubrick*, 444 U.S. 111, 123 (1979); *Hoskins v. United States*, No. 01- 30428, 2001 WL 1692434, at *1 (5th Cir. Nov. 21, 2001).

Even under a discovery rule of accrual,[4] Ms. Castanel's claim accrued in March/April 2006 because the evidence, including her own testimony, shows that at that time Ms. Castanel possessed sufficient information that would prompt a reasonable person to inquire into the facts

---

[4] The PSC argues that a discovery rule of accrual should apply to this case. *See* PSC Opp. Memo at 2-3 (Rec. Doc. 9402). The "general rule" of accrual for FTCA actions is that "a tort claim accrues at the time of the plaintiff's injury." *Kubrick*, 444 U.S. at 120. The Fifth Circuit has not applied the discovery rule to the FTCA's statute of limitations outside the context of medical malpractice actions and has expressed reservations about doing so. *Hoskins v. United States*, No. 01- 30428, 2001 WL 1692434, at *1 (5th Cir. Nov. 21, 2001). Nevertheless, the United States' motion shows that Ms. Castanel's claim is barred even when applying a discovery rule of accrual.

and determine the specific cause of her alleged injuries/symptoms.  Specifically, within five to

six weeks after moving into the trailer, Ms. Castanel suffered the injuries/symptoms at issue in

this lawsuit – breathing and sinus problems, puffy and itchy eyes, headaches, and inability to

breathe while inside the EHU.  Exh. 1, Fact Sheet at § III(C)(1-7) pp. 3-4; Exh. 2, Castanel Depo.

at 36-38:16-24; 41-42:2-18.  Moreover, the fact that Ms. Castanel had sufficient information to

attribute her injuries/symptoms to the trailer and initiate an investigation to determine the

specific problem with the trailer that was causing her injuries/symptoms is evidenced by the fact

that to relieve these symptoms and breathe, she "would go stand by the door" of the trailer or go

outside of the trailer.  *Id.* at 32-33:19-21.  This kind of objective connection between her new

symptoms and her new living space is more than sufficient to represent accrual, particularly in

light of the jurisdictional nature of the FTCA's limitations period.[5/]  *See In re: FEMA Trailer*

*Formaldehyde Prod. Liab. Litig.,* 2009 WL 2599195, at *1 n.1. As Ms. Castanel explained:

"There was nothing else I see [but the trailer] could be making me sick, there was nothing else.

Like I said, I don't drink, I don't smoke, and I don't run the streets, so I don't see nothing else

could make me sick."  *Id.* at 111-12:23-13; *see also id.* at 53:2-21 (Ms. Castanel, while living in

the trailer, related her concerns about health problems and the trailer to both her neighbor and

one of her daughters).  This testimony demonstrates that even under a discovery rule of accrual,

Ms. Castanel possessed the necessary "critical facts" regarding injury and causation for the

---

[5/] Because the FTCA's two-year statute of limitations is jurisdictional, courts must strictly
construe the statute so as to avoid extending it beyond the limited waiver of sovereign immunity intended
by Congress. *See Kubrick*, 444 U.S. at 117-118; *In re: FEMA Trailer Formaldehyde Prod. Liab. Litig.,*
2009 WL 2599195, at *3.

FTCA statute of limitations to begin.[6]

Thus, Ms. Castanel's claim accrued when she had objective information regarding injury and causation that would lead a reasonable person to inquire further into the facts to determine the specific cause and to ascertain whether there is a cause of action.  *See In re: FEMA Trailer Formaldehyde Prod. Liab. Litig.,* 2009 WL 2599195, at *3.[7]  Here, Ms. Castanel had this information in March/April 2006 because she was experiencing physical symptoms that she related to the trailer and that were relieved by exiting the trailer.  Exh. 1, Fact Sheet at § III(C)(1-7) pp. 3-4; Exh. 2, Castanel Depo. at 32-33:19-21; 36-38:16-24; 41-42:2-18; 111-12:23-13.  By Ms. Castanel's own admission, she had sufficient facts in March/April 2006 to inquire further into the specific agent of causation.  *Id.*

---

[6] That Ms. Castanel could have determined that formaldehyde emissions in the EHU were the cause of her symptoms is evidenced by fact that in May 2006, shortly after the time that the Ms. Castanel first experienced symptoms that she associated with the trailer, the first of several class action lawsuits was filed on behalf of all trailer occupants seeking to recover in excess of $1 billion in money damages for personal injuries allegedly caused by exposure to formaldehyde off-gassing from EHUs issued to the victims of Hurricanes Katrina and Rita.  *See Hillard v. United States*, No. 06-2576 9 (E.D. La.) (Complaint filed May 18, 2006).  To postpone accrual of Ms. Castanel's claim until she was passively informed of the detailed facts related to the specific agent of causation would be contrary to the purpose of the FTCA's two-year statute of limitations.  *See Kubrick*, 444 U.S. at 123.

