UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | * * * * * * | MDL NO. 1873 SECTION "N-5" JUDGE ENGELHARDT MAG. JUDGE CHASEZ |
| THIS DOCUMENT RELATES TO: *EARLINE CASTANEL, ET AL v. RECREATION BY DESIGN, LLC, SHAW ENVIRONMENTAL, INC., and UNITED STATES OF AMERICA THROUGH THE FEDERAL EMERGENCY MANAGEMENT AGENCY,* NO. 09-3251 | * * * * * * * * * * | |

**************************************************************************

## RECREATION BY DESIGN, LLC's
## MEMORANDUM IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS

**MAY IT PLEASE THE COURT:**

Defendant, Recreation By Design, LLC ("RBD"), respectfully submits this memorandum in support of its Rule 12(b)(6) Motion to Dismiss certain claims asserted by Plaintiff, Earline Castanel, in her Original Complaint for Damages and First Supplemental and Amended Complaint for

Damages.[1]

## I. PROCEDURAL HISTORY

Pursuant to an Order issued by this Court on April 6, 2009, RBD was selected as the fifth Bellwether Trial Defendant for this MDL.[2] The parties were unable to agree on a Bellwether Plaintiff, so the Court took the matter up on briefs. After reviewing the submissions of the parties, the Court selected Carrie Smith as the fifth Bellwether Plaintiff. In October of this year, Carrie Smith requested that she be allowed to withdraw as the Bellwether Plaintiff, citing her her various medical conditions and advanced age, as factors which would make it difficult for her to fully participate in the bellwether proceedings. The Court granted Carrie Smith's request.[3] On November 11, 2009, the Court selected Earline Castanel as Carrie Smith's replacement.[4] On April 8, 2009, prior to her selection as the Bellwether Plaintiff, Earline Castanel filed a Complaint for Damages in this Court, Docket No. 09-3251, entitled *Earline Castanel, et al v. Recreation By Design, LLC., Shaw Environmental, Inc. and United States of America through the Federal Emergency*

---

[1] On April 8, 2009, Earline Castanel, George Gaines, and Patricia Mack filed a Complaint for Damages, Docket No. 09-cv-3251, into MDL 07-1873. RBD, Shaw Environmental, Inc., and the United States of America through the Federal Emergency Management Agency were named as Defendants in the matter. Subsequent to the filing of this complaint, Earline Castanel was selected as the Plaintiff for the 5th Bellwether Trial which is slated to commence on Monday, May 17, 2010. Despite her selection as the 5th Bellwether Trial Plaintiff, Earline Castanel has not yet severed her claims from those of George Gaines and Patricia Mack. Defendant, RBD, is filing the instant 12(b)(6) Motion as to the claims asserted by Bellwether Trial Plaintiff, Earline Castanel, only. RBD expressly reserves its right to file any and all motions, including Rule 12 Motions asserting defenses of lack of personal jurisdiction, improper venue, insufficient process, and insufficient service of process, and Rule 12(b)(6) defenses regarding the claims of George Gaines and Patricia Mack, in Docket No. 09-cv-3251.

[2] Rec. Doc. No. 1300.

[3] Rec. Doc. No. 6204.

[4] Rec. Doc. No. 6433.

*Management Agency.* On December 22, 2009, Earline Castanel filed a *First Supplemental and Amended Complaint for Damages,* in MDL 07-md-1873, (*Castanel, et al v. Recreation By Design, Inc., et al,* 09-3251, Doc. No. 9401).[5]

In her complaint, the Plaintiff alleges that she was exposed to elevated levels of formaldehyde while residing in an allegedly defective RBD manufactured travel trailer. In Count 2 of her complaint, the Plaintiff outlines her allegations against RBD under the Louisiana Products Liability Act (LPLA),[6] which is Plaintiff's exclusive remedy against RBD.[7] However, several claims included in the complaint fall outside the scope of the LPLA. Specifically, Plaintiff's claims that are not provided for under the LPLA, that should be dismissed are:

(1) That the RBD manufactured travel trailer did not conform to the express warranties regarding its fitness for reasonable anticipated use;[8]

(2) That the RBD manufactured travel trailer did not conform to warranty of intended use;[9]

(3) That Plaintiff is eligible to recover damages for loss of use;[10]

(4) Plaintiff's claims of fraud and misrepresentation;[11]

(5) Plaintiff's claim that the defendant's named in this matter should be held jointly liable;[12]

---

[5] Plaintiff improperly identified Recreation by Design, LLC as Recreation By Design, Inc.

