UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCT LIABILITY | * | SECTION "N-5" |
| LITIGATION | * | |
| | * | JUDGE ENGELHARDT |
| | * | |
| THIS DOCUMENT RELATES TO | * | MAG. JUDGE CHASEZ |
| *EARLINE CASTANEL, ET AL* | * | |
| *v. RECREATION BY DESIGN, LLC* | * | |
| *ET AL*, DOCKET NO. 09-3251 | * | |

**************************************************************************

**MEMORANDUM IN SUPPORT OF
RECREATION BY DESIGN, LLC'S MOTION FOR
SUMMARY JUDGMENT REGARDING PRESCRIPTION**

**MAY IT PLEASE THE COURT:**

Recreation by Design, LLC ("RBD"), moves this Court for an order pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing all claims against RBD in this matter as Ms. Earline Castanel's claims have prescribed under applicable law. Ms. Castanel testified that she moved into her unit in February 2006 and the documentation reflects that she signed for the unit on March 11, 2006. Ms. Castanel claims that she started to experience

symptoms that she associates to living in the emergency housing unit (EHU) about five-to-six weeks after moving into the unit. Accordingly, this places her date of knowledge of her claims to be in March 2006, or at the latest, by the end of April 2006.

Ms. Castanel did not file this action until April 8, 2009, approximately three (3) years from the date she had knowledge of her claims. Accordingly, her claims have prescribed on the face of the petition. Therefore, Ms. Castanel must present evidence that prescription has not run on her claims.

RBD was not named as a defendant in any of the underlying suits until April 9, 2007, when the Complaint in *McGuire, et al v. Gulf Stream Coach, et al,* Case No. 06-5659, was amended to include allegations against RBD.[1] Accordingly, more than a year passed from when Ms. Castanel claims to have first experienced symptoms in March 2006 to when any claim was made naming RBD as a defendant. Or, if Ms. Castanel first experienced her alleged symptoms in April 2006, those claims would have either prescribed by the April 9, 2007 filing in McGuire, or only a few days of suspended (tolled) days would have remained for her to file a claim after class certification. Since she did not file her claim until over 3 months after class certification, any time left under a suspended period would have long passed prior to her April 8, 2009 filing.

Based upon these facts, even if this Court holds that the filing of the Amended

---

[1] The original Complaint in *McGuire* was filed on August 4, 2006 in Civil District Court for the Parish of Orleans. This matter was then removed to the Eastern District of Louisiana on August 31, 2006, and was later consolidated with the *Keith Hilliard, et al v. United States of America, el al,* EDLA Case No. 06-2576 on May 23, 2007.

2

*McGuire* Complaint suspended or tolled the prescriptive period based on an April 30, 2006, date of knowledge by Ms. Castanel, enough time lapsed after class certification denial until Ms. Castanel filed her individual Complaint such that her claims have prescribed. Should Ms. Castanel argue a joint tortfeasor basis in favor of interruption of prescription, RBD submits Ms. Castanel's status as a putative plaintiff would not trigger the Joint Tortfeasor Doctrine. Likewise, should Ms. Castanel argue that *contra non valentum* is applicable, information attached to the unit shows she had the information available to identify the manufacturer of the unit as a label on the unit clearly showed Recreation by Design LLC listed as the manufacturer.

Due to the foregoing, and as more fully set forth below, Ms. Castanel's claims against RBD have prescribed, and RBD requests that this Court grant its Motion for Summary Judgment and dismiss Ms. Castanel's claims with prejudice.

### I. Factual History

**A. Occupied Dates**

Ms. Castanel claims to have moved into her unit in February 2006. She made this representation in her both her original and revised Plaintiff Fact Sheets (PFS)[2] and in her deposition taken on December 2, 2009, for prescription purposes.[3] Likewise, she testified that within five to six weeks of moving in, she started having symptoms she thought were

---

[2] Ex. A, Revised Plaintiff Fact Sheet of Earline Castanel, page 9, item 6.

[3] Ex. B, Deposition of Earline Castanel, pages 68-71.

