**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | |
|---|---|
| IN RE: FEMA TRAILER | MDL NO. 07-1873 |
| FORMALDEHYDE PRODUCTS | |
| LIABILITY LITIGATION | SECTION "N" (5) |
| | JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO: | MAG. JUDGE CHASEZ |
| ALL CASES ("Mississippi Plaintiffs") | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**DEFENDANT UNITED STATES' REPLY MEMORANDUM IN SUPPORT OF ITS
"MOTION TO DISMISS THE REMAINING FTCA CLAIMS OF ALL 'MISSISSIPPI
PLAINTIFFS' FOR LACK OF SUBJECT MATTER JURISDICTION BASED UPON NO
ANALOGOUS PRIVATE LIABILITY" (Rec. Doc. 7690)**

In their opposition to the United States' motion, Mississippi Plaintiffs fail to show how the

Government conduct at issue in this case is functionally different from – if not literally identical

to – the kind of private person conduct shielded from civil liability under Mississippi law.  *See*

Miss. Code § 33-15-21(b).  Plaintiffs fail to recognize that the FTCA's limited waiver of

sovereign immunity requires that the Court remove the governmental cloak and assess whether a

private person could be subject to state law liability under "similar circumstances."  *See United*

*States v. Olson*, 546 U.S. 43, 45 (2005) (holding that "'like circumstances' do not restrict a

court's inquiry to the same circumstances, but require it to look further afield"); *see LaBarge v.*

*County of Mariposa*, 798 F.2d 364, 366-69 (9th Cir. 1986) ("Because the federal government

could never be exactly like a private actor, a court's job in applying the standard is to find the

most reasonable analogy.").  Stripping away the inherent differences between the Government

and a private person, it becomes clear that the Government's provision of emergency housing

units ("EHUs") to Mississippi disaster victims following Hurricane Katrina presents "similar

circumstances" to the type of private person conduct protected by Miss. Code § 33-15-21(b).  *See*

*Olson*, 546 U.S. at 44 (holding that sovereign immunity is only waived "where local law would

make a '**private person**' liable in tort" (emphasis in *Olson*)); *LaBarge*, 798 F.2d at 366-69

(finding the United States was in like circumstances to a private employer covered by a state

immunity provision); *Owen v. United States*, 935 F.2d 734, 736-37 (5th Cir. 1991).

**I.** **The Scope Of Analogous Private Liability Is A Question Of Federal Subject-Matter Jurisdiction; It Shapes The Bounds Of The FTCA's Limited Waiver Of Sovereign Immunity**.

Plaintiffs have failed to meet the FTCA's requirement that there be analogous tort liability

against a "private individual under like circumstances," *see* 28 U.S.C. §§ 2674, 1346(b), and,

thus, have failed to carry their burden of establishing subject-matter jurisdiction.[1]/  *See Kokkonen*

*v. Guardian*, 511 U.S. 375, 377 (1994); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.

2001).  Although Plaintiffs focus on state rules of statutory application in their opposition, Opp.

Memo. at 2 (Rec. Doc. 9405), the Supreme Court has held that whether a private person in "like

circumstances" would be subject to liability is a question of sovereign immunity and, thus, is

ultimately a question of federal law.[2]/  *Olson*, 546 U.S. at 44.  Contrary to Plaintiffs' argument,

because this exercise determines the scope of the FTCA's limited waiver of sovereign immunity

(*i.e.,* Can Plaintiffs meet the FTCA's condition that there be analogous private liability in like

---

[1]/     In their opposition, Plaintiffs do not challenge the proposition that the jurisdictional question presented (whether Miss. Code § 33-15-21(b) would limit the potential civil liability of a private person under similar circumstances) bears no relation to a merits determination of whether the United States was negligent.  Thus, the United States' motion should be decided pursuant to Rule 12(b)(1), rather than Rule 56.  *See generally* Opp. Memo. Nonetheless, should the Court choose to apply the summary judgment standard to this motion, there remains no genuine issue of material fact regarding whether there is analogous private liability under similar circumstances.  In addition, since Plaintiffs' opposition did not include a responsive statement of material facts, the United States' statement of material facts should be deemed admitted pursuant to Local Rule 56.2.

