IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | § § § § § § § | MDL NO: 1873 SECTION: N (5) JUDGE ENGLEHARDT MAGISTRATE CHASEZ |
| THIS DOCUMENT IS RELATED TO: *North American Catastrophe Services, Inc. v. Northfield Ins. Co.*, No. 09-3818 | § § § | |

STATEMENT OF UNCONTESTED MATERIAL FACTS

Plaintiff North American Catastrophe Services, Inc. submits that the following material facts are not in dispute:

1. In August 2004, NACS purchased a commercial general liability ("CGL") insurance policy from Northfield Insurance Company for a policy period of August 25, 2004 through August 25, 2005. The policy was later renewed through August 25, 2006.

2. The policy provides primary liability coverage for sums that NACS becomes legally obligated to pay as damages due to "occurrences" during the policy period that cause "bodily injury" or "property damage."

3. The policy's insuring agreement provides as follows:

SECTION I – COVERAGES

COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

   1. Insuring Agreement

      a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply….

4. In the aftermaths of Hurricanes Katrina and Rita, NACS acted as a broker between FEMA and modular-home manufacturers in acquiring emergency housing units ("EHUs") for persons displaced by the storms.

5. Since then, NACS has been named a defendant in two related cases pending before the Court in this multi-district litigation: *Aldridge, et al. v. Gulf Stream Coach, Inc., et al.*, Member Case no. 07-9228, and *Sinegar, et al. v. Forest River, Inc., et al.*, Member Case no. 09-2926.

6. In both lawsuits, plaintiffs seek damages allegedly resulting from exposure to formaldehyde while living in the EHUs procured by NACS pursuant to its contract with FEMA.

7. Plaintiffs claim that NACS had actual or constructive knowledge that the EHUs off-gassed formaldehyde and that extended habitation would expose the plaintiffs to elevated levels of formaldehyde.

8. It is further asserted that NACS' failure to act reasonably in identifying, selecting, and procuring the EHUs proximately caused their exposure to formaldehyde, and, consequently, their injuries.

9. Shortly after being named a defendant in the first of these lawsuits, and pursuant to the terms of the policy, NACS timely advised Northfield of the claims asserted against it.

10. NACS also requested that Northfield furnish a defense and pay any liability ultimately found to be due.

11. In response to NACS' request, Northfield disclaimed all liability under the policy with respect to the claims in the underlying lawsuits.

12. In addition, Northfield continues to refuse to undertake NACS' defense of the underlying lawsuits.

          Respectfully submitted,

          */s/ Kevin F. Bruce*
          John E. Galloway, Bar #5892
          jgalloway@gjtbs.com
          Kevin F. Bruce, Bar #31071
          kbruce@gjtbs.com
          GALLOWAY, JOHNSON,
          TOMPKINS, BURR & SMITH
          701 Poydras Street, 40th Floor

New Orleans, Louisiana 70139<br>
Telephone: (504) 525-5802<br>
Facsimile: (504) 525-2456

***Attorneys for North American Catastrophe Services, Inc.***

## Certificate of Service

I hereby certify that on the 6th of January, 2010, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record by operation of the Court's electronic filing system.

/s/ Kevin Bruce