UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE               MDL NO. 07-1873
PRODUCTS LIABILITY LITIGATION

THIS DOCUMENT RELATES TO:                      SECTION "N" (5)
*Member Case No.* **09-3818**

### ORDER AND REASONS

Before the Court is Defendant Northfield Insurance Company's Motion to Transfer Venue for Convenience (Rec. Doc. 3193). The Motion is opposed by Plaintiff, North American Catastrophe Service, Inc. ("NACS"). After considering the memoranda filed by the parties and the applicable law, the Court rules as set forth herein.

### I. BACKGROUND

This motion concerns a declaratory judgment action brought by NACS, who is also a defendant in two related cases pending before the Court in this multi-district litigation ("MDL") (*Aldridge, et al., v. Gulf Stream Coach, Inc., et al.,* Member Case no. 07-9228, and *Montrell Sinegar, et al., v. Forest River, Inc., et al.,* Member case no. 09-2926).

In 2004, NACS purchased a policy of comprehensive liability insurance from Northfield Insurance Company ("Northfield"). That policy was in effect when Hurricanes Katrina and Rita struck Louisiana and other Gulf Coast states. After Hurricanes Katrina and Rita, NACS worked



with FEMA to procure emergency housing units ("EHUs") for displaced persons. Some residents of those EHUs have since filed suit against the manufacturers of the EHUs and other involved parties, including NACS. NACS is seeking declaratory judgment relief against Northfield to resolve a coverage dispute between them. Northfield has filed the instant motion to have this member case transferred to the Middle District of Florida.

## II. ANALYSIS

The decision of whether to transfer a case pursuant to 28 U.S.C. § 1404(a) is committed to the sound discretion of the district court. *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). The trial court must consider "all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3847, at 370 (1986). A threshold consideration for the Court is if the plaintiff could have initially brought the action in the transferee court. *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960). In determining whether transfer is proper under 28 U.S.C. § 1404(a), courts consider both private interest (affecting the convenience of the litigants) and public interest factors (affecting the convenience of the forum). *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981). The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In Re Volkswagon AG*, 371 F.3d 201, 203 (5th 2004)(citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 234, 241 n.6 (1981)).

The public interest factors to be considered include: "(1) the administrative difficulties

flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* Finally, while "neither conclusive nor determinative", in the Fifth Circuit "the plaintiff's choice of forum is clearly a factor to be considered." *In re Horseshoe Entm't*, 337 F.3d 429, 434-35 (5th Cir. 2003). The plaintiff's choice of forum places a "good cause" burden on the defendant who seeks the transfer. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). This "good cause" burden is met when the moving party can "satisfy the statutory requirements and clearly demonstrate that a transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." *Id.* Because the Court finds that NACS could have originally brought the suit in the Middle District of Florida, the Court's analysis will focus on the private and public interest factors regarding transfers under § 1404(a).

## A. The Private Interest Factors

When determining a § 1404(a) motion to transfer, the Court must consider the convenience of the transfer with regards to the parties and the witnesses. *In re Volkswagen of Am., Inc.*, 545 F.3d at 315. Since NACS is before the Court as a defendant in the underlying suits, transferring this suit to a federal district court in a another state would require NACS to argue related issues in two courts located hundreds of miles apart. Such a requirement would greatly inconvenience NACS. Therefore, convenience to NACS weighs heavily against granting the instant motion. Likewise, as Northfield is not a resident of the proposed transfer state, Northfield is no more inconvenienced by appearing in Louisiana to defend the suit as Northfield would be by traveling to Florida. As this issue is equivocal, it does not rise to the "good cause"

3

burden required to upset NACS's choice of venue and weighs against granting the instant motion.

Northfield also cites inconvenience to witnesses as a factor favoring transfer. As NACS points out, minimal witness testimony will likely be needed in this matter. This is a case about a coverage dispute (i.e., whether, pursuant to a contract of insurance, Northfield has a duty to defend NACS).

Northfield also requests that the Court consider transfer based upon increased costs associated with this declaratory judgment action being subsumed into the MDL. While there are voluminous documents connected with the MDL, most clearly identify in the caption the member case to which they relate, thereby reducing the amount of monitoring of MDL-related filings and communications that Northfield must perform. Although having this declaratory judgment action consolidated into the MDL may increase costs and inconvenience for Northfield, transferring this action to the Middle District of Florida would likewise increase costs and inconvenience for NACS. The Court will not order a transfer if the result is to shift the inconvenience from one party to another. *Dupree v. Valero Energy Corp.*, 2003 WL 22466234 at *4 (E.D. La. 2003).

