

U.S. FILED
EASTERN DISTRICT COURT
DISTRICT OF LA
2007 NOV 30 PH 3: 33
LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

JAMES H. ALDRIDGE §
AND ANGELA L. ALDRIDGE, §
SEE ADDITIONAL PLAINTIFFS §
VS. ATTACHMENT A §
§
GULF STREAM COACH, INC., §
SEE ADDITIONAL DEFENDANTS
ATTACHMENT B

CIVIL ACTION NO:_____

SECTION: **07-9228**

MAGISTRATE:_____

**SECT. N MAG. 4**

### PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW INTO COURT, through undersigned counsel, come the plaintiffs listed below, all

persons of the full age of majority and residents of the State of Louisiana, for the purpose of

submitting this Complaint, and respectfully say as follows:

### I.  OVERVIEW OF LAWSUIT

After Hurricanes Katrina in August of 2005 and Rita in September of 2005 ravaged the Gulf

South, FEMA provided approximately 120,000 trailers so that those whose homes were

destroyed would have a place to live. The trailers were manufactured by private companies, who

reportedly grossed over a billion dollars from the sale of these trailers. Unfortunately for those

displaced individuals, the manufacturers completely failed to ensure that the trailers were safe for

the inhabitants. Indeed, because these private companies recklessly rushed to produce these

trailers and outsourced substandard building materials from foreign countries, these trailers have

**EXHIBIT**
C

Page 1 of 29

Fee_____350.____
Process_____
X Dktd_____
CtRmDep._____
Doc. No._____

formaldehyde levels that exceed what is considered safe by government authorities. To make matters worse, when hundreds of trailer residents began to complain to the government about their symptoms, including headaches, nose bleeds, burning eyes and respiratory problems, FEMA responded by advising them to "open the windows and turn up the air conditioning". Now, due to Defendants blatant disregard for the safety and welfare for those who would live in their products, literally thousands of people are stuck residing in trailers with no way out and without a safe place to live. This case seeks remedy for those who have suffered and those who are suffering because of Defendants' greed. Notice of this dangerous condition was not given until June, 2007, months and in some cases, years after the evacuees resided in these unsafe quarters.

## II.    PARTIES

### PLAINTIFFS

Each Plaintiff is a person of the full age of majority and resident of the State Louisiana.

Plaintiff, Angela L. Aldridge, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, James H. Aldridge, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Frank R. Airhart, Individually and on behalf of his deceased mother, Lydia K. Airhart, is a resident of Metairie, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Alberta R. Alexander, is a resident of Slidell, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Alvin M. Alexander, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Amy Alfonso, Individually and on behalf of minor child, Matthew Sumpter, is a resident of Slidell, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Keystone Industries, Inc.

Plaintiff, Stephen A. Alfonso, is a resident of Kenner, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Christopher Alfonso, Sr., Individually and on behalf of minor child, Christopher Alfonso, Jr., is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Keystone Industries, Inc.

Plaintiff, Antoinette Anderson, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Randi W. Audibert, is a resident of Slidell, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Harry Bagent, Sr., is a resident of Gretna, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Gordon S. Band, Sr., is a resident of Baker, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Louise Berteaux, is a resident of Kentwood, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Carolyn Blackman, is a resident of Gretna, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Aloha C. Blake, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Wilson T. Blake, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Abergaile A. Bowman, Individually and on behalf of minor child, Breona A. Berry, is a resident of LaPlace, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Trina Brazile, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Keystone Industries, Inc.

Plaintiff, Minnie L. Britton, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Carroll Britton, Jr., is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Carroll Britton, Sr., is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Diane Brown, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Douglas Brown, is a resident of Jefferson, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Julius Brown, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Ernest Brumfield, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Forest River, Inc.

Plaintiff, Valenia C. Byrd, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Keystone Industries, Inc.

Plaintiff, Shea M. Caliste, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Dennis J. Campo, is a resident of Chalmette, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Lenora Conner, is a resident of Marrero, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Lolita Davis, Individually and on behalf of minor children, Glendale Davis and Gerald G. Hampton, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Joshua C. Davis, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Barbara Dixon, is a resident of Baton Rouge, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Ezell Dixon, is a resident of Baton Rouge, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Tronda Dixon, Individually and on behalf of minor children, Ty'Julante' Dixon and Jermaine Hawkins, is a resident of Baton Rouge, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Elisha Dubuclet, Individually and on behalf of minor children, Timia Dubuclet and Timothy Dubuclet, Jr., is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Evelyn Estingoy, is a resident of Metairie, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Sarah C. Evans, Individually and on behalf of minor child, Terence Craig, is a resident of Marrero, Louisiana, and is an occupant or resident of a FEMA trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Templeton C. Evans, is a resident of Marrero, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Isaac Frezel, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Robert L. Green, Sr., is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Carla Guichard, Individually and on behalf of minor children, Jamesha Guichard and Larisha Guichard, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Judi Guth, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Kimberly Hamilton, is a resident of Slidell, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Shemekia T. Hampton, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Damian J. Hargrove, Sr. on behalf of minor child, Damian J. Hargrove, Jr., is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Leroy Hargrove, Jr., is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, James F. Harris, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, James B. Hayman, Jr., is a resident of Bogalusa, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Albert F. Hezeau, III, is a resident of Kenner, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Jacquelyn S. Hezeau, is a resident of Kenner, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, LaQuesta Higgins, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Dennis C. Holmberg, is a resident of Slidell, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Roslyn Holmes, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Danette W. Hunter, is a resident of Violet, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Elmo Hunter, is a resident of Violet, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Lionel Hunter, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Veronica Hunter, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Bertha R. Jackson, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Orlando Jaimevadi, Individually and on behalf of minor child, Jasmine Jaimevadi, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Donald Jenkins, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Enderlin N. Jessie, is a resident of Harvey, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Thor Industries, Inc.

Plaintiff, Kerry P. Johnson, Individually and on behalf of minor child, Ron'Jhae K. Emery, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Gussie M. Jones, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Leonard Jones, III, Individually and on behalf of minor children, Joshua K. Jones and Jeremy Jones, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Elsie L. Kelmell, is a resident of Paradis, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Carol Kennedy, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Danny V. Kennedy, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Randal A. Kramer, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Sandra A. Labayen, is a resident of Jefferson, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Craig Labeau, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Edward Labeau, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Shirley Labeau, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Gregory G. Laforge, is a resident of Metairie, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Janell Landry, Individually and on behalf of minor child, Ja'Wain Landry, is a resident of Metairie, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Forest River, Inc.

Plaintiff, Keisha Landry, Individually and on behalf of minor children, Anisa Holiday and Airiss White, is a resident of Metairie, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Paul Lastrapes, is a resident of Port Sulphur, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Keystone Industries, Inc.

Plaintiff, Barbara M. Lawless, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Javery S. Mark, is a resident of Slidell, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Victorine Matthews, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Freddie Matthews, Jr., is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Alosia J. McKinley, Individually and on behalf of minor child, Kenneka L.J. Davis, is a resident of Mt. Airy, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Forest River, Inc.

Plaintiff, Daryl Mercante, is a resident of Metairie, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Charisse C. Millett, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Earl Millett, Jr., is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Arthur Mitchell, Individually and on behalf of minor children, Kenya Mitchell and N'Oreal Mitchell, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Daria Mouton, Individually and on behalf of minor child, Dymen Slaughter, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Jane M. Owens, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Catherine M. Pardo, is a resident of Metairie, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Meri Pinelli, is a resident of Metairie, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Melton Rayford, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Pamela Richardson, is a resident of Metairie, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Tiara Richardson, is a resident of Metairie, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Rayfield Robinson, Jr., Individually and on behalf of minor children, Holly Robinson, Magic Robinson, Smokey Robinson and Sunny G. Robinson, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Jackie Robinson, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Renice Robinson, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Sugar Ray Robinson, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Joyce Rouser, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Valeria Schexnayder, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Forest River, Inc.

Plaintiff, Jimmy J. Sciurba, is a resident of Mandeville, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Michelle S. Sciurba, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Christine K. Self, is a resident of Metairie, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Robert W. Self, Individually and on behalf of minor child, Tyler D. Self, is a resident of Metairie, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Joycelyn J. Slater, is a resident of Marrero, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Keyatta Smith, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Ned Spencer, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Michaela Sumpter, is a resident of Slidell, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Keystone Industries, Inc.

