UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION: N(5) |
| | * | |
| This Document Relates to: *Lyndon T. Wright v.* | * | JUDGE: ENGELHARDT |
| *Forest River, Inc., et al*, Docket No. 09-2977 | * | |
| | * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ANSWER TO COMPLAINT FOR DAMAGES AND AFFIRMATIVE DEFENSES

NOW INTO COURT, through undersigned counsel, comes Defendant, Forest River Inc.

("Forest River"), who in answer to plaintiff's Complaint for Damages and First Supplemental and

Amended Complaint avers as follows:

1.

The allegations contained in Paragraph 1 of Plaintiff's Complaint for Damages are denied

for lack of information sufficient to justify a belief therein.

2.

The allegations contained in Paragraph 2 of Plaintiff's Complaint for Damages are admitted

solely to the extent that Forest River admits that it is an Indiana corporation. The remaining

allegations contained in Paragraph 2 of Plaintiff's Complaint for Damages are denied for lack of

information sufficient to justify a belief therein.

3.

The allegations contained in Paragraph 3 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

4.

The allegations contained in Paragraph 4 of Plaintiff's Complaint for Damages are admitted solely to the extent that Forest River admits that Shaw Environmental has been named as a defendant in the instant action.  The remaining allegations contained in Paragraph 4 are denied for lack of information sufficient to justify a belief therein.

5.

The allegations contained in Paragraph 5 of Plaintiff's Complaint for Damages constitute legal conclusions to which no response is required on the part of Forest River.  To the extent that a response is deemed necessary, the allegations are denied for lack of information sufficient to justify a belief therein.

6.

The allegations contained in Paragraph 6 of Plaintiff's Complaint for Damages constitute legal conclusions to which no response is required on the part Forest River. To the extent that a response is deemed necessary, Forest River denies that Plaintiff suffered damages as alleged and consequently denies the allegations contained in Paragraph 6.  In further response, Forest River admits that the jurisdictional requirements of this Court are satisfied.

7.

The allegations contained in Paragraph 7 of Plaintiff's Complaint for Damages constitute legal conclusions to which no response is required on the part Forest River. To the extent that a response is deemed necessary, Forest River denies the allegations contained in Paragraph 7. In further response, Forest River admits that the jurisdictional requirements of this Court are satisfied.

8.

The allegations contained in Paragraph 8 of Plaintiff's Complaint for Damages constitute legal conclusions to which no response is required on the part Forest River. To the extent that a response is deemed necessary, Forest River denies the allegations contained in Paragraph 8. In further response, Forest River admits that the jurisdictional requirements of this Court are satisfied.

9.

The allegations contained in Paragraph 9 of Plaintiff's Complaint for Damages constitute legal conclusions to which no response is required on the part Forest River. To the extent that a response is deemed necessary, the allegations are denied for lack of information sufficient to justify a belief therein.

10.

The allegations contained in Paragraph 10 of Plaintiff's Complaint for Damages constitute legal conclusions to which no response is required on the part Forest River. To the extent that a response is deemed necessary, the allegations are denied for lack of information sufficient to justify a belief therein.

11.

The allegations contained in Paragraph 11 of Plaintiff's Complaint for Damages constitute legal conclusions to which no response is required on the part Forest River. To the extent that a response is deemed necessary, the allegations are denied for lack of information sufficient to justify a belief therein.

12.

The allegations contained in Paragraph 12 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

13.

The allegations contained in Paragraph 12 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

14.

The allegations contained in Paragraph 14 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

15.

The allegations contained in Paragraph 15 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

16.

The allegations contained in Paragraph 16 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

17.

The allegations contained in Paragraph 17 of Plaintiff's Complaint for Damages are denied to the extent they are intended or may be construed to pertain to Forest River. The remaining allegations contained in Paragraph 17 are denied for lack of information sufficient to justify a belief therein.

18.

The allegations contained in Paragraph 18 of Plaintiff's Complaint for Damages are denied to the extent they are intended or may be construed to pertain to Forest River. The remaining allegations contained in Paragraph 18 are denied for lack of information sufficient to justify a belief therein.

19.

