UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER               MDL NO. 07-1873
FORMALDEHYDE PRODUCTS
LIABILITY LITIGATION              SECTION "N" (5)

THIS DOCUMENT RELATES
TO THE FOLLOWING CASES:
  Cacioppo, et al v. Alliance Homes, Inc. d/b/a Adrian Homes, et al, No. 09-04840
  Adams, et al v. Alliance Homes, Inc. d/b/a Adrian Homes, et al, No. 09-04841
  Annis, et al v. Alliance Homes, Inc. d/b/a Adrian Homes, et al, No. 09-5994
  Bostic, et al v. Alliance Homes, Inc. d/b/a Adrian Homes, et al, No. 09-6412
  Boteler, et al v. Alliance Homes, Inc. d/b/a Adrian Homes, et al, No. 09-6643
  Pelas, et al v. Alliance Homes, Inc. d/b/a Adrian Homes, et al, No. 09-6419
  Buras, et al v. Alliance Homes, Inc. d/b/a Adrian Homes, et al, No. 09-6501
  Durham, et al v. Alliance Homes, Inc. d/b/a Adrian Homes, et al, No. 09-6636
  Gras, et al v. Alliance Homes, Inc. d/b/a Adrian Homes, et al, No. 09-6498
  Fincher, et al v. Alliance Homes, Inc. d/b/a Adrian Homes, et al, No. 09-6497
  Fincher, et al v. Alliance Homes, Inc. d/b/a Adrian Homes, et al, No. 09-6632
  Gabourel, et al v. Alliance Homes, Inc. d/b/a Adrian Homes, et al, No. 09-04842
  Mackles, et al v. Alliance Homes, Inc. d/b/a Adrian Homes, et al, No. 09-04843
  Umbehagen, et al v. Alliance Homes, Inc. d/b/a Adrian Homes, et al, No. 09-04844
  Rabalais, et al v. Alliance Homes, Inc. d/b/a Adrian Homes, et al, No. 09-04845
  Rodriguez, et al v. Alliance Homes, Inc. d/b/a Adrian Homes, et al, No. 09-6495

*MEMORANDUM IN SUPPORT OF*
*MOTION FOR EXTENSION OF TIME*

NOW INTO COURT, through undersigned counsel, come Plaintiffs, who do respectfully submit the following Memorandum in Support of the foregoing Motion for Extension of Time to match plaintiffs to specific third party contractors.

On or about July 31, 2009, undersigned counsel filed sixteen lawsuits containing

approximately 1300 claimants who were unable to identify the specific manufacturer, and hence unable to match the installing contractor, of their respective temporary housing units. Those lawsuits are as follows:

> Cacioppo, et al v. Alliance Homes, Inc. d/b/a Adrian Homes, et al, No. 09-04840
> Adams, et al v. Alliance Homes, Inc. d/b/a Adrian Homes, et al, No. 09-04841
> Annis, et al v. Alliance Homes, Inc. d/b/a Adrian Homes, et al, No. 09-5994
> Bostic, et al v. Alliance Homes, Inc. d/b/a Adrian Homes, et al, No. 09-6412
> Boteler, et al v. Alliance Homes, Inc. d/b/a Adrian Homes, et al, No. 09-6643
> Pelas, et al v. Alliance Homes, Inc. d/b/a Adrian Homes, et al, No. 09-6419
> Buras, et al v. Alliance Homes, Inc. d/b/a Adrian Homes, et al, No. 09-6501
> Durham, et al v. Alliance Homes, Inc. d/b/a Adrian Homes, et al, No. 09-6636
> Gras, et al v. Alliance Homes, Inc. d/b/a Adrian Homes, et al, No. 09-6498
> Fincher, et al v. Alliance Homes, Inc. d/b/a Adrian Homes, et al, No. 09-6497
> Fincher, et al v. Alliance Homes, Inc. d/b/a Adrian Homes, et al, No. 09-6632
> Gabourel, et al v. Alliance Homes, Inc. d/b/a Adrian Homes, et al, No. 09-04842
> Mackles, et al v. Alliance Homes, Inc. d/b/a Adrian Homes, et al, No. 09-04843
> Umbehagen, et al v. Alliance Homes, Inc. d/b/a Adrian Homes, et al, No. 09-04844
> Rabalais, et al v. Alliance Homes, Inc. d/b/a Adrian Homes, et al, No. 09-04845
> Rodriguez, et al v. Alliance Homes, Inc. d/b/a Adrian Homes, et al, No. 09-6495

