UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE: FEMA TRAILER FORMALDEHYDE** | * | **MDL NO. 1873** |
| **PRODUCT LIABILITY LITIGATION** | * | |
| | * | **SECTION: "N-5"** |
| | * | |
| | * | **JUDGE ENGELHARDT** |
| | * | **MAG. JUDGE CHASEZ** |
| **THIS DOCUMENT RELATES TO:** | * | |
| *James Aldridge v. Gulf Stream Coach, Inc.,* | * | |
| *et al*, **No. 07-9228** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## FIFTH SUPPLEMENTAL AND AMENDING COMPLAINT

Plaintiff Paul Lastrapes, pursuant to the provisions of this Honorable Court's Scheduling Order of December 28, 2009, respectfully supplements and amends the Original Complaint herein as follows:

1.

Plaintiff Paul Lastrapes is a Named Plaintiff in the Original Complaint.

2.

The allegations of the Original Complaint with respect to the identification of Parties (Section II of the Original Complaint), as well as the allegations of the Original Complaint with respect to Jurisdiction and Venue (Section III), respectfully are reiterated and incorporated herein by reference.

3.

The allegations of the Original Complaint dealing with general factual information (Section IV) also are reiterated and incorporated herein by reference.

4.

Plaintiff was displaced from his permanent home as a result of Hurricane Katrina. Since his home was rendered uninhabitable as a result of Hurricane Katrina, plaintiff was deemed eligible to receive emergency housing assistance from the defendant FEMA, pursuant to the Stafford Act and applicable federal regulations.

5.

The emergency housing assistance provided to plaintiff was in the form of a travel trailer manufactured by the defendant Keystone RV Company, with Vehicle Identification Number (VIN) 4YDT26026N129851.

6.

This travel trailer was manufactured by the defendant Keystone RV Company in or about 2006.

7.

The travel trailer was delivered to plaintiff for occupancy in Port Sulphur, Louisiana at 113 Johnson Street.

8.

The travel trailer was installed at the above location and hooked up to utilities, etc. for residential purposes by defendant CH2M Hill Constructors, Inc., pursuant to a contract between CH2M Hill and FEMA.

9.

Upon information and belief, plaintiff began living in the travel trailer in or about January of 2006, and stopped living in it in or about January of 2008. During this time, however, Mr. Lastrapes spent several months residing in the state of Florida.

10.

The travel trailer was vacated by the plaintiff because he returned to work in a location outside of the state of Louisiana.

11.

Plaintiff respectfully reiterates and incorporates all of the allegations set forth in the Original Complaint with respect to the cause of action against defendant Keystone RV Company under the Louisiana Product Liability Act (Section VII of the Original Complaint). Additionally, and more specifically, plaintiff alleges that the defendant manufacturer's duty to warn him about the dangers and risks of formaldehyde in this travel trailer was continuing in nature, and legally was owed to plaintiff by the defendant manufacturer during the entire period that plaintiff occupied this travel trailer.

12.

Plaintiff respectfully reiterates and incorporates all of the allegations in the Original Complaint with respect to the cause of action against defendant CH2M Hill under the Louisiana Product Liability Act (Paragraphs 21 through 57 of the First Supplemental and Amending Complaint).

13.

Plaintiff respectfully reiterates and incorporates all of the allegations with respect to the cause of action for negligence against CH2M Hill under Louisiana law (Paragraphs 58 through 64 of the First Supplemental and Amending Complaint), specifically in the alternative and in the

event this defendant is not found to be a "manufacturer" liable under the Louisiana Products Liability Act.

14.

Plaintiff respectfully amends the allegations with respect to damages in order to specify that he seeks compensatory damages herein for the following:

a. plaintiff's physical pain and suffering;

b. plaintiff's mental anguish and emotion distress, including the fear of an increased risk of future serious disease;

c. the past, continuing and future medical expenses of plaintiff which have been necessitated by the injuries sustained herein, including costs for future medical treatment, services, and/or procedures to address physical and/or mental injuries from formaldehyde exposure which currently are manifest.

15.

Plaintiff respectfully reiterates his request for trial by jury of all claims herein, to the extent permitted by law.

WHEREFORE, plaintiff Paul Lastrapes respectfully supplements and amends the Original Complaint in the foregoing respects, and he otherwise reiterates and reavers all of the allegations and prayers for relief contained therein.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
      GERALD E. MEUNIER, #9471
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier &
      Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone:   504/522-2304
      Facsimile:   504/528-9973
      gmeunier@gainsben.com

      s/Justin I. Woods
      JUSTIN I. WOODS, #24713
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier &
      Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone:   504/522-2304
      Facsimile:   504/528-9973
      jwoods@gainsben.com

      **COURT-APPOINTED PLAINTIFFS'
      STEERING COMMITTEE**
      ANTHONY BUZBEE, Texas # 24001820
      ROBERT BECNEL, #14072
      RAUL BENCOMO, #2932
      FRANK D'AMICO, #17519
      MATT MORELAND, #24567
      LINDA NELSON, #9938
      DENNIS REICH, Texas #16739600
      MIKAL WATTS, Texas # 20981820

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on January 14, 2009.

                              /s/Justin I. Woods

                              JUSTIN I. WOODS