UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE | * | |
| | PRODUCTS LIABILITY | * | |
| | LITIGATION | * | SECTION: N(5) |
| | | * | |
| This Document Relates to: *Lyndon T. Wright. v.* | | * | JUDGE ENGELHARDT: |
| *Forest River, Inc., et al*, Docket No. 09-2977 | | * | |
| | | * | MAG: CHASEZ |

******************************************************************************

### DEFENDANTS' JOINT MEMORANDUM IN SUPPORT OF THEIR MOTION TO STRIKE THE ADDENDUM TO THE EXPERT REPORTS OF DR. LAWRENCE MILLER

**MAY IT PLEASE THE COURT:**

Defendants Forest River Inc., ("Forest River") and Shaw Environmental, Inc. ("Shaw") (collectively, "defendants") submit this memorandum in support of their Motion to Strike the Addendum to the Expert Reports of Dr. Lawrence Miller. As detailed below, plaintiff's late disclosure should not be permitted. This Addendum was only recently produced to defendants on January 12, 2009 – over three months after the expert report deadline imposed by the Court's Scheduling Order. Its submission also lacks good cause, as all of the information referenced in the Addendum was available prior to the production of Dr. Miller's expert reports. Finally, the

Addendum should be struck because it does not contain any opinions which will assist the trier-of-fact.

## BACKGROUND

As the Court is well aware, this Multi-District Litigation is the consolidation of hundreds of federal toxic tort suits in which an estimated seventy thousand named plaintiffs claim to have inhabited emergency housing units ("EHUs") that were provided to them by the Federal Emergency Management Agency ("FEMA") as a result of the alleged uninhabitability of their residences due to Hurricanes Katrina and Rita. (Rec. Doc. 109, at ¶ 96). Forest River's bellwether plaintiff, Lyndon Wright, originally filed suit in March of 2009; on April 6, 2009, the Court rendered Pre-Trial Order No. 34, confirming Wright as Forest River's first trial plaintiff. (Rec. Doc. No. 1299). On June 24, 2009, Wright filed a Motion for Leave to File First Supplemental and Amended Complaint, seeking to add new claims of mold exposure. (Rec. Doc. 1862). The Court granted that motion on July 17, 2009. (Rec. Doc. 2201).

Plaintiff has retained Dr. Lawrence Miller, a physician certified in internal medicine and pulmonary disease, to present specific causation testimony regarding plaintiff's alleged respiratory conditions. Dr. Miller personally examined Wright in the summer of 2009 and originally issued timely expert reports, with preliminary opinions in July of 2009 and a final report in October of 2009. *See generally* expert reports of Dr. Miller, attached as Ex. "A." These reports focused on a wide range of Wright's respiratory conditions and their alleged association with either formaldehyde or mold. Significantly, Dr. Miller's reports provided no commentary on either (1) formaldehyde's link to cancer or (2) Wright's mental health. *Id.* Defendants deposed Dr. Miller on November 10, 2009.

Recently, on January 12, 2009, three months after the final expert report deadline and two months after his deposition, Dr. Miller submitted an "Addendum" to his report. This Addendum does not comment on any of the respiratory conditions mentioned in his prior reports. Instead, Miller shifts his focus to Wright's fear of cancer claim and concludes that, "Based on Mr. Wright's known exposure to formaldehyde, discussed in my report, and the evidence summarized by Dr. Williams, it is my opinion within a reasonable medical certainty that Mr. Wright's concerns about the development of cancer after his exposure to formaldehyde are rationally-based." *See* Addendum, attached as Ex. "B." He lists four source materials that he reviewed in connection with the Addendum: (1) his conversations with Lyndon Wright during his prior examination in the summer of 2009; (2) the expert report of Dr. Patricia Williams, a toxicologist retained by plaintiff to provide general causation testimony; (3) the deposition of Dr. Shwery, a psychologist retained by plaintiff; (4) the deposition of Dr. Thompson, Forest River's psychiatric expert.

