UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|     FORMALDEHYDE | * | |
|     PRODUCTS LIABILITY | * | SECTION: N(5) |
|     LITIGATION | * | |
| | * | JUDGE ENGELHARDT |
| THIS DOCUMENT IS RELATED TO: | * | |
| September 2010 Trial against Gulf Stream | * | MAGISTRATE CHASEZ |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MOTION TO ADOPT TRIAL SCHEDULING ORDER

**NOW INTO COURT**, through undersigned counsel, comes defendant, Gulf Stream Coach, Inc. ("Gulf Stream"), who respectfully submits this Motion to Adopt a Scheduling Order for Bellwether Trial VI, currently scheduled for September 13, 2010. Gulf Stream avers that those currently party to this lawsuit have agreed to the all of the following deadlines, conditions, and rulings, except for the stipulation that each side shall be limited to ten expert witnesses. Additionally, Gulf Stream maintains that the ten-expert limit is reasonable and cost-effective, especially in light of the exorbitant and wasteful expert costs that the parties expended in Bellwether Trial I, the *Alexander* case, Docket No. 09-2892. Defendants Gulf Stream and Fluor Enterprises, Inc., currently have pending motions to tax costs from the *Alexander* trial. (Rec. Doc. 6325, 6427). Together, the parties moved for payment of nearly $250,000, with a significant portion of that related to expert costs. *See id*. In that case, the plaintiffs retained 20 experts, while the three defendants (Gulf Stream, the United States of America, and Fluor Enterprises, Inc.) retained 16 experts altogether. The parties deposed all 36 experts at an extraordinary cost and expenditure of time. And, even though only 14 of the 36 experts actually testified at trial, the costs were still excessive. Therefore, Gulf Stream submits that a ten expert-limit per side is fair, cost

-1-

effective, and efficient. It asks this Honorable Court to enter an order establishing this limit for Bellwether Trial VI.

Furthermore, because the Plaintiffs' Steering Committee has not yet selected a plaintiff for Bellwether Trial VI, the parties cannot identify the contractor defendant that will take part in this trial. Accordingly, the contractor defendant that will become party to this lawsuit has not yet consented to the following stipulations, though none of the contracting defendants has expressed any objection to the following. Thus, Gulf Stream submits the proposed Scheduling Order, attached hereto as Exhibit "A."

Respectfully Submitted:

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK #18495
JOSEPH G. GLASS #25397**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON
Timothy D. Scandurro #18424
Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
(504) 529-6199 (FAX)
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

**C E R T I F I C A T E**

-2-

I hereby certify that on the 19th day of January, 2009, a copy of the foregoing Motion to Adopt Trial Scheduling Order was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

        s/Andrew D. Weinstock
        _____
        **ANDREW D. WEINSTOCK #18495**
        andreww@duplass.com