**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | **MDL NO. 1873** |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY | * | **SECTION:  N(5)** |
| LITIGATION | * | |
| | * | **JUDGE ENGELHARDT** |
| **THIS DOCUMENT IS RELATED TO:** | * | |
| **September 2010 Trial against Gulf Stream** | * | **MAGISTRATE CHASEZ** |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**TRIAL SCHEDULING ORDER**
**(_____)**

Considering the Court's Order, the following deadlines are entered as it relates to

the bellwether trial proceeding against Gulf Stream Coach, Inc., the applicable IA Contractor

and The United States of America, through the Federal Emergency Management Agency

("FEMA"):

All pre-trial motions, including dispositive motions, shall be filed and served in
sufficient time to permit hearing thereon no later than **June 15, 2010** (90 days prior to the
Trial Date).  This date was moved an additional thirty days before the final Pre-trial
Conference Date to accommodate the MDL bellwether trial calendar of the United States of
America, through FEMA.  Any motions filed in violation of this order shall be deemed
waived unless good cause is shown.

All *Daubert* motions shall be filed no later than the day the pre-trial order is due:
**June 15, 2010 (90** days prior to Final Pre-trial Conference Date).  This date was moved an
additional thirty days before the final Pre-trial Conference Date to accommodate the MDL
bellwether trial calendar of the United States of America, through FEMA.

All motions *in limine* shall be filed no later than **June 15, 2010**.  This date was
moved an additional thirty days before the final Pre-trial Conference Date to accommodate
the MDL bellwether trial calendar of the United States of America, through FEMA.

Requests for oral argument shall be submitted and handled in accordance with
Local Rule 78.1E.

Counsel shall complete all disclosure of information as follows:

All parties have stipulated that initial disclosures pursuant to Fed. R.Civ. P. 26(a)(1)

will not be conducted in this case.

Depositions for use at trial use shall be taken and all discovery shall be completed no later than **June 1, 2010** (120 days prior to the Trial Date).  This date was moved an additional thirty days before the final Pre-trial Conference Date to accommodate the MDL bellwether trial calendar of the United States of America, through FEMA.

Amendments to pleadings, third-party actions, cross- claims and counter-claims shall be filed no later than **February 1, 2010**.  The deadline to file responses to any pleadings filed on or before February 1, 2010 shall be **March 3, 2010.**

Counsel adding new parties subsequent to mailing of this Notice shall serve on each new party a copy of this Minute Entry. Pleadings responsive thereto, when required, shall be filed within the applicable delays therefor.

The Court has previously entered Pre-Trial Orders authorizing parties to conduct discovery, including issuance of written discovery and taking of depositions.

Testing of the subject unit (if the unit is available) may take place at any time after the entry of this Order.  However, Plaintiff must complete testing of the subject unit (if the unit is able to be located) no later than **March 1, 2010**.  Defendants must complete testing of the subject unit (if the unit is able to be located) no later than **March 31, 2010**.  All parties, through designated representatives, are permitted to attend any testing conducted, assuming that the parties comply with all waiver and indemnity requirements previously established by the United States Government.

Plaintiff shall be limited to ten (10) expert witnesses, including current treating physicians.  Defendants, collectively, shall be limited to ten (10) expert witnesses, including Independent Medical Examinations.  **USA, THROUGH FEMA, AND PLAINTIFFS OBJECT TO A LIMIT ON THE NUMBER OF EXPERTS.**

Written reports of experts, as defined by Federal Rules of Civil Procedure 26(a)(2)(B), and including treating physicians, who may be witnesses for plaintiff fully setting forth all matters about which they will testify and the basis therefor shall be obtained and delivered to counsel for defendant as soon as possible, but in no event later than **April 2, 2010**  (136 days prior to Final Pre-trial Conference Date).

Written reports of experts, as defined by Federal Rules of Civil Procedure 26(a)(2)(B), and including treating physicians, who may be witnesses for defendant fully setting forth all matters about which they will testify and the basis therefor shall be obtained and delivered to counsel for plaintiff as soon as possible, but in no event later than **May 3, 2010** (115 days prior to Final Pre-trial Conference Date).

Counsel for the parties shall file in the record and serve upon their opponents an *initial* list of all witnesses who may or will be called to testify at trial, and all exhibits that may or will be used at trial no later than **April 2, 2010.**  This date was moved to accommodate the MDL bellwether trial calendar of the United States of America, through FEMA.

Counsel for the parties shall file in the record and serve upon their opponents a *final* list of all witnesses who may or will be called to testify at trial, and all exhibits that may or will be used at trial no later than **June 10, 2010.**  This date was moved an additional thirty days before the final Pre-trial Conference Date to accommodate the MDL bellwether trial calendar of the United States of America, through FEMA.

Any party offering deposition testimony in lieu of live testimony at the trial of this

2

matter must submit to opposing counsel by **August 4, 2010** (40 days before trial) designations of the portions of the deposition transcripts to be offered.  By **August 19, 2010** (25 days before trial), opposing counsel must submit counter-designations to the offering party.

The Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Minute Entry as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown.

Settlement possibilities were discussed.  A further settlement conference will be scheduled at any time at the request of any party.

This case **does** involve extensive documentary evidence, depositions or other discovery.

A final pre-trial conference will be held before the District Judge on **August 26, 2010 at 10:00 a.m.**  Counsel will be prepared in accordance with the final Pre-Trial Notice attached.

**THE PRETRIAL ORDER SUBMITTED TO THE COURT MUST BE DOUBLE SPACED, PAGINATED, AND SIGNED BY ALL COUNSEL.**

Trial will commence during the week beginning **September 13, 2010 at 8:30 a.m.** before the District Judge **with** a jury.  Attorneys are instructed to report for trial no later than 30 minutes prior to this time. The starting time on the first day of a jury trial may be delayed or moved up because of jury pooling. Trial is estimated to last **fourteen** day(s).

Plaintiff's claims against the non-governmental private defendants will be tried before a jury.  Plaintiff's claims against the United States will be tried by the Court, and pursuant to the Court's previous Order in this Multi-District Litigation, the Court in resolving Plaintiff's claims against the United States may use the jury in an advisory capacity.

Deadlines, cut-off dates, or other limits fixed herein may only be extended by the Court upon timely motion filed in compliance with the Plan and Local Rules and upon a showing of good cause.  Trial will not be continued, even on joint motion, absent good cause or compelling reason.  If, however, a continuance is granted, deadlines and cut off dates will not be extended automatically, unless otherwise ordered by the Court.

It shall be assumed that all attorneys listed as counsel of record are, at all times, informed and conversant about the case, and have authority to discuss this matter with the Court.

**No cell phones, pagers, beepers, or other audible communication devices are allowed in Section "N" courtroom and chambers. Any audible electronic communication devices brought in to the Section "N" courtroom or chambers are subject to permanent confiscation, and/or sanction of the violator of this policy.** You may turn such devices in to Susan Adams, judicial assistant in Section "N", upon arriving, and pick them up when you have completed business in Section "N."

**All communication with Court staff is equivalent to communication directly with the undersigned, and shall be courteous and professional.  Any conduct toward Court staff in deviation of this standard shall be promptly reported to the undersigned.**

**COUNSEL ARE INSTRUCTED TO INCLUDE THEIR FAX NUMBERS AND EMAIL**

**ADDRESSES ON ANY DOCUMENTS THAT ARE FILED WITH  THIS COURT.**


New Orleans, Louisiana, this _____ day of _____, 2010.


_____
HONORABLE KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE


CLERK TO FORWARD COPY TO MAGISTRATE JUDGE