UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Castanel et al. v. Recreation by Design, et al.* | * | |
| Docket No. 09-3251 | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S OPPOSITION TO RECREATION BY DESIGN, LLC'S
MOTION FOR SUMMARY JUDGEMENT REGARDING PRESCRIPTION**

Plaintiff Earline Castanel opposes Recreation by Design, LLC's (RBD) Motion for Summary Judgment regarding prescription, and in response, would show:

### I.
### BACKGROUND

Ms. Earline Castanel moved into her RBD-manufactured FEMA trailer in February of 2006, after her home had been devastated by Hurricane Katrina. *See* Exhibit A, pp. 22-23. At the time she moved in, she was almost 76 years old. *See* Exhibit A, p. 14.

Ms. Castanel began suffering sinus symptoms and breathing difficulties within a few months of moving into her trailer. *See* Exhibit A, pp. 32-33, 68-71. During the year she resided in the trailer, she also experienced several other health problems, including dry skin, abdominal pain, diarrhea, and headaches. *See* Exhibit A, pp. 35-39. Ms. Castanel, however, had no reason to relate her symptoms to the trailer. *See* Exhibit A, pp. 35, 42, 63, 71. She in fact, never related her symptoms to formaldehyde or to her trailer while she lived in it. *See* Exhibit A, p. 35. No

1

evidence has been adduced as to the date on which she first realized that the RBD unit might be the cause of her symptoms. Because merely experiencing symptoms with no knowledge of their cause is not sufficient to commence the prescriptive period, Ms. Castanel's claims have not been prescribed as a matter of law.

## II.
## ARGUMENT AND AUTHORITIES

A.   Summary Judgment Standard

Summary judgment is proper only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp, 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, and draws all reasonable inferences in favor of that party. Gillis v. Louisiana, 294 F.3d 755, 758 (5th Cir. 2002); Hunt v. Rapides Healthcare System, L.L.C., 277 F.3d 757, 764 (5th Cir. 2001). A factual dispute in which the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party precludes a grant of summary judgment. Smith v. Amedisys, 298 F.3d 434, 440 (5th Cir. 2002).

In reviewing a summary judgment based on prescription, courts should resolve doubts in favor of giving the litigant his day in court. Orthopaedic Clinic of Monroe v. Ruhl, 786 So.2d 323, 328 (La.App.2d Cir.), writ denied, 798 So.2d 970 (La. 2001). "Prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished." Landry v. Blaise, Inc., 774 So.2d 187, 190 (La. App. 4th Cir.), writ denied, 776 So.2d (La. 2000).

B.  **RBD's motion for summary judgment should be denied because RBD failed to prove as a matter of law the date on which prescription commenced.**

1.  *The complaint does not reveal prescription on its face.*

Ms. Castanel's claims under the Louisiana Products Liability Act ("LPLA") are subject to a one year prescriptive period. Denoux v. Vessel Management Services, Inc., 964 So.2d 1081, 1084 (La. App. 4 Cir. 2007). Prescription begins to run "when plaintiff has actual or constructive notice of the alleged tortious act." Mistich v. Cordis Mfg. Co. 607 So.2d 955, 956 (La. App. 4 Cir. 1992). The First Supplemental and Amended Complaint in the Castanel case contains only two dates: (1) February 2006, the date Ms. Castanel began living in the trailer, and (2) March 2007, the date she stopped living in the trailer. *See* Rec. Doc. 9401. Neither of these dates can be construed as the date Ms. Castanel acquired either actual or constructive knowledge of RBD's tortuous acts. In fact, using her deposition testimony, RBD places her date of knowledge in April 2006. *See* RBD Memorandum in Support, pp. 2, 8. Prescription, therefore, is not apparent from the face of the petition. Denoux, 964 So.2d at 1084; Mistich, 607 So.2d at 956.

2.  *RBD failed to prove the date prescription commenced.*

Prescription will not run against a plaintiff who does not know the facts on which her cause of action is based. Griffin v. Kinberger, 507 So.2d 821, 823 (La. 1987). Prescription thus begins to run when the plaintiff has knowledge not only that an undesirable condition has developed, but also that the condition may be related to tortuous conduct. *See* Id. Since the petition does not show prescription on its face, RBD carries the burden to prove facts supporting prescription. Landry v. Blaise, Inc., 774 So.2d 187, 190 (La.App. 4 Cir. 2000). RBD has failed, however, to prove the date on which Ms. Castanel discovered or should have discovered a fact

3

essential to her claim – the fact that her symptoms were caused by her FEMA trailer. RBD therefore, failed to carry its burden, and its motion for summary judgment should therefore be denied. *See* Id.

"Constructive knowledge sufficient to commence the running of prescription . . . . requires more than a mere apprehension that something might be wrong." Griffin, 507 So.2d at 823. Merely experiencing symptoms, without an appreciation or reason to appreciate that symptoms might be related to tortuous conduct, does not trigger the commencement of prescription. *See* Id. RBD erroneously assumes that the date Ms. Castanel began experiencing symptoms was the date she acquired knowledge of her claims. RBD reasoned as follows:

> Ms. Castanel claims that she started to experience symptoms that she (now) associates to living in the emergency housing unit (EHU) about five to six weeks after moving into the unit. Accordingly, this places her date of knowledge of her claims to be in March of 2006, or at the latest, by the end of April, 2006."

*See* RBD's Memorandum in Support, p. 2. Her symptoms alone, however, do not confer constructive knowledge of her claims. Id. She had no reason to recognize that her symptoms were caused by anything other than her age or a disease process. RBD is thus clearly wrong in its determination of the date of Ms. Castanel's knowledge of her claims. *See* Id.

