UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  FEMA TRAILER                     *        MDL NO. 1873
       FORMALDEHYDE PRODUCTS            *
       LIABILITY LITIGATION            *        SECTION "N" (5)
                                       *
                                       *        JUDGE ENGELHARDT
                                       *        MAGISTRATE CHASEZ
                                       *
THIS DOCUMENT IS RELATED TO              *
                                       *
*Castanel et al. v. Recreation by Design, et al.*   *
Docket No. 09-3251                       *
                                       *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

PLAINTIFF'S OPPOSITION TO DEFENDANT RECREATION BY DESIGN'S
RULE 12(b)(6) MOTION TO DISMISS

Plaintiff Earline Castanel, opposes Defendant Recreation by Design's (RBD) Rule 12

(b)(6) Motion to Dismiss, and in response, would show:

I.
ARGUMENT AND AUTHORITY

A.  Legal Standard under Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted."

Beanal v. Freeport –McMoran, Inc., 197 F 3d. 161, 164 (5th Cir. 1999).  When considering a

Rule 12(b)(6) motion, the court accepts all well-pleaded facts as true, and draws all reasonable

inferences in favor of the plaintiff. Baker v. Putnal, F.3d 190, 196 (5th Cir. 1996).   The motion

should thus be denied if, in the light most favorable to the plaintiff and with every doubt resolved

in its behalf, the complaint states any valid claim for relief. *See* Benal., 197 F 3d. at 164.

B. **Express Warranty and Intended Use Claims**

RBD seeks dismissal of what it perceives to be express warranty and intended use claims. The language of which RBD complains, however, asserts neither an express warranty nor an intended use claim. *See* La. R.S. 9:2800.52.

The language RBD challenges is contained in Paragraph 90, §§ iv, ix and viii of Ms. Castanel's Complaint for Damages.  Paragraph 90's introductory language explains that the defects in the RBD housing units "are the result of and/or include" the sections following it. Rather than asserting separate claims, the language relating to RBD's failures to conform to express warranties and insure that the units were suitable for their intended use merely provide details of the claims Ms. Castanel asserts under the Louisiana Products Liability Act ("LPLA").[1] Stated differently, Ms. Castanel alleges that her RBD unit was rendered unreasonably dangerous in construction, composition, and design as a result of RBD's failures concerning warranties and intended use.  As this Court previously acknowledged in its Order in the *Alexander* case, causes of action not specifically included in the LPLA are recognized insofar as they render the product unreasonably dangerous. *See* Member Case No. 09-2892, Rec. Doc. 2322; *see also* MacDonald v. Monsanto, 68 F.3d 470, *1 (5th Cir. 1995).  RBD's Motion to Dismiss as relates to the express warranty and intended use claims should therefore be denied. *See* Id.

---

[1] The theories of liability specified by the LPLA are (1)  the product is unreasonably dangerous in construction or composition; (2) the product is unreasonably dangerous in design; (3) the product is unreasonably dangerous due to inadequate warnings, and (4) the product is unreasonably dangerous because it does not conform to an express warranty of the manufacturer. La. R..S. 9:2800.54.

### C.  Fraud and Misrepresentation

RBD disingenuously asserts that Paragraph 23 of Ms. Castanel' s Complaint for Damages "attempts to bring a claim of fraud and misrepresentation against Defendant RBD," and that the claim should be dismissed as not included in the LPLA.  Paragraph 23 is part of Section III of Plaintiff's Complaint.  Section III bears the title of "Facts and General Allegations."  The language articulating the causes of action against RBD in this case are asserted twenty pages later under Count 2: Causes of Action Against the Manufacturer under Louisiana Products Liability Act.  It is clear that the language of which RBD complains is intended to be part of the Complaint's factual background, not a cause of action.  Because the language of which RBD complains does not constitute the assertion of a cause of action, RBD's motion to dismiss should be denied as to the alleged fraud and misrepresentation language.

### D.  Joint Liability

Again, RBD speciously misinterprets the Complaint's language in seeking dismissal of a claim that has not been asserted.  Paragraph 105 of the Complaint, which is located under the heading "Compensatory Damages," merely asserts that all three defendants are joint tortfeasors as clearly contemplated by the LPLA.  The Complaint's language that the defendants are "individually and/or jointly responsible for all damages," results in liability under the LPLA that is a "joint and divisible obligation." *See* LSA-C.C. Art. 2324(B).  The LPLA goes further to specify that "[a] joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of such other

person . . . ." *See* <u>Monroe v. Wal-Mart, Inc</u>**.,** 990 F.2d 625, *1 (5th Cir. 1993).   No other implication can be reasonably read into the language of the Complaint's Paragraph 105.  RBD's motion to dismiss on the basis of joint liability should therefore be denied. *See* <u>Id.</u>

### E.  <u>Loss of Use</u>

Earline Castanel hereby withdraws her claim as to loss of use.  RBD's motion to dismiss the loss of use claim in this case is therefore moot.

### F.  <u>Loss of Consortium</u>

Earline Castanel hereby withdraws her claim as to loss of consortium.  RBD's motion to dismiss the loss of consortium claim in this case is therefore moot.

## II.
## CONCLUSION

RBD contorts the language of Ms. Castanel's Complaint to invent bogus claims.  It then argues that the claims, which in reality are not asserted, should be dismissed under Rule 12(b)(6).  Because RBD argues for dismissal of claims that have not been raised and do not exist, its motion to dismiss should be denied.

4

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
       GERALD E. MEUNIER, #9471
       **PLAINTIFFS' CO-LIAISON COUNSEL**
       Gainsburgh, Benjamin, David, Meunier &
       Warshauer, L.L.C.
       2800 Energy Centre, 1100 Poydras Street
       New Orleans, Louisiana 70163
       Telephone:    504/522-2304
       Facsimile:    504/528-9973
       gmeunier@gainsben.com

       s/Justin I. Woods
       JUSTIN I. WOODS, #24713
       **PLAINTIFFS' CO-LIAISON COUNSEL**
       Gainsburgh, Benjamin, David, Meunier &
       Warshauer, L.L.C.
       2800 Energy Centre, 1100 Poydras Street
       New Orleans, Louisiana 70163
       Telephone:    504/522-2304
       Facsimile:    504/528-9973
       jwoods@gainsben.com

       **COURT-APPOINTED PLAINTIFFS'
       STEERING COMMITTEE**
       ANTHONY BUZBEE, Texas # 24001820
       RAUL BENCOMO, #2932
       FRANK D'AMICO, #17519
       MATT MORELAND, #24567
       LINDA NELSON, #9938
       MIKAL WATTS, Texas # 20981820
       ROBERT BECNEL, #14072
       DENNIS REICH, Texas # 16739600

5

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

s/Gerald E. Meunier
GERALD E. MEUNIER, #9471