UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCT LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | JUDGE ENGELHARDT |
| THIS DOCUMENT IS RELATED TO ALL CASES | * | MAG. JUDGE CHASEZ |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## JOINT REPORT NO. 14 OF LIAISON AND GOVERNMENT COUNSEL

Plaintiffs' Liaison Counsel ("PLC"), Manufacturing Defendants' Liaison Counsel ("MDLC"), Individual Assistance/Technical Assistance Contractor Defendants' Liaison Counsel ("IALC"), and U.S. Government Counsel ("GC"), subject to a full reservation of rights and defenses, respectfully submit this Joint Report No. 14.

**I.      REPORT OF CLAIMS AND CASE INVENTORY:**

PLC and MDLC report that an estimated 2,700 actions now have been filed, or transferred into, this MDL. The attached appendix lists the complaints that were filed or transferred into the MDL since the last Joint Report.

**II.     PLAINTIFF FACT SHEETS (PFS)**

The PSC still operates a central claims office located at 4731 Canal Street, New Orleans, Louisiana. PLC advises that it has delivered 12,680 completed PFS (which include duly executed privacy act waivers) to the Defendants to date. The U.S. Government has produced approximately 210 IA Files to the parties.

1

The PSC to date has cured 1630 deficiencies cited by Defendants pursuant to PreTrial Order No. 2 (Doc No. 87). Pre-Trial Order No. 32 (Rec Doc. 1180) was entered on March 18, 2009 amending specific instructions and deadlines as found in Pre-Trial Order No. 2 (Rec. Doc. 87).

### III. MOTION PRACTICE

The following Motions are pending:

| | |
|---|---|
| Rec. Doc. 4800 | Forest River, Inc.'s Motion to Strike Plaintiff's Designation of Kenneth R. Laughery, Ph.D. in the *Lyndon Wright* matter. |
| Rec. Doc. 5609 | PLC's Motion for New Trial or, Alternatively, for Relief from Judgment in the *Alexander-Cooper* matter. |
| Rec. Doc. 5722 | PSC's Motion for Relief from Judgment. Taken under advisement on November 18, 2009. |
| Rec. Doc. 6082 | Bechtel's motion for Interlocutory Review |
| Rec. Doc. 6970 | United States of America's Motion to Dismiss for Lack of Jurisdiction the FTCA Negligence Claims of All "Louisiana Plaintiffs" Based Upon No Analogous Private Liability. Taken under advisement on December 30, 2009. |
| Rec. Doc. 7368 | United States of America's Motion to Dismiss for Lack of Jurisdiction Lyndon Wright's FTCA Claims for Failure to Exhaust His Administrative Remedy and for Failure to Present his Administrative Claim to FEMA in a Timely Manner to Dismiss Plaintiff Lyndon Wright FTCA Claims for Lack of Subject Matter Jurisdiction. Taken under advisement on December 16, 2009. |
| Rec. Doc. 7690 | United States of America's Motion to Dismiss for Lack of Jurisdiction Claims of "Mississippi Plaintiffs" Based Upon No Analogous Private Liability or, in the Alternative, Motion for Judgment as a Matter of Law. Taken under advisement December 30, 2009. |
| Rec. Doc. 7792 | Morgan's Motion to Dismiss Pursuant to 12(b)(1), 12(b)(2) and 12(b)(6) of the Third and Fourth Supplemental and Amended Administrative Master Complaints |

2

| | |
|---|---|
| Rec. Doc. 8566 | Shaw's Motion to Certify for Interlocutory Review |
| Rec. Doc. 8629 | United States of America's Motion to Dismiss for Lack of Jurisdiction Plaintiff Earline Castanel's FTCA Claims. Taken under advisement on December 30, 2009. |
| Rec. Doc. 9572 | Certain Plaintiffs' Opposed Motion for Extension of Time to Comply With Pretrial Orders No. 40 & 49 |
| Rec. Doc. 9721 | Recreational by Design's Rule 12(b)(6) Motion to Dismiss in the *Castanel* matter |
| Rec. Doc. 9722 | Recreation by Design's Motion for Summary Judgment regarding Prescription in the *Castanel* matter |
| Rec. Doc. 9781 | Shaw's Motion for Summary Judgment Regarding Prescription in *Castanel* |
| Rec. Doc. 10038 | North American Catastrophe Services, Inc.'s Motion for Partial Summary Judgment on the Duty to Defend |

