UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                        MDL NO. 07-1873
        FORMALDEHYDE PRODUCTS
        LIABILITY LITIGATION
                                                                                                            SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-2977

## ORDER AND REASONS

Before the Court is the Defendant United States of America's Motion to Dismiss Plaintiff Lyndon Wright's FTCA Claims for Lack of Subject Matter Jurisdiction (Rec. Doc. 7368). After considering the memoranda of the parties and the applicable law, the Court grants this motion.

**A.**     **BACKGROUND**

In this multi-district litigation ("the MDL"), referred to as "In Re: FEMA Trailer Formldehyde Products Liability Litigation," Plaintiffs are individuals who resided in emergency housing units ("EHUs") provided by the Federal Emergency Management Agency ("FEMA") after Hurricanes Katrina and Rita. In general, Plaintiffs claim injuries resulting from alleged exposure to the release of formaldehyde and/or formaldehyde vapors in these EHUs. (Rec. Doc. 109,¶ 30).After completing the class certification phase and conducting substantial discovery, the parties have now moved into the bellwether trial phase. This particular motion relates to the Forest River bellwether trial.

Bellwether plaintiff, Lyndon Wright, first moved into his EHU in March of 2006. (Exhibit 1 to Rec. Doc. 7368, pp. 8-9; Exhibit 2 Rec. Doc. 7368, pp. 8-9; Exhibit 3 to Rec. Doc. 7368, pp. 8-9; Exhibit 4 to Rec. Doc. 7368, pp. 298-299, 346-348). Before moving into the EHU, Wright was not sick, and upon moving into the trailer he started having "blood that comes out of my sinuses." (Exhibit. 4 to Rec. Doc. 7368, p. 307). Additionally, Wright testified that in March 2006, his "allergies worsened," and he experienced "irritation, coughing, sneezing, and eyes red." (Exhibit 1 to Rec. Doc. 7368, pp. 3-4; Exhibit 2 Rec. Doc. 7368, pp. 3-4; Exhibit 3 to Rec. Doc. 7368, pp. 3-4; Exhibit 4 to Rec. Doc. 7368, p. 293). Wright has also testified that, at the time, he "thought [the EHU] was making [him] sick," and, he further testified that in April 2006, he told his mother that "I think this trailer has made me sick," "I think this trailer is making me sick." (Exhibit 4 to Rec. Doc. 7368, pp. 135, 169-171, 295, 328).

In July of 2008, Wright moved out of the EHU. (Exhibit 1 to Rec. Doc. 7368, pp. 8-9; Exhibit 2 Rec. Doc. 7368, pp. 8-9; Exhibit 3 to Rec. Doc. 7368, pp. 8-9). On February 19, 2009, Wright completed a Fact Sheet. (Exhibit 1 to Rec. Doc. 7368). On March 2, 2009, Wright filed suit against the United States. (See member case no. 09-2977, Rec. Doc. 1). On March 20, 2009, FEMA received Wright's administrative claim via United Parcel Service ("UPS"). (Exhibits 5-9 to Rec. Doc. 7368). Notably, Wright's administrative claim is signed and dated *April 2, 2008*. (Exhibit 5 and 10 to Rec. Doc. 7368).

The Government has now filed the instant motion to dismiss, arguing that this Court lacks subject matter jurisdiction over Wright's Federal Tort Claims Act ("FTCA") claims because: (1) he filed suit on April 2, 2009, prior to exhausting his administrative remedy, in violation of 28 U.S.C. § 2674(a), and (2) his claim accrued on or about March 2006, and he presented his administrative

2

claim to the FEMA on March 20, 2009, well beyond the FTCA's requirement that a claim be filed within two-years of its accrual, pursuant to 28 U.S.C. § 2401(b).

