UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY | * | |
| LITIGATION | * | |
| | * | JUDGE: ENGELHARDT |
| This Document Relates to: | * | |
| *Donald Veal, et al v. Gulf Stream Coach,* | * | |
| *Inc., et al*; Docket No. 09-7715 | * | |
| | * | MAG: CHASEZ |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### JOINDER IN REMOVAL

**NOW INTO COURT,** through undersigned counsel, comes defendant, Gulf Stream Coach, Inc., ("Gulf Stream") and, with a full reservation of rights, seeks to join in co-defendant, Shaw Environmental, Inc.'s Removal of this matter to this Federal District Court. Furthermore, defendant, Gulf Stream Coach, Inc. avers that this matter is hereby removed to this Court on the following independent grounds:

1.

On October 14, 2009, Plaintiff, through attorney J. Rock Palermo, III of the firm Veron, Bice, Palmero, & Wilson, L.L.C., filed the Petition for Damages in this action, entitled *"Donald Veal and Ernestine Veal versus Gulf Stream Coach, Inc. and Shaw Environmental, Inc."* and bearing Docket Number 679-070, Division "D" (the "Petition"), in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

1

2.

For purposes of allotment, this Petition arises solely from operative facts that are the subject of multidistrict litigation ongoing in the U.S. District Court for the Eastern District of Louisiana, entitled *In re: FEMA Trailer Formaldehyde Products Liability Litigation* and bearing MDL docket number 07-1873, which matter is pending before Judge Engelhardt, Section N(5) *[In re: FEMA Trailer Formaldehyde Products Liability Litigation,* MDL No. 07-MD-01873-KDE-ALC (E.D. La.).

3.

Gulf Stream received notice of this suit through certified mail and attached Summons from the Federal Eastern District of Louisiana on December 24, 2009. A copy of the Petition and the orders served upon Gulf Stream is attached hereto as Exhibit "A" in accordance with 28 U.S.C. § 1446(a).

4.

Upon information and belief, Shaw Environmental, Inc., was served with the Petition prior to service on Gulf Stream. However, the right of removal under 28 U.S.C. 1442(a)(1) is absolute. Willingham v. Morgan, 89 S.Ct. 1813, 395 U.S. 402 (1969) *on remand* 424 F.2d 200. The thirty-day period in which removal must be filed does not begin to run until the defendant entitled to remove under 28 U.S.C. 1442 has notice of sufficient facts presented by the plaintiff which entitles the defendant to federal office removal. Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1255 (9 Cir. 2006). The fact that an earlier served defendant may have failed to timely remove the matter is immaterial under 28 U.S.C. 1442. Alsup v. 3-Day Blinds, Inc., 435 F.Supp.2d. 838, 843 (S.D. Ill. 2006); Plourde v. Ferguson, 519 F.Supp. 14, 16 (D. Md. 1980). The earliest possible notice of its potential federal officer right of removal as it relates to the added plaintiffs was the day the summons and petition was delivered to Gulf Stream – December

24, 2009. Thus, under federal jurisprudential law, this removal is timely.

5.

28 U.S.C. 1442 grants an exception to the general rule that all defendants must consent to removal. <u>Akin v. Ashland Chemical Company,</u> 156 F.3d 1030 (10 Cir. 1998) <u>certiorari denied</u> 119 S.Ct. 1756, 526 U.S. 1112; <u>Fowler v. Southern Bell Tel. & Tel. Co.,</u> 343 F. 2d 150, 152 (5 Cir. 1965) ("it is settled that the filing of a petition for removal by a single federal officer removes the entire case to the federal court."); <u>Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co.,</u> 644 F. 2d 1310, 1315 (9 Cir. 1981) ("Since the federal officer is the only one entitled to remove under § 1442, he alone can remove without other defendants joining in the petition, and the entire case is removed to the federal court."). Thus, this Notice of Removal of the case to the United States District Court is timely filed and in proper form.

6.

Three requirements must be met to invoke the federal officer removal statute: (1) the defendant must be a "person" within the meaning of §1442(a)(1); (2) the defendant must have acted under color of federal authority when committing the acts that allegedly caused plaintiffs' injuries; and (3) the defendant must have a colorable federal defense. <u>Williams v. Todd Shipyards Co.,</u> 154 F.3d 416, 1998 WL 526612, *2 (5th Cir. 1998) (citing <u>Mesa v. California,</u> 489 U.S. 121, 129, 131, 109 S.Ct. 959, 103 L.Ed.2d 99 (1989))</u>. All three requirements exist in this instance. <u>See, e.g., Isaacson v. DOW Chemical Co.,</u> 517 F.3d 129 (2d Cir. 2008) (finding removal proper under Section 1442(a)(1) where the defendant was a government contractor and its colorable federal defense was based upon the government contractor defense); <u>Miller v. Diamond Shamrock Chemical Co.,</u> 275 F.3d 414 (5th Cir. 2001) (same); <u>Winters v. Diamond Shamrock Chemical Co.,</u> 149 F.3d 387, 397-401 (5th Cir. 1998) (same); <u>Williams v. Todd</u>

3

*Shipyards Corp.,* 154 F.3d 416, 1998 WL 526612 (5th Cir. 1998) (same).

