UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION "N" (5)<br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |
| THIS DOCUMENT RELATES TO:<br>ALL CASES ("Alabama Plaintiffs") | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT UNITED STATES' STATEMENT OF FACTS IN SUPPORT OF ITS
MOTION TO DISMISS THE FTCA CLAIMS OF ALL "ALABAMA PLAINTIFFS"
FOR LACK OF SUBJECT-MATTER JURISDICTION BASED UPON NO
ANALOGOUS PRIVATE LIABILITY**

Defendant, the United States of America, hereby submits the following statement of facts in support of its motion to dismiss "Alabama Plaintiffs'" Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346(b)(1), 2671-80, claims for lack of subject-matter jurisdiction based upon no analogous private liability.

**STATEMENT OF FACTS**

1.    On August 29, 2005, Hurricane Katrina devastated the Gulf Coast of the United States including portions of the state of Alabama. On August 28, 2005, the Governor of Alabama declared an official state of emergency in Alabama due to the imminent threat posed by the storm. U.S. Ex. 1 (Riley Press Release, August 28, 2005). The Governor also requested that the President of the United States issue an expedited major disaster declaration for the portions of Alabama likely to be most affected by the storm. *Id.* On August 29, 2005, the day Hurricane Katrina made landfall, the President issued a declaration of a major disaster for the State of Alabama (Disaster Number 1605) based upon the extensive and severe damage caused by Hurricane Katrina. U.S. Ex. 2 (Riley Press Release, August 29, 2005); U.S. Ex. 3 (FEMA: Alabama State Disaster History); U.S. Ex. 8 (Fed. Reg. Notice).

2.       As proclaimed by the Governor of Alabama, a State of Emergency was declared to exist in the State of Alabama as a result of the devastation inflicted upon the state by Hurricane Katrina. This included "the complete devastation of areas within . . . Alabama." U.S. Ex. 4 (Proclamation by the Governor of Alabama).

3.       The Federal Emergency Management Agency (FEMA) continues to consider Hurricane Katrina an active disaster in the state of Alabama. U.S. Ex. 3 (listing the major disaster declaration issued for Alabama in response to Hurricane Katrina as an "active" major disaster declaration (Disaster Number 1605)). The active disaster conditions caused by Hurricane Katrina remained for months and years in Alabama following the landfall of Hurricane Katrina – particularly as they relate to housing shortages and the potential for mass homelessness.

4.       Under the Stafford Act, 42 U.S.C. § 5121, *et seq.*, the President "may declare . . . that a major disaster or emergency exists," thus allowing FEMA to exercise its discretion to make assistance available. The Executive, through FEMA, retains full discretion to determine and designate both the types of assistance that will be made available and who will be eligible for such assistance. 42 U.S.C. § 5170(b) ("Federal agencies may on the direction of the President, provide assistance . . . [including] . . . (B) search and rescue, emergency medical care, emergency mass care, emergency shelter . . . "). This assistance may be provided for as long as it is "essential to meeting immediate threats to life and property resulting from a major disaster." *Id*. In addition, the Stafford Act allows, but does not mandate, that the Executive "**may provide** financial or other assistance . . . to respond to the disaster-related housing needs of individuals and households who are displaced from their predisaster primary residences or whose predisaster primary residences are rendered uninhabitable . . . as a result of damage caused by a major disaster." 42 U.S.C. § 5174(b)(1) (emphasis added). Pursuant to this Government authority, FEMA is allowed, but not required, to provide shelter to disaster victims on the Government's behalf. *See* 42 U.S.C. § 5174(c)(1)(B)(i). The Stafford Act provides that FEMA "**may** provide temporary housing units,

acquired by purchase or lease, directly to individuals or households" (emphasis added). 42 U.S.C. § 5174(c)(1)(B)(i).

     5.     The Government chose to provide shelter in the form of emergency housing units to the Alabama victims of Hurricane Katrina. In doing so, the Government allowed these persons to use Government property for shelter during the disaster conditions caused by Hurricane Katrina.

     6.     When FEMA provided a rent-free emergency housing unit to an Alabama victim of Hurricane Katrina, the occupant would sign an "Emergency Shelter - Agreement to Rules of Occupancy." *See* U.S. Ex 5 (Agr. to Rules of Occ.). The document required the disaster victim occupying the unit (as the person who was being provided the "Shelter Unit") to "acknowledge and understand that FEMA is providing this unit as a temporary shelter . . . and I am not able to live in my residence due to this event." *Id.* It also specified that the shelter was being provided as part of "shelter operations" specifically because of "a major disaster or emergency." *Id*. In addition, the signed agreement specifically required the disaster victim to "accept other housing options, when they become available." *Id*.

     7.     FEMA's provision of emergency shelter for the victims of Hurricane Katrina was set to officially conclude on May 1, 2009. U.S. Ex. 6 (FNF-09-009). The Government exercised its discretion through FEMA and voluntarily provided direct housing assistance to the victims of Hurricane Katrina for up to forty-four (44) months. *Id.* The Government-owned emergency housing units, by their very nature, were only made available to victims displaced by the storms because of the "major disaster or emergency" and only continued to be made available based upon a finding that they were necessary to respond to the immediate disaster conditions left in the wake of Hurricane Katrina. *See supra* at ¶6.

     8.     David Garratt, the Acting Deputy Administrator of FEMA, has testified that the Government-owned housing units provided after Hurricane Katrina were "provided at absolutely no cost to the disaster victims . . . Nothing came out of their pockets in terms of the requirements for this. They paid no out-of-pocket costs for this." U.S. Ex. 7 (Garratt Depo.) at 36:12-13, 37:11-13.

| | |
|---|---|
| Dated:   January 24, 2010 | Respectfully Submitted, |
| TONY WEST<br>Assistant Attorney General, Civil Division | HENRY T. MILLER<br>ADAM BAIN<br>Senior Trial Counsel |
| J. PATRICK GLYNN<br>Director, Civil Division, Torts Branch | MICHELLE BOYLE<br>MICHELE GREIF |
| DAVID S. FISHBACK<br>Assistant Director | JONATHAN WALDRON<br>Trial Attorneys |
| OF COUNSEL: | *s/ Adam M. Dinnell*<br>ADAM M. DINNELL (TX No. 24055405) |
| JORDAN FRIED<br>Associate Chief Counsel<br>FEMA/DHS | Trial Attorney<br>United States Department of Justice<br>Civil Division, Torts Branch<br>P.O. Box 340, Ben Franklin Station |
| JANICE WILLIAMS-JONES<br>Senior Trial Attorney<br>FEMA/DHS | Washington, DC 20004<br>Telephone:  (202) 616-4211<br>Adam.Dinnell@usdoj.gov |
| | Attorneys for Defendant United States |

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2010, the foregoing document was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison Counsel.

*s/ Adam M. Dinnell*
ADAM M. DINNELL (TX No. 24055405)