David Edward Garratt | July 7, 2009
Washington, DC

Page 1

```
 1               UNITED STATES DISTRICT COURT
 2                  DISTRICT OF LOUISIANA
 3                   NEW ORLEANS DIVISION
 4    In Re:  FEMA Trailer     )
 5    Formaldehyde Products    ) MDL No. 1873
 6    Liability Litigation     )
 7
 8                              Washington, D.C.
 9                              Tuesday, July 7, 2009
10    Videotape Deposition of DAVID EDWARD GARRATT, called
11    for examination by counsel for Plaintiffs in the
12    above-entitled matter, the witness being duly sworn
13    by CHERYL A. LORD, a Notary Public in and for the
14    District of Columbia, taken at the offices of NELSON
15    MULLINS RILEY & SCARBOROUGH LLP, 101 Constitution
16    Avenue N.W., Suite 900, Washington, D.C., at 9:07
17    a.m., and the proceedings being taken down by
18    Stenotype by CHERYL A. LORD, RPR, CRR.
19
20                                              EXHIBIT
21                                                 7
22
```

EXHIBIT 7

Alderson Reporting Company
1-800-FOR-DEPO

David Edward Garratt                                              July 7, 2009
                              Washington, DC

## Page 2

APPEARANCES:

Plaintiffs' Co-Liaison Counsel:
JUSTIN I. WOODS, ESQ.
GERALD E. MEUNIER, ESQ.
TARA GILBREATH, ESQ.
GAINSBURGH, BENJAMIN, DAVID, MEUNIER &
WARSHAUER, LLC
1100 Poydras, Suite 2800
New Orleans, LA 70163-2800
(504) 522-2304

On behalf of the United States of America and David E. Garratt:
HENRY T. MILLER, ESQ.
Senior Trial Counsel
UNITED STATES DEPARTMENT OF JUSTICE
1331 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 616-4223

## Page 3

APPEARANCES CONTINUED:

On behalf of the United States Federal Emergency Management Agency:
JANICE WILLIAMS-JONES, ESQ.
Trail Attorney
JORDAN FRIED, ESQ.
Deputy Chief
UNITED STATES FEDERAL EMERGENCY MANAGEMENT AGENCY
OFFICE OF THE CHIEF COUNSEL
409 3rd Street S.W., Suite 206
Washington, D.C. 20472
(202) 646-4168

On behalf of Forest River Inc.:
JASON D. BONE, ESQ.
GIEGER, LABORDE & LAPEROUSE LLC
701 Poydras Street, 48th Floor
New Orleans, LA 70139-4800
(504) 561-0400

## Page 4

APPEARANCES CONTINUED:

On behalf of Keystone RV Company, Dutchmen Manufacturing Inc., DS Corp., Thor California Inc., and KZ RV, LP:
RYAN E. JOHNSON, ESQ.
JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE LLP
8555 United Plaza Boulevard
Baton Rouge, LA 70809-7000
(225) 248-2080

On behalf of Fluor Enterprises Inc.:
CHARLES R. PENOT JR., ESQ.
MIDDLEBERG RIDDLE & GIANNA
717 N. Harwood, Suite 2400
Dallas, TX 75102
(214) 220-6334

## Page 5

APPEARANCES CONTINUED:

On behalf of Fleetwood Enterprises Inc.:
TAYLOR TAPLEY DALY, ESQ.
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street N.W., Suite 1700
Atlanta, GA 30363
(404) 322-6156

On behalf of Gulf Stream Coach Inc.:
TIMOTHY D. SCANDURRO, ESQ.
SCANDURRO & LAYRISSON LLC
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100

On behalf of Bechtel National Inc.:
JOHN J. HAINKEL III, ESQ.
FRILOT LLC
1100 Poydras Street, Suite 3700
New Orleans, LA 70163-3600
(504) 599-8021

David Edward Garratt  
Washington, DC  
July 7, 2009

### Page 6

1  APPEARANCES CONTINUED:
2  
3  On behalf of Heartland Recreational Vehicles:
4    BRENT M. MAGGIO, ESQ.
5    ALLEN & GOOCH, A LAW CORPORATION
6    3900 N. Causeway Boulevard, Suite 1450
7    Metairie, LA 70002
8    (504) 836-5200
9  
10 On behalf of Recreation by Design LLC, TL Industries
11 Inc., Frontier RV Inc., and Play'mor Trailers Inc.
12   RANDALL C. MULCAHY, ESQ.
13   GARRISON, YOUNT, FORTE & MULCAHY LLC
14   909 Poydras Street, Suite 1800
15   New Orleans, LA 70112
16   (504) 527-0680
17   Appearing by telephone

