

# JONES WALKER

Ryan E. Johnson
*Not admitted in Alabama*
Direct Dial 225-248-2080
Direct Fax 225-248-
rjohnson@joneswalker.com

November 20, 2009

<u>VIA U.S. REGULAR MAIL</u>
Mr. Frank D'Amico
The Law Firm of Frank J. D'Amico, Jr.
622 Baronne St., Fl. 2
New Orleans, LA 70113

<u>VIA E-MAIL & U.S. REGULAR MAIL</u>
Mr. Gerald E. Meunier
Mr. Justin I. Woods
Gainsburg, Benjamin, David, Meunier,
& Warshauer, LLC
2800 Entergy Center
1100 Poydras Street
New Orleans, Louisiana 70163

Re:   Aldridge v. Gulf Stream Coach, et al., No. 07,9228, Eastern District of Louisiana, included within In Re: FEMA Trailer Formaldehyde Products Liability Litigation

Counsel:

Enclosed please find Keystone RV Company's first set of discovery request to Mr. Paul Lastrapes. Please note that this discovery is directed to Mr. Lastrapes only, as he has been selected as the alternate bellwether plaintiff for the July 19, 2010 trial. The discovery is not directed to the other plaintiffs in the above referenced action.

Sincerely yours,

Ryan E. Johnson

REJ/lb
Enclosures

cc:   Andy Weinstock (via email w/encl.)
      Henry Miller (via email w/encl.)
      Gerardo Barrios (via email w/encl.)
      Wade Bass (via email w/encl.)

EXHIBIT A

KEYSTONE MOTION TO COMPEL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-5"<br><br>JUDGE ENGELHARDT<br><br>MAG. JUDGE CHASEZ |

THIS DOCUMENT IS RELATED TO:

Aldridge v. Gulf Stream Coach, *et al.*,
No. 07-9228

---

### DEFENDANT KEYSTONE RV COMPANY'S FIRST SET OF DISCOVERY REQUESTS TO PLAINTIFF PAUL LASTRAPES

Defendant, Keystone RV Company ("Keystone") propounds the following interrogatories and document requests to the plaintiff, Paul Lastrapes.

I.  GENERAL INSTRUCTIONS AND DEFINITIONS

The following general instructions and definitions shall apply throughout this discovery pleading.

A.  **Definitions:**

The following definitions apply to these discovery requests:

1.  The term "person" means all natural and juridical persons, and includes any individual, association, corporation, partnership, firm, joint venture or

any other business or legal entity, as well as includes any governmental or quasi-governmental branch, department, bureau or agency.

2. The term "document" means any written, printed, non-printed, typed, photocopied, photographic, reproduced and graphic matter of any kind or character and any recorded or electronically stored information, however produced or reproduced, in "your" possession, custody, or control, including (without limiting the generality of the foregoing), affidavits, agreements, automatic computer backup files, bills, books, calendars, communications, computer files, contracts, correspondence, desk pads, diaries, diary or calendar entries, e-mail messages, electronic bulletin board messages, electronic data of any type, interim or tentative drafts, invoices, journals and journal entities, ledgers and ledger entries, lists, memoranda, minutes and minute entries, notes, Power Point presentations, printouts, records of meetings, conferences and telephone or other conferences, conversations or communications, records of any type, reports, trip reports, statements, studies, telegrams, telexes, printed copies of electronic mail, teletypes and/or work-papers, and information stored in computers or other data storage or processing equipment, or in magnetic or electronic media, microfilm or microfiche or other form which can be retrieved or printed out or reduced to readable form through proper programming, decoding or processing, together with necessary instructions for understanding, using or reproducing same.

The term "document" also includes originals and all copies of documents containing notes, notations, comments, observations, remarks, underscoring, marks

made for emphasis, highlighting, or attention and encircling, relating or referring in any way to the subject matter of these requests. The term "document" also includes electronically stored information as that term is used in Rule 34 of the Federal Rules of Civil Procedure, including electronically stored information in its native format.

