UNTIED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER                    MDL NO. 07-1873
FORMALDEHYDE PRODUCTS
LIABILITY LITIGATION                   SEC. "N" (4)

                                       JUDGE ENGELHARDT

                                       MAG. JUDGE CHASEZ


This document relates to:

No. 09-4841, *Dianne J. Adams, et al v. Alliance Homes, Inc.*
            *d/b/a Adrian Homes, et al*
No. 09-6402, *Michael Adams, et al v. Alliance Homes, et al*
No. 09-5408, *Gwangi Alston and Lawrence Alston v. Liberty*
            *Insurance Corporation, et al*
No. 09-5994, *Brittany Nicole Annis, et al v. Alliance Homes,*
            *Inc. d/b/a Adrian Homes, et al*
No. 09-3949, *Linda Barcelona, et al v. R-Vision, Inc., et al*
No. 09-5401, *Barbara Blanchard, et al v. Liberty Insurance*
            *Corporation, et al*
No. 09-4803, *Mady Bolton v. Liberty Insurance Corporation, et al*
No. 09-5400, *William Brown, et al v. Liberty Insurance*
            *Corporation, et al*
No. 09-6501, *Angelina Buras, et al v. Alliance Homes, Inc. d/b/a*
            *Adrian Homes, et al*
No. 09-4840, *Anthony Carlo Cacioppo, et al v. Alliance Homes,*
            *Inc. d/b/a Adrian Homes, et al*
No. 09-5981, *Joan P. DeCourcy v. R-Vision, Inc., et al*
No. 09-6636, *Gloria M. Durham and Roger Dale Durham v. Alliance*
            *Homes, Inc. d/b/a Adrian Homes, et al*
No. 09-4842, *Christopher J. Gabourel, et al v. Alliance Homes,*
            *Inc. d/b/a Adrian Homes, et al*
No. 09-6498, *Francis (Frank) Irwin Gras, et al v. Alliance*
            *Homes, Inc. d/b/a Adrian Homes, et al*
No. 08-1327  *Quinnan Johnson, et al v. R-Vision, Inc., et al*
No. 09-4843, *Troy Mackles, et al v. Alliance Homes, Inc. d/b/a*
            *Adrian Homes, et al*
No. 09-4845, *Louis Rabalais, et al v. Alliance Homes, Inc. d/b/a*
            *Adrian Homes, et al*
No. 09-4844, *Jonathan L. Umbehagen, et al v. Alliance Homes,*
            *Inc. d/b/a Adrian Homes, et al*


*********************************************************************

<u>WESTCHESTER SURPLUS LINES INSURANCE COMPANY'S
PRESERVATION OF DEFENSES UNDER RULE 12(b)</u>

NOW INTO COURT, through undersigned counsel, comes Defendant, WESTCHESTER SURPLUS LINES INSURANCE COMPANY ("WESTCHESTER"), which, pursuant to Pre-Trial Order No. 44, Rec. Doc. 2759, and with full reservation of rights, submits for preservation the following list of defenses and motions under Rule 12(b)(6) of the Federal Rules of Civil Procedure in the captioned member lawsuits, each currently pending in the captioned MDL proceeding.  WESTCHESTER reserves the right to amend or supplement this list of 12(b) defenses and to file any other preliminary pleadings, dispositive motions or affirmative defenses in the referenced underlying lawsuits, the captioned MDL proceeding or any other case in which it is now or subsequently named a defendant and properly served.[1]

<u>GENERAL DEFENSES</u>

1.    Rule 12(b)(1): Lack of standing, including failure to properly identify trailers issued by Westchester's alleged insured, R-Vision, Inc.

2.    Rule 12(b)(1): Lack of subject matter jurisdiction over claims.

---

[1] It is unclear the extent to which the Master Complaint and amendments thereto supersede, amend and/or replace the allegations asserted by the Plaintiffs in each of the underlying actions. Thus, in an abundance of caution and to ensure that all relevant actions and defenses are preserved, WESTCHESTER has listed the defenses and motions applicable to the Master Complaint and amendments thereto <u>and</u> the underlying actions, referenced in the caption above.

