UNTIED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE:    FEMA TRAILER                    MDL NO. 07-1873
          FORMALDEHYDE PRODUCTS
          LIABILITY LITIGATION            SEC. "N" (4)

This Document Relates to:                 JUDGE ENGELHARDT
ADMINISTRATIVE MASTER
COMPLAINT, AS SUPPLEMENTED                 MAG. JUDGE CHASEZ
AND AMENDED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, WESTCHESTER SURPLUS LINES INSURANCE COMPANY, TO THE ADMINISTRATIVE MASTER COMPLAINT, FIRST SUPPLEMENTAL AND AMENDED MASTER COMPLAINT AND SECOND SUPPLEMENTAL AND AMENDED MASTER COMPLAINT

NOW INTO COURT, through undersigned counsel, comes

WESTCHESTER SURPLUS LINES INSURANCE COMPANY ("Westchester"), as

insurer of R-Vision, Inc., sought to be made a Defendant in the

above entitled and numbered cause, who, for Answer to the

Plaintiffs' Administrative Master Complaint (R. Doc. 109), First

Supplemental and Amended Master Complaint (R. Doc. 379), and

Second Supplemental and Amended Complaint (R. Doc. 722)

("Complaints"), respectfully avers that:

### FIRST DEFENSE

The Complaints filed herein fail to state facts which would

support the jurisdiction of this Court or that the Court is the

proper venue for the action filed.

### SECOND DEFENSE

Alternatively, the Complaints filed herein fail to state a

claim upon which relief can be granted.

## THIRD DEFENSE

In the further alternative and subject to the exceptive allegations herein above set forth, Defendant denies each and every allegation of the Complaints, except as the same may be hereafter admitted or modified.  In further responding to the said allegations, Defendant avers as follows:

I.

The allegations of Paragraph 1 of the Administrative Master Complaint requires neither an affirmative or negative response; however, to the extent a response may be deemed necessary, Defendant respectfully submits the Court record is its own best evidence of the contents contained therein.

II.

The allegations of Paragraph 2 of the Administrative Master Complaint requires neither an affirmative or negative response; however, to the extent a response may be deemed necessary, Defendant respectfully submits the Court record is its own best evidence of the contents contained therein.

III.

The allegations of Paragraph 3 of the Administrative Master Complaint requires neither an affirmative or negative response; however, to the extent a response may be deemed necessary, Defendant denies the allegations of Paragraph 3 of the

Administrative Master Complaint for lack of sufficient information to form a belief therein.

IV.

The allegations of Paragraph 4 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 4 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

V.

The allegations of Paragraph 5 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent a response may be deemed necessary, the allegations of Paragraph 5 of the Administrative Master Complaint are denied for lack of sufficient information to form  a belief therein.

VI.

The allegations of Paragraph 6 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 6 of the Administrative Master Complaint are denied.  Defendant affirmatively asserts Plaintiffs' claims are not appropriate for

class certification as detailed in the Court's Order and Reasons denying class certification. (R. Doc. 1014).

VII.

The allegations of Paragraph 7 of the Administrative Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 7 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein. Defendant affirmatively asserts Plaintiffs' claims are not appropriate for class certification as detailed in the Court's Order and Reasons denying class certification. (R. Doc. 1014). In addition, to the extent it is established through discovery, Defendant affirmatively asserts that some or all of the named individuals did not use a product manufactured by R-Vision, Inc. and thus have no basis for a claim against Defendant.

VIII.

The allegations of Paragraph 8 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 8 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

4

IX.

The allegations of Paragraph 9 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 9 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

X.

The allegations of Paragraph 10 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 10 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein

XI.

The allegations of Paragraph 11 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 11 of the Administrative Master Complaint are denied.

XII.

The allegations of Paragraph 12 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the

extent that same may be deemed necessary, the allegations of Paragraph 12 of the Administrative Master Complaint are denied. Defendant further denies this matter is appropriate as a class action for the reasons set forth in the Court's Order and Reasons denying class certification. (R. Doc. 1014).

### XIII.

The allegations of Paragraph 13 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 13 of the Administrative Master Complaint are denied. Defendant further denies this matter is appropriate as a class action for the reasons set forth in the Court's Order and Reasons denying class certification. (R. Doc. 1014).

### XIV.

The allegations of Paragraph 14 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 14 of the Administrative Master Complaint are denied.

### XV.

The allegations of Paragraph 15 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the

extent that same may be deemed necessary, the allegations of Paragraph 15 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

### XVI.

The allegations of Paragraph 16 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 16 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

### XVII.

The allegations of Paragraph 17 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 17 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein. Defendant affirmatively asserts Plaintiffs' claims are not appropriate for class certification as detailed in the Court's Order and Reasons denying class certification. (R. Doc. 1014).

### XVIII.

The allegations of Paragraph 18 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

XIX.

The allegations of Paragraph 19 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

XX.

The allegations of Paragraph 20 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

XXI.

The allegations of Paragraph 21 of the Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XXII.

The allegations of Paragraph 22 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

XXIII.

The allegations of Paragraph 23 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 23 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

XXIV.

The allegations of Paragraph 24 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 24 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

XXV.

The allegations of Paragraph 25 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

XXVI.

The allegations of Paragraph 26 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

XXVII.

The allegations of Paragraph 27 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 27 of Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

XXVIII.

The allegations of Paragraph 28 of the Administrative

Master Complaint are denied for lack of sufficient information to form a belief therein.

XXIX.

