UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

|  |  |  |
|---|---|---|
| | * | |
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCT LIABILITY | * | SECTION "N-5" |
| LITIGATION | * | |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAG. JUDGE CHASEZ |
| | * | |
| THIS DOCUMENT RELATES TO: | * | |
| *EARLINE CASTANEL, ET AL v.* | * | |
| *RECREATION BY* | * | |
| *DESIGN, LLC, SHAW* | * | |
| *ENVIRONMENTAL, INC.,* | * | |
| *and UNITED STATES OF AMERICA* | * | |
| *THROUGH THE FEDERAL* | * | |
| *EMERGENCY MANAGEMENT* | * | |
| *AGENCY,* NO. 09-3251 | * | |

*****************************************************************************

**RECREATION BY DESIGN, LLC'S REPLY MEMORANDUM IN
SUPPORT OF 12(B)(6) MOTION TO DISMISS**

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Recreation By

Design, LLC ("RBD"), who respectfully submits this reply memorandum in support of its Rule

12(b)(6) Motion to Dismiss certain claims asserted by Plaintiff, Earline Castanel, in her Original

Complaint for Damages and First Supplemental and Amended Complaint for Damages.

## LAW AND ARGUMENT

### A.      EXPRESS WARRANTY AND INTENDED USE CLAIMS[1]

Plaintiff asserts in her Memorandum in Opposition to RBD's 12(b)(6) Motion to Dismiss that she did not intend to bring an Express Warranty or Intended Use Claim against RBD.  Rather, Plaintiff contends that the introductory language in Paragraph 90 explains that sub-paragraphs (iv), (ix), and (viii) "merely provide details of the claims Ms. Castanel asserts under the Louisiana Products Liability Act ("LPLA").  Stated differently, Ms. Castanel alleges that her RBD unit was rendered unreasonably dangerous in construction, composition, and design as a result of RBD's failures concerning warranties and intended use."[2]  RBD does not agree with Plaintiff's interpretation of the aforementioned subparagraphs.  RBD suggest to this Court that a plain language readings of the subject sub-paragraphs clearly show, even if it was not plaintiff's intent, that Plaintiff alleged claims of breach of Express Warranty and Intended Use, against RBD.

As detailed  in its  Memorandum in Support of its 12(b)(6) Motion to Dismiss, Plaintiff's exclusive remedy against RBD is the LPLA.  Given that Plaintiff's claims of Express Warranty and Intended Use are not allowed for under the LPLA and that Plaintiff does not argue such claims are applicable,  RBD respectfully request that this Court dismiss Plaintiff's claims of Express Warranty and Intended Use.

---

[1]Paragraph 90 of Plaintiff's Original Complaint for Damages reads as follows: *The defects in RBD's housing units are the result of and/or include, but are not limited to, the following*.  Sub-Paragraph 90(iv) states: *In providing housing units which did not conform to the express warranties made by the (sic) RBD regarding their fitness for use as reasonably anticipated*.  Sub-Paragraph 90(viii) states: *In failing to ensure that the housing units it manufactured and provided to each Named Plaintiff were suitable for their intended use*.  Sub-Paragraph 90(ix) states: *In failing to adhere to any and all express warranties of fitness and safety for the housing units they manufactured and provided*.

[2]See Plaintiff's Memorandum in Opposition to RBD's 12(b)(6) Motion to Dismiss, pg. 2, paragraph 2.

### B.      FRAUD AND MISREPRESENTATION[3]

The Plaintiff also asserts that she did not intend to bring a claim of Fraud and Misrepresentation against RBD in Paragraph 23 of her Complaint for Damages.  Rather, Plaintiff states that because Paragraph 23 is included under Section III of her complaint, which bears the title, "Facts and General Allegations", it should have been clear to RBD that this paragraph was only intended to be a part of the factual background of Plaintiff claims against RBD.[4]

RBD again disagrees with Plaintiff's reasoning.  Based upon a  plain language reading of Paragraph 23, in which Plaintiff states that RBD, "ignored, or concealed and/or condoned the concealment of, the fact that each and all of the housing units at issue contained dangerous levels of formaldehyde..."[5], RBD interprets this as an attempt by Plaintiff to bring a Fraud and Misrepresentation claim against it.  Since the LPLA, which is the Plaintiff's only remedy against RBD, does not allow for a claim of Fraud and Misrepresentation, and since Plaintiff denies such a claim is made, RBD respectfully requests that this Court dismiss Plaintiff's claim of Fraud and Misrepresentation.

