## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | |
|---|---|
| **KAREN ROBISON WOODARD** | **CIVIL ACTION NO. 2:03 cv2098 (LEAD)** |
| **versus** | **c/w 2:06 CV0257 (MEMBER)** |
| **JAMES ANDRUS, ET AL** | **JUDGE SARAH VANCE** |
| **C/W** | **MAGISTRATE WILKINSON** |
| **DELLA GATZKE, ET AL** | |
| **versus** | |
| **LOUISIANA CLERK OF COURTS ASSOCIATION, ET AL** | |

### PLAINTIFFS' PROPOSED AMENDING MASTER COMPLAINT

Plaintiffs bring this action on behalf of themselves and a class of similarly situated civil

litigants in the various Louisiana state district courts for which the defendants are Clerks. Plaintiffs

assert that they and other  similarly situated civil litigants were not provided adequate notice as is

required under the due process clause of the United State Constitution either before or after

deprivation of their property, all in violation of 42 U.S.C. §§ 1983 and 1988.

### I. Introduction

1.

This action arises under 42 U.S.C. §§ 1983 and 1988, as hereafter more fully appears, and

this Court is vested with jurisdiction pursuant to the provisions of 28 U.S.C. § 1331.

2.

The name plaintiffs and class representatives are:

a.       **KAREN ROBISON WOODARD**, a resident and domiciliary of Calcasieu Parish,

State of Louisiana;

b.   **DELLA GATZKE**, a resident and domiciliary of East Baton Rouge Parish, State of Louisiana.

c.   **PAUL FOUNTAINE**, a resident and domiciliary of East Baton Rouge Parish, State of Louisiana.

d.   **EARL PANIA**, a resident and domiciliary of Iberville Parish, State of Louisiana.

e.   **LATIYA SMITH**, a resident and domiciliary of Tangipohoa Parish, State of Louisiana.

f.   **CONRAN FRICKE**, a resident and domiciliary of Jefferson Parish, State of Louisiana.

g.   **JENNIFER GUILLORY**, a resident and domiciliary of Calcasieu Parish, State of Louisiana.

h.   **BILLY CHARLES HERRMANN**, a resident and domiciliary of Caddo Parish, State of Louisiana.

3.

The proposed class shall consist of the following:

Any and all civil litigants in Louisiana State Court proceedings in Calcasieu Parish from November 13, 2002 to August 15, 2006 or in Beauregard Parish, Caddo Parish, East Baton Rouge Parish, Iberville Parish, Jefferson Parish, and Tangipahoa Parish from August 15, 2003 to August 15, 2006 and who paid court cost or advanced deposits or whose payments or deposits were deferred as they were granted pauper status and were assessed or were or will be cast to pay any court costs accrued during those periods but were not provided notice consistent with Due Process requirements of the Fourteenth Amendment to the Constitution of the United States which requires that before a final depravation of property there must be "notice" given that is "reasonably calculated, under all the circumstances, to apprise" interested parties.

Excluded from the proposed class are 1) the presiding judge; 2) Any other judge sitting in this matter for any purpose; 3) Other court personnel connected in any way with this case; 4) The parents, siblings, children and grandchildren of the presiding judge and of any other judge sitting in this case; 5) All Defendants, their offices and their employees, contractors, consultants or attorneys; and 6) Any law firms representing any Defendants, their employees, staff, and partners, members, or shareholders.

4.

The proposed class should be divided into seven subclasses as follows:

a.     Calcasieu Parish Subclass:  "Any and all members of the proposed class of civil
       litigants in Calcasieu Parish from November 13, 2002 to August 15, 2006."

b.     Beauregard Parish Subclass: "Any and all members of the proposed class of civil
       litigants in Beauregard Parish from August 15, 2003 to August 15, 2006."

c.     Caddo Parish Subclass: "Any and all members of the proposed class of civil litigants
       in Caddo Parish from August 15, 2003 to August 15, 2006."

d.     East Baton Rouge Parish Subclass:  "Any and all members of the proposed class of
       civil litigants in East Baton Rouge Parish from August 15, 2003 to August 15, 2006."

e.     Iberville Parish Subclass:  "Any and all members of the proposed class of civil
       litigants in Iberville Parish from August 15, 2003 to August 15, 2006."

f.     Jefferson Parish Subclass: "Any and all members of the proposed class of civil
       litigants in Jefferson Parish from August 15, 2003 to August 15, 2006."

g.     Tangipahoa Parish Subclass: "Any and all members of the proposed class of civil
       litigants in Tangipahoa Parish from August 15, 2003 to August 15, 2006."

