UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE:  FEMA TRAILER                              MDL NO. 07-1873
FORMALDEHYDE PRODUCTS
LIABILITY LITIGATION                              SECTION N(5)

                                                 JUDGE ENGELHARDT

THIS DOCUMENT RELATES TO:
*Lyndon Wright v. Forest River, Inc., et al.*      MAGISTRATE CHASEZ
No. 09-2977 (E.D. La.)

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**SHAW ENVIRONMENTAL, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT AND FIRST AMENDED COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes defendant Shaw

Environmental, Inc. ("Shaw"), and answers the Complaint for Damages ("Complaint") and First

Supplemental and Amended Complaint of Lyndon T. Wright with the following affirmative

defenses:

FIRST DEFENSE

The Complaint, as supplemented and amended, fails to state a claim or cause of action

against Shaw upon which relief can be granted.

SECOND DEFENSE

The claims against Shaw have prescribed.

### THIRD DEFENSE

Shaw is immune from liability under the government contractor defense because it performed all work at issue according to reasonably precise specifications and had no knowledge of dangers that Shaw did not share with the government.

### FOURTH DEFENSE

Shaw denies that it is a "manufacturer" within the meaning of the Louisiana Products Liability Act.  Shaw further denies the existence of any defect that would render Shaw's work unreasonably dangerous under the LPLA.

### FIFTH DEFENSE

Shaw denies that it was negligent in any way that caused harm to Plaintiff.

### SIXTH DEFENSE

Shaw reasserts as affirmative defenses each and every one of the defenses raised in its preservation list (R. Doc. 3423).

### SEVENTH DEFENSE

Plaintiff's injuries, if any, were due to his own fault or comparative fault through misuse and/or abuse and/or lack of maintenance of the travel trailers, failure to follow instructions for use, failure to heed applicable warnings, and/or through other acts or omissions which will be shown more fully at the trial of this matter.

### EIGHTH DEFENSE

All damages complained of resulted solely or substantially from the negligence, fault or comparative fault of third persons for whom Shaw is not responsible, including non-parties and

parties immune by statute and, including without limitation, possibly subcontractors, lower-tier subcontractors and MDC contractors.

### NINTH DEFENSE

All of the claims asserted against Shaw are preempted or otherwise precluded by the statutes, standards, regulations, and rules propagated by the Federal Government and/or HUD, and/or FEMA, and/or the Plaintiff's lease agreement with FEMA.

### TENTH DEFENSE

To the extent Shaw is found to be a manufacturer, which is denied, Shaw specifically pleads to the extent applicable, all defenses allowed under the Louisiana Products Liability Act, La. R.S. 9:2800.51 et seq. and/or other Louisiana law.

### ELEVENTH DEFENSE

In the event Shaw is found to be a manufacturer, which is denied, Shaw specifically pleads that the subject trailer, including all component parts thereof, was properly installed in accordance with the state of the art at the time; and, therefore, there is no legal basis for any assessment of fault against Shaw.

### TWELFTH DEFENSE

Shaw further pleads that Plaintiff's claims are, or may be barred, in whole or in part, to the extent that the Economic Loss Doctrine applies and incorporates Court's Order and Reasons (R. Doc. 984).

### THIRTEENTH DEFENSE

All claims against Shaw are barred in whole or in part by the doctrines of estoppel, release or waiver.

## FOURTEENTH DEFENSE

Shaw owes no warranty obligations to Plaintiff.

## FIFTEENTH DEFENSE

Upon information and belief, Plaintiff has failed to mitigate his damages.

## SIXTEENTH DEFENSE

Shaw specifically pleads that any alleged fault, negligence and/or strict liability attributed to Shaw, which is specifically denied, was not the proximate or legal cause of the injuries sued upon herein, and that Louisiana duty-risk analysis precludes Plaintiff's claims against Shaw.

## SEVENTEENTH DEFENSE

Alternatively, Shaw affirmatively avers that in the event it is found liable in any way to Plaintiff, which is denied, any liability on its part is merely joint liability and not joint and several, nor *in solido*, with the liability of other parties for whom it is not responsible.

