UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
|      FORMALDEHYDE PRODUCTS | * | |
|      LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO: | * | |
| ALL CASES | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PSC'S RESPONSE TO GULF STREAM'S REPLY TO PSC'S OBJECTIONS TO
BELLWETHER NOMINEES**

     The Plaintiffs Steering Committee ("PSC") respectfully submits this response to Gulf Stream Coach, Inc.'s ("Gulf Stream) reply to the PSC's objections to Gulf Stream's nominees for a second bellwether trial involving Gulf Stream, as follows.

     The goal here is to select a bellwether plaintiff, to serve the Court's purpose for selecting bellwether plaintiffs.  The goal is to find a representative plaintiff, not one that would unfairly favor Gulf Stream or unfairly favor the PSC.   Anything else will result in a colossal waste of the Court's and parties' time and expense.   Nor is this an exercise to determine which claims are truly valid (and if not, should be dismissed), as Gulf Stream argues.

     The PSC responds to Gulf Stream's points, as follows.

     **1.**      **FEMA claim timeliness issues.**  The Court's original order stated that it wanted a plaintiff with a  FEMA-ripe claim.  It would seem logical that this meant the Court wanted a plaintiff with a valid FEMA claim.  Otherwise, the Court would not have put any FEMA-related restrictions on the selection.   This assumption does not seem "nonsensical."  The PSC made the

objection only to advise the Court of the dilemma. Ultimately, this boils down to whether the Court wants a bellwether trial plaintiff who has real possibility of reaching a trial on their FEMA claim or not.

The PSC's counter-nomination made it clear that some of the PSC's counter-nominees had strong potential for timeliness issues on their FEMA claim. If the Court does not consider a FEMA claim timeliness issue to be a disqualifier, then the PSC should not be limited in its nominees.

**2.     Median Test Result.**  Gulf Stream wants to use a median test result, utilizing either: 1) Bureau Veritas test results for every trailer or other housing unit it tested (which includes mobile homes) or 2) only the Gulf Stream test results from Bureau Veritas' (which was retained by Defendant FEMA's sister agency, the CDC).

Gulf Stream's proposal defeats the purpose of having a manufacturer-specific bellwether trial. To allow test results obtained from non-Gulf Stream tested units to be utilized in the selection process would allow a Gulf Stream bellwether plaintiff to be selected that takes into consideration test results of all manufacturers. Test results from other manufacturers are irrelevant and non-consequential to the selection process. Likewise, it would defy the purpose of a bellwether selection to handpick[1] which results form the median—unless one wanted to stack the deck in one side's favor.

If the Court is concerned that the .16 ppm median includes results from testing done by

---

[1] If, for instance, the Court wanted to employ a median with only the PSC's testing service results median (i.e., removing Bureau Veritas' test results), the median is .17 ppm.

the residents, then the PSC respectfully submits that the Court utilize a median from results obtained only from testing services—including Bureau Veritas. If the resident testing results are removed[2], and only testing services' results are used, the median test result is .15 ppm.

The first bellwether trial involved a plaintiff whose trailer tested at .05ppm, one-third of the median, which Gulf Stream hammered at trial. The PSC respectfully submits that the second bellwether trial involve a trailer that is closer to the median.

3. **Elderly and Unavailable Plaintiffs.** As to Mr. Age, the PSC would prefer to address his problems with the Court in chambers. It is unfortunate that Gulf Stream will not accept the PSC's representation to the Court as to the ability of Mr. Age to serve. As to Mr. Ashford, aside from his age, his trailer tested at $1/6^{th}$ of the median. He also has prior asbestos exposure. As to Ms. Carter, aside from her age, her trailer tested at less than one half of the median. Therefore, neither Mr. Age nor Mr. Ashford nor Ms. Carter would be suitable bellwether plaintiffs.

As to Mr. Landry, if the Court finds that he should be the bellwether plaintiff, the PSC will revisit the issue with him again.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471
        **PLAINTIFFS' CO-LIAISON COUNSEL**

---

[2] Gulf Stream has provided no legitimate reason to out-of-hand dismiss the test results of Mary DeVany

Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:    504/528-9973
gmeunier@gainsben.com


s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:    504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
ROBERT BECNEL
DENNIS REICH


## CERTIFICATE OF SERVICE

     I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission on January 29, 2010.

                          s/Justin I. Woods
                          JUSTIN I. WOODS