**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | |
|---|---|
| **IN RE: FEMA TRAILER** | **MDL NO. 07-1873** |
| **FORMALDEHYDE PRODUCTS** | |
| **LIABILITY LITIGATION** | **SECTION "N" (5)** |
| | **JUDGE ENGELHARDT** |
| | **MAG. JUDGE CHASEZ** |
| **THIS DOCUMENT RELATES TO:** | |
| September 2010 Bellwether Trial | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT UNITED STATES' RESPONSE TO PLAINTIFFS' OBJECTIONS REGARDING GULF STREAM'S SECOND BELLWETHER TRIAL NOMINEES (Rec. Doc. 10653)**

Defendant, the United States of America, hereby responds to Plaintiffs' objections and arguments regarding the bellwether trial plaintiff nominees advanced by defendant Gulf Stream Coach, Inc. Generally, the United States joins in the arguments made by Gulf Stream Coach, Inc., in its "Reply to Plaintiffs Steering Committee's Objections to Gulf Stream's Second Bellwether Trial Nominees" (Rec. Doc. 10708). The United States writes separately to address two issues that are specific to the Government. First, because Plaintiffs have objected to all of the persons nominated by defendant Gulf Stream Coach, Inc., based upon their belief that these persons are unlikely to have timely claims against the United States, Plaintiffs should be required to dismiss these persons' claims against the Government before they are allowed to select a bellwether trial plaintiff from outside this group of nominees. Plaintiffs should not be allowed to argue that these persons are unlikely to have viable claims against the Government in support of their bellwether objections, only to turn around and maintain these Plaintiffs' FTCA claims against the United States. Second, as stated in Plaintiffs' objections (Rec. Doc. 10653) on page two, all of the nominees advanced by Gulf Stream Coach, Inc., are "FEMA-ripe," and, thus,

meet the Court-imposed requirement set forth in Pretrial Order No. 46. Whether the United States may ultimately prevail on a jurisdictional defense is unrelated to whether a nominee's claim is "FEMA-ripe."[1]/ This is a substantive issue that is decided through motions practice and cannot be prejudged as a parameter on bellwether selection.

| | |
|---|---|
| Dated: January 29, 2010 | Respectfully Submitted, |
| | |
| TONY WEST | HENRY T. MILLER |
| Assistant Attorney General, Civil Division | ADAM BAIN |
| | Senior Trial Counsel |
| J. PATRICK GLYNN | |
| Director, Civil Division, Torts Branch | MICHELLE BOYLE |
| | MICHELE GREIF |
| DAVID S. FISHBACK | JONATHAN WALDRON |
| Assistant Director | Trial Attorneys |
| | |
| OF COUNSEL: | *s/ Adam M. Dinnell* |
| | ADAM M. DINNELL (TX No. 24055405) |
| JORDAN FRIED | Trial Attorney |
| Associate Chief Counsel | United States Department of Justice |
| FEMA/DHS | Civil Division, Torts Branch |
| | P.O. Box 340, Ben Franklin Station |
| JANICE WILLIAMS-JONES | Washington, D.C. 20004 |
| Senior Trial Attorney | Telephone: (202) 616-4211 |
| FEMA/DHS | Adam.Dinnell@usdoj.gov |
| | |
| | Attorneys for Defendant United States |

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2010, the foregoing document was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison Counsel.

*s/ Adam M. Dinnell*
ADAM M. DINNELL (TX No. 24055405)

---

[1]/  A plaintiff meets the threshold "FEMA-ripe" requirement if he or she presented an SF 95 (administrative claim) more than six months ago, and, thus, would be eligible to sue the United States. A plaintiff is also "FEMA-ripe" if he or she has already sued the United States.

2