UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * | MDL NO. 1873  SECTION: N(5)  JUDGE: ENGELHARDT |
| This Document Relates to: *September 2010 Trial against Gulf Stream Coach, Inc.* | * * | MAG: CHASEZ |

*******************************************************************************

## OPPOSITION TO PLAINTIFFS' STEERING COMMITTEE'S NOMINESS FOR SECOND GULF STREAM BELLWETHER TRIAL

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Gulf Stream Coach, Inc. ("Gulf Stream"), who respectfully objects to the Plaintiffs' Steering Committee's proposed list of bellwether plaintiffs for Bellwether Trial VI, currently set for Sept. 13, 2010. In preparation for the trial, Gulf Stream submitted on or about November 30, 2009, a list of 20 plaintiffs who Gulf Stream proposed could serve as the bellwether plaintiff in this upcoming trial. Though this was a mirror image of the procedure ultimately used in the *Alexander* trial, the Plaintiffs' Steering Committee ("PSC") chose not to select a bellwether plaintiff from this list, instead objecting to all 20 plaintiffs proposed by Gulf Stream. Despite having the privilege of nominating the plaintiffs in the first bellwether trial, the PSC also provided its own list of 25 who they proposed could act as the bellwether plaintiff for the upcoming trial. Unfortunately, Gulf Stream does not believe any of these individuals are fit to act as bellwether plaintiffs in this case, for the reasons more fully set forth below.

### A. The Parties Have Already Tried A Minor

The PSC put forth eight children, including Tre Deggs, Troy Deggs, Trenton Grow, Roland Brumfield, Malon Magee, Alneisha Polite, Dondrell Cage and Halle McKey, in its list of proposed bellwether plaintiffs. As this Honorable Court is well aware, the parties already tried a

case involving a minor child – the *Alexander* trial. In that trial, the parties fully litigated the claims of the minor, including the allegation that formaldehyde affects children more severely than others in the population. By trying a case involving another child in Bellwether Trial VI, the parties would be re-hashing old issues that would provide no additional instruction to the parties going forward. The bellwethers are supposed to provide meaningful, instructive results as to how other plaintiffs' cases would be resolved by the Court. To try the same issues the parties tried in the last case does not achieve that goal, and certainly not at this time, when other diverse claims that are representative of other significant sectors of the plaintiff pool have yet to be presented.

### B. The Parties Have Already Tried An Adult Who Lived In The Unit With A Minor

The PSC put forth seven adults, including Deborah Harris, Emily Miller, Albert Polite, Jr., Mary Polite, Brenda Pollard, Denise Galbreth and William Pollard. Their fact sheets reveal, however, that they lived in their Temporary Housing Units ("THUs") along with minor children. By proposing these plaintiffs, the PSC undoubtedly plans to do what was done in the *Alexander* trial, wherein they nominated Alana Alexander (who was accepted) and then later sought leave to try the claims of her minor child, Christopher Cooper. Gulf Stream believes the PSC plans the same maneuver here by proposing seven individual plaintiffs who lived in their units with minor children. This is objectionable in and of itself, but also objectionable because the parties have already tried the claims of an adult who lived in the same THU with a minor child in the *Alexander* trial. As discussed above, trying the same type of case over and over again does nothing to further the goal of obtaining instructive verdicts through the bellwether trial process.

There is one plaintiff for whom this objection may not apply. Currently, Gulf Stream has been unable to verify that the minor children (Tyrese and Tyrell Randall) listed as living with plaintiff Harris in her Plaintiff Fact Sheet are party to any lawsuit for formaldehyde exposure

while living in a FEMA THU. Gulf Stream maintains that the PSC should choose a plaintiff from Gulf Stream's proposed plaintiffs list. However, if the Court requires Gulf Stream to choose from the PSC's list, plaintiff Harris is the least objectionable, provided the two minor children are not party to any lawsuit for formaldehyde exposure in a THU.

