UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N(5)<br><br>JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO:<br>*Lyndon Wright v. Forest River, Inc., et al.,*<br>No. 09-2977 (E.D. La.) | MAGISTRATE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**STATEMENT OF UNCONTESTED MATERIAL FACTS
IN SUPPORT OF SHAW ENVIRONMENTAL, INC.'S
<u>MOTION FOR SUMMARY JUDGMENT ON CAUSATION</u>**

Defendant, Shaw Environmental, Inc. (hereinafter referred to as "Shaw"), submits the following statement of uncontested material facts in connection with its Motion for Summary Judgment on Causation.

1. Shaw had a contract with FEMA known as the Individual Assistance/Technical Assistance Contract ("IA/TAC"), which required Shaw, among other things, to assist in providing emergency housing to disaster victims as directed by task order, for example, through the delivery and installation of FEMA travel trailers, park models, and mobile homes for purposes of providing emergency housing units ("EHUs") to citizens displaced by Hurricanes Katrina and Rita.[1]

---

[1] Affidavit of Geoffrey C. Compeau, ¶¶ 2, 4-5, attached as Exhibit A to Memorandum In Support of Shaw Environmental, Inc.'s Motion for Summary Judgment on Causation (the "Compeau Affidavit").

2. The Contract between Shaw and FEMA set forth precise specifications directing the exact manner for Shaw to install the travel trailers, including detailed requirements for delivery, blocking and leveling, anchoring and straps, utilities hook-ups (including sewer line, water line, electrical wiring), steps, winterization, handicap ramps/platform steps, and numerous other minor tasks to make the trailer trailers ready for occupancy ("RFO").[2]

3. In the course of performing its contractual obligations under the IA/TAC, Shaw (through its subcontractor) installed a travel trailer selected by FEMA and manufactured by Forest River, Inc., bearing VIN number 4X4TSMH296C008992, at 2315 Seminole Lane, New Orleans, Louisiana, on November 21, 2005, to serve as emergency housing for Lyndon Wright ("the Trailer").[3]

4. Due to the difficulties that Entergy experienced in restoring electrical power to the area where the Trailer was located, the EHU could not be powered up and made ready for occupancy until February 2006.[4]

5. On February 13, 2006, Plaintiff conducted a "lease-in" process with Shaw, through its subcontractor. During that process, Plaintiff conducted a walk-through inspection of the Trailer and found nothing wrong with it, as indicated by his signature on the lease-in forms.[5]

---

[2] Compeau Affidavit, ¶¶ 6-7, 9-10 (Exhibit A to Memorandum in Support).

[3] Compeau Affidavit, ¶¶ 13, 15, 17 (Exhibit A to Memorandum in Support).

[4] Compeau Affidavit, ¶ 19 (Exhibit A to Memorandum in Support).

[5] Compeau Affidavit, ¶22 and Exhibit "13" thereto (Exhibit A to Memorandum in Support); Deposition of Lyndon Wright, pp. 96, 257-258, attached as Exhibit B to Memorandum in Support.

6. After lease-in, Plaintiff elected to remain on the cruise ship where he had been staying until some time in March, 2006, at which point he moved to the Trailer.[6]

7. After Plaintiff moved into the Trailer, Shaw maintained it for less than three months, until June 1, 2006, when C. Martin Company assumed maintenance responsibility.[7]

8. During the period of Shaw's maintenance, Plaintiff lodged no formaldehyde or other odor-related complaints. The only reported maintenance issue was a broken furnace that was repaired to his satisfaction.[8]

9. Plaintiff continued to live in the Trailer for two more years after Shaw relinquished all maintenance responsibilities with respect to the Trailer.[9]

10. There is no evidence that the haul and install process, by which the trailer occupied by Lyndon Wright was installed on six concrete block piers as directed by FEMA, damaged the frame or structure of the Trailer in any way so as to permit excess moisture intrusion or enhanced formaldehyde off-gassing.

11. Plaintiff has offered no proof, expert opinions or otherwise, that Shaw actually increased the level of formaldehyde in the Trailer and/or caused or exacerbated Plaintiff's exposure to formaldehyde.

---

[6] Deposition of Lyndon Wright, p. 73 (Exhibit B to Memorandum in Support).

[7] Affidavit of Allison Hansen, ¶ 12, attached as Exhibit C to Memorandum in Support.

[8] Compeau Affidavit, ¶¶ 24-26, and Exhibits 15 and 16 thereto (Exhibit A to Memorandum in Support).

[9] Deposition of Lyndon Wright, pp. 73, 132 (Exhibit B to Memorandum in Support).

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**


  /s/ M. David Kurtz
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000

**ATTORNEYS FOR DEFENDANT,
SHAW ENVIRONMENTAL, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2010, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel.

  /s/ M. David Kurtz

4