UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N(5)<br><br>JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO:<br>*Lyndon Wright v. Forest River, Inc., et al.,*<br>No. 09-2977 (E.D. La.) | MAGISTRATE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**STATEMENT OF UNCONTESTED MATERIAL FACTS
IN SUPPORT OF SHAW ENVIRONMENTAL, INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING
<u>CLAIMS UNDER THE LOUISIANA PRODUCTS LIABILITY ACT</u>**

Defendant, Shaw Environmental, Inc. (hereinafter referred to as "Shaw"), submits the following statement of uncontested material facts in connection with its motion for partial summary judgment regarding claims asserted against it under the Louisiana Products Liability Act ("LPLA").

1. Following Hurricane Katrina, Plaintiff admits that his mother, Bobbie Wright, received emergency housing assistance from FEMA, pursuant to the Stafford Act and applicable federal regulations.[1]

---

[1] Rec. Doc. No. 2203, ¶¶ 4-5 (Wright's First Supplemental and Amended Complaint).

2.       FEMA provided a travel trailer manufactured by Forest River, Inc., bearing VIN No. 4X4TSMH296C008992, to Plaintiff's mother, Bobbie Wright, as emergency housing ("the Trailer").[2]

3.       Plaintiff asserts claims against Shaw under the LPLA as a "manufacturer" based on Shaw's installation of the Trailer in accordance with FEMA's mandatory specifications.[3]

4.       On September 30, 2005, FEMA and Shaw executed the Individual Assistance/Technical Assistance Contract ("IA-TAC") under which Shaw would provide certain services for disaster relief, pursuant to individual task orders issued by FEMA.[4]

5.       In response to Hurricane Katrina, FEMA issued Task Order 15 to Shaw to provide staging support, hauling, installation, and maintenance services to further FEMA's operational objective of providing emergency housing solutions for citizens displaced by the hurricane.[5]

6.       Exhibit 7 to Section J, Attachment A – Performance Work Statement, of the IA-TAC ("Exhibit 7") sets forth precise specifications directing the exact manner for Shaw to install the travel trailers, including detailed requirements for delivery, blocking and leveling, anchoring and straps, utilities hook-ups (including sewer, water, and electrical), steps, winterization,

---

[2]     Rec. Doc. No. 2203, ¶ 17. *See also* Affidavit of Geoffrey C. Compeau, ¶ 15, attached as Exhibit A to Shaw Environmental, Inc.'s Memorandum in Support (the "Compeau Affidavit").

[3]     C.A. No. 09-2977 (Wright), Rec. Doc. No. 1, Count 3, ¶¶ 103-109; *see also* Rec. Doc. No. 2203, ¶¶ 11-13, (Wright's First Supplemental and Amended Complaint).

[4]     Compeau Affidavit, ¶¶ 2, 4-5 (Exh. A to Memorandum in Support) and Exhibit 1 thereto.

[5]     Compeau Affidavit, ¶¶ 6-7 (Exh. A to Memorandum in Support) and Exhibit 2 thereto.

handicap ramps/platform steps, and numerous other minor tasks to make the trailers ready for occupancy (RFO).[6]

7.   Shaw was assigned the task of delivering, installing and making ready for use the EHU assigned to Bobbie Wright, plaintiff's mother.[7]

8.   The Trailer was picked up at FEMA's designated staging area and installed at 2315 Seminole Lane, New Orleans, Louisiana, on November 21, 2005, by one of Shaw's subcontractors.[8]

9.   Due to difficulties Entergy experienced in restoring electrical power to the area where the Trailer was located, it could not be powered up and made ready for occupancy until February 2006.[9]

10.   On February 13, 2006, Plaintiff and Shaw's subcontractor performed a "lease-in" walkthrough inspection of the Trailer, and Plaintiff acknowledged that the Trailer was in good condition by signing the appropriate form.[10]

11.   Shaw did not produce, make, fabricate, construct, design, remanufacture, recondition or refurbish the Trailer.[11]

---

[6]   Compeau Affidavit, ¶¶ 9-10 (Exh. A to Memorandum in Support) and Exhibit 3 thereto.

[7]   Compeau Affidavit, ¶ 13 (Exh. A to Memorandum in Support).

[8]   Compeau Affidavit, ¶ 17 (Exh. A to Memorandum in Support) and Exhibit 8 thereto.

[9]   Compeau Affidavit, ¶ 19 (Exh. A to Memorandum in Support).

[10]   Compeau Affidavit, ¶¶ 21-22 (Exh. A to Memorandum in Support) and Exhibit 13 thereto.

[11]   Compeau Affidavit, ¶ 28 (Exh. A to Memorandum in Support).

12. Shaw did not label the Trailer as its own or otherwise hold itself out to be the manufacturer of the Trailer.[12]

13. Shaw did not exercise control over, or influence a characteristic of, the design, construction or quality of the Trailer.[13]

14. Shaw never took title to the Trailer.[14]

Respectfully submitted,

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

  /s/ M. David Kurtz
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000

**ATTORNEYS FOR DEFENDANT, SHAW ENVIRONMENTAL, INC.**

---

[12] Compeau Affidavit, ¶ 29 (Exh. A to Memorandum in Support).

[13] Compeau Affidavit, ¶ 30 (Exh. A to Memorandum in Support).

[14] Compeau Affidavit, ¶ 33 (Exh. A to Memorandum in Support).

4

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2010, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel.

/s/ M. David Kurtz