UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER            )   MDL NO. 07-1873
FORMALDEHYDE                   )
PRODUCT LIABILITY LITIGATION   )
                               )   SECTION: N
                               )
                               )   JUDGE: ENGELHARDT
                               )   MAG: ROBY
                               )
                               )
                               )

## SUPPLEMENTAL AFFIDAVIT OF GEORGE A. FARBER, M.D. IN THE TRIAL OF LYNDON T. WRIGHT

STATE OF LOUISIANA
PARISH OF JEFFERSON

Before me, the undersigned notary on this day personally appeared George A. Farber, MD, a person whose identity is known to me. After I administered the oath to him, upon his oath he stated as follows:

All statements contained herein are true and correct and based upon my personal knowledge, education, and experience and I am a person of full age of majority, competent to execute this affidavit.

I am writing concerning Mr. Lyndon Wright. I have been asked to provide an opinion concerning his state of health as it relates to exposure to mold and formaldehyde while residing in a FEMA-provided trailer. My opinion is based on my personal knowledge, education and experience. I am a licensed physician and am Board-certified in Dermatology.

I have reviewed medical records provided concerning Mr. Wright and also the medical and toxicological literature. In addition, I have interviewed Mr. Wright and examined Mr. Wright.

Since the initial report dated July 28, 2009, I have received and reviewed additional information relating to the presence of mold in Lyndon Wright's FEMA provided trailer. The results of the mold testing revealed the presence of various types of mold in a range of concentrations. The types of molds detected are fairly common and widespread. The specific types listed in the report and others with a similar antigenic status, are ubiquitous worldwide (see Attachment A).

A RAST test was performed on Lyndon Wright. While this test did not reveal a high level of sensitivity to mold exposure, it did reveal some sensitivity. It is important to note that any sensitivity is significant.

When any individual lives in a high concentration environment or restrictively enclosed area where mold is present, they may become symptomatic. Once removed from this environment, the reactive process becomes less symptomatic. However, once a person becomes allergic, any exposure can produce a reaction. With every re- exposure to these molds, the symptoms can recur, although the allergic symptoms can manifest in other forms. The reaction to mold can involve the skin, mucous membranes and the upper respiratory tract. The skin reaction can manifest in a form of hives or urticaria which produces pruritis or itching.

Lyndon Wright lived in his FEMA provided travel trailer for 28 month which qualifies as a chronic or long term chronic exposure Such chronic exposure to allergens can result in an altered or lowered immune system response. This reaction to the mold exposure will vary from person to person and to different levels of exposure to the allergen.

During his occupancy in the trailer, Lyndon Wright developed dermatitis, which was pruritic (itchy) in nature. The extent of the dermatitis can vary from small patches to large areas and on differing parts of the body. Lyndon Wright discussed developing dermatitis on his elbow and collar of the neck. The presence of hives is consistent with a re-exposure to allergens or an inhalant that induces the upper respiratory tract to react. Any reaction to an allergen is a defense mechanism of the body, and can be either limited or wide spread. Each different exposure can produce a different level of reactivity.

Therefore, once a person is sensitized, they are subject to varying degrees of reactive process and its secondary aspects, including hives, urticaria, upper respiratory symptoms, shortness of breath, itching, and dermatitis. As Lyndon Wright has been sensitized to mold exposure, he will need continuing care to monitor and treat any symptoms that he may develop.

There are medications that will help with these symptoms, but there are always side affects with any medication, especially with antihistamines typically used for itching. The antihistamines notoriously have a limited favorable impact. Almost all antihistamines will lose efficiency of their mode of action after several weeks of use. Therefore, there is a need for continuing physician care to monitor the drug effectiveness coupled with assessment of the need to change antihistamines. Fortunately, once there is a several week gap between one antihistamine and another, then the initial antihistamine can be used again with favorable response and efficiency for several weeks.

In summary, it is my professional opinion that, within a reasonable degree of medical probability, the exposure to mold and formaldehyde emissions during his approximately 28 months of residence in the FEMA trailer significantly exacerbated Mr. Lyndon Wright's dermatitis.

Photographs of Mr. Wright's dermatitis are attached.

The initial affidavit and this addendum report constitute the final report, to date, regarding Mr. Lyndon Wright.

I reserve the right to submit additional affidavits if deemed necessary.

Affiant further sayeth not.

10-2-09
Date

George A. Farber, M.D.

Sworn and subscribed before me this 2nd day of October 2009.

NOTARY PUBLIC, Cynthia Wallace ID # 32840

My commission expires at my death.