UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER * | | MDL NO. 1873 |
|     FORMALDEHYDE * | | |
|     PRODUCTS LIABILITY * | | |
|     LITIGATION * | | SECTION: N(5) |
| * | | |
| This Document Relates to: *Lyndon T. Wright v.* * | | JUDGE: ENGELHARDT |
| *Forest River, Inc., et al*, Docket No. 09-2977 * | | |
| * | | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM FOR LOSS OF FUTURE EARNING CAPACITY**

**MAY IT PLEASE THE COURT:**

Defendants Forest River, Inc. ("Forest River") and Shaw Environmental, Inc. ("Shaw") (hereinafter, "defendants") respectfully submit this Memorandum in Support of their Motion for Partial Summary Judgment on plaintiff's claim for loss of future earning capacity. For the reasons below, plaintiff has not presented sufficient evidence to prove his claim for future lost wages, and these claims should be dismissed.

**BACKGROUND**

As the Court is well aware, this Multi-District Litigation is the consolidation of hundreds of federal toxic tort suits in which an estimated seventy thousand named plaintiffs claim to have inhabited emergency housing units ("EHUs") that were provided to them by the Federal Emergency

Management Agency ("FEMA") as a result of damage to their respective residences as a result of Hurricanes Katrina and/or Rita. (Rec. Doc. 109, at ¶ 96).

Bellwether plaintiff Lyndon Wright originally filed suit in March of 2009; on April 6, 2009, the Court entered Pre-Trial Order No. 34, confirming Wright as defendants' trial plaintiff. (Rec. Doc. No. 1299). On June 24, 2009, Wright filed a Motion for Leave to File First Supplemental and Amended Complaint, seeking to add new claims of mold exposure. (Rec. Doc. 1862). The Court granted that motion on July 17, 2009. (Rec. Doc. 2201).

In his Amended Complaint, Wright asserted for the first time a claim for loss of future earning capacity as a result of exposure to formaldehyde and/or mold in the trailer. *See* Rec. Doc. 2203, Plaintiff's Supplemental and Amended Complaint at ¶17(I). Despite these allegations, plaintiff has failed to provide any evidence that his ability to work has been adversely impacted by his alleged exposure to formaldehyde and/or mold emanating from the unit at issue. Indeed, aside from plaintiff's own speculation, none of plaintiff's expert witnesses has rendered any opinion that plaintiff's earning capacity will be impaired by his alleged exposures. Without such evidence, plaintiff's claim for loss of future earnings necessarily fails.

Further, even assuming *arguendo* such testimony existed, plaintiff has not retained an economic expert to quantify Wright's lost wage claim or reduce same to present value. Without expert testimony to gauge the lost wage claim, plaintiff has failed to carry his burden of proof under Louisiana jurisprudence for this alleged damage. Accordingly, defendants are entitled to and respectfully seek a summary adjudication of Wright's claims for loss of future earning capacity, dismissing same with prejudice.

## LAW AND ARGUMENT

**I.      Summary Judgment Standard**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment should be rendered if the pleadings, discovery, disclosure materials and affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* Further, "It is axiomatic that where questions of law alone are involved in a case, summary judgment is appropriate." *Int'l Ass'n of Machinists & Aerospace Workers, Dist. 776 v. Tx. Steel Co.*, 538 F.2d 1116, 1119 (5th Cir. 1976).

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.,* 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must go beyond the pleadings and through affidavits, depositions, answers to interrogatories, and admissions on file designate specific facts showing that there is a genuine issue for trial. *Celotex,* 477 U.S. at 324; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F .3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber,* 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied,* 513 U.S. 871 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys,* 298 F.3d 434, 440 (5th Cir. 2002).

**II.     Plaintiff has not presented sufficient evidence to prove his loss of earning capacity claims**

In the case at bar, plaintiff has wholly failed to put forth evidence to support his claim for loss of future earning capacity. Wright has not presented medical testimony to prove that any residual disability exists, much less that such a disability is causally related to his exposure to formaldehyde and/or mold. Even assuming, *arguendo,* that evidence of a residual disability did exist, Wright has not provided any competent evidence to prove that such an injury would impact his wage earning ability, nor has he provided any quantification of such alleged loss. As Wright has failed to establish the requisite elements necessary to support a claim for lost future earning capacity, summary judgment should be granted.

