UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N(5)<br><br>JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO:<br>*Lyndon Wright v. Forest River, Inc., et al.*<br>No. 09-2977 (E.D. La.) | MAGISTRATE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM IN SUPPORT OF SHAW ENVIRONMENTAL, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S MENTAL ANGUISH CLAIMS

**MAY IT PLEASE THE COURT:**

Shaw Environmental, Inc. ("Shaw") submits this memorandum in support of its motion for partial summary judgment on Plaintiff's mental anguish claims against Shaw. Based on admitted facts and facts that are not genuinely disputed, the mental anguish claims against Shaw should be dismissed pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Defendant Forest River, Inc. ("Forest River") has also filed a motion for partial summary judgment on Plaintiff's mental anguish claims in this matter. In order to avoid unnecessary repetition and further burdening this Honorable Court, Shaw hereby adopts and incorporates by reference as if repeated herein, the reasoning, jurisprudence, and factual support included in "Forest River Inc.'s Motion for Partial Summary Judgment on Plaintiff's Mental Anguish

Claims."¹ In addition, Shaw moves separately to address those allegations made specifically against Shaw and to point out that Plaintiff has provided **no** evidence to support those claims.

Plaintiff expressly alleges that he "became depressed and suffered loss of self-esteem" due to "Shaw's failure to respond to the various problems with the Trailer."² And, Plaintiff specifically claims damages for his: "growing frustration with Shaw because of their lack of response to helping him maintain his temporary home unit coupled with his exposure to formaldehyde and mold from his unsealed door and leaking window caused him to develop mental depression for which he has had to seek medical treatment."³

As set forth fully in Shaw's Motion for Partial Summary Judgment on Plaintiff's Maintenance Claims filed contemporaneously, Plaintiff has a complete lack of evidence to suggest that Shaw failed to maintain the Trailer in any way. Again, to avoid unnecessary repetition and further burden to this Court, Shaw hereby adopts and incorporates by reference as if repeated herein, the arguments, reasoning, and factual support included in its "Motion for Partial Summary Judgment on Plaintiff's Maintenance Claims."⁴

When questioned at his deposition about his emotional issues related to the trailer's maintenance, he mentioned only problems with the door and mold.⁵ However, during the period of Shaw's maintenance, the only reported maintenance issue was a broken furnace that was

---

1   Rec. Doc. No. 10934.

2   Rec. Doc. No. 2203 (Wright's First Supplemental and Amended Complaint), ¶ 15.

3   *Id*. at ¶ 17 (j).

4   Rec. Doc. No. ____.

5   Wright Deposition, pp. 233-34, attached hereto as Exhibit B.

2

repaired to Plaintiff's satisfaction.[6]  Plaintiff cannot point to a single record that supports his assertion that he made complaints to the maintenance line about his door or window or mold, Shaw's maintenance responsibility before June 1, 2006,[7] so these alleged problems (and the resulting "depression," if any) must have surfaced later.[8]  They therefore cannot be attributed to Shaw.

Perhaps Plaintiff confused Shaw with a later maintenance contractor when making these allegations.  However, Plaintiff has known for months that Shaw's maintenance responsibility ended on June 1, 2006, because Shaw discussed the MDC turnover process extensively in its Motion for Summary Judgment on Prescription filed in August 2009.[9]  Despite this knowledge, Plaintiff still has failed to put forth any evidence that Shaw disregarded *any* of his maintenance requests during the period when Shaw maintained the Trailer.  Accordingly, Plaintiff's mental anguish claims due to "Shaw's failure to respond to the various problems with the Trailer" are wholly unsupported and should be dismissed as a matter of law.

Moreover, being depressed because a maintenance call is not immediately addressed is not actionable.  Mental anguish claims have to be based upon something more serious than the trials and tribulations of day-to-day life.  Few and far between are people who have never had to wait on a plumber, for cable television to be installed or the like.  In sum, Plaintiff has offered no

---

[6] Affidavit of Geoffrey C. Compeau, ¶¶ 24-26, attached hereto as Exhibit A (the "Compeau Affidavit") and Exhibits 15 and 16 thereto.

[7] Affidavit of Allison Hansen, ¶ 12, attached hereto as Exhibit C.

[8] Plaintiff's Expert Report of Edward Shwery, dated July 21, 2009, p. 4, attached hereto as Exhibit D ("Lyn recalls developing depression after approximately 9-12 months of living in the trailer.").

[9] Rec. Doc. No. 2581.

expert opinion to suggest that being ignored actually caused him serious, actionable mental anguish at any time, much less during Shaw's tenure.

Therefore, based the reasoning and jurisprudence cited in Forest River's Memorandum in Support of Motion for Partial Summary Judgment on Plaintiff's Mental Anguish Claims, and the reasons stated herein, Shaw Environmental, Inc. respectfully urges the Court to grant its Motion for Partial Summary Judgment and dismiss, with prejudice, Plaintiff's mental anguish claims.

Respectfully submitted,

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

  /s/ M. David Kurtz
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR DEFENDANT, SHAW ENVIRONMENTAL, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2010, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel.

  /s/ M. David Kurtz

4