UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N(5)<br><br>JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO:<br>*Lyndon Wright v. Forest River, Inc., et al.,*<br>No. 09-2977 (E.D. La.) | MAGISTRATE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**STATEMENT OF UNCONTESTED MATERIAL FACTS
IN SUPPORT OF SHAW ENVIRONMENTAL, INC.'S MOTION FOR PARTIAL
SUMMARY JUDGMENT ON PLAINTIFF'S MENTAL ANGUISH CLAIMS**

Defendant, Shaw Environmental, Inc. (hereinafter referred to as "Shaw"), submits the following statement of uncontested material facts in connection with its motion for partial summary judgment regarding the mental anguish claims asserted against it.

1. Shaw had a contract with FEMA known as the Individual Assistance/Technical Assistance Contract ("IA/TAC"), which required Shaw, among other things, to assist in providing emergency housing to disaster victims as directed by task order, for example, through the delivery, installation and maintenance of FEMA travel trailers, park models, and mobile

homes for purposes of providing emergency housing units ("EHUs") to citizens displaced by Hurricanes Katrina and Rita.[1]

2.  In the course of performing its contractual obligations under the IA/TAC, Shaw (through its subcontractor) installed a travel trailer selected by FEMA and manufactured by Forest River, Inc., bearing VIN number 4X4TSMH296C008992, at 2315 Seminole Lane, New Orleans, Louisiana, on November 21, 2005, to serve as emergency housing for Lyndon Wright ("the Trailer").[2]

3.  After Plaintiff moved into the Trailer, Shaw was responsible for maintenance of the unit for less than three months, until June 1, 2006, when C. Martin Company assumed maintenance responsibility.[3]

4.  During the period of Shaw's maintenance, Plaintiff did not report maintenance-related complaints related to fixing the door and cleaning up mold. Further, Plaintiff lodged no odor-related complaints, formaldehyde or otherwise, during Shaw's maintenance. The only reported maintenance issue was a broken furnace that was repaired to his satisfaction.[4]

5.  Plaintiff continued to live in the Trailer for two more years after Shaw relinquished all maintenance responsibilities with respect to the Trailer.[5]

---

[1]   Affidavit of Geoffrey C. Compeau, ¶¶ 2, 4-5, attached as Exhibit A to Memorandum In Support of Shaw Environmental, Inc.'s Motion for Summary Judgment on Mental Anguish Claims (the "Compeau Affidavit").

[2]   Compeau Affidavit, ¶¶ 13, 15, 17 (Exhibit A to Memorandum in Support).

[3]   Affidavit of Allison Hansen, ¶ 12, attached as Exhibit C to Memorandum In Support of Shaw Environmental, Inc.'s Motion for Partial Summary Judgment On Mental Anguish Claims (the "Hansen Affidavit").

[4]   Compeau Affidavit, ¶¶ 24-26, and Exhibits 15 and 16 thereto (Exhibit A to Memorandum in Support).

[5]   Rec. Doc. No. 2203, (Wright's First Supplemental and Amended Complaint), ¶ 8.

6. Plaintiff has offered no proof, expert opinions or otherwise, that Shaw disregarded any of his maintenance requests during the period when Shaw maintained the Trailer.

7. Plaintiff has offered no proof, expert opinions or otherwise that being ignored actually caused him serious, actionable mental anguish.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

   /s/ M. David Kurtz
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000

**ATTORNEYS FOR DEFENDANT,
SHAW ENVIRONMENTAL, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2010, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel.

   /s/ M. David Kurtz

3