UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N(5)<br><br>JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO:<br>*Lyndon Wright v. Forest River, Inc., et al.,*<br>No. 09-2977 (E.D. La.) | MAGISTRATE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### SHAW ENVIRONMENTAL, INC.'S STATEMENT OF UNCONTESTED MATERIAL FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING FAILURE TO WARN

Defendant, Shaw Environmental, Inc. (hereinafter referred to as "Shaw"), submits the following statement of uncontested material facts in connection with its motion for partial summary judgment regarding failure to warn.

1. Following Hurricane Katrina, Plaintiff's mother, Bobbie Wright, received emergency housing assistance from FEMA.[1]

2. FEMA provided a travel trailer manufactured by Forest River, Inc., bearing VIN No. 4X4TSMH296C008992, to Plaintiff's mother, Bobbie Wright, as emergency housing ("the Trailer").[2]

---

[1] Rec. Doc. No. 2203 (Wright's First Supplemental and Amended Complaint), ¶¶ 4-5.

3. On September 30, 2005, FEMA and Shaw executed the Individual Assistance/Technical Assistance Contract ("IA/TAC") under which Shaw would provide certain services for disaster relief anywhere in the United States, pursuant to individual task orders issued by FEMA.[3]

4. In response to Hurricane Katrina, FEMA issued Task Order 15 to Shaw to provide services related to, the installation and maintenance of emergency housing units ("EHUs") to citizens displaced by the hurricane.[4]

5. Exhibit 7 to the Performance Work Statement, which is attached to the IA/TAC as Attachment A ("Exhibit 7") sets forth precise specifications directing the exact manner for Shaw to install the travel trailers, including detailed requirements for delivery, blocking and leveling, anchoring and straps, utilities hook-ups (including sewer, water, and electrical), steps, winterization, handicap ramps/platform steps, and numerous other minor tasks to make the trailer trailers ready for occupancy ("RFO").[5]

6. Exhibit 10 to the Performance Work Statement, which is attached to the IA/TAC as Attachment A ("Exhibit 10") provided detailed instructions regarding maintenance of the Trailer.[6]

---

[2] *Id.* at ¶ 17. *See also* Affidavit of Geoffrey C. Compeau, ¶ 15, attached as Exhibit A to Shaw Environmental, Inc.'s Memorandum in Support of Motion for Partial Summary Judgment Regarding Failure to Warn (the "Compeau Affidavit").

[3] Compeau Affidavit, ¶¶ 2, 4-5 (Exh. A to Memorandum in Support) and Exhibit 1 thereto.

[4] Compeau Affidavit, ¶¶ 6-7 (Exh. A to Memorandum in Support) and Exhibit 2 thereto.

[5] Compeau Affidavit, ¶¶ 9-10 (Exh. A to Memorandum in Support) and Exhibit 3 thereto.

[6] Compeau Affidavit, ¶ 12 (Exh. A to Memorandum in Support) and Exhibit 5 thereto.

7. The IA/TAC imposed no testing or warning obligation upon Shaw during the maintenance period.

8. Shaw had no role in developing, testing or engineering any aspect of Exhibits 7 and 10.[7]

9. Shaw was assigned the task of delivering, installing, making ready for use, and maintaining the Trailer.[8]

10. The Trailer was picked up at FEMA's designated staging area and installed at 2315 Seminole Lane, New Orleans, Louisiana, on November 21, 2005, by one of Shaw's subcontractors.[9]

11. The RFO Checklist indicates that the Trailer was installed in accordance with Exhibit 7.[10]

12. Plaintiff confirmed that he participated in a "walk-through" of the Trailer with Shaw (and/or its subcontractor). During the "walk-through," Plaintiff testified that he noticed a "new smell." Plaintiff testified that "new smell" was not a cause for concern.[11]

13. Plaintiff signed off on the Trailer and was leased-in on February 13, 2006.[12]

---

[7] Compeau Affidavit, ¶¶ 10, 12 (Exh. A to Memorandum in Support).

