UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER                          MDL NO. 07-1873
FORMALDEHYDE PRODUCTS
LIABILITY LITIGATION                         SECTION N(5)

                                             JUDGE ENGELHARDT

THIS DOCUMENT RELATES TO:
*Lyndon Wright v. Forest River, Inc., et al.,*     MAGISTRATE CHASEZ
No. 09-2977 (E.D. La.)

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### SHAW ENVIRONMENTAL, INC.'S STATEMENT OF UNCONTESTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PLAINTIFF'S MAINTENANCE CLAIMS

Defendant, Shaw Environmental, Inc. (hereinafter referred to as "Shaw"), submits the following statement of uncontested material facts in connection with its motion for partial summary judgment with respect to Plaintiff's maintenance claims.

1.      Following Hurricane Katrina, Bobbie Wright, Plaintiff's mother, received emergency housing assistance from FEMA.[1]

2.      FEMA provided a travel trailer (the "Trailer") manufactured by Forest River, Inc. bearing VIN No. 4X4TSMH296C008992 to Plaintiff's mother, Bobbie Wright, as emergency housing ("the Trailer").[2]

---

[1]      Rec. Doc. No. 2203, (Wright's First Supplemental and Amended Complaint), ¶¶ 4-5.

3.     On September 30, 2005, FEMA and Shaw executed an Individual Assistance/Technical Assistance Contract ("IA-TAC") that contemplated that Shaw would provide certain services to help FEMA provide assistance to disaster victims, pursuant to individual task orders issued by FEMA.[3]

4.     Plaintiff moved into the Trailer in March, 2006.  At first, Shaw was assigned the task of maintaining the Trailer.[4]

5.     Exhibit 10 to the Performance Work Statement, which is attached as Attachment "A" to the IA/TAC ("Exhibit 10"), defined Shaw's maintenance obligations with regard to the Trailer.[5]

6.     After Plaintiff moved into the Trailer, Shaw maintained it for less than three months, until June 1, 2006, when C. Martin Company assumed maintenance responsibility.[6]

7.     During the period of Shaw's maintenance, Plaintiff lodged no formaldehyde or other odor-related complaints; indeed, he reported only one maintenance issue – a broken furnace that was repaired to his satisfaction.[7]

---

[2]     *Id.*, ¶ 17.  *See also* Affidavit of Geoffrey Compeau, ¶ 15, attached as Exhibit A to Shaw Environmental, Inc.'s Memorandum in Support of Motion for Partial Summary Judgment Regarding Plaintiff's Maintenance Claims (the "Compeau Affidavit").

[3]     Compeau Affidavit, ¶ 4, (Exh. A to Memorandum in Support) and Exhibit 1 thereto.

[4]     Compeau Affidavit, ¶ 13, (Exh. A to Memorandum in Support).

[5]     Compeau Affidavit, ¶ 12, (Exh. A to Memorandum in Support) and Exhibit 5 thereto.

[6]     Affidavit of Allison Hansen, ¶¶ 4-12, attached as Exhibit C to Shaw Environmental, Inc.'s Memorandum in Support of Motion for Partial Summary Judgment Regarding Plaintiff's Maintenance Claims (the "Hansen Affidavit") and Exhibits 1 and 2 thereto.

[7]     Compeau Affidavit, ¶¶ 24-26, (Exh. A to Memorandum in Support) and Exhibits 15 and 16 thereto.

9.    In addition to responding to emergency maintenance calls and making repairs as required for the Trailer, Exhibit 10 required Shaw to conduct inspections and preventative maintenance.  The maintenance records kept by Shaw indicate that Shaw conducted monthly inspections of the Trailer in April 2006 and May 2006.  No problems were noted during those inspections.[8]

9.    Further, the June 1, 2006, Preventative Maintenance Form regarding the Trailer, which was signed by a representative of C. Martin, indicates that the Trailer was in good condition when Shaw's maintenance responsibilities with regard to the Trailer ended.[9]

10    Plaintiff lived in the Trailer for a little more than two more years after the end of Shaw's maintenance responsibilities.[10]

11.    Even at the end of that period, Plaintiff continued to sign off on inspection reports from other contractors and/or subcontractors, confirming that nothing was wrong with the Trailer.[11]

---

[8]    Compeau Affidavit, ¶ 24, (Exh. A to Memorandum in Support) and Exhibit 15 thereto.

[9]    Hansen Affidavit, ¶¶ 5, 11, (Exh. C to Memorandum in Support) and Exhibit 3 thereto.

[10]    Wright Deposition, pp. 73, 132, attached as Exhibit B to Shaw Environmental, Inc.'s Memorandum in Support of Motion for Partial Summary Judgment Regarding Plaintiff's Maintenance Claims.

[11]    Crown Roofing Services, Inc. Maintenance Records, pp. 7, 9-10, 12, attached as Exhibit D to  Shaw Environmental, Inc.'s Memorandum in Support of Motion for Partial Summary Judgment Regarding Plaintiff's Maintenance Claims.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**


   /s/ M. David Kurtz
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000

**ATTORNEYS FOR DEFENDANT,
SHAW ENVIRONMENTAL, INC.**


### CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2010, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel.


   /s/ M. David Kurtz