UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                               MDL NO. 07-1873
FORMALDEHYDE PRODUCTS
LIABILITY LITIGATION                              SECTION N-5
                                                  JUDGE ENGELHARDT
                                                  MAG. JUDGE CHASEZ

THIS DOCUMENT RELATES TO:
September 2010 Gulf Stream Bellwether Trial

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### DEFENDANT UNITED STATES OF AMERICA's RESPONSE TO DEFENDANT GULF STREAM COACH'S MOTION TO ADOPT TRIAL SCHEDULING ORDER (Rec. Doc. 10341)

Defendant United States of America ("United States") hereby submits its Response to the Gulf Stream Coach, Inc. ("GSC") Motion To Adopt Trial Scheduling Order (Rec. Doc. 10341). The United States objects to GSC's Scheduling Order restricting defendants collectively to ten (10) expert witnesses.[1] The United States requests that the Court impose no such limit, or alternatively, limit the private party defendants (GSC and the Individual Assistance/Technical Assistance Contractor) to ten (10) expert witnesses and the United States to ten (10) expert witnesses. The Court should reject GSC's proposed restriction on the number of expert witnesses because: (1) the private party defendants and the United States' interests are not substantively aligned on many issues, and (2) the claims against private party defendants and the United States will be resolved by different triers of fact, which may justify and require the

---

[1] The United States objects to the portion of GSC's proposed Scheduling Order that provides: "Defendants, collectively, shall be limited to ten (10) expert witnesses, including independent Medical Examinations" (Rec. Doc. 10341-2 at 2). The United States does not object to any other portion of GSC's proposed Trial Scheduling Order (Rec. Doc. 10341-2).

defendants to use different experts even on matters where the defendants' interests are similar.

"The right[] to . . . call witnesses in one's own behalf [has] long been recognized as essential to due process." *See Truman v. Wainwright*, 514 F.2d 150, 151 (5th Cir. 1975) (internal citations omitted).  In the instant case, GSC's proposal must be rejected because it effectively requires the United States to collaborate with the private party defendants on issues that the parties are not substantially aligned and impermissibly restricts and interferes with the United States' ability to identify and present its own expert witnesses.

Although there exist certain common issues, the United States and the private party defendants do not have a "collective" defense, and it is well established that the United States is not aligned with the private party defendants on many matters involving expert testimony.  This is because the private party defendants and the Government have different defenses and theories of the case that require separate experts.  The claims against GSC require it to present expert testimony showing that the travel trailer it constructed was not an unreasonably dangerous product, while the claims against the Government Contractor require it to present expert testimony showing that its installation and maintenance of the travel trailer did not negligently increase formaldehyde levels in the trailer.  In contrast, the claims against the United States, require the Government to show that the Federal Emergency Management Agency, between approximately October 2005 and June 2006, in the midst of responding to the largest housing disaster in the country's history, acted reasonably in response to alleged formaldehyde concerns and complaints.

The initial GSC Bellwether trial is a good example of how experts that the United States believes are relevant to its defenses are simply not germane or relevant to the private party defendant's defenses.  In that case, the United States identified and designated six Rule 26 expert

witnesses that it intended to present at trial because it considered their testimony necessary to establishes its defenses.[2]  Plaintiffs' claims against the United States were dismissed prior to trial, and plaintiffs proceeded to trial against the private party defendants.  At trial, the private party defendants chose to present only one of the six Government expert witnesses.  This is not surprising considering the United States and the private party defendants' different needs for retaining expert witnesses.

Further, even for issues where the private party defendants and the United States may share a common interest, the United States should be allowed to identify and call its own expert witness because the trier of fact for the private party defendants and the United States are different.  The Court is the trier of fact for claims against the United States, while the jury is the trier of fact for claims against the private party defendants.  This difference can result in substantive disagreement between the Government counsel and the private party defendants' counsel regarding which expert witnesses are credible, even on matters that the defendants collective interests appear to be aligned – such as general and specific causation.  GSC's proposed limit on expert witnesses simply does not account for this fundamental difference, and it will potentially require either the United States or the private party defendants to rely on an expert whom they may not believe is the most credible and appropriate to establish its defenses.

---

[2]  The United States would have presented expert testimony from the following Rule 26 Expert Witnesses had the plaintiffs' claims against the United States in the initial GSC Bellwether Action not been dismissed prior to trial: (1) Dr. Robert James – Toxicologist; (2) Dr. Jessica Herstein – Medical Screening/Medical Surveillance; (3)  Dr. Corren Robbins – Industrial Hygiene; (4) Dr. Richard Monson – Epidemiology; (5) Dr. Mark Lindell – Emergency Disaster Response; and (6) Mr. Mark Polk – Travel Trailers.

GSC argues that its proposed collective restriction of ten (10) defense experts is reasonable and appropriate in order to eliminate "extraordinary cost and expenditure of time," asserting that the expert costs in the initial Alexander/GSC Bellwether action were "exorbitant and wasteful." (Rec. Doc. 10341 at 1.)  While the United States agrees that the Court has discretion to place limits on the total number of expert witnesses that may appear at trial, this discretion is generally exercised after considering the extent to which expert testimony would be cumulative or irrelevant.  *See*, *e.g.*, *Aetna Cas. & Sur. Co. v. Guynes*, 713 F.2d 1187, 1193 (5th Cir. 1983).  Significantly, GSC does not allege that the sixteen defense experts designated in the Alexander/GSC Bellwether trial were duplicative, irrelevant, or excessive.  In light of the injuries alleged and the circumstances involved, especially when considering the affect such a bellwether trial would likely have on thousands of other cases, GSC's argument borders the proverbial penny-wise and pound foolish, and should be rejected.[3]          For all of the foregoing reasons, the United States requests that the Court reject GSC's Motion To Adopt Trial Scheduling Order (Rec. Doc. 10341) to the extent it limits all defendants, collectively, to designate only ten (10) expert witnesses.  The United States requests that the Court impose no such limit, or alternatively, limit the private party defendants (GSC and the Individual Assistance/Technical Assistance Contractor) to ten (10) expert witnesses and the United States to ten (10) expert witnesses.

---

[3]     The United States will work with all parties to reduce duplicative expert testimony on matters where doing so would not materially prejudice the United States' ability to present its best defense.

Dated: February 2, 2010                          Respectfully Submitted,

TONY WEST                                        HENRY MILLER
Assistant Attorney General, Civil Division       ADAM BAIN
                                                 Senior Trial Counsel
J. PATRICK GLYNN
Director, Torts Branch, Civil Division           ADAM DINNELL
                                                 MICHELLE BOYLE
DAVID S. FISHBACK                                MICHELE GREIF
Assistant Director                               Trial Attorneys

OF COUNSEL:                                      //S// *Jonathan R. Waldron*
JORDAN FRIED                                     JONATHAN R. WALDRON
Associate Chief Counsel                          (MO Bar No. 58898)
                                                 Trial Attorney
JANICE WILLIAMS-JONES                            United States Department of Justice
Trial Attorney                                   Civil Division – Torts Branch
FEMA/DHS                                         P.O. Box 340, Ben Franklin Station
Department of Homeland Security                  Washington, D.C. 20004
Washington, D.C. 20472                           Telephone No: (202) 307-2091
                                                 E-mail: Jonathan.Waldron@USDOJ.Gov

                                                 Attorneys for the United States of America

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2010, the foregoing document was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison Counsel.

                                                 //S// *Jonathan R. Waldron*
                                                 JONATHAN R. WALDRON
                                                 (MO Bar No. 58898)