UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE:   FEMA TRAILER                    *    MDL NO. 1873
         FORMALDEHYDE PRODUCTS           *
         LIABILITY LITIGATION            *    SECTION "N" (5)
                                         *
                                         *    JUDGE ENGELHARDT
                                         *    MAGISTRATE CHASEZ
                                         *
THIS DOCUMENT IS RELATED TO              *
                                         *
*Lyndon T. Wright v. Forest River, Inc., et al*  *
Docket No. 07-9228                       *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### PLAINTIFF'S RESPONSE TO FOREST RIVER INC. AND SHAW ENVIRNOMENTAL INC.'S JOINT MOTION TO STRIKE THE ADDENDUM TO THE EXPERT REPORTS OF DR. LAWRENCE MILLER

Plaintiff Lyndon T. Wright ("Mr. Wright" or "Plaintiff") respectfully submits the

following response to Forest River Inc. ("Forest River") and Shaw Environmental Inc.'s

("Shaw") Joint Motion to Strike the Addendum to the Expert Reports of Dr. Lawrence

Miller, and hereto states:

### I.    BACKGROUND

Plaintiff is one of the hundreds of thousands of people displaced by Hurricanes

Katrina and Rita. As part of the process of assisting those displaced individuals, Federal

Emergency Management Agency ("FEMA") provided emergency housing units

("EHUs") in the form of travel trailers, park models and mobile homes, which were

manufactured, installed, and maintained by various parties, including Forest River and

Shaw (collectively referred to as "Defendants"). The subject of this Multi-District

1

Litigation is the claims of an estimated ninety thousand inhabitants who were exposed to formaldehyde while residing in the EHUs.

Plaintiff has retained Dr. Miller to provide his expert opinion "concerning [Lyndon Wright's] state of health as it relates to exposure to formaldehyde." Exhibit A, Affidavit of Lawrence G. Miller, M.D., M.P.H. in the Trial of Lyndon T. Wright, July 28, 2009, p. 1; Exhibit B, Affidavit of Lawrence G. Miller, M.D., M.P.H. in the Trial of Lyndon T. Wright, October 2, 2009, p. 1. Per this Court's scheduling order, Plaintiff's disclosed two reports authored by Dr. Miller prior to or on the October 2, 2009 deadline for disclosure of expert reports. On November 10, 2009, Dr. Miller was initially deposed, but due to all parties desire to review additional documentation, Dr. Miller's deposition was kept open with all parties agreeing to a subsequent date:

> MR. BONE [counsel for Forest River]: At this point, I'm going to look over my notes and hand him off to the other attorneys. With respect to the documents we have requested, obviously, <u>we will reschedule at a mutually convenient time</u> after we have had the opportunity to look through the medical records that the doctor has reviewed and his notes and any other of the documents that may be contained in his file, whether that be a written, you know, notes relating to phone calls or the intake notes relating to Mr. Wright himself.
>
> MR. D'AMICO [counsel for Plaintiff]: That's fine. Also, there are some documents that we do not have, some deposition testimony that has never been provided to us, for instance, and obviously <u>we would like him to look at those as well</u>.
>
> MR. BONE: Okay. Do you have any? [referring to counsel for Shaw]

> MS. WHITFIELD {counsel for Shaw]:  I think I'm just going
> to wait until after we get the file.

Exhibit C, Deposition Transcript of Lawrence G. Miller, M.D., M.P.H. in the Trial of

Lyndon T. Wright, Nov. 10, 2009, p. 119, l. 5-p. 120, l. 4 (emphasis added).

On January 12, 2010, after reviewing his notes and pertinent deposition

transcripts, Dr. Miller supplied an addendum to his expert report that provided

additional information regarding his opinion on Mr. Wright's "health as it relates to

exposure to formaldehyde."  Exhibit A, p. 1; Exhibit B, p. 1.  Defendants move to have

this addendum stricken asserting that such addendum contains new opinions, is

untimely, is based on materials made available prior to the expert report deadline, and

does not assist the trier of fact.[1]  Defendants' motion should be denied as Dr. Miller's

addendum is a permissible supplement within Rule 26 or Rule 37 of the Federal Rules

of Civil Procedure as the disclosure of the addendum is neither unfair nor causes undue

delay or expense.  *Tucker v. OHTSU Tire & Rubber Co., Ltd.*, 49 F.Supp.2d 456, 461 (D.

