# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | **MDL NO. 1873** |
|      **FORMALDEHYDE PRODUCTS** | * | |
|      **LIABILITY LITIGATION** | * | **SECTION "N" (5)** |
| | * | |
| | * | **JUDGE ENGELHARDT** |
| | * | **MAGISTRATE CHASEZ** |
| | * | |
| **THIS DOCUMENT IS RELATED TO:** | * | |
| **ALL CASES** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PSC'S SUPPLEMENTAL RESPONSE REGARDING GULF STREAM'S SECOND BELLWETHER TRIAL NOMINEES

The Plaintiffs Steering Committee ("PSC") respectfully submits this supplemental response regarding Gulf Stream's nominees for a second bellwether trial involving Gulf Stream, as follows.

**The Mackeys**.   The PSC previously advised the Court that they could not locate Wilford and Marilyn Mackey.  The PSC has since located and spoken with Mrs. Mackey.  She reports that she and Mr. Mackey reside in Lafayette.   Mr. Mackey works offshore and returns home only three days per month on average.

Further, the unit in which the Mackey's resided, tested considerably below the median of all testing service results for Gulf Stream trailers of .15 ppm (or 150 ppb).  Although, in its reply brief (Docket Entry No. 10708, p. 8, fn. 8), Gulf Stream claimed that the Mackeys' trailer tested at .1 ppm (or 100 ppb), the database which Gulf Stream submitted to the Court confirms that the trailer actually tested at .07 ppm (or 70 ppb).  (Docket Entry No.10708-4, p. 12).   This is less than half the median test result of testing service-tested Gulf Stream trailers.  For these reasons,

the PSC respectfully submits that that the Mackeys are not suitable bellwether trial plaintiffs.

**FEMA's Response**.   The Government incorrectly states that the PSC objected to <u>all</u> of Gulf Stream's nominees because of potential timeliness problems with submitting Form 95 claim forms.  As is readily apparent from reading the PSC's objections, that is simply not true.  The PSC noted the issue as to <u>some</u> of the nominees but not all.  Also, and as the PSC has explained, the PSC has simply advised the Court of the dilemma.  Finally, the Government's position that persons with <u>possible</u> Form 95 timing issues should have their claims dismissed out of hand with prejudice, ignores their rights to due process.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:    <u>s/Gerald E. Meunier</u>
       GERALD E. MEUNIER, #9471
       **PLAINTIFFS' CO-LIAISON COUNSEL**
       Gainsburgh, Benjamin, David, Meunier &
       Warshauer, L.L.C.
       2800 Energy Centre, 1100 Poydras Street
       New Orleans, Louisiana 70163
       Telephone:    504/522-2304
       Facsimile:     504/528-9973
       gmeunier@gainsben.com

       <u>s/Justin I. Woods</u>
       JUSTIN I. WOODS, #24713
       **PLAINTIFFS' CO-LIAISON COUNSEL**
       Gainsburgh, Benjamin, David, Meunier &
       Warshauer, L.L.C.
       2800 Energy Centre, 1100 Poydras Street
       New Orleans, Louisiana 70163
       Telephone:    504/522-2304
       Facsimile:     504/528-9973
       jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'**
**STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
ROBERT BECNEL
DENNIS REICH

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission on February 2, 2010.

s/Justin I. Woods_____
JUSTIN I. WOODS