UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER  
      FORMALDEHYDE PRODUCTS  
      LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N" (5)

THIS DOCUMENT RELATES TO  
Member Case No. 09-2977

## ORDER AND REASONS

Before the Court is the Motion to Certify for Interlocutory Review Pursuant to 28 U.S.C. § 1292(b) the Court's November 16, 2009 Order Denying Shaw Environmental, Inc.'s Motion for Summary Judgment Based on Prescription (Rec. Doc. 8566), filed by defendant Shaw Environmental, Inc. ("Shaw"). After reviewing the memoranda of the parties and the applicable law, the Court denies this motion.

Before a district court may certify an order for interlocutory appeal, the moving party must demonstrate that the matter involves (1) a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order would materially advance the ultimate termination of the litigation. See 28 U.S.C. § 1292(b). See also *Complaint of L.L.P. & D. Marine, Inc.*, Nos. Civ. A. 97-1668, 97-2992, 97-3349, 1998 WL 66100, at *1 (E.D.La. Feb. 13, 1998) (explaining that the moving party bears the burden of "demonstrating the necessity of an interlocutory appeal"). An interlocutory appeal, however, is "exceptional" and

assuredly does not lie simply to determine the correctness of a judgment." *Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 68, 69 (5th Cir.1983).

Here, the Court determines that an immediate appeal from the order would not materially advance the ultimate termination of the litigation. This is a massive MDL, and if the Court begins allowing piece-meal appeals of all issues addressed just to determine the correctness of its Orders, this matter will never be resolved. Thus, the ultimate termination of this litigation would not be advanced; instead, it would be prolonged. Further, this member case is set for a bellwether trial in mid-March 2010, a little over one month away. Shaw may certainly appeal this issue at the conclusion of that trial, if it still seeks such relief. For these reasons, the Court concludes that the request to certify this particular issue under § 1292(b) is not appropriate.

### III. CONCLUSION

Considering the foregoing, **IT IS ORDERED** that the **Motion to Certify for Interlocutory Review Pursuant to 28 U.S.C. § 1292(b) the Court's November 16, 2009 Order Denying Shaw Environmental, Inc.'s Motion for Summary Judgment Based on Prescription (Rec. Doc. 8566)** is **DENIED**.

New Orleans, Louisiana, this 4th day of February 2010.

                                **KURT D. ENGELHARDT**
                                **UNITED STATES DISTRICT JUDGE**