UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE<br>PRODUCTS LIABILITY LITIGATION | MDL NO. 07-1873 |
| | SECTION N(5)<br>JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO: | |
| | MAGISTRATE CHASEZ |
| All Cases | |

_____

**PRESERVATION OF MOTIONS AND DEFENSES
OF ARCH SPECIALTY INSURANCE COMPANY**
_____

NOW INTO COURT, through undersigned counsel, comes Arch Specialty Insurance Company (ASIC), named a defendant in several cases consolidated and presently pending in this MDL proceeding, pursuant to Pre-Trial Order No. 44 (Record #2759), and reserving all rights and defenses that it may have, submits for preservation the following objections, exceptions and/or defenses, and Rule 12 motions, F.R.C.P., in all cases presently consolidated into this MDL proceeding, and in all cases that may hereafter be filed and consolidated into this MDL proceeding.

PRESERVED MOTIONS/DEFENSES UNDER RULE 12:

      1.     Rule 12(b)(1):    Lack of jurisdiction

      2.     Rule 12(b)(3):    Improper venue

      3.     Rule 12(b)(4)/(5):  Insufficient process

      4.     Rule 12(b)(6):    Failure to state a claim

      a)    under Louisiana law of negligence/strict liability, Products Liability, warranty, redhibition, damages, exemplary damages or attorney's fees;

      b)    under Mississippi law of negligence/strict liability, products liability, warranty, damages, exemplary damages, or attorney's fees;

      c)    under Alabama law of negligence/strict liability, products liability, warranty, damages, exemplary damages, or attorney's fees;

      d)    under Texas law of negligence/strict liability, products liability, warranty, damages, exemplary damages, or attorney's fees.

5. Rule 12(b)(6): Failure to demonstrate basis supporting a Louisiana Direct Action Statute (La. R.S. 22:1269) claim against ASIC.

6. Rule 12(e): ASIC reserves the right to move for a more definite statement in any case wherein plaintiff fails to allege that ASIC provided insurance, failed to identify the insured, or fails to allege sufficient facts to support a direct action claim against ASIC.

7. Rule 9(b): Failure to plead fraud and misrepresentation with particularity.

8. Rule 23: Failure to allege/demonstrate elements necessary to proceed as a class action.

9. ASIC adopts all other Rule 12 preservations filed by any entity alleged to be an insured of ASIC, or that may be available to its alleged insureds, including the defense of timeliness.

AFFIRMATIVE DEFENSES UNDER RULE 8:

ASIC has not engaged in any discovery regarding any action in which it has been named as a defendant, and has not had an opportunity to determine what affirmative defenses may be available. In an effort to preserve its rights, however, ASIC reserves the right to urge any and all affirmative defenses listed in Rule 8(c)(1), F.R.C.P., to the extent they may apply.

In addition, ASIC reserves the following defenses that may be considered affirmative in nature:

1. If plaintiffs assert an action in negligence/strict liability, such cause against ASIC and its insured must fail because

    a) no act or omission constitutes a cause-in-fact of the damages

    b) no duty existed

    c) no duty was breached

    d) plaintiffs were not included in the ambit of risk encompassed by the scope of harm of the duty owed

    e) no actual damage was sustained by plaintiffs

    f) fear of possible harm is speculative and does not constitute a compensable damage

2. If plaintiffs assert an action in negligence/strict liability, such cause against ASIC and its insured must fail, in whole or in part, from assumption of risk, contributory negligence or comparative negligence/fault.

3. If plaintiffs assert a products liability action, such cause against ASIC and its insured must fail because of product alteration, product abuse, product modification or product neglect.

4. ASIC adopts all other affirmative defenses filed by an entity alleged to be an insured of ASIC, or that may be available to its alleged insureds, including the defense of timeliness.

POLICY (COVERAGE) DEFENSES:

In addition to motions and defenses listed above, ASIC, as an insurer, has defenses that arise from the terms and conditions of the policy of insurance that may apply to actions against ASIC.

These policy defenses that ASIC reserves its right to assert, include:

1. No policy of insurance is shown to exist.

2. Claims do not fit within the terms and conditions of the policy of insurance.

3. Claims relate to "occurrence" that pre-dates, or post-dates the insuring agreement, and are not covered.

4. Insured was aware of the "occurrence" before the policy period, and failed to disclose.

5. Claims do not fall within the definition of "bodily injury" or "property damage" in policy.

6. Claims arise from damage shown to be expected, intended or otherwise arising from non-fortuitous events.

7. Claims barred by policy exclusions related to pollution exposure.

8. Claims barred by "your product" and/or "your work" exclusions in the policies.

9. Claims barred by "products – completed operations hazard" exclusion.

10. Claims barred to extent alleged insured failed to provide timely notice to ASIC as required by the policy.

11. Claims invalid because no exposure to hazard occurred during ASIC policy period.

12. Claims barred on basis of fraud or conspiracy.

13. No coverage provided for exemplary damages, fines or penalties.

ASIC reserves the right to amend or supplement this list of motions and defenses, and to file preliminary pleadings or dispositive motions asserting these and any other defenses that may

become apparent as the MDL proceeding progresses, all in accordance with Pre-Trial Order #44 (No. 2759).

WHEREFORE, Arch Specialty Insurance Company prays that the defenses and motions listed be preserved in accordance with Pre-Trial Order #44, until further pleading is required, or all claims against Arch Specialty Insurance Company have been finally resolved.

Respectfully submitted

BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC

BY:　　　　s/Kenneth P. Carter

Kenneth P. Carter, T.A. (Bar No. 3933)
201 St. Charles Avenue, Suite 3600
New Orleans, LA  70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000

ATTORNEYS FOR ARCH SPECIALTY INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on the 4th day of February, 2010 a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to liaison counsel by operation of the Court's electronic filing system and all other counsel of record via email and U.S. Mail.

s/Kenneth P. Carter