UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE | * | |
| | PRODUCTS LIABILITY | * | |
| | LITIGATION | * | SECTION:  N(5) |
| | | * | |
| This Document Relates to:  *Lyndon T. Wright. v.* | * | JUDGE ENGELHARDT: |
| *Forest River, Inc., et al*, Docket No. 09-2977 | * | |
| | | * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DEFENDANTS' JOINT REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO STRIKE THE ADDENDUM SUBMITTED BY DR. LAWRENCE MILLER

**MAY IT PLEASE THE COURT:**

Defendants Forest River Inc. ("Forest River") and Shaw Environmental, Inc. ("Shaw") (collectively, "defendants") submit this reply memorandum in support of their Motion to Strike the Addendum to the Expert Reports of Dr. Lawrence Miller.

### LAW AND ARGUMENT

In his Opposition (Rec. Doc. 11012), plaintiff first claims that Dr. Miller's addendum is merely a supplemental report and contains no new opinions.  This is not the case.  Dr. Miller never offered **any** opinions relating to (1) cancer or (2) Wright's mental health in either of his prior expert

Page 1 of  7

reports. Accordingly, his "addendum" contains entirely new opinions that were never disclosed prior to the deadline for his expert report in October.[1]

Plaintiff attempts to obscure this fact by noting that the depositions of Drs. Shwery and Thompson were only recently reviewed by Dr. Miller.[2]  Plaintiff states that "Dr. Miller's supplementation is in response to information procured from the deposition testimony of Dr. Shwery and Dr. Thompson."  Plaintiff thereby implies that, because Dr. Miller only recently learned of Wright's alleged fear of cancer claim via these depositions, his late Addendum is therefore justified.

Once again, plaintiff's implications are incorrect.  In his Addendum, Dr. Miller states that, in "speaking with Mr. Wright during my evaluations, he expressed several times his concern that his exposure to formaldehyde in the FEMA trailer might have long-lasting health effects, and he mentioned cancer specifically in the context of his persistent oral bleeding."   *See* Ex. B to defendants' Motion to Strike the Addendum of Dr. Miller, Rec. Doc. 10321. Dr. Miller testified that his two evaluations of plaintiff occurred in June and July of 2009. *See* Ex. C to Rec. Doc. 10321. **Thus, Dr. Miller was aware of Wright's alleged fear of cancer as early as the summer of 2009.** Consequently, the testimony from Drs. Shwery and Thompson merely discusses an issue that Dr. Miller was already admittedly aware of  – Wright's alleged fear of cancer.

Courts have routinely rejected untimely "supplemental" expert testimony where the opinions are based upon information available prior to the deadline for expert disclosures.  *See, Lampe Berger*

---

[1] Defendants would also point out that Lyndon Wright has never testified that he has a "fear of cancer."  The only testimony provided by Wright in this case was during his July 2009 deposition, and he never mentioned any fear of cancer at that time.

[2] Dr. Shwery, plaintiff's expert psychologist, was deposed on November 9, 2009; Dr. Thompson, Forest River's expert psychiatrist, was deposed on January 8, 2010.

*USA, Inc v. Scentier, Inc.,* 2008 WL 3386716 (M.D. La. 2008).  By Dr. Miller's own admission, Wright's fear of cancer claims are nothing new.  Despite this, Dr. Miller elected to omit the topic of (1) cancer and (2) Wright's mental health/fear of cancer from his prior reports.  His Addendum contains entirely new, not supplemental, opinions on these issues, and plaintiff cannot offer any legitimate explanation for why Dr. Miller waited until January to offer them.

Next, plaintiff points to the deposition schedule for Dr. Miller as justification for the Addendum.  He states that defendants will not be prejudiced by the Addendum because defendants reserved the right to re-depose Dr. Miller in the future.  Defendants assert that they will be prejudiced for the reasons described herein.

As a preliminary matter, defendants admit that they agreed to keep the deposition of Dr. Miller open.  However, plaintiff has left out a key piece of information: defendants did so because Dr. Miller failed to bring all of his reliance file to his deposition.

As with every other expert deposition, Forest River requested that Dr. Miller produce a number of documents that he reviewed in connection with this case.  The parties had a standing agreement that these materials would be provided one week in advance of the deposition.

When counsel for defendants arrived at the deposition, they were informed that Dr. Miller had failed to produce a number of notes and other materials from his file.  *See* Ex. A, Deposition of Dr. Miller, dated 11/10/09, p. 22-24.  These materials – including notes from his meeting with Wright and other scientific articles – were back in his office in Boston, and Dr. Miller agreed to produce them following his deposition.  In order to reserve their right to question Dr. Miller about these documents, counsel for Forest River held the deposition open:

> Q   Again, because we don't have the notes relating to the meeting, we will call upon the production of those notes, and obviously keep the deposition open pending receipt of these documents.

*Id.* at 27.

