UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER　　　　　　　　　MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION　　　　SECTION "N-5"

　　　　　　　　　　　　　　　　　　　　JUDGE ENGELHARDT
　　　　　　　　　　　　　　　　　　　　MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al,*
**Docket No. 09-2977**
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* ON ANY REFERNCE TO MALINGERING, ALCOHOL ABUSE OR DRINKING PROBLEMS**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff Lyndon Wright (hereinafter "Plaintiff" or "Wright"), who respectfully offers this memorandum in support and requests that this Court limit any reference by defendants Forest River, Inc. ("Forest River") or Shaw Environmental, Inc. ("Shaw")(or jointly hereinafter "Defendants") to malingering or alcohol abuse or problems relating to the Plaintiff as these are unfairly prejudicial, inflammatory and, by the admission of their own expert, untrue.

In the instant litigation, Plaintiff Wright has been subjected to several rounds of psychological and psychiatric evaluations and testing. Plaintiff's own expert, Dr. Edward H. Shwery, Ph.D., submitted two reports based upon examinations occurring on or about July 21, 2009, and September 24, 2009, respectively. Defense expert, Dr. John W. Thompson, Jr., MD, submitted a report based upon a psychiatric examination on November 5, 2009, and incorporates

1

the results of psychological testing performed at Dr. Thompson's request by Gina Manguno-Mire, Ph.D, on that same date.[1]

Dr. Thompson's report paints a picture of Wright which suggests that he has a drinking problem or an alcohol abuse problem, without ever actually opining the same. There is a section of the report entitled Substance and Alcohol History[2] wherein Dr. Thompson states: "Both of the MMPI-2 psychological tests performed on Mr. Wright demonstrated elevations in the alcohol/substance abuse scales." Dr. Thompson also incorporates Wright's alcohol consumption into his overall assessment and opinion. In his Axis I diagnosis of Major Depression, he states: "His MMPI-2 Scores also indicate a potential alcohol problem."[3] There is more discussion about Wright's alcohol consumption throughout Dr. Thompson's report, all of which paint a picture of excess or problematic consumption. However, when directly asked at deposition, Dr. Thompson opined that Wright did not demonstrate any problems with alcohol abuse. At deposition, the following interaction occurred:[4]

> Q.   With respect to alcohol abuse, a person who is in their mid to late 30's, drinks one to two beers a day, let's say a male, and the male weighs at least 150 pounds or so, would you consider that to be alcohol abuse?
>
> MR. BONE:
>
>    Objection to the form.
>
> WITNESS:
>
>    No. As I said before, in order to give a diagnosis of alcohol abuse, you would have to demonstrate that when they were consuming alcohol, they were doing something that demonstrated poor judgment. And [Wright] did not describe that to me, and I didn't find that in the records.

---

[1] Dr. Thompson's report is attached hereto as Exhibit "A".
[2] Id., p. 9
[3] Id., p. 12
[4] Selected pages of Thompson's January 8, 2010 deposition are attached hereto as Exhibit "B", see pp. 109-10.

EXAMINATION BY MR. REICH:

Q.      So you find no evidence of poor judgment in the records resulting from alcohol use by Mr. Wright, correct?

WITNESS:

Yes.

The above interaction at deposition is sworn testimony that Wright did not exercise poor judgment resulting from alcohol consumption, and that Dr. Thompson gave no diagnosis of alcohol abuse.  Considering that the Defense psychological expert is now on the record indicating he makes no diagnosis of alcohol abuse in Lyndon Wright, Defense should be limited from making any implication to the effect that Wright did have a drinking or substance abuse problem.[5]  Further, a reference to a drinking problem or substance abuse problem could be inflammatory or prejudicial to the jury trying to decide the merits of the litigation.  Further, the damage done by Defendants making an argument to that effect could never be undone through a mere impeachment of Dr. Thompson with his prior testimony, particularly where it is clear in advance that he does not believe Wright has any alcohol abuse problems.  As such, any possible probative value is far outweighed by the unfair prejudice against the Plaintiff.

