UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE:   FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Lyndon T. Wright v. Forest River, Inc., et al* | * | |
| Docket No. 09-2977 | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO
PROHIBIT REFERENCE TO UNRELATED, NON-PLED CLAIMS**

Plaintiff, Lyndon Wright, respectfully submits the following Memorandum in support of Plaintiff's Motion *in Limine* to Prohibit Reference To Unrelated, Non-Pled Claims, and hereto states:

I.      STANDARD OF ADMISSIBILITY.

Only relevant evidence is admissible. FED. R. EVID. 402. In determining relevancy, Rule 401 provides that relevant evidence is "evidence, having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. To sustain the relevancy standard, the Fifth Circuit has noted that proposed evidence must go beyond mere surmise or suspicion and be "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *United States v.*

1

*Tucker*, 345 F.3d 320, 327 (5th Cir. 2003). As such, under Rule 403 of the Federal Rules of Evidence, a district judge is permitted to exclude relevant evidence if he finds that its probative value is substantially outweighed by the danger of "unfair prejudice, confusion of the issues, or misleading the jury". FED. R. EVID. 403.

Here, Plaintiff seeks an order preventing Defendants from referencing Plaintiff's ability to seek future relief should he develop cancer. First, Plaintiff's ability to raise a future claim is irrelevant to the case at bar as a claim seeking relief based on fear of cancer is a wholly separate claim from one based on damages resulting from cancer. Further, if Defendants attempt to equate Plaintiff's ability to raise future claims with a "second bite of the apple," second claim, second lawsuit, or something similar, Defendants will misconstrue the nature of the claims pled and ignore their inherent inability to be recovered in a future claim. Thus, because Plaintiff does not raise a claim for cancer, but instead seeks compensation for his fear of cancer, any reference by Defendant to Plaintiff's ability to later raise a claim for cancer is irrelevant, confuses the issues, will mislead the jury and is unfairly prejudicial.

## II. PLAINTIFF DOES NOT SEEK RELIEF FOR AN INCREASED RISK OF CANCER, AND THUS ANY REFERENCE TO PLAINTIFF'S ABILITY TO MAKE A FUTURE CLAIM FOR CANCER IS IRRELEVANT.

Louisiana jurisprudence recognizes claims based on fear of cancer and cancer, of which Plaintiff only seeks relief for fear of cancer. LA. R.S. 13:4232; *see also Anderson v. Welding Testing Laboratory, Inc.*, 304 So.2d 351, 353 (La. 1974); *Bourgeois v. A. P. Green Industries, Inc.*, 716 So.2d. 355 (La. 1998). However, at trial Plaintiff anticipates that Defendants may reference Plaintiff's ability to raise a future claim for cancer as

2

justification for denying relief because of Plaintiff's ability to take "a second bite at the apple" or something similar. Whether Plaintiff may raise a future claim for cancer is irrelevant and not probative of any issue as Plaintiff does not seek damages based on the future possibility of cancer. Instead, pursuant to the laws of Louisiana, Plaintiff seeks compensation from Defendants for his fear of cancer. More notably, these claims are unrelated and independent to any future claim Plaintiff may have related to this matter.

A fear of cancer claim is clearly compensable under Louisiana law. In *Anderson v. Welding Testing Laboratory, Inc.*, 304 So.2d 351 (La. 1975), the Louisiana Supreme Court recognized the compensability of a cancerphobia claim because "[w]hile to a scientist in his ivory tower the possibility of cancerous growth may be so minimal as to the untroubling, we are not prepared to hold that the trier of fact erred in finding compensable this real possibility to this worry workman." *Id.* at 353-54. Similarly, the Fifth Circuit has recognized "that a plaintiff, to recover for fear of cancer, need not prove that his toxic exposure will more probably than not lead to cancer." *Smith v. A.C.& S, Inc.*, 843 F.2d 854, 859 n. 3 (5th Cir. 1988).

Relief for fear of cancer has little to do with whether cancer actually develops, but instead, seeks to compensate the plaintiff for the emotional distress associated with fearing cancer. *See Anderson*, 304 So.2d at 351; *In re New Orleans Train Car Leakage Fire Litig.*, 796 So.2d 364 (La. Ct. App. 4th Cir. 2001); *LeMaire v. Ciba-Geigy Corp.*, 793 So.2d 336 (La. Ct.App. 1st Cir. 2001); *Liley v. Bd. of Supervisors*, 735 So.2d 696 (La. Ct. App 3d Cir. 1999); *Stevenson v. La. Patient's Comp. Fund*, 710 So.2d 1178 (La. Ct. App. 5th Cir.

