UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE:   FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Lyndon T. Wright v. Forest River, Inc., et al* | * | |
| Docket No. 09-2977 | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO PROHIBIT REFERENCES TO MATTERS IN THE PERSONAL HISTORY OF TYSHONE MARSH**

Plaintiff, Lyndon Wright, respectfully submits the following Memorandum in support of Plaintiff's Motion *in Limine* to Prohibit References to Matters in the Personal History of Tyshone Marsh, and hereto states:

**BACKGROUND**

Plaintiff brings this Motion in *Limine* to prohibit any reference to certain unrelated matters in the personal history and background of Tyshone Marsh, Lyndon Wright's girlfriend. On January 14, 2010, Defendants deposed Tyshone Marsh. During her deposition, she was asked several questions about her background, criminal history,

1

drug use, rehabilitation, food stamps, smoking and former boyfriends. Any such evidence is irrelevant to any issue at hand and should be excluded. Importantly, Tyshone Marsh is not making any claim for recovery and any such evidence would only be used in some manner to tarnish Lyndon Wright by association. Secondly, even if such evidence about the background and personal history of Tyshone Marsh were relevant, which it is not, such evidence should be excluded as the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and or misleading the jury. FED. R. EVID. 403.

## ARGUMENT AND AUTHORITIES

I.   STANDARD OF ADMISSIBILITY.

Only relevant evidence is admissible. FED. R. EVID. 402. In determining relevancy, Rule 401 provides that relevant evidence is "evidence, having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Under Rule 403 of the Federal Rules of Evidence, a district judge is permitted to exclude even relevant evidence if he finds that its probative value is substantially outweighed by the danger of "unfair prejudice, confusion of the issues, or misleading the jury." FED. R. EVID. 403.

Here any testimony or references to Tyshone Marsh's criminal background or drug use is totally irrelevant to any issue at hand. Tyshone Marsh is not a Plaintiff in this matter, and Plaintiff does not seek to call her as a witness. Ms. Marsh and Plaintiff Lyndon Wright have been living together, but they did not begin living together until the Summer of 2009, after Lyndon Wright moved out of the travel trailer and while he was living in an apartment. Exhibit 1, Marsh testimony, p. 9, l. 23 – p. 10, l. 12.[1] Although Ms. Marsh lived in a FEMA trailer with a former boyfriend, she has not filed her own claim for recovery for spending time in a FEMA trailer. See Marsh deposition, Exhibit 1, p. 53, l. 16-22.

Any evidence about Ms. Marsh's prior criminal background is not relevant as it does not have the tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable. FED. R. EVID. 401. The same is true of any prior history of drug use, food stamp use, and any time she spent in rehabilitation as these matters are totally irrelevant to any fact that is of consequence.

During her deposition, Ms. Marsh was also questioned extensively about her former boyfriend and his personal and criminal history. Such evidence is not relevant as

---

[1] Ms. Marsh testified she began living with Lydon Wright "last summer", Exhibit 1, p. 10, l. 10-12. Ms. Marsh was deposed on January 14, 2010, therefore "last summer" would have been in the summer of 2009. Plaintiff Lyndon Wright moved out his FEMA trailer in the summer of 2008. Lyndon Wright and Tyshone Marsh plan to wed in 2010. Exhibit 1, p. 122, l. 11-23.

3

it does not have the tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable. FED. R. EVID. 401.

Defense counsel also elicited testimony from Ms. Marsh about her smoking habits, however, any such references are irrelevant to any issue in this matter as she testified she did not smoke in the presence of Lyndon Wright. Exhibit 1, p. 74, l. 25 – p. 75, l. 8. Such evidence is not relevant as it does not have the tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable. FED. R. EVID. 401.

## II. TESTIMONY REGARDING TESTING NOT COMPLETED FAILS THE RULE 403 BALANCING TEST.

It is Plaintiff's position that such testimony and evidence relating to the personal history of Tyshone Marsh set forth above is irrelevant. However, if the Court finds such evidence is relevant, then it should be excluded because it fails the balancing test set forth in Rule 403 of the Federal Rules of Evidence. This Court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, or a waste of time. FED. R. EVID. 403. Evidence is considered unfairly prejudicial not merely because it damages the opposing party's case, but also because its admission makes it likely the jury will decide the case on an improper basis, such as an emotional one, rather than on the evidence presented. *United States v. Connelly*, 874 F.2d 412, 418

4

(7th Cir. 1989).  Here, because evidence with regard Ms. Marsh's prior criminal history, drug use, or food stamp use would raise issues of prejudice wholly unrelated to any relevant issue, such evidence should be excluded as unfairly prejudicial.  The same would be true for any evidence related to Ms. Marsh's former boyfriend, any time she spent in rehabilitation, and her smoking habits.  Moreover, such evidence would confuse and or mislead the jury since it is related to matters wholly unrelated to the issues at bar.

## PRAYER

WHEREFORE, Plaintiffs respectfully requests that this Court exclude the above described irrelevant, misleading, confusing and prejudicial evidence relating to the personal history of Tyshone Marsh regarding criminal history, drug use, rehabilitation, food stamps, smoking and former boyfriends and grant Plaintiff's Motion *in Limine* to Prohibit References to Matters in the Personal History of Tyshone Marsh.

>Respectfully submitted:
>
>**FEMA TRAILER FORMALDEHYDE**
>**PRODUCT LIABILITY LITIGATION**
>
>BY:   s/Gerald E. Meunier
>      GERALD E. MEUNIER, #9471
>      **PLAINTIFFS' CO-LIAISON COUNSEL**
>      Gainsburgh, Benjamin, David, Meunier &
>      Warshauer, L.L.C.
>      2800 Energy Centre, 1100 Poydras Street
>      New Orleans, Louisiana 70163

Telephone:   504/522-2304
Facsimile:    504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:    504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
Dennis Reich, Texas #16739600

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing on February 9, 2010

 s/Gerald E. Meunier
GERALD E. MEUNIER, #9471

6