UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE:    FEMA TRAILER | * | MDL NO. 1873 |
|            FORMALDEHYDE PRODUCTS | * | |
|            LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Lyndon T. Wright v. Forest River, Inc., et al* | * | |
| Docket No. 09-2977 | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO PROHIBIT REFERENCES TO THE INAPPLICABIITY OF BUILDING CODES

Plaintiff, Lyndon Wright, respectfully submits the following Memorandum in support of Plaintiff's Motion *in Limine* to Prohibit References to the inapplicability of New Orleans Building Codes or the International Building Code and hereto states:

### BACKGROUND

Plaintiff anticipates that Defendants may claim that the local and state building codes do not apply to travel trailers such as the Forest River travel trailer Lyndon Wright lived in. Plaintiff makes this Motion *in Limine* for the reason that this is a false and misleading statement and it would be prejudicial and only serve to confuse and mislead the jury.   FED. R. EVID. 403.

1

**ARGUMENT AND AUTHORITIES**

I.   **STANDARD OF ADMISSIBILITY.**

Only relevant evidence is admissible. FED. R. EVID. 402. In determining relevancy, Rule 401 provides that relevant evidence is "evidence, having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Under Rule 403 of the Federal Rules of Evidence, a district judge is permitted to exclude even relevant evidence if he finds that its probative value is substantially outweighed by the danger of "unfair prejudice, confusion of the issues, or misleading the jury". FED. R. EVID. 403.

This Court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time. FED. R. EVID. 403. Evidence is considered unfairly prejudicial not merely because it damages the opposing party's case, but also because its admission makes it likely the jury will decide the case on an improper basis, such as an emotional one, rather than on the evidence presented. *United States v. Connelly*, 874 F.2d 412, 418 (7th Cir. 1989).

On November 2, 2009, Plaintiff received the Report of Defense Experts Norm

2

Nelson and Donald Snell of Liberty Building Forensics Group ("LBFG"). The Report contained the following statement:

> Since the trailers were constructed to Federal Standards for federally-funded procurement, state and local code compliance, while perhaps of interest, was not obligatory. ***Written acknowledgement by the City of New Orleans officials confirms that the FEMA THU's were not required to comply with their codes.*** Exhibit 1, p. 15, and p. 24. [*emphasis added*]
>
> In addition the local building does and International Building Code were not applicable. This was confirmed by the LBFG after speaking with official from the City of New Orleans. Exhibit 1, p. 6.

Defendants should not be allowed to make any such references or suggestion as it is not accurate, is misleading and would confuse the jury. FED. R. EVID. 403. The written "acknowledgement" that Donald Snell is referring to is attached hereto as Exhibit 2. Snell bases this conclusion, erroneously, on an email exchange between himself and Johnny Odom, the Chief Building Inspector for the City of New Orleans. See Exhibit 3, excerpts from the City of New Orleans Government Directory for a confirmation of the status of Johnny Odom as Chief Building Inspector for the City of New Orleans. On October 20, 2009, Snell wrote an email to Mr. Odom asking for confirmation that:

> Any site referencing and zoning of the FEMA trailers did not fall under the ***enforcement of the City of New Orleans Building Department*** including the City of New Orleans Building Code and International Building Codes. *See* Exhibit 2, [*emphasis added*.]

Johnny Odom responded back on October 22, 2009:

> That is correct. The FEMA trailers were installed by FEMA Contractors and we

3

made no inspections.  Exhibit 2

Importantly, Snell just asked about "enforcement," he did not ask about code application. *See Id*. Mr. Odom merely responded that the city of New Orleans *made no inspections*. *Id.* In fact, when the Chief Building Inspector was asked about this in a later email exchange with Plaintiff's expert Alexis Mallet, Jr., the Inspector confirmed the codes applied. Mr. Mallet asked Mr. Odom the following question:

> Did the City of New Orleans waive code requirements regarding FEMA Trailers (08/29/05 and after) or just waived the protocol allowing FEMA contractors to perform inspections?  Exhibit 4.

To which the Inspector replied,

> We did not waive code requirements.  We did allow FEMA to have the[ir] own inspections.  Exhibit 4.

The summary of these emails is as testified to by Plaintiff's expert Alexis Mallet, Jr. is that the City of New Orleans did not waive the code requirements, they allowed FEMA contractors to perform their own inspections to ensure code compliance. See Mallet deposition, Exhibit 5, p. 24, l. 24 – p. 25, l. 21. However, Defense expert Snell mistakenly assumed that since the City of New Orleans did not do their own building inspections of the FEMA units, the codes did not apply. *See* Snell deposition, Exhibit 6, p. 170, l. 2 – 14.  Importantly, Donald Snell admitted in deposition that the Chief Building Inspector did not say that the City of New Orleans *signed a waiver* regarding the enforcement of the New Orleans Building Codes or the International Building Code. Exhibit 6, p. 195, l.

4

13 – 17. Furthermore, in his deposition, Snell admitted that Mr. Odom never said that the New Orleans Building Codes and the International Building Code *did not apply*. Exhibit 6, p. 171, l. 2-7.  Whatever, Donald Snell's mistaken assumption was based upon, it is clear now that the City of New Orleans did not waive the New Orleans Building Codes or the International Building Codes for FEMA units.  Exhibit 4. Therefore, Defendants should be prohibited from making any such references or suggestions to the jury that the New Orleans Building Codes or the International Building Codes did not apply to FEMA travel trailers.  That misconception has now been firmly refuted and put to bed.

Under Rule 401 of the Federal Rules of Evidence, any relevant evidence may be admitted.  Plaintiff would respond that any statements regarding the lack of applicability of the codes is not fact, but fiction, therefore it is not relevant and should not be admitted.  *Arguendo*, assuming such a mistaken concept is relevant, whether it is espoused by Donald Snell or anyone else, such a suggestion or reference should be excluded under Rule 403 of the Federal Rules of Evidence as it is prejudicial and further would confuse and mislead the jury as it is not based upon the truth.

**PRAYER**

WHEREFORE, Plaintiffs respectfully requests that this Court exclude any and all references or suggestions that the New Orleans Building Codes or the International

Building Code did not apply to the FEMA travel trailers and grant Plaintiff's Motion *in Limine* to Prohibit References to the Inapplicability of Building Codes.

> Respectfully submitted:
>
> **FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**
>
> BY:   s/Gerald E. Meunier
>   GERALD E. MEUNIER, #9471
>   **PLAINTIFFS' CO-LIAISON COUNSEL**
>   Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
>   2800 Energy Centre, 1100 Poydras Street
>   New Orleans, Louisiana 70163
>   Telephone:   504/522-2304
>   Facsimile:   504/528-9973
>   gmeunier@gainsben.com
>
>   s/Justin I. Woods
>   JUSTIN I. WOODS, #24713
>   **PLAINTIFFS' CO-LIAISON COUNSEL**
>   Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
>   2800 Energy Centre, 1100 Poydras Street
>   New Orleans, Louisiana 70163
>   Telephone:   504/522-2304
>   Facsimile:   504/528-9973
>   jwoods@gainsben.com
>
>   **COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
>   ANTHONY BUZBEE, Texas # 24001820
>   RAUL BENCOMO, #2932
>   FRANK D'AMICO, #17519
>   MATT MORELAND, #24567
>   LINDA NELSON, #9938

6

         MIKAL WATTS, Texas # 20981820
         Dennis Reich, Texas #16739600

## CERTIFICATE OF SERVICE

  I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing on February 9, 2010.

          s/Gerald E. Meunier
         GERALD E. MEUNIER, #9471