# Expert Report

## Lyndon Wright vs. Forest River

Melville, Louisiana



Prepared for
Gieger, Laborde & Laperouse, LLC
One Shell Square
Suite 4800
New Orleans, LA 70139

Submitted by



3700 Dohnavur Drive
PO Box 1120 (USPS Only)
Zellwood, Florida 32798

October 29, 2009

Norman L. Nelson, P.E.[1]
Donald B. Snell, P.E.[2]

---

[1] Florida, Oregon, North Carolina and South Carolina

[2] Pennsylvania and Georgia

Case 2:07-md-01873-KDE-MBN   Document 11362-3   Filed 02/09/10   Page 2 of 8

Lyndon Wright vs. Forest River Expert Report                                                              11/2/09

# Expert Report

## Lyndon Wright vs. Forest River
### Melville, Louisiana



Prepared for
Gieger, Laborde & Laperouse, LLC
One Shell Square
Suite 4800
New Orleans, LA 70139

Submitted by

**LIBERTY** BUILDING FORENSICS GROUP®

3700 Dohnavur Drive
PO Box 1120 (USPS Only)
Zellwood, Florida 32798
October 28, 2009

*Norman L. Nelson* (signature)
Norman L. Nelson, P.E.[3]

*Donald B. Snell* (signature)
Donald B. Snell, P.E.[4]

---

[3] Florida, Oregon, North Carolina and South Carolina

[4] Pennsylvania and Georgia

## Table of Contents

I.     Introduction .................................................................................................................................. 5

II.    Executive Summary ..................................................................................................................... 7

III.   Review of Expert Report by Paul LaGrange ............................................................................. 10

       Discussion .................................................................................................................................. 10

       Envelope Air Leakage ............................................................................................................... 11

       Need for Outdoor air ................................................................................................................ 11

       The AC System Sizing and Humidity Control .......................................................................... 12

       Duct Leaks Increase Air Infiltration ......................................................................................... 13

       LaGrange Calculation and Analysis Mistakes ......................................................................... 13

       Infrared Thermal Imaging and Moisture Meter Measurements ........................................... 14

IV.    Review of Expert Report by Ervin L. Ritter, P.E. ....................................................................... 16

       Discussion .................................................................................................................................. 16

       Building Code Compliance ....................................................................................................... 16

       Positive Trailer Pressurization .................................................................................................. 16

       Insulation Performance and Energy Efficiency Considerations ............................................. 18

       Vapor Barriers ........................................................................................................................... 18

       Duct-board Leakage into Ceiling at Joints and Seams ........................................................... 18

       Air Conditioning Unit Sizing ..................................................................................................... 18

       Description of Responsibilities ................................................................................................ 19

V.     Review of Expert Report by Al Mallet ....................................................................................... 20

       Compliance with Codes ............................................................................................................ 20

       Construction for Warm, Humid Climates ................................................................................ 20

       Construction That Resulted in Mold Growth .......................................................................... 20

       HVAC System Contributed to Off-Gassing .............................................................................. 20

Case 2:07-md-01873-KDE-MBN   Document 11362-3   Filed 02/09/10   Page 4 of 8

Lyndon Wright vs. Forest River Expert Report                                                                                    11/2/09

Misplaced Wall Vapor Retarder ........................................................................................... 20

Poor Quality of Workmanship ............................................................................................ 20

VI.     Review of Expert Report by J. Darrell Hicks, P.E. ............................................................ 22

Discussion............................................................................................................................ 22

Voltage Drop Irregularities................................................................................................. 22

Lighting Switch Contact...................................................................................................... 22

VII.    Conclusions ..................................................................................................................... 24

VIII.   Appendices...................................................................................................................... 25

# I.   Introduction

Liberty Building Forensics Group® (LBFG) was retained on July 24, 2009, by Geiger, Laborde & Laperouse, L.L.C., to provide consulting services in the case of Lyndon T. Wright v. Forest River, Inc., et al. These consulting services included forensic analysis of the Forest River trailer formerly occupied by Mr. Wright.

Temporary Housing Unit (THU) #1277021, Mr. Wright's former trailer, was parked at the FEMA Trailer Staging Area in Melville, LA 71353. LBFG understands that this particular temporary housing unit (THU) was originally manufactured by Forest River in November 2005 and was provided by FEMA as temporary housing for Mr. Wright following Hurricane Katrina. LBFG understands that Mr. Wright occupied the THU in March 2006 and vacated it in July 2008. LBFG also understands that since July 2008 the THU has not been occupied, serviced, or maintained.

LBFG was onsite at the FEMA Trailer Staging Area in Melville, LA on August 16 - 21, 26 & 27, 30 & 31; and September 1, 2009, to complete investigative analysis regarding Mr. Wright's claims of "safety and health risks and concerns related to formaldehyde and mold exposure" in the THU. Mr. Norman L. Nelson, P.E.[1]; Mr. Donald B. Snell, P.E.[2]; Mr. Jim Cummings; and Mr. Craig Lee of LBFG conducted the following:

   1. Observed plaintiff expert witness investigation and testing.

   2. Documented as-found conditions.

   3. Performed moisture investigation and testing.

   4. Performed testing and destructive observation.

LBFG received and reviewed seven expert reports. From the seven reports received, LBFG responded to four expert reports. These expert reports were from LaGrange Consulting, LLC (Paul LaGrange); Ervin L. Ritter, P.E.; First General Services of the South, Inc. (Al Mallet); and Hicks Consulting, Inc. (J. Darrell Hicks). These four reports were chosen based on their focus on HVAC, condensation, infiltration, and related testing. (Please refer to **Appendix F** for copies of these reports.) Reports by Stephen Smulski, Ph.D.; Charles David Moore, P.E., PLS; and William D. Scott, P.E., CHMM will be responded to by others.

