UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION: N(5) |
| | * | |
| This Document Relates to: *Lyndon T. Wright  v.* | * | JUDGE: ENGELHARDT |
| *Forest River, Inc., et al*, Docket No. 09-2977 | * | |
| | * | MAG: CHASEZ |

*************************************************************************

## FOREST RIVER'S MEMORANDUM IN SUPPORT OF ITS MOTION TO EXCLUDE ANY REFERENCE TO THE OPINIONS OF DR. GEORGE FARBER

**MAY IT PLEASE THE COURT:**

Defendant Forest River, Inc. ("Forest River") respectfully requests that the Court exclude any reference to the opinions of Dr. George Farber.  As described more fully below, because (1) Dr. Farber has been withdrawn as a witness by plaintiff; (2) there is no general causation testimony to support Dr. Farber's findings; (3) Dr. Farber refused to participate in his own deposition; and (4) Dr. Farber's medical license has recently been revoked , the Court should exclude any references to his reports and testing, including other experts' reliance on these materials, under FRE 403, 702, 801 & 802.

## FACTUAL BACKGROUND

Plaintiff, Lyndon Wright, was evaluated by dermatologist Dr. George Farber in July 2009 in connection with this litigation.  Dr. Farber performed several tests to evaluate Wright's alleged

dermatological conditions associated with his alleged exposure to both formaldehyde and mold.  In an effort to assess Wright' sensitivity to certain substances, Dr. Farber administered a T.R.U.E. Test to examine suspected allergens by means of a skin patch.  *See* Ex. A, expert report of Dr. Farber, dated 7/29/09, p. 2; Deposition of Dr. Farber from Fleetwood bellwether, dated 8/6/09, p. 45-46, attached as Ex. B..  Small samples of various irritants on the patch are left on the patient's back for approximately 48 hours.  *Id.*  The patient is then evaluated for any skin reaction to suspected allergens.  *Id.*  There are 28 allergens that are included, as well as a negative control.  *Id.*  Dr. Farber also performed a RAST test (radioallergosorbent test), a blood test used to determine potential allergens, to evaluate Wright's mold sensitivity.  *See* Farber Supplemental Expert Report, October 2, 2009, attached as Ex. "C."

Dr. Farber produced two reports in this case: a preliminary report in July of 2009, and a supplemental report in October of that same year.  *See* Exs. A & C.   His initial report ultimately found that Mr. Wright will "continue to have problems with his skin, consequent to the sensitization and long-term exposure to the products tested."  *See* Ex. B, p. 5.  His supplemental report concluded that Wright's exposure to mold and formaldehyde in the trailer "significantly exacerbated Mr. Lyndon Wright's dermatitis."  *See* Ex. C, p. 3.

Defendants attempted to depose Dr. Farber on October 28, 2009.  However, within ten minutes of the start of the deposition (and prior to any questions regarding the substance of his opinions), Dr. Farber terminated the deposition, citing a personal "emergency." *See* Deposition of Dr. Farber, dated 10/28/09, p. 16, attached as Ex. D.

On November 2, 2009, plaintiffs' liaison counsel notified the Court and defendants in the Fleetwood bellwether trial that Dr. Farber's medical license had been revoked by the State of

Louisiana.  Not surprisingly, plaintiff subsequently agreed to withdraw Dr. Farber as an expert in Wright's case just over a week later.   *See* email from A. Ahlquist to J. Bone, dated 11/20/09, attached as Ex. E.  Forest River now moves to exclude any and all references to Farber's expert reports and any testing performed that required Farber's subjective analysis.  Additionally, Forest River seeks a declaration that other experts are not entitled to rely on either the opinions or subjective testing of Dr. Farber.[1]

## LAW & ARGUMENT

**I.     Dr. Farber's expert reports should be excluded**.

Forest River asserts that any references to Dr. Farber's reports should be excluded on three grounds.  First, both reports are inadmissible hearsay under FRE. 801 & 802.  Rule 801 of the Federal Rules of Evidence defines "hearsay" is an out-of-court statement, oral or written, offered at trial to prove truth of the matter asserted.  Hearsay is not admissible except as provided by the Rules. Fed. Rule Evid. 802.  Clearly Dr. Farber's reports, standing alone, are hearsay.  These reports do not fall within any of the exceptions listed under Rules 803 or 804.  Further, Dr. Farber will not be at trial to testify in this matter.  Thus, his reports should be excluded as inadmissible hearsay.

Moreover, Dr. Farber's reports and opinions are wholly irrelevant to this lawsuit.[2]  It is the plaintiff's burden to prove causation under the Louisiana Products Liability Act.[3]  The plaintiff must

---

[1] Forest River does note that the IgE testing performed by Dr. Farber is an objective test that should be admitted into evidence. Dr. Farber's other testing – the T.R.U.E. test – is a subjective evaluation based on his observation of an area of skin.  That test should be excluded in its entirety for those reasons discussed above.

[2] Issues related to causation are more fully explored in defendants' Motion for Summary Judgment on causation.

