# AFFIDAVIT
## OF
### George A. Farber, M.D.

STATE OF LOUISIANA
PARISH OF JEFFERSON

**RE: Trial of Lyndon Wright
In a FEMA Trailer Formaldehyde Product Liability**

Before me, the undersigned Notary on this day personally appeared George A. Farber, M.D., a person whose identity is known to me. After I administered the oath to him, upon his oath he stated the following:

All statements contained herein are true and correct and based upon my personal knowledge, education, and experience and I am a person of full age of majority, competent to execute this affidavit.

*Qualifications for Expert Witness:*

    Louisiana State University, B.S. Degree, 1955.

    Louisiana State University School of Medicine, New Orleans, Louisiana, M.D. Degree, 1959.

    School of Aero Space Medicine, USAF, 1960.

    Flight Surgeon, USAF (M.C.), Flight Surgeon, Luke Air Force Base, Arizona, 1960-1963.

    Residency, USAF Sponsored, Charity Hospital of New Orleans, LSU School of Medicine, 1963-1966.
        Graduate Training, one year each, in Medical Mycology, Allergy and Immunology, Dermatopathology. Completed multi-fasic graduate training, with residency completion 1966.

    Flight, Dermatologist, USAF (M.C.), Viet Nam 1966-1967.

    Chief, Dermatology, Flight Surgeon, Kessler Air Force Base Mississippi 1967-1970.

**George A. Farber, M.D.**

RE:   Trial of Lyndon Wright
      In a FEMA Trailer Formaldehyde Product Liability

Clinical Assistant Professor, Tulane University School of Medicine, New Orleans, Louisiana, later Associate Clinical Professor, Tulane, 1970-1984.

Professor, Dermatology, Gulf South Medical and Surgical Institute, Inc., New Orleans, Louisiana, 1985-to date.

Medical Director, Director of Training Programs, Gulf South Medical and Surgical Institute, Inc., 1985-to date.

Medical Director, President, CEO, Kenner Outpatient Surgical Center, 2003-to date.

Board Certification, Dermatology, including Allergy, Dermatopathology, Medical Mycology, 1969.

Also, see Curriculum Vitae attached.

*Expert Witness Experience:*

Approximately 100 cases, in state and federal courts, multi states, in regard the Specialty of Dermatology, Allergy, and Industrial Medicine/Chemical Exposures.

*Instant Issue:*

Mr. Lyndon Wright was first seen in our facilities on July 13, 2009. Mr. Wright was seen in consultation regarding exposure to formaldehyde while he was living in a travel trailer (FEMA), for approximately two years exposure.

Mr. Wright complained about problems with eye irritation, gasping for air at night, blood mucous discharge from the throat and mouth, and a rash on the elbows and posterior neck.

On the same consultation visit, certain laboratory work was performed. Hemogram, IGE/Total, and 12 tests were done for allergy exposures.

Additionally, a "T.R.U.E. Test" with 27 tests, in the form of patch tests commercially prepared, was applied to Mr. Wright's upper trunk, back.

Mr. Wright returned on July 16, 2009. At that time the patch tests were interpreted. A copy of that report is attached.

George A. Farber, M.D.

RE: Trial of Lyndon Wright
In RE: FEMA Trailer Formaldehyde Product Liability

The patient returned on July 18, 2009 for a second reading, for any delayed reaction. The results of that test is as noted on the reporting form, attached.

The positive test for Mr. Wright indicate that he has been sensitized to formaldehyde/resins. He is now allergic to formaldehyde/resins. These chemicals are available in many products and a synopsis of known problems is attached, including a list of related items that also react or cause react.

Formaldehyde is present in many products and is found worldwide. Unfortunately, in the short-term following Hurricane Katrina, there was mass production of trailers and ultra rapid assembly of trailers for emergency living quarters, which were mostly distributed by FEMA. It is believed that inspection of the trailer will reveal that the particle board and other wood products used in the construction of these trailers were not allowed sufficient time to off gas the formaldehyde and therefore, there was an increased level of this gas in the trailers. These manufacturing conditions, coupled with the confined space, limited square footage and inadequate ventilation systems, as compared to a home with higher ceilings and larger rooms, tended to exacerbate the effects of the formaldehyde upon their occupants and is consistent with Mr. Wright's reports of an intense smell in the trailer and his physical symptoms.

Formaldehyde can be an irritant or an allergen or both. As an irritant, formaldehyde is first recognized for causing symptoms such as itching, tearing, runny nose, and various sensations of the skin and mucous membranes. When some individuals are exposed, they have difficulty breathing, and if they are asthmatic, the formaldehyde can trigger an asthmatic episode. It is my understanding that Mr. Wright was recently diagnosed for the first time with asthma when he was examined during the Independent Medical Examination conducted by the defense.

