UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE:   FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Lyndon T. Wright v. Forest River, Inc., et al* | * | |
| Docket No. 09-2977 | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO PROHIBIT REFERENCES TO AN EXEMPLAR TRAILER

Plaintiff, Lyndon Wright, respectfully submits the following Memorandum in support of Plaintiff's Motion *in Limine* to Prohibit References to an Exemplar Trailer and hereto states:

### BACKGROUND

On November 2, 2009, Plaintiff received the expert Report of John D. Osteraas, P.E., which for the first time discussed testing and an examination defendants had done on an exemplar travel trailer. Osteraas was retained by Defendant Shaw Environmental, Inc. ("Shaw"). Exhibit 1, p. 7. Plaintiff makes this Motion *in Limine* for the reason that Plaintiff was never given the opportunity to attend, photograph or even

1

put on notice of this exemplar trailer testing. It would unduly prejudicial to allow Defendants to rely on, refer to, or enter any evidence of testing with regard to any such exemplar travel trailer. Furthermore, to the extent that Defendants are allowed to refer to exemplar testing, it would be misleading and confusing to the jury as this testing was not done in a similar objective manner as the other testing in this case. FED. R. EVID. 403. The jury may be mislead about the objectivity and veracity of this testing in comparison to the other testing that was done in this case that was observed and vetted by both sides.

## ARGUMENT AND AUTHORITIES

### I.  STANDARD OF ADMISSIBILITY.

Only relevant evidence is admissible. FED. R. EVID. 402. In determining relevancy, Rule 401 provides that relevant evidence is "evidence, having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Under Rule 403 of the Federal Rules of Evidence, a district judge is permitted to exclude even relevant evidence if he finds that its probative value is substantially outweighed by the danger of "unfair prejudice, confusion of the issues, or misleading the jury". FED. R. EVID. 403.

Although testimony regarding testing and examination of an exemplar travel trailer may be relevant, such evidence should be excluded as it fails the balancing test set forth in Rule 403 of the Federal Rules of Evidence. This Court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time. FED. R. EVID. 403. Evidence is considered unfairly prejudicial not merely because it damages the opposing party's case, but also because its admission makes it likely the jury will decide the case on an improper basis, such as an emotional one, rather than on the evidence presented. *United States v. Connelly*, 874 F.2d 412, 418 (7th Cir. 1989).

On November 2, 2009, Plaintiff received the expert report of Defense Expert John Osteraas who was retained by Shaw. Exhibit, 1, p. 7. The Report contained a section of exemplar testing wherein strain testing and spray testing was conducted on exemplar Forest River travel trailer. Exhibit 1, p. 16-19. The strain gages, string potentiometers, and accelerometers were attached to the exemplar to test the integrity of the trailer after being hauled and spray testing with water was conducted to check for leaks. Exhibit 1, p. 16-18. In addition, the Report contained a twelve page summary of the strain gauge, potentiometer and accelerometer testing in Appendix D and disclosed that the door on the trailer was tested for racking. See Exhibit 1, p. 60-71. A five page summary of the

3

spray testing in was set forth in Appendix E of the Report where the seals on the exemplar were checked for water leakage.  Exhibit 1, p. 72-77.  As part of this testing, they jacked the vehicle. Exhibit 1, p. 73.  On November 17, Defendant Shaw issued a Supplemental Report for Osteraas that contained identical sections on testing the exemplar trailer.  See Exhibit 2, p. 17-19, 61-72 and 73-81, respectively.  The detail in these reports reflects that this testing that was not done on the spur of the moment, but was carefully planned. Yet despite all this careful and detailed planning, Plaintiffs were not invited to observe the tests, given an opportunity to review the protocols, allowed input into the protocols for the testing or even put on notice of the testing.  Plaintiff's first notice of the testing was on November, 2, 2009, after the testing had been completed.

This failure on behalf of the Defendant Shaw is even more egregious, where the Court has previously set forth specific parameters for testing.  This testing goes against the clear spirit and intent of the Court's prior orders.  On June 30, 2009, the Court entered an Order setting forth with regard to Plaintiff's testing that "Defendants (and their experts) shall be allowed complete access to the Wright housing unit to perform comparative studies relating to any and all testing performed by the PSC," and "Defendants (and their experts) should be allowed to access to the housing unit to perform their own testing at appropriate intervals following the PSC's examination."

4

Court Doc. 2009, p. 2.

It is unfair and prejudicial to allow Defendants to conduct testing and rely on the same in the trial of this matter without Plaintiff having notice and being able to do comparative studies of all testing performed, when these were the conditions imposed by the Court on the Plaintiff. It would be further unfair and prejudicial to allow Defendants to rely and enter evidence of such testing conducted *sub rosa*. Therefore Defendants should be prohibited from making any references to the same.

This omission on behalf of the Defendant Shaw is even more outrageous where the procedures and disclosures regarding testing in this case were the subject of extensive discussion and negotiation between the parties. There were four separate documents that set forth the testing in this case. First, there was a nineteen page protocol that was negotiated by the parties as set forth in Exhibit 3. Second, there was a protocol that was established specifically to address Defendant Shaw's concerns as set forth in Exhibit 4. Third, there was a revised testing protocol that was prepared specifically to address mold issues as set forth in Exhibit 5. Fourth, there was a detailed schedule setting forth the testing procedures and the parties involved over a five week period as set forth in Exhibit 6. None of these documents ever discussed, referenced or mentioned exemplar testing.

Defendants Shaw or Forest River should not be allowed to refer to or make any

references to "exemplar" testing when the manner and practice of the testing is in direct contravention to the spirit and intent of the Court's orders in this matter. Further it would be prejudicial to allow the Defendants to refer to testing for which Plaintiffs were not allowed to observe or replicate. Finally, any reference to this exemplar testing should be excluded as reference to the same could be misleading to the jury or confuse the jury as it does not bear the same indicia of reliability where Plaintiffs were not allowed to observe and replicate this testing as they were with the other testing performed in this matter.

**PRAYER**

WHEREFORE, Plaintiffs respectfully requests that this Court exclude any and all references to testing or examination of an exemplar trailer by Defendant Shaw and grant Plaintiff's Motion *in Limine* to Prohibit References to an Exemplar Travel Trailer.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:   504/522-2304

Facsimile:     504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:     504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
Dennis Reich, Texas #16739600

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing on February 9, 2010.

7

          s/Gerald E. Meunier
          GERALD E. MEUNIER, #9471