UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE PRODUCTS | * | |
| | LIABILITY LITIGATION | * | SECTION "N" (5) |
| | | * | |
| | | * | JUDGE ENGELHARDT |
| | | * | MAGISTRATE CHASEZ |
| | | * | |
| THIS DOCUMENT IS RELATED TO | | * | |
| | | * | |
| *Lyndon T. Wright v. Forest River, Inc., et al* | | * | |
| Docket No. 09-2977 | | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO PROHIBIT REFERENCES OR SUGGESTIONS THAT THE WATER LEAK AT THE DOOR WAS CAUSED BY A BREAK IN**

Plaintiff, Lyndon Wright, respectfully submits the following Memorandum in support of Plaintiff's Motion *in Limine* to Prohibit References or Suggestions that the Water Leak at the Door was Caused by a Break In and hereto states:

**BACKGROUND**

Plaintiff brings this Motion in *Limine* to prohibit any references or suggestions that the water leaking into the trailer from the door area that Lyndon Wright complained about was due to a break in. Plaintiff brings this Motion for the reason that any such references or suggestions would be confusing and misleading to the jury as

1

the door began leaking in early 2007 and the subject break in took place in the Summer of 2008.  Furthermore, the break in that resulted and the prying of the door should be excluded as it is not relevant to any issue in this matter. *Arguendo*, assuming it is relevant, evidence of the prying of the door during the break in should be excluded under Rule 403 of the Federal Rules of Evidence as such evidence may confuse or mislead the jury as to the cause of the water leaking around the door.

## ARGUMENT AND AUTHORITIES

Only relevant evidence is admissible.   FED. R. EVID. 402. In determining relevancy, Rule 401 provides that relevant evidence is "evidence, having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401.  Under Rule 403 of the Federal Rules of Evidence, a district judge is permitted to exclude even relevant evidence if he finds that its probative value is substantially outweighed by the danger of "unfair prejudice, confusion of the issues, or misleading the jury." FED. R. EVID. 403.

Lyndon Wright testified that when he first moved in the trailer in 2006 it was level but that it shifted over time and water began coming in above the door. Exhibit 1, p. 265, l. 20 - p. 266, l. 4.   He did not notice the water leak two or three months after the winter of 2006.   Exhibit 1, p. 121, l. 15 –  p. 122, l. 9.  He stayed in the trailer until July

2

2008.  Exhibit 1, p. 287, l. 21-23.  Bobbie Wright, Plaintiff's mother, spent some time with her son in the trailer and with him in his new apartment when he was in the process of moving out of the trailer.   Exhibit 2, p. 174, l. 13 – p. 175, l. 7 & p. 124, l. 11 – p. 126, l. 21. Bobbie Wright testified that Lyndon was in the process of moving out of the trailer in the summer of 2008 when somebody tried to pry open the door causing damage to the door and burglarized the trailer.  Exhibit 2, p. 85, l. 14 – p. 86, l.  3.  She specifically remembered staying with Lyndon in his new apartment and then they came back to get some more things out of the trailer when they discovered someone had tried to pry the door open.  Exhibit 2, p. 174, l. 12  - p. 175, l. 11.  There were no other break ins while Lyndon Wright was living in the trailer.  Exhibit 2, p. 86, l. 3 – l. 9.

Moreover, Lyndon Wright specifically attributed the water as coming in from gap above the door that was caused by the trailer shifting more and more over time. Exhibit 1, p. 109, l. 17 – l. 24, p. 266, 1.1 – 4, & p. 278, l. 25 – p. 279, l. 19.  He described the water as coming in over the top of the door and there was a gap wide enough above the door that he could see daylight.  Exhibit 1, p. 275, l. 16 – p. 276, l. 2.  Therefore, Defendants should be prohibited from making any references or suggestions that the water leak that Lyndon Wright testified about around the door area was due to someone trying to break into the trailer or by prying the door open.   Any such references would be confusing and mislead the jury as it is clear that the leak around

3

the door pre-dated the break in.

Assuming testimony about a break in and prying the door was relevant, which it is not, such evidence should be excluded as it fails the balancing test set forth in Rule 403 of the Federal Rules of Evidence.  This Court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, or waste of time.  FED. R. EVID. 403.  Evidence is considered unfairly prejudicial not merely because it damages the opposing party's case, but also because its admission makes it likely the jury will decide the case on an improper basis, such as an emotional one, rather than on the evidence presented.  *United States v. Connelly*, 874 F.2d 412, 418 (7th Cir. 1989).  Here, because the evidence is clear that the water leak occurred prior to the attempted break in, the Defendants should be prohibited from suggesting or implying that the damage to the door due the break in caused water leak at the door that Lyndon Wright complained about.  To allow Defendants to make such a suggestion would confuse the issues and mislead the jury. Further, such a reference or suggestion would be prejudicial.

## **PRAYER**

WHEREFORE, Plaintiffs respectfully requests that this Court prohibit the Defendants from making any suggestion or implication that the damage to the door

from the break in was the cause of the water leaking into Lyndon Wright's travel trailer.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE**
**PRODUCT LIABILITY LITIGATION**

BY:    <u>s/Gerald E. Meunier</u>
       GERALD E. MEUNIER, #9471
       **PLAINTIFFS' CO-LIAISON COUNSEL**
       Gainsburgh, Benjamin, David, Meunier &
       Warshauer, L.L.C.
       2800 Energy Centre, 1100 Poydras Street
       New Orleans, Louisiana 70163
       Telephone:   504/522-2304
       Facsimile:    504/528-9973
       gmeunier@gainsben.com

       <u>s/Justin I. Woods</u>
       JUSTIN I. WOODS, #24713
       **PLAINTIFFS' CO-LIAISON COUNSEL**
       Gainsburgh, Benjamin, David, Meunier &
       Warshauer, L.L.C.
       2800 Energy Centre, 1100 Poydras Street
       New Orleans, Louisiana 70163
       Telephone:   504/522-2304
       Facsimile:    504/528-9973
       jwoods@gainsben.com

       **COURT-APPOINTED PLAINTIFFS'**
       **STEERING COMMITTEE**
       ANTHONY BUZBEE, Texas # 24001820
       RAUL BENCOMO, #2932
       FRANK D'AMICO, #17519
       MATT MORELAND, #24567
       LINDA NELSON, #9938
       MIKAL WATTS, Texas # 20981820
       Dennis Reich, Texas #16739600

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing on February 9, 2010.


 <u>s/Gerald E. Meunier</u>
 GERALD E. MEUNIER, #9471