UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE | * | |
| | PRODUCTS LIABILITY | * | |
| | LITIGATION | * | SECTION:  N(5) |
| | | * | |
| This Document Relates to:  *Lyndon T. Wright. v.* | | * | JUDGE ENGELHARDT: |
| *Forest River, Inc., et al*, Docket No. 09-2977 | | * | |
| | | * | MAG: CHASEZ |

*************************************************************************

## FOREST RIVER INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO EXCLUDE THE EXPERT TESTIMONY OF PATRICIA WILLIAMS, PH.D., DABT

Defendant, Forest River, Inc., (hereinafter "Forest River") hereby moves this Court to exclude the testimony of Patricia Williams, Ph.D., DABT.  The Court is well acquainted with Dr. Williams, as she has offered opinions during the class certification phase of this litigation as well as in the Gulf Stream and Fleetwood bellwether cases.  Accordingly, Forest River will limit this *Motion in Limine* to those topics particularly germane to Mr. Wright's claims.  However, Forest River does hereby re-urge all the prior arguments and objections to Dr. Williams' testimony that are contained in both Gulf Stream's and Fleetwood's prior *Motions in Limine* (Rec. Docs. 2834 & 6664, respectively) and incorporates them herein as if reproduced *in extenso.*  Moreover, for the reasons discussed below, Forest River asserts that Dr. Williams should be precluded from testifying at trial.

## I.    Factual Background

Plaintiff has retained Dr. Williams to serve as his only general causation expert in this case.[1] Dr. Williams, a toxicologist, cites a number of studies in her report but ultimately lists the following opinions:

> "A cause-effect relationship exists between formaldehyde and upper respiratory tract damage and cancer.
> A cause-effect relationship exists between formaldehyde and bronchocontriction/asthma.
> A cause-effect relationship exists between formaldehyde and eczema.
> An association exists between formaldehyde and epistaxis.
> An association exists between epistaxis and cancer of the sinuses, nasal cavity, and nasal vestibule and wall.
> An association exists between mold exposure and nonallergic rhinitis."[2]

Although included in Forest River's Motion for Summary Judgment on causation, the following is a brief recap of the specific causation testimony from the three other medical experts retained by Wright:

1.    Dr. Farber, a dermatologist, authored a report on Wright's skin conditions.[3]  Based on information and belief, Dr. Farber's medical license was recently revoked in

---

[1]  Williams confirmed her status as a general causation expert witness:

> Q:    Okay.  You have testified earlier, but I want to make sure that it's clear for the record, that you're here specifically and solely for the purpose of general causation, not specific causation, as it relates to Mr. Wright, correct?
> A:    That's correct.

Deposition of Williams, dated 12/3/09, p. 64, attached as Ex. A.

[2]  *See* Williams report, dated 10/2/09, p. 63-64, attached as Ex. B.  Dr. Williams has submitted a "supplemental" report on January 27, 2010.  Defendants have filed a separate Motion to Strike that report, Rec. Doc. 10944, and incorporate the arguments contained in that Motion herein *in extenso.*

[3]  *See* Dr. Farber report, dated 10/2/09, attached as Ex. C.

November 2009 by the State of Louisiana.  Plaintiff has subsequently withdrawn

Farber as a testifying expert in the case.[4] Forest River will file a separate *Motion in*

*Limine* to exclude any reference to his report, but, without Farber's opinions, plaintiff

not be able to present expert testimony on Wright's alleged dermatological issues.

2.      Dr. Richard Spector, an otolaryngologist (ENT), examined Mr. Wright to address two

specific ailments.  First, Spector biopsied a mass at the base of Mr. Wright's tongue

in the late summer of 2009.  His ultimate diagnosis was that the mass was a benign

neuroma, possibly induced by stress or due to heredity, but in no way caused by

formaldehyde or mold exposure.  Additionally, he investigated the cause of Wright's

recurring bloody sputum.  Dr. Spector was unable to find the source of this blood,

and he testified that there is no causal link between that bloody sputum and

formaldehyde/mold exposure.[5]

3.      Dr. Larry Miller, a physician board-certified in internal medicine, pulmonary disease

and clinical pharmacology, has opined that, "within a reasonable degree of medical

probability, the exposure to formaldehyde emissions during his approximately 28

months of residence in the FEMA trailer significantly exacerbated Mr. Lyndon

Wright's rhinosinusitis."[6]  Dr. Miller was clear that the formaldehyde exposure did

---

[4]  *See* Ex. D, email from A. Ahlquist to J.Bone, et al., dated 11/20/09, noting, "Plaintiffs can agree that we will not call Dr. Farber as a witness for trial."

