UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE:   FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Lyndon T. Wright v. Forest River, Inc., et al* | * | |
| Docket No. 09-2977 | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO PROHIBIT REFERENCES TO THE FINANCIAL MATTERS OF BOBBIE WRIGHT**

Plaintiff, Lyndon Wright, respectfully submits the following Memorandum in support of Plaintiff's Motion *in Limine* to Prohibit References to the Financial Matters of Bobbie Wright and hereto states:

**BACKGROUND**

Plaintiff brings this Motion in *Limine* to prohibit any reference to certain unrelated financial matters of Bobbie Wright, the mother of Lyndon Wright. On January 5, 2010, Defendants deposed Bobbie Wright. During her deposition, Bobbie Wright was asked several questions about her personal financial affairs and money she had received from FEMA. She was further questioned on how she spent the money she

1

received from FEMA and how much she had left over. Any such evidence is irrelevant to any issue at hand and should be excluded. Bobbie Wright is not making any claim for recovery and any such evidence is not related in any manner to her son Lyndon Wright. Secondly, even if such evidence about the financial affairs of Bobbie Wright were relevant, which it is not, such evidence should be excluded as the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. FED. R. EVID. 403.

## ARGUMENT AND AUTHORITIES

I. STANDARD OF ADMISSIBILITY.

Only relevant evidence is admissible. FED. R. EVID. 402. In determining relevancy, Rule 401 provides that relevant evidence is "evidence, having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Under Rule 403 of the Federal Rules of Evidence, a district judge is permitted to exclude relevant evidence if he finds that its probative value is substantially outweighed by the danger of "unfair prejudice, confusion of the issues, or misleading the jury". FED. R. EVID. 403. Here any testimony or references to Bobbie Wright's financial matters is totally irrelevant to any issue at hand.

2

At the time the storm struck, Bobbie Wright was living with her adult son, Lyndon Wright, at a house on 2315 Seminole in New Orleans. See Bobbie Wright deposition, Exhibit 1, p. 212, l. 4 – 8. The house belonged to Bobbie Wright and her sister, Margaret Gardner. Exhibit 1, p. 191, l. 9 – 16. The only applicant on the FEMA paperwork for aid was Bobbie Wright - Lyndon Wright was not a joint applicant. Exhibit 1, p. 194, l. 17 – 25.

After the hurricane, Bobbie went to Houston and had planned to return to New Orleans. Exhibit 1, p. 193, l. 15-19. Bobbie accepted the offer for the trailer from FEMA because that way someone could keep an eye on the house and she thought a trailer next to the house would be a deterrent to people breaking into the house. Exhibit 1, p. 83, l. 12 – 20 & p. 84, l. 22 – p. 85, l. 1. The plan was for Bobbie and Lyndon to both live in the trailer to keep an eye on the house. Exhibit 1, p. 194, l. 2-5. Bobbie visited Lyndon several times while he was living in the trailer, and one visit lasted for two months. Exhibit 1, p. 122, l. 20 – p. 123, l. 16 & p. 124, l. 11 – p. 126, l. 8. Bobbie decided not to move back to New Orleans because as she did not feel safe in the trailer, as the neighborhood had changed a lot and the neighboring houses were unoccupied. Exhibit 1, p. 84, l. – p. 85, l. 13. In addition, someone broke into her house. Exhibit 1, p. 84, l. – p. 85, l. 13.

Bobbie Wright applied for and received funds from FEMA, however, she has not

3

spent all of the money.  Exhibit 1, p. 46, l. 3 – p. 47, l. 3,  p. 50, l. – p. 51, l. 9 & p. 199, l. 3 – 200, l. 8.  She was going to use some of the money to restore her house however the storm destruction was so great that the house was demolished.   Exhibit 1, p. 51, l. 25.  Bobbie used some of the money to have the remains of the house removed from the lot and some money has been used to pay taxes on the lot.  Exhibit 1, p. 51, l. 10 – p. 52, l. 5, & p. 198, l. 24 – p. 199, l. 2.

These matters related to how Bobbie Wright applied for monetary aid from FEMA, what monetary aid she received, how she spent the money, and how much is left are totally irrelevant to Lyndon Wright's claim and should be excluded.  Furthermore, none of the monies Bobbie Wright received were given to Lyndon Wright.  Exhibit 1, p. 49, l. 15 – p. 50, l. 18[1].  Any evidence about these financial matters of Bobbie Wright financial matters is irrelevant as it does not have the tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable.  FED. R. EVID. 401.

## II.     TESTIMONY REGARDING TESTING NOT COMPLETED FAILS THE RULE 403 BALANCING TEST.

Although testimony and evidence about the financial matters of Bobbie Wright set forth above is not relevant, if this Court finds it is relevant, it should be excluded

---

[1] Bobbie Wright was also asked how much she received from Social Security.  Bobbie Wright deposition p. 44, l. 3 – l. 11.  This evidence is also irrelevant and should be excluded.  Page 44 is purposely excluded from Exhibit 1 to keep such matters confidential.

4

because it fails the balancing test set forth in Rule 403 of the Federal Rules of Evidence. This Court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, or a waste of time.  FED. R. EVID. 403. Evidence is considered unfairly prejudicial not merely because it damages the opposing party's case, but also because its admission makes it likely the jury will decide the case on an improper basis, such as an emotional one, rather than on the evidence presented. *United States v. Connelly*, 874 F.2d 412, 418 (7th Cir. 1989).  Here, because evidence with regard Bobbie Wright's receipt and use of funds from FEMA would raise issues of prejudice wholly unrelated to any relevant issue, any such evidence should be excluded.  Likewise, evidence as to how much she received from Social Security should be excluded as prejudicial.  Moreover, such evidence on the financial affairs of Bobbie Wright would confuse the issues and would be misleading to the jury since it is related to matters wholly unrelated to the issues at bar and would only be used in some attempt to tarnish Lyndon Wright.

**PRAYER**

WHEREFORE, Plaintiffs respectfully requests that this Court exclude the above described irrelevant, misleading, confusing and prejudicial evidence relating to the financial matters of Bobbie Wright and grant Plaintiff's Motion *in Limine* to Prohibit

5

References to the Financial Matters of Bobbie Wright.

    Respectfully submitted:

    **FEMA TRAILER FORMALDEHYDE**
    **PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
    GERALD E. MEUNIER, #9471
    **PLAINTIFFS' CO-LIAISON COUNSEL**
    Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
    2800 Energy Centre, 1100 Poydras Street
    New Orleans, Louisiana 70163
    Telephone:    504/522-2304
    Facsimile:    504/528-9973
    gmeunier@gainsben.com

    s/Justin I. Woods
    JUSTIN I. WOODS, #24713
    **PLAINTIFFS' CO-LIAISON COUNSEL**
    Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
    2800 Energy Centre, 1100 Poydras Street
    New Orleans, Louisiana 70163
    Telephone:    504/522-2304
    Facsimile:    504/528-9973
    jwoods@gainsben.com

    **COURT-APPOINTED PLAINTIFFS'**
    **STEERING COMMITTEE**
    ANTHONY BUZBEE, Texas # 24001820
    RAUL BENCOMO, #2932
    FRANK D'AMICO, #17519
    MATT MORELAND, #24567
    LINDA NELSON, #9938
    MIKAL WATTS, Texas # 20981820
    Dennis Reich, Texas #16739600

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing on February 9, 2010.

         s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471