UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE:   FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Lyndon T. Wright v. Forest River, Inc., et al* | * | |
| Docket No. 09-2977 | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* WITH REGARD TO THE DARRIAN GRIFFIN AFFIDAVIT

Plaintiff, Lyndon Wright, respectfully submits the following Memorandum in support of Plaintiff's Motion *in Limine* to Prohibit References to Darrian Griffin Affidavit or any documents described therein.

### BACKGROUND

On January 25, 2010, Plaintiff received from Defendants an Affidavit of Darrian Griffin, a FEMA employee who went into the subject travel trailer and photographed it and removed documents from it. Plaintiffs hereby make this Motion in *Limine*, to prohibit any reference to the Griffin Affidavit and the documents disclosed in that the late production of the Affidavit at this stage is unduly prejudicial.  A copy of the

1

Affidavit which is dated January 25, 2010, is attached hereto as Exhibit 1.

## ARGUMENT AND AUTHORITIES

**I.   STANDARD OF ADMISSIBILITY.**

Only relevant evidence is admissible.  FED. R. EVID. 402. In determining relevancy, Rule 401 provides that relevant evidence is "evidence, having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401.  Under Rule 403 of the Federal Rules of Evidence, a district judge is permitted to exclude even relevant evidence if he finds that its probative value is substantially outweighed by the danger of "unfair prejudice, confusion of the issues, or misleading the jury".  FED. R. EVID. 403.

Although testimony regarding testing and examination of an exemplar travel trailer may be relevant, such evidence should be excluded as it fails the balancing test set forth in Rule 403 of the Federal Rules of Evidence.  This Court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time. FED. R. EVID. 403.  Evidence is considered unfairly prejudicial not merely because it damages the opposing party's case, but also because its admission

2

makes it likely the jury will decide the case on an improper basis, such as an emotional one, rather than on the evidence presented. *United States v. Connelly*, 874 F.2d 412, 418 (7th Cir. 1989).

As set forth in Plaintiff's Motion in *Limine* to Prohibit any References to Exemplar Trailer, there were very detailed procedures that were negotiated with regard to the inspection and testing of the subject travel trailer[1]. That testing and examination was to begin on August 3, 2009 and run on and off for five weeks. See Exhibit 3 for a schedule of the trailer examination and testing that was agreed upon by all the parties. However, unknown to Plaintiff on July 30, 2009, FEMA sent in their own employee to remove evidence from the trailer and to take photographs. See Griffin Affidavit, Exhibit 1.

On January 25, 2010, the United States through FEMA had Darrian Griffin execute an Affidavit detailing his removal of documents from the subject trailer some six months prior in July 2010.[2] During this examination, Griffin removed numerous documents from the trailer. Exhibit 1. Griffin also photographed the trailer. All in all, Griffin took 187 pages of documents from the trailer and/or photographs of the trailer.[3] Exhibit 1, page 2. Plaintiff objects to this Affidavit and the use of any of the 187 pages of

---

[1] Plaintiff incorporates all those references and exhibits by reference herein.
[2] The Affidavit was produced to Plaintiff via email the same day it was executed, January 25, 2010.
[3] At the time of preparing this Motion, Counsel for Plaintiff preparing this response is only in possession of 12 of the 187 pages of documents attached to the Affidavit. All twelve of those pages constitute photos and such photos are attached hereto as Exhibit 2.

documents removed and or photos that are discussed in the Affidavit, for the reason that the documents and photographs were collected or taken without any other party witnessing the same, and the production of this Affidavit some four days before the close of discovery on January 25, 2010 serves as a surprise. Some of these photos are clearly material as they relate to warnings and notices regarding formaldehyde. See Exhibit 2.  Plaintiff is prejudiced as he has had no opportunity to examine the witness on this extensive documentation.  Obviously Defendant FEMA was aware of this removal, and had been since July 30, 2009, but only revealed it to Plaintiff on the eve of the close of discovery.  FEMA has set forth no good cause for this late production.

## PRAYER

WHEREFORE, Plaintiffs respectfully requests that this Court exclude any and all references to the Griffin Affidavit and the documents disclosed therein and grant this Motion *in Limine* to with Regard to the Griffin Affidavit.

                Respectfully submitted:

                **FEMA TRAILER FORMALDEHYDE**
                **PRODUCT LIABILITY LITIGATION**

BY:    <u>s/Gerald E. Meunier</u>
          GERALD E. MEUNIER, #9471
          **PLAINTIFFS' CO-LIAISON COUNSEL**
          Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
          2800 Energy Centre, 1100 Poydras Street

New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:    504/528-9973
gmeunier@gainsben.com

<u>s/Justin I. Woods</u>
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:    504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
Dennis Reich, Texas #16739600

5

## CERTIFICATE OF SERVICE

     I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing on February 9, 2010.

                                      s/Gerald E. Meunier
                                      GERALD E. MEUNIER, #9471