UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE:    FEMA TRAILER | * | MDL NO. 1873 |
|             FORMALDEHYDE PRODUCTS | * | |
|             LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Lyndon T. Wright v. Forest River, Inc., et al* | * | |
| Docket No. 09-2977 | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO PROHIBIT REFERENCES TO THE BATHROOM VENT COVER AS MISSING

Plaintiff, Lyndon Wright, respectfully submits the following Memorandum in support of Plaintiff's Motion *in Limine* to Prohibit References to the Bathroom Vent Cover as Missing and hereto states:

### BACKGROUND

Plaintiff anticipates that Defendants may claim that bathroom vent cover on Lyndon Wright's travel trailer was missing. Plaintiff makes this Motion *in Limine* since there is no evidence the bathroom vent cover was missing while Lyndon Wright lived in the trailer, and any reference to its status as missing one year after he moved out would be irrelevant and only serve to confuse or mislead the jury. Furthermore, when

1

Plaintiff's experts first inspected the travel trailer, the bathroom vent cover was not missing. To the extent that it was missing and was replaced by Defendants, Defendants have altered the evidence and should be sanctioned for the same.

## ARGUMENT AND AUTHORITIES

Only relevant evidence is admissible. FED. R. EVID. 402. In determining relevancy, Rule 401 provides that relevant evidence is "evidence, having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Under Rule 403 of the Federal Rules of Evidence, a district judge is permitted to exclude even relevant evidence if he finds that its probative value is substantially outweighed by the danger of "unfair prejudice, confusion of the issues, or misleading the jury". FED. R. EVID. 403.

This Court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time. FED. R. EVID. 403. Evidence is considered unfairly prejudicial not merely because it damages the opposing party's case, but also because its admission makes it likely the jury will decide the case on an improper basis, such as an emotional one, rather than on the evidence presented. *United States v. Connelly*, 874 F.2d 412, 418 (7th Cir. 1989).

Plaintiff anticipates that Defendants will claim that the bathroom vent cover was missing from the travel trailer as Defense expert Thomas Fribley has testified to and included references to the same in his Report.  See Fribley deposition, Exhibit 1, p. 41, l. 25 – p. 42, l. 3.  When asked who replaced the vent and when, Fribley could not say, he could only testify that he heard it had been replaced from one of the Defense experts and probably to conduct the blower door testing.  Exhibit 1, p. 42, l. 7 – 15 & p. 44, l. 9 – 12. Fribley thinks he heard that it was replaced from one of the "air quality" experts for the Defendants. Exhibit 1, p. 42, l. 7 - 15.   Other defense experts have also said in their expert reports that the bathroom vent cover was missing.  Any such reference to the bathroom vent cover as missing should be excluded as there is no evidence that the bathroom vent cover was missing while Lyndon Wright was living in the trailer. Exhibit 1, p. 107, l. 24 – p. 108, l. 2.  Therefore, the issue of it being missing one year after he moved out is irrelevant and any reference to the same would only serve to confuse or mislead the jury.

Furthermore, when Plaintiff's experts were first allowed to inspect the trailer on August 3, 2009, they made a thorough inventory of the trailer, and the bathroom vent cover was not missing.  If it was missing prior to these inspections, it appears that one or more of the Defendants tampered with the evidence prior to the Plaintiff's inspections.  To the extent that one or more of the Defendants have tampered with the

evidence, they should be sanctioned for the same. If indeed the vent cover was missing and had been replaced, it would be prejudicial to the Plaintiff for Defendants to make any such references as Plaintiff and his experts were not allowed to inspect and test the trailer before Defendants made repairs to it. Furthermore, it would be prejudicial for the defendants to make a suggestion that the bathroom vent cover was missing while Lyndon Wright lived in the trailer, as there is no evidence that such a condition existed while he lived there. The condition of the vent cover as missing one year after he moved out is irrelevant to the conditions that existed while he lived in the trailer and therefore any such references should be excluded.

## PRAYER

WHEREFORE, Plaintiffs respectfully requests that this Court exclude any and all references or suggestions that the bathroom vent cover was missing and grant Plaintiff's Motion *in Limine* to Prohibit References to the Bathroom Vent Cover as Missing.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163

Telephone: 504/522-2304
Facsimile: 504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
Dennis Reich, Texas #16739600

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing on February 9, 2010.

      s/Gerald E. Meunier
      GERALD E. MEUNIER, #9471