UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|     FORMALDEHYDE PRODUCTS | * | |
|     LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Lyndon T. Wright v. Forest River, Inc, et al.* | * | |
| Docket No. 09-2977 | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S RESPONSE TO FOREST RIVER, INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT ON
<u>PLAINTIFF'S MENTAL ANGUISH CLAIMS</u>**

    Plaintiff Lyndon T. Wright, responds to Forest River, Inc.'s Motion for Partial Summary Judgment on Plaintiff's Mental Anguish Claims, and, in support would show as follows:

**I.
EVIDENCE**

Exhibit A    Lyndon Wright deposition excerpts

Exhibit B    Dr. Edward Shwery Affidavit, July 28, 2009

Exhibit C    Dr. Lawrence Miller Affidavit, October 2, 2009

Exhibit D    Dr. Lawrence Miller Affidavit, July 28, 2009

Exhibit E    Psychological Examination, September 24, 2009.

Exhibit F    Dr. Patricia Williams Affidavit.

Exhibit G    Dr. Edward Shwery deposition excerpts

Exhibit H    Dr. John Thompson Psychiatric Evaluation

1

Exhibit I       Dr. John Thompson deposition excerpts

Exhibit J       Tyshone Marsh deposition excerpts

## II.
## FACTUAL BACKGROUND

Plaintiff Lyndon T. Wright has asserted claims under the Louisiana Products Liability Act ("LPLA") against Forest River, Inc. ("Forest River"), the manufacturer of the travel trailer Mr. Wright occupied between March of 2006 and July of 2008. Due to the trailer's defective construction, composition, design, and warnings, Mr. Wright was exposed to dangerous levels of formaldehyde, a known carcinogen.[1] As a result, Mr. Wright has suffered and continues to suffer from mental anguish, anxiety, and a fear of developing cancer. *See* First Supplemental and Amended Complaint. (Rec. Doc. 2203, para. 17).

While occupying his trailer, Mr. Wright began suffering numerous physical ailments, many consistent with formaldehyde exposure. *See* Exhibit A, pp. 134-38; Exhibit B, pp. 1-2; Exhibit C, p. 7; Exhibit D, pp. 5-6. As his health deteriorated, he became depressed, suffering feelings of despair and suicidal ideations. *See* Exhibit B, p. 4. He sought medical treatment for his depression, and was prescribed an anti-depressant medication. *See* Exhibit B, p. 4. Although his depression declined, Mr. Wright continued to ruminate about death and the possibility of contracting cancer as a result of his formaldehyde exposure. *See* Exhibit B, pp. 4, 6.

In late July of 2009, Mr. Wright underwent the surgical biopsy of a growth that had developed on his tongue. *See* Exhibit E, p. 1. The procedure brought to the forefront the psychological issues with which he had previously been dealing. *See* Exhibit E, p. 1; Exhibit A, p. 67. Reflecting on the possibility that the growth could have been malignant, Mr. Wright's fear

---

[1] The International Agency for Research on Cancer (IARC) has designated formaldehyde a Group I carcinogen. *See* Exhibit F, p. 49.

2

of developing cancer as a result of his formaldehyde exposure, his depression, and his anxiety intensified. *See* Exhibit E, p. 2.

On September 24, 2009, Mr. Wright was evaluated for his depression and fears by Dr. Edward Shwery, a clinical psychologist who had issued a preliminary report in July off 2009. During the exam, although Dr. Shwery noted that Mr. Wright continued to exhibit "active and intense mental anguish." *See* Exhibit E, p. 2, 3. Mr. Wright's scores on the psychological tests administered by Dr. Shwery revealed severe anxiety and moderate depression. *See* Exhibit E, p. 4. When Dr. John Thompson, Defendant's psychiatric expert, again tested Mr. Wright approximately six weeks later, Mr. Wright again scored in the severe anxiety range. *See* Exhibit H, p. 11.

Defendant Forest River now seeks summary judgment as to Mr. Wright's mental anguish and fear of cancer claims. Mr. Wright's abundant evidence that his mental anguish is directly related to Defendant's actions, and that his fear of cancer is substantial and reasonable, however, preclude summary judgment.

