UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * * * | MDL NO. 1873 SECTION "N" (5) JUDGE ENGELHARDT MAGISTRATE CHASEZ |
| THIS DOCUMENT IS RELATED TO | | * * | |
| *Lyndon T. Wright v. Forest River, Inc., et al,* Docket No. 09-2977; | | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S STATEMENT OF THE MATERIAL FACTS AS TO WHICH THERE EXIST A GENUINE ISSUE TO BE TRIED**

Pursuant to Local Rule 56.2, Plaintiff Lyndon T. Wright sets forth the following statement of material facts as to which there exists a genuine issue to be tried, with respect to Defendant Shaw Environmental Inc.'s ("Shaw") Motion for Partial Summary Judgment as to the Plaintiff's Failure to Warn Claim (Docket Entry No. 10946).

I. **MATERIAL FACTS AS TO WHICH THERE EXISTS A GENUINE ISSUE TO BE TRIED.**

1. Whether Shaw had knowledge of the dangers of formaldehyde.
2. Whether Shaw was aware of dangers related to formaldehyde prior to FEMA and failed to warn FEMA of the same.
3. Whether Shaw was aware of or should have been aware of potential dangers related to formaldehyde and failed to warn Plaintiff of the same.
4. Whether the Individual Assistance/Technical Assistance Contract ("IA/TAC") and related documents imposed testing and/or warning duties/obligations upon Shaw.
5. Whether Shaw had a continuing duty to warn FEMA of the potential dangers related to formaldehyde.
6. Whether Shaw had a continuing duty to warn Plaintiff of the potential dangers related to formaldehyde.

7. Whether, under the facts and circumstances in this case, a person with Shaw's knowledge and experience would have or should have taken particular notice of the hazardous conditions related to formaldehyde and warned of such dangerous conditions.
8. Whether Shaw satisfied its duties and obligations to test and/or warn as to potential dangers related to formaldehyde.
9. Whether FEMA exercised any degree of direct influence over Shaw's activities with respect to warnings.
10. Whether there is an identifiable federal interest or policy in the existence of warnings or a significant conflict between that federal interest and the operation of state law.

## II. ALLEGED FACTS IN SHAW'S MOTION WHICH ARE CONTROVERTED.

Plaintiff controverts numbers 5, 7, 11, 12, 13, 18, 19 and 21.

Respectfully Submitted,

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
      GERALD E. MEUNIER, #9471
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone:   504/522-2304
      Facsimile:   504/528-9973
      gmeunier@gainsben.com

      s/Justin I. Woods
      JUSTIN I. WOODS, #24713
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone:   504/522-2304
      Facsimile:   504/528-9973
      jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
Dennis Reich, Texas #16739600

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing on February 12, 2010.

<u>s/Gerald E. Meunier</u>
GERALD E. MEUNIER, #9471