UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
|     FORMALDEHYDE PRODUCTS | * | |
|     LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Lyndon T. Wright v. Forest River, Inc, et al.* | * | |
| Docket No. 09-2977 | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S RESPONSE TO SHAW ENVIRONMENTAL, INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT ON
<u>PLAINTIFF'S MENTAL ANGUISH CLAIMS</u>**

Plaintiff Lyndon T. Wright, responds in opposition to Shaw Environmental, Inc.'s ("Shaw") Motion for Partial Summary Judgment on Plaintiff's Mental Anguish Claims. To the extent that Shaw has adopted and incorporated the arguments and factual support set forth by Defendant Forest River, Inc. ("Forest River") in its motion for partial summary judgment on Plaintiff's mental anguish claims, Plaintiff relies on, and would direct the Court to, Plaintiff's Response to Forest River's Motion. In response to the additional claims asserted by Shaw relating to Shaw specifically, Plaintiff would show as follows:

**I.
EVIDENCE**

Exhibit A    Email string, March 20-21, 2006

Exhibit B    Email string, May 16, 2006

Exhibit C    Dr. Patricia Williams Affidavit

Exhibit D    Dr. Lawrence Miller Affidavit, July 28, 2009

Exhibit E    Psychological Examination, September 23, 2009

1

## II.
## FACTUAL BACKGROUND

Plaintiff Lyndon T. Wright has asserted claims under the Louisiana Products Liability Act ("LPLA") against Shaw Environmental, Inc. ("Shaw"), the contractor in charge of delivering and installing Mr. Wright's travel trailer. *See* Shaw's Statement of Uncontested Material Facts, pp. 1-2. Between March of 2006, when Mr. Wright moved into the trailer, and June 1, 2006, when C. Martin Company assumed the responsibility, Shaw was in charge of maintaining Mr. Wright's trailer. *See* Shaw's Statement of Uncontested Material Facts, p. 2.

Throughout his entire occupancy of the trailer, Mr. Wright was exposed to dangerous levels of formaldehyde, a known carcinogen.[1] As a result, Mr. Wright suffered and continues to suffer from mental anguish, anxiety, and a fear of developing cancer. *See* First Supplemental and Amended Complaint. (Rec. Doc. 2203, para. 17); for details, *see* Plaintiff's Response to Forest River's Motion for Partial Summary Judgment on Plaintiff's Mental Anguish Claims.

Defendant Shaw now seeks summary judgment of Mr. Wright's mental anguish claims, asserting that no evidence suggests that it had any effect on the formaldehyde exposure leading to Mr. Wright's mental anguish. Mr. Wright's summary judgment evidence, however, raises substantial fact issues as to Shaw's responsibility for his exposure and the resulting mental anguish. Shaw's motion for partial summary judgment on the mental anguish claims should therefore be denied.

---

[1] The International Agency for Research on Cancer (IARC) has designated formaldehyde a Group I carcinogen. *See* Exhibit C, p. 49. Three years after the manufacture of the trailer, when the formaldehyde level would have been substantially lower than during Mr. Wright's occupancy, the formaldehyde level inside the trailer was measured at 48 ppb, higher than the MRL levels prescribed by the ATSDR. *See* Exhibit D, p. 4.

**III.
ARGUMENT AND AUTHORITIES**

A.   Summary Judgment Standard

Summary judgment is proper only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp, 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, Gillis v. Louisiana, 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. Hunt v. Rapides Healthcare System, L.L.C., 277 F.3d 757, 764 (5th Cir. 2001). A factual dispute where the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party precludes a grant of summary judgment. Smith v. Amedisys, 298 F.3d 434, 440 (5th Cir. 2002).

B.   Summary judgment should be denied because Mr. Wright produced evidence that Shaw's actions contributed to his mental anguish.

Defendant claims entitlement to summary judgment on Mr. Wright's mental anguish claim based on a lack of evidence suggesting that Shaw failed to appropriately maintain Mr. Wright's trailer. Mr. Wright's summary judgment evidence, however, establishes that prior to June 1, 2006, Shaw's maintenance responsibilities included addressing the formaldehyde issues in Mr. Wright's trailer, and that Shaw failed to perform these duties. Mr. Wright's summary judgment evidence thus raises a fact issue as to Shaw's liability for Mr. Wright's mental anguish, which stemmed from his formaldehyde exposure. Summary judgment, therefore, is precluded. *See* Amedisys, 298 F.3d at 440.

On March 20, 2006, FEMA contacted William Deane, a Shaw employee, requesting information concerning Shaw's activities aimed at combating the problem presented by "the existence of formaldehyde inside the units." *See* Exhibit A, March 20, 2006 email.  Specifically, FEMA wanted details of Shaw's process for "airing out" the trailers. *See* Exhibit A, March 20, 2006 email.  This evidence necessarily implies that FEMA had delegated to Shaw the responsibility for airing out the trailers, and for taking further steps to minimize the formaldehyde levels in the trailers for which it was responsible, including that of Mr. Wright.  A March 21, 2006, email attests to the fact that Shaw failed to immediately respond to FEMA's request. *See* Exhibit A, March 21, 2006 email.

On May 16, 2006, Shaw was notified that CNN had reported that FEMA trailers were experiencing maintenance issues involving airborne formaldehyde. *See* Exhibit B, email from James Kelley.  According to the CNN report, notices with instructions on how to properly ventilate the trailers were being distributed. *See* Exhibit B, email from James Kelley.  Shaw, however, displayed a complete lack of knowledge of either the formaldehyde maintenance issues or the notices. *See* Exhibit B, email from Mike Noble.  The inescapable inference from Shaw's lack of knowledge is that it never fulfilled its FEMA-delegated responsibilities to combat the presence of formaldehyde in the trailers, to air out the trailers, and to distribute informational notices.

Mr. Wright's summary judgment evidence thus establishes that while Shaw was in charge of the maintenance of Mr. Wright's trailer, FEMA had delegated to Shaw the responsibility for airing out his trailer and taking further steps to minimize the indoor formaldehyde level.  Two months after these duties were confirmed, still within the time it was responsible for maintaining Mr. Wright's trailer, Shaw had clearly failed to fulfill these duties, as

4

it possessed no knowledge of the maintenance issues or how it was supposed to address them. Clearly, if Shaw had timely warned Mr. Wright of the formaldehyde issues, he would have taken the appropriate steps to minimize the formaldehyde levels in his trailer, thus reducing his exposure and the mental anguish it provoked. *See* Exhibit E, p. 3.  Mr. Wright's summary judgment evidence thus raises a fact issue concerning Shaw's liability for Mr. Wright's mental anguish over his formaldehyde exposure.  Shaw's motion for partial summary judgment should therefore be denied. *See* Amburgey, 936 F.2d at 809.

## IV.
## CONCLUSION

Defendant Shaw has challenged Mr. Wright's mental anguish claims based on a lack of evidence that it failed to perform its maintenance duties concerning Mr. Wright's trailer.  Mr. Wright, however, has presented summary judgment evidence raising a fact issue that Shaw failed to perform its maintenance duties to reduce the formaldehyde levels in Mr. Wright's trailer.  Shaw's motion for partial summary judgment on mental anguish should therefore be denied.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:    504/528-9973
gmeunier@gainsben.com

5

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:     504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
ROBERT BECNEL
DENNIS REICH, Texas # 16739600

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                                s/Gerald E. Meunier  
                                                GERALD E. MEUNIER, #9471