UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                                MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION              SECTION "N-5"

                                                              JUDGE ENGELHARDT
                                                              MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon Wright v. Forest River, Inc., et al.*
*Case No. 09-2977 (E.D. La.)*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

STATEMENT OF CONTESTED MATERIAL FACTS IN OPPOSITION
TO SHAW ENVIRONMENTAL, INC. AND FOREST RIVER, INC.'S
MOTION FOR SUMMARY JUDGMENT ON MEDICAL CAUSATION

**MAY IT PLEASE THE COURT:**

Plaintiff, Lyndon Wright, ("Plaintiff"), submits the following list of material facts to which there remain material disputes between Plaintiff and Defendants Forest River, Inc. ("Forest River") and Shaw Environmental, Inc. ("Shaw"), and their Motion for Summary Judgment on Medical Causation. Plaintiff lists the disputed material facts as follows:

1. Did Forest River's negligence in manufacturing the travel trailer occupied by Plaintiff cause a reasonable fear of cancer?

2. Did Shaw's negligence in installing the travel trailer occupied by Plaintiff case a reasonable fear of cancer?

3. Did Defendants' negligent failure to warn Plaintiff cause a reasonable fear of cancer?

4. Has Plaintiff demonstrated a reasonable and articulated fear of cancer?

1

5. Does a diagnosis of asthma or an exacerbation of pre-existing asthma correlate to the formaldehyde exposure experienced by Plaintiff.

6. Is the exacerbation of Plaintiff's rhinosinusitis causally related to the formaldehyde exposure experienced by Plaintiff while he resided in the Forest River travel trailer?

7. Are the various other health problems experienced by Plaintiff while living in the Forest River travel trailer, but which resolved upon moving out, causally related to formaldehyde exposure?

8. Is Plaintiff's bloody mucous a result of his formaldehyde exposure?

9. Whether Plaintiff's anxiety and depression are related to his occupancy of the travel trailer?

10. Whether ongoing psychological or psychiatric treatment is necessary for Plaintiff?

11. Further, Plaintiff disputes the following "Uncontested Facts" listed by Defendants in their Statement of Uncontested Facts given in support of their Motion for Summary Judgment: Nos. 5, 6 and 7.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:  s/Gerald E. Meunier
     GERALD E. MEUNIER, #9471
     **PLAINTIFFS' CO-LIAISON COUNSEL**
     Gainsburgh, Benjamin, David, Meunier &
     Warshauer, L.L.C.
     2800 Energy Centre, 1100 Poydras Street
     New Orleans, Louisiana 70163
     Telephone:   504/522-2304
     Facsimile:   504/528-9973
     gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
ROBERT BECNEL
DENNIS REICH, Texas # 16739600

**CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

s/Frank J. D'Amico Jr.
FRANK J. D'AMICO JR. #17519