UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE PRODUCTS | * | |
| | LIABILITY LITIGATION | * | SECTION "N" (5) |
| | | * | |
| | | * | JUDGE ENGELHARDT |
| | | * | MAGISTRATE CHASEZ |
| | | * | |
| THIS DOCUMENT IS RELATED TO | | * | |
| | | * | |
| *Lyndon T. Wright v. Forest River, Inc., et al*, | | * | |
| Docket No. 09-2977; | | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN OPPOSITION TO DEFENDANT SHAW ENVIRONMENTAL INC.'S MOTION FOR SUMMARY JUDGMENT BASED ON SHAW ENVIRONMENTAL, INC.'S STATUS AS A GOVERNMENT CONTRACTOR**

Plaintiff Lyndon Wright ("Plaintiff") opposes Defendant Shaw Environmental, Inc.'s ("Shaw") "Motion for Summary Judgment Based on Shaw Environmental Inc.'s Status as a Government Contractor (Docket Entry No. 10941) and in support, would show:

**BACKGROUND**

Shaw Environmental, Inc. ("Shaw") has contemporaneously filed another motion for summary judgment invoking the government contractor defense relating solely to Plaintiff's claims regarding the improper "blocking" of Plaintiff's emergency housing unit ("EHU") (Rec. Doc. 10935)(hereinafter "Shaw's Second MSJ"). This memorandum in opposition to the instant Motion for Summary Judgment based on the Government Contractor Defense encompasses all arguments set forth in the Plaintiff's response to Shaw's Second MSJ. Accordingly, and in order to avoid unnecessary repetition and

wasting of this Court's time, Plaintiff hereby adopts and incorporates by reference as if repeated fully herein the arguments and averments contained in its response to Shaw's Second MSJ.

**ARGUMENT**

## I.  SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment should be granted if the pleadings, discovery, disclosure materials, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  *See* F. R. Civ. P. 56(c); *New York Life Ins. Co. v. Travelers Ins. Co.*, 92 F.3d 336, 338 (5th Cir. 1996).  The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *see also Gunaca v. Texas*, 65 F.3d 467, 469 (5th Cir.1995).  A party moving for summary judgment "must demonstrate the absence of a genuine issue of material fact." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir.1994) (en banc).  If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Little, 37 F.3d at 1075.

"If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial." *Harvey v. Toyota Material Handling, USA, Inc.*, No.

05-0561, 2007 WL 1115235 (W.D. La. April 13, 2007) (citing *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1046-47 (5th Cir. 1996)).   When considering a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party.   *Hunt v. Rapides Healthcare System, L.L.C.*, 277 F.3d 757, 764 (5th Cir. 2001).   If there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is a genuine issue for trial, and thus, summary judgment is inappropriate. *See* <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-51, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

## II.   THIS COURT'S PRIOR RULING REGARDING THE GOVERNMENT CONTRACTOR DEFENSE AND THE RELATED ARGUMENTS

As Shaw's motion notes, this Court has previously ruled on similar motions for summary judgment in this multi-district litigation ("MDL") filed by Flour Enterprises, Inc. ("Fluor") (*Charlie Age, et al., v. Gulf Stream Coach, Inc. et al.)* and Bechtel National, Inc. ("Bechtel") (*Bartel, et al. v. Gulf Stream Coach Inc., et al.* and *Kujawa, et al. v. Keystone RV Company, et al.*).[1]   In each case, this Court denied the motion, holding that the first element of the *Boyle* test – regarding the approval of "reasonably precise specifications" – is not met in each case as to the entire EHU installation process.

As Shaw notes in its Memorandum in Support of its Motion for Summary Judgment, there is little point in reiterating arguments already fully explored in prior briefs.   Accordingly, as a preliminary matter, Plaintiff hereby adopts and incorporates by reference as if repeated fully herein the arguments contained in Plaintiff Alana Alexander's "Response to Defendant Flour Enterprises, Inc.'s Motion for Summary

---

[1] This Court's Order and Reasons dated September 10, 2009, Rec. Doc. 3205 (denying Fluor's Motion for Summary Judgment Based on the Government Contractor Defense)

Judgment Based on the Government Contractor Defense" (*see* Rec. Doc. 2889).  For the reasons set forth below, however, the Plaintiff contends that the Court need not consider Shaw's motion any further.

