UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE:FEMA TRAILER | * | MDL NO. 1873   SECTION "N-4" |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | JUDGE: ENGELHARDT |
| | * | |
| THIS DOCUMENT IS RELATED | * | MAG: CHASEZ |
| TO ALL CASES | * | |

*************************************************************************

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS, COACHMEN INDUSTRIES, INC., COACHMEN RECREATIONAL VEHICLE COMPANY, LLC, COACHMEN RECREATIONAL VEHICLE COMPANY OF GEORGIA, LLC AND VIKING RECREATIONAL VEHICLES, LLC TO THIRD SUPPLEMENTAL AND AMENDED ADMINISTRATIVE MASTER COMPLAINT AND FOURTH SUPPLEMENTAL AND AMENDED ADMINISTRATIVE MASTER COMPLAINT AND JURY TRIAL REQUEST

**NOW INTO COURT**, through undersigned counsel, come Defendants, Coachmen Industries, Inc., Coachmen Recreational Vehicle Company, LLC, Coachmen Recreational Vehicle Company of Georgia, LLC and Viking Recreational Vehicles, LLC, (hereinafter collectively referred to as "Coachmen" unless otherwise indicated) which, in answer to Plaintiffs' Third Supplemental and Amended Administrative Master Complaint (R. Doc. 4486), and Plaintiffs' Fourth Supplemental and Amended Administrative Master Complaint (R. Doc. 7688), respectfully aver as follows[1]:

---

[1]  Pretrial Order No. 36, p. 4 states in relevant part:  "The Master Answer shall constitute an answer in each action now pending or subsequently added to this proceeding.  To the extent they have not already done so, Defendants shall not file answers in any action involved in this proceeding other than their respective answers to the supplement and/or amendment to the Administrative Master Complaint."  As such, Defendant would show that this document constitutes an answer to any currently filed or yet to be filed cases in which Coachmen is named as a Defendant.

## FIRST DEFENSE

Plaintiffs' Administrative Master Complaint, as supplemented and amended, fails to state a claim or cause of action against Coachmen upon which relief can be granted.

## SECOND DEFENSE

**AND NOW**, in answer to the specific allegations of the Third Supplemental and Amended Administrative Master Complaint:

## ANSWER TO THE THIRD SUPPLEMENTAL AND AMENDED ADMINISTRATIVE MASTER COMPLAINT

### I.

The statement contained in Paragraph 1 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint does not require a response on the part of Coachmen. To the extent that a response is required, Coachmen respectfully submits that the Court record is its own best evidence of the contents contained therein.

### II.

The statement contained in Paragraph 2 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint does not require a response on the part of Coachmen. To the extent that a response is required, Coachmen concurs with Plaintiffs' statement that class certification was denied. (See. R. Doc. 1014).

### III.

The statement contained in Paragraph 3 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint does not require a response on the part of Coachmen. To the extent that a response is required, Coachmen respectfully submits that the Court record is its own best evidence of the contents contained therein.

IV.

The statement contained in Paragraph 4 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint does not require a response on the part of Coachmen.  To the extent that a response is required, Coachmen respectfully submits that Pre-Trial Order No. 36 (R. Doc. 1386), as amended (R.Doc. 2760), is its own best evidence of the contents contained therein.

V.

The statements contained in Paragraph 5 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint do not require a response on the part of Coachmen.  To the extent that a response is required, the statements of Paragraph 5 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

VI.

The allegations contained in Paragraph 6 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, the allegations of Paragraph 6 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

VII.

The allegations contained in Paragraph 7 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, the allegations of Paragraph 7 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

VIII.

The allegations contained in Paragraph 8 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

IX.

The allegations contained in Paragraph 9 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

X.

The allegations contained in Paragraph 10 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XI.

The allegations contained in Paragraph 11 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XII.

The allegations contained in Paragraph 12 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XIII.

The allegations contained in Paragraph 13 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XIV.

The allegations contained in Paragraph 14 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XV.

The allegations contained in Paragraph 15 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XVI.

The allegations contained in Paragraph 16 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XVII.

The allegations contained in Paragraph 17 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XVIII.

The allegations contained in Paragraph 18 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XIX.

The allegations contained in Paragraph 19 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XX.

The allegations contained in Paragraph 20 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XXI.

The allegations contained in Paragraph 21 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XXII.

The allegations contained in Paragraph 22 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XXIII.

The allegations contained in Paragraph 23 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XXIV.

Named defendant Coachmen Industries, Inc. admits that it is an Indiana corporation but denies that it does business in Louisiana, Mississippi, Alabama and Texas and further denies that it manufactured temporary housing units or supplied the same through contracts with FEMA.

XXV.

Named defendant Coachmen Recreational Vehicle Company, LLC admits that it is an Indiana limited liability company which conducts business in the States of Louisiana, Mississippi, Alabama and Texas and also admits that it manufactured temporary housing units

ultimately utilized in relief efforts subsequent to Hurricanes Katrina and Rita. Coachmen Recreational Vehicle Company, LLC did not supply temporary housing units through contracts with FEMA.

XXVI.

The allegations contained in Paragraph 26 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied to the extent that the proper party in interest is improperly named. The proper party defendant is Coachmen Recreational Vehicle Company of Georgia, LLC. It is further denied that Coachmen Recreational Vehicle Company of Georgia, LLC is an Indiana limited liability company as alleged. It is further denied that Coachmen Recreational Vehicle Company of Georgia, LLC supplied temporary housing units directly through contracts with FEMA.

XXVII.

The allegations contained in Paragraph 27 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XXVIII.

The allegations contained in Paragraph 28 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XXIX.

The allegations contained in Paragraph 29 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XXX.

The allegations contained in Paragraph 30 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XXXI.

The allegations contained in Paragraph 31 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XXXII.

The allegations contained in Paragraph 32 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XXXIII.

The allegations contained in Paragraph 33 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XXXIV.

The allegations contained in Paragraph 34 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XXXV.

The allegations contained in Paragraph 35 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XXXVI.

The allegations contained in Paragraph 36 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XXXVII.

