UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                    MDL NO. 07-1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION           SECTION N-5
                                       JUDGE ENGELHARDT
                                       MAG. JUDGE CHASEZ

**This Document Relates to:**

**09-7792, 09-7793, 09-7794, 09-7795, 09-7796, 09-7797, 09-7798, 09-7799, 09-7800, 09-7801, 09-7802, 09-7803, 09-7804, 09-7805, 09-7806, 09-7807, 09-7808, 09-7809, 09-7810, 09-7811, 09-7812, 09-7813, 09-7814, 09-7815, 09-7816, 09-7817, 09-7818, 09-7819, 09-7820, 09-7821, 09-7822, 09-7823, 09-7824, 09-7825, 09-7826, 09-7827, 09-7828, 09-7829, 09-7830, 09-7831, 09-7832, 09-7833, 09-7834, 09-7835, 09-7836, 09-7837, 09-7838, 09-7839, 09-7840, 09-7841, 09-7842, 09-7843, 09-7844, 09-7845, 09-7846, 09-7847, 09-7848, 09-7849, 09-7850, 09-7851, 09-7852, 09-7853, 09-7854, 09-7855, 09-7856, 09-7857, 09-7858, 09-7859, 09-7887, 09-7889, 09-7890, 09-7891, 09-7892, 09-7893, 09-7894, 09-7895, 09-7896, 09-7897, 09-7898, 09-7899, 09-7903, 09-7904, 09-7905, 09-7906, 09-7907, 09-7908, 09-7909, 09-7910, 09-7911, 09-7912, 09-7913, 09-7914, 09-7916, 09-7917, 09-7918, 09-7919, 09-7920, 09-7921, 09-7922, 09-7924, 09-7925, 09-7960, 09-7961, 09-7962, 09-7963, 09-7964, 09-7965, 09-7966, 09-7967, 09-7971, 09-7972, 09-7973, 09-7974, 09-7977, 09-7978, 09-7980, 09-7983, 09-7984, 09-7987, 09-7990, 09-7991**

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**UNITED STATES OF AMERICA'S RESPONSE TO "WATTS/HILLIARD'S MOTION FOR EXTENSION OF TIME TO MATCH PLAINTIFFS PURSUANT TO PRETRIAL ORDER NO. 53" (Rec. Doc. 11302)**

Defendant United States of America ("United States") hereby submits its Response to "Watts/Hilliard's Motion For Extension of Time To Match Plaintiffs Pursuant To Pretrial Order No. 53" (Rec. Doc. 11302).[1] The United States opposes the motion, and the request for an indefinite extension, because Plaintiffs have not availed themselves in a timely manner of the

---

[1] It is unclear whether the United States is or is not a party to any of these actions. In any event, even if the United States is not a Defendant, the United States nevertheless has standing to oppose Plaintiffs' motion because the relief sought through this Motion will prejudice and burden the Government by requiring the Federal Emergency Management Agency ("FEMA") to continue to expend taxpayer resources processing further matching requests.

1

matching process because they have repeatedly failed to provide the necessary information to FEMA to allow the Government to search for the vehicle identification number ("VIN") for each client, and have failed to properly use the information provided by FEMA to match their clients to a manufacturer and Individual Assistance /Technical Assistance Contractor ("IA/TAC").

Review of the Watts/Hilliard matching exhibits reveals that more than 10,000 client names were submitted to FEMA that lack the required FEMA identification number and/or fail to designate the state in which the client's emergency housing unit was installed.  Moreover, Plaintiffs' allegation that FEMA failed to provide FEMA barcodes for thousands of units is misleading and shows a fundamental misunderstanding of the matching process since the Government has repeatedly explained to Plaintiffs that they must use the *vehicle identification number*, not the FEMA barcode, to identify the manufacturer and IA/TAC.  *See* Joint Report No. 14 at 4-6 (Rec. Doc. 10417); *See also* Joint Report No. 13 at 3-5 (Rec. Doc. 5959).  As such, it is not surprising that given Plaintiffs' failure to submit the required information for FEMA to conduct a search and Plaintiffs' fundamental misunderstanding of the matching process that they have been unable to comply with the Court's deadline to match.

Moreover, Plaintiffs suggest that the "Matching Committee" is working on resolving the matching issue.  The requirements that a claimant must demonstrate in order to show good cause justifying their failure to promptly and timely match is that they collected the required information from their clients, and submitted that information to FEMA.  The Matching Committee cannot relieve a Plaintiff of that requirement because unless a Plaintiff takes such action it is impossible for the Government to provide the information a claimant needs to identify either the manufacturer of the unit that they occupied or the identity of the IA/TAC.  Nor can the

matching committee relieve the Plaintiffs of its obligation to properly use the information that the Government provided to them to match their clients with a manufacturer or IA/TAC.  The existence of the Matching Committee does not justify Plaintiffs' failure to submit timely requests to match or to use that information to identify the manufacturer and/or IA/TAC.

Finally, Plaintiffs offer no justification for their failure to timely move for an extension of Pretrial Order No. 53 (Rec. Doc. 9073) prior to the expiration of deadlines imposed by that Order, which incorporate the requirements in Pretrial Orders No. 40 and 49 that all unmatched plaintiffs be matched within twenty (20) days of the date of the Court's Order for all complaints which were already filed as of the date of the Court's Pretrial Order No. 53, December 14, 2009. January 4, 2010, was the deadline for matching complaints filed prior to December 14, 2009, yet Plaintiffs filed the instant motion on February 5, 2010, a month after the deadline had lapsed. Plaintiffs must now show that this failure to timely request an extension was due to excusable neglect.  *See* Fed. R. Civ. P. 6(b)(1)(B) ("When an act must be done within a specific time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect").  Plaintiffs' motion, however, offers no excuse for this failure, stating only that "[i]n January of 2010, the office of the undersigned [Plaintiffs' counsel] was notified of the deficiency by the Clerk's office and was told to correct same within forty-five days." (Rec Doc. 1302-1 at 2).  The undersigned Government Counsel has searched the January 2010 docket and has found no such reference to any extension being granted by the Clerk's offices as referenced in Plaintiffs' motion.

Accordingly, for all of these reasons, the Court should deny Plaintiffs' Motion.

Dated: February 16, 2010

TONY WEST
Assistant Attorney General, Civil Division

J PATRICK GLYNN
Director, Torts Branch, Civil Division

DAVID S. FISHBACK
Assistant Director

OF COUNSEL:
JORDAN FRIED
Associate Chief Counsel

JANICE WILLIAMS-JONES
Senior Trial Attorney
FEMA/DHS
Department of Homeland Security
Washington, D.C. 20472

Respectfully Submitted,

HENRY T. MILLER
ADAM BAIN
Senior Trial Counsel

ADAM DINNELL
MICHELLE BOYLE
MICHELE GREIF
Trial Attorneys

//S// *Jonathan R. Waldron*
JONATHAN R. WALDRON
(MO. Bar No. 58898)
Trial Attorney
United States Department of Justice
Civil Division – Torts Branch
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20004
Attorney Telephone: (202) 307-2091
Jonathan.Waldron@USDOJ.Gov

Attorneys for the United States of America

# CERTIFICATE OF SERVICE

    I hereby certify that on February 16, 2010, the foregoing document was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison Counsel.

                      //S// *Jonathan R. Waldron*
                      JONATHAN R. WALDRON (MO. Bar No. 58898)