RECEIVED
DISTRICT COURT
DISTRICT OF LA

2009 JUN 10 PM 3:38

LORETTA G. WHYTE
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NORTH AMERICAN CATASTROPHE SERVICES, INC. § § § | CIVIL ACTION № **09-3818** | |
| *Plaintiff* § § | | |
| VS. § § | SECTION: **SECT. R MAG. 1** | |
| NORTHFIELD INSURANCE CO. § § | MAGISTRATE: | |
| *Defendant* § | | |

## COMPLAINT

Plaintiff North American Catastrophe Services, Inc. ("NACS") brings this complaint against Northfield Insurance Company, a liability insurer, and alleges as follows:

### INTRODUCTION

I.

This is an insurance coverage action seeking declaratory relief under 28 U.S.C.A. § 2201 and Rule 57 of the Federal Rules of Civil Procedure. NACS seeks declaratory relief and money damages with respect to a policy of comprehensive liability

1


EXHIBIT A

insurance issued by Defendant Northfield Insurance Company (referred to below as "Insurance Company").

II.

This Court has jurisdiction over the parties under 28 U.S.C.A. § 1332(a), there being diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Moreover, there exists a justifiable case and controversy regarding the rights and obligations as between Plaintiff and Defendant with respect to Insurance Company's duties to provide a defense and indemnity coverage to NACS in underlying lawsuits currently pending before this Court and which involve claims against NACS by third parties.

## THE PARTIES

III.

NACS is a corporation organized and existing under the laws of the State of Florida, and contracted with FEMA to procure modular units for use as temporary housing by persons displaced by natural disasters, with its principal place of business at 864-B Washburn Road, Melbourne, Florida 32934.

IV.

Upon information and belief, Insurance Company is a corporation organized and existing under the laws of the State of Iowa, with its principal place of business at 385 Washington Street, St. Paul, Minnesota 55102. Insurance Company engages in the business of issuing general liability policies to commercial entities located in several states.

## FACTS

### V.

On August 25, 2004, Insurance Company, for valuable consideration, issued to NACS a policy of comprehensive liability insurance, policy No. CP494600, for the period of August 25, 2004 through August 25, 2006. A copy of the policy is attached as Exhibit A and incorporated by reference.

### VI.

Under the terms of the policy, Insurance Company agreed to pay on behalf of NACS all sums which NACS should become legally obligated to pay as damages because of personal injuries caused by accidents, and in which Insurance Company agreed with respect to such insurance as was afforded by the policy to defend any suit for damages against NACS on account of such injury, sickness, disease or destruction, even if such suit be groundless, false, or fraudulent, and further providing that Insurance Company would make such investigation, negotiation, and settlement of any claim or suit as Insurance Company deemed expedient.

### VII.

On August 25, 2004, when the policy of insurance was sold to NACS, NACS was engaged in the business of procuring modular mobile home units for FEMA, all of which information was known to Insurance Company. NACS acted as a broker between FEMA and modular manufacturers to acquire temporary housing units for persons residing on the Gulf Coast, including Louisiana residents, who were

displaced as a result of Hurricanes Katrina and Rita in August and September 2005.

VIII.

On November 30, 2007, James Aldridge et al. (referred to below as "the Aldridge plaintiffs") filed suit against a number of defendants in Civil Action No. 07-9928, entitled *Aldridge et al. v. Gulf Stream Coach, Inc., et al.*, in the United States District Court for the Eastern District of Louisiana. On January 13, 2009, the Aldridge plaintiffs filed a First Supplemental and Amending Complaint adding NACS as a defendant. The Aldridge plaintiffs seek money damages for personal injuries allegedly resulting from exposure to formaldehyde while living in the modular units procured by NACS pursuant to its contract with FEMA. Copies of the complaints filed by the Aldridge plaintiffs are attached as Exhibit B and incorporated by reference.

IX.

On March 2, 2009, Montrell Sinegar et al. (referred to below as "the Sinegar plaintiffs") filed suit against NACS in Civil Action No. 09-2926, entitled *Montrelle Jacskon Sinegar et al. v. Forest River, Inc., et al.*, in the United States District Court for the Eastern District of Louisiana. Like the Aldridge plaintiffs, the Sinegar plaintiffs also seek money damages for personal injuries allegedly resulting from exposure to formaldehyde while living in the modular units procured by NACS pursuant to its contract with FEMA. Copies of the complaints filed by the Sinegar plaintiffs are attached as Exhibit C and incorporated by reference.

X.

The Aldridge and Sinegar plaintiffs allege that NACS breached its duty to procure suitable temporary housing units for use in Louisiana, Mississippi, Alabama, and Texas following hurricanes Katrina and Rita. The Aldridge and Sinegar plaintiffs further allege that NACS' failure to act reasonably in identifying, selecting, and procuring temporary housing units proximately caused their exposure to formaldehyde, which allegedly resulted in adverse health consequences.

XI.

