UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE  
PRODUCTS LIABILITY LITIGATION

MDL NO: 1873

SECTION N(5)

JUDGE ENGELHARDT

THIS DOCUMENT IS RELATED TO:  
*North American Catastrophe Service, Inc. v. Northfield Ins. Co.* No. 09-3818

MAGISTRATE CHASEZ

*********************************************************************

## STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF NORTHFIELD INSURANCE COMPANY'S CROSS-MOTION FOR SUMMARY JUDGMENT

Defendant, Northfield Insurance Company ("Northfield"), through counsel, submits the following undisputed facts under LR56.1 in support of its Cross-Motion For Summary Judgment:

1. North American Catastrophe Services, Inc. ("NACS") has been named as a defendant in those certain underlying lawsuits styled as (1) *Aldridge, et al., v. Gulf Stream Coach, Inc., et al.*, No. 07-9228 ("*Aldrige* Lawsuit"), and (2) *Montrell Sinegar, et al., v. Forest River, Inc., et al.*, No. 09-2926 ("*Sinegar* Lawsuit").[1] *See, Aldridge* First Supplemental and Amending Complaint, attached as Ex. B; *see also, Sineger* Complaint, attached as Ex. C.

---

[1] For ease of reference, the *Aldridge* and *Sinegar* Lawsuits will be referred to collectively as the Underlying Lawsuits

1

2. NACS is a Florida corporation unauthorized to conduct business in the State of Louisiana. *See,* Complaint filed by NACS, [Docket No. 09-3818] (Rec. Doc. 1), attached hereto as Ex. A; *Aldridge* First Supplemental and Amending Complaint, MDL No. 1873, (Rec. Doc. 1052-2), attached hereto as Ex. B; *Sinegar* Complaint for Damages, [Docket No. 09-2926] (Rec. Doc. 1), attached hereto as Ex. C; *see,* Louisiana Secretary of State Corporations Database printout, February 16, 2009, attached as Ex. D, *available at* http://www.sos.louisiana.gov/tabid/819/Default.aspx.

3. In the Underlying Lawsuits, the plaintiffs allege that they have "been exposed to dangerously high concentrations of formaldehyde fumes…" *Aldridge* Original Complaint, [Docket No. 07-9228] (Rec.Doc. 1), ¶¶ IV, attached hereto as Ex. E; *Sinegar* Complaint, Ex. C.

4. The underlying plaintiffs further allege that NACS' procurement of certain travel trailers for conversion into temporary housing units "created and contributed to a situation where hundreds of thousands of people displaced by hurricanes Katrina and Rita were exposed to elevated and hazardous levels of formaldehyde." *Aldridge* First Supplemental and Amending Complaint, ¶ 38, Ex. B; *Sinegar* Complaint at ¶¶ 59 and 112-121, attached Ex. C.

5. According to the allegations in the Underlying Lawsuits, NACS' selection of temporary housing units unfit for extended occupancy proximately caused plaintiffs' increased exposure to formaldehyde and contributed to their adverse health effects. *Aldridge* First

Supplemental and Amending Complaint, ¶ 38, Ex. B; *Sinegar* Complaint, at ¶¶ 120-121, Ex. C.

6. The underlying plaintiffs seek to recover certain damages from NACS resulting from alleged injuries sustained as a result of formaldehyde exposure. *Aldridge* Original Complaint, Ex. E, *at* ¶¶ I and IV; *Aldridge* First Supplemental and Amending Complaint, ¶¶ 10-11 and 65-74, Ex. B; *Sinegar* Complaint, ¶¶ 122 and Prayer for Relief, Ex. C. Those damages include, among other things, the removal of all formaldehyde materials from their temporary housing units, medical monitoring, actual damages, and punitive damages. *Aldridge* Original Complaint at Prayer, Ex. E.

7. NACS filed a Complaint against Northfield in which NACS alleges that it is entitled to defense and indemnity from Northfield against the Underlying Lawsuits. *See,* NACS Complaint, attached as Ex. A.

8. Northfield issued the following two policies of insurance to NACS:

| Policy No. | Policy Period | Policy Type | Bates Label Nos. |
| --- | --- | --- | --- |
| CP494600 | August 25, 2004-August 25, 2005 | CGL | NIC000001-000084 Ex. G |
| CP494600-1 | August 25, 2005-August 25, 2006 | CGL | NIC000085-000174 Ex. H |

*See also,* Affidavit of Howard E. Fitts, attached as Ex. F.

9. NACS procured the Policies through All Risks, Ltd., an agent located in Jupiter, Florida. 2004 Policy, Ex. G at Bates No. NIC000001; 2005 Policy, Ex. H at Bates No.NIC00085.

10. The Policies were negotiated, brokered, and issued in Florida.

11. Each Policy contains the following insuring agreement:

> 1. Insuring Agreement
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply....

2004 Policy, Ex. G at Bates No. NIC000029; 2005 Policy, Ex. H at Bates No. NIC 0000114.

12. Among other exclusions, the Policies contain Total Pollution Exclusions that provide in relevant part:

> This insurance does not apply to:
> 1. "Bodily injury" or "property damage," which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.
>
> * * *
>
> 2. Any loss, cost or expense arising out of any:
>    (a) Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or
>    (b) Claim or suit by or on behalf of a government authority or others because of testing for, monitoring, cleaning up, removing, containing, treating,

4

Case 2:07-md-01873-KDE-MBN   Document 11579-2   Filed 02/16/10   Page 5 of 5

>
> detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants."

2004 Policy, Ex. G at Bates No. NIC000030-31; 2005 Policy, Ex. H at Bates No.NIC000115-16.

13. The term "pollutants" is defined in the Policies as "any solid, liquid, gaseous or thermal irritant, contaminant or toxin, including but not limited to smoke, vapor, soot, fumes, acids, alkalis, chemicals, metals and waste...." 2004 Policy, Ex. G at Bates No. NIC000040; 2005 Policy, Ex. H at Bates No.NIC000125.

Respectfully submitted,

*[signature]*

**RALPH S. HUBBARD III, T.A., La. Bar # 7040**
**TINA L. KAPPEN, La. Bar #29579**
**LUGENBUHL, WHEATON, PECK,**
**RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
**Attorneys for Northfield Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of February, 2010, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system and notice of this filing was sent to all know counsel of record by operation of the court's electronic filing system.

*[signature]*

5