UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                                MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                       SECTION "N-5"

                                                   JUDGE ENGELHARDT
                                                   MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc.,et al.*
*No. 09-2977* (E.D. La.)

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S RULING
GRANTING DEFENDANT'S MOTION TO STRIKE THE ADDENDUM TO
THE EXPERT REPORTS OF DR. LARRY MILLER

**MAY IT PLEASE THE COURT:**

Plaintiff, Lyndon T. Wright ("Plaintiff"), respectfully submits this Motion to Reconsider the Court's ruling granting the Defendants Forest River Inc. ("Forest River") and Shaw Environmental, Inc's. ("Shaw") (collectively, "defendants"), Motion to Strike the addendum to Dr. Larry Miller's expert report. The Plaintiff requests that the Court reconsider its ruling and re-urges all of their arguments in their original Opposition (Rec. Doc. 11012). The Court needs to know that the addendum to Dr. Miller's report does not contain **new opinions**, but provides observations and patient history that Dr. Miller wrote **during** his original consultation with the Plaintiff. The addendum should be allowed because the notes give answers to questions raised during Dr. Shwery and Dr. Thompson's depositions. Further, the Plaintiff avers that it would be

1

grossly unfair for Dr. Miller to not be able to testify regarding his notes of the Plaintiff's medical history and his evaluation of the Plaintiff.

Defendants, in their Joint Motion to Strike the Addendum to Dr. Miller's expert report (Rec Doc. 11282) argue that Dr. Miller is offering entirely new opinions about the Plaintiff's fear of cancer. This is not the case. Dr. Miller, in his original deposition accidentally left his office notes in Boston. By mutual agreement of the parties, the deposition was left open to address this issue at a later deposition. The information in the addendum is not new, it is simply the information contained in his office notes which the defendants now have. Defendants argue that Dr. Miller purposely withheld reliance material in an attempt to prejudice the defendants by offering it a later date. This theory is ludicrous and incorrect. The Plaintiff has no reason to withhold valuable material such as Dr. Miller's notes of his evaluations and is now being punished for an oversight. There is no attempt at subterfuge or any other nefarious motivation on the part of the Plaintiff to withhold the notes except for pure human error.  It would in fact prejudice the Plaintiff more than the Defendants if Dr. Miller is not allowed to add an integral and pivotal part of his evaluation of the Plaintiff, that is the reasons why the reasons why he did not tell the Plaintiff if he was at increased risk of cancer.

The Defendants also allege in their Memorandum that whether or not Lyndon's fear of developing cancer is "rationally-based" is a question of fact for the jury to decide and further that Dr. Miller is not qualified to testify about Lyndon's fear of cancer. The Plaintiff would like to clarify what is in Dr. Miller's addendum is not whether he personally believes Lyndon should fear cancer, but rather based on Dr. William's report on cancer risk, it is a reasonable fear. Dr. Miller notes Lyndon's discussion of this, but was not aware that the issue was raised in Dr. Shwery and Dr. Thompson's depositions until he read the transcripts.  In fact, Dr. Miller admits

he did not advise the Plaintiff on whether or not his fear of cancer is a real threat, but rather if it is a *valid fear*. Dr. Miller actually advised the Plaintiff to seek further information from his treating physicians regarding his future risks and needs because he is not the Plaintiff's treating physician, therefore he believed it inappropriate to advise the Plaintiff as to his future medical risks. For the reasons articulated above, the Plaintiff respectfully requests that the Court reconsider their ruling and grant the Motion to Reconsider.

        Respectfully submitted:

        **FEMA TRAILER FORMALDEHYDE**
        **PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:    504/522-2304
        Facsimile:    504/528-9973
        gmeunier@gainsben.com

        s/Justin I. Woods
        JUSTIN I. WOODS, #24713
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:    504/522-2304
        Facsimile:    504/528-9973
        jwoods@gainsben.com

        **COURT-APPOINTED PLAINTIFFS'**
        **STEERING COMMITTEE**
        ANTHONY BUZBEE, Texas # 24001820
        RAUL BENCOMO, #2932
        FRANK D'AMICO, #17519
        MATT MORELAND, #24567
        LINDA NELSON, #9938
        MIKAL WATTS, Texas # 20981820
        ROBERT BECNEL, #14072
        DENNIS REICH, Texas # 16739600

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                              s/Gerald E. Meunier
                                              GERALD E. MEUNIER # 9471