UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | 07-md-1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY | * | SECTION: N(5) |
| LITIGATION | * | |
| | * | JUDGE: ENGELHARDT |
| | * | |
| | * | MAG: CHASEZ |

This document is related to:
*Charlie Age, et al. v. Gulf Stream Coach, Inc., et al., No. 09-2892*
Alana Alexander, individually and on behalf of Christopher Cooper,
As Severed

---

## FLOUR ENTERPRISES, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO RETAX COSTS

Defendant, Fluor Enterprises, Inc. (FEI), submits this Response to Plaintiff's Motion to Retax Costs.

### BACKGROUND

Plaintiff Alana Alexander was unsuccessful in prosecuting her claims against Defendants FEI Enterprises, Inc. (FEI), and Gulf Stream Coach, Inc. (Gulf Stream). Judgment in favor of FEI and Gulf Stream was entered on October 6, 2009. Pursuant to Local Rule 54.3 and 28 USC 28 U.S.C. §1920, FEI moved to recover the allowed costs of its defense.

On December 2, 2009, the Honorable Loretta Whyte, Clerk of Court, held a hearing at which arguments, facts, costs, and invoices were presented and discussed. The Clerk requested additional information that was discussed during the hearing. FEI submitted the requested information to the Clerk via email (as directed by the Clerk) on December 3, 2009, and copied Plaintiff's counsel, Justin Woods, who appeared for Plaintiff at the December 2nd hearing. On January 19, 2010, FEI was awarded $116,543.07. Plaintiff now moves this Court to "retax"

1

those costs awarded by the Clerk, which FEI assumes is a request for review by the Court of the Clerk's actions pursuant to Fed. R. Civ. P. 54(d) (1).

## ARGUMENT AND AUTHORITY

Plaintiff's arguments notwithstanding, the Court's judgment plainly and expressly assesses costs against Plaintiff. Plaintiff accuses FEI and Gulf Stream of "sloppiness" for alleged errors in their Bills of Costs. However, Plaintiff fails to provide the Court with the current language of 28 U.S.C. §1920, as amended in 2008. Specifically, Plaintiff quotes and cites to the wrong language for subparts (2) and (4), the two provisions under which the vast majority of the costs were awarded. The allowable costs are in part defined by 28 U.S.C. §1920, and as amended in 2008 provide as follows:

> A judge or clerk of any court of the United States may tax costs as follows:
>
> (1) Fees of the clerk and marshal;
> **(2) Fees of the printed or electronically recorded transcripts necessarily obtained for use in the case;**
> (3) Fees and disbursements for printing and witnesses;
> **(4) Fees for exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case;**
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Plaintiff asserts the list provided in 28 U.S.C. §1920, before or after the 2008 amendment, is the sole and exclusive list of costs that can be awarded. Plaintiff insists this Court has no leeway or discretion to interpret the very general terms of the statute. To support this proposition, Plaintiff relies heavily upon *Crawford Fitting Co.v. J.T. Gibbons, Inc.* 482 U.S. 473 (1987). Plaintiff urges this Court to take the narrowest, most limited, reading of 28 U.S.C. §1920; however in *Crawford,* the Supreme Court addressed neither 28 U.S.C. §1920 (2) nor (4), the two provisions primarily at issue on Plaintiff's motion. But after *Crawford* (and even before

2

the 2008 amendment noted above) the Fifth Circuit acknowledged that the very terms of 28 U.S.C. §1920 require interpretation because the statutory intent is not always evident on the face of the statute:

> Although *§ 1920* does not specifically mention depositions, a number of courts have interpreted *§ 1920(2)*, which refers to "fees of the court reporter" and *§ 1920(4)*, which refers to "fees for exemplification and copies of papers necessarily obtained for use in [a] case," to authorize taxing the costs of deposition originals and deposition copies.

*West Africa Line, Ltd. v. Corpus Christi Marine Services*, Co., 834 F.2d 1232, 1237-1238 (1988). *See also, United States v. Kolesar*, 313 F.2d 128 (5th Cir. 1963)(deposition copy was taxable as a matter of statutory construction under *§ 28 U.S.C. §1920(4)*, if the copy was necessarily obtained for use in the case).

