# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL NO. 1873

SECTION "N-5"

JUDGE ENGELHARDT
MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
(ALL CASES)

JURY TRIAL DEMANDED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### DEFENDANT RECREATION BY DESIGN, LLC'S, ANSWER TO PLAINTIFFS' THIRD SUPPLEMENTAL AND AMENDED MASTER COMPLAINT (R. Doc. 4486), FOURTH SUPPLEMENTAL AND AMENDED MASTER COMPLAINT (R. Doc. 7688) AND JURY TRIAL REQUEST

NOW INTO COURT, through undersigned counsel, comes defendant, Recreation By Design, LLC ("RBD"), who answers Plaintiffs' Third Supplemental and Amended Administrative Master Complaint (R. Doc. 4486) and Fourth Supplemental and Amended Administrative Master Complaint (R. Doc. 7688), by denying each and every allegation therein except as especially admitted as follows:[1]

### FIRST DEFENSE

Plaintiffs' Complaint, as amended and supplemented, fails to state a claim or cause of action against defendant upon which relief can be granted.

### SECOND DEFENSE

**AND NOW,** in answer to the specific allegations of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint (R. Doc. 4486), defendant responds, as follows:

---

[1]This answer "...shall constitute an answer in each action now pending or subsequently added to this proceeding."  (R. Doc. 1386, p. 4).

The allegations in the paragraph proceeding Paragraph I  constitute introductory statements and do not require a response from defendant.

1.

The allegations in Paragraph No. 1 regarding the alleged plaintiffs and procedural posture of certain alleged plaintiffs and claims and do not require a response from defendant.  To the extent a response is required, the allegations of Paragraph No. 1 are denied as they pertain to defendant.

2.

The allegations in Paragraph No. 2 deleting class action allegations previously pled do not require a response from defendant.  To the extent a response is required, defendant respectfully submits that the Court's record denying class certification is its own best evidence of the contents and rulings contained therein.

3.

The allegations in Paragraph No. 3 constitute introductory statements and do not require a response from defendant.  To the extent a response is required, defendant respectfully submits that the Court's record is its own best evidence of the contents and orders contained therein.

4.

The allegations in Paragraph No. 4 constitute introductory statements and do not require a response from defendant.  To the extent a response is required, defendant respectfully submits that Pre-Trial Order No. 36 (R. Doc.. 1386) and the Order dated August 19, 2009 (R. Doc.. 2760) are the best evidence of the contents contained therein.

5.

The allegations in Paragraph No. 5 assert legal conclusions and introductory statements that

do not require a response from defendant.  To the extent a response is required, the allegations in Paragraph No. 5 are denied for lack of sufficient information to justify a belief therein.

6.

The allegations in Paragraph No. 6 constitute introductory statements and legal conclusions and do not require a response from defendant.  To the extent a response is necessary, the allegations in Paragraph No. 6 are denied for lack of sufficient information to justify a belief therein.

7.

The allegations in Paragraph No. 7 constitute introductory statements and legal conclusions and do not require a response from defendant.  To the extent a response is required, the allegations in Paragraph No. 7 are denied for lack of sufficient information to justify a belief therein.

8.

The allegations in Paragraph 8 assert legal conclusions and do not require a response by defendant.  To the extent a response is required, the allegations in Paragraph 8 are denied for lack of sufficient information to justify a belief therein.

9.

The allegations in Paragraph 9 assert legal conclusions and do not require a response by defendant.  To the extent a response is required, the allegations in Paragraph 9 are denied for lack of sufficient information to justify a belief therein.

10.

The allegations in Paragraph 10 through 78 do not require a response by defendant. However, to the extent a response is required, the allegations in Paragraph 10 through 78 are denied for lack of sufficient information to justify a belief therein.

11.

In response to the allegations in Paragraph No. 79, other than to admit that defendant, Recreation by Design, LLC, is an Indiana Limited Liability Company that manufactures travel trailers, all other allegations of Paragraph 79 are denied.

12.

The allegations in Paragraph 80 through 115 do not require a response by defendant. However, to the extent a response is required, the allegations in Paragraph 80 through 115 are denied for lack of sufficient information to justify a belief therein.

13.

The allegations in Paragraph 116 assert legal conclusions and do not require a response by defendant. However, to the extent a response is required, other than to admit that the jurisdictional requirements of this Court are satisfied, the allegations of Paragraph 116 are denied for lack sufficient information to justify a belief therein.

14.

The allegations in Paragraph 117 assert legal conclusions and do not require a response by defendant. However, to the extent a response is required, other than to admit that each plaintiff alleges to have suffered damages in excess of $75,000, the remaining allegations of Paragraph 117 are denied for lack sufficient information to justify a belief therein.

15.

The allegations in Paragraph 118 assert legal conclusions and do not require a response by defendant. However, to the extent a response is required, other than to admit that the jurisdictional requirements of this Court are satisfied, the remaining allegations of Paragraph 118 are denied for

lack sufficient information to justify a belief therein.

16.

The allegations in Paragraph 119 assert legal conclusions and do not require a response by defendant. However, to the extent a response is required, other than to admit that the jurisdictional requirements of this Court are satisfied, the remaining allegations of Paragraph 119 are denied for lack sufficient information to justify a belief therein.

17.

The allegations in Paragraph 120 assert legal conclusions and do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 120 are denied for lack of sufficient information to justify a belief therein.

18.

The allegations in Paragraph 121 assert legal conclusions and do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 121 are denied for lack of sufficient information to justify a belief therein.

19.

The allegations in Paragraph 122 assert legal conclusions and do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 122 are denied for lack of sufficient information to justify a belief therein.

20.

The allegations in Paragraph 123 assert legal conclusions and do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 123 are denied for lack of sufficient information to justify a belief therein.

21.

The allegations in Paragraph 124 are denied for lack of sufficient information to justify a belief therein.

22.

The allegations in Paragraph 125 are denied for lack of sufficient information to justify a belief therein.

23.

The allegations in Paragraph 126 are denied for lack of sufficient information to justify a belief therein.

24.

The allegations in Paragraph 127 are denied for lack of sufficient information to justify a belief therein.

25.

The allegations in Paragraph 128 are denied for lack of sufficient information to justify a belief therein.

26.

To the extent the allegations contained in Paragraph 129 apply to defendant, the allegations are denied.  The remaining allegations contained in Paragraph 129 are denied for lack of sufficient information to justify a belief therein.  Further, to the extent that it is established through discovery, RBD affirmatively asserts that the named individuals did not use a product manufactured by RBD, and thus, have no basis for a claim against RBD.

27.

To the extent the allegations contained in Paragraph 130 apply to defendant, the allegations are denied.  The remaining allegations contained in Paragraph 130 are denied for lack of sufficient information to justify a belief therein.

28.

To the extent the allegations contained in Paragraph 131 apply to defendant, the allegations are denied.  The remaining allegations contained in Paragraph 131 are denied for lack of sufficient information to justify a belief therein.

29.

To the extent the allegations contained in Paragraph 132 apply to defendant, the allegations are denied.  The remaining allegations contained in Paragraph 132 are denied for lack of sufficient information to justify a belief therein.

30.

To the extent the allegations contained in Paragraph 133 apply to defendant, the allegations are denied.  The remaining allegations contained in Paragraph 133 are denied for lack of sufficient information to justify a belief therein.

31.

To the extent the allegations contained in Paragraph 134 apply to defendant, the allegations are denied as written.  The remaining allegations contained in Paragraph 134 are denied for lack of sufficient information to justify a belief therein.

32.

To the extent the allegations contained in Paragraph 135 apply to defendant, the allegations

are denied.  The remaining allegations contained in Paragraph 135 are denied for lack of sufficient information to justify a belief therein.

33.

To the extent the allegations contained in Paragraph 136 apply to defendant, the allegations are denied.  The remaining allegations contained in Paragraph 136 are denied for lack of sufficient information to justify a belief therein.

34.

