**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE | * | MDL NO. 1873 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION "N" (5) |
| THIS DOCUMENT RELATES TO:  09-2977 | * | |
| | * | JUDGE ENGELHARDT |
| *Lyndon T. Wright v. Forest River, Inc., et al.* | * | |
| | * | MAGISTRATE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### PLAINTIFF'S OPPOSITION TO DEFENDANT FOREST RIVER, INC.'S MOTION TO EXCLUDE PLAINTIFF'S ANIMATION EXHIBIT

MAY IT PLEASE THE COURT:

Plaintiff, Lyndon T. Wright, submits this opposition to Forest River Inc.'s ("Forest River") Motion to Exclude Plaintiff's Animation Exhibit.  This computer-generated video comports with Federal Rules of Evidence 401, 402 and 403.  Additionally, this video accurately depicts the actual construction of the Wright unit.  Therefore, Defendant, Forest River, Inc., the manufacturer of this unit, should be in no way prejudiced by this computer depiction. The graphics in this video are based on actual measurements taken by engineers and others who inspected the actual Forest River travel trailer that Lyndon Wright lived in post-Katrina.  Any risk of alleged prejudice is far exceeded by the relevancy and substantive value of this video.

Furthermore, this video is not duplicative of over five thousand (5,000) photographs and over fifteen (15) hours of videos taken during the destruction of the trailer but rather will assist the jury in understanding the manufacturing process, air circulation and ventilation of this actual unit as measured by the experts during their inspection of this unit.  Forest River has had sufficient opportunities to cross-examine the

1

engineers and experts who gathered the data that is the basis of this very detailed computerized depiction of the unit.

## I. BACKGROUND

This case is the second bellwether trial before this Court in the multi-district litigation of *In Re FEMA Formaldehyde Products Liability Litigation*. This Court in the first bellwether trial, *Age, et al. v. Gulf Stream Coach, Inc., et al. (09-2892) ("Alexander Trial")*, allowed Plaintiffs to utilize an almost identical computer-generated video of the travel trailer at issue in that trial.

The video Wright seeks to use as demonstrative evidence in this trial was created by the same computer technician, Reagan Johnson, and was based upon data collected by the same group of highly qualified experts. The only significant difference between Wright's computer-generated video and the video used by Plaintiffs in *Alexander* is there is a different manufacturer of the travel trailer at issue in the Wright matter, namely Forest River, Inc.

Additionally, this Court in *Alexander* allowed defendant Fluor Enterprises, Inc. to utilize a "model" travel trailer to aid the jury in visualizing the Gulf Stream travel trailer at issue in that case. The computer-generated video of the Forest River travel trailer lived in by Lyndon Wright is no different than the computer-generated video and "model" travel trailer utilized in this Court in the *Alexander Trial.*

## II. LAW AND ARGUMENT

**A.     This Computer-Generated Video is Demonstrative Evidence.**

Computer-generated evidence is classified in one of two categories and the category

determines the standard for admissibility. *See* 111 A.L.R. 5th 529 §2[a].  Computer-generated evidence  is either a computer-generated animation or computer-generated simulation.  *Id*.  A computer-generated animation is demonstrative evidence used to illustrate a witness's testimony by recreating a scene or process.  *Clark v. Cantrell*, 339 S.C. 369, 529 S.E.2d 528, 535 (2000).  A computer-generated simulation is based on scientific or physical principles and data entered into a computer, which is programmed to analyze the data and draw a conclusion from it and is substantive evidence.  *Id*.

Demonstrative evidence offered as an illustration of general scientific principles and not as a reenactment of disputed events does not have to meet the substantial similarity test.  *Muth v. Ford Motor Co., et al.*, 461 F.3d 557, 566 (5th Cir. 2006).  Demonstrations used to illustrate principles forming an expert's opinion are not required to reflect conditions substantially similar to those at issue in the trial.  *Hinkle v. City of Clarksburg, West Virginia*, 81 F3d 416, 424 (4th Cir. 1996).   The substantially similar test applies when a party seeks to introduce a video purporting to recreate events at issue at trial and the recreation is so life-like that the jury becomes unable to visualize an opposing viewpoint of the events.  *Hinkle* at 424-425.

This computer-generated video is an animation of the data collected by several highly qualified experts during inspection and destructive testing as well as drawings and specifications  provided by Forest River concerning the construction of this trailer.  This computer-generated video will be used by these experts to illustrate their testimony

related to the data collected during their testing of Plaintiff's trailer.[1]  Additionally, this video is not "so life-like" that the jury would become unable to visualize Forest River's viewpoint of the trailer.  The video is an illustration of what the experts called by Plaintiff would draw on a sketch pad to illustrate their testimony to a jury but will save valuable time at trial since these sketches are already prepared in advance.

