UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE | * | |
| | PRODUCTS LIABILITY | * | |
| | LITIGATION | * | SECTION: N(5) |
| | | * | |
| This Document Relates to: *Lyndon T. Wright v.* | | * | JUDGE ENGELHARDT: |
| *Forest River, Inc., et al*, Docket No. 09-2977 | | * | |
| | | * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO PROHIBIT REFERENCES TO THE FINANCIAL MATTERS OF BOBBIE WRIGHT

Defendants Forest River Inc. and Shaw Environmental, Inc. (collectively "defendants") submit this memorandum in opposition to plaintiff's motion *in limine*. As is detailed below, evidence related to the financial affairs of plaintiff's mother Bobbie Wright is relevant to the issue of mitigation of damages, and plaintiff's motion should be denied.

### BACKGROUND

Prior to hurricane Katrina, plaintiff Lyndon Wright resided with his mother, Bobbie Wright, in her home located at 2315 Seminole Lane in New Orleans. Following the storm, Bobbie Wright applied for aid from FEMA, and, on that application, she listed her adult son as a "person living in this home at the time of the disaster." *See* FEMA Application for 2315 Seminole Lane, attached as Ex. "A." FEMA ultimately provided a grant of $10,500 for "replacement housing" as well as $10,742 for "personal property." *See* Ex. "A" at FEMA124-000011; Deposition of Bobbie Wright, attached as Ex. "B," p. 50. Plaintiff's mother testified that she used about $5,000 of this money to

demolish her home. *See* Ex. "B," Depo of B. Wright, p. 197. She testified that, in addition to this $5,000, she also spent some sums paying the taxes on the property. *Id*. at p. 199. The remainder of the money was not spent on the house on Seminole Lane. *Id*. at 51-52. Plaintiff's mother also testified that, after the storm, she lived with relatives and did not pay rent. *Id*. at. 200.

## ARGUMENT

In this motion, plaintiff seeks to exclude any reference to financial matters of his mother, Bobbie Wright, and, in particular, references to those sums provided by FEMA. Plaintiff alleges that reference to use of these funds would be irrelevant and prejudicial.

The motion should be denied, as the nature and extent of this funding is highly relevant to the issue of mitigation of damages. As noted above, FEMA allocated funds for a variety of reasons, including, in particular, $10,500 for "replacement housing." Bobbie Wright moved to Texas following hurricane Katrina and did not pay rent while living with relatives. Moreover, based on Bobbie's Wright own testimony, no repairs were ever made to the Seminole Lane address, and, aside from the $5,000 to demolish the house and yearly taxes, much of the FEMA grant was presumably never spent, or at least not spent on housing.[1]

Recall that Lyndon Wright has testified that he felt the trailer was making him sick and allegedly discussed this with his mother in April 2006, only one month after moving into the trailer. *See* Deposition of Lyndon Wright, attached as Ex. "C," p. 134-5; p. 171. In 2007, plaintiff allegedly asked his doctor if the trailer could be making him sick. *See id*. at p. 295-6. Despite this alleged

---

[1] At her deposition, Bobbie Wright failed to provide precise information about the amount of FEMA money that was (or was not) spent on replacement housing.

suspicion, plaintiff did not move out of the trailer until July 2008 – the deadline set by FEMA. *Id*. at 287-8.

Had the "replacement housing" money actually been used to repair the home on Seminole Lane or, alternatively, to procure alternate rental housing for plaintiff, he could have moved out of a trailer which he admittedly thought was "making him sick." This information is extremely relevant to defendants' arguments related to plaintiff's failure to mitigate his damages.

Plaintiff's motion also alleges that Bobbie Wright's financial information is irrelevant as plaintiff was not a "joint applicant" on his mother's application. In support of this contention, plaintiff cites Bobbie Wright's testimony where she stated he was not a "joint applicant." *See* Deposition of Bobbie Wright, attached as Ex. "B" p.194. However, such a characterization is misleading. While plaintiff may not have specifically been a "joint applicant" on his mother's application, his name does appear throughout the FEMA records as a "person living in the home at the time of the disaster." Thus, plaintiff was considered as part of this household by FEMA on Bobbie Wright's application and, as a member of this household, this money was also meant to benefit him as well. Regardless of whether Bobbie Wright chose to share these funds with her son, FEMA provided this money for **all** members of the household.

## CONCLUSION

As discussed above, evidence regarding the amount of money Bobbie Wright received from FEMA is relevant to the issue of mitigation of damages. Thus, plaintiff's motion should be denied.

Respectfully submitted,

/s/ Jason D. Bone
ERNEST P. GIEGER, JR. (Bar Roll No. 6154)
JASON D. BONE (Bar Roll No. 28315)
CARSON W. STRICKLAND (Bar Roll No. 31336)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
*ATTORNEYS FOR FOREST RIVER, INC.*

/s/ M. David Kurtz
David Kurtz (Bar Roll No. 23821)
Karen K. Whitfield (Bar Roll No. 19350)
Catherine N. Thigpen (Bar Roll No. 30001)
Baker Donelson Bearman Caldwell & Berkowitz, PC
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
*ATTORNEYS FOR SHAW ENVIRONMENTAL, INC*

# C E R T I F I C A T E

I hereby certify that on the 18th day of February, 2010, a copy of the foregoing Memorandum in Support was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

/s/ Jason D. Bone
JASON D. BONE