## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA
## NEW ORLEANS DIVISION

IN RE:  FEMA TRAILER        MDL NO. 1873
FORMALDEHYDE PRODUCT LIABILITY
LITIGATION        SECTION "N-5"

THIS DOCUMENT RELATES        JUDGE ENGELHARDT
TO ALL CASES        MAG. JUDGE CHASEZ

**********************************************************************

### TIMBERLAND RV COMPANY'S ANSWER AND DEFENSES
### TO PLAINTIFFS' THIRD SUPPLEMENTAL AND AMENDED
### MASTER COMPLAINT, AND FOURTH SUPPLEMENTAL AND
### AMENDED MASTER COMPLAINT AND JURY TRIAL REQUEST

Defendant Timberland RV Company ("Timberland"), pursuant to Pre-Trial Order No. 36,

answers and asserts the following defenses[1] to the Plaintiffs' Third Supplemental and Amended

Master Complaint (Rec. Doc. 4486), and Plaintiffs' Fourth Supplemental and Amended Master

Complaint (Rec. Doc. 7688) (collectively the "Amended Master Complaint, as supplemented and

amended") as follows:

### ANSWER TO THIRD SUPPLEMENTAL AND
### AMENDED ADMINISTRATIVE MASTER COMPLAINT

### I. INTRODUCTION

1.

The allegations contained in Paragraph 1 of Plaintiffs' Third Supplemental and Amended

Administrative Master Complaint do not require a response. To the extent a response is required,

Timberland respectfully submits that the Court record is its own best evidence of the contents

contained therein.

---

[1]    Pursuant to the Court's Pre-Trial Order No. 36, this answer "…shall constitute an answer in each action now pending or subsequently added to this proceeding." See Rec. Doc. 1386, p. 4.

2.

The allegations contained in Paragraph 2 of Plaintiff's Third Supplemental and Amended Administrative Master Complaint do not require a response. To the extent a response is required, Timberland concurs with Plaintiff's statement that class certification was denied. (See Rec. Doc. 1014).

3.

The allegations contained in Paragraph 3 of Plaintiff's Third Supplemental and Amended Administrative Master Complaint do not require a response. To the extent that a response is required, Timberland respectfully submits that the Court record is its own best evidence of the contents contained therein.

4.

The allegations contained in Paragraph 4 of Plaintiffs' Third Supplemental and Amended Administrative Master Compliant do not require a response on the part of Timberland. To the extent that a response is required, Timberland respectfully submits that Pre-Trial Order No. 36 (Rec. Doc. 1386), as amended (Rec. Doc. 2760), is its own best evidence of the contents contained therein.

5.

The allegations contained in Paragraph 5 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint do not require a response on the part of Timberland. To the extent that a response is required, the statements of Paragraph 5 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in Paragraph 6 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, the allegations of Paragraph 6 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in Paragraph 7 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, the allegations of Paragraph 7 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

## II. PARTIES

8.

The allegations contained in Paragraph 8 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in Paragraph 9 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

10.

The allegations contained in Paragraph 10 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

11.

The allegations contained in Paragraph 11 Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

12.

The allegations contained in Paragraph 12 Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

13.

The allegations contained in Paragraph 13 Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

14.

The allegations contained in Paragraph 14 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no

response is required by Timberland. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

15.

The allegations contained in Paragraph 15 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

16.

The allegations contained in Paragraph 16 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

17.

The allegations contained in Paragraph 17 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

18.

The allegations contained in Paragraph 18 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

19.

The allegations contained in Paragraph 19 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

20.

The allegations contained in Paragraph 20 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

21.

The allegations contained in Paragraph 21 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

22.

The allegations contained in Paragraph 22 Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of information sufficient to justify a belief in the truth thereof.

23.

The allegations contained in Paragraph 23 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no

response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

24.

The allegations contained in Paragraph 24 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

25.

The allegations contained in Paragraph 25 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

26.

The allegations contained in Paragraph 26 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

27.

The allegations contained in Paragraph 27 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

28.

The allegations contained in Paragraph 28 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

29.

The allegations contained in Paragraph 29 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

30.

The allegations contained in Paragraph 30 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

31.

The allegations contained in Paragraph 31 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

32.

The allegations contained in Paragraph 32 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no

response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

33.

The allegations contained in Paragraph 33 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

34.

The allegations of Paragraph 34 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

35.

The allegations contained in Paragraph 35 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

36.

The allegations contained in Paragraph 36 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

37.

The allegations contained in Paragraph 37 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

38.

The allegations contained in Paragraph 38 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

39.

The allegations contained in Paragraph 39 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

40.

The allegations contained in Paragraph 40 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

41.

The allegations contained in Paragraph 41 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no

response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

42.

The allegations contained in Paragraph 42 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

43.

The allegations contained in Paragraph 43 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

44.

The allegations contained in Paragraph 44 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

45.

The allegations contained in Paragraph 45 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

46.

The allegations contained in Paragraph 46 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

47.

The allegations contained in Paragraph 47 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

48.

The allegations contained in Paragraph 48 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

49.

The allegations contained in Paragraph 49 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

50.

The allegations contained in Paragraph 50 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no

response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

51.

The allegations contained in Paragraph 51 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

52.

The allegations contained in Paragraph 52 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

53.

The allegations contained in Paragraph 53 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

54.

The allegations contained in Paragraph 54 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

55.

The allegations contained in Paragraph 55 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

56.

The allegations contained in Paragraph 56 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

57.

The allegations contained in Paragraph 57 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

58.

The allegations contained in Paragraph 58 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

59.

The allegations contained in Paragraph 59 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no

response is required by Timberland. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

60.

The allegations contained in Paragraph 60 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

61.

The allegations contained in Paragraph 61 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

62.

The allegations contained in Paragraph 62 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

63.

The allegations contained in Paragraph 63 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

64.

The allegations contained in Paragraph 64 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

65.

The allegations contained in Paragraph 65 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

66.

The allegations contained in Paragraph 66 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

67.

The allegations contained in Paragraph 67 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

68.

The allegations contained in Paragraph 68 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no

response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

69.

The allegations contained in Paragraph 69 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

70.

The allegations contained in Paragraph 70 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

71.

The allegations contained in Paragraph 71 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

72.

The allegations contained in Paragraph 72 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

73.

The allegations contained in Paragraph 73 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

74.

The allegations contained in Paragraph 74 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

75.

The allegations contained in Paragraph 75 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

76.

The allegations contained in Paragraph 76 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

77.

The allegations contained in Paragraph 77 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no

response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

78.

The allegations contained in Paragraph 78 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

79.

The allegations contained in Paragraph 79 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

80.

The allegations contained in Paragraph 80 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

81.

The allegations contained in Paragraph 81 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

82.

The allegations contained in Paragraph 82 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

83.

The allegations contained in Paragraph 83 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

84.

The allegations contained in Paragraph 84 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

85.

The allegations contained in Paragraph 85 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

86.

The allegations contained in Paragraph 86 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no

response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

87.

The allegations contained in Paragraph 87 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

88.

The allegations contained in Paragraph 88 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

89.

The allegations contained in Paragraph 89 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

90.

The allegations contained in Paragraph 90 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

91.

The allegations contained in Paragraph 91 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

92.

The allegations contained in Paragraph 92 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

93.

The allegations contained in Paragraph 93 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

94.

The allegations contained in Paragraph 94 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

95.

The allegations contained in Paragraph 95 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no

response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

96.

