UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | • | MDL NO. 2:07-MD-1873 |
| FORMALDEHYDE | • | |
| PRODUCTS LIABILITY | • | SECTION:  N (4) |
| LITIGATION | • | |
| | • | JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO: | • | |
| *ALL CASES AS AGAINST SUNLINE* | • | MAGISTRATE JUDGE CHASEZ |
| *ACQUISITION COMPANY, LTD.* | | |

•••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

**ANSWER AND DEFENSES OF SUNLINE ACQUISITION COMPANY, LTD.
TO PLAINTIFFS' ADMINISTRATIVE MASTER COMPLAINT,
FIRST SUPPLEMENTAL AND AMENDED MASTER COMPLAINT,
SECOND SUPPLEMENTAL AND AMENDED MASTER COMPLAINT,
THIRD SUPPLEMENTAL AND AMENDED MASTER COMPLAINT, AND
FOURTH SUPPLEMENTAL AND AMENDED MASTER COMPLAINT**

Defendant, SUNLINE ACQUISITION COMPANY, LTD. ("Sunline"), for its Answer to

the Plaintiffs' Administrative Master Complaint (Rec. Doc. 109), Plaintiff's First Supplemental

and Amended Master Complaint (Rec. Doc. 379), and Plaintiff's Second Supplemental and

Amended Master Complaint (Rec. Doc. 722), and Plaintiff's Third Supplemental and Amended

Master Complaint (Rec. Doc. 4486), and Plaintiff's Fourth Supplemental and Amended Master

Complaint (Rec. Doc. 7576-3), (collectively the "Amended Master Complaint, as supplemented

and amended), respectfully states as follows:

**Preamble**

Defendant, Sunline, has been brought into the Master Complaint via the Third

Supplemental and Amended Administrative Master Complaint" (Rec. Doc.  4486, filed

10/02/09).   Said pleading completely restates the plaintiffs' allegations from the original

"Administrative Master Complaint" as amended by the "First Supplemental and Amended

Master Complaint" (Rec. Doc. 379), and "Second Supplemental and Amended Master Complaint" (Rec. Doc. 722).   Appearer, Sunline, will herein respond to the specific paragraphs of the "Third Supplemental and Amended Master Complaint (Rec. Doc. 4486), inasmuch said complaint restates, amends, and/or supplements the original, First Supplemental, and Second Supplemental and Amending Master Complaints.   However, insofar as any response would be required of appearer to the specific allegations of the original, First Supplemental, and Second Supplemental and Amending Master Complaints, those allegations are denied.   The following admissions and denials relative to the allegations of the Third Supplemental and Amended Administrative Master Complaint" (Rec. Doc.  4486) are as follows:

**Admissions and Denials**

**I. Introduction**

**1**

The allegations of paragraph 1 require no answer from defendant; however, insofar as an answer would be required, the allegations would be denied as to Sunline.

**2**

The allegations set forth in paragraph 2 are admitted.

**3**

The allegations set forth in paragraph 3 are admitted.

**4**

The allegations set forth in paragraph 4 are admitted.

**5**

The allegations set forth in paragraph 5 are admitted, although the underlying factual and legal allegations are denied insofar as Sunline is concerned.

**6**

The allegations set forth in paragraph 6 requires no answer from Sunline.

**7**

The allegations set forth in paragraph 7 requires no answer from Sunline.

## II. Parties

**8**

The allegations set forth in paragraph 8 are denied for lack of sufficient information to justify a belief therein.

**9**

The allegations set forth in paragraph 9 of the Petition are denied for lack of sufficient information to justify a belief therein.

**10 - 90**

The allegations set forth in paragraphs 10 - 90, enumerating numerous defendants, are denied for lack of sufficient information to justify a belief therein.

**91**

The allegations set forth in paragraph 91 are denied.

**92 - 115**

The allegations set forth in paragraph 92 - 115, enumerating numerous defendants, are denied for lack of sufficient information to justify a belief therein.

## III.  Jurisdiction and Venue

**116**

The allegations set forth in paragraph 116 represent legal conclusions to which appearer need not respond.   However, insofar as a response would be required, the allegation would be denied for lack of sufficient information to justify a belief therein.

### 117

Although the underlying damages are denied, it is admitted that the plaintiffs do make such allegations of their damages exceeding $75,000, exclusive of interest and costs.

### 118

The allegations set forth in paragraph 118 are denied.

### 119

The allegations set forth in paragraph 119 require no response from appearer, however, insofar as a response would be required, the allegations would be denied for lack of sufficient information to justify a belief therein.

### 120

The allegations set forth in paragraph 120 constitute legal conclusions, for which no response is required of appearer.    However, insofar as a response would be required, the allegations are denied for lack of sufficient information to justify a belief therein.

### 121

The allegations set forth in paragraph 121 constitute legal conclusions relative to venue, for which a response is not necessary from appearer; however, insofar as a response would be required, it would be denied for lack of sufficient information to justify a belief therein.   Further, appearer specifically denies any "negligent and wrongful actions."

### 122

The allegations set forth in paragraph 122 constitute legal conclusions relative to venue, for which a response is not necessary from appearer; however, insofar as a response would be required, it would be denied for lack of sufficient information to justify a belief therein.

**123**

The allegations set forth in paragraph 123 constitute legal conclusions relative to venue, for which a response is not necessary from appearer; however, insofar as a response would be required, it would be denied for lack of sufficient information to justify a belief therein, but it is admitted that the court has issued certain orders relative to the multi-district litigation.

### IV.  Facts and General Allegations

**124**

The allegations set forth in paragraph 124 are denied for lack of sufficient information to justify a belief therein.

**125**

The allegations set forth in paragraph 125 are denied for lack of sufficient information to justify a belief therein.

