UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | MDL No. 07-1873 |
| | SECTION N(5) |
| THIS DOCUMENT RELATES TO: | JUDGE ENGLEHARDT |
| *Lyndon Wright v. Forest River, Inc., et al., L.L.C., et al.*, No. 09-2977 (E.D.La.) | MAGISTRATE CHASEZ |

## PLAINTIFF'S RESPONSE TO DEFENDANT FOREST RIVER INC.'S MOTION *IN LIMINE* TO LIMIT THE TESTIMONY OF ERVIN L. RITTER

Plaintiff Lyndon Wright ("Mr. Wright" or "Wright") respectfully submits the following Response to Defendant Forest River Inc.'s ("Forest River") Motion to Limit the Testimony of Ervin L. Ritter ("Mr. Ritter" or "Ritter") (Docket Entry No. 11393-1).

Forest River moves to limit the testimony of Ervin Ritter because it clams that 1) Ritter's testimony is duplicative, 2) Ritter's opinions on what codes and standards are applicable to the trailer at issue in this litigation lack clarity, 3) Ritter's methodology was fundamentally flawed, and 4) Ritter did not perform requisite risk/utility analysis to comment upon alternative designs. As explained below, none of Forest River's criticisms are accurate. For this reason, Forest River's Motion should be denied.

### I. RITTER'S TESTIMONY IS NOT DUPLICATIVE.

Federal Rule of Evidence 403 does not require a court to exclude evidence even if that evidence is duplicative. Moreover, the Rule addresses treatment of evidence at the

time of trial. Wright will abide by Orders of the court that apply to trial. However, since no trial has yet commenced, it is impossible to label any testimony as cumulative under Rule 403. Forest River's Motion is premature and must be denied.

Forest River mischaracterizes the sole reported case cited in its Memorandum as exemplary of the point that courts have excluded experts who planned to offer cumulative testimony. However, the court in *Miley v. Delta Marine Drilling Co.*, 473 F.2d 856 (5th Cir.1973) did not exclude the expert primarily because his testimony would have been cumulative as Forest River's Memorandum suggests. Rather, the exclusion was made on the basis that the witness lacked experience in the area of loading and unloading of anchor chains and therefore did not qualify as an expert. *Id.* at 858. Furthermore, the appellate court's note makes clear the fact that the trial court actually allowed cumulative testimony at the trial since it permitted two experts that plaintiff had previously qualified to testify as to loading and unloading procedures during the trial. *Id.*

In *Young v. Am Reliable Ins. Co.*, 1999 WL 600393 (E.D.La. Aug. 9, 1999), the court merely limited the experts to the opinions for which each expert was being offered, as plaintiffs indicated prior to trial. Finally, in *Matthew v. Remington Arms Co.*, 2009 WL 1220541 (May 4, 2009), the court did not exclude testimony offered by the plaintiffs by a second expert on alternative firearm design, which was the testimony the defendants had sought to exclude. *Id.* at *1. Defendant's motion had been made on the qualifications grounds. *Id.* The court did not agree with the defendant and denied the motion. *Id.*

Testimony of the experts in the instant case may overlap, similarly to the expert testimony in *Remington*, but is not cumulative. LaGrange investigated and reported upon

2

the pressure envelope of Mr. Wright's trailer. Ritter has testified that he was asked in this case to inspect and evaluate that existing mechanical systems in [Mr. Wright's] trailer and prepare a report. Deposition of Ervin Ritter, 12/09/09, attached as Ex. A, p. 45. Ritter did this work for First General Services, which is Al Mallet's company. Ex. A., p. 40. Al Mallet is a construction expert who has synthesized the findings of all the various experts. Though these experts may be addressing a single subject, they are looking at and testifying about that subject from wholly separate and different perspectives. None of the testimony can be cumulative if it is expressing a different perspective. Until trial, Mr. Wright should be able to have all of these witnesses available to be able to choose amongst them at the time of trial. No authority requires exclusion of testimony prior to trial on the basis of overlap.

## II.   CODE COMPLIANCE.

As Forest River knows, Wright's counsel has clarified that Ritter has not been tendered as an expert in code compliance. Probably due to this fact, Forest River devotes most of this section of its Memorandum to arguing for the exclusion of Al Mallet's and Paul LaGrange's testimony on the subject. Wright will respond to the arguments raised by Forest River in responses to the individual motions that were separately filed by Forest River pertaining to Al Mallet and Paul LaGrange. In addition, a detailed explanation of the relevance of testimony pertaining to the codes is set forth in separate Response filed by Wright to Shaw's Motion *In Limine* to Exclude References to Building Codes. For efficiency the entire argument will not be reproduced here but is applicable to respond to any assertion by Forest River that testimony on building codes is irrelevant to the FEMA trailer litigation.

### III. PERFORMANCE OF MECHANICAL SYSTEMS.

Ritter is being tendered in this case as a qualified expert on mechanical systems including HVAC and plumbing. Ex. A, p. 45. Ritter's discussion of the design and functioning of the HVAC system in the trailer specifically address the fundamental questions of formaldehyde and mold contamination in the trailer by analyzing air exchange inside the trailer and correlating it to the presence of contaminants. Ritter's opinions were not based on theory but on methodology known to be reliable and bears numerous hallmarks of reliability. *See Ancar v. Murphy Oil, U.S.A., Inc.*, 2007 WL 3270763, *2 (E.D. La. Nov. 2, 2007); *In re Katrina Canal Breaches Consol. Litigation*, 2007 WL 3245438, *12 (E.D. La. Nov. 2, 2007). Ritter used direct visual observations, trailer schematics, verifications of construction of the mechanical systems, digital photographs, and destructive testing as the basis for his opinions. *See* Ex.A, pp. 46 - 48. These indicia of reliability are sufficient to satisfy the standards set forth in both *Daubert* and *Ancar*. *See Daubert,* 509 U.S. at 589, 593-595; *Ancar*, 2007 WL 3270763 at *2.

