UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N(5)<br><br>JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO:<br>*Lyndon Wright v. Forest River, Inc., et al.,*<br>No. 09-2977 (E.D. La.) | MAGISTRATE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**SHAW ENVIRONMENTAL, INC.'S OPPOSITION TO PLAINTIFF'S
MOTION *IN LIMINE* TO PROHIBIT REFERENCES OR SUGGESTIONS
THAT THE WATER LEAK AT THE DOOR WAS CAUSED BY A BREAK IN**

**MAY IT PLEASE THE COURT:**

Shaw Environmental, Inc. (hereinafter referred to as "Shaw") respectfully submits this memorandum in opposition to the motion *in limine* (Rec. Doc. No. 11387) filed by Plaintiff (the "Motion"). Much of Plaintiff's case against Shaw depends upon the notion that Shaw somehow caused the water damage that was visible in the trailer at issue when it was subjected to destructive testing in August 2009 – three years and nine months after Shaw installed it, and three years and two months after Shaw stopped maintaining it. Needless to say, it is absolutely critical to Shaw's defense to point out that the water damage observed in August 2009 was not present when Shaw installed and maintained the trailer. One part of that proof is to show that there were other causes for the damage – one of which being extensive latch damage that was

sustained during a break-in some time in 2008.[1]  The Motion seeks to prevent Shaw from introducing evidence that the damage observed in 2009 might have been caused in 2008.  This tactic amounts to an attempt to prevent Shaw from defending itself by telling the truth about what happened to the trailer after Shaw's maintenance period ended.  Shaw is entitled to defend itself, and for that reason the Motion must be denied.

## FACTUAL BACKGROUND

In support of his claims against Shaw, Plaintiff intends to offer expert testimony from Charles David Moore ("Moore") regarding the structural condition of the FEMA travel trailer assigned to Plaintiff ("the Trailer").  Specifically, Moore opines in his expert report that in August 2009, after the Trailer had been sitting in a field for about a year, unmaintained, he observed certain damage to the interior and exterior of the Trailer, including holes in the sealants around the windows, door, and lighting fixtures, and an opening in the front door, which led to water damage at the front door, under the bedroom window, and in other sections of the wood framing.  Moore attributes all of this damage, including the water leaks at the front door, to the installation of the Trailer in November 2005.  Moore did not observe the original installation of the Trailer.  In fact, Moore did not actually inspect the Trailer until August 2009.  Nonetheless, he intends to testify that water damage he observed in August 2009 was caused or made worse by the improper jacking of the Trailer back in November 2005.

Plaintiff's current motion seeks to exclude highly relevant evidence of an incident that took place in the summer of 2008 during which someone broke into the Trailer.  Specifically,

---

[1]  A photograph of the door latch damage, which was discussed during the deposition of Plaintiff's expert C. David Moore, is attached hereto as Exhibit "A."

Plaintiff's mother, Bobbie Wright, testified that the front door sustained damage when someone pried open the door to gain entry into the Trailer.[2]  And, notwithstanding the statements made in the Motion, Moore admitted that this damage could have caused the water leak:

> Q. You can see in Exhibit 19 that the door has been crowbarred open by somebody, right?
>
> A. Yes, sir.
>
> Q. Okay. Do you know when that happened?
>
> A. No, sir.
>
> Q. The door is actually also resting in a slightly open state, isn't it?
>
> A. It looks like it is, yes.
>
> Q. So you would agree with me that even if somebody were holding the door closed or even if that wedge were jammed in there, that water could penetrate through the damage that was done during the crowbarring process, right?
>
> A. Could be, yes.
>
> Q. Okay. And maybe the damage that you see on page 26 of your report [water damage that, according to Moore's opinion, was caused or worsened by jacking] was caused by water that went in through the damaged doorframe that's shown in Exhibit 19, right?
>
> A. It's possible, yes.
>
> Q. No way to tell that from any other source, is there?
>
> A. No. I would probably say that water that would be entering there would be exacerbating that. This is probably some of the worst water damage that we saw there. Some of the other water damage that we saw was not quite as extensive, so I would think that there would be some circumstances that would cause this to accelerate, and that water entering in that would probably be at least some of that.

