UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N(5)<br><br>JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO:<br>*Lyndon Wright v. Forest River, Inc., et al.,*<br>No. 09-2977 (E.D. La.) | MAGISTRATE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**SHAW ENVIRONMENTAL, INC.'S OPPOSITION
TO PLAINTIFF'S MOTION *IN LIMINE* TO PROHIBIT
REFERENCES TO THE INAPPLICABILITY OF BUILDING CODES**

**MAY IT PLEASE THE COURT:**

Shaw Environmental, Inc. (hereinafter referred to as "Shaw") respectfully submits this memorandum in opposition to Plaintiff's motion *in limine* to prohibit references to the inapplicability of building codes (Rec. Doc. No. 11362) (the "Motion"). For the reasons set forth below, Plaintiff's motion should be denied.

**INTRODUCTION**

It is rare to have two motions *in limine* seemingly so diametrically opposed as Shaw's Motion *in Limine* to Prohibit References to Building Codes (R. Doc. 11414) and the Motion, which seeks to prevent the defendants from denying that building codes apply. On closer inspection, though, the two motions *in limine* are not merely different faces of the same coin.

Plaintiff seeks to place before the jury the notion that trailers are defective simply by reason of the application of certain building codes. To forbid the defendants from denying their application would be to rob them of a defense on that point. And indeed, Plaintiff offers no real reason for doing this other than the Plaintiff's own opinion that the codes do apply, and that the defendants' interpretation of certain emails is wrong. On the other hand, Shaw's Motion in Limine does not rest merely on the plain fact that **building** codes do not apply to ***travel trailers***, but also on the fact that, even if such codes did apply, that would have nothing to do with formaldehyde or Plaintiff's alleged injuries. Discussion of building codes at the trial of this matter would be a confusing sideshow, but in the event that the Court allows discussion thereof, certainly the Court should not prohibit defendants from responding.

      In support of his claims, Plaintiff intends to offer expert testimony from Charles David Moore ("Moore") regarding the structural condition of the FEMA travel trailer assigned to Plaintiff's mother ("the Trailer"). Specifically, Moore opines in his expert report that certain water leaks he observed in the Trailer were most likely caused or made worse by the "improper jacking" of the Trailer. Moore also concludes that the construction of the Trailer was "inadequate" considering its use for temporary residential occupancy. In reaching these findings, Moore considers numerous building codes in his report, including the Building Code of the City of New Orleans ("New Orleans Building Code"), the International Building Code ("IBC"), and the International Residential Code ("IRC") and concludes, without support, that these codes were violated.

      Naturally, the defense wishes to respond to this theory – particularly, because the idea that building codes apply to travel trailers is contrary to common sense. The defense has

developed evidence and opinions on this point, and – *if* building codes are to be discussed at all – it is absolutely necessary that defendants present that evidence in order to afford them the opportunity to present their case. Contrary to Plaintiff's assertions, evidence of the inapplicability of building codes is not false, misleading, or prejudicial, and it must be permitted (if codes are discussed).

## LAW AND ARGUMENT

### A. References Concerning the Inapplicability of Building Codes Are Relevant and Are Not False or Misleading.

The admissibility of evidence at issue is governed by Rules 401, 402, and 403 of the Federal Rules of Evidence. Courts favor the "admission of evidence rather than its exclusion if it is of probative value."[1] "Therefore, generally, doubts should be resolved in favor of admissibility."[2] Rule 401 defines relevant evidence as being "evidence having the tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[3] Rule 402 sets forth the proposition that all relevant evidence is generally admissible and irrelevant evidence is inadmissible.[4]

Plaintiff's motion assumes that building codes are applicable to travel trailers. However, this fact has not been established. Plaintiff's reason for relying on this unsupported assertion is

---

[1] *United States v. Central Gulf Lines*, 974 F.2d 621, 625 (5th Cir. 1992), *citing United States v. Lykes Bro.*, 432 F.2d 1076, 1077 (5th Cir. 1970).

[2] *Id.*

[3] Fed. R. Evid. 401.

