UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N(5)<br><br>JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO:<br>*Lyndon Wright v. Forest River, Inc., et al.*<br>No. 09-2977 (E.D. La.) | MAGISTRATE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO PROHIBIT REFERENCES TO MATTERS IN THE PERSONAL HISTORY OF TYSHONE MARSH

NOW INTO COURT, through undersigned counsel, come Defendants Shaw Environmental, Inc. ("Shaw") and Forest River, Inc. ("Forest River") and submit this memorandum in opposition to Plaintiff's Motion *in Limine* to Prohibit References to Matters in the Personal History of Tyshone Marsh ("Motion in Limine").[1] Plaintiff seeks, in this motion *in limine*, to suppress testimony that contradicts his claims and therefore is critical to the defense. Specifically, Plaintiff purports to invoke Federal Rules of Evidence 401 and 403 to limit the testimony of fact witness, Tyshone Marsh ("Marsh"), Plaintiff's fiancée with whom he lives.[2]

---

[1] Rec. Doc. 11360.

[2] *See* Transcript of the Testimony of Videotaped Deposition of Tyshone Marsh (hereinafter "Marsh Deposition") (attached hereto as Exhibit "A"), p. 10. At the time of her deposition, Plaintiff and Marsh were engaged. *See* Marsh Deposition, pp. 122, 125.

More specifically, Plaintiff seeks to exclude testimony about matters such as Marsh's smoking, as well as her criminal history and drug use, and the criminal history of her former boyfriend.[3] This evidence highlights Plaintiff's voluntary lifestyle choices, which, in turn, goes to the seriousness and genuineness of any alleged emotional distress suffered by Plaintiff as a result of his alleged fear of cancer. Additionally, the evidence in question should not be excluded under Rule 403. Given that Plaintiff has, by asserting a fear of cancer claim, made his lifestyle choices (including those involving Marsh) relevant, as well as his exposure to other formaldehyde sources (*e.g.*, cigarette smoke), the evidence at issue is not unfairly prejudicial to Plaintiff. Accordingly, defendants respectfully suggest that Plaintiff's Motion in Limine should be denied.

## BACKGROUND

Plaintiff filed this action on the ground that he allegedly was injured through exposure to formaldehyde while residing in an emergency housing unit. On January 14, 2010, Marsh was deposed in the captioned matter. Marsh has been living with Plaintiff since at least the summer of 2009.[4]

In her deposition, Marsh testified regarding her criminal record. She explained that she had been: (1) arrested and convicted of purse snatching in 2005 (resulting in 30 days of incarceration and two years probation);[5] (2) violated her probation with an arrest for prostitution

---

[3] The Motion in Limine also seeks to exclude evidence regarding Marsh's status as a food stamp recipient. Defendants have no intention (and never had one) of presenting testimony on that point.

[4] *Id.* at p.10.

[5] *Id.* at pp. 17-19, 42-49.

in 2005 (resulting in a sentence of two years);[6] and (3) arrested for and pled guilty to possession of crack cocaine in 2008, resulting in 30 months probation.[7] Marsh also admitted that in 2002, she attended an inpatient rehabilitation program for heroin addiction for several weeks[8] and testified that her prior boyfriend, with whom she lived for fifteen years,[9] was arrested for and pled guilty to heroin distribution three times and is now in prison for life.[10] Despite the risks associated with having an intimate relationship with her, Marsh admitted that she and Plaintiff are intimate.[11]

Additionally, Marsh testified that she began smoking cigarettes as a teenager and for the previous three years, has smoked two packs of cigarettes a day.[12] Although Marsh testified that she does not smoke around Plaintiff,[13] Plaintiff testified that she does smoke in his presence, in his home when he is not there, and in his car.[14]

---

[6] *Id.*

[7] *Id.* at pp. 23-25.

[8] *Id.* at pp. 29-31.

[9] *Id.* at p. 35.

[10] *Id.* at pp. 36-38.

[11] *Id.* at pp. 94-95.

[12] *Id.* at pp. 73-79.

[13] *Id.* at pp. 74-78.

[14] Transcript of the Testimony of Videotaped Deposition of Lyndon Wright (hereinafter "Wright Deposition") (attached hereto as Exhibit "B"), pp. 175-177.

## LAW AND ARGUMENT

The federal evidence rules, as a general proposition, favor the admission of evidence, rather than its exclusion.[15] As detailed in Rule 402:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority[,]" but "[e]vidence which is not relevant is not admissible."[16]

The party opposing the admission of evidence – here Plaintiff – bears the burden of showing why it should be excluded.[17] For the reasons detailed below, Plaintiff simply cannot satisfy his burden, and therefore, his Motion in Limine should be denied.

### I. The Evidence in Question Is Relevant.

The evidence at issue – Marsh's criminal background, drug use and smoking habit– is relevant. Nevertheless, Plaintiff argues, citing to Federal Rule of Evidence 401,[18] that testimony or references are irrelevant, averring that such evidence "does not have the tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable."[19] Plaintiff is incorrect.

