UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Lyndon T. Wright v. Forest River, Inc, et al.* | * | |
| Docket No. 09-2977 | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S RESPONSE TO FOREST RIVER, INC.'S
MOTION TO EXCLUDE THE EXPERT TESTIMONY
OF DR. EDWARD H. SHWERY**

Plaintiff Lyndon T. Wright, responds to Forest River, Inc.'s Motion to Exclude the Expert Testimony of Dr. Edward H. Shwery, and in support would show as follows:

**I.
EVIDENCE**

Exhibit A    CV of Dr. Edward Shwery

Exhibit B    Dr. Shwery deposition excerpts

Exhibit C    Shwery Affidavit, July 29, 2009

Exhibit D    Dr. Thompson's Psychiatric Civil Forensic Evaluation, November 5, 2009

Exhibit E    Psychological Examination, September 24, 2009

Exhibit F    Wright deposition excerpts

1

## II.
## FACTUAL BACKGROUND

Plaintiff Lyndon T. Wright lived in his FEMA travel trailer for over two years between March of 2006 and July of 2008. *See* Exhibit C, p. 1. During his occupancy of the trailer, Mr. Wright began suffering numerous physical ailments, many consistent with formaldehyde exposure. *See* Exhibit F, pp. 134-38; Exhibit C, pp. 3-4. Although he became depressed due to his deteriorating health, he was able to deal with the depression without psychotherapy, relying instead on his innate stoicism and psychological defense mechanisms. *See* Exhibit B, pp. 46, 99-100; exhibit C, pp. 3-4.

In late July of 2009, Mr. Wright underwent the surgical biopsy of a growth that had developed on his tongue. *See* Exhibit E, p. 1. The procedure brought to the forefront the psychological issues with which he had previously been dealing. *See* Exhibit E, p. 1; Exhibit F, p. 67. Reflecting on the possibility that the growth could have been malignant, Mr. Wright's fear of developing cancer as a result of his formaldehyde exposure, his depression, and his anxiety intensified. *See* Exhibit E, p. 2.

On September 24, 2009, Mr. Wright was evaluated for his intensified depression and fears by Dr. Edward Shwery, a clinical psychologist who had conducted a preliminary evaluation in July off 2009. *See* Exhibit E. During the second exam, Dr. Shwery noted that Mr. Wright exhibited "active and intense mental anguish." *See* Exhibit E, p. 3. Mr. Wright's scores on the psychological tests administered by Dr. Shwery revealed severe anxiety and moderate depression. *See* Exhibit E, p. 4. When Dr. John Thompson, Defendant's psychiatric expert, tested Mr. Wright approximately six weeks later, Mr. Wright again scored in the severe anxiety range. *See* Exhibit D, p. 11.

Mr. Wright's damages in this lawsuit include his mental anguish. *See* First Supplemental and Amended Complaint (Rec. Doc. 2203, para. 17). Dr. Shwery, who has now evaluated Mr. Wright on two separate occasions, will address the existence, extent, and cause of Mr. Wright's mental anguish and fear of cancer. *See* Exhibit C; Exhibit E.

Defendant attacks Dr. Shwery's testimony on grounds of relevance and reliability. None of the reasons proffered by Defendant for excluding Dr. Shwery's testimony, however, are valid. Defendant's motion to exclude Dr. Shwery's testimony should therefore be denied.

### III.
### ARGUMENT AND AUTHORITIES

A. <u>The standard for admission of expert testimony is a liberal one.</u>

"If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert ... may testify thereto in the form of an opinion or otherwise." F.R.C.P. 702. Expert testimony need only be based on a reliable and scientifically valid methodology that fits the facts of a case. *See* <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 592-93 (1993). The inquiry into an expert's testimony must be flexible. *See* <u>Id.</u> at 594 & n. 12. The party opposing the admission of the proffered evidence carries the burden to provide a valid reason for its exclusion. *See* <u>U.S. v. D.K.G. Appaloosas, Inc.</u>, 630 F.Supp. 1540, 1562 (E.D.Tex.1986), aff'd. 829 F.2d 532, (5th Cir. 1987), cert. denied 485 U.S. 976. Because Defendant has failed to show a valid reason for the exclusion of Dr. Shwery's testimony, its motion to exclude should be denied. *See* <u>Id.</u>

B. <u>Defendant's motion should be denied because Dr. Shwery's testimony is relevant.</u>

Defendant argues that Dr. Shwery's testimony should be excluded because it is not relevant. Defendant's specious assertions can be based only on its misunderstanding of "relevance" as applied to expert witnesses, its disingenuous mischaracterization of Dr. Shwery's testimony, and its erroneous representation of the facts of the case.

