UNITED STATES DISTRICT COURT
EASTER DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER  　　　　　　　　　　MDL NO. 1873
 FORMALDEHYDE
PRODUCT LIABILITY LITIGATION  　　　　SECTION "N-5"

　　　　　　　　　　　　　　　　　　　　JUDGE ENGELHARDT

　　　　　　　　　　　　　　　　　　　　MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon Wright v. Forest River, Inc., et al.*
*Case No. 09-2977 (E.D. La.)*

*******************************************************************************

# MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S RULING GRANTING DEFENDANT'S MOTION TO STRIKE THE PLAINTIFF'S EXPERT SUPPLEMENTAL REPORTS

**MAY IT PLEASE THE COURT:**

　　Plaintiff, Lyndon T. Wright ("Plaintiff"), respectfully submits this Motion to Reconsider the Court's ruling granting Defendant's Forest River Inc. ("Forest River") and Shaw Environmental, Inc's. ("Shaw") (collectively, "defendants"), Motion to Strike Plaintiff's Supplemental Expert Reports. The Plaintiff requests that the Court reconsider its ruling and reurges all of their arguments in their original Opposition (Rec. Doc. 11012). The Court needs to be aware that these reports do not contain new opinions, but provide previously undiscoverable relevant information and points of clarification.

　　**I.　BACKGROUND**

　　Defendant Forest River, Inc ("Forest River") has filed Motions to Exclude the Expert Testimony of Dr. Patricia Williams Ph.D., DABT, Paul Hewett, Ph.D., and Paul LaGrange. For

the foregoing reasons, Plaintiff reurges its opposition and asks the Court to reconsider its ruling for the following reasons:

## II. ARGUMENT AND AUTHORITIES

Under Rule 26(a)(2)(C), a Plaintiff has a duty to supplement the disclosure of expert testimony pursuant to Rule 26(e)(1). FED. R. CIV. PROC. 26(a)(2)(C) ("The parties shall supplement these disclosures when required under subdivision (e)(1)."). This latter rule imposes a "duty to supplement… if the party learns that in some material respect the information disclosed is incomplete or incorrect." FED. R. CIV. PROC. 26(e)(1). The Rule specifically provides that "[w]ith respect to testimony of an expert… the duty extends to both information contained in the report and to information provided through a deposition of the expert." *Id*. The purpose of the Rule is "to bar evidence when a party fails to make a required supplemental disclosure." *Brennan's Inc. v. Dickie Brennan & Comp. Inc.*, 376 F.3d 556, 375 (5th Cir. 2004). Thus, "the duty to supplement [does] not by itself provide a reason to exclude [supplemented] testimony," and should only be excluded where there exists "other grounds to exclude it." *Id*. Accordingly, the trial court retains the discretion to permit additional disclosures made subsequent to the production of expert reports deadline. *Jacobs v. Ascot*, 2006 WL 2728827. at *11 (N.D. Tex. Sept. 25, 2006).

The 5th Circuit held in *Brennan* that the late admission of supplemental reports and related testimonies by plaintiff's damages expert was not abuse of discretion. Although plaintiff had not timely turned over his expert's supporting papers and calculations, the Court found that the defendant was not prejudiced by the late disclosure. In the instant case, two (2) of Plaintiff's experts simply seek to provide clarifications of notes and/or calculations scrutinized and

discussed by defense at deposition, and the third supplemental report containing new, relevant, previously undiscoverable scientific data unavailable at the time of submission of a final report.. Pursuant to the 5th Circuit's finding in *Brennan*, these reports must be admitted.

In determining whether to allow supplemental disclosure of expert testimony, the Fifth Circuit considers four factors: "(1) the explanation for the failure to [submit a complete report on time]; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Reliance Ins. Co. v. Louisiana Land and Exploration Co.,* 110 F.3d 253, 257 (5th Cir. 1997) (quoting *Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir. 1990)). In evaluating these factors, the Court performs a balancing test weighing each to determine necessity, fairness, undue delay or expense. *Tucker*, 49 F.Supp.2d at 461. In consideration of aforementioned test, Plaintiff requests this Honorable Court allow the foregoing expert testimony to be included in the context of this litigation.

