UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Lyndon T. Wright v. Forest River, Inc, et al.* | * | |
| Docket No. 09-2977 | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S CORRECTED RESPONSE TO FOREST RIVER, INC.'S
MOTION TO EXCLUDE THE EXPERT TESTIMONY
OF DR. PATRICIA WILLIAMS**

Plaintiff Lyndon T. Wright, responds to Forest River, Inc.'s Motion to Exclude the Expert Testimony of Dr. Patricia Williams, and in support would show as follows:

**I.
EVIDENCE**

Exhibit A    Lyndon Wright deposition excerpts

Exhibit B    Dr. Smith's report

Exhibit C    Dr. Spector's Final Report

Exhibit D    Dr. Shwery Psychological Examination, September 24, 2009

Exhibit E    Dr. Miller deposition excerpts

Exhibit F    Affidavit of Dr. Miller

Exhibit G    Affidavit of Patricia Williams, Ph.D.,

Exhibit H    Dr. Shwery deposition excerpts

Exhibit I    Dr. Smith deposition excerpts

1

## II.
## FACTUAL BACKGROUND

Plaintiff Lyndon T. Wright lived in his FEMA travel trailer for over two years between March of 2006 and July of 2008. *See* Exhibit A, p. 299. The formaldehyde levels in his trailer in August of 2009 were measured at .130 ppm. *See* Exhibit F, p. 4. During his occupancy of the trailer, Mr. Wright began suffering numerous physical ailments, including coughing, irritated eyes, rashes, epistaxis (nosebleed) and/or bloody sputum from his upper respiratory tract. *See* Exhibit A, pp. 135, 138, 307; Exhibit B, p. 3  Since he moved out of the trailer, he has been diagnosed with asthma and significantly exacerbated rhinosinusitis. *See* Exhibit B, p. 3, Exhibit F, pp. 6-7.

In August of 2009, Mr. Wright underwent the surgical biopsy of a growth that had developed on his tongue at the back of his throat. *See* Exhibit E, p. 1.  Although the growth was non-malignant, the biopsy, coupled with his unresolved bleeding, brought to the forefront his anxieties over his formaldehyde exposure and his fear of cancer.  *See* Exhibit A, pp. 67-69; Exhibit D, p. 2.

Defendant attacks Dr. William's testimony as irrelevant.  Dr. Williams, an expert toxicologist, however, addresses not only the issue of general causation, but also provides scientific evidence supporting Mr. Wright's fear of cancer, an element of the damages claimed in this lawsuit. *See* First Supplemental and Amended Complaint (Rec. Doc. 2203, para. 17).  Dr. Williams also offers testimony of the biological mechanism by which formaldehyde causes injury.  Because the issues on which Dr. Williams will testify are unequivocally germane to Mr. Wright's case, Defendant's motion to exclude Dr. Williams should be denied.

**III.**
**ARGUMENT AND AUTHORITIES**

A. <u>The standard for admission of expert testimony is a liberal one.</u>

"If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert ... may testify thereto in the form of an opinion or otherwise." F.R.C.P. 702. Expert testimony need only be based on a reliable and scientifically valid methodology that fits the facts of a case. *See* <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 592-93 (1993). The inquiry into an expert's testimony must be flexible. *See* <u>Id.</u> at 594 & n. 12. The party opposing the admission of the proffered evidence carries the burden to provide a valid reason for its exclusion. *See* <u>U.S. v. D.K.G. Appaloosas, Inc.</u>, 630 F.Supp. 1540, 1562 (E.D.Tex.1986), aff'd. 829 F.2d 532, (5th Cir. 1987), cert. denied 485 U.S. 976. Defendant has failed to show a valid reason for the exclusion of Dr. Williams' testimony. Defendant's motion to exclude Dr. Williams' testimony should, therefore be denied. *See* <u>Id.</u>

B. <u>Defendant's motion should be denied because Dr. Williams' testimony satisfies the *Daubert* standard for relevance.</u>

Defendant erroneously argues that Dr. Williams' testimony should be excluded because it is not relevant. An expert's testimony satisfies the *Daubert* relevance standard if his reasoning or methodology can properly be applied to the facts in issue. <u>Knight v. Kirby Inland Marine Inc.</u>, 482 F.3d 347, 352 (5th Cir. 2007). Dr. Williams' testimony (1) provides scientific support for the reasonableness of Mr. Wright's fear of cancer, and (2) addresses the fact issue of general causation of his medical conditions. Fear of cancer is one of the elements of damages specifically plead by Mr. Wright. *See* First Supplemental and Amended Complaint (Rec. Doc. 2203, para. 17). The reasonableness of the fear is a necessary evidentiary element in a fear of

3

cancer claim. *See* Smith v. A.C. & S., Inc., 843 F.2d 854, 859 FN3 (5th Cir. 1988); *see also* Triche v. Overnite Transp. Co. 1996 WL 396041, *14 (E.D.La. 1996). Proof of general causation is also a required element in a toxic exposure case. Knight, 482 F.3d at 351. Because both of the issues Dr. Williams addresses are necessary elements of Mr. Wright's case, the relevance of Dr. Williams' testimony cannot be negated. *See* Id. Defendant's motion to exclude Dr. Williams' testimony should therefore be denied. *See* Raney, 629 So.2d at 491.

