Case 2:07-md-01873-KDE-MBN   Document 11825-3   Filed 02/19/10   Page 1 of 3

Page 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: FEMA TRAILER FORMALDEHYDE
PRODUCTS LIABILITY LITIGATION

MDI. NO. 1873
SECTION "N" (5)

_____

DEPOSITION OF JOHN D. OSTERAAS, Ph.D.
Taken on behalf of the Plaintiffs
Wednesday, December 16, 2009

**EXHIBIT "C"**

John Osteraas PhD                                           December 16, 2009

Page 117

1  constructed on firm, undisturbed soil or fill compacted to
2  at least 90 percent of its maximum relative density?
3      A.   I don't -- again, I'll repeat.  I don't think that
4  this document has any relevance with respect to the Wright
5  trailer.  The provisions that you just quoted are common
6  provisions for construction of permanent foundations for
7  buildings, and certainly are not applicable for temporary
8  support or, well, blocking or temporary support of emergency
9  housing.
10     Q.   Well, how does that jibe with the statement you
11 made on Page 16, "given the fact that the support piers were
12 simply supported on the ground surface and any differential
13 movement of the soil beneath the trailer over a period of
14 several years is inevitable and will result in differential
15 movement of the trailer."
16          If this section doesn't apply to the Lyndon Wright
17 trailer, then how does it jibe with that statement you make
18 on Page 16?
19          MR. KURTZ:  Objection; form.
20          THE WITNESS:  Well, I think, you know, your -- you
21 know, not to belabor an old adage, but you're comparing
22 apples and oranges.  We talked about the federal register is
23 applying, applies to permanent foundations for permanent
24 structures.
25          What I'm addressing on Page 16 of the report is

John Osteraas PhD                                                                December 16, 2009

```
                                                           Page 118
 1   what is going to happen to a temporary support of a trailer,
 2   such as Mr. Wright's.  There will be movement over time and
 3   what one would do is exactly what one would do if this was
 4   movement that was happening in your house.  You would do
 5   some minor adjustments with shimming, you know, which are
 6   easy enough that I could do it in about two or three
 7   minutes.  I mean, they're two entirely different
 8   considerations.
 9   BY MR. D'AMICO:
10       Q.   Minor adjustments with shimming that you could do
11   in two or three minutes, that's all it took to level Mr.
12   Wright's trailer?
13            MR. KURTZ:  Objection; form.  That's not what he
14   said.
15            THE WITNESS:  Minor shimming would be all that
16   would be required to address the problem of the sticking
17   door, and it could be done in a matter of minutes.
18            MR. KURTZ:  It's a little after 12:30.  Are you at
19   a lunch break spot?
20            MR. D'AMICO:  That's fine.
21            THE VIDEOGRAPHER:  This marks the end of end of
22   videotape labeled No. 2 in the deposition of John Osteraas,
23   Ph.D.
24            The time is approximately 12:35 p.m.
25            We are off the record.
```