UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE:  FEMA TRAILER                                MDL NO. 07-1873
FORMALDEHYDE PRODUCTS
LIABILITY LITIGATION                                SECTION N(5)

                                                    JUDGE ENGELHARDT

THIS DOCUMENT RELATES TO:
*Lyndon Wright v. Forest River, Inc., et al.,*      MAGISTRATE CHASEZ
No. 09-2977 (E.D. La.)

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### SHAW ENVIRONMENTAL, INC.'S REPLY MEMORANDUM
### IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
### BASED ON THE GOVERNMENT CONTRACTOR DEFENSE

**MAY IT PLEASE THE COURT:**

Because the subject matter of Shaw Environmental, Inc.'s ("Shaw") Motion for Summary

Judgment Based on the Government Contractor Defense (R. Doc. 10941) has already been

briefed by Fluor and Bechtel, and given that both Shaw and the Plaintiff have referred to earlier

briefing, Shaw will reply only – and briefly – to the one new issue raised in Plaintiff's

Opposition (R. Doc. 11552): claim preclusion.

Plaintiff misapplies the doctrine of claim preclusion because Plaintiff relies on an order

denying summary judgment, which was not a final judgment on the merits disposing of Fluor's

claim.[1]  What happened in the *Alexander v. Gulf Stream* case is that Fluor filed a motion for

---

[1]  Plaintiff acknowledges that this is one of the elements of claim preclusion.  Opposition Memorandum, p. 4.

summary judgment seeking dismissal of the Plaintiff's claims on the basis of the government contractor defense.  (R. Doc. 2802).  When the Court denied that motion (R. Doc. 3205), the rejection of Fluor's motion did not dispose of Fluor's defense.[2]  Moreover, Plaintiff's citation to the case of *Peregoy v. Amoco Production Co.*, 742 F. Supp. 372 (E.D. Tex. 1990), is inapposite because it dealt with the granting of a motion for summary judgment – clearly an adjudication on the merits – rather than a denial of such a motion, which is not an adjudication on the merits.

In fairness, although Plaintiff did not cite to this, it is true that the Court granted a Rule 50 motion at the conclusion of the evidence in *Alexander v. Gulf Stream*, disposing of Fluor's defense as a matter of law.  However, this ruling too carries no preclusive effect that would bar Shaw's motion.  Indeed, although Plaintiff rests his argument on "claim" preclusion, which bars relitigation of a particular claim or defense between the same parties,[3] he is really talking about "issue" preclusion, which bars "relitigation of issues that were a necessary part of, and were actually decided in, a prior judgment." [4]

Although there may be issue preclusive effects under the right circumstances in this MDL, it does not apply to this motion.  Naturally, the relaxed rules about the parties to whom issue preclusion may be applied raise due process concerns because every party wants to have the chance to present his claims or defenses.  Thus, the doctrine of "issue preclusion" has other

---

[2]  The same is true of Bechtel's Rule 12(b)(6) motion and the ruling denying it; in fact, this is even more clear with regard to Bechtel's position, since it still has the government contractor defense available to it.

[3]  An extensive discussion of the identity of parties' element is beyond the scope of this memorandum, but generally for purposes of claim preclusion this element is limited to the same parties, their successors, and unusual circumstances such as when a private party seeks to relitigate an issue that has been litigated by a governmental party.

[4] *Sidag Aktiengesellschaft v. Smoked Foods Products,* 776 F.2d 1270, 1275 (5th Cir.1985).

safeguards relating to the disposition of the issue with respect to which preclusion is being claimed. Here, the Rule 50 judgment against Fluor was not a "critical and necessary part of the resolution,"[5] of that action for the simple reason that Fluor won despite not having the defense available. In other words, the jury's verdict, and the judgment that flowed from it, hardly depended on the Court's Rule 50 judgment; whether Fluor was a government contractor or not was not even placed before the jury. As a result, the Rule 50 judgment does not bar Shaw from raising the government contractor defense on its own.

Ultimately, the Court need not resort to preclusion doctrines to address Shaw's motion. Shaw respectfully urges the Court to grant summary judgment for the reasons advanced previously by Fluor and Bechtel, and for the reasons set forth in Shaw's motion for summary judgment based on its status as a government contractor.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**


  /s/ M. David Kurtz
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR DEFENDANT,
SHAW ENVIRONMENTAL, INC.**

---

[5] *Dresser v. Ohio Hempery, Inc.*, 2000 WL 235242 * 4 (E.D. La. 2000)

**CERTIFICATE OF SERVICE**

I hereby certify that on February 19, 2010, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel.

<u>  /s/ M. David Kurtz                        </u>