UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                             MDL NO. 07-1873
FORMALDEHYDE
PRODUCTS LIABILITY LITIGATION                   SECTION N-5
                                                JUDGE ENGELHARDT
                                                MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**UNITED STATES OF AMERICA'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE THE VENUE ALLEGATIONS IN PLAINTIFFS' THIRD AND FOURTH SUPPLEMENTAL AND AMENDED ADMINISTRATIVE MASTER COMPLAINTS**
**(Rec. Doc. 4486 and Rec. Doc. 7688)**

## INTRODUCTION

The United States files this memorandum in support of its Fed. R. Civ. P. 12(b)(3) and 12(f) Motion to Strike the Venue Allegations in Plaintiffs' Third and Fourth Supplemental and Amended Administrative Master Complaints ("AMC") (Rec. Doc. 4486, Rec. Doc. 7688).[1] This Multidistrict Litigation ("MDL") proceeding consolidates actions filed by plaintiffs against the United States in the Northern, Middle, and Southern Districts of Alabama, the Southern District of Mississippi, and the Eastern, Middle, and Western Districts of Louisiana. *See* Case Listing Report, No. 1873, Judicial Panel on Multidistrict Litigation, *available at* http://www.jpml.uscourts.gov/Docket_Information/docket_information.html. Plaintiffs in this MDL seek damages, alleging that the Federal Emergency Management Agency ("FEMA") failed to take

---

[1] The Third Supplemental and Amended Administrative Master Complaint contains plaintiffs' substantive allegations, and the Fourth Supplemental and Amended Administrative Master Complaint modifies select paragraphs (not relating to the substantive allegations) without changing the paragraph numbering. Hereinafter, those two pleadings are collectively referred to as "AMC."

appropriate actions in response to excessive formaldehyde emissions in temporary emergency housing units issued in response to Hurricanes Katrina and Rita. *See* AMC ¶¶ 124-135. The AMC is an administrative device intended to consolidate all claims at issue in this MDL proceeding into a single Complaint, which may be responded to by a single Answer. The Plaintiffs' Steering Committee ("PSC") in the AMC asserts that the Eastern District of Louisiana is the proper venue for all cases that are the subject of this MDL proceeding. *See* AMC ¶¶ 121-23. The Court should grant the United States' motion and strike the AMC's venue allegations because the Eastern District of Louisiana is not the appropriate venue for all cases, and requiring the United States to answer the AMC, as written, may waive the Government's right to challenge PSC's venue allegations and ensure that the underlying actions not dismissed on other grounds are remanded and tried in the appropriate venues after completion of pretrial proceedings.

## ARGUMENT

**The Court Should Strike PSC's Venue Allegations Because They Contravene The MDL Enabling Statute and the Federal Tort Claims Act, And May Impermissibly Preclude The United States From Preserving Venue Objections.**

The Court should strike PSC's venue allegations in the AMC because they contravene the MDL enabling statute, 28 U.S.C. § 1407, and may impermissibly require the Government to waive its right to have the underlying actions that are not dismissed on other grounds remanded and tried in the appropriate venues after completion of pretrial proceedings. The relevant portion of the AMC provides that:

> 121.   Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a large portion of the negligent and wrongful actions of the defendants occurred in the Eastern District of Louisiana.

2

> 122. Venue is also proper in this district as to the United States of America and FEMA since individual plaintiffs reside in this district and the acts and/or omissions as to certain of the plaintiffs occurred in this district.
>
> 123. Venue is also proper in this district under the provisions of 28 U.S.C. § 1407, this Court having been determined the appropriate transferee Court pursuant to the order of the United States Judicial Panel on Multidistrict Litigation, entered October 24, 2007.

AMC ¶¶ 121-23. The United States acknowledges that pursuant to 28 U.S.C. § 1407, and the Judicial Panel on Multidistrict Litigation's ("JPML") Order, which consolidated the underlying actions before this Court for pretrial proceedings, this Court is authorized to address all pretrial matters. *See* October 24, 2007, Transfer Order (Doc. Rec. 1). However, the AMC venue allegations exceed Congress' grant of authority to the JPML and its Transfer Order in this case. *Compare* AMC ¶¶ 121-23 with 28 U.S.C. § 1407; Rec. Doc. 1; *see also Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 40-41 (1998).

