UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE PRODUCTS | * | |
| | LIABILITY LITIGATION | * | SECTION "N" (5) |
| | | * | |
| | | * | JUDGE ENGELHARDT |
| | | * | MAGISTRATE CHASEZ |
| | | * | |
| THIS DOCUMENT IS RELATED TO | | * | |
| | | * | |
| Lyndon T. Wright v. Forest River, Inc., et al, | | * | |
| Docket No. 09-2977; | | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION _IN LIMINE_ TO PROHIBIT REFERENCES TO MATTERS IN THE PERSONAL HISTORY OF TYSHONE MARSH**

Plaintiff Lyndon T. Wright ("Mr. Wright" or "Plaintiff") respectfully submits this reply memorandum in response to the memorandum submitted in opposition to Plaintiff's Motion by Defendants Shaw Environmental, Inc. and Forest River, Inc. (Rec. Doc. 11752) and as further support for Plaintiff's Motion _in Limine_ to Prohibit References to Matters in the Personal History of Tyshone Marsh (Doc.11360).  For the reasons set forth herein, Plaintiff respectfully requests that this Court grant Plaintiff's Motion and prohibit Defendants at trial from referring in any way to unrelated and irrelevant matters in the personal background of Tyshone Marsh concerning her criminal history, drug use, rehabilitation, smoking, former boyfriends, or receipt of food stamps.

**INTRODUCTION**

On January 14, 2010, Defendants deposed Plaintiff's girlfriend, Tyshone Marsh

("Marsh").[1]  During her deposition, Defendants extensively questioned Marsh on topics concerning her personal background and history, including, without limitation, her prior criminal history, drug use, smoking, rehabilitation, former boyfriends and status as a food stamp recipient.[2]  All of these topics are completely irrelevant to any of the claims or issues involved in this litigation.  Ms. Marsh is not making any claim for recovery in this case, and Defendants attempt to introduce such evidence at trial is nothing more than a thinly veiled smear campaign intended to improperly tarnish the Plaintiff's character entirely by association.   Defendants have failed to offer any plausible explanation as to how evidence concerning Marsh's background and prior activities has any relevance to Plaintiff's claims or any fact of consequence in this action.  Furthermore, Defendants have failed to demonstrate that such testimony has any probative value whatsoever in this litigation, much less that its probative value outweighs the unfair prejudice that will result from admission of such evidence at trial.

## STANDARD OF ADMISSIBILITY

Plaintiff brings the current Motion *in Limine*, pursuant to Rules 401, 402 and 403 of the Federal Rules of Evidence, to prohibit Defendants from introducing or referring in any way to irrelevant and misleading testimony concerning Marsh's personal background and history.  Only relevant evidence is admissible under the Federal Rules. FED. R. EVID. 402.   Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination

---

[1] At the time of her deposition, Ms. Marsh and the Plaintiff were engaged to be married, and they have subsequently become legally married.  For simplicity and to avoid confusion, however, throughout this memorandum Tyshone Marsh will still be referred to as Ms. Marsh.

[2] In their Opposition to Plaintiff's Motion, Defendants state that they have no intention of presenting testimony concerning Marsh's status as a food stamp recipient. *See,* Defendants' Opposition to Plaintiff's Motion *in Limine* to Prohibit References to Matters in the Personal history of Tyshone Marsh ("Def. Opp. Memo.), at p. 2, n.3.  As such, it appears that Defendants do not object to the Court's exclusion of any evidence at trial related to Ms. Marsh's status as a food stamp recipient, and no further discussion is needed on this point.

of the action more probable or less probable than it would be without the evidence."

FED R. EVID. 401.  Furthermore, even relevant evidence should be excluded where the

probative value is substantially outweighed by the danger of unfair prejudice, confusion

of the issues and or misleading the jury.  FED. R. EVID. 403.

## ARGUMENT AND AUTHORITIES

I.  **References and Testimony Concerning Tyshone Marsh's Personal Background Are Completely Irrelevant to Any Fact or Issue of Consequence in this Action.**

In their opposition to Plaintiff's Motion, Defendants allege that evidence related to

Ms. Marsh's smoking, criminal history, past drug use, and the criminal history of her

former boyfriend is critical to the defense because it supposedly reflects on Plaintiff's

lifestyle choices.  According to Defendants, Plaintiff has made his lifestyle choices

relevant in this case by asserting a claim for emotional distress due to his fear of

cancer.  Even assuming for the sake of argument that evidence relating to Plaintiff's

lifestyle choices is relevant in this action, which Plaintiff does not concede, the

testimony and evidence that Plaintiff is asking the Court to exclude in this Motion

concerns and relates entirely to the personal history and lifestyle choices of <u>Ms. Marsh</u>

<u>and not the Plaintiff</u>.

