UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * | MDL NO. 1873 SECTION: N(5) |
| This Document Relates to: *Lyndon T. Wright v. Forest River, Inc., et al*, Docket No. 09-2977 | | * * * | JUDGE ENGELHARDT: MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**FOREST RIVER, INC.'S REPLY
TO PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO EXCLUDE CERTAIN COMMENTS TO THE JURY**

Forest River, Inc. ("Forest River") now offers the following response to plaintiff's opposition to the motion *in limine* to exclude certain comments to the jury.

**A-C.   Uncontested Issues**

Plaintiff has agreed to the limitations raised by Forest River regarding (1) references to jurors as taxpayers (2) references to residents of FEMA emergency housing units as victims and (3) references to shortages or substitutions of construction materials.  Forest River requests that the Court enter an Order consistent with Forest River's positions on these topics.

**D.   No testimony, evidence, or argument that Forest River was "plagued" by formaldehyde problems**

Plaintiff contends that his expert, Dr. Smulski, should be able to offer testimony discussing the fact that formaldehyde issues "plagued" Forest River.  Although plaintiff acknowledges that Smulski's discussion centered on problems with <u>manufactured homes</u> that were built pursuant to

HUD regulations, he argues that Smulski should still be able to offer this description at trial However, the fact that other divisions within Forest River produce manufactured housing unit is irrelevant for purposes of this litigation, which is focused only on the travel trailer division. Moreover, Dr. Smulski fails to acknowledge that Forest River was not even in existence as a corporation during the 1970s and 1980s, the time frame when formaldehyde was allegedly "plaguing" the manufactured housing industry.[1]  In sum, Dr. Smulski's testimony is misleading, as it (1) confuses Forest River's manufactured housing business with its travel trailer division and (2) implies that Forest River was in existence during the 1970s and 1980s.  There is no evidence that Forest River was ever "plagued" by any formaldehyde problems, and plaintiff should not be allowed to offer this confusing and misleading testimony at trial.

E.    **Plaintiff should not be permitted to make any reference to Dr. Wedner practicing medicine without a medical license**

Although he essentially concedes that he cannot justifiably discuss this issue before the jury, plaintiff asserts that he needs to be allowed to ask whether Dr, Wedner obtained a temporary license in order to preserve the record at trial.  The purpose of a motion *in limine* is to exclude discussion of this matter from the jury, and Forest River requests that the Court do so.  If the plaintiff wishes to make a proffer on the issue, it can be addressed at the appropriate time.

F.    **Exclude reference that other Forest River trailers were not constructed using non-LFE materials**

Although he recognizes the stipulation in this case which states that the Wright unit was constructed with LFE products (Rec. Doc. 8334), plaintiff nevertheless argues that a discussion of LFE vs. "regular" wood is appropriate at trial.  This is entirely incorrect.  The fact that Wright is a

---

[1] Forest River was created in 1996.

bellwether plaintiff does not allow him to discuss the types of products used in **other** trailers. Indeed, the purpose of the bellwether trial is to focus on Wright's trailer alone. He cannot reference Forest River's use versus non-use of "reg" wood, as this discussion would be irrelevant and highly prejudicial.

Plaintiff also argues that, should Forest River discuss any "policy" of ordering only LFE products, then plaintiff should be able to discuss the LFE vs. "reg" wood issue. Forest River has never indicated that it plans to discuss this topic at trial, and plaintiff's concerns are entirely unfounded. This issue is more appropriately addressed at trial in the event it arises. However, Forest River requests that the Court make it clear that **no** references to LFE vs non-LFE products be made by plaintiff in discussing this or any other Forest River unit.

**G.    Plaintiff should not be permitted to reference that his unit was not compliant with certain building codes.**

Defendants have filed multiple motions regarding building codes, specifically in Shaw's motion *in limine* on building codes (Rec. Doc. 11414) and Forest River's motions *in limine* on Mallet, Lagrange, and Ritter (Rec. Docs. 11383, 11380, & 11393, respectively). Forest River incorporates the arguments made in those motions herein *in extenso*.

In his response, plaintiff has offered no legitimate argument that these codes applied. He references the fact that these codes applied to the manufactured housing units produced by other divisions of Forest River. This fact is completely irrelevant when examining the codes' application to travel trailers. Plaintiff also references deposition testimony from Forest River employees regarding the building code issue and states, "Forest River never even took residential or building codes into consideration." Rec. Doc. 11753, p. 7. As defendants have repeatedly argued, the codes

**did not apply**, so there was no need to discuss these issues with FEMA. Plaintiff also points to emails between Mallet and John Odom, the Chief Building Inspector for the City of New Orleans. Regardless of whether the City waived the code inspections (which it did), plaintiff have still failed to show that the codes **applied** to the travel trailers. Although Odom wrote that the City " did not waive code requirements," Odom did not ever state which codes, if any, applied to the travel trailers. Plaintiff's discussion of this issue is based only on the personal opinions of his experts, and the application of a building code is not a matter of personal opinion. Mallet, Lagrange and Ritter have not become experts in the application of building codes to travel trailers merely by reading these codes. This is clearly the type of *ipse dixit* testimony *Daubert* is designed to exclude.

In sum, each of plaintiff's assertions regarding building codes is false and not supported by any evidence produced in this case. Plaintiff has not reliably demonstrated that these standards were applicable to the EHU in which he resided. References to these standards would be irrelevant, misleading, and highly prejudicial to Forest River, and they should be excluded accordingly.

**H.     Plaintiff should not be permitted to reference formaldehyde's alleged link to leukemia.**

Plaintiff alleges that, because fear of cancer is one of his central claims, he should be allowed to discuss formaldehyde's alleged link to leukemia at trial. Of course, this argument ignores the fact that **none** of plaintiff's experts have offered any testimony on leukemia, and this Court has excluded Dr. Williams Supplemental Affidavit regarding leukemia. *See* Rec. Doc. 11464. In short, there is no basis for any testimony regarding leukemia, and plaintiff is attempting to sneak this issue in through the back door. Both counsel and witnesses should be precluded from discussing leukemia at trial.

**I.     Plaintiff should not be allowed to refer to the findings of the November 2008 report by the Lawrence Berkley National Laboratory.**

Plaintiff asserts this study, which does not examine any Forest River trailers, is somehow relevant.  As stated many times before, there is only **one** emergency housing unit at issue in this case – the trailer manufactured by Forest River and inhabited by Lyndon Wright.  Thus, any discussion of other trailers is completely irrelevant and misleading.  In fact, any testimony regarding this study would lessen the instructive value of this case for the MDL overall, as issues specific to each manufacturer would be improperly mixed, rendering the jury's decision less meaningful.  This study must be  excluded.

Respectfully submitted,

/s/ Jason D. Bone
ERNEST P. GIEGER, JR. (Bar Roll No. 6154)
JASON D. BONE (Bar Roll No. 28315)
CARSON W. STRICKLAND (Bar Roll No. 31336)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
*ATTORNEYS FOR FOREST RIVER, INC.*

**C E R T I F I C A T E**

    I hereby certify that on the 24th day of February, 2010, a copy of the foregoing Reply was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

                                  /s/ Jason D. Bone
                                  JASON D. BONE