UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * | MDL NO. 1873 SECTION: N(5) |
| This Document Relates to: *Lyndon T. Wright v. Forest River, Inc., et al*, Docket No. 09-2977 | | * * * | JUDGE ENGELHARDT: MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**FOREST RIVER, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE THE EXPERT TESTIMONY OF DR. EDWARD H. SHWERY**

Defendant Forest River, Inc. ("Forest River") submits the following reply memorandum in support of its motion *in limine* regarding Dr. Edward H. Shwery, plaintiff's expert psychologist.

**I.     Dr. Shwery's Testimony is Irrelevant**

As plaintiff points out, many of the arguments offered by Forest River in the instant motion are also contained in defendants' Motion for Summary Judgment regarding causation. *See* Rec. Doc. 10933.  However, Forest River has submitted these same arguments in the instant motion *in limine* to ensure that the relevancy of Dr. Shwery's testimony is adequately addressed.  Relevant evidence is that which has a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable.  *See* Federal Rule of Evidence 401. Damages for mental anguish are only recoverable when that mental anguish results from the fear of developing a condition "as a result of a *present injury*."  Because there is not sufficient evidence of

a present injury due to the lack of causation testimony, plaintiff cannot recover mental anguish damages, and Dr. Shwery's testimony is therefore irrelevant under FRE 401.

Plaintiff also claims that Dr. Shwery's testimony is relevant because it "links Mr. Wright's anxiety to his two year formaldehyde exposure in the trailer." Rec. Doc. 11754, p. 6. However, if one examines (1) Dr. Shwery's testimony and reports and (2) plaintiff's own words in the instant motion, the plain fact is that Wright's neuroma and bloody sputum **caused** his alleged mental health issues.

Specifically, plaintiff's response notes that, prior to Wright's neuroma and episodes of bloody sputum, Wright "was able to deal with the depression without psychotherapy, relying instead on his innate stoicism and psychological defense mechanisms." Rec. Doc. 11754, p. 2. However, the neuroma "brought to the forefront the psychological issues with which he had been previously been dealing." *Id.* Plaintiff concludes, "Dr. Shwery testified that when Mr. Wright was faced with the possibility that a growth on his tongue might be cancer, Mr. Wright began obsessing about how living in the trailer for nearly two years would affect his health." *Id.* at 5.

Plaintiff seems to be confusing the **causation** of Wright's alleged anxiety with the **content** of that anxiety. Both Dr. Shwery and plaintiff himself explain time and time again that the neuroma and bloody sputum **caused** Wright to experience depression and anxiety that he could no longer control. Dr Shwery testified:

> Q So the development of a neuroma was the item that was the straw that broke the camel's back?
> A Yeah, I guess it -- The bleeding and the fact that he wasn't getting completely well would be one factor, and then this biopsy, this neuroma comes up, and

    he couldn't understand, he couldn't explain
it away.  I don't know that it was one.  It
was probably two or three things that
culminated in his defenses aren't working as
well as they used to.
       Q   Let's make sure we got them all
established.
       A   Okay.
       Q   Development of the neuroma?
       A   Yes.
       Q   The biopsy of the neuroma?
       A   Right.
       Q   Bleeding?
       A   Correct.
       Q   That's the bleeding that he
reports bringing up some blood-colored mucus
at some point in time when he wakes up in
the morning?
       A   Correct.
       Q   Okay.  Anything else?
       A   No.  I think it's that he started
to look back and say, "Boy, there was a
level, a heightened level of problems that
never went away."  I think it's more kind of
a clarity of perception that has developed
with him.[1]

Forest River does not deny that Wright made comments about his time in the trailer to Dr. Shwery.  However, the testimony is clear: the current depression and anxiety were **caused** by the neuroma and bloody sputum.  Wright's discussions about the time in the trailer are now included among the **content** of Wright's discussions about depression and anxiety, but they are not the reason that this alleged anxiety and depression exist.  The portions of Dr. Shwery's deposition cited by plaintiff prove this point exactly, as Dr. Shwery stated that the neuroma "crystallized" Wright's anxiety and noted that:

---

[1] Depo of Dr. Shwery, p. 73-75, attached as Ex. F to Forest River's original motion.

