UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * | MDL NO. 1873  SECTION: N(5) |
| This Document Relates to: *Lyndon T. Wright v. Forest River, Inc., et al*, Docket No. 09-2977 | | * * * | JUDGE ENGELHARDT:  MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**FOREST RIVER INC.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO EXCLUDE THE EXPERT TESTIMONY OF PATRICIA WILLIAMS, PH.D., DABT**

Defendant, Forest River, Inc., (hereinafter "Forest River") submits the following reply memorandum in support of its motion to exclude the testimony of Patricia Williams, Ph.D., DABT.

**ARGUMENT**

**I.     Dr. Williams' Testimony is Irrelevant.**

Plaintiff has retained Dr. Williams to serve as his general causation expert in this case. Dr. Williams asserts that a cause-effect relationship exists between formaldehyde and (1) upper respiratory tract damage and cancer, (2) bronchoconstriction/asthma and (3) eczema.[1] However, as discussed more fully in Forest River's Motion for Summary Judgment regarding causation, none of plaintiff's medical experts offer any specific causation testimony on any of these issues. No expert

---

[1] *See generally* expert report of Dr. Williams, dated 10/2/09, p. 63-64, attached as Ex. B to Forest River's original motion.

in this case has ever diagnosed Wright with eczema or "upper respiratory tract damage."[2]  No expert has ever diagnosed Wright with cancer.  While Wright has been diagnosed as an asthmatic by Dr. Smith, no expert has ever opined that such condition was caused or exacerbated by his alleged exposure to formaldehyde and/or mold.

Moreover, without specific or general causation, mental anguish and fear of cancer claims fail as a matter of law.  Mental anguish claims, which include the fear of cancer, must be causally related to a defendant's actions.[3]  Damages for mental anguish are only recoverable when that mental anguish results from the fear of developing a condition "as a result of a *present injury*."[4]  Therefore, without a present injury, Dr. Williams' testimony regarding formaldehyde alleged link to cancer is completely irrelevant, as plaintiff will not be able to recover damages for his mental anguish/fear of cancer claim.

---

[2]  Plaintiff implies that Dr. Miller provides explicit testimony that a cause-effect relationship exists between formaldehyde and upper respiratory tract damage.  He never does so, only writing that, "within a reasonable degree of medical probability, the exposure to formaldehyde emissions during his approximately 28 months of residence in the FEMA trailer significantly exacerbated Mr. Lyndon Wright's rhinosinusitis."  *See* Miller report, dated 10/2/09, p. 7, attached as Ex. G to Forest River's original motion.  Meanwhile, although Dr. Williams explicitly discusses scientific literature on the "association" between **mold** and rhinosinusitis, the word "rhinosinusitis" never appears in any section of her expert report that deals with formaldehyde.  *See* Williams report, dated 10/2/09, p. 32, attached as Ex. B to Forest River's original motion.
   These issues are not merely semantics, and plaintiff has failed to provide complete causation testimony on **any** of his alleged medical conditions.

[3]  *Smith v. A.C. & S., Inc.*, 843 F.2d 854, 857-58 (5th Cir. 1988) (quoting *Hagerty v. L & L Marine Svcs., Inc.*, 788 F.2d 315, 318 (5th Cir. 1986)); *see also Maurer v. Heyer-Schulte Corp.*, No. 92-3485, 2002 WL 31819160, at *3 (E.D. La. Dec. 13, 2002) (causation is required for fear of cancer claims). "'[C]ancerphobia' is merely a specific type of compensable mental anguish or emotional distress." *Smith*, 843 F.2d at 858.

[4]  *Smith* , 843 F.2d at 858 (emphasis added).

2

Again, expert testimony is not exempt from the requirement of Federal Rule of Evidence 402 providing that "[e]vidence which is not relevant is not admissible."[5] Because plaintiff has failed to offer this supporting specific causation testimony, Dr. Williams' general causation testimony on these three topics is therefore rendered irrelevant and thus inadmissible at trial. Forest River requests that Dr. Williams be prohibited from testifying at trial as to any of the cause-effect relationships described in her report.

