UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE | * | |
| | PRODUCTS LIABILITY | * | |
| | LITIGATION | * | SECTION: N(5) |
| | | * | |
| This Document Relates to: *Lyndon T. Wright v.* | * | JUDGE ENGELHARDT: |
| *Forest River, Inc., et al*, Docket No. 09-2977 | * | |
| | | * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANTS' JOINT MEMORANDUM IN RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S RULING GRANTING DEFENDANTS' MOTION TO STRIKE THE ADDENDUM OF DR. LARRY MILLER**

**MAY IT PLEASE THE COURT:**

Defendants Forest River Inc., ("Forest River") and Shaw Environmental, Inc. ("Shaw") (collectively, "defendants") submit this memorandum in Opposition to plaintiff's Motion to Reconsider the Court's Ruling Granting Defendants' Motion to Strike the Addendum to the Expert Reports of Dr. Larry Miller.

**LAW AND ARGUMENT**

The Federal Rules of Civil Procedure do not expressly contemplate a motion for reconsideration. *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 at n.10 (5th

Cir.1998). If the motion for reconsideration is filed within ten days of the judgment or order, then the motion is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *Id*.

The instant Motion for Reconsideration was filed within this ten day time frame. Under Rule 59(e) of the Federal Rules of Civil Procedure, the Court enjoys "considerable discretion" in granting or denying a motion for reconsideration. *See Shepard v. Int'l Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004). A motion for reconsideration "calls into question the correctness of a judgment." *Templet v. Hydro Chem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted). There are three grounds upon which a Court may grant a Rule 59 motion for reconsideration or to alter or amend the judgment: (1) an intervening change in the controlling law has occurred, (2) evidence not previously made available to the adjudicator becomes available, or (3) it is necessary to correct clear error or to prevent manifest injustice. *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). However, reconsideration is an extraordinary remedy which should be used sparingly and "is not the proper vehicle for rehashing evidence, legal theories or arguments that could have been raised prior to the entry of judgment." *Templet*, 367 F.3d at 478.

Plaintiff has not specified which of the three grounds he relies upon in this Motion for Reconsideration. However, since there has been (1) no change in the law and (2) no new evidence produced, defendants can only assume that the third basis is the applicable justification. Defendants first note that plaintiff has wholly failed to demonstrate, nor has he alleged, that the Court committed "clear error" in its prior ruling. Plaintiff has also failed to demonstrate that the Court's denial of Dr. Miller's untimely report will result in "manifest injustice." He has thus failed to articulate an appropriate basis for relief in the instant Motion for Reconsideration, and the Motion should be

denied on those grounds alone. Nevertheless, as discussed in their original Motion to Strike the addendum of Dr. Miller (Rec. Doc. 10321), the Court's decision to exclude this addendum was not erroneous but instead appropriate and well supported by both the facts and applicable law. *See* Court's prior Order, Rec. Doc. 11461.[1]

Although plaintiff omitted a description of the contents of the Addendum, a brief recap is instructive. On January 12, 2009, three months after the final expert report deadline and two months after his deposition, Dr. Miller submitted an "Addendum" to his report. This Addendum does not comment on any of the respiratory or sinus conditions that were the focus of his prior expert reports. Instead, Miller shifted his attention to Wright's fear of cancer claim and concluded that, "Based on Mr. Wright's known exposure to formaldehyde, discussed in my report, and the evidence summarized by Dr. Williams, it is my opinion within a reasonable medical certainty that Mr. Wright's concerns about the development of cancer after his exposure to formaldehyde are rationally-based." *See* Addendum, attached as Ex. "B" to defendants' original motion to strike, Rec. Doc. 10321.

Plaintiff's arguments in the instant motion can be best summarized in the following sentence:

"The Court needs to know that the addendum to Dr. Miller's report does not contain **new opinions**, but provides observations and patient history that Dr. Miller wrote **during** his original consultation with the Plaintiff."

Rec. Doc. 11695-1, p.1 (emphasis in original).

