UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N(5)<br><br>JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO:<br>*Lyndon Wright, et al. v. Forest River, Inc., et al.*,<br>09-2977 (E.D. La.) | MAGISTRATE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### SHAW ENVIRONMENTAL, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE REFERENCES TO BUILDING CODES

**MAY IT PLEASE THE COURT:**

Shaw Environmental, Inc. ("Shaw") submits this brief memorandum in support of its motion *in limine* to exclude references to building codes (R. Doc. 11414) and in response to Plaintiff's Memorandum in Opposition to Shaw's motion (R. Doc. 11744) (the "Opposition"). Shaw's motion demonstrates that references to building codes are irrelevant to this litigation because no evidence exists that building codes are in fact applicable to travel trailers on blocks, and more importantly, no evidence exists that any alleged violation of building codes was a contributing cause of the injuries alleged by Plaintiff.

The Opposition consists almost entirely of an argument that presumably is meant to support the notion that travel trailers become subject to building codes when used as emergency

housing, notwithstanding the fact that tens of thousands of them were installed in New Orleans following Hurricane Katrina, without complaint by city code officials.  Shaw respectfully submits that this argument is addressed in Shaw's original brief, and accordingly Shaw will not repeat it here.  Rather, Shaw wishes to reply in order to point out that Plaintiff still has failed to connect the building codes with formaldehyde.  The codes are therefore irrelevant to this case (even if they do apply), and Shaw's motion should be granted.

Instead of pointing to any evidence to connect code violations to formaldehyde exposure, Plaintiff simply asserts that "evidence regarding whether the installation and use of the temporary housing unit was in violation of the applicable building codes has a direct bearing on whether Shaw was negligent in carrying out its duties with respect to the THU." (Opposition, p. 10).  Plaintiff's argument is inapposite.  In any negligence case, the plaintiff has the burden of connecting the alleged breach of a duty to the claimed damage.  With regard to building codes, there is no such connection, and there is therefore no relevance to the codes.

Plaintiff argues that the reports submitted by Plaintiff's experts in this case "show that violations of building code requirements regarding items such as HVAC, insulation, water leakage, and loading levels can have a direct effect on off-gassing levels and can cause or contribute to the existence of mold and emission of formaldehyde gases in the temporary housing units." (Opposition, pp. 10-11).  This is pure argument, as none of the cited reports actually say anything of the sort.

Plaintiff cites to pages 7-8 of the Ritter report as if it supported his argument. (Opposition, p. 11, n.8.)  It is hard to say how this part of Ritter's report could be claimed to support the notion that code violations led to increased formaldehyde or mold, since it does not

2

contain the words "formaldehyde," or "mold." In fact, this is what Ritter really has to say about building codes: "This discuss [sic] on applicability of building codes can be found in other expert reports. The writer of this report is in agreement with the conclusions of the experts applying the building codes to these units."[1] In other words, Ritter is just parroting other experts, a practice that is not permitted in federal court.[2] Even if it were, however, Ritter does not link code violations to formaldehyde,[3] and so his report cannot support Plaintiff's argument.

Plaintiff also cites to pages 127-30 of the Mallet Report. (Opposition, p. 11, n.8.) These pages reflect a series of questions that Mallet asks of himself, along with his answers. Although Mallet opines that codes apply to the Trailer and that the Trailer did not comply with codes, and although he further opines that the Trailer's construction led to mold and "off-gassing" (he does not refer specifically to formaldehyde), he never connects the code violation to the mold or the off-gassing.[4]

Finally, Plaintiff cites to the entirety of the LaGrange Report, presumably in the hopes that the Court might delve through it and find some connection between code violations and formaldehyde. (Opposition, p.11, n.8.) To do so, however, would be a waste of scarce judicial resources; no such connection is present. Indeed, LaGrange made no studies of formaldehyde; his report barely mentions formaldehyde; and at his deposition, LaGrange admitted that he could

---

[1] Expert Report of Ervin Ritter, p. 22, attached hereto as Exhibit "A."

[2] *Miley v. Delta Marine Drilling Co.*, 473 F.2d 856, 858 (5th Cir. 1973).

[3] Indeed, he hardly could do so, given his deposition testimony. "Q: And you're not going to offer any opinion, are you, regarding the effect of the operation of the A/C system on formaldehyde concentration in this particular unit, are you? A: No." See Deposition of Ervin Ritter, p. 88, attached hereto as Exhibit "B."

[4] A connection between code violations and mold or off-gassing is not to be found anywhere in Mallet's report.

3

not even say how much formaldehyde was in the trailer.[5] The fact is that none of Plaintiff's experts issued an opinion that a building code violation caused or contributed to increased levels of formaldehyde and/or mold in the Trailer.

Ultimately, references to building codes fail the most basic test of the Federal Rules of Evidence – Rule 401's definition of "Relevant Evidence."[6] There is no evidence that it is more probable than not that a building code violation caused or exacerbated Plaintiff's exposure to formaldehyde or mold. Plaintiff's own expert, Charles David Moore, testified that just because a travel trailer is not code compliant does not mean that an occupant will be harmed at all.[7] Therefore, any reference to building code violations is irrelevant to any fact actually at issue in this case.

Moreover, even if building codes were somehow relevant, the potential for unfair prejudice and confusion is too great, and evidence regarding them should be excluded. Plaintiff wants to make it seem as if the defendants did something "wrong" by violating the building codes, without any causal connection to the claims at issue. This is prejudicial to the defendants and should not be permitted.

Based on the reasoning and jurisprudence cited in Shaw's Motion *In Limine* to Exclude References to Building Codes, and for the reasons stated herein, Shaw Environmental, Inc.

---

[5] Deposition of Paul LaGrange, p. 133, attached hereto as Exhibit "C."

[6] Rule 401 defines relevant evidence as being "evidence having the tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

[7] Deposition of Charles David Moore, pp. 99-100, attached hereto as Exhibit "D."

4

respectfully urges the Court to enter an order excluding all evidence and argument regarding building codes from the trial of this matter.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

  /s/ M. David Kurtz
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000

**ATTORNEYS FOR DEFENDANT,
SHAW ENVIRONMENTAL, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2010, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel.

  /s/ M. David Kurtz