UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Charlie Age, et al v. Gulf Stream Coach* | * | |
| *Inc., et al*, Docket No. 09-2892; | * | |
| Alana Alexander, individually and on behalf of | * | |
| Christopher Cooper | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S REPLY BRIEF IN SUPPORT
OF OPPOSED MOTION TO RETAX COSTS**

Plaintiff Alana Alexander, individually and on behalf of her son, Christopher Cooper ("Ms. Alexander" or "Plaintiff"), submits this Reply Brief in support of her Motion to Retax Costs pursuant to Federal Rule of Civil Procedure 54(d)(1), to address a few of the issues raised in Gulf Stream and Fluor's Responses.

**I.      THE PROCEDURE FOR COSTS AWARDS AND MOTIONS TO RETAX THEM.**

There are two components to Plaintiff's Motion: 1) a request to retax costs because several costs are inappropriate under the law (substantive issues); and 2) a request to retax costs for equitable reasons (equitable issues).

As for the substantive issues, Plaintiff provided those objections to the Clerk. After those objections were lodged, Gulf Stream and Fluor submitted greatly reduced costs bills. Gulf Stream's bill dropped from $181,488.76 to $75,531.34---a reduction of over $100,000.00[1];

---
[1] Gulf Stream's statement that Plaintiff's objections "were largely unpersuasive then, and they remain unpersuasive now" is bold considering that Plaintiff's objections led Gulf Stream to reduce its cost bill by more than 50%, for a total reduction of more than $100,000.00.  Plaintiff can only hope that her objections are just as "unpersuasive."

Fluor's bill dropped from $132,535.20 to $116,543.07.  In her Motion to Retax Costs, Plaintiff asserts many of those substantive objections (those which the Clerk effectively overruled), along with objections based on Gulf Stream and Fluor's revised submissions.

As for equitable issues, in her substantive objections to the Clerk, Plaintiff specifically advised the Clerk that equitable issues were not (under the law) proper for the Clerk to review, but Plaintiff specifically reserved those arguments for the Court, and in fact advised exactly what those arguments would be.

This is exactly how this process is supposed to go.  The Clerk's role in taxing costs awards, while quasi-judicial, is essentially ministerial and the Clerk has no jurisdiction to consider certain equities when taxing costs.  *In re Paoli R.R. PCB Litig.*, 221 F.3d 449, 461 (3rd Cir. 2000). Further:

> Under the well-established Rule 54(d)(1) case law, the district court is charged with making a *de novo* review of the clerk's determination of the costs issue. *See* 10 Moore's, supra, § 54.100[3], at 54-145 (citing *Farmer v. Arabian Am Oil Co.*, 379 U.S. 227, 233, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964)). In *Farmer*, 379 U.S. at 233, 85 S.Ct. 411, the Supreme Court acknowledged that conducting a *de novo* review in a costs award case properly involved reviewing new evidence and circumstances that militated in favor of reducing the earlier imposed costs award.

*Id.*

Rule 54(d)(1)--the very rule that allows for costs in the first place--specifically allows a party to move to retax costs after the Clerk signs the cost bill.   FED. R. CIV. P. 54(d)(1) ("On motion served within the next 7 days, the court may review the clerk's action.")

Thus, Fluor's position that Plaintiff's Motion to Retax Costs should have been lodged before costs were awarded and that "[n]ot even the District Court may alter this aspect of the judgment at this point" flies in the face of Rule 54 and Supreme Court and other precedent.

Indeed, Fluor offers no legal support for its position, and there is none. To be clear (again), Plaintiff's Motion is not one to correct or alter/amend the judgment; it is one to retax costs under Rule 54(d)(1).

## II.  SUBSTANTIVE ISSUES

Gulf Stream and Fluor generally provide little legal support in response to Plaintiff's substantive issues. With respect to many cost categories, Gulf Stream and Fluor are effectively asking the Court to legislate from the bench and create new categories of allowable costs, in violation of clear U.S. Supreme Court precedent.[2]

The Supreme Court has made it clear that 28 U.S.C. § 1920 "embodies Congress' considered choice as to the kinds of expenses that a federal court may tax as costs against the losing party." *Crawford*, 482 U.S. at 440. Costs not listed in Section 1920 may not be taxed to the losing party unless they are specifically authorized by some other statute or by contract. *Id.; Mota v. University of Texas Houston Health Science Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001); *Coats v. Penrod Drilling Corp.*, 5 F.3d. 877, 891 (5th Cir.1993)("A district court may decline to award the costs listed in the statute but may not award costs omitted from the list.")  In sum, if the Court is inclined to let any costs stand, it should only allow those costs specifically authorized under Section 1920.

Gulf Stream and Fluor also ask the Court to shift the burden to the Plaintiff. This is also inappropriate under clear case law. "Those who are entitled to recover costs and expenses bear

---

[2] Fluor points out Plaintiff's mis-cite the amended Section 1920. Plaintiff regrets and apologizes for the error. The amendment was obviously made to reflect that many court reporters record depositions no longer use "stenographic transcripts" and use electronically-created transcripts these days. It does not change the analysis of what is, and what is not, a proper cost. Incidentally, Fluor made the same mistake in its Motion for Costs (Docket Entry No. 6427-1, p. 2).

the burden of furnishing a reasonable accounting." *Cooper Liquor, Inc. v. Adolph Coors Company*, 684 F.2d 1087, 1099 (5th Cir).  In order to obtain costs under Rule 54(d), the prevailing party has the burden of establishing that the expenses he seeks to have taxed as costs are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920.  *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich. 1995); *see Collins v. Gorman*, 96 F.3d 1057, 1058 (7th Cir. 1996).

### III.   EQUITABLE ISSUES

As Plaintiff made that clear in the Prayer to her Motion, her alternative request that the Court assess any costs against all members of the MDL only applies to <u>claimants</u> in the MDL.

Also, it is noteworthy that Gulf Stream casts this case, in one breath, as being just like a car wreck case, and therefore worthy of no special consideration, while in another breath discusses how complex and significant it was.  Fluor acknowledges the complexity of the case and that it was the first bellwether trial. The truth is that this was a complex and unique trial, which (among other reasons) supports a reduction or elimination of costs, as set forth in Plaintiff's Motion and the supporting case law.

### PRAYER

WHEREFORE, Plaintiff Alana Alexander respectfully requests that the Court strike the award of costs because of Defendants' bad faith, Plaintiff's indigency and the extraordinary and complex nature of this case or, in the alternative, that the Court require Defendants to resubmit to the Court a new proper bill that has only allowed costs under the law, with a declaration from someone that says they reviewed each of the items in the bill and that they were actually used for trial of this particular case and are reasonable, and that any costs be alternatively assessed against

each claimant in this MDL, on a *pro rata* basis.

        Respectfully submitted:

        **FEMA TRAILER FORMALDEHYDE**
        **PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:    504/522-2304
        Facsimile:    504/528-9973
        gmeunier@gainsben.com

        s/Justin I. Woods
        JUSTIN I. WOODS, #24713
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:    504/522-2304
        Facsimile:    504/528-9973
        jwoods@gainsben.com

        **COURT-APPOINTED PLAINTIFFS'**
        **STEERING COMMITTEE**
        ANTHONY BUZBEE, Texas # 24001820
        RAUL BENCOMO, #2932
        FRANK D'AMICO, #17519
        MATT MORELAND, #24567
        LINDA NELSON, #9938
        MIKAL WATTS, Texas # 20981820
        ROBERT BECNEL
        DENNIS REICH, Texas # 16739600

**CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.