UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N-5<br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

THIS DOCUMENT IS RELATED TO:

*Earline Castanel v. Recreation By Design, LLC, et al.*, No. 09-3251

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## UNITED STATES OF AMERICA'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR AN AWARD OF COSTS

Defendant United States of America ("United States") hereby moves pursuant to Fed. R. Civ. P. 54, and applicable law, for an award of costs incurred by the Government in defending this action. The Court should grant this Motion because the United States was the prevailing party and given the underlying facts, and this Court's Orders in this Multi-District Litigation, Plaintiff's Counsel knew or should have known when the action was commenced that the Court lacked subject matter jurisdiction under the Federal Tort Claims Act ("FTCA") over her claims.

### BACKGROUND

On April 8, 2009, plaintiff Earline Castanel filed suit against the United States (Rec. Doc. 1, Case No. 09-3251). On November 5, 2009, the Court selected Ms. Castanel as a Bellwether Plaintiff to replace Carrie Smith, for the trial set for May 17, 2010 (Rec. Doc. 6433). In December of 2009, the Court entered Scheduling Orders wherein it set a close of discovery of April 2, 2010, and noted "Plaintiff's counsel's representation that their Plaintiff's claims against the government may be time-barred" (December 8, 2009 Scheduling Order (Rec. Doc. 8866); December 28, 2009 Scheduling Order (Rec. Doc. 9602)). On December 2, 2009, the United

States deposed Ms. Castanel and on December 7, 2009, the United States filed a motion to dismiss her FTCA claims for lack of subject matter jurisdiction because she failed to file a timely administrative claim (Rec. Doc. 8629). Plaintiff opposed the United States' Motion (Rec. Doc. 9402). On January 22, 2010, the Court granted the United States' Motion and dismissed Plaintiffs' FTCA claims for lack of subject matter jurisdiction (Rec. Doc. 10626).

## STANDARD OF REVIEW

The presumptive rule is that a prevailing party may recover its costs incurred in litigating a case. *See* Fed. R. Civ. P. 54(d)(1) ("[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."). Further, a defendant in a case dismissed with prejudice is considered a "prevailing party" under Rule 54. *See Schwarz v. Folloder*, 767 F.2d 125, 130-131 (5th Cir. 1985) ("a dismissal with prejudice gives the defendant the full relief to which he is legally entitled and is tantamount to a judgment on the merits."); *Pacheco v. Mineta, et al.*, 448 F.3d 783, 795 n.19 (5th Cir. 2006) ("A dismissal with prejudice is tantamount to a judgment on the merits and thus the prevailing party is entitled to costs."), *citing Schwarz*, 767 F.2d at 130-131. This is because the "decision to award costs turns on whether a party, as a practical matter, has prevailed." *Id.*, *citing Anthony v. Marion County General Hosp.*, 617 F.2d 1164, 1169-70 (5th Cir.1980) ("Although there has not been an adjudication on the merits in the sense of a weighing of facts, there remains the fact that a dismissal with prejudice is deemed an adjudication on the merits for the purposes of *res judicata*. As such, the [defendant] has clearly prevailed in this litigation."). *See also Porter v. Kessner*, No. 00-31396, 268 F.3d 1064 (5th Cir. 2001), 2001 WL 878061 (affirming cost award under Rule 54 after dismissal for lack of subject matter jurisdiction); 28 U.S.C.

§ 1919 (the Court "may order the payment of just costs" when "any action or suit is dismissed . . . for want of jurisdiction.").

## ARGUMENT

The categories of costs that may be awarded to a prevailing party under Rule 54 are listed in 28 U.S.C. § 1920, which provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. *See, e.g.*, *Tyler v. Union Oil Co.*, 304 F.3d 379, 405 n.16 (5th Cir. 2001); *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993). Accordingly, the United States, pursuant to 28 U.S.C. § 1920(2), seeks the following fees for "printed or electronically recorded transcripts necessarily obtained for use" in this case:

| Name of Deponent | Date of Deposition | Total Costs Incurred |
|---|---|---|
| Castanel, Earline | 12/2/2009 | $520.46 |
| Bowers, Alan | 1/13/2010 | $357.05 |
| Paddock, Carter | 1/18/2010 | $314.05 |
| Gautreaux, Joseph | 1/20/2010 | $272.20 |
| **TOTAL COSTS** | | **$1,463.76** |

These costs are further detailed at U.S. Exhibit 1, attached hereto.

The equities in this case weigh in favor of awarding the United States the costs that it seeks. Plaintiff's Counsel knew, or through the exercise of due diligence should have known, that the Court lacked jurisdiction over Earline Castanel's FTCA claim when they filed suit, in that Plaintiff's administrative claim was presented well after expiration of the FTCA two-year statute of limitations, 28 U.S.C. § 2401(b). *See* Order and Reasons at 6-7 (Rec. Doc. 10626); *see also* Memorandum in Support of Defendant United States of America's Motion to Dismiss Plaintiff Earline Castanel's FTCA Claims for Lack of Subject Matter Jurisdiction at 9-14 (Rec. Doc. 8629-1).

This ruling followed established case law and prior rulings of this Court on these issues in other cases. In fact, the FTCA claims of all of the bellwether plaintiffs whose cases have been adjudicated thus far in this Multi-District Litigation have similarly failed for lack of jurisdiction. *See* Doc. Rec. 2789 (Order and Reasons dismissing FTCA claims of Chris Cooper); Doc. Rec. 10493 (Order and Reasons dismissing FTCA claims of Lyndon Wright); Rec. Doc. 6035 (U.S. Opposition to Elisha Dubuclet's Motion to Amend to add the United States as a defendant, stating that the Court had previously ruled that it lacked subject matter jurisdiction over Elisha Dubuclet's claims against the United States and that her Counsel therefore had elected to forego such claims); Rec. Doc. 7251 (Order denying as moot Dubuclet Motion to Amend). The United States should not be required to continue to bear the costs of defending such claims.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court award it costs in the amount of $**1,463.76**.

4

Dated:   February 26, 2010.                    Respectfully Submitted,


TONY WEST                                      ADAM BAIN
Assistant Attorney General, Civil Division     HENRY T. MILLER
                                               Senior Trial Counsel


J. PATRICK GLYNN                               ADAM DINNELL
Director, Torts Branch, Civil Division         MICHELE GREIF
                                               JONATHAN WALDRON
DAVID S. FISHBACK                              Trial Attorneys
Assistant Director


OF COUNSEL:                                    //S// *Michelle Boyle*
                                               MICHELLE BOYLE (Va. Bar No. 73710)
JORDAN FRIED                                   Trial Attorney
Associate Chief Counsel                        United States Department of Justice
                                               Civil Division – Torts Branch
JANICE WILLIAMS-JONES                          P.O. Box 340, Ben Franklin Station
Senior Trial Attorney                          Washington, D.C. 20004
Federal Emergency Management Agency            Telephone No:  (202) 616-4447
Department of Homeland Security                E-mail:  Michelle.Boyle@USDOJ.Gov
Washington, D.C. 20472

                                               Attorneys for the United States of America


## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2010, the foregoing document was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison Counsel.


                                  //S// *Michelle Boyle*
                                  MICHELLE BOYLE (Va. Bar No. 73710)