UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>   FORMALDEHYDE PRODUCTS<br>   LIABILITY LITIGATION<br><br>This applies to *Alvarado v.*<br>*Keystone Industries, Inc., et al.* No.<br>09-4105 (E.D. La.) | MDL NO. 1873<br><br>SECTION "N" (5)<br><br>JUDGE ENGELHARDT<br><br>MAGISTRATE CHASEZ |

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY

  Defendant, Keystone RV Company ("Keystone") has filed a motion to compel responses to written discovery requests directed to plaintiff Jonah Stevenson. Keystone submits this memorandum in support of its motion.

  Keystone served interrogatories and document requests on Mr. Stevenson on January 5, 2010.[1] To date, Mr. Stevenson has not responded to the discovery or objected to any of it. In addition, he has not sought or obtained a formal extension from the Court or an informal extension from counsel.

  As the Court is aware, Mr. Stevenson was selected as one of four bellwether plaintiffs for the July 19, 2010 trial involving Keystone and defendant CH2M HILL Constructors, Inc.[2] The Court directed the parties to conduct discovery as to each of these four individual plaintiffs and prepare each of their cases for trial.

---

  [1] *See* Exhibit "A" to motion (January 5, 2010 written discovery to J. Stevenson).

  [2] *See* Rec. Doc. No. 9072 (Pre-Trial Order No. 52).

Plaintiffs' counsel will likely complain to the Court about difficulties in contacting Mr. Stevenson. While Keystone certainly understands the problem, this does not change the fact that the Court has selected Mr. Stevenson as a trial plaintiff and that he is obliged to respond to discovery issued by the parties. To this point, he has not done so.

Because Keystone served its discovery requests on January 5, 2010, Mr. Stevenson's responses are long overdue. In addition, he has waived any objections he may have to Keystone's discovery. This is because, as the Fifth Circuit has observed, "when a party fails to object timely to interrogatories, production requests or other discovery requests, objections thereto are waived."[3]

Various courts in the Fifth Circuit have confirmed this reading of the discovery rules contained in the Federal Rules of Civil Procedure. For example, a district court in Mississippi recognized the waiver rule in a case where the plaintiff failed to lodge a timely objection to the defendants' discovery requests.[4] Enforcing the waiver, the court wrote "…there is authority within this circuit that does recognize the general rule that discovery objections are waived if a party fails to

---

[3] *In re United States of America*, 864 F. 2d 1153, 1156 (5th Cir. 1989).

[4] *Godsey v. United States of America*, 133 F.R.D. 111 (S.D. MS. 1990).

object timely to interrogatories, production requests or other discovery efforts."[5] Other courts have also recognized this general rule as well.[6]

As the Court will recall, Keystone was previously required to file a motion to compel discovery responses from another one of the bellwether plaintiffs selected by the Court, Paul Lastrapes.[7] The Court granted Keystone's motion when Mr. Lastrapes failed to file an opposition memorandum.[8]

### CONCLUSION

For the reasons explained in Keystone's motion and in this memorandum, Keystone requests that the Court grant its motion and enter an order that:

(a) Compels Mr. Stevenson to respond to Keystone's January 5, 2010 interrogatories and requests for production of documents by a date certain;

(b) Prohibits Mr. Stevenson from asserting any objections in response to Keystone's January 5, 2010 discovery requests; and

(c) Awards Keystone its reasonable attorneys fees incurred in connection with this motion.

---

[5] *Id.* at 113 ("Accordingly the Magistrate's denial of the USA's Motion to Compel was contrary to law. The Godsey plaintiff has objected, but she has objected in an untimely manner. This Court is of the opinion that the plaintiff's objections should be waived and she should be compelled to answer.")

[6] *See Ordoyne v. McDermott*, 2000 WL 1154616 (E. D. La. 2000)("Generally, the absence of an extension of time or good cause, the failure to file a written response in the time fixed by the rule constitutes waiver of any objection.").

[7] Rec. Doc. No. 10777.

[8] Rec. Doc. No. 111467 (Order signed on February 8, 2010)

Respectfully submitted,

*s/Ryan E. Johnson*

_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
Jones, Walker, Waechter, Poitevent,
   Carrère & Denègre, L.L.P.
8555 United Plaza Blvd., 5th floor
Building Four
Baton Rouge, LA  70809
Telephone: (225) 248-2000
Facsimile:  (225) 248-3080

-and-

Madeleine Fischer (La. Bar No. 5575)
Nan Roberts Eitel (La. Bar No. 19910)
Jones, Walker, Waechter, Poitevent,
   Carrère & Denègre, L.L.P.
201 St. Charles Avenue, 49th floor
New Orleans, LA   70170
Telephone:  (504) 582-8000
Facsimile:  (504) 589-8208

*Attorneys for Defendant,*
 *Keystone RV Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system.  Notice of this filing will be sent to all known counsel by operation of the court's electronic filing system.  I also certify that I have mailed a copy of this filing to any non-CM/ECF participants by U.S. Mail, postage prepaid and properly addressed.

Baton Rouge, Louisiana, this 1st day of March, 2010.

*s/Ryan E. Johnson*
_____
Ryan E. Johnson