UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER
       FORMALDEHYDE PRODUCTS
       LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-2977

# **ORDER AND REASONS**

Before the Court is Plaintiff's Motion in Limine on Any Reference to Malingering, Alcohol Abuse or Drinking Problems (Rec. Doc. 11352). In this motion, Plaintiff seeks an order prohibiting Defendants from discussing the issues of Plaintiff's alleged malingering and/or alcohol abuse at trial. The Court has considered the memoranda of the parties and the applicable law. Accordingly,

**IT IS ORDERED** that **Plaintiff's Motion in Limine on Any Reference to Malingering, Alcohol Abuse or Drinking Problems (Rec. Doc. 11352)** is **DENIED.** As for Plaintiff's alleged alcohol abuse, the Court specifically finds that any such evidence is highly probative as to Plaintiff's mental anguish claims, and the value of such evidence is not substantially outweighed by the danger of unfair prejudice to Plaintiff. While Plaintiff is free (via cross examination at trial) to make it

known that Dr. Thompson did not diagnose Plaintiff with "alcohol abuse", Defendants may present the findings contained in Dr. Thompson's report – specifically, (1) the elevated levels of substance abuse on the MMPI-2 test; (2) Plaintiff's discussions with Dr. Thompson related to alcohol use; and (3) conclusions offered by Dr. Thompson relating to such discussions.

As for evidence of alleged malingering, while Plaintiff is free to make it known that Dr. Thompson never diagnosed Plaintiff as a "malingerer", Defendants may elicit testimony regarding those indicia of malingering revealed during Dr. Thompson's evaluation of Plaintiff.

New Orleans, Louisiana, this 1st day of <u>March</u>, 2010.

**KURT D. ENGELHARDT**
**United States District Court**