UNITED STATES DISTRICT COURT
EASTER DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE<br>PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-5"<br><br>JUDGE ENGELHARDT<br><br>MAG. JUDGE CHASEZ |

THIS DOCUMENT IS RELATED TO:
*Lyndon Wright v. Forest River, Inc., et al.*
*Case No. 09-2977 (E.D. La.)*

*****************************************************************************

### PLAINTIFF LYNDON WRIGHT'S LIST OF
### PROSPECTIVE JURORS WHO SHOULD BE EXCUSED FOR CAUSE

Pursuant to the Court's Order, plaintiff Lyndon Wright lists the following prospective jurors whom plaintiff believes should be excused for cause in this matter, accompanied by a short explanation of the reason(s) for same:

## 1. ANDREA ALFONSO:

**Already formed decisions/opinions regarding key issues in case.**

Mrs. Alfonso should be excused for cause because she would have trouble being open minded in a lawsuit based on unintentional conduct (i.e., negligence), in causes where someone has tried to help the person who was suing (Q #82(B)).

**Anti-plaintiff Bias**

"Too many frivolous lawsuits." (Q65)

**Potential Juror has inaccurate and preconceived based on workplace exposure to formaldehyde.**

Self works with formaldehyde. (Q118)

1

## 2. LORI ARCENEAUX:

**Already formed decisions/opinions regarding key issues in case.**

Ms. Arceneaux should be excused for cause because she would have trouble being open minded in a lawsuit based on unintentional conduct (i.e., negligence), in causes where someone has tried to help the person who was suing (Q #82(B)).

### Anti-Plaintiff Bias

"Too many frivolous lawsuits," and "fixed limit on amount of compensation plaintiff may recover even when evidence supported a higher amount of compensation." (Q66)

### Hardship

Will be out of town in South Carolina March 25 and 26, 2010.

## 3. DANIEL BALL:

**Already formed decisions/opinions regarding key issues in case.**

Mr. Ball should be excused for cause because he would have trouble being open minded in a lawsuit based on unintentional conduct (i.e., negligence), in causes where someone has tried to help the person who was suing (Q #82(B)).

"Too many people use a Law suit to retire from the work force." (Q66)

## 4. JOSEPH BARTHOLOMEW:

**Already formed decisions/opinions regarding key issues in case.**

Mr. Bartholomew should be excused for cause because his spouse and/or immediate family member worked for the defendant Shaw Environmental. Moreover, Mr. Bartholomew is biased and prejudiced because he does NOT feel that he can "fairly decide a lawsuit between an individual and the government. (Q #83)

2

### 5. VICKIE BRAUD:

**Already formed decisions/opinions regarding key issues in case.**

Ms. Braud should be excused for cause because she would have trouble being open minded in a lawsuit based on unintentional conduct (i.e., negligence), in causes where someone has tried to help the person who was suing (Q #82(B)).

### 6. ROBERT BRYANT:

Mr. Bryant currently or formerly resided in a travel trailer and may have developed biases that could preclude him from fairly analyzing the merits of the instant cause. (Q #114).

**Already formed opinion**

When asked if he had already formed an opinion about exposure to formaldehyde, he responded "Not really, it didn't affect me." (Q119)

### 7. JOSEPH CALLAWAY:

**Personal Experience**

Mr. Callaway should be excused for cause because he lived in a mobile home for two years and from that experience has "nothing but good memories" (Q100)

"Monsanto in St. Louis I had to wear a plastic suit and supplied air because the chemicals were cancerous." (Q94)

### 8. JOE CAUSEY:

**Already formed decisions/opinions regarding key issues in case.**

Mr. Causey should be excused for cause because he would have trouble being open minded in a lawsuit based on unintentional conduct (i.e., negligence), in causes where someone has tried to help the person who was suing (Q #82(B)).

**Personal Experience**

3

Moreover, because he currently resides in a mobile homes and may have biases that could preclude him from fairly analyzing the merits of the instant cause. (Q #6).

### 9. FRANK CINQUEMANO:

**Already formed decisions/opinions regarding key issues in case.**

Mr. Cinquemano should be excused for cause because he would have trouble being open mindedin a lawsuit based on unintentional conduct (i.e., negligence), in causes where someone has tried to help the person who was suing (Q #82(B)).

### 10. GEORGE COTO:

**Already formed decisions/opinions regarding key issues in case.**

Ms. Alfonso should be excused for cause because he would have trouble being open minded in a lawsuit based on unintentional conduct (i.e., negligence), in causes where someone has tried to help the person who was suing (Q #82(B)).

### 11. JANE DAVIS:

**Already formed decisions/opinions regarding key issues in case.**

Ms. Davis has already formed decisions/opinions regarding key issues in case as a result of prior experience with formaldehyde in medical school. (Q118)

### 12. DANIEL DODSON:

**Already formed decisions/opinions regarding key issues in case.**

Mr. Dodson should be excused for cause because he would have trouble being open minded in a lawsuit based on unintentional conduct (i.e., negligence), in causes where someone has tried to help the person who was suing (Q #82(B)).

