UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-2977

# **ORDER AND REASONS**

Before the Court is Defendants' Motion for Summary Judgment on Causation (Rec. Doc. 10933), urged herein by Defendants Forest River, Inc. ("Forest River") and Shaw Environmental. Inc. ("Shaw"). After considering the memoranda of the parties and the applicable law, the Court rules as set forth herein.

First, this motion is denied as moot as it relates to Plaintiff's claim for medical monitoring as Plaintiff has entered into a stipulation waiving any such claim. (See Rec. Doc. 11240).

Second, this motion addresses claims that are already the subject of other pending motions (i.e., Plaintiff's claims for mental anguish, including Plaintiff's alleged fear of cancer). (See Rec. Docs. 10934 and 10945). As these claims are already the subject of other motions, they will not be addressed herein. The Court urges the parties to NOT raise issues more than once in multiple motions. With the 45+ pre-trial motions filed relating to this bellwether trial alone, addressing the same issues in multiple motions causes confusion and creates unnecessary

work for both the Court and the parties.

Third, a significant portion of Defendant's motion was spent arguing that all claims for damages arising from Plaintiff's alleged mold exposure in the EHU must be dismissed due to a lack of causation testimony. (See Rec. Doc. 10933, pp. 16-19). As Defendants note in their Reply, Plaintiff failed to address this issue in his 18-page Opposition. Indeed, the word "mold" does not appear anywhere therein. Finding Defendants' unopposed arguments in this regard to have merit, this Court grants this motion. Further, based on Plaintiff's vigorous argument, which he ultimately won, to have mold exposure claims added to this bellwether trial and Defendants' adamant arguments to the contrary, including those relating to the increased cost of litigation expenses relating thereto, the Court finds it appropriate to award Defendants the cost of all expert fees related to mold testing and analysis, as well as the fees for the expert reports that were generated based on such testing and analysis.

Last, this motion is denied as to Plaintiff's claims relating to his alleged formaldehyde exposure. The Court finds that there are genuine issues of material fact that exist relating to whether Plaintiff's rhinosinusitis was exacerbated from his exposure to formaldehyde while living in the EHU and whether Plaintiff either developed asthma, or his existing asthma was made worse, due to formaldehyde exposure while living in the EHU. Plaintiff claims to have experienced a number of adverse health effects which are discussed by both Plaintiff and Defendant experts, which resolved after moving out of the EHU, and which are said to be connected with formaldehyde. In light of the various experts' testimonies which will be presented to the jury, the Court cannot, at this stage, agree that there is such a dearth of evidence as to causation making summary judgment appropriate on such issue.

Therefore, **IT IS ORDERED** that **Defendants' Motion for Summary Judgment on Causation (Rec. Doc. 10933)** is **GRANTED IN PART AND DENIED IN PART**, as expressed herein.

New Orleans, Louisiana, this 2nd day of March, 2010.

_____
**KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE**