UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER  
    FORMALDEHYDE PRODUCTS  
    LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N" (5)

THIS DOCUMENT RELATES TO  
Member Case No. 09-2977

## ORDER AND REASONS

Before the Court is Plaintiff's Motion in Limine on Any Reference to Plaintiff Witnessing Previous Expert Testimony (Rec. Doc. 11348). In this motion, Plaintiff seeks an order prohibiting any references to the fact that Plaintiff witnessed the trial testimony of Dr. Edward Shwery at the first bellwether trial in September 2009. The Court has considered the memoranda of the parties and the applicable law. Accordingly,

**IT IS ORDERED** that **Plaintiff's Motion in Limine on Any Reference to Plaintiff Witnessing Previous Expert Testimony (Rec. Doc. 11348)** is **DENIED**, for the reasons stated by Defendants in their Opposition (See Rec. Doc. 11726) to the instant motion. Indeed, Dr. Thompson included a discussion of Wright's presence at the September 2009 Gulf Stream trial in his report as it was one basis for his conclusion that Plaintiff's anxiety is "primarily driven by the process of litigation." (Exhibit C to Rec. Doc. 11726, p. 14). Wright attended part of the Gulf Stream trial, and Dr. Thompson is entitled to rely on information about his attendance in rendering his opinions

1

as to causation, particularly because Plaintiff's anxiety symptoms substantially increased after attending the trial.

While the Court acknowledges that the parties have stipulated that no prior MDL litigation or claims will be discussed in the upcoming bellwether trial, the Court finds that allowing such evidence/testimony in this limited aspect will not "open the door" to a discussion of other litigation. To be clear, this does not "open the door" or invite the parties to discuss or elicit testimony regarding the previous Gulf Stream trial, and in particular, the outcome of that trial. While it may be made known that Plaintiff came to court and heard Dr. Shrewy testify, no other events or references specifically relating to the 2009 Gulf Stream trial or its outcome/result are admissible. Specifically, such testimony must strictly conform to the following opinion of Dr. Thompson:

> Confounding the above anxiety issues is the fact that Mr. Wright went to a FEMA trailer trial and watched Dr. Shwery testify. He was evaluated within a week after Dr. Shwery's testimony and had markedly elevated scores on the BDI and BAI. His BAI went from 9 to 36 after watching the FEMA trial. In addition he reported to me that each time he has to meet with someone to discuss the trial or deal with litigation issues it increases his anxiety.

(Exhibit C to Rec. Doc. 11726, p. 14). The Court notes Dr. Thompson's generic, non-specific reference to "a FEMA trailer trial", without reference to it even taking place here in the Eastern District of Louisiana.

New Orleans, Louisiana, this 2nd day of <u>March</u>, 2010.

**KURT D. ENGELHARDT**
**United States District Court**

2