IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE     *    MDL NO. 1873
   PRODUCTS LIABILITY LITIGATION        *
                                         *    SECTION: N (5)
                                         *
This document relates to: *Lyndon T. Wright v.*    *    JUDGE ENGELHARDT
*Forest River, Inc., et al,* Docket No. 09-2977    *
                                         *    MAGISTRATE CHASEZ
                                         *

**************************************************************************

## DEFENDANTS, FOREST RIVER, INC. AND SHAW ENVIRONMENTAL, INC.'S, LIST OF PROSPECTIVE JURORS WHO SHOULD BE EXCUSED FOR CAUSE

MAY IT PLEASE THE COURT:

Pursuant to the Court's Order, defendants, Forest River, Inc. and Shaw Environmental, Inc., first list the prospective jurors as to whom they agree with plaintiff, Lyndon Wright, should be dismissed for cause. Separately defendants, Forest River, Inc. and Shaw Environmental, Inc., list those additional jurors who they believe should be excused for cause and who are not mutually agreed upon:

I.

LIST OF POTENTIAL JURORS THAT ALL PARTIES
AGREE SHOULD BE CHALLENGED FOR CAUSE

| | | | |
|---|---|---|---|
| 1. | Andrea Alfonso | 21. | Amy Galloway |
| 2. | Mary Allen | 22. | Jeanette Guerra |
| 3. | Renee Arsenault | 23. | Rose Hebert |
| 4. | Irene Augustine | 24. | Thomas Henican |
| 5. | Daniel Ball | 25. | Pelegrina Johnson |
| 6. | Pamela Barado | 26. | Kevin Kennedy |
| 7. | Joseph Bartholomew | 27. | Roland Michel |
| 8. | Amy Bone | 28. | Riki Monk |
| 9. | Carolyn Borne | 29. | Jack Morgan |
| 10. | Harrison Brown-Etachel | 30. | Maria Nguyen |
| 11. | Andrew Burkard | 31. | Rashad Oubre |
| 12. | Deborah Carter | 32. | Katrenia Pierre |
| 13. | Chris Champagne | 33. | David Schenk |
| 14. | Frank Cinquemano | 34. | Angelique Smith |
| 15. | George Coto | 35. | Christopher Songy |
| 16. | Linda Cucullu | 36. | Anthony Toups |
| 17. | Phyllis Dubois | 37. | Craig Verrette |
| 18. | Kathy Dufrene | 38. | Lori Wells |
| 19. | Cecile Fleming | 39. | Irene Wimberly |
| 20. | Brionne Florent | | |

II.

LIST OF JURORS WHO FOREST RIVER, INC. BELIEVES SHOULD BE
EXCUSED FOR CAUSE AND WHO ARE NOT MUTUALLY AGREED UPON

| № | JUROR | CAUSE ISSUES |
|---|-------|--------------|
| 1 | Amedee, Andrew | **Anti-corporation bias.**<br><br>Q69 Believes corporations have an unfair advantage in the courtroom<br>Q74 Positive corporations conspire<br>Q93 Very concerned about environmental toxins causing harm<br>Q120 Believes exposure to formaldehyde is very dangerous |
| 2 | Bordelon, Riley | **Bias toward corporations.**<br><br>Q71 Cannot be fair in a lawsuit between an individual and a corporation<br><br>**Already blames manufacturer.**<br><br>Q78 "If someone gets sick from their product it is the company that made its problem."<br>Q74 Suspects corporations conspire<br>Q75 Believes most companies try to do anything they can to make the highest profit possible, without regard to honesty and/or ethics<br>Q76 Believes before putting a product on the market, typical American companies do an inadequate job of safety testing Q120 Feels it is very dangerous for someone to be exposed to formaldehyde<br>Q94 Has been exposed to chemicals that are potential health hazard – asbestos at work as pipefitter in chem plant |

