UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                           MDL NO. 1873
 FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                  SECTION "N-5"

                                              JUDGE ENGELHARDT

                                              MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon Wright v. Forest River, Inc., et al.*
*Case No. 09-2977 (E.D. La.)*


*******************************************************************************

**RESPONSE OF PLAINTIFF TO DEFENDANT FOREST RIVER, INC.'S LIST OF
PROSPECTIVE JURORS WHO SHOULD BE EXCUSED FOR CAUSE**

Pursuant to the Court's Order, plaintiff Lyndon Wright lists the following prospective

jurors whom plaintiff believes should be excused for cause in this matter, accompanied by a

short explanation of the reason(s) for same:

**GENERAL OBJECTION**

Plaintiff objects to defendant's challenge of all jurors who lived in FEMA-issued trailers

on the basis that it may constitute purposeful discriminatory jury selection  in violation of

*Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69.   The number of African-

Americans who lived in FEMA-issued trailer is disproportionately higher than the general

population of potential jurors.  By denying a person participation in jury service on account of

his race unconstitutionally discriminates against the excluded juror. *Strauder v. West Virginia*.

100 U.S. 303, 305. Moreover, selection procedures that purposefully exclude black persons from juries undermine public confidence in the fairness of our system of justice. *Id.* at 303.

**PLAINTIFF'S RESPONSE TO DEFENDANT<br>FOREST RIVER, INC.'S CHALLENGES**

2.    **ANDREW AMEDEE**

Anti-Corporation Bias: Q69 Believes corporations have an unfair advantage in the Courtroom. Q74 Positive corporations conspire. Q93 Very concerned about environmental toxins causing harm. Q120 Believes exposure to formaldehyde is very dangerous.

    **PLAINTIFF'S RESPONSE:**

Mr. Amedee should not be excused for cause. On his questionnaire, Mr. Amedee stated that he believes most businesses conduct business fairly (Q76), that he could be fair judging a trial (Q71),and has no negative personal experiences with formaldehyde (QQ 94, 95). Mr. Amedee stated that he has not already formed an opinion (Q119). (Q100) Mr. Amedee does not believe that his health or the health of anyone close to him has been negatively affected by time spent in a travel trailer, park model manufactured housing unit (mobile home) or any other type of camper or recreational vehicle. Furthermore, Mr. Amedee stated that (Q25) he would be able to maintain his honest beliefs about what the evidence shows, while at the same time giving full consideration to the views of other jurors without hesitation to re-examine his own opinion and change his mind, if convinced he is wrong, and (Q127) that he would not have trouble being open-minded in a case involving a person suing the trailer manufacturers, installation and maintenance contractors, and FEMA for formaldehyde exposure from their FEMA-issued trailers. Mr. Amedee has never been injured by a product he thought was defective (Q59).

7.    **RILEY BORDELON**

Bias toward Corporations: Q71 Cannot be fair in a lawsuit between an individual and a corporation. Already Blames manufacturer: Q78 "If someone gets sick from their product it is the company that made the problem." Q74 Suspects corporations conspire. Q75 Believes most companies try to do anything they can to make the highest profit possible, without regard to honesty and/or ethics. Q76 Believes before putting a product on the market, typical American companies do an inadequate job of safety testing. Q120 Feels it is very dangerous for someone to be exposed to formaldehyde. Q94 Has been exposed to chemicals that are potential health hazard-asbestos at work as pipefitter in chem plant.

**PLAINTIFF'S RESPONSE:**

Mr. Bordelon should not be excused for cause. Mr. Bordelon stated on his questionnaire that he (Q77) believes corporations generally try to make products safe, that (Q107) he believes FEMA does a good job, and because (QQ94, 95) he has no negative personal experience with exposure to formaldehyde. (Q100) Mr. Bordelon does not believe that his health or the health of anyone close to him has been negatively affected by time spent in a travel trailer, park model manufactured housing unit (mobile home) or any other type of camper or recreational vehicle. Furthermore, Mr. Bordelon stated that (Q25) he would be able to maintain her honest beliefs about what the evidence shows, while at the same time giving full consideration to the views of other jurors without hesitation to re-examine his own opinion and change his mind, if convinced he is wrong, and (Q127) that he would not have trouble being open-minded in a case involving a person suing the trailer manufacturers, installation and maintenance contractors, and FEMA for formaldehyde exposure from their FEMA-issued trailers. Mr. Bordelon has never been injured by a product he thought was defective (Q59).

10.   **JOYCE BUNCH**

Self and family experience with FEMA trailer, already has safety concerns: Q99 Has safety concerns about travel trailers or RVs "Heard about hazards from trailer during Katrina so I would be cautious of course" Q114 Sisters and Brothers lived in a FEMA trailer; There were given one but did not live there "We obtained a trailer on damaged property but never resided in it; we had it removed. It was too much of a problem because every time we came home we discovered that it was occupied in our absence."

