# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA
### NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                          MDL NO. 07-1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                 SECTION N-5

                                             JUDGE ENGELHARDT
                                             MAG. JUDGE CHASEZ


THIS DOCUMENT IS RELATED TO:

*Nunnery, et al v. Keystone RV Industries., et al,*
*Case No. 09-3871*


* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *


## MEMORANDUM IN SUPPORT OF DEFENDANT UNITED STATES
## OF AMERICA'S MOTION TO DISMISS PLAINTIFF DAVID MCGRAW'S
## FTCA CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION

## TABLE OF CONTENTS

**Table of Contents**................................................................. i

**Table of Authorities**.......................................................... ii

**INTRODUCTION**............................................................. 1

**STATEMENT OF MATERIAL FACTS**...................................... 3

**STANDARD OF REVIEW**................................................... 9

**ARGUMENT**.................................................................. 12

      **Mr. McGraw's FTCA Claims Are Barred By The FTCA Statute Of Limitations Because His Claim Accrued On Or Before June 1, 2007, And He Presented His Claim To FEMA On June 1, 2009, Well Beyond The Two-Year Limitation..**...... 12

**CONCLUSION.** ............................................................. 20

i

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Albertson v. T.J. Stevenson & Co., Inc.*,
    749 F.2d 223 (5th Cir. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Bailes v. United States*,
    988 F.2d 1209, 1993 WL 82030 (5th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Bailey v. United States*,
    642 F.3d 344 (9th Cir. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Beech v. United States*,
    345 F.2d 872 (5th Cir. 1965). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Bellecourt v. United States*,
    994 F.2d 427 (8th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Childers v. United States*,
    442 F.2d 1299 (5th Cir. 1971). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Crack v. United States*,
    694 F.Supp. 1244 (E.D. Va. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*FDIC v. Meyer*,
    510 U.S. 471 (1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Gaar v. Quirk*,
    86 F.3d 451 (5th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Harrison v. United States*,
    708 F.2d 1023 (5th Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Houston v. U.S. Postal Service*,
    823 F.2d 896 (5th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Industrial Constr. Corp. v. U.S. Bureau of Reclamation*,
    15 F.3d 963 (10th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*In re FEMA Trailer Formaldehyde Products Liability Litigation*,
    2010 WL 360361 (E.D. La. Jan. 22, 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 11, 17, 18

*In re FEMA Trailer Formaldehyde Products Liability Litigation*,
    2010 WL 323898 (E.D. La. Jan. 21, 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 11, 14, 18

*In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*,
    2009 WL 2599195 (E.D. La. Aug. 21, 2009). . . . . . . . . . . . . . . . . . . 3, 10, 11, 16, 17, 18

*John R. Sand & Gravel Co. v. United States*,
    552 U.S. 130 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Johnson v. United States*,
    460 F.3d 616 (5th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 17

*Land v. Dollar*,
    330 U.S. 731 (1947). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*MacMillan v. United States*,
    46 F. 3d 377 (5th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Marley v. United States*,
    567 F.3d 1030 (9th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Menchaca v. Chrysler Credit Corp.*,
    613 F.2d 507 (5th Cir. 1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Mortensen v. First Fed. Savings & Loan Ass'n.*,
    549 F.2d 884 (3d Cir. 1977). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Perez v. United States*,
    167 F.3d 913 (5th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Ramming v. United States*,
    281 F.3d 158 (5th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12

*Reynolds v. United States*,
    748 F.2d 291 (5th Cir. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Richards v. United States*,
    369 U.S. 1 (1962). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Steel Co. v. Citizens for a Better Env't.*,
    523 U.S. 83 (1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*TRW, Inc. v. Andrews*,
    534 U.S. 19 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States ex rel. Reagan v. E. Tex. Med. Ctr. Reg'l Healthcare Sys.*,
    384 F.3d 168 (5th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Kubrick*,
    444 U.S. 111 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9. 10, 13, 16

*Williamson v. Tucker*,
    645 F.2d 404 (5th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## FEDERAL STATUTES

28 C.F.R. §14.2(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Fed. R. Civ. P. 12(b)(1) and 12(h)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 10, 11, 12

Fed. R. Civ. P. 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Federal Tort Claims Act, 28 U.S.C. §§1346(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 2401(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 10, 13, 14, 19

Tucker Act, 28 U.S.C. § 2501 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## INTRODUCTION

The United States of America ("United States") submits this memorandum in support of its Fed. R. Civ. P. 12(b)(1) and 12(h)(3) motion to dismiss Plaintiff David McGraw's Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671-80, claims for lack of subject matter jurisdiction. Mr. McGraw's claims against the United States are barred because he failed to present his administrative claim to the Federal Emergency Management Agency ("FEMA") within the FTCA's two-year statute of limitations period. 28 U.S.C. § 2401(b).

In June 2006, FEMA issued a trailer to Mr. McGraw's sister and that trailer was installed in Mr. McGraw's backyard at 5212 Dauphine Street, New Orleans, Louisiana. Exh. 1, McGraw Depo. 126-28:2-17. In late July 2006, FEMA issued a travel trailer manufactured by Keystone RV Company ("Keystone") to Mr. McGraw and that trailer was also installed in Mr. McGraw's backyard near his sister's trailer. Exh. 1, McGraw Depo. 334-35:4-3.

