IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * | MDL NO. 1873<br><br>SECTION: N (5) |
| This document relates to: *Lyndon T. Wright v. Forest River, Inc., et al,* Docket No. 09-2977 | * * * * | JUDGE ENGELHARDT<br><br>MAGISTRATE CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**FOREST RIVER, INC. AND SHAW ENVIRONMENTAL, INC.'S
PROPOSED *VOIR DIRE* QUESTIONS**

MAY IT PLEASE THE COURT:

NOW COME defendants, Forest River, Inc. and Shaw Environmental, Inc., and, in accordance with this Honorable Court's instructions submit and request the court *voir dire* the venire with these questions. These *voir dire* questions are, except where bolded, taken from the record of the *Alexander, et al. v. Gulf Stream, et al.* trial.

**Question 1:**

LET ME ASK IF ANY OF YOU HONESTLY AND CONSCIENTIOUSLY BELIEVE THAT YOU WOULD BE SUBJECTED TO SERIOUS HARDSHIP OR WOULD BE OTHERWISE SERIOUSLY INCONVENIENCED OR AFFECTED IF YOU WERE SELECTED BECAUSE OF THE LENGTH OF THIS TRIAL AND YOU'VE NOT ALREADY BROUGHT THOSE ISSUES TO MY ATTENTION BY WAY OF THE QUESTIONNAIRE, I WOULD REQUEST THAT YOU AT THIS TIME PLEASE RAISE YOUR HAND. DOES ANYBODY HAVE A VERY SERIOUS ISSUE THAT WOULD PREVENT YOU FROM BEING HERE?

**Question 2:**

ANYBODY HAVE ANY PROBLEM SEEING OR HEARING?

**Question 3:**

ALL OF YOU READ, WRITE AND UNDERSTAND ENGLISH? ANYBODY HERE THAT HAS A PROBLEM WITH THE ENGLISH LANGUAGE? IN TERMS OF COMPREHENSION. A LOT OF US HAVE PROBLEMS WITH THE ENGLISH LANGUAGE, INCLUDING MYSELF SOMETIMES.

**Question 4:**

THE PLAINTIFF IN THIS CASE, THE PLAINTIFF IN THE CASE IS **LYNDON WRIGHT**. ARE ANY OF YOU RELATED BY BLOOD OR MARRIAGE TO OR ARE ANY OF YOU PERSONALLY ACQUAINTED WITH LYNDON WRIGHT?

**Question 5:**

THE DEFENDANTS IN THE CASE ARE **FOREST RIVER, INC.** AND **SHAW ENVIRONMENTAL, INC**. ARE ANY OF YOU ALL PERSONALLY ACQUAINTED WITH EITHER OF THESE TWO COMPANIES OR ANYONE WHO WORKS FOR THESE TWO COMPANIES?

**Question 6:**

LET ME ASK YOU ALL, WE TYPICALLY DON'T ASK THIS, BUT DO ANY OF YOU ALL KNOW EACH OTHER? WE DON'T WANT TO HAVE TWO PEOPLE ON THE JURY, SOMEBODY AND THEIR COUSIN OR SOMEBODY AND THEIR BROTHER OR A NEPHEW OR SOMETHING LIKE THAT.

**Question 7:**

DO ANY OF YOU ALL KNOW ANY OF THE THESE ATTORNEYS OR THEIR LAW FIRMS?

   **COURT TO READ ALL COUNSEL AND FIRMS LISTED ON PRE-TRIAL ORDER**

**Question 8:**

HAVE ANY OF YOU ALL SERVED AS A JUROR IN A CRIMINAL OR CIVIL CASE OR A MEMBER OF A GRAND JURY EITHER IN FEDERAL OR STATE COURT, JUST A SHOW OF HANDS OR PADDLES? ANYBODY SIT ON A JURY BEFORE?

