UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER               MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION      SECTION "N-5"

                                  JUDGE ENGELHARDT
                                  MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon Wright v. Forest River, Inc. and Shaw Environmental, Inc., et al.,* No. 09-2977

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## DEFENDANT FOREST RIVER, INC.'S PROPOSED JURY INSTRUCTIONS

**MAY IT PLEASE THE COURT:**

NOW COMES DEFENDANT Forest River, Inc. ("Forest River") who submits the following requested jury instructions in accordance with this Honorable Court's Order.

Forest River requests that the Court charge the jury using the *Alexander v. Gulf Stream, et al* charges as given in their entirety with appropriate modification for the singular plaintiff and the defendants Forest River, Inc. and Shaw Environmental, Inc., removing reference to plaintiff's prior FTCA claims as well as those claims which have been dismissed by stipulation of the parties, including but not limited to plaintiff's waiver and dismissal of loss of future earning capacity, past medical expenses, claims for medical monitoring and claims for loss of consortium. For the

convenience of the Court, Forest River will submit the *Alexander* charge as modified to the Court before the charge conference scheduled by this Honorable Court.

In addition to the as given *Alexander* charges, Forest River submits the following specifically requested proposed jury instructions:

Proposed Jury Instruction No. 1: CAUSATION

A defendant is only liable for damage caused by his fault, not from separate, independent, or intervening causes of damage, and it is the plaintiff who bears the burden of proving that plaintiff's injuries are in fact attributable to a defendant. *Douchet v. Doug Ashy Bldg. Materials, Inc.*, 671 So.2d 1148 (La. App. 3rd Cir. 1966); *Rhodes v. State Through Dept. of Transp. and Development,* 684 So.2d 1134 (La. App. 1st Cir. 1996), writ not considered, 688 So.2d 487 (La. 1991); *Hurts v. Woodis*, 676 So.2d 1166 (La. App. 1st Cir. 1996).

Proposed Jury Instruct No. 2: [ALTERNATIVE] CAUSATION

In order to prove causation, the plaintiff must show that the plaintiff would not have suffered the injuries but for some unreasonably dangerous condition of the Forest River travel trailer and plaintiff must show that this unreasonably dangerous condition was a substantial contributing factor in bringing about the harm and was not a remote or slight factor. *Quick v. Murphy*, 643 So.2d 1291 (La. App. 4th Cir. 1994); *Lastrappes v. South Central Bell Telephone Co.*, 473 So.2d 115, 119 (La. App. 3d Cir. 1985); *Doven v. Cessna Aircraft Co.*, 416 So.2d 1337 (La. App. 3d Cir. 1982); *Rogers v. Parish of East Baton Rouge*, 577 So.2d 1068, 1071 (La. App. 1st Cir. 1991).

Proposed Jury Instruction No. 3: LANDLORD LIABILITY

The owner of a building is liable for the damage caused by the building's destruction, decrepitude or ruin, (i) when this condition is caused by the owner's neglect in repairing the building

or (ii) when the condition is the result of a vice or defect in its original construction.  La. Civ. Code art. 2322.

The owner is liable for damages upon a showing that he knew or should have known (i) of the vice or defect which caused the damage, (ii) that the damage could have been prevented by the exercise of reasonable care, and (iii) that he failed to exercise such reasonable care.  *Id.*

In determining whether the travel trailer is a "building," all that is required is that you believe the trailer is a structure of some permanence; it is not necessary that the structure be intended for permanent habitation for it to be considered a "building."  *See Moczygemba v. Danos & Curole Marine Contractors, Inc.*, 561 F.2d 1149, 1151 (5th Cir. 1977).

Proposed Jury Instruction No. 4: APPARENT DEFECT

A warning is not required when the danger would be obvious to an ordinary reasonable user of the product or when a claimant already knows or should know of the danger.  *Dunne v. Wal-Mart Stores, Inc.*, 679 So.2d 1034 (La. App. 1st Cir., 1996).

Respectfully submitted,

/s/ Jason D. Bone
Ernest P. Gieger, Jr. (Bar Roll No. 6154)
Jason D. Bone (Bar Roll No. 28315)
Carson W. Strickland (Bar Roll No. 31336)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
*ATTORNEYS FOR FOREST RIVER, INC.*

**C E R T I F I C A T E**

     I hereby certify that on the 4th day of March, 2010, a copy of the foregoing *Proposed Jury Instructions* was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

                                               /s/ Jason D. Bone