# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA
### NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                          MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                 SECTION "N-5"

                                             JUDGE ENGELHARDT
                                             MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
**Docket No. 09-2977**
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PLAINTIFF'S LYNDON WRIGHT'S
## REQUESTED SPECIAL JURY CHARGES

**MAY IT PLEASE THE COURT:**

Attached are plaintiff Lyndon Wright's requested special jury charges in this matter,

numbered 1 through 55, which plaintiff requests be given in addition to the Court's standard

general charges.

                    Respectfully submitted:

                    **FEMA TRAILER FORMALDEHYDE
                       PRODUCT LIABILITY LITIGATION**

            BY:     s/Gerald E. Meunier_____
                    GERALD E. MEUNIER, #9471
                    **PLAINTIFFS' CO-LIAISON COUNSEL**
                    Gainsburgh, Benjamin, David, Meunier &
                    Warshauer, L.L.C.
                    2800 Energy Centre, 1100 Poydras Street
                    New Orleans, Louisiana 70163
                    Telephone:    504/522-2304
                    Facsimile:    504/528-9973
                    gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:     504/522-2304
Facsimile:      504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
ROBERT M. BECNEL, #14072
RAUL BENCOMO, #2932
FRANK D'AMICO, JR., #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
DENNIS REICH, Texas #16739600
MIKAL C. WATTS, Texas #20981820

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 4, 2010, I electronically filed the foregoing with the Clerk

of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel

of record who are CM/ECF participants.  I further certify that I mailed the foregoing document

and the notice of electronic filing by first-class mail to all counsel of record who are non-

CM/ECF participants.

s/Gerald E. Meunier
GERALD E. MEUNIER

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                          MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                 SECTION "N-5"

                                             JUDGE ENGELHARDT
                                             MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
Docket No. 09-2977
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUEST JURY**
**CHARGE NO. 1**

The plaintiff contends that both Forest River and Shaw should be considered

"manufacturers" of the housing unit which he occupied.

In this regard, I instruct you that the law sometimes considers persons or entities other

than the actual manufacturer as being manufacturers in the legal sense.  If, for example, an entity

labels a product as its own, or otherwise holds itself out to be the manufacturer of a product, it

will bet treated as if it were the manufacturer.

Similarly, an entity handling a product (which would not normally be viewed as its

manufacturer) exercises control over the design, construction or quality of the product, or

influences one of its characteristics in a meaningful and creative way, it will also be treated as if

it were the manufacturer.

A manufacturer of a product which incorporates into the product a component or part manufactured by another manufacturer will be considered a manufacturer as to the component or part which it uses.

La. R.S. 9:2800.53(1)(a);

La. R.S. 9:2800.53(1)(b);

La. R.S. 9:2800.(1)9c);

Johnson, "Civil Jury Instructions," vol. 18 Louisiana Civil Law Treatise (2d ed.), §11.09

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                                  MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                         SECTION "N-5"

                                                     JUDGE ENGELHARDT
                                                     MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
**Docket No. 09-2977**
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUEST JURY**
**CHARGE NO. 2**

Under Louisiana law, a contractor which assembles or installs a product may be

considered a "manufacturer" of the product, and would be liable on this basis for any defect

alleged to arise from the assembly or installation process which renders the product

unreasonably dangerous during foreseeable use of the product.

*Coulon v. Wal-Mart Stores, Inc.*, 734 So.2d 916 (La. App.1999), *writ den'd*, 747 So.2d
1125(1999) [interpreting LSA-R.S. 9:2800.53].

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                    MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION           SECTION "N-5"

                                       JUDGE ENGELHARDT
                                       MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
Docket No. 09-2977
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUEST JURY**
**CHARGE NO. 3**

An injured party may recover damages from a manufacturer of a product if the damages

arose during the reasonably anticipated use of the product because the product was defective.  A

product is defective if it is shown to be unreasonably dangerous in at least one of the following

ways, as claimed by the plaintiff in this case: unreasonably dangerous (1) in construction or

composition; (2) in design; or (3) because of no warnings, or inadequate warnings.

La. R.S. 9:2800.51-59;
*State Farm Mut. Auto. Ins. Co. v. Wrap-On Co., Inc.*, 626 So.2d 874 (La. App. 3rd Cir. 1993),
*writ den'd*, 630 So.2d 800 (La. 1994).

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                          MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                 SECTION "N-5"

                                             JUDGE ENGELHARDT
                                             MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
**Docket No. 09-2977**
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUESTED JURY**
**CHARGE NO. 4**

A "reasonably anticipated use" means a use or handling of a product that the product's manufacturer should reasonably expect on the part of an ordinary person in the same or similar circumstances as the plaintiff.

La. R.S. 9:2800.53(7);
*Dunn v. Wal-Mart Stores, Inc.*, 679 So.2d 1034 (La. App 1 Cir. 1996).

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                                      MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                             SECTION "N-5"

                                                         JUDGE ENGELHARDT
                                                         MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
**Docket No. 09-2977**
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUESTED JURY**
**CHARGE NO. 5**

The characteristics of a product that allegedly render it unreasonably dangerous in

composition, design, or lack of warning, either must exist at the time the product left the control

of its manufacturer or must have resulted from a reasonably anticipated alteration or

modification of the product after it left the manufacturer.  A "reasonably anticipated alteration or

modification" means a change in a product that the product's manufacturer reasonably should

expect to be made by an ordinary person user or handler of the product, and also means a change

arising from ordinary wear and tear.

La. R.S. 9:2800.54 (c); La. R.S. 9:2800.53 (8).

