UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N(5)<br><br>JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO:<br>*Lyndon Wright v. Forest River, Inc., et al.*<br>No. 09-2977 | MAGISTRATE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### SHAW ENVIRONMENTAL, INC'S
### PROPOSED JURY INSTRUCTIONS

**MAY IT PLEASE THE COURT:**

Shaw Environmental, Inc. (hereinafter referred to as "Shaw") respectfully submits the following requested jury instructions in accordance with this Honorable Court's Order.

Shaw hereby concurs and adopts the proposed modifications to the jury charges in *Alexander v. Gulf Stream, et al.* and additional jury instructions submitted by Forest River, Inc. (Rec. Doc No. 12389) as given in their entirety with the following appropriate modifications. Additionally, as Forest River suggested in its proposed instructions, Shaw will work with Forest River to submit to the Court prior to the charge conference a single set of proposed instructions based upon the *Alexander* instructions and containing Shaw's and Forest River's additions and changes.

(1)     Shaw requests that the first paragraph of the "Independent Contractor Defense" Jury Charge be modified to read:  "Here, Shaw claims that it did not install Plaintiff's EHU.  Instead, Shaw asserts that it contracted with RCG Enterprises, LLC to install Plaintiff's EHU."

(2)     Shaw requests that the following paragraph be added to the "Non-Liability of Contractor For Destruction or Deterioration of Work" Jury Charge:  "Therefore, if you find that Shaw is a contractor that performed its work in accordance with the plans and/or specifications furnished to it by the Government, then you must return a verdict in favor of Shaw."

(3)     In addition to the as given *Alexander* charges and the additional Forest River proposed jury instructions, Shaw submits the following specifically requested proposed jury instructions:[1]

## GOVERNMENT CONTRACTOR DEFENSE[2]

SHAW ASSERTS THAT IT IS A GOVERNMENT CONTRACTOR THAT PERFORMED ITS WORK ACCORDING TO AND IN COMPLIANCE WITH SPECIFICATIONS APPROVED AND MANDATED BY FEMA.  SHAW HAS THE BURDEN OF PROVING THAT IT IS A GOVERNMENT CONTRACTOR.

IN THIS REGARD, I INSTRUCT YOU THAT SHAW CANNOT BE LIABLE FOR ANY NEGLIGENCE FOR THE INSTALLATION OF THE TRAILER WHERE:

(1) THE FEDERAL GOVERNMENT APPROVES "REASONABLY PRECISE" SPECIFICATIONS FOR THE INSTALLATION OF TRAILERS;

---

[1] Shaw notes that these instructions, which pertain to the government contractor defense, were already part of the *Alexander* instructions with regard to Gulf Stream.  The substitution of "Forest River" for "Gulf Stream" throughout the *Alexander* charges might be read to omit Shaw from this defense.  Shaw therefore proposes these charges separately in order to make clear that it is proposing that the jury be charged on Shaw's government contractor defense, in addition to the charges regarding Forest River's government contractor defense.

[2] *In re Katrina Canal Breaches Consol. Litig.* No., 05-4182, 2007 WL 42119351 at * 5 (E.D. La. 2007).

2

(2)     SHAW'S INSTALLATION WORK CONFORMS TO THOSE SPECIFICATIONS; AND

(3)     SHAW IS NOT AWARE OF REASONS NOT KNOWN TO THE GOVERNMENT WHY THE WORK PRODUCT REQUIRED BY THE INSTALLATION SPECIFICATIONS IS UNSAFE OR UNREASONABLE.

THEREFORE, IF YOU FIND THAT (1) FEMA APPROVED REASONABLY PRECISE WORK PLANS AND SPECIFICATIONS WITH REGARD TO THE INSTALLATION OF THE TRAILER, (2) SHAW'S WORK CONFORMED TO THE GOVERNMENT'S APPROVED PLANS AND SPECIFICATIONS, AND (3) SHAW HAD NO ACTUAL KNOWLEDGE, NOT OTHERWISE KNOWN TO THE GOVERNMENT, OF ANY DANGERS WITH RESPECT TO THE GOVERNMENT'S PLANS FOR THE INSTALLATION OF THE TRAILER, THEN YOU MUST RETURN YOUR VERDICT IN FAVOR OF SHAW ON PLAINTIFF'S NEGLIGENCE CLAIMS AGAINST IT.

