UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-2977

# ORDER AND REASONS

Before the Court is Plaintiff's Motion in Limine to Prohibit References to an Exemplar Trailer (Rec. Doc. 11384). After considering the memoranda of the parties and the applicable law, the Court grants this motion.

## I. BACKGROUND

On November 2, 2009, Plaintiff received the expert report of John D. Osteraas, P.E., who was retained by Shaw Environmental, Inc. ("Shaw"). This report, for the first time, discussed testing and an examination that had been done on an exemplar travel trailer. Plaintiff was not invited to observe the tests, given an opportunity to review the protocols, allowed input into the protocols for the testing or even put on notice of the testing. Plaintiff's first notice of the testing was on November,

2, 2009 Plaintiff received the expert report of Osteraas, after the testing had been completed.

**II.    SUMMARY OF THE PARTIES' ARGUMENTS**

Plaintiff notes that this Court has previously set forth specific parameters for testing, and argues that this testing, which occurred without notice to Plaintiff, goes against the clear spirit and intent of the Court's prior orders. On June 30, 2009, the Court entered an Order setting forth with regard to Plaintiff's testing that "Defendants (and their experts) shall be allowed complete access to the Wright housing unit to perform comparative studies relating to any and all testing performed by the PSC," and "Defendants (and their experts) should be allowed to access to the housing unit to perform their own testing at appropriate intervals following the PSC's examination." (Rec. Doc. 2009, p. 2). Plaintiff contends that it is unfair and prejudicial to allow Shaw to conduct testing and rely on the same without Plaintiff having notice and being able to do comparative studies of all testing performed, when these were the conditions imposed by the Court on Plaintiff. Essentially, Plaintiff argues that it would be prejudicial to allow the Defendants to refer to testing for which Plaintiffs were not allowed to observe or replicate.

In response, Shaw focuses on substantive issues, relating to why such a test was necessary to respond to certain theories of recovery advanced by Plaintiff. More to the point of Plaintiff's motion, Shaw argues that this Court's June 30, 2009 Order, which requires that parties be put on notice of testing, is not applicable to the testing of an exemplar trailer. Perhaps Shaw should have first sought clarification from the Court before it spent time and money on testing without even notifying Plaintiff that such testing would occur.

**III.    ANALYSIS**

First, Shaw seems to entirely miss the point of Plaintiff's motion. Plaintiff's motion was

filed not because Shaw conducted this testing (in an effort to defend itself against Plaintiff's theories of recovery), but because Shaw conducted this testing without giving Plaintiff the opportunity to observe this testing, contribute or be privy to the protocol used therefor, and/or engage in his own testing. The fact that Shaw purchased this trailer privately is of no moment. Because Shaw intended to use this testing for litigation purposes and intended to refer to this testing at trial, it easily could and should have advised opposing counsel of such testing. Considering that the case largely turns on testing and expert testimony, allowing the results of a test to which one party was not privy to be placed before a jury is extremely prejudicial and unfair.

Second, testing has been the subject of many telephone conferences and dozens of past orders. To avoid this problem, Shaw could have very easily contacted the Court and arranged a telephone conference to seek clarification of any testing issues (i.e., whether all counsel should be notified of testing done on an exemplar unit).

Third, while the Court has never said or ordered that all testing done in this MDL shall "be conducted jointly", the consistent spirit of this Court's instructions/protocol for testing has revolved around *notice* to the involved parties. The fact that Plaintiff could have requested to test the exemplar unit after Shaw conducted its test and presented Dr. Osteraas' report is also of no moment. Shaw robbed Plaintiff of any opportunity to observe its initial testing in order to determine the reliability and veracity of such results. What if the test conducted by Shaw had been inappropriate or tainted in some way? What if the results of Shaw's test had been favorable to the Plaintiff's case? Without Plaintiff being there to observe such tests and contribute to (or even review) the protocol therefor, Plaintiff's ability to sufficiently respond to such testing is impaired.

As for Shaw's argument that Plaintiff has also has tested other trailers, without any of the

contractor defendants being present or even aware that this was occurring, the Court notes that, to this Court's knowledge, all testing done *at the request of counsel for litigation purposes* has been done in the presence of adverse counsel. In other words, just because Shaw or another contractor defendant was not present for testing done, possibly before they were even added to the MDL, such testing should have been done in the presence of the manufacturing defendants and even the Government, who share a community of interest with the contractor defendants.

## IV. CONCLUSION

In conclusion, while Shaw is entitled to "defend itself scientifically", it must do so consistent with this Court's directives, the way all testing has been done, thus far, in this MDL.

**IT IS ORDERED** that **Plaintiff's Motion in Limine to Prohibit References to an Exemplar Trailer (Rec. Doc. 11384)** is **GRANTED.**

New Orleans, Louisiana, this 5th day of March, 2010.

**KURT D. ENGELHARDT**
**United States District Court**