UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                                MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION

                                                                            SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-2977

## ORDER AND REASONS

Before the Court is Forest River, Inc.'s Motion to Exclude Certain Comments (Rec. Doc. 11389). After considering the memoranda of the parties and the applicable law,

**IT IS ORDERED** that **Forest River, Inc.'s Motion to Exclude Certain Comments (Rec. Doc. 11389)** is **GRANTED IN PART AND DENIED IN PART**, to the following extent:

(1)      **References to (a) jurors', or others', status as taxpayers in connection with (b) FEMA's use of federal tax funds in purchasing, distributing, or storing FEMA EHUs in response to Hurricanes Katrina and Rita:** Granted as expressly unopposed.

(2)      **References to the residents of FEMA EHUs as "victims":** Granted as expressly unopposed.

(3)      **References to shortages or substitutions of construction materials relating to units procured by FEMA:** Granted as expressly unopposed.

(4)      **References that the travel trailer industry was "plagued" with formaldehyde problems

1

**in the 1970s:** Denied; however, if such evidence/testimony is elicited from Dr. Smulski for historical purposes at trial, it must be made clear to the jury that (a) travel trailers are different from manufactured housing, and (b) Forest River was not in existence in the 1970s and 1980s.

(5) **References to Dr. Wedner practicing medicine without a medical license:** Granted; however, if Plaintiff wishes to make a proffer on this issue, it can be addressed at the appropriate time outside the presence of the jury.

(6) **References to Forest River trailers which were not constructed using low formaldehyde-emitting ("LFE") materials**: Granted; however, should Forest River make any reference to a policy or practice relating to the use of LFE wood products in its travel trailers manufactured in 2005 (which it claims it will not do), that would constitute introduction of the issue to the jury, and Plaintiff would then be allowed to fully discuss this issue with witnesses and utilizing exhibits.

(7) **Any references to building codes:** See Rec. Doc. 12260.

(8) **References to leukemia:** See Order and Reasons on Rec. Doc. 11758, entered on March 5, 2010.

(9) **References to the November 2008 report by the Lawrence Berkeley National Laboratory:** Granted.

New Orleans, Louisiana, this 5th day of <u>March</u>, 2010.

**KURT D. ENGELHARDT**
United States District Court