UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * | MDL NO. 1873 |
| | | * | SECTION: N(5) |
| This Document Relates to: *Lyndon T. Wright. v. Forest River, Inc., et al*, Docket No. 09-2977 | | * | JUDGE ENGELHARDT: |
| | | * | MAG: CHASEZ |

******************************************************************************

**DEFENDANTS FOREST RIVER, INC. AND SHAW ENVIRONMENTAL, INC.'S RESPONSES TO PLAINTIFF'S OBJECTIONS TO DEFENSE DEPOSITION DESIGNATIONS**

NOW INTO COURT, through undersigned counsel, come Forest River, Inc. and Shaw Environmental, Inc., (hereinafter "Defendants"), who, in response to the objections raised by plaintiff to defendants' deposition designations respond as follows, to-wit:

**BACKGROUND**

Pursuant to Court order, the parties exchanged objections to deposition testimony on March 1, 2010. The plaintiff's full list of deposition objections are attached hereto as *Exhibit A*. Forest River's full list of deposition objections is attached hereto as *Exhibit B*. Shaw's full list of deposition objections are attached hereto as *Exhibit C*. The parties subsequently met for several hours over the course of the following two days in an attempt to amicably resolve these objections where possible. What follows is the complete list of plaintiff's objections. Where resolution was reached, defendants have indicated same and the nature of the parties' agreement. As to those

objections which were preserved by plaintiff's counsel, defendants have provided their responses below.

**DR. CHARLES FIELD**

RESOLVED OBJECTIONS

| **PLAINTIFF'S OBJECTION** | **RESOLUTION** |
|---|---|
| 16:05 - 16:22 | Plaintiff withdrew objection. |
| 29:13 - 30:12 | Defendant withdrew designation. |
| 53:20 - 54:23 | Plaintiff withdrew objection. |
| 60:10 - 60:25 | Plaintiff withdrew objection. |
| 64:21 - 65:04 | Plaintiff withdrew objection. |
| 77:21 - 78:18 | Plaintiff withdrew objection. |
| 85:01 - 86:19 | Plaintiff withdrew objection. |
| 87:01 - 87:06 | Plaintiff withdrew objection. |
| 89:12 - 90:08 | Defendants withdrew designation from 89:12 - 89:17 resolving objection. |
| 100:02 - 100:19 | Plaintiff withdrew objection. |
| 128:25 - 129:12 | Defendant withdrew designation. |

RESERVED OBJECTIONS

| **PLAINTIFF'S OBJECTION** | 42:12 - 43:19 "Relevance\Prejudicial." |
|---|---|
| **RESPONSE** | In response to plaintiff's objection, Forest River avers that plaintiff has placed his mental state at issue, especially with respect to his alleged fear of contracting cancer. Accordingly, the defendants should be entitled to address the issue of other potentially life threatening diseases to which the plaintiff believes he has been exposed to establish that his alleged fear of cancer is not reasonable. |
| **PLAINTIFF'S OBJECTION** | 75:19 - 75:23 "Relevance." |

| | |
|---|---|
| **RESPONSE** | Forest River avers that the information contained within 75:19 - 75:23 is directly relevant to the number of visits Mr. Wright had with his treating physician and the purpose for those visits. As plaintiff has put his mental state at issue as it relates to fear of cancer, defendants should be permitted to properly discuss plaintiff's ongoing treatment for potentially life threatening diseases. |
| **PLAINTIFF'S OBJECTION** | 144:25 - 145:11 "Form\Foundation - didn't establish depressed as a teenager." |
| **RESPONSE** | The proposed designation addresses an essential issue in the case, namely, that plaintiff was diagnosed with depression long before he ever took up occupancy of the Forest River unit at issue and that according to his treating physician who evaluated both his mental and physical condition over approximately five years, any future manifestation of depression would likely be as a result of mental pathology which existed long before Katrina. With respect to the suggestion that there was no evidence of plaintiff having similar symptoms during the time that he was a teenager, Forest River would respectfully refer the Court to 21:17 through 22:23, a portion of the deposition transcript designated by plaintiffs wherein Dr. Field establishes that Lyndon Wright related to him that his depressive symptomology had been ongoing since the time he was a teenager. Accordingly, Dr. Field's examination and treatment of Lyndon Wright establishes an appropriate factual predicate for him to opine whether any future depressive symptomology would be related to his established pathology. |

