## OBJECTIONS TO PLAINTIFF'S DESIGNATIONS
## OF DEPOSITION OF JAMES ALBRECHT

| | |
|---|---|
| 23:18 - 23:20 | Forest River objects to plaintiff's proposed designation as it encompasses the colloquy of counsel. |
| 25:01 - 25:05 | Forest River objects to plaintiff's proposed designation insofar as the question is vague and plaintiff has failed to demonstrate a sufficient factual predicate to establish this witness's knowledge of the information sought. |
| 25:10 - 25:12 | Forest River objects to plaintiff's proposed designation insofar as the question is vague and plaintiff has failed to demonstrate a sufficient factual predicate to establish this witness's knowledge of the information sought. |
| 25:17 - 25:24 | Forest River objects to plaintiff's proposed designation insofar as plaintiff has failed to demonstrate a sufficient factual predicate to establish this witness's knowledge of the information sought. |
| 25:25 - 26:12 | Forest River objects to plaintiff's proposed designation insofar as plaintiff has failed to demonstrate a sufficient factual predicate to establish this witness's knowledge of the information sought. |
| 38:18 - 38:24 | Forest River objects to plaintiff's proposed designation insofar as the question is vague and plaintiff has failed to demonstrate a sufficient factual predicate to establish this witness's knowledge of the information sought. |
| 44:02 - 44:06 | Forest River objects to plaintiff's proposed designation insofar as the question is vague. |
| 46:19 - 46:25 | Forest River objects to plaintiff's proposed designation insofar as the question is vague, compound and, as designated, is an incomplete question without answer. |
| 49:24 - 50:08 | Forest River objects to plaintiff's proposed designation insofar as the parties have reached agreement and stipulation regarding the application of this Honorable Court's prior rulings relating to the exclusion of post-litigation complaints.  Accordingly, Forest River objects to the instant designation as it violates such previously agreed limine ruling. |
| 59:03 - 59:06 | Forest River objects to plaintiff's proposed designation insofar as plaintiff has failed to demonstrate a sufficient factual predicate to establish this witness's knowledge of the information sought. |
| 70:23 - 72:19 | Forest River objects to plaintiff's proposed designation pursuant to Federal Rule of Evidence 402 and 403 insofar as discussion of Plant 44 which produced laminated units is irrelevant to the issues at bar. |

*Objections - James Albrecht*
*Page Two*

| 79:13 - 79:17 | Forest River objects to plaintiff's proposed designation insofar as plaintiff has failed to demonstrate a sufficient factual predicate to establish this witness's knowledge of the information sought. |
|---|---|
| 82:12 - 82:18 | Forest River objects to plaintiff's proposed designation insofar as information sought by such questioning is irrelevant and Forest River objects to said questioning under Federal Rule of Evidence 402 and 403. Additionally, the unit at issue was not produced at either of the plants Mr. Albrecht oversaw and, as such, plaintiff failed to demonstrate the appropriate factual foundation to establish his knowledge of whether such issues arose with respect to California production facilities. |
| 85:04 - 85:18 | Forest River objects to plaintiff's proposed designation insofar as information sought by such questioning is irrelevant and Forest River objects to said questioning under Federal Rule of Evidence 402 and 403. Additionally, the unit at issue was not produced at either of the plants Mr. Albrecht oversaw and, as such, plaintiff failed to demonstrate the appropriate factual foundation to establish his knowledge of whether such issues arose with respect to California production facilities. |
| 131:03 - 131:11 | Forest River objects to plaintiff's designation under Federal Rule of Evidence 402 and 403 insofar as the information sought to be elicited is irrelevant to the claims at bar. |
| 143:17 - 143:22 | Forest River objects to plaintiff's proposed designation insofar as plaintiff has failed to demonstrate a sufficient factual predicate to establish this witness's knowledge of the information sought. |

## OBJECTIONS TO PLAINTIFF'S DESIGNATIONS
## OF DEPOSITION OF GUY BONOMO

| | |
|---|---|
| 16:09 - 17:20 | Forest River objects to plaintiff's proposed designation on the basis that it calls for speculation on the witness's knowledge of the distribution of FEMA flyers. Plaintiff failed to establish an appropriate foundation for the witness's knowledge of such issues and Forest River objects to the form of the question insofar as it presumes facts not in evidence. |
| 22:05 - 22:12 | Forest River objects to plaintiff's proposed designations pursuant to Federal Rules of Evidence 402 and 403 on the basis that it is irrelevant insofar as the testimony to which it refers has not been designated for inclusion and is therefore confusing to the jury. The testimony regarding the distribution of FEMA flyers to trailer parks is irrelevant. |
| 23:21 | Forest River objects to the incomplete designation (answer w/o question). |
| 26:07 - 26:11 | Forest River objects to plaintiff's proposed designations pursuant to Federal Rules of Evidence 402 and 403 on the basis that it is irrelevant insofar as the testimony to which it refers has not been designated for inclusion and is therefore confusing to the jury. The testimony regarding the distribution of FEMA flyers to commercial and group sites is irrelevant. |
| 27:03 - 27:20 | Forest River objects to plaintiff's proposed designations pursuant to Federal Rules of Evidence 402 and 403 on the basis that it is irrelevant insofar as the testimony to which it refers has not been designated for inclusion and is therefore confusing to the jury. The testimony regarding the deployment of mobile homes by FEMA is irrelevant. |
| 46:19 - 47:09 | Forest River objects to plaintiff's proposed designations pursuant to Federal Rules of Evidence 402 and 403 on the basis that it is irrelevant insofar as the testimony to which it refers has not been designated for inclusion and is therefore confusing to the jury. Any and all discussions of prior FEMA's spot-check at 4415 Dale St., home of a prior Gulf Stream bellwether plaintiff, are irrelevant. |

## OBJECTIONS TO PLAINTIFF'S DESIGNATIONS
## OF DEPOSITION OF JEFFREY BURIAN

| | |
|---|---|
| 18:10 - 18:13 | Forest River objects to plaintiff's proposed designation on the basis that plaintiff has failed to establish an appropriate factual foundation for the information sought.  Additionally, Forest River objects to the form of the question insofar as it is vague and argumentative. |
| 20:22 - 20:25 | Forest River objects to plaintiff's proposed designation as it contains only the colloquy of counsel. |
| 27:12 - 27:13 | Forest River objects to plaintiff's proposed designation as it is an answer without a question. |
| 45:08 - 45:12 | Forest River objects to plaintiff's proposed designation pursuant to Federal Rule of Evidence 402 on the basis that the witness's "understanding of what this case is about" is irrelevant to the issues presented at bar. |
| 45:13 - 46:04 | Forest River objects to plaintiff's proposed designation pursuant to Federal Rule of Evidence 402 insofar as knowledge of an allegedly dangerous condition is not relevant under the LPLA.  Additionally, Forest River avers that its prior stipulation with opposing counsel regarding the composition of the wood products contained within the unit at issue renders this testimony cumulative and potentially confusing and, as such, must be excluded under Federal Rule of Evidence 403. |
| 46:05 - 46:09 | Forest River objects to plaintiff's proposed designation as the question contained therein is vague and not appropriately limited in either time or scope. |
| 47:25 - 48:02 | Forest River objects to plaintiff's proposed designation as it includes the objection and colloquy of counsel. |
| 51:11 | Forest River objects to plaintiff's proposed designation as it includes the objection and colloquy of counsel. |
| 53:19 - 54:05 | Forest River objects to plaintiff's proposed designation pursuant to Federal Rules of Evidence 402 and 403 as the information sought to be elicited regarding Forest River's employee's access to the material safety data sheets is irrelevant to any of the plaintiff's claims at bar and would serve only to confuse and mislead the jury to the prejudice of this defendant. |

