UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| **IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION** | **MDL NO. 1873**<br><br>**SECTION "N-5"**<br><br>**JUDGE ENGELHARDT**<br>**MAG. JUDGE CHASEZ** |

**THIS DOCUMENT IS RELATED TO:**
*Lyndon Wright v. Forest River, Inc., et al.*
*Case No. 09-2977 (E.D. La.)*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### DEFENDANT FOREST RIVER, INC.'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE JOINT TRIAL EXHIBIT LIST

NOW INTO COURT, through undersigned counsel, comes defendant Forest River, Inc. ("Forest River") who hereby submits the following Response to the objections listed by plaintiff in the Joint Trial Exhibit List, Rec. Doc. 12397.

As a preliminary matter, it should be noted that Forest River objected to a wide range of plaintiff's exhibits[1] on relevancy grounds. For instance, Forest River objected to studies dealing with the alleged link between formaldehyde and cancer on relevancy grounds, as there is a pending Motion for Partial Summary Judgment on plaintiff's mental anguish/fear of cancer claim (Rec. Doc. 10934). Additional objections were made to documents that are directly contingent on the pending rulings relating to various

---

[1] Plaintiff's exhibits begin at Exhibit 1 and continue through Exhibit 474.

Motions in Limine presently before the Court. As these issues are resolved by the Court, Forest River will revisit its objections and revise them accordingly.

With regard to the instant motion, exhibits specifically identified by Forest River begin at Exhibit 536 and continue through Exhibit 1034. Plaintiff has identified four broad categories of objections to Forest River's exhibits, each of which will be addressed below.

### 1. Objections to exhibits related to mold

Plaintiff objects to studies referenced by Forest River's experts dealing with the health effects of mold exposure. Although the Court has dismissed plaintiff's mold claims in its ruling on defendants' Motion for Summary Judgment on Causation (Rec. Doc. 12049), the topic is still mentioned in a number of plaintiff's expert reports, most notably Al Mallet. Forest River has filed Motions in Limine to preclude these experts from discussing mold at trial, but experts like Mallet have attempted to offer evidence of mold exposure to demonstrate that conditions existed within the trailer that would have led to increased formaldehyde off-gassing. If plaintiff intends to offer this argument and thereby sneak the mold issue through the "back door," Forest River maintains that its mold studies and analysis on the exhibit list must be included. If these studies are not allowed, Forest River will not be able to present a complete defense to plaintiff's mold references. Until the Court excludes any and all reference to mold, Forest River should be permitted to introduce these mold studies at trial.

### 2. Objections to exhibits related to studies dealing with children

Plaintiff also argues that the Court exclude any references to formaldehyde and/or mold studies that deal with children. Plaintiff argues that these studies are irrelevant, as

Lyndon Wright is forty years old. Forest River would first note that several studies listed by plaintiff on the exhibit list reference children as well. Regardless, plaintiff has placed these studies at issue by including testimony from Dr. Christopher DeRosa regarding children, the elderly, and other sensitive populations. Because plaintiff has elected to include this testimony on children from Dr. DeRosa (as well as other FEMA fact witnesses), Forest River should be permitted to introduce studies relating to children as well. Should the Court exclude plaintiff's references to studies involving children, Forest River would likewise remove these studies from its Exhibit List. At this time, however, Forest River is unable to take any action in this regard..

**3. Objections to exhibits related to Lyndon Wright's financial information**

Plaintiff objects to Exhibits 550 & 551 on the basis of relevancy and undue prejudice under FRE 402 & 403. These documents deal with Wright's financial information, including bank statements and credit card expenses during the relevant time period. This information is directly relevant to demonstrate the amount of time Wright spent in the trailer, his ability to mitigate his damages, potential sources of alternate exposure to formaldehyde, and his claims for loss of enjoyment of life. Indeed, as the Court acknowledged in its ruling on the Motion in Limine regarding the finances of Bobbie Wright (Rec. Doc. 11416), Lyndon Wright's financial information is clearly relevant to the issue of whether he could have moved out of the trailer and thereby mitigated his damages. Accordingly, Wright's financial information is highly probative of Wright's whereabouts, alternate exposures, and ability to find alternate housing. Therefore, these exhibits should not be excluded.

**4. Objections to exhibits have not been identified with a specific bates range**

Finally, Forest River acknowledges that a number of studies and other documents listed on the Joint Exhibit List have not been identified with bates ranges. Many of plaintiff's exhibits also lack an identifying bates range. To the extent possible, Forest River will include such bates ranges and, if necessary, seek leave of Court to replace these exhibits with bates labeled documents.

Respectfully submitted,

/s/ Jason D. Bone
ERNEST P. GIEGER, JR. (La. State Bar Roll No. 6154)
JASON D. BONE (La. State Bar Roll No. 28315)
CARSON W. STRICKLAND (La. Bar Roll No. 31336)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
*ATTORNEYS FOR FOREST RIVER, INC.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of March, 2010, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

/s/ Jason D. Bone