UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N(5) |
| | JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO:<br>*Lyndon Wright v. Forest River, Inc., et al.*<br>No. 09-2977 | MAGISTRATE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### SHAW ENVIRONMENTAL, INC.'S
### <u>OBJECTIONS TO PLAINTIFF'S DEPOSITION DESIGNATIONS</u>

Shaw Environmental, Inc. (hereinafter referred to as "Shaw"), pursuant to Pretrial Order No. 60, respectfully submits this memorandum in support of its objections to certain deposition designations by plaintiff:

**<u>JAMES R. BRIXIUS</u>:**

| Plaintiff's Designation: | Shaw's Objections: |
|---|---|
| 61:12 – 62:08 | The witness is being asked to draw a legal conclusion about the requirements of the Stafford Act. |
| 93:23 – 94:04 | Here again the witness is being asked to draw a legal conclusion about the requirements of the Stafford Act. |

**KEVIN SOUZA:**

| Plaintiff's Designation: | Shaw's Objections: |
|---|---|
| 37:12 – 37:14; 37:21 – 37:22 | Shaw objects to asking Mr. Souza whether the contractors "were responsible in responding to formaldehyde concerns in the unit." Plaintiff has not laid a sufficient foundation to establish Mr. Souza's knowledge about whether the contractors were responsible in their responses to such concerns, if any. Moreover, this question gets even more directly to the point of whether the contractors were doing their maintenance jobs correctly, which is an issue that has been dismissed. Finally, the answer seems to respond to the question of whether contractors were responsible "for" responding, which may well have been what was intended, but since the question actually was whether the contractors were responsible "in" responding, the question and answer are confusing and violate Rule 403. |

**EDITH R. YOUNG:**

| Plaintiff's Designation: | Shaw's Objections: |
|---|---|
| 35:04 – 35:15 | Relevance. Mobile homes are not at issue. |
| 47:11 – 48:06 | Relevance. The technique of mobile home installation is not at issue herein, and certainly comparisons of the paperwork involved, as between the various IA/TACs, is not at issue. |
| 62:17 – 65:06 | Relevance. The witness is being asked about a scissor jack, which was not used during the installation of the Wright trailer. Apparently, plaintiff seeks to point out that Ms. Young is not familiar with everything on the lease-in form; however, it is uncontested that RCG (Ms. Young's employer) did not lease in the Wright trailer. For this trailer, a different subcontractor performed the lease-in function and filled out the form being discussed. Whether Ms. Young understands the form is simply not at issue. |
| 68:20 – 70:07 | Hearsay. It is clear on the record that Ms. Young stepped out and made a phone call to confirm a fact, and then she relates what she was told. In any event, this is cumulative of other discussions of ABS pads elsewhere in the deposition. (See pages 53-54; 57.) |
| 71:05 – 71:18 | Cumulative. ABS pads have been discussed at length, pages 53-54; 57. |

| | |
|---|---|
| 77:15 – 78:03 | Relevance. As the witness makes plain, RCG did not perform site assessments for Shaw. Certainly, it did not do so with regard to the Wright trailer. |
| 85:24 – 86:15 | Foundation. The witness is being asked (see, p. 85, l. 16, which was not designated) why there are no manufacturer installation instructions for travel trailers, when there are such instructions for mobile homes. The plaintiff has failed to demonstrate a sufficient factual predicate to establish this witness' knowledge about this issue. She speculates that the reason relates to the size, but that is beyond her knowledge, and improper. |
| 88:24 – 89:03 | Relevance. The witness is being asked whether she said something earlier, and she says no. This could not possibly be probative of anything. |
| 93:17 – 94:15 | Relevance. This is a question about what local building codes apply, which is irrelevant and precluded by the Court's order excluding building code issues. |
| 96:02 – 100:18 | Relevance. This is an irrelevant discussion of permitting requirements. Also, the testimony is prejudicial in that it attacks local permitting officials, and several of the questions lack foundation (such as why Plaquemines Parish required badges), and should be excluded under Federal Rules of Evidence 402 and 403. |
| 109:17 – 111:15 | Relevance, foundation. This segment begins with cumulative material (see p. 107, l. 9-12). The witness answers with a question and then gives a long answer that is nonresponsive to the original question. The witness has previously testified that she was instructed not to lift travel trailers such that the wheels were off of the ground. Plaintiff's counsel has not laid a separate factual predicate as to why the witness might believe it to be improper to do this to a trailer. So when Plaintiff's counsel asks why it would be "improper," he is essentially asking her why she was told not to do this. Clearly the witness lacks foundation to testify as to why Shaw told her to do something, and since she lacks independent knowledge of whether it is improper (indeed, the witness corrected Plaintiff's counsel when he asked her about her understanding as to the impropriety of lifting trailers - she said she knew that it was improper to lift a mobile home in that manner), this testimony is improper. Moreover, much of this designated testimony is nonresponsive, confusing, and irrelevant. |
| 113:08 – 116:18 | Relevance. Anchor straps are not at issue in this case. |

3

**JAMES ALBRECHT:**

| Plaintiff's Designation: | Shaw's Objection: |
|---|---|
| 87:01 – 87:10 | Foundation.  Plaintiff's proposed designation fails to demonstrate a sufficient factual predicate to establish this witness' knowledge of whether Lippert frames were designed to be installed on piers. |

WHEREFORE, Shaw respectfully requests that its objections be sustained.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**


   /s/ M. David Kurtz
ROY C. CHEATWOOD (#04010)
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000

**ATTORNEYS FOR DEFENDANT,
SHAW ENVIRONMENTAL, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2010, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel.

   /s/ M. David Kurtz

4