UNITED STATES DISTRICT COURT
EASTER DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                           MDL NO. 1873
 FORMALDEHYDE
PRODUCT LIABILITY LITIGATION          SECTION "N-5"

                                                    JUDGE ENGELHARDT

                                                    MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon Wright v. Forest River, Inc., et al.*
*Case No. 09-2977 (E.D. La.)*


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### REPLY TO DEFENDANT'S OBJECTIONS TO PLAINTIFF'S COUNTERDESIGNATIONS OF DEPOSITIONS

**MAY IT PLEASE THE COURT:**

Plaintiff Lyndon Wright, through undersigned counsel, submits the following responses to deposition objections identified by Defendants Forest River, Inc. ("Forest River") and Shaw Environmental, Inc. ("Shaw"). Further, Plaintiff has only responded to those objections to which parties were unable to come to resolution on. All other objections were either agreed to or withdrawn. As such, Plaintiff responds to the remaining objections as follows:

1

## DR. CHRISTOPHER DEROSA

1. **35:06- 35:14**

Forest River objects to Dr. DeRosa's discussion of the sensitizing effects of formaldehyde as it serves as expert testimony and should be excluded pursuant to the stipulation regarding Dr. DeRosa's opinions (Rec. Doc. 11181), adopting the Court's prior ruling on Dr. DeRosa from the Gulf Stream bellwether, Rec. Doc. 3067.

**Plaintiff's Reply:**

The Court has ruled that Patricia Williams, to the extent that her opinions on the sensitizing effects of formaldehyde are related to her general causation opinions previously given in this case, may provide testimony regarding the risk of sensitization from formaldehyde exposure becomes relevant in connection with plaintiff's fear of cancer claim. Such an opinion will serve as foundational testimony to support Dr. DeRosa's observations concerning risk of contracting leukemia and related cancers from chronic exposure to formaldehyde. His knowledge of sensitizing effects of formaldehyde in connection with formaldehyde exposure is not offered as expert opinion but rather he is functioning as a percipient witness who possess the knowledge by virtue of the fact that he served for many years as Director of Toxicology and Environmental Medicine at ATSDR.

2. **82:10-83:04**

Forest River objects to plaintiff's proposed designations pursuant to Federal Rules of Evidence 401 and 403 insofar as plaintiff's proposed designation is irrelevant and misleading insofar as the testimony regarding sensitive populations and asthma is not properly at issue in this case.

**Plaintiff's Reply:**

In his professional capacity as Director of Toxicology and Environmental Medicine at the ATSDR, Dr. DeRosa is capable of distinguishing between occupational risk and risk to the general population which includes sensitive individuals. His knowledge demonstrates that appropriate health benchmarks that are applicable to the general population should be followed by the ATSDR, CDC and FEMA.

### 3.   99:03-100:11, 101:06-101:12, 101:17, 101:18

Forest River objects to plaintiff's proposed designation insofar as plaintiff has failed to present the proper foundation or demonstrate the appropriate factual predicate sufficient to establish this witness's knowledge of Ms. Wilder's comments.  Further, this testimony constitutes hearsay under FRE 802.

**Plaintiff's Reply:**

This testimony should not be excluded as it is not hearsay pursuant to FRE 802, as the document speaks for itself.  Additionally, both parties have allowed for such testimony to be offered throughout the course of this litigation.  Appropriate factual predicate is established as the communication is properly identified. If this testimony were to be excluded, it would be unfair and prejudicial to the plaintiff.

### 4.   108:07-109:04, 109:11-109:22

Forest River objects to plaintiff's proposed designations pursuant to Federal Rules of Evidence 401 and 403 insofar as plaintiff's proposed designation is irrelevant and misleading insofar as the testimony regarding children and asthma is not properly at issue in this case.

**Plaintiff's Reply:**

The testimony which Forest River refers to was previously admitted in the Alexander trial and even though Lyndon Wright is not a minor the testimony is relevant in showing that formaldehyde is associated with risk of developing asthma. Further, because of his various medical conditions, Plaintiff would certainly fall under the category of vulnerable population.

5. **253:01- 253:18**

Forest River objects to Dr. DeRosa's discussion of the sensitizing effects of formaldehyde as it serves as expert testimony and should be excluded pursuant to the stipulation regarding Dr. DeRosa's opinions (Rec. Doc. 11181, adopting the Court's prior ruling on Dr. DeRosa from the Gulf Stream bellwether, Rec. Doc. 3067).

**Plaintiff's Reply:**

Forest River's objection is not well taken because the  sensitizing affects of formaldehyde are part of the knowledge base that Dr. DeRosa felt was important to communicate to government agencies in connection with his position as Director of Toxicology and Environmental Medicine at ATSDR.

6. **256:01- 256:20**

Forest River objects to plaintiff's proposed designation as it violates the limine filed by Forest River regarding references to leukemia.  (Subject of pending Motion in Limine, Rec. Doc. 11389), prohibiting references to leukemia).  Forest River also objects to this testimony on leukemia as irrelevant, misleading and prejudicial under FRE 402 and 403.

**Plaintiff's Reply:**

The Court has ruled that Patricia Williams, to the extent that her opinions on leukemia are related to her general causation opinions previously given in this case the risk of developing

leukemia from formaldehyde exposure becomes relevant in connection with plaintiff's fear of cancer claim. His knowledge of leukemia risk in connection with formaldehyde exposure is not offered as expert opinion but rather he is functioning as a percipient witness who possess the knowledge by virtue of the fact that he served for many years as Director of Toxicology and Environmental Medicine at ATSDR.

**7. 262:15-263:07**

Forest River objects to plaintiff's proposed designated pursuant to FRE 401 and 403 insofar as plaintiff's proposed designation is irrelevant and misleading insofar as the testimony regarding children and asthma is not properly at issue in this case. This is DeRosa's response to media reports and not a scientific review of medical records (which he has not seen- see page 280 of his deposition).

**Plaintiff's Reply:**

Formaldehyde risk with respect to development of asthma and effects on children are part of the risks associated with formaldehyde and it is the type of knowledge possessed by Dr. DeRosa in connection with his work as Director of Toxicology and Environmental Medicine at ATSDR. Further, Plaintiff falls under a more vulnerable or susceptible population based on several pre-existing health issues.

**8. 290:03-291:01**

Forest River objects to plaintiff's proposed designation as it violates the limine filed by Forest River regarding references to leukemia. (Subject of pending Motion in Limine, Rec. Doc. 11389, prohibiting references to leukemia). Forest River also objects to this testimony on leukemia as irrelevant, misleading and prejudicial under FRE 402 and 403. Forest River also objects to plaintiff's questioning which is attempting to elicit expert opinion and allow DeRosa

to comment on the Freeman Paper which was not even published until May of 2009 and not part of his work or "report" from 2007-2008.

**Plaintiff's Reply:**

Dr. DeRosa describes his work on the National Toxicological Review Committee and IARC with respect to the reclassification of formaldehyde to a known human carcinogen. He further discusses his knowledge of the most recent studies concerning the increased risk of developing cancers of the blood and blood forming tissues from formaldehyde exposure which is an outgrowth of the work that he did while serving as Director of Toxicology and Environmental Medicine at ATSDR.

