## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA
## NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE PRODUCTS | * | |
| | LIABILITY LITIGATION | * | SECTION "N" (5) |
| | | * | |
| | | * | JUDGE ENGELHARDT |
| | | * | MAGISTRATE CHASEZ |
| | | * | |
| THIS DOCUMENT IS RELATED TO | | * | |
| | | * | |
| *Lyndon T. Wright v. Forest River, Inc., et al*, | | * | |
| Docket No. 09-2977; | | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFF LYNDON WRIGHT'S OBJECTIONS TO JURY VERDICT FORMS PROPOSED BY DEFENDANTS FOREST RIVER, INC. AND SHAW ENVIRONMENTAL, INC.

NOW INTO COURT, through undersigned counsel, comes plaintiff Lyndon T. Wright, who objects on the following grounds to the jury verdict forms proposed by the defendants Forest River, Inc. (Doc. No. 12389) and Shaw Environmental, Inc. (Doc. No. 12401) (collectively "Defendants"):

Plaintiff respectfully objects to the jury verdict form submitted by defendant Shaw on the basis that in question 10 (the percentage allocation of fault), Shaw indicated that a "no" response to Question No. 6 would result in a zero in the blank space. Actually, a "no" response to Question No. 6 <u>or 7</u> would result in a zero in the blank space.

Furthermore, Plaintiff respectfully objects to Questions No. 11 and 12 on the Shaw Verdict Form based upon the fact that the government contractor defense has not been shown to be applicable to this case. Additionally, it is confusing to have these questions included in the verdict form, particularly when the questions appear between the blanks for percentage allocations of fault and the blanks for awarding damages. The government contractor defense, if

applicable, would be covered by the Court in jury instructions.

Plaintiff respectfully objects to both of the Defendants' verdict forms with respect to the question addressing the percentage allocation of fault. It is plaintiff's position that, under the express provisions of Article 2323A of the Louisiana Civil Code, it is only the degree of percentage of fault of a person or entity "causing or contributing to the [plaintiff's] injury…" which "shall be determined…" This imposes a two-fold burden of proof on the Defendants: first, Defendants must prove by a preponderance of the evidence that there was legal "fault" on the part of an entity or person other than Defendants; and, secondly, Defendants then must prove by a preponderance of the evidence that any such fault on the part of a person or entity other than Defendants caused or substantially contributed to the injuries of Lyndon Wright. The Defendants' verdict forms anticipate that such proof can or will be made in this case, whereas Plaintiff submits that there will be no trial evidence of fault worthy of jury consideration other than the fault of the Defendants and, arguably, the plaintiff Lyndon Wright. Unless and until Defendants demonstrate in the course of trial that they have carried their two-fold burden of proof with respect to fault and causation involving non-parties, a verdict form specifying fault not only for FEMA, but also, generically, for all others, is a premature and unfounded specification at best.

Plaintiff's verdict form will be amended to add a question on the allocation of fault with a final entry for any non-party person or entity other than the Defendants and Plaintiff, pursuant to Article 2323. Under this format, any named entities or persons can be listed in sub-heading fashion with separate percentage fault lines, <u>assuming</u> sufficient trial evidence is presented by Defendants to justify jury consideration of fault allocation to these other, specified entities. To first single out, as Defendants have done, FEMA, and then, in addition, to set forth another entry

2

for "other" non-parties, is both confusing and duplicative. Also, the parenthetical "(maintenance contractors' and or installer subcontractors only)" is unnecessary and confusing.

        Respectfully submitted:

        **FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:    504/522-2304
        Facsimile:     504/528-9973
        gmeunier@gainsben.com

        s/Justin I. Woods
        JUSTIN I. WOODS, #24713
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:    504/522-2304
        Facsimile:     504/528-9973
        jwoods@gainsben.com

        **COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
        ANTHONY BUZBEE, Texas # 24001820
        RAUL BENCOMO, #2932
        FRANK D'AMICO, #17519
        MATT MORELAND, #24567
        LINDA NELSON, #9938
        MIKAL WATTS, Texas # 20981820
        Dennis Reich, Texas #16739600

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing on March 8, 2010.

                                                  s/Gerald E. Meunier
                                                  GERALD E. MEUNIER, #9471