[7] As this Court ruled in dismissing Christopher Cooper's FTCA claims:

Here, the FTCA's two-year statute of limitations for Cooper's claims against the Government began to run when Alexander first associated Cooper's symptoms to conditions in the EHU shortly after they moved in.  Cooper and Alexander both noticed an irritating chemical smell in the EHU and experienced physical symptoms such as burning sensation in the nose, sneezing, and itch eyes from the very first day they moved into the EHU . . . Even though Alexander did not immediately know the exact cause of her and Cooper's physical symptoms, she was aware that they either began . . . or worsened . . . when they initially took up residence in the EHU.  The Court concludes that this was sufficient information regarding injury and causation that would lead a reasonable person to inquire further in the facts to determine the specific cause of the injury.

*In re: FEMA Trailer Formaldehyde Prod. Liab. Litig.,* 2009 WL 2599195, at *3.

Contrary to the PSC's assertion, the Fifth Circuit's decision in *MacMillan v.*

*United States*, 46 F.3d 377, 381 (5th Cir. 1995), does not stand for the proposition that the

FTCA's statute of limitations did not begin to run in this case until the Plaintiff knew or

should have known that formaldehyde was "***the cause***" of her symptoms.  *See* PSC Opp. Memo.

at 3-4 (Rec. Doc. 9402).  Instead, in *MacMillan*, the Fifth Circuit held that the limitations period

begins to run when a plaintiff has sufficient information to ***make an inquiry*** regarding the

specific cause of his or her injury.  *See* 46 F.3d at 381.  In *MacMillan*, the Court found that the

statute of limitations started when the plaintiff's parents received a report, noting that the

plaintiff had likely suffered "anoxia at birth" and resulting neurological damage (knowledge of

physical injury), which provided "facts sufficient to compel a reasonable person to seek

professional advice regarding [the plaintiff's] neurological difficulties and the connection, if any,

to the problems associated with her birth."  *Id.*  Thus, knowing, or having reason to know, the

precise cause of injury was not necessary; instead, objectively having enough information

regarding injury and cause (in *MacMillan,* knowledge of a potential cause) to begin an inquiry is

sufficient to start the limitations period.  *See also Johnson*, 460 F.3d 616, 622 (5th Cir. 2006)

(analyzing *MacMillan* and holding that knowledge of a potential cause or facts that would lead a

reasonable person to inquire into specific causation is sufficient to begin the FTCA's statute of

limitations); *In re: FEMA Trailer Formaldehyde Prod. Liab. Litig.,* 2009 WL 2599195, at *3

(holding that a plaintiff need not know the precise agent causing injury for the claim to accrue

but need only have sufficient information that would lead a reasonable person to inquire further

into the facts to determine a specific cause).

Here, Ms. Castanel knew in March/April 2006 that a cause of her symptoms was being

inside the trailer; this knowledge was sufficient to start the limitations period even if she was

unaware of the precise causal agent, namely, the formaldehyde emissions in the trailer.  Exh. 1,

Fact Sheet at § III(C)(1-7) pp. 3-4; Exh. 2, Castanel Depo. at 32-33:19-21; 36-38:16-24; 41-42:2-

18; 111-12:23-13.  To allow a plaintiff to postpone accrual until he or she is passively informed

of the detailed facts related to the specific agent of causation would be contrary to the purpose of

the FTCA's two-year statute of limitations which "is to require the reasonably diligent

presentation of tort claims against the government."  *Kubrick*, 444 U.S. at 123.  Accordingly, the

Court lacks subject matter jurisdiction because Ms. Castanel's claim is barred by the FTCA two-

year statute of limitations, a jurisdictional condition under the FTCA.  28 U.S.C. § 2401(b).

Specifically, FEMA did not receive Ms. Castanel's administrative claim until August 7, 2008,

more than two years after her claim accrued in March/April 2006.

**II.      PSC's Contention That The Injury Was Ongoing And Continuous Does Not Delay
The Running Of The FTCA's Statute Of Limitations.**

Contrary to PSC's assertion, the running of the FTCA's statute of limitations is not

delayed by virtue of an injury being ongoing and continuous.  *See* PSC Opp. Memo. at 6-7 (Rec.

Doc. 9402).  PSC argues that the FTCA's statute of limitations does not bar Ms. Castanel's claim

because she sustained an "ongoing and continuous injury caused by formaldehyde exposure"

from February/March 2006 until March 2007.  *Id*.

In dismissing bellwether plaintiff Christopher Cooper's FTCA claim, this Court rejected

this exact same argument, ruling that because the discovery rule of accrual for the FTCA's statute

of limitations hinges on notice, it is not necessary for the plaintiff to be aware, or have suffered,

the full extent of his or her injuries for the limitations period to begin.  *In re: FEMA Trailer*

*Formaldehyde Prod. Liab. Litig.,* 2009 WL 2599195, at \*3 (citing *Beech v. United States*, 345

F.2d 872, 874 (5th Cir. 1965) (statute of limitations for an FTCA claim accrues when "some

damage is discernable," even though the "ultimate damage is unknown or unpredictable")).