[6] See pgs. 25 - 28 of the *Castanel* Complaint.

[7] La.R.S. 9:2800.51, *et seq*.

[8] See pg. 27, Pars. 90(iv) and (ix) of the *Castanel* Complaint.

[9] See pg. 27, Par. 90(viii) of the *Castanel* Complaint.

[10] See pg. 32 of the *Castanel* Complaint.

[11] See pg. 5, Par. 23 of the *Castanel* Complaint.

[12] See pg. 31, Par. 105 of the *Castanel* Complaint.

(6) Plaintiff's claim for loss of consortium.[13]

## LEGAL STANDARD

When evaluating a Rule 12(b)(6) Motion to Dismiss, a Court "must take the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the Plaintiff."[14] These factual allegations should be "enough to raise a right to relief above the speculative level, on the assumption that all the complaint's allegations are true."[15] Further, the "complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the Plaintiff cannot prove any set of facts in support of her claim that would entitle her to relief."[16]

However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[17] Further, while a complaint is not required to have "detailed factual allegations" a mere "formulaic recitation of the elements of a cause of action will not do."[18] At the very least, "to survive a motion to dismiss, however, the Plaintiff must plead enough facts to state a claim to relief that is plausible on its face."[19]

---

[13] See pg. 31 - 32, Par. 105 of the *Castanel* Complaint.

[14] *Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993).

[15] *Rios v. The City of Del Rio,* 444 F.3d 417, 421 (5th Cir. 2006).

[16] *Fernandez-Montes*, at 284 - 285.

[17] *Fernandez-Montes*, at 284.

[18] *Bell Atl Corp. v. Twombly,* 550 U.S.544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (internal citations and quotations omitted); *see also Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, court "are not bound to accept as true a legal conclusion couched as a factual allegations").

[19] *In re Katrina Canal Breaches Litigation.,* 495 F.3d 191, 205 (5th Cir. 2007).

## LAW AND ARGUMENT

### A. Express Warranty Claims

In Count 2 of her complaint, Plaintiff attempts to assert claims against RBD pursuant to the LPLA. In Paragraph 90(iv), Plaintiff asserts that her RBD unit did not conform to the express warranties regarding the reasonably anticipated use of the unit. While in Paragraph 90(ix), Plaintiff alleges that her RBD unit did not adhere to express warranties of fitness and safety.

As stated above, under Louisiana Law the LPLA is the exclusive remedy for a plaintiff against a manufacturer. A claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth under the LPLA.[20] Section 9:2800.58 of the LPLA does allow for recovery for nonconformity to express warranty, but as pleaded, Plaintiff's claims do not satisfy the requirements of this section.

Initially, it should be noted that Plaintiff did not include any specific reference to any representation, statement of fact, or promise made, to the Plaintiff, by RBD, regarding her RBD unit.[21] As such, Plaintiff has failed to provide the necessary factual allegations required to establish the existence of an express warranty. Rather, Plaintiff has stated mere conclusory allegations that RBD failed to conform to the express warranty.

Further, as pleaded, Plaintiff's express warranty claims do not include the elements required

---

[20] L.A. R.S. 9:2800.51 *et seq*.

[21] "Express warranty" is defined in the LPLA as a representation, statement of alleged fact or promise about a product or its nature, material or workmanship that represents, affirms or promises that the product or its nature, material or workmanship possesses specified characteristics or qualities or will meet a specified level of performance. "Express warranty" does not mean a general opinion about or general praise of a product. A sample or model of a product is an express warranty.

in the LPLA express warranty section. La. R.S. 9:2800.58 titled, *Unreasonably dangerous because of nonconformity to express warranty,* provides recovery to a plaintiff only if (1) the express warranty induced the Plaintiff to use the product and (2) that the Plaintiff's damage was proximately caused because the express warranty was untrue. As stated above, the Plaintiff's complaint fails to even reference the express warranty relied on by the Plaintiff. Likewise, Plaintiff failed to provide the necessary factual allegations to prove that RBD's warranty was a deciding factor in her decision to reside in the unit and that her damages were caused because the express warranty was not true.