3

from the trailer.[4] Ms. Castanel claims that before moving into her travel trailer, she was not sick, but within five to six weeks of move-in, she started having sinus and breathing problems[5], for which she would stand by the front for relief of her symptoms.[6] She further testified that her eyes became puffy and that she had headaches that hurt more than regular headaches.[7] She even raised her concerns with her neighbor, Ms. Robert, and one of her daughters while still residing in the unit.[8] Accordingly, based on Ms. Castanel's testimony and her PFS, her first notice of her alleged injury was in March of 2006. Alternatively, based on the date Ms. Castanel signed for acceptance of the unit on March 11, 2006,[9] she would have had notice of her injury by the end of April 2006 based on her testimony of symptoms five to six week period after moving into the unit.

**B. Relevant Filing Dates**

The matter of *Hilliard, et al, v. United States of America, et al*, 06-cv-2576, was filed on May 18, 2006, in the Eastern District of Louisiana. The Complaint in this matter asserts

---

[4] Ex. B, Deposition of Earline Castanel, pages 68-70 and pages 111-112.

[5] Ex. B, Deposition of Earline Castanel, pages 41-42.

[6] Ex. B, Deposition of Earline Castanel, pages 32-33.

[7] Ex. B, Deposition of Earline Castanel, pages 36-39 and 41-42.

[8] Ex. B, Deposition of Earline Castanel, pages 49-53 and 68-71.

[9] Ex. C, Emergency Shelter Agreement; Ex. D, Housing Inspection Report; Ex. E, Shaw Notice; and Ex. B, Deposition of Earline Castanel, pages 22-23 and 68-71.

class allegations against identified and unidentified manufacturers[10] based upon negligence and strict liability, as well as breach of warranty.  RBD was not named as a defendant in the *Hilliard* case.

*McGuire, et al, v. Gulf Stream Coach, et al,* 06-5659, was filed on August 4, 2006, and the Complaint in that matter included class action allegations against numerous defendants.  This matter was removed to the Eastern District of Louisiana on August 21, 2006.  However, the original filing did not name RBD.  It was not until April 9, 2007, that the *McGuire* Complaint was amended to include allegations specifically naming RBD.

Further, the Administrative Master Complaint naming RBD was filed on March 18, 2008 (Rec. Doc. 109), and the Second Supplemental and Amended Complaint in *Pujol v. United States of American, et al* (Rec. Doc. 721)*,* naming RBD was filed in the Eastern District of Louisiana, 08-3217, on October 6, 2008.

Finally, the matter at hand, *Earline Castanel, et al, vs. Recreation by Design, LLC, et al*, 09-3251, was filed on April 8, 2009.

## II.  The Law of Summary Judgment

The Federal Rules of Civil Procedure provide that the Court shall grant a Motion for Summary Judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as

---

[10]"...as yet unnamed travel trailer vendors to the Federal Emergency Management Agency."

to any material fact and that the moving party is entitled to a judgment as a matter of law."[11] The party moving for summary judgment bears the initial responsibility of informing the District Court of the basis for its motion by identifying those portions of the record which mover believes demonstrate the absence of a genuine issue of material fact.[12] When the moving party has carried its burden under Rule 56(a), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. The non-moving party must come forward with "specific facts showing that there is a genuine issue for trial."[13] In order to determine whether or not summary judgment should be granted, an examination of substantive law is essential.[14] Therefore, the Court must examine a Motion for Summary Judgment on its merits and grant the motion "if appropriate."[15]

Additionally, on issues regarding prescription, the party pleading prescription bears the burden of proof that the plaintiff's claims have prescribed. However, if it is shown that the claims have prescribed on the face of the petition, the burden is then placed on the plaintiff to prove suspension, interruption, or some other exception to prescription.[16] To

---

[11] Federal Rules of Civil Procedure 56(c).

[12] *Lopez v. Crownmark, Inc.*, 2000 WL 1010257 (E.D. La. 7/19/00).

[13] *Matsushita Electric Industries Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Tubacex, Inc. v. M/V Risan,* 45 F.3d 951, 954 (5th Cir. 2/23/95).

[14] *Landreneau v. Fleet Financial Corp.,* 197 F.Supp. 2d 551 (M.D.La. 3/28/02).

[15] Federal Rules of Civil Procedure 56(a).