[2]/     Plaintiffs incorrectly cast the United States' motion as unrelated to the question of sovereign immunity.  *See* Opp. Memo at 2.  Although the FTCA's private analogous liability provisions look to the framework established by state tort law, *see* 28 U.S.C. §§ 2674, 1346(b), how the question of analogous private liability is resolved determines the scope of the FTCA's limited waiver of sovereign immunity and, thus, determines the scope of subject-matter jurisdiction.  *See United States v. Mottaz*, 476 U.S. 834, 841 (1986); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (affirming Rule 12(b)(1) dismissal based upon no analogous private liability).

circumstances under Mississippi law?), the Court must construe all federal and state statutes that affect this condition "in favor of the sovereign." *See U.S. Dep't of Energy v. Ohio*, 503 U.S. 607, 615 (1992); *Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998) (in assessing jurisdiction, a court must resolve "all ambiguities in favor of the sovereign"). In addition, in stark contrast to the narrow interpretation sought by Plaintiffs, at least one Court, based upon a review of various states' emergency statutes, has remarked that courts generally interpret these statutes to provide protection from suit to the fullest extent possible. *See Robin v. United States*, 2006 WL 2038169, at *2 (E.D. La. July 17, 2006) (Lemelle, J.).

In judging whether the FTCA's requirement of analogous private liability is met, federal law requires that the Court assess whether the Government conduct at issue would constitute "similar circumstances" to those that would result in liability being imposed (or not imposed) upon private persons under state law. *See LaBarge*, 798 F.2d at 366-69. This inquiry is an issue of federal subject-matter jurisdiction that, in part, looks to the framework of state law for guidance, but is not answered through a rote application of state law text to the facts of a particular case. Importantly, the "similar circumstances" concept that shapes the FTCA's analogous private liability inquiry is necessarily flexible to ensure the Government is afforded the same protections as private persons – it allows for state law provisions to "apply" to shield the Government where the Government activity functionally, rather than literally, meets the terms of the state statute at issue.[3]/ *See Hill v. SmithKline*, 393 F.3d 111, 1118 (10th Cir. 2004). Although

---

[3]/     The FTCA's "similar circumstances" or "like circumstances" test for analogous private liability must be read to cut both ways. If there is a reasonable analogue, the United States may be held liable under the FTCA for uniquely governmental activities that a private person would never perform; but, in turn, the United States must be afforded the benefit of state immunity statutes and non-liability provisions that the Government has only functionally, rather than literally, complied with. *See Hill*, 393 F.3d at 1118 ("In light of the 'similarly situated' requirement, we . . . have allowed the United States the benefits of certain state-law defenses in FTCA actions, even when the United States did not meet the technical requirements of state law."). This is especially true where the

the Government activity at issue need only be the functional equivalent of the private conduct shielded from liability under Miss. Code § 33-15-21(b), the activity at issue in this case squarely satisfies the statute's terms.  This result in no way requires that the private person protections set forth in Miss. Code § 33-15-21(b) be extended beyond their obvious meaning.

**II.    The Nature, Scope, And Applicability Of Miss. Code § 33-15-21(b) Support A Finding Of No Analogous Private Liability For Plaintiffs' FTCA Claims.**

The Mississippi statute at issue limits the state law civil liability of private persons who own and provide shelter in response to an emergency.  *See* Miss. Code § 33-15-21(b).  A facial reading of Plaintiffs' own Complaint shows that they allege each individual Plaintiff was rendered "homeless" following the "greatest natural disaster in the history of the United States" and that the United States responded by providing what Plaintiffs consider to have been "unreasonably dangerous housing units" in an attempt to shelter "individuals and families displaced" by the hurricanes.  *See* Third Admin. Master Compl. (Rec. Doc. 4486) ¶¶ 124, 128, 171, 150, 162, 201-205, 209 (as incorporated by the Fourth Admin. Master Compl. (Rec. Doc. 7688)).  Though Plaintiffs urge that the Court consider the nature and scope of Miss. Code § 33-15-21(b), Opp. Memo. at 1, the upshot of the provision is that persons and entities who provide emergency shelter should be shielded from any and all associated civil liability.  *See* Miss. Code § 33-15-21(b).  Using the FTCA's required analogy, had a private person or entity provided thousands of emergency shelters to the Mississippi victims of Hurricanes Katrina (the same shelters complained of in Plaintiffs' suit) – Miss. Code § 33-15-21(b) plainly would preclude civil any liability for injuries related to Plaintiffs' use of these shelters.  Plaintiffs fail to explain how