Upon consideration, the Court concludes that the private interest factors weigh against granting Defendant's Motion to Transfer.

**B. The Public Interest Factors**

Among the public interest factors is the interest in having localized controversies decided locally. The injuries that gave rise to the underlying lawsuits occurred locally; the injuries allegedly suffered were suffered by local citizens. This lawsuit was filed by NACS against

4

Northfield in the Eastern District of Louisiana. Therefore, Northfield's obligation to defend, if it exists, arose here. This factor weighs against granting transfer.

Further, although the insurance contract was negotiated in Florida, under Florida law, and covers a Florida domicilary, it is not certain the laws of Florida would thus necessarily apply in this case. In diversity cases, a federal court applies the law of the state within which it sits. *Erie v. Tompkins,* 304 U.S. 64, 79-80 (1938). In diversity cases, federal courts "must apply the choice-of-law principles of the state in which it sits to resolve a threshold conflicts question." *Houston North Hospital Properties, et al., v. Telco Leasing, Inc., et al.,* 688 F.2d 408 (5th Cir. 1982). While §1404(a) Motions to Transfer should be evaluated to avoid unnecessary conflicts of laws, the Fifth Circuit cautions against pretrying cases. *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir. 1990).

Louisiana has adopted a comparative impairment standard. See La. Civ. Code art. 3537 (1994). For threshold consideration, the Court will determine if Louisiana has an interest in the matter, and if that interest would be impaired were Louisiana law not applied. In determining if Louisiana has an interest, the Court evaluates, among other things, the "contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties . . . " *Id.* In this case, the place of performance, the location of the object of the contract, and NACS's business dealings within Louisiana are all contacts that implicate Louisiana's interest in the suit.

Moreover, article 3537 may be superseded by the effect given to other relevant articles, including article 3540. La. Civ. Code Ann. art. 3537, comment a (1994). Article 3540 states

that "all other issues of conventional obligations are governed by the law expressly chosen or clearly relied upon by the parties." La. Civ. Code Ann. art. 3540 (1994). Northfield demonstrated its awareness of the risk of the insurance contract being construed under the laws of a state other than Florida in two separate clauses within the contract. The Coverage Territory Clause, found three times within the policy, concedes that coverage under the policy exists with "The United States of America (including its territories and possessions)". (Rec. Doc. 3194-3, pg. 57; 3194-4, pgs. 29 and 52.) Likewise and perhaps most importantly, the Service of Suit Clause states that "all matters arising hereunder shall be determined in accordance with the law and practices of" "any court of competent jurisdiction with the United States of America." (Rec. Doc. 3193-3, pg. 73; 3193-4, pg. 69). NACS relied upon the words of the contract when it filed suit in this Court.

A presumption exists that the law of the forum will apply to suit brought within its courts. Northfield was aware that it was amenable to suit based upon the contract under the laws of the State of Louisiana. Northfield, as author of the contract, could have inserted into the contract a specific choice-of-law clause requiring the contract to be interpreted according to the laws of the state of its choosing; however, it did not. Ambiguities within insurance contracts are construed against the author and in favor of the insured. *Louisiana Ins. Guar. Ass'n. v. Interstate Fire & Cas. Co.*, 630 So. 2d 759, 764 (La. 1994). See also La. Civ. Code art. 2056 (2008). Therefore, it is not necessary for the Court to engage in a conflicts of law analysis as Northfield consented to suit within Louisiana and under Louisiana law. These factors weigh against transfer.

Additionally, the Court's docket, while crowded, is not so congested that the Court is unable to facilitate an expeditious resolution of the insurance dispute at issue here. NACS, as a defendant in the two related underlying lawsuits pending in the Eastern District of Louisiana, chose the Eastern District of Louisiana as the venue for the declaratory judgment action. While the Plaintiff's choice of forum is not dispositive, it weighs heavily in the Court's consideration. The Court concludes that the public interest factors weigh against granting Defendant's Motion to Transfer.

### III. CONCLUSION

Considering the foregoing, **IT IS ORDERED** that Defendant's Motion to Transfer Venue for Convenience (Rec. Doc. 3193) is **DENIED.**

New Orleans, Louisiana, this 7th day of December 2009.

KURT D. ENGELHARDT
United States District Judge