Plaintiff, Valerie S. Taylor, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Chris R. Taylor, Sr., is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Larry White, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Cassandra Wilson, is a resident of Port Sulphur, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Keystone Industries, Inc.

Plaintiff, Michael T. Wiseman, Sr., is a resident of Venice, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Stephen Young, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

<u>DEFENDANTS</u>

Gulf Stream Coach, Inc., an Indiana corporation, with its principal place of business in Nappanee, Indiana, manufactured and supplied FEMA trailers pursuant to contracts to provide trailers for use in Louisiana, including Housing Units that one or more *Plaintiffs* reside in.

Fleetwood Enterprises, Inc., a Delaware corporation, with its principal place of business in Riverside, California, manufactured and supplied FEMA trailers pursuant to contracts to provide trailers for use in Louisiana, including Housing Units that one or more *Plaintiffs* reside in.

Keystone Industries, Inc., an Indiana corporation, with its principal place of business in Indianapolis, Indiana, manufactured and supplied FEMA trailers pursuant to contracts to provide trailers for use in Louisiana, including Housing Units that one or more *Plaintiffs* reside in.

Forest River, Inc., a Nebraska corporation, with its principal place of business in Omaha, Nebraska, manufactured and supplied FEMA trailers pursuant to contracts to provide trailers for use in Louisiana, including Housing Units that one or more *Plaintiffs* reside in.

Thor Industries, Inc., an Ohio corporation, with its principal place of business in Cleveland, Ohio, manufactured and supplied FEMA trailers pursuant to contracts to provide trailers for use in Louisiana, including Housing Units that one or more *Plaintiffs* reside in.

### III.    VENUE AND JURISDICTION

Defendants each do substantial business in the State of Louisiana and in this Judicial District, and at all times relevant hereto, each engaged in commerce both in this Judicial District and the State of Louisiana.

Plaintiffs allege that they have each suffered damages in the amount in excess of $75,000.00 exclusive of interest and court costs.

There is complete diversity of citizenship and/or there exists federal question jurisdiction herein because Defendants were contractors of the Federal Government as to the matters complained of herein.

Venue is proper in this District pursuant to 28 U.S.C. § 1391, because a large portion of the negligent and wrongful actions of the defendants occurred in the Eastern District of Louisiana; the Plaintiffs reside in the Eastern District of Louisiana, the damages to the Plaintiffs occurred within the Eastern District of Louisiana and many of the applicable facts which form the basis of this lawsuit occurred in the Eastern District of Louisiana.

## IV. BACKGROUND

Plaintiffs each reside or have resided in manufactured mobile homes or travel trailers (hereinafter, collectively referred to as "Housing Units") in the State of Louisiana. These Housing Units were provided by the Federal Emergency Management Agency ("FEMA") after the landfalls of Hurricane Katrina and Hurricane Rita in August and September, 2005. Persons residing or living in these Housing Units have been and continue to be subjected to harmful levels of formaldehyde while residing in the Housing Units.

As a result of these devastating hurricanes, the homes and residences of hundreds of thousands of citizens of the Gulf Coast were rendered uninhabitable, leaving these citizens homeless.

Eventually, the United States federal government, through FEMA, began providing temporary housing to citizens, including Plaintiffs, in the form of housing units which became widely known as "FEMA trailers".

FEMA contracted to purchase many thousand travel trailers and mobile homes for provision to victims of Katrina and Rita, resulting in payments of several million dollars to Defendants.

Tragically, Defendants' rush to manufacture the Housing Units and desire to pursue profit, led Defendants to mass produce and deliver unsafe and hazardous units to citizens left homeless. Due to the fault of Defendants, the Housing Units contain a high level of formaldehyde, a known carcinogen and toxic chemical. Although Defendants knew or should have known of the health hazards inherent in the Housing Units they were making, selling, distributing or delivering, Defendants failed to inspect the Housing Units, failed to warn Plaintiffs of the dangers of formaldehyde, failed to design the Housing Units with suitable and adequate ventilation, and failed to construct the Housing Units with materials that would not emit hazardous levels of formaldehyde and/or failed to follow proper manufacturing processes that would serve to lower the amount of formaldehyde fumes in the Housing Units. Defendants ignored or withheld information in order to sell their products and/or to avoid the costs of safety precautions. The Housing Units provided have been and continue to be an unsafe living environment and present a clear and present danger to the health and well being of the Plaintiffs and their families, causing immediate and long term health risks.

Each Plaintiff has spent a significant time in a FEMA provided Housing Unit, each such unit having been manufactured by one or more of the Defendants. In this manner, Plaintiffs have been exposed to dangerously high concentrations of formaldehyde fumes, well over the recommended maximum value of 0.1 ppm (parts per million) as outlined by the EPA and Lung Association.

Formaldehyde is used in the manufacture of certain construction materials such as particle board and plywood, particularly in the manufactured home industry. There is no question that Defendants knew that formaldehyde is dangerous. Pursuant to federal law, Defendants are required to display a "Health Notice" about exposure to formaldehyde which reads:

IMPORTANT HEALTH NOTICE

Some of the building materials used in this home emit formaldehyde.
Eye, nose and throat irritation, headache, nausea, and a variety of
asthma-like symptoms, including shortness of breath, have been
reported as a result of formaldehyde exposure. Elderly persons and
young children, as well as anyone with a history of asthma, allergies,
or lung problems, may be at a greater risk. Research is continuing on
the possible long-term effects of exposure to formaldehyde.

Reduced ventilation resulting from energy efficiency standards may
allow formaldehyde and other containments to accumulate in the
indoor air. Additional ventilation to dilute the indoor air may be
obtained from a passive or mechanical ventilation system offered by
the manufacturer. Consult your dealer for information about the
ventilation options offered with this home.

High indoor temperatures and humidity raise formaldehyde levels.
When a home is to be located in areas subject to extreme summer
temperatures, an air-conditioning system can be used to control indoor
temperature levels. Check the comfort cooling certificate to determine
if this home has been equipped or designed for the installation of an
air-conditioning system.

If you have any questions regarding the health effects of formaldehyde,
Consult your doctor or local health department.

See 24 C.F.R. § 3280.309.

According to the National Cancer Institute, formaldehyde has been classified as a human carcinogen (cancer causing substance) by the International Agency for Research on Cander and as a probable human carcinogen by the U.S. Environmental Protection Agency.

ASTDR, OSHA and NIOSH have set limits on formaldehyde exposure for adults in the workplace, based on 40 hour work weeks. In 1987, OSHA reduced the amount of formaldehyde

to which workers can be exposed over an eight hour day, from 3 parts per million (ppm) to 1ppm. In May 1992, the formaldehyde exposure limit was further reduced to 0.75 ppm. OSHA also requires medical monitoring for all employees exposed to a time-weighted average concentration for formaldehyde of 0.1 ppm or more.

The Department of Housing and Urban Development ("HUD") regulates formaldehyde levels in certain construction materials, including the pressed wood products used in manufactured housing, such as prefabricated mobile homes. By regulation, plywood "shall not emit formaldehyde in excess of 0.2 parts per million…" Similarly, by regulation, particleboard materials "shall not emit formaldehyde in excess of 0.3 parts per million…". See 24 C.F.R. § 3280.308.

Defendants provided Housing Units to the Plaintiffs, each of which emit formaldehyde at dangerously unhealthy levels, which have resulted and will continue to result in injury to the Plaintiffs.

## V.   CAUSE OF ACTION ONE: Negligence, Negligence Per Se, Gross Negligence, Recklessness and Willfulness.

Plaintiffs incorporate their previous allegations.

At all times, Defendants were under a duty to use due care and caution for the safety of foreseeable users and occupants of Housing Units, including the Plaintiffs, in:

- Manufacturing, marketing, distributing, licensing and selling the Housing Units.

- Providing safe and non-dangerous Housing Units for use by the Plaintiffs.

- Observing and complying with the requirements of all applicable statutes, regulations and ordinances.

- Ensuring that the products at issue, the Housing Units, met or exceeded industry and government standards.

- Alerting consumers and occupants of the defects in the Housing Units, through a meaningful product recall or other notice of defects, to the marketplace.