The allegations contained in Paragraph 19 of Plaintiff's Complaint for Damages are denied to the extent they are intended or may be construed to pertain to Forest River. The remaining allegations contained in Paragraph 19 are denied for lack of information sufficient to justify a belief therein.

20.

The allegations contained in Paragraph 20 of Plaintiff's Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

21.

The allegations contained in Paragraph 21 of Plaintiff's Complaint for Damages are denied to the extent they are intended or may be construed to pertain to Forest River. The remaining

allegations contained in Paragraph 21 are denied for lack of information sufficient to justify a belief therein.

22.

The allegations contained in Paragraph 22 of Plaintiff's Complaint for Damages are denied.

23.

The allegations contained in Paragraph 23 of Plaintiff's Complaint for Damages are denied to the extent they are intended or may be construed to pertain to Forest River. The remaining allegations contained in Paragraph 23 are denied for lack of information sufficient to justify a belief therein.

24.

The allegations contained in Paragraph 24 of Plaintiff's Complaint for Damages constitute legal conclusions to which no response is required on the part of Forest River. To the extent that a response is deemed necessary, Forest River denies the allegations contained therein and would respectfully submit that 24 C.F.R. §3280.309 is its own best evidence.

25.

The allegations contained in Paragraph 25 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

26.

The allegations contained in Paragraph 26 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

27.

The allegations contained in Paragraph 27 of Plaintiff's Complaint for Damages constitute legal conclusions to which no response is required on the part of Forest River. To the extent that a response is deemed necessary, Forest River denies the allegations contained therein and would respectfully submit that 24 C.F.R. §3280.308 is its own best evidence.

28.

The allegations contained in Paragraph 28 of Plaintiff's Complaint for Damages constitute legal conclusions to which no response is required on the part of Forest River. To the extent that a response is deemed necessary, Forest River denies the allegations contained therein and would respectfully submit that 44 C.F.R. §206.110(e) is its own best evidence.

29.

The allegations contained in Paragraph 29 of Plaintiff's Complaint for Damages are denied.

30.

The allegations contained in Paragraph 30 of Plaintiff's Complaint for Damages do not require a response on the part of Forest River. To the extent that a response is deemed necessary, Forest River denies the allegations contained therein and would respectfully submit that 42 U.S.C. § 4121 *et seq.*, Public Law 93-288, Title IV, § 408 (1988), and 42 U.S.C.A. § 5174 are their own best evidence.

31.

The allegations contained in Paragraph 31 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

32.

The allegations contained in Paragraph 32 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

33.

The allegations contained in Paragraph 33 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

34.

The allegations contained in Paragraph 34 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

35.

The allegations contained in Paragraph 35 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

36.

The allegations contained in Paragraph 36 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

37.

The allegations contained in Paragraph 37 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

38.

The allegations contained in Paragraph 38 of Plaintiff's Complaint for Damages are denied to the extent they are intended or may be construed to pertain to Forest. The remaining

allegations contained in Paragraph 38 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

39.

The allegations contained in Paragraph 39 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

40.

The allegations contained in Paragraph 40 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

41.

The allegations contained in Paragraph 41 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

42.

The allegations contained in Paragraph 42 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

43.

The allegations contained in Paragraph 43 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

44.

The allegations contained in Paragraph 44 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

45.

The allegations contained in Paragraph 45 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

46.

The allegations contained in Paragraph 46 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

47.

The allegations contained in Paragraph 47 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

48.

The allegations contained in Paragraph 48 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

49.

The allegations contained in Paragraph 49 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

50.

The allegations contained in Paragraph 50 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

51.

The allegations contained in Paragraph 51 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

52.

The allegations contained in Paragraph 52 of Plaintiff's Complaint for Damages makes no allegation against and consequently requires no response from Forest River. To the extent that a response is deemed necessary, Forest River denies the allegations contained in Paragraph 52 for lack of information sufficient to justify a belief therein.

53.

The allegations contained in Paragraph 53 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

54.

The allegations contained in Paragraph 54 of Plaintiff's Complaint for Damages are denied to the extent they are intended or may be construed to pertain to Forest River. The remaining allegations contained in Paragraph 55 are denied for lack of information sufficient to justify a belief therein.

55.