Undersigned counsel has attached an exhibit related to each such suit to the Notice in Compliance with Pre-Trial Order 40 and Pre-Trial Order 53. Undersigned counsel has made numerous attempts to identify the manufacturer and installing contractor of the temporary housing units occupied by plaintiffs:

The above-referenced list contains approximately 1300 claimants out of approximately 6500 claimants represented by the Law Office of Sidney D. Torres, III, A.P.L.C. To date, undersigned counsel has taken the following measures to obtain the correct manufacturer for each claimant.

For each plaintiff represented by undersigned counsel, upon intake of each such plaintiff undersigned counsel made an attempt to secure the identity of the trailer manufacturer and installing contractor based upon the personal knowledge of the

plaintiff. For instances in which the plaintiff had no personal knowledge of the manufacturer or installing contractor of the trailer, undersigned counsel made an attempt to identify the manufacturer of the trailer upon visual inspection, if the trailer was still available for inspection, and to identify the installing contractor from documents available with the trailer.

For each plaintiff represented by undersigned counsel, a request was sent on three separate occasions to F.E.M.A. including the name of the claimant, date of birth, social security number, F.E.M.A. identification number, and designated head of household, and trailer address, all when known, to facilitate in matching each plaintiff to a specific manufacturer and installing contractor. F.E.M.A., through its counsel, provided undersigned counsel with matches for a small fraction names submitted. The names identified on Exhibits 1-16 that were included in the protective "all manufacturer" suits represent those claimants who did not have personal knowledge of the trailer manufacturer and installing contractor, whose trailers were no longer available for inspection, and whose information did not provide a match based on the information provided to F.E.M.A.

In addition, undersigned counsel has operated in conjunction with each individual plaintiff who has contacted F.E.M.A. directly in order to obtain the manufacturer of their trailer. Some plaintiffs have been successful in obtaining the manufacturer and installing contractor of their trailer using this method, however, the overwhelming majority have been unable to obtain their information directly through F.E.M.A. Representatives of F.E.M.A. have indicated several reasons why the information could not be provided: (1) that F.E.M.A. did not have any information related to their particular trailer; (2) that the

information must be submitted by plaintiff's attorney; and (3) that the information requested via telephone would be provided in writing via the mail, however, in such cases those responses were provided after considerable delay, or not at all.

Undersigned counsel suggests that the matching process has been complicated by the reality of the post-Katrina environment. For instance, some claimants had multiple trailers at a single address, either at the same time or at different intervals. Other claimants had the same trailer at multiple locations, i.e. when the trailer was moved from one location to another. While other claimants had multiple trailers at multiple locations. In addition, there was no consistent pattern in identifying who the head of household was for matching purposes. These issues have complicated the matching process.

Even more so, once the information is obtained, it takes considerable effort and time to compile the appropriate pleadings for filing in the appropriate jurisdiction. Accordingly, undersigned counsel suggests that these reasons along with the diligence exerted in attempting to comply with the Court's Order provide good cause for granting an extension for identifying the correct trailer manufacturer and corresponding contractor who installed the trailer, and for filing the individual suits accordingly.

Respectfully submitted,
LAW OFFICES OF SIDNEY D. TORRES, III
A PROFESSIONAL LAW CORPORATION


BY:   /s/ David C. Jarrell
      SIDNEY D. TORRES, III (Bar No. 12869)
      ROBERTA L. BURNS (Bar No. 14945)
      **DAVID C. JARRELL** (Bar No. 30907)

Torres Park Plaza, Suite 303
8301 West Judge Perez Dr.
Chalmette, Louisiana 70043
Tel:  (504) 271-8421
Fax: (504) 271-1961
E-mail: dcj@torres-law.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 11th day of January, 2010, electronically filed the foregoing with the Clerk of Court for the Eastern District of the United States by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                      /s/ David C. Jarrell
                                      DAVID C. JARRELL