Defendants submit that Dr. Miller's Addendum should be excluded in its entirety, as the opinions contained therein are both untimely and relate to topics never before addressed in any of his prior expert reports. Additionally, Dr. Miller has no good cause for this delayed report, as the information he relied upon was available to him prior to the submission of his expert report. Finally, plaintiff's other experts, Drs. Shwery and Williams, already address the issues discussed in Dr. Miller's Addendum, and this supplemental report will therefore not assist the trier-of-fact. For these reasons, defendants request that the Court strike Dr. Miller's Addendum.

## LAW & ARGUMENT

I.  **The Addendum is untimely and contains new opinions never discussed in any of Dr. Miller's prior reports.**

Dr. Miller's Addendum is exceedingly late, as it was provided to opposing counsel over three months after the October 2, 2009 deadline for disclosure of expert reports set by this Court's Scheduling Order. *See* R. Doc. 2716. The Scheduling Order clearly mandates that the written reports of experts, setting forth *all* matters about which they will testify, shall be delivered to counsel for defendant no later than October 2, 2009. *Id.* (emphasis added).

A party must make the disclosures of expert reports at the times and in the sequence that the Court orders. Fed. Rule Civ. Pro. 26(a)(2)(C). If a party fails to provide this information, it may not use that information at trial unless the failure was substantially justified or harmless. *See* Fed. Rule Civ. Pro. 37(c)(1).

Given that the expert report deadline passed over three months ago, and Dr. Miller's own deposition occurred over two months ago, the submission of Dr. Miller's Addendum at this late juncture is egregious. Moreover, plaintiff's counsel has offered no justification for this late submission, simply emailing it to defense counsel without any explanation. With just over two weeks left before the close of discovery, this late submission should not be allowed.

Further, a party cannot skirt expert disclosure requirements of Rule 26 by characterizing new opinions as "supplemental." *See, Simmons v. Johnson*, 2008 WL 474203 *2 (M.D. La. 2008).[1] As discussed above, Dr. Miller's July 29, 2009 and October 2, 2009 reports do not contain any opinions regarding formaldehyde and its link to cancer. In fact, the word "cancer" does not appear anywhere

---

[1] Because Dr. Miller's Addendum specifically addresses Wright's fear of cancer claim, defendants also point out the Fifth Circuit's statements regarding cancer evidence:

> Because cancer evidence is highly inflammatory and incites passions and fears of most reasonable individuals, it is critical that evidence of cancer only be admitted on those situations where the proper evidentiary guidelines are followed. *Smith v. A.C. & S., Inc.*, 843 F.2d 854, 859 (5th Cir. 1988).

in the text of his original reports. Similarly, there is no discussion of Wright's mental condition or his fear of future diseases.[2] Conversely, Dr. Miller's Addendum <u>only</u> offers opinions related to the topics of cancer and mental anguish. These are wholly new opinions that were not addressed in his previous reports, and plaintiff should not be able to offer this new testimony via the Addendum.

## II.    The Addendum is based on material available to Dr. Miller prior to the submission of his expert report.

Courts have routinely rejected untimely "supplemental" expert testimony where the opinions are based upon information available prior to the deadline for expert disclosures. *See, Lampe Berger USA, Inc v. Scentier, Inc.,* 2008 WL 3386716 (M.D. La. 2008); *Shelter Mut. Ins. Co. v. Culbertson's Ltd., Inc.,* 1999 WL 135297 (E.D. La. 1999) (Duval, J.); *Simmons v. Johnson,* 2008 WL 474203 (M.D. La. 2008); *Buxton v. Lil' Drug Store Products, Inc.,* 2007 WL 2254492 (S.D. Miss. 2007).

In *Lampe Berger USA, Inc v. Scentier, Inc.,* the court excluded a "supplemental report" which was filed after the deadline for expert reports had passed. 2008 WL 3386716 (M.D. La. 2008). There, plaintiff produced a supplemental report from its financial expert in July of 2008, two months after the deadline to produce expert reports had passed. *Id.* at *2-4. Plaintiff's expert stated that, after preparation of her initial report, she received "new information" from plaintiff's counsel – the defendant's discovery responses from 2006. *Id.* The defendant filed a motion to strike this report, contending that the report was based on information that was available at the time the expert prepared her first report. *Id.* The court agreed, holding that failure of plaintiff's counsel to provide the expert with all of the information necessary to form her opinions prior to the expiration of the