RBD's "Statement of Uncontested Material Facts" contains no facts sufficient to commence the prescription period against Ms. Castanel. The Statement establishes only that Ms. Castanel moved into her unit in March of 2007, and began suffering breathing and sinus problems five to six weeks later. Apparently, RBD looks to the fact that Ms. Castanel would stand by the front door to ease her breathing difficulties as evidencing knowledge that her trailer was causing her problems. It should be noted, however, that even without such knowledge, a 75-year old woman living in a tiny, poorly ventilated trailer would be expected to seek a breath of

fresh air while trying to catch her breath.  Further, the fact that Ms. Castanel did not experience exactly the same symptoms prior to moving into the trailer does not in any way establish Ms. Castanel's knowledge that the trailer was the cause of her breathing and sinus problems, or any of the other symptoms listed, all of which are fairly common in the elderly.  The testimony offered by RBD about her conversations with neighbors and family reveal that she spoke only about her symptoms, not their cause. *See* Exhibit B to RBD's motion, pp. 49-53, 68-71.  The fact that she *now* alleges her symptoms were caused by the trailer provides no information as to when she first came to that realization.

Ms. Castanel's testimony, in fact, establishes that she did not relate her symptoms to her trailer at the time she experienced them.  She stated that she thought the symptoms were "just one of them things" and "I don't know what it was being caused by, I just know I felt it." *See* Exhibit A, p. 35.  The only unusual odor she noticed was the smell of her clothes in the closet, which she attributed to closets in general. *See* Exhibit A, pp. 42, 63, 71.  She had not received any flyers discussing formaldehyde or seen anything in the news media. *See* Exhibit A, pp. 94-95.  Although she contacted FEMA while living in her trailer to fix broken pipes and appliances, she never contacted FEMA about her health problems. *See* Exhibit A, p. 47.

RBD proved only the date on which Ms. Castanel began experiencing symptoms.  It did not even address the issue of the date on which she realized or should have realized that her symptoms were caused by her FEMA trailer.  RBD thus failed to prove as a matter of law the date on which prescription commenced. *See* Id.  Without this information, RBD cannot prove that Ms. Castanel's claims are prescribed. *See* Id.  RBD's motion for summary judgment should therefore be denied. *See* Amburgey, 936 F.2d at 809.

C.      RBD failed to prove as a matter of law that prescription had run under *American Pipe.*

Proof of the date on which prescription commenced is an essential element to prove prescription as a matter of law. *See generally* Rihner v. Chevalier, 731 So.2d 429 (La. App. 5 Cir. 1999). In its *American Pipe* arguments, RBD again uses the erroneous prescription date of April 30, 2006, the first date of her symptoms. *See* RBD's Memorandum in Support, pp. 9-10. As explained *supra,* proof of the date of symptoms is not sufficient to prove the date a plaintiff acquires knowledge of her cause of action. Griffin, 507 So.2d at 823. RBD has therefore failed to prove that Ms. Castanel's claims are prescribed under *American Pipe* using the filing date of the *McGuire* amended complaint. *See* Id.

As for RBD's argument as to the "relation back" to the *Hilliard* complaint, this Court has already ruled in the *Wright* case that the *Hilliard* complaint plead a defendant class, which is susceptible to *American Pipe* tolling. *See* Rec. Doc. 7241. RBD, however, asserts that it is not a member of the defendant class as defined in *Hilliard* because it is not a vendor which sold trailers to FEMA.[1] RBD, however, failed to provide summary judgment proof that it did not sell units to FEMA. Thus, evidence that RBD is not a vendor is not before the Court, and RBD, therefore, cannot prevail on this theory. *See* Malacara v. Garber, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court.")

---

[1] The language in the *Hillard* complaint reads as follows:
> The Defendants which are currently styled as "other, as yet unnamed, mobile home vendors to the Federal Emergency Management Agency" represent other U.S. manufacturers of mobile homes and trailers which are also believed to be vendors to Defendant FEMA and have sold mobile homes and trailers to FEMA which are, in part, the focus of this litigation.

*See* Member Case No. 06-2576, Rec. Doc. 1, Paragraph 30.

6

D.  RBD has failed to offer authority justifying reconsideration of the Court's prior decision on joint tortfeasors.

Although apparently conceding that this Court's previous order in *Wright* determines the question in this case in favor of Ms. Castanel, RBD urges reconsideration. RBD has failed to provide either novel facts or new legal authority that would justify reconsideration. The joint tortfeasor doctrine would thus apply to interrupt prescription as to RBD in Ms. Castanel's case. *See* Order, Rec. Doc. 7241. Since class certification was denied on December 29, 2008, Ms. Castanel case, which was filed on April 8, 2009, is not prescribed, and RBD's motion for summary judgment should be denied. *See* Denoux, 964 So.2d at 1084.

## II.
## CONCLUSION

Because it is not apparent from the face of Ms. Castanel's complaint, RBD bears the burden of proving the prescription commencement date, the date on which Ms. Castanel acquired either actual or constructive knowledge that her symptoms were related to her FEMA trailer. RBD, however, offered no proof of the date Ms. Castanel acquired this knowledge. RBD has failed to carry its burden for proving prescription. Further, this court has already ruled in a companion case against RBD's arguments anticipating the defenses of *American Pipe* tolling and the joint tortfeasor doctrine. RBD's motion for summary judgment should therefore be denied.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
      GERALD E. MEUNIER, #9471
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier &
      Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street

7

New Orleans, Louisiana 70163
Telephone:     504/522-2304
Facsimile:     504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:     504/522-2304
Facsimile:     504/528-9973
jwoods@gainsben.com


**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
ROBERT BECNEL, #14072
DENNIS REICH, Texas # 16739600

**CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                                   s/Gerald E. Meunier
                                                   GERALD E. MEUNIER, #9471