## IV. MANUFACTURED HOUSING UNIT MANUFACTURERS/NON-LITIGATION"TRACK"

On December 18, 2009 the Court entered an Order (Rec. Doc. 9340) extending the non-litigation track for a period of thirty days. Under prior Order (Rec. Doc. 2530), the parties must agree on a bellwether defendant and a bellwether plaintiff on or before January 19, 2010 for a seventh bellwether trial to begin on October 18, 2010. The prior Order required that the agreed upon bellwether plaintiff be matched to a specific manufactured home defendant and to have a FEMA-ripe claim. Finally, the prior Order also required the parties to submit a jointly proposed scheduling order for the sixth bellwether trial on or before February 1, 2010.

At the request of the parties, the January 19, 2010 deadline for an agreement on a bellwether plaintiff and defendant has been extended to March 1, 2010, and the deadline for submission of the proposed scheduling order has been extended to March 15, 2010.

## V. MATCHING PLAINTIFF TO DEFENDANT MANUFACTURER AND FEMA CONTRACTOR

The PSC has issued written discovery requesting that the United States disclose the vehicle identification numbers of the emergency housing units ("EHUs") provided to these Plaintiffs by FEMA. PLC has instructed all Plaintiffs' counsel that, in order to have their clients matched, the request for matching should: (1) be submitted in groups of approximately 500 claimants (or a lesser amount if the plaintiff counsel represents less than 500 persons); (2) include a list containing necessary search information in an Excel and PDF spreadsheet format; and (3) for each family of occupants, provide only the name of the head of household or adult family members – no children or other minors should be included. Information that the Plaintiffs' counsel should provide to the United States is the claimant's (a) full name; (b) FEMA ID Number; (c) social security number; (d) date of birth; (e) and address/State where EHU was installed. If a claimant resided in more than one EHU that should be noted and claimant should provide the address/State where each EHU they occupied was located. To the extent Plaintiffs are aware of the bar code number assigned to their issued unit, this information also should be provided to FEMA.

The United States received from PSC more than 130 Client Lists seeking matching information for approximately 78,000 persons. To date, the United States has provided responsive information for all but two requests within thirty days of receipt of the requests, and will continue to process those requests.

Based upon recent discussions with counsel as well as review of various motions filed by parties to extend the deadline to match,, the United States believes that some counsel may not

understand the matching process and what actions that they must take to identify the manufacturer of the EHU that their client occupied and IA/TAC contractor that installed the unit.

In response to a matching request, the United States produces information obtained from the FEMA FRRATS database. The key information produced to a claimant is the VIN number and FEMA barcode number of the EHU or EHUs issued to a disaster victim. Using the VIN number, a claimant can determine the identity of the manufacturer of the unit that they occupied. To do this, the claimant must take the VIN number identified and compare it with the "Prefix Key" produced by the Manufacturers' Liaison Counsel in Spring 2008. Each manufacturer has a unique prefix number that is contained in the VIN, thereby allowing a claimant using the VIN number to determine the manufacturer of the unit that he or she occupied. In addition, a claimant using the VIN number can also determine the identity of the manufacturer by accessing the link on the following internet page and inputting the VIN number:

http://www.nhtsa.dot.gov/cars/rules/manufacture/

For purposes of identifying the IA/TAC contractor, the claimant must search the Excel spreadsheet produced by the Government to Liaison Counsel in January 2009. That searchable spreadsheet lists each of the EHUs that the IA/TAC contractors installed by VIN number.

Further, claimants should be aware that the matching process identifies the VIN number of the EHU that FEMA issued to a disaster victim. FEMA does not retain information regarding the identity of persons who occupied or resided in an EHU. Generally, the reason why the Government is unable to provide a match for a claimant is because: (1) the personal data provided is inaccurate (incorrect name, FEMA identification number, social security number, address where unit was installed, dates of occupancy), or (2) the claimant occupied an EHU that had been issued to some other person. A claimant who is not matched should not submit a

5

second request for matching information without first interviewing their client to ensure that they submitted correct personal data and/or a unit was issued to the client, and consulting with PLC/PSC, and if necessary having PLC/PSC meet and confer with Government Counsel.