**B.     LAW AND ANALYSIS**

   **1.     Standard of Review**

Rule 12(b)(1) of the Federal Rules of Civil Procedure governs challenges to a court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir.1996)). "Courts may dismiss for lack of subject matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir.1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981)). In the context of the FTCA's statute of limitations, Plaintiffs, who are asserting jurisdiction, bear the burden of demonstrating that subject matter jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).[1]

---

[1] The FTCA's statute of limitations is a jurisdictional issue. The Fifth Circuit had stated in *Perez v. United States*, 167 F.3d 913, 915-16 (5th Cir. 1999), that the jurisdictional nature of 28 U.S.C. § 2401(b) was an open question due to the possible application of equitable tolling to the FTCA's statute of limitations. However, as the Government notes, since the *Perez* decision was rendered, the Supreme Court's decision in *John R. Sand & Gravel Co. v. United States*, 128 S.Ct. 750, 753 (2008), wherein it held that a similar limitations provision in the Tucker Act (28 U.S.C. § 2501) was jurisdictional, likely answers the question regarding whether the FTCA's limitations provision is jurisdictional in nature. See *Marley v. United States*, 567 F.3d 1030, 1034-37 (9th Cir. 2009). For the purposes of this motion, this Court assumes it is jurisdictional, and as such, determines this issue now as a threshold issue ripe for decision, before reaching the merits of this case. See *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 118 S. Ct. 1003, 140 L.Ed.2d 210 (1998).

3

## 2. Applicable FTCA Provisions and Case Law

The FTCA is a limited waiver of the sovereign immunity of the United States. *United States v. Kubrick*, 444 U.S. 111, 117-18, 100 S.Ct. 352, 356-57, 62 L.Ed.2d 259 (1979). Subject to some exceptions, the United States is liable in tort for certain damages caused by the negligence of any employee of the Government "if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b); see *Johnson v. Sawyer*, 47 F.3d 716, 727 (5th Cir.1995) (en banc).

While the FTCA contains a waiver of sovereign immunity, a plaintiff cannot avail himself of that immunity without first exhausting administrative remedies pursuant to 28 U.S.C. § 2675(a) of the FTCA. The FTCA states that "[a]n action shall not be instituted" unless a plaintiff has filed an administrative claim and either obtained a written denial or waited six months. *Price v. United States*, 69 F.3d 46, 54 (5th Cir.1995) (emphasis added) (quoting 28 U.S.C. § 2675(a)). In *McNeil v. United States*, 508 U .S. 106, 112, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993), the Supreme Court held that failure to completely exhaust administrative remedies prior to filing an FTCA claim is a jurisdictional defect that cannot be cured by administrative exhaustion after suit is filed. The *McNeil* Court reached this conclusion even though the plaintiff was a prisoner who was proceeding pro se and the dismissal of his complaint left him with no recourse against the United States given that his six month window of opportunity to file a new FTCA claim had already lapsed. Citing the *McNeil* decision, the Fifth Circuit has concluded that a prematurely-filed FTCA claim "cannot become timely by the passage of time after the complaint is filed," *Price*, 69 F.3d 54 (citing *McNeil*, 508 U.S. at 106), and a court has no authority to equitably expand its jurisdiction beyond the limits established by

Congress. *Ramming*, 281 F.3d at165 (citing *Houston v. United States Postal Serv.*, 823 F.2d 896, 902 (5th Cir.1987)).

Further, while substantive state law determines whether a cause of action exists, federal law determines when that claim accrues. *Quinton v. United States*, 304 F.2d 234, 235 (5th Cir.1962). A two-year statute of limitations from the accrual date applies for FTCA claims. 28 U.S.C. § 2401(b). Indeed, "a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues. . . " 28 U.S.C. § 2401(b). However, as noted by the Fifth Circuit in *Johnston v. U.S.*, 85 F.3d 217, 219 (5th Cir. 1996), the FTCA fails to explain when a cause of action "accrues." The general rule, however, is that a cause of action accrues at the time of a plaintiff's injury. *Kubrick*, 444 U.S. at 120.