7.

Gulf Stream qualifies as a "person" under Section 1442(a)(1). *See Winters v. Diamond Shamrock Chemical Company,* 149 So. 2d 387, 398 (5th Cir. 1998) (examining the federal officer removal statute and explaining that "corporate entities qualify as 'persons' under § 1442(a)(1)") (citation omitted).

8.

Gulf Stream was acting under color of federal authority when it is alleged to have performed the work that resulted in plaintiffs' alleged injuries. Indeed, plaintiff's allegations against Gulf Stream arise out of Gulf Stream's contractual engagement by FEMA to "sell temporary housing units for provision to the Plaintiff as temporary housing following Hurricane Katrina." *See* Petition ¶ IV. The Plaintiff further alleges that "those units which were manufactured prior to the hurricane and those later manufactured and purchased by FEMA, deviated from the Government specifications pertaining to the safety of the unit as a residence." *See* Petition ¶ VI and VII. Additionally, Plaintiff alleges that the housing units manufactured by Gulf Stream "contained dangerous levels of formaldehyde … and posed the threat of producing dangerous levels of formaldehyde due to the Federal Government's intended use of the housing units as temporary residences for at least 18 months ..." *See* Petition ¶ VIII. If Gulf Stream performed the manufacture, sale, transportation, installation, inspection, maintenance and/or repair of the FEMA trailers involved in this litigation (the "Work"), then the Work, as alleged by Plaintiff, was performed pursuant to a federal contract between FEMA and Gulf Stream (the "Contract"), and Gulf Stream was acting under color of federal authority when performing under the Contract.

9.

Specifically, as terms of the grant of the Contract, FEMA approved and provided reasonably precise specifications regarding the manufacture of travel trailers. *See* Document HFSE04-04-Q-8000 attached here as Exhibit "B." Further, Gulf Stream performed this government work under FEMA's supervision and FEMA inspectors monitored and inspected the Work performed under the Contract. Moreover, FEMA maintained enforcement authority and substantively reviewed the Work performed by Gulf Stream.

10.

As a government contractor involved in the Hurricane Katrina disaster assistance provided by FEMA, Gulf Stream has available to it the government contractor defense.[1] *See In re World Trade Center Disaster Site Litigation,* 521 F.3d 169, 197 (2d Cir. 2008) (applying the government contractor defense to "the disaster relief context due to the unique federal interest in coordinating federal disaster assistance and streamlining the management of large-scale disaster recovery projects, as evidenced by the Stafford Act.").

---

[1] For purposes of removal, Gulf Stream Coach, Inc. is not required to prove success on its defense. *Mesa,* 489 U.S. at 133; *Magnin v. Teledyne Continental Motors,* 91 F.3d 1424, 1427 (11th Cir. 1996) ("defense need only be plausible; its ultimate validity is not to be determined at the time of removal."); *Jamison v. Wiley,* 14 F.3d 222, 238 (4th Cir. 1994) ("defendant need not prove that he will actually prevail on his federal immunity defense in order to obtain removal"). Rather, Gulf Stream is only required to show a causal connection between the plaintiffs' claims and Gulf Stream's performance as a federal contractor; Gulf Stream has done so. *See Williams v. Todd Shipyards Co.,* 154 F.3d 416, 1998 WL 526612, *6 (5th Cir. 1998).

**WHEREFORE,** defendant, Gulf Stream Coach, Inc. prays that this matter be removed to the United States District Court for the Eastern District of Louisiana for further proceedings and disposition.

Respectfully submitted:

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

a/Andrew D. Weinstock

_____
**ANDREW D. WEINSTOCK (#18495)
JOSEPH G. GLASS (#25397)**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON**
Timothy D. Scandurro #18424
Dewey M. Scandurro #23291
607 St. Charles Avenue
New Orleans, LA 70130
Telephone: (504) 522-7100
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 21st day of January, 2010, a copy of the foregoing Joinder in Removal was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

        s/Andrew D. Weinstock
    _____
      ANDREW D. WEINSTOCK #18495
       andreww@duplass.com