### Page 7

1  APPEARANCES CONTINUED:
2  
3  On behalf of Starcraft RV Inc. and Jayco Inc.:
4    HAL L. ROACH JR., ESQ.
5    WILLINGHAM, FULTZ & COUGILL LLP
6    808 Travis, Suite 1608
7    Houston, TX 77002
8    (713) 333-7600
9    Appearing by telephone
10 
11 On behalf of CMH Manufacturing Inc., Southern Energy
12 Homes, SunRay Investments LLC, and Giles Family
13 Holdings LLC:
14   JAMES K. CARROLL, ESQ.
15   FOWLER RODRIGUEZ VALDES-FAULI
16   400 Poydras Street, 30th Floor
17   New Orleans, LA 70130
18   (504) 523-2600
19   Appearing by telephone

### Page 8

1  APPEARANCES CONTINUED:
2  
3  On behalf of Shaw Environmental Inc. and CH2M Hill
4  Constructors Inc.:
5    CATHERINE THIGPEN, ESQ.
6    BAKER, DONELSON, BEARMAN, CALDWELL &
7    BERKOWITZ PC
8    201 St. Charles Avenue, Suite 3600
9    New Orleans, LA 70170
10   (504) 566-5241
11   Appearing by telephone
12 
13 On behalf of Morgan Building and Spas:
14   DAN E. WEST, ESQ.
15   McGLINCHEY STAFFORD PLLC
16   301 Main Street, 14th Floor
17   Baton Rouge, LA 70825
18   (225) 383-9000
19   Appearing by telephone
20 ALSO PRESENT:
21   Qais Ghafary, Charles "Al" Whitaker in PM
22   session only, and Dan Reidy, videographer

### Page 9

CONTENTS

| WITNESS | EXAMINATION PAGE NO. |
|---|---|
| DAVID EDWARD GARRATT | |
| By Mr. Woods | 13 |
| By Mr. Meunier | 71 |
| By Mr. Scandurro | 203 |
| By Mr. Hainkel | 218 |
| By Mr. Miller | 228 |
| By Mr. Meunier | 234 |
| By Mr. Miller | 242 |

EXHIBITS  
(Exhibits attached.)

| GARRATT EXHIBIT NO. | PAGE NO. |
|---|---|
| 1  Notice of Oral and Videotaped Deposition of David Garratt | 14 |
| 2  Defendant United States of America's Motion to Dismiss Plaintiffs' Remaining FTCA Claims for Lack of Subject Matter Jurisdiction | 27 |
| 3  Email, 8-17-06, FEMA-Waxman-2489-93 | 50 |

3 (Pages 6 to 9)

### Page 10

| | EXHIBITS CONTINUED | |
|---|---|---|
| | GARRATT EXHIBIT NO. | PAGE NO. |
| 4 | Letter, FEMA17-010962-63 | 58 |
| 5 | Email, 5-18-07, DHS_S&T_6040-44 | 64 |
| 6 | Email, 6-27-06, FEMA-Waxman - 791-92 | 143 |
| 7 | Email, 5-17-07, FEMA17-0009030-33 | 160 |
| 8 | Email, 5-18-07, DHS_S&T_4856-57 | 166 |
| 9 | Email, 5-23-07, DHS_S&T_3702-03 | 174 |
| 10 | Email, 5-25-07, FEMA17-006442-58 | 177 |
| 11 | Email, 6-4-07, FEMA17-009258 | 185 |
| 12 | Email, 6-5-07, FEMA17-009327 | 188 |
| 13 | Email, 6-8-07, FEMA17-009411-12 | 194 |
| 14 | Email, 11-2-07, FEMA17-013853-54 | 196 |
| 15 | Email, 7-30-07, FEMA17-015474-76 | 198 |
| 16 | Email, 8-18-07, DHS_S&T_4060-62 | 203 |
| 17 | Memorandum, 7-26-06, FEMA-Waxman - 23-25 | 213 |
| 18 | Email, 7-30-07, FEMA17-015472-73 | 240 |

### Page 11

PROCEEDINGS

THE VIDEOGRAPHER: This begins tape number 1 in the video deposition of David Garratt, taken by the plaintiff in regards to the FEMA trailer formaldehyde products liability litigation filed in the U.S. District Court, Eastern District of Louisiana, number MDL 1873.

Today's deposition is being held at the law offices of the Nelson Mullins, 101 Constitution Avenue N.W., suite 900, Washington, D.C., 20001.

For identification purposes, I'm Dan Reidy, the video operator, with Alderson Court Reporting. The stenographer is Cheryl Lord, also with Alderson Court Reporting.

Today's date is July it 7th, 2009. The time on the video is 9:07 AM. We are on the record.

At this time, will all counsel please introduce yourself and whom you represent, starting with the plaintiffs' counsel, please.