    3.    The terms "you" and "your" means Paul Lastrapes, and every individual who, because acting in your behalf, can furnish information, including any person acting as a representative in the investigation or preparation of this action and your agents, attorneys, investigators and representatives having knowledge of any matter which is the subject of "this discovery pleading" who can furnish information.

    4.    "Identify" in connection with a document means to:

    (a)    State the type of document (for example, a letter, a memorandum, etc.); state the dates upon which the document was prepared and executed; state the name and address of its author; state the name and address of the recipients and intended recipients of the document or copies of the document.

    (b)    If the document constitutes or memorializes an agreement or contract, state the names of each party to the agreement or contract, the date on which it was entered into, the place where it was confected, its terms and conditions, the present location of any original copies thereof, the name and address of the custodian of each original copy, and the contents thereof. If the agreement or contract has been amended or supplemented, this must be stated and the above information furnished

on each such amendment or supplement.

(c)     State whether you are in possession of the original document and "identify" the person having custody. If you do not possess the original document, "identify" (i) the person who has the custody of, and (ii) the location of the original document.

5.     "Identify" in connection with a natural person means to:

(a)     State the person's name, present address, if known, or most recent past address if the present address is not known, and telephone number; and

(b)     State the person's relationship to you, "identify" his present employer and the person's position with that employer, and state the person's title which is derived from that position.

6.     "Identify" in connection with a corporation means to:

(a)     State its full name, its state of incorporation, and its principal place of business; and

(b)     State the corporation's relationship to you.

7.     "Identify" in connection with a person other than a natural person means to state the person's official name, the person's organizational form and the person's present address.

8.     "Identify" in connection with any act, occurrence, event, action, doing, occasion, meeting, transaction or conduct, (all of which are included within the term "act," when it is used in connection with the term "identify") shall mean to set forth the event or events constituting the act; state its location; state the date of the act;

"identify" the persons participating, present or involved at any time during the act, or having knowledge concerning the act; and "identify" all documents relating or referring in any way thereto. When used in reference to any oral conversation or discussion "identify" shall mean, in addition to the foregoing, to set forth the substance of what was said, when, where, by and to whom.

9. "Describe" or "specify" means:

(a) Set forth the matter which you are asked to "describe" or "specify," and do so fully and in detail, by reference to underlying facts rather than reference to ultimate facts or conclusions of fact or law;

(b) State particulars as to (i) time and (ii) place;

(c) "Identify" the persons participating, present or involved at any time;

(d) Set forth all facts necessary to a complete understanding of the act, process, or thing in question; and

(e) With respect to a document, fully describe the subject matter, contents, date, author and recipients of the document.

10. Words of any gender include all other genders and the singular be deemed to encompass the plural.

11. "FEMA Unit" means the emergency housing unit that you lived in and was supplied by Federal Emergency Management Agency, also known as "FEMA."

B. Files:

The discovery sought by this discovery pleading encompasses material contained in, or which might be derived or ascertained from, your personal files and

the files of your officers, agents, directors, employees, managers, representatives, investigators and the files of your attorney, if any.

### C. Supplementation of Responses:

Your responses to this discovery pleading shall be supplemented as required by the Federal Rules of Civil Procedure.

### D. Objection to or Failure to Answer by Claim of Privilege or Work Product:

If any discovery request (or any part thereof) herein propounded is objected to or is not fully, truthfully and completely complied with because of either a claim of privilege or a claim that the answer or document constitutes or reflects the mental impression, conclusion, opinion or legal theory of any attorney concerning this litigation or was otherwise prepared in anticipation of litigation, then, in each such instance, state the following information as though these requests were made a separate and integral part of each such request for admission, interrogatory or request for production:

1. If your position is based upon a claim of privilege, then: (a) state the complete basis for your claim of privilege, including all underlying facts; (b) identify all persons having knowledge concerning the facts, information, communications, or documents which you claim to be privileged; and (c) identify all persons having knowledge of the facts upon which you base your claims of privilege.