2

3.  Rule 12(b)(3): Improper venue.

4.  Rule 12(b)(4) and Rule 12(b)(5): Insufficiency of process
    and service of process.

5.  Rule 12(b)(6): Failure to state a claim because Plaintiffs
    failed to make particularized allegations about their
    injuries and damages and failure to make any particularized
    allegations about any particular Defendant's alleged
    conduct.

6.  Rule 12(b)(6): Failure to state a claim because the
    Plaintiffs have no right of action against Westchester
    under the Louisiana Direct Action Statute, La.R.S. 22:1269
    (formerly La.R.S. 22:655), because Plaintiffs have no
    substantive cause of action against Westchester's alleged
    insured, R-Vision, Inc.

7.  Rule 12(b)(6): Failure to state a claim to the extent that
    Plaintiffs' claims against R-Vision, Inc. and/or its
    insurers are barred by the automatic stay and/or any order
    entered by the bankruptcy court.

8.  Rule 12(b)(6): Failure to state a claim upon which relief
    can be granted under the Louisiana Products Liability Act.

9.  Rule 12(b)(6): Failure to state a claim for redhibition or
    breach of contract under Louisiana law.

10. Rule 12(b)(6): Failure to state a claim upon which relief
    can be granted to the extent that Plaintiffs allege strict

liability as there is no basis under Louisiana law for same.

11. Rule 12(b)(6): Failure to state a claim upon which relief can be granted for strict products liability under Miss. Code Ann. § 11-1-63.

12. Rule 12(b)(6): Failure to state a claim upon which relief can be granted for products liability under Ala. Code § 6-5-521.

13. Rule 12(b)(6): Failure to state a claim upon which relief can be granted for strict products liability under Texas products liability law.

14. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that Plaintiffs seek to impose joint and several, or solidary liability on the named Defendants, as Louisiana law does not provide for solidary liability on the facts alleged.

15. Rule 12(b)(6): Failure to state a claim for breach of implied or express warranty under Louisiana law because those claims are not available to Plaintiffs, and to the extent that they are available, those claims are precluded by the Louisiana Products Liability Act.

16. Rule 12(b)(6): Failure to state a claim for breach of express warranty under Alabama, Mississippi or Texas law.

17. Rule 12(b)(6): Failure to state a claim for beach of implied warranty of merchantability under Alabama, Mississippi or Texas law.

18. Rule 12(b)(6): Failure to state a claim for beach of implied warranty of fitness for a particular purpose under Alabama, Mississippi or Texas law.

19. Rule 12(b)(6): Failure to state a claim for negligence under Louisiana, Alabama, Mississippi or Texas law.

20. Rule 12(b)(6): Failure to state a claim under the Federal Tort Claims Act and 42 U.S.C. Section 1983.

21. Rule 12(b)(6): Failure to state a claim on the grounds that Westchester's alleged insured, R-Vision, Inc., is a government contractor immunized from liability.

22. Rule 12(b)(6): Failure to state a claim to the extent that it is determined that the Plaintiffs previously filed, and have pending, other lawsuit(s) arising out of the same operative facts and circumstances made the subject of this lawsuit.