The allegations of Paragraph 29 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 29 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

XXX.

The allegations of Paragraph 30 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 30 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to form a belief therein.

XXXI.

The allegations of Paragraph 31 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 31 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

XXXII.

The allegations of Paragraph 32 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

XXXIII.

The allegations of Paragraph 33 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

XXXIV.

The allegations of Paragraph 34 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

XXXV.

The allegations of Paragraph 35 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

XXXVI.

The allegations of Paragraph 36 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 36 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

XXXVII.

The allegations of Paragraph 37 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 37 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

XXXVIII.

The allegations of Paragraph 38 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 38 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

XXXIX.

The allegations of Paragraph 39 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 39 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

XL.

In response to the allegations of Paragraph 40 of the Administrative Master Complaint, Defendant re-avers and re-

12

asserts its answers contained in Paragraphs 1 to 39 above, as if copied herein, *in extenso*.

## XLI.

The allegations of Paragraph 41 of the Administrative Master Complaint constitute are denied for lack of sufficient information to form a belief therein.

## XLII.

The allegations of Paragraph 42 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 42 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

## XLIII.

The allegations of Paragraph 43 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 43 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

## XLIV.

The allegations of Paragraph 44 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the

extent that same may be deemed necessary, the allegations of
Paragraph 44 of the Administrative Master Complaint are denied
for lack of sufficient information to form a belief therein.

XLV.

The allegations of Paragraph 45 of the Administrative
Master Complaint constitute conclusions of law and as such
require no response on behalf of Defendant; however, to the
extent that same may be deemed necessary, the allegations of
Paragraph 45 of the Administrative Master Complaint are denied
for lack of sufficient information to form a belief therein.

XLVI.

The allegations of Paragraph 46 of the Administrative
Master Complaint constitute conclusions of law and as such
require no response on behalf of Defendant; however, to the
extent that same may be deemed necessary, the allegations of
Paragraph 46 of the Administrative Master Complaint are denied
for lack of sufficient information to form a belief therein.

XLVII.

The allegations of Paragraph 47 of the Administrative
Master Complaint are denied for lack of sufficient information
to form a belief therein.

XLVIII.

The allegations of Paragraph 48 of the Administrative
Master Complaint constitute conclusions of law and as such

14

require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 48 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

XLIX.

The allegations of Paragraph 49 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 49 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

L.

The allegations of Paragraph 50 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 50 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

LI.

The allegations of Paragraph 51 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

LII.

The allegations of Paragraph 52 of the Administrative

Master Complaint are denied for lack of sufficient information to form a belief therein.

LIII.

The allegations of Paragraph 53 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

LIV.

The allegations of Paragraph 54 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

LV.

The allegations of Paragraph 55 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

LVI.

The allegations of Paragraph 56 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

LVII.

The allegations of Paragraph 57 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of

Paragraph 57 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

LVIII.

The allegations of Paragraph 58 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 58 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

LIX.

The allegations of Paragraph 59 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 59 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

LX.

The allegations of Paragraph 60 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 60 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

17

LXI.

The allegations of Paragraph 61 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 61 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

LXII.

The allegations of Paragraph 62 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

LXIII.

The allegations of Paragraph 63 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

LXIV.

The allegations of Paragraph 64 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

LXV.

The allegations of Paragraph 65 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

LXVI.

The allegations of Paragraph 66 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

LXVII.

The allegations of Paragraph 67 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 67 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

LXVIII.

The allegations of Paragraph 68 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 68 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

LXIX.

The allegations of Paragraph 69 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

LXX.

The allegations of Paragraph 70 of the Administrative

19

Master Complaint are denied for lack of sufficient information to form a belief therein.

### LXXI.

The allegations of Paragraph 71 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

### LXXII.

The allegations of Paragraph 72 of the Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

### LXXIII.

The allegations of Paragraph 73 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

### LXXIV.

The allegations of Paragraph 74 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 74 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

### LXXV.

The allegations of Paragraph 75 of the Administrative

Master Complaint are denied for lack of sufficient information to form a belief therein.

### LXXVI.

The allegations of Paragraph 76 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

### LXXVII.

The allegations of Paragraph 77 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

### LXXVIII.

The allegations of Paragraph 78 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

### LXXIX.

The allegations of Paragraph 79 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 79 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

### LXXX.

The allegations of Paragraph 80 of the Administrative Master Complaint constitute conclusions of law and as such

require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 80 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

LXXXI.

The allegations of Paragraph 81 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 81 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

LXXXII.

The allegations of Paragraph 82 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 82 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

LXXXIII.

The allegations of Paragraph 83 of the Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.  Defendant affirmatively asserts Plaintiffs' claims are not appropriate for class certification

22

as detailed in the Court's Order and Reasons denying class certification. (R. Doc. 1014).

### LXXXIV.

The allegations of Paragraph 84 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 84 of the Administrative Master Complaint are denied. Defendant affirmatively asserts Plaintiffs' claims are not appropriate for class certification as detailed in the Court's Order and Reasons denying class certification. (R. Doc. 1014).

### LXXXV.

The allegations of Paragraph 85 of Plaintiffs' Complaint for Damages constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 85 of Plaintiffs' Complaint for Damages are denied.  Defendant affirmatively asserts Plaintiffs' claims are not appropriate for class certification as detailed in the Court's Order and Reasons denying class certification. (R. Doc. 1014).