---

[3] Paragraph 23 of Plaintiff's Original Complaint for Damages reads as follows: *Named Plaintiffs submit that RBD ignored, or concealed and/or condoned the concealment of, the fact that each and all of the housing units at issue contained dangerous levels of formaldehyde due to RBD's use of certain materials in their construction, and/or posed the threat of producing dangerous levels of formaldehyde due to the Federal Government's intended use of the housing units as temporary residences for at least 18 months, all in order to sell RBD's products, and/or avoid the costs of safety precautions/inspections, and/or avoid litigation by persons injured by formaldehyde emissions.*

[4] See Plaintiff's Memorandum in Opposition to RBD's 12(b)(6) Motion to Dismiss, pg. 3, paragraph 1.

[5] See Paragraph 23 on pg. 5 of Plaintiff's Original Complaint for Damages.

### C.    JOINT LIABILITY[6]

Plaintiff also asserts that RBD misinterprets Paragraph 105 of her Complaint for damages wherein she states in part that "the United States of America through FEMA ("FEMA") and RBD, as well as Shaw, individually and/or jointly, are responsible for all damages with each Named Plaintiff herein suffered...."[7] Plaintiff maintains that this reference to joint liability, "results in liability under the LPLA and that because the LPLA states that a joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person...that no other implication can be reasonably read into the language of Paragraph 105 of her Complaint."[8]

RBD takes exception to Plaintiff's explanation of the intent of the statement regarding the joint liability of the defendants. Again, a reading of the paragraph implies that RBD, FEMA and Shaw could each be held equally liable for all damages suffered by the Plaintiff.  As discussed in detail in its Memorandum in Support of its 12(b)(6) Motion to Dismiss, under La. C.C. Arts. 2323 *et seq,* a Defendant can only be held liable for the damages it causes, and not for someone else's actions, unless Plaintiff can prove that the Defendants engaged in a type of conspiracy which resulted in plaintiff's alleged damages.[9] Plaintiff did not allege that the Defendants in this matter engaged in a conspiracy.  Therefore, under Louisiana's comparative faults rules, a defendant can only be held

---

[6]Paragraph 105 of Plaintiff Original Complaint for Damages reads in relevant part: *In addition to and by way of summarizing the compensatory damages prayed for herein, each Named Plaintiff averts that the defendants, the United States of America through FEMA and Recreation by Design, as well as Shaw, individually and/or jointly, are responsible for all damages which each Named Plaintiff herein has suffered... .*

[7]See Paragraph 105 on pg. 31 of Plaintiff's Original Complaint for Damages.

[8]See Plaintiff's Memorandum in Opposition to RBD's 12(b)(6) Motion to Dismiss, pg. 3, paragraph 2.

[9]La. Civ. Code Article 2324.

liable for damages, if any, that it caused.  It follows that Plaintiff's claims of joint liability between the Defendants should be dismissed.

## CONCLUSION

Although plaintiff contends that RBD misinterpreted the language of the Castanel complaint, this is completely unsupported as the Original Complaint of Ms. Castanel makes broad claims that must be addressed by RBD.  A reading of the Castanel Complaint shows such allegations were advanced against RBD; thus, RBD seeks  to have Plaintiff's claims of Express Warranty, Intended Use, Fraud and Misrepresentation and Joint Liability dismissed.  Just as a "court is generally limited in considering only those allegations appearing on the face of the complaint when deciding a 12(b)(6) Motion to Dismiss[10]," RBD was also limited to the face of Plaintiff's Complaint when deciding what claims against it were proper for inclusion in its 12(b)(6) Motion to Dismiss.  On the face of Plaintiff's Complaint, it is apparent that Plaintiff brought claims of Breach of Express Warranty, Intended Use, Fraud and Misrepresentation and Joint Liability against RBD.  Plaintiff has no legal grounds to sustain these  claims against RBD.  As such, RBD urges this Court to dismiss Plaintiff's Claims of Breach of Express Warranty, Intended Use, Fraud and Misrepresentation and Joint Liability.

---

[10]*James v. Branch*, 2009 WL 4723139, E.D. La., at 9, 12/1/09.

Respectfully submitted,


*/s/Randall C. Mulcahy*
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
GARRISON, YOUNT, FORTE & MULCAHY, LLC
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Attorneys for defendant, Recreation By Design, LLC
Email: rmulcahy@garrisonyount.com


## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2010, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

*/s/Randall C. Mulcahy*
RANDALL C. MULCAHY, Bar No. 26436