5.

Made defendants herein are:

a.     Brian Lestage (formerly named as Ronald L. Nichols when he was Clerk), in his
       official capacity as Clerk of Court for the 36th Judicial District Court for the Parish
       of Beauregard, State of Louisiana, and any successors to that office.

b.     Gary Loftin, in his official capacity as Clerk of Court for the 1st Judicial District
       Court for the Parish of Caddo, State of Louisiana, and any successors to that office.

c.     H. Lynn Jones, II, in his official capacity as Clerk of Court for the 14th Judicial
       District Court for the Parish of Calcasieu, State of Louisiana, and any successors to
       that office.

d.     Doug Welborn, in his official capacity as Clerk of Court for the 19th Judicial District
       Court for the Parish of East Baton Rouge, State of Louisiana, and any successors to
       that office.

e.     J. G. (Bubbie) Dupont, Jr., in his official capacity as Clerk of Court for the 18th

Judicial District Court for the Parish of Iberville, State of Louisiana, and any successors to that office.

f.    Jon A. Gegenheimer, in his official capacity as Clerk of Court for the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, and any successors to that office.

g.    Julian Dufreche, in his official capacity as Clerk of Court for the 21st Judicial District Court for the Parish of Tangipahoa Parish, State of Louisiana, and any successors to that office.

6.

The defendants as Clerks of Court of their respective Parishes and/or as predecessors to those positions are the chief policy making authorities within their respective parishes with regards to the policies in place for the charging and collection of fees in civil litigation and failing to provide adequate notice to the plaintiffs and the putative class members.  As such, their actions are considered the actions of the various political subdivisions from which they derive their authority and/or for which they operate.

7.

The Clerks of Court are public officials acting under color of state law and have the capacity to be sued and are amenable to suit under 42 U.S.C. §§ 1983 and 1988.

8.

The authority of the Clerks of Court to charge and collect fees from civil litigants is controlled by state statutory authority but its obligation to provide adequate notice of the property deprivation that results from that charging or assessing fees is also subject to the requirements of due process.  This notice is required at a meaningful time in order for the class members to have a meaning opportunity to contest the assessed charges in the appropriate forum and in the appropriate manner.  Accordingly, even if they had complied with statutory authority in assessing costs, they still

acted in violation of the Due Process notice requirements since no adequate notice was provided to plaintiffs and the putative class members. Further, as until the amendment to La. R.S. 13:750, since the litigants only had one year from the assessment of the charge to contest the charge and, after the amendment, now still only have four years to do so, the time period to challenge the assessments will often pass prior to any notice of the amounts assessed or the methods, manners, or bases for the assessment or charges; thereby creating a heightened duty on the part of defendants to give timely and meaningful notice.

## II. Class Action Proceeding is Appropriate

9.

Plaintiffs bring this action pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure on behalf of themselves and a class of similarly situated civil litigants.

10.

The class includes thousand of members, many of which are known and others that are unknown to the plaintiffs but who can be readily identified by the defendants.

11.

The defendants assessed charges against the plaintiff and sub-class members within their respective parishes but failed to give either pre-deprivation or post-deprivation notice as required by the Due Process clause of the Fourteenth Amendment of United States Constitution.

12.

In light of the damages associated with the type of Due Process violation that occurred in this case (only nominal damages), individual prosecution of this matter would be impractical.

13.

There is a well-defined community of interest in the questions of law and fact affecting the

class.

14.