## EIGHTEENTH DEFENSE

Shaw is not liable under La. R.S. 9:2771 because its work conformed to FEMA's plans and specifications.

## NINETEENTH DEFENSE

Shaw had no duty to warn Plaintiff of any alleged harmful conditions of the trailer.

## TWENTIETH DEFENSE

The injuries alleged by Plaintiff, if they exist at all, were legally or proximately caused by intervening and superseding causes and circumstances.

TWENTY-FIRST DEFENSE

Plaintiff's alleged injuries are the result of pre-existing conditions or acts/omissions that occurred after Shaw was no longer responsible for the trailer at issue.

TWENTY-SECOND DEFENSE

Shaw is immune from liability because FEMA accepted its work.

Shaw further answers the numbered paragraphs of the Complaint and First Supplemental and Amended Complaint as follows:

I.

Paragraph 1 of the Complaint makes a jurisdictional allegation for which no response is required.  Shaw does not contest the jurisdiction of this Court.

II.

Paragraph 2 of the Complaint names a defendant other than Shaw.  No response by Shaw is required.   Shaw denies the allegations of Paragraph 2 of the Complaint relating to the citizenship and business of Forest River for lack of sufficient information to justify a belief as to the truth thereof.

III.

Paragraph 3 of the Complaint names a defendant other than Shaw.  No response by Shaw is required.

IV.

Shaw admits it is a Louisiana corporation.  Shaw denies the remaining allegations of Paragraph 4 as being an incomplete and inaccurate representation of a written contract, which is the best evidence of its content and meaning.

V.

Paragraph 5 of the Complaint makes a jurisdictional allegation for which no response is required.  Shaw does not contest the jurisdiction of this Court.

VI.

Paragraph 6 of the Complaint makes a statement about the plaintiff's own allegations. Shaw is not required to respond.

VII.

Paragraph 7 of the Complaint makes a jurisdictional allegation for which no response is required.  Shaw does not contest the jurisdiction of this Court.

VIII.

Paragraph 8 of the Complaint makes a jurisdictional allegation for which no response is required.  Shaw does not contest the jurisdiction of this Court.

IX.

Paragraph 9 makes jurisdictional allegations relating to a defendant other than Shaw; no response by Shaw is required.  Out of an abundance of caution, Shaw denies these allegations for lack of sufficient information to justify a belief as to the truth thereof.

X.

In response to Paragraph 10 of the Complaint, Shaw admits that it is subject to personal jurisdiction before this Court in this case.

XI.

In response to Paragraph 11 of the Complaint, Shaw admits that venue is proper in this case.

XII.

Shaw denies Paragraph 12 of the Complaint because it appears to refer to multiple plaintiffs when there is only one in this case.  Shaw notes that Plaintiff makes allegations like this throughout his Complaint and, accordingly, Shaw generally denies all allegations purporting to show that there are multiple plaintiffs in this case.  Shaw further denies that Hurricane Katrina made landfall in September 2005.  Shaw acknowledges that FEMA provided emergency housing units to disaster victims.

XIII.

Shaw denies the allegations of Paragraph 13 of the Complaint because there are, in fact, no mobile homes at issue in this case.  The allegation is inapplicable to this action.

XIV.

With regard to the allegations of Paragraph 14 of the Complaint, Shaw admits that travel trailers are not regulated by housing authorities.  Shaw denies the remaining allegations of Paragraph 14 for lack of sufficient information to justify a belief as to the truth thereof.

XV.

Shaw denies the allegations of Paragraph 15 of the Complaint because there are, in fact, no park models at issue in this case.  The allegation is inapplicable to this action.

XVI.

Shaw denies the allegations of Paragraph 16 of the Complaint for lack of sufficient information to justify a belief as to the truth thereof.

XVII.

Shaw denies the allegations of Paragraph 17 of the Complaint for lack of sufficient information to justify a belief as to the truth thereof.

XVIII.

Shaw denies the allegations of Paragraph 18 of the Complaint for lack of sufficient information to justify a belief as to the truth thereof.