### C. The Parties Have Already Tried An Asthmatic

The PSC put forth six plaintiffs, including Mary Jane Alexander, Malon Magee, Alneisha Polite, Cynthia Davis, Eddie King, Jr., and Emily Miller, that either have asthma-related complaints or occupied the THU with individuals who have asthma (plaintiff Miller). Again, the parties have tried an asthmatic, Christopher Cooper, during the first bellwether trial. The Court is obviously aware that a huge portion of time and expense associated with the first trial was dedicated to litigating the impact of formaldehyde exposure on an asthmatic plaintiff, including the question of whether formaldehyde worsens the symptoms of asthma and whether formaldehyde can cause permanent damage to an asthmatic's lungs. The parties have already obtained an instructive verdict for an asthmatic plaintiff; there is no reason at this stage to try the same issue a second time.

### D. Several Plaintiffs Have The Same FEMA Prescription Issues That The PSC Objected To On Gulf Stream's List Of Proposed Plaintiffs

The PSC put forth seven plaintiffs, including Cynthia Davis, Troy Esteen, Eddie King, Jr., Gerry McKey (on behalf of Halle McKey), Brenda Pollard, William Pollard, and Salvatricia Ragusa, who failed to file an administrative claim under the Federal Tort Claims Act within the delays allowed by law. This is, in and of itself, not an objectionable feature in Gulf Stream's

3

mind. The surprising aspect of these proposals is that the PSC objected to nine of Gulf Stream's candidates on the same basis.[1]

Why the PSC would object to nine of Gulf Stream's proposed plaintiffs on this basis, yet propose seven of its own plaintiffs with the same "problem" if the Court concludes that such plaintiffs are "automatically disqualified," is curious to say the least. Regardless, Gulf Stream reiterates that it does not believe the mere fact that these plaintiffs may have failed to file a timely claim against the USA is reason to exclude them from acting as a bellwether plaintiff. However, if it is a valid reason to exclude nine of Gulf Stream's proposed plaintiffs, it is surely a valid reason to exclude the seven proposed by the PSC. If the PSC no longer believes that this "problem" prevents a plaintiff from acting as the bellwether plaintiff, then the PSC should select one of the nine plaintiffs proposed by Gulf Stream.

### E. The PSC's Testing Data For The Proposed Plaintiffs Is Incorrect

The PSC has proposed, in total, 25 plaintiffs. For each plaintiff listed on its Nominee List, the PSC listed a formaldehyde reading from the THU each plaintiff occupied, as well as the testing service that obtained that data. However, a comparison of those numbers to numbers previously supplied by the PSC shows that for almost all of the 25 plaintiffs, the data listed on the PSC's Nominee List is incorrect. Some numbers listed on the PSC's Nominee List are higher than those previously reported; others are lower, and in some cases, significantly lower than the results that were reported several months ago.

To make this determination, Gulf Stream compared the PSC's Nominee List to testing data provided by the PSC in an Excel spreadsheet entitled "*Records Database* 5-18-09." The spreadsheet was bates stamped, beginning with PSC021467, and contains detailed information

---

[1] M. Ashford, W. Bellazar, A. Camp, D. Gibson, U. Gibson, R. Lewis, C. Oatis, D. Porter, R. Romaine, B. Tolbert, and S. Washington. Ms. Washington's claims were dismissed after she was proposed as a candidate.

4

for more than 10,000 trailers. It includes test results from Mary DeVany, W.D. Scott, TES, Boston Chemical, and many occupants' own testing. The information comes directly from the PSC,[2] and it contradicts the very data provided in the PSC's Nominee List.

In its Nominee List, the PSC listed several plaintiffs, including Albert Polite, Mary Polite (individually and on behalf of Alneisha Polite), Burnell Colton, Dennise Galbreth (individually and on behalf of Roland Galbreth), Deborah Harris, Mary Jane Alexander, William Pollard, Brenda Pollard, Cynthia Davis, and Salvatricia Ragusa, whose alleged test levels were much lower in the Nominee List than what was listed in the Records Database. For two plaintiffs, Tawana Batiste (on behalf of Tre Deggs, Troy Deggs, and Trenton Grow) and Beverly Batiste, the PSC listed numbers in Nominee List that were <u>ten times</u> lower than the levels depicted in the Records Database. Similarly, the Nominee List result for plaintiff Colton was <u>nine times</u> lower than the number provided in the Records Database. Also, in many cases, the testing services are the same on the Nominee List and the Records Database, so it is completely unclear as to how the PSC could have arrived at these lower numbers. Furthermore, the PSC listed data in the Nominee List for several plaintiffs, including Mable Esteen, Patricia Mattio, Malita Martin (on behalf of Dondrell Cage and Malon Magee), Emily Miller, Troy Esteen, Eddie King, and Gerry McKey (on behalf of Halle McKey), that were higher than the numbers provided in the Records Database. Gulf Stream has confirmed that only one plaintiff – Easton Charles, Jr. – had a number on the Nominee List that matched the number on the Records Database.[3]