> *A.     The Plaintiff has not proven a residual disability causally related to formaldehyde and/or mold.*

Under Louisiana law, to obtain an award for future loss of wages and/or loss of earning capacity, a plaintiff must present medical evidence that indicates with reasonable certainty that there exists a residual disability causally related to the accident or exposure. *Aisole v. Dean*, 574 So. 2d 1248, 1252 (La. 1991). A review of plaintiff's medical expert testimony reveals that no such evidence exists.

First, although detailed more fully in defendants' Motion for Summary Judgment regarding causation, plaintiff's specific and general causation experts have never reached a consensus on those injuries allegedly caused by formaldehyde/mold and experienced by Wright.[1] The only medical condition identified by a specific causation expert as being related to Wright's formaldehyde

---

[1] In a toxic tort case, the plaintiff must prove both general causation and specific causation – and must do so with competent expert testimony. *Knight v. Kirby Inland Marine Inc.*, 483 F.3d 347, 351 (5th Cir. 2007).

exposure is the exacerbation of rhinosinusitis.[2]  *See* Expert report of Dr. Miller, dated 10/2/09, p. 7, attached as Ex. A.  However, plaintiff's only general causation expert, Dr. Patricia Williams, never opines on the link between rhinosinusitis and formaldehyde.  *See* Expert report of Dr. Williams, dated 10/2/09, p. 63-64, attached as Ex. B.  As a result, plaintiff cannot present complete causation testimony for any medical injury whatsoever.  Without a proven injury, plaintiff logically cannot recover for loss of future earning capacity.

Regardless of the causation issues, plaintiff's lost future earning claim is still problematic, in that **none** of his experts offers any testimony on Wright's injuries in connection with his ability to work.  For instance, while Dr. Miller opines that formaldehyde caused Wright to suffer from exacerbated rhinosinusitis, he never links that rhinosinusitis to Wright's diminished ability to work.  *See generally* Expert report of Dr. Miller, dated 10/2/09, attached as Ex. A.  Similarly, plaintiff's other specific causation expert, Dr. Spector, found that none of Wright's medical conditions is causally related to formaldehyde and/or mold exposure.  *See* Expert report of Dr. Spector, dated 9/21/09, attached as Ex. C.  Not surprisingly, Dr. Spector offered no commentary on Wright's ability to work.  *Id.*

Even plaintiff's expert psychologist, Dr. Shwery, offers no opinion on the impact of Wright's mental state and his ability to work.  *See generally* Expert report of Dr. Schwery, dated 9/24/09, attached as Ex. D.  In sum, none of plaintiff's medical experts provides any analysis of Wright's future work restrictions, hour per week limitations, his need to switch careers, etc. In other words, plaintiff simply failed to address the subject of future work capacity via expert testimony entirely.

---

[2]  Plaintiff has not provided any specific causation testimony linking his alleged mold exposure in the trailer to any of his current medical symptoms.

The <u>only</u> testimony in this case dealing with the loss of future earning capacity is the purely speculative testimony of plaintiff himself. At his deposition, Wright testified that he "thinks his pay will go down" due to his asthma:

> Q. Sure. Is there any reason you can think of as you sit here today that the amount that you are earning . . . that has been reported, $72,000 from last year, that you will not earn a commensurate amount of money, in other words, the same amount of money in the future?
> A. In the future at any given time?
> Q. Sure.
> A. I think my pay will probably go down. Yeah, I think it would go down.
> Q. Why?
> A. I would have to say due to health reasons.
> Q. And what health reasons, as we sit here today, have prevented you from earning the $72,000 that you earned?
> A. Well, at this particular time, it's more of a budget thing, but you said at any given time if I thought I would make less.
> Q. Sure. Is there anything that you know today that makes you believe you will earn less money in the future?
> A. That I know today?
> Q. Yes.
> A. Yes. Because I was diagnosed with asthma, so I'm quite sure that's going to progressively -- well, progress into something more where it limits me to work.

Deposition of Lyndon Wright at p. 231-232, attached as Ex. E.

Again, as discussed above, there is **no** specific causation testimony in this case linking Wright's alleged asthma to exposure to formaldehyde and/or mold.[3]  Accordingly, even if one were to accept plaintiff's own self-serving, speculative testimony as true, plaintiff has still failed to present the requisite specific causation testimony to support his future lost wage claim.