[8] Compeau Affidavit, ¶ 13 (Exh. A to Memorandum in Support).

[9] Compeau Affidavit, ¶ 17 (Exh. A to Memorandum in Support) and Exhibit 8 thereto.

[10] Compeau Affidavit, ¶ 21 (Exh. A to Memorandum in Support) and Exhibit 10 thereto.

[11] Deposition of Lyndon Wright, pp. 267-268, attached as Exhibit D to Shaw Environmental, Inc.'s Memorandum in Support of Motion for Partial Summary Judgment Regarding Failure to Warn.

[12] Compeau Affidavit, ¶ 22 (Exh. A to Memorandum in Support) and Exhibit 13 thereto.

3

14. After Plaintiff moved into the Trailer, Shaw maintained it for less than three months, until June 1, 2006, when C. Martin Company assumed maintenance responsibility.[13]

15. During the period of Shaw's maintenance, Plaintiff reported only one maintenance issue -- a broken furnace that was repaired to his satisfaction.[14]

16. Plaintiff never lodged any complaints of formaldehyde or other odor-related issues in the Trailer during this period.

17. Further, the Preventative Maintenance Form ("PMI"), which was signed by a representative of C. Martin, indicates that no maintenance issue existed at the time of the MDC Turnover with respect to the Trailer.[15]

18. FEMA knew that travel trailers were built with products that used urea-formaldehyde before Katrina.[16]

19. At about the time Plaintiff moved into the Trailer, FEMA asked Shaw (and other contractors) what they were doing to air out trailers to handle formaldehyde. Shaw responded promptly with its protocol for airing out trailers, and FEMA was satisfied with that response.[17]

---

[13] Affidavit of Allison Hansen, ¶¶ 4-12, attached as Exhibit E to Shaw Environmental, Inc.'s Memorandum in Support of Motion for Partial Summary Judgment Regarding Failure to Warn (the "Hansen Affidavit") and Exhibits 1 and 2 thereto.

[14] Compeau Affidavit, ¶¶ 24-26, (Exh. A to Memorandum in Support) and Exhibits 15 and 16 thereto. *See also* Wright Deposition, p. 275 (Exh. D to Memorandum in Support).

[15] Hansen Affidavit, ¶¶ 5, 11 (Exh. E to Memorandum in Support) and Exhibit 3 thereto.

[16] Deposition of Martin McNeese, pp. 107-108, attached hereto as Exhibit B to Shaw Environmental, Inc.'s Memorandum in Support of Motion for Partial Summary Judgment Regarding Failure to Warn.

[17] Email from William Deane to Brian Boyle, dated March 21, 2006, attached hereto as Exhibit C Shaw Environmental, Inc.'s Memorandum in Support of Motion for Partial Summary Judgment Regarding Failure to Warn.

20. During the period when Shaw maintained the Trailer, FEMA did not tell Shaw (or the other contractors) that it ought to be warning occupants about formaldehyde, or that the levels of formaldehyde in travel trailers were potentially dangerous.

21. There is no evidence that Shaw became aware of a dangerous condition in the Trailer.

                                                  Respectfully submitted,

                                                  **BAKER DONELSON BEARMAN**
                                                  **CALDWELL & BERKOWITZ, PC**

                                                  /s/ M. David Kurtz
                                                  M. DAVID KURTZ (#23821)
                                                  KAREN KALER WHITFIELD (#19350)
                                                  CATHERINE N. THIGPEN (#30001)
                                                  201 St. Charles Avenue, Suite 3600
                                                  New Orleans, Louisiana 70170
                                                  Telephone: (504) 566-5200
                                                  Facsimile: (504) 636-4000

                                                  **ATTORNEYS FOR DEFENDANT,**
                                                  **SHAW ENVIRONMENTAL, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2010, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel.

                                                  /s/ M. David Kurtz