MD. 1999).

## II.    DR. MILLER'S ADDENDUM IS A PERMISSIBLE SUPPLEMENT UNDER RULE 26 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

Under Rule 26(a)(2)(C), a Plaintiff has a duty to supplement the disclosure of

expert testimony pursuant to Rule 26(e)(1).  FED. R. CIV. PROC. 26(a)(2)(C) ("The parties

shall supplement these disclosures when required under subdivision (e)(1).").  This

latter rule imposes a "duty to supplement . . . if the party learns that in some material

---

[1]       It should be noted that Defendants have supplemented the report of their expert John Osteraas, Ph.D., P.E., which Plaintiff allowed and did not protest.

respect the information disclosed is incomplete or incorrect." FED. R. CIV. PROC. 26(e)(1).
The rule specifically provides that "[w]ith respect to testimony of an expert . . . the duty
extends to both information contained in the report and to information provided
through a deposition of the expert." *Id.* The purpose of the rule is "to bar evidence
when a party fails to make a required supplemental disclosure." *Brennan's Inc. v. Dickie
Brennan & Comp. Inc.,* 376 F.3d 556, 375 (5th Cir. 2004). Thus, "the duty to supplement
[does] not by itself provide a reason to exclude [supplemented] testimony," and should
only be excluded where there exists "other grounds to exclude it." *Id.* Accordingly, the
trial court retains the discretion to permit additional disclosures made subsequent to the
production of expert reports deadline. *Jacobs v. Tapscott,* 2006 WL 2728827, at *11 (N.D.
Tex. Sept. 25, 2006) ("[I]n light of the large window of time allowed . . . to supplement
expert disclosures, the Court should not automatically permit testimony at trial as to the
new discovered information if, considering the facts of the case, it is convinced that do
so would be unfair or cause undue delay or expense."). In determining whether to
allow supplemental disclosure of expert testimony, the Fifth Circuit considers four
factors: "(1) the explanation for the failure to [submit a complete report on time]; (2) the
importance of the testimony; (3) potential prejudice in allowing the testimony; and (4)
the availability of a continuance to cure such prejudice." *Reliance Ins. Co. v. Louisiana
Land and Exploration Co.,* 110 F.3d 253, 257 (5th Cir. 1997) (quoting *Geiserman v.
MacDonald,* 893 F.2d 787, 791 (5th Cir. 1990)). In evaluating these factors, the Court
performs a balancing act weighing each to determine necessity, fairness, undue delay or
expense. *Tucker,* 49 F.Supp.2d at 461. Plaintiff avers that Dr. Miller's addendum is

necessary to establish the extent of Mr. Wright's fear of cancer, which will come at little cost to fairness, delay, or expense.

**A.     Dr. Miller Supplemented His Testimony In Anticipation of Deposition.**

The first factor evaluated by the Court is the reason proffered for the supplemental opinion.  This factor must be considered in the context of all factors for even if this Court finds the explanation inadequate, such a finding, does not, in and of itself, warrant exclusion of the supplemental disclosure. *Jacobs*, 2006 WL 272827, at *13-14 (allowing supplemental disclosure even where no explanation for supplement was provided).

Here, Dr. Miller's supplementation is in response to information procured from the deposition testimony of Dr. Shwery and Dr. Thompson.  Both experts provided testimony regarding their observation of Mr. Wright's cancer concerns after the deadline for the production of expert reports.  Exhibit D, Deposition Transcript of Edward Shwery, Ph.D., Nov. 9, 2009, p. 171, l. 18-p. 172, l. 9; Exhibit E, Deposition Transcript of John Thompson, Jr., M.D., Jan. 8, 2010, p. 72, l. 9-p. 73, l. 6.[2]  These observations comported with Dr. Miller's own personal observation, and provided the foundation for the opinion expressed in Dr. Miller's addendum.  As stated in Dr. Miller's deposition transcript, Defendants were notified that Plaintiff's intended for Dr. Miller to review the transcripts prior to his second deposition.  Exhibit C, p. 119, l. 19-

---

[2]     Defendants argue that Dr. Miller's addendum is untimely.  Given the recent deposition of its expert, Dr. Thompson, and Dr. Miller's recent review on such testimony, the addendum is timely pursuant to Rule 26.  Specifically, Rule 26(a)(3) provides that the supplementing party must disclose in advance of thirty days before trial.  Fed. R. Civ. Proc. 26(A)(3).  Plaintiff's disclosure of Dr. Miller's addendum complies with this requirement.