Plaintiff is now manipulating this request for a second deposition and using it to justify the Addendum. He disingenuously contends that, because defendants were already planning to depose Dr. Miller a second time, defendants could use this opportunity to discuss Dr. Miller's new opinions. Plaintiff should not be allowed to withhold certain reliance file materials and then, when defendants are necessarily forced to keep the deposition open, use that opportunity to supplement the expert's report with whatever new opinions he wishes. If the Court does not strike the Addendum, plaintiff will, effectively, be rewarded for withholding reliance materials that should have been provided months ago.

Plaintiff also cites various cases where courts allowed supplemental expert reports to be admitted. Not surprisingly, there are key factual distinctions in those cases which negate their impact here. For instance, in *Tucker* v. *Ohtsu Tire & Rubber Co., Ltd.*, 49 F.Supp.2d 456, 461 (D.Md., 1999), the court allowed an expert to issue a supplemental report, but that report was submitted **four months** prior to trial. Here, Dr. Miller provided his report – a report with new opinions – on January 12, 2010, approximately two weeks before the close of discovery and eight weeks before trial. This is an insufficient amount of time for defendants to address Dr. Miller's entirely new opinions.

Plaintiff also attempts to distinguish a case cited by defendants, *Lampe Berger USA, Inc. v. Scienter,* 2008 WL 474203 (M.D. La. 8/8/09). Plaintiff notes that, in *Lampe,* the court did not allow the supplemental disclosure because it had been provided after multiple continuances of the expert

report deadline. Plaintiff has apparently forgotten that this scenario occurred in *Wright* as well; the expert report deadline in this case has been extended two times, with the initial July deadline pushed back to September and then to October of 2009.

Plaintiff also cites *AMX Corp. v. Pilote Films,* 2007 WL 1813770 (N.D. Tex. June 22, 2007), where the court allowed a supplemental report even though the expert had access to the pertinent materials for four months prior. *Id.* at *2-3. The court focused on the fact that the supplementation had occurred prior to the expert's deposition. *Id.* For the reasons discussed above, the factual circumstances in *AMX* are entirely different from those in *Wright*. Dr. Miller's Addendum was submitted well after his deposition. Plaintiff cannot rely on the rationale in *AMX* to justify Dr. Miller's late report.

Finally, defendants reiterate their arguments concerning the appropriateness of Dr. Miller's testimony on the "reasonableness" of Wright's alleged fear of cancer claim. The question of whether Wright has, in the words of Dr. Miller, a "rationally-based" concern about developing cancer is a question of fact for the jury to decide. Expert testimony on this subject is unnecessary, irrelevant, and will only serve to mislead the jury.[3]

With regard to Dr. Miller's ability to opine on cancer-related matters, defendants direct the Court's attention to the case of *Easson v. Velsicol Chemical Corp.*, in which Dr. Miller sought to provide testimony regarding an increased risk of cancer. 1991 WL 220955 (E.D. La. 1991). In that

---

[3] Dr. Miller should also be precluded from offering any factual testimony related to Wright's alleged fear of cancer. Such testimony by Dr. Miller would force the jury to distinguish Miller's fact testimony from his expert opinion, a difficult task that has a high likelihood of confusing the jury.

case, Judge Heebe excluded Miller's testimony and cited a 5th Circuit case which also expressed concerns over Dr. Miller's qualifications to testify regarding cancer:

> Dr. Miller is not an expert in either oncology or pathology. Miller's opinion as to the cause of [the plaintiff's] death was formed without consultation with oncologists or other cancer specialists. Dr. Miller's experience with cancer occurred during his residency when he assisted in a study of the immune system as affected by smoking and asbestos. Dr. Miller does not routinely treat cancer patients, nor has he ever treated a patient with a colon cancer of the type that affected [the plaintiff].

*See id.* at *2, citing *Christophersen v. Allied-Signal Corporation*, 939 F.2d 1106 (5th Cir.1991). Dr. Miller, who has apparently done nothing more than review Dr. Williams' report, should not be allowed to offer any opinions related to cancer, as he lacks the expertise to comment on this subject.

## CONCLUSION

Should the Court allow Dr. Miller to testify, defendants will be severely prejudiced for the reasons discussed above. Accordingly, Forest River, Inc. and Shaw Environmental, Inc. respectfully request the Court to strike any and all opinions contained in the Addendum to Dr. Miller's report.

Respectfully submitted,

/s/ Jason D. Bone
ERNEST P. GIEGER, JR. (#6154)
JASON D. BONE (#28315)
CARSON W. STRICKLAND (#31336)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
*ATTORNEYS FOR FOREST RIVER, INC.*

       /s/ M. David Kurtz
       M. DAVID KURTZ (#23821)
       KAREN KALER WHITFIELD (#19350)
       CATHERINE N. THIGPEN (#30001)
       BAKER DONELSON BEARMAN
       CALDWELL & BERKOWITZ, PC
       201 St. Charles Avenue, Suite 3600
       New Orleans, Louisiana 70170
       Telephone: (504) 566-5200
       Facsimile: (504) 636-4000
       *ATTORNEYS FOR SHAW*
       *ENVIRONMENTAL, INC.*

## **C E R T I F I C A T E**

I hereby certify that on the 5th day of February, 2010, a copy of the foregoing *Memorandum in Support* was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

       /s/ Jason D. Bone
       JASON D. BONE