The second issue which Plaintiff seeks to limit the Defendants from raising at trial is that Plaintiff Wright is in some way malingering, or trying to influence the litigation to his advantage. Black's Law Dictionary, Seventh Edition, defines malinger in part as: "To feign illness or disability…" Dr. Thompson's report contains on pages 13-14 a section entitled Presence or Lack of Malingering.  In that sections concluding paragraph, Dr. Thompson states:

> He has at least two of the above indicia of malingering, but did not show a classic pattern of malingering on psychological testing.  He is, however, acting against medical advice with reference to his non-compliance with anti-depressant

---

[5] There is no indication in any report that points towards any other substance, aside from alcohol, that the Plaintiff may have taken.

medication. He also reported inaccurate dates with reference to the onset of depression and sexual dysfunction. In addition, both MMPI-2 tests picked up on underlying long term emotional issues that he may not be revealing to mental health professionals.

However, Dr. Thompson again gave sworn testimony on this issue at deposition wherein he volunteered that Wright was not malingering and that Thompson had not diagnosed him as such:[6]

> …So malingering is not about a particular test. It's about looking at all of the information and just trying to determine what makes sense or what doesn't in light of that information. So, I don't know. That's the best I can answer the question.
>
> EXAMINATION BY MR. REICH:
>
> Q.   I want you to identify for me –
>
> A.   But I never diagnosed him as malingering, okay?
>
> Q.   All right. So your position is he is not a malingerer and you have not diagnosed him as a malingerer, correct?
>
> MR. BONE:
>
>    Object to the Form.
>
> EXAMINATION BY MR. REICH:
>
> Q.   Is that true?
>
> A.   That's correct.

While Dr. Thompson's report makes some implication of possible malingering, his sworn testimony does not. In fact, the sworn testimony refutes it. The mere use of the word malingering could damage Wright's stature in the eyes of the jury, and the injury caused to his credibility could not be simply undone through cross-examination or impeachment by prior

---

[6] Exhibit "B", p. 95.

testimony, particularly where his sworn opinion is so clear, and in fact, based upon Dr. Thompson's own volunteered admission.[7]

A trial court has wide discretion to admit or exclude expert testimony. *Edmonds v. Illinois Cent. Gulf R. Co.*, 910 F.2d 1284, 1287 (5th Cir. 1990). Rule 402 of the Federal Rules of Evidence clearly states that evidence which is not relevant is excluded. Given this Court's discretion, and the admissions by Dr. Thompson relating to Wright in that there is no diagnosis of alcohol abuse or malingering, any such efforts to evoke such an impression in the minds of the jurors by the Defendants should be excluded.

Further, if the facts around the issues of alcohol consumption and malingering are found to be relevant, they should still be excluded as unfairly prejudicial and inflammatory under Rule 403 of the Federal Rules of Evidence. Rule 403 states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The only reason to bring up alcohol abuse or malingering would be to tarnish the Plaintiff in the eyes of the jury. As Dr. Thompson himself states that Wright does not have an alcohol abuse problem and he is not malingering, any discussion of these facts, if interpreted to be relevant to this litigation, should still be limited as they are unfairly prejudicial and the harm caused would greatly exceed any probative value.

The issues of malingering and alcohol abuse have been brought up time and again by defendants at depositions of Plaintiff experts and fact witnesses. Further, the defense expert psychiatric report of Dr. Thompson leaves open room to bring this issue up at trial. However,

---

[7] It is also important to note that Dr. Thompson is the author of a book chapter entitled "Malingering". See Thompson JT, LeBourgeois HW, Black FW: "Malingering" chapter of American Psychiatric Publishing *Textbook of Forensic Psychiatry,* 2004.

when asked directly about either malingering or alcohol abuse, Dr. Thompson opined that he does not believe that Wright is malingering or suffers from an alcohol abuse problem. The damage which could be done to the Plaintiff in the eyes of the jury far outweighs any probative value that could be placed upon Defendants pursuing either of these lines of argument, particularly since their own expert does not believe either to be the case with the Plaintiff. As such, Plaintiff Lyndon Wright prays that this Court grant his Motion in Limine regarding Defendants making reference to malingering or alcohol abuse, finding any reference thereto irrelevant, or in the alternative, unfairly prejudicial.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:   504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:   504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
ROBERT BECNEL, #14072
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
DENNIS REICH, Texas #16739600
MIKAL WATTS, Texas # 20981820

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing on February 9, 2010.

               s/Gerald E. Meunier
              GERALD E. MEUNIER, #9471