3

1998); *Manuel v. Shell Oil Co.*, 664 So.2d 470 (La. Ct. App 5th Cir. 1998); *Vallery v. S. Baptist Hosp.*, 630 So.2d 861 (La. Ct. App. 4th Cir. 1993); *Wisner v. Ill. Cent. Gulf R.R.*, 537 So.2d 740 (La. Ct. App. 1st Cir. 1988). Thus, whether Plaintiff has the ability to obtain future relief should he develop cancer is wholly irrelevant as to whether he should be compensated for the fear he *currently* experiences.

The purpose of fear of cancer claims is to allow a plaintiff to recover for distinct, separate injuries that are unrelated to the physical and emotional torment associated with a diagnosis of cancer, and thus does not provide a theoretical "second bite at the apple." Further, based on Defendants' pleadings, any reference to future claims of cancer provides no probative evidence relating to any applicable defense. Therefore, any reference by Defendants to an unrelated, non-pled claim is wholly irrelevant and does not rise to the Rule 401 standard. FED. R. EVID. 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.").

### III. ANY REFERENCE TO THE AVAILABILITY OF FUTURE RELIEF IS INADMISSIBLE AS MORE PREJUDICIAL THAN PROBATIVE.

Even if this Court finds Plaintiff's ability to raise a future claim for cancer relevant, to admit such still requires a determination of whether its probative value outweighs "the danger of unfair prejudice, confusion of the issues," its potential to mislead the jury, and consideration of undue delay, waste of time or presentations of cumulative evidence. FED. R. EVID. 403. Here, because mention of an unrelated, non-

4

pled claim would confuse the issues and mislead the jury, any reference to Plaintiff's ability to raise a future claim for cancer should be precluded.

Plaintiff foresees that Defendants may attempt to equate Plaintiff's ability to raise a future claim for cancer to "a second bite of the apple," or something similar thus confusing the issues at hand. References implying that Plaintiff will have the opportunity to take a "second bite of the apple," second claim, second lawsuit, or something similar misrepresent the extent of Plaintiff's potential future claims. Pursuant to Louisiana Civil Code Section 4232, "[a] judgment does not bar another action by the plaintiff . . .[w]hen exceptional circumstances justify relief from the *res judicata* effect of the judgment," LA. R.S. 13:4232, and is "useful in cases where the plaintiff may be unsure whether he will suffer future injuries from the event which he is presently litigating." However, as earlier established, with respect to cancer, Plaintiff seeks only relief for his fear of cancer, which are present possessory injuries capable of compensatory relief. As a result, references to Plaintiff's future ability to claim cancer injuries misleads the jury on the nature of the claims alleged and implies that Plaintiff will be able to obtain *relief for fear of cancer* at a later date, which is patently untrue. *See Scott v. American Tobacco Co.*, 725 So.2d 10, 17-18 (La. App. 4th Cir. 1998). Evidence that expressly or impliedly invites the jury to determine liability on some basis beyond the law and facts must be excluded. Any reference to Plaintiff's ability to make such a future claim, an unrelated, non-pled claim in this matter, should be precluded. *United States v. Jackman*, 48 F.3d 1, 7 (1st Cir. 1995); *United States v. Zavaneh*, 837 F.2d 1249, 1265 n.23 (5th Cir. 1988).

Further, given that the discretion granted in LA. R.S. 13:1432 "must be exercised on a case by case basis and such relief should be granted only in truly exceptional cases," Defendants cannot assure that Plaintiff will have the opportunity to raise a future claim, and therefore any statement regarding a "second bite of the apple," second claim, second lawsuit, or something similar is an inaccurate representation of the law and misleads the jury into believing that Plaintiff will have the opportunity to be fully compensated in the future. Moreover, because the exception for relief under LA. R.S. 13:1432 "is not intended to apply in the case where the plaintiff has simply failed to assert a right or claim for damages through oversight or lack of proper preparation," Plaintiff must raise those claims that can be currently compensated: fear of cancer.

## CONCLUSION

Defendants should not be allowed to reference Plaintiff's ability to raise a future claim for cancer injuries. First, because Plaintiff has not pled any claims directly relating to cancer injuries, whether or not Plaintiff can raise such claims in the future is irrelevant. Further, Plaintiff expects that any reference to Plaintiff's ability to raise a future claim of cancer would be equated to "a second bite at the apple," second claim, second lawsuit or something similar and thus imply that Plaintiff should only recover compensation once—upon diagnosis of cancer. However, such a reference and implication confuses the nature of Plaintiff's claims and misleads the jury. Further, if Plaintiff does develop cancer, there is no guarantee that Plaintiff will be able to assert a future claim for such injuries. As such, any reference to Plaintiff's future ability to

assert a claim for cancer is confusing, misleading and should be prohibited as more prejudicial than probative.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:   504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:   504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
Dennis Reich, Texas #16739600

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing on February 9, 2010.

                                               s/Gerald E. Meunier
                                              GERALD E. MEUNIER, #9471