As part of LBFG's onsite observations the following occurred:
- LBFG observed the absence of damage due to condensation from air infiltration.
- LBFG identified deficient tenant and maintenance responsibilities that contributed to the presence of isolated and concealed water intrusion damage due to water intrusion. LBFG understands that maintenance-related responsibilities were performed by different entities at various times during Mr. Wright's occupancy of the temporary housing unit (THU).[3]

---

[1] P.E.: Oregon, Florida, North Carolina, South Carolina
[2] P.E.: Pennsylvania, Georgia
[3] Based on reports LBFG received.

- LBFG documented how Building Codes normally enforced by the City of New Orleans for building construction did not apply to FEMA THUs.

*Curriculum Vitae* (CVs) for each contributor to this report[4] appear as **Appendix A** at the end of this report.

---

[4] Mr. Norman L. Nelson, P.E. (Oregon, Florida, North Carolina, South Carolina); Mr. Donald B. Snell, P.E. (Pennsylvania, Georgia); Mr. Jim Cummings.

Case 2:07-md-01873-KDE-MBN   Document 11362-3   Filed 02/09/10   Page 7 of 8

Lyndon Wright vs. Forest River Expert Report                                    11/2/09

## II. Executive Summary

Plaintiff expert witnesses failed in the following manner:

1. The plaintiff expert failed to properly identify enforceable codes and standards that applied to the FEMA temporary housing unit (THU). The THU manufacturer was required to comply with FEMA Model Travel Trailer Procurement Specifications (refer to **Appendix C-1**). Also, LBFG believes that NFPA 1192, including references therein, applies to the THU.

   Because the THU was federal property, it was not under the jurisdiction of the City of New Orleans Building Department. In addition, the local building codes and International Building Code were not applicable. This was confirmed by LBFG after speaking with officials from the City of New Orleans.

2. The plaintiff expert failed to properly identify damage patterns, because they mistook rainwater intrusion for water vapor condensation (refer to **Appendix D-1 to D-6**). While wet trailer conditions can be caused by air-related moisture problems, rainwater, or plumbing leaks, each moisture source typically results in different and distinctive damage patterns. Humidity-related moisture problems can occur due to one or a combination of the following conditions:
   a) Infiltration of humid, outside air in warm, humid climates when there is an absence of building space pressurization versus outside;
   b) Introduction of unconditioned (or inadequately conditioned) outdoor ventilation air;
   c) Inadequate dehumidification control within the building spaces, usually compounded by one of the above two items.

   The patterns that result from humidity-related conditions are typically distinguished by more widespread damage throughout a trailer and can be predicted based on air pressure conditions and on equipment selection and trailer layout.

   In contrast to humidity-related conditions, the patterns that result from rainwater damage (due to lack of tenant and maintenance responsibilities) are concentrated and localized to a water entry point through the THU envelope. For contrast between the two conditions, refer to **Appendix D-7**.

   In this THU, any wet damage and mold problems were overwhelmingly the result of rainwater intrusion due to a lack of tenant and maintenance responsibilities and physical damage to the THU. These include:
   a) Entry door – physical damage that meant the door would not close

Case 2:07-md-01873-KDE-MBN   Document 11362-3   Filed 02/09/10   Page 8 of 8

Lyndon Wright vs. Forest River Expert Report                                        11/2/09

    b) Bedroom window – lack of tenant and maintenance responsibilities related to seals and adhesives that resulted in seal separation
    c) Bedroom corner – lack of tenant and maintenance responsibilities related to seals and adhesives that resulted in seal separation
    d) Water closet plumbing vent – lack of tenant and maintenance responsibilities related to seals and adhesives that resulted in seal separation
    e) Exhaust fan dome cap – absence of cap permitting rainwater to enter bathroom resulting in damage including (but not limited to) the floor, walls, partition and wall cavities and floor supply air grille (physical damage)

3. The plaintiff expert failed to acknowledge in their report or findings that the THU pressurization was positive to the outdoors and that there were no water vapor condensation problems found. Plaintiffs experts measured that the THU was under a positive pressure with respect to outdoors (refer to **LaGrange Consulting Expert Report, Appendix F-1; page 17 of 92**).

4. The plaintiff expert failed to properly identify maintenance and tenant responsibilities, which LBFG understands that throughout the time of occupancy were not adequately addressed and which ultimately led to rainwater intrusion and damage (refer to **Appendix C, Exhibit 2** Periodic Maintenance Chart, and pages from Forest River Recreational Vehicle Owners Manual, page 71). For example:
    a) Each month, seals and adhesives were to be inspected and resealed (as necessary).
    b) Every three months, window and door seals were to be checked for damage and repaired (as needed).
    c) Page 71, Forest River Owner's Manual, "Seals and Adhesives…Be aware that weather, sun, and road vibration will have an effect on seals, causing them to dry, crack, or separate. If you are unsure what to look for, have your dealer instruct you, and also show you the correct method for renewing the seals. If you prefer, he will be able to perform seal maintenance for you also."

5. The plaintiff expert failed by continually providing conflicting hypothesis and opinion of results. For example:
    a) Contending condensation damage due to air infiltration but failed to demonstrate a driving mechanism through testing to support that opinion. In fact, the results of their testing countered this opinion.
    b) Contending that the THU envelope was allowing excessive amounts of uncontrolled infiltration, while also saying that it was necessary