[3] *Maranto v. Goodyear Tire & Rubber Co.*, 650 So. 2d 757, 759 (La. 1995).

prove causation through medical testimony that it is more probable than not that the subsequent injuries were caused by the product.[4]  In a toxic tort case, the plaintiff must prove both general causation and specific causation -- and must do so with competent expert testimony.[5]

Here, plaintiff's sole general causation expert, Dr. Patricia Williams, opined that there is a cause-effect relationship between formaldehyde and **only one** skin condition, namely eczema.  *See* Dr. Williams' Report, dated 10/2/09, p. 64, attached as Ex. F.  However, Dr. Farber never diagnosed Wright with eczema or discussed it anywhere in his report.  *See* Exs. A & C.  Instead, he opines on the alleged causal link between mold/formaldehyde and Wright's dermatitis and general skin irritation.  *Id.*  Accordingly, plaintiff's inability to provide general causation testimony on any dermatological issue other than eczema renders Dr. Farber's opinions on Wright's other alleged ailments irrelevant under FRE 401.  Dr. Farber's analysis of Wright's dermatitis and skin sensitization has no general causation support, and, without it, Wright cannot carry his burden of proof for causation on any skin condition.  Dr. Farber's reports, as well as all opinions contained therein, are irrelevant and should be excluded.

Additionally, because Dr. Farber cut his own deposition short in the *Wright* case, any references to his reports would be highly prejudicial to Forest River, as Forest River has not had, and will not have, the opportunity to examine Dr. Farber on his qualifications, the bases of his opinions, or his methodology.  Rule 403 of the Federal Rules of Evidence provides that relevant evidence may

---

[4]  *Kemp v. Metabolife Int'l, Inc.*, No. 00-3513, 2004 WL 2095618, at *3 (E.D. La. Sept. 13, 2004); *see also Hutchinson v. Shah*, 648 So. 2d 451, 452 (La. Ct. App. 1994) ("[w]hen the conclusion regarding medical causation is not one within common knowledge, expert medical testimony is required").

[5]  *Knight v. Kirby Inland Marine Inc.*, 483 F.3d 347, 351 (5th Cir. 2007).

be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion, or waste of time.  In this case, Forest River's ten minutes of deposition time was grossly insufficient and did not allow defendants to have an opportunity to question Dr. Farber on any topic. By refusing to provide Forest River with any real opportunity to explore Farber's opinions, plaintiff should not be able to offer any testimony that touches on the findings of these reports.

Finally, Dr. Farber had his medical license revoked in 2009, and, consequently, he no longer has the requisite expertise to testify under FRE 702.  As such, other experts in this case, <u>none of whom are dermatologists</u>, should not be able to rely upon Dr. Farber's dermatological findings at trial or comment on them before the jury.

In *Imperial Trading Co. Inc. V. Traveler's Property Cas. Co. of America*, Judge Vance of the Eastern District of Louisiana dealt with a similar issue.  2009 WL 2356292 (E.D. La. 2009).  In *Imperial Trading*, plaintiffs sought to exclude an expert who based his testimony on the questionable opinions of another expert.  *Id.* at *1.  Unlike in this case, both experts were available to testify at trial, and Judge Vance ultimately allowed the challenged expert's opinions to be discussed because the plaintiffs would have the ability to cross-examine him.  *Id.* at *1-4.

However, Judge Vance offered the following warning should that expert not be available at trial:

> The Court notes briefly that this is not a case in which an expert bases his opinion on another expert who is unavailable to testify at trial.  In that situation, the adverse party may face some prejudice because it has no opportunity to question the original proponent of the opinion.

*Id*. at *4.

Here, Dr. Farber will not be available at trial, and he has not even been fully deposed.  Forest River has had no opportunity to even learn whether his opinions are at all reliable– an especially

relevant inquiry given the fact that Dr. Farber's medical license was recently revoked.  Forest River

will be seriously prejudiced if plaintiff is allowed to subvert *Daubert* by submitting Dr. Farber's

opinions through the proverbial "back door" (*i.e.,* by allowing another expert to rely upon and testify

about these issues).  The Court should exclude (1) Dr. Farber's reports and subjective test results and

(2) any references to those reports by any other expert retained by plaintiff.

**CONCLUSION**

For the foregoing reasons, Forest River respectfully requests the Court to exclude Dr.

Farber's opinions and test results in the manner described above.

Respectfully submitted,

/s/  Jason D. Bone_____
ERNEST P. GIEGER, JR. (La. Bar Roll No. 6154)
JASON D. BONE (La. Bar Roll No. 28315)
CARSON W. STRICKLAND (La. Bar Roll No. 31336)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
*ATTORNEYS FOR FOREST RIVER, INC.*

**C E R T I F I C A T E**

I hereby certify that on the 9th day of February, 2010, a copy of the foregoing Memorandum
in Support was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this
file will be sent to liaison counsel by operation of the court's electronic filing system and all other
counsel of record via e-mail and U.S. Mail.

/s/  Jason D. Bone_____
JASON D. BONE