If the process is strictly an irritation, the immediate treatment is removal of the person from the area affected by the formaldehyde. There are also treatments, for injuries or irritations or the signs or symptoms of formaldehyde exposure that are usually effective. However, if the person is exposed for a more extended period of time, they may develop an allergy to formaldehyde, which worsens the condition. If a person is allergic to formaldehyde, then small amounts can trigger all of the symptoms, as the intense exposure would do, as indicated above.

If a person becomes sensitized, and therefore allergic to formaldehyde, then it is likely to be a lifelong condition. This is significant, because the presence of formaldehyde is basically ubiquitous, with formaldehyde being found in many products, worldwide.

The issue is formaldehyde's sensitization and exacerbation of any possible underlying skin condition or upper respiratory condition, due to chronic exposure to formaldehyde. Mr. Wright's exposure was in excess of two years (28 months), while living in the FEMA issued travel trailer.

Mr. Wright was tested with the T.R.U.E. Test Patch Testing Kit used to determine a person's sensitivity or allergic reaction to a substance. Test No. 7 was positive for Colophony, which is a pine tree derivative found in most surfaces finishes, such as lacquers, varnishes and some adhesives, such as is found on cabinets, furniture, paneling. We believe that upon inspection of the trailer, that these substances will likely be found. Therefore, the relationship between the finishes on the paneling and cabinets and furniture in the trailer may be significant in the symptoms that Mr. Wright exhibited.

Mr. Wright also tested positive for Diazolidinyl-Urea, test No. 25. This product is a base-testing product for various types of Urea products listed on the enclosure regarding test No. 25. There is a significant and direct casual reaction with formaldehyde, as noted in the attached summary.

Typically, when there is a positive reaction, and an allergic response, those products that are identified with Urea base, or formaldehyde, have to be evaluated as to a direct cause and affect relationship with the patient. There has been established, that there is a sensitization of Mr. Wright to formaldehyde which is substantiated by the testing results.

The clinical evidence points to formaldehyde, and/or other product as may be determined to be in paneling, cabinets, furniture and/or any other products that Mr. Wright was exposed to in the trailer.

Since the symptomatology developed after living in the trailer and did not exist prior to that, then more likely than not, the sensitization occurred in the trailer. The continued exposure led to the increase in symptoms and the severity of the condition.

The preceeding paragraphs coupled with Mr. Wright's symptoms and history indicate that within a reasonable degree of medical certainty, that the injury to Mr. Wright occurred due to his exposure to formaldehyde in the trailer. This injury or event or sensitization is sufficient to point out that Mr. Wright is necessarily resigned to a life-long measure of injury and exacerbation of existing signs and symptoms, with any further exposure to formaldehyde.

The Ige Testing that ws done on Mr. Wright indicates there is a sensitization/ allergy to certain types of mold/fungus. There is cross reactivity between literally hundreds of types of molds, to the two base molds that were tested and showed positive. The IgE Test is not specific as to which mold is specifically involved. Typically, where one mold exists, others also exist. In order to be specific, whichever mold is detected in the trailer by a testing company that specializes in mold evaluation and detection, would have to be tested specifically to Mr. Wright. Typically, wherever a specific mold is found, and absent any other types of molds, clinically that is the suspected agent from mold sensitivity.

Mr. Wright exhibits a low-level allergic indication to typical common mold. Different types of molds exist ubiquitously, which means they are everywhere.

An evaluation of the specific trailer in which Mr. Wright lived will be provided in the coming weeks and I will supplement my report based upon the information contained therein.

George A. Farber, M.D.

RE: Trial of Lyndon Wright
In a FEMA Trailer Formaldehyde Product Liability

Lyndon Wright experienced all of the usual and customary signs and symptoms of exposure to formaldehyde. Mr. Wright has experienced itching, tearing, runny nose, and dermatitis, which conditions have become chronic.

It is my opinion, that more likely than not, and with reasonable certainty, Mr. Wright will continue to have problems with his skin, consequent to the sensitization and long-term exposure to the products tested.

A certified copy of the medical records for Mr. Wright are included with this report.

I reserve the right to submit supplement this report if deemed necessary.

Affiant further sayeth not.

_____   Date 7/28/09
George A. Farber, M.D.
Medical Director
Professor of Dermatology

Sworn to and subscribed to before me, Notary, this __28th__ day of ___July___, 2009____.

_____
Notary Public, Cynthia M. Wallace ID# 32840
My commission expires at my death.

**George A. Farber, M.D.**

RE: **Trial of Lyndon Wright**
    **In a FEMA Trailer Formaldehyde Product Liability**

## Schedule of Fees

Deposition Testimony..............................................$650 first hour, $500 per hour thereafter

Travel time.................................................................$500 per hour

Court Room Testimony...........................................$1000 per hour

Review of records....................................................$500 flat fee

Preparation of Report..............................................$175 flat fee