[5] *See* Ex. E, Spector report, dated 9/21/09.  *See also* Deposition of Dr. Spector, p. 105; 128-29; 164, attached as Ex. F.

[6] *See* Miller report, dated 10/2/09, p. 7, attached as Ex. G.

not *cause* this rhinosinusitis but simply exacerbated the condition.[7]  With regard to Wright's other conditions, including rashes, bloody sputum, nocturnal dyspnea, Dr. Miller noted that "limitations in the medical records and toxicological evidence prevent establishment of a causal association at this time."[8]

## II.   Argument & Citation to Authority

### A.   Dr. Williams' Opinions regarding Associations are Irrelevant and Should be Excluded.

Federal Rule of Evidence 702 provides that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."  According to the Advisory Committee Notes to Rule 702, "whether the situation is a proper one for the use of expert testimony is to be determined on the basis of assisting the trier of fact."  The Fifth Circuit has previously recognized that expert testimony should be excluded if the court finds that "the jury could adeptly assess [the] situation using only their common experience and knowledge."[9]  The inquiry is thus twofold: (1) whether the expert is qualified, and (2) whether such testimony will assist the trier of fact.[10]

---

[7]  *Id.*

[8]  *Id.  See also* Deposition of Dr. Miller, attached as Ex. H, p. 113-14; 118-19.

[9]  *Peters v. Five Star Marine Service*, 898 F.2d 448, 450 (5th Cir.1990).

[10]  *Kiger v. Plaisance Dragline and Dredging Co., Inc.*, 2006 WL 3844995, *1 (E.D. La.,2006).

4

Moreover, expert testimony is not exempt from the requirement of Federal Rule of Evidence 402 providing that "[e]vidence which is not relevant is not admissible."[11]  Under the Federal Rules of Evidence, admissibility is predicated on more than just logical relevance; rather, legal relevance is paramount: "Although relevant, evidence may be excluded if it probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury ... or needless presentation of cumulative evidence."[12]  In determining legal relevance under Rule 403, the trial judge has broad discretion and is authorized to balance the probative value of the evidence against its prejudicial effect.[13]

As noted above, Forest River reasserts those arguments made in prior *Motions in Limine* regarding Dr. Williams' opinions on cancer, eczema, and asthma filed by Gulf Stream and Fleetwood.  *See* Rec. Docs. 2834 & 6664.  However, Forest River also offers an additional basis – namely, relevancy – for excluding Dr. Williams' testimony on "associations" between formaldehyde/mold exposure and various conditions such as epistaxis and nonallergic rhinitis.  It is the plaintiff's burden to prove causation under the Louisiana Products Liability Act.[14]  The plaintiff must prove causation through medical testimony that it is more probable than not that the subsequent injuries were caused by the product.[15]  Because Dr. Williams testimony on "associations"

---

[11]  *Id.*

[12]  Fed.R.Evid. 403.

[13]   *See United States v. Johnson,* 558 F.2d 744 (5th Cir.); *see also United States v. Maceo*, 947 F.2d 1191 (5th Cir.1991).

[14]  *Maranto v. Goodyear Tire & Rubber Co.*, 650 So. 2d 757, 759 (La. 1995).

[15]  *Kemp v. Metabolife Int'l, Inc.*, No. 00-3513, 2004 WL 2095618, at *3 (E.D. La. Sept. 13, 2004); *see also Hutchinson v. Shah*, 648 So. 2d 451, 452 (La. Ct. App. 1994) ("[w]hen the

is not sufficient to allow plaintiff to carry his burden of proof with respect to causation, those opinions are therefore irrelevant and should be excluded at trial.