**III.
ARGUMENT AND AUTHORITIES**

A.  Summary Judgment Standard

Summary judgment is proper only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp, 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, Gillis v. Louisiana, 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. Hunt v. Rapides Healthcare System, L.L.C., 277

F.3d 757, 764 (5th Cir. 2001).  A factual dispute where the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party precludes a grant of summary judgment. Smith v. Amedisys, 298 F.3d 434, 440 (5th Cir. 2002).

No clear legal standard exists for the evaluation of mental anguish claims. Dickerson v. Lexington Ins. Co., 556 F.3d 290, 304-05 (5th Cir. 2009).  Determinations relating to mental anguish are therefore almost exclusively within the purview of the fact finder, and should thus be preserved for the jury's evaluation. *See* Id.  Mr. Wright's substantial evidence raises fact issues that his mental anguish is related to Defendant's actions, and that his fear of cancer exists and is reasonable.  Defendant's motion for partial summary judgment should therefore be denied. *See* Amedisys, 298 F.3d at 440.

B.   Summary judgment should be denied because Plaintiff produced evidence that his mental anguish was caused by Forest River.

Defendant erroneously asserts that Mr. Wright has failed to produce evidence that his mental anguish was caused by Forest River.  It is undisputed that Forest River was the manufacturer of Mr. Wright's travel trailer. *See* Forest River's Statement of Uncontested Material Facts, p. 1.  Also undisputed is the fact that Mr. Wright's Forest River trailer off-gassed formaldehyde.[2]  Thus, if Mr. Wright's mental anguish arises from the formaldehyde exposure he suffered from his trailer, Forest River's actions are necessarily implicated.  Mr. Wright's abundant evidence establishing that his mental anguish is grounded in the formaldehyde exposure he received from his trailer precludes summary judgment. *See* Amedisys, 298 F.3d at 440.

---

[2] Three years after the manufacture of the trailer, when the formaldehyde level would have been substantially lower than during Mr. Wright's occupancy, the formaldehyde level inside the trailer was measured at 48 ppb, higher than the MRL levels prescribed by the ATSDR. *See* Exhibit D, p. 4.

4

On September 23, 2009, Mr. Wright presented for examination by Dr. Edward Shwery, a clinical psychologist. *See* Exhibit E, p. 1. Dr. Shwery had evaluated Mr. Wright on one other occasion, but, at the time of the initial evaluation, had not anticipated a second session. *See* Exhibit G, pp. 18-19. Mr. Wright, however, requested the additional appointment because he was increasingly "distressed and upset." *See* Exhibit G, pp. 18-19, 66, 171-72. He reported to Dr. Shwery that he was constantly plagued by worry and distress over the long-term health effects of his formaldehyde exposure. *See* Exhibit E, p. 3-4. He also agonised over the fact that he could have avoided the exposure had he been informed of it during his occupancy. *See* Exhibit E, p. 3. Clearly, Mr. Wright's mental anguish focused on Forest River's provision of a trailer that exposed him to formaldehyde, as well as Forest River's failure to warn him of his exposure. This evidence of the causal link between Forest River's actions and Mr. Wright's mental anguish precludes summary judgment. *See* <u>Amedisys</u>, 298 F.3d at 440.

C.  <u>Summary judgment should be denied because Mr. Wright produced detailed evidence that he has developed a specific fear of cancer due to his formaldehyde exposure.</u>

Although fear of cancer must be distinguished from general mental anguish, Mr. Wright's evidence precludes summary judgment on this issue. *See* <u>Smith v. A.C. & S., Inc</u>., 843 F.2d 854, 859 (5th Cir. 1988). Mr. Wright's mental anguish and anxiety clearly includes a specific fear that his formaldehyde exposure may result in cancer. *See* Exhibit E, p. 2; Exhibit H, p. 3. His fiancé has testified that Mr. Wright specifically told her that he has a fear of cancer. *See* Exhibit J, p. 90. During his September 24, 2009, examination by Dr. Shwery, Mr. Wright revealed an obsession with his nearly two-year exposure to formaldehyde. *See* Exhibit E, p. 2.

> Mr. Wright reported to Dr. Shwery that he had become concerned about the formaldehyde in the trailer: "it's like I was cooking in the formaldehyde. The more I think about all this, the more I worry

>about what is coming down the line for me. How long does it take for formaldehyde to have an effect on you? Will it be when I am 45 or 50?"