III.     **PRINCIPLES OF JUDICIAL EFFICIENCY**

      A.     <u>Multi-District Litigation - Generally</u>

Although the Plaintiff respects Shaw's right to dissent with this Court's previous ruling in this MDL, Shaw's attempt to circumvent these rulings and have this Court now rule differently on the same essential facts would frustrate not only basic principles of res judicata but also the very purpose of MDL.  The MDL process is utilized by the courts to promote efficiency and save time "[w]hen civil actions involving one or more common questions of fact are pending in different districts."  28 U.S.C.A § 1407.  The same facts preventing Flour's use of the government contractor defense, as determined by this Court, are present in the case at hand.  The Court's reconsideration of the very same facts and their application in light of *Boyle* in this case would do nothing to promote judicial efficiency.  Accordingly, based on the principles behind the notion of MDL, Shaw's motion for summary judgment must fail.

      B.     <u>Claim Preclusion</u>

In addition to the principles behind MDL, the doctrine of res judicata (or claim preclusion) also requires Shaw's motion for summary judgment to fail.    "Claim preclusion applies where (1) there is an identity of parties between the two proceedings; (2) both suits involved the same claims; (3) the prior judgment was rendered by a court of competent jurisdiction; and (4) the decision in the prior proceeding was a formal judgment on the merits."  *Peregoy v. Amoco Production Co.,* 742 F.Supp. 372, 375-76

(E.D. Tex. 1990) (*citing Clark v. Amoco Production Co.,* 794 F.2d 967, 972 (5th Cir. 1986).

To satisfy the first element of identity, strict identity of the parties is not necessary. *See Russell v. SunAmerica Securities, Inc.*, 962 F.2d 1169, 1173 (5th Cir. 1992). Accordingly, res judicata may be asserted as long as the parties are in privity with one another. *See id* (citations omitted). "'Privity' is recognized as a broad concept, which requires [the court] to look to the surrounding circumstances to determine whether claim preclusion is justified." *Id.* As the *Russell* court went on to note, "[a]s the preclusive effects of judgments have been expanded to include nonparties in more and more situations . . . it has come to be recognized that the privity label simply expresses a conclusion that preclusion is proper. Modern decisions search directly for circumstances that justify preclusion." *Id.* (citation omitted). Put simply, privity "represents a legal conclusion that the relationship between the one who is a party on the record and the non-party is sufficiently close to afford application of the principle of preclusion." *Southwest Airlines Co. v. Texas Int'l Airlines, Inc.*, *et al.*, 546 F.2d 84, 95 (5th Cir.), *cert. denied*, 434 U.S. 832 (1977). Given the nature of this MDL and Shaw's incorporation of Fluor and Bechtel's arguments, it is axiomatic that there is a sufficient relationship between the Defendants to support a finding of privity. Accordingly, the first element is satisfied.

The second and third elements of claim preclusion are easily satisfied. Here again, Shaw's incorporation of Fluor and Bechtel's arguments operates as an essentially de facto indication of the alignment of their claims, satisfying the second

element.   As to the third element, there can be no question that this Court has jurisdiction over all cases involved in this MDL.

Turning to the final element, the Plaintiff can establish a final judgment through the very ruling of this Court being challenged by Shaw.  "Under *res judicata,* a summary judgment is an adjudication on the merits."   *Peregoy,* 742 F.Supp. at 376 (*citing Underwood v. Hunter,* 604 F.2d 367, 369 (5th Cir. 1979).

**CONCLUSION**

In this case, principles of judicial efficiency support the denial of Shaw's motion. Moreover, for the reasoning set forth above, the elements of claim preclusion are met as a matter of law.  Accordingly, Plaintiff Lyndon Wright respectfully urges the Court to deny Shaw Environmental Inc.'s Motion for Summary Judgment Based on its Status as a Government Contractor.

Respectfully Submitted,

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:    504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &

Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:    504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
Dennis Reich, Texas #16739600

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing on February 11, 2010.

 s/Gerald E. Meunier
GERALD E. MEUNIER, #9471