The allegations contained in Paragraph 37 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XXXVIII.

The allegations contained in Paragraph 38 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XXXIX.

The allegations contained in Paragraph 39 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XL.

The allegations contained in Paragraph 40 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XLI.

The allegations contained in Paragraph 41 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XLII.

The allegations contained in Paragraph 42 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XLIII.

The allegations contained in Paragraph 43 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XLIV.

The allegations contained in Paragraph 44 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XLV.

The allegations contained in Paragraph 45 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XLVI.

The allegations contained in Paragraph 46 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XLVII.

The allegations contained in Paragraph 47 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XLVIII.

The allegations contained in Paragraph 48 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XLIX.

The allegations contained in Paragraph 49 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

L.

The allegations contained in Paragraph 50 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LI.

The allegations contained in Paragraph 51 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LII.

The allegations contained in Paragraph 52 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LIII.

The allegations contained in Paragraph 53 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LIV.

The allegations contained in Paragraph 54 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LV.

The allegations contained in Paragraph 55 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LVI.

The allegations contained in Paragraph 56 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LVII.

The allegations contained in Paragraph 57 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LVIII.

The allegations contained in Paragraph 58 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LIX.

The allegations contained in Paragraph 59 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LX.

The allegations contained in Paragraph 60 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXI.

The allegations contained in Paragraph 61 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXII.

The allegations contained in Paragraph 62 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXIII.

The allegations contained in Paragraph 63 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXIV.

The allegations contained in Paragraph 64 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXV.

The allegations contained in Paragraph 65 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXVI.

The allegations contained in Paragraph 66 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXVII.

The allegations contained in Paragraph 67 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXVIII.

The allegations contained in Paragraph 68 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXIX.

The allegations contained in Paragraph 69 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXX.

The allegations contained in Paragraph 70 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXXI.

The allegations contained in Paragraph 71 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXXII.

The allegations contained in Paragraph 72 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXXIII.

The allegations contained in Paragraph 73 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXXIV.

The allegations contained in Paragraph 74 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXXV.

The allegations contained in Paragraph 75 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXXVI.

The allegations contained in Paragraph 76 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXXVII.

The allegations contained in Paragraph 77 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXXVIII.

The allegations contained in Paragraph 78 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXXIX.

The allegations contained in Paragraph 79 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXXX.

The allegations contained in Paragraph 80 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXXXI.

The allegations contained in Paragraph 81 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXXXII.

The allegations contained in Paragraph 82 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXXXIII.

The allegations contained in Paragraph 83 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXXXIV.

The allegations contained in Paragraph 84 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXXXV.

The allegations contained in Paragraph 85 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXXXVI.

The allegations contained in Paragraph 86 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXXXVII.

The allegations contained in Paragraph 87 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXXXVIII.

The allegations contained in Paragraph 88 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

LXXXIX.

The allegations contained in Paragraph 89 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XC.

The allegations contained in Paragraph 90 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XCI.

The allegations contained in Paragraph 91 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XCII.

The allegations contained in Paragraph 92 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XCIII.

The allegations contained in Paragraph 93 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XCIV.

The allegations contained in Paragraph 94 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XCV.

The allegations contained in Paragraph 95 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XCVI.

The allegations contained in Paragraph 96 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XCVII.

The allegations contained in Paragraph 97 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XCVIII.

The allegations contained in Paragraph 98 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XCIX.

The allegations contained in Paragraph 99 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

C.

The allegations contained in Paragraph 100 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CI.

Named defendant Viking Recreational Vehicles, LLC is upon information and belief a Michigan limited liability company which conducted business in the States of Louisiana, Mississippi, Alabama and Texas; however, it is denied that Viking Recreational Vehicles, LLC

manufactured and supplied FEMA trailers or housing units as defined herein or supplied the same through contracts with FEMA.

CII.

The allegations contained in Paragraph 102 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CIII.

The allegations contained in Paragraph 103 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CIV.

The allegations contained in Paragraph 104 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CV.

The allegations contained in Paragraph 105 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CVI.

The allegations contained in Paragraph 106 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CVII.

The allegations contained in Paragraph 107 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CVIII.

The allegations contained in Paragraph 108 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CIX.

The allegations contained in Paragraph 109 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CX.

The allegations contained in Paragraph 110 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CXI.

The allegations contained in Paragraph 111 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CXII.

The allegations contained in Paragraph 112 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CXIII.

The allegations contained in Paragraph 113 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CXIV.

The allegations contained in Paragraph 114 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CXV.

The allegations contained in Paragraph 115 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CXVI.

The allegations contained in Paragraph 116 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Coachmen.  To the extent that a response is required, Coachmen admits that the jurisdictional requirements of this Court are satisfied.

CXVII.

The allegations contained in Paragraph 117 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Coachmen.

CXVIII.

The allegations contained in Paragraph 118 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Coachmen.

CXIX.

The allegations contained in Paragraph 119 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Coachmen.

CXX.

Coachmen denies the allegations contained in Paragraph 120 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint. To the extent allegations pertain to other defendants, the allegations are denied for lack of sufficient information to justify a belief therein.

CXXI.

Coachmen denies the allegations contained in Paragraph 121 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint. To the extent allegations pertain to other defendants, the allegations are denied for lack of sufficient information to justify a belief therein.

CXXII.

Coachmen denies the allegations contained in Paragraph 122 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint. To the extent allegations pertain to other defendants, the allegations are denied for lack of sufficient information to justify a belief therein.

CXXIII.

Coachmen denies the allegations contained in Paragraph 123 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint.  To the extent allegations pertain to other defendants, the allegations are denied for lack of sufficient information to justify a belief therein.

CXXIV.

The allegations contained in Paragraph 124 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CXXV.

The allegations contained in Paragraph 125 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CXXVI.

The allegations contained in Paragraph 126 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CXXVII.

The allegations contained in Paragraph 127 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CXXVIII.

The allegations contained in Paragraph 128 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CXXIX.

To the extent that the allegations contained in Paragraph 129 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint apply to Coachmen, the allegations are denied. The remaining allegations contained in Paragraph 129 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CXXX.