In February 2009, pursuant to the terms of the above-mentioned policy, NACS timely advised Insurance Company of the claims asserted against it by the Aldridge and Sinegar plaintiffs. NACS also demanded that Insurance Company defend against the claims asserted by the Aldridge and Sinegar plaintiffs and pay any liability found to be due.

XII.

On April 14, 2009, Insurance Company notified NACS in writing that it disclaimed all liability under the CGL policy insofar as the claims of the Aldridge and Sinegar plaintiffs were concerned, and refused to undertake NACS' defense of these claims. A copy of Insurance Company's letter denying NACS' request for defense and indemnity is attached as Exhibit D and incorporated by reference.

## COUNT ONE – DECLARATORY JUDGMENT

### XIII.

The averments of all of the above paragraphs are incorporated by reference as if set forth here.

### XIV.

The Policy provides coverage for sums that NACS becomes legally obligated to pay as damages because of "bodily injury" or "property damage." The claims as stated in the Sinegar and Aldridge complaints include negligence claims against NACS that resulted in "bodily injury."

### XV.

The Sinegar and Aldridge plaintiffs' "bodily injury" claims relate to NACS' operations conducted during the coverage period of the Policy. Such claims were made against NACS, and reported to Insurance Company in writing during the coverage period.

### XVI.

The "bodily injuries" allegedly resulting to the Sinegar and Aldridge plaintiffs were not excluded from coverage by the Policy.

### XVII.

NACS has complied with all conditions and obligations under the Policy with respect to its rights to defense and indemnity in the underlying lawsuits.

6

XVIII.

Declaratory relief from this Court will resolve the coverage dispute between the parties.

XIX.

Pursuant to the provisions of 28 U.S.C.A. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, NACS is entitled to a declaration by the Court of Insurance Company's duties to indemnify and defend NACS, and, under the policy, a judicial declaration is necessary as to Insurance Company's duties to indemnify and defend NACS.

## COUNT TWO – BREACH OF CONTRACT

XX.

The averments of all of the above paragraphs are incorporated by reference as if set forth here.

XXI.

Because of Insurance Company's refusal to defend NACS in the underlying Aldridge and Sinegar lawsuits, NACS retained the services of attorneys to undertake its defense at its own cost. The actions against NACS filed by the Sinegar and Aldridge plaintiffs are now pending before this Court, and if Insurance Company does not defend NACS in these actions and agree to pay any judgments rendered against NACS, NACS will be required to expend further sums of money in defense of these claims, and the payment of any judgment that may be rendered in favor of the Sinegar and Aldridge plaintiffs.

## XXII.

Insurance Company's conduct constitutes breach of the policy issued to NACS.

## XXIII.

This failure to perform as agreed constitutes a breach of the Policy and has caused NACS to suffer damages of a determinable amount in the underlying action by the Sinegar and Aldridge plaintiffs as well as its attorneys' fees and costs in this present action.

## PRAYER FOR RELIEF

## XXIV.

Insurance Company's refusal to defend NACS in the Aldridge and Sinegar lawsuits is capricious, arbitrary, and vexatious. Plaintiff is entitled to attorney's fees and costs expended in connection with compelling Insurance Company to fulfill its contractual obligations.

WHEREFORE, NACS requests a declaration of the respective rights and duties of NACS and Insurance Company with respect to each other by virtue of the contract of insurance and the claims asserted by the Sinegar and Aldridge plaintiffs, and specifically requests the following relief:

1. This Court declare and adjudge the rights and obligations of the parties under the insurance policy issued to NACS with respect to Insurance Company's duties to indemnify and defend NACS against the claims asserted by the Aldridge and Sinegar plaintiffs;

2. The Court order Insurance Company to defend NACS against the complaints asserted by the Aldridge plaintiffs in Civil Action No. 07-9228 and against the complaint filed by the Sinegar plaintiffs in Civil

Action No. 09-2926, and to pay any judgment that may be rendered against NACS in either or both of these actions;

3. This Court order Insurance Company to pay NACS all moneys expended for attorneys and all related expenses incurred in defending NACS in the Aldridge and Sinegar lawsuits up to the time of entry of the order of this Court in this proceeding;

4. This Court order Insurance Company to pay the legal fees, costs and disbursements incurred by NACS in this declaratory judgment action; and

5. Awarding such other and further relief, including any appropriate equitable relief, as the Court may deem just and proper.

Dated: June 10, 2009.

Respectfully submitted,

*/s/ Kevin F. Bruce*

John E. Galloway (5892)
Kevin F. Bruce (31071)

OF COUNSEL:

GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, P.C.
701 Poydras Street, Suite 4040
New Orleans, Louisiana 70139
Telephone:   504-525-6802
Facsimile:   504-525-2456

*Attorneys for North American Catastrophe Services, Inc.*

Please serve:

Northfield Insurance Company,
Through its President (or his nominee):
Brian W. Maclean
1295 Northland Drive
Mendota Heights, Minnesota 55120

9