Moreover, having missed the current language of the statute, Plaintiff does not address the obvious and significant changes embodied in the 2008 amendment to 28 U.S.C. §1920, since the *Crawford* opinion. Here is a side-by-side comparison of the relevant language:

| 1920 | 1978 Version | 2008 Version |
| --- | --- | --- |
| (2) | Fees of the **Court reporter** for all or any part of the **stenographic transcript** obtained for use in the case | Fees of the **printed or electronically recorded transcripts** necessarily obtained for use in the case |
| (4) | Fees for exemplification and copies **of papers** necessarily used for use in the case | Fees for exemplification and copies **of any materials** where the copies are necessarily obtained for use in the case |

Prior to the 2008 amendment, the language of 28 U.S.C. §1920 had not been changed for 30 years. However, the 2008 amendments to 28 U.S.C. §1920 subparts (2) and (4) are significant and cannot be ignored. The language changes in both of these provisions demonstrably expand the character and type of fees previously allowed.

3

**1.      COSTS SOUGHT BY FEI ARE NOT EXCESSIVE**

The costs sought by FEI were not excessive. Plaintiff complains that every single cost sought by FEI, whether awarded by the Clerk or not, was excessive. Plaintiff also claims that FEI did not provide a reasonable accounting of the costs it sought; however as discussed and detailed below, FEI provided hundreds of pages of invoices, spreadsheets, and clarifications with its initial motion to tax and, at the Clerk's request, after the December 2nd hearing in support. Plaintiff's arguments are meritless.

**A.      DEPOSITIONS**

**1. Witness Fees**

FEI submitted and was awarded no such fees.

**2. "Synch" fees**

Plaintiff complains that "synch" fees are not recoverable.[1] The Clerk awarded no such fees to FEI. At the December 2nd hearing, the Clerk specifically advised that she would award no video or synching fees, and requested that FEI submit to her by email a revised tally of the deposition costs. FEI did so, and this is precisely the figure that the Clerk awarded for this element of FEI's cost award. *See* Ex. "C" hereto (FEI's post-hearing submission) and compare same to the Clerk's award to FEI (Docket Entry No. 10621) ($78,621.73 awarded as compared to more than $94,000 originally sought).

Not only did the Clerk not err in any way harmful to Plaintiff on this point. If anything, the award to FEI is erroneously low because the Clerk excluded such fees. This is exactly the type of fee that should now be included within 28 U.S.C. §1920 (2) encompassed by the new statutory language "**electronically recorded transcripts.**"

---

[1] "Synching" is the process of electronically matching the text of a deposition transcript to the video image, so that precise cuts can be made for use at trial.

4

Synching was necessary in this case because of the many witnesses deposed and listed on multiple witness lists filed by the parties, including in the final pretrial order, as possible trial witnesses. Many witnesses were designated to testify by video at trial. At various points during the preparation of the Joint Trial Plan required by the Court, no less than 38 witnesses were designated to testify by video at trial. In order to properly edit the video to be played at trial, it was necessary to have the videotaped image synchronized with the text from the transcripts to ensure that only the stipulated portions of depositions, as well as those portions of deposition testimony to which one party objected, but that the Court ruled admissible, were played for the jury.

Although FEI did not seek review of this ruling of the Clerk, the reality is that rather than awarding excessive deposition fees to FEI, the Clerk erred by not awarding FEI $2,543.08 of fees for "synching" expenses of the depositions in this case. *See* the exhibits to FEI's original motion to tax costs (Docket Entry No. 6427) with respect to synching costs summarized and detailed on Exhibit "A" hereto.

### 3. Video Depositions

Plaintiff complains that 28 U.S.C. §1920 does not allow for video fees and the Clerk awarded none. *Compare* FEI's initial motion to tax costs seeking $94,613.86 for this element of costs (Docket Entry. No. 6427-4) *with* FEI's post-hearing submission (Ex. "C" hereto) *and* the Clerk's award of this element of costs (Docket Entry No. 10621) ($78,621.73). However, as discussed above, because so many witnesses were designated to be called by video and not called live, these videos were obtained as part of the necessary preparation for trial and costs of obtaining them should have been awarded. Even before the 2008 language change of 28 U.S.C. §1920(2), several circuits already allowed the award of costs for video taping of depositions,

5

although the Fifth Circuit was not then among them. *Craftsman Limousine, Inc. v. Ford Motor Co.,* 579 F.3d 894, 897-98 (8th Cir. 2009)(citing circuits permitting such recovery). However, now that 28 U.S.C. §1920(2) specifically authorizes recovery of fees for "**electronically recorded transcripts,**" the fees for videotaping of depositions should have been awarded in this case, as the Fifth Circuit decision on which Plaintiff relies for this point was not based on an interpretation of the new statutory language.

Thus, the Clerk's award to FEI is erroneously low due to the failure to award fees for the videotaping expenses of the depositions in this case. These costs amount to $19,871.27, as reflected in the exhibits to Fluor's initial motion to tax, Docket Entries Nos. 6427-4, 6427-5 and 6427-6, as summarized and detailed on Exhibit "A" attached hereto.