The allegations in Paragraph 137 assert legal conclusions and do not require a response.  To the extent a response is required, other than to submit 24 C.F.R. § 3280.309 is its own best evidence, the remaining allegations in Paragraph 137 are denied as written.

35.

The allegations in Paragraph 138 are denied for lack of sufficient information to justify a belief therein.

36.

The allegations in Paragraph 139 assert a legal conclusion and no response is required by defendant.  To the extent a response is required, other than to submit that 24 C.F.R. § 3280.308 is its own best evidence, the allegations in Paragraph 139 are denied as written.

37.

The allegations in Paragraph 140 assert a legal conclusion and no response is required by defendant.  To the extent a response is required, other than to submit that 44 C.F.R. § 206.110(e) is its own best evidence, the allegations in Paragraph 140 are denied for lack of sufficient information to justify a belief therein.

38.

To the extent the allegations contained in Paragraph 141 apply to defendant, the allegations are denied as written.  The remaining allegations contained in Paragraph 141 are denied for lack of sufficient information to justify a belief therein.

39.

The allegations in Paragraph 142 do not appear to be directed toward defendant and do not require a response by defendant.   To the extent a response is required, other than to submit that 42 C.F.R.§4121; Public Law 93-288, Title I V, §408 (1998) and 42 C.F.R. §5174 (c)(1)(A) are their own best evidence, the allegations of Paragraph 142 are denied for lack of sufficient information to justify a belief therein.

40.

The allegations in Paragraph 143 do not appear to be directed toward defendant and do not require a response by defendant.   To the extent a response is required, the allegations in Paragraph 143 are denied for lack of sufficient information to justify a belief therein.

41.

The allegations in Paragraph 144 do not appear to be directed toward defendant and do not require a response by defendant.   To the extent a response is required, the allegations in Paragraph 144 are denied for lack of sufficient information to justify a belief therein.

42.

To the extent the allegations contained in Paragraph 145 apply to defendant, the allegations are denied.  The remaining allegations contained in Paragraph 145 are denied for lack of sufficient information to justify a belief therein.

43.

The allegations in Paragraph 146 do not appear to be directed toward defendant and do not require a response by defendant.   To the extent a response is required, the allegations in Paragraph 146 are denied for lack of sufficient information to justify a belief therein.

44.

The allegations in Paragraph 147 do not appear to be directed toward defendant and do not require a response by defendant.   To the extent a response is required, the allegations in Paragraph 147 are denied for lack of sufficient information to justify a belief therein.

45.

The allegations in Paragraph 148 do not appear to be directed toward defendant and do not require a response by defendant.   To the extent a response is required, the allegations in Paragraph 148 are denied for lack of sufficient information to justify a belief therein.

46.

The allegations in Paragraph 149 do not appear to be directed toward defendant and do not require a response by defendant.   To the extent a response is required, the allegations in Paragraph 149 are denied for lack of sufficient information to justify a belief therein.

47.

The allegations in Paragraph 150 do not appear to be directed toward defendant and do not require a response by defendant.  To the extent the allegations contained in Paragraph 150 apply to defendant, the allegations are denied as written.  The remaining allegations contained in Paragraph 150 are denied for lack of sufficient information to justify a belief therein.

48.

The allegations in Paragraph 151 do not appear to be directed toward defendant and do not require a response by defendant.   To the extent a response is required, the allegations in Paragraph 151 are denied for lack of sufficient information to justify a belief therein.

49.

The allegations in Paragraph 152 do not appear to be directed toward defendant and do not require a response by defendant.   To the extent a response is required, the allegations in Paragraph 152 are denied for lack of sufficient information to justify a belief therein.

50.

The allegations in Paragraph 153 do not appear to be directed toward defendant and do not require a response by defendant.   To the extent a response is required, the allegations in Paragraph 153 are denied for lack of sufficient information to justify a belief therein.

51.

The allegations in Paragraph 154 do not appear to be directed toward defendant and do not require a response by defendant.   To the extent a response is required, the allegations in Paragraph 154 are denied for lack of sufficient information to justify a belief therein.

52.

The allegations in Paragraph 155 do not appear to be directed toward defendant and do not require a response by defendant.   To the extent a response is required, the allegations in Paragraph 155 are denied for lack of sufficient information to justify a belief therein.

53.

The allegations in Paragraph 156 do not appear to be directed toward defendant and do not

require a response by defendant.   To the extent a response is required, the allegations in Paragraph
156 are denied for lack of sufficient information to justify a belief therein.

54.

The allegations in Paragraph 157 do not appear to be directed toward defendant and do not
require a response by defendant.   To the extent a response is required, the allegations in Paragraph
157 are denied for lack of sufficient information to justify a belief therein.

55.

The allegations in Paragraph 158 do not appear to be directed toward defendant and do not
require a response by defendant.   To the extent a response is required, the allegations in Paragraph
158 are denied for lack of sufficient information to justify a belief therein.  Furthermore, RBD
submits that any applicable owner's manual is its own best evidence.

56.

The allegations in Paragraph 159 do not appear to be directed toward defendant and do not
require a response by defendant.   To the extent a response is required, the allegations in Paragraph
159 are denied for lack of sufficient information to justify a belief therein.

57.

The allegations in Paragraph 160 do not appear to be directed toward defendant and do not
require a response by defendant.   To the extent a response is required, the allegations in Paragraph
160 are denied for lack of sufficient information to justify a belief therein.

58.

The allegations in Paragraph 161 do not appear to be directed toward defendant and do not
require a response by defendant.   To the extent a response is required, the allegations in Paragraph

12

161 are denied for lack of sufficient information to justify a belief therein.

59.

The allegations in Paragraph 162 do not appear to be directed toward defendant and do not require a response by defendant.   To the extent a response is required, the allegations in Paragraph 162 are denied for lack of sufficient information to justify a belief therein.

60.

The allegations in Paragraph 163 do not appear to be directed toward defendant and do not require a response by defendant.   To the extent a response is required, the allegations in Paragraph 163 are denied for lack of sufficient information to justify a belief therein.

61.

The allegations in Paragraph 164 do not appear to be directed toward defendant and do not require a response by defendant.   To the extent a response is required, the allegations in Paragraph 164 are denied for lack of sufficient information to justify a belief therein.

62.

The allegations in Paragraph 165 do not appear to be directed toward defendant and do not require a response by defendant.   To the extent a response is required, the allegations in Paragraph 165 are denied for lack of sufficient information to justify a belief therein.

63.

The allegations in Paragraph 166 do not appear to be directed toward defendant and do not require a response by defendant.   To the extent a response is required, the allegations in Paragraph 166 are denied for lack of sufficient information to justify a belief therein.

64.

The allegations in Paragraph 167 do not appear to be directed toward defendant and do not require a response by defendant.   To the extent a response is required, the allegations in Paragraph 167 are denied for lack of sufficient information to justify a belief therein.

65.

The allegations in Paragraph 168 do not appear to be directed toward defendant and do not require a response by defendant.   To the extent a response is required, the allegations in Paragraph 168 are denied for lack of sufficient information to justify a belief therein.

66.

The allegations in Paragraph 169 do not appear to be directed toward defendant and do not require a response by defendant.   To the extent a response is required, the allegations in Paragraph 169 are denied for lack of sufficient information to justify a belief therein.

67.

The allegations in Paragraph 170 do not appear to be directed toward defendant and do not require a response by defendant.   To the extent a response is required, the allegations in Paragraph 170 are denied for lack of sufficient information to justify a belief therein.

68.

The allegations in Paragraph 171 do not appear to be directed toward defendant and do not require a response by defendant.   To the extent a response is required, the allegations in Paragraph 171 are denied for lack of sufficient information to justify a belief therein.

69.

The allegations in Paragraph 172 do not appear to be directed toward defendant and do not

14

require a response by defendant.   To the extent a response is required, the allegations in Paragraph 172 are denied for lack of sufficient information to justify a belief therein.

70.

The allegations in Paragraph 173 do not appear to require a response by defendant.  To the extent a response is required, the allegations in Paragraph 173 are denied for lack of sufficient information to justify a belief therein.

71.