Also, more importantly, the data underlying the video was not analyzed by a computer program that drew a conclusion and, thus, does not meet the definition of a simulation.  Therefore, this computer-generated video is demonstrative evidence that will aid the jury by providing them with a previously prepared visual that will allow them to better understand  the manufacturing process and from where and how formaldehyde was released into the unit.

Because this computer-generated video is an illustration of the scientific principles gathered during inspection and destructive testing by qualified experts and is not a reenactment of disputed events, Plaintiff does not have to meet the more stringent "substantial similarity test" asserted by Defendant Forest River.  However, even if this Court finds that the more stringent substantial similarity test applies to this computer-generated video, this more stringent standard is met.

This exhibit accurately reflects the manner in which Mr. Wright lived in this trailer and how formaldehyde was emitted into the trailer.  Defendant Forest River cites to several depositions in support of its argument that this computer-generated video is not an

---

[1]  Defendant's experts were in attendance at the inspection and testing performed by these experts and observed the taking of all measurements obtained during this inspection.

4

accurate representation of how Mr. Wright lived in this trailer.  However, Forest River fails to refer to any testimony by Mr. Wright or other individual that was there more than as an occasional guest.

Lyndon Wright testified during his deposition that he only opened the two small windows in the dining area of the trailer when he was cooking and briefly twice a week, when he cleaned the trailer.  Exhibit A, Deposition of Lyndon Wright, pp. 125-126, 312. Mr. Wright testified that he closed the windows when he left the unit and that he usually worked approximately twelve to sixteen hours a day. *Id.* at 75-76, 128.   Thus, the windows were closed the majority of the time.  Therefore, the video depicts the windows of the unit as closed and accurately depicts not only how formaldehyde was released into the unit but the manner in which Mr. Wright normally lived in the unit.

**B.     This Exhibit Meets the Federal Rules of Evidence 401, 402 and 403 Requirements for Admissibility.**

All relevant evidence is admissible.  Fed. Rule Evid. 402.  Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  Fed. Rule Evid. 401.  Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of: 1)  unfair prejudice,  2) confusion of the issues, or 3) misleading the jury; or by considerations of: 1) undue delay, 2) waste of time, or 3) needless presentation of cumulative evidence.  Fed. Rule Evid. 403.  Defendant Forest River asserts two arguments for excluding this exhibit: unfair prejudice and duplicative evidence.

5

i.      **This Exhibit is Relevant and Will Aid the Jury in Understanding Expert Testimony.**

Relevance and prejudice under Federal Rules of Evidence 401 and 403 are determined in the context of the facts and arguments in a particular case and are generally not amendable to broad *per se* rules that would exclude evidence. *Sprint/United Mgmt. v. Mendelsohn*, 552 U.S. 379, 388 (2008). The "basic standard of relevance . . . is a liberal one." *Daubert v. Merrell Dow Pharms*, 509 U.S. 579, 587 (1993). In an analogous circumstance, the Sixth Circuit admitted a six minute computer-animated videotape that depicted the operation of a circuit breaker at issue at trial and used during their expert testimony to demonstrate the inner workings of the circuit breaker. *In re Air Crash Disaster*, 86 F.3d 498, 538-539 (6th Cir. 1996)**.**

Plaintiff's case is factually and legally similar to the *Alexander Trial* in that Plaintiff intends to use a computer-generated video as demonstrative evidence to assist the jury in understanding certain expert testimony. Also, analogous to *In re Air Crash Disaster*, this video is less than ten minutes long and will allow the jury to visualize the construction of the trailer and release of formaldehyde into the unit as the experts describe and explain the process to the jury.

The video is relevant to facts and findings of the experts and should not be excluded by a broad per se rule asserted by Defendant Forest River. Plaintiff urges this Court to follow its prior ruling in the *Alexander Trial* and allow this computer-generated video.

ii.      **The Probative Value of This Exhibit Substantially Outweighs Any Danger of Unfair Prejudice.**

"Rule 403 does not exclude evidence because it is strongly persuasive or

6

compellingly relevant-the rule only applies when it is likely that the jury will be moved by a piece of evidence in a manner that is somehow unfair or inappropriate." *In re Air Crash Disaster* at 538.  In *In re Air Crash Disaster*, the court admitted a video even though it suggested a similarity to actual events and illustrated the proponent's version of events because the video was not offered as a simulation and the expert could have drawn the same information on a sketch pad in front of the jury. *Id.* at 539-540.  The court found that the video was not improper and its probative value was not substantially outweighed by its prejudicial effect because the video was limited to demonstrating the inner workings of the circuit breaker and the trial court instructed the jury about the limited basis of its admission. *Id.*  at 539.