The allegations contained in Paragraph 96 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

97.

Timberland admits only that it is an Indiana corporation with its principal place of business in Peru, Indiana, and that it manufactured travel trailers.  Timberland denies that it sold travel trailers to FEMA pursuant to contracts with FEMA.  The remaining allegations are denied for lack of information sufficient to justify a belief in the truth thereof.

98.

The allegations contained in Paragraph 98 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

99.

The allegations contained in Paragraph 99 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

100.

The allegations contained in Paragraph 100 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

101.

The allegations contained in Paragraph 101 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

102.

The allegations contained in Paragraph 102 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

103.

The allegations contained in Paragraph 103 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

104.

The allegations contained in Paragraph 104 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no

response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

105.

The allegations contained in Paragraph 105 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

106.

The allegations contained in Paragraph 106 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

107.

The allegations contained in Paragraph 107 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

108.

The allegations contained in Paragraph 108 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

109.

The allegations contained in Paragraph 109 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

110.

The allegations contained in Paragraph 110 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

111.

The allegations contained in Paragraph 111 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

112.

The allegations contained in Paragraph 112 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

113.

The allegations contained in Paragraph 113 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no

response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

114.

The allegations contained in Paragraph 114 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

115.

The allegations contained in Paragraph 115 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not addressed to Timberland and thus no response is required by Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

III.  <u>JURISDICTION AND VENUE</u>

116.

The allegations contained in Paragraph 116 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Timberland.  To the extent that a response is required, Timberland admits the jurisdictional requirements of this Court are satisfied.

117.

The allegations contained in Paragraph 117 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Timberland. To the extent that a response is required, Timberland admits

that plaintiffs have alleged facts which, if true, establish subject matter jurisdiction with this Court.

118.

The allegations contained in Paragraph 118 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Timberland. To the extent that a response is required, Timberland admits that plaintiffs have alleged facts which, if true, establish subject matter jurisdiction with this Court.

119.

In response to the allegations contained in Paragraph 119 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Timberland. To the extent that a response is required, Timberland admits that the jurisdictional requirements of this Court are satisfied.

120.

The allegations contained in Paragraph 120 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Timberland. To the extent that a response is required, Timberland denies the allegations for lack of sufficient information to justify a belief therein.

121.

The allegations contained in Paragraph 121 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Timberland. To the extent that a response is required, Timberland denies the allegations for lack of sufficient information to justify a belief therein.

122.

The allegations contained in Paragraph 122 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Timberland. To the extent that a response is required, Timberland denies the allegations for lack of sufficient information to justify a belief therein.

123.

The allegations contained in Paragraph 123 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Timberland. To the extent that a response is required, Timberland denies the allegations for lack of sufficient information to justify a belief therein

## IV.  FACTS AND GENERAL ALLEGATIONS

124.

The allegations contained in Paragraph 124 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

125.

The allegations contained in Paragraph 125 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

126.

The allegations contained in Paragraph 126 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

127.

The allegations contained in Paragraph 127 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

128.

The allegations contained in Paragraph 128 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

129.

To the extent that the allegations contained in Paragraph 129 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint apply to Timberland, the allegations are denied. Further, Timberland affirmatively asserts that the named individuals did not use a product manufactured by Timberland, and thus, have no basis for a claim against Timberland.

130.

To the extent that the allegations contained in Paragraph 130 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint apply to Timberland, the allegations are denied.

131.

To the extent that the allegations contained in Paragraph 131 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint apply to Timberland, the allegations are denied.

132.

To the extent that the allegations contained in Paragraph 132 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint apply to Timberland, the allegations are denied.

133.

To the extent that the allegations contained in Paragraph 133 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint apply to Timberland, the allegations are denied.

134.

To the extent that the allegations contained in Paragraph 134 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint apply to Timberland, the allegations are denied.

135.

To the extent that the allegations contained in Paragraph 135 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint apply to Timberland, the allegations are denied.  The remaining allegations contained in Paragraph 135 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

136.

The allegations contained in Paragraph 136 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Timberland. To the extent that a response is required, Timberland submits that 24 C.F.R.§ 3280.309 is its own best evidence.

137.

The allegations contained in Paragraph 137 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

138.

The allegations contained in Paragraph 138 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

139.

The allegations contained in Paragraph 139 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Timberland.  To the extent that a response is required, Timberland submits that 24 C.F.R. §3280.308 is its own best evidence.

140.

The allegations contained in Paragraph 140 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Timberland.  To the extent that a response is required, Timberland submits that 24 C.F.R. §206.110(e) is its own best evidence.

141.

To the extent that the allegations contained in Paragraph 141 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint apply to Timberland, the allegations are denied as written. The remaining allegations contained in Paragraph 141 of

Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

142.

The allegations contained in Paragraph 142 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Timberland. To the extent that a response is required, Timberland submits that 42 U.S.C. § 4121; Public Law 93-288, Title IV, § 408(1998); and 42 U.S.C.A. § 5174 are their own best evidence.

143.

The allegations contained in Paragraph 143 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

144.

The allegations contained in Paragraph 144 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

145.

The allegations contained in Paragraph 145 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

146.

The allegations contained in Paragraph 146 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

147.

The allegations contained in Paragraph 147 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

148.

The allegations contained in Paragraph 148 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

149.

The allegations contained in Paragraph 149 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

150.

The allegations contained in Paragraph 150 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint call for legal conclusions to which no response is required on the part of Timberland.  To the extent that a response is required, the allegations are denied.

151.

The allegations contained in Paragraph 151 of Plaintiffs' Third Supplemental and Amended administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

152.

The allegations contained in Paragraph 152 of Plaintiffs' Third Supplemental and Amended administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

153.

The allegations contained in Paragraph 153 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint call for legal conclusions to which no response is required on the part of Timberland. To the extent that a response is required, Timberland submits that any applicable contract is its own best evidence.

154.

The allegations contained in Paragraph 154 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint call for legal conclusions to which no response is required on the part of Timberland. To the extent that a response is required, Timberland submits that any applicable contract is its own best evidence.

155.

The allegations contained in Paragraph 155 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint call for legal conclusions to which no response is required on the part of Timberland. To the extent that a response is required, Timberland submits that any applicable contract or sub-contract is its own best evidence.

156.

The allegations contained in Paragraph 156 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint call for legal conclusions to which no response is required on the part of Timberland.  To the extent that a response is required, Timberland submits that any applicable contract is its own best evidence.

157.

The allegations contained in Paragraph 157 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

158.

In response to the allegations contained in Paragraph 158 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.  Furthermore, Timberland submits that any applicable owners' manual is its own best evidence.

159.

The allegations contained in Paragraph 159 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

160.

The allegations contained in Paragraph 160 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

161.

The allegations contained in Paragraph 161 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

162.

The allegations contained in Paragraph 162 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

163.

The allegations contained in Paragraph 163 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

164.

The allegations contained in Paragraph 164 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

165.

The allegations contained in Paragraph 165 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

166.

The allegations contained in Paragraph 166 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

167.

The allegations contained in Paragraph 167 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

168.

The allegations contained in Paragraph 168 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

169.

The allegations contained in Paragraph 169 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

170.

The allegations contained in Paragraph 170 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

171.

The allegations contained in Paragraph 171 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

172.

The allegations contained in Paragraph 172 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

173.

The allegations contained in Paragraph 173 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint do not require a response on the part of Timberland. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

174.