**126**

The allegations set forth in paragraph 126 are denied for lack of sufficient information to justify a belief therein.

**127**

The allegations set forth in paragraph 127 are denied for lack of sufficient information to justify a belief therein.

**128**

The allegations set forth in paragraph 128 are denied for lack of sufficient information to justify a belief therein.

**129**

The allegations set forth in paragraph 129 are denied for lack of sufficient information to justify a belief therein insofar as Sunline is concerned.

**130**

The allegations set forth in paragraph 130 are denied for lack of sufficient information to justify a belief therein.

**131**

The allegations set forth in paragraph 131 are denied for lack of sufficient information to justify a belief therein.

**132**

The allegations set forth in paragraph 132 are denied for lack of sufficient information to justify a belief therein.

**133**

The allegations set forth in paragraph 133 are denied for lack of sufficient information to justify a belief therein.

**134**

The allegations set forth in paragraph 134 are denied for lack of sufficient information to justify a belief therein.

**135**

The allegations set forth in paragraph 135 are denied for lack of sufficient information to justify a belief therein.

**136**

The allegations set forth in paragraph136 are denied for lack of sufficient information to justify a belief therein.

**137**

The allegations set forth in paragraph 137 are denied for lack of sufficient information to justify a belief therein.

## 138

The allegations set forth in paragraph 138 are denied for lack of sufficient information to justify a belief therein.

## 139

The allegations set forth in paragraph 139 are denied for lack of sufficient information to justify a belief therein.

## 140

The allegations set forth in paragraph 140 are denied for lack of sufficient information to justify a belief therein.

## 141

The allegations set forth in paragraph 141 are denied for lack of sufficient information to justify a belief therein.

## 142

The allegations set forth in paragraph 142 are denied for lack of sufficient information to justify a belief therein.

## 143

The allegations set forth in paragraph 143 are denied for lack of sufficient information to justify a belief therein.

## 144

The allegations set forth in paragraph 144 are denied for lack of sufficient information to justify a belief therein.

## 145

The allegations set forth in paragraph 145 are denied for lack of sufficient information to justify a belief therein.

**146**

The allegations set forth in paragraph 146 are denied for lack of sufficient information to justify a belief therein.

**147**

The allegations set forth in paragraph 147 are denied for lack of sufficient information to justify a belief therein.

**148**

The allegations set forth in paragraph 148 are denied for lack of sufficient information to justify a belief therein.

**149**

The allegations set forth in paragraph 149 are denied for lack of sufficient information to justify a belief therein.

**150**

The allegations set forth in paragraph 150 are denied for lack of sufficient information to justify a belief therein.

**151**

The allegations set forth in paragraph 151 are denied for lack of sufficient information to justify a belief therein.

**152**

The allegations set forth in paragraph 152 are denied for lack of sufficient information to justify a belief therein.

**153**

The allegations set forth in paragraph 153 are denied for lack of sufficient information to justify a belief therein.

**154**

The allegations set forth in paragraph 154 are denied for lack of sufficient information to justify a belief therein.

**155**

The allegations set forth in paragraph 155 are denied for lack of sufficient information to justify a belief therein.

**156**

The allegations set forth in paragraph 156 are denied for lack of sufficient information to justify a belief therein.

**157**

The allegations set forth in paragraph 157 are denied for lack of sufficient information to justify a belief therein.

**158**

The allegations set forth in paragraph 158 are denied for lack of sufficient information to justify a belief therein.

**159**

The allegations set forth in paragraph 159 are denied for lack of sufficient information to justify a belief therein.

**160**

The allegations set forth in paragraph 160 are denied for lack of sufficient information to justify a belief therein.

**161**

The allegations set forth in paragraph 161 are denied for lack of sufficient information to justify a belief therein.

**162**

The allegations set forth in paragraph 162 are denied for lack of sufficient information to justify a belief therein.

**163**

The allegations set forth in paragraph 163 are denied for lack of sufficient information to justify a belief therein.

**164**

The allegations set forth in paragraph 164 are denied for lack of sufficient information to justify a belief therein.

**165**

The allegations set forth in paragraph 165 are denied for lack of sufficient information to justify a belief therein.

**166**

The allegations set forth in paragraph 166 are denied for lack of sufficient information to justify a belief therein.

**167**

The allegations set forth in paragraph 167 are denied for lack of sufficient information to justify a belief therein.

**168**

The allegations set forth in paragraph 168 are denied for lack of sufficient information to justify a belief therein.

**169**

The allegations set forth in paragraph 169 are denied for lack of sufficient information to justify a belief therein.

### 170

The allegations set forth in paragraph 170 are denied for lack of sufficient information to justify a belief therein.

### 171

The allegations set forth in paragraph 171 are denied for lack of sufficient information to justify a belief therein.

### 172

The allegations set forth in paragraph 172 are denied for lack of sufficient information to justify a belief therein.

### 173

The documents referenced  are the best evidence of their contents, however, insofar as a response to the allegations would be required of appearer, they would be denied for lack of sufficient information to justify a belief therein.

### 174

The allegations set forth in paragraph 174 are denied for lack of sufficient information to justify a belief therein.

### 175

The documents referenced  are the best evidence of their contents, however, insofar as a response to the allegations would be required of appearer, they would be denied for lack of sufficient information to justify a belief therein.

### 176

The documents referenced  are the best evidence of their contents, however, insofar as a response to the allegations would be required of appearer, they would be denied for lack of sufficient information to justify a belief therein.

**177.**

The allegations set forth in paragraph 177 are denied for lack of sufficient information to justify a belief therein.

**178.**

The allegations set forth in paragraph 178 are denied for lack of sufficient information to justify a belief therein.