Ritter then used these observations to comment upon functionality of the HVAC system. For example, Ritter testified to an effect on condensation that is known to occur in walls that are built without a vapor barrier. Ex. A, p. 69. He explained specific problems that would occur with the use of ductwork having an R-value lower than 7, which in his opinion is lower than that required by the manufacturer of the HVAC system. Ex. A., p. 71 – 76. He also addressed the fact that the HVAC system in Mr. Wright's trailer did not operate by bringing in outside air and the effect that would have on the contaminant levels inside the trailer. Ex. A, p. 58 - 60. This testimony is not

theoretical. Here Ritter appropriately explained efficiency of the HVAC system through application of reliable methodology to his knowledge, experience and training. Ritter did not record or refer to actual available temperature or humidity testing data because it was outside the scope of what he had been asked to do and was not necessary to support his opinions.

Though several weeks were permitted for investigation of the trailer, it does not mean that any single expert was given unfettered access to do unlimited testing. Instead, the total time was split amongst the experts for both sides. Ritter did not have "vast discretion" in testing in light of the specific task he was asked to do for his part of the overall trailer evaluation. To do his task, Ritter selected methodology that is generally used by mechanical engineers to evaluate HVAC systems. Ritter testified to the experience he has in designing and evaluating HVAC systems for the past 29 years as part of his duties at Ritter Consulting Engineers that qualify him as an expert on the subject. Ex. A, p. 25 – 26, 37.

The timing of access explains why no evidence of condensation was seen in Wright's trailer. Though Ritter confirmed that the HVAC unit had run in the trailer for a few weeks before the investigation, he also confirmed that he did not have the ceiling cavity opened – where condensation would likely form – at any time during the operation. Ex. A, p. 79. He also explained that staining from condensation would have been prevented by the foil-faced surface on the exterior of the duct. Ex. A, p. 78. As such, it is incorrect to look at the absence of physical evidence in this case as demonstrative of speculation.

Finally, Ritter's methodology did not include use of data loggers, as Forest River suggests. Ritter has never stated that he was relying in any way on the data loggers and, in fact, only attempted to clarify several times during his deposition that the loggers were provided by his company for First General's use. Ex. A, p. 48, 94. Since Ritter never used the loggers for his part of the trailer evaluation he had no reason to include that data in his report or rely upon it for any part of his opinions, as he testified. There has been no attempt to "hide any ball" as Forest River suggests. Forest River is simply attempting to create an issue out of nothing.

IV.     **ALTERNATIVE DESIGN.**

The authority cited by Forest River, *Seither v. Winnebago Industries, Inc.*, 853 So.2d 37 (La.Ct.App.2003) basically states that an alternative design must be reasonably specific and not based on mere speculation. *Seither* should be applied to this case, however, keeping in mind that it employed a vastly different standard. Forest River has not moved for a summary judgment or directed verdict, as was the case in *Seither*. In *Seither*, the question was not whether expert opinions should be allowed, but whether those opinions which had been offered met the standard of a directed verdict. Forest River's is a motion questioning whether Mr. Ritter's opinions are based on "good grounds." *Ruiz-Trioche*, 161 F.3d at 85. The opinions are based on "good grounds," and, thus, should be tested by the adversary process, competing expert testimony and cross examination, rather then excluded from juror's scrutiny for fear that they will not grasp complexities or satisfactorily weigh the inadequacies. *Id.*

Alternative designs proposed by Mr. Ritter are simple and specific, and require simple modifications that would not add extraordinary cost. Ritter testified that the

ventilation unit he recommended is of comparable cost and that his estimate of the overall increase in cost, which is what he was asked to provide and able to calculate based on his knowledge of the industry, was about $1,000. Ex. A, p. 167-168.

## V.  CONCLUSION.

For all the reasons set forth above, Mr. Wright respectfully requests that this Court deny Forest River's Motion *In Limine* to Limit the Testimony of Ervin Ritter.

Respectfully submitted,

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

s/ Gerald E. Meunier
GERALD E. MEUNIER, # 9471
**PLAINTIFF'S' CO-LIAISON COUNSEL**
Gainsburg, Benjamin, David, Meunier &
Warshauer, L.L.C
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
T: 504/522-2304
F. 504/528-9973
gmeunier@gainsben.com


s/ Justin I. Woods
JUSTIN I WOODS, #24713
**PLAINTIFF'S' CO-LIAISON COUNSEL**
Gainsburg, Benjamin, David, Meunier &
Warshauer, L.L.C
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
T: 504/522-2304
F. 504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932

        FRANK D'AMICO, #17519
        MATT MORELAND, #24567
        LINDA NELSON. #9938
        MIKAL WATTS, Texas #20981820
        DENNIS REICH, Texas #16739600

        Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

  I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing on February 18, 2010.

        s/ Gerald E. Meunier
        GERALD E. MEUNIER, # 9471