---

[2] Deposition of Bobbie R. Wright, pp. 85-86, attached hereto as Exhibit "B."

Q. Now, you've already told me that you can't tell how old the damage is as reflected on page 26 of your report, right?

A. That's correct.

Q. And you can't tell me, sitting here, with any scientific certainty whether that damage came from one or more than one water leak –

A. That's correct.

Q. -- can you?

A. No.

Q. And you told me that Exhibit 19 shows a condition that you don't know how long it was like that --

A. Correct.

Q. -- right? So it could have been like that for a year?

A. Possible.

Q. Okay. And plenty of water could have gotten in in a year to cause the condition that's shown on page 26 of your report, right?

A. That's possible, yes.[3]

Contrary to Plaintiff's assertion, the above evidence is highly relevant and is not prejudicial. In fact, given Moore's admission that the door damage is an alternate explanation for the water damage he saw in August 2009, it is incredible that Plaintiff is seeking to exclude it – obviously, this alternate causation is important to Shaw's defense. Therefore, Plaintiff's motion should be denied and all evidence related to the 2008 break-in should be admitted.

---

[3] Deposition of Charles David Moore, pp. 145-47, attached hereto as Exhibit "C" (the "Moore Deposition").

4

**LAW AND ARGUMENT**

A.     **Evidence of the 2008 Break-In Is Relevant.**

The admissibility of evidence at issue is governed by Rules 401, 402, and 403 of the Federal Rules of Evidence. The liberal construction of the rules by the Fifth Circuit favors "admission of evidence rather than its exclusion if it is of probative value."[4] "Therefore, generally, doubts should be resolved in favor of admissibility."[5] Rule 401 defines relevant evidence as being "evidence having the tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[6] Rule 402 sets forth the proposition that all relevant evidence is generally admissible and irrelevant evidence is inadmissible.[7]

Plaintiff contends that the 2008 break-in should be excluded because "it is not relevant to any issue in this litigation." Contrary to Plaintiff's contention, however, the evidence is directly relevant to multiple material issues in this case, namely the issue of causation. The fact that someone broke into the Trailer in 2008 and caused damage to the front door is relevant because it makes the existence of a fact at issue less probable. That is, it casts doubt that Shaw's installation of the Trailer in 2005 was the cause of the water damage observed by Moore in 2009. Ms. Wright's testimony that the front door was damaged during the break-in is an equally plausible explanation for how water got into the Trailer. Here, the break-in is not only relevant

---

[4]     *United States v. Central Gulf Lines*, 974 F.2d 621, 625 (5th Cir. 1992), *citing United States v. Lykes Bro.*, 432 F.2d 1076, 1077 (5th Cir. 1970).

[5]     *Id.*

[6]     Fed. R. Evid. 401.

[7]     Fed. R. Evid. 402.

5

to Plaintiff's claims against Shaw, it is relevant to Shaw's defenses to these claims. Shaw has every right to present evidence that the proximate cause of the water damage observed at the front door was something other than Shaw's alleged negligent installation of the Trailer, *i.e.*, the break-in of the Trailer in 2008.

Plaintiff's only reason for claiming that the subject evidence is "irrelevant" is based on his own testimony that he began observing water leaks at the front door in early 2007. Thus, according to Plaintiff, any reference that the water damage was caused in 2008 is not relevant. By making this statement, Plaintiff assumes that the issue of how and when the water damage occurred has been established.[8] It has not. Plaintiff's expert has come up with theories based on nothing more than his own speculation that the water leak damage at the front door was caused by Shaw's installation of the Trailer in 2005. Moore acknowledged in his deposition that the damage observed in 2009 could have been caused by a number of factors not related to the installation of Trailer.[9]

By filing this motion, Plaintiff has ignored his own obligation to prove causation. Plaintiff is asking the Court to prohibit Shaw from presenting evidence that damage observed by Moore in 2009 could have been caused by the 2008 break-in – not because it is irrelevant, but because he believes it is "wrong." This is an improper use of a motion *in limine*.