[4] Fed. R. Evid. 402.

based solely on Moore's opinion and/or personal belief that the Trailer was converted into a "building" because it was placed on concrete blocks and intended for residential use.[5] The fact is that Plaintiff has provided no evidence that building codes do in fact apply to travel trailers on blocks; a point set forth in Shaw's Motion *in Limine* to Exclude References to Building Codes (Rec. Doc. No. 11414). Further, even if such codes were applicable, Plaintiff has provided no evidence that any alleged violation of the building codes caused Plaintiff's injuries.

In his Motion, Plaintiff claims that references or suggestions relating to the inapplicability of building codes are false and misleading. To support this argument, Plaintiff points to an email exchange between Forest River's expert Don Snell and the Chief Building Inspector of the City of New Orleans, Johnny Odom. In the email, Mr. Snell confirmed from Mr. Odom that site referencing and zoning of travel trailers did not fall under the "enforcement of the City of New Orleans Building Department," including the New Orleans Building Code, the IBC, and the IRC.[6] Plaintiff argues that Mr. Snell's use of the word "enforcement" instead of "application" is somehow significant. That is, it appears that Plaintiff is suggesting that Mr. Snell's confirming that the building codes were not *enforced* as to travel trailers is not the same thing as confirming that they were not *applicable* to the units. To make this suggestion to the Court, though, plaintiff again omits critical facts. When Mr. Snell was questioned about the email exchange, he specifically testified:

---

[5] Deposition of Charles David Moore ("Moore Deposition"), pp. 107-08, attached hereto as Exhibit "A."

[6] Email exchange between Mr. Snell and Mr. Odom, dated October 20-22, 2009, attached hereto as Exhibit "B."

> Q. Well, your – you've asked him [Mr. Odom] to tell you if the City of New Orleans Building Code and the International Building Code applied or did not apply in this situation?
>
> A. That's correct. ***He verbally told me they don't apply.*** He said they made no inspections.[7]

So when Plaintiff tries to split hairs with Mr. Snell about the meaning of Mr. Odom's email – an exercise that ought to be undertaken on cross-examination rather than in a motion *in limine*, in any event – he fails to note Mr. Snell's statement that Mr. Odom said that the Code does not apply. Thus, when Plaintiff argues that Mr. Snell lacks a basis for his opinion in the email itself, he conveniently overlooks that Mr. Snell had another source for that opinion. Such tactics should not be permitted.

Beyond that, to claim that the Code applies just because the Snell-Odom email exchange does not explicitly deny it in exactly those words is to turn a blind eye to the existence of tens of thousands of travel trailers installed on blocks. This alone is sufficient evidence to prove to any reasonable person that the Code must not prohibit this type of trailer installation; Plaintiff can hardly claim that New Orleans' code enforcement officials were unaware of the installation of trailers within city limits. Plaintiff further ignores other evidence that the Code does not apply. Shaw's expert engineer, Dr. John Osteraas, wrote that Moore's attempt to apply building codes to travel trailers was "contrary to long-established practice of treating travel trailers as vehicles rather than buildings."[8] And when Shaw's corporate representative, Geoffrey Compeau, was

---

[7] Deposition of Donald Snell, p. 171 (emphasis added) (attached hereto as Exhibit "C").

[8] Expert Report of John D. Osteraas, Ph.D., P.E., p. 18, SWE-000107 (attached hereto as Exhibit "D").

5

asked whether building codes applied to the installation of travel trailers, he replied, "Not to our knowledge."[9]

Plaintiff's argument is nothing more than a straw man. The Motion is written as if the Snell-Odom email were defendants' only evidence of the inapplicability of the Code; Plaintiff then attacks the email as being ambiguous. But because there are many other pieces of evidence showing that the Code does not apply – tens of thousands of pieces of evidence, in fact – Plaintiff's argument should be seen for what it is.

Plaintiff also points to an email exchange between his expert, Alexis Mallet, Jr., and Mr. Odom, where Mr. Mallet asked Mr. Odom to confirm whether the "City of New Orleans waive[d] code requirements regarding FEMA Trailers." Mr. Odom simply responded that the city "did not waive code requirements," but "did allow FEMA to have the[ir] own inspections." This email exchange only confirms that the City of New Orleans did not waive *applicable* "code requirements." This only stands to reason, since it would be nonsensical to "waive" a code that does not apply in the first place. This email does not mention anything regarding whether building codes were in fact applicable to travel trailers on blocks. Certainly, it is not so dispositive of the issue that the defense should be denied an opportunity to respond.