---

[15] *See, e.g., First Nat. Bank of Louisville v. Lustig*, 1993 WL 411176, *1 (E.D.La. Oct. 7, 1993) (citing Fed. R. Evid. 401; Fed. R. Evid. 402; *Young v. Illinois C.G.R. Co.*, 618 F.2d 332, 337 (5th Cir. 1980)).

[16] Fed. R. Evid. 402.

[17] *Chrysler Credit Corp. v. Whitney Nat. Bank*, 824 F.Supp. 587, 599 (E.D.La. 1993) (the movant in limine has the burden of establishing that the evidence sought to be excluded on relevancy grounds is not relevant to any issue in the case). *See also F.D.I.C. v. Wheat*, 970 F.2d 124 (5th Cir. 1992).

[18] Memo in Support at p. 3.

[19] *Id.* at pp. 3-4.

Plaintiff has alleged that he suffered mental anguish and emotional distress because of an alleged fear of cancer from living in the Trailer.[20] According to the Louisiana Supreme Court, although a plaintiff may recover emotional distress damages in the absence of a manifest physical injury – like, for example, for fear of cancer[21] – plaintiff must meet the high burden of showing that his "claim is not spurious."[22] In fact, Louisiana's high court mandates that a plaintiff must show "a particular likelihood of **genuine** and **serious** mental distress arising from special circumstances."[23] By pleading a cause of action for fear of cancer, any evidence regarding the genuineness or seriousness of Plaintiff's mental distress is relevant, including his lifestyle choices.

Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence[,]"[24] and under this definition, "the standard for relevance is a liberal one."[25] The testimony at issue in Plaintiff's Motion in Limine tends to make the fact that he has a genuine and serious fear of cancer less probable than it would be without that evidence.

---

[20] *See* Plaintiff's First Supplemental and Amended Complaint (Rec. Doc. 2203) at ¶ 17.

[21] *Smith v. A.C. & S., Inc.*, 843 F.2d 854, 858 (5th Cir. 1988).

[22] *Bonnette v. Conoco, Inc.*, 01-2767 (La. 2003); 837 So.2d 1219, 1235-36. *See also Molden v. Georgia Gulf Corp.,* 465 F.Supp.2d 606, 61-18 (M.D.La. 2006*); In re Rezulin Products Liability Litigation*, 361 F.Supp.2d 268, 277 (S.D.N.Y. 2005) (applying Louisiana law); *Atkins v. Ferro Corp.*, 534 F.Supp.2d 662, 666-67 (M.D.La. 2008).

[23] *Id.* (emphasis added).

[24] Fed. R. Evid. 402.

[25] *Aurispa v. Texas Department of Commerce*, 68 F.3d 469, *1 (5th Cir. 1995) (citing *E.E.O.C. v. Manville Sales Corp.*, 27 F.3d 1089, 1093 (5th Cir.1994)).

Plaintiff's lifestyle choices belie the allegation that his fear of cancer is serious. Someone who would voluntarily expose himself to a serious risk of sexually transmitted diseases and second-hand cigarette smoke cannot at the same time claim to have a "genuine and serious" fear of cancer. The evidence regarding Marsh highlights Plaintiff's self-destructive lifestyle choices, making that evidence directly relevant to Plaintiff's claim for fear of cancer. Plaintiff has chosen to cohabitate with, marry, and be intimately involved with Marsh, who, by her own admission, has had a history of drug and tobacco use, prostitution, and other criminal behavior. Dr. Field, Plaintiff's physician since 2000, testified that Plaintiff has been tested on numerous occasions for various sexually transmitted diseases, including HIV, syphilis, and hepatitis.[26] Thus, Plaintiff is obviously voluntarily undertaking dangerous lifestyle choices that are likely to reduce his life span. Such lifestyle choices put Plaintiff's fear of cancer claim in perspective and would clearly assist the jury in its assessment of whether Plaintiff's alleged fear is legitimate.

Courts, including this one, have recognized that a plaintiff's lifestyle choices have bearing on the credibility of his claim of fear of cancer. For example, in *Triche v. Overnight Transportation Co.*, this Honorable Court recognized that a plaintiff's anxiety over fear of cancer is "diminished" where the plaintiff smokes cigarettes – a known cause of cancer.[27] In *Carroll v. Litton Systems, Inc.*,[28] the judge noted that some of the plaintiffs smoked or chewed tobacco "in spite of recognized, substantial danger of cancer and other serious health risks[,]" and such a

---

[26] *See* Transcript of the Testimony of Videotaped Deposition of Dr. Charles Field (hereinafter "Field Deposition") (attached hereto as Exhibit "C"), pp. 42-43, 73-75, 120-121.

[27] *Triche*, 1996 WL 396041 at *14. *See also Gideon v. Johns-Manville Sales Corp.*, 761 F.2d 1129, 1139 (5th Cir. 1985) (allowing evidence of smoking in asbestos case).

[28] 88-253, 1990 WL 312969 n. 35 (W.D.N.C. 1990).