An expert's testimony satisfies the *Daubert* relevance standard if his reasoning or methodology can properly be applied to the facts in issue. <u>Knight v. Kirby Inland Marine Inc.</u>, 482 F.3d 347, 352 (5th Cir. 2007). Dr. Shwery will address the fact issues of Mr. Wright's mental anguish, emotional distress, and fear of cancer damages. *See* First Supplemental and Amended Complaint (Rec. Doc. 2203, para. 17). His methodology consists of clinical interviews and a battery of psychological tests administered to Mr. Wright. *See* Exhibit B, pp. 21-22. Numerous courts, both federal and Louisiana state, have appointed Dr. Shwery to evaluate the same and related issues in both criminal and civil matters. *See* Exhibit A, pp. 13-14. Because Dr. Shwery has properly used his reasoning and methodology to evaluate Mr. Wright's mental anguish, an element of damages at issue in this lawsuit, Defendant cannot negate the relevance of his expert testimony. *See* <u>Id.</u> Defendant has thus failed to carry it burden to exclude Dr. Shwery's testimony, and its motion should therefore be denied. *See* <u>D.K.G. Appaloosas, Inc.</u>, 630 F.Supp. at 1562.

Ironically, the height of irrelevance is exhibited by Defendant's argument on relevance. Defendant inappropriately reasserts the argument made in its motion for summary judgment on the medical causation of Mr. Wright's physical injury. *See* Defendant's Memorandum, pp. 6-7. Until the Court has actually ruled on the summary judgment motion, Defendant's presupposition of what the ruling should be can have no consequence to this motion.

Defendant further mischaracterizes Dr. Shwery's testimony as failing to relate Mr. Wright's mental anguish to exposure to the formaldehyde in his trailer. Dr. Shwery testified that when Mr. Wright was faced with the possibility that a growth on his tongue might be cancer, Mr. Wright began obsessing about how living in the trailer for nearly two years would affect his health. *See* Exhibit B, pp. 67-69.

> Q  And if he requires future medical care or future psychiatric or psychological care, it would be likely due to issues that were triggered based upon his neuroma?
> A  Well, it started -- It's two things, really.  It's the current medical problems that are specifically focused on a risk of cancer or something pretty severe, the idea that you might get cancer.  Even though the doctor said he doesn't have cancer, but the doctor doesn't know why he's continuing to bleed, that kind of ambiguity or lack of clarity medically.
>       The other thing is it really crystallized the recurrent theme of when he was in that trailer and looking back and wondering "what was I doing to myself by living there."  Those things are kind of getting all intertwined and crystallized, and that's what's cooking with this man.
>           . . . . . . . . .
> So now the content of his obsessions are looking back and reworking the experiences in the trailer and saying, you know, "What was I doing?  I shouldn't have stayed there.  I wish I would have known," that kind of thing.

*See* Exhibit B, pp. 67-69. Clarifying the relationship between Mr. Wright's anxiety and the formaldehyde exposure from the trailer, Dr. Shwery reported Mr. Wright' dialogue as follows:

> ". . . When I think back on it, I was thinking, 'Man, I was getting sick all the time, here I was writing all this off, but I didn't know I was sucking all this in.  I learned that the owner's manual for the trailers said they recommended only living in the trailers for two weeks!  I was in there over

> two years!' If I had found out about it back then (living in the trailer), I would think people would have been telling people about it (formaldehyde). If I had known about what formaldehyde can do to you I would have moved out." As we discussed his reflection on the two years in the trailer, he noted, "Who would have wanted to stay somewhere if it was cancerous?"

*See* Exhibit C, p. 6, *parentheses by Dr. Shwery in original.* Clearly, Dr. Shwery links Mr. Wright's anxiety to his two year formaldehyde exposure from his trailer.