## II.     WILLIAMS REPORT

Dr. Williams is a toxicologist offering opinions on general causation. Defendants' Memo, p.3. Williams' supplement is based largely upon the International Agency for Research on Cancer's ("IARC") recent pronouncement that there is sufficient evidence that formaldehyde causes leukemia. The IARC only published this finding in January of this year, and Williams' provided her supplement as soon as this information became available.

Williams completed her Report on October 2, 2009. The primary reason for the January 2010 Supplement was the October 20-27, 2009 meeting of the IARC, the foremost international authority on cancer, and a 2010 study published by Zhang. Between October 20-27, 2009, IARC, a division of the World Health Organization, met in Lyon, France to review "Chemical Agents

and Related Occupations". See List of Attendees, Exhibit A. This meeting included new mechanistic evidence on the Biologic Plausibility of formaldehyde in the causation of leukemia and new epidemiology evidence for causation of leukemia by formaldehyde. In December of 2009, the results of this October 20-27th, 2009 meeting were published in the Lancet. Exhibit? The key references concerning formaldehyde and causation of leukemia were not published in the public domain until December, 2009 (Hauptmann et al., Exhibit B) and January, 2010 (Zhang, et al., Exhibit C). These two studies were critical in effecting the decision of the IARC Working Group to render an opinion that sufficient evidence exists that formaldehyde causes leukemia. Such an opinion had not yet been rendered by IARC prior to the completion of Dr. Williams' Report on October 2, and the key references relating to leukemia had not been published by IARC. This new causal opinion on formaldehyde and leukemia is important as Lyndon Wright has expressed a fear of cancer and this is one of the types of cancer that the IARC has said may be caused by formaldehyde exposure.

Plaintiff has shown sufficient cause for this supplementation and in fact is required to do so as Dr. Williams opinions are incomplete without this supplementation. Under Rule 26 Plaintiff is constrained to supplement if he finds the materials are incomplete, and as pointed out above, the duty of supplementation extends to expert testimony.

The first factor evaluated by the court is the explanation proffered for the supplemental opinion. This factor must be considered in the context of all factors for even if this Court finds the explanation inadequate, such a finding does in and of itself warrant exclusion of the supplemental disclosure. *Jacobs*, 2006 WL 272827, at *13-14 (allowing supplemental disclosure even where no explanation for supplement was provided). Here the reason for the supplementation is the recent pronouncement by the IARC on formaldehyde and another form of

cancer, leukemia, and recent studies that have come out on the issues, some as recent as January 2010. The second factor is the importance of the testimony elicited from the disclosure. Lyndon Wright has already testified that he has a fear of cancer. This additional testimony regarding the recent pronouncement of formaldehyde and leukemia is directly relevant to the same and supports Lyndon Wright's fear of cancer claim. Next, the Court is to examine the potential prejudice suffered by the opposing party. The defendants suffer no prejudice in the instance case because Plaintiff has not disclosed on the "eve of trial." Thus, Defendants cannot argue that they have been subject to "trial by ambush." *See Congressional Air Ltd. V. Beech Aircraft Corp.*, 176 F.R.D. 513, 516 (D. Md. 1997) (prohibiting submission of expert disclosure less than one month before trial). Further, in *Tucker*, the court noted that a party was not prejudiced where:

> Plaintiff's counsel did not wait until the eve of trial to supplement…, but did so more than four months before trial. Defense counsel could have scheduled, if not actually taken, additional deposition testimony… before the discovery cutoff, or requested a brief extension of discovery cutoff, or requested a brief extension of discovery for the limited purposes of completing discovery regarding the supplement opinions.

*Tucker*, 49 F.Supp.2d at 460-61. Here, Dr. Williams Supplement disclosed more than six weeks before trial and Defendants never requested to reconvene her deposition, which they chose to leave open, nor did they request an extension of discovery to reconvene the deposition.