C.  Defendant's motion should be denied because Dr. Williams' associations are relevant to Mr. Wright's fear of cancer.

Defendant argues that any discussion by Dr. Williams of "associations" is irrelevant to prove causation. Defendant's argument fails, however, because Dr. Williams offers the associations, not as proof of medical causation, but rather as evidence of the reasonableness of Mr. Wright's fear of cancer.

The plaintiff's burden in a fear of cancer case does not rise to the level of proving cause and effect. *See* Smith v. A.C. & S., Inc., 843 F.2d 854, 859 FN3 (5th Cir. 1988). Rather, the plaintiff need only show that his fear is reasonable, *i.e.,* that there is "any possibility of acquiring (the) disease, no matter how remote." Raney v. Walter O. Moss Reg'l Hosp., 629 So.2d 485, 491 (La.App. 3d Cir.1993). Dr. Williams' use of "associations," in addition to the other scientific evidence she has provided, will assist the jury in determining whether Mr. Wright's fear of cancer is reasonable. Her testimony is therefore relevant. *See* Knight, 482 F.3d at 352; Fed.R.Evid. 702.

From her comprehensive review of the scientific literature on formaldehyde, Dr. Williams, a board certified toxicologist, offers her opinion that a cause-and-effect relationship exists between formaldehyde and cancer. *See* Exhibit G, p. 63. In reaching her decision, she

4

conducted a comprehensive review of the scientific literature relating to formaldehyde. *See* Exhibit G. As a starting point, Dr. Williams looked to the International Agency for Research on Cancer (IARC), which classifies formaldehyde as a human carcinogen. *See* Exhibit G, pp. 49, 56. She further noted that the Occupational Safety and Health Administration (OSHA) regulates formaldehyde as a carcinogen because of its recognition that long-term formaldehyde exposure is associated with an increased risk of cancer. *See* Exhibit G, p. 47- 48. She evaluated numerous toxicological and epidemiological studies that supported a causal link between formaldehyde and cancer. *See* Exhibit G, pp. 49-57. Her evaluation of all of the scientific evidence led Dr. Williams to conclude that formaldehyde exposure can cause cancer. *See* Exhibit G, p. 63. The existence of this cause-and-effect relationship is important evidence in proving that Mr. Wright's fear of cancer is reasonable. *See* Raney, 629 So.2d at 491.

Dr. Williams' associations provide additional evidence in support of the reasonableness of Mr. Wright's fear of cancer. A plaintiff's individual experiences are important considerations when determining the reasonableness of his fear of cancer. *See* Raney, 629 So.2d at 491; Triche. 1996 WL 396041, *14. One of the symptoms that fed Mr. Wright's fear of developing cancer is his unresolved bleeding (epistaxis). *See* Exhibit A, pp. 135, 138, 307; Exhibit D, p. 2; Exhibit H, pp. 67-68, 176. Dr. Williams' association between epistaxis and cancer thus bears directly on the reasonableness of his fear. The association between formaldehyde and epistaxis also reflects on Mr. Wright's fear. *See* Exhibit G, p. 64. In light of the cause-and-effect relationship between formaldehyde and cancer, Mr. Wight could reasonably equate an exposure sufficient to cause epistaxis to one sufficient to accelerate cancer. *See* Exhibit G, pp. 63- 64.

Dr. Williams' testimony, including the associations she has drawn, is relevant to the reasonableness of Mr. Wright's fear of cancer. Because the reasonableness of his fear is a fact

5

issue in this case, the relevance of Dr. Williams' testimony is undisputable. <u>Knight,</u> 482 F.3d at 351. Defendant has therefore failed to carry its burden to exclude Dr. Williams' testimony, and its motion should therefore be denied. *See* <u>D.K.G. Appaloosas, Inc.</u>, 630 F.Supp. at 1562.

    D. <u>Defendant's motion should be denied because Dr. Williams' general causation opinions are relevant because they support the specific causation testimony.</u>

Defendant disingenuously claims that Dr. Williams' cause-and-effect relationships are not relevant because no specific causation testimony has implicated the conditions that Dr. Williams addresses. Nothing could be farther from the truth.