      The MDL Statute, 28 U.S.C. § 1407, allows the JPML to Order the transfer of cases to a transferee court ("MDL court") for pretrial proceedings. *See* 28 U.S.C. § 1407; *see also Lexecon, Inc.*, 523 U.S. at 33-34. That statute requires that after completion of pretrial proceedings, the MDL court must remand cases that did not originate in the MDL court to the district courts of origin for adjudication on the merits. *See Lexecon, Inc.*, 523 U.S. at 34-35. It is only by Congress' grant of authority to the JPML, and the JPML's Order, that the MDL court may proceed. Consistent with that authority, unless the requirement is waived by the parties, the cases before this MDL Court that have not been dismissed must be remanded to their district courts of origin for adjudication on the merits after completion of pretrial proceedings. *See id.*

3

PSC's venue allegations contravene 28 U.S.C. § 1407, and the JPML's Order (Rec. Doc. 1). Specifically, the allegations improperly "import" all cases currently pending before this MDL Court into the Eastern District of Louisiana for adjudication on the merits. *See* AMC ¶¶ 121-23. This is improper because it creates a situation where the United States by its filing an Answer to the AMC, as opposed to objecting to the venue allegations or moving to change venue, and instead relying on normal MDL procedures, may be held to have waived its venue objection for ***all*** cases before this MDL Court. *See In re Carbon Dioxide Indus. Antitrust Litig.*, 229 F.3d 1321 (11th Cir. 2000) (holding that § 1407(a)'s automatic remand was waived based on the actions of the parties – where plaintiffs failed to timely raise the issue and stipulated that venue was proper in the MDL Court); *Armstrong v. LaSalle Bank Nat. Ass'n*, 552 F.3d 613, 616 (7th Cir. 2009) (holding that a party to an MDL action may waive § 1407(a) right to remand). Accordingly, to preserve the United States' right to have the underlying actions remanded to their districts of origin after completion of pretrial proceedings, the Court should strike PSC's venue allegations in the AMC.

Further, PSC's venue allegations should also be stricken because they contravene the FTCA venue requirements. The FTCA, 28 U.S.C. § 1402(b), provides that:

> Any civil action on a tort claim against the United States under subsection (b) of section 1346 of this title may be prosecuted ***only*** in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred.

28 U.S.C. § 1402(b) (emphasis added). The AMC venue allegations apply to all plaintiffs whose cases were "filed in, or transferred into, this MDL," *see* AMC ¶ 9, regardless of the district in which the plaintiffs reside, or where the acts/omissions complained of in each case occurred. Thus, in order to properly answer PSC's venue allegations and to preserve its venue objections,

4

the United States would need to respond individually to each claimant on whose behalf the AMC is filed, which would defeat the purpose of the AMC as an administrative device.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court grant the United States' Motion and strike the venue allegations contained in the AMC.

Dated:  February 22, 2010.                                  Respectfully Submitted,

| | |
|---|---|
| TONY WEST | ADAM BAIN |
| Assistant Attorney General | HENRY T. MILLER |
| | Senior Trial Counsel |
| J. PATRICK GLYNN | |
| Director | MICHELE GREIF |
| | JONATHAN WALDRON |
| DAVID S. FISHBACK | ADAM DINNELL |
| Assistant Director | Trial Attorneys |
| | |
| OF COUNSEL: | *//S// Michelle Boyle* |
| | MICHELLE BOYLE (Va. Bar No. 73710) |
| JORDAN FRIED | Trial Attorney |
| Associate Chief Counsel | U.S. Dept. of Justice, Civil Division |
| | P.O. Box 340, Ben Franklin Station |
| JANICE WILLIAMS-JONES | Washington, D.C. 20004 |
| Senior Trial Attorney | Telephone No:  (202) 616-4447 |
| Federal Emergency Management Agency | E-mail:  Michelle.Boyle@USDOJ.Gov |
| Department of Homeland Security | |
| Washington, D.C. 20472 | Attorneys for the United States of America |

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2010, the foregoing document was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison Counsel.

*//S// Michelle Boyle*
MICHELLE BOYLE (Va. Bar No. 73710)