Specifically, Defendants claim the following testimony from Ms. Marsh is relevant

to the Plaintiff's claims in this litigation:

- Marsh was arrested in 2005 for purse snatching, which resulted in 30 days of incarceration and two years probation;
- Marsh was arrested in 2005 for prostitution, which was a violation of the terms of her probation and resulted in a two year sentence;
- Marsh was arrested in 2008 and plead guilty to possession of crack cocaine, resulting in 30 months probation;
- Marsh spent a few weeks at an inpatient rehabilitation program for heroin addition in 2002;

3

- Marsh's former boyfriend whom she lived with for 15 years is in prison for life after pleading guilty to heroin distribution three times; and
- Marsh began smoking cigarettes as a teenager and has smoked two packs a day for the past three years.

*See*, (Def. Opp. Memo., at pp. 2-3) (citations omitted).  What is clearly missing from this testimony is any evidence connecting it to the Plaintiff or to any fact or claim at issue in this litigation.  While the above referenced testimony may be of value in relation to the prior lifestyle choices of Ms. Marsh, she is not a party to this litigation and such evidence is not even arguably relevant to Plaintiff or his claims of emotional distress in this action.

In fact, the testimony at issue regarding Ms. Marsh's personal background concerns incidents and her prior conduct which took place before she and Plaintiff even began their relationship.  The undisputed facts show that Plaintiff and Ms. Marsh did not begin their relationship until 2009.  (Exhibit 1, Marsh testimony, pp. 32, 34-35).[3]  It wasn't until March or April 2009 that Marsh began living with the Plaintiff at his current residence.  (Marsh, pp. 9-10, 33); (Exhibit 2, Wright testimony, pp. 10-11).[4]  Prior to that time, Ms. Marsh lived with her former boyfriend for approximately 15 years.  (Marsh, p. 37).  According to Plaintiff, in March 2009 Ms. Marsh began staying with him at his apartment around 4 nights a week.  (Wright, pp. 10-11).  It is undisputed that Ms. Marsh's arrest for possession of crack cocaine took place in 2008 and her arrests for purse snatching and prostitution occurred in 2005, years before she had a relationship or began living with Plaintiff.  Thus, this evidence also lacks temporal relevance to the present case.

_____

[3] The cited portions of the transcript from the January 14, 2010 videotaped deposition of Tyshone Marsh are attached hereto as Exhibit 1.

[4] The cited portions of the transcript from the July 10, 2009 videotaped deposition of Lyndon Wright are attached hereto as Exhibit 2.

Likewise, Ms. Marsh's alleged prior drug use and the fact that she attended a rehabilitation clinic for a few weeks in 2002, approximately 7 years before she began her relationship with Plaintiff, has no relevance whatsoever to any fact or issue in this case.   As a result of her pleading guilty to possession in 2008, Ms. Marsh was placed on 30 months probation. (24-25).   Under the terms of her probation, Ms. Marsh was prohibited from using drugs or alcohol and was prohibited from being around any individuals who had a prior record of drug related charges.   (Marsh, pp. 26-27). According to Ms. Marsh, she has not broken these restrictions placed upon her as part of her probation.  (Marsh, p. 27).   Therefore, there is no evidence of drug use by Ms. Marsh at anytime since she began dating and living with Plaintiff in 2009.   Moreover, the criminal history of Ms. Marsh's former boyfriend, who was incarcerated before Plaintiff and Ms. Marsh began their relationship, has no connection or relevance whatsoever to the Plaintiff or any issues in this litigation.

Furthermore, Ms. Marsh's history of smoking cigarettes is irrelevant to the claims asserted by Plaintiff.   It is undisputed that Plaintiff does not smoke cigarettes and does not like to even be around cigarette smoke.   (Wright, pp. 161, 173-74).   Ms. Marsh testified that she has never smoked around the Plaintiff because she knows that he does not like smoke.  (Marsh, pp. 74-78).  According to Ms. Marsh, she does not smoke cigarettes in the apartment where she and Plaintiff currently live, and she never smoked in the FEMA trailer while Plaintiff was living there.  (Marsh, pp. 75-77).   Additionally, Plaintiff testified that Ms. Marsh does not smoke cigarettes in his apartment or car while he is around and that she goes outside to smoke.  (Wright, p. 176).   This testimony forecloses any assertion by Defendants that Ms. Marsh's history of smoking cigarettes

5

has any reflection on or relevance to Plaintiff's personal lifestyle choices or any other fact at issue in this case.

The cases of *Triche v. Overnight Transportation Co.,* 1996 WL 396041 (E.D.La. 1996), and *Carroll v. Litton Systems, Inc.,* 88-253, 1990 WL 312969 (W.D.N.C. 1990), cited by Defendants in their opposition memorandum are not applicable to the Plaintiff's Motion to prohibit references to matters in the personal history of Ms. Marsh. Defendants cite to these cases for the general proposition that a plaintiff's use of tobacco, a known cause of cancer, in spite of the substantial danger and health risks associated with that product, is evidence which may diminish or cast doubt on the plaintiff's claims of anxiety and fear of cancer. *See* (Def. Opp. Memo., at 6-7). Unlike those cases where the evidence related to the plaintiffs' personal use of tobacco, in the present case it is undisputed that Mr. Wright has never smoked cigarettes. The evidence concerning smoking that Plaintiff seeks to prohibit in its Motion *in Limine* concerns a third party's history of smoking cigarettes. The cases cited by Defendants do not discuss the relevance of such evidence as it related to third parties who are not involved in the litigation.