> So now the **content** of his obsessions are looking back and reworking the experiences in the trailer and saying, you know, "What was I doing? I shouldn't have stayed there. I wish I would have known," that kind of thing.[2]

Plaintiff may be depressed and anxious about a number of issues: his osteoporosis, his recent diagnosis of asthma, and even his time in the trailer. However, the content of his anxiety and depression is not the same as the cause of those problems. The bottom line is that, according to plaintiff's own experts, the neuroma and bloody sputum caused his current mental health problems, and neither of these conditions has ever been causally related to formaldehyde/mold exposure.[3]

Plaintiff's expert otolaryngologist (ENT), Dr. Spector, explained:

> Q. Doctor, you stated in your report that you cannot find or cannot attribute this neuroma to the alleged formaldehyde exposure, correct?
> A. That's correct.
> * * * *
> Q. As we sit here today, you can't say more probably than not what caused that particular neuroma, correct?
> A. That's correct.
> * * * *
> Q: Understood. As we sit here today, you cannot say more probably than not that any of the physical complaints or issues for which you have treated Mr. Wright are related to formaldehyde, correct?
> A: That's a fair statement.

---

[2] *See* Ex. A, Deposition of Dr. Shwery, dated 11/9/09, p. 67-69 (emphasis added).

[3] For a detailed discussion of the reasons why the bloody sputum and neuroma are **not** causally related to Wright's alleged formaldehyde/mold exposure, please refer to the Motions *in limine* filed regarding Drs. Miller and Williams as well as defendants' Motions for Summary Judgment on Causation and Mental Anguish Damages, Rec. Docs. 10933 & 10934.

>    * * * *
>  Q. And then about four paragraphs down from that you state that: Based upon my medical knowledge, Mr. Wright's history, prior medical records and medical surgical examinations, I cannot find a source for his complaint of bloody mucous. Is that true today?
>    A. It is.
>  Q. In addition, I cannot identify any relationship between his exposure to formaldehyde and his complaint of bloody mucous or ear drainage. Is that true today?
>    A. It is true today.

*See* Deposition of Dr. Spector, dated 10/29/09, p. 105; 128-29; 131; 164, attached as Ex. A to Rec. Doc. 11814.

Dr. Miller, another of plaintiff's specific causation experts, confirmed that Spector could find no cause for the bloody mucous and noted in his report: "Dr. Spector reports that he is 'unable to find a source for [Wright's] complaint of bloody mucous'. . . . **With regard to the neuroma recently diagnosed, there is no evidence that this is associated with formaldehyde exposure**." *See* Dr. Miller report, p. 3 & 7, attached as Ex. B to Rec. Doc. 11814 (emphasis added).

Plaintiff has not proved that either the neuroma or bloody mucous were caused by his alleged formaldehyde/mold exposure, and he should not be allowed to ignore his burden of proof with respect to causation for his mental anguish claims. He does not have sufficient evidence to allow those claims to proceed; therefore, Dr. Shwery's testimony is therefore irrelevant and must be excluded.

## II.    Dr. Shwery's testimony is unreliable.

Forest River offered several grounds for excluding Dr. Shwery's testimony based on unreliable methodology and will address each of plaintiff's responses in turn. Plaintiff first argues

that Dr. Shwery is entitled to rely on a patient's oral history and that an expert's opinion should only be excluded where the oral history is lacking "in areas critical to the expert's conclusions." Rec. Doc. 11754, p. 6.

As stated previously, plaintiff told Dr. Shwery that he never had erectile dysfunction prior to living in the trailer, when in fact his treating physician testified that he had this condition prior to the hurricane. Additionally, Wright did not inform Dr. Shwery of his pre-existing history of mental illness (specifically, schizophrenia) in his family. These two issues are not "minor omissions" by Dr. Shwery, and they certainly are relevant and important to Wright's anxiety and depression. Indeed, in his expert report, Dr. Shwery claims that Wright's erectile dysfunction issues were related to his depression; once the erectile dysfunction issues had allegedly resolved after Wright left the trailer, "[Wright's] energy level has increased, he has become more sociable, he is less withdrawn, and is much more active." *See* expert report of Dr. Shwery, dated 7/29/09, p. 6, attached as Ex. A to Forest River's original motion. The fact that plaintiff's family member suffers from schizophrenia is also clearly relevant and should have been considered with respect to Wright's alleged depression and anxiety. Dr. Shwery failed to consider these topics and relied on an inaccurate history, and plaintiff should not be allowed to brush aside these errors by claiming they were only "minor." Dr. Shwery's methodology is improper, and his testimony should be excluded as a result.