**II.      Dr. Williams should be precluded from offering opinions on asthma.**

In an effort to cobble together specific causation testimony on asthma, plaintiff has turned to Forest River's pulmonologist Dr. Kenneth Smith. Defendants fully recognize that Dr. Smith diagnosed Wright as an occult asthmatic. However, contrary to plaintiff's implications, defendants have nothing to hide with respect to Dr. Smith's opinions. Dr. Smith accepted the plaintiff's medical history as true – (1) that Wright had "rhinitis, conjunctivitis, and headaches *possibly* on the basis of an irritating substance in the travel trailer and (2) that his "cough that he experienced while living in the trailer was mild, historically, but may have been worse than it might have otherwise have been because of underlying asthma." *See* expert report of Dr. Smith, p. 3, attached as Ex. A. However, Dr. Smith went on to note that, "**There is no objective evidence that exposure to formaldehyde or mold in the FEMA-provided travel trailer has caused or will cause any permanent injury.**" *Id.*

He does **NOT** offer any specific causation testimony that Wright's asthma was either caused or exacerbated by Wright's time in the trailer. In fact, Dr. Smith has explicitly stated that Wright's asthma pre-dated his time in the trailer. *See* Deposition of Dr. Smith, attached as Ex. B, p. 114-15.

---

[5]   *Kiger v. Plaisance Dragline and Dredging Co., Inc.*, 2006 WL 3844995, *1 (E.D. La., 2006).

With regard to the question of exacerbation of his asthma, Dr. Smith uses words like "may" and "possibly" in his report when describing plaintiff's alleged exacerbation of asthma. Again, he uses these words to indicate that these are symptoms Wright was reporting to him **by history.** Dr. Smith accepted these descriptions as true, but he did not ever state that, in his expert opinion, these symptoms were caused by formaldehyde exposure. In sum, a careful reading of his report demonstrates that Dr. Smith has never opined that Wright's asthma was, more probably than not, caused or exacerbated by Wright's time in the trailer.

Plaintiff has taken Dr. Smith's report and implied that it provides the specific causation testimony that renders Dr. Williams' general causation testimony on asthma relevant. In his response to the instant motion *in limine,* plaintiff writes, "The logical inference from this evidence [from Dr. Smith] is that prior to Mr. Wright's formaldehyde exposure, his symptoms had not risen to a level sufficient for diagnosis. Dr. Williams' conclusion that formaldehyde can cause asthma thus directly bears on the question of whether formaldehyde caused the exacerbation of Mr. Wright's asthma." Rec. Doc. 11824-2, p. 7. Dr. Smith's diagnosis does not equate to an opinion on causation.

**It is clear that, at trial, plaintiff will attempt to confuse the jury by referencing Wright's asthma, with the implication being that, because Wright was never diagnosed with asthma before he lived in the trailer, he must have developed asthma as a result of his time in the trailer. This is contrary to the expert evidence in this case.** To avoid this confusion – confusion that will undercut the instructive value of this case as a bellwether trial – the asthma claim must be dismissed, and all references to asthma by Dr. Williams excluded at trial.

4

**III.    Dr. Williams should be precluded from offering opinions on "associations."**

Dr. Williams lists the following opinions in her report:

"A cause-effect relationship exists between formaldehyde and upper respiratory tract damage and cancer.
A cause-effect relationship exists between formaldehyde and bronchocontriction/asthma.
A cause-effect relationship exists between formaldehyde and eczema.
An association exists between formaldehyde and epistaxis.
An association exists between epistaxis and cancer of the sinuses, nasal cavity, and nasal vestibule and wall.
An association exists between mold exposure and nonallergic rhinitis."[6]

Dr. Williams testimony on "associations" is not sufficient to allow plaintiff to carry his burden of proof with respect to causation, those opinions are therefore irrelevant and should be excluded at trial.  Plaintiff claims that Dr. Williams should be allowed to testify on the association between epistaxis (nosebleed) and cancer of the sinuses, nasal cavity, nasal vestibule and wall, as this testimony is relevant to Wright's fear of cancer claim.