Plaintiff essentially argues that, since Dr. Miller asked Wright about his alleged fear of cancer during his examination in the summer of 2009 and referenced this in his notes, Dr. Miller should

---

[1] Defendants expressly incorporate those arguments contained in their Motion to Strike (Rec. Doc. 10321) and reply memorandum (Rec. Doc. 11282) *in extenso.*

automatically be allowed to amend his report after the expert report deadline and after his deposition.[2]

There are several fundamental problems with plaintiff's argument. First, contrary to plaintiff's assertion, the Addendum contains entirely new opinions and is not a mere "supplement." A party cannot skirt expert disclosure requirements of Rule 26 by characterizing new opinions as "supplemental." *See, Simmons v. Johnson*, 2008 WL 474203 *2 (M.D. La. 2008). Dr. Miller **never** discussed formaldehyde's link to cancer, or any of Wright's concerns about cancer, in either of his prior reports. In fact, the word "cancer" does not appear anywhere in the text of his original reports. Similarly, there is no discussion of Wright's mental condition or his fear of future diseases.[3]

Plaintiff is equating the contents of Dr. Miller's notes with that of his reports. The two are not the same, and the question of what Dr. Miller wrote in his notes is irrelevant. Miller could have had twenty pages of notes on Wright's fear of cancer, but **he did not make any reference to that issue in his expert report.** Accordingly, he cannot raise these new issues in an Addendum weeks before trial. While the fear of cancer issue may not be "new" to Dr. Miller, it is certainly new to his expert reports. Regardless of the other source materials like the depositions of Drs. Shwery and Thompson, Dr. Miller has no justification for his delay in discussing the fear of cancer issue, an issue that, according to opposing counsel, Dr. Miller has allegedly known about since the summer of 2009.

Plaintiff then writes:

---

[2] Although the content of Dr. Miller's notes are irrelevant for the reasons discussed below, defendants would note that they cannot find the word "cancer" in any of the notes submitted by Dr. Miller in late January 2010. *See* Ex. A, notes of Dr. Miller, bates range LWFR-EXP 8-000108-113.

[3] Dr. Miller has already been deposed in this case; because cancer was not even mentioned in his reports, the issue was not addressed.

> "Defendants argue that Dr. Miller purposefully withheld reliance material in an attempt to prejudice the defendants by offering at a later date."

Rec. Doc. 11695-1, p. 2.

Defendants have never argued that Dr. Miller's actions were purposefully deceptive. Frankly, his intentions are irrelevant. The simple fact is that Dr. Miller did not discuss cancer in his prior reports, and he is attempting to do so now via the Addendum.

This is true despite the fact that Dr. Miller had access to all the pertinent information described in the Addendum prior to issuing his original report. He expressly stated that, in formulating the opinions in the Addendum, he relied upon 1) statements made by the Plaintiff at his evaluation with Dr. Miller and 2) the expert report of Dr. Patricia Williams, plaintiff's general causation expert in this case. *See* Addendum, attached as Ex. "B" to defendants' original motion to strike. <u>This information was available prior to the October 2, 2009 deadline for production of expert reports</u>. Dr. Miller testified that his two evaluations of the Plaintiff occurred in June and July of 2009, well before he provided his expert reports.[4] Additionally, Dr. Williams has been providing testimony in this litigation since the class certification stage in 2008, and her opinions on formaldehyde's link to cancer were clearly available to Dr. Miller in advance of the expert report deadline.

In his Addendum, Dr. Miller also discusses his review of the deposition of Dr. Shwery, a psychologist retained by plaintiff, and Dr. Thompson, Forest River's psychiatric expert. Neither of these is a source of "new" material which would justify a belated expert report submission. Dr. Miller had unfettered access to Dr. Shwery's opinions prior to submittal of his expert report, as both

---

[4] See, Deposition of Dr. Lawrence Miller. p. 25, ll. 18-24, attached as Ex. "C" to defendants' original motion, Rec. Doc. 10321.

of these experts were retained by plaintiff. Further, Dr. Miller only refers to Dr. Shwery's and Dr. Thompson's testimony to confirm that Wright "again" expressed concerns about his long term health. *See* Addendum, attached as Ex. "B" to defendants' original motion to strike. In other words, the depositions of Drs. Shwery and Thompson merely reaffirmed a complaint which Mr. Wright had already expressed to Dr. Miller during his prior examinations in the summer of 2009. No new information was gleaned from either of these experts. Accordingly, the Court was correct in striking the Addendum.