### 13. DAVID DOTTOLO:

**Already formed decisions/opinions regarding key issues in case.**

Mr. Dottolo should be excused for cause because he would have trouble being open minded in a lawsuit based on unintentional conduct (i.e., negligence), in causes where someone has tried to help the person who was suing (Q #82(B)).

### 14. PHYLLIS DUBOIS:

**Already formed decisions/opinions regarding key issues in case.**

Ms. Dubois should be excused for cause because she would have trouble being open minded in a lawsuit based on unintentional conduct (i.e., negligence), in causes where someone has tried to help the person who was suing (Q #82(B)).

### 15. KATHY DUFRENE:

**Already formed decisions/opinions regarding key issues in case.**

Ms. Dufrene should be excused for cause because she would have trouble being open minded in a lawsuit based on unintentional conduct (i.e., negligence), in causes where someone has tried to help the person who was suing (Q #82(B)).

### 16. JEANNETTE GUERRA:

**Already formed decisions/opinions regarding key issues in case.**

Ms. Guerra should be excused for cause because she would have trouble being open minded in a lawsuit based on unintentional conduct (i.e., negligence), in causes where someone has tried to help the person who was suing (Q #82(B)).

### 17. ROSE HEBERT:

**Already formed decisions/opinions regarding key issues in case.**

Ms. Hebert should be excused for cause because she would have trouble being open minded in a lawsuit based on unintentional conduct (i.e., negligence), in causes where someone has tried to help the person who was suing (Q #82(B))

Furthermore, Ms. Hebert's spouse is currently employed by Shaw. (Q103)

## 18. PELEGRINA JOHNSON:

**Already formed decisions/opinions regarding key issues in case.**

Ms. Johnson should be excused for cause because she would have trouble being open minded in a lawsuit based on unintentional conduct (i.e., negligence), in causes where someone has tried to help the person who was suing (Q #82(B)).

**Personal Experience.**

Moreover, Ms. Johnson should further be excused for cause because her spouse and/or immediate family member worked for the defendant Shaw Environmental. (Q104)

## 19. LAWRENCE KEELEY:

**Already formed decisions/opinions regarding key issues in case.**

Mr. Keeley should be excused for cause because he would have trouble being open minded in a lawsuit based on unintentional conduct (i.e., negligence), in causes where someone has tried to help the person who was suing (Q #82(B)).

## 20. DONNY KRAEMER:

**Already formed decisions/opinions regarding key issues in case.**

Mr. Kraemer should be excused for cause because he would have trouble being open minded in a lawsuit based on unintentional conduct (i.e., negligence), in causes where someone has tried to help the person who was suing (Q #82(B)).

## 21. CHRIS LEVY:

**Already formed decisions/opinions regarding key issues in case**

Mr. Levy should be excused for cause because he would have trouble being open minded

in a lawsuit based on unintentional conduct (i.e., negligence), in causes where someone has tried to help the person who was suing (Q #82(B))

## 22. ROLAND MICHEL:

**Already formed decisions/opinions regarding key issues in case.**

Mr. Michel should be excused for cause because he would have trouble being open minded in a lawsuit based on unintentional conduct (i.e., negligence), in causes where someone has tried to help the person who was suing (Q #82(B)).

**Already blames Plaintiff.**

Moreover, Mr. Michel brings biases to the case regarding an individual's cause of action against a corporation which could preclude his ability to fairly judge the merits of the instant action. (Q #71)

## 23. RIKI MONK:

**Personal Experience.**

Ms. Monk should be excused for cause because the company that Ms. Monk worked for sold product to the defendant Shaw Environmental, and thus may be biased in favor of the defendant. (Q104)

Also, because Ms. Monk currently formerly resided in a travel trailer and may have developed biases that could preclude him from fairly analyzing the merits of the instant cause. (Q #114).

**Financial Hardship**

"Since my father had to leave his company unexpectedly due to illness I am the only person who runs his business now. We are still just "getting used to" not having him there and I think it

would be a hardship for me to not be there since we are still adjusting to the change. I don't know who would handle some situations without either of us." (Q128)

## 24. JACK MORGAN:

**Personal Experience.**

Mr. Morgan should be excused for cause because he, his spouse, or a member of his immediate family has had a relationship or business connection with the defendant Shaw Environmental. (Q #105).

## 25. HARLEY NETHKEN:

**Already formed decisions/opinions regarding key issues in case.**

Mr. Nethken should be excused for cause because he would have trouble being open minded in a lawsuit based on unintentional conduct (i.e., negligence), in causes where someone has tried to help the person who was suing (Q #82(B)).

## 26. KATRENIA PIERRE:

**Already formed decisions/opinions regarding key issues in case.**

Ms. Pierre should be excused for cause because she would have trouble being open minded in a lawsuit based on unintentional conduct (i.e., negligence), in causes where someone has tried to help the person who was suing (Q #82(B)).