| № | JUROR | CAUSE ISSUES |
|---|-------|--------------|
| 3 | Bunch, Joyce | **Self and family experience with FEMA trailer, already has safety concerns.**<br><br>Q99 Has safety concerns about travel trailers or RVs "Heard about hazards from trailers during Katrina so I would be cautious of course."<br>Q114 Sisters and brothers lived in a FEMA trailer; They were given one but did not live there "We obtained a trailer on damaged property but never resided in it; we had it removed. It was too much of a problem because every time we came home we discovered that it was occupied in our absence." |
| 4 | Carriles, Harold | **Anti-corporation/manufacturer bias.**<br><br>Q115 Has opinions about trailer manufacturers that would make juror favor one side over the other in this lawsuit. "Mobile home industry put junk together to make a fast buck."<br>Q69 Believes corporations have an unfair advantage in the courtroom. "Most corporations hire high price lawyers that other people cannot afford."<br>Q8 Has concerns about the Fed Gov't that would influence ability to be fair and impartial. "I don't like way the gov't is spending, spending, spending."<br><br>**Experience and opinions on key issues.**<br><br>Q126 Someone close to the juror has claim concerning injuries from living in a FEMA-provided emergency housing unit.<br>Q54 Suffers from asthma/allergies/respiratory illness/autoimmune disorder; suffered threatening reaction to something in environment. "Hives-cause unknown. Went into anaphylactic shock 4 times since Katrina; cause unknown.<br>Q58 My best friend ran into me with a motorcycle causing my shoulder to separate. |

| № | JUROR | CAUSE ISSUES |
|---|-------|--------------|
| 5 | Cheramie, Judy (H) | **Already holds defense responsible.**<br><br>Q105 Has opinions about trailer manufacturers that would make juror favor one side over the other in this lawsuit "I believe they use the cheapest material they could get by with."<br>Q115 Has opinions about trailer manufacturers that would make juror favor one side over the other in this lawsuit, "People got sick living in travel trailers. I would side against FEMA." Q74 Positive corporations conspire<br>Q75 Believes most companies try to do anything they can to make the highest profit possible, without regard to honesty and/or ethics<br>Q93 Very concerned about environmental toxins causing harm<br><br>**Already decided key issue.**<br><br>Q119 Has formed opinions about formaldehyde exposure "I believe it is dangerous to their health and will cause health problems in the future. |

| № | JUROR | CAUSE ISSUES |
|---|---|---|
| 6 | Cornin, Betty | **Anti-corporation/government bias.**<br><br>Q71 Juror could not fairly decide a lawsuit involving an individual against a corporation<br>Q81 Has concerns about the Fed Gov't that would influence ability to be fair and impartial.  Did not elaborate.<br>Q78 Has concerns, "The manufacturer should be very responsible for their product."  Has concerns about NOT holding product manufacturer responsible.<br>Q69 Believes corporations have an unfair advantage in the courtroom<br><br>**Already decided in favor of plaintiff.**<br><br>Q82a Agrees that "If a person claims injury based upon actions by government in an emergency, government should pay for the injury even when there is no proof that the government did something wrong."<br>Q54 Juror suffers from allergies. Sinus and respiratory issues.<br>Q74 Positive corporations conspire<br>Q120 Feels it is very dangerous for someone to be exposed to formaldehyde |

| № | JUROR | CAUSE ISSUES |
|---|-------|--------------|
| 7 | Delatte, Jordy H | *Juror indicated "needs to discuss:"*<br>*Q69 Whether corporations have an unfair advantage/disadvantage.*<br>*Q76 Whether U.S. Co. do an inadequate job of safety testing.*<br>*Q101 Whether ever owned, used or resided in a product manufactured by Forest River, Inc.*<br>*Q118/119 Whether worked with/around formaldehyde/formed opinions about exposure*<br><br>**Juror not clear she can be fair.**<br><br>*Q127 Whether she can be open-minded in this case*<br>Q71 Could not fairly decide lawsuit involving individual against a corporation<br><br>**Shows bias toward corporations.**<br><br>Q74 Positive corporations conspire<br>Q75 Believes most companies try to do anything they can to make the highest profit possible, without regard to honesty and/or ethics<br>Q78 "Yes, because they [manufacturers] should do more testing" |