**PLAINTIFF'S RESPONSE:**

Ms. Bunch should not be excluded for cause that her "self and family experience with FEMA trailer, already has safety concerns." Defense suggests that because Ms. Bunch has family members that lived in FEMA trailers, she has already decided the case. There is no reason to believe that Ms. Bunch cannot be fair (Q25) Believes it is possible to maintain beliefs about what evidence shows yet gives consideration to other's views and is willing to change mind. Further on (Q66), Ms. Bunch answers that while there should not be a fixed limit on the amount of compensation a plaintiff can recover, even if evidence supports a higher amount of compensation, she qualifies her answer, "give them what they deserve, if warranted." Her response to (Q71), that she could fairly decide a lawsuit involving an individual against a corporation clearly shows that she has no biases toward either the plaintiff or the defendant. She further states in (Q76) that she believes that before putting a product on the market, the typical American company does adequate safety testing of that product. Ms. Bunch further states that "Based on what she has read or heard, she has not formed an opinion about the overall effect of formaldehyde exposure on a person. (Q119)

12.   **HAROLD CARRILES**

Anti-Corporation/manufacturer: Q115 Has opinions about trailer manufacturers that would make juror favor one side over the other in this lawsuit. "Mobile home industry put junk together to make fast buck" Q69 Believes corporations have an unfair advantage in the courtroom. "Most corporations hire high price lawyers that other people cannot afford" Q8 Has concerns about Fed Gov't that would influence ability to be fair and impartial. "I don't like way the gov't is spending, spending, spending."

Experience and opinions on key issues: Q126 Someone close to the juror has claim concerning injuries from living in a FEMA-provided emergency housing unit. Q54 Suffers from asthma/allergies/respiratory illness/autoimmune disorder; suffered threatening reaction to something in environment. "Hives-cause unknown. Went into anaphylactic shock 4 times since Katrina; cause unknown" Q58 my best friend ran into me with a motorcycle causing my should to separate.

**PLAINTIFF'S RESPONSE:**

Mr. Carriles should not be excluded from this jury for biases. On his questionnaire, Mr. Carriles stated that he suffered from an allergic reaction with an unknown cause (Q54). This should not discount Mr. Carriles from serving. Additionally, Mr. Carriles stated that he believes FEMA does a good job (Q107).  Mr. Carriles (Q64) has never had a dispute with the Federal Government or federal government agency and (Q71) can fairly decide a lawsuit involving an individual against a corporation. Additionally, he (Q82) disagrees that the government should pay for health concerns if there is no proof that the government did anything wrong and can (Q83) fairly decide a lawsuit between an individual and the government. Mr. Carriles (Q100)

does not believe that his health or the health of anyone close to him has been negatively affected by time spent in a travel trailer, park model or mobile home.

15. **JUDY CHERAMIE**

Already holds defense responsible: Q105 Has opinions about trailer manufacturers that would make juror favor one side over the other in this lawsuit 'I believe they use the cheapest material they could get by with" Q115 Has opinions about trailer manufactures that would make juror favor one side over the other in this lawsuit, "People got sick living in travel trailers. I would side against FEMA." Q74 Positive corporations conspire Q75 Believes most companies try to do anything they can to make the highest profit possible, without regard to honesty and/or ethics Q93 Very concerned about environmental toxins causing harm

Already decided key issue: Q119 Has formed opinions about formaldehyde exposure 'I believe it is dangerous to their health and will cause health problems in the future"

Juror indicated "needs to discuss:" Q69 Whether corporations have an unfair advantage/disadvantage. Q76 Whether U.S. Co. do an inadequate job of safety testing. Q101 Whether ever owned, used or resided in a product manufactured by Forest River, inc. Q118/119 Whether worked with/around formaldehyde/formed opinions about exposure

**PLAINTIFF'S RESPONSE:**

Ms. Cheramie should not be excused for cause. Ms. Cheramie (Q71) feels she could fairly decide a lawsuit involving an individual against a corporation. She  (Q72) has never had a serious, negative dispute with a manufacturer, and, most importantly, (Q100) Ms. Cheramie does not believe that her health or the health of anyone close to her has been negatively affected by time spent in a travel trailer, park model manufactured housing unit (mobile home) or any other type of camper or recreational vehicle. Furthermore, Ms. Cheramie stated that (Q25) she would

be able to maintain her honest beliefs about what the evidence shows, while at the same time giving full consideration to the views of other jurors without hesitation to re-examine her own opinion and change her mind, if convinced she is wrong, and (Q127) that she would not have trouble being open-minded in a case involving a person suing the trailer manufacturers, installation and maintenance contractors, and FEMA for formaldehyde exposure from their FEMA-issued trailers. Additionally, Ms. Cheramie indicated (QQ76, 77) that before putting a product on the market, she believes the typical American company does safety testing of that product that is adequate and thinks that corporations generally try to make their products safe. Lastly, Ms. Cheramie believes that (Q107) FEMA does an okay job after disasters, and (Q101) was treated fairly by FEMA.

16      **BETTY CORNIN**

Anti-Corporation/government bias: Q71 Juror could not fairly decide a lawsuit involving an individual against a corporation Q81 Has concerns about the Fed Gov't that would influence ability to be fair and impartial Did not elaborate Q78  Has concerns, "The manufacturer should be very responsible for their product" Has concerns about NOT holding product manufacturer responsible. Q69 Believes corporations have an unfair advantage in the courtroom.

 Already decided in favor of plaintiff: Q82a Agrees that "If a person claims injury based upon actions by government in an emergency, government should pay for the injury even when there is no proof that the government did something wrong." Q54 Juror suffers from allergies. Sinus and respiratory issues Q74 Positive corporations conspire Q120 Feels it is very dangerous for someone to be exposed to formaldehyde.