Mr. McGraw lived in his sister's trailer for approximately two to three weeks, commencing in late June or early July 2006, and towards the end of July 2006, moved from his sister's trailer into the Keystone unit. Exh. 1, McGraw Depo. 126-27:2-21. On or before December 2007, Mr. McGraw vacated the FEMA issued Keystone trailer and moved back into his house. Exh. 1, McGraw Depo. 69-70:23-9 .[1]

---

[1] The date Mr. McGraw actually vacated the travel trailer and moved back into his house is unclear. *Compare* First Supplemental and Amending Complaint for Damages ¶14 ("Supp. Complt.") (trailer vacated in July 2007) (Rec. Doc. 10274); Exh. 1, McGraw Depo. 69-70:23-9 (trailer vacated in November or December 2007); 285-87:4-17 (authenticating and verifying accuracy of information in Plaintiff Fact Sheet); Exh. 2, McGraw Plaintiff Fact Sheet ("PFS") at 9, 11 (trailer vacated in July 2007). However, the date Mr. McGraw vacated the trailer is not germane to the timeliness of his administrative claim, and accordingly, it is not necessary for the Court to resolve this potential factual dispute for purposes of addressing the instant motion.

Shortly after he moved into the FEMA issued trailers, Mr. McGraw experienced headaches, nausea, abdominal pain, diarrhea, shortness of breath, persistent cough, and he began to suffer allergies for the first time in his life.  Exh. 1, McGraw Depo.  63-64:7-8; Exh. 2, McGraw PFS at 3-4.  Mr. McGraw testified at his deposition that:

> In '06, somewhere like July or August, the sinus started flaring up real bad, and I mean real bad, just constantly.  After that certain period, every day sinus, where I wake up in the middle of the night because I can't breathe, because my nose is stopped up.  Wake up in the morning, I got to blow the mucus out my nose, because I can't breathe.  It was an everyday thing ever since then.

McGraw Depo. 63-64:7-8.  Mr. McGraw never experienced any of these types of illness or diseases before moving into the FEMA trailers.  Exh. 1, McGraw Depo. 244-47:2-10; Exh. 2, McGraw PFS at 4.

On June 23, 2008, well within two years of the accrual of his claim and well within FTCA two-year statute of limitations, Mr. McGraw retained the Hurricane Legal Center ("HLC") to pursue his claims for damages arising out of exposure to formaldehyde.  Exh. 1, McGraw Depo. 225-26:25-16; 228:4-14; Exh. 3, HLC Contract at 1-4.  On June 1, 2009, almost one year later, well after expiration of the two-year statute of limitations, FEMA received a Standard Form ("SF") 95 Administrative Claim executed by HLC on behalf of Mr. McGraw.  Exh. 4, Fed. Exp. Mailing Label/Receipt & Administrative Claim at FEMA-001011-12, 14-16; Exh. 5, Dec. M. Schrauger ¶¶4-5.  That Administrative Claim is dated May 26, 2009, and HLC asserts that formaldehyde in the trailers caused Mr. McGraw $176,000 in damages; $36,000 in property damage and $140,000 in personal injury.  Exh. 4, Fed. Exp. Mailing Label/Receipt & Administrative Claim at FEMA-001014.

On June 15, 2010, Mr. McGraw filed suit against Keystone and CH2M Hill Environmental, Inc. ("Hill").  *See* Complaint, *Nunnery, et. al. v. Keystone Indus. Inc., et. al.*, Docket No. 09-3871 (E.D. La.) (Rec. Doc. 1).  On January 14, 2010, more than six-months after HLC's June 1, 2009, presentation of Mr. McGraw's SF 95 Administrative Claim to FEMA, Mr. McGraw Amended his Complaint to assert claims against the United States.  *See* Supp. Complt. ¶2(a) (Rec. Doc. 10274).

This Court lacks jurisdiction over Mr. McGraw's FTCA claim because it is barred by the FTCA's two-year statute of limitations.  28 U.S.C. § 2401(a); *see also In re FEMA Trailer Formaldehyde Products Liability Litigation*, 2010 WL 360361 (E.D. La. Jan. 22, 2010)(holding that Earline Castanel's FTCA claims are barred by FTCA statute of limitations); *In re FEMA Trailer Formaldehyde Products Liability Litigation*, 2010 WL 323898 (E.D. La. Jan. 21, 2010) (holding that Lyndon Wright's FTCA claims are barred by FTCA statute of limitations); *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.,* 2009 WL 2599195 (E.D. La. Aug. 21, 2009) (holding that Chris Cooper's FTCA claims are barred by FTCA statute of limitations).  Mr. McGraw's claim accrued on or before October 2006, and FEMA received Mr. McGraw's FTCA claim on June 1, 2009, well after expiration of the statute.