**Question 9:**

HAVE ANY OF YOU ALL PARTICIPATED IN A LAWSUIT AS A PARTY, MEANING AS A PLAINTIFF OR DEFENDANT OR AS A WITNESS OR IN SOME OTHER CAPACITY? LISTEN CAREFULLY. HAVE YOU EVER PARTICIPATED IN A LAWSUIT AS A PARTY, MEANING PLAINTIFF OR A DEFENDANT OR AS A WITNESS IN A LAWSUIT OR IN SOME OTHER CAPACITY? WHEN I SAY THAT, I MEAN, IF YOU HAVE WORKED AT A LAW FIRM OR SOMETHING OF THAT NATURE, WHERE YOU PARTICIPATED IN A LAWSUIT, NOT AS AN OBSERVER WHO CAME TO COURT, HAVE YOU PARTICIPATED IN THE LAWSUIT?

**READ LIST OF WITNESSES**

**Question 10:**

OUT OF THE NAMES THAT I HAVE READ, IF YOU KNOW – I'LL ASK YOU TO RAISE YOUR HAND IF YOU THINK YOU KNOW ANY OF THESE WITNESSES. AMONGST ANYBODY, IS THERE A NAME THAT STRIKES YOU AS FAMILIAR?

**Question 11:**

I'VE ALREADY TOLD YOU THAT THIS CASE INVOLVES ISSUES RELATED TO FORMALDEHYDE EXPOSURE FROM A FEMA TRAILER. DO ANY OF YOU, OF YOUR OWN KNOWLEDGE, HAVE ANY INFORMATION ABOUT THE FACTS OF THIS CASE?

DO ANY OF YOU HAVE AN OPINION ABOUT THIS CASE? YOU ALL HAVE FILLED OUT QUESTIONNAIRES, AND I THINK WE ASKED YOU CERTAIN QUESTIONS. SO OTHER THAN WHAT YOU PUT IN THE QUESTIONNAIRE THAT THE LAWYERS HAVE SEEN, DO ANY OF YOU HAVE AN OPINION ABOUT THIS CASE?

**Question 12:**

HAVE ANY OF YOU ALL READ ANYTHING ABOUT THIS MATTER COMING UP FOR TRIAL OR HEARD ANYTHING ABOUT THIS MATTER COMING UP FOR TRIAL?

WAS IT SIMPLY A NEWS REPORT ON TV OR IN A NEWSPAPER THAT YOU READ THAT SAID THE MATTER WAS COMING UP FOR TRIAL?

AS A RESULT OF HEARING THAT OR READING WHATEVER IT WAS THAT YOU READ, WOULD ANY OF YOU ALL HAVE A PROBLEM SITTING AS A JUROR IN THIS CASE BECAUSE YOU HAVE HEARD THAT INFORMATION?

I'M TALKING ABOUT THE INFORMATION THAT YOU MAY HAVE HEARD. SOME OF YOU INDICATED THAT YOU HAD HEARD SOME NEWS ABOUT THIS MATTER COMING UP FOR TRIAL. WOULD HEARING THAT NEWS IN ANY WAY IMPACT YOUR ABILITY

TO BE A FAIR AND IMPARTIAL JUROR IF YOU WERE CHOSEN TO SERVE IN THIS CASE, HEARING THE NEWS THAT YOU HEARD? ALL RIGHT.

**Question 13:**

HAS ANYONE TALKED TO YOU OR TRIED TO TALK TO YOU ABOUT THIS CASE?

**Question 14:**

IF YOU ARE SELECTED TO SIT AS A JUROR IN THIS CASE, WILL YOU BE UNABLE OR UNWILLING TO RENDER A VERDICT SOLELY ON THE EVIDENCE PRESENTED AT THIS TRIAL AND THE LAW AS I GIVE IT TO YOU IN MY INSTRUCTIONS, DISREGARDING ANY OTHER IDEAS, NOTIONS, OR BELIEFS ABOUT THE LAW YOU MAY HAVE ENCOUNTERED IN REACHING YOUR VERDICT?

**Question 15:**

DOES EVERYBODY UNDERSTAND THAT DURING THE COURSE OF THE TRIAL, YOU'RE GOING TO HEAR THE ARGUMENTS OF COUNSEL, OPENING AND CLOSING STATEMENTS, AND THEN WE'RE GOING TO HAVE WITNESSES WHO ARE GOING TO COME SIT UP HERE BY ME, AND THEY ARE GOING TO GET ASKED A BUNCH OF QUESTIONS BY THE ATTORNEYS. AND THE JURY IS GOING TO LISTEN TO THOSE QUESTIONS, AND THERE WILL BE DOCUMENTS THAT GO INTO EVIDENCE. THEY ARE GOING TO GO UP ON A SCREEN. AND THERE'S LITTLE SCREENS IN THE JURY BOX. AND THAT THIS CASE IS GOING TO BE DECIDED ONLY ON THE EVIDENCE, THE

TESTIMONY AND THE DOCUMENTS, THAT ARE PRESENTED TO YOU IN THIS COURTROOM.  DOES EVERYBODY UNDERSTAND THAT?