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                              MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                     SECTION "N-5"

                                                 JUDGE ENGELHARDT
                                                 MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
Docket No. 09-2977
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUESTED JURY**
**CHARGE NO. 6**

A manufacturer is responsible for manufacturing a safe product regardless of what

options the customer orders or failed to order.

*Reichenpfader v. Paccar, Inc.*, 872 F.Supp. 328 (E.D. La. 1994).

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                           MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION          SECTION "N-5"

                                                        JUDGE ENGELHARDT
                                                        MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
Docket No. 09-2977
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUESTED JURY**
**CHARGE NO. 7**

In this case, plaintiff claims that the product manufactured by the defendant was

unreasonably dangerous in construction or composition.  In order to be successful, plaintiff must

prove by a preponderance of the evidence that:

    (1)    the product in question deviated in a material way from the defendant's
           specifications or performance standards for the product, or from otherwise
           identical products manufactured by the defendant;

    (2)    the injury which plaintiff suffered was proximately caused by a characteristic of
           the product which made it unreasonably dangerous and existed at the time the
           product left the defendant's control;

    (3)    there was actual damage to the plaintiff's person.

When I use the term "reasonably anticipated use," I mean the use of a product that the

manufacturer should reasonably expect of an ordinary person in similar circumstances.

Johnson, "Civil Jury Instructions," vol. 18 Louisiana Civil Law Treatise (2d ed.), §11.01

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                          MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                 SECTION "N-5"

                                             JUDGE ENGELHARDT
                                             MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
**Docket No. 09-2977**
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

PLAINTIFF'S REQUESTED JURY
CHARGE NO. 8

A product is unreasonably dangerous in design if it could have been safer had it been

designed differently, or if a differently-designed product could have served the same purpose

while posing less danger to the user.

*Klem v. E.I. DuPont De Nemours Co.,* 19 F.3d 997 (5th Cir. 1994).

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                                    MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                SECTION "N-5"

                                                                JUDGE ENGELHARDT
                                                                MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
**Docket No. 09-2977**
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUESTED JURY**
**CHARGE NO. 9**

        For purposes of a defective design claim, compliance with industry regulations does not

excuse unreasonable behavior.

*Hopper v. Crown*, 646 So.2d 933 (La. App. 1 Cir. 1994), *rehearing den'd, writ den'd*, 651 So.2d
275 (La. 1995).

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

**IN RE: FEMA TRAILER**                    **MDL NO. 1873**
**FORMALDEHYDE**
**PRODUCT LIABILITY LITIGATION**           **SECTION "N-5"**

                                           **JUDGE ENGELHARDT**
                                           **MAG. JUDGE CHASEZ**

**THIS DOCUMENT IS RELATED TO:**
*Lyndon T. Wright v. Forest River, Inc., et al.,*
**Docket No. 09-2977**
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUESTED JURY**
**CHARGE NO. 10**

A product is unreasonably dangerous based on the lack of warning if the product

possessed a characteristic that may cause damage to the user, and the manufacturer failed to use

reasonable care to provide an adequate or sufficient warning of that characteristic's dangers to

users of the product.

La. R.S. 9:2800.57(A)
*Thomas v. Clairol, Inc.* 583 So.2d 108 (La. App. 3 Cir. 1991).

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                           MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                  SECTION "N-5"

                                              JUDGE ENGELHARDT
                                              MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
Docket No. 09-2977
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUESTED JURY**
**CHARGE NO. 11**

A product may be unreasonably dangerous if a manufacturer fails to adequately warn

about a danger that is related to the way the product is designed.

*Sharkey v. Sterling Drug, Inc.*, 600 So.2d 701 (La. App. 1 Cir.), *writ den'd*, 605 So.2d 1099 (La. 1992), and *writ den'd*, 605 So.2d 1100 (La. 1992).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                          MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                 SECTION "N-5"

                                             JUDGE ENGELHARDT
                                             MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
Docket No. 09-2977
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

PLAINTIFF'S REQUESTED JURY
CHARGE NO. 12

An "adequate warning" means a warning or instruction that would allow an ordinary,

reasonable user or handler of a product to recognize the danger in using or handling the product,

and then to either decline to use or handle the product or, if possible, to use or handle the product

in such a manner as to avoid the damages for which the user is making a claim.

La. R.S. 9:2800.53(9).

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                            MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                   SECTION "N-5"

                                               JUDGE ENGELHARDT
                                               MAG. JUDGE CHASEZ

**THIS DOCUMENT IS RELATED TO:**
*Lyndon T. Wright v. Forest River, Inc., et al.,*
**Docket No. 09-2977**
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUESTED JURY
CHARGE NO. 13**

A manufacturer's duty to warn generally includes the duty to provide safe use

instructions.

*Hines v. Remington Arms Co., Inc.*, 648 So.2d 331 (La. 1994).

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                              MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                     SECTION "N-5"

                                                 JUDGE ENGELHARDT
                                                 MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
Docket No. 09-2977
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUESTED JURY**
**CHARGE NO. 14**

In the context of a manufacturer's duty to warn of dangers inherent in the use of a

product, a manufacturer is obliged to anticipate the environment in which the product will be

used, and to give notice to the user of potential risks arising from foreseeable uses or misuses of

the product in that anticipated environment.

*Johnston v. Hartford Insurance Co.*, 623 So.2d 35 (La. App. 1 Cir.), *writ denied*, 626 So.2d 1170
(La. 1993);
*Johnson v. Chicago Pneumatic Tool Co.*, 607 So.2d 615 (La. App. 1 Cir.), *writ denied*, 607
So.2d 109 (La. 1992).