## GOVERNMENT CONTRACTOR DEFENSE – APPROVAL OF "REASONABLY PRECISE" SPECIFICATIONS[3]

THE GOVERNMENT NEED NOT PREPARE THE SPECIFICATIONS TO BE CONSIDERED TO HAVE APPROVED THEM, AS LONG AS THE GOVERNMENT PROVIDES A SUBSTANTIVE REVIEW OR EVALUATION OF SHAW'S PLANS. EVIDENCE OF CONTINUOUS BACK AND FORTH BETWEEN SHAW AND THE GOVERNMENT, SUCH AS PROOF THAT SHAW AND THE GOVERNMENT WORKED

---

[3] *Kerstetter v. Pac. Sci. Co.*, 210 F.3d 431, 435 (5th Cir. 2000).

CLOSELY TOGETHER ON THE DEVELOPMENT OF A PROJECT FROM ITS PLANNING STAGES THROUGH ITS FULL PRODUCTION GENERALLY IS SUFFICIENT. THE SPECIFICATIONS NEED NOT ADDRESS THE SPECIFIC DEFECT ALLEGED; THE GOVERNMENT NEED ONLY EVALUATE THE DESIGN FEATURE IN QUESTION.

### GOVERNMENT CONTRACTOR DEFENSE-CONFORMANCE WITH GOVERNMENT-APPROVED SPECIFICATIONS[4]

THE GOVERNMENT'S ISSUANCE OF A FORM OR REPORT INDICATING ACCEPTANCE OF THE PRODUCT AND/OR CONFORMITY WITH ALL REQUIRED SPECIFICATIONS IS EVIDENCE THAT SHAW'S WORK MET THE GOVERNMENT'S REQUIREMENTS.  THIS CONDITION ALSO MAY BE SATISFIED BY SHOWING THAT THE GOVERNMENT SUPERVISED AND CONTROLLED SHAW'S IMPLEMENTATION OF APPROVED SPECIFICATIONS, OR THAT THE GOVERNMENT INSPECTED AND ACCEPTED AS COMPLETE SHAW'S WORK.

### GOVERNMENT CONTRACTOR DEFENSE-CONTRACTOR MUST WARN OF DANGERS KNOWN TO IT, BUT NOT TO THE GOVERNMENT[5]

SHAW SATISFIES THE GOVERNMENT CONTRACTOR DEFENSES' THIRD CONDITION BY PROVING THAT IT KNEW OF NO REASONS NOT KNOWN TO THE GOVERNMENT WHY THE APPLICATION OF THE APPROVED SPECIFICATIONS WAS

---

[4] *Kerstetter*, 210 F.3d at 435 (*citing In re Air Disaster at Ramstein Air Base, Germany*, 81 F.3d 570, 575 (5th Cir. 1996).

[5] *Trevino v. Gen. Dynamics,* 865 F.2d 1474, 1487 (5th Cir. 1989); *Kerstetter*, 210 F.3d at 436  & 438 N. 9; *Miller v. Diamond Shamrock Co.,* 275 F.3d 414, 420 (5th Cir. 2001) (collecting cases).

UNSAFE OR UNREASONABLE.  THE GOVERNMENT CONTRACTOR DEFENSE DOES NOT REQUIRE SHAW TO WARN THE GOVERNMENT OF DEFECTS ABOUT WHICH IT SHOULD HAVE REASONABLY KNOWN. RATHER, A GOVERNMENT CONTRACTOR IS ONLY RESPONSIBLE FOR WARNING THE GOVERNMENT OF DANGERS ABOUT WHICH IT HAS ACTUAL KNOWLEDGE.  THIS THIRD CONDITION TESTS ONLY WHETHER THE CONTRACTOR KNEW OF DANGERS NOT KNOWN TO THE GOVERNMENT.

Respectfully submitted,

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

　/s/ M. David Kurtz
ROY C. CHEATWOOD (#04010)
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000

**ATTORNEYS FOR DEFENDANT, SHAW ENVIRONMENTAL, INC.**

### CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2010, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel.

　/s/ M. David Kurtz

5