**JEFF BURIAN**

RESOLVED OBJECTIONS

| **PLAINTIFF'S OBJECTION** | **RESOLUTION** |
|---|---|
| 113:07 - 113:13 | Plaintiff withdrew objection. |
| 193:06 - 193:09 | Plaintiff withdrew objection. |
| 237:02 - 237:11 | Plaintiff withdrew objection. |

RESERVED OBJECTIONS

| | |
|---|---|
| **PLAINTIFF'S OBJECTION** | 232:17 - 233:01 "Speculation\Outside scope of his knowledge." |

| | |
|---|---|
| **RESPONSE** | In response to plaintiff's objection, Forest River avers that the line of inquiry regarding the safety of Forest River products for long term use is directly relevant to the issues at bar. Mr. Burian was questioned by opposing counsel at length regarding whether it was advisable for individuals to reside in Forest River products on a long term basis and in the designation at issue, Mr. Burian relays that in his experience, there should be no safety concerns relating to an occupant's long term use of a Forest River product. Burian's testimony also clarifies the warranty language which plaintiff discussed with him at length during his questioning does not denote that a unit is in some way unsafe for occupancy. As the issue has been raised by opposing counsel through his designations, Mr. Burian's testimony in this regard should be admitted. |

**COREEN ROBBINS**

RESERVED OBJECTIONS

| | |
|---|---|
| **PLAINTIFF'S OBJECTION** | 58:19 - 59:21 "Outside report." |
| **RESPONSE** | In response to plaintiff's objection, Forest River avers that Dr. Robbins was questioned at length on these subjects by plaintiff's counsel with the understanding that Dr. Robbins was retained by the United States and may not be available to testify at trial. Additionally, opposing counsel has designated portions of Dr. Robbins's testimony that deal with issues of a similar nature (See 253:18 – 261:17) and Forest River is entitled to designate these sections for completeness of the record. |
| **PLAINTIFF'S OBJECTION** | 178:14 - 178:25 "Facts that are outside original report." |
| **RESPONSE** | In response to plaintiff's objection, Forest River would point out that in the objected to designation, Dr. Robbins is discussing the Lemus paper which is cited on several occasions in her report, and the testimony objected to relates solely to her evaluation of that study which clearly was contained within her original report. Plaintiff's counsel even referenced that the Lemus study was in her report at her deposition. See 178:03 – 178:06 (Q: Now in your report, you reference a study by Lemus, is that right? A: Yes) As such, plaintiff's objection is ill founded and should properly be overruled. |

**JAMES ALBRECHT**

RESOLVED OBJECTIONS

| PLAINTIFF'S OBJECTION | RESOLUTION |
|---|---|
| 124:12 - 125:03 | Plaintiff withdrew objection. |
| 140:22 - 141:07 | Plaintiff withdrew objection. |

RESERVED OBJECTIONS

| PLAINTIFF'S OBJECTION | 127:05 - 127:16 "Form\Speculation." |
|---|---|
| **RESPONSE** | In response to plaintiff's objection, Forest River avers that the testimony elicited from Mr. Albrecht is not speculative but rather as he makes clear, based upon his personal experience working at Forest River. It should be noted that Mr. Albrecht was not designated as a corporate representative but is, in fact, speaking from his own personal knowledge. As such, he establishes through the testimony at issue that frame issues resulting in damage to the overall unit are very rare in *his* experience. As this testimony is directly relevant to the issues at bar, Forest River respectfully requests that plaintiff's objection be overruled. |

**MARK POLK**

RESOLVED OBJECTIONS

| PLAINTIFF'S OBJECTION | RESOLUTION |
|---|---|
| 52:20 - 54:06 | Plaintiff withdrew objection. (Please note given the Court's ruling on Shaw's Motion in Limine to exclude building codes, Forest River will withdraw such designation absent a change in the Court's ruling on this issue.) |
| 85:01 - 85:15 | Plaintiff withdrew objection due to Shaw subsequent designation. |
| 85:19 - 85:25 | Plaintiff withdrew objection due to Shaw's subsequent designation. |