*Objections - Jeffrey Burian*
*Page 2*

| 63:17 -63:25 | Forest River objects to plaintiff's proposed designation insofar as the parties have reached a stipulation regarding the identity and composition of the wood products contained within the unit at issue and, accordingly, no further testimony regarding those issues may be presented to either support or refute the contentions contained within the stipulation.  Additionally, the question relates to whether the witness reviewed any documents in preparation for the deposition and, as such, is out of context and would be misleading if presented to the jury. |
|---|---|
| 64:16 - 64:18 | Forest River objects to plaintiff's proposed designation as it is inclusive of the objection of counsel and these lines must be removed. |
| 68:10 - 68:16 | Forest River objects to plaintiff's proposed designation insofar as it violates the prior stipulation and agreement of the parties relating to the adoption of this Honorable Court's order relating to the exclusion of reference to displaced residents as "victims" of Katrina. |
| 72:08 - 73:12 | Forest River objects to plaintiff's proposed designation pursuant to Federal Rule of Evidence 402 and 403 insofar as the information sought to be elicited is irrelevant to the instant claims and would serve to confuse the jury.  Additionally, Forest River objects to plaintiff's proposed designations insofar as it violates the previous agreement and stipulation of the parties regarding the adoption of this Court's prior ruling regarding the exclusion of testimony or reference to the income generated by Forest River as a result of manufacturing travel trailers for disaster assistance. |
| 80:05 - 80:08 | Forest River objects to plaintiff's proposed designation insofar as it violates the parties' agreement and the stipulation regarding this Honorable Court's prior ruling excluding any reference to the plaintiff or others similarly situated as "victims." |
| 90:25 - 92:07 | Forest River objects to plaintiff's proposed designation insofar as the parties have already reached agreement and stipulation regarding the identification and composition of the wood products within the unit which contained urea formaldehyde as well as the fact that all wood products contained within the unit were low formaldehyde emitting.  Accordingly, Forest River objects to the instant designation insofar as it attempts to present any information which either supports or refutes the information contained in the stipulation.  Additionally, Forest River objects to plaintiff's proposed designation pursuant to Rule 403 as any such information would be cumulative of that previously stipulated to. |

*Objections - Jeffrey Burian*
*Page 3*

| 92:21 - 93:04 | Forest River objects to plaintiff's proposed designation insofar as it violates the parties' agreement regarding the adoption of this Honorable Court's ruling excluding any reference or testimony regarding subsequently passed air quality standards. |
|---|---|
| 95:20 - 96:18 | Forest River objects to plaintiff's proposed designation insofar as the parties have already reached agreement and stipulation regarding the identification and composition of the wood products within the unit which contained urea formaldehyde as well as the fact that all wood products contained within the unit were low formaldehyde emitting.  Accordingly, Forest River objects to the instant designation insofar as it attempts to present any information which either supports or refutes the information contained in the stipulation. Additionally, Forest River objects to plaintiff's proposed designation pursuant to Rule 403 as any such information would be cumulative of that previously stipulated to. |
| 99:06 - 100:21 | Forest River objects to plaintiff's proposed designation insofar as the parties have already reached agreement and stipulation regarding the identification and composition of the wood products within the unit which contained urea formaldehyde as well as the fact that all wood products contained within the unit were low formaldehyde emitting.  Accordingly, Forest River objects to the instant designation insofar as it attempts to present any information which either supports or refutes the information contained in the stipulation. Additionally, Forest River objects to plaintiff's proposed designation pursuant to Rule 403 as any such information would be cumulative of that previously stipulated to. |
| 103:12 - 103:21 | Forest River objects to plaintiff's proposed designation pursuant to Federal Rules of Evidence 402 and 403 insofar as the origin of any such wood products is irrelevant as the parties have reached a stipulation and agreement regarding the identity and composition of the wood products within the unit at issue as well as the fact that all such wood products are low formaldehyde emitting. |
| 103:22 - 104:06 | Forest River objects to plaintiff's proposed designation pursuant to Rule 402 of the Federal Rules of Evidence insofar as the parties have already reached stipulation regarding the composition and identity of the materials contained within the unit at issue and any such testimony regarding testing or the alleged lack thereof is irrelevant in the light of such stipulation.  In addition, failure to test is not a theory of recovery recognized by the LPLA which is the exclusive remedy for a product liability case under Louisiana law and any such testimony is therefore irrelevant and highly prejudicial. |

*Objections - Jeffrey Burian*
*Page 4*

| 104:25 - 105:02 | Forest River objects to plaintiff's proposed designation insofar as it contains the objections of counsel which must be removed. |
|---|---|
| 105:10 - 105:21 | Forest River objects to plaintiff's proposed designations insofar as it seeks a legal opinion from a lay witness and is otherwise irrelevant to the issues at bar. |
| 115:12 - 115:21 | Forest River objects to plaintiff's proposed designation insofar as the information sought to be elicited is irrelevant, the question calls for speculation, assumes facts not in evidence, lacks an appropriate factual foundation and includes an incomplete question and answer which, if played to the jury, would be confusing and potentially misleading. |
| 117:12 - 118:07 | Forest River objects to plaintiff's proposed designation insofar as the plaintiff has dismissed the warranty claims against Forest River and, as such, any such designation or testimony regarding warranty language or whether a warranty accompanies the unit at issue is irrelevant and should properly be excluded under Federal Rule of Evidence 402. |
| 121:05 - 121:10 | Forest River objects to plaintiff's proposed designation as it presumes facts not in evidence. Plaintiff has failed to demonstrate an appropriate factual foundation with this witness to discuss such issues. Indeed, the witness expressly disclaims any knowledge or expertise regarding the condensation issues which are the subject of plaintiff's designation. |
| 122:15 - 123:12 | Forest River objects to plaintiff's proposed designation pursuant to Federal Rules of Evidence 402 and 403 insofar as the testimony elicited related to a park model unit not a travel trailer unit and is thus irrelevant and misleading to suggest that condensation issues relating to a single park model unit have any relevance to the claims at bar. |
| 125:16 - 125:19 | Forest River objects to plaintiff's proposed designation insofar as it is a question without an answer and includes the objection of counsel. |
| 125:20 - 125:23 | Forest River objects to plaintiff's proposed designation insofar as it constitutes an improper hypothetical to a lay witness and seeks speculation regarding the potential for frame damage to the unit. The probative value of such testimony is substantially outweighed by the risk of undue prejudice and, as such, the instant designations should be excluded pursuant to Federal Rule of Evidence 403. |