9. **300:05-08; 12-25, 301:1-11**

Forest River objects to the extent that this designation calls for speculation. Witness states he had no involvement but is asked to speculate on why a panel convened.  The last question and answer is also duplicative having been asked and answered several times before.

**Plaintiff's Reply:**

As Director of Toxicology and Environmental Medicine at ATSDR Dr. DeRosa would be aware of the circumstances involving the convening of expert panels discussing the effects of hazardous chemicals such as formaldehyde. His knowledge of the procedure for discussing knowledge of health effects associated with a regulated chemical is clearly within the scope of his work related responsibilities.

## JAMES ALBRECHT

1. **38:18-22**

Forest River objects to plaintiff's proposed designation insofar as the question is vague and plaintiff has failed to demonstrate a sufficient factual predicate to establish this witness's knowledge of the information sought.

**Plaintiff's Response:**

This proposed designation should be admitted as factual predicate is established in the body of this designation.  The witness's testimony is being elicited to anticipate established residency times regarding "travel trailers for temporary housing" versus "units built for long term occupancy."  The phrase "long time" can be easily interpreted in this designation as it is defined in terms of the differing anticipated lengths of time residents spend in travel trailers versus mobile homes.

2. **70:23-72:19**

Forest River objects to plaintiff's proposed designation pursuant to Federal Rule of Evidence 402 and 403 insofar as discussion of Plant 44 which produced laminated units is irrelevant to the issues at bar.

**Plaintiff's Reply:**

This designation should be admitted as the proposed designation is not irrelevant.  Such laminated units must be referenced to illustrate the various materials considered for implementation.  Further, this discussion goes to a contemporaneously available alternative, and improved design, manufactured by Forest River.

### 3. 82:12- 82:18

Forest River objects to plaintiff's proposed designation insofar as information sought by such questioning is irrelevant and Forest River objects to said questioning under Federal Rules of Evidence 402 and 403. Additionally, the unit at issue was not produced at either of the Plants Mr. Albrecht oversaw and, as such, plaintiff failed to demonstrate the appropriate factual foundation to establish his knowledge of whether such issues arose with respect to California production facilities.

**Plaintiff's Reply:**

This designation is relevant pursuant to FRE 402 and 403 and should be admitted as it speaks to Forest River's knowledge of an alternative design and the availability of said design, contemporaneous to production of temporary housing.  As production manager of multiple Forest River plants, Mr. Albrecht has professional knowledge of Forest River's California production of temporary housing units.

### 4. 85:04-85:18

Forest River objects to plaintiff's proposed designation insofar as information sought by such questioning is irrelevant and Forest River objects to said questioning under Federal Rules of Evidence 402 and 403. Additionally, the unit at issue was not produced at either of the plaints Mr. Albrecht oversaw and, as such, plaintiff failed to demonstrate the appropriate factual foundation to establish his knowledge of whether such issues arose with respect to California production facilities.

**Plaintiff's Reply:**

This designation is relevant pursuant to FRE 402 and 403 and should be admitted as it speaks to Forest River's knowledge of issues, such as mislabeled tire size, that arose with respect

to Forest River's California production of temporary housing units.  As production manager of multiple Forest River plants, Mr. Albrecht has professional knowledge of Forest River's California production of temporary housing units.  Further, as the Forest River employee tasked with designing a unit to meet FEMA specifications, this knowledge is fundamental to the decisions made at Forest River relating to alternative design. Finally, the travel trailer occupied by Plaintiff had mismatched tires, and this statement shows a possibly systematic problem.

### 5.  87:1-10

**Plaintiff's Reply**

This designation is relevant and should be admitted as it speaks to Albrecht's personal knowledge of production of temporary housing units.  This designation relates directly to his personal knowledge that no one informed Albrecht that the trailers would be put on blocks at any time.

### 6.  143:17-143:22

Forest River objects to plaintiff's proposed designation insofar as plaintiff has failed to demonstrate a sufficient factual predicate to establish this witness's knowledge of the information sought.

**Plaintiff's Reply:**

This designation should be admitted as he is offering his personal knowledge of the owner's manual and its contents.  Mr. Albrecht has indicated that he knows the knowledge is in the owner's manual, he just does not know it from memory. Further, this knowledge is well within his purview as a plant manager at Forest River plant.

# MARK POLK

**1. 21:05-21:13**

Forest River objects to plaintiff's proposed designation insofar as it mischaracterizes the testimony of the witness.  In addition, Forest River asserts that such testimony is irrelevant and misleading insofar as the witness established that his experience with odors were related solely to travel trailers produced by manufacturers other than Forest River.

**Plaintiff's Reply:**

The proposed designation does not mischaracterize the testimony of Polk as it speaks to the nature of his experience with travel trailers.  Furthermore, Polk does not establish that his experience with odors was related solely to travel trailers manufactured by companies other than Forest River.

**2. 21:13-23:22**

Forest River objects to plaintiff's proposed designations pursuant to FRE 402 and 403 insofar as plaintiff's proposed designation is irrelevant and misleading insofar as the issues discussed therein relate to travel trailers manufactured solely by entities other than Forest River.

**Plaintiff's Reply:**

The proposed designation is relevant as it provides testimony regarding travel trailer industry practice.  Furthermore, it has not been established that Forest River deviates from such industry practices, in fact industry standard is a defense raised.

**3. 33:04-33:17**

Forest River objects to plaintiff's proposed designation insofar as plaintiff's question constitutes an incomplete hypothetical requiring the witness to improperly speculate regarding the answer.

**Plaintiff's Reply:**

The proposed designation does not include an improper speculation as Polk is being offered as an expert in trailer design and production.  Therefore, such testimony is not mere speculation but is formed by his professional knowledge.

4. **35:22-36:17**

Forest River objects to plaintiff's proposed designation insofar as the answer given after line twenty-one is not responsive to the question asked.

**Plaintiff's Reply:**

The proposed designation is responsive to the question asked and should be included. Simply because Mr. Polk speaks extensively on the topic does not mean that it should be excluded. It is an acceptable response to the question asked as Mr. Polk speaks exclusively about the humidity and condensation levels in the trailer.

### KEVIN SOUZA

1. **29:05-29:14**

Forest River objects as plaintiff's designated question was compound and vague.  The designation is also incomplete as it contains a question with no corresponding answer.

**Plaintiff's Reply:**

The proposed designation is not compound, as the response to the question is curative.

2. **36:18-37:04**

Forest River objects to the designation as it is incomplete.

**Plaintiff's Reply:**

The proposed designation is complete as it provides the witness's answers to the question asked.

### 3. 37:12-37:14

Forest River objects to plaintiff's proposed designation as plaintiff's question lacks an appropriate factual foundation.

**Plaintiff's Reply:**

The proposed designation contains appropriate factual foundation as Souza is the Enterprise Coordination and Information Management Section Chief at FEMA's National Processing Service Center. Therefore, a question regarding formaldehyde concerns of residents utilizes Souza's professional knowledge and his profession understanding of contractors' responsibilities regarding temporary housing units.

## <u>BRIAN McCREARY</u>

### 1. 34:13-35:11

Forest River objections to the testimony regarding FEMA's subsequent purchasing decisions regarding housing assistance post Katrina as irrelevant under FRE 402 and unduly prejudicial under FRE 403. Further, Forest River objects under FRE 407 as the testimony deals with subsequent remedial measures. The testimony is also irrelevant to the extent that it discusses manufactured housing.