Following the PSC's logic, the claims of trailer occupants would not accrue until the last day that

each occupant lived in his or her trailer.  This cannot be correct as a matter of law or common

sense.  Indeed, many plaintiffs have filed lawsuits or administrative claims with the Government

while still living in their trailers.[8/]  Clearly, a claim must accrue when a plaintiff is on notice of an

injury and has reason to believe that the injury may be related to the trailer.

Furthermore, PSC's continued reliance on *Albertson v. T.J. Stevenson & Co., Inc.*, 749

F.2d 223 (5th Cir. 1984), is misplaced.  *Compare* PSC Opp. Memo. at 6-7 (citing and relying

upon *Albertson*) (Rec. Doc. 9402), *with* Plaintiff's Memo. In Opp. To Defendant's Motion to

Dismiss The Claims of Plaintiff Christopher Cooper for Lack of Subject Matter Jurisdiction at 6-

7 (citing and relying upon *Albertson*) (Rec. Doc. 2559).  PSC erroneously asserts that in

*Albertson* the Court held that under a "time of event" rule in a toxic exposure case, a plaintiff's

cause of action does not accrue until the time of the "last exposure."  *Id*. at 6.  As an initial

matter, *Albertson* was not an FTCA case.  Moreover, even if *Albertson* were an FTCA action,

PSC has only provided the Court with a selected portion of the relevant quote.  The full quote

states, "Albertson possessed the critical facts of his injury and its cause at the time he endured the

last exposure to the TCE.  ***At that time he suffered serious damage and noteworthy injury, and***

---

[8/] PSC has not pleaded or argued a "continuing tort" theory, which, in any event, has
rarely been acknowledged outside the context of property damage claims, and, in such cases, the
continuing tort theory strictly limits the amount of damages that a plaintiff may recover.  *See Hoery v.
United States*, 324 F.3d 1220, 1222 (10th Cir. 2003) (stating "recovery is limited by the statute of
limitations to the two-year period dating back from when the plaintiff's complaint was filed").

*he knew the injury was significant*." 749 F.3d at 233 (emphasis added). Thus, the Court in

*Albertson* found that the plaintiff's claim accrued at the time of his last exposure on a ship

because it was at that point in time when the plaintiff first suffered a "noteworthy injury" and

"knew the injury was significant." *Id*. It was not the end of exposure that was important to the

analysis, but rather the suffering of an injury because that is what put the plaintiff on notice. In

comparing this case to the FTCA's statute of limitations, the important point is that the plaintiff's

claim accrued when he, having suffered a significant and noteworthy injury, "either possessed or

had a reasonable opportunity to discover the critical facts of his injury and its cause." *Id*. In the

instant case, Ms. Castanel presented with symptoms or "noteworthy injury," on or about

March/April 2006, and, thus, her claim accrued no later than April 2006.

Further, a claim of continuous injury cannot be sustained in this case because once an

occupant is aware that he or she has suffered an injury related to the trailer, the occupant can

simply move out of the trailer to avoid further injury. The United States cannot be held liable for

a "continuous injury" under circumstances where a person has voluntarily subjected himself or

herself to a condition which he or she knows to be injurious.

## CONCLUSION

For all of the foregoing reasons, the Court should grant the United States' Motion and

dismiss Ms. Castanel's FTCA claims for lack of subject matter jurisdiction.

Dated:  December 29, 2009                          Respectfully Submitted,

TONY WEST                                          HENRY T. MILLER
Assistant Attorney General, Civil Division         ADAM BAIN
                                                   Senior Trial Counsel

J PATRICK GLYNN
Director, Civil Division, Torts Branch

|  |  |
|---|---|
|  | MICHELLE BOYLE |
|  | MICHELE GREIF |
| DAVID S. FISHBACK | JONATHAN WALDRON |
| Assistant Director | Trial Attorneys |

OF COUNSEL:

*s/ Adam M. Dinnell*
ADAM M. DINNELL (TX No. 24055405)

JORDAN FRIED
Associate Chief Counsel

Trial Attorney
United States Department of Justice
Civil Division, Torts Branch

JANICE WILLIAMS-JONES
Senior Trial Attorney
Federal Emergency Management Agency
Department of Homeland Security
Washington, D.C. 20472

P.O. Box 340, Ben Franklin Station
Washington, D.C. 20004
Telephone:  (202) 616-4211
Adam.Dinnell@usdoj.gov

Attorneys for Defendant United States

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2009, the foregoing document was filed via the

U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon

Liaison Counsel.

*s/ Adam M. Dinnell*
ADAM M. DINNELL (TX No. 24055405)