For these reasons, RBD asserts that Plaintiff's claims for breach of express warranty of fitness for reasonably anticipated use and breach of express warranty of fitness and safety should be dismissed, as such claims do not meet the requirements of the express warranty claim allowed for in the LPLA.

### B. Intended Use Claim[22]

Count 2, Paragraph 90(viii) is yet another instance where the Plaintiff attempts to bring a claim against RBD that is not allowed under the LPLA. Here, the Plaintiff alleges RBD failed to ensure that the housing unit it manufactured and provided to the Named Plaintiff was suitable for its intended use.[23]

As written, this claim appears to be one for breach of warranty for intended use rather than a product liability claim. The warranty for intended use is provided for in La. C.C. Art. 2475. This article provides that a "seller is bound to deliver the thing sold and to warrant to the buyer ownership and peaceful possession of, and the absence of hidden defects in, that thing. The seller also warrants

---

[22]See Rec. Doc. 2322, wherein this Court granted Gulf Stream Coach, Inc,'s 12(b)(6) Motion to Dismiss Plaintiffs' Warranty of Fitness for Intended Use Claim.

[23]See pg. 27, Paragraph 90(ix) of the *Castanel* Complaint.

that the thing sold is fit for its intended use."[24] As discussed in the previous section, the only warranty claim allowed under the LPLA is that for breach of an express warranty; there is no provision for breach of implied warranty. Therefore, the LPLA does not provide a remedy for Plaintiff for her breach of warranty for intended use claim.

The LPLA does specifically preserve a plaintiff's right to bring a redhibition claim against a manufacturer.[25] However, just as Plaintiff does not have the right to bring a claim for warranty for intended use against RBD, she does not have a valid redhibition claim. An action for redhibition can only be between a buyer and a seller.[26] Equally, a claim for breach of warranty for intended use requires some type of relationship between the buyer and seller. In *Media Prod. Consultants, Inc., v. Mercedes Benz of America, Inc.,* 262 So.2d 377, 281 (La. 1972), the Louisiana Supreme Court held that "while privity is not required to assert a claim for warranty of fitness for intended use, at a minimum, a sale is required." While in *Fruge's Heirs v. Blood Serv.,* 506 F.2d 841, 846, (5th Cir. 1975), the Fifth Circuit stated that "the essence of warranty is a consensual agreement-express or implied-arising from contract. Without a sale under contract, there is no consensual connection between the parties, and thus no warranties can attach."

In the instant matter, Plaintiff did not purchase her RBD travel trailer from RBD, rather FEMA provided the travel trailer for Plaintiff's use. Plaintiff provided no consideration for the use of the travel trailer.[27] As there is an absence of the required relationship between the Plaintiff and RBD, either as defined by the *Fruge's Heirs* Court, or the *Media Prod. Consultants, Inc,* Court, she

---

[24]La. C.C. Art. 2475.

[25]*See* La. R.S. 9:2500.53(5)

[26]*Ahrens v. TPLC, Inc.* 955 F. Supp. 54, 56 (E.D. La. 1997).

[27]See pg. 3, par. 13 of the *Castanel* complaint.

is precluded from bringing both a breach of warranty for intended use claim, as well as a redhibition claim, against RBD. Without the ability to bring these claims, Plaintiff's only recourse against RBD is under the LPLA. As the only warranty claim allowed under the LPLA is that of an express warranty, it follows that Plaintiff's claim for implied warranty should be dismissed.

### C. Loss of Use[28]

Plaintiff seeks to recover an extensive list of damages from the Defendants in this matter. Included in this list is a request to recover damages for "loss of use and/or opportunity to use safe and adequate shelter during the period of displacement from a natural disaster...".[29] As written, the complaint does not state the basis of Plaintiff's basis for recovery for her loss of use claim. However, whether Plaintiff is attempting to recover under the LPLA or some other basis, Plaintiff does not have a valid claim for recovery of damages for loss of use, thus this claim should also be dismissed.