[16] *Terrebonne Parish School Board v. Mobil Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002), citing *In re Moses*, 788 So.2d 1173, 1177-78 (La. 2001); *Stett v. Greve*, 810 So.2d 1203, 1208

meet this burden, the plaintiff must go beyond the pleadings and use his own affidavits, depositions, answers to interrogatories, and admission on file, to designate specific facts demonstrating there is a genuine issue for trial.[17]

RBD submits summary judgment dismissing Ms. Castanel claims is appropriate as the record reflects that Ms. Castanel did not bring the instant matter for almost three (3) years from when she first asserts to have had knowledge of her claims. Accordingly, this places the burden on Ms. Castanel to show her claims have not prescribed as she did not personally file suit until April of 2009.

### III. Substantive Law and Argument

**A. Ms. Castanel's Claims Subject to One Year Liberative Prescription**

Under Louisiana law, a cause of action based on negligence is a delictual action that is subject to a one year prescriptive period commencing on "the day the injury or damage is sustained."[18] Similarly, this one year period applies to claims made under the Louisiana Products Liability Act (LPLA).[19]

Generally, prescription begins to run "when plaintiff has actual or constructive notice

---

(La.App. 2nd Cir. 2002); *Strata v. Patin*, 545 So.2d 1180, 1189 (La.App. 4th Cir.), *writ denied,* 550 So.2d 618 (La. 1989).

[17]*Crew Boats and Marine Transportation, LLC, v. Fisk Corp, et al,* 2008 WL 4449966, *1 (E.D. La. 9/29/08) (Engelhardt, J.) (quoting Fed. R. Civ. Pro. 56 (c)).

[18]Louisiana Civil Code Article 3492

[19]*Denoux v. Vessel Management Services, Inc.,* 2007-0163 (La.App. 4th Cir. 7/11/07), 964 So.2d 1081; see also *Bultman v. Danek Medical, Inc.,* 1999 WL 33537321 (E.D. La. 1999).

7

of the alleged tortious act."[20] To state this another way, prescription begins to run when it can be objectively determined that the exercise of reasonable diligence would have alerted a reasonably minded plaintiff of the reasonable possibility that it was a victim of the tortious conduct.[21]

Here, Ms. Castanel testified that she moved into her unit in February 2006 and same is reflected on her PFS. She claims that within five to six weeks of moving in she started having health complications that she related to living in her trailer. In fact, her PFS states this was in March of 2006, although it may have been a couple of weeks later in April of 2006 depending on her actual date of occupancy. Accordingly, Ms. Castanel's claims prescribed on the face of the petition within one year of April 30, 2006,[22] as she did not individually file her on suit until April 8, 2009; almost three years later. Thus, Ms. Castael bears the burden of proof that prescription was interrupted or suspended. In order to meet this burden, it is anticipated Ms. Castanel will argue that the filing of the *McGuire* and *Hilliard* proceedings suspended and/or interrupted the prescriptive period, that the Joint Tortfeasor Doctrine applies, and/or that the Doctrine of *Contra Non Valentum* tolled the time

---

[20] *Mistich v. Cordis Manufacturing Co.,* 607 So.2d 955, 956 (La. App. 4th Cir. 1992).

[21] *Griffen v. Minbergeri,* 507 So.2d 821, 823 (La. 1987).

[22] RBD submits that evidence exists that Ms. Castanel had knowledge of her alleged injury as early as the end of March 2006 but for purposes of this motion, RBD will use the end of April 2006 due to the unit acceptance form showing she signed for the unit on March 11, 2006. However, RBD reserves it right to raise prescription again at a later date if additional evidence clarifies that Ms. Castanel had knowledge before April 30, 2006 which could impact the legal analysis regarding prescription.

for her to bring a claim.

**B. Suspension of Prescription**

The first complaint naming RBD as a defendant was the Amended Complaint in *McGuire* filed on April 9, 2007. Prior to that time, RBD did not have notice of being a party to any litigation regarding FEMA housing units. Based on this filing, it is envisioned that Ms. Castanel will argue that the filing of the Amended *McGuire* Complaint suspended the prescriptive period for her claims as a putative class member.[23] Accordingly, Ms. Castanel will probably argue she filed her claim within one year of April 30, 2006 (based on the conservative estimated date of her first knowledge), which was suspended by the April 9, 2007 filing of the Amended *McGuire* Complaint; however, this argument fails under a suspension of prescription analysis.