_____

United States' activity does not technically meet the terms of the state statute due to uniquely governmental attributes.  Simply put, the "similar circumstances" test requires that the Government activity at issue be 'in the ballpark' of the activity described in a state liability or non-liability provision.  This ensures that the Government is placed on equal footing with private persons despite their inherent differences.  *See id.*.

their claims about purportedly dangerous emergency shelters should remain untouched by the Mississippi statute that specifically bars the civil liability of those who choose to provide emergency shelters in response to emergencies.[4]/  Nor do they explain how affording the United States the same protections as private persons who provide shelter in response to emergencies, as required by the FTCA, would constitute "absurd consequences."  *See* Opp. Memo. at 1.

In large part, Plaintiffs seek to distinguish the protections announced in Miss. Code § 33-15-21(b) by stressing that it was the United States Government – not a private person – who provided the shelters at issue in this case.  Thus, Plaintiffs argue that the factual underpinnings of this case (because of the inherent differences between the Government and a private person, such as the collection of taxes and internal regulations) are markedly different from a scenario in which Miss. Code § 33-15-21(b) would apply to a private person.  Such reasoning ignores the FTCA's jurisdictional requirement as well as the Supreme Court's holding in *Olson* that there be analogous "private person" liability.[5]/  *See* 546 U.S. at 44 (discussing 28 U.S.C. § 1346(b)).  Because Miss. Code § 33-15-21(b) specifically applies to "[a]ny person" it can appropriately supply a private person analogue to determine the United States' liability under the FTCA.  *See* Miss. Code § 33-15-21(b).

_____

[4]/     Although Plaintiffs characterize Miss. Code § 33-15-21(b) as "rarely applied," Opp. Memo. at 1, this is not surprising given the discrete focus of the statue (the provision of emergency shelter in response to an emergency).  The fact that a statute has been written to expressly shield private persons who may engage in such an uncommon contingency speaks to the important policy considerations that underlie the statute.  *See* Miss. Code § 33-15-21(b).

[5]/     By measuring the Government's FTCA liability through the use of "private person" liability, Congress sought to prevent state legislatures from using the FTCA's limited waiver of sovereign immunity to "enrich their own citizens" at the expense of the United States.  *See Carter v. United States*, 982 F.2d 1141, 1143 (7th Cir. 1992).  This is in keeping with the FTCA's intent to limit the waiver of sovereign immunity to "run-of-the-mine" torts where there are clear private analogues and no policy implications.  *See United States v. Gaubert*, 499 U.S. 315, 325 n.7 (1991); *Dalehite v. United States*, 346 U.S. 15, 28 n.19 (1953).  Considering the teachings of *Olson*, private person analogies may exist for the conduct at issue here, but Mississippi law has shielded such private persons from civil liability.  *See* 546 U.S. at 47.

**III.    The Government Activity At Issue Presents "Similar Circumstances" To The Kind Of Private Person Activity Shielded From Civil Liability By Miss. Code § 33-15-21(b).**

Miss. Code § 33-15-21(b) protects any private person who:

(1) owns or controls "real estate or other premises";
(2) acts "voluntarily and without compensation";
(3) grants "use [thereof]"; and
(4) does so "for the purpose of sheltering persons or providing assistance to persons during or in recovery from [a] . . . natural disaster."