Defendants breached their duties and were negligent, negligent per se, grossly negligent, Reckless and willful in providing Housing Units which were unreasonably dangerous, unhealthy and unsafe, due to their high levels of formaldehyde emissions, in the following respects:

- Manufacturing, testing, marketing, distributing, providing, licensing and selling of Housing Units, which was defective and unreasonably dangerous for their foreseeable use, because of excessive emissions of formaldehyde.

- Failing to properly test the Housing Units to properly evaluate their level of emissions of formaldehyde under foreseeable conditions for extended periods of time.

- Failing to properly hire, train and supervise individuals who in turn would inspect materials manufactured by vendors of wood products used in Housing Units to ensure that such wood material did not emit excessive levels of formaldehyde.

- Failing to provide adequate and proper warnings to occupants and end users of Housing Units, about the presence of excessive levels of formaldehyde emissions and the hazards associated with the excessive levels of formaldehyde emissions.

- Failing to provide proper and adequate updates, information and warnings to occupants and end users after the sale of Housing Units, about the hazards associated with excessive levels of formaldehyde emissions.

- Failing to remedy the dangerous nature of the housing units they manufactured and provided.

- Failing to adhere to an express or implied warranty of fitness and safety for the housing units they manufactured and provided.

- Failing to act in a prudent and careful way under the situation and circumstances.

- Such other actions of negligence and fault as will be shown at the trial of this matter.

As a direct and proximate result of the negligence and fault of the Defendants, Plaintiffs suffered and continue to suffer injuries and damages.

### VI.    SECOND CAUSE OF ACTION: Strict Liability in Tort

Plaintiffs incorporate their previous allegations.

Defendants' actions in selling the Housing Units in a defective condition, which was unreasonably dangerous, and which reached the Plaintiffs without substantial change in condition, constituted a behavior for which the Defendants are strictly liable to Plaintiffs in tort.

As a direct and proximate result of the Defendants' actions, Plaintiffs have suffered and continue to suffer injuries and damages.

### VII.    THIRD CAUSE OF ACTION: Louisiana Products Liability

Plaintiffs incorporate their previous allegations.

The Housing Units constitute products under the Louisiana Products Liability Act.

The exposure to formaldehyde fumes from the Defendants' Housing Units resulted from the normal, foreseeable and intended use of the products and equipment, without substantial alteration, in the condition in which the Defendants sold these products and equipment.

The design of the Housing Units, using plywood, press board or other composite wood products that contain formaldehyde is defective and poses an unreasonable risk of harm to the Plaintiffs.

Alternatively, the use of plywood, press board or other composite wood products that contain formaldehyde constitutes a defect in composition or manufacture, which poses an unreasonable risk of harm to the Plaintiffs.

The U.S. federal government contracted directly or indirectly with the Defendants to purchase more than 100,000 Housing Units after Hurricanes Katrina and Rita. At the time, only 14,000 had been manufactured.

In order to meet the governments order, the Defendants set up ad hoc assembly lines, hired temporary workers, operated the assembly lines for twelve hour shifts, six days per week and required workers to produce trailers at a rate of as little as 10 minutes per trailer. This was done without the benefits of Defendants' usual quality control.

Defendants were unable to find enough construction materials from their usual suppliers of low-formaldehyde emitting material, and, instead used high-formaldehyde emitting particle board, composite woods, adhesive and other materials in the manufacture of the Housing Units.

Defendants' products were in a defective condition, and were unreasonably dangerous under normal use at the time the products and equipment left the respective Defendants' control. The Plaintiffs were all intended and foreseeable users of the Housing Units, and damages and losses to the Plaintiffs could reasonably be anticipated by the Defendants. The defects in Defendants' Housing Units include, without limitation:

- Inherent characteristics, known to Defendants, which gave the products such a potential for causing health problems as to render the products unreasonable per se.

- Lack of warnings or lack of sufficient warnings of the inherently dangerous properties of the products when used in the fashion for which they were anticipated or should have been anticipated being used.

- Lack of instructions or lack of sufficient instructions for eliminating or minimizing the health risks inherent in the use of the products.

- Lack of sufficient inspections by the Defendants of their products to ensure that such products contained sufficient warnings of the dangerous properties of the products.

- Lack of reasonable inspection by the Defendants of their products to ensure that such products contained sufficient instructions for eliminating or minimizing the health risks inherent in the use of the products.

- Defective designs calling for the inclusion of materials which included formaldehyde, when equally suitable materials which did not contain formaldehyde were available.

Defendants sold their products and equipment with disregard for the safety of users of the products and equipment and other persons who might be injured thereby.

## VIII. FOURTH CAUSE OF ACTION: Breach of Implied Warranties (under the UCC and Common Law) and Express Warranties.

Plaintiffs incorporate their previous allegations.

At all relevant times, Defendants were in the business of manufacturing, marketing, distributing and selling mobile homes and travel trailers in the United States.

Defendants sold the mobile homes and trailers to the U.S. federal government and/or its agents or representatives for use as Housing Units.

Defendants expressly or impliedly warranted that the Housing Units would be of merchantable quality and fit for their intended purpose as a safe and compliant house to be used, among other things, to house families including families with small children and infants.

Defendants materially breached these warranties in that the Housing Units were defective and unfit for those particular purposes and were not of a reasonably merchantable quality.

As a direct and proximate result of the Defendants' breaches of these warranties accompanying Housing Units, the Plaintiffs have been injured.

## IX.     REQUEST FOR JURY TRIAL

Plaintiffs are entitled to and demand a trial by jury.

WHEREFORE, Plaintiffs respectfully request:

1. That a summons be issued to each of the Defendants so that they can be served the summons along with a copy of this Complaint and be cited to appear and answer same;

2. That after due process, and a trial by jury, there be a judgment in this matter in favor of the Plaintiffs and against the Defendants, declaring that the Defendants are liable to the Plaintiffs for all applicable actual, consequential and punitive damages;

3. That Defendants be ordered to: a) remove any and all formaldehyde containing materials from the Housing Units; b) modify the Housing Units to provide adequate ventilation; c) repair and test the Housing Units to determine whether they no longer contain excessive levels of formaldehyde emissions; and d) provide the Plaintiffs with medical testing to determine the adverse effects of formaldehyde exposure and medical monitoring and surveillance;

4. That Plaintiffs recover their attorneys' fees, expenses, costs and for interest on all damages from the date of judicial demand until paid; and

5. That Plaintiffs be awarded such other and further relief as the Court deems just and proper.

Respectfully submitted,

FRANK J. D'AMICO, JR., (LSBN 17519)
**LAW OFFICES OF FRANK J. D'AMICO, JR.**
622 Baronne Street, 2nd Floor
New Orleans, LA 70113
PHONE: (504) 525-9561
FAX: (504) 525-9522

PLEASE SERVE:

Gulf Stream Coach, Inc.
Registered Agent:
Kenneth C. Brinker
503 South Oakland
Nappanee, Indiana 46550

Fleetwood Enterprises, Inc.
Registered Agent:
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, Delaware 19801

Keystone Industries, Inc.
Registered Agent:
H. B. Green
6801 Lake Plaza Drive
Indianapolis, Indiana 46220

Forest River, Inc.
Registered Agent:
J. Richard Ransel
228 W. High Street
Elkhart, Indiana 46516

Thor Industries, Inc.
Registered Agent:
C T Corporation System
1300 E. 9th Street
Cleveland, Ohio 44114

## PLAINTIFF LISTING – ATTACHMENT "A"
## FRANK J. D'AMICO, JR., APLC

Plaintiff, Angela L. Aldridge, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, James H. Aldridge, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Frank R. Airhart, Individually and on behalf of his deceased mother, Lydia K. Airhart, is a resident of Metairie, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Alberta R. Alexander, is a resident of Slidell, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Alvin M. Alexander, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Amy Alfonso, Individually and on behalf of minor child, Matthew Sumpter, is a resident of Slidell, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Keystone Industries, Inc.

Plaintiff, Stephen A. Alfonso, is a resident of Kenner, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Christopher Alfonso, Sr., Individually and on behalf of minor child, Christopher Alfonso, Jr., is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Keystone Industries, Inc.

Plaintiff, Antoinette Anderson, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Randi W. Audibert, is a resident of Slidell, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Harry Bagent, Sr., is a resident of Gretna, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Gordon S. Band, Sr., is a resident of Baker, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Louise Berteaux, is a resident of Kentwood, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Carolyn Blackman, is a resident of Gretna, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Aloha C. Blake, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Wilson T. Blake, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Abergaile A. Bowman, Individually and on behalf of minor child, Breona A. Berry, is a resident of LaPlace, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Trina Brazile, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Keystone Industries, Inc.