The allegations contained in Paragraph 55 of Plaintiff's Complaint for Damages are denied to the extent they are intended or may be construed to pertain to Forest River. The remaining allegations contained in Paragraph 55 are denied for lack of information sufficient to justify a belief therein.

56.

The allegations contained in Paragraph 56 of Plaintiff's Complaint for Damages are denied to the extent they are intended or may be construed to pertain to Forest River. The remaining

allegations contained in Paragraph 56 are denied for lack of information sufficient to justify a belief therein.

57.

The allegations contained in Paragraph 57 of Plaintiff's Complaint for Damages are denied to the extent they are intended or may be construed to pertain to Forest River. The remaining allegations contained in Paragraph 57 are denied for lack of information sufficient to justify a belief therein.

58.

The allegations contained in Paragraph 58 of Plaintiff's Complaint for Damages are denied to the extent they are intended or may be construed to pertain to Forest River. The remaining allegations contained in Paragraph 58 are denied for lack of information sufficient to justify a belief therein.

59.

The allegations contained in Paragraph 59 of Plaintiff's Complaint for Damages are denied to the extent they are intended or may be construed to pertain to Forest River. The remaining allegations contained in Paragraph 59 are denied for lack of information sufficient to justify a belief therein.

60.

The allegations contained in Paragraph 60 of Plaintiff's Complaint for Damages are denied to the extent they are intended or may be construed to pertain to Forest River. The remaining allegations contained in Paragraph 60 are denied for lack of information sufficient to justify a belief therein.

61.

The allegations contained in Paragraph 61 of Plaintiff's Complaint for Damages are denied to the extent they are intended or may be construed to pertain to Forest River. The remaining allegations contained in Paragraph 61 are denied for lack of information sufficient to justify a belief therein.

62.

The allegations contained in Paragraph 62 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

63.

The allegations contained in Paragraph 63 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

64.

The allegations contained in Paragraph 64 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

65.

The allegations contained in Paragraph 65 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

66.

The allegations contained in Paragraph 66 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

67.

The allegations contained in Paragraph 68 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

68.

The allegations contained in Paragraph 68 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

69.

The allegations contained in Paragraph 69 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

70.

The allegations contained in Paragraph 70 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

71.

The allegations contained in Paragraph 71 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

72.

The allegations contained in Paragraph 72 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

73.

The allegations contained in Paragraph 73 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

74.

The allegations contained in Paragraph 74 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

75.

The allegations contained in Paragraph 75 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

76.

The allegations contained in Paragraph 76 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

77.

The allegations contained in Paragraph 77 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

78.

The allegations contained in Paragraph 78 of the Plaintiff's Complaint for Damages recite legal conclusions which make no allegation against and consequently require no response from Forest River. To the extent that a response is deemed necessary, Forest River denies the allegations contained in Paragraph 78.

79.

The allegations contained in Paragraph 79 of the Plaintiff's Complaint for Damages recite legal conclusions which make no allegation against and consequently require no response from Forest River. To the extent that a response is deemed necessary, Forest River denies the allegations contained in Paragraph 79.

80.

The allegations contained in Paragraph 80 of the Plaintiff's Complaint for Damages recite legal conclusions which make no allegation against and consequently require no response from Forest River. To the extent that a response is deemed necessary, Forest River denies the allegations contained in Paragraph 80.

81.

The allegations contained in Paragraph 81 of the Plaintiff's Complaint for Damages recite legal conclusions which make no allegation against and consequently require no response from Forest River. To the extent that a response is deemed necessary, Forest River denies the allegations contained in Paragraph 81.

82.

The allegations contained in Paragraph 82 of the Plaintiff's Complaint for Damages recite legal conclusions which make no allegation against and consequently require no response from Forest River. To the extent that a response is deemed necessary, Forest River denies the allegations contained in Paragraph 82.

83.

The allegations contained in Paragraph 83 of the Plaintiff's Complaint for Damages recite legal conclusions which make no allegation against and consequently require no response from Forest River. To the extent that a response is deemed necessary, Forest River denies the allegations contained in Paragraph 83, including all subparts thereto.

84 - 96.