---

[2] Dr. Miller has already been deposed in this case; because cancer was not even mentioned in his reports, the issue was not addressed.

expert report deadline was not a sufficient justification for disregarding the court-imposed expert deadline. *Id.*

Here, Dr. Miller had access to all the pertinent information described in the Addendum. He expressly states that, in formulating the opinions in the Addendum, he relied upon 1) statements made by the Plaintiff at his evaluation with Dr. Miller and 2) the expert report of Dr. Patricia Williams, plaintiff's general causation expert in this case. *See* Addendum, attached as Ex. "B." This information was available prior to the October 2, 2009 deadline for production of expert reports. Dr. Miller testified that his two evaluations of the Plaintiff occurred in June and July of 2009.[3] Additionally, Dr. Williams has been providing testimony in this litigation since the class certification stage in 2008, and her opinions on formaldehyde's link to cancer were clearly available to Dr. Miller in advance of the expert report deadline.

In his Addendum, Dr. Miller also discusses his review of the deposition of Dr. Shwery, a psychologist retained by plaintiff, and Dr. Thompson, Forest River's psychiatric expert. *See* Addendum, attached as Ex. "B." Neither of these is a source of "new" material which would justify a belated expert report entry. Dr. Miller had unfettered access to Dr. Shwery's opinions prior to submitted his expert report, as both of these experts were retained by plaintiff. Further, Dr. Miller only refers to Dr. Shwery's and Dr. Thompson's testimony to confirm that Wright "again" expressed concerns about his long term health. *Id.* In other words, the depositions of Drs. Shwery and Thompson merely reaffirmed a complaint which Mr. Wright had already expressed to Dr. Miller during his prior examinations in the summer of 2009. No new information was gleaned from either of these experts. Accordingly, the Addendum should be struck.

---

[3]See, Deposition of Dr. Lawrence Miller. p. 25, ll. 18-24, attached as Ex. "C."

### III.    Dr. Miller's Addendum will not assist the trier of fact.

Expert testimony is admissible only (1) if it qualifies as scientific, technical or other specialized knowledge and (2) if it will assist the trier of fact to understand the evidence or resolve a disputed factual issue. *See, Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999); *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993).

Dr. Miller's Addendum will meet neither of the two conditions listed above. First, Dr. Miller does not have any specific expertise in (1) the science related to formaldehyde and cancer and (2) psychological/psychiatric evaluations in general, much less the narrow issue of anxiety related to fear of cancer. Dr. Miller is not an epidemiologist, toxicologist, psychologist, or psychiatrist. In short, he has no qualifications to determine whether Wright's fear of cancer concerns are "rationally-based."

Second, plaintiff has already retained experts to comment on Wright's mental anguish and fear of cancer claims. Plaintiff's psychologist, Dr. Shwery, has discussed these issues in his expert reports, and Dr. Williams opines on the link between formaldehyde and cancer. Dr. Miller's testimony is unnecessary and will not assist the jury in understanding the issues discussed in the Addendum.

In issuing his Addendum, Dr. Miller has stepped outside his area of expertise. Even if one were to put that issue aside, the opinions contained in the Addendum are addressed by other experts retained by plaintiff, and thus the Addendum is duplicative and may confuse or mislead the jury. *Daubert* requires that Dr. Miller's Addendum be struck on these bases.

**CONCLUSION**

For the foregoing reasons, defendants Forest River, Inc. and Shaw Environmental, Inc. respectfully request the Court to strike any and all opinions contained in the Addendum to Dr. Miller's report.

Respectfully submitted,

/s/ Jason D. Bone
ERNEST P. GIEGER, JR. (#6154)
JASON D. BONE (#28315)
CARSON W. STRICKLAND (#31336)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
*ATTORNEYS FOR FOREST RIVER, INC.*

/s/ M. David Kurtz
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000
*ATTORNEYS FOR SHAW
ENVIRONMENTAL, INC.*

**C E R T I F I C A T E**

      I hereby certify that on the 18th day of January, 2010, a copy of the foregoing Memorandum in Support was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

                                /s/ Jason D. Bone

                                JASON D. BONE