## VI.   DEFENDANT PROFILE FORMS

The PSC has proposed to Liaison and Government Counsel that a Defendant Profile Form be completed by all named defendants (i.e., manufacturers, contractors and FEMA). The PSC is preparing proposed Defendant Profile Forms for each category of defendants, and has circulated same to opposing counsel so that the parties may explore the possibility and potentially work towards reaching an agreement as to the contents of such a Form.

## VII.   BELLWETHER TRIALS

A. A total of five Bellwether cases are set for trial at this time. They are as follows:

1. *Lyndon Wright v. Forest River, Shaw and United States* is scheduled for March 15, 2010.

2. *Earline Castanel, et al v. Recreation by Design, LLC, Shaw and United States* is scheduled for May 17, 2010.

3. *McGraw v. Keystone RV, CH2MHill and the United States* is scheduled for July 19, 2010. Mr. McGraw has not filed suit against the United States, and the Court dismissed replacement Bellwether Plaintiff Paul Lastrapes' FTCA claims on July 24, 2009. See Order (Rec. Doc. 2323).

4. September 13, 2010, is the trial date for an additional bellwether trial against Gulf Stream, et al. Counsel for Gulf Stream submited a list of twenty (20) potential bellwether candidates to the PSC by November 30,

2009. The PSC will choose one candidate and notify the Court by December 30, 2009, now extended to January 20, 2010.

5. October 18, 2010, is the trial date for a bellwether trial involving a plaintiff who occupied a manufactured home. The parties will provide the Court with their nominees on March 1, 2010.

B. The PSC has filed amending complaints in one of the bellwether plaintiffs' cases in order to set forth allegations specific to the selected bellwether plaintiffs in these cases, and will file amending complaints for the remaining bellwether cases in the near future.

## VIII. SEVERANCE OF BELLWETHER PLAINTIFFS UNDER FRCP RULE 21

A. Defendants in all bellwether plaintiff cases request the Court sever the individual bellwether claims from their existing Petitions where necessary.

## IX. MASTER DISCOVERY

A. General Discovery

1. The Court has ordered PSC to provide to the United States the following information for up to 200 plaintiffs each month: (1) the claimant's full name, (2) claimant's FEMA identification number ("FEMA ID"), (3) the disaster at issue, i.e., Hurricane Katrina or Rita, (4) claimant's social security number, (5) the location where the trailer which claimant received was installed, and (6) a Privacy Act waiver. In response, the United States must produce within thirty (30) days a receipt of such a request a copy of the plaintiffs' FEMA Individual Assistance ("IA") File.

2. PSC has issued written discovery requesting that the United States identify the FEMA Identification Number for various persons. The United States is in the process of responding to PSC's request.

B. Insurance Discovery

Primarily through 30(b)(6) depositions, the PSC will conduct discovery of the defendants' relevant information concerning insurance coverage for the matters at issue in this litigation. The PSC contemplates that such discovery will proceed as a separate "Insurance Coverage Discovery Track" simultaneously with the General Discovery Track.

C. Discovery Other Bellwether Trials

1. **Forest River Bellwether Trial.** All parties have completed their inspection and destruction/component part testing of the travel trailer unit at issue in the Forest River Bellwether trial. All parties have issued their Rule 26 expert reports. PSC and the Defendants are in the process of completing discovery depositions. The parties have filed their initial and final witness and exhibit lists. Discovery is expected to be completed by the January 29, 2010 deadline.

2. **Recreation By Design, LLC Bellwether Trial.** Pursuant to the Court's Scheduling Order, Ms. Castanel was deposed for limited purposes relating to statute of limitations/prescription issues in December 2009. Plaintiffs and Defendants are currently in the process of inspecting and testing the travel trailer, and this is expected to be completed on or before Janaury 19, 2010. The parties have exchanged written discovery. Depositions of

8

various fact witnesses, treating doctors, and the parties are scheduled to take place over the next several weeks.

3. **Keystone Bellwether Trial.** On November 16, 2009, the Court has selected David McGraw as the Keystone Bellwether Plaintiff. In the event that Mr. McGraw's claims are dismissed prior to trial, the Court has also selected as replacement Bellwether Plaintiffs (1) Paul Lastrapes; (2) Kenneth Risch; and (3) Jonah Stevenson. The Court has entered a Scheduling Order requiring the parties to be prepared all four Plaintiffs actions for trial on July 15, 2010.