3. **Analysis**

    (a) **Exhaustion**

Wright argues that his Complaint, which was filed on March 3, 2009, was not premature because he signed a Standard Form 95 ("Form 95") on April 2, 2008, which he claims was "mailed to FEMA as required by law." (Rec. Doc. 8670, p. 2). This argument is without merit because, as the Government points out, the date FEMA *received* Wright's administrative claim, March 20, 2009, is the date relevant to determining whether he exhausted his administrative remedy before filing suit – not the date on which he *signed* his administrative claim form. Indeed, an FTCA administrative claim is deemed presented only upon receipt by the Federal agency. The Attorney General's regulations governing tort claims provide, "a claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . written

notification of an incident . . . . " 28 C.F.R. §14.2(a). These regulations further state that "[a] claim shall be presented as required by [the FTCA] as of the date it is received by the appropriate agency." 28 C.F.R. §14.2(b)(1). Moreover, in *Bailes v. United States*, 988 F.2d 1209, 1993 WL 82030 (5th Cir. 1993), the Fifth Circuit affirmed the dismissal of an FTCA claim because the plaintiff failed to establish that the appropriate federal agency received his claim.

Thus, by law, Wright was required to wait six months from March 20, 2009, before filing suit. The evidence shows that FEMA received Wright's claim on March 20, 2009, eighteen days *after* Wright filed this suit.[2] *(*Rec. Doc. 7368-3, ¶¶ 5-8; Exhibits 5 - 9 to Rec. Doc. 7368). Because Wright commenced this action on March 2, 2009 (several days *before* FEMA received his administrative claim), it is premature. *See McNeil*, 508 U.S. at 112-13; *Price*, 69 F.3d at 54; *Ramming,* 281 F.3d at 165; *Houston*, 823 F.2d at 902; *Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981). Thus, the Court lacks jurisdiction over this action. *See* 28 U.S.C. 2675(a), *McNeil*, 508 U.S. at 112-13.

To be absolutely clear, in the event that Wright were to file a timely amended complaint alleging FTCA claims against the Government, the Court will also address the secondary argument regarding accrual.

### (b) Accrual

While the Government argues that Wright's claim accrued no later than March 2006,

---

[2] This Court concludes that Plaintiff's contention that his Form 95 was "mailed to FEMA as required by law" fails to satisfy his burden of showing that he exhausted his administrative remedy prior to filing suit. While Plaintiff's argument is allegedly supported by a declaration, purportedly issued by Plaintiff's Counsel's assistant Greg Warren (Rec. Doc. 8670, p. 2), Plaintiff failed to file with the Court this affidavit affidavit, even after the Government informed Plaintiffs' Counsel of this deficiency. (Exhibit A to Rec. Doc. 9312). Further, this Court agrees with the Government that, even with this alleged affidavit, the testimony that Wright's Form 95 "was mailed to FEMA as required by law," fails to establish the exhaustion of his administrative remedy. Indeed, as this Court has noted, the issue is not whether Wright's Form 95 was sent to FEMA, the pertinent date is the date that it received.

when he associated numerous symptoms he was experiencing with his EHU, Plaintiff contends that Wright's claim did not accrue until April 2008, when a representative from Plaintiffs' Counsel's office visited his EHU and "spoke to him extensively about formaldehyde and its potential health risk in EHUs. (Rec. Doc. 8670, p. 2). This Court has previously addressed and rejected a similar argument in its Order and Reasons dismissing Christopher Cooper's FTCA claims. (Rec. Doc. 2789). In that Order and Reasons (Rec. Doc. 2789), the Court ruled that the minor plaintiff's FTCA claim accrued when his mother first associated his symptoms to the EHU, even though at the time she was unaware that there was formaldehyde in the trailer.