MR. WOODS: Justin Woods, for plaintiffs.
MR. MEUNIER: Gerry Meunier, for

### Page 12

plaintiffs.
MR. BONE: Jason Bone, Forest River Incorporated.
MR. JOHNSON: Ryan Johnson, for Keystone RV, Thor California, Dutchmen Manufacturing, DS Corp., KZ RV.
MS. DALY: Taylor Daly for the Fleetwood defendants.
MR. PENOT: Charles Penot, for Fluor Enterprises Inc.
MR. MAGGIO: Brent Maggio, for Heartland Recreational.
MR. HAINKEL: John Hainkel, for Bechtel National Inc.
MR. SCANDURRO: Tim Scandurro, for Gulf Stream Coach.
MS. GILBREATH: Tara Gilbreath, for the plaintiffs.
MR. MILLER: Henry Miller, for the United States.
MR. GHAFARY: Qais Ghafary, for the United States.

### Page 13

THE VIDEOGRAPHER: Will the court reporter please swear in the witness.

Whereupon,
              DAVID EDWARD GARRATT
was called as a witness by counsel for Plaintiffs, and, having been duly sworn by the Notary Public, was examined and testified as follows:

      EXAMINATION BY COUNSEL FOR PLAINTIFFS
      BY MR. WOODS:
   Q.  Good morning, Mr. Garratt.
       Again, my name is Justin Woods. I'm counsel for the plaintiffs in this MDL litigation, along with Gerry Meunier and Tara Gilbreath from -- from our office of Gainsburgh, Benjamin in New Orleans.
       First I want to start just some administrative task, and that is to -- I want to ask you if you've seen this notice of oral and videotape deposition of David Garratt.
   A.  No, I don't recall seeing this.

David Edward Garratt
Washington, DC
July 7, 2009

Page 34

1   A.  (Nodding head.)
2   Q.  Was this statement a part of the document
3   when you originally --
4   A.  I don't remember.
5   Q.  -- received --
6       You go on to state after that: Disaster
7   victims have not been charged for their use of the
8   EHUs, nor have they been required to pay any cost
9   associated with the installation, maintenance, or
10  removal of the units.
11      What is the significance of that statement
12  in this declaration?
13  A.  Other than, again, painting the picture of
14  how we provide these units and the conditions under
15  which they're provided to disaster victims.
16  Q.  So in your mind, it's important to note
17  that the victims have received something at cost --
18  at no cost to them, and they've not been required to
19  pay any costs associated with the installation,
20  maintenance, or removal of the units.
21      Does that mean that they should have no
22  right to complain about what they've received?

Page 35

1   A.  No.
2       What it means is, these units are our
3   responsibility.
4   Q.  So this statement basically means -- what
5   you're trying to convey is that this is FEMA's
6   responsibility.
7       It has no other -- no other meaning
8   besides that?
9   A.  That's correct.
10  Q.  And this is just again to reiterate that
11  the Stafford Act enables FEMA to provide at direct
12  request of the state whatever emergency assistance is
13  necessary for victims?
14  A.  I'm sorry.
15      Say that again.
16  Q.  I'm trying to get to -- this -- this
17  particular statement, and you've just testified, is
18  this to say that FEMA has the authority due to
19  Stafford Act to provide and to -- to respond to
20  disasters, in this particular instance to provide
21  temporary emergency housing assistance to victims?
22      MR. MILLER:  Objection, mischaracterizes

Page 36

1   the witness's testimony.
2   A.  I'm still not sure I understand exactly
3   what you're asking.  Let me try this.
4       As part of this declaration, it seems like
5   it's important to try to essentially lay the -- the
6   background for the operation that took place in the
7   Gulf Coast.  And so this paragraph just briefly
8   summarizes what the disaster housing mission is in
9   terms of -- or -- or how it's provided, that
10  assistance is provided under the authority of the
11  Stafford Act, and it essentially says that these --
12  these units are provided at absolutely no cost to the
13  disaster victims and that we, the federal government,
14  are responsible for those units.  That's our
15  responsibility.
16      BY MR. WOODS:
17  Q.  You say, absolutely no cost, so -- but the
18  unit is actually paid for by -- by taxpayer money,
19  isn't it -- aren't they?
20  A.  Right, as disaster victims.
21  Q.  So the disaster victims as taxpayers,
22  they -- they ultimately do pay for the units.

Page 37

1   Correct?
2   A.  I would say that's probably correct, that
3   they -- their taxes go to pay for those units, that's
4   correct, as does the rest of the United States
5   population.
6   Q.  Absolutely, but you're not excluding the
7   disaster victims from -- they didn't get anything per
8   se absolutely free or at no cost to them?
9       MR. WOODS:  Objection, calls for --
10  assumes facts not in evidence.
11  A.  Nothing came out of their pockets in terms
12  of the requirements for this.  They paid no
13  out-of-pocket costs for this.
14      BY MR. WOODS:
15  Q.  At the time that the units were provided,
16  but again, it being funded by taxpayer money,
17  assuming that an individual is a taxpayer that
18  received an EHU, that there is some portion --
19  A.  I'll concede the point.
20  Q.  Okay.  Let's get into talking specifically
21  about the reason we're here, and that's the
22  formaldehyde concerns in the EHUs.

10 (Pages 34 to 37)

Alderson Reporting Company
1-800-FOR-DEPO