2. If your position is based upon a claim that any information or document is work product or prepared in anticipation of litigation, then: (a) state

the complete basis for your claim that the information or document constitutes or reflects the mental impression, conclusion, opinion or legal theory of any attorney or other person concerning this litigation; and (b) identify all persons having knowledge or copies of any of the information or documents which you claim to be or reflect mental impressions, conclusions, opinions or legal theories of any attorney or other person whose mental impressions, conclusions, opinions or legal theories are those to which you refer; and (c) identify all persons having knowledge of the facts upon which you base your claim that the information or document is not discoverable.

3. In the instance of either number 1 or number 2 above, state if any of the information not disclosed is known to the personnel of any regulatory authority or agency.

## II. INTERROGATORIES

INTERROGATORY NO. 1:

Please identify every individual who has first-hand knowledge about the FEMA Unit or any injuries, health concerns, or problems of any type you have (or have had) regarding the FEMA Unit. For each individual, please include in your answer the individual's full name, address, telephone number, and email address (if known), along with a brief description of the knowledge possessed by the individual.

INTERROGATORY NO. 2:

Please describe each repair, maintenance activity or work of any type concerning the FEMA Unit. In your answer, please include a description of the

activity, the dates on which it was performed and the person(s) who performed it.

INTERROGATORY NO. 3:

Please identify every doctor, medical provider, or medical facility from/at which you have received medical treatment from January 1, 1995 through the present. Please include in your answer the address and telephone number of each doctor, provider or facility, along with a description of the treatment you received.

INTERROGATORY NO. 4:

Please identify every pharmacy from which you have purchased and/or received prescription medications from January 1, 1995 through present. Please include in your answer the address of the pharmacies you identify.

INTERROGATORY NO. 5:

Please identify every therapist, social worker or counselor of any type (including religious counselors or pastors) who have counseled or treated you in any way from January 1, 1995 through the present. Please include in your answer the address and telephone number of any individuals you identify, along with the dates of counseling/treatment and the nature of the counseling/treatment.

INTERROGATORY NO. 6:

Please identify any email accounts and/or email addresses used by you, or any members of your immediate family from January 1, 2005 through the present.

INTERROGATORY NO. 7:

Please identify any experts you have retained and/or consulted with relating

to your claims against the defendants in this lawsuit.

INTERROGATORY NO. 8:

Please describe all lawsuits or criminal proceedings of any type in which you have been involved from January 1, 1991 through the present.

INTERROGATORY NO. 9:

Please identify every individual associated with FEMA, any federal, state or local governmental agency, Keystone, or CH2M HILL with whom you have had any contact, communication or correspondence, relating to the FEMA Unit. In your answer, please include the individual's name, address and telephone number, the relevant dates, and the nature of the contact, communication and/or correspondence.

INTERROGATORY NO. 10:

Please identify every job you have held from January 1, 1991 through the present, and please identify your approximate income and source of income in each year since that date through the present.

INTERROGATORY NO. 11:

Please describe all testing of any type performed on the FEMA Unit, including the date(s) of such work and the identity of any persons performing such testing.

INTERROGATORY NO. 12:

Please identify any person(s) who completed or helped you complete your

original Plaintiff Fact Sheet and any amendments to it. In addition, please describe the process by which you completed your original Plaintiff Fact Sheet and any amendments to it.

INTERROGATORY NO. 13:

Please:

(a) Identify the date on which you first had contact with an attorney and/or law firm concerning the injuries for which you seek recovery in this lawsuit; and

(b) Identify the attorney(s) and /or law firms with whom you had such contact.

INTERROGATORY NO. 14:

Please identify any witnesses you may call at the trial of this matter to testify about the FEMA Unit, formaldehyde and/or any injuries for which you seek recovery in this lawsuit. Please include in your answer a description of the witness(s) testimony.

INTERROGATORY NO. 15:

Please identify all credits cards you have used or have had access to, regardless of whether the credit cards are in your name, since January 1, 2005. In your answer, please include the name of the credit card issuer, credit card number, whether the card is currently active, and whether you have possession of the card(s).

INTERROGATORY NO. 16:

Please identify all bank accounts you have used or have had access to, regardless of whether that account is in your name, since January 1, 2005. In your answer, please include the name of the bank, account number, the type of account, whether any debit and/or check cards are authorized on the account and whether you have possession of the card(s).