23. Rule 12(b)(6): Failure to state a claim for equitable or injunctive relief.

24. Rule 12(b)(6): Failure to state a claim for physical injuries.

25. Rule 12(b)(6): Failure to state a claim for mental and physical pain and suffering.

26. Rule 12(b)(6): Failure to state a claim for physical impairments and disability.

27. Rule 12(b)(6): Failure to state a claim for medical expenses.

28. Rule 12(b)(6): Failure to state a claim for loss of earning capacity.

29. Rule 12(b)(6): Failure to state a claim for out of pocket expenses.

30. Rule 12(b)(6): Failure to state a claim for medical monitoring damages.

31. Rule 12(b)(6): Failure to state a claim for economic damages.

32. Rule 12(b)(6): Failure to state a claim for property damages.

33. Rule 12(b)(6): Failure to state a claim for attorney's fees.

34. Rule 12(b)(6): Failure to state a claim for court costs.

35. Rule 12(b)(6): Failure to state a claim for compensatory damages as there is no basis for awarding such damages under the facts alleged in Plaintiffs' Complaint and under Louisiana, Mississippi, Texas or Alabama law.

36. Rule 12(b)(6): Failure to state a claim for punitive damages.

37. Rule 12(b)(6): Failure to state a claim for loss of consortium and/or society.

38. Rule 12(b)(6): Failure to state a claim for loss of enjoyment of life.

39. Rule 12(b)(6): Failure to state a claim for relocation expenses or for provision of replacement trailers.

40. Rule 12(b)(6): Failure to state a claim because Plaintiffs' claims are barred by the applicable prescriptive or peremptive period, the applicable statute of limitations and/or laches.

41. Rule 12(b)(6): Failure to state a claim insofar as Plaintiffs have not alleged and cannot prove either general or specific causation or their alleged injuries.

42. Rule 12(b)(6): Failure to state a claim to the extent that the Plaintiffs have not alleged actual damages and/or have failed to mitigate their damages.

43. Rule 12(b)(6): Plaintiffs' demands are barred and/or alternatively reduced to the extent that Plaintiffs are found to be contributorily and/or comparatively negligent.

44. Rule 12(b)(6): Plaintiffs' demands are barred to the extent that Plaintiffs are found to have voluntarily assumed a known risk.

45. Rule 12(b)(6): Plaintiffs' demands are subject to a setoff for any and all amounts received by Plaintiffs from any

other source, including, without limitations, federal
and/or state compensation laws.

46. Rule 12(b)(6): Westchester avers that the injuries and
damages alleged, if any, were caused by the negligence,
strict liability or fault of third parties, for which
Westchester and/or R-Vision, Inc. are not liable.

47. Rule 12(b)(6): Plaintiffs' demand are barred on the basis
that the risk of the damages claimed by Plaintiffs was not
reasonably foreseeable.

48. Rule 12(b)(6): Plaintiffs' demand are barred, in whole or
in part, to the extent the equitable doctrines of laches,
waiver, estoppel, and unclean hands are applicable.

49. Rule 12(b)(6): Westchester and its alleged insured at all
times acted in good faith, without recklessness, without
any intent to deceive, manipulate or defraud Plaintiffs or
any other persons, without knowledge of or reckless
disregard of any fraudulent scheme, and with a reasonable
and good faith belief in the accuracy and completeness of
all representations and statements made to Plaintiffs.

50. Rule 12(b)(6): Westchester and its alleged insured, in
their conduct with respect to the allegations of the
Complaint, had neither actual nor constructive knowledge of
any of the wrongful conduct upon which the Complaint is
based.

51.  Rule 12(b)(6): Westchester and its alleged insured, in the
     exercise of reasonable care, did not know and could not
     have known of any wrongful conduct upon which the Complaint
     is based.

52.  Rule 12(b)(6): Westchester and its alleged insured did not
     owe any duty to Plaintiffs in connection with the damages
     alleged by Plaintiffs, or, if such a duty did exist (which
     Westchester specifically denies), Westchester and its
     alleged insured did not breach such duty.

53.  Rule 12(b)(6): The actions or inactions of Westchester and
     its alleged insured are not a cause in fact of the
     Plaintiffs' alleged damages.

54.  Rule 12(b)(6): Assuming Westchester and/or its alleged
     inured owed a duty to Plaintiffs (which Westchester
     specifically denies), the damages alleged by Plaintiffs are
     outside the scope of such duty.