### LXXXVI.

The allegations of Paragraph 86 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the

extent that same may be deemed necessary, the allegations of Paragraph 86 of the Administrative Master Complaint are denied. Defendant affirmatively asserts Plaintiffs' claims are not appropriate for class certification as detailed in the Court's Order and Reasons denying class certification. (R. Doc. 1014).

LXXXVII.

The allegations of Paragraph 87 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 87 of the Administrative Master Complaint are denied. Defendant affirmatively asserts Plaintiffs' claims are not appropriate for class certification as detailed in the Court's Order and Reasons denying class certification. (R. Doc. 1014).

LXXXVIII.

The allegations of Paragraph 88 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 88 of the Administrative Master Complaint are denied. Defendant affirmatively asserts Plaintiffs' claims are not appropriate for class certification as detailed in the Court's Order and Reasons denying class certification. (R. Doc. 1014).

24

LXXXIX.

The allegations of Paragraph 89 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 89 of the Administrative Master Complaint are denied. Defendant affirmatively asserts Plaintiffs' claims are not appropriate for class certification as detailed in the Court's Order and Reasons denying class certification. (R. Doc. 1014).

XC.

The allegations of Paragraph 90 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 90 of the Administrative Master Complaint are denied. Defendant affirmatively asserts Plaintiffs' claims are not appropriate for class certification as detailed in the Court's Order and Reasons denying class certification. (R. Doc. 1014).

XCI.

The allegations of Paragraph 91 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 91 of the Administrative Master Complaint are denied.

25

Defendant affirmatively asserts Plaintiffs' claims are not appropriate for class certification as detailed in the Court's Order and Reasons denying class certification. (R. Doc. 1014).

XCII.

The allegations of Paragraph 92 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 92 of the Administrative Master Complaint are denied. Defendant affirmatively asserts Plaintiffs' claims are not appropriate for class certification as detailed in the Court's Order and Reasons denying class certification. (R. Doc. 1014).

XCIII.

The allegations of Paragraph 93 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 93 of the Administrative Master Complaint are denied. Defendant affirmatively asserts Plaintiffs' claims are not appropriate for class certification as detailed in the Court's Order and Reasons denying class certification. (R. Doc. 1014).

XCIV.

The allegations of Paragraph 94 of the Administrative Master Complaint constitute conclusions of law and as such

require no response on behalf of Defendant; however, to the
extent that same may be deemed necessary, the allegations of
Paragraph 94 of the Administrative Master Complaint are denied.
Defendant affirmatively asserts Plaintiffs' claims are not
appropriate for class certification as detailed in the Court's
Order and Reasons denying class certification. (R. Doc. 1014).

XCV.

The allegations of Paragraph 95 of the Administrative
Master Complaint constitute conclusions of law and as such
require no response on behalf of Defendant; however, to the
extent that same may be deemed necessary, the allegations of
Paragraph 95 of the Administrative Master Complaint are denied.
Defendant affirmatively asserts Plaintiffs' claims are not
appropriate for class certification as detailed in the Court's
Order and Reasons denying class certification. (R. Doc. 1014).

XCVI.

The allegations of Paragraph 96 of the Administrative
Master Complaint constitute conclusions of law and as such
require no response on behalf of Defendant; however, to the
extent that same may be deemed necessary, the allegations of
Paragraph 96 of the Administrative Master Complaint are denied.
Defendant affirmatively asserts Plaintiffs' claims are not
appropriate for class certification as detailed in the Court's
Order and Reasons denying class certification. (R. Doc. 1014).

27

XCVII.

The allegations of Paragraph 97 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 97 of the Administrative Master Complaint are denied. Defendant affirmatively asserts Plaintiffs' claims are not appropriate for class certification as detailed in the Court's Order and Reasons denying class certification. (R. Doc. 1014).

XCVIII.

In response to the allegations of Paragraph 98 of the Administrative Master Complaint, Defendant re-avers and re-asserts its answers contained in Paragraphs 1 to 97 above, as if copied herein, *in extenso*.

XCIX.

The allegations of Paragraph 99 the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 99 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

C.

The allegations of Paragraph 100 the Administrative Master

Complaint are denied for lack of sufficient information to form a belief therein.

CI.

The allegations of Paragraph 101 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 101 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

CII.

The allegations of Paragraph 102 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 102 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

CIII.

The allegations of Paragraph 103 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 103 of the Administrative Master Complaint are

denied for lack of sufficient information to form a belief therein.

CIV.

The allegations of Paragraph 104 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 104 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

CV.

The allegations of Paragraph 105 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 105 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

CVI.

The allegations of Paragraph 106 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 106 of the Administrative Master Complaint are

denied for lack of sufficient information to form a belief therein.

CVII.

The allegations of Paragraph 107 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 107 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

CVIII.

The allegations of Paragraph 108 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 108 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

CIX.

In response to the allegations of Paragraph 109 of the Administrative Master Complaint, Defendant re-avers and re-asserts its answers contained in Paragraphs 1 to 108 above, as if copied herein, *in extenso*.

31

CX.

The allegations of Paragraph 110 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 110 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

CXI.

The allegations of Paragraph 111 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 111 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

CXII.

The allegations of Paragraph 112 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 112 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

CXIII.

The allegations of Paragraph 113 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 113 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

CXIV.

The allegations of Paragraph 114 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 114 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

CXV.

The allegations of Paragraph 115 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 115 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

CXVI.

The allegations of Paragraph 116 of the Administrative

Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 116 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

CVII.

The allegations of Paragraph 117 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 117 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

CVIII.