There are common questions of law and fact affecting the rights of the members of this class all of whom are, were, and continue to be effected in a similar manner and being to the notice required by the Due Process clause of the Fourteenth Amendment of United States Constitution. Those common questions include (1) whether defendants provided adequate and meaningful notice to the plaintiffs and putative class members; (2) whether the notice, if any provided by the defendants was "reasonably calculated, under all the circumstances, to apprise" the plaintiffs and putative class members; and (3) the extent of nominal damages due to the plaintiffs and putative class members. These common questions predominate over any questions affecting only individual members of this class and class action is a superior form of litigating these issues.

15.

The claims of all members of the class and/or subclasses result from a similar course of conduct and practices by defendants all of whom were acting under the same statutory scheme which violated the civil rights of the class members, namely by failing  to provide adequate, timely and proper due process notice to said class members relative to the pre and post deprivation of their property.

16.

The members of the class are so numerous that joinder of all members is impracticable in the prosecution of the common relief sought.

17.

Defendants have acted and refused to act on grounds generally applicable to the class. Under these circumstances, the common interests of the class are such that any interest of the individual

members of the class is completely out-weighed by the desirability of concentrating the controversy in a single forum and a class action is superior to any other available method for the fair and efficient adjudication of this controversy.

18.

Plaintiffs are adequate representatives of the class and will fairly and fully prosecute this matter on behalf of themselves and other class members without partiality to any class members and have retained counsel who are experienced in complex and class action litigation.

19.

The members of the class are likely to be geographically dispersed.

20.

Plaintiffs are part of the class and possess the same interest and suffered the same injury as the class members.

## III. Statement of the Case

21.

During the period of the class, plaintiffs and the other civil litigants have filed pleadings and have been required to file responsive pleadings or other documents and pleadings in furtherance of their litigation in thousands of civil cases in the various district courts listed above, which pleadings under Louisiana law must be filed with the Clerk of Court of the district court where proper venue and jurisdiction lies.

22.

At or about the time civil suits are filed, the Clerks of Court demand a "deposit", the payment of which is required to allow access to the courts. Once that "deposit" is exhausted, these defendants refuse to perform any further statutorily mandated functions unless class members paid such

additional advanced deposits and the failure to pay such deposits can lead to the dismissal of the litigant's cause of action. Accordingly, the payment by the plaintiff and class members of the deposits to the defendants cannot be viewed as a voluntary payment, as their .

23.

Defendants acting under color of state law as Clerks of Court of their respective districts required plaintiffs and putative class members to post advance deposits and/or otherwise become liable for charges assessed by the defendants without providing adequate Due Process notice of these assessments and the resulting deprivation of the plaintiffs and putative class members property interests in the advanced deposits and other property interest they had.

24.

The method by which the Clerks assessed these charges and treated the plaintiffs and putative class members relative to notice was the same as the charges and the provision of notice (or lack thereof) was pursuant to statutory law and the policies and customs of each of the defendant's offices.

25.

Such policies and customs resulted in a loss of plaintiffs' property and the property of other civil litigants, namely their money, without adequate and proper notice as required by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

26.

At all times relevant to this complaint defendants acted in clear and knowing violation of their obligations under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

27.

The herein described actions of the defendants constitute the arbitrary exercise of powers of government and a knowing abridgement of the due process rights of plaintiffs and other class members.

28.

As a result of failure of the defendants to provide adequate notice, plaintiffs and other civil litigants were effectively denied any ability to contest or dispute these unlawful charges.

29.

The need for notice by the defendants to the plaintiffs and other civil litigants was enhanced by the fact that there was an increased risk of erroneous charges as La. R.S. 13:841, the primary basis upon which the defendants purportedly relied and which was their statutory authority for assessing charges, was archaic, outdated, and impossible to comprehend and the fact that the defendants would bundle multiple charges together without breaking them down into their various components.

30.

Due to the problems created by the archaic and incomprehensible statute, La. R.S. 13:841, that statute had to be amended. However, even as amended, the statute still does not comport with Due Process notice requirements.

31.