XIX.

Shaw denies the allegations of Paragraph 19 of the Complaint because they constitute a legal conclusion and for lack of sufficient information to justify a belief as to the truth thereof.

XX.

Shaw denies the allegations of Paragraph 20 of the Complaint because they constitute a legal conclusion and for lack of sufficient information to justify a belief as to the truth thereof.

XXI.

Shaw denies the allegations of Paragraph 21 of the Complaint for lack of sufficient information to justify a belief as to the truth thereof.

XXII.

Shaw denies the allegations of Paragraph 22 of the Complaint for lack of sufficient information to justify a belief as to the truth thereof.

XXIII.

Shaw denies the allegations of Paragraph 23 of the Complaint for lack of sufficient information to justify a belief as to the truth thereof.

XXIV.

Shaw denies the allegations of Paragraph 24 of the Complaint because they constitute a legal conclusion and for lack of sufficient information to justify a belief as to the truth thereof.

XXV.

Shaw denies the allegations of Paragraph 25 of the Complaint for lack of sufficient information to justify a belief as to the truth thereof.

XXVI.

Shaw denies the allegations of Paragraph 26 of the Complaint for lack of sufficient information to justify a belief as to the truth thereof.

XXVII.

Shaw denies the allegations of Paragraph 27 of the Complaint because they constitute a legal conclusion and for lack of sufficient information to justify a belief as to the truth thereof.

XXVIII.

Shaw denies the allegations of Paragraph 28 of the Complaint because they constitute a legal conclusion and for lack of sufficient information to justify a belief as to the truth thereof.

XXIX.

Shaw denies the allegations of Paragraph 29 of the Complaint for lack of sufficient information to justify a belief as to the truth thereof.

XXX.

Shaw denies the allegations of Paragraph 30 of the Complaint because they constitute a legal conclusion and for lack of sufficient information to justify a belief as to the truth thereof.

XXXI.

Shaw denies the allegations of Paragraph 31 of the Complaint.

XXXII.

Shaw denies the allegations of Paragraph 32 of the Complaint as reflecting an incomplete representation of its agreement with FEMA, which is a written document and is the best evidence of its content and meaning.

XXXIII.

Shaw denies the allegations of Paragraph 33 of the Complaint.

XXXIV.

Shaw denies the allegations of Paragraph 34 of the Complaint as reflecting an incomplete representation of its agreement with FEMA, which is a written document and is the best evidence of its content and meaning.

XXXV.

Shaw denies the allegations of Paragraph 35 of the Complaint as reflecting an incomplete representation of its agreement with FEMA, which is a written document and is the best evidence of its content and meaning.

XXXVI.

No response to Paragraph 36 of the Complaint is required because it makes a statement about group sites, which are not at issue herein.  Out of an abundance of caution, Shaw denies the allegations of Paragraph 36 of the Complaint as reflecting an incomplete representation of its agreement with FEMA, which is a written document and is the best evidence of its content and meaning.

XXXVII.

Shaw denies the allegations of Paragraph 37 of the Complaint as reflecting an incomplete representation of its agreement with FEMA, which is a written document and is the best evidence of its content and meaning.

XXXVIII.

Shaw denies the allegations of Paragraph 38 of the Complaint.

XXXIX.

Shaw denies the allegations of Paragraph 39 of the Complaint.

XL.

The allegations of Paragraph 40 are denied because they make no sense, in that they refer to "most" of the housing units, when Plaintiff resided in only one.  As to allegations that seem directed to the one unit actually at issue, Shaw denies the allegations of Paragraph 40.

XLI.

Shaw denies the allegations of Paragraph 41 of the Complaint.

XLII.

Shaw denies the allegations of Paragraph 42 of the Complaint.

XLIII.

Shaw denies the allegations of Paragraph 43 of the Complaint.

XLIV.

Shaw denies the allegations of Paragraph 44 of the Complaint.

XLV.

Shaw denies the allegations of Paragraph 45 of the Complaint.

XLVI.

Shaw denies the allegations of Paragraph 46 of the Complaint.