---

[2] Importantly, the PSC transferred the file to Gulf Stream with password protection and as a "read-only" document. Thus, at no time was Gulf Stream ever able to change or modify the information in the spreadsheet, nor would it ever do so.

[3] Gulf Stream has attached a list of the Records Database test results for each of the 24 as Exhibit "A." Note, the name on the attached list is that of the "Principal Resident," so that name may not match the proposed plaintiff's name as provided in the PSC's Nominee List. Gulf Stream has also attached for the Court's convenience a spreadsheet of the results listed in the PSC's Nominee List. This is Exhibit "B."

Simply put, there is almost no agreement whatsoever between the data listed in the PSC's Records Database and the data listed in its Nominee List. Whatever the reason for the variance, the impact is clear – the data listed on the Plaintiffs' Nominee List are completely useless and untrustworthy. The parties cannot rely on numbers that are as skewed and incorrect as these.

### F. Several Plaintiffs' Test Results Far Exceed The Median Result

The PSC put forth ten plaintiffs, including Emily Miller, Mary Jane Alexander, Troy Esteen, William Pollard, Brenda Pollard, Gerry McKey Cynthia Davis, Easton Charles, Patricia Mattio and Mable Esteen,[4] whose formaldehyde level test results far exceed the median result found in the THUs. As discussed in previous pleadings, Gulf Stream avers that the median properly lies at 47 ppb, the number provided by the USA's testing service, Bureau Veritas North America ("BVNA"). As of May 2009, BVNA tested over 4,000 THUs since Katrina. The median for Gulf Stream units was 100 ppb, and the median for all units was 47 ppb.

The results for these ten plaintiffs range anywhere from 40 to 110 percent higher than the Gulf Stream median, and about three to four times higher than the general BVNA median. Trying a case with this level of formaldehyde would not be instructive for further cases in this litigation, especially considering that BVNA found <u>80 percent</u> of the total units had a formaldehyde level of 99 ppb or lower. No instructive verdict can come from trying a unit with a level that far exceeds that which the overwhelming majority of the plaintiffs were exposed to.

### G. Specific Objections

Plaintiff Easton Charles, Jr., is not fit to serve as a bellwether plaintiff because prior to Hurricane Katrina, he sought medical treatment with Dr. Peter Lu in Chalmette, La. Dr. Lu's records were almost certainly destroyed in Katrina, and without those records, Gulf Stream's

---

[4] Plaintiff Burnell Colton also has a test result in the Records Database that is approximately four times higher than Gulf Stream median from BVNA, and <u>ten times</u> higher than the overall BVNA median for all units.

ability to determine whether plaintiff Charles' condition pre-existed would be severely prejudiced. The questions of pre-existing conditions and whether they were worsened by formaldehyde exposure are at the heart of this litigation. To try a plaintiff without having that information would not yield an instructive verdict.

Finally, plaintiff Patricia Mattio lives in St. Gabriel, La., which is located in Iberville Parish. The U.S. District Court for the Middle District of Louisiana governs Iberville Parish, not the Eastern District. Not all parties have consented to trying the claims of a plaintiff who lives outside the Eastern District, so plaintiff Mattio cannot act as a bellwether trial before this Honorable Court of the Eastern District.

**H. Objections Organized By Plaintiff**

For the ease of Court, Gulf Stream has listed each of the 25 plaintiffs below along with Gulf Stream's specific objection:

1. Mary Jane Alexander
    a. Asthma-related symptoms.
    b. Higher level reported in Records Database produced by PSC.
    c. Test result far exceeds BVNA median.

2. Beverly Batiste
    a. 10 times higher level reported in Records Database produced by PSC.

3. Tawana Batiste on behalf of Tre Deggs
    a. The parties have tried a minor plaintiff.
    b. 10 times higher level reported in Records Database produced by PSC.