Moreover, Wright's employment history reveals no impaired ability to work due to his alleged formaldehyde/mold exposure.  From July 2007 to December 2008, Wright worked as a stationary engineer at both the Hyatt Hotel and City of New Orleans.[4]  *Id.* at 192-94.  Each of these jobs required a 40 hour work week, meaning Wright worked 80 hours per week for a year and a half. *Id.*  More recently, in early 2009, Wright's work schedule was cut back to 72 hours per week – not due to Wright's health, but because of budgetary cuts at the Hyatt.  *Id.*  He still maintains this work schedule currently and even works overtime if available.  *Id.* at 192-94; 230.  At his deposition, Wright agreed that he was working more than he ever had before:

> Q.  Now, as we sit here today, you're working more than you ever worked in your life, correct?
> A.  Yes.
> Q.  You're working more hours than you ever worked in your life, correct?
> A.  With having two jobs, yes.
> Q.  And you're earning more money than you ever earned in your life before, correct?

---

[3] Although plaintiff's expert Dr. Patricia Williams alleges that a causal link exists between formaldehyde and asthma, none of plaintiff's specific causation experts – including Dr. Miller – has offered any opinions on that subject.  Thus, plaintiff's assertions that formaldehyde in the trailer "caused him to develop asthma" are simply not supported by his own experts' testimony.

[4] Immediately following Hurricane Katrina from October 2005 to January 2007, Wright worked as a stationary engineer at the City of New Orleans for 12 hours a day, seven days a week.  Deposition of Lyndon Wright at p. 77-78, attached as Ex. E.

>           A.   Yes.
> * * *
>     Q.   In 2009, do you expect to make the
>     same amount of money or an equivalent amount
>     of money with Hyatt?
>           A.   No.
>     Q.   And is that due to the budgetary
>     cutbacks you told me about?
>           A.   Yes.

*Id.* at 228-29.

Wright's claims for future wage loss are simply not supported by his actual work history, especially in light of the fact that Wright continues to work 72 hours per week. Wright's assertion that asthma will negatively impact his ability to work is mere speculation that is not supported by either his medical experts or his employment history. He has failed to carry his burden of proof as a matter of law.

> B.   *The Plaintiff has not established his loss of earning capacity damages to a reasonable certainty.*

Finally, even assuming that plaintiff could present medical testimony of a residual disability and supporting causation testimony, plaintiff has not retained an economist to calculate the value of his alleged loss of earning capacity to a reasonable certainty. Thus, any damages award would be purely speculative. In *Jones v. Trailor*, the court held that a plaintiff could not recover for a loss of earning capacity because she did not present testimony from an economist. 636 So. 2d 1112 (La. App. 4 Cir. 1994). In *Jones*, plaintiff injured her back in a slip and fall and sought recovery for loss of earning capacity as part of her claim. *Id.* at 1115. Unlike in the present case, plaintiff's doctors in *Jones* testified that she would have permanent work restrictions due to the injuries. *Id.* at 1121-22. However, the trial court did not allow recovery for a loss of future earning capacity and the appellate court affirmed. *Id.* at 1122. The appellate court found that the plaintiff's failure to present the

testimony of an expert economist made it "virtually impossible" for the trial court to estimate the proper recovery for the plaintiff. *Id*.

Like in *Jones*, Wright has not retained an economist, nor has he presented any evidence attempting to quantify the value of his lost earning capacity. Consequently, Wright cannot provide sufficient evidence to estimate a loss of future earning capacity claim with any degree of reasonable certainty. As such, defendants' motion for partial summary judgment should be granted, dismissing this claim with prejudice.

## CONCLUSION

In light of the above and foregoing, plaintiff has failed to establish competent evidence to support his claim of loss of future wage earning capacity. Wright has not offered evidence of present impairment stemming from his alleged exposures, nor has he presented expert testimony to establish that he suffers from any condition that has or will adversely impact his wage earning capacity. Finally, even assuming Wright could provide the requisite causation and disability elements of his claim, he has failed to establish competent evidence quantifying such damages as required under Louisiana law. Thus, defendants' Motion for Partial Summary Judgment regarding plaintiff's claims for loss of earning capacity should be granted.

Respectfully submitted,

/s/ Jason D. Bone
Ernest P. Gieger, Jr. (No. 6154)
Jason D. Bone (No. 28315)
Carson W. Strickland (No. 31336)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
*ATTORNEYS FOR FOREST RIVER, INC.*

/s/ M. David Kurtz
David Kurtz (No. 23821)
Karen K. Whitfield (No. 19350)
Catherine N. Thigpen (No. 30001)
Baker Donelson Bearman Caldwell & Berkowitz, PC
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
*ATTORNEYS FOR SHAW ENVIRONMENTAL, INC*

## CERTIFICATE

I hereby certify that on the 1st day of February, 2010, a copy of the foregoing *Memorandum in Support* was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

/s/ Jason D. Bone
JASON D. BONE