24.

While the reports of Dr. Shwery and Dr. Thompson were available prior to the Court's imposed expert report due date, their testimony was not. As of the deadline date for the disclosure of expert reports, neither Dr. Shwery or Dr. Thompson had been deposed on this matter. Through this testimony, as noted in Dr. Miller's addendum, Dr. Miller confirmed discussing Mr. Wright's concerns regarding fear of developing cancer during his examination of the Plaintiff. This confirmation resulted in furthering his opinion that, in addition to concerns regarding the affects of formaldehyde on the respiratory system, concerns regarding cancer form formaldehyde are rationally based.

Moreover, simply because the expert reports of Dr. Williams and Dr. Shwery were available prior to the deadline for the production of expert reports does not render Dr. Miller's explanation void. Defendants primarily rely on *Lampe Berger USA, Inc. v. Scienter*, 2008 WL 474203 (M.D. La. Aug. 8, 2008) in support of their argument, but Defendants, however, fail to recognize the distinguishing elements of this case. In *Lampe Berger*, the supplemental disclosure was given after the court had already granted multiple continuances regarding disclosures of expert reports. *Id.* at *4; *see also Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.*, 74 F.3d 546, 571 (5th Cir. 1996) (holding that the initial disclosures were insufficient to comply with the discovery order and thus could supplement to correct); *Simmons v. Johnson*, 2008 WL 474203, at * 3 (M.D. La. Feb. 14, 2008) (noting that multiple continuances had already been granted to disclose expert reports). Further, many of the other cases cited by Defendants involved "supplements" disclose during summary judgment phase. *Beller v. United States,* 221

F.R.D. 689, 691-95 (D. N.M. 2003); *Buxton v. Lil' Drug Store Products, Inc.*, 2007 WL 2254492, at *7 (S.D. Miss. Aug. 1, 2007) (noting that supplement provided on the "eve of summary judgment briefing); *Shelter Mut. Ins. Co. v. Culbertson's Ltd., Inc.,* 1999 WL 135297, at *4 (E.D. La.). Here, motions for summary judgments have not yet been presented, and even so, Defendants clearly note that the opinions offered by Dr. Miller regarding cancer are similar in respect to those proffered by Dr. Shwery, and thus have not been presented to "fix" problems.

Further, in *AMX Corp. v. Pilote Films*, 2007 WL 1813770 (N.D. Tex. June 22, 2007), the court allowed supplementary expert disclosures even though the expert had access to the materials for the four months prior. *Id.* at *2-*3. The court focused on the fact that the supplementation had occurred prior to the expert's deposition, and therefore, there was no undue prejudice. Here, Dr. Miller was initially deposed on November 10, 2009. However, the deposition has been stayed to allow Defendants the opportunity to review Dr. Miller's foundational documents, including Dr. Miller's office notes of his examination of Mr. Wright, and provide Dr. Miller the opportunity to review additional, relevant documents.[3] As a result, Dr. Miller's observations of Mr. Wright's

---

[3] At the time the supplemental disclosure was presented, Dr. Miller's second deposition was scheduled for January 27, 2010. However, Defendants have postponed the deposition until the Court issues its ruling on this matter. Thus, it should be noted that prior to Plaintiff's supplemental disclosure of the addendum, Defendants sought to depose Dr. Miller for a second time. Exhibit C, p. 119, l. 9-16 ("With respect to the documents we have requested, obviously, we will reschedule at a mutually convenient time after we have had the opportunity to look through the medical records that the doctor has reviewed and his notes and any other of the documents that may be contained in his file."). Thus, any argument that Defendants will be prejudiced by having to "re-depose" Dr. Miller should be ignored as Defendants had, without knowledge of the addendum, already decided to depose Dr. Miller for a second time.

concerns regarding cancer were never discussed.