According to the Federal Judicial Center's *Reference Manual on Scientific Evidence*, "it should be emphasized that an association is not equivalent to causation. . . .An association between exposure to an agent and disease exists when they occur together more frequently than one would expect by chance. Although a causal relationship is one possible explanation for an observed association between an exposure and a disease, an association does not necessarily mean that there is a cause-effect relationship."[16]

Dr. Williams is fully aware of the import of terms like "cause-effect relationship" and "association."  She testified:

> Q:    Okay.  What's the difference between a cause and effect relationship and an association?
>
> A:    Well, an association means that you cannot rise to the level of the Sir Bradford Hill causal considerations in the strength of association or in some other parameter, so that you can't give a definitive statement of cause and effect or causation.

> ****

> Q:    In order to go from association to cause and effect, you need to reach two times on the Bradford Hill criteria, correct?
>
> A:    Well, you need to have – And, I mean, you need to have – It not just the strength of association, but you have several considerations that you make.  It means in general terms that something is lacking that would not give it the status of causation if it met

---

conclusion regarding medical causation is not one within common knowledge, expert medical testimony is required").

[16]  Michael D. Green, et al, "Reference Guide on Epidemiology," Federal Judicial Center 2000, *Reference Manual on Scientific Evidence, Second Edition*, at pp. 335-37, 348 (notations omitted).

all or – It doesn't have to be all, but it has to meet a significant amount for you to
make the call.
I am the expert.  For my purposes, it did not reach to the level that I would
use, that I use, which is the Federal Court requirements, to rise to the level of
causation.

Q:      So you know the difference between association and cause and effect as you wrote
this report, correct?

A:      Correct.

* * * *

Q:      **The last three categories of your opinion, those do not rise to the level of cause
and effect relationship?**

A:      **That's my expert opinion.**[17]

Thus, Dr. Williams readily admits that the following opinions do not rise to the level of a

cause-effect relationship:

An association exists between formaldehyde and epistaxis.

An association exists between epistaxis and cancer of the sinuses, nasal cavity, and nasal

vestibule and wall.

An association exists between mold exposure and nonallergic rhinitis.

Because of this insufficient causal link, Forest River requests that the Court exclude any and all

testimony from Dr. Williams regarding these "associations" in relation to Mr. Wright's alleged

exposure in the travel trailer.  This testimony on "associations" is irrelevant, as it cannot be used to

carry plaintiff's burden of proof with respect to causation and would only serve to confuse the jury.

---

[17] *See* Deposition of Patricia Williams, dated 12/3/09, p. 73-77 (emphasis added), attached as
Ex. A.

Those opinions – **including Dr. Williams' entire discussion of the alleged health effects of mold exposure[18]** – must be excluded in their entirety.

    **B.    Dr. Williams' Opinions on the Cause-Effect Relationship between Formaldehyde and Other Medical Conditions Are Irrelevant.**

As noted above, it is the plaintiff's burden to prove causation under the Louisiana Products Liability Act.[19]  The plaintiff must prove causation through medical testimony that it is more probable than not that the subsequent injuries were caused by the product.[20]  In a toxic tort case, the plaintiff must prove both general causation and specific causation -- and must do so with competent expert testimony.[21]  General causation deals with whether the substance at issue can cause certain diseases in people in general.[22]  Specific causation focuses upon whether the substance was in fact the cause of the ailments or symptoms in the particular patient.[23]  Not only is expert medical testimony required to establish causation, but, in a toxic tort case, the plaintiff must also present

---

[18]  Because Dr. Williams only finds an association between mold and nonallergic rhinitis, she should be precluded from offering **any** testimony related to Wright's alleged mold exposure in the trailer.  The mold exposure claim does not have the necessary general and specific causation to support it, and Dr. Williams' discussion of mold exposure in the trailer would only confuse and mislead the jury.

[19]  *Maranto v. Goodyear Tire & Rubber Co.*, 650 So. 2d 757, 759 (La. 1995).