Exhibit H, p. 3. His intensified mental distress began when the specter of cancer was raised by the necessity of his biopsy. *See* Exhibit E, pp. 1-2. Part of Mr. Wright's anxiety arose from his inability to find a determinative answer as to whether his formaldehyde exposure would cause him to contract cancer. *See* Exhibit I, pp. 71-72. Dr. Thompson, Defendant's psychiatric expert, even recognized that one of the factors causing Mr. Wright's anxiety was his uncertainty as to the extent of formaldehyde's carcinogenic effects. *See* Exhibit I, pp. 99-101. Mr. Wright's evidence raises a fact issue that he suffers from a specific fear of cancer, and that this fear is related to his formaldehyde exposure. Defendant's motion for summary judgment on these issues should therefore be denied. *See* Amburgey, 936 F.2d at 809.

D.  Summary judgment is precluded because Mr. Wright has raised a fact issue that a fear of cancer is reasonable.

Plaintiffs carry a particularly light burden in proving reasonableness for purposes of a fear of cancer claim. *See* Smith, 843 F.2d at 859, FN 3. (explaining that a plaintiff's burden for a fear of cancer claim does not rise to the level of proving that his exposure will more probably than not lead to cancer.) A fear of cancer claim requires only a showing that there is "any possibility of acquiring (the) disease, no matter how remote." Raney v. Walter O. Moss Reg'l Hosp., 629 So.2d 485, 491 (La.App. 3d Cir.1993). Forest River, however, insists that Mr. Wright must prove through epidemiological evidence that the precise formaldehyde level to which he was exposed can cause cancer. Defendant standard is incorrect and overly rigorous. *See* Id. Because it applied an incorrect standard, Forest River has failed to prove it is entitled to summary judgment as a matter of law. Its motion for summary judgment on the reasonableness

of Mr. Wright's fear of cancer should therefore be denied. *See* Amburgey, 936 F.2d at 809.

Additionally, Plaintiff has produced abundant evidence on the reasonableness of his fear of cancer. The International Agency for Research on Cancer (IARC) has determined that formaldehyde is carcinogenic to humans, and designates it as a Group I carcinogen. *See* Exhibit F, p. 49, 56. The Occupational Safety and Health Administration (OSHA) recognizes that long-term formaldehyde exposure is associated with an increased risk of cancer, and regulates formaldehyde as a carcinogen. *See* Exhibit F, p. 47- 48. Dr. Patricia Williams, Plaintiff's expert toxicologist, presented an exhaustive review of the formaldehyde scientific literature, which included epidemiological studies. *See* Exhibit F, pp. 49-57. Based on her review, Dr. Williams concluded that a cause-and-effect relationship exists between formaldehyde and cancer. *See* Williams affidavit at 63. Dr. Miller also found that the scientific literature supported an increased relative risk of cancer associated with exposure to inhaled formaldehyde, and determined that Mr. Wright's fear of cancer is rationally based. *See* Exhibit F. The totality of this evidence is certainly sufficient to raise a fact issue on the reasonableness of Mr. Wright's fear of cancer. *See* Raney, 629 So.2d at 491. Defendant's motion for partial summary judgment on the issue of the reasonableness of Mr. Wright's fear of cancer must therefore be denied. *See* Amedisys*,* 298 F.3d at 440.

### IV.
### CONCLUSION

Defendant has challenged Mr. Wright's mental anguish claims on the basis of lack of cause and effect evidence, the existence of a specific fear of cancer claim, and the reasonableness of his fear of cancer claim. Defendant's arguments are based on its erroneous understanding of the law and disregard of the evidence presented. Mr. Wright has presented substantial evidence

that his mental anguish relates to Defendant's formaldehyde-contaminated trailer and includes a specific and reasonable fear of cancer. This evidence raises fact issues as to every issue challenged by Defendant. Defendant's partial motion for summary judgment on mental anguish should therefore be denied.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:   504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:   504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
ROBERT BECNEL, #14072
DENNIS REICH, Texas # 16739600

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 12, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                      s/Gerald E. Meunier
                                      GERALD E. MEUNIER, #9471