To the extent that the allegations contained in Paragraph 130 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint apply to Coachmen, the allegations are denied. The remaining allegations contained in Paragraph 130 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CXXXI.

To the extent that the allegations contained in Paragraph 131 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint apply to Coachmen, the allegations are denied. The remaining allegations contained in Paragraph 131 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CXXXII.

To the extent that the allegations contained in Paragraph 132 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint apply to Coachmen, the allegations are denied. The remaining allegations contained in Paragraph 132 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CXXXIII.

To the extent that the allegations contained in Paragraph 133 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint apply to Coachmen, the allegations are denied as written. The remaining allegations contained in Paragraph 133 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CXXXIV.

To the extent that the allegations contained in Paragraph 134 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint apply to Coachmen, the allegations are denied. The remaining allegations contained in Paragraph 134 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CXXXV.

To the extent that the allegations contained in Paragraph 135 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint apply to Coachmen, the allegations are denied. The remaining allegations contained in Paragraph 135 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CXXXVI.

To the extent that the allegations contained in Paragraph 136 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Coachmen.   To the extent that a response is required, Coachmen submits that 24 C.F.R. § 3280.309 is its own best evidence.

CXXXVII.

The allegations contained in paragraph 137 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CXXXVIII.

The allegations contained in paragraph 138 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CXXXIX.

To the extent that the allegations contained in Paragraph 139 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Coachmen.   To the extent that a response is required, Coachmen submits that 24 C.F.R. § 3280.308 is its own best evidence.

CXL.

To the extent that the allegations contained in Paragraph 140 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Coachmen.   To the extent that a response is required, Coachmen submits that 44 C.F.R. § 206.110(e) is its own best evidence.

CXLI.

To the extent that the allegations contained in Paragraph 141 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint apply to Coachmen, the allegations are denied as written. The remaining allegations contained in Paragraph 141 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CXLII.

The allegations contained in Paragraph 142 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Coachmen. To the extent that a response is required, Coachmen submits that 42 C.F.R. § 4121; Public Law 93-288, Title IV, § 408 (1988); and 42 C.F.R. § 5174(c)(1)(A) are their own best evidence.

CXLIII.

The allegations contained in Paragraph 143 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CXLIV.

The allegations contained in Paragraph 144 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CXLV.

The allegations contained in Paragraph 145 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CXLVI.

The allegations contained in Paragraph 146 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CXLVII.

The allegations contained in Paragraph 147 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CXLVIII.

The allegations contained in Paragraph 148 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CXLIX.

The allegations contained in Paragraph 149 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CL.

The allegations contained in Paragraph 150 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Coachmen.  To the extent that a response is required, the allegations are denied.

CLI.

The allegations contained in Paragraph 151 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CLII.

The allegations contained in Paragraph 152 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CLIII.

The allegations contained in Paragraph 153 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Coachmen.  To the extent that a response is required, Coachmen submits that any applicable contract is its own best evidence.

CLIV.

The allegations contained in Paragraph 154 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Coachmen.  To the extent that a response is required, Coachmen submits that any applicable contract is its own best evidence.

CLV.

The allegations contained in Paragraph 155 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Coachmen.  To the extent that a response is required, Coachmen submits that any applicable contract or sub-contract is its own best evidence.

CLVI.

The allegations contained in Paragraph 156 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Coachmen.  To the extent that a response is required, Coachmen submits that any applicable contract is its own best evidence.

CLVII.

The allegations contained in Paragraph 157 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CLVIII.

The allegations contained in Paragraph 158 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.  Furthermore, Coachmen submits that any applicable owners' manual is its own best evidence.

CLIX.

The allegations contained in Paragraph 159 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CLX.

The allegations contained in Paragraph 160 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CLXI.

The allegations contained in Paragraph 161 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CLXII.

The allegations contained in Paragraph 162 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CLXIII.

The allegations contained in Paragraph 163 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CLXIV.

The allegations contained in Paragraph 164 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CLXV.

The allegations contained in Paragraph 165 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CLXVI.

The allegations contained in Paragraph 166 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CLXVII.

The allegations contained in Paragraph 167 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CLXVIII.

The allegations contained in Paragraph 168 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CLXIX.

The allegations contained in Paragraph 169 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CLXX.

The allegations contained in Paragraph 170 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CLXXI.

The allegations contained in Paragraph 171 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CLXXII.

The allegations contained in Paragraph 172 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied as written.

CLXXIII.

The allegations contained in Paragraph 173 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint do not require a response on the part of Coachmen. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CLXXIV.

The allegations contained in Paragraph 174 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CLXXV.

The allegations contained in Paragraph 175 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CLXXVI.

The allegations contained in Paragraph 176 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CLXXVII.

The allegations contained in Paragraph 177 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied as written.

CLXXVIII.

The allegations contained in Paragraph 178 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied as written.

CLXXIX.

The allegations contained in Paragraph 179 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied as written.

CLXXX.

The allegations contained in Paragraph 180 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied as written.

CLXXXI.

The allegations contained in Paragraph 181 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied as written.

CLXXXII.

The allegations contained in Paragraph 182 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied as written.

CLXXXIII.

The allegations contained in Paragraph 183 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint do not require a response on the part of Coachmen. To the extent that a response is required, Coachmen submits that any document is its own best evidence of the contents contained therein..

CLXXXIV.

The allegations contained in Paragraph 184 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CLXXXV.

The allegations contained in Paragraph 185 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CLXXXVI.

The allegations contained in Paragraph 186 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CLXXXVII.

The allegations contained in Paragraph 187 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CLXXXVIII.

The allegations contained in Paragraph 188 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CLXXXIX.

The allegations contained in Paragraph 189 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied as written.

CXC.

The allegations contained in Paragraph 190 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CXCI.

The allegations contained in Paragraph 191 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CXCII.

The allegations contained in Paragraph 192 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CXCIII.

The allegations contained in Paragraph 193 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied as written.

CXCIV.

The allegations contained in Paragraph 194 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CXCV.

The allegations contained in Paragraph 195 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CXCVI.