Therefore, between synching and video deposition costs, Plaintiff would have to identify more than $22,414.35(the sum of $19,871.27 and $2,543.08) of erroneous awards to FEI before the amount of the award could be reduced.

### 4. Expedited depositions

Plaintiff complains that costs for expediting deposition transcripts should be prohibited. In *Fogleman v. ARAMCO*, the Fifth Circuit reiterated its prior holding that the cost for expediting deposition transcripts may be justified if the "special character of the litigation necessitates expedited receipt of the transcript." 920 F.2d 278, 286 (5th Cir. 1991). In this case between April and September of 2009, as the first bellwether trial for this MDL, there were more than 100 depositions taken, all in anticipation that many, if not most, of the deposed witnesses—at least based on plaintiffs' own witness list submitted as part of the final pretrial order—would be testifying at trial. The pace of the deposition schedule in this case was nothing short of fast and furious. Even so, relatively few depositions were expedited or had rough drafts prepared

6

(ASCii format). FEI exercised discretion and only ordered expedited or rough draft transcripts when waiting for the standard delivery time was not possible. FEI did not order expedited or rough draft transcripts for the convenience of the attorneys, but did so only when one deposition was necessary to prepare for another deposition or was needed for use in a motion. FEI also expedited the Federal Rule 30(b)(6) deposition of Charles Whitaker and Robert Duckworth, who were deposed approximately three weeks before the start of trial, and in the midst of motion practice. These depositions were expedited to ensure that they could be used in pre-trial motions, and so that the witnesses could review and correct their testimony before trial.

### 5. Additional Charges

Plaintiff complains of "additional charges" included on various court reporters' statements for depositions. Specifically, Plaintiff argues that items like "minuscripts", indices, ASCii disks, and postage for delivery are not taxable costs. However, Plaintiff only cites to one Kansas and one Michigan Federal District Courts' opinions to support this proposition.

The language of 28 U.S.C. § 1920 has changed to include all fees for "printed or electronically recorded transcripts." Court reporters now routinely include a condensed version of the transcript, indices, and ASCii discs without an additional charge or as part of their standard service, for which there is a charge, whether such items are requested or not. Moreover, in this case, ASCii formatting was required by this Court's reporters for all testimony presented by video during trial. Thus, ASCii, the formatting usually used in rough drafts, was a required and specific necessity of this case.

### 6. Discovery Depositions

Although Plaintiff correctly states that depositions conducted purely for discovery are not recoverable costs under 28 U.S.C. §1920, there were no "discovery" depositions in this case.

7

There were depositions taken of people who did not testify at trial, but that is not the standard. The standard is that "[i]f, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party." *Coats v. Penrod*, 5 F.3d 877, 891 (5th Cir. 1993) citing to *Fogleman*, 920 F.2d at 285.

Although Plaintiff asserts that the parties took pure discovery depositions, Plaintiff fails to identify any such witnesses by name. Accordingly, the unspecified deduction Plaintiff requests is without merit.

### 7. Specific Items

Plaintiff makes a few specific complaints regarding the support for the costs awarded to FEI. Although Plaintiff accuses FEI of sloppiness,[2] several of the Plaintiff's contentions are themselves erroneous, as detailed below. In that regard, attached hereto is Exhibit "B," a revised spreadsheet of costs for the non-videotaped portion of the costs of all depositions for which FEI seeks reimbursement.

#### i. Burl Keel.

Plaintiff claims that the cost awarded for Mr. Keel's deposition should be $401.04 (6427-5 at p. 8). However, that invoice merely reflects that cost of a certified copy of Burl Keel's deposition. The actual cost of Mr. Keel's deposition is $1,018.37, as reflected in FEI's supporting documentation submitted with its motion to tax costs. (Docket Entry No. 6427-5 at p. 48). However, pursuant to the Fifth Circuit's holdings in *Folgeman* and *Coats*, both should have been included and awarded: "…a deposition copy obtained for use during trial or for trial preparation, rather than for the mere convenience of counsel, may be included in taxable cots."

---

[2] Where Plaintiff noted a legitimate error, FEI acknowledged the disparity and agreed to the correction; for example, at the hearing before the Clerk agreed to a computational error concerning the $94,000+ figure for transcripts.

8

*Coats v. Penrod*, 5 F.3d 877, 891 (5th Cir. 1993) citing to *Fogleman*, 920 F.2d at 285. The accurate total for Mr. Keels' deposition is $1,419.41, as the certified copy was not obtained for the mere convenience of the court, but for introduction at the time of trial.