The allegations in Paragraph 174 do not appear to require a response by defendant.  To the extent a response is required, the allegations in Paragraph 174 are denied for lack of sufficient information to justify a belief therein.

72.

The allegations in Paragraph 175 do not appear to require a response by defendant. To the extent a response is required, the allegations in Paragraph 175 are denied for lack of sufficient information to justify a belief therein.

73.

The allegations in Paragraph 176 do not appear to require a response by defendant. To the extent a response is required, the allegations in Paragraph 176 are denied for lack of sufficient information to justify a belief therein.

74.

The allegations in Paragraph 177 do not appear to require a response by defendant.  To the extent a response is required, the allegations in Paragraph 177 are denied as written.

75.

The allegations in Paragraph 178 do not appear to require a response by defendant.  To the extent a response is required, the allegations in Paragraph 178 are denied as written.

76.

The allegations in Paragraph 179 do not appear to require a response by defendant.  To the extent a response is required, the allegations in Paragraph 179 are denied as written.

77.

The allegations in Paragraph 180 do not appear to require a response by defendant.  To the extent a response is required, the allegations in Paragraph 180 are denied as written.

78.

The allegations in Paragraph 181 do not appear to require a response by defendant.  To the extent a response is required, the allegations in Paragraph 181 are denied as written.

79.

The allegations in Paragraph 182 do not appear to require a response by defendant.  To the extent a response is required, the allegations in Paragraph 182 are denied for lack of sufficient information to justify a belief therein.

80.

The allegations in Paragraph 183 do not appear to require a response by defendant.  To the extent a response is required, the allegations in Paragraph 183 are denied for lack of sufficient information to justify a belief therein.

81.

The allegations in Paragraph 184 do not appear to require a response by defendant. To extent

a response is required, the allegations in Paragraph 184 are denied for lack of sufficient information to justify a belief therein.

82.

The allegations in Paragraph 185 do not appear to require a response by defendant. To extent a response is required, the allegations in Paragraph 185 are denied for lack of sufficient information to justify a belief therein.

83.

The allegations in Paragraph 186 do not appear to require a response by defendant. To extent a response is required, the allegations in Paragraph 186 are denied for lack of sufficient information to justify a belief therein.

84.

The allegations in Paragraph 187 do not appear to require a response by defendant. To extent a response is required, the allegations in Paragraph 187 are denied for lack of sufficient information to justify a belief therein.

85.

The allegations in Paragraph 188 do not appear to require a response by defendant. To extent a response is required, the allegations in Paragraph 188 are denied for lack of sufficient information to justify a belief therein.

86.

The allegations in Paragraph 189 do not appear to require a response by defendant. To extent a response is required, the allegations in Paragraph 189 are denied as written.

87.

The allegations in Paragraph 190 are denied for lack of sufficient information to justify a belief therein.

88.

The allegations in Paragraph 191 are denied for lack of sufficient information to justify a belief therein.

89.

The allegations in Paragraph 192 are denied for lack of sufficient information to justify a belief therein.

90.

The allegations of Paragraph 193 appear to be directed toward FEMA and do not require a response by defendant. However, to the extent a response is required, the allegations in Paragraph 193 are denied as written.

91.

The allegations in Paragraph 194 are denied for lack of sufficient information to justify a belief therein.

92.

The allegations in Paragraph 195 are denied for lack of sufficient information to justify a belief therein.

93.

The allegations in Paragraph 196 are denied for lack of sufficient information to justify a belief therein.

18

94.

The allegations in Paragraph 197 are denied for lack of sufficient information to justify a belief therein.

95.

The allegations in Paragraph 198 do not appear to require a response by defendant. However, to the extent a response is required, the allegations in Paragraph 198 are denied for lack of sufficient information to justify a belief therein.

96.

The allegations in Paragraph 199 do not appear to require a response by defendant. However, to the extent a response is required, the allegations in Paragraph 199 are denied for lack of sufficient information to justify a belief therein.

97.

In response to the allegations in Paragraph 200, defendant re-avers and reasserts its answers and defenses contained in its previously filed Answer ( R. Doc. 1038 ), as well as Paragraphs 1-96 above, as copied herein, *in extenso*. To the extent a response is required, the allegations in Paragraph 200 are denied.

98.

The allegations in Paragraph 201 are directed toward the Federal Government and/or constitute legal conclusions which do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 201 are denied for lack of sufficient information to justify a belief therein.

99.

The allegations in Paragraph 202 are directed toward the Federal Government and/or constitute legal conclusions which do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 202 are denied for lack of sufficient information to justify a belief therein.

100.

The allegations in Paragraph 203 are directed toward the Federal Government and/or constitute legal conclusions which do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 203 are denied for lack of sufficient information to justify a belief therein.

101.

The allegations in Paragraph 204 are directed toward the Federal Government and/or constitute legal conclusions which do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 204 are denied for lack of sufficient information to justify a belief therein.

102.

The allegations in Paragraph 205 are directed toward the Federal Government and/or constitute legal conclusions which do not  require a response by defendant. To the extent a response is required, the allegations in Paragraph 205 are denied for lack of sufficient information to justify a belief therein.

103.

The allegations in Paragraph 206 are directed toward the Federal Government and/or

constitute legal conclusions which do not require a response by defendant.  To the extent a response is required, the allegations in Paragraph 206 are denied for lack of sufficient information to justify a belief therein.

104.

The allegations in Paragraph 207 are directed toward the Federal Government and/or constitute legal conclusions which do not require a response by defendant.  To the extent a response is required, the allegations in Paragraph 207 are denied for lack of sufficient information to justify a belief therein.

105.

The allegations in Paragraph 208 are directed toward the Federal Government and/or constitute legal conclusions which do not require a response by defendant.  To the extent a response is required, the allegations in Paragraph 208 are denied for lack of sufficient information to justify a belief therein.

106.

The allegations in Paragraph 209 and all subparts therein including subparagraphs 209a through 209j appear to be directed toward the Federal Government and/or constitute legal conclusions which do not require a response by defendant.  To the extent a response is required, the allegations in Paragraph 209 and all subparts therein, including subparagraphs 209a through 209j, are denied for lack of sufficient information to justify a belief therein.

107.

In response to the allegations in Paragraph 210, defendant incorporates by reference the above responses as if they are fully repeated verbatim herein.  To the extent a further response is

21

required, the allegations in Paragraph 210 are denied.

108.

The allegations in Paragraph 211 constitute legal conclusions that do not require a response by defendant.  To the extent a response is required, the allegations in Paragraph 211 are denied for lack of sufficient information to justify a belief therein.

109.

The allegations in Paragraph 212 constitute legal conclusions that do not require a response by defendant.  To the extent a response is required, the allegations in Paragraph 212 are denied for lack of sufficient information to justify a belief therein.

110.

The allegations in Paragraph 213 are denied.

111.

The allegations in Paragraph 214 are denied.

112.

The allegations in Paragraph 215 are denied.

113.

The allegations in Paragraph 216 and all subparts therein, including 216a through 216k, are denied.  In further response, to the extent that the court has determined that plaintiffs' claims are dismissed in its order and reasons (R. Doc. 984) on the manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, plaintiffs' claims are denied.

114.

The allegations in Paragraph 217 through 228 do not appear to be directed toward defendant

and/or constitute legal conclusions which do not require a response by defendant.  To the extent a response is required, the allegations in Paragraph 217 through 228 are denied for lack of sufficient information to justify a belief therein.  Further, RBD submits that any document is its own best evidence of the contents contained therein.

115.

In response to the allegations in Paragraph 229, defendant re-avers and reasserts its answers and defenses contained in its previously filed Answer ( R. Doc. 1038 ), as well as Paragraphs 1-114 above, as copied herein, *in extenso*.  To the extent a response is required, the allegations in Paragraph 229 are denied.

116.

The allegations in Paragraph 230 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 230 are denied.

117.

The allegations in Paragraph 231 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 231 are denied.

118.

The allegations in Paragraph 232 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 232 are denied.

119.

The allegations in Paragraph 233 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 233 are denied.