The video at issue is not unfair or inappropriate.  Similar to the *Alexander Trial* and *In re Air Crash Disaster*, the probative value of this video is not substantially outweighed by its prejudicial effect.  This video is demonstrative evidence that illustrates the facts and findings of the experts.  This video is similar to experts sketching on a pad before the jury to provide the jury with a visual of the construction of the unit.

### iii.    This Exhibit is Not Duplicative of Direct Evidence Collected during Destructive Testing of This Forest River Travel Trailer.

Relevant evidence may be excluded if it leads to undue delay, waste of time or needless presentation of cumulative evidence.  Fed. Rule Evid. 403.  To the contrary, this computer-generated video is less than ten minutes in duration and will prevent undue delays, waste of time and presentment of cumulative direct evidence.  In effect, it will save the Court's time.

Plaintiff's experts, during the inspection and destructive testing of the unit, took

7

over five thousand (5,000) photographs of the unit and over fifteen (15) hours of video.

Allowing Plaintiff to consolidate all of these photographs, videos, and Forest River's

specifications and drawings into a short demonstrative video will reduce delays related to

the introduction of hundreds or thousands of  photographs, video clips and drawings and

specifications individually to show the concept that the video demonstrates in less than ten

minutes.  This video will allow the jury to easily follow the testimony of the experts by

providing a summary of all of the extensive direct evidence and data collected during the

inspection and destructive testing of this unit.

**C.      The Experts That Created The Underlying Data Utilized in The Exhibit All
          Present on Plaintiff's Witness List.**

Forest River asserts that it cannot sufficiently cross-examine the creator of this

computer-generated video or its contributors.  Plaintiff's witness list contains five experts

that provided the underlying data that led to the creation of the video.  These five experts

and their areas of expertise are as follows:

> 1.      Alexis Mallet, Jr., (design and construction issues expert);
>
> 2.      Ervin Ritter, P.E., (mechanical engineer);
>
> 3.      Dr. Stephen Smulski, Ph.D., (wood scientist);
>
> 4.      Charles David Moore, P.E., P.L.S. (engineer); and
>
> 5.      Paul LaGrange (HVAC design and construction expert).

These five experts were present during the inspection and destructive testing of this

Forest River unit.  These experts have been made available to Defendants by deposition

and are on Plaintiff's Witness List.  Therefore, the exclusion of Reagan Johnson, the

computer technician, from the witness list is not prejudicial to Forest River because the

8

individuals responsible for the underlying data are all available for cross-examination.

Additionally, Plaintiff provided this video to Forest River on January 22, 2010, seven days prior to the discovery deadline set by this Court in Rec. Doc. No. 2716.  Exhibit B.  Yet Forest River did not seek to depose Reagan Johnson, the computer technician, at that time.  However, if Defendants now wish to depose Reagan Johnson, Plaintiff will gladly produce him for deposition prior to trial.

Furthermore, Forest River's argument that it will not have an opportunity to attack this video through vigorous cross-examination but will only be able to do so through a piecemeal fashion is without merit.  Forest River may address any alleged deficiencies with the underlying data utilized in this video by questioning each expert about such alleged deficiency.  To expect a single expert to address alleged deficiencies in all of the data utilized in this video is unreasonable and would not provide the vigorous cross-examination Forest River allegedly seeks.

### III. <u>CONCLUSION</u>

This computer-generated video is demonstrative evidence almost identical to the video allowed by this Court in the *Alexander Trial*.  Additionally, this video is relevant and does not impose unfair prejudice upon defendant Forest River or waste this Court's time by causing undue delays or the presentment of cumulative evidence.  This video will aid the jury in understanding the experts' testimony and will save time and allow for a clearer presentation of the evidence.

Plaintiff prays that this Court rule consistently with its ruling in *Alexander* and allow Plaintiff to utilize this computer-generated video at trial of the captioned matter.

Respectfully submitted:


**FORMALDEHYDE TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**


BY:   */s/Gerald E. Meunier*
      GERALD E. MEUNIER, #9471
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier &
      Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone:   504/522-2304
      Facsimile:    504/528-9973
      gmeunier@gainsben.com


      */s/Justin I. Woods*
      JUSTIN I. WOODS, #24713
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier &
      Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone:   504/522-2304
      Facsimile:    504/528-9973
      jwoods@gainsben.com


**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
      ANTHONY BUZBEE, Texas # 24001820
      RAUL BENCOMO, #2932
      FRANK D'AMICO, #17519
      MATT MORELAND, #24567
      LINDA NELSON, #9938
      MIKAL WATTS, Texas # 20981820
      DENNIS REICH, Texas # 16739600
      ROBERT BECNEL, #14072

10

**CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I electronically mailed the foregoing document to all counsel of record who are non-CM/ECF participants.

*/s/Gerald E. Meunier*
GERALD E. MEUNIER, #9471

11