The allegations contained in Paragraph 174 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

175.

The allegations contained in Paragraph 175 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

176.

The allegations contained in Paragraph 176 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

177.

The allegations contained in Paragraph 177 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied as written.

178.

The allegations contained in Paragraph 178 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied as written.

179.

The allegations contained in Paragraph 179 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied as written.

180.

The allegations contained in Paragraph 180 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied as written.

181.

The allegations contained in Paragraph 181 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied as written.

182.

The allegations contained in Paragraph 182 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

183.

The allegations contained in Paragraph 183 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint do not require a response on the part of Timberland. To the extent that a response is required, Timberland submits that any document is its own best evidence of the contents contained therein.

184.

The allegations contained in Paragraph 184 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

185.

The allegations contained in Paragraph 185 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

186.

The allegations contained in Paragraph 186 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

187.

The allegations contained in Paragraph 187 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

188.

The allegations contained in Paragraph 188 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

189.

The allegations contained in Paragraph 189 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied as written.

190.

The allegations contained in Paragraph 190 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

191.

The allegations contained in Paragraph 191 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

192.

The allegations contained in Paragraph 192 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

193.

In response to the allegations contained in Paragraph 193 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

194.

The allegations contained in Paragraph 194 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

195.

The allegations contained in Paragraph 195 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

196.

The allegations contained in Paragraph 196 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

197.

The allegations contained in Paragraph 197 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

198.

The allegations contained in Paragraph 198 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

199.

The allegations contained in Paragraph 199 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

## V.  CLAIMS ASSERTED AGAINST FEDERAL GOVERNMENT:  ALL STATES

### COUNT I

### CAUSE OF ACTION AGAINST THE FEDERAL GOVERNMENT

200.

In response to the allegations contained in Paragraph 200 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, Timberland re-avers and re-asserts its answers and defenses contained in its previously filed Answer (Rec. Doc. 1126), as well as Paragraph numbers 1-199 set forth above, as if copied herein, *in extenso.*

201.

The allegations contained in Paragraph 201 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

202.

The allegations contained in Paragraph 202 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

203.

The allegations contained in Paragraph 203 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

204.

The allegations contained in Paragraph 204 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

205.

The allegations contained in Paragraph 205 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

206.

The allegations contained in Paragraph 206 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

207.

The allegations contained in Paragraph 207 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

208.

The allegations contained in Paragraph 208 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

209.

The allegations contained in Paragraph 209 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

### VI.  CLAIMS ASSERTED AGAINST THE MANUFACTURING DEFENDANTS

**A.     LOUISIANA STATE-BASED CLAIMS**

### COUNT 2:

### CAUSE OF ACTION AGAINST THE MANUFACTURING DEFENDANTS UNDER LOUISIANA PRODUCTS LIABILITY ACT

210.

In response to the allegations contained in Paragraph 210 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, Timberland re-avers and

reasserts its answers and defenses contained in its previously filed Answer (Rec. Doc. 1126), as well as Paragraphs numbers 1-209 set forth above, as if copied herein, *in extenso*

211.

The allegations contained in Paragraph 211 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

212.

The allegations contained in Paragraph 212 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

213.

The allegations contained in Paragraph 213 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

214.

The allegations contained in Paragraph 214 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

215.

The allegations contained in Paragraph 215 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

216.

The allegations contained in Paragraph 216 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

In further response, to the extent that the Court has determined that Plaintiffs' claims are dismissed in its Order and Reasons (Rec. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss and other rulings, the Plaintiffs' claims are denied. The Court's prior rulings are incorporated by reference herein.

217.

The allegations contained in Paragraph 217 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein. Further, Timberland submits that any document is its own best evidence of the contents contained therein.

218.

The allegations contained in Paragraph 218 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein. Further, Timberland submits that any document is its own best evidence of the contents contained therein.

219.

The allegations contained in Paragraph 219 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.  Further, Timberland submits that any document is its own best evidence of the contents contained therein.

220.

The allegations contained in Paragraph 220 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein. Further, Timberland submits that any document is its own best evidence of the contents contained therein.

221.

The allegations contained in Paragraph 221 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein. Further, Timberland submits that any document is its own best evidence of the contents contained therein.

222.

The allegations contained in Paragraph 222 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein. Further, Timberland submits that any document is its own best evidence of the contents contained therein.

223.

The allegations contained in Paragraph 223 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to

justify a belief therein. Further, Timberland submits that any document is its own best evidence of the contents contained therein.

224.

The allegations contained in Paragraph 224 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein. Further, Timberland submits that any document is its own best evidence of the contents contained therein.

225.

The allegations contained in Paragraph 225 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein. Further, Timberland submits that any document is its own best evidence of the contents contained therein.

226.

The allegations contained in Paragraph 226 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein. Further, Timberland submits that any document is its own best evidence of the contents contained therein.

227.

The allegations contained in Paragraph 227 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein. Further, Timberland submits that any document is its own best evidence of the contents contained therein.

228.

The allegations contained in Paragraph 228 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein. Further, Timberland submits that any document is its own best evidence of the contents contained therein.

**B.**     **MISSISSIPPI STATE-BASED CLAIMS**

**COUNT 3:**

**STRICT PRODUCTS LIABILITY**
**MS CODE ANNOTATED § 11-1-63**

**PRODUCTS LIABILITY:  DEFECTIVE**
**MANUFACTURING AND DESIGN**

229.

In response to the allegations contained in Paragraph 229 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, Timberland re-avers and re-asserts its answers and defenses contained in its previously filed Answer (Rec. Doc. 1126), as well as Paragraph numbers 1-228 set forth above, as if copied herein, *in extenso*.

230.

The allegations contained in Paragraph 230 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

231.

The allegations contained in Paragraph 231 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

232.

The allegations contained in Paragraph 232 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

233.

The allegations contained in Paragraph 233 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

234.

The allegations contained in Paragraph 234 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied as written.

235.

The allegations contained in Paragraph 235 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied as written.

236.

The allegations contained in Paragraph 236 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied as written.

237.

The allegations contained in Paragraph 237 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

238.

The allegations contained in Paragraph 238 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

239.

The allegations contained in Paragraph 239 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

## PRODUCTS LIABILITY:  FAILURE TO WARN

240.

In response to the allegations contained in Paragraph 240 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, Timberland re-avers and re-asserts its answers and defenses contained in its previously filed Answer (Rec. Doc. 1126), as well as Paragraph numbers 1-239 set forth above, as if copied herein, *in extenso.*

241.

The allegations contained in Paragraph 241 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

## PRODUCTS LIABILITY:  BREACH OF EXPRESS WARRANTY

242.

In response to the allegations contained in Paragraph 242 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, Timberland re-avers and re-asserts its answers and defenses contained in its previously filed Answer (Rec. Doc. 1126), as well as Paragraph numbers 1-241 set forth above, as if copied herein, *in extenso.*

243.

The allegations contained in Paragraph 243 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

**COUNT 4:**

**STRICT LIABILITY AND NEGLIGENCE**

244.

In response to the allegations contained in Paragraph 244 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, Timberland re-avers and re-asserts its answers and defenses contained in its previously filed Answer (Rec. Doc. 1126), as well as Paragraph numbers 1-243 set forth above, as if copied herein, *in extenso.*

245.

The allegations contained in Paragraph 245 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

246.

The allegations contained in Paragraph 246 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

247.