**179**

The documents referenced  are the best evidence of their contents, however, insofar as a response to the allegations would be required of appearer, they would be denied for lack of sufficient information to justify a belief therein.

**180**

The documents referenced  are the best evidence of their contents, however, insofar as a response to the allegations would be required of appearer, they would be denied for lack of sufficient information to justify a belief therein.

**181**

The documents referenced  are the best evidence of their contents, however, insofar as a response to the allegations would be required of appearer, they would be denied for lack of sufficient information to justify a belief therein.

**182.**

The allegations set forth in paragraph 182 are denied for lack of sufficient information to justify a belief therein.

183

The documents referenced  are the best evidence of their contents, however, insofar as a response to the allegations would be required of appearer, they would be denied for lack of sufficient information to justify a belief therein.

184

The documents referenced  are the best evidence of their contents, however, insofar as a response to the allegations would be required of appearer, they would be denied for lack of sufficient information to justify a belief therein.

185

The documents referenced  are the best evidence of their contents, however, insofar as a response to the allegations would be required of appearer, they would be denied for lack of sufficient information to justify a belief therein.

186

The documents referenced  are the best evidence of their contents, however, insofar as a response to the allegations would be required of appearer, they would be denied for lack of sufficient information to justify a belief therein.

187

The documents referenced  are the best evidence of their contents, however, insofar as a response to the allegations would be required of appearer, they would be denied for lack of sufficient information to justify a belief therein.

188

The documents referenced  are the best evidence of their contents, however, insofar as a response to the allegations would be required of appearer, they would be denied for lack of sufficient information to justify a belief therein.

## 189

The documents referenced  are the best evidence of their contents, however, insofar as a response to the allegations would be required of appearer, they would be denied for lack of sufficient information to justify a belief therein.

## 190

The documents referenced  are the best evidence of their contents, however, insofar as a response to the allegations would be required of appearer, they would be denied for lack of sufficient information to justify a belief therein.

## 191

The allegations set forth in paragraph 191 are denied for lack of sufficient information to justify a belief therein.

## 192

The documents referenced  are the best evidence of their contents, however, insofar as a response to the allegations would be required of appearer, they would be denied for lack of sufficient information to justify a belief therein.

## 193

The allegations set forth in paragraph 193 are denied for lack of sufficient information to justify a belief therein.

## 194

The documents referenced are the best evidence of their contents, however, insofar as a response to the allegations would be required of appearer, they would be denied for lack of sufficient information to justify a belief therein.

## 195

The allegations set forth in paragraph 195 are denied for lack of sufficient information to justify a belief therein.

## 196

The allegations set forth in paragraph 196 are denied for lack of sufficient information to justify a belief therein.

## 197

The allegations set forth in paragraph 197 are denied for lack of sufficient information to justify a belief therein.

## 198

The allegations set forth in paragraph 198 are denied for lack of sufficient information to justify a belief therein.

## 199

The allegations set forth in paragraph 199 are denied for lack of sufficient information to justify a belief therein.

### V.  Claims Asserted Against the Federal
### Government: All States

### Count 1:

### Cause of Action Against the Federal Government

## 200

The allegations set forth in paragraph 200 require no answer from appearer, however insofar as an answer would be required, it would be denied for lack of sufficient information to justify a belief therein.   Further, appearer would herein reiterate, as if copied herein *in extenso*, all prior allegations/denials/defenses previously pleaded on behalf of appearer to the "above allegations" of plaintiffs.

## 201

The allegations set forth in paragraph 201 require no answer from appearer, however, insofar as a response would be required, the allegations would be denied for lack of sufficient information to justify a belief therein.

## 202

The allegations set forth in paragraph 202 require no answer from appearer, however, insofar as a response would be required, the allegations would be denied for lack of sufficient information to justify a belief therein.

## 203

The allegations set forth in paragraph 203 require no answer from appearer, however, insofar as a response would be required, the allegations would be denied for lack of sufficient information to justify a belief therein.

## 204

The allegations set forth in paragraph 204 require no answer from appearer, however, insofar as a response would be required, the allegations would be denied for lack of sufficient information to justify a belief therein.

## 205

The allegations set forth in paragraph 205 require no answer from appearer, however, insofar as a response would be required, the allegations would be denied for lack of sufficient information to justify a belief therein.

## 206

The allegations set forth in paragraph 206 require no answer from appearer, however, insofar as a response would be required, the allegations would be denied for lack of sufficient information to justify a belief therein.

## 207

The allegations set forth in paragraph 207 require no answer from appearer, however, insofar as a response would be required, the allegations would be denied for lack of sufficient information to justify a belief therein.

## 208

The allegations set forth in paragraph 208 are denied.

## 209

The allegations set forth in paragraph 209 require no answer from appearer, however, insofar as a response would be required, the allegations would be denied for lack of sufficient information to justify a belief therein.

### VI.  Claims Asserted Against the Manufacturing Defendants

### A.  Louisiana State-Based Claims

### Count 2:

### Cause of Action Against the Manufacturing Defendants Under Louisiana Products Liability Act

## 210

The allegations set forth in paragraph 210 require no answer from appearer, however insofar as an answer would be required, it would be denied for lack of sufficient information to justify a belief therein.   Further, appearer would herein reiterate, as if copied herein *in extenso*, all prior allegations/denials/defenses previously pleaded on behalf of appearer to the "above allegations" of plaintiffs.

## 211

The allegations of paragraph 211 constitute legal conclusions, to which appearer need not respond.   However, insofar as a response would be required, the allegations are denied for lack of sufficient information to justify a belief therein.

## 212

The allegations set forth in paragraph 212 are denied.

## 213

The allegations set forth in paragraph 213 are denied.

## 214

The allegations set forth in paragraph 214 are denied.