---

[8] Throughout the Motion, Plaintiff presents his argument as if Shaw were trying to use the 2008 break-in to explain a water leak that Plaintiff claims he saw in 2007. Obviously Shaw does not intend to take such a nonsensical position. Again, the point of the break-in is that it explains the damage that Moore saw in 2009.

[9] Moore Deposition, pp. 158-159, 162, 247, 250-252 (Exhibit "C").

6

Here, evidence of the 2008 break-in as the possible cause of the water damage observed by Moore in 2009 is relevant and probative to the issue of causation and thus, Plaintiff's motion should be denied.

**B.     Evidence of the Break-In Is Not Prejudicial Under Rule 403.**

Once evidence has been determined to be relevant, it also has to be analyzed for potential prejudice under Rule 403 of the Federal Rules of Evidence.[10]  Applying the required balancing test under Rule 403, the subject evidence's probative value is not substantially outweighed by the risk of unfair prejudice.

Contrary to Plaintiff's assertion, evidence is not misleading or prejudicial just because it runs contrary to his position.[11]  The Fifth Circuit Court of Appeals has routinely cautioned that unfair prejudice as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party.[12]  Virtually all evidence is prejudicial or it is not material.[13]  In order for evidence to be precluded, the prejudice must be "unfair."[14]  That is, merely because testimony is adverse to the opposing party does not make it "unfairly prejudicial" so as to warrant its

---

[10]     Fed. R. Evid. 403 provides "[al]though relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

[11]     *See Harris v. Kubota Tractor Corp.*, 2006 WL 2734460, at *2 (W.D. La. 2006).

[12]     *Id.,* citing *Ballou v. Henri Studios, Inc.*, 656 F.2d 1147, 1155 (5th Cir. 1981) (evidence of intoxication is admissible), citing *Dollar v. Long Manufacturing, N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977) (letter warning of safety risks admissible).

[13]     *Ramos v. Liberty Mutual Insurance Co.*, 615 F.2d 334, 340 (5th Cir. 1980).

[14]     *Id.*

exclusion.[15]  Further, evidence is not unfairly prejudicial merely because admitting it may sway the jury against the party.[16]

Because Rule 403 permits exclusion of relevant evidence, it is an extraordinary measure that should be used sparingly.[17]  The determination of whether to exclude relevant evidence because of its potential for prejudicial or inflammatory effects upon the jury are made by balancing the prejudicial or inflammatory potential against the likely probative value of the evidence.[18]

As explained above, evidence of the 2008 break-in is relevant to Shaw's defense, and its admission will cause no undue prejudice to Plaintiff.  Plaintiff is not precluded from trying to prove that Shaw's installation of the Trailer caused the water leak in the unit merely because contrary evidence is admitted relating to an alternative cause of the damage.  In fact, Shaw would be the one to suffer unfair prejudice if this evidence was excluded because the jury would hear arguments about the water leak being attributed to the installation of the Trailer without getting the full story about how the break-in could potentially have caused the damage.

Considering the foregoing, Shaw respectfully submits that the Court should not employ the extraordinary measure of Rule 403 by excluding relevant evidence as the evidence's

---

[15]  *Davidson Oil Country Supply, Inc. v. Klockner, Inc.*, 908 F.2d 1238, 1245 (5th Cir. 1990).

[16]  *Graef v. Chemical Leaman Corp.*, 106 F.3d, 112, 118 (5th Cir. 1997).

[17]  *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1004 (5th Cir. 1998).

[18]  *Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1075 (5th Cir. 1986); *see also Smith v. Universal Services, Inc.*, 454 F.2d 154, 157 (5th Cir. 1972) (citation omitted) ("Prejudicial cannot be equated with 'harmful' in all cases; rather, it connotes 'harmful' plus 'non-probative.'").

probative value is not substantially outweighed by any potential, prejudicial effect and that the potential prejudice, if any, from such evidence is not "unfair."

## CONCLUSION

For all the foregoing reasons, Plaintiff's Motion *in Limine* to Prohibit References or Suggestions that the Water Leak at the Door was Caused By a Break-In should be denied.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

  /s/ M. David Kurtz
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000

**ATTORNEYS FOR DEFENDANT,
SHAW ENVIRONMENTAL, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2010, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel.

  /s/ M. David Kurtz