In sum, the inapplicability of the New Orleans Building Code, the IBC, and the IRC to travel trailers is supported by competent evidence that is not "false or misleading" and is relevant to rebut Plaintiff's unsupported assertion that such codes are applicable to the Trailer. Thus, Plaintiff's motion should be denied.

---

[9] Deposition of Geoffrey Compeau, pp. 237-38, attached hereto as Exhibit "E."

### B. Evidence of the Inapplicability of Building Codes is Not Prejudicial Under Rule 403.

Once evidence has been determined to be relevant, it also has to be analyzed for potential prejudice under Rule 403 of the Federal Rules of Evidence.[10] "Because Rule 403 permits exclusion of relevant evidence, it is an extraordinary measure that should be used sparingly."[11] Evidence is not misleading or prejudicial just because it runs contrary to Plaintiff's position.[12] "The Fifth Circuit Court of Appeals has routinely cautioned that 'unfair prejudice as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party.'"[13] Virtually all evidence is prejudicial or it is not material.[14] In order for evidence to be precluded, the prejudice must be "unfair."[15] The determination of whether to exclude relevant evidence because of its potential for unfair prejudice is made by balancing the prejudicial or inflammatory potential against the likely probative value of the evidence.[16]

---

[10] Fed. R. Evid. 403 provides "[al]though relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

[11] *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1004 (5th Cir. 1998).

[12] *See Harris v. Kubota Tractor Corp.*, 2006 WL 2734460, at *2 (W.D. La. 2006).

[13] *Id.*, citing *Ballou v. Henri Studios, Inc.*, 656 F.2d 1147, 1155 (5th Cir. 1981) (evidence of intoxication is admissible), citing *Dollar v. Long Manufacturing, N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977) (letter warning of safety risks admissible).

[14] *Ramos v. Liberty Mutual Insurance Co.*, 615 F.2d 334, 340 (5th Cir. 1980).

[15] *Id*. See also *Davidson Oil Country Supply, Inc. v. Klockner, Inc.*, 908 F.2d 1238, 1245 (5th Cir. 1990); *Graef v. Chemical Leaman Corp.*, 106 F.3d, 112, 118 (5th Cir. 1997).

[16] *Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1075 (5th Cir. 1986); *see also Smith v. Universal Services, Inc.*, 454 F.2d 154, 157 (5th Cir. 1972) (citation omitted) ("Prejudicial cannot be equated with 'harmful' in all cases; rather, it connotes 'harmful' plus 'non-probative.'").

As explained above, in light of Plaintiff's recent assertions that defendants somehow violated building codes, any reference to the inapplicability of those codes to travel trailers is obviously relevant and certainly not unfairly prejudicial to Plaintiff. The fact of the matter is that building codes have no place in this litigation, because there is no evidence, or even allegations, that any purported violation caused or contributed to Plaintiff's alleged injury. If, however, the Court allows Plaintiff to mention building codes at trial, defendants must be allowed to respond. Any resulting prejudice to Plaintiff is not substantially outweighed by the probative value of this evidence. In fact, anything less would unfairly prejudice the defense.

## CONCLUSION

Plaintiff apparently would like to claim that defendants violated the building code when they built and installed travel trailers according to FEMA's direction, all in support of the disaster relief effort. This claim smacks of trying to throw mud at the defendants, since the claim has absolutely no connection to what is really at issue in this case – a claim of formaldehyde exposure. But the Plaintiff's Motion actually takes this tack a bit further: he seeks to preclude defendants from denying the application of the Code. This is absurd and is an improper attempt to use a motion *in limine* to handicap the defense.

Plaintiff's Motion *in Limine* should be denied, and, subject to the Court's ruling on Shaw's motion to prohibit discussion of this irrelevant topic, all evidence relating to the inapplicability of building codes as to travel trailers should be admitted.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

/s/ M. David Kurtz
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR DEFENDANT,
SHAW ENVIRONMENTAL, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2010, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel.

/s/ M. David Kurtz