"voluntary acceptance of significant risk casts substantial doubt on plaintiffs' claims of fear . . . ."[29]

In the instant case, Plaintiff has lived with, and apparently married, a woman who has admitted to a prior heroin addiction (resulting in inpatient rehabilitation), possession of crack cocaine, and an arrest for prostitution. Plaintiff has chosen to expose himself to the risks and consequences inherent in his partner's behavior, despite the fact that these activities carry with them substantial danger of exposure to potentially fatal diseases like Acquired Immune Deficiency Syndrome and other serious health risks (including other sexually transmitted diseases). Plaintiff's voluntary acceptance of such significant risks diminishes his alleged anxiety over fear of cancer and casts substantial doubts on his claim for fear of cancer.

In sum, introduction of the evidence at issue is relevant in order to show that while Plaintiff may now claim that he subjectively fears cancer, his lifestyle choices indicate that this fear is not genuine or serious, as required to assert a cause of action for fear of cancer under Louisiana law.

## II. The Evidence in Question Passes the FRE 401/403 Balancing Test.

The evidence at issue also passes the Federal Rules of Evidence 401/403 balancing test. Nevertheless, Plaintiff argues, citing to Federal Rule of Evidence 403, that the testimony at issue or references thereto fail this test, averring that the evidence "should be excluded as unfairly prejudicial."[30] Plaintiff is mistaken.

---

[29]  *Id.*

[30]  Memo in Support at pp. 4-5.

Federal Rule of Evidence 403 provides: "Although relevant, evidence may be excluded if its probative value is **substantially outweighed** by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."[31]  However, "a presumption exists under the Rule that relevant evidence will be more probative than prejudice."[32]  Thus, Rule 403 is a liberal one under which relevant evidence, as a general rule, is admitted,[33] and the balance should generally be struck in favor of admission.[34]  In other words, in balancing probative value of evidence against its prejudicial effect, the court should give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value.[35]  Excluding evidence under this rule is an extraordinary measure that should be used sparingly.[36]

The evidence in this case does not call for such an extraordinary measure. As detailed above, the evidence is relevant and has direct bearing on the seriousness and genuineness of Plaintiff's alleged fear of cancer. Furthermore, it is not unfairly prejudicial to Plaintiff. If anything, precluding the admission of evidence of Plaintiff's self-destructive behavior, which

---

[31] Fed. R. Evid. 403 (emphasis added).

[32] *Vaughn v. Cockrell*, 46 Fed.Appx. 227 (5th Cir. 2002).

[33] *Jacques v. Clean-Up Group, Inc.*, 96 F.3d 506, 516 (1st Cir. 1996) ("Rule 403 is a liberal rule under which relevant evidence generally is admitted.") (quoting *United States v. McMahon*, 938 F.2d 1501, 1508 (1st Cir. 1991); *Dente v. Riddell, Inc.*, 664 F.2d 1, 5 (1st Cir. 1981).

[34] *Vaughn*, 46 Fed.Appx. at 227.

[35] *See, e.g., Stockman v. Oakcrest Dental Center, P.C.*, 480 F.3d 791, 809 (6th Cir. 2007); *World Wide Ass'n of Specialty Programs v. Pure, Inc.*, 450 F.3d 1132, 1139 (10th Cir. 2006).

[36] *U.S. v. Morris*, 79 F.3d 409 (5th Cir. 1996). *See also U.S. v. Enjady*, 134 F.3d 1427, 1433 (10th Cir. 1998) ("exclusion of relevant evidence under Rule 403 should be used infrequently, reflecting Congress' legislative judgment that the evidence "normally" should be admitted.") (citing 140 Cong. Rec. H8992 (S. Molinari, Aug. 21, 1994)); *Czajka v. Hickman*, 703 F.2d 317, 320 (8th Cir. 1983).

could shorten his life, would only hamper defendants' ability to defend Plaintiff's claim for fear of cancer. Regardless, any unfair prejudice to Plaintiff does not outweigh – and certainly not substantially so – the probative value of this evidence.

## CONCLUSION

Plaintiff's lifestyle choices are clearly relevant to his claim that he has a serious fear of cancer. Defendants have obtained sworn testimony from Marsh that is relevant to Plaintiff's lifestyle choices and is therefore important to the defense of those claims. To exclude evidence of Plaintiff's risky behavior would unduly and unfairly strengthen Plaintiff's fear of cancer claim. Defendants therefore respectfully submit that the Motion in Limine should be denied.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**


  /s/ M. David Kurtz
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR DEFENDANT,
SHAW ENVIRONMENTAL, INC.**

- and -

**GIEGER, LABORDE & LAPEROUSE, L.L.C.**

  /s/ Jason D. Bone
ERNEST P. GIEGER, JR. (No. 6154)
JASON D. BONE (No.28315)
CARSON W. STRICKLAND (No. 31336)
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana  70139-4800
Telephone:  (504) 561-0400
Facsimile:  (504) 561-1011

**ATTORNEYS FOR FOREST RIVER, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2010, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel.

  /s/ M. David Kurtz