Dr. Shwery's testimony addresses the mental anguish claims Mr. Wright asserts in this lawsuit. Courts throughout Louisiana have recognized Dr. Shwery's reasoning and methodology as both relevant and helpful when addressing similar psychological and emotional issues. Contrary to Defendant's argument, Dr. Shwery clearly relates Mr. Wright's mental anguish to his formaldehyde exposure while living in his trailer. Because Defendant's claims that Dr. Shwery's testimony is irrelevant are thus completely untenable, its motion to exclude Dr. Shwery's test should be denied. *See* D.K.G. Appaloosas, Inc., 630 F.Supp. at 1562.

C. Defendant's motion should be denied because Dr. Shwery's testimony is reliable.

Defendant erroneously criticizes Dr. Shwery's methodology due to its reliance on Mr. Wright's oral history. "[A] patient's oral history is generally considered reliable." Viterbo v. Dow Chemical Co., 826 F.2d 420, 423 (5th Cir. 1987). Reliability of the expert's testimony is diminished only where the oral history is lacking in areas critical to the expert's conclusion. *See Id.* Defendant has identified only minor mistakes and omissions in Mr. Wright's oral history, and has totally failed to demonstrate how they could have impacted Dr. Shwery's evaluations.[1] Significantly, the conclusions of Dr. John Thompson, Defendant's own psychiatric expert witness, who had access to Mr. Wright's medical records, were strikingly similar to those of Dr.

---

[1] Defendant points to a contradiction in the inception date of Mr. Wright's erectile dysfunction and the omission of his sister's schizophrenia.

Shwery. Both doctors found Mr. Wright to be suffering from depression and anxiety disorder, and both gave Mr. Wright a current GAF (Global Assessment of Functioning) rating of 62. *See* Exhibit D, pp, 12-13; Exhibit C, p. 9; Exhibit E, p. 4.

Defendant cites two cases to supports its argument that an expert's testimony based on a plaintiff's oral history is unreliable. Both cases, however, are distinguishable to the point of failing to support Defendant's argument.

In *Viterbo v. Dow Chemical Co.*, the exclusion of the expert's testimony was based only in part on the oral history at issue in the case. *See* 826 F.2d 420 (5th Cir. 1987). Also contributing to the exclusion of his testimony was the fact that the expert's conclusion was contradicted by his own medical test results, and by the diagnoses of four of plaintiff's treating physicians. Id. at 422. As relates to the oral history, the facts omitted were particularly significant. The plaintiff had failed to disclose that he had a family history of depression and hypertension, two of the symptoms that the expert causally related to the plaintiff's toxic exposure. Id. at 423. Most importantly, however, was the expert's own admission that these two symptoms could have been caused by genetics alone. Id. at 423. In Mr. Wright's case, Defendant failed to show that either Mr. Wright's pre-existing erectile dysfunction or his sister's schizophrenia were related to any of his symptoms, or that had Dr. Shwery known about the omitted details, his evaluation results would have been different.

The *Lassiegne* expert concluded that the plaintiff was suffering from PTSD (post-traumatic stress disorder) due to a choking episode induced by swallowing a chicken bone. Lassiegne v. Taco Bell Corp., 202 F.Supp.2d 512, 514, 522 (E.D.La. 2002). In his oral history, the plaintiff had failed to disclose significant details. The plaintiff had not mentioned his brother's depression, delusions, and substance abuse. *See* Id. at 519-20. He had also not revealed

7

that two weeks prior to the examination, he had discovered his mother's body after she had committed suicide with the plaintiff's gun. Id. at 519-20. Importantly, the *Lassiegne* expert acknowledged that these factors were significant and could have impacted his conclusion. Id. at 520-22. Again, Defendant failed to make a showing similar to that in *Lassiegne,* that the omissions from Mr. Wright's oral history were of any significance to Dr. Shwery's testimony.

Defendant has failed to support its argument to exclude Dr. Shwery's testimony based on his reliance on Mr. Wright's oral history. Contrary to Defendant's assertion, an expert psychologist is allowed to base his opinion on a plaintiff's oral history. *See* Viterbo, 826 F.2d at 423. Although Mr. Wright's oral history contained minor omissions, Defendant failed to show that the facts omitted would have impacted Dr. Shwery's conclusions. Defendant's motion to strike Dr. Shwery's testimony should therefore be denied. *See* D.K.G. Appaloosas, Inc., 630 F.Supp. at 1562.