**III. HEWETT REPORT**

Dr. Hewett prepared a report examining the formaldehyde levels in Forest River trailers. Defendants have implied that Dr. Hewett's analysis was incomplete as he did not compare one data set with another and that he did not properly combine data and did not look at the data properly. Dr. Hewett has now done the analysis to respond to Defendant's stated and implied

criticisms and his basic conclusions remain the same: the vast majority of Forest River travel trailers had measured formaldehyde levels in excess of the ATSDR and NIOSH levels.

Dr. Hewett's report provides a simple clarification to prevent confusion to the trier of fact. This clarification must be provided pursuant to Rule 26 of the Fed. Rules Civ. Pro. which imposes a "duty to supplement… if the party learns that in some material respect the information disclosed is incomplete or incorrect." Thus, Hewett addendum to his report must be permitted.

## IV. LAGRANGE REPORT

Plaintiff's expert Paul LaGrange conducted tests to determine the air exchange rate in the trailer and prepared a report on the same. After receiving Defendants' expert reports, Paul LaGrange compared his air exchange with the air exchange rate reported by Defendants experts.

Paul LaGrange was retained to perform a blower door test to assess the air leakage of the thermal envelope as well as perform a duct blaster test to determine the rates of air leakage of supply and return duct work. He also examined the insulation properties of various sections of the unit and took infrared photos in the interior of the unit. These tests were performed during the August 2009 destructive testing of the Wright unit. As such, LaGrange's testimony is important not only to determine the air leakage of the trailer but to be considered in context of all present during the destructive testing. Such testimony is not duplicative because LaGrange is the sole air leak expert.

The Defendant maintains that LaGrange's testimony would be duplicative as three (3) of Plaintiff's five (5) witnesses, LaGrange, Mallet, and Writter, may provide testimony regarding the HVAC system and temperature/humidity conditions within the unit. However, each experts testimony is distinguishable as they do not speak to the same issue. Moreover, the three (3) experts opinions must be considered in context with one another. Defendant further seeks to limit LaGrange's testimony as Mallet cites LaGrange's report in his own report, however this fact should not prejudice allowance of his testimony. LaGrange is an expert qualified to provide testimony regarding the tests he conducted, limiting his testimony regarding his tests would cause the trier of fact undue confusion in their consideration of the evaluation and interpretation of the test LaGrange administered.

## CONCLUSION

In consideration of the four-factor balancing test, Plaintiff urges this Honorable Court finds Dr. Williams, Dr. Hewett and LaGrange's supplemental reports and testimony permitted. Further, the supplemental reports were not submitted as an ambush tactic, but are necessary additions as the science evolves. As Defense has had adequate time to consider any supplement to original expert reports Defense will not suffer undue prejudice by the admission of these reports.

Respectfully submitted:


**FEMA TRAILER FORMALDEHYDE**

**PRODUCT LIABILITY LITIGATION**


BY:	s/Gerald E. Meunier

GERALD E. MEUNIER, #9471

**PLAINTIFFS' CO-LIAISON COUNSEL**

Gainsburgh, Benjamin, David, Meunier &

Warshauer, L.L.C.

2800 Energy Centre, 1100 Poydras Street

New Orleans, Louisiana 70163

Telephone:	504/522-2304

Facsimile:	504/528-9973

gmeunier@gainsben.com


s/Justin I. Woods

JUSTIN I. WOODS, #24713

**PLAINTIFFS' CO-LIAISON COUNSEL**

Gainsburgh, Benjamin, David, Meunier &

Warshauer, L.L.C.

2800 Energy Centre, 1100 Poydras Street

New Orleans, Louisiana 70163

Telephone:	504/522-2304

Facsimile:	504/528-9973

jwoods@gainsben.com


**COURT-APPOINTED PLAINTIFFS'**

**STEERING COMMITTEE**

ANTHONY BUZBEE, Texas # 24001820

ROBERT BECNEL, #14072

RAUL BENCOMO, #2932

FRANK D'AMICO, #17519

MATT MORELAND, #24567

LINDA NELSON, #9938

DENNIS REICH, Texas #16739600

MIKAL WATTS, Texas # 20981820

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on February 18, 2010.

/s/Justin I. Woods

JUSTIN I. WOODS