Dr. Williams concludes that a cause-and-effect relationship exists between formaldehyde and upper respiratory damage. *See* Exhibit G, p. 3. Dr. Miller has offered his specific causation opinion that Mr. Wright's formaldehyde exposure significantly exacerbated his rhinosinusitis. *See* Exhibit F, p. 7. Clearly, Dr. Miller considers rhinosinusitis an upper respiratory ailment resulting from damage to respiratory epithelium. *See* Exhibit F, pp. 4-6.

> There is substantial literature addressing effects of chronic exposure to formaldehyde on the upper respiratory tract in humans. While most series are small, there is broad agreement that formaldehyde exposure is correlated with rhinosinusitis. . . . .
> The data strongly support the correlation between formaldehyde exposure in the development of rhinosinusitis in humans. In addition, the biological mechanism for the causative role of formaldehyde in rhinosinusitis, i.e., cytotoxic effect on the nasal and respiratory epithelium . . . .

*See* Exhibit F, pp. 5-6, *citations omitted; see also* Exhibit E, pp. 57, 71-72, 110-12. Rhinosinusitis is thus the physical manifestation of upper respiratory cellular damage. *See* Exhibit F, pp. 4-6. Dr. Williams' opinion that formaldehyde is capable of causing upper respiratory damage thus provides the general causation support for Dr. Miller's specific causation opinion that formaldehyde exacerbated Mr. Wright's rhinosinusitis. Defendant's

6

assertion that none of Plaintiff's medical experts offer specific causation testimony coinciding with Dr. Williams' general causation testimony is simply wrong, and therefore does not support the exclusion of Dr. Williams' testimony. *See* D.K.G. Appaloosas, Inc., 630 F.Supp. at 1562.

Dr. Williams' conclusion that a cause-and-effect relationship exists between formaldehyde and bronchoconstriction/asthma is also relevant to a specific causation opinion in the case. From the results of a bronchial provocation test, Dr. Smith concluded that Mr. Wright showed physical evidence of asthma. *See* Exhibit B, p.3; Exhibit F, p. 6. Although Dr. Smith found historical evidence for asthma, the diagnosis had never before been made. *See* Exhibit I, p. 110. The logical inference from this evidence is that prior to Mr. Wright's formaldehyde exposure, his symptoms had not risen to a level sufficient for diagnosis. Dr. Williams' conclusion that formaldehyde can cause asthma thus directly bears on the question of whether formaldehyde caused the exacerbation of Mr. Wright's asthma. Because it addresses facts of the case, Dr. Williams' general causation opinion is relevant. *See* Knight, 482 F.3d at 352.

Defendant's argument that no specific causation opinions coincide with Dr. Williams' specific causation opinions is clearly wrong. Defendant has thus failed to carry its burden to exclude Dr. Williams' testimony, and its motion should therefore be denied. *See* D.K.G. Appaloosas, Inc., 630 F.Supp. at 1562.

E. Defendant's motion should be denied because Dr. Williams' testimony on the mechanism of injury is relevant.

In addition to providing evidence relating to general causation and Mr. Wright's fear of cancer, Dr. Williams' testimony also includes a detailed explanation of the biological mechanism by which formaldehyde causes injury. *See* Exhibit G, pp. 8-11. This testimony will assist the jury in understanding how formaldehyde causes injury from the cellular level to the

manifestation of diseases, including cancer, bronchiosinusitis, and asthma. *See* Exhibit G, pp. 8-11. There can be no doubt that Dr. Williams' testimony on this issue will assist the jury in understanding the complicated science behind the general and specific causation opinions. Dr. Williams' testimony is thus relevant, and precludes exclusion of Dr. Williams' testimony. *See* Knight, 482 F.3d at 352; Fed.R.Evid. 702; *See* D.K.G. Appaloosas, Inc., 630 F.Supp. at 1562.

## IV.
## CONCLUSION

Defendant seeks the exclusion of Dr. Williams' testimony based on its specious assertion that her testimony is irrelevant. Dr. Williams' testimony, however, addresses the critical issues of general causation, the reasonableness of Mr. Wright's fear of cancer, and the mechanism of injury. Defendant has therefore failed to carry its burden for exclusion of evidence, and its motion to exclude Dr. Williams' testimony should be denied.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
      GERALD E. MEUNIER, #9471
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier &
      Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone:   504/522-2304
      Facsimile:   504/528-9973
      gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:    504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
ROBERT BECNEL
DENNIS REICH, Texas # 16739600

**CERTIFICATE OF SERVICE**

I hereby certify that on _____, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                                s/Gerald E. Meunier
                                                GERALD E. MEUNIER, #9471