Put simply, Defendants' contention that the testimony at issue in Plaintiff's Motion in *Limine* "tends to make the fact that he has a genuine and serious fear of cancer less probable than it would without that evidence" is without legal merit and is insufficient to satisfy the requirements of Rules 401 or 403. There is simply no connection between the lifestyle choices made by Ms. Marsh before she and the Plaintiff ever began their relationship and the genuineness or seriousness of the emotional distress suffered by Plaintiff as a result of his fear of cancer. Again, Ms. Marsh has not brought any claims

6

associated with this action and is not seeking recovery in this litigation.  References to matters in the personal history of Ms. Marsh and the lifestyle choices she made prior to her relationship with Plaintiff have absolutely no bearing on any fact or issue of consequence in this action.  As such, the Court should prohibit any references at trial to matters in the personal history of Tyshone Marsh.

## II.   References to Matters in the Personal History of Tyshone Marsh Should Also Be Excluded Because They Fail the Rule 403 Balancing Test

Even assuming, *arguendo*, that Defendants could somehow show the relevancy of matters in the personal history of Ms. Marsh to a fact of consequence in this case, such testimony should still be excluded because it fails the balancing test set forth in Rule 403 of the Federal Rules of Evidence.  Pursuant to Rule 403, even relevant evidence can be excluded where its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury or by considerations of undue delay, or a waste of time.  FED R. EVID. 403.  Any probative value that could even arguably be attributed to the evidence at issue in Plaintiff's Motion is overwhelmingly outweighed by the unfair prejudice that would result from its introduction at trial.   If testimony related to Ms. Marsh's prior criminal conduct, drug use, rehabilitation, smoking habits, or the criminal record of her former boyfriend is admitted at trial it will not only be misleading and cause confusion as to the material issues in this case, but it is likely to cause the jury to decide the case on an improper emotional basis rather than on the evidence presented.  *See, United States v. Connelly*, 874 F.2d 412, 418 (7th Cir. 1989).

The memorandum submitted by Defendants in opposition to Plaintiff's Motion *in Limine* demonstrates that their intent to introduce evidence at trial referencing Ms.

Marsh's personal history is solely for the purpose of confusing and misleading the jury by impliedly casting dispersions on Plaintiff's character based on his association with Ms. Marsh.  As previously stated, the undisputed facts show that Mr. Wright does not smoke cigarettes and has never been arrested or convicted of any criminal activity. (Wright, pp. 161, 298).  Therefore, any testimony or evidence of such matters in the personal history of Ms. Marsh has no probative value in this action.

The Defendants assertion that Ms. Marsh's prior criminal conduct, prior drug use and tobacco use should be permitted as evidence that Plaintiff himself makes self-destructive and dangerous lifestyle choices is patently absurd.  Defendants even go so far as to allege that they should be able to argue to the jury that Plaintiff, through his decision to live with and marry Ms. Marsh, has voluntarily exposed himself to a serious risk of sexually transmitted diseases (such as Acquired Immune Deficiency Syndrome) and other fatal diseases, and therefore, Plaintiff cannot have a genuine and serious fear of cancer. (Def. Opp. Memo., at 6-9).  Such highly prejudicial assertions have no place is this litigation.  If Defendants are permitted to proffer this irrelevant evidence for the jury's consideration it will unfairly prejudice Plaintiff and will mislead and confuse the jury as to the material issues of consequence in this litigation.  References to the prior personal history and conduct of Ms. Marsh, the vast majority of which took place years before she and the Plaintiff even began their relationship, has no probative value and will be of no assistance to the jury in its assessment of the facts and issues of consequence in this litigation.  As such, Plaintiff's Motion in *Limine* should be granted.

## CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that this Court

8

grant Plaintiff's Motion *in Limine* to Prohibit References to Matters in the Personal History of Tyshone Marsh and prohibit Defendants from referring in any way at trial to unrelated and irrelevant matters in the personal background of Tyshone Marsh concerning her criminal history, drug use, rehabilitation, smoking, former boyfriends, or her receipt of food stamps.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:     s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:   504/522-2304
        Facsimile:    504/528-9973
        gmeunier@gainsben.com

        s/Justin I. Woods
        JUSTIN I. WOODS, #24713
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:   504/522-2304
        Facsimile:    504/528-9973
        jwoods@gainsben.com

        **COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
        ANTHONY BUZBEE, Texas # 24001820
        RAUL BENCOMO, #2932
        FRANK D'AMICO, #17519
        MATT MORELAND, #24567
        LINDA NELSON, #9938
        MIKAL WATTS, Texas # 20981820
        Dennis Reich, Texas #16739600

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing on February 24, 2010.


 s/Gerald E. Meunier
GERALD E. MEUNIER, #9471