Plaintiff then attempts to distinguish this case from the *Viterbo* and *Lasseigne* cases cited by Forest River. The major factor in both cases is that the experts did not adequately explore the plaintiff's pre-existing mental health history. In this case, Dr. Shwery's opinions are unreliable because he did not adequately address any family history of mental illness with plaintiff, nor did he consult the records of Dr. Field, plaintiff's previous physician who treated him for depression for a

number of years prior to Katrina. Shwery's analysis of plaintiff's medical history is incomplete in a critical area. Thus, these cases support Forest River's position that Dr. Shwery's opinions are unreliable and should not be considered by the jury.

Plaintiff also argues that Dr. Shwery's testimony must be reliable because Dr. Thompson arrived at the same diagnosis, *i.e.,* that Wright is depressed and anxious. This argument ignores the fact that the two experts completely disagree about the **cause** of that depression and anxiety. Dr. Thompson never relates any of Wright's current conditions to formaldehyde exposure, and, accordingly, Dr. Thompson's report does not lend any support to the opinions offered by Dr. Shwery.

Dr. Shwery's second report was also based upon a re-examination and testing which occurred shortly after plaintiff witnessed his testimony in the Gulf Stream bellwether. Not surprisingly, plaintiff's test results indicated greatly increased levels of anxiety and depression. Regardless of whether plaintiff was "coached" or not, plaintiff's visit to the Gulf Stream trial invalidated the opinions reached by Dr. Shwery in his second evaluation of Wright.

Finally, plaintiff implies that Wright no longer had depression by the time he arrived in the trailer, and his subsequent depression was therefore caused completely by his formaldehyde exposure. Rec. Doc. 11754, p. 8-9. To support the idea that Wright was free from depression, he notes that Wright was no longer using anti-depressant medication.

Of course, the fact that Wright was no longer taking medication does not mean that his depression had vanished prior to the time he lived in the trailer. Again, Wright took himself off of

the Effexor despite Dr. Field's recommendation to the contrary, and there has never been any testimony from Dr. Field stating that Wright was "cured" of his depression.[4]

Dr. Shwery failed to consider Dr. Field's testimony and instead improperly implied that the all of Wright's current psychological care needs are due to his time in the trailer. Such testimony is inaccurate, highly prejudicial and will undoubtedly confuse or mislead the jury.[5] As such, Shwery's testimony should be struck in its entirety. At a minimum, any testimony regarding the cost of future care costs should be struck, since Shwery has failed to distinguish Wright's pre-existing treatment needs form those related to the allegations in this case.

## **CONCLUSION**

Dr. Shwery's opinions are irrelevant and unreliable, and his testimony should therefore be excluded. In the alternative, his testimony should be limited in the manner described above.

---

[4] *See* Ex. G to Forest River's original motion, Depo of Dr. Field, p. 36-41.

[5] By failing to distinguish pre-existing from current mental conditions, Dr. Shwery has rendered his testimony irrelevant, as it does not assist plaintiff in meeting his burden of proof. *See Frey v. Alfred*, 492 So. 2d 48, 51 (La. App. 1 Cir. 1986) (noting that, with regard to a pre-existing psychological condition, plaintiff bears the burden of proving the extent of damage caused by defendant's negligence).

        Respectfully submitted,

        /s/ Jason D. Bone
        ERNEST P. GIEGER, JR. (Bar Roll No. 6154)
        JASON D. BONE (Bar Roll No. 28315)
        CARSON W. STRICKLAND (Bar Roll No.31336)
        GIEGER, LABORDE & LAPEROUSE, L.L.C.
        One Shell Square
        701 Poydras Street, Suite 4800
        New Orleans, Louisiana 70139-4800
        Telephone: (504) 561-0400
        Facsimile: (504) 561-1011
        *ATTORNEYS FOR FOREST RIVER, INC.*

## **C E R T I F I C A T E**

I hereby certify that on the 24t[h] day of February, 2010, a copy of the foregoing Reply was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

        /s/ Jason D. Bone
        JASON D. BONE