This testimony must be excluded at trial.  No expert has ever provided a specific causation opinion that Wright suffered from epistaxis, that formaldehyde exposure caused epistaxis, or that his alleged epistaxis has placed him at a greater risk for cancer.  **Plaintiff has confused epistaxis (nosebleed) with Wright's episodes of hemoptysis (spitting up blood) in his mucous upon waking in the morning**.  Dr. Spector addressed the latter but never the former.  *See* Affidavit of Dr. Spector, dated 9/21/09, p.1, attached as Ex. E to Forest River's original motion.  Moreover, Dr. Spector found that the hemoptysis was causally unrelated to formaldehyde. *Id.*  Plaintiff is stretching the facts in a desperate attempt to sneak Dr. Williams' opinions on epistaxis and cancer in at trial

---

[6] *See* Williams report, dated 10/2/09, p. 63-64, attached as Ex. B to Forest River's original motion.  Dr. Williams' "supplemental" report, provided January 27, 2010, has been struck by the Court.  Rec. Doc. 11464.

5

and thereby bolster his fear of cancer claim. The complete lack of any specific causation testimony regarding Wright's alleged epistaxis should preclude Dr. Williams from offering testimony on this topic at trial.

**IV.     Dr. Williams should be precluded from offering testimony regarding Wright's alleged exposure to mold in the trailer.**

Dr. Williams offers only one opinion related to Wright's alleged mold exposure:

An association exists between mold exposure and nonallergic rhinitis.

As explained in their Motion for Summary Judgment, defendants asked that the Court dismiss any and all claims related to Wright's alleged mold exposure due to the failure to provide specific or general causation testimony. Plaintiff apparently agrees with defendants' position, as he has utterly and completely failed to provide any response to this portion of defendants' Motion for Summary Judgment. Indeed, the word "mold" does not even appear in his response. *See* Rec. Doc. 11546.

Wright's mold claim is not viable, and, in any event, the "association" testimony from Dr. Williams does not rise to the level of cause-effect. In short, plaintiff cannot recover damages for his alleged mold exposure in the trailer. This testimony is entirely irrelevant, and Dr. Williams' opinions on Wright's alleged mold exposure while living in the trailer must be excluded.

**V.     Dr. Williams' Testimony on the "Mechanism of Injury" Must be limited.**

Plaintiff asserts that Dr. Williams should be allowed to provide a "detailed explanation of the biological mechanism by which formaldehyde causes injury." Rec. Doc. 11824-2., p. 7. Forest River objects to any portion of this discussion that touches on cancer, bronchiosinusitis[7], and asthma.

---

[7] Dr. Williams' report never states that a cause-effect relationship exists between formaldehyde and "bronchiosinusitis." Accordingly, she should not be able to discuss this alleged link at trial.

Plaintiff does not have cancer, nor has he proved a current disease or an increased risk of cancer which would allow him to recover mental anguish damages for fear of cancer. Further, as discussed above, Wright has absolutely failed to provide specific causation evidence that his asthma was caused or exacerbated by his alleged formaldehyde and/or mold exposure. Any attempt by plaintiff to discuss these issues via this "back door" discussion of the mechanism of injury must be excluded as a result.

## CONCLUSION

The entirety of Dr. Williams' testimony is irrelevant, as it either describes "associations" which admittedly do not support general causation or fails to have the corresponding specific causation testimony to render it meaningful evidence at trial. Accordingly, Forest River requests that the Court strike all of Dr. Williams' testimony, or, alternatively, limit it in the manner described above.

Respectfully submitted,

/s/ Jason D. Bone
ERNEST P. GIEGER, JR. (Bar Roll No. 6154)
JASON D. BONE (Bar Roll No. 28315)
CARSON W. STRICKLAND (Bar Roll No. 31336)
GIEGER, LABORDE & LAPEROUSE, LLC
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana  70139-4800
Telephone:  (504) 561-0400
Facsimile:  (504) 561-1011
ATTORNEYS FOR FOREST RIVER, INC.

## **C E R T I F I C A T E**

I hereby certify that on the 24th day of February, 2010, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail.

/s/ Jason D. Bone<br>
JASON D. BONE