Plaintiff refers to the deposition of Dr. Miller and implies that, because it was held open by defendants, Dr. Miller should be allowed to expand his opinions. Defendants admit that they agreed to keep the deposition of Dr. Miller open because, for whatever reason, Dr. Miller failed to bring his entire reliance file to his deposition. As with every other expert deposition, Forest River requested that Dr. Miller produce a number of documents that he reviewed in connection with this case. The parties had a standing agreement that these materials would be provided one week in advance of the deposition.

When counsel for defendants arrived at the deposition, they were informed that Dr. Miller had failed to produce a number of notes and other materials from his file. *See* Deposition of Dr. Miller, dated 11/10/09, p. 22-24, attached as Ex. B. These materials – including notes from his meeting with Wright– were back in his office in Boston, and Dr. Miller agreed to produce them following his deposition. In order to reserve their right to question Dr. Miller about these documents should the need arise, counsel for Forest River held the deposition open:

> Q   Again, because we don't have the
> notes relating to the meeting, we will call
> upon the production of those notes, and

> obviously keep the deposition open pending
> receipt of these documents.

*Id*. at 27.

Plaintiff disingenuously contends that, because defendants were already planning to depose Dr. Miller a second time, plaintiff now has a right to supplement Dr. Miller's expert report with entirely new opinions. Plaintiff should not be allowed to withhold certain reliance file materials and then, when defendants are necessarily forced to keep the deposition open, use that opportunity to supply new causation testimony allegedly discussed in those notes. This is entirely inappropriate, and, if allowed, would severely prejudice the defendants in this case. These are new opinions which require new defenses, and defendants should not be forced to scramble to respond to the Addendum so close to trial.

Finally, defendants point out that Dr. Miller's opinions on the "reasonableness" of Wright's fear of cancer are inappropriate and invade the province of the jury. Plaintiff claims that Dr. Miller's opinions on this topic are important because "Dr. Miller admits he did not advise the Plaintiff on whether or not his fear of cancer is a real threat, but rather if it is a *valid fear*." Rec. Doc. 11695-1, p. 3 (emphasis in original). This distinction of "real threats" versus "valid fears" is purely a matter of semantics, and the jury has more than enough ability to make this determination without the need for Dr. Miller's testimony.

## CONCLUSION

For the foregoing reasons, defendants Forest River, Inc. and Shaw Environmental, Inc. respectfully request the Court to deny plaintiff's Motion for Reconsideration. Plaintiff has not provided any legally sufficient rationale for the Court to allow the Addendum of Dr. Miller into this

case. The Addendum contains new opinions that are based on information Miller possessed prior to issuing his original reports. Accordingly, the Motion for Reconsideration must be denied.

        Respectfully submitted,

/s/ Jason D. Bone
ERNEST P. GIEGER, JR. (Bar Roll No. 6154)
JASON D. BONE (Bar Roll No. 28315)
CARSON W. STRICKLAND (Bar Roll No. 31336)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
*ATTORNEYS FOR FOREST RIVER, INC.*

/s/ M. David Kurtz
M. DAVID KURTZ (Bar Roll No. 23821)
KAREN KALER WHITFIELD (Bar Roll No. 19350)
CATHERINE N. THIGPEN (Bar Roll No. 30001)
BAKER DONELSON BEARMAN, CALDWELL
& BERKOWITZ, PC
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000
*ATTORNEYS FOR SHAW ENVIRONMENTAL, INC.*

## **C E R T I F I C A T E**

I hereby certify that on the 24th day of February, 2010, a copy of the foregoing Memorandum in Support was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

/s/ Jason D. Bone
JASON D. BONE