## 27. PAMELA PORTER:

**Already formed decisions/opinions regarding key issues in case.**

Ms. Porter should be excused for cause because she would have trouble being open minded in a lawsuit based on unintentional conduct (i.e., negligence), in causes where someone has tried to help the person who was suing (Q #82(B)).

## 28. DONNA SCHAFERKOTTER:

**Already formed decisions/opinions regarding key issues in case.**

Ms. Schaferkotter should be excused for cause because she would have trouble being open minded in a lawsuit based on unintentional conduct (i.e., negligence), in causes where someone has tried to help the person who was suing (Q #82(B)).

Moreover, Ms. Schaferkotter is biased and prejudiced because she does NOT feel that she can "fairly decide a lawsuit between an individual and the government. (Q #83)

### 29. DAVID SCHENK:

Mr. Schenk should be excused for cause because he has failed to complete a large portion of his questionnaire, the absence of such information will undoubtedly bias the parties hereto.

### 30. JOHN SCHOLTENS:

**Already formed decisions/opinions regarding key issues in case.**

Mr. Scholtens should be excused for cause because he would have trouble being open minded in a lawsuit based on unintentional conduct (i.e., negligence), in causes where someone has tried to help the person who was suing (Q #82(B)).

### 31. GARY SILVA:

**Already formed decisions/opinions regarding key issues in case.**

Mr. Silva should be excused for cause because he would have trouble being open minded in a lawsuit based on unintentional conduct (i.e., negligence), in causes where someone has tried to help the person who was suing (Q #82(B)).

**Personal Experience.**

Moreover, Mr. Morgan states that he has a relationship with the defendant FEMA. (Q #37).

### 32. ANGELIQUE SMITH:

**Already formed decisions/opinions regarding key issues in case.**

Mr. Smith should be excused for cause because she would have trouble being open minded in a lawsuit based on unintentional conduct (i.e., negligence), in causes where someone has tried to help the person who was suing (Q #82(B)).

**Personal Experience.**

Moreover, because he currently resides in a mobile homes and may have biases that could preclude him from fairly analyzing the merits of the instant cause. (Q# 6).\

## 33. CHRISTOPHER SONGY:

**Already formed decisions/opinions regarding key issues in case.**

Mr. Songy should be excused for cause because he would have trouble being open minded in a lawsuit based on unintentional conduct (i.e., negligence), in causes where someone has tried to help the person who was suing (Q #82(B)).

## 34. TIMOTHY TODD:

**Already formed decisions/opinions regarding key issues in case.**

Mr. Todd should be excused for cause because he would have trouble being open minded in a lawsuit based on unintentional conduct (i.e., negligence), in causes where someone has tried to help the person who was suing (Q #82(B)).

**Personal Experience.**

Also, because Mr. Todd currently formerly resided in a travel trailer and may have developed biases that could preclude him from fairly analyzing the merits of the instant cause. (Q #114).

## 35. DANIEL WARDLE:

**Already formed decisions/opinions regarding key issues in case.**

Mr. Wardle should be excused for cause because she would have trouble being open minded in a lawsuit based on unintentional conduct (i.e., negligence), in causes where someone has tried to help the person who was suing (Q #82(B)).

Moreover, Mr. Wardle likely brings biases regarding the merits of this action which may preclude his ability to fairly judge the merits of the instant matter. (Q#65).

"Suits are just against deep pockets."

Provided that he will be at an out of state conference March 29-30, 2010. (Q128)

## 36. LORI WELLS

Ms. Wells should be excused for cause because she would have trouble being open minded in a lawsuit based on unintentional conduct (i.e., negligence), in causes where someone has tried to help the person who was suing (Q #82(B)).

Provided a hardship excuse letter from employer.

## 37. MARIE WOGAN:

**Already formed decisions/opinions regarding key issues in case.**

Ms. Wogan should be excused for cause because she would have trouble being open minded in a lawsuit based on unintentional conduct (i.e., negligence), in causes where someone has tried to help the person who was suing (Q #82(B)).

Moreover, Ms. Wogan is biased and prejudiced because he does NOT feel that he can "fairly decide a lawsuit between an individual and the government. (Q #83)

## 38. MINOR WOODWARD:

**Already formed decisions/opinions regarding key issues in case.**

Mr. Woodward should be excused for cause because he would have trouble being open minded in a lawsuit based on unintentional conduct (i.e., negligence), in causes where someone

11

has tried to help the person who was suing (Q #82(B)).

Moreover, Mr. Woodward is biased and prejudiced because he does NOT feel that he can "fairly decide a lawsuit between an individual and the government. (Q #83).

### 39. GREG ZERINGUE:

**Anti-plaintiff**

Mr. Zeringue should be excused for cause because he feels that his thirty plus years as an insurance adjuster would prevent him from being open-minded because he leans toward the defense because of perceived "propensity of frivolous litigation." (Q#127).

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY: s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
ROBERT BECNEL, #14072
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
DENNIS REICH, Texas #16739600
MIKAL WATTS, Texas # 20981820

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on March 1, 2010.

/s/Justin I. Woods _

JUSTIN I. WOODS