| № | JUROR | CAUSE ISSUES |
|---|-------|--------------|
| 8 | Dire, Anthony H | **Demonstrates anti-corporation sentiment and concerns regarding trailer.**<br><br>Q74 Suspect corporations conspire.<br>Q75 Believes most companies try to do anything they can to make the highest profit possible, without regard to honesty and/or ethics<br>Q76 Believes before putting a product on the market, typical American companies do a very inadequate job of safety testing<br>Q119 "Formaldehyde exposure is hazardous to one's health"<br>Q120 Feels it is very dangerous for someone to be exposed to formaldehyde<br>Q99 Has safety concerns about travel trailers or RVs, "After FEMA Formaldehyde incidents post-Katrina, I have serious doubts that I would ever live/work in a manufactured housing unit."<br><br>**Concerns related to plaintiff's claims due to personal knowledge.**<br><br>Q117 Co-workers/friends discussed living in trailer post-Katrina while juror repaired plumbing. |

| № | JUROR | CAUSE ISSUES |
|---|-------|--------------|
| 9 | Driscoll, Lynette H | **Anti-corporation bias.**<br><br>Q105 Has opinions about trailer manufacturers that would make juror favor one side over the other in this lawsuit, "Companies that manufactures housing should run all tests for safety no matter what the cost. Some ailment resulting from these houses could be for a lifetime"<br>Q115 Has opinions about trailer manufacturers that would make juror favor one side over the other in this lawsuit, "FEMA Probably got the cheapest (made inferior) company to buy the trailer from"<br>Q75 Believes most companies try to do anything they can to make the highest profit possible, without regard to honesty and/or ethics<br>Q69 Believes corporations have an unfair advantage in the courtroom, "They have better access to information"<br>Q82a that "If a person claims injury based upon actions by government in an emergency, government should pay for the injury even when there is no proof that the government did something wrong."<br><br>**Close to someone with similar experience to plaintiff, indicates already biased against defense.**<br><br>Q119 Opinion about exposure to formaldehyde, "That it can cause health issues that may continue throughout their lives"<br>Q114/98/109 Two co-workers and one family member lived in FEMA trailer<br>Q100 Co-worker's health negatively affected by time spent in trailer, park model, mobile home, or other type of camper/RV, "Mental health suffered, but is better now that she is back in a regular house"<br>Q116 Co-worker maybe suffered injury caused by living in emergency housing, "For two years she felt ill but could not pin point a particular problem" |

| № | JUROR | CAUSE ISSUES |
|---|-------|--------------|
| 10 | Gibson, Zona | **Negative personal experience.**<br><br>Q118 Son and husband installed trailers for FEMA<br>Q100 Juror and someone close health negatively affected by time spent in trailer, park model, mobile home or other type of camper/RV, "Son suffered with asthma, we all suffered with allergies from time to time."<br><br>**Anti-corporation bias.**<br><br>Q69 Believes corporations have an unfair advantage in the court room, "Deep pockets"<br><br>**Bias against the government.**<br><br>Q82a Agrees strongly that "If a person claims injury based upon actions by government in an emergency, government should pay for the injury even when there is no proof that the government did something wrong<br>Q93 Very concerned about environmental toxins causing harm<br>Q94 Exposed to chemicals that are potential health hazard, plant workers<br>Q120 Feels it is very dangerous for someone to be exposed to formaldehyde |