**PLAINTIFF'S RESPONSE:**

Ms. Cornin believes that (Q76) most businesses conduct their business fairly, that (Q77) corporations generally try to make products safe and that products are adequately tested before entering the marketplace. Furthermore, Ms. Cornin (Q119) has not formed an opinion in this case, and, notably, Ms. Cornin believes that (Q82) she would have trouble being open minded in a lawsuit based on unintentional conduct (i.e., negligence), in cases where someone has tried to help the person who was suing. Ms. Cornin indicated on her questionnaire that she (Q82(b)) believes that individuals receiving emergency assistance from the government after a natural disaster should have no right to sue the federal government over injuries, or health or safety concerns, that they believe to be related to the government assistance.  Ms. Cornin (Q100) does not believe that her health or the health of anyone close to her has been negatively affected by time spent in a travel trailer, park model manufactured housing unit (mobile home) or any other type of camper or recreational vehicle. Furthermore, (Q99) Ms. Cornin does not have any safety concerns about trailers, park models, or manufactured housing unit (mobile homes) or other type of camper or recreation vehicle. Lastly, and possibly most importantly, Ms. Cornin stated that (Q25) she would be able to maintain her honest beliefs about what the evidence shows, while at the same time giving full consideration to the views of other jurors without hesitation to re-examine her own opinion and change her mind, if convinced she is wrong.

19.   **JORDY DELATTE**

Juror not clear she can be fair: Q127 Whether she can be open-minded in this case, Q71 Could not fairly decide lawsuit involving individual against a corporation

Shows bias toward corporations: Q74 Positive corporations conspire Q75 Believes most companies try to do anything they can to make the highest profit possible, without regard to honesty and/or ethics, Q78 "Yes, because they [manufacturers] should do more testing Anti-Corporation/government bias: Q71 Juror could not fairly decide a lawsuit involving an individual against a corporation Q81 Has concerns about the Fed Gov't that would influence ability to be fair and impartial. Did not elaborate. Q78 Has concerns, "The manufacturer should be very responsible for their product.' Has concerns about NOT holding manufacturer responsible Q69 Believes corporations have an unfair advantage in the courtroom

**PLAINTIFF'S RESPONSE:**

Ms. Delatte should not be excused for cause. Ms. Delatte indicated on her questionnaire that she (Q82(b)) believes that individuals receiving emergency assistance from the government after a natural disaster should have no right to sue the federal government over injuries, or health or safety concerns, that they believe to be related to the government assistance. Ms. Delatte (Q100) does not believe that her health or the health of anyone close to her has been negatively affected by time spent in a travel trailer, park model manufactured housing unit (mobile home) or any other type of camper or recreational vehicle. Furthermore, (Q99) Ms. Delatte does not have any safety concerns about trailers, park models, or manufactured housing unit (mobile homes) or other type of camper or recreation vehicle. Lastly, and possibly most importantly, Ms. Delatte stated that (Q25) she would be able to maintain her honest beliefs about what the evidence shows, while at the same time giving full consideration to the views of other jurors without hesitation to re-examine her own opinion and change her mind, if convinced she is wrong

20.   **ANTHONY DIRE**

Demonstrates anti-corporation sentiment and concerns regarding trailer: Q74 Suspect

corporations conspire Q75 Believes most companies try to do anything they can to make the

highest profit possible, without regard to honesty and/or ethics Q76 Believes before putting a

product on the market, typical American companies do a very inadequate job of safety testing

Q119 'Formaldehyde exposure is hazardous to one's health" Q120 Feels it is very dangerous for

someone to be exposed to formaldehyde Q99 Has safety concerns about travel trailers or RVs.

"After FEMA formaldehyde incidents post-Katrina, I have serious doubts that I would ever

live/work in a manufactured housing unit"

Concerns related to plaintiff's claims due to personal knowledge: Q117 Co-workers/friends

discussed living in trailer post-Katrina while juror repaired plumbing

**PLAINTIFF'S RESPONSE**

Mr. Dire should not be excused for cause. On his questionnaire, Mr. Dire indicated that

(QQ71, 83) he feels he could fairly decide a lawsuit involving an individual against a corporation

as well as an individual against the government, (QQ76, 77) that before putting a product on the

market, he believes the typical American company does safety testing of that product that is

adequate and thinks that corporations generally try to make their products safe. (Q100) Mr. Dire

does not believe that his health or the health of anyone close to him has been negatively affected

by time spent in a travel trailer, park model manufactured housing unit (mobile home) or any

other type of camper or recreational vehicle. Furthermore, Mr. Dire stated that (Q25) he would

be able to maintain his honest beliefs about what the evidence shows, while at the same time

giving full consideration to the views of other jurors without hesitation to re-examine his own

opinion and change his mind, if convinced he is wrong, and (Q127) that he would not have

trouble being open-minded in a case involving a person suing the trailer manufacturers,

installation and maintenance contractors, and FEMA for formaldehyde exposure from their

FEMA-issued trailers. (QQ94, 95) Neither Mr. Dire, nor a family member or someone close to

him was exposed to and/or injured by exposure to substances or chemicals which were a

potential health hazard.