## STATEMENT OF MATERIAL FACTS

1.      In response to Hurricane Katrina, Mr. McGraw evacuated New Orleans and moved to Sulphur, Louisiana.  Exh. 1, McGraw Depo. 51:9-14; 108-09:11-8.  In January 2006, Mr. McGraw returned to New Orleans.  Exh. 1, McGraw Depo. 120-22:25-22; 125:6-17.  For the first five or six months – January 2006 to June 2006 – Mr. McGraw stayed at the Hilton Hotel on Airline Highway.  Exh. 1, McGraw Depo. 122-23:12-1; 125-26:11-7.  In June 2006, he moved to

his niece's apartment in Metarie, Louisiana.  Exh. 1, McGraw Depo. 120-22:25-22;125:6-17.
Mr. McGraw stayed with his niece for approximately two to three weeks.  Exh. 1, McGraw
Depo. 122-23:12-19; 125-26:11-7.

2.     In June 2006, a FEMA trailer issued to Mr. McGraw's sister was installed in the
backyard of Mr. McGraw's property, 5212 Dauphine Street, New Orleans, Louisiana.  Exh. 1,
McGraw Depo. 126:2-20; 136-40:3-9.  In late June or early July 2006, Mr. McGraw vacated his
niece's apartment and moved into that trailer.  Exh. 1, McGraw Depo. 126-28:2-11; Exh. 2,
McGraw PFS at 9; Supp. Complt. ¶¶10, 14 (Rec. Doc. 10274).  Mr. McGraw lived in the trailer
that FEMA had issued to his sister for two to three weeks.  Exh. 1, McGraw Depo. 125-28:11-6.

3.     In late July 2006, a second FEMA trailer, this trailer issued to Mr. McGraw and
manufactured by Keystone, was installed in Mr. McGraw's backyard at 5212 Dauphine Street.
Exh. 1, McGraw Depo.136-40:3-9; Exh. 2, McGraw PFS at 9; Supp. Complt. ¶12 (Rec. Doc.
10274).  Mr. McGraw moved into this trailer in late July 2006.  Exh. 1, McGraw Depo. 136-
40:3-9; Exh. 2, McGraw PFS at 9; Supp. Complt. ¶12. (Rec. Doc. 10274).

4.     Mr. McGraw vacated the Keystone trailer on or before December 2007 after he
completed repairs to his house at 5212 Dauphine Street.  *See* Exh. 1, McGraw Depo. at 69-70:23-
9 (vacated trailer in November or December 2007); Exh. 2, McGraw PFS at 9, 11 (trailer vacated
in July 2007); Supp. Complt. ¶14 (trailer vacated in July 2007) (Rec. Doc. 10274).

5.     Before June 2006 and Mr. McGraw moving into the FEMA issued trailers, he was
not sick.  Exh. 2, McGraw PFS at 3-4.

6.     Within one or two months of moving into the FEMA issued trailers, Mr. McGraw
experienced headaches, nausea, abdominal pain, diarrhea, shortness of breath, persistent cough,

4

and he began to suffer allergies for the first time in his life.  Exh. 2, McGraw PFS at 3-4.

7.     Mr. McGraw asserts that he had not experienced any of these types of illness or diseases prior to living in the FEMA trailer.  Exh. 2, McGraw PFS at 4.  At his deposition taken on February 22, 2010, Mr. McGraw testified that:

Q     Why was it that you went to the  doctor?

A     Mostly because I had sinus problems.

Q     How long ago was this?  Two weeks ago?

A     Two weeks ago.

Q     When did the sinus problems you went to the doctor for, when did that start?

A     Well, these sinus problems, what I have now, been started.  Like I told him, my lawyer, I never had the money to go pay for a doctor, so I just originally went to the health clinic where it was for free.  So I been having real, real bad sinus problems when I was staying in the trailer.

Q     When did those start?

A     In '06, somewhere like July or August, the sinus started flaring up real bad, and I mean real bad, just constantly.  After that certain period, every day sinus, where I wake up in the middle of the night because I can't breathe, because my nose is stopped up.  Wake up in the morning, I got to blow the mucus out my nose, because I can't breathe.  It was an everyday thing ever since then.

*   *   *

Q     . . . You're saying the problems that started when you moved in your trailer, sinus problems, that's what you went to the doctor for just two weeks ago?

A     Yes.

Exh. 1, McGraw Depo. 63-64:7-22.

Q       Now, you also claim $140,000 in personal injuries; is that right?

A       Yes.

                              *    *    *

Q       . . . [W]hat is your definition of "personal injury"?

MR. WOODS:  Objection to the form of the question.

Q       Go ahead.

A       For once [sic], it's affecting my health.  Right now I'm going through
        something I never went through with this sinus stuff.  I never had sinus
        like this before, where every day I got to fight for my life just to breathe
        through my nose.

Q       Anything else?

A       Headaches and stuff like this.

Q       So there's sinus problems, headaches.  What else, sir?

A       Well, I have sometimes burning eyes.

                              *    *    *

Q       So we have burning eyes, sinus and --

A       And headaches.

Q       Anything else?

A       That's it.

Q       Those are the things that you believe were caused as a result of the trailer?

A       Yes.

Q       Now, did you suffer the burning eyes when you were in the trailer?

A       Yes.

Q        Did you ever suffer those burning eyes before you moved into the trailer?

A        No.

Q        These headaches that you're talking about, these are worse headaches than you had before you moved into the trailer?

A        Well, these like headaches [sic], I could take Excedrin and still have a headache.

Q        And that's what I'm getting at.  You indicated in response to Mr. Johnson's questions that before you moved into the trailer, you had some headaches, but you would take an aspirin or Excedrin and it would go away?