DOES EVERYBODY UNDERSTAND THAT YOUR DECISION IN THIS CASE, IF YOU ARE CHOSEN AS A JUROR, YOUR DECISION MUST BE BASED SOLELY ON WHAT YOU HEAR IN THIS COURTROOM AND WHAT YOU SEE IN THIS COURTROOM AND THE INSTRUCTIONS THAT I GIVE YOU AT THE CONCLUSION OF THE EVIDENCE?  **YOU UNDERSTAND THAT YOU MUST WAIT UNTIL YOU HEAR ALL THE EVIDENCE BEFORE YOU MAKE ANY DECISION IN THIS CASE.**  DOES EVERYBODY UNDERSTAND THAT? DOES ANYBODY HAVE A PROBLEM FOLLOWING THOSE INSTRUCTIONS?

YOU UNDERSTAND THAT YOU ARE NOT TO BE INFLUENCED BY ANY TYPE OF OUTSIDE INFORMATION OR OTHER BELIEFS THAT YOU MAY HAVE.  YOU MUST BE GUIDED BY THE EVIDENCE THAT THE ATTORNEYS PRESENT IN COURT, TO PROVIDE THE ARGUMENTS THAT THEY MAKE WHEN YOU DELIBERATE THIS CASE. ANYBODY HAVE A PROBLEM WITH THAT IDEA OR THINK THAT THEY CANNOT DO THAT? ALL RIGHT.

**Question 16:**

IF YOU WERE ONE OF THE PARTIES IN THIS CASE, DO YOU KNOW OF ANY REASON WHY YOU WOULD NOT BE CONTENT TO HAVE A CASE TRIED BY SOMEONE IN YOUR FRAME OF MIND?

**Question 17:**

HAVE ANY OF YOU, LET'S JUST HAVE A SHOW OF HANDS OR PADDLES, AS THE CASE MAY BE, HAVE ANY OF YOU SUSTAINED DAMAGE AS A RESULT OF HURRICANES KATRINA OR RITA?

**Question 18:**

DID ANY OF YOU ALL RESIDE IN A FEMA-PROVIDED TRAILER, TRAVEL TRAILER OR MOBILE HOME AFTER KATRINA?

**Question 19:**

THOSE OF YOU WHO HAD DAMAGE, DID ANYONE HAVE MORE THAN PROPERTY DAMAGE, IN OTHER WORDS, DAMAGE TO YOUR HOME?

**Question 20:**

WOULD ANY OF YOU HAVE A HARD TIME GOING BACK TO YOUR COMMUNITY IF YOU ULTIMATELY DECIDED NOT TO AWARD ANY MONEY TO THE PLAINTIFFS IN THE CASE?

**Question 21:**

DO ANY OF YOU FEEL THAT GIVING NO MONEY IN THIS CASE TO THE PLAINTIFFS WHO ARE HURRICANE KATRINA VICTIMS WOULD BE IMMORAL, WRONG OR INSENSITIVE?

**Question 22:**

IN THIS TRIAL, THE JURY WILL ALSO BE ASKED TO ASSESS THE FAULT, IF ANY, OF NOT ONLY THE TWO DEFENDANTS, **FOREST RIVER AND SHAW**, AND PLAINTIFF, BUT ALSO THE FAULT, IF ANY, OF ONE OR MORE NON-PARTIES. IF THE JURY CONCLUDES THERE IS EVIDENCE OF FAULT ON THE PART OF MORE THAN ONE DEFENDANT, THE PLAINTIFF AND/OR A NON-PARTY, IT WILL BE REQUIRED -- THE JURY WILL BE REQUIRED TO ASSIGN PERCENTAGES OF THE TOTAL FAULT IN THE CASE TO EACH DEFENDANT, THE PLAINTIFF AND/OR THAT NON-PARTY. WOULD ANY OF YOU HAVE DIFFICULTY DECIDING THE PERCENTAGE OR PERCENTAGES OF FAULT, IF ANY, TO BE ASSIGNED TO EACH DEFENDANT, THE PLAINTIFF AND ANY NON-PARTY FOUND AT FAULT?