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                                    MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                  SECTION "N-5"

                                                               JUDGE ENGELHARDT
                                                               MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
Docket No. 09-2977
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUESTED JURY**
**CHARGE NO. 15**

     A manufacturer which learns of a characteristic of a product and its danger after it has

left its control that may cause injury, or which would have learned about it had it acted in a

reasonably prudent fashion, is liable for injury caused by its subsequent failure to use reasonable

care to provide an adequate warning of such characteristic and its danger to users of the product.

La. R.S. 9:2800.57(C)

Johnson, "Civil Jury Instructions," vol. 18 Louisiana Civil Law Treatise (2d ed.), §11.05

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                                    MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                    SECTION "N-5"

                                                        JUDGE ENGELHARDT
                                                        MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
Docket No. 09-2977
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUESTED JURY**
**CHARGE NO. 16**

        A manufacturer has a duty to warn of any danger inherent in the normal use of its

product, including danger which is not within the knowledge of an ordinary user.

        The duty of a manufacturer to warn is continuing.  Even after a product has left the

control of the manufacturer, there is a duty to warn owners and operators of any dangers of

which the manufacturer subsequently learns.

La. R.S. 9:2800.57(C).
*Winterrowd v. The Travelers Indemnity Co., et al.*, 462 So.2d 639 (La. 1985);

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                                   MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                          SECTION "N-5"

                                                      JUDGE ENGELHARDT
                                                      MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
Docket No. 09-2977
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUESTED JURY**
**CHARGE NO. 17**

A manufacturer's duty to warn is based on the manufacturer's knowledge of its own

product and the manufacturer being held to the knowledge and skill of an expert with regard to

its own products.

Johnson, "Civil Jury Instructions," vol. 18 Louisiana Civil Law Treatise (2d ed.), §4:2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                                    MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                SECTION "N-5"

                                                                JUDGE ENGELHARDT
                                                                MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
Docket No. 09-2977
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUESTED JURY**
**CHARGE NO. 18**

Once the plaintiff proves that the lack of an adequate warning rendered the product

unreasonably dangerous, there is a presumption that had the manufacturer provided an adequate

warning, the user would have both read and heeded the warning.  This presumption may be

rebutted by competent evidence.

Johnson, "Civil Jury Instructions," vol. 18 Louisiana Civil Law Treatise (2d ed.), §4:2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                          MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                 SECTION "N-5"

                                             JUDGE ENGELHARDT
                                             MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
**Docket No. 09-2977**
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

PLAINTIFF'S REQUESTED JURY
CHARGE NO. 19

In addition to being responsible as a manufacturer of a product, Forest River also may be held responsible as the seller of the travel trailer in this case.

LSA-R.S. 9:2800.53(5).  *See also Morris v. United Servs. Auto. Ass'n.*, 756 So.2d 549 (La. App. 2000).

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                     MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION       SECTION "N-5"

                                      JUDGE ENGELHARDT
                                      MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
**Docket No. 09-2977**
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUESTED JURY**
**CHARGE NO. 20**

       Someone who is not a party to a sales contract nevertheless may be considered what the

law calls a "third-party beneficiary" of the sales contract. As such, this person has the right to

demand proper performance of the sales contract on the part of the seller.

Articles 1978, 1981, Louisiana Civil Code

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                                    MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION               SECTION "N-5"

                                                       JUDGE ENGELHARDT
                                                       MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
Docket No. 09-2977
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUESTED JURY**
**CHARGE NO. 21**

       In order for Lyndon T. Wright to qualify as a third party beneficiary to the housing sale

contract between Forest River and FEMA, he would have to demonstrate the following:

       (1)    that the contract between Forest River and FEMA for the side of Emergency
              Housing Units clearly intended to benefit Mr. Wright, a displaced hurricane
              victim;

       (2)    that there was certainty as to the benefit provided to Mr. Wright; and

       (3)    that the benefit to Mr. Wright was not merely incidental to the contract between
              Forest River and FEMA.

It is not necessary that the intended benefit for Mr. Wright be stipulated anywhere in writing.


*Joseph v. Hospital Service Dist. No. 2 of Parish of St. Mary*, 939 So.2d 1206, 1212 (La. 2006)
(relying on Louisiana Civil Code Article 1978).

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                                   MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                SECTION "N-5"

                                                      JUDGE ENGELHARDT
                                                      MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
Docket No. 09-2977
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUESTED JURY
CHARGE NO. 22**

The travel trailer in this case was sold by Forest River to FEMA.  If you find that the

plaintiff Lyndon T. Wright was the third-party beneficiary of this sale of this travel trailer, then

plaintiff is entitled to make a claim against Forest River as a seller of the trailer, based upon

certain legal obligations of a seller which I now will discuss.

*Stelly v. Gerber Products Co.*, 299 So.2d 529 (La. App. 1974).

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                           MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                  SECTION "N-5"

                                              JUDGE ENGELHARDT
                                              MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
Docket No. 09-2977
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUESTED JURY**
**CHARGE NO. 23**


        A seller of a thing which knows of a defect in the thing but fails to declare or disclose it,

may be considered liable for damages associated with the purchase, and also for reasonable

attorney's fees.




Article 2545, Louisiana Civil Code

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                                MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION          SECTION "N-5"

                                                            JUDGE ENGELHARDT
                                                            MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
Docket No. 09-2977
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUESTED JURY**
**CHARGE NO. 24**

A seller is deemed to know that the thing he sells has a defect when he is a manufacturer

of that thing.


Johnson, "Civil Jury Instructions," vol. 18 Louisiana Civil Law Treatise (2d ed.), §4:3

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                           MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION          SECTION "N-5"

                                                     JUDGE ENGELHARDT
                                                     MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
Docket No. 09-2977
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUESTED JURY**
**CHARGE NO. 25**

The seller of a thing warrants that there are no defects in the thing, that is, no condition

which would so diminish the value or usefulness of the thing that it is reasonable to presume the

buyer would not have purchased the thing had the condition been disclosed.