RESERVED OBJECTIONS

| | |
|---|---|
| **PLAINTIFF'S OBJECTION** | 69:13 - 69:20 "Assumption - no foundation." |
| **RESPONSE** | Mr. Polk, an expert retained by the United States with over thirty years of experience in the R.V. industry, testified that he personally inspected the unit at issue and reviewed numerous photographs relating to the disassembly of the unit as well as documentation pertaining to its manufacture, transportation, transfer, inspection and maintenance. Based upon his education, training, experience and investigation, the witness testified that, in his opinion, it is reasonable to assume that bulk water damage identified during the August, 2009 inspection had not been present during the time of Mr. Wright's occupancy of the unit. As the preceding pages of testimony demonstrate, there is a sufficient factual predicate upon which Mr. Polk founded this conclusion and, accordingly, Forest River would respectfully submit that the plaintiff's objection should be overruled and the testimony admitted. |
| **PLAINTIFF'S OBJECTION** | 71:05 - 73:11 "No foundation - not an expert right now." |
| **RESPONSE** | While Forest River can only speculate on the basis of plaintiff's objection, what is clear is that Mr. Polk's testimony is that he read portions of the Forest River Owner's Manual, including the periodic maintenance chart, contained within his reliance file, and he found that the guidance given in the Owner's Manual relating to the frequency with which an owner should maintain the unit and its various appurtenances was appropriate. This, coupled with the witness's numerous years of experience in the R.V. industry during which time he has authored numerous publications on the frequency of maintenance schedule, establishes Mr. Polk is an expert in these areas and, as such, he is qualified to opine that the guidance given by the Forest River Owner's Manual was appropriate. |
| **PLAINTIFF'S OBJECTION** | 76:05 - 76:17 "Foundation - cannot say Wright's trailer met RVIA standards at the time of manufacture." |
| **RESPONSE** | Here again, Forest River is left to guess at plaintiff's objection insofar as the witness has testified at the time he *observed the unit* both directly and through the photographic evidence of disassembly, it is his opinion based upon his education, training and more than thirty years experience in the R.V. industry, that the unit met RVIA standards. This opinion is based upon the witness's direct review and evaluation of the unit and, as such, Polk's testimony regarding his background and investigation of this matter establishes an appropriate foundation for such opinion. Forest River |

| | |
|---|---|
| | believes that plaintiff's objection stems from a misreading of the response which nowhere says that the unit was RVIA compliant at the time of manufacture and subsequently became non-compliant. Accordingly, plaintiff's objection should be overruled. |

**MARTIN McNEESE**

RESOLVED OBJECTIONS

| **PLAINTIFF'S OBJECTION** | **RESOLUTION** |
|---|---|
| 27:19 - 28:02 | Plaintiff withdrew objection. |
| 28:12: - 28:21 | Plaintiff withdrew objection. |
| 39:17 - 39:21 | Plaintiff withdrew objection. |
| 39:22 - 41:08 | Plaintiff withdrew objection. |
| 41:16 - 41:22 | Plaintiff withdrew objection. |
| 52:13 - 52:19 | Plaintiff withdrew objection. |
| 70:10 - 70:17 | Plaintiff withdrew objection. |
| 70:20 - 71:07 | Plaintiff withdrew objection. |
| 73:01 - 73:06 | Plaintiff withdrew objection. |

RESERVED OBJECTIONS

| **PLAINTIFF'S OBJECTION** | 30:10 - 31:01 "Calls for expert opinion." |
|---|---|
| **RESPONSE** | Forest River submits that the selected testimony does not contain "expert opinions" but is instead an explanation of the factors considered by Mr. McNeese in his discussions regarding emergency housing. As an emergency management program specialist, Mr. McNeese should be allowed to discuss his understanding of the results of the ATSDR's study of ventilation and indoor air quality in the travel trailers. Moreover, plaintiff did not object to McNeese's discussion of the ATSDR report elsewhere in the deposition designations. |