*Objections - Jeffrey Burian*
*Page 5*

| 131:18 - 132:17 | Forest River objects to plaintiff's proposed designation pursuant to Federal Rules of Evidence 402 and 403 insofar as plaintiff's designation seeks to elicit information regarding a park model unit rather than a travel trailer which are two separate and distinct designs.  As such, a single complaint of condensation relating to a park model unit has no relevance to the issues of the case at bar and is substantially outweighed by the risk of undue prejudice should such testimony be admitted. |
|---|---|
| 135:22 - 136:05 | Forest River objects to plaintiff's proposed designation insofar as it violates the parties' stipulation and agreement regarding the adoption of this Honorable Court's prior ruling excluding reference to the plaintiff or others similarly situated as "victims." |
| 142:12 - 144:12 | Forest River objects to plaintiff's proposed designation insofar as the discussion of the use of a fantastic fan is irrelevant insofar as there will be no witness testimony relating to the use, or lack thereof, of a fantastic fan to increase the level of formaldehyde within the unit.  As such, there is no basis for inclusion of such testimony. |
| 172:20 - 174:14 | Forest River objects to plaintiff's proposed designation pursuant to Federal Rule of Evidence 402 insofar as there is no relevance to the issues at bar in confirming that the witness had nothing to do with various aspects of the design of the FEMA spec unit.  Although Forest River does not contest that this may be an appropriate area for inquiry during the course of a discovery deposition, the discussion of such matters at trial bears no relevance to the issues presented and its admission would simply result in the presentation of unnecessary and irrelevant evidence. |

*Objections - Jeffrey Burian*
*Page 6*

| | |
|---|---|
| 178:15 - 179:17 | Forest River objects to plaintiff's proposed designation insofar as it presumes facts not in evidence, calls for speculation on the part of the witness and is vague insofar as the "alternate materials" to which opposing counsel refers are not specifically identified.  In addition, opposing counsel failed to properly establish the appropriate factual predicate to establish whether or not Mr. Burian himself would have been aware of any such materials or, given his responsibilities, whether he had any reason to be aware of such alternate materials, to the extent they existed.  Accordingly, plaintiff's proposed designation must be excluded.  In addition, plaintiff's designation references steps taken by other manufacturers, specifically Fleetwood, to address formaldehyde warnings, introduction of such evidence in this matter is irrelevant and highly prejudicial and would only serve to confuse the jury.  As such, Forest River would also move for its exclusion pursuant to Federal Rule of Evidence 403. |
| 181:01 - 181:06 | Forest River objects to plaintiff's proposed designation insofar as it violates the parties' previous agreement and stipulation regarding the identification and composition of the wood products contained within the unit at issue, including the fact that all such products were low formaldehyde emitting. |
| 181:07 - 181:24 | Forest River objects to plaintiff's proposed designation insofar as the question at issue is vague, compound, overly broad, not properly limited in time or scope and presumes facts not in evidence.  Additionally, plaintiff has failed to establish the appropriate factual predicate with this witness to demonstrate that he would have had any such knowledge as to why certain "labeling and disclosure" was or was not provided by Forest River. |
| 182:09 - 182:12 | Forest River objects to plaintiff's proposed designation pursuant to Federal Rules of Evidence 402 and 403 insofar as the alleged testing or lack thereof for the presence of formaldehyde is irrelevant given the stipulation of the parties and the plaintiff's claims under the Louisiana Products Liability Act.  Additionally, the testimony sought to be elicited in plaintiff's designation is cumulative of prior questioning of the witness on the same subject.  Accordingly, Forest River moves for the exclusion of such testimony as its probative value is clearly outweighed by the risk of undue prejudice to this defendant. |

| 248:03 - 248:16 | Forest River objects to plaintiff's proposed designation insofar as the discussion of the use of a fantastic fan is irrelevant insofar as there will be no witness testimony relating to the effect the use, or lack thereof, of a fantastic fan would have on the level of formaldehyde within the unit. As such, there is no basis for inclusion of such testimony. |
|---|---|
| 249:18 - 250:01 | Forest River objects to plaintiff's proposed designation insofar as the question at issue calls for speculation and presumes facts not in evidence. |
| 250:02 - 250:21 | Forest River objects to plaintiff's proposed designation insofar as this designation consists of plaintiff asking the witness to read a specific document into the record rather than allowing the witness to testify from personal knowledge. As such, Forest River objects to the inclusion of any such testimony as misleading, irrelevant and prejudicial pursuant to Federal Rules of Evidence 402 and 403. |
| 250:25 - 251:09 | Forest River objects to plaintiff's proposed designation insofar as it violates the agreement and stipulation of the parties regarding identification and composition of formaldehyde containing products within the unit at issue and the fact that all such products were low formaldehyde emitting. Accordingly, no further testimony regarding those issues may be presented to either support or refute the contentions contained within the stipulation. As such, any such testimony sought to be elicited is cumulative and misleading and should properly be excluded insofar as the facts at issue have been stipulated to and the probative value for such testimony is substantially outweighed by the risk of undue prejudice to this defendant. |
| 251:10 - 251:17 | Forest River objects to plaintiff's proposed designation insofar as the testimony sought to be elicited regarding Forest River's alleged testing or lack thereof for the presence of formaldehyde is irrelevant as was covered at length during the course of prior questioning of this witness and, accordingly, has been asked and answered repeatedly. Therefore, the probative value, if any, of such testimony is greatly outweighed by the risk of presentation of cumulative and misleading evidence and, as such, Forest River objects to the inclusion of this designation. |
| 251:18 - 252:01 | Forest River objects to plaintiff's designation insofar as it seeks an expert opinion from a lay witness and plaintiff has failed to establish the requisite factual predicate necessary for such opinion of this witness. |

*Objections - Jeffrey Burian*
*Page 8*

<u>**OBJECTIONS TO PLAINTIFF'S SUPPLEMENTAL DESIGNATIONS**</u>
<u>**OF DEPOSITION OF JEFFREY BURIAN**</u>

PSC untimely designated additional portions of the deposition of Jeff Burian.  In response, Forest River incorporates its objections to the portions of the text previously designated which are encompassed by plaintiff's supplemental designation.  To the extent the Court allows the late designated portions of Mr. Burian's deposition to be considered, Forest River includes the following additional objections to plaintiff's proposed supplemental designations.