**Plaintiff's Reply:**

The testimony is relevant and is not prejudicial as it deals with choices made in terms of temporary housing units. The testimony does not deal with subsequent remedial measures as it has always been FEMA's position to use travel trailers as a last resort in emergency temporary housing.

## GUY BONOMO

**1. 27:03-27:20**

Forest River objects to plaintiff's proposed designations pursuant to Federal Rules of Evidence 402 and 403 on the basis that it is irrelevant insofar as the testimony to which it refers has not been designated for inclusion and is therefore confusing to the jury. The testimony regarding the deployment of mobile homes by FEMA is irrelevant.

**Plaintiff's Reply:**

This testimony is very relevant as it shows the limitations FEMA dealt with relating to travel trailer and mobile homes particularly relating to the prohibition against mobile homes in a flood plain.

## MICHAEL LAPINKSI

**1. 72:03-72:16**

Forest River objects to plaintiff's proposed designation as plaintiff's question lacks the appropriate foundation and context of the email discussed.

**Plaintiff's Reply:**

Mr. Lapinski is the Federal Coordinating Officer within FEMA, appointed by the President to respond when a disaster declaration is made.  As a FEMA operative referencing the FEMA External Affairs Communications Plan, Lapinski is able to provide the appropriate foundation for discussing his personal email.

**2. 146:20-146:22**

Forest River objects as this portion is an incomplete designation without full question and answer.

**Plaintiff's Reply:**

Plaintiff supplements this designation with 146:14-19, which states that FEMA wanted the Katrina victims out of travel trailers as many had been in travel trailers for approximately two years.

### 3.   147:01-147:06

Forest River objects to plaintiff's proposed designation as plaintiff's question lacks the appropriate foundation and context for the document discussed.  Forest River further objects to the designation as it is misleading and fails to designate the entire response provided by the witness.

**Plaintiff's Reply:**

Plaintiff's question is appropriate as Lapinski is the appropriate source for questions regarding a resident's length of stay in a temporary housing unit.  As Lapinski states, temporary housing units are intended for an eighteen month stay but the residents are not evicted at the end of that period; therefore, this knowledge is properly based and this designation should remain.

### 4.   148:04-149:03

Forest River objects to this proposed designation discussing the psychological impacts as it calls for speculation.  The designation lacks the appropriate foundation and also calls for expert testimony form a fact witness.  The discussion of other's mental state is also irrelevant under FRE 402 and unduly prejudicial under FRE 403.

**Plaintiff's Reply:**

Plaintiff's question is appropriate as Lapinski is the appropriate source for questions regarding a resident's length of stay in a temporary housing unit. Therefore, Lapinksi's

professional knowledge and expertise in his role as the Federal Coordinating Officer within FEMA is the appropriate source for the possible impact trailer living would have.

### JOSEPH LITTLE

1. **97:04 - 97:05, 97:07 - 97:14, 97:16 - 97:21, 98:8**

Forest River objects to the extent that plaintiff mischaracterizes the witness's testimony and provides leading questions. Forest River also objects to plaintiff's proposed designation as plaintiff's question constitutes an incomplete hypothetical, lacks an appropriate factual foundation, and requires the witness to speculate regarding the answer.

**Plaintiff's Reply:**

Little was personally involved as an employee in ATSDR assigned to the Emergency Operations Center as part of the Federal Response Plan for Hurricane Katrina.  Little is not required to speculate but give his professional opinion and knowledge.

2. **123:03 - 123:12**

Forest River objects to plaintiff's proposed designations pursuant to Federal Rules of Evidence 401 and 403 insofar as plaintiff's proposed designations is irrelevant and misleading insofar as the testimony regarding asthma is not properly at issue in this case.

**Plaintiff's Reply:**

Lyndon Wright's respiratory health is a contested issue of fact in this case; therefore, any testimony regarding asthma is relevant in this case.

### DAVID GARRATT

1. **42:09 - 43:16**

Forest River objects to plaintiff's proposed designations pursuant to Federal Rules of Evidence 401 and 403 insofar as plaintiff's proposed designation is irrelevant and misleading

insofar as the issues discussed therein relate to testing performed by the Sierra Club. Further, this testimony constitutes hearsay under FRE 802.

 **Plaintiff's Reply:**

Garratt's testimony regarding Kevin Souza may be elicited as Souza's testimony is also being offered in the context of this litigation.  The nature of the conversation between Garratt and Souza references the testing performed by the Sierra Club.  This is relevant as knowledge of elevated formaldehyde levels is at issue in this trial.

   **2.  50:21- 51:12, 52:02 - 54:05**

Forest River objects to the reference to MSNBC articles and the related discussion of whether problem was considered "widespread" by FEMA as irrelevant under FRE 402 and hearsay under FRE 802.

 **Plaintiff's Reply:**

Both parties to this litigation are relying on and reading documents throughout each deposition.  In the interest of consistency, if it is allowed to occur one time, it must be allowed throughout the course of the litigation.  Failure to make such allowance would be prejudicial and unfair to the Plaintiff.

   **3.  71:05 - 71:08, 72:02 - 72:05, 72:11 - 72:13, 77:05 - 79:20**

Forest River objects to the testimony regarding FEMA's subsequent decisions regarding housing assistance post Katrina as irrelevant under FRE 402 and unduly prejudicial under FRE 403. Further, Forest River objects under FRE 407 as the testimony deals with subsequent remedial measures.

**Plaintiff's Reply:**

This testimony provided by Garrett does not deal with subsequent remedial measures but rather speaks to knowledge acquired by FEMA as a result of providing assistance to such a large population.

4. **81:06 - 82:17**

Forest River objects to the testimony regarding HUD formaldehyde standards post Katrina as irrelevant under FRE 402 and unduly prejudicial under FRE 403. Further, Forest River objects under FRE 407 as the testimony deals with subsequent remedial measures.

**Plaintiff's Reply:**

Subsequent remedial measures go to the previous knowledge FEMA had at the time of Hurricane Katrina and the recognized need for reform once FEMA became aware of the problem.  Furthermore, establish standard levels of formaldehyde are simply facts and should not be deemed prejudicial.

5. **134:16 - 138:14**

Forest River objects to plaintiff's proposed designations pursuant to Federal Rules of Evidence 401 and 403 insofar as plaintiff's designation is irrelevant and misleading insofar as the issues discussed therein relate to testing performed relating to children's exposure to formaldehyde. Further, this testimony constitutes hearsay from Dr. Runge under FRE 802.

**Plaintiff's Reply:**

Garrett's testimony referencing Dr. Runge should be allowed as he was Garrett's government source as Dr. Runge is the Chief Medical Officer of the Department of Homeland Security.  Dr. Runge is not referenced for his testimony specifically, but instead referenced as a source for exposure level information.

**6.   153:17 - 156:10**

Forest River objects to the testimony regarding subsequently built trailers as irrelevant under FRE 402 and unduly prejudicial under FRE 403. Further, Forest River objects under FRE 407 as the testimony deals with subsequent remedial measures.

**Plaintiff's Reply:**

Subsequent remedial measures go to the previous knowledge FEMA had at the time of Hurricane Katrina, and general lack of awareness relating to health concerns and formaldehyde.