The LPLA allows a party to recover damages including "damage to the product itself and economic loss arising from a deficiency in or loss of use of the product only to the extent that Chapter 9 of Title VII of Book III of the Civil Code, entitled "Redhibition," does not allow recovery for such damage or economic loss."[30] However, as written, Plaintiff's claim for loss of use fails to state a claim upon which relief can be granted. Initially, it should be noted that Plaintiff has failed to provide the necessary factual allegations regarding what economic losses she seeks to recover and how same falls under the "economic losses" allowed for under section 2800.53(3) of the LPLA. Also

---

[28]See Rec. Doc. 2322, wherein this Court granted Gulf Stream Coach, Inc,'s 12(b)(6) Motion to Dismiss Plaintiffs' Loss of Use Claim.

[29]See pg. 31 - 32, par.105 of the *Castanel* complaint.

[30]La. R.S. 9:2800.53(5).

of note is the fact that Plaintiff did not purchase her travel trailer from FEMA. It follows that Plaintiff would not have an economic interest in the travel trailer. This sentiment was recently expressed by the 5th Cir in the case of *Ridgely v. FEMA,*[31] wherein the Court stated that "plaintiffs lack property interest in rental assistance from FEMA sufficient to trigger due process protection."

Further, this Court has already considered and rejected the FEMA plaintiffs' attempt to recover economic loss in plaintiffs' class certification motion. In its written opinion denying class certification, this Court stated that "while plaintiffs have suggested what an appropriate award of damages might be, they have failed to articulate what economic injury, if any, was actually suffered by the proposed class."[32] Just as the class certification motion lacks information regarding the exact nature of economic injury, Plaintiff's complaint lacks information regarding the nature of the economic injury she suffered.

Based on the above, RBD respectfully submits to this Court that Plaintiff's loss of use claim should be dismissed.

**D.  Fraud and Misrepresentation**

At Paragraph 23 on page 5 of her complaint, Plaintiff attempts to bring a claim of fraud and misrepresentation against Defendant RBD. The paragraph reads:

> ...Plaintiff submits that Recreation By Design ignored, or concealed and/or condoned the concealment of, the fact that each and all of the housing units at issue contained dangerous levels of formaldehyde due to Recreation By Design's use of certain materials in their construction, and/or posed the threat of producing dangerous levels of formaldehyde due to the Federal Government's intended use of the housing units as temporary residences for at least 18 months, all in order to sell Recreation by Design's products, and/or avoid the costs of safety precautions/inspections, and/or avoid litigation by persons injured by formaldehyde emissions.

---

[31] 512 F.3d 727, 736 (5th Cir. 2008).

[32] Rec. Doc. No. 1014, p. 43-44.

As discussed above in detail, Plaintiff's only recourse against RBD is the LPLA.[33] Several courts have held that the LPLA does not provide for a claim of fraud and misrepresentation. In *Jefferson v. Lead Industries Association, Inc., et al*[34], the Court dismissed the plaintiff's claim of fraud by misrepresentation against the defendant lead paint pigment manufacturers. After discussing the exclusivity of the LPLA and the type of claims allowed for under the LPLA, the Court stated that it was "apparent from the foregoing discussion of the exclusivity of the LPLA that plaintiff's allegations of...fraud by misrepresentation...fail to state a claim against the lead paint pigment manufacturers under the LPLA and must therefore be dismissed."[35] See also *Brown v. R.J. Reynolds Tobacco Co.,* 852 F. Supp. 8 (E.D. La. 1994), *aff'd,* 52 F.3d 524 (5th Cir. 1995) (summarily dismissing claims for fraudulent misrepresentation...).

Just as the *Jefferson* and *Brown* Plaintiff's claims for fraudulent misrepresentation were summarily dismissed, so should the instant Plaintiff's claim. As has been established, under Louisiana Law, the only claims that Plaintiff is able to bring against RBD, are those allowed under the LPLA. The LPLA does not allow for claims of fraud and misrepresentation. As such, Plaintiff's claim of fraud and misrepresentation against RBD should be dismissed.