*American Pipe & Const. Co. V. Utah*, 414 U.S. 538 (1974), sets forth that the filing of a class action tolls prescription for putative class members while class certification is pending. As stated by the Supreme Court, "the commencement of the original class suit tolls the running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status."[24] Further, the Court goes on to hold that, "We are convinced that the rule most consistent with federal class action procedure must be that the commencement of a class action **suspends** the

---

[23] A review of the *McGuire* Complaint shows that Ms. Castanel was not a named plaintiff.

[24] *American Pipe & Const. Co. v. Utah,* 414 U.S. 538, 553 (1974).

applicable statute of limitations as to all members of the class who would have been parties had the suit been permitted to continue as a class action."[25]  This suspension of time is also consistent with Louisiana Code of Civil Procedure 596 that claims are **suspended** and Louisiana Civil Code Article 3472 that provides that suspension only interrupts the time period for filing a claim leaving only the remaining period of time for the putative plaintiff to pursue her claim.

In *American Pipe*, the Court held that former putative plaintiffs timely filed suit on their own behalf after class certification denial.  The plaintiffs filed suit within eight (8) days after class certification denial while only eleven (11) days were left on the suspended period as 354 days of that period had already run.  Since the original plaintiff in the *American Pipe* matter filed suit with only eleven (11) days left under a one year statute of limitation, the putative members were found to benefit from that filing which allowed them to file suit within the remaining eleven (11) day period.  Although the Court does not specifically address the issue, based upon its ruling, it is apparent that if the former putative plaintiffs had filed their claims after the eleven day period their claims would have been barred.

In the present matter, assuming Ms. Castanel first knew of her alleged injury on April 30, 2006, the filing of the Amended *McGuire* Complaint on April 9, 2007, naming RBD for the first time, would have suspended her claim such that after class denial, Ms. Castanel would have had twenty-one (21) days to file her own individual action.  Ms. Castanel did not

---

[25]*American Pipe & Const. Co. v. Utah,* 414 U.S. 538, 554 (1974); emphasis added.

file within this time frame, as her individual Complaint was filed over two months later on April 8, 2009. Accordingly, any suspended period that would have applied to Ms. Castanel expired and her claims are barred.

## C. Relation Back Doctrine Does Not Apply

In order to address the failure to timely file her claim after the denial of class certification, it is envisioned that Ms. Castanel will argue that she was part of the putative class of plaintiffs in the *Hilliard* proceeding and that all of her claims relate back to the filing of *Hilliard* even though RBD was not named as a defendant in *Hilliard*. In particular, it is anticipated that Ms. Castanel will look at this Court's prior rulings regarding prescription motions to argue that this Court has already held *Hilliard* applies to unnamed defendants. (*See* Order and Reasons, Rec. Doc. 7241.) However, RBD respectfully argues that *Hilliard* does not create a defendant class and, if it does, that it is a limited class that would not pertain to RBD.

In *Hilliard*, paragraph 30 of the original Complaint states:

"30.

> The Defendants which are currently styled as "Other, as yet unnamed, mobile home vendors to the Federal Emergency Management Agency" represent other U.S. manufacturers of mobile homes and trailers *which are also believed to be vendors to Defendant FEMA and have sold mobile homes and trailers to FEMA* which are, in part, the focus of this litigation."[26]

---

[26] Emphasis added.

It has previously been argued in this MDL that this language creates a defendant class. However, the *Hilliard* Complaint does not expressly state that it seeks to create a defendant class nor does it try to define a defendant class. RBD urges it is prejudicial to broaden the language of the *Hilliard* Complaint to encompass a defendant class of companies, such as RBD, that never envisioned they would be part of the *Hilliard* litigation. Further, should the Court continue to hold this language creates a defendant class, RBD urges the Court that this class should only apply to those "which are also believed to be vendors to defendant FEMA and have sold mobile homes and trailers to FEMA which are, in part, the focus of this litigation."[27] Accordingly, since RBD did not contract with FEMA, was not a vendor to FEMA, and did not sell units directly to FEMA, it does not meet the definition of the "catch all" language in *Hilliard* and was not put on notice of ever being a potential defendant in that action due to the specific language used in that Complaint. Therefore, RBD submits that the *Hilliard* filing period should not apply to RBD.