Miss. Code § 33-15-21(b).  In their opposition, Plaintiffs do not dispute that the Government conduct at issue presents "similar circumstances" to private person conduct that would satisfy elements (1), (3), and (4).[6]/  *See* Opp. Memo. at 2-6.  Instead, Plaintiffs focus solely on element (2), namely, whether the Government conduct at the center of this case was in like circumstances with a private person who acts voluntarily and without compensation.  *See id.*

**A.    The Government Was In Like Circumstances With A Private Person Who Acts Voluntarily And Without Compensation.**

In their opposition, Plaintiffs have failed to come forward with any evidence that the United States did not provide emergency shelter to the Mississippi victims of Hurricanes Katrina of its own volition.  Examining the kind of like circumstances that would vitiate a private person's "voluntariness" under Miss. Code § 33-15-21(b), Plaintiffs cannot show that the United States was contractually obligated or otherwise bound by any outside element to provide the emergency shelter in question.  Given the FTCA's requirement that the Court consider a private analogue under "similar circumstances" to ensure that the Government and private persons are placed on equal footing, *see LaBarge*, 798 F.2d at 366-69, internal Government regulations and

---

[6]/    The immunity conferred by Miss. Code § 33-15-21(b) extends to shelter provided during *or* "in recovery from" a natural disaster.  The fact that the shelter at issue in the Mississippi Plaintiffs' cases was provided to them "during or in recovery from" a natural disaster is well established and is not contested by Plaintiffs.  *See* Opp. Mem.; U.S. Mem. (Rec. Doc. 7690-2) at 16-18.

statutory charges that only apply to the Government should play little role in a private analogous

liability inquiry.  *See Hill*, 393 F.3d at 1118, U.S. Mem. at 11 n.11 (citing cases).  If such

inherently governmental provisions were allowed to vitiate state law protections and authorize

suit where a private person would otherwise be shielded, the Government would be placed "in a

differently situated position than private parties . . . thereby undermining the conditions precedent

to the United States' waiver of sovereign immunity in the FTCA."[7]/  *Id.*

Even if such provisions were relevant to this inquiry, the Stafford Act, which Plaintiffs

argue compelled the Government to provide assistance in this case, in fact provides for unfettered

discretion in deciding if/when/how the United States, through FEMA, should provide emergency

shelter to disaster victims.  *See* U.S. Statement of Facts ¶ 6; 42 U.S.C. § 5174(c)(1)(B)(I) (stating

that FEMA "**may** provide temporary housing units . . . to individuals or households" (emphasis

added)).  There is no mandatory provision, internal or otherwise, that required the United States to

provide Plaintiffs with shelters following Hurricane Katrina.  The United States made this

decision on its own accord and, as a result, this activity must be considered in like circumstances

with a private person acting voluntarily.[8]/  Similarly, there is no foundation for Plaintiffs'

---

[7]/      For instance, if the Court were to conclude that the United States was not in like circumstances to a private person who acted voluntarily on the grounds that the United States has formed the Federal Emergency Management Agency ("FEMA") and has set forth various implementing regulations that charge the agency with the responsibility of responding to emergencies, such a determination would place the Government – because it is the Government – in an entirely different position from an otherwise similarly situated private person.  The FTCA's limited waiver of sovereign immunity requires a different result.  One could argue that the provision of thousands of emergency shelters following a natural disaster is an inherently governmental activity, nonetheless, the FTCA requires application of the most reasonable private person analogy to determine liability.  *See, e.g., Nationwide Mut. Ins. Co. v. United States*, 3 F.3d 1392, 1396-97 (10th Cir. 1993) (looking past inherent differences between the Government and a private person in order to assess whether the Government was in like circumstances to a private person who would be afforded protection under state law).

[8]/      In the context of a private person or entity, even if a provider of shelter had internal rules or bylaws that outlined its intent to provide safe and habitable emergency shelter to disaster victims whenever the need arises, the private person or entity would still be taking voluntary action under Miss. Code § 33-15-21(b) because no external force compelled it to adopt such rules and bylaws and provide such aid.

argument that an "altruistic basis" or motivation requirement should be read into the language of Miss. Code § 33-15-21(b).  Opp. Memo. at 3.  Although Plaintiffs seek to distinguish the Government's activity in this case by saying that Miss. Code § 33-15-21(b) should only apply where someone "steps forward in an emergency to help shelter a disaster victim by making his own property available," that is exactly the kind of action the United States took in response to the massive destruction and homelessness left in the wake of Hurricane Katrina.  *See id.* Plaintiffs' argument that a private person would never be expected to adhere to the litany of policy objectives, regulations, and guidelines that purportedly shaped the United States' provision of emergency shelter is not compelling.  Such an argument wholly ignores the holding of *LaBarge*, which stressed that the Court must look past the inherent differences between the Government and a private person in order to find the most reasonable private person analogy. 798 F.2d at 366-69.  In this case, the most reasonable analogy would involve the kind of private person conduct that falls within the civil liability protection of Miss. Code § 33-15-21(b).