Plaintiff, Minnie L. Britton, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Carroll Britton, Jr., is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Carroll Britton, Sr., is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Diane Brown, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Douglas Brown, is a resident of Jefferson, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Julius Brown, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Ernest Brumfield, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Forest River, Inc.

Plaintiff, Valenia C. Byrd, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Keystone Industries, Inc.

Plaintiff, Shea M. Caliste, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Dennis J. Campo, is a resident of Chalmette, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Lenora Conner, is a resident of Marrero, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Lolita Davis, Individually and on behalf of minor children, Glendale Davis and Gerald G. Hampton, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Joshua C. Davis, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Barbara Dixon, is a resident of Baton Rouge, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Ezell Dixon, is a resident of Baton Rouge, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Tronda Dixon, Individually and on behalf of minor children, Ty'Julante' Dixon and Jermaine Hawkins, is a resident of Baton Rouge, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Elisha Dubuclet, Individually and on behalf of minor children, Timia Dubuclet and Timothy Dubuclet, Jr., is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Evelyn Estingoy, is a resident of Metairie, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Sarah C. Evans, Individually and on behalf of minor child, Terence Craig, is a resident of Marrero, Louisiana, and is an occupant or resident of a FEMA trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Templeton C. Evans, is a resident of Marrero, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Isaac Frezel, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Robert L. Green, Sr., is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Carla Guichard, Individually and on behalf of minor children, Jamesha Guichard and Larisha Guichard, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Judi Guth, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Kimberly Hamilton, is a resident of Slidell, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Shemekia T. Hampton, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Damian J. Hargrove, Sr. on behalf of minor child, Damian J. Hargrove, Jr., is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Leroy Hargrove, Jr., is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, James F. Harris, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, James B. Hayman, Jr., is a resident of Bogalusa, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Albert F. Hezeau, III, is a resident of Kenner, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Jacquelyn S. Hezeau, is a resident of Kenner, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, LaQuesta Higgins, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Dennis C. Holmberg, is a resident of Slidell, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Roslyn Holmes, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Danette W. Hunter, is a resident of Violet, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Elmo Hunter, is a resident of Violet, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Lionel Hunter, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Veronica Hunter, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Bertha R. Jackson, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Orlando Jaimevadi, Individually and on behalf of minor child, Jasmine Jaimevadi, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Donald Jenkins, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Enderlin N. Jessie, is a resident of Harvey, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Thor Industries, Inc.

Plaintiff, Kerry P. Johnson, Individually and on behalf of minor child, Ron'Jhae K. Emery, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Gussie M. Jones, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Leonard Jones, III, Individually and on behalf of minor children, Joshua K. Jones and Jeremy Jones, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Elsie L. Kelmell, is a resident of Paradis, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Carol Kennedy, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Danny V. Kennedy, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Randal A. Kramer, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Sandra A. Labayen, is a resident of Jefferson, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Craig Labeau, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Edward Labeau, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Shirley Labeau, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Gregory G. Laforge, is a resident of Metairie, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Janell Landry, Individually and on behalf of minor child, Ja'Wain Landry, is a resident of Metairie, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Forest River, Inc.

Plaintiff, Keisha Landry, Individually and on behalf of minor children, Anisa Holiday and Airiss White, is a resident of Metairie, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Paul Lastrapes, is a resident of Port Sulphur, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Keystone Industries, Inc.

Plaintiff, Barbara M. Lawless, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Javery S. Mark, is a resident of Slidell, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Victorine Matthews, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Freddie Matthews, Jr., is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Alosia J. McKinley, Individually and on behalf of minor child, Kenneka L.J. Davis, is a resident of Mt. Airy, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Forest River, Inc.

Plaintiff, Daryl Mercante, is a resident of Metairie, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Charisse C. Millett, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Earl Millett, Jr., is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Arthur Mitchell, Individually and on behalf of minor children, Kenya Mitchell and N'Oreal Mitchell, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Daria Mouton, Individually and on behalf of minor child, Dymen Slaughter, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Jane M. Owens, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Catherine M. Pardo, is a resident of Metairie, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Meri Pinelli, is a resident of Metairie, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Melton Rayford, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Pamela Richardson, is a resident of Metairie, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Tiara Richardson, is a resident of Metairie, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Rayfield Robinson, Jr., Individually and on behalf of minor children, Holly Robinson, Magic Robinson, Smokey Robinson and Sunny G. Robinson, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Jackie Robinson, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Renice Robinson, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Sugar Ray Robinson, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Joyce Rouser, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Valeria Schexnayder, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Forest River, Inc.

Plaintiff, Jimmy J. Sciurba, is a resident of Mandeville, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Michelle S. Sciurba, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Christine K. Self, is a resident of Metairie, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Robert W. Self, Individually and on behalf of minor child, Tyler D. Self, is a resident of Metairie, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Joycelyn J. Slater, is a resident of Marrero, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Keyatta Smith, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Fleetwood Enterprises, Inc.

Plaintiff, Ned Spencer, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Michaela Sumpter, is a resident of Slidell, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Keystone Industries, Inc.

Plaintiff, Valerie S. Taylor, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Chris R. Taylor, Sr., is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Larry White, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Cassandra Wilson, is a resident of Port Sulphur, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Keystone Industries, Inc.

Plaintiff, Michael T. Wiseman, Sr., is a resident of Venice, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

Plaintiff, Stephen Young, is a resident of New Orleans, Louisiana, and is an occupant or resident of a FEMA Trailer, manufactured and distributed by the Defendant, Gulf Stream Coach, Inc.

## DEFENDANT LISTING – ATTACHMENT "B"
## FRANK J. D'AMICO, JR., APLC

Gulf Stream Coach, Inc., an Indiana corporation, with its principal place of business in Nappanee, Indiana, manufactured and supplied FEMA trailers pursuant to contracts to provide trailers for use in Louisiana, including Housing Units that one or more *Plaintiffs* reside in.

Fleetwood Enterprises, Inc., a Delaware corporation, with its principal place of business in Riverside, California, manufactured and supplied FEMA trailers pursuant to contracts to provide trailers for use in Louisiana, including Housing Units that one or more *Plaintiffs* reside in.

Keystone Industries, Inc., an Indiana corporation, with its principal place of business in Indianapolis, Indiana, manufactured and supplied FEMA trailers pursuant to contracts to provide trailers for use in Louisiana, including Housing Units that one or more *Plaintiffs* reside in.

Forest River, Inc., a Nebraska corporation, with its principal place of business in Omaha, Nebraska, manufactured and supplied FEMA trailers pursuant to contracts to provide trailers for use in Louisiana, including Housing Units that one or more *Plaintiffs* reside in.

Thor Industries, Inc., an Ohio corporation, with its principal place of business in Cleveland, Ohio, manufactured and supplied FEMA trailers pursuant to contracts to provide trailers for use in Louisiana, including Housing Units that one or more *Plaintiffs* reside in.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Eastern District of Louisiana

RETURN

Montrelle Jackson Sinegar, et al.

**SUMMONS IN A CIVIL ACTION**

V.

Forest River, Inc., et al.

CASE NUMBER: 09-2926 N(5)

TO: (Name and address of Defendant)

North American Catastrophe Services, Inc.
through its registered agent for service
Brenda J. Anderson, Office Manager
620 Dijon Drive
Melbourne, FL 32937

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Hugh P. Lambert, Esq.
Lambert & Nelson, PLC
701 Magazine Street
New Orleans, LA 70130

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

LORETTA G. WHYTE

MAR - 3 2009

CLERK                                          DATE

(By) DEPUTY CLERK

04/13/2009  09:56   2514  375                     BRYAN G DUHE PC                          PAGE  05/32

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCTS LIABILITY LITIGATION

MDL NO. 1873

SECTION N(5)

JUDGE ENGELHARDT

THIS DOCUMENT IS RELATED TO:
*Aldridge, et al. v. Gulf Stream Coach, Inc., et al.*
No. 07-9228

MAGISTRATE CHASEZ

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFFS' FIRST SUPPLEMENTAL AND AMENDING COMPLAINT

NOW INTO COURT, through undersigned counsel, come the Plaintiffs, who respectfully request that this honorable Court allow them to supplement and amend the Plaintiffs' Original Complaint (the "Original Complaint") with this the Plaintiffs' First Supplemental and Amending Complaint (the "Amended Complaint"), and include, insert and add the following to the Complaint:

1.