Paragraphs 84 to 96 were omitted from Plaintiff's Complaint for Damages, accordingly no response is required from Forest River.

97.

The allegations contained in Paragraph 97 of Plaintiff's Complaint for Damages constitute legal conclusions to which no response is required on the part of Forest River. To the extent that a response is deemed necessary, the allegations contained in Paragraph 97 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

98.

The allegations contained in Paragraph 98 of Plaintiff's Complaint for Damages constitute legal conclusions to which no response is required on the part of Forest River. To the extent that a response is required, the allegations contained in Paragraph 98 of Plaintiff's Complaint for Damages are denied.

99.

The allegations contained in Paragraph 99 of Plaintiff's Complaint for Damages are denied.

100.

The allegations contained in Paragraph 100 of Plaintiff's Complaint for Damages are denied.

101.

The allegations contained in Paragraph 101 of Plaintiff's Complaint for Damages are denied.

102.

The allegations contained in Paragraph 102 of Plaintiff's Complaint for Damages, including all subparts thereto, are denied.

103.

The allegations and legal conclusions in Paragraph 103 of the Plaintiff's Complaint for Damages are denied. In response to the allegations referenced in Paragraph 103, Forest River hereby incorporates all prior responses and affirmative defenses set forth above and herein, as if reproduced *in extenso*.

104.

The allegations and legal conclusions in Paragraph 104 of the Plaintiff's Complaint for Damages are not directed at Forest River, and therefore no answer is required. To the extent an answer is deemed necessary, Forest River denies the allegations and legal conclusions contained therein.

105.

The allegations and legal conclusions in Paragraph 105 of the Plaintiff's Complaint for Damages are not directed at Forest River, and therefore no answer is required. To the extent an answer is deemed necessary, Forest River denies the allegations and legal conclusions contained therein.

106.

The allegations contained in Paragraph 106 of the Plaintiff's Complaint for Damages are denied insofar as they are intended or may be construed to pertain to Forest River. The remaining allegations of Paragraph 106 are denied for lack of information sufficient to justify a belief therein.

107.

The allegations contained in Paragraph 107 of the Plaintiff's Complaint for Damages are denied insofar as they are intended or may be construed to pertain to Forest River. The remaining allegations of Paragraph 107 are denied for lack of information sufficient to justify a belief therein.

108.

The allegations and legal conclusions in Paragraph 108 of the Plaintiff's Complaint for Damages are not directed at Forest River, and therefore no answer is required. To the extent an answer is required, however, Forest River denies the allegations and legal conclusions contained in that paragraph.

109.

The allegations and legal conclusions in Paragraph 109 of the Plaintiff's Complaint for Damages, including all subparts thereto, are not directed at Forest River, and therefore no answer is required. To the extent an answer is deemed necessary, Forest River denies the allegations and legal conclusions contained therein.

110.

The allegations and legal conclusions in Paragraph 110 of the Plaintiff's Complaint for Damages are denied. In response to the allegations referenced in Paragraph 110, Forest River hereby incorporates all prior responses and affirmative defenses set forth above and herein, as if reproduced *in extenso.*

111.

The allegations and legal conclusions in Paragraph 111 of the Plaintiff's Complaint for Damages are not directed at Forest River, and therefore no answer is required. To the extent an

answer is deemed necessary, Forest River denies the allegations and legal conclusions of Paragraph 111 for lack of information sufficient to justify a belief therein.

112.

The allegations and legal conclusions in Paragraph 112 of the Plaintiff's Complaint for Damages are not directed at Forest River, and therefore no answer is required. To the extent an answer is deemed necessary, Forest River denies the allegations and legal conclusions contained therein.

113.

The allegations and legal conclusions in Paragraph 113 of the Plaintiff's Complaint for Damages are not directed at Forest River, and therefore no answer is required. To the extent an answer is deemed necessary, Forest River denies the allegations and legal conclusions of Paragraph 113 for lack of information sufficient to justify a belief therein.

114.

The allegations and legal conclusions in Paragraph 114 of the Plaintiff's Complaint for Damages are not directed at Forest River, and therefore no answer is required. To the extent an answer is deemed necessary, Forest River denies the allegations and legal conclusions of Paragraph 114 for lack of information sufficient to justify a belief therein.