The United States has informed the parties and Court that the Government does not have the travel trailer that was occupied by Mr. McGraw, PSC has represented that they intend to use a statistical model to demonstrate that Mr. McGraw was exposed to excessive levels of formaldehyde. PSC has tested at least 5 Keystone travel trailers that are the same model as the unit occupied by Mr. McGraw, and conduct a detailed visual inspection of one of those units on January 14, 2010.

PSC has represented to Court, Liaison Counsel, and the Government that Paul Lastrapes intends to voluntarily dismiss his claims with prejudice, and will file a motion to dismiss upon receipt of written confirmation from Mr. Lastrapes.

The parties have exchanged written discovery and the United States has placed a litigation hold on the travel trailers occupied by Mr.

9

Lastrapes, Mr. Risch, and Mr. Stevenson. Inspection and testing of these trailers will take place in the next several weeks.

Mr. McGraw has not filed suit against the United States, and on July 24, 2009, the Court dismissed Mr. Lastrapes claims against the Government.

4. **Gulf Stream Coach, Inc. Trial.** The second Gulf Stream Bellwether Trial is scheduled for September 13, 2010. The Court has set December 30, 2009, as deadline for Gulf Steam Coach, Inc.'s nomination of 20 potential bellwether plaintiffs, and March 1, 2010, as deadline for PSC's selection of one or more of those twenty persons as the bellwether plaintiff. The parties envision that discovery will commence soon after the Court selects the bellwether plaintiff and a Scheduling Order is entered. FEMA has in its possession the EHUs occupied by nineteen of the twenty potential bellwether plaintiffs nominated by Gulf Stream Coach, Inc., and, pending the Plaintiffs' and Courts selection of the bellwether plaintiff(s) has placed a litigation hold on all nineteen units. Plaintiffs have experienced difficulty in obtaining from FEMA on a timely basis the disaster files for those claimants identified by Gulf Stream on its list of potential bellwether plaintiffs. Only with these disaster files does the PSC believe its in a position to make the appropriate selection of a bellwether plaintiff from the list, as previously directed by the Court. The PSC will be prepared to discuss this further with the Court, and with FEMA's counsel, at the status conference.

        The United States has complied with the Court's Order and produced responsive disaster files in a timely manner. Pursuant to the Court's Order the United States must produce a responsive disaster file within thirty-days of receipt of a plaintiffs' request and proffer of information FEMA requires to locate the responsive file. Consistent with the Court's Order, the United States has objected and has not produced disaster files for persons who have not filed suit or for persons who failed to comply with the Court's Order and provide the information required by FEMA to locate the responsive disaster file.

5.   **<u>Manufactured Housing Bellwether Trial.</u>** The Court has set March 1, 2010 as the deadline for the parties' nominations for bellwether plaintiff and defendant. The parties envision that discovery will commence soon after the Court selects the bellwether plaintiff and defendant and enters a Scheduling Order.

## X.   SUMMARY TRIALS

In Pretrial Order No. 47 (Doc. 6201) entered on 11/2/09, the Court appointed certain counsel to serve as members of a committee "tasked with developing rules and procedures for future summary trials in this MDL." This committee now has met on several occasions and has discussed various issues and approaches relevant to its task. The plaintiff and defendant interests on the committee also have exchanged specific, written proposals for potential Case Management Orders to govern future summary jury trials. The committee now is in the process of conforming these plaintiff and defendant versions of the potential Case Management Order,

11

with a view towards submitting to the Court by the deadline of January 22, 2010, the report called for in Pretrial Order No. 47.

Generally, Committee members agree that given applicable Eastern District of Louisiana Local Rules, the Court may not compel a party to participate in ADR SJTs, and that absent agreement of all parties participating in an ADR SJT proceeding, the proceeding and results constitutes confidential settlement negotiations. Further, the Committee as a general matter also agrees that any SJT should take no more than two-days.