The Supreme Court in *Kubrick* made clear that a plaintiff need not know the precise agent causing the injury for a claim to accrue. Indeed, a plaintiff need only have sufficient information regarding injury and causation that would lead a reasonable person to inquire further into the facts to determine the specific cause of the injury:

> We thus cannot hold that Congress intended that "accrual" of a claim must await awareness by the plaintiff that his injury was negligently inflicted. A plaintiff . . . armed with the facts about the harm done to him, can protect himself by seeking advice in the medical and legal community. To excuse him from promptly doing so by postponing the accrual of his claim would undermine the purpose of the limitations statute, which is to require the reasonably diligent presentation of tort claims against the Government.

444 U.S. at 123. Here, the FTCA's two-year statute of limitations for Wright's claims against the Government began to run when he first associated his symptoms to conditions in the EHU in March 2006. (Rec. Doc. 7368-3, ¶¶ 1-4 ; Exhibit 1 to Rec. Doc. 7368, pp. 3-5; Exhibit 2 to Rec. Doc. 7368, pp. 3-5; Exhibit 3 to Rec. Doc. 7368, pp. 3-5; Exhibit 4 to Rec. Doc. 7368, p. 293). One month after moving into the EHU, in April 2006, Wright reported to his mother, "I think this trailer has made me sick," "I think this trailer is making me sick." (Exhibit 4 to Rec. Doc.

7

7368, pp. 135, 169-171, 295, 328). Yet, Wright waited until much later to file an administrative claim and file suit.

Even though Wright did not immediately know of the exact cause of his physical symptoms, he was aware that they either began or worsened when he initially took up residence in the EHU. The Court concludes that this was sufficient information regarding injury and causation that would lead a reasonable person to inquire further in the facts to determine the specific cause of the injury.[3] Because accrual for the FTCA's statute of limitations hinges on notice, it is unnecessary for the plaintiff to be aware, or have suffered, the full extent of his injuries for the limitations period to begin to run. See *Beech v. United States*, 345 F.2d 872, 874 (5th Cir. 1965) (finding that, under the FTCA, where "some damage is discernible at the time, the two-year statute of limitations begins to run, even though the ultimate damage is unknown or unpredictable").

Last, the Court notes that as opposed to the assertion of a prescriptive statute, which must be strictly construed against prescription, *Landry v. Blaise, Inc.*, 774 So.2d 187, 190 (La. App. 4th Cir.), *writ denied*, 776 So.2d (La.2000), the FTCA's statute of limitations is jurisdictional, and as such, courts must strictly construe the statute so as to avoid extending it beyond the limited waiver that Congress intended. See *Kubrick* 444 U.S. at 117-18. Here, the Court has strictly construed the FTCA's statute of limitations as to Wright's claims against the Government so as to avoid extending the FTCA beyond the limited waiver that Congress

---

[3] Wright claims that he complained to unidentified maintenance people about an odor in the EHU; however, he asserts that the individuals did nothing about his complaints. To the extent that Wright is arguing that the limitations period was tolled based upon these unanswered complaints (i.e.,equitable tolling), the Court notes that the FTCA's statute of limitations is jurisdictional; thus, it is not subject to equitable tolling. See *John R. Sand & Gravel Co.*, 128 S.Ct. at 753 (interpreting a similar limitations provision in 28 U.S.C. § 2501); *Marley*, 567 F.3d at 1035-36 (interpreting the limitations provision in the FTCA).

intended and so as to encourage the prompt presentations of claims against the Government.

**C.      CONCLUSION**

Considering the foregoing, **IT IS ORDERED** the **Defendant United States of America's Motion to Dismiss Plaintiff Lyndon Wright's FTCA Claims for Lack of Subject Matter Jurisdiction (Rec. Doc. 7368)** is **GRANTED**.  Thus, the claims of Plaintiff Lyndon Wright against Defendant United States of America are hereby **DISMISSED**.

New Orleans, Louisiana, this 21st day of January 2010.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**