INTERROGATORY NO. 17:

Please identify each person, including members of your immediate family, who have resided in or visited the FEMA Unit at any point.

INTERROGATORY NO. 18:

Please describe all damages of any kind that you claim to have suffered as a result of living in the FEMA unit. Please include in your answer the date(s) on which you suffered the damages.

INTERROGATORY NO. 19:

Please describe all physical and/or emotional symptoms you contend were caused by living in the FEMA Unit. For any such symptoms, please identify the date on which the symptom began, and, if the symptom is recurring, the frequency of the symptom.

INTERROGATORY NO. 20:

Other than the FEMA Unit, please identify any travel trailers, mobile homes or park model trailers you lived in for any period of time from 2001 through the present. For each such trailer or mobile home, please include in your answer the

time period when you lived in the unit, the manufacturer and VIN number of the trailer or mobile home; the location of the unit (both at the time you lived in it and presently) and the names of any other individuals who lived in the unit.

INTERROGATORY NO. 21:

Please identify every job site or work location (including the address and telephone number) at which you worked from January 1, 1999 through the present. For each, please describe the site/location and describe the work that you performed.

INTERROGATORY NO. 22:

Please identify every fact, document or piece of evidence that supports the claim for property damage and personal injury listed on the Standard Form 95 attached to your Plaintiff Fact Sheet. In addition, please describe the basis for selecting the damage amounts listed (*e.g.*, $48,000, $170,000 and $218,000).

III.  DOCUMENT REQUESTS

REQUEST FOR PRODUCTION NO. 1:

Please produce any documents that you may or will use as an exhibit and/or introduce into evidence at the trial of this matter.

REQUEST FOR PRODUCTION NO. 2:

Please produce a curriculum and/or resume for any experts identified in response to Interrogatory No. 7 above.

{B0625690.1}                              12

REQUEST FOR PRODUCTION NO. 3:

Please produce copies of all your federal and state tax returns (including all attachments and schedules) from 2001 through the present.

REQUEST FOR PRODUCTION NO. 4:

Please produce all documents relating to assistance of any type you and/or any member of your family, and/or Cassandra Wilson received from the federal, state or local government in connection with Hurricane Katrina.

REQUEST FOR PRODUCTION NO. 5:

Please produce all your medical records (including, but not limited to, pharmacy or prescription drug records) from January 1, 1995 through the present.

REQUEST FOR PRODUCTION NO. 6:

Please produce all documents related to any testing of the FEMA Unit.

REQUEST FOR PRODUCTION NO. 7:

Please produce all documents *sent to* or *received from* FEMA concerning: (a) the FEMA Unit; (b) the disaster assistance you received from FEMA; and/or (c) any other emergency housing units or housing provided by FEMA that you lived in for any period of time.

REQUEST FOR PRODUCTION NO. 8:

Please produce all documents written, reviewed, considered or relied upon by any experts or consultants who will or may offer an expert opinion in this lawsuit.

REQUEST FOR PRODUCTION NO. 9:

Please produce all photographs, films, slides, audio or video recordings or graphic representations of any type related to your claims in this lawsuit, the FEMA unit and/or any other emergency housing supplied by FEMA that you lived in.

REQUEST FOR PRODUCTION NO. 10:

Please produce all documents related to any repair, maintenance activity or work of any type performed on the FEMA Unit.

REQUEST FOR PRODUCTION NO. 11:

Please produce any documents that support your claim that the FEMA Unit contained unhealthy levels of formaldehyde.

REQUEST FOR PRODUCTION NO. 12:

Please produce all documents related to any civil lawsuit (excluding this lawsuit) or criminal proceeding in which you have been involved from January 1, 1991 through the present.

REQUEST FOR PRODUCTION NO. 13:

Please produce all documents containing advertisements or solicitations for legal representation relating to the FEMA Unit, your claims against FEMA, Keystone or other RV Manufacturers, or in any way related to this litigation.

REQUEST FOR PRODUCTION NO. 14:

Please produce all documents concerning the FEMA Unit, formaldehyde,

and/or this litigation that you received from any person (including other attorneys) other than Lawrence Centola (or any representative of his law firm and/or the Hurricane Legal Center).