55.  Rule 12(b)(6): There is no ease of association between the
     conduct alleged in the Complaint and the harm alleged by
     Plaintiffs.

56.  Rule 12(b)(6): The conduct alleged in the Complaint does
     not constitute a proximate cause of the purported injuries
     for which Plaintiffs seek damages or other monetary relief
     from Defendants, including Westchester and its alleged
     insured.  Recovery under the Complaint is barred, in whole

or in part, because there are numerous intervening or superseding causes of the injuries allegedly sustained by the Plaintiffs.

57.   Rule 12(b)(6): There was no reliance by Plaintiffs upon any alleged misrepresentations or omissions of pertinent facts or information.

58.   Rule 12(b)(6): To the extent that the injuries allegedly sustained by the Plaintiffs occurred as a result of a pre-existing medical condition, causes, or injury which is unrelated to the conduct of Westchester's alleged insured the existence of these pre-existing or other medical conditions, causes or injuries are a bar to and/or mitigating factor to any recovery sought herein.

59.   Rule 12(b)(6): Plaintiffs' claims against Westchester and its alleged insured are barred, or alternatively reduced, to the extent the alleged injuries complained of were caused by products manufactured and/or distributed by other parties.

60.   Rule 12(b)(6): Plaintiffs are barred from recovery because Westchester and its alleged insured had no duty to warn and cannot be liable for failure to warn third parties, such as family members.

61.   Rule 12(b)(6): To the extent Plaintiffs are entitled to recover against Westchester and its alleged insured, which

is specifically denied, Plaintiffs' recovery is barred and/or reduced in proportion to the degree of fault attributable to Plaintiffs, and/or any and all co-Defendants herein, and/or any other party to whom fault is attributed, regardless of whether or not said person is a party to the suit or bankrupt.

62. Rule 12(b)(6): Plaintiffs' claims against Westchester and its alleged insured are barred, or alternatively reduced, to the extent the injuries complained of were the result of exposure to substances other than formaldehyde.

63. Rule 9(b): Failure to plead fraud and misrepresentation with particularity.

64. Rule 12(e): Motion for more definite statement of the Complaint based on Plaintiffs' failure to make particularized allegations about their injuries and damages and failure to make any particularized allegations about any particular Defendant's alleged conduct.

65. Rule 21: Improper joinder - failure to satisfy requirements for joinder of parties under Rules 19 and 20.

## POLICY DEFENSES

66. Rule 12(b)(6): Failure to state a claim because the claims that have been asserted against Westchester and/or its alleged insured do not fall within the terms, limitations,

definitions, and conditions of the policies of insurance issued by Westchester to R-Vision, Inc.

67. Plaintiffs' demands are barred to the extent that Plaintiffs are not able to prove the existence and/or establish any policies that may have been issued by Westchester to or on behalf of R-Vision, Inc. and to the extent Plaintiffs are not able to prove the terms, limitations, conditions and exclusions of those policies, if any.

68. Plaintiffs' demands are barred to the extent that R-Vision, Inc. does not qualify as an insured under any of the policies alleged to provide coverage for Plaintiffs' damages.

69. Plaintiffs' demands are barred to the extent they conflict with the terms, conditions, exceptions and limitations of any policies that may have been issued by, or are alleged to have been issued by Westchester, if any (hereinafter referred to as the "Policies").

70. Plaintiffs' demands are barred, in whole or in part, to the extent Plaintiffs fail to allege an "occurrence" or "accident" within the meaning of any Policies.

71. Plaintiffs' demands are barred, in whole or in part, to the extent they allege an "occurrence" and/or "accident," as those terms may be defined by the Policies, before the

effective date of the Policies or after the termination and/or expiration of the Policies.

72. Plaintiffs' demands are barred, in whole or in part, to the extent that Westchester's alleged insured or any employee authorized by Westchester's alleged insured to receive notice of an "occurrence" knew, prior to the policy period, that any alleged "bodily injury" or "property damage" had occurred.