The allegations of Paragraph 118 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 118 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

CXIX.

In response to the allegations of Paragraph 119 of the Administrative Master Complaint, Defendant re-avers and re-

34

asserts its answers contained in Paragraphs 1 to 118 above, as if copied herein, *in extenso.*

### CXX.

The allegations of Paragraph 120 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 120 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

### CXXI.

The allegations of Paragraph 121 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 121 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

### CXXII.

The allegations of Paragraph 122 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 122 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

CXXIII.

The allegations of Paragraph 123 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 123 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

CXXIV.

The allegations of Paragraph 124 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 124 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

CXXV.

The allegations of Paragraph 125 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 125 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

CXXVI.

The allegations of Paragraph 126 of the Administrative Master Complaint constitute conclusions of law and as such

require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 126 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

CXVII.

The allegations of Paragraph 127 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 127 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

CXXVIII.

The allegations of Paragraph 128 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 128 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

CXXIX.

The allegations of Paragraph 129 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of

Paragraph 129 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

CXXX.

The allegations of Paragraph 130 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 130 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

CXXXI.

The allegations of Paragraph 131 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 131 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

CXXXII.

In response to the allegations of Paragraph 132 of the Administrative Master Complaint, Defendant re-avers and re-asserts its answers contained in Paragraphs 1 to 131 above, as if copied herein, *in extenso*.

CXXXIII.

The allegations of Paragraph 133 of the Administrative Master Complaint constitute conclusions of law and as such

require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 133 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

CXXXIV.

The allegations of Paragraph 134 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 134 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

CXXXV.

The allegations of Paragraph 135 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 135 of the Administrative Master Complaint are denied.

CXXXVI.

The allegations of Paragraph 136 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 136 of the Administrative Master Complaint are denied.

CXXXVII.

The allegations of Paragraph 137 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 137 of the Administrative Master Complaint are denied.

CXXXVIII.

The allegations of Paragraph 138 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 138 of the Administrative Master Complaint are denied.

CXXXIX.

In response to the allegations of Paragraph 139 of the Administrative Master Complaint, Defendant re-avers and re-asserts its answers contained in Paragraphs 1 to 138 above, as if copied herein, *in extenso*.

CXL.

The allegations of Paragraph 140 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 140 of the Administrative Master Complaint are denied.

40

CXLI.

The allegations of Paragraph 141 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 141 of the Administrative Master Complaint are denied.

CXLII.

The allegations of Paragraph 142 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 142 of the Administrative Master Complaint are denied.

CXLIII.

The allegations of Paragraph 143 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 143 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

CXLIV.

The allegations of Paragraph 144 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the

extent that same may be deemed necessary, the allegations of Paragraph 144 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

CXLV.

The allegations of Paragraph 145 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 145 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

CXLVI.

The allegations of Paragraph 146 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 146 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

CXLVII.

The allegations of Paragraph 147 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 147 of the Administrative Master Complaint are denied.

CXLVIII.

The allegations of Paragraph 148 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 148 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

CXLIX.

The allegations of Paragraph 149 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 149 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

CL.

The allegations of Paragraph 150 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 150 of the Administrative Master Complaint are denied.

CLI.

The allegations of Paragraph 151 of the Administrative Master Complaint constitute conclusions of law and as such

43

require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 110 of the Administrative Master Complaint are denied.

CLII.

In response to the allegations of Paragraph 152 of the Administrative Master Complaint, Defendant re-avers and re-asserts its answers contained in Paragraphs 1 to 151 above, as if copied herein, *in extenso*.

CLIII.

The allegations of Paragraph 153 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 153 of the Administrative Master Complaint are denied.

CLIV.

The allegations of Paragraph 154 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 154 of the Administrative Master Complaint are denied.

CLV.

The allegations of Paragraph 155 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the

extent that same may be deemed necessary, the allegations of Paragraph 155 of the Administrative Master Complaint are denied.

CLVI.

The allegations of Paragraph 156 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 156 of the Administrative Master Complaint are denied.

CLVII.

The allegations of Paragraph 157 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 157 of the Administrative Master Complaint are denied for lack of sufficient information to form belief therein.

CLVIII.

In response to the allegations of Paragraph 158 of the Administrative Master Complaint, Defendant re-avers and re-asserts its answers contained in Paragraphs 1 to 157 above, as if copied herein, *in extenso*.

CLIX.

The allegations of Paragraph 159 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the

45

extent that same may be deemed necessary, the allegations of Paragraph 159 of the Administrative Master Complaint are denied.

CLX.

In response to the allegations of Paragraph 160 of the Administrative Master Complaint, Defendant re-avers and re-asserts its answers contained in Paragraphs 1 to 159 above, as if copied herein, *in extenso*.

CLXI.

The allegations of Paragraph 161 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 161 of the Administrative Master Complaint are denied.

CLXII.

The allegations of Paragraph 162 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 162 of the Administrative Master Complaint are denied.

CLXIII.

The allegations of Paragraph 163 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the

extent that same may be deemed necessary, the allegations of Paragraph 163 of the Administrative Master Complaint are denied.

CLXIV.

The allegations of Paragraph 164 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 164 of the Administrative Master Complaint are denied.

CLXV.

The allegations of Paragraph 165 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 165 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

CLXVI.

The allegations of Paragraph 166 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 166 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

CLXVII.

The allegations of Paragraph 167 of the Administrative

47

Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 167 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

CLXVIII.