Even in cases where pauper statutes have allowed parties to file documents without the necessity of pre-paying costs, due process notice requirements have not be complied with. The due process notice requirement has not been satisfied for the following reasons:

    a.      The litigants are not provided any notice of the amounts assessed or the methods, manners, or bases for the assessment or charges;

b.      Without such notice there is no method or opportunity to determine whether the various Clerks of Court's charges comport with the controlling statute;

c.      The pauper application is only available to individuals rather than legal entities;

d.      The granting of pauper status does not eliminate the requirement of a litigant to pay the fees of the Clerks of Court but merely defers that obligation; and

e.      By the time the pauper may become fiscally responsible to pay the costs (often at the conclusion of the litigation), it may be too late to contest some of the charges.

### IV.  Damages

32.

Plaintiffs and other civil litigants have suffered nominal damages as a result of the violation of the Due Process notice rights.

33.

Plaintiffs are entitled to attorney's fees, cost, and other litigation expenses under 42 U.S.C. § 1988.

34.

All members of the class are entitled to the same relief as plaintiffs.

WHEREFORE, Plaintiffs respectfully pray that the court certify the subject action as a class action, consisting of the class and subclasses as defined herein, that plaintiffs be recognized as class representatives and their counsel as class counsel and further pray for a judgment:

a.      Requiring the defendants to provide adequate notice to each class member of the individual amounts assessed as court costs during the class period, broken into the various components, and the methods, manners, or bases for the assessments or charges;

b.   Declaring that defendants' acts, policies, customs, practices and procedures complained of herein violated plaintiffs' rights as secured under 42 U.S.C. §§ 1983 and 1988;

c.   Enjoining the defendants and all those acting in concert with them or at their direction from engaging in any policy or practice which resulted in assessing court cost with adequate Due Process notice;

d.   Awarding appropriate nominal damages for the Due Process violations proven herein;

e.   Awarding attorney's fees, cost, and other litigation expenses under 42 U.S.C. § 1988 and Rules 23(h) and 54(d) of the Federal Rules of Civil Procedure; and

f.   For such additional relief as the court deems proper and just.

Respectfully Submitted:

SIMIEN & SIMIEN, L.L.C.
Attorneys and Counselors at Law
7908 Wrenwood Boulevard
Baton Rouge, Louisiana 70809
Telephone: (225) 932-9221
Facsimile: (225) 932-9286

DELPHIN LAW OFFICE, PLC
436 Broad Street
Lake Charles, Louisiana 70601-5961
Telephone: (337) 439-3939
Facsimile: (337) 439-1904

MERRICK J. NORMAN, JR #10044
Attorney at Law
145 East Street
Lake Charles, Louisiana 70601-5961
Telephone: (337) 436-7787
Facsimile: (337) 436-7758

*/s/ Eulis Simien, Jr.*

**Eulis Simien, Jr.** (Bar #12077)

## CERTIFICATE

I hereby certify that I presented the above PLAINTIFFS' PROPOSED AMENDING

MASTER COMPLAINT for filing and uploading to the CM/ECF system which will send

notification of such filing to the following:

| | | |
|---|---|---|
| Randy P. Zinna | - | randy.zinna@gte.net |
| Michael H. Rubin | - | mrubin@mcglinchey.com |
| Justin M. O'Brien | - | jobrien@mcglinchey.com |
| Jamie D. Seymour | - | jseymour@mcglinchey.com |
| Willa Smith | - | wsmith@mcglinchey.com |
| Harry Rosenberg | - | rosenbeh@phelps.com |
| Nancy J. Marshall | - | nmarshall@dkslaw.com |
| Ashley Gilbert | - | agilbert@dkslaw.com |
| Eric L. Pittman | - | eric@pittmanlawfirm.com |
| David D. Dwight | - | david@dwightlaw.com |
| Stephen C. Dwight | - | stephen@dwightlaw.com |
| Winfield Earl Little | - | wlittle@littlelawfirm.com |
| Ronnie J Berthelot | - | rjb@scbllp.com |

and that a copy was sent by United States Mail to the following:

Mr. E. Wade Shows
Shows, Cali, Berthelot & Morris, LLP
P.O. Drawer 4425
Baton Rouge, Louisiana

Andrew Edwards, II
P.O. Drawer 1980
Ponchatula, LA 70454

Done on this 4th day of January, 2010, at Baton Rouge, Louisiana.

*/s/ Eulis Simien, Jr.*

_____

**Eulis Simien, Jr.**