XLVII.

Shaw denies the allegations of Paragraph 47 of the Complaint.

XLVIII.

Shaw denies the allegations of Paragraph 48 of the Complaint.

XLIX.

Shaw denies the allegations of Paragraph 49 of the Complaint.

L.

Shaw denies the allegations of Paragraph 50 of the Complaint.

LI.

Shaw denies the allegations of Paragraph 51 of the Complaint.

LII.

Shaw denies the allegations of Paragraph 52 of the Complaint because they are not directed at Shaw and for lack of sufficient information to justify a belief as to the truth thereof.

LIII.

Shaw denies the allegations of Paragraph 53 of the Complaint because they are not directed at Shaw and for lack of sufficient information to justify a belief as to the truth thereof.

LIV.

Shaw denies the allegations of Paragraph 54 of the Complaint because they are not directed at Shaw and for lack of sufficient information to justify a belief as to the truth thereof.

LV.

Shaw denies the allegations of Paragraph 55 of the Complaint because they are not directed at Shaw and for lack of sufficient information to justify a belief as to the truth thereof.

LVI.

Shaw denies the allegations of Paragraph 56 of the Complaint because they are not directed at Shaw and for lack of sufficient information to justify a belief as to the truth thereof.

LVII.

Shaw denies the allegations of Paragraph 57 of the Complaint because they are not directed at Shaw and for lack of sufficient information to justify a belief as to the truth thereof.

LVIII.

Shaw denies the allegations of Paragraph 58 of the Complaint because they are not directed at Shaw and for lack of sufficient information to justify a belief as to the truth thereof.

LIX.

Shaw denies the allegations of Paragraph 59 of the Complaint because they are not directed at Shaw and for lack of sufficient information to justify a belief as to the truth thereof.

LX.

Shaw denies the allegations of Paragraph 60 of the Complaint because they are not directed at Shaw and for lack of sufficient information to justify a belief as to the truth thereof.

LXI.

Shaw denies the allegations of Paragraph 61 of the Complaint because they are not directed at Shaw and for lack of sufficient information to justify a belief as to the truth thereof.

LXII.

Shaw denies the allegations of Paragraph 62 of the Complaint because they are not directed at Shaw and for lack of sufficient information to justify a belief as to the truth thereof.

LXIII.

Shaw denies the allegations of Paragraph 63 of the Complaint because they are not directed at Shaw and for lack of sufficient information to justify a belief as to the truth thereof.

LXIV.

Shaw denies the allegations of Paragraph 64 of the Complaint because they are not directed at Shaw and for lack of sufficient information to justify a belief as to the truth thereof.

LXV.

Shaw denies the allegations of Paragraph 65 of the Complaint because they are not directed at Shaw and for lack of sufficient information to justify a belief as to the truth thereof.

LXVI.

Shaw denies the allegations of Paragraph 66 of the Complaint because they are not directed at Shaw and for lack of sufficient information to justify a belief as to the truth thereof.

LXVII.

Shaw denies the allegations of Paragraph 67 of the Complaint because they are not directed at Shaw and for lack of sufficient information to justify a belief as to the truth thereof.

LXVIII.

Shaw denies the allegations of Paragraph 68 of the Complaint because they are not directed at Shaw and for lack of sufficient information to justify a belief as to the truth thereof.

LXIX.

Shaw denies the allegations of Paragraph 69 of the Complaint because they are not directed at Shaw and for lack of sufficient information to justify a belief as to the truth thereof.

LXX.

Shaw denies the allegations of Paragraph 70 of the Complaint because they are not directed at Shaw and for lack of sufficient information to justify a belief as to the truth thereof.

LXXI.

Shaw denies the allegations of Paragraph 71 of the Complaint because they are not directed at Shaw and for lack of sufficient information to justify a belief as to the truth thereof.

LXXII.

Shaw denies the allegations of Paragraph 72 of the Complaint because they are not directed at Shaw and for lack of sufficient information to justify a belief as to the truth thereof.

LXXIII.