4. Tawana Batiste on behalf of Troy Deggs
    a. The parties have tried a minor plaintiff.
    b. 10 times higher level reported in Records Database produced by PSC.

5. Tawana Batiste on behalf of Trenton Grow
    a. The parties have tried a minor plaintiff.
    b. 10 times higher level reported in Records Database produced by PSC.

6. Easton Charles, Jr.
    a. Test result far exceeds BVNA median.

      b. Medical records lost in storm, which prejudices Gulf Stream's defense.

7. Burnell Colton
    a. 9 times higher level reported in Records Database produced by PSC.
    b. Records Database number far exceeds BVNA median.

8. Cynthia Davis
    a. Asthma-related symptoms.
    b. FEMA prescription problem.
    c. Higher level reported in Records Database produced by PSC.
    d. Test result far exceeds BVNA median.

9. Mable Esteen
    a. Lower level reported in Records Database produced by PSC.
    b. Test result in Nominee List far exceeds BVNA median.

10. Troy Esteen
    a. FEMA prescription problem.
    b. Lower level reported in Records Database produced by PSC.
    c. Test result in Nominee List far exceeds BVNA median.

11. Dennise Galbreth
    a. Lived in the unit with a minor child.
    b. Higher level reported in Records Database produced by PSC.

12. Dennise Galbreth on behalf of Roland Galbreth
    a. The parties have tried a minor plaintiff.
    b. Higher level reported in Records Database produced by PSC.

13. Deborah Harris
    a. Lived in the unit with a minor child.
    b. Higher level reported in Records Database produced by PSC.

14. Eddie King
    a. Asthma-related symptoms.
    b. FEMA prescription problem.
    c. Lower level reported in Records Database produced by PSC.

15. Malita Martin on behalf of Dondrell Cage
    a. The parties have tried a minor plaintiff.
    b. Lower level reported in Records Database produced by PSC.

16. Malita Martin on behalf of Malon Magee
    a. The parties have tried a minor plaintiff.
    b. Child with asthma-related symptoms.
    c. Lower level reported in Records Database produced by PSC.

17. Patricia Mattio
    a. Lower level reported in Records Database produced by PSC.
    b. Test result far exceeds BVNA median.
    c. Does not live in Eastern District of Louisiana boundaries.

18. Gerry McKey on behalf of Halle McKey
    a. The parties have tried a minor plaintiff.
    b. FEMA prescription problem.
    c. Lower level reported in Records Database produced by PSC.
    d. Test result far exceeds BVNA median.

19. Emily Miller
    a. Lived in the unit with a minor child.
    b. Lived in the unit with individuals who had symptoms of asthma.
    c. Lower level reported in Records Database produced by PSC.
    d. Test result far exceeds BVNA median.

20. Albert Polite
    a. Lived in the unit with a minor child.
    b. Higher level reported in Records Database produced by PSC.

21. Mary Polite
    a. Lived in the unit with a minor child.
    b. Higher level reported in Records Database produced by PSC.

22. Mary Polite on behalf of Alneisha Polite
    a. The parties have tried a minor plaintiff.
    b. Child with asthma-related symptoms.
    c. Higher level reported in Records Database produced by PSC.

23. William Pollard
    a. Lived in the unit with a minor child.
    b. FEMA prescription problem.
    c. Higher level reported in Records Database produced by PSC.
    d. Test result far exceeds BVNA median.

24. Brenda Pollard
    a. Lived in the unit with a minor child.
    b. FEMA prescription problem.
    c. Higher level reported in Records Database produced by PSC.
    d. Test result far exceeds BVNA median.

25. Salvatricia Ragusa
    a. FEMA prescription problem.
    b. Higher level reported in Records Database produced by PSC.

Respectfully Submitted:

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK #18495**
**JOSEPH G. GLASS #25397**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700
(504) 837-3119 (FAX)
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON**
**Timothy D. Scandurro #18424**
**Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
(504) 529-6199 (FAX)
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

## C E R T I F I C A T E

I hereby certify that on the 30th day of January, 2010, a copy of the foregoing Opposition to Plaintiffs' Steering Committee's Nominees for Second Gulf Stream Bellwether Trial was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495
andreww@duplass.com

10