**B.    Dr. Miller's Testimony Is Important as He Personally Observed Mr. Wright's Concerns Regarding Cancer.**

The second factor considered by the Court is the importance of the testimony sought to be elicited from the disclosure.  Defendants purport that because Dr. Shwery and Dr. Williams have previously addressed issues regarding cancer, and thus will not assist the trier of fact. Dr. Miller's testimony is important as he first-handedly observed Mr. Wright's anxious concerns regarding the possibility of cancer caused by his formaldehyde exposure.  As noted in his addendum, "[i]n speaking with Mr. Wright during my evaluations, he expressed several times his concern that his exposure to formaldehyde in the FEMA trailer might have long-lasting health effects, and he mentioned cancer specifically in the context of his persistent oral bleeding."  Based on his observations and review of Dr. William's report, Dr. Miller opines that Mr. Wright's concerns are rationally based.  This conclusion will undoubtedly assist the trier of fact in determining whether Mr. Wright has a legitimate fear of cancer.  To the extent Defendants argue that Dr. Miller's addendum is "unnecessary," Plaintiffs respectfully assert that Dr. Miller's testimony provides first-hand knowledge of Mr. Wright's concerns, which will independently corroborate Dr. Shwery's conclusions regarding Mr. Wright's mental anguish and fear of cancer.

Further, Defendant argues that Dr. Miller is unqualified to proffer testimony regarding cancer because he has no specific expertise in "the science related to formaldehyde and cancer."  Rec. Doc. 10931. Dr. Miller has a Masters in public Health

and has been qualified as a toxicologist in many courts, specifically rendering causation opinions regarding exposure to toxic substances and causation of cancer.  However, Dr. Miller is not seeking to testify regarding scientific nature of cancer, but solely the rationality of the cancer concerns exhibited by Mr. Wright.  As a physician with extensive experience in Environmental Health who observed, discussed and evaluated Mr. Wright, Dr. Miller is in the unique position to determine whether Mr. Wright's fears are in fact rational.[4]  Exhibit B, p. 1.  Moreover, if Defendants have concerns regarding the extent of Dr. Miller's specific expertise, Defendants can explore such concerns in Dr. Miller's second deposition.

## C.  Defendants Are Not Prejudiced By Dr. Miller's Addendum.[5]

In assessing supplemental expert disclosures, the Court next looks to the potential prejudice suffered by the non-supplementing party.  *Shelter Mut. Ins. Co.*, 1999 WL 135297, at * 4.  The Defendants suffer no prejudice in the instant case because Plaintiff has not disclosed on the eve of trial, and more importantly, prior to moving to strike, Defendant's had planned to depose Dr. Miller an additional time in which Defendants would have had the opportunity to explore this opinion. Thus, Defendants

---

[4]   It is important to note that this Court previously noted that although an expert is not a psychiatrist or psychologist, an expert may evaluate "stress" for purposes of opinion.  Order Denying Plaintiff's Motion to Exclude the Testimony of Patricia K. Farris, M.D., F.A.A.D. in the matter of Timia Dubuclet, Rec. Doc. 7904, Nov. 23, 2009 ("[B]eing in the state of mind of mind described as "stressful' does not necessarily mean than an assessment by a mental health professional is required.").  Thus, although Dr. Miller is not a psychiatrist, he may, as a witness to Mr. Wright's "concerns," use his observations as grounds for his opinion.

[5]   It should be noted that Defendants have not argued that they will be prejudiced by the additional disclosure.  Rec. Doc. 10321.  Defendants instead assert an admissibility argument alleging that Dr. Miller's addendum "will not assist the trier of fact."  Rec. Doc. 10321, p. 7.

cannot argue that they have been subject to "trial by ambush."  *See Congressional Air Ltd. v. Beech Aircraft Corp.*, 176 F.R.D. 513, 516 (D. Md. 1997) (prohibiting submission of expert disclosure less than one month before trial).  Further, in *Tucker*, the court noted that a party was not prejudiced where:

> Plaintiff's counsel did not wait until the eve of trial to supplement . . . , but did so more than four months before trial.  Defense counsel could have scheduled, if not actually taken, additional deposition testimony  .  .  . before the discovery cutoff, or requested a brief extension of discovery for the limited purposes of completing discovery regarding the supplement opinions.

*Tucker*, 49 F. Supp.2d at 460-61.  Here, Dr. Miller's one-page addendum was disclosed more than two months before trial.  As such, Defendants are not prejudiced by the disclosure of Dr. Miller's addendum.