[20]  *Kemp v. Metabolife Int'l, Inc.*, No. 00-3513, 2004 WL 2095618, at *3 (E.D. La. Sept. 13, 2004); *see also Hutchinson v. Shah*, 648 So. 2d 451, 452 (La. Ct. App. 1994) ("[w]hen the conclusion regarding medical causation is not one within common knowledge, expert medical testimony is required").

[21]  *Knight v. Kirby Inland Marine Inc.*, 483 F.3d 347, 351 (5th Cir. 2007).

[22]  *Kemp*, 2004 WL 2095618, at *3 (citing *Pick v. Am. Med. Sys., Inc.*, 958 F. Supp. 1151, 1164 (E.D. La. 1997)).

[23]  *Pick*, 958 F. Supp. at 1164.

evidence of the harmful level of exposure to the chemical, and knowledge that plaintiff was exposed to that level:

> Scientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain the plaintiffs' burden in a toxic tort case.[24]

Because both specific and general causation are required, when the plaintiff fails to establish either specific causation or general causation, the plaintiff's claim fails.[25]

Dr. Williams asserts that a cause-effect relationship exists between formaldehyde and (1) upper respiratory tract damage and cancer, (2) bronchoconstriction/asthma and (3) eczema.[26] However, as discussed more fully in Forest River's Motion for Summary Judgment regarding causation, none of plaintiff's medical experts offer any specific causation testimony on any of these issues. No expert in this case has ever diagnosed Wright with eczema. No expert has ever diagnosed Wright with cancer. While Wright has been diagnosed as an asthmatic by experts in this case, no expert has ever opined that such condition was caused or exacerbated by his alleged exposure to formaldehyde and/or mold.

---

[24] *Allen v. Pa. Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996); *see also Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 279 n.10 (5th Cir. 1996) (noting importance of the expert knowing the level of exposure to support his causation opinion).

[25] *Pick*, 958 F. Supp. at 1163 (granting summary judgment as to specific causation); s*ee also Leija v. Penn Maritime, Inc.*, No. 06-10489, 2009 WL 211723, at *3 (E.D. La. Jan. 23, 2009) (granting summary judgment in favor of defendant when proposed expert testimony was insufficient to create an issue of fact as to specific causation); *Babin v. Ecolab, Inc.*, No. 2:04-CV-1595, 2005 WL 1629947, at *5 (W.D. La. July 5, 2005) (granting summary judgment when plaintiffs failed to establish that there is a genuine issue of material fact as to general causation).

[26] *See generally* expert report of Dr. Williams, dated 10/2/09, p. 63-64, attached as Ex. B.

Again, expert testimony is not exempt from the requirement of Federal Rule of Evidence 402 providing that "[e]vidence which is not relevant is not admissible."[27]  Because plaintiff has failed to offer this supporting specific causation testimony, Dr. Williams' general causation testimony on these three topics is therefore rendered irrelevant and thus inadmissible at trial.  Forest River requests that Dr. Williams be prohibited from testifying at trial as to any of the cause-effect relationships described in her report.

### III.  Conclusion

The entirety of Dr. Williams' testimony is irrelevant, as it either describes "associations" which admittedly do not support general causation or fails to have the corresponding specific causation testimony to render it meaningful evidence at trial.  Accordingly, Forest River requests that the Court strike all of Dr. Williams' testimony.

Respectfully submitted,

/s/ Jason D. Bone
ERNEST P. GIEGER, JR. (La. Bar Roll No. 6154)
JASON D. BONE (La. Bar Roll No. 28315)
CARSON W. STRICKLAND (La. Bar Roll No. 31336)
GIEGER, LABORDE & LAPEROUSE, LLC
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana  70139-4800
Telephone:  (504) 561-0400
Facsimile:  (504) 561-1011
ATTORNEYS FOR FOREST RIVER, INC.

---

[27]  *Kiger v. Plaisance Dragline and Dredging Co., Inc*., 2006 WL 3844995, *1 (E.D. La.,2006).

## **C E R T I F I C A T E**

I hereby certify that on the 9th day of February, 2010, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail.

/s/ Jason D. Bone _____