The allegations contained in Paragraph 196 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CXCVII.

The allegations contained in Paragraph 197 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CXCVIII.

The allegations contained in Paragraph 198 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CXCIX.

The allegations contained in Paragraph 199 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CC.

In response to the allegations contained in Paragraph 200 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, Coachmen re-avers and asserts its answers and defenses contained in Paragraphs I to CXCIX above, as if copied herein, *in extenso*.

CCI.

The allegations contained in Paragraph 201 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Coachmen.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CCII.

The allegations contained in Paragraph 202 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Coachmen.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CCIII.

The allegations contained in Paragraph 203 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Coachmen.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CCIV.

The allegations contained in Paragraph 204 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Coachmen.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CCV.

The allegations contained in Paragraph 205 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Coachmen.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CCVI.

The allegations contained in Paragraph 206 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is

required on the part of Coachmen.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

## CCVII.

The allegations contained in Paragraph 207 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Coachmen.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

## CCVIII.

The allegations contained in Paragraph 208 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Coachmen.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

## CCIX.

The allegations contained in Paragraph 209 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Coachmen.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

## CCX.

In response to the allegations contained in Paragraph 210 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, Coachmen re-avers and reasserts its answers contained in Paragraphs I to CCIX above, as if copied herein, *in extenso*.

## CCXI.

The allegations contained in Paragraph 211 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is

required on the part of Coachmen.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CCXII.

The allegations contained in Paragraph 212 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCXIII.

The allegations contained in Paragraph 213 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCXIV.

The allegations contained in Paragraph 214 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCXV.

The allegations contained in Paragraph 215 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCXVI.

The allegations contained in Paragraph 216 and each of its subparts to of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCXVII.

The allegations contained in Paragraph 217 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.  Further, Coachmen submits that any document is its own best evidence of the contents contained therein.

CCXVIII.

The allegations contained in Paragraph 218 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.  Further, Coachmen submits that any document is its own best evidence of the contents contained therein.

CCXIX.

The allegations contained in Paragraph 219 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.  Further, Coachmen submits that any document is its own best evidence of the contents contained therein.

CCXX.

The allegations contained in Paragraph 220 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.  Further, Coachmen submits that any document is its own best evidence of the contents contained therein.

CCXXI.

The allegations contained in Paragraph 221 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.  Further, Coachmen submits that any document is its own best evidence of the contents contained therein.

CCXXII.

The allegations contained in Paragraph 222 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to

justify a belief therein.  Further, Coachmen submits that any document is its own best evidence of the contents contained therein.

## CCXXIII.

The allegations contained in Paragraph 223 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.  Further, Coachmen submits that any document is its own best evidence of the contents contained therein.

## CCXXIV.

The allegations contained in Paragraph 224 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.  Further, Coachmen submits that any document is its own best evidence of the contents contained therein.

## CCXXV.

The allegations contained in Paragraph 225 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.  Further, Coachmen submits that any document is its own best evidence of the contents contained therein.

## CCXXVI.

The allegations contained in Paragraph 226 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.  Further, Coachmen submits that any document is its own best evidence of the contents contained therein.

CCXXVII.

The allegations contained in Paragraph 227 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.  Further, Coachmen submits that any document is its own best evidence of the contents contained therein.

CCXXVIII.

The allegations contained in Paragraph 228 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.  Further, Coachmen submits that any document is its own best evidence of the contents contained therein.

CCXXIX.

In response to the allegations contained in Paragraph 229 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, Coachmen re-avers and reasserts its answers contained in Paragraphs I to CCXXVIII above, as if copied herein, *in extenso*.

CCXXX.

The allegations contained in Paragraph 230 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCXXXI.

The allegations contained in Paragraph 231 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCXXXII.

The allegations contained in Paragraph 232 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCXXXIII.

The allegations contained in Paragraph 233 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCXXXIV.

The allegations contained in Paragraph 234 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCXXXV.

The allegations contained in Paragraph 235 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCXXXVI.

The allegations contained in Paragraph 236 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied as written.

CCXXXVII.

The allegations contained in Paragraph 237 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCXXXVIII.

The allegations contained in Paragraph 238 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCXXXIX.

The allegations contained in Paragraph 239 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCXL.

In response to the allegations contained in Paragraph 240 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, Coachmen reavers and reasserts its answers contained in Paragraphs I through CCXXXIX above as if copied herein *in extenso*.

CCXLI.

The allegations contained in Paragraph 241 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCXLII.

In response to Paragraph 242 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint. Coachmen reavers and reasserts its answers contained in Paragraphs I through CCXLI above as if copied herein *in extenso*.

CCXLIII.

The allegations contained in Paragraph 243 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCXLIV.

In response to Paragraph 244 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint. Coachmen reavers and reasserts its answers contained in Paragraphs I through CCXLIII above as if copied herein *in extenso*.

CCXLV.

The allegations contained in Paragraph 245 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCXLVI.

The allegations contained in Paragraph 246 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCXLVII.

The allegations contained in Paragraph 247 and each of its subparts of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCXLVIII.

In response to the allegations contained in Paragraph 248 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, Coachmen re-avers and reasserts its answers contained in Paragraphs I to CCXLVII above, as if copied herein, *in extenso*.

CCXLIX.

The allegations contained in Paragraph 249 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCL.

The allegations contained in Paragraph 250 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCLI.

The allegations contained in Paragraph 251 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCLII.

The allegations contained in Paragraph 252 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCLIII.

The allegations contained in Paragraph 253 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCLIV.

The allegations contained in Paragraph 254 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCLV.

The allegations contained in Paragraph 255 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCLVI.

The allegations contained in Paragraph 256 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCLVII.

The allegations contained in Paragraph 257 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCLVIII.

The allegations contained in Paragraph 258 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCLIX.

The allegations contained in Paragraph 259 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCLX.

In response to the allegations contained in Paragraph 260 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, Coachmen re-avers and reasserts its answers contained in Paragraphs I to CCLIX above, as if copied herein, *in extenso*.

CCLXI.

The allegations contained in Paragraph 261 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCLXII.