> ii. *Daniel Shea.*

The cost of his deposition transcript was $998.31. FEI originally had it listed as $1,262.86, which was the cost of the deposition for Brian Shea, a cost inadvertently excluded from the total requested of the Clerk, but that is supported by the FEI's original submission (Docket Entry No. 6427-5 at pp. 48 and 49).

> iii. *James Shea.*

The cost for James Shea's deposition is $1,262.86 (Docket Entry No. 6427-5 at p. 48), as FEI noted in the spreadsheet submitted to the Clerk after the hearing (Ex. "C" hereto), and not $1,009.69, as Plaintiff claims.

> iv. *Certified copies of depositions.*

As discussed above regarding Mr. Keel's deposition, the Fifth Circuit is clear that both the cost of the deposition and costs of copies of depositions are both awardable under 28 U.S.C. §1920. FEI did not include the cost of certified copies in the spreadsheet submitted to the Clerk (Ex. "C" hereto), unless it was the only charge FEI had for obtaining that specific deposition. Plaintiff's claim that FEI should not be awarded these costs is entirely misplaced.

> v. *Expedited deposition of Whitaker and Duckworth.*

These gentlemen were deposed as the corporate representatives for FEI. They were deposed on August 18, 2009, just 26 days before trial in the case began. Many court reporters have a seven to ten day turn around on preparing depositions. In order to review and correct any

errors and to have their testimony available during ongoing motion practice, FEI had to have their depositions expedited.

### B. DAILY TRIAL TRANSCRIPTS

The Fifth Circuit, as well as the Tenth Circuit, have specifically acknowledged the inherent ability of the trial court to use its discretion under 28 U.S.C. §1920 to award costs for daily trial transcripts, even after the Supreme Court's decision in C*rawford*. *See Holmes v. Cessna Aircraft Co*. 11 F.3d 63, 63 (5th 1994); *Bolton v. West,* 871 F.2d 1266, 1278 (finding that fees for four copies of the daily transcript were allowable under 28 U.S.C. §1920, but that 11-12 copies were excessive and anything more than four copies was for the "sole convenience of the parties.") and *United States Indus., Inc. v. Touche Ross & Co.,* 854 F.2d 1223, 1248 (10th 1988).

In the trial of this case, daily transcripts were necessary and each defendant was charged for only one copy.  *See* Docket Entry No. 6427-6 at pp. 22 and 23. Obtaining daily copy was reasonable, and arguably necessary, due to the number of witnesses testifying in this, the first bellwether case, and due to the fast pace at which witnesses were presented.  As the Court well recalls, the witness list changed day-to-day and even hour-by-hour on certain days, including last minute changes to the order of witnesses.  Daily copy was essential in preparing for cross-examination and for summarizing testimony in closing.  FEI additionally used daily transcript testimony to support its Motion for a Directed Verdict at the close of Plaintiff's evidence mid-way through trial.

### C. COPIES

Plaintiff complains that Fluor did not "break out" the fees submitted for "exemplification and copies."  Plaintiff argues that FEI's copy costs include supplies such as tabs and binders.  However, this is untrue.  This point was specifically raised by Plaintiff at the hearing on

December 2, 2009, at which time counsel for FEI explained to both the Clerk and Plaintiff's counsel that fees for binders and tabs had been removed from FEI's total of $32,370.30. The Clerk did not ask FEI to revise its total for "copies and exemplifications." For Plaintiff to now claim FEI should have done so is disingenuous.

Plaintiff also complains that FEI should not have been awarded costs for color copies, imaging costs, scanning costs, Bates labeling and CD and DVD production. All discovery, documents, and depositions taken before FEI was a party to the MDL were produced in electronic form. For FEI to produce or obtain these items for use at trial (for which FEI would have traditionally made paper copies), the items had to be converted to electronic form or obtained from the document repository in electronic form. This included imaging, scanning, electronic Bates labeling, and CD and DVD production. 28 U.S.C. §1920 as amended in 2008 provides for recovery of these costs.

Plaintiff complains that color copies were obtained and the costs taxed, but offers no authority to support why color copies are in any way prohibited as an awardable cost.

### D. Witness Fees

FEI did not seek, and was not awarded, any witness fees.

### E. Fees for Service of Summons and Subpoena.

Plaintiff complains that 28 U.S.C. §1920 does not allow for awarding of fees for service of summons and subpoenas. 28 U.S.C. §1920 (1) allows for "[f]ees of the clerk and marshal". This Court's required form of the "Bill of Costs" has a provision for "Fees of the clerk" and "fees for summons and subpoena," which are fees of the marshal. FEI submitted its costs for service of subpoenas for trial witnesses and the Clerk properly awarded these costs to FEI.