120.

The allegations in Paragraph 234 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 234 are denied.

121.

The allegations in Paragraph 235 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 235 are denied.

122.

The allegations in Paragraph 236 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 236 are denied.

123.

The allegations in Paragraph 237 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 237 are denied.

124.

The allegations in Paragraph 238 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 238 are denied.

125.

The allegations in Paragraph 239 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 239 are denied.

126.

In response to the allegations in Paragraph 240, defendant re-avers and reasserts its answers and defenses contained in its previously filed Answer ( R. Doc. 1038 ), as well as Paragraphs 1-125 above, as copied herein, *in extenso*. To the extent a response is required, the allegations in Paragraph

240 are denied.

127.

The allegations in Paragraph 241 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 241 are denied.

128.

In response to the allegations in Paragraph 242, defendant re-avers and reasserts its answers and defenses contained in its previously filed Answer ( R. Doc. 1038 ), as well as Paragraphs 1-127 above, as copied herein, *in extenso*. To the extent a response is required, the allegations in Paragraph 242 are denied.

129.

The allegations in Paragraph 243 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 243 are denied.

In further response, to the extent that the Court has determined that plaintiffs' claims are dismissed in its Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, plaintiffs' claims are denied.

130.

In response to the allegations in Paragraph 244, defendant re-avers and reasserts its answers and defenses contained in its previously filed Answer ( R. Doc. 1038), as well as Paragraphs 1-129 above, as copied herein, *in extenso*.  To the extent a response is required, the allegations in Paragraph 244 are denied.

131.

The allegations in Paragraph 245 constitute legal conclusions that do not require a response

by defendant. To the extent a response is required, the allegations in Paragraph 245 are denied.

132.

The allegations in Paragraph 246 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 246 are denied.

133.

The allegations in Paragraph 247, and all subparts therein, including Paragraphs 247a through 247e, appear to constitute legal conclusions that do not require a response by defendant.  To the extent a response is required, the allegations in Paragraph 247 and all subparts therein, including 247a through 247e, are denied.  In further response, to the extent that the court has determined that plaintiffs' claims are dismissed in its order and reasons (R. Doc. 484) on the manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, Plaintiffs' claims are denied.

134.

In response to the allegations in Paragraph 248, defendant re-avers and reasserts its answers and defenses contained in its previously filed Answer (R. Doc. 1038), as well as Paragraphs 1-133 above, as copied herein, *in extenso*. To the extent a response is required, the allegations in Paragraph 248 are denied.

135.

The allegations in Paragraph 249 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 249 are denied.

In further response, to the extent that the Court has determined that plaintiffs' claims are dismissed in its Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, plaintiffs' claims are denied.

136.

The allegations in Paragraph 250 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 250 are denied.

137.

The allegations in Paragraph 251 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 251 are denied.

138.

The allegations in Paragraph 252 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 252 are denied.

139.

The allegations in Paragraph 253 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 253 are denied.

140.

The allegations in Paragraph 254 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 254 are denied.

141.

The allegations in Paragraph 255 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 255 are denied

142.

The allegations in Paragraph 256 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 256 are denied.

143.

The allegations in Paragraph 257 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 257 are denied.

144.

The allegations in Paragraph 258 constitute legal conclusions that do not require a response by defendant. To the extent a response is required the allegations in Paragraph 258 are denied.

145.

The allegations in Paragraph 259 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 259 are denied.

146.

In response to the allegations in Paragraph 260, defendant re-avers and reasserts its answers and defenses contained in its previously filed Answer ( R. Doc. 1038), as well as Paragraphs 1-145 above, as copied herein, *in extenso*.  To the extent a response is required, the allegations in Paragraph 260 are denied.

147.

The allegations in Paragraph 261 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 261 are denied.

148.

In response to the allegations in Paragraph 262, defendant re-avers and reasserts its answers and defenses contained in its previously filed Answer ( R. Doc. 1038), as well as Paragraphs 1-147 above, as copied herein, *in extenso*. To the extent a response is required, the allegations in Paragraph 262 are denied.

149.

The allegations in Paragraph 263 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 263 are denied.

In further response, to the extent that the Court has determined that plaintiffs' claims are dismissed in its Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, plaintiffs' claims are denied.

150.

In response to the allegations of Paragraph 264, defendant incorporates by reference the above responses as if they are fully repeated verbatim herein.  To the extent a further response is required, the allegations in Paragraph 264 are denied.

151.

The allegations in Paragraph 265 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 265 are denied.

152.

The allegations in Paragraph 266 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 266 are denied.

153.

The allegations in Paragraph 267 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 267 are denied.

154.

The allegations in Paragraph 268 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 268 are denied.

155.

The allegations in Paragraph 269 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 269 are denied.

156.

The allegations in Paragraph 270 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 270 are denied.

157.

The allegations in Paragraph 271 and all subparts therein, including Paragraphs 271a through 271g, constitute legal conclusions that do not require a response by defendant.  To the extent a response is required, the allegations in Paragraph 271 and all subparts therein, including Paragraphs 271a through 271g, are denied.  In further response, to the extent that the court has determined that plaintiffs' claims are dismissed in its order and reasons (R. Doc. 984) on the manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, Plaintiffs' claims are denied.

158.

The allegations in Paragraph 272 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 272 are denied.

159.

The allegations in Paragraph 273 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 273 are denied.

160.

The allegations in Paragraph 274 and all subparts therein, including Paragraphs 274a through 274d, constitute legal conclusions that do not require a response by defendant.  To the extent a

response is required, the allegations in Paragraph 274 and all subparts therein, including Paragraphs 274a through 274d, are denied.

161.

In response to the allegations in Paragraph 275, defendant re-avers and reasserts its answers and defenses contained in its previously filed Answer ( R. Doc. 1038), as well as Paragraphs 1-160 above, as copied herein, *in extenso*.  To the extent a response is required, the allegations in Paragraph 275 are denied.

162.

The allegations in Paragraph 276 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 276 are denied.

163.

The allegations in Paragraph 277 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 277 are denied.

164.

The allegations in Paragraph 278 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 278 are denied.

165.

The allegations in Paragraph 279 and all subparts therein, including Paragraphs 279a through 279h, constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 279 and all subparts therein, including Paragraphs 279a through 279h, are denied.  In further response, to the extent that the court has determined that plaintiffs' claims are dismissed in its order and reasons (R. Doc. 984) on the manufacturing

31

Defendants' Joint Rule 12(b) Motions to Dismiss, Plaintiffs' claims are denied.

166.

The allegations in Paragraph 280 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 280 are denied.

167.

In response to the allegations in Paragraph 281, defendant re-avers and reasserts its answers and defenses contained in its previously filed Answer ( R. Doc. 1038), as well as Paragraphs 1-166 above, as copied herein, *in extenso*.  To the extent a response is required, the allegations in Paragraph 281 are denied.

168.

The allegations in Paragraph 282 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, defendant asserts that its product did not contain any defects.  In further response, the allegations in Paragraph 282 are denied as written.

Additionally, to the extent that the Court has determined that plaintiffs' claims are dismissed in its Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, plaintiffs' claims are denied.

169.

The allegations in Paragraph 283 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 283 are denied.

In further response, to the extent that the Court has determined that plaintiffs' claims are dismissed in its Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, plaintiffs' claims are denied.

170.

The allegations in Paragraph 284 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 284 are denied.

In further response, to the extent that the Court has determined that plaintiffs' claims are dismissed in its Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, plaintiffs' claims are denied.

171.

The allegations in Paragraph 285 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 285 are denied.

In further response, to the extent that the Court has determined that plaintiffs' claims are dismissed in its Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, plaintiffs' claims are denied.

172.

The allegations in Paragraph 286 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 286 are denied.

In further response, to the extent that the Court has determined that plaintiffs' claims are dismissed in its Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, plaintiffs' claims are denied.

173.

In response to the allegations in Paragraph 287, defendant incorporates by reference the above responses as if they are fully repeated verbatim herein.  To the extent a further response is required, the allegations in Paragraph 287 are denied.