The allegations contained in Paragraph 247 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

In further response, to the extent that the Court has determined that Plaintiffs' claims are dismissed in its Order and Reasons (Rec. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss and other rulings, the Plaintiffs' claims are denied.  Those rulings are incorporated herein.

C.     **ALABAMA STATE-BASED CLAIMS**

**COUNT 5:**

**EXTENDED MANUFACTURER'S LIABILITY DOCTRINE**
**Code of Ala. § 6-5-521**

**PRODUCTS LIABILITY:  DEFECTIVE**
**MANUFACTURING AND DESIGN**

248.

In response to the allegations contained in Paragraph 248 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, Timberland re-avers and re-asserts its answers and defenses contained in its previously filed Answer (Rec. Doc. 1126), as well as Paragraph numbers 1-247 set forth above, as if copied herein, *in extenso.*

249.

The allegations contained in Paragraph 249 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

250.

The allegations contained in Paragraph 250 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

251.

The allegations contained in Paragraph 251 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

252.

The allegations contained in Paragraph 252 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

253.

The allegations contained in Paragraph 253 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

254.

The allegations contained in Paragraph 254 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied as written.

255.

The allegations contained in Paragraph 255 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied as written.

256.

The allegations contained in Paragraph 256 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied as written.

257.

The allegations contained in Paragraph 257 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

258.

The allegations contained in Paragraph 258 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

259.

The allegations contained in Paragraph 259 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied as written.

## PRODUCTS LIABILITY:  FAILURE TO WARN

260.

In response to the allegations contained in Paragraph 260 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, Timberland re-avers and re-asserts its answers and defenses contained in its previously filed Answer (Rec. Doc. 1126), as well as Paragraph numbers 1-259 set forth above, as if copied herein, *in extenso*.

261.

The allegations contained in Paragraph 261 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied

## PRODUCTS LIABILITY:  BREACH OF EXPRESS AND IMPLIED WARRANTY OF MERCHANTABILITY

262.

In response to the allegations contained in Paragraph 262 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, Timberland re-avers and re-asserts its answers and defenses contained in its previously filed Answer (Rec. Doc. 1126), as well as Paragraph numbers 1-261 set forth above, as if copied herein, *in extenso*.

263.

The allegations contained in Paragraph 263 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

In further response, to the extent that the Court has determined that Plaintiffs' claims are dismissed in its Order and Reasons (Rec. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss and other rulings, the Plaintiffs' claims are denied.  Those rulings are incorporated herein.

D.     **TEXAS STATE-BASED CLAIMS**

**COUNT 6:**

**CAUSE OF ACTION AGAINST MANUFACTURING**
**DEFENDANTS UNDER TEXAS PRODUCTS LIABILITY LAW**

264.

In response to the allegations contained in Paragraph 264 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, Timberland re-avers and re-asserts its answers and defenses contained in its previously filed Answer (Rec. Doc. 1126), as well as Paragraph numbers 1-199 set forth above, as if copied herein, *in extenso.*

265.

To the extent that the allegations contained in Paragraph 265 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint apply to Timberland, the allegations are denied, as written. The remaining allegations of Paragraph 265 of Plaintiffs' Third Supplemental and Amended Administrative Mater Complaint are denied for lack of sufficient information to justify a belief therein.

266.

The allegations contained in Paragraph 266 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

267.

The allegations contained in Paragraph 267 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

268.

The allegations contained in Paragraph 268 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

269.

The allegations contained in Paragraph 269 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

270.

The allegations contained in Paragraph 270 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

271.

The allegations contained in Paragraph 271 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

In further response, to the extent that the Court has determined that Plaintiffs' claims are dismissed in its Order and Reasons (Rec. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss and other rulings, the Plaintiffs' claims are denied.  Those rulings are incorporated herein.

272.

The allegations contained in Paragraph 272 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

273.

The allegations contained in Paragraph 273 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

274.

The allegations contained in Paragraph 274 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

**COUNT 7:**

**CAUSE OF ACTION AGAINST MANUFACTURING
DEFENDANTS FOR NEGLIGENCE**

275.

In response to the allegations contained in Paragraph 275 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, Timberland re-avers and re-asserts its answers and defenses contained in its previously filed Answer (Rec. Doc. 1126), as well as Paragraph numbers 1-274 set forth above, as if copied herein, *in extenso*.

276.

To the extent the allegations contained in Paragraph 276 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint apply to Timberland, the allegations are denied as written. The remaining allegations of Paragraph 276 of Plaintiffs' Third Supplemental and Amended Administrative Mater Complaint are denied for lack of sufficient information to justify a belief therein.

277.

The allegations contained in Paragraph 277 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint call for legal conclusions to which no response is required on the part of Timberland. To the extent a response is required, the allegations are denied as written.

278.

The allegations contained in Paragraph 278 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint call for legal conclusions to which no response is required on the part of Timberland. To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

279.

The allegations contained in Paragraph 279 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

In further response, to the extent that the Court has determined that Plaintiffs' claims are dismissed in its Order and Reasons (Rec. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss and other rulings, the Plaintiffs' claims are denied. Those rulings are incorporated herein.

280.

The allegations contained in Paragraph 280 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

**COUNT 8:**

## CAUSE OF ACTION AGAINST MANUFACTURING DEFENDANTS FOR BREACH OF IMPLIED WARRANTY

281.

In response to the allegations contained in Paragraph 281 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, Timberland re-avers and re-asserts its answers and defenses contained in its previously filed Answer (Rec. Doc. 1126), as well as Paragraph numbers 1-280 set forth above, as if copied herein, *in extenso*.

282.

The allegations contained in Paragraph 282 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

In further response, to the extent that the Court has determined that Plaintiffs' claims are dismissed in its Order and Reasons (Rec. Doc. 984) on the Manufacturing Defendants' Joint

Rule 12(b) Motions to Dismiss and other rulings, the Plaintiffs' claims are denied.  Those rulings are incorporated herein.

283.

The allegations contained in Paragraph 283 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

284.

The allegations contained in Paragraph 284 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

285.

The allegations contained in Paragraph 285 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

286.

The allegations contained in Paragraph 286 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

**COUNT 9:**

**CAUSE OF ACTION AGAINST MANUFACTURING DEFENDANTS FOR BREACH OF IMPLIED WARRANTIES UNDER THE UCC AND COMMON LAW AND EXPRESS WARRANTIES:  ALL STATES**

287.

In response to the allegations contained in Paragraph 287 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, Timberland re-avers and re-asserts its answers and defenses contained in its previously filed Answer (Rec. Doc. 1126), as well as Paragraph numbers 1-286 set forth above, as if copied herein, *in extenso*.

288.

To the extent the allegations contained in Paragraph 288 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint apply to Timberland, the allegations are denied as written. The remaining allegations of Paragraph 288 of Plaintiffs' Third Supplemental and Amended Administrative Mater Complaint are denied for lack of sufficient information to justify a belief therein.

289.

The allegations contained in Paragraph 289 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

290.

To the extent the allegations contained in Paragraph 290 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint apply to Timberland, the allegations are denied as written. The remaining allegations of Paragraph 290 of Plaintiffs' Third Supplemental and Amended Administrative Mater Complaint are denied for lack of sufficient information to justify a belief therein.

In further response, to the extent that the Court has determined that Plaintiffs' claims are dismissed in its Order and Reasons (Rec. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss and other rulings, the Plaintiffs' claims are denied. Those rulings are copied herein.