## 215

The allegations set forth in paragraph 215 are denied.

## 216

The allegations set forth in paragraph 216 are denied.

## 217

The allegations set forth in paragraph 217 are denied for lack of sufficient information to justify a belief therein.

## 218

The allegations set forth in paragraph 218 are denied for lack of sufficient information to justify a belief therein.

## 220

The allegations set forth in paragraph 220 are denied for lack of sufficient information to justify a belief therein.

## 221

The allegations set forth in paragraph 221 are denied for lack of sufficient information to justify a belief therein.

**222**

The allegations set forth in paragraph 222 are denied for lack of sufficient information to justify a belief therein.

**223**

The allegations set forth in paragraph 223 are denied for lack of sufficient information to justify a belief therein.

**224**

The allegations set forth in paragraph 224 are denied for lack of sufficient information to justify a belief therein.

**225**

The allegations set forth in paragraph 225 are denied for lack of sufficient information to justify a belief therein.

**226**

The allegations set forth in paragraph 226 are denied for lack of sufficient information to justify a belief therein.

**227**

The allegations set forth in paragraph 227 are denied for lack of sufficient information to justify a belief therein.

**228**

The allegations set forth in paragraph 228 are denied for lack of sufficient information to justify a belief therein.

**Mississippi State-Based Claims**

**Count 3:**

**Strict Products Liability**
**MS Code Annotated §11-1-63**

**229**

In response to the allegations contained in paragraph 229, Sunline incorporates by reference as if fully set forth herein its responses to the allegations contained in each of the preceding paragraphs.  In addition, Sunline states that the court has dismissed by Order, Rec. Doc. 984, several of plaintiffs' claims against the manufacturing defendants under Mississippi law, including breach of implied warranty of fitness for a particular purpose and any claims seeking damages in strict liability for economic losses.

**230**

The allegations set forth in paragraph 230 are denied.

**231**

The allegations set forth in paragraph 231 are denied.

**232**

The allegations set forth in paragraph 232 are denied.

**233**

The allegations set forth in paragraph 233 are denied.

**234**

The allegations set forth in paragraph 234 are denied.

**235**

The allegations set forth in paragraph 235 are denied.

**236**

The allegations set forth in paragraph 236 are denied.

**237**

The allegations set forth in paragraph 237 are denied.

**238**

The allegations set forth in paragraph 238 are denied.

**239**

The allegations set forth in paragraph 239 are denied.

**Products Liability: Failure To Warn**

**240**

The allegations set forth in paragraph 240 require no answer from appearer, however insofar as an answer would be required, it would be denied for lack of sufficient information to justify a belief therein.   Further, appearer would herein reiterate, as if copied herein *in extenso*, all prior allegations/denials/defenses previously pleaded on behalf of appearer to the "above allegations" of plaintiffs.

**241**

The allegations set forth in paragraph 241 are denied.

**Products Liability: Breach of Express Warranty**

**242**

The allegations set forth in paragraph 242 require no answer from appearer, however insofar as an answer would be required, it would be denied for lack of sufficient information to justify a belief therein.   Further, appearer would herein reiterate, as if copied herein *in extenso*,

all prior allegations/denials/defenses previously pleaded on behalf of appearer to the "above allegations" of plaintiffs.

### 243

The allegations set forth in paragraph 243 are denied.

### Count 4:

### Strict Liability and Negligence

### 244

The allegations set forth in paragraph 244 require no answer from appearer, however insofar as an answer would be required, it would be denied for lack of sufficient information to justify a belief therein.   Further, appearer would herein reiterate, as if copied herein *in extenso*, all prior allegations/denials/defenses previously pleaded on behalf of appearer to the "above allegations" of plaintiffs.

### 245

The allegations set forth in paragraph 245 are denied.

### 246

The allegations set forth in paragraph 246 are denied.

### 247

The allegations set forth in paragraph 247 are denied.

### C.  Alabama State-Based Claims

### Count 5

### Extended Manufacturer's Liability Doctrine
### Code of Ala.§ 6-5-621

### Products Liability: Defective Manufacturing and Design

**248**

The allegations set forth in paragraph 248 require no answer from appearer, however insofar as an answer would be required, it would be denied for lack of sufficient information to justify a belief therein.   Further, appearer would herein reiterate, as if copied herein *in extenso*, all prior allegations/denials/defenses previously pleaded on behalf of appearer to the "above allegations" of plaintiffs.

**249**

The allegations set forth in paragraph 249 are denied.

**250**

The allegations set forth in paragraph 250 are denied.

**251**

The allegations set forth in paragraph 251 are denied.

**252**

The allegations set forth in paragraph 252 are denied.

**253**

The allegations set forth in paragraph 253 are denied.

**254**

The allegations set forth in paragraph 254 are denied.

**255**

The allegations set forth in paragraph 255 are denied.

**256**

The allegations set forth in paragraph 256 are denied.

**257**

The allegations set forth in paragraph 257 are denied.

**258**

The allegations set forth in paragraph 258 are denied.

**259**

The allegations set forth in paragraph 259 are denied.

**Products Liability: Failure to Warn**

**260**

The allegations set forth in paragraph 260 require no answer from appearer, however insofar as an answer would be required, it would be denied for lack of sufficient information to justify a belief therein.   Further, appearer would herein reiterate, as if copied herein *in extenso*, all prior allegations/denials/defenses previously pleaded on behalf of appearer to the "above allegations" of plaintiffs.

**261**

The allegations set forth in paragraph 261 are denied.

**Products Liability: Breach of Express and Implied
Warranty of Merchantability**

**262**

The allegations set forth in paragraph 262 require no answer from appearer, however insofar as an answer would be required, it would be denied for lack of sufficient information to justify a belief therein.   Further, appearer would herein reiterate, as if copied herein *in extenso*, all prior allegations/denials/defenses previously pleaded on behalf of appearer to the "above allegations" of plaintiffs.