   D. Defendant's motion should be denied because Dr. Shwery adequately addressed Mr. Wright's pre-existing mental health issues.

Defendant erroneously asserts that Dr. Shwery failed to distinguish between Mr. Wright's pre-existing depression and his current mental condition. Dr. Shwery established that Mr. Wright had experienced depression in the past, and that his family doctor had prescribed Effexor. *See* Exhibit C, pp. 3-4. At the time of Dr. Shwery's evaluation, however, Mr. Wright was not using the anti-depressant medication, and had never before sought treatment from a psychiatrist or psychologist. *See* Exhibit C, pp. 3-4. Dr. Shwery concluded that Mr. Wright's prior depression was minor, and that he had been able to adequately deal with his prior anxiety by using his innate psychological defense mechanisms, such as stoicism and denial. *See* Exhibit B, pp. 46, 99-100.

8

By the second evaluation, however, Dr. Shwery noted that Mr. Wright's long-term health concerns stemming from his formaldehyde exposure had "overwhelmed his psychological defenses and coping skills." *See* Exhibit D. p. 4; Exhibit B, pp. 67-69. Dr. Shwery attributes the deterioration of Mr. Wright's mental status, which now requires psychotherapy, to his formaldehyde exposure. *See* Exhibit E, pp. 4-5. Quantification of the portion of future damages related to Mr. Wright's exposure is thus unnecessary because all of Mr. Wright's present mental anguish is related to his formaldehyde exposure. *Cf.* Frey v. Alfred, 492 So.2d 48, 51 (La.App. 1 Cir. 1986) (finding that it was necessary to quantify future damages when the plaintiff required psychiatric care prior to the incident at issue, and would have required further care regardless of the incident.) Defendant's argument thus fails, and its motion to exclude Dr. Shwery's testimony should be denied. *See* D.K.G. Appaloosas, Inc., 630 F.Supp. at 1562.

E. Defendant's motion should be denied because it fails to establish that Dr. Shwery's methodology is not reliable.

Defendant improperly argues that Dr. Shwery's second report should be excluded because its expert disagrees with Dr. Shwery' conclusion. Dr. Shwery attributes Mr. Wright's anxiety to his formaldehyde exposure. *See* Exhibit C, p. 6; Exhibit B, pp. 67-69. Dr. Thompson, Defendant's expert, concludes that Mr. Wright's anxiety results from the litigation process. *See* Exhibit D, p. 14. The proper focus in an evaluation of expert reliability is the expert's methodology, not the conclusions they generate. Daubert, 509 U.S. at 595. A dispute over the predicate facts that results in different conclusions among experts is not grounds for the exclusion of an expert's testimony. *See* Pipitone v. Biomatrix, Inc., 288 F.3d 239, 249 (5th Cir. 2002). Instead, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky

but admissible evidence." Daubert, 509 U.S. at 596. Because Defendant's argument is inappropriately based on Dr. Shwery's conclusions rather than his methodology,, Defendant has failed to carry its burden for excluding Dr. Shwery's report. Defendant's motion to exclude should therefore be denied. *See* D.K.G. Appaloosas, Inc., 630 F.Supp. at 1562.

## IV.
## CONCLUSION

Defendant seeks the exclusion of Dr. Shwery's testimony based on relevance and reliability. Neither the facts of the case nor the law on which Defendant relies, however, support its allegations. Because Defendant has offered no valid reasons for excluding Dr. Shwery's testimony, Defendant has failed to carry its burden. Defendant's motion to exclude Dr. Shwery's testimony should therefore be denied.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
      GERALD E. MEUNIER, #9471
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier &
      Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone:    504/522-2304
      Facsimile:    504/528-9973
      gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:    504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
ROBERT BECNEL, #14072
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
DENNIS REICH, Texas #16739600
MIKAL WATTS, Texas # 20981820

**CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on February 18, 2010.

/s/Gerald E. Meunier
GERALD E. MEUNIER