| № | JUROR | CAUSE ISSUES |
|---|-------|--------------|
| 11 | Gonzales, Charlene H | **Anti-corporation bias.**<br><br>Q69 Believes corporations have an unfair advantage in the courtroom, "Money for lawyers."<br>Q75 Believes most companies try to do anything they can to make the highest profit possible, without regard to honesty and/or ethics<br>Q76 Believes before putting a product on the market, typical American companies do an inadequate job of safety testing<br>Q82a Agrees that "If a person claims injury based upon actions by government in an emergency, government should pay for the injury even when there is no proof that the government did something wrong."<br>Q81 Has concerns about the Fed Gov't that would influence ability to be fair and impartial"<br>Q120 Feels it is very dangerous for someone to be exposed to formaldehyde<br><br>**Lived in FEMA trailer, cannot be fair.**<br><br>Q96/109 Lived with family in FEMA Trailer two years<br>Q100 Believes living in FEMA trailer has affected husband's lungs |
| 12 | Harrison, Evelyn H | **Anti-corporation bias.**<br><br>Q69 Believes corporations have an unfair advantage in the courtroom, "In my opinion, the corporation has the resources to pursue a victory more often then not."<br>Q70 Believes system of lawsuits gives unfair disadvantage to people who file lawsuits, "Unsure of why"<br>Q120 Feels it is very dangerous for someone to be exposed to formaldehyde<br>Q93 Very concerned about environmental toxins causing harm |

| № | JUROR | CAUSE ISSUES |
|---|-------|--------------|
| 13 | Johnson, Imogene | **Demonstrates bias against corporations and concern regarding corporations' advantage in court.**<br><br>Q69 Believes corporations have an unfair advantage in the courtroom, "They are able to have (buy) the best lawyer available."<br>Q70 Believes system of lawsuits gives unfair disadvantage to people who file lawsuits, "After medical bills and legal bills are paid there is hardly nothing left for that individual."<br>Q75 Believes most companies try to do anything they can to make the highest profit possible, without regard to honesty and/or ethics<br>Q76 Believes before putting a product on the market, typical American companies do a very inadequate job of safety testing<br><br>**Already holds manufacturer Forest River, Inc. responsible.**<br><br>Q105 Has opinions about trailer manufacturers that would make juror favor one side over the other in this lawsuit, "If it's your product and someone got sick from it, you should be held responsible." |

| № | JUROR | CAUSE ISSUES |
|---|---|---|
| 14 | Lagarde, Jules H | **Anti-corporation bias.**<br><br>Q75 Believes most companies try to do anything they can to make the highest profit possible, without regard to honesty and/or ethics<br>Q76 Believes before putting a product on the market, typical American companies do an inadequate job of safety testing<br>Q82a Agrees that "If a person claims injury based upon actions by government in an emergency, government should pay for the injury even when there is no proof that the government did something wrong."<br><br>**Negative personal experience.**<br><br>Q119 Based on what he's read has opinions about effects of formaldehyde, "I do not like the hurting of the olfactory senses."<br>Q112 Sister lived in FEMA trailer |

| № | JUROR | CAUSE ISSUES |
|---|---|---|
| 15 | Lee, Glenda H | Q127 Juror admits cannot be open-minded in this case, "My spouse has installed trailers for Fema."<br>Q105 Has opinions about trailer manufacturers that would make juror favor one side over the other in this lawsuit, "It seems that safety may have been overlooked per news media."<br>Q81 Has concerns about the Fed Gov't that would influence ability to be fair and impartial, "Everyone in the country has these concerns."<br><br>**Demonstrates anti-corporation sentiment.**<br><br>Q69 Believes corporations have an unfair advantage in the courtroom, "When put up against an individual, the corporation has more resources."<br>Q74 Positive corporations conspire<br>Q75 Believes most companies try to do anything they can to make the highest profit possible, without regard to honesty and/or ethics<br><br>**Believes trailers dangerous, biased against defense.**<br><br>Q119 "Formaldehyde is a carcinogen, exposure is regulated by the government and must be monitored."<br>Q120 Feels it is very dangerous for someone to be exposed to formaldehyde<br>Q93 Very concerned about environmental toxins causing harm<br>Q114 Brother lived in housing provided by FEMA<br>Q99 Has safety concerns about travel trailers or RVs, "as seen in news, hazardous chemicals in trailers" |