21.    **LYNETTE DRISCOLL**

Anti-corporation bias: Q105 Has opinions about trailer manufacturers that would make juror

favor one side over the other in this lawsuit, "Companies that manufactures housing should run

all tests for safety no matter what the cost. Some ailment resulting from these houses could be for

a lifetime."Q115 Has opinions about trailer manufacturers that would make juror favor one side

over the other in this lawsuit, "FEMA Probably got the cheapest (made inferior) company to buy

the trailer from."Q75 Believes most companies try to do anything they can to make the highest

profit possible, without regard to honesty and/or ethics. Q69 Believes corporations have an

unfair advantage in the courtroom, "They have better access to information."Q82a that "If a

person claims injury based upon actions by government in an emergency, government should

pay for the injury even when there is no proof that the government did something wrong." Close

to someone with similar experience to plaintiff, indicates already biased against defense: Q119

Opinion about exposure to formaldehyde, "That is can cause health issues that may continue

throughout their lives."  Q114/98/109 Two co-workers and one family member lives in FEMA

trailer.Q100 Co-worker's health negatively affected by time spent in trailer, park model, mobile

home, or other type of camper/RV, "Mental health suffered, but is better now that she is back in

a regular house."Q116 Co-worker maybe suffered injury caused by living in emergency housing,

"For two years she felt ill but could not pin point a particular problem."

**PLAINTIFF'S RESPONSE:**

Ms. Driscoll should not be excused for cause. Ms. Driscoll indicated on her questionnaire that she (QQ82(b)) believes that individuals receiving emergency assistance from the government after a natural disaster should have no right to sue the federal government over injuries, or health or safety concerns, that they believe to be related to the government assistance. Furthermore, Ms. Driscoll believes that (Q65) too many people too often file frivolous lawsuits to address grievances, (Q66) she believes there should be a fixed limit on the amount of compensation a plaintiff may recover, even if the evidence supported a higher amount of compensation, and (Q67) she supports legislative reforms to place caps or limits on the amount of money juries can award. Ms. Driscoll feels (Q71) she could fairly decide a lawsuit involving an individual against a corporation as she (Q78) has concerns about holding a product manufacturer legally responsible if a user or consumer of the product gets suck from exposure to hazardous air pollutants emitted from the product and believes that (Q77) corporations generally try to make their products safe.

25.   **ZONA GIBSON**

Negative personal experience: Q118 Son and husband installed trailers for FEMA. Q100 Juror and someone close health negatively affected by time spent in trailer, park model, mobile home or other type of camper/RV, "Son suffered with asthma, we all suffered with allergies from time to time."Anti-corporation bias: Q69 Believes corporations have an unfair advantage in the court room, "Deep pockets." Bias against the government: Q82a Agrees strongly that "If a person claims injury based upon actions by government in an emergency, government should pay for the injury even when there is no proof that the government did something wrongQ93. Very concerned about environmental toxins causing harm. Q94 Exposed to chemicals that are

potential health hazard, plant workers. Q120 Feels it is very dangerous for someone to be exposed to formaldehyde.

**PLAINTIFF'S RESPONSE:**

Ms. Gibson should not be excused for cause. On her questionnaire, Ms. Gibson indicated that (QQ71, 83) she feels she could fairly decide a lawsuit involving an individual against a corporation as well as an individual against the government, (Q77) and thinks that corporations generally try to make their products safe. (Q100) Ms. Gibson does not believe that her health or the health of anyone close to her has been negatively affected by time spent in a travel trailer, park model manufactured housing unit (mobile home) or any other type of camper or recreational vehicle. Furthermore, Ms. Gibson stated that (Q25) she would be able to maintain her honest beliefs about what the evidence shows, while at the same time giving full consideration to the views of other jurors without hesitation to re-examine her own opinion and change her mind, if convinced she is wrong, and (Q127) that she would not have trouble being open-minded in a case involving a person suing the trailer manufacturers, installation and maintenance contractors, and FEMA for formaldehyde exposure from their FEMA-issued trailers. Ms. Gibson has never been injured by a product she thought was defective (Q59).

26.     **CHARLENE GONZALES**

Anti-corporation bias: Q69 Believes corporations have an unfair advantage in the courtroom, "Money for lawyers." Q75 Believes most companies try to do anything they can to make the highest profit possible, without regard to honesty and/or ethics. Q76 Believes before putting a product on the market, typical American companies do an inadequate job of safety testing Q82a Agrees that "If a person claims injury based upon actions by government in an emergency, government should pay for the injury even when there is no proof that the government did

something wrong." Q81 Has concerns about the Fed Gov't that would influence ability to be fair and impartial." Q120 Feels it is very dangerous for someone to be exposed to formaldehyde.

**PLAINTIFF'S RESPONSE:**

Ms. Gonzales should not be excused for cause. Ms. Gonzales (Q71) feels she could fairly decide a lawsuit involving an individual against a corporation and believes that (Q77) corporations generally try to make their products safe. Ms. Gonzales also indicated that he believes that (Q65) too many people too often file frivolous lawsuits to address grievances (Q79) and does not believe the government should provide free healthcare to all Americans. Ms. Gonzales (Q64) has never had a dispute with the Federal Government or a federal government agency and (Q72) has never had a serious, negative dispute with a manufacturer over the quality of a product. Additionally, she (Q122) does not claim and does not know anyone who claims, to have a disease or injury associated with formaldehyde exposure.

27.   **EVELYN HARRISON**

Anti-corporation bias: Q69 Believes corporations have an unfair advantage in the courtroom, "In my opinion, the corporation has the resources to pursue a victory more often then not."  Q70 Believes system of lawsuits gives unfair disadvantage to people who file lawsuits, "Unsure of why." Q120 Feels it is very dangerous for someone to be exposed to formaldehyde. Q93 Very concerned about environmental toxins cause harm.