A        Yes.

Q        The headaches that you started suffering once you moved into the trailer, were they different?

A        They're different.

Q        And how were they different?

A        They're more extreme, they last more longer, and just hard to get rid of.

Q        The Excedrin doesn't work on them?

A        No.

Q        And you also indicated that the sinus problem is really bad?

A        Well, I have a sinus problem now since I been in that trailer like I never had before.

Q        In fact, when you were talking with Mr. Johnson about it, you said that once you moved in, after a month or so, it got really bad, the sinus problems?

A        Well, once I came down here from Lake Charles, my sinus problem was clear.  I stayed at the hotel for five months.  I never had a sinus problem.  I stayed by my niece a couple of weeks.  I never had a sinus problem.  So when I got in this trailer for a couple of weeks, my sinus started acting up.

Q      And these were problems that you didn't have before you got in the
       trailer?

A      That's it.

Exh. 1, McGraw Depo. 243-46:5-20.

8.      Mr. McGraw explained at his deposition he didn't know what in the trailer made

him sicker than he had ever been before, but he thought it was the trailer because he had never

had any of these problems before he moved into the trailer.  Exh. 1, McGraw Depo. 242-47:2-10;

327:12-13.

9.      On June 23, 2008, well within the FTCA two-year statute of limitations, Mr.

McGraw signed a Contingency Fee Contract with the Hurricane Legal Center ("HLC").  Exh. 1,

McGraw Depo. 225-26:25-16; 228:4-14; Exh. 3, HLC Contract at 1.  Pursuant to that contract

HLC agreed to represent Mr. McGraw and prosecute his claims for damages arising out of

exposure to formaldehyde.  Exh. 1, McGraw Depo. 256:3-8; Exh. 3, HLC Contract at 1.  Mr.

McGraw instructed his counsel that he did not have a wrongful death claim.  Exh. 1, McGraw

Depo. 227:21-14; 254-55:14-10; Exh. 3, HLC Contract at 4.

10.     On June 1, 2009, FEMA received an Standard Form ("SF") 95 Administrative

Claim from HLC. Exh. 4, Fed. Exp. Mailing Label/Receipt & Administrative Claim at FEMA-

001011-12, 14; Exh. 5, Dec. M. Schrauger ¶¶4-5.[2]  That claim was dated May 26, 2009, and

_____

[2]  On June 23, 2008, the same day that Mr. McGraw signed the contingency fee contract with
HLC, Mr. McGraw also signed a modified "Form 95 Administrative Claim."  Exh. 1, McGraw Depo.
252-56:15-15; Exh. 6, June 23, 2008, Modified Claim Form.  Mr. McGraw did not send that Claim Form
to FEMA, and does not know what his counsel did with that document.  Exh. 1, McGraw Depo.
252-56:15-15.  Mr. McGraw and HLC through Mr. McGraw's Plaintiff Fact Sheet, completed on August
3, 2009, certified that only the May 26, 2009, Administrative Claim form was submitted to FEMA.  Exh.
2, McGraw PFS §VIII (B) at MCGRAW_EX-000193, 204-06 (Mr. McGraw and HLC produced only the
May 26, 2009, Administrative Claim Form in response to PFS request to produce all claims submitted to

8

seeks $176,000 in damages; $36,000 for property damage and $140,000 for personal injury. Exh. 4, Fed. Exp. Mailing Label/Receipt & Administrative Claim at FEMA-001014.

11.     On June 15, 2009, Mr. McGraw filed suit against Keystone and Hill seeking damages for alleged injuries resulting from exposure to formaldehyde.  *See* Complaint, *Nunnery, et. al. v. Keystone Indus. Inc., et. al.*, Docket No. 09-3871 (E.D. La.) (Rec. Doc. 1).

12.     On January 14, 2010, Mr. McGraw filed an Amended Complaint and added the United States as a Defendant.  *See* Supp. Complt. ¶2(a) (Rec. Doc. 10274).

## STANDARD OF REVIEW

The Federal Government is immune from suit absent a waiver of its sovereign immunity. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  The FTCA "was designed primarily to remove the sovereign immunity of the United States from suits in tort and . . . to render the Government liable in tort as a private individual would be under like circumstances."  *Richards v. United States*, 369 U.S. 1, 6 (1962).  The United States' waiver of sovereign immunity, however, is conditioned on limitations and exceptions, including certain time restrictions on filing claims against the Government.  *See United States v. Kubrick*, 444 U.S. 111, 117-18 (1979).