DOES EVERYBODY UNDERSTAND WHAT THE JURY IS GOING TO BE ASKED TO DO?

ALL RIGHT. ONE OF THE NON-PARTIES AS TO WHICH THE JURY IN THE CASE MAY HAVE TO ASSESS FAULT IS THE UNITED STATES THROUGH ITS AGENCY, FEMA. THEREFORE, THE JURY MAY HAVE TO ASSIGN A PERCENTAGE OF FAULT TO THE FEDERAL GOVERNMENT THROUGH FEMA. WOULD ANY OF YOU HAVE ANY DIFFICULTY PUTTING ASIDE ANY PREEXISTING ATTITUDES ABOUT FEMA AND ASSESSING THE FAULT OF FEMA, IF ANY, IF BASED SOLELY ON THE EVIDENCE PRESENTED IN THIS TRIAL AND RELATIVE TO THIS PARTICULAR CASE?

**Question 23:**

OTHER THAN WHAT YOU ALL HAVE TOLD US, DO YOU KNOW OF ANY REASON WHY YOU THINK THAT YOU COULD NOT SIT IN THIS CASE AND RENDER A JUST, FAIR, HONEST AND IMPARTIAL VERDICT IF YOU ARE CHOSEN AS A JUROR? SORT OF ANYTHING ELSE THAT I HAVEN'T ASKED YOU ABOUT THAT YOU THINK MIGHT PREVENT YOU FROM BEING FAIR IN THIS CASE?

**Question 24:**

DOES ANYONE HAVE ANYTHING ELSE ON THEIR MIND WHICH WOULD AFFECT YOUR ABILITY TO SERVE ON THIS JURY AND WHICH HAS NOT BEEN COVERED BY THE QUESTIONS PREVIOUSLY ASKED? AGAIN, IT'S A CATCH-ALL QUESTION FOR YOU TO TELL US IF THERE IS SOMETHING THAT YOU THINK WOULD PREVENT YOU FROM BEING FAIR AND HONEST IN THIS CASE.

Respectfully submitted,

/s/ *Ernest P. Gieger, Jr.*
ERNEST P. GIEGER, JR. (6154)
JASON D. BONE (28315)
CARSON W. STRICKLAND (31336)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
ATTORNEYS FOR FOREST RIVER, INC.


/s/ *Karen K. Whitfield*
ROY C. CHEATWOOD (01040)
M. DAVID KURTZ (23821)
KAREN K. WHITFIELD (19350)
CATHERINE N. THIGPEN (30001)
BAKER DONELSON BEARMAN
 CALDWELL & BERKOWITZ, PC
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000
ATTORNEYS FOR SHAW
 ENVIRONMENTAL, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon:

    Frank J. D'Amico, Jr., Esquire
    Aaron Z. Ahlquist, Esquire
    622 Baronne Street, 2nd Floor
    New Orleans, Louisiana 70113
    Attorneys for LYNDON T. WRIGHT

    Henry T. Miller, Esquire
    Adam Dinnell, Esquire
    Michele Greif, Esquire
    U.S. Department of Justice
    Civil Division
    1331 Pennsylvania Avenue, NW, Room 8220-N
    Washington, D.C. 20004
    *Attorney for United States of America*

    Gerald E. Meunier, Esquire
    Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC
    Energy Centre
    1100 Poydras Street, Suite 2800
    New Orleans, Louisiana 70163
    *Plaintiffs' Liaison Counsel*

    Andrew D. Weinstock, Esquire
    Duplass, Zwain, Bourgeois, Pfister & Weinstock
    3838 North Causeway Boulevard, Suite 2900
    Metairie, Louisiana 70002
    *Defendants' Liaison Counsel*

via e-filing this 4th day of March, 2010.

                                                  /s/ *Ernest P. Gieger, Jr.*