Article 2520, Louisiana Civil Code

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                           MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION          SECTION "N-5"

                                                      JUDGE ENGELHARDT
                                                      MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
Docket No. 09-2977
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUESTED JURY**
**CHARGE NO. 26**

The thing that is sold by a seller to a buyer must be reasonably fit for its intended use.

Article 2524, Louisiana Civil Code

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                          MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION          SECTION "N-5"

                                                        JUDGE ENGELHARDT
                                                        MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
Docket No. 09-2977
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUESTED JURY**
**CHARGE NO. 27**

        The seller's warranty against defects in the thing sold applies only to defects which exist

at the time of delivery; and the defect is presumed to exist at the time of delivery if it appears

within three days from that time.  Otherwise, it is plaintiff's burden to show that the defect in the

thing sold did exist at the time of delivery.

Article 2530, Louisiana Civil Code

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                          MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                 SECTION "N-5"

                                             JUDGE ENGELHARDT
                                             MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
**Docket No. 09-2977**
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUESTED JURY**
**CHARGE NO. 28**

Under the law which applies to this case, Louisiana Civil Code Article 2315 provides in

pertinent part that:

> Every act whatever of man that causes damage to another obliges him by whose
> fault it happened to repair it.

Louisiana Civil Code Article 2316 further directs:

> Every person is responsible for the damage he occasions not merely by his act,
> but by his negligence, his imprudence, or his want of skill.

> Under these articles, the elements of a cause of action for negligence are fault, causation,

and damage.

If you find by a preponderance of the evidence that defendants failed in their duty to use

reasonable care to protect plaintiff from injury that they knew or should reasonably have known

would occur, and that defendants' actions were a legal cause of damage and/or injury to the

plaintiff, then you must find that plaintiff is entitled to recover on the basis of such negligence

and/or fault.

Louisiana Civil Code Articles 2315-16; *Buckley v. Exxon Corp.*, 390 So.2d 512, 514 (La. 1980); *Owens v. Martin*, 449 So.2d 448, 450-51 (La. 1984).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                      MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION        SECTION "N-5"

                                        JUDGE ENGELHARDT
                                        MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
**Docket No. 09-2977**
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

PLAINTIFF'S REQUESTED JURY
CHARGE NO. 29

     In order for negligence to be a basis of liability in this matter, it is not necessary for the

plaintiff to show any element or willfulness, malice, or intention to cause injury.  Mere failure to

look out for the safety of others, where it amounts to a violation of legal duty, may be the basis

of a finding of negligence, even if the failure was unintentional.

*Moses v. Butts*, 70 So.2d 203, 206 (La. App. 1st Cir. 1954).

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER          MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION      SECTION "N-5"

                                  JUDGE ENGELHARDT
                                  MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
**Docket No. 09-2977**
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUESTED JURY**
**CHARGE NO. 30**

Persons with no actual or implied knowledge of a danger have a right to rely on those who have a duty to protect their safety and may assume they are not exposed to a danger which could come into existence only from a breach of duty which others owe to avoid injury to them.

In order for the plaintiff to recover, the duty which is breached must have been intended to protect against the particular risk of harm to which the plaintiff was exposed.

"Duty" can be stated generally as an obligation to conform to the standards of conduct of reasonable men under like circumstances.

*Brock v. New Orleans Public Service, Inc.*, 433 SO.2d 1083 (La. App. 4th Cir.), *writ den'd*, 437 So.2d 1147, 1148 (La. 1983);

*Smith v. Louisiana Department of Transportation & Development*, 430 So.2d 335 (La. App. 3rd Cir.) *writ den'd*, 434 So.2d 1095 (La. 1983);

*Palmer v. Bartley, Inc.*, 430 So.2d 118 (La. App. 3rd Cir. 1983).

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                           MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION          SECTION "N-5"

                                              JUDGE ENGELHARDT
                                              MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
**Docket No. 09-2977**
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUESTED JURY**
**CHARGE NO. 31**

Under Louisiana law, a person "may assume that others who owe him a duty of care will

exercise that care and that he will not be exposed to nor threatened by danger which can come to

him only from a breach of that duty of care."

*Barrios v. Service Drayage Co.*, 250 So.2d 135, 141, (La. App. 4th Cir.), *writ den'd*, 253 SO.2d
66 (La. 1971).

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                                    MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION              SECTION "N-5"

                                                                   JUDGE ENGELHARDT
                                                                   MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
**Docket No. 09-2977**
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUESTED JURY**
**CHARGE NO. 32**

The law holds that an employer is legally responsible for the negligence of all of its

employees while they are acting within the course and scope of their employment and jobs.

Therefore, with regard to any alleged negligence of defendants in this case, it is not necessary for

the plaintiff to show that the high-level management or officers of these corporations were

themselves negligent in any way for the corporations to be responsible.  It is sufficient that one

or more employees were negligent.  This principle of law is called *respondeat superior*.

Basically, it means that the employer legally is placed in a position superior to all employees so

as to be responsible for the acts of all of agents or employees acting within the course and scope

of their employment or jobs.  When such acts are negligent and are a proximate cause of an

accident or injuries, therefore, the employer is legally responsible.

Louisiana Revised Civil Code Art. 2320: "Masters and employers are answerable for the damage
occasioned by her servants and overseers, in the exercise of the functions in which they are
employed...."

*Lynch v. Culpepper*, 96 So.2d 516, 519 (La. App. 2nd Cir. 1957).