**DAVID GARRATT**

RESOLVED OBJECTIONS

| | |
|---|---|
| 34:06 - 34:10 | Plaintiff withdrew objection. |
| 36:04 - 36:15 | Plaintiff withdrew objection. |
| 94:17 - 95:15 | Plaintiff withdrew objection. |
| 95:17 - 95:20 | Plaintiff withdrew objection. |
| 96:04 - 96:09 | Plaintiff withdrew objection. |
| 118:07 - 119:07 | Plaintiff withdrew objection. |
| 138:15 - 139:40 | Plaintiff withdrew objection. |
| 206:10 - 206:17 | Plaintiff withdrew objection. |
| 211:10 - 212:14 | Plaintiff withdrew objection. |
| 215:07 - 216:01 | Plaintiff withdrew objection. |
| 218:01 - 218:11 | Defendant withdrew designation. |

RESERVED OBJECTIONS

| | |
|---|---|
| **PLAINTIFF'S OBJECTION** | 184:5 - 185:4 "Hearsay." |
| **RESPONSE** | Forest River submits that the designated portion does not contain any hearsay. This testimony deals with the contents of the FEMA specifications and whether those specifications dealt with long term housing. Garratt only provided his personal knowledge of the FEMA specifications, and the hearsay objection is without merit. |
| **PLAINTIFF'S OBJECTION** | 208:7 - 208:16 "Lack of personal knowledge." |

| **RESPONSE** | Forest River submits that Mr. Garratt's discussion of formaldehyde complaints received by FEMA is relevant and is based on Garratt's personal knowledge. In fact, Garratt qualifies his response by saying he was not "personally aware" of issues raised by counsel. This testimony is not misleading and simply provides information on Garratt's personal knowledge of the topics discussed. |
|---|---|

**MICHAEL LAPINSKI**

RESOLVED OBJECTIONS

| **PLAINTIFF'S OBJECTION** | **RESOLUTION** |
|---|---|
| 152:04 - 152:11 | Plaintiff withdrew objection. |
| 171:20 - 172:12 | Plaintiff withdrew objection. |
| 176:19 - 177:02 | Plaintiff withdrew objection. |
| 177:16 - 178:11 | Plaintiff withdrew objection. |

**KEVIN SOUZA**

| The plaintiff had no objections. |
|---|

**CHRISTOPHER DeROSA**

| The plaintiff had no objections. |
|---|

**GUY BONOMO**

| The plaintiff had no objections. |
|---|

**JOSEPH LITTLE**

RESOLVED OBJECTIONS

| **PLAINTIFF'S OBJECTION** | **RESOLUTION** |
|---|---|
| 105:25 - 106:05 | Plaintiff withdrew objection. |

| | |
|---|---|
| 117:01 - 120:25 | Plaintiff withdrew objection. |
| 121:01 - 125:25 | Plaintiff withdrew objection. |
| 123:01 - 124:25 | Plaintiff withdrew objection. |
| 130:01 - 131:25 | Plaintiff withdrew objection. |

**STANLEY LARSON**

RESOLVED OBJECTIONS

| | |
|---|---|
| 35:15 - 35:24 | Plaintiff withdrew objection. |

**BRIAN McCREARY**

| |
|---|
| The plaintiff had no objections. |

**EDITH YOUNG**

| |
|---|
| The plaintiff had no objections. |

**FAYE GREEN**

| |
|---|
| The plaintiff had no objections. |

**JAMES BRIXIUS**

| |
|---|
| The plaintiff had no objections. |

**BRIAN DEKLE**

| |
|---|
| The plaintiff had no objections. |

**TRAVIS MORRIS**

| |
|---|
| The plaintiff had no objections. |

**BRIAN BOYLE**

| The plaintiff had no objections. |
|---|

Respectfully submitted,

/s/ Jason D. Bone
ERNEST P. GIEGER, JR. (Bar Roll No. 6154)
JASON D. BONE (Bar Roll No. 28315)
CARSON W. STRICKLAND (Bar Roll No. 31336)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
*ATTORNEYS FOR FOREST RIVER, INC.*

/s/ David Kurtz
David Kurtz (Bar Roll No. 23821)
Karen K. Whitfield (Bar Roll No. 19350)
Catherine N. Thigpen (Bar RollNo. 30001)
Baker Donelson Bearman Caldwell & Berkowitz, PC
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
*ATTORNEYS FOR SHAW ENVIRONMENTAL, INC*

**C E R T I F I C A T E**

I hereby certify that on the 5th day of March, 2010, a copy of the foregoing Memorandum in Support was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

/s/ Jason D. Bone
JASON D. BONE