| | |
|---|---|
| 223:07 - 223:18 | Forest River objects to plaintiff's proposed designation as it is irrelevant, misleading and prejudicial.  Plaintiff's designation references steps taken by other manufacturers, specifically Fleetwood, to address formaldehyde warnings.  Introduction of such evidence in this matter is irrelevant and highly prejudicial and would only serve to confuse the jury.  Fleetwood's knowledge of and warnings regarding formaldehyde, if any, is not an issue in the instant litigation.   As such, Forest River would also move for its exclusion pursuant to Federal Rule of Evidence 403. |
| 237:12 - 238:01 | Forest River objects to plaintiff's proposed designation insofar as the parties have reached a stipulation regarding the identity and composition of the wood products contained within the unit at issue and, accordingly, no further testimony regarding those issues may be presented to either support or refute the contentions contained within the stipulation.  Additionally, the question relates to whether the witness reviewed any documents in preparation for the deposition and, as such, is out of context and would be misleading if presented to the jury.  Further, Forest River objects to plaintiff's proposed designation pursuant to Federal Rule of Evidence 407 insofar as the testimony sought to be introduced suggests subsequent remedial measures or subsequently introduced formaldehyde standards. |
| 243:19 - 244:04 | Forest River objects to plaintiff's proposed designation as far as it constitutes irrelevant colloquy of counsel and has no probative value. |
| 244:05 - 244:14 | Forest River objects to plaintiff's proposed designation insofar as the testimony sought to be elicited was covered at length during the course of prior questioning of this witness and, accordingly, has been asked and answered.  Therefore, the probative value, if any, of such testimony is greatly outweighed by the risk of presentation of cumulative and misleading evidence and, as such, Forest River objects to the inclusion of this designation. |

*Objections - Jeffrey Burian*
*Page 9*

| 244:15 - 244:18 | Forest River objects to plaintiff's proposed designation insofar as the parties have reached a stipulation regarding the identity and composition of the wood products contained within the unit at issue and, accordingly, no further testimony regarding those issues may be presented to either support or refute the contentions contained within the stipulation. Additionally, the question relates to whether the witness reviewed any documents in preparation for the deposition and, as such, is out of context and would be misleading if presented to the jury. Forest River further objects to the relevance of plaintiff's proposed designation. |
|---|---|
| 244:19 - 247:07 | Forest River objects to plaintiff's proposed designation as far as it constitutes irrelevant colloquy of counsel and has no probative value. |
| 245:08 - 245:09 | Forest River objects to plaintiff's proposed designation insofar as it presumes facts not in evidence, calls for speculation on the part of the witness and is vague insofar as the "alternate materials" to which opposing counsel refers are not specifically identified. In addition, opposing counsel failed to properly establish the appropriate factual predicate to establish whether or not Mr. Burian himself would have been aware of any such materials or, given his responsibilities, whether he had any reason to be aware of such alternate materials, to the extent they existed. Accordingly, plaintiff's proposed designation must be excluded. |
| 245:10 - 247:18 | Forest River objects to plaintiff's proposed designation on the basis that plaintiff has failed to establish an appropriate factual foundation for the information sought. Additionally, Forest River objects to the form of the question insofar as it is vague and argumentative. |
| 247:19 - 247:23 | Forest River objects to plaintiff's proposed designation insofar as the testimony sought to be elicited was covered at length during the course of prior questioning of this witness and, accordingly, has been asked and answered. Therefore, the probative value, if any, of such testimony is greatly outweighed by the risk of presentation of cumulative and misleading evidence and, as such, Forest River objects to the inclusion of this designation. |
| 248:03 - 248:16 | Forest River objects to plaintiff's proposed designation insofar as the discussion of the use of a fantastic fan is irrelevant insofar as there will be no witness testimony relating to the use, or lack thereof, of a fantastic fan to increase the level of formaldehyde within the unit. As such, there is no basis for inclusion of such testimony. |

**OBJECTIONS TO PLAINTIFF'S DESIGNATIONS
OF DEPOSITION OF DR. CHRISTOPHER DeROSA**

| | |
|---|---|
| 35:06 - 35:14 | Forest River objects to Dr. DeRosa's discussion of the sensitizing effects of formaldehyde as it serves as expert testimony and should be excluded pursuant to the stipulation regarding Dr. DeRosa's opinions (Rec. Doc. 11181, adopting the Court's prior ruling on Dr. DeRosa from the Gulf Stream bellwether, Rec. Doc. 3067). |
| 71:23 - 71:25<br>72:01 - 72:02;<br>72:08 - 72:25<br>73:01 - 73:17 | Forest River objects to plaintiff's proposed designation as it violates the limine filed by Forest River regarding references to leukemia.  (Subject of pending Motion in Limine, Rec. Doc. 11389, prohibiting references to leukemia).<br>Forest River also objects to this testimony on leukemia as well as testimony on reproductive issues as irrelevant, misleading and prejudicial under FRE 402 and 403. |
| 82:10 - 83:04 | Forest River objects to plaintiff's proposed designations pursuant to Federal Rules of Evidence 401 and 403 insofar as plaintiff's proposed designation is irrelevant and misleading insofar as the testimony regarding sensitive populations and asthma is not properly at issue in this case. |
| 99:03 - 100:11<br>101:06 - 101:12<br>101:17 - 101:18 | Forest River objects to plaintiff's proposed designation insofar as plaintiff has failed to present the proper foundation or demonstrate the appropriate factual predicate sufficient to establish this witness's knowledge of Ms. Wilder's comments.  Further, this testimony constitutes hearsay under FRE 802. |
| 108:07 - 109:04<br>109:11 - 109:12 | Forest River objects to plaintiff's proposed designations pursuant to Federal Rules of Evidence 401 and 403 insofar as plaintiff's proposed designation is irrelevant and misleading insofar as the testimony regarding children and asthma is not properly at issue in this case. |
| 253:01 - 253:18 | Forest River objects to Dr. DeRosa's discussion of the sensitizing effects of formaldehyde as it serves as expert testimony and should be excluded pursuant to the stipulation regarding Dr. DeRosa's opinions (Rec. Doc. 11181, adopting the Court's prior ruling on Dr. DeRosa from the Gulf Stream bellwether, Rec. Doc. 3067). |
| 256:01 - 256:20 | Forest River objects to plaintiff's proposed designation as it violates the limine filed by Forest River regarding references to leukemia.  (Subject of pending Motion in Limine, Rec. Doc. 11389, prohibiting references to leukemia).<br>Forest River also objects to this testimony on leukemia as irrelevant, misleading and prejudicial under FRE 402 and 403. |

*Objections - Christopher DeRosa*
*Page 2*

| 262:15 - 263:07 | Forest River objects to plaintiff's proposed designations pursuant to Federal Rules of Evidence 401 and 403 insofar as plaintiff's proposed designation is irrelevant and misleading insofar as the testimony regarding children and asthma is not properly at issue in this case.  This is DeRosa's response to media reports and not a scientific review of medical records (which he has not seen – see page 280 of his deposition). |
|---|---|
| 290:03 - 291:1 | Forest River objects to plaintiff's proposed designation as it violates the limine filed by Forest River regarding references to leukemia.  (Subject of pending Motion in Limine, Rec. Doc. 11389, prohibiting references to leukemia).  Forest River also objects to this testimony on leukemia as irrelevant, misleading and prejudicial under FRE 402 and 403.  Forest River also objects to plaintiff's questioning which is attempting to elicit expert opinion and allow DeRosa to comment on the Freeman Paper which was not even published until May of 2009 and not part of his work or "report" from 2007 – 2008. |
| 300:05-08; 12-25 301:1-11 | Forest River objects to the extent that this designation calls for speculation.  Witness states he had no involvement but is asked to speculate on why a panel convened. The last question and answer is also duplicative having been asked and answered several times before. (See pages 70-71; 288-89; 255-57). |