**7.   157:05 - 157:08**

Forest River objects to this testimony as it offers hearsay from Gil Jameson and must be excluded under FRE 802.

**Plaintiff's Reply:**

This testimony is necessary to attest to the protocol for emergency housing units.  This does not constitute hearsay as it was not information offered by Gil Jameson but was the contract protocol used for emergency housing units.

**8.   158:05 -159:18**

Forest River objects to the testimony regarding new FEMA specifications and formaldehyde levels as irrelevant under FRE 402 and unduly prejudicial under FRE 403. Further, Forest River objects under FRE 407 as the testimony deals with subsequent remedial measures.

**Plaintiff's Reply:**

A subsequent remedial measure goes to the previous knowledge FEMA had at the time of Hurricane Katrina, and general lack of awareness relating to health concerns and formaldehyde.

**9. 198:18 - 199:14, 200:14 - 202:22**

Forest River objects the testimony regarding FEMA's distribution of travel trailers and mobile homes in 2007 as irrelevant under FRE 402 and unduly prejudicial under FRE . Further, Forest River objects under FRE 407 as the testimony deals with subsequent remedial measures.

**Plaintiff's Reply:**

Subsequent remedial measures go to the previous knowledge FEMA had at the time of Hurricane Katrina, and general lack of awareness relating to health concerns and formaldehyde.

**10. 238:18 - 239:15**

Forest River objects to this testimony as it offers hearsay testimony from John Philbin regarding FEMA's response post Katrina.

**Plaintiff's Reply:**

This email was used to elicit testimony from Garratt regarding his knowledge at the time. The truth of the email is not in question, merely Garratt's recollection of said email.

## <u>JAMES BRIXIUS</u>

**1. 61:12 - 62:08**

relevance

**Plaintiff's Reply:**

Shaw's knowledge of the Stafford Act is relevant as Shaw was contracted by FEMA to provide, among many disaster assistance duties, housing, maintenance, and installation emergency services to the Plaintiff.

**2. 93:23 - 94:04**

Relevance

**Plaintiff's Reply:**

Shaw's knowledge of the Stafford Act is relevant as Shaw was contracted by FEMA to provide, among many disaster assistance duties, housing, maintenance, and installation emergency services to the Plaintiff.

## <u>JEFFREY BURIAN</u>

**1. 18:10 – 18:13**

Forest River objects to plaintiff's proposed designation on the basis that plaintiff has failed to establish an appropriate factual foundation for the information sought.  Additionally, Forest River objects to the form of the question insofar as it is vague and argumentative.

**Plaintiff's Reply:**

A sufficient factual foundation was laid to ask Mr. Burian about his personal use of a travel trailer.  As Production Manager of Forest River's Rialto, California Plant, Mr. Burian is giving his professional knowledge of an industry standard.

**2. 45:08 – 45:12**

Forest River objects to the plaintiff's proposed designation pursuant to Federal Rules of Evidence 402 on the basis that the witness's "understanding of what this case is about" is irrelevant to the issues presented at bar.

**Plaintiff's Reply:**

As Production Manager of Forest River's Rialto, California Plant, Mr. Burian's understanding of what this case is about speaks to the magnitude of the issues Forest River faces regarding formaldehyde and his company's travel trailers manufactured to serve as emergency temporary housing units.

### 3.  45:13 – 46:04

Forest River objects to the plaintiff's proposed designation pursuant to Federal Rules of Evidence 402 in so far as knowledge of an allegedly dangerous condition is not relevant under the LPLA.  Additionally, Forest River avers that it is prior stipulation with opposing counsel regarding the composition of the wood products contained within the unit at issue renders this testimony cumulative and potentially confusing and, as such, must be excluded under Federal Rule of Evidence 403.

**Plaintiff's Reply:**

Pursuant to prior stipulation with opposing counsel regarding wood products excludes only mention of low formaldehyde emitting or "LFE", not wood products altogether. Furthermore, this testimony shows that the recreational vehicle industry has had notice of formaldehyde emission-related issues for years.

### 4.  47:25 – 48:02

Forest River objects to the plaintiff's proposed designation as it includes the objection and colloquy of counsel.

**Plaintiff's Reply:**

This response is not pure colloquy as opposing counsel offers curative instructions that limited the previous question to a particular time period: 2005 to 2006.

### 5.  53:19 – 54:05

Forest River objects to plaintiff's proposed designation pursuant to Federal Rules of Evidence 402 and 403 as the information sought to be elicited regarding Forest River's employee's access to the material safety data sheet is irrelevant to any of the plaintiff's claims at bar and would serve only to confuse and mislead the jury to the prejudice of the defendant.

**Plaintiff's Reply:**

The Plaintiff is seeking to include safety information that is relevant to establish the worker's knowledge.  The information should not confuse or mislead the jury, but instead should illustrate that a worker had access to manufacturer safety data.

6.  **95:20 – 96:18**

Forest River objects to plaintiff's proposed designation insofar as the parties have already reached agreement and stipulation regarding the identification and composition of the wood products within the unit which contained urea formaldehyde as well as the fact that all wood products contained within the unit were low formaldehyde emitting.  Accordingly, Forest River objects to the instant designation insofar as it attempts to present any information which either supports or refutes the information contained in the stipulation.  Additionally, Forest River objects to plaintiff's proposed designation pursuant to Rule 403 as any such information would be cumulative of that previously stipulated to.

**Plaintiff's Reply:**

Pursuant to prior stipulation with opposing counsel regarding wood products excludes only mention of low formaldehyde emitting or "LFE", not wood products altogether. Furthermore, this testimony establishes knowledge of emission standards set for various wood products without any mention of LFE.  This information is of particular importance as the trailers were manufactured in California, and formaldehyde emission standards are set by the California Air Resources Board.

7.  **99:06 – 100:21**

Forest River objects to plaintiff's proposed designation insofar as the parties have already reached agreement and stipulation regarding the identification and composition of the wood

products within the unit which contained urea formaldehyde as well as the fact that all wood products contained within the unit were low formaldehyde emitting.  Accordingly, Forest River objects to the instant designation insofar as it attempts to present any information which either supports or refutes the information contained in the stipulation.  Additionally, Forest River objects to plaintiff's proposed designation pursuant to Rule 403 as any such information would be cumulative of that previously stipulation to.

**Plaintiff's Reply:**

Pursuant to prior stipulation with opposing counsel regarding wood products excludes only mention of low formaldehyde emitting or "LFE", not wood products altogether.  No stipulation exists that prohibits the mention of luan, particleboard, processed panel products or oriented strand board.  Furthermore, the testimony elicited from Burian establishes he lacks knowledge of any non-LFE products being used at the Rialto plant.

### 8.  103:22 – 104:06

Forest River objects to plaintiff's proposed designation pursuant to Rule 402 of the Federal Rules of Evidence insofar as the parties have already reached stipulation regarding the composition and identity of the materials contained within the unit at issue and any such testimony regarding testing or the alleged lack thereof is irrelevant in the light of such stipulation.  In addition, failure to test is not a theory if recovery recognized by LPLA which is the exclusive remedy for a product liability case under Louisiana law and any such testimony is therefore irrelevant and highly prejudicial.