**E. Plaintiff's Claims for Joint Liability between the Defendant's should be dismissed**[36]

In paragraph 105 of her complaint, Plaintiff states that the Defendant's "...the United States

---

[33]La. R.S. 9:2800.52; *see also Jefferson v. Lead,* 106 F.3d 1245, 1251 (5th Cir. 1997).

[34]106 F.3d 1245, 1251 (5th Cir. 1997).

[35]*Id.* at 245.

[36]It is not clear from the language in paragraph 15 of Plaintiff's First Supplemental and Amending Complaint, Rec. Doc. No. 9401, filed on December 22, 2009, if Plaintiff intended to omit her claim of Joint Liability. As such, RBD is including this request to dismiss Plaintiff's Joint Liability Claim out of an abundance of caution.

of America through FEMA and Recreation by Design, as well as Shaw, individually and/or jointly are responsible for all damages which the Named Plaintiff herein has suffered...". This language implies that RBD, FEMA and Shaw should each be held equally liable, for all damages suffered by the Plaintiff. This reasoning does not comply with Louisiana's comparative fault rules.

Under La.C.C. arts. 2323 *et seq*, a party is only liable for the damage he or she causes. Only in circumstances where parties conspire to commit an intentional or willful act are they held in solido for damages caused.[37] Otherwise, liability for damages caused by two or more persons shall be a joint and divisible obligation.[38] Further, Louisiana comparative fault rules apply to a claim brought pursuant to the LPLA.[39]

In the instant matter, the Plaintiff has made no allegation that the Defendants engaged in any type of conspiracy. Therefore, under Louisiana's comparative fault rules, RBD can only be held liable for damages, if any, that it caused. It follows that Plaintiff's claims of joint liability between the Defendants should be dismissed.

F.   **Loss of Consortium Claim**[40]

Plaintiff also attempts to bring a loss of consortium claim.[41] By definition, a loss of

---

[37] La. Civ. Code Article 2324.

[38] La. Civ. Code Article 2324(B).

[39] See *Kampen,* 157 F3d 306, 316 (5th Cir. 1998); *See also* Thomas C. Galligan, *The Louisiana Products Liability Act: Making Sense of It All,* 49 LA. L. REV. 629, 685 (1989) (stating "that the [LPLA} makes no change in Louisiana's comparative fault law").

[40] It is not clear from the language in paragraph 15 of Plaintiff's First Supplemental and Amending Complaint, Rec. Doc. No. 9401, filed on December 22, 2009, if Plaintiff intended to omit her loss of consortium claim. As such, RBD is including this request to dismiss Plaintiff's loss of consortium claim out of an abundance of caution.

[41] See pg. 31 - 32, Par. 105 of the *Castanel* Complaint.

consortium claim is brought for the loss suffered by another. See *Faraldo v. Hanover Inc. Co.,*[42] wherein the Court stated, "a cause of action for loss of consortium arises when the claimant suffers the actual loss of consortium, service and society. Until an injured party's condition deteriorates to such an extent that his family is actually deprived of her loss of consortium, service or society, they have suffered no injury." In the instant matter, Plaintiff Earline Castanel, does not identify the person she allegedly suffered a loss of consortium, service and society. It follows that Plaintiff cannot bring a loss of consortium claim on her own behalf. As such, Plaintiff's loss of consortium claim should also be dismissed.

## Conclusion

For the reasons above, RBD respectfully suggest to this Court that the various allegations asserted by the Plaintiff fail to state a claim upon which relief can be granted. Thus, based on the arguments, stautory and case law included in this Memorandum, Plaintiff's claims should be dismissed.

Respectfully submitted,

 */s/Randall C. Mulcahy*
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
GARRISON, YOUNT, FORTE & MULCAHY, LLC
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Attorneys for defendant, Recreation By Design, LLC
Email: rmulcahy@garrisonyount.com

---

[42]*Faraldo v. Hanover Inc. Co.,* 600 So.2d 81 (La. App. 4 Cir. 1992).

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2009, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

*/s/Randall C. Mulcahy*
RANDALL C. MULCAHY, Bar No. 26436