Furthermore, RBD submits that applying *American Pipe* tolling for a defendant class[28] based on the filing date of the Master Complaint on March 18, 2008, should, at the earliest,

---

[27]*Hilliard* Complaint, paragraph 30.

[28]This Court has already ruled in *Wright* (Rec. Doc. 7241) that a defendant class was essentially pled, so RBD will not re-argue this issue in this Motion. However, in order to preserve the record, RBD adopts by reference the arguments set forth by Shaw in its Motion for Summary Judgment Regarding Prescription (Rec. Doc. 2581) the Reply Memorandum in Further Support of Shaw Environmental, Inc.'s Motion for Summary Judgment Regarding Prescription in the *Wright* matter (Rec. Doc. 2971) as they pertain to *American Pipe* tolling not being applicable to putative class members and unnamed class defendants.

commence on the date of the filing of the Master Complaint and not the date of the filing of the *Hilliard* Complaint on May 18, 2006.[29] Accordingly, utilizing March 18, 2008, as the date a defendant class was created shows Ms. Castanel's claims from April of 2006 are still prescribed by almost a year.

**D.     No Joint Tortfeasor**

Although this Court in its Order and Reasons regarding Shaw's motion (Rec. Doc. 7241) found that Shaw was a joint tortfeasor with the manufacturing defendants that were named in the *Hilliard* matter, RBD submits neither it nor Shaw were named in the *Hilliard* matter and that Ms. Castanel's claims should not relate back to that filing. Ms. Castanel was not a named plaintiff in *Hilliard*, and her claims as a putative class member in *Hilliard* should not have the effect of interruption of prescription under La. C.C. Art. 2324.[30] As this Court is aware, Article 2324 clearly requires suit that has interrupted prescription to be applicable to joint tortfeasors, and RBD urges this Court to reconsider its prior ruling in *Wright* to find that *American Pipe's* suspension of prescription applicable to putative plaintiffs does not interrupt prescription that is required by Article 2324. Further, RBD was not a named defendant in *Hilliard*, had no notice of ever being a party to that litigation, and

---

[29] It must be noted that RBD believes the Master Complaint was filed as an administrative device and should not control prescriptive dates on the merits. Accordingly, RBD reserves it right to further brief this issue should that later become necessary, but for now, even utilizing this date shows Ms. Castanel's claims would still be prescribed.

[30] Article 2324 only references interruption of prescription being applicable to joint tortfeasors, but it does not pertain to putative class members who only get the benefit of prescription to named defendants.

13

was only put on notice in the *McGuire* matter eleven (11) months after the filing of the *Hilliard* proceeding. Accordingly, any suspension of prescription a putative class member gets should only apply to named defendants in the *Hilliard* matter which should not be considered an interruption of prescription and definitely not an interruption against an unnamed defendant.

Moreover, should this Court find that Ms. Castanel's claims against the USA are barred for her failure to timely file her Administrative Complaint for the reasons moved for in the USA's Motion to Dismiss (Rec. Doc. 8629), RBD submits that there would be no named joint tortfeasor defendant in the *Hilliard* matter relating to the claims of Ms. Castanel and that any joint tortfeasor interruption of prescription argument regarding that filing would fail.[31]

### E. *Contra Non Valentum* Not Applicable

Ms. Castanel may seek to avail herself of the Doctrine of *Contra Non Valentum* to argue that she did not know what company manufactured her trailer and that this lack of knowledge would have tolled the prescriptive period. In particular, in her deposition, Ms. Castanel testified that she had not heard of RBD before the litigation, did not see any papers in her unit with RBD's name on them, and that she did not see a sticker on the unit with the

---

[31] Should the Court dismiss the USA, RBD respectfully submits that it be allowed to re-urge its prescription motion as that dismissal could have a significant impact on joint tortfeasor allegations.

14

VIN number and Recreation by Design's name on it.[32]

*Contra Non Valentum* is a jurisprudential exception that can suspend the running of prescription when the cause of action was not known by or reasonably knowable by the plaintiff.[33] The doctrine has been construed to only extend up to "the time that the plaintiff has actual or constructive knowledge of the tortious act,"[34] which has been defined as "the time at which the plaintiff has information sufficient to excite attention and prompt further inquiry."[35] "This sort of knowledge or inquiry which ought to reasonably put a plaintiff on notice is sufficient to start the running of prescription."[36]

In the present matter, RBD submits that Ms. Castanel's failure or neglect to determine the identity of the manufacturer of her unit does not toll the running of prescription.[37] Ms.