Similarly, Plaintiffs' focus on cases dealing with whether individuals may have a vested property interest in FEMA assistance is misplaced.  As stated above, such an inherently governmental issue, involving internal Government policies and regulations, does not translate between the Government and the FTCA's required private analogue under state tort law. Nevertheless, the regulations described in the Stafford Act (which impose no duties upon private persons) speak only in permissive terms.[9]/  *See* U.S. Statement of Facts ¶ 6; *Ridgley v. FEMA*, 512 F.3d 727, 729, 736-37 (5th Cir. 2008) (confirming that FEMA has discretionary authority to

---

[9]/    Even if Plaintiffs could establish that the United States through FEMA had an ongoing policy or practice of providing emergency housing to certain similarly situated individuals, the Government's provision of housing and establishment of such a policy or practice would still be the product of an elective and voluntary choice on the part of the United States to provide such assistance.

authorize and administer emergency housing assistance).  Although the question of whether

individuals have a vested property interest in FEMA assistance is not germane to the private

analogous liability inquiry, a recent opinion dealing specifically with emergency housing units

confirmed that "[b]ecause of its institutional discretion, FEMA's emergency housing assistance

does not create an entitlement in the plaintiff to a property interest in that assistance." *Johnson v.

FEMA*, 2009 WL 1208639, at *1 (E.D. La. May 1, 2009) (Feldman, J.) (denying a plaintiff's

request for an injunction to stay in his Government-provided emergency shelter); *see Lockett v.

FEMA*, 836 F.Supp. 847, 854 (S.D. Fla. 1993) (following Hurricane Andrew, ruling that the

Stafford Act "clearly shows that assistance is discretionary, not mandatory").  Although Plaintiffs

rely upon *McWaters v. FEMA*, 436 F.Supp. 802 (E.D. La. 2006), much of the language in

*McWaters* appears to be undercut by the Fifth Circuit's recent ruling in *Ridgley*.[10]/ *See* 512 F.3d at

736-37.  As stated in *Ridgley*, mandatory language is wholly absent from FEMA's implementing

regulations that discuss the provision of assistance.  *Id.*  512 F.3d at 736 (discussing all of

FEMA's implementing regulations, beyond just the rental assistance provision, and stating

"[t]here is simply no indication that the regulations constrain FEMA's discretion to the point that

it is bound to provide assistance").  Regardless, not a single regulation referenced in any of these

---

[10]/        As this Court has stated, "[A]s for the applicability of the *McWaters* case to the scenario before this Court,
it should be noted that the Fifth Circuit recently held that the Stafford Act, and its accompanying regulations
governing the Individual Assistance housing program, does not, in and of itself, create an entitlement to housing assistance."  *In re: FEMA Trailer Formaldehyde Prods. Liab. Litig.*,
2008 WL 5423488 (E.D. La. 2008) (citing *Ridgley v. FEMA*, 512 F.3d 727, 734-45 (5th Cir. 2008).  Unlike the
*Johnson v. FEMA*, 2009 WL 1208639 case, which found no entitlement to an emergency housing unit, *McWaters*
did not deal with the Government's provision of emergency housing units.  *See McWaters*, 408 F. Supp. 2d 221
(discussing notice, rental assistance, SBA loans, and short-term lodging assistance, *i.e.*, hotels and motels).  Thus,
Plaintiffs' criticism of *Ridgley* applies equally to *McWaters*.  *See* Opp. Mem. at 7 (arguing that *Ridgley* should be
distinguished because it did not deal with the provision of emergency housing units).  *McWaters*, in ruling on a
request for a preliminary injunction, dealt specifically with the continuation and administration of certain programs
already set in place.  *Id.* at 236.  Even if the Government had established a pattern or practice of providing
emergency shelter to certain qualified individuals, this does not make the actual decision to provide shelter in the
first place any less voluntary or discretionary.

cases requires the United States to provide emergency shelter to disaster victims.  When the United States chose to do so following Hurricane Katrina, it acted of its own volition.  Even if the United States undertakes the task of assisting the public in an emergency (and has set up an agency to do so), that does not make the decision to undertake that task non-voluntary: If the Government imposed upon itself an obligation to provide assistance or adopted a policy/practice to provide safe and habitable assistance, that obligation was one voluntarily undertaken by the Government.