In the Amended Complaint, the Plaintiffs adopt, incorporate and restate all allegations, assertions of fact, causes of action, claims and requests for relief raised and set forth in the Original Complaint.

1

## PARTIES

2.

The Plaintiffs wish to supplement Section II (Parties) of the Original Petition by naming and adding new defendants as follows:

MADE DEFENDANT HEREIN:

Shaw Group, Inc. ("Shaw"), a Louisiana corporation, received a No-Bid contract from the Federal Emergency Management Agency ("FEMA") and was tasked with, amongst other things, performing significant functions in the transportation, delivery, installation, maintenance and repair, de-installation and refurbishment of the temporary housing units provided by FEMA to the victims of hurricanes Katrina and Rita.

Fluor Enterprises, Inc. ("Fluor"), a California corporation with its principal place of business in Irving, Texas, licensed to do business in the State of Louisiana and in good standing, received a No-Bid contract from FEMA and was tasked with, amongst other things, performing significant functions in the transportation, delivery, installation, maintenance and repair, de-installation and refurbishment of the temporary housing units provided by FEMA to the victims of hurricanes Katrina and Rita.

Bechtel Corporation ("Bechtel"), a Nevada corporation with its principal place of business in San Francisco, California, licensed to do business in the State of Louisiana and in good standing, received a No-Bid contract from FEMA and was tasked with, amongst other things, performing significant functions in the transportation, delivery, installation, maintenance and repair, de-installation and refurbishment of the temporary housing units provided by FEMA to the victims of hurricanes Katrina and Rita.

2

CH2M Hill, Inc. ("CH2M")(collectively with Shaw, Fluor and Bechtel, hereinafter the "No-Bid Defendants"), a Florida corporation with its principal place of business in Englewood, Colorado, licensed to do business in the State of Louisiana and in good standing, received a No-Bid contract from FEMA and was tasked with, amongst other things, performing significant functions in the transportation, delivery, installation, maintenance and repair, de-installation and refurbishment of the temporary housing units provided by FEMA to the victims of hurricanes Katrina and Rita.

North American Catastrophe Services, Inc. ("NACS"), a Florida corporation, not licensed to do business in Louisiana, received a contract from the United States to identify, select and procure temporary housing units for those displaced by hurricanes Katrina and Rita.

Morgan Building & Spa Manufacturing Corporation ("Morgan")(collectively with NACS, hereinafter the "Procurement Defendants"), a Nevada corporation with its principal place of business in Garland, Texas, licensed to do business in the State of Louisiana and in good standing, received a contract from the United States to identify, select and procure temporary housing units for those displaced by hurricanes Katrina and Rita.

Also made defendant herein is the United States of America, through the Federal Emergency Management Agency (FEMA), referred to, interchangeably as the "Federal Government", "Government" and "FEMA".

## JURISDICTION

3.

In addition to the venue and jurisdictional assertions raised in the Original Petition, the Plaintiffs assert the following:

3

This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28

U.S.C. 1332(d)(11) because this is a mass action in which there is at least minimal diversity and

the matter in controversy exceeds the sum or value of $5 million dollars, exclusive of interest

and costs. Alternatively, this Court has jurisdiction because there is diversity of citizenship

between the Plaintiffs and the Defendants due to the fact that the United States is a Defendant to

this action and that the other Defendants were contractors of the Federal Government.

Alternatively, this Court has federal question jurisdiction because the project at issue was a

federal project administered through FEMA.

### BACKGROUND

4.

Plaintiffs incorporate all previous assertions of fact made in the Original Complaint.

5.

Despite the fact that the scope of the damage to Louisiana, Mississippi, Texas and

Alabama coastal areas was foreseeable, the Federal Government was unprepared to handle the

devastation resulting from the forces of hurricanes Katrina and Rita, such as wind and storm

driven surge, in addition to the failure of the hurricane protection systems. The damage was too

great to be handled by state and local governments alone.

6.

The homes of hundreds of thousands of citizens of the United States who resided along

the Gulf Coast were rendered uninhabitable and such citizens were left homeless.

4

04/13/2009  09:56    2514    175              BRYAN G DUHE PC                    PAGE  09/32

7.

FEMA was established in 1979 to provide a single point of accountability for the Federal Government's disaster response.  Since its inception, FEMA has been charged with providing temporary housing to victims of numerous major disasters other hurricanes, earthquakes, wildfires, and civil unrest.  FEMA's disaster response obligations are delineated in the Robert T. Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. §4121, et seq. (the "Stafford Act").

8.

The Stafford Act outlines two types of temporary housing assistance to be made available to eligible, displaced applicants: financial assistance and direct services. This aid is sometimes referred to as Section 408 assistance. This provision was enacted as Public Law 93-288, Title IV, § 408 (1988). Under the Stafford Act, at 42 U.S.C.A. § 5174, the Executive, through FEMA, may provide "direct assistance" in the form of temporary housing units, acquired by purchase or lease, directly to individuals or households who, because of a lack of available housing resources, would be unable to make use of the alternative "financial assistance" provided under subparagraph (c)(1)(A).

9.

In response to Hurricanes Katrina and Rita, FEMA, upon information and belief, tasked the Procurement Defendants with the identification, selection and procurement of approximately 143,000 temporary housing units (i.e., travel trailers, park models and manufactured housing) pursuant to the direct housing assistance provisions of the Stafford Act, which FEMA purchased from the manufacturers and off dealer lots, and intended for Gulf Coast residents in the four

5

states at issue. The vast majority of the temporary housing units purchased were travel trailers which became widely known as "FEMA Trailers".

10.

At all times, the Procurement Defendants identified, selected and procured travel trailers for FEMA to utilize as temporary housing units under the Stafford Act, while failing to consult with the manufacturers regarding the warnings or instructions against the use of travel trailers for extended occupancy.

11.

The Procurement Defendants communicated with manufacturers prior to hurricanes Katrina and Rita regarding the financial opportunities associated with the provision of travel trailers as temporary housing units, but failed to take into account or research the health concerns relating to formaldehyde exposure to occupants of the travel trailers and other foreseeable problems and defects which would occur during an extended occupancy.

12.

The Procurement Defendants knew or should have known that the Federal Government's intended use of the travel trailers and other temporary housing units was for residential occupancy for periods up to eighteen months, if not longer, pursuant to the emergency housing mandate of the Stafford Act.

13.

The Procurement Defendants knew or should have known that the manufacturers' intended use of the travel trailers was for intermittent, recreational use, and that the travel trailers were designed as recreational vehicles rather than permanent or long-term housing units.

Further, the Procurement Defendants knew or should have known that the manufacturers' warned against long-term occupancy of the travel trailers.

14.

Following the procurement of the temporary housing units by the Procurement Defendants, the Federal Government contracted with the No-Bid Defendants to implement the mandates of the Stafford Act in the areas affected by hurricanes Katrina and Rita.

15.

In order to implement and manage its disaster response obligation and temporary housing mandate under the Stafford Act, FEMA engaged the No-Bid Defendants with No-Bid contracts, eventually amounting to billions of dollars. The Federal Government also relied on the expertise and knowledge of the No-Bid Defendants and the Procurement Defendants to provide information and advice on, among other things, the conversion of mobile travel trailers into temporary housing units for periods up to, and potentially exceeding, eighteen months in duration.

16.

The provision of temporary housing to Plaintiffs created a duty on the part of the Federal Government to insure that such housing was habitable in a safe and sanitary condition. However, the housing provided is and was, at all times pertinent hereto, unsafe and presented a clear and present danger to the health and well-being of the Plaintiffs and their families by exposing them to elevated and hazardous levels of formaldehyde.

17.

Upon information and belief, the four No-Bid Defendants are the only contractors engaged by FEMA to assist with the implementation of the Stafford Act in Louisiana,

7

04/13/2009  09:56   2514   i75            BRYAN G DUHE PC                    PAGE 12/32

Mississippi, Alabama and Texas in the aftermath of hurricanes Katrina and Rita, from the pick-up of a unit at a FEMA staging area through the decommissioning and de-installation of the units at the end of the contracts.

18.