115.

The allegations and legal conclusions in Paragraph 115 of the Plaintiff's Complaint for Damages are not directed at Forest River, and therefore no answer is required. To the extent an answer is deemed necessary, Forest River denies the allegations and legal conclusions of Paragraph 115 for lack of information sufficient to justify a belief therein.

116.

The allegations and legal conclusions in Paragraph 116 of the Plaintiff's Complaint for Damages are not directed at Forest River, and therefore no answer is required. To the extent an answer is deemed necessary, Forest River denies the allegations and legal conclusions contained in therein.

117.

The allegations contained in the Paragraph captioned "Compensatory Damages," are denied to the extent they are intended or may be construed to pertain to Forest River. Forest River denies that it is liable to this plaintiff and, therefore, denies that any judgment can be rendered against it as a result of these proceedings.

118.

In response to the allegations contained in the Paragraph captioned "Request for Jury Trial" of Plaintiff's Complaint for Damages, Forest River asserts that it is entitled to a trial by jury on all issues herein.

119.

The allegations contained in the Paragraph captioned "Prayer for Relief," including all subparts thereto, are denied to the extent they are intended or may be construed to pertain to Forest River. Forest River denies that it is liable to this plaintiff and, therefore, denies that any judgment can be rendered against it as a result of these proceedings.

## ANSWER TO FIRST SUPPLEMENTAL AND AMENDED COMPLAINT

And now, further answering Forest River responds to the specific allegations of Plaintiff's First Supplemental and Amended Complaint as follows:

120.

In response to the allegations contained in Paragraph 1 of Plaintiff's First Supplemental and Amended Complaint Forest River renews and incorporates all responses and affirmative defenses plead in response to plaintiff's original Complaint for Damages as if reproduced, *in extenso*, herein.

121.

In response to the allegations in Paragraph 2 of Plaintiff's First Supplemental and Amended Complaint, Forest River incorporates the above paragraphs 1 through 11 as if pleaded herein, *in extenso*.

122.

In response to the allegations in Paragraph 3 of Plaintiff's First Supplemental and Amended Complaint, Forest River incorporates the above paragraphs 12 through 77 as if pleaded herein, *in extenso*.

123.

The allegations contained in Paragraph 4 of Plaintiff's First Supplemental and Amended Complaint are denied for lack of information sufficient to justify a belief therein.

124.

The allegations contained in Paragraph 5 of Plaintiff's First Supplemental and Amended Complaint are denied for lack of information sufficient to justify a belief therein.

125.

The allegations contained in Paragraph 6 of Plaintiff's First Supplemental and Amended Complaint are denied for lack of information sufficient to justify a belief therein.

126.

The allegations contained in Paragraph 7 of Plaintiff's First Supplemental and Amended Complaint are denied for lack of information sufficient to justify a belief therein.

127.

The allegations contained in Paragraph 8 of Plaintiff's First Supplemental and Amended Complaint are denied for lack of information sufficient to justify a belief therein.

128.

In response to the allegations in Paragraph 9 of Plaintiff's First Supplemental and Amended Complaint, Forest River incorporates its responses to paragraphs 78 through 83 of plaintiff's original Complaint for Damages as if reproduced herein, *in extenso*. The remaining allegations and legal conclusions contained in Paragraph 9 of the Plaintiff's First Supplemental and Amended Complaint are denied for lack of information sufficient to justify a belief therein.

129.

In response to the allegations in Paragraph 10 of Plaintiff's First Supplemental and Amended Complaint, Forest River incorporates its responses to paragraphs 97 through 102 of plaintiff's original Complaint for Damages as if reproduced, *in extenso,* herein. The remaining allegations contained in Paragraph 10 of Plaintiff's First Supplemental and Amended Complaint for Damages are denied.

130.

In response to the allegations in Paragraph 11 of Plaintiff's First Supplemental and Amended Complaint, Forest River incorporates its responses to paragraphs 103 through 109 of plaintiff's original Complaint for Damages as if reproduced herein, *in extenso*. The remaining allegations and

legal conclusions contained in Paragraph 11 of the Plaintiff's First Supplemental and Amended Complaint are denied for lack of information sufficient to justify a belief therein.