## XI. SETTLEMENT CLAIMS AGAINST FLEETWOOD ENTERPRISES, INC.

Representatives for the Plaintiffs' Steering Committee ("PSC") and Fleetwood Enterprises, Inc. ("Fleetwood") and its liability insurers have reached a full and final settlement. It is agreed that all plaintiffs and related claimants will release and dismiss, with prejudice, any and all claims made against Fleetwood, its manufacturing plants or assembly facilities, Gibraltar Insurance Company, Ltd., Chartis Specialty Insurance Company (f/k/a American International Specialty Lines Insurance Company), Starr Excess Liability Insurance Company, Ltd. and any and all other Fleetwood insurers, and alleged insurers, including but not limited to American International Group, Inc. arising out of alleged formaldehyde exposure in emergency housing units manufactured by Fleetwood companies and provided by FEMA to individuals displaced by Hurricanes Katrina or Rita, to include all Fleetwood travel trailers, mobile homes, manufactured housing units and/or park models used as emergency housing units in this regard.

The claims to be released specifically include (a) any and all claims, suits or actions against Fleetwood currently or to be filed in or transferred into the case of *In Re: FEMA Trailer Formaldehyde Product Liability Litigation*, MDL No. 1873, before the United States District Court, E.D. Louisiana ("MDL"), as well as any and all other claims, causes of actions and

lawsuits against Fleetwood arising out of the travel trailer, mobile home, manufactured housing units and/or park models used as emergency or FEMA housing or arising out of related claims of formaldehyde exposure, which have not been transferred to the MDL, including those which are subject to the automatic stay order entered in Fleetwood's bankruptcy proceedings; (b) any and all claims, suits or actions filed against Fleetwood's insurers under the Louisiana Direct Action Statute ("Direct Action Cases") or similar statute, and either currently pending in the MDL or to be filed in or transferred to MDL, as well as any and all other Direct Action Cases arising out of the FEMA/Formaldehyde Travel Trailer use as emergency housing, filed or to be filed within the prescription period against Fleetwood's insurers, which have not been transferred to the MDL; (c) all claims filed in the federal bankruptcy proceedings entitled *In Re: Fleetwood Enterprises, Inc., et al*, Case No. 09-14254-MJ, pending in the U.S. Bankruptcy Court, Central District of California, Riverside Division; and (d) the claims asserted in the case of *Elisha Dubuclet, et al v. Fleetwood Enterprises, Inc.*, USDC No. 07-9228. The Fleetwood manufacturing subsidiaries include but are not limited to Fleetwood Canada, Ltd., Fleetwood Homes of North Carolina, Inc., Fleetwood Homes of Georgia, Inc. and Fleetwood Travel Trailers of Maryland, Inc.

The parties agree that for the settlement to be effective they must execute the necessary settlement documents, including releases and dismissals in a form to be acceptable to representatives of Fleetwood Enterprises, Inc. and its liability insurers in their sole respective discretion. The parties have also agreed to keep the terms, conditions and amount of consideration confidential. It is understood and agreed that the finalization of the settlement is predicated upon Bankruptcy Court approval in the above-referenced bankruptcy proceedings in California. Each plaintiff must have filed an individual Proof of Claim in the Bankruptcy Court before the claims bar date of August 28, 2009 in order for that plaintiff to participate in the

settlement agreement. Further, each plaintiff of a direct action claim against any of the aforementioned insurers must have filed same by December 28, 2009.

As part of the settlement agreement, plaintiffs and claimants also will dismiss any and all claims against Morgan Buildings and Spas, Inc. ("Morgan") which are filed and pending in the MDL, and which may be filed in or transferred to the MDL as well as any and all other claims, causes of actions, direct actions and lawsuits against Morgan arising out of travel trailer, mobile home, manufactured housing, and/or park model used as emergency/FEMA housing or arising out of related claims of formaldehyde exposure, which have not been transferred to the MDL, to the extent such claims assert fault on the part of Morgan which is purely vicarious as to, and derivative of, the fault of Fleetwood. However, the claims of plaintiffs against Morgan which are based upon Morgan's independent fault (under the Louisiana Product Liability Act, theories of negligence, etc.) are not released and are fully preserved.

Fleetwood and its insurers have agreed to deposit the global settlement funds in an escrow account within 21 days of the approval of the settlement by the Bankruptcy Court. Thereafter, all claimants included in the settlement will participate in a binding process for the allocation of the net settlement proceeds, with the authority to assure a fair and objective allocation being vested in an independent tribunal (the Bankruptcy Court and/or a Magistrate or Special Master appointed in the MDL). Certain motion practice and factual findings may become necessary in this process in order to address and satisfy recent legal requirements related to Medicare reimbursement.