REQUEST FOR PRODUCTION NO. 15:

Please produce all documents related to any employment you have held from January 1, 1991 through the present.

REQUEST FOR PRODUCTION NO. 16:

Please produce all medical records (including, but not limited to, pharmacy or prescription drug records) from January 1, 1991 through the present, for any members of your immediate family who resided in the FEMA Unit.

REQUEST FOR PRODUCTION NO. 17:

Please produce a copy of all owners' manuals, brochures, instruction sheets or similar documents relating in any way to the FEMA unit that was provided to you.

REQUEST FOR PRODUCTION NO. 18:

Please produce a copy of all documents you sent to or received from CH2M HILL (or any representative of that entity).

Please produce all claim forms, affidavits, statements, or reports of any type relating to the FEMA Unit, your alleged exposure to formaldehyde, or your claims in this lawsuit.

REQUEST FOR PRODUCTION NO. 19:

Please produce all documents (including, but not limited to, sale documents,

construction documents, and remodeling or renovation related documents) related to any property (e.g., houses, lots, tracts of land) owned, rented or purchased by you since January 1, 2005, through the present.

REQUEST FOR PRODUCTION NO. 20:

Please produce copies of utility bills or statements of any type paid by you since January 1, 2005.

REQUEST FOR PRODUCTION NO. 21:

Please produce copies of any cancelled checks or documents showing payment of any utility bills or statements paid by you since January 1, 2005.

REQUEST FOR PRODUCTION NO. 22:

Please produce copies of any leases entered into by you January 1, 2005 through the present.

REQUEST FOR PRODUCTION NO. 23:

Please produce copies of any cancelled checks or documents showing payment pursuant to any lease entered into by you from January 1, 2005 through the present.

Please produce copies of any documents related in any way to any travel trailers, mobile homes or park model trailers other than the FEMA unit that you lived in from 2001 through the present.

REQUEST FOR PRODUCTION NO. 24:

Please produce copies of all documents (including, but not limited to receipts

and/or requests for reimbursement from your employer) from January 1, 2001 through the present related in any way to any locations were you lived or stayed for any period of time. Please include in your production responsive documents related to the locations listed on page 10 of your Plaintiff Fact Sheet. *See* Lastrapes Plaintiff Fact Sheet, Item 20.

REQUEST FOR PRODUCTION NO. 25:

Please produce any documents related in any way to the jobs and/or work sites you identified in response to Interrogatory No. 21 above.

REQUEST FOR PRODUCTION NO. 26:

Please produce copies of any documents that support, evidence or otherwise are related to your claims for personal injury and property damage contained on your Standard Form 95 attached to your Plaintiff Fact Sheet.

REQUEST FOR PRODUCTION NO. 27:

Please produce copies of any documents you referred to in your responses to the interrogatories listed above.

REQUEST FOR PRODUCTION NO. 28:

Please produce copies of any documents you reviewed and/or relied upon in responding to the interrogatories listed above.

Respectfully submitted:

_____
James C. Percy (Bar Roll No. 10413)

{B0625690.1}                                17

Ryan E. Johnson (Bar Roll No. 26352)
Jones, Walker, Waechter, Poitevent,
 Carrere & Denegre, LLP
8555 United Plaza Blvd., 5th floor
Building Four
Baton Rouge, Louisiana 70809
Phone: (225) 248-2000
Fax:  (225) 248-3080

-and-

Madeleine Fischer (La. Bar No. 5575)
Nan Roberts Eitel (La. Bar No. 19910)
Jones, Walker, Waechter, Poitevent,
 Carrère & Denègre, L.L.P.
201 St. Charles Avenue, 49th floor
New Orleans, LA  70170
Telephone: (504) 582-8000
Facsimile: (504) 589-8208

*Attorneys for defendant, Keystone RV Company*

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2009, I served the forgoing discovery requests to all counsel of record in the above referenced individual suit by U.S. Mail and, in addition, on Plaintiffs' Liaison Counsel by email.

_____
Ryan E. Johnson

{B0625690.1}                    18