73. Plaintiffs' demands are barred, in whole or in part, to the extent the Plaintiffs do not allege "bodily injury" or "property damage" within the meaning of the Policies.

74. Plaintiffs' demands are barred, in whole or in part, to the extent the Policies do not afford coverage for "bodily injury" or "property damage" that is expected, intended or otherwise arising from non-fortuitous events.

75. Plaintiffs' demands are barred, in whole or in part, to the extent the Policies do not afford coverage for "bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement, which is not an "insured contract" within the meaning of the Policies.

76. Plaintiffs' demands are barred to the extent the Policies contain exclusions that bar coverage for "bodily injury" or "property damage" resulting from exposure to certain

substances, as more fully set forth in the exclusion commonly referred to as the "pollution exclusion."

77. Plaintiffs' demands are barred to the extent the Policies contain exclusions that bar coverage for "bodily injury" or "property damage" resulting from exposure to certain substances, as more fully set forth in the exclusion commonly referred to as the "fungi or bacteria exclusion."

78. Plaintiffs' demands are barred to the extent the Policies contain exclusions that bar coverage for "bodily injury" or "property damage" resulting from exposure to certain substances, as more fully set forth in the exclusion commonly referred to as the "asbestos exclusion."

79. Plaintiffs' demands are barred to the extent the Policies contain exclusions that bar coverage for "bodily injury" or "property damage" resulting from exposure to certain substances, as more fully set forth in the exclusions commonly referred to as the "silica exclusion."

80. Plaintiffs' claims are barred to the extent that coverage is excluded for "property damage" to that particular part of real property on which Westchester's alleged insured or any contractors or subcontractors working directly or indirectly on behalf of Westchester's alleged insured are performing operations, if the alleged "property damage" arises out of those operations.

81.   Plaintiffs' claims are barred to the extent that coverage
      is excluded for "property damage" to that particular part
      of any property that must be restored, repaired, or
      replaced because Westchester's alleged insured's work was
      incorrectly performed on it.

82.   Plaintiffs' claims are barred, either in whole or in part,
      to the extent that any of the damages alleged in the
      Complaint are precluded by the "your product" and/or "your
      work" exclusions in the Policies.

83.   Plaintiffs' claims are barred, either in whole or in part,
      to the extent that coverage is excluded for "property
      damage' to "impaired property" or property that has not
      been physically injured, arising out of a defect,
      deficiency, inadequacy or dangerous condition in
      Westchester's alleged insured's own product or work; or a
      delay or failure by Westchester's alleged insured or anyone
      acting on behalf of Westchester's alleged insured to
      perform a contract or agreement in accordance with its
      terms.

84.   Plaintiffs' claims are barred, either in whole or in part,
      to the extent that any of the damages alleged in the
      Complaint are for any loss, cost or expense for the loss of
      use, withdrawal, recall, inspection, repair, replacement,
      adjustment, removal or disposal of Westchester's alleged

15

insured's own product, own work, or impaired property, if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

85. Plaintiffs' claims are barred, either in whole or in part, to the extent that coverage is excluded for "bodily injury" or "property damage" within the "products-completed operations hazard" if the injury or damage first occurred prior to the effective date of the Policies.

86. Plaintiffs' demand are barred or alternatively are reduced to the extent there is other insurance applicable to the claims asserted herein.

87. Plaintiffs' demands are barred to the extent R-Vision, Inc. either does not qualify as an insured under any of the Policies or is not a successor to an insured under the Policies.

88. To the extent that coverage otherwise exists under one or more of the Policies, which Westchester denies, such Policies are subject to the per occurrence and aggregate limits of liability set forth therein, including any and all applicable deductibles, and/or self insured retentions, as well as all policy provisions precluding the stacking or cumulation of multiple policy limits.

89. Plaintiffs' demands are barred to the extent Westchester's alleged insured had notice of the Plaintiffs' claims and failed to give timely notice to Westchester in accordance with the terms of the Policies.