The allegations of Paragraph 168 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 168 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

CLXIX.

The allegations of Paragraph 169 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 169 of the Administrative Master Complaint are denied.

CLXX.

The allegations of Paragraph 170 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of

Paragraph 1 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

CLXXI.

The allegations of Paragraph 171 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 171 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

CLXXII.

The allegations of Paragraph 172 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 172 of the Administrative Master Complaint are denied.

CLXXIII.

The allegations of Paragraph 173 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 173 of the Administrative Master Complaint are denied.

CLXXIV.

In response to the allegations of Paragraph 174 of the Administrative Master Complaint, Defendant re-avers and re-asserts

49

its answers contained in Paragraphs 1 to 173 above, as if copied herein, *in extenso*.

### CLXXV.

The allegations of Paragraph 175 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 175 of the Administrative Master Complaint are denied.

### CLXXVI.

The allegations of Paragraph 176 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 176 of the Administrative Master Complaint are denied.

### CLXXVII.

The allegations of Paragraph 177 of the Administrative Master Complaint are denied.

### CLXXVIII.

The allegations of Paragraph 178 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 178 of the Administrative Master Complaint are denied.

CLXXIX.

The allegations of Paragraph 179 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 179 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

CLXXX.

In response to the allegations of Paragraph 180 of the Administrative Master Complaint, Defendant re-avers and re-asserts its answers contained in Paragraphs 1 to 179 above, as if copied herein, *in extenso.*

CLXXXI.

The allegations of Paragraph 181 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 181 of the Administrative Master Complaint are denied.

CLXXXII.

In response to the allegations of Paragraph 182 of the Administrative Master Complaint, Defendant re-avers and re-asserts its answers contained in Paragraphs 1 to 181 above, as if copied herein, *in extenso.*

CLXXXIII.

The allegations of Paragraph 183 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 183 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

CLXXXIV.

The allegations of Paragraph 184 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 184 of the Administrative Master Complaint are denied.

CLXXXV.

The allegations of Paragraph 185 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 185 of the Administrative Master Complaint are denied.

CLXXXVI.

The allegations of Paragraph 186 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the

extent that same may be deemed necessary, the allegations of Paragraph 186 of the Administrative Master Complaint are denied.

CLXXXVII.

The allegations of Paragraph 187 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 187 of the Administrative Master Complaint are denied.

CLXXXVIII.

The allegations of Paragraph 188 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 188 of the Administrative Master Complaint are denied.

CLXXXIX.

The allegations of Paragraph 189 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 189 of the Administrative Master Complaint are denied.

CXC.

The allegations of Paragraph 190 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the

extent that same may be deemed necessary, the allegations of Paragraph 190 of the Administrative Master Complaint are denied.

CXCI.

The allegations of Paragraph 191 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 191 of the Administrative Master Complaint are denied.

CXCII.

The allegations of Paragraph 192 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 192 of the Administrative Master Complaint are denied.

CXCIII.

In response to the allegations of Paragraph 193 of the Administrative Master Complaint, Defendant re-avers and re-asserts its answers contained in Paragraphs 1 to 192 above, as if copied herein, *in extenso*.

CXCIV.

The allegations of Paragraph 194 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the

54

extent that same may be deemed necessary, the allegations of Paragraph 194 of the Administrative Master Complaint are denied.

CXCV.

The allegations of Paragraph 195 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 195 of the Administrative Master Complaint are denied.

CXCVI.

The allegations of Paragraph 196 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 196 of the Administrative Master Complaint are denied.

CXCVII.

The allegations of Paragraph 197 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 197 of the Administrative Master Complaint are denied.

CXCVIII.

The allegations of Paragraph 198 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the

extent that same may be deemed necessary, the allegations of Paragraph 198 of the Administrative Master Complaint are denied.

CXCIX.

In response to the allegations of Paragraph 199 of the Administrative Master Complaint, Defendant re-avers and re-asserts its answers contained in Paragraphs 1 to 198 above, as if copied herein, *in extenso*.

CC.

The allegations of Paragraph 200 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 200 of the Administrative Master Complaint are denied for lack of sufficient information to form a belief therein.

CCI.

The allegations of Paragraph 201 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 201 of the Administrative Master Complaint are denied.

CCII.

The allegations of Paragraph 202 of the Administrative Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the

extent that same may be deemed necessary, the allegations of
Paragraph 202 of the Administrative Master Complaint are denied.

CCIII.

The allegations of Paragraph 203 of the Administrative
Master Complaint are denied for lack of sufficient information
to form a belief therein.

CCIV.

The allegations of Paragraph 204 of the Administrative
Master Complaint constitute conclusions of law and as such
require no response on behalf of Defendant; however, to the
extent that same may be deemed necessary, the allegations of
Paragraph 204 of the Administrative Master Complaint are denied.

CCV.

The allegations of the section of the Administrative Master
Complaint entitled "Compensatory Damages: All States" constitute
conclusions of law and as such require no response on behalf of
Defendant; however, to the extent that same may be deemed
necessary, the allegations are denied.

CCVI.

The allegations of the section of the Administrative Master
Complaint entitled "Medical Monitoring" are denied.  Defendant
affirmatively asserts Plaintiffs' claims are not appropriate for
class certification as detailed in the Court's Order and Reasons
denying class certification.  (R. Doc. 1014).

CCVII.

The allegations of the section of the Administrative Master Complaint entitled "Punitive Damages" constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations are denied.

CCVIII.