Shaw denies the allegations of Paragraph 73 of the Complaint because they are not directed at Shaw and for lack of sufficient information to justify a belief as to the truth thereof.

LXXIV.

Shaw denies the allegations of Paragraph 74 of the Complaint because they are not directed at Shaw and for lack of sufficient information to justify a belief as to the truth thereof.

LXXV.

Shaw denies the allegations of Paragraph 75 of the Complaint because they are not directed at Shaw and for lack of sufficient information to justify a belief as to the truth thereof.

LXXVI.

Shaw denies the allegations of Paragraph 76 of the Complaint because they are not directed at Shaw and for lack of sufficient information to justify a belief as to the truth thereof.

LXXVII.

Shaw denies the allegations of Paragraph 77 of the Complaint because they are not directed at Shaw and for lack of sufficient information to justify a belief as to the truth thereof.

LXXVIII.

The allegations of Paragraph 78 of the Complaint constitute legal conclusions for which no response is required; out of an abundance of caution, Shaw denies them.

LXXIX.

The allegations of Paragraph 79 of the Complaint constitute legal conclusions for which no response is required; out of an abundance of caution, Shaw denies them.

LXXX.

The allegations of Paragraph 80 of the Complaint constitute legal conclusions for which no response is required; out of an abundance of caution, Shaw denies them.

LXXXI.

The allegations of Paragraph 81 of the Complaint constitute legal conclusions for which no response is required; out of an abundance of caution, Shaw denies them.

LXXXII.

The allegations of Paragraph 82 of the Complaint constitute legal conclusions for which no response is required; out of an abundance of caution, Shaw denies them.

LXXXIII.

The allegations of Paragraph 83 of the Complaint constitute legal conclusions for which no response is required; out of an abundance of caution, Shaw denies them.

LXXXIV.

Paragraphs 84 to 96 were omitted from the Complaint.

LXXXV.

The allegations of Paragraph 97 of the Complaint constitute legal conclusions for which no response is required; out of an abundance of caution, Shaw denies them.

LXXXVI.

The allegations of Paragraph 98 of the Complaint constitute legal conclusions for which no response is required; out of an abundance of caution, Shaw denies them.

LXXXVII.

The allegations of Paragraph 99 of the Complaint constitute legal conclusions for which no response is required; out of an abundance of caution, Shaw denies them.

LXXXVIII.

The allegations of Paragraph 100 of the Complaint constitute legal conclusions for which no response is required; out of an abundance of caution, Shaw denies them.

LXXXIX.

The allegations of Paragraph 101 of the Complaint constitute legal conclusions for which no response is required; out of an abundance of caution, Shaw denies them.

XC.

The allegations of Paragraph 102 of the Complaint constitute legal conclusions for which no response is required; out of an abundance of caution, Shaw denies them.

## XCI.

Paragraph 103 of the Complaint refers to earlier allegations; Shaw refers to its earlier responses.

## XCII.

The allegations of Paragraph 104 of the Complaint constitute legal conclusions for which no response is required; out of an abundance of caution, Shaw denies these allegations.

## XCIII.

Shaw denies the allegations of Paragraph 105 of the Complaint.

## XCIV.

Shaw denies the allegations of Paragraph 106 of the Complaint.

## XCV.

Shaw denies the allegations of Paragraph 107 of the Complaint.

## XCVI.

Shaw denies the allegations of Paragraph 108 of the Complaint.

## XCVII.

Shaw denies the allegations of Paragraph 109 of the Complaint, including all subparts.

## XCVIII.

Paragraph 110 of the Complaint refers to earlier allegations; Shaw refers to its earlier responses.

## XCIX.

Shaw denies the allegations of Paragraph 111 of the Complaint.

C.

The allegations of Paragraph 112 of the Complaint constitute legal conclusions for which no response is required; out of an abundance of caution, Shaw denies them.

CI.

Shaw denies the allegations of Paragraph 113 of the Complaint.

CII.

Shaw denies the allegations of Paragraph 114 of the Complaint.

CIII.

Shaw denies the allegations of Paragraph 115 of the Complaint.

CIV.