> **D.     No Continuance Is Needed to Mitigate Prejudice.**

The final consideration contemplated by the Court in determining whether a supplemental disclosure should be excluded is the availability to cure prejudice via a continuance, and more than two weeks before the continuation of his deposition. Because there exists no prejudice in this case, a continuance is not needed.  As noted *supra*, the parties originally agreed to allow for a second deposition of Dr. Miller after Defendants expressed the need to question Dr. Miller pending review of additional documentation.   Thus, a continuance should not be needed to hold a deposition previously contemplated.

**III.     EVEN IF DR. MILLER'S ADDENDUM CONSTITUTES A "NEW OPINION," SUCH OPINION IS EVALUATED UNDER THE SAME STANDARD AS SUPPLEMENTAL OPNIONS AND THUS SHOULD BE PERMITTED.**

10

If this Court determines that Plaintiff's disclosure of Dr. Miller's addendum is not a "supplement" within the terms of Rule 26(e)(1), the Court should treat the addendum as an undisclosed opinion pursuant to Rule 37(c)(1).  *Jacobs*, 2006 WL 2728827, at * 12 (holding that where the supplementing party does not identify the opinion supplemented, the court will evaluate under the standards set forth for undisclosed opinions).  Pursuant to Rule 37(c)(1), "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) . . . is not, <u>unless such failure is harmless</u>, permitted to use as evidence at trial."[6]  FED. R. CIV. PROC. 37(c)(1) (emphasis added).  To determine whether an undisclosed opinion is harmful, the Fifth Circuit evaluates essentially the same factors used to evaluate supplemental opinions, "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Primrose Operating Co. v. National American Ins. Co.*, 382 F.3d 546, 563-64 (5th Cir. 2004); *see also Tex. A & M Research Found. v. Magna Transp., Inc.,* 338 F.3d 394, 402 (5th Cir. 2003); *Jacobs*, 2006 WL 2728827, at * 12 ("The Fifth Circuit applies similar factors when it performs a Rule 37(c)(1) harmless error analysis to determine whether the district court has properly exercised its discretion in allowing expert testimony when Rule 26(a) has been violated.").  As noted above, Plaintiff's disclosure of Dr. Miller's addendum

---

[6]      Defendants do not assert that the inclusion of Dr. Miller's addendum will cause harm.  Rec. Doc. 10321.

should not be stricken as its inclusion is harmless.  Defendant will suffer no prejudice by Dr. Miller's addendum as Defendant will have the opportunity to analyze, examine and question Dr. Miller regarding his addendum.  Finally, Dr. Miller's addendum is important as to validating Mr. Wright's concerns regarding the potential of cancer due to his formaldehyde exposure, and based upon facts and testimony already in the possession of the defendants.

## CONCLUSION

Regardless of whether this Court determines Dr. Miller's addendum to be a "supplement" under Rule 26(a)(2)(C) or a failure to disclose under Rule 37(c)(1), this Court looks to essentially the same four factors in determining whether the supplemented or improperly disclosed testimony should be allowed.  In reaching its conclusion, the court balances equitable and fairness considerations, including the amount of prejudice a party would suffer if the opinion were/were not submitted. Here, given that Defendants are not prejudiced because: (1) there exists other expert testimony relating to cancer; (2) Defendants' psychological expert testimony was not made available till shortly before Dr. Miller's addendum; and (3) Defendants intended to depose Dr. Miller for a second time before trial. As such, this Court should deny Defendant's Joint Motion to Strike the Addendum to the Expert Reports of Dr. Lawrence Miller.

Respectfully submitted:

FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

BY:     s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471
        PLAINTIFFS' CO-LIAISON COUNSEL
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:    504/522-2304
        Facsimile:    504/528-9973
        gmeunier@gainsben.com

        s/Justin I. Woods
        JUSTIN I. WOODS, #24713
        PLAINTIFFS' CO-LIAISON COUNSEL
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:    504/522-2304
        Facsimile:    504/528-9973
        jwoods@gainsben.com

        COURT-APPOINTED PLAINTIFFS'
        STEERING COMMITTEE
        ANTHONY BUZBEE, # 24001820
        RAUL BENCOMO, #2932
        FRANK D'AMICO, #17519
        MATT MORELAND, #24567
        LINDA NELSON, #9938
        MIKAL WATTS, Texas # 20981820
        DENNIS REICH, Texas #16739600

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing on February 1, 2010.

                  <u>s/Gerald E. Meunier</u>
                  GERALD E. MEUNIER, #9471