In response to the allegations contained in Paragraph 262 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, Coachmen re-avers and reasserts its answers contained in Paragraphs I to CCLXI above, as if copied herein, *in extenso*.

CCLXIII.

The allegations contained in Paragraph 263 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCLXIV.

In response to the allegations contained in Paragraph 264 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, Coachmen re-avers and reasserts its answers contained in Paragraphs I to CCLXIII above, as if copied herein, *in extenso*.

CCLXV.

The allegations contained in Paragraph 265 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCLXVI.

The allegations contained in Paragraph 266 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCLXVII.

The allegations contained in Paragraph 267 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCLXVIII.

The allegations contained in Paragraph 268 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCLXIX.

The allegations contained in Paragraph 269 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCLXX.

The allegations contained in Paragraph 270 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCLXXI.

The allegations contained in Paragraph 271 and each of its subparts therein of Plaintiffs'
Third Supplemental and Amended Administrative Master Complaint are denied.

CCLXXII.

The allegations contained in Paragraph 272 of Plaintiffs' Third Supplemental and
Amended Administrative Master Complaint are denied.

CCLXXIII.

The allegations contained in Paragraph 273 of Plaintiffs' Third Supplemental and
Amended Administrative Master Complaint are denied.

CCLXXIV.

The allegations contained in Paragraph 274 and each of its subparts therein of Plaintiffs'
Third Supplemental and Amended Administrative Master Complaint are denied.

CCLXXV.

In response to the allegations contained in Paragraph 275 of Plaintiffs' Third
Supplemental and Amended Administrative Master Complaint, Coachmen re-avers and reasserts
its answers contained in Paragraphs I to CCLXXIV above, as if copied herein, *in extenso*.

CCLXXVI.

The allegations contained in Paragraph 276 of Plaintiffs' Third Supplemental and
Amended Administrative Master Complaint are denied.

CCLXXVII.

The allegations contained in Paragraph 277 of Plaintiffs' Third Supplemental and
Amended Administrative Master Complaint are denied.

CCLXXVIII.

The allegations contained in Paragraph 278 of Plaintiffs' Third Supplemental and
Amended Administrative Master Complaint are denied.

CCLXXIX.

The allegations contained in Paragraph 279 and each of its subparts therein of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCLXXX.

The allegations contained in Paragraph 280 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCLXXXI.

In response to the allegations contained in Paragraph 281 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, Coachmen re-avers and reasserts its answers contained in Paragraphs I to CCLXXX  above, as if copied herein, *in extenso*.

CCLXXXII.

The allegations contained in Paragraph 282 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Coachmen.  To the extent that a response is required, Coachmen asserts that their products did not contain any defects.

CCLXXXIII.

The allegations contained in Paragraph 283 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCLXXXIV.

The allegations contained in Paragraph 284 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCLXXXV.

The allegations contained in Paragraph 285 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CCLXXXVI.

The allegations contained in Paragraph 286 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCLXXXVII.

In response to the allegations contained in Paragraph 287 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, Coachmen re-avers and reasserts its answers and defenses contained in it previous filed Answer as well as Paragraphs I to CCLXXXVI above, as if copied herein, *in extenso*.

CCLXXXVIII.

To the extent that the allegations contained in Paragraph 288 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint apply to Coachmen, the allegations are denied as written.  The remaining allegations contained in Paragraph 288 of Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CCLXXXIX.

The allegations contained in Paragraph 289 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CCXC.

To the extent that the allegations contained in Paragraph 290 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint apply to Coachmen, the allegations are denied as written.  The remaining allegations contained in Paragraph 290 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

In further response, to the extent that the Court has determined that Plaintiffs' claims are dismissed in its Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, Plaintiffs' claims are denied.

CCXCI.

To the extent that the allegations contained in Paragraph 291 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint apply to Coachmen, the allegations are denied.  The remaining allegations contained in Paragraph 291 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

In further response, to the extent that the Court has determined that Plaintiffs' claims are dismissed in its Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, Plaintiffs' claims are denied.

CCXCII.

The allegations contained in Paragraph 292 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCXCIII.

In response to the allegations contained in Paragraph 293 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, Coachmen re-avers and reasserts

its answers and defenses contained in it previous filed Answer as well as Paragraphs I to CCXCII above, as if copied herein, *in extenso*.

### CCXCIV.

The allegations contained in Paragraph 294 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

### CCXCV.

The allegations contained in Paragraph 295 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

### CCXCVI.

The allegations contained in Paragraph 296 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

### CCXCVII.

The allegations contained in Paragraph 297 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

### CCXCVIII.

The allegations contained in Paragraph 298 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CCXCIX.

The allegations contained in Paragraph 299 and each of its subparts of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CCC.

In response to the allegations contained in Paragraph 298 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, Coachmen re-avers and reasserts its answers and defenses contained in it previous filed Answer as well as Paragraphs I to CCXCIX above, as if copied herein, *in extenso*.

CCCI.

The allegations contained in Paragraph 299 and each of its subparts of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CCCII.

The allegations contained in Paragraph 300 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Coachmen.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CCCIII.

The allegations contained in Paragraph 301 and each of its subparts of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CCCIV.

The allegations contained in Paragraph 302 and each of its subparts of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CCCV.

The allegations contained in Paragraph 303 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CCCVI.

The allegations contained in Paragraph 304 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CCCVII.

In response to the allegations contained in Paragraph 305 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, Coachmen re-avers and reasserts its answers and defenses contained in it previous filed Answer as well as Paragraphs I to CCCVI above, as if copied herein, *in extenso*.

CCCVIII.

The allegations contained in Paragraph 306 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CCCIX.

The allegations contained in Paragraph 307 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is

required on the part of Coachmen.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CCCX.

The allegations contained in Paragraph 308 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CCCXI.

The allegations contained in Paragraph 309 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CCCXII.

The allegations contained in Paragraph 310 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CCCXIII.

The allegations contained in Paragraph 311 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CCCXIV.

In response to the allegations contained in Paragraph 312 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, Coachmen re-avers and reasserts its answers and defenses contained in it previous filed Answer as well as Paragraphs I to CCCXIII above, as if copied herein, *in extenso*.