### F. Other Costs

11

As FEI explained during the hearing on December 2, 2009, the "other costs" of $4,637.54 included in FEI's Bill of Costs, represent the costs of obtaining necessary information on CD and DVDs from the defendants' document repository. Traditionally, these items might have been produced in paper form and copied, but FEI was not brought into this MDL litigation until years after it began. Further, FEI was not named as a party in Plaintiff's case and did not know it would be going to trial until approximately 5-6 months before trial. A huge amount of information, discovery, and documents were produced by the parties before FEI was joined in the case. Consequently, FEI was in the position of having to "catch-up" with the litigation and discovery. Virtually all of the documents previously produced were held by a document repository, Choice. The invoices submitted with FEI's original motion to tax costs that support this "other costs" element of the FEI award, appear at Docket Entry Nos. 6427-6 at p. 48 to 6427-7 at p.16. All of those invoices are for the cost of obtaining copies of the CDs and DVDs FEI necessarily had to obtain to "catch-up" with prior discovery in the case. Discovery productions, records, documents, and depositions are no longer being provided in paper form; rather, the items are produced in electronic format, typically on CDs or DVDs, to liaison counsel, who forwards them to the repository and informs all other parties, like FEI, that the items are available for purchase there.

## II. PLAINTIFF'S ARGUMENTS THAT NO COSTS SHOULD BE AWARDED ARE MERITLESS

Plaintiff makes what amounts to a variety of equitable arguments why no cost recovery should be awarded to FEI. However, these arguments, whatever their merit[3], come too late. This Court entered a final judgment providing that "taxable costs [are] assessed against

---

[3] On the substance of Plaintiff's arguments to preclude any award of costs, FEI adopts Gulf's opposition at pages 5-6, except the argument concerning awarding costs against all plaintiffs in the MDL, as that too would amount to an improper amendment of the judgment.

12

plaintiff." (Docket Entry No. 4757) The time for making any arguments that the Court should award no costs was before entry of a judgment expressly making the award, not after. Not even the District Court may alter this aspect of the judgment at this point. Plaintiff's motion before the Court now qualifies neither as a Fed. R. Civ. P. 59(e) motion to alter or amend a judgment, as it is not filed within ten days of entry of the judgment on October 6, 2009, nor as a Fed. R. Civ. P. 60(a) motion to correct a clerical mistake. As result, any argument that "taxable costs [not be] assessed against plaintiff" is simply procedurally improper at this point and in this Court.

## IV. CONCLUSION

Because of the 2008 amendment to 28 U.S.C. §1920, the allowed costs taxable against the losing party have been expanded and Plaintiff's complaints regarding the excessive or unnecessary nature of the costs awarded by the Clerk in FEI's favor are misplaced. FEI should was entitled to be awarded costs for depositions, synching, videotaping of depositions, exemplification and copies of any materials (not just paper) that were necessarily obtained for use at trial. Over $22,000 of such costs were *not* awarded to FEI. Plaintiff should not be allowed to avoid the consequences of the litigation that she initiated.

Respectfully submitted,

**MIDDLEBERG, RIDDLE & GIANNA**

BY: */s/ Charles R. Penot, Jr.*
Charles R. Penot, Jr. (La. Bar No. 1530 &
Tx. Bar No. 24062455)
717 North Harwood, Suite 2400
Dallas, Texas 75201
Tel: (214) 220-6334; Fax: (214) 220-6807
cpenot@midrid.com

*-and-*

        Dominic J. Gianna, La. Bar No. 6063
        Sarah A. Lowman, La. Bar No. 18311
        201 St. Charles Avenue, Suite 3100
        New Orleans, Louisiana 70170
        Telephone: (504) 525-7200
        Facsimile: (504) 581-5983
        dgianna@midrid.com
        slowman@midrid.com

        *-and-*

        Richard A. Sherburne, Jr., La. Bar No. 2106
        450 Laurel Street, Suite 1101
        Baton Rouge, Louisiana 70801
        Telephone: (225) 381-7700
        Facsimile: (225) 381-7730
        rsherburne@midrid.com

**ATTORNEYS FOR FLUOR ENTERPRISES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2010, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sends notice of electronic filing to all counsel of record, including court-appointed liaison counsel, who are CM/ECF participants.

        */s/ Charles R. Penot, Jr.*

ND: 4852-7524-5829, v. 2