33

174.

The allegations in Paragraph 288 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 288 are denied for lack of sufficient information to justify a belief therein.

175.

The allegations in Paragraph 289 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 289 are denied for lack of sufficient information to justify a belief therein.

176.

The allegations in Paragraph 290 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, defendant asserts that its product did not contain any defects.  In further response, the allegations in Paragraph 290 are denied as written.

Additionally, to the extent that the Court has determined that plaintiffs' claims are dismissed in its Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, plaintiffs' claims are denied.

177.

The allegations in Paragraph 291 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 291 are denied.

In further response, to the extent that the Court has determined that plaintiffs' claims are dismissed in its Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, plaintiffs' claims are denied.

34

178.

The allegations in Paragraph 292 constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 292 are denied.

In further response, to the extent that the Court has determined that plaintiffs' claims are dismissed in its Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, plaintiffs' claims are denied.

179.

In response to the allegations in Paragraph 293, defendant re-avers and reasserts its answers and defenses contained in its previously filed Answer (R. Doc. 1038), as well as Paragraphs 1-178 above, as copied herein, *in extenso*. To the extent a response is required, the allegations in Paragraph 293 are denied.

180.

The allegations in Paragraph 294 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, the allegations in Paragraph 294 are denied for lack of sufficient information to justify a belief therein.

181.

The allegations in Paragraph 295 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, the allegations in Paragraph 295 are denied for lack of sufficient information to justify a belief therein.

182.

The allegations in Paragraph 296 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, defendant asserts that its product did not contain any defects. The remainder of the allegations in Paragraph 296 are denied for lack of sufficient information to justify a belief therein.

183.

The allegations in Paragraph 297 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, the allegations in Paragraph 297 are denied for lack of sufficient information to justify a belief therein.

184.

The allegations in Paragraph 298 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, the allegations in Paragraph 298 are denied for lack of sufficient information to justify a belief therein.

185.

The allegations in Paragraph 299 and all subparts therein, including Paragraphs 299a through 299i, do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required, the allegations in Paragraph 299 and all subparts therein, including Paragraphs 299a through 299i, are denied for lack of sufficient information to justify a belief therein.

186.

In response to the allegations of Paragraph 298 (sic), defendant incorporates by reference the above responses as if they are fully repeated verbatim herein.  To the extent a further response is required, the allegations in Paragraph 298 (sic) are denied.

187.

The allegations in Paragraph 299 (sic) do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, the allegations in Paragraph 299 (sic) are denied for lack of sufficient information to justify a belief therein.

188.

The allegations in Paragraph 300 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, the allegations in Paragraph 300 are denied for lack of sufficient information to justify a belief therein.

189.

The allegations in Paragraph 301 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, the allegations in Paragraph 301 are denied for lack of sufficient information to justify a belief therein.

190.

The allegations in Paragraph 302 and all subparts therein, including Paragraphs 302a through 302b, do not appear to be directed toward defendant and/or constitute legal conclusions that do not

require a response by defendant.  To the extent a response is required, the allegations in Paragraph 302 and all subparts therein, including Paragraphs 302a through 302b, are denied for lack of sufficient information to justify a belief therein.

191.

The allegations in Paragraph 303 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, the allegations in Paragraph 303 are denied for lack of sufficient information to justify a belief therein.

192.

The allegations in Paragraph 304 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, the allegations in Paragraph 304 are denied for lack of sufficient information to justify a belief therein.

193.

In response to the allegations in Paragraph 305, defendant re-avers and reasserts its answers and defenses contained in its previously filed Answer (R. Doc. 1038), as well as Paragraphs 1-192 above, as copied herein, *in extenso*.  To the extent a response is required, the allegations in Paragraph 305 are denied.

194.

The allegations in Paragraph 306 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, the allegations in Paragraph 306 are denied for lack of sufficient information

to justify a belief therein.

195.

The allegations in Paragraph 307 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, the allegations in Paragraph 307 are denied for lack of sufficient information to justify a belief therein.

196.

The allegations in Paragraph 308 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, the allegations in Paragraph 308 are denied for lack of sufficient information to justify a belief therein.

197.

The allegations in Paragraph 309 and all subparts therein, including Paragraphs 309a through 309b, do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant.  To the extent a response is required, the allegations in Paragraph 309 and all subparts therein, including Paragraphs 309a through 309b, are denied for lack of sufficient information to justify a belief therein.

198.

The allegations in Paragraph 310 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, the allegations in Paragraph 310 are denied for lack of sufficient information to justify a belief therein.

39

199.

The allegations in Paragraph 311 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, the allegations in Paragraph 311 are denied for lack of sufficient information to justify a belief therein.

200.

In response to the allegations in Paragraph 312, defendant re-avers and reasserts its answers and defenses contained in its previously filed Answer (R. Doc. 1038), as well as Paragraphs 1-199 above, as copied herein, *in extenso*.  To the extent a response is required, the allegations in Paragraph 312 are denied.

201.

The allegations in Paragraph 313 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, defendant asserts that its product did not contain any defects.  The remainder of the allegations in Paragraph 313 are denied for lack of sufficient information to justify a belief therein.

202.

The allegations in Paragraph 314 do not appear to be directed toward defendant and constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, the allegations in Paragraph 314 are denied for lack of sufficient information to justify a belief therein.

203.

The allegations in Paragraph 315 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, defendant asserts that its product did not contain any defects.  The remainder of the allegations in Paragraph 315 are denied for lack of sufficient information to justify a belief therein.

204.

The allegations in Paragraph 316 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, defendant asserts that its product did not contain any defects.  The remainder of the allegations in Paragraph 316 are denied for lack of sufficient information to justify a belief therein.

205.

The allegations in Paragraph 317 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, the allegations in Paragraph 317 are denied.

206.

The allegations in Paragraph 318 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, the allegations in Paragraph 318 are denied.

207.

The allegations in Paragraph 319 do not appear to be directed toward defendant and/or

constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, the allegations in Paragraph 319 are denied.

208.

The allegations in Paragraph 320 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, the allegations in Paragraph 320 are denied.

209.

The allegations in Paragraph 321 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, the allegations in Paragraph 321 are denied.

210.

The allegations in Paragraph 322 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, the allegations in Paragraph 322 are denied.

211.

In response to the allegations in Paragraph 323, defendant re-avers and reasserts its answers and defenses contained in its previously filed Answer (R. Doc. 1038), as well as Paragraphs 1-210 above, as copied herein, *in extenso*. To the extent a response is required, the allegations in Paragraph 323 are denied.

212.

The allegations in Paragraph 324 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is

required by defendant, the allegations in Paragraph 324 are denied.

213.

The allegations in Paragraph 325 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, the allegations in Paragraph 325 are denied for lack of sufficient information to justify a belief therein.

214.

The allegations in Paragraph 326 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, the allegations in Paragraph 326 are denied for lack of sufficient information to justify a belief therein.

215.

In response to the allegations in Paragraph 327, defendant re-avers and reasserts its answers and defenses contained in its previously filed Answer (R. Doc. 1038), as well as Paragraphs 1-214 above, as copied herein, *in extenso*.  To the extent a response is required, the allegations in Paragraph 215 are denied.

216.

The allegations in Paragraph 328 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, the allegations in Paragraph 328 are denied for lack of sufficient information to justify a belief therein.

217.

In response to the allegations in Paragraph 329, defendant re-avers and reasserts its answers and defenses contained in its previously filed Answer (R. Doc. 1038), as well as Paragraphs 1-216 above, as copied herein, *in extenso*.  To the extent a response is required, the allegations in Paragraph 329 are denied.

218.

The allegations in Paragraph 330 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, the allegations in Paragraph 330 are denied for lack of sufficient information to justify a belief therein.

219.

The allegations in Paragraph 331 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, the allegations in Paragraph 331 are denied for lack of sufficient information to justify a belief therein.

220.

The allegations in Paragraph 332 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, the allegations in Paragraph 332 are denied for lack of sufficient information to justify a belief therein.

221.