291.

To the extent the allegations contained in Paragraph 291 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint apply to Timberland, the

allegations are denied as written. The remaining allegations of Paragraph 291 of Plaintiffs' Third Supplemental and Amended Administrative Mater Complaint are denied for lack of sufficient information to justify a belief therein.

In further response, to the extent that the Court has determined that Plaintiffs' claims are dismissed in its Order and Reasons (Rec. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss and other rulings, the Plaintiffs' claims are denied. Those rulings are copied herein.

292.

The allegations contained in Paragraph 292 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

## VII.  CLAIMS ASSERTED AGAINST THE NO-BID  CONTRACTOR DEFENDANTS

### A.      LOUISIANA STATE-BASED CLAIMS

### COUNT 10:

### CAUSE OF ACTION AGAINST THE NO-BID DEFENDANTS UNDER THE LOUISIANA PRODUCTS LIABILITY ACT

293.

In response to the allegations contained in Paragraph 293 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, Timberland re-avers and re-asserts its answers and defenses contained in its previously filed Answer (Rec. Doc. 1126), as well as Paragraph numbers 1-292 set forth above, as if copied herein, *in extenso.*

294.

The allegations contained in Paragraph 294 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

295.

The allegations contained in Paragraph 295 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

296.

The allegations contained in Paragraph 296 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

297.

The allegations contained in Paragraph 297 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

## COUNT 11:

### NEGLIGENCE OF NO-BID DEFENDANTS UNDER LOUISIANA LAW

298.

The allegations contained in both Paragraphs numbered 298 (on pages 79 and 81) of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

299.

The allegations contained in both Paragraphs numbered 299 (on pages 79, 80, and 81) and each of its subparts of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

300.

The allegations contained in Paragraph 300 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of Timberland.  To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

301.

The allegations contained in Paragraph 301 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

302.

The allegations contained in Paragraph 302 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

303.

The allegations contained in Paragraph 303 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

304.

The allegations contained in Paragraph 304 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

**B.**     <u>**MISSISSIPPI STATE-BASED CLAIMS**</u>

**CLAIM 12:**

<u>**NEGLIGENCE OF NO-BID CONTRACTOR**</u>
<u>**DEFENDANTS UNDER MISSISSIPPI LAW**</u>

305.

In  response  to  the  allegations  contained  in  Paragraph  305  of  Plaintiffs'  Third
Supplemental  and  Amended  Administrative  Master  Complaint,  Timberland  re-avers  and  re-
asserts its answers and defenses contained in its previously filed Answer (Rec. Doc. 1126), as
well as Paragraph numbers 1-304 set forth above, as if copied herein, *in extenso.*

306.

The  allegations  contained  in  Paragraph  306  of  Plaintiffs'  Third  Supplemental  and
Amended  Administrative  Master  Complaint  are  denied  for  lack  of  sufficient  information  to
justify a belief therein.

307.

The  allegations  contained  in  Paragraph  307  of  Plaintiffs'  Third  Supplemental  and
Amended Administrative Master Complaint constitute legal conclusions to which no response is
required  on  the  part  of  Timberland.   To  the  extent  a  response  is  required,  the  allegations  are
denied for lack of sufficient information to justify a belief therein.

308.

The  allegations  contained  in  Paragraph  308  of  Plaintiffs'  Third  Supplemental  and
Amended  Administrative  Master  Complaint  are  denied  for  lack  of  sufficient  information  to
justify a belief therein.

309.

The allegations contained in Paragraph 309 and each of its subparts of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

310.

The allegations contained in Paragraph 310 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

311.

The allegations contained in Paragraph 311 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

**COUNT 13:**

**STRICT PRODUCTS LIABILITY MS CODE ANNOTATED § 11-1-63**

312.

In response to the allegations contained in Paragraph 312 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, Timberland re-avers and re-asserts its answers and defenses contained in its previously filed Answer (Rec. Doc. 1126), as well as Paragraph numbers 1-311 set forth above, as if copied herein, *in extenso*.

313.

The allegations contained in Paragraph 313 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

314.

The allegations contained in Paragraph 314 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

315.

The allegations contained in Paragraph 315 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

316.

The allegations contained in Paragraph 316 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied as written.

317.

The allegations contained in Paragraph 317 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied as written.

318.

The allegations contained in Paragraph 318 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied as written.

319.

The allegations contained in Paragraph 319 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied as written.

320.

The allegations contained in Paragraph 320 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

321.

The allegations contained in Paragraph 321 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

322.

The allegations contained in Paragraph 322 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied as written.

## COUNT 14:

## **FAILURE TO WARN**

323.

In response to the allegations contained in Paragraph 323 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, Timberland re-avers and re-asserts its answers and defenses contained in its previously filed Answer (Rec. Doc. 1126), as well as Paragraph numbers 1-322 set forth above, as if copied herein, *in extenso*.

324.

The allegations contained in Paragraph 324 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

325.

The allegations contained in Paragraph 325 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied as written.

326.

The allegations contained in Paragraph 326 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied as written.

**COUNT 15:**

**BREACH OF IMPLIED WARRANTY**

327.

In response to the allegations contained in Paragraph 327 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, Timberland re-avers and re-asserts its answers and defenses contained in its previously filed Answer (Rec. Doc. 1126), as well as Paragraph numbers 1-326 set forth above, as if copied herein, *in extenso.*

328.

The allegations contained in Paragraph 328 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

**C.**   **ALABAMA STATE-BASED CLAIM**

**COUNT 16:**

**NEGLIGENCE OF NO-BID CONTRACTOR DEFENDANTS UNDER ALABAMA LAW**

329.

In response to the allegations contained in Paragraph 329 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, Timberland re-avers and re-asserts its answers and defenses contained in its previously filed Answer (Rec. Doc. 1126), as well as Paragraph numbers 1-328 set forth above, as if copied herein, *in extenso.*

330.

The allegations contained in Paragraph 330 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

331.

The allegations contained in Paragraph 331 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

332.

The allegations contained in Paragraph 332 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

333.

The allegations contained in Paragraph 333 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

334.

The allegations contained in Paragraph 334 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

335.

The allegations contained in Paragraph 335 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

## D.  TEXAS STATE-BASED CLAIMS

### COUNT 17:

### NEGLIGENCE OF NO-BID CONTRACTOR
### DEFENDANTS UNDER TEXAS LAW

336.

In response to the allegations contained in Paragraph 336 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, Timberland re-avers and re-asserts its answers and defenses contained in its previously filed Answer (Rec. Doc. 1126), as well as Paragraph numbers 1-335 set forth above, as if copied herein, *in extenso*.

337.

The allegations contained in Paragraph 337 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

338.

The allegations contained in Paragraph 338 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

339.

The allegations contained in Paragraph 339 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

340.

The allegations contained in Paragraph 340 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

341.

The allegations contained in Paragraph 341 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

342.

The allegations contained in Paragraph 342 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

## VIII.  CLAIMS ASSERTED AGAINST THE PROCUREMENT DEFENDANTS:  ALL STATES

### COUNT 18:

### NEGLIGENCE OF PROCUREMENT DEFENDANTS

343.

In response to the allegations contained in Paragraph 343 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, Timberland re-avers and re-asserts its answers and defenses contained in its previously filed Answer (Rec. Doc. 1126), as well as Paragraph numbers 1-342 above, as if copied herein, *in extenso.*

344.