**263**

The allegations set forth in paragraph 263 are denied.

## D.  Texas State-Based Claims

### Count 6:

### Cause of Action Against Manufacturing Defendants Under
### Texas Product Liability Law

#### 264

The allegations set forth in paragraph 264 require no answer from appearer, however insofar as an answer would be required, it would be denied for lack of sufficient information to justify a belief therein.   Further, appearer would herein reiterate, as if copied herein *in extenso*, all prior allegations/denials/defenses previously pleaded on behalf of appearer to the "above allegations" of plaintiffs.

#### 265

The allegations set forth in paragraph 265 are denied for lack of sufficient information to justify a belief therein.

#### 266

The allegations set forth in paragraph 266 are denied.

#### 267

The allegations set forth in paragraph 267 are denied.

#### 268

The allegations set forth in paragraph 268 are denied.

#### 269

The allegations set forth in paragraph 269 are denied.

#### 270

The allegations set forth in paragraph 270 are denied.

#### 271

The allegations set forth in paragraph 271 are denied.

**272**

The allegations set forth in paragraph 272 are denied.

**273**

The allegations set forth in paragraph 273 are denied.

**274**

The allegations set forth in paragraph 274 are denied.

**Count 7:**

**Cause of Action Against Manufacturing Defendants
For Negligence**

**275**

The allegations set forth in paragraph 275 require no answer from appearer, however insofar as an answer would be required, it would be denied for lack of sufficient information to justify a belief therein.   Further, appearer would herein reiterate, as if copied herein *in extenso*, all prior allegations/denials/defenses previously pleaded on behalf of appearer to the "above allegations" of plaintiffs.

**276**

The allegations set forth in paragraph 276 are denied.

**277**

The allegations set forth in paragraph 277 are denied.

**278**

The allegations set forth in paragraph 278 are denied.

**279**

The allegations set forth in paragraph 279 are denied.

**280**

The allegations set forth in paragraph 280 are denied.

**Count 8:**

**Cause of Action Against Manufacturing Defendants
for Breach of Implied Warranty**

**281**

The allegations set forth in paragraph 281 require no answer from appearer, however insofar as an answer would be required, it would be denied for lack of sufficient information to justify a belief therein.   Further, appearer would herein reiterate, as if copied herein *in extenso*, all prior allegations/denials/defenses previously pleaded on behalf of appearer to the "above allegations" of plaintiffs.

**282**

The allegations set forth in paragraph 282 are denied.

**283**

The allegations set forth in paragraph 283 are denied.

**284**

The allegations set forth in paragraph 284 are denied.

**285**

The allegations set forth in paragraph 285 are denied.

**286**

The allegations set forth in paragraph 286 are denied.

**Count 9:**

**Cause of Action Against Manufacturing Defendants
for Breach of Implied Warranties Under the UCC and
Common Law and Express Warranties:  All States**

**287**

The allegations set forth in paragraph 287 require no answer from appearer, however insofar as an answer would be required, it would be denied for lack of sufficient information to

justify a belief therein.   Further, appearer would herein reiterate, as if copied herein *in extenso*, all prior allegations/denials/defenses previously pleaded on behalf of appearer to the "above allegations" of plaintiffs.

### 288

The allegations set forth in paragraph 288 are denied.

### 289

The allegations set forth in paragraph 289 are denied.

### 290

The allegations set forth in paragraph 291 are denied.

### 292

The allegations set forth in paragraph 292 are denied.

### VII.  Claims Asserted Against the No-Bid Contractor Defendants

### A.  Louisiana State-Based Claims

### Count 10:

### Cause of Action Against the No-Bid Defendants Under the Louisiana Products Liability Act

### 293

The allegations set forth in paragraph 293 require no answer from appearer, however insofar as an answer would be required, it would be denied for lack of sufficient information to justify a belief therein.   Further, appearer would herein reiterate, as if copied herein *in extenso*, all prior allegations/denials/defenses previously pleaded on behalf of appearer to the "above allegations" of plaintiffs.

**294**

The allegations set forth in paragraph 294 represent legal conclusions, and do not require an answer from this appearer; however, insofar as a response would be required, the allegations would be denied for lack of sufficient information.

**295**

The allegations set forth in paragraph 295 are denied.

**296**

The allegations set forth in paragraph 296 are denied.

**297**

The allegations set forth in paragraph 297 are denied.

**298**

The allegations set forth in paragraph 298 are denied for lack of sufficient information to justify a belief therein.

**299**

The allegations set forth in paragraph 299 are denied.

**Count 11:**

**Negligence of No-Bid Defendants Under Louisiana Law**

**298**

The allegations set forth in paragraph 298 require no answer from appearer, however insofar as an answer would be required, it would be denied for lack of sufficient information to justify a belief therein.   Further, appearer would herein reiterate, as if copied herein *in extenso*, all prior allegations/denials/defenses previously pleaded on behalf of appearer to the "above allegations" of plaintiffs.

**299**

The allegations set forth in paragraph 299 are denied for lack of sufficient information to justify a belief therein.

**300**

The allegations set forth in paragraph 300 are denied for lack of sufficient information to justify a belief therein.

**301**

The allegations set forth in paragraph 301 are denied for lack of sufficient information to justify a belief therein.

**302**

The allegations set forth in paragraph 302 are denied for lack of sufficient information to justify a belief therein.

**303**

The allegations set forth in paragraph 303 are denied.

**304**

The allegations set forth in paragraph 304 are denied.