| № | JUROR | CAUSE ISSUES |
|---|-------|--------------|
| 16 | Lewis, Kim | **Various incidents of self and family exposure to toxins and already indicates cannot be fair.**<br><br>Q115 Has opinions about trailer manufacturers that would make juror favor one side over the other in this lawsuit<br>Q75 Believes most companies try to do anything they can to make the highest profit possible, without regard to honesty and/or ethics<br>Q120 Feels it is very dangerous for someone to be exposed to formaldehyde<br>Q93 Very concerned about environmental toxins causing harm |
| 17 | Pittman, Denson | **Already holds manufacturer responsible.**<br><br>Q127 Believes he would have difficulty being open-minded in this case because, "Trailer manufacturers should be solely responsible for their products. They put these trailers on the market. They are responsible!"<br>Q81 Has concerns about the Fed Gov't that would influence ability to be fair and impartial, "Because we pay taxes."<br>Q82a Agrees that "If a person claims injury based upon actions by government in an emergency, government should pay for the injury even when there is no proof that the government did something wrong."<br>Q69 Believes corporations have an unfair advantage in the courtroom because, "They can afford the best representation."<br><br>**Cannot be fair.**<br><br>Q78 Has concerns about holding a manufacturer legally responsible if a consumer gets sick from their product, "If it's their product then they are absolutely responsible for putting unsafe products on the market." |

| № | JUROR | CAUSE ISSUES |
|---|-------|--------------|
| 18 | Portier, Kayla | **Holds manufacturer responsible.**<br><br>Q69 Believes corporations have an unfair advantage in the courtroom because, "they have larger sums of money to get higher paid lawyers and others needed to help their case."<br>Q78 Has concerns about holding a manufacturer legally responsible if a consumer gets sick from their product, "They should have found all possible ways to make the product safe then tested it out for months making sure there were no issues with it before making it available to the public."<br>Q119 Based on what she has read or heard she believes that formaldehyde "is the root of most health problems"<br><br>**Formed opinion regarding key issue.**<br><br>Q120 Believes it is very dangerous for someone to be exposed to formaldehyde |

| № | JUROR | CAUSE ISSUES |
|---|-------|--------------|
| 19 | Rapp, Shaun | **Anti-corporation bias.  Personal medical limitations.**<br><br>Q127 Believes he would have trouble being open-minded in this case because "It would include me thinking critically, clearly and sufficiently. On the other hand, identifying key components of the case and being honest in decision making as well as distinguishing between right and wrong may be affected by a closed head injury."<br>Q100 Believes his "mother's health has been affected due to being placed in a FEMA trailer and me being able to move around on a regular basis. Being in closed areas, not having accurate appliances made health deteriorate."<br>Q25 Does not believe he can maintain his honest beliefs while giving fair consideration to other jurors "Due to having a closed head injury it is harder for me to distinguish clearly and effectively based on various information"<br>Q109 His mother was issued FEMA housing and financial assistance "No specific dates or times identified"<br>Q81 Has concerns about the Fed Gov't "that may influence ability to be fair and impartial juror"<br>Q69 Believes corporations have an unfair advantage in the courtroom, "Sometimes they do because they have greater power and authority"<br>Q78 Has concerns about holding a manufacturer legally responsible if a consumer gets sick from their product, "I believe products should be held responsible if they are going to market the product to people in society. The safety of the people comes first."<br>Q96/112/114 His mother "was placed in a trailer park in Plaquemines Parish under FEMA"<br>Q99 Has concerns about travel trailers, park models or manufactured housing units "they are poorly constructed and not as efficient as a house or trailer"<br>Q94 "Father worked for a heliport service which exposed him to gasoline on a daily basis and I believe it gave him cancer." |