**PLAINTIFF'S RESPONSE:**

Ms. Harrison should not be excused for cause. On her questionnaire, Ms. Harrison indicated that (QQ71, 83) she feels she could fairly decide a lawsuit involving an individual against a corporation as well as an individual against the government, (Q77) and thinks that corporations generally try to make their products safe. (Q100) Ms. Harrison does not believe that

14

her health or the health of anyone close to her has been negatively affected by time spent in a travel trailer, park model manufactured housing unit (mobile home) or any other type of camper or recreational vehicle. Furthermore, Ms. Harrison stated that (Q25) she would be able to maintain her honest beliefs about what the evidence shows, while at the same time giving full consideration to the views of other jurors without hesitation to re-examine her own opinion and change her mind, if convinced she is wrong, and (Q127) that she would not have trouble being open-minded in a case involving a person suing the trailer manufacturers, installation and maintenance contractors, and FEMA for formaldehyde exposure from their FEMA-issued trailers. Ms. Harrison has never been injured by a product she thought was defective (Q59).

29.     **IMOGENE JOHNSON**

Demonstrates bias against corporations and concern regarding corporations' advantage in court. Q69 Believes corporations have an unfair advantage in the courtroom, "They are able to have (buy) the best lawyer available."Q70 Believes system of lawsuits gives unfair disadvantage to people who file lawsuits, "After medical bills are paid there is hardly nothing left for that individual."Q75 Believes most companies try to do anything they can to make  the highest profit possible, without regard to honesty and/or ethics. Q76 Believes before putting a product on the market, typical American companies do a very inadequate job of safety testing. Already holds manufacturer Forest River, Inc. responsible: Q105 Has opinions about trailer manufacturers that would make juror favor one side over the other in this lawsuit, "If it's your product and someone got sick from it, you should be held responsible." Demonstrates bias against corporations and concern regarding corporations' advantage in court. Q69 Believes corporations have an unfair advantage in the courtroom, "They are able to have (buy) the best lawyer available." Q70 Believes system of lawsuits gives unfair disadvantage to people who file lawsuits, "After

medical bills are paid there is hardly nothing left for that individual."Q75 Believes most companies try to do anything they can to make the highest profit possible, without regard to honesty and/or ethics. Q76 Believes before putting a product on the market, typical American companies do a very inadequate job of safety testing. Already holds manufacturer Forest River, Inc. responsible. Q105 Has opinions about trailer manufacturers that would make juror favor one side over the other in this lawsuit, "If it's your product and someone got sick from it, you should be held responsible."

**PLAINTIFF'S RESPONSE:**

Ms. Johnson should not be excused for cause. (Q100) Ms. Johnson does not believe that her health or the health of anyone close to her has been negatively affected by time spent in a travel trailer, park model manufactured housing unit (mobile home) or any other type of camper or recreational vehicle. Furthermore, Ms. Johnson stated that (Q25) she would be able to maintain her honest beliefs about what the evidence shows, while at the same time giving full consideration to the views of other jurors without hesitation to re-examine her own opinion and change her mind, if convinced she is wrong, and (Q127) that she would not have trouble being open-minded in a case involving a person suing the trailer manufacturers, installation and maintenance contractors, and FEMA for formaldehyde exposure from their FEMA-issued trailers. Ms. Johnson has never been injured by a product she thought was defective (Q59).

31.   **JULES LAGARDE**

Anti-corporation bias: Q75 Believes most companies try to do anything they can to make the highest profit possible, without regard to honesty and/or ethics.Q76 Believes before putting a product on the market, typical American companies do an inadequate job of safety testing

Q82a Agrees that "If a person claims injury based upon actions by government in an emergency, government should pay for the injury even when there is no proof that the government did something wrong." Negative personal experience:Q119 Based on what he's read has opinions about effects of formaldehyde, "I do not like the hurting of the olfactory senses."

Q112 Sister lived in FEMA trailer.

**PLAINTIFF'S RESPONSE:**

Mr. Lagarde should not be excused. Mr. Lagarde (QQ71, 83) feels he could fairly decide a lawsuit involving an individual against a corporation as well as between an individual and the government. He is (Q120) unsure of how dangerous it is for someone to be exposed to formaldehyde, which counters defense's claim that he has already formed an opinion about formaldehyde. Furthermore, Mr. Lagarde stated that (Q25) he would be able to maintain his honest beliefs about what the evidence shows, while at the same time giving full consideration to the views of other jurors without hesitation to re-examine his own opinion and change his mind, if convinced he is wrong, and (Q127) that he would not have trouble being open-minded in a case involving a person suing the trailer manufacturers, installation and maintenance contractors, and FEMA for formaldehyde exposure from their FEMA-issued trailers. (QQ94, 95) Neither Mr. Lagarde, nor a family member or someone close to him was exposed to and/or injured by exposure to substances or chemicals which were a potential health hazard.

32.   **GLENDA LEE**

Q127 Juror admits cannot be open-minded in the case, 'My spouse has installed trailers for FEMA."Q105 Has opinions about trailer manufacturers that would make jury favor one side over the lawsuit, "It seems that safety may have been overlooked per news media." Has concerns about the Fed Gov't that would influence ability to be fair and impartial, "Everyone in the

country has these concerns." Demonstrates anti-corporation sentiment.Q69 Believes corporations have an unfair advantage in the courtroom, "When put up against an individual, the corporation has more resources." Q74 Positive corporations conspire. Q75 Believes most companies try to do anything they can to make the highest profit possible, without regard to honesty and/or ethics. Believes trailers dangerous, biased against defense. Q119 "Formaldehyde is a carcinogen, exposure is regulated by the government and must be monitored."Q120 Feels it is very dangerous for someone to be exposed to formaldehyde.Q93 Very concerned about environmental toxins causing harm. Q114 Brother lived in housing provided by FEMA. Q99 Has safety concerns about travel trailers or RVs, "as seen in news, hazardous chemicals in trailers."