Tort suits against the United States must be brought in strict compliance with the FTCA's limitations provisions.  *See Reynolds v. United States*, 748 F.2d 291, 292-93 (5th Cir. 1984); *see also Childers v. United States*, 442 F.2d 1299, 1303 (5th Cir. 1971) (stating that suits under the FTCA must be brought in exact compliance with the terms of the Government's consent to waive

---

the Government).  In addition, the Government has searched the administrative claims submitted by HLC to FEMA to determine whether HLC submitted and FEMA received the modified Administrative Claim Form dated June 23, 2008.  Exh. 5, Dec. M. Schrauger ¶¶4-5.  That search showed that the document was never received by FEMA.  Exh. 5, Dec. M. Schrauger ¶¶4-5.

sovereign immunity).  A jurisdictional prerequisite to filing suit under the FTCA is the filing of a timely administrative claim with the appropriate federal agency.  Although statutes of limitation are normally affirmative defenses, under the FTCA the time limitation is categorized as jurisdictional, meaning that a plaintiff's failure to comply deprives a federal court of subject matter jurisdiction over his claims.  *See Houston v. U.S. Postal Service*, 823 F.2d 896, 902 (5th Cir. 1987); *see also Ramming v. United States*, 281 F.3d 158, 165 (5th Cir. 2001) (limitations periods in statutes waiving sovereign immunity are jurisdictional); *Marley v. United States*, 567 F.3d 1030, 1035-36 (9th Cir. 2009) (holding that the FTCA's statute of limitations is jurisdictional); *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.,* 2009 WL 2599195 at *1 n.1 ("this Court assumes [that the FTCA's statute of limitations] is jurisdictional, and as such, determines this issue now as a threshold issue ripe for decision, before reaching the merits).[3/]

Because the FTCA's statute of limitations is jurisdictional, courts must avoid extending it beyond the limited waiver intended by Congress.  *Kubrick,* 444 U.S. at 117-18.  Further, the purpose of the FTCA's statute of limitations "is to require the reasonably diligent presentation of tort claims against the government."  *Id.* at 123.  Accordingly, this Court has previously recognized that the FTCA's statute of limitations should be strictly construed "so as to avoid extending the FTCA beyond the limited waiver that Congress intended and so as to encourage the prompt presentation of claims against the Government."  *In re FEMA Trailer Formaldehyde*

---

[3/]  The Fifth Circuit noted in *Perez v. United States,* 167 F.3d 913, 915-16 (5th Cir. 1999), that the jurisdictional nature of 28 U.S.C. §2401(b) was an open question due to the possible application of equitable tolling to the FTCA's statute of limitations.  Since *Perez*, however, the Supreme Court's decision in *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 132-34 (2008) – holding that a similar limitations provision in the Tucker Act, 28 U.S.C. §2501, was jurisdictional – likely conclusively answers the question regarding the jurisdictional nature of the FTCA's limitations provision.  *See Marley*, 567 F.3d 1030, 1034-37 (9th Cir. 2009); *In re FEMA Trailer Formaldehyde Prod. Liab. Litigation,* 2009 WL 2599195 at *3 (noting that "the FTCA's statute of limitations is jurisdictional; thus, it is not subject to equitable tolling").

*Prod. Liab. Litigation,* 2009 WL 2599195 at *3.

The Court should resolve whether Mr. McGraw filed a timely administrative claim pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3), which govern challenges to a court's subject matter jurisdiction. The Court can consider the factual materials that the United States has submitted in support of this motion, including the deposition testimony of Mr. McGraw without converting the motion into a motion for summary judgment. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980); *see also Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947) (stating that on a motion to dismiss for lack of jurisdiction, a court "may inquire by affidavits or otherwise, into the facts as they exist"). Moreover, such jurisdictional issues, whether they involve questions of law or fact, are for the court to decide. The standard for a factual motion to dismiss for lack of subject matter jurisdiction is different than the standard for a summary judgment motion under Rule 56 or the standard for a motion to dismiss under Rule 12(b)(6). Thus,

> the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case – there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981) (quoting *Mortensen v. First Fed. Savings & Loan Ass'n.*, 549 F.2d 884, 891 (3d Cir. 1977)).[4]

---

[4]  Courts, including this Court, have converted Fed. R. Civ. P. 12(b)(1) motions to dismiss into Fed. R. Civ. P. 56 motions for summary judgment when resolution of the jurisdictional question was inextricably intertwined with the merits of the case and materials outside of the pleadings have been submitted. *See United States ex rel. Reagan v. E. Tex. Med. Ctr. Reg'l Healthcare Sys.*, 384 F.3d 168, 173 (5th Cir. 2004); *see also* Order and Reasons at 6-9 (Rec. Doc. 717). However, as this Court has previously recognized, resolution of whether an FTCA claim is barred by statute of limitations is not intertwined with the substantive determination of the United States' negligence. *See In*

Jurisdiction is a threshold issue and the separation of powers doctrine requires a federal court to determine whether it has jurisdiction before reaching the merits of a case.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) ("[t]he requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of judicial power of the United States' and is 'inflexible and without exception'") (quoting *Mansfield, C. & L. M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)).  The Supreme Court has explained that "'[w]ithout jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Steel Co.,* 523 U.S. at 94 (citation omitted).  Thus, the Court should resolve jurisdictional issues of fact on the motion to dismiss, rather than apply a summary judgment standard and reserve ruling until after trial.

Additionally, because Mr. McGraw is invoking this Court's jurisdiction, he must establish compliance with the FTCA's administrative claim requirement and statute of limitations; and mere "conclusory statements" regarding jurisdiction do not suffice.  *See Gaar v. Quirk*, 86 F.3d 451, 453 (5th Cir. 1996).  In the context of the FTCA's statute of limitations, the Fifth Circuit has specifically stated that "[t]he burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming*, 281 F.3d at 161.