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA
### NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                          MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                 SECTION "N-5"

                                             JUDGE ENGELHARDT
                                             MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
**Docket No. 09-2977**
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PLAINTIFF'S REQUESTED JURY
## CHARGE NO. 33

The plaintiff is entitled to recover if he proves by a preponderance of the evidence that the fault of one or more of the defendants was a legal or proximate cause of his injuries.

I instruct you that under Louisiana law a defendant's legal fault is a cause in fact of a plaintiffs' harm — and therefore a ground for recovery by the plaintiff — if that fault was a substantial factor which contributed to causing the harm.  The defendants' fault need not be the sole cause of the harm, but rather has to be a "necessary ingredient" of the resulting harm, and there has to be a direct relationship between the fault and the harm.  If multiple causes of the alleged harm exist, then "to the extent that (a) defendant's actions had something to do with the injury that the plaintiff sustained," then plaintiff has proved the factual, causal relationship between that defendant's actions and the damages which the law requires for the recovery of damages.

*Pastor v. Lafayette Building Assoc.*, 567 So.2d 793, 795 (La. App. 3rd Cir. 1990); *Antee v. Southern Pacific Transportation Co.*, 627 So.2d 798, 800 (La. App. 2nd Cir. 1993); *Faucheaux v. Terrebonne Consolidated Government*, 615 So.2d 289, 292 (La. 1993);

*Dixie Drive-It-Yourself System v. American Beverage Co.*, 242 La. 471, 137 So.2d 298 (La. 1962);

*Brown v. Louisiana Department of Highways*, 373 So.2d 605, 603 (La. App. 3rd Cir. 1979);

*Mathieu v. Imperial Toy Corp.*, 632 So.2d 375, 379 (La. App. 4th Cir. 1994).

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                        MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION               SECTION "N-5"

                                           JUDGE ENGELHARDT
                                           MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
**Docket No. 09-2977**
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUESTED JURY
CHARGE NO. 34**

There is no universal formula for the determination of legal or proximate cause.

Moreover, the law does not hold that there can only be one proximate cause of injury, consisting

of only one fact or thing, or the conduct of only one person.  On the contrary, many factors or

things, or the conduct of two or more persons, may operate at the same time, either

independently or together, to cause any injury; in such case, each may be a proximate cause of

the injury.  "When multiple causes are present, a defendant's conduct is a cause, in fact, when it

is a factor generating plaintiffs' harm."  Thus, if you find that a defendant's fault "had something

to do with the injury the plaintiff sustained," then it was a cause in fact of the injury and you

should find liability on the part of that defendant.

*Rick v. State, DOTD,* 630 So.2d 1271 (La. 1994); *Forest v. State, DOTD*, 493 So.2d 563 (La.
1986); *In re Manguno*, 961 F.2d 533 (5th Cir. 1992);
*Roberts v. Benoit*, 605 So.2d 1032, 1042 (LA. 1992);
*Vicknair v. Hibernia Bldg. Corp.*, 479 So.2d 904 (La. 1985);
*Dixie-Drive-It-Yourself System v. American Beverage Co.*, 137 So.2d 298 (La. 1962).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                          MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                 SECTION "N-5"

                                             JUDGE ENGELHARDT
                                             MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
**Docket No. 09-2977**
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

PLAINTIFF'S REQUESTED JURY
CHARGE NO. 35

In addressing whether a defendant's conduct was a cause in fact of the harm to plaintiff,

you are instructed that there can be more than one cause for damage.  A cause can be a

concurrent cause of damage even if the defendant's actions alone would not have caused the

injury.

Furthermore, causation may be proven by either direct or circumstantial evidence when

such evidence shows causation is more probable than not.

*In re Manguno*, 961 F.2d 533 (5th Cir. 1992);

*Rick v. State, Department of Transportation & Development*, 630 So.2d 1271, 1275 (La. 1994).

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                                   MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                          SECTION "N-5"

                                                      JUDGE ENGELHARDT
                                                      MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
**Docket No. 09-2977**
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUESTED JURY**
**CHARGE NO. 36**

If a defendant's conduct was a factor in bringing about harm to the plaintiff or in setting

in motion the chain of circumstances that lead to the injury, the fact that the defendant did not

foresee, nor should have foreseen, the extent or seriousness of the plaintiff's harm, or the specific

manner in which it occurred, does not relieve the defendant from being liable.

*Bergeron v. Houston-American Ins. Co.*, 98 So.2d 723, 725 (La. App. 1st Cir. 1957);

*Lynch v. Fisher*, 34 So.2d 513, 518-19 (La. App. 2nd Cir. 1947);

*Restatement of Torts*, §435.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                         MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                SECTION "N-5"

                                            JUDGE ENGELHARDT
                                            MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
Docket No. 09-2977
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

PLAINTIFF'S REQUESTED JURY
CHARGE NO. 37

If you find that more than one party was at fault in this case, and that the fault of each

was a proximate cause of the plaintiff's damages, then you must assign percentages of fault to

each party found to be at fault.  In determining those percentages (which must add to a total of

100%), you should consider both the nature of the party's conduct and the extent of the casual

relation between the conduct and plaintiff's damages.  You also may take the following

considerations into account, as you see fit:  (1) whether the conduct resulted from a party's

inadvertence, or rather involved an actual awareness of the danger involved; (2) how great a risk

was created by the party's conduct; (3) the importance of what was being sought by the conduct;

(4) the physical and mental capacities of the party, and whether this capacities were ordinary,

superior, or inferior; and (5) any extenuating circumstances that might have required that party to

act in haste, without proper thought.