**OBJECTIONS TO PLAINTIFF'S DESIGNATIONS
OF DEPOSITION OF DR. CHARLES SHEPARD FIELD**

| | |
|---|---|
| 112:02 - 112:15 | Forest River objects to plaintiff's proposed designation as it violates the limine previously agreed to be all parties regarding testimony as to the credibility of other witnesses. (Rec. Doc. 11181 relating to prior Order Rec. Doc. 3030) |
| 112:20 - 113:15 | Forest River objects to plaintiff's proposed designation as it violates the limine previously agreed to be all parties regarding testimony as to the credibility of other witnesses. (Rec. Doc. 11181 relating to prior Order Rec. Doc. 3030) |
| 121:18 - 121:25 | Forest River objects to plaintiff's proposed designation as it violates the limine previously agreed to be all parties regarding testimony as to the credibility of other witnesses. (Rec. Doc. 11181 relating to prior Order Rec. Doc. 3030) Additionally, Forest River objects to plaintiff's proposed designation pursuant to Federal Rule of Evidence 402 and 403 on the basis that the information sought to be elicited is irrelevant. |
| 123:12 - 123:17 | Forest River objects to plaintiff's proposed designation on the basis that plaintiff failed to establish an appropriate foundation for the witness's knowledge of such issues and Forest River objects to the form of the question insofar as it presumes facts not in evidence. |
| 129:20 - 130:03 | Forest River objects to plaintiff's proposed designation insofar as the designation contains the colloquy of counsel; constitutes a leading question; is vague; and plaintiff has failed to demonstrate the appropriate factual predicate from which this witness may respond. |
| 131:20 -132:02 | Forest River objects to the form of the question contained in plaintiff's proposed designation as it is leading and mischaracterizes the evidence in the deponent's prior testimony. |
| 138:19 - 139:06 | Forest River objects to plaintiff's proposed designations pursuant to Federal Rules of Evidence 402 and 403 on the basis that it is irrelevant insofar as the testimony to which it refers has not been designated for inclusion and is therefore confusing to the jury. |
| 139:18 - 139:20 | Forest River objects to plaintiff's proposed designation as plaintiff's questioning of the witness does not rise to the appropriate legal standard and questions regarding what could have been rather than what, more probably than not, were are irrelevant and confusing to the trier of fact. Accordingly, Forest River objects pursuant to Federal Rules of Evidence 402 and 403. |
| 139:24 - 140:05 | Forest River objects to plaintiff's proposed designations pursuant to Federal Rules of Evidence 402 and 403 on the basis that it is irrelevant insofar as the testimony to which it refers has not been designated for inclusion and is therefore confusing to the jury. |

*Objections - Dr. Charles Shepard Field*
*Page Two*

| 149:04 - 149:06 | Please note to remove objection of counsel. |
|---|---|
| 149:18 - 149:25 | Forest River objects to plaintiff's proposed designation as the testimony is cumulative of that previously given and the form of the question had been previously asked and the same answer given.  Accordingly, Forest River objects to the cumulative testimony under Federal Rule of Evidence 403. |

**OBJECTIONS TO PLAINTIFF'S DESIGNATIONS**
**OF DEPOSITION OF DAVID GARRETT**

| | |
|---|---|
| 36:17 - 37:05 | Forest River objects to plaintiff's proposed designation as it violates the limine previously agreed to be all parties regarding testimony as "taxpayers" funding the purchase of FEMA trailers.  (Subject of pending Motion in Limine, Rec. Doc. 11389, and unopposed by plaintiff (Rec. Doc. 11753), prohibiting references to persons' status as taxpayers in connection with FEMA's use of federal tax funds in purchasing, distributing, or storing FEMA EHUs.).  Forest River further objects to plaintiff's proposed designations pursuant to Federal Rules of Evidence 401 and 403 insofar as plaintiff's proposed designation is irrelevant and misleading. |
| 42:09 - 43:16 | Forest River objects to plaintiff's proposed designations pursuant to Federal Rules of Evidence 401 and 403 insofar as plaintiff's proposed designation is irrelevant and misleading insofar as the issues discussed therein relate to testing performed by the Sierra Club.  Further, this testimony constitutes hearsay under FRE 802. |
| 50:21 - 51:12<br>52:02 - 54:05 | Forest River objects to the references to MSNBC articles and the related discussion of whether problem was considered "widespread" by FEMA as irrelevant under FRE 402 and hearsay under FRE 802. |
| 71:05 - 71:08<br>72:02 - 72:05<br>72:11 - 72:13<br>77:05 - 79:20 | Forest River objects to the testimony regarding FEMA's subsequent decisions regarding housing assistance post Katrina as irrelevant under FRE 402 and unduly prejudicial under FRE 403.  Further, Forest River objects under FRE 407 as the testimony deals with subsequent remedial measures. |
| 81:06 - 82:17 | Forest River objects to the testimony regarding HUD formaldehyde standards post Katrina as irrelevant under FRE 402 and unduly prejudicial under FRE 403.  Further, Forest River objects under FRE 407 as the testimony deals with subsequent remedial measures. |
| 100:14 - 100:20<br>102:21 - 104:01 | Forest River objects to plaintiff's proposed designation on the basis that plaintiff failed to establish an appropriate foundation for the witness's knowledge of such issues and Forest River objects to the form of the question insofar as it presumes facts not in evidence. |
| 114:08 - 116:06 | Forest River objects to plaintiff's proposed designations pursuant to Federal Rules of Evidence 401 and 403 insofar as plaintiff's proposed designation is irrelevant and misleading insofar as the issues discussed therein relate to testing performed by the Sierra Club.  Further, this testimony constitutes hearsay under FRE 802. |

*Objections - David Garrett*
*Page 2*

| 134:16 - 138:14 | Forest River objects to plaintiff's proposed designations pursuant to Federal Rules of Evidence 401 and 403 insofar as plaintiff's proposed designation is irrelevant and misleading insofar as the issues discussed therein relate to testing performed relating to children's exposure to formaldehyde.  Further, this testimony constitutes hearsay from Dr. Runge under FRE 802. |
|---|---|
| 153:17 - 156:10 | Forest River objects to the testimony regarding subsequently built trailers as irrelevant under FRE 402 and unduly prejudicial under FRE 403.  Further, Forest River objects under FRE 407 as the testimony deals with subsequent remedial measures. |
| 157:05 - 157:08 | Forest River objects to this testimony as it offers hearsay from Gil Jameson and must be excluded under FRE 802. |
| 158:05 - 159:18 | Forest River objects to the testimony regarding new FEMA specifications and formaldehyde levels as irrelevant under FRE 402 and unduly prejudicial under FRE 403.  Further, Forest River objects under FRE 407 as the testimony deals with subsequent remedial measures. |
| 198:18 - 199:14 200:14 - 202:22 | Forest River objects to the testimony regarding FEMA's distribution of travel trailers and mobile homes in 2007 as irrelevant under FRE 402 and unduly prejudicial under FRE 403.  Further, Forest River objects under FRE 407 as the testimony deals with subsequent remedial measures. |
| 238:18 - 239:15 | Forest River objects to this testimony as it offers hearsay testimony from John Philbin regarding FEMA's response post Katrina |