**Plaintiff's Reply:**

Pursuant to prior stipulation with opposing counsel regarding wood products excludes only mention of low formaldehyde emitting or "LFE", not wood products altogether.  Further,

the testimony elicited questions the occurrence of any wood product testing. Testimony regarding wood product testing has not been stipulated.

**9.  117:12 – 118:07**

Forest River objects to plaintiff's proposed designation insofar as the plaintiff has dismissed the warranty claims against Forest River and, as such, any such designation or testimony regarding warranty language or whether a warranty accompanies the unit at issue is irrelevant and should properly be excluded under Federal Rule of Evidence 402.

**Plaintiff's Reply:**

Despite the fact that the Plaintiff has dismissed the warranty claims against Forest River, it does not preclude Plaintiff from discussion of the warranty's existence. The fact that the warranty is voided when the trailer is used as a permanent residence illustrates the intended use of the trailer is for purely recreational purposes. Such testimony is relevant and should be allowed.

**10. 122:15 – 123:12**

Forest River objects to plaintiff's proposed designation pursuant to Federal Rules of Evidence 402 and 403 insofar as the testimony elicited related to a park model unit not a travel trailer unit and is thus irrelevant and misleading to suggest that consideration issues relating to a single park model unit have any relevance to the claim at bar.

**Plaintiff's Reply:**

As Production Manager of Forest River's Rialto, California Plant, Mr. Burian's knowledge of customer complaints regarding the travel trailers when the travel trailer is used as a permanent residence is completely relevant to the instant litigation. Mr. Burian's professional

knowledge is necessary the nature of this litigation is the effects of travel trailers used as permanent residences.

**11. 125:20 – 125:23**

Forest River objects to plaintiff's proposed designation insofar as it constitutes an improper hypothetical to a lay witness and seeks speculation regarding the potential for frame damage to the unit.  The probative value of such testimony is substantially outweighed by the risk of undue prejudice and, as such, the instant designations should be excluded pursuant to Federal Rule of Evidence 403.

**Plaintiff's Reply:**

As Production Manager of Forest River's Rialto, California Plant, Mr. Burian is asked giving his professional knowledge of the effects of jacking the trailer by the frame with the wheels off the ground.  As the Plaintiff's trailer has a problem with the door jamming, this is a contested issue of fact in this case.  Mr. Burian's professional knowledge of the effects of trailer jacking is imperative to this case and should be allowed.

**12. 131:18 – 132:17**

Forest River objects to plaintiff's proposed designation pursuant to Federal Rules of Evidence 402 and 403 insofar as the testimony elicited related to a park model unit rather than a travel trailer which are two separate and distinct designs.  As such, a single complaint of condensation relating to a park model unit has no relevance to the issues of the case at bar and is substantially outweighed by the risk of undue prejudice should such testimony be admitted.

**Plaintiff's Reply:**

As Production Manager of Forest River's Rialto, California Plant, Mr. Burian's knowledge of customer complaints regarding the park model when the customer used it as a

permanent residence are completely relevant to the instant litigation.  The travel trailer is only being compared to the park model for illustrative purposes.  The plaintiff does not allege the park model and the travel trailer are the same design, but the effects of using a park model for other than its intended purpose is important for comparative purposes.  Mr. Burian's professional background is necessary the nature of this litigation is the effects of travel trailers used as permanent residences.

**13. 142:12 – 144:12**

Forest River objects to plaintiff's proposed designation insofar as the discussion of the use of a fantastic fan is irrelevant insofar as there will be no witness testimony relating to the use, or lack thereof, of a fantastic fan to increase the level of formaldehyde within the unit.  As such, there is no basis for inclusion of such testimony.

**Plaintiff's Reply:**

The nature of the component parts of Plaintiff's travel trailer are at issue in the instant matter. The discussion of a fantastic fan is integral as it is an option on travel trailers.  As such, any discussion of options included in or omitted from plaintiff's unit are relevant to this litigation. The fantastic fan was an option that was not included on Plaintiff's trailer, as the fan was not included in the FEMA specification for the 638 units produced at the Rialto plant.  Furthermore, discussion of the nature and purpose of a fantastic fan does not involve the discussion of such fan increasing formaldehyde levels within the trailer.

**14. 179:9 – 179:17**

Forest River objects to plaintiff's proposed designation insofar as it presumes facts not in evidence, calls for speculation on the part of the witness and is vague insofar as the "alternate materials" to which opposing counsel refers are not specifically identified.  In addition, opposing

counsel failed to properly establish the appropriate factual predicate to establish whether or not Mr. Burian himself would have been aware of any such material or, given his responsibilities, whether he had any reason to be aware of such alternate materials, to the extent they existed. Accordingly, plaintiff's proposed designation must be excluded.  In addition, plaintiff's designation references steps taken by others manufacturers, specifically Fleetwood, to address formaldehyde warnings, introduction of such evidence in this matter is irrelevant and highly prejudicial and would only serve to confuse a jury.  As such, Forest River would also move for its exclusion pursuant to Federal Rules of Evidence 403.

**Plaintiff's Reply:**

The deponent's prior knowledge of formaldehyde issues in the industry are relevant and not prejudicial. Mr Burian is a Production Manager, as such, he utilizes all of his prior 20 plus years expertise in the industry to produce units at Forest River and any prior knowledge accumulated during those 20 years is relevant to his production practice.

**15. 181:01 – 181:06**

Forest River objects to plaintiff's proposed designation insofar it violates the parties' previous agreement and stipulation regarding the identification and composition of the wood products contained within the unit at issue, involving the fact that all such products were low formaldehyde emitting.

**Plaintiff's Reply:**

Pursuant to prior stipulation with opposing counsel regarding wood products excludes only mention of low formaldehyde emitting or "LFE", not wood products altogether. Furthermore, this testimony shows that the recreational vehicle industry has had notice of formaldehyde emission-related issues for years.

**16. 181:07 – 181:24**

Forest River objects to plaintiff's proposed designation insofar as the question at issue is vague, compound, overly broad, not properly limited in time or scope and presumes facts not in evidence.  Additionally plaintiff has failed to establish the appropriate factual predicate with the witness to demonstrate that he would have had any such knowledge as to why certain "labeling and disclosure" was or was not provided by Forest River.

**Plaintiff's Reply:**

As Production Manager of the Rialto, California Forest River Plant, deponent should have knowledge as to labeling of the production unit. In addition, the deposition questioning is not vague, overly broad as deponent is specifically asked about his knowledge of labeling and disclosure practices in his production facility.

**17. 249:18 – 250:01**

Forest River object's to plaintiff's proposed designation insofar as the question at issue calls for speculation and presumes facts not in the evidence.

**Plaintiff's Reply:**

The deponent is the Production Manager of the Rialto, California Forest River production facility and as manager is appropriately asked about his knowledge of any warnings the end user of his produced Forest River would benefit from inside the unit. In addition, as production manager, he is familiar with the contents of the Forest River products Owner's Manual and would therefore know any end user not receiving the Owner's Manual may not be receiving benefit from stated warnings. To the extent cumulative the Plaintiff does not object.

**18. 250:02 – 250:21**

Forest River object's to plaintiff's proposed designation insofar as this designation consists of plaintiff asking witness to read a specific document into the record rather than allowing the witness to testify from personal knowledge.  As such, Forest River objects to the inclusion of any such testimony as misleading, irrelevant and prejudicial pursuant to Federal Rules of Evidence 402 and 403.