---

[32] Ex. B, Deposition of Earline Castanel pages 74-77.

[33] *In re Medical Review Panel Proceeding Valdyanathan*, 719 So.2d 604, 607 (La.App. 4th Cir.), *writ denied*, 732 So.2d 1238 (La. 1998), listing four limited situations of when *contra non valentum* doctrine applies: (1) when the courts are legally closed; (2) when administrative or contractual restraints delay the plaintiff's actions; (3) when the defendant prevents the plaintiff from bringing suit; and (4) when the plaintiff does not know nor reasonably should know of the cause of action. It is anticipated that Ms. Castanel may attempt to invoke the fourth factor as a reason for her delay in filing suit.

[34] *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 743 (5th Cir. 2000), citing *Bergeron v. Pan American Assurance Co.*, 731 So.2d 1037, 1042 (La.App. 4th Cir. 1999).

[35] *Id,* quoting *National Council on Compensation Ins v. Quixx Temporary Servs., Inc.*, 665 So.2d 120, 124 (La.App. 4th Cir. 1995).

[36] *Mistich v. Cordis Manufacturing, Co.*, 607 So.2d 955 (La.App. 4th Cir. 1992), citation omitted.

[37] *Bennett v. General Motors Corp.*, 420 So.2d 531, 537 (La.App. 2nd Cir. 1982).

Castanel should have exercised reasonable diligence to determine the identity of the party she claims injured her.[38] Accordingly, Ms. Castanel should have put forth reasonable diligence to identify the manufacturer of her trailer. She could have done this as she had ample time to investigate her suspicions since she lived in the unit for approximately eleven (11) more months after she claims she thought the unit was making her sick. In particular, she could have looked for and found the information sticker[39] that clearly shows Recreation by Design is the manufacturer. Interestingly, she testified that she did not even look in a top closet in the unit that may have had information in it since she did not use that closet.[40] Further, Ms. Castanel had eleven months to contact FEMA to inquire as to the identity of the manufacturer of her unit. Accordingly, her failure to exercise diligence to perform even a minor search or inquiry for the name of the manufacturer while she lived in the unit should not allow her to avail herself of the use of the Doctrine of *Contra Non Valentum* to argue her claims should not be prescribed.

## IV. CONCLUSION

RBD submits Ms. Castanel's claims are prescribed on the face of the petition as she did not file her individual suit until almost three years after having knowledge of her alleged claims. Any attempt by Ms. Castanel to argue that suspension of prescription occurred from

---

[38] *Id* at 538.

[39] Ex. F, Photographs taken by FEMA of Ms. Castanel's unit, FEMA207-000001.

[40] Ex. B, Deposition of Earline Castanel pages 75-76.

the filing of the *McGuire* Complaint specifically naming RBD in April 2007 still does not preserve her claims as she should have filed her individual claim prior to the end of January 2009 at the latest. Additionally, RBD urges that the filing of the *Hilliard* Complaint did not suspend prescription as to RBD for the reasons stated above, nor would RBD have been a joint tortfeasor with any other manufacturer or Shaw (who was also not named in *Hilliard* as a defendant). Further, the Joint Tortfeasor Doctrine should not apply as prescription cannot be interrupted by a putative class member, nor does the Doctrine of *Contra Non Valentum* apply as Ms. Castanel failed to exercise reasonable diligence to determine the identity of her manufacturer.

For the reasons stated above, Recreation by Design, LLC, respectfully urges this Court to find that Ms. Castanel's claims have prescribed and to dismiss Ms. Castanel's claims against it in this litigation.

Respectfully submitted,

*/s/ Randall C. Mulcahy*
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
GARRISON, YOUNT, FORTE
& MULCAHY, LLC
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Attorneys for defendant,
Recreation By Design, LLC
Email: rmulcahy@garrisonyount.com

## CERTIFICATE OF SERVICE

  I hereby certify that on December 29, 2009, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

                */s/ Randall C. Mulcahy*
                RANDALL C. MULCAHY, Bar No. 26436