Again seeking to interject inherent differences between the Government and private persons into this analogous private liability inquiry, Plaintiffs also argue that the United States' provision of rent-free shelter was not in like circumstances with a private person who acts without compensation because the United States collects taxes.  Plaintiffs concede, as they must, that they, as recipients of Government-owned emergency shelters, did not pay any money for such assistance "in the direct, payment-to-FEMA sense."  Opp. Memo. at 3.  Such a direct payment, *i.e.*, rent or a purchase price, would be the very definition of compensation.  The United States received no such payments in exchange for its provision of emergency shelter to homeless disaster victims.  As FEMA Acting Deputy Administrator David Garratt testified, disaster victims "paid no out-of-pocket costs" to live in these shelters.  U.S. Ex. 16, 37:11-13.  Although American taxpayers, potentially including Plaintiffs, help fund some of the Government's operations, such moneys are far too attenuated from the Government's provision of emergency shelter to be considered compensation under Miss. Code § 33-15-21(b).  General income tax payments simply cannot amount to consideration or compensation for the unrelated subsequent provision of specific emergency shelter.  "[A] tax is not an assessment of benefits," nor does it constitute consideration in exchange for services.  *See Carmichael v. Southern Coal*, 301 U.S.

10

495, 521-23 (1937).  Plaintiffs' argument is akin to the oft-rejected notion of taxpayer standing.

*See generally Flast v. Cohen*, 392 U.S. 83 (1968).  Finally, it is inarguable that the collection of

taxes – an activity conducted only by the Government – can meaningfully translate to the private

person analogy.[11]/

**IV.     Because Miss. Code § 33-15-21(b) Would Apply To A Private Person Under Similar Circumstances, The United States Must Be Shielded From Civil Liability And Mississippi Plaintiffs' FTCA Claims Must Be Dismissed In Their Entirety.**

Each Plaintiff alleges that he or she was injured as a product of formaldehyde emissions in

his or her Government-owned emergency housing unit.  These emergency shelters, which

Plaintiffs allege were "defective and dangerous" are at the epicenter of Plaintiffs' claims of

causation and injury.  *See* Third Admin. Master Compl. ¶¶ 179, 207, 353.  Given their allegations,

Plaintiffs cannot divorce their claims from the very shelters that they allege caused them harm

during the course of occupancy/usage.  Regardless of a potential plaintiff's theory of liability, a

private person who falls under the protections of Miss. Code § 33-15-21(b) "shall not be civilly

liable for negligently causing the death of, or injury to, any person on or about such . . . premises

by virtue of its use for emergency management purposes."  Miss. Code § 33-15-21(b).  Thus, any

and all civil claims against such a private person that allege injury or death stemming from the

usage or occupancy of an emergency shelter are barred under Mississippi law.  *Id.*  Likewise,

under similar circumstances, such claims may not proceed against the United States under the

---

[11]/     For example, in the context of a private entity or charity, if a charity provided emergency shelter to a disaster victim who had previously made contributions to the charity, this could scarcely amount to an exchange of "compensation" as would be required to vitiate the protections of Miss. Code § 33-15-21(b).  In addition, if the collection of taxes were to be considered in like circumstances with a private person's acceptance of compensation, Miss. Code § 33-15-21(b) could never, under any set of facts, shield the United States, thus restricting the United States from being afforded a protection otherwise granted to certain private persons under state law.  This would violate the FTCA's intent to make the tort liability of the United States "the same as that of a private person under like circumstance, in accordance with the local law").  *See Olson*, 546 U.S. at 46-47 (quoting S.Rep. No. 1400, 79th Cong., 2d Sess., 32 (1946)).