The No-Bid Defendants were tasked with the transportation, installation, site identification and preparation of locations and group sites, preparation of infrastructure to handle the units, inspection of the temporary housing units, maintenance and repair, refurbishment and restoration, and the eventual de-installation and removal of the units.

19.

Under the terms of their contracts, the No-Bid Defendants were obligated to adhere to all warnings and instructions relating to the temporary housing units as provided and indicated by the manufacturers of same.  Further, under their No-Bid contracts with FEMA, the No-Bid Defendants were obligated to advise and instruct FEMA regarding the implementation of those contracts.  The No-Bid Defendants failed to properly fulfill either of these tasks.

20.

The No-Bid Defendants contracted with FEMA to pick-up and transport the temporary housing units from FEMA-controlled staging areas and deliver them to areas which the No-Bid Defendants were tasked with operating.  These new areas included staging areas specific to each of the No-Bid Defendants, group sites to be managed and maintained as assigned to one of the No-Bid Defendants or individual locations and addresses where the No-Bid Defendant assigned that temporary housing unit would have obligations to manage and maintain it.

8

04/13/2009  09:56    2514    575              BRYAN G DUHE PC                PAGE  13/32

21.

To accomplish their contractual obligations with FEMA, in addition to the use of subsidiary companies, the No-Bid Defendants entered into numerous sub-contracts, but at all times retained supervisory capacity and responsibility under their individual contracts with FEMA.

22.

The No-Bid Defendants were tasked under their contracts with FEMA to identify and prepare the infrastructure for the various group site locations each No-Bid Defendant would operate. This included, amongst other things, ensuring there would be adequate water, sewage, electricity, etc. The No-Bid Defendants knew or should have known that these preparations were for long-term occupancy of the temporary housing units.

23.

Once the temporary housing units were transported and delivered to a particular location, that No-Bid Defendant had the responsibility for installing the temporary housing unit. The No-Bid Defendants installed the temporary housing units by "blocking" the unit. This meant raising the unit several feet into the air and off of its wheel base, and setting it on concrete blocks.

24.

By blocking the temporary housing units, the No-Bid Defendants created stress and flexing on the frames of the units as they were not designed to be lifted off of the wheel base. In fact, the manufacturers of the temporary housing units warned in the various owners' manuals provided with the units, that the units should not be jacked so that the vehicle's weight is no longer supported by the wheels.

04/13/2009   09:56   2514   575                    BRYAN G DUHE PC                          PAGE   14/32

25.

The stress and flexing of the temporary housing units' frames caused by the No-Bid Defendants "blocking" them with weight off of the wheels created distortion in the travel trailer's shell allowing increased moisture intrusion which contributed to increased formaldehyde exposures.

26.

The temporary housing units provided by FEMA were for the most part travel trailers. The travel trailers are, by definition, mobile. They are designed for and intended for periodic, recreational use and not for long-term habitation. By installing the travel trailers on concrete blocks for extended occupancy, the No-Bid Defendants knowingly and intentionally modified the design and the actual use of these units by converting them into temporary housing units to be used as a residence for long term occupancy in some instances exceeding 18 months.

27.

The No-Bid Defendants failed to consult with the Original Defendants or any other manufacturers of the temporary housing units with regard to the installation, warnings, warranty issues or advisability of using travel trailers for long term residence and occupation. The No-Bid Defendants took actions which voided the warranties of the manufacturers and directly created or contributed to unsafe and hazardous living conditions in the temporary housing units.

28.

Once the No-Bid Defendants had completed the transportation, delivery and installation of the temporary housing units, the No-Bid Defendants were tasked with inspecting the units to ensure that they were safe and habitable, prior to occupancy by hurricane disaster victims. Upon information and belief, the No-Bid Defendants failed to adequately inspect the temporary

10

housing units to ensure that the units were safe and suitable for their intended use – the long-term occupancy by individuals and families displaced by hurricanes Katrina and Rita. This failure to properly inspect the units for unsafe or hazardous conditions directly contributed to the adverse health effects suffered by hurricane victims.

29.

In addition to transportation, site identification, installation and inspection, all FEMA temporary housing units provided in response to hurricanes Katrina and Rita in Louisiana, Mississippi, Texas and Alabama were also managed, maintained and repaired by one of the four No-Bid Defendants, or their various subcontractors over whom they maintained direct oversight and responsibility. Upon information and belief, the No-Bid Defendants failed to adequately manage, maintain and repair the temporary housing units which enabled and contributed to the unsafe and hazardous conditions that led to adverse health effects amongst many thousands of residents of the temporary housing units.

30.

Parallel to their duty to manage, maintain and repair the temporary housing units, the No-Bid Defendants failed to undertake appropriate action, maintenance or repair in response to numerous complaints made by occupants of the temporary housing units to various adverse health effects caused by exposure to elevated levels of formaldehyde.

31.

Following the occupancy of the temporary housing units, the New Defendants were tasked with their de-installation. Upon discovering the deteriorated condition of the temporary housing units at the time of de-installation and removal, the No-Bid Defendants failed to identify the unsuitability of the temporary housing units for long-term occupancy.

11

32.

In addition to de-installation of the temporary housing units, the No-Bid Defendants were tasked with refurbishment and restoration of the temporary housing units for use, either in direct response to hurricanes Katrina and Rita or for use in the future.  By restoring and refurbishing these temporary housing units, the No-Bid Defendants warranted that the units were fit for their intended use, long term occupancy in response to disaster related displacement.  By restoring and refurbishing these temporary housing units, the No-Bid Defendants created and perpetuated existing hazardous conditions which would foreseeably lead to adverse health effects caused by the elevated levels of formaldehyde in the temporary housing units.  Further, in thousands of cases, following the restoration and refurbishment, these temporary housing units were immediately occupied by new individuals or families displaced by hurricanes Katrina and Rita, and who were then directly exposed to hazardous levels of formaldehyde.

33.

The No-Bid Defendants failed, at every stage of their involvement, to warn the residents of the temporary housing units of the potential risk of hazardous and unsafe living conditions due to the presence of elevated levels of formaldehyde – a known human carcinogen – which led directly to adverse health effects, including but not limited to the advent of childhood asthma and the onset of adult asthma in some of the trailer residents.

34.

Through their actions and omissions, the No-Bid Defendants created and perpetuated a situation wherein occupants of the temporary housing units were exposed to elevated levels of formaldehyde and, as a result, suffered adverse health effects. The No-Bid Defendants negligently failed to adhere to the manufacturer instructions and warnings related to: (1) the

12

manufacturers' intended (short-term) use of the temporary housing units; (2) the installation and set-up of the temporary housing units; and (3) the warning that the temporary housing units contained urea formaldehyde resin which would release formaldehyde gas directly into the intended living space.

35.

The No-Bid Defendants failed to warn the occupants of the temporary housing units of the hazardous conditions created by the elevated levels of formaldehyde in the temporary housing units.

36.

By restoring and refurbishing the trailer for future habitation, the No-Bid Defendants improperly and negligently warranted that the units were fit for the intended use of long-term occupancy.

37.

Finally, despite these failures, the No-Bid Defendants received billions of dollars in contracts from FEMA and the United States government, at the expense of the health, and in some cases lives, of thousands of occupants of these temporary housing units who simply had nowhere else to go and who were relying on FEMA and its contractors to keep them safe in the aftermath of the greatest natural disaster in the history of the United States.

38.

The Procurement Defendants knowingly and intentionally identified, selected and procured approximately 140,000 travel trailers for converted use by FEMA as temporary housing units, despite the manufacturers' clearly expressed warnings against using the travel trailers for that purpose. In doing so, the Procurement Defendants created and contributed to a situation

13

where hundreds of thousands of people displaced by hurricanes Katrina and Rita were exposed to elevated and hazardous levels of formaldehyde.

39.

In October, 2005, the Federal Government, through the Occupational Health and Safety Administration ("OSHA"), conducted formaldehyde air sampling at the request of two FEMA contractors at a staging area in Mississippi.    Upon information and belief, the Federal Government, as of October 2005, had sufficient evidence to put it on notice that there were hazardous concentrations of formaldehyde in the travel trailers that were being converted into temporary housing units at the instruction of FEMA.

40.

In March 2006, FEMA instructed its personnel to allow a period of off-gassing to occur prior to entering the temporary housing units.  FEMA then (along with OSHA) initiated testing of the formaldehyde levels in the air of the temporary housing units due to concerns for FEMA employee exposure to formaldehyde.