131.

The allegations and legal conclusions in Paragraph 12 of the Plaintiff's First Supplemental and Amended Complaint for Damages are not directed at Forest River, and therefore no answer is required. To the extent an answer is deemed necessary, Forest River denies the allegations and legal conclusions contained therein.

132.

In response to the allegations in Paragraph 13 of Plaintiff's First Supplemental and Amended Complaint, Forest River incorporates its responses to paragraphs 110 through 116 of plaintiff's original Complaint for Damages as if reproduced herein, *in extenso.* The remaining allegations and legal conclusions contained in Paragraph 13 of the Plaintiff's First Supplemental and Amended Complaint are denied for lack of information sufficient to justify a belief therein.

133.

The allegations and legal conclusions in Paragraph 14 of the Plaintiff's First Supplemental and Amended Complaint for Damages are not directed at Forest River, and therefore no answer is required. To the extent an answer is deemed necessary, the allegations and legal conclusions contained in Paragraph 14 of the Plaintiff's First Supplemental and Amended Complaint are denied for lack of information sufficient to justify a belief therein.

134.

The allegations and legal conclusions in Paragraph 15 of the Plaintiff's First Supplemental and Amended Complaint for Damages are not directed at Forest River, and therefore no answer is

required. To the extent an answer is required, however, Forest River denies the allegations and legal conclusions contained in that paragraph.

135.

The allegations and legal conclusions in Paragraph 16 of the Plaintiff's First Supplemental and Amended Complaint for Damages are not directed at Forest River, and therefore no answer is required. To the extent an answer is deemed necessary, Forest River denies the allegations and legal conclusions contained in that paragraph for lack of information to justify a belief therein.

136.

The allegations contained in Paragraph 17 of Plaintiff's First Supplemental and Amended Complaint, including all subparts thereto, are denied to the extent they are intended or may be construed to pertain to Forest River. Forest River denies that it is liable to this plaintiff and, therefore, denies that any judgment can be rendered against it as a result of these proceedings.

## AFFIRMATIVE DEFENSES

And now, further answering, Forest River Incorporated affirmatively asserts as follows, to wit:

## FIRST DEFENSE

Plaintiff's Complaint, as supplemented and amended, fails to state a claim or cause of action against Forest River, Inc. upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are, or may be, barred in whole or in part by the applicable statutes of limitation and/or prescriptive and/or peremptive periods.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, or, alternatively, his recovery is reduced, by Plaintiff's own fault and/or the fault of third persons.

## FOURTH DEFENSE

Plaintiff is not entitled to the recovery he seeks because he has not suffered any damages, or alternatively, because he has failed to mitigate his own damages.

## FIFTH DEFENSE

Any products manufactured by Forest River that are the subject of the claims in this action were manufactured in conformity with the state of the art technology and consistent with all applicable standards, regulations, laws, and/or industry standards.

## SIXTH DEFENSE

Forest River specifically denies the existence of any defect or defects that would render its product unreasonably dangerous under the Louisiana Products Liability Act, the limited warranty, and/or any other applicable law, contract or standard.

## SEVENTH DEFENSE

Solely in the alternative, in the event this Court determines there was any defect in any travel trailer, which is specifically denied, said defect was apparent and obvious and could be easily avoided or remedied, precluding any recovery by Plaintiff.

## EIGHTH DEFENSE

Forest River further pleads that Plaintiff's claims are or may be barred, in whole or in part, to the extent that the Economic Loss Doctrine applies, and incorporates Court's Order and Reasons

-26-

®. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, as if pleaded herein, *in extenso.*

## NINTH DEFENSE

Plaintiff's claims against Forest River are barred, in whole or in part, by the doctrines of estoppel, release, waiver.

## TENTH DEFENSE

Forest River was not negligent, did not furnish a product defective and unreasonably dangerous and did not make or breach any express or implied warranties.