XII. **MISCELLANEOUS**

    A.    The United States has filed a Notice of the Government's Disposal of Temporary Emergency Housing Units (Rec. Doc. 10172). The General Service Administration ("GSA") is auctioning thirteen lots of temporary emergency housing units, consisting of more than 95,000 units. The sale of those units will close on January 15, 2010. Information regarding that sale, the identity of the EHUs being offered for sale, and terms and conditions of the sale is available on the GSA's website. *See* http://gsaauctions.gov/gsaauctions/gsaauctions.

    B.    All persons seeking to access a FEMA Storage Facility to inspect and/or test an EHU must coordinate such a visit through their Liaison Counsel. Prior to being allowed onto a FEMA facility, any person attempting to inspected and/or test an EHU must completed and provide to the Government a signed/dated Indemnity/Hold Harmless Agreement. Further, any such persons must review the Inspection/Testing Protocol, and, by signing the Indemnity/Hold Harmless Agreement, agree to comply with terms and conditions set forth therein. It is imperative that persons accessing the FEMA Storage Facility be familiar with and comply with the terms and conditions in the Inspection/Testing Protocol because failure to do so may result in confiscation of equipment and/or removal from the facility.

    C.    Pursuant to the Court's Pre Trial Order No. 36 (Doc No. 1386) and its Order of August 19, 2009 (DOC No. 2760), the PSC filed its Third Supplemental and Fourth Administrative Master Complaints . The Court has extended the deadline for filing a response.

D.  Based upon a facial review of various retainer agreements between Plaintiffs and Plaintiffs' counsel that have been attached to administrative claims presented to FEMA in connection with this matter, the United States has become aware that a number of Plaintiffs' counsel could potentially prove to be in violation of 28 U.S.C. § 2678 ("Attorney fees; penalty"). Counsel should be aware that under this provision of the Federal Tort Claims Act ("FTCA"):

No attorney shall charge, demand, receive, or collect for services rendered, fees in excess of 25 per centum of any judgment rendered pursuant to section 1364 (b) of this title or any settlement made pursuant to section 2677 of this title, or in excess of 20 per centum of any award, compromise, or settlement made pursuant to section 2672 of this title.

As such, Plaintiffs' counsel should be aware, that if a plaintiff were to succeed in attaining a judgment against the United States pursuant to the FTCA, any counsel who "charges, demands, receives, or collects" a fee in excess of 25 percent "in connection with such claim" could be "fined not more than $2,000 or imprisoned not more than one year, or both." 28 U.S.C. § 2678.

XIII.  **MATTERS LIAISON COUNSEL, STEERING COMMITTEE MEMBERS OF GOVERNEMNT COUNSEL INTEND TO DISCUSS WITH COURT DURING THE CHAMBERS CONFERENCE.**

A. Enforcement of requirement that parties seeking extension of substantive deadlines confer with Liaison and Government Counsel prior to filing ExParte/Consent Motions.

B. Whether entry of a *Lone Pine* type Order at this time would promote the effective administration and facilitate the timely and prompt resolution of this Multi-District Litigation action.

BY: s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:   504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:   504/528-9973
jwoods@gainsben.com

s/Andrew D. Weinstock
ANDREW D. WEINSTOCK, #18495
**DEFENDANTS' LIAISON COUNSEL**
Duplass, Zwain, Bourgeois,
Pfister & Weinstock
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
Telephone:   504/832-3700
Facsimile:   504/837-3119
andreww@duplass.com

s/ Henry T. Miller
HENRY T. MILLER
ADAM BAIN
Senior Trial Counsel
ADAM M. DINNELL
MICHELE GREIF
JONATHAN WALDRON
Trial Attorneys
**ATTORNEYS FOR THE UNITED STATES OF AMERICA**
United States Department of Justice
Civil Division - Torts Branch
1331 Penn. Ave., NW, Rm. 8203-N
Washington, D.C. 20004
Telephone:   202/616-4449
Henry.Miller@usdoj.gov
Adam.Dinnell@usdoj.gov
Jonathan.Waldron@usdoj.gov

s/David Kurtz
DAVID KURTZ
**CONTRACTOR LIAISON COUNSEL**
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
201 St. Charles Ave., Ste. 3600
New Orleans, LA 70170
Telephone:  566-5259
Facsimile: 636-5259
dkurtz@bakerdonelson.com