90. Plaintiffs' demand are barred and the Policies are void *ab initio* to the extent an insured failed to disclose, concealed or misrepresented the nature of Westchester's alleged insured's operations or other facts material to the risks undertaken by Westchester.

91. Plaintiffs' demands are barred to the extent Westchester's alleged insured failed to meet all of the conditions under the Policies.

92. Plaintiffs' demands are barred to the extent the Policies, or any rights with respect to the Policies, have been transferred or assigned in contravention of policy terms and conditions.

93. Westchester avers that the Plaintiffs' demand are barred as to Westchester to the extent that Plaintiffs were never exposed to harmful substances at any time during which Westchester may have provided coverage.

94. The Plaintiffs' demands are barred under the Policies to the extent they allege intentional acts on the part of Westchester's alleged insured and/or its employees.

95.  The Plaintiffs' demands are barred under the Policies to the extent they allege fraud and/or conspiracy on the part of Westchester's alleged insured and/or its employees.

96.  In the event that Westchester is found liable to Plaintiffs, all damages against Westchester and/or its alleged insured should be apportioned among each of the alleged insured's insurers, whether named in this action or not, in proportion to the respective obligations of each such insurer.

97.  Westchester avers it is entitled to an offset and/or credit for the liability of any and all individuals, companies, parties and/or Defendants with whom the Plaintiffs have settled, regardless of whether those persons are parties to this litigation.

98.  To the extent that an insured has voluntarily incurred liabilities, assumed obligations, or paid monies without prior notice to and the consent of Westchester, or otherwise failed to cooperate with Westchester, Westchester has no obligation to Plaintiffs.

99.  To the extent the Petition is deemed to allege fraud and/or conspiracy on the part of an insured or its employees, the Petitions do not allege the circumstances constituting fraud and/or conspiracy with sufficient particularity.

100. There is no coverage under the Policies for losses, which were known to or should have been known to the alleged insured prior to the inception of any alleged policy period.

101. There is no coverage under the Policies for punitive damages, fines, penalties, or exemplary damages.

102. The Complaint does not describe the claims made against Westchester and its alleged insured with sufficient particularity to enable Westchester to determine what defenses it may have in response to the Complaint. Therefore, Westchester hereby reserves the right to raise any and all other affirmative defenses based on allegations that may be revealed as a result of discovery or otherwise.

103. Westchester reserves its right to raise any and all other defenses under the Policies or applicable law.

104. Westchester incorporates herein by reference, as if set forth herein in extenso, all defenses to the claims which have been asserted or will be asserted by any similarly-situated Defendants in the captioned actions, but only to the extent that such defenses are not inconsistent with the foregoing defenses asserted by Westchester, including, without limitation, the joint defenses, including Rule 9 and Rule 12 defenses submitted by Defendants' Liaison Counsel, and any other defenses that may be raised by other

insurer Defendants.  Westchester further reserves the right to raise additional defenses, preliminary pleadings or dispositive motions in its Answer or other pleadings filed in this case or in any other case in which it is subsequently named and properly served.

Respectfully submitted,

PREIS & ROY
(A Professional Law Corporation)


BY___/s/Catherine M. Landry_____
Edwin G. Preis, Jr. #10703
Catherine M. Landry #25750
102 Versailles Blvd., Ste. 400
Post Office Drawer 94-C
Lafayette, Louisiana  70509
Telephone: 337-237-6062
Facsimile: 337-237-9129
E-mail: egp@preisroy.com
E-mail: clandry@preisroy.com

*COUNSEL FOR WESTCHESTER SURPLUS
LINES INSURANCE COMPANY, AS INSURER
OF R-VISION, INC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th day of January, 2010, a copy of the foregoing Preservation of Defenses Under Rule 12(b) was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all known counsel of record by operation of the Court's electronic filing system.

 /s/Catherine M. Landry
CATHERINE M. LANDRY