The allegations of the section of the Administrative Master Complaint entitled "Request for Jury Trial" constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations are denied for lack of sufficient information to form a belief therein.

CCIX.

The allegations of the section of the Administrative Master Complaint entitled "Prayer for Relief" and any other allegations not expressly admitted or denied are hereby denied.

CCX.

The allegations of Paragraph 1 of the First Supplemental and  Amended Master Complaint require neither an affirmative or negative response; however, to the extent that same may be deemed necessary, the allegations of Paragraph 1 of the First Supplemental and Amended Master Complaint are denied for lack of sufficient information to form a belief therein.

CCXI.

The allegations of Paragraph 2 of the First Supplemental and Amended Master Complaint require neither an affirmative or negative response; however, to the extent that same may be deemed necessary, the allegations of Paragraph 2 of the First Supplemental and Amended Master Complaint are denied for lack of sufficient information to form a belief therein.

CCXII.

The allegations of Paragraph 3 of the First Supplemental and Amended Master Complaint require neither an affirmative or negative response; however, to the extent that same may be deemed necessary, the allegations of Paragraph 3 of the First Supplemental and Amended Master Complaint are denied for lack of sufficient information to form a belief therein.

CCXIII.

The allegations of Paragraph 4 of the First Supplemental and Amended Master Complaint require neither an affirmative or negative response; however, to the extent that same may be deemed necessary, the allegations of Paragraph 4 of the First Supplemental and Amended Master Complaint are denied for lack of sufficient information to form a belief therein.

CCXIV.

The allegations of Paragraph 5 of the First Supplemental and Amended Master Complaint require neither an affirmative or

negative response; however, to the extent that same may be deemed necessary, the allegations of Paragraph 5 of the First Supplemental and Amended Master Complaint are denied for lack of sufficient information to form a belief therein.

CCXV.

The allegations of Paragraph 6 of the First Supplemental and Amended Master Complaint require neither an affirmative or negative response; however, to the extent that same may be deemed necessary, the allegations of Paragraph 6 of the First Supplemental and Amended Master Complaint are denied for lack of sufficient information to form a belief therein.

CCXVI.

The allegations of Paragraph 7 of the First Supplemental and Amended Master Complaint require neither an affirmative or negative response; however, to the extent that same may be deemed necessary, the allegations of Paragraph 7 of the First Supplemental and Amended Master Complaint are denied for lack of sufficient information to form a belief therein.

CCXVII.

The allegations of Paragraph 8 of the First Supplemental and Amended Master Complaint require neither an affirmative or negative response; however, to the extent that same may be deemed necessary, the allegations of Paragraph 8 of the First

Supplemental and Amended Master Complaint are denied for lack of sufficient information to form a belief therein.

CCXVIII.

The allegations of Paragraph 9 of the First Supplemental and Amended Master Complaint require neither an affirmative or negative response; however, to the extent that same may be deemed necessary, the allegations of Paragraph 9 of the First Supplemental and Amended Master Complaint are denied for lack of sufficient information to form a belief therein.

CCXIX.

The allegations of Paragraph 1 of the Second Supplemental and Amended Master Complaint require neither an affirmative or negative response; however, to the extent that same may be deemed necessary, the allegations of Paragraph 1 of the Second Supplemental and Amended Master Complaint are denied for lack of sufficient information to form a belief therein.

CCXX.

The allegations of Paragraph 2 of the Second Supplemental and Amended Master Complaint require neither an affirmative or negative response; however, to the extent that same may be deemed necessary, the allegations of Paragraph 2 of the Second Supplemental and Amended Master Complaint are denied for lack of sufficient information to form a belief therein.

CCXXI.

The allegations of Paragraph 3 of the Second Supplemental and Amended Master Complaint requires neither an affirmative or negative response; however, to the extent that same may be deemed necessary, Defendant denies the allegations of Paragraph 3 of the Second Supplemental and Amended Master Complaint for lack of sufficient information to justify a belief therein.

CCXXII.

The allegations of Paragraph 4 of the Second Supplemental and Amended Master Complaint requires neither an affirmative or negative response; however, to the extent that same may be deemed necessary, Defendant denies the allegations of Paragraph 4 of the Second Supplemental and Amended Master Complaint for lack of sufficient information to justify a belief therein.

CCXXIII.

The allegations of Paragraph 5 of the Second Supplemental and Amended Master Complaint requires neither an affirmative or negative response; however, to the extent that same may be deemed necessary, Defendant denies the allegations of Paragraph 5 of the Second Supplemental and Amended Master Complaint for lack of sufficient information to justify a belief therein.

CCXXIV.

The allegations of Paragraph 6 of the Second Supplemental and Amended Master Complaint requires neither an affirmative or

negative response; however, to the extent that same may be deemed necessary, Defendant denies the allegations of Paragraph 6 of the Second Supplemental and Amended Master Complaint for lack of sufficient information to justify a belief therein.

CCXXV.

The allegations of Paragraph 7 of the Second Supplemental and Amended Master Complaint requires neither an affirmative or negative response; however, to the extent that same may be deemed necessary, Defendant denies the allegations of Paragraph 7 of the Second Supplemental and Amended Master Complaint for lack of sufficient information to justify a belief therein.

CCXXVI.

The allegations of Paragraph 8 of the Second Supplemental and Amended Master Complaint constitute conclusions of law and as such require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 8 of the Second Supplemental and Amended Master Complaint are denied for lack of sufficient information to form a belief therein.  Defendant affirmatively asserts Plaintiffs' claims are not appropriate for class certification as detailed in the Court's Order and Reasons denying class certification. (R. Doc. 1014).