Shaw denies the allegations of Paragraph 116 of the Complaint.

CV.

Paragraph 117 is a list of damages claimed that does not require a response.  Shaw denies that it is liable for any of these damages.

CVI.

Shaw denies the statements and claims made in the prayer for relief.  Shaw further denies that it is liable to Plaintiff for any damages.

And now, further answering the First Supplemental and Amended Complaint (the "Amended Complaint"), Shaw states as follows:

CVII.

In response to Paragraph 1 of the Amended Complaint, Shaw refers Plaintiff to the above responses to the Original Complaint.

- 19 -

CVIII.

In response to Paragraph 2 of the Amended Complaint, Shaw refers Plaintiff to the above responses to the Original Complaint.

CIX.

In response to Paragraph 3 of the Amended Complaint, Shaw refers Plaintiff to the above responses to the Original Complaint.

CX.

Shaw denies the allegations of Paragraph 4 of the Amended Complaint for lack of sufficient information to justify a belief as to the truth thereof.

CXI.

Shaw denies the allegations of Paragraph 5 of the Amended Complaint for lack of sufficient information to justify a belief as to the truth thereof.

CXII.

Shaw denies the allegations of Paragraph 6 of the Amended Complaint.

CXIII.

Shaw denies the allegations of Paragraph 7 of the Amended Complaint as reflecting an inaccurate representation of its agreement with FEMA, which is a written document and is the best evidence of its content and meaning.

CXIV.

Shaw denies the allegations of Paragraph 8 of the Amended Complaint for lack of sufficient information to justify a belief as to the truth thereof.

## CXV.

In response to Paragraph 9 of the Amended Complaint, Shaw refers to its earlier responses, and with regard to the new material in Paragraph 9, Shaw denies those allegations for lack of sufficient information to justify a belief as to the truth thereof.

## CXVI.

In response to Paragraph 10 of the Amended Complaint, Shaw refers to its earlier responses, and with regard to the new material in Paragraph 10, Shaw denies those allegations for lack of sufficient information to justify a belief as to the truth thereof.

## CXVII.

In response to Paragraph 11 of the Amended Complaint, Shaw refers to its earlier responses.  The new allegations contained in Paragraph 11 consist of legal conclusions that do not require a response, but Shaw denies those allegations out of an abundance of caution.  Shaw denies the factual allegations of Paragraph 11.

## CXVIII.

In response to Paragraph 12 of the Amended Complaint, Shaw refers to its earlier responses.  The new allegations contained in Paragraph 12 consist of legal conclusions that do not require a response, but Shaw denies those allegations out of an abundance of caution.  Shaw denies the factual allegations of Paragraph 12.

## CXIX.

In response to Paragraph 13 of the Amended Complaint, Shaw refers to its earlier responses.

CXX.

Paragraph 14 of the Amended Complaint contains several legal conclusions that do not require a response but that Shaw denies out of an abundance of caution.  Shaw denies the factual allegations of Paragraph 14.

CXXI.

Shaw denies the allegations of Paragraph 15 of the Amended Complaint.

CXXII.

Paragraph 16 of the Amended Complaint assumes that Shaw had a duty to warn, which it did not; accordingly, Shaw denies the allegations contained therein.

CXXIII.

Paragraph 17 of the Amended Complaint is a recitation of the damages that Plaintiff seeks and accordingly requires no response, but Shaw denies that it is liable for any of the damages listed.


WHEREFORE, Shaw prays that its Answer and Affirmative Defenses be deemed good and sufficient, and that after due proceedings are had, judgment be rendered in Shaw's favor, dismissing all claims against it with prejudice at Plaintiff's cost, and that Shaw further be awarded any and all such general, special, or equitable relief to which it may be entitled under the premises.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**


   /s/ M. David Kurtz
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000

**ATTORNEYS FOR DEFENDANT,
SHAW ENVIRONMENTAL, INC.**


### CERTIFICATE OF SERVICE

I hereby certify that on this the 29th day of January, 2010, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel and counsel of record who are CM/ECF participants.


   /s/ M. David Kurtz