CCCXV.

The allegations contained in Paragraph 313 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CCCXVI.

The allegations contained in Paragraph 314 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CCCXVII.

The allegations contained in Paragraph 315 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CCCXVIII.

The allegations contained in Paragraph 316 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied as written.

CCCXIX.

The allegations contained in Paragraph 317 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied as written.

CCCXX.

The allegations contained in Paragraph 318 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied as written.

CCCXXI.

The allegations contained in Paragraph 319 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied as written.

CCCXXII.

The allegations contained in Paragraph 320 Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCCXXIII.

The allegations contained in Paragraph 321 Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCCXXIV.

The allegations contained in Paragraph 322 Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied as written.

CCCXXV.

In response to the allegations contained in Paragraph 323 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, Coachmen re-avers and reasserts its answers and defenses contained in it previous filed Answer as well as Paragraphs I to CCCXXIV above, as if copied herein, *in extenso*.

CCCXXVI.

The allegations contained in Paragraph 324 Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

CCCXXVII.

The allegations contained in Paragraph 325 Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied as written.

CCCXXVIII.

The allegations contained in Paragraph 326 Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied as written.

CCCXXIX.

In response to the allegations contained in Paragraph 327 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, Coachmen re-avers and reasserts its answers and defenses contained in it previous filed Answer as well as Paragraphs I to CCCXXVIII above, as if copied herein, *in extenso*.

CCCXXX.

The allegations contained in Paragraph 328 Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CCCXXXI.

In response to the allegations contained in Paragraph 329 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, Coachmen re-avers and reasserts its answers and defenses contained in it previous filed Answer as well as Paragraphs I to CCCXXX above, as if copied herein, *in extenso*.

CCCXXXII.

The allegations contained in Paragraph 330 Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CCCXXXIII.

The allegations contained in Paragraph 331 Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CCCXXXIV.

The allegations contained in Paragraph 332 Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CCCXXXV.

The allegations contained in Paragraph 333 and each of its subparts of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CCCXXXVI.

The allegations contained in Paragraph 334 Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CCCXXXVII.

The allegations contained in Paragraph 335 Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CCCXXXVIII.

In response to the allegations contained in Paragraph 336 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, Coachmen re-avers and reasserts its answers and defenses contained in it previous filed Answer as well as Paragraphs I to CCCXXXVII above, as if copied herein, *in extenso*.

CCCXXXIX.

The allegations contained in Paragraph 337 Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CCCXL.

The allegations contained in Paragraph 338 Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CCCXLI.

The allegations contained in Paragraph 339 Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CCCXLII.

The allegations contained in Paragraph 340 Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CCCXLIII.

The allegations contained in Paragraph 341 Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CCCXLIV.

The allegations contained in Paragraph 342 Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CCCXLV.

In response to the allegations contained in Paragraph 343 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, Coachmen re-avers and reasserts its answers and defenses contained in it previous filed Answer as well as Paragraphs I to CCCXLIII above, as if copied herein, *in extenso*.

CCCXLVI.

The allegations contained in Paragraph 344 Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CCCXLVII.

The allegations contained in Paragraph 345 Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CCCXLVIII.

The allegations contained in Paragraph 346 Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CCCXLIX.

The allegations contained in Paragraph 347 Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CCCL.

The allegations contained in Paragraph 348 Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied as written.

CCCLI.

The allegations contained in Paragraph 349 Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CCCLII.

The allegations contained in Paragraph 350 and each of its subparts of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CCCLIII.

The allegations contained in Paragraph 351 Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CCCLIV.

The allegations contained in Paragraph 352 Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

CCCLV.

The allegations contained in Paragraph 353 Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.  Coachmen denies that Plaintiffs are entitled to any damages and calls for strict proof of the damages claims.

CCCLVI.

The allegations contained in Paragraph 354 Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.  Coachmen denies that Plaintiffs are entitled to any damages and calls for strict proof of the damages claims.

CCCLVII.

The allegations contained in Paragraph 355 Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied. Coachmen denies that Plaintiffs are entitled to any damages and calls for strict proof of the damages claims.

CCCLVIII.

The allegations contained in Paragraph 356 Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied. Coachmen denies that Plaintiffs are entitled to any damages and calls for strict proof of the damages claims.

CCCLIX.

The allegations contained in Paragraph 357 Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied. Coachmen denies that Plaintiffs are entitled to the damages asserted.

CCCLX.

The allegations contained in Paragraph 358 Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied. Coachmen denies that Plaintiffs are entitled to any damages and calls for strict proof of the damages claims.

CCCLXI.

The allegations contained in Paragraph 359 Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied. Coachmen denies that Plaintiffs are entitled to any damages and calls for strict proof of the damages claims.

CCCLXII.

The allegations contained in Paragraph 360 Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied. Coachmen denies that Plaintiffs are entitled to the damages asserted.

## CCCLXIII.

The allegations contained in Paragraph 361 Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.  Coachmen denies that Plaintiffs are entitled to any damages and calls for strict proof of the damages claims.

## CCCLXIV.

The allegations contained in Paragraph 362 Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.  Coachmen denies that Plaintiffs are entitled to any damages and calls for strict proof of the damages claims.

## CCCLXV.

The allegations contained in Paragraph 363 Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.  Coachmen denies that Plaintiffs are entitled to the damages asserted.

## CCCLXVI.

In response to the allegations contained in paragraph captioned "Request for Jury Trial" of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, Coachmen asserts that it is entitled to a trial by jury on all issues herein.

## CCCLXVII.

In response to the allegations contained in paragraph captioned "Prayer for Relief" of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, Coachmen asserts that the Plaintiffs are not entitled the relief requested.