The allegations in Paragraph 333 and all subparts therein, including Paragraphs 333a through

333b, do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant.  To the extent a response is required, the allegations in Paragraph 333 and all subparts therein, including Paragraphs 333a through 333b, are denied for lack of sufficient information to justify a belief therein.

222.

The allegations in Paragraph 334 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, the allegations in Paragraph 334 are denied for lack of sufficient information to justify a belief therein.

223.

The allegations in Paragraph 335 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, the allegations in Paragraph 335 are denied for lack of sufficient information to justify a belief therein.

224.

In response to the allegations in Paragraph 336, defendant re-avers and reasserts its answers and defenses contained in its previously filed Answer ( R. Doc. 1038), as well as Paragraphs 1-223 above, as copied herein, *in extenso*.  To the extent a response is required, the allegations in Paragraph 336 are denied.

225.

The allegations in Paragraph 337 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is

45

required by defendant, the allegations in Paragraph 337 are denied for lack of sufficient information to justify a belief therein.

226.

The allegations in Paragraph 338 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, the allegations in Paragraph 338 are denied for lack of sufficient information to justify a belief therein.

227.

The allegations in Paragraph 339 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, the allegations in Paragraph 339 are denied for lack of sufficient information to justify a belief therein.

228.

The allegations in Paragraph 340 and all subparts therein, including Paragraphs 340a through 340b, do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant.  To the extent a response is required, the allegations in Paragraph 340 and all subparts therein, including Paragraphs 340a through 340b, are denied for lack of sufficient information to justify a belief therein.

229.

The allegations in Paragraph 341 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, the allegations in Paragraph 341  are denied for lack of sufficient information

46

to justify a belief therein.

230.

The allegations in Paragraph 342 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, the allegations in Paragraph 342 are denied for lack of sufficient information to justify a belief therein.

231.

In response to the allegations in Paragraph 343, defendant re-avers and reasserts its answers and defenses contained in its previously filed Answer (R. Doc. 1038), as well as Paragraphs 1-230 above, as copied herein, *in extenso*. To the extent a response is required, the allegations in Paragraph 231 are denied.

232.

The allegations in Paragraph 344 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, the allegations in Paragraph 344 are denied for lack of sufficient information to justify a belief therein.

233.

The allegations in Paragraph 345 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, the allegations in Paragraph 345 are denied for lack of sufficient information to justify a belief therein.

234.

The allegations in Paragraph 346 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, the allegations in Paragraph 346 are denied for lack of sufficient information to justify a belief therein.

235.

The allegations in Paragraph 347 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, the allegations in Paragraph 347 are denied for lack of sufficient information to justify a belief therein.

236.

The allegations in Paragraph 348 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, the allegations in Paragraph 348 are denied for lack of sufficient information to justify a belief therein.

237.

The allegations in Paragraph 349 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, the allegations in Paragraph 349 are denied for lack of sufficient information to justify a belief therein.

238.

The allegations in Paragraph 350 and all subparts therein, including Paragraphs 350a through

350c, do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant.  To the extent a response is required, the allegations in Paragraph 350 and all subparts therein, including Paragraphs 350a through 350c, are denied for lack of sufficient information to justify a belief therein.

239.

The allegations in Paragraph 351 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, the allegations in Paragraph 351 are denied for lack of sufficient information to justify a belief therein.

240.

The allegations in Paragraph 352 do not appear to be directed toward defendant and/or constitute legal conclusions that do not require a response by defendant. To the extent a response is required by defendant, the allegations in Paragraph 352 are denied for lack of sufficient information to justify a belief therein.

241.

The allegations contained under the section entitled "*IX. Damages Asserted*" are denied, and defendant further asserts that the plaintiffs are not entitled to the damages claimed.

242.

The allegations in Paragraph 353 are denied.  RBD denies that Plaintiffs are entitled to any damages and calls for strict proof of the damages and claims.

243.

The allegations in Paragraph 354 are denied.  RBD denies that Plaintiffs are entitled to any

damages and calls for strict proof of the damages and claims.

244.

The allegations in Paragraph 355 are denied.  RBD denies that Plaintiffs are entitled to any damages and calls for strict proof of the damages and claims.

245.

The allegations in Paragraph 356 are denied.  RBD denies that Plaintiffs are entitled to any damages and calls for strict proof of the damages and claims.

246.

The allegations in Paragraph 357 are denied.  More specifically, defendant asserts plaintiffs are not entitled to punitive/exemplary damages.

247.

The allegations in Paragraph 358 are denied.  RBD denies that Plaintiffs are entitled to any damages and calls for strict proof of the damages and claims.

248.

The allegations in Paragraph 359 are denied.  RBD denies that Plaintiffs are entitled to any damages and calls for strict proof of the damages and claims.

249.

The allegations in Paragraph 360 are denied.  More specifically, defendant asserts plaintiffs are not entitled to punitive/exemplary damages.

250.

The allegations in Paragraph 361 are denied.  RBD denies that Plaintiffs are entitled to any damages and calls for strict proof of the damages and claims

251.

The allegations in Paragraph 362 are denied.  RBD denies that Plaintiffs are entitled to any damages and calls for strict proof of the damages and claims

252.

The allegations in Paragraph 363 are denied.  More specifically, defendant asserts plaintiffs are not entitled to punitive/exemplary damages.

253.

In response to the section entitled *"Request for Jury Trial"*, defendant asserts it is entitled to a trial by jury on all issues herein.

254.

The allegations in the section entitled "*Prayer for Relief*", and all subparts therein, constitute a prayer for relief to which defendant need not respond.  To the extent a response is necessary, defendant denies all allegations in this section and all subparts therein, and further asserts that the plaintiffs are not entitled to relief requested.

255.

The allegations contained in any and all unnumbered and/or misnumbered paragraphs of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

256.

Defendant reasserts and adopts all previous Answers and Affirmative defenses filed by defendant in response to prior complaints as if copied herein *in extenso*.

## ANSWER TO FOURTH SUPPLEMENTAL AND AMENDED ADMINISTRATIVE MASTER COMPLAINT

The allegations in the Paragraph proceeding Paragraph I constitute introductory statements and do not require a response from defendant.

### 257.

The allegations in Paragraph 1, modifying Paragraph 31 of the Third Amended Administrative Complaint, do not appear to be directed toward defendant and do not require a response by defendant.  To the extent a response is required, the allegations in Paragraph 1 are denied for lack of sufficient information to justify a belief therein.

### 258.

The allegations in Paragraph 2, modifying Paragraph 44 of the Third Amended Administrative Complaint,  do not appear to be directed toward defendant and do not require a response by defendant.  To the extent a response is required, the allegations in Paragraph 2 are denied for lack of sufficient information to justify a belief therein.

### 259.

The allegations in Paragraph 3, deleting Paragraph 45 of the Third Amended Administrative Complaint and Amending Paragraph 45 of the Third Amended Administrative Complaint, do not appear to be directed toward defendant and do not require a response by defendant.  To the extent a response is required, the allegations in Paragraph 3 are denied for lack of sufficient information to justify a belief therein.

### 260.

The allegations in Paragraph 4, Supplementing and Amending Paragraph 93 of the Third Amended Administrative Complaint do not appear to be directed toward defendant and do not

require a response by defendant.  To the extent a response is required, the allegations in Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

261.

The allegations in Paragraph 5 and all subparts therein, Supplementing and Amending Paragraph 113 of the Third Amended Administrative Complaint, including subparagraphs a through g do not appear to be directed toward defendant and do not require a response by defendant.  To the extent a response is required, the allegations in Paragraph 5, including subparagraphs a through g, are denied for lack of sufficient information to justify a belief therein.

262.

The allegations in Paragraph 6, Amending Paragraph 114, of the Third Amended Administrative Complaint, do not appear to be directed toward defendant and do not require a response by defendant.  To the extent a response is required, the allegations in Paragraph 3 are denied for lack of sufficient information to justify a belief therein.

263.

The allegations contained in any and all unnumbered and/or misnumbered paragraphs of the Fourth Supplemental and Amended Administrative Master Complaint are denied.