The allegations contained in Paragraph 344 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

345.

The allegations contained in Paragraph 345 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

346.

The allegations contained in Paragraph 346 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

347.

The allegations contained in Paragraph 347 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

348.

The allegations contained in Paragraph 348 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied as written.

349.

The allegations contained in Paragraph 349 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

350.

The allegations contained in Paragraph 350 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

351.

The allegations contained in Paragraph 351 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

352.

The allegations contained in Paragraph 352 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

## IX.  DAMAGES ASSERTED

## A.  DAMAGES FOR LOUISIANA STATE-BASED CLAIMS

### COMPENSATORY DAMAGES

353.

The allegations contained in Paragraph 353 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied. Timberland denies that Plaintiffs are entitled to any damages and calls for strict proof of this claim.

354.

The allegations contained in Paragraph 354 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied. Timberland denies that Plaintiffs are entitled to any damages and calls for strict proof of this claim.

## B.  DAMAGES FOR MISSISSIPPI STATE-BASED CLAIMS

### COMPENSATORY DAMAGES

355.

The allegations contained in Paragraph 355 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied. Timberland denies that Plaintiffs are entitled to any damages and calls for strict proof of this claim.

356.

The allegations contained in Paragraph 356 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied. Timberland denies that Plaintiffs are entitled to any damages and calls for strict proof of this claim.

### PUNITIVE / EXEMPLARY DAMAGES

357.

The allegations contained in Paragraph 357 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied. Timberland denies that Plaintiffs are entitled to the damages asserted.

## C.  DAMAGES FOR ALABAMA STATE-BASED CLAIMS

### COMPENSATORY DAMAGES

358.

The allegations contained in Paragraph 358 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied. Timberland denies that Plaintiffs are entitled to any damages and calls for strict proof of this claim.

359.

The allegations contained in Paragraph 359 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied. Timberland denies that Plaintiffs are entitled to any damages and calls for strict proof of this claim.

## CODE OF ALABAMA § 6-11-23 PUNITIVE / EXEMPLARY DAMAGES

360.

The allegations contained in Paragraph 360 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied. Timberland denies that Plaintiffs are entitled to the damages asserted.

## D. DAMAGES FOR TEXAS STATE-BASED CLAIMS

### COMPENSATORY DAMAGES

361.

The allegations contained in Paragraph 361 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied. Timberland denies that Plaintiffs are entitled to any damages and calls for strict proof of this claim.

362.

The allegations contained in Paragraph 362 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied. Timberland denies that Plaintiffs are entitled to any damages and calls for strict proof of this claim.

### PUNITIVE DAMAGES

363.

The allegations contained in Paragraph 363 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied. Timberland denies that Plaintiffs are entitled to the damages asserted.

## REQUEST FOR JURY TRIAL

### 364.

In response to the allegations contained in the paragraph captioned "Request for Jury Trial" of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint Timberland asserts that it is entitled to a trial by jury on all issues herein.

## PRAYER FOR RELIEF

### 365.

In response to the allegations contained in the paragraph captioned "Prayer for Relief" and all subparts of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint Timberland asserts that the Plaintiffs are not entitled to the relief requested.

## ANSWER TO FOURTH SUPPLEMENTAL AND AMENDED ADMINISTRATIVE MASTER COMPLAINT

### 1.

The allegations contained in Paragraph 1 of Plaintiffs' Fourth Supplemental and Amended Administrative Master Complaint, modifying Paragraph 31 of the Third Supplemental and Amended Administrative Master Complaint, do not require a response. To the extent a response is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

### 2.

The allegations contained in Paragraph 2 of Plaintiffs' Fourth Supplemental and Amended Administrative Master Complaint, modifying Paragraph 44 of the Third Supplemental and Amended Administrative Master Complaint, do not require a response. To the extent a response is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

3.

The allegations contained in Paragraph 3 of Plaintiffs' Fourth Supplemental and Amended Administrative Master Complaint, deleting Paragraph 45 of the Third Amended Administrative Complaint and Amending Paragraph 43 of the Third Amended Administrative Complaint, do not require a response on the part of Timberland.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in Paragraph 4 of Plaintiffs' Fourth Supplemental and Amended Administrative Master Complaint, supplementing and amending Paragraph 93 of the Third Amended Administrative Complaint, do not require a response on the part of Timberland. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

5.

The allegations contained in Paragraph 5 of Plaintiffs' Fourth Supplemental and Amended Administrative Master Complaint, supplementing and amending Paragraph 113 of the Third Amended Administrative Complaint, do not require a response on the part of Timberland. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in Paragraph 6 of Plaintiffs' Fourth Supplemental and Amended Administrative Master Complaint, supplementing and amending Paragraph 114 of the Third Amended Administrative Complaint, do not require a response on the part of Timberland.

To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in the "WHEREFORE" Paragraph of Plaintiffs' Fourth Supplemental and Amending Master Complaint do not require a response on the part of Timberland.  However, to the extent that an answer is required, Timberland submits that Plaintiffs are not entitled to the relief requested.  Moreover, Timberland re-avers and re-asserts its answers contained in all paragraphs set forth above, as if copied herein, *in extenso.*.

## ADDITIONAL MOTIONS AND AFFIRMATIVE DEFENSES

Now further answering, Timberland respectfully asserts the following additional motions and affirmative defenses:

### FIRST DEFENSE

The Master Complaints have improperly joined parties (both plaintiffs and defendants) and claims in this action in violation of Rule 19 of the Federal Rules of Civil Procedure, requiring severance of parties and claims as provided by Rule 21 of the Federal Rules of Civil Procedure.

### SECOND DEFENSE

The Amended Master Complaint, as supplemented and amended, fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Timberland  readopts and reasserts as though the same were set out herein all of its affirmative defenses and all other matters more specifically set forth in Timberland RV Company and Heartland Recreational Vehicles, LLC's Joint Motion to Dismiss the Second Supplemental and Amended Master Complaint, Rec. Doc. 1027.

### FOURTH DEFENSE

For all the reasons set forth in this Court's order dated December 29, 2008, which denied Plaintiffs' motion for class certification, Rec. Doc. 1014, as well as for the reasons set forth in Defendants' opposition to Plaintiffs' motion for class certification, Rec. Docs. 902 and 976, and Timberland's opposition to class certification, Rec. Doc. 945, any allegation that purports to assert that the claims of Plaintiffs are appropriate for class certification fails to state a claim upon which relief can be granted as a matter of law.

### FIFTH DEFENSE

Upon information and belief, the named Plaintiffs may lack standing to proceed with the Complaint and/or causes of actions set forth therein.

### SIXTH DEFENSE

Upon information and belief, the named Plaintiffs, and/or any purported members of the alleged class, are barred from seeking recovery in this matter by the doctrine of accord and satisfaction.

### SEVENTH DEFENSE

All the damages complained of in the Amended Master Complaint, as supplemented and amended, resulted solely or substantially from the negligence, fault, or comparative fault of the Plaintiffs through misuse and/or abuse of the subject travel trailers and manufactured housing, also known as Emergency Housing Units ("EHUs"), and/or lack of maintenance of said EHUs, or through other acts or omissions which will be shown more fully at the trial of this matter and which preclude recovery by Plaintiffs or reduce any recovery by their percentage of fault.