**B.   Mississippi State-Based Claims**

**Count 12:**

**Negligence of No-Bid Contractor Defendants
Under Mississippi Law**

**305**

The allegations set forth in paragraph 305 require no answer from appearer, however insofar as an answer would be required, it would be denied for lack of sufficient information to justify a belief therein.   Further, appearer would herein reiterate, as if copied herein *in extenso*,

all prior allegations/denials/defenses previously pleaded on behalf of appearer to the "above allegations" of plaintiffs.

### 306

The allegations set forth in paragraph 306 are denied for lack of sufficient information to justify a belief therein.

### 307

The allegations set forth in paragraph 307 are denied for lack of sufficient information to justify a belief therein.

### 308

The allegations set forth in paragraph 308 are denied for lack of sufficient information to justify a belief therein.

### 309

The allegations set forth in paragraph 309 are denied.

### 310

The allegations set forth in paragraph 310 are denied.

### 311

The allegations set forth in paragraph 311 are denied.

### Count 13:

### Strict Product Liability
### MS Code Annotated §11-1-63

### 312

The allegations set forth in paragraph 312 require no answer from appearer, however insofar as an answer would be required, it would be denied for lack of sufficient information to justify a belief therein.   Further, appearer would herein reiterate, as if copied herein *in extenso*,

all prior allegations/denials/defenses previously pleaded on behalf of appearer to the "above allegations" of plaintiffs.

### 313

The allegations set forth in paragraph 313 are denied for lack of sufficient information to justify a belief therein.

### 314

The allegations set forth in paragraph 314 are denied for lack of sufficient information to justify a belief therein.

### 315

The allegations set forth in paragraph 315 are denied.

### 316

The allegations set forth in paragraph 316 are denied.

### 317

It is denied that the housing units were in a defective condition.

### 318

It is denied that the housing units were in a defective condition.

### 319

It is denied that a dangerous condition existed as is alleged by paragraph 319.

### 320

The allegations set forth in paragraph 320 are denied.

### 321

The allegations set forth in paragraph 321 are denied.

### 322

It is denied that toxic exposure existed as alleged by paragraph 322.

**Count 14:**

**Failure to Warn**

**323**

The allegations set forth in paragraph 323 require no answer from appearer, however insofar as an answer would be required, it would be denied for lack of sufficient information to justify a belief therein.   Further, appearer would herein reiterate, as if copied herein *in extenso*, all prior allegations/denials/defenses previously pleaded on behalf of appearer to the "above allegations" of plaintiffs.

**324**

The allegations set forth in paragraph 324 are denied.

**325**

It is denied that "inherently dangerous properties" existed; insofar as a further response would be required, the allegations would be denied for lack of sufficient information to justify a belief therein.

**326**

It is denied that there was "presence of excessive levels of formaldehyde"; however insofar as a further response would be required, it would be denied for lack of sufficient information to justify a belief therein.

**Count 15:**

**Breach of Implied Warranty**

**327**

The allegations set forth in paragraph 327 require no answer from appearer, however insofar as an answer would be required, it would be denied for lack of sufficient information to justify a belief therein.   Further, appearer would herein reiterate, as if copied herein *in extenso*,

all prior allegations/denials/defenses previously pleaded on behalf of appearer to the "above allegations" of plaintiffs.

328

The allegations set forth in paragraph 328 are denied for lack of sufficient information to justify a belief therein.

C. Alabama State-Based Claims

Count 16:

Negligence of No-Bid Contractor Defendants<br>Under Alabama Law

329

The allegations set forth in paragraph 329 require no answer from appearer, however insofar as an answer would be required, it would be denied for lack of sufficient information to justify a belief therein.   Further, appearer would herein reiterate, as if copied herein *in extenso*, all prior allegations/denials/defenses previously pleaded on behalf of appearer to the "above allegations" of plaintiffs.

330

The allegations set forth in paragraph 330 are denied for lack of sufficient information to justify a belief therein.

331

The allegations set forth in paragraph 331 are denied for lack of sufficient information to justify a belief therein.

332

The allegations set forth in paragraph 332 are denied for lack of sufficient information to justify a belief therein.

**333**

The allegations set forth in paragraph 333 are denied.

**334**

The allegations set forth in paragraph 334 are denied.

**335**

The allegations set forth in paragraph 335 are denied.

### D.  Texas State-Based Claims

### Count 17:

### Negligence of No-Bid Contractor Defendants
### Under Texas Law

**336**

The allegations set forth in paragraph 336 require no answer from appearer, however insofar as an answer would be required, it would be denied for lack of sufficient information to justify a belief therein.   Further, appearer would herein reiterate, as if copied herein *in extenso*, all prior allegations/denials/defenses previously pleaded on behalf of appearer to the "above allegations" of plaintiffs.

**337**

The allegations set forth in paragraph 337 are denied for lack of sufficient information to justify a belief therein.

**338**

The allegations set forth in paragraph 338 are denied for lack of sufficient information to justify a belief therein.

**339**

The allegations set forth in paragraph 339 are denied for lack of sufficient information to justify a belief therein.

**340**

The allegations set forth in paragraph 340 are denied.

**341**

The allegations set forth in paragraph 341 are denied.

**342**

The allegations set forth in paragraph 342 are denied.

### VIII.  Claims Asserted Against the Procurement Defendants:
### All States

### Count 18:

### Negligence of Procurement Defendants

**343**

The allegations set forth in paragraph 343 require no answer from appearer, however insofar as an answer would be required, it would be denied for lack of sufficient information to justify a belief therein.   Further, appearer would herein reiterate, as if copied herein *in extenso*, all prior allegations/denials/defenses previously pleaded on behalf of appearer to the "above allegations" of plaintiffs.

**344**

The allegations set forth in paragraph 344 are denied for lack of sufficient information to justify a belief therein.