| № | JUROR | CAUSE ISSUES |
|---|-------|--------------|
| 20 | Smith, Claudia | **Already made up mind in case and will not change it.**<br><br>Q25 Believes it will be impossible to maintain beliefs about what evidence shows yet give consideration to other's views and be willing to change mind "I believe that my first decision is the best answer"<br>Q78 Has concerns about holding a product manufacturer responsible if a consumer of the product gets sick from exposure, "If the product is hazardous I believe they should be held responsible"<br>Q70 Believes system of lawsuits gives unfair disadvantage to people who file lawsuits, "There is always a way around the system"<br>Q74 Positive corporations conspire<br>Q75 Believes most companies try to do anything they can to make the highest profit possible, without regard to honesty and/or ethics Q119 Believes formaldehyde exposure, "can be harmful"<br>Q120 Feels it is very dangerous for someone to be exposed to formaldehyde<br>Q122 Someone close has disease or injury they believe is from formaldehyde exposure, "Friend claims to have it after living in FEMA housing after Katrina and Rita" |
| 21 | Stern, Pamela | **Experience and concerns regarding toxins in home.**<br><br>Q82a Agrees that "If a person claims injury based upon actions by government in an emergency, government should pay for the injury even when there is no proof that the government did something wrong."<br>Q120 Feels it is very dangerous for someone to be exposed to formaldehyde<br>Q99 Has safety concerns about travel trailers or RVs "Are they safe?"<br>Q93 Very concerned about environmental toxins causing harm |

| № | JUROR | CAUSE ISSUES |
|---|---|---|
| 22 | Swan, Shannon | **Biased against defendant, has experience with FEMA trailers. Already formed opinions about key issues.**<br><br>Q115 Has opinions about trailer manufacturers that would make juror favor one side over the other in this lawsuit, "They are all crooks"<br>Q37/108 She helped FEMA place trailers after Katrina<br>Q81 Has concerns about the Fed Gov't that would influence ability to be fair and impartial "I don't agree with most political policies"<br>Q69 Believes corporations have an unfair advantage in the courtroom<br>Q74 Positive corporations conspire<br>Q75 Believes most companies try to do anything they can to make the highest profit possible, without regard to honesty and/or ethics<br>Q119 Has strong opinions about formaldehyde, "Formaldehyde is used for embalming. It dries you out. It's toxic."<br>Q120 Feels it is very dangerous for someone to be exposed to formaldehyde |
| 23 | Taylor Hunter, Deborah | **Anti-corporation bias.**<br><br>Q105 Has opinions about trailer manufacturers that may make her favor one side over the other in this lawsuit, "Every (can't make out) has the right to live in a healthy and safe environment – home – and to have all of the safety dangerous information to make their mind up as to living in that situation"<br>Q75 Believes most companies try to do anything they can to make the highest profit possible, without regard to honesty and/or ethics<br>Q81 Has concerns about the Fed Gov't that would influence ability to be fair and impartial "What the government does or decides affects the people as well, maybe more"<br>Q120 Feels it is very dangerous for someone to be exposed to formaldehyde<br>Q93 Very concerned about environmental toxins causing harm |

III.

EXPLANATION ON BEHALF OF DEFENDANTS, FOREST RIVER, INC.
AND SHAW ENVIRONMENTAL, INC., WHY JURORS DESIGNATED
BY PLAINTIFF, LYNDON WRIGHT, SHOULD NOT BE EXCUSED FOR CAUSE

| № | JUROR | CAUSE ISSUES |
|---|---|---|
| 1 | Arceneaux, Lori | Do not agree based on Q82b because it is mis-characterized and does not establish a bias against a "helping party" or defendants, Forest River, Inc. and/or Shaw Environmental, Inc., nor does it address unintentional conduct. She did not indicate that she cannot be fair in this case.  Her response on the damage questions and other questions specific to this litigation do not indicate that she believes Mr. Wright's lawsuit is frivolous, without merit, or that she would not fairly consider his damage demands. |
| 2 | Braud, Vicki | Do not agree based on Q82b because it is mis-characterized and does not establish a bias against a "helping party" or defendants, Forest River, Inc. and/or Shaw Environmental, Inc., nor does it address unintentional conduct. |
| 3 | Bryant, Robert | Do not agree based on Q119.  Not having a bad experience with a trailer or formaldehyde does not provide adequate basis for cause or establish that the juror has preconceptions that will prevent them from evaluating the evidence and making a decision based on the evidence and the law in this case. |
| 4 | Callaway, Joseph | Do not agree with Q100 or Q94. Having a positive experience with a trailer does not establish juror will make a decision in the case based on factors other than the evidence and the law.  Juror did not indicate anywhere on his juror questionnaire that he cannot be fair in this case. |