**PLAINTIFF'S RESPONSE:**

Ms. Lee should not be excused for cause. Ms. Lee agrees that (Q85) the government does a good job of protecting the public from toxic substances in the environment, (QQ76, 77) that before putting a product on the market, he believes the typical American company does safety testing of that product that is adequate and thinks that corporations generally try to make their products safe. (Q71) feels she could fairly decide a lawsuit involving an individual against a corporation.

33.     **KIM LEWIS**

Various incidents of self and family exposure to toxins and already indicates cannot be fair. Q115 Has opinions about trailer manufacturers that would make juror favor one side over the other in this lawsuit. Q75 Believes most companies try to do anything they can to make the highest profit possible, without regard to honesty and/or ethics. Q120 Feels it is very dangerous for someone to be exposed to formaldehyde. Q93 Very concerned about environmental toxins causing harm

**PLAINTIFF'S RESPONSE:**

Ms. Lewis should not be excluded for cause as she has not indicated she cannot be fair at trial. According to her questionnaire, she believes corporations do not get a disadvantage at trial (Q69).  Furthermore, she believes the government both protects people from toxins (Q85) and does a good job monitoring safety (Q87).  Ms. Lewis also believes that most businesses conduct adequate testing of their product before putting it on the market (Q76) and corporations generally try to make their products safe (Q77).

Ms. Lewis also feels that too many people file frivolous lawsuits (Q65).  In Q68, she circles "8" out of "10" on the scale of being able to get a fair trial.  In Q69, she indicates that the facts of the case should dictate the outcome of the trial.  She reiterates this sentiment in Q70 where she states the outcome of "lawsuits should be base[d] on the truth of the evidence."  She indicates she could fairly decide a lawsuit involving an individual against a corporation (Q71) and between an individual and the government (Q83).

Further, Ms. Lewis states that she does not believe it's the government's responsibility to provide displaced individuals with housing after a disaster (Q80) and disagrees that the government should pay for any such emergency assistance without proof that the government did something wrong (Q82).

36.  **DENSON PITTMAN**

Already holds manufacturer responsible: Q127 Believes he would have difficulty being open-minded in this case because, "Trailer manufacturers should be solely responsible for their products. They put these trailers on the market. They are responsible!"

Q81 Has concerns about the Fed Gov't that would influence ability to be fair and impartial, "Because we pay taxes."Q82a Agrees that "If a person claims injury based upon actions by

government in an emergency, government should pay for the injury even when there is no proof that the government did something wrong."Q69 Believes corporations have an unfair advantage in the courtroom because, "They can afford the best representations." Cannot be fair: Q78 Has concerns about holding a manufacturer legally responsible if a consumer gets sick from their product, "If it's their product then they are absolutely responsible for putting unsafe products on the market."

**PLAINTIFF'S RESPONSE:**

Mr. Pittman should not be excluded for cause as she has not indicated that he is biased or that he already holds the manufacturer responsible.  Mr. Pittman indicates that he is could fairly decide a lawsuit against a corporation (Q71) as well as between an individual and the government (Q83). He also believes that corporations generally try to make their products safe (Q77).

Mr. Pittman also expresses that he does not have any safety concerns about travel trailers, park models or manufactured housing (Q99). He also indicates that he does not have any opinions regarding a lawsuit between an emergency aid recipient and a company that manufactures travel trailers "because he doesn't know enough about either one of them" (Q105).


37.   **KAYLA PORTIER**

Holds Manufacturer responsible: Q69 Believes corporations have an unfair advantage in the courtroom because, "they have larger sums of money to get higher paid lawyers and others needed to help their case."Q78 Has concerns about holding a manufacturer legally responsible if a consumer gets sick from their product,"They should have found all possible ways to make the product safe then tested it out for months making sure there were no issues with it before making

it available to the public." Q119 Based on what she has read or heard she believes that formaldehyde "is the root of most health problems"Formed opinion regarding key issue: Q120 Believes it is very dangerous for someone to be exposed to formaldehyde.

**PLAINTIFF'S RESPONSE:**

Ms. Portier should not be excluded for cause as she has not indicated that she is biased. She indicates that FEMA does an acceptable job handling disasters, and "people just expect too much from the government" (Q107).  Also, she has not formed an opinion regarding who is responsible in this litigation (Q105) and she would not have trouble being open-minded in a case involving a person suing because of their formaldehyde exposure from their FEMA-issued trailers (Q127).

Ms. Portier believes too many people file frivolous lawsuits (Q65) and she could fairly decide a lawsuit involving an individual against a corporation (Q71). Additionally, she believes that the typical American company does "adequate" safety testing (Q76) and generally tries to make their products safe (Q77).

Ms. Portier does not believe that it's the government's responsibility to provide housing after a disaster (Q80).  Further, she does not believe the government should pay for an injury that occurred as a result of that emergency action, if there is no proof that the government did something wrong (Q82).  Additionally, she indicates that she agrees the government does a good job of protecting the public from toxic substances in the environment (Q85).