## ARGUMENT

**Mr. McGraw's FTCA Claims Are Barred By The FTCA Statute Of Limitations Because His Claim Accrued On Or Before October 2006, And He Presented His Claim To FEMA On June 1, 2009, Well Beyond The Two-Year Limitation Period.**

---

*re FEMA Trailer Formaldehyde Products Liability Litigation*, 2010 WL 360361 (Castanel)*; In re FEMA Trailer Formaldehyde Products Liability Litigation*, 2010 WL 323898 (Wright); *In re FEMA Trailer Formaldehyde Prod. Liab. Litigation*, 2009 WL 2599195 (Cooper).

Mr. McGraw's FTCA claims are barred by the FTCA statute of limitations because his claim accrued on or before October 2006, and he presented his claim to FEMA on June 1, 2009, well beyond the two-year limitation period.  The FTCA bars a tort action against the federal government unless the claim is presented to the appropriate federal agency "within two years after such claim accrues."  *Kubrick*, 444 U.S. at 113 (citing 28 U.S.C. § 2401(b)).

The issue in the seminal FTCA statute of limitations case, *United States v. Kubrick,* was whether a claim in a medical malpractice case could accrue even if the plaintiff was unaware that his injury was the result of government negligence.  444 U.S. at 118-19.  Recognizing the "general rule" of accrual for FTCA actions that "a tort claim accrues at the time of the plaintiff's injury," *id.* at 120, the *Kubrick* Court held that a claim will accrue even if the plaintiff does not know, or have reason to know, that the injury was negligently inflicted.  *See id.* at 118-25.  With respect to any discovery rule, the Court "observed (without endorsement) that several Courts of Appeals had substituted [an] injury-discovery [rule] for the traditional rule [of accrual] in medical malpractice actions under the [FTCA]."  *See TRW, Inc. v. Andrews*, 534 U.S. 19, 37 n.2 (2001) (Scalia, J., concurring).  In *Johnson v. United States*, 460 F.3d 616 (5th Cir. 2006), the Fifth Circuit stated:

> For FTCA medical malpractice cases . . . *Kubrick* adopted a "discovery rule" for claim accrual, under which the time starts to run when the plaintiff has the information necessary to discover "both his injury and its cause." [444 U.S. at 120].  This is because, where "the injury or its cause may not be manifested to the plaintiff until many years after the event," the tort action should not accrue, for statute of limitations purposes, "until the plaintiff is put on notice of the wrong."

*Id.* at 621 (quoting *Waits v. United States*, 611 F.2d 550, 552 (5th Cir. 1980)).  *See also Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983) (applying discovery rule to FTCA medical

malpractice case).

Mr. McGraw moved into a FEMA issued trailer in June 2006.  Although Mr. McGraw's

Plaintiff Fact Sheet reflects that his injuries resulting from exposure to formaldehyde in the

trailer commenced in October 2006, at deposition he testified that commencing on or about July

or August 2006, shortly after moving in the trailer, it "was real bad," and caused him to  "wake

up in the middle of the night because I can't breath."  Exh. 1, McGraw Depo. 63-64:7-8.  Mr.

McGraw claims that he experienced headaches, nausea, abdominal pain, diarrhea, shortness of

breath, persistent cough, and he began to suffer allergies for the first time in his life.  Exh. 2,

McGraw PFS at 3-4.  Mr. McGraw had not experienced any of these types of illnesses or disease

prior to living in the FEMA trailer.  Exh. 2, McGraw PFS at 4.

Using the date most favorable to Mr. McGraw for determining accrual, his claim accrued

no later than October 2006.[5/]  In October 2006, Mr. McGraw had the critical facts necessary to

justify and initiate an investigation into the cause of his symptoms and injury, but nevertheless

failed to present his claim to FEMA until June 1, 2009, well beyond the FTCA's two-year statute

of limitations.  28 U.S.C. §2401(b).[6/]

---

[5/]  At deposition Mr. McGraw testified that his symptoms and problems with the trailer started in
July or August 2006.  Exh. 1, McGraw Depo. 63-64:7-22.  However, Mr. McGraw's Plaintiff Fact Sheet
states that his injury started in October 2006.  Exh. 1, McGraw Depo. 285-87:4-17 (authenticating and
verifying accuracy of information in Plaintiff Fact Sheet); Exh. 2, McGraw PFS at 4.  For purposes of
this motion it is not necessary for the Court to resolve whether Mr. McGraw's injury commenced in July
2006 or October 2006, because Mr. McGraw's claims are time barred even using later date, October
2006, which is the date most favorable to Mr. McGraw for purposes of opposing the Government's
motion.