*See Lasha v. Olin Corp.*, 625 So.2d 1002, 1006 (La. 1993); *see also Moore v. Ashland Chemical,
Inc.*, 151 F.3d 269, 289 (5th Cir. 1998); and *Alcoa Steamship Co., Inc. v. Charles Ferran & Co.,
Inc.*, 383 F.2d 46 (5th Cir. 1967), *cert. den'd*, 89 S.Ct. 111 (1968).

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                           MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                  SECTION "N-5"

                                              JUDGE ENGELHARDT
                                              MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
**Docket No. 09-2977**
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUESTED JURY
CHARGE NO. 38**

Comparative negligence is a defense to a tort suit, and it is incumbent upon the

defendants to prove that the plaintiff was comparatively negligent.  The test for comparative

negligence is the same as for primary negligence and is that conduct which falls below the

standard to which a person should conform for his own safety and protection, the standard being

that of a reasonable person in like circumstances.  The burden of proving comparative

negligence must be borne by the defendants.

In other words, the plaintiff is not called upon to disprove or to negate any alleged

comparative negligence.  It is up to the defendants to prove, by a preponderance of the evidence,

not merely that the plaintiff was negligent, but also that this negligence was a proximate cause of

the injuries for which the plaintiff seeks to recover.

Louisiana Civil Code Article 2323; *Smith v. Travelers Insurance Company*, 430 So.2d 55, 59
(La. 1983) *citing Tucker v. Lirette*, 400 So.2d 647 (La. 1981);

*Davis v. New Orleans Public Belt Railroad*, 375 So.2d 395, 397 (La. App. 4th Cir. 1979),
*corrected on rehearing* (*citing Pfister v. Phoenix of Hartford Insurance Company*, 290 So.2d
362 (La. App. 4th Cir. 1974).

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                       MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION              SECTION "N-5"

                                          JUDGE ENGELHARDT
                                          MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
**Docket No. 09-2977**
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUESTED JURY**
**CHARGE NO. 39**

A defendant is not liable for the entirety of the harm suffered by a plaintiff, if the harm is

caused in part by the comparative fault of the injured person himself.  You should be guided by

the following instructions to determine if comparative fault by Mr. Wright caused any part of the

harm alleged in this case.

The standard applicable to Mr. Wright's conduct is the requirement that he exercise that

degree of care that we might reasonably expect a person to exercise for his safety and protection.

On this issue, the defendant has the burden of proof.  In other words, the defendant has the

burden of establishing by a preponderance of the evidence that Lyndon T. Wright failed to

conform to that standard of conduct and thereby contributed to his own injury.  If the defendant

convinces you of this, then you must assign a percentage of fault the plaintiff Mr. Wright's

conduct according to the instructions that I will give you.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                              MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                     SECTION "N-5"

                                                 JUDGE ENGELHARDT
                                                 MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
**Docket No. 09-2977**
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

PLAINTIFF'S REQUESTED JURY
CHARGE NO. 40

Each case involving personal injury is unique and must be evaluated according to its own peculiar facts and circumstances.  The general rule in Louisiana is that anyone who causes harm to another is responsible to the injured party in civil damages.  These damages include compensation for past and future medical expenses incurred and loss of earning capacity.  These actual expenses are known as special damages.

In addition to special damages, Louisiana law allows a victim in a personal injury case to receive general damages in an amount that is consistent with the evidence.  General damages include past and future emotional distress, past and future physical pain and suffering, past and future mental anguish, physical disfigurement, physical disability, and the like.

Your award should be designed fully and fairly to compensate the plaintiff Lyndon T. Wright for his injuries, if you conclude that plaintiff has proven injuries due to the fault of one or more of the defendants.

The law is fully cognizant of the difficulty of translating personal injuries into a dollars and cents figure that can fairly and adequately compensate the plaintiff both for damages already suffered and for damages likely to be suffered in the future.  Like other parts of the plaintiff's case, these damages must be established by a preponderance of the evidence.  This means, on the one hand, that you are not entitled to award speculative damages for injuries which you think the plaintiff might have suffered or might suffer in the future; on the other hand, it means that you may make an effort reasonably to approximate the damages which plaintiff has proved are more probable than not, even though they cannot be computed with mathematical certainty.

*Louisiana Civil Jury Instructions, Volume II;* Louisiana Civil Code Article 2315; *Hebert v. Domingue*, 473 So.2d 120, 127 (La. App. 3rd Cir.), *writ den'd*, (La. 1985); *Harrington v. City of Abbeville*, 471 So.2d 1160, 1164 (La. App. 3rd Cir. 1985); *Reck v. Stevens*, 373 So.2d 498 (La. 1970); *Champagne v. Lee*, 470 So.2d 378, 381 (La. App. 5th Cir.), *writ dismissed*, 472 So.2d 911 (La. 1985); *Freeman v. Harold Dickey Transport, Inc.*, 467 So.2d 194, 198 (La. App. 3rd Cir. 1985); *Holmes v. Texaco, Inc.*, 422 So.2d 1302, 1305 (La. App. 5th Cir. 1982).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                          MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                 SECTION "N-5"

                                             JUDGE ENGELHARDT
                                             MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
**Docket No. 09-2977**
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

PLAINTIFF'S REQUESTED JURY
CHARGE NO. 41

Plaintiff seeks to recover what are known as "general damages."  The law defines such

damages as those damages which may not be fixed with any degree of monetary exactitude but

which, instead, involve mental or physical pain or suffering, inconvenience, the loss of

gratification of intellectual or physical enjoyment, or other losses of life or life-style which

cannot be measured definitively in terms of money.  The factors to be considered in assessing

damages for pain and suffering are the severity and duration of the injuries.