## OBJECTIONS TO PLAINTIFF'S DESIGNATIONS
## OF DEPOSITION OF MICHAEL LAPINSKI

| | |
|---|---|
| 30:17 - 30:22 | Forest River objects to plaintiff's proposed designation as plaintiff's question lacks an appropriate factual foundation. The discussion of media complaints is also irrelevant and unduly prejudicial under FRE 402 & 403, and the testimony constitutes hearsay under FRE 802. |
| 53:04 - 54:02 | Forest River objects to plaintiff's proposed designation as plaintiff's question on the housing market post Katrina is vague, compound and lacks an foundation. |
| 60:12 - 61:13 | Forest River objects to plaintiff's proposed designation as plaintiff's question on health panels lacks the appropriate foundation. |
| 72:03 - 72:16 | Forest River objects to plaintiff's proposed designation as plaintiff's question lacks the appropriate foundation and context of the email discussed. |
| 88:13 - 88:18 | Forest River objects to this designation as it is incomplete (question with no answer). It is also vague and calls for speculation/hearsay. |
| 89:10 - 91:02 | Forest River objects to plaintiff's proposed designation as plaintiff's question lacks the appropriate foundation and context for the document discussed. Forest River also objects as it calls for speculation, as the witness admits that he is not knowledgeable about the topic. Forest River also objects to the extent that the designation contains the colloquy of counsel. |
| 92:16 - 93:18 | Forest River objects to plaintiff's proposed designation as plaintiff's question lacks the appropriate foundation and context for the document discussed. Forest River also objects as it calls for speculation, as the witness admits that he is not knowledgeable about the technical aspects of off-gassing. |
| 96:04 - 97:17 | Forest River objects to plaintiff's proposed designation as plaintiff's question lacks the appropriate foundation and context for the document discussed. Further, Forest River objects as the designation contains an discussing of "FEMA leadership" issues which are irrelevant under FRE 402. |
| 99:16 - 101:10 | Forest River objects to plaintiff's proposed designation as plaintiff's question lacks the appropriate foundation and context for the document discussed. |
| 132:05 - 133:22 | Forest River objects to the proposed designation as it contains hearsay regarding other individual's use of travel trailers. Forest River also objects as this testimony is irrelevant under FRE 402 and unduly prejudicial under FRE 403. |
| 146:20 - 146:22 | Forest River objects as this portion is an incomplete designation without full question and answer. |

*Objection - Michael Lapinski*
*Page 2*

| 147:01 - 147:06 | Forest River objects to plaintiff's proposed designation as plaintiff's question lacks the appropriate foundation and context for the document discussed. Forest River further objects to the designation as it is misleading and fails to designate the entire response provided by the witness. |
|---|---|
| 148:04 - 149:03 | Forest River objects to this proposed designation discussing the psychological impacts as it calls for speculation. The designation lacks the appropriate foundation and also calls for expert testimony from a fact witness. The discussion of other's mental state is also irrelevant under FRE 402 and unduly prejudicial under FRE 403. |

**OBJECTIONS TO PLAINTIFF'S DESIGNATIONS
OF DEPOSITION OF STANLEY LARSON**

| | |
|---|---|
| 23:23 - 24:09 | Forest River objects to plaintiff's proposed designation as plaintiff's question constitutes an incomplete hypothetical, lacks an appropriate factual foundation, and requires the witness to speculate as to the answer. |
| 29:12 - 29:18<br>30:15 - 30:21 | Forest River objects to plaintiff's proposed designation as plaintiff's question constitutes an incomplete hypothetical, lacks an appropriate factual foundation, and requires the witness to speculate regarding the answer and is cumulative of other testimony.  Accordingly, as the form of the question was inappropriate and it is cumulative of other testimony, Forest River objects to the inclusion of such testimony. |
| 71:02 - 71:08 | Forest River objects to plaintiff's proposed designation as plaintiff's question lacks an appropriate factual foundation. |

## OBJECTIONS TO PLAINTIFF'S DESIGNATIONS
## OF DEPOSITION OF JOSEPH LITTLE

| | |
|---|---|
| 20:11 - 20:23 | Forest River objects to plaintiff's proposed designations pursuant to Federal Rules of Evidence 402 insofar as plaintiff's proposed designation is irrelevant, since Little has not been offered as an expert witness in this case. |
| 63:01 - 63:03 63:06 - 63:08 | Forest River objects to plaintiff's proposed designation as plaintiff's question lacks the appropriate foundation and context for the ATSDR issues discussed. This testimony calls for speculation and is also cumulative of testimony already presented (see 62:02 - 62:05) |
| 69:09 - 69:14 69:19 - 69:23 70:03 - 70:06 70:12 - 70:17 70:20 - 70:25 71:01 - 71:12 | Forest River objects to plaintiff's proposed designation as it violates the stipulation regarding discussion of political proceedings (Rec. Doc. 11181, related to Rec. Doc. 3029). Further, this testimony concerning a U.S. House report, dated 9/22/08, is irrelevant, misleading and prejudicial under FRE 402 and 403. Finally, the testimony contains references to subsequent remedial measures and therefore must be excluded under FRE 407. |
| 72:14 - 72:25 73:01 - 73:15 | Forest River objects to plaintiff's proposed designation as plaintiff's question lacks the appropriate foundation and context for the conclusions of the ATSDR report discussed. |
| 97:04 - 97:05 97:07 - 97:14 97:16 - 97:21 98:8 | Forest River objects to the extent that plaintiff mischaracterizes the witness's testimony and provides leading questions. Forest River also objects to plaintiff's proposed designation as plaintiff's question constitutes an incomplete hypothetical, lacks an appropriate factual foundation, and requires the witness to speculate regarding the answer. |
| 123:03 - 123:12 | Forest River objects to plaintiff's proposed designations pursuant to Federal Rules of Evidence 401 and 403 insofar as plaintiff's proposed designation is irrelevant and misleading insofar as the testimony regarding asthma is not properly at issue in this case. |

## OBJECTIONS TO PLAINTIFF'S DESIGNATIONS
## OF DEPOSITION OF BRIAN McCREARY

| | |
|---|---|
| 20:06 - 21:08 | Forest River objects to this testimony related to the income of travel trailer manufacturers as it violates the limine regarding the income of manufacturers or contractors (*see* stipulation at Rec. Doc. 1181, referencing Rec. Docs. 3018 and 3019 from Gulf Stream bellwether). |
| 32:16 - 33:22 | Forest River objects to the testimony regarding FEMA's subsequent purchasing decisions regarding housing assistance post Katrina as irrelevant under FRE 402 and unduly prejudicial under FRE 403.  Further, Forest River objects under FRE 407 as the testimony deals with subsequent remedial measures.  The testimony is also irrelevant to the extent that it discusses manufactured housing. |
| 34:13 - 35:11 | Forest River objects to the testimony regarding FEMA's subsequent purchasing decisions regarding housing assistance post Katrina as irrelevant under FRE 402 and unduly prejudicial under FRE 403.  Further, Forest River objects under FRE 407 as the testimony deals with subsequent remedial measures.  The testimony is also irrelevant to the extent that it discusses manufactured housing. |