**Plaintiff's Reply:**

The deponent is the Production Manager of the Rialto, California Forest River production facility and as manager is appropriately asked about his knowledge of the contents of the Forest River products Owner's Manual. Any subsequent reading into evidence of the contents of the products Owner's Manual is not vague and therefore appropriate to obtain the information sought in this line of questioning to the Production Manager deponent. To the extent cumulative the Plaintiff does not object.

**19. 250:25 – 251:09**

Forest River object's to plaintiff's proposed designation insofar as it violates the agreement and stipulation of the parties regarding identification and composition of formaldehyde containing products within the unit at issue and the fact that all such products were low formaldehyde emitting.  Accordingly no further testimony regarding those issues may be presented to either support or refute the contentions contained within the stipulation.  As such, any such testimony sought to be elicited is cumulative and misleading and should properly be excluded insofar as the facts at issue have been stipulated to and the probative value for such testimony is substantially outweighed by the risk of undue prejudice to this defendant.

**Plaintiff's Reply:**

The deponent is the Production Manager of the Rialto, California Forest River production facility and as manager is appropriately asked about his knowledge of the contents of the Forest River produced unit including upholstery, fabrics, draperies, component wood products. Pursuant to prior stipulation with opposing counsel regarding wood products excludes only mention of low formaldehyde emitting or "LFE", not wood products altogether. Furthermore, this testimony shows that the recreational vehicle industry has had notice of formaldehyde emission-related issues for years.

### 20. 251:10 – 251:17

Forest River object's to plaintiff's proposed designation insofar as the testimony sought to be elicited regarding Forest River's alleged testing or lack thereof for the presence of formaldehyde is irrelevant as was covered at length during the course of prior questioning of this witness and, accordingly, has been asked and answered repeatedly.  Therefore, the probative value, if any, of such testimony is greatly outweighed by the risk of presentation of cumulative and misleading evidence and, as such, Forest River objects to the inclusion of this designation.

**Plaintiff's Reply:**

The deponent is the Production Manager of the Rialto, California Forest River production facility and as manager is appropriately asked about his knowledge of any measuring of emission rates of any formaldehyde emitting products during his ten years overseeing the production for the trailers. To the extent cumulative the Plaintiff does not object.

**21. 251:18 – 252:01**

Forest River object's to plaintiff's proposed designation insofar as it seeks an expert opinion from a law witness and plaintiff has failed to establish the requisite factual predicate necessary for such opinion of this witness.

**Plaintiff's Reply:**

The deponent is the Production Manager of the Rialto, California Forest River production facility and as manager is appropriately asked about his knowledge of the effects of ventilation, air conditioning and opens windows on the airflow inside the production unit that is produced in his plant.

**22. 223:07 – 223:18**

Forest River object's to plaintiff's proposed designation insofar as it is irrelevant, misleading and prejudicial.  Plaintiff's designation references steps taken by other manufacturers, specifically Fleetwood, to address formaldehyde warnings.  Introduction of such evidence in this matter is irrelevant and highly prejudicial and would only serve to confuse the jury.  Fleetwood's knowledge of and warnings regarding formaldehyde, if any, is not an issue in the instant litigation.  As such, Forest River would also move for its exclusion pursuant to Federal Rule of Evidence 403.

**Plaintiff's Reply:**

The deponent's prior knowledge of formaldehyde issues in the industry are relevant and not prejudicial. Mr Burian is a Production Manager, as such, he utilizes all of his prior 20 plus years expertise in the industry to produce units at Forest River and any prior knowledge accumulated

during those 20 years is relevant to his production practice. To the extent cumulative, plantiff does not object.

**23. 245:10 – 247:18**

Forest River object's to plaintiff's proposed designation on the basis that the plaintiff has failed to establish an appropriate factual foundation for the information sought.  Additionally, Forest River objects to the form of the question insofar as it is vague and argumentative.

**Plaintiff's Reply:**

The deponent is the Production Manager of the Rialto, California Forest River production facility and as manager is appropriately asked about his knowledge of the contents of the Forest River products Owner's Manual. Any subsequent reading into evidence of the contents of the products Owner's Manual is not vague and therefore appropriate to obtain the information sought in this line of questioning to the Production Manager deponent.

**24. 247:19 – 247:23**

Forest River object's to plaintiff's proposed designation insofar as the testimony sought to be elicited was covered at length during the course of prior questioning of this witness and, accordingly, has been asked and answered.  Therefore, the probative value, if any, of such testimony is greatly outweighed by the risk of presentation of cumulative and misleading evidence and, as such, Forest River objects to the inclusion of this designation.

**Plaintiff's Reply:**

The deponent is simply asked to confirm his knowledge as to the uses of the travel trailer Production unit as full time or permanent occupants. Nothing in the line of questioning is cumulative or misleading.

## **COREEN ROBBINS**

**1.  153:17 – 153:19**

Forest River objects to Plaintiff's proposed designation as the witness's curiosity is not at issue and, accordingly, the question is argumentative and irrelevant. 83:19-83:22. Forest River objects to plaintiff's proposed designation as it lacks an appropriate factual predicate to establish the witness/s knowledge of such issues.

**Plaintiff's Reply:**

Defendant's objection is non-sensical and fails to assert a proper objection in the context of the cited deposition language.

**2.  83:23-84:07**

Forest River objects to plaintiff's proposed designation pursuant to Federal Rule of Evidence 402 insofar as knowledge of an allegedly dangerous condition is not relevant under LPLA. Additionally, Forest River avers that its prior stipulation with opposing counsel regarding composition of the wood products contained within the unit at issue renders this testimony cumulative and potentially confusing and, as such, must be excluded under Federal Rule of Evidence 403.

**Plaintiff's Reply:**

Defendant misstates the testimony as the language does not state that it is a dangerous condition. Further, the testimony is not cumulative but goes to her level of knowledge of the amount of exposure. She is an industrial hygienist retained by defense counsel yet she does not know how much formaldehyde plaintiffs were exposed to.

33

**3.      89:12-89:13**

Forest River objects to plaintiff's proposed designation as it is cumulative of the prior testimony and irrelevant. Accordingly, Forest River requests that such testimony be precluded pursuant to FRE 402 and 403.

**Plaintiff's Reply:**

Testimony is not cumulative as she has not testified to this previously.

**4.      90:01-90:05**

Forest River objects to plaintiff's proposed designation as an incomplete question and answer and plaintiff has failed to establish an appropriate factual predicate of this witness's knowledge and understanding of the requirement of forced air ventilation, if any, contained within the CFR pertaining to Manufactured Housing.

**Plaintiff's Reply:**

The witness testifies that this code sets a standard so her knowledge of what the code states is relevant since any state standard is also predicated on the additional requirements of the standards.

**5.      97:04-97:13 to the word "yes"**

Forest River objects to plaintiff's proposed designation insofar as the form of the question is vague, overly broad and not appropriately limited in time or scope and fails to designate in which community is "well recognized" that there are initial elevations in formaldehyde levels in travel trailers. Additionally, plaintiff has failed to designate the complete

answer of the witness and, as such, the response given is misleading and must be excluded under FRE 403.