FTCA.  *See id.*  Miss. Code § 33-15-21(b) in no way distinguishes between civil claims that are premised on a defendant's status as property owner and those that are not.  Indeed, regardless of the theory of liability, if the statute's prerequisites are met, the provider of shelter is immune from all civil claims as long as the alleged injury or death occurred "on or about" the premises as a result of the premises being used for emergency management purposes..[12]/  *Id.*  Importantly, Miss. Code § 33-15-21(b) broadly precludes *all* private liability arising from a person's voluntary provision of free shelter during or in recovery from a natural disaster.  Thus, the statute's protection is not limited to liability arising from simple negligence and does not contain a special exception for gross negligence or other misconduct.  This interpretation is supported by the Section's plain language and context in the statutory scheme, notably, its proximity to the previous subsection, which provides:

> Neither the state nor any political subdivision thereof, nor other agencies nor, **except in cases of willful misconduct**, the agents, employees, or representatives of any of them engaged in any emergency management activities . . . shall be liable for the death of or any injury to persons, or damage to property, as a result of such activity.

Miss. Code § 33-15-21(a) (emphasis added).  As Mississippi chose to qualify the immunity of **state** actors engaged in emergency management activities, it easily could have similarly qualified the immunity of private persons in Miss. Code § 33-15-21(b) if it had wished to do so.

---

[12]/     To the extent the United States arguably owed a duty to Plaintiffs, such a duty arose as a product of the United States' relationship as owner and provider of what Plaintiffs allege were dangerous emergency housing units. Just because it was providing emergency assistance to other individuals, Plaintiffs cannot argue that the Government had a duty to individual Plaintiffs until the United States provided an emergency shelter to that Plaintiff.  To the extent Plaintiffs argue that the Government had some independent duty beyond its role as owner and provider of the allegedly dangerous emergency housing units, *see* Opp. Memo. at 6-7, there is no possible analogous private liability theory under state law that would support such a claim.  'Negligence in the air' is not enough, there must be an analogous duty under state tort law.  *See Johnson v. Sawyer*, 47 F.3d 716, 727-28 (5th Cir. 1995) ("It is virtually axiomatic that the FTCA does not apply 'where the claimed negligence arises out of the failure of the United Sates to carry out a [federal] statutory duty in the conduct of its own affairs."); *Sanchez v. Rowe*, 870 F.2d 291 (5th Cir. 1989).  For example, there is no recognized theory of state tort liability that would support an action against a private person based upon that person's negligent failure in the abstract to "properly respond to an emerging public health crisis" or failure to "disclose information."  *See* Opp. Memo. at 6.

The fact that it did not shows that the immunity from civil liability conferred by Miss. Code §

33-15-21(b) is absolute.  *See generally* U.S. Mem. at 8-12.  Accordingly, because the United

States must be afforded the same protections as a private person under similar circumstances, all

of Mississippi Plaintiffs' FTCA claims, since they allege injury from exposure to formaldehyde in

Government-provided emergency shelters, must be dismissed for lack of subject-matter

jurisdiction regardless of whether they are grounded in simple negligence or otherwise.

Dated:  December 29, 2009                              Respectfully Submitted,

TONY WEST                                              HENRY T. MILLER
Assistant Attorney General, Civil Division             ADAM BAIN
                                                       Senior Trial Counsel
J. PATRICK GLYNN
Director, Civil Division, Torts Branch                 MICHELLE BOYLE
                                                       MICHELE GREIF
DAVID S. FISHBACK                                      JONATHAN WALDRON
Assistant Director                                     Trial Attorneys

OF COUNSEL:                                            *s/ Adam M. Dinnell*_____
                                                       ADAM M. DINNELL (TX No. 24055405)
JORDAN FRIED                                           Trial Attorney
Associate Chief Counsel                                United States Department of Justice
                                                       Civil Division, Torts Branch
JANICE WILLIAMS-JONES                                  P.O. Box 340, Ben Franklin Station
Senior Trial Attorney                                  Washington, DC 20004
Federal Emergency Management Agency                    Telephone:  (202) 616-4211
Department of Homeland Security                        Adam.Dinnell@usdoj.gov

                                                       Attorneys for Defendant United States

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 29, 2009, the foregoing document was filed via the U.S.

District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison

Counsel.

*s/ Adam M. Dinnell*

ADAM M. DINNELL (TX No. 24055405)

14