41.

In March 2006 FEMA began receiving health complaints from occupants of the temporary housing units relating to formaldehyde exposure.  Despite this knowledge that the temporary housing units contained hazardous levels of formaldehyde and FEMA's own safety instructions to its employees, no move was made to begin transitioning the occupants of the temporary housing units out of the converted travel trailers and into safe and sanitary alternative habitation.

14

04/13/2009  09:56   2514   375                    BRYAN G DUHE PL                    PAGE  19/32

42.

In April 2006, the Sierra Club published its report relating to the testing of the temporary housing units and the detection of hazardous levels of formaldehyde in the housing units pursuant to accepted ranges within the Environmental Protection Agency ("EPA") and the Agency for Toxic Substances and Disease Registry ("ATSDR"), both agencies within the Federal Government.  The levels detected in the temporary housing units also exceeded OSHA standards.  Following the publication of this testing, FEMA knowingly and intentionally failed to generally transition the occupants of the temporary housing units into safe and sanitary alternative housing.

43.

FEMA knowingly and intentionally sought to avoid litigation liability relating to formaldehyde levels in the temporary housing units by refusing to take affirmative action to prevent continued formaldehyde exposure to the occupants of the temporary housing units, rather, as illustrated by a number of emails among and between its officers and employees, FEMA avoided and suppressed the issue.  This failure to adequately warn of, address and respond to the hazardous conditions in the temporary housing units caused continued exposure to the occupants which foreseeably contributed to and exacerbated the adverse health effects caused by formaldehyde exposure.

44.

Following the release of the Sierra Club study, there was ongoing and intense scrutiny of the FEMA temporary housing units by the local and national media as well as the United States Congress through its relevant committees.  Despite this national scrutiny and criticism on the use

15

of the travel trailers as temporary housing units, FEMA knowingly and intentionally continued to utilize travel trailers as temporary housing units without considering alternative placements.

45.

FEMA knowingly and intentionally sold travel trailers without testing them to occupants until and through the end of July, 2007, approximately seventeen months after the latest possible date that FEMA was aware that at least some of the travel trailers contained hazardous levels of formaldehyde.

46.

Further, FEMA set up a formaldehyde call center which received thousands of health related complaints from occupants of the temporary housing units, all of which contributed to FEMA's awareness of the formaldehyde in the temporary housing units that was adversely affecting the occupants.

47.

A study undertaken by the Centers for Disease Control ("CDC") examined 519 temporary housing units and measured the formaldehyde levels in each. The results of this test showed that the average levels of formaldehyde in the FEMA temporary housing units was 77 parts per billion (ppb). The level of 77 ppb is medically significant as it exceeds levels generally accepted as capable of causing adverse health effects. This level was an average, and many of the temporary housing units showed levels of formaldehyde significantly higher than that. Further, the CDC indicated that the testing had been done in the cold, dry winter months and that the levels and concentrations found in the temporary housing units would be higher in the warmer, more humid summer months in the affected states.

16

48.

Despite the complaints, studies, congressional inquiries, warnings, amongst others, FEMA failed to take proactive steps to remove occupants from the hazardous formaldehyde exposure until the spring of 2008. In fact, there are still thousands of people residing in FEMA temporary housing units at the time of filing this Amended Complaint.

49.

Rather than focus on the health and safety of the occupants of the temporary housing units once it was determined that the units contained hazardous levels of formaldehyde, FEMA took steps only to protect itself from liability exposure in anticipation of litigation.

## AMENDED AND SUPPLEMENTAL CAUSES OF ACTION

50.

Plaintiffs amend and supplement the causes of action asserted and raised in the Original Complaint with the following:

### FIFTH CAUSE OF ACTION:
### NO-BID DEFENDANTS UNDER THE LOUISIANA PRODUCTS LIABILITY ACT

51.

Named Plaintiffs incorporate the above allegations as if fully repeated verbatim herein.

52.

The No-Bid Defendants qualify as manufacturers under the Louisiana Products Liability Act ("LPLA"), as they performed work pursuant to their contracts with FEMA which altered the character, design, construction, and/or quality of the product and the housing units constitute products under the LPLA.

17

53.

The increased exposure to formaldehyde fumes from the alteration of the temporary housing units by the No-Bid Defendants resulted from the normal, foreseeable, and intended use of the products and equipment.

54.

The installation and alteration of the temporary housing units, the modifications to the manufacturers' designs, and the "blocking" of units off their wheel base, altered the product which increased the effects of the product's defect and posed an unreasonable risk of harm to Plaintiffs.

55.

The Plaintiffs were intended and foreseeable users of the alleged defective products, and damages and losses to the Plaintiffs reasonably could have been anticipated by the No-Bid Defendants.

56.

The No-Bid Defendants, by installing the temporary housing units on concrete blocks for extended occupancy and, further, by installing residential appliances and heating and air conditioning units, knowingly and intentionally modified the design and the actual use of the units.

57.

The defects in the No-Bid Defendants' product are the result of and/or include, but are not limited to the following:

    a.  In creating stress and flexing on the frames of the units by lifting significant weight from the wheel base, which distorted the travel trailers' shells allowing for increased

moisture intrusion and formaldehyde exposure due to cracks and openings in the shell;

b. In providing temporary housing units to the Plaintiffs which, by virtue of their composition, refurbishment, reconditioning, and/or construction were unreasonably dangerous under reasonably anticipated use;

c. In providing temporary housing units to the Plaintiffs which, lacking adequate warnings, were unreasonably dangerous under reasonably anticipated use;

d. In failing to warn Plaintiffs of the unreasonably dangerous nature of the travel trailer(s) converted to temporary housing units for their intended use by FEMA or of the presence of excessive levels of emissions of formaldehyde;

e. In failure to ensure that the temporary housing units they installed, refurbished, and reconditioned were suitable for their intended use, as long term housing;

f. In failing to adhere to any and all of the warning against the jacking of the units with weight off their wheel base by the Manufacturing Defendants;

g. In failing to follow the manufacturers' instructions for the installation and intended use of the temporary housing units;

h. In providing housing units which were unduly dangerous due to their emissions of formaldehyde; and,

i. Such other indicia of fault under the LPLA as will be shown at the trial of this matter.

## SIXTH CAUSE OF ACTION:
## NEGLIGENCE OF NO-BID DEFENDANTS UNDER LOUISIANA LAW

58.

Named Plaintiffs incorporate the above allegations as if fully repeated verbatim herein.

19

04/13/2009  09:56    2514,   375           BRYAN G DUHE PC                      PAGE  24/32

59.

At all relevant times the No-Bid Defendants were tasked with the transportation, installation, site identification, preparation, inspection, maintenance and repair, refurbishment and restoration, and removal of the temporary housing units, which caused the Plaintiffs' injuries.

60.

The No-Bid Defendants owed a duty to Plaintiffs to provide, transport, install, inspect, maintain, repair, refurbish, recondition and restore safe temporary housing units that did not emit hazardous levels of formaldehyde.

61.

The No-Bid Defendants knew or should have known when they provided, transported, installed, inspected, maintained, repaired, refurbished, reconditioned and restored the temporary housing units to the general public (thereby modifying and converting the mobile units into residential installations) the actual and intended use of the temporary housing units by each plaintiff, and that the temporary housing units would be used in the manner that each plaintiff herein used the temporary housing units.

62.

The No-Bid Defendants breached their duty to Plaintiffs in failing to act reasonably in the provision, installation, inspection, maintenance, repair, refurbishment, reconditioning and restoration of the temporary housing units; specifically by:

   a.  Failing to sufficiently warn the plaintiffs of the inherently dangerous properties or the foreseeable conditions of the temporary housing units when used for long term occupancy;

20

b.  Failing to adhere to the Manufacturing Defendants' warnings against jacking the

temporary housing units off the wheel base by "blocking" the units;

63.

The No-Bid Defendants' actions were the proximate cause of the increased exposure of

formaldehyde to the Plaintiffs.

64.

The No-Bid Defendants contributed to and exacerbated the adverse health impacts upon the

residents of the temporary housing units.

### SEVENTH CAUSE OF ACTION:
### NEGLIGENCE OF PROCUREMENT DEFENDANTS

65.