Any express warranty obligations that may be owed by Forest River are strictly limited by the terms of the limited warranty, including all of its limitations and exclusions, which are pleaded herein, as if copied *in extenso.*

## ELEVENTH DEFENSE

Forest River specifically pleads that the alleged exposure and/or injuries sued upon herein, which are specifically denied, occurred only and solely due to the substantial alteration and/or modification of the product sued upon herein, which alteration and/or modification was not foreseeable, after it left the hands of the manufacturer, which is specifically pleaded as a complete bar to any recovery against Forest River.

## TWELFTH DEFENSE

Forest River specifically pleads that its product was reasonably fit for ordinary use.

## THIRTEENTH DEFENSE

Forest River specifically pleads, to the extent applicable, all defenses allowed under the Louisiana Products Liability Act, La. R.S. 9:2800.51, *et seq.*, and/or other Louisiana law.

## FOURTEENTH DEFENSE

In the event discovery reveals the following, Forest River specifically pleads the product sued upon was not in reasonably anticipated use at any relevant time.

## FIFTEENTH DEFENSE

Forest River specifically pleads that any alleged fault, negligence, and/or strict liability attributed to Forest River, which is specifically denied, was not the proximate or legal cause of the injuries sued upon herein.

## SIXTEENTH DEFENSE

Forest River avers that at the time the product left the manufacturer's control, the product met all the manufacturer's specifications and performance standards for the product and/or for otherwise identical products manufactured by the manufacturer.

## SEVENTEENTH DEFENSE

Forest River specifically pleads that the alleged injuries sued upon herein, which are specifically denied, occurred only and solely by virtue of the failure of the occupant, user, owner, and/or handler of the product to properly and adequately maintain, service and/or inspect said product in accordance with the Owner's Manual and/or other instructions for use, which is specifically pleaded as a complete bar to any recovery against Forest River.

## EIGHTEENTH DEFENSE

Alternatively, Forest River avers that in the event it is found liable in any way to Plaintiff, which is denied, any liability on their part is merely joint liability and not joint and several, nor *in solido*, with the liability of other parties for whom it is not responsible.

### NINETEENTH DEFENSE

The exact damages/losses claimed by Plaintiff are unknown to Forest River and, thus, Forest River cannot adequately determine all defenses that may be applicable to Plaintiff's claims. Therefore, Forest River expressly reserves by this reference the right to raise additional defenses to the extent that:

      a.      Additional defenses become applicable under state or federal law;

      b.      Additional defenses are established as discovery proceeds; and

      c.      Additional defenses become available under subsequently asserted theories of recovery.

### TWENTIETH DEFENSE

Forest River pleads to the extent applicable all defenses allowed under the La. Health Emergency Powers Act, La. R.S. 29:771, and/other Louisiana law.

### TWENTY-FIRST DEFENSE

All the claims asserted against Forest River are preempted or otherwise precluded by the statutes, standards, regulations, and rules propagated by the Federal Government and/or HUD, and/or FEMA, and/or Plaintiff's lease agreement with FEMA.

### TWENTY-SECOND DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, to the extent that plaintiff's Complaint, originally or as amended, does not state a cause of action for punitive or exemplary damages against Forest River, sufficient in law whereby recovery may be had.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, to the extent that any award of punitive damages, to the extent they are even pled in the Complaint would be unconstitutional because the standards utilized to allow the imposition of such damages are so vague, both on their face and as supplied, so as to fail to give adequate or sufficient notice of the prohibitive conduct.

## TWENTY-FOURTH DEFENSE

Forest River supplied for FEMA travel trailers that were designed, constructed, and manufactured in conformity with industry standards and in compliance with FEMA specifications.

## TWENTY-FIFTH DEFENSE

Forest River's travel trailers were manufactured according to the specifications of the United States government, which had specific requirements regarding the design and construction of the travel trailers. Any alleged defect claimed herein, which is specifically denied, is the result of the standards mandated by the United States government over which Forest River had no control. Accordingly, Forest River is immunized from liability by the government contractor defense.

## TWENTY-SIXTH DEFENSE

Forest River reasserts as affirmative defenses the defenses raised in the Manufacturing Defendants' Joint Rule 12(b)(6) Motion to Dismiss ®. Doc. 210) including Forest River's joinder therein, and incorporates herein the Court's Order and Reasons ®. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss.