CCXXVII.

The allegations of Paragraph 9 of the Second Supplemental

and Amended Master Complaint require neither an affirmative or negative response; however, to the extent that same may be deemed necessary, the allegations of Paragraph 9 of the Second Supplemental and Amended Master Complaint are denied for lack of sufficient information to form a belief therein.

CCXXVIII.

Defendant requests a trial by jury.

**FOURTH DEFENSE**

Defendant specifically denies the existence of any defect or defects that would render any product of R-Vision, Inc. unreasonably dangerous under the Louisiana Products Liability Act, the limited warranty and/or any other applicable law, contract or standard.

**FIFTH DEFENSE**

Any products manufactured by R-Vision, Inc. that are the subject of the claims in this action were manufactured in conformity with state of the art technology and consistent with all applicable standards, regulations, laws and/or industry standards.

**SIXTH DEFENSE**

The product at issue is not unreasonably dangerous in manufacture, construction or composition and/or not unreasonably dangerous in design and/or not unreasonably dangerous by virtue

64

of failure to warn and/or not dangerous due to non-conformity to express warranty.

### SEVENTH DEFENSE

The product at issue was at all times reasonably fit and suitable for the purposes for which it was manufactured and sold and was not in any way defective or unreasonably dangerous for the use for which the product was intended.

### EIGHTH DEFENSE

The product at issue did not deviate in any material respect from the specifications or performance standards for the product or from otherwise identical products and was not substandard in any respect.

### NINTH DEFENSE

The product at issue was manufactured with the highest degree of skill and care and in conformity with the knowledge and skills available to the industry at all times in question.

### TENTH DEFENSE

There is no alternative design for the product at issue that was capable of preventing Plaintiffs' alleged damages.

### ELEVENTH DEFENSE

The warnings or instructions on or accompanying the product at issue were adequate and the adequacy of those warnings are a complete bar to recovery.

## TWELFTH DEFENSE

No express warranties existed or were breached, and the product at issue was at all times reasonably fit and suitable for the purposes for which it was manufactured and sold, and Plaintiffs' injuries and damages do not result from any defects in said product.

## THIRTEENTH DEFENSE

The damage alleged herein occurred as a result of the misuse and/or abuse of the product at issue, including but not limited to failure to follow instructions for use and/or warnings, which is a complete bar to recovery.

## FOURTEENTH DEFENSE

Upon information and belief, all injuries and damages of which Plaintiffs complain were caused by a misuse, abuse, modification and/or alteration of the product in question and serve as a bar to Plaintiffs' recovery.

## FIFTEENTH DEFENSE

Upon information and belief, all risks and damages connected with the incident made the subject of Plaintiffs' Complaint were, obvious, apparent, and known to Plaintiffs who assumed the risks of their injuries.

## SIXTEENTH DEFENSE

The danger in using the product at issue was open and obvious, and there was no duty to warn of it.

## SEVENTEENTH DEFENSE

Defendant avers the product in question was out of R-Vision, Inc.'s control over a material period of time, and during that time, R-Vision, Inc. had no control over the maintenance, use or control of the product.  Defendant avers if there was any defect or deficiency in the product at the time of the accident at issue, such defect or deficiency did not relate to the original design, manufacture or sale of the product or any procedures undertaken by R-Vision, Inc. but, on the contrary, is the result of misuse, abuse, improper storage or other actions or omissions on the part of Plaintiffs or others for whom Defendant is not and cannot be responsible.

## EIGHTEENTH DEFENSE

Defendant denies that it or anyone for whom it may be responsible was guilty of any negligence, gross negligence, strict liability, want of due care or other legal fault constituting a proximate cause of the alleged accident and injuries in question and/or entitling Plaintiffs to recover any damages herein.

## NINETEENTH DEFENSE

Defendant denies that it or any person, firm or corporation for whom it may be responsible was guilty of any negligence, gross negligence, strict liability, want of due care or other legal fault constituting a proximate cause of the alleged

accident and injuries in question, but on the contrary avers that the accident and resulting injuries, if any, were caused by the fault, negligence, want of due care or other legal fault of parties for whose actions Defendant is not responsible, which must be quantified and legally allocated accordingly.

### TWENTIETH DEFENSE

Any injuries or damages alleged by Plaintiffs herein were caused solely as a result of the fault and/or negligence of those entities installing the products at issue.

### TWENTY-FIRST DEFENSE

Any injuries or damages alleged by Plaintiffs herein were caused solely as a result of the fault and/or negligence of the Federal Government, United States of America and/or Federal Emergency Management Agency.

### TWENTY-SECOND DEFENSE

While at all times denying liability, Defendant alleges that Plaintiffs were guilty of contributory negligence and/or assumption of the risk, all of which are a bar to Plaintiffs' recovery herein, and in the further alternative, that Plaintiffs were guilty of comparative and/or contributory fault which said fault contributed to their injuries and that this Court should fix the amount or degree of fault of Plaintiffs in any recovery to which Plaintiffs might otherwise be entitled should be reduced by such percentage of negligence or fault.

### TWENTY-THIRD DEFENSE

Plaintiffs' alleged injuries and/or damages were the result of intervening and superceding events, factors, occurrences and/or conditions over which Defendant had no control.