## CCCLXVIII.

The allegations contained in any and all unnumbered and/or misnumbered paragraphs of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

## ANSWER TO FOURTH SUPPLEMENTAL AND AMENDED
## ADMINISTRATIVE MASTER COMPLAINT

### CCCLXIX.

The allegations contained in Paragraph 1 of Plaintiffs' Fourth Supplemental and Amended Administrative Master Complaint, modifying Paragraph 31 of the Third Amended Administrative Complaint, do not require a response on the part of Coachmen.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

### CCCLXX.

The allegations contained in Paragraph 2 of Plaintiffs' Fourth Supplemental and Amended Administrative Master Complaint, modifying Paragraph 44 of the Third Amended Administrative Complaint, do not require a response on the part of Coachmen.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

### CCCLXXI.

The allegations contained in Paragraph 3 of Plaintiffs' Fourth Supplemental and Amended Administrative Master Complaint, deleting Paragraph 45 of the Third Amended Administrative Complaint and Amending Paragraph 43 of the Third Amended Administrative Complaint, do not require a response on the part of Coachmen.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

### CCCLXXII.

The allegations contained in Paragraph 4 of Plaintiffs' Fourth Supplemental and Amended Administrative Master Complaint, supplementing and amending Paragraph 93 of the Third Amended Administrative Complaint and Amending Paragraph 43 of the Third Amended

Administrative Complaint, do not require a response on the part of Coachmen. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CCCLXXIII.

The allegations contained in Paragraph 5 of Plaintiffs' Fourth Supplemental and Amended Administrative Master Complaint, supplementing and amending Paragraph 113 of the Third Amended Administrative Complaint, do not require a response on the part of Coachmen. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CCCLXXIV.

The allegations contained in Paragraph 6 of Plaintiffs' Fourth Supplemental and Amended Administrative Master Complaint, amending Paragraph 114 of the Third Amended Administrative Complaint, do not require a response on the part of Coachmen. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

CCCLXXV.

The allegations contained in any and all unnumbered and/or misnumbered paragraphs of Plaintiffs' Fourth Supplemental and Amended Administrative Master Complaint are denied.

CCCLXXVI.

The allegations contained in the "WHEREFORE" Paragraph of Plaintiffs' Fourth Supplemental and Amending Master Complaint do not require a response of the part of Coachmen. However, to the extent that an answer is required, Coachmen submits that Plaintiffs are not entitled to the relief requested. Moreover, in response to the allegations contained in the "WHEREFORE" Paragraph of Plaintiffs' Fourth Supplemental and Amending Master

68

Complaint, Coachmen re-avers and reasserts its answers contained in Paragraphs I to CCLXXV above, as if copied herein, *in extenso*.

**AND NOW, FURTHER ANSWERING**, Coachmen asserts the following affirmative defenses:

<u>**THIRD DEFENSE**</u>

The claims against Coachmen are, or may be, barred in whole or in part by Plaintiffs' failure to institute suit within the period of time required by the applicable statutes of limitation and/or any applicable limitation of actions, or by peremption or prescription, or failure to initiate suit within the period of time required by the applicable prescriptive periods and/or any limitation of actions contained in any applicable contracts.

<u>**FOURTH DEFENSE**</u>

To the extent that any Coachmen entities manufactured travel trailers that were ultimately inhabited by plaintiffs, Coachmen submits that its travel trailers were designed, constructed, and manufactured in conformity with industry standards.

<u>**FIFTH DEFENSE**</u>

Coachmen specifically denies the existence of any defect or defects that would render its product unreasonably dangerous under the Louisiana Products Liability Act, the limited warranty, and/or any other applicable law, contract, or standard.

## SIXTH DEFENSE

Coachmen asserts that it did not sell housing units directly to the Federal Government in the wake of Hurricanes Katrina and Rita, and the dealers who sold Coachmen housing units to the Federal Government and the Federal Government itself are sophisticated users of products, such that Coachmen cannot be held liable to plaintiffs for their claims, including, but not limited to, any claims for failure to warn and strict product liability.

## SEVENTH DEFENSE

Coachmen reasserts as affirmative defenses the defenses raised in the Manufacturing Defendants' Joint Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 210), including Coachmen's joinder therein, and incorporates Court's Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss as if plead herein, *in extenso*.

## EIGHTH DEFENSE

Solely in the alternative, in the event the Court finds plaintiffs have suffered any damages whatsoever, the damages complained of resulted solely or substantially from the negligence, fault or comparative fault of the plaintiffs through misuse and/or abuse and/or lack of maintenance of the travel trailers, failure to follow instructions for use, failure to heed applicable warnings, and/or through other acts or omissions which will be shown more fully at the trial of this matter and which preclude recovery by plaintiffs or reduce any recovery by their respective percentages of fault.

## NINTH DEFENSE

Further in the alternative, all damages complained of resulted solely or substantially from the negligence, fault or comparative fault of third parties for whom Coachmen is not responsible.

## TENTH DEFENSE

Solely in the alternative, in the event this Court determines there was any defect in any travel trailer, which is specifically denied, said defect was apparent and obvious and could be easily avoided or remedied, precluding any recovery by plaintiffs.

## ELEVENTH DEFENSE

All of the claims asserted against Coachmen are preempted or otherwise precluded by the statutes, standards, regulations, and rules propagated by the Federal Government and/or HUD, and/or FEMA, and/or the plaintiffs' lease agreements with FEMA.

## TWELFTH DEFENSE

Coachmen further pleads that Plaintiff's claims are, or may be, barred, in whole or in part, to the extent that the Economic Loss Doctrine applies and incorporates Court's Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss as if plead herein, *in extenso*.

## THIRTEENTH DEFENSE

Coachmen further pleads any and all defenses applicable to Coachmen that are applicable and available to Defendant under any controlling Alabama statutes.

## FOURTEENTH DEFENSE

Claims against Coachmen are, or may be, barred in whole or in part by the doctrines of estoppel, release or waiver.

## FIFTEENTH DEFENSE

Coachmen further pleads any and all defenses applicable and available to Coachmen under any controlling Texas statutes.

## SIXTEENTH DEFENSE

Any express warranty obligations that may be owed by Coachmen are strictly limited by the terms of the limited warranty, including all of its limitations and exclusions, which are pleaded herein, as if copied *in extenso*.

## SEVENTEENTH DEFENSE

Upon information and belief, plaintiffs and have failed to mitigate their damages.