264.

The allegations in the "WHEREFORE" Paragraph of Plaintiffs' Fourth Supplemental and Amending Master Complaint do not require a response on the part of RBD.  To the extent a response is necessary, defendant denies all allegations in this section and all subparts therein and further asserts that the plaintiffs that are not entitled to the relief requested.  Moreover, in response to the allegations contained in the WHEREFORE Paragraph of Plaintiff's Fourth Supplemental and

Amending Master Complaint, RBD re-avers and reasserts its answers and defenses contained in its previously filed Answer (R. Doc. 1039), as well as Paragraphs 1-263 above, as copied herein *in extenso*.

## AFFIRMATIVE DEFENSES

**AND NOW, FURTHER ANSWERING**, defendant asserts the following affirmative defenses:

## THIRD DEFENSE

The claims against Defendant are barred, in whole or in part, by plaintiffs' failure to initiate suit within the period of time required by the applicable statutes of limitations and/or any applicable limitation of actions, or by preemption or prescription, or failure to initiate suit within the period of time required by the applicable prescriptive periods and/or any limitation of actions contained in any applicable contracts.

## FOURTH DEFENSE

Defendant  shows that its travel trailers were designed, constructed, and manufactured in conformity with industry standards and in compliance with FEMA specifications.  Defendant specifically denies the existence of any defect or defects that would render its product unreasonably dangerous under Louisiana Products Liability Act, and/or any other applicable law, contract, or standard.  Defendant specifically denies the existence of any defect or defects that would render its product unreasonably dangerous under the Louisiana Products Liability Act, any applicable limited warranty, if any, any other states' Products Liability Act, and/or any other applicable law, contract or standard.

## FIFTH DEFENSE

To the extent any of the defendant's travel trailers were manufactured according to the specifications of the United States Government, any alleged defect claimed herein, which is specifically denied, is the result of the standards of the United States Government over which defendant had no control.

## SIXTH DEFENSE

The allegations of the Administrative Master Complaint, as supplemented and amended, regarding class certification appear to have been removed.  However, out of an abundance of caution, defendant affirmatively asserts that plaintiffs' claims are not appropriate for class certification as is detailed in the Court's Order and Reasons denying class certification (R. Doc. 1014).

## SEVENTH DEFENSE

Defendant reasserts as affirmative defenses the defenses raised in the Manufacturing Defendants' Joint Rule 12(b)(6) Motions to Dismiss (R. Doc. 210), including defendant's joinder therein, and incorporates the Court's Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss as if plead herein, *in extenso.*

## EIGHTH DEFENSE

Solely in the alternative, in the event the Court finds plaintiffs have suffered any damages whatsoever, which is denied, the damages complained of resulted solely or substantially from the negligence, fault, or comparative fault of the plaintiffs through misuse and/or abuse and/or lack of maintenance of the travel trailers, failure to follow instructions for use, failure to heed applicable warnings, and/or through other acts or omissions which will be shown more fully at trial of this matter and which preclude recovery by plaintiffs or reduce any recovery by their respective

percentages of fault.

## NINTH DEFENSE

Further in the alternative, all damages complained of resulted solely or substantially from the negligence, fault or comparative fault of others from whom defendant is in no way responsible or liable.

## TENTH DEFENSE

Solely in the alternative, should this Court determine that the subject travel trailers exhibit some defect, which is specifically denied, then said defect was apparent and obvious and could be easily avoided or remedied, precluding any recovery by plaintiffs or the proposed class and/or which operates to reduce the recovery by plaintiffs' percentage of fault.

## ELEVENTH DEFENSE

All of the plaintiffs' claims against defendant are preempted or otherwise precluded by the statutes, standards, regulations and rules propagated by the Federal Government and/or Department of Transportation, Housing and Urban Development, FEMA, any other federal agency, and/or the plaintiffs' lease agreements with FEMA.

## TWELFTH DEFENSE

Defendant further pleads that plaintiffs' claims are, or may be, barred, in whole or in part, to the extent that the Economic Loss Doctrine applies and incorporates the Court's Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss as if plead herein, *in extenso*.

## THIRTEENTH DEFENSE

Defendant further pleads any and all defenses applicable and available to defendant under

any controlling Alabama statutes.

## FOURTEENTH DEFENSE

Defendant further pleads any and all defenses applicable and available to defendant under any controlling Texas statutes.

## FIFTEENTH DEFENSE

Any express or other warranty obligations that may be owed by defendant are strictly limited to the terms of the express warranty, if any applicable, including all of its limitations and exclusions, which are pleaded herein, as if copied *in extenso*.

## SIXTEENTH DEFENSE

Upon information and belief, plaintiffs have failed to mitigate their damages.

## SEVENTEENTH DEFENSE

Defendant hereby gives notice that it intends to rely upon any and all other such affirmative defenses as become available or apparent during the course of discovery, and reserves the right to amend its Answer to assert any and all such defenses.

## EIGHTEENTH DEFENSE

Defendant further pleads any and all defenses applicable and available to defendant under any controlling Mississippi statutes, including, but not limited to, the Mississippi Products Liability Act, MCA §11-1-63.

## NINETEENTH DEFENSE

In the event that discovery reveals the following, defendant specifically pleads that the accident and/or injuries sued upon herein occurred only and solely due to the substantial alteration and/or modification of the product sued upon herein, which alteration and/or modification was not

foreseeable, after it left hands of the manufacturer, which is specifically pleaded as a complete bar to any recovery against defendant.

## TWENTIETH DEFENSE

Defendant specifically pleads to the extent applicable, all defenses allowed under the Louisiana Products Liability Act, LSA-R.S.9:2800.51 et seq., and/or other Louisiana law, and/or any other states' Products Liability Act/Law.

## TWENTY-FIRST DEFENSE

Defendant specifically pleads that its product was reasonably fit for ordinary use.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims are, or may be, barred in whole or in part to the extent that the Administrative Master Complaint, as supplemented and amended, does not state a cause of action for punitive or exemplary damages against defendant sufficient in law whereby recovery may be had.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims are, or may be, barred in whole or in part to the extent that under the provisions of the Mississippi Code Ann. §88-5-7, defendants are liable only for the amount of the damages allotted to them, if any, in direct proportion of their percentages of fault, if any, with due respect to the total negligence of all parties whose actions caused or contributed to the incident and the damages of which are complained.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims are, or may be, barred in whole or in part to the extent that any award of punitive damages, to the extent they are even pled in the Administrative Master Complaint, as supplemented and amended, would be unconstitutional because the standards utilized to allow the

imposition of such damages that are so vague, both on their face and as applied, so as to fail to give adequate or sufficient notice of the prohibitive conduct.

**TWENTY-FIFTH DEFENSE**

Plaintiffs' claims are, or may be, barred in whole or in part to the extent that the award of punitive damages, to the extent they are even pled by the plaintiffs, would violate the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, separately, of the Constitution of the United States on each of the following separate and several grounds:

1. The procedures failed to provide means for awarding separate judgments against alleged tortfeasors;

2. The procedures failed to provide a limit on the amount of the award against separate defendants;

3. The procedures failed to provide specific standards for the award of punitive damages;

4. The procedures permit the award of punitive damages upon satisfaction of a standard of proof of loss less than that applicable to the imposition of criminal sanctions;

5. The procedures failed to provide a clear and consistent and appellate standard of review of an award of punitive damages;

6. The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and

7. The standards of conduct upon which punitive damages are sought are vague.

## TWENTY-SIXTH DEFENSE

Defendant demands a bifurcation of plaintiffs' claims for actual and punitive damages.

## TWENTY-SEVENTH DEFENSE

The exact damages/losses claimed by plaintiffs' are unknown to defendant and thus defendant cannot adequately determine all defenses that may be applicable to the plaintiffs' claims. Therefore, defendant expressly reserves by this reference the right to raise additional defenses to the extent that:

    a.    Additional defenses become applicable under state and federal law;

    b.    Additional defenses are established as discovery proceeds; and

    c.    Additional defenses are available under subsequently asserted theories of
          recovery.