## EIGHTH DEFENSE

All the damages complained of in the Amended Master Complaint, as supplemented and amended, resulted solely or substantially from the negligence, fault or comparable fault of others from whom Timberland is in no way responsible or liable.

## NINTH DEFENSE

Timberland specifically denies the existence of any defect(s), including but not limited to redhibitory defects, or defects which fall under any alleged warranty, representation issued by Timberland, contract, standard, any other applicable law, and/or defects under the Louisiana Products Liability Act in the subject EHUs.

## TENTH DEFENSE

Should this court determine that the subject EHUs exhibit some defect(s), which is specifically denied, then said defect(s) was apparent and obvious at the time of the sale and precludes any recovery by Plaintiffs.

## ELEVENTH DEFENSE

Timberland specifically states that to the extent the EHUs were in fact manufactured by Timberland, the EHUs and all component parts thereof were designed, constructed, distributed and manufactured in conformity with the state-of-the-art and with all applicable standards, regulations, laws and/or industry standards.

## TWELFTH DEFENSE

All of Plaintiffs' claims against Timberland may be preempted or otherwise precluded by the statutes, standards, regulations, and rules propagated by the federal government including, but not limited to, the Department of Housing and Urban Development ("HUD"), the Department of Homeland Security, and the Federal Emergency Management Agency ("FEMA"),

and Plaintiffs' lease agreements with FEMA.  Further, Timberland may be immunized from liability by the government contractor defense.

### THIRTEENTH DEFENSE

Any express or other warranty obligations owed by Timberland are controlled and strictly limited by the express terms of the warranty, including all limitations and exclusions set out in the warranty.

### FOURTEENTH DEFENSE

Upon information and belief, Plaintiffs have failed to mitigate their damages.

### FIFTEENTH DEFENSE

Plaintiffs' claims against Timberland are barred in whole or in part by the applicable statutes of limitations, statutes of repose, prescriptive periods, and/or any limitation of actions contained in any applicable contracts.

### SIXTEENTH DEFENSE

Timberland further pleads that Plaintiffs' claims are barred in whole or in part to the extent that the Economic Loss Doctrine applies and incorporate the Court's Order, Rec. Doc. 984, as if fully set forth herein.

### SEVENTEENTH DEFENSE

Timberland further pleads any and all defenses applicable and available to it under any controlling Alabama statutes.

### EIGHTEENTH DEFENSE

Timberland further pleads any and all defenses applicable and available to it under any controlling Texas statutes.

**NINETEENTH DEFENSE**

Plaintiffs' claims are barred in whole or in part by the doctrines of estoppel, release, or waiver.

**TWENTIETH DEFENSE**

Timberland further pleads any and all defenses applicable and available to it under any controlling Mississippi statutes, including, but not limited to, the Mississippi Products Liability Act, MCA § 11-1-63.

**TWENTY-FIRST DEFENSE**

Timberland specifically pleads to the extent applicable, all defenses allowed under the Louisiana Products Liability Act, LSA-R.S. 9:2800.51 *et. seq.* and/or other Louisiana statutes.

**TWENTY-SECOND DEFENSE**

Timberland specifically pleads that its products were reasonably fit for ordinary use.

**TWENTY-THIRD DEFENSE**

In the event that discovery were to reveal the following, Timberland specifically pleads that the accident and/or injuries sued upon herein occurred only after and solely due to the substantial alteration and/or modification of the product sued upon herein, which alteration and/or modification was not foreseeable, after it left the hands of the manufacturer, which is specifically plead as a complete bar to any recovery against Timberland.

**TWENTY-FOURTH DEFENSE**

Plaintiffs' claims are barred in whole or in part to the extent that under the provisions of Mississippi Code Ann. § 85-5-7, defendants are liable only for the amount of damages allotted to them, if any, in direct proportion to their percentage of fault, if any, with due respect to the total negligence of all parties whose actions caused or contributed to the incident and the damages of which are complained.

## TWENTY-FIFTH DEFENSE

To the extent Plaintiffs seek punitive or exemplary damages, such damages are barred because the Administrative Master Complaint, as supplemented and amended, does not state a cause of action for punitive or exemplary damages against Timberland sufficient in law whereby such recovery may be had. Timberland specifically pleads that punitive damages are not allowed.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that any award of punitive damages would be unconstitutional because the standard utilized to allow the imposition of such damages are so vague, both on their face and as applied, so as to fail to give adequate or sufficient notice of the prohibitive conduct.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that the award of punitive damages would violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, separately, of the Constitution of the United States on each of the following separate and several grounds:

1. The procedures failed to provide means for awarding separate judgments against alleged tortfeasors;
2. The procedures failed to provide a limit on the amount of the award against separate defendants;
3. The procedures failed to provide specific standards for the award of punitive damages;
4. The procedures permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions;
5. The procedures failed to provide a clear consistent and appellate standard of review of an award of punitive damages;
6. The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined;
7. The standards of conduct upon which punitive damages are sought are vague; and
8. The standards utilized to allow the imposition of such damages fail to give adequate notice, due process and/or sufficient notice of the prohibitive conduct.

## TWENTY-EIGHTH DEFENSE

Timberland demands a bifurcation of Plaintiffs' claims for actual and punitive damages, where applicable.

## TWENTY-NINTH DEFENSE

Plaintiffs' claims against Timberland are barred to the extent that Plaintiffs' alleged injuries were caused by intervening, superseding actions or events for which Timberland is in no way responsible or liable.

## THIRTIETH DEFENSE

The exact damages and losses claimed by Plaintiffs are unknown to Timberland and discovery continues.  Thus, Timberland cannot adequately determine all defenses that may be applicable to Plaintiffs' claims.  Therefore, Timberland expressly reserves the right to amend its Answer and raise additional defenses to the extent that additional defenses become applicable under state and federal law, additional defenses are established as discovery proceeds, and additional defenses are available under subsequently asserted theories of recovery.

## THIRTY-FIRST DEFENSE

Timberland pleads to the extent applicable all defenses allowed under the La. Health Emergency Powers Act, LSA—R.S.29:771, and/or other Louisiana Law.

## THIRTY-SECOND DEFENSE

Timberland reasserts as affirmative defenses the defenses raised in the Manufacturing Defendants' Joint Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 210), and incorporates the Court's Order and Reasons (Rec. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss as if plead herein, *in extenso*, and asserts that all claims contrary to the order are precluded.

## THIRTY-THIRD DEFENSE

Further in the alternative, all damages complained of resulted solely or substantially from the negligence, fault or comparative fault of third parties for whom Timberland is not responsible.

## THIRTY-FOURTH DEFENSE

In the event that discovery reveals the following, Timberland specifically pleads that the injuries sued upon herein occurred only and solely by virtue of the failure of the user/handler of the product to properly and adequately maintain, service and/or inspect said product in accordance with the Owner's Manual and/or instructions for use, which is specifically pleaded as a complete bar to any recovery against Timberland.

## THIRTY-FIFTH DEFENSE

In the event that discovery reveals the following, Timberland specifically pleads that the product sued upon herein was not in a reasonably anticipated use at any relevant time.

## THIRTY-SIXTH DEFENSE

In the event that discovery reveals the following, Timberland specifically pleads that any alleged fault, negligence and/or strict liability attributed to Timberland, which is specifically denied, was not the proximate or legal cause of the injures supped upon herein.