**345**

The allegations set forth in paragraph 345 are denied for lack of sufficient information to justify a belief therein.

**346**

The allegations set forth in paragraph 346 are denied for lack of sufficient information to justify a belief therein.

**347**

The allegations set forth in paragraph 347 are denied for lack of sufficient information to justify a belief therein.

**348**

The allegations set forth in paragraph 348 are denied for lack of sufficient information to justify a belief therein.

**349**

The allegations set forth in paragraph 349 are denied for lack of sufficient information to justify a belief therein.

**350**

The allegations set forth in paragraph 350 are denied for lack of sufficient information to justify a belief therein.

**351**

The allegations set forth in paragraph 351 are denied.

**352**

The allegations set forth in paragraph 352 are denied.

**IX.   Damages Asserted**

**A.  Damages for Louisiana State-Based Claims**

**Compensatory Damages**

**353**

Although it is admitted that plaintiffs has made the allegations contained in paragraph 353, the underlying facts are denied, and, specifically, on behalf of appearer, Sunline, all prayers for damages are denied.

## 354

The allegations set forth in paragraph 354 are denied.

### B.  Damages for Mississippi State-Based Claims

### Compensatory Damages

## 355

Although it is admitted that plaintiffs has made the allegations contained in paragraph 355, the underlying facts are denied, and, specifically, on behalf of appearer, Sunline, all prayers for damages are denied.

## 356

The allegations set forth in paragraph 356 are denied.

### Punitive / Exemplary Damages

## 357

The allegations set forth in paragraph 357 are denied.

### C.  Damages for Alabama State-Based Claims

### Compensatory Damages

## 358

The allegations set forth in paragraph 358 are denied.

## 359

The allegations set forth in paragraph 359 are denied.

### Code of Alabama §6-11-23 Punitive / Exemplary Damages

## 360

The allegations set forth in paragraph 360 are denied.

### D.    Damages for Texas State-Based Claims

### Compensatory Damages

### 361

Although it is admitted that plaintiffs has made the allegations contained in paragraph 361, the underlying facts are denied, and, specifically, on behalf of appearer, Sunline, all prayers for damages are denied.

### 362

The allegations set forth in paragraph 362 are denied.

### Punitive Damages

### 363

The allegations set forth in paragraph 363 are denied.

### Additional and Affirmative Defenses

AND NOW, FURTHER ANSWERING, Sunline respectfully asserts the following additional and affirmative defenses:

### First Defense

Plaintiffs' claims against Sunline are improperly joined with the claims made agaisnt the other defendants and Sunline be dismissed as a party pursuant to Federal Rules of Civil Procedure 20 and 21.

### Second Defense

The Amended Master Complaint, as supplemented and amended, fails to state a claim upon which relief can be granted.

### Third Defense

Sunline readopts and reasserts as though the same were set out herein all of its affirmative defenses and all other matters more specifically set forth in Timberland RV

Company and Heartland Recreational Vehicles, LLCs Joint Motion to Dismiss the Second Supplemental and Amended Master Complaint, Rec. Doc. 1027.

### Fourth Defense

For all the reasons set forth in this Court's order dated December 29, 2008, which denied plaintiffs' motion for class certification, Rec. Doc. 1014, as well as the reasons set forth in Defendants' opposition to plaintiffs' motion for class certification, Rec. Docs. 902 and 976, and Heartland's opposition to class certification, Rec. Doc. 945, any allegation that purports to assert that the claims of plaintiffs are appropriate for class certification fails to state a claim upon which relief can be granted as a matter of law.

### Fifth Defense

Upon information and belief, the named plaintiffs may lack standing to proceed with the complaint and/or causes of actions set forth therein.

### Sixth Defense

Upon information and belief, the named plaintiffs and/or purported members of the alleged class, are barred from seeking recovery in this matter by the doctrine of accord and satisfaction.

### Seventh Defense

All the damages complained of in the Amended Master Complaint, as supplemented and amended, resulted solely or substantially from the negligence, fault, or comparative fault of the plaintiffs through misuse and/or abuse of the subject travel trailers and manufactured housing, also known as Emergency Housing Units ("EHUs"), and/or lack of maintenance of said EHUs, or through other acts or omissions which will be shown more fully at the trial of this matter and which preclude recovery by plaintiffs or reduce any recovery by their percentage of fault.

## Eighth Defense

All the damages complained of in the Amended Master Complaint, as supplemented and amended, resulted solely or substantially from the negligence, fault, or comparable fault of others from whom Sunline is in no way responsible or liable.

## Ninth Defense

Sunline specifically denies the existence of any defect(s), including but not limited to redhibitory defects, which fall under any alleged warranty or representation issued by Sunline, or defects under the Louisiana Products Liability Act in the subject EHUs.

## Tenth Defense

Should this court determine that the subject EHUs exhibit some defect(s), which is specifically denied, then said defect(s) was apparent and obvious at the time of the sale and precludes any recovery by plaintiffs.

## Eleventh Defense

Sunline specifically states that to the extent the EHUs were in fact manufactured by Sunline, the EHUs were designed, constructed and manufactured in conformity with the state-of-the-art.

## Twelfth Defense

All of plaintiff's claims against Sunline may be preempted or otherwise precluded by the statutes, standards, regulations, and rules propagated by the federal government including, but not limited to, the Department of Housing and Urban Development ("HUD"), the Department of Homeland Security, and the Federal Emergency Management Agency ("FEMA"), and plaintiffs lease agreements with FEMA. Further, Sunline may be immunized from liability by the government contractor defense.

### Thirteenth Defense

Any express or other warranty obligations owed by Sunline are controlled and strictly limited by the express terms of the warranty, including all limitations and exclusions set out in the warranty.