| № | JUROR | CAUSE ISSUES |
|---|-------|-------------|
| 5 | Casey, Joe | Do not agree based on Q82b because it is mis-characterized and does not establish a bias against a "helping party" or defendants, Forest River, Inc. or Shaw Environmental, Inc., nor does it address unintentional conduct.<br><br>Do not agree with Q6.  Living in a trailer does not establish juror will make a decision in the case based on factors other than the evidence and the law.  Juror did not indicate anywhere on his juror questionnaire that he cannot be fair in this case. |
| 6 | Davis, Jane | Juror does not indicate that she cannot be fair on Q127 regardless of opinion expressed on Q118 |
| 7 | Dodson, Daniel | Do not agree based on Q82b because it is mis-characterized and does not establish a bias against a "helping party" or defendants, Forest River, Inc. or Shaw Environmental, Inc., nor does it address unintentional conduct. |
| 8 | Dottolo, David | Do not agree based on Q82b because it is mis-characterized and does not establish a bias against a "helping party" or defendants, Forest River, Inc. or Shaw Environmental, Inc., nor does it address unintentional conduct. |
| 9 | Keeley, Lawrence | Do not agree based on Q82b because it is mis-characterized and does not establish a bias against a "helping party" or defendants, Forest River, Inc. and/or Shaw Environmental, Inc., nor does it address unintentional conduct. |
| 10 | Kraemer, Donny | Do not agree based on Q82b because it is mis-characterized and does not establish a bias against a "helping party" or defendants, Forest River, Inc. or Shaw Environmental, Inc., nor does it address unintentional conduct. |
| 11 | Levy, Chris | Do not agree based on Q82b because it is mis-characterized and does not establish a bias against a "helping party" or defendants, Forest River, Inc. or Shaw Environmental, Inc., nor does it address unintentional conduct. |

| № | JUROR | CAUSE ISSUES |
|---|-------|--------------|
| 12 | Nethken, Harley | Do not agree based on Q82b because it is mis-characterized and does not establish a bias against a "helping party" or defendants, Forest River, Inc. or Shaw Environmental, Inc., nor does it address unintentional conduct. |
| 13 | Porter, Pamela | Do not agree based on Q82b because it is mis-characterized and does not establish a bias against a "helping party" or defendants, Forest River, Inc. or Shaw Environmental, Inc., nor does it address unintentional conduct. |
| 14 | Schaferkotter, Donna | Do not agree based on Q82b because it is mis-characterized and does not establish a bias against a "helping party" or defendants, Forest River, Inc. or Shaw Environmental, Inc., nor does it address unintentional conduct.<br><br>Do not agree based on Q83 because does not establish that juror cannot fairly decide a case where the defendants are a manufacturer and contractor.  Does not indicate cannot be fair on Q71 or Q127 which more accurately characterizes the case. |
| 15 | Scholtens, John | Do not agree based on Q82b because it is mis-characterized and does not establish a bias against a "helping party" or defendants, Forest River, Inc. or Shaw Environmental, Inc., nor does it address unintentional conduct. |
| 16 | Silva, Gary | Do not agree based on Q82b because it is mis-characterized and does not establish a bias against a "helping party" or defendants, Forest River, Inc. or Shaw Environmental, Inc., nor does it address unintentional conduct. |
| 17 | Todd, Timothy | Do not agree based on Q82b because it is mis-characterized and does not establish a bias against a "helping party" or defendants, Forest River, Inc. or Shaw Environmental, Inc., nor does it address unintentional conduct. |
| 18 | Wardle, Daniel | Do not agree based on Q82b because it is mis-characterized and does not establish a bias against a "helping party" or defendants, Forest River, Inc. or Shaw Environmental, Inc., nor does it address unintentional conduct. |