38.   **SHAUN RAPP**

Anti-corporation bias: Personal medical limitations. Q127 Believes he would have trouble being open-minded in this case because "It would include me thinking critically, clearly and sufficiently. On the other hand, identifying key components of the case and being honest in

decision making as well as distinguishing between right and wrong may be affected by a closed head injury." Q100 Believes his "mother's health has been affected due to being placed in a FEMA trailer and me being able to move around on a regular basis. Being in closed areas, not having accurate appliances made health deteriorate." Q25 Does not believe he can maintain his honest beliefs while giving fair consideration to other jurors "Due to having a closed head injury it is harder for me to distinguish clearly and effectively based on various information" Q109 His mother was issued FEMA housing and financial assistance "No specific dates or times identified." Q81 Has concerns about the Fed. Govt "that may influence ability to be fair and impartial juror." Q69 Believes corporations have an unfair advantage in the courtroom, "Sometimes they do because they have greater power and authority." Q78 Has concerns about holding a manufacturer legally responsible if a consumer gets sick from their product," I believe products should be held responsible if they are going to market the product to people in society. The safety of the people comes first."Q96/112/114 His mother "was placed in a trailer park in Plaquemines Parish under FEMA." Q99Has concerns about travel trailers, park models or manufactured housing units "they are poorly constructed and not as efficient as a house or trailer." Q94 "Father worked for a heliport service which exposed him to gasoline on a daily basis and I believe it gave him cancer."

**PLAINTIFF'S RESPONSE:**

Mr. Rapp should not be excluded for cause as he has not indicated an anti-corporation bias.  Mr. Rapp states he could fairly decide a lawsuit against a corporation (Q71).

Mr. Rapp further indicates that he believes most companies try to conduct their business in an honest and ethical manner (Q75).  In question 76, he indicates that he believes the typical American company does "adequate" safety testing of a product before putting a product on the

market.  He reaffirms this opinion in question 77 where he indicates that he thinks corporations generally try to make products safe.

Mr. Rapp disagrees with the statement that the government should be forced to pay for an injury resulting from their emergency actions when there is no proof the government did something wrong (Q82).  Mr. Rapp has not formed any opinions regarding litigation brought by an emergency aid recipient against a company that manufactures travel trailers (Q105). Further, Mr. Rapp has not formed any opinion regarding the overall effects (Q119) or the danger levels of exposure to formaldehyde (Q120).

39.   **CLAUDIA SMITH**

Already made up mind in case and will not change it: Q25 Believes it will be impossible to maintain beliefs about what evidence shows yet give consideration to other's views and be willing to change mind "I believe that my first decision is the best answer"

Q78 Has concerns about holding a product manufacturer responsible if a consumer of the product gets sick from exposure, "If the product is hazardous I believe they should be held responsible." Q70 Believes system of lawsuits gives unfair disadvantage to people who file lawsuits, "There is always a way around the system." Q74 Positive corporations conspire. Q75 Believes most companies try to do anything they can to make the highest profit possible, without regard to honesty and/or ethics. Q119 Believes formaldehyde exposure, "can be harmful"

Q120 Feels it is very dangerous for someone to be exposed to formaldehyde. Q122 Someone close has a disease or injury they believe is from formaldehyde exposure, "Friend claims to have it after living in FEMA housing after Katrina and Rita"

**PLAINTIFF'S RESPONSE:**

Ms. Smith should not be excluded for cause as she has not already made up her mind. Ms. Smith indicated that she does not believe the government should be held liable if you cannot prove the government did something wrong (Q82). Ms. Smith has also indicated she is undecided if a person should be allowed to sue the government regarding assistance provided (Q82). In fact, Ms. Smith believes that "people tend to take advantage of big corporations" (Q69).

Ms. Smith does not believe it is the government's responsibility to provide housing after a natural disaster (Q80). Further, she does not have bias against government that would influence her ability to be fair and impartial (Q81) nor does she have any opinion regarding FEMA contracts that would make her favor one side over the other (Q115). Ms. Smith does not believe she will have trouble being open-minded in this case as "you can sue for free assistance" (Q127).

41.   **PAMELA STERN**

Experience and concerns regarding toxins in home. Q82a Agrees that "If a person claims injury based upon actions by government in an emergency, government should pay for the injury even when there is no proof that the government did something wrong." Q120 Feels it is very dangerous for someone to be exposed to formaldehyde. Q99 Has safety concerns about travel trailers or RVs "Are they safe?" Q93 Very concerned about environmental toxins causing harm.

**PLAINTIFF'S RESPONSE:**

Ms. Stern should not be excluded for cause simply because she expressed concern over toxins in her home. In fact, she indicates that she does not believe corporations conspire to hide health and safety information from the public (Q74). Also , she indicates she believes most

businesses are conducted in an ethical manner (Q75), most products are adequately tested before being put on the market (Q76) and corporations generally try to make their products safe (Q77). She has not formed any opinions about the overall effects of formaldehyde on a person (Q119). Additionally, she "agrees" the government does a good job of protecting the public from toxic substances in the environment (Q85). She has not formed any opinions regarding the companies FEMA contracted with to install and maintain travel trailers (Q115), nor does she have opinions regarding manufacturers that would make her favor one side over the other in a lawsuit (Q105). In fact, she indicates she believes there are too many frivolous lawsuits (Q65) and there should be a fixed limit on the amount of compensation (Q66).

She indicates she could fairly decide a lawsuit involving an individual against a corporation (Q71).  Finally, she states there is nothing that would prevent her from being open-minded in litigation involving an individual suing the manufacturer of a FEMA trailer for formaldehyde exposure (Q127).