[6/]  As previously noted, Mr. McGraw completed a administrative claim form on June 23, 2008.
*See supra* fn.2.  However, FEMA never received that document.  Exh. 5, Dec. M. Schrauger ¶¶4-5.  As
this Court has previously recognized, the date FEMA receives the administrative claim, not the date the
claimant or his counsel completes the administrative claim, is the operative date for FTCA statute of
limitations purposes.  *See In re FEMA Trailer Formaldehyde Products Liability Litigation*, 2010 WL

Any argument that Mr. McGraw was unaware of the full extent of his alleged injuries or their precise cause will not delay the accrual of his claim. Even under a discovery rule of accrual, the plaintiff need not know the full extent of the injuries for the claim to accrue. In *Albertson v. T.J. Stevenson & Co., Inc.*, 749 F.2d 223, 229 (5th Cir. 1984), the Fifth Circuit, applying the discovery rule to a Jones Act claim, held that the statute of limitations accrues when any injury is discernable. "If the plaintiff later discovers that his injuries are more serious than originally thought, his cause of action nevertheless accrues on the earlier date, the date he realized that he had sustained harm." *Id.* Consequently, the court held that a plaintiff's claim accrued when he first experienced symptoms, including headaches and nausea, related to a toxic exposure, not when more severe injuries to his brain, liver and skin developed. *Id.* at 229-33. Here, Mr. McGraw has plainly testified that his alleged injuries occurred on or before October 2006, within the first few months of his moving into a FEMA issued trailer. Exh. 1, McGraw Depo. 63-64:7-22; 243-46:5-20; Exh. 2, McGraw PFS at 3-4. Significantly, in the instant case, Mr. McGraw contacted and hired counsel on June 23, 2008, to pursue his formaldehyde claims, and

---

323898 at 3 (E.D. La. Jan. 21, 2010) (holding that "the date FEMA received Wright's administrative claim, March 20, 2009, is the date relevant to determining whether he exhausted his administrative remedy before filing suit – not the date on which he signed his administrative claim form"). The Attorney General's regulations governing tort claims state that "a claim shall be deemed to have been presented when a Federal agency *receives* from a claimant . . . written notification of an incident . . . . " 28 C.F.R. §14.2(a) (emphasis added). These regulations further provide that "[a] claim shall be presented as required by [the FTCA] as of the date it is *received* by the appropriate agency." 28 C.F.R. §14.2(b)(1) (emphasis added). In *Bailes v. United States*, 988 F.2d 1209, 1993 WL 82030 (5th Cir. 1993), the Fifth Circuit affirmed the dismissal of an FTCA claim because the plaintiff failed to establish that the appropriate federal agency received his claim. *See also Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993) (affirming decision that court lacked jurisdiction because plaintiff failed to establish actual presentment to federal agency); *Bailey v. United States*, 642 F.3d 344, 347 (9th Cir. 1981) (affirming dismissal of tort claim where attorneys failed to ensure that plaintiffs' administrative claim was timely presented to federal agency); *Crack v. United States*, 694 F.Supp. 1244, 1247-48 (E.D. Va. 1988) (same).

on that date provided his counsel with information necessary to submit a Standard Form 95 Administrative Claim to FEMA.  Exh. 1, McGraw Depo. 225-26:25-16; 228:4-14; Exh. 3, HLC Contract at 1; Exh. 6, June 23, 2008, Modified Administrative Claim.  Given that Mr. McGraw's claim accrued no earlier then July 2006, Mr. McGraw hired HLC in a timely manner, and his counsel had ample opportunity to prepare and submit a timely claim to FEMA.  Exh. 1, McGraw Depo. 225-26:25-16; 228:4-14; 256:3-8 (Mr. McGraw hired HLC in June 2008 and relied upon them to process his claim and take whatever action was necessary to pursue his claim); Exh. 3, HLC Contract at 1; Exh. 6, June 23, 2008, Modified Administrative Claim.

Likewise in *Beech v. United States*, 345 F.2d 872, 874 (5th Cir. 1965), the Fifth Circuit held that an FTCA claim accrued at the time the immediate, though lesser, effects of a tort were manifest, even though the plaintiff did not realize the seriousness of her injuries until a much later time.  The *Beech* court stated that the two-year statute of limitations begins to run when "some damage is discernable," even though the "ultimate damage is unknown or unpredictable." *Id.  See also Industrial Constr. Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 967 (10th Cir. 1994) (stating "[a] plaintiff need not know the full extent of his injuries before the [FTCA] statute of limitations begins to run"); *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.,* 2009 WL 2599195 at *3 (stating that "because accrual for the FTCA's statute of limitations hinges on notice, it is unnecessary for the plaintiff to be aware, or have suffered, the full extent of his injuries for the limitations period to begin to run").

The crux of the FTCA's accrual standard is that once there is sufficient information that would lead a reasonable person to investigate and inquire further into the facts to ascertain whether there is a cause of action, that person then has two years to determine whether to file an

administrative claim.  At that point, the putative plaintiff need only ask competent lawyers and experts whether he has a cause of action against the government, given the known facts. *Kubrick*, 444 U.S. at 120; *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.,* 2009 WL 2599195 at *3.

For example, in *MacMillan v. United States*, 46 F. 3d 377 (5th Cir. 1995), the Fifth Circuit held that a plaintiff need not know of the precise causal connection between the child's injuries and the delivery of a child to proceed on a malpractice claim.  *Id*. at 381.  The Court found that a report, noting that plaintiff had likely suffered "anoxia at birth" and resulting neurological damage, provided "facts sufficient to compel a reasonable person to seek professional advice regarding [plaintiff's] neurological difficulties and the connection, if any, to the problems associated with her birth."  *Id.*  Though the plaintiff did not know the precise cause of the injury, her knowledge about a potential cause was sufficient to start the statute of limitations.  *Id.  See also Johnson*, 460 F.3d at 622 (analyzing *MacMillan* and holding that knowing about a potential cause or facts that would lead a reasonable person to inquire into causation was sufficient to begin the FTCA's statute of limitations).