*Anderson v. Welding Testing Laboratory, Inc.*, 304 So.2d 351, 352 (La. 1974);
*Boswell v. Roy O. Martin Lumber Co., Inc.*, 363 So.2d 506, 507 (La. 1978);
*LeBleu v. Dynamic Industrial Constructors, Inc.*, 526 So.2d 1184, 1188-89 (La. App. 3d Cir. 1988).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                          MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                 SECTION "N-5"

                                             JUDGE ENGELHARDT
                                             MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
Docket No. 09-2977
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

PLAINTIFF'S REQUESTED JURY
CHARGE NO. 42

No evidence of the value of such intangible things as mental or physical pain and

suffering has been nor need be introduced; for, in that respect, it is not exact value you are trying

to determine, but an amount that will fairly compensate Mr. Wright for the damages he claims

for himself.

*Fontenot v. Magnolia Petroleum*, 80 So.2d 845 (La. 1955);
*Humphreys v. Bennet Oil Corp.*, 197 So.2d 222 (La. 1940).

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                              MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                     SECTION "N-5"

                                                 JUDGE ENGELHARDT
                                                 MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
Docket No. 09-2977
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUESTED JURY**
**CHARGE NO. 43**

As I have mentioned to you, there is no practical way to introduce evidence as to the

general damage which plaintiff claims for pain and suffering and mental distress.  There is no

precise standard to fix these damages or assign some kind of value to them.  Rather, your job is

to determine an amount that will be fair and just on the basis of evidence of plaintiff's injury and

treatment that you have heard, and that will fairly compensate plaintiff for any damage he may

have suffered.

Johnson, "Civil Jury Instructions," vol. 18 Louisiana Civil Law Treatise (2d ed.) §18.04

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                    MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION           SECTION "N-5"

                                       JUDGE ENGELHARDT
                                       MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
Docket No. 09-2977
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUESTED JURY**
**CHARGE NO. 44**

I charge you that where a plaintiff or person claiming injury in a legal case was already

suffering from some diseased condition or illness prior to the events of the case, and by reason of

the fault of a defendant that diseased condition or illness is worsened or aggravated, the

defendant or defendants at fault will be considered liable for the full and final effect of that

worsening or aggravation.

In other words, a party whose fault has caused physical injury to another cannot urge that

the injury may not have caused serious injury to a normally healthy person, or that the only

reason that the injured party is suffering such disability or pain is that he was already suffering

from a pre-existing disease condition or illness.  The law holds that a wrongdoer is not entitled to

a healthy victim.  Rather, the wrongdoer takes the injured party as it finds him or her, and is

legally accountable for the worsening of the condition, even though the final outcome may be

worse because of the injured party's prior condition.

*See Reck v. Stevens*, 373 So.2d 498 (La. App. 1979); *Rice v. Traders & General Insurance Co.*, 114 So.2d 92 (La. App. 1959); 198 So. 177 (La. App. 1940).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                        MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION               SECTION "N-5"

                                           JUDGE ENGELHARDT
                                           MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
**Docket No. 09-2977**
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

PLAINTIFF'S REQUESTED JURY
CHARGE NO. 45


A wrongdoer takes the victim as it finds him or her, and is responsible in damages for the

consequences of its wrongdoing, even though the damages are greater because of the victim's

prior condition.  In other words, the wrongdoer is not entitled to a perfectly healthy victim.

While a plaintiff has the burden of proving both injuries and the causal connection between those

injuries and the fault of one or more defendants, when a defendant's negligent act aggravates or

worsens a preexisting condition or injury, the victim is entitled to compensation for the full

extent of the aggravation or worsening.



*Reck v. Stevens*, 373 So.2d 498, 502 (La. 1979); *Perniciaro v. Brinch*, 384 So.2d 392, 395 (La.
1980); *McGrew v. Jordan*, 516 So.2d 1246, 1251 (La. App. 2nd Cir. 1987).

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                            MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                   SECTION "N-5"

                                               JUDGE ENGELHARDT
                                               MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
**Docket No. 09-2977**
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUESTED JURY**
**CHARGE NO. 46**

The testimony of physicians who examine and treat an injured person is entitled to

greater weight than that of physicians who only examine the injured person once.

*Keller v. Amedeo*, 501 So.2d 309, 312 (La. App. 5th Cir.), *reversed on other grounds*, 512 So.2d 385 (La. 1987); *Comeaux v. Cameron Offshore Services, Inc.*, 420 So.2d 1209, 1213 (La. App. 3rd Cir. 1982).

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                        MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION               SECTION "N-5"

                                           JUDGE ENGELHARDT
                                           MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
**Docket No. 09-2977**
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUESTED JURY**
**CHARGE NO. 47**

When the cause of injuries is unknown to the expert witnesses, or if they cannot tell us

from the medical records the cause of the injuries, then evidence of what "can cause" the injury

is admissible.  It is not necessary for any physician to testify that he or she knew absolutely what

the cause of the injuries was.  If you believe that their testimony about what "can" cause or

contribute to the injuries is likely what did cause or contribute to the injuries, then that party has

carried its burden of proof.

*Cooper v. Sams*, 93-215 (La. App. 3rd Cir. 12/18/93); 628 So.2d 1181, 1187.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                         MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                SECTION "N-5"

                                            JUDGE ENGELHARDT
                                            MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
Docket No. 09-2977
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUESTED JURY**
**CHARGE NO. 48**

In considering the extent of injuries and damages in this case, you may consider the lay

testimony of any witness, including plaintiff's family members, even though they are not

medical witnesses.

*Sanders v. Western Casualty & Surety Co.*, 337 So.2d 286 (La. App. 2nd Cir. 1976);
*Tantillo v. Liberty Mutual Ins. Co.*, 315 So.2d 743 (La. 1975).