## OBJECTIONS TO PLAINTIFF'S DESIGNATIONS
## OF DEPOSITION OF MARTIN McNEESE

| | |
|---|---|
| 25:03 - 25:22 | Forest River objects to plaintiff's proposed designation insofar as plaintiff has failed to provide the proper foundation for questioning regarding Mr. Souza. This testimony is irrelevant under FRE 403 and is cumulative of prior testimony regarding Mr. Souza. |
| 123:10 - 124:14 | Forest River objects to plaintiff's proposed designation insofar as plaintiff has failed to present the proper foundation or demonstrate the appropriate factual predicate sufficient to establish this witness's knowledge of the knowledge and motivations of Rick Preston, counsel for FEMA.  The testimony calls for speculation and constitutes hearsay under FRE 802. |
| 128:18 - 129:05 | Forest River objects as the designation is incomplete and does not contain both a question and answer.  Forest River also objects to plaintiff's proposed designation insofar as it contains the colloquy of counsel. |
| 131:07 - 131:19 | Forest River objects to plaintiff's proposed designation insofar as plaintiff has failed to provide the proper foundation for questioning regarding Mr. McNeese's role in 2006 EPA testing. |

## OBJECTIONS TO PLAINTIFF'S DESIGNATIONS
## OF DEPOSITION OF MARK POLK

| | |
|---|---|
| 21:05 - 21:13 | Forest River objects to plaintiff's proposed designation insofar as it mischaracterizes the testimony of the witness.  In addition, Forest River asserts that such testimony is irrelevant and misleading insofar as the witness established that his experience with odors were related solely to travel trailers produced by manufacturers other than Forest River. |
| 21:13 - 23:22 | Forest River objects to plaintiff's proposed designations pursuant to Federal Rules of Evidence 402 and 403 insofar as plaintiff's proposed designation is irrelevant and misleading insofar as the issues discussed therein relate to travel trailers manufactured solely by entities other than Forest River. |
| 28:01 - 28:04 | Forest River objects to plaintiff's proposed designation as it encompasses the colloquy of counsel. |
| 29:05 - 29:12 | Forest River objects to plaintiff's proposed designation insofar as plaintiff has failed to demonstrate the appropriate factual predicate sufficient to establish this witness's knowledge of Mr. Wright's ventilation practices. |
| 29:13 - 29:18 | Forest River objects to plaintiff's proposed designation insofar as plaintiff has failed to demonstrate the appropriate factual predicate sufficient to establish this witness's knowledge of Forest River, Shaw, RCG, FEMA or any other individual/entity's ventilation practices relating to the unit at issue. |
| 32:02 - 32:05 | Forest River objects to plaintiff's proposed designation as it encompasses  the objections of counsel. |
| 33:04 - 33:17 | Forest River objects to plaintiff's proposed designation insofar as plaintiff's question constitutes an incomplete hypothetical requiring the witness to improperly speculate regarding the answer. |
| 33:22 | Forest River objects to plaintiff's proposed designation insofar as it includes the objection of counsel. |
| 35:22 - 36:17 | Forest River objects to plaintiff's proposed designation insofar as the answer given after line twenty-one is not responsive to the question asked. |
| 36:18 - 37:05 | Forest River objects to plaintiff's proposed designation insofar as it is comprised solely of the objections and colloquy of counsel. |
| 39:12 | Forest River objects to plaintiffs' proposed designation insofar as it includes the objection of counsel. |
| 42:06 - 42:12 | Forest River objects to plaintiff's proposed designation as it is comprised of the objections and colloquy of counsel. |

*Objections - Mark Polk*
*Page 2*

| 43:19 | Forest River objects to plaintiff's proposed designation insofar as it is comprised of the objection of counsel. |
|---|---|
| 44:01 - 45:08 | Forest River objects to plaintiff's proposed designation insofar as the witness's answer is not responsive to the question asked. |
| 45:09 - 45:22 | Forest River objects to plaintiff's proposed designation as it is comprised solely of the objections and colloquy of counsel. |
| 45:23 - 47:18 | Forest River objects to plaintiff's proposed designation as plaintiff's question constitutes an incomplete hypothetical, lacks an appropriate factual foundation, requires the witness to speculate regarding the answer and is cumulative of the subsequent question and answer in the plaintiff's same designation. |
| 103:11 - 103:15 | Forest River objects to plaintiff's proposed designation insofar as the form of the question mischaracterizes the witness' prior testimony and the information sought to be elicited has been asked and answered and is cumulative of prior testimony. |

## OBJECTIONS TO PLAINTIFF'S COUNTER-DESIGNATIONS
## OF DEPOSITION OF COREEN ROBBINS

| | |
|---|---|
| 83:19 - 83:22 | Forest River objects to plaintiff's proposed designation as it lacks an appropriate factual predicate to establish the witness's knowledge of such issues. |
| 83:23 - 84:07 | Forest River objects to plaintiff's proposed designation pursuant to Federal Rule of Evidence 402 insofar as knowledge of an allegedly dangerous condition is not relevant under the LPLA.  Additionally, Forest River avers that its prior stipulation with opposing counsel regarding the composition of the wood products contained within the unit at issue renders this testimony cumulative and potentially confusing and, as such, must be excluded under Federal Rule of Evidence 403. |
| 89:12 - 89:13 | Forest River objects to plaintiff's proposed designation as it is cumulative of the prior testimony and irrelevant.  Accordingly, Forest River requests that such testimony be excluded pursuant to Federal Rules of Evidence 402 and 403. |
| 90:01 - 90:05 | Forest River objects to plaintiff's proposed designation as an incomplete question and answer and plaintiff has failed to establish an appropriate factual predicate of this witness's knowledge and understanding of the requirement of forced air ventilation, if any, contained within the Code of Federal Regulations pertaining to Manufactured Housing. |
| 97:04 - 97:13 to the word "yes" | Forest River objects to plaintiff's proposed designation insofar as the form of the question is vague, overly broad and not appropriately limited in time or scope and fails to designate in which community is "well recognized" that there are initial elevations in formaldehyde levels in travel trailers.  Additionally, plaintiff has failed to designate the complete answer of the witness and, as such, the response given is misleading and must be excluded under Federal Rule of Evidence 403. |
| 113:19 | Objection of counsel must be removed. |
| 114:09 - 114:24 | Forest River objects to plaintiff's proposed designation as it irrelevant, argumentative and misleading.  Accordingly, such designations should be excluded pursuant to Federal Rules of Evidence 402 and 403. |
| 114:25 - 115:18 | Forest River objects to plaintiff's proposed designation as it irrelevant, argumentative and misleading.  Accordingly, such designations should be excluded pursuant to Federal Rules of Evidence 402 and 403. |
| 115:20 - 116:02 | Forest River objects to plaintiff's proposed designation as the question is vague, argumentative, is an incomplete hypothetical and plaintiff has failed to establish an appropriate factual predicate on which this witness may base an answer. |