**Plaintiff's Reply:**

Plaintiff agrees to change the designation to include up to line 15 so it is more complete. Deponent is simply discussing the contents of her report.

6.       **113:19**

Objection of counsel must be removed.

**Plaintiff's Reply:**

Agreed

7.       **114:09-114:24**

Forest River objects to plaintiff's proposed designation as it is irrelevant, argumentative and misleading. Accordingly it should be struck pursuant to FRE 403 and 403.

**Plaintiff's Reply:**

Plaintiff agrees to strike designation.

8.       **114:25-115:18**

Forest River objects to plaintiff's proposed designation as it is irrelevant, argumentative and misleading. Accordingly it should be struck pursuant to FRE 403 and 403.

**Plaintiff's Reply:**

Plaintiff is asking deponent. a Ph.D in environmental health science with a master's degree in occupational safety and health, who has been qualified as an industrial hygienist in federal court, about temperature during the summer months in Louisiana and its relation to formaldehyde off-gassing, which is clearly relevant to this matter.

**9.      115:20-116:02**

Forest River objects to plaintiff's proposed designation as the question is vague, argumentative, is an incomplete hypothetical and plaintiff has failed to establish an appropriate factual predicate on which the witness may base an answer.

**Plaintiff's Reply:**

Question is not an incomplete hypothetical. Plaintiff asks if the high temperatures referred to in her above answer (high temperatures) would cause formaldehyde to off-gas more rapidly from composite wood products, to which the witness responds that this principle is well established. The rate of off-gassing is formaldehyde is clearly relevant to the case at hand.

**10.      153:17-153:19**

Forest River objects to plaintiff's proposed designation as the witness's curiosity is not at issue and, accordingly, the question is argumentative and irrelevant.

**Plaintiff's Reply:**

Without this testimony, the following designations are without context which would impede the jury's ability to understand the discussion of test results that the Forest River experts performed. .

**11.      153:21-153:22**

Forest River objects to plaintiff's proposed designation as the witness's curiosity is not at issue and, accordingly, the question is argumentative and irrelevant.

**Plaintiff's Reply:**

Without this testimony, the following designations are without context which would impede the jury's ability to understand the discussion of test results that the Forest River experts performed. .

**12.**      **153:24-154:05**

Forest River objects to plaintiff's proposed designation pursuant to FRE 402 as the inquiry is irrelevant and argumentative.

**Plaintiff's Reply:**

Without this testimony, the following designations are without context which would impede the jury's ability to understand the discussion of test results that the Forest River experts performed.

**13.**      **177:05-177:10**

Forest River objects to plaintiff's proposed designation insofar as the testimony sought to be elicited is misleading insofar as there is no testimony that warnings associated with the "HUD standard" were required to be posted within the travel trailer at issue as the question suggests. Accordingly, the testimony is misleading and should be properly excluded under FRE 403.

**Plaintiff's Reply:**

The witness states on p. 89 of her deposition that the HUD standard of .04ppm provides reasonable protection. The standard also calls for a warning label. If defendants are willing to strike their designations on the HUD standard, including those on p.89, then plaintiff's are willing to likewise to do same.

**14.**      **231:08-231:10**

Forest River objects to plaintiff's proposed designation as the question posed was never answered and, as such, it is an incomplete designation.

**Plaintiff's Reply:**

Plaintiff agrees to strike this designation.

**15.**      **239:06-239:08**

Forest River objects to plaintiff's proposed designation as it is incomplete given the following question and answer, as such Forest River will withdraw its objection if lines 9-12 are included.

**Plaintiff's Reply:**

Defendant's request for an additional designation is not necessary.

**16.**      **246:14-246:24**

Forest River objects to Plaintiff's proposed designation pursuant to Federal Rule of Evidence 402 as the inquiry is irrelevant and argumentative.

**Plaintiff's Reply:**

This is a reference that the witness relied upon in her report; therefore this designation is relevant.

**17.**      **246:25 – 247:05**

Forest River objects to Plaintiff's proposed designation as it is a question without a corresponding answer and, as such, is an incomplete designation the admission of which would be confusing and misleading to the jury and must properly be excluded under Federal Rule of Evidence 403.  The witness is asked to reference certain text but no question is ever asked with regard to the text and standing alone, the text in and of itself is not evidence and is irrelevant.

**Plaintiff's Reply:**

This is a reference that the witness relied upon in her report; therefore this designation is relevant.

**18.      247:06 – 247:08**

Forest River objects to Plaintiff's proposed designation as the question was asked and answered and is cumulative of prior testimony regarding the publication date of the Lemus study.

**Plaintiff's Reply:**

The date of the Lemus Study is relevant as to what was the state of knowledge when it was written and it is important to state the date here so that her comments can be understood in context.

**19.      247:09-247:10**

Forest River objects to plaintiff's proposed designation as it is a question without a corresponding designated answer, and as such, is an incomplete designation. Setting aside the fact the answer is not designated, Forest River additionally objects as the witness indicates that she is unaware of whether formaldehyde was classified as a possible human carcinogen during the period at issue. Accordingly, plaintiff has failed to demonstrate a sufficient factual predicate for the inclusion of such testimony. As such, the testimony is misleading and should be properly excluded under FRE 403.

**Plaintiff's Reply:**

Plaintiff's agree to add lines 12-13 so that the answer is included.

**20.      247:22 – 248:04**

Forest River objects to Plaintiff's proposed designation as it includes the colloquy of counsel, lacks an appropriate foundation as the witness avers that she is unaware of whether

formaldehyde was classified as a possible human carcinogen during the period at issue. Accordingly, plaintiff has failed to demonstrate a sufficient factual predicate for the inclusion of such testimony. As such, the testimony is misleading and should be properly excluded under Federal Rule of Evidence 403.

**21.     247:15-247:21**

Forest River objects to plaintiff's proposed designation as it lacks an appropriate foundation as the witness avers that she is unaware of whether formaldehyde was classified as a possible human carcinogen during the period at issue. Accordingly, plaintiff has failed to demonstrate a sufficient factual predicate for the inclusion of such testimony. As such, the testimony is misleading and should be properly excluded under FRE 403.

**Plaintiff's Reply:**

Objection is non-sensical as witness is simply collaborating the wording of a section of the Lemus Study.

**22.     247:22 – 248:04**

Forest River objects to Plaintiff's proposed designation as it includes the colloquy of counsel, lacks an appropriate foundation as the witness avers that she is unaware of whether formaldehyde was classified as a possible human carcinogen during the period at issue. Accordingly, plaintiff has failed to demonstrate a sufficient factual predicate for the inclusion of such testimony. As such, the testimony is misleading and should be properly excluded under Federal Rule of Evidence 403.

**Plaintiff's Reply:**

Defendant's objections relate to the Lemus Study which the witness has referenced and relied upon, to the extent that she relies upon it, in her report. Therefore, she should be able to be

questioned about this study and whether she agrees or disagrees with the statements in the study about which she testifies. However, if Defendants will agree to strike all designations pertaining to the Lemus Study, Plaintiffs will likewise agree.

**23.      248:06 – 248:11**

Forest River objects to Plaintiff's proposed designation as it includes the colloquy of counsel, lacks an appropriate foundation as the witness avers that she is unaware of whether formaldehyde was classified as a possible human carcinogen during the period at issue. Accordingly, plaintiff has failed to demonstrate a sufficient factual predicate for the inclusion of such testimony.  As such, the testimony is misleading and should be properly excluded under Federal Rule of Evidence 403.