Named Plaintiffs incorporate the above allegations as if fully repeated verbatim herein.

66.

At all relevant times the Procurement Defendants were tasked with the identification,

election and procurement of FEMA temporary housing units for use in Louisiana, Mississippi,

Alabama and Texas following hurricanes Katrina and Rita.

67.

The Procurement Defendants owed a duty to Plaintiffs to select units which were suitable

for the intended purpose of extended habitation up to and exceeding 18 months.

68.

At all relevant times, the Procurement Defendants were in communication with the

manufacturers of the travel trailers regarding their use as temporary housing units for FEMA in

response to hurricanes Katrina and Rita.

21

69.

The Procurement Defendants knew or should have known when they identified, selected and procured the travel trailers for use as temporary housing units that the manufacturers specifically warned against such use and clearly indicated in the various owners' manuals that the travel trailers were recreational vehicles designed to be mobile and towable, and were expressly not designed for use as permanent dwellings.

70.

The Procurement Defendants knew or should have known that the travel trailers off-gassed formaldehyde and that extended habitation would expose residents to elevated levels of formaldehyde, increased moisture and condensation and a deterioration of the internal soft goods, all of which rendered the travel trailers unfit for FEMA's intended purpose of extended occupancy.

71.

The Procurement Defendants knowingly and intentionally elected to procure travel trailers instead of alternative housing more fit for extended occupancy.

72.

The Procurement Defendants breached their duty to Plaintiffs in failing to act reasonably in the identification, selection and procurement of the temporary housing units, specifically by:

    a.  Failing to sufficiently consult with the manufacturers of the travel trailers regarding the use of the trailers as FEMA temporary housing units;

22

b. Failing to advise FEMA as to the inadequacy of the travel trailers as temporary

housing units; and

c. Knowingly and intentionally selecting travel trailers for use as temporary housing

units, rather than alternative housing more fit for extended occupancy.

73.

The Procurement Defendants' actions were the proximate cause of the increased

exposure of formaldehyde to the Plaintiffs, by selecting travel trailers for use as temporary

housing units.

74.

The Procurement Defendants contributed to the adverse health impacts upon the residents of

the temporary housing units by selecting units unfit for extended occupancy.

### EIGHTH CAUSE OF ACTION:
### NEGLIGENCE OF THE UNITED STATES GOVERNMENT

75.

Named Plaintiffs incorporate the above allegations as if fully repeated verbatim herein.

76.

From the time the Federal Government knew or should have known of the existence of

elevated levels of formaldehyde in the temporary housing units, it was under a duty to use due

care and caution for  the safety of the foreseeable users and occupants, Plaintiffs, of the subject

housing units.

23

77.

From the time the Federal Government knew or should have known of the existence of elevated levels of formaldehyde in the temporary housing units, the Federal Government was under a duty to provide reasonably safe, functional and habitable housing units for the use of the Plaintiffs.

78.

The Federal Government assumed these duties when it implemented the "direct assistance" method of relief under the Stafford Act and as owner/lessor of the housing units which were ultimately provided to the Plaintiffs.

79.

From the time the Federal Government knew or should have known of the existence of elevated levels of formaldehyde in the temporary housing units, it was obligated to ensure that the housing units which it provided to the Plaintiffs for use as temporary residences were free of defects, including but not limited to elevated levels of formaldehyde, which could visit harm upon Plaintiffs through the anticipated and intended use of the housing units.

80.

From the time the Federal Government knew or should have known of the existence of elevated levels of formaldehyde in the temporary housing units, it was obligated to warn the Plaintiffs of any defects in the housing units which could cause harm.

24

04/13/2009  09:55    2514    575               BRYAN G DUHE PC                    PAGE  29/32

81.

The Federal Government violated all of the referenced duties to the Plaintiffs, rendering the Federal Government negligent, grossly negligent, reckless, willful and/or wanton.

82.

As a direct and proximate result of the acts and/or omissions of the Federal Government, the Plaintiffs have suffered, and will continue to suffer, injuries and damages, for which they are entitled to recover from the Federal Government, all as alleged herein.

83.

The Federal Government was negligent and at fault in the following non-exclusive particulars:

a.    In continuing to provide unreasonably dangerous housing units to the Plaintiffs after FEMA became aware of elevated levels of formaldehyde;

b.    In failing to ensure that the housing units it purchased and provided to the Plaintiffs were habitable, functional, and suitable for their intended use;

c.    In failing to adequately warn the plaintiffs of the unreasonably dangerous nature of the housing units after FEMA became aware of the elevated levels of formaldehyde;

d.    In failing to remedy the dangerous nature of the housing units they provided to the Plaintiffs once FEMA became aware of the elevated levels of formaldehyde;

e.    In failing to timely implement adequate safety measures and procedures to remove the defects in the housing units or to remove or protect the Plaintiffs from

25

the defective housing units by providing them with alternative housing;

f.    In knowingly and intentionally suppressing and withholding information from the public that the temporary housing units contained elevated levels of formaldehyde;

g.    In knowingly and intentionally allowing litigation concerns to take priority over its safety mandate relating to the elevated levels of formaldehyde;

h.    In continuing to house Plaintiffs in hazardous temporary housing units for extended periods of time after FEMA became aware of elevated levels of formaldehyde in the temporary housing units;

i.    In continuing to house Plaintiffs in hazardous, unreasonably dangerous temporary housing units rather than warning Plaintiffs of the dangers and offering rental assistance that would allow Plaintiffs to leave the defective temporary housing units;

j.    In failing to offer Plaintiffs rental assistance or other housing assistance when the Federal Government knew or should have known that the temporary housing units supplied to Plaintiffs were unsafe and uninhabitable.

k.    Such other actions of negligence and fault as will be shown at the trial of this matter.

WHEREFORE, the Plaintiffs respectfully supplement and amend the Original Complaint in the above and foregoing respects, and they otherwise reiterate and re-aver all of the allegations, claims and prayers for relief contained therein.

26

Respectfully submitted,

/s/ Frank J. D'Amico, Jr.
FRANK J. D'AMICO, JR. (Bar No. 17519)
FRANK J. D'AMICO, JR., APLC
622 Baronne Street
New Orleans, LA 70113
Telephone:    (504) 525-7272
Fax:          (504) 525-9522

*Counsel for James H. Aldridge, et al. and
member of the PSC*

**PLEASE SERVE:**

1.  The Shaw Group, Inc.
    **through its registered agent for service:**
    C T Corporation System
    5615 Corporate Blvd, Ste. 400B
    Baton Rouge, Louisiana 70808

2.  Fluor Corporation
    **through its registered agent for service:**
    Corporation Service Company
    320 Somerulos St.
    Baton Rouge, Louisiana 70802-6129

3.  Bechtel Corporation
    **through its registered agent for service:**
    C T Corporation System
    5615 Corporate Blvd, Ste. 400B
    Baton Rouge, Louisiana 70808

4.  CH2M Hill, Inc.
    **through its registered agent for service:**
    C T Corporation System
    5615 Corporate Blvd, Ste. 400B
    Baton Rouge, Louisiana 70808

5.  North American Catastrophe Services, Inc.
    **VIA LONG-ARM**

27



CLERK'S OFFICE
A TRUE COPY

JAN 2 2 2009

Deputy Clerk, U. S/ District Court
Eastern District Of Louisiana
New Orleans, La.

6. Morgan Building & Spa Manufacturing Corporation
   **through its registered agent for service:**
   C T Corporation System
   5615 Corporate Blvd, Ste. 400B
   Baton Rouge, Louisiana 70808

7. The United States of America
   **through**
   U.S. Attorney's Office, Eastern District of Louisiana
   500 Poydras Street
   Room B210
   New Orleans, Louisiana 70130
   **and through**
   Attorney General of the United States
   U.S. Department of Justice
   950 Pennsylvania Avenue, NW
   Washington, DC 20530-0001
   **and through**
   Federal Emergency Management Agency
   Office of the Director, Office of the General Counsel
   500 C Street, SW
   Washington, DC 20472

## CERTIFICATE OF SERVICE

I **HEREVY CERTIFY** that the above and foregoing pleadings were served on all counsel of record through electronic notification pursuant to the electronic filing in the United States District Court for the Eastern District of Louisiana this 13th day of January, 2009.

                                        /s/ Frank J. D'Amico, Jr.
                                        **FRANK J. D'AMICO, JR.**