Additionally, any of plaintiff's claims related to improper testing, marketing, licensing and/or distributing of products, as such claims are not available under the Louisiana Products Liability Act, La. R.S. 9:2800.51, *et seq.*, and/or other Louisiana law.

**TWENTY-SEVENTH DEFENSE**

Forest River avers that it has no liability to plaintiff because at all times material hereto, the unit at issue was in the possession, guard and control of sophisticated purchasers/users of travel trailers who provided detailed specifications for the production of same. Accordingly, Forest River had no pre- or post-sale duty to warn of any alleged danger incident to use (the existence of any such duty is specifically denied) as same was or should have been known by such individuals and/or entities.

**TWENTY-EIGHTH DEFENSE**

All allegations of the Original or First Supplemental and Amended Complaint not specifically admitted are denied.

**TWENTY-NINTH DEFENSE**

If plaintiff suffered injury or damage as alleged, which is specifically denied, same resulted solely from acts or omissions of individuals and/or entities for whom Forest River is neither liable nor legally responsible. Such acts and/or omissions on the part of others constitute the sole independent, intervening and/or superceding cause of such alleged injury or damage.

**THIRTIETH DEFENSE**

The alleged injuries of which plaintiff complains resulted from plaintiff's pre-existing illnesses or conditions not common to other persons and not foreseeable or determinable by Forest River. All alleged injuries and damages claimed by plaintiff, which are specifically denied, were caused by plaintiffs pre-existing medical and/or emotional conditions.

### THIRTY-FIRST DEFENSE

Plaintiff's claims are barred in whole or in part due to plaintiff's failure to mitigate his alleged damages.

### THIRTY-SECOND DEFENSE

Forest River adopts and incorporates any and all defenses raised by any other defendant in this litigation to the extent that said defenses are not inconsistent with Forest River's assertion that it is not liable to the plaintiff for any of the injuries and/or damages alleged.

### THIRTY-THIRD DEFENSE

The products of Forest River at issue contained warnings that a reasonably prudent person in the same or similar circumstances would have provided with respect to any danger and that communicated sufficient information of the dangers and safe use of the product, taking into account the characteristics of, and the ordinary and common knowledge common to, an ordinary consumer who purchases the product, and are thus adequate.

### THIRTY-FOURTH DEFENSE

Plaintiff failed to read, rely on, and/or heed any and all warnings on Forest River's product, and no evidence exists that plaintiff would have heeded a different warning if given.

### THIRTY-FIFTH DEFENSE

The alleged defective design/formation of Forest River's product, if any, was caused by an inherent characteristic of the product that is a generic aspect of the product that cannot be eliminated without substantially compromising the product's usefulness or desirability and which is recognized by the ordinary person with the ordinary knowledge common to the community.

## THIRTY-SIXTH DEFENSE

Forest River has no liability to plaintiff because Forest River's product did not fail to function as expected; and further, there existed no feasible design alternative that would have, to a reasonably probability, prevented harm to plaintiff.

## THIRTY-SEVENTH DEFENSE

Plaintiff's claims for medical monitoring damages and/or future disease fail as plaintiff does not suffer from a present and manifest injury.

## THIRTY-EIGHTH DEFENSE

Forest River is entitled to and prays for trial by jury on all issues.

WHEREFORE, considering the allegations, denials and defenses asserted above, Defendant Forest River, Inc. respectfully prays that this Answer be deemed good and sufficient; that after due proceedings had, there be judgment rendered herein in favor of Forest River, dismissing Plaintiff's Complaint for Damages, as supplemented and amended, with prejudice; additionally, Forest River respectfully prays for all such other general, special and equitable relief that law, equity or the nature of the case may permit, and all costs of these proceedings.

Respectfully submitted,

/s/  Jason D. Bone
ERNEST P. GIEGER, JR. (La. State Bar Roll No. 6154)
JASON D. BONE (La. State Bar Roll No. 28315)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
*ATTORNEYS FOR FOREST RIVER, INC.*

# C E R T I F I C A T E

I hereby certify that on the 7th day of January, 2010, a copy of the foregoing *Answer to Complaint for Damages and Affirmative Defenses* was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

/s/ Jason D. Bone_____
JASON D. BONE

-34-