### TWENTY-FOURTH DEFENSE

Defendant avers the best evidence of the terms, conditions, provisions, limitations, exclusions and coverage of the said policy are contained in the policy itself.  Defendant denies any allegations which may tend to enlarge, contradict, or contravene the terms, conditions, exclusions and limitations of liability as to the amount or otherwise, as therein provided.  Defendant specifically pleads the terms of the policy as if copied herein in full and place Plaintiffs on their full proof of any allegations seeking to infer liability on behalf of any party by virtue of the existence of said policy of insurance.

### TWENTY-FIFTH DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, by the applicable statutes of limitation and/or prescriptive and/or preemptive periods.

### TWENTY-SIXTH DEFENSE

In the event, and solely in the event, that any liability is found to exist on the part of Defendant, or someone for whom Defendant may be responsible, all of which is at all times

specifically denied, Defendant avers that Plaintiffs have failed to mitigate their damages.

### TWENTY-SEVENTH DEFENSE

Defendant specifically denies the existence of any defect or defects that would render any product of R-Vision, Inc. unreasonably dangerous under the Louisiana Products Liability Act, Mississippi Products Liability law, Alabama Manufacturer's Liability Doctrine, Texas Products Liability law, the limited warranty and/or any other applicable law, contract or standard.

### TWENTY-EIGHTH DEFENSE

Defendant further pleads any and all defenses applicable and available to it under any controlling Texas statutes.

### TWENTY-NINTH DEFENSE

Defendant further pleads any and all defenses applicable and available to it under any controlling Mississippi statutes, including but not limited to, the Mississippi Products Liability Act, MCA§11-1-63.

### THIRTIETH DEFENSE

Plaintiffs' claims are, or may be, barred, in whole or in part, to the extent that under the provisions of Mississippi Code Ann. §85-5-7. Defendant is liable only for the amount of damages allotted to them, if any, in direct proportion to their percentage of fault, if any, with due respect to the total

negligence of all parties whose actions caused or contributed to the incident and the damages of which are complained.

## THIRTY-FIRST DEFENSE

Plaintiffs' claims are, or may be, barred, in whole or in part, to the extent that the Administrative Master Complaint, as supplemented and amended, does not state a cause of action for punitive or exemplary damages against Defendant sufficient in law whereby recovering may be had.

## THIRTY-SECOND DEFENSE

Plaintiffs' claims are, or may be, barred, in whole or in part, to the extent that any award of punitive damages to the extent they are even pled in the Administrative Master Complaint, as supplemented and amended, would be unconstitutional because the standards utilized to allow the imposition of such damages are so vague, both on their face and as applied, so as to fail to give adequate or sufficient notice of the prohibitive conduct.

## THIRTY-THIRD DEFENSE

The exact damages/losses claimed by Plaintiffs are unknown to Defendant, and thus Defendant cannot adequately determine all defenses that may be applicable to Plaintiffs' claims. Therefore, Defendant expressly reserves by this reference the right to raise additional defenses to the extent that additional defenses become applicable under State and Federal law,

additional defenses are established as discovery proceeds and
additional defenses are available and are subsequently asserted
theories of recovery.

### THIRTY-FOURTH DEFENSE

The Administrative Master Complaint, as amended and
supplemented, and the complaints filed in each one of the
underlying actions that are part of this multi-district
litigation, have improperly joined parties (both Plaintiffs and
Defendants) in this action in violation of Rule 19 of the
Federal Rules of Civil Procedure, requiring severance of parties
as required by Rule 21 of the Federal Rules of Civil Procedure.

### THIRTY-FIFTH DEFENSE

The Administrative Master Complaint, as amended and
supplemented, and the complaints filed in each one of the
underlying actions that are part of this multi-district
litigation, have improperly joined claims under Rule 18 of the
Federal Rules of Civil Procedure requiring severance of claims
as provided by Rule 21 of the Federal Rules of Civil Procedure.

WHEREFORE, all premises considered, Defendant, WESTCHESTER
SURPLUS LINES INSURANCE COMPANY, as insurer of R-Vision, Inc.,
prays that its Answer to the Administrative Master Complaint,
First Supplemental and Amended Master Complaint and Second
Supplemental and Amended Master Complaint be deemed good and
sufficient, and that after all legal delays and due proceedings

are had, this Honorable Court enter judgment in its favor and against Plaintiffs and grant Defendant, WESTCHESTER SURPLUS LINES INSURANCE COMPANY, as insurer of R-Vision, Inc., such other, further and different relief as may be necessary and proper, including attorney's fees and costs, as the justice of this cause may require and permit, as well as for all other general and equitable relief as is reasonable under the premises.  Defendant further prays for a trial by jury.

Respectfully submitted,

PREIS & ROY
(A Professional Law Corporation)


BY: /s/Catherine M. Landry
      EDWIN G. PREIS, JR. #10703
      CATHERINE M. LANDRY #25750
      102 Versailles Boulevard, Ste. 400
      Post Office Drawer 94-C
      Lafayette, Louisiana 70509
      Telephone: 337-237-6062
      Facsimile: 337-237-9129
      E-mail: epreis@preisroy.com
      E-mail: clandry@preisroy.com

*COUNSEL FOR WESTCHESTER SURPLUS LINES INSURANCE COMPANY, AS INSURER OF R-VISION, INC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th day of January, 2010, a copy of the foregoing Answer to Complaint for Damages was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the Court's electronic filing system.

<u>   /s/Catherine M. Landry   </u>
CATHERINE M. LANDRY

74