## EIGHTEENTH DEFENSE

Coachmen hereby gives notice that it intends to rely upon any and all other such affirmative defenses as become available or apparent during the course of discovery, and reserves the right to amend its Answer to assert any and all such defenses.

## NINETEENTH DEFENSE

Coachmen further pleads any and all defenses applicable and available to Coachmen under any controlling Mississippi statutes, including, but not limited to, the Mississippi Products Liability Act, MCA §11-1-63.

## TWENTIETH DEFENSE

In the event that discovery reveals the following, Coachmen specifically pleads that the accident and/or injuries sued upon herein occurred only and solely due to the substantial alteration and/or modification of the product sued upon herein, which alteration and/or modification was not foreseeable, after it left the hands of the manufacturer, which is specifically pleaded as a complete bar to any recovery against Coachmen.

## TWENTY-FIRST DEFENSE

Coachmen specifically pleads to the extent applicable, all defenses allowed under the Louisiana Products Liability Act, LSA--R.S. 9:2800.51 et. seq., and/or other Louisiana law.

## TWENTY-SECOND DEFENSE

Coachmen specifically pleads that its product was reasonable fit for ordinary use.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims are, or may be, barred in whole or in part to the extent that the Administrative Master Complaint, as supplemented and amended, does not state a cause of action for punitive or exemplary damages against Coachmen, sufficient in law whereby recovery may be had.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims are, or may be, barred in whole or in part to the extent that under the provisions of Mississippi Code Ann. §85-5-7, defendants are liable only for the amount of damages allotted to them, if any, in direct proportion to their percentage of fault, if any, with due respect to the total negligence of all parties whose actions caused or contributed to the incident and the damages of which are complained.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims are, or may be, barred in whole or in part to the extent that any award of punitive damages, to the extent they are even pled in Administrative Master Complaint, as supplemented and amended, would be unconstitutional because the standards utilized to allow the imposition of such damages that are so vague, both on their face and as applied, so as to fail to give adequate or sufficient notice of the prohibitive conduct.

**TWENTY-SIXTH DEFENSE**

Plaintiffs' claims are, or may be, barred in whole or in part to the extent that the award of punitive damages, to the extent they are even pled by the Plaintiffs, would violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, separately, of the Constitution of the United States on each of the following separate and several grounds:

1. The procedures failed to provide means for awarding separate judgments against alleged tortfeasors;

2. The procedures failed to provide a limit on the amount of the award against separate defendants;

3. The procedures failed to provide specific standards for the award of punitive damages;

4. The procedures permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions;

5. The procedures failed to provide a clear consistent and appellate standard of review of an award of punitive damages;

6. The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and

7. The standards of conduct upon which punitive damages are sought are vague.

**TWENTY-SEVENTH DEFENSE**

Coachmen demands a bifurcation of Plaintiffs' claims for actual and punitive damages.

**TWENTY-EIGHTH DEFENSE**

The exact damages/losses claimed by Plaintiffs are unknown to Coachmen, and thus Coachmen cannot adequately determine all defenses that may be applicable to Plaintiffs' claims. Therefore, Coachmen expressly reserves by this reference the right to raise additional defenses to the extent that:

a. Additional defenses become applicable under state and federal law;

b. Additional defenses are established as discovery proceeds; and

c. Additional defenses are available under subsequently asserted theories of recovery.

### TWENTY-NINTH DEFENSE

Defendants plead the affirmative defense of accord and satisfaction.

### THIRTIETH DEFENSE

Plaintiffs lack standing to sue.

### THIRTY-FIRST DEFENSE

Plaintiffs are unable to establish that this Court has personal jurisdiction over defendants.

### THIRTY-SECOND DEFENSE

Coachmen requests a trial by jury.

### THIRTY-THIRD DEFENSE

Coachmen references and incorporates its previously filed Preservation of Defense and Motion Lists.  Coachmen also incorporates its prior Answer previously pled in response to earlier versions of the Master Complaint.

### PRAYER FOR RELIEF

**WHEREFORE**, the above premises considered, Defendants, Coachmen Industries, Inc., Coachmen Recreational Vehicle Company, LLC, Coachmen Recreational Vehicle Company of Georgia, LLC and Viking Recreational Vehicles, LLC, respectfully pray that this Answer to Plaintiffs' Third Supplemental and Amended Administrative Master Complaint and Fourth Supplemental and Amended Administrative Master Complaint be deemed good and sufficient; that after due proceedings had there be judgment rendered herein in favor of these Defendants, dismissing Plaintiffs' Administrative Master Complaint, as supplemented and amended, with prejudice; and Defendants respectfully pray for all such other general, special and equitable relief

that law, equity or the nature of the case may permit and all costs of these proceedings.  Finally,

Defendants request a jury trial on all issues herein.

By Attorneys,

**TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.**

By:/s/ John Stewart Tharp_____
  John Stewart Tharp #24230
  David M. Bienvenu #20700
  Chase Tower South, 8th Floor
  451 Florida Street, 70801
  Post Office Box 2471
  Baton Rouge, LA 70821
  Telephone: (225) 387-3221
  Facsimile: (225) 346-8049
*Attorneys for Coachmen Industries, Inc., Coachmen*
*Recreational Vehicle Company, LLC,  Coachmen*
*Recreational Vehicle Company of Georgia, LLC and Viking*
*Recreational Vehicles, LLC*

## CERTIFICATE OF SERVICE

   I hereby certify that on the 15th day of February, 2010, a copy of the foregoing Answer

and Affirmative Defenses of Defendants, Coachmen Industries, Inc., Coachmen Recreational

Vehicle Company, LLC, Coachmen Recreational Vehicle Company of Georgia, LLC and Viking

Recreational Vehicles, LLC to Plaintiffs' Third Supplemental and Amended Administrative

Master Complaint and Fourth Supplemental and Amended Administrative Master Complaint and

Jury Trial Request was filed electronically with the Clerk of Court using the CM/ECF system.

Notice of this file will be sent to all known counsel of record by operation of the court's

electronic filing system.

/s/ John Stewart Tharp
  John Stewart Tharp