## TWENTY-EIGHTH DEFENSE

Failure to state a claim for which relief can be granted to the extent plaintiffs' seek injunctive relief as there is no basis for same under the facts alleged in the complaint and applicable law.

## TWENTY-NINTH DEFENSE

Defendant specifically avers that to the extent any subject product was in fact manufactured by defendant, said product was designed, constructed and manufactured in conformity with state-of-the-art technology.

## THIRTIETH DEFENSE

Defendant specifically pleads all applicable defenses available under the Robert T. Stafford Disaster Relief and Emergency Assistance Act.

60

## THIRTY-FIRST DEFENSE

Defendant owed no duty to plaintiffs in this case.

## THIRTY-SECOND DEFENSE

If it is found that defendant owed a duty to plaintiffs, which it denies, the defendant did not breach that duty.

## THIRTY-THIRD DEFENSE

The injuries, damages, or losses alleged by defendant were not caused by any negligent or wrongful act or omission of any officer, agent, servant, or employee of the defendant.

## THIRTY-FOURTH DEFENSE

No negligent, wrongful act or omission of the defendant was the cause in fact, or in any way contributed to, plaintiffs' alleged injuries, damages, or losses.

## THIRTY-FIFTH DEFENSE

No negligent, wrongful act or omission of the defendant, was the proximate or legal cause, or in any way contributed to, plaintiffs' alleged injuries, damages, or losses.

## THIRTY-SIXTH DEFENSE

Any alleged injuries, damages, or losses sustained by plaintiffs were not caused by acts or omissions on the part of the defendant, but were caused, in whole or in part, by occurrences and conditions prior, or subsequent.

## THIRTY-SEVENTH DEFENSE

Any alleged injuries, damages, or losses sustained by plaintiffs were not caused by acts or omissions on the part of the defendant, but were caused, in whole or in part, by the negligence of third parties.

## THIRTY-EIGHTH DEFENSE

Any alleged injuries, damages, or losses sustained by plaintiffs were not caused by acts or omissions on the part of the defendant, but were caused, in whole or in part, by an intervening or superseding cause or event.

## THIRTY-NINTH DEFENSE

Plaintiffs have not suffered any compensable damages.

## FORTIETH DEFENSE

All future damages, if any, must be reduced to present value.

## FORTY-FIRST DEFENSE

Income taxes must be deducted from all alleged past and future lost earnings.

## FORTY-SECOND DEFENSE

Plaintiffs fail to state a claim for medical monitoring damages, to the extent they are alleged, because they have not alleged a specific or manifest injury.

## FORTY-THIRD DEFENSE

Plaintiffs' claims are barred because to the extent they are based upon actions taken by a public entity in response to Hurricanes Katrina and Rita.  Louisiana Revised Statute § 9:2800 et seq; Louisiana Civil Code Arts. 2317, 2317.1.

## FORTY-FOURTH DEFENSE

Plaintiffs' claims are barred by the Good Samaritan doctrine.

## FORTY-FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the principles of res judicata and/or collateral estoppel.

## FORTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, waiver, laches, release, unclean hands, and/or ratification.

## FORTY-SEVENTH DEFENSE

Failure to state a claim upon which relief can be granted to the extent the Complaint, as amended, fails to identify a particular plaintiff with alleged exposure to a product manufactured by defendant.

## FORTY-EIGHTH DEFENSE

Failure to state a claim because plaintiffs' failed to make any particularized allegations regarding their injuries and damages, and to the extent plaintiffs' failed to make any particularized allegations connecting any plaintiff to conduct by defendant.

## FORTY-NINTH DEFENSE

Failure to state a claim upon which relief can be granted to the extent plaintiffs seek to impose joint and several and/or solidary liability upon manufacturing defendants, as such claims are precluded by applicable law.

## FIFTIETH DEFENSE

Failure to state a claim upon which relief can be granted for attorney's fees, to the extent they are sought, as there is no basis under Louisiana, Mississippi, Alabama, Texas, or Federal law, and/or any other applicable law, for the awarding of attorney's fees based upon the facts alleged in the complaint.

## FIFTY-FIRST DEFENSE

Failure to state a claim upon which relief can be granted to the extent plaintiffs' seek property

damages under Louisiana, Mississippi, Alabama, or Texas law as plaintiffs are not entitled to recover same.

## FIFTY-SECOND DEFENSE

Failure to state a claim upon which relief can be granted to the extent plaintiffs seek compensatory damages as there is no basis for awarding same under the facts alleged in the complaint and applicable law.

## FIFTY-THIRD DEFENSE

Defendant adopts and re-avers all the defenses/affirmative defenses relative to the action raised by the other defendant manufacturers and/or defense liaison counsel.

## FIFTY-FOURTH DEFENSE

Failure to state a claim for breach of express and implied warranty under Mississippi, Texas, Alabama or any other applicable law as such claims are precluded as plaintiffs do not rely on privity of contract.

## FIFTY-FIFTH DEFENSE

Failure to state a claim for breach of implied and express warranty because those claims are not available to plaintiffs and to the extent that they are available, they are precluded by the Louisiana Products Liability Act and/or other applicable states' products liability act.

## FIFTY-SIXTH DEFENSE

Failure to state a claim for negligence and strict liability under Louisiana law, as they are precluded by the Louisiana Products Liability Act.

## FIFTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the government contractor defense, to

the extent applicable, regarding products purchased by the federal government.

### FIFTY-EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, based on the sophisticated user defense regarding products purchased by the federal government.

### FIFTY-NINTH DEFENSE

Failure to state a claim under Texas, Alabama, Mississippi, and/or Alabama laws to the extent that matched claimants, if any, did not reside in those jurisdictions.

### SIXTIETH DEFENSE

In the event that discovery reveals the following RBD specifically pleads that the product sued upon herein was not in a reasonably anticipated use at any relevant time.

### SIXTY-FIRST DEFENSE

RBD specifically states that it had no duty to warn the plaintiffs in this case because co-defendant, the United States of America was a sophisticated purchaser of the temporary housing units in questions, thereby absolving RBD of any duty to warn it may have had in this case.

### SIXTY-SECOND DEFENSE

RBD, pleads to the extent applicable, all defenses allowed under the La. Health Emergency Powers Act, LSA. R.S. 29:771.

### SIXTY-THIRD DEFENSE

Plaintiffs' claims are improperly joined with the claims of numerous other individuals and the joinder does not  comply with Federal Rules of Civil Procedure 20.  Thus, their claims must be served from the claims of the other named plaintiffs.

## SIXTY-FOURTH DEFENSE

To the extent applicable, RBD asserts insufficient process and insufficiency of service of process.

## SIXTY-FIFTH DEFENSE

RBD references and incorporates its previously filed Preservation of Defenses and Motions Lists.

## SIXTY-SIXTH DEFENSE

In the alternative, and to the extent applicable, RBD asserts all defenses allowed under La. R.S. 9:2771.

## SIXTY-SEVENTH DEFENSE

RBD requests a trial by jury.

**WHEREFORE**, defendant, Recreation by Design, LLC,  respectfully prays that the above Answer to the Third and Fourth Supplemental and Amended Administrative Master Complaints (R. Docs. 4486 and 7688) be deemed good and sufficient and that, after due proceedings are had, there be judgment rendered herein in favor of defendant and against the plaintiffs, dismissing their claims and requests for damages and other relief, at their costs, with prejudice, for a trial by jury, and for any and all such other general, special, legal, and equitable relief as the nature of the case and law may permit.

66

Respectfully submitted,

*/s/ Randall C. Mulcahy*
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
GARRISON, YOUNT, FORTE
& MULCAHY, L.L.C.
909 Poydras Street, Ste. 1800
New Orleans, LA 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Attorneys for defendant,
*Recreation By Design, LLC*
Email: rmulcahy@garrisonyount.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record who are CM/ECF participants.

*/s/ Randall C. Mulcahy*
RANDALL C. MULCAHY, Bar No. 26436