## THIRTY-SEVENTH DEFENSE

Timberland avers that at the time the product left the manufacturer's control, the product met all the manufacturer's specifications and performance standards for the product and/or for otherwise identical products manufactured by the manufacturer.

## THIRTY-EIGHTH DEFENSE

Alternatively, Timberland affirmatively avers that in the event it is found liable in any way to plaintiff, which is denied, any liability on their part is merely joint liability and not joint and several, nor *in solido*, with the liability of other parties for whom it is not responsible.

## THIRTY-NINTH DEFENSE

Timberland specifically states that it had not duty to warn the plaintiffs in this case because co-defendant, the United States of America, was a sophisticated purchaser of the Temporary Housing Units in question, thereby absolving Timberland of any duty to warn it may have had in this case.

## FORTIETH DEFENSE

Timberland specifically denies liability under Alabama law, including but not limited to the Alabama Extended Manufacturer's Liability Doctrine, the express warranty law of Alabama, the implied warranty law of Alabama, any and all Alabama laws regarding medical monitoring, and any and all Alabama laws regarding punitive and/or exemplary damages.

## FORTY-FIRST DEFENSE

Timberland specifically denies liability under Texas law, including but not limited to the Texas Products Liability Act, the express warranty law of Texas, the implied warranty law of Texas, any and all Texas laws regarding medical monitoring, and any and all Texas laws regarding punitive and/or exemplary damages.

## FORTY-SECOND DEFENSE

Plaintiffs are unable to establish that this Court has personal jurisdiction over defendant.

## FORTY-THIRD DEFENSE

The product at issue is not unreasonably dangers in manufacture, construction or composition and/or not unreasonably dangers in design and/or not unreasonably dangerous by virtue of failure to warn and/or not dangerous due to non-conformity to express warranty.

## FORTY-FOURTH DEFENSE

There is no alternative design for the product at issue that was capable of preventing Plaintiffs' alleged damages.

## FORTY-FIFTH DEFENSE

The warnings or instructions on or accompanying to product at issue were adequate and the adequacy of those warnings are a complete bar to recovery.

## FORTY-SIXTH DEFENSE

Timberland denies that it or anyone form whom it may be responsible was guilty of any negligence, gross negligence, strict liability, want of due care or other legal fault constituting a proximate cause of the alleged accident and injuries in question and/or entitling Plaintiffs to recover any damages herein.

## FORTY-SEVENTH DEFENSE

Any injures or damages alleged by Plaintiffs herein were caused by third parties for whom defendant is not responsible or liable.

## FORTY-EIGHTH DEFENSE

While at all times denying liability, Timberland alleges that Plaintiffs were guilty of contributory negligence and/or assumption of the risk, all of which are a bar to Plaintiffs' recovery herein, and in the further alternative, that Plaintiffs were guilty of comparative and/or contributory fault which said fault contributed to their injures and that this Court should fix the amount or degree of fault of Plaintiffs in any recovery to which Plaintiffs might otherwise be entitled should be reduced by such a percentage of fault.

## FORTY-NINTH DEFENSE

Timberland maintains that it did not have a contract with FEMA or any other governmental agency and that its construction of the travel trailer(s) was not subject to or governed by any "FEMA specifications."

## FIFTIETH DEFENSE

Timberland asserts that (a) it did not sell housing units directly to the federal government in the wake of Hurricanes Katrina and Rita; and (b)the dealers who sold Timberland housing units to the federal government and the federal government are sophisticated users of products, such that Timberland cannot be held liable to plaintiffs for their claims, including but not limited to, any claims for failure to warn and strict product liability.

## FIFTY-FIRST DEFENSE

The Master Complaints have improperly joined claims under Rule 18 of the Federal Rules of Civil Procedure, requiring severance of claims as provided by Rule 21 of the Federal Rules of Civil Procedure.

## FIFTY-SECOND DEFENSE

The Master Complaints have failed to satisfy the requirements for joinder of parties under Rules 18, 19, 20 and 21 of the Federal Rules of Civil Procedure.

## FIFTY-THIRD DEFENSE

Defendant maintains that there is a lack of proper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure.

## FIFTY-FOURTH DEFENSE

Defendant maintains that there is insufficient process and insufficient service of process under Rules 12(b)(4) and (b)(5) of the Federal Rules of Civil Procedure.

## FIFTY-FIFTH DEFENSE

Plaintiffs fail to state a claim for medical monitoring damages to the extent that any plaintiff has not suffered a specific or manifest injury.

## FIFTY-SIXTH DEFENSE

Plaintiffs fail to state a claim for attorney fees and costs.

## FIFTY-SEVENTH DEFENSE

Plaintiff's theory of joint and several liability, or market share liability, is precluded by applicable law.

## FIFTY-EIGHTH DEFENSE

Defendant is entitled to indemnity and/or contribution from all responsible parties for any sum that it must pay any Plaintiff based on the negligence, fault, and/or breach of contract of these other persons; or, alternatively, for a reduction in any amount it must pay to any Plaintiff to the extent of the fault of any other party.

## FIFTY-NINTH DEFENSE

To the extent that any Plaintiff sustained damages, such damages were caused by the negligence or fault of persons with whom Plaintiff has settled his or her claims. Defendant is entitled to a credit and/or offset of any Judgment rendered against it by the percentage of fault or virile share of all entities with whom any Plaintiff may have reached settlement. Further, said settlement constitutes an extinguishment of any debt owed by this defendant.

## SIXTIETH DEFENSE

Plaintiffs have failed to state a claim for punitive or exemplary damages.

## SIXTY-FIRST DEFENSE

Defendant constructed travel trailers in accordance with plans and specifications provided to it by various dealers such that it is entitled to immunity under La. R.S. 9:2771.

## SIXTY-SECOND DEFENSE

Timberland references and incorporates its previously filed Answer (Rec. Doc. 1126) which was in response to the earlier versions of the Master Complaint.

## SIXTY-THIRD DEFENSE

Timberland references and incorporates its previously filed Preservation of Defenses and Motions Lists.

**WHEREFORE,** Timberland respectfully prays that the above Answer and Defenses to the Administrative Master Complaint, as supplemented and amended, be deemed good and sufficient; that after due proceedings are had, there be judgment rendered in favor of Timberland against Plaintiffs, dismissing their claims and requests for damages at their cost and with prejudice; and that Timberland be awarded all other general, special and equitable relief as the nature of this case may permit and all costs of these proceedings.

## REQUEST FOR JURY TRIAL

Timberland requests a trial by jury on all issues so triable.

Respectfully submitted,

**ADAMS AND REESE** LLP

By: _/s/ Scott E. Delacroix_____
        Scott E. Delacroix, T.A. (#4823)
        701 Poydras Street, Suite 4500
        New Orleans, Louisiana 70139
        (504) 581-3234
        (504) 566-0210 (fax)

        J. Joseph Tanner (*Pro Hac Vice to be filed*)
        Baker & Daniels LLP
        300 North Meridian Street, Suite 2700
        Indianapolis, Indiana  46204
        (317) 237-1000
        (317) 237-0300 (fax)

        Thomas C. Kus (*Pro Hac Vice to be filed*)
        Baker & Daniels LLP
        111 East Wayne Street, Suite 800
        Fort Wayne, Indiana  46802
        (260) 424-8000
        (260) 460-1700 (fax)

ATTORNEYS FOR DEFENDANT
TIMBERLAND RV COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all known counsel of record.

By: /s/ Scott E. Delacroix