### Fourteenth Defense

Upon information and belief, plaintiffs have failed to mitigate their damages.

### Fifteenth Defense

Plaintiffs' claims against Sunline are barred in whole or in part by the applicable statutes of limitations, statutes of repose, prescriptive periods, and/or any limitation of actions contained in any applicable contracts.

### Sixteenth Defense

Sunline further pleads that plaintiffs' claims are barred in whole or in part to the extent that the Economic Loss Doctrine applies and incorporates the Court's Order, Rec. Doc. 984, as if fully set forth herein.

### Seventeenth Defense

Sunline further pleads any and all defenses applicable and available to it under any controlling Alabama statutes.

### Eighteenth Defense

Sunline further pleads any and all defenses applicable and available to it under any controlling Texas statutes.

### Nineteenth Defense

Plaintiffs' claims are barred in whole or in part by the doctrines of estoppel, release, or waiver.

### Twentieth Defense

Sunline further pleads any and all defenses applicable and available to it under any controlling Mississippi statutes, including, but not limited to, the Mississippi Products Liability Act, MCA § 11-1-63.

### Twenty-First Defense

Sunline specifically pleads to the extent applicable, all defenses allowed under the Louisiana Products Liability Act, LSA-R.S. 9:2800.51 *et. seq.* and/or other Louisiana statutes.

### Twenty-Second Defense

Sunline specifically pleads that its products were reasonably fit for ordinary use.

### Twenty-Third Defense

In the event that discovery were to reveal the following, Sunline specifically pleads that the accident and/or injuries sued upon herein occurred only after and solely due to the substantial alteration and/or modification of the product sued upon herein, which alteration and/or modification was not foreseeable, after it left the hands of the manufacturer, which is specifically plead as a complete bar to any recovery against Sunline.

### Twenty-Fourth Defense

Plaintiffs' claims are barred in whole or in part to the extent that under the provisions of Mississippi Code Ann. § 85-5-7, defendants are liable only for the amount of damages allotted to them, if any, in direct proportion to their percentage of fault, if any, with due respect to the total negligence of all parties whose actions caused or contributed to the incident and the damages of which are complained.

### Twenty-Fifth Defense

To the extent plaintiffs seek punitive or exemplary damages, such damages are barred because the Administrative Master Complaint, as supplemented and amended, does not state a

cause of action for punitive or exemplary damages against Sunline sufficient in law whereby such recovery may be had. Sunline specifically pleads that punitive damages are not allowed.

### Twenty-Sixth Defense

Plaintiffs' claims are barred in whole or in part to the extent that any award of punitive damages would be unconstitutional because the standard utilized to allow the imposition of such damages are so vague, both on their face and as applied, so as to fail to give adequate or sufficient notice of the prohibitive conduct.

### Twenty-Seventh Defense

Plaintiffs' claims are barred in whole or in part to the extent that the award of punitive damages would violate the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments, separately, of the Constitution of the United States on each of the following separate and several grounds:

1. The procedures failed to provide means for awarding separate judgments against alleged tort-feasors;
2. The procedures failed to provide a limit on the amount of the award against separate defendants;
3. The procedures failed to provide specific standards for the award of punitive damages;
4. The procedures permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions;
5. The procedures failed to provide a clear consistent and appellate standard of review of any award of punitive damages;
6. The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and,
7. The standards of conduct upon which punitive damages are sought are vague.

### Twenty-Eighth Defense

Sunline demands a bifurcation of plaintiffs' claims for actual and punitive damages, where applicable.

## Twenty-Ninth Defense

Plaintiffs' claims against Sunline are barred to the extent that plaintiffs' alleged injuries were caused by intervening, superseding actions or events for which Sunline is in no way responsible or liable.

## Thirtieth Defense

The exact damages and losses claimed by plaintiffs are unknown to Sunline and discovery continues.  Thus, Sunline cannot adequately determine all defenses that may be applicable to plaintiffs' claims.  Therefore, Sunline expressly reserves the right to amend its Answer and raise additional defenses to the extent that additional defenses become applicable under state and federal law, additional defenses are established as discovery proceeds, and additional defenses are available under subsequently asserted theories of recovery.

WHEREFORE, SUNLINE ACQUISITION COMPANY, LTD. RESPECTFULLY PRAYS that the above Answer and Defenses to the Administrative Master Complaint, as supplemented and amended, be deemed good and sufficient; that after due proceedings are had, there be judgment rendered in favor of Sunline Acquisition Company, Ltd. against plaintiffs and those similarly situated, dismissing their claims and requests for damages at their cost and with prejudice; and that Sunline Acquisition Company, Ltd. be awarded all other general, special and equitable relief as the nature of this case may permit and all costs of these proceedings.

## Request for Trial by Jury

Sunline Acquisition Company, Ltd. hereby requests trial by jury on all issues so triable.

ALLEN & GOOCH • A Law Corporation

_____/s/ William H. Parker, III_____
WILLIAM H. PARKER, III
Suite 400 - 2000 Kaliste Saloom Road (70508)
Post Office Drawer 81129
Lafayette, LA.  70598-1129
337-291-1270 • 337-291-1275 – facsimile

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Answer and Defenses of Sunline Acquisition Company, Ltd. to Plaintiffs' Administrative Master Complaint, First Supplemental and Amended Master Complaint, Second Supplemental and Amended Master Complaint, Third Supplemental and Amended Master Complaint, and, Fourth Supplemental and Amended Master Complaint was electronically filed with the Clerk of Court using the CM/ECF system; which will send a notice of electronic filing to all counsel of record

Lafayette, Louisiana, this _____18th_____ day of _____February_____, 2010.

_____/s/ William H. Parker, III_____
WILLIAM H. PARKER, III