| № | JUROR | CAUSE ISSUES |
|---|-------|--------------|
| 19 | Wogan, Marie | Do not agree based on Q82b because it is mis-characterized and does not establish a bias against a "helping party" or defendants, Forest River, Inc. or Shaw Environmental, Inc., nor does it address unintentional conduct.<br><br>Do not agree based on Q83 because juror did not answer in the affirmative. |
| 20 | Woodward, Minor | Do not agree based on Q82b because it is mis-characterized and does not establish a bias against a "helping party" or defendants, Forest River, Inc. or Shaw Environmental, Inc., nor does it address unintentional conduct.<br><br>Do not agree based on Q83 because juror did not answer in the affirmative. |
| 21 | Zeringue, Greg | On Q127, he does not specifically say he cannot be fair in this case. |

WHEREFORE, the jurors identified in Section I above, which all parties agree upon, should be stricken, for the reasons Forest River, Inc. and Shaw Environmental, Inc. set forth in Paragraph II above, those potential jurors should also be stricken and for the reasons Forest River, Inc. and Shaw Environmental, Inc. set forth in Paragraph III above, those potential jurors should not be stricken.

| № | JUROR | CAUSE ISSUES |
|---|-------|--------------|
| 19 | Wogan, Marie | Do not agree based on Q82b because it is mis-characterized and does not establish a bias against a "helping party" or defendants, Forest River, Inc. or Shaw Environmental, Inc., nor does it address unintentional conduct.<br><br>Do not agree based on Q83 because juror did not answer in the affirmative. |
| 20 | Woodward, Minor | Do not agree based on Q82b because it is mis-characterized and does not establish a bias against a "helping party" or defendants, Forest River, Inc. or Shaw Environmental, Inc., nor does it address unintentional conduct.<br><br>Do not agree based on Q83 because juror did not answer in the affirmative. |
| 21 | Zeringue, Greg | On Q127, he does not specifically say he cannot be fair in this case. |

WHEREFORE, the jurors identified in Section I above should be stricken for cause based on all parties' agreement; the potential jurors identified in Section II above should also be stricken for cause for the reasons set forth by Forest River, Inc. and Shaw Environmental, Inc.; and those potential jurors set forth in Section III above should not be stricken for cause, for the reasons set forth therein.

*Defendants, Forest River, Inc. and Shaw Environmental, Inc.'s,*
*List of Prospective Jurors Who Should Be Excused for Cause*                           Page 23 of 25

Respectfully submitted,


*/s/ ERNEST P. GIEGER, JR.*
ERNEST P. GIEGER, JR. (6154)
JASON D. BONE (28315)
CARSON W. STRICKLAND (31336)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana  70139-4800
Telephone:  (504) 561-0400
Facsimile:  (504) 561-1011
ATTORNEYS FOR FOREST RIVER, INC.


*/s/ M. DAVID KURTZ*
M. DAVID KURTZ (23821)
KAREN K. WHITFIELD (19350)
CATHERINE N. THIGPEN (30001)
BAKER DONELSON BEARMAN
  CALDWELL & BERKOWITZ, PC
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana  70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000
ATTORNEYS FOR SHAW
  ENVIRONMENTAL, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon:

Frank J. D'Amico, Jr., Esquire
Aaron Z. Ahlquist, Esquire
622 Baronne Street, 2nd Floor
New Orleans, Louisiana 70113
Attorneys for LYNDON T. WRIGHT

Gerald E. Meunier, Esquire
Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC
Energy Centre
1100 Poydras Street, Suite 2800
New Orleans, Louisiana 70163
*Plaintiffs' Liaison Counsel*

Andrew D. Weinstock, Esquire
Duplass, Zwain, Bourgeois, Pfister & Weinstock
3838 North Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
*Defendants' Liaison Counsel*

via e-filing this 3rd day of March, 2010

_/s/ ERNEST P. GIEGER, JR._ _____