42.   **SHANNON SWAN**

Biased against defendant, has experience with FEMA trailers. Already formed opinions about key issues. Q115 Has opinions about trailer manufacturers that would make juror favor one side over the other in this lawsuit, "They are all crooks." Q37/108 She helped FEMA place trailers after Katrina. Q81 Has concerns about the Fed Govt. that would influence ability to be fair and impartial "I don't agree with most political policies." Q69 Believes corporations have an unfair advantage in the courtroom. Q74Positive corporations conspire. Q75 Believes most companies try to do anything they can to make the highest profit possible, without regard to honesty and/or ethics.  Q119 Has strong opinions about formaldehyde, "Formaldehyde is used for embalming. It

dries you out. It's toxic." Q120 Feels it is very dangerous for someone to be exposed to formaldehyde.

**PLAINTIFF'S RESPONSE:**

Ms. Swan should not be excluded for cause as she has not formed opinions about key issues and is not biased against the defendant.  She has indicated that she can maintain her beliefs about what the evidence shows, and give full consideration to the views of other jurors without hesitation (Q25).

In question 76, she indicates most business conduct adequate testing and generally tries to make the product safe (Q77).  She also states that it is not the government's responsibility to provide housing after a natural disaster (Q80), but instead you should "provide housing for yourself" (Q106). Additionally she believes the government should not have to pay a personal injury claim if there is no proof they did something wrong, nor should individuals have the right to sue the federal government related to government assistance (Q82).  To explain her position, she states "don't bite the hand that feeds you" (Q127).

Although it is alleged that she helped place trailers after Katrina, she described her position as purely clerical and listed her dates of employment as November 1995 to January 1996 (Q37).

Ms. Swan not only believes that too many people file frivolous lawsuits (Q65) but there should also be a fixed amount of compensation a plaintiff may recover (Q66). She is also supports legislative reforms to place limits or caps on jury awards as "some awards are way out of line" (Q67).   Additionally, she indicates she could fairly decide a lawsuit involving an individual against a corporation (Q71) and between an individual and the government (Q83).

43.    **DEBORAH TAYLOR HUNTER**

Anti-corporation bias: Q105 Has opinions about trailer manufacturers that may make her favor one side over the other in this lawsuit, "Every (can't make out) has the right to live in a healthy and safe environment-home- and to have all of the safety dangerous information to make their mind up as to living in that situation" Q75 Believes most companies try to do anything they can to make the highest profit possible, without regard to honesty and/or ethics. Q81 Has concerns about the Fed. Govt that would influence ability to be fair and impartial "What the government does or decides affects the people as well, maybe more." Q120 Feels it is a very dangerous for someone to be exposed to formaldehyde.  Q93 Very concerned about environmental toxins causing harm.

**PLAINTIFF'S RESPONSE:**

Ms. Taylor Hunter should not be excluded for cause as she does not already "favor one side" as the defense suggests.  According to her questionnaire, she had "no negative effect from her time in trailer" (Q100).  Further, she stated that FEMA does a good job helping people after disasters (Q107) and she was treated "great" (Q110). She also indicated she would be able to fairly decide a lawsuit between a corporation and an individual (Q71), and is doubtful corporations conspire (Q74).  She also indicates that she could fairly decide a lawsuit between an individual and the government (Q83).

Ms. Taylor Hunter indicates that she would be open-minded in a case involving a person suing the trailer manufacturers regarding formaldehyde exposure (Q127). In fact, she has not formed any opinion on the overall effects of formaldehyde exposure on a person (Q119).  In question 85, Ms. Taylor Hunter indicates that she "agrees strongly" with the statement the government does a good job of protecting the public from toxic substances in the environment.

Furthermore, Ms. Taylor indicates she believes the typical company does "adequate" testing of a product before putting it on the market (Q76), and corporations generally make their products safe (Q77).

Ms. Taylor Hunter disagrees with the statement that the government should pay for the injury caused by an action taken during an emergency when there is no proof the government did something wrong  (Q82a).  Additionally, she indicates she "agrees strongly" with the statement that a person should have no right to sue the federal government over injuries related to government assistance (Q82b).

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE**
**PRODUCT LIABILITY LITIGATION**

BY:     s/Gerald E. Meunier
         GERALD E. MEUNIER, #9471
         **PLAINTIFFS' CO-LIASON COUNSEL**
         Gainsburgh, Benjamin, David, Meunier &
         Warshauer, L.L.C.
         2800 Energy Centre, 1100 Poydras Street
         New Orleans, Louisiana 70163
         Telephone: 504/522-2304
         Facsimile:  504/528-9973
         gmeunier@gainsben.com

         s/ Justin I. Woods
         JUSTIN I. WOODS, #24713
         **PLAINTIFFS' CO-LIASON COUNSEL**
         Gainsburgh, Benjamin, David, Meunier &
         Warshauer, L.L.C.
         2800 Energy Centre, 1100 Poydras Street
         New Orleans, Louisiana 70163
         Telephone: 504/522-2304
         Facsimile:  504/528-9973
         jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'**
**STEERING COMMITTEE**
ANTHONY BUZBEE, Texas #24001820
ROBERT BECNEL, #14072
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
DENNIS REICH, Texas #16739600
MIKAL WATTS, Texas #20981820

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document had been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on March 3, 2010.

/s/Gerald E. Meunier___
GERALD E. MEUNIER