This Court's Order and Ruling in *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.,* 2009 WL 2599195, is directly on point.  In dismissing Chris Cooper's FTCA claim the Court ruled that his claim accrued when his mother first associated his symptoms with the trailer, even though at the time she was unaware that there was formaldehyde in the trailer.  This Court explained:  "[e]ven though Alexander did not immediately know of the exact cause of her and Cooper's physical symptoms, she was aware that they either began (in the case of the burning sensation in the nose, sneezing, and itchy eyes) or worsened (in the case of Cooper's asthma)

17

when they initially took up residence in the EHU." *Id.* at *3.  This Court concluded that "this was sufficient information regarding injury and causation that would lead a reasonable person to inquire further in the facts to determine the specific cause of the injury." *Id.  See also In re FEMA Trailer Formaldehyde Products Liability Litigation*, 2010 WL 360361 at (E.D. La. Jan. 22, 2010) (Plaintiff Earline Castanel had sufficient information to attribute her injuries/symptoms to the trailer and initiate an investigation to determine the specific problem that was causing her injuries/symptoms because to relieve these symptoms and breathe, she "would go stand by the door" of the trailer or go outside of the trailer) ; *In re FEMA Trailer Formaldehyde Products Liability Litigation*, 2010 WL 323898 at 4 (Plaintiff Lyndon Wright was aware that his illness began or worsened when he took up residence in the trailer and this constituted sufficient information regarding injury and causation to lead a reasonable person to inquire further in the facts to determine the specific cause of the injury).

Here, Mr. McGraw's Fact Sheets and his testimony demonstrate that his claim accrued no later then October 2006.  Exh. 1, McGraw Depo. 63-64:7-22; 243-46:5-20; Exh. 2, McGraw PFS at 3-4.  Mr. McGraw was clearly aware of the onset of new physical symptoms that he had never suffered before shortly after moving into a FEMA trailer.  As he recently testified, shortly after he moved into the FEMA trailer he would "***wake up in the middle of the night because I [sic] can't breathe, because my nose is stopped up.  Wake up in the morning, I got to blow the mucus out my nose, because I can't breathe.  It was an everyday thing . . .***"  Exh. 1, McGraw Depo. 63-64:7-8 (emphasis added).  That knowledge is sufficient information regarding injury and causation to lead a reasonable person to inquire further and determine the specific cause of the injury and is sufficient to commence the FTCA limitations period even if Mr. McGraw was

unaware of the precise causal agent.  *See In re FEMA Trailer Formaldehyde Prod. Liab. Litig.* 2009 WL 2599195 at *3; *In re FEMA Trailer Formaldehyde Products Liability Litigation*, 2010 WL 360361 at *3-4; *In re FEMA Trailer Formaldehyde Products Liability Litigation*, 2010 WL 323898 at *4.  Moreover, on June 23, 2008, Mr. McGraw, hired the Hurricane Legal Center to investigate and pursue his claims for injury caused by exposure to formaldehyde.  Exh. 1, McGraw Depo. 225-26:25-16; 228:4-14; 256:3-8; Exh. 3, HLC Contract at 1; Exh. 6, June 23, 2008, Modified Administrative Claim.  Given that Mr. McGraw's claim accrued no earlier then July 2006, and potentially not until October 2006, Mr. McGraw's counsel had ample opportunity to prepare and submit a timely claim to FEMA.  However, because Mr. McGraw's Administrative Claim was not presented to FEMA until June 1, 2009, well beyond the FTCA two-year limitation period, this Court must dismiss his case for lack of subject matter jurisdiction.  28 U.S.C. § 2401(b).

## CONCLUSION

For all of the foregoing reasons, the Court should grant the United States' Motion and

dismiss Mr. McGraw's FTCA claims for lack of subject matter jurisdiction.

Dated:  March 4, 2010.                         Respectfully Submitted,

TONY WEST                                      ADAM BAIN
Assistant Attorney General, Civil Division     Senior Trial Counsel

J. PATRICK GLYNN                               MICHELLE BOYLE
Director, Torts Branch, Civil Division         ADAM DINNELL
                                               MICHELE GREIF
DAVID S. FISHBACK                              JONATHAN WALDRON
Assistant Director                             Trial Attorneys

OF COUNSEL:                                    *//S// Henry T. Miller*
                                               HENRY T. MILLER (D.C. Bar No. 411885)
JORDAN FRIED                                   Senior Trial Counsel
Associate Chief Counsel                        United States Department of Justice
                                               Civil Division – Torts Branch
JANICE WILLIAMS-JONES                          P.O. Box 340, Ben Franklin Station
Senior Trial Attorney                          Washington, D.C. 20004
Federal Emergency Management Agency            Telephone No:  (202) 616-4223
Department of Homeland Security                E-mail:  Henry.Miller@USDOJ.Gov
Washington, D.C. 20472
                                               Attorneys for the United States of America

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2010, the foregoing document was filed via the U.S.
District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison
Counsel.

                                  *//S// Henry T. Miller*
                                  HENRY T. MILLER (D.C. Bar No. 411885)