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                                  MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                         SECTION "N-5"

                                                     JUDGE ENGELHARDT
                                                     MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
Docket No. 09-2977
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUESTED JURY**
**CHARGE NO. 49**


If proven as an element of damages, you are entitled to award plaintiff an amount for the

loss of enjoyment of life, separate from any amount you may award for physical and mental pain

and suffering or permanent disability.

In considering an award for damages based on the loss of the enjoyment of life, you may

take into account the plaintiff's interests and way of life.


*McGee v. AC and S, Inc.*, 933 So.2d 770, 776 (La. 2006); *Andrews v. Mosley Well Service*, 514
So.2d 491, 499 (La. App. 3rd Cir.), *writ den'd*, 515 So.2d 807 (La. 1987); *Kennedy v. Sheriff of
East Baton Rouge*, 05-1418 (La. 7/10/06).

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                        MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION               SECTION "N-5"

                                           JUDGE ENGELHARDT
                                           MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
Docket No. 09-2977
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUESTED JURY**
**CHARGE NO. 50**

An individual who is injured by the fault of another can recover for the reasonable

medical, hospital and related expenses she incurs for necessary treatment.  Here, the plaintiff

seeks to recover such expenses both for his medical treatment.

*Thames v. Zerangue*, 411 So.2d 17, 19 (La. 1982).

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                          MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION              SECTION "N-5"

                                             JUDGE ENGELHARDT
                                             MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
Docket No. 09-2977
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUESTED JURY**
**CHARGE NO. 51**

In determining any award that you might make for past or future medical expenses, you should consider the evidence, and the opinions of expert witnesses, to decide the reasonable value or expense of medical, nursing and hospital care and treatment which was or will be reasonable and necessary for plaintiff's condition.

Johnson, "Civil Jury Instructions," vol. 18 Louisiana Civil Law Treatise (2d ed.), §18.05

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                          MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                 SECTION "N-5"

                                             JUDGE ENGELHARDT
                                             MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
Docket No. 09-2977
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUESTED JURY
CHARGE NO. 52**


Where there is a legal right to recovery but damages cannot be exactly estimated, the jury

has reasonable discretion to assess the amount of damages based upon all the facts and

circumstances of the case.  A claim for loss of earnings need not be proved with mathematical

certainty, but only by such proof as reasonably establishes the calm, and such proof may even

consist of only the victim's own reasonable testimony.


*Ed Bulliard Company v. Foretich–Zimmer Construction Co.*, 451 So. 2d 29 (La. App. 3 Cir.),
*writ den'd*, 456 So. 2d 169 (La. 1984); *Jordan v. The Travelers Insurance Company*, 245 So. 2d
151, 155 (La. 1971).

*Simmons v. City of Monroe*, 588 So. 2d 1357 (La. App. 2 Cir. 1991), *writ den'd*, 591 So. 2d 708
(La. 1992).

*Legrone v. New Orleans Public Service, Inc*., 415 So. 2d 997, 999 (La. App. 4 Cir. 1982).

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                          MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                 SECTION "N-5"

                                             JUDGE ENGELHARDT
                                             MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
**Docket No. 09-2977**
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUESTED JURY**
**CHARGE NO. 53**

In determining the economic losses which plaintiff claims to have suffered and any loss

of earning capacity after the injury, you may consider in such an award reference to gross

income without regard to income taxes or net income.


*Marcel v. Placid Oil Co.*, 11 F. 3d 563 (5th Cir. 1994);

*Harris v. Tenneco Oil Co.*, 563 So. 2d 317, 326 (La. App. 4 Cir. 1990);

*Riley v. Winn–Dixie Louisiana, Inc.*, 489 So. 2d 931, 937 (La. App. 5 Cir. 1986);

*Wisner v. Illinois Central Gulf Railroad*, 537 So. 2d 740, 751-52 (La. App. 1 Cir. 1988);

*Cheatham v. City of New Orleans*, 378 So. 2d 369 (La. 1979);

*LeBleu v. Dynamic Industrial Constructors, Inc*., 526 So. 2d 1184, 1189 (La. App. 3 Cir. 1988);

*Harper v. Liggett Group, Inc., 459 So. 2d 1260* (La. App. 1 Cir. 1984), *writ den'd*, 462 So. 2d
655 (La. 1985).

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER                          MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                 SECTION "N-5"

                                             JUDGE ENGELHARDT
                                             MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
Docket No. 09-2977
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REQUESTED JURY**
**CHARGE NO. 54**

Our law also permits certain persons to recover damages for mental anguish or emotional distress that they may have suffered as a result of witnessing something that causes injury to another person or as a result of coming on the scene of the event soon thereafter.

In order to recover, however, the injured person must have suffered such harm that one could reasonably expect that someone who witnessed the injury or knew of it soon thereafter, would experience serious mental anguish or emotional distress.

Johnson, "Civil Jury Instructions," vol. 18 Louisiana Civil Law Treatise (2d ed.), §3.19

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                          MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                 SECTION "N-5"

                                             JUDGE ENGELHARDT
                                             MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon T. Wright v. Forest River, Inc., et al.,*
Docket No. 09-2977
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

PLAINTIFF'S REQUESTED JURY
CHARGE NO. 55

An injured person's recovery cannot be diminished by payments or benefits received

through insurance companies, or from other collateral sources if the defendants themselves did

not procure or contribute to these benefits.  Any such payments are <u>not</u> to be credited against a

personal injury award in the plaintiff's favor.

*Bennett v. United States Fidelity & Guaranty Company*, 373 So. 2d 1362 (La. App 1 Cir.), *writ den'd*, 376 So. 2d 1269 (La. 1979).