*Objections - Coreen Robbins*
*Page 2*

| 153:17 - 153:19 | Forest River objects to plaintiff's proposed designation as the witness's curiosity is not at issue and, accordingly, the question is argumentative and irrelevant. |
|---|---|
| 153:21 - 153:22 | Forest River objects to plaintiff's proposed designation as the witness's curiosity is not at issue and, accordingly, the question is argumentative and irrelevant. |
| 153:24 - 154:05 | Forest River objects to plaintiff's proposed designation pursuant to Federal Rule of Evidence 402 as the inquiry is irrelevant and argumentative. |
| 177:05 - 177:10 | Forest River objects to plaintiff's proposed designation insofar as the testimony sought to be elicited is misleading insofar as there is no testimony that warnings associated with the "HUD standard" were required to be posted within the travel trailer at issue as the question suggests. Accordingly, the testimony is misleading and should be properly excluded under Rule 403. |
| 231:08 - 231:10 | Forest River objects to plaintiff's proposed designation as the question posed was never answered and, as such, it is an incomplete designation. |
| 239:06 - 239:08 | Forest River objects to plaintiff's proposed designation as it is incomplete given the following question and answer, as such, Forest River will withdraw its objection if lines nine through twelve are included. |
| 246:14 - 246:24 | Forest River objects to plaintiff's proposed designation as it is a question without a corresponding answer and, as such, is an incomplete designation the admission of which would be confusing and misleading to the jury and must properly be excluded under Federal Rule of Evidence 403. The witness is asked to reference certain text but no question is ever asked with regard to the text and standing alone, the text in and of itself is not evidence and is irrelevant. |
| 246:25 - 247:05 | Forest River objects to plaintiff's proposed designation as it is a question without a corresponding answer and, as such, is an incomplete designation the admission of which would be confusing and misleading to the jury and must properly be excluded under Federal Rule of Evidence 403. The witness is asked to reference certain text but no question is ever asked with regard to the text and standing alone, the text in and of itself is not evidence and is irrelevant. |
| 247:06 - 247:08 | Forest River objects to plaintiff's proposed designation as the question was asked and answered and is cumulative of prior testimony regarding the publication date of the Lemus study. |

*Objections - Coreen Robbins*
*Page 3*

| 247:09 - 247:10 | Forest River objects to plaintiff's proposed designation as it is a question without a corresponding designated answer and, as such, is an incomplete designation. Setting aside the fact the answer is not designated, Forest River additionally objects as the witness indicates that she is unaware of whether formaldehyde was classified as a possible human carcinogen during the period at issue. Accordingly, plaintiff has failed to demonstrate a sufficient factual predicate for the inclusion of such testimony. As such, the testimony is misleading and should be properly excluded under Federal Rule of Evidence 403. |
|---|---|
| 247:15 - 247:21 | Forest River objects to plaintiff's proposed designation as it lacks an appropriate foundation as the witness avers that she is unaware of whether formaldehyde was classified as a possible human carcinogen during the period at issue. Accordingly, plaintiff has failed to demonstrate a sufficient factual predicate for the inclusion of such testimony. As such, the testimony is misleading and should be properly excluded under Federal Rule of Evidence 403. |
| 247:22 - 248:04 | Forest River objects to plaintiff's proposed designation as it includes the colloquy of counsel, lacks an appropriate foundation as the witness avers that she is unaware of whether formaldehyde was classified as a possible human carcinogen during the period at issue. Accordingly, plaintiff has failed to demonstrate a sufficient factual predicate for the inclusion of such testimony. As such, the testimony is misleading and should be properly excluded under Federal Rule of Evidence 403. |
| 248:06 - 248:11 | Forest River objects to plaintiff's proposed designation as it includes the colloquy of counsel, lacks an appropriate foundation as the witness avers that she is unaware of whether formaldehyde was classified as a possible human carcinogen during the period at issue. Accordingly, plaintiff has failed to demonstrate a sufficient factual predicate for the inclusion of such testimony. As such, the testimony is misleading and should be properly excluded under Federal Rule of Evidence 403. |
| 248:16 - 248:25 | Forest River objects to plaintiff's proposed designation insofar as the Lemus study is the best evidence of its contents and simply reading excerpts of the study to the witness and asking if she agrees with it is inappropriate cross-examination. |

*Objections - Coreen Robbins*
*Page 4*

| 249:01 - 249:02 | Forest River objects to plaintiff's proposed designation as it lacks an appropriate factual foundation for its admission and asks the witness to speculate regarding the mental process of the author of the Lemus paper relating to alleged conclusions not contained within the Lemus study. |
|---|---|
| 249:06 - 249:10 | Forest River objects to plaintiff's proposed designation as it lacks an appropriate factual foundation for its admission and asks the witness to speculate regarding the mental process of the author of the Lemus paper relating to alleged conclusions not contained within the Lemus study. |
| 249:16 - 249:18 | Forest River objects to plaintiff's proposed designation insofar as the information sought to be elicited is both irrelevant and misleading.  The witness specifically avers that she is not expressing an opinion regarding the issue about which she is being questioned nor does any such opinion appear in the body of her report.  Although Forest River does not contest this may be an appropriate area for inquiry during the course of a discovery deposition, the discussion of such matters at trial bears no relevance to the issues presented and its admission would simply result in the presentation of unnecessary and irrelevant evidence.  Accordingly, Forest River objects to the inclusion of such testimony. |
| 249:25 - 250:03 | Forest River objects to plaintiff's proposed designation insofar as the information sought to be elicited is both irrelevant and misleading.  The witness specifically avers that she is not expressing an opinion regarding the issue about which she is being questioned nor does any such opinion appear in the body of her report.  Although Forest River does not contest this may be an appropriate area for inquiry during the course of a discovery deposition, the discussion of such matters at trial bears no relevance to the issues presented and its admission would simply result in the presentation of unnecessary and irrelevant evidence.  Accordingly, Forest River objects to the inclusion of such testimony. |
| 250:21 - 250:22 | Forest River objects to plaintiff's proposed designation as it is a question without a corresponding answer and, as such, is an incomplete designation the admission of which would be confusing and misleading to the jury and must properly be excluded under Federal Rule of Evidence 403. |

## OBJECTIONS TO PLAINTIFF'S DESIGNATIONS
## OF DEPOSITION OF KEVIN SOUZA

| | |
|---|---|
| 29:05 - 29:14 | Forest River objects as plaintiff's designated question was compound and vague.  The designation is also incomplete as it contains a question with no corresponding answer. |
| 36:18 - 37:04 | Forest River objects to the designation as it is incomplete. |
| 37:12 - 37:14<br>37:21 - 37: 22 | Forest River objects to plaintiff's proposed designation as plaintiff's question lacks an appropriate factual foundation. |