**Plaintiff's Reply:**

Defendant's objections relate to the Lemus Study which the witness has referenced and relied upon, to the extent that she relies upon it, in her report. Therefore, she should be able to be questioned about this study and whether she agrees or disagrees with the statements in the study about which she testifies. However, if Defendants will agree to strike all designations pertaining to the Lemus Study, Plaintiffs will likewise agree.

**24.      248:16 – 248:25**

Forest River objects to Plaintiff's proposed designation insofar as the Lemus study is the best evidence of its contents and simply reading excerpts of the study to the witness and asking is she agrees with it is inappropriate cross-examination.

**Plaintiff's Reply:**

Defendant's objections relate to the Lemus Study which the witness has referenced and relied upon, to the extent that she relies upon it, in her report. Therefore, she should be able to be

questioned about this study and whether she agrees or disagrees with the statements in the study about which she testifies. However, if Defendants will agree to strike all designations pertaining to the Lemus Study, Plaintiffs will likewise agree.

**25.      249:01 – 249:02**

Forest River objects to Plaintiff's proposed designation as it lacks an appropriate factual foundation for its admission and asks the witness to speculate regarding the mental process of the author of the Lemus paper relating to alleged conclusions not contained within the Lemus study.

**Plaintiff's Reply:**

Defendant's objections relate to the Lemus Study which the witness has referenced and relied upon, to the extent that she relies upon it, in her report. Therefore, she should be able to be questioned about this study and whether she agrees or disagrees with the statements in the study about which she testifies. However, if Defendants will agree to strike all designations pertaining to the Lemus Study, Plaintiffs will likewise agree.

**26.      249:06 – 249:10**

Forest River objects to Plaintiff's proposed designation as it lacks an appropriate factual foundation for its admission and asks the witness to speculate regarding the mental process of the author of the Lemus paper relating to alleged conclusions not contained within the Lemus study.

**Plaintiff's Reply:**

Defendant's objections relate to the Lemus Study which the witness has referenced and relied upon, to the extent that she relies upon it, in her report. Therefore, she should be able to be questioned about this study and whether she agrees or disagrees with the statements in the study about which she testifies. However, if Defendants will agree to strike all designations pertaining to the Lemus Study, Plaintiffs will likewise agree.

**27.     249:16 – 249:18**

Forest River objects to plaintiff's proposed designation insofar as the information sought to be elicited is both irrelevant and misleading.  The witness specifically avers that she is not expressing an opinion regarding the issues about which she is being questioned nor does any such opinion appear in the body of her report.  Although Forest River does not contest this may be an appropriate area for inquiry during the course of a discovery deposition, the discussion of such matters at trial bears no relevance to the issues presented and its admission would simply result in the presentation of unnecessary and irrelevant evidence.   Accordingly, Forest River objects to the inclusion of such testimony.

**Plaintiff's Reply:**

Defendant's objections relate to the Lemus Study which the witness has referenced and relied upon, to the extent that she relies upon it, in her report. Therefore, she should be able to be questioned about this study and whether she agrees or disagrees with the statements in the study about which she testifies. However, if Defendants will agree to strike all designations pertaining to the Lemus Study, Plaintiffs will likewise agree.

**28.     249:25 – 250:03**

Forest River objects to Plaintiff's proposed designation insofar as information sought to be elicited is both irrelevant and misleading.  The witness specifically avers that she is not expressing an opinion regarding the issue about which she is being questioned nor does any such opinion appear in the body of her report.  Although Forest River does not contest this may be an appropriate area for inquiry during the course of a discovery deposition, the discussion of such matters at trial bears no relevance to the issues presented and its admission would simply result

in the presentation of unnecessary and irrelevant evidence.  Accordingly, Forest River objects to the inclusion of such testimony.

**Plaintiff's Reply:**

Defendant's objections relate to the Lemus Study which the witness has referenced and relied upon, to the extent that she relies upon it, in her report. Therefore, she should be able to be questioned about this study and whether she agrees or disagrees with the statements in the study about which she testifies. However, if Defendants will agree to strike all designations pertaining to the Lemus Study, Plaintiffs will likewise agree.

29.     **250:21 – 250:22**

Forest River objects to Plaintiff's proposed designation as it is a question without a corresponding answer and, as such, is an incomplete designation the admission of which would be confusing and misleading to the jury and must properly be excluded under Federal Rule of Evidence 403.

**Plaintiff's Reply:**

Defendant's designation fails to take into consideration that there is a follow-up question on p. 251 and this question lays the predicate for that follow-up question. The answer to that follow-up question does provide a response to the initial question on p. 250:21-22.

## DR. CHARLES FIELD

1.  **112:02 - 112:15**

Forest River objects to plaintiff's proposed designation as it violates the limine previously agreed to be all parties regarding testimony as to the credibility of other witnesses.  (Rec. Doc. 11181 relating to prior Order Rec. Doc. 3030)

**Plaintiff's Reply:**

A character reference by Dr. Field, Lyndon Wright's treating physician, is not vouching (answering for another). He is stating his observations of his patient during office appointments and during the course of his treatment.

2.  **112:20 - 113:15**

Forest River objects to plaintiff's proposed designation as it violates the limine previously agreed to be all parties regarding testimony as to the credibility of other witnesses. (Rec. Doc. 11181 relating to prior Order Rec. Doc 3030)

**Plaintiff's Reply:**

Character references by Dr. Field, Lyndon Wright's treating physician, is not vouching (answering for another). He is stating his observations of his patient during office appointments and during the course of his treatment.

3.  **121:18 - 121:25**

Forest River objects to plaintiff's proposed designation as it violates the limine previously agreed to be all parties regarding testimony as to the credibility of other witnesses. (Rec. Doc. 11181 relating to prior Order Rec. Doc. 3030) Additionally, Forest River objects to plaintiff's proposed designation pursuant to Federal Rule of Evidence 402 and 403 on the basis that the information sought to be elicited is irrelevant.

**Plaintiff's Reply:**

The blood testing of Lyndon Wright is relevant to his overall medical history. As a responsible, sexually active single adult, his blood testing would include various areas of blood sample testing.

4. 131:20 - 132:02

Forest River objects to the form of the question contained in plaintiff's proposed designation as it is leading and mischaracterizes the evidence in the deponent's prior testimony.

**Plaintiff's Reply:**

The questioning is not leading and does not mischaracterize the prior testimony of deponent. Deponent is responding to a line of questioning that provides appropriate analysis of Lyndon Wright's psychological history that would include his overall impression of Lyndon Wright's signs of depression.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:     s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471
        **PLAINTIFFS' CO-LIASON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone: 504/522-2304
        Facsimile: 504/528-9973
        gmeunier@gainsben.com

        s/ Justin I. Woods
        JUSTIN I. WOODS, #24713
        **PLAINTIFFS' CO-LIASON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone: 504/522-2304
        Facsimile: 504/528-9973
        jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas #24001820
ROBERT BECNEL, #14072
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
DENNIS REICH, Texas #16739600
MIKAL WATTS, Texas #20981820

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document had been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on March 5, 2010.

/s/Gerald E. Meunier
GERALD E. MEUNIER